IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | No. 17 BK 3283-LTS |
| as representative of | Jointly Administered |
| THE COMMONWEALTH OF PUERTO RICO | |
| Debtor | |

**LIMITED OPPOSITION TO ENTRY OF ORDER (A) AUTHORIZING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES (B) APPROVING ADDITIONAL FORMS OF NOTICE, (C) APPROVING PROPOSED MAILING, (D) GRANTING RELATED RELIEF FILED BY THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO**

**TO THE HONORABLE COURT:**

COME NOW, Salud Integral de la Montaña, Inc. (SIM), through its undersigned attorney and respectfully states as follows:

1. The Financial Oversight and Management Board for Puerto Rico filed a motion to establish Alternative Dispute Resolution procedures and other reliefs (Docket 7224) for the thousands of claims filed in the Commonwealth Title III. Although SIM is supportive of said effort in principle, it objects to some of the procedures present in their present form. With each objection, SIM presents an alternative to said procedure.

2. At page 7 of the motion, Claims Participating in the ADR Procedure, Election and Submission of Documentation, paragraph 2, if the claimant fails to return the ADR form he is automatically enrolled in the ADR. Since ADR is voluntary, this should not be the default. If the claimant fails to respond it should be presumed the refuses to enter in the procedure.

3. At page 7 of the motion, Claims Participating in the ADR Procedure, Election and Submission of Documentation, section 4, states that the ADR "will only resolve the amount of a creditor's general unsecured claim." SIM objects since the procedure is a negotiation in which the value of the claim is partly dependent on "the priority or classification or a claim, distributions with respect thereto, and issues related to subordination." As an alternative, if the ADR is being conducted by a Magistrate-Judge, she can make a report and recommendation onf these issues. Moreover, to leave these issues to the plan of adjustment invites thousands of objections to said plan and could overwhelm the Court.

4. At page 8 of the motion, Claims Participating in the ADR Procedure, Election and Submission of Documentation, paragraph 5, the motion states that once ADR is stayed, any action would be stayed. Also, within five business days of entry of a final order, the case is to be dismissed and any remaining issues is to be sent over to the Title III Court. SIM objects since adversary proceedings usually involve a lot more than monetary assessments, i.e. priority, dischargeability, etc. Hence, these parts of the case should not be stayed. Moreover, there are

some cases in which stay has been lifted which are in Commonwealth Courts and to have them dismissed would bring a hardship to claimant who would have to translate the pertinent documents, an expensive procedure[1]. SIM objects to the stay and the dismissal of the case and referral back to the Title III judge who is already overburdened and once the Commonwealth Plan of Adjustment is filed will be even more overburdened with objections to said plan.

5. At page 8 of the motion, Offers and Counteroffers of Settlement, section B(1), states that the Commonwealth may "offer to settle the validity and amount of such creditor's proof of claim." This, however, contradicts page 7 of the motion, Claims Participating in the ADR Procedure, Election and Submission of Documentation, section 4, where the ADR will only solve the amount of the claim. This must be corrected as suggested *infra*.

6. At page 8 of the motion, Offers and Counteroffers of Settlement, section B(2), the counteroffer that creditor may present is only as to the amount, which contradicts the previous paragraph where the validity and amount are part of the offer and contradicts section 4, *infra*. This must be corrected as suggested, *infra*.

7. At page 8 of the motion, Litigation of Claims, C(1), it is intimated that trials will be handled by the Court or Magistrate-Judges which assumes that all documentation will need to be translated. In addition, if the Magistrate-Judge assigned to the case is not familiar with Puerto Rico's civil law, this will probably require more translations of the pertinent civil law treatises. As an alternative, movant suggests that in certain claims, at this stage, a mediation can be arranged with Judges in the Puerto Rico legal system, who after the Commonwealth's Title III

---

[1] Especially given that at page 8, section B(2) all documentation that supports the claim have to be provided and cannot be supplemented, see page 10, section 3.

have been deprived of many cases and would be amenable to help in these matters[2]. A mediation before trial could also help when cases are federal in nature.

8. At page 8 of the motion, section 9, it states that the "Claims Adjudication Judges shall not provide for punitive damages, interest, attorneys' fees, other fees and costs, penalties, any amounts already disallowed by the Court, specific performance or any other equitable remedy…" Again, the Court will be dealing, once the Commonwealth Plan of Adjustment is filed, with a plethora of objections to it and this only adds to such burden. Moreover, punitive damages and interests are essential to the monetary value of the claim. Also, in civil rights cases, of which many claims were filed, attorneys' fees is a large component of plaintiffs' compensation and must be factored into the recovery. In addition, costs in Commonwealth Court are far greater in number than costs in Federal Court. In the undersigned's experience, it is not uncommon for costs to be 10-100 times higher in Commonwealth Court than in Federal Court. Movant suggests that the Claims Adjudications Judges may make these determinations.

9. SIM request that the Honorable Court make the changes suggested in this motion to the Board's requested remedy.

WHEREFORE: SIM requests from the Honorable Court that it take notice of this motion and amend the Board's proposal accordingly.

---

[2] The undersigned is an attorney admitted to the practice of law in the Commonwealth and handles cases in said courts.

Respectfully submitted on this 25th day of June, 2019.

CERTIFY: That on this same day, the ECF system sent a copy of this motion to all parties in this litigation.

/s John E. Mudd
John E. Mudd
Bar Number: 201102
Attorney for Plaintiffs
LAW OFFICES JOHN E. MUDD
P. O. BOX 194134
SAN JUAN, P.R. 00919
(787) 413-1673
Fax. (787) 753-2202
johnmuddlaw@gmail.com

5