# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.¹ | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**RESPONSE OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS TO THE URGENT JOINT MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 502 AND BANKRUPTCY RULE 3007, TO (I) CONTINUE HEARING ON MOTION TO ESTABLISH CLAIMS OBJECTION PROCEDURES AND (II) EXTEND RELATED DEADLINES WITH RESPECT TO OMNIBUS OBJECTION TO CLAIMS OF HOLDERS OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Ad Hoc Group of General Obligation Bondholders (the "GO Group")[2] respectfully submits this Response to the *Urgent Joint Motion of Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and Official Committee of Unsecured Creditors Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, to (I) Continue Hearing on Motion to Establish Claims Objection Procedures and (II) Extend Related Deadlines With Respect to Omnibus Objection to Claims of Holders of Certain Commonwealth General Obligation Bonds* (Dkt. No. 7528, the "Continuance Motion"). In support of its Response, the GO Group states as follows:

1. Through their Continuance Motion, the Oversight Board and the Committee seek to adjourn the hearing on their Amended Procedures Motion, currently scheduled for June 28, 2019, until the July 24 Omnibus Hearing. The proffered basis for the proposed adjournment is that, pursuant to the terms of its recently announced Plan Support Agreement with a small subset of bondholders holding a predictably small fraction—roughly 16%—of the Commonwealth's public debt, the Oversight Board intends to file a motion seeking an indefinite stay of the 2012-2014 GO Bond Objection and the 2011 GO Objection (as well as related litigation). Because those proceedings are the subject of the Amended Procedures Motion, and because the forthcoming Stay Motion will be heard on regular notice at the July 24 Omnibus Hearing, the Oversight Board and the Committee contend that deferring the hearing on the Amended Procedures Motion would allow for an orderly presentation of the issues and determination of the two motions by the Court.

2. As the GO Group has previously emphasized (see Dkt. No. 7459, at ¶¶ 1, 6-7), more than *five* months have lapsed since the filing of the 2012-2014 GO Bond Objection without any

---

[2] Members of the GO Group file this Response exclusively on their own behalves and do not assume any fiduciary or other duties to any other creditor or person. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Continuance Motion.

2

progress towards resolving the substance of that litigation. Instead, the Oversight Board has exploited the overhang of that litigation to "negotiate" a proposed plan of adjustment with a small subset of its preferred creditors and has premised that "deal" on selective litigation against certain other bondholders.

3. To no surprise, the plan contemplated by the Plan Support Agreement would represent a sweetheart deal for those preferred creditors: Holders of PBA Bonds would receive recoveries far in excess of what holders of GO Bonds would receive. *Remarkably, the PBA Bonds that stand to benefit from that preferred position would include bonds whose validity the Oversight Board itself now acknowledges it has challenged on the same basis as the challenge against the 2012 and 2014 GO Bonds.* See Dkt. No. 7550, at ¶ 9.c. But those preferred holders of PBA Bonds are not asked to accept *any discount at all* on account of the Oversight Board's challenge—even as the contemplated plan would require holders of the 2012 and 2014 GO Bonds to elect between litigating the 2012-2014 GO Bond Objection to completion or accepting a substantially reduced "settlement" proposal. What is more, the terms of that "settlement" proposal were negotiated not with substantial holders of the bonds that are actually subject to the 2012-2014 GO Bond Objection, but rather with two bondholder groups whose holdings are concentrated in the bonds that are to receive disproportionately *favorable* recoveries under the Oversight Board's plan.

4. The Oversight Board's forthcoming Stay Motion is a linchpin of the contemplated plan of adjustment. No doubt recognizing that it cannot possibly hope to generate broad creditor consensus for such a fundamentally misconceived plan, the Oversight Board proposes to load the dice: The bonds subject to the 2012-2014 GO Bond Objection would be treated as disputed and disenfranchised from voting on the Commonwealth's plan of adjustment, while others bonds

3

whose validity the Oversight Board has concededly challenged would be permitted to vote in full. And as if to confirm the cynical strategic manipulations that lie at the core of the contemplated plan, the Plan Support Agreement requires the Oversight Board to seek a stay of the 2012-2014 GO Bond Objection—a transparent attempt to frustrate the efforts of holders of the bonds subject to that objection to dispel the cloud of uncertainty that has been cast over their claims by the Oversight Board and Committee's irresponsible decision to challenge the Commonwealth's own constitutionally protected debt.[3]

5. The GO Group opposes the Oversight Board's attempt to delay progress of the GO Objection and accordingly intends to object to the forthcoming Stay Motion. Nonetheless, the GO Group agrees that the adjournment sought in the Continuance Motion is appropriate. The alternative to the requested continuance would be to require the parties to address the implications of the Stay Motion for the appropriate disposition of the Amended Procedures Motion (or the lack thereof) within a few days of the filing of the Stay Motion. Given the stakes of this dispute and the centrality of the Stay Motion to the Oversight Board's fundamentally flawed plan of adjustment, the better approach is to adjourn the hearing on the Amended Procedures Motion until parties in interest have had an opportunity to respond to the Stay Motion in writing and on regular notice.

---

[3] To be clear, the Oversight Board's attempt to disenfranchise holders of the 2012 and 2014 GO Bonds is meritless, given the Court's authority under Federal Rule of Bankruptcy Procedure 3018(a) to allow a creditor's claim for voting purposes notwithstanding a pending objection to the claim.

4

| | |
|---|---|
| Dated: June 25, 2019 | Respectfully submitted, |
| /s/ Ramón Rivera Morales | /s/ Lawrence S. Robbins |
| J. Ramón Rivera Morales | Lawrence S. Robbins |
| USDC-PR Bar No. 200701 | Mark T. Stancil (admitted *pro hac vice*) |
| Andrés F. Picó Ramírez | Gary A. Orseck (admitted *pro hac vice*) |
| USDC-PR Bar No. 302114 | Kathryn S. Zecca (admitted *pro hac vice*) |
| JIMÉNEZ, GRAFFAM & LAUSELL | Donald Burke (admitted *pro hac vice*) |
| P.O. Box 366104 | ROBBINS, RUSSELL, ENGLERT, ORSECK, |
| San Juan, PR 00936 | UNTEREINER & SAUBER LLP |
| Telephone: (787) 767-1030 | 2000 K Street, N.W., 4th Floor |
| Facsimile: (787) 751-4068 | Washington, DC 20006 |
| Email: rrivera@jgl.com | Telephone: (202) 775-4500 |
| | Email: lrobbins@robbinsrussell.com |

*Counsel to the Ad Hoc Group of General Obligation Bondholders*