UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

    Debtor[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO ELECTRIC POWER AUTHORITY
("PREPA"),

    Debtor.

PROMESA
Title III

No. 17 BK 4780-LTS

-------------------------------------------------------------x

ORDER AUTHORIZING ASSUMPTION BY PREPA OF
POWER PURCHASE AND OPERATING AGREEMENT
WITH LANDFILL GAS TECHNOLOGIES OF FAJARDO, LLC

Upon *PREPA's Notice of Assumption of Power Purchase Agreement with Landfill Gas Technologies of Fajardo, LLC* (Docket Entry No. 1260 in Case No. 17-4780, the "Notice");[2] and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Notice.

the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Oversight Board having approved the assumption of the PPOA; and the Court having found that the assumption of the PPOA is in the best interests of PREPA, its creditors, and other parties in interest; and the Court having found that PREPA provided adequate and appropriate notice under the circumstances and that no other or further notice is required; and the Court having reviewed the Notice; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and upon the record herein, after due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein,

THEREFORE, IT IS HEREBY ORDERED THAT:

1. Pursuant to section 365 of the Bankruptcy Code, made applicable in this Title III Case pursuant to PROMESA section 301(a), PREPA is authorized to assume the PPOA and the PPOA shall be deemed assumed upon entry of this Order.

2. The assumption of the PPOA does not give rise to any claim for cure costs, and the assumption of the PPOA shall not result in a breach or violation of, or default under, the PPOA.

3. Nothing herein is intended to, shall constitute, or shall be deemed to constitute PREPA's or the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of PREPA, (b) any of the property or revenues of PREPA, or (c) the use or enjoyment of PREPA of any of its property.

4. Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. PREPA and the Oversight Board, as PREPA's representative, are authorized to

take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Motion.

  6. The Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

Dated: June 25, 2019        /s/ Laura Taylor Swain
                HONORABLE LAURA TAYLOR SWAIN
                UNITED STATES DISTRICT JUDGE