# CONTRATO DE PRÉSTAMO

**DE LA PRIMERA PARTE:** El **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**, una corporación pública del Gobierno de Puerto Rico, creada en virtud de la Ley Número 17 de 23 de septiembre de 1948, según enmendada, representado en este acto por su Vicepresidente Ejecutivo y Agente Fiscal, Jorge A. Clivillés Díaz, mayor de edad, casado, ejecutivo y residente de San Juan, Puerto Rico (en adelante, el "BANCO").

**DE LA SEGUNDA PARTE:** La **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO**, una entidad jurídica creada en virtud de la Ley Núm. 74 de 23 de junio de 1965, según enmendada, (la "AUTORIDAD") representada en este acto por César M. Gandiaga Texidor, Director Ejecutivo Auxiliar para Administración y Finanzas, quien es mayor de edad, casado, contable y vecino de San Juan, Puerto Rico, y quien está debidamente autorizado a comparecer en este acto por virtud de la Resolución 2014-01 suscrita el 16 de enero de 2013 por Miguel A. Torres Díaz, Secretario del Departamento de Transportación y Obras Públicas.

**DE LA TERCERA PARTE:** El **DEPARTAMENTO DE HACIENDA**, un departamento ejecutivo creado por la Sección 6 del Artículo IV de la Constitución del Estado Libre Asociado de Puerto Rico, en adelante denominada "HACIENDA", representada por su Secretaria, Melba Acosta Febo, mayor de edad, soltera, y vecina de San Juan, Puerto Rico, quien comparece a los únicos fines de indicar su conocimiento y cumplimiento con que los fondos para el pago de la LÍNEA DE

1

CRÉDITO aquí concedida por el BANCO a la AUTORIDAD se transfieran directamente al BANCO.

EXPONEN

**POR CUANTO**: La AUTORIDAD ha informado al BANCO que, al 31 de diciembre de 2013, adeuda la cantidad de $24,096,000 a la compañía Alternative Concepts, Inc., operador del Tren Urbano. La AUTORIDAD interesa obtener un financiamiento para sufragar los gastos operacionales acrecidos por concepto de la operación del Tren Urbano y rebajar dicha cantidad adeudada de manera tal que los servicios no sean interrumpidos.

**POR CUANTO**: En atención a la solicitud de la AUTORIDAD, el 15 de enero de 2014, la Junta de Directores del BANCO aprobó la Resolución Núm. 10235 (en adelante, la "Resolución 10235") para conceder a la AUTORIDAD una línea de crédito no rotativa hasta un máximo de **QUINCE MILLONES DE DÓLARES ($15,000,000)**.

**POR CUANTO**: De conformidad con la Resolución Núm. 2014-01 emitida el 16 de enero de 2014 por la Junta de Directores de la AUTORIDAD, la AUTORIDAD ha aceptado los términos y condiciones establecidos por el BANCO en la Resolución 10235.

**POR LO QUE**, en consideración a los hechos afirmados anteriormente y a las representaciones, acuerdos y garantías que más adelante se exponen, las partes comparecientes acuerdan y convienen otorgar este CONTRATO DE PRÉSTAMO.

## ARTÍCULO 1.

## PRÉSTAMO

1.1 **Línea de Crédito:**

Una vez se otorguen y suscriban los DOCUMENTOS LEGALES que se relacionan en el Artículo 4.1 de este CONTRATO DE PRÉSTAMO, el BANCO extenderá a la AUTORIDAD una LÍNEA DE CRÉDITO no rotatoria por la cantidad máxima de principal **QUINCE MILLONES DE DÓLARES ($15,000,000)** para sufragar gastos operacionales por concepto de la operación del Tren Urbano.

La LÍNEA DE CRÉDITO estará evidenciada por un PAGARÉ por la suma principal de **QUINCE MILLONES DE DÓLARES ($15,000,000)**, suscrito en la misma fecha que este CONTRATO DE PRÉSTAMO y pagaderos a la orden del BANCO.

El dinero proveniente de la LÍNEA DE CRÉDITO sólo podrá ser utilizado para los propósitos antes expuestos.

1.2 **Tasa de Interés:**

La AUTORIDAD acuerda y conviene pagar los intereses devengados sobre los desembolsos de la LÍNEA DE CRÉDITO computados sobre la tasa *Prime Rate* más 150 puntos base, la cual nunca será menor de seis por ciento (6%), ni mayor de doce por ciento (12%), o cualquier otra tasa de interés que determine el Presidente del BANCO o su designado, de acuerdo con el mercado de tasas de interés. Los intereses serán pagaderos al vencimiento de la LÍNEA DE CRÉDITO.

