# LOAN AGREEMENT

This **LOAN AGREEMENT**, dated as of October __, 2009 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

## WITNESSETH

**WHEREAS**, the Authority has determined to obtain a revolving credit facility in the principal amount at any one time outstanding of not to exceed $20,000,000 for the purpose of providing the Authority with funds to pay costs incurred or to be incurred in the acquisition, construction, equipping, installation and development of certain additional improvements to the Authority's facilities included in its Construction Improvement Program for fiscal year 2010 (the "Projects"); and

**WHEREAS**, the proceeds of the credit facility will be applied only to the Projects approved and to be funded by the Federal Highway Administration ("FHWA"), on certain federal regulations or the American Reinvestment and Recovery Act ("ARRA"); and

**WHEREAS**, the Bank is willing to provide such financing in an amount not to exceed **TWENTY MILLION DOLLARS** ($20,000,000), (the "Loan"), in accordance with the terms and conditions set forth in this Loan Agreement; and

**WHEREAS**, the Authority proposes to repay this financing with moneys received from the FHWA as reimbursements on payments done by the Authority for the Projects; and

**NOW, THEREFORE**, in consideration to the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Subject to the terms and conditions contained herein, the Lender hereby agrees to provide the Borrower from time to time a revolving line of credit in an aggregate principal amount not to exceed **TWENTY MILLION DOLLARS** ($20,000,000) for the exclusive purpose of providing the Authority with funds to pay costs incurred or to be incurred in the acquisition, construction, equipping, installation and development of certain additional improvements to

25444 v4

the Authority's facilities included in its Construction Improvement Program for fiscal year 2010. The line of credit shall be evidenced by a Promissory Note for the principal amount of **TWENTY MILLION DOLLARS** ($20,000,000), subscribed on this same date by the Borrower and payable to the order of the Lender.

2. The Borrower will request the funds in one or more drawings ("Drawings") only for the purposes approved by Resolution 9195 adopted by the Bank's Board of Directors on September 16, 2009. The Borrower shall request each Drawing by written notice to the Lender and signed by any authorized officer of the Borrower. Borrower shall use the Notice of Drawing Form included as Exhibit I to request each Drawing. Notice of Drawing from the Borrower, once received by the Lender, shall be irrevocable. For the purposes of this Loan Agreement, "Banking Day" means a day on which commercial banks are open for business in San Juan, Puerto Rico.



3. The principal amount of the Loan shall mature and be due and payable on August 31, 2010. The Lender's President is hereby authorized to extend the maturity date of the loan from time to time, if necessary, but in no event will the maturity date of the Loan be extended beyond August 31, 2012. The Borrower hereby agrees to repay the outstanding aggregate principal amount of the loan at the principal office of the Lender in San Juan, Puerto Rico. Said principal amount shall be payable from the proceeds of federal reimbursements on payments done or to be done by the Authority for the Projects, from amounts available from the Authority's Construction Funds established under Resolution No. 68-18, adopted by the Authority on June 13, 1968, as amended, (the "1968 Resolution"), or the Authority's Construction Fund created and established under Resolution 98-06 adopted by the Authority on February 26, 1998, as amended, (the "1998 Resolution") (collectively the "Resolutions"), or from any other available resources of the Authority. Each Drawing shall bear interest daily from the date such Drawing is made until its repayment at a variable rate of interest, which may be revised quarterly, equal to Prime plus 150 basis points. The President of the Bank or the duly authorized Executive Vice President of the Bank may modify the interest rate at anytime at their full discretion, depending on the interest rate market.

Interest shall be payable monthly in arrears not later than the tenth Banking Day following receipt from the Lender of the statement

25444 v4

referred to in the next sentence of this paragraph, from amounts available from the respective Construction Funds established under the Resolutions or from any available moneys of the Authority. Each month the Bank shall furnish to the Authority a written statement showing the amount of interest due and payable by the Authority on the loan for the preceding month. The Authority may prepay the loan at any time without premium or penalty. The loan shall be junior and subordinate to outstanding bonds of the Borrower.

