# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

**ORDER GRANTING THE DRA PARTIES'
MOTION FOR RELIEF FROM THE AUTOMATIC STAY, OR IN THE
ALTERNATIVE, ORDERING PAYMENT OF ADEQUATE PROTECTION**

Upon consideration of the *The DRA Parties' Motion and Memorandum of Law in Support of their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* (the "Motion")[2] filed by AmeriNational Community Services, LLC, as

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

[2] Capitalized terms not defined in this Order shall have meaning ascribed to them in the Motion.

servicer for the GDB Debt Recovery Authority, and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (collectively, the "DRA Parties"), seeking relief from the automatic stay under 11 U.S.C. § 362(d)(1) and/or (d)(2) so that the DRA Parties may initiate, continue and/or conclude any and all foreclosure proceedings over their collateral and/or the exercise of any applicable contractual and legal remedies under the applicable debt documents[; or, in the alternative, for the entry of an order requiring the Debtors to provide adequate protection to the DRA Parties on account of the diminution in value of their collateral;] [or, to the extent the Court does not grant the DRA Parties' request for adequate protection, that the Court provide the DRA Parties with an allowed administrative expense claim under 11 U.S.C. § 503(b).

The Court having reviewed the Motion and the relief requested; having jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); the Court determining that venue of this proceeding and the Motion in this District is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); notice of the Motion being adequate and proper under the circumstances; having considered the arguments and positions made on the hearing on the Motion; and after due deliberation and sufficient cause appearing; therefore, it is hereby ORDERED that:

1. The Motion is GRANTED as set forth herein:

    a. The automatic stay shall be immediately and indefeasibly lifted in favor of the DRA Parties under 11 U.S.C. § 362(d)(1) and (d)(2); [or]

    b. [The Commonwealth and HTA are hereby ORDERED to provide the DRA Parties with adequate protection in the form of current interest payment under the rate and terms set forth under the HTA loans and 1998 bonds owned by the DRA pursuant to 11 U.S.C. § 361 and 48 U.S.C.S. § 2161(a), which payments shall commence immediately upon the issuance of this Order and continue to

be paid monthly under the terms of the HTA loans and bonds during the pendency of each Title case]; [or]

c. [The DRA Parties are hereby GRANTED an administrative expense claim under 11 U.S.C. § 503(b) against the Commonwealth and HTA in an amount equal to the revenues that each debtor has used to pay their general/operational expenses.]

2. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____

_____
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE