# **EXHIBIT B**

**Proposed PREPA Stipulation (Blackline)**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------- x
                                                                    :
In re:                                                              :
                                                                    :
THE FINANCIAL OVERSIGHT AND                                         :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                   :  Title III
                                                                    :
    as representative of                                         :  Case No. 17-BK-3283 (LTS)
                                                                    :
THE COMMONWEALTH OF PUERTO RICO *et al.,*                           :  (Jointly Administered)
                                                                    :
    Debtors.¹                                                     :
------------------------------------------------------------------- x
                                                                    :
In re:                                                              :
                                                                    :
THE FINANCIAL OVERSIGHT AND                                         :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                   :  Title III
                                                                    :
    as representative of                                         :  Case No. 17-BK-4780 (LTS)
                                                                    :
PUERTO RICO ELECTRIC POWER AUTHORITY                                :  **This filing relates only to**
                                                                    :  **Case No. 17-BK-4780 (LTS)**
                                                                    :
    Debtor.                                                       :
------------------------------------------------------------------- x

**STIPULATION AND AGREED ORDER BETWEEN SPECIAL CLAIMS COMMITTEE OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS RELATED TO JOINT PROSECUTION OF CAUSES OF ACTION OF PUERTO RICO ELECTRIC POWER AUTHORITY**

---

¹ The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

This stipulation and consent order (the "Stipulation") is made and entered into between the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico (the "Special Claims Committee")[2] and the Official Committee of Unsecured Creditors of All Title III Debtors (other than COFINA) (the "Committee" and, together with the Special Claims Committee, the "Parties"). The Parties hereby stipulate and agree as follows:

### RECITALS

WHEREAS, on August 20, 2018, Kobre & Kim LLP, the investigator retained by the Special Investigation Committee of the Financial Oversight and Management Board for Puerto Rico, issued its Final Investigative Report (the "Final Report");

WHEREAS, on August 28, 2018, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") executed a unanimous written consent appointing the Special Claims Committee to pursue certain claims resulting from the findings in the Final Report, and, on November 28, 2018, the Special Claims Committee retained Brown Rudnick LLP;

WHEREAS, on March 25, 2019, the Committee filed its motion [Docket No. 5997] (the "Procedures Motion") seeking, among other things, to establish procedures with respect to the disclosure of certain causes of actions to be asserted by the Oversight Board on behalf of the Debtors and to establish a procedure for the potential appointment of a trustee pursuant to Section 926 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, on March 29, 2019, the Court entered an order [Docket No. 6086] (the "Procedures Order") granting the Procedures Motion;

---

[2] The causes of action that are the subject of this Stipulation are to be prosecuted (with the Committee) by counsel to the Special Claims Committee. The members of the Special Claims Committee are Andrew Biggs, Arthur J. González, Ana J. Matosantos, and David A. Skeel.

WHEREAS, under the Procedures Order, the Court, among other things, required the Oversight Board and the Special Claims Committee to disclose to the Committee by April 5, 2019 a preliminary list of potential causes of action that the Oversight Board or the Special Claims Committee would, in the absence of appropriate tolling agreements, intend to pursue on behalf of the Commonwealth, directed the parties to meet and confer regarding the contents of such preliminary list and anticipated allocation of litigation responsibilities, and required the disclosure to the Committee by April 10, 2019[3] of the final list of potential defendants against which the Oversight Board or the Special Claims Committee will pursue causes of action related to the Commonwealth or from which they will obtain tolling agreements;

WHEREAS, following the disclosure of the Oversight Board's and Special Committee's preliminary list on April 5, 2019, the Parties have met and conferred to discuss, among other things, the Debtors' potential causes of actions against certain parties and the allocation of litigation responsibilities;

WHEREAS, the Parties, together with the Oversight Board, entered into a Stipulation with respect to causes of action belonging to the Commonwealth, which Stipulation was "so ordered" by the Court on April 26, 2019 (the "Commonwealth Stipulation");

