# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | Case No. 17-BK-4780-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Movant,<br><br>v. | **This Court Filing Relates Only to PREPA and Shall Only Be Filed in the Lead Case (Case No. 17-BK-3283-LTS) and PREPA's Title III Case (Case No. 17-BK-4780-LTS)** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| |
|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>    Respondent. |

**URGENT MOTION OF
FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO
RICO AND PUERTO RICO FISCAL AGENCY AND FINANCIAL
ADVISORY AUTHORITY TO APPROVE STIPULATION APPOINTING
THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY
<u>AUTHORITY AS CO-TRUSTEE IN CONNECTION WITH LIEN CHALLENGE</u>**

To the Honorable United States District Judge Laura Taylor Swain:

    The Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), as the representative of the Puerto Rico Electric Power Authority ("<u>PREPA</u>" or the "<u>Debtor</u>") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("<u>PROMESA</u>"),[2] and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("<u>AAFAF</u>" and, together with the Oversight Board, the "<u>Movants</u>"), as the entity authorized to act on behalf of any Government body[3] pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, respectfully submit this joint urgent motion ("<u>Motion</u>")[4] seeking entry of a proposed stipulation, attached hereto as **Exhibit A** ("<u>Proposed Stipulation and Order</u>"),[5] between AAFAF and the Oversight Board appointing AAFAF (as

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[3] AAFAF's Enabling Act provides it with power to represent and oversee all entities comprising the Government of Puerto Rico, including "public corporations." *See* Act No. 2-2017 (as amended and supplemented, the "<u>AAFAF Enabling Act</u>"), § 3(d).

[4] Pursuant to Local Rule 9013(a)(1), Movants certify that they have concluded there is a true need for urgent relief after carefully examining the matter, that they have not created the urgency by a lack of due diligence, and that they have made a *bona fide* effort to resolve the matter without a hearing.

[5] The Proposed Stipulation and Order is the same as the stipulation and order filed as Exhibit A to the Opposition.

2

representative of PREPA) co-plaintiff/trustee in connection with the prosecution of the Lien Challenge.[6] In support of their Motion, Movants respectfully aver as follows:

## PRELIMINARY STATEMENT

1. The Oversight Board recognizes the concerns related to the "*Aurelius*/*UTIER* risk," expressed by the UCC in its motion to appoint itself section 926 trustee. *See* ECF 7536 ("UCC Trustee Motion"). As such, Movants have not and do not contest the need for a co-plaintiff/trustee, but request that the Court appoint the right trustee. If the Oversight Board loses power to function as the Oversight Board while the Supreme Court considers the *certiorari* petitions, the survival of the UCC also becomes uncertain because the only representative of the Title III debtor is the Oversight Board and absent the Oversight Board, there is significant uncertainty as to the status of the UCC. The UCC is also not a proper trustee here because its interests as relate to the Lien Challenge are inconsistent with those of the Movants in light of the RSA and the UCC's opposition to the RSA. Movants' proposed solution—appointing AAFAF co-trustee with respect to the Lien Challenge—provides the best of all worlds: it preserves all causes of action from both the *Aurelius* risk and the risk the statute of limitations will expire, while making sure to avoid creating tensions with the RSA (if the RSA is approved by the Court). Indeed, the very fact the UCC continues to press the UCC Trustee Motion even after it is clear the concerns it raised have been addressed by Movants implies that the UCC's real intentions are to use the UCC Trustee Motion as a "Trojan horse" to sink the RSA.

2. AAFAF is preferable in every way to the UCC as co-trustee. AAFAF's interests are aligned with the Oversight Board's with respect to the Lien Challenge and AAFAF's appointment will not violate the RSA in any circumstances. And the UCC's attempt to create doubt with respect

---

[6] As defined in the Definitive Restructuring Support Agreement, dated as of May 3, 2019 (as amended or supplemented, the "RSA")

3

to AAFAF's ability to be a trustee is nothing more than a baseless red herring and an attempt to cast doubt on a better solution. Movants respectfully submit the Court should (i) refuse to appoint the UCC as trustee, and (ii) grant this Motion and enter the Proposed Stipulation and Order appointing AAFAF co-plaintiff/trustee.

