UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

                  Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER DENYING ELIEZER SANTANA BÁEZ'S
MOTION FOR RELIEF FROM AUTOMATIC STAY (DOCKET ENTRY NO. 7140)

Before the Court is the *Motion in Request That Paralyzation Be Lifted in the Case DDP2014-0673 and Others* (Docket Entry No. 7140 in Case No. 17-3283,[2] the "Motion"), filed by Eliezer Santana Báez (the "Movant"), who seeks relief from the automatic stay imposed by the filing of the above-captioned Title III case on a case captioned Eliezer Santana Báez and Henry Figueroa Ramos v. Estado Libre Asociado de Puerto Rico et al., Case No. D DP2014-0673 (the "Litigation"), which is currently pending before the Puerto Rico Court of First Instance

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

of Bayamón (the "Commonwealth Court"), as well as twelve other civil actions filed in the Puerto Rico Court of First Instance and the Puerto Rico Court of Appeals. For the following reasons, the Motion is denied because Movant has not demonstrated that "cause" exists to lift the automatic stay.

BACKGROUND

On September 14, 2014, Movant and Henry Figueroa Ramos commenced the Litigation against the Puerto Rico Department of Correction and Rehabilitation and certain correctional officers seeking (i) damages stemming from alleged torts and civil rights violations by the Commonwealth of Puerto Rico (the "Commonwealth"), and (ii) compensation in the amount of $150,000. (See *Objection of the Commonwealth of Puerto Rico to Motion in Request That Paralyzation Be Lifted in the Case DDP2014-0673 Filed by Eliezer Santana-Báez*, Docket Entry No. 7414, the "Objection," at ¶ 1.) Mr. Figueroa Ramos voluntarily withdrew his cause of action against the Commonwealth on January 13, 2016, and a judgment removing him from the Litigation was entered on February 3, 2016. (Id. ¶ 2.) On May 1, 2017, the Department of Justice Transactions Committee approved a proposed settlement of the Litigation providing for the payment of $1,200 to Movant in full satisfaction of his claims (the "Proposed Settlement"). (Id. ¶ 4.) Movant has not accepted the Proposed Settlement, and discovery in the Litigation remains pending. (Id.)

On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico commenced a proceeding on behalf of the Commonwealth under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). On May 24, 2017, the Commonwealth filed in the Litigation a *Notice of Automatic Stay of Proceedings Pursuant to*

*Commencement of Case Under Title III of PROMESA*, requesting that the Commonwealth Court take notice of the automatic stay applicable to the Litigation. (Id. ¶ 6.) The Commonwealth Court entered an order staying the Litigation on June 15, 2017. (Id.)

Movant filed the instant Motion on May 29, 2019, seeking relief from the automatic stay with respect to the Litigation as well as Case Nos. DDP2013-0166, DDP2014-0249, DDP2014-0664, DDP2016-0758, DDP2014-0337, DDP2016-0652, KLAN2017-0834, DDP2015-0218, KLAN2017-0777, DDP2017-0772, DDP2016-0480, and DDP2016-0591 (the "Additional Actions").³ (Mot. ¶ 8.) Movant argues generally that the continued application of the automatic stay to the Litigation has violated his constitutional and statutory rights. (Id.) He also asserts that the Litigation has been pending for several years and that it is nearly ready for trial. (Id. ¶ 3.) Movant contends that the continuation of the Litigation and the Additional Actions will not in any way affect the Commonwealth's restructuring proceedings given that Movant is not a bondholder and that the relief requested is only "thousands of dollars," a low amount in proportion to the monetary relief sought by bondholders in these Title III cases. (Id. ¶ 8.)

In its Objection, the Commonwealth argues that the Motion should be denied because Movant has failed to establish that "cause" exists to lift or modify the automatic stay. (Obj. ¶ 8.) The Commonwealth asserts that, as a potential prepetition, unsecured litigation claimant, Movant has failed to demonstrate the extraordinary circumstances necessary to show

---

³   The Additional Actions identified by Movant in the Motion are described more thoroughly in Exhibit A to the Objection. Although the Motion primarily addresses Movant's request for stay relief in connection with DDP2014-0673, his general request for relief covers thirteen different civil actions filed in various Commonwealth courts. (See Mot. ¶ 8.) The Court will consider Movant's request for relief from the automatic stay as inclusive of all actions identified in the Motion.

that his claims should be considered outside of the centralized claims resolution process that will proceed in connection with the Commonwealth's Title III case. (Id.) The Commonwealth relatedly argues that modification of the stay would allow Movant to receive preferential treatment of his unsecured claims while the Commonwealth's other prepetition, unsecured creditors are required to wait until a plan of adjustment is proposed for their claims to be considered. (Id.) The Commonwealth contends that it would be required to disburse funds to defend against the Litigation and the Additional Actions, which would interfere with its Title III case and overall restructuring by diverting funds from its recovery efforts. (Id. ¶ 8.)

The Court has carefully considered all of the submissions. For the following reasons, the Motion is denied.

## DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified in the Sonnax decision: a "lack of any connection with or interference with the bankruptcy case," "whether litigation in another forum would prejudice the interests of other creditors," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether the parties are ready for trial in the other

proceeding(s)," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Movant has failed to demonstrate that the Sonnax criteria weigh in his favor with respect to the continuation of the Litigation or the Additional Actions. Modification of the automatic stay would compel the Commonwealth to divert its limited resources to litigate Movant's numerous civil and appellate proceedings currently pending in the Commonwealth courts, put the Commonwealth in the position of having to make potentially disproportionate payments to an unsecured creditor, and disrupt the claims resolution process established by the Bankruptcy Code and incorporated into PROMESA by incentivizing other creditors to seek relief from the stay to obtain early, potentially disproportionate, payments. Movant's unsecured claims for monetary relief can instead be addressed through the centralized claims resolution process. Indeed, the preferential treatment of Movants' claims, even if smaller in amount than others filed in these proceedings, would prejudice the interests of other creditors by prioritizing Movant's claims and diverting the Commonwealth's resources at this stage of its restructuring proceedings. Although Movant contends that the Litigation is ready for trial, the Commonwealth has informed the Court that discovery has not yet commenced in seven of the Additional Actions and further proffers that, in any event, necessary defense efforts in anticipation of trial preparation would be costly. Finally, Movant has not demonstrated that the harm from resolution of his claims through the claims process would outweigh the burden that would accrue to the Commonwealth or to its creditors by the continuation of the Litigation or the Additional Actions.

Accordingly, the Court concludes that Movant has failed to sustain his burden of demonstrating that cause exists for relief from the automatic stay.

CONCLUSION

For the foregoing reasons, the Motion is denied.  The automatic stay continues in place as against all defendants in the Litigation and in the Additional Actions.  (See Obj. at Ex. A); see also 11 U.S.C. §§ 362(a) and 922(a)(1).  This Memorandum Order resolves Docket Entry No. 7140 in Case No. 17-3283.

SO ORDERED.

Dated: June 27, 2019

      /s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN  
United States District Judge