UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

                       Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER DENYING ELIEZER SANTANA BÁEZ'S
MOTION FOR RELIEF FROM AUTOMATIC STAY (DOCKET ENTRY NO. 7141)

Before the Court is the *Motion in Request for Lifting of Demand Paralysis* (Docket Entry No. 7141 in Case No. 17-3283,[2] the "Motion"), filed by Eliezer Santana Báez (the "Movant"), who seeks relief from the automatic stay imposed by the filing of the above-captioned Title III case on a case captioned Eliezer Santana Báez v. Estado Libre Asociado de Puerto Rico et al., Case No. D DP2015-0215 (the "Litigation"), which is currently pending before the Puerto Rico Court of First Instance of Bayamón (the "Commonwealth Court"). For

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

the following reasons, the Motion is denied because Movant has not demonstrated that "cause" exists to lift the automatic stay.

## BACKGROUND

On March 19, 2015, Movant commenced the Litigation against the Puerto Rico Department of Correction and Rehabilitation and certain correctional officers seeking (i) damages stemming from alleged torts and civil rights violations by the Commonwealth of Puerto Rico (the "Commonwealth"), and (ii) compensation in the amount of $75,000. (See *Objection of the Commonwealth of Puerto Rico to Motion in Request That Paralyzation Be Lifted in the Case DDP2015-0215 Filed by Eliezer Santana-Báez*, Docket Entry No. 7415, the "Objection," at ¶ 1.) On September 30, 2016, the Commonwealth Court dismissed the Litigation, holding that Movant's claims did not justify any remedy in that forum and that the Commonwealth Court lacked jurisdiction of the Litigation. (Id. ¶ 7.) On December 15, 2016, the Puerto Rico Court of Appeals reversed the Commonwealth Court's judgment and ordered the continuation of the Litigation in the Commonwealth Court. (Id. ¶ 8.) On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico commenced a proceeding on behalf of the Commonwealth under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). On May 31, 2017, the Commonwealth filed in the Litigation a *Notice of Automatic Stay of Proceedings Pursuant to Commencement of Case Under Title III of PROMESA*, requesting that the Commonwealth Court take notice of the automatic stay applicable to the Litigation. (Id. ¶ 10.) The Commonwealth Court entered an order staying the Litigation on August 31, 2017. (Id.)

Movant filed the instant Motion on May 29, 2019, seeking relief from the automatic stay in order to pursue his asserted claim against the Commonwealth and to enforce any judgment. Movant argues that, because the Litigation was commenced long before the Commonwealth filed its Title III petition, the Commonwealth is deliberately postponing the Litigation in order to avoid a trial, associated transaction costs, and accountability for its alleged violations of Movant's civil rights. (Mot. ¶ 3.) Movant also argues that the purpose of the automatic stay is to allow the Commonwealth to "reach agreements with the creditors" and a "consensus among all the parties," and that the continued application of the stay to the Litigation is inconsistent with that purpose. (Id. ¶ 5.) Movant contends that the amount of compensation sought in the Litigation "is not an amount that erodes the economic [prerogatives] of the [Commonwealth government]" in proportion to the Commonwealth's "unnecessary expenses." (Id. ¶ 6.) Relatedly, Movant asserts that the continuation of the Litigation, which is in an "advanced stage[] for the vindication of fundamental rights," seeks merely "a few thousand dollars" rather than the billions sought by bondholders. (Id. ¶ 8.)

In its Objection, the Commonwealth argues that the Motion should be denied because Movant has failed to establish that "cause" exists to lift or modify the automatic stay. (Obj. ¶ 12.) The Commonwealth asserts that, as a potential prepetition, unsecured creditor, Movant has failed to demonstrate the extraordinary circumstances necessary to show that his claim should be considered outside of the centralized claims resolution process that will proceed in connection with the Commonwealth's Title III case. (Id.) The Commonwealth also argues that modification of the stay would allow Movant to receive preferential treatment of his unsecured claim to the detriment of the Commonwealth's other prepetition, unsecured creditors, who will be required to wait until a plan of adjustment is proposed for their claims to be

resolved. (Id.) The Commonwealth contends that it would be required to disburse funds to defend against the Litigation, which would interfere with its Title III case and overall restructuring by diverting funds from its recovery efforts. (Id. ¶ 8.)

The Court has carefully considered all of the submissions. For the following reasons, the Motion is denied.

## DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified in the Sonnax decision: a "lack of any connection with or interference with the bankruptcy case," "whether litigation in another forum would prejudice the interests of other creditors," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether the parties are ready for trial in the other proceeding," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Movant has failed to demonstrate that the Sonnax criteria weigh in his favor with respect to the continuation of the Litigation. Modification of the automatic stay would interfere with the Commonwealth's Title III case because, if the Litigation were to recommence, the

Commonwealth would be required to devote its limited resources to defending against Movant's claim and would potentially be required to disburse funds to fulfill its obligations under any judgment. The diversion of the Commonwealth's resources from its recovery efforts to the Litigation would prejudice the interests of other creditors and would disrupt the claims resolution process established by the Bankruptcy Code and incorporated into PROMESA by incentivizing other creditors to seek relief from the stay to obtain early, potentially disproportionate, payments. Although the amount sought by Movant in the Litigation is minimal, particularly in comparison to other claims asserted by certain bondholders, the preferential treatment of Movant's claim at this stage would prejudice the interests of other creditors by diverting the Commonwealth's resources and prioritizing Movant's claim. Recommencement of the Litigation would not result in an economical or expeditious resolution of Movant's claim given that discovery remains pending. Finally, Movant has not demonstrated that the harm from resolution of his claim through the claims process would outweigh the burden that would accrue to the Commonwealth or to its creditors if the Litigation were continued at this stage.

Accordingly, the Court concludes that Movant has failed to sustain his burden of demonstrating that cause exists for relief from the automatic stay.

[*Remainder of Page Intentionally Left Blank*]

Document Page 6 of 6

CONCLUSION

For the foregoing reasons, the Motion is denied. The automatic stay continues in place as against all defendants in the Litigation. See 11 U.S.C. §§ 362(a) and 922(a)(1). This Memorandum Order resolves Docket Entry No. 7141 in Case No. 17-3283.

SO ORDERED.

Dated: June 27, 2019

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge