# EXHIBIT III



*Government of Puerto Rico*
*San Juan, Puerto Rico*

**I, Eduardo Arosemena Muñoz**, Assistant Secretary of the Department of State of the Government of Puerto Rico:

**CERTIFY:** That the following are the financing statements that appear registered in our records between **January 1, 1998 and January 31, 2017** in which **EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO** is the debtor.

| Registration Date | Registration Number | Secured Party |
|---|---|---|
| 6/24/2008 | 2009001812 | THE BANK OF NEW YORK MELLON (AS SUCCESSOR TO THE BANK OF NEW YORK) AS FISCAL AGENT |
| 7/2/2008 | 2009001811 | THE BANK OF NEW YORK MELLON (AS SUCCESSOR TO THE BANK OF NEW YORK) AS FISCAL AGENT |

**I further certify that changes to the original financing statements were filed as follows:**

| Registration Date | Registration Number | Type of Change | Secured Party |
|---|---|---|---|
| 12/17/2015 | 2009001811 | ENMIENDA | THE BANK OF NEW YORK MELLON (AS SUCCESSOR TO THE BANK OF NEW YORK) AS FISCAL AGENT |
| 12/17/2015 | 2009001812 | ENMIENDA | THE BANK OF NEW YORK MELLON (AS SUCCESSOR TO THE BANK OF NEW YORK) AS FISCAL AGENT |
| 1/19/2016 | 2009001811 | ENMIENDA | THE BANK OF NEW YORK MELLON (AS SUCCESSOR TO THE BANK OF NEW YORK) AS FISCAL AGENT |
| 1/19/2016 | 2009001812 | ENMIENDA | THE BANK OF NEW YORK MELLON (AS SUCCESSOR TO THE BANK OF NEW YORK) AS FISCAL AGENT |

EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO

**IN WITNESS WHEREOF**, the
Undersigned by virtue of the authority vested
by law, hereby issues this certificate and affixes
the Great Seal of the Government of
Puerto Rico, in the City of San Juan, this
**March 16, 2017.**

Eduardo Arosemena-Muñoz
Assistant Secretary of State

**Y4E0-APDEB23G**                    Prepared by J. Torres

EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO
RICO

DEPARTAMENTO DE ESTADO
GOBIERNO DE PUERTO RICO

~~ANCIAMIENTO~~
**2009001811**
~~las instrucciones indicadas al dorso de esta forma~~
*Please follow carefully the instructions indicated on the reverse side of this form.*

Reservado para el oficial de archivo / Reserved *for the filing officer*

Sello de fecha y hora: *Date and time stamp*

Número de registro: *Registration number:* 2 PN 3: 29

---

**A. DEVOLVER COPIA A:** *I RETURN COPY TO:* (Nombre y dirección postal / *Name and mailing address*)

*Anita del Toro, Esq.*
Fiddler, González & Rodríguez
PO Box 363507
San Juan, Puerto Rico 00936-3507

---

**1. NOMBRE DEL PRIMER DEUDOR/ *FIRST DEBTOR'S NAME* Complete sólo un nombre (a o b)/ *Insert only one name (a or b)***

| a. Apellido del individuo/*Individual's last name* | Segundo Apellido/*Second surname* | Primer nombre/*First name* | Segundo nombre/*Middle name* | Sufijo/*Suffix* |
|---|---|---|---|---|

| b. Nombre de la entidad / *Entity name* | EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO (the "System") |

| c. Dirección postal / *Mailing address* | Ciudad / *City* | Estado/*State* | País/*Country* | Código postal/*Zip code* |
|---|---|---|---|---|
| 437 Ponce de León Avenue Stop 32½ | SAN JUAN | PR | USA | 00918 |

| d. Número de seguro social o patronal /*Social security or tax-id number* | e. (Opcional) Información adicional sobre la entidad/(*Optional) Additional information about the entity* |
|---|---|

---

**2. NOMBRE DE DEUDOR ADICIONAL/ *ADDITIONAL DEBTOR'S NAME* Complete sólo un nombre (a o b)/ *Insert only one name (a or b)***

| a. Apellido del individuo/*Individual's last name* | Segundo Apellido/*Second surname* | Primer nombre/*First name* | Segundo nombre/*Middle name* | Sufijo/*Suffix* |
|---|---|---|---|---|

b. Nombre de la entidad / *Entity name*

| c. Dirección postal / *Mailing address* | Ciudad / *City* | Estado/*State* | País/*Country* | Código postal/*Zip code* |
|---|---|---|---|---|

| d. Número de seguro social o patronal /*Social security or tax-id number* | e. (Opcional) Información adicional sobre la entidad /(*Optional) Additional information about the entity* |
|---|---|

---

**3. NOMBRE DEL ACREEDOR GARANTIZADO/SECURED PARTY'S NAME Complete sólo un nombre (a o b)/*Insert only one name (a or b)***

| a. Apellido del individuo/*Individual's last name* | Segundo Apellido/*Second surname* | Primer nombre/*First name* | Segundo nombre/*Middle name* | Sufijo/*Suffix* |
|---|---|---|---|---|

| b. Nombre de la entidad / *Entity name* | The Bank of New York, as fiscal agent under a Pension Funding Bond Resolution adopted by the System on January 24, 2008, as supplemented and amended from time to time (the "Resolution"), which fiscal agent is representing the Owners from time to time of the Senior Pension Funding Bonds of the System issued from time to time pursuant to the Resolution and other Beneficiaries under the Resolution. |

| c. Dirección postal / *Mailing address* | Ciudad / *City* | Estado/*State* | País/*Country* | Código postal/*Zip code* |
|---|---|---|---|---|
| 101 Barclay Street, 7 West | New York | New York | USA | 10286 |

---

**4. ESTA DECLARACION DE FINANCIAMIENTO CUBRE LAS SIGUIENTES CLASES O ARTICULOS DE PROPIEDAD:**
*THIS FINANCING STATEMENT COVERS THE FOLLOWING TYPES OR ITEMS θ PROPERTY:*

The pledged property described in the Security Agreement attached as **Exhibit A** hereto and by this reference made a part hereof.

---

**5. MARQUE SI APLICA / *CHECK IF APPLICABLE* (Describa la propiedad en el apéndice / *Describe the real estate in the addendum*)**

☐ Los bienes anteriores habrán de convertirse en inmuebles por su destino. Esta declaración se presentará para registro en el Registro de la Propiedad.
*The goods described above are to become fixtures. This Financing Statement will be filed for record in the Real Estate Registry.*

---

**6. FIRMA(S) / *SIGNATURE(S)***

| Primer deudor / *First debtor* | Deudor adicional / *Additional debtor* | Acreedor garantizado / *Secured party* |
|---|---|---|

SEE RIDER A ATTACHED HERETO

---

**7. NOTARIA (Opcional)/ *NOTARY (Optional)***
AFFIDAVIT NUMERO/*NUMBER:* 517

Jurado y suscrito ante mí por: /*Sworn to and suscribed before me by:* Mivia González Alvarez, of legal age, single, resident of San Juan, Puerto Rico, acting as Acting Administrator of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, to me personally known, in San Juan, Puerto Rico, this 30th day of June, 2008.

En / *In:* San Juan, Puerto Rico
Fecha / *Date* June 30, 2008

*Ana M. del Toro Salater*
Notario Público/*Notary Public*

**EXHIBIT A**
attached to and made part of
Uniform Commercial Code ("UCC")
Financing Statement, Form UCC-1

## SECURITY AGREEMENT

This SECURITY AGREEMENT, dated as of June 2, 2008, is by and between the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "Debtor") and Owners from time to time of the Pension Funding Bonds of the Debtor (the "Pension Funding Bonds") issued from time to time pursuant to the Debtor's Pension Funding Bond Resolution adopted by the Debtor's Board of Trustees on January 24, 2008, as amended and supplemented from time to time (the "Resolution"), and other Beneficiaries under the Resolution, which Owners and Beneficiaries are represented for purposes of this Security Agreement by The Bank of New York, as fiscal agent under the Resolution (the "Secured Party"). All capitalized words not defined herein shall have the meanings ascribed to them in the Resolution.

In order to provide security for the Debtor's payment of principal of, premium (if any) and interest on its Pension Funding Bonds and its payment of amounts due to the Owners of the Pension Funding Bonds and other Beneficiaries in accordance with the terms of the Pension Funding Bonds and the terms of the Resolution, Debtor hereby grants to the Secured Party a security interest in (i) the Pledged Property, and (ii) all proceeds thereof and all after-acquired property, subject to application as permitted by the Resolution. Remedies for failure of the Debtor to make timely payment of principal of, premium (if any) and interest on the Pension Funding Bonds or failure of the Debtor to fulfill its other covenants contained in the Resolution for the benefit of the Owners of the Pension Funding Bonds and the other Beneficiaries are as set forth in the Resolution.

The Debtor shall cause UCC financing statements and continuation statements to be filed, as appropriate, and the Secured Party shall not be responsible for any UCC filings.

**EMPLOYEES  RETIREMENT  SYSTEM  OF  THE GOVERNMENT  OF  THE  COMMONWEALTH  OF PUERTO RICO**

By _____
Name:
Title:

**THE BANK OF NEW YORK,** as Fiscal Agent under the Resolution

By _____
Name: Steven Vaccarello
Title:  Vice President

# SECURITY AGREEMENT

This SECURITY AGREEMENT, dated as of June 2, 2008, is by and between the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "Debtor") and Owners from time to time of the Pension Funding Bonds of the Debtor (the "Pension Funding Bonds") issued from time to time pursuant to the Debtor's Pension Funding Bond Resolution adopted by the Debtor's Board of Trustees on January 24, 2008, as amended and supplemented from time to time (the "Resolution"), and other Beneficiaries under the Resolution, which Owners and Beneficiaries are represented for purposes of this Security Agreement by The Bank of New York, as fiscal agent under the Resolution (the "Secured Party"). All capitalized words not defined herein shall have the meanings ascribed to them in the Resolution.

In order to provide security for the Debtor's payment of principal of, premium (if any) and interest on its Pension Funding Bonds and its payment of amounts due to the Owners of the Pension Funding Bonds and other Beneficiaries in accordance with the terms of the Pension Funding Bonds and the terms of the Resolution, Debtor hereby grants to the Secured Party a security interest in (i) the Pledged Property, and (ii) all proceeds thereof and all after-acquired property, subject to application as permitted by the Resolution. Remedies for failure of the Debtor to make timely payment of principal of, premium (if any) and interest on the Pension Funding Bonds or failure of the Debtor to fulfill its other covenants contained in the Resolution for the benefit of the Owners of the Pension Funding Bonds and the other Beneficiaries are as set forth in the Resolution.

The Debtor shall cause UCC financing statements and continuation statements to be filed, as appropriate, and the Secured Party shall not be responsible for any UCC filings.

EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO

By _____
Name:
Title:

THE BANK OF NEW YORK, as Fiscal Agent under the Resolution

By _____
Name:
Title:



ESTADO LIBRE ASOCIADO DE
**PUERTO RICO**
DEPARTAMENTO DE ESTADO
Registro de Transacciones Comerciales

## ENMIENDA DECLARACIÓN DE FINANCIAMIENTO
### *FINANCING STATEMENT AMENDMENT*
SIGA INSTRUCCIONES / *FOLLOW INSTRUCTIONS*

Radicaciones
17 DEC 2015
CUS
San Juan

3:54pm $\varphi$

**A. NOMBRE Y TELÉFONO DE PRESENTANTE** (opcional) / *NAME & PHONE OF CONTACT AT FILER (optional)*

**B. CORREO ELECTRÓNICO DE PRESENTANTE** (opcional) / *E-MAIL CONTACT AT FILER (optional)*

**C. ENVÍE CONFIRMACIÓN A:** (nombre y dirección) / *SEND*

CT CORPORATION SYSTEM
PO BOX 9022946
SAN JUAN, PR  00902-2946

EL ESPACIO ARRIBA ES PARA USO DEL OFICIAL DE REGISTRO SÓLAMENTE
THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. NÚMERO DE REGISTRO DE DECLARACIÓN DE FINANCIAMIENTO INICIAL** / *INITIAL FINANCING STATEMENT FILE NUMBER*

**2009001811**

**1b.** ☐ Esta ENMIENDA DE DECLARACIÓN DE FINANCIAMIENTO se presentará [para inscripción] en el REGISTRO DE LA PROPIEDAD / *This FINANCING STATEMENT AMENDMENT (a to be filed) [for record] (or recorded) in the REAL ESTATE RECORDS.* Presentante: *anele* Anejo de Enmienda (Forms UCC3AdPR) y provea el nombre del Deudor en el renglón 13 / *Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13*

**2.** ☐ **TERMINACIÓN:** La efectividad de la Declaración de Financiamiento arriba identificada es terminada con respecto al interés en la colateral del Acreedor Garantizado que autoriza esta Declaración de Terminación / *TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement*

**3.** ☐ **CESIÓN** (total o parcial): Provea nombre del Cesionario en renglón 7a o 7b y su dirección en el renglón 7c y nombre del Cedente en el renglón 9. Para cesión parcial, complete renglón 7 y 9 y también indique la colateral afectada en el renglón 8 / *ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9. For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8*

**4.** ☐ **CONTINUACIÓN:** La efectividad de la Declaración de Financiamiento identificada arriba con respecto al interés en la colateral del Acreedor Garantizado que autoriza esta Declaración de Continuación se continúa por el periodo adicional provisto por ley / *CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by law*

**5.** ☑ **CAMBIO DE INFORMACIÓN DE PARTE:** *PARTY INFORMATION CHANGE:*

Marque una de las dos opciones: *Check one of these two boxes:*   **Y** Marque una de estas tres opciones: *AND Check one of these three boxes:*

Este Cambio afecta  ☐ Deudor o  ☑ Acreedor Garantizado de record / *This Change affects  Debtor or  Secured Party of record*

☐ CAMBIO nombre y/o dirección: Complete renglón 6a o 6b; y renglón 7a o 7b; y renglón 7c. / *CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b; and item 7c*

☐ AGREGUE nombre: Complete renglón 7a o 7b, y renglón 7c. / *ADD name: Complete item 7a or 7b, and item 7c*

☐ Elimina nombre: Provea nombre a ser eliminado en renglón 6a o 6b / *DELETE name: Give record name to be deleted in item 6a or 6b*

**6. INFORMACIÓN ACTUAL DE EXPEDIENTE:** Complete para Cambio de Información de Parte – provea sólo un nombre (6a o 6b) / *CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)*

**6a. NOMBRE DE ENTIDAD** / *ORGANIZATION'S NAME*

| 6b. APELLIDO / *INDIVIDUAL'S SURNAME* | NOMBRE / *FIRST PERSONAL NAME* | SEGUNDO NOMBRE / *ADDITIONAL NAME* | SUFIJO *SUFFIX* |
|---|---|---|---|
| | | | |

**7. INFORMACIÓN CAMBIADA O AGREGADA:** Complete para Cesión o Cambio de Información de Parte – provea solo un nombre (7a o 7b) (use nombre completo y exacto; no omita, modifique o abrevie ninguna parte del nombre del Deudor) / *CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify or abbreviate any part of the Debtor's name)*

**7a. NOMBRE DE ENTIDAD** / *ORGANIZATION'S NAME*
The Bank of New York Mellon (as successor to The Bank of New York) as fiscal agent

**7b. APELLIDO** / *INDIVIDUAL'S SURNAME*

NOMBRE / *INDIVIDUAL'S FIRST PERSONAL NAME*

SEGUNDO NOMBRE / *INDIVIDUAL'S ADDITIONAL NAME*

| 7c. DIRECCIÓN POSTAL / *MAILING ADDRESS* | CIUDAD / *CITY* | ESTADO *STATE* | CÓDIGO POSTAL *POSTAL CODE* | PAÍS *COUNTRY* |
|---|---|---|---|---|
| 101 Barclay Street | New York | NY | 10286 | USA |

**8.** ☑ **CAMBIO DE COLATERAL:** También marque una de las cuatro alternativas: *COLLATERAL CHANGE: Also check one of these four boxes:*   ☐ AGREGA colateral *ADD collateral*   ☐ ELIMINA colateral *DELETE collateral*   ☑ REFORMULA colateral cubierta *RESTATE covered collateral*   ☐ CEDE colateral *ASSIGN collateral*

Indique colateral: / *Indicate collateral:*
The Pledged Property and all proceeds thereof and all after-acquired property as described more fully in Exhibit A attached hereto and incorporated by reference.

## EXHIBIT A TO FINANCING STATEMENT

**DEBTOR:**                                                    **SECURED PARTY:**

| | |
|---|---|
| Employees Retirement System of the Government of the Commonwealth of Puerto Rico 437 Ponce de León Avenue Stop 32 ½ San Juan, Puerto Rico 00917 | The Bank of New York Mellon, as Fiscal Agent 101 Barclay Street New York, New York 10286 |

### Description of Collateral

The collateral described in this financing statement is all present and future right, title and interest of the System in and to (i) the Pledged Property and (ii) all proceeds thereof and all after-acquired property, as set forth in the Security Agreement attached hereto as Annex 1.

### Definitions[1]

**"Account"** or **"Accounts"** shall mean any account or accounts, including, without limitation, bank, deposit or securities accounts, as the case may be, established and created pursuant to the Resolution, but does not include any escrow or other fund or account established or created pursuant to Section 1301 thereof.

**"Act"** shall mean Act No. 447 of the Legislative Assembly of Puerto Rico, approved May 15, 1951, as amended and supplemented.

**"Bond"** or **"Bonds"** shall mean the initial Series of Bonds and any additional Bonds authorized to be issued on a parity therewith pursuant to Section 202 or 708 of the Resolution.

**"Commonwealth"** shall mean the Commonwealth of Puerto Rico.

**"Credit Facility"** shall mean each irrevocable letter of credit, bond insurance policy, surety bond, loan agreement, or other agreement, facility or insurance or guaranty arrangement issued or extended by a bank, a trust company, a national banking association, an organization subject to registration with the Board of Governors of the Federal Reserve System under the Bank Holding Company Act of 1956 or any successor provisions of law, a federal branch pursuant to the International Banking Act of 1978 or any successor provisions of law, a savings bank, a savings and loan association, a Federal Home Loan Bank, a corporation, an insurance company or association chartered or organized under the laws of any state of the United States of America, the Government National Mortgage Association or any successor thereto, Fannie Mae, the Federal Home Loan Mortgage Corporation or any successor thereto, or any other federal or state agency or instrumentality approved by the System, which secures the payment of any Bond, or

---

[1]    Capitalized terms not defined herein shall have the meanings assigned to them in the Resolution (as defined below).

pursuant to which the System is entitled to obtain moneys to pay, in the Currency in which the Bonds of such Series are payable, the principal or Redemption Price of Bonds (or any related Qualified Hedges) due in accordance with their respective terms plus accrued interest thereon to the date of payment thereof in accordance herewith and with the Supplemental Resolution authorizing such Bonds, whether or not the System is in default under this Resolution; provided, that use of a Credit Facility shall not result, at the time of delivery of the Credit Facility, in a reduction in the Rating of any Bonds Outstanding; and provided further, that a substitute Credit Facility may be obtained from time to time (i) which shall contain the same material terms as set forth in the Credit Facility for which substitution is made, and (ii) will not, in and of itself, result in a Rating of the related Bonds lower than those which then prevailed.

**"Debt Service Reserve Account"** shall mean the Account by that name established by Section 502 of the Resolution.

**"Employers"** shall mean, pursuant to the Act, the government of Puerto Rico, or any Public Enterprise, or municipality, but shall exclude, however, those subsidiary enterprises of government instrumentalities whose employees, in the judgment of the Board of Trustees of the System, may not have a clear relationship of employee and employer with regard to the Commonwealth.

**"Employers' Contributions"** shall mean the contributions paid from and after the date hereof that are made by the Employers and any assets in lieu thereof or derived thereunder which are payable to the System pursuant to Sections 2-116, 3-105 and 4-113 of the Act.

**"Fiscal Agent"** shall mean the bank, trust company or national banking association appointed pursuant to Section 801 of the Resolution, and its successor or successors and any other bank, trust company or national banking association which may at any time be substituted in its place pursuant to the provisions of the Resolution.

**"Fund"** or **"Funds"** shall mean any fund or funds established and created pursuant to the Resolution, but does not include any escrow or other fund or account established or created pursuant to Section 1301 thereof.

**"Parity Obligations"** shall mean, collectively, all Parity Reimbursement Obligations and Parity Hedge Obligations.

**"Pledged Property"** shall mean the following, collectively (but without duplication), except as otherwise may be provided with respect to a Series of Bonds by the Supplemental Resolution authorizing such Bonds:

    1.    All Revenues.

    2.    All right, title and interest of the System in and to Revenues, and all rights to receive the same.

3.  The Funds, Accounts, and Subaccounts held by the Fiscal Agent and moneys and securities and, in the case of the Debt Service Reserve Account, Reserve Account Cash Equivalents, from time to time held by the Fiscal Agent under the terms of the Resolution, subject to the application thereof as provided in the Resolution and to the provisions of Sections 1301 and 1303 thereof.

4.  Any and all other rights and personal property of every kind and nature from time to time hereafter pledged and assigned by the System to the Fiscal Agent as and for additional security for the Bonds and Parity Obligations.

5.  Any and all cash and non-cash proceeds, products, offspring, rents and profits from any of the Pledged Property mentioned described in paragraphs (1) through (4) above, including, without limitation, those from the sale, exchange, transfer, collection, loss, damage, disposition, substitution or replacement of any of the foregoing.

"**Public Enterprise**" shall mean any government instrumentality or public corporation of the Commonwealth.

"**Qualified Hedge**" shall mean, with respect to particular Bonds, (i) any financial arrangement (a) which is entered into by the System with an entity that is a Qualified Hedge Provider at the time the arrangement is entered into, (b) which is a cap, floor or collar, forward rate, future rate, swap (such swap may be based on an amount equal either to the principal amount of such Bonds as may be designated or a notional principal amount relating to all or a portion of the principal amount of such Bonds), asset, index, Currency, price or market-linked transaction or agreement, other exchange or rate protection transaction agreement, other similar transaction (however designated), or any combination thereof, or any option with respect to any of the foregoing, executed by the System, and (c) which has been designated as a Qualified Hedge with respect to such Bonds in a written determination signed by an Authorized Officer and delivered to the Fiscal Agent, and (ii) any Credit Facility securing the obligations of the System under any financial arrangement described in clause (i) above. Each Qualified Hedge shall provide that the System and the Qualified Hedge Provider shall provide not less than ten-days' prior written notice of any amendment to the Fiscal Agent.

