LEYES DE PUERTO RICO 1347

de la Autoridad Nacional sobre Hogares, y enmendada por la Ley Pública Núm. 388, Ley titulada "Ley de Emergencia sobre Hogares de Veteranos", aprobada el 22 de mayo de 1946. O hipotecas de la Autoridad Federal sobre Hogares, que puedan otorgarse de conformidad con las disposiciones de los Títulos II y VI, según han sido enmendados, y otros títulos creados por el Congreso de los Estados Unidos como enmiendas a la Ley de la Autoridad Nacional sobre Hogares; siempre que los referidos títulos dispongan lo necesario para el seguro bajo las condiciones mínimas estipuladas para el Título II y el Título VI referentes a hipotecas de la Autoridad Federal sobre Hogares.

2. Segundas hipotecas de la Administración de Veteranos, garantizadas incondicionalmente por el Gobierno de los Estados Unidos y otorgadas de conformidad con el reglamento de la Administración de Veteranos, de acuerdo con lo dispuesto en el Artículo 505-A de la Ley de Readaptación de los Veteranos, aprobada en 1944, según ha sido enmendada.

3. Primeras hipotecas de la Administración de Veteranos otorgadas de conformidad con el reglamento de la Administración de Veteranos, de acuerdo con lo dispuesto en el Artículo 501 de la Ley de Readaptación de los Veteranos, aprobada en 1944 siempre que cada una de dichas hipotecas no excedan de diez mil dólares ($10,000); y no menos del cuarenta por ciento (40%) del balance sin pagar de dichas hipotecas, esté incondicionalmente garantizado por el Gobierno de los Estados Unidos. Si respecto de cualquiera de dichas hipotecas se incurriere en mora, y la misma continuare durante noventa (90) días; el Banco de Fomento de Puerto Rico será responsable del retiro de la hipoteca en mora de las garantías colaterales mantenidas para los certificados especiales de depósito expedidos al Sistema. En tal caso, el referido Banco será responsable de la sustitución de valores activos de alguna de las otras clasificaciones elegibles como colateral para certificados de depósitos; o podrá el Banco devolver el balance no pagado de la hipoteca en mora. En cualquiera de estos reajustes, el Banco será también responsable de los intereses acumulados de los valores en descubierto, hasta la fecha de su sustitución o pago. La sustitución de una hipoteca activa o la devolución de efectivo, según se dispone en la presente, será responsabilidad del Banco Gubernamental de Fomento para Puerto Rico, y no requerirá aviso escrito o verbal de ninguna clase por parte de la Junta.

BH-ERS-EX-009185

Case:17-03283-LTS   Doc#:7715-19   Filed:06/27/19   Entered:06/27/19 17:22:18   Desc:
Exhibit B - Part 18   Page 2 of 41

4. Primeras hipotecas suscritas en Puerto Rico por el Banco Gubernamental de Fomento para Puerto Rico sobre propiedades residenciales, comerciales o industriales; siempre que no más del cincuenta por ciento (50%) del montante de dichas hipotecas se deposite como colateral para cualquier certificado o certificados especiales de depósito expedidos al Sistema por el Banco.

Los intereses sobre certificados de depósito especiales expedidos al Sistema por el Banco Gubernamental de Fomento para Puerto Rico, serán pagaderos el día primero de enero y el día primero de julio de cada año.   Los vencimientos, privilegios de redención, y demás condiciones de amortización de los certificados de depósito expedidos por el Banco Gubernamental de Fomento para Puerto Rico, serán por mutuo acuerdo del Banco y del Sistema.

Salvo lo que en contrario se disponga en la presente, ningún miembro de la Junta o empleado del Sistema tendrá interés alguno directo o indirecto en los ingresos o beneficios de las inversiones hechas por la Junta; ni recibirá ninguna de estas personas pago o emolumento alguno por servicios prestados en relación con cualquiera de estas inversiones.   Ningún miembro de la Junta o empleado del Sistema podrá ser fiador, o en forma alguna garantizar los préstamos concedidos por el Sistema. Toda persona que violare cualquiera de estas disposiciones incurrirá en un delito menos grave y convicta que fuere será castigada según dispone la ley.

Artículo 20.—*Aportaciones de los Miembros Participantes.*

A partir de la fecha de aplicación del Sistema, todo empleado que sea miembro del mismo (excepto los miembros del Cuerpo de la Policía Insular y del Cuerpo de Bomberos) deberá aportar el cinco y medio por ciento (5½) de la retribución percibida o devengada a partir de esa fecha.   Los miembros del Cuerpo de la Policía y del Cuerpo de Bomberos, aportarán el seis por ciento (6%) de la retribución.   Estas aportaciones se harán en forma de descuentos en la retribución del empleado; y por la presente quedan autorizados el Auditor y el Tesorero de Puerto Rico, o cualquier oficial pagador de un patrono, a hacer los referidos descuentos; y aunque la retribución que hubiere de pagarse en efectivo al empleado, como resultado de dichos descuentos, quede reducida a menos del mínimo prescrito por la ley.   Se entenderá que todo empleado miembro del Sistema consiente y conviene en

BH-ERS-EX-009186

que se le hagan los descuentos de su retribución según dispone esta Ley; y en virtud de dicho consentimiento y acuerdo todo miembro obtendrá un derecho garantizado en las aportaciones hechas por él según lo dispuesto en la presente. El pago a dicho empleado de la retribución, menos el descuento, constituirá un descargo total y completo de toda reclamación por servicios prestados durante el período comprendido por dicho pago, excepto en cuanto a los beneficios provistos por esta Ley.

Artículo 21.—*Aportaciones del Patrono.*

El patrono aportará al Sistema una cantidad igual a un porcentaje de la retribución que regularmente reciban los participantes, debiendo hacerse aportaciones concurrentemente con las aportaciones hechas por éstos según lo dispuesto en otro sitio de esta Ley. El Administrador determinará el porcentaje de retribución, el cual, al aplicarse a la retribución que de ordinario reciben los miembros, será suficiente para proveer las siguientes cantidades:

(*a*) Para anualidades por retiro y anualidades por incapacidad no ocupacional, los derechos a las cuales se acumulen por razón de servicios posteriores; una cantidad que al sumarse al activo mantenido por el Sistema para estos beneficios y constituído por las aportaciones anteriormente hechas por el patrono y por los miembros participantes, será igual al valor actual de las obligaciones del Sistema por concepto de las anualidades acreditadas por servicios posteriores; obligaciones acumuladas hasta la terminación del año económico para el cual habrá de fijarse el por ciento de las aportaciones;

(*b*) Para anualidades por retiro y anualidades por incapacidad no ocupacional, los derechos a las cuales se acumulen por razón de servicios anteriores, una cantidad que equivalga al cuatro por ciento (4%) del importe de las obligaciones no liquidadas del patrono por concepto de los referidos servicios anteriores, después de descontar de dichas obligaciones la parte no liquidada de las aportaciones acumuladas a favor de los participantes por los referidos servicios anteriores acreditados en los fondos de pensiones sobreseídos a los cuales se refiere la subdivisión (*c*) de este artículo; *Disponiéndose* que anualmente

BH-ERS-EX-009187

se sumará al montante de cada aportación por lo menos el tres por ciento (3%) del importe de la aportación del año anterior.

(c) Para cubrir las aportaciones hechas por los miembros a fondos de pensiones sobreseídos, incluyendo intereses al tipo del tres por ciento (3%) anual, una cantidad que, durante un período de diez (10) años a partir del comienzo del primer año económico de funcionamiento del Sistema, sea suficiente para amortizar dichas aportaciones.

(d) Para las obligaciones representadas por las anualidades y beneficios concedidos por fondos de pensiones sobreseídos vigentes en la fecha de aplicación del Sistema, una cantidad que, al tipo corriente de interés, y durante un período de quince (15) años a partir del comienzo del primer año económico de funcionamiento del Sistema, sea suficiente para amortizar dichas obligaciones;

(e) Para anualidades por incapacidad ocupacional, anualidades por defunción por causas ocupacionales, y beneficios por defunción, que no estén cubiertos por las aportaciones hechas por los participantes, después de la fecha de aplicación del Sistema, las cantidades requeridas para sufragar el costo probable de dichas anualidades y beneficios; y

(f) Para gastos de administración, el importe total que determine el Administrador.

El cómputo del porcentaje para determinar las aportaciones de los patronos en cualquier año económico, deberá hacerse con anterioridad al comienzo de dicho año económico. Mediante certificación del Administrador, el porcentaje determinado entrará en vigor al comienzo del año económico al cual habrá de aplicarse, y permanecerá en vigor durante ese año.

La cantidad que habrá de aportar el patrono se determinará aplicando el porcentaje así calculado a la retribución de todos los empleados que sean miembros del Sistema y en el momento en que esta retribución hubiere de pagarse a dichos miembros; y el Tesorero acreditará inmediatamente a la cuenta del Sistema todas las referidas aportaciones.

Las aportaciones de cada patrono se incluirán en presupuesto y se asignarán anualmente, concurrentemente con las asignaciones hechas para salarios o retribución de los empleados.

Artículo 22.—*Participación de Empresas Públicas.*

Cualquier empresa pública, según se define en la presente Ley, podrá, mediante resolución adoptada por su Junta de Directores u otra autoridad de gobierno, unirse al Sistema creado por esta Ley; y disponer para sus empleados las anualidades y beneficios que por la presente se prescriben.

