(22)

### CERTIFICATE OF GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO
(Pursuant to subparagraph 8(d)(6) of the Purchase Contract)

I, Jorge Irizarry Herráns, President of Government Development Bank for Puerto Rico, **DO HEREBY CERTIFY** that the Certificate of the Acting Secretary of the Treasury of the Commonwealth of Puerto Rico pursuant to Section 8(d)(5) of the Purchase Contract relating to $300,202,930.00 Senior Pension Funding Bonds, Series C of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "Bonds") is hereby confirmed as to all statements made under the general heading "Public Corporations" in the Commonwealth Report incorporated by reference to the Official Statement relating to said Bonds.

In rendering this Certificate, I have relied, after reasonable investigation, and believe that I am justified in so relying, as to information relating to and provided by public corporations other than Government Development Bank for Puerto Rico and any of its subsidiaries, upon information furnished to me by such public corporations.

**WITNESS** my hand this 30th day of June, 2008.

By: _____
Title: President
Government Development Bank for Puerto Rico

SIGNING AUTHORITIES
Extracts from By-Laws of
THE BANK OF NEW YORK
ARTICLE VI
As amended through July 1, 2007

SECTION 6.1 *Real Property.*  Real property owned by the Bank in its own right shall not be deeded, conveyed, mortgaged, assigned or transferred except when duly authorized by a resolution of the Board.  The Board may from time-to-time authorize officers to deed, convey, mortgage, assign or transfer real property owned by the Bank in its own right with such maximum values as the Board may fix in its authorizing resolution.

SECTION 6.2 *Senior Signing Powers.* Subject to the exception provided in Section 6.1, the Chief Executive Officer, the President, any Vice Chairman, any Senior Executive Vice President and any Executive Vice President is authorized to accept, endorse, execute or sign any document, instrument or paper in the name of, or on behalf of, the Bank in all transactions arising out of, or in connection with, the normal course of the Bank's business or in any fiduciary, representative or agency capacity and, when required, to affix the seal of the Bank thereto.  In such instances as in the judgment of the Chief Executive Officer, the President, any Vice Chairman, any Senior Executive Vice President or any Executive Vice President may be proper and desirable, any one of said officers may authorize in writing from time-to-time any other officer to have the powers set forth in this section applicable only to the performance or discharge of the duties of such officer within his or her particular division or function.  Any officer of the Bank authorized in or pursuant to Section 6.3 to have any of the powers set forth therein, other than the officer signing pursuant to this Section 6.2, is authorized to attest to the seal of the Bank on any documents requiring such seal.

SECTION 6.3. *Limited Signing Powers.*  Subject to the exception provided in Section 6.1, in such instances as in the judgment of the Chief Executive Officer, the President, any Vice Chairman, any Senior Executive Vice President, or any Executive Vice President may be proper and desirable, any one of said officers may authorize in writing from time to time any other officer, employee or individual to have the limited signing powers or limited power to affix the seal of the Bank to specified classes of documents set forth in a resolution of the Board applicable only to the performance or discharge of the duties of such officer, employee or individual within his or her division or function.

SECTION 6.4 *Powers of Attorney.* All powers of attorney on behalf of the Bank shall be executed by any officer of the Bank jointly with the Chief Executive Officer, the President, any Vice Chairman, any Senior Executive Vice President, any Executive Vice President, any Senior Vice President or any Managing Director, provided that the execution by such Senior Vice President or Managing Director of said Power of Attorney shall be applicable only to the performance or discharge of the duties of such officer within his or her particular division or function.  Any such power of attorney may, however, be executed by any officer or officers or person or persons who may be specifically authorized to execute the same by the Board of Directors and, at foreign branches only, by any two officers provided one of such officers is the Branch Manager.

SECTION 6.5. *Auditor.*  The Chief Auditor or any officer designated by the Chief Auditor is authorized to certify in the name of, or on behalf of the Bank, in its own right or in a fiduciary or representative capacity, as to the accuracy and completeness of any account, schedule of assets, or other document, instrument or paper requiring such certification.

BH-ERS-EX-009227

### SIGNING AUTHORITY RESOLUTION
#### Pursuant to Section 6.3 of the By-laws

RESOLVED, that, pursuant to Section 6.3 of the By-laws of The Bank of New York, authority be, and hereby is, granted to the Chairman, the President, any Vice Chairman of the Board, any Senior Executive Vice President, or any Executive Vice President, in such instances as in the judgment of any one of said officers may be proper and desirable, to authorize in writing from time-to-time any other officer, employee or individual to have the limited signing authority set forth in any one or more of the following paragraphs applicable only to the performance or discharge of the duties of such officer, employee or individual within his or her division or function:

(A)  All signing authority set forth in paragraphs (B) through (I) below except Level C which must be specifically designated.

(B1)  Individuals authorized to accept, endorse, execute or sign any bill receivable; certification; contract, document or other instrument evidencing, embodying a commitment with respect to, or reflecting the terms or conditions of, a loan or an extension of credit by the Bank; note; and document, instrument or paper of any type, including stock and bond powers, required for purchasing, selling, transferring, exchanging or otherwise disposing of or dealing in foreign currency, derivatives or any form of securities, including options and futures thereon; in each case in transactions arising out of, or in connection with, the normal course of the Bank's business.

(B2)  Individuals authorized to endorse, execute or sign any certification; disclosure notice required by law; document, instrument or paper of any type required for judicial, regulatory or administrative proceedings or filings; and legal opinions.

(C1)  Authority to accept, endorse, execute or sign or effect the issuance of any cashiers, certified or other official check; draft; order for payment of money; check certification; receipt; certificate of deposit; money transfer wire; and internal transfers resulting in a change of beneficial ownership; in each case, in excess of $100,000,000 with single authorization for all transactions.

(C2)  Authority to accept, endorse, execute or sign or effect the issuance of any cashiers, certified or other official check; draft; order for payment of money; check certification; receipt; certificate of deposit; money transfer wire; and internal transfers resulting in a change of beneficial ownership; in each case, in excess of $100,000,000*.

(C3)  Authority to accept, endorse, execute or sign or effect the issuance of any cashiers, certified or other official check; draft; order for payment of money; check certification; receipt; certificate of deposit; money transfer wire; and internal transfers resulting in a change of beneficial ownership; in each case, in an amount up to $100,000,000.

(C4)  Authority to accept, endorse, execute or sign or effect the issuance of any cashiers, certified or other official check; draft; order for payment of money; check certification; receipt; certificate of deposit; money transfer wire; and internal transfers resulting in a change of beneficial ownership; in each case, in an amount up to $10,000,000.

(C5)  Authority to accept, endorse, execute or sign or effect the issuance of any cashiers, certified or other official check; draft; order for payment of money; check certification; receipt; certificate of deposit; money transfer wire; and internal transfers resulting in a change of beneficial ownership; in each case, in an amount up to $5,000,000.

(C6)  Authority to accept, endorse, execute or sign or effect the issuance of any cashiers, certified or other official check; draft; order for payment of money; check certification;

receipt; certificate of deposit; money transfer wire; and internal transfers resulting in a change of beneficial ownership; in each case, in an amount up to $1,000,000.

(C7) Authority to accept, endorse, execute or sign or effect the issuance of any cashiers, certified or other official check; draft; order for payment of money; check certification; receipt; certificate of deposit; money transfer wire; and internal transfers resulting in a change of beneficial ownership; in each case, in an amount up to $250,000.

(C8) Authority to accept, endorse, execute or sign or effect the issuance of any cashiers, certified or other official check; draft; order for payment of money; check certification; receipt; certificate of deposit; money transfer wire; and internal transfers resulting in a change of beneficial ownership; in each case, in an amount up to $50,000.

(C9) Authority to accept, endorse, execute or sign or effect the issuance of any cashiers, certified or other official check; draft; order for payment of money; check certification; receipt; certificate of deposit; money transfer wire; and internal transfers resulting in a change of beneficial ownership; in each case, in an amount up to $5,000.

*Dual authorization is required by any combination of senior officer and/or Sector Head approved designee for non-exempt transactions. Single authorization required for exempt transactions.

(D1) Authority to accept, endorse, execute or sign any contract obligating the Bank for the payment of money or the provision of services in an amount up to $1,000,000.

(D2) Authority to accept, endorse, execute or sign any contract obligating the Bank for the payment of money or the provision of services in an amount up to $250,000.

(D3) Authority to accept, endorse, execute or sign any contract obligating the Bank for the payment of money or the provision of services in an amount up to $50,000.

(D4) Authority to accept, endorse, execute or sign any contract obligating the Bank for the payment of money or the provision of services in an amount up to $5,000.

(E) Authority to accept, endorse, execute or sign any guarantee of signature to assignments of stocks, bonds or other instruments; certification required for transfers and deliveries of stocks, bonds or other instruments; and document, instrument or paper of any type required in connection with any Individual Retirement Account or Keogh Plan or similar plan.

(F) Authority to accept, endorse, execute or sign any certificate of authentication as bond, unit investment trust or debenture trustee and on behalf of the Bank as registrar and transfer agent.

(G) Authority to accept, endorse, execute or sign any bankers acceptance; letter of credit; and bill of lading.

(H) Authority to accept, endorse, execute or sign any document, instrument or paper of any type required in connection with the ownership, management or transfer of real or personal property held by the Bank in trust or in connection with any transaction with respect to which the Bank is acting in any fiduciary, representative or agency capacity, including the acceptance of such fiduciary, representative or agency account.

(I1) Authority to effect the external movement of free delivery of securities and internal transfers resulting in changes of beneficial ownership.

BH-ERS-EX-009229

(I2)  Authority to effect the movement of securities versus payment at market or contract value.

(J)  Authority to either sign on behalf of the Bank or to affix the seal of the Bank to any of the following classes of documents:  Trust Indentures, Escrow Agreements, Pooling and Servicing Agreements, Collateral Agency Agreements, Custody Agreements, Trustee's Deeds, Executor's Deeds, Personal Representative's Deeds, Other Real Estate Deeds for property not owned by the Bank in its own right, Corporate Resolutions, Mortgage Satisfactions, Mortgage Assignments, Trust Agreements, Loan Agreements, Trust and Estate Accountings, Probate Petitions, responsive pleadings in litigated matters and Petitions in Probate Court with respect to Accountings, Contracts for providing customers with Bank products or services.

(N)  Individuals authorized to accept, endorse, execute or sign internal transactions only, (i.e., general ledger tickets); does not include the authority to authorize external money movements, internal money movements or internal free deliveries that result in changes of beneficial ownership.

**RESOLVED**, that any signing authority granted pursuant to this resolution may be rescinded by the Chairman, the President, any Vice Chairman of the Board, any Senior Executive Vice President, or any Executive Vice President and such signing authority shall terminate without the necessity of any further action when the person having such authority leaves the employ of the Company.

