## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 3:17-cv-01685 (LTS)<br>Case No. 3:17-bk-03566 (LTS) |

## MOVANTS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO THE DEBTOR'S INTERROGATORY NUMBERS 5, 6, 8, AND 9

Pursuant to Rule 7033 of the Federal Rules of Bankruptcy Procedure, and Federal Rule of Civil Procedure 33 incorporated therein, and Magistrate Judge Dein's April 2, 2019 Order, Movants[1] hereby supplement their responses to Debtor's First Set of Interrogatories to Movants,

---

[1] Movants include Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund

D

dated February 27, 2019 ("Interrogatories"), Interrogatory Numbers 5, 6, 8, and 9.  Movants further reserve the right to supplement, amend or modify these objections and responses as necessary.

## INCORPORATION OF PRIOR GENERAL OBJECTIONS AND SPECIFIC RESPONSES

1.　　On March 8, 2019, Movants served their Responses And Objections To The Debtor's First Set of Interrogatories ("Movants' Original Responses and Objections").  Movants hereby incorporate the General Objections in Movants' Original Responses and Objections into each and every individual response and supplemental response to the Interrogatories, whether or not the General Objections are restated in the response or supplemental response to any particular Interrogatory.  Movants' responses and supplemental responses are made without waiving, or intending to waive, the General Objections, and Movants specifically reserve all of their other objections.

2.　　In addition, Movants' Original Responses and Objections provided specific responses to Interrogatory Numbers 5, 6, 8 and 9, each of which is incorporated into Movants' supplemental responses to Interrogatory Numbers 5, 6, 8, and 9, respectively.

---

IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

### SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 5:**   State the value of Your collateral or Pledged Property as of the date on which the ERS Title III Case was commenced, May 21, 2017.

**Original Response to Interrogatory No. 5:**  Subject to and without waiving the foregoing General Objections, Movants respond as follows: Movants are unable to state the value of their collateral or Pledged Property as of the date on which the ERS Title III Case was commenced, May 21, 2017, because the information necessary to make that determination is uniquely in the possession of ERS, the Commonwealth, AAFAF, and/or the Oversight Board. Some of that information is the subject of Movants' outstanding discovery requests to those parties.

**Supplemental Response to Interrogatory No. 5:**  Subject to and without waiving the General Objections in Movants' Original Responses and Objections, Movants hereby incorporate their Original Response to Interrogatory No. 5, and further respond to Interrogatory No. 5 as follows:

Movants' collateral consists of the Pledged Property as defined by the ERS Bond Resolution § 501 & Exh. B, VI-33, VI-36, VI-37, which includes:

(i)  all "Revenues," including, among other things, all employer contributions paid from and after the date of the ERS Bond Resolution received by ERS or the fiscal agent "and any assets in lieu thereof or derived thereunder which are payable to [ERS] pursuant to [the ERS Enabling Act]";

(ii)  all "right, title, and interest of [ERS] in and to" the "Revenues" and "all rights to receive the same";

(iii)  the funds, accounts, and subaccounts held for the benefit of ERS bondholders;

(iv)  any and all other rights and personal property of every kind pledged and assigned by the ERS for additional security; and

(v)  "any and all cash and non-cash proceeds, products, offspring, rents and profits from any of the Pledged Property," including, "without limitation, those from the sale, exchange, transfer, collection, loss, damage, disposition, substitution or replacement of" such property.

ERS Bond Resolution § 501 & Exh. B, VI-33, VI-36, VI-37.

