# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>Jointly Administered |

## JOINT MOTION OF CERTAIN ADVERSARY DEFENDANTS SEEKING ENTRY OF AN ORDER AUTHORIZING PARTICIPATION IN DETERMINATION OF CONSTITUTIONAL VALIDITY OF CHALLENGED BONDS

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

JURISDICTION AND VENUE ..................................................................................................4

BACKGROUND ..........................................................................................................................4

        A.       The GO Bonds Objection and GO Preliminary Procedures Order ..........................4

        B.       The Complaint and Common Legal Issues ............................................................6

RELIEF REQUESTED..................................................................................................................7

BASIS FOR RELIEF REQUESTED ............................................................................................8

CERTIFICATION OF COUNSEL..............................................................................................10

RESERVATION OF RIGHTS ....................................................................................................10

CONCLUSION............................................................................................................................11

# TABLE OF AUTHORITIES

## CASES

*In re Johns-Manville Corp.*,
    36 B.R. 743 (Bankr. S.D.N.Y. 1984) ............................................................................. 8

*In re Pub. Serv. Co. of New Hampshire*,
    88 B.R. 546 (Bankr. D.N.H. 1988) ................................................................................ 8

*In re Savage Indus., Inc.*,
    43 F.3d 714 (1st Cir. 1994) ............................................................................................ 8

## STATUTES

48 U.S.C. § 2166(a) ................................................................................................................... 4

48 U.S.C. § 2167(a) ................................................................................................................... 4

## RULES

Fed. R. Bankr. P. 2018(a) .......................................................................................................... 9

## OTHER AUTHORITY

7 Collier on Bankr. ¶ 1109.04 (16th ed. 2016) ...................................................................... 8, 9

To the Honorable United States District Court Judge Laura Taylor Swain:

The Adversary Defendants,[2] consisting of defendants named in the Complaint (defined below) filed on behalf of the Commonwealth of Puerto Rico by the FOMB and the Committee on May 2, 2019, respectfully move (the "Motion") for entry of an order authorizing the Adversary Defendants to participate in the proceedings determining the constitutional validity of any series of bonds issued by the Commonwealth of Puerto Rico and its agencies, instrumentalities, or affiliated debtors that are implicated both in the Complaint and the *Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds* (Dkt. No. 4784, the "GO Bonds Objection") or related constitutional bond validity challenges. In support of this Motion, the Adversary Defendants respectfully state as follows:

## PRELIMINARY STATEMENT

1. The key legal dispute in the GO Bonds Objection is whether the challenged bonds were (or were not) issued in violation of the Commonwealth's constitutional debt service limit

---

[2] The Adversary Defendants consist of the following entities: Barclays Capital Inc.; BMO Capital Markets GKST Inc.; Goldman Sachs & Co. LLC; Jefferies LLC; J.P. Morgan Securities LLC; Merrill Lynch, Pierce, Fenner & Smith Inc. (successor to Banc of America Securities LLC) and Merrill Lynch Capital Services, Inc.; Mesirow Financial, Inc.; Morgan Stanley & Co LLC; RBC Capital Markets, LLC; Samuel A. Ramirez & Co., Inc.; Scotiabank de Puerto Rico; and UBS Financial Services Inc. of Puerto Rico. The Complaint misidentifies various legal entities and incorrectly names as defendants other parties that were not involved in the underwritings or other matters implicated in the Complaint – including but not limited to BMO Capital Markets, Jefferies Group LLC, JPMorgan Chase & Co., BofA Securities and Scotia MSD. The incorrectly named parties, as well as the Adversary Defendants joining this Motion, reserve all rights and defenses relating to Plaintiffs' incorrect identifications in the Complaint, including but not limited to defenses based upon lack of personal jurisdiction.

and/or balanced budget clause.  The Financial Oversight and Management Board for Puerto Rico, acting through its Special Claims Committee (the "FOMB"), and the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee" and, together with the FOMB, the "Plaintiffs"), contend that billions of dollars of debt (and bondholder claims against the Debtors) should be disallowed because the bonds are invalid. S*ee* GO Bonds Objection at 1-4.  As of the date of this filing, the GO Bonds Objection litigation is in its early stages, as the Court has not yet established a schedule governing the proceedings.

