## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| AMBAC ASSURANCE CORPORATION<br><br>    Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Respondent. | **Re: ECF No. 7176** |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (*i*) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (*ii*) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (*iii*) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (*iv*) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (*v*) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**URGENT MOTION OF THE FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD FOR
LEAVE TO FILE A SINGLE COMBINED RESPONSE OF
NO MORE THAN 55 PAGES IN OPPOSITION TO AMBAC
ASSURANCE CORPORATION'S MOTION CONCERNING
APPLICATION OF THE AUTOMATIC STAY [ECF No. 7176] AND
<u>FINANCIAL GUARANTY INSURANCE COMPANY'S JOINDER [ECF No. 7546]</u>**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>" or "<u>FOMB</u>"), as sole representative of Debtor and Respondent the Commonwealth of Puerto Rico (the "<u>Commonwealth</u>" or the "<u>Debtor</u>") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("<u>PROMESA</u>"),[2] respectfully submits this urgent motion (the "<u>Urgent Motion</u>"), requesting the entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "<u>Proposed Order</u>"), allowing the Oversight Board to exceed the thirty-five (35) page limit set forth in the *Ninth Amended Notice, Case Management and Administrative Procedures* [ECF No. 7115-1] (the "<u>Case Management Procedures</u>") ¶ I.E and file a single combined response on <u>July 3, 2019</u> of no more than fifty-five (55) pages (exclusive of the cover page, the table of contents, the table of authorities, the signature page, exhibits, and the certificate of service) in opposition (the "<u>Opposition</u>") to *Ambac Assurance Corporation's Motion and Memorandum of Law in Support of Its Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7176] (the "<u>Motion</u>"), filed by Movant Ambac Assurance Corporation ("<u>Ambac</u>"), and *Financial Guaranty Insurance Company's Joinder in Ambac's Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7546] (the "<u>FGIC Joinder</u>"), filed by Financial Guaranty Insurance Company ("<u>FGIC</u>" and together with Ambac, the "<u>Movants</u>").

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Counsel for the Oversight Board conferred with counsel for Ambac and FGIC regarding the Urgent Motion. Ambac and FGIC have advised the Oversight Board that they intend to oppose the relief requested in the Urgent Motion and request, alternatively, that should the Court grant the Urgent Motion, Ambac be granted up to 15 additional pages for its reply. The Oversight Board does not oppose Ambac's request for 15 additional pages.

## Jurisdiction and Venue

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the action arises under PROMESA, a federal statute, and pursuant to PROMESA §§ 106(a) and 306(a)(2).

2. Venue is appropriate in this District under PROMESA §§ 106(a) and 307, and 28 U.S.C. § 1391.

## Background

3. On May 30, 2019, Ambac filed the Motion seeking an order either (1) finding the automatic stay does not apply to certain actions it wishes to continue related to Puerto Rico Infrastructure Financing Authority ("PRIFA") bonds, or, in the alternative, (2) (a) lifting the automatic stay allowing Ambac to pursue those actions, or (b) ordering the Commonwealth to provide adequate protection payments.

4. On June 4, 2019, the Court set a briefing schedule for Ambac's Motion concerning the application of the automatic stay and ordered oral argument as part of the July Omnibus Hearing in San Juan on July 24, 2019. [ECF No. 7215].

5. On June 6, 2019, the Oversight Board filed an Urgent Motion to Dismiss Ambac's Motion concerning application of the automatic stay for lack of subject matter jurisdiction and for failure to state a claim. [ECF No. 7262] (the "Motion to Dismiss"). The Court denied without prejudice the Motion to Dismiss, preferring to have the standing issue raised in the opposition. *See*

*Order Denying Oversight Board's Urgent Motions with Respect to Ambac Assurance Corp.'s Motion Concerning Application of the Automatic Stay* [ECF. No. 7324.].

6. On June 7, 2019, after the Oversight Board and Ambac submitted a *Joint Status Report* [ECF No. 7347], the Court issued an *Order Regarding Argument and Discovery in Connection with Ambac Assurance Corporations' Motion Concerning Application of the Automatic Stay* [ECF No. 7420], limiting the scope of the July 24, 2019 hearing (and thus the briefing) to "the legal issues of standing and secured status only" with "[f]actual submissions…limited to legal documents (statutes, agreements and the like) relevant to the parties' standing and collateral security arguments."

7. Two weeks later, on June 21, 2019, FGIC filed the FGIC Joinder in Ambac's Motion. Although the FGIC Joinder is six pages long, it asserts additional facts, and raises new issues—including arguments that go to the threshold standing issues raised in the Oversight Board's Motion to Dismiss—not present in the Motion filed by Ambac 22 days earlier. Accordingly, in addition to fully incorporating the standing arguments in its Motion to Dismiss, the Oversight Board must supplement its arguments to address the new issues and factual landscape resulting from FGIC's joinder.

## **Relief Requested**

8. Paragraph I.E. of the Case Management Procedures provides that "[u]nless prior permission has been granted … memoranda of law in support of motions or Objections are limited to thirty-five (35) pages…." Case Management Procedures ¶ I.E.

