UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO
BANKRUPTCY COURT

| | |
|---|---|
| INRE:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO, ET ALS<br>DEBTORS | PROMESA TITLE III<br>NUM. 17BK3283-RTS |



## MOTION TO LIFT AUTOMATIC STAY AND/OR TO ASK THE COURT THAT IT IS NOT APPLICABLE IN THIS CASE

Comes now the movant party Hiram Pérez-Soto Pro Se and respectfully alleges and prays to the Honorable Bankruptcy Court as follows:

1. On May 3, 2017 the Oversight Board filed under Section 315 B of Promesa representing the Commonwealth of Puerto Rico for bankruptcy under Title III of the aforesaid act.

2. Section 362 of the Bankruptcy code was made applicable by Section 301 of Title III of Promesa. Under Section 362 1A an automatic stay is granted so that commencement of judicial proceedings against the Commonwealth of Puerto Rico is stayed.

1

3. The appearing party filed a complaint in that case in the United States District Court against Judges of the Supreme Court, Intermediate Appeals Court, Court of First Instance of San Juan and Humacao, lawyers of the Solicitor General Office, directors of the Judicial Administration and private parties under Section 1983 42 USCA. In the complaint the appearing party pleaded that his constitutional rights to file ethical charges against Judges with reasonable basis and respect, see Holt v. Virginia 381US25; InRe Little 404US533 were violated. Also, that his right to a fair and impartial forum, see Capperton v. ATMassey June 2009 US Supreme Court was also violated. Plaintiff was disbarred in a conclusory way by the Supreme Court of Puerto Rico. A Commissioner was named by the Supreme Court. The proceedings before the Commissioner was devoid of due process, see InRe Ruffalo 390US544. The appearing party couldn't even cross examine witness and read the complaint against him to try to refute with specific facts the ethical complaint filed against him. Also numerous sanctions, dismissals of claims in an inheritance case HSCI2007-01040 Court of First Instance of Humacao in which the appearing party was a plaintiff were arbitrarily imposed and dismiss in a bias way. The private parties named as a defendant in that case were the adversary lawyers in the inheritance case filed in the Court of First Instance of Humacao HSCI2007-01040. It was

2

pleaded that those lawyers colluded and conspired with Judges by using the ethical charges that I filed to incite the hostility and bias of Judges against me. In that case I asked for declaratory judgment and injunction to void sanctions and judgments made against me by bias Judges. I also wanted to void my disbarment which was made in violation of my right of free speech and fair forum and in a proceeding in which no due process of Law was observed. It should be pointed out that the remedies of declaratory judgment and injunction cannot cause any money damages to the Commonwealth of Puerto Rico. The damages that I pleaded were against the private parties that don't have any immunity under Section 1983 when they colluded with Judges which decided to dismiss claims and impose sanctions on me in a bias way, see <u>Tower v. Glover 467US914 (1984).</u> I also asked for damages against the Directors of Judicial Administration because they didn't supervised Judges, some of them were taken out of the case for egregiously wrong decisions, see <u>City of Oklahoma v. Tuttle 475US808 (1985); Farmer v. Brennan 114Supreme Court 1970</u> no measures were taken to transfer the case to another Court and to warn Judges that they couldn't take reprisals against me when I filed ethical charges and recusal motions with reasonable basis and with respect, see <u>InRe Little, supra.</u> I also asked for damages against the lawyer of the Solicitor General Office because in the

3

investigation of the complaint filed against me they were bias, see <u>Burns v. Reed 500US478 (1999).</u> Finally I asked damages against Judges in a contingent way. I recognize that Judges have judicial immunity under Section 1983 when they decide cases with jurisdiction, see <u>Stump v. Sparkman 502US93.</u> It has never been decided whether Congress had the intention of giving judicial immunity to Judges of territories or jurisdiction under the US flag and sovereignty when those jurisdiction didn't have the doctrine of common Law of judicial immunity. Section 1983 was approved in 1872. Puerto Rico was acquired in 1898. Also I pleaded that when there is a widespread conspiracy of Judges there should not be judicial immunity. This could be a new development under the Law. Finally I pleaded that under the doctrine of pendent jurisdiction the Law of Puerto Rico could be applied in the Federal Court. In the case of <u>Rondón v. Fernández 105DPR368</u> Judges of Puerto Rico can be held responsible in damages if there is a prior criminal conviction or judgment in which they are dismissed or impeached from office.

