# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| **HIRAM PEREZ-SOTO , PRO SE**<br>**Plaintiff**<br><br>**VS**<br><br>**JUDGES OF THE SUPREME COURT:**<br>**CHIEF JUDGE MAITE D. ORONOZ**<br>**EDGARDO RIVERA GARCIA**<br>**ANABELE RODRIGUEZ**<br>**ROBERTO FELIBERTI CINTRON**<br>**RAFAEL E. MARTINEZ TORRES**<br>**LUIS ESTRELLA MARTINEZ**<br>**MILDRED G. PABON CHARNECO**<br>**ERICK V. KOLTHOFF CARABALLO**<br><br>**FORMER CHIEF JUDGES OF THE SUPREME COURT:**<br>**FEDERICO HERNANDEZ DENTON**<br>**LIANA FIOL MATTA**<br><br>**JUDGES OF THE APPEALS COURT:**<br>**CARMEN CARLOS CABRERA**<br>**AIDA NIEVES FIGUEROA**<br>**ROBERTO RODRIGUEZ CASILLAS**<br>**TROADIO GONZALEZ VARGAS**<br>**GERMAN BRAU RAMIREZ** | **CIVIL RIGHTS COMPLAINT**<br>**UNDER 48USCA1983**<br>**(JURY TRIAL IS SELECTED)** |

**ANDRES SALAS SOLER
NYDIA COTTO VIVES
EMMALIND GARCIA GARCIA
ALEIDA VARONA MENDEZ
MARIA DEL CARMEN GOMEZ
CORDOVA
GRETCHEN COLL MARTI
NELIDA JIMENEZ VELAZQUEZ
IVELISSE DOMINGUEZ
IRIZARRI
MIGDALIA FRATICELLI
TORRES
BRUNO CORTES TRIGO
HECTOR CORDERO VAZQUEZ
IRENE S. SOROETA KODESH
LAURA IVETTE ORTIZ
FLORES
MISAEL RAMOS TORRES
JUAN R. HERNANDEZ
SANCHEZ
SIGFRIDO STEIDEL FIGUEROA**

**LUIS R. PIñERO GONZALEZ
OLGA E. BIRRIEL CARDONA
FERNANDO J. BONILLA ORTIZ
SIXTO HERNANDEZ SERRANO
SOR DE BORINQUEN CINTRON
CINTRON
CARLOS VIZCARRONDO
IRIZARRI
FELIX R. FIGUEROA CABAN**

**JUDGES OF THE COURT OF
FIRST INSTANCE:
RICARDO MARRERO
GUERRERO
ENRIQUE A. PEREZ ACOSTA
GEORGINA CANDAL
SEGUROLA
ARLEENE SELLEZ GUERRINI**

2

MIGUEL CANCIO VIGAS
ANTONIO NEGRON
VILLARDEFRANCO
ADALGISA DAVILA VELEZ
ISRAEL HERNANDEZ
GONZALEZ
JULIA GARRIGA TRILLO
RUBEN CASTRO RODRIGUEZ
RAFAEL RODRIGUEZ OLMO
MYRNA ESTHER AYALA DIAZ

JUDGES ADMINISTRATORS OF
THE JUDICIAL SYSTEM:
ISABEL LLOMPART ZENO
SONIA IVETTE VELEZ COLON

LAWYERS OF THE OFFICE OF
THE SOLICITOR GENERAL
COMMONWEALTH OF
PUERTO RICO:
AMIR CRISTINA NIEVES
VILLEGAS
IVONNE CASANOVA PELOSSI
CLAUDIA ROSA RAMOS
MINNIE H. RODRIGUEZ LOPEZ

COUNSELORS FOR THE
DEFENDANTS:
PATRICIA CORDERO
ALCARAZ
ENRIQUE ALCARAZ MICHELI
LUIS E. LAGUNA MIMOSO
GUILLERMO RAMOS LUIñA
VALGINA RODRIGUEZ
CALDERON

COMMISIONER:
YGRI RIVERA DE MARTINEZ

## COMPLAINT

## I.   JURISDICTION

1.   This is a civil action seeking declaratory and equitable relief and damages to prevent and redress the deprivation under color of law of plaintiff's rights, privileges and immunity under the United States Constitution.  Jurisdiction in evoked pursuant to 28USC section 1331, 1332, 1343 (A3), 1343 (4), 2201 and 2202, 42USC section 1983, 1985, 28USCA1367; and the Constitution of the United States and more particularly the fifth and fourteenth amendment thereto.   Since this is a Federal Question jurisdictional case there is no jurisdictional amount.

## II.   FACTS OF THE CASE

1.   The pleadings in this case are detailed and the complaint is somewhat long. Under the Rule of the case <u>Ashcrott v. Iqbal</u> <u>129SC1937 (2009).</u>  In this type of case alleging Civil Rights and Constitutional Rights infrigment the complaining party has to be very specific otherwise the complaint could be dismissed. Plaintiff is a lawyer admitted to practice in the Commonwealth of Puerto Rico in January 1974, Collegiate 5698, 4383 number

4

assigned by the Supreme Court of the Commonwealth of Puerto Rico. Also plaintiff was admitted to practice in this Court in September 1974 in a hearing held before Judge Hernán Pesquera now deceased. This complaint is being filed on a Pro Se basis. The appearing attorney has a Federal Bar Number 119404. Plaintiff is also a CPA born in 1949 in Humacao, married with a son and daughter. Plaintiff has a clean criminal record, no ethical charge has been filed against him aside from the one here in issue. I have been a law abiding citizen with no tax debt outstanding. This complaint is somewhat long. The complaint must be long because the history of the abuse against me by Judges and Counselors for the defendants has been long during a period of almost eleven years. The statement of facts must be specific otherwise the complaint could be dismissed.

2.  Plaintiff filed a complaint in the Court of First Instance of Humacao HSCI2007-01040 in August 2007 to divide the estate of his father Mr. Hiram Perez-Beltrán which died in October 2006. His estate was valued initially at 6 million dollars. The appearing party joined with the principal complaint two additional causes of action. One was asking for the voidance of

a redemption of 25% of the stock of a family corporation Cantera Perez Inc. which was redeemed fraudently in June 1998. The appearing party received false and fraudulent information about the value of his 25% interest in the family corporation Cantera Perez in which his sister Mrs. Enid Perez-Soto had initially 25% and the conjugal society the parents Mr. Hiram Perez-Beltrán and Ana L. Soto had 50%, initially. Also another cause of action was joined which is described as a derivative contingent claim. That cause of action aroused because the corporation sold fraudently a real estate valued at 1.4 million dollars for $100,000. It was alleged alternatively that the real estate transaction was a sham in which the real estate was not sold. That cause of action was contingent because my authority to sue as a minority stockholder was dependent on the voidance of my 25% interest in redemption and the voidance of the gift of stocks by the conjugal society above mentioned and my father's rest 50% of the stock. I have a 50% interest in the estate according to the will of the descendant. Also an 11% stake in the capital stock of the

family corporation Cantera Pérez was left in the estate due to a mathematical error.

3. Plaintiff in this case has the Constitutional Right under the fifth and fourteenths amendment to the United States Constitution to have a fair forum in which he can either win or loose the causes of actions in an impartial forum in an environment of respect and civility, see Capperton v. ATMassey TSEU June 2009; Toledo v. Pearson Yatch 416US633 (1973). This is a fundamental right which is applicable to citizens of the United States, residents of the Commonwealth of Puerto Rico. I will describe in detail that the appearing plaintiff was subjected to treatment by judges of the Commonwealth of Puerto Rico and by lawyers of the defendants consisting in arbitrary fines, insults, yelling, that is illegal under the United States Constitution. Numerous judges exhibited lack of judicial temperament behaving in an arbitrary way with insults, arbitrary acts, and arbitrary dismissal of my causes of action; rejection of my legal documents filed, arbitrary sanctions against me of more than $20,000. In addition the Court of First Instance of Humacao without a hearing approved more a

$100,000 in invoices to the Administrator Mr. Cordero Soto which was named in a null and illegal way. Under Puerto Rican Law the Administrator has the burden of prove for the approval of disputed invoices. He didn't offered any evidence, this includes legal invoices of his daughter Counselor Cordero Alcaraz, see Mercado v. Mercado 66DPR38. The reason for that as I will explain was that I exercised my right under the US Constitution to file an ethical charges against Judges with reasonable basis and respect. This is permitted under the Commonwealth of Puerto Rico Law, see InRe Cardona Alvarez 116DPR895 (1980). It is also protected under the US Constitution; see Capperton v. AT Massey, supra; InRe Little 404US533; Holt v. Virginia 381US25. The more egregious example of abuse of authority made with bias was that one of the defendants in the inheritance case accused of fraud in the complaint was named illegally Judicial Administrator. That defendant has accepted that he took from the estate $5.9 million for his own benefit and two other defendants depleting the assets of the estate. I filed a various recusal motions and ethical charges against the Judges who tolerated this illegal and

fraudulent scheme. I exercised my First Amendment Right of Free Speech and the right to have an impartial forum. The Supreme Court disbarred me for this without a hearing complying with due process. This was a violation of my Civil Rights. Other abuses and violations of my Civil Rights were committed and I will describe them in detail in this complaint.

4.      After I filed the complaint in the District Court of Humacao the lawyer for the Corporation Cantera Perez counselor Luis E. Laguna Mimoso Collegiate #5175 cited me for a deposition that was going to be taken in Court in November 15, 2007. I objected because the corporation Cantera Perez had no interest or was a party in the inheritance case, see Asociación v. Future 152DPR54 (2000). Additionally in the cause of action consisting in the derivative contingent claim the corporation was the beneficiary of that claim. In a derivative action the corporation is a nominal defendant but a real plaintiff because it's the beneficiary of that claim, see Díaz Olivo Corporate Law of Puerto Rico page 170 and et sek. Judge Adalgisa Davila Velez of the District Court of Puerto Rico of Humacao allowed the deposition that was finally taken on November 15, 2007 at

9

the Court premises.  In that deposition there was a lot of yelling, insults, interruptions.  Counselor Laguna Mimoso in a frivolous manner wanted me to admit that I didn't had any stock of the corporation Cantera Perez and argued that I couldn't file the derivative claim even though it was contingent as I have already explained, see Rondón v. Dominguez 105DPR368 (1970);  Rule 14 of the Civil Procedures of the Commonwealth of Puerto Rico.  I was Pro Se at the deposition; also I was Pro Se when I filed in the District of Court of Humacao the three joined claims as before explained. Counselor Laguna Mimoso finished arbitrarily the deposition, my turn to explain that it was a contingent claim never occurred, furthermore counselor Laguna Mimoso filed two motions of summary judgment citing me out of context.  In numerous motions counselor Laguna Mimoso insulted and disparaged me with language not appropriate to be used in Court.  For example, in a motion filed on December of 2008 he accused me of being a paranoid person, see also motions of Counselor Laguna Mimoso of: June 14, 2010, July 30, 2010, September 6. 2010, April 4, 2008, May 31, 2008, March 18,

2008, February 21, 2007, February 7, 2008, February 4, 2008, October 18, 2007.  Also in a hearing on February 28, 2007 he started yelling and insulting me.   I had information that I couldn't corroborate that counselor Laguna Mimoso was a friend with Judge Adalgisa Davila Velez.  In numerous motions filed by him in a conclusory way he argued that I should be disqualified because I was emotionally involved in the case. I filed an ethical charge against the Judge Davila Velez because she didn't disciplined counselor Laguna Mimoso.  She didn't investigate what happened in the deposition.   Also his arguments about the dismissal of my derivative contingent claim were completely frivolous.   Additionally he was breaching Canon 21 of Ethics because the beneficiary of the derivative claim was the corporation.  A lawyer can file an ethical complaint against a Judge based on information that he cannot corroborate, see Berry v. US 525US62; Rondón v. Petronet 103Fed Supp 367.  Also with reasonable basis and with respect, is protected under the US Constitution under the right to have an impartial forum, see Capperton v. ATMassey, supra.  Also is part of the free speech that lawyers and litigants

11

have under the US Constitution, see Bridges v. California 314US253(1941) ; Brown v. US 356US148 (1958) ; Pennecamp v. Florida 328US332 (1946); InRe Little, supra; Holt v. Virginia, supra; Tribe American Constitutional Law 1978 2nd Edition page 856 et sek. Judge Davila was investigated by Court Administration.   I have reasonable basis to believe that the Chief Judge of the Supreme Court of Puerto Rico ordered Judge Davila to recuse herself.   The ethical charge was dismissed by the Chief Judge at that time Judge Federico Hernandez Denton.   After I filed the ethical charge against Judge Davila, I have reasonable basis to believe that a persecution and conspiracy against me was began by other judges of the Court of First Instance of Humacao and Court of First Instance of San Juan and various panels of the Intermediate Appellate Court.   I have reasonable basis to believe that even the Supreme Court participated in this persecution when it refused to grant the discretionary writ of Certiorari ten times of eleven filing leaving intact wrong decisions under the Law, under established principles of Law. Also a fine of $5,000 was imposed on me by the Supreme Court

without giving me the opportunity to express myself.  Later the Supreme Court ordered that I had to pay the fine in five days or I would be disbarred without any due process of Law, I will later explain this. Some of the decisions that the Supreme Court refused to review were egregious violation of Civil and Constitutional Rights.   It should be pointed out that I believe that the Chief Judge of the Supreme Court and of the Court Administration had disciplined judges with a procedure consistent with due process of Law.  Also with a disciplinary punishment proportionate to the judicial misconduct.   This could have helped the administration of justice of the Commonwealth of Puerto Rico in a way that judges will know that they cannot take reprisals and punish lawyers who file an ethical charges against a fellow judge with reasonable cause and respect.  A mere admonishment to the judges not to take reprisals could have done the job.  But by ordering the judge to recuse himself which is the equivalent of an order by the Chief Judge to take the judge out of the case, this has the effect that judges keep taking reprisals and punishment against me for filling complaints against fellow judges.  The order ordering the

13

Judges out of the case should have been accompanied by an admonishment to the Judges not to take repraisals against this party because he excersised his constitutional right of free speech. This causes that the Judicial System is running afoul of the Constitution of the United States with flagrant and grievous violation of Constitutional Rights. There is a duty to supervise and those who infringe incurred in supervisor liability, see Monell v. Department of Social Services 436US658 (1978); Clay v. Monell 815F2nd1164 (1987). Lawyers for the defendants Cordero Alcaraz, Alcaraz Micheli, Ramos Luiña, Laguna Mimoso repeatedly used the ethical charges I had filed to incite judges to punish me and to incite bias against me. They were successful. Motion of Counselor Ramos Luiña January 22, 2014, Court of First Instance of Humacao, December 10, 2010, Court of First Instance of San Juan KAC2012-0840 (508), August 30, 2012, Court of First Instance of San Juan, KAC2012-0840 (508), Counselor Laguna Mimoso May 6, 2013 KLAN2011-00720, Motion of Counselor Alcaraz Micheli April 16, 2013 KLAN2011-00720. Motion of July 21, 2015 KLCE2015-00534 of Counselor Alcaraz Micheli. In the

14

case Landmark Communications v. Virginia 1978 435US829

the United States Supreme Court has stated that all the 50 states

have made all ethical charges against Judges secret. In all of

those jurisdictions it is punished by contempt if any person

violates the secrecy rule. In two of those jurisdictions it is

punished as a crime. The reason for this is to protect the person

who files the ethical charge against the Judge. Only Puerto

Rico a jurisdiction under the US Constitution the ethical

charges against Judges are not made secret. In this case the

counselor for the defendant Ramos Luiña, Cordero Alcaraz,

Alcaraz Micheli, Laguna Mimoso have repeatedly used the

ethical charges to incite hostility and bias of Judges against me.

They have used them in a conclusory way. This is a gross

violation of my Civil Rights. An impartial study of the ethical

complaints I have filed and the recusal motions will show that

with specific facts they had reasonable basis and made with

respect, they were protected under the US Constitution, see

Holt v. Virginia 381US25; InRe Little 404US533; United State

v. Robin 535Fed2nd8 (1977); InRe Cardona Alvarez

116DPR895; A Free Speech Right to Impugned Judicial

15

<u>Integrity in Court Proceedings 2009 Margaret Tarkenton Bringhan Jhon University.</u> This complaint will have pleadings in which I will prove that the Judicial System of Puerto Rico has institutional bias in which Judges protect each other by punishing all lawyers and parties that file ethical complaints or recusal motions exercising their Constitutional Right of Free Speech. In relation to the institutional bias see the following articles, <u>Police Discipline, a Case for Change June 2011Harvard Kennedy School Daniel W. Stephens National Institute of Justice; Practical Problem with modifying the Military Justice, Wisconsin Journal of Law, Michael Spak 2013</u>. In those articles the institution of bias is depicted when police departments refuse to punish policemen. The military justice refuses to punish male military officials for sexual abuse. Furthermore in this case the Commissioner named by the Supreme Court Ygri Rivera de Martinez is a former Judge. She showed institutional bias in favor of Judges that are being sued in this case. It has been decided that in a disbarment proceeding the lawyer which is the defendant in those proceedings has the full panoply of the due process clause, see

Board v. State Bar 400US1 (1976); InRe Ruffalo 390US44;

InRe Oliver 330US53. I was denied the right to cite witness,

the right to cross examine witnesses. The Commissioner in a

repeated way objected to my questions. I tried to cite the

lawyers for the defendants to show that they were lying

constantly in Court citing wrong cases in a frivolous way

knowing the bias of Judges. I also tried to cite the lawyers

working for the Solicitor General which prepared bias reports.

I was trying to prove that there was a selective and bias

prosecution against me and in favor of the counselor for the

defendants, see Noriega v. Hernández Colón 135DPR406

(1994). Counselor Ramos Luiña has repeatedly cited false

cases making frivolous motions because he knew the bias of the

Judges against me. He cited the case of Ades v. Zalman

115DPR145 (1984), that case is totally inapplicable to the

disbarment proceeding. That case stands for the proposition that

in a civil case the adversary lawyers cannot be deposed for

obtaining evidence which can be found in the file of the case or

evidence which is in the possession of the person who wants to

depose. In a disbarment proceeding the accused lawyer has the

17

right to cite as a witness every person who has evidence or who can make admission that can prove that the lawyer did nothing wrong.   Also the Commissioner obtained judicial notice of numerous files.   When I tried to interrogate some of the witnesses with the pertinent documents that were already admitted as evidence because the Commissioner had obtained judicial notice the Commissioner motu proprio objected to the reading of the documents by the witness because it was taking too long.   I wanted to obtain a transcript of the hearings.   The Supreme Court denied me to have a transcript to show that the hearing was conducted in a bias way against me by the Commissioner.   The attorney for the Solicitor General Rodriguez López conspired with the Commissioner objecting pertinent questions.   It should be pointed out that when I tried to prove the clearly wrong decision made by the Judges, see InRe Honorable Díaz García 158DPR195, which showed bias, see Dávila v. Melendez 2013JTS15; Liteky v. US 510US540 she objected to those questions stating in a frivolous manner that the questions were argumentative.   It should be pointed out that I have the right to cite even Judges who made abusive and

wrong decisions against me, see Denny's v. Sparks 449US24 (1988). Judges have no immunity not to be subjected to discovery proceedings in pertinent cases. The hearing of the Commissioner was a sham full of bias against me. The Commissioner prevented me from reading the ethical complaint and answer it, I was Pro Se. The Commissioner wrote a report in which she didn't discussed the specific facts in which I based myself to recuse and file ethical charges. The Commissioner had 30 days to write the report, the report was filed almost 6 months later. That report was never answered by the lawyers of the Solicitor General. They knew that they couldn't base on the facts of the case, make any meaningful argument against me. The judgment of the Supreme Court was also conclusory. My answer to the report of the Commissioner which consisted of 113 pages was never discussed. Apparently the Supreme Court and the Commissioner had the wrong believe that if a lawyer files various recusal motions and ethical charges he should be summarily disbarred. This cannot be done under the US Constitution in which there is a free speech to recuse and file ethical charges against Judges with reasonable basis and

19

respect.   Also the judgment of the Supreme Court is full of factual errors.  For example, I wasn't disqualified by a Judge, in other words, the decision to disqualify my Pro Se wasn't made by the initiative of a Judge.  It was the adversary lawyers who in a conclusory way wanted to disqualify my Pro Se.  They filed a motion full of lies in which I was accused of taking a deposition with a lawyer who wasn't admitted in the case.  That deposition was taken by me, that lawyer only acted as a notary. The practice in Puerto Rico is that the notary makes the witness to swear an attesting truthfulness and then excuses himself.  I was denied a hearing and I was disqualified in an arbitrary way, see <u>Kmart v. Walgreens 121DPR633; Otaño Cuevas v. Velez 96JTS142.</u>   Many of the ethical charges I filed were as a private citizen, I had lawyer.  It is not clear to me whether I could be disbarred by this.  Anyhow all my ethical charges were with reasonable basis, detailed facts and with respect. They were constitutionally protected by the United States Constitution Right of Free Speech.  The fundamental rights of the United States Constitution are fully applicable to Puerto Rico.  This includes the right of free speech in the First

Ammendment and the right to a fair trial under the 5th and 14th ammedment of the United States Constitution.  See <u>Fornaris v. Ridgetool 400US41 (1970)</u>; <u>Calero Toledo v. Pearson 416US663 (1974)</u>; <u>Examining Board v. Flores 426US572 (1976)</u>; <u>Torres v. Puerto Rico 442US465 (1979)</u>; <u>Rodríguez v. Popular Democratic Party 457US1 (1982)</u>; <u>Harrys v. Rosario 446US651 (1980)</u>; <u>Posadas de Puerto Rico v. Turism Company of Puerto Rico 478US328 (1986).</u> Furthermore it is my contention <u>Lizaribar v. Martinez Gelpi 121DPR770 (1988)</u> in which the Supreme Court decided that Judges have complete discretion to disqualify a Pro Se it's not applicable when the lawyer is Pro Se. I think the Supreme Court cases <u>InRe Ruffalo, supra; InRe Oliver, supra</u> are applicable.  In those cases a lawyer has the right to due process to be disbarred and I think also the same applies for a disqualification.  Anyhow I was disqualified at the behest of the adversary lawyers.  I have the right to a hearing under the cases of <u>Kmart v. Walgreens, supra; Otaño Cuevas v. Velez, supra</u>.  I have had to pay almost $300,000 in legal fees.  Some lawyers have asked me for a contingent arrangement which I consider abusive.  The ethical

21

complaint was conclusory, the decree of the Commissioner was conclusory. The decree of the Supreme Court was also conclusory and full of errors. The Supreme Court in a bias way made a conclusory decree because if the Court tried to analyze the facts of this case it would be impossible to find that I did not have reasonable basis to file ethical charges against Judges and recusal motions. The decree of the Supreme Court was full of factual errors, for example, it stated that I filed motions when I was disqualified. It failed to spell out that when I filed a motion to transfer the case on March 2013 I did it on a contingent basis. I asked the Court to void my disqualification without a hearing and then decide whether the case should be transferred. At that point March 2013 two Judges have already been taken out of the case after ethical charges by the Judiciary Administration. Also after May 2013 the Appeals Court in the case KLAN2011-00720 decided to reinstall my Pro Se based on what occurred in the Court of First Instance of Humacao. The motion to recuse Judge Negrón which never was decided was also on a contingent basis. I wanted and I have the right of a decision to the legal import of the case KLAN2011-00720

which reinstalled my Pro Se. It should be pointed out that the Supreme Court never mentions the case KLAN2011-00720 which on May 2013 decided that I didn't filed any frivolous ethical charges against Judges, lawyers, also I didn't filed any frivolous recusal motions. The Supreme Court also doesn't mention that on October 2014 I received a letter from the Judicial Administration Office telling me that I had sufficient basis to file ethical charges against Appeals Court Judge Brau Ramirez and Judge Negrón of the Court of First Instance of Humacao. The Supreme Court also stated that I filed frivolous motions. It doesn't mention the specific motions that supposedly were without merit. This is abusive. The most outrageous and abusive act by the Court of First Instance of Humacao, Judges Hernández González, Negrón and Castro Rodríguez was that they didn't gave res judicata effect to the decision of Judge Sagebien of the Court of First Instance of San Juan KJV2006-2638 that stated that the Albaceazgo has expired on January 2010 and the administration of the estate must be delivered to the heirs under Article 332 of the Civil Code. The Appeals Court KLCE2015-00534 refused also to give res

judicata effect to the aforesaid case KJV2006-2638. The Supreme Court two times refused to review those wrong decisions. In the case KLCE2015-00534 Judge Fraticelli Torres sanctioned me with $3,000 because I wanted a review of the decision of Judge Castro Rodríguez who refused to apply the decision KJV2006-2638. It should be pointed out that under the cases of GAC Fin Corporation v. Rodríguez 102DPR213; Garriga Gordils v. Maldonado 109DPR817 (1980) when a meritorious motion is made to void a judicial decree there is a right to a hearing and a decision of the merits. I had asked Judge Castro the voidance of the appointment of Mr. Cordero Soto as Judicial Administrator, the voidance of the approval of the disputed invoices without a hearing in which the burden of proof was on the so called Administrator and for the transfer of the case from the Court of First Instance of Humacao. In this last regard on October 2014 Judge Negrón was removed from the case after ethical charges. The refusal of those motions without a hearing were made on March 2015 by Judge Castro. Judge Fraticelli sanction me for $3,000 because all those decisions were final. An impartial study of those

24

motions will show that she was wrong and bias.  In the case KLCE2014-1279 against Judge Fraticelli stated that Mr. Cordero Soto was named legally Judicial Administrator, that is completely wrong.  Now Mr. Cordero Soto has accepted that he took away from the estate more than $5.9 million belonging to the estate.  It is probable that judicial reports were filed in the Court of First Instance of Humacao and San Juan that were fraudulent with probable violation of the Penal Code of Puerto Rico. The Supreme Court refused to analyze the facts of the case.  I stated in a motion replying to the report of the Commissioner that there was institutional bias against me by numerous Judges.  My right of Free Speech protects me from being disciplined for this statement.  The Supreme Court cannot in a conclusory way decide that because I filed various recusal motions and ethical charges that per se allow the Supreme Court to disbar me.  The Supreme Court never stated that when I affirmed that there was an institutional bias against me by Judges that I could be disciplined for this.  The Supreme Court only stated in a conclusory way that due to the various recusal and ethical charges I could be disbarred.  If the Supreme Court

tried based on the facts of the case analyzing them it would be impossible to find that I didn't had reasonable basis to recuse and file ethical charges.   The decision to disbar me is a prior restraint that violates the First Amendment of Free Speech, it is a dangerous precedent that could make lawyers afraid of the authority of Puerto Rican Judges including the Supreme Court. Prior restraint of speech are not permitted under the US Constitution, see Near v. Minnesota 283US697 (1931); Curtis v. Butts 388US130 (1967); Nebraska Press Association v. Stewart 1976 US Supreme Court.   The Supreme Court of the United States gives enormous importance for American Democracy the right of Free Speech.   In 1978 an neo-Nazi American group was permitted to make a peaceful march in the city of Skokie in which many German survivors of the holocaust were living retired.   The US Supreme Court stated as long as the march was peaceful free speech must be respected. In the case of National Socialist Party of America v. Village of Skokie US Supreme Court 1978.   The Supreme Court of the United States permitted the march to go on.   Based on the facts of this case I have the right to recuse and to file ethical charges.

Also to make the statement that there was institutional bias of Judges. All decisions made in this case were wrong. The sanctions were abusive. The following will be discussed later on. The $10,000 fine imposed by Judge Hernández and left intact in an arbitrary way by the panel KLAN2011-00720 on May 2013; the dismissal of the derivative action by Judge Hernández on December 2010; the dismissal of the direct action by Judge Hernández in December 2010; the approval of more than a $100,000 in disputed invoices without a hearing; the $3,000 fine imposed by Judge Fraticelli; the $5,000 fine imposed by the Supreme Court; the $3,000 imposed to me in the case KAC2012-0840 Court of First Instance of San Juan; the $2,400 imposed on me by Judge Negrón on September 2014 Court of First Instance of Humacao. All of these sanctions imposed to me and all decrees and judgments against me were clearly wrong. The Supreme Court refuse to dwell on the facts of these case. Also the Judges who were subject to my ethical charges never filed an ethical charge against me based on the specific facts, I could have won those cases very easily because I have reasonable basis. The same happened with the motions

27

to recuse various Judges. No Judge dare to file an ethical against me. The same happened with three Chief Judges of the Supreme Court of Puerto Rico. It can be argued that counselor Alcaraz Micheli which filed ethical charges against me didn't had standing to do so only the Judges that I filed ethical charges or recused could do so. The report of the Solicitor General against me was also conclusory full of mistakes. Also Judge Fraticelli which made a decree in which she sent an ethical charge to the Supreme Court didn't had standing to do so on behalf of other Judges. That decree also was full of mistakes. For example she stated that when I said that a person accused of fraud couldn't be named Judicial Administrator because in any civilized society nobody can be Judge and Party, I was just stating the truth, Mr. Cordero Soto was a defendant in which pleadings were made against him in which he was accused of fraud, see <u>Capperton v. AT Massey, supra and cases cited therein.</u>

5.  In the case previously described the defendant were Mrs. Enid Perez Soto, sister of the appearing party, her two daughters Marisel Valeiras Perez and Arleene Valeiras Perez, they were

the heirs of the state of my father Mr. Hiram Perez Beltrán who died on October 2006 leaving a testament made by lawyer Jorge Guerrero Calderón signed on July 13, 2006 deed number 18. Another defendant was Mr. Reynaldo Cordero Soto, a cousin of mine by the maternal line. The other defendant was the widow of the descendant Mrs. Antonia Rodriguez Lebrón. The descendant remarried after his wife, my mother, died. In essence the controversy consisted in that the gifts and donation of stock by the defendant on July 1998 had to be computed back to determine the amount of the estate that was to be divided under the forced heirship rules of the Civil Code of Puerto Rico under Article 746. Also as an alternative allegation I argued that the donation of stock were void because they were fraudulent under Puerto Rican Law, see Sánchez Jiménez v. Lopez Jimenez 116DPR172 (1975). The donation of stock the defendant made a donation of what is called under Puerto Rican Law "nuda propiedad" and he reserved for himself the "usufructo". As the "usufructuario" he had to include the dividends paid in his stock that he retained the "usufructo" from 1998 to 2006 when he died. That amounted to more than 9

million dollars without interests, at least one third of that amount. One third of that amount had to be included in the estate of the defendant and it wasn't included. A report prepared by a CPA firm computed the amount to be included $5.9 million with interests. The firm is named Zayas y Morazzani. The money was taken by the defendants causing great damages to the estate. The lawyer for the defendant, attorney Patricia Cordero Alcaraz, RUA #13365, which is the daughter of defendant Mr. Cordero Soto and counselor Laguna Mimoso filed motions in March 2007 with blatant lies telling the Judge that I should be disqualified because I took a deposition with a lawyer that wasn't admitted to be in the case. That is incorrect; the lawyer was only a public notary that under the practice in the Commonwealth of Puerto Rico took the oath to the deponent and excused himself. Judge Adalgisa Davila Velez before recusing herself in July 2009 disqualified my Pro Se on April 2008 without giving me the opportunity of a hearing to defend myself and to present evidence in my favor. This was a clear violation of Puerto Rican Law, see Flecha v. Lebrón 2005JTS176; Kmart v. Walgreens 121DPR633; Otaño

Cuevas v. Velez 96JTS142.   A lawyer cannot be disqualified as behest of the adversary lawyers without a hearing.  Also it was a violation of my Constitutional Right to practice my profession as a lawyer.  I had the right to a hearing with due process of Law, see InRe Ruffalo 390US544 (1968);   InRe Oliver 333US257 (1948);   Tribe American Constitutional Law 1978 Edition, page 512.  This was an additional reason for my ethical complaint against Judge Davila.

