# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO
# BANKRUPTCY COURT

| | |
|---|---|
| INRE:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO, ET ALS<br>DEBTORS | PROMESA TITLE III<br>NUM. 17BK3283-RTS |



## MOTION TO THE BANKRUPTCY JUDGE

Comes now the movant party Hiram Pérez-Soto Pro Se and respectfully alleges and prays to the Honorable Bankruptcy Judge as follows:

1. Title III of the Federal Law Promesa see 42USCA Section 2201-2241 created a bankruptcy proceeding for the Commonwealth of Puerto Rico.

2. On May 3, 2017 the Commonwealth of Puerto Rico through the Financial Oversight and Management Board of Puerto Rico filed for bankruptcy pursuant to Section 315 B of Promesa with United States District Court for the District of Puerto Rico number 17BK3283-LTS.

3. The Honorable Judge named in the case 17BK3283-LTS entered a procedures order. In that decision the Judge incorporated the local bankruptcy rules for the United States Bankruptcy Court for the District of

1

Puerto Rico, established case management and administrative procedures. We are relaying on the 8th amended notice, case management and administrative procedure.

4. The appearing party filed a complaint in the Federal District Court on June 27, 2019 under Section 42USCA1983. A copy of that complaint is being filed with this motion. Civil Num. 19-CV-1266 (CCC). In that case the complaint included claims against Judges of the Supreme Court; Judges of the Intermediate Appeals Court of the Commonwealth of Puerto Rico and numerous Judges of the Court of First Instance of Humacao and San Juan. We also included prosecutors of the Solicitor General Office of the Commonwealth of Puerto Rico; the Administrator and former Administrators of the Judicial Administration and the adversary lawyers in the cases HSCI2007-01040 Court of First Instance of Humacao and case KJV2006-2638 Court of First Instance of San Juan. The pleadings are fully explained in the complaint we are filing with this motion.

5. In the above mentioned complaint filed in the Federal District Court we asked for damages against Judges; adversary lawyers; Administrators of the Judicial Administration and prosecutors of the Solicitor General Office of the Commonwealth of Puerto Rico. I also included the Commissioner named by the Supreme Court which decided my disbarment. I asked also

2

for declaratory and injunctive relief to void my disbarment and to void various judgments which dismissed my claims in the above mentioned cases in the Courts of the Commonwealth of Puerto Rico. Also to void numerous sanctions imposed against me. My legal arguments are fully explained in the complaint filed on the Federal Court. The violation of my Civil Rights and Constitutional Rights of free speech, see <u>Holt v. Virginia 381US25;</u> <u>InRe Little 404US533</u>. Also a violation of an impartial forum, see <u>Capperton v. ATMassey June 2009</u> were fully explained in the above mentioned Federal complaint.

6. According to the procedure established by the Bankruptcy Judge created under Title III of Promesa I sent a motion asking for relief of the automatic stay. This is because Promesa incorporated Section 362 of the Bankruptcy Code which establishes an automatic stay. I sent the motion to lift the automatic stay with the complaint to the attorneys of the Oversight Board and to the attorneys for AAFAF. The lift stay motion was sent electronically to those attorneys with the complaint filed in the Federal Court, see Section Q of the case procedure. Under the procedure established under Section Q I can state that two of the lawyers has not answered my phone calls after I filed the lift stay motion electronically to all the lawyers. Under the procedure established I can show reasonable basis that I couldn't meet and

3

confer with those lawyers. It should be stated that I'm asking damages and declaratory and injunctive relief against Judges of the Commonwealth of Puerto Rico. Pursuant to Section R of the case management procedure established we ask the Bankruptcy Judge created by Title III of Promesa that my motion to lift the stay should be set for hearing July 24, 2019 or September 11, 2019 as hearings that will be held under the omnibus hearings scheduled under the case management procedure. This motion is being filed because without any notice the Federal Court has apparently paralyzed the case Civil Number 19-1266 (CCC). The Federal Judge is not deciding the motions that I filed in that case. He hasn't notified me whether the case is paralyzed. The attorney for the Commonwealth of Puerto Rico has answered my queries, she notified me that the Commonwealth of Puerto Rico under Law 9 has decided to give legal representation to Judges, former Judges, government officials or former government officials. She also notified me that under Law 9 the Commonwealth of Puerto Rico will pay any damages imposed by the Federal Court to government or former government officials of the Commonwealth of Puerto Rico. No motion has been filed by the Commonwealth of Puerto Rico in the Federal case notifying that legal representation will be given. I respectfully believe that this is not a correct and proper procedure. It should be stated clearly that the

4

Commonwealth of Puerto Rico which is under bankruptcy under Title III of Promesa is not being sued in the Federal case. Under Section 1983 the Doctrine of Respondent Superior is not applicable, see <u>Monell v. Department of Social Service 436US658 (1978),</u> so the Commonwealth of Puerto Rico is not subject to damages when government or former government officials are being sued in their personal capacity. I believe that the case is not subject to an automatic stay until the Commonwealth of Puerto Rico notifies the Federal Court that it has assumed legal representation under Law 9, this hasn't happened in the Federal case. I already filed a motion in the Federal case 19-CV-1266 (CCC) stating that the Federal Court should notify whether the case is paralyzed. In the case <u>Bentarcourt Rivera v. Vázquez Garced 314FedSupp3rd367</u> it was established that the Federal Court has jurisdiction to decide whether a case under Section 1983 is paralyzed under the automatic stay of Section 362 incorporated under Title III of Promesa. Anyhow I am filing this motion with the Bankruptcy Judge created by Promesa. I want to obtain a decision whether the case is subject to automatic stay. If the decision is that the automatic stay is applicable I will file an appeal to the Federal District Court. I am sending copy of this motion to the Federal Court in the case 19-CV-1266 (CCC). I will repeat that the Secretary of Justice of the

5

Commonwealth of Puerto Rico had the obligation to file a motion in the Civil Rights case to notify that under Law 9 the Secretary of Justice is assuming legal representation. Furthermore, the Honorable District Court in that case has the obligation to notify that the case is been paralyzed because of the automatic stay under Section 362 of the Bankruptcy Code incorporated by Promesa.

**WHEREFORE**, it is respectfully requested to this Honorable Court to set by motion to lift the automatic stay for a hearing pursuant to the omnibus hearings set for the 24th day of July 2019 or the 11th of September 2019.

I hereby certify that under the eighth amendment noticed Case Management and Administrative Procedure; I notify Counsel of the Oversight Board Hermann Bauer hermann.bauer@oneillborges.com and Ubaldo M. Fernández Barrera ubaldo.fernandez@oneillborges.com; Counsel for AAFAF Diana M. Pérez dperez@omm.com, Luis C. Marini-Biaggi lmarini@mpmlawpr.com and Carolina Velaz-Rivero cvelaz@mpmlawpr.com; I also filed this motion with the Clerk of the Federal Court in order for them to notify the master list and the claims and noticing agents, see Section E of the Case Management Proceedings.

*[signature]*

**HIRAM PEREZ SOTO**

PRO SE

Urb. Villas de Paraná
Calle 11 Bloque S-1#5
San Juan, Puerto Rico 00926
Tel. (787) 731-6573
Cel. (787) 438-6687
Fax (787) 790-9581
E-mail: hperez1057@gmail.com

7