### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AUTONOMOUS MUNICIPALITY OF SAN JUAN,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　　　　　　　　　　　Defendant.<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　　　　　　　　　　　Defendant-Movant,<br><br>　　v.<br><br>AUTONOMOUS MUNICIPALITY OF SAN JUAN,<br><br>　　　　　　　　　　　　Plaintiff-Respondent. | Case No. 19-cv-1474-GAG |

**MOTION TO TRANSFER CIVIL PROCEEDING PURSUANT TO PROMESA § 306 OR, IN THE ALTERNATIVE, PURSUANT TO LOCAL RULE 3A**

**To the Honorable United States District Court Judge Gustavo A. Gelpi**:

Pursuant to § 306(d)(3) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), and Local Rule 3A of the U.S. District Court Rules for the District of Puerto Rico (the "Local Rules"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or the "Board") respectfully submits this motion to transfer the above-captioned action, as a civil proceeding arising in and related to the pending Title III case of the

Commonwealth of Puerto Rico, No. 17-bk-3283-LTS (D.P.R.), to the Honorable Laura Taylor Swain (U.S.D.J.), the judge presiding over the Commonwealth's Title III case.

As detailed below, transfer of this matter is required by PROMESA. In support of this motion, the Oversight Board states as follows:[1]

**RELEVANT FACTUAL BACKGROUND**

1. In response to a fiscal and humanitarian crisis in Puerto Rico, Congress enacted PROMESA. 48 U.S.C. §§ 2101-2241. In enacting PROMESA, Congress found, among other things, the Commonwealth: (a) is in a fiscal emergency caused by accumulated operating deficits, lack of financial transparency, management inefficiencies, and excessive borrowing; and (b) is unable to provide its citizens with effective services, causing accelerated outmigration of business and residents. PROMESA § 405(m)(1)–(3). To address this crisis, Congress established the Oversight Board with a statutory mission to "provide a method for [Puerto Rico] to achieve fiscal responsibility and access to the capital markets." *Id*. § 101(a).

2. To accomplish this mission, the Oversight Board is authorized and empowered to review and certify fiscal plans and annual budgets, to monitor activities of the Government to ensure compliance with the fiscal plan, and to control debt restructurings. *See* PROMESA §§ 101(d)(1), 104(j), 108(a)(2), 201(c)(3), 201(e), 202(c)-(f), 204, 206, and 207, and Titles III and VI. The Oversight Board is specifically authorized and empowered to designate as "covered territorial instrumentalit[ies]" those entities within the Commonwealth that will be subject to the requirements of PROMESA and the Oversight Board's management and oversight. *Id*. §

---

[1] The Oversight Board reserves all of its rights to move, answer, or otherwise respond to the Complaint filed in this action in accordance with the Federal Rules of Civil Procedure and the June 12, 2019 Order issued in the above-captioned matter [ECF No. 23].

2

101(d)(1)(A). Congress granted the Board "sole discretion" to make these determinations. *Id.*

3. As noted, PROMESA empowers the Oversight Board to petition, as representative of the Commonwealth and covered territorial instrumentalities, for adjustment of debts under Title III of PROMESA. *Id.* §§ 302, 304, 315(b). To date, the Oversight Board has filed five such Title III petitions in the District of Puerto Rico as representative of the Commonwealth and several covered territorial instrumentalities in those proceedings.[2] (The Commonwealth, COFINA, HTA, ERS, and PREPA Title III cases are referred to herein, collectively, as the "Title III Cases").

4. On May 5, 2017, pursuant to PROMESA § 308, the Chief Justice of the Supreme Court of the United States designated the Honorable Laura Taylor Swain to sit by designation to conduct the Title III Cases, including the Commonwealth Title III case. As part of these Title III Cases, Judge Swain also presides over, to date, more than 57 adversary proceedings and 285 avoidance actions related to the Puerto Rico fiscal crisis, including cases challenging the Oversight Board's powers and responsibilities under PROMESA. Within the Commonwealth's Title III case, Judge Swain presides (or has presided) over several civil proceedings related to the Commonwealth's debt issues, including matters brought by the Puerto Rico Governor and

