# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| AMBAC ASSURANCE CORPORATION<br><br>Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Respondent. | Re: ECF No. 7176 |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (*i*) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (*ii*) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (*iii*) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (*iv*) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (*v*) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**REPLY IN SUPPORT OF THE FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD'S URGENT MOTION FOR
LEAVE TO FILE A SINGLE COMBINED RESPONSE OF
NO MORE THAN 55 PAGES IN OPPOSITION TO AMBAC
ASSURANCE CORPORATION'S MOTION CONCERNING
APPLICATION OF THE AUTOMATIC STAY [ECF No. 7176] AND
<u>FINANCIAL GUARANTY INSURANCE COMPANY'S JOINDER [ECF No. 7546]</u>**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>" or "<u>FOMB</u>"), as sole representative of Debtor and Respondent the Commonwealth of Puerto Rico (the "<u>Commonwealth</u>" or the "<u>Debtor</u>") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("<u>PROMESA</u>"),[2] respectfully submits this reply in response to the *Opposition to the Urgent Motion of the Financial Oversight and Management Board for Leave to File a Single Combined Response of No More Than 55 Pages in Opposition to Ambac Assurance Corporation's Motion Concerning Application of the Automatic Stay [ECF No. 7176] and Financial Guaranty Insurance Company's Joinder [ECF No. 7546]* [ECF No. 7785] ("<u>Ambac's Opposition</u>") filed by Ambac Assurance Corporation ("<u>Ambac</u>"), and in support of the *Urgent Motion of the Financial Oversight and Management Board for Leave to File a Single Combined Response of No More Than 55 Pages in Opposition to Ambac Assurance Corporation's Motion Concerning Application of the Automatic Stay [ECF No. 7176] and Financial Guaranty Insurance Company's Joinder [ECF No. 7546]* [ECF No. 7769] (the "<u>Urgent Motion</u>").

The Urgent Motion requests the entry of an order allowing the Oversight Board to exceed the thirty-five (35) page limit set forth in the *Ninth Amended Notice, Case Management and Administrative Procedures* [ECF No. 7115-1] (the "<u>Case Management Procedures</u>") ¶ I.E and file a single combined response on July 3, 2019 of no more than fifty-five (55) pages (exclusive of the

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

cover page, the table of contents, the table of authorities, the signature page, exhibits, and the certificate of service) in opposition to (i) *Ambac Assurance Corporation's Motion and Memorandum of Law in Support of Its Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7176] (the "Motion"), filed by Ambac and (ii) *Financial Guaranty Insurance Company's Joinder in Ambac's Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7546] (the "FGIC Joinder"), filed by filed by Financial Guaranty Insurance Company ("FGIC" and together with Ambac, the "Movants").

The FOMB regrets the Court is being bothered with an issue that could have been avoided by Movants' consent.[3] As Ambac concedes, the FOMB already consented to Ambac's filing a longer reply if the FOMB is granted the extra pages it requested.

In short, the FOMB needs the additional pages to cover the issues raised by Ambac, and many issues not raised by Ambac inclusive of standing. It is disturbing that Ambac's very first argument against granting the FOMB additional pages is based on a contention Ambac knows is wrong. Ambac's response (at ¶ 2) provides Ambac's Motion "included legal briefing of all of the issues implicated by Ambac's motion, not just issues of standing and whether Ambac is a secured creditor." In fact, not only does Ambac's Motion not include the word "standing," but Ambac knows the FOMB requested Ambac to dismiss its Motion for lack of standing or provide its reason why Ambac has standing, and Ambac refused to dismiss its Motion and to provide its reason. The emails proving the foregoing were attached to the FOMB's pleading requesting that its motion to dismiss be heard at the last omnibus hearing. *See Financial Oversight and Management Board's*

---

[3] FGIC also refused to consent, but did not file an opposition to the Urgent Motion.

*Reply to Ambac Assurance Corporation's Opposition to Urgent Motion Setting Briefing Schedule in Connection With Motion to Dismiss* [ECF No. 7313] at Exhibit A.

Ambac's argument is wrong for several reasons.

First, Ambac's Motion was 35-pages only because Ambac selectively cited to the Trust Agreement, the PRIFA Enabling Act and certain statutes. As a result, the Motion provides an incomplete and misleading factual and legal background.

Second, the Motion *does not address standing*. Indeed, Ambac's failure to address its lack of standing and the bar to the Motion (and the proposed relief) created by the no-action clause was the impetus for the Oversight Board's Urgent Motion to Dismiss Ambac's Motion filed by the Oversight Board on June 6, 2019 [ECF No. 7262] (the "Motion to Dismiss"). Additionally, Ambac's Motion represents the FOMB contended Ambac's other actions were automatically stayed, but nowhere advised this Court that the other courts issued orders that such actions were automatically stayed. The Motion nowhere addresses the collateral estoppel effect of the prior determinations by the District Court for the District of Columbia and the District Court for the District of Puerto Rico that the automatic stay applies to the claims Ambac wants to pursue there, as it asks this Court to determine the automatic stay does not apply to such actions. The Oversight Board needs to address these issues in its opposition because otherwise this Court would be presiding over a collateral attack without having been advised of the facts necessary to know Ambac is prosecuting a collateral attack.

Third, the FOMB's Motion to Dismiss was 15 pages and focused on a single issue: Ambac's lack of standing under the Trust Agreement's no-action clause. This Court denied that motion without prejudice to the FOMB raising the standing issue now, which it needs extra pages to do. Apparently recognizing the merit in the Oversight Board's argument, FGIC thereafter filed

the FGIC Joinder in an obvious attempt to avoid the bar of the no-action clause by adding the bonds FGIC allegedly owns or insures to the bonds Ambac allegedly owns or insures. The Oversight Board's omnibus response must demonstrate the FGIC Joinder (which itself is improper) does not change the conclusion the no-action clause bars the Motion because the no-action clause bars bondholders, regardless of their holdings, from suing on the bonds. Ambac's Motion did not address either issue.

Accordingly, the Oversight Board respectfully requests that the Court grant this Urgent Motion and issue an order (a) granting the Oversight Board leave to file an omnibus opposition to the Motion and the FGIC Joinder not to exceed 55 pages, exclusive of the cover page, the table of contents, the table of authorities, the signature page, exhibits, and the certificate of service, (b) granting Ambac an additional 15 pages of reply, and (c) granting the Oversight Board such other and further relief as is just.

*(Remainder of page intentionally left blank)*

Dated: July 2, 2019  Respectfully submitted,

San Juan, Puerto Rico

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock*
Brian S. Rosen*
Jeffrey W. Levitan*
Ehud Barak*
Daniel S. Desatnik*
*pro hac vice*
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
 brosen@proskauer.com
 jlevitan@proskauer.com
 ebarak@proskauer.com
 ddesatnike@proskauer.com

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/Hermann D. Bauer*
Hermann D. Bauer