DPR MODIFIED PROMESA B1040 (FORM 1040) (05/17)

| **PROMESA COVER SHEET** (Instructions on Reverse) | **CASE NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** (DEBTOR, if Title III Petition; ISSUER, if Title VI Application)<br>Puerto Rico Horse Owner Association, Inc. | **DEFENDANTS**<br>Commonwealth Of Puerto Rico; Financial Oversight And Management Board For Puerto Rico; Puerto Rico Fiscal Agency And Financial Advisory Authority; Hon. Ricardo Antonio Rosselló Nevares; Christian Sobrino Vega; Hon. Francisco Parés Alicea; Natalie A. Jaresko And José Alberto Maymó Azize |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Charles A. Cuprill Hernández<br>356 Fortaleza Street (2nd Floor)<br>San Juan, P.R. 00901 | **ATTORNEYS** (If Known)<br>Luis C. Marini Biaggi, Esq.; Carolina Velaz Rivero, Esq.; Hermann Bauer, Esq.; Ubaldo M. Fernández Barrera, Esq.; Wanda Vázquez Garced, Esq. |
| **PARTY** (Check One Box Only)<br>❏ Debtor<br>❏ Creditor<br>❏ Trustee<br>❏ U.S. Trustee/Bankruptcy Admin<br>❏ Other | **PARTY** (Check One Box Only)<br>❏ Debtor<br>❏ Creditor<br>❏ Trustee<br>❏ U.S. Trustee/Bankruptcy Admin<br>❏ Other |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Declaratory relief pursuant to 28 U.S.C.§§ 2201 & 2202 that the incentives for the purchase of qualified yearlings at public sales disbursable from the Breeder and Betterment Fund under 15 L.P.R.A. §1998 aa Section is not property of the Commonwealth Estate's but of the purchases

## NATURE OF SUIT

❏ PROMESA Title III Petition ❏ PROMESA Title VI Application for Approval of Modifications
❏ Other Federal Question ❏ Adversary Proceeding ❏ Demand $ 307,300.00

*If Adversary Proceeding is checked, number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc., below:*

**FRBP 7001(1) – Recovery of Money/Property**
❏ 11-Recovery of money/property - §542 turnover of property
❏ 12-Recovery of money/property - §547 preference
❏ 13-Recovery of money/property - §548 fraudulent transfer
❏ 14-Recovery of money/property – other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
❏ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(5) – Revocation of Confirmation**
❏ 51-Revocation of confirmation

**FRBP 7001(7) – Injunctive Relief**
❏ 71-Injunctive relief - imposition of stay
❏ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
❏ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
❏ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
❏ 01-Determination of removed claim or cause

**Other**
❏ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

## TITLE III CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | CASE NO. | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

**DPR MODIFIED PROMESA B1040 (FORM 1040) (05/17)**

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) ||

THIS FORM IS TO BE USED EXCLUSIVELY FOR FILINGS RELATING TO THE PUERTO RICO OVERSIGHT MANAGEMENT AND ECONOMIC STABILITY ACT (PROMESA). FOR ADMINISTRATION PURPOSES **ONLY**, THE PUBLIC DOCKETS FOR PROMESA PROCEEDINGS UNDER TITLE III AND ADVERSARY PROCEEDINGS WILL BE MAINTAINED ON THE CASE MANAGEMENT/ELECTRONIC CASE FILING (CM/ECF) SYSTEM OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO. THESE CASES ARE UNDER THE JURISDICTION OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>　　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>　　　Debtor. | PROMESA<br>Title III<br><br>No. 17-03283-LTS |
| PUERTO RICO HORSE OWNERS ASSOCIATION, INC.<br><br>　　　Plaintiffs,<br><br>COMMONWEALTH OF PUERTO RICO; FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO; PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY; HON. RICARDO ANTONIO ROSSELLÓ NEVARES; CHRISTIAN SOBRINO VEGA; HON. FRANCISCO PARÉS ALICEA; NATALIE A. JARESKO; AND JOSÉ ALBERTO MAYMÓ AZIZE<br><br>　　　Defendants | Adversary Proceeding<br><br>No. 19- |

