UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
|     as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO,<br>et al., | (Jointly Administered) |
|     Debtors.[1] | |

-------------------------------------------------------------x

MEMORANDUM ORDER DENYING MOTION FOR RELIEF FROM STAY FILED BY THE
ASOCIACIÓN PUERTORRIQUEÑA DE LA JUDICATURA, INC. (DOCKET ENTRY NO. 4398)

Before the Court is the *Motion for Relief from Stay* (Docket Entry No. 4398 in Case No. 17-3283, the "Motion"[2]) filed by the Asociación Puertorriqueña de la Judicatura, Inc. (the "Movant"), a membership association of active and retired judges of the judicial branch of the Commonwealth of Puerto Rico (the "Commonwealth"). Movant seeks relief from the automatic stay imposed by the filing of the above-captioned Title III case on a civil action captioned Asociación Puertorriqueña de la Judicatura, Inc. v. The Financial Oversight and Management Board for Puerto Rico, Civil No. 17-1580 (the "Litigation"), which is currently

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

pending in the United States District Court for the District of Puerto Rico (the "District Court"). The Court has carefully considered all of the parties' submissions, as well as the arguments made at the Omnibus Hearing held on June 12, 2019 (the "Hearing").[3]

For the following reasons, the Motion is denied because Movant has not demonstrated that there is "cause" to lift the automatic stay.

## BACKGROUND

On March 13, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") certified a Commonwealth fiscal plan that provided, in relevant part, for the progressive reduction of the Commonwealth's public pension systems, including the Judicial Retirement System ("JRS"), by the year 2020. (Opp. at ¶ 1.) Movant commenced the Litigation on May 3, 2017, seeking declaratory relief that the Oversight Board acted ultra vires in mandating a retroactive reduction in the pensions of the Commonwealth judiciary as part of its certified fiscal plan and asserting that any reductions to the JRS would violate both the United States and Commonwealth Constitutions, as well as Brau Linares v. E.L.A., 190 D.P.R. 315 (2014).[4] (Mot. at 4.) On the same day, the Commonwealth commenced a proceeding under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). The Litigation was automatically stayed.

---

[3] In addition to the Motion, the Court has considered the *Objection of FOMB, as Representative of the Commonwealth of Puerto Rico, to Motion for Relief from Stay Filed by Asociación Puertorriqueña de la Judicatura, Inc.* (Docket Entry No. 4797, the "Opposition"), the Movant's *Reply to Opposition of Motion for Relief From Stay* (Docket Entry No. 4845, the "Reply"), and the *Motion Supplementing APJ's Motion to Lift Stay and Submitting White Paper on Judicial Independence* (Docket Entry No. 7257).

[4] According to Movant, Brau Linares v. ELA establishes that "judicial compensation includes pensions, and that neither salaries nor pensions may be reduced retroactively." (Mot. at 7.)

After a period of extensive "good-faith negotiations" with the Oversight Board, Movant filed the instant Motion on December 4, 2018, seeking entry of an order modifying the automatic stay to allow the Litigation to proceed in the District Court. (Id. at 8.) In the Motion and during oral argument at the Hearing, Movant contended that the fundamental issue of judicial independence "precedes and even supersedes" any consideration by the Court of the factors set forth in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). (June 12, 2019 Hr'g Tr. 87:2-6, Docket Entry No. 7443.) Movant argues that, because the United States Congress specifically required that the Constitution of the Commonwealth provide for a republican form of government in Puerto Rico, which form Movant argues inherently includes a separate and independent judicial branch, Congress is the original source of power for the Commonwealth judiciary and it is therefore only Congress, and not the Oversight Board, that has the ability to alter judicial pensions.

