## Exhibit A

## Proposed Order

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND
BANKRUPTCY RULE 3007, ESTABLISHING INITIAL PROCEDURES
WITH RESPECT TO OMNIBUS CONDITIONAL OBJECTION OF THE AD
HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS TO CLAIMS
FILED OR ASSERTED BY THE PUBLIC BUILDINGS AUTHORITY,
HOLDERS OF PUBLIC BUILDINGS AUTHORITY BONDS, AND
HOLDERS OF CERTAIN COMMONWEALTH
<u>GENERAL OBLIGATION BONDS</u>**

Upon consideration of the *Renewed Motion of the Ad Hoc Group of General Obligation Bondholders, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures with Respect to Omnibus Conditional Objection Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Holders of Certain Commonwealth General Obligation Bonds* (the "<u>Motion</u>"),[2] and the exhibits attached thereto, and the Court having found and determined that: (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to Section 502 of the Bankruptcy Code as incorporated by Section 301 of PROMESA and Bankruptcy Rule 3007, as incorporated by Section 310 of PROMESA; (ii) venue is proper before this Court pursuant to PROMESA Section 307(a); (iii) due and proper notice of this Motion has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the statements and arguments made in the Motion, the relief requested in the Motion is in the best interest of the Commonwealth and its creditors; (v) any objections to the relief requested in the Motion having been withdrawn or overruled; and (vi) the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Accordingly, it is hereby ORDERED THAT:

1.　　　The relief requested in the Motion is GRANTED to the extent set forth herein.

2.　　　The GO Group is hereby authorized to proceed under Bankruptcy Rule 3007(c), as incorporated by Section 310 of PROMESA, with their Conditional Objection to the Conditionally Challenged Claims on an omnibus basis; and the filing of the Conditional Objection shall not limit the ability of the GO Group, or any other party in interest, to subsequently object to the Conditionally Challenged Claims on grounds other than those set forth in the Conditional Objection, and all other claims, counterclaims and defenses are hereby preserved.  Nor shall the filing of the Conditional Objection limit the ability of the GO Group, or any other party in interest, to subsequently object to claims other than the Conditionally Challenged Claims on any grounds.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

3.     The prosecution of the Conditional Objection shall be consolidated with the litigation of the Selective Claim Objection and the 2011 GO Bond Objection for all purposes.

4.     The Conditional Objection Notice, Conditional Objection Procedures, and form of Notice of Participation, annexed hereto as Exhibit 1, Exhibit 2, and Exhibit 3, respectively, are hereby approved.  The Conditional Objection Procedures are deemed to have been incorporated herein.

5.     The GO Group shall cause copies of the Conditional Objection Notice, Conditional Objection Procedures, and Notice of Participation to be served upon the PBA immediately upon entry of this Order.

6.     The Oversight Board, in coordination with the GO Group, shall cause Prime Clerk, within five (5) days of entry of this Order, to serve copies of the Conditional Objection Notice, Conditional Objection Procedures, and Notice of Participation upon all individuals and entities who filed proofs of claim that are reflected on Prime Clerk's database as "bond claims" against the Commonwealth.

7.     The Oversight Board, in coordination with the GO Group, shall cause Prime Clerk, immediately upon entry of this Order, to commence service of the Conditional Objection Notice, Conditional Objection Procedures, and Notice of Participation upon all individuals and entities who are beneficial holders of the GO Bonds and PBA Bonds that are affected by the Conditional Objection in the manner described in the *Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection Notice Upon Beneficial Holders of Challenged GO Bonds, annexed as Exhibit A to the Informative Motion of (I) Financial Oversight and Management Board, Acting Through the Special Claims Committee, and (II) The Official*

*Committee of Unsecured Creditors Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of Challenged GO Bonds*. [Docket No. 5049].

8.     The Oversight Board, in coordination with the GO Group, shall cause the publication of a notice, substantially in the form of the Objection Notice once in (a) *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico), (b) *Caribbean Business* in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d) *The Bond Buyer*, and (e) on the municipal bond website EMMA, https://emma.msrb.org/Home, each, except for *Caribbean Business*, within five (5) business days of the entry of this Order, and with respect to *Caribbean Business*, within fourteen (14) days of the entry of this Order, which publication notice shall be deemed, good, adequate and sufficient publication notice of the Conditional Objection and the Conditional Objection Procedures.

9.     DTC shall give notice to its Participants of the Conditional Objection Notice, Conditional Objection Procedures, and Notice of Participation by posting a copy of said Conditional Objection Notice, Conditional Objection Procedures, and Notice of Participation to its Legal Notification System in accordance with DTC's Rules and customary procedures within five (5) days of the entry of this Order.

10.     The terms of and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  _____, 2019

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

## **Exhibit 1**

### **Objection Notice**

**\* THIS NOTICE REQUIRES ACTION ON OR BEFORE [INSERT DATE THAT IS 60 DAYS
FROM DATE OF ENTRY OF ORDER GRANTING RENEWED PROCEDURES MOTION]\***

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### NOTICE OF CONDITIONAL OBJECTION OF THE AD HOC GROUP OF
### GENERAL OBLIGATION BONDHOLDERS TO CLAIMS FILED OR
### ASSERTED BY THE PUBLIC BUILDINGS AUTHORITY, HOLDERS OF
### PUBLIC BUILDINGS AUTHORITY BONDS, AND HOLDERS OF CERTAIN
### COMMONWEALTH GENERAL OBLIGATION BONDS

You are receiving this notice because you have been identified as holding one or more of the following:  (i) certain general obligation bonds issued by the Commonwealth of Puerto Rico (the "Commonwealth," and such bonds ("GO Bonds")) beginning in fiscal year 2010; (ii) bonds issued by the Puerto Rico Public Buildings Authority (the "PBA") and guaranteed by the Commonwealth ("PBA Bonds," and together with the GO Bonds, "Conditionally Challenged Bonds"); or (iii) claims against the Commonwealth relating to the Commonwealth's obligation to pay or advance rent due under certain leases with the PBA (the "PBA Leases").  A list of the CUSIP numbers for the Conditionally Challenged Bonds can be found at the bottom of this notice.

Please note that the Ad Hoc Group of General Obligation Bondholders (the "GO Group") has filed an *Omnibus Conditional Objection, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**\* THIS NOTICE REQUIRES ACTION ON OR BEFORE [INSERT DATE THAT IS 60 DAYS FROM DATE OF ENTRY OF ORDER GRANTING RENEWED PROCEDURES MOTION]\***

*Bonds* (the "<u>Conditional Objection</u>"). The Conditional Objection asserts that that if the District Court adopts certain premises of the *Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted By Holders of Certain Commonwealth General Obligation Bonds* (the "<u>Selective Claim Objection</u>"), the District Court should enter an order (i) disallowing all claims filed or asserted against the Commonwealth relating to any PBA Bonds and all claims filed or asserted against the Commonwealth relating to the Commonwealth's obligations with respect to leases entered into by the PBA (including the Commonwealth's covenant to pay or advance rent due under such leases), or failing that, (ii) disallowing all claims filed or asserted against the Commonwealth relating to certain GO Bonds issued by the Commonwealth and certain PBA Bonds issued by the PBA and guaranteed by the Commonwealth beginning in fiscal year 2010. The claims to which the GO Group conditionally objects are referred to herein as the "<u>Conditionally Challenged Claims</u>," and holders of such Conditionally Challenged Claims as "<u>Conditionally Challenged Claimholders</u>.

The full text of the Conditional Objection may be found on the Internet by using the following link: <u>https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=6099</u>.

This Conditional Objection conditionally seeks to disallow and invalidate all Conditionally Challenged Claims, including claims on GO Bonds issued by the Commonwealth beginning in fiscal year 2010 and all outstanding PBA Bonds. **Subject to applicable appellate rights, if the Court grants the Conditional Objection in whole or in part, Conditionally Challenged Claimholders' recovery on account of the Conditionally Challenged Claims will be eliminated in whole or in part, and such holders will be forever barred from asserting such claims against the Commonwealth, from voting on any plan of adjustment filed in this Title III Case, and from participating in any distribution in this Title III Case on account of such Conditionally Challenged Claims. Thus the Conditional Objection may affect your rights. As explained in the next paragraph, you have the right to file a Notice of Participation if you wish to respond to the Conditional Objection. The Notice of Participation must be filed by [INSERT DATE THAT IS 60 DAYS AFTER ENTRY OF ORDER GRANTING RENEWED PROCEDURES MOTION] (the "<u>Participation Deadline</u>").**

Please note further, that on _____, the District Court granted the GO Group's motion for approval of certain procedures with respect to such Conditional Objection (the "<u>Conditional Objection Procedures</u>"). If you intend to respond to the Conditional Objection or participate in the litigation in any way, you must follow the Conditional Objection Procedures which require, among other things, that you file with the District Court and serve by email a Notice of Participation by the Participation Deadline. A form Notice of Participation is provided herewith. **Instructions for filing the Notice of Participation with the District Court, including for those persons who are not represented by counsel are set forth at the bottom of the form of Notice of Participation.**

For those parties who filed with the District Court and served by email Notices of Participation to the Notice Parties at the addresses set forth in paragraph 8 of the Conditional Objection Procedures by the Participation Deadline, no substantive response to the Conditional

**\* THIS NOTICE REQUIRES ACTION ON OR BEFORE [INSERT DATE THAT IS 60 DAYS
FROM DATE OF ENTRY OF ORDER GRANTING RENEWED PROCEDURES MOTION]\***

Objection need be filed until a date set forth in any subsequent scheduling order entered by the
District Court.

Requests for Spanish-language versions of this Notice, Conditional Objection Procedures,
and Notice of Participation form and any questions regarding this notice should be sent in writing
to:

> Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP
> 2000 K Street, N.W., 4th Floor
> Washington, DC 20006
> Attn:  Dani Zylberberg
> NoticeofParticipation@robbinsrussell.com
> 202-775-3049

**Esta Objeción Condicional tiene el propósito de rechazar e invalidar las
reclamaciones contra los Bonos Impugnados Condicionalmente, incluyendo reclamaciones
en contra de Bonos GO emitidos por el Estado Libre Asociado comenzando en el año fiscal
2010 y todos los Bonos PBA pendientes. Si el Tribunal concede la Objeción Condicional
parcial o totalmente, sujeto a los derechos apelativos aplicables, la recuperación de estos
Bonos Impugnados Condicionalmente,  quedará eliminada total o parcialmente la
recuperación de estos Bonos Impugnados Condicionalmente y se les prohibirá por siempre
a dichos tenedores presentar tales reclamaciones en contra del Estado Libre Asociado, votar
en cualquier plan de ajuste presentado en este Caso bajo el Título III, y de participar en
cualquier distribución efectuadas en este caso bajo el Titulo III a causa de dichas
reclamaciones de los Bonos Impugnados Condicionalmente. Como se explica en el párrafo
siguiente, usted tiene el derecho de presentar un Aviso de Participación si quiere responder
a la Objeción Condicional. El Aviso de Participación tiene que presentarse en o antes
[insertar fecha que sea 60 días luego de emitida Orden concediendo la Moción sobre
Procedimientos].  Las partes que tengan preguntas o deseen recibir copia de este aviso, los
Procedimientos de Objeción, y el Aviso de Participación en español deben enviar una
solicitud por escrito a NoticeofParticipation@robbinsrusell.com.**

The CUSIP numbers of Conditionally Challenged Bonds are shown in the charts on the
following pages.

**\* THIS NOTICE REQUIRES ACTION ON OR BEFORE [INSERT DATE THAT IS 60 DAYS
FROM DATE OF ENTRY OF ORDER GRANTING RENEWED PROCEDURES MOTION]\***

### GO Bonds

| SERIES | CUSIP | | SERIES | CUSIP |
|--------|-------|---|--------|-------|
| 2007 A-4 | 74514LVT1 | | 2011 D | 74514LZD2 |
| 2007 A-4 | 74514LVU8 | | 2011 D | 74514LZE0 |
| 2009 A | 74514LVV6 | | 2011 D | 74514LZF7 |
| 2009 B | 74514LVW4 | | 2011 D | 74514LZG5 |
| 2009 B | 74514LVX2 | | 2011 D | 74514LZH3 |
| 2009 B | 74514LVY0 | | 2011 D | 74514LZJ9 |
| 2009 B | 74514LVZ7 | | 2011 E | 74514LZK6 |
| 2009 C | 74514LWA1 | | 2011 E | 74514LZL4 |
| 2011 A | 74514LWJ2 | | 2011 E | 74514LZM2 |
| 2011 A | 74514LWK9 | | 2011 E | 74514LZN0 |
| 2011 A | 74514LWL7 | | 2011 E | 74514LZP5 |
| 2011 A | 74514LWM5 | | 2011 E | 74514LZQ3 |
| 2011 A | 74514LWN3 | | | |
| 2011 A | 74514LWP8 | | | |
| 2011 A | 74514LWQ6 | | | |
| 2011 A | 74514LWR4 | | | |
| 2011 A | 74514LWS2 | | | |
| 2011 A | 74514LWT0 | | | |
| 2011 C | 74514LWX1 | | | |
| 2011 C | 74514LWY9 | | | |
| 2011 C | 74514LWZ6 | | | |
| 2011 C | 74514LXA0 | | | |
| 2011 C | 74514LXB8 | | | |
| 2011 C | 74514LXC6 | | | |
| 2011 C | 74514LXD4 | | | |
| 2011 C | 74514LXE2 | | | |
| 2011 C | 74514LXF9 | | | |
| 2011 C | 74514LXG7 | | | |
| 2011 C | 74514LXH5 | | | |
| 2011 | 74514LYW1 | | | |
| 2011 D | 74514LZA8 | | | |
| 2011 D | 74514LZB6 | | | |
| 2011 D | 74514LZC4 | | | |

**\* THIS NOTICE REQUIRES ACTION ON OR BEFORE [INSERT DATE THAT IS 60 DAYS
FROM DATE OF ENTRY OF ORDER GRANTING RENEWED PROCEDURES MOTION]\***

### PBA Bonds

| SERIES | CUSIP | | SERIES | CUSIP |
|---|---|---|---|---|
| SERIES L (1970 Bond Resolution) | 745235GJ4 | | SERIES K | 745235L82 |
| SERIES A | 745235G62 | | SERIES M-1 | 745235ZK0 |
| SERIES A | 745235G70 | | SERIES M-1 | 745235ZL8 |
| SERIES A | 745235G88 | | SERIES M-1 | 745235ZM6 |
| SERIES A | 745235G96 | | SERIES M-1 | 745235ZN4 |
| SERIES A | 745235H20 | | SERIES M-1 | 745235ZP9 |
| SERIES A | 745235H38 | | SERIES M-1 | 745235ZQ7 |
| SERIES A | 745235H46 | | SERIES M-1 | 745235ZR5 |
| SERIES D | 745235D32 | | SERIES M-1 | 745235ZS3 |
| SERIES D | 745235D40 | | SERIES M-1 | 745235ZT1 |
| SERIES D | 745235D24 | | SERIES M-2 | 745235B67 |
| SERIES D | 745235VX6 | | SERIES M-2 | 745235B75 |
| SERIES D | 745235VY4 | | SERIES M-3 | 745235J93 |
| SERIES D | 745235VZ1 | | SERIES M-3 | 745235K26 |
| SERIES F | 745235RV5 | | SERIES M-3 | 745235K34 |
| SERIES F | 745235RW3 | | SERIES M-3 | 745235K42 |
| SERIES F | 745235RX1 | | SERIES M-3 | 745235K59 |
| SERIES F | 745235RY9 | | SERIES M-3 | 745235K67 |
| SERIES F | 745235RZ6 | | SERIES N | 745235A27 |
| SERIES F | 745235SA0 | | SERIES N | 745235A35 |
| SERIES F | 745235SB8 | | SERIES N | 745235A43 |
| SERIES F | 745235SC6 | | SERIES N | 745235A50 |
| SERIES G | 745235SW2 | | SERIES N | 745235A68 |
| SERIES G | 745235SX0 | | SERIES N | 745235A76 |
| SERIES H | 745235TG6 | | SERIES N | 745235A84 |
| SERIES H | 745235TH4 | | SERIES N | 745235A92 |
| SERIES H | 745235TJ0 | | SERIES N | 745235B26 |
| SERIES H | 745235TK7 | | SERIES N | 745235B34 |
| SERIES H | 745235TL5 | | SERIES N | 745235B42 |
| SERIES I | 745235D57 | | SERIES N | 745235ZX2 |
| SERIES I | 745235D65 | | SERIES N | 745235ZY0 |
| SERIES I | 745235VR9 | | SERIES N | 745235ZZ7 |
| | | | SERIES P | 745235K75 |
| | | | SERIES P | 745235K83 |

**\* THIS NOTICE REQUIRES ACTION ON OR BEFORE [INSERT DATE THAT IS 60 DAYS FROM DATE OF ENTRY OF ORDER GRANTING RENEWED PROCEDURES MOTION]\***

| SERIES | CUSIP |
|--------|-------|
| SERIES P | 745235K91 |
| SERIES P | 745235L25 |
| SERIES P | 745235L33 |
| SERIES P | 745235L41 |
| SERIES P | 745235L58 |
| SERIES P | 745235L66 |
| SERIES P | 745235L74 |
| SERIES Q | 745235L90 |
| SERIES Q | 745235M24 |
| SERIES Q | 745235M32 |
| SERIES Q | 745235M40 |
| SERIES R | 745235M57 |
| SERIES R | 745235M65 |
| SERIES R | 745235M73 |
| SERIES R | 745235M81 |
| SERIES S | 745235M99 |
| SERIES S | 745235N23 |
| SERIES S | 745235N31 |
| SERIES S | 745235N49 |
| SERIES S | 745235N56 |
| SERIES S | 745235N64 |
| SERIES S | 745235N72 |
| SERIES S | 745235N80 |
| SERIES S | 745235N98 |
| SERIES S | 745235P21 |
| SERIES S | 745235P39 |
| SERIES S | 745235P47 |
| SERIES S | 745235P54 |
| SERIES S | 745235P62 |
| SERIES S | 745235P70 |
| SERIES S | 745235P88 |
| SERIES T | 745235Q20 |
| SERIES U | 745235R37 |
| SERIES U | 745235R52 |
| SERIES U | 745235R60 |
| SERIES U | 745235R78 |
| SERIES U | 745235R86 |
| SERIES U | 745235R94 |

| SERIES | CUSIP |
|--------|-------|
| SERIES U | 745235S28 |
| SERIES U | 745235S36 |
| SERIES U | 745235S44 |
| SERIES U | 745235S69 |

6

## **Exhibit 2**

**Objection Procedures**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | (Jointly Administered) |
| Debtors.[1] | |

**REVISED INITIAL PROCEDURES FOR RESOLVING (A) OMNIBUS OBJECTIONS OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND (II) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS FILED OR ASSERTED BY HOLDERS OF COMMONWEALTH GENERAL OBLIGATION BONDS ISSUED IN 2011, 2012 AND 2014 AND (B) OMNIBUS CONDITIONAL OBJECTION OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS TO CLAIMS FILED OR ASSERTED BY THE PUBLIC BUILDINGS AUTHORITY, HOLDERS OF PUBLIC BUILDINGS AUTHORITY BONDS, AND HOLDERS OF CERTAIN <u>COMMONWEALTH GENERAL OBLIGATION BONDS</u>**

_____, 2019

Pursuant to the Order (the "<u>Orders</u>") of the United States District Court for the District of Puerto Rico (the "<u>District Court</u>"), dated February 15, 2019, [Docket No. 5143] and ____, 2019 [Docket No.__], the following initial procedures will apply to the resolution of the (a) *Omnibus Objection of the Financial Oversight and Management Board, Acting Through its Special*

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Claims Committee, and the Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds,* dated January 14, 2019 [Docket No. 4784] (the "2012-2014 GO Bond Objection"), (b) *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain 2011 Commonwealth General Obligation Bonds* (the 2011 GO Objection), and (c) *Omnibus Conditional Objection of the Ad Hoc Group of General Obligation Bondholders to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds* (the "GO Group Conditional Objection," and together with the 2012-2014 GO Bond Objection and the 2011 GO Objection, the "GO/PBA Objections").[2]

The Financial Oversight and Management Board, acting through its Special Claims Committee, and the Official Committee of Unsecured Creditors (together, the "Objectors") filed the 2012-2014 GO Bond Objection contending *that* all claims (the "2012-2014 GO Bond Claims") that have been or may be asserted against the Commonwealth of Puerto Rico (the "Commonwealth") on account of all general obligation bonds issued by the Commonwealth in or after 2012 (the "2012-2014 GO Bonds") are invalid. Separately, the Official Committee of Unsecured Creditors filed the 2011 GO Objection contending that claims that have or may be asserted against the Commonwealth on account of certain general obligation bonds issued by the Commonwealth in 2011 (the "2011 GO Bond Claims," and together with the 2012-2014 GO Bond Claims, the "Challenged GO Bond Claims") are invalid. Holders of 2012-2014 GO Bonds and 2011 GO Bonds are hereafter referred to as "2012-2014 GO Bondholders" and "2011 GO Bondholders", respectively, and together, the "GO Bondholders."

The Ad Hoc Group of General Obligation Bondholders (the "GO Group") filed the GO Group Conditional Objection asserting that in the event the District Court adopts certain premises of 2012-2014 GO Bond Objection, the District Court should enter an order (i) disallowing all claims filed or asserted against the Commonwealth relating to any bonds issued by the Puerto Rico Public Buildings Authority (the "PBA") and guaranteed by the Commonwealth (the "PBA Bonds)" and all claims filed or asserted against the Commonwealth relating to the Commonwealth's obligations in connection with leases entered into by the PBA (the "PBA Leases") (including the Commonwealth's covenant to pay or advance rent due under such leases), or failing that, (ii) disallowing all claims filed or asserted against the Commonwealth relating to certain GO Bonds and certain PBA Bonds issued by the PBA and guaranteed by the Commonwealth beginning in fiscal year 2010.  The GO Bonds and PBA Bonds to which the GO Group conditionally objects are referred to herein as the "Conditionally Challenged Bonds," and together with the claims relating to the PBA Leases to which the GO Group conditionally objects, the "Conditionally Challenged Claims."  Holders of Conditionally Challenged Bonds are referred to herein as "Conditionally Challenged Bondholders," and together with the PBA, as "Conditionally Challenged Claimholders."

---

[2]   The full text of the GO/PBA Objections may be found on the Internet by using the following links: https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=4784; https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=7057; and https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=6099.

1.     Exclusivity of Procedures

These procedures shall be the exclusive means to participate in the litigation before the District Court of issues relating to the disallowance of Challenged GO Bond Claims and Conditionally Challenged Claims on the grounds set forth in the GO/PBA Objections.

2.     Notice of Participation

Any party in interest, including, without limitation, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (together with AAFAF, the "Title III Parties"), and any person or entity that holds a GO Bond Claim or Conditionally Challenged Claim, whether or not such person or entity is identified in Appendix I to the 2012-2014 GO Bond Objection or the 2011 GO Objection, that wishes to participate in the litigation of the GO/PBA Objections must serve by email and file a notice of its intent to participate in such litigation (a "Notice of Participation").

The Notice of Participation shall (a) indicate whether the party in interest who filed such notice (each, a "Participant") supports or opposes the Objection; (b) provide the name, address and email address of the Participant and its counsel, if any; and (c), to the extent filed by a GO Bondholder or Conditionally Challenged Bondholder, set forth (i) whether all or part of such GO Bonds or Conditionally Challenged Bonds were purchased on the secondary market, and (ii) the CUSIP numbers for such GO Bonds or Conditionally Challenged Bonds to the best of such GO Bondholder or Conditionally Challenged Bondholder's knowledge and belief, as of the date of such Notice of Participation (the "Notice Information"). The Notice of Participation shall cover all GO Bonds or Conditionally Challenged Bonds owned as of the date of such Notice of Participation or thereafter acquired by the Participant and shall not be limited to the specific CUSIP numbers listed. For the avoidance of doubt, a party in interest may submit a Notice of Participation individually and/or through an *ad hoc* group. A Notice of Participation submitted through an *ad hoc* group shall entitle each member of such *ad hoc* group to participate either individually or as part of the group, and each such member reserves the right to act individually from time to time in respect of any issue, argument, or proceeding. To the extent that an entity ceases to be a member of an *ad hoc* group that filed a Notice of Participation, such member may continue to participate in the litigation of the Objection in the same manner as a Participant that had filed a timely individual Notice of Participation; *provided however*, that such Participant will be bound by (i) any actions, arguments, statements or positions made or taken by such *ad hoc* group prior to the date on which the Participant ceased to be a member of such *ad hoc* group (the "Separation Date"), and (ii) any District Court orders applicable to members of such *ad hoc* group as of the Separation Date, in each case to the same extent, if any, that members of such *ad hoc* group would be bound by such actions, arguments, statements, positions or District Court orders. To the extent that an entity becomes a member of an *ad hoc* group after the Participation Deadline, such member shall be covered by the Notice of Participation timely filed by the *ad hoc* group, *provided* that (i) such Notice of Participation shall be updated to include the Notice Information for the new group member, and (ii) if such member did not file its own timely Notice of Participation, such member shall have obtained, pursuant to paragraph 5 below, District Court approval to participate in the litigation, individually or as a member of the *ad hoc* group, upon a showing of good cause. Participants who file Notices of Participation that support

3

the 2012-2014 GO Bond Objection or the 2011 GO Objection shall collectively constitute "Joint Objectors," and parties that oppose the relief sought in the 2012-2014 GO Bond Objection or the 2011 GO Objection shall collectively constitute the "Respondents."  Participants who file Notices of Participation that support the GO Group Conditional Objection shall collectively constitute "Joint Conditional Objectors," and parties that oppose the relief sought in the Objection shall collectively constitute the "Conditional Respondents."

Each Notice of Participation must be served by email on the "Notice Parties" identified in *paragraph* 8 below and filed electronically with the District Court pursuant to its Electronic Case Filing procedures. **Participants without counsel may file the Notice of Participation by mailing or delivering it by hand to: The Clerk of the United States District Court for the District of Puerto, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767 the clerk's office of the District Court in San Juan, Puerto Rico.**

**The deadlines to file with the District Court and serve by email a Notice of Participation for the 2012-2014 GO Bond Objection is April 16, 2019, and for the 2011 GO Bond Objection and the GO Group Conditional Objection is___(each a "Participation Deadline")**. For those parties that file with the District Court and serve by email Notices of Participation by the Participation Deadline, no substantive response to the GO/PBA Objections need be filed until a date set forth in any subsequent scheduling order entered by the District Court.

Subject to paragraph 5 below, any party that does not file a Notice of Participation will not receive notices of filings and events in the litigation and may not be allowed to substantively participate in the litigation absent permission granted by the District Court upon a showing of good cause, but may nevertheless have its rights affected *by* the outcome of the litigation. In particular, and subject to applicable appellate rights, if the District Court grants the GO/PBA Objections in whole or in part, claimants' recovery on account of the Challenged GO Bond Claims and the Conditionally Challenged Claims will be eliminated in whole or in part, and claimants will be forever barred from asserting such claims against the Commonwealth, from voting on any plan of adjustment filed in this Title III Case, and from participating in any distribution in this Title III Case on account of such claims arising from the Challenged GO Bond Claims and the Conditionally Challenged Claims. By filing a Notice of Participation, a claimant will have the opportunity to be heard on the merits of the GO/PBA Objections, will be entitled to receive notification of case events specific to the GO/PBA Objections, and will receive notice of opportunities to meet and confer with other parties concerning issues relating to the litigation of the GO/PBA Objections.

Nothing herein, nor the mere filing of a Notice of Participation by a person or entity that is not a holder of a GO Bond or a Conditionally Challenged Claim, shall operate to confer standing upon such person or entity to participate in the litigation of the GO/PBA Objections, and all rights to object to any person or entity's standing are preserved.

3.    The Initial Proposal Exchange/ Recommendation

On the date that is five (5) days after the applicable Participation Deadline, the Objectors

or the GO Group, as applicable, shall file with the District Court a list of all parties that filed Notices of Participation, their counsel, and whether such Participants are Joint Objectors or Respondents, or Joint Conditional Objectors or Conditional Respondents. Such list will be updated as necessary every thirty (30) days to reflect any late-filed or updated Notices of Participation.

On or before June__, 2019 [five business days after entry of order approving these Revised Procedures] (the "Initial Proposal Exchange Deadline"), Joint Objectors, Objectors, Respondents, the GO Group, Joint Conditional Objectors, and Conditional Respondents (individually and/or through *ad hoc* groups) will simultaneously exchange proposals (the "Initial Proposals") setting forth the procedures that will govern litigation of the GO/PBA Objections, including, without limitation, anticipated legal and factual disputes, the sequence and timing of discovery, anticipated dispositive motion practice and the timing thereof, and treatment of holders of GO Bonds or Conditionally Challenged Bonds who did not file Notices of Participation (the "Objection Litigation Procedures"). The Initial Proposals will be exchanged in the following manner: Joint Objectors, Respondents, Joint Conditional Objectors, and Conditional Respondents shall email their Initial Proposals to the Notice Parties. The Objectors will cause their Initial Proposals and all received Initial Proposals to be uploaded to the [website] (the "GO/PBA Objection Website"). The Initial Proposals will not be filed with the District Court. Parties will not be precluded from raising claims or defenses that are not included in the Initial Proposals.

During the twenty-one (21) day period following the Initial Proposal Exchange Deadline, the M&C Parties (identified in paragraph 9 below) shall meet and confer concerning the substance of the Initial Proposals in an effort to develop a joint recommendation regarding Objection Litigation Procedures for the District Court. The Objectors will convene the meet and confer session(s) and provide notice of any meeting(s) or phone conference(s) to all M&C Parties. The M&C Parties shall use reasonable efforts to develop a fully consensual recommendation with respect to Objection Litigation Procedures that also incorporates the views, if known, of Participants who are not M&C Parties.

On or before_____, 2019 [21 days after the Initial Proposal Exchange Deadline], the Objectors shall cause to be filed with the District Court a recommendation concerning the proposed Objection Litigation Procedures (the "Recommendation") and shall indicate, if known, which Participants support the *Recommendation*, and the Participants, if any, that object to such Recommendation. The Objectors shall have caused a draft of the Recommendation to have been posted to the GO Objection Website at least five (5) business days prior to filing the Recommendation; thereafter, Participants shall have four (4) business days to provide further input on the proposed Objection Litigation Procedures by emailing such comments to the Notice Parties. The Notice Parties will send any such comments received by Participants who are not M&C Parties, to the M&C Parties.

Any responses to the Recommendation must be filed with the District Court within seven (7) days of the filing of the Recommendation (the "Response Deadline"), and any replies to such responses must be filed within three (3) days following the Response Deadline (the "Reply Deadline"). Any Recommendation approved by the District Court shall be binding on all GO

Bondholders and Conditionally Challenged Claimholders, even if their applicable Participation Deadline has not yet occurred.

4.    Litigation

    A.    District Court Status Conference

The Objectors will request that the District Court hold a status conference as soon as practicable after the Reply Deadline to discuss and decide matters set forth in the Recommendation and any responses and replies thereto, including without limitation:

        (i)    the sequence and timing of any discovery;

        (ii)    the extent to which joint briefs can or should be submitted;

        (iii)    a briefing schedule; and

        (iv)    any other matter that will contribute to the fair and efficient resolution of the issues raised in the GO/PBA Objections and the Notices of Participation.

    B.    Coordination

To the extent that the District Court determines that joint briefs can and should be submitted –

    (a)    The Objectors and any Joint Objector (and the GO Group and any Joint Conditional Objector) shall cooperate in good faith in order to file joint papers with respect to the applicable GO/PBA Objections, and shall file separate papers only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

    (b)    Likewise, the Respondents (and Conditional Respondents) shall cooperate in good faith to file joint papers with respect to the litigation of the applicable GO/PBA Objections and shall file separate papers only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

With respect to discovery –

The Objectors and the Joint Objectors (and the GO Group and any Joint Conditional Objectors), on the one hand, and the Respondents (and the Conditional Respondents), on the other hand, shall use reasonable efforts to coordinate the development of discovery that is requested from the other parties and to coordinate communications concerning such discovery.

5.      Notices of Participation Submitted After the Participation Deadline

Any party that submits a Notice of Participation after the Participation Deadline, but at least thirty (30) days prior to a trial on the merits of the GO/PBA Objections, may participate in the litigation of the GO/PBA Objections by receiving notices of developments in the litigation and invitations to any meet and confer sessions among the parties to the litigation. Such party, however, shall be bound by any orders entered by the District Court (including any order granting a dispositive motion, such as a motion for summary judgment) and/or any agreements reached among the Objectors, Joint Objectors Respondents, the GO Group, Joint Conditional Objectors, and Conditional Respondents prior to the submission of such Notice of Participation regarding the conduct of the litigation, including with respect to the matters set forth in paragraph 3 above. Moreover, absent permission granted by the District Court upon a showing of good cause, any party that fails to file a Notice of Participation, or that files a Notice of Participation after the applicable Participation Deadline, shall be prohibited from filing separate pleadings, serving discovery, or being heard at any hearing on the GO/PBA Objections.

6.      No Duty

No Respondent or Conditional Respondent shall have a duty to any other Respondent or Conditional Respondent, or to any GO Bondholder or Conditionally Challenged Bondholders who does not file a Notice of Participation.

7.      Other Objections Permitted

The fact that the Objectors have objected to the Challenged GO Bond Claims shall not preclude (i) the Objectors or any party in interest from objecting to a Challenged GO Bond Claim on any basis not set forth in the 2012-2014 GO Bond Objection or the 2011 GO Objection or to any other claim asserted by the GO Bondholder unrelated to the GO Bonds or (ii) a Title III Party from asserting additional grounds for objecting to the Challenged GO Bond Claims pursuant to a Notice of Participation.  Likewise, the fact that the GO Group has conditionally objected to the Conditionally Challenged Claims shall not preclude (i) the GO Group or any party in interest from objecting to a Conditionally Challenged Claim on any basis not set forth in the GO Group Conditional Objection or to any other claim asserted by the Conditionally Challenged Claimholders unrelated to the Conditionally Challenged Claims or (ii) a Title III Party from asserting additional grounds for objecting to the Conditionally Challenged Claims pursuant to a Notice of Participation.

8.     The Following Persons are the "Notice Parties"

**BROWN RUDNICK LLP**
Attn: Edward S. Weisfelner, Esq. Angela M.
Papalaskaris, Esq.
7 Times Square
New York, NY 10036
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq.
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
sbest@brownrudnick.com

Sunni P. Beville, Esq. One Financial Center
Boston, MA 02111
sbeville@brownrudnick.com

**ESTRELLA, LLC**
Attn: Alberto Estrella, Esq. Kenneth C. Suria,
Esq.
P.O. Box 9023596
San Juan, Puerto Rico 00902-3596
agestrella@estrellallallc.com
ksuria@estrellallc.com

**PAUL HASTINGS LLP**
Attn: Luc. A. Despins, Esq. James R. Bliss,
Esq.
Nicholas A. Bassett, Esq. 200 Park Avenue
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com

**CASILLAS, SANTIAGO & TORRES LLC**
Attn: Juan J. Casillas Ayala, Esq., Diana M.
Batlle-Barasorda, Esq., Alberto J. E. Añeses
Negrón, Esq., Ericka C. Montull-Novoa, Esq.,
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

**JIMÉNEZ, GRAFFAM & LAUSELL**
J. Ramón Rivera Morales
Andrés F. Picó Ramírez
P.O. Box 366104
San Juan, PR 00936
rrivera@jgl.com
apico@jgl.com

**ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP**
Mark T. Stancil
Donald Burke
2000 K Street, N.W., 4th Floor
Washington, DC 20006
mstancil@robbinsrussell.com
dburke@robbinsrussell.com

9.        The Following Persons are the "M&C Parties"

| Party | Counsel | Local Counsel |
|---|---|---|
| Counsel for Committee of Unsecured Creditors (other than COFINA) | **PAUL HASTINGS LLP**<br>Attn: Luc. A. Despins<br>James R. Bliss<br>Nicholas A. Bassett<br>200 Park Avenue<br>New York, NY 10166<br>lucdespins@paulhastings.com<br>jamesbliss@paulhastings.com<br>nicholasbassett@paulhastings.com | **CASILLAS, SANTIAGO & TORRES LLC**<br>Attn: Juan J. Casillas Ayala,<br>Diana M. Batlle-Barasorda, Esq.,<br>Alberto J. E. Añeses Negrón, Esq.,<br>Ericka C. Montull-Novoa, Esq.,<br>El Caribe Office Building<br>53 Palmeras Street, Ste. 1601<br>San Juan, Puerto Rico 00901-2419<br>jcasillas@cstlawpr.com<br>dbatlle@cstlawpr.com<br>aaneses@cstlawpr.com<br>emontull@cstlawpr.com |
| Counsel for Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico | **PROSKAUER ROSE LLP**<br>Attn: Martin J. Bienenstock<br>Brian S. Rosen<br>Stephen L. Ratner<br>Timothy W. Mungovan<br>Eleven Times Square<br>New York, NY 10036<br>mbienenstock@proskauer.com<br>brosen@proskauer.com<br>sratner@proskauer.com<br>tmungovan@proskauer.com | **O'NEILL & BORGES LLC**<br>Attn: Hermann D. Bauer<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>hermann.bauer@oneillborges.com |
| Counsel for Financial Oversight and Management Board, acting through the Special Claims Committee | **BROWN RUDNICK LLP**<br>Attn: Edward S. Weisfelner, Esq.<br>Angela M. Papalaskaris, Esq.<br>7 Times Square<br>New York, NY 10036<br>eweisfelner@brownrudnick.com<br>apapalaskaris@brownrudnick.com<br><br>Stephen A. Best, Esq.<br>601 Thirteenth Street NW, Suite 600<br>Washington, D.C. 20005<br>sbest@brownrudnick.com<br><br>Sunni P. Beville, Esq.<br>One Financial Center<br>Boston, MA 02111<br>sbeville@brownrudnick.com | **ESTRELLA, LLC**<br>Attn: Alberto Estrella, Esq. Kenneth C. Suria, Esq.<br>P.O. Box 9023596<br>San Juan, Puerto Rico 00902-3596<br>agestrella@estrellallallc.com<br>ksuria@estrellallc.com |

| Party | Counsel | Local Counsel |
|---|---|---|
| Counsel for QTCB Noteholder Group | **BRACEWELL LLP.**<br>Attn: Kurt A. Mayr<br>David L. Lawton<br>City Place I,<br>34th Floor 185 Asylum Street<br>Hartford, CT 06103<br>kurt.mayr@bracewell.com<br>david.lawton@bracewell.com | **CORREA ACEVEDO & ABESADA LAW OFFICES, P.S.C.**<br>Attn: Roberto Abesada-Agüet<br>Sergio E. Criado<br>Centro Internacional de Mercadeo,<br>Torre II<br># 90 Carr. 165, Suite 407<br>Guaynabo, P.R. 00968<br>ra@calopsc.com<br>scriado@calopsc.com |
| Counsel for the Ad Hoc Group of Constitutional Debtholder Group | **MORRISON & FOERSTER LLP**<br>Attn: James M. Peck<br>Gary S. Lee<br>250 West 55th Street<br>New York, New York 10019<br>jpeck@mofo.com glee@mofo.com | **G. CARLO-ALTIERI LAW OFFICES, LLC**<br>Attn: Gerardo A. Carlo Kendra Loomis<br>254 San Jose St., Third Floor San Juan, Puerto Rico 00901<br>gacarlo@carlo-altierilaw.com<br>loomislegal@gmail.com |
| Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp. | **CADWALADER, WICKERSHAM & TAFT LLP**<br>Attn: Mark C. Ellenberg<br>Howard R. Hawkins, Jr.<br>Mark C. Ellenberg<br>William J. Natbony<br>Ellen M. Halstead<br>Thomas J. Curtin<br>Casey J. Servais<br>200 Liberty Street<br>New York, NY 10281<br>howard.hawkins@cwt.com<br>mark.ellenberg@cwt.com<br>bill.natbony@cwt.com<br>ellen.halstead@cwt.com<br>thomas.curtin@cwt.com<br>casey.servais@cwt.com<br><br>Mark C. Ellenberg<br>700 Sixth Street, N.W.<br>Washington, DC 20001<br>mark.ellenberg@cwt.com | **CASELLAS ALCOVER & BURGOS P.S.C**<br>Attn: Heriberto Burgos Pérez Ricardo F. Casellas-Sánchez Diana Pérez-Seda<br>P.O. Box 364924<br>San Juan, PR 00936-4924<br>hburgos@cabprlaw.com<br>rcasellas@cabprlaw.com<br>dperez@cabprlaw.com |
| Counsel for Ambac Assurance Corporation | **MILBANK, TWEED, HADLEY & MCCLOY LLP**<br>Attn: Dennis F. Dunne<br>Andrew M. Leblanc<br>Atara Miller<br>Grant R. Mainland<br>55 Hudson Yards<br>New York, NY US 10001-2163<br>ddunne@milbank.com<br>aleblanc@milbank.com<br>amiller@milbank.com<br>gmainland@milbank.com | **FERRAIUOLI LLC**<br>Attn: Roberto Cámara-Fuertes<br>Sonia Colón<br>221 Ponce de León Avenue,<br>5th Floor<br>San Juan, PR<br>00917<br>rcamara@ferraiuoli.com<br>scolon@ferraiuoli.com |

| Party | Counsel | Local Counsel |
|---|---|---|
| Counsel for Ad Hoc Group of General Obligation Bondholders | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>Attn: Andrew N. Rosenberg<br>Richard A. Rosen<br>Karen R. Zeituni<br>Walter Rieman<br>Kyle J. Kimpler<br>1285 Avenue of the Americas<br>New York, NY 10019<br>arosenberg@paulweiss.com<br>rrosen@paulweiss.com<br>wrieman@paulweiss.com<br>kzeituni@paulweiss.com<br>kkimpler@paulweiss.com<br><br>-and-<br><br>**ROBBINS, RUSSELL, ENGLERT, ORSECK,<br>UNTEREINER & SAUBER LLP**<br>Attn: Lawrence S. Robbins<br>Mark T. Stancil<br>Gary A. Orseck<br>Kathryn S. Zecca<br>Donald Burke<br>2000 K Street, N.W., 4th Floor<br>Washington, DC 20006<br>lrobbins@robbinsrussell.com<br>mstancil@robbinsrussell.com<br>gorseck@robbinsrussell.com<br>kzecca@robbinsrussell.com<br>dburke@robbinsrussell.com<br>` | **JIMÉNEZ, GRAFFAM & LAUSELL**<br>Attn: J. Ramón Rivera Morales<br>P.O. Box 366104<br>San Juan, PR 00936<br>rrivera@jgl.com |
| Counsel for National Public Finance Guarantee Corporation | **WEIL, GOTSHAL & MANGES LLP**<br>Attn: Marcia Goldstein<br>Kelly DiBlasi<br>Gabriel A. Morgan<br>Jonathan Polkes<br>Gregory Silbert<br>Jared R. Friedmann<br>767 Fifth Avenue<br>New York, New York 10153<br>marcia.goldstein@weil.com<br>kelly.diblasi@weil.com<br>gabriel.morgan@weil.com<br>jonathan.polkes@weil.com<br>gregory.silbert@weil.com<br>jared.friedman@weil.com | **ADSUAR MUÑIZ GOYCO SEDA & PÉREZ-OCHOA, PSC.**<br>Attn: Luis A. Oliver Fraticelli<br>Alexandra Casellas-Cabrera<br>Lourdes Arroyo Portela<br>208 Ponce de León Avenue,<br>Suite 1600<br>San Juan, Puerto Rico 00936<br>epo@amgprlaw.com<br>loliver@amgprlaw.com<br>acasellas@amgprlaw.com<br>larroyo@amgprlaw.com |

11

| Party | Counsel | Local Counsel |
|---|---|---|
| Counsel for The Official Committee of Retired Employees of Puerto Rico | **JENNER & BLOCK LLP**<br>Attn: Robert Gordon<br>Richard Levin<br>Carl Wedoff<br>919 3rd Ave<br>New York, NY 10022<br>rgordon@jenner.com<br>rlevin@jenner.com<br>cwedoff@jenner.com<br>Catherine Steege<br><br>Melissa Root<br>Landon Raiford<br>353 N. Clark Street<br>Chicago, IL 60654<br>csteege@jenner.com<br>mroot@jenner.com<br>lraiford@jenner.com | **BENNAZAR, GARCÍA & MILIÁN, C.S.P.**<br>Attn: A.J. Bennazar-Zequeira<br>Héctor M. Mayol Kauffmann<br>Francisco del Castillo Orozco<br>Edificio Union Plaza<br>PH-A piso 18<br>Avenida Ponce de León #416<br>Hato Rey, San Juan<br>Puerto Rico 00918<br>ajb@bennazar.org<br>hector.mayol@bennazar.org<br>francisco.delcastillo@bennazar.org |
| Counsel for the Puerto Rico Fiscal Agency and Financial Advisory Board | **O'MELVENY & MYERS LLP**<br>Attn: John J. Rapisardi<br>Suzzanne Uhland<br>7 Times Square<br>New York, NY 10036<br>jrapisardi@omm.com<br>suhland@omm.com<br><br>Peter Friedman<br>1625 Eye Street, NW<br>Washington, D.C. 20006<br>pfriedman@omm.com | **MARINI PIETRANTONI MUÑIZ LLC**<br>Attn: Luis C. Marini-Biaggi<br>Carolina Velaz-Rivero<br>MCS Plaza, Suite 500<br>255 Ponce de León Ave.<br>San Juan, Puerto Rico 00917<br>lmarini@mpmlawpr.com<br>cvelaz@mpmlawpr.com |
| Counsel for Autonomy Capital (Jersey) LP | **LATHAM & WATKINS LLP**<br>Attn: Christopher Harris<br>Adam J. Goldberg<br>Yelizaveta L. Burton<br>885 Third Avenue<br>New York, New York 10022<br>christopher.harris@lw.com<br>adam.goldberg@lw.com<br>liza.burton@lw.com<br><br>Jeffrey E. Bjork<br>355 South Grand Avenue, Suite 100<br>Los Angeles, California 90071<br>jeff.bjork@lw.com | **JIMÉNEZ, GRAFFAM & LAUSELL**<br>Attn: J. Ramón Rivera Morales<br>PO Box 366104<br>San Juan, PR 00936-6104<br>rrivera@jgl.com |

| Party | Counsel | Local Counsel |
|---|---|---|
| Counsel for Oppenheimer Funds | **KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>Attn: Thomas Moers Mayer<br>Amy Caton<br>P. Bradley O'Neill<br>Douglas Buckley<br>David Blabey<br>1177 Avenue of the Americas<br>New York, New York 10036<br>tmayer@kramerlevin.com<br>acaton@kramerlevin.com<br>boneill@kramerlevin.com<br>dbuckley@kramerlevin.com<br>dblabey@kramerlevin.com | **TORO COLÓN MULLET P.S.C.**<br>Attn: Manuel Fernández-Bared<br>Linette Figueroa-Torres<br>Jane Patricia Van Kirk<br>P.O. Box 195383<br>San Juan, PR 00919-5383<br>mfb@tcm.law<br>lft@tcm.law<br>jvankirk@tcm.law |
| Counsel for The Lawful Constitutional Debt Coalition | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Attn: Susheel Kirpalani<br>Deborah Newman<br>K. John Shaffer<br>Daniel Salinas<br>Eric Kay<br>Zachary Russell<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1603<br>susheelkirpalani@quinnemanuel.com<br>deborahnewman@quinnemanuel.com<br>johnshaffer@quinnemanuel.com<br>danielsalinas@quinnemanuel.com<br>erickay@quinnemanuel.com<br>zacharyrussell@quinnemanuel.com | **REICHARD & ESCALERA**<br>Attn: Rafael Escalera<br>Sylvia M. Arizmendi<br>Carlos R. Rivera-Ortiz<br>Gustavo A. Pabón-Rico<br>255 Ponce de León Avenue<br>MCS Plaza, 10th Floor<br>San Juan, Puerto Rico 00917-1913<br>escalera@reichardescalera.com<br>arizmendis@reichardescalera.com<br>riverac@reichardescalera.com<br>pabong@reichardescalera.com |
| Pro Se | Attn: Peter C. Hein<br>101 Central Park West, Apt. 14E<br>New York, NY 10023<br>Petercheinsr@gmail.com | |

**Exhibit 3**

**Notice of Participation**

**\*THIS NOTICE MUST BE FILED AND SERVED ON OR BEFORE [INSERT DATE THAT IS 60 DAYS AFTER ENTRY OF ORDER GRANTING RENEWED PROCEDURES MOTION]**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF PARTICIPATION IN OMNIBUS CONDITIONAL OBJECTION
OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS
TO CLAIMS FILED OR ASSERTED BY THE PUBLIC BUILDINGS
AUTHORITY, HOLDERS OF PUBLIC BUILDINGS AUTHORITY BONDS,
AND HOLDERS OF CERTAIN COMMONWEALTH
<u>GENERAL OBLIGATION BONDS</u>**

       **This Notice of Participation must be served and filed no later than [insert date that is 60 days after entry of order granting Renewed Conditional Objection Procedures Motion] in accordance with the instructions set forth at the end of this document.**

       The party identified below ("<u>Participant</u>") hereby advises the Ad Hoc Group of General Obligation Bondholders (the "<u>GO Group</u>") that it intends to participate in the litigation of the *Omnibus Conditional Objection of the Ad Hoc Group of General Obligation Bondholders to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds* dated April 1, 2019 [Docket No. _____] (the "<u>Conditional Objection</u>"), in which the GO Group asserts that that if the District Court adopts certain premises of the *Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted By Holders of Certain Commonwealth General Obligation Bonds* (the "Selective Claim Objection"), the District Court should enter an order (i) disallowing all claims filed or asserted against the Commonwealth relating to any PBA Bonds and all claims filed or asserted against the Commonwealth relating to the Commonwealth's obligations with respect to leases entered into by the PBA (including the Commonwealth's covenant to pay or advance rent due under such leases), or failing that, (ii) disallowing all claims filed or asserted against the Commonwealth relating to certain GO Bonds issued by the Commonwealth and certain PBA Bonds issued by the PBA and guaranteed by the Commonwealth beginning in fiscal year 2010.

The GO Bonds and PBA Bonds that are affected by the Conditional Objection are referred to herein as the "Conditionally Challenged Bonds," and together with the claims relating to the PBA Leases to which the GO Group conditionally objects, the "Conditionally Challenged Claims."

To ensure full participation rights in the litigation of the Conditional Objection, Participant provides all of the information requested in items 1 through 3 below:

1.    Participant's contact information, including email address, and that of its counsel, if any:

**Participant Name and Contact Information**              **Counsel Contact Information (if any)**

_____                    _____
Participant Name                                                    Firm Name (if applicable)

_____                    _____
Contact Person (if Participant is not an individual)          Contact Person

_____                    _____
Email Address                                                       Email Address

_____                    _____
Address line 1                                                      Address line 1

_____                    _____
Address line 2                                                      Address line 2

_____                    _____
City, State Zip Code                                               City, State Zip Code

_____                    _____
Country                                                             Country

2.      Participant advises that it (choose one of the following by marking "X" in the appropriate space):

         _____ intends to **support** the relief requested in the Conditional Objection (i.e., Participant believes the Court should find the Conditionally Challenged Claims are **invalid**); or

         _____ intends to **oppose** the relief requested in the Conditional Objection (i.e., Participant believes the Court should find the Conditionally Challenged Claims are **valid**)

3.      If Participant is not a holder of any Conditionally Challenged Bonds it can skip to the end of this Notice and sign.  If Participant is a holder of one or more Conditionally Challenged Bonds, Participant must respond to the following paragraphs (a) and (b) to the best of Participant's knowledge.

      (a)      Provide the CUSIP Numbers of all Conditionally Challenged Bonds held by Participant:

      (b)      Did Participant purchase any of its Conditionally Challenged Bonds in whole or in part on the secondary market?  **YES** or **NO** (please **circle one**).

By:_____
     Signature

_____
Print Name

_____
Title (if Participant is not an Individual)

_____
Date

**Instructions for Serving and Filing Notice of Participation:** This Notice of Participation must be (i) **served** by email on the Notice Parties set forth in paragraph 8 of the Conditional Objection Procedures and (ii) **filed** electronically with the District Court pursuant to its Electronic Case Filing procedures.  **If the Participant is not represented by counsel, the Participant may file a paper copy of this Notice of Participation with the District Court by delivering such Notice of Participation by mail or by hand addressed to:  The Clerk of the United States District Court**

for the District of Puerto, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767.