# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

       Debtors.[1]

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA")

       Debtor.

-------------------------------------------------------------x

|  |
|---|
| PROMESA |
| Title III |
| No. 17 BK 3283-LTS |
| (Jointly Administered) |

PROMESA
Title III

No. 17 BK 3567-LTS

**Re: ECF No. 591, 595**

**This Stipulation relates only to HTA and shall be filed in the lead Case No. 17 BK 3283-LTS and Case No. 17 BK 3567-LTS.**

## JOINT STIPULATION REGARDING THE DRA PARTIES'
## MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THEIR
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY, OR IN THE
## ALTERNATIVE, ORDERING PAYMENT OF ADEQUATE PROTECTION

To the Honorable United States District Court Judge Laura Taylor Swain:

       The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), pursuant

to the authority granted to it under the Enabling Act of the Fiscal Agency and Financial Advisory

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

Authority, Act 2-2017; the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), in its capacity as representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*, 48 U.S.C. § 2101 *et seq.* ("PROMESA"); AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties"),[2] by and through their respective attorneys, respectfully submit the following *Joint Stipulation Regarding The DRA Parties' Motion and Memorandum of Law in Support of Their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* (the "Stipulation") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), to set a briefing and hearing schedule in connection with *The DRA Parties' Motion and Memorandum of Law in Support of Their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* [ECF No. 7643] (the "Stay Motion").

WHEREAS, on June 25, 2019, the DRA Parties filed the Stay Motion and the *Notice of Hearing on the DRA Parties' Motion and Memorandum of Law in Support of Their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* [ECF No. 7646], requesting that any objections to the Stay Motion be due July 16, 2019 at 4:00 p.m. (Prevailing Eastern Time) and that the Stay Motion be heard at the July omnibus hearing on July 24, 2019.

---

[2] AAFAF, the Oversight Board, and the DRA Parties are sometimes hereinafter referred to as the "Parties" and each, a "Party".

WHEREAS, on June 26, 2019, the Court entered the *Order (i) Denying the DRA Parties'
Motion For Leave To Request Additional Relief Pursuant To Local Bankruptcy Rule 4001-1(A)
(Docket Entry No. 7647) and (ii) Setting Briefing Schedule With Respect to the DRA Parties'
Motion for Relief from the Automatic Stay* [ECF No. 7689], which set July 9, 2019 as the deadline
to object to the Stay Motion.

NOW, THEREFORE, the Parties have met and conferred regarding a briefing and hearing
schedule concerning the Stay Motion and have agreed upon the terms set forth in this Stipulation,
without prejudice to any Party to seek extensions of the deadlines set forth herein.

1.    The briefing and hearing schedule regarding the Stay Motion will be bifurcated to
first determine the DRA Parties' standing to bring the Stay Motion (the "Standing Issue").

2.    AAFAF and the FOMB will file any objection to the Stay Motion (on an individual
or joint basis), solely concerning the Standing Issue, no later than **August 16, 2019** (the "Objection
Deadline").

3.    The DRA Parties will file a response in support of the Stay Motion, solely
concerning the Standing Issue, no later than **September 2, 2019** (the "Response Deadline").

4.    AAFAF and the FOMB will file a reply (on an individual or joint basis) to the DRA
Parties' response by no later than **September 5, 2019** (the "Reply Deadline").

5.    The Court will hear argument on the Stay Motion, solely concerning the Standing
Issue, at the **September 11, 2019** omnibus hearing (the "Hearing Date").

6.    All issues concerning the underlying merits of the Stay Motion will be stayed
pending the Court's consideration and determination of the Standing Issue.  In the interim, AAFAF
and the Oversight Board will grant the DRA Parties' advisors access to the information data room

immediately upon the Parties' execution of this Stipulation to help facilitate discussions among the Parties.

7.       The DRA Parties shall be deemed to have waived solely their right to assert the termination of the automatic stay pursuant to section 362(e) of title 11 of the United States Code (the "Bankruptcy Code") with respect to the Stay Motion prior to the hearing on the Standing Issue.  The automatic stay pursuant to Bankruptcy Code section 362 shall remain in effect pending an order of the Court concerning the merits of the Stay Motion.  The DRA Parties have not and are not waiving any other rights in connection with the Stay Motion, nor are they waiving any rights, legal arguments, or positions regarding any and all other pending matters in the Commonwealth's and HTA's Title III process, or any other legal proceeding, which are hereby expressly preserved by the DRA Parties.

8.       To the extent necessary, the Parties will work collaboratively and in good faith to coordinate any document exchange or discovery, limited to such documents concerning the Standing Issue, in advance of the Objection Deadline, Response Deadline, Reply Deadline, and Hearing Date.

9.       For the avoidance of doubt, nothing herein shall affect the rights of any Party, person, or entity with respect to discovery, enforcement of said discovery, or to oppose discovery, in connection with the Stay Motion, or to seek further adjournment of the Stay Motion, or to oppose such adjournment, all of which rights are fully preserved.  In addition, all other rights of the Parties are expressly preserved and are not impaired or otherwise prejudiced by the terms set forth in the Stipulation or Proposed Order.

10.      All other rights, claims, and remedies of the Parties are expressly reserved.

11.    The Parties expressly reserve all rights to seek modification of, or relief from, this Joint Stipulation and the Order approving this Joint Stipulation.

*Remainder of page intentionally left blank*

Dated: July 2, 2019
        San Juan, Puerto Rico


Respectfully submitted,


**O'MELVENY & MYERS LLP**

/s/ Suzzanne S. Uhland
John J. Rapisardi
Suzzanne S. Uhland
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: jrapisardi@omm.com
        suhland@omm.com

-and-

Peter Friedman
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: pfriedman@omm.com


*Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory
Authority*

**MARINI PIETRANTONI MUÑIZ LLC**

/s/ Luis C. Marini-Biaggi
Luis C. Marini-Biaggi
USDC No. 222301
Carolina Velaz-Rivero
USDC No. 300913
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Tel:  (787) 705-2171
Fax:  (787) 936-7494

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*

1

Dated: July 2, 2019
       San Juan, Puerto Rico


Respectfully submitted,

/s/ Brian S. Rosen
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board for Puerto Rico, as
representative of the Commonwealth and
HTA*

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Attorney for the Financial Oversight and
Management Board for Puerto Rico, as
representative of the Commonwealth and
HTA*

Dated:  July 2, 2019
        San Juan, Puerto Rico

Respectfully submitted,

**C. CONDE & ASSOC. LAW OFFICES**
By: */s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
(USDC No. 207312)
254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel. 787-729-2900
Fax. 787-729-2203
E-Mail: condecarmen@condelaw.com

*-and-*

**ORRICK, HERRINGTON &
SUTCLIFFE LLP**
By: */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted pro hac vice)
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
E-mail: dmintz@orrick.com

-and-

Peter Amend (admitted pro hac vice)
51 West 52nd Street
New York, N.Y. 10019
Telephone: (212) 506-5000
E-mail: pamend@orrick.com

*Attorneys for Cantor-Katz Collateral Monitor
LLC, as Collateral Monitor for GDB Debt
Recovery Authority*

*-and-*

**MCCONNELL VALDÉS LLC**
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5632
Facsimile: 787-759-9225

By: */s/ Arturo J. García-Solá*
Arturo J. García-Solá
USDC No. 201903
Email: ajg@mcvpr.com

By: */s/ Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com

*Attorneys for AmeriNational Community
Services, LLC as servicer for the GDB Debt
Recovery Authority*

3

## Exhibit A

**Proposed Order**

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

--------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |

--------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| | No. 17 BK 3567-LTS |
| as representative of | **Re: ECF No. 663, 674** |
| PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA") | **This Order relates only to HTA and shall be filed in the lead Case No. 17 BK 3283-LTS and Case No. 17 BK 3567-LTS.** |
| Debtor. | |

--------------------------------------------------------------x

# ORDER APPROVING JOINT STIPULATION REGARDING THE DRA PARTIES' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RELIEF FROM THE AUTOMATIC STAY, OR IN THE ALTERNATIVE, ORDERING PAYMENT OF ADEQUATE PROTECTION

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

Upon consideration of the *Joint Stipulation Regarding The DRA Parties' Motion And Memorandum of Law in Support of Their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* (the "Stipulation"),[2] filed on July 2. 2019 by the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), pursuant to the authority granted to it under the Enabling Act of the Fiscal Agency and Financial Advisory Authority, Act 2-2017; the Financial Oversight and Management Board for Puerto Rico ("FOMB") in its capacity as representative of the Puerto Rico Highways and Transportation Authority ("HTA"); AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties"),[3] and the Court having found and determined that (i) the Court has jurisdiction over this proceeding and the Stipulation pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); (ii) venue of this proceeding and the Stipulation is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); and (iii) the Court having found good cause to grant the relief requested therein, it is

**HEREBY ORDERED THAT:**

1.      The Stipulation is **GRANTED** as set forth herein.

2.      The briefing and hearing schedule regarding the Stay Motion will be bifurcated to first consider the Standing Issue in accordance with the following deadlines:

a.      AAFAF and the FOMB will file any objections to the Stay Motion (on an individual or joint basis) solely concerning the Standing Issue, no later than **August 16, 2019** (the "Objection Deadline");

---

[2] Capitalized terms not defined herein have the same meaning as in the Stipulation.

[3] AAFAF, the Oversight Board, and the DRA Parties are sometimes hereinafter referred to as the "Parties" and each, a "Party".

      b.      The DRA Parties will file a response in support of their Stay Motion, solely concerning the Standing Issue, no later than **September 2, 2019** (the "Response Deadline");

      c.      AAFAF and the FOMB will file a reply (on an individual or joint basis) to the DRA Parties' response by no later than **September 5, 2019** (the "Reply Deadline");

      d.      The Court will hear argument on the Stay Motion, solely concerning the Standing Issue, at the **September 11, 2019** omnibus hearing (the "Hearing Date").

3.      All issues concerning the underlying merits of the Stay Motion will be stayed pending the Court's consideration and determination of the Standing Issue. In the interim, AAFAF and the FOMB will grant the DRA Parties' advisors access to the information data room immediately upon the Parties' execution of this Stipulation to help facilitate discussions among the Parties.

4.      The DRA Parties shall be deemed to have waived solely their right to assert the termination of the automatic stay pursuant to section 362(e) of title 11 of the United States Code (the "Bankruptcy Code") with respect to the Stay Motion prior to the hearing on the Standing Issue. The automatic stay pursuant to Bankruptcy Code section 362 shall remain in effect pending an order of the Court concerning the merits of the Stay Motion. The DRA Parties have not and are not waiving any other rights in connection with the Stay Motion, nor are they waiving any rights, legal arguments, or positions regarding any and all other pending matters in the Commonwealth's and HTA's Title III process, or any other legal proceeding, which are hereby expressly preserved by the DRA Parties.

5.      To the extent necessary, the Parties will work collaboratively and in good faith to coordinate any document exchange or discovery, limited to such documents concerning the

Standing Issue, in advance of the Objection Deadline, Response Deadline, Reply Deadline, and Hearing Date.

6.       For the avoidance of doubt, nothing herein shall affect the rights of any Party, person, or entity with respect to discovery, enforcement of said discovery, or to oppose discovery, in connection with the Stay Motion, or to seek further adjournment of the Stay Motion, or to oppose such adjournment, all of which rights are fully preserved.  In addition, all other rights of the Parties are expressly preserved and are not impaired or otherwise prejudiced by the terms set forth in the Stipulation or this Order.

7.       All other rights, claims, and remedies of the Parties are expressly reserved.

8.       The Parties expressly reserve all rights to seek modification of, or relief from, this Joint Stipulation and the Order approving this Joint Stipulation.

SO ORDERED.

Dated _____, 2019              _____
San Juan, Puerto Rico                    HONORABLE LAURA TAYLOR SWAIN
                                         UNITED STATES DISTRICT JUDGE

4