# EXHIBIT C

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16



Estado Libre Asociado de Puerto Rico
## Autoridad para el Financiamiento de la Infraestructura de Puerto Rico

### CERTIFICATE AS TO RESOLUTION

I, **OLGA L. ORTIZ,** Secretary of the Board of Directors Puerto Rico Infrastructure Financing Authority, **DO HEREBY CERTIFY** that attached hereto is a true and correct copy of **Resolution 2006-55** which was duly adopted by the Board of Directors of this Authority by unanimous consent on September 14, 2006. Said resolution has not been repealed, revoked, rescinded or amended, and is in full force and effect.

### RESOLUTION 2006-55

AUTHORIZING THE ISSUANCE OF $469,770,000 PUERTO RICO INFRASTRUCTURE FINANCING AUTHORITY SPECIAL TAX REVENUE BONDS, SERIES 2006, FIXING THE REDEMPTION TIMES AND PRICES FOR SAID BONDS, FIXING THE AMORTIZATION REQUIREMENTS FOR SAID BONDS, AWARDING SAID BONDS, SPECIFYING THE INTEREST RATES FOR SAID BONDS, AUTHORIZING THE EXECUTION AND DIRECTING THE AUTHENTICATION AND DELIVERY OF SAID BONDS AND THE CONTRACT OF PURCHASE RELATING THERETO, DIRECTING THE APPLICATION OF THE PROCEEDS OF SAID BONDS AND AUTHORIZING THE USE THEREOF, APPROVING THE FORM OF THE PRELIMINARY OFFICIAL STATEMENT RELATING TO SAID BONDS, AUTHORIZING THE EXECUTIVE DIRECTOR TO SIGN THE OFFICIAL STATEMENT RELATING TO SAID BONDS AND AUTHORIZING THE USE THEREOF, PERMITTING THE INCLUSION OF THE LEGAL OPINION OF BOND COUNSEL ON EACH OF SAID BONDS, AUTHORIZING THE EXECUTION AND DELIVERY OF A CONTINUING DISCLOSURE AGREEMENT RELATING TO THE BONDS, AND COVERING CERTAIN OTHER RELATED MATTERS.

**BE IT RESOLVED** by the Board of Directors of Puerto Rico Infrastructure Financing Authority (the "Authority") as follow:

**Section 1.** For the purpose of providing funds for (a) making a deposit to the credit of a special construction fund established in Section 8 below, and (b) paying certain expenses relating to the issuance thereof, the issuance of special tax revenue bonds of the Authority in the

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16

PRIFA Board of Directors
Certification as to Resolution 2006-55
Page 2 of 11
Approved on September 14, 2006

aggregate principal amount of Four Hundred Sixty-Nine Million Seven Hundred Seventy Thousand Dollars ($469,770,000) under and pursuant to the provisions of the Trust Agreement (hereinafter mentioned), is hereby authorized.

    **Section 2.** The bonds authorized by Section 1 of this Resolution (the "2006 Bonds") shall be issued under a trust agreement, dated as of October 1, 1988, as amended (the "Trust Agreement"), by and between the Authority and U. S. Bank Trust National Association, successor trustee (the "Trustee"). Said bonds shall be designated "Puerto Rico Infrastructure Financing Authority Special Tax Revenue Bonds, Series 2006", shall be dated their date of delivery and shall be issuable as registered bonds without coupons in denominations of $5,000 and any multiple thereof. $101,520,000 of such bonds shall be serial bonds maturing on July 1 in the years and in the amounts and bearing interest, as follows:

| Year of Maturity | Principal Amount | Interest Rate |
|---|---|---|
| 2010 | $4,655,000 | 4.50% |
| 2011 | 3,770,000 | 4.50 |
| 2012 | 3,940,000 | 5.00 |
| 2013 | 4,135,000 | 5.00 |
| 2014 | 4,340,000 | 5.00 |
| 2015 | 4,555,000 | 5.00 |
| 2016 | 4,785,000 | 5.00 |
| 2017 | 5,025,000 | 5.00 |
| 2018 | 5,275,000 | 5.00 |
| 2019 | 4,935,000 | 5.00 |
| 2019 | 605,000 | 4.25 |
| 2020 | 5,810,000 | 5.00 |
| 2021 | 6,105,000 | 5.00 |
| 2022 | 6,410,000 | 5.00 |
| 2023 | 6,730,000 | 5.00 |
| 2024 | 7,065,000 | 5.00 |
| 2025 | 7,415,000 | 5.00 |
| 2026 | 7,790,000 | 5.00 |
| 2027 | 8,175,000 | 5.00 |

and the remaining bonds shall be term bonds in the principal amount of $37,015,000, bearing interest at a rate of 5.00% and maturing July 1, 2031 (the "2031 Term Bonds"), term bonds in the principal amount of $71,010,000, bearing interest at a rate of 5.00% and maturing July 1, 2037 (the "2037 Term Bonds"), and term bonds in the principal amount of $260,225,000, bearing interest at a rate of 5.00% and maturing July 1, 2046 (the "2046 Term Bonds").

    Interest on the 2006 Bonds shall be payable semiannually on the 1st days of January and July in each year to maturity. The first such interest payment, representing three months' interest, shall be made on January 1, 2007. The 2006 Bonds shall be subject to the right of prior redemption, as hereinafter and in the Trust Agreement set forth, and shall be numbered R06-1 and upwards.

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16

PRIFA Board of Directors
Certification as to Resolution 2006-55
Page 3 of 11
Approved on September 14, 2006

The Amortization Requirements for the 2031 Term Bonds herein authorized, referred to and defined and subject to adjustment as provided in the Trust Agreement shall be as follows:

| Fiscal Year Ending June 30 | Amortization Requirements |
|---|---|
| 2028 | $8,590,000 |
| 2029 | 9,015,000 |
| 2030 | 9,470,000 |

The Amortization Requirements for the 2037 Term Bonds herein authorized, referred to and defined and subject to adjustment as provided in the Trust Agreement shall be as follows:

| Fiscal Year Ending June 30 | Amortization Requirements |
|---|---|
| 2032 | $10,440,000 |
| 2033 | 10,960,000 |
| 2034 | 11,510,000 |
| 2035 | 12,085,000 |
| 2036 | 12,690,000 |

The Amortization Requirements for the 2046 Term Bonds herein authorized, referred to and defined and subject to adjustment as provided in the Trust Agreement shall be as follows:

| Fiscal Year Ending June 30 | Amortization Requirements |
|---|---|
| 2038 | $17,450,000 |
| 2039 | 18,060,000 |
| 2040 | 18,535,000 |
| 2041 | 19,740,000 |
| 2042 | 17,675,000 |
| 2043 | 18,560,000 |
| 2044 | 19,485,000 |
| 2045 | 23,105,000 |

**Section 3.** The 2006 Bonds maturing on or prior to July 1, 2016 may not be redeemed, at the option of the Authority, prior to their maturity. The 2006 Bonds maturing after July 1, 2016 may be redeemed prior to their maturity, at the option of the Authority, either in whole or in part, and if in part, as directed by the Authority, on any date not earlier than July 1, 2016, from any moneys which may be provided for that purpose and deposited with the Trustee on or before the date fixed for redemption, other than moneys deposited in the Puerto Rico Infrastructure Financing Authority Special Tax Revenue Bonds Sinking Fund, a special fund established under the Trust Agreement (the "Sinking Fund"), in respect of an Amortization Requirement. Any such redemption may be made upon at least thirty (30) days' prior notice as provided in the Trust Agreement, at the principal amount of the bonds to be redeemed, together with the interest

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16

PRIFA Board of Directors
Certification as to Resolution 2006-55
Page 4 of 11
Approved on September 14, 2006

accrued thereon to the date fixed for redemption, without premium; provided, however, that the 2031 Term Bonds shall be redeemed in part from moneys in the Redemption Account of the Sinking Fund, at par plus accrued interest, without premium, beginning July 1, 2028, and on each July 1 thereafter in the principal amount of the respective Amortization Requirements therefor set out in Section 2 of this Resolution, the 2037 Term Bonds shall be redeemed in part from moneys in the Redemption Account of the Sinking Fund, at par plus accrued interest, without premium, beginning July 1, 2032, and on each July 1 thereafter in the principal amount of the respective Amortization Requirements therefor set out in Section 2 of this Resolution, and the 2046 Term Bonds shall be redeemed in part from moneys in the Redemption Account of the Sinking Fund, at par plus accrued interest, without premium, beginning July 1, 2038, and on each July 1 thereafter in the principal amount of the respective Amortization Requirements therefore set out in Section 2 of this Resolution.

Any redemption described in this Section 3 shall be made in the manner and under the terms and conditions provided in the Trust Agreement.

**Section 4.** The bonds authorized by the provisions of this Resolution shall be executed in the form attached hereto as Exhibit No. 4 and in the manner provided in the Trust Agreement. Said bonds and the certificate of authentication by the Trustee shall be, respectively, substantially in the form attached hereto as Exhibit No. 4.

**Section 5.** (a) The proposal submitted by UBS Securities, LLC, (the "Representative") acting on behalf of itself and each of the other underwriters mentioned in the Contract of Purchase, dated September 14, 2006 (herein collectively called the "Underwriters"), in the form of said Contract of Purchase, presented at this meeting, filed with the Secretary and marked Exhibit No. 1 to this Resolution, offering to purchase the 2006 Bonds, at the aggregate purchase price of $481,371,320.10 (representing the par amount of the 2006 Bonds plus a net original issue premium in the amount of $14,587,337.00 and less an underwriters' discount in the amount of $2,986,016.90), without accrued interest (said Contract of Purchase being herein called the "Contract of Purchase"), is hereby accepted and said bonds are hereby awarded to the Underwriters at said prices, respectively upon the terms and conditions set forth in the Contract of Purchase.

(b) The Executive Director (as defined in the Trust Agreement) of the Authority or any Vice President of Government Development Bank for Puerto Rico ("GDB"), statutory agent for the Authority, is hereby authorized and directed, in the name of and on behalf of the Authority, to execute and deliver said Contract of Purchase in the form presented to this meeting, with such changes, insertions and omissions as may be approved by the person executing said Contract of Purchase, his execution of said Contract of Purchase to be conclusive evidence of his approval of any such changes, insertions and omissions.

**Section 6.** The Executive Director of the Authority is hereby authorized and directed to cause the 2006 Bonds to be signed with his facsimile signature and the Secretary is hereby authorized and directed to cause a facsimile of the corporate seal of the Authority to be imprinted on each of said bonds and attested with a facsimile of his signature. After such execution, said bonds shall be delivered to the Trustee for authentication, and said Trustee is hereby authorized and directed to authenticate and deliver said bonds to or upon the order of the Underwriters upon

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16

Case:17-03283-LTS Doc#:7827-3 Filed:07/03/19 Entered:07/03/19 15:10:52 Desc:
Exhibit C - 2006 Resolution Page 6 of 12

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16

payment therefor in accordance with and subject to the provisions of Section 208 or 209 of the Trust Agreement, as the case may be.

**Section 7.** (a) The proceeds of the 2006 Bonds shall be applied by the Trustee as follows:

A. such amount as may be specified in a certificate of the Executive Director filed with the Trustee prior to the delivery of the 2006 Bonds shall be paid to GDB for the payment of expenses incident to the financing described herein; and

B. the balance, if any, of said proceeds shall be deposited to the credit of the special construction fund established in Section 8 of this Resolution.

In the event the amount initially paid to GDB pursuant to paragraph A. is insufficient to pay all expenses incident to the financing, the Executive Director will pay, or to cause to be paid, to GDB from the Puerto Rico Infrastructure Fund established pursuant to the Act such additional amount as will be sufficient to pay such expenses. In the event any proceeds remain after the payment of such expenses, GDB is hereby directed to pay such remaining amount to the Authority for deposit to the credit of said special construction fund.

(b) Of the amount deposited pursuant to paragraph B, $58,435,537.99 is hereby irrevocably set aside for the purpose of paying a portion of the interest on the 2006 Bonds through July 1, 2009.

**Section 8.** (a) A special construction fund to the credit of which such amount as is specified in Section 7(a)B of this Resolution (together with any additional amounts as set forth in said Section 7) shall be deposited is hereby created and designated "Puerto Rico Infrastructure Financing Authority Series 2006 Special Tax Revenue Bonds Construction Fund". There may at the option of the Authority also be deposited to the credit of said Construction Fund moneys received from any other source for paying any portion of the cost of any Improvements (hereinafter mentioned). One or more separate accounts may be created in said Construction Fund for use for specified projects.

The moneys in said Construction Fund shall be held by a Qualified Depositary (as defined in the Trust Agreement) and shall be applied to the payment of the cost of any Improvements and to pay interest on the bonds authorized by this Resolution on the respective dates set forth in Section 7 and pending such application shall be continuously invested and reinvested, at the written direction of the Authority, in Investment Obligations (as defined in the Trust Agreement) that shall mature, or that shall be subject to redemption by the holder thereof at the option of such holder, not later than the respective dates when moneys held for the credit of said Construction Fund will be required for the purposes intended.

(b) Payment of the cost of any Improvements shall be made from said Construction Fund as herein provided. Moneys in said Construction Fund shall be disbursed by check, voucher, order, draft, certificate or warrant signed by the Executive Director or by an officer or employee of the Authority designated by him for such purpose.

PRIFA Board of Directors
Certification as to Resolution 2006-55
Page 6 of 11
Approved on September 14, 2006

(c) For the purposes of this Section, the cost of any Improvements shall embrace the cost of acquisition or construction and equipment and all other items of cost incident to such acquisition and construction and equipment and the financing thereof, and shall include, without intending thereby to limit or restrict any proper definition of such cost under any provisions of law, the following:

(i) obligations incurred for labor and materials and to contractors, builders and materialmen in connection with the construction of any Improvements;

(ii) the cost of acquiring by purchase, if such purchase shall be deemed expedient, and the amount of any award or final judgment in or any settlement or compromise of any proceeding to acquire by condemnation, such property, lands, rights, rights of way, franchises, easements and other interests in land constituting a part of, or as may be deemed necessary or convenient for the construction of any Improvements, options and partial payments thereon, the cost of filling, draining or improving any lands so acquired, and the amount of any damages incident to or consequent upon the construction of any Improvements;

(iii) legal expenses and fees, fees and expenses of consultants, financing charges, taxes or other municipal or governmental charges lawfully levied or assessed during construction upon any Improvements, and premiums on insurance in connection with any Improvements during construction;

(iv) fees and expenses of architects or engineers for making studies, surveys and testing, for preparing plans and specifications and supervising construction, as well as for the performance of all other duties of architects or engineers in relation to the construction of any Improvements;

(v) expenses of administration properly chargeable to any Improvements and all other items of expense not elsewhere in this Section specified, incident to the acquisition or construction and equipment of any Improvements; and

(vi) interest on the bonds authorized by the provisions of this Resolution prior to and during construction of the Improvements financed by such bonds and for such period after completion of such construction as the Authority may determine, if then permitted by law.

(d) For purposes of this Section, the term "Improvements" shall mean such projects as shall be set forth in Schedule A hereto.

(e) Upon the issuance of the 2006 Bonds, the Authority may apply such portion of the amount specified in the last paragraph of Section 7(a) to the cost of any Improvements as will not cause the Principal and Interest Requirements on all Bonds then Outstanding under the Trust

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16

PRIFA Board of Directors
Certification as to Resolution 2006-55
Page 7 of 11
Approved on September 14, 2006

Agreement to exceed the Pledged Revenues (or such lesser amount as the Authority shall determine) in any fiscal year of the Authority.

**Section 9.** The Preliminary Official Statement, dated September 8, 2006, of the Authority relating to the Puerto Rico Infrastructure Financing Authority Special Tax Revenue Bonds, Series 2006, is hereby approved in the form presented at this meeting filed with the Secretary and marked Exhibit No. 2 to this Resolution, and the distribution of said Preliminary Official Statement by the Underwriters in connection with the offering of said bonds is hereby in all respects ratified, confirmed and approved.

**Section 10.** The Executive Director is hereby authorized to sign and deliver an Official Statement, in the form of the Preliminary Official Statement, with such appropriate changes, insertions and revisions as may be approved by the Executive Director, his signing of said Official Statement to be conclusive evidence of his approval of such changes, insertions and omissions, and the Underwriters to which said bonds are awarded are hereby authorized to use said Official Statement in connection with the offering and sale of said bonds.

**Section 11.** A continuing disclosure agreement relating to the bonds authorized in this Resolution, executed by the Authority and the Secretary of the Treasury of Puerto Rico (the "CD Agreement"), is hereby approved in the form presented to this meeting, filed with the Secretary and marked as Exhibit No. 3 to this Resolution, with such appropriate changes, insertions and omissions as may be approved by the Executive Director or any person authorized to act on his behalf pursuant to the bylaws of the Authority; the Executive Director or any such person is hereby authorized to execute and deliver the CD Agreement on behalf of the Authority, his execution to be conclusive evidence of his approval of such changes, insertions and omissions.

**Section 12.** If any series of bonds authorized by this Resolution shall no longer be held by a securities depository, there shall be included on each of the bonds of such series, the legal opinion of Winston & Strawn LLP, New York, New York, bond counsel, respecting the validity of such bonds and, immediately following such legal opinion, a certificate executed with the facsimile signature of the Executive Director, said certificate to be in substantially the following form:

> "I HEREBY CERTIFY that the foregoing is a true and correct copy of the legal opinion upon the bonds therein described which was manually signed by Winston & Strawn LLP, New York, New York, and was dated the date of delivery of and payment for the bonds therein described.
>
> [Facsimile Signature]
> Executive Director, Puerto Rico
> Infrastructure Financing Authority".

**Section 13.** The following financial institutions are each designated a "Qualified Depositary" under the terms of and for the purposes provided in the Trust Agreement:

U.S. Bank Trust National Association
Government Development Bank for Puerto Rico

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16

PRIFA Board of Directors
Certification as to Resolution 2006-55
Page 8 of 11
Approved on September 14, 2006

**Section 14.** The Authority covenants that it will comply, to the extent permitted by Constitution and laws of the Commonwealth of Puerto Rico, with the provisions of the Internal Revenue Code of 1986, as amended, so that interest on the Bonds and the Bonds will remain exempt from existing Federal income taxes to which it is not subject on the respective dates of the issuance of such Bonds.

**Section 15.** In accordance with the requirements of Rule 15c2-12, as amended (the "Rule"), promulgated by the Securities and Exchange Commission (the "Commission"), the Authority covenants for the benefit of the persons who from time to time are the owners of the Bonds for federal income tax purposes (the "beneficial owners"):

(A) to file within 305 days after the end of each fiscal year, beginning after its 2006 fiscal year, with each nationally recognized municipal securities information repository and to any Commonwealth state information depository, certain financial information for the prior fiscal year, including (i) the Authority's audited financial statements, prepared in accordance with generally accepted accounting principles in effect from time to time, and (ii) material historical quantitative data (including financial information and operating data) relating to the federal excise taxes and special tax revenues and rum consumption generally found in the Official Statement; and

(B) to file in a timely manner, with each nationally recognized municipal securities information repository or with the Municipal Securities Rulemaking Board, and with any Commonwealth state information depository, notice of any failure of the Authority to comply with the requirements of paragraph (A) above and of any of the following events with respect to the Bonds, if material:

    (i)     principal and interest payment delinquencies;

    (ii)     non-payment related defaults;

    (iii)     unscheduled draws on debt service reserves reflecting financial difficulties;

    (iv)     unscheduled draws on credit enhancements reflecting financial difficulties;

    (v)     substitution of credit or liquidity providers, or their failure to perform;

    (vi)     adverse opinions or events, affecting the exclusion from gross income for Federal income tax purposes of interest on the bonds authorized by this Resolution;

    (vii)     modifications to rights of security holders;

    (viii)     Bond calls;

    (ix)     defeasances;

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16

PRIFA Board of Directors
Certification as to Resolution 2006-55
Page 9 of 11
Approved on September 14, 2006

    (x)    release, substitution, or sale of property securing repayment of the bonds authorized by this Resolution; and

    (xi)    rating changes.

The Authority does not undertake to provide any notice with respect to credit enhancement added after the primary offering of the bonds authorized by this Resolution, unless the Authority applies for or participates in obtaining the enhancement.

The Authority may from time to time choose to provide notice of the occurrence of certain other events in addition to those listed above if, in the judgment of the Authority, such other events are material with respect to the bonds authorized by this Resolution, but the Authority does not undertake to provide any such notice of the occurrence of any material event except those events listed above.

(b) No beneficial owner may institute any suit, action or proceeding at law or in equity ("Proceeding") for the enforcement of any covenant in paragraph (a) of this Section ("Authority Covenant") or for any remedy for breach thereof, unless such owner shall have filed with the Authority written notice of and request to cure such breach, and the Authority shall have refused to comply within a reasonable time. All Proceedings shall be instituted only as specified herein, in any Commonwealth court located in the Municipality of San Juan, and for the equal benefit of all beneficial owners of the outstanding bonds authorized by this Resolution benefited by the same or a substantially similar covenant, and no remedy shall be sought or granted other than specific performance of the Authority Covenant at issue. Notwithstanding the foregoing, no challenge to the adequacy of the information provided in accordance with the filings mentioned in said paragraph (a) may be prosecuted by any beneficial owner except in compliance with the remedial and enforcement provisions of Article VII of the Agreement.

(c) Any amendment to this Section may only take effect if:

(1) the amendment is made in connection with a change in circumstances that arises from a change in legal requirements, change in law, or change in the identity, nature, or status of the Authority, or type of business conducted; this Section, as amended, would have complied with the requirements of the Rule at the time of award of the bonds authorized by this Resolution, after taking into account any amendments or interpretations of the Rule, as well as any change in circumstances; and the amendment does not materially impair the interests of beneficial owners, as determined by parties unaffiliated with the Authority (such as, but without limitation, the Authority's financial advisor or bond counsel); or

(2) all or any part of the Rule, as interpreted by the staff of the Commission at the date of the adoption of this resolution, ceases to be in effect for any reason, and the Authority elects that this Section shall be deemed amended accordingly.

The Authority further agrees in conjunction with any such amendment that the annual financial information containing the amended operating data or financial information will explain, in narrative form, the reasons for the amendment and the impact of the change in the type of operating data or financial information being provided.



confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16

PRIFA Board of Directors
Certification as to Resolution 2006-55
Page 10 of 11
Approved on September 14, 2006

    (d)    Any assertion of beneficial ownership must be filed, with full documentary support, as part of the written request described in paragraph (b) hereof.

**Section 16.**    The officers and agents of the Authority and the officers and agents of the Trustee are hereby authorized and directed to do all acts and things required of them by the provisions of said bonds, the Trust Agreement, the CD Agreement and said Contract of Purchase and to do all acts and things, including the execution and delivery of such other documents, for the full, punctual and complete performance of all the terms, covenants, provisions and agreements under the bonds, the Trust Agreement, the CD Agreement and said Contract of Purchase and also to do all acts and things required of them by the provisions of this Resolution.

    The provisions of this Resolution shall become effective immediately upon its adoption.

    **IN WITNESS WHEREOF I SET** my hand and the corporate seal of Puerto Rico Infrastructure Financing Authority, this 28th day of September, 2006.

                                                             */s/ Olga L. Ortiz*
                                                             **OLGA L. ORTIZ**
                                                             **SECRETARY**

(SEAL)

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16

PRIFA Board of Directors
Certification as to Resolution 2006-55
Page 11 of 11
Approved on September 14, 2006

**SCHEDULE A**

**List of Projects Financed in whole or in part by Special Tax Revenue Bonds, Series 2006**

| |
|---|
| Facilities for XXI Central American and Caribbean Games in 2010, including athletic parks and fields and stadia, improvements to coliseums and sports complexes, swimming and tennis facilities, judging facilities, to be located in the host municipality of Mayaguez and various other municipalities |
| Public School Improvements |
| Healthcare Facilities-construction of trauma center at the Mayaguez Medical Center, various improvements to the Centro Medico Hospital and engineering and design of new Health Department Building |
| Road and Highway Improvements, including connectors, extensions |
| Solid Waste Disposal Facilities, including planning and design for landfill expansions and waste to energy plant and transfer facility and improvements to materials recovery facility |
| Correctional Facilities Project |
| Public Transportation in San Juan, including planning and design work for public transportation system, for an extension of Tren Urbano and for various pedestrian connections and vehicular transit connections in the San Juan metropolitan area |
| River improvement projects, including dikes and floodwalls to protect towns, communities |
| Reserves, Refuges and Forest Improvements Projects, including sanitary system improvements, road improvements, electrical system and utility improvements |
| Various Municipal Works projects, including rehabilitation of urban and rural centers, engineering and design for plan for development of San Juan waterfront and Puerta de Tierra community, road and highway improvements |
| Land Acquisition for Knowledge and Incubator Corridor led by the University of Puerto Rico |
| Improvements to the Municipality of Humacao Fine Arts Center |
| Improvements to the Quebradillas Coliseum and to the Naranjitos Coliseum used for sports and recreation |
| Construction of new symphony hall for Puerto Rico Symphonic Orchestra |

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:16