# EXHIBIT E

§ 1901 Propósito, 3 L.P.R.A. § 1901

3 L.P.R.A. § 1901

LEYES DE PUERTO RICO ANOTADAS Currentness
 TÍTULO 3. PODER EJECUTIVO
 CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
  **§ 1901 Propósito**

3 L.P.R.A. § 1901

La construcción, rehabilitación, adquisición, reparación, preservación y reemplazo de la infraestructura en el Estado Libre Asociado o de partes de ella es esencial para el bienestar general. Se reconoce que ocasionalmente urge que el Estado Libre Asociado preste ayuda financiera, administrativa u otra asistencia a corporaciones públicas e instrumentalidades del Estado Libre Asociado para permitirles cumplir con su fin público de proveer, preservar, operar, mantener, reparar, reemplazar y mejorar partes de la infraestructura de Puerto Rico. Se declara que el pueblo de Puerto Rico se beneficiará al proveerse una alternativa para el financiamiento de las necesidades de nuestra infraestructura. Es necesario que se establezcan inmediatamente un Fondo Rotatorio de Control de la Contaminación del Agua y un Fondo Rotatorio Estatal de Agua Potable y las normas y disposiciones esenciales para la administración de dichos Fondos de manera que el Estado Libre Asociado pueda beneficiarse del programa federal de donativos de capitalización establecido por el Título VI de la Ley Federal de Agua Limpia, según enmendada, y el Título I de la Ley Federal de Agua Potable, según enmendada, o cualquier otra legislación o regulación federal similar o relacionada. La Asamblea Legislativa de Puerto Rico tiene la firme intención de adoptar las medidas necesarias y convenientes para satisfacer las necesidades y propósitos antes mencionados, y para lograrlo crea la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico como una corporación pública e instrumentalidad del Estado Libre Asociado que es un cuerpo corporativo y político independiente, y establece el Fondo Rotatorio de Control de la Contaminación del Agua y el Fondo Rotatorio Estatal de Agua Potable.

-Junio 21, 1988, Núm. 44, p. 192, art. 2; Julio 7, 1997, Núm. 32, sec. 1.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Transferencias.
El art. 1 de la Ley de Agosto 18, 1994, Núm. 88, adscribió la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico, creada por la Ley de Junio 21, 1988, Núm. 44, secs. 1901 a 1920 de este título, al Banco Gubernamental de Fomento, que fue creado por la Ley de Septiembre 23, 1948, Núm. 17, según enmendada, codificada bajo las secs. 551 a 606 del Título 7.

Referencias en el texto.
La Ley Federal de Agua Potable, mencionada en en el texto es la Ley de Diciembre 16, 1974, P.L. 93-523, 88 Stat. 1660, codificada bajo 42 USCS §§ 300f et seq., conocida como Safe Drinking Water Act.

El Título VI de la Ley Federal de Agua Limpia, según enmendada, mencionada en el texto, es la Ley de Febrero 4, 1987, Ley Pública Núm. 100-4, T. II, 101 Stat. 22; 33 USCS §§ 1381 et seq. Enmiendas **-1997.**

La ley de 1997 añadió las referencias al Fondo Rotatorio Estatal de Agua Potable en dos lugares y a la Ley Federal de Agua Potable. Exposición de motivos.

Véase Leyes de Puerto Rico de:

§ 1901 Propósito, 3 L.P.R.A. § 1901

Junio 21, 1988, Núm. 44.

Julio 7, 1997, Núm. 32.

Título.
El art. 1 de la Ley de Junio 21, 1988, Núm. 44, p. 192, dispone:

'Esta Ley [este capítulo] se conocerá como 'Ley de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico'.'

Cláusula derogatoria.
La sec. 7 de la Ley de Julio 7, 1997, Núm. 32, dispone: 'Cualquier disposición de ley o porción de ley que contravenga lo aquí dispuesto, queda por la presente derogada'.

3 L.P.R.A. § 1901, PRS ST T. 3 § 1901

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

3 L.P.R.A. § 1902

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
    CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
      **§ 1902 Definiciones**

3 L.P.R.A. § 1902

Las siguientes palabras y términos, cuando sean usados o se haga referencia a los mismos en este capítulo, tendrán los significados que se indican a continuación, a no ser que del contexto se entienda claramente otra cosa:

(a) Autoridad.- Significará la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico, establecida por este capítulo o, de dicha Autoridad ser abolida, o que de otra forma se le despoje de sus funciones bajo este capítulo, el organismo público o entidad que le suceda en sus funciones principales o a la cual le sean conferidos por ley los derechos, poderes y deberes conferidos por este capítulo a la Autoridad.

(b) Entidad beneficiada.- Significará todo municipio, corporación pública, subdivisión política o instrumentalidad del Estado Libre Asociado a la cual se provea asistencia financiera, administrativa, consultiva, técnica, de asesoramiento o de otra naturaleza, de acuerdo a las disposiciones de este capítulo.

(c) Junta.- Significará la Junta de Directores de la Autoridad creada por este capítulo y, de ser abolida la misma, aquella Junta o entidad que le suceda en el desempeño de sus funciones principales.

(d) Bonos.- Significará los bonos, bonos temporeros, bonos de refinanciamiento, obligaciones, pagarés, pagarés en anticipación de bonos, recibos interinos o bonos provisionales, certificados u otra evidencia de deuda de la Autoridad emitidos a tenor con las disposiciones de este capítulo.

(e) Ley de Agua Limpia.- Significará la Ley de Control de la Contaminación del Agua de 1972, L. Púb. 92-500, según enmendada, y los reglamentos promulgados bajo dicha ley.

(f) Estado Libre Asociado.- Significará el Estado Libre Asociado de Puerto Rico.

(g) Fondos Rotatorios.- Significará, colectivamente, el Fondo Rotatorio Estatal para el Control de la Contaminación del Agua de Puerto Rico y el Fondo Rotatorio Estatal de Agua Potable cada uno de los cuales deberán ser constituidos, independiente y separado de cualquier otro fondo del Estado Libre Asociado y de acuerdo a las disposiciones y propósitos del Título VI de la Ley de Agua Limpia y el Título I de la Ley Federal de Agua Potable, respectivamente, o cualquier otra legislación o regulación federal similar o relacionada.

(h) Banco Gubernamental de Fomento.- Significará el Banco Gubernamental de Fomento para Puerto Rico, creado por las secs. 551 et seq. del Título 7.

(i) Infraestructura.- Significará aquellas obras capitales y facilidades de interés público sustancial, tales como sistemas de acueductos y alcantarillados incluyendo todos los sistemas para suplir, tratar y distribuir agua, sistemas de tratamiento y eliminación de aguas de albañal, mejoras que sean financiadas bajo las disposiciones de la Ley Federal de Agua Limpia y de

la Ley Federal de Agua Potable o cualquier otra legislación o reglamento Federal similar o relacionado, sistemas de eliminación de desperdicios sólidos y peligrosos, sistemas de recuperación de recursos, sistemas de energía eléctrica, autopistas, carreteras, paseos peatonales, facilidades de estacionamiento, aeropuertos, centros de convenciones, puentes, puertos marítimos, túneles, sistemas de transportación incluyendo los de transportación colectiva, sistemas de comunicación incluyendo teléfonos, facilidades industriales, tierras y recursos naturales, vivienda pública y toda clase de facilidades de infraestructura turística, médica y agroindustrial.

(j) Fondo de Desarrollo.- Significará el Fondo de Desarrollo de Infraestructura creado bajo la sec. 1914a de este título, conforme a lo dispuesto en las secs. 431 et seq. del Título 27.

(k) Contrato de asistencia.- Significará cualquier contrato, incluyendo los de arrendamiento, subarrendamiento, préstamo u otro tipo de acuerdo, convenio o instrumento escrito, otorgado entre la Autoridad y una entidad beneficiada, por el cual la Autoridad se compromete a prestar a dicha entidad asistencia financiera, administrativa, consultiva, técnica, de asesoramiento o de cualquier otra naturaleza, de acuerdo con las disposiciones de este capítulo.

(l) Persona.- Significará cualquier individuo, corporación, sociedad, empresa común, asociación, compañía por acciones, fideicomiso, organización no incorporada, gobierno del Estado Libre Asociado de Puerto Rico o cualquier agencia, departamento, instrumentalidad o subdivisión política del mismo, o cualquier otra entidad creada, organizada o existiendo bajo las leyes del mismo o de los Estados Unidos o cualquiera de sus estados o de cualquier país extranjero o cualquier combinación de los anteriores.

(m) Ley de Agua Potable.- Significará la Ley de Agua Potable de 1944, según enmendada, y los reglamentos promulgados bajo dicha ley.

(n) Cargos por beneficios.- Significará los cargos impuestos contra la propiedad inmueble de un distrito especial de mejoramiento que sea particular y sustancialmente beneficiada por una mejora, construcción o reparación de infraestructura realizada o en vías de realización en dicho distrito para sufragar el costo y mantenimiento de dicha mejora, construcción o reparación. La cantidad a ser impuesta a cada propiedad estará basada únicamente en el beneficio o la utilidad que esa propiedad en particular reciba. Los cargos por beneficios constituirán un gravamen legal tácito en garantía del pago de los cargos por beneficios descritos en la resolución emitida por la Autoridad conforme a lo dispuesto en este capítulo.

(o) Distrito especial de mejoramiento, distrito o distritos.- Significará aquella área geográfica establecida conforme al procedimiento provisto por este capítulo que se beneficia particular y sustancialmente de una mejora, construcción o reparación de infraestructura realizada o en vías de realización en dicho distrito conforme a lo dispuesto en este capítulo.

(p) Junta de Planificación.- Significará la Junta de Planificación de Puerto Rico creada por las secs. 62 et seq. del Título 23.

(q) Estados Unidos.- Significará los Estados Unidos de América.

(r) Cuenta del Corpus.- Significará la cuenta del corpus del Fondo de Desarrollo según se establece en el inciso (a) de la sec. 1914a de este título. Los rendimientos de capital que genere esta cuenta deberán utilizarse según se establece en la sec. 1914a de este título.

(s) Cuentas adicionales.- Significará cuentas creadas dentro del Fondo de Desarrollo, además de la Cuenta del Corpus, que sean necesarias para llevar a cabo los propósitos de este capítulo, según se establece en el inciso (a) de la sec. 1914a de este título.

§ 1902 Definiciones, 3 L.P.R.A. § 1902

-Junio 21, 1988, Núm. 44, p. 192, art. 3; Julio 7, 1997, Núm. 32, sec. 2; Junio 24, 1998, Núm. 92, sec. 1; Enero 14, 2009, Núm. 3, art. 1.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Referencias en el texto.
La 'Ley de Agua Limpia', 'Ley de Control de la Contaminación del Agua de 1972', 'Ley Pública 92-500', según enmendada, mencionada en el texto del inciso (e) de esta sección, es la Ley de Octubre 18, 1972, 86 Stat. 816; 33 USCS §§ 1251 et seq.

La Ley Federal de Agua Potable, mencionada en los incisos (g) e (i) es la Ley de Diciembre 16, 1974, P.L. 93-523, 88 Stat. 1660, codificada bajo 42 USCS §§ 300f et seq., conocida como 'Safe Drinking Water Act'.

El Título VI de la Ley Federal de Agua Limpia, según enmendada, mencionada en los incisos (g) e (i), es la Ley de Febrero 4, 1987, Ley Pública Núm. 100-4, T. II, 101 Stat. 22; 33 USCS §§ 1381 et seq. Enmiendas **-2009.**

Inciso (r): La ley de 2009 enmendó la segunda oración de este inciso en términos generales. **-1998.**

Inciso (b): La ley de 1998 enmendó esta sección en términos generales.

Inciso (i): La ley de 1998 enmendó este inciso en términos generales.

Inciso (j): La ley de 1998 añadió este inciso.

Inciso (k) y (l): La ley de 1998 redesignó los anteriores incisos (j) y (k) como (k) y (l), respectivamente y enmendó estos incisos en términos generales.

Inciso (m): La ley de 1998 redesignó el anterior inciso (l) como inciso (m).

Incisos (n) a (s): la ley de 1998 añadió estos incisos. **-1997.**

Inciso (g): La ley de 1997 enmendó este inciso en términos generales.

Inciso (i): La ley de 1997 añadió la referencia a la Ley Federal de Agua Potable.

Inciso (l): La ley de 1997 añadió este inciso.

Vigencia.
La sec. 23 de la Ley Junio 24, 1998, Núm. 92, dispone:

'Esta Ley [este capítulo] comenzará a regir inmediatamente después de su aprobación con excepción de Artículos 6, 7, 8, 9, 10, 11, 12, 13 y 14 [secs. 1906b a 1906j de este título], los cuales entrarán en vigor noventa (90) días después de la aprobación de esta Ley [este capítulo].' Exposición de motivos.

Véase Leyes de Puerto Rico de:
Julio 7, 1997, Núm. 32.

Junio 24, 1998, Núm. 92.

Enero 14, 2009, Núm. 3.

§ 1902 Definiciones, 3 L.P.R.A. § 1902

Salvedad.

El art. 3 de la Ley de Enero 14, 2009, Núm. 3, dispone:

'Si alguna disposición de esta Ley [que enmendó las secs. 1902 y 1914a de este título] o la aplicación de la misma fuere declarada inválida, dicha declaración no afectará las demás disposiciones ni la aplicación de esta Ley que pueda tener efecto sin la necesidad de las disposiciones que hubieran sido declaradas inválidas, y a este fin las disposiciones de esta Ley son separables.'

Cláusula derogatoria.

La sec. 22 de Ley de Junio 24, 1998, Núm. 92, dispone:

'Cualquier disposición de ley o porción de ley que contravenga lo aquí dispuesto queda por la presente derogada. Del mismo modo, si cualquier parte, párrafo o sección de esta Ley [que enmendó esta sección] fuese declarada nula por un tribunal con juridicción competente, la sentencia dictada a tal efecto sólo afectará [aquella] parte, párrafo, o sección cuya nulidad haya sido declarada.'

Véase la nota bajo la sec. 1901 de este título.

3 L.P.R.A. § 1902, PRS ST T. 3 § 1902

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                                © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1903 Creación, 3 L.P.R.A. § 1903

3 L.P.R.A. § 1903

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
    CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
      **§ 1903 Creación**

3 L.P.R.A. § 1903

Se crea una corporación pública e instrumentalidad del Estado Libre Asociado que constituye un cuerpo corporativo y político independiente que se conocerá como Autoridad para el Financiamiento de la Infraestructura de Puerto Rico, la cual ejercerá sus poderes independientemente de cualquier otra persona. Los poderes de la Autoridad serán ejercidos por la Junta, la cual estará compuesta por cinco (5) miembros de la Junta de Directores del Banco Gubernamental de Fomento designados por el Gobernador de Puerto Rico, por el Secretario de Hacienda del Estado Libre Asociado y por un (1) miembro adicional nombrado por el Gobernador de Puerto Rico. Dicho miembro adicional servirá a voluntad del Gobernador y podrá ser removido o sustituido por el Gobernador en cualquier momento, con o sin causa.

Cualquier miembro de la Junta que sea a su vez miembro de la junta de directores, oficial o funcionario de una entidad beneficiada tendrá que inhibirse de participar en cualquier asunto de la Autoridad que afecte la entidad beneficiada de la cual es director, oficial o funcionario. La Autoridad así constituida ejercerá funciones gubernamentales públicas y esenciales.

El Gobernador de Puerto Rico nombrará al Presidente de la Junta de entre sus miembros. La Junta podrá elegir a los oficiales que estime necesarios o convenientes para llevar a cabo los fines públicos por los cuales se crea la Autoridad.

Los miembros de la Junta de la Autoridad no recibirán compensación alguna por sus servicios como tales. La Autoridad reembolsará a los miembros de la Junta que no sean funcionarios ni empleados públicos, los gastos necesarios incurridos en el ejercicio de sus deberes.

Una mayoría de la Junta constituirá quórum y el voto afirmativo de por lo menos una mayoría de los miembros presentes será necesaria para cualquier acción que tome la Junta. Ninguna ausencia o vacante entre los miembros de la Junta impedirá que esta, una vez haya quórum, ejerza todos sus derechos y desempeñe todos sus deberes.

La Junta y sus directores individuales y los oficiales, agentes o empleados de la Autoridad no incurrirán en responsabilidad civil por cualquier acción tomada de buena fe en el desempeño de sus deberes y responsabilidades conforme a las disposiciones de este capítulo, y serán indemnizados por todos los costos que incurran con relación a cualquier reclamación para la cual gozan de inmunidad de acuerdo a lo aquí dispuesto. La Junta y sus directores individuales y los oficiales, agentes o empleados de la Autoridad serán indemnizados completamente por cualquier responsabilidad civil que se les adjudique bajo las leyes de los Estados Unidos de América.

-Junio 21, 1988, Núm. 44, p. 192, art. 4; Marzo 9, 2009, Núm. 8, art. 1.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL. Enmiendas **-2009.**
Primer párrafo: La ley de 2009 enmendó este párrafo en términos generales.

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

**§ 1903 Creación, 3 L.P.R.A. § 1903**

Segundo y tercer párrafos: La ley de 2009 enmendó en términos generales la primera oración de cada uno. Exposición de motivos.

Véase Leyes de Puerto Rico de:
Marzo 9, 2009, Núm. 8.

Salvedad.
El art. 3 de la Ley de Marzo 9, 2009, No. 8, dispone:

'Si cualquier disposición de esta Ley [que enmendó la sec. 1903 y añadió la sec. 1922, ambas de este título] o la aplicación de dicha disposición a cualquier persona o bajo alguna circunstancia fuere declarada inconstitucional o inválida, el resto de esta Ley y su aplicación no quedará afectada por dicha declaración de inconstitucionalidad o invalidez.'

Contrarreferencias.
Hacienda, Secretario de, véase la sec. 283c de este título.

3 L.P.R.A. § 1903, PRS ST T. 3 § 1903

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1904 Autorización para conceder asistencia, 3 L.P.R.A. § 1904

3 L.P.R.A. § 1904

LEYES DE PUERTO RICO ANOTADAS Currentness
 TÍTULO 3. PODER EJECUTIVO
  CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
  **§ 1904 Autorización para conceder asistencia**

3 L.P.R.A. § 1904

La Autoridad podrá conceder asistencia a cualquier corporación pública, instrumentalidad gubernamental, subdivisión política o municipio autorizado por ley a proveer facilidades de infraestructura.

-Junio 21, 1988, Núm. 44, p. 192, art. 5; Julio 7, 1997, Núm. 32, sec. 3; Junio 24, 1998, Núm. 92, sec. 2.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL. Enmiendas **-1998.**
La ley de 1998 suprimió el anterior texto de esta sección y lo sustituyó con el párrafo actual. **-1997.**

La ley de 1997 añadió en el primer párrafo la frase 'y el Título de la Ley Federal de Agua Potable ?'.

Vigencia.
Véase la nota bajo la sec. 1902 de este título. Exposición de motivos.

Véase Leyes de Puerto Rico de:
Julio 7, 1997, Núm. 32.

Junio 24, 1998, Núm. 92.

Cláusula derogatoria.
Véanse las notas bajo las secs. 1901 y 1902 de este título.

3 L.P.R.A. § 1904, PRS ST T. 3 § 1904

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                              © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1905 Contratos de asistencia con entidades beneficiadas, 3 L.P.R.A. § 1905

3 L.P.R.A. § 1905

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
   CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
   **§ 1905 Contratos de asistencia con entidades beneficiadas**

3 L.P.R.A. § 1905

Cualquier corporación pública, instrumentalidad gubernamental, subdivisión política o municipio estará facultado para otorgar contratos de asistencia con la Autoridad, quedando la corporación pública, instrumentalidad gubernamental, subdivisión política o municipio que entre en dicho acuerdo autorizado y obligado a cumplir con las disposiciones de dichos contratos, y a cumplir con las acciones tomadas por o en nombre de la Autoridad bajo tales contratos, siempre que dicha entidad beneficiada pudiera haber tomado dichas acciones sin violar las leyes, contratos y acuerdos vigentes.

La Autoridad otorgará los contratos de asistencia que sean necesarios con cualquier entidad beneficiada a la que le provea asistencia de acuerdo a las disposiciones de este capítulo. Dichos contratos incluirán, sujeto a las disposiciones de este capítulo y de cualesquiera otras leyes, acuerdos o contratos de la Autoridad o de la entidad beneficiada que estén vigentes, todas las disposiciones que la Autoridad estime pertinentes para lograr los propósitos de dicha asistencia. Tales contratos podrán incluir, sin que se entienda como una limitación, disposiciones bajo las cuales:

(a) La entidad beneficiada se obligue a cumplir con todos los requisitos operacionales, administrativos, presupuestarios, de preparación y forma de presentar informes, o de cualquier otra índole que la Autoridad exija como condición para proveerle asistencia.

(b) La entidad beneficiada se obligue a:

(1) Radicar en la Autoridad presupuestos, planes de mejoras de capital, informes de ingenieros, de consultores y estados financieros con la regularidad y dentro de los términos que requiera la Autoridad.

(2) Emplear ingenieros consultores, auditores y los otros profesionales y personal técnico que requiera la Autoridad.

(3) Proceder con diligencia al desarrollo del, o de los proyectos, si algunos, para el cual se le provea asistencia y asumir la operación del mismo inmediatamente después de construido.

(4) Continuar la operación y mantenimiento del proyecto o proyectos, si alguno, para el cual o los cuales se haya concedido asistencia, hasta tanto la Autoridad determine lo contrario.

(5) Proveer recursos y establecer un fondo para renovaciones, reemplazos u otras mejoras permanentes de acuerdo con, y sujeto a, los requisitos de cualquier contrato de fideicomiso u otro instrumento de préstamo de la entidad beneficiada, y establecer dicho fondo con el Banco Gubernamental de Fomento o en cualquier otra institución autorizada por ley para recibir depósitos de fondos públicos que determine la Autoridad.

(c) La Autoridad podrá declarar períodos especiales durante los cuales podrá exigir a la entidad beneficiada que cumpla con determinadas condiciones, o que realice o adopte aquellas acciones o medidas que la Autoridad estime necesarias y

§ 1905 Contratos de asistencia con entidades beneficiadas, 3 L.P.R.A. § 1905

convenientes para garantizar que dicha entidad beneficiada ha de cumplir con las disposiciones del contrato de asistencia y con sus propósitos, y establecer, en el correspondiente contrato de asistencia las condiciones bajo las cuales comenzarán y terminarán dichos períodos especiales, las medidas que la Autoridad podrá implantar durante los mismos, y los remedios disponibles a la Autoridad cuando la entidad beneficiada no cumpla con las disposiciones del contrato de asistencia.

Para que pueda declarar un período especial la Autoridad deberá:

(1) Aprobar una resolución declarando la necesidad de poner en vigor un período especial, en la que se expresará en forma detallada los fundamentos para declarar dicho período y la información suministrada o recomendaciones hechas por consultores, oficiales o funcionarios de la Autoridad, en la que se fundamente tal resolución.

(2) Radicar en la Secretaría de cada una de las Cámaras de la Asamblea Legislativa, con no menos de cinco (5) días de antelación a la fecha de efectividad del período especial, copia certificada de la resolución de la Junta declarando un período especial.

Durante un período especial, y como única excepción a cualquier requisito de subasta exigido en la ley orgánica o en los reglamentos de una entidad beneficiada, la Autoridad estará facultada para requerir a la misma que no celebre dicho procedimiento en la adjudicación de contratos de construcción, compras o en cualquier otro contrato de servicios, en circunstancias extraordinarias.

La Autoridad sólo podrá requerirle a una entidad beneficiada que no cumpla con el procedimiento de subasta y licitación cuando así se haya dispuesto en el contrato de asistencia y mediante resolución al efecto para cada caso en particular.

En dicha resolución la Junta expresará las circunstancias extraordinarias que justifican que se requiera a la entidad beneficiada en ese caso en particular a no cumplir con los requisitos de subasta o licitación. Copia de la referida resolución deberá radicarse en la Secretaría de cada una de las Cámaras de la Asamblea Legislativa no más tarde de los cinco (5) días laborables siguientes a la fecha en que la Junta adopte su resolución.

-Junio 21, 1988, Núm. 44, p. 192, art. 6; Junio 24, 1998, Núm. 92, sec. 3.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL. Enmiendas **-1998.**
La ley de 1998 enmendó el primer párrafo en términos generales.

Vigencia.
Véase nota de vigencia bajo la sec. 1902 de este título. Exposición de motivos.

Véase Leyes de Puerto Rico de:
Junio 24, 1998, Núm. 92.

Cláusula derogatoria.
Véase la nota bajo la sec. 1902 de este título.

Contrarreferencias.

**§ 1905 Contratos de asistencia con entidades beneficiadas, 3 L.P.R.A. § 1905**

Registro de contratos, mantenimiento, remisión de una copia del contrato a la Oficina del Contralor, véase la sec. 97 del Título 2.

3 L.P.R.A. § 1905, PRS ST T. 3 § 1905

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                                          © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1906 Poderes generales, 3 L.P.R.A. § 1906

3 L.P.R.A. § 1906

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
  CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
    **§ 1906 Poderes generales**

3 L.P.R.A. § 1906

La Autoridad tendrá todos los poderes necesarios y convenientes para llevar a cabo y efectuar los propósitos y disposiciones de este capítulo, incluyendo, pero sin que se entienda como una limitación, lo siguiente:

(a) Aprobar un reglamento para la administración de sus asuntos y negocios corporativos y los reglamentos y normas que sean necesarias para el ejercicio de sus funciones y deberes.

(b) Adoptar un sello oficial y alterar el mismo a su conveniencia.

(c) Mantener una (1) o más oficinas en el municipio de San Juan y en cualquier otro lugar en o fuera de Puerto Rico que ésta considere necesario.

(d) Demandar y ser demandada bajo su propio nombre y querellarse y ser querellada.

(e) Recibir y administrar cualquier regalía, concesión, préstamo o donación de cualquier propiedad o dinero, incluyendo, sin que se entienda como una limitación, aquéllos hechos por el Estado Libre Asociado y el gobierno federal, o cualquier agencia o instrumentalidad de éstos, y gastar o prestar el producto de los mismos para cualesquiera propósitos corporativos y cumplir respecto de los mismos con todas las condiciones y requisitos, incluyendo aquéllos para la administración de los Fondos Rotatorios bajo la Ley Federal de Agua Limpia, creado en la sec. 1915 de este título, y bajo la Ley Federal de Agua Potable, creado en la sec. 1915a de este título, y tomar todos aquellos pasos para cumplir con esas condiciones y ejercer de otra forma aquellos poderes que sean necesarios para obtener para el Estado Libre Asociado los beneficios de los programas establecidos al amparo de la Ley Federal de Agua Limpia y de la Ley Federal de Agua Potable o cualquier otra legislación o reglamento federal similar o relacionado.

(f) Conceder a una entidad beneficiada cualquier tipo de asistencia que sea consistente con los propósitos de este capítulo, tales como (pero sin limitación):

(1) Proveer fondos en forma de préstamos, concesiones o cesiones, subsidios de intereses, respaldo crediticio, reservas para pérdidas o transferencia de recursos financieros.

(2) Pagar o proveer para el pago (de una sola vez o de tiempo en tiempo) de cualquier deuda, en su totalidad o en parte, de la entidad beneficiada.

(3) Asumir todas o parte de las obligaciones de la entidad beneficiada.

(4) Garantizar el pago de cualquier deuda de la entidad beneficiada.

§ 1906 Poderes generales, 3 L.P.R.A. § 1906

(5) Otorgar contratos de arrendamiento, subarrendamiento, préstamo o financiamiento con una entidad beneficiada.

(6) Conceder la ayuda que estime necesaria para obtener garantías financieras o cartas de crédito o respaldos crediticios similares.

(g) Negociar y otorgar contratos, arrendamientos, subarrendamientos y todos aquellos otros instrumentos y acuerdos necesarios o convenientes, con cualquier persona, para ejercer los poderes y funciones conferidos a la Autoridad por este capítulo y negociar y otorgar contratos de asistencia con entidades beneficiadas.

(h) Adquirir de cualquier manera legal, incluyendo, pero sin limitarse a, compra, expropiación forzosa, arrendamiento, donación o de otra forma legal, propiedad mueble e inmueble, mejorada o sin mejorar, gravada o sin gravar, y derechos propietarios sobre tierras, según sea necesario y conveniente para ejercer los poderes y funciones conferidos a la Autoridad bajo este capítulo.

(i) Vender, arrendar, ceder, transferir, traspasar, permutar, hipotecar, o de otra forma disponer o gravar cualquier propiedad. La Autoridad también podrá arrendar, readquirir o de otra forma advenir titular de, o poseer, cualquier propiedad que haya anteriormente vendido, arrendado o de otra forma traspasado, transferido o de la cual haya dispuesto.

(j) Conceder opciones para la compra de cualquier propiedad o la renovación de cualquier arrendamiento que haya otorgado con relación a cualquiera de sus propiedades, bajo los términos y condiciones que considere aconsejable.

(k) Pignorar o ceder cualesquiera dineros, rentas, cargos o cualquier otro ingreso, así como el producto de la venta de propiedades y compensación bajo las disposiciones de pólizas de seguros o compensación por expropiaciones.

(l) Tomar dinero a préstamo y emitir bonos de la Autoridad para cualquiera de sus propósitos corporativos, incluyendo, pero sin limitarse a, financiar la construcción, rehabilitación, compra, reparación, preservación y reemplazo de partes de la infraestructura del Estado Libre Asociado, y para prestar o de otra forma proveer fondos a una entidad beneficiada, incluyendo, sin que constituya una limitación, para el pago de la totalidad o parte de cualquier deuda de dicha entidad beneficiada o para cualquier otro propósito autorizado por este capítulo.

(m) Hipotecar o pignorar cualquier propiedad para el pago del principal de y los intereses sobre cualesquiera bonos emitidos por la Autoridad o bonos emitidos por una entidad beneficiada, y pignorar la totalidad o parte de los ingresos que la Autoridad recibiese, incluyendo, pero sin limitarse a, y sujeto a las disposiciones del Art. VI, Sec. 8 de la Constitución del Estado Libre Asociado de Puerto Rico, la totalidad o parte de los arbitrios federales u otros fondos que fuesen transferidos a la Autoridad por el Estado Libre Asociado.

(n) Entablar cualquier acción judicial, incluyendo, pero sin limitarse a, procedimiento de auto de mandamus e interdictos, proteger o poner en vigor cualquier derecho que le confiera una ley, contrato u otro acuerdo y, no obstante cualquier disposición de ley en contrario, ejercitar cualquier remedio provisto para cuando surja un incumplimiento bajo cualquier contrato o acuerdo según provisto por dicho contrato o acuerdo.

(o) Nombrar oficiales y emplear agentes y empleados y fijar sus poderes y deberes según la Autoridad determine y, sin que constituya una limitación, contratar ingenieros consultores, arquitectos, superintendentes, contratistas generales, administradores, abogados, contadores y otros consultores y contratistas, según determine la Autoridad y delegar dichas funciones y poderes en aquellas personas que la Autoridad designe, y fijar y pagar la remuneración que corresponda de los fondos disponibles en la Autoridad para esos fines. Los directores, oficiales y empleados de la Autoridad estarán sujetos a las disposiciones de las secs. 1801 et seq. de este título, conocidas como 'Ley de Etica Gubernamental del Estado Libre

§ 1906 Poderes generales, 3 L.P.R.A. § 1906

Asociado de Puerto Rico'.

(p) Procurar seguros contra pérdidas en las cantidades y con los aseguradores que considere deseable, cuyo seguro podría incluir, sin que se entienda como una limitación, seguro contra responsabilidad civil de directores, oficiales, agentes y empleados.

(q) Invertir sus fondos, según sea autorizado por resolución de la Junta, sujeta a cualquier restricción bajo los contratos de fideicomiso o resoluciones autorizando las emisiones de bonos.

(r) Comprar bonos emitidos por la Autoridad, sujeta a las disposiciones de cualquier contrato con los tenedores de dichos bonos, y comprar cualesquiera bonos u otras obligaciones emitidas por municipalidades, subdivisiones políticas, corporaciones públicas e instrumentalidades del Estado Libre Asociado, y vender, sin relación a su costo, dichos bonos y obligaciones al precio y en la manera que la Autoridad considere aconsejable.

(s) Construir, rehabilitar, reparar, preservar, reemplazar, extender, mejorar, renovar, surtir, equipar, mantener y operar parte de la infraestructura y otras propiedades que se usen o sean provechosas para proveer parte de la infraestructura, o provocar que las mismas sean construidas, rehabilitadas, reparadas, preservadas, reemplazadas, extendidas, mejoradas, renovadas, surtidas, equipadas, mantenidas, y operadas, y pagar parte o la totalidad de los costos de lo anterior de los fondos de la Autoridad disponibles para ello, incluyendo aquellos que reciba de cualquier entidad beneficiada.

La Autoridad estará exenta de cumplir con el requisito de subasta pública y licitación para la adjudicación de contratos de construcción, compras u otros contratos cuando estime que es necesario y conveniente para cumplir con los fines públicos de este capítulo y así lo autorice la Junta en cada caso en particular, mediante resolución al efecto. En dicha resolución se expresarán las circunstancias que justifican que la Autoridad quede exenta del requisito de subasta. Copia de dicha resolución deberá presentarse en la Secretaría de cada una de las Cámaras de la Asamblea Legislativa dentro de los cinco (5) días laborables siguientes a la aprobación de dicha resolución por la Junta.

(t) Fijar, imponer y cobrar rentas, cargos, tarifas y otros cargos por el uso de cualquiera de sus propiedades, incluyendo partes de la infraestructura, y por sus servicios, sin estar sujeta a cualquier limitación que fuese aplicable de pertenecer o ser operada dicha propiedad o de ser dichos servicios provistos por cualesquiera otras personas. La Autoridad no podrá obligar a ninguna entidad beneficiada a aumentar cualquier cargo o tarifa por la prestación de sus servicios, sin cumplir con las disposiciones de las secs. 261 et seq. del Título 27, que establecen un procedimiento uniforme para la fijación de tarifas.

(u) Proveer asistencia consultiva, técnica, administrativa y de asesoramiento a los municipios, corporaciones públicas, subdivisiones políticas e instrumentalidades del Estado Libre Asociado para permitirles proveer, operar, mantener y mejorar la infraestructura.

(v) Proponer a la Asamblea Legislativa la creación de compañías, sociedades, o corporaciones subsidiarias, afiliadas o asociadas, y adquirir, tener y disponer de valores y participaciones, contratos, bonos u otros intereses en otras compañías, entidades o corporaciones, y ejercer todo y cada uno de los poderes y derechos que tal interés le conceda, siempre que a juicio de la Junta de Directores dicha gestión sea necesaria, propia o conveniente para alcanzar los propósitos de la Autoridad o para ejercer sus poderes, y vender, arrendar, ceder o de otra forma traspasar cualquier propiedad de la Autoridad o delegar o transferir cualquiera de sus derechos, poderes, funciones o deberes, con excepción del poder de expropiación forzosa a cualquiera de las compañías, entidades o corporaciones que puedan estar bajo su control total o parcial; Disponiéndose, que las facultades aquí otorgadas no son extensivas a la venta, arrendamiento, cesión u otra forma de transferencia de las afiliadas o subsidiarias a ser creadas por este inciso y sí exclusivamente a los haberes de las mismas. Las corporaciones afiliadas o subsidiarias aquí creadas rendirán un informe anual a la Asamblea Legislativa no más tarde del 28 de febrero de cada año.

§ 1906 Poderes generales, 3 L.P.R.A. § 1906

No obstante la responsabilidad para la evaluación, adquisición con titularidad propia, selección y desarrollo del Parque Industrial del Puerto de Trasbordo y las industrias y actividades de valor añadido a establecerse en dicha área estarán a cargo de la Compañía de Fomento Industrial y de su Director Ejecutivo.

(w) Indemnizar a cualquiera de sus directores, oficiales, agentes o empleados por cualquier responsabilidad incurrida en el cumplimiento de sus deberes y responsabilidades, en las circunstancias previstas en la sec. 1903 de este título.

(x) Ejercitar cualesquiera poderes o derechos adicionales que por ley le hayan sido o le sean otorgados en el futuro a las entidades beneficiadas.

(y) Ejercer todos los poderes inherentes a las funciones, prerrogativas y responsabilidades que le confiere este capítulo y realizar cualquier acción o actividad necesaria o conveniente para llevar a cabo sus propósitos.

-Junio 21, 1988, Núm. 44, p. 192, art. 7; Julio 7, 1997, Núm. 32, sec. 4; Junio 24, 1998, Núm. 92, sec. 4; Octubre 17, 2000, Núm. 421, art. 1.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Referencias en el texto.
La Ley Federal de Agua Potable, mencionada en el texto es la Ley de Diciembre 16, 1974, P.L. 93-523, 88 Stat. 1660, codificada bajo 42 USCS §§ 300f et seq., conocida como Safe Drinking Water Act.

El Título VI de la Ley Federal de Agua Limpia, según enmendada, mencionada en el texto, es la Ley de Febrero 4, 1987, Ley Pública Núm. 100-4, T. II, 101 Stat. 22; 33 USCS §§ 1381 it et seq. Enmiendas **-2000.**

Inciso (v): La ley de 2000 añadió este inciso y redesignó los anteriores incisos (v) a (x) como (w) a (y), respectivamente. **-1998.**

Inciso (e): La ley de 1998 añadió la referencia a la Ley Federal de Agua Limpia y la Ley Federal de Agua Potable.

Inciso (f): La ley de 1998 enmendó este inciso en términos generales.

Inciso (u): La ley de 1998 añadió 'a los municipios' y 'subdivisiones políticas' a este inciso. **-1997.**

Inciso (e): La ley de 1997 enmendó este inciso en términos generales.

Vigencia.
Véase nota de vigencia bajo la sec. 1902 de este título. Exposición de motivos.

Véase Leyes de Puerto Rico de:
Julio 7, 1997, Núm. 32.

Junio 24, 1998, Núm. 92.

Octubre 17, 2000, Núm. 421.

§ 1906 Poderes generales, 3 L.P.R.A. § 1906

Cláusula derogatoria.
Véanse las notas bajo las secs. 1901 y 1902 de este título.

Disposiciones constitucionales.
Sección 8, Artículo VI, véase la Constitución del Estado Libre Asociado, precediendo al Título 1.

Disposiciones transitorias.
El art. 3 de la Ley de Octubre 17, 2000, Núm. 421, dispone:

'Requisitos a incluirse en los contratos de consultoría o asesoramiento:

'1./n Todo contrato de empleo, consultoría o asesoramiento para el desarrollo de las facilidades del Puerto de Trasbordo y de cualesquiera de las compañías, sociedades, o corporaciones subsidiarias, y afiliadas o asociadas que intervengan en el desarrollo del mismo, deberá contener una cláusula que expresamente disponga que toda persona, natural o jurídica, que haya intervenido en el proceso de evaluación del proyecto del Puerto de Trasbordo o de esta legislación, asesorando a cualquier agencia, instrumentalidad o corporación pública del Gobierno de Puerto Rico, no podrá, dentro de los cuatro años siguientes a la aprobación de esta Ley [que enmendó esta sección] ocupar cargo alguno ni tener interés pecuniario alguno con las personas naturales o jurídicas que sean creadas o seleccionadas para desarrollar, operar, o de cualquier otra manera participar en el proyecto del Puerto de Trasbordo que se establece al amparo de esta Ley. El incumplimiento de esta cláusula contractual conllevará la restitución de la totalidad de los honorarios percibidos por el otorgamiento de dicho contrato.

'2./n Toda invitación que se haga mediante un proceso de licitación o propuestas, tanto para el desarrollo del puerto de trasbordo como para el desarrollo de sus facilidades, deberá estar anunciado en los medios fuera de Puerto Rico, específicamente en la [el] Internet, y que toda persona natural o jurídica que confiera a Puerto Rico un trato diferente al que le confiere generalmente a los estados de los Estados Unidos quedará descalificada de participar en dicho proceso.

'3./n Con el propósito de que se provean vías de acceso al puerto de trasbordo, el Secretario de Transportación y Obras Públicas deberá incluir en el Plan de Desarrollo de cinco (5) años la construcción del expreso de la PR 10, entre los municipios de Utuado y Adjuntas, así como la conversión a expreso del tramo de Ponce a Aguadilla de la PR 2, en un período no mayor de un (1) año a partir de la aprobación de esta Ley [Octubre 17, 2000].'

Disposiciones especiales.
El art. 2 de la Ley de Octubre 17, 2000, Núm. 421, dispone:

'Se extienden la totalidad de las disposiciones de la Ley Núm. 135 de 2 de diciembre de 1997, según enmendada [secs. 10101 et seq. del Título 13] conocida como 'Ley de Incentivos Contributivos de 1998', a todo negocio elegible relacionado al desarrollo y operación portuaria o marítima y a las empresas o negocios, de valor añadido a establecerse para sostener el puerto de trasbordo.'

Contrarreferencias.
Ley de Procedimiento Administrativo Uniforme, véanse las secs. 2101 a 2201 de este título.

3 L.P.R.A. § 1906, PRS ST T. 3 § 1906

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**§ 1906 Poderes generales, 3 L.P.R.A. § 1906**

3 L.P.R.A. § 1906a

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
    CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
    **§ 1906a Solicitud de establecimiento de distritos especiales de mejoramiento; requisitos**

3 L.P.R.A. § 1906a

La entidad beneficiada podrá solicitar a la Autoridad la creación de un distrito especial de mejoramiento en determinada área geográfica. Estos distritos deberán constituir áreas con características, intereses y problemas comunes, pero podrán incluir propiedades contiguas o no contiguas.

La entidad beneficiada deberá proveer a la Autoridad información que sustente la necesidad y conveniencia de establecer ese distrito especial de mejoramiento. Esta incluirá, pero no estará limitada a:

(a) Una descripción detallada de la infraestructura propuesta y las razones que la hacen necesaria y justifican la creación del distrito;

(b) una descripción del área geográfica que recibirá un beneficio particular y sustancial por la construcción de dicha infraestructura, con una descripción específica de los beneficios que recibirá dicha área y el método utilizado para determinar dichos beneficios;

(c) costo estimado de la infraestructura y de su mantenimiento;

(d) tiempo estimado para la terminación del proyecto propuesto;

(e) estimado del por ciento que representan los cargos por beneficios del costo total de la obra;

(f) otras fuentes de financiamiento disponibles, si alguna, para sufragar el costo de la construcción, mejora o rehabilitación de infraestructura, y

(g) cualquier otra información que la Autoridad le solicite a la entidad beneficiada que esté razonablemente relacionada al establecimiento de dicho distrito y a la imposición de los cargos por beneficios.

Si la Autoridad acepta la petición, deberá determinar en la resolución que se expida conforme a lo provisto en la sec. 1909c de este título, si el método utilizado para determinar los beneficios es un mecanismo justo para determinar el beneficio particular que recibirá cada propiedad dentro del distrito de mejoramiento especial.

-Junio 21, 1988, Núm. 44, p. 192, adicionado como art. 8 en Junio 24, 1998, Núm. 92, sec. 5.

NOTAS, REFERENCIAS, Y ANOTACIONES

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1906a Solicitud de establecimiento de distritos especiales de..., 3 L.P.R.A. § 1906a

HISTORIAL.

Vigencia.
Véase la nota de vigencia bajo la sec. 1902 de este título. Exposición de motivos.


Véase Leyes de Puerto Rico de:
Junio 24, 1998, Núm. 92.


Cláusula derogatoria.
Veáse la nota bajo la sec. 1902 de este título.


3 L.P.R.A. § 1906a, PRS ST T. 3 § 1906a

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                      © 2019 Thomson Reuters. No claim to original U.S. Government Works.

3 L.P.R.A. § 1906b

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
    CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
    **§ 1906b Notificación de la vista pública; elección; requisitos y voto**

3 L.P.R.A. § 1906b

Si la Autoridad entiende meritoria la petición, convocará a una vista pública a celebrarse en el área del distrito propuesto mediante edicto y solicitará al Centro de Recaudación de Ingresos Municipales, por lo menos ciento veinte (120) días antes de la vista, para que se notifique por correo a todos los dueños de propiedad inmueble del área, a la dirección que surja de sus archivos. El edicto se publicará por lo menos dos (2) veces en un periódico de circulación general en cualquier momento durante las dos (2) semanas anteriores a la fecha pautada para la vista pública, pero en todo caso antes del tercer día anterior a la fecha pautada. Las notificaciones por correo serán enviadas con por lo menos ciento veinte (120) días de anticipación a la fecha pautada para la vista.

En el edicto y en la notificación por correo se informará además a los residentes el área geográfica que comprende el distrito propuesto y que se podrá celebrar una elección sobre el establecimiento o no del distrito si se presenta a la Autoridad una petición firmada por el quince por ciento (15% ) del total de los dueños de propiedad inmueble oponiéndose al establecimiento del distrito dentro de los sesenta (60) días calendarios siguientes a la última publicación del edicto.

Si se presenta válidamente dicha petición, la Autoridad convocará un referéndum entre todos los dueños de la propiedad inmueble incluida en el distrito para que ellos decidan si se debe o no establecer el distrito. El voto de la mayoría de los participantes de la elección a favor de una u otra alternativa decidirá la elección. En caso de que no se consiga el voto de la mayoría de los participantes en la elección para ninguna de las alternativas se entenderá que la decisión es a favor de la creación del distrito. Cada propiedad dará derecho a depositar dos (2) votos.

En el caso que el dueño sea un matrimonio regido bajo la sociedad de bienes gananciales, cada cónyuge tendrá derecho a emitir un voto aunque uno de los cónyuges podrá ceder por escrito al otro cónyuge el derecho a emitir su voto.

Cuando más de una persona sea dueña de una propiedad incluida en el distrito propuesto, pero no se trate de una sociedad de gananciales, los dueños de dicha propiedad designarán por escrito quien o quienes de ellos hasta un máximo de dos (2), serán los dueños de la propiedad para propósitos de la elección que se menciona en esta sección.

Cuando la propiedad pertenezca a una corporación, sociedad o a una sucesión, el representante debidamente autorizado de ésta votará en su representación luego de acreditar su capacidad representativa.

Si luego de convocado el referéndum entre todos los dueños de la propiedad inmueble incluida en el distrito especial de mejoramiento, el voto de la mayoría de los participantes de la elección es en contra de la creación del distrito especial, la entidad beneficiada le pagará al Centro de Recaudaciones de Ingresos Municipales los gastos incurridos en el proceso de notificación de la vista pública de la elección.

-Junio 21, 1988, Núm. 44, p. 192, adicionado como art. 9 en Junio 24, 1998, Núm. 92, sec. 6, ef. 90 días después de Junio 24, 1998.

§ 1906b Notificación de la vista pública; elección; requisitos y voto, 3 L.P.R.A. § 1906b

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Vigencia.
Véase la nota de vigencia bajo la sec. 1902 de este título. Exposición de motivos.

Véase Leyes de Puerto Rico de:
Junio 24, 1998, Núm. 92.

Cláusula derogatoria.
Veáse la nota bajo la sec. 1902 de este título.

3 L.P.R.A. § 1906b, PRS ST T. 3 § 1906b

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                              © 2019 Thomson Reuters. No claim to original U.S. Government Works.

3 L.P.R.A. § 1906c

LEYES DE PUERTO RICO ANOTADAS *Currentness*
  TÍTULO 3. PODER EJECUTIVO
  CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
  **§ 1906c Vista pública sobre el establecimiento de distritos**

3 L.P.R.A. § 1906c

En la fecha pautada para la vista pública el oficial designado por la Junta presidirá la vista y las personas interesadas podrán comparecer y presentar información, propuestas u objeciones relacionadas al establecimiento del distrito. Al concluir la vista, el oficial rendirá un informe detallado sobre los puntos considerados y emitirá una recomendación a la Junta. La Junta decidirá a base del informe, la información provista por la entidad beneficiada y cualesquiera otros materiales disponibles o provistos en la vista, si se establece o no el distrito mediante una resolución escrita, la cual deberá ser emitida no más tarde de los ciento veinte (120) días siguientes a la conclusión de la misma a menos que se convoque un referéndum conforme a lo dispuesto en este capítulo. En caso de que se convoque un referéndum, se interrumpirá el término de ciento veinte (120) días y se reanudará nuevamente si en el referéndum se aprueba el establecimiento del distrito. Dicha resolución recogerá los fundamentos en que se basó la Autoridad para autorizar la aprobación del distrito y establecerá además el propósito para el cual se usarán los cargos por beneficios, el costo estimado de la infraestructura, las fechas o períodos en que se pagarán los cargos por beneficios, el total de fondos que se pretende levantar con los cargos por beneficios a ser impuestos, el período por el cual serán impuestos dichos cargos y un anejo que contenga la cantidad a ser pagada anualmente por cada propiedad inmueble incluida en el distrito.

La resolución también establecerá claramente los límites geográficos del distrito, los cuales serán expresados en un mapa que se anejará a la resolución. La resolución podrá reducir o alterar los límites propuestos del distrito, pero nunca aumentar el área del distrito propuesto. En caso de inconsistencia entre el mapa y la resolución, el mapa prevalecerá.

Dicha resolución será publicada con todos sus anejos en un periódico de circulación general la semana siguiente a que se emita.

-Junio 21, 1988, Núm. 44, p. 192, adicionado como art. 10 en Junio 24, 1998, Núm. 92, sec. 7, ef. 90 días después de Junio 24, 1998.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Vigencia.
Véase nota de vigencia bajo la sec. 1902 de este título. Exposición de motivos.

Véase Leyes de Puerto Rico de:
Junio 24, 1998, Núm. 92.

Cláusula derogatoria.
Véase la nota bajo la sec. 1902 de este título.

§ 1906c Vista pública sobre el establecimiento de distritos, 3 L.P.R.A. § 1906c

---

3 L.P.R.A. § 1906c, PRS ST T. 3 § 1906c

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

---

**End of Document**                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1906d Cargos por beneficios; naturaleza y usos, 3 L.P.R.A. § 1906d

3 L.P.R.A. § 1906d

LEYES DE PUERTO RICO ANOTADAS *Currentness*
  TÍTULO 3. PODER EJECUTIVO
  CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
  **§ 1906d Cargos por beneficios; naturaleza y usos**

3 L.P.R.A. § 1906d

Los cargos por beneficios constituyen un cargo y gravamen legal tácito impuesto a una propiedad inmueble en proporción a los beneficios o la utilidad que recibe o recibirá la misma de una mejora, construcción o reparación de infraestructura. Los cargos por beneficios nunca podrán exceder del beneficio que recibe la propiedad inmueble.

Los ingresos provenientes del cobro de los cargos por beneficios, o de los bonos garantizados por la misma, serán utilizados única y exclusivamente para financiar la infraestructura para la cual fueron impuestos o para amortizar el empréstito que se contraiga para realizarla. No obstante el contrato de fideicomiso o la resolución proveyendo para la emisión de bonos podrá proveer para que los ingresos recibidos se puedan invertir pendiente su aplicación, bajo los términos y condiciones que la resolución o contrato de fideicomiso establezca.

-Junio 21, 1988, Núm. 44, p. 192, adicionado como art. 11 en Junio 24, 1998, Núm. 92, sec. 8, ef. 90 días después de Junio 24, 1998.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Vigencia.
Véase nota de vigencia bajo la sec. 1902 de este título. Exposición de motivos.

Véase Leyes de Puerto Rico de:
Junio 24, 1998, Núm. 92.

Cláusula derogatoria.
Veáse la nota bajo la sec. 1902 de este título.

3 L.P.R.A. § 1906d, PRS ST T. 3 § 1906d

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                              © 2019 Thomson Reuters. No claim to original U.S. Government Works.

3 L.P.R.A. § 1906e

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
    CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
    **§ 1906e Petición para ser excluido del distrito de mejoramiento o reducción de los cargos por beneficios impuestos**

3 L.P.R.A. § 1906e

Cualquier dueño o dueños de propiedad inmueble, la cual esté completa o parcialmente dentro del distrito establecido conforme a las disposiciones de este capítulo, o sus representantes legales, podrán presentar individual o conjuntamente ante la Autoridad una petición solicitando que su propiedad inmueble sea excluida del distrito debido a que la misma no se beneficia o que los cargos por beneficios deben ser reducidos debido a que los mismos exceden del beneficio real que recibe su propiedad.

En dicha petición se proveerá la dirección física de la propiedad y la descripción registral de la misma. La posición geográfica exacta de la propiedad será ilustrada en un mapa, de manera que se pueda identificar su posición con relación al distrito.

La petición deberá contener, además, una declaración de las razones que sustenten su petición y una súplica. La misma deberá ser jurada por el dueño o sus representantes legales.

En los casos que estime meritorios, la Autoridad citará a los peticionarios a una vista para considerar la petición de exclusión o reducción y a un representante de la entidad beneficiada. La Autoridad podrá consolidar todos los casos presentados individualmente que estén relacionados para facilitar su pronta solución.

-Junio 21, 1988, Núm. 44, p. 192, adicionado como art. 12 en Junio 24, 1998, Núm. 92, sec. 9, ef. 90 días después de Junio 24, 1998.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Vigencia.
Véase nota de vigencia bajo la sec. 1902 de este título. Exposición de motivos.

Véase Leyes de Puerto Rico de:
Junio 24, 1998, Núm. 92.

Cláusula derogatoria.
Veáse la nota bajo la sec. 1902 de este título.

3 L.P.R.A. § 1906e, PRS ST T. 3 § 1906e

**§ 1906e Petición para ser excluido del distrito de mejoramiento..., 3 L.P.R.A. § 1906e**

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                          © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1906f Vista sobre la petición de exclusión o reducción, 3 L.P.R.A. § 1906f

3 L.P.R.A. § 1906f

LEYES DE PUERTO RICO ANOTADAS *Currentness*
  TÍTULO 3. PODER EJECUTIVO
  CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
  **§ 1906f Vista sobre la petición de exclusión o reducción**

3 L.P.R.A. § 1906f

La vista sobre petición de exclusión o reducción será presidida por un oficial examinador quien dará igual oportunidad a todas las partes de presentar evidencia o argumentos que sustenten su reclamo.

Al finalizar la vista, el oficial examinador podrá:

(1) Declarar sin lugar la petición, debido a que los peticionarios no probaron por preponderancia de prueba que su propiedad debe ser excluida porque no recibe beneficio alguno o que deben reducirse los cargos por beneficios porque la propiedad recibe un beneficio menor al que la resolución le impone, o

(2) conceder la petición de excluir la propiedad del distrito o reducir los cargos por beneficios debido a que los peticionarios probaron su petición por preponderancia de la prueba, en cuyo caso deberá emitir una de las siguientes órdenes:

(a) En caso de exclusión, que se ordene la exclusión de toda o parte de la propiedad inmueble descrita en la petición basado en que la propiedad no se beneficia por la mejora realizada en el distrito.

(b) En caso de reducción, una orden cambiando los cargos por beneficios impuestos a toda o parte de la propiedad descrita en la petición.

En los casos señalados en las cláusulas (a) y (b) de este inciso se enviará copia de la resolución al Centro de Recaudación de Ingresos Municipales para que haga los cambios correspondientes.

-Junio 21, 1988, Núm. 44, p. 192, adicionado como art. 13 en Junio 24, 1998, Núm. 92, sec. 10, ef. 90 días después de Junio 24, 1998.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Vigencia.
Véase nota de vigencia bajo la sec. 1902 de este título. Exposición de motivos.

Véase Leyes de Puerto Rico de:
Junio 24, 1998, Núm. 92.

Cláusula derogatoria.

**§ 1906f Vista sobre la petición de exclusión o reducción, 3 L.P.R.A. § 1906f**

Veáse la nota bajo la sec. 1902 de este título.

3 L.P.R.A. § 1906f, PRS ST T. 3 § 1906f

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                                   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1906g Cobro de los cargos por el CRIM; gravamen sobre..., 3 L.P.R.A. § 1906g

3 L.P.R.A. § 1906g

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
    CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
    **§ 1906g Cobro de los cargos por el CRIM; gravamen sobre propiedad sujeta al pago de cargos**

3 L.P.R.A. § 1906g

Una vez se determine mediante resolución el monto de los cargos por beneficios a imponerse a cada una de las propiedades incluidas en el distrito, copia certificada de la misma será enviada al Centro de Recaudación de Ingresos Municipales, el cual procederá a imponer, notificar y cobrar los cargos por beneficios y remitirlos a la Autoridad dentro del término provisto en esta sección. Todas las disposiciones de las secs. 5001 et seq. del Título 21, conocidas como 'Ley de Contribución Municipal sobre la Propiedad de 1991', aplicables a las contribuciones sobre la propiedad inmueble serán aplicables a los cargos por beneficios, excepto las disposiciones relativas a exenciones, exoneraciones, descuento por pronto pago, fechas de pago y penalidades y las disposiciones de la sec. 5053 de Título 21.

El Centro de Recaudación de Ingresos Municipales tendrá hasta un máximo de ciento ochenta (180) días a partir de la fecha en que reciba la resolución de la Autoridad para notificar por correo regular a todos los dueños de las propiedades inmuebles incluidas en el distrito los cargos por beneficios a pagarse y la fecha de vencimiento de éstos. En los años subsiguientes y hasta que se complete el término durante el cual serán impuestos los cargos por beneficios provistos en la resolución de la Autoridad, el Centro de Recaudación de Ingresos Municipales notificará anualmente por correo regular a todos los propietarios la cantidad de cargos por beneficios a pagarse en dicho año y la fecha de vencimiento de éstos. En cada notificación se le informará a los propietarios de todas las consecuencias de no pagar en la fecha provista para el pago de los cargos por beneficios.

Por la presente se crea un Fondo Especial en el Banco Gubernamental de Fomento para Puerto Rico denominado 'Fondo de Distritos Especiales de Mejoramiento'. El Centro de Recaudación de Ingresos Municipales depositará en dicho fondo los cargos por beneficios recaudados conforme a este capítulo, pendiente su remisión a la Autoridad; Disponiéndose, que dicho Centro remitirá los fondos a la Autoridad en un plazo no mayor de noventa (90) días a partir de la fecha de su recibo.

El Centro de Recaudación de Ingresos Municipales retendrá el cinco por ciento (5% ) de todos los cargos por beneficios recaudados para cubrir los costos en que incurra en la imposición, notificación y recaudación de los cargos por beneficios.

Los cargos por beneficios impuestos sobre una propiedad conforme a las disposiciones de este capítulo y la resolución constituirán un gravamen legal tácito sobre dicha propiedad, el cual tendrá prioridad sobre cualesquiera otros gravámenes sobre la propiedad, irrespectivamente de su naturaleza, sean ésos impuestos sobre la propiedad antes o después del gravamen determinado por los cargos por beneficios y sobre cualquier tercer adquiriente aunque haya inscrito en el Registro de la Propiedad sus derechos, excepto que será inferior:

(a) Al gravamen fiscal que garantiza las deudas contributivas morosas transferidas conforme a los términos de la sec. 5924 del Título 21;

(b) al gravamen relacionado con las contribuciones sobre la propiedad impuesto por las secs. 5001 et seq. del Título 21, conocidas como 'Ley de Contribución Municipal sobre la Propiedad de 1991' o cualquier ley sucesora o relacionada, y

§ 1906g Cobro de los cargos por el CRIM; gravamen sobre..., 3 L.P.R.A. § 1906g

(c) a cualesquiera gravámenes constituidos antes de la vigencia de esta ley. Este gravamen legal tácito de cargos por beneficios recibidos sólo garantizará el pago de los cargos por beneficios descritos en la resolución. En caso de que un proyecto de infraestructura financiado mediante cargos por beneficios no se lleve a cabo, la entidad deberá devolver a los dueños de las propiedades inmuebles dentro del distrito de mejoramiento especial las cantidades que éstos hayan pagado a cargos por beneficio.

-Junio 21, 1988, Núm. 44, p. 192, adicionado como art. 14 en Junio 24, 1998, Núm. 92, sec. 11, ef. 90 días después de Junio 24, 1998.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Referencias en el texto.
La referencia a 'esta ley' en el texto es a la Ley de Junio 24, 1998, Núm. 92, que adicionó esta sección.

Vigencia.
Véase nota de vigencia bajo la sec. 1902 de este título. Exposición de motivos.

Véase Leyes de Puerto Rico de:
Junio 24, 1998, Núm. 92.

Cláusula derogatoria.
Véase la nota bajo la sec. 1902 de este título.

3 L.P.R.A. § 1906g, PRS ST T. 3 § 1906g

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

End of Document                                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

3 L.P.R.A. § 1906h

LEYES DE PUERTO RICO ANOTADAS *Currentness*
  TÍTULO 3. PODER EJECUTIVO
    CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
    **§ 1906h Fecha para el pago de cargos por beneficios; penalidades por demora; cantidad máxima de cargos por beneficios**

3 L.P.R.A. § 1906h

Los cargos por beneficios impuestos conforme a los términos de este capítulo serán pagaderos anualmente al Centro de Recaudación de Ingresos Municipales o su representante en la fecha provista por éste en la notificación que anualmente emita a dichos efectos conforme a lo provisto en la sec. 1906g de este título. Dichos cargos por beneficios se convertirán en morosos si no se satisfacen dentro de los treinta (30) días siguientes a la fecha de su vencimiento. Luego de transcurridos los antes mencionados treinta (30) días, los colectores o representantes autorizados del Centro de Recaudación de Ingresos Municipales recaudarán, en adición a dichos cargos por beneficios morosos y como parte de los mismos, los intereses sobre el monto de ésos, computados a razón del diez por ciento (10% ) anual a partir de la fecha fijada para el pago.

Dicha suma adicional por concepto de intereses deberá recaudarse conjuntamente con el principal de los cargos por beneficios que la originase, así como las costas de apremio si las hubiere. Tan pronto los cargos por beneficios se conviertan en morosos, el Centro de Recaudación de Ingresos Municipales, por conducto de sus agentes, procederá a embargar bienes muebles o inmuebles del dueño de la propiedad inmueble sujeta al pago de los cargos por beneficios morosos, en cantidad suficiente para responder del pago de éstos y deberá notificar al dueño de la propiedad inmueble afectada del embargo trabado inmediatamente.

El dueño de la propiedad inmueble podrá solicitar revisión ante la Sala Superior con competencia del Tribunal de Primera Instancia de Puerto Rico si entiende que ha ocurrido alguna irregularidad en la notificación de los cargos por beneficios o el embargo trabado por el Centro de Recaudación de Ingresos Municipales. Si el dueño de la propiedad no solicita la antes mencionada revisión, el Centro de Recaudación de Ingresos Municipales procederá, lo más pronto posible, a la venta en pública subasta de los bienes embargados para el cobro de los cargos por beneficios, incluyendo honorarios, costas e intereses, a partir del trigésimo primer día de la fecha de la notificación del embargo. La venta se llevará a cabo en la forma prescrita en las secs. 5103 y 5105 del Título 21.

En ningún momento se le impondrán a una propiedad incluida en un distrito o en varios distritos cargos por beneficios que, junto con cualquier otro cargo por beneficio que venga obligada a pagar, resulte en una suma anual mayor al dos por ciento (2% ) del valor tasado para fines contributivos de la propiedad inmueble en áreas residenciales y agrícolas, y al cuatro por ciento (4% ) del valor tasado para fines contributivos de la propiedad inmueble en áreas comerciales e industriales.

-Junio 21, 1988, Núm. 44, p. 192, adicionado como art. 15 en Junio 24, 1998, Núm. 92, sec. 12, ef. 90 días después de Junio 21, 1988.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Vigencia.
Véase la nota bajo la sec. 1902 de este título. Exposición de motivos.

**§ 1906h Fecha para el pago de cargos por beneficios;..., 3 L.P.R.A. § 1906h**

Véase Leyes de Puerto Rico de:
Junio 24, 1998, Núm. 92.


Cláusula derogatoria.
Véase la nota bajo la sec. 1902 de este título.


3 L.P.R.A. § 1906h, PRS ST T. 3 § 1906h

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**          © 2019 Thomson Reuters. No claim to original U.S. Government Works.

3 L.P.R.A. § 1906i

LEYES DE PUERTO RICO ANOTADAS *Currentness*
  TÍTULO 3. PODER EJECUTIVO
  CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
  **§ 1906i Término para incoar pleitos; procedimiento para impugnar la validez o legalidad del establecimiento del distrito; cláusula de impugnabilidad**

3 L.P.R.A. § 1906i

Cualquier pleito o procedimiento para impugnar, cuestionar, o negar la validez o legalidad del establecimiento de un distrito especial de mejoramiento, de la emisión de cualesquiera bonos emitidos conforme a este capítulo, o de cualquier procedimiento relacionado con éstos, deberá comenzarse dentro de los sesenta (60) días siguientes a la publicación en un periódico de circulación general de la resolución que crea el distrito; de lo contrario, el establecimiento del distrito, la emisión de bonos y cualquier otro procedimiento relacionado con éstos serán en todos sus aspectos válidos, legales e intacables. Nada de lo dispuesto en esta sección afectará el término provisto en la sec. 1907 de este título al dueño de la propiedad inmueble para solicitar la revisión de la notificación de los cargos por beneficios o cualquier embargo trabado en la Sala Superior con competencia del Tribunal de Primera Instancia de Puerto Rico.

-Junio 21, 1988, Núm. 44, p. 192, adicionado como art. 16 en Junio 24, 1998, Núm. 92, sec. 13, ef. 90 días después de Junio 24, 1998.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Vigencia.
Véase la nota bajo la sec. 1902 de este título. Exposición de motivos.

Véase Leyes de Puerto Rico de:
Junio 24, 1998, Núm. 92.

Cláusula derogatoria.
Véase la nota bajo la sec. 1902 de este título.

3 L.P.R.A. § 1906i, PRS ST T. 3 § 1906i

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1906j Contenido de escrituras o contratos, 3 L.P.R.A. § 1906j

3 L.P.R.A. § 1906j

LEYES DE PUERTO RICO ANOTADAS Currentness
 TÍTULO 3. PODER EJECUTIVO
  CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
   **§ 1906j Contenido de escrituras o contratos**

3 L.P.R.A. § 1906j

Todo contrato o escritura de compraventa, cesión o donación de terrenos, de cualquier clase de edificación o apartamento que forme parte de un distrito especial de mejoramiento deberá contener la expresión de que el comprador, cesionario o donatario conoce y observará plenamente los preceptos de este capítulo y la resolución que establecen e imponen los cargos por beneficios, según aplicable.

-Junio 21, 1988, Núm. 44, p. 192, adicionado como art. 17 en Junio 24, 1998, Núm. 92, sec. 14, ef. 90 días después de Junio 24, 1998.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Vigencia.
Véase la nota bajo la sec. 1902 de este título. Exposición de motivos.

Véase Leyes de Puerto Rico de:
Junio 24, 1998, Núm. 92.

Cláusula derogatoria.
Véase la nota bajo la sec. 1902 de este título.

3 L.P.R.A. § 1906j, PRS ST T. 3 § 1906j

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

3 L.P.R.A. § 1907

LEYES DE PUERTO RICO ANOTADAS *Currentness*
 TÍTULO 3. PODER EJECUTIVO
  CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
   **§ 1907 Bonos de la Autoridad**

3 L.P.R.A. § 1907

La Autoridad queda por la presente autorizada a emitir bonos de tiempo en tiempo por aquellas cantidades de principal que en opinión de la Autoridad sean necesarias para proveer suficientes fondos para financiar la infraestructura, incluyendo, pero no limitado a, todos los gastos de desarrollo y diseño de proyectos de infraestructura, para el repago de obligaciones de, o para proveer asistencia económica a corporaciones públicas, municipios, subdivisiones políticas e instrumentalidades del Estado Libre Asociado que proveen la infraestructura, para pagar intereses sobre sus bonos, por aquel período que determine la Autoridad, y para el pago de aquellos otros gastos de la Autoridad, o de aquellas entidades beneficiadas, incluyendo, pero no limitado a, capital de trabajo, que sean incidentales, necesarios o convenientes para efectuar sus propósitos y poderes corporativos y para el pago de cualquier gasto de emisión y para establecer reservas para garantizar dichos bonos. La Autoridad podrá también emitir bonos para adquirir o refinanciar obligaciones de cualquier entidad beneficiada.

(a) Los bonos emitidos por la Autoridad podrán hacerse pagaderos del total o de parte de los ingresos brutos o netos y de otros ingresos derivados por la Autoridad que, sujeto a las disposiciones de la Sección 8 del Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico, podrá incluir el producto de cualquier impuesto u otros fondos que se hagan disponibles a la Autoridad por parte del Estado Libre Asociado, todo según provisto en el contrato de fideicomiso o resolución bajo el cual los bonos son emitidos. El principal de, e intereses sobre los bonos emitidos por la Autoridad podrá ser garantizado mediante la pignoración del total o parte de cualesquiera ingresos de la Autoridad que, sujeto a las disposiciones de la Sección 8 del Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico, podrá incluir el producto de cualquier impuesto u otros fondos que se hagan disponibles a la Autoridad por parte del Estado Libre Asociado, todo según provisto en el contrato de fideicomiso o resolución bajo el cual los bonos son emitidos. Dicha pignoración será válida y obligatoria desde el momento que se haga sin necesidad de que medie un documento público o notarizado. Los ingresos así gravados, incluyendo aquellos que la Autoridad reciba posteriormente, estarán inmediatamente sujetos a dicho gravamen sin la necesidad de la entrega física de los mismos o de cualquier otro acto, y dicho gravamen será válido y obligatorio y prevalecerá contra cualquier tercero que tenga reclamación de cualquier clase por daños, incumplimiento de contrato u otro motivo contra la Autoridad, irrespectivamente de que dicho tercero no haya sido notificado al respecto. Ni el contrato de fideicomiso o la resolución, ni cualquier contrato colateral mediante el cual los derechos de la Autoridad sobre cualquier ingreso sean pignorados o cedidos tendrán que ser presentados o inscritos para perfeccionar el gravamen sobre los mismos contra cualquier tercero, excepto en los archivos de la Autoridad. La resolución o resoluciones autorizando la emisión de bonos o el contrato de fideicomiso garantizando los mismos podrá contener disposiciones, las cuales serán parte del contrato con los tenedores de los bonos emitidos bajo dicha resolución o resoluciones o bajo dicho contrato de fideicomiso, con respecto a la garantía y creación de gravamen sobre los ingresos y activos de la Autoridad, la creación y mantenimiento de fondos de redención y reservas, limitaciones relativas a los propósitos para los cuales podrá usarse el producto de los bonos, limitaciones en cuanto a la emisión de bonos adicionales, limitaciones en cuanto a la introducción de enmiendas o suplementos a la resolución o resoluciones o al contrato de fideicomiso, a la concesión de derechos, facultades y privilegios y la imposición de obligaciones y responsabilidades al fiduciario bajo cualquier contrato de fideicomiso o resolución, los derechos, facultades, obligaciones y responsabilidades que habrán de surgir en la eventualidad de un incumplimiento de cualquier obligación bajo dicha resolución o resoluciones o bajo dicho contrato de fideicomiso, o con respecto a cualesquiera derechos, facultades o privilegios conferidos a los tenedores de bonos como garantía de los mismos para aumentar la vendibilidad de los bonos.

(b) Los bonos podrán ser autorizados mediante resolución o resoluciones de la Junta. Podrán ser en serie o series, llevar aquella fecha o fechas, vencer en el plazo o los plazos que no excedan de cincuenta (50) años desde sus respectivas fechas de

§ 1907 Bonos de la Autoridad, 3 L.P.R.A. § 1907

emisión y devengar intereses, si alguno, a aquella tasa o tasas de interés (que podrán ser fijas o variables) que no excedan de la tasa máxima entonces permitida por ley. Los bonos podrán ser pagaderos en el lugar o lugares, ya sea dentro o fuera del Estado Libre Asociado, podrán ser de aquella denominación o denominaciones y en aquella forma, ya sea de cupones o registrados, podrán tener aquellos privilegios de registro o conversión, podrán ser emitidos en forma de bonos sin certificados, podrán otorgarse de la manera, podrán ser pagaderos por el medio de pago, podrán estar sujetos a los términos de redención, con o sin prima, podrán proveer para el reemplazo de bonos mutilados, destruidos, robados o perdidos, podrán ser autenticados en aquella manera y al cumplirse con aquellas condiciones y podrán contener aquellos términos y condiciones, y podrán ser emitidos en forma temporera, pendiente la ejecución y entrega de bonos definitivos que la resolución o resoluciones o los términos del contrato de fideicomiso puedan proveer. Los bonos podrán ser cambiados por obligaciones de la entidad beneficiada o podrán ser vendidos en ventas públicas o privadas al precio o precios que la Autoridad determine; Disponiéndose, sin embargo, que los bonos de refinanciamiento podrán ser vendidos o cambiados por bonos de la Autoridad o de la entidad beneficiada en circulación bajo aquellos términos que en opinión de la Autoridad respondan a sus mejores intereses.

(c) El producto de la venta de los bonos de cada emisión será desembolsado en la forma y bajo las restricciones, si algunas, que la Autoridad disponga en la resolución o resoluciones autorizando la emisión de bonos o en el contrato de fideicomiso que garantiza dichos bonos.

(d) Los bonos de la Autoridad que lleven la firma de los oficiales de la Autoridad en ejercicio de sus cargos en la fecha de la firma de los mismos constituirán obligaciones válidas e ineludibles, aun cuando antes de la entrega de y pago por dichos bonos cualesquiera a todos los oficiales cuyas firmas o facsímil de las firmas aparezcan en los mismos hayan cesado como tales oficiales de la Autoridad. Cualquier resolución o contrato de fideicomiso que garantice los bonos podrá proveer que cualesquiera de dichos bonos pueda contener una mención al efecto de que fue emitido de acuerdo a las disposiciones de este capítulo, y cualquier bono que contenga dicha mención bajo la autoridad de tal contrato de fideicomiso o resolución se considerará concluyentemente que es válido y que fue emitido conforme a las disposiciones de este capítulo. Ni los miembros de la Junta de la Autoridad ni ninguna persona que otorgue los bonos serán responsables personalmente de tales bonos, ni estarán sujetos a responsabilidad civil alguna por la emisión de dichos bonos.

-Junio 21, 1988, Núm. 44, p. 192, art. 8, renumerado como art. 18 y enmendado en Junio 24, 1998, Núm. 92, secs. 5 y 15.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Codificación.
El inciso (b) de esta sección se consigna tal como aparece en el original de la Ley de Junio 21, 1988, Núm. 44, p. 192, cuyo art. 8 constituye esta sección. Enmiendas **-1998.**

La ley de 1998 enmendó esta sección en términos generales.

Vigencia.
Véase la nota bajo la sec. 1902 de este título. Exposición de motivos.

Véase Leyes de Puerto Rico de:
Junio 24, 1998, Núm. 92.

Cláusula derogatoria.
Véase la nota bajo la sec. 1902 de este título.

**§ 1907 Bonos de la Autoridad, 3 L.P.R.A. § 1907**

Disposiciones constitucionales.

Sección 8, Artículo VI, véase la Constitución del Estado Libre Asociado, precediendo al Título 1.

3 L.P.R.A. § 1907, PRS ST T. 3 § 1907

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1908 Bonos de refinanciamiento, 3 L.P.R.A. § 1908

3 L.P.R.A. § 1908

LEYES DE PUERTO RICO ANOTADAS *Currentness*
  TÍTULO 3. PODER EJECUTIVO
  CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
    **§ 1908 Bonos de refinanciamiento**

3 L.P.R.A. § 1908

La Autoridad queda por la presente autorizada a emitir bonos de refinanciamiento de la Autoridad con el propósito de refinanciar aquellos bonos que estén vigentes y en circulación en ese momento y que hayan sido emitidos bajo las disposiciones de este capítulo, incluyendo el pago de cualquier prima de redención en relación con los mismos y cualquier interés acumulado o que se acumule a la fecha de redención o vencimiento de dichos bonos y, si la Autoridad lo considera aconsejable, para cualesquiera de los propósitos para los cuales puede emitir bonos. La emisión de tales bonos, los vencimientos y otros detalles con respecto a los mismos, los derechos de los tenedores de dichos bonos y los derechos, deberes y obligaciones de la Autoridad con respecto a los mismos estarán regidos por las disposiciones de este capítulo que se relacionen a la emisión de bonos en tanto y en cuanto tales disposiciones serán aplicables.

Los bonos de refinanciamiento emitidos bajo esta sección podrán ser vendidos o permutados por bonos vigentes emitidos bajo este capítulo y, de ser vendidos, el producto de dicha venta podrá destinarse, en adición a cualquier propósito autorizado, a la compra, redención o pago de dichos bonos vigentes y en circulación y podrá ser invertido pendiente de dicha aplicación. Los bonos de refinanciamiento podrán ser emitidos, a discreción de la Autoridad, en cualquier momento en o antes de la fecha de vencimiento o vencimientos o la fecha seleccionada para la redención de los bonos que estén siendo refinanciados.

-Junio 21, 1988, Núm. 44, p. 192, art. 9, renumerado como art. 19 en Junio 24, 1998, Núm. 92, sec. 16.

3 L.P.R.A. § 1908, PRS ST T. 3 § 1908

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                        © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1909 Exención contributiva, 3 L.P.R.A. § 1909

3 L.P.R.A. § 1909

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
    CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
    **§ 1909 Exención contributiva**

3 L.P.R.A. § 1909

(a) Se resuelve y declara que los fines para los cuales se crea la Autoridad y para los cuales ejercerá sus poderes son propósitos públicos para el beneficio del Pueblo de Puerto Rico, y el ejercicio de los poderes conferidos bajo este capítulo constituye el cumplimiento de funciones gubernamentales esenciales.

La Autoridad estará exenta del pago de todas las contribuciones, patentes, cargos o licencias impuestas por el Estado Libre Asociado o sus municipios sobre las propiedades de la Autoridad y sobre aquéllas bajo la jurisdicción, potestad, control, dominio, posesión o supervisión de la Autoridad y sobre los ingresos obtenidos de cualesquiera de las empresas o actividades de la Autoridad. La Autoridad pagará arbitrios sobre artículos de uso y consumo sujeto a lo dispuesto en la Ley de Octubre 8, 1987, Núm. 5, conocida como 'Ley de Arbitrios del Estado Libre Asociado de Puerto Rico de 1987'.

(b) Para facilitarle a la Autoridad la obtención de fondos para realizar sus propósitos corporativos, los bonos emitidos por la Autoridad bajo las disposiciones de este capítulo, su transferencia y el ingreso que de ellos provenga, incluyendo cualquier ganancia realizada de la venta de los mismos, estarán y permanecerán en todo momento exentos del pago de todas las contribuciones, patentes o cargos impuestos por el Estado Libre Asociado o cualquiera de sus municipios.

(c) La Autoridad o cualquier entidad beneficiada estará también exenta del pago de todo tipo de cargos, sellos y comprobantes de rentas internas, aranceles, contribuciones o impuestos de toda naturaleza requeridos por ley para la tramitación de procedimientos judiciales, la producción de certificados en toda oficina o dependencia del Estado Libre Asociado, y el otorgamiento de documentos públicos y su inscripción en cualquier registro público del Estado Libre Asociado.

-Junio 21, 1988, Núm. 44, p. 192, art. 10, renumerado como art. 20 en Junio 24, 1998, Núm. 92, sec. 16.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Referencias en el texto.
La Ley Núm. 5 de Octubre 8, 1987, mencionada en el texto de esta sección, anteriores secs. 7001 et seq. del Título 13, fue derogada por la Ley Núm. 120 de Octubre 31, 1994.

3 L.P.R.A. § 1909, PRS ST T. 3 § 1909

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**§ 1909 Exención contributiva, 3 L.P.R.A. § 1909**

End of Document

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1910 Exclusión de responsabilidad, 3 L.P.R.A. § 1910

3 L.P.R.A. § 1910

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
  CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
    **§ 1910 Exclusión de responsabilidad**

3 L.P.R.A. § 1910

Los bonos emitidos por la Autoridad no constituirán una deuda del Estado Libre Asociado ni de ninguna de sus subdivisiones políticas, y ni el Estado Libre Asociado ni sus subdivisiones políticas serán responsables por los mismos, y dichos bonos serán pagaderos solamente de aquellos fondos que hayan sido comprometidos para su pago.

La Autoridad no se considerará que está actuando a nombre de o que ha incurrido en obligación alguna hacia los tenedores de cualquier deuda del Estado Libre Asociado o de cualquier entidad beneficiada o hacia terceros, aun cuando la Autoridad haya tomado alguna acción bajo este capítulo que afecte a dicha entidad beneficiada.

-Junio 21, 1988, Núm. 44, p. 192, art. 11, renumerado como art. 21 en Junio 24, 1998, Núm. 92, sec. 16.

3 L.P.R.A. § 1910, PRS ST T. 3 § 1910

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1911 Contrato de fideicomiso, 3 L.P.R.A. § 1911

3 L.P.R.A. § 1911

LEYES DE PUERTO RICO ANOTADAS *Currentness*
  TÍTULO 3. PODER EJECUTIVO
  CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
  **§ 1911 Contrato de fideicomiso**

3 L.P.R.A. § 1911

A discreción de la Autoridad, cualesquiera bonos emitidos bajo las disposiciones de este capítulo podrán ser garantizados por un contrato de fideicomiso por y entre la Autoridad y cualquier banco o compañía de fideicomiso descrita en el próximo párrafo, el cual podrá ser un banco o una compañía de fideicomiso dentro o fuera del Estado Libre Asociado. No obstante cualquier disposición de ley en contrario, dicho contrato de fideicomiso no tendrá que ser constituido mediante escritura pública para que constituya un fideicomiso válido bajo las leyes del Estado Libre Asociado.

Será legal para cualquier banco o compañía de fideicomiso incorporada bajo las leyes del Estado Libre Asociado, Estados Unidos de América o cualquier estado de los Estados Unidos de América que actúe como depositario del producto de los bonos, ingresos u otros dineros, otorgar aquellas fianzas de indemnización o dar en garantía aquellos valores que le requiera la Autoridad. Además de lo anterior, el contrato de fideicomiso podrá contener todas aquellas disposiciones que la Autoridad considere razonables y apropiadas para la seguridad de los tenedores de los bonos.

-Junio 21, 1988, Núm. 44, p. 192, art. 12, renumerado como art. 22 en Junio 24, 1998, Núm. 92, sec. 16.

3 L.P.R.A. § 1911, PRS ST T. 3 § 1911

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1912 Traspaso, asistencia y cargos pagados por otras..., 3 L.P.R.A. § 1912

3 L.P.R.A. § 1912

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
  CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
  **§ 1912 Traspaso, asistencia y cargos pagados por otras entidades beneficiadas**

3 L.P.R.A. § 1912

Con sujeción a las disposiciones de contratos de fideicomisos, resoluciones u otros acuerdos en vigor a la fecha de vigencia de esta ley, cualquier entidad beneficiada está autorizada a:

(a) Ceder y traspasar a la Autoridad, a requerimiento de ésta y bajo los términos y condiciones que las partes acuerden, cualquier propiedad o interés sobre la misma, incluyendo propiedad ya dedicada a uso público que la Autoridad estime necesario o conveniente para lograr sus objetivos. Toda cesión o traspaso de propiedad de acuerdo a las disposiciones de este inciso deberá ser aprobada previamente por el Gobernador de Puerto Rico y notificada a la Asamblea Legislativa, no más tarde de los cinco (5) días laborables siguientes a la fecha en que el Gobernador apruebe la cesión o traspaso de la propiedad de que se trate, mediante la presentación ante la Secretaría de cada una de las Cámaras de un escrito certificado por el Secretario de la Junta donde se haga constar una descripción de la propiedad cedida o traspasada y las razones para tal transferencia o cesión.

(b) Dar en garantía sus ingresos y cualquier otra propiedad para el pago de bonos emitidos por la Autoridad.

(c) Proveer a la Autoridad toda clase de servicios incluyendo los de sus oficiales, agentes y empleados para ayudarla a desempeñar sus funciones y deberes bajo este capítulo. Al rendir los servicios que se autorizan por medio de este capítulo, la Autoridad queda facultada a fijar y cobrar cargos por los servicios prestados a la entidad beneficiada y ésta será responsable por el pago de dichos cargos y por el reembolso de cualquier gasto incurrido por la Autoridad para proveerle servicios a la entidad beneficiada.

-Junio 21, 1988, Núm. 44, p. 192, art. 13, renumerado como art. 23 en Junio 24, 1998, Núm. 92, sec. 16.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Referencias en el texto.
La referencia a 'la fecha de vigencia de esta ley es a la Ley de Junio 21, 1988, Núm. 44.

3 L.P.R.A. § 1912, PRS ST T. 3 § 1912

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1913 Convenio del Estado Libre Asociado con los tenedores..., 3 L.P.R.A. § 1913

3 L.P.R.A. § 1913

LEYES DE PUERTO RICO ANOTADAS Currentness
 TÍTULO 3. PODER EJECUTIVO
  CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
   **§ 1913 Convenio del Estado Libre Asociado con los tenedores de bonos**

3 L.P.R.A. § 1913

El Estado Libre Asociado se compromete y acuerda con los tenedores de cualesquiera bonos emitidos bajo este capítulo y con las personas o entidades que contraten con la Autoridad de acuerdo a las disposiciones de este capítulo, que no limitará ni alterará los derechos aquí conferidos a la Autoridad hasta que dichos bonos y los intereses sobre los mismos queden totalmente satisfechos y dichos contratos sean totalmente cumplidos y honrados por parte de la Autoridad; Disponiéndose, sin embargo, que nada de lo aquí provisto afectará y alterará tal limitación si se disponen por ley medidas adecuadas para la protección de dichos tenedores de bonos de la Autoridad o de aquellos que hayan contratado con la Autoridad. La Autoridad, en calidad de agente del Estado Libre Asociado, queda autorizada a incluir esta promesa por parte del Estado Libre Asociado en los referidos bonos o contratos.

-Junio 21, 1988, Núm. 44, p. 192, art. 14, renumerado como art. 24 en Junio 24, 1998, Núm. 92, sec. 16.

3 L.P.R.A. § 1913, PRS ST T. 3 § 1913

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                            © 2019 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.   45

§ 1914 Depósito especial, 3 L.P.R.A. § 1914

3 L.P.R.A. § 1914

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
  CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
    § 1914 Depósito especial

3 L.P.R.A. § 1914

Comenzando con el Año Fiscal 1988-89, no obstante las disposiciones del Artículo 29A de la Ley Núm. 143 de 30 de junio de 1969, según enmendada, los primeros recaudos de los arbitrios federales enviados al Departamento de Hacienda de Puerto Rico en cada año fiscal, de acuerdo a la Sección 7652(a)(3) del Código de Rentas Internas de Estados Unidos de 1986, según enmendado, hasta una cantidad máxima de treinta millones de dólares ($30,000,000), en el caso del Año Fiscal 1988-89, hasta una cantidad máxima de cuarenta millones de dólares ($40,000,000), en el caso de los Años Fiscales 1989-90 al 1996-97, hasta una cantidad máxima de sesenta millones de dólares ($60,000,000), en el caso del Año Fiscal 1997-98, hasta una cantidad máxima de setenta millones de dólares ($70,000,000), en el caso de los Años Fiscales 1998-1999 al 2005-06, y hasta una cantidad máxima de noventa millones de dólares ($90,000,000), en el caso de los Años Fiscales 2006-07 al 2008-09, y en los años subsiguientes hasta el Año Fiscal 2056-57 la participación será hasta una cantidad de ciento diecisiete millones de dólares ($117,000,000), los cuales ingresarán al momento de ser recibidos por el Departamento de Hacienda de Puerto Rico en un Fondo Especial a ser mantenido por o a nombre de la Autoridad, designado el 'Fondo de la Infraestructura de Puerto Rico' y se utilizarán por la Autoridad para sus propósitos corporativos, lo cual incluirá el desarrollo de la infraestructura necesaria y conveniente para la realización de los Juegos Centroamericanos y del Caribe Mayagüez 2010. En caso de que los recaudos de dichos arbitrios federales sean insuficientes para cubrir las cantidades aquí asignadas, el Secretario de Hacienda queda autorizado a cubrir tal deficiencia de cualesquiera fondos disponibles y el Director de la Oficina de Gerencia y Presupuesto, a solicitud de la Autoridad para el Financiamiento de la Infraestructura, incluirá en el presupuesto recomendado del año fiscal correspondiente las asignaciones necesarias para cubrir dichas deficiencias.

Se faculta a la Autoridad a segregar una porción de dichos Fondos en una (1) o más subcuentas y a pignorar todo o parte de los fondos en una (1) o más subcuentas, sujeto a las disposiciones de la Sec. 8 del Art. VI de la Constitución del Estado Libre Asociado de Puerto Rico, para el pago del principal e intereses de bonos y de otras obligaciones de la Autoridad, o para el pago de bonos y otras obligaciones emitidas por una entidad beneficiada, o para cualquier otro propósito legal de la Autoridad. Los dineros del Fondo Especial podrán utilizarse para el pago de intereses y para la amortización de la deuda pública del Estado Libre Asociado, según dispone dicha Sec. 8, solamente cuando los demás recursos disponibles, mencionados en dicha Sección, no sean suficientes para tales propósitos.

-Junio 21, 1988, Núm. 44, p. 192, art. 15; Julio 7, 1997, Núm. 32, sec. 5; renumerado como art. 25 en Junio 24, 1998, Núm. 92, sec. 16; Agosto 7, 2002, Núm. 111, art. 1; Julio 9, 2006, Núm. 119, sec. 1.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Referencias en el texto.
El art. 29A de la Ley Núm. 143 de 1969 es la anterior sec. 6029a del Título 13, derogada por la Ley de Septiembre 4, 1998, Núm. 265, art. 14.

La Sección 7652(a)(3) del Código de Rentas Internas de Estados Unidos de 1986, según enmendado, mencionada en el texto, aparece codificada bajo 26 USCS § 7652(a)(3). Enmiendas -2006.

§ 1914 Depósito especial, 3 L.P.R.A. § 1914

Primer párrafo: La ley de 2006, en la primera oración, sustituyó 'subsiguientes hasta el Año Fiscal 2051-52' con '2006-07 al 2008-09, y en los años subsiguientes hasta el Año Fiscal 2056-57 la participación será hasta una cantidad de ciento diecisiete millones de dólares ($117,000,000), los cuales' después de 'años fiscales', y añadió 'lo cual incluirá el desarrollo de la infraestructura necesaria y conveniente para la realización de los Juegos Centroamericanos y del Caribe Mayagüez 2010' después de 'propósitos corporativos'. **-2002.**

La ley de 2002 enmendó el primer párrafo en términos generales. **-1997.**

La ley de 1997 enmendó el primer párrafo de esta sección en términos generales. Exposición de motivos.

Véase Leyes de Puerto Rico de:
Julio 7, 1997, Núm. 32.

Agosto 7, 2002, Núm. 111.

Julio 9, 2006, Núm. 119.

Cláusula derogatoria.
Véase la nota bajo la sec. 1901 de este título.

Disposiciones constitucionales.
Sección 8, Artículo VI, véase la Constitución del Estado Libre Asociado, precediendo al Título 1.

Contrarreferencias.
Hacienda, Departamento de, véanse las secs. 231a et seq. de este título.

3 L.P.R.A. § 1914, PRS ST T. 3 § 1914

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1914a Fondo de Desarrollo de Infraestructura, 3 L.P.R.A. § 1914a

---

3 L.P.R.A. § 1914a

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
    CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
    **§ 1914a Fondo de Desarrollo de Infraestructura**

3 L.P.R.A. § 1914a

(a) Por la presente se crea, dentro y bajo el control y custodia de la Autoridad, un fondo en fideicomiso público, especial, irrevocable y permanente, para el beneficio continuo del pueblo de Puerto Rico, que se conocerá como el Fondo de Desarrollo de Infraestructura. La Autoridad tendrá el poder de hacer desembolsos de dicho Fondo de Desarrollo a tono con los propósitos de este capítulo y las disposiciones de las secs. 431 et seq. del Título 27 y de esta sección. La Autoridad podrá conceder asistencia de acuerdo con las disposiciones de esta sección a cualquier corporación pública, instrumentalidad gubernamental, subdivisión política o municipio autorizado por ley a proveer facilidades de infraestructura relacionadas con los sistemas de acueductos y alcantarillados, incluyendo todos los sistemas para suplir, tratar y distribuir agua, sistemas de tratamiento y eliminación de aguas de albañal y mejoras que sean financiadas al amparo de las disposiciones de la Ley Federal de Agua Limpia, y la Ley Federal de Agua Potable o cualquier otra legislación o reglamento federal similar o relacionado.

La Autoridad deberá crear dentro del Fondo de Desarrollo una cuenta llamada 'Cuenta del Corpus', el principal de la cual podrá utilizarse según proveen los incisos (j) y (k) de esta sección; Disponiéndose, que todo ingreso (incluyendo ingreso de intereses) recibido de las inversiones de dinero depositado en dicha cuenta podrá ser depositado en cualesquiera de las cuentas adicionales, según se define en este capítulo.

Se faculta además a la Autoridad para:

(1) Crear dentro del Fondo de Desarrollo cualesquiera otras cuentas que sean necesarias para llevar a cabo los propósitos de este capítulo, conocidas en adelante como las 'Cuentas Adicionales', y segregar una porción del dinero depositado a crédito del Fondo de Desarrollo en dichas cuentas.

(2) Otorgar préstamos o concesiones o proveer cualquiera otra asistencia financiera, según dispuesto en los incisos (c) al (f) de esta sección.

(3) Emitir, con el propósito de proveer fondos para pagar todo o parte del costo de cualquier proyecto necesario de desarrollo de infraestructura, bonos u otras obligaciones de la Autoridad en los mismos términos y condiciones y con los mismos derechos y beneficios provistos en otras disposiciones de este capítulo y en relación con lo anterior.

(4) Pignorar con el mismo efecto que se dispone en otras secciones de este capítulo todo o parte de tal dinero segregado en cualesquiera de las Cuentas Adicionales así creadas para el pago del principal de, e intereses sobre, tales bonos u otras obligaciones.

(5) Pignorar con el mismo efecto que el dispuesto en otras secciones de este capítulo todo o parte de tal dinero segregado en cualesquiera de las cuentas adicionales así creadas para el pago (incluyendo la provisión para el pago hasta el vencimiento o resolución) o el refinanciamiento de bonos u otras obligaciones de la Autoridad o cualquier otra corporación pública, municipio, subdivisión política o instrumentalidad gubernamental, o

§ 1914a Fondo de Desarrollo de Infraestructura, 3 L.P.R.A. § 1914a

(6) usar tal dinero así segregado en cualesquiera de las Cuentas Adicionales así creadas para cualquier otro propósito legal de la Autoridad.

Pendiente su uso para los propósitos de, y sujeto a, las condiciones especificadas en este capítulo, cualquier cantidad de dinero depositada a crédito del Fondo de Desarrollo hasta mil millones de dólares ($1,000,000,000) se deberá invertir: (1) en obligaciones directas de los Estados Unidos o (2) en obligaciones cuyo principal e intereses estén incondicionalmente garantizados por los Estados Unidos o (3) en certificados de depósito de cualquier banco, asociación bancaria nacional o compañía de fideicomiso organizado y existiendo bajo las leyes de Puerto Rico, de los Estados Unidos o cualquiera de sus estados y que estén completamente aseguradas hasta el monto no asegurado por el seguro federal de depósitos por obligaciones directas de, u obligaciones cuyo principal e intereses estén incondicionalmente garantizados por los Estados Unidos o (4) en obligaciones exentas de contribuciones de cualquier estado, instrumentalidad, agencia o subdivisión política de Puerto Rico o de los Estados Unidos o (5) en acuerdos o contratos de inversión con el Banco Gubernamental de Fomento para Puerto Rico o con cualquier institución aprobada por éste. El dinero del Fondo de Desarrollo se podrá invertir en cualquier obligación o instrumento aprobado por el Banco Gubernamental de Fomento conforme a las secs. 1261 et seq. del Título 7. Cualquier cantidad de dinero depositada a crédito del Fondo de Desarrollo en exceso de mil millones de dólares ($1,000,000,000) deberá ser invertida en los instrumentos financieros antes mencionados o en cualesquiera otros instrumentos financieros (incluyendo, pero no limitado a, acciones comunes o preferidas cotizadas en los mercados de valores nacionales o internacionales); Disponiéndose, que el dinero depositado a crédito del Fondo de Desarrollo no podrá ser invertido en cualesquiera valores o transacciones expresamente prohibidas por cualesquiera guías de inversión aplicables a la Autoridad, promulgadas por el Banco Gubernamental de Fomento conforme a las secs. 1261 et seq. del Título 7.

(b)

(1) Se depositarán a crédito del Fondo de Desarrollo:

(A) La porción del producto neto de la venta de los activos de la Autoridad de Teléfonos de Puerto Rico, que la Asamblea Legislativa de Puerto Rico autorice depositar para garantizar la base de capital permanente del Fondo de Desarrollo, la cual deberá ser depositada en la Cuenta del Corpus.

(B) Todos los recibos, incluyendo pago de principal e intereses, de cualquier acuerdo de préstamo, relacionado con cualquier préstamo efectuado por la Autoridad con dinero depositado a crédito del Fondo de Desarrollo, no perteneciente a la Cuenta del Corpus.

(C) Todo el producto de activos de cualquier naturaleza recibido por la Autoridad como resultado del incumplimiento o mora con respecto a acuerdos de préstamos relacionados con préstamos efectuados con dinero depositado a crédito del Fondo de Desarrollo, incluyendo el producto de la venta, disposición o arrendamiento de propiedad mueble o inmueble que la Autoridad pueda recibir como resultado de tal incumplimiento o mora.

(D) Cualesquiera asignaciones de la Asamblea Legislativa de Puerto Rico u otras asignaciones, concesiones, donaciones u otras contribuciones efectuadas por cualquier persona al Fondo de Desarrollo.

(E) Todo ingreso (incluyendo ingreso de intereses) recibido de inversiones de dinero depositado en el Fondo de Desarrollo. Sin embargo cualquier ingreso del Fondo de Desarrollo será utilizado, en primer lugar para pagar el principal, la prima y el interés de cualesquiera bonos que hayan sido emitidos o por emitirse, según se dispone en el inciso (a) de esta sección y que cualquier excedente del ingreso que no sea necesario para cubrir el monto de tales pagos se deposite en la Cuenta del Corpus hasta la cantidad que sea necesaria para preservar intacta la base de capital de la Cuenta del Corpus a su valor presente al año 1999.

§ 1914a Fondo de Desarrollo de Infraestructura, 3 L.P.R.A. § 1914a

(2) Exceptuando lo provisto en la cláusula (1)(A) de este inciso, la Autoridad, sujeto a cualquier obligación legal o contractual vigente en tal momento, determinará en cuáles cuentas dentro del Fondo de Desarrollo se harán todos o parte de dichos depósitos.

(c) La Autoridad está autorizada para otorgar préstamos o concesiones a, o en nombre de, cualquier corporación pública, municipio, subdivisión política o instrumentalidad gubernamental con el propósito de financiar o facilitar el financiamiento de proyectos de desarrollo de infraestructura, incluyendo préstamos y concesiones a, o en nombre de, proyectos de desarrollo de infraestructura con el propósito de facilitar el acceso a, o reducir los costos de financiamiento de, otras fuentes de financiamiento ya sea tomando dinero prestado de diversas fuentes, obteniendo respaldos crediticios, participaciones o subsidios para los costos del financiamiento.

(d) La Autoridad está autorizada para conceder subsidios de intereses a cualquier corporación pública, municipio, subdivisión política o instrumentalidad gubernamental que haya solicitado exitosamente el financiamiento de préstamos para proyectos de desarrollo de infraestructura de otros intermediarios y programas de financiamiento federales y de Puerto Rico. La Autoridad sólo concederá subsidios de intereses a, o en nombre de, un proyecto de desarrollo de infraestructura cuando se haya determinado que el subsidio de intereses es justificado para permitir el financiamiento total del proyecto.

(e) La Autoridad está autorizada para otorgar préstamos y concesiones de respaldo crediticio a cualquier corporación pública, municipio, subdivisión política o instrumentalidad gubernamental. Préstamos y concesiones de respaldo crediticio podrán otorgarse a intermediarios públicos de financiamiento de infraestructura con el propósito de adquirir cartas de crédito y otras formas de respaldo crediticio para permitir al receptor expandir los recursos de financiamiento, o reducir el costo de financiamiento, disponibles para cualquier corporación pública, municipio, subdivisión política o instrumentalidad gubernamental para financiar proyectos necesarios de desarrollo de infraestructura.

(f) La Autoridad está autorizada para conceder reservas de fondos con el propósito de facilitar el acceso a, y el financiamiento de costos a través de, fondos disponibles por medio de otros intermediarios públicos de financiamiento de infraestructura. Dichas concesiones se podrán otorgar únicamente a intermediarios públicos de financiamiento de infraestructura autorizados para proveer financiamiento a cualquier corporación pública, municipio, subdivisión política o instrumentalidad gubernamental para los propósitos de proyectos necesarios de desarrollo de infraestructura. El producto de dichas concesiones sólo podrá ser utilizado por los intermediarios públicos de financiamiento de infraestructura para establecer reservas de fondos para pérdidas cuya intención es diversificar el acceso y el financiamiento de costos de la infraestructura. Las reservas de fondos de pérdidas se establecerán conforme a un acuerdo de fideicomiso otorgado para tal propósito por el intermediario financiero concesionario. El acuerdo de fideicomiso limitará los usos de la reserva de fondos al pago de las pérdidas realizadas ocurridas en el programa de financiamiento de infraestructura del intermediario público de financiamiento de infraestructura, según se especifique en el acuerdo de concesión y para el pago de honorarios y otros costos de administración del fideicomiso de reserva de fondos para pérdidas.

(g) La solicitud de fondos deberá hacerse en la forma y manera prescrita por la Autoridad. La Autoridad está autorizada para promulgar los reglamentos que sean necesarios en la opinión de la Autoridad, y que no sean inconsistentes con nada dispuesto en este capítulo, para regir el proceso de solicitud y establecer los criterios que la Autoridad estime necesarios que cada solicitud deba llenar.

(h) Préstamos y concesiones de infraestructura otorgadas por la Autoridad están sujetas a las siguientes condiciones:

(1) La asistencia financiera a través de préstamos o concesiones deberán ser utilizadas para los propósitos especificados en los incisos (c) al (f) de esta sección.

(2) En préstamos de infraestructura, la Autoridad deberá determinar las tasas de interés, si alguna, incluyendo tasas de interés por debajo de las del mercado de los préstamos. La Autoridad deberá fijar los términos y condiciones para el pago de los

§ 1914a Fondo de Desarrollo de Infraestructura, 3 L.P.R.A. § 1914a

préstamos.

(3) El pago de principal e interés de los préstamos efectuados y cualesquiera fondos recibidos por la Autoridad como resultado del incumplimiento con los términos y condiciones de un préstamo deberá ser depositado en el Fondo de Desarrollo.

(i) La Autoridad está autorizada para tomar cualquier acción necesaria o apropiada para proteger los intereses del Fondo de Desarrollo en caso de falta, ejecución o incumplimiento con los términos y condiciones de los préstamos o concesiones otorgados bajo este capítulo, incluyendo el poder de vender, disponer o arrendar, bajo los términos y condiciones que la Autoridad estime apropiados, propiedad mueble o inmueble que la Autoridad reciba en dichos casos.

(j) Durante el período comprendido entre la fecha de aprobación de esta ley y el 30 de junio de 2009, la Autoridad podrá disponer de los activos depositados en la Cuenta del Corpus si el valor en el mercado de dichos activos es superior a su valor par. El producto neto de dicha venta, luego de pagado los bonos respaldados por dichos activos, los gastos relacionados a la venta y cualquier pago que requiera el Servicio de Rentas Internas de los Estados Unidos de América, se aplicará de la siguiente manera: (i) se depositarán trescientos millones de dólares ($300,000,000) en la Cuenta del Corpus; (ii) el remanente, se transferirá dos terceras partes (?) al Secretario de Hacienda para ser utilizado para sufragar gastos operacionales del Estado Libre Asociado de Puerto Rico relacionados al presupuesto del Año Fiscal 2008-09; el balance, que representa una tercera parte (?) del remanente, se transferirá al Banco Gubernamental de Fomento para Puerto Rico como una contribución de capital. Al disponer los activos de la Cuenta del Corpus, la Autoridad está obligada a satisfacer todas las obligaciones contraídas con los tenedores de bonos de la Autoridad garantizados con los activos de la Cuenta del Corpus.

(k) Durante el período comprendido entre la fecha de aprobación de esta Ley y el 31 de diciembre de 2012, la Corporación habrá de disponer de los activos depositados en la Cuenta del Corpus de la siguiente manera:

(i) transferirá $162.5 millones al Sistema de Retiro de Empleados del Estado Libre Asociado de Puerto Rico, los cuales deberán utilizarse únicamente para comprar un bono de apreciación de capital emitido por la Corporación para el Fondo de Interés Apremiante de Puerto Rico con un vencimiento no menor de 30 años ni mayor de 40 años y a una tasa de interés de no menos de 7.00% ; y

(ii) el remanente, permanecerá en la Cuenta del Corpus y se utilizará para comprar un bono de apreciación de capital emitido por la Corporación para el Fondo de Interés Apremiante de Puerto Rico con un vencimiento no menor de 30 años ni mayor de 40 años y a una tasa de interés de no menos de 7.00% . El Sistema de Retiro de Empleados del Estado Libre Asociado de Puerto Rico y la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico no podrán disponer voluntariamente del bono de la Corporación del Fondo de Interés Apremiante de Puerto Rico, a menos que dicha disposición sea autorizada por la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico.

-Junio 21, 1988, Núm. 44, adicionado como 25-A en Junio 24, 1998, Núm. 92, sec. 17; Enero 14, 2009, Núm. 3, art. 2; Junio 16, 2011, Núm. 96, art. 1; Noviembre 15, 2018, Núm. 241, sec. 27.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Referencias en el texto.
La referencia a 'esta ley' en el inciso (k) es a la Ley de Junio 16, 2011, Núm. 96, que enmendó esta sección.

La referencia a 'esta ley' en el inciso (j) es a la Ley de Enero 14, 2009, Núm. 3, que enmendó esta sección.

§ 1914a Fondo de Desarrollo de Infraestructura, 3 L.P.R.A. § 1914a

Codificación.
Las cláusulas (i) a (iii) y (x) a (z) del tercer párrafo del inciso (a) han sido redesignadas para conformarlas al estilo de
L.P.R.A. Enmiendas **-2011.**

Inciso (a): La ley de 2011 sustituyó 'provee el inciso (j)' con 'proveen los inciso (j) y (k)' antes de 'de esta sección'.

Inciso (k): La ley de 2011 añadió este inciso. **-2009.**

Inciso (a): La ley de 2009 sustituyó 'nunca será reducido por ninguna razón' con 'podrá utilizarse según provee el inciso (j)
de esta sección' en el segundo párrafo y anadió la cláusula (5) en el cuarto párrafo.

Inciso (b)(1)(A): La ley de 2009 suprimió 'y mantenida intacta' después de 'depositada'.

Inciso (j): La ley de 2009 enmendó este inciso en términos generales.


Vigencia.
La sec. 30 de la Ley de Noviembre 15, 2018, Núm. 241, dispone: 'Esta Ley [que enmendó esta sección] comenzará a regir en
la fecha en que el plan de ajuste con relación al caso de la Corporación al amparo del Título III de PROMESA advenga
efectivo de acuerdo a sus términos.'

Véase la nota bajo la sec. 1902 de este título. Exposición de motivos.


Véase Leyes de Puerto Rico de:
Junio 24, 1998, Núm. 92.

Enero 14, 2009, Núm. 3.

Junio 16 2011, Núm. 96.


Salvedad.
El art. 2 de la Ley de Junio 16, 2011, Núm. 96, dispone: 'Si alguna disposición de esta Ley [que enmendó esta sección] o la
aplicación de la misma fuere declarada inválida, dicha declaración no afectará las demás disposiciones ni la aplicación de esta
Ley que pueda tener efecto sin la necesidad de las disposiciones que hubieran sido declaradas inválidas, y a este fin las
disposiciones de esta Ley son separables.'

Véase la nota bajo la sec. 1902 de este título.

La sec. 28 de la Ley de Noviembre 15, 2018, Núm. 241, dispone: 'Esta Ley [que enmendó esta sección] se interpretará de
acuerdo a la Constitución de Puerto Rico y la Constitución de los Estados Unidos de América. Si cualquier cláusula, párrafo,
subpárrafo, oración, palabra, letra, artículo, disposición, sección, subsección, título, capítulo, subcapítulo, acápite o parte de
esta Ley fuera anulada o declarada inconstitucional, la orden a tal efecto dictada no afectará, perjudicará, ni invalidará el
remanente de esta Ley. El efecto de dicha orden quedará limitado a la cláusula, párrafo, subpárrafo, oración, palabra, letra,
artículo, disposición, sección, subsección, título, capítulo, subcapítulo, acápite o parte de la misma que así hubiere sido
anulada o declarada inconstitucional. Si la aplicación a una Persona o a una circunstancia de cualquier cláusula, párrafo,
subpárrafo, oración, palabra, letra, artículo, disposición, sección, subsección, título, capítulo, subcapítulo, acápite o parte de
esta Ley fuera invalidada o declarada inconstitucional, la resolución, dictamen o sentencia a tal efecto dictada no afectará ni
invalidará la aplicación del remanente de esta Ley a aquellas Personas o circunstancias en que se pueda aplicar válidamente.
Es la voluntad expresa e inequívoca de esta Asamblea Legislativa que los tribunales hagan cumplir las disposiciones y la
aplicación de esta Ley, aunque se deje sin efecto, anule, invalide, perjudique o declare inconstitucional alguna de sus partes, o
aunque se deje sin efecto, invalide o declare inconstitucional su aplicación a alguna persona o circunstancia.'

§ 1914a Fondo de Desarrollo de Infraestructura, 3 L.P.R.A. § 1914a

Interpretación.
La sec. 29 de la Ley de Noviembre 15, 2018, Núm. 241, dispone: 'Las disposiciones de esta Ley [que enmendó esta sección] prevalecerán sobre cualquier otra disposición general o específica de cualquier otra ley o reglamento del Gobierno de Puerto Rico que sea inconsistente con esta Ley.'

Cláusula derogatoria.
Véase la nota bajo la sec. 1902 de este título.

3 L.P.R.A. § 1914a, PRS ST T. 3 § 1914a

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document** © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1915 Fondo Rotatorio para el Control de la Contaminación del Agua, 3 L.P.R.A. § 1915

3 L.P.R.A. § 1915

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
   CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
    **§ 1915 Fondo Rotatorio para el Control de la Contaminación del Agua**

3 L.P.R.A. § 1915

Se crea con la Autoridad un fondo rotatorio que se conocerá como el 'Fondo Rotatorio para el Control de la Contaminación del Agua de Puerto Rico', el cual se constituirá independiente y separado de cualquier otro fondo o recursos del Estado Libre Asociado, de acuerdo a las disposiciones de, y para los propósitos exclusivos establecidos por el Título VI de la 'Ley Federal de Agua Limpias'. Se autoriza a la Autoridad a asistir a la Junta de Calidad Ambiental de Puerto Rico a administrar el Fondo Rotatorio de acuerdo con el Título VI de la 'Ley de Aguas Limpias' y para ello, sin que se entienda como una limitación, la Autoridad tendrá el poder de recibir de la Junta de Calidad Ambiental los donativos de capitalización bajo dicha ley, y los fondos pareados del Estado Libre Asociado requeridos bajo el Título VI de la 'Ley Federal de Aguas Limpias', depositar dichos donativos y fondos pareados en el Fondo Rotatorio, entrar en contratos de préstamos y prestar los dineros depositados en el Fondo Rotatorio a prestatarios cualificados bajo el Título VI de la 'Ley Federal de Aguas Limpias', o usar dichos fondos en cualquier otra manera permitida por dicha ley, estructurar cualquier programa de financiamiento y emitir bonos para financiar dichos programas, supervisar el uso y el repago por los recipientes de los dineros del Fondo Rotatorio, y hacer cualesquiera otras cosas requeridas por la 'Ley Federal de Aguas Limpias' en relación con la administración del Fondo Rotatorio, según lo provisto en cualquier acuerdo suscrito por la Autoridad y la Junta de Calidad Ambiental en relación a la administración del Fondo Rotatorio.

-Junio 21, 1988, Núm. 44, p. 192, art. 16; Diciembre 13, 1990, Núm. 44, p. 1561, sec. 1; renumerado como art. 26 en Junio 24, 1998, Núm. 92, sec. 18.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Referencias en el texto.
El Título VI de la Ley Federal de Aguas Limpias, según enmendada, mencionada en el texto, es la Ley de Febrero 4, 1987, Ley Pública Núm. 100-4, T. II, 101 Stat. 22; 33 USCS §§ 1381 et seq. Enmiendas **-1990.**

La ley de 1990 enmendó esta sección en términos generales. Exposición de motivos.

Véase Leyes de Puerto Rico de:
Diciembre 13, 1990, Núm. 44 p. 1562.

3 L.P.R.A. § 1915, PRS ST T. 3 § 1915

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                        © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1915 Fondo Rotatorio para el Control de la Contaminación del Agua, 3 L.P.R.A. § 1915

§ 1915a Fondo Rotatorio Estatal de Agua Potable de Puerto Rico, 3 L.P.R.A. § 1915a

3 L.P.R.A. § 1915a

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
    CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
    **§ 1915a Fondo Rotatorio Estatal de Agua Potable de Puerto Rico**

3 L.P.R.A. § 1915a

Por la presente, se crea un fondo rotatorio que se conocerá como el Fondo Rotatorio Estatal de Agua Potable de Puerto Rico, el cual se constituirá independientemente y separado de cualquier otro fondo o recursos del Estado Libre Asociado o de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico, de acuerdo a las disposiciones de, y para los propósitos exclusivos establecidos por, el Título I de la Ley Federal de Agua Potable. Se autoriza a la Autoridad a asistir al Departamento de Salud de Puerto Rico y a la Junta de Calidad Ambiental en la administración del Fondo Rotatorio Estatal de Agua Potable, de acuerdo con el Título I de la Ley Federal de Agua Potable y, para ello, sin que se entienda como una limitación, tendrá el poder de recibir del Departamento de Salud de Puerto Rico o de la Junta de Calidad Ambiental, donativos de capitalización bajo dicha ley, y los fondos pareados del Estado Libre Asociado requeridos bajo el Título I de la Ley de Agua Potable, depositar dichos donativos y fondos pareados en el Fondo Rotatorio Estatal de Agua Potable, entrar en contratos de préstamo y prestar los dineros depositados en el Fondo Rotatorio Estatal de Agua Potable a prestatarios capacitados bajo el Título I de la Ley Federal de Agua Potable, o usar dichos dineros en cualquier otra manera permitida por dicha ley, estructurar cualquier programa de financiamiento y emitir bonos para dichos programas, supervisar el repago por los recipientes de los dineros del Fondo Rotatorio Estatal de Agua Potable y hacer cualesquiera otras cosas requeridas por la Ley Federal de Agua Potable, en relación a la administración del Fondo Rotatorio Estatal de Agua Potable, según provisto en cualquier acuerdo suscrito por la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico, el Departamento de Salud y la Junta de Calidad Ambiental relativo a la administración del Fondo Rotatorio Estatal de Agua Potable.

-Junio 21, 1988, Núm. 44, adicionado como art. 16-A en Julio 7, 1997, Núm. 32, sec. 6; renumerado como art. 26-A en Junio 24, 1998, Núm. 92, sec. 18.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Referencias en el texto.
La Ley Federal de Agua Potable, según enmendada mencionada en el texto es la Ley de Diciembre 16, 1974, P.L. 93-523, 88 Stat. 1660, codificada bajo 42 USCS §§ 300f et seq., conocida como 'Safe Drinking Water Act'. La referencia a 'dicha ley' en el texto de esta sección, debe entenderse como una referencia a este estatuto federal. Exposición de motivos.

Véase Leyes de Puerto Rico de:
Julio 7, 1997, Núm. 32.

Cláusula derogatoria.
Véanse las notas bajo las secs. 1901 y 1902 de este título.

3 L.P.R.A. § 1915a, PRS ST T. 3 § 1915a

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA

**§ 1915a Fondo Rotatorio Estatal de Agua Potable de Puerto Rico, 3 L.P.R.A. § 1915a**

LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                      © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1916 Informes, 3 L.P.R.A. § 1916

---

3 L.P.R.A. § 1916

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
    CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
      **§ 1916 Informes**

3 L.P.R.A. § 1916

La Autoridad rendirá a la Asamblea Legislativa y al Gobernador de Puerto Rico, trimestralmente, un informe que deberá incluir lo siguiente:

(a) Un estado financiero e informe completo de los negocios de la Autoridad para el trimestre anterior.

(b) Una relación completa y detallada de todos sus contratos y transacciones durante el trimestre a que corresponda el informe.

(c) Información completa de la situación y progreso de sus financiamientos y actividades, hasta la fecha de su último informe.

-Junio 21, 1988, Núm. 44, p. 192, art. 17, renumerado como art. 27 en Junio 24, 1998, Núm. 92, sec. 18.

3 L.P.R.A. § 1916, PRS ST T. 3 § 1916

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                                              © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1917 Monitor Legislativo, 3 L.P.R.A. § 1917

3 L.P.R.A. § 1917

LEYES DE PUERTO RICO ANOTADAS *Currentness*
   TÍTULO 3. PODER EJECUTIVO
   CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
   **§ 1917 Monitor Legislativo**

3 L.P.R.A. § 1917

Por la naturaleza de las facultades y poderes excepcionales que mediante este capítulo se confieren a la Autoridad y el apremiante interés público de todo lo relacionado con las facilidades de la infraestructura de Puerto Rico, la Asamblea Legislativa, por acuerdo de los Presidentes de cada Cámara, designará a una persona natural o jurídica capacitada para informar a la Asamblea Legislativa cómo evolucionan o se resuelven los problemas que este capítulo pretende atender por la interacción de la Autoridad con cualquier entidad beneficiada.

La Autoridad y toda entidad beneficiada estarán obligadas a suministrar al monitor Legislativo copia de los documentos, registros, libros o cuentas relacionados con todos los asuntos que den lugar a la intervención de la Autoridad con la entidad beneficiada. También le permitirán que el monitor Legislativo, previa notificación de éste, inspeccione las facilidades de infraestructura de la entidad beneficiada o bajo el control de la Autoridad. Asimismo, le proveerán libre de costo cualquier copia de los documentos, registros, libros o cuentas que éste solicite. Las disposiciones de esta sección no podrán interpretarse como una limitación al amplio poder de investigación de la Asamblea Legislativa y las funciones, responsabilidades y deberes específicas del monitor Legislativo serán fijadas por ésta.

-Junio 21, 1988, Núm. 44, p. 192, art. 18, renumerado como art. 28 en Junio 24, 1998, Núm. 92, sec. 18.

3 L.P.R.A. § 1917, PRS ST T. 3 § 1917

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                              © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1918 Fondos y cuentas, 3 L.P.R.A. § 1918

3 L.P.R.A. § 1918

LEYES DE PUERTO RICO ANOTADAS *Currentness*
  TÍTULO 3. PODER EJECUTIVO
  CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
    **§ 1918 Fondos y cuentas**

3 L.P.R.A. § 1918

Todo el dinero de la Autoridad será depositado con depositarios cualificados para recibir fondos del Estado Libre Asociado, pero se mantendrán en cuenta o cuentas separadas a nombre de la Autoridad. Los desembolsos se harán conforme a los reglamentos y los presupuestos aprobados por la Autoridad.

La Autoridad establecerá, de acuerdo a los principios generalmente aceptados de contabilidad pública, el sistema de contabilidad requerido para el control y registro estadístico apropiado de todo gasto e ingreso perteneciente, manejado o controlado por la Autoridad. La contabilidad de la Autoridad deberá mantenerse de manera tal que identifique y mantenga separadas apropiadamente, según sea aconsejable, las cuentas en cuanto a las distintas clases de empresas y actividades de la Autoridad.

-Junio 21, 1988, Núm. 44, p. 192, art. 19, renumerado como art. 29 en Junio 24, 1998, Núm. 92, sec. 18.

3 L.P.R.A. § 1918, PRS ST T. 3 § 1918

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.                    60

§ 1919 Bonos, inversiones legales y colateral para depósitos, 3 L.P.R.A. § 1919

3 L.P.R.A. § 1919

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
  CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
  **§ 1919 Bonos, inversiones legales y colateral para depósitos**

3 L.P.R.A. § 1919

Los bonos de la Autoridad constituirán inversiones legales y podrán ser aceptados como colateral para fondos fiduciarios, de fideicomiso y públicos, cuya inversión o depósito están bajo la autoridad o el control del Gobierno de Puerto Rico o de cualquier oficial u oficiales del mismo.

-Junio 21, 1988, Núm. 44, p. 192, art. 20, renumerado como art. 30 en Junio 24, 1998, Núm. 92, sec. 18.

3 L.P.R.A. § 1919, PRS ST T. 3 § 1919

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1920 Penalidades, 3 L.P.R.A. § 1920

3 L.P.R.A. § 1920

LEYES DE PUERTO RICO ANOTADAS *Currentness*
  TÍTULO 3. PODER EJECUTIVO
  CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
  **§ 1920 Penalidades**

3 L.P.R.A. § 1920

Los directores, oficiales y empleados de la Autoridad y de toda entidad beneficiada que, en el desempeño de sus funciones, deberes y responsabilidades bajo este capítulo incurran en conducta tipificada como delito contra la función pública, estarán sujetos a las penalidades aplicables que se establecen en los arts. 200 a 215 del Código Penal de 1974.

-Junio 21, 1988, Núm. 44, p. 192, art. 21, renumerado como art. 31 en Junio 24, 1998, Núm. 92, sec. 18.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Referencias en el texto.
Los arts. 200 a 215 del Código Penal de 1974, mencionados en esta sección, se refieren a las anteriores secs. 4351 a 4366 del Título 33, derogadas por el art. 307 de la Ley de Junio 18, 2004, Núm. 149.

3 L.P.R.A. § 1920, PRS ST T. 3 § 1920

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                          © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 1921 Normas de interpretación de este capítulo, 3 L.P.R.A. § 1921

3 L.P.R.A. § 1921

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
  CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
  **§ 1921 Normas de interpretación de este capítulo**

3 L.P.R.A. § 1921

Los poderes y facultades conferidos a la Autoridad por este capítulo se interpretarán liberalmente, de forma tal que se propicie el desarrollo e implementación de la política pública enunciada en este capítulo.

-Junio 21, 1988, Núm. 44, adicionado como art art. 32 en Junio 24, 1998, Núm. 92, sec. 19.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Vigencia.
Véase la nota bajo la sec. 1902 de este título. Exposición de motivos.

Véase Leyes de Puerto Rico de:
Junio 24, 1998, Núm. 92.

Cláusula derogatoria.
Véase la nota bajo la sec. 1902 de este título.

3 L.P.R.A. § 1921, PRS ST T. 3 § 1921

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

3 L.P.R.A. § 1922

LEYES DE PUERTO RICO ANOTADAS Currentness
  TÍTULO 3. PODER EJECUTIVO
   CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
   **§ 1922 Disposiciones para la implantación en Puerto Rico de la Ley Federal de Estímulo Económico de 2009**

3 L.P.R.A. § 1922

(a) Definiciones.- Para propósitos de esta sección las siguientes palabras o términos tendrán los significados que se indican a continuación, excepto donde el contexto claramente indique otra cosa, y las palabras usadas en el singular incluirán el plural y viceversa:

(1) Autoridad.- Autoridad para el Financiamiento de la Infraestructura.

(2) Banco.- Banco Gubernamental de Fomento para Puerto Rico.

(3) Contrato de asistencia.- Cualquier tipo de acuerdo, convenio o instrumento escrito, otorgado entre la Autoridad y una entidad beneficiada, por el cual la Autoridad se compromete a prestar asistencia financiera, administrativa, consultiva, técnica, de asesoramiento, de manejo de proyectos, asistencia relacionada al desarrollo económico y/construcción de infraestructura o asistencia de cualquier otra naturaleza, de acuerdo con las disposiciones de esta sección.

(4) Entidad beneficiada.- Toda persona con derecho a recibir fondos o cualquier otro tipo de asistencia bajo la Ley Federal de Estímulo Económico del 2009 y que otorgue un contrato de asistencia con la Autoridad.

(5) Gobierno de Puerto Rico.- Gobierno del Estado Libre Asociado de Puerto Rico y sus departamentos, agencias, juntas, comisiones, cuerpos, negociados, oficinas, municipios, subdivisiones políticas, corporaciones públicas e instrumentalidades del Estado Libre Asociado de Puerto Rico, actualmente existentes o que en el futuro se crearen.

(6) Gobierno federal.- Los Estados Unidos de América, su Presidente, cualquiera de los departamentos de la rama ejecutiva del gobierno de los Estados Unidos de América, o cualquier corporación, agencia, comisión, junta o instrumentalidad creada o que pueda crearse, designarse o establecerse por los Estados Unidos de América.

(7) Ley Federal de Estímulo Económico del 2009.- Ley aprobada por el Congreso de los Estados Unidos de América el 17 de febrero de 2009 denominada en inglés como el American Recovery and Reinvestment Act of 2009 y toda reglamentación que se promulgue bajo dicha ley.

(8) Ley Orgánica de la Autoridad.- Secciones 1901 et seq. de este título.

(9) Períodos especiales.- Períodos que comienzan desde el momento en que se otorgue un contrato de asistencia con una entidad beneficiada hasta que los fines del mismo se completen o se cumplan las condiciones que dicho contrato disponga bajo las cuales terminarán dichos períodos.

(10) Persona.- Cualquier persona natural o jurídica, incluyendo las entidades que componen el Gobierno de Puerto Rico. A modo de ejemplo, el término persona incluirá, pero no se limitará a, cualquier departamento, agencia, municipio o instrumentalidad gubernamental o cualquier individuo, fideicomiso, firma, sociedad, compañía por acciones, asociación, corporación pública o privada, cooperativa o entidad sin fines de lucro.

(b) Designación y autorización.- Se designa y autoriza a la Autoridad a actuar como la entidad gubernamental líder encargada de gestionar, recibir, custodiar y administrar todos los recursos, ya sean fondos, donativos (grants) o cualquier otro tipo de asistencia, que reciba el Gobierno de Puerto Rico para sí y para los residentes de Puerto Rico bajo la Ley Federal de Estímulo Económico del 2009. Como parte de estas funciones, la Autoridad coordinará todos los esfuerzos y encomiendas entre el Gobierno de Puerto Rico y el gobierno federal así como internamente entre los diferentes organismos que componen el Gobierno de Puerto Rico, que sean requeridos o convenientes para gestionar el recibo de dichos recursos y su maximización. La Autoridad será además la entidad líder del Gobierno de Puerto Rico en la identificación, programación, planificación, desarrollo, canalización de recursos y supervisión de los proyectos, iniciativas o programas que cualifiquen para ser financiados con estos recursos. La Autoridad además gestionará, recopilará, organizará, analizará, presentará para aprobación de ser necesario, y divulgará la información y los informes que sean requeridos de conformidad con la Ley Federal de Estímulo Económico del 2009 para garantizar la transparencia en su uso y administración.

De los fondos a ser recibidos y administrados por la Autoridad se excluyen los créditos o incentivos contributivos otorgados a los residentes de Puerto Rico, los cuales serán recibidos, administrados y desembolsados por el Secretario de Hacienda. Además, se excluyen todos los fondos que [en] virtud de las disposiciones de la Ley Federal de Estímulo Económico del 2009 o las normas o reglas de, o acuerdos existentes con, el gobierno federal tengan que ser recibidos, desembolsados o administrados por alguna otra entidad del Gobierno de Puerto Rico. No obstante, la Autoridad será responsable de cumplir con las otras encomiendas aquí delegadas que no sean incompatibles con las disposiciones de la Ley Federal de Estímulo Económico del 2009 o las normas o reglas de, o acuerdos existentes con, el gobierno federal.

En coordinación con el Banco y el Secretario del Departamento de Hacienda y en la medida en que ello no sea incompatible con la Ley Federal de Estímulo Económico del 2009, o las normas o reglas del gobierno federal o acuerdos interagenciales, la Autoridad invertirá los fondos que reciba según se dispone en el inciso (f) de esta sección y realizará todos los pagos que procedan de estos fondos.

(c) Contratos de asistencia.- Para adelantar y facilitar los fines de esta sección y para canalizar de forma expedita el recibo de la asistencia federal y asegurar el cumplimiento con los requisitos de la Ley Federal de Estímulo Económico del 2009, se autoriza a la Autoridad y a cada entidad del Gobierno de Puerto Rico a suscribir contratos de asistencia. Las entidades beneficiadas estarán obligadas a cumplir con las disposiciones de sus contratos de asistencia y con las acciones tomadas por o en nombre de la entidad beneficiada o de la Autoridad bajo tales contratos, siempre que dicha entidad beneficiada pudiera haber tomado dichas acciones sin violar las leyes, contratos y acuerdos vigentes. Sujeto a las disposiciones de esta sección, la Ley Federal de Estímulo Económico del 2009, la Ley Orgánica de la Autoridad en lo que no sea incompatible con esta sección o cualquier otra ley, acuerdo o contrato de la Autoridad o de la entidad beneficiada que estén vigentes, los contratos de asistencia incluirán todas las disposiciones que la Autoridad estime pertinentes para lograr los propósitos de dicha asistencia. Tales contratos podrán incluir, sin que se entienda como una limitación, los términos que enumera la Ley Orgánica de la Autoridad y aquellos otros que la Autoridad estime necesario o convenientes.

(d) Periodos especiales.- Se declara que las entidades beneficiadas que otorguen contratos de asistencia entrarán en periodos especiales desde el momento en que se otorgue el contrato de asistencia hasta que los fines del mismo se completen o se cumplan las condiciones que dicho contrato disponga bajo las cuales terminarán dichos periodos especiales. Durante los periodos especiales la Autoridad podrá exigir a la entidad beneficiada que cumpla con determinadas condiciones, o que realice o adopte aquellas acciones o medidas que la Autoridad estime necesarias y convenientes para maximizar el recibo de beneficios para Puerto Rico de la manera más eficiente y expedita posible, y que estos se distribuyan de la manera más justa y razonable. Además podrá establecer, en el correspondiente contrato de asistencia, las medidas que la Autoridad podrá implantar durante los mismos, y los remedios disponibles a la Autoridad cuando la entidad beneficiada no cumpla con las disposiciones del contrato de asistencia.

Durante el período especial, y como excepción a cualquier requisito de subasta exigido en la ley orgánica o en los reglamentos de una entidad beneficiada del Gobierno de Puerto Rico, la Autoridad estará facultada para requerir a cualquier entidad beneficiada que no celebre dicho procedimiento de subasta en la adjudicación de contratos de construcción, compras o en cualquier otro contrato de servicios, salvo que la Ley Federal de Estímulo Económico del 2009 u otra ley, regla o norma federal exija procedimientos particulares de compra y contratación en cuyo caso se seguirán tales procedimientos. La Autoridad sólo podrá requerirle a una entidad beneficiada que no cumpla con el procedimiento de subasta y licitación cuando así se haya dispuesto en el contrato de asistencia y mediante resolución de la Junta de Directores de la Autoridad al efecto. En la resolución se dispondrá la manera en que se efectuarán las compras o contrataciones manteniendo el balance entre la premura requerida y la transparencia, justicia y equidad demandada en la repartición de los beneficios.

(e) Costos de implantación; autorización al Banco para otorgar préstamo.- Se autoriza al Banco otorgar un préstamo a la Autoridad para cubrir los costos de implantar la Ley Federal de Estímulo Económico del 2009 en Puerto Rico de conformidad con lo que se dispone más adelante en este inciso y para adelantar fondos para los proyectos que cualifiquen para recibir fondos bajo la referida ley a modo de reembolso. Además se autoriza a la Autoridad a cobrar cargos razonables a las entidades beneficiadas por concepto de los servicios provistos bajo los contratos de asistencia. En la medida en que la Ley Federal de Estímulo Económico del 2009 así lo permita, las entidades beneficiadas podrán sufragar la porción de los cargos por servicio y repagar el préstamo del Banco en las cantidades que sean elegibles con los fondos de la Ley Federal de Estímulo Económico del 2009. Todos los otros costos de implantación serán pagaderos de los recursos disponibles de cada entidad beneficiada. En la medida que dichos recursos disponibles no sean suficientes para repagar todas las cantidades adelantadas por el Banco y los cargos por servicio de la Autoridad, éstas serán repagadas anualmente mediante asignaciones presupuestarias hasta la cantidad igual al monto del préstamo realizado por el Banco y las cantidades adeudadas a la Autoridad. El Director de la Oficina de Gerencia y Presupuesto incluirá en los presupuestos funcionales del Estado Libre Asociado de Puerto Rico sometidos anualmente por el Gobernador a la Asamblea Legislativa, comenzando en el año fiscal siguiente a la fecha en que se realizare un desembolso por el Banco, las cantidades necesarias para permitirle al Banco recuperar el principal e intereses del préstamo desembolsado y a la Autoridad los cargos por servicio adeudados.

(f) Fondos.- Los fondos recibidos por el Gobierno de Puerto Rico bajo la Ley Federal de Estímulo Económico del 2009 se mantendrán en cuentas separadas y se depositarán en el Banco o en cualquier otra institución autorizada por ley para recibir depósitos de fondos públicos. Estos fondos se contabilizarán, controlarán y administrarán por la Autoridad con sujeción a las leyes de contabilidad aplicables, a los requisitos que establezca la Ley Federal de Estímulo Económico del 2009 y cualquier otra norma, regla o acuerdo en virtud de los cuales se reciban dichos fondos.

(g) Aceptación a nombre del Gobierno de Puerto Rico.- La Autoridad, a nombre propio y a nombre del Gobierno de Puerto Rico será la entidad autorizada a aceptar los beneficios disponibles bajo la Ley Federal de Estímulo Económico del 2009. Por este medio, el Gobierno de Puerto Rico consiente a cualquier requisito, condición, o término de cualquier fondo aceptado por la Autoridad. La Autoridad podrá otorgar contratos y otros documentos con el gobierno federal según sea necesario para llevar a cabo los propósitos de esta sección y de la Ley Federal de Estímulo Económico del 2009.

(h) Normas de interpretación de esta sección.- Se entenderá que las disposiciones de esta sección se interpretarán de la forma más liberal posible a favor de la maximización de los fondos que pueda recibir Puerto Rico bajo la Ley Federal de Estímulo Económico del 2009, de la distribución expedita, justa y razonable de dichas ayudas, de la transparencia y divulgación puntual, completa y clara de los fondos a distribuirse y los procesos seguidos, de la eficiencia en el desarrollo de los proyectos y de la consecución de los fines de la Ley Federal de Estímulo Económico del 2009 según allí esbozados. Asimismo, los poderes y facultades conferidos a la Autoridad bajo esta sección y bajo la Ley Orgánica de la Autoridad se interpretarán liberalmente, de forma tal que se logren los propósitos de esta sección.

(i) Disposiciones en contravención quedan sin efecto.- En los casos en que las disposiciones de esta sección estén en contravención con las disposiciones de cualquier otra ley, prevalecerán las disposiciones de esta sección a menos que las disposiciones de dicha otra ley enmienden o deroguen específicamente alguna o todas las disposiciones de esta sección.

§ 1922 Disposiciones para la implantación en Puerto Rico de la..., 3 L.P.R.A. § 1922

-Junio 21, 1988, Núm. 44, p. 192, adicionado como art. 33 en Marzo 9, 2009, Núm. 8, art. 2.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL. Exposición de motivos.

Véase Leyes de Puerto Rico de:
Marzo 9, 2009, Núm. 8.

Salvedad.
Véase la nota bajo la sec. 1903 de este título.

3 L.P.R.A. § 1922, PRS ST T. 3 § 1922

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

End of Document                                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

3 L.P.R.A. § 1923

LEYES DE PUERTO RICO ANOTADAS Currentness
   TÍTULO 3. PODER EJECUTIVO
      CAPÍTULO 67. AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO
      **§ 1923 Fondo Especial de Asistencia Económica de la Autoridad para el Financiamiento de la Infraestructura**

3 L.P.R.A. § 1923

(a) Los siguientes términos utilizados en esta sección tienen los siguientes significados:

(1) Bonos de refinanciamiento.- Significa los bonos emitidos por la Autoridad con el propósito de repagar todo o parte de la deuda transferida.

(2) Deuda transferida.- Significa la deuda de la Autoridad de Carreteras y Transportación y de la Autoridad Metropolitana de Autobuses que se haya incurrido en o antes del 30 de junio de 2015 y que haya sido designada por la Autoridad como 'deuda transferida'.

(3) Ingresos pignorados.- Significa los arbitrios, derechos e impuestos que se le ceden a la Autoridad bajo las disposiciones de la sec. 31751a del Título 13.

(4) Obligación colateralizada.- Significa cualquier bono, pagaré u otra obligación de la Autoridad pagadera de o respaldada por los ingresos pignorados, incluyendo los bonos de refinanciamiento.

(b) Por la presente se crea un fondo especial, que será un fondo a ser mantenido en fideicomiso, designado el 'Fondo Especial de Asistencia Económica de la Autoridad para el Financiamiento de la Infraestructura'. El fondo especial podrá consistir en una o más cuentas bancarias mantenidas en fideicomiso. Los dineros depositados en dicho Fondo Especial, incluyendo los ingresos pignorados, se utilizarán por la Autoridad para (1) repagar (A) la deuda transferida, (B) los bonos de refinanciamiento, (C) cualquier obligación colateralizada, y (D) cualquier otra deuda incurrida por la Autoridad para refinanciar la deuda transferida; y (2) cualquier otro propósito autorizado por este capítulo o por la sec. 31751a del Título 13.

(c) No obstante cualquier otra disposición de ley, incluyendo la Ley 24-2014, pero sujeto a las disposiciones de la Sección 8 del Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico, el Fondo Especial creado bajo el inciso (b) anterior y los ingresos pignorados serán propiedad de la Autoridad. Los ingresos pignorados serán depositados por el Departamento de Hacienda de Puerto Rico, por su agente autorizado o por otra instrumentalidad gubernamental del Estado Libre Asociado de Puerto Rico, (i) antes de que se emitan los bonos de refinanciamiento y cualquier otra obligación colateralizada, en el Fondo Especial con una institución financiera la cual mantendrá los fondos en fideicomiso para ser usados por la Autoridad conforme a las disposiciones de este capítulo; (ii) una vez se emitan los bonos de refinanciamiento, con la institución financiera que esté actuando como fiduciario (trustee) o representante de los tenedores de dichos bonos, en una cuenta para beneficio de los tenedores de dichos bonos (y otros bonos emitidos bajo el mismo acuerdo con dicho fiduciario o representante) hasta la cantidad necesaria para cumplir con los pagos y depósitos anuales requeridos por el contrato de fideicomiso o cualesquiera estipulaciones convenidas con los tenedores de dichos bonos; (iii) luego de cumplir con las obligaciones mencionadas en el sub-inciso (ii) anterior o en caso de que no se emitan dichos bonos pero se emitan otras obligaciones colateralizadas, con la institución financiera que esté actuando como fiduciario o representante de cualquier otra obligación colateralizada hasta la cantidad necesaria para cumplir con los pagos y depósitos anuales requeridos por el contrato de fideicomiso o cualesquiera estipulaciones convenidas con los tenedores de dichas obligaciones; o (iv) luego

§ 1923 Fondo Especial de Asistencia Económica de la Autoridad..., 3 L.P.R.A. § 1923

---

de cumplir con las obligaciones mencionadas en el sub-inciso (iii) anterior, en el Fondo Especial con una institución financiera en fideicomiso para ser usados conforme las disposiciones de este capítulo. En la medida en que el Banco Gubernamental de Fomento para Puerto Rico u otra instrumentalidad gubernamental del Estado Libre Asociado de Puerto Rico obtenga la posesión de cualesquiera ingresos pignorados antes que los bonos de refinanciamiento u otras obligaciones colateralizadas hayan sido pagadas en su totalidad, el Banco Gubernamental de Fomento para Puerto Rico o dicha instrumentalidad gubernamental poseerá dichas cantidades en fideicomiso y transferirá dichos ingresos pignorados (i) al Fondo Especial en la institución financiera designada por la Autoridad o (ii), si así acordara la Autoridad, al fiduciario o representante de los tenedores de los bonos de refinanciamiento u otra obligación colateralizada si dichos ingresos pignorados han sido pignorados para garantizar la emisión de dicha deuda de la Autoridad, en cada caso libre de cualquier gravamen o derecho de compensación del Banco Gubernamental de Fomento para Puerto Rico o de dicha otra instrumentalidad gubernamental, y dichas cantidades serán utilizadas exclusivamente según se dispone en esta Ley y en la sec. 31751a del Título 13.

(d) Los ingresos pignorados quedan por virtud de esta Ley pignorados para garantizar el pago de (i) la deuda transferida, (ii) los bonos de refinanciamiento y (iii) cualquier obligación colateralizada. Dicha pignoración constituirá un gravamen válido y exigible por tenedores de bonos y aseguradoras de los bonos, si alguna, sin la necesidad que se otorgue documento adicional alguno, o de que se radique una declaración de financiamiento o un documento bajo la 'Ley de Transacciones Comerciales' o bajo ninguna otra ley en el Departamento de Estado u otra oficina gubernamental. Los ingresos pignorados, incluyendo aquellos recibidos con posterioridad a la emisión de los bonos de refinanciamiento o de cualquier obligación colateralizada, quedarán sujetos a dicho gravamen automáticamente, sin la necesidad de que dichos ingresos pignorados estén en posesión del fiduciario o representante de dichos bonos u otra obligación colateralizada. Dicho gravamen estará sujeto a las disposiciones de la Sección 8 del Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico, y, sujeto a dichas disposiciones, dicho gravamen prevalecerá contra cualquier otra persona o entidad que tenga alguna reclamación, ya sea contractual, en daños o por cualquier razón, contra la Autoridad para el Financiamiento de la Infraestructura, o contra la Autoridad de Carreteras y Transportación, o contra cualquier otra persona o entidad, tenga o no dicha persona o entidad conocimiento de dicho gravamen. No obstante lo anterior, los ingresos pignorados que sean recibidos por la Autoridad antes de la fecha de efectividad de la transferencia (según se define este término en la sec. 2012a del Título 9) serán utilizados por la Autoridad sólo para cubrir deudas, obligaciones y/gastos operacionales de la Autoridad de Carreteras y Transportación o para pagar intereses sobre y principal de los BANs de la Autoridad (según se define este término en la sec. 2012a del Título 9) o intereses sobre y principal de cualquier obligación de la Autoridad cuyo producto se haya utilizado para repagar, refinanciar o sustituir los BANs de la Autoridad (según se define este término en la sec. 2012a del Título 9); Disponiéndose, que el Estado Libre Asociado de Puerto Rico ni la Autoridad tendrán obligación alguna de utilizar los ingresos pignorados para cubrir deudas, obligaciones y/gastos operacionales de la Autoridad de Carreteras y Transportación o para pagar intereses sobre y principal de los BANs de la Autoridad (según se define este término en la sec. 2012a del Título 9) después del 30 de septiembre de 2015.

(e) Los ingresos pignorados y otros dineros depositados o a ser depositados en dicho Fondo Especial solamente podrán utilizarse para el pago de intereses y para la amortización de la deuda pública del Estado Libre Asociado de Puerto Rico, según dispone la Sección 8 del Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico, en la medida que los demás recursos disponibles mencionados en dicha Sección no sean suficientes para tales propósitos.

(f) No obstante cualquier otra disposición de ley, incluyendo las secs. 3491 a 3500 del Título 31, la cesión a la Autoridad de los ingresos pignorados no podrá ser revocada o rescindida mientras los bonos de refinanciamiento, cualquier obligación colateralizada o cualquier otros bonos, pagarés u otras obligaciones de dicha Autoridad respaldados por dichos ingresos pignorados no hayan sido pagados en su totalidad, y ninguna persona podrá instar una acción reclamando dicha revocación o rescisión.

(g) El Estado Libre Asociado de Puerto Rico por la presente acuerda y se compromete con cualquier persona o con cualquier agencia de los Estados Unidos de América o de cualquier estado o Gobierno de Puerto Rico, que suscriban, adquieran o aseguren los bonos de refinanciamiento o cualquier otra obligación colateralizada de la Autoridad para el pago de los cuales los ingresos pignorados se hayan comprometido, a no eliminar o reducir los tipos fijados del arbitrio sobre el uso del petróleo crudo, productos parcialmente elaborados y productos terminados derivados del petróleo y cualquier otra mezcla de

hidrocarburos fijados en la sec. 31627a del Título 13; Disponiéndose, que este compromiso no precluirá que el Estado Libre Asociado de Puerto Rico, mediante enmienda a la ley, sustituya los ingresos pignorados con otros ingresos de igual o mayor cantidad y con igual o mejor calidad como fuente de pago para los bonos de refinanciamiento u otras obligaciones colateralizadas, siempre y cuando dicha sustitución cumpla con los requisitos que se establezcan en la documentación de dichos bonos de refinanciamiento u otras obligaciones colateralizadas.

(h) El Estado Libre Asociado de Puerto Rico por la presente garantiza el pago del principal y de los intereses sobre bonos de refinanciamiento y cualquier obligación colateralizada a ser emitidas de tiempo en tiempo solamente cuando el principal agregado a valor par no exceda de dos billones novecientos cincuenta millones de dólares ($2,950,000,000), la tasa de interés nominal máxima promedio de estos bonos no exceda de 8.5% , y cuyo vencimiento no exceda de treinta (30) años a partir de la fecha o fechas de su emisión. El Banco Gubernamental de Fomento para Puerto Rico gestionará todas las alternativas posibles para garantizar el menor costo para el Estado Libre Asociado de Puerto Rico y la Autoridad en la transacción aquí dispuesta. Los bonos de refinanciamiento y obligaciones colateralizadas a los cuales esta garantía del Estado Libre Asociado de Puerto Rico será de aplicación, serán aquellos que el Secretario de Hacienda y el Banco Gubernamental de Fomento para Puerto Rico especifiquen, y una declaración de dicha garantía se expondrá en la faz de tales bonos de refinanciamiento y obligaciones colateralizadas. Se autoriza al Secretario de Hacienda, con el asesoramiento del Banco Gubernamental de Fomento para Puerto Rico, a establecer, los términos y condiciones bajo los cuales los tenedores de los bonos de refinanciamiento y obligaciones colateralizadas garantizadas bajo esta Ley, tendrán derecho a reclamar bajo la garantía del Estado Libre Asociado de Puerto Rico. De establecer el Secretario de Hacienda términos y condiciones los mismos estarán contenidos en un documento de garantía otorgado por el Secretario de Hacienda. Sujeto a los términos y condiciones, si algunos, negociados por el Secretario de Hacienda con relación a la garantía del Estado Libre Asociado de Puerto Rico que estén contenidos en un documento de garantía otorgado por el Secretario de Hacienda, si en cualquier momento los ingresos pignorados no fueren suficientes para el pago de dicho principal e intereses a su vencimiento, el Secretario de Hacienda retirará de cualesquiera fondos disponibles del Tesoro de Puerto Rico aquellas sumas que sean necesarias para cubrir la deficiencia en la cantidad requerida para el pago de dicho principal e intereses y ordenará que las sumas así retiradas sean aplicadas a tal pago. Para efectuar tales pagos la buena fe y el crédito del Estado Libre Asociado de Puerto Rico quedan por la presente empeñados.

(i) Se autoriza al Secretario de Hacienda a incluir en cualquier contrato, acuerdo de compra u otro acuerdo de financiamiento relacionado a los bonos de refinanciamiento y obligaciones colateralizadas, incluyendo en cualquier garantía del Estado Libre Asociado de Puerto Rico, si alguna, aquellos otros términos y condiciones que él o ella estime necesarios y convenientes para la venta por la Autoridad de dichos bonos de refinanciamiento y obligaciones colateralizadas, incluyendo consentir en nombre del Estado Libre Asociado de Puerto Rico, con el consentimiento escrito del Secretario de Justicia, a (i) que cualquier contrato, acuerdo de compra u otro acuerdo de financiamiento relacionado con los bonos de refinanciamiento y obligaciones colateralizadas, incluyendo la garantía del Estado Libre Asociado de Puerto Rico, si alguna, se rijan por las leyes del Estado de Nueva York, (ii) someterse a la jurisdicción de cualquier tribunal estatal o federal ubicado en el Condado de Manhattan, Ciudad de Nueva York, en caso de alguna demanda en relación con estos bonos de refinanciamiento y obligaciones colateralizadas o cualquier acuerdo relacionado con los mismos, incluyendo dicha garantía, si alguna, y (iii) renunciar a la inmunidad soberana que pueda tener el Estado Libre Asociado de Puerto Rico de cualquier demanda u otro procedimiento legal relacionado con los mismos. No obstante lo anterior, el Estado Libre Asociado de Puerto Rico no podrá renunciar a su inmunidad soberana respecto a cualquier embargo o ejecución de propiedad pública localizada en el Estado Libre Asociado de Puerto Rico. Cualquier renuncia a la inmunidad soberana con respecto a cualquier acuerdo relacionado con los bonos de refinanciamiento y obligaciones colateralizadas se limita expresamente a los procedimientos legales relacionados con estos bonos de refinanciamiento y obligaciones colateralizadas o cualquier acuerdo relacionados con los mismos, y, en ningún caso, la renuncia constituirá (i) una renuncia general del Estado Libre Asociado de Puerto Rico de su inmunidad soberana, o (ii) una renuncia a su inmunidad soberana con respecto a procedimientos jurídicos no relacionados con los bonos de refinanciamiento y obligaciones colateralizadas emitidos bajo las disposiciones de este capítulo o de cualquier acuerdo relacionado con los mismos.

(j) Informes a la Asamblea Legislativa.-

(1) En o antes del quinto día siguiente a cualquier emisión relacionada a los bonos de refinanciamiento y obligaciones

§ 1923 Fondo Especial de Asistencia Económica de la Autoridad..., 3 L.P.R.A. § 1923

colateralizadas, el Secretario de Hacienda y el Presidente del Banco Gubernamental de Fomento para Puerto Rico radicarán un informe conjunto ante la Secretaría de cada Cuerpo de la Asamblea Legislativa en el cual expondrán los detalles de la transacción realizada y el uso particular que se le dará al producto de la venta de dichos bonos. Igualmente dicho informe deberá contener el balance de los fondos y las cantidades recaudadas producto de los impuestos aquí establecidos. Cualquier modificación que se contemple efectuar respecto a un asunto notificado en dicho Informe deberá ser anunciada con anterioridad a su realización mediante la radicación de un Informe Enmendado por parte del Secretario de Hacienda y el Presidente del Banco Gubernamental de Fomento para Puerto Rico.

(2) En o antes del 30 de septiembre de cada año fiscal, comenzando en el Año Fiscal 2016-2017, el Secretario de Hacienda y el Director Ejecutivo de la Autoridad para el Financiamiento de la Infraestructura deberán radicar anualmente, en las Secretarías de la Cámara de Representantes y el Senado de Puerto Rico, un Informe Anual sobre las cantidades recaudadas por los arbitrios fijados en las secs. 31627 y 31627a del Título 13, y sobre el estado del repago de cualesquiera bonos de refinanciamiento y obligaciones colateralizadas que hayan sido emitidos al momento del Informe.

-Junio 21, 1988, Núm. 44, adicionado como art. 34 en Enero 15, 2015, Núm. 1, art. 2.02; Enero 15, 2015, Núm. 2, art. 1; Marzo 13, 2015, Núm. 29, art. 2; Julio 21, 2015, Núm. 127, art. 1.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Propósito.
Los arts. 1.01 y 1.02 de la Ley de Enero 15, 2015, Núm. 1, el art. 1.01 enmendado y el art. 1.02 derogado por la Ley de Enero 15, 2015, Núm. 2, arts. 3 y 4, disponen:

'Artículo 1.01.-Política Pública.-

'La misión del Estado en la sociedad moderna, es garantizarle a sus constituyentes el más alto grado de calidad de vida posible. Aspectos como la vivienda, la salud, la seguridad, la educación, el empleo, entre otros, son pilares esenciales para alcanzar esta meta, ya que impactan todas las facetas del ciudadano, desde la individual, la familiar y la profesional. Un ente gubernamental vigoroso, con recursos económicos para proveer las herramientas a su ciudadanía, y con la visión y entereza para enfrentar los retos del siglo XXI, es lo que merece y demanda nuestra gente.

'La crisis económica que enfrentamos, junto con la falta de juicio en la toma de decisiones de índole fiscal durante el pasado, ha afectado a cada elemento de la sociedad puertorriqueña. De distintas formas y con diversa intensidad, el Estado ha experimentado las consecuencias de estas dos circunstancias. La situación fiscal por la que atraviesan la Autoridad de Carreteras y Transportación, y por ende, el Banco Gubernamental de Fomento para Puerto Rico, es una que pone en riesgo la propia estabilidad de todo el aparato gubernamental. Enfrentar la crisis fiscal del Estado Libre Asociado de Puerto Rico y su falta de liquidez para poder cumplir con sus obligaciones, que son el producto de decisiones erradas de pasados gobernantes, ya no es una opción: es un deber y una responsabilidad ineludible.

'No obstante, atender la situación fiscal del Estado Libre Asociado de Puerto Rico debe ir acompañada de una cabal e integral revaluación de nuestro sistema contributivo, a fin de no sólo resolver las necesidades del Estado, sino garantizarle a la ciudadanía que este mecanismo sea uno justo, simple, balanceado y que propenda al desarrollo de la economía del individuo, de la clase media trabajadora, de los sectores productivos del país, y de la sociedad en general.

'Mediante esta Ley se establecen los siguientes Principios Fundamentales a los que aspirará el Nuevo Sistema Contributivo de Puerto Rico:

'a) Aliviar la carga actual del contribuyente individual, tomando como base comparativa los sistemas contributivos y la estructura de ingresos y gastos de los estados y de otros países.

'b) Lograr que los individuos y las corporaciones aporten al erario de acuerdo a su capacidad económica.

'c) Controlar efectivamente la evasión, mejorando la fiscalización del cumplimiento y aumentando los recaudos mediante la expansión de la base contributiva.

'd) Simplificar el sistema contributivo y los procesos de pago de contribuciones.

'e) Atemperar la obligación contributiva considerando la situación económica de familias bajo el umbral de pobreza establecido por el censo federal.

'f) Establecer un sistema contributivo sencillo de entender y de administrar que facilite a los contribuyentes su cumplimiento y al Estado su fiscalización.

'g) Proveer recursos para la administración de los programas y servicios que ofrece el Estado.

'h) Fomentar el crecimiento económico autosostenible que estimule el desarrollo económico del País, manteniendo un clima de negocios estable y confiable.

'i) Se sustituirá el sistema del Impuesto de Ventas y Uso (IVU) por un nuevo sistema de impuesto al consumo en la modalidad del Impuesto de Valor Añadido (IVA), el cual se ha implantado exitosamente en sobre 150 países del mundo y que constituye el sistema de impuesto al consumo más eficiente y efectivo.

'j) Lograr reducir significativamente las tasas contributivas sobre el ingreso de los individuos, particularmente de la clase media. Para ello se considerará la eliminación del pago de contribuciones a individuos que radiquen individualmente y que tengan un ingreso anual de, como mínimo, treinta y cinco mil (35,000) dólares o aquella familia que al radicar conjuntamente tengan un ingreso anual de setenta mil (70,000) dólares anuales.

'k) El nuevo modelo ampliará la base contributiva incorporando las personas o entes que no participan en la responsabilidad de financiar los programas y servicios públicos y que operan en el marco de la economía informal o subterránea.

'l) Se implantará un sistema de reembolso a personas de escasos ingresos, lo cual puede incluir a personas de edad avanzada, con impedimentos, a pensionados, y a aquellos que dependan de asistencia económica estatal o federal como mecanismo para atender la regresividad del impuesto al consumo. Para esto se considerará el impacto en los contribuyentes, no sólo del impuesto de valor añadido que se implemente, sino también de cualquier carga contributiva incremental en la modalidad de arbitrios, el cual todavía es aplicable a los productos derivados del petróleo y otros artículos.

'm) Se evaluará el impacto sobre el régimen de los ingresos municipales para asegurar la salud fiscal de los municipios del País en aras de garantizar la continuidad en la prestación de servicios municipales y así fomentar el desarrollo económico y comercial.

'n) Se establecerá el primer Modelo de Estimación Macroeconómica en Puerto Rico, que permita evaluar de forma precisa el impacto macroeconómico de las decisiones de política económica y contributiva.

'o) Se eliminará la Contribución Adicional Sobre el Ingreso Bruto.

'p) Se aspirará a que las disposiciones relacionadas a contribuciones sobre ingresos se hagan con efecto retroactivo al 1 de enero de 2015.'

'Por tal motivo, se establece como la Política Pública del Estado Libre Asociado de Puerto Rico el que las medidas tomadas en la presente Ley se verán de manera integral con la evaluación del Nuevo Sistema Contributivo de Puerto Rico. El Secretario del Departamento de Hacienda tomará las medidas necesarias para concluir el estudio sobre el Nuevo Sistema Contributivo de Puerto Rico en o antes del 31 de enero de 2015, fecha en la cual se radicará un informe a la Asamblea Legislativa. El proyecto de ley sobre el Nuevo Sistema Contributivo de Puerto Rico será sometido para evaluación de la Asamblea Legislativa, a más tardar, el 15 de febrero de 2015. Lo dispuesto en esta Ley entrará en vigor junto con la aprobación del Nuevo Sistema Contributivo de Puerto Rico el cual se aprobará antes del 15 de marzo de 2015, con efecto

§ 1923 Fondo Especial de Asistencia Económica de la Autoridad..., 3 L.P.R.A. § 1923

retroactivo al beneficio de los contribuyentes al 1 de enero de 2015.

'Artículo 1.02.-Comité Especial.-

'Se conforma un Comité, que estará integrado por los siguientes funcionarios: el Presidente del Banco Gubernamental de Fomento para Puerto Rico, el Director de la Oficina de Gerencia y Presupuesto, el Secretario del Departamento de Hacienda, cinco (5) miembros del Senado de Puerto Rico y cinco (5) miembros de la Cámara de Representantes a ser designados por el Gobernador en diálogo con los Presidentes de ambos Cuerpos Legislativos. Dicho Comité deberá rendir un informe al Gobernador y a los Presidentes de los Cuerpos Legislativos, en o antes del 2 de febrero de 2015, que ausculte, analice, recomiende e incluya posibles alternativas adicionales y/o en sustitución del impuesto contemplado en la presente medida, de haberlas. El Comité hará público el referido informe y lo tendrá accesible en su totalidad a través del portal electrónico del Estado Libre Asociado de Puerto Rico en la internet. Igualmente este comité deberá asegurarse que cualquier medida que se presente tenga un impacto igual o menor al estimado al ajuste de combustible que en promedio es de un dólar con diecisiete centavos (1.17) a la semana para un vehículo de motor. El informe rendido por el Comité no sustituirá el estudio que debe realizar el Secretario de Hacienda, bajo el Artículo 18(d) de la Ley 123-2014. El Comité se volverá a reunir un (1) año luego de rendir el primer informe, a fin de evaluar el impacto al consumidor y al fisco de las medidas tomadas en esta Ley.'


Vigencia.
El art. 5.01 de la Ley de Enero 15, 2015, Núm. 1, dispone: 'Esta Ley comenzará a regir inmediatamente después de su aprobación, disponiéndose sin embargo, que el arbitrio de seis dólares con veinticinco centavos ($6.25) que se impone bajo la Sección 3020.07A(a)(i) de la Ley 1-2011, según se dispone en el Artículo 2.06 de esta Ley comenzará a imponerse el 15 de marzo de 2015.' Enmiendas **-2015.**

Inciso (j): La Ley de Julio 21, 2015, Núm. 127 añadió la cláusula (3).

Inciso (h): La Ley de Marzo 13, 2015, Núm. 29 suprimió 'el precio descontado original (original issue discount) de cada bono no sea menor de 93% ' antes de 'y cuyo vencimiento' en la primera oración; añadió una nueva segunda oración; y enmendó este inciso en términos generales.

Inciso (h): La Ley de Enero 15, 2015, Núm. 2 sustituyó 'de cada bono' con 'promedio de los bonos' en la primera oración; añadió una nueva segunda oración; y suprimió 'serán de aplicación' después de 'condiciones descritas' en la tercera oración. Exposición de motivos.


Véase Leyes de Puerto Rico de:
Enero 15, 2015, Núm. 1.

Enero 15, 2015, Núm. 2.

Marzo 13, 2015, Núm. 29.

Julio 21, 2015, Núm. 127.


Salvedad.
El art. 7 de la Ley de Marzo 13, 2015, Núm. 29, dispone: 'Si cualquier artículo, apartado, párrafo, inciso, cláusula y sub-cláusula o parte de esta Ley fuere anulada o declarada inconstitucional por un tribunal competente, la sentencia a tal efecto dictada no afectará, perjudicará, ni invalidará las restantes disposiciones y partes del resto de esta Ley.'

El art. 6 de la Ley de Enero 15, 2015, Núm. 2, dispone: 'Si cualquier artículo, apartado, párrafo, inciso, cláusula y sub-cláusula o parte de esta Ley [que enmendó esta sección] fuere anulada o declarada inconstitucional por un tribunal competente, la sentencia a tal efecto dictada no afectará, perjudicará, ni invalidará las restantes disposiciones y partes del resto de esta Ley.'

El art. 4.01 de la Ley de Enero 15, 2015, Núm. 1, dispone: 'Si cualquier artículo, apartado, párrafo, inciso, cláusula y sub-cláusula o parte de esta Ley fuere anulada o declarada inconstitucional por un tribunal competente, la sentencia a tal efecto dictada no afectará, perjudicará, ni invalidará las restantes disposiciones y partes del resto de esta Ley.' Interpretación.

El art. 2.10 de la Ley de Enero 15, 2015, Núm. 1, dispone:

'(a) Ninguna disposición de los Artículos 2.01 al 2.09 de esta Ley se interpretará o se aplicará de tal manera que menoscabe el poder de la Asamblea Legislativa para imponer y cobrar contribuciones según se dispone en la Sección 2 del Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico.

'(b) Ninguna disposición de los Artículos 2.01 al 2.09 de esta Ley se interpretará o se aplicará de tal manera que menoscabe los derechos de los tenedores de bonos o pagarés que constituyan deuda pública del Estado Libre Asociado de Puerto Rico bajo las disposiciones de la Sección 2 del Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico.'

3 L.P.R.A. § 1923, PRS ST T. 3 § 1923

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA
LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de
Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**                                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.