UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA")

    Debtor.

PROMESA
Title III

No. 17 BK 3567-LTS

**This Order relates only to HTA and shall be filed in the lead Case No. 17 BK 3283-LTS and Case No. 17 BK 3567-LTS.**

------------------------------------------------------------x

ORDER APPROVING JOINT STIPULATION REGARDING THE DRA
PARTIES' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR RELIEF FROM THE AUTOMATIC STAY, OR IN
THE ALTERNATIVE, ORDERING PAYMENT OF ADEQUATE PROTECTION

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon consideration of the *Joint Stipulation Regarding The DRA Parties' Motion And Memorandum of Law in Support of Their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* (the "Stipulation"),[2] filed on July 3, 2019 by the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), pursuant to the authority granted to it under the Enabling Act of the Fiscal Agency and Financial Advisory Authority, Act 2-2017; the Financial Oversight and Management Board for Puerto Rico ("FOMB") in its capacity as representative of the Puerto Rico Highways and Transportation Authority ("HTA"); AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties"),[3] and the Court having found and determined that (i) the Court has jurisdiction over this proceeding and the Stipulation pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); (ii) venue of this proceeding and the Stipulation is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); and (iii) the Court having found good cause to grant the relief requested therein, it is

**HEREBY ORDERED THAT:**

1. The Stipulation is **APPROVED** as set forth herein.

2. The briefing and hearing schedule regarding the Stay Motion will be bifurcated to first consider the Standing Issue in accordance with the following deadlines:

   a. AAFAF and the FOMB will file any objections to the Stay Motion (on an individual or joint basis) solely concerning the Standing Issue, no later than **August 16, 2019** (the "Objection Deadline");

---

[2] Capitalized terms not defined herein have the same meaning as in the Stipulation.
[3] AAFAF, the Oversight Board, and the DRA Parties are sometimes hereinafter referred to as the "Parties" and each, a "Party."

b. The DRA Parties will file a response in support of their Stay Motion, solely concerning the Standing Issue, no later than **September 2, 2019** (the "Response Deadline");

c. AAFAF and the FOMB will file a reply (on an individual or joint basis) to the DRA Parties' response by no later than **September 5, 2019** (the "Reply Deadline");

d. The Court will hear argument on the Stay Motion, solely concerning the Standing Issue, at the **September 11, 2019** omnibus hearing (the "Hearing Date").

3. All issues concerning the underlying merits of the Stay Motion will be stayed pending the Court's consideration and determination of the Standing Issue. In the interim, AAFAF and the FOMB will grant the DRA Parties' advisors access to the information data room immediately upon the Parties' execution of this Stipulation to help facilitate discussions among the Parties.

4. The DRA Parties shall be deemed to have waived solely their right to assert the termination of the automatic stay pursuant to section 362(e) of title 11 of the United States Code (the "Bankruptcy Code") with respect to the Stay Motion prior to the hearing on the Standing Issue. The automatic stay pursuant to Bankruptcy Code section 362 shall remain in effect pending an order of the Court concerning the merits of the Stay Motion. The DRA Parties have not and are not waiving any other rights in connection with the Stay Motion, nor are they waiving any rights, legal arguments, or positions regarding any and all other pending matters in the Commonwealth's and HTA's Title III process, or any other legal proceeding, which are hereby expressly preserved by the DRA Parties.

5. To the extent necessary, the Parties will work collaboratively and in good faith to coordinate any document exchange or discovery, limited to such documents concerning the

Standing Issue, in advance of the Objection Deadline, Response Deadline, Reply Deadline, and Hearing Date.

6. For the avoidance of doubt, nothing herein shall affect the rights of any Party, person, or entity with respect to discovery, enforcement of said discovery, or to oppose discovery, in connection with the Stay Motion, or to seek further adjournment of the Stay Motion, or to oppose such adjournment, all of which rights are fully preserved. In addition, all other rights of the Parties are expressly preserved and are not impaired or otherwise prejudiced by the terms set forth in the Stipulation or this Order.

7. All other rights, claims, and remedies of the Parties are expressly reserved.

8. The Parties expressly reserve all rights to seek modification of, or relief from, this Joint Stipulation and the Order approving this Joint Stipulation.

SO ORDERED.

Dated July 3, 2019  /s/ Laura Taylor Swain
The Honorable Laura Taylor Swain
United States District Judge