# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In Re:**<br><br>**THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO**<br><br>as representative of<br><br>**THE COMMONWEALTH OF PUERTO RICO**<br><br>**PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA")**, *et al*<br><br>Debtors.[1] | **PROMESA Title III**<br><br>**Case No. 17 BK 3283-LTS**<br><br>**Case No. 17 BK 3567-LTS**<br><br>**(Jointly Administered)**<br><br>**Response to Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico's Forty-Sixth Omnibus Objection (Non-Substantive) to Subsequently Amended Claims**<br><br>**Prime Clerk Proof of Claim Nos. 190 and 107011** |

**RESPONSE AND RESERVATION OF RIGHTS IN RESPONSE TO FORTY-SIXTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND EMPLOYEES RETIREMENT SYSTEM**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

### OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO SUBSEQUENTLY AMENDED CLAIMS

**TO THE HONORABLE COURT,**

COMES NOW creditor Del Valle Group, S.P., represented by the undersigned counsel, and respectfully submits its response to the Forty-Sixth Omnibus Objection of the Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Proof of Claim Numbers 190 and 107011 (the "Forty-Sixth Omnibus Objection"). In support of its claim, creditor Del Valle Group, S.P., respectfully **STATES** and **PRAYS** as follows:

**I. Preliminary Statement**

On June 6, 2019, the Puerto Rico Highways and Transportation Authority ("HTA") and Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of HTA and ERS pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), filed its Forty-Sixth Omnibus Objection allegedly as to subsequently amended proofs of claim listed in Exhibit A to the Forty-Sixth Omnibus Objection (Docket No. 7269-1).

Creditor Del Valle Group, S.P. had timely filed Proofs of Claim in the HTA Title III PROMESA case, 17 BK 3567-LTS. Del Valle Group, S.P. had filed a Proof of Claim on or around 10:22 PM AST on August 31, 2017 in the HTA Title III PROMESA case, CM/ECF Claim No. 11 (Prime Clerk Claim No. 190). Specifically, Del Valle Group, S.P., in its August 31, 2017 Proof of Claim had asserted a claim using Official Form 410 in the amount of $20,431,559.71. The basis asserted by Del Valle Group, S.P. for its August 31, 2017 Proof of

2

Claim was work performed in connection with various construction projects as summarized in the spreadsheet attached to and submitted with the August 31, 2017 Proof of Claim, which is attached as Exhibit 1 hereto. The August 31, 2017 Proof of Claim was filed by Del Valle Group, S.P. prior to the Court's adoption of a Claims Bar Date and prior to its approval of the Modified Official Form 410 for filing proofs of claim in these proceedings.

Creditor Del Valle Group, S.P. then filed an Amended Proof of Claim on or around 3:47 PM AST on June 29, 2018 in the HTA Title III PROMESA case, CM/ECF Claim No. Amended 11 (Prime Clerk Claim No. 107011) using the Modified Official Form 410 which is not identical to Official Form 410 and which requests additional information different from that required to be submitted with Official Form 410. Del Valle Group, S.P. in its June 29, 2018 filing submitted an Amended Proof of Claim using the Modified Official Form 410 in the amount of $20,431,559.71. The basis asserted by Del Valle Group, S.P., for its June 29, 2018 Amended Proof of Claim was work performed in connection with various construction projects as summarized in the spreadsheet attached to and submitted with the June 29, 2018 Amended Proof of Claim, which is attached as Exhibit 1 hereto. Del Valle Group, S.P.'s June 29, 2018 Amended Proof of Claim made clear by the answer given to question 4 on the Modified Official Form 410, that the June 29, 2018 Amended Proof of Claim was intended to amend the prior proof of claim which Del Valle Group, S.P. had filed on August 31, 2017.

Creditor Del Valle Group, S.P. was served via the CM/ECF system with the **NOTICE OF THE FORTY-SIXTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO SUBSEQUENTLY AMENDED CLAIMS**

(Docket Nos. 7269, 7269-4), in which their claim was objected to based on the reason "Amended and superseded by a later filed Proof of Claim". Docket No. 7269-1, page 21, Item 97.

Creditor Del Valle Group, S.P. has no interest in a duplicative recovery on both its August 31, 2017 Proof of Claim and its Amended June 29, 2018 Proof of Claim, merely that Del Valle Group, S.P. be recognized as having asserted a valid proof of claim in the amount of $20,431,559.71. It was the intent of Del Valle Group, S.P. when filing its Amended Proof of Claim on June 29, 2018 in the HTA Title III PROMESA case, CM/ECF Claim No. Amended 11 (Prime Clerk Claim No. 107011), to amend and supersede its original Proof of Claim which was submitted on August 31, 2017 in the HTA Title III PROMESA case as CM/ECF Claim No. 11 (Prime Clerk Claim No. 190). Based on that intent, Del Valle Group, S.P. would not object to disallowance of its original August 31, 2017 Proof of Claim, so long as its June 29, 2018 Amended Proof of Claim CM/ECF Claim No. Amended 11 (Prime Clerk Claim No. 107011) in the amount of $20,431,559.71 for work performed in connection with various construction projects remains valid, enforceable and allowed as filed. Accordingly, Del Valle Group, S.P. would agree to withdraw its August 31, 2017 Proof of Claim contingent on a finding that its June 29, 2018 Amended Proof of Claim is prima facie valid, pursuant to 11 U.S.C. §502(a), and that such Amended Proof of Claim is allowed. Absent such a finding, Del Valle Group, S.P. objects to the disallowance of its August 31, 2017 Proof of Claim CM/ECF Claim No. 11 (Prime Clerk Claim No. 190) as requested in the Forty-Sixth Omnibus Objection, and reserves all rights in connection with the same.

> **II. Required Contact Information and Supporting Documentation for Proofs of Claim CM/ECF Claim No. 11 (Prime Clerk Claim No. 190); and CM/ECF Claim No. 11 Amended 11 (Prime Clerk Claim No. 107011).**

**Contact Information for CM/ECF Claim No. 11 (Prime Clerk Claim No. 190)**

      Claim No.: 190 (Prime Clerk System No.)
      Claimant: Del Valle Group, S.P. with Notices for the Claimant to be sent to
          Humberto Reynolds, President, Del Valle Group, S.P.
      Address: P.O. Box 2319, Toa Baja PR 00951-2319
      Telephone Number: 787-794-0927
      Email Address:  hreynolds@delvallegroup.net
      Date Filed: August 31, 2017
      Debtor: Puerto Rico Highways and Transportation Authority ("HTA")
      Asserted Claim Amount: $20,431,559.71

      Claimant's Counsel:  Michael Craig McCall (USDC-PR 210412)
                             LAW OFFICES OF MICHAEL CRAIG MCCALL
                             P.O. Box 362634
                             San Juan, PR 00936-2634
                             Tel. 787-232-4530
                             Fax. (787) 274-8390
                             Email craigmcc@me.com

**Supporting Documentation for Claim No. 190 (Prime Clerk System No.)**

    See Spreadsheet  "Information for Proof of Claim as of June 30, 2017" submitted as CM/ECF Claim 11-1 Part 2 Filed on August 31, 2017 as Attachment 1 to the Proof of Claim and resubmitted as Exhibit 1 hereto.

**Contact Information for CM/ECF Amended Claim No. 11   (Prime Clerk Claim No. 107011)**

      Claim No.: 107011 (Prime Clerk System No.)
      Claimant: Del Valle Group, S.P. with Notices for the Claimant to be sent to
          Humberto Reynolds, President, Del Valle Group, S.P.
      Address: P.O. Box 2319, Toa Baja PR 00951-2319
      Telephone Number: 787-794-0927
      Email Address:  hreynolds@delvallegroup.net
      Date Filed: June 29, 2018
      Debtor: Puerto Rico Highways and Transportation Authority ("HTA")
      Asserted Claim Amount: $20,431,559.71

      Claimant's Counsel:  Michael Craig McCall (USDC-PR 210412)
                             LAW OFFICES OF MICHAEL CRAIG MCCALL
                             P.O. Box 362634
                             San Juan, PR 00936-2634
                             Tel. 787-232-4530
                             Fax. (787) 274-8390
                             Email craigmcc@me.com

**Supporting Documentation for Claim No. 107011 (Prime Clerk System No.)**

<u>See</u> Spreadsheet "Information for Proof of Claim as of June 30, 2017" submitted as CM/ECF Claim 11-2 Part 2 Filed on June 29, 2018 as Attachment to the Proof of Claim and resubmitted as Exhibit 1 hereto.

**III. Reasons for Opposing Forty-Sixth Omnibus Objection**

Consistent with the last paragraph of § I. above, Creditor Del Valle Group, S.P. submits the following objection in reservation of its rights. The Forty-Sixth Omnibus Objection fails to submit sufficient evidence necessary to rebut the prima facie validity or legal sufficiency of the claims of Del Valle Group, S.P. Pursuant to § 502(a) of the Bankruptcy Code, <u>codified at</u> 11 U.S.C.A. § 502(a), any proof of claim "is deemed allowed, …" unless objected to by a party in interest. <u>In re Thompson</u>, 965 F.2d 1136, 1147 (1st Cir. 1992), <u>as amended</u> (May 4, 1992). <u>Accord</u>, <u>In re Consol. Pioneer Mortg.</u>, 178 B.R. 222, 225 (B.A.P. 9th Cir. 1995), <u>aff'd sub nom.</u> <u>In re Consol. Pioneer Mortg. Entities</u>, 91 F.3d 151 (9th Cir. 1996), <u>citing</u>, <u>Whitney v. Dresser</u>, 200 U.S. 532, 534–35 (1906)(stating that proof of claim is sufficient to establish *prima facie* proof of a valid debt for purposes of distribution of assets of estate); <u>In re Virginia Broadband, LLC</u>, 521 B.R. 539, 557 (Bankr. W.D. Va. 2014), <u>aff'd sub nom.</u> <u>Virginia Broadband, LLC v. Manuel</u>, 538 B.R. 253 (W.D. Va. 2015); and <u>In re Bleu Room Experience, Inc.</u>, 304 B.R. 309, 315 (Bankr. E.D. Mich. 2004).

Once a proof of claim has been properly filed, it is prima facie evidence of the validity of the claim and the amount owed by the debtor, with the burden of proof then shifting to the party who is seeking to object to the validity or the sufficiency of such claim. <u>See</u> <u>In re Virginia Broadband, LLC</u>, 521 B.R. at 557–58. <u>Accord</u> <u>In re Harford Sands Inc.</u>, 372 F.3d 637, 640 (4th Cir. 2004)("The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr.P. 3001(f). The burden then shifts to the debtor to object to the claim. 11 U.S.C. § 502(b); … The debtor must introduce

evidence to rebut the claim's presumptive validity."), citing Fed. R. Bankr.P. 9017, Fed.R.Evid. 301, and 4 *Collier* at ¶ 501.02[3][d]; and In re Abell, 549 B.R. 631, 669 (Bankr. D. Md. 2016)(same).

A proper objection must include evidence with probative force which is sufficient to demonstrate the existence of a true dispute. In re Falwell, 434 B.R. 779, 784 (Bankr. W.D. Va. 2009), citing, 9 Collier on Bankruptcy, "Proof of Claim", ¶ 3001.09[2] (15th ed. rev.). Accord, In re Wells, 51 B.R. 563, 566 (Bankr. D. Colo. 1985)(The objecting party carries the burden of going forward with evidence supporting his objection to the validity of the claim.).

An objection does not overcome the *prima facie* presumption of the validity and amount of a proof of claim, unless its counterevidence has substantial merit. See In re Rowlands, 2008 WL 8664766, at *4 (B.A.P. 1st Cir. Dec. 30, 2008), citing, In re Hemingway Transport, Inc., 993 F.2d 915, 925 (1st Cir.1993). Accord, In re Tracey, 394 B.R. 635, 639 (B.A.P. 1st Cir. 2008). A party's interposing an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence.* See In re Hemingway Transp., Inc., 993 F.2d at 925, citing, *Norton Bankruptcy Law & Practice, Bankruptcy Rules* at 191 (1992). It is only after an objector's evidentiary burden of presenting substantial evidence has been met, does the burden shift back to a claimant to have to prove his/her claim. See In re Newfound Lake Marina, Inc., 2007 WL 2712960, at *2 (Bankr. D.N.H. Sept. 14, 2007)(internal citation omitted); and In re Mulvania, 214 B.R. 1, 6 (B.A.P. 9th Cir. 1997), citing, In re MacFarlane, 83 F.3d 1041, 1044 (9th Cir. 1996).

Claim Number 190 was objected to based solely on vague boilerplate language, which exact same language appears throughout Exhibit A to the Forty-Sixth Omnibus Objection as to each of the 384 claims objected to by the Oversight Board there as representative of HTA and

7

ERS, in an exhibit, Exhibit A, which spans 78 pages (Docket 7269-1), and which alleges throughout: "Amended and superseded by a later filed Proof of Claim." Docket No. 7269-1, page 21, Item 97. No particularized evidence of the alleged amended and superseded nature of the proof of claim of Del Valle Group, S.P. was presented with the Forty-Sixth Omnibus Objection. Nor for that matter was any particularized evidence of the alleged amended and superseded nature of any of the 384 proofs of claims objected to in the Forty-Sixth Omnibus Objection presented with the Forty-Sixth Omnibus Objection. Item 97 on page 21 of Exhibit A within Docket No. 7269-1, appears to be the only place within the entirety of the 206 pages which make up the Forty-Sixth Omnibus Objection where Del Valle Group, S.P. is even mentioned by name within the Forty-Sixth Omnibus Objection.

The wholly conclusory Declaration of Jay Herriman (Docket No. 7269-3)(the "Herriman Declaration"), Exhibit B to the Forty-Sixth Omnibus Objection does not constitute sufficient evidence to invalidate the Proof of Claim of Del Valle Group, S.P. First Circuit jurisprudence requires that allegations in an affidavit or declaration such as the Herriman Declaration must be made based on personal knowledge and not upon "information and belief" in order to have evidentiary value. "It is apodictic that an 'affidavit ... made upon information and belief ... does not comply with Rule 56(e).' … Thus, appellant's statement with regard to Nutter's purported role in the preparation of the offering documents amounts to nothing more that a mere allegation, not entitled to credence or weight in the summary judgment calculus." See Sheinkopf v. Stone, 927 F.2d 1259, 1271 (1st Cir. 1991)(internal citations omitted). Accord, Perez v. Volvo Car Corp., 247 F.3d 303, 315–16 (1st Cir. 2001)(same)(1st Circuit recognizes that "personal knowledge is the touchstone." and "the requisite personal knowledge must concern facts as opposed to conclusions, assumptions, or surmise.")(internal citations omitted). "A party cannot

8

expect this court to give weight to averments made without personal knowledge 'or those which are in a form patently inadmissible at trial.'" See John Beaudette, Inc. v. Sentry Ins. A Mut. Co., 94 F. Supp. 2d 77, 89 (D. Mass. 1999), quoting, Garside v. Osco Drug, Inc., 895 F.2d 46, 49 (1st Cir.1990).

Del Valle Group, S.P. is nowhere mentioned in the Herriman Declaration. See Herriman Declaration at pp. 1-3, ¶¶'s 1-7. The factual claims made by Herriman in the Herriman Declaration regarding claims allegedly being amended and superseded by one or more of the subsequently filed claims listed in Exhibit A to the Forty-Sixth Omnibus Objection are not based on his own personal knowledge but merely on information and belief, and factual assertions based on information and belief lack evidentiary value under the above-cited precedent and are insufficient to controvert the prima facie validity and legal sufficiency of the Proof of Claim of Del Valle Group, S.P. Claim Number 190, or of any of the other proofs of claim listed in Exhibit A for that matter.

Herriman states only that, "To the best of my knowledge, information, and belief, the claims listed on Exhibit A to the Forty-Sixth Omnibus Objection in the column titled 'Claims to be Disallowed' have been amended and superseded by one or more of the subsequently filed claims identified in the column titled 'Remaining Claims.' Accordingly, to prevent multiple recoveries by the claimants, HTA and ERS request that the amended and superseded claims be disallowed in their entirety." See Herriman Declaration at p. 2, ¶5. See also Herriman Declaration at p. 3, ¶6 ("Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Forty-Sixth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of HTA, ERS, and their creditors.") There is no affirmative statement by Herriman in the Herriman Declaration that he

9

has ever even seen Proof of Claim Number 190, or that he has any personal knowledge of Del Valle Group, S.P., or of its proof of claim, Claim Number 190, which HTA has objected to based on his Declaration. See Herriman Declaration at pp. 1-3, ¶¶1-7.

The Herriman Declaration does not constitute sufficient evidence to controvert the proof of claim of Del Valle Group, S.P., Proof of Claim Number 190, where Herriman has no personal knowledge himself and that Declaration does not name a single specific person who actually has personal knowledge of Del Valle Group, S.P., or of their proof of claim, Claim Number 190, which is objected to based on the Herriman Declaration's reference to unknown individuals, stating only that the overall ongoing claims reconciliation process "involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for HTA and ERS." See Herriman Declaration at p. 2, ¶2.

Since pursuant to the legal authority briefed above, the Forty-Sixth Omnibus Objection fails to include the necessary counter-evidence required to overcome the presumptive prima facie validity and legal sufficiency of the proof of claim of Del Valle Group, S.P., Claim Number 190, such proof of claim should be allowed as filed. However, Del Valle Group, S.P. would agree to withdraw, and/or would not object to the disallowance of, its original August 31, 2017 Proof of Claim, contingent on a finding that its June 29, 2018 Amended Proof of Claim CM/ECF Claim No. Amended 11 (Prime Clerk Claim No. 107011) in the amount of $20,431,559.71 for work performed in connection with various construction projects remains valid, enforceable and allowed as filed.

**WHEREFORE,** for the reasons and based on the legal authority set forth above, the August 31, 2017 proof of claim of Del Valle Group, S.P., Claim Number 190, should be allowed as filed. However, in the alternative, Del Valle Group, S.P. would agree to withdraw, and/or would not object to the disallowance of, its original August 31, 2017 Proof of Claim, contingent on a finding that its June 29, 2018 Amended Proof of Claim CM/ECF Claim No. Amended 11 (Prime Clerk Claim No. 107011) in the amount of $20,431,559.71 for work performed in connection with various construction projects remains valid, enforceable and allowed as filed.

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that on this same date, a true and exact copy of this Notice of Appearance has been filed with the Clerk of the Court using the CM-ECF system which will send notification of such filing to the Court, and to all parties or counsels of record at their registered e-mail addresses within the CM/ECF system.

Respectfully submitted in San Juan, Puerto Rico, this 9th day of July, 2019.

**LAW OFFICES OF**
**MICHAEL CRAIG MCCALL**
P.O. Box 362634
San Juan, PR 00936-2634
Tel. 787-232-4530
Fax. (787) 274-8390

**S/Michael Craig McCall**
Michael Craig McCall
USDC-PR 210412
craigmcc@me.com
**Counsel for Del Valle Group, S.P.**