THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, *et al,*<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al,*<br><br>Debtors[1] | PROMESA<br>Title III<br><br>No. 17-bk-3283-LTS<br><br>(Jointly Administered)<br><br>**This filing refers to COFINA** |

### RESPONSE TO
### "FIFTIETH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS

TO THE HONORABLE COURT:

COMES NOW UBS Trust Company of Puerto Rico ("UBS Trust"), representing various trusts listed in paragraph 2 below, a respectfully states and prays:

1. UBS Trust appears through the undersigned counsel, who will represent it this time for the only purpose of filling this response.

2. On June 6, 2019, The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

-1-

Board"), filed the Fiftieth Objection to claims, alleging that the claims listed in Exhibit A to the motion failed to provide a basis for the asserted claims.

3. Amendments to timely filed proofs of claim are not addressed in the Rules of Bankruptcy Procedures, but bankruptcy courts have allowed the amendments to timely filed proofs of claims for "purposes of particularizing the amount due under a previously-asserted right to payment, or simply to cure technical defects in the original claim." In re Alonso, 525 B.R. 195, 204-205 (Bankr. D.P.R. 2015), citing In re Hemingway Transport, Inc., 954 F.2d 1, 10 (1st Cir.1992); In re Galindez, 514 B.R. 79, 88 (Bankr D.P.R. 2014); In re Crane Rental Co., 341 B.R. 118, 120 (Bankr.D.Mass.2006) ("Amendments to proofs of claim are 'to be freely allowed as long as the purpose of the amendment is to cure a defect in the claim, to describe the claim with greater particularity, or to plead a new theory of recovery.'") citing In re Callery, 274 B.R. 51, 56 (Bankr.D.Mass.2002). Bankruptcy courts must examine the substance of the proposed amendment and the original proof of claim to make sure that the amendment meets three criteria:

> First, the proposed amendment must not be a veiled attempt to assert a distinctly new right to payment as to which the debtor estate was not fairly alerted by the original proof of claim. Second, the amendment must not result in unfair prejudice to other holders of unsecured claims against the estate. Third, the need to amend must not be the product of bad faith or dilatory tactics on the part of the claimant.

In re Martínez, 513 B.R. 779, 785 (Bankr D.P.R. (2014), citing Woburn Associates v. Kahn 954 F.2d 1, 10 (1st Cir.1992).

4. Among the claims included in Exhibit A, there are claims filed by 9 trusts, represented by UBS Trust Company of Puerto Rico, as follows:

    a. **Exhibit A of the 50th Omnibus Objection, number 12**, The Armando Orol Retirement Plan, Claim 43870- Bonds issued by the Government of Puerto Rico Development Bank;

b. **Exhibit A of the 50th Omnibus Objection, number 51**, The Dra. Coty Benmaman Retirement Plan, Claim 47780 – Bonds issued by the Commonwealth;

c. **Exhibit A of the 50th Omnibus Objection, number 55**, The Enrique L. Ríos Alameda Retirement Plan, Claim 56442 – Bonds issued by Puerto Rico Convention District Authority;

d. **Exhibit A of the 50th Omnibus Objection, number 112**, The José J. Adaime Maldonado Retirement Plan, Claim 47640 – Bonds issued by the Puerto Rico Public Finance Corporation;

e. **Exhibit A of the 50th Omnibus Objection, number 233**, The Madeline Torres Figueroa Retirement Plan, Claim 65809 – Bonds issued by the Puerto Rico Public Building Authority;

f. **Exhibit A of the 50th Omnibus Objection, number 234**, The Manuel Casanovas retirement Plan, Claim 65885 – Bonds issued by the Puerto Rico Public Building Authority;

g. **Exhibit A of the 50th Omnibus Objection, number 235**, The Rafael A. Arias Valentín Retirement Plan, Claim 66784 – Bonds issued by the Puerto Rico Public Building Authority;

h. **Exhibit A of the 50th Omnibus Objection, number 241,** The UBS Trust Company as trustee for Individual Retirement Accounts, Claim 35132, holding Savings Notes for Economic Cooperation with Puerto Rico issued to individual retirement accounts of individual residents of Puerto Rico; and

      i.    **Exhibit A of the 50th Omnibus Objection, number 249,** The Víctor Hernandez Díaz, Escrow Agent, Claim 35619 – Bonds issued by the Puerto Rico Electric Power Authority ("PREPA Bonds:).

5.    The above-mentioned proofs of claim were timely filed in the Prime Clerk's Puerto Rico webpage.

6.    UBS Trust amended claims in subparagraphs (b) through (h) to add statements for each of the trusts listed above, as evidence of the bonds held by each trust, the issuer of the bonds, the CUSIP numbers and the face value of the bonds held by each trust.

7.    The claim in subparagraph (a) was not amended, because the Bonds held by claimant are GDB Bonds.

8.    The claim in subparagraph (i) was also not amended, because claimant holds PREPA Bonds and an identical claim was filed in the PREPA case.

WHEREFORE, UBS Trust respectfully requests that the Court does not disallow Claims 47780, 56442, 47640, 65809, 65885, 66784 and 35132, described above, because they were amended to include statements belonging to each holder as evidence of the bonds held by each trust, the issuer of the bonds, the CUSIP numbers and the face value of the bonds held by each trust.

RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY that on this date I electronically filed the forgoing, with the Clerk of this Court using the CM-ECF system which will send notification of such filing to all CM-ECF participants registered to receive notices in the case at bar.

In San Juan, Puerto Rico, this 9th day of July 2019.

*/s/Gustavo J. Viviani Meléndez*
USDC 229513
Sánchez Pirillo LLC
P.O. Box 11917
San Juan, Puerto Rico 00922-1917
Tel. 787-522-6776
Fax. 787-522-6777
gviviani@sanpir.com