# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. | ) ) ) ) ) ) ) ) ) ) ) ) ) | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03566 (LTS) |

**OBJECTION OF CERTAIN SECURED CREDITORS OF
THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT
OF THE COMMONWEALTH OF PUERTO RICO TO MOTION OF
RETIREE COMMITTEE ESTABLISHING INITIAL PROCEDURES WITH
RESPECT TO OBJECTIONS OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS AND OFFICIAL COMMITTEE OF RETIRED EMPLOYEES,
PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY
RULE 3007 TO CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY
<u>EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF PUERTO RICO</u>**

Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund L.P., Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P.,[1] Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., and SV Credit, L.P. (the "ERS Bondholders"), certain secured creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), hereby object to the *Motion Of Retiree Committee Establishing Initial Procedures With Respect To Objections Of The Official Committee Of Unsecured Creditors And Official Committee Of Retired Employees, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007 To Claims Asserted By Holders Of Bonds Issued By Employees Retirement System Of Government Of Puerto Rico* [Docket No. 7803 in Case No. 17-bk-03283 and Docket No. 632 in Case No. 17-bk-03566] (the "Retiree Committee Procedures Motion") filed by the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee"). The ERS Bondholders state as follows:

---

[1] Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., and Oaktree Opportunities Fund IX (Parallel 2), L.P. hold through Opps Culebra Holdings, L.P. Oaktree Huntington Investment Fund II, L.P. holds through Oaktree Opportunities Fund X Holdings (Delaware), L.P. Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., and Oaktree Opportunities Fund X (Parallel 2), L.P. hold through Oaktree Opps X Holdco Ltd.

## BACKGROUND

1. On March 12, 2019, the Official Committee of Unsecured Creditors (the "UCC") filed its *Omnibus Objection of Official Committee of Unsecured Creditors to Claims Asserted by Holders of Bonds Issued by Employees Retirement System Of Government Of Puerto Rico* [Docket No. 5580 in Case No. 17-bk-03283 and Docket No. 381 in Case No. 17-bk-03566] (the "UCC Objection"), seeking to disallow all claims asserted against ERS based on ownership of ERS bonds. The UCC Objection argued that the ERS Bonds are null and void because they were issued *ultra vires* and cannot be validated under § 8-202 of the Uniform Commercial Code. The UCC also filed the *Motion of Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures with respect to Objections to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico and Requesting Related Relief* [Docket No. 5589 in Case No. 17-bk-03283 and Docket No. 386 in Case No. 17-bk-03566] (the "UCC Procedures Motion") seeking to establish a process for resolving the UCC Objection, and attached proposed procedures as Exhibit 2 (the "UCC Proposed Procedures").

2. Subsequent to the filing of the UCC Procedures Motion, the ERS Bondholders and the UCC reached an agreement that resolved the ERS Bondholders' objections to the UCC Procedures Motion. On April 15, 2019, the UCC filed a revised order, which included revised UCC Proposed Procedures that resolved the ERS Bondholders' objections to the Procedures Motion as filed (the "UCC Revised Proposed Procedures"). *See* Docket No. 6247 in Case No. 17-bk-03283 and Docket No. 442 in Case No. 17-bk-03566.

3. Also on April 15, 2019, the ERS Bondholders reserved all rights to object to the UCC Procedures Motion on any grounds at any time in the future should the UCC Proposed

- 2 -

Procedures change in any way from the agreed-upon filed version of the UCC Revised Proposed Procedures. *See* Docket No. 6258 in Case No. 17-bk-03283 and Docket No. 444 in Case No. 17-bk-03566.

4. On April 23, 2019, less than twenty-four hours before the April 24 omnibus hearing, the Official Committee of Retired Employees of the Commonwealth of Puerto Rico ("<u>Retiree Committee</u>") filed its *Omnibus Objection of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of ERS Bonds Against ERS and the Commonwealth* [Docket No. 6482 in Case No. 17-bk-03283 and Docket No. 469 in Case No. 17-bk-03566] (the "<u>Retiree Committee's Objection</u>"). The Retiree Committee's Objection raised the same *ultra vires* issue raised in the UCC Objection, but also raised a host of other issues, including (a) that the ERS Bondholders cannot assert claims against the Commonwealth in connection with the ERS Bonds, (b) that the ERS Bondholders improperly assert post-petition claims against ERS and the Commonwealth, (c) that employer contributions are not "special revenues," and (d) that § 552(b) of the Bankruptcy Code is inapplicable to the ERS Bondholders' liens.

5. The UCC Procedures Motion was initially scheduled to be heard at the April 24, 2019 omnibus hearing. However, in part because of the Retiree Committee's Objection filed on the eve of the hearing, the Court adjourned it to the omnibus hearing scheduled for June 12, 2019. *See* April 24, 2019, Omnibus Hr'g Tr. at 25:10–26:17. Counsel for the UCC advised the Court that "hopefully . . . in the next ten days or so," the Committees would "come back to Your Honor" on the issue. *Id.* at 25:16–19.

6. On June 10, 2019, on the eve of the June 12, 2019 hearing, the UCC filed the *Informative Motion of Official Committee of Unsecured Creditors Regarding its March 12, 2019*

- 3 -

*Motion [Docket No. 5589] Establishing Procedures With Respect to Objections to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico and Requesting Related Relief* [Docket No. 7352 in Case No. 17-bk-03283 and Docket No. 551 in Case No. 17-bk-03566] (the "UCC Informative Motion"), which sought substantive relief by seeking approval of further revised procedures (the "UCC Further Revised Procedures"). On June 11, 2019, the ERS Bondholders objected to consideration of the UCC Informative Motion at the June 12, 2019 omnibus hearing. *See* Docket No. 7387 in Case No. 17-bk-03283 and Docket No. 552 in Case No. 17-bk-03566. The Court sustained the ERS Bondholders' objection on the record at the omnibus hearing. The Retiree Committee Procedures Motion followed.

## OBJECTION

**I.     The Retiree Committee Procedures Motion Is Inappropriate In Light Of The Overlapping Adversary And Other Proceedings Filed By The Oversight Board**

7.     The Retiree Committee does not have standing to establish claim objection procedures where the debtor is already pursuing the very same objections through different procedural vehicles. The First Circuit has explained: "the needs of orderly and expeditious administration do not permit the full and unfettered exercise of [a creditor's] right to object to the allowance of another creditor's claim. The most important qualification attached to the right of a creditor to object is that it is the trustee who acts as the spokesman for all the creditors in discharge of the trustee's duty unless the trustee refuses to take action." *In re Thompson*, 965 F.2d 1136, 1147 (1st Cir. 1992) (citation and quotation omitted). Here, the Oversight Board has not refused to take action. On the contrary, the Oversight Board is both prosecuting and defending multiple adversary cases and a contested matter on the same subject matter that the Retiree Committee seeks to regulate through the Retiree Committee Procedures Motion. Under *Thompson*, because a representative of the debtor is already litigating the issues raised in the Retiree Committee's

- 4 -

Objection through other procedural vehicles, the Retiree Committee does not have standing to seek to establish omnibus claim objection procedures. Nor, absent Court order, does the Retiree Committee have standing to even be heard in connection with the ERS Title III case.

8. Even if the Retiree Committee had standing, the contemplated procedures fail to address the interaction between the omnibus claim procedures and the various overlapping ERS adversary and other proceedings. With one exception noted below, each argument in the Retiree Committee's Objection is the subject of more than one pending proceeding.

- Part I of the Retiree Committee's Objection, which asserts defenses to the ERS Bondholders' claims against the Commonwealth, overlaps with the defenses raised by the Oversight Board and others in connection with certain of the ERS Bondholders' action against the Commonwealth and others, *see* Adv. Case No. 17-00219 in Case No. 17-bk-03283 and 17-00220 in Case No. 17-bk-03566, as well as the issues raised by the Oversight Board in connection with its objection to the proof of claim of the ERS fiscal agent, *see* Docket No. 7075 in Case No. 17-bk-03283.

- Part II of the Retiree Committee's Objection is a one-paragraph argument that certain ERS Bondholders included post-petition claims in their filed proofs of claim and that this was procedurally improper. This is not the subject of any pending proceeding, but it is also not clear why omnibus declaratory relief is necessary to resolve a procedural issue unique to a specific subgroup of holders of ERS bonds.

- Parts III, IV and V of the Retiree Committee's Objection relate to *ultra vires* issues and would have been covered by the UCC objection (among other proceedings).

- Part VI of the Retiree Committee's Objection relates solely to issues involving the extent and validity of the bondholders' liens. This is the subject of Adv. Case No. 19-00366 in Case No. 17-bk-03566 and Adv. Case 19-00367 in Case No. 17-bk-03566, Adv. Case. 17-00213 in Case No. 17-bk-03566 (which is the subject of an impending appeal), and the Oversight Board's objection to the ERS fiscal agent's proof of claim, *see* Docket No. 7075 in Case No. 17-bk-03283.

9. Attempting to downplay the significance of its requested changes to the UCC procedures, the Retiree Committee represents to the Court that its proposed procedures are "identical" to the UCC Further Revised Procedures. Ret. Comm. Proc. Mot., at ¶ 8. That is false.[2] Importantly, the procedures now proposed by the Retiree Committee omit any reference to the parallel adversary cases and purport to establish the exclusive framework for litigating these issues: "These procedures shall be the exclusive means to participate in the litigation before the District Court of issues relating to the disallowance of ERS Bond Claims against ERS and the Commonwealth on the grounds set forth in the Objections." Ret. Comm. Proc. Mot., Ex. 2 § 1. At the same time as it is attempting expand the scope of the procedures, the Retiree Committee argues that the ERS Bondholders' concerns regarding the need to coordinate among proceedings are "premature." Ret. Comm. Proc. Mot., at ¶ 11. But the figure it out later approach will result in inefficiencies, delay and prejudice. The argument that the procedures should be exclusive but what that means can be figured out months from now is without merit.

---

[2] The Retiree Committee has deleted each of the changes that the ERS Bondholders and the UCC agreed upon in the UCC Revised Proposed Procedures. A machine-generated comparison of the supposed "identical" procedures is attached as <u>Exhibit A</u> hereto.

**II. The Relief Requested in the Retiree Committee Procedures Motion is Procedurally Unavailable**

10. Bankruptcy Rule 3007(b) prohibits a party in interest from raising "a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim." Bankruptcy Rule 7001 requires, among other things, that a declaratory judgment action be brought by way of an adversary case. Fed. R. Bankr. P. 7001 (7) and (9). It similarly requires the commencement of an adversary case for any "proceeding to determine the validity, priority, or extent of a lien or other interest in property." *Id.* at (2).

11. The Retiree Committee Procedures Motion impermissibly seeks to address through a claim objection process matters that must be commenced by adversary complaint. Specifically, the Retiree Committee Procedures Motion seeks to apply procedures to claims "that have been or may be asserted." Ret. Comm. Proc. Mot., Ex. 2, at 1. Seeking to disallow a claim that has yet to be asserted is a declaratory judgment action, not a claim objection. Similarly, the entirety of Part VI of the Retiree Committee's Objection is a request to determine the scope of the ERS bondholders' liens, which is a matter that is squarely reserved for—and, in fact, is the subject of at least three pending—adversary cases.

12. The distinction between an adversary case and a contested matter is significant. An adversary case affords greater procedural and other protections than an omnibus claim objection. For example, the Retiree Committee Procedures Motion expressly contemplates the potential for objecting parties to engage in claim splitting. *See* Ret. Comm. Proc. Mot., Ex. 2 § 7 ("The fact that the Objectors have objected to the ERS Bond Claims asserted against ERS and the Commonwealth shall not preclude (i) the Objectors or any party in interest from objecting to an ERS Bond Claim on any basis not set forth in the Objections…."). While this is tolerable in the context of the non-substantive grounds for an omnibus claim objection enumerated in Bankruptcy Rule 3007(d), and

indeed might even be tolerable in the context of a discrete issue, such as an *ultra vires* objection, it is plainly improper with respect to the kitchen-sink style objection interposed by the Retiree Committee or for matters that must be raised by adversary complaint.

14. Because the issues raised by the Retiree Committee can only be raised by adversary case, and because claim splitting would clearly be improper in that context, no basis exists for such a provision. This is just one example of why overlooking the procedural infirmities of the Retiree Committee Procedures Motion is not harmless.

**III. The Retiree Committee Has Not Met Its Burden For The Relief Requested**

14. The Retiree Committee has failed to meet its burden with respect to the relief requested. The short Retiree Committee Procedures Motion is devoid of any factual or legal argument in support of the relief sought. Instead, the assumption by the Retiree Committee, and the UCC before it, appears to be that this Court's prior approval of the GO omnibus claim procedures justifies the procedure requested for the ERS Bonds. But factual and legal differences exist between the relief sought by the Retiree Committee here and the relief sought by the Oversight Board in connection with the GO omnibus claim procedures.

15. For example, the Oversight Board, rather than a limited intervenor with no standing, requested the GO procedures. Those procedures did not implicate and therefore did not have to address several pending adversary and other proceedings involving the same issues as the claim objection. The GO procedures were focused on specific issues involving the allegedly *ultra vires* nature of the bonds. Under the UCC Revised Proposed Procedures, which were agreed to by the ERS Bondholders, the proposed procedures contemplated for the ERS Bonds were originally similarly limited. However, the Retiree Committee Procedures Motion attempts to expand the issues subject to the omnibus claims process beyond the scope of what may be resolved through a

contested matter and beyond what makes any sense in this context. Indeed, the GO procedures are limited to *ultra vires* issues, despite the fact that there are numerous other contested issues associated with the GO bonds. These other contested issues, including lien issues, are now the subject of distinct proceedings, but they do not overlap with the GO omnibus claim procedures.

16. Accordingly, if anything, the Court's prior approval of focused GO omnibus procedures suggests that the relief requested here is overbroad and inappropriate.

## CONCLUSION

17. For the reasons stated above, the ERS Bondholders respectfully submit that the Court should deny the Retiree Committee Procedures Motion. To the extent the Retiree Committee Procedures Motion does not supersede the UCC's motion, the Court should deny that motion as well.

In San Juan, Puerto Rico, today July 9, 2019.

By:

| | |
|---|---|
| */s/ Alfredo Fernández-Martínez* | */s/ Bruce Bennett* |
| Alfredo Fernández-Martínez | Bruce Bennett (*pro hac vice*) |
| DELGADO & FERNÁNDEZ, LLC | JONES DAY |
| PO Box 11750 | 555 South Flower Street |
| Fernández Juncos Station | Fiftieth Floor |
| San Juan, Puerto Rico 00910-1750 | Los Angeles, California 90071 |
| Tel. (787) 274-1414 | Tel. (213) 489-3939 |
| Fax: (787) 764-8241 | Fax: (213) 243-2539 |
| afernandez@delgadofernandez.com | bbennett@jonesday.com |
| USDC-PR 210511 | |

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Beth Heifetz (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3939
Fax: (202) 626-1700
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

*Counsel for ERS Bondholders Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd. and SV Credit, L.P.*