**<u>EXHIBIT A</u>**

Case:17-03283-LTS Doc#:7885-1 Filed:07/09/19 Entered:07/09/19 14:56:34 Desc:

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO
RICO**

```
------------------------------------------------------------------- X
                                                    :
In re:                                              :
                                                    :
THE FINANCIAL OVERSIGHT AND                         :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                   :   Title III
                                                    :
        as representative of                        :   Case No. 17-BK-3283 (LTS)
                                                    :
THE COMMONWEALTH OF PUERTO RICO et al.,             :   (Jointly Administered)
                                                    :
        Debtors.²¹                                  :
------------------------------------------------------------------- X
                                                    :
In re:                                              :
                                                    :
THE FINANCIAL OVERSIGHT AND                         :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                   :   Title III
                                                    :
        as representative of                        :   Case No. 17-BK-3566 (LTS)
                                                    :
                                                    :
THE EMPLOYEES RETIREMENT SYSTEM OF THE              :
This filing relates only to GOVERNMENT OF THE       :
COMMONWEALTH OF Debtor ERS and shall be             :
PUERTO RICO,                                        :
filed in the lead Case No.                          :
                                                    :   17-BK-3283 (LTS) and
                                                    :
        Debtor.                                     :   Case No. 17-BK-3566 (LTS)
------------------------------------------------------------------- X
```

**INITIAL PROCEDURES FOR RESOLVING OBJECTIONS
OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND OFFICIAL
COMMITTEE OF RETIRED EMPLOYEES, PURSUANT TO BANKRUPTCY
CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS ASSERTED
BY
HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF
GOVERNMENT OF PUERTO RICO**

---

²¹ The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto

Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

~~HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF PUERTO RICO~~

[~~June~~July 2019]

Pursuant to the Order (the "Order") of the United States District Court for the District of Puerto Rico (the "District Court"), dated [~~June~~July , 2019], [Dkt. No. ], the following initial procedures will apply to the resolution of the objections filed by the Official Committee of Unsecured Creditors (the "Committee"), each dated March 12, 2019 [Case No. 17-bk-3566, Dkt. Nos. 381 and 384],~~2~~3 and the ~~objection~~objections filed by the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee," and, together with the Committee, the "Objectors") dated April 23, 2019 [~~Dkt.~~Case No. 17-bk-3283, Dkt. 6482; Case No. 17-bk-3566, Dkt. 469] to claims asserted by holders of bonds issued by the Employees Retirement System of the Government of Puerto Rico (collectively, the "Objections").

The Objectors filed the Objections contending that all claims (the "ERS Bond Claims") that have been or may be asserted against the Employees Retirement System of the Government of Puerto Rico ("ERS") based on bonds issued by ERS in 2008 (the "ERS Bonds") are invalid. The Retiree Committee's Objection also contends that all ERS Bond Claims that have been or may be asserted against the Commonwealth are invalid~~, but these~~. These procedures apply ~~only to the contentions relating to~~to all ERS Bond Claims asserted against ERS and/or the Commonwealth. Holders of ERS Bonds are hereafter referred to as "ERS Bondholders."

1.   Exclusivity of Procedures ~~for the Objections~~

These procedures shall be the exclusive means to participate in the litigation before the District Court ~~with respect to the Objections. However, the issues raised~~of issues relating to the disallowance of ERS Bond Claims against ERS and the Commonwealth on the grounds set forth in the Objections ~~are the subject of parallel adversary proceedings initiated in 2017 by certain ERS Bondholders. See Adv. No. 17-ap-219-LTS in Case No. 17-bk-03283-LTS and Adv. No. 17-ap-220-LTS in Case No. 17-bk-03566-LTS (collectively, the "ERS Adversary Proceedings"). In order to avoid inconsistent briefing, (a) any and all briefing and other filings made in connection with the Objections shall be deemed also filed and made, for all purposes, in the ERS Adversary Proceedings, and (b) to the extent the issues raised in the Objections become the subject of other claims objections, motions, or adversary proceedings involving the ERS Bonds Claims, the participants in such contested matters or adversary proceedings shall confer in good faith to determine whether some or all of the briefing and other filings made in connection with the Objections shall be deemed also filed and made, for all purposes, in such contested matters or adversary proceedings.~~.

2.   Notice of Participation

Any party in interest, including, without limitation, the Financial Oversight and Management Board for Puerto Rico (the "FOMB") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with the FOMB, the "Title III Parties"), and any person or entity that holds an ERS Bond, whether or not such person or entity is identified in the Objections, that wishes to participate in the litigation of the Objections must

~~3 The full text of the Objections may be found on the Internet by using the following links: [Prime Clerk links]~~

serve by email and file a notice of its intent to participate in such litigation (a "Notice of Participation").

The Notice of Participation shall (a) indicate whether the party in interest who filed such notice (each, a "Participant") supports or opposes the Objections; (b) provide the name, address and email address of the Participant and its counsel, if any; and (c), to the extent filed by an ERS Bondholder, set forth (i) whether all or part of such ERS Bonds were purchased on the secondary market, and (ii) the CUSIP numbers for such ERS Bonds to the best of such ERS Bondholder's knowledge and belief, as of the date of such Notice of Participation (the "Notice Information"). The Notice of Participation shall cover all ERS Bonds owned as of the date of such Notice of Participation or thereafter acquired by the Participant and shall not be limited to the specific CUSIP numbers listed. For the avoidance of doubt, a party in interest may submit a Notice of Participation individually and/or through an *ad hoc* group. A Notice of Participation submitted

---

[2] The full text of the Objections may be found on the Internet by using the following links: [Prime Clerk links]

through an *ad hoc* group shall entitle each member of such *ad hoc* group to participate either individually or as part of the group, and each such member reserves the right to act individually from time to time in respect of any issue, argument, or proceeding. To the extent that an entity ceases to be a member of an *ad hoc* group that filed a Notice of Participation, such member may continue to participate in the litigation of the Objections in the same manner as a Participant that had filed a timely individual Notice of Participation; *provided however*, that such Participant will be bound by (i) any actions, arguments, statements or positions made or taken by such *ad hoc* group prior to the date on which the Participant ceased to be a member of such *ad hoc* group (the "Separation Date"), and (ii) any District Court orders applicable to members of such *ad hoc* group as of the Separation Date, in each case to the same extent, if any, that members of such *ad hoc* group would be bound by such actions, arguments, statements, positions or District Court orders. To the extent that an entity becomes a member of an *ad hoc* group after the Participation Deadline, such member shall be covered by the Notice of Participation timely filed by the *ad hoc* group, *provided* that (i) such Notice of Participation shall be updated to include the Notice Information for the new group member, and (ii) if such member did not file its own timely Notice of Participation, such member shall have obtained, pursuant to paragraph 5 below, District Court approval to participate in the litigation, individually or as a member of the *ad hoc* group, upon a showing of good cause. Participants who file Notices of Participation that support the Objections shall collectively constitute "Joint Objectors," and parties that oppose the relief sought in the Objections shall collectively constitute "Respondents."

Each Notice of Participation must be served by email on the "Notice Parties" identified in paragraph 8 below and filed electronically with the District Court pursuant to its Electronic Case Filing procedures. **Participants without counsel may file the Notice of Participation by mailing or delivering it by hand to: The Clerk of the United States District Court for the District of Puerto, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767 the clerk's office of the District Court in San Juan, Puerto Rico.**

**The deadline to file with the District Court and serve by email a Notice of Participation is [60 days from entry of the Order], 2019 (the "Participation Deadline").** For those parties that file with the District Court and serve by email Notices of Participation by the

Participation Deadline, no substantive response to the Objections need be filed until a date set forth in any subsequent scheduling order entered by the District Court.

Subject to paragraph 5 below, any party that does not file a Notice of Participation will not receive notices of filings and events in the litigation and may not be allowed to substantively participate in the litigation absent permission granted by the District Court upon a showing of good cause, but may nevertheless have its rights affected by the outcome of the litigation. In particular, and subject to applicable appellate rights, if the District Court grants the Objections in whole or in part, claimants' recovery on account of the ERS Bond Claims will be eliminated in whole or in part, and claimants will be forever barred from asserting such claims against ERS, from voting on any plan of adjustment filed in this Title III Case, and from participating in any distribution in this Title III Case on account of such claims arising from the ERS Bonds and the ERS Bond Claims. By filing a Notice of Participation, a claimant will have the opportunity to be heard on the merits of the Objections, will be entitled to receive notification of case events specific to the Objections,

and will receive notice of opportunities to meet and confer with other parties concerning issues relating to the litigation of the Objections.

Nothing herein, nor the mere filing of a Notice of Participation by a person or entity that is not a holder of an ERS Bond, shall operate to confer standing upon such person or entity to participate in the litigation of the Objections, and all rights to object to any person or entity's standing are preserved.

3.     The Initial Proposal Exchange/ Recommendation

On the date that is five (5) days after the Participation Deadline, the Objectors shall file with the District Court a list of all parties that filed Notices of Participation, their counsel, and whether such Participants are Joint Objectors or Respondents. Such list will be updated as necessary every thirty (30) days to reflect any late-filed or updated Notices of Participation.

Twenty-one (21) days after entry of an order approving these procedures(the "Initial Proposal Exchange Deadline"), the Objectors and the other M&C Parties (defined below), will simultaneously exchange proposals (the "Initial Proposals") setting forth the procedures that will govern litigation of the Objections, including, without limitation, anticipated legal and factual disputes, the sequence and timing of discovery, anticipated dispositive motion practice and the timing thereof, and treatment of holders of ERS Bonds who did not file Notices of Participation (the "Objection Litigation Procedures"). The Initial Proposals will be exchanged in the following manner: the Objectors and the other M&C Parties shall email their Initial Proposals to the Notice Parties. The Objectors will cause their Initial Proposal and all received Initial Proposals to be uploaded to the [website] (the "ERS Objection Website"). The Initial Proposals will not be filed with the District Court. Parties will not be precluded from raising claims or defenses that are not included in the Initial Proposals.

During the twenty-one (21) day period following the Initial Proposal Exchange Deadline, the M&C Parties (defined below) shall meet and confer concerning the substance of the Initial Proposals in an effort to develop a joint recommendation regarding Objection Litigation Procedures for the District Court. The Objectors will convene the meet and confer session(s) and

provide notice of any meeting(s) or phone conference(s) to all M&C Parties. The M&C Parties shall use reasonable efforts to develop a fully consensual recommendation with respect to Objection Litigation Procedures that also incorporates the view, if known, of Participants who are not M&C Parties.

The "M&C Parties" will initially be the Objectors, the groups of ERS Bondholders represented by Jones Day and White & Case LLP, respectively, any other ERS Bondholders represented by counsel that wish to participate in the meet and confer process, and the Title III Parties. The Objectors reserve the right to request permission from the Court to limit the number of M&C Parties in the event it proves impossible to conduct meaningful and productive meet and confer sessions.

On the date that is twenty-one (21) days following the Initial Proposal Exchange Deadline, the Objectors shall cause to be filed with the District Court a recommendation concerning the proposed Objection Litigation Procedures (the "Recommendation") and shall indicate, if known,

which Participants support the Recommendation, and the Participants, if any, that object to such Recommendation. The Objectors shall have caused a draft of the Recommendation to have been posted to the ERS Objection Website at least five (5) business days prior to filing the Recommendation; thereafter, Participants shall have four (4) business days to provide further input on the proposed Objection Litigation Procedures by emailing such comments to the Notice Parties. The Notice Parties will send any such comments received by Participants who are not M&C Parties, to the M&C Parties.

Any responses to the Recommendation must be filed with the District Court within seven (7) days of the filing of the Recommendation (the "Response Deadline"), and any replies to such responses must be filed within three (3) days following the Response Deadline (the "Reply Deadline").

~~For the avoidance of doubt, all rights are reserved with respect to any party's ability to seek leave from the Court at any time to file dispositive motions.~~

4.      Litigation

      A.      District Court Status Conference

      The Objectors will request that the District Court hold a status conference as soon as practicable after the Reply Deadline to discuss and decide matters set forth in the Recommendation and any responses and replies thereto, including without limitation:

      (i)      the sequence and timing of any discovery;

      (ii)      the extent to which joint briefs can or should be submitted;

      (iii)      a briefing schedule, ~~including without limitation a schedule for filing dispositive motions~~; and

      (iv)      any other matter that will contribute to the fair and efficient resolution of the issues raised in the Objections and the Notices of Participation.

~~For the avoidance of doubt, all Participants reserve the right in connection with the Objection Litigation Procedures to argue that they should not be required to submit joint briefing with other Participants.~~

      B.      Coordination

      To the extent that the District Court determines that joint briefs can and should be submitted

      (a)      The Objectors and any Joint Objector ~~instructed to engage in joint briefing~~ shall cooperate in good faith in order to file joint papers with respect to the Objections, and shall file separate papers only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

      (b)      Likewise, ~~any~~the Respondents ~~instructed to engage in joint briefing~~ shall cooperate in good faith to file joint papers with respect to the litigation of the Objections and shall file separate papers only to the extent necessary

to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

With respect to discovery –

The Objectors and the Joint Objectors, on the one hand, and the Respondents, on the other hand, shall use reasonable efforts to coordinate the development of discovery that is requested from the other parties and to coordinate communications concerning such discovery.

5.      Notices of Participation Submitted After the Participation Deadline

Any party that submits a Notice of Participation after the Participation Deadline, but at least thirty (30) days prior to a trial on the merits of the Objections, may participate in the

litigation of the Objections by receiving notices of developments in the litigation and invitations to any meet and confer sessions among the parties to the litigation. Such party, however, shall be bound by any orders entered by the District Court (including any order granting a dispositive motion, such as a motion for summary judgment) and/or any agreements reached among the Objectors, Joint Objectors and Respondents prior to the submission of such Notice of Participation regarding the conduct of the litigation, including with respect to the matters set forth in paragraph 3 above. Moreover, absent permission granted by the District Court upon a showing of good cause, any party that fails to file a Notice of Participation, or that files a Notice of Participation after the Participation Deadline, shall be prohibited from filing separate pleadings, serving discovery, or being heard at any hearing on the Objections.

6.      <u>No Duty</u>

No Respondent shall have a duty to any other Respondent or to any ERS Bondholder who does not file a Notice of Participation.

7.      <u>Other Objections Permitted</u>

The fact that the Objectors have objected to the ERS Bond Claims asserted against ERS <u>and the Commonwealth</u> shall not preclude (i) the Objectors or any party in interest from objecting to an ERS Bond Claim on any basis not set forth in the Objections or to any other claim asserted by the ERS Bondholder unrelated to the ERS Bonds or (ii) a party in interest from asserting additional grounds for objecting to the ERS Bond Claims pursuant to a Notice of Participation.

8.     The Following Persons are the "Notice Parties"

**PAUL HASTINGS LLP**
Attn: Luc. A. Despins, Esq. James
R. Bliss, Esq.
Nicholas A. Bassett, Esq.
200 Park Avenue
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com

**CASILLAS, SANTIAGO & TORRES LLC**
Attn: Juan J. Casillas Ayala, Esq.,
Diana M. Batlle-Barasorda, Esq.,
Alberto J. E. Añeses Negrón, Esq.,
Ericka C. Montull-Novoa, Esq.,
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-
2419 ~~jcasillas@cstlawpr.com~~
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

**JENNER & BLOCK LLP**
Attn: Robert Gordon, Esq. ~~Richard Levin~~Catherine Steege, Esq.
~~Catherine Steege~~Richard Levin, Esq.
Melissa Root, Esq. Landon Raiford, Esq.
csteege@jenner.com
rgordon@jenner.com rlevin@jenner.com
~~csteege@jenner.com~~
mroot@jenner.com lraiford@jenner.com

**BENNAZAR, GARCÍA & MILLIÁN, C.S.P.**
A.J. Bennazar-Zequeira
Héctor M. Mayol
Kauffman Francisco del
Castillo Orozco
~~ajb@bennazar.org~~
ajb@bennazar.org
hector.mayol@bbennazar.
com

8

| Summary report: Litera® Change-Pro for Word 10.4.0.0 Document comparison done on 7/9/2019 9:50:49 AM | |
|---|---|
| **Style name:** JD Color | |
| **Intelligent Table Comparison:** Inactive | |
| **Original filename:** UCC Procedures - M158126137400-rep-1006080024.docx | |
| **Modified filename:** 17-3566 Dkt 632 Retiree Comm Mtn Claim Procedures.docx | |
| **Changes:** | |
| Add | 53 |
| Delete | 61 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 114 |