### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- x
                                                          :
In re:                                                    :
                                                          :
THE FINANCIAL OVERSIGHT AND                               :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                         :   Title III
                                                          :
         as representative of                             :   Case No. 17-BK-3283 (LTS)
                                                          :
THE COMMONWEALTH OF PUERTO RICO *et al.,*                 :   (Jointly Administered)
                                                          :
         Debtors.[1]                                      :
------------------------------------------------------------------------- x

### OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO JOINT MOTION OF CERTAIN ADVERSARY DEFENDANTS SEEKING ENTRY OF AN ORDER AUTHORIZING PARTICIPATION IN DETERMINATION OF CONSTITUTIONAL VALIDITY OF CHALLENGED BONDS

The Official Committee of Unsecured Creditors of the all Title III Debtors (other than

COFINA) (the "Committee") respectfully files this objection (the "Objection") to the *Joint*

*Motion Of Certain Adversary Defendants Seeking Entry Of An Order Authorizing Participation*

*In Determination Of Constitutional Validity Of Challenged Bonds* [D.E. 7747] (the "Motion to

Participate")[2]. In support of this Objection, the Committee states as follows:

### PRELIMINARY STATEMENT

1.      The Committee objects to the Motion to Participate in the GO Bonds Objection

proceedings (the "GO Bonds Claim Litigation") because the certain Adversary Defendants

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID:  3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID:  3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID:  3747).

[2]   Capitalized terms used but not defined in this Objection shall have the meaning ascribed in the Motion to Participate.

ignore their lack of standing and improperly inject themselves in these proceedings in an effort to take at least two bites of the apple.

2.      The certain Adversary Defendants comprise a thirteen-member subset of the 17 underwriter defendants (the "<u>Underwriter Defendants</u>")[3] in Case No. 19-00280 ("<u>Financial Target Litigation</u>").   In that action, the co-Plaintiff Committee seeks judgment against the Underwriter Defendants for damages, rescission, unjust enrichment, and breach of contract in a 547 paragraph and 62 count complaint. In that complaint, only one count alleges that the Underwriter Defendants aided and abetted a breach by "among other things, underwriting the 2014 GO Bonds, even though they knew or should have known that the Commonwealth's debt obligations exceeded the Constitutional Debt Service Limit" (¶ 149).    Although the Constitutional Debt Service Limit is alleged in that claim, the resolution of that issue in a vacuum would not dispose of nor resolve any cause of action against the Underwriter Defendants in the Financial Target Litigation.

3.      The Underwriter Defendants have not framed any issue of the Constitutional Debt Service Limit by affirmative defense, responsive pleading, or motion. But it is reasonably certain that the calculation of the actual Constitutional Debt Service Limit will be a fact-intensive, expert-testimony driven finding that may not even be determinable at the summary judgment stage.

4.      In the GO Bonds Objection, the Bondholders have asserted claims to which the Committee and the FOMB have objected, both of whom seek to disallow the claims because the bonds were invalid *ab initio* as violative of the Constitutional Debt Service Limit <u>and</u>   the Balanced Budget Clause.

---

[3]     As defined in this Objection, the Underwriter Defendants specifically include all Adversary Defendants, plus the following entities: TCM Capital; CitiGroup, Inc.; Raymond James; and VAB Financial. It does not include non-underwriter defendant Sidley Austin.

5.      The Adversary Defendants do not have a right to participate in the GO Bond Objection Litigation because none of the Adversary Defendants are bondholders or have any pecuniary or direct interest in that litigation.   Additionally, the GO Bonds Objection addresses some, but not all, of the Bonds that give rise to the claims in the Underwriter Litigation. Ultimately, the GO Bonds Objection may be fully decided on an issue never raised in the Financial Target Litigation – the violation of the Constitutional Balanced Budget Clause,  which prohibited the GO bond issuance for the unlawful purpose of deficit financing. *See, e.g.*, GO Bonds Objection, D.E. 4784, ¶¶ 91-98.

6.      As conceded in their Motion to Participate, the Adversary Defendants seek to sidetrack the determination of the bondholder and debtor rights – the real parties in interest – and transform the GO Bonds Objection into a preview of the Court's position that they can use (if helpful) or ignore and re-argue repeatedly (if unhelpful) before raising it as one small issue in the Adversary Proceeding.

7.      As set forth below, applicable legal authority does not permit the Adversary Defendants to manufacture standing to participate in these proceedings and even if it were permitted, it would create an unnecessary re-duplication of effort without any legitimate benefit to the resolution of the proceedings.

### INACCURACY OF CERTIFICATION

8.      Counsel for the Adversary Defendants did engage in a dialogue concerning issues raised in the Motion, but at no time set forth a concrete proposal, although they were invited to do so. During the weeks between the last time that the parties conferred and the filing of the Motion to Participate, the Adversary Defendants did not communicate that an impasse necessitated the filing of a motion, let alone that it would be filed at 4 p.m. on the Friday before the 4th of July holiday.

## **OBJECTION**

### I.   The Adversary Defendants Have No Right to Participate in the GO Bonds Objection Litigation Under § 1109(b), Rule 2018(a), and Basic Standing Principles

9.      In their Motion to Participate, the Adversary Defendants seek the Court's *permission* to involve themselves in the GO Bonds Objection Litigation, which permission is not a matter of right under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and clearly-defined principles of constitutional standing. *First*, the Adversary Defendants do not have standing to appear before the Court and participate in the GO Bonds Objection Litigation because they lack any direct pecuniary stake in the outcome of that GO Bonds Objection Litigation and, therefore, are not parties-in-interest within the meaning of 11 U.S.C. § 1109(b). *See, e.g.*, *In re Innkeepers USA Tr.*, 448 B.R. 131, 141 (Bankr. S.D.N.Y. 2011). *Second*, the Bondholders are the proper parties-in-interest in the GO Bonds Objection Litigation and the Adversary Defendants do not have standing under § 1109(b) to raise legal rights or defenses on the Bondholders' behalf. *See, e.g.*, *In re Refco Inc.*, 505 F.3d 109, 117 (2nd Cir. 2007). *Third*, the Adversary Defendants' attempt to participate in the GO Bonds Objection Litigation by piggy-backing on the Bondholders violates basic constitutional standing requirements. *In re Encore Prop. Mgmt. of W. New York, LLC*, 585 B.R. 22, 29 (Bankr. W.D.N.Y. 2018). *Fourth*, Rule 2018(a) of the Federal Rules of Bankruptcy Procedure prohibits the Adversary Defendants from injecting themselves into the GO Bonds Objection Litigation because the interests and rights of the only parties-in-interest, the Bondholders, are fully protected by their own counsel in these cases.  These points are set forth in detail below.

### A.   The Adversary Defendants Do Not Have the Right to Participate in the GO Bonds Objection Litigation Under § 1109(b) Because They Lack A Direct Pecuniary Interest in the Outcome of the GO Bonds Litigation

10.      The Adversary Defendants lack standing to participate in the GO Bonds Litigation under § 1109(b) of the Bankruptcy Code because they do not have a direct pecuniary

stake in the outcome of the GO Bonds Objection Litigation. The Adversary Defendants do not have a claim that is subject to the GO Bond Objection and, therefore, have no direct pecuniary interest in the GO Bonds Litigation.

11. Bankruptcy courts will not permit a party to participate in a particular bankruptcy proceeding in the absence of a direct financial or legal stake in the outcome — a mere generalized interest in the bankruptcy proceeding is not sufficient to confer standing under § 1109(b). *Innkeepers*, 448 B.R. at 141 (noting that courts "have limited 'party in interest' standing where a party's interest in the proceeding is not a direct one."); *In re Martin Paint Stores*, 199 B.R. 258, 264 (Bankr. S.D.N.Y. 1996); *In re China Fishery Grp. Ltd. (Cayman)*, No. 16-11895 (JLG), 2018 WL 6824074, at *4 (Bankr. S.D.N.Y. Dec. 27, 2018) (holding that parent company of adversary plaintiff did not qualify as party in interest under § 1109 despite arguments that the parent was directly damaged as a result of the adversary defendant's conduct and stood to benefit from any recovery in the adversary proceeding); *In re Residential Capital, LLC*, No. 14 CIV. 761 ER, 2015 WL 629416, at *2 (S.D.N.Y. Feb. 13, 2015) (holding that a defendant in an ancillary foreclosure proceeding was not a party in interest under § 1109(b) who could raise stay violation issue); *Teligent, Inc. v. K&L Gates LLP (In re Teligent, Inc.)*, 640 F.3d 53, 61 (2d Cir. 2011) (holding that a party was not a "party in interest" and did not have standing to object to a settlement because: (i) it was not a creditor of the debtor, so had no direct financial stake in the outcome of the bankruptcy case; and (ii) it "had too remote an interest in the settlement agreement," as it was not required to pay any money to the estate or to the non-debtor party to the agreement).

12. Only when the requirement for a party-in-interest is satisfied does § 1109(b) permit "[a] party in interest . . . [to] raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). *In re Stone Barn Manhattan LLC*, 405 B.R. 68, 75

(Bankr. S.D.N.Y. 2009); *In re Old Carco LLC*, 500 B.R. 683, 691 (Bankr. S.D.N.Y. 2013) (providing that a party in interest under § 1109 must generally have a financial or legal stake in the outcome of the particular meter); *In re China Fishery Grp. Ltd. (Cayman)*, No. 16-11895 (JLG), 2018 WL 6824074, at \*4 (Bankr. S.D.N.Y. Dec. 27, 2018).

13.     The Adversary Defendants provide no authority to support their participation in the GO Bonds Litigation. Instead, they rely on generalized and speculative assertions of their purported "legal and financial stake"[4] in the outcome of the GO Bonds Litigation and cite to cases that either support the Committee's position in this Objection or that are easily distinguishable. *See, e.g.*, *In re Savage Indus. Inc.*, 43 F.3d 714, 720 (1st Cir. 1994) (determining whether entities were "parties in interest" for purposes of receiving notice of bankruptcy case and whether such parties could be enjoined under asset transfer agreement approved by the bankruptcy court); *In re Pub. Serv. Co. of New Hampshire*, 88 B.R. 546, 551 (Bankr. D.N.H. 1988) (ruling that the "*basic test* under section 1109(b) is whether the prospective party in interest has a sufficient stake in the outcome of the proceeding so as to *require representation*" and that it is equally important that "the court take care not to be so liberal in granting such applications as to over-burden the reorganization process by allowing numerous parties to interject themselves into the case on every issue, to the extent that the goal of a speedy and efficient reorganization is hampered" (emphasis added)); *Order Granting Limited Intervention in Connection with the Financing Motion*, dated Feb. 9, 2018, PROMESA Title III Case No. 17-03283-LTS (D.E.2449) (the "February 2018 Order") (authorizing participation in financing proceedings by Ad Hoc Group of General Obligation Bondholders whose claims could potentially be extinguished by the proposed financing order).

---

[4] *See, e.g.*, Motion to Participate, D.E. 7747, ¶ 16.

14.     The Motion to Participate must fail because the <u>Adversary Defendants do not</u>
<u>have a claim that is subject to the GO Bonds Objection</u> and they lack any direct financial or
pecuniary stake in the outcome of the GO Bond Objection. *Stone Barn Manhattan*, 405 B.R. at
75. In this regard, the Adversary Defendants' "stake" in the GO Bonds Objection Litigation is
more remote than the stakes of the proposed participants in *Innkeepers*, *China Fishery*, and
*Teligent*, and easily distinguishable from the stakes of the entities involved in *Savage Industries*,
*Pub. Serv. Co.*, and the February 2018 Order. *Savage Indus.*, 43 F.3d at 717 (involving "parties
in interest" whose product liability claims were extinguished by order of the bankruptcy court);
*Pub. Serv. Co.*, 88 B.R. at 555-56 (deferring ruling on party in interest and intervention matters
in light of the complexities of the case, with the exception of the State of New Hampshire, which
was permitted to participate in the reorganization process because New Hampshire had a
"statutory basis for being involved in [that] reorganization").

**B.  The Adversary Defendants Do Not Have the Right to Participate in the GO
Bonds Objection Litigation Under § 1109(b) Because They Cannot Raise the
Rights and Defenses of the Bondholders**

15.     The Adversary Defendants lack standing to participate in the GO Bonds
Objection Litigation under § 1109(b) of the Bankruptcy Code because they are impermissibly
attempting to raise the rights and defenses of the proper parties-in-interest — the Bondholders.
Courts examining the contours of § 1109(b) standing have routinely rejected what the Adversary
Defendants seek to do with their Motion to Participate: interject themselves into a peripheral
bankruptcy proceeding (here, the GO Bonds Litigation) by asserting the interests or defenses of
the proper party-in-interest.

16.     Courts in the First and Second Circuits have made clear that party-in-interest
standing does not arise if a party seeks to assert some right or defense that belongs to another
party in the bankruptcy proceeding. For example, in *In re Refco*, the committee of unsecured

7

creditors brought an adversary proceeding against Sphinx seeking to avoid as a preference a transfer of more than $300 million. Affirming the lower courts' determinations that the investors in Sphinx lacked standing to object in the bankruptcy case, the Second Circuit held that "[t]o the extent that the rights of a party in interest are asserted, those rights must be asserted by the party in interest, not someone else." *In re Refco*, 505 F.3d at 117.

17.     The rationale underpinning the *Refco* analysis is simply another facet of the real party-in-interest inquiry.  Under § 1109(b), the "real party in interest" is the party who has the legal right (or defense) that is sought to be enforced or protected. *See id.* at 117. Under this paradigm, the notion that any particular creditor's interest may be asserted by anyone other than that creditor or the "real party in interest" is "*incompatible* with the purpose of the [Bankruptcy] Code." *Id.* (emphasis added).  *Accord In re Lopez*, 446 B.R. 12, 17 & n.24 (Bankr. D. Mass. 2011)  (citing *In re Refco*, 505 F.3d at 115 n.10) (holding that "the moving party must be asserting its own rights and not those belonging to or derivative of a third party"); *In re Newcare Health Corp.*, 244 B.R. 167, 171-72 (B.A.P. 1st Cir. 2000) (holding that secured creditor of non-debtor affiliate was not a party in interest under § 1109(b) with standing to file motion for turnover of cash collateral because the affiliate did not file a claim, acknowledged the funds it sought were not estate funds, and failed to aver that it had a claim secured by property of the estate, and therefore was not the "proper proponent" of the rights sought to be enforced).

18.     The reasoning of *Refco*, *Newcare Health*, and *Lopez* should apply here. The Adversary Defendants are a collection of just thirteen of the 18 total defendants that include "banks, underwriters, law firms and other professionals."[5] Standing under § 1109(b) does not exist if non-parties (here, the Adversary Defendants) seek to assert a right belonging to or derivative of other parties' (here, the Bondholders) rights in the GO Bonds Objection Litigation. Any interests, rights, or defenses of the Bondholders in the GO Bonds Objection Litigation

---

[5] *See* Motion to Participate, D.E. 7747, ¶ 2.

concerning the "constitutional validity of any series of bonds issued by the Commonwealth of Puerto Rico and its agencies, instrumentalities, or affiliated debtors" are issues, rights, or defenses of the *Bondholders* that should, and will, be raised, asserted, or litigated by the *Bondholders* whose claims are actually subject to the Go Bonds Objection. Permitting the Adversary Defendants to participate in claim litigation in which they have no claim is "*incompatible* with the purpose of the [Bankruptcy] Code." *In re Refco*, 505 F.3d at 117 (emphasis added).

### C. The Adversary Defendants Lack Standing to Appear in the GO Bonds Objection Litigation Under Basic Principles of Constitutional Standing

19.     The fatal defects implicated by the Adversary Defendants' attempted participation in the GO Bonds Objection Litigation are not simply statutory; their proposed participation runs afoul of basic constitutional standing principles that implicate the Court's jurisdiction.

20.     The authority set forth in *Refco*, *Newcare Health*, and *Lopez* are also consistent with basic *constitutional* standing principles that preclude entities from asserting the rights or legal interests of others in order to protect their own interests. *See, e.g.*, *Newcare Health*, 244 B.R. at 167, 171-72  (limiting party-in-interest analysis under § 1109 to constitutional prudential standards and holding that indenture trustee of bondholders of non-debtor affiliates lacked standing to compel turnover of cash collateral because the indenture trustee was asserting the rights and interests of third parties and *not* the "proper proponent of the rights sought here to be enforced"); *Benjamin v. Aroostook Medical Center, Inc.*, 57 F.3d 101, 104 (1st Cir. 1995) (holding that principles of prudential standing limit litigants from asserting "the rights and interests of a third party and not his or her own"); *Encore Prop. Mgmt.*, 585 B.R. at 29 (holding that entity lacked standing to respond to motion to dismiss Chapter 11 case on behalf of bondholder-investors where such investors' interests were represented by Wells Fargo, reasoning that the entity could not assert the rights or legal interests of others in order to protect its own

interests). These principles of standing are constitutional *jurisdictional* limitations that cannot be waived. *Newcare Health*, 244 B.R. at 171-72 ("[T]he question of standing is jurisdictional, cannot be waived, and remains open to review during all stages of the litigation.").

21.     The Motion to Participate must fail under these basic constitutional (and jurisdictional) principles. The Adversary Defendants attempt to  commandeer the GO Bonds Objection Litigation that involves an objection to the claims of Bondholders (and not claims of the Adversary Defendants). The Adversary Defendants do so solely to preemptively litigate the issue of "constitutional validity of any series of bonds issued by the Commonwealth of Puerto Rico and its agencies, instrumentalities, or affiliated debtors" in a contested matter that is completely separate and distinct from the Adversary Proceeding. This proposed participation ignores the constitutional standing standards outlined in *Newcare Health*, *Encore Prop. Mgmt.*, and *Benjamin*. As in the *Encore Prop. Mgmt.* case, "[i]f there is a story to be told by the bondholder-investors, it isn't [the Adversary Defendants'] story to tell . . . ." 585 B.R. at 29. Constitutional standards do not permit the Adversary Defendants to assert the rights or legal interests of the Bondholders in order to protect their own interests in an unrelated proceeding. *See id.*; *Benjamin*, 57 F.3d at 104.

### D.  The Adversary Defendants May Not Intervene Under Rule 2018(a)

22.      The Adversary Defendants should not be permitted to participate in the GO Bonds Objection Litigation under Rule 2018(a) because the Adversary Defendants' interests are adequately represented by parties already in the GO Bonds Objection Litigation (the Bondholders) and the proposed intervention would result in undue delay or prejudice.

23.     Rule 2018 provides for intervention by an "interested entity" who is not otherwise entitled to participate in the bankruptcy case for "cause," "meaning an economic or similar interest in the case or an aspect of the case." Fed. R. Bankr. P. 2018(a); *In re Pulp Finish 1 Co.*,

10

No. 12-13774 (SMB), 2014 WL 201482, at *8 (Bankr. S.D.N.Y. Jan. 16, 2014); *S. Blvd., Inc. v. Martin Paint Stores*, 207 B.R. 57, 62 (S.D.N.Y. 1997). Other factors to be considered include whether intervention would result in undue delay or prejudice, and whether the proposed intervenor's interests are adequately represented by a party already present in the case. *Martin Paint Stores*, 207 B.R. at 62 *(citing In re Longfellow Indus., Inc.,* 76 B.R. 338, 341 (Bankr.S.D.N.Y.1987)). Notably, Rule 2018 and § 1109 must be read together because "the long list of interested parties set out in § 1109 does not guarantee a party on that list the right to object to every motion; rather the party must be directly interested in the motion at hand." *In re Saint Vincents Catholic Med. Centers of New York*, 429 B.R. 139, 150 (Bankr. S.D.N.Y. 2010). Rule 2318)(a) instructs Courts not to permit an "interested entity" to intervene where such entity's interests are represented by an actual party in interest. *See, e.g.*, *Martin Paint Stores*, 207 B.R. at 59-62 (affirming bankruptcy court's refusal to allow proposed intervenor to participate in proceedings concerning assumption of lease because the interests of the proposed intervenor were represented by objecting landlord, even though the objecting landlord did not share "all" of proposed intervenor's interests); *In re Durango Georgia Paper Co.*, 336 B.R. 594 (Bankr. S.D. Ga. 2005) (holding that permissive intervention is discretionary and should not be permitted by bankruptcy court if would-be intervenor's rights are already adequately represented or if intervention would result in delay or prejudice).

24.     Here, the Adversary Defendants, citing Rule 2018(a), seek to participate in claim litigation that is completely separate and distinct from the Adversary Proceeding to litigate "whether the challenged GO bonds . . . were (or were not) issued in violation of the Commonwealth's constitutional debt service limit and/or balanced budget clause."[6] In doing so, the Adversary Defendants disregard a straightforward step under Rule 2018(a) — that the

---

[6] Motion to Participate, D.E.7747, ¶ 3.

11

Adversary Defendants "must be directly interested in the motion at hand." *Saint Vincents Catholic Med. Centers*, 429 B.R. at 150. Further, the issue of whether the challenged GO Bonds are valid under the Constitution of the Commonwealth of Puerto Rico will be briefed and litigated by those Bondholders holding *billions* of dollars in challenged claims. Therefore, as in *Martin Paint Stores*, relief under Rule 2018(a) is inappropriate where their interests with respect to the so-called "common legal issues" are adequately represented by the Bondholders in the GO Bonds Objection Litigation. *Cf.   In re Stephenson*, 415 B.R. 436, 441 (Bankr. D. Idaho 2009) (holding that proposed intervenor's interest in avoiding future litigation with debtor and limiting its potential liability or defraying costs of such litigation was merely collateral or contingent, was therefore insufficient "cause" for authorizing permissive intervention).

## II. The Court Should Not Countenance the Adversary Defendants' Attempt to Hijack the GO Bonds Objection Litigation

25.     In addition to being inconsistent with § 1109(b), constitutional standing principles, and Rule 2018(a), the Court should not deny the Adversary Defendants' Motion to Participate for several important practical reasons.

26.     *First*, there is no doubt that the Adversary Defendants are plainly seeking a second, third, and fourth bite of the same apple.  In their Motion to Participate, they "expressly reserve all rights, claims, arguments, defenses, and remedies to the [Financial Target] Complaint, the GO Bonds Objection, and all other proceedings regarding the Court's determination of whether the challenged bonds implicated in the Complaint were (or were not issued) in violation . . . ."[7] Movants should not be permitted to litigate the same issue repeatedly, without a willingness to be fully and finally bound and if so, such a determination should occur in the action brought against them.

---

[7] Motion to Participate at ¶ 21 (emphasis added).

27.      *Second*, the so-called "common legal issues" identified by the Adversary Defendants are actually not common at all and instead reflect dramatically different legal contexts. In the GO Bond Objection, the Bondholders have asserted claims to which the Committee and the FOMB have objected, both of whom seek to disallow the claims because the bonds were invalid in violation of the Constitutional Debt Service Limit and the Balanced Budget Clause.  On the other hand, the issue of "whether the challenged GO bonds . . . were (or were not) issued in violation of the Commonwealth's constitutional debt service limit"[8] is mentioned only a handful of times in the context of a 547-paragraph, 62-count complaint reflecting that the fact-intensive issue is necessarily interwoven with myriad other allegations and claims against the Adversary Defendants and other Underwriter Defendants.

28.      *Third*, the prejudice caused by the Adversary Defendants' proposed parallel participation in contested matters is not simply a matter of costly, duplicative litigation. Permitting a thirteen-member subset of the Adversary Defendants in the Financial Target Litigation to participate in the GO Bonds Objection Litigation would blur the distinction between two separate proceedings and likely result in injecting irrelevant, Adversary Defendant-specific issues into the GO Bond Objection Litigation, further burdening an already complex set of contested matters.

29.      *Fourth,* even if this Court permitted the Adversary Defendants to participate in the GO Bond Objections, that participation will not result in determinations that are binding on the other defendants that have elected not to seek to participate in the GO Bond Objections. Those rights, to the extent raised in the Financial Target Litigation, would have to be addressed anew, raising the prospect of inconsistent results and well as ensuring that effort would be duplicated.

---

[8] Motion to Participate, D.E.7747, ¶ 3.

30.     **Fifth**, by seeking leave of the Court to participate in the Go Bonds Objection litigation, the Adversary Defendants are attempting to obtain an advisory opinion concerning, or the adjudication of, issues pertinent to the Adversary Proceeding before raising any affirmative defense, responsive pleading, or motion directed at the Complaint in the Adversary Proceeding.

## CONCLUSION

Based upon the foregoing, the Official Committee of Unsecured Creditors of the all Title III Debtors (other than COFINA) respectfully requests that the Court deny the Adversary Defendants' *Joint Motion Of Certain Adversary Defendants Seeking Entry Of An Order Authorizing Participation In Determination Of Constitutional Validity Of Challenged Bonds* [D.E. 7747], and grant such other relief as the Court deems necessary and proper.

Respectfully submitted this 8th day of July, 2019

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Special Litigation Counsel to the Official Committee of Unsecured Creditors*
Miami Tower- 44th Floor
100 SE 2nd Street,
Miami, FL 33131
Telephone: 305-349-2300
Facsimile: (305) 349-2310


/s/ Jesus M. Suarez
John H. Genovese, Esq. (Pro Hac Vice)
jgenovese@gjb-law.com
John Arrastia, Esq. (Pro Hac Vice)
jarrastia@gjb-law.com
Jesus M. Suarez, Esq. (Pro Hac Vice)
jsuarez@gjb-law.com
Mariaelena Gayo-Guitian (Pro Hac Vice)
mguitian@gjb-law.com

**-and-**

14

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Counsel to the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF notification upon all interested parties registered to receive electronic notification on this matter (which is incorporated herein by reference) and via U.S. Mail and/or E-mail upon the Standard Parties referenced in the Ninth Amended Case Management Order on this 9th day of July, 2019.

   /s/ Jesus M. Suarez
Jesus M. Suarez Esq.

15