**<u>Exhibit B</u>**

June 21, 2019

**By E-Mail**

| | |
|---|---|
| Dennis F. Dunne, Esq. | Roberto Cámara-Fuertes, Esq. |
| Andrew M. Leblanc, Esq. | Sonia Colón, Esq. |
| Atara Miller, Esq. | Ferraiuoli LLC |
| Grant R. Mainland, Esq. | 221 Ponce de León Avenue, 5th Floor |
| Milbank, Tweed, Hadley & McCloy LLP | San Juan, PR 00917 |
| 55 Hudson Yards | |
| New York, NY 10001 | |

Re:   *Ambac Assurance Corporation's Motion to Compel, No. 17-03283, ECF No. 7505*

Counsel:

Respondents[1] write with regard to *Ambac Assurance Corporation's Motion to Compel Compliance with the Court's December 15, 2017 and February 26, 2018 Orders Regarding the Urgent Renewed Joint Motion of the Ad Hoc Group of General Obligation Bondholders, Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., the Mutual Fund Group, and National Public Finance Guarantee Corporation for Order Authorizing Rule 2004 Examination* [ECF No. 7505] (the "Motion to Compel"). Respondents are also in receipt of Ambac's motion entitled *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Pension Liabilities* [ECF No. 7507], and will correspond with Ambac regarding that motion under separate cover.

The Motion to Compel asks the Court to compel a "meaningful response to Request No. 4," which seeks "[a]ll models, documents, and actuarial reports supporting the calculation of the pension benefit and administrative cost projections in the October 2018 Fiscal Plan." Mot. ¶¶ 7, 9. We were surprised to see this motion because Respondents have provided this information. As the Motion to Compel concedes, Respondents have produced the reports by Milliman, Inc. ("Milliman") that were used to prepare the pension projections in the Commonwealth Fiscal Plan. Mot. ¶ 5.[2] Further, Ambac's contention that Respondents did not respond to its January 14, 2019 request for pension models, Mot. ¶ 8, is incorrect. On January 18, 2019, just four days after receiving the January 14 request, Respondents produced the model used to prepare the pension projections in the October 23, 2018 Commonwealth Fiscal Plan, along with one additional Milliman report.[3] Two additional pension models were produced on May 19, 2019.[4] The Motion

---

[1]   The term "Respondents" has the same meaning as in the Motion to Compel.
[2]   CW_RJM2004_0018248 to CW_RJM2004_0018487.
[3]   CW_RJM2004_0033469 (pension model); CW_RJM2004_0032789 (Milliman report).
[4]   CW_RJM2004_0087109; CW_RJM2004_0087152

1

to Compel ignores the production of these pension models. In addition, on November 19, 2018, Respondents produced the model underlying the October 23, 2018 certified Commonwealth Fiscal Plan, which includes pension projections.[5] Respondents have also re-reviewed the data room for any responsive documents that, while already available to Ambac, had not been produced in Rule 2004 discovery. Respondents identified an updated October 23, 2018 Commonwealth Fiscal Plan model and an accompanying explanation of the refinements to the pension model in that update, and produced both documents on June 19, 2019.[6]

In our view, Respondents' production of the pension models, the Milliman analyses, and the Fiscal Plan models for the October 23, 2018 Commonwealth Fiscal Plan, satisfies Ambac's request for the "models, documents, and actuarial reports supporting the calculation of the pension benefit and administrative cost projections in the October 2018 Fiscal Plan." Mot. ¶ 7. Ambac's demand for "the data and information considered and relied upon" in the Milliman reports in response to Request No. 4, Mot. ¶ 6, was improperly raised for the first time in the Motion to Compel. Nevertheless, Respondents understand this demand to refer to the 2015 census data that underlie the Milliman reports. Ambac has received this information in response to Ambac, National, and Assured's untitled list of pension-related document requests, sent May 22, 2018.[7]

To the extent Ambac believes Respondents' production in response to Request No. 4 to be insufficient, Ambac is required to meaningfully meet and confer with Respondents before resorting to motion practice. Specifically, Judge Dein's January 30, 2018 Order Amending Standing Order ("Standing Order"),[8] requires Ambac, in advance of filing any motion, to meet and confer with Respondents to the "greatest extent feasible," which must include "an exchange of letters outlining their respective positions . . . and at least one telephonic or in-person discussion of the matters, and **must include a discussion on scheduling**." Standing Order ¶ 2(a). Respondents have not received any communication from Ambac in the months since Respondents produced the pension models underlying the October 2018 Fiscal Plan in response to the January 14, 2019 letter. Ambac did not notify Respondents in advance that it would be filing a motion to compel, nor did Ambac discuss scheduling with Respondents.

Because Ambac has failed to engage in the requisite meet and confer process, it is not clear to Respondents what additional documents Ambac seeks to compel production. For this reason, we do not agree with Ambac's assertion that the parties are at an impasse. Mot. at 7. Accordingly, we request that Ambac withdraw the premature Motion to Compel, and proceed as required by the Standing Order. Specifically, we request that Ambac review the documents cited in this letter, and then send us a letter articulating precisely what documents it is seeking in response to Request No.

---

[5] CW_RJM2004_0023261.

[6] CW_RJM2004_0089335 (fiscal plan model); CW_RJM2004_0096913 (summary of pension refinements). Ambac has had access to these documents since February 2019 when they were uploaded to the Data Room. *See* Data Room 2.8.8.2 (fiscal plan model); *id.* 2.8.8.3 (summary of pension refinements).

[7] PR-INSURERS2004-0000001 to PR-INSURERS2004-0000005.

[8] https://www.prd.uscourts.gov/promesa/sites/promesa/files/documents/24/20180131_17_mc_506_JGD.pdf

2

4, after which the parties can meet and confer telephonically to determine whether any outstanding disputes remain.

Sincerely,

/s/ *Margaret Dale*  /s/ *Elizabeth L. McKeen*

Margaret Dale  Elizabeth L. McKeen