**<u>Exhibit D</u>**

June 24, 2019

**By E-Mail**

| | |
|---|---|
| Dennis F. Dunne, Esq. | Roberto Cámara-Fuertes, Esq. |
| Andrew M. Leblanc, Esq. | Sonia Colón, Esq. |
| Atara Miller, Esq. | Ferraiuoli LLC |
| Grant R. Mainland, Esq. | 221 Ponce de León Avenue, 5th Floor |
| Milbank, Tweed, Hadley & McCloy LLP | San Juan, PR 00917 |
| 55 Hudson Yards | |
| New York, NY 10001 | |

Re: *Ambac Assurance Corporation's Motion for Rule 2004 Discovery Concerning Pension Liabilities, No. 17-03283, ECF No. 7507*

Counsel:

Respondents[1] write with regard to *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Pension Liabilities* [ECF No. 7507] (the "Pension Motion"). Respondents are also in receipt of Ambac's motion entitled *Ambac Assurance Corporation's Motion to Compel Compliance with the Court's December 15, 2017 and February 26, 2018 Orders Regarding the Urgent Renewed Joint Motion of the Ad Hoc Group of General Obligation Bondholders, Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., the Mutual Fund Group, and National Public Finance Guarantee Corporation for Order Authorizing Rule 2004 Examination* [ECF No. 7505] (the "Motion to Compel"). We have addressed that motion under separate cover dated June 21, 2019.

The Pension Motion purports to serve 32 Rule 2004 document requests (the "Requests") on Respondents concerning the Commonwealth's pension liabilities, including information relating to the ERS, JRS, and TRS pension plans' respective unfunded accrued actuarial pension liability, future annual required Pay-Go contributions, and investment information and strategies, as well as recent negotiations with the Oversight Board. Pension Mot. ¶ 22; Exhibit 1, Attachment A (Document Requests). This motion is improper because (i) Ambac has not fulfilled its obligation to meaningfully meet and confer with Respondents before resorting to motion practice, and (ii) the Requests encompass documents that Respondents have already produced to Ambac.

As discussed in our letter responding to the Motion to Compel, Ambac must meaningfully meet and confer with Respondents regarding its document requests before resorting to motion practice. Specifically, Judge Dein's January 30, 2018 Order Amending Standing Order ("Standing

---

[1] The term "Respondents" has the same meaning as in the Pension Motion.

1

Order"),[2] requires Ambac, in advance of filing any motion, to meet and confer with Respondents to the "greatest extent feasible," which must include "an exchange of letters outlining their respective positions . . . and at least one telephonic or in-person discussion of the matters, and must include a discussion on scheduling. Standing Order ¶ 2(a). Ambac has sought new categories of documents, including requests concerning the Governor's June 18, 2019 announcement (Request No. 28) and various recent negotiations with the Oversight Board (Request Nos. 29-32), regarding which Ambac has made no effort whatsoever to meet and confer before filing the Pension Motion. Indeed, Respondents have not received any communication from Ambac in months, nor did Ambac notify Respondents in advance that it would be filing the Pension Motion or the Motion to Compel. Ambac has not made any attempt to discuss the issues raised in either of those motions, nor has it discussed scheduling with Respondents.

As a substantive matter, the Requests are overbroad and burdensome because, among other reasons, they encompass documents that Ambac and the other Rule 2004 movants have already received. Respondents have already produced numerous pension-related documents (*see, e.g.*, PR-INSURERS2004-0000001-1421), many or all of which are responsive to the Requests.

As Ambac has failed to engage in the requisite meet and confer and has requested, in part, documents that Respondents have already produced, we ask that Ambac withdraw the premature Pension Motion and proceed to meet and confer as required by the Standing Order. We would like to proceed cooperatively and determine to what extent our previous productions will need to be supplemented and how best to respond to the new requests. To that end, we further ask that Ambac inform us, prior to any meet and confer, which of the 32 Requests it would like us to prioritize.

Sincerely,

/s/ *Margaret Dale*  /s/ *Elizabeth L. McKeen*

Margaret Dale  Elizabeth L. McKeen

---

[2] https://www.prd.uscourts.gov/promesa/sites/promesa/files/documents/24/20180131_17_mc_506_JGD.pdf