**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,[1]<br><br>Debtors. | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**OBJECTION OF THE LAWFUL CONSTITUTIONAL DEBT COALITION TO THE RENEWED MOTION OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS, UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 502 AND BANKRUPTCY RULE 3007, ESTABLISHING PROCEDURES WITH RESPECT TO OMNIBUS CONDITIONAL OBJECTION TO CLAIMS FILED OR ASSERTED BY THE PUBLIC BUILDINGS AUTHORITY, HOLDERS OF PUBLIC BUILDINGS AUTHORITY BONDS, AND HOLDERS OF CERTAIN COMMONWEALTH <u>GENERAL OBLIGATION BONDS</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers listed as Bankruptcy Case numbers due to software limitations).

The Lawful Constitutional Debt Coalition (the "LCDC"),[2] hereby objects to the *Renewed Motion of the Ad Hoc Group of General Obligation Bondholders, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures with Respect to Omnibus Conditional Objection to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds* (Dkt. 7814) (the "Renewed Procedures Motion")[3] and respectfully states as follows.

1. In the Initial Procedures Motion, the GO Group sought leave to provide notice to what the Court observed would be "hundreds or thousands of bondholders" of an objection that no party in interest—including the GO Group—asserted. The Court denied the Initial Procedures Motion, finding that because "the issues identified in the Conditional Claim Objection are not currently presented by parties to the Pending Litigation, and it is possible they never will be . . . the Conditional Claim Objection appears to seek an advisory opinion that would not be justiciable in the present posture of the matter," and it "would not be prudent" to provide bondholders with notice of a motion "that no party in interest actually advocates . . . ." Procedures Order at 7-8.

2. The GO Group now seeks to "renew" the Initial Procedures Motion, arguing that the plan support agreement (the "PSA") entered into by the Oversight Board and certain holders of general obligation claims against the Commonwealth ("GO Claims") and bonds issued by the

---

[2] The members of the LCDC and their respective holdings are set forth in the *Second Supplemental Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019* (Dkt. 7465).

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Renewed Procedures Motion or in the *Omnibus Conditional Objection of the Ad Hoc Group of General Obligation Bondholders to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds* (Dkt. 6099) (the "Conditional Objection").

2

Public Buildings Authority (the "PBA Bonds"), and the fact that certain GO Claims and PBA Bonds issued in March 2011 and thereafter are subject to challenge, has altered the landscape such that the GO Group's Conditional Objection now presents a "ripe, justiciable controversy." The GO Group misconstrues the import of these events.[4]

3. To begin with, there is nothing about the PSA that transforms the Conditional Objection into a ripe controversy.[5] Rather, the PSA—which presents the Commonwealth's first real opportunity to resolve the seemingly endless litigation arising from its Title III filing and emerge from the cloud of bankruptcy in a matter of months, not years—contemplates the filing of a plan of adjustment that provides for (among other things) different treatment for the holders of GO Claims and PBA Bonds based on the year of issuance and the corresponding strengths and weaknesses of the claims. The GO Group argues that the PSA creates a justiciable controversy because the GO Group contends, "at least at this time," that the Conditionally Challenged Claims should be treated as disputed in a plan of adjustment. Renewed Procedures Motion ¶ 42. But the GO Group also concedes its view "that no bondholders' claims should *ultimately* be disallowed based on the logic of the Selective Claim Objection." Renewed Procedures Motion ¶ 9 (emphasis in original). Thus, it is difficult to conceive of the ground on which the GO Group intends to argue that the Conditionally Challenged Claims—which, with the exception of the

---

[4] The LCDC hereby incorporates by reference the arguments set forth in its *Objection to the Motion of the Ad Hoc Group of General Obligation Bondholders, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures with Respect to Omnibus Conditional Objection to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds* (Dkt. 6181).

[5] The Renewed Procedures Motion includes a litany of flawed assertions about the plan of adjustment contemplated by the PSA to which the LCDC will respond at the appropriate time. It is worth noting at this stage, however, that the PSA is being amended to clarify that the holders of 2012 and 2014 GO Claims will be entitled to vote on the plan—such holders will be given the right to vote, as well as the right to accept a settlement or opt out.

bonds issued in 2011, have not been challenged by any party in interest, and all of which are set to receive a less than par recovery pursuant to the settlements contemplated by the PSA—should be treated as disputed in a plan of adjustment. Nevertheless, the GO Group is free to object to the plan on this or any other ground once it is filed, and the plan confirmation process will provide a comprehensive and unitary process for the adjudication of all plan objections. There continues to be no basis, however, for the Court to provide notice of, and implement litigation procedures for, an objection that no party in interest has actually asserted.

4. The GO Group's contention that the challenges to the GO Claims and PBA Bonds issued in March 2011 and thereafter warrant authorization of the Renewed Procedures Motion is also misplaced. The fact that a small portion of the Conditionally Challenged Claims are subject to actual objections does not justify notice and litigation procedures for the vast majority of the Conditionally Challenged Claims, which are not.

5. Moreover, as the GO Group notes, the post-March 2011 GO Claims and PBA Bonds are already the subject of the 2011 GO Bond Objection Procedures Motion, which the Oversight Board has sought to stay pending confirmation of the plan. *See Financial Oversight and Management Board for Puerto Rico's Motion to Stay Contested Matters Pending Confirmation of Commonwealth Plan Of Adjustment* (Dkt. 7640) (the "Stay Motion"). As set forth in greater detail in the Stay Motion and the *Response of the Lawful Constitutional Debt Coalition in Support of The Financial Oversight and Management Board for Puerto Rico's Motion to Stay Contested Matters Pending Confirmation of Commonwealth Plan of Adjustment* (Dkt. 7898) (the "Stay Response"), the stay sought by the Oversight Board provides the best chance for the Commonwealth to emerge from bankruptcy expeditiously and efficiently, while simultaneously preserving the rights of all parties in interest. Accordingly, even if the

Conditional Objection presented a justiciable controversy, litigation relating to the objection should still be stayed pending confirmation of the plan, and the Renewed Procedures Motion should still be denied.[6]

6. The GO Group, unhappy with the treatment afforded to it by the PSA, is making every effort to derail the Commonwealth's efforts to expeditiously emerge from bankruptcy. Already, the GO Group has served the Oversight Board and the other PSA parties with extensive and burdensome discovery that has no relevance to any pending contested matter, has indicated that it intends to oppose the stays requested by the Oversight Board, and now calls on this Court to establish a "comprehensive procedure for adjudication of debt-limit challenges" in the face of a global compromise that seeks to avoid just such litigation while preserving the rights of holders of late vintage bonds to establish their priority post-emergence. Renewed Procedures Motion ¶ 45. There is no legal basis for the relief requested by the GO Group, which is unquestionably destructive to the Oversight Board's mandate, the restructuring process envisioned by Congress, and the needs of the Commonwealth and its citizens. The LCDC respectfully requests that the Renewed Procedures Motion be denied.

---

[6] The LCDC hereby incorporates by reference the arguments set forth in its Stay Response.

DATED: July 9, 2019

Respectfully submitted,

| REICHARD & ESCALERA | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| **By :** */s/ Rafael Escalera*<br>**Rafael Escalera**<br>USDC No. 122609<br>escalera@reichardescalera.com<br><br>**Sylvia M. Arizmendi**<br>USDC-PR 210714<br>arizmendis@reichardescalera.com<br><br>**Carlos R. Rivera-Ortiz**<br>USDC-PR 303409<br>riverac@reichardescalera.com<br><br>**Gustavo A. Pabón-Rico**<br>USDC-PR 231207<br>pabong@reichardescalera.com<br><br>255 Ponce de León Avenue<br>MCS Plaza, 10th Floor<br>San Juan, Puerto Rico 00917-1913 | **Susheel Kirpalani** (*pro hac vice*)<br>susheelkirpalani@quinnemanuel.com<br><br>**K. John Shaffer** (*pro hac vice*)<br>johnshaffer@quinnemanuel.com<br><br>**Daniel Salinas**<br>USDC-PR 224006<br>danielsalinas@quinnemanuel.com<br><br>**Deborah Newman**(*pro hac vice*)<br>deborahnewman@quinnemanuel.com<br><br>**Eric Kay** (*pro hac vice*)<br>erickay@quinnemanuel.com<br><br>**Zachary Russell** (*pro hac vice*)<br>zacharyrussell@quinnemanuel.com<br><br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1603 |

*Co-Counsel for the Lawful Constitutional Debt Coalition*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the parties of record.

*/s/Carlos R. Rivera-Ortiz*
USDC-PR 303409