# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,[1]<br><br>                                  Debtors. | PROMESA<br>Title III<br><br><br><br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**Re: Dkt. Nos. 7814, 7888** |

## JOINDER TO ASSURED'S LIMITED OBJECTION TO MOTION TO ESTABLISH PROCEDURES WITH RESPECT TO CONDITIONAL OBJECTION

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).  (Title III case numbers listed as Bankruptcy Case numbers due to software limitations).

1. The Ad Hoc Group of Constitutional Debtholders (the "Ad Hoc Group")[2] hereby joins the *Limited Objection and Reservation of Rights of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. to the Renewed Motion of the Ad Hoc Group of General Obligation Bondholders, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures with Respect to Omnibus Conditional Objection to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds* [Docket No. 7888] (the "Assured Objection").

2. As previously discussed in the limited objection and reservation of rights[3] filed by the Ad Hoc Group in response to the initial motion to establish procedures for adjudication of the Conditional Objection, the Conditional Objection was an understandable response to the Oversight Board's abdication of its statutory duty to implement structural reforms and restore the Commonwealth's access to capital markets. The Board instead has resorted to scorched-earth litigation tactics and the selective attack of claims held by certain, politically disfavored creditors, which culminated in the recently announced PSA (the infirmities of which are aptly summarized in the Assured Objection).

3. Notwithstanding these developments, the relief requested by the Conditional Objection and Renewed Procedures Motion remains hypothetical in nature and unripe for adjudication. In fact, given the economic terms of the proposed settlement of the PBA adversary proceeding embodied in the PSA—which effectively concedes that the PBA is not a sham

---

[2] *See Third Supplemental Verified Statement of the Ad Hoc Group of Constitutional Debtholders Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Dkt. No. 6067].

[3] *See* Docket No. 6255 (the "Initial Objection"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Initial Objection or the Assured Objection, as applicable.

entity—it is even <u>less</u> likely now than it was two months ago that the Conditional Objection will ever ripen into a concrete dispute.

4. Accordingly, the Ad Hoc Group respectfully requests that the Court stay consideration of the Conditional Objection and the Renewed Procedures Motion until such time as they are ripe, *i.e.*, after the Oversight Board and the UCC have obtained judicial determinations that (a) the PBA Leases are disguised financings and (b) the PBA Bonds should be recharacterized as direct obligations of the Commonwealth.

5. In the unlikely event that the relief sought by the GO Group ever does become ripe for adjudication, the Ad Hoc Group reserves all rights to object to the Conditional Objection and Renewed Procedures Motion.

Dated: July 10, 2019

/s/ Gerardo A. Carlo
Gerardo A. Carlo
USDC PR No. 112009
Telephone: (787) 247-6680
gacarlo@carlo-altierilaw.com

/s/ Kendra Loomis
Kendra Loomis
USDC PR No. 227408
Telephone: (787) 370-0255
loomislegal@gmail.com

**G. CARLO-ALTIERI LAW OFFICES, LLC**
254 San Jose St., Third Floor
San Juan, Puerto Rico 00901
Telephone: (787) 247-6680
Facsimile: (787) 919-0527

/s/ Gary S. Lee
James M. Peck (admitted *pro hac vice*)
Gary S. Lee (admitted *pro hac vice*)
Grant J. Esposito (admitted *pro hac vice*)
David J. Fioccola (admitted *pro hac vice*)
Andrew R. Kissner (admitted *pro hac vice*)

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
jpeck@mofo.com
glee@mofo.com
gesposito@mofo.com
dfioccola@mofo.com
akissner@mofo.com

*Counsel for the Ad Hoc Group of Constitutional Debtholders*