# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

In re

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al*,

Debtors.[1]

PROMESA
TITLE III

No. 17-BK-03283 (LTS)

(Jointly Administered)

## URGENT MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, FOR ENTRY OF AN ORDER AUTHORIZING THE FILING OF DOCUMENTS UNDER SEAL AND FOR RELATED RELIEF

**To the Honorable United States Magistrate Judge Judith G. Dein:**

The Financial Oversight and Management Board for Puerto Rico, acting through its Special Claims Committee (the "SCC"), respectfully submits this urgent motion (the "Motion") seeking the entry of an order authorizing (i) the filing of the supplemental confidential list of defendant parties under seal, (ii) the issuance and filing of summonses under seal, and (iii) for narrowly tailored relief from the Court's supplemental case management order. In support of the Motion, the SCC respectfully states as follows:

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## JURISDICTION

1.        The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").[2]

2.        Venue is proper pursuant to PROMESA § 307(a).

## BACKGROUND

3.        The SCC, together with the Official Committee of Unsecured Creditors of All Title III Debtors (Other than COFINA) (the "UCC"), has commenced a number of adversary proceedings seeking to avoid and recover principal and interest payments made on account of certain bonds subject to objection—i.e., the so-called Challenged Bonds Avoidance Actions as defined in previous pleadings and orders of the court.  *See, e.g.*, ECF No. 6143, para. 16 (SCC urgent motion defining Challenged Bonds Avoidance Actions and seeking discovery in furtherance thereof).

4.        In order to identify appropriate defendants for these actions, the SCC has obtained information from financial institutions on the condition that such information (*i.e.*, institutions' clients and their financial holdings and transactions) remains confidential pending service of the summons and complaint and an opportunity for parties to object to disclosure.  *See* ECF Nos. 6493, 6967.

5.        Accordingly and pursuant to a court-ordered agreement, the SCC has filed certain Challenged Bonds Avoidance Actions against defendants identified by pseudonym.[3]

---

[2]        PROMESA has been codified at 48 U.S.C. §§ 2101-2241.

[3]        The Challenged Bonds Avoidance Actions filed to date that identify defendants by pseudonym are: 19-00281-LTS, 19-00282-LTS, 19-00283-LTS, 19-00284-LTS, 19-00285-LTS, 19-00286-LTS, 19-00287-LTS, 19-00288-LTS, 19-00356-LTS, 19-00358-LTS, 19-00359-LTS and 19-00361-LTS.

6.       In its *Order Allowing Motions to Enforce* [ECF No. 6967] (the "<u>Confidentiality</u> <u>Order</u>"), the Court ordered that the SCC (a "Receiving Party" in receipt of "Confidential Information" as defined therein) "file with the Court a "key"[FN] list matching pseudonyms to actual names." Para. 10(b); *see also* ECF No. 6493 (similar requirement in order granting related motion). In its footnote, and in accordance with its prior order on confidentiality at ECF No. 6493, the Court noted that the key would be filed under seal and that "the parties must file a motion to seal prior to filing the "key." " Para. 10(b), fn. 11.

7.       The Confidentiality Order further provides that "the obligation to utilize a pseudonym as provided herein extends only to the initial pleading and case commencement materials and shall terminate twenty-one (21) days after the Receiving Party provides such defendant, at the time of service, with reasonable notice and an opportunity to object to the use of its Confidential Information…notice and opportunity for such defendants to object to use of Confidential Information may be provided by the Receiving Party in the body of any initial pleading and no further notice shall be required." Para. 10(b).

8.       Pursuant to the Confidentiality Order, the SCC and co-counsel filed the Challenged Bonds Avoidance Actions, which complaints and summonses contain appropriate notice of the proposed use of Confidential Information.

**A.  <u>Initial and Supplemental Key</u>**

9.       After filing certain Challenged Bonds Avoidance Actions, the SCC requested permission to file an unredacted Key under seal pursuant to the Court's orders, which request the Court granted. *See* ECF Nos. 7079, 7096.

10.        Subsequently, the SCC filed amended complaints in certain Challenged Bonds Avoidance Actions, by which they named new defendants and dismissed certain other defendants, thus requiring the filing of a supplement to the Key pursuant to the Confidentiality Order.

11.        The document requested to be filed pursuant to this Motion (the "First Supplemental Key") is the "key" document referenced in the Court's Confidentiality Order and related prior orders, and matches pseudonyms to real names for all defendants to all Challenged Bonds Avoidance Actions filed to date.  See ECF No. 6493, para. 3(b) ("the Receiving Party shall…file with the Court under seal a "key" list matching pseudonyms to actual names…the Receiving Party may file under seal a single "key" matching pseudonyms to actual names of all defendants to all Challenged Bonds Avoidance Actions commenced by such Receiving Party").

## B.  Issuance and Filing of Summons

12.        Pursuant to applicable rules,[4] the SCC must serve a summons within seven (7) days of the issuance thereof.  *See* Fed. R. Bankr. Civ. P. 7004(e).  The Court has not yet issued a summons in the Challenged Bonds Avoidance Actions.

13.        Absent further relief from the Court, the SCC appears unable to comply both with the applicable procedural rules and the Confidentiality Order.  The SCC is concerned that it cannot serve the Challenged Bonds Avoidance Actions without an effective summons disclosing the name of each defendant, which summons it cannot cause to be publicly disclosed without violating the Confidentiality Order.

---

[4]    PROMESA incorporates the Federal Rules of Bankruptcy Procedure, which likewise incorporate various provisions of the Federal Rules of Civil Procedure (the "Federal Rules").  PROMESA § 310.  Additionally, the Court has implemented certain procedural rules via the CMO, which also incorporates the Local Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules").

14.     Accordingly, the SCC proposes to prepare and submit to the Clerk of Court the proposed summonses under seal, with such summonses to be issued by order of the Court without publication to the Court's docket until such time as the disclosure of Confidential Information is permitted pursuant to the Confidentiality Order.

## C.  Limited Relief from Supplemental Case Management Order

15.     The Court's *Supplemental Case Management Order No. 1 Regarding Procedures in Connection with the Commencement of Adversary Proceedings* [ECF No. 6530] (the "SCMO"). The Supplemental CMO provides that "until further order of the Court, the number of defendants named in any adversary proceeding complaint…that is filed or amended on or after such date must not exceed one hundred (100)."

16.     On June 10, 2019, the SCC and UCC filed a motion for relief from the SCMO at ECF No. 7349 (the "SCMO Relief Motion").  The factual statements contained in the SCMO Relief Motion are incorporated herein by reference.

17.     In the SCMO Relief Motion, the movants requested authority to name up to 1,000 defendants per adversary proceeding in connection with an anticipated large number of potential defendants in the Challenged Bonds Avoidance Actions.

18.     However, the SCC believes that, based on the number of defendants to the Challenged Bonds Avoidance Actions and the number of additional defendants expected to be identified in discovery over the coming weeks, the SCC would likely be able to name all appropriate defendants to appropriate adversary proceedings in a clear and efficient manner if it is able to name up to 250 defendants to each adversary proceeding.

19.     The Court denied the SCMO Relief Motion, noting that the "office of the Clerk of Court has confirmed that Movants' suggested allowance of up to 1,000 defendants in a single amended complaint is not workable."  ECF No. 7510.

20.     The SCC understands and respects the finality of the Court's prior decision.  It now requests that the Court consider a significantly more tailored request for limited relief from the SCMO, permitting naming of up to 250 defendants per adversary proceeding, with unknown, unnamed defendants grouped as such (i.e., John Doe defendants) to be counted as a single defendant unless otherwise noted.

21.     It currently appears likely, given communications with and estimates provided by parties in discovery, that the SCC's needs could be served if it were permitted to name up to 150 defendants per proceeding (i.e., 50 parties more than currently permitted). The SCC requests permission to identify up to 250 defendants in each adversary proceeding out of an abundance of caution, given that some Participant Holders have not completed production and any estimates may be understating the actual number of defendants identified in discovery.

22.     The requested relief would abrogate the need for the SCC to commence new adversary proceedings that might clutter the record in the Challenged Bonds Avoidance Actions and create ambiguity as to when such causes of action were commenced.

**REQUESTED RELIEF**

23.      The SCC seeks authority (i) to file the First Supplemental Key under seal as directed by the Court; (ii) to submit proposed summonses to the Clerk of Court under seal, and for the Court to issue the summonses such that they remain under seal until disclosure may be permitted pursuant to the Confidentiality Order; (iii) to name up to 250 defendants in each adversary proceeding; that this Motion be set for hearing, if at all, not later than the Court's scheduled omnibus hearing on July 24, 2019.

**BASIS FOR REQUESTED RELIEF**

**A. The Confidentiality Order Requires Filing Under Seal.**

24.      Despite the public's common law right of access to judicial proceedings and records, the Bankruptcy Code requires courts, when appropriate, to limit the public's access to sensitive information. Section 107(b) of the Bankruptcy Code provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1)      protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2)      protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

25.      In addition, section 105(a) of the Bankruptcy Code permits the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

26.      Bankruptcy Rule 9018, which implements the protections provided by Section 107, sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. This rule reads in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

27.     The Confidentiality Order requires the filing of this Motion as to the First Supplemental Key, which is thus necessary and appropriate.

28.     Moreover, because the Confidentiality Order requires that Confidential Information not be disclosed until after service of the summons and complaint, the SCC is presently obligated to obtain the issuances of summonses in a manner that permits effectuation of service without publication of the summonses (primarily, defendant names) on the record.

**B.  Applicable Rules Encourage Limited Relief from the SCMO.**

29.     The SCC respectfully suggests that limited, narrowly tailored relief from the SCMO would be necessary and appropriate in the Challenged Bonds Avoidance Actions.

30.     The SCC requests this relief in light of its concerns relating to the statute of limitations for such actions.  In sum, the SCC was unable to obtain information identifying all appropriate defendants to the Challenged Bonds Avoidance Actions until after the actions had been timely filed in light of the statute of limitations.  Accordingly, the SCC has taken precautions to clarify the timeliness of the filing even as to such recently identified parties.

31.     One measure taken by the SCC has been to clarify, when naming defendants to the litigation via the filing of an amended complaint, that such defendants have been named as appropriate parties to the litigation based on discovery documents obtained in or relating to the litigation.  This distinction is more difficult to make, and could give rise to confusion as to the strength of a statute of limitations defense, if the SCC must commence new adversary proceedings after the expiration of the statute of limitations.  Thus, the SCC strongly prefers to name newly identified parties to the existing adversary proceedings.

32.     One additional measure taken by the SCC has been to name defendants with fictitious names such as "John Doe" and "Unknown Bondholder."  This measure is specifically encouraged by Puerto Rico Rules of Civil Procedure 13.3 and 15.4, made applicable to these adversary proceedings by Federal Rule  15(c)(1)(A),[5] and the federal courts.[6]

33.     Because the number of "John Doe" parties is not presently known, the SCC has identified them in tranches.  If the tranches were counted as individuals toward the 100-defendant limit stated in the SCMO, several of the Challenged Bonds Avoidance Actions could be construed to violate the SCMO, notwithstanding that fewer than 100 (or 150, if this motion were granted) defendants had been identified and named.[7]

---

[5]   Federal Rule 15(c)(1)(A) provides that amendment of a pleading, such as to name additional defendants pursuant to subsection (c)(1)(C), relates back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back."  The SCC has alleged claims under Puerto Rico law and its applicable statute of limitations; accordingly, Puerto Rico Rules of Civil Procedure 13.3 and 15.4 (regarding relation back and naming of defendants whose true identities are unknown, respectively) apply to the amendments filed by the SCC.

[6]   *See Morel v. DaimlerChryslerAG*, 565 F.3d 20, 26 (1st Cir. 2009); *Aponte Bermudez v. Berrios*, 2016 WL 4708294 at *3 (D.P.R. 2016) (citing *Marshall v. Mulrenin*, 508 F.2d 39, 44 (1st Cir. 1974)).

[7]   By way of further explanation: the SCC refers herein to two different types of fictitious named defendants.  Certain groups of defendants were identified by Participant Holders as likely existing and to be named shortly; those defendants were given pseudonyms and identified without specific numerosity indicators.  Separately, the SCC expects that additional parties of unknown quantity may also be disclosed shortly.  Based on recent discovery communications, the SCC now believes that these number fewer than 500 as to each of the PBA/GO and ERS Challenged Bonds Avoidance Actions (and likely far fewer than that number), and has identified these parties in tranches as described above.  By either method of naming the currently unidentified parties, the SCC's compliance

34.      However, with appropriate relief from the Court, the SCC expects, depending on results of additional discovery to be provided, it might name fewer than 250 defendants (perhaps even closer to 150 defendants) while maintaining maximum clarity in the record and without having to commence new adversary proceedings.

**C. Expedited Review and Hearing Are Appropriate.**

35.      The SCC regrets the urgency of this Motion.  It has delayed the filing of the Motion as it sought to obtain complete discovery from Participant Holders or at least obtain a ballpark estimate of the number of beneficial bondholders to be disclosed, which has taken longer than expected through no apparent fault of any party.

36.      Time is of the essence, however, in that the applicable rules arguably require notice to parties by July 29, 2019 for effective relation back of amended complaints.  *See* Federal Rule 15(c)(1)(C) (requiring notice during the service period provided under Federal Rule 4(m)). Although the Court has entered an order permitting service as late as September 1, 2019, *see* ECF No. 7425, it is unclear whether the Court's order extends the period for "notice" under Federal Rule 15, and such "notice" arguably may not be provided absent certain measures, requested herein, to maintain confidentiality.  Moreover, providing defendants of "notice" without serving them would simply require the SCC to incur duplicative mailing costs, given that process must be served later.

---

with the SCMO is in question, as the former method could result in an undefined number of defendants being named to the complaint, and the latter in over 500 being named to particular complaints notwithstanding the grouping of unknown parties in tranches.

37.      Accordingly, the SCC requests that the Court issue a determination on this Motion sufficiently prior to July 29, 2019 so as to provide an opportunity for the SCC to serve its defendants by that date.  To the extent a hearing on the Motion may be required, the SCC requests that such hearing be either held during the Court's currently scheduled July 24, 2019 omnibus hearing or at the Court's convenience on a date prior.

## **CONCLUSION**

WHEREFORE, the SCC seeks the entry of an Order, substantially in the form attached hereto as Exhibit A, granting the relief requested.

Dated: July 10, 2019

*/s/ Edward S. Weisfelner*
BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. *(Pro Hac Vice)*
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com

Sunni P. Beville, Esq. *(Pro Hac Vice)*
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee* and

*/s/ Alberto G. Estrella*
ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902-3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committe*

11

## Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA TITLE III |
| as representative of | No. 17-BK-03283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO, *et al,* | (Jointly Administered) |
| Debtors.[8] | |

## [PROPOSED] ORDER AUTHORIZING THE FILING OF DOCUMENTS UNDER SEAL AND GRANTING LIMITED RELIEF FROM SUPPLEMENTAL CASE MANAGEMENT ORDER

Upon the *Urgent Motion of the Financial Oversight and Management Board for Puerto Rico, Acting Through Its Special Claims Committee, for Entry of an Order Authorizing the Filing of Documents Under Seal and for Related Relief* dated July ___, 2019 (the "Urgent Motion")[9] of the Oversight Board, acting through the members of its Special Claims Committee, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, and Bankruptcy Rule 9018, made applicable to this proceeding by section 301(a) of the Puerto Rico Opportunity Management and Economic Stability Act of 2016 ("PROMESA"), 48 U.S.C. § 2161(a); and the Court having jurisdiction over

---

[8] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[9] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

this matter under 28 U.S.C. 1331, and under section 306(a)-(b) of PROMESA, 48 U.S.C. §2166(a)-(b); and venue being proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Urgent Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Urgent Motion; and the Court having determined that the legal and factual bases set forth in the Urgent Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that:

1.      The Motion is GRANTED as provided herein.

2.      The First Supplemental Key shall be filed under seal.

3.      The SCC shall submit to the Clerk of Court forms of summonses as appropriate for each Challenged Bonds Avoidance Action, following which (upon satisfaction of all other applicable requirements for issuance of summons) the Clerk of Court shall cause such summonses to be issued and entered on the docket under seal.

4.      Within thirty (30) days of such time as disclosure of Confidential Information may become permissible pursuant to the Confidentiality Order as to each and any party, the SCC shall file an informative motion with the Court identifying documents and information to be unsealed.

5.      The SCC and the UCC may file amended complaints in the Challenged Bonds Avoidance Actions, each of which may name more than one hundred (100) and not more than two hundred and fifty (250) defendants.

6.      For purposes of the above paragraph, any entity described as a group of parties whose identities are not presently known shall be counted as a single defendant.

Dated: _____, 2019

_____
Honorable Magistrate Judge Judith G. Dein

63439373 v4