UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- x
: 
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.,* : (Jointly Administered)
:
Debtors.¹ :
---------------------------------------------------------------------- x

**RESPONSE OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RENEWED MOTION OF AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS, UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 502 AND BANKRUPTCY RULE 3007, TO ESTABLISH PROCEDURES WITH RESPECT TO OMNIBUS CONDITIONAL OBJECTION TO CLAIMS FILED OR ASSERTED BY PUBLIC BUILDINGS AUTHORITY, HOLDERS OF PUBLIC BUILDINGS AUTHORITY BONDS, AND HOLDERS OF CERTAIN <u>COMMONWEALTH GENERAL OBLIGATION BONDS</u>**

The Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "<u>Committee</u>") hereby submits this response to the *Renewed Motion of the Ad Hoc Group of General Obligation Bondholders, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures With Respect to Omnibus Conditional Objection to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds*

---

¹ The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

(the "Renewed Motion") [Docket No. 7814].[2] In support of this response, the Committee respectfully states as follows:

**OBJECTION**

1. In its Renewed Motion, the Ad Hoc Group of General Obligation Bondholders (the "GO Group") again seeks approval of procedures with respect to its Conditional Objection[3] to claims filed against the Commonwealth based on PBA bonds and certain GO bonds.

2. As set forth at length in the Committee's omnibus objection to the Oversight Board's stay motions,[4] the Committee wholeheartedly agrees with the GO Group that the proposed plan of adjustment contemplated by the recently announced PSA is a "sweethart deal" that treats claims based on PBA bonds and pre-2012 GO bonds (*i.e.*, the bonds comprising the overwhelming majority of the PSA Parties' holdings) as undisputed even though the Oversight Board itself (along with the Committee) has challenged (through, among other things, the Clawback Actions seeking the avoidance of pre-petition principal and interest payments) the validity of all PBA and GO bonds issued in or after March 2011.

3. However, this "change in the landscape" (to use the GO Group's catch-phrase) does not change the grounds on which the Court denied the GO Group's Initial Procedures Motion as unripe—most fundamentally, that the Conditional Objection is, by its very terms, conditional on rulings that the Court has not yet made (and, if the GO Group has its way, will

---

[2] Capitalized terms not defined herein have the same meanings as in the Renewed Motion.

[3] *Omnibus Conditional Objection of the Ad Hoc Group of General Obligation Bondholders to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds* [Docket No. 6099].

[4] *Official Committee of Unsecured Creditors' Omnibus Objection to (A) Motion to Stay Contested Matters [Docket No. 7640 in Case No. 17-3283 (LTS)] and (B) Motion to Stay PBA Adversary Proceeding [Docket No. 99 in Adv. Proc. No. 18-149 (LTS)] Pending Confirmation of Commonwealth Plan of Adjustment* [Docket No. 7899].

never make).[5] In other words, on the Court's reasoning, the Conditional Objection is no riper now than it was before, as it still presents "a hypothetical request for relief."[6]

4. In any event, as alluded to above, the Oversight Board and the Committee have already challenged in their Clawback Actions the validity of all PBA and GO bonds issued in or after March 2011 on debt limit grounds. The GO bonds challenged in the Clawback Actions have also been challenged in (i) the joint omnibus objection of the Oversight Board and the Committee to claims filed against the Commonwealth based on 2012 and 2014 GO bonds[7] and (ii) the Committee's objection to claims filed against the Commonwealth based on 2011 GO bonds[8] (together, the "GO Claim Objections"). The PBA bonds challenged in the Clawback Actions will soon also be challenged in a forthcoming objection by the Committee to PBA bond-based claims filed against the Commonwealth.[9] Thus, the Conditional Objection is not necessary to "eliminate any conceivable doubt" that claims based on these PBA and pre-2012 GO bonds are disputed (albeit on a theory different from the GO Group's primary conditional theory).[10]

*[Remainder of page intentionally left blank.]*

---

[5] Procedures Order at 6-7.

[6] *Id*.

[7] Docket No. 4784.

[8] Docket No. 7057.

[9] While the Oversight Board has acknowledged that the Clawback Actions challenge the validity of all PBA and GO Bonds issued in or after March 2011 (*see* Joint Status Report filed on June 21, 2019 [Docket No. 7550]), those actions target the recipients of avoidable pre-petition principal and interest payments, not necessarily the **current** holders of PBA bonds that have filed claims against the Commonwealth.

[10] Although an alternative theory in the Conditional Objection implicates PBA and GO bonds issued as far back as 2009, claims based on those earlier-issued bonds will clearly be in dispute if and when the GO Group raises that theory in the context of the GO Claim Objections.

WHEREFORE, the Committee respectfully requests that the Court deny the Renewed Motion and grant the Committee such other and further relief as the Court deems just and proper.

Dated: July 12, 2019

By: */s/ Luc A. Despins*

**PAUL HASTINGS LLP**
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: */s/ Juan J. Casillas Ayala*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Alberto J. E. Añeses Negrón, Esq. (USDC - PR 302710)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
aaneses@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*