# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------ x
In re:                                             :
                                                   :
THE FINANCIAL OVERSIGHT AND                        :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                  :  Title III
                                                   :
        as representative of                       :  Case No. 17-BK-3283 (LTS)
                                                   :
THE COMMONWEALTH OF PUERTO RICO et al.,            :  (Jointly Administered)
                                                   :
        Debtors.¹                                  :
------------------------------------------------------------------ x
                                                   :
In re:                                             :
                                                   :
                                                   :
THE FINANCIAL OVERSIGHT AND                        :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                  :  Title III
                                                   :
        as representative of                       :  Case No. 17-BK-3566 (LTS)
                                                   :
THE EMPLOYEES RETIREMENT SYSTEM OF THE             :  (Jointly Administered)
GOVERNMENT OF THE COMMONWEALTH OF                  :
PUERTO RICO,                                       :
                                                   :
        Debtor.                                    :
------------------------------------------------------------------ x
```

**LIMITED RESPONSE OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF RETIREE COMMITTEE ESTABLISHING INITIAL PROCEDURES WITH RESPECT TO OBJECTIONS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND OFFICIAL COMMITTEE OF RETIRED EMPLOYEES, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007 TO CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF PUERTO RICO [DOCKET NO. 632 IN CASE NO. 17-3566 (LTS)]**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") hereby submits this limited response (the "Response") to the *Motion of Retiree Committee Establishing Initial Procedures With Respect to Objections of the Official Committee of Unsecured Creditors and Official Committee of Retired Employees, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007 to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico* [Docket No. 632 in Case No. 17-3566 (LTS)][2] (the "Retiree Committee's Procedures Motion")[3] and respectfully states as follows:

**LIMITED RESPONSE**

1. Four months ago, on March 12, 2019, the Committee filed its omnibus objection to $3 billion in ERS bond claims [Docket Nos. 381 and 384] (the "Committee's ERS Claim Objection") on the grounds that the ERS bonds were issued *ultra vires* and, accordingly, should be disallowed. Concurrently with the Committee's ERS Claim Objection, the Committee also filed its motion [Docket No. 386] (the "Committee's Procedures Motion") seeking approval of objection procedures (the "Committee's Objection Procedures"), which were closely modeled after the objection procedures previously approved by this Court in connection with the Committee's and the Oversight Board's objection to certain GO bonds. *See* Docket No. 5143 in Case No. 17-3283 (LTS). The Committee's Procedures Motion was initially scheduled for hearing at the April 24, 2019 omnibus hearing.

2. Since that time, the disposition of the Committee's Procedures Motion has been repeatedly delayed. In particular, on April 23, 2019, the day before hearing on the Committee's

---

[2] Unless otherwise indicated, docket references are to the ECF docket in Case No. 17-3566 (LTS).

[3] Capitalized terms used but note defined herein have the meanings set forth in the Retiree Committee's Procedures Motion.

Procedures Motion, the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee") filed its own claim objection with respect to the ERS bonds [Docket No. 469] (the "Retiree Committee's Additional Claim Objection"), asserting additional objections to the ERS bond claims, including seeking to disallow ERS bond claims asserted against the Commonwealth. The Committee thereafter volunteered to adjourn the Committee's Procedures Motion in order to attempt to consolidate, for procedural purposes, the Committee's and Retiree Committee's claim objections.

3. Since then, in accordance with the Court's instructions, the Committee has met and conferred with the Retiree Committee and a group of ERS bondholders (the "ERS Bondholders") in an effort to incorporate the Retiree Committee's Additional Claim Objection into the Objection Procedures[4] and resolve the procedural objections raised by the ERS Bondholders with respect to the proposed procedural consolidation of the Committee's Claim Objection and the Retiree Committee's Additional Claim Objection.[5] Unfortunately, as of this date, the Retiree Committee and the ERS Bondholders have not been able to resolve their dispute in this regard.[6]

4. The Committee is agnostic as to whether the Committee's Objection Procedures ultimately incorporate the Retiree Committee's Additional Claim Objection or not. However, the Committee cannot allow its objection to the validity of $3 billion in ERS bond claims be held

---

[4] Certain revisions to the Objection Procedures incorporating the Retiree Committee's Objection were reflected in the revised procedures attached to the Committee's *Informative Motion of Official Committee of Unsecured Creditors Regarding its March 12, 2019 Motion [Docket No. 5589] Establishing Procedures With Respect to Objections to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico and Requesting Related Relief* [Docket No. 551] (the "Informative Motion"), filed on June 10, 2019.

[5] On June 11, 2019, the ERS Bondholders filed an objection [Docket No. 552] to consideration of the Informative Motion at the June 12, 2019 omnibus hearing.

[6] On July 9 2019, the ERS Bondholders objected the Retiree Committee's Procedures Motion [Docket No. 643], arguing, among other things, that the procedures by the Retiree Committee are inappropriate given overlapping adversary proceedings which present the same issues as those underlying the Retiree Committee's Additional Claim Objection.

3

hostage to what is, fundamentally, a procedural dispute between the Retiree Committee and the ERS Bondholders over whether, and to what extent, the Retiree Committee's Additional Claim Objection should be incorporated into the Committee's proposed Objection Procedures.

5. As noted, the Committee's ERS Claim Objection and the Committee's Procedures Motion were filed four months ago. In submitting its proposed Objection Procedures, the Committee sought to create a mechanism that would ensure an efficient, timely resolution of the Committee's Objections. And while the Committee has endeavored, over the last months, to incorporate the Retiree Committee's Additional Claim Objection into the Objection Procedures, the practical effect of these efforts has been, regardless of the causes of this result, the repeated delay of the hearing on the Committee's Procedures Motion.

6. Finally, the Committee believes that, notwithstanding the Court's recent decision Docket No. 251 in Adv. Proc. No. 17-213 (LTS)] (the "<u>Section 552 Decision</u>") limiting the scope of the ERS bondholders' purported collateral under section 552 of the Bankruptcy Code to prepetition collateral, it is important to move forward with the Committee's Claim Objection at this time because, as of its petition date, ERS had assets with a face value of as much as $2 billion, in which assets the ERS bondholders have asserted a security interest, which is not affected by the Section 552 Decision.

7. The Committee acknowledges and understands that it is firmly within the Court's discretion to establish procedures for the resolution of the Committee's ERS Claim Objections and the Retiree Committee's Additional Claim Objection, as the Court deems appropriate. The Committee respectfully requests, however, that the procedural dispute between the ERS Bondholders and Retiree Committee not be permitted to further delay resolution of these matters. Accordingly, the Committee requests that the Court approve the Committee's Objection

Procedures, with or without a mechanism to resolve the Retiree Committee's Additional Claim Objection.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that the Court approve the Committee's Objection Procedures, with or without a mechanism to resolve the Retiree Committee's Additional Claim Objection.

Dated: July 12, 2019

Respectfully submitted,

/s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors*

-and-

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors*

6