IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This document relates to the Commonwealth.** |

**NOTICE OF FILING OF STIPULATION AND AGREED ORDER WITHDRAWING PROOF OF CLAIM NO. 16758 FILED BY THE BANK OF NEW YORK MELLON**

PLEASE TAKE NOTICE that the Financial Oversight and Management Board for Puerto Rico, as the representative of the Commonwealth of Puerto Rico pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), and The Bank of New York Mellon, as trustee, have filed a *Stipulation and Agreed Order Withdrawing Proof of Claim No. 16758 Filed By The Bank of New York Mellon*, attached hereto as **Exhibit A**.

PLEASE TAKE FURTHER NOTICE that copies of all documents filed in these Title III Cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Dated: July 12, 2019
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Elaine Maldonado-Matías*
Elaine Maldonado-Matías
USDC-PR No. 217309
Albéniz Couret-Fuentes
USDC-PR Bar No. 222207
José Javier Santos Mimoso
USDC-PR Bar No. 208207
**SEPULVADO, MALDONADO & COURET**
304 Ponce de León Ave. Suite 990
San Juan, P.R. 00918
Telephone: (787) 765-5656
Facsimile: (787) 294-0073
Email: emaldonado@smclawpr.com
Email: acouret@smclawpr.com
Email: jsantos@smclawpr.com

*/s/ Eric A. Schaffer*
Eric A. Schaffer (*pro hac vice*)
Luke A. Sizemore (*pro hac vice*)
**REED SMITH LLP**
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email: eschaffer@reedsmith.com
Email: lsizemore@reedsmith.com

*Counsel for The Bank of New York Mellon, as trustee*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board, as representative for the Commonwealth of Puerto Rico*

2

# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                           Debtors.[2] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This document relates to the Commonwealth.** |

**STIPULATION AND AGREED ORDER WITHDRAWING
PROOF OF CLAIM NO. 16758 FILED BY THE BANK OF NEW YORK MELLON**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), on the one hand, as the representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Sales Tax Financing Corporation ("COFINA") pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), codified at 48 U.S.C. §§ 2101-2241, and The Bank of New York Mellon, as trustee (the "Claimant"), on the other hand, hereby enter into this stipulation (the "Stipulation") as follows:

---

[2] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**RECITALS**

A. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth, pursuant to PROMESA section 304(a), commencing a case under title III thereof (the "Commonwealth Title III Case").

B. On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a), commencing a case under title III thereof (the "COFINA Title III Case," and, together with the Commonwealth Title III Case, the "Title III Cases").

C. By operation of PROMESA and pursuant to PROMESA section 315(b), the Oversight Board is the representative of the Commonwealth and COFINA as debtors in each of their respective Title III Cases.

D. On June 1, 2017, the United States District Court for the District of Puerto Rico (the "Court") entered an order granting the joint administration of the Title III Cases, for procedural purposes only [Case No. 17-3283, ECF No. 242].

E. The Court has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a), and venue is proper in this District pursuant to PROMESA section 307(a).

F. On February 15, 2018, the Court entered an *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), pursuant to which, among other things, the Court directed that creditors file proofs of claim in the Title III Cases by the dates set forth in the Initial Bar Date Order. The court then extended these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time) upon entering the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B)*

2

*Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders").

G.     Pursuant to the Initial Bar Date Order, indenture trustees, fiscal agents, or any similar agent or nominee for each respective series of bonds issued by one of the Debtors may file a master proof of claim against the applicable debtor on behalf of themselves and all holders of bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond documents. Initial Bar Date Order, ¶ 5(a).

H.     On or about June 24, 2018, the Claimant, in its capacity as trustee under that certain Amended and Restated Sales Tax Revenue Bond Resolution (as amended and supplemented from time to time), adopted on July 13, 2007, by the Puerto Rico Sales Tax Financing Corporation, filed Proof of Claim No. 16758 (the "Claim") against the Commonwealth.

I.     The Oversight Board filed that certain *Third Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation* (the "COFINA POA") [Case No. 17-3283, ECF No. 4658] on January 9, 2019.

J.     On February 4, 2019, the Court confirmed the COFINA POA, which incorporated the compromise and settlement of the dispute over whether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secure debt are property of the Commonwealth or COFINA under applicable law (the "Commonwealth-COFINA Dispute"). *See Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5048]. On the same day, the Court approved the compromise and settlement of the Commonwealth-COFINA Dispute pursuant to the *Memorandum Opinion and*

3

*Order Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico Sales Tax Financing Corporation* [ECF No. 5045] (the "Settlement Order").

K. On February 5, 2019, the Court issued an *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [Case No. 17-3283, ECF No. 5055] (the "Amended Confirmation Order"). The COFINA POA became effective on February 12, 2019, when the transactions contemplated therein were consummated. *See* Amended Order, at 20.

L. Pursuant to Paragraph 55 of the Settlement Order, all claims against the Commonwealth arising from or relating to the relationship of the Commonwealth and COFINA have been released. Settlement Order, ¶ 55 ("On the Effective Date, to the fullest extent permissible under applicable law, the Commonwealth shall be released from all liability from all Claims and Causes of Action held by any Creditor (as defined in the COFINA Plan), solely in such capacity, arising from or relating to the relationship of the Commonwealth and COFINA, including, without limitation, any Claim or Cause of Action arising from or relating to the commencement of the Adversary Proceeding and pendency thereof, the compromise and settlement of *Bank of New York Mellon v. COFINA*, Adv. Proc. No. 17-00133, and the allocation of funds in accordance with Section 2.1 of the COFINA Plan.").

M. Pursuant to the Paragraph 3(c) of the *Settlement Agreement* [ECF No. 5045-1], dated October 19, 2018 and attached to the Settlement Order (the "Settlement Agreement"), and Paragraph 7 of the Amended Confirmation Order, the adversary proceeding between the Commonwealth and COFINA concerning the Commonwealth-COFINA Dispute has been dismissed with prejudice following the approval of the compromise and settlement of the Commonwealth-COFINA Dispute. Paragraph 3(c) of the Settlement Agreement provides that,

4

"[o]n the Effective Date . . . the Adversary Proceeding shall be dismissed, with prejudice, and all other claims and causes of action asserted therein by the Commonwealth Agent, the COFINA Agent and the Permitted Interveners, as defined in the Adversary Proceeding, shall be deemed dismissed, with prejudice . . . ." Paragraph 7 of the Amended Confirmation Order provides that, "[u]pon the dismissal, with prejudice, of the Adversary Proceeding, the Commonwealth Agent and the COFINA Agent and their respective professionals shall be deemed to have satisfied any and all of their respective obligations in connection with the Adversary Proceeding, and the Commonwealth Agent and the COFINA Agent shall be deemed to have been released from any and all liabilities associated therewith."

N.     Pursuant to Paragraph 29(f) of the Amended Confirmation Order, "[o]n the Effective Date, and in consideration of the Commonwealth-COFINA Dispute Settlement and the resolution of the Interpleader Action, to the fullest extent permissible under applicable law, the Commonwealth shall be released from all liability from all Claims and Causes of Action held by any Creditor, solely in such capacity, arising from or relating to the relationship of the Commonwealth and COFINA, including, without limitation, any Claim or Cause of Action arising from or relating to the commencement of the Adversary Proceeding and pendency and the compromise and settlement of the Interpleader Action and the allocation of funds in accordance with Section 2.1 of the Plan." Amended Confirmation Order, ¶ 29(f).

**NOW, THEREFORE**, in consideration of the foregoing, the Parties hereby agree as follows:

**AGREEMENT**

1.     Subject to the terms and provisions of paragraph 3 hereof, (a) the Claim is hereby withdrawn in its entirety; and (b) the Title III debtors' claims and noticing agent, Prime Clerk,

5

LLC, and the Clerk of the Court, are authorized and directed to update the Commonwealth claims register maintained in the Commonwealth Title III Case to reflect the withdrawal of the Claim.

2. The withdrawal of the Claim, on the terms set forth herein, is without prejudice to any and all rights, claims, and actions of the Claimant under the COFINA POA, or as against any entity other than the Commonwealth.

3. Solely to the extent, and upon the earliest to occur, of (i) any court of competent jurisdiction reversing or vacating the order confirming the COFINA POA, or otherwise modifying the COFINA POA, and (ii) the termination of the Plan Support Agreement (as defined in the COFINA POA), the following shall occur: (a) the Claim shall be reinstated without any further actions by the Court or any party; (b) the claims agent shall restore the Claim to the claims register maintained in the Commonwealth Title III Case without further order of this Court or notice to or consent of any other person; (c) the parties hereto shall be restored to the status quo ante as if this Stipulation had not been entered into or approved and withdrawal of any claims shall be deemed void ab initio; and (d) the Claimant shall, within twenty (20) days of the earliest of such occurrence, file a notice on the docket of the Commonwealth Title III Case providing notice of the reinstatement of the Claim, provided that the failure to file such notice shall not affect the reinstatement of the Claim pursuant to paragraph 3(a) hereof.

4. If the Claim is reinstated, the rights of the Commonwealth and the Oversight Board to object to the Claim on any ground whatsoever shall not be prejudiced or limited by this Stipulation.

5. The parties hereto represent and warrant that they are duly authorized to enter into and be bound by this Stipulation. Nothing herein shall impair any right, power, or obligation or be considered a waiver of any such right, power, or obligation the parties hereto have with respect

to any valid and existing agreements between the parties hereto, which agreements remain in full force and effect and are not modified hereby.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

7. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

[*Remainder of Page Intentionally Left Blank*]

**STIPULATED AND AGREED TO BY:**

**REED SMITH LLP**

*/s/ Eric A. Schaffer*
Eric A. Schaffer (*pro hac vice*)
Luke A. Sizemore (*pro hac vice*)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email: eschaffer@reedsmith.com
Email: lsizemore@reedsmith.com

**SEPULVADO, MALDONADO & COURET**

*/s/ Elaine Maldonado-Matías*
Elaine Maldonado-Matías
USDC-PR No. 217309
Albéniz Couret-Fuentes
USDC-PR Bar No. 222207
José Javier Santos Mimoso
USDC-PR Bar No. 208207
304 Ponce de León Ave. Suite 990
San Juan, P.R. 00918
Telephone: (787) 765-5656
Facsimile: (787) 294-0073
Email: emaldonado@smclawpr.com
Email: acouret@smclawpr.com
Email: jsantos@smclawpr.com

*Counsel for The Bank of New York Mellon*

**PROSKAUER ROSE LLP**

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board, as representative for the Commonwealth of Puerto Rico*

**SO ORDERED.**

Dated: _____, 2019

_____
LAURA TAYLOR SWAIN
United States District Judge

8

**CERTIFICATE OF SERVICE**

I hereby certify that on the date hereof, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record and all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer