ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE BAYAMON

| | |
|---|---|
| DIANA IRIS MORALES LOPEZ, en representación de su hijo menor de edad e incapacitado JUAN SAMUEL RIOS MORALES<br><br>*Demandantes*<br><br>Vs.<br><br>MUNICIPIO DE NARANJITO; ESTADO LIBRE ASOCIADO DE PUERTO RICO y su instrumentalidad AUTORIDAD DE CARRETERAS Y TRANSPORTACION; MULTINATIONAL INSURANCE COMPANY; COMPAÑÍA ASEGURADORA "X" DE NOMBRE DESCONOCIDO; JOHN DOE; JANE ROE<br><br>*Demandados* | CIVIL NUM.<br><br>SOBRE:<br><br>DAÑOS Y PERJUICIOS |

# **DEMANDA**

**AL HONORABLE TRIBUNAL:**

    **COMPARECE** la parte demandante, a través de la representación legal que suscribe, y ante este Honorable Tribunal muy respetuosamente **EXPONE, ALEGA** y **SOLICITA**:

    1.    La señora **DIANA IRIS MORALES LOPEZ**, es mayor de edad, soltera y vecina de Naranjito, PR, y compareciente en la presente reclamación en representación de su hijo menor de edad e incapacitado, **JUAN SAMUEL RIOS MORALES**. La dirección física y postal de éstos, para los trámites legales pertinentes, es: *Carr. 152 Km.15.8, Bo. Cedro Abajo, Sector Los López, Naranjito, PR 00719; y, HC-72 Box 3766, PMB 55, Naranjito, PR 00719,* respectivamente.

    2.    El demandado **MUNICIPIO DE NARANJITO,** es un municipio autónomo con personalidad jurídica independiente a la del Estado Libre Asociado de Puerto Rico, y responsable del mantenimiento de la carretera y/o del puente donde ocurrió el accidente objeto de la presente reclamación.

    3.    El co-demandado **ESTADO LIBRE ASOCIADO DE PUERTO RICO,** ha prestado su consentimiento bajo la Ley de Pleitos Contra el Estado y está llamado a responder por los daños que sean ocasionados por desperfectos, falta de reparación y/o mantenimiento, o protección suficiente al viajero en las carreteras y/o puentes de los municipios del Estado Libre Asociado de Puerto Rico. A su vez, el Estado tiene el

Case:17-03283-LTS Doc#:7951-1 Filed:07/12/19 Entered:07/12/19 15:02:09 Desc:
Supplement COMPLAINT ON BAYAMON DISTRICT COURT Page 2 of 5

Diana Iris Morales López Vs. Municipio de Naranjito; et als
"Demanda"
Pág. 2

control, jurisdicción y mantenimiento de la carretera y/o el puente donde ocurrió el accidente objeto de la presente causa de acción.

4. La co-demandada **AUTORIDAD DE CARRETERAS Y TRANSPORTACION,** es una corporación pública o ente jurídico organizado y/o haciendo negocios de acuerdo con las leyes del Estado Libre Asociado de Puerto Rico, con capacidad para demandar y ser demandados, y es la entidad a cargo de brindarle mantenimiento a las carreteras y/o puentes de los municipios del Estado Libre de Puerto Rico, entre los cuales se encuentran los localizados en la carretera y/o puente donde ocurrió el accidente objeto de la presente Demanda.

5. La co-demandada **MULTINATIONAL INSURANCE COMPANY,** es una corporación o ente jurídico organizado y/o haciendo negocios de acuerdo con las leyes del Estado Libre Asociado de Puerto Rico, con capacidad para demandar y ser demandados, y es la compañía aseguradora que tenía expedida la póliza de seguros #CLP-300928, a favor del demandado **MUNICIPIO DE NARANJITO,** la cual estaba en vigor para la fecha de los hechos, por lo que cubre los daños alegados en la presente Demanda.

6. La co-demandada **"COMPAÑÍA ASEGURADORA "X" DE NOMBRE DESCONOCIDO",** es una corporación o ente jurídico organizado y/o haciendo negocios de acuerdo con las leyes del Estado Libre Asociado de Puerto Rico, con capacidad para demandar y ser demandados, y es la compañía aseguradora que tenía expedida una póliza de seguros a favor del co-demandado **ESTADO LIBRE ASOCIADO DE PUERTO RICO** y/o **AUTORIDAD DE CARRETERAS Y TRANSPORTACION,** la cual estaba en vigor para la fecha de los hechos, por lo que cubre los daños alegados en la presente Demanda

7. Los co-demandados **JOHN DOE** y **JANE ROE**, son cualesquiera personas naturales, jurídicas, agencias privadas o gubernamentales, municipios o entidades que pudiesen ser responsables a los aquí demandantes, o en alguna otra manera fuesen responsables ante los hechos que aquí se relatan, y se les denomina en este momento por nombres ficticios por desconocerse los verdaderos, los cuales se notificarán tan pronto se identifiquen.

8. El 19 de junio de 2014, **JUAN FRANCISCO RIOS RIOS,** padre del menor co-demandante **JUAN SAMUEL RIOS MORALES**, conducía un vehículo de motor

Case:17-03283-LTS Doc#:7951-1 Filed:07/12/19 Entered:07/12/19 15:02:09 Desc:
Supplement COMPLAINT ON BAYAMON DISTRICT COURT Page 3 of 5

Diana Iris Morales López Vs. Municipio de Naranjito; et als
"Demanda"
Pág. 3

marca Datsun, modelo 2010, año 1980, tablilla IDT-849, por el Barrio Cedro Abajo, Naranjito, PR.

9. Al momento en que el señor Ríos Ríos se disponía a sacar de su residencia, en reversa, el vehículo antes mencionado, cayó por el puente localizado en la Carretera #152, Km. 15.8 del Bo. Cedro Abajo, del mencionado municipio.

10. A raíz del accidente, el señor Ríos Ríos sufrió traumas en todo su cuerpo, por lo que tuvo que ser rescatado por varias agencias municipales, entre ellas, Emergencias Médicas y Bomberos, quienes lo atendieron en el lugar de los hechos, y posteriormente lo transportaron al CDT de Naranjito, donde le fueron realizados todos los exámenes de rigor, y fue referido al Hospital Universitario Dr. Ramón Ruiz Arnau, en Bayamón.

11. Luego de varios días recluído en el Hospital Universitario Dr. Ramón Ruiz Arnau, el señor Ríos Ríos fue referido al Centro Médico de Puerto Rico, donde permaneció por un tiempo recibiendo tratamiento médico para remitir de su condición, y finalmente fue dado de alta.

12. Algunas semanas después de haber sido dado de alta, el señor Ríos Ríos fue llevado nuevamente al Centro Médico de Puerto Rico, donde estuvo recluído por espacio de una (1) semana y finalmente falleció a causa de un derrame cerebral, todo ésto producto del accidente objeto de la presente causa de acción.

13. El accidente del señor Ríos Ríos se debió a la falta de mantenimiento del puente, lo que constituye negligencia por parte del Municipio de Naranjito y/o el Estado Libre Asociado de Puerto Rico y/o la Autoridad de Carreteras y Transportación. Además, existen fallas en el diseño del puente, ya que en el mismo no existen vallas protectoras y/o iluminación alguna que pudiera asistir al conductor en la medida de la distancia del puente. Además, los parapetos de hormigón existentes estaban a una distancia muy baja, esto debido a la acumulación de "bitumul", provocando el alza en la superficie de la carretera, quedando esta sin ninguna valla de protección según las disposiciones de ley y/o reglamentos aplicables al diseño, construcción y/o mantenimiento de puentes como este.

14. Los daños sufridos por el menor co-demandante **JUAN SAMUEL RIOS MORALES**, pudieron ser evitados a no ser por la negligencia de las partes aquí demandadas en no tomar las medidas necesarias para prevenir situaciones como la del

Case:17-03283-LTS Doc#:7951-1 Filed:07/12/19 Entered:07/12/19 15:02:09 Desc:
Supplement COMPLAINT ON BAYAMON DISTRICT COURT Page 4 of 5

Diana Iris Morales López Vs. Municipio de Naranjito; et als
"Demanda"
Pág. 4

caso que nos ocupa. El menor, hijo único y heredero del señor Ríos Ríos, tuvo que presenciar el deterioro de salud y eventual muerte de su padre, por lo que también hereda la causa de angustias mentales de éste durante el tiempo que estuvo hospitalizado.

15. El menor co-demandante **JUAN SAMUEL RIOS MORALES,** tiene derecho a una indemnización por lucro cesante al existir una relación de dependencia económica, al ser este un niño menor de edad, incapacitado y único hijo del señor Ríos Ríos.

16. A su vez, el menor ha sufrido desde entonces angustias mentales, pues a consecuencia de este accidente su padre perdió la vida. Este ya no podrá disfrutar de la compañía y cuidado de su padre como cualquier otro niño. Este accidente ha marcado emocionalmente al menor **JUAN SAMUEL RIOS MORALES** por el resto de vida.

17. Los daños, angustias mentales y emocionales sufridos por el menor co-demandante **JUAN SAMUEL RIOS MORALES**, se estiman en una suma no menor de **UN MILLON DE DOLARES** *($1,000,000.00)*.

18. Este Honorable Tribunal ostenta jurisdicción para atender el caso de autos, toda vez que el pasado 7 de abril de 2015 se presentó una Demanda ante este Honorable Tribunal por los hechos aquí alegados, a la cual se le asignó el número civil C DP2015-0283. Posteriormente, o sea, el 28 de septiembre de 2016 se solicitó el desistimiento sin perjuicio de dicha reclamación, siendo declarada "Ha Lugar" por este Honorable Tribunal, mediante "Sentencia" fechada 5 de octubre de 2016. Es entonces cuando comienza un nuevo término prescriptivo de un (1) año, esto a tenor con el Art. 1668 de las acciones extracontractuales, tal como lo resuelto en *Feliciano v. Autoridad de Acueductos y Alcantarillados*, 93 D.P.R. 655 (1966). Véase además *Moa v. ELA*, 100 D.P.R. 573 (1972); y, *Vda. de Carlo v. Toro*, 99 D.P.R. 200, 225 (1970).

**POR TODO LO CUAL** muy respetuosamente solicitamos de este Honorable Tribunal, declare **CON LUGAR** la presente Demanda, y en su consecuencia ordene a los demandados a pagar solidariamente al demandante las sumas alegadas en esta Demanda, más una suma adicional por concepto de costas, gastos y honorarios de abogado; con cualquier otro pronunciamiento que en Derecho proceda.

*Diana Iris Morales López Vs. Municipio de Naranjito; et als*
*"Demanda"*
*Pág. 5*

## RESPETUOSAMENTE SOMETIDA.

En Guaynabo, Puerto Rico, hoy __12__ de abril de 2017.



**MAÑUEL COBIAN ROIG**
*RUA Núm. 14,384*
PO Box 177
Guaynabo, PR 00970
Tel. (787) 402-6944
Cel. (787) 248-8933
e-mail: manuelcobianroig@gmail.com