# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br><br>     Debtor. | Case No. 17-BK-3566 (LTS) |

## JOINT STATUS REPORT AND
## PROPOSED ORDER ON CASE MANAGEMENT

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

i

To The Honorable United States Magistrate Judge Judith Gail Dein:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through the members of its Special Claims Committee (the "SCC"), and the Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee", and together with the Oversight Board, the "Co-Plaintiffs"), together with certain defendants in the fifteen adversary proceedings filed by the Co-Plaintiffs against holders of general obligation bonds purportedly issued by the Commonwealth and the Employees Retirement System of Puerto Rico ("ERS"), respectfully submit this Joint Status Report and proposed order attached hereto as Exhibit A (the "Proposed Order").

The Co-Plaintiffs have filed (*i*) eight adversary proceedings in the Commonwealth Title III case against holders of alleged general obligation bonds ("GO Bonds") purportedly issued by the Commonwealth and its Public Buildings Authority (the "PBA"), and (*ii*) seven adversary proceedings in the ERS Title III case against holders of bonds purportedly issued by ERS, in both instances seeking determinations that the underlying purported bonds (the "Challenged Bonds") are not valid and that transfers of purported principal and interest paid in respect of the Challenged Bonds are void and unlawful, and seeking recovery of such transfers (the "Challenged Bonds Avoidance Actions," comprising Adv. Pro Nos. 19-281, 29-282, 19-283, 19-284, 19-285, 19-286, 19-287, 19-288, 19-355, 19-356, 19-357, 19-358, 19-359, 19-360, and 19-361). The Challenged Bonds Avoidance Actions were filed against approximately 1,000 defendants, with additional defendants expected to be identified through discovery.[1]

In further support of the Proposed Order, the Co-Plaintiffs respectfully represent as follows:

---

[1] The 1,000 defendants include certain entities that are defendants to both the GO Bonds and ERS actions, and thus comprise fewer than 1,000 distinct entities.

1. On June 13, 2019, the Court issued (1) the *Order Regarding Omnibus Motion by Official Committee of Unsecured Creditors, Financial Oversight and Management Board, and its Special Claims Committee to Extend Time for Service of Summonses and Complaints and to Stay Certain Adversary Proceedings Relating to Certain ERS Bonds* [Case No. 17-BK-3283, ECF No. 7425]; and (2) the *Order Regarding Omnibus Motion by Official Committee of Unsecured Creditors, Financial Oversight and Management Board, and its Special Claims Committee to Extend Time for Service of Summonses and Complaints and to Stay Certain Adversary Proceedings Relating to Certain Challenged GO Bonds* [Case No. 17-BK-3283, ECF No. 7426] (collectively, the "Stay Orders"). The Stay Orders, in relevant part, (*i*) ordered the Co-Plaintiffs to meet and confer with "all interested Defendants who have been served with [the Stay Orders] for the purpose of submitting a proposed joint case management order for the Court's consideration, (*ii*) mandated that the parties file a Proposed Order by 12:00 noon A.S.T. on July 17, 2019, and (*iii*) scheduled discussion of the status of service and any Proposed Order for the Omnibus Hearing scheduled for July 24, 2019, in San Juan, Puerto Rico. *See, e.g.*, Case No. 17-BK-3283, ECF No. 7426 at 2-3.

2. The Co-Plaintiffs have not served any defendants in the Challenged Bonds Avoidance Actions. Moreover, the identities of the vast majority of the defendants are currently subject to a confidentiality order; accordingly, the defendants themselves are mostly unaware that they are parties to the Challenged Bonds Avoidance Actions. Those defendants that are aware of their involvement in the case are financial institutions previously defined as "Participant Holders," many of which are seeking dismissal from the Challenged Bonds Avoidance Actions pursuant to a showing (via court-ordered discovery) that they were not beneficial holders of Challenged Bonds, and thus not parties from whom transfers are

recoverable under applicable law. *See Order Allowing Motions to Enforce*, Case No. 17-BK-3283, ECF No. 6967.

3. The Oversight Board has requested approval of procedures to serve the Challenged Bonds Avoidance Actions in the immediate future while maintaining confidentiality per the Court's prior orders. *See Urgent Motion of the Financial Oversight and Management Board for Puerto Rico, Acting Through Its Special Claims Committee, for Entry of an Order Authorizing the Filing of Documents Under Seal and for Related Relief*, Case No. 7926.

4. Certain defendant Participant Holder entities affiliated with The Bank of New York Mellon and Pershing LLC (the "<u>Interested Defendants</u>") asked to participate in a "Meet and Confer." The Oversight Board met and conferred with the Interested Defendants on July 11, 2019, pursuant to the Court's Stay Orders.

5. During this meeting, the Interested Defendants informed the Oversight Board that they hoped to complete their discovery obligations and be dismissed from the Challenged Bonds Avoidance Actions in the near future. Pending completion of discovery, the Interested Defendants remain unsure of (i) exactly when they will complete discovery, and (ii) how many new appropriate defendant parties to the Challenged Bonds Avoidance Actions they will disclose to the Co-Plaintiffs when they do produce new information. The Oversight Board has received similar reports from other Participant Holders who did not attend the meet and confer.

6. The Oversight Board and the Interested Defendants agreed that proposal of a joint case management order could be ineffective at this time, given that (i) Interested Defendants themselves would likely not be bound by any such order, (ii) parties that are currently defendants to the Challenged Bonds Avoidance Actions would likely be served in the space of a few weeks and thereafter be able to confer with case parties regarding appropriate case management, and

3

(iii) certain additional parties that have yet to be named by the Interested Defendants, among other Participant Holders, would likewise require additional time to be served and meet and confer.

7. In light of the nature of these actions and the status of service described above, the SCC proposes that all deadlines provided in the Stay Orders be extended by forty-five (45) days, including the Co-Plaintiffs' obligation to meet and confer with defendants and submit a proposed case management order.

[This space intentionally left blank.]

Dated: July 15, 2019
San Juan, Puerto Rico

Respectfully Submitted,

/s/ Edward S. Weisfelner
BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting by and through the members of the Special Claims Committee*

and

/s/ Alberto Estrella
ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management Board, acting by and through the members of the Special Claims Committee*

/s/ John Arrastia
GENOVESE JOBLOVE & BATTISTA, P.A
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*

- and -

/s/ Juan J. Casillas Ayala
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq.,
 (USDC-PR 218312)
Israel Fernández Rodriguez, Esq.,
 (USDC-PR 225004)
Juan C. Nieves González, Esq.,
 (USDC-PR 231707)
Cristina B. Fernández Niggemann, Esq.
 (USDC-PR 306008)
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
jfernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*

5

**Exhibit A**

**Proposed Order**

6

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br><br>Debtor. | <br><br><br><br><br>Case No. 17-BK-3566 (LTS) |

## [PROPOSED] ORDER EXTENDING DEADLINES REGARDING CHALLENGED BONDS AVOIDANCE ACTIONS

Upon the *Joint Status Report and Proposed Order on Case Management*, dated July 15, 2019 (the "Report"),[2] and the Court having found and determined that: (*i*) the Court has jurisdiction to consider the Proposed Order and the relief requested therein under PROMESA

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

[2] Capitalized terms used but not defined in this Order shall have the meaning given them in the Report.

section 306(a); (*ii*) venue is proper before this Court pursuant to PROMESA section 307(a); (*iii*) the relief requested is in the best interests of the Debtors, their creditors, and other parties in interest; (*iv*) the Debtors provided adequate and appropriate notice under the circumstances and that no other or further notice is required; and (v) after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1. The time for Co-Plaintiffs to complete service of the summons and complaint in the Challenged Bonds Avoidance Actions is extended to **October 15, 2019** as to all defendants. This extension is without prejudice to any party's rights to seek further extensions.

2. Except to effectuate service of any complaint or third party complaint, the Challenged Bonds Avoidance Actions are stayed until **October 15, 2019** absent further order of the Court.

3. Absent further order of the Court, no responsive pleading is due until thirty (30) days after the stay expires.

4. Any defendant or less than all plaintiffs in a Challenged Bonds Avoidance Action may at any time file a motion (a "Motion to Resume") asking the Court to lift the stay applicable to such Challenged Bonds Avoidance Action for good cause shown.

5. A copy of this Order shall be served with service of the complaint or third party complaint. In addition, the Plaintiffs shall serve a copy of this Order on any and all Defendants who have been served to date. For the avoidance of doubt, this Order shall supersede any prior order setting deadlines with respect to the Challenged Bonds Avoidance Actions and no such prior order need be served on any party.

6. The Co-Plaintiffs shall be responsible for meeting and conferring with all interested Defendants who have been served with this Order, if any, for the purpose of

2

submitting a proposed joint case management order for the Court's consideration. The proposed order shall be filed by **12:00 noon AST on September 2, 2019**. The status of service and any proposed case management order will be discussed at the Omnibus Hearing scheduled for **September 11, 2019**.

7. The extension of time for service of summonses and complaints and the stay of the Challenged Bonds Avoidance Actions granted herein shall be without prejudice to the rights of, and have no effect on, any party concerning any other ongoing or future proceedings commenced by such party of these Title III cases.

8. In the event of a Motion to Resume filed by the Committee, the Committee may, in accordance with paragraph 11 of the *Stipulation and Agreed Order By and Among Financial Oversight and Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* (Dkt. No. 6254 in 17-BK-3283), seek to be appointed as sole plaintiff in the applicable Challenged Bonds Avoidance Action, and, upon a finding of good cause by the Court, the Committee shall be so appointed, which finding shall include a finding that section 926 of the Bankruptcy Code and/or any derivative standing requirements have been satisfied.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this Order.

10. This Order shall be entered simultaneously in each of the following Adversary Proceedings: Adv. Pro Nos. 19-281, 29-282, 19-283, 19-284, 19-285, 19-286, 19-287, 19-288, 19-355, 19-356, 19-357, 19-358, 19-359, 19-360, and 19-361.

SO ORDERED.

Dated: _____, 2019

                                                    Honorable Judith Gail Dein
                                                    United States Magistrate Judge

63452104 v2

4