**Hearing Date**: October 30, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: August 5, 2019 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- x

In re:                                                  :
                                                        :
THE FINANCIAL OVERSIGHT AND          :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,    :   Title III
                                                        :
     as representative of                 :   Case No. 17-BK-3283 (LTS)
                                                        :
THE COMMONWEALTH OF PUERTO RICO, *et al.*,   :   (Jointly Administered)
                                                        :
     Debtors.[1]                          :
------------------------------------------------------------------------- x

## NOTICE OF HEARING ON SIXTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM FEBRUARY 1, 2019 THROUGH MAY 31, 2019

**PLEASE TAKE NOTICE** that a hearing on the annexed *Sixth Interim Fee Application*

*of Paul Hastings LLP, as Counsel to Official Committee of Unsecured Creditors, for Services*

*Rendered and Reimbursement of Expenses for Period from February 1, 2019 through May 31,*

*2019* (the "Application") filed by the Official Committee of Unsecured Creditors of all Title III

Debtors (other than COFINA), pursuant to section 1103(a)(1) of the Bankruptcy Code, made

applicable to these cases by section 301 of the Puerto Rico Oversight, Management and

Economic Stability Act of 2016 or "PROMESA," will be held before the Honorable Laura

---

[1]    The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

Taylor Swain, United States District Judge, at the United States District Court for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 on **October 30, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Application by any party other than the Fee Examiner shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court, including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, by submitting a hard copy via mail to the Clerk's Office, United States District Court, Room 150 Federal Building, San Juan, PR 00918-1767 or by hand delivery to the Clerk's Office, United States District Court, 150 Carlos Chardon Avenue, Room 150, San Juan, PR 00918, to the extent applicable, and shall be served in accordance with the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3269] (the "Interim Compensation Order"), so as to be so filed and received by the Notice Parties (as defined in the Interim Compensation Order) no later than **August 5, 2019 4:00 p.m. (ET) / 4:00 p.m. (AST)** (the "Objection Deadline").

[*Remainder of page intentionally left blank.*]

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Interim

Compensation Order, if no Objections are timely filed, and if the Fee Examiner issues the Fee

Examiner Report (as defined in the Interim Compensation Order) recommending approval of the

Application in full or in part, the Court may grant the Application without a hearing.

Dated:  July 15, 2019                    */s/ Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. (Pro Hac Vice)
James R. Bliss, Esq. (Pro Hac Vice)
Nicholas A. Bassett, Esq. (Pro Hac Vice)
G. Alexander Bongartz, Esq. (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured
Creditors*

- and -

*/s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured
Creditors*

-3-

**Hearing Date**: October 30, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: August 5, 2019 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
                                                                          :
In re:                                                                    :
                                                                          :
THE FINANCIAL OVERSIGHT AND                                               :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                         :   Title III
                                                                          :
        as representative of                                             :   Case No. 17-BK-3283 (LTS)
                                                                          :
THE COMMONWEALTH OF PUERTO RICO, *et al.*,                               :   (Jointly Administered)
                                                                          :
        Debtors.[1]                                                       :
------------------------------------------------------------------------ x


## SIXTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM FEBRUARY 1, 2019 THROUGH MAY 31, 2019

### SUMMARY COVER SHEET

| | |
|---|---|
| Name of applicant: | Paul Hastings LLP ("Paul Hastings") |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") |
| Date of retention: | Order entered August 10, 2017, effective as of June 26, 2017 [Docket No. 999] |
| Period for which compensation and reimbursement are sought: | February 1, 2019 through and including May 31, 2019 (the "Application Period") |

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| Amount of interim compensation sought as actual, reasonable, and necessary: | $8,183,931.00/ $6,547,144.80[2] |
| Amount of interim expense reimbursement sought as actual, reasonable, and necessary: | $182,540.62 |
| Are your fee or expense totals different from the sum of previously-served monthly statements for the Application Period? | No. |
| Total compensation approved by interim order to date: | $30,538,655.73 |
| Total expenses approved by interim order to date: | $998,705.64 |
| Total allowed compensation paid to date: | $24,705,195.00 |
| Total allowed expenses paid to date: | $1,004,729.43 |
| Blended rate in this Application for all attorneys: | (a) $1,076.82/ (b) $861.46/hour[4] |
| Blended rate in this Application for all timekeepers: | (b) $989.16/hour / (b) $791.33/hour[3] |
| Compensation sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $2,551,718.00 |
| Expenses sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $56,491.75 |
| The total time expended for fee application preparation during the Application Period: | Approximately 47.3 hours |
| The total compensation requested for fee application preparation during the Application Period: | Approximately $47,952.50 |
| Number of professionals included in this Application: | 38 |

---

[2]   While Paul Hastings seeks allowance of all of its fees incurred during the Application Period, the firm only seeks payment, at this time, of fees in the amount of $6,547,144.80 (to the extent such amount has not been paid before the hearing scheduled on this Application), which is 80% of $8,183,931.00.  By the time of the hearing on this Application, this amount should have long been paid by the Debtors pursuant to the Interim Compensation Order (as defined below), and Paul Hastings reserves its rights to seek relief from the Court to the extent any outstanding fees and expenses that are due and payable are not paid on the terms set forth in the Interim Compensation Order.

[3]   The calculation of the blended hourly rates reflected in (a) does not take into account Paul Hastings' agreement to reduce its fees by an amount equal to 20% of its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process.  The impact of the 20% end of the case write-off on the blended hourly rates cannot be calculated at this time.  However, for illustrative purposes only, we have reflected in (b) the blended hourly rate after accounting for the 20% reduction for all attorneys and for all timekeepers.

| | |
|---|---|
| If applicable, number of professionals in this Application not included in a staffing plan approved by the client: | 4 (1 of counsel, 3 paralegals) |
| If applicable, difference between fees budgeted and compensation sought for the Application Period: | $377,777.00 (or 4.8% above the fees budgeted) |
| Number of professionals billing fewer than 15 hours to the case during the Application Period: | 16 |
| Are any timekeeper's hourly rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed in the retention application: | Yes.[4]  $7,155,812.25 (compared to $8,183,931.00 under the applicable rates). The rate adjustments reflect not only Paul Hastings' annual, across-the-board increase in its rate scale, but also step increases due to advancing seniority.[5] While $1,068,595.25 of Paul Hastings' fees for the Application Period are attributable to periodic changes in rates, $264,993.50 of this amount is attributable to step increases due to advancing seniority.  Thus, only $803,601.75 of the fees in the Application Period are attributable to changes in the firm's rate scale since the date of retention, which is approximately 11.23% of the fees for the Application Period (if calculated at pre-February 1, 2018 rates). |

---

[4]   As is customary, and as permitted pursuant to paragraph 2 of Paul Hastings' retention order [Docket No. 999], Paul Hastings periodically reviews its rate structure and, when appropriate, adjusts its hourly rates based upon (i) the advancing seniority of its professionals and paraprofessionals, (ii) the current market for legal services, (iii) the rates charged for comparable non-bankruptcy services, and (iv) the firm's analysis of the hourly rates being charged by professionals in other law firms.  In January 2019, Paul Hastings adjusted its hourly rates, which adjustments apply across-the-board to all Paul Hastings clients.  The Committee approved the rate adjustment on a timekeeper-by-timekeeper basis.  As a courtesy to the Committee, discounted the hourly rate for two attorneys during the Fee Period: for Alexander Bongartz, the firm charged $1,200 per hour (rather than his standard rate of $1,250 per hour).

[5]   Under the U.S. Trustee's Appendix B Guidelines, rate increases "exclude step increases historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion."

### MONTHLY FEE REQUESTS TO DATE

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **First Interim Fee Period (June 26, 2017 through September 30, 2017)** | | | | | | |
| 8/25/17 | 6/26/17 - 7/31/17 | $2,612,026.60 | $128,519.42 | $2,612,026.20 | $128,519.42 | $653,006.65 |
| 10/20/17 | 8/1/17- 8/31/17 | $2,742,786.60 | ($35,965.44) | $2,742,786.60 | ($35,965.44) | $685,696.65 |
| 12/5/17 | 9/1/17 - 9/30/17 | $2,121,569.60 | $40,716.24 | $2,121,569.60 | $40,716.24 | $530,392.40 |
| **Total** | | **$7,476,382.80** | **$133,270.22** | **$7,476,382.40** | **$133,270.22** | **$1,869,095.70** |
| | | | | | | |
| **Second Interim Fee Period (October 1, 2017 through January 31, 2018)** | | | | | | |
| 12/23/17 | 10/1/17 - 10/31/17 | $915,475.60 | $14,567.93 | $915,475.60 | $14,567.90 | $228,868.90 |
| 1/5/18 | 11/1/17 - 11/30/17 | $1,445,414.80 | $27,705.47 | $1,445,414.80 | $27,705.47 | $361,353.70 |
| 1/12/18 | 12/1/17 - 12/31/17 | $1,467,883.60 | $22,557.50 | $1,467,883.60 | $22,557.50 | $366,970.90 |
| 3/16/18 | 1/1/18 - 1/31/18 | $1,824,040.20[6] | $30,631.53[7] | $1,822,932.20 | $17,909.03 | $455,733.05 |
| **Total** | | **$5,652,814.20** | **$95,462.43** | **$5,651,706.20** | **$82,739.90** | **$1,412,926.55** |
| | | | | | | |
| **Third Interim Fee Period (February 1, 2018 through May 31, 2018)** | | | | | | |
| 4/18/18 | 2/1/18 - 2/28/18 | $2,015,455.20 | $87,789.71 | $2,015,455.20 | $87,789.71 | $503,863.80 |
| 5/9/18 | 3/1/18 - 3/31/18 | $2,416,111.40 | $53,500.42 | $2,416,111.40 | $53,500.42 | $604,027.85 |
| 6/15/18 | 4/1/18 - 4/30/18 | $1,357,280.60 | $408,763.80 | $1,357,280.60 | $408,763.80 | $339,320.15 |
| 7/13/18 | 5/1/18 - 5/31/18 | $1,152,043.00 | $36,939.73 | $1,152,043.00 | $36,939.73 | $288,010.75 |
| **Total** | | **$6,940,890.20** | **$586,993.66** | **$6,940,890.20** | **$586,993.66** | **$1,735,222.55** |

---

[6] This amount reflects a credit of $13,507.00 for fee reductions pursuant to the order approving Paul Hastings' First Interim Fee Application.

[7] This amount reflects a credit of $21,926.16 for expense reductions pursuant to the order approving Paul Hastings' First Interim Fee Application.

| | | | | | | |
|---|---|---|---|---|---|---|
| **Fourth Interim Fee Period (June 1, 2018 through September 30, 2018)** | | | | | | |
| 9/6/18 | 6/1/18 - 6/30/18 | $983,056.20 | $45,319.10 | $983,056.20 | $45,319.10 | $245,764.05 |
| 10/8/18 | 7/1/18 - 7/31/18 | $1,061,831.60 | $77,376.40 | $1,061,831.60 | $77,376.40 | $265,457.90 |
| 11/2/18 | 8/1/18 - 8/31/18 | $1,288,866.00 | $39,833.17 | $1,288,866.00 | $39,833.17 | $322,216.50 |
| 11/15/18 | 9/1/18 - 9/30/18 | $1,302,462.40 | $39,196.98 | $1,302,462.40 | $39,196.98 | $325,615.60 |
| **Total** | | **$4,636,216.20** | **$201,725.65** | **$4,636,216.20** | **$201,725.65** | **$1,159,054.05** |
| | | | | | | |
| **Fifth Interim Fee Period (October 1, 2018 through January 31, 2019)** | | | | | | |
| 12/19/18 | 10/1/18 – 10/31/18 | $968,238.40 | $17,300.41 | $968,238.40 | $17,300.41 | $242,059.60 |
| 01/07/19 | 11/1/18 – 11/30/18 | $695,795.40 | $9,071.96 | $695,795.40 | $9,071.96 | $173,948.85 |
| 02/20/19 | 12/1/18 – 12/31/18 | $932,751.60 | $24,110.50 | $932,751.60 | $24,110.50 | $233,187.90 |
| 03/15/10 | 1/1/19 – 1/31/19 | $1,040,883.79[8] | $38,921.42[9] | $1,040,883.79 | $38,921.42 | $260,220.95 |
| **Total** | | **$3,637,669.19** | **$89,404.29** | **$3,637,669.19** | **$89,404.29** | **$909,417.30** |
| | | | | | | |
| **Sixth Interim Fee Period (February 1, 2019 through May 31, 2019)** | | | | | | |
| 06/13/19 | 2/1/19 – 2/28/19 | $1,098,711.60 | $30,746.31 | $1,098,711.60 | $30,746.31 | $274,677.90 |
| 06/13/19 | 3/1/19 – 3/31/19 | $1,453,006.40 | 25,745.44 | $1,453,006.40 | $25,745.44 | $363,251.60 |
| 07/03/19 | 4/1/19 – 4/30/19 | $1,852,132.00 | $64,731.53 | $0.00 | $0.00 | $463,033.00 |
| 07/15/19 | 5/1/19 – 5/31/19 | $2,143,294.80 | $61,317.34 | $0.00 | $0.00 | $535,823.70 |
| **Total** | | **$6,547,144.80** | **$182,540.62** | **$2,551,718.00** | **$56,491.75** | **$1,636,786.20** |

---

[8]   This amount reflects a credit of $158,129.01 for fee reductions pursuant to the order approving Paul Hastings' Third and Fourth Interim Fee Applications.

[9]   This amount reflects a credit of $6,033.82 for expense reductions pursuant to the order approving Paul Hastings' Third and Fourth Interim Fee Applications.

**PRIOR INTERIM FEE APPLICATIONS**

| Date Filed [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 12/15/17 Docket No. 2040 | 6/26/17 - 9/30/17 | $9,345,478.50 | $133,270.22 | Docket No. 2685 | Allowed: $9,264,712.49 Paid: $7,476,382.40 Authorized to be paid: $7,465,577.20[10] | Allowed: $111,344.06 Paid: $133,270.22 Authorized to be paid: $111,344.06[11] |
| 3/19/18 Docket No. 2735 | 10/1/17 – 1/31/18 | $7,066,017.75 | $95,462.43 | Docket No. 3279 | Allowed: $6,960,689.25 Paid: $5,651,706.20 Authorized to be paid: $5,651,706.20 | Allowed: $104,666.09[12] Paid: $82,739.90 Authorized to be paid: $82,739.93 |
| 7/16/18 Docket No. 3568 | 2/1/18 – 5/31/18 | $8,676,112.75 | $586,993.66 | Docket No. 5654 | Allowed: $8,576,523.01 Paid: $6,940,890.20 Authorized to be paid: $6,861,218.41[13] | Allowed: $583,256.46 Paid: $586,993.66 Authorized to be paid: $583,256.46[14] |
| 11/16/18 Docket No. 4325 | 6/1/18 – 9/30/18 | $5,795,270.25 | $201,725.65 | Docket No. 5654 | Allowed: $5,736,730.98 Paid: $4,636,216.20 Authorized to be paid: $4,589,384.78[15] | Allowed: $199,429.03 Paid: $201,725.65 Authorized to be paid: $199,429.03[16] |
| 4/18/2019 Docket No. 5822 | 10/1/18 – 1/31/19 | $4,705,215.50 | $95,438.11 | Docket No. | Allowed: TBD | Allowed: TBD |

---

[10]   The difference of $13,507.00 was credited against the amounts payable under the January 2018 fee statement.

[11]   The difference of $21,926.16 was credited against the amounts payable under the January 2018 fee statement.

[12]   Prior to application of a $21,926.16 credit for expense reductions pursuant to order approving Paul Hastings' First Interim Fee Application.

[13]   The difference of $99,589.74 was credited against the amounts payable under the January 2019 fee statement.

[14]   The difference of $3,737.20 was credited against the amounts payable under the January 2019 fee statement.

[15]   The difference of $58,539.27 was credited against the amounts payable under the January 2019 fee statement.

[16]   The difference of $2,296.62 was credited against the amounts payable under the January 2019 fee statement.

**Hearing Date**: October 30, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: August 5, 2019 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------- x
|  |  |
|---|---|
| In re: | : |
|  | : |
| THE FINANCIAL OVERSIGHT AND | : PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : Title III |
|  | : |
| as representative of | : Case No. 17-BK-3283 (LTS) |
|  | : |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : (Jointly Administered) |
|  | : |
| Debtors.[1] | : |

------------------------------------------------------------------- x

## SIXTH INTERIM APPLICATION OF PAUL HASTINGS LLP, COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM <u>FEBRUARY 1, 2019 THROUGH MAY 31, 2019</u>

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ................................................................................................................. 8

COMPENSATION AND REIMBURSEMENT REQUEST ........................................................ 12

SUMMARY OF SERVICES ................................................................................................. 16

    I.    Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico
(Matter ID 00002) ......................................................................................... 17

    II.    Communications with Creditors (other than Committee Members) / Website
(Matter ID 00004) ......................................................................................... 29

    III.    PREPA (Matter ID 00006) .............................................................................. 30

    IV.    HTA (Matter ID 00007) .................................................................................. 36

    V.    ERS (Matter ID 00008)................................................................................... 37

    VI.    Other Adversary Proceedings (Matter ID 00009)............................................ 40

    VII.    Mediation (Matter ID 00010)........................................................................ 41

    VIII.    GO Bond Debt Issues (Matter ID 00011) ...................................................... 41

    IX.    Creditors Committee Meetings (Matter ID 00012) ........................................ 45

    X.    Rule 2004 Investigations (Matter ID 00013) ................................................. 46

    XI.    Constitutional Issues (Matter ID 00014)........................................................ 47

    XII.    PREPA Privatization (Matter ID 00016) ....................................................... 48

    XIII.    PBA (Matter ID 00017) ................................................................................ 48

    XIV.    GDB (Matter ID 00018)................................................................................ 48

    XV.    Puerto Rico Lobbying Related Work (Matter ID 00019) .................................. 49

ATTENDANCE AT HEARINGS ......................................................................................... 49

REPORT ON CO-PLAINTIFF ADVERSARY PROCEEDINGS............................................... 51

ACTUAL AND NECESSARY DISBURSEMENTS .................................................................. 52

REQUESTED COMPENSATION SHOULD BE ALLOWED .................................................... 53

CONCLUSION.................................................................................................................. 56

## SUPPORTING DECLARATION, EXHIBITS, AND SCHEDULES

SUPPORTING DECLARATION OF LUC A. DESPINS

EXHIBIT A            CUSTOMARY AND COMPARABLE COMPENSATION
                     DISCLOSURES

EXHIBIT B            SUMMARY OF TIMEKEEPERS INCLUDED IN THIS APPLICATION

EXHIBIT C            BUDGETS AND STAFFING PLANS FOR APPLICATION PERIOD

   EXHIBIT C-1       BUDGETS

   EXHIBIT C-2       STAFFING PLANS

EXHIBIT D            SUMMARY OF COMPENSATION REQUESTED BY PROJECT
                     CATEGORY

   EXHIBIT D-1       SUMMARY OF COMPENSATION REQUESTED BY PROJECT
                     CATEGORY AS COMPARED TO BUDGET

                     FURTHER BREAKDOWN OF COMPENSATION REQUESTED BY
                     PROJECT CATEGORY AND BY MATTER

   EXHIBIT D-2       SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY
                     CATEGORY

EXHIBIT E            BREAKDOWN OF COMPENSATION AND EXPENSE
                     REIMBURSEMENT REQUESTED BY DEBTOR AND BY WHETHER
                     SERVICES WERE RENDERED IN PUERTO RICO OR OUTSIDE
                     PUERTO RICO

SCHEDULE 1           LIST OF PROFESSIONALS BY MATTER

SCHEDULE 2           MONTHLY STATEMENTS COVERED IN APPLICATION

SCHEDULE 3           PROPOSED ORDER

To the Honorable United States District Judge Laura Taylor Swain:

Paul Hastings LLP ("Paul Hastings"), counsel to the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee"),[1] for its sixth application (the "Application"), pursuant to sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA"),[2] section 503(b) of Title 11, United States Code (the "Bankruptcy Code") as made applicable to these cases by section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), for the interim allowance of compensation for professional services performed by Paul Hastings for the period from February 1, 2019 through and including May 31, 2019 (the "Application Period"), and for reimbursement of its actual and necessary expenses incurred during the Application Period, respectfully represents:

## PRELIMINARY STATEMENT

1.      During the Application Period, Paul Hastings dealt with a variety of matters that were of critical importance to the interests of the Debtors and their creditors.  First, Paul Hastings played a key role in preserving numerous Debtor causes of action potentially worth billions of dollars.  Confronted with the expiration in May 2019 of the statutes of limitations in the Commonwealth, ERS, and HTA cases to assert Debtor causes of action, and concerned that the Oversight Board and its Special Claims Committee would not act vigorously to assert and prosecute Debtor causes of actions or would be vulnerable to having their lawsuits later declared

---

[1]     Prior to August 25, 2017, the Committee was the official committee of unsecured creditors for the Commonwealth's Title III case only.  On August 25, 2017, the U.S. Trustee expanded the Committee's role to also include the Title III cases of HTA, ERS, and PREPA.

[2]     References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

void based on the First Circuit's *de facto* officer ruling in its *Aurelius* decision, Paul Hastings

engaged in extensive negotiations with the Oversight Board and its Special Claims Committee in

an effort to ensure the effective pursuit of Debtor causes of action by these parties or, barring

that, to permit the Committee to pursue Debtor causes of action on its own.  Though the

Committee was unable to convince the Oversight Board and its Special Claims Committee to

bring all appropriate causes of action (and was not able to obtain standing to do so itself), its

efforts resulted in the execution of stipulations allowing the Committee to serve as co-plaintiff in

a number of key lawsuits on behalf of these Debtors.  Indeed, Paul Hastings' and the

Committee's strong advocacy was instrumental in preserving Debtor causes of action, and the

presence of the Committee as co-plaintiff means that these causes of action will be protected

from a challenge to the Oversight Board's authority post-*Aurelius.*  While the process

surrounding the bringing of hundreds of claims before the expiration of the statutes of limitations

might have appeared to some to be chaotic at times, it would have been much worse had the

Committee not played its "watchdog role" during the process.

       2.     During the Application Period, Paul Hastings also continued to press forward with

the Committee and Oversight Board's omnibus objection to over $6 billion of GO bonds issued

in 2012 and 2014 (the "2012-2014 GO Objection") that was filed in January 2019.  During the

Application Period, Paul Hastings finalized and obtained court approval for procedures in

connection with the 2012-2014 GO Objection and oversaw a notification process that reached

thousands of bondholders, resulting in over 1,700 parties submitting notices indicating their

interest in participating in the litigation with respect to the 2012-2014 GO Objection.  Paul

Hastings also moved vigorously to launch objections against additional bond claims, filing

omnibus objections seeking the invalidation of (a) over $3 billion in ERS bonds on the grounds

that such bonds were issued *ultra vires* and (b) over $1 billion in GO bonds issued in 2011 on the
grounds that such bonds were issued in violation of the Puerto Rico Constitution's debt service
limit and balanced budget clauses.  In addition, Paul Hastings continued to perform extensive
work with respect to its adversary proceeding (filed jointly with the Oversight Board)
challenging PBA "leases" as disguised financing arrangements [Adv. Proc. No. 18-149 (LTS)]
(the "PBA Adversary Proceeding").

       3.     Furthermore, Paul Hastings has worked to protect the interests of PREPA's
unsecured creditors in light of key developments in PREPA's Title III case.  First, responding to
a motion for relief from stay to appoint a receiver filed by PREPA's monoline insurers, Paul
Hastings filed an extensive objection on the grounds that PREPA's purportedly secured
bondholders are in reality nonrecourse creditors who are heavily undersecured or not secured at
all.  Then, Paul Hastings turned its attention to PREPA's May 3, 2019 restructuring support
agreement (the "PREPA RSA"), which would provide approximately $8.5 billion in non-
recourse bond claims with eventual payments of more than $20 billion over the course of the
next 47 years, while saddling PREPA's customers with surcharges over that time period.  Given
the obvious significance of the PREPA RSA to the PREPA restructuring, Paul Hasting devoted
significant resources to analyzing the PREPA RSA and the settlement motion for the approval of
the PREPA RSA.  In fact, as a result of Paul Hastings' efforts to highlight numerous concerns
regarding the settlement motion, the Court directed, at the June 12, 2019 hearing, that the
Oversight Board and PREPA provide additional evidence and documentation in support of the
settlement motion.

4.      All the while, Paul Hastings has continued to advise the Committee on all issues

bearing on the rights of unsecured creditors in these Title III cases and taken proactive steps to

protect their rights, including by:

> (i)      reviewing materials obtained in discovery from the Debtors
>           (except COFINA) pursuant to Bankruptcy Rule 2004 as part of
>           the Committee's investigation into potential avoidance action
>           claims against third parties;
>
> (ii)     analyzing the nature and extent of the unsecured claims pool,
>           including the size and nature of retirement benefit claims held
>           by active employees, among other types of claims;
>
> (iii)    continuing to develop a framework for an alternative dispute
>           resolution process for the allowance of claims, and emphasizing
>           the importance of such a process during Court hearings and in
>           filed pleadings;
>
> (iv)     analyzing issues in connection with the First Circuit's February
>           15,  2019 decision in the *Aurelius* appeal and evaluating next
>           steps;
>
> (v)      successfully opposing a motion to vacate the Committee's
>           appointment with respect to the ERS case, a motion to appoint
>           an official Committee for individual GO bondholders, and a
>           motion to compel the Committee to make additional,
>           burdensome disclosures under Bankruptcy Rule 2019;
>
> (vi)     researching a variety of issues related to confirmation of a
>           Commonwealth plan of adjustment in connection with the
>           formulation of plan proposals acceptable to the Committee;
>
> (vii)    maintaining the Committee's website as well as distributing
>           informational emails to unsecured creditors; and
>
> (viii)   monitoring pleadings filed and orders entered in the Title III
>           cases and related adversary proceedings (including, where
>           appropriate, filing objections).

5.      Paul Hastings has continued to perform these services in an economic, effective,

and efficient manner commensurate with the complexity and importance of the issues involved.

For example, the work performed by Paul Hastings was carefully assigned to appropriate

professionals or paraprofessionals according to the experience and level of expertise required for

each particular task.  Moreover, whenever possible, Paul Hastings sought to minimize the costs

of Paul Hastings' services to the Committee by utilizing talented junior attorneys and

paraprofessionals to handle the more routine aspects of the assignments and by delegating, to the

extent practicable, questions of Puerto Rico law to local counsel.  In addition, a small core group

of Paul Hastings attorneys was utilized for the vast majority of the work in these Title III cases to

minimize the costs of intra-Paul Hastings communication and education about the cases.

Notably, as a general matter, no more than two Paul Hastings attorneys (and often only one

attorney) attended the various hearings held during the Application Period, thereby minimizing

not only the time billed on these hearings but also the cost of travel and lodging.  This is to be

contrasted with other firms which have several partners attending such hearings.

6.       Moreover, to the extent appropriate, Paul Hastings sought to work closely with

counsel to the Oversight Board, counsel to the Oversight Board's Special Claims Committee,

counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and

counsel for the official committee of retirees (the "Retiree Committee") in order to eliminate

unnecessary duplication and allocate tasks in an efficient manner.  For example, with very

limited exceptions (such as the motion of certain monoline insurers to lift the stay in the PREPA

case to seek the appointment of a receiver), the Committee did not become involved in

addressing stay relief requests and, instead, deferred these matters to AAFAF.  In addition, to the

extent appropriate, the Committee joined in the relief sought by other parties (as opposed to

incurring the cost of preparing its own standalone motions) or concluded that no pleading was

necessary at all.  The Committee has also continued to be very judicious in determining in which

adversary proceedings to intervene and, despite the First Circuit's ruling affirming the Committee's unconditional right to intervene in adversary proceedings.

7.      In addition, as further detailed below, Paul Hastings has taken numerous steps to provide services in the most efficient manner possible in connection with the adversary proceedings in which the Committee is acting as co-plaintiff with the Oversight Board or the Special Claims Committee.  For example, the co-plaintiffs have sought, and obtained, temporary stays of numerous of these adversary proceedings, while the Committee is represented in the garden-variety avoidance actions by its local counsel (with Paul Hastings' involvement being limited to reviewing and commenting on draft forms of pleadings and providing high-level oversight and direction).[3]

8.      In sum, Paul Hastings respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of these Title III cases.  The results obtained to date have benefited not only the Committee but also the Debtors and their creditors.  Accordingly, in light of the nature and complexity of these Title III cases, Paul Hastings' charges for professional services performed and expenses incurred are reasonable under applicable standards.  For all these reasons, Paul Hastings respectfully requests that the Court grant the Application and allow interim compensation for professional services performed and reimbursement for expenses as requested.

---

[3]   Finally, we note that Paul Hastings has agreed to reduce its total fees by an amount equal to 20% of the firm's case fees (with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process).  For the avoidance of doubt, at this time, Paul Hastings seeks allowance of $8,183,931.00 (*i.e.*, 100% of fees for services rendered during the Application Period), but payment of only $6,547,144.80 (to the extent such amount has not been paid before the hearing scheduled on this Application), which is 80% of $8,183,931.00

9.     This Application is consistent with the Interim Compensation Order (as defined below), Local Rule 2016-1, and *Appendix B of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").  To the extent necessary, Paul Hastings requests a waiver for cause shown of any requirements not met by this Application.[4]

10.     In accordance with the U.S. Trustee Guidelines, at the end of this Application are the following Exhibits and Schedules:

- Exhibit A contains disclosures regarding "customary and comparable compensation."

- Exhibit B contains a summary of Paul Hastings' timekeepers included in this Application.

- Exhibit C-1 contains the budgets for Paul Hastings' services during the Application Period.

- Exhibit C-2 contains the staffing plans for Paul Hastings' services during the Application Period.

- Exhibit D-1 contains (a) a summary of the compensation requested as compared to the compensation budgeted for the firm's services during the Application Period, and (b) a further breakdown of the compensation requested by project category and matter number.

- Exhibit D-2 contains a summary of the expense reimbursements requested by category.  An itemized schedule of all such expenses is included in Paul Hastings' monthly statements.

- Exhibit E contains a breakdown of compensation and expense reimbursement requested by Debtor and by whether the services were rendered in Puerto Rico or outside Puerto Rico.

---

[4]     The Committee and Paul Hastings reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these cases.

- <u>Schedule 1</u> contains a list of the professionals providing services during the Application Period by matter.

- <u>Schedule 2</u> includes the monthly fee statements covered in this Application.

- <u>Schedule 3</u> includes the proposed order approving this Application.

## **<u>BACKGROUND</u>**

11.     On May 3, 2017, the Oversight Board commenced a Title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304(a) of PROMESA (the "<u>Commonwealth Title III Case</u>").  Thereafter, the Oversight Board commenced a Title III case for each of COFINA, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "<u>ERS Title III Case</u>"), the Puerto Rico Highways and Transportation Authority (the "<u>HTA Title III Case</u>"), and the Puerto Rico Electric Power Authority (the "<u>PREPA Title III Case</u>") (and together with the Commonwealth Title III Case, the "<u>Title III Cases</u>").[5]  By orders dated June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court approved the joint administration of the Title III Cases.

12.     On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "<u>U.S. Trustee</u>") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338.  On June 26, 2017, the Committee selected Paul Hastings as counsel to the Committee.

13.     On July 10, 2017, the Committee filed an application to retain and employ Paul Hastings as counsel, effective June 26, 2017 [Docket No. 610] (the "<u>Retention Application</u>").  By order of this Court entered August 10, 2017 [Docket No. 999] (the "<u>Retention Order</u>"),

---

[5]     Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

incorporated herein by this reference, Paul Hastings' retention as counsel to the Committee was

approved effective as of June 26, 2017.

14.     On August 23, 2017, the Court entered the *Order Setting Procedures for Interim*

*Compensation and Reimbursement of Expenses of Professionals* (as amended, the "Interim

Compensation Order").[6]

15.     On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of*

*Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the

Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and

the PREPA Title III Case.  Paul Hastings' retention extends to the representation of the

Committee as the official committee for the HTA Title III Case, the ERS Title III Case, and the

PREPA Title III Case.  In particular, the Retention Order provided that "[t]he retention of Paul

Hastings, as counsel to the Committee, shall be deemed to apply to the representation of the

Committee if ever enlarged to include unsecured creditors of other debtors, without the need to

obtain a modification of this Order."

16.     The Retention Order authorized Paul Hastings to be compensated on an hourly

basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316

and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court

may direct.[7]  The Retention Order further provides that "[p]ursuant to Bankruptcy Code

section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of Paul

Hastings under this Order shall be an administrative expense."  In addition, as provided in the

---

[6]     The Interim Compensation Order was most recently amended on June 6, 2018.

[7]     Paragraph 2 of the Retention Order provides, among other things, that "Paul Hastings will charge its regular
hourly rates in effected from time to time; as such rates may be increased periodically, annually or otherwise."

Retention Order, the Oversight Board has consented to the Debtors' payment of Paul Hastings'
allowed fees and expenses.

17.    Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total
case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul
Hastings (in its sole discretion) in connection with the final fee application process.  For that
reason, at this time Paul Hastings seeks payment of only 80% of its fees incurred during the
Application Period, but allowance of 100% of such fees.  Paul Hastings agreed to this reduction
in reliance on the fact that the timing of the payment of Paul Hastings' fees and expenses would
be governed by Court orders which contained strict procedures and deadlines, and that such
order would be complied with.

18.    On October 6, 2017, the Court entered the *Order Pursuant to PROMESA
Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and
Related Relief* [Docket No. 1416] (the "Fee Examiner Order").  The Court appointed Brady
Williamson as the Fee Examiner in the Title III Cases.

19.    On December 15, 2017, Paul Hastings filed its first interim fee application with
respect to the period from June 26, 2017 through September 30, 2017 [Docket No. 2040] (the
"First Interim Fee Application").  In accordance with the Interim Compensation Order, Paul
Hastings received a preliminary report from the Fee Examiner with respect to the First Interim
Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in
its requested fees and expenses.[8]  On March 7, 2018, the Court approved the First Interim Fee
Application, with the agreed-upon adjustments.

---

[8]    These agreed-upon adjustments consisted of (a) fee reductions in the amount of  $67,259.01 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $13,507.00 (which amount was credited against Paul

20.     On March 19, 2018, Paul Hastings filed its second interim fee application with respect to the period from October 1, 2017 through January 31, 2018 [Docket No. 2735] (the "Second Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Second Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[9]  On June 8, 2018, the Court approved the Second Interim Fee Application, with the agreed-upon adjustments.

21.     On July 16, 2018, Paul Hastings filed its third interim fee application with respect to the period from February 1, 2018 through May 31, 2018 [Docket No. 3568] (the "Third Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Third Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[10]  On March 14, 2019, the Court approved the Third Interim Fee Application, with the agreed-upon adjustments.

22.     On November 16, 2018, Paul Hastings filed its fourth interim fee application with respect to the period from June 1, 2018 through September 30, 2018 [Docket No. 4325] (the "Fourth Interim Fee Application").  In accordance with the Interim Compensation Order, Paul

---

Hastings' January 2018 fee statement), and (c) expense reductions in the amount of $21,926.16 (which amount also was credited against Paul Hastings' January 2018 fee statement).

[9]     These agreed-upon adjustments consisted of (a) fee reductions in the amount of  $103,943.50 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $1,385.00 (which amount was credited against Paul Hastings' January 2018 fee statement), and (c) expense reductions in the amount of $12,722.50 (which amount also was credited against Paul Hastings' January 2018 fee statement).

[10]    These agreed-upon adjustments consisted of (a) fee reductions in the amount of $125,338.14 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $99,589.74 (which amount was credited against Paul Hastings' January 2019 fee statement), and (c) expense reductions in the amount of $3,737.20 (which amount also was credited against Paul Hastings' January 2019 fee statement).

Hastings received a preliminary report from the Fee Examiner with respect to the Fourth Interim Fee Application. Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[11] On March 14, 2019, the Court approved the Fourth Interim Fee Application, with the agreed-upon adjustments.

23.     On March 18, 2019, Paul Hastings filed its fifth interim fee application with respect to the period from October 1, 2018 through January 31, 2019 [Docket No. 5822] (the "Fifth Interim Fee Application"). In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Fifth Interim Fee Application. The Fee Examiner and Paul Hastings are in discussions to resolve the Fee Examiner's concerns with respect to the Fifth Interim Application.

## COMPENSATION AND REIMBURSEMENT REQUEST

24.     By this Application, Paul Hastings seeks allowance of compensation for professional services rendered to the Committee during the Application Period in the aggregate amount of $8,183,931.00[12] and expense reimbursements in the aggregate amount of $182,540.62[13] These amounts are allocated among the Commonwealth Title III Case, the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case, as follows:

---

[11]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $69,137.26 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $58,539.27 (which amount was credited against Paul Hastings' January 2019 fee statement), and (c) expense reductions in the amount of $2,296.62 (which amount also was credited against Paul Hastings' January 2019 fee statement).

[12]   As noted, Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process. Accordingly, the firm only seeks payment, at this time, of fees in the amount of $6,547,144.80, which is 80% of $8,183,931.00.

[13]   As noted, Paul Hastings only seeks payment of expenses in the amount of $182,540.62.

| Application Period | Fees | Expenses | Total |
|---|---|---|---|
| Commonwealth Title III Case | $4,636,505.50 | $126,781.75 | $4,763,287.25 |
| HTA Title III Case | $233,429.50 | $143.90 | $233,573.40 |
| ERS Title III Case | $1,349,892.50 | $15,352.10 | $1,365,244.60 |
| PREPA Title III Case | $1,964,103.50 | $40,262.87 | $2,004,366.37 |
| **Total** | **$8,183,931.00** | **$182,540.62** | **$8,366,471.62** |

25.     The Committee has approved the amounts requested by Paul Hastings for services performed and expenses incurred in each of the monthly statements submitted to, among others, the Oversight Board, AAFAF, the Fee Examiner, and the U.S. Trustee during the Application Period.  All services for which compensation is requested herein were performed for or on behalf of the Committee.  Moreover, as detailed on Exhibit D hereto, fees incurred by Paul Hastings during the Application Period were well below the monthly budgets.

26.     To date, Paul Hastings has received payments totaling $2,608,209.75 for services rendered during the Application Period, which amount consists of $2,551,718.00 (representing 80% of the fees for services invoiced during the period from February 1, 2019 through April 30, 2019) and $56,491.75 (representing 100% of expenses invoiced for the same period).  As of the date of this Application, the amount of **$4,121,475.67** (reflecting 80% of fees and 100% of expenses for services rendered in April 2019 and May 2019) remains unpaid.[14]

27.     Other than payments made in accordance with the Interim Compensation Order, Paul Hastings has received no payment and no promises of payment from any source for services rendered during the Application Period.  By this Application, Paul Hastings requests allowance of all fees and expenses incurred for services rendered during the Application Period.  At this

---

[14]     The deadline to object to Paul Hastings' April 2019 fee statement is July 15, 2019, and the deadline to object to the May 2019 fee statements is July 25, 2019.  No objections to either fee statement have been received as of the filing of this Application.

time, however, Paul Hasting seeks payment of only (a) 80% of the fees for services invoiced

during the Application Period and (b) 100% of expenses invoiced during the Application Period.

28.      In addition, as a courtesy to the Committee and based on circumstances unique to

the Title III Cases, during the Application Period Paul Hastings voluntarily waived fees totaling

$38,720.00.  The time billed by these timekeepers was reasonable, and Paul Hastings reserves

the right to seek allowance and payment of these fees based on the facts and circumstances of

these cases, including, without limitation, if objections are interposed to the allowance or

payment of Paul Hastings' fees and expenses.  Paul Hastings also voluntarily waived expenses

totaling $2,883.60 as a courtesy to the Committee during the Application Period.  For details

regarding the waived fees and expenses, please see the Declaration of Luc A. Despins filed

concurrently herewith.

29.      There is no agreement or understanding between Paul Hastings and any other

person other than the attorneys, employees, and staff of Paul Hastings, for the sharing of

compensation to be received for services rendered in these cases.

30.      Paul Hastings maintains computerized records, in the form of monthly statements,

of the time spent by all Paul Hastings' attorneys and paraprofessionals in connection with its

representation of the Committee.  The monthly statements are in the same form regularly used by

Paul Hastings to bill its clients for services rendered and include the date that the services were

rendered, a detailed, contemporaneous narrative description of the services provided, the amount

of time spent for each service, and the designation of the professional who performed the service.

31.      The fees charged by Paul Hastings in the Title III Cases are billed in accordance

with its existing billing rates and procedures in effect during the Application Period with two

exceptions.[15]  The rates Paul Hastings charges for the services rendered by its professionals and paraprofessionals in the Title III Cases are comparable to the rates Paul Hastings charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters.  Moreover, when Paul Hastings' restructuring professionals and paraprofessionals work on nonbankruptcy matters, the firm generally charges their standard rate.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

32.      Paul Hastings' rates are set at a level designed to fairly compensate Paul Hastings for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expenses. Paul Hastings operates in a complicated national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Accordingly, Paul Hastings set its rates for attorneys and paraprofessionals both in the restructuring group and other practice groups within the firm by reference to market information and market adjustments by firms considered to be industry peers.  Based on this and reviews of contemporaneous time records and fee applications filed in other cases, Paul Hastings endeavors to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its principal competitor firms.

33.      As is customary, and as permitted pursuant to paragraph 2 of the Retention Order, Paul Hastings periodically reviews its rate structure and, when appropriate, adjusts its hourly rates based upon (i) the advancing seniority of its professionals and paraprofessionals, (ii) the

---

[15]      As a courtesy to the Committee and based on circumstances unique to the Title III Cases, Paul Hastings agreed to charge reduced rates for the services of two attorneys during the Application Period: the firm charged $1,200 per hour for Alexander Bongartz (rather than his standard rate of $1,250 per hour).

current market for legal services, (iii) the rates charged for comparable non-bankruptcy services, and (iv) the firm's analysis of the hourly rates being charged by professionals in other law firms. In January 2019, Paul Hastings adjusted its hourly rates, which adjustments apply across-the-board to all Paul Hastings clients.  The Committee approved the rate adjustments on a timekeeper-by-timekeeper basis.

34.     Paul Hastings' professional services during the Application Period required an aggregate expenditure of 8,273.60 recorded hours by Paul Hastings' attorneys and paraprofessionals, broken down as follows: partners (1,513.30 hours), counsel (2,901.30 hours), associates (2,914.90 hours), and paraprofessionals (944.10 hours).  During the Application Period, Paul Hastings' billing rates for attorneys rendering services in this matter ranged from $600.00 to $1,500.00 per hour.

35.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed before the preparation of this Application, or Paul Hastings has for any other reason not sought compensation or reimbursement with respect to such services or expenses, Paul Hastings reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.

## SUMMARY OF SERVICES

36.     During the Application Period, Paul Hastings assisted and advised the Committee on a regular basis regarding legal matters relating to the restructuring of the Debtors, including related adversary proceedings, and all other matters arising in the performance of the Committee's duties.  In addition, Paul Hastings has prepared various motions, applications, orders, and other pleadings submitted to the Court for consideration, and has performed the

necessary professional services that are described below and in the monthly statements attached

hereto as Schedule 2.[16]  For ease of reference and transparency purposes, Paul Hastings created

several matter numbers for its representation of the Committee.  The matter numbers are divided

by Debtor and/or large tasks the Committee undertook, as follows:

| Matter ID | Matter Name |
|-----------|-------------|
| 00002 | Official Committee of Unsecured Creditors |
| 00003 | COFINA Dispute Analysis |
| 00004 | Communications with Creditors (other than Committee Members) |
| 00005 | Fiscal Plan Analysis |
| 00006 | PREPA |
| 00007 | HTA |
| 00008 | ERS |
| 00009 | Other Adversary Proceedings |
| 00010 | Mediation |
| 00011 | GO Bond Debt Issues |
| 00012 | Creditors' Committee Meetings |
| 00013 | Rule 2004 Investigations |
| 00014 | Constitutional Issues |
| 00015 | Rule 2004 (Whitefish) |
| 00016 | PREPA Privatization |
| 00017 | PBA |
| 00018 | GDB |
| 00019 | Puerto Rico Lobbying Related Work |

## I.     Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico (Matter ID 00002)

37.     During the Application period, in addition to its regular duties as Committee

counsel with respect to Matter ID 00002, Paul Hastings engaged in intense litigation and

---

[16]    The description of services in this Application is limited to those matters in which Paul Hastings provided five (5) or more hours of service during the Application Period.

negotiations to preserve and assert Debtor causes of action.  This activity came at a critical

juncture in the Title III Cases—namely, the expiration of statutes of limitations under section

108(a) and section 546(a) of the Bankruptcy Code for the commencement of Debtors causes of

action, which was May 2, 2019 in the Commonwealth case, May 20, 2019 in the ERS and HTA

cases, and July 1, 2019 in the PREPA case.  As part of the Committee's efforts, Paul Hastings

drafted numerous pleadings, negotiated multiple stipulations with the Oversight Board and its

Special Claims Committee with respect to bringing causes of action as co-plaintiffs, and worked

with counsel to the Oversight Board and its Special Claims Committee to prepare adversary

proceedings on behalf of the Commonwealth, ERS, and HTA—all of which, collectively, seek

the avoidance and recovery of billions of dollars' worth of payments and liens for the benefit of

the Debtors and their unsecured creditors.

38.     By way of background, the Committee took the view from the very beginning of

its involvement in the Title III Cases that the Debtors possess valuable causes of action that

should be prosecuted for the benefit of the Debtors and unsecured creditors, and, moreover, that

it is essential that these causes of action be pursued in a timely manner (*i.e.*, prior to the

expiration of the applicable statutes of limitations) to avoid the forfeiture of valuable claims.

However, by the beginning of the Application Period in February 2019, the Committee became

increasingly concerned that the Oversight Board was not willing or able to accomplish this task

on its own.  These concerns arose due to a number of factors.  Among other things:

- The Oversight Board had been appointed in August 2016 but had not yet brought any Debtor causes of action.

- The Oversight Board had successfully opposed multiple attempts by the Committee to investigate potential causes of action under Rule 2004 (though the Oversight Board had cooperated with the Committee's November 2018 Rule 2004 motion seeking the investigation of certain payments made shortly prior to the filing of the bankruptcy cases).

-18-

- The Oversight Board's investigator, Kobre & Kim LLP, had produced a Final Report in August 2018 that, while informative, did not set forth any causes of action that the Debtors could pursue.

- The Oversight Board's Special Claims Committee had retained Brown Rudnick LLP as Claims Counsel only at the end of November 2018.

- The Oversight Board had provided no certainty as to which causes of action it would pursue, if any, and this uncertainty raised the concern that the Oversight Board would decide not to pursue causes of action at the last minute before the expiration of the applicable statutes of limitations, which would have given the Committee insufficient time to move for appointment of a trustee under section 926 of the Bankruptcy Code to pursue causes of action it believed should be pursued.

39.     Furthermore, an additional concern arose as a result of the First Circuit's February 15, 2019 decision in the constitutional challenge to the appointment of Oversight Board's members brought by Aurelius Capital Management, LP and other parties.  In that decision, the First Circuit (a) held that the Oversight Board's appointment was unconstitutional but that its past acts were valid under the *de facto* officer doctrine and (b) allowed the Oversight Board to continue operating until it was reappointed or reconstituted in accordance with the Appointments Clause.  However, this ruling gave rise to what has become known as the *Aurelius* risk.  In particular, Aurelius and other parties challenging the Oversight Board's authority (including Assured and UTIER) have asserted that, even if the *de facto* officer doctrine shields acts of the Oversight Board taken prior to the First Circuit's decision, all subsequent acts are without legal or apparent authority, and are null and void.  This challenge creates the risk that the filing of a complaint by the Oversight Board (acting alone) could later be found to be a nullity, and thus, causes of action could lapse after the expiration of the statutes of limitation.

40.     To address the foregoing issues, Paul Hastings took a number of key steps during the Application Period:

-19-

- Paul Hastings addressed the uncertainty regarding the Oversight Board's intentions to pursue claims by filing its March 25, 2019 motion (which was granted by the Court) for section 926 procedures (the "Section 926 Procedures Motion") requesting that the Court require the Oversight Board to disclose the avoidance actions it would pursue and schedule briefing and a hearing in connection with the Committee's motion for the appointment of a trustee under section 926 of the Bankruptcy Code.[17]

- Paul Hastings negotiated a stipulation for the joint prosecution of certain Commonwealth causes of action by the Committee and Oversight Board or its Special Claims Committee as co-plaintiffs (the "Commonwealth Stipulation"). The Commonwealth Stipulation addressed a number of important issues, including addressing the *Aurelius* risk by providing a co-plaintiff (the Committee) whose actions could not be invalidated based on a future adverse ruling on the *de facto* officer doctrine. The motion for approval of the Commonwealth Stipulation was granted on April 26, 2019.[18]

- Paul Hastings negotiated a similar stipulation for the joint prosecution of HTA/ERS causes of action by the Committee and the Oversight Board or its Special Claims Committee as co-plaintiffs (the "HTA/ERS Stipulation"). The motion for approval of the HTA/ERS Stipulation was granted on May 16, 2019.[19]

- Despite its success in negotiating stipulations with the Oversight Board, there remained a number of causes of action that the Oversight Board refused to bring which the Committee believed should have been pursued. Consequently, Paul Hastings drafted the Committee's motion for derivative standing to pursue causes of action (the "Derivative Standing Motion"),[20] filed on April 17, 2019. That motion was ultimately denied by the Court.

41.     The matters listed above were conducted on a tightly compressed time frame due to the imminent expiration of the applicable statutes of limitations. Also, numerous objections and responses were filed to the motions to approve the Stipulations and to the Derivative

---

[17]   Docket No. 5997 in Case No. 17-3283 (LTS).

[18]   Docket No. 6524 in Case No. 17-3283 (LTS).

[19]   Docket No. 6990 in Case No. 17-3283 (LTS).

[20]   Docket No. 6325 in Case No. 17-3283 (LTS).

Standing Motion, requiring a quick turn-around on reply briefs.[21]  In the end, however, Paul

Hastings' successful negotiation of the Stipulations, and the Court's approval thereof, earned the

Committee an important role in the preservation and prosecution of Debtor causes of action.

42.     Next, after approval of the Stipulations, various complaints needed to be filed

before the expiration of the applicable statutes of limitations.  In connection with this effort, Paul

Hastings worked closely with counsel to the Oversight Board and counsel to the Special Claims

Committee to prepare complaints seeking the avoidance of billions of dollars' worth of payments

and liens for the benefit of the Debtors and their unsecured creditors.

43.     Among other things, the co-plaintiff adversary proceedings included:

- Litigation to claw back hundreds of millions of dollars in payments to holders of Puerto Rico bonds subject to omnibus claims objections, should these bonds be ruled invalid by the Court.[22]

- Litigation challenging the alleged security interests asserted by certain holders of Commonwealth general obligation (GO) bonds and Commonwealth guaranteed bonds.[23]

- Litigation challenging the alleged security interests in HTA revenues asserted by certain HTA bondholders and bond insurers.[24]

- Litigation challenging the alleged security interests in ERS revenues and funds asserted by certain ERS bondholders.[25]

---

[21]   The motion to approve the Commonwealth Stipulation was subject to eight (8) responses, the motion to approve the HTA/ERS Stipulation was subject to five (5) responses, and the Derivative Standing Motion was subject to seven (7) responses.

[22]   Paul Hastings' work on this litigation was billed to the matter number corresponding to the Debtor that issued the bonds in question.  For example, work on litigation with respect to challenged GO bonds, *see* Adv. Proc. Nos. 19-284 through 19-287, was billed to Matter ID 00011, and work on litigation with respect to challenged ERS bonds, *see* Adv. Proc. Nos. 19-358, was billed to Matter ID 00008.

[23]   *See* Adv. Proc. Nos. 19-291 through 19-296.  Paul Hastings' work on this litigation was billed to Matter ID 00011.

[24]   *See* Adv. Proc. Nos. 19-362, 19-363, and 19-365.  Paul Hastings' work on this litigation was billed to Matter ID 00007.

[25]   *See* Adv. Proc. No. 19-366.  Paul Hastings' work on this litigation was billed to Matter ID 00008.

44.     Paul Hastings represents the Committee in fifteen (15) of these adversary proceedings.  In other co-plaintiff adversary proceedings where Paul Hastings was conflicted, the Committee was represented by its special litigation counsel, Genovese Joblove & Battista, P.A. ("GJT").

45.     Subsequent to the commencement of these adversary proceedings, Paul Hastings, working with counsel to the Oversight Board and its Special Claims Committee, prepared the Committee's pleadings requesting to have certain of these adversary proceedings stayed in order to, among other things, explore settlement discussions with certain defendants.

46.     Furthermore, the Committee, as co-plaintiff with the Special Claims Committee, also commenced a series of garden-variety avoidance actions (*i.e.*, run-of-the-mill preference and fraudulent transfer actions).  In order to minimize expenses, the Committee is represented in these actions only by its local counsel, Casillas Santiago & Torres P.C. ("CST"), with Paul Hastings' involvement being limited to reviewing and commenting on draft forms of pleadings and providing high-level oversight and direction.

47.     In addition to all of the foregoing, Paul Hastings continued to devote time and attention to other Committee matters with respect to Matter ID 00002, responding to the motion of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. ("Assured") to seek additional disclosures from the Committee under Bankruptcy Rule 2019[26] (the "Assured Rule 2019 Motion"), and representing the Committee in connection with claims-related matters and plan formulation issues, as well as administrative tasks, as discussed further below.

---

[26]   *See* Docket No. 6963 in Case No. 17-3283 (LTS).

     (a)     <u>Case Administration (Task Code B110)</u>
          Fees:   $384,028.00         Total Hours:   393.20

48.     During the Application Period, Paul Hastings continued to advise the Committee

on general case administration.  In order to efficiently track deadlines, organize documents, and

manage work streams, Paul Hastings maintained a global task list and case calendar, including a

tracking chart for all adversary proceedings and non-Title III litigation.  Further, Paul Hastings

coordinated internally and with the Committee's financial advisor, Zolfo Cooper LLP ("<u>Zolfo</u>

<u>Cooper</u>") regarding Committee communications, case strategy, and work streams.

49.     In addition, during the Application Period, Paul Hastings continued to implement

interim and long-term strategies to maximize recoveries for general unsecured creditors and held

internal team conference calls and occasional meetings to discuss the status of the Title III Cases

and to manage work streams.  Paul Hastings also communicated with certain Committee

members, as well as counsel to the Oversight Board, AAFAF, the Retiree Committee, and others

in connection with the appropriate administration of the Title III Cases.

50.     Furthermore, Paul Hastings worked to execute a variety of other tasks related to

case administration, including among other things preparing the Committee's disclosure

statements pursuant to Bankruptcy Rule 2019, analyzing legal issues in connection with same,

monitoring the Bankruptcy Rule 2019 disclosures of other creditor groups, and responding to an

individual bondholder's request for the appointment of an additional official Committee.

     (b)     <u>Pleadings Review (Task Code B113)</u>
          Fees:   $28,954.00         Total Hours:   75.30

51.     During the Application Period, Paul Hastings continued to review and prepare

summaries of pleadings filed and orders entered in the Title III Cases for internal review and

review by the Committee.

      (c)    <u>Meetings of and Communications with Creditors (Task Code B150)</u>
             Fees:  $285,559.00      Total Hours:  328.70

52.      During the Application Period, Paul Hastings continued to prepare reports and summaries to keep the Committee apprised of relevant developments in the Title III Cases and related adversary proceedings.[27]

      (d)    <u>Court Hearings (Task Code B155)</u>
             Fees:  $116,752.50      Total Hours:  107.30

53.      During the Application Period, Paul Hastings attended (a) the March 13, 2019 omnibus hearing in New York, at which hearing Paul Hastings addressed the Court in connection with the status conference at the beginning of hearing; (b) the April 18, 2019 hearing in New York in connection with the motion to approve the Commonwealth Stipulation; and (c) the April 24, 2019 omnibus hearing in San Juan, Puerto Rico, at which hearing Paul Hastings addressed, among other matters, the motion to approve the Commonwealth Stipulation, the Committee's objection to the motion of certain GO bondholders for procedures in connection with a "Conditional Objection" to certain as-yet unchallenged bonds, the Committee's objection to the motion of a *pro se* bondholder for the appointment of an official bondholders' committee, and the Committee's Derivative Standing Motion.  Paul Hastings also monitored (a) the May 2, 2019 meeting of the U.S. House Committee on Natural Resources regarding an update on PROMESA, the status of PREPA, and related issues, and (b) the Oversight Board's public meetings held on March 28, 2019 and May 9, 2019.

54.      In preparation for these hearings, Paul Hastings also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite informative motions to be heard.

---

[27]    Meetings and calls with the Creditors' Committee were recorded separately under Matter ID 00012 (Creditors' Committee Meetings).

     (e)     <u>Fee/Employment Applications (Paul Hastings) (Task Code B160)</u>
             Fees:   $198,352.00      Total Hours:   230.00

55.     During the Application Period, Paul Hastings prepared, among other things, the Paul Hastings monthly fee statements for the months of December 2018 through April 2019, as well as the Fifth Interim Fee Application for the period from October 1, 2018 through January 31, 2019.  In addition, Paul Hastings continued to identify possible connections between the firm and parties in interest in the Title III Cases and prepared two supplemental declarations of Luc Despins regarding the firm's retention as Committee counsel (one of these supplemental declarations was filed during the Application Period, while the other was worked on during the Application Period but was not completed during the Application Period).  Paul Hastings also reviewed reports and correspondence from the Fee Examiner and engaged in discussions with the Fee Examiner and his counsel to address questions regarding Paul Hastings' interim fee applications.

     (f)     <u>Budget (Task Code B161)</u>
             Fees:   $6,840.00      Total Hours:   5.70

56.     During the Application Period, Paul Hastings prepared monthly budgets pursuant to the instructions of the fee examiner and communicated with the Committee and the fee examiner regarding same.

     (g)     <u>Fee/Employment Applications for Other Professionals (Task Code B165)</u>
             Fees: $ 38,585.00      Total Hours:   39.50

57.     During the Application Period, Paul Hastings assisted Kroma in preparing its interim fee application and assisted the Committee's special litigation counsel, GJT, with its retention application.  Paul Hastings also reviewed the fee statements of Zolfo Cooper, as well as the fees of certain professionals retained by the Oversight Board and AAFAF.

(h)     Avoidance Action Analysis (Task Code B180)
        Fees:   $864,276.00        Total Hours:   837.60

58.     During the Application Period, Paul Hastings strived to ensure, to the best of its

ability, the timely commencement of avoidance actions on behalf of the Commonwealth.  As part

of this effort Paul Hastings engaged in extensive discussions with counsel to the Oversight Board

and its Special Claims Committee and conducted its own independent analysis regarding

avoidance action strategy and which actions to bring.  Paul Hastings also worked to prepare and

negotiate the Commonwealth Stipulation.  Paul Hastings also analyzed relevant statutes of

limitations, case law in other municipal bankruptcies, and proofs of claim filed against the

Debtors, as well as other issues in connection with the commencement of avoidance actions.

Further, Paul Hastings prepared the Committee's Section 926 Procedures Motion, the motion to

approve the Commonwealth Stipulation, and the Derivative Standing Motion, as well as the

reply briefs in support of these pleadings, conducting legal research and analysis with respect to

issues raised therein.  In addition, Paul Hastings (working closely with counsel to the Oversight

Board and its Special Claims Committee where possible to avoid duplication) conducted legal

research and analysis in connection with bringing causes of action on behalf of the

Commonwealth.

(i)     Other Contested Matters (excl. assumption/rejections motions) (Task Code B190)
        Fees: $92,028.00               Total Hours:   101.80

59.     During the Application Period, Paul Hastings drafted the Committee's objection,

and conducted related legal research and analysis, in connection with the Assured Rule 2019

Motion.  An objection to this motion was critical given that the Assured Rule 2019 Motion

requested onerous and unnecessary disclosures from Committee members that would have

discouraged creditors, especially smaller businesses, from serving on the Committee.

Subsequent to the filing of the Committee's objection, the Court denied the Assured Rule 2019

Motion, but requiring the Committee's members that are unions to make certain additional disclosures (which they subsequently did).

      (j)    <u>General Litigation (Task Code B191)</u>
            Fees: $75,887.00         Total Hours:  77.50

60.     During the Application Period, Paul Hastings conducted research and analysis of legal issues in connection with potential claims against GDB personnel and others in connection with the emission of Puerto Rico bonds, including legal issues related to statutes of limitations, director and officer insurance policies, fiduciary obligations, damage theories, and procedural matters.   As part of this process, and among other tasks, Paul Hastings also communicated with the Committee's special litigation counsel, GJT, regarding issues in connection with bringing such claims.  Such discussions were necessary given that GJT would serve as the Committee's counsel to assert these types of claims in subsequent litigation against a number of financial institutions.

      (k)    <u>Non-Working Travel (Task Code B195) (billed at ½ rate)</u>
            Fees:  $20,745.00        Total Hours:  30.30

61.     During the Application Period, two Paul Hastings professionals traveled to and from San Juan, Puerto Rico, to attend the omnibus hearing held on April 24, 2019.  In addition, one Paul Hastings professional traveled to San Juan, Puerto Rico for a meeting held on February 6, 2019 with the senior management of Committee member SEIU, and one Paul Hastings professional traveled to New York to attend a meeting held on April 8, 2019 with counsel to the Oversight Board and its Special Claims Committee regarding avoidance actions.  In accordance with Local Rule 2016-2(d)(viii), Paul Hastings billed for one-half the total time that Paul Hastings professionals spent on non-working travel.

(l)     Tax Issues (Task Code B240)
        Fees: $17,714.50              Total Hours:   15.90

During the Application Period, considering the significant number of tax refund claims

within the general unsecured class and the uncertainty with respect to the Debtors' intended

treatment of such claims, Paul Hastings analyzed precedent, case law, and other authorities in

connection with the treatment of tax refund claims in municipal bankruptcy cases.

(m)     Claims Administration and Objections (Task Code B310)
        Fees:   $296,290.50          Total Hours:   300.70

62.     During the Application Period, Paul Hastings, with the assistance of Zolfo Cooper

and Prime Clerk, continued to analyze filed claims in order to better understand the size and

nature of the unsecured claims pool.  Indeed, in contrast to bondholders' claims, the unsecured

claims pool is comprised of hundreds of claims that are difficult to quantify because of they are

often based on pending litigation.  As part of this process, Paul Hastings also analyzed, with the

assistance of local counsel CST, the viability of certain litigation claims against the Debtors.

Paul Hastings also continued to communicate with counsel to the Oversight Board in an effort to

advance the implementation of an alternative dispute resolution ("ADR") process, including by

reviewing and commenting on draft ADR procedures proposed by the Oversight Board.  Further,

Paul Hastings continued to analyze complex issues related to the treatment of claims, including,

among others, the treatment of claims (which have been alleged by various creditor groups)

based on violations of the United States Constitution, including whether such claims are subject

to be discharged as part of a plan of adjustment.  This analysis required extensive research of

case law and review of bond documentation and related materials.  Paul Hastings also reviewed

the omnibus claims objection procedures (with respect to substantive claims objections)

proposed by the Oversight Board and the related forms of notice and prepared a limited objection

in which the Committee voiced its concerns with respect to the proposed procedures.

-28-

(n)     Plan and Disclosure Statement (including Business Plan) (Task Code B320)
        Fees: $ 206,249.50          Total Hours:   171.70

63.     During the Application Period, Paul Hastings continued to research and analyze

issues in connection with the potential treatment of certain types of unsecured claims under a

Commonwealth plan of adjustment, as well as the role of the creditors' committee in the

formulation of a plan pursuant to section 1103 of the Bankruptcy Code.   In addition, Paul

Hastings engaged in discussions with counsel to the Oversight Board and other parties with

respect to a potential Commonwealth plan and drafted a term sheet for use in such discussions to

illustrate the type of plan of adjustment that the Committee could support.  Further, Paul

Hastings prepared the Committee's pleadings opposing the proposed payment of fees incurred by

Bonistas del Patio's professionals (in connection with the COFINA plan of adjustment) using

Commonwealth funds.

## II.     Communications with Creditors (other than Committee Members) / Website (Matter ID 00004)

(a)     Meetings of and Communications with Creditors (Task Code B150)
        Fees:  $23,923.50          Total Hours:   27.00

64.     During the Application Period, Paul Hastings prepared and regularly updated,

with the assistance of Prime Clerk and Kroma, the Committee's websites regarding the Title III

Cases, including updates on hearings, recent Court orders, and other developments in the Title III

Cases.  In this regard, Paul Hastings also prepared and regularly updated the Spanish-language

sections of the websites.

65.     During the Application Period, Paul Hastings also worked with Kroma to draft

and distribute an informational email to unsecured creditors.  This email contained  links to the

Committee's website and case information and updates, including updates on the Committee's

and Oversight Board's omnibus objection challenging certain GO bond claims and the adversary

proceeding seeking recharacterization of "leases" with the PBA. The Committee's email communication effort, which began in November 2018, has largely been successful, with open-rates exceeding 30% for each update email distributed.

## III.    PREPA (Matter ID 00006)

66.      In addition to its regular duties representing the Committee with respect to the PREPA case, Paul Hastings advised the Committee in connection with a number of important PREPA matters arising during the Application Period. First, Paul Hastings advised the Committee in connection with its objection to the motion filed by PREPA's monoline insurers for relief from stay to appoint a receiver at PREPA (the "Receiver Motion").[28] In this regard, Paul Hastings handled various procedural and discovery matters and drafted the Committee's objection to the Receiver Motion, which was filed on March 27, 2019.[29] As detailed in this objection, the Committee submits that PREPA's $8.3 billion of outstanding bonds are nonrecourse and at most secured by approximately $33 million of net revenues deposited in certain funds created under the trust agreement governing PREPA's bonds—in other words, PREPA's bondholders are largely undersecured or not secured at all and have no lien on or recourse to PREPA's current or future revenues. The Committee's objection contains on extensive discussion of the rationale for the Committee's position, which involved analyzing complex issues under the Uniform Commercial Code, among other applicable laws.

67.      Second, Paul Hastings advised the Committee regarding the PREPA RSA by and among PREPA, AAFAF, the Oversight Board, the ad hoc group of PREPA bondholders, and Assured, which was executed on May 3, 2019, as well as the subsequent Rule 9019 settlement

---

[28]    Docket No. 975 in Case No. 17-4780 (LTS).

[29]    *See* Docket No. 1151 in Case No. 17-4780 (LTS).

motion for approval of the PREPA RSA filed by the Oversight Board and AAFAF on May 10, 2019.[30]  Paul Hastings' work in this regard began prior to the execution of the PREPA RSA, when Paul Hastings monitored the progress of negotiations between the parties (despite the fact that the Committee was excluded from these negotiations) by communicating with counsel to the Oversight Board and requesting and obtaining drafts of term sheets and certain related settlement documents.  Then, when the PREPA RSA was executed and made public, Paul Hastings dedicated significant time to analyzing this highly complex agreement—which proposes to resolve approximately $8.5 billion in non-recourse bond claims through the eventual payment of more than $20 billion in consideration over the course of the next 47 years—in order to advise the Committee with respect to the terms of the PREPA RSA and its impact on the future of PREPA.

68.     Paul Hastings also analyzed the Oversight Board and AAFAF's subsequent Rule 9019 settlement motion requesting the Court's approval of the PREPA RSA with respect to a potential objection thereto, conducted related legal research, and commenced the discovery process.  As a result of these efforts, shortly after the end of the Application Period, the Committee raised with the Court a number of important concerns regarding the PREPA RSA in connection with ensuring that appropriate fact discovery would take place prior to a hearing on the approval of the Rule 9019 motion.   Partly as a result of Paul Hastings' efforts, at the June 12, 2019 omnibus hearing, the Court required that the Oversight Board, AAFAF, and PREPA provide additional clarification as to the relief sought and submit supplemental briefing in support for the Rule 9019 motion.

---

[30]     *See* Docket No. 1235 in Case No. 17-4780 (LTS).

      (a)     <u>Case Administration (Task Code B110)</u>
            Fees:  $30,705.50       Total Hours:  90.70

69.      During the Application Period, Paul Hastings continued to review and analyze materials related to the PREPA Title III Case, including document production received from PREPA and certain of its creditors.

      (b)     <u>Relief from Stay/Adequate Protection Proceedings (Task Code B140)</u>
            Fees:  $548,319.00      Total Hours:  496.10

70.      During the Application Period, Paul Hastings prepared the Committee's objection to the Receiver Motion and conducted extensive legal research and analysis with respect thereto. Paul Hastings also reviewed documents produced in discovery in connection with the Receiver Motion and participated in related depositions.

71.      In addition, Paul Hastings reviewed and analyzed other motions for relief from stay filed against PREPA in order to evaluate their potential effect on the Title III Cases. Paul Hastings communicated with counsel to PREPA regarding such motions to ensure the appropriate response was being taken.

      (c)     <u>Court Hearings (Task Code B155)</u>
            Fees:  $14,840.50      Total Hours:  12.90

72.      During the Application Period, Paul Hastings attended the February 26, 2019 hearing in Boston on the Oversight Board's motion to compel discovery in connection with the PREPA bond insurer's Receiver Motion. In preparation for this hearing, Paul Hastings also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearing, and filed the requisite informative motion to be heard.

      (d)     <u>Avoidance Action Analysis (Task Code B180)</u>
            Fees:  $28,340.00      Total Hours:  23.60

73.      During the Application Period, Paul Hastings analyzed potential avoidance causes of action on behalf of PREPA, including those related to potential preferences. Paul Hastings

also communicated with counsel to the Oversight Board regarding the commencement and

prosecution of avoidance actions on behalf of PREPA and drafted a proposed stipulation

regarding the joint prosecution of PREPA causes of action.

      (e)      <u>Assumption/Rejection of Leases and Contracts (Task Code B185)</u>
               Fees:  $15,089.00        Total Hours:  12.20

      74.      During the Application Period, Paul Hastings reviewed PREPA's motion for

procedures in connection with the assumption of Power Purchase Operation Agreements

("<u>PPOA</u>"), as well as related documents, and communicated with the Oversight Board's counsel

in connection with such procedures.  Paul Hastings also reviewed a notice of assumption of

PPOA agreement filed at the end of the Application Period, in connection with obtaining

additional information regarding the PPOA and advising the Committee regarding whether to

object to assumption.

    (f)    <u>Non-Working Travel (Task Code B195)</u>
        Fees:  $7,215.00        Total Hours:   11.00

75.     During the Application Period, one Paul Hastings professional traveled to and

from Boston to attend the February 26, 2019 hearing in Boston on the Oversight Board's motion

to compel discovery in connection with the PREPA monoline insurer's Receiver Motion.  In

addition, one Paul Hastings professional traveled to and from New York to attend each of the

Receiver Motion depositions held on March 11, March 14, and March 19, 2019.  Further, one

Paul Hastings professional traveled to Chicago for the Receiver Motion deposition held on

March 18, 2019.  In accordance with Local Rule 2016-2(d)(viii), Paul Hastings billed for one-

half the total time that Paul Hastings professionals spent on non-working travel.

    (g)    <u>Security Document Analysis (Task Code B231)</u>
        Fees:  $16,110.00      Total Hours:   11.30

76.     During the Application period, Paul Hastings analyzed the PREPA trust

agreement and related documents in order to advise the Committee with respect to its position

regarding the validity and extent of the security interest allegedly held by PREPA's bondholders.

    (h)    <u>Meetings of and Communications with Debtors/Oversight Board (Task Code B260)</u>
        Fees:  $38,250.00      Total Hours:   30.10

77.     During the Application Period, Paul Hastings participated in regular PREPA

update calls and communicated with PREPA and the Oversight Board's professionals to request

documents and other information pertaining to, among other things, PREPA's integrated

resources plan process, contemplated restructuring and related negotiations, and other financial

information pertaining to PREPA.

    (i)    <u>Claims Administration and Objections  (Task Code B310)</u>
        Fees:  $67,298.00      Total Hours:   56.90

78.     During the Application Period, Paul Hastings continued to research and analyze

various issues related to the PREPA bond claims, including with respect to potential challenges

of such claims, as well as issues related to the claims of certain fuel line lenders. In addition, Paul Hastings prepared an objection to the PREPA bond claims and researched legal issues with respect to prosecution of such an objection.

(j)     Plan and Disclosure Statement (including Business Plan) (Task Code B320)
         Fees:   $11,427.50          Total Hours:   10.10

79.     During the Application Period, Paul Hastings analyzed PREPA plan and restructuring issues, including in connection with the treatment of PREPA bond claims and issues related to sections 544 and 1111 of the Bankruptcy Code.

(k)     Restructurings (Task Code B420)
         Fees:   $1,162,280.00       Total Hours:   1095.10

80.     During the Application period, Paul Hastings reviewed documents and analyzed legal issues in connection with the PREPA RSA. Prior to the execution of the PREPA RSA, Paul Hastings reviewed documentation from the restructuring negotiations taking place between the Oversight Board, AAFAF, and certain PREPA bondholders in order to understand in more detail the course of restructuring discussions (in which the Committee was not included), and the most heavily negotiated deal points. After the execution and publication of the PREPA RSA, Paul Hastings devoted considerable time analyzing the executed PREPA RSA, preparing materials to advise the Committee regarding key terms of the deal, researching relevant legal issues, and analyzing the Rule 9019 settlement motion filed on May 10, 2019. Paul Hastings also prepared for the litigation of the Rule 9019 settlement motion by, among other things, drafting discovery requests and scheduling proposals, reviewing produced documents, preparing subpoenas for depositions, conferring with counsel to the Oversight Board and other parties, and obtaining an expert witness. Further, Paul Hastings began drafting a motion to compel discovery, which was filed shortly after the end of the Application Period.

## IV.     HTA (Matter ID 00007)

81.     During the Application Period, Paul Hastings negotiated the HTA/ERS Stipulation and prepared, in conjunction with counsel to the Oversight Board, the adversary proceeding complaints challenging the alleged security interests in HTA revenues asserted by certain HTA bondholders and bond insurers.   In addition to this litigation, Paul Hastings also performed its other usual tasks in connection with representing the Committee with respect to HTA.

      (a)     <u>Court Hearings (Task Code B155)</u>
          Fees:   $14,610.00     Total Hours:   10.90

82.     During the Application Period, Paul Hastings attended the May 16, 2019 hearing in New York on the motion to approve the HTA/ERS Stipulation.  In preparation for this hearing, Paul Hastings also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearing, and filed the requisite informative motion to be heard.

      (b)     <u>Avoidance Actions (Task Code B180)</u>
          Fees:   $190,775.50     Total Hours:   170.30

83.     During the Application Period, Paul Hastings engaged in legal research and analysis to in connection with challenging the liens of HTA bondholders, negotiated the HTA/ERS Stipulation, and prepared the reply in support of the motion to approve the HTA/ERS Stipulation.  Paul Hastings also worked with counsel to the Oversight Board to draft the complaint in the HTA lien challenge litigation.

      (c)     <u>General Litigation (Task Code B191)</u>
          Fees:   $26,440.50     Total Hours:   28.30

84.     During the Application Period, Paul Hastings analyzed the First Circuit's decisions in the so-called "clawback" appeals, namely *Assured Guaranty Corp., et al. v. Oversight Board, et al.*, Nos. 18-1165 & 18-1166 (the "<u>Assured Appeal</u>") and *Ambac Assurance Corp., et al. v. Oversight Board*, et al., No. 18-1214 (the "<u>Ambac Appeal</u>").  Paul Hastings also

prepared the Committee's objection to the Oversight Board's tolling stipulation with respect to HTA causes of action and worked with counsel to the Oversight Board to formulate a revised tolling stipulation to resolve the Committee's objection.  Further, Paul Hastings drafted the motion to stay the HTA lien challenge litigation.

## V.      ERS (Matter ID 00008)

85.      During the Application Period, and as discussed further above, Paul Hastings negotiated the HTA/ERS Stipulation and worked with counsel to the Oversight Board and its Special Claims Committee to draft adversary proceeding complaints (a) seeking the clawback of payments on account of challenged ERS bonds and (b) challenging the liens of ERS bondholders.

86.      Paul Hastings also prepared the Committee's omnibus objection to the claims of ERS bondholders (the "ERS Bond Objection"),[31] in which it challenged over $3 billion of ERS bonds as invalid based on the theory they were issued *ultra vires*.  Paul Hastings also prepared the Committee's procedural motion in connection with the ERS Bond Objection.[32]

87.      In addition to the above Paul Hastings performed other tasks as part its representation of the Committee with respect to ERS, such as continuing its analysis of the retirement benefit claims of active employees, representing the Committee in connection with the motion for relief from stay filed by certain ERS bondholders, and preparing the Committee's objection to the motion filed by certain ERS bondholders to vacate the Committee's appointment with respect to ERS.

---

[31]   *See* Docket No. 381 in Case No. 17-3566 (LTS)

[32]   *See* Docket No. 386 in Case No. 17-3566 (LTS)

    (a)    <u>Case Administration (Task Code B110)</u>
           Fees:  $7,945.50        Total Hours:  25.20

88.     During the Application Period, Paul Hastings reviewed and analyzed materials related to the ERS Title III Case, including document production received in connection with the motion for relief from stay filed by certain ERS bondholders.

    (b)    <u>Relief from Stay/Adequate Protection Proceedings (Task Code B140)</u>
           Fees:  $77,120.00        Total Hours:  80.00

89.     During the Application Period, Paul Hastings conducted legal research and analysis with respect to the purported liens of ERS bondholders, negotiated a stipulation to participate in the litigation of the ERS bondholders' relief from stay motion, communicated with counsel to the Oversight Board, AAFAF, and the Retiree Committee regarding litigation and discovery matters, reviewed documents, and attended depositions.  Paul Hastings also prepared a statement in support of the Oversight Boards motion to compel discovery and an informative motion regarding scheduling and discovery.

    (c)    <u>Court Hearings (Task Code B155)</u>
           Fees:  $20,362.50        Total Hours:  18.40

90.     During the Application Period, Paul Hastings attended the April 1, 2019 and May 2, 2019 hearings in Boston on the discovery disputes in connection with the ERS bondholders' motion for relief from stay.  In preparation for these hearings, Paul Hastings also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite informative motions to be heard.

    (d)    <u>Avoidance Action Analysis (Task Code B180)</u>
           Fees:  $121,384.00      Total Hours:  106.70

91.     During the Application Period, Paul Hastings conducted research and analysis with respect to the ERS bondholders' motion for a trustee to be appointed in the ERS case under section 926 of the Bankruptcy Code (which motion was subsequently withdrawn by movants).

Paul Hastings also analyzed issues related to causes of action challenging the scope of liens asserted by ERS bondholders.

(e) <u>Other Contested Matters (excl. assumption/rejections motions) (Task Code B190)</u>
Fees: $62,340.00     Total Hours: 62.40

92. During the Application Period, Paul Hastings prepared the Committee's objection to the motion by certain ERS bondholders to vacate the Committee with respect to the ERS case, which motion was denied by the Court.

(f) <u>General Litigation (Task Code B191)</u>
Fees: $20,713.00     Total Hours: 18.80

93. During the Application Period, Paul Hastings provided comments to counsel of the Oversight Board regarding the complaints challenging the scope of liens asserted by ERS bondholders. Paul Hastings also prepared the motion to stay these adversary proceedings.

(g) <u>Non-Working Travel (Task Code B195)</u>
Fees: $6,120.00     Total Hours: 10.20

94. During the Application Period, one Paul Hastings professional traveled to and from Boston for each of the April 1, 2019 and May 2, 2019 hearings on the discovery disputes in connection with the ERS bondholders' motion for relief from stay. In addition, one Paul Hastings professional travelled to and from San Juan, Puerto Rico, for depositions held on May 29, 30, and 31 also related to the ERS bondholders' motion for relief from stay. In accordance with Local Rule 2016-2(d)(viii), Paul Hastings billed for one-half the total time that Paul Hastings professionals spent on non-working travel.

(h) <u>Employee Benefits/Pensions (Task Code B220)</u>
Fees: $272,749.50     Total Hours: 312.50

95. During the Application Period, Paul Hastings continued to analyze the magnitude and nature of retiree benefit claims held by active government employees. Among other things, Paul Hastings analyzed the key statutes establishing the Puerto Rico public pension system,

conducted extensive legal research and analysis regarding treatment and classification of

retirement benefit claims in bankruptcy cases, and drafted legal memoranda with respect thereto.

In addition Paul Hastings communicated with labor unions representing Commonwealth

employees regarding pension issues.

      (i)      <u>Claims Administration and Objections (Task Code B310)</u>
             Fees:  $759,530.50       Total Hours:   680.90

96.      During the Application Period, Paul Hastings prepared the Committee's ERS

Bond Objection, which included conducting extensive legal research and analysis in connection

with same, as well as prepared detailed written internal memoranda regarding related legal

issues.  Among other tasks, Paul Hastings also drafted the Committee's procedural motion with

respect to the ERS Bond Objection, made revisions to such procedures, and reviewed the ERS

bond objection filed by the Official Committee of Retired Employees.  In addition, Paul Hastings

had extensive interactions with professionals for the Retiree Committee and the Oversight Board

regarding the ERS Bond Objection.

## VI.   Other Adversary Proceedings (Matter ID 00009)[33]

      (a)     <u>Pleadings Review (Task Code B113)</u>
             Fees:  $4,620.00        Total Hours:   6.40

97.      During the Application Period, Paul Hastings reviewed the pleadings filed and

orders entered in various adversary proceedings related to the Title III Cases generally as well as

relevant non-Title III litigation and appeals.  In order to track deadlines, organize documents, and

notify the Committee of upcoming matters, Paul Hastings reviewed these dockets to maintain its

litigation tracking charts.  In addition, Paul Hastings prepared summaries for the Committee of

the various key pleadings filed.

---

[33]   To the extent practicable, Paul Hastings tracked work in respect of PREPA-related adversary proceedings under
Matter ID 00006, HTA-related adversary proceedings under Matter ID 00007, and ERS-related adversary
proceedings under Matter ID 00008.

      (b)     <u>General Litigation (Task Code B191)</u>
           Fees:   $86,529.00        Total Hours:   83.10

98.     During the Application Period, Paul Hastings monitored the progress of a number of adversary proceedings and related matters, advising the Committee as appropriate.  In addition, Paul Hastings analyzed and advised the Committee regarding the First Circuit's Appointments Clause decision, the Oversight Board's request for a stay of the First Circuit's mandate with respect thereto, and related matters.

## VII.   Mediation (Matter ID 00010)

      (a)     <u>General Litigation (Task Code B191)</u>
           Fees:   $11,723.00        Total Hours:   9.60

99.     At the beginning of the Application Period, Paul Hasting, in its role as counsel to the Commonwealth Agent in connection with the Commonwealth COFINA Dispute, reviewed documents in connection with the Court's order approving the COFINA plan of adjustment in order to advise the Committee with respect to same.  Paul Hastings also communicated with counsel to the COFINA Agent regarding the dismissal by stipulation of the Commonwealth-COFINA Dispute adversary proceeding.[34]

## VIII.   GO Bond Debt Issues (Matter ID 00011)

100.     During the Application Period, Paul Hastings handled numerous important matters related to the GO bonds.  First, and as also discussed above, Paul Hastings negotiated the Commonwealth Stipulation and worked with counsel to the Oversight Board and its Special Claims Committee to draft adversary complaints (a) seeking the clawback of payments in connection with challenged GO bonds and (b) contesting the lien alleged by certain GO bondholders.

---

[34]   Capitalized terms in this paragraph have the meaning ascribed to them in the COFINA-Commonwealth Stipulation at Docket No. 996 in Case No. 17-3283 (LTS),

101.     In addition, during the Application Period, Paul Hastings continued its efforts to prosecute the 2012-2014 GO Objection[35] challenging the validity of over $6 billion of Commonwealth Bonds.  As part of this effort, Paul Hastings formulated revised procedures to govern the 2012-2014 GO Objection and oversaw a comprehensive noticing process in connection with the filing of the 2012-2014 GO Objection.  In addition, Paul Hastings received and processed "Notice of Participation" forms from over 1,700 parties with respect to such parties' intent to participate in the 2012-2014 GO Objection.

102.     Paul Hastings also prepared the Committee's additional omnibus objection,[36] filed in May 2019, to approximately $1 billion of GO bonds issued in 2011 (the "2011 GO Objection," and, together with the 2012-2014 GO Objection, the "GO Objections").  The 2011 GO Objection asserts that the 2011 GO bonds, like the 2012-2014 GO bonds, were issued in violation of the limit on debt service contained in the Commonwealth Constitution and in violation of the Commonwealth Constitution's balanced budget clause, which prohibits deficit financing.  As part of this project, Paul Hastings also drafted the Committee's procedural motion[37] in connection with the 2011 GO Objection, which, among other things, requested that the 2012-2014 GO Objection and 2011 GO Objection be consolidated.   Paul Hastings further handled a variety of other matters in connection with the GO Objections, including objections to the Committee's 2012-2014 GO Objection procedural motion and the Committee's response to the "Conditional Objection"[38] and the related procedural motion filed by the Ad Hoc Group of

---

[35]   *See* Docket No. 4784 in Case No. 17-3283 (LTS).

[36]   *See* Docket No. 7057 in Case No. 17-3283 (LTS).

[37]   *See* Docket No. 7154 in Case No. 17-3283 (LTS).

[38]   *See* Docket No. 6181 in Case No. 17-3283 (LTS).

GO Bondholders, which sought legal rulings with respect to the application of the constitutional

debt limit to as-yet unchallenged issuances of Puerto Rico debt, among other things.

    (a)    <u>Case Administration  (Task Code B110)</u>
           Fees:   $3,306.00        Total Hours:   7.10

103.    During the Application Period, Paul Hastings handled various case administrative

matters related to the GO bond issues, including filing and serving pleadings in connection with

the 2012-2014 GO Objection and preparing related affidavits of service and publication.

    (b)    <u>General Creditor Inquiries  (Task Code B112)</u>
           Fees:   $33,968.50      Total Hours:   36.50

104.    During the Application Period, Paul Hastings responded to numerous creditor

inquiries with respect to the 2012-2014 GO Objection, which was broadly noticed to thousands

of individual bondholders.  Many of these bondholders reached out to Paul Hastings with respect

to the filing of Notices of Participation or with other questions related to the GO Objections.

    (c)    <u>Court Hearings  (Task Code B155)</u>
           Fees:   $11,705.00      Total Hours:   10.10

105.    Paul Hastings prepared for its attendance at the April 24, 2019 omnibus hearing in

San Juan, Puerto Rico, at which hearing Paul Hastings handled, among other things, the

Committee's response to the Conditional Objection filed by the Ad Hoc Group of GO

Bondholders.[39]

    (d)    <u>Avoidance Actions  (Task Code B180)</u>
           Fees:   $364,332.50     Total Hours:   343.90

106.    During the Application Period, Paul Hastings worked with counsel to the

Oversight Board and its Special Claims Committee to prepare the adversary proceeding

complaints seeking the clawback of funds paid on account of challenged GO bonds and seeking

---

[39]    Paul Hastings' hearing attendance at the April 24, 2019 hearing was billed to Matter ID 00002, while certain
preparation for the hearing related to GO bond issues was billed to Matter ID 00011.

to avoid the alleged liens asserted by certain GO bondholders, conducting extensive legal
research and analysis with respect to GO bond issues.

     (e)     <u>General Litigation  (Task Code B191)</u>
               Fees:   $41,559.50        Total Hours:   38.20

107.    During the Application Period, Paul Hastings worked with counsel to the
Oversight Board and its Special Claims Committee to perform a number of tasks related to the
management of the adversary proceedings related to GO bonds filed pursuant to the
Commonwealth Stipulation.  Among other things, Paul Hastings prepared the motion to stay
such adversary proceedings, reviewed objections to the stay motion, and drafted a motion to
dismiss certain defendants.

     (f)     <u>Claims Administration and Objections  (Task Code B310)</u>
               Fees:   $611,745.00      Total Hours:   799.80

108.    During the Application Period, Paul Hastings devoted considerable efforts to
managing the procedures in connection with the 2012-2014 GO Objection by, among other
things, drafting revised objection procedures based on comments from the Court and
consultation with other parties (which were approved by Court order on February 15, 2019[40]),
overseeing the notification process designed to inform thousands of bondholders regarding the
2012-2014 GO Objection, and processing Notices of Participation received from over 1,700
parties.  Paul Hastings also handled related matters, such as the Committee's response to the
Conditional Objection filed by certain GO bondholders seeking to obtain legal rulings with
respect to as-yet unchallenged series of Puerto Rico bonds.

109.    In addition, Paul Hastings prepared the Committee's 2011 GO Objection.  In this
regard, among other things, Paul Hastings conducted related research and analysis, including
regarding the calculation of the Commonwealth debt limit.  Paul Hastings also drafted a

---

[40]   *See* Docket No. 5143 in Case No. 17-3283 (LTS).

procedural motion in connection with the 2011 GO Objection seeking to consolidate litigation of the 2011 GO Objection with litigation of the 2012-2014 GO Objection.  Unlike the 2012-2014 GO Objection (which was filed jointly by the Oversight Board and the Committee), the 2011 GO Objection was filed only by the Committee.

**IX.     Creditors Committee Meetings (Matter ID 00012)**

    (a)    <u>Meetings of and Communications with Creditors (Task Code B150)</u>
            Fees:   $174,879.50          Total Hours:   154.20

110.     During the Application Period, Paul Hastings continued to hold regular telephonic conferences with the Committee to provide the Committee with updates on the progress of the Title III Cases as well as to discuss case strategy and next steps.  In preparation for these telephonic conferences, Paul Hastings (a) reviewed relevant pleadings filed in the Title III Cases and related adversary proceedings, (b) prepared presentations for these meetings, and (c) prepared proposed agenda letters for the Committee's consideration.

111.     Furthermore, and in addition to regular telephonic conferences, the Committee also held an in-person Committee meeting in San Juan, Puerto Rico, on May 17, 2019, during which meeting Paul Hastings gave comprehensive presentations regarding a range of legal issues in the Title III Cases.  Only one Paul Hastings attorney attended the in-person meeting.  Paul Hastings prepared detailed PowerPoint presentations of critical and/or strategic issues for the Committee to review in connection with Committee meetings.  Finally, Paul Hastings also prepared minutes of the Committee meetings.

    (b)    <u>Non-Working Travel  (Task Code B195) (billed at ½ rate)</u>
            Fees:   $6,225.00          Total Hours:   8.30

112.     During the Application Period, one Paul Hastings professional travelled to and from San Juan, Puerto Rico for an in-person Committee meeting held on May 17, 2019.  In

accordance with Local Rule 2016-2(d)(viii), Paul Hastings billed for one-half the total time that

Paul Hastings professionals spent on non-working travel.

### X.       Rule 2004 Investigations (Matter ID 00013)

(a)      Case Administration (Task Code B110)
Fees:   $12,425.00          Total Hours:   37.30

113.      During the Application Period, Paul Hastings continued to process the discovery

received from counsel to AAFAF and other parties.

(b)      Avoidance Action Analysis (Task Code B180)
Fees:   $15,175.00          Total Hours:   13.10

114.      During the Application Period, Paul Hastings (with the assistance of the

Committee's other advisors) continued to analyze the documents produced to the Committee by

AAFAF pursuant to the Court's order [Docket No. 4484], entered prior to the Application

Period, granting the Committee's Rule 2004 motion with respect to the prepetition transfers of

property in the two years immediately preceding the dates on which the Debtors commenced the

Title III cases.

(c)      General Litigation (Task Code B191)
Fees:   $5,394.00          Total Hours:   6.70

115.      During the Application Period, Paul Hastings processed discovery received from

counsel to the Oversight Board and other parties in connection with the Committee's litigation

on behalf of the Debtors and handled transition issues with respect to the Committee's Retention

of GJT as special litigation counsel.

(d)      Investigations (Task Code B261)
Fees:   $41,550.00          Total Hours:   41.30

116.      During the Application Period, Paul Hastings continued to handle the

Committee's efforts to obtain documentation pursuant to the "exit plan" procedures for resolving

confidentiality disputes in connection with the Final Report filed by Kobre & Kim.  Paul

Hastings engaged in discussions with counsel to AAFAF/GDB, the Oversight Board, and other

parties regarding privilege and related discovery issues, reviewed documents, and conducted

legal analysis with respect to discovery issues.  Paul Hastings also drafted a motion to compel

production from AAFAF/GDB and related motion to expedite given certain issues that arose in

connection with document production from AAFAF/GDB, although the Committee ultimately

determined, after further discussions with counsel to AAFAF/GDB, that such a motion was not

necessary.  A similar issue arose in the previous application period which, like this one, was

resolved without the need to file a motion.

## XI.   Constitutional Issues (Matter ID 00014)

(a)   General Litigation (Task Code B191)
Fees:  $119,134.50      Total Hours:   106.70

117.   During the Application Period, Paul Hastings continued to represent the

Committee in connection with the Appointments Clause appeals.  As part of its efforts, Paul

Hastings analyzed the First Circuit's February 15, 2019 Appointments Clause decision in order

to advise the Committee next steps.  Paul Hastings also advised the Committee with respect to its

response to the Oversight Board's request for a stay of the First Circuit mandate and the

Committee's response thereto, and prepared the Committee's petition for certiorari before the

Supreme Court of the United States and the Committee's request to expedite consideration

thereof.  Further, Paul Hastings analyzed issues related to the *de facto* officer doctrine,

specifically the risk that the Oversight Board's actions after the issuance of the First Circuit's

Appointments Clause decision could be rendered invalid.  During all of the foregoing, Paul

Hastings communicated regularly with counsel to the Oversight Board in an effort to coordinate

their efforts and minimize duplication.

## XII.   PREPA Privatization (Matter ID 00016)

(a)   Restructurings  (Task Code B420)
Fees:   $22,902.50          Total Hours:   19.40

118.   During the Application Period, Paul Hastings continued to review documents in

connection with PREPA's transformation process and certain related privatization transactions,

and communicated with Zolfo Cooper regarding these matters.

## XIII.   PBA (Matter ID 00017)

(a)   General Litigation  (Task Code B191)
Fees:   $370,084.50          Total Hours:   369.70

119.   During the Application Period, Paul Hastings continued to perform extensive

work with respect to the PBA Adversary Proceeding challenging PBA "leases" as disguised

financing arrangements.  As part of its efforts, Paul Hastings prepared the Committee's and

Oversight Board's joint limited objection to the motions to intervene filed by certain parties,

analyzed and prepared joint responses to answers and counterclaims, and engaged in legal

research and analysis with respect to "true lease" issues and other matters pertinent to the PBA

leases and structure.  In addition, Paul Hastings analyzed and prepared the joint objection to the

motion for judgment on the pleadings filed by certain defendants.   Further, Paul Hastings

engaged in extensive discussions with counsel to the Oversight Board with respect to case

strategy, as well as conferences with other parties in connection to scheduling and other

procedural matters

## XIV.   GDB (Matter ID 00018)

(d)   Claims Administration and Objections (Task Code B310)
Fees:   $31,533.50          Total Hours:   28.60

120.   During the Application Period, Paul Hastings revised its draft objection to the

proof of claim filed by GDB against the Commonwealth, negotiated and prepared a tolling

agreement with AAFAF and GDB counsel with respect thereto and conducted related legal

analysis.  This was done in accordance with the stipulation that resolved the Committee's objections to the GDB restructuring,[41] which stipulation preserved the Committee's right to challenge GDB's proof of claim against the Commonwealth.

**XV.     Puerto Rico Lobbying Related Work (Matter ID 00019)**

> (a)     Case Administration (Task Code B110)
> Fees:   $9,630.00          Total Hours:   7.90

121.     During the Application Period, a Paul Hastings attorney based in Paul Hastings' Washington, D.C. office was consulted to provide advice in connection with a congressional hearing on PROMESA and the PREPA transformation.

* * *

122.     The foregoing professional services were necessary and appropriate to the administration of the Title III Cases and were in the best interests of the Committee, the Debtors, the creditors, and other parties in interest.

## ATTENDANCE AT HEARINGS

123.     In accordance with the presumptions set forth in the *Order on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* [Docket No. 3932] (the "Presumptive Standards Order"), Paul Hastings provides the following summary regarding the attendance of Paul Hastings professionals at Court hearings:[42]

- February 26, 2019: The February 26, 2019 hearing on the Oversight Board's motion to compel discovery from PREPA's bond insurers was attended only by Mr. Despins (speaking role), with Mr. Bongartz attending by telephone.  Their

---

[41]     *See* Docket No. 185 in Case No. 18-1561 (LTS).

[42]     Among other things, the Presumptive Standards Order provides that "[f]or attendance at hearings in which a professional anticipates a speaking role, fees and expenses incurred for attendance by timekeepers other than those with meaningful speaking roles (plus one additional timekeeper per speaker) are not compensable."

attendance complies with the presumptive standards set forth in the Presumptive
Standards Order.

- <u>March 13, 2019:</u> The March 13, 2019 omnibus hearing was attended only by Mr.
  Despins (speaking role), with Mr. Bongartz and Mr. Comerford (for a portion of
  the hearing) attending by telephone.  The omnibus hearing included an important
  status conference regarding recent developments in the Title III Cases, in which
  Mr. Despins discussed, among other things, issues related to the claims resolution
  process, the need for alternative dispute resolution procedures, and the then-
  ongoing negotiations regarding the PREPA restructuring.  Therefore, Paul
  Hastings submits that the attendance of an additional attorney on the phone for a
  portion of the hearing (Mr. Comerford) who is extensively involved in the process
  of claims objections, the alternative dispute resolution issues, and the PREPA
  restructuring is reasonable under the circumstances.

- <u>April 1, 2019:</u> The April 1, 2019 hearing on discovery disputes related to the ERS
  bondholders' motion for relief from stay was attended only by Mr. Bassett
  (speaking role), with Mr. Bongartz attending by telephone.  Their attendance
  complies with the presumptive standards set forth in the Presumptive Standards
  Order.

- <u>April 18, 2019:</u> The April 18, 2019 omnibus hearing on the Commonwealth
  Stipulation was attended only by Mr. Despins (speaking role) and Mr. Bongartz.
  Their attendance complies with the presumptive standards set forth in the
  Presumptive Standards Order.

- <u>April 24, 2019:</u> The April 24, 2019 omnibus hearing was attended by Mr. Despins
  (speaking role) and Mr. Bongartz, with Mr. Bliss, Ms. Goldstein, and Mr. Bassett
  attending portions of the hearing by telephone.  At this omnibus hearing, the
  Court heard argument on a number of contested motions of critical importance to
  the Committee, including the motion to approve the Commonwealth Stipulation,
  the Committee's Derivative Standing Motion, the motion of certain GO creditors
  for procedures in connection with a "Conditional Objection" to certain as-yet
  unchallenged bonds, and the motion of a *pro se* bondholder for the appointment of
  an official bondholders' committee.  In addition, the Committee's motion to
  establish procedures regarding the ERS Bond Objection was on the Courts'
  agenda, though the motion was adjourned at the hearing.  Given the significance
  of these matters, Paul Hastings invested substantial time and resources in
  preparing its arguments for the hearing, and submits that the attendance of two
  attorneys at the hearing, with three additional attorneys —all of whom worked
  extensively on preparing the Committee's pleadings—attending portions of the
  hearing by telephone is reasonable under the circumstances.

- <u>May 2, 2019:</u> The May 2, 2019 hearing on discovery disputes related to the ERS
  bondholders' motion for relief from stay was attended only by Mr. Bassett
  (speaking role), with Mr. Maza (for a portion of the hearing) attending by

telephone.  Their attendance complies with the presumptive standards set forth in the Presumptive Standards Order.

- <u>May 16, 2019</u>: The May 16, 2019 hearing on the HTA/ERS Stipulation was attended only by Mr. Despins (speaking role) and Mr. Bongartz.  Their attendance complies with the presumptive standards set forth in the Presumptive Standards Order.

### **REPORT ON CO-PLAINTIFF ADVERSARY PROCEEDINGS**

124.     As requested by the Fee Examiner, we set forth below the status of the various co-plaintiff adversary proceedings jointly commenced by the Oversight Board or its Special Claims Committee, on the one hand, and the Committee, on the other hand, pursuant to stipulations for the joint prosecution of causes of action, *i.e.*, the Commonwealth Stipulation and the HTA/ERS Stipulation.

- <u>Adversary Proceeding Against Underwriters, etc.</u>:  GJB, the Committee's special litigation counsel, represents the Committee with respect to the adversary proceeding against various underwriters and other parties involved in the issuance of Commonwealth bonds [Adv. Proc. No. 19-280].  Paul Hastings has no involvement in this adversary proceeding.

- <u>Garden-Variety Avoidance Actions</u>:  CST, the Committee's local counsel, represents the Committee with respect to the "garden-variety" avoidance actions [Adv. Proc. Nos. 19-041 to 19-279, and Adv. Proc. Nos. 19-347 to 19-354].  Paul Hastings' involvement in these avoidance actions is limited to reviewing and commenting on draft forms of pleadings or "case management" pleadings, and providing high-level oversight and direction with respect to these adversary proceedings.[43]

- <u>Currently Stayed Co-Plaintiff Adversary Proceedings</u>: By orders dated June 13, 2019, the Court stayed, until September 1, 2019, the following co-plaintiff adversary proceedings:

    o   Eight adversary proceedings seeking to recover fraudulent transfers made on account of GO bonds that were not validly issued [Adv. Proc. No. 19-281, Adv. Proc. No. 19-282, Adv. Proc. No. 19-283, Adv. Proc. No. 19-

---

[43]   We also note that, on July 12, 2019, the Court approved certain procedures establishing a framework for streamlined execution of settlement agreements and procedures and guidelines for resolving the avoidance actions through a voluntary mediation process.  In light of these procedures, Paul Hastings anticipates that its work with respect to garden-variety avoidance actions will be even further reduced.

284, Adv. Proc. No. 19-285, Adv. Proc. No. 19-286, Adv. Proc. No. 19-287, and Adv. Proc. No. 19-288];

o   Seven adversary proceedings challenging liens asserted by certain holders of GO bonds [Adv. Proc. No. 19-291, Adv. Proc. No. 19-292, Adv. Proc. No. 19-293, Adv. Proc. No. 19-294, Adv. Proc. No. 19-295, Adv. Proc. No. 19-296, and Adv. Proc. No. 19-297];

o   Seven adversary proceedings seeking to recover fraudulent transfers made on account of ERS bonds that were not validly issued [Adv. Proc. No. 19-355, Adv. Proc. No. 19-356, Adv. Proc. No. 19-357, Adv. Proc. No. 19-358, Adv. Proc. No. 19-359, Adv. Proc. No. 19-360, and Adv. Proc. No. 19-361]; and

o   Four adversary proceedings challenging liens asserted by certain holders of HTA bonds [Adv. Proc. No. 19-362, Adv. Proc. No. 19-363, Adv. Proc. No. 19-364, and Adv. Proc. No. 19-365].

In light of the stay orders, Paul Hastings does not expect to expend any significant time on these adversary proceedings, other than minor administrative and/or procedural work.

•   ERS Lien Adversary Proceedings: Proskauer Rose LLP, counsel for the Oversight Board, has primary responsibility for the adversary proceedings seeking declarations on the scope of the liens purportedly securing the ERS bonds [Adv. Proc. No. 19-366 and Adv. Proc. No. 19-367].

## ACTUAL AND NECESSARY DISBURSEMENTS

125.   As set forth in Exhibit D-2 hereto, Paul Hastings disbursed $182,540.62 as expenses incurred in providing professional services during the Application Period.  Because Paul Hastings believes that online legal research (e.g., LEXIS and WESTLAW) is far more cost-efficient than manual research using hard-bound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.

126.   The time constraints imposed by the circumstances of the matters handled by Paul Hastings during the Application Period required its attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf of the Committee.  These extraordinary services were essential to meet deadlines, timely respond

to inquiries on a daily basis, and satisfy the Committee's needs and demands.  Attorneys and

other Paul Hastings employees who worked late in the evenings or on weekends were

reimbursed for their reasonable meal and transportation costs in accordance with the Local Rules

and firm policy.  Paul Hastings' regular practice is not to include components for those charges

in overhead when establishing billing rates, but rather to charge its clients for these and all other

out-of-pocket disbursements incurred during the regular course of the provision of legal services.

127.    Paul Hastings believes the rates for charges incurred are the market rates that the

majority of law firms charge clients for such services.  In addition, Paul Hastings believes that

such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set

forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for

disbursements and other charges.

## REQUESTED COMPENSATION SHOULD BE ALLOWED

128.    Section 316 of PROMESA provides for the compensation of professionals.

Specifically, section 316 provides that a court may award a professional employed by a

committee under section 1103 of the Bankruptcy Code "reasonable compensation for actual,

necessary services rendered . . . and reimbursement for actual, necessary expenses."  PROMESA

§ 316(a).  Section 316 also sets forth the criteria for the award of such compensation and

reimbursement:

> (a)    In determining the amount of reasonable compensation to be awarded
> to a professional person, the court shall consider the nature, the extent,
> and the value of such services, taking into account all relevant factors,
> including:
>
> > (i)    the time spent on such services;
> >
> > (ii)    the rates charged for such services;

      (iii)     whether the services were necessary to the administration of, or
beneficial at the time at which the service was rendered toward
the completion of, a case under this chapter;

      (iv)     whether the services were performed within a reasonable amount of time
commensurate with the complexity, importance, and nature of the
problem, issue, or task addressed;

      (v)     with respect to a professional person, whether the person is
board certified or otherwise has demonstrated skill and
experience in the restructuring field; and

      (vi)     whether the compensation is reasonable based on the customary
compensation charged by comparably skilled practitioners in
cases other than cases under this title or title 11, United States
Code.

PROMESA § 316(c).  Further, section 317 of PROMESA provides that "a committee . . . may

apply to the court not more than once every 120 days . . . for such compensation for services

rendered . . . ."

129.    In the instant case, Paul Hastings respectfully submits that the services for which

it seeks compensation in this Application were, at the time rendered, believed to be necessary for

and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to

protect, preserve, and maximize value for unsecured creditors during the pendency of the

Title III Cases.  The services rendered to the Committee were performed in an economic,

effective, and efficient manner commensurate with the complexity and importance of the issues

involved.  The results obtained to date have benefited not only the Committee but also the

Debtors, their stakeholders, and other interested parties.  Accordingly, the compensation

requested herein is reasonable in light of the nature, extent, and value of such services to the

Committee, the Debtors, and all parties in interest.

130.    The work conducted was carefully assigned to appropriate professionals or

paraprofessionals according to the experience and level of expertise required for each particular

task.  Whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments.  A small group of the same Paul Hastings attorneys was utilized for the vast majority of the work in order to minimize the costs of intra-Paul Hastings communication and education about the Title III Cases.  As demonstrated by this Application, Paul Hastings spent its time economically and without unnecessary duplication.  Accordingly, approval of the compensation sought herein is warranted.

## NOTICE

131.    In accordance with the Interim Compensation Order, Paul Hastings will provide notice of this Application to (i) the attorneys for the Oversight Board, Proskauer Rose LLP and O'Neill & Borges LLC; (ii) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP and Marini Pietrantoni Muñiz LLC; (iii) the Office of the United States Trustee for the District of Puerto Rico; (iv) the attorneys for the Official Committee of Retired Employees, Jenner & Block LLP and Bennazar, García & Milián, C.S.P.; (v) the Puerto Rico Department of Treasury; (vi) the Fee Examiner, Brady Williamson; and (vii) counsel to the Fee Examiner, Godfrey & Kahn, S.C. and EDGE Legal Strategies, PSC. In addition, the notice of hearing with respect to this Application will be served on all parties that have filed a notice of appearance in the Title III Cases.

*[Remainder of page intentionally left blank.]*

-55-

## **CONCLUSION**

WHEREFORE, Paul Hastings respectfully requests entry of an order, substantially in the

form attached hereto as Schedule 3, (i) allowing interim compensation for professional services

rendered during the Application Period in the amount of $8,183,931.00, representing 100% of

the fees billed during the Application Period, and reimbursement of $182,540.62, representing

100% of the actual and necessary expenses incurred during the Application Period,

(ii) authorizing and directing the Debtors' payment of the difference between the sum of 80% of

the fees allowed plus 100% of the expenses allowed and the amounts previously paid by the

Debtors pursuant to the Interim Compensation Order, (iii) allowing such compensation and

payment for professional services rendered and reimbursement of actual and necessary expenses

incurred be without prejudice to Paul Hastings' right to seek such further compensation and/or

payment for the full value of services performed and expenses incurred, and (iv) granting

Paul Hastings such other and further relief as is just.

Dated: July 15, 2019

                       */s/ Luc A. Despins*

                       PAUL HASTINGS LLP
                       Luc A. Despins, Esq. (Pro Hac Vice)
                       James R. Bliss, Esq. (Pro Hac Vice)
                       Nicholas A. Bassett, Esq. (Pro Hac Vice)
                       G. Alexander Bongartz, Esq. (Pro Hac Vice)
                       200 Park Avenue
                       New York, New York 10166
                       Telephone:  (212) 318-6000
                       lucdespins@paulhastings.com
                       jamesbliss@paulhastings.com
                       nicholasbassett@paulhastings.com
                       alexbongartz@paulhastings.com

                       *Counsel to the Official Committee of Unsecured
                       Creditors*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

--------------------------------------------------------------------- x

|  |  |  |
|---|---|---|
| In re: | : |  |
|  | : |  |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
|  | : |  |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
|  | : |  |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : | (Jointly Administered) |
|  | : |  |
| Debtors.[1] | : |  |

--------------------------------------------------------------------- x

## DECLARATION OF LUC A. DESPINS IN SUPPORT OF SIXTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM FEBRUARY 1, 2019 <u>THROUGH MAY 31, 2019</u>

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), I, Luc A. Despins, declare that the following is true to the best of my knowledge, information, and belief:

1.     I am an attorney admitted and in good standing to practice in the State of New York.  I am a partner with the law firm of Paul Hastings LLP ("<u>Paul Hastings</u>"), located at, among other offices worldwide, 200 Park Avenue, New York, New York 10166, and am duly authorized to make this Declaration on behalf of Paul Hastings.  I make this Declaration in

---

[1]     The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

support of the *Sixth Interim Application of Paul Hastings LLP, Counsel to Official Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for the Period from February 1, 2019 through May 31, 2019* (the "Application").[2]

2.      The facts set forth in this Declaration are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.

3.      I hereby certify that I have read the Application and, to the best of my knowledge, information, and belief, formed after reasonable inquiry, (a) the compensation and reimbursement of expenses sought in the Application conform with the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local Rules, and (b) the compensation and reimbursement of expenses are billed at rates no less favorable to the Debtors than those customarily employed by Paul Hastings generally.

4.      Paul Hastings provides the following response to the request for information set forth in the U.S. Trustee Guidelines:

Question:    Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Application Period?

Response:    Yes.  As a courtesy to the Committee and based on circumstances unique to the Title III Cases, during the Application Period, Paul Hastings agreed to the following voluntary reductions / write-offs:

Paul Hastings waived fees totaling $38,720.00, as follows:

(i)      For services rendered during the Application Period, we reduced the hourly rate of G. Alexander Bongartz from $1,250.00 to $1,200.00, resulting in a reduction of $38,740.00 in fees.

In addition, Paul Hastings waived expenses totaling $2,883.60, as follows:

---

[2]      Capitalized terms used but not defined herein have the meanings set forth in the Application.

(i)     We waived all charges with respect to late-work, in-office meals (even though the Fee Examiner guidelines permit in-office meal charges of up to $20.00 per meal).  At a $20.00 cap per meal, this translates into a total write-off of $1,136.94;

(ii)    We capped car service charges at $100.00 resulting in a write-off of $472.72;

(iii)   We reduced all lodging charges in San Juan, Puerto Rico to $250 per night (even though the Fee Examiner's guidelines permit lodging charges in Puerto Rico of up to $300 per night), lodging charges in Boston, Massachusetts to $350 per night, and lodging charges in Washington, D.C., to $500 per night, resulting in a write-off of $50.00; and

(iv)    To comply with Local Rule 2016-1(b)(1), we reduced color photocopy charges by 50% from 50 cents per page to 25 cents per page (even though the Fee Examiner's guidelines permit color photocopy charges of 50 cents per page), resulting in a write-off of $1,220.25.

The aggregate amount of the foregoing reductions/write-offs is $41,603.60.

Question:     If the fees sought in this application as compared to the fees budgeted for the Application Period are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:     Not applicable.

Question:     Have any of the professionals included in this application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:     No.

Question:     Does the application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

Response:     The Application includes approximately 29.4 hours and associated fees of approximately $35,280.00 related to preparing, reviewing, and revising Paul Hastings' fee statements.

-3-

Question:      Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:      No.

Question:      If the application includes any rate increases since retention:  (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458?

Response:      As is customary, Paul Hastings adjusts its hourly rates periodically based upon (i) the advancing seniority of its professionals and paraprofessionals, (ii) the current market for legal services, (iii) the rates charged for comparable non-bankruptcy services, and (iv) the firm's analysis of the hourly rates being charged by professionals in other law firms.  Effective January 1, 2019, with the Committee's approval, Paul Hastings adjusted its hourly rates in accordance with the Retention Order, the Retention Application, and the *Declaration of Mark Richard* in support of the Retention Application.

5.      I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 15th day of July, 2019

                                                   */s/  Luc A. Despins*_____
                                                   Luc A. Despins