# **EXHIBIT C**

# **BUDGET AND STAFFING PLAN**

# EXHIBIT C-1

# BUDGET

**Period Covered:** February 1, 2019 through February 28, 2019[1]

| U.S. Trustee Task Code and Project Category | Estimated Hours for Period 2/1/19 through 2/28/19 |
|---|---|
| B110 Case Administration | 200 |
| B112 General Creditor Inquiries | 10 |
| B113 Pleadings Review | 50 |
| B120 Asset Analysis and Recovery | 5 |
| B130 Asset Disposition | 5 |
| B140 Relief from Stay / Adequate Protection Proceedings | 20 |
| B150 Meetings of Creditors' Committee and Communications with Creditors | 125 |
| B155 Court Hearings | 35 |
| B160 Employment / Fee Applications | 50 |
| B161 Budgeting (Case) | 2 |
| B165 Fee and Employment Applications of Other Professionals | 10 |
| B170 Fee and Employment Objections | 10 |
| B180 Avoidance Action Analysis | 50 |
| B185 Assumption / Rejection of Leases and Contracts | 5 |
| B190 Other Contested Matters | 30 |

---

[1] The proposed budget set forth herein is based on the following assumptions: (i) no additional title III cases or adversary proceedings will be commenced during the budget period; (ii) no plan of adjustment will be filed during the budget period; (iii) the Commonwealth-COFINA litigation is the only adversary proceeding that will require discovery and trial preparation; and (iv) all adversary proceedings in which the Committee has intervened and/or sought to intervene will only involve briefing and hearings on motions to dismiss. In addition, it is impossible to predict how many hours will be required to prosecute the Committee's anticipated challenge to certain GO bond claims, including because it is impossible to predict the number and extent of objections filed in response thereto. Thus, this proposed budget may be materially different from the work actually performed. For instance, discovery disputes may lead to extensive litigation. Similarly, the Committee may need to respond to motions that are not and cannot be anticipated. At this time, the proposed budget is speculative.

| B191 | General Litigation | 250 |
|---|---|---|
| B195 | Non-Working Travel[2] | 20 |
| B210 | Debtors' Financial Information and Operations/Fiscal Plan | 5 |
| B230 | Financing / Cash Collections | 5 |
| B231 | Security Document Analysis | 5 |
| B260 | Meetings of and Communications with Debtors/Oversight Board | 25 |
| B261 | Investigations (including Renewed Rule 2004, Whitefish Contract, and PBA Structure) | 25 |
| B310 | Claims Administration and Objections | 400 |
| B320 | Plan and Disclosure Statement | 150 |
| B420 | Restructurings | 10 |
| **TOTAL HOURS** | | **1,492** |
| **TOTAL ESTIMATED FEE** | | **$1,453,208.00[3]** |
| *MINUS 20% REDUCTION[4]* | | **($290,641.60)** |
| **TOTAL ESTIMATED FEE (NET OF REDUCTION)** | | **$1,162,566.40** |

---

[2] The firm charges one-half a timekeeper's normal billing rate for any time incurred on account of non-working travel.

[3] The Total Estimated Fees are calculated based on a $974 blended hourly rate for the Paul Hastings attorneys who are expected to work on this matter during the period from February 1, 2019 through February 28, 2019. The impact of the agreed-upon 20% end of the case write-off on the blended hourly rate cannot be calculated at this time. However, for illustrative purposes only, the blended hourly rate, after accounting for the 20% end-of-the-case reduction, would be approximately $779.

[4] For illustrative purposes only. Indeed, pursuant to the order authorizing the Committee's retention of Paul Hastings LLP [Docket No. 999], Paul Hastings can designate the precise fees to be waived to attain the 20% overall reduction in total fees in connection with the final fee application process. In other words, Paul Hastings could designate its entire final fee application as the source of this reduction (which it does not intend to do) or a combination of reductions across other fee applications (which is one more likely scenario).

**Period Covered:** March 1, 2019 through March 31, 2019[5]

| U.S. Trustee Task Code and Project Category | Estimated Hours for Period 3/1/19 through 3/31/19 |
|---|---|
| B110 Case Administration | 150 |
| B112 General Creditor Inquiries | 10 |
| B113 Pleadings Review | 50 |
| B120 Asset Analysis and Recovery | 5 |
| B130 Asset Disposition | 5 |
| B140 Relief from Stay / Adequate Protection Proceedings | 20 |
| B150 Meetings of Creditors' Committee and Communications with Creditors | 125 |
| B155 Court Hearings | 30 |
| B160 Employment / Fee Applications | 50 |
| B161 Budgeting (Case) | 2 |
| B165 Fee and Employment Applications of Other Professionals | 5 |
| B170 Fee and Employment Objections | 10 |
| B180 Avoidance Action Analysis | 50 |
| B185 Assumption / Rejection of Leases and Contracts | 5 |
| B190 Other Contested Matters | 50 |
| B191 General Litigation | 400 |
| B195 Non-Working Travel[6] | 20 |

---

[5] The proposed budget set forth herein is based on the following assumptions: (i) no additional title III cases or adversary proceedings will be commenced during the budget period; (ii) no plan of adjustment will be filed during the budget period; (iii) the Commonwealth-COFINA litigation is the only adversary proceeding that will require discovery and trial preparation; and (iv) all adversary proceedings in which the Committee has intervened and/or sought to intervene will only involve briefing and hearings on motions to dismiss. In addition, it is impossible to predict how many hours will be required to prosecute the Committee's anticipated challenge to certain GO bond claims, including because it is impossible to predict the number and extent of objections filed in response thereto. Thus, this proposed budget may be materially different from the work actually performed. For instance, discovery disputes may lead to extensive litigation. Similarly, the Committee may need to respond to motions that are not and cannot be anticipated. At this time, the proposed budget is speculative.

| B210 | Debtors' Financial Information and Operations/Fiscal Plan | 5 |
|---|---|---|
| B220 | Employee Benefits/Pensions | 100 |
| B230 | Financing / Cash Collections | 5 |
| B231 | Security Document Analysis | 5 |
| B260 | Meetings of and Communications with Debtors/Oversight Board | 25 |
| B261 | Investigations | 10 |
| B310 | Claims Administration and Objections | 350 |
| B320 | Plan and Disclosure Statement | 100 |
| B420 | Restructurings | 25 |
| **TOTAL HOURS** | | **1,602** |
| **TOTAL ESTIMATED FEE** | | **$1,560,348.00**[7] |
| ***MINUS 20% REDUCTION*[8]** | | **($312,069.60)** |
| **TOTAL ESTIMATED FEE (NET OF REDUCTION)** | | **$1,248,278.40** |

---

[6] The firm charges one-half a timekeeper's normal billing rate for any time incurred on account of non-working travel.

[7] The Total Estimated Fees are calculated based on a $974 blended hourly rate for the Paul Hastings attorneys who are expected to work on this matter during the period from March 1, 2019 through March 31, 2019. The impact of the agreed-upon 20% end of the case write-off on the blended hourly rate cannot be calculated at this time. However, for illustrative purposes only, the blended hourly rate, after accounting for the 20% end-of-the-case reduction, would be approximately $779.

[8] For illustrative purposes only. Indeed, pursuant to the order authorizing the Committee's retention of Paul Hastings LLP [Docket No. 999], Paul Hastings can designate the precise fees to be waived to attain the 20% overall reduction in total fees in connection with the final fee application process. In other words, Paul Hastings could designate its entire final fee application as the source of this reduction (which it does not intend to do) or a combination of reductions across other fee applications (which is one more likely scenario).

**Period Covered:** April 1, 2019 through April 30, 2019[9]

| U.S. Trustee Task Code and Project Category | Estimated Hours for Period 4/1/19 through 4/30/19 |
|---|---|
| B110  Case Administration | 150 |
| B112  General Creditor Inquiries | 15 |
| B113  Pleadings Review | 50 |
| B120  Asset Analysis and Recovery | 5 |
| B130  Asset Disposition | 5 |
| B140  Relief from Stay / Adequate Protection Proceedings | 75 |
| B150  Meetings of Creditors' Committee and Communications with Creditors | 125 |
| B155  Court Hearings | 40 |
| B160  Employment / Fee Applications | 50 |
| B161  Budgeting (Case) | 2 |
| B165  Fee and Employment Applications of Other Professionals | 5 |
| B170  Fee and Employment Objections | 5 |
| B180  Avoidance Action Analysis | 100 |
| B185  Assumption / Rejection of Leases and Contracts | 5 |
| B190  Other Contested Matters | 50 |
| B191  General Litigation | 500 |
| B195  Non-Working Travel[10] | 20 |

---

[9] The proposed budget set forth herein is based on the following assumptions: (i) no additional title III cases or adversary proceedings will be commenced during the budget period; (ii) no plan of adjustment will be filed during the budget period; (iii) the Commonwealth-COFINA litigation is the only adversary proceeding that will require discovery and trial preparation; and (iv) all adversary proceedings in which the Committee has intervened and/or sought to intervene will only involve briefing and hearings on motions to dismiss. In addition, it is impossible to predict how many hours will be required to prosecute the Committee's challenge to certain GO and ERS bond claims, including because it is impossible to predict the number and extent of objections filed in response thereto. Thus, this proposed budget may be materially different from the work actually performed. For instance, discovery disputes may lead to extensive litigation. Similarly, the Committee may need to respond to motions that are not and cannot be anticipated. At this time, the proposed budget is speculative.

| B210 | Debtors' Financial Information and Operations/Fiscal Plan | 5 |
|---|---|---|
| B220 | Employee Benefits/Pensions | 100 |
| B230 | Financing / Cash Collections | 5 |
| B231 | Security Document Analysis | 5 |
| B260 | Meetings of and Communications with Debtors/Oversight Board | 25 |
| B261 | Investigations | 10 |
| B310 | Claims Administration and Objections | 600 |
| B320 | Plan and Disclosure Statement | 50 |
| B420 | Restructurings | 10 |
| **TOTAL HOURS** | | **2,002** |
| **TOTAL ESTIMATED FEE** | | **$1,971,970.00[11]** |
| *MINUS 20% REDUCTION[12]* | | **($394,394.00)** |
| **TOTAL ESTIMATED FEE (NET OF REDUCTION)** | | **$1,577,576.00** |

---

[10] The firm charges one-half a timekeeper's normal billing rate for any time incurred on account of non-working travel.

[11] The Total Estimated Fees are calculated based on a $985 blended hourly rate for the Paul Hastings attorneys who are expected to work on this matter during the period from April 1, 2019 through April 30, 2019. The impact of the agreed-upon 20% end of the case write-off on the blended hourly rate cannot be calculated at this time. However, for illustrative purposes only, the blended hourly rate, after accounting for the 20% end-of-the-case reduction, would be approximately $788.

[12] For illustrative purposes only. Indeed, pursuant to the order authorizing the Committee's retention of Paul Hastings LLP [Docket No. 999], Paul Hastings can designate the precise fees to be waived to attain the 20% overall reduction in total fees in connection with the final fee application process. In other words, Paul Hastings could designate its entire final fee application as the source of this reduction (which it does not intend to do) or a combination of reductions across other fee applications (which is one more likely scenario).

**Period Covered:** May 1, 2019 through May 31, 2019[13]

| U.S. Trustee Task Code and Project Category | Estimated Hours for Period 5/1/19 through 5/31/19 |
|---|---|
| B110   Case Administration | 150 |
| B112   General Creditor Inquiries | 15 |
| B113   Pleadings Review | 50 |
| B120   Asset Analysis and Recovery | 5 |
| B130   Asset Disposition | 5 |
| B140   Relief from Stay / Adequate Protection Proceedings | 75 |
| B150   Meetings of Creditors' Committee and Communications with Creditors | 125 |
| B155   Court Hearings | 40 |
| B160   Employment / Fee Applications | 50 |
| B161   Budgeting (Case) | 2 |
| B165   Fee and Employment Applications of Other Professionals | 5 |
| B170   Fee and Employment Objections | 5 |
| B180   Avoidance Action Analysis | 150 |
| B185   Assumption / Rejection of Leases and Contracts | 5 |
| B190   Other Contested Matters | 50 |
| B191   General Litigation | 1500 |
| B195   Non-Working Travel[14] | 20 |

---

[13]   The proposed budget set forth herein is based on the following assumptions: (i) no additional title III cases or adversary proceedings will be commenced during the budget period; (ii) no plan of adjustment will be filed during the budget period; (iii) no adversary proceedings will require discovery and trial preparation; and (iv) all adversary proceedings in which the Committee has intervened and/or sought to intervene will only involve briefing and hearings on motions to dismiss.  In addition, it is impossible to predict how many hours will be required to prosecute the Committee's challenges to certain GO and ERS bond claims, including because it is impossible to predict the number and extent of objections filed in response thereto.  Thus, this proposed budget may be materially different from the work actually performed.  For instance, discovery disputes may lead to extensive litigation.  Similarly, the Committee may need to respond to motions that are not and cannot be anticipated.  At this time, the proposed budget is speculative.

[14]   The firm charges one-half a timekeeper's normal billing rate for any time incurred on account of non-working travel.

| | | |
|---|---|---:|
| B210 | Debtors' Financial Information and Operations/Fiscal Plan | 5 |
| B220 | Employee Benefits/Pensions | 100 |
| B230 | Financing / Cash Collections | 5 |
| B231 | Security Document Analysis | 5 |
| B260 | Meetings of and Communications with Debtors/Oversight Board | 25 |
| B261 | Investigations | 10 |
| B310 | Claims Administration and Objections | 400 |
| B320 | Plan and Disclosure Statement | 50 |
| B420 | Restructurings | 10 |
| **TOTAL HOURS** | | **2,852** |
| **TOTAL ESTIMATED FEE** | | **$2,820,628.00[15]** |
| *MINUS 20% REDUCTION[16]* | | **($564,125.60)** |
| **TOTAL ESTIMATED FEE (NET OF REDUCTION)** | | **$2,256,502.40** |

---

[15] The Total Estimated Fees are calculated based on a $989 blended hourly rate for the Paul Hastings attorneys who are expected to work on this matter during the period from May 1, 2019 through May 31, 2019. The impact of the agreed-upon 20% end of the case write-off on the blended hourly rate cannot be calculated at this time. However, for illustrative purposes only, the blended hourly rate, after accounting for the 20% end-of-the-case reduction, would be approximately $791.

[16] For illustrative purposes only. Indeed, pursuant to the order authorizing the Committee's retention of Paul Hastings LLP [Docket No. 999], Paul Hastings can designate the precise fees to be waived to attain the 20% overall reduction in total fees in connection with the final fee application process. In other words, Paul Hastings could designate its entire final fee application as the source of this reduction (which it does not intend to do) or a combination of reductions across other fee applications (which is one more likely scenario).

# EXHIBIT C-2

# STAFFING PLAN

**Period Covered:** February 1, 2019 through February 28, 2019[1]

| Category of timekeeper (using categories maintained by the firm) | Number of timekeepers expected to work on the matter during the budget period | Average hourly rate for period 2/1/19 through 2/28/19 | Average hourly rate for period 2/1/19 through 2/28/19 (net of 20% reduction)[2] |
|---|---|---|---|
| **Partner** | 10 | $1,273 | $1,018 |
| **Counsel** | 6 | $1,172 | $938 |
| **Associate** | 14 | $817 | $654 |
| **Paraprofessionals** | 8 | $386 | $309 |

---

[1] The proposed budget set forth herein is based on the following assumptions: (i) no additional title III cases or adversary proceedings will be commenced during the budget period; (ii) no plan of adjustment will be filed during the budget period; (iii) the Commonwealth-COFINA litigation is the only adversary proceeding that will require discovery and trial preparation; and (iv) all adversary proceedings in which the Committee has intervened and/or sought to intervene will only involve briefing and hearings on motions to dismiss. In addition, it is impossible to predict how many hours will be required to prosecute the Committee's anticipated challenge to certain GO bond claims, including because it is impossible to predict the number and extent of objections filed in response thereto. Thus, this proposed budget may be materially different from the work actually performed. For instance, discovery disputes may lead to extensive litigation. Similarly, the Committee may need to respond to motions that are not and cannot be anticipated. At this time, the proposed budget is speculative.

[2] The impact of the agreed-upon 20% end-of-the-case write-off on the average hourly rate cannot be calculated at this time. However, for illustrative purposes only, we have provided the average hourly rate, after accounting for the 20% end-of-the-case reduction.

**Period Covered:** March 1, 2019 through March 31, 2019[3]

| Category of timekeeper (using categories maintained by the firm) | Number of timekeepers expected to work on the matter during the budget period | Average hourly rate for period 3/1/19 through 3/31/19 | Average hourly rate for period 3/1/19 through 3/31/19 (net of 20% reduction)[4] |
|---|---|---|---|
| **Partner** | 10 | $1,227 | $1,020 |
| **Counsel** | 6 | $1,126 | $937 |
| **Associate** | 14 | $786 | $654 |
| **Paraprofessionals** | 8 | $394 | $328 |

---

[3] The proposed budget set forth herein is based on the following assumptions: (i) no additional title III cases or adversary proceedings will be commenced during the budget period; (ii) no plan of adjustment will be filed during the budget period; (iii) the Commonwealth-COFINA litigation is the only adversary proceeding that will require discovery and trial preparation; and (iv) all adversary proceedings in which the Committee has intervened and/or sought to intervene will only involve briefing and hearings on motions to dismiss. In addition, it is impossible to predict how many hours will be required to prosecute the Committee's anticipated challenge to certain GO bond claims, including because it is impossible to predict the number and extent of objections filed in response thereto. Thus, this proposed budget may be materially different from the work actually performed. For instance, discovery disputes may lead to extensive litigation. Similarly, the Committee may need to respond to motions that are not and cannot be anticipated. At this time, the proposed budget is speculative.

[4] The impact of the agreed-upon 20% end-of-the-case write-off on the average hourly rate cannot be calculated at this time. However, for illustrative purposes only, we have provided the average hourly rate, after accounting for the 20% end-of-the-case reduction.

**Period Covered:** April 1, 2019 through April 30, 2019[5]

| Category of timekeeper (using categories maintained by the firm) | Number of timekeepers expected to work on the matter during the budget period | Average hourly rate for period 4/1/19 through 4/30/19 | Average hourly rate for period 4/1/19 through 4/30/19 (net of 20% reduction)[6] |
|---|---|---|---|
| **Partner** | 10 | $1,289 | $1,031 |
| **Counsel** | 6 | $1,182 | $946 |
| **Associate** | 14 | $825 | $660 |
| **Paraprofessionals** | 8 | $380 | $304 |

---

[5] The proposed budget set forth herein is based on the following assumptions: (i) no additional title III cases or adversary proceedings will be commenced during the budget period; (ii) no plan of adjustment will be filed during the budget period; (iii) the Commonwealth-COFINA litigation is the only adversary proceeding that will require discovery and trial preparation; and (iv) all adversary proceedings in which the Committee has intervened and/or sought to intervene will only involve briefing and hearings on motions to dismiss. In addition, it is impossible to predict how many hours will be required to prosecute the Committee's challenge to certain GO and ERS bond claims, including because it is impossible to predict the number and extent of objections filed in response thereto. Thus, this proposed budget may be materially different from the work actually performed. For instance, discovery disputes may lead to extensive litigation. Similarly, the Committee may need to respond to motions that are not and cannot be anticipated. At this time, the proposed budget is speculative.

[6] The impact of the agreed-upon 20% end-of-the-case write-off on the average hourly rate cannot be calculated at this time. However, for illustrative purposes only, we have provided the average hourly rate, after accounting for the 20% end-of-the-case reduction.

**Period Covered:** May 1, 2019 through May 31, 2019[7]

| Category of timekeeper (using categories maintained by the firm) | Number of timekeepers expected to work on the matter during the budget period | Average hourly rate for period 5/1/19 through 5/31/19 | Average hourly rate for period 5/1/19 through 5/31/19 (net of 20% reduction)[8] |
|---|---|---|---|
| **Partner** | 10 | $1,289 | $1,031 |
| **Counsel** | 6 | $1,182 | $946 |
| **Associate** | 14 | $825 | $660 |
| **Paraprofessionals** | 8 | $380 | $304 |

---

[7] The proposed budget set forth herein is based on the following assumptions: (i) no additional title III cases or adversary proceedings will be commenced during the budget period; (ii) no plan of adjustment will be filed during the budget period; (iii) no adversary proceedings will require discovery and trial preparation; and (iv) all adversary proceedings in which the Committee has intervened and/or sought to intervene will only involve briefing and hearings on motions to dismiss. In addition, it is impossible to predict how many hours will be required to prosecute the Committee's challenges to certain GO and ERS bond claims, including because it is impossible to predict the number and extent of objections filed in response thereto. Thus, this proposed budget may be materially different from the work actually performed. For instance, discovery disputes may lead to extensive litigation. Similarly, the Committee may need to respond to motions that are not and cannot be anticipated. At this time, the proposed budget is speculative.

[8] The impact of the agreed-upon 20% end-of-the-case write-off on the average hourly rate cannot be calculated at this time. However, for illustrative purposes only, we have provided the average hourly rate, after accounting for the 20% end-of-the-case reduction.