**Hearing Date**: October 30, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: August 5, 2019 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------- x

| | |
|---|---|
| In re: | : |
| | : |
| THE FINANCIAL OVERSIGHT AND | : PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : Title III |
| | : |
| As representative of | : Case No. 17-BK-3283 (LTS) |
| | : |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : (Jointly Administered) |
| | : |
| Debtors.[2] | : |

------------------------------------------------------------------- x

### SIXTH INTERIM APPLICATION OF CASILLAS, SANTIAGO & TORRES, LLC, LOCAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES <u>FOR THE PERIOD FROM FEBRUARY 1, 2019 THROUGH MAY 31, 2019</u>

### COVER SHEET[3]

Name of Applicant: <u>Casillas, Santiago & Torres, LLC</u>

Authorized to Provide Professional Services to: <u>Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee")</u>

Date of retention: <u>July 20, 2017</u>

Period for which compensation and reimbursement is sought: <u>February 1, 2019 through and including May 31, 2019 (the "Application Period")</u>

Amount of interim compensation sought as actual, reasonable, and necessary: <u>$498,096.50</u>

---

[2] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

[3] This form has been designed to incorporate many of the requirements of PROMESA §316 and ¶C2.1 and Exhibit E to the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under United States Code by Attorneys in Larger Chapter 11 Cases ("US Trustee Guidelines").

Amount of interim expense reimbursement sought as actual, reasonable, and necessary: $16,319.32

Are your fee or expense totals different from the sum of previously-served monthly statements? _ Yes X No

Blended rate in this application for all attorneys: $228.31/hour

Blended rate in this application for all timekeepers: $226.74/hour

This is an *interim* application.

The total time expended for fee application preparation for the Interim Fee Period is approximately 20.25 hours, and the corresponding compensation requested is approximately $4,027.50.

### MONTHLY FEE REQUESTS TO DATE

| Date Submitted | Monthly Period Covered | Fees | Requested Fees (90%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 10% Fee Holdback |
|---|---|---|---|---|---|---|---|
| **First Interim Fee Period (July 20, 2017 through August 31, 2017)** | | | | | | | |
| 12/15/2017 | 07/21/2017 - 08/31/2017 | $169,523.00 | $152,570.70 | $6,320.62 | $173,440.00 | $6,320.62 | $0.00 |
| **Total** | | **$169,523.00** | **$152,570.70** | **$6,320.62** | **$173,440.00** | **$6,320.62** | **$0.00** |
| **Second Interim Fee Period (September 1, 2017 through January 31, 2018)** | | | | | | | |
| 03/19/2018 | 09/01/2017 - 01/31/2018 | $444,580.00 | $400,122.00 | $21,160.13 | $444,580.00 | $21,160.13 | $0.00 |
| **Total** | | **$444,580.00** | **$400,122.00** | **$21,160.13** | **$444,580.00** | **$21,160.13** | **$0.00** |
| **Third Interim Fee Period (February 1, 2018 through May 31, 2018)** | | | | | | | |
| 6/25/2018 | 02/01/2018 - 02/28/2018 | $93,937.50 | $84,543.75 | $1,172.10 | $93,937.50 | $1,172.10 | $0.00 |
| 6/25/2018 | 03/01/2018 - 03/31/2018 | $75,088.00 | $67,579.20 | $4,782.51 | $75,088.00 | $4,782.51 | $0.00 |

| 7/18/2018 | 04/01/2018 - 05/31/2018 | $125,095.00 | $112,585.50 | $6,097.48 | $125,095.00 | $6,097.48 | $0.00 |
|---|---|---|---|---|---|---|---|
| **Total** | | **$294,120.50** | **$264,708.45** | **$12,052.09** | **$294,120.50** | **$12,052.09** | **$0.00** |
| **Fourth Interim Fee Period (June 1, 2018 through September 30, 2018)** | | | | | | | |
| 8/27/2018 | 06/01/2018 - 06/30/2018 | $31,792.00 | $28,612.80 | $983.12 | $31,792.00 | $983.12 | $0.00 |
| 10/8/2018 | 07/01/2018 - 07/31/2018 | $55,587.50 | $50,028.75 | $6,831.08 | $55,587.50 | $6,831.08 | $0.00 |
| 11/16/2018 | 08/01/2018 - 09/30/2018 | $163,382.50 | $147,044.25 | $4,654.42 | $163,267.50 | $4,654.42 | $0.00 |
| **Total** | | **$250,762.00** | **$225,685.80** | **$12,468.62** | **$250,647.00** | **$12,468.62** | **$0.00** |
| **Fifth Interim Fee Period (October 1, 2018 through January 31, 2019)** | | | | | | | |
| 12/21/2018 | 10/01/2018 - 10/31/2018 | $43,871.50 | $39,484.35 | $1,109.10 | $43,871.50 | $1,109.10 | $0.00 |
| 1/22/2019 | 11/01/2018 - 11/30/2018 | $31,164.00 | $28,047.60 | $3,465.35 | $31,164.00 | $3,465.35 | $0.00 |
| 2/26/2019 | 12/01/2018 - 12/31/2018 | $73,432.50 | $66,089.25 | $1,046.62 | $73,432.50 | $1,046.62 | $0.00 |
| 3/15/2019 | 1/01/2019 - 1/31/2019 | $88,809.00 | $79,928.10 | $1,069.00 | $87,704.00 | $1,069.00 | $0.00 |
| **Total** | | **$237,277.00** | **$213,549.30** | **$6,690.07** | **$236,172.00** | **$6,690.07** | **$0.00** |
| **Sixth Interim Fee Period (February 1, 2019 through May 31, 2019)** | | | | | | | |
| 5/15/2019 | 2/01/2019 - 2/28/2019 | $93,967.00 | $84,570.30 | $4,332.02 | $84,570.30 | $4,332.02 | $9,396.70 |
| 6/4/2019 | 3/01/2019 - 3/31/2019 | $100,412.00 | $90,370.80 | $9,970.50 | $90,370.80 | $9,970.50 | $10,041.20 |
| 7/3/2019 | 4/01/2019 - 4/30/2019 | $143,421.00 | $129,078.90 | $1,046.31 | $0.00 | $0.00 | $14,342.10 |
| 7/15/2019 | 5/01/2019 - 5/31/2019 | $160,296.50 | $144,266.85 | $970.49 | $0.00 | $0.00 | $16,029.65 |
| **Total** | | **$498,096.50** | **$448,286.85** | **$16,319.32** | **$174,941.10** | **$14,302.52** | **$49,809.65** |

**Prior Interim Fee Applications & Adjustments:**

| Period | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date [Docket No.] | Interim Fee Period ("IFP") Covered | Fees | Expenses | Fees | Expenses |
| 12/15/2017 [Docket No. 2079] | 07/21/2017 - 08/31/2017 | $169,523.00 | $6,320.62 | $173,440.00 | $6,320.62 |
| 03/19/2018 [Docket No. 2757] | 09/01/2017 - 01/31/2018 | $444,580.00 | $21,160.13 | $444,580.00 | $21,160.13 |
| 07/16/2018 [Docket No. 3562] | 02/01/2018 - 05/31/2018 | $294,120.50 | $12,052.09 | $294,120.50 | $12,052.09 |
| 11/16/2018 [Docket No. 4329] | 06/01/2018 - 09/30/2018 | $250,762.00 | $12,468.62 | $250,647.00 | $12,468.62 |
| 03/18/2019 [Docket No. 5818] | 10/01/2018 - 01/31/2019 | $237,277.00 | $6,690.07 | $236,172.00 | $6,690.07 |
| **Total fees and expenses approved by interim orders to date:** | | | | **$1,398,959.50** | **$58,691.53** |

**Prior Interim or Monthly Fee PAYMENTS to date:**

| Period | | Requested | | Paid | |
|---|---|---|---|---|---|
| Payment Received Date | Paid Interim Fee Application [Docket No.] or Monthly Fee Statement | Fees | Expenses | Fees | Expenses |
| 05/09/2018 | 12/15/2017 [Docket No. 2079] | $169,523.00 | $6,320.62 | $173,440.00 | $6,320.62 |
| 06/07/2018 | 03/19/2018 [Docket No. 2757] | $444,580.00 | $21,160.13 | $444,580.00 | $21,160.13 |
| 7/17/2018 8/8/2018 11/14/2018 | 07/16/2018 [Docket No. 3562] | $294,120.50 | $12,052.09 | $294,120.50 | $12,052.09 |
| 9/25/2018 10/31/2018 11/30/2018 3/21/2019 | 11/16/2018 [Docket No. 4329] | $250,762.00 | $12,468.62 | $250,647.00 | $12,468.62 |
| 1/11/2019 2/26/2019 3/13/2019 7/5/2019 | 03/18/2019 [Docket No. 5818] | $237,277.00 | $6,690.07 | $236,172.00 | $6,690.07 |
| 6/3/2019 | 5/15/2019 | $93,967.00 | $4,332.02 | $84,570.30 | $4,332.02 |
| 6/20/2019 | 6/4/2019 | $100,412.00 | $9,970.50 | $90,370.80 | $9,970.50 |
| **Total Fees and Expenses PAID to date:** | | | | **$1,573,900.60** | **$72,994.05** |

Number of professionals with time included in this application: 15

Number of professionals billing fewer than 15 hours to the case in this application: 1

If applicable, number of professionals in this application not included in a staffing plan approved by the client: N/A

If applicable, difference between fees budgeted and compensation sought for this period: N/A

Are any timekeeper's hourly rates higher than those charged and approved upon retention: No

**Hearing Date**: October 30, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: August 5, 2019 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------ x

| | |
|---|---|
| In re: | : |
| | : |
| THE FINANCIAL OVERSIGHT AND | : PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : Title III |
| | : |
| as representative of | : Case No. 17-BK-3283 (LTS) |
| | : |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : (Jointly Administered) |
| | : |
| Debtors.[1] | : |

------------------------------------------------------------------ x

## SIXTH INTERIM APPLICATION OF CASILLAS, SANTIAGO & TORRES, LLC, LOCAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM FEBRUARY 1, 2019 THROUGH MAY 31, 2019

## TABLE OF CONTENTS

Preliminary Statement.................................................................................4

Background ..............................................................................................8

Compensation and Reimbursement Request ...............................................12

Summary of Services ................................................................................15
    General (Matter ID: 396-00002)..........................................................16
    COFINA Dispute Analysis (Matter ID: 396-00003) ............................19
    Communications with Creditors / Website (other than Committee Members) .....20
    (Matter ID: 396-00004)
    Fiscal Plan Analysis (Matter ID: 396-00005).......................................21
    PREPA (Matter ID: 396-00006)..........................................................21
    HTA (Matter ID: 396-00007) .............................................................22
    ERS (Matter ID: 396-00008) .............................................................23

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

Other Adversary Proceedings (Matter ID: 396-00009) ........................................24
GO Bond Debt Issues (Matter ID: 396-00011)...................................................25
PBAPR (Matter ID: 396-00014)...........................................................................26
Fee Application (Matter ID: 396-00015)..............................................................26
Commonwealth Claims Review (Matter ID: 396-00017) ....................................27
Avoidance Actions (Matter ID: 396-00018)........................................................29

Attendance at Hearings ...........................................................................................32

Report on Co-Plaintiff Adversary Proceedings .....................................................33

Actual and Necessary Disbursements .....................................................................34

Requested Compensation Should be Allowed ........................................................35

Notice .......................................................................................................................37

Conclusion ...............................................................................................................37

## SUPPORTING DECLARATION, EXHIBITS AND SCHEDULE

**Supporting Declaration of Juan J. Casillas-Ayala, Esq.**

**Exhibits**

A.  Customary and Comparable Compensation Disclosures with Fee Applications

B.  Summary of Timekeepers Included in this Application for Fee Period

C.  Budgets and Staffing Plans for Application Period

       C-1.    Budgets

       C-2.    Staffing Plans

D.  Summary of Compensation Requested by Project Category as Compared to Budget

       D-1.    Summary of Compensation Requested by Project Category as Compared to Budget

             Further Breakdown of Compensation Requested by Project Category and by Matter

       D-2.    Summary of Expenses by Category

E.  Breakdown of Compensation and Expense Requested by Debtor

F.  List of Professionals by Matter

G.  Monthly Statements Covered in Application

**Schedule**

Proposed Order

**To the Honorable United States District Judge Laura Taylor Swain:**

Casillas, Santiago & Torres, LLC ("CST Law"), Local Counsel to the Official Committee of Unsecured Creditors of all title III Debtors (other than COFINA) (the "Committee"), for its sixth application (the "Application"), pursuant to sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA")[2], section 503(b) of Title 11, United States Code (the "Bankruptcy Code") as made applicable to these cases by Section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), for the interim allowance of compensation for professional services performed by CST Law for the period from February 1, 2019 through and including May 31, 2019 (the "Interim Fee Period"), and for reimbursement of its actual and necessary expenses incurred during the Interim Fee Period, respectfully represents:

## PRELIMINARY STATEMENT

1.     During the Application Period, CST Law was instrumental in assisting Paul Hastings confront a wide range of critical and time-sensitive issues, including multi-billion dollar challenges to the validity of certain general obligation ("GO") bond claims and the "leases" with the Puerto Rico Public Buildings Authority ("PBA"). Indeed, CST Law helped Paul Hastings prepare and initiate one of the most important legal actions in these Title III cases to date: the Omnibus Objection [Docket No. 4784] (the "GO Objection") of the Committee and the Oversight Board (acting through its Special Claims Committee) seeking to disallow claims based on the Commonwealth's general obligation bonds issued in or after March 2012 (the "Invalid GO

---

[2] References to PROMESA are references to 48 U.S.C. §§2101 *et. seq.*

Bonds"). The GO Objection seeks to disallow **more than $6 billion** in GO bondholder claims out of $13 billion in outstanding GO bonds, on the basis that these bonds were issued in violation of the limit on debt service contained in the Constitution of the Commonwealth of Puerto Rico (the "Commonwealth Constitution"). The GO Objection raises critical gating issues for the Commonwealth's plan of adjustment process, given that holders of GO bonds have claimed entitlement to a so-called "constitutional priority of payment," while the Committee, the Oversight Board, and numerous other Commonwealth creditors dispute that the GO bondholders are entitled to such a priority. Thus, CST Law's work on the GO Objection is of enormous significance to the successful resolution of the Title III Cases.

2.      Also, during the Application Period, CST Law facilitated Paul Hastings' extensive work with respect to the Committee's adversary proceeding (filed jointly with the Oversight Board) challenging PBA "leases" as disguised financing arrangements [Adv. Proc. No. 18-149 (LTS)] (the "PBA Adversary Proceeding"). In the PBA Adversary Proceeding, the Committee and the Oversight Board seek a declaration that the payments due under the PBA "leases" are not "rent" payments and, therefore, that more than $600 million in "rent" accrued under the "leases" is not entitled to payment in full under PROMESA and the Bankruptcy Code, but rather only gives rise to an unsecured claim by the PBA against the Commonwealth.

3.      All the while, CST Law has assisted Paul Hastings in advising the Committee on all issues bearing on the rights of unsecured creditors in these Title III cases and taken proactive steps to protect their rights, including by:

    (i)     reviewing materials obtained in discovery from the Debtors (except COFINA) pursuant to Bankruptcy Rule 2004 as part of the Committee's investigation into potential avoidance action claims against third parties;

(ii)  analyzing the nature and extent of the unsecured claims pool, including the size and nature of retirement benefit claims held by active employees, among other types of claims;

(iii)  continuing to develop a framework for an alternative dispute resolution process for the allowance of claims; and emphasizing the importance of such a process during Court Hearings and in filed pleadings;

(iv)  analyzing issues in connection with the First Circuit's February 15, 2019 decision in the *Aurelius* appeal and evaluating next steps;

(v)  successfully opposing a motion to vacate the Committee's appointment with respect to the ERS case, a motion to appoint an official Committee for individual GO bondholders, and a motion to compel the Committee to make additional, burdensome disclosures under Bankruptcy Rule 2019;

(vi)  researching a variety of issues related to confirmation of a Commonwealth plan of adjustment in connection with the formulation of plan proposals acceptable to the Committee, including claim assessment and objections;

(vii)  maintaining the Committee's website as well as distributing regular informational emails to unsecured creditors;

(viii)  monitoring pleadings filed and orders entered in the Title III cases and related adversary proceedings (including, where appropriate, filing objections); and

(ix)  the filing of garden variety avoidance actions against various vendors of the PROMESA Title III debtors, with the Committee serving as co-plaintiff in light of the *Aurelius* decision risk factor.

4.  CST Law has continued to perform these services in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved. For example, the work performed by CST Law was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task. Moreover, whenever possible, CST Law sought to minimize the costs of CST Law's services to the Committee by utilizing talented junior attorneys to handle the more routine aspects of the assignments. In addition, a small group of the same CST Law attorneys was utilized for the vast

majority of the work in these title III cases, to minimize the costs of intra-CST Law communication and education about the cases. Notably, as a general matter, no more than two CST Law attorneys (and often only one attorney) attended the various hearings and mediation sessions held during the Application Period, thereby minimizing not only the time billed on these hearings/sessions but also the cost of travel and lodging.

5.     CST Law respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Committee, the Debtors, and their stakeholders, and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of these Title III cases. The results obtained to date have benefited not only the Committee but also the Debtors and their creditors. Accordingly, considering the nature and complexity of the Title III Cases, CST Law's charges for professional services performed and expenses incurred are reasonable under applicable standards. For all these reasons, CST Law respectfully requests that the Court grant the Application and allow interim compensation for professional services performed and reimbursement for expenses as requested.

6.     This Application is consistent with the Interim Compensation Order (as defined below), Local Rule 2016-1, and *Appendix B of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"). To the extent necessary, CST Law requests a waiver for cause shown of any such requirement not met by this Application.[3]

7.     In accordance with the U.S. Trustee Guidelines, at the end of this Application are the following Exhibits:

---

[3] The Committee and CST Law reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these cases.

- <u>Exhibit A</u> contains disclosures regarding "customary and comparable compensation."

- <u>Exhibit B</u> contains a summary of CST Law's timekeepers included in this Application.

- <u>Exhibit C-1</u> contains the budgets for CST Law's services during the application period

- <u>Exhibit C-2</u> contains the staffing plans for CST Law's services during the application period

- <u>Exhibit D-1</u> contains (a) a summary of the compensation requested as compared to the compensation budgeted for the firm's services during the application period, and (b) a further breakdown of the compensation requested by project category and matter number.

- <u>Exhibit D-2</u> contains a summary of the expenses requested by project. An itemized schedule of all such expenses is included in CST Law's monthly statements.

- <u>Exhibit E</u> contains a breakdown of compensation and expenses requested by Debtor.

- <u>Exhibit F</u> contains a list of the professionals providing services during the application period by matter.

- <u>Exhibit G</u> includes the monthly fee statements covered in this application. Attached is copy of the monthly statements for CST Law's services during the Interim Fee Period, which include detailed time records and narrative descriptions of the services rendered by each timekeeper.

- <u>Schedule 1</u> includes the proposed order approving this application.

## BACKGROUND

8.     On May 3, 2017, the Oversight Board commenced a Title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304 (a) of PROMESA (the "<u>Commonwealth Title III Case</u>"). Thereafter, the Oversight Board commenced a title III case for each of COFINA, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS Title III Case</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA Title III Case</u>"), and the Puerto Rico Electric Power Authority ("<u>PREPA Title III Case</u>") (and together with the Commonwealth Title III Case, the "<u>Title III</u>

Cases").[4] By orders dated June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court approved the joint administration of the Title III Cases.

9.      On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338]. On July 21, 2017, the Committee selected CST Law as local counsel to the Committee.

10.     On August 4, 2017, the Committee filed an application to retain and employ CST Law, effective July 21, 2017 [Docket No. 884] (the "Retention Application"). By order of this Court entered October 6, 2017 [Docket No. 1414] (the "Retention Order"), incorporated herein by this reference, CST Law's retention as Local Counsel to the Committee was approved effective as of July 21, 2017.

11.     On August 23, 2017, the Court entered the *Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (as amended, the Interim Compensation Order").[5]

12.     On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case. CST's retention extends to the representation of the Committee as the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case.

---

[4] Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.
[5] The Interim Compensation Order was amended on November 8, 2017, to reflect certain changes requested by the Fee Examiner.

13.     The Retention Order authorized CST Law to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to Sections 316 and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct. The Retention Order further provides that "pursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA Section 301(a), the fees and expenses of CST Law under this Order shall be an administrative expense." In addition, as provided in the Retention Order, the Oversight Board has consented to the Debtors' payment of CST Law allowed fees and expenses.

14.     On October 6, 2017, the Court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing A Fee Examiner and Related Relief* (the "Fee Examiner Order") [Docket No. 1416]. The Court appointed Brady Williamson as the Fee Examiner in the Title III Cases.

15.     On December 15, 2017, CST Law filed its first interim fee application with respect to the period from July 21, 2017 through August 31, 2017 [Docket No. 2079] (the "First Interim Fee Application"). In accordance with the Interim Compensation Order, CST Law received a preliminary report from the Fee Examiner with respect to the First Interim Fee Application. On March 7, 2018, the court approved the First Interim Fee Application.

16.     On March 19, 2018, CST Law filed its second interim fee application with respect to the period from September 1, 2017 through January 31, 2018 [Docket No. 2757] (the "Second Interim Fee Application"). In accordance with the Interim Compensation Order, CST Law received a preliminary report from the Fee Examiner with respect to the Second Interim Fee Application. On March 7, 2018, the court approved the Second Interim Fee Application.

17.     On June 6, 2018, the Court enter the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (as amended, the Second Interim Compensation Order").

18.     On July 16, 2018, CST filed its third interim fee application, covering the period from February 1, 2018 through May 31, 2018 [Docket No. 3562]. All services for which compensation is requested were performed for or on behalf of the Committee. In accordance with the Interim Compensation Order, CST Law received a preliminary report from the Fee Examiner with respect to the Third Interim Fee Application. On March 14, 2019, the Court approved the Third Interim Fee Application.

19.     On November 16, 2018, CST filed its fourth interim fee application, covering the period from June 1, 2018 through September 30, 2018 [Docket No. 4329]. All services for which compensation is requested were performed for or on behalf of the Committee. In accordance with the Interim Compensation Order, CST Law received a preliminary report from the Fee Examiner with respect to the Fourth Interim Fee Application. Per the Fee Examiner's request, CST Law agreed to certain minimal adjustments in its requested fees and expenses.[6] On March 14, 2019, the Court approved the Fourth Interim Fee Application, with the agreed-upon adjustments.

20.     On March 18, 2019, CST filed its fifth interim fee application, covering the period from October 1, 2018 through January 31, 2019 [Docket No. 5818]. All services for which compensation is requested were performed for or on behalf of the Committee. In accordance with the Interim Compensation Order, CST Law received a preliminary report from the Fee Examiner with respect to the Fifth Interim Fee Application. Per the Fee Examiner's request, CST Law agreed

---

[6] The agreed-upon adjustment consisted of a fee reduction in the amount of $115.00.

to certain minimal adjustments in its requested fees and expenses.[7] On June 26, 2019, the Court approved the Fifth Interim Fee Application, with the agreed-upon adjustments.

21.     This is CST Law's sixth interim fee application, covering the period from February 1, 2019 through May 31, 2019. All services for which compensation is requested were performed for or on behalf of the Committee.

## COMPENSATION AND REIMBURSEMENT REQUEST

22.     By this Application, CST Law seeks from the Debtors (a) compensation for professional services rendered to the Committee during the Interim Fee Period in the aggregate amount of $498,096.50; and (b) expense reimbursements in the aggregate amount of $16,319.32. These amounts are allocated among the Commonwealth Title III Case, the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case, as follows:

| Application Period | Fees | Expenses | Total |
|---|---|---|---|
| Commonwealth Title III Case | $356,591.00 | $15,179.12 | $371,770.12 |
| PREPA Title III Case | $23,499.00 | $6.80 | $23,505.80 |
| HTA Title III Case | $3,585.00 | $45.50 | $3,630.50 |
| ERS Title III Case | $114,421.50 | $1,087.90 | $115,509.40 |
| **Total** | **$498,096.50** | **$16,319.32** | **$514,415.82** |

22.     The Committee has approved the amounts requested by CST Law for services performed and expenses incurred in each of the monthly statements submitted that were or are hereby being submitted concurrently to, among others, the Oversight Board, AAFAF, the Fee Examiner, and the U.S. Trustee, during the Interim Fee Period. All services for which compensation is requested

---

[7] The agreed-upon adjustment consisted of a fee reduction in the amount of $1,105.00.

herein were performed for or on behalf of the Committee. Moreover, as detailed on Exhibit D hereto, fees incurred by CST during the Application Period were well below the monthly budgets.

23.    As of today, CST Law has not been paid any amounts pertaining to its invoices for April and May 2019, for which it requests payment pursuant to this Fee Application.

24.    Also, to date, CST has received payments totaling $189,243.62 for services rendered during the Application Period excluding April and May 2019, which amount consists of $174,941.10 (representing 90% of the fees for services invoiced during the period of February 1, 2019 through March 31, 2019) and $14,302.52 (representing 100% of expenses invoiced for the same period). As of the date of this Application, the amount of $325,172.20 remains unpaid.

25.    Other than payments made in accordance with the Interim Compensation Order, CST has received no payments and no promises of payment from any source of services rendered during the Application Period.

26.    By this Application, CST Law requests payment of all outstanding fees and expenses for services rendered during the Interim Fee Period.

27.    There is no agreement or understanding between CST Law and any other person other than the attorneys, employees, and staff of CST Law, for the sharing of compensation to be received for services rendered in these cases.

28.    CST Law maintains computerized records, in the form of monthly statements, of the time spent by all of CST Law's attorneys and paraprofessionals in connection with its representation of the Committee. The monthly statements are in the same form regularly used by CST Law to bill its clients for services rendered, and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services provided, the amount of time spent for each service, and the designation of the professional who performed the service.

29.     The fees charged by CST Law in the Title III Cases are billed in accordance with its existing billing rates and procedures in effect during the Interim Fee Period. The rates CST Law charges for the services rendered by its professionals and paraprofessionals in the Title III Cases are comparable to the rates CST Law charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters. Moreover, when CST Law's professionals and paraprofessionals work on non-bankruptcy matters, the firm generally charges their standard rate. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in the Puerto Rico legal market.

30.     CST Law's rates are set at a level designed to fairly compensate CST Law for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expense. CST Law operates in the Puerto Rico legal services market in which rates are driven by multiple factors relating to the individual lawyer, their area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Accordingly, CST Law set its rates for attorneys and paraprofessionals within the firm by reference to market information and market adjustments by firms considered to be industry peers. Based on this and the reviews of contemporaneous time records and fee applications filed in other cases, CST Law endeavors to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its principal competitor firms.

31.     CST Law's professional services during the Interim Fee Period required an aggregate expenditure of 2,196.75 recorded hours by CST Law's attorneys and paraprofessionals, broken down as follows: Partners (1,105.45 hours), Counsels (23.20 hours), Junior Partners (88.70 hours), Senior Associates (308.80 hours), Associates (644.80 hours), and

Paraprofessionals (25.80 hours). During the Interim Fee Period, CST Law's billing rates for attorneys rendering services in this matter ranged from $170.00 to $270.00 per hour.

32.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Interim Fee Period but were not processed before the preparation of this Application, or CST Law has for any other reason not sought compensation or reimbursement with respect to such services or expenses, CST Law reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.

## SUMMARY OF SERVICES

33.     During the Interim Fee Period, CST Law assisted and advised the Committee on a regular basis regarding legal matters relating to the restructuring of the Debtors, including related adversary proceedings, and all other matters arising in the performance of the Committee's duties. In addition, CST Law has prepared various motions, applications, proposed orders, and other pleadings submitted to the Court for consideration, and has performed the necessary professional services that are described below and in the monthly statements attached hereto as Exhibit F.[8] For ease of reference and transparency purposes, CST Law created several matter numbers for its representation of the Committee. The matter numbers are divided by Debtor and/or large tasks the Committee undertook, as follows:

| Matter ID | Matter Name |
|---|---|
| 396-00002 | General |
| 396-00003 | COFINA Dispute Analysis |
| 396-00004 | Communications w/ Creditors/ Website (other than Committee Members) |
| 396-00005 | Plan Fiscal Analysis |
| 396-00006 | PREPA |

---

[8] The description of services in this Application is limited to those matters in which CST Law provided 5 or more hours of service during the Application Period.

| 396-00007 | HTA |
|---|---|
| 396-00008 | ERS |
| 396-00009 | Other Adversary Proceedings |
| 396-00010 | Mediation |
| 396-00011 | GO Bond Debt Issues |
| 396-00012 | Document Review |
| 396-00013 | GDB |
| 396-00014 | PBAPR |
| 396-00015 | Fee Application |
| 396-00016 | Analysis of Kobre & Kim's Puerto Rico Debts Reports |
| 396-00017 | Commonwealth Claims Review |
| 396-00018 | Avoidance Actions |

**I.   General (Matter ID: 396-00002)**

(a)   <u>Case Administration (Task Code: B110)</u>

Fees:      $1,104.00     Total Hours:   5.70

34.     During the Application Period, CST Law, along with Paul Hastings, continued to advise the Committee on general case administration. In order to efficiently track deadlines, organize documents, and manage workflow streams, CST Law maintained a global task list and case calendar, including a tracking chart for all adversary proceedings and non-Title III litigation. To minimize duplication of services, CST Law developed procedures for allocating responsibilities among various CST Law team members.

35.     In addition, during the Application Period, CST Law continued to implement interim and long-term strategies to maximize recoveries for general unsecured creditors and held internal team conference calls and occasional meetings to discuss the status of the Title III Cases and to manage workflow streams.

36.     Furthermore, CST Law along with Paul Hastings worked to execute a variety of other tasks related to case administration including, among other things, analyzing legal issues in

connection with the Committee's disclosure statements pursuant to Bankruptcy Rule 2019, and monitoring the Bankruptcy Rule 2019 disclosures of other creditor groups.

    (b)    <u>Pleading Reviews (Task Code: B113)</u>

        Fees:    $48,192.00    Total Hours:  196.50

37.    During the Application Period, CST Law reviewed various pleadings to be adequately prepared to provide services to the Committee. This in compliance with the applicable Rules of Professional Conduct.

    (b)    <u>Meeting of and Communications with Creditors (Task Code: B150)</u>

        Fees:    $7,382.00    Total Hours:  30.60

38.    During the Application Period, CST Law prepared various documents to keep the Committee apprised of relevant developments in the Title III Cases, related adversary proceedings, and the mediation process. Also, CST Law participated in various telephone conferences and communications with the Committee for the same purposes.

    (c)    <u>Court Hearings (Task Code: B155)</u>

        Fees:    $8,093.50    Total Hours:  37.30

39.    During the Application Period, CST Law attended as local counsel to all hearings that Paul Hastings attended. To minimize costs, only one CST Law attorney appeared in the hearings accompanying Paul Hastings' attorneys. In certain instance another CST Law attorney listened-in to parts of the hearing.

40.    In preparation for these hearings, CST Law also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearings.

    (c)    <u>Avoidance Action Analysis (Task Code: B180)</u>

        Fees:    $2,647.00    Total Hours:  10.80

41.     During the Application Period, CST Law and Paul Hastings strived to ensure the timely commencement of avoidance actions on behalf of the Commonwealth. CST Law along with Paul Hasting also worked to prepare and negotiate the Commonwealth Stipulation.

(f)     <u>Other Contested Matters (Task Code: B190)</u>

Fees:       $22,382.00     Total Hours:   108.20

42.     During the Application Period, CST Law aided Paul Hastings in various matters including conducting research on various first-impression issues of Puerto Rico Law. Further, CST Law assisted Paul Hastings in the analysis and drafting of pleadings filed in connection with a wide variety of matters. CST Law also analyzed relevant statutes of limitations, case law in other municipal bankruptcies, and proofs of claim filed against the Debtors, among other issues in connection with the commencement of avoidance actions. Further, CST Law assisted Paul Hastings preparing the Committee's highly contested Section 926 Procedures Motion, the motion to approve the Commonwealth Stipulation, and the Derivative Standing Motion, as well as the reply briefs in support of these pleadings, conducting legal research and analysis with respect to the issues raised therein. For example, CST Law conducted extensive research that was instrumental in developing a strategy in various objections and replies to objections filed by respondent parties.

(g)  <u>General Litigation (Task Code: B191)</u>

Fees:       $23,860.00     Total Hours:   100.50

43.     During the Application Period, CST Law aided Paul Hastings in various matters such as: research and analysis of legal issues in connection with potential claims against GDB personnel and others in connection with the emission of Puerto Rico bonds, including legal issues related to statutes of limitations, director and officer insurance policies, fiduciary obligations, damage theories, procedural matters, among others.

44.     In order to bring such claims, CST participated in communications and discussed strategy with Paul Hastings and the Committee's Special Litigation Counsel, Genovese, Joblove and Battista, P.A. (hereinafter "GJB"). Such discussions were necessary given that GJT would serve as the Committee's counsel to assert these types of claims in subsequent litigation against a number of financial institutions, with CST Law serving eventually as co-counsel.

(h)     <u>Non-Working Travel (Task Code: B195)</u>

Fees:        $653.50        Total Hours:   5.80

45.     During the Application Period, CST Law attorneys had to travel to and from court in order to appear along Paul Hastings Attorneys.

(i)     <u>Claims Administration and Objections (Task Code: B310)</u>

Fees:        $1,006.00      Total Hours:   5.60

46.     During the Application Period, CST Law commenced the analysis on the viability of certain litigation claims against the Debtor. CST Law also assisted Paul Hastings in an effort to advance the implementation of an alternative dispute resolution ("<u>ADR</u>") process, including reviewing and commenting on draft ADR procedures proposed by the Oversight Board, and its translation.

## II. COFINA Dispute Analysis (Matter ID: 396-00003)

(a)     <u>Pleadings Review (Task Code: B113)</u>

Fees:        $4,366.00      Total Hours:   19.80

47.     During the Application Period, CST Law reviewed various pleadings to be adequately prepared to provide services to the Committee and assist Paul Hastings in relation to the Confirmation of COFINA's Plan of Adjustment and final housekeeping proceedings.

Specifically, CST Law reviewed pleadings filed and orders entered in the Commonwealth-COFINA Action and related adversary proceedings, in addition to the dismissal by stipulation.

(c)     Other Contested Matters (Task Code: B190)

Fees:     $1,132.00     Total Hours:  6.60

48.     During the Application Period, CST Law continued to work with Paul Hastings, including research and analysis of issues in connection with the potential treatment of claims under a Commonwealth plan of adjustment, as well as the role of the creditors' committee in the formulation of a plan pursuant to section 1103 of the Bankruptcy Code. Further, CST Law aided Paul Hastings in the preparation of the Committee's pleadings opposing the proposed payment of fees incurred by Bonistas del Patio's professionals (in connection with the COFINA plan of adjustment) using Commonwealth funds.

**III. Communications with Creditors / Website (other than Committee Members) (Matter ID: 396-00004)**

(a)     Other Contested Matters (Task Code: B190)

Fees:     $3,648.00     Total Hours:  16.40

49.     During the Application Period, CST Law helped Paul Hastings prepare and regularly update, with the assistance of Prime Clerk and Kroma, the Committee's websites regarding the Title III Cases, including updates on hearings, recent Court orders, and other developments in the Title III Cases. In this regard, CST Law drafted and regularly updated the Spanish-language sections of the websites.

(b)     General Litigation (Task code: B191)

Fees:  $1,343.00     Total Hours:  7.90

50.     During the Application Period, CST Law helped Paul Hastings prepare and regularly update, with the assistance of Prime Clerk and Kroma, the Committee's websites

regarding the Title III Cases, including updates on hearings, recent Court orders, and other developments in the Title III Cases. Also, in this regard, CST Law drafted and regularly updated the Spanish-language sections of the websites.

### IV. Fiscal Plan Analysis (Matter ID 396-00005)

(a)    Other Contested Matters (Task Code: B190)

Fees:    $2,422.00    Total Hours:    11.60

51.    During the Fee Application Period, CST Attorneys had to evaluate the different fiscal plans approved by the Oversight Board, including drafts thereof, including Zolfo Coopers' presentation on the subject.

### V. PREPA (Matter ID 396-00006)

(a)    Pleadings Review (Task Code: B113)

Fees:    $5,615.00    Total Hours:    22.30

52.    During the Application Period, reviewed various pleadings to be adequately prepared to provide services to the Committee. This in compliance with the applicable Rules of Professional Conduct.

(b)    Other Contested Matters (Task Code: B190)

Fees:    $3,489.00    Total Hours:    14.80

59.    During the Application Period, CST Law assisted Paul Hastings in various matters, including the Committee's objection to the Receiver Motion and conducted extensive legal research and analysis with respect thereto, specifically as to some procedural and discovery matters.

60. In addition, CST Law reviewed and analyzed other motions for relief from stay filed against PREPA in order to evaluate their potential effect on the Title III Cases.

(c)     General Litigation (Task Code: B191)

      Fees:     $13,037.00    Total Hours:  55.10

53.      During the Application Period, CST Law continued to review and prepare summaries of pleadings filed and orders entered in the PREPA Title III Case, related adversary proceedings, and other litigation including the briefs filed in the First Circuit. In particular, CST Law assisted reviewing documents and provided analysis of legal issues in connection with the PREPA RSA. Prior to the execution of the PREPA RSA, CST Law was involved in the review of documentation from the restructuring negotiations taking place between the Oversight Board, AAFAF, and certain PREPA bondholders in order to understand more fully the course of restructuring discussions (in which the Committee was not included), and the most heavily negotiated deal points. After the execution and publication of the PREPA RSA, CST Law assisted Paul Hastings in the analysis of the executed PREPA RSA, revising materials to advise the Committee regarding key terms of the deal, researching relevant legal issues, and analyzing the Rule 9019 settlement motion filed on May 10, 2019.

## VI. HTA (Matter ID: 396-00007)

(a) Pleadings Review (Task Code: B113)

      Fees:     $1,958.00    Total Hours:  9.40

54.      During the Application Period, CST Law reviewed various pleadings to be adequately prepared to provide services to the Committee and assist Paul Hastings in its representation of the Committee. In particular, CST Law continued to review and prepare summaries of pleadings filed and orders entered in the HTA Title III Case, related adversary proceedings, and other litigation including the briefs filed in the First Circuit.

## VII.   ERS (Matter ID: 396-00008)

55.     During the application period, CST Law assisted Paul Hastings in the negotiations with the HTA/ERS Stipulation and worked with counsel to the Oversight Board and its Special Claims Committee to draft adversary proceeding complaints (a) seeking the clawback of payments on account of challenged ERS bonds, and (b) challenging the liens of ERS bondholders.

(a)  Pleadings Review (Task Code: B113)

    Fees:   $10,030.00    Total Hours:   39.50

56.     During the Application Period, CST Law reviewed various pleadings to be adequately prepared to provide services to the Committee and assist Paul Hastings in its representation of the Committee. In particular, CST Law continued to review and prepare summaries of pleadings filed and orders entered in the ERS Title III Case.

(b)  Other Contested Matters (Task Code: B190)

    Fees:       $47,876.00    Total Hours:   214.70

57.     During the Fee Application, CST Law attorneys conducted research and analysis pertaining to claims presented in the adversary complaints, among others. The results of the investigation provided were documented in memorandums and shared with Paul Hastings' attorneys. Furthermore, CST attorneys communicated extensively with the Paul Hastings team to strategize pertaining to the foregoing.

58.     Also, CST Law assisted in the research and analysis pertaining to the Committee's objection to the motion by certain ERS bondholders to vacate the Committee with respect to the ERS case.

(d)  General Litigation (Task Code: B191)

    Fees:       $52,832.50    Total Hours:   253.30

59.     As mentioned above, CST Law worked with Paul Hastings concerning the HTA/ERS Stipulation and adversary proceeding complaints. CST Law also assisted in the research and analysis pertaining to the complaints challenging the scope of liens asserted by ERS bondholders. CST further assisted Paul Hastings preparing the motion to stay these adversary proceedings.

(e)     Employee Benefits / Pensions (Task Code: B220)

Fees:     $1,485.00     Total Hours:   5.50

64. During the Application Period, CST Law assisted Paul Hastings analyzing retiree benefit claims held by active employees of the Commonwealth, treatment and classification of retirement benefit claims in bankruptcy cases, among others.

## VIII.   Other Adversary Proceedings (Matter ID: 396-00009)

(a)     Pleadings Reviews (Task Code: B113)

Fees:     $3,308.00     Total Hours:   13.20

60.     During the Application Period, CST Law worked with Paul Hastings attorneys to analyze pleadings filed in various local cases being monitored and other adversary proceedings, and to develop strategies for such cases.

(b)     Other Contested Matters (Task Code: B190)

Fees:     $8,346.00     Total Hours:   42.30

61.     During the Application Period, CST Law worked along Paul Hastings monitoring the progress of a number of adversary proceedings and related matters, advising the Committee as appropriate. Also, CST Law provided assistance with the filing of various adversary proceedings.

(c)     General Litigation (Task Code: B191)

Fees:     $2,523.00     Total Hours:   13.50

62.     During the Application Period, CST Law worked with Paul Hastings attorneys to analyze pleadings filed in various local cases being monitored and other adversary proceedings, and to develop strategies for such cases.

## IX.   GO Bond Debt Issues (Matter ID: 396-00011)

(a)   Other Contested Matters (Task Code: B190)

Fees:   $4,175.00          Total Hours:   21.50

63.     CST Law helped Paul Hastings with the legal analysis of caselaw and local law, including some translations thereof, associated with the Committee's additional omnibus objection,[9] filed in May 2019, to approximately $1 billion of GO bonds issued in 2011 (the "2011 GO Objection," and, together with the 2012-2014 GO Objection, the "GO Objections").  The 2011 GO Objection asserts that the 2011 GO bonds, like the 2012-2014 GO bonds, were issued in violation of the limit on debt service contained in the Commonwealth Constitution and in violation of the Commonwealth Constitution's balanced budget clause, which prohibits deficit financing. Further analysis was provided in connection to the GO Objections, including objections to the Committee's 2012-2014 GO Objection procedural motion and the Committee's response to the "Conditional Objection"[10] and the related procedural motion filed by the Ad Hoc Group of GO Bondholders, which sought legal rulings with respect to the application of the constitutional debt limit to as-yet unchallenged issuances of Puerto Rico debt, among other things.

(b)   General Litigation (Task Code: B191)

Fees:   $2,946.00          Total Hours:   13.10

---

[9] *See* Docket No. 7057, Case No. 17-3283 (LTS).

[10] *See* Docket No. 6181, Case No. 17-3283 (LTS).

64.     CST Law assisted Paul Hastings in the Commonwealth Stipulation and the preparation of adversary complaints (a) seeking the clawback of payments in connection with challenged GO bonds, and (b) contesting the lien alleged by certain GO bondholders. Specifically, CST provided legal analysis of caselaw and local law to further assist Paul Hastings.

## X.     PBAPR (Matter ID: 396-00014)

(a)     Pleadings Reviews (Task Code: B113)

Fees:   $5,082.00          Total Hours:   19.90

65.     During the Application Period, CST Law reviewed various pleadings to be adequately prepared to provide services to the Committee and assist Paul Hastings in its representation of the Committee.

(b)     Other Contested Matters (Task Code: B190)

Fees:   $10,507.50          Total Hours:   48.45

66.     During the Application Period, CST Law worked hand in hand with Paul Hastings providing legal analysis of caselaw and local law to further the strategy for the PBA Adversary Proceeding disallowing PBA "leases" as disguised financing arrangements and with respect to "true lease" issues and other matters pertinent to the PBA leases and structure.

(c)     General Litigation (Task Code: B191)

Fees:   $1,771.00          Total Hours:   7.30

67.     During the Application Period, CST Law continued to help Paul Hastings to further analyze the challenges to the PBA leases as disguised financing arrangements. As part of these efforts, CST Law conducted additional legal research and communicated the results to Paul Hastings attorneys.

## XI.     Fee Application (Matter ID: 396-00015)

      (a)      <u>Fee / Employment Applications (Task Code: B160)</u>

            Fees:   $2,774.00       Total Hours:   16.20

68.     Pursuant to the Fee Examiner's request, CST Law has established a matter to keep track of the time incurred in compliance with the Fee Examiner's requests. The time spent in the Fee Application Period pertains to the time spent in compliance with the Fee Examiner's requests including communications with the mentioned examiner, and time to prepare the Fifth Interim Application.

## XII. Commonwealth Claims Review (Matter ID: 396-00017)

69.     During the sixth interim fee application period, CST Law worked closely with Paul Hastings in the review of all (152) claims filed against the Commonwealth exceeding ten million dollars. CST Law spent a considerable amount of time reviewing and analyzing the Proof of Claims (POCs) filed by creditors and the supporting evidence and documents submitted by creditors with their POCs, to gain a better understanding of the claims against the Commonwealth, conduct an assessment and determine the potential related exposure. The claims entailed aspects of, for example, tax law, corporate law, civil rights litigation, torts litigation, employment law and constitutional law (Takings Clause), which made it necessary to integrate several members from CST Law to conduct the necessary review and analysis. Due to the Spanish language and given the substantial aspects of local law, CST Law's participation and involvement in the review of the claims submitted against the Commonwealth exceeding ten million dollars was substantial. On many occasions, the detailed review and analysis of the claims asserted against the Commonwealth – analysis which is ongoing as it pertains to various large claims, entailed requesting and visiting local courts and administrative agencies in order to gain access to the casefiles and/or relevant contracts and documents which were not part of the POCs. Similarly, our review and analysis also

encompassed a large sample of claims up to ten million (the sample was of 1,229 claims) and another sample of claims with an unspecified amount of recovery consisting (the sample) of 635 claims.  Notably, while these claims were divided among Paul Hastings and CST Law, the latter had to review its share and those that were either in Spanish or had supporting documents in Spanish.

(a)    Pleadings Review (Task Code: B113)

Fees:    $2,295.00      Total Hours:    8.50

70.    During the Application Period, CST Law reviewed various pleadings to be adequately prepared to provide services to the Committee and assist Paul Hastings in its representation of the Committee.

(b)    Avoidance Action Analysis (Task Code: B180)

Fees:    $1,260.00      Total Hours:    6.30

71.    CST Law's review and analysis also included a limited avoidance action analysis encapsulated in possible recovery, to develop strategy and next steps.

(c)    Other Contested Matters (Task Code: B190)

Fees:    $12,185.00      Total Hours:    59.00

72.    During the Application Period, CST Law reviewed and analyzed several POCs in order to provide supplement Paul Hastings' assessment.

(d)    General Litigation (Task Code: B191)

Fees:    $20,181.00      Total Hours:    82.80

73.    CST Law conducted comprehensive revision of several POCs casefiles per the request of Paul Hastings team.

(e)    Claims Administration and Objections (Task Code: B310)

Fees:   $37,858.00      Total Hours:   157.00

74.     During the Application Period, CST Law was engaged in various matters, including analysis of several POCs, research and assessment. On many occasions, the detailed review and analysis of the claims asserted against the Commonwealth, entailed requesting and visiting local courts and administrative agencies in order to gain access to the casefiles and/or relevant contracts and documents which were not part of the POCs submitted. The review and analysis encompassed a large sample of claims up to ten million (the sample was of 1,229 claims) and another sample of claims with an unspecified amount of recovery consisting (the sample) of 635 claims. Notably, while these claims were divided among Paul Hastings and CST Law, the latter had to review its share and those that were either in Spanish or had some supporting documents in Spanish.

(f)      Objections to Claims (Task Code: B312)

Fees:   $26,552.00      Total Hours:   125.30

75.     As mentioned above, the claims entailed aspects tax law, corporate law, civil rights litigation, torts litigation, employment law and constitutional law (Takings Clause), which made it necessary to integrate several members from CST to conduct the necessary review and analysis. A limited analysis was performed in the scope of potential objections that might be raised by respondent parties.

**XIII.  Avoidance Actions (Matter ID: 396-00018)**

76.     Aside from the Committee's pursuance of being named 926 Trustee on various actions, eventually, after the Court declined the request, the Committee was included as co-plaintiff in the avoidance actions due to the *Aurelius* decision risk factor. As such, during the sixth interim fee period, CST Law was heavily involved in the research concerning the filing of garden variety avoidance actions against various vendors of the PROMESA Title III debtors (other than COFINA).

A considerable amount of time was spent analyzing local laws and caselaw from the Puerto Rico Supreme Court to determine and recommend potential claims for avoidance, including preferential transfers and fraudulent transfers. CST Law also spent a considerable amount of time reviewing the more than 300 hundred avoidance actions that were eventually filed against various vendors of the PROMESA Title III debtors, as well as reviewing tolling agreements offered to vendors, while interfacing with vendors in connection with these tolling agreements. CST Law is the local counsel to the Committee and provides counsel with respect to the "garden-variety" avoidance actions [Adv. Proc. Nos. 19-041 to 19-279, Adv. Proc. Nos. 19-347 to 19-354, and additional adversary proceedings to be commenced with respect to PREPA]. Notably, to continue the Committee's efficiency, it was agreed that CST Law, rather than Paul Hastings, would largely handle the garden variety claims. Accordingly, CST Law worked closely with the law firm of Brown Rudnick and was actively involved in the discussion, creation and implementation of an Informal Resolution Protocol ("Protocol") to resolve the garden variety avoidance actions and tolling agreements. For the implementation of the Protocol, CST Law collaborated in the creation of Information Exchange Request letters and was charged with notifying said letters to over 160 vendors parties to adversary proceedings. During the referenced period CST Law also provided support to GJB, the Committee's special litigation counsel, and Paul Hastings, in connection with the adversary proceeding against various underwriters, law firms, accounting firms, and other parties involved in the issuance of securities and clawback actions.

    (a)    <u>Pleadings Review (Task Code: B113)</u>

        Fees:  $11,881.00    Total Hours:  44.30

    77.    CST also spent a considerable amount of time reviewing the more than 300 complaints that were eventually filed against various vendors of the PROMESA Title III debtors,

as well as reviewing tolling agreements offered to vendors, while interfacing with vendors in connection with the tolling agreements.

(b)   Avoidance Action Analysis (Task Code: B180)

Fees:   $3,651.00     Total Hours:   15.50

78.   A considerable amount of time was spent analyzing local laws and case law from the Puerto Rico Supreme Court to determine and recommend potential claims for avoidance, including preferential transfers and fraudulent transfers.

(c)   Other Contested Matters (Task Code: B190)

Fees:   $10,283.00    Total Hours:   46.20

79.   During the application period CST Law spent a considerable amount of time analyzing local laws and caselaw from the Puerto Rico Supreme Court to determine and recommend potential claims for avoidance, including preferential transfers and fraudulent transfers. Also, extensive legal research and analysis was conducted to further support these causes of action.

(d)   General Litigation (Task Code: B191)

Fees:   $34,791.00    Total Hours:   142.40

80.   Aside from the Committee's pursuance of being named 926 Trustee on various actions, eventually, after the Court declined the request, the Committee was included as co-plaintiff in the avoidance actions due to the *Aurelius* decision risk factor. As such, during the sixth interim fee period, CST Law was heavily involved in the research concerning the filing of garden variety avoidance actions against various vendors of the PROMESA Title III debtors (other than COFINA). A considerable amount of time was spent analyzing local laws and caselaw to determine and recommend potential claims for avoidance, including preferential transfers and fraudulent transfers.

(e)   Claims Administration and Objections (Task Code: B310)

31

Fees:   $15,492.00      Total Hours:   71.10

81.     CST worked closely with the law firm of Brown Rudnick and was actively involved in the discussion, creation and implementation of a Protocol to resolve the garden variety avoidance actions and tolling agreements. For the implementation of this Protocol, CST reviewed and edited Information Exchange Request letters and was charged with notifying these to over 160 parties to adversary proceedings.

(f)     <u>Objections to Claims (Task Code: B312)</u>

Fees:   $1,458.00      Total Hours:   5.40

82.     As mentioned above, avoidance actions entailed causes of action related to preferential transfers and fraudulent transfers. A limited analysis was performed in the scope of potential objections that might be raised by the defending parties.

*****

83.     The foregoing professional services were necessary and appropriate to the administration of the Title III Cases and were incurred upon in the best interests of the Committee, the Debtors, the creditors, and other parties in interest.

**ATTENDANCE AT HEARINGS**

84.     In accordance with the presumptions set forth in the Order on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications [Docket No. 3932] (the "Presumptive Standards Order"), CST Law provides the following summary regarding the attendance of CST professionals at Court hearings, as counsel to the Official Committee of Unsecured Creditors:

- February 26, 2019: Hearing on the Oversight Board's motion to compel discovery from PREPA's bond insurers. The attendance complies with the presumptive standards set forth in the Presumptive Standards Order.

- March 13, 2019: Omnibus hearing included an important status conference regarding recent developments in the Title III Cases. The attendance complies with the presumptive standards set forth in the Presumptive Standards Order.

- April 1, 2019: Hearing on discovery disputes related to the ERS bondholders' motion for relief from stay. The attendance complies with the presumptive standards set forth in the Presumptive Standards Order.

- April 18, 2019 (CST Law participated in this hearing via telephone): Omnibus hearing on the Commonwealth Stipulation. The attendance complies with the presumptive standards set forth in the Presumptive Standards Order.

- April 24, 2019: Omnibus hearing included argument on a number of contested motions of critical importance to the Committee, including the motion to approve the Commonwealth Stipulation, the Committee's Derivative Standing Motion, the motion of certain GO creditors for procedures in connection with a "Conditional Objection" to certain as-yet unchallenged bonds, and the motion of a *pro se* bondholder for the appointment of an official bondholders' committee. The attendance complies with the presumptive standards set forth in the Presumptive Standards Order.

- May 2, 2019: Hearing on discovery disputes related to the ERS bondholders' motion for relief from stay. The attendance complies with the presumptive standards set forth in the Presumptive Standards Order.

- May 16, 2019: Hearing on the HTA/ERS Stipulation. The attendance complies with the presumptive standards set forth in the Presumptive Standards Order.

**REPORT ON CO-PLAINTIFF ADVERSARY PROCEEDINGS**

90. As requested by the Fee Examiner, we set forth below the status of the various co-plaintiff adversary proceedings jointly commenced by the Oversight Board or its Special Claims Committee, on the one hand, and the Committee, on the other hand, pursuant to stipulations for the joint prosecution of causes of action, *i.e.*, the Commonwealth Stipulation and the HTA/ERS Stipulation.

- Adversary Proceeding Against Underwriters, etc.: CST, as counsel to the Official Committee of Unsecured Creditors, represents the Committee with respect to the adversary proceeding against various underwriters and other parties involved in the issuance of Commonwealth bonds [Adv. Proc. No. 19-280].

- <u>Garden-Variety Avoidance Actions</u>: CST Law, as counsel to the Official Committee of Unsecured Creditors, represents the Committee with respect to the "garden-variety" avoidance actions [Adv. Proc. Nos. 19-041 to 19-279, and Adv. Proc. Nos. 19-347 to 19-354].

- <u>Currently Stayed Co-Plaintiff Adversary Proceedings</u>: By order dated June 13, 2019, the Court stayed, until September 1, 2019, the following co-plaintiff adversary proceedings:

  o Eight adversary proceedings seeking to recover fraudulent transfers made on account of GO bonds that were not validly issued [Adv. Proc. No. 19-281, Adv. Proc. No. 19-282, Adv. Proc. No. 19-283, Adv. Proc. No. 19-284, Adv. Proc. No. 19-285, Adv. Proc. No. 19-286, Adv. Proc. No. 19-287, and Adv. Proc. No. 19-288];

  o Seven adversary proceedings challenging liens asserted by certain holders of GO bonds [Adv. Proc. No. 19-291, Adv. Proc. No. 19-292, Adv. Proc. No. 19-293, Adv. Proc. No. 19-294, Adv. Proc. No. 19-295, Adv. Proc. No. 19-296, and Adv. Proc. No. 19-297];

  o Seven adversary proceedings seeking to recover fraudulent transfers made on account of ERS bonds that were not validly issued [Adv. Proc. No. 19-355, Adv. Proc. No. 19-356, Adv. Proc. No. 19-357, Adv. Proc. No. 19-358, Adv. Proc. No. 19-359, Adv. Proc. No. 19-360, and Adv. Proc. No. 19-361]; and

  o Four adversary proceedings challenging liens asserted by certain holders of HTA bonds [Adv. Proc. No. 19-362, Adv. Proc. No. 19-363, Adv. Proc. No. 19-364, and Adv. Proc. No. 19-365].

  In light of the stay orders, CST Law does not expect to expend any significant time on these adversary proceedings, other than minor administrative and/or procedural work.

- <u>ERS Lien Adversary Proceedings</u>: Proskauer Rose LLP, counsel for the Oversight Board, has primary responsibility for the adversary proceedings seeking declarations on the scope of the liens purportedly securing the ERS bonds [Adv. Proc. No. 19-366 and Adv. Proc. No. 19-367].

## ACTUAL AND NECESSARY DISBURSEMENTS

91.   As set forth in <u>Exhibit D</u> hereto, CST Law disbursed $16,319.32 as expenses incurred in providing professional services during the Interim Fee Period.

92.     Because CST Law believes that online legal research (e.g., LEXIS and WESTLAW) is far more cost-efficient than manual research using hard-bound volumes, CST Law encourages computerized legal research even though it is not a profit center for CST Law.

93.     The time constraints imposed by the circumstances of the matters handled by CST Law during the Interim Fee Period required its attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf of the Committee. These extraordinary services were essential to meet deadlines, timely respond to daily inquiries, and satisfy the Committee's needs and demands. Attorneys and other CST Law employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs in accordance with the Local Rules and firm policy. CST Law's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the provision of legal services.

94.     CST Law believes the rates for charges incurred are the market rates that most law firms charge clients for such services. In addition, CST Law believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

95.     Section 316 provides for the compensation of professionals. Specifically, the section provides that a Court may award a professional employed by a committee under Section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered…

and reimbursement for actual, necessary expenses." PROMESA §316(a). Section 316 of
PROMESA also sets forth the criteria for the award of such compensation and reimbursement:

> (a) In determining the amount of reasonable compensation to be awarded to a
> professional person, the court shall consider the nature, the extent, and the value
> of such services, taking into account all relevant factors, including:
>
> (i) the time spent on such services;
>
> (ii) the rates charged for such services;
>
> (iii) whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this chapter;
>
> (iv) whether the services were performed within a reasonable amount of
> time commensurate with the complexity, importance, and nature of the
> problem, issue, or task addressed;
>
> (v) with respect to a professional person, whether the person is board
> certified or otherwise has demonstrated skill and experience in the
> restructuring field; and
>
> (vi) whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases other
> than cases under this title or title 11, United States Code.

PROMESA §316(c). Further, section 317 of PROMESA provides that "a committee… may
apply to the court not more than once every 120 days… for such compensation for services
rendered…"

96.     In the instant case, CST Law respectfully submits that the services for which it
seeks compensation in this Application were, at the time rendered, believed to be necessary for
and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to
protect, preserve, and maximize the value for unsecured creditors during the pendency of the
Title III Cases. The services rendered to the Committee were performed in an economic, effective,
and efficient manner commensurate with the complexity and importance of the issues involved.
The results obtained to date have benefited not only the Committee but also the Debtors
and their stakeholders. Accordingly, the compensation requested herein is reasonable considering

the nature, extent, and value of such services to the Committee, the Debtors, and all parties in interest.

97.     The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task. Whenever possible, CST Law sought to minimize the costs of CST Law's services to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments. A small group of the same CST Law attorneys was utilized for the vast majority of the work in this case, to minimize the costs of intra- CST Law communication and education about the Title III Cases. As demonstrated by this Application, CST Law spent its time economically and without unnecessary duplication. Accordingly, approval of the compensation sought herein is warranted.

## NOTICE

98.     In accordance with the Interim Compensation Order, CST Law will provide notice of this Application to (i) the attorneys for the Oversight Board, Proskauer Rose LLP and O'Neill & Borges LLC; (ii) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP and Marini Pietrantoni Muñiz LLC; (iii) the Office of the United States Trustee for the District of Puerto Rico; (iv) the attorneys for the Official Committee of Retired Employees, Jenner & Block LLP and Bennazar, García & Milián, C.S.P.; (v) the Puerto Rico Department of Treasury; (vi) the Fee Examiner, Brady Williamson; and (vii) counsel to the Fee Examiner, Godfrey & Kahn, S.C. and EDGE Legal Strategies, PSC. In addition, the notice of hearing with respect to this Application will be served on all parties that have filed a notice of appearance in the Title III Cases.

## CONCLUSION

WHEREFORE, CST Law respectfully requests entry of an order (i) allowing interim compensation for professional services rendered during the Interim Fee Period in the amount of $498,096.50 and expense reimbursements in the amount of $16,319.32; (ii) directing the Debtors' payment of the amounts allowed and; (iii) granting CST Law such other and further relief as is just.

Date: July 15, 2019
In San Juan, Puerto Rico

/s/Juan J. Casillas-Ayala
Juan J. Casillas-Ayala, Esq.

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC-PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Counsel to the Official Committee of Unsecured Creditors*