IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, et al.,

Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-------------------------------------------------------------------x

ORDER AUTHORIZING THE FILING OF DOCUMENTS UNDER SEAL AND GRANTING
LIMITED RELIEF FROM SUPPLEMENTAL CASE MANAGEMENT ORDER

This matter is before the Court on the *Urgent Motion of the Financial Oversight and Management Board for Puerto Rico, Acting Through its Special Claims Committee, for Entry of an Order Authorizing the Filing of Documents Under Seal and for Related Relief.* (Dkt. No. 7926 in 17-BK-3283) ("Urgent Motion")[2]. Therein, the Special Claims Committee has submitted (1) a request to file the First Supplemental Key under seal, as such request is required by this Court's order at Dkt. No. 6967 in 17-BK-3283 ("Confidentiality Order"), (2) a proposal by which the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Urgent Motion.

Special Claims Committee would submit summonses under seal to the Clerk of Court and by which summonses would be issued under seal, and (3) a request to amend the *Supplemental Case Management Order No. 1 Regarding Procedures in Connection with the Commencement of Adversary Proceedings* (Dkt. No. 6530 in 17-BK-3283) to allow for plaintiffs to name up to 250 defendants in an adversary proceeding.

In a previous order of this Court related to discovery efforts preceding the filing of the adversary proceedings at issue, this Court advised the parties that "sealing should be proposed only in very limited circumstances, if at all.  Not only does sealing keep information from the public, but it imposes an incredible administrative burden on the Court."  (Dkt. No. 6384).  Following this Court's instruction, the parties submitted proposed language, and on May 15, 2019, this Court allowed confidentiality procedures for the production of documents and commencement of adversary proceedings which allow for information to be sealed for a limited duration.  (Confidentiality Order ¶ 10(b)).  Thereby, the Special Claims Committee (or other appropriate plaintiff) was permitted to commence litigation against certain defendants using pseudonyms that would only be used in "initial pleading and case commencement materials and shall terminate twenty-one (21) days after the [plaintiff] provides such defendant, at the time of service, with reasonable notice and an opportunity to object to the use of its Confidential Information."  (Id.).  The mechanics of such requires that the Special Claims Committee file a "key" under seal.  Pursuant to this Court's order, the Special Claims Committee is required to file a motion to seal before doing so.  (Id. n.11).

This Court allowed the Special Claims Committee to file its first key under seal.  (Dkt. No. 7096).  By way of this Urgent Motion, the Special Claims Committee now asks to file a

supplemental key under seal as well as for approval of a process by which summonses will be sealed in the first instance.

Taking into account the prior arguments regarding confidentiality from the parties, and recognizing the limited duration of any sealing in the first instance, the Court finds that the limited request to seal information is proper. See 11 U.S.C. § 107(b).

In addition, the Special Claims Committee seeks to exceed this Court's previous requirement for the maximum number of defendants in an adversary proceeding. A similar request asking to file cases with up to a thousand (1,000) defendants was recently denied by Judge Swain. (Dkt. No. 7510 in 17-BK-3283). The Special Claims Committee now seeks more limited relief – to file cases against up to 250 defendants. This smaller increase is feasible and the Court finds good cause to allow it in order to decrease the volume of new case filings in these proceedings. The parties shall continue to follow the procedures identified at https://www.prd.uscourts.gov/promesa/how-file-ap-case-50-parties-or-more when filing suit against 50 or more parties.

Accordingly, the Court ALLOWS the Urgent Motion as follows:

1. The First Supplemental Key shall be filed under seal. For procedural purposes, the Special Claims Committee shall file a short motion to seal in each impacted adversary proceeding referring to this order. Such procedure is necessary so that sealed documents can be filed as related to this relief.

2. The Special Claims Committee shall submit to the Clerk of Court forms of summonses as appropriate for each Challenged Bond Avoidance Action, following which (upon satisfaction of all other applicable requirements for issuance of summons) the Clerk of Court shall cause such

summonses to be issued and entered on the docket under seal. When filing executed summonses for a case with multiple defendants, the Special Claims Committee must, to the extent feasible, file such documents together in a single filing under seal.

3. Within thirty (30) days of the initial sealing period allowed for by the Confidentiality Order, the Special Claims Committee shall file an informative motion with the Court identifying documents and information to be unsealed. If any information is to remain sealed, the parties must submit additional briefing to the Court at that time justifying such action in light of the public right of access to judicial documents. The Court will take any such further sealing request on submission.

4. The Special Claims Committee and the UCC may file amended complaints in the Challenged Bond Avoidance Actions, each of which may name more than on hundred (100) but not more than two hundred and fifty (250) defendants.

5. For purposes of the above paragraph, any entity described as a group of parties whose identities are not presently known shall be counted as a single defendant.

This resolves Dkt. No. 7926.

SO ORDERED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED: July 15, 2019