Exhibit 2

Redline of Amended Standing Order

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

In re:

In the Matter of Procedures in
Civil Cases and Adversary Proceedings
Pending Before Judge Swain

-----------------------------------------------------------x

<u>FIRST AMENDED STANDING ORDER</u>

Unless otherwise ordered by Judge Swain, the above matters before Judge Swain shall be conducted in accordance with the following practices:

**1. Communications with Chambers (General)**

    **a.**   **Chambers address:**

        All hard-copy documents for Chambers must addressed as follows:

        Hon. Laura Taylor Swain
        Daniel Patrick Moynihan United States Courthouse
        500 Pearl Street, Suite 3212
        New York, NY 10007

        Email courtesy copies must be addressed to
        SwainDPRCorresp@nysd.uscourts.gov.

    **b.**   **Communications to be made by Motion.** In accordance with Local Civil Rule 77A, all communications with Chambers must be by written motion filed electronically on the ECF system, with a courtesy copy, clearly marked as such, delivered to the Court by email to SwainDPRCorresp@nysd.uscourts.gov. The courtesy must be a copy of the filed version of the Motion and must include the automatically-generated ECF header (that is, the text – for example, "Case 1:17-CV-XXXX-LTS Document 10 Filed mm/dd/yyyy Page 1 of 1" – appearing at the top of each page of a document on the ECF system). ~~Two hard courtesy copies must be provided, by hand or by overnight mail to the Chambers address above, of any filing exceeding ten (10) pages in length.~~

    **c.**   **Prior Consultation with Opposing Parties Required.** Prior to requesting any judicial action, the requesting counsel must consult to the greatest extent feasible with all other affected parties in an effort to obtain their consent to the request. The notice of motion must include confirmation that

such effort has been made and must indicate whether the request is being made on consent.  See also Paragraph 2.a. below.

**2. Motions to Dismiss, For Injunctive Relief or Summary Judgment**

   **a.   Informal efforts to resolve issues required.**

   **(i)   Pre-motion communications.**

   **(A)**   Prior to making a motion to dismiss a pleading, for a temporary or permanent injunction, for summary judgment or for similar case- or claim-dispositive or prohibitive relief, the parties must use their best efforts to resolve informally the matters in controversy.  Such efforts must include, but need not be limited to, an exchange of letters outlining their respective legal and factual positions on the matters and at least one telephonic or in-person discussion of the matters.

   **(B)**   If a motion pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c) or Fed. R. Bankr. P. 7012(b) (a "Rule 12 Motion") is contemplated, the plaintiff or counterclaimant must indicate whether it wishes to amend the subject pleading prior to motion practice, and the parties must consider in good faith a stipulation permitting such amendment.

   **(ii)   Certification in notice of motion.**  If a motion remains necessary, the notice of motion must include a separate paragraph certifying in clear terms that the movant has used its best efforts to resolve informally the matters raised in its submission.  If the motion is a Rule 12 Motion, the certification must also state whether the challenged pleading has been amended in response to the arguments raised in the motion.

   **(iii)   Statement by non-moving party.**  Within seven (7) days after a Rule 12 Motion is filed, the non-moving party must, by informative motion filed on the ECF System, notify the moving party of its intent to amend the complaint as of right, make any request for leave to amend in response to the motion (such request must be accompanied by a proposed amended complaint, blacklined to show changes from the operative pleading) or state that it will file its opposition to the motion without further amendment.  Courtesy copies must be provided to chambers in accordance with Paragraph 1.b.  If no such motion is filed within seven (7) days, the motion will be briefed in accordance with Local Civil Rule 7 (in the case of a civil action) or Local Bankruptcy Rules 9013-1(c) and 9013-2 (in the case of an adversary proceeding), and any reply papers must be filed within

        seven (7) days after service of the opposition papers. If the pleading will be amended as of right, briefing of the motion is stayed pending the timely filing of the amendment. If leave to amend is requested, briefing on the dismissal motion is stayed pending the Court's resolution of the request.

**b.**     **Evidentiary support.** Evidentiary support, in admissible form, of all factual assertions relied upon in support of or in opposition to a motion must be filed and served with the moving or opposition papers, as the case may be. Recitals in notices of motion, attorneys' affirmations, assertions of material factual matters "on information and belief" and the like are generally insufficient to establish factual matters.

**c.**     **Briefing.** Unless otherwise directed by the Court in the particular case, motions must be briefed in accordance with Local Civil Rule 7 (in the case of a civil action) or Local Bankruptcy Rule 9013-1(c) and 9013-2 (in the case of an adversary proceeding), and any reply papers must be filed within seven (7) days after service of the opposition papers. The page limit and format specifications of Local Civil Rule 7 shall apply to all motion practice unless otherwise ordered by the Court. Memoranda of 10 pages or more must contain a table of contents.

~~**d.**~~     ~~**Courtesy copies.** Two sets of courtesy copies, marked as such, of all pleadings and motion papers exceeding ten (10) pages in length must be sent by overnight mail to the Chambers address provided in Paragraph 1.a as soon as practicable after filing.~~

**e̶d.**     **Filing of motion papers.** Motion papers must be filed electronically, in accordance with the electronic filing procedures of the United States District Court for the District of Puerto Rico.

**f̶e.**     **Oral argument and evidentiary proceedings on motions.** Parties may request oral argument and/or indicate the need for an evidentiary hearing at the time their moving, opposing or reply papers are filed, by including a conspicuous notation of the request on the top right-hand corner of the cover page of the relevant paper. The Court will determine whether argument will be heard and/or whether an evidentiary proceeding is required to resolve disputed factual issues and, if it determines that such an argument or proceeding is necessary, will advise counsel of the relevant date.

3. **Pre-trial Procedures**

    a. **Joint pre-trial statement.** A joint pre-trial statement must be filed, and other materials submitted, in accordance with the Pre-Trial Scheduling Order entered in the particular case.

4. **Proposed Orders**

    a. **Submission of proposed orders.** Each motion shall, when filed, be accompanied by a proposed order. A copy of the proposed order in Microsoft Word format shall also be emailed to SwainDPRCorresp@nysd.uscourts.gov.

    b. **Motions for Orders to Show Cause.** Unless application for ex parte temporary injunctive relief is made in accordance with Fed. R. Civ. P. 65(b)(1), the applicant must file the proposed Order to Show Cause and all supporting papers on the ECF system and provide copies to any affected opposing parties who are not represented by ECF-registered counsel before filing the motion. Any ex parte filing must be made in accordance with the electronic filing procedures of the United States District Court for the District of Puerto Rico.

5. **Redactions and Filing Under Seal**

    a. Any party wishing to file in redacted form and/or under seal any document, or any portion thereof, must make a specific request to the Court by motion explaining the particular reasons for seeking to file that information under seal. See 11 U.S.C. § 107; Fed. R. Bankr. P. 9018; P.R. LBR 9018-1.

    To be approved, redactions must be narrowly tailored to serve whatever purpose justifies them and otherwise consistent with the presumption in favor of public access to judicial documents. See Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Glob. Corp.), No. CIV.A. 05-10334-DPW, 2005 WL 1027348, at *10 (D. Mass. May 2, 2005), aff'd, 422 F.3d 1 (1st Cir. 2005). In general, parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. See, e.g., Togut v. Deutsche Bank AG (In re Anthracite Capital, Inc.), 492 B.R. 162, 182 (Bankr. S.D.N.Y. 2013).

    The motion to seal must be filed electronically using the correct event in CM/ECF, unless otherwise authorized by the court. See P.R. LBR 9018-1(a). The motion must include (1) the grounds for sealing; (2) a redacted

<div style="color:red; text-decoration: underline;">copy of the documents sought to be sealed with only those redactions necessary to preserve confidentiality, made in good faith; and (3) a proposed order that contains (i) the identity of any parties other than the moving party who will have access to the documents to be sealed, (ii) the duration of the seal, and (iii) language indicating the order is without prejudice to the rights of any party in interest to seek to unseal the documents or any part thereof.  The movant must serve unredacted copies of the relevant documents on motion counterparties to the extent the movant is requesting that the court permit counterparties to have access to the sealed documents, and must provide unredacted courtesy copies of the motion to seal and the relevant document(s) with all proposed redactions in highlighted form to the chambers of Judge Swain or Judge Dein (as applicable) at SwainDPRCorresp@nysd.uscourts.gov or DeinDPRCorresp@mad.uscourts.gov.</div>

SO ORDERED.

Dated:  ~~September 15, 2017~~July 16, 2019

/s/ Laura Taylor Swain
Laura Taylor Swain
United States District Judge