# EXHIBIT 2

## CERTIFICATION

I, Olga L. Ortiz, Secretary of the Board of Directors of Puerto Rico Infrastructure Financing Authority **DO HEREBY CERTIFY** that attached hereto is a true and correct copy of Resolution 2005-17 duly adopted by the Board of Directors of said Authority at a meeting duly called and held on June 2, 2005, at which a quorum was present and acting throughout. Said resolution has not been repealed, revoked, rescinded or amended, and is in full force and effect on the date hereof.

**IN WITNESS WHEREOF, I SET** my hand and the corporate seal of Puerto Rico Infrastructure Financing Authority, this 16th day of June, 2005.

_Olga L. Ortiz_
Secretary

**(SEAL)**

## PUERTO RICO INFRASTRUCTURE FINANCING AUTHORITY

**Board of Directors**

### CERTIFICATE AS TO MEETING OF THE
### BOARD OF DIRECTORS OF PUERTO RICO
### INFRASTRUCTURE FINANCING AUTHORITY

I, Olga L. Ortiz, Secretary of the Puerto Rico Infrastructure Financing Authority (the "Authority"), DO HEREBY CERTIFY that the following is a true and correct copy of the pertinent extracts of the minutes of the meeting of Board of Directors of the Authority held on June 2, 2005 showing the adoption of Resolution 2005-17 by the Board of Directors of the Authority.

I FURTHER CERTIFY that such Resolution is the only Resolution of the Authority relating to the issuance of $309,102,577.35 in aggregate principal amount of Puerto Rico Infrastructure Financing Authority Special Tax Revenue Bonds, Series 2005A, $324,625,000 in aggregate principal amount of Puerto Rico Infrastructure Financing Authority Special Tax Revenue Bonds, Series 2005B and $699,235,338.80 in aggregate principal amount of Puerto Rico Infrastructure Financing Authority Special Tax Revenue Refunding Bonds, Series 2005C, and such Resolution has not been amended, annulled, rescinded or revoked in any way, and the same is still in full force and effect.

I FURTHER CERTIFY that each member of the Board of Directors of the Authority was furnished with notice of said meeting in compliance with the By-Laws of the Authority.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of Puerto

Rico Infrastructure Financing Authority this 16th day of June, 2005.

Olga L. Ortiz

Secretary

Puerto Rico Infrastructure

Financing Authority

[SEAL]

> EXCERPTS FROM THE MINUTES OF THE MEETING OF
> THE BOARD OF DIRECTORS OF PUERTO RICO
> INFRASTRUCTURE FINANCING AUTHORITY HELD ON
> THE 2nd DAY OF JUNE, 2005 AT 1:45 PM, AT THE OFFICE
> OF PUERTO RICO INFRASTRUCTURE FINANCING
> AUTHORITY, SAN JUAN, PUERTO RICO.

The meeting of the Board of Directors of Puerto Rico Infrastructure Financing Authority was called to order at the office of Puerto Rico Infrastructure Financing Authority, San Juan, Puerto Rico, by Alfredo Salazar, who presided, and Olga L. Ortiz, who acted as Secretary at the meeting. Upon calling the roll the Secretary reported that the following members of the Board were present:

Alfredo Salazar-Conde, Vice President (acting as Interim President)
José F. Rodríguez-Perelló
Jorge Silva-Puras
Rafael Martínez-Margarida
Jorge Irizarry
Magda L. Aguiar Serrano

The following members of the Board were excused:

Hon. Juan C. Méndez-Torres
Ing. Ileana I. Fas-Pacheco

There was presented for consideration the following Resolution which, after full discussion, was unanimously adopted by all members of the Board present.

NY1 5692234v.9 45967/87

### RESOLUTION 2005-17

**RESOLUTION AUTHORIZING THE ISSUANCE OF $309,102,577.35 PUERTO RICO INFRASTRUCTURE FINANCING AUTHORITY SPECIAL TAX REVENUE BONDS, SERIES 2005A, $324,625,000 PUERTO RICO INFRASTRUCTURE FINANCING AUTHORITY SPECIAL TAX REVENUE BONDS, SERIES 2005B AND $699,235,338.80 PUERTO RICO INFRASTRUCTURE FINANCING AUTHORITY SPECIAL TAX REVENUE REFUNDING BONDS, SERIES 2005C, FIXING THE REDEMPTION TIMES AND PRICES FOR EACH SERIES OF SAID BONDS, FIXING THE AMORTIZATION REQUIREMENTS FOR SAID BONDS, AWARDING SAID BONDS, SPECIFYING THE INTEREST RATES FOR EACH SERIES OF SAID BONDS, AUTHORIZING THE EXECUTION AND DIRECTING THE AUTHENTICATION AND DELIVERY OF EACH SERIES OF SAID BONDS AND THE CONTRACT OF PURCHASE RELATING THERETO, DIRECTING THE APPLICATION OF THE PROCEEDS OF EACH SERIES OF SAID BONDS AND AUTHORIZING THE USE THEREOF, APPROVING THE FORM OF THE PRELIMINARY OFFICIAL STATEMENT RELATING TO SAID BONDS, AUTHORIZING THE EXECUTIVE DIRECTOR TO SIGN THE OFFICIAL STATEMENT RELATING TO SAID BONDS AND AUTHORIZING THE USE THEREOF, APPROVING THE FORM AND AUTHORIZING THE EXECUTION AND DELIVERY OF AN ESCROW DEPOSIT AGREEMENT, AUTHORIZING THE EXECUTION AND DELIVERY OF A SUPPLEMENTAL AGREEMENT TO THE TRUST AGREEMENT, PERMITTING THE INCLUSION OF THE LEGAL OPINION OF BOND COUNSEL ON EACH OF SAID BONDS, AUTHORIZING THE OFFICERS OF THE AUTHORITY AND ANY VICE PRESIDENT OF GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO TO EXECUTE SEPARATE INSURANCE COMMITMENTS RELATING TO SAID BONDS AND COVERING CERTAIN OTHER RELATED MATTERS.**

**BE IT RESOLVED** by the Board of Directors of Puerto Rico Infrastructure Financing Authority (the "Authority"):

Section 1.    For the purpose of providing funds for (a) repaying $26,331,792.08 advanced to the Authority by Government Development Bank for Puerto Rico ("GDB") under a line of credit evidenced by notes of the Authority issued to GDB and any additional amounts to be advanced to said Authority by GDB under such line of credit evidenced by additional notes of the Authority issued to GDB prior to the delivery of the 2005A Bonds (hereinafter mentioned) (the "Line of Credit Notes"), such Notes having been or being issued for the purpose of providing funds for paying the cost of certain capital improvements undertaken by the Authority or other government instrumentalities of the Commonwealth of Puerto Rico and (b) making a deposit to the credit of a special construction fund established in Section 12 below, and (c) paying certain expenses relating to the issuance thereof, the issuance of special tax revenue bonds of the Authority in the aggregate principal amount of Three Hundred Nine Million One

Hundred Two Thousand and Five Hundred Seventy-seven and 35/100 Dollars ($309,102,577.35) under and pursuant to the provisions of the Trust Agreement (hereinafter mentioned), is hereby authorized.

Section 2. The bonds authorized by Section 1 of this Resolution (the "2005A Bonds") shall be issued under a trust agreement, dated as of October 1, 1988, as amended (the "Trust Agreement"), by and between the Authority and U.S. Bank Trust National Association, successor trustee (the "Trustee"). Said bonds shall be designated "Puerto Rico Infrastructure Financing Authority Special Tax Revenue Bonds, Series 2005A", shall be dated their date of delivery and shall be issuable as registered bonds without coupons in denominations of $5,000 and any multiple thereof ($5,000 maturity amount and any multiple thereof with respect to the 2005A Capital Appreciation Bonds (hereinafter mentioned)). $81,920,000 of such bonds shall be serial bonds maturing on July 1 in the years and in the amounts and bearing interest, as follows:

| Year of Maturity | Principal Amount | Interest Rate |
|---|---|---|
| 2014 | $ 3,890,000.00 | 4½% |
| 2015 | 4,065,000.00 | 4½ |
| 2016 | 4,245,000.00 | 4 |
| 2017 | 4,415,000.00 | 4 |
| 2018 | 4,600,000.00 | 4 |
| 2019 | 4,780,000.00 | 4 |
| 2020 | 4,970,000.00 | 5½ |
| 2021 | 5,240,000.00 | 5½ |
| 2022 | 5,525,000.00 | 5½ |
| 2023 | 5,835,000.00 | 5½ |
| 2024 | 6,155,000.00 | 5½ |
| 2025 | 6,495,000.00 | 5½ |
| 2026 | 6,850,000.00 | 5½ |
| 2027 | 7,230,000.00 | 5½ |
| 2028 | 7,625,000.00 | 5½ |

and $277,182,577.35 of such bonds shall be capital appreciation bonds (the "2005A Capital Appreciation Bonds") in the original principal amounts, maturing on July 1, in the years and maturity amounts with interest payable at maturity computed at the rates per annum as follows:

| Year of Maturity | Original Principal Amount | Amount Due at Maturity | Interest Rate |
|---|---|---|---|
| 2029 | $ 23,779,963.20 | $ 70,305,000 | 4.56% |
| 2030 | 22,510,254.90 | 70,305,000 | 4.60 |
| 2031 | 21,400,138.95 | 70,305,000 | 4.62 |
| 2032 | 20,336,424.30 | 70,305,000 | 4.64 |
| 2033 | 19,318,407.90 | 70,305,000 | 4.66 |
| 2034 | 18,448,735.05 | 70,305,000 | 4.66 |
| 2035 | 17,566,407.30 | 70,305,000 | 4.67 |
| 2036 | 16,774,069.95 | 70,305,000 | 4.67 |

NY1 5692234v.9 45967/87

| 2037 | 11,460,988.15 | 50,305,000 | 4.67 |
| 2042 | 15,001,840.00 | 86,000,000 | 4.77 |
| 2043 | 14,311,260.00 | 86,000,000 | 4.77 |
| 2044 | 13,651,640.00 | 86,000,000 | 4.77 |
| 2045 | 12,622,447.65 | 83,355,000 | 4.77 |

The amount due at maturity for each 2005A Capital Appreciation Bond shall equal the original principal amount of such 2005A Capital Appreciation Bond set forth above plus interest from its date of initial delivery compounded semi-annually on January 1 and July 1 of each year, commencing January 1, 2006, at the respective rates per annum set forth above.

The initial principal amount of a 2005A Capital Appreciation Bond plus the interest accrued to any given date, based upon the interest rates stated above, compounded semiannually on January 1 and July 1 of each year during the period from the original issue date to said date, represents its "Accreted Value". The Accreted Value of any 2005A Capital Appreciation Bond shall mean, as of any January 1 or July 1, the respective amounts set forth in Schedule A-1 hereto. The Accreted Value of such Bond as of any other date means the sum of (a) the Accreted Value of such Bond on the next preceding January 1 or July 1 and (b) the product of (i) a fraction, the numerator of which is the number of days having elapsed from such next preceding January 1 or July 1 and the denominator of which is the number of days from such next preceding January 1 or July 1 to the next succeeding January 1 or July 1 and (ii) the difference between the Accreted Value of such Bond on such next preceding and the next succeeding January 1 or July 1. The amount due at maturity of a 2005A Capital Appreciation Bond shall equal the Accreted Value of such Bond at maturity. For purposes of calculating Principal and Interest Requirements in the Trust Agreement, the Accreted Value of the 2005A Capital Appreciation Bonds shall be included as principal due and payable on the respective dates on which said Accreted Value is due and payable.

Interest on the 2005A Bonds (other than the 2005A Capital Appreciation Bonds) shall be payable semiannually on the 1st days of January and July in each year to maturity. The first such interest payment, representing six and one-half months' interest, shall be made on January 1, 2006. The 2005A Bonds shall be subject to the right of prior redemption, as hereinafter and in the Trust Agreement set forth, and shall be numbered R05A-1 and upwards. The 2005A Bonds maturing July 1 of the years 2014 through 2028, 2030 through 2033 and 2042 and 2045 (in such context, the "FGIC 2005A Insured Bonds") shall be insured by Financial Guaranty Insurance Company ("FGIC") pursuant to its municipal bond new issue insurance policy (the "FGIC 2005A Policy") and the remainder of the 2005A Bonds (in such context, the "AMBAC 2005A Insured Bonds") shall be insured by AMBAC Assurance Corporation ("AMBAC") pursuant to its financial guaranty insurance policy (the "AMBAC 2005A Policy").

Section 3. For the purpose of providing funds for (a) reimbursing the General Fund for advances made to the University of Puerto Rico, an instrumentality of the Commonwealth authorized to undertake infrastructure projects, for paying a portion of the cost of operations of said entity, and (b) paying certain expenses relating to the issuance thereof, the issuance of special tax revenue bonds of the Authority in the aggregate principal amount of Three Hundred Twenty-Four Million Six Hundred Twenty-five Thousand Dollars ($324,625,000) under and pursuant to the provisions of the Trust Agreement, is hereby authorized.

3

Section 4.    The bonds authorized by Section 3 of this Resolution (the "2005B Bonds") shall be issued under the Trust Agreement, shall be designated "Puerto Rico Infrastructure Financing Authority Special Tax Revenue Bonds, Series 2005B", shall be dated their date of delivery, shall be issuable as registered bonds without coupons in denominations of $5,000 and any multiple thereof. $30,780,000 of such bonds shall be serial bonds maturing on July 1 of the years and in the amounts and bearing interest as follows:

| Year of Maturity | Principal Amount | Interest Rate |
|---|---|---|
| 2011 | $  3,455,000 | 4% |
| 2012 | 3,590,000 | 4 |
| 2013 | 3,735,000 | 4 |
| 2037 | 20,000,000 | 5 |

and the remaining bonds shall be term bonds in the principal amount of $293,845,000, bearing interest at a rate of 5% and maturing July 1, 2041.

Interest on the 2005B Bonds shall be payable semiannually on the 1st days of January and July in each year. The first such interest payment, representing six and one-half months' interest, shall be made on January 1, 2006. The 2005B Bonds shall be subject to the right of prior redemption as hereinafter and in the Trust Agreement set forth, and shall be numbered R05B-1 and upwards. The 2005B Bonds maturing July 1 of the years 2011 through 2013 (in such context, the "FGIC 2005B Insured Bonds") shall be insured by FGIC pursuant to its municipal bond new issue insurance policy (the "FGIC 2005B Policy").

The Amortization Requirements for the term 2005B Bonds maturing July 1, 2041 herein authorized, referred to and defined and subject to adjustment as provided in the Trust Agreement shall be as follows:

| Fiscal Year Ending June 30 | Amortization Requirements |
|---|---|
| 2038 | $  67,845,000 |
| 2039 | 71,500,000 |
| 2040 | 75,500,000 |

Section 5.    For the purpose of providing funds, with other available moneys, for (a) refunding all of the Authority's currently outstanding Puerto Rico Infrastructure Financing Authority Special Tax Revenue Bonds, Series 1997A (the "Refunded Bonds") and (b) paying certain expenses relating to the issuance thereof, the issuance of special tax revenue refunding bonds of the Authority in the aggregate principal amount of Six Hundred Ninety-nine Million Two Hundred Thirty-five Thousand Three Hundred Thirty-eight and 80/100 Dollars ($699,235,338.80) under and pursuant to the provisions of the Trust Agreement, is hereby authorized.

4

Section 6.    The bonds authorized by Section 5 of this Resolution (the "2005C Bonds") shall be issued under the Trust Agreement and shall be designated "Puerto Rico Infrastructure Financing Authority Special Tax Revenue Refunding Bonds, Series 2005C", shall be dated their date of delivery, shall be issuable as registered bonds without coupons in denominations of $5,000 and any multiple thereof ($5,000 maturity amount and any multiple thereof with respect to the 2005C Capital Appreciation Bonds (hereinafter mentioned)). $685,700,000 of such bonds shall be serial bonds maturing on July 1 in the years and in the amounts and bear interest at the rate of 5½% per annum, as follows:

| Year of Maturity | Principal Amount |
|---|---|
| 2011 | $ 24,550,000.00 |
| 2012 | 25,900,000.00 |
| 2013 | 27,325,000.00 |
| 2014 | 28,825,000.00 |
| 2015 | 30,410,000.00 |
| 2016 | 32,085,000.00 |
| 2017 | 33,850,000.00 |
| 2018 | 35,705,000.00 |
| 2019 | 37,670,000.00 |
| 2020 | 39,745,000.00 |
| 2021 | 41,930,000.00 |
| 2022 | 44,240,000.00 |
| 2023 | 46,670,000.00 |
| 2024 | 49,235,000.00 |
| 2025 | 51,945,000.00 |
| 2026 | 54,800,000.00 |
| 2027 | 57,815,000.00 |
| 2028 | 23,000,000.00 |

and the remainder of such bonds shall be capital appreciation bonds (the "2005C Capital Appreciation Bonds") in the original principal amount of $13,535,338.80, maturing on July 1, 2028 in the maturity amount of $37,995,000 with interest payable at maturity computed at 4.53% per annum.

The amount due at maturity for the 2005C Capital Appreciation Bonds shall equal the original principal amount of such 2005C Capital Appreciation Bonds set forth above plus interest from its date of initial delivery compounded semi-annually on January 1 and July 1 of each year, commencing January 1, 2006, at the respective rates per annum set forth above.

The initial principal amount of a 2005C Capital Appreciation Bond plus the interest accrued to any given date, based upon the interest rates stated above, compounded semiannually on January 1 and July 1 of each year during the period from the original issue date to said date, represents its "Accreted Value". The Accreted Value of any 2005C Capital Appreciation Bond shall mean, as of any January 1 or July 1, the respective amounts set forth in Schedule A-2 hereto. The Accreted Value of such Bond as of any other date means the sum of (a) the Accreted

5

Value of such Bond on the next preceding January 1 or July 1 and (b) the product of (i) a fraction, the numerator of which is the number of days having elapsed from such next preceding January 1 or July 1 and the denominator of which is the number of days from such next preceding January 1 or July 1 to the next succeeding January 1 or July 1 and (ii) the difference between the Accreted Value of such Bond on such next preceding and the next succeeding January 1 or July 1. The amount due at maturity of a 2005C Capital Appreciation Bond shall equal the Accreted Value of such Bond at maturity. For purposes of calculating Principal and Interest Requirements in the Trust Agreement, the Accreted Value of the 2005C Capital Appreciation Bonds shall be included as principal due and payable on the respective dates on which said Accreted Value is due and payable.

Interest on the 2005C Bonds (other than the 2005C Capital Appreciation Bonds) shall be payable semiannually on the 1st days of January and July in each year. The first such interest payment, representing 15 days' interest, shall be made on July 1, 2005. The 2005C Bonds shall be numbered R05C-1 and upwards. The 2005C Bonds maturing July 1, 2011 through 2018 and 2023 through 2028 (in such context, the "2005C AMBAC Insured Bonds" and collectively with the AMBAC 2005A Insured Bonds the "AMBAC Insured Bonds") shall be insured by AMBAC pursuant to its financial guaranty insurance policy (the "AMBAC 2005C Policy" and collectively with the AMBAC 2005A Policy, the "AMBAC Policy") and the remainder of the 2005C Bonds (in such context, the FGIC 2005C Insured Bonds and collectively with the FGIC 2005A Insured Bonds and the FGIC 2005B Insured Bonds, the "FGIC Insured Bonds") shall be insured by FGIC pursuant to its municipal bond new issue insurance policy (the "FGIC 2005C Policy" and collectively with the FGIC 2005A Policy and the FGIC 2005B Policy, the "FGIC Policy").

Section 7.    The 2005A Bonds and the 2005C Bonds shall not be subject to redemption prior to maturity. The 2005B Bonds maturing July 1 of the years 2037 and 2041 may be redeemed prior to their maturity, at the option of the Authority, either in whole or in part, and if in part, as directed by the Authority, on any date not earlier than July 1, 2015, from any moneys which may be provided for that purpose and deposited with the Trustee on or before the date fixed for redemption, other than moneys deposited in the Puerto Rico Infrastructure Financing Authority Special Tax Revenue Bonds Sinking Fund, a special fund established under the Trust Agreement (the "Sinking Fund"), in respect of an Amortization Requirement. Any such redemption may be made upon at least thirty (30) days' prior notice as provided in the Trust Agreement, at the principal amount of the bonds to be redeemed, together with the interest accrued thereon to the date fixed for redemption, without premium; provided, however, that the term 2005B Bonds shall be redeemed in part from moneys in the Redemption Account of the Sinking Fund, at par plus accrued interest without premium, beginning July 1, 2038, and on each July 1 thereafter in the principal amount of the respective Amortization Requirements therefor set out in Section 4 of this Resolution.

Any redemption described in this Section 7 shall be made in the manner and under the terms and conditions provided in the Trust Agreement.

Section 8.    The bonds authorized by the provisions of this Resolution shall be executed in the respective forms set forth below and in the manner provided in the Trust Agreement. Said bonds, the certificate of authentication by the Trustee and the statement of

insurance relating to the Insured Bonds shall be, respectively, substantially in the following forms:

[FORM OF 2005A BOND OTHER THAN 2005A CAPITAL APPRECIATION BOND]

No. R05A-____                                    $_____

## UNITED STATES OF AMERICA
## COMMONWEALTH OF PUERTO RICO

### PUERTO RICO INFRASTRUCTURE FINANCING AUTHORITY
### SPECIAL TAX REVENUE BOND, SERIES 2005A

Maturity Date                   Interest Rate                   CUSIP No.

REGISTERED HOLDER:

PRINCIPAL AMOUNT:                                                    Dollars

Puerto Rico Infrastructure Financing Authority (herein sometimes called the "Authority"), a public corporation and instrumentality of the Commonwealth of Puerto Rico, constituting an independent body corporate and politic, is justly indebted and for value received hereby promises to pay to the Registered Holder shown above or registered assigns or legal representative on the Maturity Date specified above (or earlier as hereinafter described), from the special fund described herein, upon the presentation and surrender hereof, at the principal corporate trust office of the Trustee (hereinafter mentioned), the Principal Amount shown above, and to pay to the Registered Holder hereof, from the special fund described herein, by check mailed to the Registered Holder at his address as it appears on the bond registration books of the Authority, interest on such Principal Amount from the date hereof or from the January 1 or July 1 next preceding the date of authentication to which interest shall have been paid, unless such date of authentication is a January 1 or July 1 to which interest shall have been paid, in which case from such date, such interest to the maturity hereof being payable on January 1 and July 1 in each year, commencing January 1, 2006, at the Interest Rate per annum specified above, until payment of such Principal Amount. The interest so payable and punctually paid, or duly provided for, on any interest payment date will be paid to the person in whose name this bond is registered at the close of business on the fifteenth (15th) day (whether or not a business day) of the calendar month next preceding such interest payment date. Any such interest not so punctually paid or duly provided for shall forthwith cease to be payable to the Registered Holder on such date, and may be paid to the person in whose name this bond is registered at the close of business on a special record date for the payment of such defaulted interest to be fixed by the

7

Trustee, on a date established by the Trustee, notice thereof being given to the holders not less than ten (10) days prior to such special record date, or may be paid at any time in any other lawful manner not inconsistent with the requirements of any securities exchange on which the bonds of this series may be listed and upon such notice as may be required by such exchange. Such payment of interest shall be by check mailed to the Registered Holder at his address as it appears on the bond registration books of the Authority maintained by the Trustee. All such payments shall be made in such coin or currency of the United States of America as at the time of payment is legal tender for payment of public and private debts. Interest on this bond shall be computed on the basis of a year of three hundred and sixty (360) days consisting of twelve (12) thirty (30) day months.

This bond shall not be deemed to constitute an indebtedness of the Commonwealth of Puerto Rico or of any of its political subdivisions, and neither the Commonwealth of Puerto Rico nor any of its political subdivisions shall be liable therefor, and this bond shall be payable solely out of those funds pledged for the payment thereof.

This bond is one of a duly authorized series of bonds designated "Puerto Rico Infrastructure Financing Authority Special Tax Revenue Bonds, Series 2005A" issued by the Authority in the aggregate principal amount of Three Hundred Nine Million One Hundred Two Thousand Five Hundred Seventy-seven and 35/100 Dollars ($309,102,577.35) for the purpose of providing funds for repaying certain notes issued by the Authority, making a deposit to a special construction fund to pay all or a portion of the cost of certain capital improvements of said Authority and paying certain expenses of issuance. This bond is issued under and secured by a trust agreement, dated as of October 1, 1988, as amended (said agreement, as so amended, together with any supplemental agreements therein permitted, being herein called the "Agreement"), by and between the Authority and U.S. Bank Trust National Association, successor trustee (said successor trustee and any other successor trustee under the Agreement being herein called the "Trustee"). An executed counterpart of the Agreement is on file at the principal corporate trust office of the Trustee in the Borough of Manhattan, City and State of New York. By the acceptance of this bond, the Registered Holder hereof assents to all of the provisions of the Agreement.

This bond is issued and the Agreement was made and entered into under and pursuant to the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico, particularly the Puerto Rico Infrastructure Financing Authority Act (Act No. 44 of the Legislature of Puerto Rico, approved June 21, 1988, as amended, said Act being herein called the "Authority Act") and under and pursuant to a resolution duly adopted by the Authority (the "Resolution").

The Agreement provides for the issuance of additional series of bonds and for the incurrence of other indebtedness under the conditions, limitations and restrictions therein set forth. The Agreement also provides for the creation of a special fund designated "Puerto Rico Infrastructure Financing Authority Special Tax Revenue Bonds Sinking Fund" (the "Sinking Fund") and for the deposit to the credit of said special fund of a sufficient amount of the Pledged Revenues (as defined in the Agreement) to pay the principal of and interest on all bonds issued under the Agreement as the same become due and payable and in respect of all bonds issued under the Agreement prior to November 1, 1997 and still outstanding to provide a reserve

therefor, which special fund is pledged to and charged with the payment of such principal and interest.

The bonds of this series consist of bonds maturing on July 1 of the years 2011 to 2028, inclusive and of bonds maturing on July 1 of the years 2028 through 2045 (the "Capital Appreciation Bonds").

The bonds of this series are not subject to redemption prior to maturity.

The moneys in the Sinking Fund available for the purchase or redemption of bonds shall be allocated to all series of bonds outstanding under the Agreement in the manner provided in the Agreement.

If less than all of the bonds of any one series and maturity shall be called for redemption, the particular bonds or portions of bonds to be redeemed shall be selected by the Trustee by such method as it shall deem fair and appropriate.

At least thirty (30) days before the redemption date of any bonds to be redeemed, in whole or in part, the Trustee shall cause a notice of such redemption to be mailed, by first class mail, postage prepaid, to all Registered Holders of bonds to be redeemed in whole or in part at their last addresses appearing upon the registration books of the Authority. The failure to mail such notice to any Registered Holder of bonds or any defect in any notice so mailed shall not affect the validity of the proceedings for the redemption of bonds of other Registered Holders. On the date fixed for redemption, notice having been given as aforesaid, the bonds or portions thereof so called for redemption shall be due and payable at the redemption price provided for the redemption of such bonds or portions thereof on such date, and, if sufficient moneys and certain securities which may consist of (i) direct or guaranteed obligations of the United States of America (and evidences of ownership of proportionate interests in future interest or principal payments on such obligations), (ii) certain municipal obligations irrevocably secured by direct or guaranteed obligations of the United States of America (and evidences of ownership of proportionate interests in future interest or principal payments on such obligations), or (iii) obligations issued by Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Farm Credit System, Federal Home Loan Banks or Student Loan Marketing Association, the principal of and interest on which obligations when due will provide sufficient moneys for payment of the redemption price and the accrued interest on the bonds to be redeemed are held by the Trustee, as provided in the Agreement, interest on the bonds or the portions thereof so called for redemption shall cease to accrue on such redemption date, such bonds or portions thereof shall cease to be entitled to any benefit or security under the Agreement, and the Registered Holders thereof shall have no rights in respect of such bonds except to receive payment of the redemption price thereof and the accrued interest thereon. If a portion of this bond shall be called for redemption, a new bond or bonds in an aggregate principal amount equal to the unredeemed portion hereof will be issued to the Registered Holder hereof or his legal representative upon the surrender hereof.

The Registered Holder of this bond shall have no right to enforce the provisions of the Agreement, or to institute action to enforce the covenants therein, or to take any action with

respect to any default under the Agreement, or to institute, appear in or defend any suit or other proceeding with respect thereof, except as provided in the Agreement.

Modifications or alterations of the Agreement or of any agreement supplemental thereto may be made only to the extent and in the circumstances permitted by the Agreement.

The bonds of this series are issuable as fully registered bonds in the denomination of $5,000 and any multiple thereof ($5,000 maturity amount and any multiple thereof in the case of the Capital Appreciation Bonds). At the designated corporate trust office of the Trustee, in the manner and subject to the conditions provided in the Agreement and without cost to the Registered Holders thereof except for any tax or other governmental charge, bonds may be exchanged for an equal aggregate principal amount of bonds of the same series and maturity, of authorized denominations and bearing interest at the same rate.

The Trustee is required to keep at its principal corporate trust office the books of the Authority for the registration of and for the registration of transfers of bonds. The transfer of this bond may be registered only upon such books and as otherwise provided in the Agreement upon the surrender hereof to the Trustee together with an assignment duly executed by the registered owner hereof or his attorney or legal representative in the form set forth on this bond or such other form as shall be satisfactory to the Trustee. Upon any registration of transfer, the Trustee shall deliver in exchange for this bond a new bond or bonds, registered in the name of the transferee, of authorized denominations, in an aggregate principal amount equal to the principal amount of this bond, of the same series and maturity and bearing interest at the same rate.

The Trustee shall not be required to exchange or register any transfer of this bond during the fifteen (15) days immediately preceding the date of mailing of notice of any redemption of bonds of this series, or after this bond has been selected for redemption.

This bond, notwithstanding the provisions for the registration of transfer contained in the Agreement, shall have all the qualities and incidents, including negotiability, of negotiable instruments under the laws of Puerto Rico.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of Puerto Rico, including the Authority Act, and the rules and regulations of the Authority to happen, exist and be performed precedent to and in the issuance of this bond and the execution and delivery of the Agreement, have happened, exist and have been performed as so required.

This bond is issued with the intent that the laws of the Commonwealth of Puerto Rico shall govern its construction.

This bond shall not be valid or become obligatory for any purpose or be entitled to any benefit or security under the Agreement unless and until this bond shall have been authenticated by the execution by the Trustee of the certificate of authentication endorsed hereon.

IN WITNESS WHEREOF, Puerto Rico Infrastructure Financing Authority has caused this bond to bear the facsimile signature of its Executive Director and a facsimile of the corporate

seal to be imprinted hereon and attested to by its Secretary by facsimile signature, all as of the
\_\_\_\_ day of June, 2005.

[Facsimile of                                          PUERTO RICO INFRASTRUCTURE
Corporate Seal]                                        FINANCING AUTHORITY

                                                       By:[Facsimile Signature]
                                                          Executive Director

Attest:

\_\_\_ [Facsimile Signature]
        Secretary

## CERTIFICATE OF AUTHENTICATION
(to be endorsed on all bonds)

This is one of the bonds of the series designated herein and issued under and secured by
the provisions of the within mentioned Agreement.

                                                       U.S. Bank Trust National Association
                                                       Successor Trustee

                                                       By: _____
                                                              Authorized Signatory

Date of authentication: _____

11

## ASSIGNMENT

FOR VALUE RECEIVED the undersigned hereby sells, assigns and transfers unto

_____

the within bond and all rights thereunder, and hereby irrevocably constitutes and appoints
_____ attorney to register the transfer of the within bond on the
books kept for registration thereof with full power of substitution in the premises.

Dated:_____

_____

NOTICE: The signature of this assignment
must correspond with the name as it appears
on the face of the within bond in every
particular, without alteration or enlargement
or any change whatever.

Social Security Number or
Employee Identification Number
of Transferee:_____          Signature:_____

Signature Guaranteed:

_____
NOTICE: Signatures must be guaranteed by
member firm of the New York Stock
Exchange or a commercial bank or a trust
company.

12

[Form of 2005A Capital Appreciation Bond]
Same as Form of 2005A Bond except as follows:

1.    Substitute the following for the caption and the first paragraph:

No. R05A-___                                                     $_____

United States of America
Commonwealth of Puerto Rico

PUERTO RICO INFRASTRUCTURE FINANCING AUTHORITY
SPECIAL TAX REVENUE BOND, SERIES 2005A

Interest Rate:        Maturity Date:        Original Issue Date:       CUSIP No.

                        July 1, _____

Registered Owner:

Original Principal Amount:                                           Dollars

Amount Due at Maturity:                                              Dollars

       Puerto Rico Infrastructure Financing Authority (herein sometimes called the "Authority"), a public corporation and instrumentality of the Commonwealth of Puerto Rico, constituting an independent body corporate and politic, is justly indebted and for value received hereby promises to pay to the Registered Owner shown above or registered assigns or legal representative on the Maturity Date specified above (or earlier as hereinafter described) from the special fund described herein, upon the presentation and surrender hereof, at the principal corporate trust office of the Trustee (hereinafter mentioned), the Amount Due at Maturity stated above, being the Accreted Value (as herein defined) on said date, consisting of the Original Principal Amount set forth above and interest thereon based upon the Interest Rate set forth above from the Original Issue Date set forth above, compounded on January 1 and July 1 of each year during the period from the Original Issue Date to the Maturity Date. The Original Principal Amount of this bond plus the interest accrued to any given date is its "Accreted Value". The Amount Due at Maturity of this bond is payable in any coin or currency of the United States of America as at the time of payment is legal tender for the payment of public and private debts.

13

[FORM OF 2005B BOND]

No. R05B-___                                                    $_____

UNITED STATES OF AMERICA
COMMONWEALTH OF PUERTO RICO

PUERTO RICO INFRASTRUCTURE FINANCING AUTHORITY
SPECIAL TAX REVENUE BOND, SERIES 2005B

Maturity Date              Interest Rate              CUSIP No.

REGISTERED HOLDER:

PRINCIPAL AMOUNT:                                                Dollars

     Puerto Rico Infrastructure Financing Authority (herein sometimes called the "Authority"), a public corporation and instrumentality of the Commonwealth of Puerto Rico, constituting an independent body corporate and politic, is justly indebted and for value received hereby promises to pay to the Registered Holder shown above or registered assigns or legal representative on the Maturity Date specified above (or earlier as hereinafter described), from the special fund described herein, upon the presentation and surrender hereof, at the principal corporate trust office of the Trustee (hereinafter mentioned), the Principal Amount shown above, and to pay to the Registered Holder hereof, from the special fund described herein, by check mailed to the Registered Holder at his address as it appears on the bond registration books of the Authority, interest on such Principal Amount from the date hereof or from the January 1 or July 1 next preceding the date of authentication to which interest shall have been paid, unless such date of authentication is a January 1 or July 1 to which interest shall have been paid, in which case from such date, such interest to the maturity hereof being payable on January 1 and July 1 in each year, commencing January 1, 2006, at the Interest Rate per annum specified above, until payment of such Principal Amount. The interest so payable and punctually paid, or duly provided for, on any interest payment date will be paid to the person in whose name this bond is registered at the close of business on the fifteenth (15th) day (whether or not a business day) of the calendar month next preceding such interest payment date. Any such interest not so punctually paid or duly provided for shall forthwith cease to be payable to the Registered Holder on such date, and may be paid to the person in whose name this bond is registered at the close of business on a special record date for the payment of such defaulted interest to be fixed by the Trustee, on a date established by the Trustee, notice thereof being given to the holders not less than ten (10) days prior to such special record date, or may be paid at any time in any other lawful manner not inconsistent with the requirements of any securities exchange on which the bonds of this series may be listed and upon such notice as may be required by such exchange.

14

Such payment of interest shall be by check mailed to the Registered Holder at his address as it appears on the bond registration books of the Authority maintained by the Trustee. All such payments shall be made in such coin or currency of the United States of America as at the time of payment is legal tender for payment of public and private debts. Interest on this bond shall be computed on the basis of a year of three hundred and sixty (360) days consisting of twelve (12) thirty (30) day months.

This bond shall not be deemed to constitute an indebtedness of the Commonwealth of Puerto Rico or of any of its political subdivisions, and neither the Commonwealth of Puerto Rico nor any of its political subdivisions shall be liable therefor, and this bond shall be payable solely out of those funds pledged for the payment thereof.

This bond is one of a duly authorized series of bonds designated "Puerto Rico Infrastructure Financing Authority Special Tax Revenue Bonds, Series 2005B" issued by the Authority in the aggregate principal amount of Three Hundred Twenty-four Million Six Hundred Twenty-five Thousand Dollars ($324,625,000) for the purpose of providing funds for repaying certain notes issued by Puerto Rico Aqueduct and Sewer Authority and paying certain expenses of issuance. This bond is issued under and secured by a trust agreement, dated as of October 1, 1988, as amended (said agreement, as so amended, together with any supplemental agreements therein permitted, being herein called the "Agreement"), by and between the Authority and U.S. Bank Trust National Association, successor trustee (said successor trustee and any other successor trustee under the Agreement being herein called the "Trustee"). An executed counterpart of the Agreement is on file at the principal corporate trust office of the Trustee in the Borough of Manhattan, City and State of New York. By the acceptance of this bond, the Registered Holder hereof assents to all of the provisions of the Agreement.

This bond is issued and the Agreement was made and entered into under and pursuant to the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico, particularly the Puerto Rico Infrastructure Financing Authority Act (Act No. 44 of the Legislature of Puerto Rico, approved June 21, 1988, as amended, said Act being herein called the "Authority Act") and under and pursuant to a resolution duly adopted by the Authority (the "Resolution").

The Agreement provides for the issuance of additional series of bonds and for the incurrence of other indebtedness under the conditions, limitations and restrictions therein set forth. The Agreement also provides for the creation of a special fund designated "Puerto Rico Infrastructure Financing Authority Special Tax Revenue Bonds Sinking Fund" (the "Sinking Fund") and for the deposit to the credit of said special fund of a sufficient amount of the Pledged Revenues (as defined in the Agreement) to pay the principal of and interest on all bonds issued under the Agreement as the same become due and payable and in respect of all bonds issued under the Agreement prior to November 1, 1997 and still outstanding to provide a reserve therefor, which special fund is pledged to and charged with the payment of such principal and interest.

The bonds of this series consist of serial bonds maturing on July 1 of the years 2011 through 2013 and 2037 and of term bonds maturing on July 1, 2041 (the "term bonds").

15

NY1 5692234v.9 45967/87

The bonds of this series maturing July 1 of the years 2037 and 2041 may be redeemed prior to their maturity, at the option of the Authority, either in whole or in part, and if in part, as directed by the Authority, on any date not earlier than July 1, 2015, from any moneys which may be provided for that purpose and deposited with the Trustee on or before the date fixed for redemption, other than moneys deposited in the Sinking Fund in respect of an Amortization Requirement (as defined in the Agreement), at the principal amount of the bonds to be redeemed, together with the interest accrued thereon to the date fixed for redemption, without premium; provided, however, that the term bonds are subject to redemption in part, from moneys in the Redemption Account of the Sinking Fund, at par plus accrued interest, without premium, beginning July 1, 2038 and on each July 1 thereafter in the principal amount of the respective Amortization Requirements therefor set out in the Resolution as such amounts may be adjusted pursuant to the Agreement.

The moneys in the Sinking Fund available for the purchase or redemption of bonds shall be allocated to all series of bonds outstanding under the Agreement in the manner provided in the Agreement.

The Registered Holder of this bond shall have no right to enforce the provisions of the Agreement, or to institute action to enforce the covenants therein, or to take any action with respect to any default under the Agreement, or to institute, appear in or defend any suit or other proceeding with respect thereof, except as provided in the Agreement.

Modifications or alterations of the Agreement or of any agreement supplemental thereto may be made only to the extent and in the circumstances permitted by the Agreement.

The bonds of this series are issuable as fully registered bonds in the denomination of $5,000 and any multiple thereof. At the designated corporate trust office of the Trustee, in the manner and subject to the conditions provided in the Agreement and without cost to the Registered Holders thereof except for any tax or other governmental charge, bonds may be exchanged for an equal aggregate principal amount of bonds of the same series and maturity, of authorized denominations and bearing interest at the same rate.

The Trustee is required to keep at its principal corporate trust office the books of the Authority for the registration of and for the registration of transfers of bonds. The transfer of this bond may be registered only upon such books and as otherwise provided in the Agreement upon the surrender hereof to the Trustee together with an assignment duly executed by the registered owner hereof or his attorney or legal representative in the form set forth on this bond or such other form as shall be satisfactory to the Trustee. Upon any registration of transfer, the Trustee shall deliver in exchange for this bond a new bond or bonds, registered in the name of the transferee, of authorized denominations, in an aggregate principal amount equal to the principal amount of this bond, of the same series and maturity and bearing interest at the same rate.

The Trustee shall not be required to exchange or register any transfer of this bond during the fifteen (15) days immediately preceding the date of mailing of notice of any redemption of bonds of this series, or after this bond has been selected for redemption.

16

This bond, notwithstanding the provisions for the registration of transfer contained in the Agreement, shall have all the qualities and incidents, including negotiability, of negotiable instruments under the laws of Puerto Rico.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of Puerto Rico, including the Authority Act, and the rules and regulations of the Authority to happen, exist and be performed precedent to and in the issuance of this bond and the execution and delivery of the Agreement, have happened, exist and have been performed as so required.

This bond is issued with the intent that the laws of the Commonwealth of Puerto Rico shall govern its construction.

This bond shall not be valid or become obligatory for any purpose or be entitled to any benefit or security under the Agreement unless and until this bond shall have been authenticated by the execution by the Trustee of the certificate of authentication endorsed hereon.

IN WITNESS WHEREOF, Puerto Rico Infrastructure Financing Authority has caused this bond to bear the facsimile signature of its Executive Director and a facsimile of the corporate seal to be imprinted  hereon and attested to by its Secretary by facsimile signature, all as of the _____ day of June, 2005.

[Facsimile of                                        PUERTO RICO INFRASTRUCTURE
Corporate Seal]                                      FINANCING AUTHORITY


                                                     By:[Facsimile Signature]
                                                        Executive Director


Attest:


___ [Facsimile Signature]
        Secretary


### CERTIFICATE OF AUTHENTICATION
(to be endorsed on all bonds)


This is one of the bonds of the series designated herein and issued under and secured by the provisions of the within mentioned Agreement.

NYI 5692234v.9 45967/87

U.S. Bank Trust National Association
Successor Trustee

By: _____
      Authorized Signatory

Date of authentication: _____

18

## ASSIGNMENT

FOR VALUE RECEIVED the undersigned hereby sells, assigns and transfers unto

_____

the within bond and all rights thereunder, and hereby irrevocably constitutes and appoints
_____ attorney to register the transfer of the within bond on the
books kept for registration thereof with full power of substitution in the premises.

Dated:_____

_____

_____

NOTICE: The signature of this assignment
must correspond with the name as it appears
on the face of the within bond in every
particular, without alteration or enlargement
or any change whatever.

Social Security Number or
Employee Identification Number
of Transferee:_____          Signature:_____

Signature Guaranteed:

_____

NOTICE: Signatures must be guaranteed by
member firm of the New York Stock
Exchange or a commercial bank or a trust
company.

19

[FORM OF 2005C BOND OTHER THAN
2005C CAPITAL APPRECIATION BOND]

No. R05C-___                                            $_____

UNITED STATES OF AMERICA
COMMONWEALTH OF PUERTO RICO

PUERTO RICO INFRASTRUCTURE FINANCING AUTHORITY
SPECIAL TAX REVENUE REFUNDING BOND, SERIES 2005C

| Maturity Date | Interest Rate | CUSIP No. |
|---|---|---|

REGISTERED HOLDER:

PRINCIPAL AMOUNT:                                                     Dollars

    Puerto Rico Infrastructure Financing Authority (herein sometimes called the "Authority), a public corporation and instrumentality of the Commonwealth of Puerto Rico, constituting an independent body corporate and politic, is justly indebted and for value received hereby promises to pay to the Registered Holder shown above or registered assigns or legal representative on the Maturity Date specified above (or earlier as hereinafter described), from the special fund described herein, upon the presentation and surrender hereof, at the principal corporate trust office of the Trustee (hereinafter mentioned), the Principal Amount shown above, and to pay to the Registered Holder hereof, from the special fund described herein, by check mailed to the Registered Holder at his address as it appears on the bond registration books of the Authority, interest on such Principal Amount from the date hereof or from the January 1 or July 1 next preceding the date of authentication to which interest shall have been paid, unless such date of authentication is a January 1 or July 1 to which interest shall have been paid, in which case from such date, such interest to the maturity hereof being payable on January 1 and July 1 in each year, commencing July 1, 2005, at the Interest Rate per annum specified above, until payment of such Principal Amount. The interest so payable and punctually paid, or duly provided for, on any interest payment date will be paid to the person in whose name this bond is registered at the close of business on the fifteenth (15th) day (whether or not a business day) of the calendar month next preceding such interest payment date. Any such interest not so punctually paid or duly provided for shall forthwith cease to be payable to the Registered Holder on such date, and may be paid to the person in whose name this bond is registered at the close of business on a special record date for the payment of such defaulted interest to be fixed by the Trustee, on a date established by the Trustee, notice thereof being given to the holders not less than ten (10) days prior to such special record date, or may be paid at any time in any other lawful manner not inconsistent with the requirements of any securities exchange on which the bonds of this series

20

may be listed and upon such notice as may be required by such exchange. Such payment of interest shall be by check mailed to the Registered Holder at his address as it appears on the bond registration books of the Authority maintained by the Trustee. All such payments shall be made in such coin or currency of the United States of America as at the time of payment is legal tender for payment of public and private debts. Interest on this bond shall be computed on the basis of a year of three hundred and sixty (360) days consisting of twelve (12) thirty (30) day months.

This bond shall not be deemed to constitute an indebtedness of the Commonwealth of Puerto Rico or of any of its political subdivisions, and neither the Commonwealth of Puerto Rico nor any of its political subdivisions shall be liable therefor, and this bond shall be payable solely out of those funds pledged for the payment thereof.

This bond is one of a duly authorized series of bonds designated "Puerto Rico Infrastructure Financing Authority Special Tax Revenue Refunding Bonds, Series 2005C" issued by the Authority in the aggregate principal amount of Six Hundred Ninety-nine Million Two Hundred Thirty-five Thousand Three Hundred Thirty-eight and 80/100 Dollars ($699,235,338.80) for the purpose of providing funds, with other available moneys, for refunding all of the Authority's Special Tax Revenue Bonds, Series 1997A and paying certain expenses of issuance. This bond is issued under and secured by a trust agreement, dated as of October 1, 1988, as amended (said agreement, as so amended, together with any supplemental agreements therein permitted, being herein called the "Agreement"), by and between the Authority and U.S. Bank Trust National Association, successor trustee (said successor trustee and any other successor trustee under the Agreement being herein called the "Trustee"). An executed counterpart of the Agreement is on file at the principal corporate trust office of the Trustee in the Borough of Manhattan, City and State of New York. By the acceptance of this bond, the Registered Holder hereof assents to all of the provisions of the Agreement.

This bond is issued and the Agreement was made and entered into under and pursuant to the Puerto Rican Federal Relations Act and the Constitution and laws of the Commonwealth of Puerto Rico, particularly the Puerto Rico Infrastructure Financing Authority Act (Act No. 44 of the Legislature of Puerto Rico, approved June 21, 1988, as amended, said Act being herein called the "Authority Act") and under and pursuant to a resolution duly adopted by the Authority (the "Resolution").

The Agreement provides for the issuance of additional series of bonds and for the incurrence of other indebtedness under the conditions, limitations and restrictions therein set forth. The Agreement also provides for the creation of a special fund designated "Puerto Rico Infrastructure Financing Authority Special Tax Revenue Bonds Sinking Fund" (the "Sinking Fund") and for the deposit to the credit of said special fund of a sufficient amount of the Pledged Revenues (as defined in the Agreement) to pay the principal of and interest on all bonds issued under the Agreement as the same become due and payable and in respect of all bonds issued under the Agreement prior to November 1, 1997 and still outstanding to provide a reserve therefor, which special fund is pledged to and charged with the payment of such principal and interest.

The bonds of this series consist of bonds maturing on July 1 of the years 2011 to 2028, inclusive and of bonds maturing on July 1, 2028 (the "Capital Appreciation Bonds")).

The bonds of this series shall not be subject to redemption prior to maturity.

The moneys in the Sinking Fund available for the purchase or redemption of bonds shall be allocated to all series of bonds outstanding under the Agreement in the manner provided in the Agreement.

If less than all of the bonds of any one series and maturity shall be called for redemption, the particular bonds or portions of bonds to be redeemed shall be selected by the Trustee by such method as it shall deem fair and appropriate.

At least thirty (30) days before the redemption date of any bonds to be redeemed, in whole or in part, the Trustee shall cause a notice of such redemption to be mailed, by first class mail, postage prepaid, to all Registered Holders of bonds to be redeemed in whole or in part at their last addresses appearing upon the registration books of the Authority. The failure to mail such notice to any Registered Holder of bonds or any defect in any notice so mailed shall not affect the validity of the proceedings for the redemption of bonds of other Registered Holders. On the date fixed for redemption, notice having been given as aforesaid, the bonds or portions thereof so called for redemption shall be due and payable at the redemption price provided for the redemption of such bonds or portions thereof on such date, and, if sufficient moneys and certain securities which may consist of (i) direct or guaranteed obligations of the United States of America (and evidences of ownership of proportionate interests in future interest or principal payments on such obligations), (ii) certain municipal obligations irrevocably secured by direct or guaranteed obligations of the United States of America (and evidences of ownership of proportionate interests in future interest or principal payments on such obligations), or (iii) obligations issued by Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Farm Credit System, Federal Home Loan Banks or Student Loan Marketing Association, the principal of and interest on which obligations when due will provide sufficient moneys for payment of the redemption price and the accrued interest on the bonds to be redeemed are held by the Trustee, as provided in the Agreement, interest on the bonds or the portions thereof so called for redemption shall cease to accrue on such redemption date, such bonds or portions thereof shall cease to be entitled to any benefit or security under the Agreement, and the Registered Holders thereof shall have no rights in respect of such bonds except to receive payment of the redemption price thereof and the accrued interest thereon. If a portion of this bond shall be called for redemption, a new bond or bonds in an aggregate principal amount equal to the unredeemed portion hereof will be issued to the Registered Holder hereof or his legal representative upon the surrender hereof.

The Registered Holder of this bond shall have no right to enforce the provisions of the Agreement, or to institute action to enforce the covenants therein, or to take any action with respect to any default under the Agreement, or to institute, appear in or defend any suit or other proceeding with respect thereof, except as provided in the Agreement.

Modifications or alterations of the Agreement or of any agreement supplemental thereto may be made only to the extent and in the circumstances permitted by the Agreement.

The bonds of this series are issuable as fully registered bonds in the denomination of $5,000 and any multiple thereof ($5,000 maturity amount and any multiple thereof in the case of

22

the Capital Appreciation Bonds). At the designated corporate trust office of the Trustee, in the manner and subject to the conditions provided in the Agreement and without cost to the Registered Holders thereof except for any tax or other governmental charge, bonds may be exchanged for an equal aggregate principal amount of bonds of the same series and maturity, of authorized denominations and bearing interest at the same rate.

The Trustee is required to keep at its principal corporate trust office the books of the Authority for the registration of and for the registration of transfers of bonds. The transfer of this bond may be registered only upon such books and as otherwise provided in the Agreement upon the surrender hereof to the Trustee together with an assignment duly executed by the registered owner hereof or his attorney or legal representative in the form set forth on this bond or such other form as shall be satisfactory to the Trustee. Upon any registration of transfer, the Trustee shall deliver in exchange for this bond a new bond or bonds, registered in the name of the transferee, of authorized denominations, in an aggregate principal amount equal to the principal amount of this bond, of the same series and maturity and bearing interest at the same rate.

The Trustee shall not be required to exchange or register any transfer of this bond during the fifteen (15) days immediately preceding the date of mailing of notice of any redemption of bonds of this series, or after this bond has been selected for redemption.

This bond, notwithstanding the provisions for the registration of transfer contained in the Agreement, shall have all the qualities and incidents, including negotiability, of negotiable instruments under the laws of Puerto Rico.

All acts, conditions and things required by the Puerto Rican Federal Relations Act and the Constitution and laws of Puerto Rico, including the Authority Act, and the rules and regulations of the Authority to happen, exist and be performed precedent to and in the issuance of this bond and the execution and delivery of the Agreement, have happened, exist and have been performed as so required.

This bond is issued with the intent that the laws of the Commonwealth of Puerto Rico shall govern its construction.

This bond shall not be valid or become obligatory for any purpose or be entitled to any benefit or security under the Agreement unless and until this bond shall have been authenticated by the execution by the Trustee of the certificate of authentication endorsed hereon.

IN WITNESS WHEREOF, Puerto Rico Infrastructure Financing Authority has caused this bond to bear the facsimile signature of its Executive Director and a facsimile of the corporate seal to be imprinted hereon and attested to by its Secretary by facsimile signature, all as of the ___ day of June, 2005.

23

[Facsimile of
Corporate Seal]

PUERTO RICO INFRASTRUCTURE
FINANCING AUTHORITY

By:[Facsimile Signature]
    Executive Director

Attest:

___ [Facsimile Signature]
    Secretary

## CERTIFICATE OF AUTHENTICATION

(to be endorsed on all bonds)

    This is one of the bonds of the series designated herein and issued under and secured by the provisions of the within mentioned Agreement.

U.S. Bank Trust National Association
Successor Trustee

By: _____
    Authorized Signatory

Date of authentication: _____

24

## ASSIGNMENT

FOR VALUE RECEIVED the undersigned hereby sells, assigns and transfers unto

_____

the within bond and all rights thereunder, and hereby irrevocably constitutes and appoints
_____ attorney to register the transfer of the within bond on the
books kept for registration thereof with full power of substitution in the premises.

Dated:_____

_____

NOTICE: The signature of this assignment
must correspond with the name as it appears
on the face of the within bond in every
particular, without alteration or enlargement
or any change whatever.

Social Security Number or
Employee Identification Number
of Transferee:_____     Signature:_____

Signature Guaranteed:

_____

NOTICE: Signatures must be guaranteed by
member firm of the New York Stock
Exchange or a commercial bank or a trust
company.

25

[Form of 2005C Capital Appreciation Bond]
Same as Form of 2005C Bond except as follows:

1.    Substitute the following for the caption and the first paragraph:

No. R05C-___                                                                                    $_____

United States of America
Commonwealth of Puerto Rico

PUERTO RICO INFRASTRUCTURE FINANCING AUTHORITY
SPECIAL TAX REVENUE BOND, SERIES 2005C

Interest Rate:          Maturity Date:          Original Issue Date:    CUSIP No.

                        July 1, ____

Registered Owner:

Original Principal Amount:                                                          Dollars

Amount Due at Maturity:                                                            Dollars

    Puerto Rico Infrastructure Financing Authority (herein sometimes called the
"Authority"), a public corporation and instrumentality of the Commonwealth of Puerto Rico,
constituting an independent body corporate and politic, is justly indebted and for value received
hereby promises to pay to the Registered Owner shown above or registered assigns or legal
representative on the Maturity Date specified above (or earlier as hereinafter described) from the
special fund described herein, upon the presentation and surrender hereof, at the principal
corporate trust office of the Trustee (hereinafter mentioned), the Amount Due at Maturity stated
above, being the Accreted Value (as herein defined) on said date, consisting of the Original
Principal Amount set forth above and interest thereon based upon the Interest Rate set forth
above from the Original Issue Date set forth above, compounded on January 1 and July 1 of each
year during the period from the Original Issue Date to the Maturity Date. The Original Principal
Amount of this bond plus the interest accrued to any given date is its "Accreted Value". The
Amount Due at Maturity of this bond is payable in any coin or currency of the United States of
America as at the time of payment is legal tender for the payment of public and private debts.

NY1 5692234v.9 45967/87