**<u>EXHIBIT 2</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as a representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtor.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as a representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY<br><br>    Debtor. | PROMESA<br>TITLE III<br><br>Case No. 17 BK 4780-LTS |

**RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD TO AMENDED NOTICE OF DEPOSITION IN CONNECTION WITH PREPA RSA RULE 9019 MOTION PURSUANT TO FED. R. CIV. P. 30(B)(6) AND FED. R. BANKR. P.7030 BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

---

[1]    The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:  8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:  9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case NO. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID:  3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

Pursuant to Rules 26, 30(b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170) and Federal Rules of Bankruptcy Procedure 7026, 7030(b)(6), 9014 and 9016, the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, or the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), by and through undersigned counsel, hereby responds and objects to the *Notice of Deposition of the Financial Oversight and Management Board for Puerto Rico Pursuant to Federal Rule of Civil Procedure 30(b)(6) and Federal Rule of Bankruptcy Procedure 7030* served by the Official Committee of Unsecured Creditors, and dated July 5, 2019, (the "Deposition Notice," and each individual deposition topic a "Topic"), as follows:

## PRELIMINARY STATEMENT

The Oversight Board's response to the Deposition Notice is given without prejudice to the Oversight Board's right to amend or supplement its response herein if necessary at a later date. The Oversight Board has made reasonable efforts to respond to the Deposition Notice, to the extent it has not been objected to, as the Oversight Board understands and interprets the Deposition Notice. If Movants subsequently assert an interpretation of the Deposition Notice that differs from that of the Oversight Board's, the Oversight Board reserves the right to supplement its objections. By making the objections below, the Oversight Board does not waive and expressly reserves its right to make additional objections in response to specific questions that may be asked during the deposition.

## GENERAL OBJECTIONS

1.      The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that it does not seek information that is relevant and proportional to the needs of resolving *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [Dkt. No. 1235] as supplemented by the *Supplemental Memorandum of Law and Facts in Support of Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [Case No. 17-BK-4780-LTS, Dkt. No. 1425] (together, the "Settlement Motion").  The Oversight Board therefore objects to the Deposition Notice, and to each and every Topic, to the extent it requests testimony on topics outside the scope of the Motion.

2.      The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that it purports to impose burdens on the Oversight Board that are inconsistent with, or not otherwise authorized by, or seek to impose obligations that exceed those imposed by the Governing Rules.  In responding to these Requests, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.  The Oversight Board will construe and respond to the Deposition Notice and Topics in a manner consistent with its obligations under the Governing Rules, and not otherwise.

3.      The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that the information sought is protected from disclosure by the Attorney-Client

3

Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board intends to and does assert any and all such privileges with respect to all such information.

4.      The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that it lacks the "reasonable particularity" required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

5.      The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that it requests the Oversight Board give testimony on topics that are beyond its knowledge.

6.      The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that it seeks testimony about information that is confidential or proprietary in nature.

7.      The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that it (i) implies the existence of facts or circumstances that do not or did not exist, or (ii) states or assumes legal or factual conclusions.  By providing these objections and responses, the Oversight Board does not admit any factual or legal premise in the Deposition Notice.

8.      The Oversight Board objects to the Deposition Notice, and to each and every Topic, as overbroad and unduly burdensome to the extent that it purports to require the Oversight Board to provide testimony concerning "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

9.      The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that it is cumulative or duplicative of other discovery requests. The Oversight Board further objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that it is duplicative of Movants' other Notices of Deposition, including, without limitation, to the Puerto Rico Electric Power Authority ("PREPA"). The Oversight Board further objects to the Deposition Notice in its entirety, and to each and every Topic, to the extent that Movants may obtain the information sought through less burdensome means.

10.     The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome because it is cumulative or duplicative of other discovery requests served on the Oversight Board, PREPA, AAFAF, Ankura, Filsinger Energy Partners, Inc. ("Filsinger"), Citigroup Global Markets, Inc. ("Citigroup"), the Puerto Rico Central Recovery and Reconstruction Office ("COR3"), and the Puerto Rico Public-Private Partnerships Authority ("P3") in connection with the Motion.

11.     The Oversight Board objects to the definition of the terms "Oversight Board," "You," and "Your" as overbroad because they include individuals and entities that are not components of the Oversight Board and without regard to their connection or relevance to the 9019 Motion. In responding to these Requests, the Oversight Board will construe "Oversight Board" to mean the Oversight Board and its employees, members, and known agents reasonably likely to possess information relevant to the 9019 Motion.

12.     The Oversight Board objects to the definition of the term "PREPA" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Motion. In responding to these Requests, the Oversight Board will construe "PREPA" to mean

PREPA and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the Motion.

13.    The Oversight Board objects to the definition of the term "AAFAF" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Motion.  In responding to these Requests, the Oversight Board will construe "AAFAF" to mean AAFAF and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the Motion.

14.    The Oversight Board objects to the definition of the term "Proposed Transformation" as overbroad to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules.  The Oversight Board further objects to the definition of "Proposed Transformation" as overbroad, vague, and ambiguous.  In responding to these requests, the Oversight Board will construe "Proposed Transformation" to refer to the potential transformation described in the Market Sounding Letter dated June 4, 2018, as posted on the official website of the Puerto Rico Public-Private Partnerships Authority at http://www.p3.pr.gov/prepa-transformation.html.

15.    The Oversight Board objects to the definition of the term "Supporting Holders" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "Supporting Holders" to mean the supporting holders of the RSA, as defined by the preamble of the RSA, as well as their employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

16.    The above General Objections are incorporated into each of the following specific Objections and Responses.

## RESPONSES AND OBJECTIONS TO DEPOSITION TOPICS

### DEPOSITION TOPIC NO. 1:

The terms, negotiation, and drafting of the RSA, Preliminary RSA, and Settlement, and communications with the Supporting Holders and other parties relating thereto.

### RESPONSE TO DEPOSITION TOPIC NO. 1:

In addition to its general objections, the Oversight Board objects to Topic No. 1 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Topic because it is unduly burdensome and unnecessary to prepare a witness on a topic that could be more efficiently addressed through the production of documents. The Oversight Board further objects to this Topic on the ground that it seeks testimony that is not relevant to the issues before the Court in connection with the Rule 9019 Motion and the Supplemental Memorandum.

Subject to and without waiving the foregoing general and specific objections, the Oversight Board will produce a witness to offer relevant, non-privileged, and non-objectionable testimony regarding its discussions with representatives of objectors to the Rule 9019 Motion, with the Ad Hoc Group of PREPA Bondholders between March 1, 2018 and July 27, 2018, and with Assured between March 1, 2018 and March 25, 2019.

### DEPOSITION TOPIC NO. 2:

The costs and benefits of the RSA and Settlement to the Oversight Board, PREPA, AAFAF, the other title III debtors, the debtors' creditors, and/or the people of Puerto Rico and its economy.

### RESPONSE TO DEPOSITION TOPIC NO. 2:

In addition to its general objections, the Oversight Board objects to Topic No. 2 to the

7

extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product

Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or

any other applicable privileges, doctrines, or immunities protecting information from disclosure.

The Oversight Board further objects to Topic No. 2 on the ground that it seeks testimony that is

not relevant to the issues before the Court in connection with the Rule 9019 Motion and the

Supplemental Memorandum.

Subject to and without waiving the foregoing general and specific objections, the Oversight

Board will produce a witness to offer relevant, non-privileged, and non-objectionable testimony

regarding the costs and benefits of the RSA and Settlement to PREPA.

**DEPOSITION TOPIC NO. 3:**

The costs and benefits of the RSA and Settlement to the Supporting Holders.

**RESPONSE TO DEPOSITION TOPIC NO. 3:**

In addition to its general objections, the Oversight Board objects to Topic No. 3 to the

extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product

Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or

any other applicable privileges, doctrines, or immunities protecting information from disclosure.

The Oversight Board further objects to Topic No. 3 to the extent it seeks testimony that is not

within its knowledge.

Subject to and without waiving the foregoing general and specific objections, the

Oversight Board will produce a witness to offer relevant, non-privileged, and non-objectionable

testimony related to this Topic.

**DEPOSITION TOPIC NO. 4:**

Alternative restructuring or litigation strategies or transactions considered for PREPA,
including without limitation any alternative strategies or transactions that would have provided
value to PREPA's unsecured creditors.

8

## RESPONSE TO DEPOSITION TOPIC NO. 4:

In addition to its general objections, the Oversight Board objects to Topic No. 4 as protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board further objects to Topic No. 4 on the ground that it seeks testimony that is not relevant to the issues before the Court in connection with the Rule 9019 Motion and the Supplemental Memorandum.

## DEPOSITION TOPIC NO. 5:

The Oversight Board's consideration and approval of the RSA, Preliminary RSA, and Settlement.

## RESPONSE TO DEPOSITION TOPIC NO. 5:

In addition to its general objections, the Oversight Board objects to Topic No. 5 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to and without waiving the foregoing general and specific objections, the Oversight Board will produce a witness to offer relevant, non-privileged, and non-objectionable testimony related to this Topic.

## DEPOSITION TOPIC NO. 6:

The ability of Puerto Rico's electric system to absorb and pass on the Settlement Charge and the Transition Charge – as referred to in paragraph 9 of the Rule 9019 Motion – as well as any other additional rate surcharges, and the impact of the Settlement on the cost of electricity for PREPA's customers

## RESPONSE TO DEPOSITION TOPIC NO. 6:

In addition to its general objections, the Oversight Board objects to Topic No. 6 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product

9

Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Topic on the ground that it seeks testimony that is not relevant to the issues before the Court in connection with the Rule 9019 Motion and the Supplemental Memorandum, particularly since the 9019 Motion does not seek approval from the Title III Court for the Settlement Charge, the Transition Charge, or any other rate surcharges.

**DEPOSITION TOPIC NO. 7:**

The status of the Proposed Transformation and the impact of the RSA and Settlement upon the Proposed Transformation.

**RESPONSE TO DEPOSITION TOPIC NO. 7:**

In addition to its general objections, the Oversight Board objects to Topic No. 7 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to and without waiving the foregoing general and specific objections, the Oversight Board will produce a witness to offer relevant, non-privileged, and non-objectionable testimony related to this Topic.

**DEPOSITION TOPIC NO. 8:**

The nature, extent, and value of any security interest that PREPA Bondholders hold in assets of PREPA and analysis as to whether the PREPA Bondholders have meritorious defenses as to whether their security interests are valid.

**RESPONSE TO DEPOSITION TOPIC NO. 8:**

In addition to its general objections, the Oversight Board objects to Topic No. 8 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or

any other applicable privileges, doctrines, or immunities protecting information from disclosure.

The Oversight Board further objects to Topic No. 8 to the extent it seeks testimony regarding

information that is not within its possession, custody, or control.  The Oversight Board further

objects to this topic to the extent it improperly seeks witness testimony that would call for a legal

conclusion.

Subject to and without waiving the foregoing general and specific objections, the

Oversight Board will produce a witness to offer relevant, non-privileged, and non-objectionable

testimony regarding the Oversight Board's decision to settle the Lien Challenge in light of the

Bondholders' positions regarding their security interests.

**DEPOSITION TOPIC NO. 9:**

Your analysis concerning projected demand forecasts, sales forecasts, revenue forecasts, electricity pricing forecasts, and related assumptions for electricity in Puerto Rico, including the effect, if any, of the Settlement (including the Settlement Charge and/or the Transition Charge) on such forecasts and assumptions.

**RESPONSE TO DEPOSITION TOPIC NO. 9:**

In addition to its general objections, the Oversight Board objects to Topic No. 9 to the

extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product

Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or

any other applicable privileges, doctrines, or immunities protecting information from disclosure.

The Oversight Board also objects to this Topic on the ground that it seeks testimony that is not

relevant to the issues before the Court in connection with the Rule 9019 Motion and the

Supplemental Memorandum, particularly since the 9019 Motion does not seek approval from the

Title III Court for the Settlement Charge or the Transition Charge.

**DEPOSITION TOPIC NO. 10:**

The nature and status of any legislation or regulatory approval necessary for the implementation of the RSA or Settlement.

**RESPONSE TO DEPOSITION TOPIC NO. 10:**

In addition to its general objections, the Oversight Board objects to Topic No. 10 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Topic on the ground that it seeks testimony that is not relevant to the issues before the Court in connection with the Rule 9019 Motion and the Supplemental Memorandum.

**DEPOSITION TOPIC NO. 11:**

PREPA's current and future net revenues and expenses.

**RESPONSE TO DEPOSITION TOPIC NO. 11:**

In addition to its general objections, the Oversight Board objects to Topic No. 11 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to Topic No. 11 because it is unduly burdensome and unnecessary to prepare a witness on a topic that could be more efficiently addressed through the production of documents, which have already been produced. The Oversight Board further objects to Topic 11 on the ground that it seeks testimony that is not relevant to the issues before the Court in connection with the Rule 9019 Motion and the Supplemental Memorandum. The

Oversight Board is willing to meet and confer regarding the scope of this Topic.

**DEPOSITION TOPIC NO. 12:**

The funds and accounts described in the Trust Agreement and all revenues in such funds and accounts from the PREPA title III petition date to the present.

**RESPONSE TO DEPOSITION TOPIC NO. 12:**

In addition to its general objections, the Oversight Board objects to Topic No. 12 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to Topic No. 12 because it is unduly burdensome and unnecessary to prepare a witness on a topic that could be more efficiently addressed through the production of documents, which have already been produced.  The Oversight Board further objects to Topic 12 on the ground that it seeks testimony that is not relevant to the issues before the Court in connection with the Rule 9019 Motion and the Supplemental Memorandum.

Subject to and without waiving the foregoing general and specific objections, the Oversight Board is willing to meet and confer regarding the scope of this Topic.

**DEPOSITION TOPIC NO. 13:**

The nature of your relationship and terms of any engagement letter or agreement with Citigroup Global Markets, Inc. or any other advisor that has provided services in connection with the RSA, Settlement, or Proposed Transformation.

**RESPONSE TO DEPOSITION TOPIC NO. 13:**

In addition to its general objections, the Oversight Board objects to Topic No. 13 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

The Oversight Board further objects to this Topic on the ground that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion or the Supplemental Memorandum.

Subject to and without waiving the foregoing general and specific objections, the Oversight Board will produce a witness to offer relevant, non-privileged, and non-objectionable testimony related to this Topic.

**DEPOSITION TOPIC NO. 14:**

The documents produced by the You in response to the Committee's requests for the production of documents in connection with the Rule 9019 Motion.

**RESPONSE TO DEPOSITION TOPIC NO. 14:**

In addition to its general objections, the Oversight Board objects to Topic No. 14 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In addition, the Oversight Board objects to this Topic as vague, ambiguous, and overbroad in its reference to each and every document the Oversight Board has produced to the Committee in connection with the Rule 9019 Motion.

Subject to and without waiving the foregoing general and specific objections, the Oversight Board is willing to meet and confer regarding the scope of this Topic.

**DEPOSITION TOPIC NO. 15:**

Your document retention systems and policies and any systems or policies relating to electronic device ownership and usage, including email, text messages, and other forms of communication applicable to You and Your representatives and advisors.

**RESPONSE TO DEPOSITION TOPIC NO. 15:**

In addition to its general objections, the Oversight Board objects to Topic No. 15 to the

14

extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product

Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or

any other applicable privileges, doctrines, or immunities protecting information from disclosure.

The Oversight Board further objects to this Topic on the ground that it does not seek information

that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant

to the Rule 9019 Motion or the Supplemental Memorandum. The Oversight Board further

objects to Topic No. 15 on the ground that it seeks improper "discovery about discovery."  *See*

*Hanan v. Corso*, 1998 WL 429841, at *7 (D.D.C. Apr. 24, 1998) (finding "discovery about

discovery" improper); *Fish v. Air & Liquid Sys. Corp.*, 2017 WL 697663, *17-18 (D.Md. Feb.

21, 2017) (discovery about discovery is "strongly discouraged"); *see also In re Jemsek Clinic,

P.A.*, No. 07–3006, 2013 WL 3994666, at *7-9 (Bankr. W.D.N.C. 2013) (explaining that a

party's "efforts in identifying, preserving, collecting, and producing documents" are "simply not

relevant" to the claims or defenses absent "real proof that documents and information were

willfully destroyed").  The Oversight Board further objects that having to prepare a witness on

this Topic would be unduly burdensome and disproportionate to the needs of the case.

## DEPOSITION TOPIC NO. 16:

The process You followed to collect, search, and review documents in response to the
Committee's document requests.

## RESPONSE TO DEPOSITION TOPIC NO. 16:

In addition to its general objections, the Oversight Board objects to Topic No. 16 to the

extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product

Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or

any other applicable privileges, doctrines, or immunities protecting information from disclosure.

The Oversight Board further objects to this Topic on the ground that it does not seek information

that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion or the Supplemental Memorandum. The Oversight Board further objects to Topic No. 16 on the ground that it seeks improper "discovery about discovery." *See Hanan v. Corso*, 1998 WL 429841, at *7 (D.D.C. Apr. 24, 1998) (finding "discovery about discovery" improper); *Fish v. Air & Liquid Sys. Corp.*, 2017 WL 697663, *17-18 (D.Md. Feb. 21, 2017) (discovery about discovery is "strongly discouraged"); *see also In re Jemsek Clinic, P.A.*, No. 07–3006, 2013 WL 3994666, at *7-9 (Bankr. W.D.N.C. 2013) (explaining that a party's "efforts in identifying, preserving, collecting, and producing documents" are "simply not relevant" to the claims or defenses absent "real proof that documents and information were willfully destroyed").  The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case.

**DEPOSITION TOPIC NO. 17:**

Your responses to the Committee's interrogatories in connection with the Rule 9019 Motion.

**RESPONSE TO DEPOSITION TOPIC NO. 17:**

In addition to its general objections, the Oversight Board objects to Topic No. 17 as protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  In addition, at the present time, the Oversight Board has not provided responses to any interrogatories, with the exception of identifying who it may call to testify at the hearing.  With the exception of this single interrogatory, the Oversight Board has no discoverable information responsive to this request.

Exhibit 2   Page 18 of 22

**DEPOSITION TOPIC NO. 18:**

The preparation of the Supplemental Submission and the arguments and assertions contained therein regarding the benefits of the Settlement and why the movants believe the Rule 9019 Motion should be granted by the Court.

**RESPONSE TO DEPOSITION TOPIC NO. 18:**

In addition to its general objections, the Oversight Board objects to Topic No. 18 as protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to and without waiving the foregoing general and specific objections, the Oversight Board will designate a witness to testify regarding the benefits of the Settlement to PREPA and why the movants believe the Rule 9019 Motion should be granted by the Court.

Dated: July 10, 2019

**PROSKAUER ROSE, LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock
Ehud Barak
Margaret A. Dale
Gregg M. Mashberg
Eleven Times Square
New York, NY 10036-8299
Tel:  (212) 969-3000
Fax:  (212) 969-2900
mbienenstock@proskauer.com
ebarak@proskauer.com
mdale@proskauer.com
gmashberg@proskauer.com

-and-

Paul V. Possinger
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel:  (312) 962-3550
Fax:  (312) 962-3551
ppossinger@proskauer.com

-and-

**DEL VALLE EMMANUELLI LAW
OFFICES**

Luis F. del Valle Emmanuelli
PO Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932
devlawoffices@gmail.com

*Attorneys for The Financial Oversight
and Management Board for Puerto Rico,
as representative of The Commonwealth
of Puerto Rico and the Puerto Rico
Electric Power Authority*

- 18 -

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I caused copies of the foregoing document to be served on the following counsel of record for the Potential Objectors.

WEIL, GOTSHAL & MANGES LLP

Robert Berezin, Esq.
Marcia Goldstein, Esq.
Jonathan Polkes, Esq.
Gregory Silbert, Esq.
767 Fifth Avenue
New York, NY 10153
marcia.goldstein@weil.com
jonathan.polkes@weil.com
gregory.silbert@weil.com
robert.berezin@weil.com

*Counsel for National Public Finance
Guarantee Corporation*

PAUL HASTINGS LLP

Luc A. Despins, Esq.
Andrew V. Tenzer, Esq.
James R. Bliss, Esq.
James B. Worthington, Esq.
Michael E. Comerford, Esq.
G. Alexander Bongartz, Esq.
Nicholas Bassett, Esq.
875 15th Street NW
Washington, DC 20005
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel for the Official Committee of
Unsecured Creditors*

DEBEVOISE & PLIMPTON LLP

My Chi To, Esq.
Craig A. Bruens, Esq.
Elie J. Worenklein, Esq.
919 Third Avenue
New York, NY 10022
mcto@ debevoise.com
cabruens@ debevoise.com
eworenklein@debevoise.com

*Counsel for Syncora Guarantee, Inc.*

WACHTELL, LIPTON, ROSEN & KATZ LLP

Richard G. Mason, Esq.
Amy R. Wolf, Esq.
Emil A. Kleinhaus, Esq.
Angela K. Herring, Esq.
51 West 52nd Street
New York NY 10019
rgmason@wlrk.com
arwolf@wlrk.com
eakleinhaus@wlrk.com
akherring@wlrk.com

*Counsel for Cortland Capital Market Services
LLC, as Administrative Agent*

SIMPSON THACHER & BARTLETT LLP

Sandy Qusba, Esq.
Bryce L. Friedman, Esq.
Nicholas Baker, Esq.
Edward R. Linden, Esq.
425 Lexington Avenue
New York, NY 10017
squsba@stblaw.com
bfriedman@stblaw.com
nbaker@stblaw.com
edward.linden@stblaw.com

*Counsel for Solus Alternative Asset
Management LP*

BUFETE EMMANUELLI, C.S.P.

Jessica E. Méndez Colberg, Esq.
Rolando Emmanuelli Jiménez, Esq.
Urb. Constancia
2803 Calle San Francisco
Ponce PR 00717
jessica@bufete-emmanuelli.com
remmanuelli@me.com

*Counsel for Unión de Trabajadores de la
Industria Eléctrica y Riego, Inc. ("UTIER")*

Further, I hereby certify that, on this date, I caused copies of the foregoing document to

be served on the following counsel of record for other parties-in-interest to the 9019 Motion.

O'MELVENY & MYERS LLP

Elizabeth L. McKeen, Esq.
Peter Friedman, Esq.
John J. Rapisardi, Esq.
Seven Times Square
New York, NY 10036
emckeen@omm.com
pfriedman@omm.com
jrapisardi@omm.com

*Counsel for Puerto Rico Fiscal Agency and
Financial Advisory Authority ("AAFAF")*

CADWALADER, WICKERSHAM & TAFT LLP

William J. Natbony, Esq.
Ellen Halstead, Esq.
200 Liberty Street
New York, NY 10281
Bill.Natbony@cwt.com
Ellen.Halstead@cwt.com

*Counsel for Assured Guaranty Corp., and
Assured Guaranty Municipal Corp.*

- 2 -

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Amy Caton, Esq.
Thomas Moers Mayer, Esq.
Alice J. Byowitz
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
acaton@kramerlevin.com
tmayer@kramerlevin.com
abyowitz@kramerlevin.com

-and-

TORO, COLON, MULLET, RIVERA & SIFRE,
P.S.C.

Manuel Fernandez-Bared, Esq.
Linette Figuerosa-Torres, Esq.
Nadya Pérez-Román, Esq.
Jane Patricia Van Kirk, Esq.
PO Box 195383
San Juan, PR 00919-5383
mfb@tcmrslaw.com
lft@tcmrslaw.com
nperez@tcmrslaw.com
jvankirk@tcmrslaw.com

*Counsel for the Ad Hoc Group of PREPA
Bondholders*


Date: July 10, 2019                    /s/ *Brandon C. Clark*
                                       Brandon C. Clark (*admitted pro hac vice*)