**<u>EXHIBIT 3</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br><br>Case No. 17 BK 3283 (LTS)<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>     Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780 (LTS) |

**RESPONSES AND OBJECTIONS TO OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' NOTICE OF DEPOSITION TO PUERTO RICO FISCAL AGENCY AND
FINANCIAL ADVISORY AUTHORITY IN CONNECTION WITH PREPA RSA RULE
9019 MOTION PURSUANT TO FED. R. CIV. P. 30(B)(6)**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure made applicable to this proceeding by Rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure pursuant to Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("**PROMESA**"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("**AAFAF**") hereby responds and objects (the "**Responses and Objections**") to the *Official Committee of Unsecured Creditors' Notice of Deposition to Puerto Rico Fiscal Agency and Financial Advisory Authority in Connection with PREPA RSA Rule 9019 Motion Pursuant to Fed. R. Civ. P. 30(B)(6)*, served July 5, 2019 (the "**Deposition Notice**," and each individual deposition topic a "**Topic**") for July 25, 2019, which was served at the direction of the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "**Committee**").

## PRELIMINARY STATEMENT

AAFAF has not completed its formal discovery in this action.  The Responses and Objections are based and will be based only upon the information that is currently available to and specifically known to AAFAF as of the date hereof.  AAFAF reserves the right to amend or supplement the Responses and Objections at any time in light of future investigation, research, or analysis.  AAFAF has made reasonable efforts to respond to the Deposition Notice, to the extent it has not been objected to, as AAFAF understands and interprets the Deposition Notice.  If the Committee subsequently asserts an interpretation of the Deposition Notice that differs from that of AAFAF's, AAFAF reserves the right to supplement the Responses and Objections.

## GENERAL OBJECTIONS

1.      AAFAF objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that they do not seek information that is relevant or reasonably

2

calculated to lead to the discovery of admissible evidence relevant to the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods*, dated May 10, 2019 [ECF No. 1235] (the "**Rule 9019 Motion**"), and relevant to the *Supplemental Memorandum of Law and Facts in Support of Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [ECF No. 1425] (the "**Supplemental Memorandum**").

2.      AAFAF objects to the Deposition Notice, and to each and every Topic, to the extent they seek information that are not "relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

3.      AAFAF objects to the Deposition Notice, and to each and every Topic, to the extent that they purport to impose burdens on AAFAF that are inconsistent with, not otherwise authorized by, or exceed those required by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for the District of Puerto Rico, or this Court's chambers practices and case management orders (collectively, the "**Governing Rules**").  AAFAF will construe and respond to the Deposition Notice and Topics in a manner consistent with its obligations under the Governing Rules, and not otherwise.

4.      AAFAF objects to each Definition to the extent it purports to impose burdens on AAFAF that are inconsistent with, not authorized by, or exceed those required by the Governing

3

Rules.  In responding to the Topics, and unless otherwise noted, AAFAF will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.

5.      AAFAF objects to the Deposition Notice, and to each and every Topic, to the extent they place an unreasonable burden on AAFAF, including without limitation by seeking information that is equally or more readily available from public sources or that is already available to the Committee.

6.      AAFAF objects to the Deposition Notice, and to each and every Topic, to the extent they expressly or impliedly seek information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  Nothing in the Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.  Information protected by these privileges, doctrines, or immunities is not subject to disclosure, and AAFAF will not provide it.  AAFAF intends to and does assert any and all such privileges with respect to all such information.

7.      AAFAF objects to the Deposition Notice, and to each and every Topic, to the extent that it lacks the "reasonable particularity" required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

8.      AAFAF objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that it requests AAFAF give testimony on topics that are beyond its knowledge.

9.      AAFAF objects to the Deposition Notice, and to each and every Topic, as

overbroad and unduly burdensome to the extent that it purports to require AAFAF to provide testimony concerning "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

10.     AAFAF objects to the Deposition Notice, and to each and every Topic, to the extent they seek information that is confidential or proprietary in nature, or otherwise constitute protected commercial, strategic, financial, or competitively sensitive or trade secret information.

11.     AAFAF objects to the Deposition Notice, and to each and every Topic, to the extent that they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions.  By providing the Responses and Objections, AAFAF does not admit any factual or legal premise in the Deposition Notice and Topics.

12.     To the extent any term defined or used in the Deposition Notice is used in responding to the Topics, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

13.     AAFAF objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that they are cumulative or duplicative of other discovery requests served upon AAFAF or other parties.

14.     AAFAF objects to the Deposition Notice, and to each and every Topic, to the extent they seek information for an undefined or unstated period of time on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of the Rule 9019 Motion and Supplemental Memorandum nor reasonably calculated to lead to the discovery of admissible evidence.

15.     AAFAF objects to the instruction on page 2 of the Deposition Notice to the extent

it purports to require AAFAF to produce any documents beyond what it has agreed to produce in response to the Committee's requests for production of documents dated May 22, 2019 and July 5, 2019.

16.     AAFAF objects to the definition of the terms "AAFAF," "You," and "Your" as overbroad because they encompass individuals and entities without regard to their connection or relevance to the Rule 9019 Motion and Supplemental Memorandum.  In responding to the Topics, AAFAF will construe "AAFAF," "You," and "Your" to mean AAFAF and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

17.     AAFAF objects to the definition of the term "PREPA" as overbroad because that term encompasses individuals and entities without regard to their connection or relevance to the Rule 9019 Motion and Supplemental Memorandum.  In responding to the Topics, AAFAF will construe "PREPA" to mean PREPA and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

18.     AAFAF objects to the definition of the term "Proposed Transformation" as vague, ambiguous, and overbroad.  AAFAF will construe "Proposed Transformation" to refer to the potential transformation described in the Market Sounding Letter dated June 4, 2018, as posted on the official website of the Puerto Rico Public-Private Partnerships Authority at http://www.p3.pr.gov/prepa-transformation.html.

19.     AAFAF objects to the definition of the term "Supporting Holders" as overbroad because that term encompasses individuals and entities without regard to their connection or relevance to the Rule 9019 Motion and Supplemental Memorandum.  In responding to the Topics, AAFAF will construe "Supporting Holders" to mean the supporting holders of the RSA,

as defined by the preamble of the RSA, as well as their members and employees reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

20.     The Responses and Objections are made without waiving, or intending to waive, but, on the contrary, expressly reserving: (a) the right to object on the grounds of competency, privilege, relevancy, materiality, admissibility as evidence for any purpose, or any other proper grounds, to the use of any information obtained hereunder or the subject matter thereof, in whole or in part, at any trial or hearing related in the above-captioned case or in any related or subsequent action or proceeding; (b) the right to object on any and all grounds, at any time, to other discovery requests or procedures involving or relating to the subject matter of the Topics or otherwise; and (c) the right at any time to revise, amend, correct, supplement, or clarify the Responses and Objections.

21.     The Responses and Objections should not be construed as: (a) an admission as to the propriety of any Topic; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Topic; (c) an acknowledgement that information responsive to any Topic exists; (d) a waiver of the general objections or the objections asserted in response to specific Topics; (e) an admission as to the relevance or admissibility into evidence of any information; (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation; or (g) an agreement that requests for similar information will be treated in a similar manner.  Nothing in the Responses and Objections is intended to waive, and AAFAF expressly reserves, the right to file a motion to quash the Topics and/or to seek a protective order.

22.     The above general objections are incorporated into each of the following specific objections.

## SPECIFIC RESPONSES AND OBJECTIONS TO DEPOSITION TOPICS

### DEPOSITION TOPIC NO. 1:

The terms, negotiation, and drafting of the RSA, Preliminary RSA, and Settlement, and communications with the Supporting Holders and other parties relating thereto.

### RESPONSE TO DEPOSITION TOPIC NO. 1:

In addition to its general objections, AAFAF objects to Topic No. 1 to the extent it seeks

information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF

also objects to this Topic because it is unduly burdensome and unnecessary to prepare a witness

on a topic that could be more efficiently addressed through the production of documents.

AAFAF further objects to this Topic on the ground that it seeks testimony that is not relevant to

the issues before the Court in connection with the Rule 9019 Motion and the Supplemental

Memorandum.

Subject to and without waiving the foregoing general and specific objections, AAFAF will

produce a witness to offer relevant, non-privileged, and non-objectionable testimony regarding its

discussions with representatives of objectors to the Rule 9019 Motion, with the Ad Hoc Group of

PREPA Bondholders between March 1, 2018 and July 27, 2018, and with Assured between March

1, 2018 and March 25, 2019..

### DEPOSITION TOPIC NO. 2:

The costs and benefits of the RSA and Settlement to the Oversight Board, PREPA, AAFAF, the other title III debtors, the debtors' creditors, and/or the people of Puerto Rico and its economy.

### RESPONSE TO DEPOSITION TOPIC NO. 2:

In addition to its general objections, AAFAF objects to Topic No. 2 to the extent it seeks

information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF

further objects to this Topic to the extent it seeks testimony that is not within AAFAF's

knowledge.  AAFAF further objects to this Topic on the ground that it seeks testimony that is not

relevant to the issues before the Court in connection with the Rule 9019 Motion and the

Supplemental Memorandum.

Subject to and without waiving the foregoing general and specific objections, AAFAF

will produce a witness to offer relevant, non-privileged, and non-objectionable testimony

regarding the costs and benefits of the RSA and Settlement to PREPA.

**DEPOSITION TOPIC NO. 3:**

The costs and benefits of the RSA and Settlement to the Supporting Holders.

**RESPONSE TO DEPOSITION TOPIC NO. 3:**

In addition to its general objections, AAFAF objects to Topic No. 3 to the extent it seeks

information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF

further objects to this Topic to the extent it seeks testimony that is not within AAFAF's

knowledge.

Subject to and without waiving the foregoing general and specific objections, AAFAF

will produce a witness to offer relevant, non-privileged, and non-objectionable testimony related

to this Topic.

**DEPOSITION TOPIC NO. 4:**

Alternative restructuring or litigation strategies or transactions considered for PREPA,

including without limitation any alternative strategies or transactions that would have provided value to PREPA's unsecured creditors.

**RESPONSE TO DEPOSITION TOPIC NO. 4:**

In addition to its general objections, AAFAF objects to Topic No. 4 as protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF further objects to this Topic on the ground that it seeks testimony that is not relevant to the issues before the Court in connection with the Rule 9019 Motion and the Supplemental Memorandum.

**DEPOSITION TOPIC NO. 5:**

AAFAF's consideration and approval of the RSA, Preliminary RSA, and Settlement.

**RESPONSE TO DEPOSITION TOPIC NO. 5:**

In addition to its general objections, AAFAF objects to Topic No. 5 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to and without waiving the foregoing general and specific objections, AAFAF will produce a witness to offer relevant, non-privileged, and non-objectionable testimony related to this Topic.

**DEPOSITION TOPIC NO. 6:**

The ability of Puerto Rico's electric system to absorb and pass on the Settlement Charge and the Transition Charge—as referred to in paragraph 9 of the Rule 9019 Motion—as well as any other or additional rate surcharges, and the impact of the Settlement on the cost of electricity for PREPA's customers.

**RESPONSE TO DEPOSITION TOPIC NO. 6:**

In addition to its general objections, AAFAF objects to Topic No. 6 to the extent it seeks

information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF

also objects to this Topic on the ground that it seeks testimony that is not relevant to the issues

before the Court in connection with the Rule 9019 Motion and the Supplemental Memorandum,

particularly since the 9019 Motion does not seek approval from the Title III Court for the

Settlement Charge, the Transition Charge, or any other rate surcharges.

**DEPOSITION TOPIC NO. 7:**

The status of the Proposed Transformation and the impact of the RSA and Settlement
upon the Proposed Transformation.

**RESPONSE TO DEPOSITION TOPIC NO. 7:**

In addition to its general objections, AAFAF objects to Topic No. 7 to the extent it seeks

information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to and without waiving the foregoing general and specific objections, AAFAF

will produce a witness to offer relevant, non-privileged, and non-objectionable testimony related

to this Topic.

**DEPOSITION TOPIC NO. 8:**

The nature, extent, and value of any security interest that PREPA Bondholders hold in
assets of PREPA and analysis as to whether the PREPA Bondholders have meritorious defenses
as to whether their security interests are valid.

**RESPONSE TO DEPOSITION TOPIC NO. 8:**

In addition to its general objections, AAFAF objects to Topic No. 8 to the extent it seeks

information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF further objects to this Topic to the extent it seeks testimony regarding information that is not within AAFAF's possession, custody, or control.  AAFAF further objects to this Topic to the extent it improperly seeks witness testimony that would call for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, AAFAF will produce a witness to offer relevant, non-privileged, and non-objectionable testimony regarding AAFAF's decision to settle the Lien Challenge in light of the Bondholders' positions regarding their security interests.

**DEPOSITION TOPIC NO. 9:**

Your analysis concerning projected demand forecasts, sales forecasts, revenue forecasts, electricity pricing forecasts, and related assumptions for electricity in Puerto Rico including the effect, if any, of the Settlement (including the Settlement Charge and/or the Transition Charge) on such forecasts and assumptions.

**RESPONSE TO DEPOSITION TOPIC NO. 9:**

In addition to its general objections, AAFAF objects to Topic No. 9 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF also objects to this Topic on the ground that it seeks testimony that is not relevant to the issues before the Court in connection with the Rule 9019 Motion and the Supplemental Memorandum, particularly since the 9019 Motion does not seek approval from the Title III Court for the Settlement Charge or the Transition Charge.

**DEPOSITION TOPIC NO. 10:**

The nature and status of any legislation or regulatory approval necessary for the implementation of the RSA or Settlement.

**RESPONSE TO DEPOSITION TOPIC NO. 10:**

In addition to its general objections, AAFAF objects to Topic No. 10 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF also objects to this Topic on the ground that it seeks testimony that is not relevant to the issues before the Court in connection with the Rule 9019 Motion and the Supplemental Memorandum.

**DEPOSITION TOPIC NO. 11:**

PREPA's current and future net revenues and expenses.

**RESPONSE TO DEPOSITION TOPIC NO. 11:**

In addition to its general objections, AAFAF objects to Topic No. 11 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF further objects to this Topic because it is unduly burdensome and unnecessary to prepare a witness on a topic that could be more efficiently addressed through the production of documents, which have already been produced.  AAFAF further objects to this Topic on the ground that it seeks testimony that is not relevant to the issues before the Court in connection with the Rule 9019 Motion and the Supplemental Memorandum.  AAFAF is willing to meet and confer regarding the scope of this Topic.

**DEPOSITION TOPIC NO. 12:**

The funds and accounts described in the Trust Agreement and all revenues in such funds and accounts from the PREPA title III petition date to the present.

**RESPONSE TO DEPOSITION TOPIC NO. 12:**

In addition to its general objections, AAFAF objects to Topic No. 12 to the extent it seeks

information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF

further objects to this Topic because it is unduly burdensome and unnecessary to prepare a

witness on a topic that could be more efficiently addressed through the production of documents,

which have already been produced.  AAFAF further objects to this Topic on the ground that it

seeks testimony that is not relevant to the issues before the Court in connection with the Rule

9019 Motion and the Supplemental Memorandum.

Subject to and without waiving the foregoing general and specific objections, AAFAF is

willing to meet and confer regarding the scope of this Topic.

**DEPOSITION TOPIC NO. 13:**

The nature of your relationship and terms of any engagement letter or agreement with
Ankura Consulting Group, LLC or any other advisor that has provided services in connection
with the RSA, Settlement, or Proposed Transformation.

**RESPONSE TO DEPOSITION TOPIC NO. 13:**

In addition to its general objections, AAFAF objects to Topic No. 13 to the extent it seeks

information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF

further objects to this Topic on the ground that it does not seek information that is relevant or

reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019

Motion or the Supplemental Memorandum.

Subject to and without waiving the foregoing general and specific objections, AAFAF

will produce a witness to offer relevant, non-privileged, and non-objectionable testimony related
to this Topic.

## DEPOSITION TOPIC NO. 14:

The documents produced by You in response to the Committee's requests for the
production of documents in connection with the Rule 9019 Motion.

## RESPONSE TO DEPOSITION TOPIC NO. 14:

In addition to its general objections, AAFAF objects to Topic No. 14 to the extent it seeks
information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the
Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other
applicable privileges, doctrines, or immunities protecting information from disclosure.  In
addition, AAFAF objects to this Topic as vague, ambiguous, and overbroad in its reference to
each and every document AAFAF has produced to the Committee in connection with the Rule
9019 Motion.

Subject to and without waiving the foregoing general and specific objections, AAFAF is
willing to meet and confer regarding the scope of this Topic.

## DEPOSITION TOPIC NO. 15:

Your document retention systems and policies and any systems or policies relating to
electronic device ownership and usage, including email, text messages, and other forms of
communication applicable to You and Your representatives and advisors.

## RESPONSE TO DEPOSITION TOPIC NO. 15

In addition to its general objections, AAFAF objects to Topic No. 15 to the extent it seeks
information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the
Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other
applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF
further objects to this Topic on the ground that it does not seek information that is relevant or

reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019

Motion or the Supplemental Memorandum. AAFAF further objects to this Topic on the ground

that it seeks improper "discovery about discovery."  *See Hanan v. Corso*, 1998 WL 429841, at

*7 (D.D.C. Apr. 24, 1998) (finding "discovery about discovery" improper); *Fish v. Air & Liquid

Sys. Corp.*, 2017 WL 697663, at *17-18 (D. Md. Feb. 21, 2017) (discovery about discovery is

"strongly discouraged"); *see also In re Jemsek Clinic, P.A.*, 2013 WL 3994666, at *7-9 (Bankr.

W.D.N.C. 2013) (explaining that a party's "efforts in identifying, preserving, collecting, and

producing documents" are "simply not relevant" to the claims or defenses absent "real proof that

documents and information were willfully destroyed").  AAFAF further objects that having to

prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs

of the case.

**DEPOSITION TOPIC NO. 16:**

The process You followed to collect, search, and review documents in response to the
Committee's document requests.

**RESPONSE TO DEPOSITION TOPIC NO. 16**

In addition to its general objections, AAFAF objects to Topic No. 16 to the extent it seeks

information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF

further objects to this Topic on the ground that it does not seek information that is relevant or

reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019

Motion or the Supplemental Memorandum. AAFAF further objects to this Topic on the ground

that it seeks improper "discovery about discovery."  *See Hanan v. Corso*, 1998 WL 429841, at

*7 (D.D.C. Apr. 24, 1998) (finding "discovery about discovery" improper); *Fish v. Air & Liquid

*Sys. Corp.*, 2017 WL 697663, at *17-18 (D. Md. Feb. 21, 2017) (discovery about discovery is

"strongly discouraged"); *see also In re Jemsek Clinic, P.A.*, 2013 WL 3994666, at *7-9 (Bankr.

W.D.N.C. 2013) (explaining that a party's "efforts in identifying, preserving, collecting, and

producing documents" are "simply not relevant" to the claims or defenses absent "real proof that

documents and information were willfully destroyed").  AAFAF further objects that having to

prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs

of the case.

**DEPOSITION TOPIC NO. 17:**

Your responses to the Committee's interrogatories in connection with the Rule 9019
Motion.

**RESPONSE TO DEPOSITION TOPIC NO. 17**

In addition to its general objections, AAFAF objects to Topic No. 17 as protected by the

Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative

Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines,

or immunities protecting information from disclosure.  In addition, AAFAF objects to this Topic

as vague and ambiguous in its general reference to AAFAF's responses to the Committee's

interrogatories in connection with the Rule 9019 Motion.

**DEPOSITION TOPIC NO. 18:**

The preparation of the Supplemental Submission and the arguments and assertions
contained therein regarding the benefits of the Settlement and why the movants believe the Rule
9019 Motion should be granted by the Court.

**RESPONSE TO DEPOSITION TOPIC NO. 18**

In addition to its general objections, AAFAF objects to Topic No. 18 as protected by the

Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative

Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines,

or immunities protecting information from disclosure.


Dated: July 10, 2019                                Respectfully submitted,
      San Juan, Puerto Rico

                                                 */s/ Elizabeth L. McKeen*
                                                 John J. Rapisardi
                                               Nancy A. Mitchell
                                               Peter Friedman
     (Admitted *Pro Hac Vice*)
     **O'MELVENY & MYERS LLP**
     7 Times Square
     New York, NY 10036
     Tel: (212) 326-2000
     Fax: (212) 326-2061

     Elizabeth L. McKeen
     Ashley M. Pavel
     (Admitted *Pro Hac Vice*)
     610 Newport Center Drive, 17th Floor
     Newport Beach, CA 92660
     Tel: +1-949-823-6900
     Fax: +1-949-823-6994

     *Attorneys for Puerto Rico Fiscal Agency and*
     *Financial Advisory Authority*

I hereby certify that, on this date, I caused copies of the foregoing document to be served on the following counsel of record for the Potential Objectors.

WEIL, GOTSHAL & MANGES LLP

Robert Berezin, Esq.
Marcia Goldstein, Esq.
Jonathan Polkes, Esq.
Gregory Silbert, Esq.
767 Fifth Avenue
New York, NY 10153
marcia.goldstein@weil.com
jonathan.polkes@weil.com
gregory.silbert@weil.com
robert.berezin@weil.com

*Counsel for National Public Finance
Guarantee Corporation*

PAUL HASTINGS LLP

Luc A. Despins, Esq.
Andrew V. Tenzer, Esq.
James R. Bliss, Esq.
James B. Worthington, Esq.
Michael E. Comerford, Esq.
G. Alexander Bongartz, Esq.
Nicholas Bassett, Esq.
875 15th Street NW
Washington, DC 20005
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel for the Official Committee of
Unsecured Creditors*

DEBEVOISE & PLIMPTON LLP

My Chi To, Esq.
Craig A. Bruens, Esq.
Elie J. Worenklein, Esq.
919 Third Avenue
New York, NY 10022
mcto@ debevoise.com
cabruens@ debevoise.com
eworenklein@debevoise.com

*Counsel for Syncora Guarantee, Inc.*

WACHTELL, LIPTON, ROSEN & KATZ LLP

Richard G. Mason, Esq.
Amy R. Wolf, Esq.
Emil A. Kleinhaus, Esq.
Angela K. Herring, Esq.
51 West 52nd Street
New York NY 10019
rgmason@wlrk.com
arwolf@wlrk.com
eakleinhaus@wlrk.com
akherring@wlrk.com

*Counsel for Cortland Capital Market Services
LLC, as Administrative Agent*

SIMPSON THACHER & BARTLETT LLP

Sandy Qusba, Esq.
Bryce L. Friedman, Esq.
Nicholas Baker, Esq.
Edward R. Linden, Esq.
425 Lexington Avenue
New York, NY 10017
squsba@stblaw.com
bfriedman@stblaw.com
nbaker@stblaw.com
edward.linden@stblaw.com

*Counsel for Solus Alternative Asset
Management LP*

BUFETE EMMANUELLI, C.S.P.

Jessica E. Méndez Colberg, Esq.
Rolando Emmanuelli Jiménez, Esq.
Urb. Constancia
2803 Calle San Francisco
Ponce PR 00717
jessica@bufete-emmanuelli.com
remmanuelli@me.com

*Counsel for Unión de Trabajadores de la
Industria Eléctrica y Riego, Inc. ("UTIER")*

Further, I hereby certify that, on this date, I caused copies of the foregoing document to

be served on the following counsel of record for other parties-in-interest to the 9019 Motion.

PROSKAUER ROSE, LLP

Martin J. Bienenstock, Esq.
Ehud Barak, Esq.
Margaret A. Dale, Esq.
Gregg M. Mashberg, Esq.
Michael T. Mervis, Esq.
Elisa Cariño, Esq.
Jennifer L. Jones, Esq.
Laura Stafford, Esq.
Lucy Wolf, Esq.
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900
mbienenstock@proskauer.com
ebarak@proskauer.com
mdale@proskauer.com
gmashberg@proskauer.com
mmervis@proskauer.com
ecarino@proskauer.com
jljones@proskauer.com
lstafford@proskauer.com
lwolf@proskauer.com
Paul V. Possinger, Esq.
Brandon C. Clark, Esq.
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel: (312) 962-3550
Fax: (312) 962-3551
ppossinger@proskauer.com
bclark@proskauer.com

**DEL VALLE EMMANUELLI LAW OFFICES**
Luis F. del Valle Emmanuelli, Esq.
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
devlawoffices@gmail.com

*Attorneys for The Financial Oversight and
Management Board for Puerto Rico, as
representative of The Commonwealth of
Puerto Rico and the Puerto Rico Electric
Power Authority*

CADWALADER, WICKERSHAM & TAFT LLP

William J. Natbony, Esq.
Ellen Halstead, Esq.
200 Liberty Street
New York, NY 10281
Bill.Natbony@cwt.com
Ellen.Halstead@cwt.com

*Counsel for Assured Guaranty Corp., and
Assured Guaranty Municipal Corp.*

3

KRAMER LEVIN NAFTALIS &FRANKEL LLP

Amy Caton, Esq.
Thomas Moers Mayer, Esq.
Alice J. Byowitz
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
acaton@kramerlevin.com
tmayer@kramerlevin.com
abyowitz@kramerlevin.com

-and-

TORO, COLON, MULLET, RIVERA & SIFRE,
P.S.C.

Manuel Fernandez-Bared, Esq.
Linette Figuerosa-Torres, Esq.
Nadya Pérez-Román, Esq.
Jane Patricia Van Kirk, Esq.
PO Box 195383
San Juan, PR 00919-5383
mfb@tcmrslaw.com
lft@tcmrslaw.com
nperez@tcmrslaw.com
jvankirk@tcmrslaw.com

*Counsel for the Ad Hoc Group of PREPA
Bondholders*


Date: June 10, 2019                    /s/ *Elizabeth L. McKeen*

                                       Elizabeth L. McKeen (*admitted pro hac vice*)