# EXHIBIT 5

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                   Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                 Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>               Movant,<br><br>     v.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *et al.*<br><br>               Respondent. | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**RESPONSES AND OBJECTIONS OF THE
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
FOR PUERTO RICO TO THE GENERAL CREDITORS'
<u>COMMITTEE'S SECOND SET OF DOCUMENT REQUESTS</u>**

*[Remainder of page intentionally left blank]*

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, made applicable to this proceeding by Section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170) and the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), hereby responds and objects to *Second Set of Document Requests of Official Committee of Unsecured Creditors to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Authority* served by the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "UCC"), and dated July 5, 2019, (the "Requests for Production," and each individual request for production of documents a "Request"), as follows:

## PRELIMINARY STATEMENT

The Oversight Board's responses and objections (the "Responses and Objections") to the Requests for Production are made without prejudice to the Oversight Board's right to amend or supplement its response herein if necessary at a later date.  To the extent the Oversight Board has not objected to the Requests for Production, it has made reasonable efforts to respond to each Request as understood and interpreted.  If the UCC subsequently asserts an interpretation of the Requests for Production that differs from that of the Oversight Board, the Oversight Board reserves the right to supplement its objections.  By making the objections below, the Oversight Board does not waive and expressly reserves its right to make additional objections.

## GENERAL OBJECTIONS

1.     The Oversight Board objects to the Requests for Production, and to each and every Request, as irrelevant, overbroad, and unduly burdensome to the extent they seek information

- 1 -

neither necessary nor proportionate to the narrow question whether to approve the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement* [the "RSA"] *and Tolling Certain Limitations Periods* (Case No. 17-BK-4780-LTS, ECF No. 1235) (the "9019 Motion").  Not only is the UCC's effort to engage in voluminous discovery far beyond the standards applicable to approval under Rule 9019, but it is clearly designed to disrupt and delay the process for approving the Definitive RSA.

2.      The Oversight Board objects to the Requests for Production, and to each Request, to the extent (i) they exceed the legitimate scope of discovery in connection with the 9019 Motion; (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, and the parties' resources.

3.      The production of any document pursuant to the Requests for Production does not constitute an admission by the Oversight Board that such document is relevant or material to the issues before the Court or is admissible.  The Oversight Board is producing documents that are irrelevant and inadmissible, but is doing so solely to expedite the process without any concession the Requests are relevant or material to the instant contested matter.

4.      The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent they seek documents relating to the nature of the UCC's claims irrespective of the issues relevant to approval of the RSA.

5.      The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent they seek documents without restrictions as to date.  The Oversight Board

will not produce documents or communications that pre-date May 1, 2018 or otherwise seek documents outside the timeframe relevant to the 9019 Motion.

6.      The Oversight Board objects to the Definitions, the Instructions, and the Requests for Production, and to each and every Request, to the extent they purport to impose burdens on the Oversight Board inconsistent with, or not otherwise authorized by, or seek to impose obligations that exceed those imposed by, the Governing Rules.  In responding to these Requests, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.  The Oversight Board will construe and respond to the Requests for Production and each Request in a manner consistent with its obligations under the Governing Rules, and not otherwise.

7.      The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent the information sought is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive privilege, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board intends to and does assert any and all such privileges with respect to all such information.  Nothing in these Responses is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.

8.      The Oversight Board objects to the Requests for Production, and to each and every Request, as unduly burdensome to the extent they request the Oversight Board produce documents outside the Oversight Board's possession, custody or control.  The Oversight Board further objects to the Requests for Production to the extent they call for information publicly available,

unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including documents in the possession of the UCC.

9. The Oversight Board objects to the Requests for Production as unduly burdensome to the extent they are cumulative or duplicative of other discovery requests served on PREPA and AAFAF and other entities in connection with the 9019 Motion. The Oversight Board will not produce documents more readily obtained from AAFAF or PREPA or that are being produced by AAFAF or PREPA or other entities. Subject to the other general and specific objections set forth herein, the Oversight Board will use reasonable diligence to obtain responsive documents in its possession, custody or control based on an examination of those files reasonably expected to yield responsive documents not likely to be duplicative of documents in the possession, custody or control of AAFAF or PREPA or other entities, but will not undertake to obtain documents that are publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including information known to the UCC.

10. The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent they seek documents containing information confidential or proprietary in nature, or otherwise constitute protected commercial, strategic, financial or competitively sensitive or trade secret information, including but not limited to information or models created by the Oversight Board's current or former financial advisors. The Oversight Board will produce such documents only pursuant to an appropriate Protective Order.

11. The Oversight Board objects to the Requests, and to each and every Request, to the extent they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions. By providing these Objections and Responses, the Oversight Board does not admit any factual or legal premise in the Requests.

12.     The Oversight Board objects to the Requests, and to each and every Request, as overbroad and unduly burdensome to the extent they purport to require the Oversight Board to provide "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address.

13.     The Oversight Board objects to the definition of the term "Oversight Board," "You," and "Your" as overbroad because they include individuals and entities not components of the Oversight Board and without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "Oversight Board" to mean the Oversight Board and its employees, members, and known agents reasonably likely to possess information relevant to the 9019 Motion.

14.     The Oversight Board objects to the definition of the term "PREPA" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "PREPA" to mean PREPA and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

15.     The Oversight Board objects to the definition of the term "AAFAF" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "AAFAF" to mean AAFAF and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

16.     The Oversight Board objects to the definition of the term "Citigroup" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "Citigroup" to

- 5 -

mean Citigroup Global Markets, Inc. and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

17.     The Oversight Board objects to the definition of the term "Proskauer" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "Proskauer" to mean Proskauer Rose LLP and its employees reasonably likely to possess information relevant to the 9019 Motion.

18.     The Oversight Board objects to the definition of the term "McKinsey" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "McKinsey" to mean McKinsey & Company, Inc. Washington D.C. and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

19.     The Oversight Board objects to the definition of the term "Proposed Transformation" as overbroad to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules.  The Oversight Board further objects to the definition of "Proposed Transformation" as overbroad, vague, and ambiguous.  In responding to these requests, the Oversight board will construe "Proposed Transformation" to mean the specific proposed changes to the Puerto Rico electric system in the RSA.

20.     The Oversight Board objects to the definition of "Settlement" to the extent it is overly broad, vague, and ambiguous.

21.     The Oversight Board objects to the definition of the term "Supporting Holders" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe

"Supporting Holders" to mean the supporting holders of the RSA, as defined by the preamble of the RSA as well as their employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

22.      The Oversight Board objects to the definition of the terms "Communication" and "Communications" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules.  The Oversight Board further objects to searching or producing any text messages, web messages, or other forms of instant messaging, or to "words transmitted by telephone, radio, or any method of voice recording," which would be unduly burdensome and not proportionate to the needs of the case.  The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

23.      The Oversight Board objects to the definitions of "Concerning" and/or "relating to" to the extent they are overly broad, vague, and ambiguous.

24.      The Oversight Board objects to the definition of the term "Concessionaire" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "Concessionaire" to mean Duke Energy Corp., Exelon Corp., PSEG Services Corp., the consortium composed of ATCO Ltd., IEM, and Quanta Services Inc.

25.      The Oversight Board objects to the definition of the terms "Document" and "Documents" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules.  The Oversight Board further objects to searching or producing any text messages, instant messages, web messages, WhatsApp messages, social media messages, telegrams, cables, facsimiles, memoranda, records, books, financial statements,

summaries or records or notes of personal conversations or interviews, diaries, calendars, forecasts, statistical statements, accountants work papers, graphs, charts, maps, diagrams, blue prints, tables, indexes, pictures, recordings, tapes, microfilm, charge clips, accounts, analytical records, minutes or records of meetings or conferences, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, reports and/or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, contracts stenographic, handwritten, or any other notes, projections, working papers, federal and state income tax returns, checks, front and back, check stubs or receipts, shipping documents, manifests, invoice vouchers, computer printouts and computer disks and tapes, tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced, which would be unduly burdensome and not proportionate to the needs of the case.  The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

26.     The Oversight Board objects to the definition of the terms "You" and "Your" as overbroad because it incorporates the objectionable definition of the term Oversight Board.  In responding to these Requests, the Oversight Board will construe "You" and "Your" to mean the Financial Oversight and Management Board for Puerto Rico and its employees, members, and known agents reasonably likely to possess information relevant to the 9019 Motion.

27.     The above General Objections are incorporated into each of the following specific Objections and Responses.


*[Remainder of page intentionally left blank]*

## SPECIFIC RESPONSES AND OBJECTION TO REQUESTS
## FOR PRODUCTION OF DOCUMENTS

## REQUEST NO. 1:

The curriculum vitaes of David Brownstein and Frederic Chapados.

## RESPONSE TO REQUEST NO. 1:

The Oversight Board objects to this Request on the grounds that it seeks documents outside of the Oversight Board's possession, custody, and control.  The Oversight Board further objects to this Request on the grounds that it is duplicative of a request issued to Citigroup Global Markets Inc., from which the requested documents can be more readily obtained.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board states that it does not possess documents responsive to this Request.

## REQUEST NO. 2:

All Documents and communications relied upon or considered in preparing the Jaresko Declaration.

## RESPONSE TO REQUEST NO. 2:

The Oversight Board objects to this Request on the grounds the Request—and insofar as it seeks "[a]ll Documents and communications"—is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

- 9 -

The Oversight Board further objects to this Request to the extent it seeks information available publicly or already in the possession of the UCC.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative documents Ms. Jaresko relied upon, if any, to the extent they have not already been produced and are not available publicly.

**REQUEST NO. 3:**

All documents and communications relied upon or considered in preparing the Brownstein Declaration.

**RESPONSE TO REQUEST NO. 3:**

The Oversight Board objects to this Request on the grounds the Request—and insofar as it seeks "[a]ll documents and communications"—is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent it seeks information available publicly or already in the possession of the UCC.  The Oversight Board further objects to this Request on the grounds that it is duplicative of a request issued to Citigroup Global Markets Inc., from which the requested documents can be more readily obtained.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative documents Mr. Brownstein relied upon, if any, to the extent they have not already been produced and are not available publicly.

**REQUEST NO. 4:**

All documents and communications relied upon or considered in preparing the Chapados declaration.

**RESPONSE TO REQUEST NO. 4:**

The Oversight Board objects to this Request on the grounds the Request—and insofar as it seeks "[a]ll documents and communications"—is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent it seeks information available publicly or already in the possession of the UCC.  The Oversight Board further objects to this Request on the grounds that it is duplicative of a request issued to Citigroup Global Markets Inc., from which the requested documents can be more readily obtained.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will

conduct a reasonable search for and produce responsive, non-privileged, non-duplicative documents Mr. Chapados relied upon, if any, to the extent they have not already been produced and are not available publicly.

**REQUEST NO. 5:**

All documents and communications relied upon or considered in preparing the Sobrino Declaration.

**RESPONSE TO REQUEST NO. 5:**

The Oversight Board objects to this Request on the grounds the Request—and insofar as it seeks "[a]ll documents and communications"—is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to this Request on the grounds it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion. The Oversight Board further objects to this Request on the grounds it seeks documents outside of the Oversight Board's possession, custody, and control. The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent it seeks information available publicly or already in the possession of the UCC. The Oversight Board further objects to this Request on the grounds that it seeks documents outside of the Oversight Board's possession, custody, and control. The Oversight Board further objects to this Request on the grounds that it is duplicative of a request issued to AAFAF, from which the requested documents can be more readily obtained.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 6:**

All non-privileged communications, if any, concerning the preparation of the Supplemental Submissions.

**RESPONSE TO REQUEST NO. 6:**

The Oversight Board objects to this Request on the grounds the request for "[a]ll" communications is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion. The only non-privileged communications concerning the preparation of the Supplemental Submissions would be non-substantive and would have no bearing on whether the RSA falls above the lowest point in the range of reasonableness and should therefore be approved under Rule 9019. The Oversight Board further objects to the Request on the grounds it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 7:**

All documents and communications concerning calculations in the Brownstein Declaration, including but not limited to the calculations in Tables 1-5.

**RESPONSE TO REQUEST NO. 7:**

The Oversight Board objects to this Request on the grounds the request for "[a]ll documents and communications" is overly broad, unduly burdensome, and beyond the scope of

legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to this Request on the grounds the request seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board further objects to this Request on the grounds that it is duplicative of Request No. 3 to the Oversight Board and a request issued to Citigroup Global Markets Inc., from which the requested documents, to the extent they exist, can be more readily obtained.  The Oversight Board further objects to this Request to the extent it assumes the existence of worksheets concerning the calculations in Tables 1-5 of the Brownstein Declaration.  The Oversight Board objects to this Request on the ground that the subject matter is more appropriately the subject of deposition testimony than document disclosure.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative documents, if any, reflecting the model(s) underlying the calculations in Table 1-5 of the Brownstein Declaration to the extent it or they have not already been produced.

### REQUEST NO. 8:

All documents and communications concerning negotiations with Syncora Guarantee Inc. or its counsel or advisors concerning the RSA.

### RESPONSE TO REQUEST NO. 8:

The Oversight Board objects to this Request on the grounds the request for "[a]ll documents and communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to this request on the grounds that it seeks information already

produced in response to the UCC's first request for documents.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative communications, if any, in connection with negotiations with Syncora Guarantee Inc. or its counsel or advisors concerning the RSA exchanged prior to the date when an agreement in principle was reached, to the extent such materials are available in what the Oversight Board already has collected from its custodians.

## REQUEST NO. 9:

All documents and communications concerning negotiations with National Public Finance Guarantee Corporation or its counsel or advisors concerning the RSA.

## RESPONSE TO REQUEST NO. 9:

The Oversight Board objects to this Request on the grounds the request for "[a]ll documents and communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to this request on the grounds that it seeks information already produced in response to the UCC's first request for documents.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process

privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative communications, if any, in connection with negotiations with National Public Finance Guarantee Corporation or its counsel or advisors concerning the RSA exchanged prior to the date when any agreement in principle is reached, to the extent such materials are available in what the Oversight Board already has collected from its custodians.

**REQUEST NO. 10:**

All documents and communications relating to any engagement letters, agreements, or compensation arrangements entered into by Frederic Chapados, David Brownstein, or Citigroup Global Markets Inc. with any counterparty concerning PREPA, the RSA, or any other topics or issues discussed in the Brownstein and Chapados Declarations.

**RESPONSE TO REQUEST NO. 10:**

The Oversight Board objects to this Request on the grounds the request for "[a]ll documents and communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion. The Oversight Board further objects to the Request on the grounds it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion. The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege,

or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent it seeks information available publicly or already in the possession of the UCC.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will produce its service agreements, and any amendments thereto, entered into with Citigroup Global Markets Inc.

## REQUEST NO. 11:

All economic and financial models supporting the figures provided in PREPA's June 27, 2019 Certified Fiscal Plan.

## RESPONSE TO REQUEST NO. 11:

The Oversight Board objects to this Request on the grounds that the request for "all" models is overly broad, unduly burdensome, vague, ambiguous and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion. The Oversight Board further objects to the Request on the grounds it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion. The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent it seeks information more readily obtainable from another source.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

Dated: July 10, 2019

**PROSKAUER ROSE, LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock
Ehud Barak
Margaret A. Dale
Gregg M. Mashberg
Eleven Times Square
New York, NY 10036-8299
Tel:  (212) 969-3000
Fax:  (212) 969-2900
mbienenstock@proskauer.com
ebarak@proskauer.com
mdale@proskauer.com
gmashberg@proskauer.com

-and-

Paul V. Possinger
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel:  (312) 962-3550
Fax:  (312) 962-3551
ppossinger@proskauer.com

-and-

**DEL VALLE EMMANUELLI LAW
OFFICES**

Luis F. del Valle Emmanuelli
PO Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932
devlawoffices@gmail.com

*Attorneys for The Financial Oversight
and Management Board for Puerto Rico,
as representative of The Commonwealth
of Puerto Rico and the Puerto Rico
Electric Power Authority*

- 19 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this date, I caused copies of the foregoing document to be served on the following counsel of record for the Potential Objectors.

WEIL, GOTSHAL & MANGES LLP

Robert Berezin, Esq.
Marcia Goldstein, Esq.
Jonathan Polkes, Esq.
Gregory Silbert, Esq.
767 Fifth Avenue
New York, NY 10153
marcia.goldstein@weil.com
jonathan.polkes@weil.com
gregory.silbert@weil.com
robert.berezin@weil.com

*Counsel for National Public Finance
Guarantee Corporation*

PAUL HASTINGS LLP

Luc A. Despins, Esq.
Andrew V. Tenzer, Esq.
James R. Bliss, Esq.
James B. Worthington, Esq.
Michael E. Comerford, Esq.
G. Alexander Bongartz, Esq.
Nicholas Bassett, Esq.
875 15th Street NW
Washington, DC 20005
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel for the Official Committee of
Unsecured Creditors*

DEBEVOISE & PLIMPTON LLP

My Chi To, Esq.
Craig A. Bruens, Esq.
Elie J. Worenklein, Esq.
919 Third Avenue
New York, NY 10022
mcto@ debevoise.com
cabruens@ debevoise.com
eworenklein@debevoise.com

*Counsel for Syncora Guarantee, Inc.*

WACHTELL, LIPTON, ROSEN & KATZ LLP

Richard G. Mason, Esq.
Amy R. Wolf, Esq.
Emil A. Kleinhaus, Esq.
Angela K. Herring, Esq.
51 West 52nd Street
New York NY 10019
rgmason@wlrk.com
arwolf@wlrk.com
eakleinhaus@wlrk.com
akherring@wlrk.com

*Counsel for Cortland Capital Market Services
LLC, as Administrative Agent*

SIMPSON THACHER & BARTLETT LLP

Sandy Qusba, Esq.
Bryce L. Friedman, Esq.
Nicholas Baker, Esq.
Edward R. Linden, Esq.
425 Lexington Avenue
New York, NY 10017
squsba@stblaw.com
bfriedman@stblaw.com
nbaker@stblaw.com
edward.linden@stblaw.com

*Counsel for Solus Alternative Asset
Management LP*

BUFETE EMMANUELLI, C.S.P.

Jessica E. Méndez Colberg, Esq.
Rolando Emmanuelli Jiménez, Esq.
Urb. Constancia
2803 Calle San Francisco
Ponce PR 00717
jessica@bufete-emmanuelli.com
remmanuelli@me.com

*Counsel for Unión de Trabajadores de la
Industria Eléctrica y Riego, Inc. ("UTIER")*

        Further, I hereby certify that, on this date, I caused copies of the foregoing document to

be served on the following counsel of record for other parties-in-interest to the 9019 Motion.

O'MELVENY & MYERS LLP

Elizabeth L. McKeen, Esq.
Peter Friedman, Esq.
John J. Rapisardi, Esq.
Seven Times Square
New York, NY 10036
emckeen@omm.com
pfriedman@omm.com
jrapisardi@omm.com

*Counsel for Puerto Rico Fiscal Agency and
Financial Advisory Authority ("AAFAF")*

CADWALADER, WICKERSHAM & TAFT LLP

William J. Natbony, Esq.
Ellen Halstead, Esq.
200 Liberty Street
New York, NY 10281
Bill.Natbony@cwt.com
Ellen.Halstead@cwt.com

*Counsel for Assured Guaranty Corp., and
Assured Guaranty Municipal Corp.*

- 2 -

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Amy Caton, Esq.
Thomas Moers Mayer, Esq.
Alice J. Byowitz
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
acaton@kramerlevin.com
tmayer@kramerlevin.com
abyowitz@kramerlevin.com

-and-

TORO, COLON, MULLET, RIVERA & SIFRE,
P.S.C.

Manuel Fernandez-Bared, Esq.
Linette Figuerosa-Torres, Esq.
Nadya Pérez-Román, Esq.
Jane Patricia Van Kirk, Esq.
PO Box 195383
San Juan, PR 00919-5383
mfb@tcmrslaw.com
lft@tcmrslaw.com
nperez@tcmrslaw.com
jvankirk@tcmrslaw.com

*Counsel for the Ad Hoc Group of PREPA
Bondholders*


Date: July 10, 2019                    /s/ *Brandon C. Clark*
                                       Brandon C. Clark (*admitted pro hac vice*)