# Exhibit D

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Movant,<br>v.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *et al.*<br><br>Respondent. | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

- 2 -

**RESPONSES AND OBJECTIONS OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO CORTLAND CAPITAL MARKET SERVICES LLC'S AND SOLUS ALTERNATIVE ASSET MANAGEMENT LP'S FIRST <u>SET OF INTERROGATORIES</u>**

*[Remainder of page intentionally left blank]*

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170) and Federal Rules of Bankruptcy Procedure 7026, 7033, and 9014, the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, or the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), by and through undersigned counsel, hereby responds and objects to *First Set of Interrogatories of Cortland Capital Market Services LLC, as Administrative Agent, and Solus Alternative Asset Management LP to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Authority* served by Cortland Capital Market Services LLC and Solus Alternative Asset Management LP (collectively, "Fuel Line Lenders") and dated May 22, 2019 (the "Interrogatories," and each individual interrogatory an "Interrogatory"), as follows:

## PRELIMINARY STATEMENT

The Oversight Board's response to the Interrogatories is given without prejudice to the Oversight Board's right to amend or supplement its response herein if necessary at a later date. The Oversight Board has made reasonable efforts to respond to the Interrogatories, to the extent it has not been objected to, as the Oversight Board understands and interprets the Interrogatories. If the Fuel Lenders subsequently assert an interpretation of the Interrogatories that differs from that of the Oversight Board's, the Oversight Board reserves the right to supplement its objections. By making the objections below, the Oversight Board does not waive and expressly reserves its right to make additional objections.

**GENERAL OBJECTIONS**

1. The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, as irrelevant, overbroad, unduly burdensome to the extent they seek information neither necessary nor proportionate to the narrow question whether to approve the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement* [the "RSA"] *and Tolling Certain Limitations Periods* (Case No. 17-BK-4780-LTS, ECF No. 1235) (the "9019 Motion"). Not only are the Fuel Line Lenders' effort to engage in voluminous discovery, far beyond the standards applicable to approval under Rule 9019, but it is clearly designed to disrupt and delay the process for approving the Definitive RSA.

2. The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, to the extent (i) they exceed the legitimate scope of discovery in connection with a 9019 motion; (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, and the parties' resources.

3. The response to any Interrogatory does not constitute an admission by the Oversight Board that the information requested by the Interrogatory or the information contained in the Oversight Board's response is relevant or material to the issues before the Court or is admissible. The Oversight Board is responding to Interrogatories with information that is irrelevant and inadmissible, but is doing so solely to expedite the process without any concession that the Interrogatories seek information relevant or material to the instant contested matter.

4. The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, to the extent they seek documents without restrictions as to date. The Oversight

Board will not provide responses to Interrogatories seeking information predating May 1, 2018 or otherwise seeking information outside the time frame relevant to the instant contested matter.

5. The Oversight Board objects to the Definitions, the Instructions, and the Interrogatories, and to each and every Interrogatory, to the extent they purport to impose burdens on the Oversight Board inconsistent with, or not otherwise authorized by, or seek to impose obligations exceeding those imposed by the Governing Rules. In responding to these Interrogatories, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules. The Oversight Board will construe and respond to the Interrogatories in a manner consistent with its obligations under the Governing Rules, and not otherwise.

6. The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, to the extent the information sought is protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board intends to and does assert any and all such privileges with respect to all such information. Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.

7. The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, as unduly burdensome to the extent they request the Oversight Board respond to topics beyond its knowledge. The Oversight Board further objects to the Interrogatories, and to each and every Interrogatory, to the extent they call for information publicly available,

- 5 -

unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including information known to the Fuel Line Lenders.

8. The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, to the extent they seek information that is confidential or proprietary in nature, or otherwise constitutes protected commercial, strategic, financial or competitively sensitive or trade secret information, including but not limited to information or models created by the Oversight Board's current or former financial advisors. The Oversight Board will provide responses to Interrogatories seeking such information only pursuant to an appropriate Protective Order.

9. The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, to the extent they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions. By providing these Objections and Responses, the Oversight Board does not admit any factual or legal premise in the Interrogatories.

10. The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, as overbroad and unduly burdensome to the extent they purport to require the Oversight Board to provide "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by Interrogatory response.

11. The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, as unduly burdensome to the extent they are cumulative or duplicative of other Interrogatories served by the Fuel Line Lenders on any entity in connection with the 9019 Motion or to the extent they are duplicative of other Interrogatories served on the FOMB by any

other objector to the 9019 Motion. The Oversight Board further objects to the Interrogatories in their entirety, and to each and every Interrogatory, to the extent the Fuel Line Lenders may obtain the information sought through less burdensome means.

12. The Oversight Board objects to the definition of the terms "Oversight Board," "You," and "Your" as overbroad because they include individuals and entities not components of the Oversight Board and without regard to their connection or relevance to the 9019 Motion. In responding to these Interrogatories, the Oversight Board will construe "Oversight Board," "You," and "Your" to mean the members of the Oversight Board, its staff, and its known agents reasonably likely to possess information relevant to the 9019 Motion.

13. The Oversight Board objects to the definition of the term "PREPA" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion. In responding to these Interrogatories, the Oversight Board will construe "PREPA" to mean PREPA and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

14. The Oversight Board objects to the definition of the term "AAFAF" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion. In responding to these Interrogatories, the Oversight Board will construe "AAFAF" to mean AAFAF and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

15. The Oversight Board objects to the definition of the term "Citi" and "Citi Representative" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion. In responding to these Interrogatories, the Oversight Board will construe "Citi" and "Citi Representative" to mean Citigroup Capital

Markets, Inc. and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

16. The Oversight Board objects to the definition of the term "Debtor" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion. In responding to these Interrogatories, the Oversight Board will construe "Debtor" to mean PREPA and its respective employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

17. The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, to the extent they seek information relating to the nature of the Fuel Line Lenders claims irrespective of the existence of the Definitive RSA.

18. The above General Objections are incorporated into each of the following specific Objections and Responses.

*[Remainder of page intentionally left blank]*

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

1. Identify any witnesses You intend to call to testify at the hearing on the Settlement Motion.

   **Response:** The Oversight Board objects to this Interrogatory as untimely and because it seeks to impose a duty in excess of, or contrary to the obligations imposed by the Governing Rules or any other Court order. The Oversight Board will provide this information in accordance with the scheduling ordered entered by the Court in this proceeding.

2. Identify the Persons with knowledge of any collateral securing the Bonds and its value, including whether or not Bonds are oversecured or undersecured.

   **Response:** The Oversight Board objects to this Interrogatory as (a) requesting expert testimony in a contested matter the Rule 9019 Motion is attempting to avoid, and (b) overbroad and unduly burdensome and seeking information irrelevant to the Rule 2019 Motion in that the underlying information sought is beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The issue is whether the settlement in the RSA is within the zone of reasonableness and the underlying information upon which the Interrogatory is based is beyond the scope of this inquiry. The issues being settled should not be litigated in the form of a mini-trial on the merits. The Oversight Board further objects to this Interrogatory to the extent it seeks information duplicative of information sought from other entities upon which the Fuel Line Lenders have served interrogatories, or is more easily or appropriately sought form other entities. In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above,

the Oversight Board will not respond to this Interrogatory.

3. Identify the PREPA Representatives primarily responsible for the negotiation of each of the Scotiabank Credit Agreement and the Citibank Credit Agreement and state whether each such PREPA Representative identified is currently employed by any Debtor and, if not, state the last known contact information for each PREPA Representative identified.

   **Response:** The Oversight Board objects to this Interrogatory as an overbroad, unduly burdensome, and improper attempt to obtain information relating to the Fuel Line Lenders' claims that are irrelevant to the Rule 9019 Motion in that the underlying information upon which the Interrogatory is based is beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The issue is whether the settlement in the RSA is within the zone of reasonableness and the underlying information upon which the Interrogatory is based is beyond the scope of this inquiry. The issues being settled should not be litigated in the form of a mini-trial on the merits. The Oversight Board further objects to this Interrogatory to the extent it seeks information duplicative of information sought from other entities upon which the Fuel Line Lenders have served interrogatories, or is more easily or appropriately sought form other entities. In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not respond to this Interrogatory.

4. Identify the Citi Representatives primarily responsible for the negotiation of the Citibank Credit Agreement and state whether each such Citi Representative identified is currently employed by Citigroup Global Markets Inc.

   **Response:** The Oversight Board objects to this Interrogatory as an overbroad,

- 10 -

unduly burdensome, and improper attempt to obtain information relating to the Fuel Line Lenders' claims that are irrelevant to the Rule 9019 Motion in that the underlying information upon which the Interrogatory is based is beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The issue is whether the settlement in the RSA is within the zone of reasonableness and the underlying information is beyond the scope of this inquiry. The issues being settled should not be litigated in the form of a mini-trial on the merits. The Oversight Board further objects to this Interrogatory to the extent it seeks information duplicative of information sought from other entities upon which the Fuel Line Lenders have served interrogatories, or is more easily or appropriately sought form other entities. In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not respond to this Interrogatory.

5. Identify the Persons, including PREPA Representatives, primarily responsible for the preparation — since May 4, 2012 — of the Annual Budgets required pursuant to section 504 of the Trust Agreement and state whether each such Person identified is currently employed by any Debtor and, if not, state the last known contact information for each Person identified.

    **Response:** The Oversight Board objects to this Interrogatory as an overbroad, unduly burdensome, and improper attempt to obtain information relating to the Fuel Line Lenders' claims that are irrelevant to the Rule 9019 Motion in that the underlying information upon which the Interrogatory is based is beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The issue

is whether the settlement in the RSA is within the zone of reasonableness and the underlying information is beyond the scope of this inquiry. The issues being settled should not be litigated in the form of a mini-trial on the merits. The Oversight Board further objects to this Interrogatory to the extent it seeks information duplicative of information sought from other entities upon which the Fuel Line Lenders have served interrogatories, or is more easily or appropriately sought form other entities. In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not respond to this Interrogatory.

6. Identify the PREPA Representatives primarily responsible for the preparation of Borrowing Requests or Requests for Advances submitted by PREPA to the agent or lenders under the Scotiabank Credit Agreement and the Citibank Credit Agreement in connection with any advance requested under each of those facilities, and state whether each such PREPA Representative identified is currently employed by any Debtor and, if not state the last known contact information for each PREPA Representative identified.

   **Response:** The Oversight Board objects to this Interrogatory as an overbroad, unduly burdensome, and improper attempt to obtain information relating to the Fuel Line Lenders' claims that are irrelevant to the Rule 9019 Motion in that the underlying information upon which the Interrogatory is based is beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The issue is whether the settlement in the RSA is within the zone of reasonableness and the underlying information is beyond the scope of this inquiry. The issues being settled should not be litigated in the form of a mini-trial on the merits. The Oversight Board further objects to this Interrogatory to the

extent it seeks information duplicative of information sought from other entities upon which the Fuel Line Lenders have served interrogatories, or is more easily or appropriately sought form other entities. In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not respond to this Interrogatory.

7. Identify the Persons, including all PREPA Representatives, primarily responsible for the preparation of:

   a. the "Annual Budgets of Current Expenses 2013-14" available on PREPA's website at https://aeepr.com/es-pr/investors/ FinancialInformation/Budgets/Presupuesto%20Operacional%202013- 14-Version%20Web.pptx

   b. the "Annual Budgets of Current Expenses 2014-15" available on PREPA's website at https://aeepr.com/es-pr/investors/ FinancialInformation/Budgets/RESUMEN%20VISTAS%20P%C3%9 ABLICAS%20(PROPUESTO)%202014-2015%20V3.1.pdf

   c. the "Current Expenses Budget and Capital Expenditures 2014-2015" available on PREPA's website at https://aeepr.com/es-pr/investors/ Financial Information/Budgets/201406020933.pdf

   and state whether each such Person identified is currently employed by any Debtor and, if not, state the last known contact information for each PREPA Representative identified.

   **Response:** The Oversight Board objects to this Interrogatory as an overbroad, unduly burdensome, and improper attempt to obtain information relating to the Fuel Line Lenders' claims that are irrelevant to the Rule 9019 Motion in that the underlying information upon which the Interrogatory is based is beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The issue is whether the settlement in the RSA is within the zone of reasonableness

and the underlying information is beyond the scope of this inquiry. The issues being settled should not be litigated in the form of a mini-trial on the merits. The Oversight Board further objects to this Interrogatory to the extent it seeks information duplicative of information sought from other entities upon which the Fuel Line Lenders have served interrogatories, or is more easily or appropriately sought form other entities. In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not respond to this Interrogatory.

*[Remainder of page intentionally left blank]*

Dated: May 29, 2019

**PROSKAUER ROSE, LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock
Ehud Barak
Margaret A. Dale
Gregg M. Mashberg
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900
mbienenstock@proskauer.com
ebarak@proskauer.com
mdale@proskauer.com
gmashberg@proskauer.com

-and-

Paul V. Possinger
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel: (312) 962-3550
Fax: (312) 962-3551
ppossinger@proskauer.com

-and-

**DEL VALLE EMMANUELLI LAW OFFICES**

Luis F. del Valle Emmanuelli
PO Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932
devlawoffices@gmail.com

*Attorneys for The Financial Oversight and Management Board for Puerto Rico, as representative of The Commonwealth of Puerto Rico and the Puerto Rico Electric Power Authority*

# **CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I caused copies of the foregoing document to be served on the following counsel of record for the Potential Objectors.

| WEIL, GOTSHAL & MANGES LLP | DEBEVOISE & PLIMPTON LLP |
|---|---|
| Robert Berezin, Esq.<br>Marcia Goldstein, Esq.<br>Jonathan Polkes, Esq.<br>Gregory Silbert, Esq.<br>767 Fifth Avenue<br>New York, NY 10153<br>marcia.goldstein@weil.com<br>jonathan.polkes@weil.com<br>gregory.silbert@weil.com<br>robert.berezin@weil.com<br><br>*Counsel for National Public Finance Guarantee Corporation* | My Chi To, Esq.<br>Craig A. Bruens, Esq.<br>Elie J. Worenklein, Esq.<br>919 Third Avenue<br>New York, NY 10022<br>mcto@ debevoise.com<br>cabruens@ debevoise.com<br>eworenklein@debevoise.com<br><br>*Counsel for Syncora Guarantee, Inc.* |
| PAUL HASTINGS LLP | WACHTELL, LIPTON, ROSEN & KATZ LLP |
| Luc A. Despins, Esq.<br>Andrew V. Tenzer, Esq.<br>James R. Bliss, Esq.<br>James B. Worthington, Esq.<br>Michael E. Comerford, Esq.<br>G. Alexander Bongartz, Esq.<br>Nicholas Bassett, Esq.<br>875 15th Street NW<br>Washington, DC 20005<br>lucdespins@paulhastings.com<br>andrewtenzer@paulhastings.com<br>jamesbliss@paulhastings.com<br>jamesworthington@paulhastings.com<br>michaelcomerford@paulhastings.com<br>alexbongartz@paulhastings.com<br>nicholasbassett@paulhastings.com<br><br>*Counsel for the Official Committee of Unsecured Creditors* | Richard G. Mason, Esq.<br>Amy R. Wolf, Esq.<br>Emil A. Kleinhaus, Esq.<br>Angela K. Herring, Esq.<br>51 West 52nd Street<br>New York NY 10019<br>rgmason@wlrk.com<br>arwolf@wlrk.com<br>eakleinhaus@wlrk.com<br>akherring@wlrk.com<br><br>*Counsel for Cortland Capital Market Services LLC, as Administrative Agent* |

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP | BUFETE EMMANUELLI, C.S.P. |
| Sandy Qusba, Esq.<br>Bryce L. Friedman, Esq.<br>Nicholas Baker, Esq.<br>Edward R. Linden, Esq.<br>425 Lexington Avenue<br>New York, NY 10017<br>squsba@stblaw.com<br>bfriedman@stblaw.com<br>nbaker@stblaw.com<br>edward.linden@stblaw.com | Jessica E. Méndez Colberg, Esq.<br>Rolando Emmanuelli Jiménez, Esq.<br>Urb. Constancia<br>2803 Calle San Francisco<br>Ponce PR 00717<br>jessica@bufete-emmanuelli.com<br>remmanuelli@me.com<br><br>*Counsel for Unión de Trabajadores de la Industria Eléctrica y Riego, Inc. ("UTIER")* |
| *Counsel for Solus Alternative Asset Management LP* | |

Further, I hereby certify that, on this date, I caused copies of the foregoing document to be served on the following counsel of record for other parties-in-interest to the 9019 Motion.

| | |
|---|---|
| O'MELVENY & MYERS LLP | CADWALADER, WICKERSHAM & TAFT LLP |
| Elizabeth L. McKeen, Esq.<br>Peter Friedman, Esq.<br>John J. Rapisardi, Esq.<br>Seven Times Square<br>New York, NY 10036<br>emckeen@omm.com<br>pfriedman@omm.com<br>jrapisardi@omm.com | William J. Natbony, Esq.<br>Ellen Halstead, Esq.<br>200 Liberty Street<br>New York, NY 10281<br>Bill.Natbony@cwt.com<br>Ellen.Halstead@cwt.com |
| *Counsel for Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF")* | *Counsel for Assured Guaranty Corp., and Assured Guaranty Municipal Corp.* |

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Amy Caton, Esq.
Thomas Moers Mayer, Esq.
Alice J. Byowitz
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
acaton@kramerlevin.com
tmayer@kramerlevin.com
abyowitz@kramerlevin.com

-and-

TORO, COLON, MULLET, RIVERA & SIFRE,
P.S.C.

Manuel Fernandez-Bared, Esq.
Linette Figuerosa-Torres, Esq.
Nadya Pérez-Román, Esq.
Jane Patricia Van Kirk, Esq.
PO Box 195383
San Juan, PR 00919-5383
mfb@tcmrslaw.com
lft@tcmrslaw.com
nperez@tcmrslaw.com
jvankirk@tcmrslaw.com

*Counsel for the Ad Hoc Group of PREPA Bondholders*

Date: May 29, 2019             /s/ *Brandon C. Clark*
                                                Brandon C. Clark (*admitted pro hac vice*)