# Exhibit L

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as a representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>  Debtor.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as a representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY<br><br>  Debtor. | PROMESA<br>TITLE III<br><br>Case No. 17 BK 4780-LTS |

**RESPONSE TO AMENDED NOTICE OF DEPOSITION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO PURSUANT TO FED. R. CIV. P. 30(B)(6) AND FED. R. BANKR. P.7030 BY CORTLAND CAPITAL MARKET SERVICES LLC, AS ADMINISTRATIVE AGENT, AND SOLUS**

Pursuant to Rules 26, 30(b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Section 310 of the *Puerto Rico Oversight, Management, and*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case NO. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

*Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170) and Federal Rules of Bankruptcy Procedure 7026, 7030(b)(6), 9014 and 9016, the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, and the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), by and through undersigned counsel, hereby responds and objects to the *Amended Notice of Deposition of the Financial Oversight and Management Board for Puerto Rico Pursuant to Federal Rule of Civil Procedure 30(b)(b) and Federal Rule of Bankruptcy Procedure 7030* served by Cortland Capital Market Services LLC ("Cortland") and SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC (collectively "Solus"), and dated July 5, 2019, (the "Deposition Notice," and each individual deposition topic a "Topic"), as follows:

## PRELIMINARY STATEMENT

The Oversight Board's response to the Deposition Notice is made without prejudice to the Oversight Board's right to amend or supplement its response herein if necessary at a later date. The Oversight Board has made reasonable efforts to respond to the Deposition Notice, to the extent it has not been objected to, as the Oversight Board understands and interprets the Deposition Notice. If Movants subsequently assert an interpretation of the Deposition Notice that differs from that of the Oversight Board's, the Oversight Board reserves the right to supplement its objections. By making the objections below, the Oversight Board does not waive and expressly reserves its right to make additional objections in response to specific questions that may be asked during the deposition.

**GENERAL OBJECTIONS**

1. The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that it does not seek information that is relevant and proportional to the needs of resolving the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [Dkt. No. 1235] as supplemented by the *Supplemental Memorandum of Law and Facts in Support of Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [Case No. 17-BK-4780-LTS, Dkt. No. 1425] (together, the "Motion"). The Oversight Board therefore objects to the Deposition Notice, and to each and every Topic, to the extent they request testimony on topics outside the scope of the Settlement Motion.

2. The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that it purports to impose burdens on the Oversight Board that are inconsistent with, or not otherwise authorized by, or seek to impose obligations that exceed those imposed by the Governing Rules. In responding to these Requests, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules. The Oversight Board will construe and respond to the Deposition Notice and Topics in a manner consistent with its obligations under the Governing Rules, and not otherwise.

3. The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that the information sought is protected from disclosure by the Attorney-Client

3

Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board intends to and does assert any and all such privileges with respect to all such information.

4. The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that it lacks the "reasonable particularity" required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

5. The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that it requests the Oversight Board to give testimony on topics that are beyond its knowledge.

6. The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that it seeks testimony about information that is confidential or proprietary in nature.

7. The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that it (i) implies the existence of facts or circumstances that do not or did not exist, or (ii) states or assumes legal or factual conclusions. By providing these objections and responses, the Oversight Board does not admit any factual or legal premise in the Deposition Notice.

8. The Oversight Board objects to the Deposition Notice, and to each and every Topic, as overbroad and unduly burdensome to the extent that it purports to require the Oversight Board to provide testimony concerning "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

9. The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that it is cumulative or duplicative of other discovery requests. The Oversight Board further objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that it is duplicative of Movants other Notices of Deposition, including, without limitation, to the Puerto Rico Electric Power Authority ("PREPA"). The Oversight Board further objects to the Deposition Notice in its entirety, and to each and every Topic, to the extent that Movants may obtain the information sought through less burdensome means.

10. The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome because it is cumulative or duplicative of other discovery requests served on the Oversight Board, PREPA, AAFAF, Ankura, Filsinger Energy Partners, Inc. ("Filsinger"), Citigroup Global Markets, Inc. ("Citigroup"), the Puerto Rico Central Recovery and Reconstruction Office ("COR3"), and the Puerto Rico Public-Private Partnerships Authority ("P3") in connection with the Motion.

11. The Oversight Board objects to the definition of the term "AAFAF" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Motion. In responding to these Requests, the Oversight Board will construe "AAFAF" to mean AAFAF and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the Motion.

12. The Oversight Board objects to the definition of the terms "All" and "all," in that the definition robs the noticed Topics of any semblance of the "reasonable particularity" required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, thereby making it impossible to identify

5

the limits of the inquiry, and renders the topics so overbroad as to be impossible to address by deposition testimony.

13. The Oversight Board objects to the definition of the term "Assured" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Motion. In responding to these Requests, the Oversight Board will construe "Assured" to mean Assured and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the Motion.

14. The Oversight Board objects to the definition of the terms "Communication" or "communications" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules. The Oversight Board further objects to searching and preparing its designated witnesses to testify with respect to "every communication, disclosure or exchange, of information, whether orally or by document, or whether face-to-face, by telephone, telegram, mail, email, personal delivery, electronically, facsimile, text message, or otherwise," which would be unduly burdensome and not proportionate to the needs of the case. The Oversight Board will use reasonable diligence to prepare its designated witnesses to testify with respect to communications proportionate to the needs of the case that are readily accessible documents in those files in which it reasonably expects to find responsive documents.

15. The Oversight Board objects to the definition of the terms "Document" and "Documents" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules. The Oversight Board further objects to searching and preparing its designated witnesses to testify with respect to all original, drafts, revisions, and nonidentical copies of any written, typed, printed, recorded, magnetic, graphic, or other form of memorialization or communication, and also including all electronically stored information,

internal memoranda, papers, books, letters, electronic mail, facsimiles, instant messages, text messages, calendars, appointment books, schedules, telegrams, correspondence, reports, agreements, contracts, leases, recordings, notations, or memorials of telephone conversations or meetings or conferences, interoffice communications, or work papers, as well as any data, information, or statistics contained within any storage module, backup tape, disc, or other memory device, or other information retrievable from storage systems, including computer generated reports and printouts, however produced or reproduced, of every kind and description, in every format in which they appear, which would be unduly burdensome and not proportionate to the needs of the case. The Oversight Board will use reasonable diligence to prepare its designated witnesses to testify with respect to communications proportionate to the needs of the case that are readily accessible documents in those files in which it reasonably expects to find responsive documents.

16. The Oversight Board objects to the definition of the term "National" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Motion. In responding to these Requests, the Oversight Board will construe "National" to mean National and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the Motion.

17. The Oversight Board objects to the definition of the term "Oversight Board" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Motion. In responding to these Requests, the Oversight Board will construe "Oversight Board" to mean the Financial Oversight and Management Board for Puerto Rico and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the Motion.

18. The Oversight Board objects to the definition of the term "PREPA" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Motion. In responding to these Requests, the Oversight Board will construe "PREPA" to mean PREPA and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the Motion.

19. The Oversight Board objects to the definitions of "Relate to," "relate to," and "relating to" to the extent they are overly broad, vague, and ambiguous.

20. The Oversight Board objects to the definition of the term "Syncora" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Motion. In responding to these Requests, the Oversight Board will construe "Syncora" to mean Syncora and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the Motion.

21. The Oversight Board objects to the definition of the term "U.S. Bank" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Motion. In responding to these Requests, the Oversight Board will construe "U.S. Bank" to mean U.S. Bank and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the Motion.

22. The Oversight Board objects to the definition of the terms "You" and "Your" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion. In responding to these Requests, the Oversight Board will construe "You" and "Your" to mean the Financial Oversight and Management Board for Puerto Rico and its employees, members, and known agents reasonably likely to possess information relevant to the 9019 Motion.

23. The above General Objections are incorporated into each of the following specific Objections and Responses.

## RESPONSES AND OBJECTIONS TO DEPOSITION TOPICS

### DEPOSITION TOPIC NO. 1:

The negotiation of, entry into, and terms of the Preliminary RSA and the Definitive RSA, including:

a. Communications or negotiations with AAFAF, PREPA, Bondholders, Assured, National or Syncora regarding the terms of the Preliminary RSA or Definitive RSA;

b. Communications or negotiations with AAFAF, PREPA, Bondholders, Assured, National or Syncora regarding the Fuel Line Lenders' treatment under the Preliminary RSA or Definitive RSA;

c. Communications or negotiations with AAFAF, PREPA, Bondholders, Assured, National or Syncora regarding the Most Favored Nations Provision of the Definitive RSA; and

d. Communications or negotiations with AAFAF, PREPA, Bondholders, Assured, National or Syncora regarding the treatment of the Fuel Line Loans or Fuel Line Lenders under any Plan of adjustment contemplated to be filed in connection with the Definitive RSA or the effect of the Definitive RSA on the Fuel Line Loans or the Fuel Line Lenders.

### RESPONSE TO DEPOSITION TOPIC NO. 1:

In addition to its General Objections, the Oversight Board objects to Topic No. 1 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Topic because it is unduly burdensome to prepare a witness on a topic that could be more efficiently addressed through the production of documents. The Oversight Board further objects to this Topic on the ground that it seeks testimony that is not relevant to the issues before the Court in connection with the Rule 9019 Motion and the

9

Supplemental Memorandum.

Subject to and without waiving the foregoing general and specific objections, the Oversight Board will produce a witness to offer relevant, non-privileged, and non-objectionable testimony regarding its discussions with representatives of objectors to the Rule 9019 Motion, with the Ad Hoc Group of PREPA Bondholders between March 1, 2018 and July 27, 2018, and with Assured between March 1, 2018 and March 25, 2019.

**DEPOSITION TOPIC NO. 2:**

The Oversight Board's position regarding the scope and value, if any, of the Bondholders' liens or security interests under the Trust Agreement.

**RESPONSE TO DEPOSITION TOPIC NO. 2:**

In addition to its General Objections, the Oversight Board objects to Topic No. 2 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Topic to the extent it seeks testimony regarding information that is not within PREPA's possession, custody, or control. The Oversight Board further objects to this topic to the extent it improperly seeks witness testimony that would call for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, the Oversight Board will produce a witness to offer relevant, non-privileged, and non-objectionable testimony regarding the Oversight Board's decision to settle the Lien Challenge in light of the Bondholders' positions regarding their security interests.

**DEPOSITION TOPIC NO. 3:**

PREPA's gross revenues and net revenues as of and following the Petition Date.

10

**RESPONSE TO DEPOSITION TOPIC NO. 3:**

In addition to its General Objections, the Oversight Board objects to Topic No. 3 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Topic because it is unduly burdensome and is more efficiently addressed through the production of documents. Furthermore, the Oversight Board objects to Topic No. 3 to the extent this Topic is duplicative of other discovery requests served by the Fuel Line Lenders on parties and third-parties who are better situated to provide information with respect to this Topic.

In light of the foregoing, the Oversight Board will not designate a witness to testify with respect to Topic No. 3.

**DEPOSITION TOPIC NO. 4:**

To the extent the Oversight Board may present argument or submit evidence regarding the status of the Fuel Line Loans as "Current Expenses" under the Trust Agreement or the priority rights of the Fuel Line Lenders:

a. The Oversight Board's position regarding the status of the Fuel Line Loans as "Current Expenses" under the Trust Agreement or the priority rights of the Fuel Line Lenders; and

b. Agreements and resolutions of PREPA regarding the treatment of the Fuel Line Loans as Current Expenses.

**RESPONSE TO DEPOSITION TOPIC NO. 4:**

In addition to its General Objections, the Oversight Board objects to Topic No. 4 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Topic to the extent it improperly seeks witness

testimony that would call for a legal conclusion. The Oversight Board also objects to the extent this Topic is duplicative of other discovery requests served by the Fuel Line Lenders on parties and third-parties who are better situated to provide information with respect to this Topic. Further, the Oversight Board objects on the grounds that this Topic seeks information that is not relevant to the issues before the court in relation to the Settlement Motion.

In light of the foregoing, the Oversight Board will not designate a witness to testify with respect to Topic No. 4.

**DEPOSITION TOPIC NO. 5:**

Whether PREPA and/or U.S. Bank had or has control — as of and subsequent to the Petition Date — of each of the following funds or accounts referenced in the Trust Agreement:

   a. The General Fund;

   b. The Revenue Fund;

   c. The Sinking Fund (including any account within the Sinking Fund);

   d. The Reserve Maintenance Fund;

   e. The Self-insurance Fund;

   f. The Capital Improvement Fund;

   g. The Subordinate Obligations Fund;

   h. The Renewal and replacement Fund;

   i. The Construction Fund; and

   j. The General Reserve Fund.

**RESPONSE TO DEPOSITION TOPIC NO. 5:**

In addition to its General Objections, the Oversight Board objects to Topic No. 5 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or

any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Topic to the extent it calls for a legal conclusion. The Oversight Board also objects to the extent this Topic is duplicative of other discovery requests served by the Fuel Line Lenders on parties and third-parties who are better situated to provide information with respect to this Topic. Additionally, the Oversight Board objects on the grounds this Topic seeks information that is not relevant to the issues before the court in relation to the Settlement Motion

In light of the foregoing, the Oversight Board will not designate a witness to testify with respect to Topic No. 5.

**DEPOSITION TOPIC NO. 6:**

The topics referenced in the Rule 30(b) Notice of Deposition served on the Oversight Board by the Official Committee of Unsecured Creditors.

**RESPONSE TO DEPOSITION TOPIC NO. 6:**

In addition to its General Objections, the Oversight Board incorporates by reference its General and Specific Objections to each of the Topics identified in the Rule 30(b)(6) Notice of Deposition served on it by the Official Committee of Unsecured Creditors.

The Oversight Board further objects to Topic No. 6 as duplicative of other discovery requests served on the Oversight Board.

Notwithstanding, and specifically reserving its rights with respect to its General and Specific Objections, the Oversight Board will designate a witness to offer relevant, non-privileged, and non-objectionable testimony regarding this Topic to the extent that the Oversight Board designates witnesses to testify with respect to the Topics identified in the Rule 30(b)(6) Notice of Deposition served on it by the Official Committee of Unsecured Creditors.

**DEPOSITION TOPIC NO. 7:**

The Documents produced by the Oversight Board in response to the *First Set of Document Requests of Cortland Capital Market Services LLC, as Administrative Agent, and Solus Alternative Asset Management LP to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Authority* or the *First Set of Supplemental Document Requests of Cortland Capital Market Services LLC, as Administrative Agent, and Solus to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Authority*.

**RESPONSE TO DEPOSITION TOPIC NO. 7:**

In addition to its General Objections, the Oversight Board objects to Topic No. 7 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further object to this Topic because it is unduly burdensome and unnecessary to prepare a witness on a topic that could be more efficiently addressed through the production of documents, which have already been produced. Furthermore, the Oversight Board objects to Topic No. 7 as vague, ambiguous, and overbroad in that it seeks testimony with respect to each and every document the Oversight Board has produced to the Fuel Line Lenders in connection with the Motion.

Subject to and without waiving the foregoing general and specific objections, the Oversight Board is willing to meet and confer regarding the scope of this topic.

Dated: July 10, 2019

**PROSKAUER ROSE, LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock
Ehud Barak
Margaret A. Dale
Gregg M. Mashberg
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900
mbienenstock@proskauer.com
ebarak@proskauer.com
mdale@proskauer.com
gmashberg@proskauer.com


-and-

Paul V. Possinger
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel: (312) 962-3550
Fax: (312) 962-3551
ppossinger@proskauer.com

-and-

**DEL VALLE EMMANUELLI LAW OFFICES**

Luis F. del Valle Emmanuelli
PO Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932
devlawoffices@gmail.com

*Attorneys for The Financial Oversight and Management Board for Puerto Rico, as representative of The Commonwealth of Puerto Rico and the Puerto Rico Electric Power Authority*

15

# **CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I caused copies of the foregoing document to be served on the following counsel of record for the Potential Objectors.

| WEIL, GOTSHAL & MANGES LLP | DEBEVOISE & PLIMPTON LLP |
|---|---|
| Robert Berezin, Esq.<br>Marcia Goldstein, Esq.<br>Jonathan Polkes, Esq.<br>Gregory Silbert, Esq.<br>767 Fifth Avenue<br>New York, NY 10153<br>marcia.goldstein@weil.com<br>jonathan.polkes@weil.com<br>gregory.silbert@weil.com<br>robert.berezin@weil.com<br><br>*Counsel for National Public Finance Guarantee Corporation* | My Chi To, Esq.<br>Craig A. Bruens, Esq.<br>Elie J. Worenklein, Esq.<br>919 Third Avenue<br>New York, NY 10022<br>mcto@debevoise.com<br>cabruens@debevoise.com<br>eworenklein@debevoise.com<br><br>*Counsel for Syncora Guarantee, Inc.* |
| PAUL HASTINGS LLP | WACHTELL, LIPTON, ROSEN & KATZ LLP |
| Luc A. Despins, Esq.<br>Andrew V. Tenzer, Esq.<br>James R. Bliss, Esq.<br>James B. Worthington, Esq.<br>Michael E. Comerford, Esq.<br>G. Alexander Bongartz, Esq.<br>Nicholas Bassett, Esq.<br>875 15th Street NW<br>Washington, DC 20005<br>lucdespins@paulhastings.com<br>andrewtenzer@paulhastings.com<br>jamesbliss@paulhastings.com<br>jamesworthington@paulhastings.com<br>michaelcomerford@paulhastings.com<br>alexbongartz@paulhastings.com<br>nicholasbassett@paulhastings.com<br><br>*Counsel for the Official Committee of Unsecured Creditors* | Richard G. Mason, Esq.<br>Amy R. Wolf, Esq.<br>Emil A. Kleinhaus, Esq.<br>Angela K. Herring, Esq.<br>51 West 52nd Street<br>New York NY 10019<br>rgmason@wlrk.com<br>arwolf@wlrk.com<br>eakleinhaus@wlrk.com<br>akherring@wlrk.com<br><br>*Counsel for Cortland Capital Market Services LLC, as Administrative Agent* |

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP | BUFETE EMMANUELLI, C.S.P. |
| Sandy Qusba, Esq.<br>Bryce L. Friedman, Esq.<br>Nicholas Baker, Esq.<br>Edward R. Linden, Esq.<br>425 Lexington Avenue<br>New York, NY 10017<br>squsba@stblaw.com<br>bfriedman@stblaw.com<br>nbaker@stblaw.com<br>edward.linden@stblaw.com<br><br>*Counsel for Solus Alternative Asset Management LP* | Jessica E. Méndez Colberg, Esq.<br>Rolando Emmanuelli Jiménez, Esq.<br>Urb. Constancia<br>2803 Calle San Francisco<br>Ponce PR 00717<br>jessica@bufete-emmanuelli.com<br>remmanuelli@me.com<br><br>*Counsel for Unión de Trabajadores de la Industria Eléctrica y Riego, Inc. ("UTIER")* |

Further, I hereby certify that, on this date, I caused copies of the foregoing document to be served on the following counsel of record for other parties-in-interest to the 9019 Motion.

| | |
|---|---|
| O'MELVENY & MYERS LLP | CADWALADER, WICKERSHAM & TAFT LLP |
| Elizabeth L. McKeen, Esq.<br>Peter Friedman, Esq.<br>John J. Rapisardi, Esq.<br>Seven Times Square<br>New York, NY 10036<br>emckeen@omm.com<br>pfriedman@omm.com<br>jrapisardi@omm.com<br><br>*Counsel for Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF")* | William J. Natbony, Esq.<br>Ellen Halstead, Esq.<br>200 Liberty Street<br>New York, NY 10281<br>Bill.Natbony@cwt.com<br>Ellen.Halstead@cwt.com<br><br>*Counsel for Assured Guaranty Corp., and Assured Guaranty Municipal Corp.* |

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Amy Caton, Esq.
Thomas Moers Mayer, Esq.
Alice J. Byowitz
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
acaton@kramerlevin.com
tmayer@kramerlevin.com
abyowitz@kramerlevin.com

-and-

TORO, COLON, MULLET, RIVERA & SIFRE, P.S.C.

Manuel Fernandez-Bared, Esq.
Linette Figueroa-Torres, Esq.
Nadya Pérez-Román, Esq.
Jane Patricia Van Kirk, Esq.
PO Box 195383
San Juan, PR 00919-5383
mfb@tcmrslaw.com
lft@tcmrslaw.com
nperez@tcmrslaw.com
jvankirk@tcmrslaw.com

*Counsel for the Ad Hoc Group of PREPA Bondholders*

Date: July 10, 2019                               /s/ *Brandon C. Clark*
                                                  Brandon C. Clark (*admitted pro hac vice*)