Si en la fecha de vencimiento de la obligación de repago la AUTORIDAD no ha pagado el balance insoluto del principal, la AUTORIDAD pagará intereses sobre dicha

3

suma computados a base de 200 puntos base sobre la tasa que le aplicaría bajo este CONTRATO DE PRÉSTAMO.

1.3 **Término y Fuente de Pago:**

El pago de principal e intereses de la LÍNEA DE CRÉDITO vencerá al 30 de junio 2015. El Presidente del BANCO podrá, a su entera discreción, extender el vencimiento de la LÍNEA DE CRÉDITO por 120 días adicionales.

La fuente de pago serán (a) a partir del 1 de julio de 2014, los primeros $15,000,000 provenientes de los ingresos generados por concepto de las multas de tránsito recaudados por el Departamento de Hacienda, más la porción correspondiente para el pago de los intereses acumulados, y (b) ingresos propios de la AUTORIDAD.

La AUTORIDAD podrá pagar la totalidad del préstamo en cualquier momento antes de su vencimiento sin penalidad o prima.

1.4 **Desembolsos:**

Previo al primer desembolso y para cada desembolso, la AUTORIDAD entregará al BANCO una certificación original sustancialmente en la forma que se presenta en el **Anejo A** de este Contrato, firmada por el Director Ejecutivo de la AUTORIDAD, o la persona que éste designe, la cual evidenciará que la petición de desembolso cumple con los propósitos para los cuales fue aprobada la LÍNEA DE CRÉDITO. La AUTORIDAD deberá incluir, además, cualquier otra documentación que el BANCO a su entera discreción le solicite previo al desembolso, incluyendo, pero sin limitarse, a copias de facturas.

4

Los desembolsos bajo este financiamiento están sujetos al cumplimiento de la AUTORIDAD con el Área de Agencia Fiscal del BANCO para las condiciones estipuladas en el *Fiscal Oversight Agreement* (FOA) que la AUTORIDAD tenga vigente con el BANCO.

1.5  **Cesión**:

Para honrar el pago del principal e intereses de la LÍNEA DE CRÉDITO, se dispone que el BANCO será cesionario de los derechos sobre los ingresos generados por concepto de las multas de tránsito recaudados por el Departamento de Hacienda hasta la suma de principal de $15,000,000, más la suma correspondiente a los intereses acumulados. A esos efectos, HACIENDA acuerda y conviene transferir las sumas antes indicadas directamente al BANCO para el repago del financiamiento.

## ARTÍCULO 2.

## ACUERDOS AFIRMATIVOS

La AUTORIDAD conviene y acuerda realizar los actos que se exponen a continuación a partir de esta fecha y hasta el pago total y liquidación final del principal y los intereses de la LÍNEA DE CRÉDITO y cualquier otra obligación con relación a la misma, salvo que el BANCO consienta a lo contrario por escrito.

2.1  **Solicitud de Información Adicional para Efectuar Desembolsos:**

El BANCO se reserva el derecho de solicitar a la AUTORIDAD cualquier información adicional que sea necesaria para emitir los desembolsos o para cualquier propósito relacionado con este CONTRATO DE PRÉSTAMO o PAGARÉ.

5

2.2  **Honorarios por Asesoría Financiera:**

La AUTORIDAD conviene y acuerda pagarle al BANCO la suma de Siete Mil Quinientos Dólares ($7,500), equivalentes a una veinteava parte (1/20) del uno por ciento (1%), por concepto de honorarios correspondientes a esta transacción, según la política vigente del BANCO, los cuales podrán ser incluidos como parte de este financiamiento, de ser necesario.

2.3  **Causa de Incumplimiento:**

La AUTORIDAD notificará al BANCO de cualquier condición, hecho o suceso que pueda constituir causa de incumplimiento o en virtud de cuya notificación o el mero transcurso del tiempo, o ambos, pueda constituir causa de incumplimiento, entregándole al BANCO una certificación suscrita por uno de sus oficiales, especificando la naturaleza de dicha causa, tiempo durante el cual ha existido, y qué curso de acción la AUTORIDAD se propone iniciar con relación a los mismos. Tal notificación deberá ser cursada al BANCO dentro de los diez (10) días siguientes a la ocurrencia del incumplimiento.

2.4  **Pago de Gestiones Extrajudiciales de Cobro, Honorarios, Gastos, etc.:**

A requerimiento del BANCO, la AUTORIDAD deberá reembolsar prontamente al BANCO el pago de las costas, gastos y honorarios de abogados incurridos por el BANCO en gestiones extrajudiciales de cobro de cualquier plazo en mora en relación con la LÍNEA DE CRÉDITO adeudada por la AUTORIDAD. La omisión de la AUTORIDAD de reembolsar dichas costas, gastos y honorarios de abogados constituirá causa de incumplimiento en la LÍNEA DE CRÉDITO.

6

Dichas costas, gastos y honorarios de abogados incurridos por el BANCO de conformidad con las disposiciones de este CONTRATO DE PRÉSTAMO serán reembolsados por la AUTORIDAD de inmediato al serle requeridos.

2.5 **Incumplimiento bajo los Documentos Legales:**

La AUTORIDAD conviene que cualquier incumplimiento de los términos del PAGARÉ y/o la carta de compromiso, será considerado simultáneamente incumplimiento con este CONTRATO DE PRÉSTAMO y viceversa, y de ocurrir el mismo, el BANCO tendrá inmediatamente el derecho de ejecutar cualesquiera de los derechos y privilegios que puedan conferir cualquiera de los DOCUMENTOS LEGALES.

2.6 **Autorización para Tomar Prestado:**

La AUTORIDAD ha tomado las medidas apropiadas y necesarias, oficiales o de otro tipo, para autorizar el otorgamiento y entrega de los DOCUMENTOS LEGALES sin limitación alguna.

### ARTÍCULO 3.

### INCUMPLIMIENTOS

3.1 **Causas de Incumplimiento:**

Cada una de las siguientes constituirá una causa de incumplimiento bajo los términos de este CONTRATO DE PRÉSTAMO:

3.1.1 si cualquier representación dada o extendida por la AUTORIDAD al BANCO en cualquiera de los trámites y DOCUMENTOS LEGALES, o si cualquier informe, garantía o certificado financiero o de otra índole provisto al BANCO en relación con este CONTRATO DE PRÉSTAMO resultare falso o engañoso;

7

3.1.2 la falta de pago de principal e intereses y sus penalidades, si alguna, de la LÍNEA DE CRÉDITO a su fecha de vencimiento de acuerdo con los términos de cualquiera de los DOCUMENTOS LEGALES;

3.1.3 el incumplimiento o violación por la AUTORIDAD de cualquiera de los términos, cláusulas y condiciones pactadas con el BANCO en los DOCUMENTOS LEGALES; o

3.1.4 la omisión por la AUTORIDAD de remediar o subsanar dentro de un plazo de treinta (30) días de su ocurrencia, sin notificación previa escrita por parte del BANCO, cualquier incumplimiento a los términos, cláusulas y condiciones de este CONTRATO DE PRÉSTAMO. Esto no aplica a los términos y condiciones relacionadas con las obligaciones de pago de la LÍNEA DE CRÉDITO, ya que la AUTORIDAD deberá cumplir estrictamente con dicho pago a su vencimiento.

3.2 **Remedios:**

Ante la ocurrencia de cualquiera de las causas de incumplimiento enumeradas en el Artículo 3.1 de este CONTRATO DE PRÉSTAMO, y si dicho incumplimiento no es subsanado o remediado según dispuesto, sin que sea necesario que medie notificación alguna del incumplimiento, a cuyos derechos la AUTORIDAD mediante el presente otorgamiento renuncia, el BANCO podrá:

3.2.1 proceder a reclamar el pago del balance insoluto de la LÍNEA DE CRÉDITO; o

8

3.2.2 radicar un procedimiento judicial solicitando el cumplimiento específico de cualquier término, cláusula o condición de cualquiera de los DOCUMENTOS LEGALES, o un entredicho ("injunction") provisional o permanente para impedir que la AUTORIDAD viole cualquiera de dichos términos, cláusulas y condiciones; o

3.2.3 ejercitar cualquier otro remedio a que tenga derecho bajo las leyes del Estado Libre Asociado de Puerto Rico.

La AUTORIDAD autoriza al BANCO y le confiere poder, sin que se requiera notificación alguna, para aplicar el derecho a compensación ("*set-off*") a las obligaciones que se originan en este CONTRATO DE PRÉSTAMO, realizando cualquier aplicación de pagos de cualquier suma de dinero perteneciente a la AUTORIDAD en poder del BANCO para el pago de la LÍNEA DE CRÉDITO e intereses acumulados, en caso de incumplimiento por la AUTORIDAD de sus obligaciones de pago bajo el CONTRATO DE PRÉSTAMO.



## ARTÍCULO 4.
## DISPOSICIONES MISCELÁNEAS

4.1 **Documentos Legales:**

Según utilizado en este CONTRATO DE PRÉSTAMO, el término DOCUMENTOS LEGALES significa:

1. PAGARÉ

2. CONTRATO DE PRÉSTAMO

4.2 **Renuncias, Alivios, Prórrogas, Tolerancias y Remedios Adicionales:**

Ninguna dilación o demora por parte del BANCO o de cualquier tenedor o dueño del PAGARÉ en el ejercicio de cualquier derecho, facultad o remedio que pueda tener conforme a los términos de cualquiera de los DOCUMENTOS LEGALES se considerará como una renuncia, limitación o disminución de los mismos, como tampoco el ejercicio parcial o exclusivo de cualquiera de los mismos será óbice para que subsiguientemente sean ejercitados en su totalidad, incluyendo, pero sin limitarse a ello, el derecho de compensación. Los remedios a favor del BANCO dispuestos en los DOCUMENTOS LEGALES se considerarán adicionales a, y no excluyentes de, cualquier otro remedio contemplado en ley. Para que todo alivio, prórroga o tolerancia extendida por el BANCO a la AUTORIDAD, o cualquier enmienda a este CONTRATO DE PRÉSTAMO, sea efectiva, deberá constar por escrito, suscrito por un oficial autorizado del BANCO, que especificará el alcance del alivio, prórroga, tolerancia o enmienda concedida. Todo alivio, prórroga, tolerancia o enmienda concedida será válida únicamente para la ocurrencia o eventualidad para la cual se concedió.

4.3 **Direcciones para Notificaciones, etc.:**

Toda notificación, reclamo, directriz o cualquier comunicación dispuesta por los DOCUMENTOS LEGALES constará por escrito y deberá ser entregada personalmente o enviada por fax o por correo, a las siguientes direcciones:

A LA "AUTORIDAD":

Autoridad de Carreteras y Transportación
Departamento de Transportación y Obras Públicas

10

P.O. Box 42007
San Juan, Puerto Rico 00940-2007
(787) 721-8787

Atención: Director Ejecutivo

AL "BANCO":

Banco Gubernamental de Fomento para Puerto Rico
P.O. Box 42001
San Juan, Puerto Rico 00940-2001
Fax: (787) 721-1443

Atención: Presidente

o a cualquier otra dirección que las partes señalen mediante notificación escrita cursada conforme a lo dispuesto en este Artículo. Éstas se considerarán perfeccionadas una vez las mismas se depositen debidamente franqueadas en el correo y sean cursadas a las direcciones mencionadas.

### 4.4  Sucesores y Causahabientes:

Los pactos y cláusulas aquí contenidas obligarán y beneficiarán a las partes y a sus respectivos causahabientes, albaceas, administradores, sucesores y cesionarios.

### 4.5  Renuncias por la AUTORIDAD a Presentación, Protesto, etc.:

La AUTORIDAD renuncia a toda notificación de aceptación o demanda o requerimiento a la realización de cualquier condición precedente por parte del BANCO, y así mismo renuncia a los derechos de presentación, protesto, notificación de protesto, requerimiento de pago, notificación de incumplimiento o falta de pago, relevo, compromiso, compensación, transacción, prórroga, renovación o extensión de cualquier derecho contractual o instrumento legal y, en general, a toda otra formalidad legal.

11

4.6  **Declaración de Intención**:

Este CONTRATO DE PRÉSTAMO se otorga como una declaración oficial de intención bajo la regulación del Departamento del Tesoro de los Estados Unidos, Sección 1.150-2.

**EN TESTIMONIO DE LO CUAL,** las partes comparecientes otorgan este CONTRATO DE PRÉSTAMO en San Juan, Puerto Rico, a _16_ de enero de 2014.

| **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO** | **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO** |
|---|---|
| _____ Jorge A. Clivillés Díaz Vicepresidente Ejecutivo y Agente Fiscal | _____ César M. Gandiaga Texidor Director Ejecutivo Auxiliar para Administración y Finanzas |

**DEPARTAMENTO DE HACIENDA**

_____
Melba Acosta Febo
Secretaria

Testimonio _896 (num)_

Reconocido y suscrito ante mí por César M. Gandiaga Texidor, Director Ejecutivo Auxiliar para Administración y Finanzas de la Autoridad de Carreteras y Transportación, quien es mayor de edad, casado, contable y vecino de San Juan, Puerto Rico, a quien conozco personalmente. En San Juan, Puerto Rico, a _16_ de enero de 2014.

_____
Notaria Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

Testimonio _898_

    Reconocido y suscrito ante mí por Jorge A. Clivillés Díaz, mayor de edad, casado y vecino de San Juan, Puerto Rico, en su carácter de Vicepresidente Ejecutivo y Agente Fiscal del Banco Gubernamental de Fomento para Puerto Rico, a quien conozco personalmente. En San Juan, Puerto Rico, a _16_ de enero de 2014.

_____
Notaria Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

Testimonio _899_

    Reconocido y suscrito ante mí por Melba Acosta Febo, mayor de edad, soltera, y vecina de San Juan, Puerto Rico, en su carácter como Secretaria del Departamento de Hacienda, a quien conozco personalmente. En San Juan, Puerto Rico, a _16_ de enero de 2014.

_____
Notaria Público

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

13