3. Payment of principal of and interest on the Loan shall be made in any coin or currency of the United States of America, which at the time of payment shall be legal tender for the payment of public and private debts.

4. If there is no disbursement activity on this Loan for a period of six months after its approval by the Board of Directors of the Bank, the Loan will be cancelled automatically.

5. The Borrower waives the requirements of demand, presentment, protest, notice of dishonor, and, in general, any other legal formality.

6. If the Borrower defaults in making any payment when due under this Loan Agreement, the Lender may declare the Loan to be immediately due and payable. In case of recourse to the courts by the Lender in order to collect the whole or any portion of the principal or interest due, the Borrower agrees to pay a liquidated sum equal to 10% of the amount of the Loan to cover expenses of such proceedings, court costs, disbursements and attorney's fees, which amount will become immediately due and payable upon the filing of such judicial proceedings.

7. No amendment or waiver of any provisions of this Loan Agreement, or consent to any departure herefrom by the Borrower shall be effective unless the same shall be in writing and signed by the Lender and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

8. Any notices which may be given to either party hereunder shall be in writing, and if addressed to the Lender, sent to the offices of the Lender located at Roberto Sanchez Vilella Government Center, De Diego Avenue, San Juan, Puerto Rico 00940, Attn: Executive Vice President of Financing, or to such other address or person as the Lender may hereafter notify the Borrower in writing; and if

25444 v4

addressed to the Borrower, sent to the offices of the Borrower, located at Roberto Sánchez Vilella Government Center, South Building, San Juan, Puerto Rico 00940, Attn: Executive Director, or to such other address or person as the Borrower may hereafter notify the Lender in writing. Any such notice, if delivered personally, by facsimile or electronic mail, shall be effective three Banking Days after posting.

9. The Borrower shall, from time to time, upon request by the Lender, promptly provide the Lender with such information as to its finances and operations as the Lender shall reasonably request.

10. This Loan Agreement is intended to be a declaration of official intent under U.S. Treasury Department Regulation Section 1.150-2.

11. This Loan Agreement shall be binding upon and inure to the benefit of the Borrower and the Lender and their respective successors and assigns. The Lender may assign to any other financial institution all or any part of or any interest in, the Lender's rights hereunder and in the Loan, and to the extent of such assignment such assignee shall have the same rights against the Borrower hereunder as does the Lender. The Borrower may not assign any of its rights nor delegate any of its obligations hereunder without the Lender's prior written consent. This Loan Agreement shall be governed by, and the rights and obligations of the parties hereunder shall be construed in accordance with the laws of the Commonwealth of Puerto Rico.

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO

By: _____
Fernando L. Batlle Hernaíz
Executive Vice President

PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY

By: _____
Rubén A. Hernández Gregorat
Executive Director

25444 v4

## FIRST AMENDMENT TO LOAN AGREEMENT

This **FIRST AMENDMENT TO LOAN AGREEMENT**, dated October 8th, 2010 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

### WITNESSETH

**WHEREAS**, on October 9, 2009, the Authority and the Bank executed a Loan Agreement (the "Loan Agreement"), and corresponding promissory note, for the principal revolving amount of **TWENTY MILLION DOLLARS** ($20,000,000) (the "Loan"), to provide interim financing for the Authority's Construction Improvements Program;

**WHEREAS**, under the Loan Agreement the principal amount of the Loan became due and payable on August 31, 2010, and the Authority was unable to make the required payment;

**WHEREAS**, the Authority has requested that the Bank grant it an extension of the term to pay the principal amount that became due on August 31, 2010;

**WHEREAS**, Resolution 9195 issued by the Board of Directors of the Bank on September 16, 2009, authorized the President of the Bank to extend the maturity of the Loan up to August 31, 2012. In addition, Resolution CE-2010-41 issued by the Executive Committee of the Board of Directors of the Bank on August 18, 2010 granted the President, or his designee, authority to apply a financial services fee;

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, subject to the terms and conditions contained herein, the parties hereto agree as follows:



1. The Paragraph 3 of the Loan Agreement is amended to read as follow:

    "The principal amount of the Loan shall mature and be due and payable on June 30, 2011. The Lender's President is hereby authorized to extend the maturity date of the loan from time to time, if necessary, but in no event will the maturity date of the Loan be extended beyond August 31, 2012. The Borrower hereby agrees to repay the outstanding aggregate principal amount of the loan at the principal office of the Lender in San Juan, Puerto Rico. Said principal amount shall be payable from the proceeds of federal reimbursements on payments done or to be done by the Authority for the Projects, from amounts

26564

available from the Authority's Construction Funds established under Resolution No. 68-18, adopted by the Authority on June 13, 1968, as amended, (the "1968 Resolution"), or the Authority's Construction Fund created and established under Resolution 98-06 adopted by the Authority on February 26, 1998, as amended, (the "1998 Resolution") (collectively the "Resolutions"), or from any other available resources of the Authority.

Each Drawing shall bear interest daily from the date such Drawing is made until its repayment at a variable rate of interest, which may be revised quarterly, equal to Prime Rate plus 150 basis points, as determined from time to time in good faith by the Lender, or, upon written notice to the Borrower, at a variable rate of interest per annum, which interest rate may be revised periodically, equal to the Lender's cost of funding for variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Loan. For purposes of this Loan Agreement, such interest rate shall not exceed twelve (12) percent and shall not be less than six (6) percent. The President of the Bank or the duly authorized Executive Vice President of the Bank may modify the interest rate at anytime at their full discretion, depending on the interest rate market."

2. To effect the foregoing amendment to the Loan Agreement, a First Allonge to Promissory Note is executed by the Authority, on this same date.

3. If the line of credit comes due and payable, the Borrower hereby agrees to pay a default interest rate on the principal outstanding amount calculated on the basis of Prime Rate plus four (4) percent.

4. The Borrower will pay a financial services fee equal to $8,000.00 on or prior the closing date.

5. The parties agree that this First Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, and that all provisions of the Loan Agreement, not inconsistent with this First Amendment to Loan Agreement, shall remain in full force and effect.

Document 26564

IN WITNESS WHEREOF, the Borrower and the Lender have caused this First Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

| GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO | PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY |
|---|---|
| By: _____<br>Fernando L. Batlle Hernaíz<br>Executive Vice President | By: _____<br>Rubén A. Hernández Gregorat<br>Secretary of Transportation and Public Works and Executive Director |

Affidavit No. -273-

Recognized and subscribed before me by Rubén A. Hernández Gregorat as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, and Fernando L. Batlle Hernaíz, as Executive Vice President for Financing and Treasury at the Government Development Bank for Puerto Rico, of legal age, married and resident of San Juan, Puerto Rico, both personally known to me.

In San Juan, Puerto Rico, this 8 day of October, 2010.



_____
Notary Public

Document 26564

**FIRST ALLONGE TO PROMISSORY NOTE**

The Promissory Note titled United States of America, Commonwealth of Puerto Rico, Puerto Rico Highway and Transportation Authority, executed by Rubén A. Hernández Gregorat on October 30, 2009, for the amount of $20,000,000, before notary public Meraris Ambert Cabrera, is hereby amended to extend the term for payment to June 30, 2011, and to modify the terms and conditions of the Loan Agreement.

This First Allonge to Promissory Note is executed in connection with the First Amendment to Loan Agreement between the Puerto Rico Highway and Transportation Authority and the Government Development Bank for Puerto Rico, executed by these parties on this same date. All other provisions of the referenced Promissory Note not inconsistent with this First Allonge to Promissory Note, shall remain in full force and effect.

**IN WITNESS WHEREOF**, the Puerto Rico Highway and Transportation Authority has caused this First Amendment to Promissory Note to be signed by its Executive Director, in San Juan, Puerto Rico, this 8th day of October, 2010.

PUERTO RICO HIGHWAY AND
TRANSPORTATION AUTHORITY

By: _____
Rubén A. Hernández Gregorat
Secretary of Transportation and
Public Works and Executive Director

Affidavit No. 274

Recognized and subscribed before me by Rubén A. Hernández Gregorat, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and a resident of Guaynabo, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on October 8th, 2010.

_____
Notary Public

26564

## SECOND AMENDMENT TO LOAN AGREEMENT

This **SECOND AMENDMENT TO LOAN AGREEMENT**, dated May 19, 2011 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

### WITNESSETH

**WHEREAS**, on October 30, 2009, the Authority and the Bank executed a Loan Agreement (the "Loan Agreement"), and corresponding promissory note, for the principal revolving amount of **TWENTY MILLION DOLLARS** ($20,000,000) (the "Loan"), payable by August 31, 2010, to provide interim financing for the Authority's Construction Improvements Program;

**WHEREAS**, on October 8, 2010 the Authority and the Bank executed a First Amendment to Loan Agreement to, among others, extend the maturity date of the loan until June 30, 2011;

**WHEREAS**, the Authority has requested that the Bank consent to the further extension of the maturity date of the Loan;

**WHEREAS**, in Resolution 9420-D adopted by the Board of Directors of the Bank on January 26, 2011, the Bank approved the extension of the maturity of the Loan up to August 31, 2012, subject to certain conditions.



**WHEREAS**, pursuant to Resolution 2011-18, issued by the Secretary of the Puerto Rico Department of Transportation and Public Works on April 12, 2011, as amended by Resolution 2011-25 issued by the Secretary of the Puerto Rico Department of Transportation and Public Works on May 13, 2011, the Authority has been authorized to agree to the extension of the maturity date of the Loan, and to the conditions required by the Bank;

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. The first and second sentences of numbered Paragraph 3 of the Loan Agreement, as amended, are deleted and replaced with the following sentence:

   "The principal amount of the Loan shall mature and be due and payable on August 31, 2012."

27047

2. To effect the foregoing amendment to the Loan Agreement, as amended, a Second Allonge to Promissory Note is executed by the Authority on this same date.

3. If Borrower does not pay the principal amount of the Loan when it becomes due and payable, Borrower will pay Lender a default interest rate on any such principal amount equal to 200 basis points over the otherwise applicable interest rate;

4. The Borrower will pay the Lender a financial services fee equal to $8,000 on or prior to the date of execution of this Second Amendment to Loan Agreement.

5. If Borrower does not pay the principal amount of the Loan by the date of maturity, or does not pay interest due on a timely fashion, Lender may at its sole option and to the fullest extent allowed by law, set off and apply any other available moneys (including deposits of any kind) of the Borrower to any amount due.

6. The parties agree that this Second Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, as amended, and that all provisions of the Loan Agreement, as amended, not inconsistent with this Second Amendment to Loan Agreement, shall remain in full force and effect.



[ SIGNATURE PAGE FOLLOWS]



**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this Second Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

| | |
|---|---|
| **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** | **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** |
| By: _/s/ José R. Otero-Freiría_<br>José R. Otero-Freiría<br>Executive Vice President | By: _/s/ Rubén A. Hernández Gregorat_<br>Rubén A. Hernández Gregorat<br>Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority |

Testimony No. 585—

Recognized and subscribed before me by Rubén A. Hernández Gregorat, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on May 19, 2011.

_/s/ María de Lourdes Rodríguez_
Notary Public

Testimony No. ___

Recognized and subscribed before me by José R. Otero Freiría, of legal age, married, and resident of Dorado, Puerto Rico, as Executive Vice President of Financing and Treasury, personally known to me.

In San Juan, Puerto Rico, on May 19, 2011.

_/s/ Illegible_
Notary Public

# THIRD AMENDMENT TO LOAN AGREEMENT

This **THIRD AMENDMENT TO LOAN AGREEMENT**, dated ~~June~~ August 22, 2012 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

## WITNESSETH

**WHEREAS**, on October 30, 2009, the Authority and the Bank executed a Loan Agreement (the "Loan Agreement"), and corresponding promissory note, for the principal revolving amount of **TWENTY MILLION DOLLARS** ($20,000,000) "Loan"), payable by August 31, 2010, to provide interim financing for the Authority's Construction Improvements Program;

**WHEREAS**, on October 8, 2010 the Authority and the Bank executed a First Amendment to Loan Agreement to, among others, extend the maturity date of the Loan until June 30, 2011;

**WHEREAS**, on May 19, 2011 the Authority and the Bank executed a Second Amendment to Loan Agreement to, among others, extend the maturity date of the Loan until August 31, 2012;

**WHEREAS**, the Loan is payable from federal reimbursements due the Authority under ARRA and FHWA, from future bond emissions by the Authority, or from any available funds of the Authority.

**WHEREAS**, as of January 31, 2012 accumulated interest on the Loan amounted to $804,000 and the balance of principal amounted to $14,900,000.

**WHEREAS**, as of January 31, 2013 accumulated interest on the Loan is expected to amount to $1,497,229.72.

**WHEREAS**, the Authority has requested that the Bank consent to a further extension of the maturity date of the Loan and to an increase in the amount of the Loan by $1,505,982.71, to cover capitalized accumulated interest up to January 31, 2013 ($1,497,229.72) and the financial services fees ($8,752.99) payable to the Bank in connection with this Third Amendment to Loan Agreement.

**WHEREAS**, in Resolution 9723 adopted by the Board of Directors of the Bank on February 22, 2012, the Bank approved the increase in the amount of the Loan and the extension of the maturity of the Loan up to January 31, 2013, subject to certain conditions.



28631v2

**WHEREAS,** pursuant to Resolution 2012-30 issued by the Secretary of the Puerto Rico Department of Transportation and Public Works on June 26, 2012, the Borrower was authorized to agree to the extension of the Maturity Date of the Loan, and to the increase thereof, under the conditions required by the Bank;

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. The aggregate principal amount of the line of credit, referenced in numbered Paragraph 1 of the Loan Agreement, as amended, is increased by $1,505,982.71, exclusively to cover capitalized projected accumulated interest up to January 31, 2013 ($1,497,229.72) and the financial services fees payable to the Bank ($8,752.99), for an amended aggregate principal amount of $21,505,982.71.

2. The Notice of Drawing included in the Loan Agreement, as amended, as Exhibit I is hereby replaced with the Revised Notice of Drawing made part of this First Amendment to Loan Agreement, as Revised Exhibit I.

3. Prior to any disbursement, the Bank may request any additional information from the Authority, including without limitation, copy of invoices.



4. The first sentence of numbered Paragraph 3 of the Loan Agreement, as amended, is deleted and replaced with the following sentence:

"The principal amount of the Loan shall mature and be due and payable on January 31, 2013."

5. To effect the foregoing amendments to the Loan Agreement, as amended, a Third Allonge to Promissory Note is executed by the Authority on this same date.

6. The Borrower will pay the Lender a financial services fee equal to $8,752.99 in connection with this Third Amendment to Loan Agreement.

7. The parties agree that this Third Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, as amended, and that all provisions of the Loan Agreement, as amended, not inconsistent with this Third Amendment to Loan Agreement, shall remain in full force and effect.

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Third Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

| **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** | **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** |
|---|---|
| By: _____ <br> José R. Otero-Freiría <br> Executive Vice President | By: _____ <br> Rubén A. Hernández Gregorat <br> Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority |

Testimony No. 694

Recognized and subscribed before me by Rubén A. Hernández Gregorat, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on August, 20, 2012.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

Testimony No. 698

Recognized and subscribed before me by José R. Otero Freiría, of legal age, married, and resident of Dorado, Puerto Rico, as Executive Vice President of Financing and Treasury in the Government Development Bank for Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on August, 22, 2012.

_____
Notary Public

EXENTO DEL PAGO DE ARANCEL
47 DE 4 DE JUNIO DE 1982



# FOURTH AMENDMENT TO LOAN AGREEMENT

This **FOURTH AMENDMENT TO LOAN AGREEMENT**, dated May 6, 2013 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender").

## WITNESSETH

**WHEREAS**, on October 30, 2009, the Authority and the Bank executed a Loan Agreement (the "Loan Agreement"), and corresponding Promissory Note, for the principal revolving amount of Twenty Million Dollars ($20,000,000) (the "Loan"), payable by August 31, 2010, to provide interim financing for the Authority's Construction Improvements Program;

**WHEREAS**, the Loan Agreement is payable from federal reimbursements due the Authority under ARRA and FHWA, from future bond emissions by the Authority, or from any available funds of the Authority;

**WHEREAS**, on October 8, 2010 the Authority and the Bank executed a First Amendment to Loan Agreement and corresponding First Allonge to Promissory Note to, among others, extend the maturity date of the Loan until June 30, 2011;

**WHEREAS**, on May 19, 2011 the Authority and the Bank executed a Second Amendment to Loan Agreement and corresponding Second Allonge to Promissory Note to, among others, extend the maturity date of the Loan until August 31, 2012;

**WHEREAS**, on August 22, 2012 the Authority and the Bank executed a Third Amendment to Loan Agreement and corresponding Third Allonge to Promissory Note to extend the maturity date until January 31, 2013 and to increase the amount of the Loan by One Million Five Hundred Five Thousand Nine Hundred Eighty Two Dollars and Seventy One Cents ($1,505,982.71), to cover capitalized accumulated interest up to January 31, 2013 ($1,497,229.72) and the financial services fees ($8,752.99), for an amended aggregate principal amount of Twenty One Million Five Hundred Five Thousand Nine Hundred Eighty Two Dollars and Seventy One Cents ($21,505,982.71);

**WHEREAS**, as of December 31, 2012 accumulated interest on the Loan amounted to Four Hundred Ninety Seven Thousand Nine Hundred Sixty Two Dollars and Nine Cents ($497,962.09) and the balance of principal amounted to Sixteen Million Four Hundred Twenty Two Thousand One Hundred Fifty One Dollars and Eighty Four Cents ($16,422,151.84);

2

**WHEREAS,** in Resolution 9950 adopted by the Board of Directors of the Bank on January 17, 2013, the Bank approved the extension of the maturity date of the Loan up to January 31, 2014, subject to certain conditions;

**WHEREAS,** pursuant to Resolution Number 2013-17A issued by Miguel A. Torres Díaz, Secretary of the Puerto Rico Department of Transportation and Public Works on January 31, 2013, the Borrower was authorized to agree to the extension of the maturity date of the Loan, under the conditions required by the Bank;

**NOW, THEREFORE,** in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. The first sentence of numbered Paragraph 3 of the Loan Agreement, as amended, is deleted and replaced with the following sentence:

    "The principal amount of the Loan shall mature and be due and payable on January 31, 2014."

2. To effect the foregoing amendments to the Loan Agreement, as amended, a Fourth Allonge to Promissory Note is executed by the Authority on this same date.

3. The Borrower will pay the Lender a financial services fee equal to Eight Thousand Six Hundred Two Dollars and Thirty Nine Cents ($8,602.39) in connection with this Fourth Amendment to Loan Agreement.

4. The parties agree that this Fourth Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, as amended, and that all provisions of the Loan Agreement, as amended, not inconsistent with this Fourth Amendment to Loan Agreement, shall remain in full force and effect.

**[SIGNATURE PAGE FOLLOWS]**

29401

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Fourth Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

| **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** | **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** |
|---|---|
| _____ | _____ |
| Ian J. Figueroa Toro | Javier E. Ramos Hernández |
| Executive Vice President and Director of Financing | Executive Director |

Affidavit No. 502

Recognized and subscribed before me by Javier E. Ramos Hernández as Executive Director of Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on May 6, 2013.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

Affidavit No. 503

Recognized and subscribed before me by Ian J. Figueroa Toro, as Executive Vice President and Director of Financing of the Government Development Bank for Puerto Rico, of legal age, married and resident of San Juan, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on May 6, 2013.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

29401

## FIFTH AMENDMENT TO LOAN AGREEMENT

This **FIFTH AMENDMENT TO LOAN AGREEMENT**, by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender").

### WITNESSETH

**WHEREAS**, on October 30, 2009, the Authority and the Bank executed a Loan Agreement (the "Loan Agreement"), and corresponding Promissory Note, for the principal revolving amount of Twenty Million Dollars ($20,000,000) (the "Loan"), payable by August 31, 2010, to provide interim financing for the Authority's Construction Improvements Program;

**WHEREAS**, the Loan Agreement is payable from federal reimbursements due the Authority under ARRA and FHWA, from future bond emissions by the Authority, or from any available funds of the Authority;

**WHEREAS**, on October 8, 2010 the Authority and the Bank executed a First Amendment to Loan Agreement and corresponding First Allonge to Promissory Note to, among others, extend the maturity date of the Loan until June 30, 2011;

**WHEREAS**, on May 19, 2011 the Authority and the Bank executed a Second Amendment to Loan Agreement and corresponding Second Allonge to Promissory Note to, among others, extend the maturity date of the Loan until August 31, 2012;

**WHEREAS**, on August 22, 2012 the Authority and the Bank executed a Third Amendment to Loan Agreement and corresponding Third Allonge to Promissory Note to extend the maturity date until January 31, 2013 and to increase the amount of the Loan by One Million Five Hundred Five Thousand Nine Hundred Eighty Two Dollars and Seventy One Cents ($1,505,982.71), to cover capitalized accumulated interest up to January 31, 2013 ($1,497,229.72) and the financial services fees ($8,752.99), for an amended aggregate principal amount of Twenty One Million Five Hundred Five Thousand Nine Hundred Eighty Two Dollars and Seventy One Cents ($21,505,982.71);

**WHEREAS**, on May 6, 2013, the Authority and the Bank executed a Fourth Amendment to Loan Agreement and corresponding Fourth Allonge to Promissory Note to, among others, extend the maturity date of the Loan until January 31, 2014;

**WHEREAS**, the Authority has requested an additional extension of the maturity date of the Loan until January 31, 2015;

**WHEREAS**, in Resolution Number 10197 adopted by the Board of Directors of the Bank on November 30, 2013, the Bank approved the extension of the maturity date of the Loan up to January 31, 2015, subject to certain conditions;

**WHEREAS**, pursuant to Resolution Number 2014-04 issued by Miguel A. Torres Díaz, Secretary of the Puerto Rico Department of Transportation and Public Works on January 30, 2014, the Borrower was authorized to agree to the extension of the maturity date of the Loan, under the conditions required by the Bank; and

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. The first sentence of numbered Paragraph 3 of the Loan Agreement, as amended, is deleted and replaced with the following sentence:

> "The principal amount of the Loan shall mature and be due and payable on January 31, 2015."

2. To effect the foregoing amendments to the Loan Agreement, as amended, a Fifth Allonge to Promissory Note is executed by the Authority on this same date.

3. The Borrower will pay the Lender a financial services fee equal to Eight Thousand Six Hundred Two Dollars and Thirty Nine Cents ($8,602.39) in connection with this Fifth Amendment to Loan Agreement.

4. The parties agree that this Fifth Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, as amended, and that all provisions of the Loan Agreement, as amended, not inconsistent with this Fifth Amendment to Loan Agreement, shall remain in full force and effect.

5. Pursuant to Resolution 10197, adopted by the Board of Directors of the Bank on November 20, 2013, this Fifth Amendment to Loan Agreement is intended as a declaration of intent under U.S. Treasury Department Regulation Section 1.150-2.

**[SIGNATURES AS FOLLOWS]**



30259

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Fifth Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

_____
Jorge A. Clivillés Díaz
Fiscal Agent

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

_____
Javier E. Ramos Hernández
Executive Director

Testimony No. 772-

Recognized and subscribed before me by Javier E. Ramos Hernández as Executive Director of Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on February, 4, 2014.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

Testimony No. 785 — digo 784 — mLR

Recognized and subscribed before me by Jorge A. Clivillés Díaz as Fiscal Agent of the Government Development Bank for Puerto Rico, of legal age, married and resident of San Juan, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on February, 4, 2014.

_____
Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982