WHEREAS, the Parties, together with the Oversight Board, also entered into a Stipulation with respect to causes of action belonging to ERS and HTA, which Stipulation was "so ordered" by the Court on May 16, 2019 (the "HTA/ERS Stipulation");

WHEREAS, on May 3, 2019, the Oversight Board, PREPA, AAFAF, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and holders of certain of PREPA's uninsured bonds issued and outstanding pursuant to that certain Trust Agreement, dated as of January 1, 1974, as

---

[3] The April 10 deadline was subsequently extended, by agreement among the Parties, to April 12, 2019 at noon (AST). *See* Docket No. 6172.

amended and supplemented, between PREPA and U.S. Bank National Association ("Bonds"), entered into a Definitive Restructuring Support Agreement (the "RSA");

WHEREAS, Oversight Board has taken the position that the Lien Challenge (as defined in the RSA) should not be jointly prosecuted by the Committee with the Oversight Board and/or the members of the Special Claims Committee, but rather by the Oversight Board alone; and

WHEREAS, on June 17, 2019, the Committee filed a motion (the "Section 926 Motion") seeking entry of an order appointing the Committee as trustee for PREPA under section 926(a) of the Bankruptcy Code to pursue the Lien Challenge against any potential defendants that has not entered into a tolling agreement that includes the Committee as a party; and

WHEREAS, the Parties have agreed to a framework to pursue potential causes of action of PREPA, other ~~than~~all causes of action related to the Bonds (as defined in the RSA), including any Lien Challenges, modeled upon the Commonwealth Stipulation and HTA/ERS Stipulation, but without prejudice to the relief sought by the Committee in the Section 926 Motion (as further detailed in the Section 926 Motion).

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, AND UPON THE COURT'S APPROVAL, IT SHALL BE ORDERED AND BINDING ON ALL PARTIES IN INTEREST, SUBJECT TO THE TERMS HEREOF, AS FOLLOWS:

## STIPULATION

### Effectiveness

1.    This Stipulation is effective as of the date this Stipulation is entered on the docket as "so ordered" by the Court. Pending approval of this Stipulation by the Court, each of the Parties agrees it is and will be bound by this Stipulation and waives any right to object to its approval by the Court. In the event that this Stipulation is not approved by the Court, it will be

null and void and have no further force or effect whatsoever except as may be otherwise agreed in writing by the Parties.

### Appointment of (a) Members of the Special Claims Committee and (b) Committee as Co-Trustees and Co-Plaintiffs

2. The Special Claims Committee and the Committee, working jointly, are identifying claims or causes of action of PREPA, other than all causes of action related to the Bonds, including the Lien Challenges (which are subject to the Section 926 Motion),[4] which, subject to obtaining certain Tolling Agreements (as defined below), shall be asserted against certain entities (each so identified entity, a "Potential Defendant"), and have resolved to work jointly on the prosecution of such claims or causes of action (all as further provided herein). The schedules of so identified claims or causes of actions and so identified Potential Defendants are referred to herein as the "Schedules." Upon entry of the Stipulation by the Court, the Court finds that the claims or causes of action identified on the Schedules have been described in sufficient detail on the record at the hearing to consider the approval of this Stipulation (the "Hearing").

3. In connection with the prosecution of such claims or causes of action, the Special Claims Committee has determined to consent to the appointment, solely to the extent provided in this Stipulation, of the members of the Special Claims Committee (subject to revocation or substitution thereof by the Oversight Board at any time), on the one hand, and the Committee, on the other hand, as co-trustees and co-plaintiffs with respect to the Co-Plaintiff Adversary Proceedings (as defined below). With respect to such appointment, sections 105(a), 503(b)(3)(B), 1103(c), and 1109(b) of the Bankruptcy Code permit the Special Claims Committee to consensually grant standing to the Committee, when necessary and beneficial to do

---

[4] For the avoidance of doubt, any claims or causes of action belonging to the Debtors other than PREPA, *i.e.*, the Commonwealth, ERS, HTA, and COFINA, are expressly excluded from this Stipulation. In addition, all causes of action related to the Bonds, including any Lien Challenges, are expressly excluded from this Stipulation. Moreover, nothing in this Stipulation addresses any claims by PREPA against any other Debtor entity or any non-Debtor governmental entity of the Commonwealth.

5

so. *See Commodore International, Ltd. v. Gould (In re Commodore International, Ltd.)*, 262 F.3d 96 (2d Cir. 2001) (setting forth test for consensual grant of derivative standing).[5] In addition, under section 926 of the Bankruptcy Code, the Court may appoint a trustee to pursue certain causes of action for the benefit of PREPA. The Parties agree and, upon entry of the Stipulation by the Court, the Court finds that (a) approval of the framework set forth in this Stipulation and the appointment of co-trustees is necessary and appropriate to carry out the provisions of Title III of PREPA's case and (b) the conferral of co-plaintiff status on the Committee with respect to the Co-Plaintiff Adversary Proceedings, in each case to the extent set forth in this Stipulation, is (i) in the best interests of PREPA and its property and (ii) necessary and beneficial to the efficient resolution of the case. Moreover, the Court finds, upon entry of this Stipulation, that, for the reasons stated on the record at the Hearing, there is good cause for entry of this Stipulation. Accordingly, upon entry of this Stipulation by the Court, the Court appoints the members of the Special Claims Committee, on the one hand, and the Committee, on the other hand, as co-trustees and co-plaintiffs with respect to the Co-Plaintiff Adversary Proceedings. Solely to the extent, if any, that section 305 of PROMESA serves as a limitation on judicial power over the authority delegated to the Committee (subject to the terms of this Stipulation), the Oversight Board hereby consents. The rights of the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to move to dismiss any Co-Plaintiff Adversary Proceeding authorized to be brought under this Stipulation on the grounds that the claims asserted in such Co-Plaintiff Adversary Proceeding are inconsistent with Section 303 of

---

[5] *See generally Official Committee of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548 (3d Cir. 2003) (court may authorize creditors' committee to recover property for the benefit of the debtor's estate); *accord In re Sunset Hollow Properties, LLC*, 359 B.R. 366, 383 (Bankr. D. Mass. 2007) (approving of "standing derived from the [] debtor passed on to its Creditors' Committee" and citing with approval *Commodore Int'l Ltd. v. Gould et al, (In re Commodore Int'l Ltd.)*, 262 F.3d 96, 98 (2d Cir. 2001) ("a debtor in possession may stipulate to representation by an unsecured creditors' committee 'so long as the bankruptcy court exercises its judicial oversight and verifies that the litigation is indeed necessary and beneficial.'")).

PROMESA are preserved. Any plaintiff or trustee reserves all rights to oppose any such motion, including on the grounds that such cause of action falls within the powers of the Oversight Board to pursue, and the Court shall adjudicate any such motion as if the Oversight Board were the party prosecuting such Co-Plaintiff Adversary Proceeding, regardless of whether the Oversight Board is the plaintiff to that particular Co-Plaintiff Adversary Proceeding. For the avoidance of doubt, the members of the Special Claims Committee shall be appointed as co-trustees or co-plaintiffs with respect to Co-Plaintiff Adversary Proceedings to the extent they remain members of the Oversight Board and their appointment as co-trustees or co-plaintiffs is not revoked in any manner; *provided, however*, that the Oversight Board may replace any member of the Special Claims Committee who is appointed as co-trustee or co-plaintiff under this Stipulation with another member of the Oversight Board.

### Pursuit of Causes of Action Against Potential Defendants

4. Subject to paragraph 14 below, the Special Claims Committee shall either (a) obtain tolling agreements from Potential Defendants or entry of Court-ordered stipulations with respect to Potential Defendants (such agreements or stipulations, collectively, the "Tolling Agreements" and each, a "Tolling Agreement") tolling the applicable statutes of limitations (the "Statutes of Limitations") on or before the expiration of the applicable Statute of Limitations, or (b) to the extent a Tolling Agreement cannot be obtained from a Potential Defendant before the expiration of the Statutes of Limitations, commence an adversary proceeding or lawsuit against such Potential Defendant (such proceedings, the "Initial Adversary Proceedings"). In the event that a Potential Defendant enters into a Tolling Agreement which is not a court-approved stipulation, the Parties shall maintain the identity of any and all Potential Defendants in the strictest of confidence pending the filing of an Initial Adversary Proceeding, a Subsequent

Adversary Proceeding or a motion under paragraph 10 or 11 hereof, unless otherwise compelled to disclose such information by an order of this Court upon notice and a hearing.

5. For the avoidance of doubt, in the absence of an applicable Tolling Agreement with respect to any Potential Defendant, an Initial Adversary Proceeding against such Potential Defendant shall be commenced on or before July 1, 2019.

6. The Committee shall be a party to any Tolling Agreement entered into by the the Special Claims Committee or PREPA with any Potential Defendant; *provided, however*, that the Special Claims Committee may extend any Tolling Agreement subject to the Committee's right to seek relief from the Court in accordance with paragraph 11 hereof.

7. The Committee shall be a co-trustee and co-plaintiff to all Initial Adversary Proceedings and all subsequent adversary proceedings or lawsuits (such proceedings, the "Subsequent Adversary Proceedings" and, together with the Initial Adversary Proceedings, the "Co-Plaintiff Adversary Proceedings") commenced by the Special Claims Committee against a Potential Defendant after expiration or termination of the Tolling Agreement with respect to such Potential Defendant. All co-plaintiffs or co-trustees to any Co-Plaintiff Adversary Proceeding agree to avoid any unnecessary or unreasonable duplication of effort with respect to any incurrence of fees in connection with an adversary proceeding commenced under this Stipulation, as required by section 316 of PROMESA, and nothing contained herein limits the Fee Examiner's ability to require that professionals prepare and submit with their fee applications detailed staffing plans outlining the affirmative steps taken to eliminate charges for duplicative services.

8. In the event that the Special Claims Committee or the Committee believes the other co-plaintiff is not prosecuting a Co-Plaintiff Adversary Proceeding in an adequate and

8

timely fashion, the Special Claims Committee or the Committee, as applicable, may seek, by motion to this Court, upon notice and a hearing, to be appointed as sole plaintiff in such Co-Plaintiff Adversary Proceeding, and such party shall so be appointed upon a finding of good cause by this Court, which finding shall include a finding that section 926 of the Bankruptcy Code and/or any derivative standing requirements have been satisfied. The Special Claims Committee and the Committee, as the applicable co-plaintiff in such Co-Plaintiff Adversary Proceeding, reserve the right to oppose such motion by the other co-plaintiff on the basis that good cause does not exist or on such other basis as they deem appropriate.

9. As soon as reasonably practicable, but in no event later than four (4) business days prior to the commencement of a Co-Plaintiff Adversary Proceeding, the Special Claims Committee shall provide the Committee with a draft complaint (or, in the case of avoidance actions against vendors, a form of draft complaint), that the Special Claims Committee intends to file in such Co-Plaintiff Adversary Proceeding.

10. The Special Claims Committee shall notify the Committee no less than 30 days prior to the expiration of a Tolling Agreement if it has determined not to commence an adversary proceeding or lawsuit against the Potential Defendant party to such Tolling Agreement. In such event, the Committee may request, by motion to this Court, upon notice and a hearing, to be appointed as sole plaintiff to pursue claims or causes of action against such Potential Defendant, and the Committee shall be so appointed upon a finding of good cause by this Court, which finding shall include a finding that section 926 of the Bankruptcy Code and/or any derivative standing requirements have been satisfied. The Special Claims Committee reserves the right to oppose such motion on the basis that good cause does not exist or on such other basis as they deem appropriate.

11. In addition, the Committee may seek, by motion to this Court, upon notice and a hearing, to terminate prior to the applicable expiration date, or to preclude the extension of, any Tolling Agreement with a Potential Defendant for good cause in order to be appointed as sole plaintiff to pursue claims or causes of action against such Potential Defendant, and, upon a finding of good cause by the Court, the Committee shall be so appointed, which finding shall include a finding that section 926 of the Bankruptcy Code and/or any derivative standing requirements have been satisfied. The Special Claims Committee reserves the right to oppose such motion on the basis that good cause does not exist or on such other basis as they deem appropriate.

12. Without in any way limiting or expanding the Committee's rights under section 1103 of the Bankruptcy Code or the Oversight Board's rights under section 312 of PROMESA, each Party shall include, to the extent reasonably practicable, the other co-plaintiff in any settlement discussions, mediation, or other dispute resolution with respect to issues solely raised by any Co-Plaintiff Adversary Proceeding. To the extent that resolution of such Co-Plaintiff Adversary Proceeding is part of a plan of adjustment and the mediation thereof, the Special Claims Committee shall inform the Committee that resolution thereof is encompassed in such plan of adjustment, but the Committee shall not be entitled to participate in any such discussions or mediation, unless (i) invited by the Oversight Board, (ii) directed by the mediation team, or (iii) ordered by the Court upon notice and a hearing; *provided, however*, that the Special Claims Committee shall timely advise the Committee that any such discussions or mediation will commence. Without limiting any of the foregoing, to the extent reasonably practicable, each Party shall be provided copies of any written settlement proposals received or made by the other Party in connection with such negotiations, unless otherwise part of a plan of adjustment or the

mediation thereof (unless ordered by the Court upon notice and a hearing). Without limiting any of the foregoing, for the avoidance of doubt, the Special Claims Committee will consult, to the extent reasonably practicable, with the Committee in good faith regarding any potential settlement of any claim to which the Co-Plaintiff Adversary Proceeding relates. If the Parties do not agree on a proposed settlement, the Committee reserves any and all rights under applicable law to object or otherwise respond to any settlement proposed by the Special Claims Committee, which this Court will consider for approval pursuant to Bankruptcy Rule 9019 (whether in connection with a plan of adjustment or otherwise). The Committee shall not have a veto over a proposed settlement of a Co-Plaintiff Adversary Proceeding as a result of the Committee's appointment as either co-trustee or co-plaintiff in such Co-Plaintiff Adversary Proceeding. Notwithstanding the foregoing, Chief Judge Barbara Houser, the Mediation Team Leader, retains authority over the Title III mediation process, including to determine which parties may attend mediation sessions and what disputes will be mediated.

13. Either co-plaintiff may require that claims or causes of action of their choosing be included in the joint complaint over the objection of the other co-plaintiff; *provided, however*, that the other co-plaintiff is free not to join in any such claims or causes of action that the first co-plaintiff determines to include in the joint complaint, in which case, the joint complaint shall identify such claims or causes of action and the identity of the co-plaintiff that does not join therein.[6] Similarly, each co-plaintiff is free not to join in a responsive pleading or portion thereof, provided that the responsive pleading shall identify which portions are not joined by a co-plaintiff and the identify of such co-plaintiff. The co-plaintiffs shall work together, in good faith, to avoid, to the extent possible, duplication of effort in the discovery and trial phase of any

---

[6] By way of example, in the case of the Oversight Board's and Committee's joint omnibus objection to certain GO bond claims [Docket No. 4784], the Oversight Board did not join certain arguments raised by the Committee in support of the claims objection, as noted in footnote 18 thereto.

11

and all Co-Plaintiff Adversary Proceedings.  Notwithstanding the foregoing, the Special Claims Committee shall have the right and the ability to compromise and settle any claims and causes of action in which they did not join, provided that the Committee reserves any and all rights under applicable law to object or otherwise respond to any settlement proposed by the Special Claims Committee, which this Court will consider for approval pursuant to Bankruptcy Rule 9019 (whether in connection with a plan of adjustment or otherwise).

14. If the Special Claims Committee enters into a Tolling Agreement with a Potential Defendant, such Tolling Agreement shall cover all claims that are subject to section 546(a) or section 108(a) of the Bankruptcy Code.

15. All Co-Plaintiff Adversary Proceedings may be commenced in any court of competent jurisdiction.

16. The Committee, to the extent it is appointed as a trustee, and the members of the Special Claims Committee, to the extent they remain members of the Oversight Board and their appointment as co-trustees or co-plaintiffs is not revoked or substituted in any manner, shall have the benefit of any and all indemnities and immunities available to a trustee under the Bankruptcy Code and PROMESA.  For the avoidance of doubt, the protections in section 105 of PROMESA shall apply to the Committee, the members of the Special Claims Committee, and their respective professionals and employees with respect to all actions of the Committee or the members of the Special Claims Committee, as applicable, taken in good faith to carry out their duties under this Stipulation.

## Miscellaneous Provisions

17. The Committee agrees that, upon Court approval of this Stipulation, it will waive its right to file a motion under section 926(a) of the Bankruptcy Code (other than the Section 926

12

Motion) with respect to claims or causes of action of PREPA, except with respect to claims or causes of action that are subject to tolling agreements or Court-ordered tolling stipulations other than Tolling Agreements with the Potential Defendants.

18. This Stipulation is for the sole benefit of the Parties (except to the extent a provision of the Stipulation provides a benefit to AAFAF) and nothing expressed or implied in this Stipulation shall give or be construed to give any person or organization other than the Parties a beneficial interest in any legal or equitable rights under this Stipulation (except to the extent a provision of the Stipulation provides a benefit to AAFAF).

19. The Parties each represent and warrant that the undersigned is fully authorized and empowered to enter into this Stipulation on behalf of, and to bind, each Party as applicable, subject to the Court's approval. This Stipulation shall constitute the entire agreement between the Parties regarding the matters addressed herein. No extrinsic or parole evidence may be used to vary any of the terms herein. All representations, warranties, inducements, and/or statements of intention made by the Parties are embodied in this Stipulation, and no Party relied upon, shall be bound by, or shall be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Stipulation.

20. The Parties each declare that their respective decisions in executing this Stipulation are not predicated on or influenced by any declaration or representation of the other Party, except as otherwise expressly provided herein. The Parties agree that they have carefully read this Stipulation, and that they understand all of its terms and conditions, know its contents, and have signed below as their respective free and voluntary acts.

21. No modification, amendment or waiver of any of the terms or provisions of this Stipulation shall bind any Party unless such modification, amendment or waiver is in writing, has

been executed by a duly authorized representative of the Party against whom such modification, amendment or waiver is sought to be enforced, and thereafter approved by the Court.

22. This Stipulation may be executed in one or more counterparts and by facsimile or electronic copy, all of which shall be considered effective as an original signature.

23. The Parties acknowledge that this Stipulation is the joint work product of all Parties and that, accordingly, in the event of ambiguities in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

24. This Stipulation contains the entire agreement by and among the Parties, and all prior understandings or agreements with respect thereto, if any, are merged into this Stipulation.

25. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and the laws of the State of New York, without regard to the conflict of laws principles thereof. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, agents, attorneys and representatives.

26. The Court shall retain exclusive jurisdiction to enforce this Stipulation and over any and all disputes arising out of or otherwise relating to this Stipulation.

27. This Stipulation is without prejudice to any argument, defense, or claim that any defendant in a particular Co-Plaintiff Adversary Proceeding or any insurer of bonds subject to such Co-Plaintiff Adversary Proceeding may raise in such proceeding and that such defendant or insurer would be able to assert in such proceeding in the absence of this Stipulation, including any defense based on the Committee's lack of standing, derivative or otherwise.

[*SIGNATURE PAGES FOLLOW*]

IT IS SO STIPULATED.

DATED: June ~~20,~~25, 2019

Respectfully Submitted

By:   */s/ Luc A. Despins*_____

**PAUL HASTINGS LLP**
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By:   */s/ Juan J. Casillas*_____

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Alberto J. E. Añeses Negrón, Esq. (USDC - PR 302710)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
aaneses@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

15

By:   */s/ Sunni P. Beville*

BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Special Claims Committee*

And

ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee*

16

SO ORDERED.

Dated: June ___, 2019

                                                                                                                    _____

                                                                                                                    Laura Taylor Swain
United States District Judge