## BACKGROUND

3. On June 17, 2019, the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "UCC"), along with PREPA creditor Tradewinds Energy Barceloneta, LLC, filed the UCC Trustee Motion, seeking to appoint itself trustee under section 926(a). *See* ECF No. 7484.

4. On June 21, 2019, the following parties filed objections and/or responses in connection with the UCC Trustee Motion: (a) the Oversight Board [ECF No. 7536] (the "Opposition"), (b) AAFAF [ECF No. 7538], (c) National Public Finance Guarantee Corporation [ECF No. 7543], (d) Assured Guaranty Corp. and Assured Guaranty Municipal Corp. [ECF No. 7547], (e) the Ad Hoc Group of PREPA Bondholders [ECF No. 7551], and (f) Syncora Guarantee, Inc. [ECF No. 7552]. In addition to these objections, PREPA's fuel line lenders filed a statement [ECF No. 7537] joining the UCC Trustee Motion.

5. On June 25, 2019, the UCC filed a reply in support of the UCC Trustee Motion. *See* ECF No. 7636 ("UCC Reply").

6. In the evening of June 25, 2019, the Court entered an order directing the Oversight Board to file a motion seeking to appoint AAFAF as co-trustee with respect to the Lien Challenge by 5:00 p.m. on June 26, 2019. *See* ECF No. 7654 ("Order"). Movants submit this Motion to comply with that Order.

## MOTION AND BASIS FOR RELIEF

7. In the Opposition to the UCC Trustee Motion, the Oversight Board recognized the

4

concerns raised by the UCC and agreed that the prudent action is to have a co-plaintiff/trustee alongside the Oversight Board in any Lien Challenge that the Oversight Board intends to bring, to mitigate the "*Aurelius*/*UTIER* risk." Pursuant to the Order directing the Oversight Board to file a motion seeking the appointment of AAFAF as co-trustee, Movants now jointly move for entry of the Proposed Stipulation and Order appointing AAFAF as co-plaintiff/trustee with respect to the Lien Challenge.

8. As recognized by Movants (as well as the UCC), the risk presented by the *Aurelius* decision,[7] along with the imminent expiration of the statute of limitations under Bankruptcy Code section 546(a) in PREPA's Title III case (to the extent applicable to the Lien Challenge), provide ample justification for the Oversight Board and AAFAF to enter into the Proposed Stipulation and Order appointing AAFAF (as representative of PREPA) co-trustee with respect to the Lien Challenge, and for the Court to enter the Proposed Stipulation and Order.

9. The Court has ample authority to grant the Motion and enter the Proposed Stipulation and Order. First, Movants can invoke Bankruptcy Code section 926(a) to request the appointment of AAFAF as co-trustee. Bankruptcy Code section 926(a) provides that "[i]f the debtor refuses to pursue a cause of action under section 544, 545, 547, 548, 549(a), or 550 of this title, then on request of a creditor, the court may appoint a trustee to pursue such cause of action."

10. Notably, there has been "a request of a creditor" to appoint a section 926 trustee— Tradewinds Energy Barceloneta, LLC joined the UCC's motion to appoint a trustee under section 926(a). And as recognized in the UCC Trustee Motion, "the court is given unfettered discretion in determining whom to appoint as a trustee." UCC Trustee Motion at ¶ 18. That a creditor (along with the UCC) brought the UCC Trustee Motion does not give that creditor (or the UCC) power under

---

[7] *Aurelius Inv., LLC v. Puerto Rico*, 915 F.3d 838 (1st Cir. 2019), *reh'g denied*, Order of Court, No. 18-1671 (1st Cir. Mar. 7, 2019).

PROMESA or any other statute to direct who the trustee should be. Thus, by the UCC's own standards, the Court can consider this Motion under section 926(a) and appoint AAFAF co-trustee under section 926.

11. Moreover, while the UCC Trustee Motion is undermined by the fact the Oversight Board has not "refused" to bring the Lien Challenge, in connection with **this** Motion the Oversight Board's decision to share its responsibility with AAFAF amounts to the requisite refusal under section 926(a), as this Court has already held once before.[8] *See* Apr. 24, 2019 Hr'g Tr. at 236:21-237:2 ("Second, these unique circumstances present a situation where the Oversight Board has decided to share its responsibility to prosecute certain claims, and it has, therefore, effectively refused to pursue the causes of action to the extent that it has sought, by means of the motion, to have the Committee share responsibility for prosecution of the causes of action."). The UCC attempts to manufacture refusal in connection with the UCC Trustee Motion by the selective quotation of ambiguous statements in other briefs (*see* UCC Reply at ¶ 14), or by misquoting the statement excerpted above from the April 24, 2019 hearing (UCC Reply at ¶ 16), but does not succeed. **Only** so far as it relates to the appointment of AAFAF as co-trustee has the Oversight Board made the requisite refusal under section 926(a).

12. Second, Movants can and hereby do bring this Motion under section 926(a) as a creditor. Specifically, AAFAF is representative of a number of governmental entities with prepetition claims against PREPA. For example, AAFAF moves as part of this Motion as representative of the Puerto Rico Aqueduct and Sewer Authority ("PRASA"), a public corporation and governmental instrumentality of the Commonwealth of Puerto Rico that, among other entities, is a creditor of

---

[8] The Oversight Board reiterates the statement made in its Opposition that it has not refused to bring the Lien Challenge as far as it pertains to the UCC Trustee Motion. Opp. at ¶ 10, n.5. In connection with this joint Motion, the requisite refusal is found in the Oversight Board's consent to appoint a co-trustee, and its desire to proceed jointly with AAFAF, not alone. In connection with the UCC Trustee Motion, there has been no such consent to have the UCC appointed co-trustee, and therefore there is no basis for their claims.

6

PREPA holding claims against PREPA, including pre-petition claims, for water usage, damages claims and other open accounts. *See* 11 U.S.C. § 101(10)(A) ("The term 'creditor' means . . . [an] entity that has a claim against the debtor that arose at the time of or before the order for relief."). Movants therefore independently satisfy the requirements of section 926(a).

13. <u>Third</u>, and independent of section 926(a), the Court has authority to designate AAFAF as a co-trustee with respect to the Lien Challenge based on the consensual nature of the appointment. See, *e.g., Commodore International, Ltd. v. Gould (In re Commodore International, Ltd.)*, 262 F.3d 96, 100 (2d Cir. 2001) (stating consensual derivative standing can be approved where "necessary and beneficial" for the bankruptcy estate); *see also, e.g., In re Dzierzawski*, 518 B.R. 415, 425 (Bankr. E.D. Mich. 2014) (finding that consensual derivative standing principles would justify appointment of creditor due to trustee's consent); *see also* April 24, 2019 Hr'g Tr. at 237:15-19 (recognizing the Oversight Board could appoint co-trustee consensually).[9]

14. Notably, this Court has already approved substantially similar stipulations in these Title III cases. *See Stipulation and Agreed Order by and Among Financial Oversight and Management Board, its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* [Docket No. 6524]; *Stipulation and Agreed Order by and Among Financial Oversight and Management Board, its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Causes of Action of Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico* [Docket No. 6990]. The Proposed Stipulation and Order is in a form similar to these previous stipulations with the UCC for its appointment as co-trustee

---

[9] The UCC Reply's counterpoint is that derivative standing will suffer from the same *Aurelius/UTIER* risk as the Oversight Board proceeding alone. However, AAFAF's authority as co-plaintiff will not rest on the Oversight Board's authority alone, but rather on this Court's final order approving the Proposed Stipulation and Order. The Court's power to enter that order derives from Article III of the United States Constitution and is not subject to the *Aurelius/UTIER* risk.

to pursue avoidance actions, and should be approved here.

15. Moreover, as discussed in the Opposition, AAFAF is far preferable as a co-plaintiff/trustee than the UCC. Notably, AAFAF can serve as co-plaintiff/trustee without putting the Government Parties in a position that they will be in breach of the RSA if and when the Court approves the RSA. The RSA permits any "Government Parties" (to the extent they have standing) to bring the Lien Challenge. Granting AAFAF a co-trusteeship in connection with the Lien Challenge is thus necessary and beneficial, as it allows the Oversight Board and AAFAF to prosecute the Lien Challenge jointly, in line with the RSA, while still avoiding any potential negative consequences from the *Aurelius/UTIER* decision.

16. The UCC's Reply that appointing the UCC trustee would not breach the RSA as no 9019 Order has yet been entered misses the point. UCC Reply at ¶ 5. At best, if the Court does enter the 9019 Order then the UCC will have to be eliminated as plaintiff and replaced by another party (as far as the Lien Challenge may still be asserted against non-Supporting Holders). This would just create waste. In addition, at that point the Government Parties will be automatically in breach of the RSA. Why appoint the UCC as the sole[10] trustee to bring the Lien Challenge when there is a substantial chance (as recognized by the UCC itself, *see infra*) it will have to be removed in a couple of months, when AAFAF could be appointed as co-trustee consistently with the RSA and any future 9019 Order? The UCC offers no response to this question. The only result would be unnecessary and wasteful duplication of work if and when the 9019 Order is entered. Moreover, there is no advantage to having the UCC appointed trustee even if the 9019 motion is ultimately denied by this Court. In that circumstance, Movants would have every interest in prosecuting the Lien Challenge themselves, and the UCC's involvement would provide the Debtor with no benefit. As a result, the

---

[10] The UCC Trustee Motion seeks approval of an order making the UCC **sole** trustee, not co-trustee. If the 9019 Order was entered and the UCC removed as plaintiff, it is unclear how another party could be substituted in.

8

Court should grant the Motion (and not the UCC Trustee Motion) and appoint AAFAF co-plaintiff/trustee.

17. Moreover, AAFAF is preferable to the UCC because AAFAF's interests are aligned with the Oversight Board's with respect to the RSA and Lien Challenge: AAFAF has an interest in (i) preserving the RSA, which was signed by both the Oversight Board and AAFAF, (ii) fully prosecuting the Lien Challenge as far as it affects entities not party to the RSA, and (iii) prosecuting the Lien Challenge against all PREPA bondholders if the RSA is not approved. The UCC, on the other hand, only has an interest in sinking the RSA (which it has already announced it will oppose), whether it is approved by the Court or not. It is preferable to appoint AAFAF, a government entity with responsibilities under Puerto Rico law, to act as co-trustee with respect to the Lien Challenge, than the UCC, which is only required to act in the interests of one subset of PREPA's creditors, and the UCC's assertions to the contrary are simply mistaken.[11] Simply put, the UCC should not be given the authority to prosecute the Lien Challenge when a far better alternative is available.

18. Moreover, the UCC's assertions that AAFAF may not be able to serve as co-plaintiff/trustee because the AAFAF Enabling Act "does not give AAFAF any specific powers in respect of these Title III cases" is flat wrong. *See* UCC Reply at ¶¶ 6-8. During the course of these Title III cases, AAFAF has filed innumerable pleadings requesting hosts of different relief. Not once has the UCC questioned whether AAFAF has authority to do so under Puerto Rico law,[12] nor could they have. In fact, under Puerto Rico law, AAFAF has ample powers to act as co-trustee. Under

---

[11] UCC Reply at ¶ 10. The UCC tries to make the argument that the alignment of interest between AAFAF and the Oversight Board actually defeats the purpose of section 926(a), because that section requires "refusal" of the debtor. However, if that was true the UCC would not have been appointed as co-plaintiff/trustee in the other Title III cases where the UCC's and the Oversight Board's interests where aligned (*e.g.* ERS, HTA).

[12] The UCC has previously challenged the AAFAF's standing to appear in the Title III cases under the Bankruptcy Code (not its authority to file pleadings under Puerto Rico law), but this argument was rejected by the Court. Case No. 17 BK 3283-LTS Hr'g Tr., Oct. 25, 2017 at 90:13–19 ("Why is it so dangerous for me to hear them? I am the one who will ultimately make the decisions, and they are in the room like a whole lot of other parties in interest who the First Circuit tells me I have to listen to if they invoke 109 [sic] and wink their eye at me. Why do I have to lock them up in the closet?").

9

paragraph 5(a) of the AAFAF Enabling Act, AAFAF is authorized to act "as fiscal agent, financial advisor, and reporting agent of all entities of the Government of Puerto Rico . . . [and] shall be the government entity responsible for the collaboration, communication, and cooperation between the Government of Puerto Rico and the Fiscal Oversight Board created under PROMESA." Act 2-2017 § 5(a). Furthermore, section 5(d) of the Enabling Act includes a non-exhaustive list of 14 separate actions AAFAF has authority to undertake, including the broad authority to "take any action or measure necessary or convenient to exercise the powers conferred by [the Enabling Act] or by any other law of the Legislative Assembly of Puerto Rico or of the United States Congress." *Id.* § 5(d)(xiv). AAFAF clearly has the requisite authority to act as co-plaintiff/trustee for PREPA.[13]

19. Indeed, AAFAF is unquestionably a legal entity with the power to sue and be sued (a power that has been used many times), and there is no further qualification set forth in the Bankruptcy Code for service as a trustee under section 926. Arguments that AAFAF somehow cannot serve as trustee should be rejected as baseless and were only made in an attempt to cast doubt on the solution proposed by the Oversight Board—not because there is any risk to the preservation of the causes of action.

20. Finally, the fact the UCC is reduced to arguing that AAFAF cannot serve as co-plaintiff/trustee because nothing in its enabling act explicitly states it can "act as trustee for a Puerto Rico instrumentality" (UCC Reply at ¶ 7) demonstrates the lack of merit to its argument. As a preliminary matter, it is simply wrong under Puerto Rico law: among other powers discussed above, the AAFAF Enabling Act section 8(f) also gives AAFAF the authority to "appoint a trustee to any entity of the Government of Puerto Rico"—including PREPA. But the UCC would be disqualified to serve as a trustee under its own standard, because (i) nothing in Bankruptcy Code section 1103,

---

[13] While the Oversight Board believes Title III preempts many of AAFAF's powers otherwise granted to the Oversight Board by PROMESA, here the Oversight Board is consenting and no clash of powers exists. AAFAF disagrees with the Oversight Board as to the scope of such preemption and preserves all rights with respect to this issue.

10

which sets forth the powers and duties of a committee, authorizes a statutory committee to act as a trustee (section 1103(c)(4) only provides the UCC with the power to request an appointment of trustee under Bankruptcy Code section 1104, which was not incorporated into PROMESA), and (ii) nothing in any law states the UCC can "act as trustee for a Puerto Rico instrumentality" either. The only entity that is given such a role is the Oversight Board (PROMESA § 301(c)(7)), and the only entity the Oversight Board is willing to share that authority with (in connection with the Lien Challenge) is AAFAF.[14]

21.   As a result, the Court should grant the Motion and enter the Proposed Stipulation and Order appointing AAFAF co-trustee with respect to the Lien Challenge.

## NOTICE

22.   Notice of this Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) AAFAF; (iv) the official committee of retirees; (v) the insurers of the bonds issued or guaranteed by the Debtors; (vi) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; and (vii) all parties that have filed a notice of appearance in the above-captioned Title III cases.

## NO PRIOR REQUEST

23.   No previous request for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank*]

---

[14] The Court under section 926(a) has a wide discretion and an independent authority to appoint any person/entity as a trustee and is not confined to any of these limitations.

## **CONCLUSION**

For the reasons stated herein, the Court should enter the Proposed Stipulation and Order appointing AAFAF as a co-trustee with respect to the Lien Challenge, and grant Movants such other and further relief as is just.

Dated: June 26, 2019
      San Juan, Puerto Rico

*/s/ Luis C. Marini-Biaggi*

Luis C. Marini-Biaggi USDC No. 222301
Carolina Velaz-Rivero USDC No. 300913
**MARINI PIETRANTONI MUÑIZ LLC** 250 Ponce de León Ave.
Suite 900 San Juan, Puerto Rico 00918 Phone: (787) 705-2171 Fax: (787) 936-7494
Email: lmarini@mpmlawpr.com
        cvelaz@mpmlawpr.com

-and-

*/s/ Nancy A. Mitchell*

John J. Rapisardi (*pro hac vice*)
Nancy N. Mitchell (*pro hac vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, New York 10036
Phone: (212) 326-2000
Fax: (212) 326-2061
Email: nmitchell@omm.com
        mdiconza@omm.com

-and-

Peter Friedman (*pro hac vice*)
1625 Eye Street, NW
Washington, DC 20006
Phone: (202) 383-5300
Fax: (202) 383-5414
Email: pfriedman@omm.com

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Margaret A. Dale
Gregg M. Mashberg
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative of the Debtors*

*/s/ Luis F. del Valle-Emmanuelli*

Luis F. del Valle-Emmanuelli
**LUIS F. DEL VALLE-EMMANUELLI**
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897

*Co-Attorney for the Financial Oversight and Management Board as Representative for the Debtors*