"**Qualified Hedge Provider**" shall mean a Person whose long-term obligations, other unsecured, long-term obligations, financial program rating, counterparty rating, or claims paying ability, or whose payment obligations under an agreement that would be a Qualified Hedge are guaranteed by an entity whose long term debt obligations, other unsecured long term obligations, financial program rating, counterparty rating, or claims paying ability, are rated, or whose payment obligations under an interest rate exchange agreement are collateralized in such manner as to cause such agreement to be rated, at the time of the execution of such Qualified Hedge, either (i) at least as high as the third highest Rating Category of each Rating Agency, but in no event lower than any Rating Category designated by any such Rating Agency for the Bonds subject to such Qualified Hedge (without reference to bond insurance, if any), or (ii) any such lower Rating Categories which each such Rating Agency indicates in writing to the System and the Fiscal Agent will not, by itself, result in a reduction or withdrawal of its Rating (without

- 3 -

reference to bond insurance, if any) on the Outstanding Bonds, and (iii) a Person whose payment obligations under an interest rate exchange agreement are subject to collateralization requirements that, as evidenced in writing to the System and the Fiscal Agent by each Rating Agency, will not, by itself, result in a reduction or withdrawal of its Rating (without reference to bond insurance, if any) on the Outstanding Bonds.

**"Reserve Account Cash Equivalent"** shall mean a letter of credit, insurance policy, surety, guaranty or other security arrangement provided to the Fiscal Agent as a substitute for the deposit of cash and/or Investment Securities, or another Reserve Account Cash Equivalent, in the Debt Service Reserve Account pursuant to Section 506 of the Resolution. Each such arrangement shall be provided by a Person whose claims paying ability has been assigned a rating from each Rating Agency at least equal to the then existing rating on the Bonds or whose unsecured, long-term debt securities are rated by each Rating Agency at least equal to the then existing Rating on the Bonds (or the highest short-term rating if the Reserve Account Cash Equivalent has a remaining term measured from the date it is provided not exceeding one year).

**"Resolution"** shall mean the Pension Bond Resolution adopted by the System on or about January 24, 2008, as amended and/or supplemented from time to time.

**"Revenues"** shall mean the following, collectively (but without duplication), except as otherwise may be provided with respect to a Series of Bonds by the Supplemental Resolution authorizing such Bonds:

1.  All Employers' Contributions received by the System or the Fiscal Agent.

2.  With respect to any particular Bonds, the proceeds of any draw on or payment under any Credit Facility which is intended for the payment of such Bonds, but only for purposes of such payment and not for other purposes of the Resolution.

3.  Net amounts received by the System pursuant to a Qualified Hedge.

4.  Income and interest earned and gains realized in excess of losses suffered by any Fund, Account, or Subaccount held by the Fiscal Agent under the terms of the Resolution, subject to the provisions of Sections 1301 and 1303 thereof.

5.  Any other revenues, fees, charges, surcharges, rents, proceeds or other income and receipts received by or on behalf of the System or by the Fiscal Agent, lawfully available for the purposes of the Resolution and deposited by or on behalf of the System or by the Fiscal Agent in any Fund, Account, or Subaccount held by the Fiscal Agent under the terms of the Resolution, subject to the provisions of Sections 1301 and 1303 thereof.

**"Subaccount"** or **"Subaccounts"** shall mean any subaccount or subaccounts, as the case may be, in each case which may be in the form of a separate account, established or created pursuant to the Resolution, but does not include any escrow or other fund or account established or created pursuant to Section 1301 thereof.

"**Supplemental Resolution**" shall mean any resolution supplemental to or amendatory of the Resolution or any Supplemental Resolution, adopted by the System in accordance with Articles IX and X of the Resolution.

- 5 -

ESTADO LIBRE ASOCIADO DE
**PUERTO RICO**
DEPARTAMENTO DE ESTADO
Registro de Transacciones Comerciales

**ENMIENDA DECLARACIÓN DE FINANCIAMIENTO**
*FINANCING STATEMENT AMENDMENT*
SIGA INSTRUCCIONES / FOLLOW INSTRUCTIONS

REGISTRO DE TRANSACCIONES
COMERCIALES

16 JAN 19 PM 2:07

A. NOMBRE Y TELÉFONO DE PRESENTANTE (opcional) / NAME & PHONE OF CONTACT AT FILER (optional)

B. CORREO ELECTRÓNICO DE PRESENTANTE (opcional) / E-MAIL CONTACT AT FILER (optional)

C. ENV ACKN

CT CORPORATION SYSTEM
PO BOX 9022946
SAN JUAN, PR 00902-2946

EL ESPACIO ARRIBA ES PARA USO DEL OFICIAL DE REGISTRO SÓLAMENTE
THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. NÚMER_
FINANCING STATEMENT FILE NUMBER

**2009001811**

1b. ☐ Esta ENMIENDA DE DECLARACIÓN DE FINANCIAMIENTO presentará (para inscripción) en el REGISTRO DE LA PROPIEDAD / *This FINANCING STATEMENT AMENDMENT is to be filed (for record) in the REAL ESTATE RECORDS*
Presentante: *anexe* Anejo de Evidencia (Forma UCC3adPR) y provea el nombre del Deudor en el renglón 13
Filer: *attach* Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ **TERMINACIÓN:** La efectividad de la Declaración de Financiamiento arriba identificada es terminada con respecto al interés en la colateral del Acreedor Garantizado que autoriza esta Declaración de Terminación / *TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement*

3. ☐ **CESIÓN** (total o parcial): Provea número del Cesionario en renglón 7a o 7b y su dirección en el renglón 7c y nombre del Cedente en el renglón 9. Para cesión parcial, complete renglón 7 y 9 y también indique la colateral afectada en el renglón 8 / *ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9. For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8*

4. ☐ **CONTINUACIÓN:** La efectividad de la Declaración de Financiamiento identificada arriba con respecto al interés en la colateral del Acreedor Garantizado que autoriza esta Declaración de Continuación es continúa por el período adicional provisto por ley / *CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by law*

5. ☑ **CAMBIO DE INFORMACIÓN DE PARTE:** *PARTY INFORMATION CHANGE:*

Marque **una** de las dos opciones: *Check one of these two boxes:* ☑ Marque **una** de estas tres opciones: *AND Check one of these three boxes:*

Esta Cambio afecta ☐ Deudor o ☑ Acreedor Garantizado de record / *This Change affects Debtor or Secured Party of record*

☐ CAMBIO nombre y/o dirección. Complete renglón 6a o 6b y renglón 7a o 7b y renglón 7c / *CHANGE name and/or address. Complete item 6a or 6b; and item 7a or 7b and item 7c*

☐ AGREGAR nombre. Complete renglón 7a o 7b y renglón 7c / *ADD name. Complete item 7a or 7b, and item 7c*

☐ Elimina nombre: Provea número a ser eliminado en renglón 6a o 6b / *DELETE name: Give record name to be deleted in item 6a or 6b*

6. **INFORMACIÓN ACTUAL DE EXPEDIENTE:** Complete para Cambio de Información de Parte – provea sólo **un** nombre (6a o 6b) / *CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)*

| 6a. NOMBRE DE ENTIDAD / ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 6b. APELLIDO / INDIVIDUAL'S SURNAME | NOMBRE / FIRST PERSONAL NAME | SEGUNDO NOMBRE / ADDITIONAL NAME | SUFIJO SUFFIX |
| | | | |

7. **INFORMACIÓN CAMBIADA O AGREGADA:** Complete para Cesión o Cambio de Información de Parte – provea sólo **un** nombre (7a o 7b) (use nombre completo y exacto; no arriba, modifique o abrevie ninguna parte del nombre del Deudor) / *CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)*

| 7a. NOMBRE DE ENTIDAD / ORGANIZATION'S NAME | | | |
|---|---|---|---|
| The Bank of New York Mellon (as successor to The Bank of New York) as fiscal agent | | | |
| 7b. APELLIDO / INDIVIDUAL'S SURNAME | | | |
| | | | |
| NOMBRE / INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| SEGUNDO NOMBRE / INDIVIDUAL'S ADDITIONAL NAME | | | SUFIJO SUFFIX |
| 7c. DIRECCIÓN POSTAL / MAILING ADDRESS | CIUDAD / CITY | ESTADO / STATE · CÓDIGO POSTAL / POSTAL CODE | PAÍS / COUNTRY |
| 101 Barclay Street | New York | NY · 10286 | USA |

8. ☑ **CAMBIO DE COLATERAL:** También retenga **una** de las cuatro alternativas. *COLLATERAL CHANGE: Also check one of these four boxes:* ☐ AGREGAR colateral / *ADD collateral* ☐ ELIMINA colateral / *DELETE collateral* ☑ REFORMULA colateral cubierta / *RESTATE covered collateral* ☐ CEDE colateral / *ASSIGN collateral*

Indique colateral / *Indicate collateral:*
The Pledged Property and all proceeds thereof and all after-acquired property as described more fully in Exhibit A attached hereto and incorporated by reference.

9. **NOMBRE DE ACREEDOR GARANTIZADO EN RECORD AUTORIZANDO ESTA ENMIENDA:** Provea sólo **un** nombre (9a o 9b) (nombre de Cedente, si es una Cesión) Si esto es una Enmienda autorizada por el Deudor, marque aquí ☐ y provea el nombre del Deudor autorizado / *NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment) If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor*

| 9a. NOMBRE DE ENTIDAD / ORGANIZATION'S NAME | | | |
|---|---|---|---|
| The Bank of New York Mellon (as successor to The Bank of New York), as Fiscal Agent | | | |
| 9b. APELLIDO / INDIVIDUAL'S SURNAME | NOMBRE / FIRST PERSONAL NAME | SEGUNDO NOMBRE / ADDITIONAL NAME | SUFIJO SUFFIX |
| | | | |

10. DATOS OPCIONALES DE REFERENCIA PARA PRESENTANTE / OPTIONAL FILER REFERENCE DATA:

COPIA OFICINA DE REGISTRO — ENMIENDA DE DECLARACIÓN DE FINANCIAMIENTO (Forma UCC3PR) (Rev. 05/11/14)

REGISTRO DE TRANSACCIONES
COMERCIALES

16 JAN 19  PM 2:07

## EXHIBIT A TO FINANCING STATEMENT

| DEBTOR: | SECURED PARTY: |
|---|---|
| Employees Retirement System of the Government of the Commonwealth of Puerto Rico<br>437 Ponce de León Avenue<br>Stop 32 ½<br>San Juan, Puerto Rico 00917 | The Bank of New York Mellon, as Fiscal Agent<br>101 Barclay Street<br>New York, New York 10286 |

### Description of Collateral

The collateral described in this financing statement is all present and future right, title and interest of the System in and to (i) the Pledged Property and (ii) all proceeds thereof and all after-acquired property, as set forth in the Security Agreement attached hereto as Annex 1.

### Definitions[1]

**"Account"** or **"Accounts"** shall mean any account or accounts, including, without limitation, bank, deposit or securities accounts, as the case may be, established and created pursuant to the Resolution, but does not include any escrow or other fund or account established or created pursuant to Section 1301 thereof.

**"Act"** shall mean Act No. 447 of the Legislative Assembly of Puerto Rico, approved May 15, 1951, as amended and supplemented.

**"Bond"** or **"Bonds"** shall mean the initial Series of Bonds and any additional Bonds authorized to be issued on a parity therewith pursuant to Section 202 or 708 of the Resolution.

**"Commonwealth"** shall mean the Commonwealth of Puerto Rico.

**"Credit Facility"** shall mean each irrevocable letter of credit, bond insurance policy, surety bond, loan agreement, or other agreement, facility or insurance or guaranty arrangement issued or extended by a bank, a trust company, a national banking association, an organization subject to registration with the Board of Governors of the Federal Reserve System under the Bank Holding Company Act of 1956 or any successor provisions of law, a federal branch pursuant to the International Banking Act of 1978 or any successor provisions of law, a savings bank, a savings and loan association, a Federal Home Loan Bank, a corporation, an insurance company or association chartered or organized under the laws of any state of the United States of America, the Government National Mortgage Association or any successor thereto, Fannie Mae, the Federal Home Loan Mortgage Corporation or any successor thereto, or any other federal or state agency or instrumentality approved by the System, which secures the payment of any Bond, or

---

[1]   Capitalized terms not defined herein shall have the meanings assigned to them in the Resolution (as defined below).

US_ACTIVE-124816808

REGISTRO DE TRANSACCIONES
COMERCIALES

16 JAN 19 PM 2:07

pursuant to which the System is entitled to obtain moneys to pay, in the Currency in which the Bonds of such Series are payable, the principal or Redemption Price of Bonds (or any related Qualified Hedges) due in accordance with their respective terms plus accrued interest thereon to the date of payment thereof in accordance herewith and with the Supplemental Resolution authorizing such Bonds, whether or not the System is in default under this Resolution; provided, that use of a Credit Facility shall not result, at the time of delivery of the Credit Facility, in a reduction in the Rating of any Bonds Outstanding; and provided further, that a substitute Credit Facility may be obtained from time to time (i) which shall contain the same material terms as set forth in the Credit Facility for which substitution is made, and (ii) will not, in and of itself, result in a Rating of the related Bonds lower than those which then prevailed.

**"Debt Service Reserve Account"** shall mean the Account by that name established by Section 502 of the Resolution.

**"Employers"** shall mean, pursuant to the Act, the government of Puerto Rico, or any Public Enterprise, or municipality, but shall exclude, however, those subsidiary enterprises of government instrumentalities whose employees, in the judgment of the Board of Trustees of the System, may not have a clear relationship of employee and employer with regard to the Commonwealth.

**"Employers' Contributions"** shall mean the contributions paid from and after the date hereof that are made by the Employers and any assets in lieu thereof or derived thereunder which are payable to the System pursuant to Sections 2-116, 3-105 and 4-113 of the Act.

**"Fiscal Agent"** shall mean the bank, trust company or national banking association appointed pursuant to Section 801 of the Resolution, and its successor or successors and any other bank, trust company or national banking association which may at any time be substituted in its place pursuant to the provisions of the Resolution.

**"Fund"** or **"Funds"** shall mean any fund or funds established and created pursuant to the Resolution, but does not include any escrow or other fund or account established or created pursuant to Section 1301 thereof.

**"Parity Obligations"** shall mean, collectively, all Parity Reimbursement Obligations and Parity Hedge Obligations.

**"Pledged Property"** shall mean the following, collectively (but without duplication), except as otherwise may be provided with respect to a Series of Bonds by the Supplemental Resolution authorizing such Bonds:

1.      All Revenues.

2.      All right, title and interest of the System in and to Revenues, and all rights to receive the same.

-2-

REGISTRO DE TRANSACCIONES COMERCIALES

16 JAN 19 PM 2:07

3.   The Funds, Accounts, and Subaccounts held by the Fiscal Agent, and moneys and securities and, in the case of the Debt Service Reserve Account, Reserve Account Cash Equivalents, from time to time held by the Fiscal Agent under the terms of the Resolution, subject to the application thereof as provided in the Resolution and to the provisions of Sections 1301 and 1303 thereof.

4.   Any and all other rights and personal property of every kind and nature from time to time hereafter pledged and assigned by the System to the Fiscal Agent as and for additional security for the Bonds and Parity Obligations.

5.   Any and all cash and non-cash proceeds, products, offspring, rents and profits from any of the Pledged Property mentioned described in paragraphs (1) through (4) above, including, without limitation, those from the sale, exchange, transfer, collection, loss, damage, disposition, substitution or replacement of any of the foregoing.

**"Public Enterprise"** shall mean any government instrumentality or public corporation of the Commonwealth.

**"Qualified Hedge"** shall mean, with respect to particular Bonds, (i) any financial arrangement (a) which is entered into by the System with an entity that is a Qualified Hedge Provider at the time the arrangement is entered into, (b) which is a cap, floor or collar, forward rate, future rate, swap (such swap may be based on an amount equal either to the principal amount of such Bonds as may be designated or a notional principal amount relating to all or a portion of the principal amount of such Bonds), asset, index, Currency, price or market-linked transaction or agreement, other exchange or rate protection transaction agreement, other similar transaction (however designated), or any combination thereof, or any option with respect to any of the foregoing, executed by the System, and (c) which has been designated as a Qualified Hedge with respect to such Bonds in a written determination signed by an Authorized Officer and delivered to the Fiscal Agent, and (ii) any Credit Facility securing the obligations of the System under any financial arrangement described in clause (i) above. Each Qualified Hedge shall provide that the System and the Qualified Hedge Provider shall provide not less than ten-days' prior written notice of any amendment to the Fiscal Agent.

**"Qualified Hedge Provider"** shall mean a Person whose long-term obligations, other unsecured, long-term obligations, financial program rating, counterparty rating, or claims paying ability, or whose payment obligations under an agreement that would be a Qualified Hedge are guaranteed by an entity whose long term debt obligations, other unsecured long term obligations, financial program rating, counterparty rating, or claims paying ability, are rated, or whose payment obligations under an interest rate exchange agreement are collateralized in such manner as to cause such agreement to be rated, at the time of the execution of such Qualified Hedge, either (i) at least as high as the third highest Rating Category of each Rating Agency, but in no event lower than any Rating Category designated by any such Rating Agency for the Bonds subject to such Qualified Hedge (without reference to bond insurance, if any), or (ii) any such lower Rating Categories which each such Rating Agency indicates in writing to the System and the Fiscal Agent will not, by itself, result in a reduction or withdrawal of its Rating (without

- 3 -

DE TRANSACCIONES
COMERCIALES

16 JAN 19 PM 2:07

reference to bond insurance, if any) on the Outstanding Bonds, and (iii) a Person whose payment obligations under an interest rate exchange agreement are subject to collateralization requirements that, as evidenced in writing to the System and the Fiscal Agent by each Rating Agency, will not, by itself, result in a reduction or withdrawal of its Rating (without reference to bond insurance, if any) on the Outstanding Bonds.

**"Reserve Account Cash Equivalent"** shall mean a letter of credit, insurance policy, surety, guaranty or other security arrangement provided to the Fiscal Agent as a substitute for the deposit of cash and/or Investment Securities, or another Reserve Account Cash Equivalent, in the Debt Service Reserve Account pursuant to Section 506 of the Resolution. Each such arrangement shall be provided by a Person whose claims paying ability has been assigned a rating from each Rating Agency at least equal to the then existing rating on the Bonds or whose unsecured, long-term debt securities are rated by each Rating Agency at least equal to the then existing Rating on the Bonds (or the highest short-term rating if the Reserve Account Cash Equivalent has a remaining term measured from the date it is provided not exceeding one year).

**"Resolution"** shall mean the Pension Bond Resolution adopted by the System on or about January 24, 2008, as amended and/or supplemented from time to time.

**"Revenues"** shall mean the following, collectively (but without duplication), except as otherwise may be provided with respect to a Series of Bonds by the Supplemental Resolution authorizing such Bonds:

1. All Employers' Contributions received by the System or the Fiscal Agent.

2. With respect to any particular Bonds, the proceeds of any draw on or payment under any Credit Facility which is intended for the payment of such Bonds, but only for purposes of such payment and not for other purposes of the Resolution.

3. Net amounts received by the System pursuant to a Qualified Hedge.

4. Income and interest earned and gains realized in excess of losses suffered by any Fund, Account, or Subaccount held by the Fiscal Agent under the terms of the Resolution, subject to the provisions of Sections 1301 and 1303 thereof.

5. Any other revenues, fees, charges, surcharges, rents, proceeds or other income and receipts received by or on behalf of the System or by the Fiscal Agent, lawfully available for the purposes of the Resolution and deposited by or on behalf of the System or by the Fiscal Agent in any Fund, Account, or Subaccount held by the Fiscal Agent under the terms of the Resolution, subject to the provisions of Sections 1301 and 1303 thereof.

**"Subaccount"** or **"Subaccounts"** shall mean any subaccount or subaccounts, as the case may be, in each case which may be in the form of a separate account, established or created pursuant to the Resolution, but does not include any escrow or other fund or account established or created pursuant to Section 1301 thereof.

-4-

GIRO DE TRANSACCIONES
COMERCIALES

16 JAN 19  PM 2: 07

**"Supplemental Resolution"** shall mean any resolution supplemental to or amendatory of the Resolution or any Supplemental Resolution, adopted by the System in accordance with Articles IX and X of the Resolution.

GISTRO DE TRANSACCIONES
COMERCIALES

16 JAN 19  PM 2:07

# Annex 1

[Security Agreement]

...RO DE TRANSACCIONES
COMERCIALES

16 JAN 19  PM 2:08

## SECURITY AGREEMENT

This SECURITY AGREEMENT, dated as of June 2, 2008, is by and between the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "Debtor") and Owners from time to time of the Pension Funding Bonds of the Debtor (the "Pension Funding Bonds") issued from time to time pursuant to the Debtor's Pension Funding Bond Resolution adopted by the Debtor's Board of Trustees on January 24, 2008, as amended and supplemented from time to time (the "Resolution"), and other Beneficiaries under the Resolution, which Owners and Beneficiaries are represented for purposes of this Security Agreement by The Bank of New York, as fiscal agent under the Resolution (the "Secured Party"). All capitalized words not defined herein shall have the meanings ascribed to them in the Resolution.

In order to provide security for the Debtor's payment of principal of, premium (if any) and interest on its Pension Funding Bonds and its payment of amounts due to the Owners of the Pension Funding Bonds and other Beneficiaries in accordance with the terms of the Pension Funding Bonds and the terms of the Resolution, Debtor hereby grants to the Secured Party a security interest in (i) the Pledged Property, and (ii) all proceeds thereof and all after-acquired property, subject to application as permitted by the Resolution. Remedies for failure of the Debtor to make timely payment of principal of, premium (if any) and interest on the Pension Funding Bonds or failure of the Debtor to fulfill its other covenants contained in the Resolution for the benefit of the Owners of the Pension Funding Bonds and the other Beneficiaries are as set forth in the Resolution.

The Debtor shall cause UCC financing statements and continuation statements to be filed, as appropriate, and the Secured Party shall not be responsible for any UCC filings.

EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO

By _____

Name:

Title:

THE BANK OF NEW YORK, as Fiscal Agent under the Resolution

By _____

Name:

Title:

GISTRO DE TRANSACCIONES
COMERCIALES

16 JAN 19 PM 2: 08

## SECURITY AGREEMENT

This SECURITY AGREEMENT, dated as of June 2, 2008, is by and between the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "Debtor") and Owners from time to time of the Pension Funding Bonds of the Debtor (the "Pension Funding Bonds") issued from time to time pursuant to the Debtor's Pension Funding Bond Resolution adopted by the Debtor's Board of Trustees on January 24, 2008, as amended and supplemented from time to time (the "Resolution"), and other Beneficiaries under the Resolution, which Owners and Beneficiaries are represented for purposes of this Security Agreement by The Bank of New York, as fiscal agent under the Resolution (the "Secured Party"). All capitalized words not defined herein shall have the meanings ascribed to them in the Resolution.

In order to provide security for the Debtor's payment of principal of, premium (if any) and interest on its Pension Funding Bonds and its payment of amounts due to the Owners of the Pension Funding Bonds and other Beneficiaries in accordance with the terms of the Pension Funding Bonds and the terms of the Resolution, Debtor hereby grants to the Secured Party a security interest in (i) the Pledged Property, and (ii) all proceeds thereof and all after-acquired property, subject to application as permitted by the Resolution. Remedies for failure of the Debtor to make timely payment of principal of, premium (if any) and interest on the Pension Funding Bonds or failure of the Debtor to fulfill its other covenants contained in the Resolution for the benefit of the Owners of the Pension Funding Bonds and the other Beneficiaries are as set forth in the Resolution.

The Debtor shall cause UCC financing statements and continuation statements to be filed, as appropriate, and the Secured Party shall not be responsible for any UCC filings.

**EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO**

By _____
Name:
Title:

**THE BANK OF NEW YORK,** as Fiscal Agent under the Resolution

By _____
Name: Steven Vaccarello
Title:  Vice President

2009001812

DE ESTADO
ERTO RICO
DE FINANCIAMIENTO
FINANCING *STATEMENT*

Favor de seguir cuidadosamente las instrucciones indicadas al dorso de esta forma
*Please follow carefully the instructions indicated on the reverse side of this form.*

Reservado para el oficial de archivo / *Reserved for the filing officer*

Sello de fecha y hora:
*Date and time stamp*

Número de registro:
*Registration number:*    08 JUN 24   PM 2: 36

**A. DEVOLVER COPIA A:** *I RETURN COPY TO:* (Nombre y dirección postal / *Name and mailing address*)

Anita el Toro, Esq.
Fiddler, González & Rodríguez
PO Box 363507
San Juan, Puerto Rico 00936-3507

---

**1. NOMBRE DEL PRIMER DEUDOR /** *FIRST DEBTOR'S NAME* Complete sólo un nombre (a o b) / *Insert only one name (a or b)*

| a. Apellido del individuo/*Individual's last name* | Segundo Apellido/*Second surname* | Primer nombre/*First name* | Segundo nombre/*Middle name* | Sufijo/*Suffix* |
|---|---|---|---|---|

b. Nombre de la entidad / *Entity name*   EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO (the "System")

| c. Dirección postal / *Mailing address* | Ciudad / *City* | Estado/*State* | País/*Country* | Código postal/*Zip code* |
|---|---|---|---|---|
| 437 Ponce de León Avenue Stop 32½ | SAN JUAN | PR | USA | 00918 |

| d. Número de seguro social o patronal /*Social security or tax-id number* | e. (Opcional) Información adicional sobre la entidad /(*Optional) Additional information about the entity* |
|---|---|

---

**2. NOMBRE DE DEUDOR ADICIONAL /** *ADDITIONAL DEBTOR'S NAME* Complete sólo un nombre (a o b) / *Insert only one name (a or b)*

| a. Apellido del individuo/*Individual's last name* | Segundo Apellido/*Second surname* | Primer nombre/*First name* | Segundo nombre/*Middle name* | Sufijo/*Suffix* |
|---|---|---|---|---|

b. Nombre de la entidad / *Entity name*

| c. Dirección postal / *Mailing address* | Ciudad / *City* | Estado/*State* | País/*Country* | Código postal/*Zip code* |
|---|---|---|---|---|

| d. Número de seguro social o patronal /*Social security or tax-id number* | e. (Opcional) Información adicional sobre la entidad /(*Optional) Additional information about the entity* |
|---|---|

---

**3. NOMBRE DEL ACREEDOR GARANTIZADO/SECURED PARTY'S NAME** Complete sólo un nombre (a o b)/*Insert only one name (a or b)*

| a. Apellido del individuo/*Individual's last name* | Segundo Apellido/*Second surname* | Primer nombre/*First name* | Segundo nombre/*Middle name* | Sufijo/*Suffix* |
|---|---|---|---|---|

b. Nombre de la entidad / *Entity name*   The Bank of New York, as fiscal agent under a Pension Funding Bond Resolution adopted by the System on January 24, 2008, as supplemented by a Second Supplemental Pension Funding Bond Resolution, adopted by the System on May 27, 2008, providing for the issuance of $1,058,634,613.05 aggregate principal amount of the System's Senior Pension Funding Bonds, Series B

| c. Dirección postal / *Mailing address* | Ciudad / *City* | Estado/*State* | País/*Country* | Código postal/*Zip code* |
|---|---|---|---|---|
| 101 Barclay Street, 7 West | New York | New York | USA | 10286 |

---

**4. ESTA DECLARACION DE FINANCIAMIENTO CUBRE LAS SIGUIENTES CLASES O ARTICULOS DE PROPIEDAD:**
*THIS FINANCING STATEMENT COVERS THE FOLLOWING TYPES OR ITEMS OF PROPERTY:*

The pledged property described in the Security Agreement attached as **Exhibit A** hereto and by this reference made a part hereof.

---

**5. MARQUE SI APLICA /** *CHECK IF APPLICABLE* (Describa la propiedad en el apéndice / *Describe the real estate in the addendum*)

☐ Los bienes anteriores habrán de convertirse en inmuebles por su destino. Esta declaración se presentará para registro en el Registro de la Propiedad.
*The goods described above are to become fixtures. This Financing Statement will be filed for record in the Real Estate Registry.*

---

**6. FIRMA(S) /** *SIGNATURE(S)*

| Primer deudor / *First debtor* | Deudor adicional / *Additional debtor* | Acreedor garantizado / *Secured party* |
|---|---|---|
| SEE RIDER ATTACHED HERETO | | |

---

**7. NOTARIA** (Opcional) / *NOTARY (Optional)*
AFFIDAVIT NUMBER/*NUMBER:*  344

Jurado y suscrito ante mí/ *sworn to and suscribed before me by:* Minia Gonzalez Alvarez, ... her capacity as Acting Administrator of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico,

En/*In:* San Juan, Puerto Rico
Fecha/*Date:* Jun __, 1008

Notario Público / *Notary Public*

ABOGADO-NOTARIO

## SECURITY AGREEMENT

This SECURITY AGREEMENT, dated as of June 2, 2008, is by and between the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "Debtor") and Owners from time to time of the Pension Funding Bonds of the Debtor (the "Pension Funding Bonds") issued from time to time pursuant to the Debtor's Pension Funding Bond Resolution adopted by the Debtor's Board of Trustees on January 24, 2008, as amended and supplemented from time to time (the "Resolution"), and other Beneficiaries under the Resolution, which Owners and Beneficiaries are represented for purposes of this Security Agreement by The Bank of New York, as fiscal agent under the Resolution (the "Secured Party").  All capitalized words not defined herein shall have the meanings ascribed to them in the Resolution.

In order to provide security for the Debtor's payment of principal of, premium (if any) and interest on its Pension Funding Bonds and its payment of amounts due to the Owners of the Pension Funding Bonds and other Beneficiaries in accordance with the terms of the Pension Funding Bonds and the terms of the Resolution, Debtor hereby grants to the Secured Party a security interest in (i) the Pledged Property, and (ii) all proceeds thereof and all after-acquired property, subject to application as permitted by the Resolution.   Remedies for failure of the Debtor to make timely payment of principal of, premium (if any) and interest on the Pension Funding Bonds or failure of the Debtor to fulfill its other covenants contained in the Resolution for the benefit of the Owners of the Pension Funding Bonds and the other Beneficiaries are as set forth in the Resolution.

The Debtor shall cause UCC financing statements and continuation statements to be filed, as appropriate, and the Secured Party shall not be responsible for any UCC filings.

**EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO**

By _____

Name:

Title:

**THE BANK OF NEW YORK**, as Fiscal Agent under the Resolution

By _____

Name:

Title:

## SECURITY AGREEMENT

This SECURITY AGREEMENT, dated as of June 2, 2008, is by and between the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "Debtor") and Owners from time to time of the Pension Funding Bonds of the Debtor (the "Pension Funding Bonds") issued from time to time pursuant to the Debtor's Pension Funding Bond Resolution adopted by the Debtor's Board of Trustees on January 24, 2008, as amended and supplemented from time to time (the "Resolution"), and other Beneficiaries under the Resolution, which Owners and Beneficiaries are represented for purposes of this Security Agreement by The Bank of New York, as fiscal agent under the Resolution (the "Secured Party"). All capitalized words not defined herein shall have the meanings ascribed to them in the Resolution.

In order to provide security for the Debtor's payment of principal of, premium (if any) and interest on its Pension Funding Bonds and its payment of amounts due to the Owners of the Pension Funding Bonds and other Beneficiaries in accordance with the terms of the Pension Funding Bonds and the terms of the Resolution, Debtor hereby grants to the Secured Party a security interest in (i) the Pledged Property, and (ii) all proceeds thereof and all after-acquired property, subject to application as permitted by the Resolution. Remedies for failure of the Debtor to make timely payment of principal of, premium (if any) and interest on the Pension Funding Bonds or failure of the Debtor to fulfill its other covenants contained in the Resolution for the benefit of the Owners of the Pension Funding Bonds and the other Beneficiaries are as set forth in the Resolution.

The Debtor shall cause UCC financing statements and continuation statements to be filed, as appropriate, and the Secured Party shall not be responsible for any UCC filings.

**EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO**

By _____
Name:
Title:

**THE BANK OF NEW YORK,** as Fiscal Agent under the Resolution

By _____
Name: Steven Vaccarello
Title:  Vice President

ESTADO LIBRE ASOCIADO DE
**PUERTO RICO**
DEPARTAMENTO DE ESTADO
Registro de Transacciones Comerciales

ENMIENDA DECLARACIÓN DE FINANCIAMIENTO
*FINANCING STATEMENT AMENDMENT*
SIGA INSTRUCCIONES / *FOLLOW INSTRUCTIONS*

A. NOMBRE Y TELÉFONO DE PRESENTANTE (opcional) / *NAME & PHONE OF CONTACT AT FILER (optional)*

B. CORREO ELECTRÓNICO DE PRESENTANTE (opcional) / *E-MAIL CONTACT AT FILER (optional)*



3:55 pm

**CT CORPORATION SYSTEM**
**PO BOX 9022946**
**SAN JUAN, PR 00902-2946**

EL ESPACIO ARRIBA ES PARA USO DEL OFICIAL DE REGISTRO SÓLAMENTE
*THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY*

| 1a. NÚMERO DE REGISTRO DE DECLARACIÓN DE FINANCIAMIENTO INICIAL / *INITIAL FINANCING STATEMENT FILE NUMBER* | 1b. |
|---|---|
| **2009001812** | Esta ENMIENDA DE DECLARACIÓN DE FINANCIAMIENTO se presentará (para inscripción) en el REGISTRO DE LA PROPIEDAD / *This FINANCING STATEMENT AMENDMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS*  Presentante: anejo Anejo de Enmienda (Forma UCC3ApR) y provea el nombre del Deudor en el renglón 13  *Filer: attach Amendment Addendum (Form UCC3Ap) and provide Debtor's name in item 13* |

2. ☐ **TERMINACIÓN:** La efectividad de la Declaración de Financiamiento arriba identificada es terminada con respecto al interés en la colateral del Acreedor Garantizado que autoriza esta Declaración de Terminación / *TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement*

3. ☐ **CESIÓN (total o parcial):** Provea nombre del Cesionario en renglón 7a o 7b y su dirección en el renglón 7c y nombre del Cedente en el renglón 9. Para cesión parcial, complete renglón 7 y 9 y también indique la colateral afectada en el renglón 8 / *ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9. For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8*

4. ☐ **CONTINUACIÓN:** La efectividad de la Declaración de Financiamiento identificada arriba con respecto al interés en la colateral del Acreedor Garantizado que autoriza esta Declaración de Continuación se confirma por el período adicional provisto por ley / *CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by law*

5. ☑ **CAMBIO DE INFORMACIÓN DE PARTE; *PARTY INFORMATION CHANGE:***

Marque una de las dos opcional: *Check one of these two boxes:*   Y Marque una de estas tres opciones: AND Check one of these three boxes:

6. **INFORMACIÓN ACTUAL DE EXPEDIENTE:** Complete para Cambio de Información de Parte - provea solo un nombre (6a o 6b) / *CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)*

| 6a. NOMBRE DE ENTIDAD / *ORGANIZATION'S NAME* | | | |
|---|---|---|---|
| OR 6b. APELLIDO / *INDIVIDUAL'S SURNAME* | NOMBRE / *FIRST PERSONAL NAME* | SEGUNDO NOMBRE / *ADDITIONAL NAME* | SUFIJO / *SUFFIX* |

7. **INFORMACIÓN CAMBIADA O AGREGADA:** Complete para Cesión y Cambio de Información de Parte - provea solo un nombre (7a o 7b) bajo nombre, complete y exacto; no omita, modifique o abrevie ninguna parte del nombre del Deudor) / *CHANGED or ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)*

| 7a. NOMBRE DE ENTIDAD / *ORGANIZATION'S NAME* | | | |
|---|---|---|---|
| **The Bank of New York Mellon (as successor to The Bank of New York) as fiscal agent** | | | |
| OR 7b. APELLIDO / *INDIVIDUAL'S SURNAME* | | | |
| NOMBRE / *INDIVIDUAL'S FIRST PERSONAL NAME* | | | |
| SEGUNDO NOMBRE / *INDIVIDUAL'S ADDITIONAL NAME* | | | SUFIJO / *SUFFIX* |

| 7c. DIRECCIÓN POSTAL / *MAILING ADDRESS* | CIUDAD / *CITY* | ESTADO / *STATE* | CÓDIGO POSTAL / *POSTAL CODE* | PAÍS / *COUNTRY* |
|---|---|---|---|---|
| 101 Barclay Street | New York | NY | 10285 | USA |

8. ☑ **CAMBIO DE COLATERAL:** También marque una de las cuatro alternativas: *COLLATERAL CHANGE: Also check one of these four boxes:* ☐ AGREGA colateral / *ADD collateral* ☐ ELIMINA colateral / *DELETE collateral* ☑ REPLANTEA colateral cubierta / *RESTATE covered collateral* ☐ CEDE colateral / *ASSIGN collateral*

Indique colateral / *Indicate collateral:*
**The Pledged Property and all proceeds thereof and all after-acquired property as described more fully in Exhibit A attached hereto and incorporated by reference.**

9. **NOMBRE DE ACREEDOR GARANTIZADO EN RECORD AUTORIZANDO ESTA ENMIENDA:** Provea solo un nombre (9a o 9b) (nombre de Cedente, si es una Cesión) (Si esto es una Enmienda autorizada por el Deudor, marque aquí ☐ y provea el nombre del Deudor autorizando) *NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment) If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor*

| 9a. NOMBRE DE ENTIDAD / *ORGANIZATION'S NAME* | | | |
|---|---|---|---|
| **The Bank of New York Mellon (as successor to The Bank of New York) as Fiscal Agent** | | | |
| OR 9b. APELLIDO / *INDIVIDUAL'S SURNAME* | NOMBRE / *FIRST PERSONAL NAME* | SEGUNDO NOMBRE / *ADDITIONAL NAME* | SUFIJO / *SUFFIX* |

10. DATOS OPCIONALES DE REFERENCIA PARA PRESENTANTE / *OPTIONAL FILER REFERENCE DATA:*

COPIA OFICINA DE REGISTRO — ENMIENDA DE DECLARACIÓN DE FINANCIAMIENTO (Forma UCC3PR) (Rev. 05/11/14)

## EXHIBIT A TO FINANCING STATEMENT

**DEBTOR:**                                                    **SECURED PARTY:**

| Employees Retirement System of the Government of the Commonwealth of Puerto Rico 437 Ponce de León Avenue Stop 32 ½ San Juan, Puerto Rico 00917 | The Bank of New York Mellon, as Fiscal Agent 101 Barclay Street New York, New York 10286 |
|---|---|

### Description of Collateral

The collateral described in this financing statement is all present and future right, title and interest of the System in and to (i) the Pledged Property and (ii) all proceeds thereof and all after-acquired property, as set forth in the Security Agreement attached hereto as Annex 1.

### Definitions[1]

**"Account"** or **"Accounts"** shall mean any account or accounts, including, without limitation, bank, deposit or securities accounts, as the case may be, established and created pursuant to the Resolution, but does not include any escrow or other fund or account established or created pursuant to Section 1301 thereof.

**"Act"** shall mean Act No. 447 of the Legislative Assembly of Puerto Rico, approved May 15, 1951, as amended and supplemented.

**"Bond"** or **"Bonds"** shall mean the initial Series of Bonds and any additional Bonds authorized to be issued on a parity therewith pursuant to Section 202 or 708 of the Resolution.

**"Commonwealth"** shall mean the Commonwealth of Puerto Rico.

**"Credit Facility"** shall mean each irrevocable letter of credit, bond insurance policy, surety bond, loan agreement, or other agreement, facility or insurance or guaranty arrangement issued or extended by a bank, a trust company, a national banking association, an organization subject to registration with the Board of Governors of the Federal Reserve System under the Bank Holding Company Act of 1956 or any successor provisions of law, a federal branch pursuant to the International Banking Act of 1978 or any successor provisions of law, a savings bank, a savings and loan association, a Federal Home Loan Bank, a corporation, an insurance company or association chartered or organized under the laws of any state of the United States of America, the Government National Mortgage Association or any successor thereto, Fannie Mae, the Federal Home Loan Mortgage Corporation or any successor thereto, or any other federal or state agency or instrumentality approved by the System, which secures the payment of any Bond, or

---

[1] Capitalized terms not defined herein shall have the meanings assigned to them in the Resolution (as defined below).

US_ACTIVE-124815908

pursuant to which the System is entitled to obtain moneys to pay, in the Currency in which the Bonds of such Series are payable, the principal or Redemption Price of Bonds (or any related Qualified Hedges) due in accordance with their respective terms plus accrued interest thereon to the date of payment thereof in accordance herewith and with the Supplemental Resolution authorizing such Bonds, whether or not the System is in default under this Resolution; provided, that use of a Credit Facility shall not result, at the time of delivery of the Credit Facility, in a reduction in the Rating of any Bonds Outstanding; and provided further, that a substitute Credit Facility may be obtained from time to time (i) which shall contain the same material terms as set forth in the Credit Facility for which substitution is made, and (ii) will not, in and of itself, result in a Rating of the related Bonds lower than those which then prevailed.

"**Debt Service Reserve Account**" shall mean the Account by that name established by Section 502 of the Resolution.

"**Employers**" shall mean, pursuant to the Act, the government of Puerto Rico, or any Public Enterprise, or municipality, but shall exclude, however, those subsidiary enterprises of government instrumentalities whose employees, in the judgment of the Board of Trustees of the System, may not have a clear relationship of employee and employer with regard to the Commonwealth.

"**Employers' Contributions**" shall mean the contributions paid from and after the date hereof that are made by the Employers and any assets in lieu thereof or derived thereunder which are payable to the System pursuant to Sections 2-116, 3-105 and 4-113 of the Act.

"**Fiscal Agent**" shall mean the bank, trust company or national banking association appointed pursuant to Section 801 of the Resolution, and its successor or successors and any other bank, trust company or national banking association which may at any time be substituted in its place pursuant to the provisions of the Resolution.

"**Fund**" or "**Funds**" shall mean any fund or funds established and created pursuant to the Resolution, but does not include any escrow or other fund or account established or created pursuant to Section 1301 thereof.

"**Parity Obligations**" shall mean, collectively, all Parity Reimbursement Obligations and Parity Hedge Obligations.

"**Pledged Property**" shall mean the following, collectively (but without duplication), except as otherwise may be provided with respect to a Series of Bonds by the Supplemental Resolution authorizing such Bonds:

1.    All Revenues.

2.    All right, title and interest of the System in and to Revenues, and all rights to receive the same.

3.  The Funds, Accounts, and Subaccounts held by the Fiscal Agent, and Investment securities and, in the case of the Debt Service Reserve Account, Reserve Account Cash Equivalents, from time to time held by the Fiscal Agent under the terms of the Resolution, subject to the application thereof as provided in the Resolution and to the provisions of Sections 1301 and 1303 thereof.

4.  Any and all other rights and personal property of every kind and nature from time to time hereafter pledged and assigned by the System to the Fiscal Agent as and for additional security for the Bonds and Parity Obligations.

5.  Any and all cash and non-cash proceeds, products, offspring, rents and profits from any of the Pledged Property mentioned described in paragraphs (1) through (4) above, including, without limitation, those from the sale, exchange, transfer, collection, loss, damage, disposition, substitution or replacement of any of the foregoing.

"**Public Enterprise**" shall mean any government instrumentality or public corporation of the Commonwealth.

"**Qualified Hedge**" shall mean, with respect to particular Bonds, (i) any financial arrangement (a) which is entered into by the System with an entity that is a Qualified Hedge Provider at the time the arrangement is entered into, (b) which is a cap, floor or collar, forward rate, future rate, swap (such swap may be based on an amount equal either to the principal amount of such Bonds as may be designated or a notional principal amount relating to all or a portion of the principal amount of such Bonds), asset, index, Currency, price or market-linked transaction or agreement, other exchange or rate protection transaction agreement, other similar transaction (however designated), or any combination thereof, or any option with respect to any of the foregoing, executed by the System, and (c) which has been designated as a Qualified Hedge with respect to such Bonds in a written determination signed by an Authorized Officer and delivered to the Fiscal Agent, and (ii) any Credit Facility securing the obligations of the System under any financial arrangement described in clause (i) above. Each Qualified Hedge shall provide that the System and the Qualified Hedge Provider shall provide not less than ten-days' prior written notice of any amendment to the Fiscal Agent.

"**Qualified Hedge Provider**" shall mean a Person whose long-term obligations, other unsecured, long-term obligations, financial program rating, counterparty rating, or claims paying ability, or whose payment obligations under an agreement that would be a Qualified Hedge are guaranteed by an entity whose long term debt obligations, other unsecured long term obligations, financial program rating, counterparty rating, or claims paying ability, are rated, or whose payment obligations under an interest rate exchange agreement are collateralized in such manner as to cause such agreement to be rated, at the time of the execution of such Qualified Hedge, either (i) at least as high as the third highest Rating Category of each Rating Agency, but in no event lower than any Rating Category designated by any such Rating Agency for the Bonds subject to such Qualified Hedge (without reference to bond insurance, if any), or (ii) any such lower Rating Categories which each such Rating Agency indicates in writing to the System and the Fiscal Agent will not, by itself, result in a reduction or withdrawal of its Rating (without

- 3 -

reference to bond insurance, if any) on the Outstanding Bonds, and (iii) a Person whose payment obligations under an interest rate exchange agreement are subject to collateralization requirements that, as evidenced in writing to the System and the Fiscal Agent by each Rating Agency, will not, by itself, result in a reduction or withdrawal of its Rating (without reference to bond insurance, if any) on the Outstanding Bonds.

**"Reserve Account Cash Equivalent"** shall mean a letter of credit, insurance policy, surety, guaranty or other security arrangement provided to the Fiscal Agent as a substitute for the deposit of cash and/or Investment Securities, or another Reserve Account Cash Equivalent, in the Debt Service Reserve Account pursuant to Section 506 of the Resolution. Each such arrangement shall be provided by a Person whose claims paying ability has been assigned a rating from each Rating Agency at least equal to the then existing rating on the Bonds or whose unsecured, long-term debt securities are rated by each Rating Agency at least equal to the then existing Rating on the Bonds (or the highest short-term rating if the Reserve Account Cash Equivalent has a remaining term measured from the date it is provided not exceeding one year).

**"Resolution"** shall mean the Pension Bond Resolution adopted by the System on or about January 24, 2008, as amended and/or supplemented from time to time.

**"Revenues"** shall mean the following, collectively (but without duplication), except as otherwise may be provided with respect to a Series of Bonds by the Supplemental Resolution authorizing such Bonds:

1. All Employers' Contributions received by the System or the Fiscal Agent.

2. With respect to any particular Bonds, the proceeds of any draw on or payment under any Credit Facility which is intended for the payment of such Bonds, but only for purposes of such payment and not for other purposes of the Resolution.

3. Net amounts received by the System pursuant to a Qualified Hedge.

4. Income and interest earned and gains realized in excess of losses suffered by any Fund, Account, or Subaccount held by the Fiscal Agent under the terms of the Resolution, subject to the provisions of Sections 1301 and 1303 thereof.

5. Any other revenues, fees, charges, surcharges, rents, proceeds or other income and receipts received by or on behalf of the System or by the Fiscal Agent, lawfully available for the purposes of the Resolution and deposited by or on behalf of the System or by the Fiscal Agent in any Fund, Account, or Subaccount held by the Fiscal Agent under the terms of the Resolution, subject to the provisions of Sections 1301 and 1303 thereof.

**"Subaccount"** or **"Subaccounts"** shall mean any subaccount or subaccounts, as the case may be, in each case which may be in the form of a separate account, established or created pursuant to the Resolution, but does not include any escrow or other fund or account established or created pursuant to Section 1301 thereof.

**"Supplemental Resolution"** shall mean any resolution supplemental to or amendatory of the Resolution or any Supplemental Resolution, adopted by the System in accordance with Articles IX and X of the Resolution.

- 5 -

ESTADO LIBRE ASOCIADO DE
**PUERTO RICO**
DEPARTAMENTO DE ESTADO
Registro de Transacciones Comerciales

**ENMIENDA DECLARACIÓN DE FINANCIAMIENTO**
*FINANCING STATEMENT AMENDMENT*
SIGA INSTRUCCIONES / *FOLLOW INSTRUCTIONS*

REGISTRO DE TRANSACCIONES
COMERCIALES

16 JAN 19 PM 2:07

**A. NOMBRE Y TELÉFONO DE PRESENTANTE (opcional) /** *NAME & PHONE OF CONTACT AT FILER (optional)*

**B. CORREO ELECTRÓNICO DE PRESENTANTE (opcional) /** *E-MAIL CONTACT AT FILER (optional)*

**C. ENVÍE CONFIRMACIÓN A: (nombre y dirección) /** *SEND ACKN*

CT CORPORATION SYSTEM
PO BOX 9022946
SAN JUAN, PR 00902-2946

EL ESPACIO ARRIBA ES PARA USO DEL OFICIAL DE REGISTRO SÓLAMENTE
*THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY*

**1a. NÚM. FINANC.**

**2009001812**

**1b.** ☐ Esta ENMIENDA DE DECLARACIÓN DE FINANCIAMIENTO es presentada [para inscripción] en el REGISTRO DE LA PROPIEDAD / *This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS*
Presentante: anexe Anejo de Enmienda (Forma UCC3AdPR) y provea el nombre del Deudor en el renglón 13
*Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13*

**2.** ☐ **TERMINACIÓN:** La efectividad de la Declaración de Financiamiento arriba identificada es terminada con respecto al interés en la colateral del Acreedor Garantizado que autoriza esta Declaración de Terminación / *TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement*

**3.** ☐ **CESIÓN** (total o parcial): Provea nombre del Cesionario en renglón 7a o 7b y su dirección en el renglón 7c y nombre del Cedente en el renglón 9. Para cesión parcial, complete renglón 7 y 9 y también indique la colateral afectada en el renglón 8 / *ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9. For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 9*

**4.** ☐ **CONTINUACIÓN:** La efectividad de la Declaración de Financiamiento identificada arriba con respecto al interés en la colateral del Acreedor Garantizado que autoriza esta Declaración de Continuación se continúa por el período adicional provisto por ley / *CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by law*

**5.** ☑ **CAMBIO DE INFORMACIÓN DE PARTE:** *PARTY INFORMATION CHANGE:*

Marque **una** de las tres opciones: *Check one of these two boxes:* ☒ Marque **una** de estas tres opciones: *AND Check one of these three boxes:*

| Esta Cambia afecta *This Change effects* | ☐ Deudor o *Debtor or* ☑ Acreedor Garantizado de record *Secured Party of record* | CAMBIO nombre y/o dirección: Complete renglón 6a o 6b y renglón 7a o 7b y renglón 7c / *CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c* | ADICIONE nombre: Complete renglón 7a o 7b y renglón 7c / *ADD name: Complete item 7a or 7b, and item 7c* | Elimine nombre: Provea nombre a ser eliminado en renglón 6a o 6b / *DELETE name: Give record name to be deleted in item 6a or 6b* |

**6. INFORMACIÓN ACTUAL DE EXPEDIENTE:** Complete para Cambio de Información de Parte – provea sólo **un** nombre (6a o 6b) / *CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)*

| **6a. NOMBRE DE ENTIDAD /** *ORGANIZATION'S NAME* | | | |
|---|---|---|---|

OR

| **6b. APELLIDO /** *INDIVIDUAL'S SURNAME* | NOMBRE / *FIRST PERSONAL NAME* | SEGUNDO NOMBRE / *ADDITIONAL NAME* | SUFIJO *SUFFIX* |
|---|---|---|---|

**7. INFORMACIÓN CAMBIADA O AGREGADA:** Complete para Cesión o Cambio de Información de Parte – provea sólo **un** nombre (7a o 7b) (use nombre completo y exacto; no omita, modifique o abrevie ninguna parte del nombre del Deudor) / *CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)*

| **7a. NOMBRE DE ENTIDAD /** *ORGANIZATION'S NAME* | | | |
|---|---|---|---|
| The Bank of New York Mellon (as successor to The Bank of New York) as fiscal agent | | | |

OR

| **7b. APELLIDO /** *INDIVIDUAL'S SURNAME* | | | |
|---|---|---|---|
| NOMBRE / *INDIVIDUAL'S FIRST PERSONAL NAME* | | | |
| SEGUNDO NOMBRE / *INDIVIDUAL'S ADDITIONAL NAME* | | | SUFIJO *SUFFIX* |

| **7c. DIRECCIÓN POSTAL /** *MAILING ADDRESS* | CIUDAD / *CITY* | ESTADO *STATE* | CÓDIGO POSTAL *POSTAL CODE* | PAÍS *COUNTRY* |
|---|---|---|---|---|
| 101 Barclay Street | New York | NY | 10286 | USA |

**8.** ☐ **CAMBIO DE COLATERAL:** *COLLATERAL CHANGE:* También marque **una** de las cuatro alternativas: / *also check one of these four boxes:* ☐ AGREGA colateral *ADD collateral* ☐ ELIMINA colateral *DELETE collateral* ☑ REFORMULA colateral cubierta *RESTATE covered collateral* ☐ CEDE colateral *ASSIGN collateral*

Indique colateral / *indicate collateral:*
The Pledged Property and all proceeds thereof and all after-acquired property as described more fully in Exhibit A attached hereto and incorporated by reference.

**9. NOMBRE DE ACREEDOR GARANTIZADO EN RECORD AUTORIZANDO ESTA ENMIENDA:** Provea sólo **un** nombre (9a o 9b) (nombre de Cedente, si es una Cesión) Si esta es una Enmienda autorizada por el Deudor, marque aquí ☐ y provea el nombre del Deudor autorizante / *NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment) If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor*

| **9a. NOMBRE DE ENTIDAD /** *ORGANIZATION'S NAME* | | | |
|---|---|---|---|
| The Bank of New York Mellon (as successor to The Bank of New York) as Fiscal Agent | | | |

OR

| **9b. APELLIDO /** *INDIVIDUAL'S SURNAME* | NOMBRE / *FIRST PERSONAL NAME* | SEGUNDO NOMBRE / *ADDITIONAL NAME* | SUFIJO *SUFFIX* |
|---|---|---|---|

**10. DATOS OPCIONALES DE REFERENCIA PARA PRESENTANTE /** *OPTIONAL FILER REFERENCE DATA:*

COPIA OFICINA DE REGISTRO — ENMIENDA DE DECLARACIÓN DE FINANCIAMIENTO (Forma UCC3PR) (Rev. 05/11/14)

REGISTRO DE TRANSACCIONES
COMERCIALES

16 JAN 19 PM 2:07

## EXHIBIT A TO FINANCING STATEMENT

| DEBTOR: | SECURED PARTY: |
|---|---|
| Employees Retirement System of the Government of the Commonwealth of Puerto Rico<br>437 Ponce de León Avenue<br>Stop 32 ½<br>San Juan, Puerto Rico 00917 | The Bank of New York Mellon, as Fiscal Agent<br>101 Barclay Street<br>New York, New York 10286 |

### Description of Collateral

The collateral described in this financing statement is all present and future right, title and interest of the System in and to (i) the Pledged Property and (ii) all proceeds thereof and all after-acquired property, as set forth in the Security Agreement attached hereto as Annex 1.

### Definitions[1]

**"Account"** or **"Accounts"** shall mean any account or accounts, including, without limitation, bank, deposit or securities accounts, as the case may be, established and created pursuant to the Resolution, but does not include any escrow or other fund or account established or created pursuant to Section 1301 thereof.

**"Act"** shall mean Act No. 447 of the Legislative Assembly of Puerto Rico, approved May 15, 1951, as amended and supplemented.

**"Bond"** or **"Bonds"** shall mean the initial Series of Bonds and any additional Bonds authorized to be issued on a parity therewith pursuant to Section 202 or 708 of the Resolution.

**"Commonwealth"** shall mean the Commonwealth of Puerto Rico.

**"Credit Facility"** shall mean each irrevocable letter of credit, bond insurance policy, surety bond, loan agreement, or other agreement, facility or insurance or guaranty arrangement issued or extended by a bank, a trust company, a national banking association, an organization subject to registration with the Board of Governors of the Federal Reserve System under the Bank Holding Company Act of 1956 or any successor provisions of law, a federal branch pursuant to the International Banking Act of 1978 or any successor provisions of law, a savings bank, a savings and loan association, a Federal Home Loan Bank, a corporation, an insurance company or association chartered or organized under the laws of any state of the United States of America, the Government National Mortgage Association or any successor thereto, Fannie Mae, the Federal Home Loan Mortgage Corporation or any successor thereto, or any other federal or state agency or instrumentality approved by the System, which secures the payment of any Bond, or

---

[1]   Capitalized terms not defined herein shall have the meanings assigned to them in the Resolution (as defined below).

REGISTRO DE TRANSACCIONES
COMERCIALES

16 JAN 19 PM 2:07

pursuant to which the System is entitled to obtain moneys to pay, in the Currency in which the Bonds of such Series are payable, the principal or Redemption Price of Bonds (or any related Qualified Hedges) due in accordance with their respective terms plus accrued interest thereon to the date of payment thereof in accordance herewith and with the Supplemental Resolution authorizing such Bonds, whether or not the System is in default under this Resolution; provided, that use of a Credit Facility shall not result, at the time of delivery of the Credit Facility, in a reduction in the Rating of any Bonds Outstanding; and provided further, that a substitute Credit Facility may be obtained from time to time (i) which shall contain the same material terms as set forth in the Credit Facility for which substitution is made, and (ii) will not, in and of itself, result in a Rating of the related Bonds lower than those which then prevailed.

**"Debt Service Reserve Account"** shall mean the Account by that name established by Section 502 of the Resolution.

**"Employers"** shall mean, pursuant to the Act, the government of Puerto Rico, or any Public Enterprise, or municipality, but shall exclude, however, those subsidiary enterprises of government instrumentalities whose employees, in the judgment of the Board of Trustees of the System, may not have a clear relationship of employee and employer with regard to the Commonwealth.

**"Employers' Contributions"** shall mean the contributions paid from and after the date hereof that are made by the Employers and any assets in lieu thereof or derived thereunder which are payable to the System pursuant to Sections 2-116, 3-105 and 4-113 of the Act.

**"Fiscal Agent"** shall mean the bank, trust company or national banking association appointed pursuant to Section 801 of the Resolution, and its successor or successors and any other bank, trust company or national banking association which may at any time be substituted in its place pursuant to the provisions of the Resolution.

**"Fund"** or **"Funds"** shall mean any fund or funds established and created pursuant to the Resolution, but does not include any escrow or other fund or account established or created pursuant to Section 1301 thereof.

**"Parity Obligations"** shall mean, collectively, all Parity Reimbursement Obligations and Parity Hedge Obligations.

**"Pledged Property"** shall mean the following, collectively (but without duplication), except as otherwise may be provided with respect to a Series of Bonds by the Supplemental Resolution authorizing such Bonds:

1.  All Revenues.

2.  All right, title and interest of the System in and to Revenues, and all rights to receive the same.

REGISTRO DE TRANSACCIONES
COMERCIALES
RECEIVED JAN 19  PM 2:07

3.    The Funds, Accounts, and Subaccounts held by the Fiscal Agent, and moneys and securities and, in the case of the Debt Service Reserve Account, Reserve Account Cash Equivalents, from time to time held by the Fiscal Agent under the terms of the Resolution, subject to the application thereof as provided in the Resolution and to the provisions of Sections 1301 and 1303 thereof.

4.    Any and all other rights and personal property of every kind and nature from time to time hereafter pledged and assigned by the System to the Fiscal Agent as and for additional security for the Bonds and Parity Obligations.

5.    Any and all cash and non-cash proceeds, products, offspring, rents and profits from any of the Pledged Property mentioned described in paragraphs (1) through (4) above, including, without limitation, those from the sale, exchange, transfer, collection, loss, damage, disposition, substitution or replacement of any of the foregoing.

**"Public Enterprise"** shall mean any government instrumentality or public corporation of the Commonwealth.

**"Qualified Hedge"** shall mean, with respect to particular Bonds, (i) any financial arrangement (a) which is entered into by the System with an entity that is a Qualified Hedge Provider at the time the arrangement is entered into, (b) which is a cap, floor or collar, forward rate, future rate, swap (such swap may be based on an amount equal either to the principal amount of such Bonds as may be designated or a notional principal amount relating to all or a portion of the principal amount of such Bonds), asset, index, Currency, price or market-linked transaction or agreement, other exchange or rate protection transaction agreement, other similar transaction (however designated), or any combination thereof, or any option with respect to any of the foregoing, executed by the System, and (c) which has been designated as a Qualified Hedge with respect to such Bonds in a written determination signed by an Authorized Officer and delivered to the Fiscal Agent, and (ii) any Credit Facility securing the obligations of the System under any financial arrangement described in clause (i) above. Each Qualified Hedge shall provide that the System and the Qualified Hedge Provider shall provide not less than ten-days' prior written notice of any amendment to the Fiscal Agent.

**"Qualified Hedge Provider"** shall mean a Person whose long-term obligations, other unsecured, long-term obligations, financial program rating, counterparty rating, or claims paying ability, or whose payment obligations under an agreement that would be a Qualified Hedge are guaranteed by an entity whose long term debt obligations, other unsecured long term obligations, financial program rating, counterparty rating, or claims paying ability, are rated, or whose payment obligations under an interest rate exchange agreement are collateralized in such manner as to cause such agreement to be rated, at the time of the execution of such Qualified Hedge, either (i) at least as high as the third highest Rating Category of each Rating Agency, but in no event lower than any Rating Category designated by any such Rating Agency for the Bonds subject to such Qualified Hedge (without reference to bond insurance, if any), or (ii) any such lower Rating Categories which each such Rating Agency indicates in writing to the System and the Fiscal Agent will not, by itself, result in a reduction or withdrawal of its Rating (without

- 3 -

reference to bond insurance, if any) on the Outstanding Bonds; and (iii) a Person whose payment obligations under an interest rate exchange agreement are subject to collateralization requirements that, as evidenced in writing to the System and the Fiscal Agent by each Rating Agency, will not, by itself, result in a reduction or withdrawal of its Rating (without reference to bond insurance, if any) on the Outstanding Bonds.

**"Reserve Account Cash Equivalent"** shall mean a letter of credit, insurance policy, surety, guaranty or other security arrangement provided to the Fiscal Agent as a substitute for the deposit of cash and/or Investment Securities, or another Reserve Account Cash Equivalent, in the Debt Service Reserve Account pursuant to Section 506 of the Resolution. Each such arrangement shall be provided by a Person whose claims paying ability has been assigned a rating from each Rating Agency at least equal to the then existing rating on the Bonds or whose unsecured, long-term debt securities are rated by each Rating Agency at least equal to the then existing Rating on the Bonds (or the highest short-term rating if the Reserve Account Cash Equivalent has a remaining term measured from the date it is provided not exceeding one year).

**"Resolution"** shall mean the Pension Bond Resolution adopted by the System on or about January 24, 2008, as amended and/or supplemented from time to time.

**"Revenues"** shall mean the following, collectively (but without duplication), except as otherwise may be provided with respect to a Series of Bonds by the Supplemental Resolution authorizing such Bonds:

1.   All Employers' Contributions received by the System or the Fiscal Agent.

2.   With respect to any particular Bonds, the proceeds of any draw on or payment under any Credit Facility which is intended for the payment of such Bonds, but only for purposes of such payment and not for other purposes of the Resolution.

3.   Net amounts received by the System pursuant to a Qualified Hedge.

4.   Income and interest earned and gains realized in excess of losses suffered by any Fund, Account, or Subaccount held by the Fiscal Agent under the terms of the Resolution, subject to the provisions of Sections 1301 and 1303 thereof.

5.   Any other revenues, fees, charges, surcharges, rents, proceeds or other income and receipts received by or on behalf of the System or by the Fiscal Agent, lawfully available for the purposes of the Resolution and deposited by or on behalf of the System or by the Fiscal Agent in any Fund, Account, or Subaccount held by the Fiscal Agent under the terms of the Resolution, subject to the provisions of Sections 1301 and 1303 thereof.

**"Subaccount"** or **"Subaccounts"** shall mean any subaccount or subaccounts, as the case may be, in each case which may be in the form of a separate account, established or created pursuant to the Resolution, but does not include any escrow or other fund or account established or created pursuant to Section 1301 thereof.

ᴺISTRO DE TRANSACCIONES
COMERCIALES

16 JAN 19  PM 2:07

**"Supplemental Resolution"** shall mean any resolution supplemental to or amendatory of the Resolution or any Supplemental Resolution, adopted by the System in accordance with Articles IX and X of the Resolution.

REGISTRO DE TRANSACCIONES
COMERCIALES

16 JAN 19 PM 2:07

# Annex 1

[Security Agreement]

EGISTRO DE TRANSACCIONES
COMERCIALES

16 JAN 19 PM 2:07

## SECURITY AGREEMENT

This SECURITY AGREEMENT, dated as of June 2, 2008, is by and between the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "Debtor") and Owners from time to time of the Pension Funding Bonds of the Debtor (the "Pension Funding Bonds") issued from time to time pursuant to the Debtor's Pension Funding Bond Resolution adopted by the Debtor's Board of Trustees on January 24, 2008, as amended and supplemented from time to time (the "Resolution"), and other Beneficiaries under the Resolution, which Owners and Beneficiaries are represented for purposes of this Security Agreement by The Bank of New York, as fiscal agent under the Resolution (the "Secured Party"). All capitalized words not defined herein shall have the meanings ascribed to them in the Resolution.

In order to provide security for the Debtor's payment of principal of, premium (if any) and interest on its Pension Funding Bonds and its payment of amounts due to the Owners of the Pension Funding Bonds and other Beneficiaries in accordance with the terms of the Pension Funding Bonds and the terms of the Resolution, Debtor hereby grants to the Secured Party a security interest in (i) the Pledged Property, and (ii) all proceeds thereof and all after-acquired property, subject to application as permitted by the Resolution. Remedies for failure of the Debtor to make timely payment of principal of, premium (if any) and interest on the Pension Funding Bonds or failure of the Debtor to fulfill its other covenants contained in the Resolution for the benefit of the Owners of the Pension Funding Bonds and the other Beneficiaries are as set forth in the Resolution.

The Debtor shall cause UCC financing statements and continuation statements to be filed, as appropriate, and the Secured Party shall not be responsible for any UCC filings.

EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO

By _____

Name:

Title:

THE BANK OF NEW YORK, as Fiscal Agent under the Resolution

By _____

Name:

Title:

.STRO DE TRANSACCIONES
COMERCIALES

16 JAN 19 PM 2:07

## SECURITY AGREEMENT

This SECURITY AGREEMENT, dated as of June 2, 2008, is by and between the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "Debtor") and Owners from time to time of the Pension Funding Bonds of the Debtor (the "Pension Funding Bonds") issued from time to time pursuant to the Debtor's Pension Funding Bond Resolution adopted by the Debtor's Board of Trustees on January 24, 2008, as amended and supplemented from time to time (the "Resolution"), and other Beneficiaries under the Resolution, which Owners and Beneficiaries are represented for purposes of this Security Agreement by The Bank of New York, as fiscal agent under the Resolution (the "Secured Party"). All capitalized words not defined herein shall have the meanings ascribed to them in the Resolution.

In order to provide security for the Debtor's payment of principal of, premium (if any) and interest on its Pension Funding Bonds and its payment of amounts due to the Owners of the Pension Funding Bonds and other Beneficiaries in accordance with the terms of the Pension Funding Bonds and the terms of the Resolution, Debtor hereby grants to the Secured Party a security interest in (i) the Pledged Property, and (ii) all proceeds thereof and all after-acquired property, subject to application as permitted by the Resolution. Remedies for failure of the Debtor to make timely payment of principal of, premium (if any) and interest on the Pension Funding Bonds or failure of the Debtor to fulfill its other covenants contained in the Resolution for the benefit of the Owners of the Pension Funding Bonds and the other Beneficiaries are as set forth in the Resolution.

The Debtor shall cause UCC financing statements and continuation statements to be filed, as appropriate, and the Secured Party shall not be responsible for any UCC filings.

**EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO**

By _____
Name:
Title:

**THE BANK OF NEW YORK,** as Fiscal Agent under the Resolution

By _____
Name: Steven Vaccarello
Title:   Vice President