Una copia debidamente certificada de esta resolución deberá radicarse con el Administrador. Dicha resolución determinará que todos los funcionarios y empleados de la empresa pública habrán de hacerse miembros del Sistema. La participación en el Sistema por parte de una empresa pública estará sujeta a la aprobación de la Junta. La fecha de aplicación del Sistema, en lo que respecta a la susodicha participación, será el primero de enero o el primero de julio después de la fecha de aprobación. Se requerirá de todos los empleados del patrono que se hagan miembros del Sistema, sujetándose a las condiciones de matrícula impuestas por esta Ley; y los referidos empleados tendrán derecho a participar en las anualidades y beneficios sobre bases iguales a las prescritas para los demás miembros del Sistema; y harán las aportaciones necesarias, de conformidad con las disposiciones de la presente Ley.

El Administrador determinará las cantidades que, de acuerdo con las disposiciones de esta Ley, habrán de aportar las empresas públicas; y, con anterioridad al comienzo de cada año económico certificará dichas cantidades a las empresas públicas como sus aportaciones para el siguiente año económico. El cómputo de las aportaciones por servicios anteriores y posteriores se hará de conformidad con los procedimientos descritos en los párrafos (a) y (b) del Artículo 21 de esta Ley. Con respecto a las aportaciones que deberán hacerse para las anualidades por incapacidad, beneficios y anualidades por defunción, y gastos de administración, a computarse de conformidad con lo dispuesto en los párrafos (e) y (f) del Artículo 21; cada empresa pública contribuirá al Sistema sobre la base que el Administrador determine, de modo que el costo sea equitativamente distribuído entre todos los patronos incluídos en las disposiciones de esta Ley.

Las aportaciones deberán hacerse concurrentemente con el pago de la retribución a los empleados, según lo provee el Artículo 21; y deberán vencer y pagarse dentro de los treinta

Case:17-03283-LTS Doc#:7715-19 Filed:06/27/19 Entered:06/27/19 17:22:18 Desc:
Exhibit B - Part 18 Page 6 of 41

(30) días siguientes a la terminación del período al cual se refiere dicha retribución; y toda empresa pública que dejare de efectuar estos pagos en su totalidad dentro de los noventa (90) días siguientes a la terminación del referido período de treinta días, será suspendida del Sistema. El Administrador notificará inmediatamente esta suspensión a la empresa pública y en lo sucesivo los derechos de la empresa en el Sistema, y los derechos de sus empleados, serán considerados como si la referida empresa pública se hubiere en efecto retirado del Sistema en la forma que más adelante se describe en este artículo.

Si en algún momento y por cualquier motivo, surgiere un déficit en la reserva del Sistema y con respecto a los beneficios acumulados a favor de los empleados de una empresa pública, se le exigirá a dicha empresa pública que efectúe el pago adicional necesario para la eliminación del referido déficit; quedando a discreción del Administrador la forma en que este pago habrá de efectuarse. Si dentro de los seis (6) meses siguientes al aviso que, en cuanto a la existencia de ese déficit, hubiere dado el Administrador a dicha empresa pública, ésta no hiciere los arreglos satisfactorios, a juicio de la Junta, para la eliminación del déficit; el Administrador procederá, en la forma descrita en este artículo, a suspender dicha empresa del Sistema.

El Administrador llevará una cuenta separada para cada empresa pública, así como también cuentas individuales para cada uno de los empleados de la empresa y en forma igual que para los demás miembros del Sistema. A dichas cuentas se acreditarán, para los fines de esta Ley, los pagos hechos por la empresa pública y las aportaciones de los empleados de la misma, y se cargarán, asimismo, todos los beneficios pertinentes.

A toda empresa pública que incurriere en mora con respecto al pago de sus aportaciones, según lo dispuesto anteriormente en la presente, se le considerará como retirada del Sistema; y el Administrador fijará la fecha en que habrá de ser efectivo el retiro de la empresa. En tales casos, todas las cantidades que con sus correspondientes intereses al tipo corriente, el Sistema retuviere acreditadas a las empresas públicas y a sus empleados, se reembolsarán a las mismas, después de des-

BH-ERS-EX-009190

contar, para los fines prescritos en los párrafos (e) y (f) del
Artículo 21, el debido cargo a prorrata. En lo sucesivo tales
empresas públicas y sus empleados no tendrán derechos a hacer
reclamación de ninguna clase contra el Sistema; pero los em-
pleados tendrán el derecho de proceder contra las empresas
públicas para la devolución de todas sus aportaciones acumu-
ladas, menos los pagos que por retiro o incapacidad se les
hubieren hecho. En tales casos, después de satisfacer todas
las referidas reclamaciones de los empleados, el sobrante de
dichas cantidades reembolsadas a las mencionadas empresas
públicas se considerará como fondo de fideicomiso sujeto a dis-
tribución equitativa entre los empleados de éstas, si en la fecha
de la mencionada separación fueren miembros del Sistema.

Cualquier empresa pública que, con sus empleados, hubiere
sido suspendida del Sistema, podrá ser repuesta en cualquier
momento con la aprobación de la Junta y mediante el pago al
Sistema de la cantidad reembolsada al ser suspendida, tal como
fuere ajustada dicha cantidad por razón de antiguos empleados
que no fueren repuestos, junto con las cantidades adecuadas co-
rrespondientes a las aportaciones de la empresa y sus emplea-
dos por el período en que hubieren dejado de pertenecer a la
matrícula del Sistema; todo ello con los intereses correspon-
dientes, según lo determinare el Administrador.

En el caso de que dentro de los treinta (30) días anteriores
a la fecha de vigencia de esta Ley, o en cualquier momento des-
pués de esta fecha, se creare una empresa pública; y todos o
parte de los empleados de dicha empresa fueren miembros de
un fondo o plan de pensiones sobreseído según se define en la
presente; o de este Sistema, la empresa pública quedará auto-
máticamente bajo las disposiciones de esta Ley, y quedará su-
jeta a todas las condiciones y obligaciones de la misma. Las
disposiciones para la participación opcional contenida en este
artículo no se aplicarán a dicha empresa pública; pero todas
las demás disposiciones serán enteramente aplicables como si
se tratase de cualquier otra empresa pública sujeta a las dispo-
siciones de esta Ley.

Artículo 23.—*Intercambio de Derechos.*

Sujeto a las disposiciones del Artículo 5 de esta Ley, toda
persona, que, el 1 de enero de 1952 estuviere empleada en una

empresa pública, y fuere miembro de un plan de pensiones sobreseído, y le hubieren sido reconocidos los correspondientes derechos en el mismo; se le convalidarán dichos derechos como servicios acreditables en este Sistema, por cualquiera y todo servicio prestado al Gobierno Insular con anterioridad a la referida fecha, y para los diversos propósitos de esta Ley, pero no podrá ser miembro contribuyente del Sistema a menos que el patrono se una al Sistema de acuerdo con lo provisto en el Artículo 22 de esta Ley.

No tendrá derecho a reembolso de acuerdo con las disposiciones de esta Ley ningún participante que se retirare del servicio de cualquier patrono, según se define en la presente, para ingresar en el servicio de otro patrono cubierto por las disposiciones de esta Ley, el cual patrono estuviere manteniendo un plan independiente de retiro o fondo de pensiones, sea cual fuere su nombre. Las aportaciones acumuladas de dicho participante, junto con los correspondientes créditos por servicios prestados, se transferirán al referido plan independiente de retiro o fondo de pensiones, a fin de que se mantenga la continuidad de sus derechos en cuanto a dicho participante se refiere. Por razón de esta transferencia, el participante renunciará y perderá todos y cada uno de los derechos por servicios acreditables que se hubieren acumulado en este Sistema.

Con respecto a toda persona que al hacerse miembro de este Sistema tuviere ciertas aportaciones acumuladas y servicios acreditables reconocidos en un plan independiente de retiro o fondo de pensiones mantenido por cualquier patrono cubierto por esta Ley, por la presente queda el Administrador autorizado para recibir del referido plan o fondo independiente las aportaciones acumuladas hechas por el participante, y a contabilizar estas aportaciones a favor del participante en este Sistema. El Administrador acreditará también a tal participante, para los fines de este Sistema, los servicios posteriores por el período que representen las aportaciones acumuladas y en esta forma transferidas, así como también los servicios anteriores, sujeto a lo dispuesto en el Artículo 5 de esta Ley. Si cualesquiera aportaciones acumuladas y transferidas a este Sistema en la forma indicada, excediere de la cantidad que el referido empleado habría acumulado si hubiere sido miembro de este

BH-ERS-EX-009192

Sistema durante un período igual al de su participación en el otro plan de pensiones o retiro; se hará un ajuste mediante el cual el empleado recibirá un reembolso correspondiente al exceso que en sus aportaciones hubiere. Pero, si la cantidad equivalente a las aportaciones acumuladas fuere menor que dicha cantidad, el participante, de acuerdo con las reglas que al efecto prescriba la Junta, hará el correspondiente pago adicional.

Todo participante que hubiere sido miembro de un plan independiente de retiro o fondo de pensiones, y hubiere perdido sus derechos en el mismo al aceptar el reembolso de aportaciones, o al renunciar a cualesquiera otros beneficios, no tendrá derecho a que se le convaliden en este Sistema, ni los servicios posteriores, ni los anteriores, correspondientes al período para el cual, mediante la recepción del referido reembolso, hubiere perdido sus derechos. Si el mencionado participante deseare obtener la convalidación de sus servicios acreditables por el período de servicios prestados como participante de dicho plan independiente de retiro o fondo de pensiones, se le exigirá que aporte a este Sistema, junto con los intereses correspondientes y a los tipos prescritos, la cantidad que a este Sistema, o a cualquier fondo de pensiones sobreseído, según se define en esta Ley, hubiere tenido que pagar durante el referido período de servicios, sujeto todo ello a lo dispuesto en el Artículo 5 de esta Ley.

Artículo 24.—*Exenciones.*

El derecho a anualidades por retiro o por incapacidad; a beneficios por defunción; y a cualesquiera otros beneficios, de conformidad con las disposiciones de esta Ley y sea cual fuere su denominación; así como también al percibo de reembolsos, es derecho personal del recipiente de los mismos; y el traspaso o transferencia de dichos beneficios y reembolsos, o de parte de los mismos, será nulo, a excepción de lo dispuesto por esta Ley. Ninguna de dichas pensiones, beneficios o reembolsos podrá reclamarse para el pago de deudas contraídas por las personas que las reciben; excepto lo dispuesto en el Artículo 19 de esta Ley; ni podrán embargarse ni afectarse por ningún procedimiento judicial. Sin embargo, las cantidades que, por aportaciones efectuadas en forma de descuentos del salario o retribución, incluyendo intereses, y de acuerdo con las disposiciones de esta Ley

o con las disposiciones de cualquier ley relativa a fondos de pensiones sobreseídas, fueren acreditadas a un miembro del Sistema; las cuales cantidades estuvieren sujetas a reembolso, de acuerdo con las condiciones provistas en la presente; podrán ser asignadas por el participante para que le sirvan de garantía a cualquier préstamo solicitado por él de cualquier fondo, asociación, empresa pública, u otra agencia prestamista cualquiera creada por un patrono con el fin de hacer préstamos a sus empleados. Dichas cantidades podrán ser retenidas por el Tesorero o embargadas, mediante el procedimiento judicial necesario, para ser aplicables al pago de algún préstamo hecho por cualquiera de estas agencias, únicamente en aquellas circunstancias en que se hubiere separado permanentemente del servicio del patrono el participante, sin haber hecho los arreglos convenientes para la devolución, a satisfacción de dicha agencia, del referido préstamo.

Artículo 25.—*Pagos Mensuales.—Anualidades Vitalicias.*

Toda anualidad por retiro por incapacidad, o cualquier otra anualidad que disponga esta Ley, tendrá carácter vitalicio y será pagadera por plazos mensuales, y la misma no podrá aumentarse, disminuirse, revocarse o derogarse, salvo cuando hubiere sido concedida por error, o cuando en forma explícita se dispone de otro modo. El costo de proveer beneficios por defunción concedidos a la muerte de un participante que estuviere recibiendo una anualidad por retiro, no se cargará a la anualidad vitalicia pagadera al participante.

El primer pago de una anualidad se hará por la fracción de mes que transcurra hasta la terminación del primer mes; y el último pago se hará hasta el final del mes en que sobreviniere la muerte del participante.

Artículo 26.—*Obligaciones del Patrono.—Fraude.—Salvedad.*

Es la intención de esta Ley que las aportaciones requeridas del patrono, así como también todas las anualidades, beneficios, reembolsos, y gastos de administración constituyan obligaciones del patrono.

Toda persona que a sabiendas hiciere alguna declaración falsa, o falsificare o permitiere falsificar cualquier registro o documento de este Sistema, con la intención de defraudar al

BH-ERS-EX-009194

mismo, será culpable de un delito menos grave, y será castigado de acuerdo con las leyes de Puerto Rico; y la Junta tendrá el derecho a recobrar cualesquiera pagos hechos mediante falsa representación.

En caso de que algún artículo, oración, cláusula, o frase de esta Ley fuere declarado nulo o anticonstitucional, esta declaración no afectará en modo alguno a los demás artículos, oraciones, cláusulas, o frases de esta Ley, que permanecerán en toda su fuerza y vigor como si el referido artículo, oración, cláusula, o frase así declarado nulo o anticonstitucional no formare parte de esta Ley.

Artículo 27.—*Intención Estatutaria.—Derogación.*

Toda ley o parte de ley que se oponga a la presente queda por ésta derogada. Esta Ley no tiene el propósito de derogar las diversas leyes citadas en el Artículo 2 de la presente Ley. En tanto en cuanto estas leyes no estén en pugna con las disposiciones de esta Ley, y hasta el punto en que sean aplicables en lo que respecta los derechos adquiridos y beneficios pagaderos de acuerdo con las mismas, continuarán en vigor después de la fecha de vigencia de esta Ley.

Artículo 28.—*Asignación*

Por la presente se asigna la cantidad de un millón de dólares ($1,000,000) al Sistema de Retiro de los Empleados del Gobierno Insular de Puerto Rico y sus instrumentalidades como la primera aportación del Gobierno Insular de acuerdo con el Artículo 21 de esta Ley. De esta cantidad podrá disponer el Administrador, con la aprobación del Gobernador, la suma que fuere necesaria, para la organización del Sistema.

Artículo 29.—*Fecha de Vigencia.*

Esta Ley, por ser de carácter urgente y necesaria, empezará a regir el 1ro. de julio de 1951.

*Aprobada en 15 de mayo de 1951.*



*Commonwealth of Puerto Rico*
*Department of State*
*San Juan, Puerto Rico*

### CERTIFICATION

**I, FRANCISCO JOSE MARTIN CASO**, *Assistant Secretary for Services of the Department of State of the Commonwealth of Puerto Rico,* **DO HEREBY CERTIFY***:*

*That the regulations to establish securities acceptable as collateral for public funds deposited in banking institutions, approved by the Honorable Manuel Díaz Saldaña, Former Secretary of the Treasury of Puerto Rico, on November 1, 1995, pursuant to Act. No. 69, approved on August 14, 1991, as amended, have not been rescinded or modified in any respect, and are still in full force and effect.*

*IN WITNESS WHEREOF, and upon request of the Government Development Bank for Puerto Rico, I have hereunto set my hand and affixed the Great Seal of the Commonwealth of Puerto Rico, in the City of San Juan, this **June 30, 2008.***

*Francisco José Martín Caso*

**Issued For Official Use**
**No Fees Collected**



*Commonwealth of Puerto Rico*
*The Secretary of State*
*San Juan, Puerto Rico*

I, FERNANDO J. BONILLA ORTIZ, Secretary of State of the Commonwealth of Puerto Rico, DO HEREBY CERTIFY that the following is a true and correct statement of the names of certain officers of the Commonwealth of Puerto Rico and dates of commencement and expiration of their respective terms of office:

| Officer | Commencement of term | Expiration of term |
|---|---|---|
| Governor of Puerto Rico<br>Aníbal Acevedo Vilá | January 2, 2005 | January 2, 2009 |
| Secretary of State<br>Fernando J. Bonilla Ortiz | November 16, 2005 | Indefinite |
| Secretary of Justice<br>Roberto José Sánchez Ramos | January 4, 2005 | Indefinite |
| Acting Secretary of Treasury<br>Ángel Ortiz García | May 30, 2008 | Indefinite |

The Great Seal of the Commonwealth of Puerto Rico, an impression of which is affixed opposite my signature, is the only official seal of the Commonwealth of Puerto Rico, and the only seal used in the execution of bonds, contracts, and other official documents.

BH-ERS-EX-009197

The signature of the Governor of Puerto Rico, Secretary of State, Secretary of Justice and Acting Secretary of the Treasury, set forth opposite their respective names below are true and genuine.

| | | |
|---|---|---|
| Aníbal Acevedo Vilá | Governor of Puerto Rico | |
| Fernando J. Bonilla Ortiz | Secretary of State | |
| Roberto José Sánchez Ramos | Secretary of Justice | |
| Ángel Ortiz García | Acting Secretary of Treasury | |

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of the Commonwealth of Puerto Rico, in the City of San Juan, this 30 day of June, 2008.

_____
Secretary of State

I, Francisco José Martín Caso, Undersecretary of State of the Commonwealth of Puerto Rico, DO HEREBY CERTIFY, that the signature of the Secretary of State of Puerto Rico above written is true and genuine.

_____
Undersecretary of State

BH-ERS-EX-009198

(11)

## GENERAL CERTIFICATE

We, the undersigned, Minia González Alvarez and Rosa Castro Rivera, hereby certify that we are the Acting Administrator of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "System") and the Secretary of the Board of Trustees of the System, respectively, a trust created under the laws of the Commonwealth of Puerto Rico (the "Commonwealth"), and that as such we are authorized to execute this Certificate on behalf of the System. Capitalized terms, unless defined below, shall have the meanings set forth in the Purchase Contract.

We hereby certify further that:

I.      Included in this transcript as Item 1 is a true and correct copy of the Pension Funding Bond Resolution (the "Bond Resolution"), securing the System's Pension Funding Bonds, adopted by the System on January 24, 2008 by the provisions of Resolution No. 2008-03.

II.      Included in this transcript as Item 2 is a true and correct copy of the Third Supplemental Pension Funding Bond Resolution (the "Third Supplemental Resolution"), providing for the System's $300,202,930.00 aggregate principal amount of Senior Pension Funding Bonds, Series C (collectively, the "Bonds"), adopted by the System on June 26, 2008 by the provisions of Resolution No. 2008-14.

III.      Included in this transcript as Item 3 is a true and correct copy of the Preliminary Official Statement relating to the Bonds, dated June 16, 2008 (the "Preliminary Official Statement"), which Preliminary Official Statement is substantially in the form presented to and approved by the System's Board of Trustees by the provisions of Resolution No. 2008-14.

IV.      Included in this transcript as Item 4 is a true and correct copy of the Official Statement relating to the Bonds, dated June 26, 2008 (the "Official Statement"), which Official Statement is substantially in the form presented to and approved by the System's Board of Trustees by the provisions of Resolution No. 2008-14.

V.      Included in this transcript as Item 5 is a true and correct copy of the Purchase Contract relating to the Bonds by and between the System and UBS Financial Services Incorporated of Puerto Rico, as representative for itself and the Underwriters, dated June 26, 2008 (the "Purchase Contract"), substantially in the form presented to and approved by the System's Board of Trustees by the provisions of Resolution No. 2008-14.

VI.      Included in this Transcript as Item 6 is a true and correct copy of the Master Continuing Disclosure Agreement, dated as of January 31, 2008, executed for the benefit of the Underwriters, substantially in the form presented to and approved by the System's Board of Trustees by the provisions of Resolution No. 2008-02.

BH-ERS-EX-009199

VII.   Included in this Transcript as Item 7 is a true and correct copy of the Security Agreement, dated as of June 2, 2008, by and between the System and The Bank of New York, substantially in the form presented and approved by the System's Board of Trustees by the provisions of Resolution No. 2008-11.

VIII.   Included in this transcript as Item 13 is a true and correct copy of Resolution No. 2008-14 of the System entitled:

> **RESOLUTION AUTHORIZING THE ISSUANCE BY EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO OF ITS SENIOR PENSION FUNDING BONDS, SERIES C, IN THE AGGREGATE PRINCIPAL AMOUNT OF $300,202,930.00 AND APPROVING VARIOUS TRANSACTIONAL DOCUMENTS SECURING OR RELATING TO THE BONDS; APPROVING THE THIRD SUPPLEMENTAL PENSION FUNDING BOND RESOLUTION RELATING TO THE SERIES C BONDS; SPECIFYING THE INTEREST RATES OR METHODS OF CALCULATION OF INTEREST RATES FOR EACH OF SAID BONDS; AUTHORIZING THE EXECUTION AND DELIVERY OF THE PURCHASE CONTRACT FOR SAID BONDS; DIRECTING THE AUTHENTICATION AND DELIVERY OF SAID BONDS; RATIFYING THE DISTRIBUTION AND USE OF THE PRELIMINARY OFFICIAL STATEMENT RELATING TO THE BONDS; AUTHORIZING THE PREPARATION AND EXECUTION OF THE OFFICIAL STATEMENT RELATING TO THE BONDS; AND AUTHORIZING CERTAIN OTHER MATTERS**

The Resolution described in VIII was duly adopted by the System's Board of Trustees on June 26, 2008, in San Juan, Puerto Rico; copies of the resolution have been compared by the undersigned Secretary of the Board with the original resolution on file in the records of the System; said copies are a correct transcript of the original resolution and of the whole of said resolution; and said resolution has not been amended, rescinded or repealed, but are in full force and effect.

The undersigned Acting Administrator and the undersigned Secretary did each officially sign the Bonds, true and correct specimens of which are included in this Transcript as Item 34 by facsimile signature, and a facsimile of the official seal of the System has been imprinted upon the Bonds, being fully registered bonds in the denomination of $5,000 (maturity amount) or integral multiples thereof, and consisting of:

2

BH-ERS-EX-009200

**$2,202,930.00 Capital Appreciation Bonds**

$2,202,930.00 Capital Appreciation Bonds due July 1, 2030 (maturity value $9,000,000.00)


**$298,000,000.00 Current Interest Term Bonds**

$110,000,000.00 6.150% Current Interest Term Bonds due July 1, 2028;
$45,000,000.00 6.250% Current Interest Term Bonds due July 1, 2038;
$143,000,000.00 6.300% Current Interest Term Bonds due July 1, 2043;


**WITNESS OUR HANDS** and the corporate seal of the System this 30th day of June, 2008.



| | Official Title | Expiration of Term |
|---|---|---|
| | Acting Administrator | [Indefinite] |
| | Secretary | [Indefinite] |

[SEAL]

3

BH-ERS-EX-009201

(12)

## CERTIFICATE OF THE ADMINISTRATOR OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO
### (Pursuant to Section 8(d)(5) of the Purchase Contract)

I, Minia González Alvarez, Acting Administrator of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "System"), **DO HEREBY CERTIFY**, in connection with the issuance and sale by the System of its $300,202,930.00 Senior Pension Funding Bonds, Series C (the "Bonds"), that:

(1)      except as set forth in the Official Statement dated June 26, 2008 relating to the Bonds (the "Official Statement"), no litigation or other proceedings are pending or, to the knowledge of the System, threatened, in or before any agency, court or tribunal, state, Commonwealth of Puerto Rico, or federal, (A) restraining or enjoining or seeking to restrain or enjoin the issuance, sale, execution or delivery of any of the Bonds or the collection of the Employers' Contributions (as defined in the Bond Resolution hereinafter mentioned) pledged to the payment of the principal of and premium, if any, and interest on the Bonds, (B) contesting or affecting, in any way, the payment, collection or application of the Employers' Contributions of the System or the pledge thereof pursuant to the Bond Resolution (as defined in the Official Statement), (C) contesting or affecting the validity of any provision of the Bonds, the Bond Resolution, the Master Continuing Disclosure Agreement (the "MCDA"), the Security Agreement (each as defined in the Purchase Contract hereinafter mentioned) or the Purchase Contract, dated June 26, 2008 (the "Purchase Contract"), executed by the System in connection with the issuance of the Bonds, (D) contesting or affecting the validity of any of the proceedings of the System for the authorization, sale, execution or delivery of the Bonds, or the authorization, execution and delivery of the Purchase Contract, the MCDA or the Security Agreement or the adoption of the Bond Resolution, (E) contesting or affecting the organization or existence of the System or the title of any of its officers to their respective offices or any powers of the System under the laws of the Commonwealth of Puerto Rico, or (F) contesting or affecting the accuracy or completeness of the Official Statement or any amendment or supplement thereto; (2) the representations and warranties of the System in the Purchase Contract are true, accurate and correct as of the date hereof, and the System has complied with and performed all agreements, covenants and arrangements and satisfied all conditions on its part to be complied with, performed or satisfied hereunder at or prior to the date hereof; (3) subsequent to the date of the most recent financial statements of the System in the Official Statement, there has been no material adverse change in the financial position or results of operations of the System except as set forth in or contemplated by the Official Statement; and (4) the Official Statement as of its date and at all subsequent times up to and including the date hereof, did not and does not contain any untrue statement of a material fact or omit to state a material fact required to be included therein for the purpose for which the Official Statement is to be used or which is necessary in order to make the statements therein, in the light of the circumstances under which they were made, not misleading.

1

BH-ERS-EX-009202

**WITNESS** my hand this 30th day of June, 2008.

MINIA GONZÁLEZ ALVAREZ
Acting Administrator

2

BH-ERS-EX-009203

(13)

**CERTIFICATION**

I, **ROSA CASTRO RIVERA**, Secretary of the Board of Trustees of Employees

Retirement System of the Government of the Commonwealth of Puerto Rico, **DO HEREBY**

**CERTIFY** that attached hereto is a true and correct copy of the Resolution Number 2008-14

duly adopted by the Board of Trustees of the System at a meeting duly called and held on June

26, 2008, at which a quorum was present and acting throughout.  Said resolution has not been

repealed, revoked, rescinded or amended, and is in full force and effect on the date hereof.

**IN WITNESS WHEREOF**, I set my hand and the official seal of the System,

this 30th day of June, 2008.



Rosa Castro Rivera
Secretary

Affidavit No. 516

Sworn and subscribed to before me by Rosa Castro Rivera, of legal age, married, and
resident of Guaynabo, Puerto Rico, acting as Secretary of the Board of Trustees of the
Employees Retirement System of the Government of the Commonwealth of Puerto Rico, to me
personally known, on this 30th day of June, 2008.

NOTARY PUBLIC





*JUNTA DE SÍNDICOS*
*DE LOS SISTEMAS DE RETIRO DE LOS EMPLEADOS DEL*
*GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PR Y LA JUDICATURA*

*Estado Libre Asociado de Puerto Rico*

### RESOLUTION NO. 2008-14

**RESOLUTION AUTHORIZING THE ISSUANCE BY EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO OF ITS SENIOR PENSION FUNDING BONDS, SERIES C, IN THE AGGREGATE PRINCIPAL AMOUNT OF $300,202,930.00 AND APPROVING VARIOUS TRANSACTIONAL DOCUMENTS SECURING OR RELATING TO THE BONDS; APPROVING THE THIRD SUPPLEMENTAL PENSION FUNDING BOND RESOLUTION RELATING TO THE SERIES C BONDS; SPECIFYING THE INTEREST RATES OR METHODS OF CALCULATION OF INTEREST RATES FOR EACH OF SAID BONDS; AUTHORIZING THE EXECUTION AND DELIVERY OF THE PURCHASE CONTRACT FOR SAID BONDS; DIRECTING THE AUTHENTICATION AND DELIVERY OF SAID BONDS; RATIFYING THE DISTRIBUTION AND USE OF THE PRELIMINARY OFFICIAL STATEMENT RELATING TO THE BONDS; AUTHORIZING THE PREPARATION AND EXECUTION OF THE OFFICIAL STATEMENT RELATING TO THE BONDS; AND AUTHORIZING CERTAIN OTHER MATTERS**

**WHEREAS:** *Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "System") is a trust created pursuant to Act 447 of May 15, 1951, as amended (the "Act"), to provide pension and other benefits to retired employees of the central government, municipalities and public corporations of the Commonwealth of Puerto Rico (the "Commonwealth"); and*

**WHEREAS:** *Said benefits are funded by contributions made to the System by the central government, municipalities and certain public corporations of the Commonwealth of Puerto Rico ("Employers' Contributions") and their employees, and by investment earnings; and*

**WHEREAS:** *By virtue of the Act, the System has, among others, the duties and powers*

        *(i)     to incur debt secured by the assets of the System;*

        *(ii)    to receive and collect Employers' Contributions;*

BH-ERS-EX-009205

(13)

## CERTIFICATION

I, **ROSA CASTRO RIVERA**, Secretary of the Board of Trustees of Employees

Retirement System of the Government of the Commonwealth of Puerto Rico, **DO HEREBY**

**CERTIFY** that attached hereto is a true and correct copy of the Resolution Number 2008-14

duly adopted by the Board of Trustees of the System at a meeting duly called and held on June

26, 2008, at which a quorum was present and acting throughout.  Said resolution has not been

repealed, revoked, rescinded or amended, and is in full force and effect on the date hereof.

IN WITNESS WHEREOF, I set my hand and the official seal of the System,

this 30th day of June, 2008.



(SEAL)

Affidavit No. 516

Rosa Castro Rivera
Secretary

Sworn and subscribed to before me by Rosa Castro Rivera, of legal age, married, and resident of Guaynabo, Puerto Rico, acting as Secretary of the Board of Trustees of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, to me personally known, on this 30th day of June, 2008.



NOTARY PUBLIC

BH-ERS-EX-009206



### JUNTA DE SÍNDICOS
*DE LOS SISTEMAS DE RETIRO DE LOS EMPLEADOS DEL*
*GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PR Y LA JUDICATURA*

*Estado Libre Asociado de Puerto Rico*

---

### RESOLUTION NO. 2008-14

**RESOLUTION AUTHORIZING THE ISSUANCE BY EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO OF ITS SENIOR PENSION FUNDING BONDS, SERIES C, IN THE AGGREGATE PRINCIPAL AMOUNT OF $300,202,930.00 AND APPROVING VARIOUS TRANSACTIONAL DOCUMENTS SECURING OR RELATING TO THE BONDS; APPROVING THE THIRD SUPPLEMENTAL PENSION FUNDING BOND RESOLUTION RELATING TO THE SERIES C BONDS; SPECIFYING THE INTEREST RATES OR METHODS OF CALCULATION OF INTEREST RATES FOR EACH OF SAID BONDS; AUTHORIZING THE EXECUTION AND DELIVERY OF THE PURCHASE CONTRACT FOR SAID BONDS; DIRECTING THE AUTHENTICATION AND DELIVERY OF SAID BONDS; RATIFYING THE DISTRIBUTION AND USE OF THE PRELIMINARY OFFICIAL STATEMENT RELATING TO THE BONDS; AUTHORIZING THE PREPARATION AND EXECUTION OF THE OFFICIAL STATEMENT RELATING TO THE BONDS; AND AUTHORIZING CERTAIN OTHER MATTERS**

**WHEREAS:**   *Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "System") is a trust created pursuant to Act 447 of May 15, 1951, as amended (the "Act"), to provide pension and other benefits to retired employees of the central government, municipalities and public corporations of the Commonwealth of Puerto Rico (the "Commonwealth"); and*

**WHEREAS:**   *Said benefits are funded by contributions made to the System by the central government, municipalities and certain public corporations of the Commonwealth of Puerto Rico ("Employers' Contributions") and their employees, and by investment earnings; and*

**WHEREAS:**   *By virtue of the Act, the System has, among others, the duties and powers*

  (i)     *to incur debt secured by the assets of the System;*

  (ii)    *to receive and collect Employers' Contributions;*

*Estación Minillas, Apartado 40316, San Juan PR 00940-0316 ● Tel. (787) 754-4545 Exts. 4296/4285/4284*

BH-ERS-EX-009207

      *(iii)*    *to make contracts and to execute all instruments necessary or convenient for the exercise of any of its powers; and*

      *(iv)*    *to sue and be sued, complain and defend in all courts of justice and administrative bodies; and*

**WHEREAS:**    *Pursuant to the System's actuarial evaluation report, as of June 30, 2005, the System had an unfunded liability of approximately $9.9 billion; and*

**WHEREAS:**    *The System's statutory right to receive Employers' Contributions is an obligation of the Employers and a legal asset of the System; and*

**WHEREAS:**    *As a legal asset of the System, Employers' Contributions may be pledged to secure the debt of the System; and*

**WHEREAS:**    *In order to decrease the unfunded liability of the System, the System wishes to issue limited, non-recourse obligations in the form of Bonds, payable solely from the Pledged Property (as defined below), which includes Employers' Contributions; now, therefore,*

**BE IT RESOLVED** *by the Board of Trustees (the "Board") of the System, as follows:*

    **Section 1.**    *Bonds of the System are hereby authorized to be issued in one series (to be designated as provided below and referred to herein as the "Series C Bonds") in the aggregate initial principal amount of $300,202,930.00, to provide moneys to make a deposit into the System, into a Debt Service Reserve Account, and to otherwise pay costs of issuance, as provided in the Resolution (defined herein). The Series C Bonds are to be offered and sold to investors exclusively in the Commonwealth market.*

        *Said bonds shall be designated "Senior Pension Funding Bonds, Series C," shall be dated as required by the Pension Funding Bond Resolution (the "General Resolution") of the System, adopted on January 24, 2008, as supplemented by a Third Supplemental Pension Funding Bond Resolution, adopted by the System on June 26, 2008 (the "Third Supplemental Resolution," and together with the General Resolution, the "Resolution"), and shall consist of Capital Appreciation Bonds and Term Bonds as set forth in Exhibit A hereto. The General Resolution was previously supplemented by a First Supplemental Pension Funding Bond Resolution, adopted by the System on January 24, 2008 and amended and restated by the System on January 29, 2008, pursuant to which the System's Senior Pension*

*Funding Bonds, Series A were issued, and by a Second Supplemental Pension Funding Bond Resolution, adopted by the System on May 27, 2008, pursuant to which the System's Senior Pension Funding Bonds, Series B were issued.*

**Section 2.** *The terms and conditions upon which the Series C Bonds are to be issued, secured, executed, authenticated and delivered, are hereby accepted and approved and the Third Supplemental Resolution, under which The Bank of New York will act as fiscal agent (the "Fiscal Agent"), substantially in the form submitted at this meeting and filed in the records of the System, is hereby accepted and approved, and the Administrator or any Deputy Administrator of the System is hereby authorized and directed to deliver the Third Supplemental Resolution on behalf of the System with such changes, insertions or omissions as shall be approved by the Administrator or any Deputy Administrator of the System, such person's delivery thereof to the Underwriters upon issuance of the Series C Bonds to be conclusive evidence of the approval by the Board of any changes, insertions or omissions therein.*

**Section 3.** *The terms and conditions of the Contract of Purchase for the Series C Bonds (the "Purchase Contract") between the System and UBS Financial Services Incorporated of Puerto Rico, as representative of itself and the other underwriters of the Series C Bonds named in the Purchase Contract (collectively, the "Underwriters"), are hereby accepted and the Purchase Contract is approved in the form presented at this meeting and filed in the records of the System, and the Administrator or any Deputy Administrator of the System is hereby authorized and directed to execute and deliver the Purchase Contract, with such changes, insertions and omissions as may be approved by such person, such person's execution of the Purchase Contract to be conclusive evidence of the approval by the Board of such changes, insertions and omissions. The Series C Bonds are hereby awarded to the Underwriters at the price bid of $295,519,764.29, which represents an underwriting discount equal to $4,683,165.71, all upon the terms and conditions set forth in the Purchase Contract.*

**Section 4.** *The distribution and use by the Underwriters of the Preliminary Official Statement relating to the Series C Bonds dated June 16, 2008, submitted at this meeting and filed in the records of the System, are hereby ratified and confirmed. The System has delivered to the Underwriters copies of the Preliminary Official Statement for the Series C Bonds, each of which, for purposes of Rule 15c2-12(b)(1) under the Securities Exchange Act of 1934, as amended ("Rule 15c2-12"), is the official statement which the System deemed final as of its date except for the omissions*

permitted by Rule 15c2-12.  The Administrator or any Deputy Administrator of the System is hereby authorized to prepare and execute a final Official Statement for the Series C Bonds, substantially in the form of the Preliminary Official Statement but reflecting the final details of the transaction and the final forms of the Resolution and the other transactional documents and such other changes, insertions and omissions from the respective Preliminary Official Statement as shall be approved by such person, such person's execution thereof to be conclusive evidence of approval by the Board of such final Official Statement.

**Section 5.**   The Administrator of the System is hereby authorized and directed to cause the Series C Bonds to bear such person's signature or a facsimile thereof, and the Secretary of the Board is hereby authorized and directed to cause the Series C Bonds to bear such person's signature or a facsimile thereof, and to cause the seal of the System or a facsimile thereof to be imprinted or impressed on the Series C Bonds.  The Administrator or any Deputy Administrator of the System is hereby authorized and directed, upon the execution of the Series C Bonds in the form and manner provided in the Resolution and in this resolution, to deliver the Series C Bonds to the Fiscal Agent for authentication, and the Fiscal Agent is hereby authorized and directed to authenticate and deliver the Series C Bonds upon the order of the System, upon receipt by the Fiscal Agent of the items listed in section 202.3 of the Resolution.

**Section 6.**   The Administrator or any Deputy Administrator of the System is hereby authorized to direct the Fiscal Agent to deposit the purchase price of the Bonds equal to $295,519,764.29 and to apply, or the System shall apply, such proceeds as follows:

(i)   an amount no greater than $1,334,049.66 shall be paid to or upon the order of Government Development Bank for Puerto Rico, to be applied for the payment of costs of issuance of the Bonds; and

(ii)   such sum as is specified in a certificate of the Administrator and filed with the Fiscal Agent shall be credited to the Debt Service Reserve Account maintained under the Resolution; and

(iii)   the balance shall be deposited with the System.

**Section 7.**   The officers of the System and the officers and agents of the Fiscal Agent are hereby authorized and directed to do all acts and things required of them by or contemplated in the Resolution and the Purchase Contract, and also to do all acts and things

BH-ERS-EX-009210

*Resolution No. 2008-14*
*Page 5*

required of them by or contemplated in the provisions of this
resolution. All prior actions taken by officers of the System in
connection with the issuance and sale of the Bonds are hereby
ratified and approved.

Adopted by the Board of Trustees in San Juan, Puerto Rico, on the 26th day of
June, 2008.

Jorge Irizarry Herrans
President

Rosa Castro Rivera
Secretary

## JUNTA DE SÍNDICOS
### DE LOS SISTEMAS DE RETIRO DE LOS EMPLEADOS DEL
### GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PR Y LA JUDICATURA

*Estado Libre Asociado de Puerto Rico*

## CERTIFICATION

I, Rosa Castro Rivera, Secretary of the Board of Trustees of Employees Retirement System of the Government of the Commonwealth of Puerto Rico, **DO HEREBY CERTIFY** that attached hereto is a true and correct copy of the Resolution Number 2008-03, duly adopted by the Board of Trustees of the System at a meeting duly called and held on January 24, 2008, at which a quorum was present and acting throughout. Said resolution has not been repealed, revoked, rescinded or amended, and is in full force and effect on the date hereof.

### RESOLUTION NO. 2008-03

### RESOLUTION APPROVING THE PENSION FUNDING BOND RESOLUTION RELATING TO THE SERIES A BONDS

**WHEREAS,** Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "System") is a trust created pursuant to Act 447 of May 15, 1951, as amended (the "Act"), to provide pension and other benefits to retired employees of the central government, municipalities and public corporations of the Commonwealth of Puerto Rico (the "Commonwealth"); and

**WHEREAS,** said benefits are funded by contributions made to the System by the central government, municipalities and public corporations of the Commonwealth of Puerto Rico ("Employers' Contributions") and their employees, and by investment earnings; and

**WHEREAS,** by virtue of the Act, the System has, among others, the duties and powers

(i)     to incur debt secured by the assets of the System;

(ii)    to receive and collect Employers' Contributions;

(iii)   to make contracts and to execute all instruments necessary or convenient for the exercise of any of its powers; and

(iv)    to sue and be sued, complain and defend in all courts of justice and administrative bodies; and

**WHEREAS,** as of June 30, 2005, the System had an unfunded liability of approximately $9.9 billion pursuant to the System's actuarial evaluation report; and

**WHEREAS,** the System's statutory right to receive Employers' Contributions is an obligation of the Employers and a legal asset of the System; and

*Estación Minillas, Apartado 40316, San Juan PR ·00940-0316 ● Tel. (787) 754-4545 Exts. 4296/4285/4284*

BH-ERS-EX-009212

**WHEREAS,** as a legal asset of the System, Employers' Contributions may be pledged to secure the debt of the System; and

**WHEREAS,** in order to decrease the unfunded liability of the System, the System wishes to issue limited, non-recourse obligations in the form of Bonds, payable solely from the Pledged Property (as defined below), which includes Employers' Contributions; now, therefore,

**BE IT RESOLVED** by the Board of Trustees (the "Board") of the System, as follows:

Section 1.    In order to provide for the details of the Series A Bonds and to prescribe the terms and conditions under which the Series A Bonds are to be issued, secured, executed, authenticated and delivered, the Pension Funding Bond Resolution (the "General Resolution") as supplemented from time to time, under which The Bank of New York will act as fiscal agent (the "Fiscal Agent"), substantially in the form submitted at this meeting and filed in the records of the System, is hereby accepted and approved, and the Administrator or any Deputy Administrator of the System is hereby authorized and directed to deliver the General Resolution on behalf of the System with such changes, insertions or omissions as shall be approved by the Administrator or any Deputy Administrator of the System, such person's delivery thereof to the Underwriters upon issuance of the Series A Bonds to be conclusive evidence of the approval by the Board of any changes, insertions or omissions therein.

Section 2.    The officers of the System and the officers and agents of the Fiscal Agent are hereby authorized and directed to do all acts and things required of them by or contemplated in the General Resolution and also to do all acts and things required of them by or contemplated in the provisions of this resolution.  All prior actions taken by officers of the System in connection with the issuance and sale of the Bonds are hereby ratified and approved.

Adopted by the Board of Trustees in San Juan, Puerto Rico, on the 24ᵗʰ day of January, 2008 n San Juan, Puerto Rico.

**IN WITNESS WHEREOF,** I set my hand and the official seal of the System, this 31ˢᵗ day of January, 2008.

_Rosa Castro Rivera_
Rosa Castro Rivera
Secretary

Affidavit No. 508

Sworn and subscribed to before me by Rosa Castro Rivera, of legal age, married, and resident of Guaynabo, Puerto Rico, acting as Secretary of the Board of Trustees of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, to me personally known, on this 31ˢᵗ day of January, 2008 in San Juan, Puerto Rico.

_Ana M. del Toro Zabater_
NOTARY PUBLIC

BH-ERS-EX-009213



## JUNTA DE SÍNDICOS
### DE LOS SISTEMAS DE RETIRO DE LOS EMPLEADOS DEL
### GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PR Y LA JUDICATURA

*Estado Libre Asociado de Puerto Rico*

### OFFICERS AND SEAL CERTIFICATE

I, **ROSA CASTRO RIVERA**, Secretary of the Board of Trustees of Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "System"), **DO HEREBY CERTIFY** that the following is a true and correct statement of the names of the members of the Board of Trustees and certain Officers of the System and of the dates of commencement and expiration of their respective terms of office:

**BOARD OF TRUSTEES:**

| Member | Position | Commencement of Term | Expiration of Term | Signature |
|---|---|---|---|---|
| Jorge Irizarry Herrans | Chairman | 8/28/07 | ---- | |
| Ángel M. Castillo Rodríguez, Esq. | Vice Chairman | 8/19/04 | ---- | |
| Rosa Castro Rivera | Secretary | 09/08/07 | 09/08/09 | |
| Ángel Ortiz García, Esq. | Member | 05/30/08 | ---- | |
| Marta Vera Ramírez, Esq. | Member | 01/05/07 | ---- | |
| Roberto E. Aquino García | Member | 04/02/02 08/01/05 | 04/02/05 08/01/08 | |
| Roberto Santiago Cancel | Member | 10/05/05 | 10/01/08 | |

**OFFICERS:**

| Member | Position | Commencement of Term | Expiration of Term | Signature |
|---|---|---|---|---|
| Minia González Álvarez, Esq. | Acting Administrator | 02/01/08 | ---- | |
| Roberto Rivera Cruz | Deputy Administrator | 03/17/08 | ---- | |
| José Luis Villafañe Ramos | Deputy Assistant Administrator | 06/27/06 | ---- | |
| Lydia V. Santiago Flores | Deputy Assistant Administrator | 06/27/06 | ---- | |
| Luis I. García López | Chief Investment Officer | 01/01/08 | ---- | |
| Marilyn Cuevas Silvagnoli, Esq. | Director of Legal Affairs | 12/16/02 | ---- | |

*Estación Minillas, Apartado 40316, San Juan PR 00940-0316 ● Tel. (787) 754-4545 Exts. 4296/4285/4284*

Officers and Seal Certificate
Page 2 of 2

     **I FURTHER CERTIFY** that the foregoing officers have duly taken and fulfilled their oaths of office and have otherwise duly qualified to hold such office.

     **I FURTHER CERTIFY** that the official seal of the System, being the only seal used by the System in the execution of contracts and other instruments, is the seal an impression of which is affixed opposite my signature on this certificate.

     **IN WITNESS WHEREOF**, I have hereunto set my hand and affixed the corporate seal of said System this _____ day of June, 2008.

(SEAL)

                                                              SECRETARY

(16)

## CERTIFICATE REGARDING DEPOSITS
## AND AS TO NO DEFAULT

I, Minia González Alvarez, Acting Administrator of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "System"), **DO HEREBY CERTIFY** pursuant to Section 202.3 of the Pension Funding Bond Resolution adopted by the System on January 24, 2008 (the "Bond Resolution"), as supplemented by a Third Supplemental Pension Funding Bond Resolution, adopted by the System on June 26, 2008 (collectively, the "Resolution"), pursuant to which The Bank of New York will act as fiscal agent (the "Fiscal Agent"), as follows:

(1)     The System's $300,202,930.00 aggregate principal amount of Senior Pension Funding Bonds, Series C (the "Bonds") have been executed and delivered in accordance with the provisions of the Resolution.

(2)     The amount of the proceeds of the sale of the Bonds, equal to $300,202,930.00, consisting of the par amount of $300,202,930.00 less $4,683,165.71 of underwriters' discount have been deposited with the Fiscal Agent in accordance with the requirements of the Resolution and shall be applied as follows:

a)     an amount equal to $285,037,106.65 shall be deposited in the account of the System for the purposes established in the Resolution;

b)     an amount sufficient to pay the costs of issuance for such Bonds equal to $1,334,049.66 (which amount does not include Underwriters' discount) shall be transferred to Government Development Bank for Puerto Rico; and

c)     an amount equal to $9,148,607.98 shall be deposited in the Senior Bonds Debt Service Reserve Account.

(3)     The System is not in default in any material respect in the performance of any of the terms, provisions or covenants of the Bond Resolution or any Supplemental Resolution (as defined in the Bond Resolution) to be complied with or performed by the System.

(4)     The System has not violated the provisions of Article VII of the Bond Resolution.

**IN WITNESS WHEREOF,** I have hereunto set my hand this 30th day of June, 2008.

_____
Acting Administrator

BH-ERS-EX-009216

(17)

June 30, 2008

The Bank of New York
  as fiscal agent (the "Fiscal Agent")
  under a Bond Resolution (the "Bond Resolution"),
  adopted on January 24, 2008, as supplemented
  by a Third Supplemental Pension Funding Bond
  Resolution adopted on June 26, 2008,
  (the "Supplemental Resolution,"
  and together with the Bond Resolution, the "Resolution"),
  of the Employees Retirement System of the Government
  of the Commonwealth of Puerto Rico (the "System"),
San Juan, Puerto Rico

Ladies and Gentlemen:

     Your execution of the Acceptance and Receipt at the end of this letter will evidence your acceptance of the trust duties and powers invested in the Fiscal Agent pursuant to the Resolution. Handed you herewith are the following (all capitalized terms used herein and not defined shall have the meaning set forth in the Resolution):

    (i)    a copy, certified by the Secretary of the System, of the resolutions of the System, authorizing the issuance of the Senior Pension Funding Bonds, Series C (the "Bonds"), and providing for the sale of the Bonds, awarding the Bonds, and directing the authentication and delivery of the Bonds to or upon the order of the purchaser or purchasers therein named, upon receipt by the Fiscal Agent of the items listed in section 202.3 of the Bond Resolution;

    (ii)    a copy, certified by the Secretary of the System, of each of the Bond Resolution and the Supplemental Resolution;

    (iii)    a written order signed by the Administrator of the System, as to the authentication and delivery of the Bonds (this letter constituting such written order);

    (iv)    a Bond Counsel's Opinion to the effect set forth in Section 202.3(ii) of the Bond Resolution;

    (v)    a certificate of the Administrator as to deposits in Accounts and stating that (A) the System is not in default in any material respect in the performance of any of the terms, provisions or covenants of the Bond Resolution or Supplemental Resolution to be complied with or performed by the System, and (B) the System has not violated the provisions of Article VII of the Bond Resolution; and

    (vi)    a certificate of the Administrator pursuant to the requirements of Section 708.1(iii) of the Bond Resolution that: (a) sets forth for each Bond Year listed in the Global Insight

BH-ERS-EX-009217

Report, dated June 26, 2008 (the "Global Insight Report") the accrued Payment Obligation for the Bonds and the Senior Pension Funding Bonds, Series A (the "Series A Bonds") and the Senior Pension Funding Bonds, Series B (the "Series B Bonds") previously issued by the System pursuant to the Bond Resolution; (b) states that the System has reviewed the Global Insight Report and that the assumptions used are reasonable; and (c) states that for each Bond Year, the Projected Employers' Contributions for such year are equal to or greater than 140% of the corresponding Accrued Payment Obligation for the Bonds, the Series A Bonds and the Series B Bonds.

The documents mentioned in clauses (i) to (vi), inclusive, have been filed with you and the Bonds have been executed as required by the Resolution and have been delivered to you for authentication. You are hereby authorized and directed to authenticate and thereupon deliver (i) the Bonds at one time to or upon the order of UBS Financial Services Incorporated of Puerto Rico, as representative of itself and the other underwriters named in the Purchase Contract (the "Underwriter"), dated June 26, 2008, between the System and the Underwriters, through the facilities of the Depository Trust Company, but only upon payment to the account of the System of a purchase price of $295,519,764.29. You will be entitled to rely upon such resolutions, certificates and opinions as to all matters stated therein.

You are hereby directed to apply the proceeds of the Bonds in accordance with the certificate of the undersigned delivered to you on the date hereof.

Minia González Alvarez
Acting Administrator

2

BH-ERS-EX-009218

## ACCEPTANCE AND RECEIPT

The Bank of New York hereby accepts the trust duties and powers invested in the Fiscal Agent as contained in the Resolution (as defined in the foregoing order).  In addition, receipt of the documents mentioned in Items (i) through (vi), inclusive, of the foregoing order is hereby acknowledged this 30th day of June, 2008.

THE BANK OF NEW YORK, as Fiscal Agent

By: _____
Authorized Signatory

3

(18)

## CERTIFICATE OF THE ADMINISTRATOR OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO
(Pursuant to Section 708.1(iii) of the Bond Resolution)

I, Minia González Alvarez, Acting Administrator of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "System"), **DO HEREBY CERTIFY,** in connection with the issuance and sale by the System of its $300,202,930.00 Senior Pension Funding Bonds, Series C (the "Bonds"), that:

(1)     attached hereto as Exhibit A is the Accrued Payment Obligation for the Bonds and the System's Senior Pension Funding Bonds, Series A  (the "Series A Bonds") and the Senior Pension Funding Bonds, Series B  (the "Series B Bonds") for each Bond Year;

(2)     we have reviewed the report prepared by Global Insight, Inc., dated June 26, 2008 and, to our best knowledge, the assumptions provided therein are reasonable; and

(3)     for each Bond Year, the Projected Employers' Contributions for such year are equal to or greater than 140% of the corresponding Accrued Payment Obligation for the Bonds, Series A Bonds and the Series B Bonds.

**WITNESS** my hand this 30th day of June, 2008.

MINIA GONZÁLEZ ALVAREZ
Acting Administrator

BH-ERS-EX-009220

Coverage Table

| Fiscal Year | Series C Principal | Series C Interest | Series C Compounded Interest | Series C Debt Service | Series B Debt Service | Series A Debt Service | Total Adjusted Debt Service | Projected Employer Contribution | Debt Service Coverage Ratio |
|---|---|---|---|---|---|---|---|---|---|
| 2008 | $       - | $       - | $       - | $       - | $ 4,223,367 | $ 40,058,723 | $ 44,282,110 | $ 377,473,118 | 852.4% |
| #NAME? |       - | 18,638,129 |       - | 18,638,129 | 52,428,250 | 95,504,240 | 166,570,619 | 375,483,438 | 225.4% |
| #NAME? |       - | 18,586,500 |       - | 18,586,500 | 52,428,250 | 95,504,240 | 166,518,990 | 394,815,882 | 237.1% |
| #NAME? |       - | 18,586,500 |       - | 18,586,500 | 52,428,250 | 95,504,240 | 166,518,990 | 417,794,500 | 250.9% |
| #NAME? |       - | 18,586,500 |       - | 18,586,500 | 52,428,250 | 95,504,240 | 166,518,990 | 443,570,389 | 266.4% |
| #NAME? |       - | 18,586,500 |       - | 18,586,500 | 52,428,250 | 95,504,240 | 166,518,990 | 470,805,968 | 282.7% |
| #NAME? |       - | 18,586,500 |       - | 18,586,500 | 52,428,250 | 95,504,240 | 166,518,990 | 502,270,429 | 301.6% |
| #NAME? |       - | 18,586,500 |       - | 18,586,500 | 52,428,250 | 95,504,240 | 166,518,990 | 533,805,265 | 320.6% |
| #NAME? |       - | 18,586,500 |       - | 18,586,500 | 52,428,250 | 95,504,240 | 166,518,990 | 564,731,307 | 339.1% |
| #NAME? |       - | 18,586,500 |       - | 18,586,500 | 52,428,250 | 95,504,240 | 166,518,990 | 597,186,308 | 358.6% |
| #NAME? |       - | 18,586,500 |       - | 18,586,500 | 52,428,250 | 95,504,240 | 166,518,990 | 631,541,758 | 379.3% |
| #NAME? |       - | 18,586,500 |       - | 18,586,500 | 52,428,250 | 95,504,240 | 166,518,990 | 667,518,521 | 400.9% |
| #NAME? |       - | 18,586,500 |       - | 18,586,500 | 52,428,250 | 95,504,240 | 166,518,990 | 705,555,478 | 423.7% |
| #NAME? |       - | 18,586,500 |       - | 18,586,500 | 52,428,250 | 145,504,240 | 216,518,990 | 745,294,753 | 344.2% |
| #NAME? |       - | 18,586,500 |       - | 18,586,500 | 52,428,250 | 162,579,240 | 233,593,990 | 786,458,944 | 336.7% |
| #NAME? |       - | 18,586,500 |       - | 18,586,500 | 52,428,250 | 168,464,240 | 239,498,990 | 829,190,425 | 346.2% |
| #NAME? | 18,700,000 | 18,586,500 |       - | 37,286,500 | 52,428,250 | 83,804,240 | 173,518,990 | 873,053,308 | 503.1% |
| #NAME? | 22,050,000 | 17,436,450 |       - | 39,486,450 | 52,428,250 | 83,804,240 | 175,668,940 | 918,329,886 | 522.6% |
| #NAME? | 29,150,000 | 16,083,450 |       - | 45,233,450 | 52,428,250 | 83,804,240 | 181,465,940 | 965,050,483 | 531.8% |
| #NAME? | 36,300,000 | 14,290,725 |       - | 50,590,725 | 52,428,250 | 83,804,240 | 186,823,215 | 1,013,836,531 | 542.7% |
| #NAME? | 3,850,000 | 12,058,275 |       - | 15,908,275 | 172,998,260 | 240,484,240 | 429,390,765 | 1,083,207,381 | 247.6% |
| #NAME? | 100,000 | 11,821,500 |       - | 11,921,500 | 331,833,250 | 83,804,240 | 427,558,990 | 1,114,573,728 | 260.7% |
| #NAME? | 2,742,930 | 11,815,250 | 6,797,070 | 21,355,250 | 185,053,250 | 83,804,240 | 290,212,740 | 1,167,577,737 | 402.3% |
| #NAME? | 100,000 | 11,781,500 |       - | 11,881,500 | 277,743,250 | 86,804,240 | 376,428,990 | 1,222,085,765 | 324.7% |
| #NAME? | 3,420,000 | 11,775,250 |       - | 15,195,250 | 160,409,500 | 88,119,740 | 263,724,490 | 1,277,929,604 | 484.6% |
| #NAME? | 4,320,000 | 11,561,500 |       - | 15,881,500 | 167,974,500 | 87,342,990 | 271,198,990 | 1,335,662,274 | 492.5% |
| #NAME? | 100,000 | 11,291,500 |       - | 11,391,500 | 183,689,500 | 216,596,990 | 411,677,990 | 1,394,500,771 | 338.7% |
| #NAME? | 11,940,000 | 11,285,250 |       - | 23,225,250 | 45,106,500 | 208,386,740 | 276,721,490 | 1,455,661,008 | 526.0% |
| #NAME? | 2,160,000 | 10,539,000 |       - | 12,699,000 | 112,609,500 | 200,176,490 | 325,484,990 | 1,518,095,961 | 466.4% |
| #NAME? | 7,920,000 | 10,404,000 |       - | 18,324,000 | 108,357,000 | 191,966,240 | 318,647,240 | 1,582,243,455 | 496.6% |
| #NAME? | 14,400,000 | 9,909,000 |       - | 24,309,000 | 104,104,500 | 183,755,990 | 312,169,490 | 1,647,945,838 | 527.9% |
| #NAME? | 28,600,000 | 9,009,000 |       - | 37,609,000 | 99,852,000 | 209,905,740 | 347,426,740 | 1,715,825,021 | 493.9% |
| #NAME? | 28,600,000 | 7,207,200 |       - | 35,807,200 | 28,099,500 | 121,384,700 | 185,291,400 | 1,786,450,339 | 964.1% |
| #NAME? | 28,600,000 | 5,405,400 |       - | 34,005,400 | 28,099,500 | 63,620,200 | 125,725,100 | 1,859,554,456 | 1479.1% |
| #NAME? | 28,600,000 | 3,603,600 |       - | 32,203,600 | 28,099,500 | 61,292,100 | 121,595,200 | 1,935,173,602 | 1591.5% |
| #NAME? | 28,600,000 | 1,801,800 |       - | 30,401,800 | 28,099,500 | 21,414,000 | 79,915,300 | 2,013,323,675 | 2519.3% |
| #NAME? |       - |       - |       - |       - | 28,099,500 | 21,414,000 | 49,513,500 | 2,094,137,802 | 4229.4% |
| #NAME? |       - |       - |       - |       - | 28,099,500 | 21,414,000 | 49,513,500 | 2,177,653,758 | 4398.1% |
| #NAME? |       - |       - |       - |       - | 28,099,500 | 21,414,000 | 49,513,500 | 2,263,802,850 | 4572.3% |
| #NAME? |       - |       - |       - |       - | 28,099,500 | 21,414,000 | 49,513,500 | 2,353,018,333 | 4752.3% |
| #NAME? |       - |       - |       - |       - | 28,099,500 | 21,414,000 | 49,513,500 | 2,444,940,053 | 4937.9% |
| #NAME? |       - |       - |       - |       - | 28,099,500 | 21,414,000 | 49,513,500 | 2,539,879,155 | 5129.7% |
| #NAME? |       - |       - |       - |       - | 28,099,500 | 21,414,000 | 49,513,500 | 2,637,775,323 | 5327.4% |
| #NAME? |       - |       - |       - |       - | 28,099,500 | 21,414,000 | 49,513,500 | 2,738,773,514 | 5531.4% |
| #NAME? |       - |       - |       - |       - | 28,099,500 | 21,414,000 | 49,513,500 | 2,842,926,433 | 5741.7% |
| #NAME? |       - |       - |       - |       - | 28,099,500 | 21,414,000 | 49,513,500 | 2,950,235,182 | 5958.4% |
| #NAME? |       - |       - |       - |       - | 28,099,500 | 21,414,000 | 49,513,500 | 3,060,837,860 | 6181.8% |
| #NAME? |       - |       - |       - |       - | 124,349,500 | 108,364,000 | 232,713,500 | 3,174,702,827 | 1364.2% |
| #NAME? |       - |       - |       - |       - | 118,045,125 | 99,155,725 | 217,200,850 | 3,291,988,111 | 1515.6% |
| #NAME? |       - |       - |       - |       - | 111,740,750 | 91,279,650 | 203,020,400 | 3,412,779,476 | 1681.0% |
| #NAME? |       - |       - |       - |       - | 149,436,375 | 86,064,825 | 235,501,200 | 3,536,943,940 | 1501.9% |
| Total | $ 300,202,930 | $ 496,515,279 | $ 6,797,070 | $ 803,515,279 | $ 3,875,158,386 | $ 4,767,231,364 | $ 9,445,905,029 | $ 78,424,073,814 | |

BH-ERS-EX-009221



GOVERNMENT
DEVELOPMENT
BANK FOR
PUERTO RICO
COMMONWEALTH OF PUERTO RICO

**Board of Directors**

PO Box 42001
San Juan, PR 00940-2001
Telephone (787)721-3360
Facsimile (787)726-6001

## CERTIFICATE AS TO RESOLUTION

**I, OLGA L. ORTIZ**, Secretary of the Board of Directors of Government Development Bank for Puerto Rico and/or Executive Committee, **DO HEREBY CERTIFY** that attached hereto is a true and correct copy of **Resolution EC-1699** which was duly adopted by the Executive Committee of the Board of Directors of this Bank at a meeting duly called and held on June 26, 2008, at which a quorum was present and acting throughout.  Said Resolution is the only resolution of said Board of Directors or the Executive Committee of the Board thereof relating to the issuance by Employees Retirement System of the Government of the Commonwealth of Puerto Rico of its $300,202,930 Senior Pension Funding Bonds, Series C, and that said Resolution has not been in any way amended, annulled, rescinded or revoked, and the same is still in full force and effect.

### RESOLUTION EC-1699

#### APPROVING THE DETAILS OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO $300,202,930 SENIOR PENSION FUNDING BONDS, SERIES C

**WHEREAS,** the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "System") has advised the Bank that it has authorized the issuance of its $300,202,930 Senior Pension Funding Bonds, Series C (the "Bonds"), pursuant to the provisions of Section 201 of that certain Pension Funding Bond Resolution, adopted by the System on January 24, 2008, and a Third Supplemental Pension Funding Bond Resolution, adopted by the System on June 26, 2008 (collectively, the "Resolution"), under which The Bank of New York will act as fiscal agent (the "Fiscal Agent"), for the purpose of providing moneys: (a) to the System to decrease the unfunded liability of the System; (b) to pay or provide for the payment of financing costs, including but not limited to the costs of issuance; and/or (c) for such other purposes as may be authorized by Act 447 of May 15, 1951, as amended and then in effect;

Executive Committee of the Board of Directors of GDB
Certificate as to Resolution EC-1699
Page 2 of 2
Approved on June 26, 2008

**WHEREAS,** the System has accepted the offer from UBS Financial Services Incorporated of Puerto Rico, as representative of itself and the other Underwriters named in that certain Purchase Contract, dated as of June 26, 2008, between the System and the Underwriters, to purchase the Bonds for the account of the Underwriters;

**WHEREAS,** the Bank has determined that the form of issue of the Bonds, including the maturity schedules, redemption provisions, interest rates, method of sale and prices for which the Bonds will be sold and all other essential factors of said Bond issue, are in the best interest of the System and adequately protect the System;

**NOW, THEREFORE, BE IT RESOLVED** by the Executive Committee of the Board of Directors of the Government Development Bank for Puerto Rico (the "Executive Committee") that the form of issue of the Bonds, including the maturity schedules, redemption provisions, interest rates, method of sale and prices for which said Bonds will be sold and all other essential factors of said bond issue, are hereby approved.

**BE IT FURTHER RESOLVED** by the Executive Committee that the officers, agents and employees of the Bank are hereby authorized and directed to do all acts and things required of them by the Bonds and by the provisions of this Resolution for the full, punctual and complete performance of the terms, covenants, provisions and agreements of the Bonds and this Resolution and all prior actions taken by such officers, agents and employees of the Bank in connection with the issuance and sale of the Bonds are hereby ratified and approved.

This Resolution shall take effect immediately upon its adoption.

**IN WITNESS WHEREOF I SET** my hand and the corporate seal of Government Development Bank for Puerto Rico, this 30th day of June, 2008.

OLGA L. ORTIZ
SECRETARY

(SEAL)

#23720 v1 - EC-1699 RESOLUTION

BH-ERS-EX-009223

**Board of Directors**



GOVERNMENT
DEVELOPMENT
BANK FOR
PUERTO RICO

COMMONWEALTH OF PUERTO RICO

PO Box 42001
San Juan, PR 00940-2001
Telephone (787)721-3360
Facsimile (787)726-6001

## INCUMBENCY CERTIFICATE

**I, OLGA L. ORTIZ,** Secretary of the Board of Directors and/or the Executive Committee of Government Development Bank for Puerto Rico, **DO HEREBY CERTIFY** that the signatures of the officers set forth opposite their respective titles below are their true and genuine signatures.

| TITLE | NAME | SIGNATURE |
|-------|------|-----------|
| President | Jorge Irizarry-Herrans | |
| Executive Vice President | Luis Alfaro-Martínez | |
| Acting General Counsel | Alexis D. Mattei-Barrios | |

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed the corporate seal of Government Development Bank, this 30th day of June, 2008.

**OLGA L. ORTIZ**
**SECRETARY**

**(SEAL)**

(21)

## CERTIFICATION OF GENERAL COUNSEL OF GOVERNMENT DEVELOPMENT BANK WITH RESPECT TO NO ADVERSE LEGISLATION

I, Alexis D. Mattei Barrios, General Counsel to Government Development Bank for Puerto Rico, **DO HEREBY CERTIFY** that I have examined all the laws enacted by the Legislature of the Commonwealth of Puerto Rico since the Seventh Session of the Fifteenth Legislature of the Commonwealth of Puerto Rico to the date of this certificate, and it is my opinion that none of the laws enacted during such period adversely affects in any manner the power of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to issue its $300,202,930.00 Senior Pension Funding Bonds, Series C, authorized by the System by resolutions duly adopted by the Board of Trustees of the System on June 26, 2008, or the manner of issuance of said bonds or the provisions for the payment thereof.

**WITNESS** my hand this 30th day of June, 2008.

_____

General Counsel, Government Development Bank for Puerto Rico