BH-ERS-EX-009230

## OFFICIAL SIGNING AUTHORITY

Pursuant to Article 6, Section 6.2 and Section 6.3 of the By-Laws of The Bank of New York, I hereby confirm the signing authority noted next to the following individuals:

| NAME | TITLE |
|------|-------|
| **Section 6.2 X** | |
| Tadie, Patrick J. | Executive Vice President |
| DaSilva, Elizabeth | Managing Director |
| Fruchtman, Jack | Managing Director |
| Fudali, Harold | Managing Director |
| Griffin, Robert L. | Managing Director |
| Hodgetts, Steven M. | Managing Director |
| Keenan, James R. | Managing Director |
| Lew, Gary | Managing Director |
| Lundberg, Loretta A. | Managing Director |
| Lynch, Jocelyn M. | Managing Director |
| Magnolia, Douglas J. | Managing Director |
| Maitland, James W. | Managing Director |
| Nunes Jr, Antonio A. | Managing Director |
| Palladino, Mauro | Managing Director |
| Pandiri, Samir | Managing Director |
| Spedding, John A. | Managing Director |
| | |
| Adelson, Melissa | Vice President |
| Amankwah, Andrews | Vice President |
| Avizov, Arthur | Vice President |
| Bush, Gary S. | Vice President |
| Feig, Martin | Vice President |
| Flowerday, Robert | Vice President |
| Gagliardo, John | Vice President |
| Guiliano, John M. | Vice President |
| Khanna, Ritu | Vice President |
| Mehta, Sonal | Vice President |
| Sabatino, Michael | Vice President |
| Santivasci, Pasquale | Vice President |
| Shields, Laura M. | Vice President |
| Thomson, Michael J.S. | Vice President |
| **Section 6.3 A** | |
| Cohen, Mark P. | Managing Director |
| Costantino, Richard | Managing Director |
| MacInnes, Douglas | Managing Director |
| Tsarnas, Alex P. | Managing Director |
| Wilden, Paul D. | Managing Director |
| | |
| Bondy, Lance | Vice President |
| Courcey, Erin | Vice President |
| Cunningham, Peter H. | Vice President |
| Dale, Nicola | Vice President |
| Dunthorne, Peter | Vice President |
| Farber, Jonathan T. | Vice President |
| Gelsen, Jacqueline | Vice President |
| Giurlando, Stephen J. | Vice President |
| Hamilton, Helen | Vice President |
| Harchuck, John | Vice President |
| Herrera, Hector S. | Vice President |

GLOBAL CORPORATE TRUST

OFFICIAL SIGNING AUTHORITY

Pursuant to Article 6, Section 6.2 and Section 6.3 of the By-Laws of The Bank of New York, I hereby confirm the signing authority noted next to the following individuals:

| NAME | TITLE |
|---|---|
| Howard, Peter A. | Vice President |
| Kourkoulis, Gus | Vice President |
| Lee, Won Jae | Vice President |
| McIntyre, Robert F. | Vice President |
| O'Leary, Patrick J. | Vice President |
| Paradine, Edward | Vice President |
| Patel, Sonal | Vice President |
| Peterkin, Christine | Vice President |
| Polito, John C. | Vice President |
| Poussardin, Xavier | Vice President |
| Quek, Hwee-Choo | Vice President |
| Robinson, Craig | Vice President |
| Rodgers, Jackie | Vice President |
| Safer, David | Vice President |
| Sperandio, Michela | Vice President |
| Strakosch, Christopher | Vice President |
| Thorson, Robert | Vice President |
| Tienken, Douglas | Vice President |
| Tinnelly, Breige | Vice President |
| Wagstaff, Robert | Vice President |
| Wong, Winnie | Vice President |
| | |
| Campbell, Edward | Assistant Vice President |
| Cruickshank, Caroline | Assistant Vice President |
| Devers, Raymundo | Assistant Vice President |
| Huang, Disheng | Assistant Vice President |
| Hanley, Tara E. | Assistant Vice President |
| | |
| Higgins, Lynda | Assistant Treasurer |
| Rodriguez, Miguel | Assistant Treasurer |
| Stout, Sarah | Assistant Treasurer |
| Veith, David | Assistant Treasurer |
| Ward, Jacqueline | Assistant Treasurer |

| Section 6.3 A and J | |
|---|---|
| Cremin, Kevin | Managing Director |
| | |
| Adamis, Joanne | Vice President |
| Ayerdis, David | Vice President |
| Babb, Richard | Vice President |
| Barger, Watson | Vice President |
| Barris, Geovanni | Vice President |
| Bartholomew, Courtney | Vice President |
| Bashford, Paul A. | Vice President |
| Bevelaqua, Barbara | Vice President |
| Binnie, Kevin F. | Vice President |
| Blewer, Trevor R. | Vice President |
| Bobko, John | Vice President |
| Bogert, Thomas J. | Vice President |
| Boutros, Pierre | Vice President |
| Buckley, Tracey | Vice President |

BH-ERS-EX-009232

GLOBAL CORPORATE TRUST

## OFFICIAL SIGNING AUTHORITY

Pursuant to Article 6, Section 6.2 and Section 6.3 of the By-Laws of The Bank of New York, I hereby confirm the signing authority noted next to the following individuals:

| NAME | TITLE |
| --- | --- |
| Burke, Timothy | Vice President |
| Byrne, Paul | Vice President |
| Carey, Lorraine | Vice President |
| Cerilles, Catherine | Vice President |
| Chaney, Cynthia J. | Vice President |
| Chang, Alex T. | Vice President |
| Chang, Christina | Vice President |
| Chang, Christina H. | Vice President |
| Chang, Tae-Ho (Alex) | Vice President |
| Cheong, Kenneth | Vice President |
| Choi, Janie K. | Vice President |
| Chung, Tin Wan | Vice President |
| Clark, Frederick W. | Vice President |
| Clarke, Cheryl | Vice President |
| Clifford, James Hall | Vice President |
| Cocozza, Betty | Vice President |
| Coker, Sharon N. | Vice President |
| Collazo, Elizabeth | Vice President |
| Costantino, Joseph M. | Vice President |
| Devane, Michael | Vice President |
| Donohue, Catherine | Vice President |
| Eiland, Wanda | Vice President |
| Eth, Roger | Vice President |
| Facendola, Gerard F. | Vice President |
| Farah, Rouba F. | Vice President |
| Ferry, Karen | Vice President |
| Fevola, James | Vice President |
| Finkelstein, Jeremy F. | Vice President |
| Fong Esther | Vice President |
| French, Diane Welsh | Vice President |
| Fulling, Alan | Vice President |
| Gallagher, Frank | Vice President |
| Geary, Lisa A. | Vice President |
| Greene, Christopher | Vice President |
| Grell, Christopher J. | Vice President |
| Hacker, Thomas | Vice President |
| Harris, Andrea | Vice President |
| Hett, Glenn | Vice President |
| Hewer, Wendy Frances | Vice President |
| Hieb, Michael C. | Vice President |
| Ho, Dennis W. | Vice President |
| Howard, James | Vice President |
| Iris, Joette | Vice President |
| Jaffe-Goser, Sharon H. | Vice President |
| Jaklitsch, Lucia | Vice President |
| Jamison, Michael L. | Vice President |
| Joette, Iris | Vice President |
| Johnson, George R. | Vice President |
| Kaczmar, Barbara | Vice President |
| Kateris, Kalliope E. | Vice President |
| Keenan, William G. | Vice President |

BH-ERS-EX-009233

GLOBAL CORPORATE TRUST

## OFFICIAL SIGNING AUTHORITY

Pursuant to Article 6, Section 6.2 and Section 6.3 of the By-Laws of The Bank of New York, I hereby confirm the signing authority noted next to the following individuals:

| NAME | TITLE |
|------|-------|
| Kerr, David | Vice President |
| Khoo, Yik Lin | Vice President |
| Kincaid, Francine J. | Vice President |
| Kratter, Stuart | Vice President |
| Kunak, Glenn J. | Vice President |
| LaGumina, Mary | Vice President |
| Lauro, Noraida | Vice President |
| Lawlor, Joseph M. | Vice President |
| LeClaire, David | Vice President |
| Lee, Youn-Soo | Vice President |
| Leedham, Edmond F. | Vice President |
| Lewicki, Marybeth | Vice President |
| Lewis, Deirdre M. | Vice President |
| Lewis, Neil | Vice President |
| Lim, Bryan | Vice President |
| Loncke, Courtney F. | Vice President |
| Lonibos, David M. | Vice President |
| Lou, Tammy L. | Vice President |
| Louis, Matthew G. | Vice President |
| Luciano, Carlos R. | Vice President |
| Mack, Vanessa | Vice President |
| Mansoor, Abdul Anam | Vice President |
| Marson, Roderick Kurt | Vice President |
| Massimillo, Robert A. | Vice President |
| Mate, Joseph | Vice President |
| McDermott, Mark W. | Vice President |
| McDonnell, Kathleen | Vice President |
| McKeever, Glenn G. | Vice President |
| McKissick, Aaron | Vice President |
| McLeod, Andrew J. | Vice President |
| Milliner, Denis | Vice President |
| Miranda, Rafael | Vice President |
| Mitchell, Glenn | Vice President |
| Moniaci, Rosario R. | Vice President |
| Morison, Raymond F. | Vice President |
| Nash, Steven W. | Vice President |
| Nasim, Iqbal | Vice President |
| Needham, John | Vice President |
| Ntavos, Evangelos | Vice President |
| O'Brien, David J. | Vice President |
| O'Brien, Laurence J. | Vice President |
| O'Brien, Maeve | Vice President |
| O'Connor, Marion E. | Vice President |
| Oliver, Derek | Vice President |
| Pajusi, Thomas E. | Vice President |
| Panepinto, Joseph | Vice President |
| Parente, Dario J. | Vice President |
| Pariser, Raphael | Vice President |
| Penson, Michelle | Vice President |
| Pepe, Gerard | Vice President |
| Pereira, Paul V. | Vice President |
| Perez, Rebeca | Vice President |

BH-ERS-EX-009234

GLOBAL CORPORATE TRUST

## OFFICIAL SIGNING AUTHORITY

Pursuant to Article 6, Section 6.2 and Section 6.3 of the By-Laws of The Bank of New York, I hereby confirm
the signing authority noted next to the following individuals:

| NAME | TITLE |
|------|-------|
| Perry, Kathleen E. | Vice President |
| Peschler, Robert | Vice President |
| Petroutsas, Dimitra | Vice President |
| Pickett, Diane | Vice President |
| Pine, Kathy | Vice President |
| Poindexter, Stacey | Vice President |
| Provenzano, Thomas J. | Vice President |
| Pszonek, Susan | Vice President |
| Pullen III, Edward M. | Vice President |
| Racioppo, Kenneth | Vice President |
| Rainbird, Kevin M. | Vice President |
| Reale, Remo J. | Vice President |
| Ribeiro, Humberto | Vice President |
| Rich, Robert W. | Vice President |
| Riley, Kathleen A. | Vice President |
| Ring, Kenneth | Vice President |
| Rolandelli, Richard | Vice President |
| Rothenberg, Stuart | Vice President |
| Rothman, Daniel | Vice President |
| Russell, Kathleen G. | Vice President |
| Russo, Ciro J. | Vice President |
| Ryan, Aisling | Vice President |
| Ryan, Ming | Vice President |
| Schwalb, Debra A. | Vice President |
| Sibree, Tani E. | Vice President |
| Simons, Thomas W. | Vice President |
| Singer, Christine | Vice President |
| Smith, Nell | Vice President |
| Sturman, David A. | Vice President |
| Taylor, Andrew J. | Vice President |
| Tepper, Scott | Vice President |
| Tinnin, Bryon M. | Vice President |
| Todak, Deborah | Vice President |
| Toussaint, Amin | Vice President |
| Trachtenberg, Karen | Vice President |
| Vaccarello, Steven V. | Vice President |
| Valenti, Jennifer J. | Vice President |
| Varadan, Priya | Vice President |
| Vayas, Antonio | Vice President |
| Vlahakis, Thomas | Vice President |
| Wai, Nelson | Vice President |
| Wai-Sun Yeung, Terence | Vice President |
| Wallace, Diane E. | Vice President |
| Weber, Herbert William | Vice President |
| Wenzier, Craig S. | Vice President |
| Whelan, Michael | Vice President |
| White, Michael C. | Vice President |
| Wilkes, Emma | Vice President |
| Wollen, Kerry | Vice President |
| Wynne, Daniel | Vice President |
| Young, Kevin | Vice President |
| Young, Louis P. | Vice President |

GLOBAL CORPORATE TRUST

## OFFICIAL SIGNING AUTHORITY

Pursuant to Article 6, Section 6.2 and Section 6.3 of the By-Laws of The Bank of New York, I hereby confirm the signing authority noted next to the following individuals:

| NAME | TITLE |
|------|-------|
| Zakrzewski, Thomas B. | Vice President |
| | |
| Ahmad, Rosilawat | Assistant Vice President |
| Aminova, Lena | Assistant Vice President |
| Austin, Latoya | Assistant Vice President |
| Awerbuch, Iris | Assistant Vice President |
| Bassi, Juedeep | Assistant Vice President |
| Belen, Fredic | Assistant Vice President |
| Berry, Christopher | Assistant Vice President |
| Bershaw, Sharon | Assistant Vice President |
| Bhangoo, Naresh | Assistant Vice President |
| Blondell, Jason | Assistant Vice President |
| Bourtman, Anna | Assistant Vice President |
| Carter, David | Assistant Vice President |
| Catania, Paul L. | Assistant Vice President |
| Cattermole, Peter | Assistant Vice President |
| Chan, Audrey | Assistant Vice President |
| Chiong, Siew Lin Angie | Assistant Vice President |
| Chu, Edward | Assistant Vice President |
| Chu, Susan | Assistant Vice President |
| Clarke, Candace T. | Assistant Vice President |
| Cooper, Andrew M. | Assistant Vice President |
| Cooper, Philip | Assistant Vice President |
| Corbo, Linda | Assistant Vice President |
| Curti, Christopher | Assistant Vice President |
| Daley, Lesley | Assistant Vice President |
| Das, Suhrita | Assistant Vice President |
| Dawkin, Stuart | Assistant Vice President |
| Denno, Joseph S. | Assistant Vice President |
| Dermody, John | Assistant Vice President |
| Diep, Mike T. | Assistant Vice President |
| DiGiacomo, Mark | Assistant Vice President |
| Ding, Irene | Assistant Vice President |
| Elsom, Mark | Assistant Vice President |
| Faruolo, Vito | Assistant Vice President |
| Feely, Aengus | Assistant Vice President |
| Ferrera, Franca M. | Assistant Vice President |
| Fleming, Jeffery | Assistant Vice President |
| Gentile, Colette R. | Assistant Vice President |
| George, Lloyd | Assistant Vice President |
| George, Paul | Assistant Vice President |
| Gilmore, Sean | Assistant Vice President |
| Greene, Karon | Assistant Vice President |
| Griffey, Jeffrey | Assistant Vice President |
| Grose, Lloyd | Assistant Vice President |
| Guerra, Melquides | Assistant Vice President |
| Gusz, Kristine | Assistant Vice President |
| Gutierrez, Werin | Assistant Vice President |
| Hayden, Peter | Assistant Vice President |
| Hollingsworth, Jeremy | Assistant Vice President |
| Hopt, William | Assistant Vice President |
| Hrvniewicka, Beata | Assistant Vice President |

BH-ERS-EX-009236

## OFFICIAL SIGNING AUTHORITY

Pursuant to Article 6, Section 6.2 and Section 6.3 of the By-Laws of The Bank of New York, I hereby confirm the signing authority noted next to the following individuals:

| NAMES | TITLES |
| --- | --- |
| Huang, Pei | Assistant Vice President |
| Hughes, Catherine | Assistant Vice President |
| Hume, David | Assistant Vice President |
| Husbands, Steve Mckenley | Assistant Vice President |
| Hynes, Peter | Assistant Vice President |
| Hynes, Timothy | Assistant Vice President |
| Imbach, Francesca N. | Assistant Vice President |
| Ippolito, Paolo | Assistant Vice President |
| Isles, Stephen | Assistant Vice President |
| Jauny, Stephane | Assistant Vice President |
| Jeanes, Mark | Assistant Vice President |
| Joseph, Maryann | Assistant Vice President |
| Kandarova, Ilona A. | Assistant Vice President |
| Keith, Amy | Assistant Vice President |
| Kercado, Nelson | Assistant Vice President |
| LaBarbera, Joann | Assistant Vice President |
| LaDolcetta, Marie | Assistant Vice President |
| Lago, Edgar R. | Assistant Vice President |
| Lam, Carlos | Assistant Vice President |
| Lam, Helen | Assistant Vice President |
| Lawlor, Janet | Assistant Vice President |
| Leahy, Charles | Assistant Vice President |
| Li, Mandy | Assistant Vice President |
| Li, Man-Yan | Assistant Vice President |
| Liu, Li-May Laura | Assistant Vice President |
| Maley, John | Assistant Vice President |
| Maree, Ross | Assistant Vice President |
| Marzella, Guy | Assistant Vice President |
| McDermott, Natasha | Assistant Vice President |
| McDwermott, Natasha | Assistant Vice President |
| Melendez, Rosemary | Assistant Vice President |
| Moore, Denise | Assistant Vice President |
| Moraca, Miriam | Assistant Vice President |
| Mule, Gaspare | Assistant Vice President |
| Muneshwar, Bibi | Assistant Vice President |
| Murray, Catherine | Assistant Vice President |
| Myers, Andrea | Assistant Vice President |
| Nascimento, Marcia | Assistant Vice President |
| Nolan, Jennifer | Assistant Vice President |
| Nunez, Marina | Assistant Vice President |
| Nydick, Ira | Assistant Vice President |
| O'Brien, Alan | Assistant Vice President |
| O'Mahoney, Christopher | Assistant Vice President |
| Pabon, Alexander | Assistant Vice President |
| Pagano, Alfonso | Assistant Vice President |
| Pahkala, Noora | Assistant Vice President |
| Palermo, Christopher W. | Assistant Vice President |
| Pena, Angelita | Assistant Vice President |
| Petraitis, Mary Ann | Assistant Vice President |
| Phillips, Rosemary | Assistant Vice President |
| Plear, Tonya | Assistant Vice President |

## OFFICIAL SIGNING AUTHORITY

Pursuant to Article 6, Section 6.2 and Section 6.3 of the By-Laws of The Bank of New York, I hereby confirm the signing authority noted next to the following individuals:

| NAME | TITLE |
|---|---|
| Potes, William | Assistant Vice President |
| Powell, Joseph G. | Assistant Vice President |
| Prata, Mayelle | Assistant Vice President |
| Reed, Timothy | Assistant Vice President |
| Reilly, Mary Ann | Assistant Vice President |
| Romeo, Odell D. | Assistant Vice President |
| Schwartz, Carolyn | Assistant Vice President |
| Selim, Tasneem | Assistant Vice President |
| Sexton, Frances | Assistant Vice President |
| Shelton, Michael L. | Assistant Vice President |
| Small, Claudia | Assistant Vice President |
| Soong, Julian | Assistant Vice President |
| Souter, Edward | Assistant Vice President |
| Tamburello, Ignazio | Assistant Vice President |
| Tessler, Adam | Assistant Vice President |
| Thelwell, Arlene | Assistant Vice President |
| Thuo, Marco | Assistant Vice President |
| Tokarz, Maria | Assistant Vice President |
| Tolentino, Isaura | Assistant Vice President |
| Turner, Kevin P. | Assistant Vice President |
| Unger, Keith | Assistant Vice President |
| Vaporean, Karen | Assistant Vice President |
| Wiblishauser, Michael | Assistant Vice President |
| Willis, Clare | Assistant Vice President |
| Wrafter, John P. | Assistant Vice President |
| Wu, Mu Jen | Assistant Vice President |
| Yan, Mervyn | Assistant Vice President |
| Zando, Mark | Assistant Vice President |
| Zhu, Lici | Assistant Vice President |
| | |
| Andriuoli, Vanessa | Assistant Treasurer |
| Antoine, Esther D. | Assistant Treasurer |
| Au, Carol | Assistant Treasurer |
| Austin, Charles | Assistant Treasurer |
| Baker, Joseph | Assistant Treasurer |
| Bardon, Nicolas | Assistant Treasurer |
| Barrett, Paul | Assistant Treasurer |
| Basis, Tatyana | Assistant Treasurer |
| Bausa, Anthony | Assistant Treasurer |
| Bharadia, Suresh J. | Assistant Treasurer |
| Birkin, Tom A. | Assistant Treasurer |
| Blaskova, Natalia | Assistant Treasurer |
| Brazier, Clare | Assistant Treasurer |
| Briffett, Christopher | Assistant Treasurer |
| Briones, Eugene | Assistant Treasurer |
| Burack, Michael | Assistant Treasurer |
| Burgos, Raul | Assistant Treasurer |
| Burleigh, Sarah A. | Assistant Treasurer |
| Byrne, Shirley | Assistant Treasurer |
| Cabej, Mirela | Assistant Treasurer |
| Cabrera, Hilda | Assistant Treasurer |
| Casey, Timothy | Assistant Treasurer |

BH-ERS-EX-009238

## OFFICIAL SIGNING AUTHORITY

Pursuant to Article 6, Section 6.2 and Section 6.3 of the By-Laws of The Bank of New York, I hereby confirm the signing authority noted next to the following individuals:

| NAME | TITLE |
|------|-------|
| Cerchio, Michael | Assistant Treasurer |
| Chan, Shirley | Assistant Treasurer |
| Chung, Tin Wan | Assistant Treasurer |
| Conway, Christine | Assistant Treasurer |
| Crosson, Kelly | Assistant Treasurer |
| Daly, Myles | Assistant Treasurer |
| Davenport, Matthew Lynden | Assistant Treasurer |
| Day, Sally | Assistant Treasurer |
| Drew, Michael | Assistant Treasurer |
| Ellis, Lynda Evelyn | Assistant Treasurer |
| Farrell, Paul | Assistant Treasurer |
| Fischer, Jared | Assistant Treasurer |
| Flores, Marla | Assistant Treasurer |
| Foster, Sarah | Assistant Treasurer |
| Froede, Amanda | Assistant Treasurer |
| Fung, Alan | Assistant Treasurer |
| Garafola, Raymond V. | Assistant Treasurer |
| Gavin, Laura | Assistant Treasurer |
| Genkin, Maksim | Assistant Treasurer |
| Gillespie, Richard | Assistant Treasurer |
| Griffin, John | Assistant Treasurer |
| Grose, Christopher | Assistant Treasurer |
| Guzman, Edgar | Assistant Treasurer |
| Halpin, Helen | Assistant Treasurer |
| Hancock, Melissa | Assistant Treasurer |
| Hang, Eleanor | Assistant Treasurer |
| Harrison, Karen B. | Assistant Treasurer |
| Haslett, Damian | Assistant Treasurer |
| Hennessy, Margaret-Anne | Assistant Treasurer |
| Herrmann, William | Assistant Treasurer |
| Hoey, Brian | Assistant Treasurer |
| Hughes, Zachary | Assistant Treasurer |
| Hutapea, D. Fernando | Assistant Treasurer |
| Jandu, Gurdip | Assistant Treasurer |
| Jean-Paul, Cindy | Assistant Treasurer |
| Jhingoor, Vincent | Assistant Treasurer |
| Jobanputra, Sanjay | Assistant Treasurer |
| Jones, Ciaran | Assistant Treasurer |
| Jones, Jonathan | Assistant Treasurer |
| Jones, Regina | Assistant Treasurer |
| Klein, Scott | Assistant Treasurer |
| Kotkin, Gregg | Assistant Treasurer |
| Kuhn, Jacqueline | Assistant Treasurer |
| Kwok, Amy | Assistant Treasurer |
| Lee, Kris | Assistant Treasurer |
| Leledaki, Garyfalia | Assistant Treasurer |
| Lozada, Waleska | Assistant Treasurer |
| Lui, Wesley | Assistant Treasurer |
| Mara, Damien | Assistant Treasurer |
| Maraite, Nicolas | Assistant Treasurer |
| Marcazzan, Stella | Assistant Treasurer |
| Martin, Barry | Assistant Treasurer |

BH-ERS-EX-009239

GLOBAL CORPORATE TRUST

OFFICIAL SIGNING AUTHORITY

Pursuant to Article 6, Section 6.2 and Section 6.3 of the By-Laws of The Bank of New York, I hereby confirm the signing authority noted next to the following individuals:

| NAME | TITLE |
|------|-------|
| McCann, Johanna | Assistant Treasurer |
| McCarthy, Shirley | Assistant Treasurer |
| Meloni, Annarita | Assistant Treasurer |
| Miller, Ashia N. | Assistant Treasurer |
| Miller, Reshu | Assistant Treasurer |
| Mills-Kramer, Judith | Assistant Treasurer |
| Morgan, Kathlyn N. | Assistant Treasurer |
| Morgan, Wendy | Assistant Treasurer |
| Morison, Alex | Assistant Treasurer |
| Motusesky, Paul | Assistant Treasurer |
| Mulvihill, Grace | Assistant Treasurer |
| Na, Ki Un | Assistant Treasurer |
| Oakley, Bridgette | Assistant Treasurer |
| O'Brien, Kieran | Assistant Treasurer |
| Oleaghra, Oliver | Assistant Treasurer |
| Oommen, Anish | Assistant Treasurer |
| Orkis, Rachel E. | Assistant Treasurer |
| Osipowicz, Tomaiz | Assistant Treasurer |
| Pellicano, Stacey | Assistant Treasurer |
| Perkins, Jonathan | Assistant Treasurer |
| Petkova, Kamelia | Assistant Treasurer |
| Piper, James D. | Assistant Treasurer |
| Pule, David | Assistant Treasurer |
| Quinoa, Carlos | Assistant Treasurer |
| Ram, Raideo | Assistant Treasurer |
| Reatz, Alissa | Assistant Treasurer |
| Reinle, Philip | Assistant Treasurer |
| Rochelle, Karim | Assistant Treasurer |
| Rooney, John | Assistant Treasurer |
| Russo, Janet M. | Assistant Treasurer |
| Rydge, James | Assistant Treasurer |
| Sabino, Matthew | Assistant Treasurer |
| Samir, Margaret | Assistant Treasurer |
| Scannell, Lynda | Assistant Treasurer |
| Segro, Marcelly | Assistant Treasurer |
| Setterlund, Sarah | Assistant Treasurer |
| Sheehan, John | Assistant Treasurer |
| Sheehan, Sarah | Assistant Treasurer |
| Singh, Charanjeet | Assistant Treasurer |
| Spelman, Karl | Assistant Treasurer |
| Spence, O'Neil | Assistant Treasurer |
| Stewart, Deborah | Assistant Treasurer |
| Stosik, Pawel | Assistant Treasurer |
| Strietzel, Robert | Assistant Treasurer |
| Surjadhi, Andimulia Arianus | Assistant Treasurer |
| Taylor, Tyrone | Assistant Treasurer |
| Terezian, Alan | Assistant Treasurer |
| Thomas, Dionne | Assistant Treasurer |
| Thomas, Sherma | Assistant Treasurer |
| Thompson, Claire | Assistant Treasurer |
| Thompson, Darrel X. | Assistant Treasurer |
| Townsend, Paul | Assistant Treasurer |

BH-ERS-EX-009240

## OFFICIAL SIGNING AUTHORITY

Pursuant to Article 6, Section 6.2 and Section 6.3 of the By-Laws of The Bank of New York, I hereby confirm he signing authority noted next to the following individuals:

| NAME | TITLE |
|---|---|
| Tran, Alice | Assistant Treasurer |
| Turkel, Adam | Assistant Treasurer |
| Uwhuba, Tsola | Assistant Treasurer |
| Voiner, Michael | Assistant Treasurer |
| Walker, Erika | Assistant Treasurer |
| Walsh, Kevin John | Assistant Treasurer |
| Weissman, Gregg | Assistant Treasurer |
| Whelan, Justin | Assistant Treasurer |
| Williams, Audrey | Assistant Treasurer |
| Williams, Edward | Assistant Treasurer |
| Wright, Teisha | Assistant Treasurer |
| Yiu, Anna | Assistant Treasurer |
| Yoon, Youngmi | Assistant Treasurer |
| Zhang, Paul | Assistant Treasurer |
| Zuniga, Roxanne | Assistant Treasurer |

GLOBAL CORPORATE TRUST

OFFICIAL SIGNING AUTHORITY

Pursuant to Article 6, Section 6.2 and Section 6.3 of the By-Laws of The Bank of New York, I hereby confirm
the signing authority noted next to the following individuals:

| NAME | TITLE |
| --- | --- |
| | |

_Karen Peetz_

**Karen B. Peetz**
**Senior Executive Vice President**

Date

_Brian G. Rogan_

**Brian G. Rogan**
**Senior Executive Vice President**

1-7-08
Date

BH-ERS-EX-009242

(24)

## CERTIFICATE OF FISCAL AGENT AS TO DELIVERY AND PAYMENT

I, H. William Weber, Vice President of The Bank of New York, as fiscal agent (the "Fiscal Agent") under the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "System") Pension Funding Bond Resolution (the "Bond Resolution"), adopted by the Board of Trustees of the System on January 24, 2008, and a Third Supplemental Pension Funding Bond Resolution (the "Third Supplemental Resolution," and together with the Bond Resolution, the "Resolution"), adopted by the Board of Trustees of the System on June 26, 2008, with respect to Bonds described below issued by the System, **DO HEREBY CERTIFY** that $300,202,930.00 aggregate principal amount of the System's Senior Pension Funding Bonds, Series C (the "Bonds") being fully registered bonds in the denomination of $5,000 principal amount ($5,000 maturity amount for Capital Appreciation Bonds (as defined in the Resolution)) or integral multiples thereof, and consisting of the Series C Bonds described in the Third Supplemental Resolution (as listed in Exhibit A hereto) were delivered this day to UBS Financial Services Incorporated of Puerto Rico, as representative of itself and the other Underwriters named in the Purchase Contract, dated June 26, 2008, relating to the purchase of the Bonds, upon payment of the purchase price therefor as set forth below:

Series C Bonds

Purchase Price                    $295,519,764.29

**IN WITNESS WHEREOF**, I set my hand this 30th day of June, 2008.

THE BANK OF NEW YORK, as fiscal agent

By: _William Weber_

Name: H. William Weber
Title:   Vice President

**Exhibit A**

### $2,202,930.00 Capital Appreciation Bonds

| Maturity Date July 1, | Initial Principal Amount | Maturity Amount | Yield to Maturity | CUSIP |
|---|---|---|---|---|
| 2030 | $2,202,930.00 | $9,000,000.00 | 6.500% | 29216MBM1 |
| **Total** | $2,202,930.00 | $9,000.000.00 | | |

### $298,000,000.00 Current Interest Term Bonds

| Maturity Date July 1, | Principal Amount | Interest Rate | Yield | Price | CUSIP |
|---|---|---|---|---|---|
| 2028 | 110,000,000.00 | 6.150% | 6.150% | 100.00 | 29216MBL3 |
| 2038 | 45,000,000.00 | 6.250% | 6.250% | 100.00 | 29216MBN9 |
| 2043 | 143,000,000.00 | 6.300% | 6.300% | 100.00 | 29216MBP4 |
| **Total** | $298,000,000.00 | | | | |

(25)

## UNDERWRITERS' RECEIPT FOR SERIES C BONDS

The Bank of New York
  as fiscal agent under a Pension Funding Bond
  Resolution, adopted on January 24, 2008, and
  a Third Supplemental Pension Funding Bond
  Resolution, adopted on June 26, 2008,
  by the Employees Retirement System of the
  Government of the Commonwealth of Puerto Rico
San Juan, Puerto Rico

Ladies and Gentlemen:

     As representative of itself and the other underwriters named in a Purchase Contract, dated June 26, 2008, relating to the sale by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico of its Bonds, as described below, we hereby acknowledge receipt from you of:

> $300,202,930.00 aggregate principal amount of Employees Retirement System of the Government of the Commonwealth of Puerto Rico Senior Pension Funding Bonds, Series C, which are dated, mature on such dates and in such amounts, and bear interest at such rates, all as set forth in <u>Exhibit A</u> hereto, and underwriters' compensation (through discount) of $4,683,165.71.

Very truly yours,

UBS Financial Services Incorporated of Puerto Rico, as representative of itself and the other Underwriters named in the Purchase Contract

By: _____
Name: Jose G. Arias
Title: Managing Director

Dated: June 30, 2008

**EXHIBIT A**

**$2,202,930.00 Capital Appreciation Bonds**

$2,202,930.00 Capital Appreciation Bonds due July 1, 2030 (maturity value $9,000,000.00)

**$298,000,000.00 Current Interest Term Bonds**

$110,000,000.00 6.150% Current Interest Term Bonds due July 1, 2028;
$45,000,000.00 6.250% Current Interest Term Bonds due July 1, 2038;
$143,000,000.00 6.300% Current Interest Term Bonds due July 1, 2043;

BH-ERS-EX-009246

(26)

**Receipt and Safekeeping Agreement**

June 30, 2008

Employees Retirement System of the Government
 of the Commonwealth of Puerto Rico
P.O. Box 42003
San Juan, Puerto Rico 00940

The Bank of New York, as FAST Agent (the *"FAST Agent"*) for The Depository Trust Company (*"DTC"*), hereby acknowledges receipt from the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the *"System"*) of possession, custody and control of $300,202,930.00  aggregate principal amount of the System's Senior Pension Funding Bonds, Series C, in the form of fully registered bonds numbered 2008CR-1 through 2008CR-4 (CUSIP Numbers -- prefix 29216M and suffixes BM1, BL3, BN9, and BP4) (the *"Bonds"*).

The FAST Agent agrees to hold the Bonds in safekeeping on behalf of DTC in accordance with the DTC Operational Arrangements memorandum dated November 22, 2000, as it may be amended from time to time.

**THE BANK OF NEW YORK**, as FAST Agent

By: _____
Name: H. William Weber
Title:   Vice President

BH-ERS-EX-009247

## FIDDLER GONZALEZ & RODRIGUEZ, P.S.C.

ATTORNEYS AND COUNSELORS AT LAW

PO BOX 363507

SAN JUAN, PR 00936-3507

TELEPHONE (787) 753-3113
FAX (787) 759-3123

254 MUÑOZ RIVERA AVENUE
CORNER CHARDÓN STREET
6TH FLOOR
HATO REY, PR 00918

June 30, 2008

Employees Retirement System of the Government
 of the Commonwealth of Puerto Rico
P.O. Box 42003
San Juan, Puerto Rico 00940

The Bank of New York
 as Fiscal Agent (the "Fiscal Agent")
 under a Bond Resolution (the "Bond Resolution"),
 adopted on January 24, 2008, and a Third Supplemental Bond
 Resolution (the "Supplemental Resolution," and
 together with the Bond Resolution, the "Resolution"),
 adopted on June 26, 2008, by the Employees Retirement
 System of the Government of the Commonwealth of Puerto Rico
101 Barclay Street, Floor 7 West
New York, NY  10286

Ladies and Gentlemen:

We are acting as Bond Counsel to the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "System") in connection with its issuance of $300,202,930 initial aggregate principal amount of Senior Pension Funding Bonds, Series C (the "Bonds").

After having reviewed such documents, statutes, and published decisions as we have deemed appropriate, we are of the opinion that:

(1) the System has the right and power under Act No. 447 of the Legislative Assembly of Puerto Rico, approved May 15, 1951, as amended and supplemented (the "Act"), to adopt the Resolution and the Resolution has been duly and lawfully adopted by the System, is in full force and effect and is valid and binding upon the System and enforceable in accordance with its terms, and no other authorization for the Resolution is required;

(2) the Resolution and the Security Agreement create a valid security interest for the benefit of the Owners of the Bonds on the Pledged

BH-ERS-EX-009248

Employees Retirement System of the Government
 of the Commonwealth of Puerto Rico
The Bank of New York
June 30, 2008
Page 2

Property, subject only to the provisions of the Resolution permitting the application thereof to the purposes and on the terms and conditions set forth in the Resolution; and

(3) the Bonds are valid and binding special limited non-recourse obligations of the System as provided in the Resolution, enforceable in accordance with their terms and the terms of the Resolution (except insofar as the enforceability thereof may be limited by bankruptcy, moratorium, insolvency or other laws affecting creditors' rights or remedies theretofore or thereafter enacted and may be subject to general principles of equity, regardless of whether such enforceability is considered in a proceeding in equity or at law), and entitled to the benefit of the Resolution and of the Act, as amended to the date of this opinion, and such Bonds have been duly and validly authorized, executed and issued in accordance with law, including the Act, and in accordance with the Resolution.

This opinion is given in accordance with Section 202.3 of the Bond Resolution. Capitalized terms used herein and not otherwise defined have the respective meanings ascribed to them in the Resolution.

Yours very truly,

*Fiddler González & Rodríguez, P.S.C.*

BH-ERS-EX-009249



Commonwealth of Puerto Rico
Puerto Rico Government and Judiciary Retirement
Employees' Systems Administration
PO Box 42003- Minillas Station
San Juan, Puerto Rico  00940

## OPINION OF GENERAL COUNSEL TO THE SYSTEM

June 30, 2008

UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO
POPULAR SECURITIES, INC.
SANTANDER SECURITIES CORPORATION
BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO
CITIGROUP GLOBAL MARKETS, INC.
EUROBANK MSD
LEHMAN BROTHERS, INC.
MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED
ORIENTAL FINANCIAL SERVICES, INC.
SAMUEL A. RAMÍREZ & CO., INC.
SCOTIABANK OF PUERTO RICO
WACHOVIA CAPITAL MARKETS, LLC

In care of UBS Financial Services Incorporated of Puerto Rico
American International Plaza
250 Muñoz Rivera Avenue
San Juan, Puerto Rico  00918
Attention:  José Arias

Ladies and Gentlemen:

.In connection with the issuance and sale by Employees Retirement System of the Government
of the Commonwealth of Puerto Rico (the "System"), a trust created pursuant to Act 447 of May 15,
1951, as amended (the "Act"), to provide pension and other benefits to retired employees of the central
government, municipalities and public corporations of the Commonwealth of Puerto Rico (the
"Commonwealth"), of its $300,202,930.00 Senior Pension Funding Bonds, Series C (the "Bonds"), I
have, as General Counsel of the System, examined the Act, certified copies of the Pension Funding
Bond Resolution, adopted by the System on January 24, 2008, and the Third Supplemental Pension
Funding Bond Resolution, adopted by the System on June 26, 2008 (collectively, the "Resolution"),
certified copy of the resolution of the System, adopted on June 26, 2008 (the "Authorizing
Resolution"), authorizing, among other things, the issuance and sale of the Bonds, and approving the
Preliminary Official Statement, dated June 16, in connection with the Bonds (the "Preliminary Official
Statement"), the Official Statement, dated June 26, in connection with the Bonds (the "Official
Statement"), and the Purchase Contract, dated June 26, 2008, by and between the Underwriters named
therein and the System (the "Purchase Contract"), and the Security Agreement, dated June 2, 2008 (the
"Security Agreement," and together with the Resolution, the Authorizing Resolution, and the Purchase
Contract, the "Agreements"), between the System and The Bank of New York as fiscal agent under

BH-ERS-EX-009250

Opinion of General Counsel to the System
Page 2

the Resolution (the "Fiscal Agent"), and have conducted such other investigations and examined such other proofs as I deemed necessary as a basis for the opinions herein expressed. This opinion is issued pursuant to Section 8(d)(3) of the Purchase Contract. Capitalized terms used and not otherwise defined herein have the meanings assigned to them in the Resolution.

As to certain matters of fact material to the opinions expressed herein, I have relied upon the representations and statements of fact made in the Agreements, and certificates, when appropriate, provided by parties thereto other than the System. I have not independently verified the accuracy of the representations and statements so relied upon.

I have assumed the genuineness of all signatures, the authenticity of all documents submitted to me as originals, the conformity and completeness to original documents of all documents submitted to me as certified, photostatic or conformed copies and the authenticity of the originals of all such latter documents.

I have assumed that (a) each party to the Agreements (other than the System) is duly organized and validly existing, has the power and authority to execute, deliver and perform the Agreements to which it is a party, has taken all action necessary to authorize the execution, delivery and performance of those Agreements, and has duly executed and delivered those Agreements, and (b) the Agreements constitute the valid and binding obligations of the parties thereto (other than the System), enforceable against those parties in accordance with their respective terms.

Based on the foregoing, I am of the opinion that:

(a)    Act 447 has been legally enacted in accordance with the laws of the Commonwealth, is in full force and effect and is enforceable in accordance with its terms.

(b)    The Purchase Contract and the Security Agreement have been duly authorized, executed and delivered by the System and, assuming the due authorization, execution and delivery thereof by, and the validity and enforceability thereof against, the other parties thereto, constitute the legal, valid and binding agreements of the System, enforceable in accordance with their respective terms, except as may be limited by bankruptcy, reorganization, insolvency, moratorium or similar laws affecting the rights and remedies of creditors and other laws, court decisions, or legal or equitable doctrines affecting the right to specific performance, injunctive relief or other equitable remedies.

(c)    The Resolution and the Authorizing Resolution have been duly adopted by the System and are in full force and effect and constitute the legal, valid, and binding agreements of the System, enforceable in accordance with their respective terms, except as may be limited by bankruptcy, reorganization, insolvency, moratorium or similar laws affecting the rights and remedies of creditors and other laws, court decisions, or legal or equitable doctrines affecting the right to specific performance, injunctive relief or other equitable remedies.

(d)    The Bonds have been duly and validly authorized and issued. When authenticated and delivered by the Fiscal Agent as provided in the Resolution, the Bonds will constitute legally valid and binding obligations of the System.

(e)     The Resolution creates a valid and binding security interest in the Revenues and other Pledged Property assigned and pledged by the System to the Fiscal Agent pursuant to the Resolution.

(f)     All legislation, authorizations, consents and approvals necessary to fulfill in all material respects the terms and conditions of the Bonds and to carry out the transactions contemplated by the Purchase Contract, the Official Statement, the Security Agreement, the Authorizing Resolution and the Resolution are in full force and effect or have been obtained, as applicable, and no further legislation, authorization, consent or approval is required for such purposes.

(g)     The System has full legal right, power and authority to sign the Official Statement, has ratified the distribution of the Preliminary Official Statement, has duly approved and authorized the signing of the Official Statement, and has approved the distribution of the Official Statement.

(h)     No litigation is pending (or, to my knowledge, after reasonable inquiry, threatened) (A) to restrain or enjoin the issuance or delivery of any of the Bonds, (B) in any way contesting or affecting any authority for or the validity of the Act, the application of the proceeds of the Bonds, the Resolution, the Authorizing Resolution, the Bonds, the Master Continuing Disclosure Agreement, dated as of January 31, 2008 (the "MCDA"), among the System, the Commonwealth of Puerto Rico and the Fiscal Agent, the Security Agreement or the Purchase Contract, (C) in any way contesting the power of the System to issue the Bonds or the power of the System to sell the Bonds and to apply the proceeds thereof as contemplated by the Official Statement and the Purchase Contract, (D) in any way contesting the pledge of the Employers' Contributions and other items of security for the payment of the principal of and interest on the Bonds, or (E) that could have a material adverse effect on the financial condition of the System.

(i)     All conditions precedent to the delivery of the Bonds have been fulfilled.

In addition, I have examined the Preliminary Official Statement, the Official Statement (including the information incorporated therein by reference), and the information as to the System, the Resolution, the MCDA, the Security Agreement and the statutes cited or referred to therein contained or incorporated by reference therein, is correct, and nothing has come to my attention which leads me to believe that such information, as of the respective dates thereof, and as to the Official Statement as of the date hereof, contained or contains any untrue statement of a material fact or omitted or omits to state a material fact necessary in order to make the statements therein relating to such information, in the light of the circumstances under which they were made, not misleading.

The opinions expressed herein are limited to the laws of the Commonwealth and based on an analysis of existing laws, regulations, rulings and court decisions of the Commonwealth. Such opinions may be adversely affected by actions taken or events occurring, including a change in law, regulation or ruling (or in the application or official interpretation of any law, regulation or ruling) after the date hereof. I have not undertaken to determine, or to inform any person about, whether such actions are taken or such events occur, and I have no obligation to update this opinion in light of such actions or events.

BH-ERS-EX-009252

Opinion of General Counsel to the System
Page 4

In addition, I express no opinion as to the enforceability of any indemnification or contribution provisions included in any Agreement that may violate any law, rule, regulation or public policy of the United States of America or of the Commonwealth.

Furthermore, my opinions are subject to bankruptcy, reorganization, insolvency, moratorium, fraudulent conveyance or similar laws, from time to time in effect, affecting the rights and remedies of creditors generally and other laws, court decisions, or legal or equitable remedies or principles which may affect enforceability.

This opinion letter is rendered for the sole benefit of each addressee hereof, and no other person or entity is entitled to rely hereon. No attorney-client relationship has existed between me and any rating agency that shall have rated the Bonds or by virtue of this opinion letter. Copies of this opinion letter may not be furnished to any other person or entity, nor may any portion of this opinion letter be quoted, circulated or referred to in any other document without my prior written consent.

Very truly yours,

Marilyn Cuevas Silyagnoli, Esq.
General Counsel of the Employees Retirement
System of the Government of the Commonwealth of
Puerto Rico

BH-ERS-EX-009253



June 30, 2008

Employees Retirement System of the Government
  of the Commonwealth of Puerto Rico
P.O. Box 42003
San Juan, Puerto Rico 00940

Ladies and Gentlemen:

We have acted as special counsel to The Bank of New York, a New York banking corporation ("BNY"), in connection with (i) the Third Supplemental Pension Funding Bond Resolution (the "Supplemental Resolution"), adopted by the Board of Trustees of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "System") on June 26, 2008, supplementing the Pension Funding Bond Resolution (the "Bond Resolution", and together with the Supplemental Resolution, the "Resolution"), adopted by Board of Trustees of the System on January 24, 2008, and (ii) the preparation, execution and delivery by BNY of an instrument of acceptance, dated June 30, 2008 (the "Acceptance," and, together with the Resolution, the "Agreements"), wherein BNY accepted the trust duties and powers invested in the Fiscal Agent under the Resolution (the "Fiscal Agent") as contained in the Resolution. The Supplemental Resolution provides for the issuance by the System of $300,202,930.00 aggregate principal amount of its Senior Pension Funding Bonds, Series C (the "Bonds").

In connection herewith, we have examined the following (the "Documents"):

(1)    a certificate from the Deputy Superintendent of Banks of the State of New York with respect to BNY, dated June 24, 2008, a copy of which is attached hereto as Exhibit A (the "Certificate"),

(2)    a copy of the Bond Resolution,

(3)    a copy of the Supplemental Resolution, and

(4)    a copy of the Acceptance.

Bryan Cave LLP

1290 Avenue of the Americas
New York, NY 10104-3300
Tel (212) 541-2000
Fax (212) 541-4630
www.bryancave.com

Chicago
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
Kuwait
London
Los Angeles
Milan
New York
Phoenix
San Francisco
Shanghai
St. Louis
Washington, DC

**Bryan Cave International Trade**
*A TRADE CONSULTING SUBSIDIARY OF NON-LAWYER PROFESSIONALS*

www.bryancavetrade.com

Bangkok
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

**Bryan Cave Strategies**
*A GOVERNMENT RELATIONS AND POLITICAL AFFAIRS SUBSIDIARY*
www.bryancavestrategies.com

Washington, DC
St. Louis

BH-ERS-EX-009254

June 30, 2008
Page 2

Bryan Cave LLP

Except as otherwise expressly set forth herein, for purposes of this opinion letter, we have not reviewed any document other than the Documents. In particular, we have not reviewed any document that is referred to in or incorporated by reference into the Agreements. We have assumed that there exists no provision in any document that we have not reviewed that bears upon or is inconsistent with the opinions stated herein. Except as provided in the immediately succeeding paragraph, we have conducted no independent factual investigation of our own, but rather have relied solely upon the Documents, the statements and information set forth therein and the additional matters recited or assumed herein, all of which we have assumed to be true, complete and accurate in all material respects. We have also examined originals or copies, certified or otherwise identified to our satisfaction, of such other corporate records, agreements and instruments of BNY, certificates of public officials and officers of BNY, and such other documents, records and instruments, and we have made such legal and factual inquiries, as we have deemed necessary or appropriate as a basis for us to render the opinions hereinafter expressed. In our examination of the Documents and otherwise, we have assumed the genuineness of all signatures, the legal competence and capacity of natural persons, the authenticity of documents submitted to us as originals and the conformity with authentic original documents of all documents submitted to us as copies. When relevant facts were not independently established, we have relied without independent investigation as to matters of fact upon statements of governmental officials and upon representations made in or pursuant to the Agreements and certificates or statements of appropriate representatives of BNY.

We have assumed, with your permission, that (i) each of the parties to the Agreements (other than BNY) has been duly organized, formed or created, as the case may be, and is validly existing in good standing under the laws of the jurisdiction governing its organization, formation or creation, and has all requisite power and authority (corporate and other) to execute, deliver and perform the Agreements, (ii) each of the parties to the Agreements is duly qualified or admitted to transact business in each other jurisdiction where the nature of the business conducted therein or the property owned or leased therein makes such qualification or admission necessary, (iii) the Agreements have been duly and validly authorized, executed and delivered by each of the parties thereto (other than BNY) and (iv) the Agreements constitute legal, valid, binding and enforceable obligations of each of the parties thereto (other than BNY).

Based upon the foregoing and in reliance thereon, and subject to the assumptions, comments, qualifications, limitations and exceptions set forth herein, we are of the opinion that, based solely on the Certificate, as of the date thereof, BNY is a corporation validly existing as a banking corporation and in good standing under the laws of the State of New York and is duly qualified to exercise trust powers under all applicable laws of the State of New York. BNY has full corporate power and authority to accept the trusts contemplated by the Resolution and to perform all duties and obligations on its part to be performed as Fiscal Agent under the Resolution and has duly accepted the trusts contemplated by the Bond Resolution.

BH-ERS-EX-009255

June 30, 2008
Page 3

**Bryan Cave LLP**

 In addition to the assumptions, comments, qualifications, limitations and exceptions set forth above, the opinions set forth herein are further limited by, subject to and based upon the following assumptions, comments, qualifications, limitations and exceptions:

 (a) Our opinions herein reflect only the application of the applicable laws of the State of New York (excluding all laws, rules and regulations of cities, counties and other political subdivisions within such State and all securities laws (including blue sky laws), insurance laws and tax laws of such State) and the federal laws of the United States of America (excluding all securities laws, insurance laws and tax laws), in each case relating to the banking and trust powers and functions of BNY. The opinions set forth herein are made as of the date hereof and are subject to, and may be limited by, future changes in the factual matters set forth herein, and we undertake no duty to advise you of the same. The opinions expressed herein are based upon the law in effect (and published or otherwise generally available) on the date hereof, and we assume no obligation to revise or supplement these opinions should such law be changed by legislative action, judicial decision or otherwise. In rendering our opinions, we have not considered, and hereby disclaim any opinion as to, the application or impact of any laws, cases, decisions, rules or regulations of any other jurisdiction, court or administrative agency.

 (b) We have not participated in the preparation of any offering materials with respect to the Bonds issued or to be issued under the Bond Resolution and we assume no responsibility for their contents.

 This opinion letter is being delivered by us solely for your benefit. By your acceptance of this opinion letter, you agree that it may not be relied upon, circulated, quoted or otherwise referred to by any other person or for any other purpose without our prior written consent in each instance.

        Very truly yours,

BH-ERS-EX-009256

EXHIBIT A

*State of New York*

*Banking Department*

I, **DAVID S. FREDSALL**, *Deputy Superintendent of Banks of the State of New York,* **DO HEREBY CERTIFY:**

THAT, **THE BANK OF NEW YORK,** *is a corporation duly organized and existing under the laws of the State of New York and has its principal office and place of business at* **One Wall Street, New York, New York.** *Such corporation is validly existing as a banking organization under the Banking Law of the State of New York. The authorization certificate of such corporation has not been revoked or suspended and such corporation is a subsisting* **trust company** *under the supervision of this Department.*

**WITNESS**, *my hand and official seal of the Banking Department at the City of New York, this 24th day of* **June** *in the Year* **two thousand and eight.**

*Deputy Superintendent of Banks*

O'N EILL & BORGES

AMERICAN INTERNATIONAL PLAZA

250 MUÑOZ RIVERA AVENUE, STE 800

SAN JUAN, PUERTO RICO 00918-1813

WRITER'S DIRECT LINE

TELEPHONE: (787) 764-8181
TELECOPIER: (787) 753-8944

June 30, 2008

UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO
POPULAR SECURITIES, INC.
SANTANDER SECURITIES CORPORATION
BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO MSD
CITIGROUP GLOBAL MARKETS, INC.
EUROBANK MSD
LEHMAN BROTHERS, INC.
MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED
ORIENTAL FINANCIAL SERVICES CORPORATION
SAMUEL A. RAMÍREZ & CO., INC.
SCOTIA CAPITAL
WACHOVIA CAPITAL MARKETS, LLC

In care of UBS Financial Services Incorporated of Puerto Rico
American International Plaza
250 Muñoz Rivera Avenue
Hato Rey, Puerto Rico 00918
Attention: Jose Arias

Re:     **Employees Retirement System of the Government of the
        Commonwealth of Puerto Rico
        $303,202,930 Senior Pension Funding Bonds, Series C**

We have acted as counsel for the Underwriters named in the Purchase Contract,
dated June 26, 2008 (the "Purchase Contract"), by and between the Underwriters and the
Employees Retirement System of the Government of the Commonwealth of Puerto Rico
(the "System") in connection with the purchase of the Bonds described above (the
"Bonds"). As such counsel, we have examined the Official Statement, dated June 26,
2008, relating to the Bonds, (the "Official Statement"), the Purchase Contract, and such
other proofs as we have deemed necessary for the purpose of expressing the following

BH-ERS-EX-009258

opinion.  This opinion is being delivered to you pursuant to subparagraph 8(d)(4) of the Purchase Contract.

Based upon such examination, we are of the opinion that it is not necessary in connection with the public offering and sale of the Bonds to register any security under the Securities Act of 1933, as amended, or to qualify any indenture, document or instrument under the Trust Indenture Act of 1939, as amended.

In accordance with our understanding with you, we rendered legal advice and assistance to you in the course of your investigation pertaining to, and your participation in the preparation of, the Official Statement and the issuance and sale of the Bonds. Rendering such assistance involved, among other things, discussions and inquiries concerning various legal and related subjects, and reviews of and reports on certain records, documents and proceedings of the System.  We also participated in personal and telephone conferences with representatives of the Commonwealth of Puerto Rico (the "Commonwealth"), with your representatives, with Parissi P.S.C. and KPMG LLP, independent auditors of the System's and of the Commonwealth's financial statements, respectively, with Fiddler González & Rodríguez, P.S.C., Bond Counsel, with Global Insight, Inc. and with representatives of Government Development Bank for Puerto Rico, during which conferences the contents of the Official Statement and related matters were discussed and reviewed, and conducted such other due diligence as we considered necessary in rendering the opinion set forth below.

The limitations inherent in the independent verification of factual matters and the character of determinations involved in the preparation of the Official Statement are such, however, that we are not passing upon or assuming responsibility for the accuracy, completeness and fairness of any of the statements made in the Official Statement and have made no independent check or verification thereof.  Also, we do not express any opinion or belief as to the financial, statistical or economic data or forecasts, numbers, charts, tables, graphs, estimates, projections, assumptions or expressions of opinion contained or incorporated by reference in the Official Statement, including those contained in the report of the Global Insight, Inc. (the "Global Insight Report") included as an appendix to the Official Statement, and we do not express any opinion or belief as to any information relating to the Commonwealth and its political subdivisions, agencies, instrumentalities and public corporations (other than the System) contained or incorporated by reference (or omitted from inclusion) in the Official Statement.  We have also assumed, but have not independently verified, that the signatures on all documents and certificates that we examined were genuine.

On the basis of the information which was developed in the course of the performance of the services referred to above, considered in the light of our understanding of the Federal securities laws and the experience we have gained through our practice thereunder, and without having undertaken to determine independently the accuracy, completeness and fairness of the statements contained in the Official Statement, we advised you and now confirm that during the course of our representation of you on this matter, no information came to the attention of the attorneys in our firm rendering legal services in connection with such representation which leads us to believe

BH-ERS-EX-009259

that the Official Statement (excluding (i) the System and Commonwealth financial statements included or incorporated therein by reference and other financial and statistical data contained or incorporated by reference in the Official Statement, (ii) the Global Insight Report and the summary thereof contained in the Official Statement, (iii) the information regarding The Depository Trust Company, and (iv) any information relating to the Commonwealth and its political subdivisions, agencies, instrumentalities and public corporations (other than the System) contained or incorporated by reference (or omitted from inclusion) in the Official Statement, as to all of which, with your permission, we express no view) as of its date and as of the date hereof contained or contains any untrue statement of a material fact or omitted or omits to state a material fact necessary to make the statements therein, in the light of the circumstances under which they were made, not misleading.

We are furnishing this opinion to you solely for your benefit in connection with the transactions contemplated by the Purchase Contract.

The opinions expressed herein are based on an analysis of existing laws, regulations, rulings and court decisions. Such opinions may be adversely affected by actions taken or events occurring, including a change in law, regulation or ruling (or in the application or official interpretation of any law, regulation or ruling) after the date hereof. We have not undertaken to determine, or to inform any person, whether such actions are taken or such events occur, and we have no obligation to update this opinion in light of such actions or events. Our engagement with respect to this matter has terminated as of the date hereof.

We are not expressing any opinion with respect to the authorization, execution, delivery or validity of the Bonds, or the exclusion from gross income for federal income tax purposes of interest on the Bonds.

This letter and the legal opinions herein are intended for the information solely of the addressees hereof and solely for the purposes of the transactions described in the Official Statement and are not to be relied upon by any other person or entity (including, without limitation, any person or entity that acquires Bonds from the addressees of this letter), or for any other purpose, or quoted as a whole or in part, or otherwise referred to, in any document, or to be filed with any governmental or other administrative agency or other person or entity for any purpose without, in any of these instances, our prior written consent. We do not undertake to advise you of matters that may come to our attention subsequent to the date hereof that may affect the conclusions expressed herein.

We bring to your attention the fact that our conclusions are an expression of professional judgment and are not a guarantee of a result.

Respectfully submitted,

O'Neill & Borges

BH-ERS-EX-009260



| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| 787 SEVENTH AVENUE | BRUSSELS | NEW YORK |
| NEW YORK, NY  10019 | CHICAGO | SAN FRANCISCO |
| (212) 839 5300 | DALLAS | SHANGHAI |
| (212) 839 5599 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |

FOUNDED 1866

June 30, 2008

UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO
POPULAR SECURITIES, INC.
SANTANDER SECURITIES CORPORATION
BBVAPR MSD
CITI
EUROBANK MSD
LEHMAN BROTHERS
MERRILL LYNCH & CO.
ORIENTAL FINANCIAL SERVICES CORPORATION
SAMUEL A. RAMÍREZ & CO., INC.
SCOTIA CAPITAL
WACHOVIA CAPITAL MARKETS, LLC

In care of UBS Financial Services Incorporated of Puerto Rico
American International Plaza
250 Muñoz Rivera Avenue
Hato Rey, Puerto Rico  00918
Attention:  Jose Arias

> **Re:**     **Employees Retirement System of the Government of the Commonwealth of**
> **Puerto Rico**
> **$300,202,930.00 Senior Pension Funding Bonds, Series C**

We have acted as counsel for the Underwriters named in the Purchase Contract, dated June 26, 2008 (the "Purchase Contract"), by and between the Underwriters and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "System") in connection with the purchase of the Bonds described above (the "Bonds"). As such counsel, we have examined the Official Statement, dated June 26, 2008, relating to the Bonds, (the "Official Statement"), the Purchase Contract, and such other proofs as we have deemed necessary for the purpose of expressing the following opinion. This opinion is being delivered to you pursuant to subparagraph 8(d)(4) of the Purchase Contract.

Based upon such examination, we are of the opinion that it is not necessary in connection with the public offering and sale of the Bonds to register any security under the Securities Act of

NY1 6676643v.1

BH-ERS-EX-009261



June 30, 2008
Page 2

1933, as amended, or to qualify any indenture, document or instrument under the Trust Indenture Act of 1939, as amended.

In accordance with our understanding with you, we rendered legal advice and assistance to you in the course of your investigation pertaining to, and your participation in the preparation of, the Official Statement and the issuance and sale of the Bonds. Rendering such assistance involved, among other things, discussions and inquiries concerning various legal and related subjects, and reviews of and reports on certain records, documents and proceedings of the System. We also participated in personal and telephone conferences with representatives of the Commonwealth of Puerto Rico (the "Commonwealth"), with your representatives, with Parissi P.S.C. and KPMG LLP, independent auditors of the System's and of the Commonwealth's financial statements, respectively, with Fiddler González & Rodríguez, P.S.C., Bond Counsel, with Global Insight, Inc. and with representatives of Government Development Bank for Puerto Rico, during which conferences the contents of the Official Statement and related matters were discussed and reviewed, and conducted such other due diligence as we considered necessary in rendering the opinion set forth below.

The limitations inherent in the independent verification of factual matters and the character of determinations involved in the preparation of the Official Statement are such, however, that we are not passing upon or assuming responsibility for the accuracy, completeness and fairness of any of the statements made in the Official Statement and have made no independent check or verification thereof. Also, we do not express any opinion or belief as to the financial, statistical or economic data or forecasts, numbers, charts, tables, graphs, estimates, projections, assumptions or expressions of opinion contained in the Official Statement, including those contained in the report of the Global Insight, Inc. (the "Global Insight Report") included as an appendix to the Official Statement. We have also assumed, but have not independently verified, that the signatures on all documents and certificates that we examined were genuine.

On the basis of the information which was developed in the course of the performance of the services referred to above, considered in the light of our understanding of the Federal securities laws and the experience we have gained through our practice thereunder, and without having undertaken to determine independently the accuracy, completeness and fairness of the statements contained in the Official Statement, we advised you and now confirm that during the course of our representation of you on this matter, no information came to the attention of the attorneys in our firm rendering legal services in connection with such representation which leads us to believe that the Official Statement (excluding the System and Commonwealth financial statements included or incorporated therein by reference and other financial and statistical data contained or incorporated by reference in the Official Statement, including in the Global Insight Report, and the information regarding The Depository Trust Company, as to all of which, with your permission, we express no view) as of its date and as of the date hereof contained or contains any untrue statement of a material fact or omitted or omits to state a material fact

BH-ERS-EX-009262



June 30, 2008
Page 3

necessary to make the statements therein, in the light of the circumstances under which they were made, not misleading.

We are furnishing this opinion to you solely for your benefit in connection with the transactions contemplated by the Purchase Contract. This opinion may not be relied upon by any other person or for any other purpose without our express written consent, and no view is expressed as to any offering by the Underwriters or others of derivative instruments with investment characteristics not identical to those of the Bonds.

The opinions expressed herein are based on an analysis of existing laws, regulations, rulings and court decisions. Such opinions may be adversely affected by actions taken or events occurring, including a change in law, regulation or ruling (or in the application or official interpretation of any law, regulation or ruling) after the date hereof. We have not undertaken to determine, or to inform any person, whether such actions are taken or such events occur, and we have no obligation to update this opinion in light of such actions or events. Our engagement with respect to this matter has terminated as of the date hereof.

We are not expressing any opinion with respect to the authorization, execution, delivery or validity of the Bonds, or the exclusion from gross income for federal income tax purposes of interest on the Bonds.

This letter and the legal opinions herein are intended for the information solely of the addressees hereof and solely for the purposes of the transactions described in the Official Statement and are not to be relied upon by any other person or entity (including, without limitation, any person or entity that acquires Bonds from the addressees of this letter), or for any other purpose, or quoted as a whole or in part, or otherwise referred to, in any document, or to be filed with any governmental or other administrative agency or other person or entity for any purpose without, in any of these instances, our prior written consent. We do not undertake to advise you of matters that may come to our attention subsequent to the date hereof that may affect the conclusions expressed herein.

We bring to your attention the fact that our conclusions are an expression of professional judgment and are not a guarantee of a result.

Respectfully submitted,

Sidley Austin LLP

BH-ERS-EX-009263

## FIDDLER GONZALEZ & RODRIGUEZ, P.S.C.

ATTORNEYS AND COUNSELORS AT LAW

PO Box 363507

SAN JUAN, PR 00936-3507

TELEPHONE (787) 753-3113
FAX (787) 759-3123

254 MUÑOZ RIVERA AVENUE
CORNER CHARDÓN STREET
6TH FLOOR
HATO REY, PR 00918

June 30, 2008

Employees Retirement System of the Government
  of the Commonwealth of Puerto Rico
437 Ponce de León Avenue
San Juan, Puerto Rico

> **Re:** **$300,202,930.00**
> **Employees Retirement System of the Government of the**
> **Commonwealth of Puerto Rico**
> **Pension Funding Bonds, Series C**

Ladies and Gentlemen:

We have examined the Constitution and the laws of the Commonwealth of Puerto Rico (the "Commonwealth"), including Act No. 447 of the Legislature of Puerto Rico, approved May 15, 1951, as amended and supplemented (the "Act"), creating the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "System") as a trust, to provide pension and other benefits to retired employees of the central government, municipalities and public corporations of the Commonwealth. Capitalized words not defined herein shall have the meanings ascribed to them in the Resolution.

We have also examined a certified copy of a Pension Funding Bond Resolution (the "General Resolution), adopted by the Board of Trustees of the System on January 24, 2008, and a Third Supplemental Pension Funding Bond Resolution, adopted by the Board of Trustees of the System on June 26, 2008 (the "Supplemental Resolution," and together with the General Resolution, the "Resolution"), and other proofs submitted relative to the issuance of the System's Senior Pension Funding Bonds, Series C, in the initial aggregate principal amount of $300,202,930.00 (the "Bonds").

The Bonds are issuable as fully registered bonds, without coupons, in denominations of $5,000 principal amount ($5,000 maturity amount in the case of Capital Appreciation Bonds) each or integral multiples thereof.

The Bonds are issued under and pursuant to the Resolution for the purpose of (i) increasing the total assets currently available to pay benefits under the System's largest defined benefit plan, (ii) reducing the unfunded accrued actuarial pension liability of the

BH-ERS-EX-009264

Employees Retirement System of the Government
of the Commonwealth of Puerto Rico
June 30, 2008
Page 2

benefit plan, and (iii) making deposits in various funds and accounts established under
the Resolution.

The Bonds are limited, non-recourse obligations of the System, payable solely
from and secured by a pledge and assignment of Employer Contributions and all other
Revenues (as defined in the Resolution) derived there from, certain funds held under the
Resolution, together with income earned thereon (collectively referred to herein as the
"Pledged Property"), pledged therefore under the Resolution.

The Bonds bear interest and are subject to redemption prior to maturity as set
forth in the Resolution.

The principal of the Bonds is payable at the principal corporate trust office of the
Fiscal Agent in New York, New York.  The interest on the Bonds is payable by check
mailed to the registered owner at the address appearing on the registration books of the
System on the relevant record date or, in certain circumstances set forth in the Resolution,
by wire transfer to a designated account.

From such examination, and having regard to legal questions we deem relevant,
we are of the opinion that:

(1)    The Act is valid in all respects material to this opinion, and the System is a
duly constituted governmental instrumentality of the Commonwealth, deemed as a trust.

(2)    The Resolution has been duly adopted by, and is legal, valid and binding
upon, the System, enforceable in accordance with its terms.

(3)    The Bonds have been duly authorized by the System and constitute legal,
valid and binding limited obligations of the System payable solely from, and secured by a
valid and binding pledge of, the Pledged Property, subject only to the provisions of the
Resolution permitting use of such Pledged Property and its application for the purposes
and on the terms and conditions provided in the Resolution.

(4)    The Bonds do not constitute a debt, obligation or pledge of the full faith,
credit or taxing power of the Commonwealth or any of its municipalities or political
subdivisions or instrumentalities (other than the System), and neither the Commonwealth
nor any of its municipalities or political subdivisions or instrumentalities (other than the
System), shall be liable for the payment thereof.

(5)    Interest on the Bonds is excluded from gross income and exempt from
Puerto Rico income and withholding taxes, including the alternative minimum tax
imposed by Section 1017 of the Puerto Rico Internal Revenue Code of 1994, as amended
(the "P.R. Code").

Employees Retirement System of the Government
of the Commonwealth of Puerto Rico
June 30, 2008
Page 3

(6)     The Bonds are exempt from property taxes imposed by the Municipal Property Tax Act of 1991, as amended, and interest thereon is exempt from the municipal license tax imposed by the Municipal License Tax Act of 1974, as amended.

(7)     The transfer of the Bonds by (i) gift will not be subject to gift tax under the P.R. Code in the case of donors who are residents of the Commonwealth at the time the gift is made, and (ii) death will not be subject to estate tax under the P.R. Code in the case of a decedent who at the time of death was (x) a resident of Puerto Rico, and (y) a United States citizen who acquired such citizenship solely by reason of birth or residence in Puerto Rico.

(8)     Gain recognized from the sale or exchange of a Bond will be subject to income tax under the P.R. Code to taxpayers subject to Puerto Rico income tax on such gains, including individuals residing in Puerto Rico and corporations and partnerships organized under the laws of the Commonwealth.

(9)     The Bonds will be considered an obligation of an instrumentality of Puerto Rico for purposes of (i) the non-recognition of gain rules of Section 1112(f)(2)(A) of the P.R. Code applicable to certain involuntary conversions, and (ii) the exemption from the surtax imposed by Section 1102 of the P.R. Code available to corporations and partnerships that have a certain percentage of their net income invested in obligations of instrumentalities of Puerto Rico and certain other investments.

(10)     Interest on the Bonds constitutes "industrial development income" under Section 2(j) of the Puerto Rico Industrial Incentives Act of 1963, the Puerto Rico Industrial Incentives Act of 1978, the Puerto Rico Tax Incentives Act of 1987, and the Puerto Rico Tax Incentives Act of 1998, as amended (collectively, the "Acts"), when received by a holder of a grant of tax exemption issued under any of the Acts that acquired the Bonds with "eligible funds," as such term is defined in the Acts.

Based on the provisions of the United States Internal Revenue of 1986, as amended (the "U.S. Code"), and the regulations there under, now in force:

(1)     Interest on the Bonds received by, or "original issue discount" (within the meaning of the U.S. Code) accrued to, an individual who is a *bona fide* resident of Puerto Rico within the meaning of Section 937 of the U.S. Code during the entire taxable year in which such interest is received or "original issue discount" is accrued will constitute gross income from sources within Puerto Rico and, therefore, is excludable from gross income for purposes of the U.S. Code pursuant to section 933(1) thereof.

(2)     Interest received or accrued, or original issue discount, on the Bonds is not subject to United States federal income tax if the holder of the Bonds is a corporation organized under the laws of Puerto Rico ("Puerto Rico Corporation") and such interest is not effectively connected with the conduct of a trade or business in the United States by

BH-ERS-EX-009266

Employees Retirement System of the Government
of the Commonwealth of Puerto Rico
June 30, 2008
Page 4

such Puerto Rico Corporation, such Puerto Rico Corporation is not a foreign personal holding company, a controlled foreign corporation or a passive foreign investment company under the U.S. Code, and such Puerto Rico Corporation is not treated as a domestic corporation for the purposes of the U.S. Code.

(3)     Interest on the Bonds is not excludable from the gross income of the recipient thereof for federal income tax purposes under Section 103(a) of the U.S. Code.

(4)     Pursuant to the provisions of Section 1.937-2 of the Regulations issued under the U.S. Code, the source of the income from the sale of personal property by a bona fide resident of Puerto Rico within the meaning of Section 937 of the Code shall be determined under the rules of Section 865 of the U.S. Code.  Accordingly, the gain on the sale or exchange of the Bonds recognized by an individual who is a *bona fide* resident of Puerto Rico, within the meaning of Section 937 of the U.S. Code, during the entire taxable year in which the source of the gain must be determined, will constitute Puerto Rico source income and, therefore, qualify for the income exclusion under in Section 933(1) of the U.S. Code, provided (i) that such Bonds  do not constitute inventory in the hands of such individual and (ii) if the Bonds were owned before the individual became a bona fide resident of Puerto Rico, that for any of the 10 years preceding the taxable year for which the source of the gain must be determined, the individual was not a resident of the United States (other than a bona fide resident of Puerto Rico).

A Puerto Rico Corporation that invests in the Bonds will be subject to U.S. federal income tax on a gain from a disposition of Bonds only if the gain is effectively connected to a U.S. trade or business carried on by the Puerto Rico Corporation.

(5)     The transfer of the Bonds by death or gift will not be subject to estate or gift tax under the U.S. Code in the case of decedents or donors who, at the time of death or gift, are (a) residents of Puerto Rico and (b) (i) United States citizens that acquired such citizenship solely by reason of birth or residence in Puerto Rico or (ii) not United States citizens.

In addition to the opinions above we would like to bring to your attention that: (a) the P.R. Code does not provide rules with respect to the treatment of the excess, if any, of the amount due at maturity of a Bond over its initial offering price (the "Accretion Amount") and that under the current administrative practice followed by the Puerto Rico Department of the Treasury, the Accretion Amount is treated as interest; (b) prospective owners of the Bonds, including but not limited to financial institutions, should be aware that ownership of the Bonds may result in having a portion of their interest and other expenses attributable to interest on the Bonds disallowed as deductions for purposes of computing the regular tax and the alternative minimum tax for Puerto Rico income tax purposes; and (c) the U.S. Code provides special rules for the taxation of shareholders of foreign corporations that qualify as "controlled foreign corporations," "personal holding

Employees Retirement System of the Government
of the Commonwealth of Puerto Rico
June 30, 2008
Page 5

companies," "foreign personal holding companies" or "passive foreign investment companies," as such terms are defined by the U.S. Code.

In connection with the foregoing statements about certain United States federal tax consequences arising from the ownership of, receipt or accrual of interest on, or the disposition of the Bonds, be advised that pursuant to the U. S. Internal Revenue Service Circular No. 230:

      (a)      These tax statements are not intended or written to be used, and cannot be used by any taxpayer, for purposes of avoiding penalties that may be imposed on the taxpayer by the Internal Revenue Service.

      (b)      These statements were written in connection with the promotion or marketing of the Bonds.

      (c)      Each prospective purchaser of the Bonds should seek tax advice from an independent tax advisor based on its particular circumstances.

We express no opinion regarding any other federal, Commonwealth or state tax consequences with respect to the Bonds. We are rendering our opinion under existing statutes and court decisions, and regulations as of the issue date, and assume no obligation to update our opinion after the issue date to reflect any future action, fact or circumstance, or change in law or interpretation, or otherwise.

In rendering this opinion, we are advising you that the enforceability of the Bonds and the Resolution may be limited by bankruptcy, moratorium, insolvency, or other laws affecting creditors' rights or remedies and is subject to general principles of equity (regardless of whether such enforceability is considered in a proceeding in equity or at law).

We have also examined an executed Bond and in our opinion the form of said Bond and its execution are regular and proper.

                        Very truly yours,

                        *Fiddler González & Rodríguez, P.S.C.*

BH-ERS-EX-009268

# FIDDLER GONZALEZ & RODRIGUEZ, P.S.C.

ATTORNEYS AND COUNSELORS AT LAW

PO BOX 363507

SAN JUAN, PR 00936-3507

TELEPHONE (787) 753-3113
FAX (787) 759-3123

June 30, 2008

254 MUÑOZ RIVERA AVENUE
CORNER CHARDÓN STREET
6TH FLOOR
HATO REY, PR 00918

UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO
POPULAR SECURITIES, INC.
SANTANDER SECURITIES CORPORATION
BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO
CITIGROUP GLOBAL MARKETS, INC.
EUROBANK MSD
LEHMAN BROTHERS, INC.
MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED
ORIENTAL FINANCIAL SERVICES, INC.
SAMUEL A. RAMÍREZ & CO., INC.
SCOTIABANK OF PUERTO RICO
WACHOVIA CAPITAL MARKETS, LLC

In care of UBS Financial Services Incorporated of Puerto Rico
American International Plaza
250 Muñoz Rivera Avenue
San Juan, Puerto Rico  00918

Attention:  Jose Arias

**Re:** $300,202,930.00
**Employees Retirement System of the Government of the**
  **Commonwealth of Puerto Rico**
**Pension Funding Bonds, Series C Bonds**

Ladies and Gentlemen:

We deliver to you herewith a copy of our approving opinion dated June 30, 2008 relating to the issuance of $300,202,930.00 aggregate principal amount of Senior Pension Funding Bonds, Series C, of Employees Retirement System of the Government of the Commonwealth of Puerto Rico.

You are entitled to rely on such opinion as though the same were addressed to you.

Yours very truly,

*Fiddler Gonzalez & Rodriguez, P.S.C.*

FIDDLER GONZALEZ & RODRIGUEZ, P.S.C.

ATTORNEYS AND COUNSELORS AT LAW

PO BOX 363507

SAN JUAN, PR 00936-3507

TELEPHONE (787) 759-3113
FAX (787) 759-3123

254 MUÑOZ RIVERA AVENUE
CORNER CHARDÓN STREET
6TH FLOOR
HATO REY, PR 00918

June 30, 2008

UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO
POPULAR SECURITIES, INC.
SANTANDER SECURITIES CORPORATION
BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO
CITIGROUP GLOBAL MARKETS, INC.
EUROBANK MSD
LEHMAN BROTHERS, INC.
MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED
ORIENTAL FINANCIAL SERVICES, INC.
SAMUEL A. RAMÍREZ & CO., INC.
SCOTIABANK OF PUERTO RICO
WACHOVIA CAPITAL MARKETS, LLC

In care of UBS Financial Services Incorporated of Puerto Rico
American International Plaza
250 Muñoz Rivera Avenue
San Juan, Puerto Rico  00918
Attention:  Jose Arias

Ladies and Gentlemen:

We have acted as Bond Counsel in connection with the authorization, issuance
and sale by the Employees Retirement System of the Government of the Commonwealth
of Puerto Rico (the "System") of $300,202,930.00 initial aggregate principal amount of
its Senior Pension Funding Bonds, Series C (the "Bonds") as to which you are acting as
underwriters ("Underwriters") pursuant to the Purchase Contract, dated June 26, 2008
(the "Purchase Contract"), between the System and the Underwriters.

The Bonds are being issued pursuant to a Pension Funding Bond Resolution,
adopted by the System's Board of Trustees on January 24, 2008 (the "Bond Resolution"),
and a Third Supplemental Pension Funding Bond Resolution, adopted by the System's
Board of Trustees on June 26, 2008 (the "Supplemental Resolution," and together with
the Bond Resolution, the "Resolution"), pursuant to which The Bank of New York will
act as Fiscal Agent (the "Fiscal Agent"). Any capitalized terms used herein and not

BH-ERS-EX-009270

UBS Financial Services Incorporated of Puerto Rico
Popular Securities, Inc.
Santander Securities Corporation
Banco Bilbao Vizcaya Argentaria Puerto Rico
Citigroup Global Markets, Inc.
Eurobank MSD
Lehman Brothers, Inc.
Merrill Lynch, Pierce, Fenner & Smith Incorporated
Oriental Financial Services, Inc.
Samuel A. Ramírez & Co., Inc.
Scotiabank of Puerto Rico
Wachovia Capital Markets, LLC
June 30, 2008
Page 2

otherwise defined shall have the meanings ascribed thereto in the Resolution or the Purchase Contract. The Bonds are being issued for the purpose of (i) increasing the total assets currently available to pay benefits under the System's largest defined benefit plan, (ii) reducing the unfunded accrued actuarial pension liability of the benefit plan, and (iii) making deposits into the Debt Service Reserve Account as established under the Resolution.

In our capacity as Bond Counsel, we have examined and are familiar with (i) Act No. 447 of the Legislature of Puerto Rico, approved May 15, 1951, as amended ("Act 447"), (ii) certified copies of the Resolution, (iii) certified copies of the resolutions authorizing the issuance and fixing the terms of the Bonds (collectively, the "Authorizing Resolution"), approving the Preliminary Official Statement, dated June 16, 2008, in connection with the Bonds (the "Preliminary Official Statement") and approving the Official Statement, dated June 26, 2008, in connection with the issuance of the Bonds (the "Official Statement"), (iv) a certified copy of the Master Continuing Disclosure Agreement, dated as of January 31, 2008 (the "MCDA"), (v) a certified copy of the Purchase Contract, (vi) a certified copy of the Security Agreement between the System and The Bank of New York, dated as of June 2, 2008 (the "Security Agreement"), and (vii) such other proofs as we have deemed necessary as a basis for the opinions hereinafter expressed.

In rendering this opinion, we have assumed the genuineness of all signatures, the authenticity of all documents provided to us as originals and the conformity to authentic original documents of all documents provided to us as certified, conformed or photostatic copies. As to questions of fact material to this opinion, we have relied upon certificates of officers and representatives of the parties to the transactions contemplated by the Purchase Contract and of public officials.

Based upon the foregoing, and subject to the assumptions, limitations and qualifications set forth herein, we are of the opinion that:

(a)     The Security Agreement and the Purchase Contract have been duly authorized, executed and delivered by the System and, assuming the due authorization, execution and delivery thereof by, and the validity and enforceability against the other parties thereto, constitute the legal, valid and binding agreements of the System, enforceable against the System in accordance with their respective terms, except that

2

BH-ERS-EX-009271