Movants have requested documents from ERS, the Commonwealth, AAFAF, and the Oversight Board concerning the value of the Pledged Property at various times, including on May 21, 2017. In addition, on April 2, 2019, the Debtors filed a motion for leave to file an amended complaint in Adversary Proceeding No. 17-00213-LTS, Doc No. 236, in which Debtors' proposed amended complaint alleges that ERS had assets with a face value of over $2 billion as of the ERS Petition Date. Although Movants are currently without sufficient information to either admit or deny Debtors' allegation that ERS had assets with a face value of over $2 billion as of the ERS Petition Date, Debtors' motion and amended complaint purports to allege the value of a portion of—but not all of—the Pledged Property as of the ERS Petition Date. Other than documents or information that ERS, the Commonwealth, AAFAF, and the Oversight Board may have produced or will produce concerning the value of the Pledged Property, and other than information that may be located in publicly available documents such as Debtors' recently filed motion and proposed amended complaint, Movants state that they are currently unaware of information in their possession reflecting the value of the Pledged Property on May 21, 2017.

**INTERROGATORY NO. 6:** State the value of Your collateral or Pledged Property as of the first day of the month, for each month since the date on which the ERS Title III Case was commenced, May 21, 2017.

**Original Response to Interrogatory No. 6:** Subject to and without waiving the foregoing General Objections, Movants respond as follows: Movants are unable to state the value of their collateral or Pledged Property as of the first day of the month, for each month since the date on which the ERS Title III Case was commenced, May 21, 2017, because the information necessary to make those determinations is uniquely in the possession of ERS, the Commonwealth, AAFAF,

and/or the Oversight Board. Some of that information is the subject of Movants' outstanding discovery requests to those parties.

Subject to and without waiving the foregoing, Movants state that publicly available documents indicate that the value of Movants' collateral or Pledged Property has diminished since implementation of the automatic stay imposed upon commencement of ERS's Title III case. Employer contributions to ERS were purportedly eliminated as of July 1, 2017, employers have instead made more than $1.8 billion in pension system contributions directly to the Commonwealth from July 2017 through November 2018, and the Commonwealth has been dissipating those funds to pay other creditors. In addition, funds in ERS-related accounts decreased from $513 million as of November 30, 2017 to $375.9 million as of December 31, 2018. Further, the majority of ERS's liquid assets were depleted by the start of FY2018.

**Supplemental Response to Interrogatory No. 6:**  Subject to and without waiving the General Objections in Movants' Original Responses and Objections, Movants hereby incorporate their Original Response to Interrogatory No. 6, and further respond to Interrogatory No. 6 as follows:

Movants' collateral consists of the Pledged Property as defined by the ERS Bond Resolution § 501 & Exh. B, VI-33, VI-36, VI-37, which includes:

(vi)    all "Revenues," including, among other things, all employer contributions paid from and after the date of the ERS Bond Resolution received by ERS or the fiscal agent "and any assets in lieu thereof or derived thereunder which are payable to [ERS] pursuant to [the ERS Enabling Act]";

(vii)    all "right, title, and interest of [ERS] in and to" the "Revenues" and "all rights to receive the same";

(viii)    the funds, accounts, and subaccounts held for the benefit of ERS bondholders;

(ix)    any and all other rights and personal property of every kind pledged and assigned by the ERS for additional security; and

(x)     "any and all cash and non-cash proceeds, products, offspring, rents and profits
from any of the Pledged Property," including, "without limitation, those from the
sale, exchange, transfer, collection, loss, damage, disposition, substitution or
replacement of" such property.

ERS Bond Resolution § 501 & Exh. B, VI-33, VI-36, VI-37.

As Movants stated in their Original Response to Interrogatory 6, publicly available documents indicate that the value of Movants' collateral or Pledged Property has diminished since implementation of the automatic stay imposed upon commencement of ERS's Title III case.  On April 2, 2019, the Debtors filed a motion for leave to file an amended complaint in Adversary Proceeding No. 17-00213-LTS, Doc No. 236, in which Debtors' proposed amended complaint alleges that ERS had assets with a face value of over $2 billion as of the ERS Petition Date. Although Movants are currently without sufficient information to either admit or deny Debtors' allegation that ERS had assets with a face value of over $2 billion as of the ERS Petition Date, Debtors' motion and amended complaint purports to allege the value of a portion of—but not all of—the Pledged Property as of the ERS Petition Date.  Publicly available documents indicate that the assets held by ERS have diminished since the ERS Petition Date, including through the transfer and dissipation of the Pledged Property following passage of Joint Resolution 188 and Act 106. *See* Bates ERS_BH_002547 through ERS_BH_003275.  As a result of Joint Resolution 188 and Act 106, Employers' Contributions (as defined in the ERS Bond Resolution) to ERS were purportedly eliminated as of July 1, 2017, and since then employers have instead been making pension system contributions directly to the Commonwealth.  Those pension system contributions, which publicly available information indicate totaled more than $1.8 billion between July 2017 and November 2018, are Pledged Property, but the Commonwealth has nevertheless been dissipating those funds to pay other creditors, including pension system beneficiaries.  In addition, funds in ERS-related accounts decreased from $513 million as of November 30, 2017 to $375.9

million as of December 31, 2018. Further, the majority of ERS's liquid assets were depleted by the start of FY2018.

Movants have requested documents from ERS, the Commonwealth, AAFAF, and the Oversight Board concerning the value of the Pledged Property at various times.  Other than information that ERS, the Commonwealth, AAFAF, and the Oversight Board may have produced or will produce concerning the value of the Pledged Property, and other than information in publicly available documents such as Debtors' recently filed motion and proposed amended complaint and the other publicly available documents or information described above, Movants state they are currently unaware of information in their possession reflecting the value of the Pledged Property as of the first day of the month, for each month since the date on which the ERS Title III Case was commenced, May 21, 2017.

**INTERROGATORY NO. 8:**  State the value of Your collateral or Pledged Property as of today.

**Original Response to Interrogatory No. 8:**  Subject to and without waiving the foregoing General Objections, Movants respond as follows: The information necessary to determine the exact value of the Pledged Property, as of a given date, is uniquely in the possession of ERS, the Commonwealth, AAFAF, and/or the Oversight Board. Although Movants' collateral has been impaired by the diversion and dissipation of the Pledged Property, Movants do not have enough information to identify the exact value of the Pledged Property as of March 8, 2019. Some of that information is the subject of Movants' outstanding discovery requests to ERS, the Commonwealth, AAFAF, and the Oversight Board.

**Supplemental Response to Interrogatory No. 8:** Subject to and without waiving the General Objections in Movants' Original Responses and Objections, Movants hereby incorporate

their Original Response to Interrogatory No. 8, and further respond to Interrogatory No. 8 as follows:

Movants' collateral consists of the Pledged Property as defined by the ERS Bond Resolution § 501 & Exh. B, VI-33, VI-36, VI-37, which includes:

(i)   all "Revenues," including, among other things, all employer contributions paid from and after the date of the ERS Bond Resolution received by ERS or the fiscal agent "and any assets in lieu thereof or derived thereunder which are payable to [ERS] pursuant to [the ERS Enabling Act]";

(ii)   all "right, title, and interest of [ERS] in and to" the "Revenues" and "all rights to receive the same";

(iii)   the funds, accounts, and subaccounts held for the benefit of ERS bondholders;

(iv)   any and all other rights and personal property of every kind pledged and assigned by the ERS for additional security; and

(v)   "any and all cash and non-cash proceeds, products, offspring, rents and profits from any of the Pledged Property," including, "without limitation, those from the sale, exchange, transfer, collection, loss, damage, disposition, substitution or replacement of" such property.

ERS Bond Resolution § 501 & Exh. B, VI-33, VI-36, VI-37.

As Movants stated in their Original Response to Interrogatory 6, publicly available documents indicate that the value of Movants' collateral or Pledged Property has diminished since implementation of the automatic stay imposed upon commencement of ERS's Title III case.  On April 2, 2019, the Debtors filed a motion for leave to file an amended complaint in Adversary Proceeding No. 17-00213-LTS, Doc No. 236, in which Debtors' proposed amended complaint alleges that ERS had assets with a face value of over $2 billion as of the ERS Petition Date. Although Movants are currently without sufficient information to either admit or deny Debtors' allegation that ERS had assets with a face value of over $2 billion as of the ERS Petition Date, Debtors' motion and amended complaint purports to allege the value of a portion of—but not all of—the Pledged Property as of the ERS Petition Date.  Publicly available documents indicate that

the assets held by ERS have diminished since the ERS Petition Date, including through the transfer and dissipation of the Pledged Property following passage of Joint Resolution 188 and Act 106. *See* Bates ERS_BH_002547 through ERS_BH_003275.  As a result of Joint Resolution 188 and Act 106, Employers' Contributions (as defined in the ERS Bond Resolution) to ERS were purportedly eliminated as of July 1, 2017, and since then employers have instead been making pension system contributions directly to the Commonwealth.  Those pension system contributions, which publicly available information indicate totaled more than $1.8 billion between July 2017 and November 2018, are Pledged Property, but the Commonwealth has nevertheless been dissipating those funds to pay other creditors, including pension system beneficiaries.  In addition, funds in ERS-related accounts decreased from $513 million as of November 30, 2017 to $375.9 million as of December 31, 2018. Further, the majority of ERS's liquid assets were depleted by the start of FY2018.

Movants have requested documents from ERS, the Commonwealth, AAFAF, and the Oversight Board concerning the value of the Pledged Property at various times, including at the present time.  Other than documents or information that ERS, the Commonwealth, AAFAF, and the Oversight Board may have produced or will produce concerning the value of the Pledged Property, and other than information in publicly available documents such as those described above, Movants state they are currently unaware of information in their possession reflecting the value of the Pledged Property as of April 15, 2019.

**INTERROGATORY NO. 9:** State with specificity the cause of any alleged diminution in the value of Your collateral or Pledged Property.

    **Original Response to Interrogatory No. 9:**  Subject to and without waiving the foregoing General Objections, Movants respond as follows: The value of the Pledged Property has been

impaired by, among other things, the permanent diversion of Movants' collateral from ERS to the Commonwealth, and the Commonwealth's dissipation of Movants' collateral to pay other creditors. ERS and the Commonwealth have also failed to provide Movants with adequate protection and opposed Movants' requests to lift the Title III stays, thus preventing Movants from taking actions to prevent the misappropriation of the Pledged Property and protect their constitutionally protected property interests.

**Supplemental Response to Interrogatory No. 9:**  Subject to and without waiving the General Objections in Movants' Original Responses and Objections, Movants hereby incorporate their Original Response to Interrogatory No. 9, and further respond to Interrogatory No. 9 as follows:

The value of the Pledged Property has been diminished by, among other things, the permanent diversion of Movants' Pledged Property from ERS to the Commonwealth as a result of Joint Resolution 188 and Act 106, and the Commonwealth's dissipation of Movants' Pledged Property to pay other creditors while the automatic stay was in effect.  This diminution has occurred through various means, including: (i) the purported elimination of Employers' Contributions (as defined in the ERS Bond Resolution) to ERS as of July 1, 2017; (ii) the requirement that employers make pension system contributions to the Commonwealth through Pay-Go Fees instead of to ERS through Employers' Contributions; (iii) the development and implementation of a system for the collection of pension contributions from employers and disbursement of pension payments to beneficiaries through mechanisms that purport to bypass the collateral structure and accounts that were established through the ERS Bond Resolution and that purport to eliminate the ERS Bondholders' Security Interests; (iv) the liquidation of ERS's assets and transfer of such proceeds to the Commonwealth; (v) the Commonwealth's ongoing dissipation of Pay-Go Fees received; (vi) the deprivation of Movants' access to the Pledged Property; (vii) the uncertainty of future Pay-Go Fees; and (viii) the uncertainty surrounding the future solvency of the pension system.  ERS and the Commonwealth have also failed to provide Movants with adequate protection and opposed Movants' requests to lift the Title III stays, thus preventing

Movants from taking actions to prevent the misappropriation of the Pledged Property and protect their constitutionally protected property interests.

*[signatures appear on following page]*

**AS TO OBJECTIONS:**

Dated:  April 15, 2019

/s/ Alfredo Fernández-Martínez
Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com
USDC-PR 210511

/s/ Bruce Bennett
Bruce Bennett (*pro hac vice*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Beth Heifetz (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3939
Fax: (202) 626-1700
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

*Counsel for ERS Bondholders Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Ocher Rose, L.L.C., and SV Credit, L.P.*

/s/ Alicia I. Lavergne-Ramírez

José C. Sánchez-Castro
USDC-PR 213312
jsanchez@sanpir.com

Alicia I. Lavergne-Ramírez
USDC-PR 215112
alavergne@sanpir.com

Maraliz Vázquez-Marrero
USDC-PR 225504
mvazquez@sanpir.com

SÁNCHEZ PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
Tel. (787) 522-6776
Fax: (787) 522-6777

/s/ Jason Zakia

John K. Cunningham (*pro hac vice*)
Glenn M. Kurtz (*pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10036
Tel. (212) 819-8200
Fax (212) 354-8113
jcunningham@whitecase.com
gkurtz@whitecase.com

Jason N. Zakia (*pro hac vice*)
Cheryl T. Sloane (*pro hac vice*)
WHITE & CASE LLP
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131
Tel. (305) 371-2700
Fax (305) 358-5744
jzakia@whitecase.com
csloane@whitecase.com

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 15, 2019, a true and correct copy of the foregoing was

served via electronic mail to the persons listed below:

Martin J. Bienenstock
mbienenstock@proskauer.com
Timothy W. Mungovan
tmungovan@proskauer.com
Kevin J. Perra
kperra@proskauer.com
Paul V. Possinger
ppossinger@proskauer.com
Margaret A. Dale
mdale@proskauer.com
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for The Financial Oversight
and Management Board for Puerto Rico,
as representative of the Employees Retirement
System of the Government of
the Commonwealth of Puerto Rico*

*s/Sparkle L. Sooknanan*
Sparkle L. Sooknanan

- 2 -

## VERIFICATION

STATE OF NEW JERSEY )
                     ) ss.
COUNTY OF ESSEX   )

I, James E. Bolin, being duly sworn, state that I am an agent of Andalusian Global Designated Activity Company, that I have read the foregoing Movants' Supplemental Responses And Objections To The Debtor's Interrogatory Numbers 5, 6, 8 And 9, and that the factual answers set forth in Movants' responses are true and correct to the best of my knowledge, information, and belief.

By: _James E. Bolin_
                            Affiant

Subscribed and sworn to before me on this 11th day of April, 2019.

_Ashley Galganske_
Notary Public

My commission expires:

OFFICIAL SEAL
ASHLEY GALGANSKE
NOTARY PUBLIC - NEW JERSEY
My Comm. Expires May 2, 2019

## VERIFICATION

STATE OF _California_                )
                                     ) ss.
COUNTY OF _Los Angeles_              )


I, _HAIG MAGHAKIAN_ being duly sworn, state that I am an agent of Glendon Opportunities Fund, L.P., that I have read the foregoing Movants' Supplemental Responses And Objections To The Debtor's Interrogatory Numbers 5, 6, 8 And 9, and that the factual answers set forth in Movants' responses are true and correct to the best of my knowledge, information, and belief.

                        By:_____
                                    Affiant



Subscribed and sworn to before me on this_____ day of April, 2019.


                        _____
                        Notary Public


My commission expires: _____

                See attached

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of LOS ANGELES

Subscribed and sworn to (or affirmed) before me on this 11th day of APRIL , 20 19 , by _____
HAIG MARK MAGHAKIAN ,
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

ALYSSA SUSAN ELLARD
Notary Public - California
Los Angeles County
Commission # 2231858
My Comm. Expires Feb 23, 2022

(Seal)                    Signature Alyssa S. Ellard

## <u>VERIFICATION</u>

STATE OF NEW YORK               )
                                )ss.
COUNTY OF NEW YORK              )


I, James McGovern, being duly sworn, state that I am an agent of Mason Capital Master Fund, LP,
that I have read the foregoing Movants' Supplemental Responses And Objections To The Debtor's
Interrogatory Numbers 5, 6, 8 and 9, and that the factual answers set forth in Movants' responses
are true and correct to the best of my knowledge, information, and belief.

By:_____
                    Affiant



Subscribed and sworn to before me on this ___10ᵀʰ___ day of April, 2019.

_____
         Notary Public


My commission expires: ___4/2/20___

KRISTINA WALL
NOTARY PUBLIC-STATE OF NEW YORK
No. 01WA6258817
Qualified In New York County
My Commission Expires 04-02-2020

## **VERIFICATION**

STATE OF _California_          )
                              ) ss.
COUNTY OF _Los Angeles_       )


I, _Emily Stephens_ , being duly sworn, state that I am an agent of Oaktree Opportunities Fund IX, L.P. and Oaktree Opportunities Fund IX (Parallel 2), L.P., that I have read the foregoing Movants' Supplemental Responses And Objections To The Debtor's Interrogatory Numbers 5, 6, 8 And 9, and that the factual answers set forth in Movants' responses are true and correct to the best of my knowledge, information, and belief.


By: _____
                    Affiant



Subscribed and sworn to before me on this _11_ day of April, 2019.

_____
        Notary Public


My commission expires: _11/23/21_



MALIA AITA
Notary Public – California
Los Angeles County
Commission # 2219896
My Comm. Expires Nov 23, 2021

## VERIFICATION

STATE OF ___New York___ )
                                ) ss.
COUNTY OF ___New York___ )

I, Adrianna Cano, being duly sworn, state that I am an agent of Ocher Rose, L.L.C., that I have read the foregoing Movants' Supplemental Responses And Objections To The Debtor's Interrogatory Numbers 5, 6, 8 And 9, and that the factual answers set forth in Movants' responses are true and correct to the best of my knowledge, information, and belief.

By: _____
                     Affiant

Subscribed and sworn to before me on this __11th__ day of April, 2019.

_____
Notary Public

My commission expires: ___August 29, 2020___

ELLE TRISHA DAMORE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01DA6347069
Qualified in New York County
My Commission Expires 08-29-2020

## <u>VERIFICATION</u>

STATE OF _New York_                  )
                                                         ) ss.
COUNTY OF _New York_           )


I, _Susanne V. Clark_ , being duly sworn, state that I am an agent of SV Credit, L.P., that I have read the foregoing Movants' Supplemental Responses And Objections To The Debtor's Interrogatory Numbers 5, 6, 8 And 9, and that the factual answers set forth in Movants' responses are true and correct to the best of my knowledge, information, and belief.

By: _[signature]_
                                                      Affiant



Subscribed and sworn to before me on this _12th_ day of April, 2019.

_[signature]_
                              Notary Public


My commission expires: _June 12th, 2021_


JOY BECKHAM
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BE6360008
Qualified in Westchester County
Commission Expires June 12, 2021



**AS TO RESPONSES:**

> *Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc.,* and *Tax-Free Puerto Rico Target Maturity Fund, Inc.*

By:_____

Leslie Highley

Title: Managing Director.

Affidavit Number: 660

Sworn and subscribed to before me by *Leslie Highley Ramirez* of legal age, married, a banker and a resident of San Juan, Puerto Rico, in his capacity as authorized representative of the *above listed funds* and who is personally known to me, in San Juan, Puerto Rico, on this *17* day of April 2019.

_____

NOTARY PUBLIC

**AS TO RESPONSES:**

*Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., and Puerto Rico Investors Tax-Free Fund VI, Inc.*

By: _____

Title: _____ SVP

Affidavit Number: 7941

Sworn and subscribed to me before by Javier Rubio, of legal age, married, a banker and a resident of San Juan, Puerto Rico, in his capacity as authorized representative of the Puerto Rico Investor Family of Funds, and who is personally known to me, in San Juan, on this 15th day of April 2019.

_____
NOTARY PUBLIC



AMERICAS 99657934