2. On May 2, 2019, Plaintiffs filed a 62-count *Adversary Complaint* (Dkt. No. 6802, the "Complaint") commencing an adversary proceeding against 19 separate banks, underwriters, law firms and other professionals, including the Adversary Defendants (Adv. Proc. No. 19-00280, the "Adversary Proceeding").

3. The Adversary Proceeding Complaint and the GO Bonds Objection raise the same common legal issue regarding whether the challenged GO bonds (the "GO Bonds") were (or were not) issued in violation of the Commonwealth's constitutional debt service limit and/or balanced budget clause.  The Complaint seeks to recover underwriting fees, legal services fees, swap transaction fees, and alleged losses on account of "deepening insolvency" supposedly caused by alleged malfeasance relating to Puerto Rico's sale of various series of bonds dating back to 2008. Central to Plaintiffs' claims against the defendants in the Adversary Proceeding is Plaintiffs' allegation that the Puerto Rico Government Development Bank ("GDB") breached its fiduciary duties to the Commonwealth – and the defendants aided and abetted those breaches – in connection with the issuance of bonds that Plaintiffs assert are invalid because they violated the Commonwealth's constitutional debt service limit and/or balanced budget clause.  Plaintiffs acknowledge the overlap of common legal issues between the GO Bonds Objection and the

Adversary Proceeding by expressly incorporating the GO Bonds Objection in its entirety into the Adversary Complaint by reference. *See* Compl. ¶ 47 n.4.

4. Whether these common legal issues are litigated in the context of the GO Bonds Objection, the Adversary Proceeding, or some other related proceeding, due process and equity require the preservation and vindication of the Adversary Defendants' rights to defend themselves against the allegations set forth in the Complaint and to protect their substantial legal and financial stake in the outcome. The Court's initial determinations regarding whether the challenged bonds were (or were not) issued in violation of the Commonwealth's constitution will have significant practical and/or legal ramifications in the Title III cases, and parties in interest undoubtedly will seek to leverage the Court's initial determinations into favorable outcomes on related matters and in related proceedings. The Adversary Defendants respectfully submit that they are entitled to have the opportunity to participate in the development and determination of these common issues.

5. Coordination of the proceedings concerning common legal issues and fact determinations will promote judicial efficiency, avoid duplicative and unnecessary costs, and ensure that the Adversary Proceeding defendants have a full and fair opportunity to be heard and defend themselves with respect to central elements of the claims asserted in the Complaint. Accordingly, the Adversary Defendants seek entry of an order authorizing their participation in, and right to be heard by the Court on, the litigation proceedings relating to the Court's determination of whether the challenged bonds implicated in the Complaint were (or were not) issued in violation of the Commonwealth's constitutional debt service limit and/or balanced budget clause.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA. *See* 48 U.S.C. § 2166(a).

7. Venue is proper pursuant to section 307(a) of PROMESA. *See* 48 U.S.C. § 2167(a).

## BACKGROUND

### A. The GO Bonds Objection and GO Preliminary Procedures Order

8. On January 14, 2019, the FOMB and the Committee filed the GO Bonds Objection, seeking to disallow all claims of bondholders based on Commonwealth of Puerto Rico general obligation bonds issued in or after March 2012. The FOMB and Committee argue these bonds are invalid because, among other reasons, they allegedly were issued in violation of the Commonwealth's constitutional debt service limit and/or balanced budget clause. S*ee* GO Bonds Objection at 1-4. The GO Bonds Objection specifically alleges that the 2012 Series A GO Bonds, 2012 Series B GO Bonds, and 2014 GO Bonds were invalidly issued. *See id* at 8-10. In connection with their currently pending Third Extension Motion (defined below), the FOMB and Committee seek to join within the GO Bonds Objection proceedings their more recently filed objection to the claims of bondholders relating to several additional series of bonds issued in 2011, which are also implicated in the Complaint.

9. On February 15, 2019, the Court issued the GO Preliminary Procedures Order,[3] providing a preliminary set of procedures governing the GO Bonds Objection. The GO

---

[3] *Order, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, Establishing Initial Procedures with Respect to Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Granting Related Relief* (Dkt. No. 5143, the "GO Preliminary Procedures Order"). The GO Preliminary Procedures Order contemplated that parties seeking to participate in the GO Bonds Objection litigation would file a "Notice of Participation" by April 16, 2019 or

*(cont'd)*

4

Preliminary Procedures Order included an Initial Proposal Exchange Deadline of May 7, 2019, pursuant to which parties participating in the GO Bonds Objection litigation were required to exchange proposals "setting forth the procedures that will govern litigation of the Objection, including, without limitation, anticipated legal and factual disputes, the sequence and timing of discovery, anticipated dispositive motion practice and the timing thereof, and treatment of holders of Challenged GO Bonds who did not file Notices of Participation." *See* GO Preliminary Procedures Order, Ex. 2 at p. 4.

10. The Initial Proposal Exchange Deadline and related dates have been extended multiple times upon the request of the FOMB and the Committee.[4] The Court entered a scheduling order on May 29, 2019 (Dkt. No. 7153) extending the Initial Proposal Exchange Deadline until a date no earlier than July 1, 2019; and the Court is not expected to enter a related litigation procedures order until at least July 29, 2019.[5] *See* GO Preliminary Procedures Order,

_____
*(cont'd from previous page)*
later as may be accepted by the Court upon a showing of good cause (the "GO Bonds Objection Participation Deadline"). That deadline had passed before the FOMB and Committee filed the Complaint commencing the Adversary Proceeding. *See* GO Preliminary Procedures Order, Ex. 2 at pp. 2-3.

[4] *See, e.g.*, *Urgent Motion of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, to Extend Deadlines with Respect to Omnibus Objection to Claims of Holders of Certain Commonwealth General Obligation Bonds* (Dkt. No. 6814, the "First Extension Motion"); *Urgent Motion of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, to Further Extend Deadlines with Respect to Omnibus Objection to Claims of Holders of Certain Commonwealth General Obligation Bonds* (Dkt. No. 6979, the "Second Extension Motion"); and *Motion of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, to (A) Extend Deadlines and (B) Establish Revised Procedures With Respect to Omnibus Objections to Claims of Holders of Certain Commonwealth General Obligation Bonds Issued In 2011, 2012 and 2014, and for Related Relief* (Dkt. No. 7137, the "Third Extension Motion").

[5] On June 25, 2019, the FOMB filed the *Motion to Stay Contested Matters Pending Confirmation of Commonwealth Plan of Adjustment* (Dkt. No. 7640, the "Stay Motion"), seeking an indefinite stay of the GO Bonds Objection proceedings while the FOMB pursues a plan of adjustment. Moreover, on June 26, 2019, the Court entered an order (Dkt. No. 7660) continuing until a future date (the FOMB has requested July 24) the next hearing regarding the potential determination of procedures to govern the GO Bonds Objection proceedings, ensuring that the GO Bonds Objection proceedings remain in their early stages.

5

Ex. 2 at p. 4 (providing that recommendations will be submitted to the Court twenty-one days after the Initial Proposal Exchange Deadline; and subsequently allowing a period of at least 7 days for parties to file any responses to those recommendations).

**B.    The Complaint and Common Legal Issues**

11.    On May 2, 2019, Plaintiffs filed the Complaint commencing the Adversary Proceeding. The validity of the challenged bonds identified in the GO Bonds Objection – specifically whether those bonds were (or were not) issued in violation of the Commonwealth's constitutional debt service limit and/or balanced budget clause – also is an integral element of the claims asserted against the Adversary Proceeding defendants in the Complaint. At least 10 separate counts of the Complaint include foundational allegations substantially similar to the following allegation which appears in Count 1 of the Complaint:

> The 2014 GO Bond Underwriters substantially assisted and aided and abetted GDB's breaches of fiduciary duty to the Commonwealth by, among other things, underwriting the 2014 GO Bonds, even though they knew or should have known that the Commonwealth's debt obligations exceeded the Constitutional Debt Service Limit.

Compl. ¶ 149 (Count 1, Aiding & Abetting Breach of Fiduciary Duty regarding issuance and validity of 2014 GO Bonds); *see also* Compl. ¶ 202 (Count 11, Aiding & Abetting Breach of Fiduciary Duty regarding issuance and validity of 2012 Series A GO Bonds); Compl. ¶ 222 (Count 14, Aiding & Abetting Breach of Fiduciary Duty regarding issuance and validity of 2012 Series B GO Bonds). *Compare* GO Bonds Objection at 8-10 (specifically identifying the 2012 Series A GO Bonds, 2012 Series B GO Bonds, and 2014 GO Bonds as invalidly issued in violation of the Commonwealth's constitutional debt service limit or balanced budget clause).[6]

---

[6] *See also* Compl. ¶ 242 (Count 17, Aiding & Abetting Breach of Fiduciary Duty regarding issuance and validity of 2011 Series D&E GO Bonds); Compl. ¶ 262 (Count 20, Aiding & Abetting Breach of Fiduciary Duty regarding issuance and validity of 2011 Series C GO Bonds); Compl. ¶ 282 (Count 23, Aiding & Abetting Breach of Fiduciary Duty regarding issuance and validity of 2011 Series A GO Bonds); Compl. ¶ 358 (Count
*(cont'd)*

12. Throughout the Complaint, Plaintiffs point to the alleged invalidity of the challenged bonds as evidence of the defendants' alleged misconduct. *See, e.g.*, Compl. ¶ 47 ("[F]rom 2008 through the issuance of the 2014 GO Bonds, the Defendants knowingly participated in bond issuances that were unlawful, that deepened the insolvency of the Commonwealth and that resulted in other harm to the Commonwealth and the other Debtors, including damage to their credit."); Compl. ¶ 133 ("[T]he 2014 GO Bond Underwriters worked with GDB to structure the future debt service payments to avoid a determination that the Constitutional Debt Service Limit was violated.").

13. The Complaint also specifically incorporates the GO Bonds Objection by reference. *See* Compl. ¶ 47 n.4 ("The FOMB and the Committee incorporate by reference herein the Joint Claim Objection and the ERS Claim Objection.").

**RELIEF REQUESTED**

14. By this Motion, the Adversary Defendants seek entry of an order authorizing their participation in, and right to be heard by the Court on, the litigation proceedings relating to the Court's determination of whether the challenged bonds implicated in the Complaint were (or were not) issued in violation of the Commonwealth's constitutional debt service limit and/or balanced budget clause.[7]

_____

*(cont'd from previous page)*

34, Aiding & Abetting Breach of Fiduciary Duty regarding issuance and validity of 2011 Series R PBA Bonds); Compl. ¶ 378 (Count 37, Aiding & Abetting Breach of Fiduciary Duty regarding issuance and validity of 2011 Series S PBA Bonds); Compl. ¶ 398 (Count 40, Aiding & Abetting Breach of Fiduciary Duty regarding issuance and validity of 2011 Series T PBA Bonds); Compl. ¶ 418 (Count 43, Aiding & Abetting Breach of Fiduciary Duty regarding issuance and validity of 2012 Series U PBA Bonds).

[7] The alleged invalidity of Puerto Rico bonds also is an integral element of the claims asserted in another adversary proceeding commenced by the FOMB and Committee against many of the same Adversary Defendants, in connection with the *Adversary Complaints to Avoid and Recover Fraudulent Transfers and to Disallow Claims Pursuant to 11 U.S.C. §§ 502, 544, 548 and 550 and Puerto Rico Law* (Dkt. Nos. 6803 and 6804, the "Avoidance Complaints"). Count 1 of the Avoidance Complaints seeks a declaratory judgment "That Challenged Bonds Were Issued in Violation of Constitutional Debt Limit and Are Null and Void," and further

*(cont'd)*

7

**BASIS FOR RELIEF REQUESTED**

15. The Adversary Proceeding and GO Bonds Objection raise overlapping and common legal issues regarding whether the challenged bonds implicated in the Complaint were (or were not) issued in violation of the Commonwealth's constitutional debt service limit and/or balanced budget clause. These common issues go straight to the heart of the substantial litigation claims asserted against the defendants in the Adversary Proceeding.

16. As a practical matter, any prevailing party involved in the first round of litigation of these common legal issues is likely to argue that the Court's initial determinations are conclusive and should not be revisited in subsequent proceedings, including the Adversary Proceeding. The Adversary Defendants' legal and financial stake in the outcome of these initial determinations is certain and significant, and fits squarely within the courts' broad construction of "parties in interest" for purposes of these proceedings. *See, e.g., In re Savage Indus., Inc.*, 43 F.3d 714, 720 (1st Cir. 1994) ("The term 'parties in interest' encompasses not only entities holding 'claims' against the debtor, but any entity whose pecuniary interests might be directly and adversely affected by the proposed action."); *In re Pub. Serv. Co. of New Hampshire*, 88 B.R. 546, 550 (Bankr. D.N.H. 1988) (the term parties in interest "is to be construed broadly, in order to allow parties affected by a [bankruptcy] case to appear and be heard").[8]

---

*(cont'd from previous page)*

adopts and incorporates by reference the legal arguments contained in the GO Bonds Objection. *See* Avoidance Compl. at 102. With respect to the Avoidance Complaints action, the Court has entered the Order Allowing Motions to Enforce (Dkt. No. 6967), which contemplates that the Adversary Defendants will be dismissed entirely from the Avoidance Complaints action upon providing to FOMB information sufficient to establish that the Adversary Defendants were mere conduits in the alleged avoidable transfers. But, to the extent that the Adversary Defendants (or some subset thereof) remain defendants in the Avoidance Complaints litigation, the same common, overlapping legal issues are present and further support coordination of the Court's determination of these common issues.

[8] *See also In re Johns-Manville Corp.*, 36 B.R. 743, 754 (Bankr. S.D.N.Y. 1984) ("[T]he concept of 'party in interest' is an elastic and broad one designed to give a Court great latitude to insure fair representation of all constituencies impacted in any significant way by a [bankruptcy] case."); 7 Collier on Bankr. ¶ 1109.04 (16th

*(cont'd)*

17. Whether as interested parties or, alternatively, with the Court's permission pursuant to Bankruptcy Rule 2018(a), good cause exists to ensure that the Adversary Defendants have the opportunity to be heard by the Court on these common legal issues. *See* Fed. R. Bankr. P. 2018(a) ("after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter"); *see also, e.g.*, *Order Granting Limited Intervention In Connection With The Financing Motion*, dated Feb. 9, 2018, PROMESA Title III Case No. 17-4780 (Dkt. No. 2449) (authorizing party intervention in Financing Motion proceedings pursuant to Bankruptcy Rule 2018, including participation in evidentiary hearings). The coordination of the Court's determination of these issues also will promote judicial efficiency and avoid duplicative and unnecessary costs and proceedings. Moreover, even if the Court's determination of these issues is not fully dispositive as to the Adversary Proceeding, it is likely to narrow and focus the remaining legal and factual issues.

18. As of the date of this filing, the basic ground rules and procedures that will govern the GO Bonds Objection proceedings remain undetermined. While the threshold procedural issues and the manner of participation of the various parties in interest is yet to be settled, the Adversary Defendants are moving at this time to ensure they have a sufficient opportunity to preserve their rights and protect their substantial legal and financial stake in the outcome.[9] At a minimum, the Adversary Defendants anticipate their participation will include briefing and

_____
*(cont'd from previous page)*
ed. 2016) ("A fundamental purpose of section 1109(b) is to grant any party with a financial stake in the case the right, at the party's election, to participate…").

[9] As of the date of this filing, the anticipated legal and factual disputes to be heard in connection with the GO Bonds Objection proceedings have not yet been determined. The Adversary Defendants reserve all rights with respect to their participation in any legal and factual disputes common to the Adversary Proceeding that may be raised in connection with the GO Bonds Objection or other proceedings.

9

argument on the common legal issues central to the Adversary Proceeding and the GO Bonds Objection, and to the extent necessary, a role in the development of the fact and expert evidentiary record before the Court and the preservation of associated appellate rights.

19. Here, where the Complaint was not filed until after the GO Bonds Objection Participation Deadline had passed, the GO Bonds Objection proceedings remain in their nascent stages, and the Adversary Defendants' interests in the outcome is clear, good cause exists to authorize the Adversary Defendants to participate in the determination of the overlapping and common legal issues regarding whether the challenged bonds implicated in the Complaint were (or were not) issued in violation of the Commonwealth's constitutional debt service limit and/or balanced budget clause.

## CERTIFICATION OF COUNSEL

20. The undersigned counsel certifies that before filing this Motion, the moving Adversary Defendants contacted counsel for the FOMB and Committee and held multiple meet and confer discussions seeking to reach agreement on the matters set forth herein. The parties were unable to reach consensus and the Adversary Defendants were compelled to file the Motion.

## RESERVATION OF RIGHTS

21. The Adversary Defendants expressly reserve all rights, claims, arguments, defenses, and remedies with respect to the Complaint, the GO Bonds Objection, and all other proceedings regarding the Court's determination of whether the challenged bonds implicated in the Complaint were (or were not) issued in violation of the Commonwealth's constitutional debt service limit and/or balanced budget clause.

# CONCLUSION

22. The Adversary Defendants respectfully request that the Court approve the Motion and grant such other and further relief as may be just and proper.

Dated: June 28, 2019

SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, P.S.C.

/s/ Ángel E. Rotger-Sabat
Luis N. Saldaña-Román
USDC-PR No. 208001
Ángel E. Rotger-Sabat
USDC-P.R. No. 208601
166 Avenida de la Constitución
San Juan, Puerto Rico 00901
Telephone: 787-289-9250
Facsimile: 787-289-9253
E-mail: lsaldana@scvrlaw.com
E-mail: arotger@scvrlaw.com

*Counsel for Morgan Stanley & Co. LLC*

McCONNELL VALDÉS LLC

/s/ Roberto C. Quiñones-Rivera, Esq.
Roberto C. Quiñones-Rivera, Esq.
USDC-PR Bar No. 211512
270 Muñoz Rivera Avenue
Hato Rey, Puerto Rico 00918
Telephone: (787) 250-2631
Facsimile: (787) 759-9225
E-mail: rcq@mcvpr.com

*Counsel for Barclays Capital Inc., RBC Capital Markets, LLC, Samuel A. Ramirez & Co., Inc., Scotiabank de Puerto Rico, and UBS Financial Services Inc. of Puerto Rico*

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

/s/ Julie E. Cohen
Julie E. Cohen (P*ro Hac Vice*)
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
E-mail: julie.cohen@skadden.com

*Counsel for Morgan Stanley & Co. LLC*

BOBONIS, BOBONIS & RODRIGUEZ POVENTUD

/s/ Enrique G. Figueroa-Llinás
Enrique G. Figueroa-Llinás
USDC No. 201709
129 de Diego Ave.
San Juan, Puerto Rico 00911-1927
Telephone: (787) 725-7941
Facsimile: (787) 725-4245
E-mail: efl@bobonislaw.com

*Counsel for Merrill Lynch, Pierce, Fenner & Smith Inc. (successor to Banc of America Securities LLC) and Merrill Lynch Capital Services, Inc.*

ANTONETTI MONTALVO & RAMIREZ COLL

/s/ José L. Ramírez-Coll
José L. Ramírez-Coll
USDC-PR No. 221702
P.O. Box 13128
San Juan, PR 00908
Tel: (787) 977-0312
Fax: (787) 977-0323
E-mail: jramirez@amrclaw.com

*Counsel for J.P. Morgan Securities LLC*

GOODWIN PROCTER LLP

/s/ Brian E. Pastuszenski
Brian E. Pastuszenski (*Pro Hac Vice*)
Charles A. Brown (*Pro Hac Vice*)
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Facsimile: (212) 355-3333
E-mail: BPastuszenski@goodwinlaw.com
E-mail: CBrown@goodwinlaw.com

*Counsel for Goldman Sachs & Co. LLC*

11

McGUIRE WOODS

/s/  E. Andrew Southerling
E. Andrew Southerling (*Pro Hac Vice* Admission Pending)
2001 K Street N.W., Suite 400
Washington, DC 20006-1040
Telephone: (202) 857-1700
Facsimile: (202) 857-1737
E-mail:  asoutherling@mcguirewoods.com

-and-

Aaron G. McCollough (*Pro Hac Vice* Admission Pending)
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
Telephone: (312) 849-8256
Facsimile : (312) 698-4522
E-mail: amccollough@mcguirewoods.com

*Counsel for Jefferies LLC and BMO Capital Markets GKST, Inc.*


MURPHY & MCGONIGLE PC

/s/  Andrew J. Melnick
Andrew J. Melnick (*Pro Hac Vice* Admission Pending)
Cameron S. Matheson (*Pro Hac Vice* Admission Pending)
Daniel M. Payne (*Pro Hac Vice* Admission Pending)
1185 Avenue of the Americas
Floor 21
New York, NY 10036
Telephone: (212) 880-3580
E-mail:  amelnick@mmlawus.com
E-mail:  cmatheson@mmlawus.com
E-mail:  dpayne@mmlawus.com

*Counsel for Scotiabank de Puerto Rico*


KAYSER & REDFERN, LLP

/s/  Leo Kayser III
Leo Kayser III  (P*ro Hac Vice*)
515 Madison Avenue
New York, NY 10022
Telephone: 212-935-5057
E-mail:  lkayser@515law.com

*Counsel for Samuel A. Ramirez & Co., Inc.*


WINSTON & STRAWN LLP

/s/  Jennifer L. Malin
Jennifer L. Malin (*Pro Hac Vice*)
Carrie V. Hardman (*Pro Hac Vice*)
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: jmalin@winston.com
E-mail: chardman@winston.com

-and-

Joseph L. Motto  (*Pro Hac Vice* Admission Pending)
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
E-mail: jmotto@winston.com

*Counsel for Merrill Lynch, Pierce, Fenner & Smith Inc. (successor to Banc of America Securities LLC) and Merrill Lynch Capital Services, Inc.*


CHAPMAN AND CUTLER LLP

/s/  James M. Heiser
James M. Heiser (P*ro Hac Vice*)
Bryan E. Jacobson (P*ro Hac Vice*)
111 West Monroe Street
Chicago, IL 60603-4080
Telephone: (312) 845-3000
Facsimile: (312) 701-2361
E-mail:  heiser@chapman.com
E-mail:  bjacob@chapman.com

*Counsel for Mesirow Financial, Inc.*


SKADDEN, ARPS, SLATE MEAGHER
& FLOM LLP

/s/  Paul J. Lockwood
Paul J. Lockwood (*Pro Hac Vice* Admission Pending)
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
Telephone.:  (302) 651-3000
Facsimile:  (302) 651-3001
E-mail:  paul.lockwood@skadden.com

*Counsel for UBS Financial Services Inc. of Puerto Rico*

| | |
|---|---|
| NAVARRO-CABRER LAW OFFICES | MORELL, CARTAGENA & DAPENA LLC |
| /s/  Nilda M. Navarro-Cabrer<br>Nilda M. Navarro-Cabrer<br>USDC-PR No. 201212<br>El Centro I, Suite 206<br>500 Muñoz Rivera Ave.<br>San Juan, Puerto Rico 00918<br>Telephone:  (787) 764-9595<br>Facsimile:  F. 787.764.7575<br>E-mail:  navarro@navarrolawpr.com<br><br>*Counsel to Jefferies LLC and BMO Capital Markets GKST, Inc.* | /s/ Ramón E. Dapena<br>Ramón E. Dapena<br>USDC-PR No. 125005<br>Iván Lladó<br>USDC-PR No. 302002<br>PO Box 13399<br>San Juan, Puerto Rico 00908<br>Telephone:     787.723.1233<br>Facsimile:      787.723.8763<br>Email: ramon.dapena@mbcdlaw.com<br>Email:  ivan.llado@mbcdlaw.com<br><br>*Counsel for Goldman Sachs & Co. LLC* |
| COTO & ASSOCIATES | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| /s/  Ramón Coto-Ojeda<br>Ramón Coto-Ojeda (USDC-PR No. 202006)<br>Arianna Shokooh-Fermaintt (USDC-PR No. 301406)<br>MCS Plaza, Suite 800<br>255 Ponce de León Avenue<br>San Juan, Puerto Rico 00917<br>PO Box 71449<br>San Juan, PR  00936-8549<br>Telephone: (787) 756-9640<br>Facsimile:   (787) 756-9641<br>E-mail:  rco@crlawpr.com<br>E-mail:  asf@crlawpr.com<br><br>*Counsel for Mesirow Financial, Inc.* | /s/  Robert Stern<br>Robert Stern (*pro hac vice*)<br>Tiffany Rowe (*pro hac vice*)<br>Columbia Center<br>1152 15th Street, N.W.<br>Washington, D.C. 20005-1706<br>Telephone:  (202) 339-8400<br>E-mail:  RStern@orrick.com<br>E-mail:  TRowe@orrick.com<br><br>Lorraine McGowen (*pro hac vice pending*)<br>The CBS Building<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone:  (212) 506-5000<br>E-mail:  LMcgowen@orrick.com<br><br>*Counsel for RBC Capital Markets, LLC* |