9. In the interest of efficiency and for the convenience of the Court, the Oversight Board would prefer to file a single combined response, rather than two separate objections, in opposition to the Motion and the arguments raised in the FGIC Joinder.

10. The Oversight Board respectfully submits that filing an omnibus opposition brief fully incorporating the threshold standing arguments in the Motion to Dismiss, supplementing such arguments to account for the issues raised in the FGIC Joinder, adequately responding to Movants' legal arguments, providing the Court with all relevant "legal documents (statutes, agreements and the like) relevant to the parties' standing and collateral security arguments,"[3] and briefing the factual and legal reasons why the relief requested in the Motion and the FGIC Joinder should be denied, requires no fewer than 55 pages—20 pages more than the 35 page limit for briefs contained in paragraph I.E. of the Case Management Procedures.

11. Accordingly, the Oversight Board respectfully requests leave to file an omnibus opposition not to exceed 55 pages, exclusive of the cover page, the table of contents, the table of authorities, the signature page, exhibits, and the certificate of service.

12. The Oversight Board submits that the request made herein is reasonable in light of the circumstances described above.

13. Pursuant to Section I.H. of the Case Management Procedures, undersigned counsel certifies that it has engaged in reasonable, good-faith communications with counsel to other interested parties. Moreover, in accordance with Local Bankruptcy Rule 9013-1(a)(2), undersigned counsel certifies that counsel has carefully examined the matter and concluded that there is a true need for expedited consideration of the Urgent Motion, and that the Oversight Board has not created the urgency through lack of due diligence on its part. The undersigned further certifies that the Oversight Board made a bona fide and good faith effort to resolve the matter without a hearing.

---

[3] Significantly, the Oversight Board dedicates numerous pages of its opposition to providing full citations of the relevant provisions from statutes and the Trust Agreement that are necessary to evaluate the merits of the Motion.

**No Prior Request**

14. Finally, no prior request for the relief sought in this Urgent Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Oversight Board respectfully requests the Court enter the Proposed Order attached as **Exhibit A**, granting the relief requested herein and all other relief as is just and proper.

Dated: July 1, 2019                                             Respectfully submitted,

San Juan, Puerto Rico

                                                                 */s/ Hermann D. Bauer*
                                                                  Hermann D. Bauer
                                                                  USDC No. 215205
                                                                  **O'NEILL & BORGES LLC**
                                                                   250 Muñoz Rivera Ave., Suite 800
                                                                  San Juan, PR 00918-1813
                                                                  Tel: (787) 764-8181
                                                                  Fax: (787) 753-8944
                                                                  Email: hermann.bauer@oneillborges.com

                                                                  */s/ Martin J. Bienenstock*
                                                                  Martin J. Bienenstock*
                                                                  Brian S. Rosen*
                                                                  Jeffrey W. Levitan*
                                                                  Ehud Barak*
                                                                  Daniel S. Desatnik*
                                                                  **pro hac vice*
                                                                  **PROSKAUER ROSE LLP**
                                                                  Eleven Times Square
                                                                  New York, NY 10036
                                                                  Tel: (212) 969-3000
                                                                  Fax: (212) 969-2900
                                                                  Email: mbienenstock@proskauer.com
                                                                                       brosen@proskauer.com
                                                                                       jlevitan@proskauer.com
                                                                                       ebarak@proskauer.com
                                                                                       ddesatnike@proskauer.com

                                                                  *Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/Hermann D. Bauer*
Hermann D. Bauer

# **EXHIBIT A**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| AMBAC ASSURANCE CORPORATION<br><br>Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Respondent. | **Re: ECF No. 7176** |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (*i*) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (*ii*) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (*iii*) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (*iv*) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (*v*) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**[PROPOSED] ORDER GRANTING
URGENT MOTION OF THE FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD FOR
LEAVE TO FILE A SINGLE COMBINED RESPONSE OF
NO MORE THAN 55 PAGES IN OPPOSITION TO AMBAC
ASSURANCE CORPORATION'S MOTION CONCERNING
APPLICATION OF THE AUTOMATIC STAY [ECF No. 7176] AND
FINANCIAL GUARANTY INSURANCE COMPANY'S JOINDER [ECF No. 7546]**

Upon consideration of the *Urgent Motion of the Financial Oversight and Management Board for Leave to File a Single Combined Response of no More Than 55 Pages in Opposition to Ambac Assurance Corporation's Motion Concerning Application of the Automatic Stay [ECF No. 7176] and Financial Guaranty Insurance Company's Joinder [ECF No. 7546]* (the "Urgent Motion");[2] and it appearing that (i) the Court has jurisdiction over the Urgent Motion pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); (ii) venue of this proceeding and the Urgent Motion is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); (iii) notice of the Urgent Motion was adequate and proper under the circumstances and that no further or other notice need be given; and after due deliberation and sufficient cause appearing therefor, It is hereby **ORDERED** that:

1. The Urgent Motion is **GRANTED** as set forth herein.

2. The Oversight Board may file one omnibus Opposition not to exceed fifty-five (55) pages, exclusive of the cover page, the table of contents, the table of authorities, the signature page, exhibits, and the certificate of service.

3. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: July __, 2019                    SO ORDERED:

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Urgent Motion.

_____
Honorable Laura Taylor Swain
United States District Judge