4. As it can be seen my complaint in that case asked for declaratory and injunctive relief and for damages. Some of the damages against Judges I recognize that they are contingent as before explained. The declaratory and injunctive relief that I asked in this case do not entail damages to

4

government or former government officials of the Commonwealth of Puerto Rico. Also the damages that I asked doesn't causes that the government of the Commonwealth of Puerto Rico will have to pay those damages automatically. The defendants in this case that are government or former government officials, private parties could be held responsible in damages. Sanctions, fines and judgments imposed against me could be voided. This will not cause any automatic damages or obligation to pay for those damages to the government of the Commonwealth of Puerto Rico. Under <u>Law 9 of the Commonwealth of Puerto Rico 32LPRASection3085 et seq</u>. the Secretary of Justice of the Commonwealth of Puerto Rico has decided to give legal representation to government or former government officials that are sued under Section 1983. This was informed to me by a lawyer of the Department of Justice of the Commonwealth of Puerto Rico. Under Law 9 the Secretary of Justice decided to give legal representation to government or former government officials, she decided that they acted in good faith. Under Law 9, see <u>32LPRASection385 et seq</u>. Additionally if any judgment imposing in damages under Section 1983 is made by this Court the Secretary of Justice of the Commonwealth of Puerto Rico must decide that the defendants represented acted in good faith to pay those damages by the Commonwealth government in behalf of the defendant represented. If the

5

Secretary of Justice of the Commonwealth of Puerto Rico decides there was bias, intention to harm and violate constitutional rights or gross negligence she must decide that no payment will be made. As we can see any damages that could be imposed on private parties in this case doesn't cause that the Commonwealth government could pay for those damages. Plaintiff is willing to desist without prejudice any claim of damages against government or former government officials, in this way only injunctive and declaratory relief can be decided against the parties represented by the Commonwealth of Puerto Rico. In this situation we believe the Commonwealth government cannot give any legal representation to government or former government officials. The principal purpose of plaintiff in this case is to void my disbarment, to void the fines, judgment and rulings made against me by bias Judges. Also to obtain declaratory judgment that Judges including the Supreme Court refuse to decide that a judgment was res judicata. They refused to decide motions in which I asked for the voidance of rulings and judgments against me. They left intact decisions that were clearly and egregiously wrong, see <u>InRe Honorable Díaz García 158DPR895; InRe King 568NE2d588</u>. In the cases of <u>Betancourt Rivera v. Vázquez Garced 314 FedSupp 3rd 367; Vázquez Carmona v. Department of Education 255FedSupp3d298; Atiles Gabriel v. Commonwealth 256 Fed Supp 3d 122</u>

6

it was decided that actions that seek injunctive and declaratory relief rather than money damages the automatic stay is not applicable. I am willing to desist without prejudice of any damage claim against government or former government officials. In this way the automatic stay of Section 361 A will be inapplicable. It should be pointed out that Law 9 will be inapplicable because no damages could be imposed under Section 1983 to government or former government officials. If this Court decides that those defendants in a bias way with intention violated the constitutional rights of the appearing party then in that situation plaintiff will decide whether to file criminal charges under 18USCA242, 243. Only the private parties included in this case as defendants will be subject to damages. The decision to desist without prejudice of damages against government or former government officials will be made by me. I believe this Court must decide whether Section 362 B4 which was also incorporated by Promesa isn't applicable. We believe that section could be applicable. If that section is decided by this Court that is applicable damages to government or former government officials can be imposed but not subject to execution. Furthermore if this Court decides that Section 362 B4 is not applicable then I will desist without prejudice as before explained. Under either of those two circumstances the case cannot be stay. If it is decided that Section 362 B4 is not applicable and

7

I desist without prejudice as before explained no legal representation can be given by the Commonwealth of Puerto Rico to government or former government officials. If the Court decides that Section 362 B4 is applicable even if there is legal representation by the Commonwealth the case is not subject to an automatic stay. It should be clarified that the damages I asked against Judges for their decisions in a judicial capacity damages could be imposed in a contingent way as explained in the complaint. Decisions made in administrative capacity by the Judicial Administrators and Chief Judges for refusing to discipline Judges do not have judicial immunity whatsoever. The same doctrine is applicable to the lawyers of the Solicitor General Office who acted as prosecutors in the investigative phase. Finally, private parties who conspire with Judges do not have immunity. The case against this last defendants cannot be paralyzed or stayed under any circumstances. In the case of <u>Bentancout Rivera v. Vázquez Garced, supra</u> it was decided that the Federal Court in which the complaint is filed has jurisdiction to decide whether it is subject to the automatic stay. I am also filing a motion in this case to relief from the stay and to comply with the third amendment notice case management administrative procedure.

5. Under Section 362 B4 which was incorporated from the bankruptcy Law in Promesa there is an exception to the automatic stay when there is an action

8

to enforce a governmental unit's or organization's police and regulatory power including the enforcement of a judgment other than a money judgment obtained in an action or proceeding. In the cases of <u>InRe Commonwealth 913F2d518; NLRB v. Evan Plumbing 639F2d291; Fevc v. Rot Packing 787F2d318</u> it was decided that section 362 B4 is applicable in any case in which the government unit is trying to protect rights granted by statutes this includes employment discrimination and former proceeding for reinstatement of employees with back pay. Also the exception under 362 B4 of the automatic stay include action for damages in which the judgment includes damages and injunctive and declaratory relief. Section 362 B4 provides an exception to automatic stay to permit an injunction and enforcement of an injunction and permits the entry of a money judgment but doesn't extend to permit the enforcement of a money judgment. In other words, a money judgment can be entered only the enforcement of a money judgment is stayed, see <u>Penn Terra v. Department 733F2d267; Commonwealth of Massachusetts v. First Align Mortgage 263BR99</u>. It should be pointed out that in the case <u>NLRB v. Evans Plumbing Company, supra</u> it was an enforcement proceeding for reinstatement of employees with back pay. The back pay obviously will be an amount of money that will benefit a private party. That judgment for an amount of money can be

entered but only its enforcement will be stayed. The fact that under Section 1983 plaintiffs are private parties doesn't make any difference because the judgment will be enforced by the Federal Court pursuant to a police or regulatory power in this case to prohibit the violation of rights secured by the Constitution of Laws of the United States under Section 1983. Federal Courts are a government units, also local Court are a government units. The important point is that a government units as provided in Section 362 B4 is trying to enforce police or regulatory power. This could be environmental damages, discrimination in employment, violation of minimum wage and others. Only claims of breach of contract, tort, collection of money and purely private actions by private claimant are excepted from Section 362 B4. It can be argued that under Section 362 B4 police and regulatory power consisting in preventing and redressing federal constitutional and federal statutory violations are allowed under that Section because Section 1983 is applicable. The government unit will be the same Federal Court with statutory authority to enforce the judgments.

6. In the case <u>InRe Commonwealth, supra</u> it was stated that 362 B4 doesn't apply to a private party to enforce its contractual rights. See <u>InRe Corporación Medicos Hospitalarios de Fajardo 805F2d440</u>. That is 362 B4 doesn't apply to a lawsuit private party seeking a remedy for a private

10

contract breach. There must be a police or regulatory power of the government. In this case is a suit by a private person asking for remedies and protection for a breach of its constitutional rights provided by a Law of Congress Section 1983. As before explained plaintiff is asking for declaratory and injunctive relief. This are clearly covered by Section 362 B4. Plaintiff is asking for damages. The damages will be paid by government or former government officials if the Commonwealth decides not to pay those damages. It should also be clarified that there is no vicarious liability or respondent superior liability of the Commonwealth government because of negligent, grossly negligent or intentional acts of its employees, see <u>Monell v. Department of Social Services 436US658 (1978); City of Los Angeles v. Heller 475US796.</u> Furthermore if the Secretary of Justice of the Commonwealth of Puerto Rico decides that the act of the government officials were grossly negligent or intentional and not in good faith it must refuse to pay any damages imposed by a judicial judgment or decree. In the case of <u>InRe Commonwealth 805F2d1175</u>. It was stated that Section 362 B5 that section was eliminated by Congress but a similar provision was put in place in 362 B4. It was made clear that the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment but doesn't extend to permit

11

enforcement of a money judgment. Suit to enforce a NLRB order awarding back pay was not subject to automatic stay by virtue of 362 B5. The enforcement of the money judgment by the Federal Court is subject to the stay, see <u>Ahrens Aircraft Inc. v. NLRB 703F2d23.</u> So even if the beneficiary of the damages are private parties 362 B4 applies. Damages can be imposed but they cannot be enforced. The important point is that there must be an exercise of police and/or regulatory power of a government entity. When a private party files a suit under Section 1983 it is exercising police and regulatory power of a government entity the Federal Courts. It is trying to protect federal constitutional rights or federal statutory rights. Whatever judgment is obtained is enforced to the authority of a governmental entity the Federal Courts.

7. The case of <u>Penn Terra v. Department Environmental Resources 733F2d267</u> states that the fact that an injunction may require the payment or expenditure of money doesn't necessarily forecloses the possibility of equitable relief. It is not unusual for a defendant in equity to expend money in order to obey or perform the act mandated by the Judge which by their terms compels expenditures of money. In other words, the fact that the defendant in defending himself from the suit must incur in cost of litigation that doesn't mean that those cost are a form of money judgment. It doesn't defeats the

lifting the stay. Money judgments seeks compensation for past damages or prevention of future harm. In order for a money judgment to exist there must be identification of the parties for or against whose judgment is entered and a definite and certain designation of the amount which plaintiff is owed by defendant. It need not in generally doesn't contain provision for its enforcement. See also <u>InRe Commonwealth 805F2d1175; Penn Terra, supra</u>. In other words, the expenses incurred by a defendant in the litigation or in complying with the injunction is not a proscribed money judgment. Section 362 B4 provides for an exception to the automatic stay when a governmental unit tries to enforce a police or regulatory power. The injunction or equitable relief are excepted from the automatic stay. Any money judgment is not subject to the automatic stay but only prevents its execution. Also expenses incurred in litigation are not money judgments doesn't defeat the lifting of the automatic stay. In this case whatever expenses incurred by the Commonwealth of Puerto Rico in giving legal representation to government or former government officials doesn't qualify as a money judgment. It can be stated that the Department of Justice of the Commonwealth of Puerto Rico only incur in fixed costs when using government attorneys. Under the present circumstances the Commonwealth of Puerto Rico shouldn't contract outside counsel. If it does, it doesn't

13

qualify as previously explained as a money judgment that could defeat the lifting of the automatic stay.

8. In the case of <u>InRe Mohawk Greenfield Motel Corporation 239BR1</u> it was stated that Section 362 B4 and the abrogated 362 B5 are practically the same. Any cases construing B5 is the same for B4. In that case it was stated that notwithstanding the breadth of the automatic stay enforcement of a governmental unit's police or regulatory power is excepted under 362 B4. <u>This exception ensures that the bankruptcy system doesn't become a heaven for debtors improperly seeking refugee under the stay in an effort to frustrate necessary government functions and policies</u>. In other words, the automatic stay of 362 A cannot be used to hide violation to public policy established by laws. 362 B4 prevents defendants to use the automatic stay of 362 A to violate public policy established by laws. This is the intention of 362 B4. Whenever there are police or regulatory functions that could be violated 362 B4 applies. Only purely private actions that could be tort, breach of contracts or collection of money by private persons or suits by government to represent those private plaintiffs are excepted from 362 B4. This was the case of <u>Municipality of San Juan v. Puerto Rico 919F3d565.</u> In that case it was stated that if the Federal Government choose to enforce compliance under the Medicaid Act such enforcement would be excepted from the

14

automatic stay. In that case it was a collection of money by a private party. That was the gist or the more important part of that claim. In the case of <u>InRe Mohawk, supra</u> it was stated that a suit in Court asking for damages for employment discrimination the automatic stay doesn't apply due to 362 B4, only the execution of the money judgment are subject to the stay but not the money judgment. It is our contention that a suit under Section 1983 asking for injunction declaratory relief and money damages against defendants, those defendants are private parties and government or former government officials. Section 362 B4 is applicable. The private party is trying to enforce the public policy behind Section 1983 which prohibits the violation of federal constitutional rights or federal statutory rights made by government employees or private parties in collusion with them. The case of <u>Bentancourt-Rivera v. Vazquez-Garced 314FeddSupp3d367</u> can be distinguished from the facts of this case. In that case plaintiff were asking for declaratory, injunctive relief and damages. The Secretary of Justice of the Commonwealth intervened under Law 9 to give legal representation to the defendants government officials. No arguments were made under Section 362 B4. For that reason the automatic stay was made applicable. As before explained the Secretary of Justice of the Commonwealth of Puerto Rico cannot give legal representation under Law 9 when plaintiff under

15

Section 1983 is only asking for declaratory and injunctive relief and not damages against government or former government officials. If this Court decides that government or former government officials acted in bad faith when those government officials didn't acted in a judicial capacity with no judicial immunity and if the Secretary of Justice decides that the judgment is correct no damages will be paid by the government of the Commonwealth of Puerto Rico.

9. It should be pointed out that if the appearing party obtains a declaratory or injunction relief the result would be that my disbarment will be voided, that numerous sanctions imposed against me will be voided, that some of the judgments made against me will be voided. In all of those instances there would be no liability whatsoever to the Commonwealth government. As before stated Section 362 A cannot be used to hide illegal actions by defendants. We pleaded that Judges of the Supreme Court, Intermediate Appeals Court, Court of First Instance, private parties conspired to violate the right of free speech of the appearing party to file ethical complaints against Judges and lawyers with reasonable basis and with respect, see InRe Little, supra. Furthermore the declaratory and injunctive and damages remedies we ask in the Federal Court are directed against government officials, former government officials and private parties in which there is no

16

liability whatsoever of the Commonwealth government because of the Doctrine of Respondent Superior is not applicable in Section 1983 actions, see <u>Monell, supra</u>. If plaintiff only prove good faith violation of constitutional rights by the defendants the appearing party will lose the case. If the appearing party proves that there was gross negligence or intentional violation of constitutional rights and the Secretary of Justice of the Commonwealth of Puerto Rico decide that this is correct then the Commonwealth government cannot pay any damages under Law 9. Additionally it should be stated that any expense on litigation incur by the Commonwealth government when providing legal representation doesn't qualify as a money judgment, see <u>Penn Terra, supra.</u> As before explained if the Court decides that Section 362 B4 isn't applicable plaintiff will desist without prejudice any damage claim against government or former government officials. He will only ask for declaratory and injunctive relief against government and former government officials and the Secretary of Justice of the Commonwealth of Puerto Rico under Law 9 cannot provide any legal representation. In this situation the case cannot be stayed. The claim against the private defendants in which we ask for damages cannot be stayed under any circumstances. I believe that the Secretary of Justice of the Commonwealth should have filed a motion notifying its decision to assume

17

representation under Law 9. The Commonwealth of Puerto Rico is not a defendant. Furthermore as before explained there is no liability of the Commonwealth of Puerto Rico because the Doctrine of Respondent Superior is not applicable under Section 1983, see <u>Monnel, supra.</u> Additionally I respectfully believe that if the Honorable Court stayed the complaint it should have notify it.

**WHEREFORE** it is respectfully requested to this Honorable Court to decide whether Section 362 B4 of the Bankruptcy Code is applicable. If it is applicable the stay must be lifted. Additionally if the Court decides 362 B4 isn't applicable approve the desist without prejudice of any damage claim against government or former government officials. In this situation the case cannot be stay and no legal representation can be given by the Commonwealth of Puerto Rico under Law 9. That the damages claim against private parties must proceed without any stay.

I hereby certify that under the eighth amendment noticed Case Management and Administrative Procedure; I notify Counsel of the Oversight Board Hermann Bauer hermann.bauer@oneillborges.com and Ubaldo M. Fernández Barrera ubaldo.fernandez@oneillborges.com; Counsel for AAFAF Diana M. Pérez dperez@omm.com, Luis C. Marini-Biaggi lmarini@mpmlawpr.com and Carolina

18

Velaz-Rivero cvelaz@mpmlawpr.com; I also filed this motion with the Clerk of the Federal Court in order for them to notify the master list and the claims and noticing agents, see Section E of the Case Management Proceedings.

**HIRAM PEREZ SOTO**

**PRO SE**

*[signature]*

Urb. Villas de Paraná
Calle 11 Bloque S-1#5
San Juan, Puerto Rico 00926
Tel. (787) 731-6573
Cel. (787) 438-6687
Fax (787) 790-9581
E-mail: hperez1057@gmail.com