6.   The lawyers of the defendants counselors Ramos Luiña of Enid Perez Soto, Laguna Mimoso of Cantera Perez, Patricia Cordero Alcaraz and Enrique Alcaraz Micheli of Mr. Cordero Soto used the ethical charges I filed to incite other judges of the Court of First Instance of Humacao and San Juan and Appellate Judges and even the Supreme Court to punish me because I exercised my constitutional right to file an ethical charge against a judge with reasonable basis and with respect.  This isn't fair and in fact the Supreme Court of Puerto Rico has branded that practice as unethical, see InRe Fernández Torres 88JTS150. No Court has disciplined those lawyers for such unethical and despicable act.   On the contrary, I have noticed a pattern of wrong

decisions, sanctions against me that had given me reasonable basis that those decisions were bias against me for exercising my rights. I have the obligation to defend the Judicial System of Puerto Rico which I sworn to uphold and defend in January 1974. Furthermore I am protected by the Constitution of the United States to exercise my freedom of speech, see InRe Little 404US533 (1972); Holt v. Virginia 381US131 (1965); Eaton v. City of Tulsa 415US697 (1974); Tribe American Constitutional Law 2000 Edition page 856 et sek . It will be shown that all the charges and recusals that I have filed were meritorious. They have reasonable basis and were made with respect. The above mentioned lawyers and some judges have made conclusory statements that I have filed to many recusals and ethical charges all frivolous. The reason for that is the repeated use by the adversary lawyers of that conclusory accusations against me. Also the Court Administration presided by Judge Sonia Ivette Vélez Gonzalez and later on Judge Isabel Llompart Zeno and Chief Judges Federico Hernandez Denton, Fiol Matta and Oronoz Rodriguez they have refused arbitrarily to discipline the judges. It can be stated and I will prove it in this complaint that

32

the Judicial System in Puerto Rico is not working, functioning according to the guarantees of the US Constitution. The Federal Court has to intervene to correct the situation that will deteriorate otherwise. A failure to supervise can constitute a violation of Civil Rights, see <u>Moore v. Winfile 383Fed Supp 30; Cook v. Miranda 464Fed Supp 383.</u>

7. After I was arbitrarily disqualified on April 2008 without a hearing and opportunity to defend myself on an accusation that was based on lies that I can prove, I filed a Certiorari writ with the Intermediate Appeals Court KLCE2011-00057. In the panel of that intermediate appeals case, Judge German Brau Ramirez, Andres Salas Soler, Cotto Vives were the three members. Judge Brau Ramirez didn't sign the opinion but he wrote his initials. I can recognize his style. Judge Brau Ramirez insulted me and labeled me as a person that without basis believed that was persecuted by his family. I've never met Judge Brau Ramirez. Counselors Cordero Alcaraz and Alcaraz Micheli proposed him as a Commissioner to decide the inheritance case HSCI2007-01040. That was on November 2009 Counselors Cordero and Alcaraz and Judge Ramirez have

refused to deny or accept friendship between them. Statements made by a judge that show hostility against a litigant can be used to void resolutions and judgments made by the judge because of a reasonable basis of bias, see Bell v. Jhonson 404F3d997 (2005). On June 18, 2008 Judge Brau Ramírez in a conclusory way stated that I abused the discovery process, filed frivolous ethical charges against the lawyers, also that the cause of what happened in the deposition of November 15, 2007 was my fault because I acted as a lawyer and as party. The fact is that the deposition was not on the appendix of the case so Judge Ramirez couldn't have read it. Also the ethical charges that I filed against the lawyers were examined by the Supreme Court, they were dismissed but I was not disciplined. Those charges were based on the abusive deposition of November 2007 where I was insulted, yelled at, constantly interrupted. Judge Ramirez on June 2008 didn't even mention the illegal and arbitrary way that I was disqualified. It should be pointed out that after my disqualification I have had to pay legal fees of around $300,000 that have seriously depleted the savings that I have saved with my wife. I have now financial difficulties to pay my living and

34

legal expenses and had underwent with my wife a period of great emotional hardship. I am 69 years old. The inheritance case will give me and my wife economic security at old age. I could be left a destitute in abject poverty. I filed a writ of Certiorari to the Supreme Court. This last Court refused to grant the writ of Certiorari. This was unfair. I can argue that when the Supreme Court of the Commonwealth of Puerto Rico has not granted seven writs of Certiorari leaving ten unfair and illegal decisions that are not in accord with established principles of Law and with the Rule of Law. In that situation there is a probable violation of Civil Rights under Section 42USCA1983. This situation is more clear when a pattern of decisions are made in which the rule of Law isn't followed. Chief Judge Federico Hernández Denton and the Judge Administrator of the Judicial Administration Sonia Ivette Vélez Gonzalez named by him denied the ethical charges that I filed against Judge Davila. Chief Judge Hernández Denton participated in the decisions denying various writs of Certiorari that left standing abusive and illegal decisions including disqualifying my Pro Se without a hearing, see Morrisey v.

Brewer 408US471 (1975). Also the two of them never decided the ethical complaint I filed against the panel KLCE2008-00585.

8.    After Judge Dávila Vélez of the Court of First Instance of Humacao recused herself from the case I have a reasonable basis to believe that she was ordered to recuse herself, she did it in July 2009. Judge Garriga came into the case. She retired from the Judiciary but showed in her decisions bias against me. I began to notice that counselors of the defendants knew that after I filed the ethical complaint there was hostility in that forum against me. Under the principle established by the case of InRe Campoamor Redin 96JTS6 when a judge due to ethical reasons recuses himself or ceases to act in the case a party can ask for the transfer of the case to another District Court to preserve the appearance of Judicial impartiality, see Judge v. Gordon 354Fed Supp 2d524. Judges in small districts are usually friends and when a judge for ethical reasons is recused there is a probability of reprisal. I didn't file a motion to transfer the case because I was disqualified to act Pro Se. My lawyer at that time didn't agree to attempt a transfer. This was

36

a mistake.  Judge Garriga didn't disciplined counselor Patricia Cordero and Ramos Luiña when she ordered the distribution of the income of the state to the heirs according to the case of <u>Anselmo García 2011JTS22.</u>  She signed the order on December 2009.  As the owner of 50% of the estate I needed that money to pay legal fees.  I asked for the distribution on February 2008, the distribution was made retroactive from December 2009 to November 2006, the date of the death of the defendant.  Counselor Cordero and Ramos lied and told the judge that they didn't receive a copy of the order.  All the lawyers were duly notified, there was no envelope returned to the Court.  Also counselor Cordero lied in the motion when she told the Court that she was notified by the brokers who had the funds of the estate invested.  They told that that wasn't true.  My lawyer filed a motion to disqualify counselors Alcaraz and Laguna Mimoso.  In a resolution signed by Judge Garriga showed bias against me.  She wrote that I was the one who opposed the distribution of the funds of the state, this is clearly wrong. Also she wrote that counselor Laguna Mimoso didn't scream or yelled at the deposition and at the hearing held on

February 25, 2008. I was present, and that is incorrect. She didn't disciplined counselor Laguna Mimoso for trying to dismiss a derivative contingent complaint when he was the lawyer for the corporation which is the beneficiary. Also she didn't disciplined attorney Laguna Mimoso when he insisted in his frivolous allegation that the derivative contingent claim should be dismissed because I didn't owned stock presently. She didn't disciplined attorney Laguna Mimoso for the numerous motions filed by him insulting me and using derogatory and insulting language against me. Also attorney Laguna Mimoso violated the rule of Luquilux v. Berrios 95JTS92 which prohibits a lawyer for a corporation to defend a majority stockholder, Enid Pérez Soto, against the claims of a probable future minority stockholder, myself. The motion to disqualify was denied. It must be pointed out that those attorneys were given a hearing that I never had when I was disqualified in April 2008. Judge Garriga should had transferred the case under the principle of Campoamor Redin, supra previously discussed. She stated that I was the one who opposed the distribution of the income of the estate funds. She

also stated that she was willing to name Mr. Cordero Soto Administrator which is completely wrong under the Law. I will explain this in detail later. The motion to disqualify decided by Judge Garriga was filed by my attorney at that time Garau Díaz not by me and the ethical complaint it wrongly states that I was the one who filed the motion to disqualify.

9. In the District Court of San Juan case KJV20062-2638 in November 2006 Judge Sagebien emitted a letter "Albaceazgo". The institution of "Albaceazgo" in the Civil Code of Puerto Rico is a person who is in charge that the desire of the defendant stated in his will is complied with, also it has attributes of administration, see Civil Code of Puerto Rico. The Judge in the Court of First Instance of San Juan, Sagebien, agreed to decide when the term of the "Albacea" expires when the will names the "Albacea" for an indeterminate period. The Judge decided that the period was for two years, I alleged that it was for one year. The legal dispute was finally decided by the Intermediate Appeals Court case KLCE2008-1137 on October 31, 2008. It must be pointed out that the Court of First Instance of Humacao where the principle case to divide the state was

filed HSCI2007-01040, agreed that the Court of First Instance of San Juan should decide the aforesaid controversy. Judge Sagebien told Mr. Cordero Soto which was named alternate "Albacea" after Mrs. Enid Perez Soto resigned; it was done simultaneously on September 2007. Judge Sagebien ordered attorney Cordero Alcaraz, which is the daughter of Mr. Cordero Soto, to prepare an order for the approval of the final report of Mrs. Enid Perez Soto. The project of the order was not notified to me, it was done in an ambivalent way stating on January 2009 that the final report was going to be filed by Mr. Cordero Soto when his term expires. The term of Mr. Cordero Soto has already expired on November 2008 after a two year term expired. For one year reports were made as provided by the Code of Civil Procedure Article 556 et sek. Every three months without the judge or the lawyer of Mr. Cordero Soto inforiming me that the term of Mr. Cordero Soto was extended. This was clearly illegal. When the term of "Albacea" expires de iure nobody can extend the term, neither the judge nor the heirs, see Albaladejo El Albaceazgo page 604 et sek; González Tejera Derecho de Sucesiones 2nd Volume page 543 et sek. I went to

40

the Intermediate Appeals Court case KLCE2009-00986,
ordered me to appear in a hearing to be held by the District
Court to clarify the situation.   On October 9, 2009 Judge
Sagebien clarified that she extended the term during the year
2009.  Judge Sagebien decided that the term of the "Albacea"
expired again on January 2010. On October 2009 counselor
Cordero Alcaraz filed a motion lying saying that the decision of
the Appellate Court didn't decided that the original term was
for two years which expired in November 2008.    Judge
Sagebien denied two times the frivolous claim made by the
lawyers of Mr. Cordero Soto, her daughter counselor Cordero
Alcaraz and counselor Alcaraz Micheli, Mr. Cordero wife's
brother.  They wanted Mr. Cordero Soto to keep his position as
Administrator even though the "Albaceazgo" has expired.  This
was denied by Judge Sagebien on December 2008 and October
2009.  It is important for this Court to know the established
principles of Law in the Commonwealth of Puerto Rico.  When
the "Albaceazgo" expires the role of Administrator devolves
and passes through to the heirs under Article 332 of the Civil
Code.  All acts of administration are decided by majority of

interest. The Administrator which is not an "Albacea" is an atypical figure that only exists in certain circumstances and no more mentioned by the Civil Code and the Code of Civil Procedures none which is applicable on the facts of this case. The desire of the decedant cannot violate the principles of Law. No one who has a conflict of interest with the estate or a heir can be named "Albacea" or Judicial Administrator. That position must be held by an impartial person. For a person to be named Judicial Administrator a procedure must be followed of strict requirements which requires among other things: hearing, notification of the hearing to all the heirs, a fidelity bond is required, if the Court decides not to demand a fidelity bond it must state the reasons therefore. The Judicial Administrator must be impartial and cannot be one of the parties in the inheritance case for obvious reasons. No one can be a judge and a party in the case, see Ward v. Moneroeville 409US57; InRe Mutchinson 349US133. The person who divides the estate "Contador Partidor" either named by the Court (Judicial) or named by the defendant (testamentary) cannot have a conflict with the estate or a heir. Finally the

testamentary "Contador Partidor" expires in the same date as the "Albacea", see <u>González Tejera Inheritance Law of Puerto Rico Vol I pag. 402; Villanova v. Villanova 2012JTS3; Flecha v. Lebrón, supra; Mercado v. Mercado 62DPR368</u>. The will of the descendant cannot go against the Law. The attorney for Mr. Cordero Soto told the Court of San Juan that they would ask the Court in Humacao to name a Judicial Administrator. Everybody knew that the Judicial Administrator had to be an impartial person. Mr. Cordero Soto in the inheritance case was a defendant with an allegation of fraud made against him. Attorney Alcaraz Micheli knew that in the District Court of Humacao there was a poisoned environment of bias and hostility against me after I filed an ethical complaint against Judge Adalgisa Davila Velez. As before explained Judge Davila was taken out of the case, she recused herself de jure after an ethical investigation. I think that this action by counselor Alcaraz Micheli was unethical; a type of forum shopping that is unethical. On February 10, 2010 attorney Alcaraz Micheli asked the Humacao Court to name Mr. Cordero Soto Testamentary Administrator. On November 3,

2010 a status conference hearing was held in which Judge Hernandez Gonzalez presided. In a surprising and unexpected way with bias with deep hostility towards me Judge Hernández González appointed Mr. Cordero Soto Judicial Administrator and "Contador Partidor" based on the desire of the defendant in his will. That decision is clearly wrong, illegal, null and void. The decision is null and void because it is confusing, see Boston v. FCC 463F2d268. First Mr. Cordero Soto couldn't qualify as an impartial Judicial Administrator or Judicial "Contador Partidor". Also Mr. Cordero Soto after the "Albaceazgo" expired couldn't keep his position as an Administrator. As before explained, the desire to keep his position as an Administrator after the "Albaceazgo" expired was denied two times by Judge Sagebien in the District Court of San Juan. Also he couldn't be named testamentary "Contador Partidor" because that position had expired in the same way as the "Albaceazgo", see Gonzalez Tejera, supra; Mercado v. Mercado, supra. Also Mr. Cordero Soto couldn't be named Judicial "Contador Partidor" because of conflict of interests, he was a defendant in the inheritance case in which I

44

argued that he committed fraudulent acts. After I filed a motion of reconsideration, Judge Hernandez conclusively refused to reconsider. He refused to even discuss the decision of Judge Sagebien KJV2006-2638 made in October 2009 which was res judicata. I filed a writ of Certiorari in the Intermediate Appellate Court KLC2011-00057 on February 2011, in that panel were Judges Gonzalez Vargas, Rodriguez Casillas, Nieves Figueroa and Carlos Cabrera. In March 2012 the IAC still didn't decide the Certiorari. I filed a Mandamus in the Supreme Court MD2012-0001, March 11, 2012. The writ of Mandamus was made with respect and with detailed facts. On March 12, 2012 the Appellate Court decided in a clear illegal way, in a confusing opinion that showed bias against me, see InRe Honorable Díaz García 158DPR549; Boston v. FCC 463F3d268; Dávila v. Meléndez 2013JTS12. The Judges were Gonzalez Vargas, Nieves Figueroa, Rodríguez Casillas and Carlos Cabrera. The Intermediate Appeals Court decided that Judge Hernández didn't commit a clear error of Law, he did. The decision of Judge Hernández was temporary, it could be reconsidered. That decision wasn't temporary because Mr.

45

Cordero Soto could administer and divide the state so it was a final decision. Finally in a confusing way the Appeals Court decided that Mr. Cordero Soto could be removed. The Appeals Court didn't even mention nor discuss the decision by the District Court of San Juan KJV2006-2638 of October 2009. The Appeals Court on March 12, 2012 and the District Court of Humacao on November 3, 2010 couldn't revoke collaterally the decision of October 2009 KJV2006-2638 which was res judicata because it was a final decision which no one tried to appeal. I filed a writ of Certiorari to the Supreme Court. The Supreme Court refused to grant it. I have a reasonable basis to argue that the decision of the Supreme Court not only was erroneous but bias against me. This is protected by my right of free speech under the first amendment under the US Constitution. It is inconceivable that a clearly wrong decision contrary to established principals of Law of longstanding could be left intact by the Supreme Court, see InRe Honorable Díaz García, supra. When the Supreme Court decided not to grant the writ of Certiorari in the case KLCE2011-00057 Chief Judge Hernández Denton participated, he had refused to consider

ethical charges that I have filed against Judge Dávila and Hernández González of the District Court of Humacao. Both Judges Dávila and Hernández González recused themselves, Judge Dávila de jure and Judge Hernández de facto. Both were taken out of the case by the Court Administration of the Commonwealth of Puerto Rico. This is one of the most arbitrary, unfair and illegal decision against me. For more than four years a person has filed reports in the Court of First Instance of Humacao as an Administrator. He was named in an illegal way devoid of process without complying with the Law. No Judge in the Court of First Instance and in the Appeals Court has even considered to decide whether the positions of Mr. Cordero Soto were null and void. No one can be judge and part in a civilized society, see Ward v. Moneroeville, supra; InRe Mutchinson, supra. A petition must be filed with the Court by an heir or an Albacea to name a Judicial Administrator, see Code of Civil Procedure. Later on I will explain that in the discovery process and motions filed by Mr. Cordero Soto in which he accepted that 5.9 million dollars were taken out of the estate by him and by codefendants Marisel and

47

Arleene Valeiras Pérez. A report was filed in Court by the CPA firm of Zayas y Morazzani in which the fraud was described. A fraud was committed against the estate by these two persons who filed fraudulent information in the Court of First Instance of San Juan KJV2006-2638 as "Albaceas" and in the Court of First Instance of Humacao Mr. Cordero as Judicial Administrator. It is probable that Sec. 241, 242 and 78 of the Penal Code of Puerto Rico were violated by people who were named by the Judiciary. They took for their own benefit properties that belong to the state in a fraudulent way. When I complained of both decisions an ethical charge was filed against me and the Supreme Court ordered that ethical complaint be filed against me because I showed lack of respect to the Judiciary. This is a clear violation of my Civil Rights to have a fair forum and my free speech to protest with reasonable basis and respect. It must be pointed out that we have mentioned two instances in which the Supreme Court refused to grant the writ of Certiorari and left intact two clearly wrong decisions. The rule of Law was not followed by the Supreme Court. We are going to describe how the Judges of the District

Court of Humacao and of the Appeals Court, see KLCE2015-00534, the Judges were Piñero Gonzalez, Birriel Cardona, Bonilla Ortíz, have wrongly argued that the Supreme Court confirmed that Mr. Cordero Soto was appointed Judicial Administrator without a hearing when the "Albaceazgo" has expired by the Judicial decree which was final and res judicata. Also when the same Mr. Cordero Soto was a defendant in the inheritance case in which I argued that he committed fraud against the estate. It is clear to me that when the Supreme Court does not grant a writ of Certiorari it does not establishes precedent because it is not a decision on the merits, see Borinquen Furniture v. District 78DPR858 (1958). In the two cases I have described KLCE2008-00585 and KLCE2011-00057 it would have been impossible for the Supreme Court to decide those cases on the merits against me. It would have been an egregious error of Law, incomprehensible. Since December 2012 I filed a motion in the Court of First Instance of Humacao asking for a decision that the naming Mr. Cordero Soto Judicial Administrator and "Contador Partidor" should be declared null and void. Judge Negrón and Judge Castro

Rodriguez and the Appeals Court KLCE2015-00534, in this panel were Judges Piñero Gonzalez, Birriel Cardona and Bonilla Ortiz, and the Supreme Court two times have refused to decide the issue.  I can state that I have reasonable basis to claim that the above mentioned Judges of the Court of First Instance of Humacao, the Appeals Court and the Supreme Court were bias.  The error of Law was egregious, see InRe Honorable Diaz Garcia, supra;  Liteky v. US, supra;  Davila v. Melendez, supra;  Judicial Conducts and Ethics Shanan 1994; InRe Resfer 699NE822 (1988) .  In December 2012 I filed a motion in the Court of First Instance of Humacao to declare null and void the positions of Mr. Cordero Soto above described.  Judge Negrón and Judge Castro of the Court of First Instance of Humacao refused to decide the motion.  On December 2014 we once again filed a motion to declare null and void the position of Mr. Cordero Soto as Judicial Administrator and "Contador Partidor".  These is all an abuse of authority by the Judges.  In the case KLCE2015-00534 the Appeals Court without mentioning the Sagebien decision KJV2006-2638 through Judge Fraticelli sanctioned me with

50

$3,000. This is simply outrageous. The Supreme Court in its disbarment decree stated that I filed frivolous motions in a conclusory way. This is unfair and bias.

10. When the case came back to the District Court of Humacao, Judge Hernandez Gonzalez asked my lawyer to file a motion to desist without prejudice the derivative contingent claim. My lawyer and I decided to cooperate with the Judge in order to help him decide a complex inheritance case. We acted in good faith relying on the good intentions of Judge Hernández González. Attorney Laguna Mimoso, the lawyer for the corporation that is the beneficiary of the derivative contingent claim, he could not ask for the dismissal with prejudice of the derivative contingent claim that could cause its client 1.4 million dollars in losses. It would be a clear violation of Canon 21 of Ethics. Attorney Laguna Mimoso asked the Court that the motion that I filed to desist without prejudice at the request of the Judge be changed into a dismissal with prejudice as a penalty for the ethical charge that I have filed against Judge Dávila that resulted in an ethical investigation and the self-recusal of that Judge. Judge Hernández González complied

51

with the wishes of attorney Laguna Mimoso and as a penalty dismissed with prejudice the derivative contingent claim and sanctioned me with a $10,000 penalty. There was no prior admonition by the Judge warning me to change to my conduct or a sanction could be imposed, see <u>Maldonado v. Secretario 113DPR499 (1982).</u> This showed very clearly that Judge Hernandez was bias against me. The environment in the District Court of Humacao was full of hostility against me after I filed the ethical charge against Judge Dávila. The behavior of Judge Hernandez González was abusive, cannot be defended in any way. I didn't knew nor had reason to know that the filling of an ethical charge could start a sequence of behavior of and acts of judges trying to punish me. The lawyers for the defendants, Ramos Luiña, Cordero Alcaraz, Alcaraz Micheli, Laguna Mimoso used the ethical charges to incite the hostility of the judges to try to gain an unfair advantage in the trial of the case. They succeeded in the Court of First Instance of Humacao, San Juan, the Appeals and Supreme Courts. I will describe later on in detail the violation of my constitutional right under the US Constitution to win or loose my case with

due process in an environment of civility and respect, see Capperton v. ATMassey, supra. Judge Hernández González gave five reasons, all of them were wrong, the real reason was the ethical charge against Judge Dávila. That decision could cost me $700,000. I could be the owner of half of the stock of the corporation and the corporation suffered damages of 1.4 million dollars. The reasons that the Judge gave were the ethical charges against the lawyers, those ethical charges were for the manner in which they took the deposition of November 2007, the roman circus. The ethical charge is AB2008-115. The lawyer who prepared the report, Ivonne Casanova Pelosi didn't sign it. It was a very deficient and negligent report, two pages, in which in a conclusory way she decided that what happened at the deposition was my fault for trying to be a lawyer and a party at the same time. That is incorrect. I behaved respectfully and I was interrupted and yelled at. The Supreme Court didn't discipline me even though the ethical charges were dismissed. Attorney Laguna Mimoso send the resolution of Judge Brau Ramírez KLCE2008-00585 to the Solicitor General represented by Casanova Pelosi. Judge Brau Ramírez without

reading the deposition decided that I was the wrongful party.
The second reason was that I filled too many motions. That is
completely incorrect, it was a conclusory statement. The third
reason was that I wanted to litigate the derivative contingent
action without owning stock and this is also completely wrong,
I already explain, see Rule 14 of Civil Procedure of
Commonwealth of Puerto Rico. The fourth reason was that I
wanted to desist with prejudice the direct action against the
corporation for the redemption of my stock. I wanted to direct
the direct action against the majority stockholders and
administrator for violating the fiduciary duty towards the
minority stockholders. This is the correct claim, see Fletcher
Cyclopedia of Corporation Sec. 1172; Sugarman v. Sugarman
187F2d347 (1980). I filed an appeal in the Appeals Court
KLAN2011-00720, in that panel were Judges Gómez Córdova,
García García and Varona Méndez, the lawyers for the
defendant in a very frivolous argument ask for the dismissal of
the appeal because I used a private mail station certified by the
US Mail to notify the appeal documents to the lawyers. Rule
12 to 14 of the Appeals Court clearly provides that private mail

54

stations certified by the US Mails can be used. It is a branch of the US Mail Postal System. The panel KLAN2011-00720 in an abusive clearly wrong way showing bias dismissed the appeal. I appeal the dismissal of the Appeals Court to the Supreme Court CC2011-00737, the Supreme Court revoked the Appeals Court, and reprimanded it. The Supreme Court stated that how could it be possible for the dismissal when the rules of the Appeal Court clearly provide for use of private mail stations. Also the Appeal Court showed arbitrariness when the thirty days period to appeal isn't jurisdictional. The Appeals Court showed bias taking into consideration the seriousness of the penalties imposed by the District Court. The dismissal will have prevented for my appeal to be decided on the merits. The pattern of decisions against me was beginning to be clear to me, that there was a persecution of judges who wanted to punish me because I used my constitutional right under the US Constitution to file ethical charges. When the mandate of the Supreme Court arrived at the Appeals Court KLAN2011-00720 my lawyer resigned from the case. I asked the Court to be admitted in a Pro Se basis. Counselors Laguna Mimoso and

Alcaraz Micheli filed motions telling the Appeals Court to deny my petition to be admitted on a Pro Se basis. The reason was the ethical charges that I filed against Judge Dávila and Hernández González of the District Court of Humacao. Also against Judge Brau Ramírez and the panel KLCE2008-00585. I answered with a motion giving specific reasons describing all of what had happened in the case. The Appeals Court admitted my Pro Se, revoked all the reasons given by Judge Hernández González, permitted my motion to desist without prejudice. The Appeals Court decided in May 2013 that I didn't file frivolous charges against lawyers and judges, didn't file many motions, didn't abuse of the discovery process, and didn't found that the motion to disqualify the lawyers filed by lawyer was without merits. The Appeals Court revoked all the five reasons given by the Court of First Instance of Humacao. Then the Appeals Court decided that I delayed the case when I filed the motion to desist without prejudice the derivative contingent claim. Also when I desisted with prejudice the direct claim against the corporation to direct that claim against the majority stockholders and administrators. This is clearly wrong. The

discovery process was beginning.  The case was not set for trial at that time.  Furthermore the motion to desist without prejudice was filed because Judge Hernández asked for it.  In fact, the buyer of the real estate accepted the motion to desist without prejudice.  A judgment was signed by Judge Hernández with no cost to be paid by me.  There is no evidence that the case was delayed by the aforesaid motion.  The sanction is void for an additional reason.  Rule 44.2 of the Civil Procedure Rules for interlocutory sanctions provide that interlocutory costs are taxed to the party at fault.  Those costs include lawyer fees only in case of custody, see Pascual v. Vega Rodriguez 124DPR29. Further sanctions are to be paid only in favor of the state.  The $10,000 fine was collected by attorney Laguna Mimoso in the Court of First Instance of Humacao knowing the environment polluted with hostility and bias against me, this is simply unfair and abusive.  Judge Castro was the one who signed the abbussive and oppressive order.  The Appeals Court showing bias wrote that it didn't find the judgment in which the buyer of the real estate accepted the motion to desist without prejudice. The motion appears clearly in the appendix.  I filed a motion of

reconsideration and recused the panel KLAN2011-00720. It is practically impossible to recuse a judge due to cronism between judges. The recusal was denied in a conclusory way. I filed an appeal to the Supreme Court; once again the Supreme Court let in place a $10,000 fine which was a clear abuse of discretion by Judge Hernández González and by the Appeals Court. I recused the panel KLAN2011-00720 because they decided in an abusive way to dismiss my appeal for using a private mail station to notify the petition of appeal to the adversary lawyers. Even the Supreme Court reprimanded the Appeals Court for that abusive decision. Also I filed an ethical charge against that panel. As can be seen I have reasonable basis and did it with respect. The $10,000 fine was left in place by the appeal panel in an arbitrary way deciding that I delayed the case as above explained. Another panel should have decided if the $10,000 fine was correct. The fine was left in place because otherwise the abusive behavior of the same panel would have been shown more clearly when they dismissed the appeal for using a private mail station certified by the US Mail. This same panel decided that I didn't filed any frivolous ethical charges against Judges

and Lawyers, I didn't filed any frivolous recusal motions against Judges and that I could be Pro Se in the case. This decision is not discussed by the Supreme Court, the Court of First Instance of Humacao has refused to decide whether that decision revoked my disqualification ruling of April 2008 and of the Appeals Court KLCE2008-00585 of June 2008. Judge Brau Ramirez in the case KLCE2014-0414 refused to decide in a non conclusory way whether the decision of the panel KLCE2014-0414 allow my Pro Se in an angry way ordered that all my legal writings be rejected. The Supreme Court stated also in a wrong way that I filed motions in the Court of First Instance of Humacao when I was disqualified. This is wrong. I filed a motion in March 2013 on a contingent basis telling the Court to decide if my disqualification without a hearing was a valid one as before explained. Then decide whether the case should have been transferred if my Pro Se was permitted. After May 2013 I filed a motion to recuse Judge Negrón on a contingent basis because I argued that the case KLAN2011-00720 reinstated my Pro Se. Furthermore I was always permitted to appear in the Appeals Court Pro Se. The lawyers

in the Appeals Court doesn't have to be the same as the lawyer in the Court of First Instance. The Appeals Court permitted my Pro Se based in case KLAN2011-00720. In the case KJV2006-2638 in the Court of First Instance of San Juan I appeared in more than twenty hearings. The adversary lawyers never filed a motion to disqualify me. They did it in the Court of Humacao in which Judge Dávila failed to discipline attorney Laguna Mimoso, never investigated what occurred in the deposition of 2007. As before explained Judge Dávila was removed after an ethical investigation.

11.     After the Mandate of the Supreme Court arrived at the Court of First Instance Judge Hernández González continued making decisions that showed bias against me. There were clearly wrong decisions. I have reasonable basis to believe that the reason was the ethical charge against Judge Dávila. Also the lawyer for the defendant used the ethical charges to incite hostility and bias against me of other judges in the Court of First Instance of Humacao and the Appeals Court. This is an unethical an unfair behavior. I was deprived of my Constitutional Right to have a fair trial in an impartial forum.

When I tried to amend the complaint and to desist with prejudice of the direct action for the fraudulent redemption of my stock against the corporation, I wanted to direct the claim against the majority stockholder and administrator which is the correct claim, see <u>Fletcher Sec. 1172</u>. Attorney Ramos Luiña opposed my amendment; he knew that the judge was bias. Counselor Ramos argued previously that the amendment would delay the case. Amendments to the complaint are permitted liberately, see <u>Ortíz v. Marti 131DPR829 (1999); González Suárez v. Rodríguez 121DPR749 (1984)</u>. In March 2010 the discovery process had not started. The case was not set for trial at that time. Judge Hernández González denied the amendment. He then proceeded to act in an erratic way because he dismissed the complaint which was in the amendment he didn't approve. This is a clear violation of the due process of Law. Judges cannot decide claims that are not part of the fact alleged in the complaint. Attorney Ramos Luiña argued that the Blue Sky Law of Puerto Rico 10LPRA Sec. 890 with a two year period of the statute of limitation without tolling "caducidad" argued that the statute of limitation had expired.

61

The redemption was in June 1998, I obtained knowledge of the fraud on February 2007 and I filed the claim on August 2007. The Corporate Principle of Law applicable see <u>Fletcher Sec. 1172</u>, the statutes of limitation runs from the date knowledge of the fraud is gained with due diligence. Under the Blue Sky Law of Puerto Rico 10LPRA Sec. 890 runs automatically from the day of the redemption "caducidad". Judge Hernández made applicable the Blue Sky Law of Puerto Rico without any precedent. I pointed out that the universal rule in Corporate Law is that Blue Sky Law are not applicable to private corporations, see <u>Fletcher 6779</u>. That controversy has been decided by the Supreme Court see <u>Olivella Zalduondo v. Seguro 2013JTS2</u>. I didn't notice immediately that the decision was void because it decided a controversy that was not under the original complaint, it was on the amendment proposed that the judge didn't accept. In the final judgment the judge dismissed the claim that was on the original complaint. The decision was void for the reason explained and also because the judge was bias, see <u>Liteky v. US, supra; Davila v. Meléndez, supra; Wright and Miller Sec. 3550</u>. Counselor

Ramos Luiña, attorney for codefendant Enid Perez Soto made the frivolous argument that the statute of limitation to void fraudulent contracts under Article 1250 of Puerto Rico Civil Code was a "prescripción", that means that the statute is not tolled began to run when the plaintiff acquires knowledge of the illegal act. This is correct. Then he argued that the Spanish commentators of that Article of the Civil Code the counterpart of the Spanish Civil Code is what is called "caducidad". This term means that the statute of limitation runs automatically without tolling from the date the illegal act occurs. Then he argued that that doctrine of the Spanish commentators is the one applicable. This is completely wrong, many Spanish commentators have the opinion that the aforesaid statute of limitation is "prescripción" not of "caducidad", see Francisco Javier Sánchez, Derecho Civil; Judgment of Spanish Supreme Court February 1977. Furthermore the rule of Law applicable is what the Supreme Court decides, the Supreme Court of Puerto Rico has decided that the period is of "prescripcion", see Ortiz Rivera v. Sucesión González 93DPR563 1950; García v. Banco Popular 172DPR759. The redemption occurred in

June 1998, I acquired knowledge with due diligence in February 2007 of the fraud. If filed the complaint on August 2007. The Blue Sky Law of Puerto Rico 10LPRASecc870 has a two year period of "caducidad". The project of the judgment signed by Judge Hernandez Gonzalez was prepared by attorney Ramos Luiña. In an illogical way that judgment signed in December 2010 stated that the two year statute of limitation of Puerto Rico Blue Sky Law was applicable and even if that statute is not applicable then the Article 1250 of Puerto Rico Civil Code was applicable. It should be pointed out that the Blue Sky Law has a period of "caducidad" and the Article 1250 of Puerto Rico Civil Code has a "prescripción" as a statute of limitation. The judgment doesn't make sense. Also the judgment was void for the additional reason here explained that the Judge dismissed the claim that was in the original complaint against the corporation and not the one we proposed in the amendment that he didn't allowed. I became aware of the nullity of the decision on July 2012. I appealed to the Appeals Court KLAN2011-00180 composed of Judges Coll Martí, Jimenez Velazquez, Domínguez Irizarri. I didn't argued in the

Appeals Court the nullity of the decision because of bias and for the additional reason of deciding a controversy that was not in the complaint, an advisory opinion, see ELA v. Aguayo 80DPR551 (1958); InRe Center Wholesale 259F2d144. In the Appeals Court I found again bias and hostility against me. The Appeals Court decided that the Blue Sky Law of Puerto Rico was not applicable, then decided that I had a four year period to nullify the contract of redemption under Article 1250 of Civil Code that deals with "dolo", fraud. Then the Appeals Court stated without any evidence that I had knowledge of the fraud "dolo", that I was the accountant for the corporation. I am a CPA and a lawyer, but there were three not contradicted sworn statements that I was never involved in the business of Cantera Perez in any way. I only received the dividends. Mr. Cordero Soto was the Administrator with my father of the business. Also there were four additional not contradicted sworn statements stating that I was told that three pieces of real state valued at more than 4 million dollars didn't belong to the corporation, which was false. Also I was told that the rock that could be mine and extracted from the corporation could be

65

finished and depleted on January 2004, later on I gained knowledge through a geological report that the corporation had rock up to the year 2032. The redemption was held in June 1998. I was deprived to have my day in Court. When there are disputed essential facts a motion of summary judgment cannot be granted, see <u>Roth v. Lugo 82DPR386; Nieves Encarnación v. ELA 113DPR183 (1987).</u> In this case there was no disputed facts because my sworn statements were not contradicted. Later on the Appeals Court insulted me and stated that I had neither integrity nor credibility. They illegally obtained judicial notice of the appendix in the other appeal that I have already described KLAN2011-00720. In the appendix of that case was the bias and punitive judgment dismissing the derivative contingent claim and sanctions for $10,000. The judgment of the case KLAN2011-00180 was on June 2011. An Appeals Court must give notice of obtaining judicial knowledge because it can violate due process of Law, see <u>Emanuelli Derecho Evidenciario.</u> The bias of that decision is evident when on May 2013 in the case KLAN2011-00720 the Appeals Court decided I had credibility and integrity when they revoked the bias and

punitive judgment of the Court of First Instance District of Humacao by Judge Hernández González. The Appeals Court in the last mentioned case decided that I didn't filed frivolous charges against judges and lawyers, that I could practice Pro Se. Also the Appeals Court KLANKLCE2011-00180 in its judgment committed the same error of the Court of First Instance of the District of Humacao when they dismissed the direct claim against the corporation that was on the original complaint. The same error that was committed on the Court of First Instance of Humacao that decided the claim that was on the amendment that the Court didn't permit. The judgment by the Appeals Court KLAN2011-00180 was null and void because of bias, see Dávila v. Meléndez, supra and because it's also rendered an advisory opinion, see ELA v. Aguayo, supra. I didn't argue the nullity of the decision by the Appeals Court and of the Court of First Instance in the Appeals Court. Also the Appeals Court made a statement that shows ignorance. It stated that I couldn't filed the direct action because I didn't have stock of the corporation. The Appeals Court confused the direct action with the derivative action. In the direct action the

controversy is the voidance of the redemption of stock. In the derivative action the corporation is the beneficiary of that action, it is a formal defendant but a real plaintiff. The claimant has to show that he has stock. In the direct action the beneficiary is the claimant. Nevertheless the judgment was clearly illegal. My sworn statements were not contradicted. A motion of summary judgment against me by defendant Enid Perez Soto could not be granted. I have reasonable basis to believe that ex parte communications were held between panels of the Appeals Court KLAN2011-00720 and KLAN2011-00180 and they tried to punish me for filling an ethical charges against Judge Davila and Hernandez Gonzalez, see <u>US v. First 886F2d552; US v. York 246Fed Supp 2nd 130.</u> Exparte communications can cause the nullity of the judgment of a Court for violating due process and showing bias. I appealed to the Supreme Court the decision KLAN2011-00180 and once again the Supreme Court didn't grant the writ of Certiorari and left intact a decision that was clearly illegal. The rule of Law was not followed by the Supreme Court. When there are disputed facts a motion of summary judgment cannot be

granted, see <u>Roth v. Lugo, supra</u>.  In this case I was the only person who filed not contradicted sworn statements.  Enid Perez Soto who filed the motion of summary judgment only offered the redemption contract.  It was the fourth time that the Supreme Court didn't grant the Certiorari and left intact a clearly illegal decision against established principles of Law, the rule of Law was not followed.  I have reasonable basis of bias because of this pattern of decisions.  My free speech right under the first amendment protects me because I can claim bias as long as I have reasonable basis to do so and express it with respect, which I did, see <u>InRe Little, supra; Holt v. Virginia, supra.</u>  The Supreme Court has already disbarred me in a procedure devoid of due process of Law.  This is a prior restraint violating my first amendments right of free speech and of due process.  I have reasonable basis to protest the decisions that I have already described of the Court of First Instance of Humacao, of the Appeals Court and of the Supreme.  The Appeals Court KLAN2011-00180 deprived me of having my day in Court.  I was prevented to offer in evidence a geological study which showed clearly that the deposit of rock of Cantera

Perez will be completely extracted in the year 2032. I was told fraudulently that in January 2006 it would be completely extracted. Also I was told that three pieces of real estate valued at more than 4 million dollars were sold by Cantera Perez but it was not true. I was never involved in the business of Cantera Perez.

12. Judge Hernández González continued to decide with bias to punish me because I dare to file an ethical charge against Judge Dávila. It is very unfair that the lawyers for the defendant Laguna Mimoso, Ramos Luiña, Alcaraz Micheli, Cordero Alcaraz continuously in a repeated way used the ethical charges that I have filed to incite and provoke hostility of judges towards me in the Court of First Instance of the District of Humacao and San Juan and in the Appeals Court. Their strategy was to take unfair advantage of the ethical charges I have filed to win the case. In August 31, 2011 Judge Hernández González amended the complaint motu proprio and then proceeded to dismiss a claim that only existed in the amended complaint. The original complaint didn't have the claim that Judge Hernández dismissed. Attorney Ramos Luiña

70

who knew the bias of Judge Hernández against me prepared a proposal of judgment.  He cited the case of <u>Melendez v. Fei 135DPR610 (1994)</u> that supposedly gave the authority to a judge to amend the complaint and then dismiss the claim that only existed on the amendment complaint.  The case cited doesn't give any authority to the judge to do and egregiously illegal act.  Only the plaintiff can ask for an approval to amend the complaint, see <u>González Suárez v. Rodríguez 121DPR749 (1984)</u>.  It should be remembered that this same judge denied my right to amend the complaint on March 2010 because supposedly it delayed the case.  In the claim I argued that in the Certificate of Incorporation of Cantera Perez had a clause which has the intention to maintain the proportionate interest of the stockholders.  It was a restriction in the transfer of stock, see <u>Fletcher Sec. 5457</u>. The statute of limitation in those types of restrictions begin to run when the aggrieved party obtains knowledge of the illegal transfer with due diligence, see <u>Fletcher Sec. 5457.</u>  I obtained that knowledge on February 2007 when after obtaining knowledge of the fraud in my redemption I noticed that I had an additional reason to void the

transfers of stock made by the defendant on July 1998 by gifts or donations. Judge Hernández decided that the statute of limitation began to run automatically without tolling "caducidad" under Article 1251 of the Civil Code that regulates fraudulent transfers against creditors. The rule under that Article is that the statute of limitation starts to run after the aggrieved party obtains knowledge of the illegal transfer there is no "caducidad". I appealed the decision to the Appeals Court of Judge Hernandez KLAN2011-01525 composed of Judges Cortes Trigo, Cordero Vazquez, Soroeta Kodesh. The Appeals Court once again decided against me. This last decision was the least erroneous. The Appeals Court decided that Article 22.01 of the Corporate Law of Puerto Rico made applicable Article 6.07 of the prior Law of Corporation which provided a four year period to void fraudulent transfer of stock. The decision was that the statute of limitation began to run automatically without tolling "caducidad" which is not correct. Under that statute the period begins to run when the aggrieved party obtains knowledge of the illegal transfer, see Thompson v. Gainsville 162P2nd198. I didn't appeal this judgment to the

Supreme Court. At that moment I had begin to loose faith in the Commonwealth Judicial System. All the decisions against me were clearly wrong. This pattern gave me reasonable basis of bias. I am protected by my right of free speech to claim bias in all those decisions.

13.   Judge Hernández González ordered that I had to amend the complaint to include my son Hiram Perez Arrillaga as a defendant. The petition was made by the lawyers of the defendant in order to harass me. Mr. Hiram Perez Arrillaga is not a heir. He received a gift of "nuda propiedad" of stock of Banco Popular in 2001 from the descendant. Mr. Pérez Arrillaga accepted that he received the gift of stock and if he had to give back something when the estate is divided due to the forced heir ship rules he would do it. The dispute was not mature; see Asociación de Guardias Penales v. Secretario de Justicia 87DPR711. At the request of the lawyers of the defendant to harass me Mr. Perez Arrillaga was prevented from being represented by my lawyer. Additionally Judge Hernandez after granting an order to distribute the income of the estate, see Anselmo García, supra. I asked for the

distribution because I needed the funds to pay lawyers after I was disqualified in an arbitrary way in April 2008. The order was finally granted in June 2011 after a constant opposition by the lawyers of the defendants. The order followed the prior order of Judge Garriga of December 2009. Attorney Cordero Alcaraz lying obtained the approval of the Judge not to make a monthly distribution because supposedly UBS and Santander Securities needed a monthly order, this was a lie. Judge Hernández didn't follow his prior order; another order had to be prepared. I filed an ethical charge against Judge Hernández, he was taken out of the case by Chief Judge Hernández Denton but no ethical complaint was filed. Chief Judge Hernández and his employee Judge Sonia Ivette Vélez González as the Judge Administrator of the Judicial Administration violated my civil rights, McMurray v. Board 428Fed Sup 7. This is all because when the Judge was taken out of the case without any judicial discipline this didn't dissuade other judges from punishing me for filling ethical charges. Judge Hernández and other judges should have been disciplined with due process of Law. The punishment should have been proportioned to their ethical

74

behavior.   The punishment could have gone from an admonishment to a suspension with no pay for a reasonable period of time.  In this way judges would have learned that they cannot inflict punishment to a lawyer for filling ethical charges with reasonable basis and respect. Also it should be pointed out that ethichal charges don't in any way cause damage or hamper the Judicial Proceedings.   The ethical charge if it doesn't warrant the filing of an ethical complaint it is simply dismissed. The same happens with a recusal of a Judge, but there is the constitucional right to recuse and file an ethical charge with reasonable basis and respect, see InRe Cardona, supra; Holt v. Virginia; InRe Little, supra.  In the case of an ethical charge if it is dismissed measures should be taken to ensure the Judges don't engage in ex parte conversations and begin to punish the complaining party, for excersising the constitutional right of free speech. This is what happened here.  If the ethical charge is granted the ruling or judgment is not neccesarily voided, it depends on the facts of the case, see Lilje Beri v. Health 486US847.

14. When the appeals were finally dismissed as I before explained in an unfair and bias way, KLAN2011-00180, KLAN2011-01525, I realized that I could file a complaint trying to nullify the two judgments of Judge Hernández González. The reasons were that in the judgment decided December 30, 2010 was void because the judge didn't permit the amendment and then in an illogical way decided the claim that was in the amendment. The judge rendered an advisory opinion that didn't exist in the complaint violating the due process of Law, see ELA v. Aguayo, supra. Also in the judgment the Judge dismissed the claim that was in the original complaint against the corporation. The bias that can void a judgment can be based on the same judicial decision or extrajudicial facts, see Liteky v. US, supra; Dávila v. Meléndez, supra. When a judge is bias his judgment can be voided, see Wright and Miller Sec. 3550. I obtained the knowledge about the nullity of the two judgments in July 2012 and I filed a complaint in the Court of First Instance District of San Juan August 2012, see case KAC2012-0840. I think it was a mistake of mine to try to void the two judgments in part based on the bias. The judge was taken out of the case by the Chief

Judge Hernández Denton after I filed ethical charges against him and after ethical investigation. My mistake was because in the Judicial System in the Commonwealth of Puerto Rico is very difficult if not impossible to void a judgment because of bias of a judge. This practice of cronism violates the Constitution of the United States which provides for an impartial forum, see Capperton v. ATMassey, supra. When I filed the complaint KAC2012-0840, presided by Judge Marrero Guerrero, in the Court of First Instance District of San Juan attorneys Ramos Luiña and Alcaraz Micheli began once again to use the ethical charges I had filed against judges to incite hostility and bias against me. This is a clear ethical violation of those lawyers. Those lawyers have continued that unethical practice. Attorney Ramos Luiña insisted that my complaint should be not only dismissed but rejected as an insult to the Judiciary of the Commonwealth of Puerto Rico. That argument I think can be labeled as outrageous. Two judges of the Court of First Instance of San Juan case KAC2012-0840 recused themselves. The case was a difficult case because the facts showed clearly that Judge Hernández González acted in an

arbitrary way. Attorney Ramos Luiña filed a motion of dismissal after the case was pending for more than nine months. A judge dismissed the complaint without a hearing. In that judgment once again I confronted a bias judge. The judge decided that the controversies were real. I argued that the controversies didn't exist in the complaint and couldn't be decided. The Judge didn't mention that no Court can decide controversies that didn't exist in the complaint. Also a judge cannot amend motu proprio a complaint and order to dismiss the claims that didn't existed in the complaint, see ELA v. Aguayo, supra. The judge didn't discuss the facts where I obtained reasonable basis to argue that Judge Hernández was bias. The judge didn't even mention that Judge Hernández Gonzalez recused himself de facto after an ethical investigation. It must be remembered that a motion of dismissal can only be granted when the Court after accepting the correctness of the specific facts alledged it determines that there is no cause of action, see Ascroft v. Iqbal 129SC193 (2009). If there is any concibable facts or principles of Law that could be applicable, the claim cannot be dismissed, see Dorado v. Wrangler

98JTS49; Mora v. Vélez 100DPR573. Also the judge decided that I was under the obligation to argue the voidance of the judgments when I appealed them. This is incorrect. The case of Olmedo Sueiro 125DPR294; Wright and Miller Sec. 2862; Rodríguez v. Genlitze 392Fed Supp22 (2005) decided that when a judgment is void it doesn't exist juridically. The nullity and voidness of the judgment can be argued in a complaint even if the nullity was not argued in a prior appeal. Then the judge proceeded to sanction me for $3,000 because the claim was frivolous. This was completely unfair. Those $3,000 of fine were made because I was criticizing a fellow judge. There is no basis whatsoever for a $3,000 fine for a frivolous claim. I filed a motion of reconsideration and a motion to recuse the judge. The motion of recusal was decided against me by a fellow judge Cancio Vigas. He stated that I should appeal the case. The decision not to recuse the judge was conclusory. I appealed the case KLAN2014-0086 composed of Judge Hernández Sánchez, Steidel Figueroa, Hernández González. The Appeals Court affirmed the judgment of the Court of First Instance. The judgment of the Appeals Court was also

conclusory. The Supreme Court didn't gran the writ of Certiorari. Once again, this is the fifth time, the Supreme Court left intact a clearly egregiously wrong decision. This is the fifth time that the Supreme Court left intact a judgment that was clearly erroneous and illegal. My Constitutional Right to have an impartial forum in which I can win or loose my case with civility and respect was violated, see Capperton v. ATMassey, supra.

15. When Judge Hernandez Gonzalez recused himself de facto Judge Negrón Villardefranco Court of First Instance District of Humacao came to preside the case. At that time I had no knowledge that Judge Negrón was bias against me. I was apprehensive that due to the fact that at that time two judges have been removed from the case by the Chief Judge Hernandez Denton. It could considerably generate a situation of hostility towards me. That's why the case of Campoamor Redín 96JTS6. Provides the right to a litigant to transfer the case when a judge in a small forum is recused for ethical reasons to maintain the principle of the appearance of impartiality of the judiciary. I was not Pro Se, my lawyer

80

didn't wanted to file that motion.   Judge Negrón made a decision which showed bias and hostility towards me, he signed an order which was prepared by attorney Cordero Alcaraz in which ordered the payment of invoices by the estate including legal invoices summited by attorney Cordero to her father, the person who was named Judicial Administrator illegally and in an arbitrary way. I objected to legal invoices. I also objected to fees for the Administrator, and I objected more than $300 for the accountant of the estate for each three month service. The financial information is given by the two financial companies in which the funds of the estate are invested.   The accountant, Mr. Carbonell, is the husband of Mrs. Valeiras Perez one of the defendants in the case, daughter of Enid Pérez Soto.   Those invoices were for the amount of $9,000 at October 2013, and then they were inflated to $90,000 at June 2014, and fraudulently again inflated to $140,000 at May 2015.   The history of my objection to those invoices began in 2011.   In July 2011 attorney Cordero Alcaraz filed a motion, the heading of the motion appeared the name of the Appeals Court KLCE2011-00057.  That motion was never filed in the Appeals

Court, it was filed only at the Court of First Instance of Humacao in order to induce to error the Treasury of Humacao Court. Judge Hernandez Gonzalez in August 2011 ordered that there were some invoices that had been objected by me. Attorney Cordero Alcaraz in an unethical way filed three additional motions with the heading of the Appeals Court in the Court of First Instance in Humacao to induce to error the Treasury of the Humacao Court. In those motions attorney Cordero Alcaraz was lying stating that in the hearing of June 13, 2011 there was an agreement to pay those invoices. It was blatant distortion of the truth, it was a lie. On November 3, 2011 Judge Hernandez Gonzalez signed two orders which were incompatible. In one of them he ordered that all the invoices should be paid. In the other he ordered that only invoices that weren't objected should be paid. The two orders were notified. I have reasonable basis to conclude that ex parte conversations were held by the attorney for the defendant with Judge Hernández González. The conspiracy consisted in trying to craft an ambivalent order so that it could be construed as providing for the payment of all the invoices. In January 17,

2012 Judge Hernandez signed an order in which the heading and number were of the Appeals Court ordering the payment of all the invoices stating that the reason was an agreement held at the hearing of June 13, 2011. The order was prepared as a proposal by attorney Cordero Alcaraz. On December 2013 I found the order when I was examining the file of the case. There was a note stating that the order was not notified and was not entered into the computer system. The personal of the Court told me that they couldn't give me a copy of the note. The note was taken out of the file of the case and disappeared. The person who committed that act distorting the file of the case was the person who acted as secretary of the hearing of June 13, 2011 in which the minutes were prepared in an ambivalent way. Those minutes were used by attorney Cordero Alcaraz to lie repeatedly stating that there was an agreement to pay those invoices to which I objected. I signed a letter of protest to the Judge Administrator of the Court of Humacao, Judge Rodríguez Olmo never responded my letter of protest. I have reasonable basis to believe there was a conspiracy between Judge Hernández González, attorneys Cordero

Alcaraz, Ramos Luiña and Alcaraz Micheli with the Secretary of the Court which disappeared the above mentioned note. They were trying to order the payment of invoice I objected through and ambivalent order. I have the recording and the transcription of the hearing of June 13, 2011 and there was no agreement. On October 2011 there was a hearing before Judge Hernandez Gonzalez. At the hearing attorney Cordero Alcaraz continued to lie about the false agreement of June 13, 2011. Judge Hernández González told in Court that there were objections to some of the invoices. That the approval of the administrative report of the Administrator didn't entail the approval of the objected invoice contained in that report. Judge Hernández ordered the notification of the minutes of the hearing of October 2011 and the ambivalent minutes of the hearing of June 2011. They were trying to obtain approvals telling lies. Judge Hernandez was taken out of the case. Judge Trigo Ferraiouli came to preside the case. This judge showed impartiality and professionalism. She conducted a hearing on April 2012. Attorney Cordero Alcaraz never had the courage to propose an order to Judge Trigo for the payment of the invoices

84

based on the lies of the false agreement of June 13, 2011. Judge Trigo ordered attorney Cordero Alcaraz to prepare an order for the payment of the invoice not objected, attorney Cordero Alcaraz did so. Judge Trigo was recused by the attorneys of the defendants because she was impartial. The former attorney for the defendant Arleene Valiras Pérez, attorney Rafael A. García López told the judge that he had prepared legal documents to her and her sister "Declaratoria de Herederos". Also that he worked for a legal firm which provided legal services to her father before he passed away. No mention was made of the day or type of legal services. There was no reason for the recusal. They did it because she was impartial. Judge Trigo recused herself in June 2012. In March 2013 I filed a motion in Court asking for the transfer of the case. I argued my disqualification on April 2008 was void because it was based on lies and didn't had a hearing. The disqualification was at the request of the adversary lawyers, see Kmart v. Walgreens, supra. The motion was filed on a contingent basis, Rule 14 of the Code of Civil Procedures. The legality of my disqualification was first to be decided and then

if decided in my favor the transfer of the case could be decided. Anyhow my lawyer at the time began to discuss and argued in a hearing the transfer of the case. At that time three judges of the Court of First Instance had recused themselves, two of them after ethical investigation. The attorneys of the defendants opposed the transfer of the case. They had no reason for opposing the transfer of the case. The attorneys for the defendants only had the right, as I do, of an impartial forum to decide the case. They opposed the transfer because they knew there was a poisoned atmosphere in the Court of Humacao after I filed ethical charges for judges. In April 2013 Judge Negrón refused the transfer of the case in a conclusory way. He used only the arguments of venue and didn't mention that three judges have recused themselves in the Court of Humacao. On October 1, 2013 Judge Negrón showed bias towards me after signing an order with the heading of the Appeals Court ordering the payment of all the invoices for the false reason that there was an agreement on June 13, 2011 which was false. This was made to confuse the Treasury Division of the Court of Humacao. The order of Judge Trigo of April 2012 was binding

86

only non disputed invoices could be paid.  The order proposal was prepared by attorney Cordero Alcaraz.  I realized I was confronted once more by a judge with hostility towards me.  In December 2012 I filed a motion asking for Judge Negrón to declare void the naming of Mr. Cordero Soto for Judicial Administrator and "Contador Partidor".   The decision of Judge Sagebien KJV2006-2638 Court of First Instance District of San Juan was res judicata.  Judge Negrón never decided that motion because o the hostility and bias against me.  I filed a motion to recuse Judge Negrón.  I also told the Court that the Appeals Court in the case KLAN2011-00720 on May 2013 had granted me the right to practice my profession as a lawyer in the case revoking the arbitrary decision of Judge Dávila Vélez of April 2008 and of the Appeals Court KLCE2008-00585 on June 2008. That motion was filed also on a contingent basis, Rule 14 of Civil Procedure Rules.  Judge Rodríguez Olmo denied the motion of recusal stating that for judicial decisions no judge can be recused.  This is completely illegal; see Liteky v. US, supra; InRe Boston Children, supra; InRe IBM 234F3d34; Dávila v. Meléndez, supra; InRe Honorable Díaz García, supra.     I

recused Judge Negrón because I had reasonable basis to conclude that the signing of the order of October 1, 2013 was arbitrary. There was an order of Judge Trigo of April 2012 that was prepared by attorney Cordero Alcaraz as a proposal and signed by Judge Trigo. The order mandated that only the invoices not objected were to be paid. Attorney Cordero Alcaraz never argued to Judge Trigo that there was an agreement on June 13, 2011 that the objected invoices were to be paid. I think Judge Negrón engaged in ex parte conversations with the attorneys for the defendant, Cordero, Alcaraz and Ramos. The order signed by the Judge on October 1, 2013 was completely arbitrary. It should be remembered that the order of October 1, 2013 had the heading of the Appeals Court stating that there was an agreement in June 13, 2011. The order was part of a scheme to confuse the Treasury Division of the Court of First Instance of Humacao. That was the reason why I filed a motion to recuse the judge and to reinstate my Pro Se. As before explained my Pro Se was arbitrarily revoked and on May 2013 the Appeals Court KLAN2011-00720 reinstated my Pro Se. Attorney Ramos and

Alcaraz opposed my motion citing again the ethical charges I have filed against judges. Attorney Ramos wanted me to be cited for contempt. This is very unfair. Judge Rodriguez Olmo in a conclusory way without a hearing denied the motion of recusal. In that motion he stated that for judicial rulings a judge cannot be recused. This is outrageous, see Liteky v. US, supra; Dávila v. Meléndez, supra; InRe Honorable Díaz García, supra. On December 16, 2013 a hearing was held presided by Judge Negrón Court of First Instance District of Humacao. At that hearing when the recording machine was turned off attorney Cordero told the Judge that he should remember to sign the order of October 1, 2013 again based on the ex parte conversation they held. I was stunned and bewildered. A friend of mine which was in Court corroborated what I heard. Judge Negrón proceeded to sign for the second time the order of October 1, 2013. The order was signed with the heading of the Appeals Court based on the false agreement of June 13, 2011 which was false. Attorney Ramos Luiña filed a motion admitting that conversation ex parte were held with Judge Negrón, the reason for asking to sign the order for the second

89

time was that attorney Beléndez, which was in the case representing Mr. Perez Arrillaga, was not notified. I proceeded to appeal the denial of the recusal KLAN2014-0414 composed of Judges Hernández Serrano, Brau Ramírez, Cintrón Cintrón. In that case Appeals Court Judge Brau Ramírez appears once more in the case with hostility towards me, insulting me in an unjustified way. In the resolutions signed by Judge Brau Ramírez on April and August 2014 he insulted me stating that I committed contempt when I filed the motion of recusal of Judge Negrón. He also stated in a conclusive way that I was emotionally involved in the case. Also stated that I was disqualified on April 2008 and that I have filed ethical charges against judges without reasonable basis, which is false. I recused Judge Brau Ramírez, told the judge that should read the opinion in the Appeals Court case KLAN2011-00720 which stated clearly on May 2013 that I didn't filed frivolous ethical charges against judges and lawyers and stated that I could represent myself in a Pro Se basis. I recused Brau Ramírez. The recusal was decided by another panel in which Judges Troadio González Vargas and Nieves Figueroa in a conclusive

way decided not to grant the motion of recusal. No reason was given whatsoever. I told the panel that one of the reasons I had to recuse Judge Negrón of the Humacao Court was that he refused to decide since December 2012 that the positions of Mr. Cordero Soto as Judicial Administrator and "Contador Partidor" were null and void. Additionally Judge Troadio González and Nieves Figueroa decided the case KLCE2011-00057 as before explained they refused to decide that the positions of Cordero Soto were clearly illegal and void. I recused Judge Troadio González Vargas and Nieves Figueroa. The recusals of Judges Nieves Figueroa and Troadio González Vargas were never decided. This is completely illegal and bias against me. Those recusals complied with Rule 63 of Civil Procedure of Puerto Rico. They had detailed facts and were sworn citing legal reasons why they should be recused. Judge Brau Ramírez proceeded to insult me once again. Ordered that all my motions were to be rejected and delivered back to me. He refused to decide whether the case KLAN2011-00720 had approved my Pro Se in a nonclusory way. It should be remembered that the lawyer in the Appeals Court doesn't have to be the same as in

the Trial Court.  Judge Administrator Migdalia Fraticelli Torres
had the legal obligation to prevent that the Mandate of the case
KLAN2014-0414 delivered to the Court of First Instance
District of Humacao without motions of recusal being decided.
I will later explain that after this incident Judge Fraticelli Torres
which apparently if friend of Judge Brau Ramírez proceeded to
punish me in an arbitrary way making decisions that were
completely illegal with sanctions against me.  I have reasonable
basis to conclude that after the recusal of Judge Brau Ramírez,
González Vargas and Nieves Figueroa the Judge Administrator
of the Appeals Court Fraticelli Torres intervened in the case to
punish me in an arbitrary way making decisions that were
completely illegal, including a $3,000 sanction.

16.     Judge Negrón of the Court of First Instance of the District of
Humacao.  Held a hearing on June 26, 2014.  The Mandate of
the case KLCE2014-0414 arrived on August.  The recusal of
Judge Negrón was never decided by the Appeals Court.  The
recusal of Judge Brau Ramírez, González Vargas and Nieves
Figueroa were never decided either.  In the hearing of June 26,
2014 Judge Negrón admitted that there was never and

agreement on June 13, 2011 to pay the objected invoices.  He should have sanctioned the lawyers for lying about this false agreement.   Judge Negrón proceeded to set a hearing for September 26, 2014 to discuss the objected invoices. In that hearing the lawyer for the defendant stated another lie that the deposition of Mr. Cordero Soto of October 2010 was finished. This is not true.  The same deposition stated clearly that the deposition was interrupted and to be continued later on.  Also there was another deposition in November 2014 of Mr. Cordero Soto that was also interrupted.  Also there were minutes of hearing held in April and October 2012 in which dates of depositions were set with agreement of all the parts.  Judge Negrón accepted without evidence that the deposition of Mr. Cordero Soto was finished.  All these lies by the lawyers of the defendants were made because they knew Judge Negrón was bias.  I have reasonable basis to conclude that there were ex parte conversations.  On the hearing of September 26, 2014, there was no such hearing, because no one offered evidence of the disputed invoices.  It has been a long standing rule that the "Albacea" or Judicial Administrator is the one who has the

burden of proof to prove the legality and correctness of the disputed invoices, see Mercado v. Mercado 66DPR38 (1945); González Tejera Derecho de Sucesiones Vol. 2 Pag. 512. Judge Negrón had the legal obligation to offer advice to the litigants of who had the burden of proof. My lawyer filed a motion telling the Court that he didn't offered any evidence because we didn't had the burden of proof. Judge Negrón approved the disputed invoices that were inflated fraudulently from $9,000 on October 1, 2013 to $90,000 on June 2014 and $140,000 on May 2015. It was a travesty of justice. It must be remembered that the same Judge Negrón had signed two orders with the heading of the Appeals Court to confuse the Treasury Division of the Court of Humacao for the payment of the disputed invoices. In those orders Judge Negrón stated that there was an agreement on June 13, 2011. Later on he recanted and accepted it wasn't true. My lawyer filed a motion of reconsideration on September 2014 he dismissed the motion on November 2014. Later on December 2014 we filed a motion asking the new Judge Castro Rodríguez to declare null and void the approval of the disputed invoices since there was no hearing

and the person who had the burden of proof didn't offered any evidence. This motion was dismissed by Judge Negrón on March 2015. It must be cleared that Judge Negrón had recused himself de facto on October 2014. I had already filed ethical charges against him. On October 2014 the Court Administration notified me that the charges had sufficient merit to be sent to the Legal Division for examination. Judge Negrón decided the motion at the request of Judge Castro Rodríguez who was the one presiding the case. Later on I will explain that I filed a writ of Certiorari to the Appeals Court KLCE2015-00534 to review the decision of Judge Negrón of March 2015. In that Certiorari I also requested the review of other two decisions of Judge Castro Rodríguez that I will later explain. Attorney Cordero Alcaraz in an unethical act filed a motion of dismissal on May 1, 2015 in the Appeals Court and didn't notified me that motion, didn't notified the ruling of Judge Negrón of March, only notified the prior ruling of October. The motion of reconsideration of September and the decision of Judge Negrón on November. Judge Fraticelli, Judge Administrator, sanction me for $3,000 for asking a review of a

decision which was final. She was completely wrong. Judge
Fraticelli Torres was also bias. I have reasonable basis to
believe she is a friend of Judge Brau Ramírez. After Judge
Brau Ramírez ordered my motions to be delivered back to me
case KLCE2014-0414 Judge Fraticelli started to make bias
decisions against me punishing me. The very important case
KJV2006-2638 October 2009 Court of First Instance of San
Juan Judge Sagebien disappeared from the map. Judges in the
Court of First Instance of San Juan, Court of First Instance of
Humacao, Appeals Court, the Supreme Court refused even to
mention if that judgment which was binding and res judicata.
There was bias in a conspiracy against me.

17.     On September 26, 2014 lawyers Cordero, Alcaraz and Ramos
continued the pattern of lying to the Court. They knew that
Judge Negrón and the Humacao Court were bias against me. I
have reasonable basis to conclude that there were ongoing ex
parte conversations between Judge Negrón and these lawyers.
Those lawyers told the Court that the discovery process had
finished. That the deposition of Mr. Cordero Soto had finished.
They wanted to set the date for the trial without any meaningful

discovery process. Judge Negrón set the date for the trial for January 2015. The lawyer I had at the time resigned my representation in part for medical reasons. The lawyers opposed his resignation. Judge Negrón admonished me that any new lawyer had to comply an unjust and unfair timetable. At that hearing Judge Negrón punished me with a sanction of $2,400 because I filed three motions to the Court. In those motions I explained to the Court that in the case KLAN2011-00720 on May 2013 the Appeals Court reinstated my Pro Se and decided that I didn't filed any frivolous motions against lawyers and judges. Attorney Ramos Luiña knowing Judge Negrón was bias against me told the Court not to let me speak and defend myself violating the most basic concept of due process of Law, see InRe Ríos Ríos 112DPR353 (1987). Those sanctions were in the nature of contempt. I had the right to defend myself. Attorney Ramos insulted me by telling the Court that I was a vexatious litigant and Judge Negrón nodded with the head. Another hearing was held on December 12, 2014 before Judge Castro Rodriguez at the Court of First Instance District of Humacao. At that hearing the lawyers

continued the pattern of lying to the Court. They knew Judge Castro Rodriguez was bias because he was a friend of Judge Negrón who was being investigated by the Court Administration. They told the Court once again that the discovery process was finished, that the deposition of Mr. Cordero Soto was finished. They presented themselves with a preliminary pretrial document which was fraudulent. No meeting was held by the lawyers to prepare a preliminary pretrial document. The pretrial set for December 12, 2014 was cancelled because my lawyer resigned for medical reasons from the case. Judge Castro set the date of the trial for April 2015 without discovery process which would have been fatal on my claims. The previous Judge Negrón had also set the date for trial for January 2015. The two Judges were bias against me and wanted to set the trial date in a hurry without adequate time for the discovery process that was beginning. Judge Negrón in the hearing of September 26, 2014 told me arbitrarily that any new lawyer that would assume my representation would have to comply with an inflexible time table that didn't permit an adequate discovery. Another lie told by the adversary lawyers

on December 12, 2014 was that the hearing held on September 26, 2014 was for the removal of Cordero Soto of his illegal positions. Judge Castro after the hearing of December 12, 2014 asked Judge Negrón to order and decide the claims of the adversary lawyers in relation to the discovery process, the agenda for the September 26 hearing, and the decision about the disputed claims. Judge Negrón which as before explained recused himself de facto after my ethical charges against him decided that the discovery process must continue, that the hearing held in September 26 was for the decision of the disputed claim, not for the removal of Mr. Cordero Soto. As we can see once again the adversary lawyers were lying to the Court. No sanction was imposed to them.

18.     On March 2015 three decisions were made by Judge Negrón and Judge Castro. Judge Negrón decided that the disputed claims were valid even though no hearing was held. Judge Castro decided on the same month that the petition to transfer the case made by me on December 2014 was already decided by Judge Negrón on April 2013. This is completely incorrect. On April 2013 two judges of the Humacao Court had recused

themselves, Judge Davila de jure and Judge Hernández de facto. On October 2014 Judge Negrón recused himself de facto after ethical charges against him.   I received a letter from the Court Administration telling me that the ethical charge against Judge Negrón had reasonable basis.   Under the principles of InRe Campoamor Redín, supra when a judge recuses himself for ethical reasons the case can be transferred to another jurisdiction for the sake of the appearance of impartiality.   The decision of Judge Castro Rodrguez that the prior decision of Judge Negrón on April 2013 was clearly wrong based on prejudice against me.   Judge Castro Rodríguez decided also on March 2015 that my motion of December 2014 to declare void and null the positions of Mr. Cordero Soto.   Judge Castro decided that the decision was already made by Judge Hernández González ruling on November 3, 2010. Once again no discussion was made whatsoever of the very important ruling KJV2006-2638 Court of First Instance of San Juan October 2009 Judge Sagebien, this in unfair and shows bias by all the Judges including the Supreme Court.   This is completely wrong.   As before explained this decision by Judge Hernández

of naming Mr. Cordero Soto Judicial Administrator and "Contador Partidor" were void. Those decisions were appealed by me by a writ of Certiorari KLCE2015-00534 composed of Judges Fraticelli Torres, Ortíz Flores, Ramos Torres. As before explained attorney Cordero Alcaraz filed a motion of dismissal on May 1, 2015 leaving out the three decisions of March 2015. No mention was made of the case KJV2006-2638. The Judge Administrator Fraticelli Torres sanctioned me with $3,000 showing bias against me in a clearly wrong decision. She decided on June 2015 that I appealed three decisions that were final. This is completely wrong. I have reasonable basis to conclude that she started to punish me for my recusal against Judge Brau Ramírez, Troadio González Vargas and Nieves Figueroa, KLCE2014-0414 that was never decided illegally. Then Judge Fraticelli Torres after I asked for her voluntary recusal because I already filed ethical charges against her in a resolution recused herself but notified the resolution to the Supreme Court and in a conclusory way asked the Court to discipline me because of the ethical charges I have filed against judges and motions of recusals. The motion was conclusory but

she is the Judge Administrator of the Appeals Court, the purpose was to punish me to poison the atmosphere in the Appeals Court because I have exercised my constitutional right to file ethical charges with reasonable basis and respect. As it is seen it is impossible for me to have a fair trial because judges in the Appeals Court in the Court of First Instance and even in the Supreme Court have hostility towards me. Judges of the Commonwealth of Puerto Rico should know that I have the right of free speech under the first amendment under the United States Constitution to file ethical charges with reasonable basis and respect, see InRe Little, supra; InRe Holt, supra. No judge can punish me for exercising my free speech right without violating the first amendment under the US Constitution. The three decisions made by Judge Castro that we appealed KLCE2015-00534 were the approval of the disputed invoices without a hearing on September 26, 2014; the refusal of the transfer of the case; the refusal to transfer on April 2013 was not binding because on October 14, 2014 Judge Negrón was removed after I received a letter of the Judicial Administration. The third one was nullity of the positions of

Mr. Cordero Soto.  It should be remembered that when a motion is filed asking for the voidance or nullity of Judicial decrees that are meritorious a hearing is required with decisions based on the facts not in a conclusory way, see <u>GAC Fin Corporation v. Rodríguez, supra; Garriga Gordils v. Maldonado, supra.</u>

19.     As before explained on December 12, 2014 the lawyers of the defendants continued to lie in Court knowing judges in the Court of First Instance District of Humacao were bias against me since I filed ethical charges against three judges and three of them recused themselves.  The lawyers for the defendants stated that the depositions of Mr. Cordero Soto were finished and the discovery process was finished, that on the hearing of September 26 I had the opportunity to remove Mr. Cordero Soto, all were blatant lies.  The order of Judge Negrón of March 2015 stated clearly that they were lying.  The lawyers for the defendants also presented themselves with a document with the heading of preliminary conference between lawyers before the pretrial that was fraudulent.  There never was a meeting of the lawyers to prepare that document.  The pretrial was delayed by

agreement between the lawyers due to the resignation of my lawyer in part for medical reasons. On March 2015 I had to file a Mandamus KLRX2015-00008. Judge Castro Rodríguez of the Court of Humacao set the date for the trial for April 2015 but refused to decide whether the discovery procedure consisting of depositions were to be allowed. He refused to decide our motions asking for the transfer of the case for the nullity and voidness of the approval of the disputed invoices and our motion asking to declare void the naming of Mr. Cordero Soto Judicial Administrator and "Contador Partidor" based on the decision of Judge Hernández González on November 3, 2010. As before explained that decision was completely illegal. In that case KLRX2015-00008 Judge Castro Rodríguez answered the complaint stated that our motions were directed to another chamber of the Court. Also he stated showing bias against me that I couldn't file the appeal Pro Se in the Court of Appeals. Something happened in the Appeals Court which gives me reasonable basis to conclude that the bias against me was showed by the behavior of Judge Fraticelli Torres and Brau Ramírez as before explained. The

Appeals Court changed the heading of the Mandamus which was Hiram Pérez Soto v. Judge Castro Rodríguez and affixed a wrong heading putting Hiram Perez Soto v. Cantera Pérez Et Als which is the heading in the Court of First Instance of Humacao HSCI2007-01040. This was a conspiracy in order to facilitate the removal of my Pro Se in the Appeals Court based on the decision of the Court of Humacao of April 8, 2008 as before explained. I protested to the Appeals Court, they corrected the heading. I told the Appeals Court that in the case KLAN2011-00720 on May 2013 the Appeals Court decided that I could represent myself Pro Se and that I didn't filed frivolous ethical charges against lawyers and judges. In the case KLRX2015-00008 Judge Brau Ramírez recused himself on March 2015. In the resolution on the Appeals Court Judge Brau Ramírez recusing himself he was full of hostility, bias, incendiary remarks, disparaging me and questioning my integrity. It is clear that Judges Brau Ramírez and Fraticelli Torres of the Appeals Court had an agenda to conspire to punish me. They were making incendiary remarks against me to exert pressure to other appeal judges to punish me. All I did

105

was exercising my constitutional rights. All ethical charges filed by me were with specific facts and had reasonable basis and respect. I am protected in my right of free speech guaranteed by the first amendment of the Constitution. Finally the Appeals Court decided KLRX2015-00008 that the discovery process was going to continue. Judge Castro Rodríguez decided as before explained and Judge Negrón also. The proceedings on the Judicial System of Puerto Rico were a clear breach of the United Stated Constitution which provide for an impartial forum, see Capperton v. ATmassey, supra and for the right of free speech InRe Little, supra .

20.    I recused Judge Castro Rodríguez of the Court of Humacao through my attorney for all the reasons I have stated. In a clear an bias way Judge Rodríguez Olmo, Judge Administrator of the Court of Humacao, without a hearing in a conclusive way without stating any fact denied the recusal two times. I appealed that decision KLCE2015-00725. That judicial panel in which two of the judges participated in the changing of the heading of the Mandamus case KLRX2015-00008 denied the writ. I told the panel KLCE2015-00725 that according to the

US Constitution, see Capperton v. ATMassey, supra and according also to the Supreme Court of Puerto Rico, bias in fact due to the difficulty of proving it doesn't have to be proven, see Capperton v. ATMassey, supra; Tribes American Constitutional Law Edition 2000 pag. 745. A judge can be recused if it can be showed that the person recusing the judge has reasonable basis to conclude due to the judge behavior that he is bias. Judicial decisions by a judge if they are clearly wrong based on the facts of the case can show bias on a reasonable basis and if the judge is not recused his decision can be voided, see Wright and Miller Sec. 3550; The case of Liteky v. US, supra decided that judicial decisions depending on the facts of the case can show bias. The same case Liteky v. US, supra which decided that non judicial facts can be decisions by the same judge in another case or decisions by another judge in the same case. The non judicial fact the filing of ethical charges against Judge Davila which initiated a pattern of persecution against me. Also the decision by Judge Castro Rodriguez was patently wrong egregiously wrong and showed bias of Judge Castro Rodriguez. The panel KLCE2015-00725 in motions that I filed

107

knew all that I have described here that showed a clear persecution against me for exercising my Constitutional Right of filing ethical charges with reasonable basis and respect. It should be pointed out that I went to the Supreme Court in a writ of Certiorari and once again the Supreme Court didn't grant the writ of Certiorari in the case KLCE2015-00534. In that way the Supreme Court left intact decisions that were egregiously wrong, a clear abuse of my Civil Rights. In the case KLCE2015-00725 the Supreme Court decided not to grant the Certiorari. The Supreme Court disbarred me in a hearing before a Commissioner which was bias Ygri Rivera de Martínez, in a hearing in which there was no due process. I was prevented from citing witnesses cross examine I couldn't even read the complaint against me to answer it.

21. After the Mandamus was decided KLRX2015-0008 the discovery process which was interrupted continued again. It should be pointed out that due to the poisonous atmosphere of hostility towards me in the Court of Humacao the lawyers for the defendants were constantly distorting the facts of the case, making blatant lies. For example, they stated that the discovery

process had ended.  They presented themselves with a fraudulent preliminary pretrial conference document between lawyers.  The pretrial had been suspended.  The discovery process took place in two depositions that were taken by my lawyer in April and May 2015 to defendant Mr. Cordero Soto and defendant Enid Perez Soto.  The lawyers for the defendants in an unethical way objected continuously to pertinent questions.  Counsel Cordero Alcaraz and Alcaraz Micheli objected to questions made to defendant Enid Pérez Soto which was not her client.  Counselor Ramos Luiña ordered defendant Enid Pérez Soto not to answer questions which were specific with no right of privilege recognized under the Law.  For example, my lawyer asked an specific questions of who took the dividends belonging to the defendant as the "usufructuario" of one third of the stock of Cantera Pérez from 1998 to 2006 when the defendant died, they refused to answer.  This is a clear violation of Rule 27.2 of Civil Procedure of the Commonwealth of Puerto Rico.  When we asked questions to Mr. Cordero Soto in relation to the fraudulent redemption of my 25% interest in Cantera Perez they objected.  The question was relevant,

109

pertinent. In those depositions a massive fraud was discovered. The defendant had the obligation to include in his income tax returns at least 33% of the dividends paid by the corporation Cantera Pérez. This sum amounted to more than 5.8 million dollars with interests. That money had to be included in the reports as part of the estate made by defendant Enid Pérez Soto and Mr. Cordero Soto as primary and alternate "Albaceas" in the case KJV2006-2638 from November 2006 to January 2010. That means that those reports made by the "Albaceas" were fraudulent. It is probable that the Penal Code of Puerto Rico Articles 241, 242 and 78 were violated. Codefendant Cordero Soto refused to appear in a deposition in which he was duly cited. Codefendant Enid Pérez Soto refused to answer relevant questions following instructions of her lawyer Ramos Luiña. We have transcript in which the following people who were duly cited to the deposition didn't appear: Cordero Soto; Antonia Rodríguez and the following witnesses: CPA Fernando Carbonell; attorney Goico Covas; attorney Guerrero Calderón; attorney Martínez Landrón. The parties didn't appear following instructions of their attorneys Cordero, Alcaraz, Ramos. The

other witnesses didn't appear probably under the advice of the same attorneys. My attorney filed two motions asking for sanctions and the elimination of the pleadings. Those motions were not decided by Judge Castro. Judge Castro was recused and couldn't act in the case. When the recusal was denied KLCE2015-00725 he refused in a bias way to decide the motion for the elimination of the pleadings and sanctions. There was a serious violation of the ethical duty of lawyers to cooperate in the discovery proceedings. Attorney Ramos Luiña filed an ethical charge against me and my attorney Garau Díaz AB2015-25. The frivolous charge was because my attorney didn't deliver the small amount of money covering the expenses for appearing in the depositions. Those checks were to be delivered at the moment the deposition was to begin. That ethical charge was dismissed by the Office of the Solicitor General. The people who were going to be deposed were executives of UBS Securities and Santander Securities. Judge Castro showed bias by refusing to obey the order of the Appeals Court KLRX2015-00008 that the discovery process must continue. He refused to decide the motion asking for sanctions

due to the serious ethical breaches of the adversary lawyers in the depositions.

22. In the case KJV2006-2638 Court of First Instance District of San Juan Judge Sagebien decided very wisely that the final report of Cordero Soto as "Albacea" wasn't going to be approved until the case HSCI2007-01040 is finally decided. This decision was made on August 2010. The reason for that is that if it is proven that the two "Albaceas" Mrs. Enid Pérez Soto and Mr. Cordero Soto committed fraud against the estate they would not be able to retain the moneys they retired from the estate to cover certain invoices that I had objected. The invoices amount to approximately $36,000. They consisted in $10,000 paid illegally by Mrs. Enid Perez Soto to divide the estate. Mrs. Enid Perez Soto couldn't act as "Contadora Partidora" because she is heir of the estate, see Article 1010 of Civil Code. Also I objected more than $300 each three months to the accountant to make financial statements of the estate. Basically he was copying the financial information from the financial companies in which the money of the estate is invested. Those money amounts to 2.2 million dollars. Also I

objected to $3,600 paid to an attorney.  Finally I objected to around $16,000 paid to the attorneys Cordero Alcaraz and Alcaraz Micheli.  The estate consists of a real estate, an urban house with cost of maintenance of around a $100 each three months, the rest is invested.  The legal expenses stated by Mr. Cordero Soto to maintain his position isn't allowed if it is proven that he committed fraud on the estate, see <u>Franceschi v. Gee 45DPR660 (1936); Matter of Petty State 65NE168; InRe Fogman 3P2d472.</u>  Also the legal expenses stated by Mr. Cordero Soto to defend himself from the claim that he committed fraud should not be paid by the estate.  It should be remembered that the person who has the burden of proof is the "Albacea" for any disputed invoice, see <u>Mercado v. Mercado, supra; González Tejera, supra.</u>  I filed a motion in March 2012 in the Court of First Instance District of Humacao in which I tried to remove Mr. Cordero Soto from his position as Judicial Administrator and "Contador Partidor".  On May 2015 Mr. Cordero Soto through his attorney Cordero Alcaraz resigned to his position of Judicial Administrator.  He accepted in that motion that he was named Testamentary Administrator.  The

decision of Judge Hernández González is so confusing that for example, attorney Ramos Luiña stated in a motion dated March 2013 that Mr. Cordero Soto was named Judicial Administrator. The attorney for the defendant don't agree of what happened on November 3, 2010 in a resolution that is void because it is illegal and completely unintelligible by Judge Hernández González. On December 2012 I filed a motion in the Court of Humacao in which I decided to withdraw the motion of removal. I decided that the position of Mr. Cordero Soto are void and illegal. There is no need to hold a evidenciary hearing to remove Cordero Soto for conflict of interest. It would have been a waste of time. Attorney Alcaraz Micheli filed a motion in the case of San Juan KJV2006-2638 in which he stated in a frivolous manner that the withdrawal of the motion of removal had the legal effect of an approval of the objected invoices in San Juan. This motion was filed around January 2013. It should be pointed out that the same attorney Alcaraz Micheli stated in the hearing of December 12, 2014 that the hearing held in September 26, 2014 in the Court of First Instance of Humacao was to remove Mr. Cordero Soto. This pattern of

lying was continued by attorney Alcaraz, Cordero and Ramos Luiña. They all knew that there was bias against me. The motion of attorney Alcaraz that the withdrawal of the motion removal had the legal effect of an approval of the objected invoices in San Juan was completely frivolous. What Judge Sagebien decided on August 2010 in a hearing in which all the objected invoices were discussed was that if in the case of Humacao was proven that Mr. Cordero and Mrs. Perez Soto committed fraud to the estate while the defendant was alive or afterwards they should be punished and the disputed invoices would not be approved in the District Court of San Juan. Judge Sagebien set the date for a hearing on the motion of attorney Cordero Alcaraz for March 1, 2013. Judge Sagebien retired from the bench. Judge Candal Segurola entered to preside the case. I filed a motion on February 2013 asking Judge Georgina Candal Segurola that the resolution of Judge Sagebien of October 15, 2009 should be put to effect. I asked for that because the decision of October 15, 2009 held that the "Albacea" was expired in 2010 and the estate should be delivered to the heirs for administration. If Judge Candal

Segurola decided to uphold the decision of Judge Sagebien it would not have interfered in the proceeding of the District Court of Humacao.  The Court of Humacao then will had the obligation to decide whether the Judicial Administrator and "Contador Paridor" was named legally.  I pointed out to Judge Candal Segurola that I had reasonable basis to conclude that attorney Alcaraz Micheli filed a motion in the Court of Humacao on February 4, 2010 asking the Court to name Mr. Cordero Soto Testamentary Administrator.   This as before explained was rejected by Judge Sagebien in the Court of San Juan.   Attorney Alcaraz Micheli acted that way because he knew there was hostility towards me in the Court of Humacao after I filed ethical charges against Judge Davila which provoked her recusal after an ethical investigation.   Judge Georgina Candal Segurola once again developed hostility towards me for the ethical charge I had filed against a fellow judge.  No Puerto Rican Judge can take reprisals against an attorney because he exercised his constitutional right to file ethical charges or motion of recusal against a fellow judge with reasonable basis and respect.  This is a Constitutional Right

116

protected under the United States Constitution.  Is part of the free speech and right of an impartial forum.  On the hearing held on March 15, 2013 Judge Candal Segurola was angry.  She didn't permit me to argue what I have already explained.  She didn't permit my Pro Se.  Judge Sagebien had permitted my Pro Se in that case.  Judge Candal sactioned me for $100 for not being prepared for an evidenciary hearing to decide the disputed invoices.  That hearing was set by Judge Sagebien to discuss the jurisdictional issue and not to resolve the disputed invoices in an evidenciary hearing.  Additionally, the person who had the burden of proof when there are objected invoices is the "Albacea" or Judicial Administrator, see Mercado v. Mercado, supra; Gonzalez Tejera, supra . Judge Candal retired from the bench.  Before doing so she set the date for the evidenciary hearing to January 15, 2014.  Judge Perez Acosta presided the case.  I have reasonable basis to conclude that Judge Candal Segurola had ex parte conversations with Judge Perez Acosta.  Once again the ethical charges filed by me had the effect that other judges began to act with bias and hostility against me.  In the hearing Mr. Cordero Soto didn't offer any

117

evidence of the disputed invoices.  I offered in evidence two invoices of the various invoices for legal services.  The total amount of those invoices was $16,000.  I offered in evidence two invoices amounting to $4,000.  Mr. Cordero Soto couldn't tell what services if any were received by him in those legal invoices and why the estate should pay for them.  When I tried to proof the conflict of interest that Mr. Cordero Soto had with the estate in which he is accused of fraud Judge Perez Acosta reprehended me telling me that those questions were incendiary.  When I tried to prove the way the attorneys of Mr. Cordero Soto were lying in the Court of Humacao about the invoices that he was trying to get paid to his attorneys based on lies about the before mentioned agreement of June 13, 2011 the Judge reprehended me once again and warned me not to ask the same question again.  An "Albacea" cannot make the estate to approve the payment of legal invoices for services rendered to him in order to maintain his position when there is a claim of conflict of interest with the estate.  If it is proven that the "Albacea" had conflict of interest and tried to cause harm to the estate those invoices cannot be paid, see InRe Fogman, supra in

that way around $30,000 were retired from a bank account the estate had of about $90,000 to pay expenses of the estate. Also I wanted to know if there was any legal document to proof why the corporation had a financial obligation to the estate. No such document existed. When I tried to prove that Mr. Cordero wanted to perpetuade himself as an Administrator the Judge threateaned with contempt. I appealed the decision of Judge Pérez Acosta after recusing him. The motion of recusal of Judge Perez Acosta was decided in a conclusive way against me by Judge Arleene Sellez. Judge Pérez Acosta decided in a clearly erroneous way that codefendant Cordero Soto was named correctly Judicial Administrator and the Supreme Court confirmed. Also he decided that after Mr. Cordero Soto was named Judicial Administrator it was proven that he didn't commit fraud. This shows ignorance of the case. The fraud must be proven in the trial on the merits. It is very difficult if not impossible for a judge to recuse another judge in Puerto Rico. This behavior violates the United States Constitution which provides for an impartial forum. After I appealed the decision KLCE2014-1279 Judge Fraticelli Torres once again

decided against me with clear bias. She decided that Mr. Cordero Soto was legally named Judicial Administrator and "Contador Partidor" by Judge Hernández González on November 3, 2010. I have already explained that this isn't correct, it was completely illegal, void, the decision of Judge Hernandez. Then Judge Fraticelli decided that I wasn't sufficiently specific to object to the invoices. That I had a period of eight days to make a specific objection. No date was given by her of when the eight day period began, see Article 582 of Code of Civil Procedure. If the eight day period began on March 2013 or on January 2014 I pointed out that in a hearing August 2010 all the invoices objected were specifically discussed with Judge Sagebien. Also I objected in a specific way on motions files on August and September 2010. Judge Fraticelli in a conclusive way dismissed my argument of bias by Judge Pérez Acosta. I have reasonable basis to conclude that Judge Fraticelli on her decision of October 2014 because of her friendship with fellow Judge Brau Ramirez which I had recused in the case KLCE2014-0414 on March 2014 was punishing me for that reason. I took the case to the Supreme Court and once

more the Supreme Court decided not to grant the writ of Certiorari even though the legal principal clearly establishes that the "Albacea" or Judicial Administrator is the one who has the burden of proof to establish the legality and correctness of disputed invoices and this was not followed. My claim of bias of Judge Perez Acosta was not discussed by Judge Fraticelli Torres or by the Supreme Court. The Supreme Court had the obligation in exercising its jurisdiction to respect the Rule of Law and establish legal principles. The Supreme Court nor Judge Fraticelli didn't discuss my claim of bias of Judge Pérez Acosta. I filed a motion of recusal for Judge Fraticelli Torres. This motion was not decided even though I filed the motion with specific facts, sworn statements according to Rule 63 of Civil Procedure. In the panel which decided not to decide the motion of recusal of Judge Fraticelli Torres was Judge Pérez Casillas which also was a member of the panel KLCE2011-00057 which decided that the naming of Mr. Cordero Soto of Judicial Administrator by Judge Hernández was legal. As can be seen cronism and friendship between judges has made impossible for my case to be decided according to the United

States Constitution which provide for an impartial forum in which litigants can have their day in Court with due process of Law. As soon as I requested the recusal of Judge Brau Ramírez in the case KLCE2014-0414 that recusal motion was decided in a non conclusory way by Judges Nieves Figueroa and Traodio González Vargas. Judge Brau Ramírez ordered that all my motions be rejected and delivered to me. Judge Brau Ramírez showed arrogance, abusive behavior and lack of judicial temperament. He did not even decided what I respectfully requested whether the case of KLAN2011-00720 permitted my Pro Se and decided on May 2013 that I didn't filed frivolous charges against lawyers and judges. Judge Fraticelli Torres as the Chief Judge of the Appeals Court permitted that the Mandate in the case KLCE2014-0414 be sent to the Court of First Instance of Humacao without deciding motions of recusal sworn with specific facts complying with Rule 63 of Civil Procedure. Judge Fraticelli initiated a campaign to punish me because of my recusal of Judge Brau Ramirez. In another case I had a client who filed a complaint in which I argued that he signed a letter resigning from his employment because he was

subjected to undignified treatment by his employer and caused a constructive dismissal. After a trial judge in the Court of First Instance of San Juan case KAC2013-0945 dismissed the complaint of a summary judgment based on the letter of resignation, Judge Fraticelli dismissed my appeal case KLAN2014-1784 based on the fact of his letter of resignation, my client never had the opportunity to have his day in Court to prove that there was a constructive dismissal. Once again the Supreme Court refused to grant the writ of Certiorari violating the Rule of Law. The Legal Principle established in Puerto Rica is a letter of resignation is not an unsourmantable obstacle to prove a constructive dismissal. This is not fair to me. My Civil Right to have an impartial forum was violated because I exercised my Constitutional Right to recuse and file ethical charges against judges with reasonable basis and respect. The lawyers for the defendant violating ethical standards have continuously and repeatedly use ethical charges to incite the hostility of judges against me. They have done that in a conclusive way without dwelling on specific facts. An additional factor that contributed that the litigation in this case

took a route that made necessary the ethical charges and recusals are that the Chief Judge Hernández Denton and the Judge Administrator of the Court System Sonia Ivette Velez González didn't disciplined the judges. They asked some of the judges to recuse themselves openly in the case of Judge Dávila or de facto in the case of Judge Hernández González in the Court of Humacao.   Also they refused to file ethical charges against the panels KLCE2011-00057, KLCE2011-00720, KLCE2011-00180, KLCE2008-00585.   As can be seen the whole Judicial System stacked against me.  Ethical complaint can be filed by either the Court Administrator or Chief Judge by a procedure according to the due process of Law.   The disciplinary sanction can and should be made in proportion to the ethical breach or misbehavior.  In that way Puerto Rican judges learn that they cannot punish a lawyer who files ethical charges against a fellow judge.  There is no probability that this could cause disruption in the Judicial System.   This is all because frivolous ethical charges or using words which lack respect for the dignity of the Judiciary will cause the discipline of the lawyer. In the other hand judges including the Supreme

Court of Puerto Rico should know that every lawyer has the right to criticize, recuse, and file ethical charges when the judicial decisions are made in an incorrect manner that shows bias. There cannot be a prior restraint in the right of free speech of lawyers in judicial proceedings. On the other hand a dismissal of the ethical charge and the informal removal of the judge by the Court Administration doesn't hampers the judicial proceedings but the Chief Judge and the Judicial Administration could take measures in order to ensure that other judges don't take reprisals and impose sanctions against the party or lawyer who filed the ethical charge. Lawyers should be punished if they use the ethical charges filed by other lawyer to gain advantage in the case and they shouldn't ask for sanctions. This is what happened here repeatedly. Lawyers shouldn't be afraid to protest when they have a reasonable basis to conclude that bias judicial decisions were made against him or his client. This is of paramount importance. The Right of Free Speech of lawyers in Judicial litigation is protected under the United States Constitution, see InRe Little, supra; Holt v. Virginia, supra. In the case KDP2011-1263 I was prevented by

a judge of First Instance of San Juan to announce expert witnesses as evidence. The Appeals Court KLCE2017-00108 in which Judge Carlos Vizcarrondo was a member refused to revise the arbitrary decision. Judge Vizcarrondo participated in the denial of the recusal of Judge Fraticelli in the case KLAN2014-1784. I have reasonable basis to suspect that I am black listed. Lawyers have the ethical obligation to file ethical charges and to recuse judges with reasonable basis and with respect. Lawyers should be subject to ethical sanctions when they not comply with their obligation to recuse and file ethical charges when they are meritorious. I have acquired knowledge that lawyers are afraid of the judiciary. The judicial system in Puerto Rico is not functioning according to US Constitutional standards. The Rule of Law must be protected. When judges disobey the Rule of Law they are acting in breach of the US Constitution. If the Rule of Law is not followed by Judges because of bias they should be subjected to criminal sanctions, see 18USCA242. In this case when I excersised my free speech right to file ethical charges with reasonable basis and with respect when those ethical charges were dismissed because they

weren't sufficiently grave or serious measures should have been taken to ensure that Judges do not conspire with ex parte conversations to punish me. Also the adversary lawyers should have been disciplined when they constantly used the ethical charges to incite hostility of Judges against me. It should be said that they were very successful.

23. After the discovery conducted on April and May 2015 as before explained we confirmed the massive fraud. This has been confirmed by a report prepared by the CPA Firm Zayas and Morrazani. They computed $5.9 million that were taken from the estate. The reports made by the defendants Mrs. Pérez Soto and Mr. Cordero Soto as Judicial Officers named as "Albaceas" and Judicial Administrator we filed a motion in the Court of First Instance of San Juan KJV2006-2638. In that motion which was filed under the authority of Rule 49.2 of the Civil Procedure Rules of Puerto Rico which are the equivalent of Rule 60 B of the Federal Civil Procedure Rules. In the aforesaid motion we asked the Court to declare void and null the reports filed by the "Albaceas" due to the fraudulent nature of them in which they omitted as before explained more than 4

million dollars belonging to the estate. That money was taken away fraudulently by Mr. Cordero Soto and by codefendants Arleene and Marisel Valeiras Pérez. It should be pointed out that at the hearing as before explained conducted in January 2014, we didn't knew at that time the massive fraud before explained, we only suspected it, the hearing at the Court of First Instance of San Juan was held to approve the objected invoices illegally because prior to that there was an order of Judge Sagebien of the same Court deciding that the objected invoices will not be approved sending the outcome of the case in the Court of First Instance of Humacao in which allegations were made of fraud. Attorney Alcaraz Micheli used once again the ethical charges against judges to create hostility against me by Judge Ayala Díaz which was the one presiding at that time the case in San Juan. In a clear illogical way attorney Alcaraz asked the Judge to held me in contempt. Judge Ayala decided that I couldn't file a motion to void the reports in San Juan in an illogical way. She constantly interrupted me and stated that she didn't want to know anything that happened in the Court of First Instance of Humacao. When a hearing was held attorney

128

Cordero asked for sanctions against me.  Once again my civil rights to an impartial forum was clearly violated.  The reports in the Court of First Instance of San Juan and in the Court of First Instance of Humacao were fraudulent.  The report by the CPA firm Zayas and Morrazani proves that $5.8 million were taken out of the estate by Mr. Cordero Soto.  Attorney Cordero Alcaraz asked the Judge to sanction me for filing a motion under Rule 49.2, the equivalent of Rule 60 B of the Federal Rules.  This is simply outreagious.

24.   I will discuss now the ethical charges I filed against the adversary lawyers.  The first one AB2008-115 I filed those charges because I was submitted to an abusive deposition on October 2007, the deposition was at the Court of First Instance of Humacao premises.  There was a lot of yelling, interruption, especially by attorney Laguna Mimoso.  I was Pro Se, the deposition was interrupted before I had the opportunity of my turn.  I already explained.  That deposition should have been stopped by the adversary lawyers.  Also attorney Laguna Mimoso filed numerous motions insulting me, using inappropriate language, in one of them on December 2007 he

branded me as paranoid.   Attorney Laguna Mimoso filed two motions of summary judgment with a deposition that wasn't completed.   My term Pro Se never took place and he cited me out of context.   Finally I was disqualified at the behest of attorney Cordero and Laguna based on lies.   They accused me that I used a lawyer not admitted to the case for taking a deposition on February 2008 when the lawyer was only a notary.   After swearing the deposed person he excused himself. I was disqualified without a hearing at the behest of the adversary lawyers violating the rule of <u>Kmart v. Walgreens, supra; Otaño Cuevas v. Velez, supra.</u> That ethical charge was investigated by the Solicitor General and Chief Justice of the Supreme Court, it was dismissed.   No ethical charge was filed against me, it was done with reasonable basis and with respect. Another ethical charge was filed against me by attorney Alcaraz Micheli AB2013-0510.   The frivolous arguments used were that I supposedly showed lack of respect to the lawyers and to judges. I already explained in detail that this is false.   Attorney Alcaraz used numerous documents consisting of motions filed by me throughout the years, all those motions were discarded in

130

the report AB2013-0510 prepared by the attorney of the Solicitor General Amir Cristina Nieves Villegas. That report made on May 20, 2014 was conclusory showing lack of specific facts. The few facts that were given I could easily refute them. The report used intensively the resolution of Judge Brau Ramirez, it should be remembered that on October 2014 I received a letter from the Court Administration that I have reasonable basis to file ethical charges against Judge Brau Ramírez. Attorney Amir Cristina Nieves Villegas stated that she agreed with Judge Brau that Judge Dávila recused herself to prevent me from accusing her of having friendship with attorney Laguna Mimoso. I already explained that my ethical charge was based on the fact that she didn't disciplined attorney Laguna Mimoso and disqualified me without a hearing. Also attorney Nieves Villegas stated that I was disrespectful to the adversary lawyers. I already explained that I gave detailed facts when the adversary lawyers lied in Court. Attorney Alcaraz stated in a hearing on the Court of First Instance of Humacao on February 2010 that he offered to distribute the income of the estate under the doctrine of Anselmo García, this is false. Also

attorney Alcaraz Micheli and Cordero and Ramos Luiña for three years argued that there was an agreement to pay disputed invoices on June 2011. This was accepted by Judge Negrón on June 26, 2014 that was a lie. Also they accused me of forging the receipts of the notification of the writ of appeal in the case KLAN2011-00720. That I supposedly insulted them without merit. I stated that it was an intentional lie. I have the right to defend myself. All the rest of the report was conclusory. I had reasonable basis to file ethical charges and recuse judges. After I filed the answer to that report the Supreme Court showing bias against me ordered that an ethical complaint should be filed against me. For more than a year after I filed my answer in which I stated that Judge Brau Ramírez the Court Administration told me in a letter on October 2014 that I had reasonable basis to file ethical charges against him. The resolutions made by Judge Brau Ramirez were used intensively by attorney Nieves Villegas. I have reasonable basis to suspect that there could be some communication between Judge Brau Ramírez and the lawyers of the Solicitor General which were clearly bias against me and prepared reports in which selective

132

prosecution was made in a bias way against me. Attorney Alcaraz Micheli wrote two letters to attorney Nieves Villegas insisting that the ethical complaint should be filed against me. He used the clear unethical argument in a conclusory way that I filed ethical charges against judges. Also that I filed a recusal motion against Judge Fraticelli. The letter was conclusory. As we can see this is a violation of my constitutional right of free expression and for an impartial forum, see InRe Little, supra; Capperton, supra. Finally the ethical complaint was prepared by another attorney of the Solicitor General Office Minnie H. Rodríguez López CP2015-020 that was completely conclusory, no details were given. There were some mistakes as for example; that I filed a disqualifying motion against the adversary lawyers, this is not correct, that motion was filed by my attorney, at that time Garau Díaz. I filed a motion of dismissal giving specific facts about all the recusal motions and ethical charges. The Supreme Court in a bias way based on a conclusory ethical complaint dismissed my motion of dismissal. Later on I filed an answer to the ethical complaint on August 2, 2017. Once again giving detailed facts that have never been

discussed by the Supreme Court when it finally made a disbarment ruling against me. The report by the Commissioner named by the Supreme Court on June 8, 2017 I already explained that was conclusory, no specific facts were discussed. In the hearing I was prevented to cite witnesses, cross-examine due process was not followed, see InRe Ruffalo, supra. The report of the bias Commissioner which is a former judge was bias made in a conclusory way. The ruling of the Supreme Court of April 24, 2018 was bias made in a conclusory way. The few facts cited by the Supreme Court I can prove them wrong. The report of the Commissioner was never answered by the Solicitor General. The reason for that is that report was conclusory. The Solicitor General as before explained made a conclusory complaint. No judge filed an ethical charge against me. If an impartial person examines the detailed facts that I have explained that were the basis of my ethical charges and recusals there is no way I could be punished. I had reasonable basis and they were made with respect exercising my right of free expression and the right of an impartial forum provided by the US Constitution. Judge Fraticelli filed on June 2015 a

134

resolution that was also conclusory sending the Resolution to the Supreme Court for my discipline. The Resolution was conclusory and gave only few specific facts that I can rebutted them easily. For example, that I showed disrespect when I stated that no person can be judge and party in a civilized society. This is perfectly true. Mr. Cordero was named Judicial Administrator in a completely illegal way and he was also a defendant in the inheritance in which there were pleadings against him accusing him of fraud. As before explained he accepted the report of the CPA Firm Zayas and Morazzani that he took more than one third of $5.8 million of the estate for his own benefit. The referral of Judge Fraticelli was consolidated with charge against me AB2013-0510.

25. I filed an ethical charge against the adversary lawyers AB2014-043, Laguna Mimoso, Cordero Alcaraz, Alcaraz Micheli and Ramos Luiña. The last three I stated that for more than three years they constantly lied to the Court stating that there was an agreement to pay by the estate disputed invoices. Those invoices consisted of legal invoices of Cordero Alcaraz which is the daughter of Mr. Cordero Soto and invoices of the

135

accountant Carbonell which is the husband of codefendant Arleene Valeiras.  Finally on June 26, 2014 Judge Negrón accepted they were lying and he didn't disciplined them.  Also they knew that Mr. Cordero Soto was named illegally Judicial Administrator and Judicial "Contador Partidor".  They had the obligation to comply with the ruling of Judge Sagebien KJV2006-2638 Court of First Instance of San Juan that the "Albaceazgo" had expired.  After Judge Sagebien denied the completely frivolous petition that Mr. Cordero should be named Administrator after the Albaceazgo had expired Judge Sagebien denied two times that unethical and frivolous petition.  Attorney Alcaraz on February 4, 2010 asked the Court of First Instance of Humacao to name Mr. Cordero Soto Administrator or Albacea.  That paved the way for the abusive ruling completely void and illegal of Judge Hernández González of November 2010.  For almost four years judicial reports were filed in the Court of Humacao by Mr. Cordero Soto which were fraudulent, I already explained.  The disputed invoices were inflated from $8,000 to $140,000.  On a hearing in December 2013 when the recording machine was turned off attorney Cordero Alcaraz

136

engaged in a conversation with Judge Negrón in which they accepted they had an ex parte meeting in which they agreed that the disputed invoices would be paid by an order of Judge Negrón. As before explained Judge Negrón signed two orders with the heading of the Appeals Court. Also Judge Hernández signed an order with the headings of the Appeals Court to confuse the Treasury Division of the Court of Humacao stating that there was an agreement to pay those invoices. These has already been explained. Also attorney Alcaraz in one of the reports of his father prepared by her lied by stating that those reports were being filed in the Court of First Instance of San Juan and Judge Sagebien accepted those reports KJV2006-2638 implying that Judge Sagebien had changed her ruling that Mr. Cordero Soto could not be Testamentary Administrator. As before stated attorney Alcaraz Micheli stated in a hearing February 2010 that he offered to distribute the income of the estate according to the case Anselmo García, supra. It was a lie. Also attorney Cordero Alcaraz and Ramos Luiña prevented the distribution of the income of the estate according to the order of Judge Garriga on December 2009. They lied to the

137

Court stating that they didn't received copy of the resolution.
Finally attorney Laguna Mimoso when Judge Hernández
González asked for a motion to desist without prejudice the
derivative contingent claim attorney Laguna Mimoso asked
Judge Hernández to change by ruling from without prejudice to
prejudice.  One of the reasons was the ethical charge that I had
filed against Judge Davila which recused herself.  In a very
abusive way Judge Hernández signed a judgment dismissing
with prejudice the derivative contingent claim and sanctioned
me with $10,000.  Finally the adversary lawyers accused me in
the Supreme Court CC2011-737 of forging the receipts of the
notice of the writ of appeal KLAN2011-00720 to the adversary
lawyers.  The Supreme Court stated in the case CC2011-737
that this was false.  Attorney Claudia Rosa Ramos in the report
AB2014-043 in coordination with attorney Nieves Villegas
which prepared the other report AB2013-0510 engaged in a
blatant selective prosecution, see Noriega v. Hernández Colón
135DPR406 (1994) dismissed the ethical complaint against the
adversary lawyers.  I never lied to Court.  The adversary
lawyers I can prove that lied repeatedly knowing that they will

not be disciplined because they knew the judges on the Court of First Instance of Humacao and even in the Appeals Court were bias against me. Attorney Rosa Ramos decided that even if the adversary lawyers lied they were not disciplined by the judges and she could not do anything about it. In the other ethical charge against me AB2013-0510 I was accused falsely of being disrespectful to judges and adversary lawyers in a conclusory way or stating facts which I can prove were mistaken. The bias against me is evident. No mention was made that case KLAN2011-00720 decided on May 2013 that I didn't filed frivolous recusal motions or ethical charges against the adversary lawyers. As before explained attorney Minnie H. Rodríguez López filed an ethical complaint CP2015-020 on December 9, 2015 that was completely conclusory, no facts were given. Also attorney Minnie H. Rodríguez never answered the Commissioner ruling of June 8, 2013 the Commissioner ruling was also conclusory. On April 24, 2018 the Supreme Court ruling was also conclusory. If we dwell on the specific facts of each ethical charge or recusal motion I can easily prove that they were constitutionally protected because

they were made with reasonable basis and respect. The adversary lawyers knew of the legal importance of the case KJV2006-2638 Court of First Instance of San Juan October 2009 which was res judicata. That case was never mentioned by those lawyers, was never discussed by the Judges of the Court of First Instance of San Juan, Humacao and by the Appeals Court KLCE2015-00534, KLCE2015-00725, KLCE2014-1279, KLCE2011-00057. By the Supreme Court and by Judges Hernández González, Garriga, Negrón Villardefranco, Castro Rodríguez of the Court of First Instance of Humacao and by Judges Candal Segurola, Pérez Acosta of the Court of First Instance of San Juan. It shows bias in a conspiracy against me.

26.    The ethical charge 2016-036; the adversary lawyers have in a consistent pattern have lied to the Court repeatedly. They knew there was an environment of bias and hostility against me after I exercised my right of free speech to file ethical charges and recuse judges with reasonable basis shown by specific facts and with respect, see Holt v. Virginia, supra; InRe Little, supra; InRe Cardona Alvarez, supra. As before explained for more

than three years lawyers Cordero Alcaraz, Alcaraz Micheli and Ramos Luiña told the Court of First Instance of Humacao that there was an agreement to pay disputed invoices in a hearing held in June 13, 2011. This wasn't true. They prepared three orders with the headings of the Appeals Court to confuse the Treasury Division of the Court of First Instance of Humacao stating the aforesaid agreement that was a complete lie. Judge Hernández and Judge Negrón signed those orders. I have reasonable basis to suspect ex parte conversations. As before explained on June 26, 2014 Judge Negrón accepted the agreement was a lie. He set for a hearing for September 26, 2014. The hearing wasn't held because it is a long standing legal principle that the one who has the burden of proof to establish the legality of disputed invoices is the Administrator, see Mercado v. Mercado, supra; González Tejera, supra. No hearing was offered at that hearing. Through my lawyer I repeatedly on December 2014 and on March 2015 asked to void that order. Judge Castro Rodríguez refused and ordered the payment of those invoices which were inflated from $8,000 to $100,000. They were paid in an abusive way, no judge have

ever examined those invoices. Those invoices consist mainly in legal invoices of attorney Cordero Alcaraz and invoices of accountant Carbonell. I went Pro Se in a writ to the Appeals Court see KLCE2017-00108. The Appeals Court panel composed of Figueroa Cabán, Birriel Cardona, Ortíz Flores, finally decided that I was correct but due to the fact that that was an interlocutory order under Rule 52.3 of Civil Procedure decided that I will have to wait until the case is finished before appealing that decision. Rule 52.3 doesn't prevent an interlocutory appeal of clearly wrong decisions which are evidence bias and a gross failure of justice, see Hernández Colón Procesal Civil, supra. That panel was bias. Judge Birriel Cardona in a decent and proper way discented. In the hearing held on June 26, September 26, December 12, 2014 the same lawyers and also attorney Valgina Rodriguez which is the attorney for the widow told the Court that the discovery proceedings have finished. That the deposition of Mr. Cordero Soto was finished, this was a complete lie. Judge Castro, which is the present Judge presiding the case in the Court of First Instance of Humacao set the case for a hearing on the merits on

142

April 2015 without deciding the controversy about the discovery process which was beginning. The discovery process was held abeyance until all the controversies were decided. I went to the Appeals Court through Mandamus KLRX2015-00008. Judge Castro asked Judge Negrón which was removed from the case to clarify the controversy. Judge Negrón in April 2015 signed an order clarifying that the discovery process must continue. In other words, the adversary lawyers once again were lying and it can be proven very easily. Attorney of the Solicitor General Claudia Rosa Ramos in the Report AB2014-043 had the legal obligation to recommend the discipline of those lawyers by the Supreme Court when I filed the ethical charge against them. As before explained they were lying about the false agreement of June 2011. The adversary lawyers kept lying to the Courts because they knew the bias against me by Judges and by the lawyers of the Solicitor General. There was an order from KLRX2015-00008 that the discovery process must continue. Judge Castro Rodríguez had the obligation to discipline those lawyers because of their blatant lies. In the report AB2014-043 prepared by attorney Claudia Rosa Ramos

143

in a bias way she stated that even if the adversary lawyers were lying she couldn't recommend their discipline because the judge did nothing about it.   In the other report prepared by Cristina Nieves Villegas, report AB2013-0510 she stated that I should be disciplined when I stated that the adversary lawyers were lying.  As we can see I have the right to tell the truth.  The adversary lawyers were lying and I can prove it.  Also I have the right to recuse Judges and to file ethical charges because they didn't disciplined those lawyers for lying and for other clearly wrong decisions that I already explained.  There was a selective prosecution against me, see Noriega v. Hernández Colón, supra.   Attorney Claudia Rosa Ramos in a very offensive way showing bias against me stated in each report AB2014-043 that attorney Laguna Mimoso was right when he told Judge Hernández González to change a motion to desist without prejudice of a derivative contingent claim, that he asked to an order to desist with prejudice, because I have filed an ethical charge against Judge Dávila.  Attorney Laguna Mimoso branded me of being obsessive compulsive in his motion of September 2011 and attorney Rosa Ramos stated that he was

144

correct.   In the deposition held in April and May 2015 the adversary lawyers Cordero, Alcaraz, Ramos started making frivolous objections when my lawyer asked where the dividends that had to be included in the income of the defendant that later was proven by the report of the CPA firm Zayas and Morrazani amounted to $5.8 million attorney Ramos told her client defendant Enid Perez Soto not to answer the question. That was a clear breach of ethics of Rule 27.2 of Civil Procedure.  There was no priviledge in that question.  After that Mr. Cordero Soto and Mrs. Pérez Soto refused to appear at the deposition that both were duly cited.  My lawyer took evidence of nonappearance in a special deposition.  Also the following persons didn't appear to the depositions, probably under the advice of those lawyers; attorney Guerrero Calderón, Martínez Landrón, Goico Covas. My lawyer took a special deposition of no appearance.  All these  was stated in my ethical charge AB2016-036 in a bias way the Supreme Court sanctioned me with $5,000 and later decided that if I didn't pay the fine in five days I would be summarily disbarred.  I didn't had the opportunity to explain all the abuse committed by the lawyers

of the Solicitor General Office, Claudia Rosa Ramos and Cristina Nieves Villegas and the adversary lawyers who also refused to submit the widow to a deposition. They knew the bias against me in the Court of First Instance of Humacao. As before explained the reports of the Solicitor General AB2015-010 was conclusory, the ethical complaint against me was conclusory, the report by the Commissioner was conclusory, the decision of the Supreme Court was conclusory too. No judge had the courage to file an ethical charge against me because they have to give specific facts which I could easily dispute them and prove that my ethical charges and recusals were meritorious, had reasonable basis with detail and specific facts. In this case I was disbarred in a clear breach of my constitutional right of free speech, see InRe Little, supra and the right of an impartial forum, see Capperton, supra. I have found that lawyers are afraid of Judges. I couldn't find any lawyers to file this suit, I couldn't find any lawyer to defend me in the disbarment proceedings. It should be pointed out that the Canon of Ethics of Puerto Rico states very clearly and so do the Modern Canon of Ethics of ABA state very clearly that lawyers

have the ethical obligation to file ethical charges and recusal motions against judges when they have reasonable basis to due so. The system has deteriorated due to the fact that lawyers are afraid of abusive judges. The Judicial System of Puerto Rico is not working according to US Constitutional standards. In this case I have reasonable basis to believe that there was a conspiracy by lawyers to punish me because I exercised my constitutional right to file ethical charges and recusal motions with reasonable basis and respect. I am defending the Judicial System of Puerto Rico. I am defending the Institution of the Supreme Court of Puerto Rico. In order to do that and to comply with the sworn statement I made in January 1974 to defend the Judicial System of Puerto Rico, in order to do that I have the obligation to criticize the present historic membership of the Supreme Court and various Judges of the Appeals Court and Court of First Instance, it was my duty and obligation.

27.    It should be pointed out that the adversary lawyers have engaged in conduct which is equivalent of a conspiracy with Judges in order to punish me using the ethical charges and recusal motions that I filed. They can be held responsible in

147

damages for violating my Constitutional Rights. Their conduct an equivalent of a conspiracy with judges. They engaged in state actions under Section 1983, see <u>Denny's v. Sparks 449US24; Tower v. Glover 467US914.</u> They knew the appointment of Mr. Cordero Soto was void. They knew that he was hiding assets and filing false reports when more than $5 million were not informed. They money was taken by Mr. Cordero Soto and the two codefendants Arleene y Marisel Valeiras. They should have accepted the transfer of the case after the first judge was removed after an ethical charge. See <u>Campoamor Redín, supra; Judge v. Gordon, supra.</u> They didn't want the transfer of the case for all these reasons. Attorney Cordero Alcaraz repeatedly asked sanctions against me knowing the bias of judges against me. Attorney Laguna Mimoso took $10,000 as a sanction in a completely arbitrary way against me. In the hearing on May 2016 in the Court of First Instance of Humacao started yelling that I have filed ethical charges against judges. They asked the Court of Humacao for the appointment of Mr. Cordero Soto when they knew it was completely illegal and void. For more than four

years reports were filed in the Court of Humacao that were fraudulent. Attorney Ramos filed numerous motions citing wrong cases. He did it because he knew the bias against me. For example, he cited the case Sucesión Coro Lugo v. Secretario de Hacienda 130DPR1 for the proposition that the stock of private corporations have to be computed based on book value. The Supreme Court has stated otherwise, see Fernández v. Fernández 105DPR22. He opposed the amendment to the complaint on March 2010 because supposedly it was too late. The case has not been set for pretrial and discovery process has not started, see Epifanio Vidal v. Suro 103DPR793; Romero v. Reyes Rivera 164DPR721. The motion was frivolous. In numerous motions he insulted me telling the court I was a vexatious litigant. He cited the case Meléndez v. Fei 135DPR610 that supposedly stands for the proposition that judge can amend the complaint motu proprio and then dismiss the amended complaint. This is wrong, see González Suarez v. Rodríguez 121DPR749 in the case KAC2012-0840 he asked the Court that my legal writings should be rejected. On September 26, 2014 when I tried to

149

explain to Judge Negrón that I had filed three motions
explaining that the case KLAN2011-00720 on May 2013
voided the disqualification of my Pro Se he asked the Judge to
prohibit that I could speak and defend myself, he proceeded to
insult me that I was a vexatious litigant.   I was sanctioned with
$2,400 without the right to defend myself.  A gross violation of
my Free Speech, see InRe Ríos Ríos, 2008 TSPR 188.
Attorney Ramos cited the case of Dávila v. Agrait 110DPR545
stating that the amount under Puerto Rican Law that must be
respected as the part of the inheritance is one third, it is two
thirds, see Article 737 Civil Code of Puerto Rico.   Attorney
Ramos Luiña in a false way cited the case of Texas Capital
Security Num. 01-99-0123-8 (2001) Court of Appeals of Texas
in which he stated that Texas Blue Sky Law was applied to a
private corporation. Attorneys Cordero, Alcaraz, Ramos filed
motion of summary judgment that are frivolous knowing the
bias of Judge Castro Rodríguez of the Court of First Instance of
Humacao.  Those lawyers should be disciplined because they
knew that after Judge Dávila was removed from the case under
the ethical charges that I filed and also when Judge Hernández

González and Negrón were removed after ethical charges I filed the environment in the Court of First Instance presided by Judge Castro was full of hostility against me. They should have accepted the transfer of the case. In the motion of summary judgment attorney Ramos pretends that the values of Cantera Perez of $9.5 million in 1998 was res judicata. Based on the judgment by Judge Hernández in which I didn't had my day in Court to offer evidence that I was submitted to fraud in my redemption of my stock. Those values in the report of Zayas and Morazanni were calculated at $12.5 million. The dismissal of my claim of fraud in my redemption was an abusive judgment full of bias prepared by Judge Hernández González. When a party doesn't has its day in Court the doctrine of res judicata and collateral estoppel by judgment is not applicable, see <u>Allen v. McCurry TSEU December 9, 1980; Millan v. Caribe Motor 83DPR494</u>. Also Ramos Luiña stated that I supposedly accepted the values of $9.5 million in the deed of the estate of Ana L. Soto was divided. At that time I didn't knew the fraud in the valuation of Cantera Pérez, I obtained the knowledge on February 2007 when I tried to compute the gift

of stock of Cantera Pérez made by the defendant. Attorney Ramos filed a motion around March 2010 stating that the heirs without majority could appoint a private Administrator, wrong. All the adversary lawyers convinced Judge Hernández to order me to file an amendment complaint to include unnecessarily my son Hiram Pérez Arrillaga as a defendant when he only received a gift of stock and he accepts must be computed. To cause me more damages my lawyer was prevented to represent him. They knew that I was disqualified without a hearing based on lies. For the sake of not being too long I will omit other instances in which through frivolous motions the adversary lawyers caused me damages. All this conducts by the adversary lawyers made them conspirators with the judges and engaging in state actions under Section 1983. They are subject damages including punitive damages for violating my Civil Rights. For the sake of not being too long I will not state for now other incidents in which the adversary lawyers abused me.

28.  My lawyer Garau Díaz recused Judge Castro Rodríguez. He recused this Judge because he refused to make decisions about the appointment of Mr. Cordero Soto as Judicial Administrator

and Judicial "Contador Partidor".   He refused to make a decision about the way the disputed invoices were approved without a hearing.   He actually approved and ordered the payment of those invoices from the estate amounting to more a $100,000.   He refused the transfer of the case even though he knew three judges were removed by the Judicial Administration after ethical charges.   This were Judge Dávila, Hernández and Negrón.   As before explained in October 2014 I received a letter from the Judicial Administration that I had reasonable basis to file an ethical charge against Judge Negrón which was removed at that time and against Judge Brau Ramírez from the Appeals Court.   He also refused to decide the legality of the sanction of $10,000 that I finally had to pay.   As before explained there is no time limit to file motions asking for the voidance of judgment and resolutions, if the motion is meritorious there is a requirement of a hearing and a decision on the merits with statement of facts and Law.   That recusal motion was denied by Judge Rodríguez Olmo in a conclusory way.   I appealed the decision of not recusing Judge Castro KLCE2015-00725.   When the Appeals Court didn't decide that

writ of Certiorari until around May 2016 so in all the proceedings in which the adversary lawyers refused to cooperate in the discovery process and depositions held in April and May 2015 Judge Castro was inabilitated to decide the motion asking for sanctions against the adversary lawyers for their unethical behavior in relation to the discovery process. The last deposition was taken on May 2015. My lawyer Garau Díaz without giving me any reason resigned from representing me in the case. He didn't gave me any reason whatsoever. That was on January 2016. The depositions could have been taken from May 2015 to January 2016, all these months were wasted due to the unethical behavior of the adversary lawyers. In a hearing held on May 2016 when the Mandate of the case KLCE2015-00725 arrived at the Court of Humacao attorney Ramos observed a behavior that can be classified as obsequiousness. He told the Judge that he was recused in an unfair way. Attorney Ramos knew that in the Court of Humacao there was an environment of hostility towards me. Attorney Cordero Alcaraz asked for the dismissal of my complaint due to the change of lawyers. I had paid all the legal

fees to Garau Díaz.  That petition of attorney Cordero Alcaraz was based on the fact that she knew that Judge Castro was and is bias.  At one point Judge Castro in Court stated that the prior Judges in the case Dávila, Hernández and Negrón were not removed by the Judicial Administration.  If that is so I have the right to make discovery process.  I am convinced they were removed.  Judges are subject to discovery process pertinent controversies, see Denny's v. Sparks, supra. Attorney Ramos Luiña asked the Court for sanctions against me of $1,500.  If I didn't hired a new lawyer in 60 days, with sanctions of a $100 daily afterwards.  Judge Castro ordered this abusive petition.  I hired a new lawyer from a Law firm, two female lawyers were assigned from that Law firm.  They didn't cooperate with me to full extent possible in defending me.  They didn't argued the legality of the sanctions of $10,000, the approval of the disputed invoices without a hearing, they refused to argue that Judge Castro was under the legal obligation to decide the motion asking for sanctions because of the behavior of the adversary lawyers in the depositions taken in April and May 2015.  A hearing was held in December 2016, there Judge

155

Castro never decided the motion asking for sanctions. The discovery process he decided that had to be finished for the end of February 2017. Then the female lawyer which was representing me without my authorization decided that the discovery process will not be held. She made that decision without consulting me and without my authorization. The decision was based in the minutes of December 2014, in April 2015 I filed the Mandamus KLRX2015-00008 in which it was ordered that the discovery process must continue. I noticed that there was friendship between that female lawyer and attorney Cordero Alcaraz and the other adversary lawyers. That female lawyer that supposedly was representing me told me in no uncertain terms that my case didn't had merits. That the values of the stock of Cantera Perez in order to compute the gift of stock under Article 746 of the Civil Code was already decided. I had to ask for the resignation of that female attorney. That was on the middle of February of 2017. The reason is that I was desperate finding a new lawyer. Meanwhile Judge Castro ordered that should justify why he should not dismiss my whole case. A new lawyer was found on February 20, 2017. Judge

Castro who was under the obligation by a Court order in the Mandamus that I filed KLRX2015-00008 to permit the discovery process refused to permit it and refused to decide the motion asking for sanctions. All of these actions show bias against me and the way the adversary lawyers are using that bias against me. My present lawyers has refused to permit me to file a writ of Mandamus or Certiorari against the behavior of Judge Castro in relation to the discovery process. I repeat, the case should have been transferred to another Court when Judge Dávila was removed to maintain the appearance of impartiality. We have already explained the frivolous motion of summary judgment filed by attorney Ramos and Alcaraz. The adversary lawyers don't have any expert witnesses. We have already filed the report of the CPA firm Zayas and Morazzani in which it is proven that more than $5.8 million were taken out of the estate by the so called Judicial Administrator. He has accepted this in a motion. As we can see my right for an impartial judicial forum which is my constitutional right has been denied in a blatant way in the Court of First Instance of Humacao. The report of Zayas and Morazzani that establishes the values of

Cantera Pérez and the income belonging to the descendant was supposed to be filed on September 30, 2017. Due to Hurricane María it was impossible for that experts report to be filed at that time. We all know the disruption caused by the pass of the hurricane in which the economy of Puerto Rico was practically stoped. The report was finally filed on November 30, 2017. Attorney Ramos Luiña knowing the bias of Judge Castro opposes the report because it was filed late. The defendants don't have any experts report. Additionally attorney Cordero Alcaraz kept the pattern of lying to the Court even though she filed a motion in which her father resigned as Administrator in May 2015, she filed a report in December 2018 in which she wants the estate to keep paying her legal invoices. This is simply outreagious.

29.   Attorney Ramos Luiña and attorney Cordero Alcaraz and Alcaraz Micheli in a conspiracy made it impossible to reach a settlement as soon as they knew I had committed the mistake and put myself in trouble by filing ethical charges against Judges. It was my constitutional right. This case could have been settled way back in 2008. Attorney Ramos entered the

158

case around 2008 and was the leader with the other attorneys before mentioned to file motion without merit and began to use the ethical charges to incite hostility of Judges against me. Attorney Valgina Rodríguez also conspired when she also refused the transfer of the case with the other three attorneys. She knew there was an environment of hostility against me. Also she refused to submit her client Antonia Rodríguez to a deposition. She also knew that the naming of Mr. Cordero Soto as Judicial Administrator and Judicial "Contador Partidor" were void.

30. Around November 2009 Judge Brau Ramírez was proposed as a Commissioner by attorneys Cordero Alcaraz, Alcaraz Micheli, Ramos Luiña and Valgina Rodríguez. Judge Brau Ramírez was out of the Judiciary until he was appointed again. Judge Brau Ramírez has refuse to admit any friendship with the adversary lawyers. In the resolution initiated by him KLCE2008-00585 he insulted me stating that I was behaving like a person being unfairly persecuted. He also stated that I filed ethical charges against the adversary lawyers to obtain undue advantage. He also stated in a conclusory way that I abused the discovery

process. I did sent when I was Pro Se three interrogatories and three requests of admission that could have been easily answered. Then in the case KLCE2014-0414 he insulted me telling that I had recused without merit Judges. He ordered that my Certiorari writ and other motions be delivered back to me. He refused to decide whether the case KLAN2011-00720 on May 2013 had revoked my disqualification without a hearing as before explained. The resolutions he signed on dates April 14, 2014, August 5, 2014 are full of hostility towards me. Also he recused himself in the case KLRX2015-00008. His self-recusal was full of hostility towards me. I received a letter on October 2014 from the Judicial Administration telling me that I had reasonable basis to complaint with ethical charges against Judges Negrón and against him, Judge Brau Ramírez of the Appeals Court. This Court should investigate the rules of Judicial Discipline. I have reasonable basis to believe that when the ethical charges are decided by the Judicial Administrator to be meritorious they are sent to the Legal Counsel Office of the said administration. I have reasonable basis to believe that Judges engaged in ex parte conversations

with the Judicial Administrator. This is not fair. After the Judicial Administrator founds that the ethical charges are reasonable all communication should be on written motions with copies to the complaining party. Also the institutional bias of Judges defending themselves makes it imperative that the Judge Administrator should not be Judge or former Judge. Also in a case like this the Commissioner appointed by the Supreme Court should have no relationship whatsoever with the Judiciary.

31. Attorney Alcaraz Micheli I have reasonable basis to believe with the cooperation of Judge Brau Ramírez collected numerous motions that I had filed though all the years and the ethical charge AB2013-0510 was filed against me. In the appendix of that ethical charge were those motions that weren't received by me when the ethical charge was filed. In the report prepared by attorney Amir Cristina Nieves Villegas she used intensively the resolution of Judge Brau Ramírez in which he showed hostility and bias against me. I have the right to demand an investigation of if Judge Brau participated in any way in the preparation of the bias report AB2013-0510. This

was never done by the Commissioner appointed Judge Ygris Rivera de Martínez. I never stated that Judge Brau Ramírez wrote the report AB2013-0510. Nevertheless attorney Nieves Villegas stated that she agreed with Judge Brau Ramírez that Judge Dávila recused herself because she didn't want me to accuse her in motions of being a friend of attorney Laguna Mimoso. Did that attorney spoke with Judge Brau Ramírez? If that so I think it was highly improper. This is incorrect. I had information that I couldn't corroborate that there was friendship between them. Attorney Laguna Mimoso filed numerous motions insulting me during the years 2007 and 2008. In December 2007 he accused by of being paranoid. The same language used by Judge Brau Ramírez against me. As before explained I never filed a motion in Court accusing Judge Dávila of friendship with attorney Laguna Mimoso. I filed the ethical charge with information I couldn't corroborate asking the Judicial Administration to find the truth, see Rondón v. Petronet 103FedSupp367; Bary v. US 525US62. No Judges that I filed ethical charges against them or recused them filed ethical charges against me. To do that they have to give detailed facts.

162

I could disproof with detailed facts that I had reasonable basis to file ethical charges or recuse. The report AB2013-0510 prepared by attorney Nieves Villegas was conclusory. The few facts given I could easily refute them. All the motions sent by attorney Alcaraz Micheli were discarded in that report. The referral of Judge Fraticelli on June 2015 was also conclusory. The few facts given I could dispute them easily. Attorney Nieves Villegas after filing the conclusory report AB2013-0510. The Supreme Court ordered to file an ethical complaint against me. For almost a year attorney Nieves Villegas didn't prepared the ethical complaint. I wrote her two letters giving detailed facts on what had happened in the Court of First Instance of Humacao and in the Appeals Court. Attorney Alcaraz Micheli two times wrote letters to attorney Nieves Villegas, in the last one using in a conclusory way the recusal motion I had filed against Judge Fraticelli. The ethical complaint filed by was conclusory. I filed a motion of dismissal giving detailed facts. The Supreme Court in a conclusory way dismissed my motion of dismissal. The report prepared by the Commissioner on June 8, 2017 was also

163

conclusory.  That report was never answered by the Solicitor General attorney  Minnie H. Rodríguez López who acted as a prosecutor.  She didn't answered the report of the Commissioner because she had to dwell on specific facts, not conclusory ones, as I have said repeatedly on the specific facts I will come up winning because they show clearly abusive behavior towards me.  The ruling of the Supreme Court was also conclusory with mistakes on the few facts given.  All the process violated due process.  Unfair and bias.

32.  It should be pointed out that I have found that attorneys are afraid of Judges.  I couldn't find any attorney to prepare this complaint.  It was very difficult to find lawyers to defend me because they knew the hostility that Judges show when an ethical complaint is filed against them.  This also has been noticed by me in the rulings of the Supreme Court.  There is a Rule of Law that must be respected.  Every lawyer has the obligation to file ethical charges and recuse Judges with reasonable basis and with respect.  This is not being followed in Puerto Rico to the detriment of the citizenship and resident. This is a juridical subculture in which lawyers are afraid of

Judges and refuse to comply with their obligation to file ethical charges and recuse Judges when they behave unethically. I have been told by lawyers that in Puerto Rico there is no such thing as the Rule of Law.  That we must accept clearly illegal and bias judgments of Judges.  For me this is shocking.  The United States Constitution which provides in the First Amendment for the redress of grievances and for free speech and the due process Law of the 14th and 5th amendment which also provide for an impartial forum is being violated by the conduct of lawyers and Judges.   This case could make a significant contribution to finish this practice of lawyers being afraid of Judges and Judges punishing those who use their constitutional right of free speech and fair and impartial forum by filing ethical charges and recusing with reasonable basis and respect.

33.   In the case KLAN2011-00180 in which Judges, Ivelisse Domínguez Irrizarri, Gretchen Coll Martí, Nélida Jiménez Velázquez.  Were members, also in the case KLCE2011-00057 in which Judges Carmen Carlos Cabrera, Aida Nieves Figueroa, Roberto Rodríguez Casillas, Troadio González Vargas were members I filed a motion to declare void those judgments.

165

Those motions were filed under the authority of the cases <u>Hazel v. Atlas 322US238 (1944); Root Refining v. Universal 328US575 (1946); Greater Boston v. FCC 463F2d268.</u>  Those cases decided that appellate judgments can be voided when bias can be proved or any other instances of improper behavior.  A procedure must be devised so that due process is complied with, see also the cases of <u>Piazza v. Isla del Río 2003 TSPR; American Iron Steel v. EPA 560F2d589</u>.  I argued that the judgment in the case KLCE2011-00057 was confused and bias.  I also argued in the case KLAN2011-00720 that the judgment was void due to bias and to argue that the file of the case shows clearly that the $10,000 sanction was completely illegal because my motion didn't cause in any way that the case couldn't be decided rapidly, it didn't cause any delay.  In the case as before explained discovery proceedings were beginning and no pre-trial was held or set for any date.  Those motions were not decided.  The due process clauses of the United States Constitution apparently those Judges believed it's not applicable in Puerto Rico.

166

## II. PRINCIPLES OF LAW APPLICABLE AND CAUSES OF ACTION AND REMEDIES

Under Title 42 Section 1983 of the US Code a mechanism is provided for seeking redress for an alleged deprivation of a litigants federal constitutional and federal statutory rights by person acting under color of state Law.  Section 1983 reads as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,  suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress

167

applicable exclusively to the District of Columbia shall
be considered to be a statute, of the District of
Columbia."

Congress passed 42USCA1983 in 1871 as Section I of the
"KLU Klux Klan Act". The statute didn't emerge as a tool for
checking the abuse by state officials until 1961when the
Supreme Court decided <u>Monroe v. Pape 365US167</u>. In the
Monroe case the Supreme Court decided that actions taken by
state government officials even if contrary to state Law were
nevertheless action under color of Law. Secondly the Court
held that injured individuals have a federal remedy even if the
official's actions also violated the state Law. Under these
sections Judges are immune from damages as long as they acted
in a judicial capacity with jurisdiction. See <u>Pierson v. Ray</u>
<u>368US547; Liability of Judicial Officers under Section 1983 79</u>
<u>Yale Law Journal page 322; Stump v. Sparkman 435US349</u>
<u>(1978)</u>. The US Supreme Court held that absolute immunity
applies to actions taken by Judges with jurisdiction but not in a
clear absence of all jurisdiction. A probate Judge who has
jurisdiction only over wills tries a criminal case will not be

168

immune because he acted in a clear absence of jurisdiction.
The judicial immunity of Judges in damages is not
constitutionally mandated. When Congress approved in 1871
that section, it incorporated the judicial immunity of Judges in
the common Law. It should be pointed out that in 1871 Puerto
Rico was a colony of Spain. It must be decided whether
judicial immunity applies in cases originating from Puerto Rico
under Section 1983 because the common Law has never been in
existence in Puerto Rico. In the cases of <u>Monroe v. Pape,</u>
<u>supra; Monell v. Department of Social Services 436US658</u>
<u>(1978)</u> the Supreme Court of the United States used heavily the
legislative history of the 1871 Act to construe based under the
intention of Congress, the import and meaning of said act. It
can be argued that judicial immunity under Section 1983 is not
applicable to cases originating in Puerto Rico inasmuch as the
common Law has never been in existence in Puerto Rico. In
Spain since 1870 and later in Article 903 of the Law of Civil
Procedure of 1881 provided that Judges could be held
responsible in damages when decided with bias or gross
negligence. In Puerto Rico in the case of <u>Feliciano Rosado v.</u>

169

Matos 110DPR550 (1981).  Judges can be held responsible in damages is there is a prior criminal conviction or the Judge has been dismissed from office by a final decree of the Supreme Court or impeachment by the Puerto Rican Legislative Assembly. It is possible that under the doctrine of Pendent Jurisdiction 28USCA367A that Puerto Rican Legal Principle could be applied by this Court. Also in this case where we allege that there has been a widespread conspiracy of Puerto Rican Judges based on ex parte conversations, it can be argued that Judges do not have jurisdiction or were acting in excess of jurisdiction to punish the appearing party for exercising the right of free speech and fair forum under the United States Constitution.  In the case of Pierson v. Ray, supra Foot note Number 8 the Supreme Court of the United States apparently stated that some type of conspiracy of Judges could have the effect that Judges will not have immunity in damages because they acted without jurisdiction to engage in those type of behavior.  Also 42USCA1985 "3" see Carpenters v. Scott 463US825 (1983), any person who under color of Law engage in state action who conspires to deprive any person or class of

170

person right protected by the United States Constitution could be held responsible in damages. The bias must be a class bias. In this case the appearing party will be member of a class that wants to exercise his right of free speech in litigation. See Griffin v. Breckenridge 403US88 (1971). The constitutional right which is being impaired is the right under the 5th or 14th amendment to due process of Law and right of free speech, redress of grievances and a fair forum.

It is possible that in this case federal criminal laws were violated, see 18USCA241 which provides for criminal penalties for any person who conspires to violate any other person right secured under the Unites States Constitution. Also 18USCA242 which provides for criminal penalties against any person who under color of Law deprives any person's right protected by the Unites States Constitution. This includes state Judges and any other person acting under color of Law. See Denny's v. Sparks 449US24 (1980). Judges and any other person acting under color of Law are not immune from criminal penalties under Federal Law when they act willfully to deprive rights secured by the United States Constitution. Ex parte State

171

of Virginia US Supreme Court 1879. It has been decided that Federal Courts cannot compel federal district attorneys to file criminal charges against any person under 18USCA242 and 18USCA241, but they can notify the Federal District Attorney in order for them to decide whether there is sufficient basis to initiate a criminal investigation. See Davis Administrative Law Sec. 24.07; Counsel White v. Bloom 621F2d276. In this case there is basis based on ample evidence that this Court can notify the Federal District Attorney in order for that Office to decide whether to initiate a criminal investigation.

The Federal Abstention Doctrine doesn't prevent action under Section 1983 and 1985 "3". See Bails v. Tallersen 369US31. Also the Anti-Injunction Statute 42USCA2283 is not applicable to prevent action under Section 1983. See Mitchell v. Foster 407US225; Slavin v. Curry 574F2d1256. Furthermore, when it is alleged that state civil or criminal proceedings are being conducted in bad faith for the purpose of harassment and infringing constitutional and civil rights of plaintiffs Federal Courts can intervene to stop those proceedings, see Hoffman v. Purgael 420US592; AASP v. Harp

172

357F2d831; Monday v. Parker 391F2d816. The Rooker Feldeman Doctrine is not applicable to the facts of this case in as much as it allege that state proceedings were conducted in a bias way violating the Constitutional Rights of the appearing party to an impartial forum, see Auto service v. City of Chicago 319F3d902; Thomas v. Knight 257FeddSupp2d203.

The 11th amendment of the United States Constitution shields a state from suit the Federal Court unless the state consents to suit or waives its immunity. A damage action against a state official in his or her official capacity is tantamount to a suit against the state itself and absence waiver or consent will be barred by the 11th amendment. Congress hasn't abrogated the states 11th amendment immunity. It could do so under the 14th amendment of the United States Constitution. Judges and other state officials are not immune by the 11th amendment from injunction and declaratory relief, see Alle v. Mediano 416US802 (1971). Suits against government officials in their official capacity can be filed when asking for injunctive or declaratory relief. So in this case all defendants are being sued in their official capacity when we ask

173

for declaratory or injunctive relief. When government officials are being sued for damages they must be sued in their personal capacity so as not to infringe the 11th amendment. So in this case when we ask for damages the defendants are being sued in their personal capacity. See Hafer v. Melo 502US21 (1991); Kentuky v. Graham 473US159 (1985).

In this case we have basis to belief that the doctrine established by the Supreme Court cases of Tower v. Glover 467US914 (1984); Denny's v. Sparks 449US24 (1980); That if a private person conspires with Judges to violate constitutional rights of free speech and fair forum guaranteed by the US Constitution they can be held responsible in damages. Whatever judicial immunity is applicable to Judges isn't covered to them. Those people were the adversary lawyers Ramos Luiña, Cordero Alcaraz, Alcaraz Micheli, Laguna Mimoso, Valgina Rodríguez and CPA Carbonell they used in a conclusory way the ethical charges that I filed with reasonable basis and with respect based on specific facts. Also recusal motions made in the same way to incite the hostility of Judges of the Puerto Rican Judiciary. Judges of the Court of First

174

Instance of Humacao and San Juan, Judges of the Appeals Court and even Judges of the Supreme Court. They were successful. I was subject to arbitrary sanctions of more than $20,000. I was subject to insult in motions made by lawyers and insulting resolutions made by Judges even by Judges of the Supreme Court. Some of my causes of actions were dismissed in a clearly illegal way showing bias. The rule of Law wasn't followed by Judges of the Puerto Rican Judiciary, even by Judges of the Supreme Court. Attorney Valgina Rodríguez knowing the bias of Judges opposed the transfer of the case, refused to appear on a deposition of her client Antonia Rodríguez. CPA Carbonell should have known that the reports filed in the Court of First Instance of San Juan and Humacao were fraudulent, almost $6 million were taken out of the estate. The financial information provided by him was false. He also knew the bias of Judges. The most egregious example of this abusive and bias behavior was the naming of a person accused of fraud in the Complaint, Judicial Administrator without a hearing, without a petition of a heir or "Albacea" without a bond in violation of Puerto Rico's Civil Procedure Code Sec.

175

337 et seq.  No person can be Judge and party, see Ward v.
Moneroeville 409US557; InRe Mutchinson 349US613.  Also
under Puerto Rican Law no person accused of fraud in an
inheritance case can be named Judicial Administrator by the
Court, see Villanova v. Villanova 2012JTS53; Flecha v.
Lebrón 2005JTS176. There was a final judgment by a Puerto
Rican Judge that the "Albaceazgo". Had expired and the
administration of the estate should be delivered to the heirs to
me administered according to Article 332 of Puerto Rican Civil
Code.  Case KJV2006-2638 October 2009 Court of First
Instance of San Juan was res judicata. In a bias way Judges
refused even to mention the case.  This showed bias against me.
The Rule of Law was not followed.  For more than 4 years
reports were filled by a person accused of fraud in a complaint
and Judges refused to declare void his positions.  He finally
accepted that he stole more than $6 million from the estate.  For
this I filed an ethical complaint against various Judges.  The
Supreme Court disbarred me for protesting this arbitrary and
bias decisions.  The Supreme Court named a Commissioner, a
former Judge, which was bias.  That Commissioner didn't

176

permit me to cite witnesses, cross-examine witnesses, I was constantly interrupted. The Commissioner filed a conclusory report without discussing the specific facts of my ethical charges and recusals. The Supreme Court in a bias way refused to discuss the specific facts of my recusals and ethical charges. For this reason we believe the adversary lawyers could be held responsible in $1 million in damages each of them and another million dollars in in punitive damages. Furthermore, we believe that when there is a widespread conspiracy of Judges of the Court of First Instance of Humacao and San Juan, Judges of the Appeals Court and Judges of the Supreme Court the Doctrine of Judicial Immunity doesn't apply because Judges doesn't have jurisdiction to conspire in this way through ex parte conversations and/or based on prior ruling of other Judges to decide with bias and making punitive decisions against me. The adversary lawyers continuously used the ethical charges to incite hostility of the Judges against me. The Supreme Court refused to grant the discretionary writ of Certiorari leaving decisions that were clearly against the Rule of Law, against longstanding legal principles. For this Judges should subjected

177

to pay in a contingent way $800,000 in damages and additional $800,000 in punitive damages.

The adversary lawyers acted under color of Law and their behavior could be a violation of Federal Criminal Statutes. See 18USCA241; 18USCA242. It has been established that supervisory liability can be imposed when supervisory officials didn't supervise or control his subordinates, see Clay v. Conlee 815F2d1164 (1987); Rizzo v. Goode 423US362 (1976); Parratt v. Tailor 451US527 (1981). We believe that Judges Administrators Sonia Ivette Vélez González, Isabel Llompart Zeno, Supreme Court Justices Federico Hernández Denton, Liana Fiol Matta and Maite D. Oronoz violated my Civil Rights under Section 1983. They refused to discipline Judges that were subject to my ethical charges. This allowed for Judges to feel free to punish me for exercising my right of free speech and a fair forum specifically Judge Hernández Denton and Sonia Ivette Vélez González ordered the de facto recusal of Judges Dávila Vélez, Hernández González, Negrón Villardefranco of the Court of First Instance of Humacao after I filed ethical charges against them. In the case of Judge Negrón

178

Villardefranco also I filed a recusal motion. They should have ordered the transfer of the case to another forum. The case should have been transferred to the Court of First Instance of San Juan. Also they should have ordered through an administrative memorandum that Judges would be disciplined if they made arbitrary decisions or imposed on me punitive sanctions because I exercised my constitutional rights to file ethical complaints and recusal motions with reasonable basis, specific facts and with respect, see InRe Cardona Alvarez 116DPR895; InRe Little, supra. This opened up the door to the conspiracy to continue uninterruptedly. In the case of Judge Hernández Denton after denying my ethical charges he participated in the denial of the second motion of reconsideration of not granting the discretionary writ of Certiorari leaving intact decisions that were clearly illegal. This happened in the case KLCE2011-00057; KLCE2008-00585; KLAN2011-00180; KLAN2011-00720. In the case of Judge Administrator Isabel Llompart Zeno she found that I had reasonable basis to file ethical charges against Judge Brau Ramírez and Judge Negrón Villardefranco. Those ethical

179

charges were sent to the Legal Division of the Judicial Administration. I have reasonable basis to believe that ex parte conversations were held between those Judges and the Judge Administrator Llompart Zeno, the ethical charges were dismissed. They were dismissed in an unfair an abusive way. Judges shouldn't be permitted in an ethical investigation to communicate in an ex parte way. That should be done only in written motions with copies sent to the party who filed the ethical charge. Judge Fiol Matta in the case KLAN2011-00720 acted in a correct and proper way when she critized the appeals Judges KLAN2011-00720 which dismissed my appeal for using a private mail station to notify the adversary lawyers of the writ of Appeal. But Judge Fiol Matta refused to discipline panel KLCE2011-00057 for not declaring void the position of Mr. Cordero Soto of Judicial Administrator and Judicial "Contador Partidor". Also Chief Judge Oronoz Rodríguez violated mi Civil Rights when she refused to discipline Judge Negrón Villardefranco for approving without a hearing $100,000 in legal invoices of adversary lawyer Cordero Alcaraz which is his daughter, for refusing to declare void the positions of Mr.

Cordero Soto.  For signing two Orders with the headings of the Appelate Court prepared by attorney Cordero Alcaraz in October 2013 and in December 2013 approving the legal invoices.  In that order he lied when he stated that those invoices were approved by all the parties. Later on Judge Negrón admitted he lied.  Judge Negrón should have been disciplined for imposing me sanctions of $2,400, not permitting me to defend myself.  The signings of the Orders with the headings of the Appeals Court was made to confuse the Court of First Instance of Humacao. Also it should be remembered that there was a prior Order of April 2012 of Judge Trigo Ferrariouli of the Court of Humacao which prohibited the payment of disputed invoices.  Also in a hearing in December 13 when the recording machine was disconnected he accepted he had ex parte conversations with the adversary lawyers, Cordero Alcaraz, Ramos Luiña and Alcaraz Micheli. Also Judge Oronoz Rodríguez refused to discipline Judge Brau Ramírez.  We have given detailed facts of all his behavior full of hostility against me.  The relationship between Judge Brau Ramírez, attorney Alcaraz Micheli, attorney Cordero Alcaraz

181

with the lawyers of the Solicitor General Office which prepared bias reports against me should have been investigated. It should be repeated that Judge Brau Ramírez was proposed as a Commissioner on November 2009 when he was provitionally out of the Judiciary. Former Judges are subject to sanctions for unethical conduct, they are also subject to remedies under Section 1983.

It has been decided by the Supreme Court that prosecutors don't have absolute immunity for administrative and investigative acts, see Imbler v. Pachtman 424US409 (1976); Buckley v. Fidzsimmons 113 Supreme Court 2606 (1993). We believe that Amir Cristina Nieves Villegas and Claudia Rosa Ramos which prepared bias reports against me and exonerating the adversary lawyers could be held responsible in damages, the same for attorney Minnie H. Rodríguez in her conduct of the investigation of the ethical charges against me and the ethical charges of the adversary lawyers. There was a selective prosecution, see Noriega v. Hernández Colón 135DPR406, the reports were bias. Each of them could be held responsible in $500,000 in damages and

$500,000 in punitive damages.  Those attorneys which work for the Solicitor General Office only have qualified immunity, see Siegert v. Gilley 500US226 (1991); Anderson v. Creighton 483US635 (1987).  Also attorney Ivonne Cassanova Pelossi which apparently is under contract by the Solicitor General Office was highly negligent in preparing a report, my first ethical charge AB2008-115.  She stated in a conclusory way that I was at fault in the abusive deposition I was subjected in 2007, also didn't discuss in a specific way the numerous motions in which I was insulted and the way I was disqualified based on lies.  The filing of motions of summary judgment with a deposition that wasn't finished citing me out of context made imperative the discipline of attorney Laguna Mimoso.  She could be responsible in $200,000 in damages and $200,000 in punitive damages.

Punitive damages can be awarded under section 1983 if defendants conducts is shown to be motivated by evil motive or involves reckless indifference to federal protected right.  See Smith v. Wade 461US530 (1983); Pacific Mutual Life v. Haslip 449US1 (1991).

183

The statute of limitation of an action under Section 1983 is provided by 42USCA1988.  Under Section 1988 the Federal Courts use the state statute of limitation as the one applicable in the Federal Courts.  The Federal Courts retain jurisdiction to decide whether the states statute of limitation is consistent with the US Constitutions and laws of the United States.  In this case we are asking the Federal Court to void all judgments and sanctions against me because they were made by Judges who were bias in a continuing conspiracy.  Under Puerto Rican Law, see Banco de Santander v. Fajardo Farms 96JTS100, when a judgment is void the judgment or sanction can be voided at any time.

As previously explained when it is alledged that a state, civil or criminal proceedings are being conducted in bad faith for the purpose of infriging the constitutional and civil rights of plaintiffs Federal Courts can intervene to stop those proceedings and remove the case to the Federal Court under the doctrine of Pendent Jurisdiction see, Hoffman v. Purgaen, supra.  In this case Judge Castro Rodríguez which is the Judge presiding in the Court of First Instance of Humacao the

184

inheritance case has acted in a way that shows clearly he has bias and had an hostile attitude towards me. As previously explained he has refused to decide the voidness of the positions of Mr. Cordero Soto, the restitution of my Pro Se by the Appeals Court KLAN201-00720, the transfer of the case from the Court of First Instance of Humacao. He also has refused to declare the voidness of the approval of more than a $100,000 in disputed invoices al previously explained. He ordered the payment of those invoices. I went to the Appeals Court, the Appeals Court finally decided that I was correct, those invoices were illegally and in void way paid. The Appeals Court showing bias decided that the decision was interlocutory and I had to wait until the final disposition of the case. When there is a gross negligence in a decision by a trial Court, that decision can be reviewed by the Appeals Court immediately to prevent a gross miscarriage of Justice. Also Judge Castro has refused to comply with an order of the Appeals Court KLRX2015-00008 that discovery process and depositions must be continued. The same Judge refused to decide a motion asking for sanctions against the adversary lawyers for not appearing at depositions

in which defendants and other witnesses were duly cited. The same Judge in an arbitrary way wanted to eliminate the pleadings of my complaint. Also he told me on May 2016 that after my lawyer resigned I had 30 days to find a lawyer if not I would be sanctioned with $1,500 plus $100 for each day. This was complying with a petition by adversary lawyer Ramos Luiña. My lawyer resigned from the case without giving me any reason whatsoever after I had paid all his legal fees with great difficulty. Also Judge Castro should have sanctioned the adversary lawyers for lying repeatedly to the Court. It should be remembered that they told the Court that the discovery process was finished, that there was an approval of the disputed invoices. All these were later accepted by the Court of First Instance of Humacao that they were blatant lies. Also the adversary lawyers after repeatedly using in a conclusory way the exercise of my constitutional right to file recusal motions and ethical charges with specific facts to incite the hostility of Judges against me. They have repeatedly used wrong cited cases knowing the bias of the Judge. For example; that the value of Cantera Pérez in 1998 was decided when Judge

186

Hernández González dismissed the cause of action in my complaint to declare void the redemption of my 25% participation in the equity stock of Cantera Pérez. I never had my day in Court to prove that the value of Cantera Pérez in 1998 was $12,000 million. There is a motion of summary judgment filed by the adversary lawyers in this respect. See Millan v. Caribe Motor 89DPR494. Also that the value to use in a valuation of a private corporation stock it is not book value. It is market value, see Fernández v. Fernández 152DPR22 which clarifies the case of Sucesión Coro Lugo v. Treasury Secretary 130DPR1, this last case is wrongly cited by adversary lawyer Ramos Luiña. He repeateadly engaged in this type of unethical conduct. The inheritance case should be removed to the Federal Court under the doctrine of Pendent Jurisdiction because of the widespread conspiracy by the Judges of the Court of First Instance, Appeals Court Judges and Supreme Court Judges against me. Judge Castro has refused to decide whether the case KLAN2011-00720 ordered the reinstallment of my Pro Se. As before explained I wsa disqualified based on lies. I had to pay a $10,000 fine that as before explained was

187

completely arbitrary. I also had to pay a $2,400 fine that was also completely arbitrary and illegal. Judge Castro Rodríguez is bias. Under the doctrine of Pendent Jurisdiction 28USC1367 Federal Court have supplemental or pendent jurisdiction when a claim is related to the action that gave the Federal Court jurisdiction so that both are part of the same controversy. See United Mine Workers v. Gibbs 383US715 (1966). Inasmuch as before explained the appearing party believes that there is a high degree of probability that he cannot have an impartial forum under Puerto Rican Judicial System, see Capperton v. ATMassey, supra; Arnett v. Kennedy 416US134 (1974); Tunes v. Ohio 273US510. Those cases stand for the proposition that under the Constitution of the United States every citizen or resident has the right of an impartial forum to litigate their claims. Also the appearing party has a right of free speech to file ethical charges and recuse Judges with specific facts, reasonable basis and with respect, see InRe Little, supra; Holt v. Virginia 381US131; Ohio v. City of Toledo 466FedSupp175; Hague v. Cio 307US496; Dauge v. Seannete 319US157. Judge Castro hasn't decided in more than three months motions of

summary judgment. In those cases I can prove that the descendant was the "usufructuario" of the 22% of the stock of Cantera Pérez and the owner of and adittional 11% of the stock. I sudmitted written evidence. The adversary lawyers have no written evidence of their false arguments. I need an impartial forum.

The defense of qualify immunity is a defense from monetary damages if the Law was clearly established then the officials have no immunity to damages, see Harlow v. Fitzgerald 457US800 (1982). The defense of qualify immunity establishes an objective test. If a reasonable official should have understood the clearly established rule of Law he should be held liable in damages, see Siegert v. Gilley 500US226 (1991). As previously explained judicial immunity isn't constitutionally mandated. It is a rule established by Congress when it approves the Ku Klux Klan Act in 1871. It incorporated the common Law of judicial immunity, see Pearson v. Ray, supra; Stump v. Sparkman, supra. Puerto Rico wasn't part of the United States at that time so it can be argued that the judicial immunity of the common Law isn't applicable

from cases arising in Puerto Rico under Section 1983. As previously explained, Feliciano Rosado v. Matos, supra established the rule that Judges in Puerto Rico can be held responsible in damages if there is a prior criminal conviction or the Judge has been dismissed from office by a final decree of the Supreme Court or impeachment by the Puerto Rican legislative Assembly. It is possible that under the doctrine of pendant jurisdiction 28USCA367A, that Puerto Rican legal principle could be applied to this Court. Two Federal criminal statutes are applicable when any person including Judges and private parties conspire to deprive rights guaranteed by the Constitution of the United States or Laws of the United States. See 18USCA241, also under 18USCA242 if any person willfully deprives rights protected by the Constitution or Laws of the United States could be held criminally liable. Judges and any private party acting under color of Law could be held criminally liable. See United States v. Price 383US787 (1966); Dennys v. Sparks 449US24 (1980); Oshea v. Litleton 414US488; Ex parte Virginia 100US339. When Judges acted in excess or absence of jurisdiction they could be held

190

responsible in damages, see Akens v. Acking 459FedSupp406; Smithson v. Ray 427FedSupp11; Broder v. Fisher 80US354. It is possible to argue that when there is a widespread conspiracy to punish a litigant in which practically the whole judiciary is engaged there should be no judicial immunity. Former Judges are liable under Section 1983 see Adkins v. Adkins 459FedSupp406; Saren v. Perry 572F2d52. Judges are not immune from sue from injunction or declaratory relief, see Aden v. Mediano 416US802 (1971). The 11th amendment doesn't prevent a Judge or any other government official from being sued for declaratory or injunctive relief. They can be sued in their official capacity. Judges are subject to discovery procedures in proper cases, see US v. Nixon 418US683 (1976); Denny's v. Sparks, supra.

The Federal Courts Improvement Act 1996 PL 104-317 amended Section 1983. It provided that in any action brought against a judicial officer for an act or omission taking in such officer's judicial capacity, injunctive relief should not be granted unless a declaratory relief was violated or declaratory relief was unavailable. In this case declaratory relief was

191

unavailable inasmuch as the whole Judicial System of Puerto Rico was bias against me.  Also the aforesaid section of the Law doesn't prevent any declaratory relief.  Declaratory relief is a retroactive remedy, injunctive relief is prospective.  In the case of Pulliam v. Allen 466US522 (1984) a judgment made by a state judge was voided under Section 1983 for violating the constitutional rights of plaintiffs.  Under the Federal Court Improvement Act of 1996 attorney fees award cannot be made applicable to Judges if they have judicial immunity in damages. For the difference between declaratory or injunctive relief see City of Los Angeles v. Lyons 461US95 (1983) Declaratory relief usually voids past judgment, decrees or acts made under color of Law.  Injunctive relief prevents future conduct.  Under Section 1983 declaratory judgment, injunctive relief and damages are authorized, see for example Carey v. Piphus 435US247 (1978).  Under the case of Bivens v. Six Unknown Federal Agents 403US388 (1971) declaratory, injunctive and damages relief are also authorized see Duke Power Co. v. Carolina Enviromental 438US59 (1978); Bell v. Hood 327US678.  Any disparity intreatment between action under

192

1983 and Bivens, supra, could create and equal protection issue. In a Section 1983 action nominal, compensatory and punitive damages are available, see Memphis Community School District v. Stacura 477US299 (1986). Compensatory damages fall into three categories, special, general and nominal. Special damages relate to specific pecuniary losses such as loss earnings, medical expenses and loss earing capacity. General damages include compensation for physical pain and suffering, as well as emotional distress. Nominal damages reflect a violation of a right with not proven actual injury, see Carey v. Piphus 435US247 (1978). The plaintiff must proof actual damages including emotional distress and anguish to prevent obtaining only nominal damages not exceeded one dollar. Presumed damages could be available when a plaintiff seeks compensation for an injury that is likely to have occurred but difficult to stablish, see Sullivan v. Little Hunting Park 396US229 (1969). Under Section 1983 liability is imposed to individuals and entities that act under color of Law. When a government employee is sued there is no problem in imposing liability. When private actors are sued actions under color of

193

Law must ascertained. When there is state action under 14th ammendment the action is under color of Law. But some actions are under color of Law even when there is no state action under the 14th ammendment, see <u>Adickes v. Kress 398US144 (1970).</u>

As before explained the doctrine of judicial immunity is based on the intent of Congress when it approves the Klux Klux Klan Act in 1871. Congress incorporated the common Law rules. Puerto Rico at that time was not part of the United States. At that time under Spanish Law Judge could be held responsible in damages. The case of <u>Feliciano Rosado, supra</u> Judges in Puerto Rico can be held responsible in damages if there is a prior criminal conviction. Additionally if the Judges were dismissed from office by a final judgment in the case of the Supreme Court Judges by impeachment. In this case when we ask for damages against Judges we are speaking in a contingent basis. We believe that a prior criminal conviction by a Federal Court makes Judges responsible in damages under Puerto Rican Law. Additionally there should not be judicial inmunity when there is a widespread conspiracy of the whole

judicial system. When a Judge with jurisdiction makes an intentionally wrong decision if the Judge has jurisdiction he has inmunity. This is so because the decision can be voided and theh Judge can be disciplined. This is not possible when there is a widespread conspiracy of all the judicial system. Furthermore under the doctrine of pendent jurisdiction the imposition of damages to Judges under local Law should be established by the Federal Court. This is so because of the bias prevalent in the state judicial system.

## III. CAUSES OF ACTION AND REMEDIES

1. Cause of action and remedies against Judges of the Supreme Court. Maite Oronoz, Edgardo Rivera García, Anabele Rodríguez, Roberto Feliberti Cintrón, Rafael E. Martínez Torres, Luis Estrella Martínez, Mildred G. Pabón Charneco, Erick V. Kolthoff Caraballo. The judgment on day April 24, 2018 in which I was disbarred should be voided. My right of free speech and fair trial under the US Constitution 1st and 14th amendment was clearly violated, see Eaton v. City of Tulsa 415US697; InRe Little, supra; Holt v. Virginia, supra. Even if the Supreme Court didn't had bias the Supreme Court never

discussed the specific facts of each ethical charge that I filed against Judges, the Supreme Court also never discussed the especific facts of each recusal motions that I filed against Judges. In a democracy and under the US Constitution every litigant and/or lawyer has a right to file an ethical charge and recusal motion with specific facts, reasonable basis and with respect. The only specific act discussed by the Supreme Court was that I supposedly filed a motion on March 2013 when I was already disqualified. This is clearly wrong and can be proven very easily. The motion was a contingent motion under Rule 14 of the Civil Procedure Rules of Puerto Rico, see Rondón v. Domínguez, supra. I asked the Court that my disqualification should be voided because it was based on lies and I didn't had a hearing as provided by the cases Kmart v. Walgreens, supra; Otaño Cuevas v. Vélez, supra. As before explained I was disqualified at the request of the adversary lawyers based on lies and conclusory arguments. All the decisions by the Supreme Court in which they refused to grant Certiorari writs should be voided. They left intact decisions that were clearly wrong, see InRe Honorable Díaz García, supra. The Rule of

196

Law must be respected by the Supreme Court. I have reasonable basis of bias when the Rule of Law was continuously violated by the Supreme Court in refusing to grant the discretionary writ of Certiorari. The following decision must be voided, KLCE2011-00057; KLCE2008-00585; KLAN2011-00180; KLAN2011-00720; KLCE2014-1279; KLCE2015-00534; KLCE2015-00725; KLAN2014-00086; KLCE2014-0414; KLAN2014-1784; KLCE2016-01708. Also the sanction of $5,000 imposed on my by the Supreme Court without giving me the opportunity to defend myself should be voided. It should be remembered that I had filed ethical charge AB2016-036. The Supreme Court dismissed that ethical charge and sanctioned me with $5,000. Later it gave me ten days to pay the sanction otherwise I could be summarily disbarred without a hearing. I have reasonable basis to believe that the Supreme Court has already decided to disbar me before the appointment of the Commissioner Igri Rivera de Martínez was appointed. There was a clear violation of my right of free speech, fair trial under the US Constitution. In a contingent way each of the Judges should be ordered to pay damages of

$800,000 plus $800,000 of punitive damages.  In relation to Chief Judge Maite Oronoz Rodríguez she recused herself in the disbarment ruling but she didn't disciplined Judge Brau Ramírez and Judge Negrón Villardefranco.  We have already explained the serious breaches of judicial ethics committed by those Judges. The ruling should be voided.  Also she didn't recused herself in the $5,000 sanction against me.  Also she participated in some manner in the refusal of the Supreme Court to revise by the discretionary writ of Certiorari clearly wrong decisions violating the Rule of Law.

2.  Cause of action and remedies against the Commissioner Igri Rivera de Martínez. The report of the Commissioner was bias. The date was June 8, 2017.  The report didn't discussed the details of the ethical charges and recusal motions that I filed against Judges.  This shows bias and is completely illegal and void,   see   <u>InRe Honorable Díaz García, supra.</u>   The Commissioner prevented me from citing witnesses.  My right of crossexamination was seriously eroded.   My right to due process that is fully applicable in a disbarment proceeding was violated, see <u>InRe Ruffalo, supra; InRe Oliver, supra</u>.   The

Commissioner constantly objected and interrupted my questioning. I couldn't ask questions about the clearly illegality of all the judgments, sanctions, and rulings against me. The reason was that supposedly in the disbarment hearing those decisions couldn't be voided. This is completely frivolous and showed bias. I was trying to prove that I had reasonable basis to recuse and file ethical charges against Judges who made clearly wrong decisions. The Commissioner in a bias way didn't permit me to read the complaint and answer each of the charges against me. This shows bias. On a contingent basis Commissioner Rivera should be held responsible in $800,000 in damages and $800,000 in punitive damages.

3. Causes of action and remedies against the Lawyers of the Solicitor General Office Amir Cristina Nieves Villegas who prepared the report AB2013-0510 and Claudia Rosa Ramos who prepared the report AB2014-043 and against attorney Ivonne Cassanova Pelossi who prepared report AB2008-115. Under the case of Burns v. Reeds 500US478 prosecutors only have qualified immunity for administrative and investigative acts, see also Inbler v. Patchman 424US409 (1976).

Commissioner Amir Cristina Nieves Villegas made statements in her report AB2013-0510 that seems to prove that she had conversations with Judge Brau Ramírez. She relied heavily in the resolutions signed by Judge Brau Ramírez initiated by him in which he constantly disparaged me, insulted and made conclusory and wrong statements about me. She didn't discussed in detail all the ethical charges and recusal motions that I filed. It was a clear violation of my free speech right. The report was bias. She should be responsible in $800,000 in damages and $800,000 in punitive damages. For example she stated that I was disrespectful to the adversary lawyers when I accused them of making intentional lies about me when they accused me that I forged the receipts of the appeals documents in the case KLAN2011-00720. I had the right to defend my integrity. The Supreme Court decided in the case KLAN2011-00720 that I didn't forged any documents. Then attorney Cristina Nieves Villegas stated that the Supreme Court didn't made that statement. The opinion should be read. The Supreme Court Liana Fiol Matta which didn't participated in my disbarment defended my integrity. Attorney Claudia Rosa

200

Ramos should be held responsible in $800,000 in damages and $800,000 in punitive damages. The report was bias. The report AB2014-043 was made in tandem with report AB2013-0510. For example attorney Rosa Ramos stated that even though the adversary lawyers lied in the proceedings in the Court of First Instance of Humacao when they stated that there was an agreement to pay disputed invoices. When those adversary lawyers prepared orders signed by two Judges with the headings of the Appeals Court to confuse the Treasury Division of the Court of First Instance of Humacao stating that there was an agreement to pay disputed invoices in June 2011 when one of the Judges accepted that the adversary lawyers lied for more than three years attorney Rosa Ramos stated that if the Judge didn't disciplined and sanctioned them she couldn't do anything about it. This is simply outrageous and shows bias. In the other report AB2013-0510 it stated that I couldn't complain with reasonable basis and with respect clearly wrong decisions made by Judges. Attorney Claudia Rosa Ramos stated that attorney Laguna Mimoso was correct when he insulted me and stated that a motion to decease without prejudice was solicited

201

by Judge Hernández González should be changed to a dismissal with prejudice because I had filed an ethical charge against Judge Dávila and that I was an obsessive compulsive person. The bias in the report is a clear pattern. Attorney Ivonne Cassanova Pelossi who prepared report AB2008-115. Was highly negligent when she stated that I was the one who was at fault of what happened in the deposition of October 2007. She didn't analyzed that two motions were filed asking for summary judgment prepared by attorney Laguna Mimoso using a deposition that wasn't finished. My turn never came, he cited me out of context. Also I was disqualified on April 2008 based on lies. I was disparaged when I was labeled as paranoic. There were numerous motions insulting me. Attorney Cassanova Pelossi should be held responsible in $200,000 in damages and $200,000 in punitive damages. All the legal work done by these three attornes were in the investigative phase and they do not have any immunity whatsoever. Attorney Minnie H. Rodríguez López who prepared the report CP2015-020 should be held responsible in $800,000 in damages plus $800,000 in punitive damages for the investigative legal work

she did.  The complaint was a clear breach of my free speech right under the US Constitution.  She didn't discussed in detail all the ethical charges that I filed and recusal motions that I filed.  Also she didn't discussed in detail the Mandamus that I filed MD2012-0001.  All her work was conclusory.  She made clear wrong statements when she accused me of filing a motion to disqualify the adversary lawyers that was filed by my lawyer. She isn't entitled to any immunity whatsoever for her legal investigative work.   Also she is subject to a declaratory judgment because she behaved in a bias way in the disbarment proceedings.  She was also bias in her investigative legal work. For example, attorney Rodríguez López objected that I could make questions about the clearly wrong judgments and sanctions against me made by Judges telling the Court that I was supposedly argumentative.  She objected to any questions about the clear legal import of the case KJV2006-2638 Court of First Instance of San Juan which declared the "Albaceazgo" expired in January 2010.  I was prevented to question about the clear illegality and abusive decisions naming Mr. Cordero Soto Judicial Administrator and Judicial "Contador Partidor" based

on the will of the descendant. It should be remembered that there was no petition by a heir or "Albacea" and that a person accused of fraud against the estate cannot be named Judicial Administrator or Judicial "Contador Partidor" see Flecha v. Lebrón, supra; Villanova v. Villanova, supra.

4. Cause of action and remedies against formers Chief Judges of the Supreme Court; Liana Fiol Matta, Federico Hernández Denton. Causes of actions and remedies against former Judges Administrators of the Judicial Branch; Isabel Llompart Zeno, Sonia Ivette Vélez González. Supervisory liability can be imposed. The liability runs against the individual, is based on his or her personal responsibility for the constitutional violation. The liability is imposed for inaction in the training, supervision or control of his subordinates, see Clay v. Conlee 815F2d1164 8th circuit 1987. The doctrine of respondeat superior is not applicable. The misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor. See Parratt v. Taylor 451US527 (1981); City of Canton v. Harrys 489US378; Shaw v. Stroud 13F3d791 (1994). When Judge Administrator Sonia Ivette Vélez González failed

to supervise the Judges to which I had filed ethical charges; Dávila Vélez of the Court of First Instance of Humacao, panel KLAN2011-00180; Panel KLAN2011-00720; Judge Hernández González of the Court of First Instance of Humacao; Panel KLCE2011-00057. The Office of Judge Administrator with gross negligence and/or with intent should had taken measures when they ordered the Judges Dávila Vélez and Hernández González to be separated from the handling of the case. The same can be stated in relation to the panels KLAN2011-00180, KLAN2011-00720, KLCE2011-00057. They should have taken measures in order to ensure that no other Judges of the Judiciary of Puerto Rico take punitive sanction against me. They could have admonished those Judges informally that they couldn't conspire to punish me. Also I have reasonable basis to file the ethical charges even if no ethical complaint was filed they should at least being subject to an admonishment that there was a pattern of clearly wrong decisions and that sanctions or wrong decisions because I excersised my constitutional right of free speech could not be tolerated. Judge Sonia Ivette Vélez González in a contingent way is responsible for $500,000 in

actual damages plus $500,000 in punitive damages. The Judiciary System is not working according to the constitutional standards imposed by the Supreme Court of the United States based on the US Constitution. The failure to supervise and trained Judges has the result that Judges felt free to conspire and punish those who excersised their constitutional right to file ethical charges and recusal motions with specific facts, reasonable basis and with respect. Judge Administrator Isabel Llompart Zeno even though the Office sent me a letter on October 2014 that I had reasonable basis to file ethical charges and recuse Judges Brau Ramírez of the Appeals Court Judge Negrón Villardefranco of the Court of First Instance of Humacao. I already explained in detail the inimical conduct. When the ethical charge was send to the Legal Division I have reasonable basis to believe that the Judges charged had ex parte conversations with the Legal Division and the Judge Administrator. The ethical charge was denied. Judge Llompart Zeno is responsible for $500,000 in a contingent basis and $500,000 in punitive damages. Chief Judge Liana Fiol Matta failed to supervise and discipline when she dismissed the

206

ethical charge against the panel KLCE2011-00057. That panel refused to declare void the naming of Mr. Cordero Soto as Judicial Administrator and Judicial Contador Partidor. She should have known that reports were filed in the Court of Humacao that were completely void and illegal. The so called Judicial Administrator has accepted in a sworn statement in the Court of First Instance of Humacao that he took around $6 million belonging to the estate and therefor filed fraudulent reports in the Court of First Instance of Humacao. Judge Fiol Matta should be commended because before retiring from the bench she decided case CC2011-00737 in which she revoked panel KLAN2011-00720 for dismissing the Appeal because I used a private mail station to notify the appeals documents. The Rules of the Appeals Court clearly stablish that private mail stations approved by US Postal System can be used. She should be held responsible in a contingent basis for $200,000 in actual damages and $200,000 in punitive damages. Chief Judge Hernández Denton dismissed the ethical charges against the following Judges; Dávila Vélez of the Court of First Instance of Humacao, Hernández González of the Court of First Instance of

Humacao; against panel KLAN2011-00720, KLAN2011-00180; KLCE2011-00057; KLCE2008-00585. Chief Judge Hernández Denton should had admonished those Judges as before explained, he refused to file an ethical complaint and then participated in the decisions of the Supreme Court denying the writ of Certiorari of all decisions in which I filed ethical charges. He should have known that those decisions were clearly wrong. I have reasonable basis to believe that he was bias and punished me. Judge Hernández Denton should be held responsible in a contingent way for $800,000 in damages plus $800,000 in punitive damages.

5. Cause of action and remedies against Judge Dávila and panel KLCE2008-00585. The ruling of Judge Dávila of April 2008 disqualifying my Pro Se based on lies at the request of the adversary lawyers without a hearing in violation of Kmart v. Walgreens, supra; Otaño Cuevas v. Vélez, supra should be voided. The failure to investigate the abusive deposition of October 2007, the refusal to discipline attorney Laguna Mimoso for his constant attack and unjustified disparagement. It should be remembered that attorney Laguna Mimoso labeled me as

208

paranoid in his motions, filed two motions of summary judgment when the deposition was not concluded, my turn never came, also cited me out of context. The use of frivolous arguments that I couldn't file a contingent derivative action because I had no stock. The conspiracy between Judge Dávila and the adversary lawyers Cordero, Alcaraz and Laguna Mimoso was that I should be disqualified based on conclusory arguments. Judge Dávila began the conspiracy in the Court of First Instance of Humacao in which I was repeatedly abused and sanctioned. She should be in a contingent way responsible for $800,000 in damages and $800,000 in punitive damages. Panel KLCE2008-00585 composed of Judge Brau Ramírez, Cotto Vives, Salas Soler, the decision of that panel on June 2008 should be voided. In that decision the panel insulted me telling I was paranoid. Additionally as before explained they accused me in a conclusory way that I filed frivolous ethical charges against the adversary lawyers, using those ethical charges to gain undue advantage in the case. They also accused me that I was the one at fault of what happened in the deposition of 2007 when the deposition was not in the appendix

of the case. Judge Brau Ramírez which was later proposed as a Commissioner in the case affixed its signature in the rulling. The members of the panel KLCE2008-00585 should be each of them in a contingent way held responsible in $200,000 in damages plus $200,000 in punitive damages.

6. Cause of action and remedies against Judge Garriga. The disqualification ruling of March 2010 of Judge Garriga should be voided. Judge Garriga should had transfer the case because she knew Judge Dávila was taken out of the case by the Judicial Administration after ethical charges. She should had sanctioned attorney Laguna Mimoso for his insulting motions against me using innapropiate language. For the use of a deposition that was not finished in two motions of summary judgment. She should have disciplined attorney Cordero and Ramos Luiña for the way in which based on lies they prevented the distribution of the income of the estate for almost two years. She also knew that I was disqualified illegaly without a hearing based on lies. She intimated in the hearing of February 8, 2010 that she was willing to name Mr. Cordero Soto as "Albacea". That was completely illegal. The decision KJV2006-2638 was

biding and res judicata.  She should be held responsible in a contingent way in $200,000 in damages plus $200,000 in punitive damages.  She wrongly stated that counselor Alcaraz Micheli didn't told the Court that he offered to distribute the earnings of the estate in the Court of First Instance of San Juan KJV2006-2638.  He did told the Court that blatant lie.  It was recorded.  The ruling of Judge Garriga should be voided, it was bias, part of the conspiracy.

7. Cause of action and remedies against Judge Hernández González.  The resolution of Judge Hernández González in November 2010 naming Mr. Cordero Soto based on the will of the descendant Judicial Administrator and Judicial "Contador Partidor" should be voided.  The judgment of December 2010 dismissing my cause of action for the fraudulent redemption of my 25% interest in the family corporation Cantera Pérez should be voided.  The judgment in December 2010 imposing me a sanction of $10,000 should be voided.  The dismissal of my derivative contingent claim with prejudice should be voided even though it was revoked by the Appeals Court KLAN2011-00720.  The judgment of December 2010 should be voided for

the additional reason that Judge Hernández was bias and that he refused to permit the ammendment to the complaint and then dismiss the cause of action in the amended complaint that he didn't allowed. This void action was the product of bias. Also he finally dismissed the cause of action against the corporation which was in the original complaint. We are referring to the cause of action asking for the voidness of my redemption of my 25% interest in the family corporation. The judgment of August 2011 in which Judge Hernández amended the complaint motu proprio and then proceeded to dismiss the amended complaint was completely illegal and void. The ruling of May 2011 in which Judge Hernández ordered that the complaint should be amended in order to include my son Hiram Pérez Arrillaga which is not a heir and he accepted that he receives a gift of stock of Banco Popular should be voided. Mr. Pérez Arrillaga has always accepted this, there is no controversy whatsoever. The ruling of Judge Hernández at the behest of the adversary lawyers in which my lawyer couldn't represent Mr. Pérez Arrillaga should be voided. This was product of bias of Judge Hernández trying to punish me. All legal fees paid by

Mr. Pérez Arrillaga should be paid back to him by the adversary lawyers. Judge Hernández should explain to the Court why he signed an order in February 2012 prepared by attorney Cordero Alcaraz which had the heading of the Appeals Couurt in which he stated that there was an agreement on June 2011 to pay disputed invoices including legal invoices of attorney Cordero Alcaraz. That order was never notified to the parties. I have reasonable basis to believe that there were ongoing ex parte conversations between Judge Hernández and the adversary lawyers. Judge Hernández also should explain to the Court why after ordering the payment of the income of the estate to the heirs according to the case of Anselmo García, supra at the request of attorney Cordero Alcaraz he refused to make those payments. A second order was obtained by me. In a contingent way Judge Hernández should be held liable for $800,000 in actual damages plus $800,000 in punitive damages.

8. Cause of action and remedies against panel KLAN2011-00720 composed of Judges García García, Varona Méndez, Gómez Córdova. The judgment of the panel KLAN2011-00720 made in May 2013 should be voided. The only part of that judgment

213

that wasn't revoked by the Supreme Court through Chief Judge Liana Fiol Matta before retiring was the $10,000 fine imposed on me in a bias and arbitrary way by Judge Hernández González. The reason given by Judge Hernández González were revoked by the panel KLAN2011-00720. But that panel as part of the conspiracy to punish me let the $10,000 fine in place because I supposedly delayed the case when I tried to amend the complaint in March 2010. At that time the discovery process was beginning and the case wasn't set for pre trial or trial. That $10,000 fine should be revoked. Each of the members of that panel in a contingent way should be held responsible in $300,000 in damages plus $300,000 in punitive damages.

9. Cause of action and remedies against panel KLAN2011-00180 composed of JudgJes Coll Martí, Jímenez Velázquez, Domínguez Irizarri. Made the judgment on date July 15, 2011. That judgment should be revoked and voided, the panel prevented me from having my day in Court. I was the only one who offered sworn statements, there was no conflict of facts. A summary judgment cannot be granted when there is a conflict

of escencial facts. The panel was bias.  It was part of the conspiracy to punish me because I excersised my constitutional right of free speech.  The panel took judicial notice of what happened in the Court of First Instance of Humacao where Judge Dávila was taken out of the case after ethical investigation.  Also the panel made statements that show ignorance.  It decided that I couldn't file a derivative claim because I had no stock.  The claim was a direct claim.  Also it dismissed the direct action against the corporation.  The cause of action that I was trying to litigate in the amended complaint was against the majority stockholders and administrators.  It was void not only because the panel was bias, but because it decided a cause of action that was in the amended complaint that Judge Hernández González didn't allowed.  All this erratic judicial behavior is product of bias.  Each of the Judges of the panel should be held responsible in a contingent way with $800,000 in damages and $800,000 in punitive damages

10. Cause of action and remedies against panel KLAN2011-01525 composed of Judges Cortés Trigo, Cordero Vázquez, Soroeta Kodesh.  The judgment made on date July 17, 2012 should be

voided.  This was the least erroneous decision but it was part of the pattern of wrong decisions that showed bias.  Also the panel decided a controversy which was in the amended complaint that Judge Hernández made motu proprio, in other words, the judgment of Judge Hernández of August 2011 was void, a void judgment cannot be confirmed by and Appeals Court.  Each of the Judges should be responsible in a contingent way in $300,000 in actual damages and $300,000 in punitive damages.

11. Cause of action and remedies against Judge Negrón Villardefranco of the Court of First Instance of Humacao. The refusal of Judge Negrón Villardefranco to decide our motion made in December 2012 to declare void the positions of Mr. Cordero Soto as Judicial Administrator and Judicial "Contador Partidor" should be reprimanded and voided.  Judge Negrón Villardefranco refused even to mention the case KJV2006-2638 Court of First Instance of San Juan Judge Sagebien that declared the "Albaceazgo" expired in January 2010.  He should have known that Judge Hernández González that was removed after ethical investigation couldn't name Mr. Cordero Soto Judicial Administrator and Judicial "Contador Partidor" when

216

he was a defendant accused of fraud in the inheritance case. The will of the descendant cannot go against the Law, see Flecha v. Lebrón, supra; Villanova v. Villanova, supra. Judge Negrón was bias. The refusal of Judge Negrón to transfer the case under the doctrine of InRe Campoamor Redín, supra in April 2013 should be voided. At that time Judge Negrón knew that Judge Dávila and Judge Hernández González were removed after an ethical investigation. The ruling of Judge Negrón on October 2013 and on December 2013, those ruling were prepared by attorney Cordero Alcaraz, in those rulings he used the heading of the Appeals Court to confuse the Treasury Division of the Court of First Instance of Humacao and he stated a complete lie that there was an agreement to pay the disputed invoices in the hearing held on June 2011. Then Judge Negrón recanted and stated that on the hearing of June 26, 2014 there was no agreement to pay the disputed invoices. In a bias way he didn't sanctioned the adversary lawyers for lying for more than three years. Also he didn't mentioned the ruling of Judge Trigo Ferrariouli of April 2012 that the disputed invoices couldn't be paid. The ruling of Judge Negrón Villardefranco

approving the disputed invoices without a hearing on October 2014 should be voided. The person who has the burden of proof to prove the legality of the disputed invoices was the so called Administrator and he didn't offered any evidence on the hearing of September 26, 2014, see Mercado v. Mercado, supra; González Tejera Derecho de Sucesiones, supra. The sanction imposed to me by Judge Negrón of $2,400 because I filed three motions asking the Court of First Instance of Humacao to decide whether the ruling of May 2013 permited my Pro Se and revoked the decision of Judge Dávila of April 2008 which disqualified me based on lies without a hearing and revoked the decision of June 2008 KLCE2008-00585 which confirmed my disqualification that was illegal an void. Judge Negrón should be reprimanded because he didn't permit me in the hearing of September 26, 2014 to defend myself. Judge Negrón should be held responsible in a contingent way with $800,000 in damages plus $800,000 in punitive damages. It should be stated that the disputed invoices were legal invoices of attorney Cordero Alcaraz and invoices of Accountant Carbonell, those invoices were inflated from October 2013 of $8,000 to $100,000. He

218

should explain to the Court why he admitted he had ex parte
conversations in the hearing held in December 11, 2013 with
the adversary lawyers to sign the order for the second time to
pay the disputed invoices.

12. Cause of action and remedies against panel KLCE2014-0414
composed of Judges Brau Ramírez and Hernández Serranon,
Cintrón Cintrón, Rivera Colón. Judge Rivera Colón recused
himself in a way that should be commended, he stated that he
knew a party in the case.  Apparently he didn't want to be
involved in the abusive behavior against me by fellow Judges.
That panel refused in an arbitrary way decide the recusal of
Judge Negrón Villardefranco.  Judge Brau Ramírez took the
leadership in constantly insulting me stating in a conclusory
way that I had filed frivolous ethical charges against Judges and
that I commited contempt when I filed the recusal motion
against Judge Negrón Villardefranco.  It should be remembered
that the lawyer in the Appeals Court doesn't have to be the
same as the lawyer in the Trial Court.  So I had every right to
file the appeal in the Appeals Court.  Also when I filed the
recusal motion in the Trial Court it was a contingent motion

which I stated that the panel KLAN2011-00720 on May 2013 had reinstated my Pro Se. I had the right to a non conclusory decision about the legal import and significance of the case KLAN2011-00720 which in my opinion reinstated my Pro Se and revoked my disqualification without a hearing on April 2008 by Judge Dávila and the decision of the panel KLCE2008-00585 in June 2011. In this last decision Judge Brau Ramírez participated. The two decisions were arbitrary. Judge Brau Ramírez ordered that all my legal writings should be rejected. This was completely arbitrary and showed bias against me. I recused Judge Brau Ramírez because he should have decided in a non conclusory way whether the panel KLAN2011-00720 had reinstated my Pro Se. I had every rifht to file the writ of Certiorari Pro Se in the Appeals Court. The recusal motion against Judge Brau Ramírez was denied in a non conclusory way by another panel in which Judges Troadio González Vargas and Nieves Figueroa participated. It should be remembered that those two Judges participated in the decision KLCE2011-00057 which refused to declare the naming of Mr. Cordero Soto as Judicial Administrator and Judicial "Contador

Partidor" void.  One of the reasons I recused Judge Negrón was that he refused to decide whether the decision KJV2006-2638 was res judicata.  I recused Judge González Vargas and Nieves Figueroa.   The recusal of Judge Negrón, Nieves Figueroa, González Vargas and Brau Ramírez were never decided.  Judge Administrator of the Appeals Court sent the Mandate to the Court of First Instance of Humacao in which those recusal motions were never decided.  From that time on Judge Fraticelli Torres began to punish me making legally wrong decisions and imposing sanctions on me.  In a contingent way each of the Judges of the panel KLCE2014-0414 should be liable in $400,000 in damages plus $400,000 in punitive damages except Judge Rivera Colón.  On October 2014 I received a letter from the Judicial Administration in which they notified me that I had reasonable basis to file ethical charges against Judge Brau Ramírez and Negrón Villardefranco.

13. Cause of action and remedies against Judge Fraticelli Torres and the panel KLCE2015-00534 composed of Judges Fraticelli Torres, Ortíz Flores and Ramos Torres.  On December 2014 my lawyer asked for the voidance of the position of Mr. Cordero

Soto in the Court of First Instance of Humacao. It should be remembered that on December 2012 my lawyer also filed a motion asking for the voidance of the positions of Mr. Cordero Soto. The Judges of the Court of First Instance of Humacao, Negrón Villardefranco and Castro Rodríguez refused to decide those motions. The decision KJV2006-2638 was res judicata. The Judges refused even to mention that decision in this case, this is unfair and bias. Mr. Cordero Soto couldn't be named Judicial Administrator and Judicial "Contador Partidor" based on the will of the descendant, and he didn't qualified for those positions, he was a defendant in the inheritance case accused of fraude. In the same motion on December 2014 my lawyer also asked for the voidance of the approval of the invoices without a hearing on September 26, 2014. Also we asked the Court of First Instance of Humacao in the same motion to transfer the case from the Court of First Instance of Humacao. The decision of April 2013 of Judge Negrón refusing to transfer the case was arbitrary. Additionally because of the letter of October 2014 in which I was informed by the Judiciary Administration that I have reasonable basis to file ethical

charges against Judge Brau Ramírez and Judge Negrón Villardefranco. The panel KLCE2015-00534 decided to impose on me a sanction of $3,000 because I was trying to review on appeal decisions that were final. This showed bias. In that panel was Judge Fraticelli Torres. When a motion is made with merit to declare void judgment and rulings a hearing must be held and a non conclusory decision must be made, see GAC Fin Corporation v. Rodríguez, supra. That sanction of $3,000 should be voided. Each of the members of the panel KLCE2015-00534 in a contingent way should be held responsible in $300,000 in damages plus $300,000 in punitive damages.

14. Cause of actions and remedies against panel KLCE2015-00725 composed of Judge Piñero González, Birriel Cardona, Bonilla Ortíz and Judges Castro Rodríguez and Rodríguez Olmo of the Court of First Instance of Humacao. My lawyer recused Judge Castro Rodríguez. We have already explained that Judge Castro Rodríguez knew that three Judges in the Court of First Instance of Humaco were removed after ethical investigation. He refused to transfer the case even thought he knew that in the

223

Court of First Instance of Humacao there was a lot of hostility against me. He also stated in Court that the Judges who cease to preside the case were not removed. If that is so I had the right to discovery. It is my belief that they were removed. Also Judge Castro refused to decide the voidness of the positions of Mr. Cordero Soto. He ordered the payment of $100,000 in disputed invoices without a hearing and without any Judge examine those invoices. The person who had the burden of proof is the Administrator and he didn't offered any evidence as before explained. He refused to decide whether the decision of panel KLAN2011-00720 reinstalled my Pro Se because I was disqualified based on lies without a hearing. Judge Castro Rodríguez refused to decide whether the discovery process could go forward. The adversary lawyers were constantly lying telling the Court that the discovery process was finished. This was a complete lie. Judge Negrón on April 2015 stated that the discovery process wasn't finished. The recusal motion was denied in a non conclusory way without a hearing by Judge Administrator Rodríguez Olmo. The bias against me was an evident reality in the Court of First Instance of Humacao. Also

224

Judge Negrón knew that Judge Hernández González and Negrón Villardefranco signed orders with the headings of the Appeals Court prepared by attorney Cordero Alcaraz in order to confuse the Treasury Division of the Court of First Instancne of Humacao.  In those orders it was stated that there was an agreement on June 2011 to pay the disputed invoices.  It was later accepted by Judge Negrón that it was a blatant lie.  I went to the Appeals Court KLCE2015-00725.  The decisions by Judge Negrón were clearly wrong.  As before stated when a motion is filed to void judgments that have merits a hearing must be held and a non conclusory decision must be made, see GAC Fin Corporation, supra.  The Appeals Court knew all that had happened in the Court of First Instance of Humacao. They refused the recusal of Judge Castro Rodríguez.  All the non decisions of Judge Castro Rodríguez were completely wrong and showed bias, see Dávila v. Meléndez, supra; Liteky v. US, supra.  I argued in the Appeals Court that there was reasonable basis to believe that Judge Castro was bias.  This is the standard under the US Constitution, see Capperton v. ATMassey, supra; Lind v. Cruz 160DPR485 (2003). It is not

225

necessary to proof objective bias. The Appeals Court should have known that the naming of Mr. Cordero Soto was legally wrong and bias. As before stated Mr. Cordero Soto was accused of fraud in the complaint. He accepted he took $6 million from the estate. In the hearing Judge Bonilla stated that the panel wasn't inclined to declare void the positions of Mr. Cordero Soto because the Supreme Court has confirmed those decisions. I pointed out that this is completely wrong. When the Supreme Court refused to grant a Certiorari writ that isn't an equivalent on a decision on the merits, see Borinquen Plumping v. Superior Court, supra. The decision of the panel KLCE2015-00725 should be voided. Each of the members of the Appeals Court in a contingent way could be held responsible for $300,000 in damages and $300,000 in punitive damages. Judge Rodríguez Olmo in his decision not to recuse Judge Castro Rodríguez should be responsible in a contingent way in $200,000 in damages plus $200,000 in punitive damages. Judge Castro Rodríguez in addition to all that has been stated refused to abide to the decision of the panel KLRX2015-00008 that the discovery process must continue.

226

When a hearing was held in May 2016 at the request of attorney Ramos Luiña ordered that I had to find a lawyer when my previous lawyer resigned. That I had to find a new lawyer in 30 days or else I would be sanctioned with $1,500 plus a $100 per day. My previous lawyer Garau Díaz resigned on June 2015 without any consultation with me. More than six months were lost in which the discovery process should have continued. The adversary lawyers in the hearing in May 2015 specifically Laguna Mimoso yelled to the Court that I should be sanctioned because I had filed ethical charges against Judges in a conclusory way. Those ethical charges were constitutionally protected, I filed them with reasonable basis and respect. The adversary lawyer Ramos Luiña knowing the bias of Judge Castro Rodríguez told the Judge that he was recused in an unfair way. I found a new laywer which apparently had friendship with the adversary lawyers, she decided to stop the discovery proceedings without my authorization based on the minutes of December 2014. It should be remembered that I filed the Mandamus KLRX2015-00008 on April 2015 in which I asked the Appeals Court to continue the discovery

proceedings. She also stated that I had no merits in my complaint. I had to ask that lawyer to resign from the case. My new lawyers filed a motion of Februrary 2017 for new representation. Judge Castro Rodríguez stated the discovery proceeding must be ended by February 28, 2017. This was completely arbitrary, he knew the discovery process couldn't be finished in 15 days. Judge Castro Rodríguez wanted to dismiss my complaint. A very frivolous motion of summary judgment has been filed by the adversary lawyers. I have all the evidence that the descendant is the owner of 11% of the stock of Cantera Pérez and the "Usufructuario" of 22% of the stock. There is no credible contradictory evidence. Judge Castro has refused in more than 4 months to decide that motion. It is imperative that this Court should stop the proceedings in the Court of First Instance of Humacao and remove Judge Castro Rodríguez from presiding the case. Take measures to ensure that the case be presided by an impartial Judge or transfer the case to the Federal Court under the doctrine of Pendent Jurisdiction. All the decisions that Judge Castro Rodríguez has refused to decide should be decided in an impartial way, I am confident that they

would be in my favor by an impartial Judge. In a contingent way Judge Castro should be held responsible for $800,000 in actual damages plus $800,000 in punitive damages.

15. Cause of action and remedies against Judge Brau Ramírez, this Judge was proposed as a Commisioner by the adversary lawyers around December 2009 when he was out of the Judiciary. Judge Brau Ramírez iniciated the ruling KLCE2008-00585 in which he insulted me saying that I in an unjustified way believed I was persecuted by my family. That I had filed frivolous ethical charges against lawyers to gain undue advantage in the case. All these was incorrect. Then in the case KLCE2014-0414 in various motions he insulted me declaring that I held frivolous ethical charges against Judges, he did it in a conclusory way. In that case he ordered that all my legal writings should be rejected and he refused to decide in a non conclusory way whether the panel KLAN2011-00720 had reinstalled my Pro Se. Then in the case KLRX2015-00008 he once again insulted me making derogatory statements against me. As previously explained I received a letter from the Judicial Administration which said that I had reasonable basis

229

to file ethical charges against Judge Brau Ramírez, that was on October 2014.    Judge Brau Ramírez refused to decide and discuss the case KJV2006-2638 Court of First Instance of San Juan which declared that the "Albaceazgo" expired in January 2010.  That decision was res judicata and Mr. Cordero Soto was named illegally in a void way Judicial Administrator and "Contador Partidor" based on the will of the descendant.  As previously explained the will of the descendat cannot go against the Law, see Flecha v. Lebrón, supra; Villanova v. Villanova, supra.  I had the right to discovery to see whether Judge Brau Ramírez intervened in some way in the filing of the ethical charge against me AB2013-0510.    Attorney Amir Cristina Nieves Villegas basically relied on the rulings of Judge Brau Ramírez that were full of hostility against me.   The report AB2013-0510 was prepared on date May 20, 2014. It should be remembered that before that on October 2014 I received the previously mentioned letter from the Judicial Adminstration. All the numerous motions and documents filed in the case used by attorney Alcaraz Micheli in his ethical charge against me were not sent to me neither used in the preparation of the report

230

AB2013-0510.  Constitutionally Judges are subject to discovery process in pertinent cases, see <u>Dennys v. Sparks, supra</u>.  All the rullings made by Judge Brau Ramírez either signed or initiated by him should be voided.  Judge Brau Ramírez in a contingent way should be held responsible in $800,000 in damages plus $800,000 in punitive damages.

16. Cause of action against and remedies Judge Candal Segurola, Pérez Acosta and additional cause of action against Judge Fraticelli Torres and Arleene Sellez Guerrini; and panel KLCE2014-1279.  As before explained we filed a motion on March 2012 in which based on the illegal and void ruling KLCE2011-00057 we wanted to remove Mr. Cordero Soto from his positions.  Later on December 2012 we decided that it was not necessary the removal of Mr. Cordero Soto since his positions as Judicial Administrator and Judicial "Contador Partidor" are just void.  In the case KJV2006-2638 it was decided on August 2010 by Judge Sagebien that the invoices of the "Albacea" in the Court of San Juan would not be approved in that Court if in the trial of the merits in the case HCSI2007-01040 it was proven that the "Albaceas" Mr. Cordero Soto and

Mrs. Pérez Soto commited fraud against the estate. As we can see when we decided to withdraw the motion of removal that didn't meant that we couldn't prove that the "Albaceas" either of them or person controlled by them committed fraud against the estate in the trial of the merits. Attorney Alcaraz Micheli as usual filed a frivolous motion in the Court of First Instance of San Juan KJV2006-2638 in which he argued that the the withdrawal of the motion of removal was an admition that fraud wasn't commited against the estate by the "Albaceas". As we can see this is totatlly frivolous. It should be pointed out that that motion was filed around January 2013 by attorney Alcaraz Micheli. He initially opposed my motion of removal filed on March 2012 and withdraw in December 2012. The same attorney Alcaraz Micheli argued on December 12, 2014 in the Court of First Instance of San Juan that the hearing set for September 26, 2014 in the Court of First Instance of Humacao was for the removal of Mr. Cordero Soto. As we can see attorney Alcaraz Micheli was lying once again. Judge Castro in his ruling on April 2015 decided that the hearing set for September 26, 2014 wasn't for the removal of Mr. Cordero

232

Soto.   Attorney Alcaraz Micheli has the practice of lying in Court.  Judge Sagebien set a hearing for March 2013 to discuss this jurisdiction issue.  Judge Sagebien retired from the bench. The case KJV2006-2638 Court of First Instance of San Juan came to be presided by Judge Candal Segurola.  On February 2013 I filed a motion in which I told the Court that attorney Alcaraz Micheli filed a frivolous motion in January 2010 asking the Court of First Instance of Humacao to name Mr. Cordero Soto Albacea.  It should be remembered that Judge Sagebien had already decided that the Albaceazgo had expired in January 2010.  I also argued that this motion was filed by attorney Cordero Alcaraz because he knew the bias in the Court of First Instance of Humacao against me after I filed the ethical charge against Judge Dávila that caused that she was removed after ethical investigation.  She recused herself in August 2009.  I have reasonable basis to believe that Judge Candal Segurola was mad at me when I mentioned the ethical charge I filed against Judge Dávila.  I also argued that she was under the obligation to declare the "Albaceazgo" expired on January 2010.  It was up to the Court of First Instance of Humacao to

233

decide if Mr. Cordero Soto was named in an illegal way Judicial Administrator and Judicial "Contador Partidor". In the hearing of March 2013 she didn't permit me to argue the legal point I had explained. She sanctioned me for $100 for not being prepared for the hearing to decide the legality of the invoices. The hearing wasn't set for that issue. She showed ignorance. Additionally based on the case of <u>Mercado v. Mercado, supra; González Tejera, supra</u>, the person who has the burden of proof to prove the legality of the disputed invoices is the "Albacea". Once again I encountered judicial hostility against me due to the ethical charges I filed using my constitutional right of free speech. Judge Candal argued that she didn't wanted to interfere with the judicial proceedings of Humacao. We already explained that there was no interfering whatsoever. Judge Candal stoped the hearing and set its continuance for January 2014. In January 2014 Judge Pérez Acosta came to preside the case. Judge Candal retired from the bench. I have reasonable basis to believe that there were ex parte conversations between Judge Candal and Judge Pérez Acosta. Judge Pérez Acosta showed bias against me. When I

234

tried to prove that Mr. Cordero Soto wanted to perpetuade himself as administrator of the estate he threateaned me with contempt.   He told me that that legal argument was incendiary. Then Judge Pérez Acosta told me that I couldn't offer any evidence of conflict of interest of Mr. Cordero Soto.   Mr. Cordero Soto didn't offered any evidence in that way in an illegal and arbitrary manner Judge Pérez Acosta approved the legal invoices.  The prior ruling of Judge Sagebien of August 2010 was completely ignored.   Then Judge Pérez Acosta decided that Mr. Cordero Soto was named legally Judicial Administrator and that the Supreme Court confirmed that decision.  As before explained this is completely wrong and showed bias.  Then Judge Pérez Acosta decided that when Mr. Cordero Soto was named Judicial Administrator it was proven that he didn't commited fraud against the estate.  This is simply outrageous and shows ignorance of the case.  I recuse Judge Pérez Acosta with reasonable basis and respect, Judge Guerrini decided that even though the decisions of Judge Pérez Acosta could be wrong I could appeal the case.   Once again the institutional bias of Judges defending themselves cause that a

235

Judge that was bias was not recused by a fair Judge. I appealed the decision of Judge Pérez Acosta KLCE2014-1279. In the panel KLCE2014-1279 were Judges Ortíz Flores, Ramos Torres and Fraticelli Torres. That panel in which Judge Fraticelli Torres participated decided that Mr. Cordero Soto was named legally Judicial Administrator. This is completely wrong. Then they decided that I had eight days to dispute the invoices of the "Albacea". This showed bias and ignorance since all the invoices were discussed specifically in a hearing held before Judge Sagebien in August 2010. That panel refused to decide the recusal of Judge Pérez Acosta. Refused to decide that in the hearing of January 2014 the case of <u>Mercado v. Mercado, supra</u> was violated because the "Albacea" didn't offered any proof. I recused Judge Fraticelli Torres. It should be pointed out that prior to that in the case KLCE2014-0414 she refused to recuse Judge Brau Ramírez. When I recused Judge Fraticelli Torres another panel in which Judge Rodríguez Casillas participated he refused to decide the recusal motion. Judge Pérez Casillas had participated in the case KLCE2011-00057 which refused to declare void the position of Judicial

236

Administrator of Mr. Cordero Soto. Once again that recusal motion made with specific facts, reasonable basis was not decided by Judges due to bias. The Supreme Court refused to grant the Certiorari writ in the case KLCE2014-1279. The decision of Judge Candal, Pérez Acosta and Guerrini should be voided. The decision of the panel KLCE2014-1279. In a contingent way Judge Candal should be held responsible in $200,000 in actual damages plus $200,000 in punitive damages. The same amount of damages should be imposed in a contingent way to Judge Pérez Acosta, Guerrini, Judge Fraticelli Torres and the two other Judges of the panel KLCE2014-1279 Judges Ortíz Flores and Ramos Torres. The decision not to recuse Judge Fraticelli Torres should be voided. Judge Rodríguez Casillas which participated in the decision of not deciding the recusal motion should be held responsible in a contingent way in $200,000 in damages plus $200,000 in punitive damages.

17. Cause of action and remedies against Judge Marrero Guerrero of the Court of First Instance of San Juan; against Judge Cancion Vigas of the Court of the Court of First Instance of San

Juan and against the panel KLAN2014-0286 composed of Judges Hernández Sánchez, Soroeta Kodesh and Judge Steidel Figueroa; against panel KLAN2011-01525 composed of Judges Cortés Trigo, Cordero Vázquez and Soroeta Kodesh.   Around February 2012 I realized that the judgments of Judge Hernández González of December 2010 and August 2011 were void.  Those judgments were the product of a bias Judge.  The bias in itself produced the voidness of those judgements, see Dávila v. Meléndez, supra; InRe Honorable Díaz García, supra; Liteky v. US, supra.      It should be remembered that Judge Hernández González was removed from the case by the Judicial Administration after ethical investigation.   In adition to that Judge Hernández refused to permit the amendment to the complaint.  I wanted to decease with prejudice of the direct action for the voidance of the redemption of my 25% interest in the family corporation Cantera Pérez against the corporation.  I wanted to direct that action against the majority stockholders and administrators which after studying the legal point was the correct action, see Fletcher Cyclopedia of Corporation Sec. 1172; Sugarman v. Sugarman, supra.      Judge Hernández at the

238

request of the adversary lawyers Ramos Luiña refused to permit the amendment because supposedly it was going to delay the case. Attorney Ramos knew that Judge Hernández was bias and the argument was completely frivolous. The discovery process was beginning and the case was not set for pre trial or trial. There is the right to amend the complaint when the case isn't delayed in any manner. Judge Hernández refused the ammendment to the complaint and they dismissed the cause of action that was in the ammendment he didn't permit that was the cause of action against the majority stockholders and administrators. Then in the dispositive part of the judgment he dismissed the cause of action against the corporation. On the same day December 2010 Judge Hernández in an awkard illogical way product of bias made two judgments. In one he dismissed the cause of action against the corporation. It should be remembered that he didn't allowed the cause of action against the majority stockholders and administrators. Then on the same date he approved my motion to decease with prejudice the direct action against the corporation. He also dismissed in this last judgment the derivative contingent claim agains the

corporation. The judgment in which Judge Hernández didn't permit the ammendment and then dismissed the cause of action that was in the ammendment was made by attorney Ramos Luiña. Then on August 2011 Judge Hernández amended motu proprio the complaint and dismissed a cause of action that I discussed in a motion. A Judge cannot amend the complaint motu proprio and then dismiss the cause of action in the amended complaint. This was another judgment that was prepared by attorney Ramos Luiña. He cited the case Meléndez v. Fei 135DPR610 which supposedly gave authority to a Judge to make this erratic, illogical and void judgment. This cause of action was about a clause in the certificate of incorporation of Cantera Pérez which endeavor to maintain the proportional interest of the stockholders, see Fletcher Cyclopedia of Corporation Section 5457; Coleman v. Kitten 289SW2d953. No stockholder could transfer stock by sale or gift if a notice wasn't made to the other stockholders in order for them to adquire stock to maintain their proportionate interest. I didn't made the argument of the voidness of the first judgment in the appeals in the case KLAN2011-00180. I filed a complaint in

the Court of First Instance of San Juan on August 2012 case...KAC2012-0840. It is practically impossible due to judicial cronism for a Judge to void the judgment of other fellow Judge for bias.    This judicial culture violates the constitutional rights of litigants under the US Constitution.  I argued in the complaint that the two judgments made by Judge Hernández González were void because he was bias and removed by the Judicial Administration after ethical investigation.   Additionally because a Judge cannot refuse to amend the complaint and then dismiss the cause of action that is in the amended complaint.   He violated due process.   Only causes of actions included in the pleadings of the complaints can be decided, see ELA v. Aguayo, supra.   Also a Judge cannot amend motu proprio a complaint and then dismiss a cause of action in the complaint the Judge amended.   This violates due process.   Attorney Ramos Luiña and Alcaraz Micheli once again used the ethical charges I filed against Judges to incite the hostility of Judges against me, they file motions in that respect in the Court of First Instance of San Juan KAC2012-0840.   In fact, attorney Ramos Luiña when as

241

far as asking the Court to reject my complaint. Judge Marrero Guerrero without a hearing dismissed my complaint and sanctioned me for $3,000 because the complaint didn't had merits. A complaint cannot be dismissed under a motion of dismissal if there is any concivable facts and principles of Law that could permit the decision of the complaint on the merits. See Dorado v. Wrangler 98JTS49; Metropolitan v. Lopez 96JTS138. Judge Marrero Guerrero in a bias way decided that the controversies were real, furthermore that I should made the argument of the voidness of the two judgments when I appealed the two judgments KLAN2011-00180 and KLAN2011-01525. The case Olmedo v. Sueiro 123DPR294 establishes that when judgments are void it isn't necessary to make the voidness argument in a prior appeal. Judge Marrero Guerrero was bias, his judgment should be voided. In a contingent way he should be responsible for $400,000 in actual damages plus $400,000 in punitive damages. I filed a recusal motion against Judge Marrero Guerrero because his decision was clearly erroneous, see InRe Honorable Díaz García, supra. Judge Cancio Vigas refused to recuse Judge Marrero Guerrero due to judicial

cronism and bias. His decision should be voided. He should be held responsible in $100,000 in a contingent way of actual damages plus a $100,000 in punitive damages.     When I appealed the judgment of Judge Marrero Guerrero KLAN2014-0286 composed of Judges Hernández Sánchez Soroeta Kodesh Steidel Figueroa they in a conclusory way confirmed the judgment of Judge Marrero Guerrero. The judgment of the Appeals Court should be voided for bias. It was a conclusory judgment.     All the Judges of the panel should be held responsible in a contingent way for $100,000 in damages plus a $100,000 in punitive damages. The Supreme Court once again with bias refused to grant the discretionary writ of Certiorari.

18. Aditional causes of action and remedies against Judge Fraticelli Torres and Judge Vizcarrondo Irizarri. Judge Fraticelli Torres I have reasonable basis to believe that in another case KLAN2014-01784 decided that in a constructive dismissal case which I represented the plaintiff a letter of resignation was sufficient cause to deny the claim. This is clearly wrong, see Nazario v. ELA 159DPR799 (2003). My client was denied a hearing to have a day in Court. I was blacklisted. The decision

was to punish me.  The members of the panel were Fraticelli
Torres, Ortíz Flores and Ramos Torres.    The decision should
be voided.  Each of the Judges should be held responsible in a
contingent way with a $100,000 in actual damages plus a
$100,000 punitive damages.  In another case KLCE2016-01708
which is composed of Judge Vizcarrondo Irizarri, Colón García
and Cortés González.  Was another case that I filed an appeal
within the period of 30 days.  I have reasonable basis to believe
that I was blacklisted.  The Certiorari was denied even though I
appealed the case within the 30 days of the statutory period.
The Supreme Court denied the discretionary writ.  In this case
and in the other case previously mentioned.  This case should
be voided, each of the Judges of the panel should be held
responsible in a contingent way with $100,000 in damages and
$100,000 in punitive damages.  Judge Vizcarrondo participated
in the decision in which the recusal of panel KLAN2011-00720
was denied even though they left a sanction of $10,000 which
was completely arbitrary.  That decision also should be voided.
Judge Vizcarrondo should be held responsible in a contingent
way with $100,000 in damages plus $100,000 in punitive

damages.  The Supreme Court once again refused the grant the discretionary writ of Certioari and let intact two clearly wrong decisions KLAN2014-01784 and KLCE2016-01708.

19. Additional cause of action against panel KLAN2011-00720 and panel KLCE2011-00057.  Against those two panels I filed a motion based on the Supreme Court cases Hazel v. Atlas 322US238 (1944); Root Refining v. Universal 328US575 (1941); Greater Boston v. FCC 463F2d268.  Those cases stand for the proposition that an Appeal Court judgment or decree can be voided when there is reasonable basis to believe that some improper legal conduct was made. There must be a procedure complying with due process to decide whether the Appeals Court judgment must be voided and the Mandate sent to the Trial Court should be revoked.  In the two cases the Appeals Courts panels refused to decide the motions.  Those motions were protected by the due process clauses of the United States Constitution.  As we can see in the Puerto Rican judiciary due to bias Judges refuse to decide recusal motions, motion and complaints to void judgment or decrees.  The institutional bias of Judges defending themselves is not up to US Constitutional

245

standards regarding due process of Law, free speech and the right of a fair forum, see Capperton v. ATMassey, supra. It should be remembered that the fundamental rights of the United States Constitution are applicable to Puerto Rico, see Examining Board v. Flores Otero 426US572 (1976). The refusal of motion to void the judgment of panel KLCE2011-00057 and KLAN2011-00720 should be voided.

20. Cause of action and remedies against Judge Miriam Esther Ayala Díaz.  During the hearing in the case KJV2006-2638 Court of First Instance of San Juan on January 2014 evidence was filed about disputed invoices.  It should be remembered that Judge Pérez Acosta following the recomedation of Judge Candal Segurola didn't follow the prior order of Judge Sagebien of August 2010 that the disputed invoices couldn't be paid until it was proven in the Court of First Instance of Humacao that no fraud was commited by the "Albaceas" Enid Pérez Soto and/or Mr. Cordero Soto.  The burden of proof for the disputed invoices was on the "Albacea" and he didn't offered any evidence.  All these was part of the conspiracy and bias against me.  In the depositions of April and May 2015 in

the Court of First Instance of Humacao Enid Pérez Soto refused illegally on the advice of her counselor Ramos Luiña not to answer the question of the whereabouts of the money belonging to the descendant that disappeared from the estate. This incident gave me reasonable basis to believe that fraud was commited against the estate by the "Albaceas" when they filed fraudulent reports in the Court of First Instance of San Juan, also by the Administrator Mr. Cordero Soto in his reports filed in the Court of First Instance of Humacao. I filed a motion in the Court of First Instance of San Juan under Rule 49.2 to declare void the reports filed in the Court of First Instance of San Juan. I had the evidence that the descendant was the "usufructuario" of 22% of the stock of Cantera Pérez and the owner of 11% of the stock of the same corporation. That amount of money amounted with interests to almost $6 million. I have reasonable basis to believe that attorneys Cordero Alcaraz and Alcaraz Micheli knew that Judge Ayala was bias. All the Judges of the Court of First Instance of San Juan refused to inquire what happened in the Court of First Instance of Humacao where a person was named illegaly in a void manner

247

Judicial Administrator.   Those above mentioned attorneys asked Judge Ayala to hold me in contempt. In a hearing held before Judge Ayala attorney Cordero Alcaraz knowing the bias of Judge Ayala asked the Court for sanctions against me for filing a motion under Rule 49.2 of the Civil Procedure Rules of Puerto Rico which are the equivalent to Rule 60B of the Federal Rules of Civil Procedure.   This Judge Ayala made comments that showed bias.  She didn't allowed me to argue the illegal way in which Mr. Cordero Soto was named Judicial Administrator.  When I tried to argue that Judge Sagebien in a wise way decided that the disputed invoices couldn't be approved in San Juan if it was proven in Humacao that fraud was committed.  Judge Ayala made comments that no adjective should be given to the comment of the Judge Sagebien.  A motion under Rule 49.2 to declare void the reports in San Juan for fraud was dismissed in a conclusory way without a real hearing.  The decision of Judge Ayala should be voided.  She should be held responsible in a contingent way with $200,000 in actual damages plus $200,000 in punitive damages.

248

21. Cause of action and remedies against adversary lawyers Ramos Luiña, Cordero Alcaraz, Alcaraz Micheli, Laguna Mimoso, Valgina Rodríguez. Attorney Ramos Luiña and all the other attorneyS engagaed in conduct that was the equivalent tantamount to a conspiracy with Judges that were bias to punish me because I excersised my free speech right under the First Ammendment under the US Constitution to file ethical charges and recuse Judges with reasonable basis and with respect. Under the doctrine of the cases Denny's v. Spark, supra; Tower v. Glover 467US914 (1984) private parties who engage in a conspiracy with judicial officers act under color of Law and are subject to damages under Section 1983, whatever immunity Judges have in this case doesn't protect in any manner the private parties. Attorney Ramos Luiña and attorneys Cordero and Alcaraz for more than three years filed motions in the Court of First Instance of Humacao telling lies that on June 2011 disputed invoices were approved.  The motions and orders to sign by Judge Hernández González and Negrón Villardefranco were with the headings of the Appeals Court to confuse the Treasury Division of the Court of First Instance of Humacao.  I

249

have reasonable basis to believe that ongoing ex parte conversations were held by those attorneys and Judge Hernández González and Negrón Villardefranco. In the hearing held in December 12, 2013 when the recording machine was put off they engaged in shocking conversation with Judge Hernández in which they accepted they had ex parte conversations. Later on on June 26, 2014 Judge Negrón accepted there was no agreement whatsoever and didn't sanctioned those attorneys and refered them to the Supreme Court. In fact, Judge Negrón participated in that scheme. Also attorney Ramos Luiña and Cordero Alcaraz lied to the Court when they filed motions that the order of Judge Garriga in December 2009 which ordered the distribution of the income of the estate under the ruling of <u>Anselmo García, supra</u> that they didn't received the order, this was a lie, and no envelope was returned to the Court. Also the brokers told me that it wasn't true that they had communication with attorney Cordero about the distribution of the income of the estate. All those attorneys mentioned here knew that the case KJV2006-2638 was res judicata and the administration of the estate must be delivered

to the heirs under Article 332 of the Civil Code of Puerto Rico. They should have known that the decision of Judge Hernández González naming Judicial Administrator and Judicial "Contador Partidor" based on the will of the descendant was void. The same with the decision KLCE2011-00057. Attorneys Alcaraz Micheli, Ramos Luiña with the knowledge and acceptance of attorney Cordero in numerous ocations used the fact that I filed ethical charges against Judges to incite the hostility of Judges against me. Attorney Laguna Mimoso did the same thing in the case KLAN2011-00720. All the adversary lawyers named here knew that I was disqualified by a bias Judge based on lies on April 2008. They should pay back to me the around $300,000 that I had to pay in legal fees. Attorneys Cordero, Alcaraz, Ramos Luiña lied to the Court in the hearing held June 26, 2014, September 26, 2014 and December 12, 2014 telling the Court that the discovery process was finished. That the deposition of Mr. Cordero Soto was finished. All these was accepted by the order of Judge Negrón of April 2015 that was a lie. All those attorneys refused to discuss the legal significance of the judgment of Judge

Sagebien KJV2006-2638 that the "Albaceazgo" had expired in January 2010. They opposed the transfer of the case on April 2013 even though they knew at that time Judge Dávila, Hernández González were removed after ethical investigation. In the hearing of September 26, 2014 no hearing was held because the person who had the burden of proof to establish the legality of the disputed invoices is the Administrator, see Mercado v. Mercado, supra; González Tejera, supra didn't offer any proof. In that way more than a $100,000 were taken from the estate to pay legal invoices of attorney Cordero and CPA Carbonell. Those $100,000 were ordered to be paid by Judge Negrón and Castro which were bias. That $100,000 should be paid back to the estate. In fact there is an order by the Appeals Court that they should be paid back, case KLCE2017-00108. All the adversary lawyers including attorney Laguna Mimoso knew that the $10,000 fine that I had to pay was void. I didn't delayed the case in any way. Attorney Cordero and Laguna Mimoso lied to the Court in order to disqualify my Pro Se on April 2008. Those attorneys knew that Judge Brau Ramírez that was proposed as a Commissioner in the case was bias. All

252

the adversary lawyers constantly used innapropiate language to insult me. They accused me of being a forgerer of the receipts of the notification of an appeals document in the case KLAN2011-00720. Attorney Ramos Luiña prepared judgments signed by Judge Hernández in December 2010 August 2011, that were completely void, I already explained this. Attorney Ramos Luiña cited wrong cases and documents knowing the bias of Judges. I will mention some of them, Melendez v. Fei 135DPR610; Sucesion Cortijo Lugo v. Secretario de Hacienda 130DPR1; Dávila v. Agrait 116DPR549; Díaz Morinari v. Cividanes 37DPR97. Attorney Ramos Luiña told the Court of First Instance of San Juan KAC2012-0840 that my legal writtings should be rejected. Attorney Laguna Mimoso used frivolous arguments that I couldn't file the contingent derivative claim because I had no stock, this already has been explained. He told Judge Hernández that the motion to decease without prejudice should be changed to a dismissal with prejudice because of the ethical charge I filed against Judge Dávila, he succeeded. Attorneys Cordero, Ramos, Alcaraz, Laguna Mimoso should be held responsible with $1 million in

damages plus $1 million in punitive damages. They violated my civil rights by using the fact that I filed ethical charges that was my consititutional right to incite the hostility of Judges that they knew were bias including Judge of the Appeals Court, Supreme Court, Court of First Instance of San Juan and Court of First Instance of Humacao. The adversary lawyers knew there was bias against me and refused and conspired to finish prematurily the depositions that were ordered by the Appeals Court, the cited party didn't appear. They knew that Judge Castro is bias and didn't decide the motion of sanctions for the serious ethical violation that occurred in the deposition of April and May 2015. They also knew that an attorney that I contracted was a friend of them and she accepted the depositions not to be continued without my authorizations based on the minutes of December 2014 when I filed a Mandamus on May 2015 KLRX2015-00008 that ordered the depositions. Judge Castro didn't permit the depositions which was an arbitrary decision. The same lawyers filed a motion of summary judgment that have been pending for more than four months that they tried to dispute without any credible evidence

that the descendant was the owner of 11% of the stock and the "usufructuario" of the 22% of the stock of Cantera Pérez. They have accepted that almost $6 million were taken out of the estate illegally in a fraudulent way. Attorney Valgina Rodríguez should be held responsible in $300,000 in damages plus $300,000 in punitive damages. She participated in the decision of the Judges Negrón and Castro not to transfer the case from the Court of First Instance of Humacao. She knew three Judges were taken out of the case after ethical investigation. She also refused for a client, the widow Antonia Rodríguez to submit herself to a deposition. Evidence surfaced that the widow took a certificate of deposit of $4.5 million from the descendant in a fraudulent way.

22. Judges Figueroa Cabán and Ortíz Flores in the ruling February 16, 2017 KLCE2017-00108 made a bias decision. They knew that the payment of the disputed invoices of more than $100,000 in which the so called Administrator didn't offered any evidence on September 26, 2014 was void. Judge Negrón was removed by the Judicial Administration in part for that decision. The payment of more than $100,000 in that arbitrary

way should have been revoked by the Appeals Court as an intentional bias decision by Judge Castro Rodríguez. I can be pointed out that attorney Cordero Alcaraz kept her pattern of lying to the Court knowing the bias of Judges and the lawyers of the Solicitor General which not disciplined her for her continuous unethical conduct. Even though she prepared the motion in which her father resigned as Administrator in June 2015 she wants now for Judge Castro to approve her legal invoices for supposed legal services to the Administrator after there was no Administrator. This is outreageous.

23. We are according to <u>Rule 10 C of the Federal Rules of Civil Procedure</u> adopting by reference making it part of the pleadings the writ of Certiorari filed in the Supreme Court of the United States. The order of the Supreme Court denying the filing of the writ of Certiorari out of term. We are also adopting by reference the ethical complaint filed against a Magistrate of this Court. The self-recusal of that Magistrate after an ethical investigation.

24. Judge Castro Rodriguez showing bias against me prepared a judgment and a ruling which shows bias. They were clearly

wrong, see InRe Honorable Díaz García, supra. Those two rulings made on February 20, 2019 show clearly that this Judge is bias. The two ruling were prepared by adversary lawyer Ramos Luiña. In the judgment the Judge decided that an expert report prepared by the certified public accountant firm Zayas and Morazzani couldn't be used in a motion of summary judgment because the report wasn't sworn. There is no precedent in Puerto Rico in that respect. The defendant do not have any expert report. That expert report values the gift of stock in 1993 and in 1998 in order to compute them at the value when they were made to decide what is the aggregate value of the estate of the descendant in order to decide whether under the forced heir ship rules of the Civil Code of Puerto Rico half of the two thirds of the estate that the appearing party has a right was violated. Under Article 746 of the Civil Code of Puerto Rico all the gift of property has to be computed back to the estate and added to the value of the whole estate in existence. The gift must be valued at the value they were made. Judge Castro decided in a clearly wrong way the forced heir ship rules applies to only one third of the estate. This is clearly

wrong.  A violation of a fundamental rule of the Civil Code which provides that two thirds of the estate must be left to the sons or other descendants of the descendant.  He cited the case of Dávila v. Agrait 116DPR549 which is wrongly cited.  Article 737 of the Civil Code of Puerto Rico provides clearly that two thirds of the estate must be protected and belong to the descendants.  Judge Castro decided that even though the deeds in which the stock were gifted provided that the descendant retained the "usufructo" of the stock and therefore the dividends of the stock. That the descendant didn't had to include more than $6 million that he had the obligation to include in the income tax return and in the reports of the estate.  Article 400 of the Civil Code of Puerto Rico provides that the "usufructuario" has to include the civil fruits including the dividends of stock gifted in which the descendant retains the "usufructo". Furthermore under the income tax rules the descendant committed fraud, see Mertens Law of Federal of Income Taxation Assignment of Income Sec. 526; Lucas v. Earl 281US111; Bagley v. US 348FedSupp418. Under rules of income tax a tax payer cannot assign income belonging to him

258

so as not to be taxed on it. The defendant Cordero Soto accepted that he took one third of those $6 million and the other defendants Marisel and Arleen Valeiras took the other two thirds. Furthermore Judge Castro in a bias way decided that 11% of the stock of Cantera Pérez didn't belong to the estate of the descendant. It was shown clearly by public deeds that the 13,692 outstanding stock of Cantera Pérez after the gift of stock of 1993, the deed dividing the conjugal society of the descendant and his deceased wife mother of the plaintiff; the deed of the gift of stock of 1998 shows clearly that 11% of Cantera Pérez was left on the estate of the descendant. All of these was in public deeds, the descendant couldn't show any credible document. It was mathematically impossible to make a decision contrary to the argument of plaintiff. It is imperative that Judge Castro must be removed from the case. The whole judiciary of Puerto Rico in a conspiracy showing bias refused to recuse Judge Castro. Judge Castro was ordered by the Appeals Court KLRX2015-0008 that the discovery process should be continued. Depositions were held during April and May 2015 in which the defendant Cordero Soto and Enid Pérez Soto under

the advice of their counselors refused to answer pertinent questions specifically about the whereabouts of the $6 million belonging to the descendant that disappeared from the estate. Those two defendants refused to appear at depositions duly cited. Also other witnesses like the widow Antonia Rodríguez, attorneys Goico Covas, Martínez Landrón and Guerrero Calderón also refused to appear at depositions duly cited. The appearing party has transcripts of nonappearance by those defendants and witnesses. The lawyer of the appearing party filed a motion asking for sanctions for noncompliance of the discovery process obligation. Judge Castro refused to decide those motions in a decision that is a contempt of the orders of the Appeals Court refused to permit that the discovery process continued.

**WHEREFORE** it is respectfully requested to this Honorable Court to consolidate the temporary and permanent injunction under Rule 65 of the Federal Procedure Rules. After proper legal proceedings grant the remedies requested in this complaint. Including the voidance of judgments, rulings, sanctions, the granting of actual and punitive

damages and to paralyze the proceedings in the Court of First Instance of Humacao because of the bias way Judge Castro Rodríguez is conducting those proceedings with connivance of the adversary lawyers.   Transfer under the doctrine of Pendent Jurisdiction the inheritance case because the appearing party cannot have an unbias forum in the Judicial System of Puerto Rico due to the facts already explained.   Alternatively take proper measures to ensure the appearing party to have an impartial forum to the case to be decided with civility, respect for constitutional and civil rights in an unbias way.     Measures should be taken due to the institutional bias of Judges.   A Commissioner in this type of case should not be Judge or former Judge.   The Judicial Administrator should not be a Judge or a former Judge.   When an ethical charge is send because it has sufficient merits to the Legal Division no ex parte conversation should be held between the Judges, the Legal Division and the Judge Administrator. If the Chief Judge participates in deny the ethical charge he should not participate in the decision not to grant the discretionary writ of Certiorari in the principle case.   Judges should be instructed that they cannot take punitive sanctions against a lawyer which file ethical charges with reasonable basis and respect, they are constitutionally protected.   A conspiracy between Judges in this respect should be subject to severe

261

disciplinary measures.  Lawyers should be subject to ethical sanctions if they use the ethical charges to incite the hostility of Judges.  Also lawyers should be subject to disciplinary measures when they fail to file recusal motions and ethical charges when Judges act in an innapropiate way violating judicial standards of ethics.

S / Hiram I. Perez-Soto

**LCDO. HIRAM I. PEREZ-SOTO**

Colegiado Núm. 5698
RUA 4383
Urb. Villas de Paraná
Calle 11 Bloque S-1#5
San Juan, Puerto Rico 00926
Tel. (787) 731-6573
Cel. (787) 438-6687
Fax (787) 790-9581
E-mail:hperez1057@gmail.com