---

[2] On May 3, 2017, the Oversight Board filed a petition under Title III of PROMESA on behalf of the Commonwealth (Case No. 17-bk-3283-LTS) (the "Commonwealth Case"); on May 5, 2017, the Oversight Board filed a petition under Title III of PROMESA on behalf of the Puerto Rico Sales Tax Financing Corporation, known as "COFINA" (Case No. 17-bk-3284-LTS) (the "COFINA Proceeding"); on May 21, 2017, the Oversight Board filed a petition under Title III of PROMESA on behalf of the Puerto Rico Highways and Transportation Authority (Case No. 17-bk-3567-LTS) (the "HTA Proceeding"); also on May 21, 2017, the Oversight Board filed a petition under Title III of PROMESA on behalf of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Case No. 17-bk-3566-LTS) (the "ERS Proceeding"); and on July 2, 2017, the Oversight Board filed a petition under Title III of PROMESA on behalf of the Puerto Rico Electric Power Authority, known as "PREPA" (Case No. 17-bk-4780-LTS) (the "PREPA Proceeding").

3

Legislature.[3]

5. On May 9, 2019, pursuant to the "sole discretion" granted to it by PROMESA, the Oversight Board designated all 78 municipalities in Puerto Rico – including Plaintiff San Juan – "covered territorial instrumentalit[ies]" under PROMESA § 101(d)(1)(A). The Oversight Board took this action as part of the restructuring process for the Commonwealth and as part of the Commonwealth Title III case.

6. On May 19, 2019, Plaintiff filed the instant Complaint, challenging its designation on the grounds that: (a) the Board did not provide a "rational basis" for its decision in violation of "federal common law" (Count I); (b) PROMESA violates the non-delegation doctrine (Count II); and (c) the designation is void because the Oversight Board was appointed in violation of the Appointments Clause of the United States Constitution (Count III).

7. Geographically, the Commonwealth consists of its 78 municipalities. Whether dealing with pensions of municipality retirees, payments of teachers and police, healthcare, industry, and any other governmental function, the municipalities are integrally related to the Commonwealth. Indeed, the Commonwealth's fiscal plan and budget provide for payments to and from the municipalities.[4] In turn, the net surplus or deficit resulting from the budget is the basis for the fiscal plan's debt sustainability analysis that governs how much debt the Commonwealth can issue in its plan of adjustment to pay all claims including $55 billion of

---

[3] *See, e.g., Rosselló Nevares, v. Fin. Oversight & Mgmt. Bd. for P.R.*, 18-ap-080 ("*Rosselló Nevares*"); *Rivera-Schatz, v. Fin. Oversight & Mgmt. Bd. for P.R.*, 18-ap-081 ("*Rivera-Schatz*").

[4] Copies of the May 9, 2019 Certified Fiscal Plan and June 30, 2019 Certified Budget for the Commonwealth are attached hereto as **Exhibits A** and **Exhibit B**, respectively. Provisions for payments to and from municipalities are on pages 11, 31, 36, and 124 to 127 of **Exhibit A** and pages 4, 11, and 49 of **Exhibit B**.

4

pension claims of Puerto Rico governmental employees and retirees.[5]

8. Accordingly, it is axiomatic that the subject matter of the instant Complaint – whether the municipality of San Juan was validly designated a covered territorial instrumentality so that its fiscal plan and budget can be overseen and controlled, if need be, by the Oversight Board – is related to the Commonwealth's Title III case. For instance, whether San Juan pays the pension expenses for its retirees directly impacts the Commonwealth's cash flow. Likewise, whether all the municipalities coordinate services and reduce overhead impacts the well-being and future of the Commonwealth, something which its plan of adjustment will strive to enhance. Plaintiff itself admits its claims are in fact "related to" the Commonwealth and other Title III cases pending before Judge Swain in both the Category Sheet and Civil Cover Sheet Plaintiff filed with its Complaint. [*See* ECF Nos. 1-1 and 1-2.]

9. As such, and as set forth below, this civil proceeding should be transferred to Judge Swain. PROMESA §§ 306(d)(3) mandates transfer to the district court in which the Title III case is pending. Technically, this action is already in that court. But, as a practical matter, PROMESA § 308(a) called on Chief Justice John Roberts to appoint one district court judge to preside over the territory's Title III cases, and the efficiencies that single appointment creates would be lost if multiple judges in the same court presided over related matters. Transfer of this action to Judge Swain is also called for pursuant to Local Rule 3A, as it will serve the interests of justice, ensure consistent outcomes, and promote judicial efficiency in this action and in the related Title III Cases.

---

[5] The debt sustainability analysis is found on pages 39 to 51 of **Exhibit A**.

## ARGUMENT

### I    This Civil Proceeding Should be Transferred to Judge Swain Pursuant to PROMESA § 306(d)(3)

10. PROMESA provides all actions "against the Oversight Board, and any action otherwise arising out of this Act," must be brought in the United States District Court for Puerto Rico. PROMESA § 106(a). However, this jurisdictional provision is subject to express limitations, including those contained in Title III of PROMESA. *See id.* ("Except as provided in … title III….").

11. Title III of PROMESA provides the Chief Justice shall designate "a" district court judge "to conduct *the* [Title III] case." PROMESA § 308(a) (emphasis added). Title III also requires that "any civil proceeding … related to" a Title III case "shall [be] transfer[red]" to the district court in which the Title III case is pending. *Id.* § 306(d)(3). Given that PROMESA provides for the Chief Justice to designate a single district court judge to conduct a Title III case, it would make no sense for another district court judge in the same district to preside over a civil proceeding arising in or related to that Title III case.

12. This civil proceeding is related to the Title III Cases for the reasons explained in paragraphs 7 and 8 above. The "related to" standard in PROMESA § 306 is extremely broad. It is taken from and almost identical to the U.S. Code provision granting bankruptcy courts subject matter jurisdiction over all civil proceedings "arising in or related to cases under [the Bankruptcy Code]." 28 U.S.C. § 1334(b). In the bankruptcy context, "related to" jurisdiction is very broad and includes any action that could conceivably have any effect on the administration of the bankruptcy estate. *See, e.g., Gupta v. Quincy Med. Ctr.,* 858 F.3d 657, 663 (1st Cir. 2017) ("'related to' proceedings are those which potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an

6

impact upon the handling and administration of the bankrupt estate.") (internal citations and quotations omitted).[6]

13. "Related to" jurisdiction need not necessarily involve the Title III debtor's property. *See, e.g.*, *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995). It exists where the action could interfere with the Title III debtor's reorganization, s*ee id.,* and even where the impact on the Title III debtor's estate or reorganization is contingent on the plaintiff succeeding in a claim against a non-debtor. *See, e.g., Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers (In re Dow Corning Corp.)*, 86 F.3d 482, 494 (6th Cir. 1996); *Coen v. Stutz (In re CDC Corp.)*, 610 Fed. App'x. 918, 921 (11th Cir. 2015).

14. Congress, through §§ 306 and 308 of PROMESA, mandated a single district court judge to conduct a Title III case – as well as all civil proceedings arising in or related to that Title III case. PROMESA §§ 306(d)(3) and 308(a). Congress's use of the broad "related to" language from 28 U.S.C. § 1334(b) reflected its sound judgment to give a single judge a broad mandate "to enable [that judge] to deal efficiently and effectively with the entire universe of matters connected with" the Commonwealth's restructuring. *Boston Reg'l Med. Ctr., Inc. v. Reynolds (In re Boston Reg'l Med. Ctr., Inc.*), 410 F.3d 100, 105 (1st Cir. 2005). This approach ensures that all civil actions touching on issues that could affect the restructuring of the Commonwealth proceed before a single judge who can adjudicate and address the restructuring

---

[6] *See also Nat'l Union Fire Ins. Co. v. Titan Energy, Inc. (In re Titan Energy, Inc.)*, 837 F.2d 325, 330 (8th Cir. 1988) ("related to" subject matter jurisdiction under 28 U.S.C. § 1334(b) is construed broadly and includes a claim that "portends a mere contingent or tangential effect on a debtor's estate."); *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 868 (9th Cir. 2005) ("A bankruptcy court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy.") (internal quotations omitted); *Coen v. Stutz (In re CDC Corp.)*, 610 Fed. App'x. 918, 921 (11th Cir. 2015) (related to jurisdiction exists where "a suit could conceivably affect the bankrupt estate if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) or if it could in any way impact[] the handling and administration of the bankrupt estate. This 'related to' jurisdiction is extremely broad.") (internal quotations omitted).

case in a holistic manner. Moreover, permitting the civil proceeding to proceed before a single judge avoids the possibility of various judges making inconsistent decisions.

15. There is no question that this civil proceeding is "related to" the Commonwealth Title III Case pursuant to PROMESA § 306. In fact, Plaintiff identified the Commonwealth's Title III Case as a "related case" to this one in both the Category Sheet and Civil Cover Sheet it filed with this action. [ECF Nos. 1-1 and 1-2]. This acknowledgement, in and of itself, clearly shows this civil proceeding should be transferred to Judge Swain.

16. Finally, to avoid overlooking the obvious, if San Juan prevails in its claim that PROMESA is unconstitutional in regard to its delegation to the Oversight Board of authority to designate covered territorial instrumentalities (in connection with the Appointments Clause or the Non-Delegation Doctrine), such a ruling could have dramatic impact on the Title III Cases. Judge Swain has already ruled on the Appointments Clause issue and the Supreme Court has granted *certiorari* to review the First Circuit's reversal.[7]

17. Accordingly, pursuant to the requirements of PROMESA, this civil proceeding is related to the Title III Cases and must be transferred to Judge Swain.

---

[7] The relatedness of this civil proceeding to the Commonwealth and other Title III Cases is also demonstrated by the fact actions implicating similar issues have already been decided by Judge Swain as part of her "related to" jurisdiction. For example, as discussed below, the adversary proceeding *Rosselló Nevares* implicated issues relating to the extent of the Oversight Board's power under PROMESA Titles I and II. Judge Swain had authority to hear and decide that matter because it was at least "related to" the Title III Cases. Similarly, Judge Swain has already heard and determined cases challenging the Oversight Board under the Appointments Clause of the U.S. Constitution, U.S. Const. Art. II, § 2, Cl. 2, demonstrating that such matters are, at least, "related to" the Title III Cases. As this civil proceeding raises the same issue, it is "related to" the Commonwealth and other Title III Cases, and therefore must be transferred to Judge Swain under PROMESA § 306(d)(3). *Aurelius Inv., LLC v. Commonwealth of P.R.,* 915 F.3d 838 (1st Cir. 2019), *cert. granted,* No. 18-1334, 2019 WL 1790539 (U.S. June 20, 2019).

**II    In the Alternative, this Civil Proceeding Should be Transferred to Judge Swain Pursuant to Local Rule 3A**

18.    Local Rule 3A states in relevant part:

*[i]n the interest of justice*, consolidation of cases, recusals, or *to further the efficient performance of the business of the Court*, a judge may return a case to the clerk for reassignment, whether or not the case is related to any other case, or *may transfer the case to another judge if the receiving judge consents to the transfer*….

(emphasis added.)  For the reasons set forth below, this matter should be transferred to Judge Swain pursuant to Local Rule 3A.[8]

19.    As the Title III judge, Judge Swain has already developed significant expertise and experience relating to the facts and issues relevant to presiding over this civil proceeding.  In fact, she has already analyzed many of the issues raised in Plaintiff's Complaint.  For example, Count II of the Complaint challenges the constitutionality of PROMESA under the non-delegation doctrine.  Judge Swain has already issued at least one opinion addressing the applicability of the non-delegation doctrine to PROMESA, finding that the non-delegation doctrine does not preclude Congress from delegating its legislative authority to an entity within the territorial government, such as the Oversight Board.  *Opinion and Order Denying the Aurelius Motions to Dismiss the Title III Petition and for Relief from the Automatic Stay* [Case No. 17-bk-3283, ECF No. 3503].

20.    The same is true of Count III of the Complaint, which challenges the designation decision by the Oversight Board on the ground the Oversight Board members' appointments violated the Appointments Clause.  The constitutionality of the appointment of the Oversight Board's members has been litigated before Judge Swain and is currently before the United States

---

[8] The Oversight Board is contemporaneously filing an informative motion with Judge Swain in the Commonwealth Title III Case pursuant to Local Rule 3A(b), requesting her consent to the transfer if this motion is granted pursuant to Local Rule 3A.

9

Supreme Court which will hear argument on the matter in October 2019. *See, e.g., Union de Trabajadores de la Industria Electrica Y Riego, Inc. (UTIER) v. Puerto Rico Electric Power Authority (PREPA)*, 17-ap-228; *Assured Guar. Corp. v. Fin. Oversight & Mgmt. Bd. for P.R.*, 18-ap-087, (together, the "Appointments Clause Litigation"); *Hernandez-Montanez v. Fin. Oversight & Mgmt. Bd. for P.R.*, 18-ap-090.

21. Finally, Count I of the Complaint challenges the Oversight Board's authority to make covered territorial instrumentality designations under PROMESA § 101(d). Judge Swain has addressed other challenges to the Oversight Board's authority and purpose under PROMESA. In *Rosselló Nevares*, the Governor sued the Oversight Board seeking a ruling interpreting the Oversight Board's authority to include certain provisions in its certified fiscal plan that the Governor regarded as policy decisions.[9] Similarly, in *Rivera-Schatz*, a matter brought by the Puerto Rico Legislature, Judge Swain considered and ruled on whether the Oversight Board exceeded its authority by certifying its own budget rather than the Legislature's proposed budget.[10] In both proceedings, Judge Swain considered, and ultimately decided, complicated issues regarding the Oversight Board's purpose and authority under PROMESA. Count I of Plaintiff's Complaint similarly requires consideration of the Oversight Board's powers under

---

[9] Specifically, in *Rosselló Nevares*, Judge Swain considered whether: (i) the Oversight Board has the authority to impose policy initiatives on the Government through a certified fiscal plan and/or budget; (ii) the substantive policy mandates contained in the certified fiscal plan and rejected by the Governor are null and void; (iii) the substantive policy mandates contained in the certified budget exceed the Oversight Board's powers and are null and void; and (iv) defendants should be prohibited from implementing and enforcing the Oversight Board's rejected policy recommendations contained in the respective certified fiscal plan and budget. *See Adversary Complaint* [18-ap-080, ECF No. 1]. After a hearing on July 25, 2018, the Court issued a ruling partially dismissing certain of the Governor's claims. The Governor filed a motion for permission to file an interlocutory appeal, which was granted by the District Court. The Appeal is pending before the First Circuit.

[10] After a hearing on July 25, 2018, the Court issued a ruling dismissing all counts of the complaint [18-ap-081, ECF No. 46]. On February 22, 2019, the United States Court of Appeals for the First Circuit affirmed the dismissal. *Méndez-Núñez v. The Fin. Oversight & Mgmt. Bd. for P.R.*, 916 F.3d 98 (1st Cir. 2019).

PROMESA.

22. Finally, Plaintiff suffers no prejudice from transfer of this civil proceeding to Judge Swain—in fact, Plaintiff has appeared before Judge Swain in another matter it brought concerning PROMESA: *Autonomous Municipality of San Juan v. Financial Oversight & Management Board for Puerto Rico*, 17-cv-2009. Additionally, the Title III Cases and related adversary proceedings are underway and subject to a rigorous case management schedule, which will enable Plaintiff's claims to be adjudicated in an efficient and orderly manner.

## **CONCLUSION**

23. For all of the foregoing reasons, this civil proceeding should be transferred to Judge Swain pursuant to PROMESA § 306(d)(3) because it is "related to" the Title III Cases, as well as under Local Rule 3A because doing so would serve the interest of justice, promote judicial efficiency, and save substantial judicial effort by avoiding piecemeal and potentially conflicting rulings.

*[Remainder of Page Intentionally Left Blank]*

Respectfully Submitted,

Dated: July 1, 2019

San Juan, Puerto Rico

*/s/ Carla García Benítez*
Carla García Benítez
USDC No. 203708
carla.garcia@oneillborges.com

Hermann D. Bauer
USDC No.15205
hermann.bauer@oneillborges.com
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave.,
Suite 800 San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944


*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Timothy W. Mungovan (*pro hac vice*)
Hadassa R. Waxman (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
       tmungovan@proskauer.com
       hwaxman@proskauer.com


*/s/ Guy Brenner*
Guy Brenner (*pro hac vice*)
**PROSKAUER ROSE LLP**
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, DC 20004
Tel: (202) 416-6800
Fax: (202) 416-6899
Email: gbrenner@proskauer.com

*Attorneys for The Financial Oversight and Management Board for Puerto Rico*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the foregoing date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this matter.

>  */s/ Carla García Benítez*
>  Carla García Benítez