## ADVERSARY COMPLAINT

Plaintiff Puerto Rico Horse Owners Association, Inc. ("PRHOA") for its Adversary Complaint against defendants Commonwealth of Puerto Rico (the "Commonwealth"), the Financial Oversight and Management Board for Puerto Rico ( the "Oversight Board"), Puerto Rico Fiscal Agency and Financial Advisory ("AAFAF"), Hon. Ricardo Antonio Rosselló Nevares (the "Governor"), Christian Sobrino, Hon. Francisco Parés Alicea, Natalie A. Jaresko and José Alberto Maymó Azize (collectively the "Defendants"), alleges as follows:

## **NATURE OF ADVERSARY PROCEEDING**

1. PRHOA is a non-profit corporation organized and authorized to conduct business under the General Corporation Law of Puerto Rico, registered in the Department of State of Puerto Rico under number 321385, with offices at Camarero Racetrack, Canóvanas, Puerto Rico.

2. PRHOA is composed of 76 members with licenses as owners of thoroughbred race horses in Puerto Rico issued by the Horse Racing Industry and Sport Administration ("AIDH") enabling them to race their thoroughbreds in the official races conducted at Camarero Racetrack.

3. AIDH is the governmental agency created by Law Number 83 of July 2, 1987, 15 L.P.R.A. § 198 et. seq., as amended, known as the Puerto Rico Industry and Sport Act (the "Racing Act") which regulates everything connected with the horse racing sport in the Commonwealth. Its powers, functions and duties, are exercised trough a Racing Board (the "Board") and a Racing Administrator. 15 L.P.R.A. § 198a.

4. 15 L.P.R.A. § 198c establishes that the Board shall be integrated by five (5) persons appointed by the Governor with the advice and consent of the Senate of Puerto Rico for a term of four (4) years. The Board is empowered to regulate all matters concerning the Racing Sport. The powers of the Board are established in 15 L.P.R.A. § 198c, including to consider and resolve the petitions for review of the decisions of the Racing Administrator, the Racing Stewards or any other officer in the exercise of his or her duties and powers

2

conferred by the Racing Act, the Horse Racing Regulations or applicable orders and resolutions. (See 15 L.P.R.A. § § 198c (10)).

5. In order for the Board to make decisions and exercise its legal powers, a minimum of three (3) of its members shall be present at the particular session. 15 L.P.R.A. § 198f.

6. The Board has at the present time one member, Ilka Díaz, Esq., and is unable to exercise its functions as such due to lack of quorum in view of the failure of the Governor to comply with his ministerial duties of appointing the members of the Board required by the Racing Act to constitute quorum, notwithstanding the efforts of PRHOA and Confederación Hípica de Puerto Rico, Inc. ("Confederación"), the other corporation composed of owners of thoroughbreds race horses licensed by the AIDH, enabling them to race their thoroughbreds in the official races conducted at Camarero Racetrack.

7. José Alberto Maymó Azize is the Racing Administrator appointed by the Governor.

8. 15 L.P.R.A. § 198k establishes the powers of the Racing Administrator as the executive officer and administrative director of all racing activities in Puerto Rico, including to:

    (a) Enforce compliance of the racing laws and regulations and the orders and resolutions of the Board.

    (b) Grant, suspend temporarily, or permanently cancel the licenses of horse owners, jockeys, trainers, grooms, or any other type of license or permit connected with horse racing activities, except racetrack licenses.

9. The Racing Act establishes a Breeder and Betterment Fund for the purpose of promoting the breeding and acquisition of native thoroughbred horses and improving horse racing in Puerto Rico (the "Fund"). 15 L.P.R.A. § 198aa.

10. The Fund is funded from unclaimed or expired wagering tickets purchased by bettors entitled to the prizes relative thereto, not from funds arising from the Commonwealth's General Fund and thus not property of its Title III estate, destined to be distributed pursuant to 15 L.P.R.A. §§ 198 aa and 198v as an incentive to purchasers of native bred and foaled (born) yearlings (one year old colts and fillies) sold by the five commercial breeders authorized and licensed by the AIDH, Potrero Jorge R. Jiménez and or Equisales, Inc., Potrero Los Llanos, Inc., Haras Santa Isabel, Inc. ("Haras"), Hacienda Los Nietos, Inc. and Haras Norteña, Inc. (the "Breeders") during their yearly public sales.

11. The prizes corresponding to uncollected or expired wagering tickets that enter the Fund are for the purpose of encouraging actual and potential horse owners to acquire more and better thoroughbred race horses and are to be distributed by the Board, as established by regulatory resolution or order.

12. In the absence of the Board's ability to function for lack of quorum, the Racing Administrator on June 29, 2018 issued Administrative Order OAA4-2018-19 establishing the requirements and conditions applicable to the distributions from the Fund during 2018, in relation to its balance as of fiscal year 2017-2018, consisting of $1,600.00 for each qualified native bred yearling sold by the Breeders during their August 2018 public sales, to be paid to the purchaser thereof. 15 L.P.R.A. § § 198 (b)(38) and 198 (a)(a).

13. After the issuance of Administrative Order OAA4-2018-19, the Racing Administrator on July 31, 2018 issued a complement thereto for the distribution of the incentives from the Fund for 2018, to the purchaser of each qualified native bred yearling sold by the Breeders during their August 2018 public sales, inter alia, appointing Confederación as administrator of the Fund for the distribution of the $1,600.00 incentive to the purchaser of

4

each qualified yearling, for that purpose opening and managing a bank account in escrow in favor of the Breeders for distribution of the purchasers of the qualified yearlings therefrom.

14. With the exception of the purchasers of the qualified yearlings sold by Haras during August 2018, all other such purchasers from the other four (4) Breeders have received their $1,600.00 incentive.

15. According to the Racing Administrator, pursuant to instructions of Puerto Rico's Management and Budget Office ("OGP") and Treasury, the funds to be distributed to the purchasers of the qualified yearlings sold during August 2018 by the Breeders were obligated before Treasury on June 29, 2018, and had to be disbursed by July 31, 2018, the Racing Administrator having timely requested from Treasury the issuance of a check to each of the Breeders corresponding to the $1,600.00 incentives for the purchase of the qualified yearling sold by them, to be endorsed to Conferedración for distribution of the $1,600.00 incentive to each purchaser of a qualified yearling.

16. As indicated by the Racing Administrator, since Treasury had issued a garnishment against Haras for an alleged debt thereto, as reflected in Treasury's system, for that reason he didn't proceed to request the issuance of the $51,200.00 check corresponding to the qualified yearlings sold by Haras in August 2018, since it would have been credited to Haras' alleged debt to Treasury.

17. The Racing Administrator met with personnel from the OGP to discuss the aforesaid, being told to submit a request to the Oversight Board through OGP for authorization to issue the check in question. More than five (5) months have transpired since then without any action on the part of the Oversight Board or anyone else.

5

18. According to the Racing Administrator such a request has been pending before the Oversight Board since at least January 24, 2019, without any results to date.

19. On December 4, 2018, Haras filed a voluntary petition for relief under 11 U.S.C. Chapter 11 with the United States Bankruptcy Court for the District of Puerto Rico (the "Bankruptcy Court") in the case styled In Re Haras Santa Isabel, Inc., Case No. 18-0707077 (MCF).

20. On May 14, 2019, Haras Chapter 11 plan (the "Plan") was confirmed by the Bankruptcy Court, its controversies with Treasury having been dealt with as part of the Chapter 11 proceedings and the Plan, of which this Court can take judicial notice pursuant to Federal Rule of Evidence 201 (b)(2) and (c)(2).

21. There is no reason for not disbursing the $51,200.00 check to Haras, for its endorsement to Confederción for disbursement thereby of the $1,600.00 incentive for each qualified yearling sold during Haras' 2018 public sale to their purchasers.

22. Also on May 9, 2017, the Racing Board, then duly constituted, authorized the disbursement from the Fund of $1,300.00 for each of the 197 qualified yearlings sold by the Breeders during their 2017 public sales, to be credited to its purchase price for a total of $256,100.00, to be distributed by the Racing Administrator.

23. The 197 qualified yearlings were divided as follows:

| | |
|---|---|
| Equisales/ Potrero Jorge R. Jiménez | 35 |
| Haras Norteña, Inc. | 19 |
| Potrero Los Llanos, Inc. | 49 |
| Haras Santa Isabel, Inc. | 34 |
| Hacienda Los Nietos, Inc. | 60 |

6

24. As in the case of the incentives for the qualified yearlings sold by Haras during its public sale of 2018 and the check for $51,200.00, the $256,100.00 are also being held by the Commonwealth when neither is part of its estate in Title III and are the property of the purchasers of the qualified yearlings sold at public sales respectively sold by Haras during 2018 and all Breeders during 2017.

## THE PARTIES

25. Plaintiff PRHOA is a Puerto Rico non-profit corporation with its principal place of buisness at Camarero Racetrack, Canóvanas, Puerto Rico.

26. Defendant Commonwealth of Puerto Rico is a territory of the United States.

27. Defendant the Oversight Board was created under Section 2121 (b)(1) of Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA") 42 U.S.C. § 2101 et. seq. as an "entity within the Commonwealth government".
Id. § 2121(c)(1).

28. Defendant the Governor is the Governor of the Commonwealth. Plaintiff sues the Governor and any successors thereto, in his official capacity.

29. Defendant Christian Sobrino Vega the is the Executive Director of AAFAF and in that capacity is empowered to implement Puerto Rico's Fiscal Plans. PRHOA sues Mr. Sobrino, and any successors thereto, in his official capacity.

30. Defendant José Alberto Maymó Azize is the Racing Administrator and in that capacity is empowered to implement disbursements from the Fund. PRHOA sues Mr. Maymó and any successors thereto, in his official capacity.

31. Defendant Hon. Francisco Parés Alicea is the Secretary of the Treasury of the Commonwealth and in that capacity is empowered to implement disbursements from the Fund. PRHOA sues the Mr. Maldonado, and any successors thereto, in his official capacity.

32. Defendant Natalie A. Jaresko is the Executive Director of the Oversight Board and in that capacity is empowered to authorize disbursements from the Fund. PRHOA sues Ms. Jaresko and any successor thereto, in her official capacity.

## JURISDICTION, VENUE AND STANDING

33. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under PROMESA. In addition, this Court has jurisdiction under Section 106(a) of PROMESA, which grants jurisdiction to this Court over "any action against the Oversight Board, and any action otherwise arising out of PROMESA, in whole or in part. 48 U.S.C. § 2126(a). Further, this Court has jurisdiction under Section 306(a) of PROMESA, which grants the Court original and exclusive jurisdiction of all cases under Title III of PROMESA and original jurisdiction of all civil proceedings arising under Title III of PROMESA or arising in or related to cases under Title III of PROMESA. Id. § 2166(a)(2).

34. This Court has personal jurisdiction over all of the Defendants pursuant to Section 306(c) of PROMESA. 48 U.S.C. § 2166(c).

35. Plaintiff seeks a declaration and related relief in this case of an actual controversy pursuant to 28 U.S.C. §§ 2201 and 2202. An actual and justiciable controversy has

arisen and exists between the parties with respect to the issues and claims alleged herein.

36. This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and Section 301 of PROMESA, which provides "[t]he Federal Rules of Bankruptcy Procedure shall apply to a case under [Title III of PROMESA] and to all civil proceedings arising in or related to cases under [Title III of PROMESA]". 48 U.S.C. § 2170; Fed R. Bankr. P. 7001.

37. Venue is proper in this District under Section 307 of PROMESA. 48 U.S.C. § 2167.

38. PRHOA has standing to bring this adversary proceeding, including as party in interest in this Title III case. Some of PRHOA's members are entitled to part of the $51,200.00 incentives for their purchases at Haras' 2018 public sale of yearlings. Furthermore, some of PRHOA's members are also entitled to part of the $256,100.00 in incentives for their purchases from the Breeders of their qualified yearlings sold at public sales during 2017.

## THE COMMENCEMENT OF THE TITLE III CASE

39. On May 3, 2017, the Oversight Board commenced a proceeding on behalf of the Commonwealth under Title III of PROMESA.

## FIRST CLAIM OF RELIEF

**(For Declaratory Relief Pursuant To 28 U.S.C. §§ 2201 and 2202)**

9

40. PRHOA repeats and realleges the allegations contained in paragraphs 1 to 39 hereof, as if literally transcribed.

41. The $51,200.00 in incentives for the purchase of qualified yearlings sold at Haras' 2018 public sale, disbursable from the Fund, are not property of the Commonwealth's Title III estate but property of the purchasers of those yearlings and must be delivered by the Commonwealth and the Racing Administrator in a check to Haras to be endorsed to Confederación for disbursement by Condederación to the purchasers thereof pursuant to Administrative Order OAAH-18-19, as complemented by the Racing Administrator on July 31, 2018.

42. PRHOA is entitled to an order declaring that the filing of the Title III petition by the Commonwealth doesn't operate as a stay of the delivery and the disbursement of the $51,200.00 as indicated in paragraph 41 above.

43. PRHOA is further entitled to an order declaring that the $51,200.00 are not property of the Commonwealth's Title III estate but of the purchasers of the qualified yearlings sold at Haras' 2018 public sale.

**SECOND CLAIM OF RELIEF**

**(For Declaratory Relief Pursuant to 28 U.S.C. § § 2201 and 2202)**

44. PRHOA repeats and realleges the allegations contained in paragraphs 1 to 43 hereof, as if literally transcribed.

45. The $256,100.00 in incentives for the purchase of qualified yearlings sold by the Breeders during 2017, disbursable from the Fund are not property of the Commonwealth's Title III estate but of the purchasers of those yearlings and must be

10

delivered to the Racing Administrator for his disbursement to those purchasers pursuant to the order of the Racing Board of May 9, 2017.

46. PRHOA is entitled to an order declaring that the filing of the Title III petition by the Commonwealth doesn't operate as a stay of the delivery and the disbursement of the $256,100.00 as indicated in paragraph 45 above.

47. Plaintiff is further entitled to an order declaring that the $256,100.00 are not property of the Commonwealth's Title III estate but of the purchasers of the qualified yearlings sold by the Breeders during their 2017 public sales.

## **RELIEF DEMANDED**

WHEREFORE, PRHOA respectfully requests for the Court to enter judgment against Defendants as follows:

(a) As to the First Claim of Relief declaring that the $51,200.00 in incentives for the purchase of the qualified yearlings sold at Haras' 2018 public sale, disbursable from the Fund, are not property of the Commonwealth's Title III estate but property of the purchasers of those yearlings and must be delivered by the Commonwealth and the Racing Administrator in a check to Haras to be endorsed to Confederación for disbursement thereby to those purchasers pursuant to Administrative Order OAAH-18-19, as complemented by the Racing Administrator on July 31, 2018.

(b) As to the Second Claim of Relief declaring that the $256,100.00 in incentives for the purchase of qualified yearlings sold by the Breeders during 2017, disbursable from the Fund, are not property of the Commonwealth's Title III estate but property

11

of the purchasers of those yearlings and must be delivered to the Racing Administrator for his disbursement thereto pursuant to the order of the Racing Board of May 9, 2017.

(c) Granting such other and further relief as the Court may deem just and proper.

San Juan, Puerto Rico this 2nd day of July 2019.

                                            **s/CHARLES A. CUPRILL-HERNANDEZ**
USDC-PR 114312
Charles A. Cuprill, P.S.C., Law Offices
Counsel for PRHOA
356 Fortaleza Street - Second Floor
San Juan, PR 00901
Tel.: 787-977-0515
Fax: 787-977-0518
E-mail: ccuprill@cuprill.com