In addition to its general arguments regarding the independence of the judiciary, Movant identifies several Sonnax factors as relevant to this Court's analysis of whether to modify the automatic stay. Movant argues that modification of the stay would result in a complete resolution of the issues presented in the underlying Litigation. (Mot. at 12.) Movant contends that judicial economy and expeditious resolution of the Litigation favor modification of the stay because the issuance of a decision by the District Court on Movant's request for declaratory relief would avoid the expenditure of "judicial resources in fruitless meetings and negotiations" and would provide the Oversight Board with a "clear directive as to what it can or cannot do regarding judicial pensions." (Id. at 12-13.) Movant also argues that the requested declaratory judgment is a pure question of law that would require little to no discovery, and that the Litigation is therefore "ready for trial." (Id. at 13.) Movant asserts that the balance of the

harms favors modification of the stay given that a certified fiscal plan provides for pension reductions and the proposed changes to JRS would lead to minimal projected savings in the Commonwealth's pension system. (Id. at 13-14.)

In its Opposition, the Oversight Board argues that Movant has failed to demonstrate that "cause" exists to modify the automatic stay. The Oversight Board generally argues that Movant improperly seeks a preemptive determination that its prepetition, unsecured pension claims cannot be impaired in a (not yet proposed) plan of adjustment while circumventing the positions of other parties in interest, and that Movant's claims are best addressed through a centralized plan confirmation and claims resolution process. (Opp. at ¶ 25.) Additionally, the Oversight Board notes that, if Movant were to succeed in its claim for declaratory relief, other creditors would be required to absorb a greater loss to allow payment in full of judicial pension claims. (Id. at ¶ 35.) Creditors would also be prejudiced if Movant's claim were heard in a separate forum and private lawsuit rather than in the context of a plan of adjustment. (Id.)

## Discussion

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990).[5] See,

---

5     The Court declines to accept Movant's invitation to isolate its principal merits issue – the contention that judicial independence is inherent in a republican form of government –

e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified in the Sonnax decision: "whether relief would result in a partial or complete resolution of the issues," "whether the action primarily involves third parties," "whether litigation in another forum would prejudice the interests of other creditors," "whether the parties are ready for trial in the other proceeding," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

        Movant has failed to demonstrate that the Sonnax criteria weigh in its favor with respect to the continuation of the Litigation. Although the Court is certainly aware of the importance of judicial independence and the burden that uncertainty about the protection of compensation places upon judges, the Court must also consider the timing and transaction costs of Movant's request in the overall context of these Title III proceedings. Many parties in interest in these proceedings claim constitutional protection of their claimed rights to payment. A judgment rendered in separate litigation concerning the judges' rights would not resolve all of the competing claims to constitutional priority and would raise additional questions as to whether the judgment binds other parties in interest at all. Thus, the relief requested would not result in a complete or partial resolution of the issues. Furthermore, the Oversight Board and Movant are the only parties to the Litigation, and no third parties are involved. Movant acknowledged at oral argument that no reduction of pensions has been implemented, and the Oversight Board has not yet filed a debt adjustment plan for the Commonwealth. The interests of judicial economy favor consideration of Movant's claim in the context of plan confirmation rather than in a separate

---

from the Sonnax factors for purposes of evaluating the propriety of relief from the automatic stay.

proceeding that would deny other creditors the chance to be heard.  Continuation of the separate Litigation would also circumvent and interfere with the claims resolution process established by the Bankruptcy Code and incorporated into PROMESA.  Additionally, modification of the stay to allow Movant to continue the Litigation against the Oversight Board would require that the Oversight Board divert its resources to defend the Litigation, to the detriment of the progress of the Title III cases.  The burden of awaiting coordinated resolution of Movant's constitutional claims does not outweigh the burden on the debtors and other creditors of separate proceedings that will not result in final resolution of interrelated issues.  Accordingly, the Court concludes that Movant has not demonstrated that there is cause for the automatic stay to be lifted to allow the recommencement of the Litigation.

## CONCLUSION

For the foregoing reasons, the Motion is denied and the automatic stay continues in place.  See 11 U.S.C. §§ 362(a) and 922(a)(1).  This Memorandum Order resolves Docket Entry No. 4398.

SO ORDERED.

Dated: July 2, 2019

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge