# Exhibit N

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br><br>Case No. 17 BK 3283 (LTS)<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780 (LTS) |

**RESPONSES AND OBJECTIONS TO AMENDED NOTICE OF DEPOSITION OF PUERTO RICO ELECTRIC POWER AUTHORITY BY CORTLAND CAPITAL MARKET SERVICES LLC, AS ADMINISTRATIVE AGENT, AND SOLUS**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure made applicable to this proceeding by Rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure pursuant to Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("**PROMESA**"), the Puerto Rico Electric Power Authority ("**PREPA**") hereby responds and objects (the "**Responses and Objections**") to the *Amended Notice of Deposition of Puerto Rico Electric Power Authority by Cortland Capital Market Services LLC, as Administrative Agent, and Solus*, served July 5, 2019 (the "**Deposition Notice**," and each individual deposition topic a "**Topic**") for July 22, 2019, which was served at the direction of Cortland Capital Market Services LLC, SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC (collectively, the "**Fuel Line Lenders**").

## PRELIMINARY STATEMENT

PREPA has not completed its formal discovery in this action. The Responses and Objections are based and will be based only upon the information that is currently available to and specifically known to PREPA as of the date hereof. PREPA reserves the right to amend or supplement the Responses and Objections at any time in light of future investigation, research, or analysis. PREPA has made reasonable efforts to respond to the Deposition Notice, to the extent it has not been objected to, as PREPA understands and interprets the Deposition Notice. If the Fuel Line Lenders subsequently assert an interpretation of the Deposition Notice that differs from that of PREPA's, PREPA reserves the right to supplement the Responses and Objections.

## GENERAL OBJECTIONS

1. PREPA objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that they do not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the *Joint Motion of Puerto*

*Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods*, dated May 10, 2019 [ECF No. 1235] (the "**Rule 9019 Motion**"), and relevant to the *Supplemental Memorandum of Law and Facts in Support of Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [ECF No. 1425] (the "**Supplemental Memorandum**").

    2.    PREPA objects to the Deposition Notice, and to each and every Topic, to the extent they seek information that are not "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

    3.    PREPA objects to the Deposition Notice, and to each and every Topic, to the extent that they purport to impose burdens on PREPA that are inconsistent with, not otherwise authorized by, or exceed those required by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for the District of Puerto Rico, or this Court's chambers practices and case management orders (collectively, the "**Governing Rules**"). PREPA will construe and respond to the Deposition Notice and Topics in a manner consistent with its obligations under the Governing Rules, and not otherwise.

    4.    PREPA objects to each Definition to the extent it purports to impose burdens on PREPA that are inconsistent with, not authorized by, or exceed those required by the Governing Rules. In responding to the Topics, and unless otherwise noted, PREPA will construe all words

3

in accordance with their ordinary English meaning, as informed by the Governing Rules.

5. PREPA objects to the Deposition Notice, and to each and every Topic, to the extent they place an unreasonable burden on PREPA, including without limitation by seeking information that is equally or more readily available from public sources or that is already available to the Fuel Line Lenders.

6. PREPA objects to the Deposition Notice, and to each and every Topic, to the extent they expressly or impliedly seek information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Nothing in the Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities. Information protected by these privileges, doctrines, or immunities is not subject to disclosure, and PREPA will not provide it. PREPA intends to and does assert any and all such privileges with respect to all such information.

7. PREPA objects to the Deposition Notice, and to each and every Topic, to the extent that it lacks the "reasonable particularity" required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

8. PREPA objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that it requests PREPA give testimony on topics that are beyond its knowledge.

9. PREPA objects to the Deposition Notice, and to each and every Topic, as overbroad and unduly burdensome to the extent that it purports to require PREPA to provide

testimony concerning "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

10. PREPA objects to the Deposition Notice, and to each and every Topic, to the extent they seek information that is confidential or proprietary in nature, or otherwise constitute protected commercial, strategic, financial, or competitively sensitive or trade secret information.

11. PREPA objects to the Deposition Notice, and to each and every Topic, to the extent that they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions. By providing the Responses and Objections, PREPA does not admit any factual or legal premise in the Deposition Notice and Topics.

12. To the extent any term defined or used in the Deposition Notice is used in responding to the Topics, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

13. PREPA objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that they are cumulative or duplicative of other discovery requests served upon PREPA or other parties.

14. PREPA objects to the Deposition Notice, and to each and every Topic, to the extent they seek information for an undefined or unstated period of time on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of the Rule 9019 Motion and Supplemental Memorandum nor reasonably calculated to lead to the discovery of admissible evidence.

15. PREPA objects to the definition of the terms "PREPA," "You," and "Your" as overbroad because they encompass individuals and entities without regard to their connection or

5

relevance to the Rule 9019 Motion and Supplemental Memorandum. In responding to the Topics, PREPA will construe "PREPA," "You," and "Your" to mean PREPA and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

16. PREPA objects to the definition of the term "AAFAF" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Motion. In responding to these Requests, PREPA will construe "AAFAF" to mean AAFAF and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

17. PREPA objects to the definition of the term "All" and "all," in that the definition robs the noticed Topics of any semblance of the "reasonable particularity" required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, thereby making it impossible to identify the limits of the inquiry, and renders the topics so overbroad as to be impossible to address by deposition testimony.

18. PREPA objects to the definition of the term "Assured" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Motion. In responding to these Requests, PREPA will construe "Assured" to mean Assured and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

19. PREPA objects to the definition of the term "Communication" to the extent it seeks to impose burdens on PREPA that differ from or exceed those imposed by the Governing Rules.

20. PREPA objects to the definition of the term "Document" to the extent it seeks to

6

impose burdens on PREPA that differ from or exceed those imposed by the Governing Rules.

21. PREPA objects to the definition of the term "National" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Motion. In responding to these Requests, PREPA will construe "National" to mean National and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

22. PREPA objects to the definition of the term "Oversight Board" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Motion. In responding to these Requests, PREPA will construe "Oversight Board" to mean the Financial Oversight and Management Board for Puerto Rico and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

23. PREPA objects to the definitions of "Relate to," "relate to," and "relating to" to the extent they are overly broad, vague, and ambiguous.

24. PREPA objects to the definition of the term "Syncora" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Motion. In responding to these Requests, PREPA will construe "Syncora" to mean Syncora and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

25. PREPA objects to the definition of the term "U.S. Bank" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Motion. In responding to these Requests, PREPA will construe "U.S. Bank" to mean U.S. Bank and its members and employees reasonably likely to possess information relevant to the Rule 9019

Motion and Supplemental Memorandum.

26. The Responses and Objections are made without waiving, or intending to waive, but, on the contrary, expressly reserving: (a) the right to object on the grounds of competency, privilege, relevancy, materiality, admissibility as evidence for any purpose, or any other proper grounds, to the use of any information obtained hereunder or the subject matter thereof, in whole or in part, at any trial or hearing related in the above-captioned case or in any related or subsequent action or proceeding; (b) the right to object on any and all grounds, at any time, to other discovery requests or procedures involving or relating to the subject matter of the Topics or otherwise; and (c) the right at any time to revise, amend, correct, supplement, or clarify the Responses and Objections.

27. The Responses and Objections should not be construed as: (a) an admission as to the propriety of any Topic; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Topic; (c) an acknowledgement that information responsive to any Topic exists; (d) a waiver of the general objections or the objections asserted in response to specific Topics; (e) an admission as to the relevance or admissibility into evidence of any information; (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation; or (g) an agreement that requests for similar information will be treated in a similar manner. Nothing in the Responses and Objections is intended to waive, and PREPA expressly reserves, the right to file a motion to quash the Topics and/or to seek a protective order.

28. The above general objections are incorporated into each of the following specific objections.

8

## SPECIFIC RESPONSES AND OBJECTIONS TO DEPOSITION TOPICS

**DEPOSITION TOPIC NO. 1:**

The negotiation of, entry into, and terms of the Preliminary RSA and the Definitive RSA, including:

a. Communications or negotiations with the Oversight Board, AAFAF, Bondholders, Assured, National or Syncora regarding the terms of the Preliminary RSA or Definitive RSA;

b. Communications or negotiations with the Oversight Board, AAFAF, Bondholders, Assured, National or Syncora regarding the Fuel Line Lenders' treatment under the Preliminary RSA or Definitive RSA;

c. Communications or negotiations with the Oversight Board, AAFAF, Bondholders, Assured, National or Syncora regarding the Most Favored Nations Provision of the Definitive RSA; and

d. Communications or negotiations with the Oversight Board, AAFAF, Bondholders, Assured, National or Syncora regarding the treatment of the Fuel Line Loans or Fuel Line Lenders under any Plan of adjustment contemplated to be filed in connection with the Definitive RSA or the effect of the Definitive RSA on the Fuel Line Loans or the Fuel Line Lenders.

**RESPONSE TO DEPOSITION TOPIC NO. 1:**

In addition to its general objections, PREPA objects to Topic No. 1 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. PREPA also objects to this Topic because it is unduly burdensome and unnecessary to prepare a witness on a topic that could be more efficiently addressed through the production of documents. PREPA further objects to this Topic on the ground that it seeks testimony that is not relevant to the issues before the Court in connection with the Rule 9019 Motion and the Supplemental Memorandum.

Subject to and without waiving the foregoing general and specific objections, PREPA will

9

produce a witness to offer relevant, non-privileged, and non-objectionable testimony regarding its discussions with representatives of objectors to the Rule 9019 Motion, with the Ad Hoc Group of PREPA Bondholders between March 1, 2018 and July 27, 2018, and with Assured between March 1, 2018 and March 25, 2019.

**DEPOSITION TOPIC NO. 2:**

PREPA's position regarding the scope, extent and value, if any, of the Bondholders' (or their trustee's) collateral, liens or security interests under the Trust Agreement.

**RESPONSE TO DEPOSITION TOPIC NO. 2:**

In addition to its general objections, PREPA objects to Topic No. 2 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. PREPA further objects to this Topic to the extent it seeks testimony regarding information that is not within PREPA's possession, custody, or control. PREPA further objects to this topic to the extent it improperly seeks witness testimony that would call for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, PREPA will produce a witness to offer relevant, non-privileged, and non-objectionable testimony regarding PREPA's decision to settle the Lien Challenge in light of the Bondholders' positions regarding their security interests.

**DEPOSITION TOPIC NO. 3:**

PREPA's gross revenues and net revenues as of and following the Petition Date.

**RESPONSE TO DEPOSITION TOPIC NO. 3:**

In addition to its general objections, PREPA objects to Topic No. 3 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

10

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. PREPA also objects to this Topic because it is unduly burdensome and unnecessary to prepare a witness on a topic that could be more efficiently addressed through the production of documents, which have already been produced. PREPA is willing to meet and confer regarding the scope of this Topic.

**DEPOSITION TOPIC NO. 4:**

To the extent PREPA may present argument or submit evidence regarding the status of the Fuel Line Loans as "Current Expenses" under the Trust Agreement or the priority rights of the Fuel Line Lenders:

a. PREPA's position regarding the status of the Fuel Line Loans as "Current Expenses" under the Trust Agreement or the priority rights of the Fuel Line Lenders;

b. Agreements and resolutions of PREPA regarding the treatment of the Fuel Line Loans as Current Expenses;

c. Approval of the "Official Statements," "Offering Memoranda" or similar offering documents relating to any issuance of any Bonds that are currently outstanding;

d. Annual Budgets since May 4, 2012 prepared pursuant to section 504 of the Trust Agreement;

e. Communications with the Oversight Board, AAFAF, Bondholders, Assured, National or Syncora regarding the status of the Fuel Line Loans as "Current Expenses" or the priority rights of the Fuel Line Lenders.

**RESPONSE TO DEPOSITION TOPIC NO. 4:**

In addition to its general objections, PREPA objects to Topic No. 4 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. PREPA further objects to this topic to the extent it improperly seeks witness testimony that would call for

11

a legal conclusion. PREPA also objects to subparts c and d of this Topic because it is unduly burdensome and unnecessary to prepare a witness on a topic that could be more efficiently addressed through the production of documents, which have already been produced. PREPA further objects to this Topic on the ground that it seeks testimony that is not relevant to the issues before the Court in connection with the Rule 9019 Motion and the Supplemental Memorandum.

**DEPOSITION TOPIC NO. 5:**

Whether PREPA and/or U.S. Bank had or has control — as of and subsequent to the Petition Date — of each of the following funds or accounts referenced in the Trust Agreement:

a. The General Fund;

b. The Revenue Fund;

c. The Sinking Fund (including any account within the Sinking Fund);

d. The Reserve Maintenance Fund;

e. The Self-insurance Fund;

f. The Capital Improvement Fund.

g. The Subordinate Obligations Fund

h. The Renewal and Replacement Fund;

i. The Construction Fund; and

j. The General Reserve Fund.

**RESPONSE TO DEPOSITION TOPIC NO. 5:**

In addition to its general objections, PREPA objects to Topic No. 5 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. PREPA further objects to this Topic to the extent it calls for a legal conclusion. PREPA further objects to this Topic on the ground that it seeks testimony that is not relevant to the issues before the

12

Court in connection with the Rule 9019 Motion and the Supplemental Memorandum.

**DEPOSITION TOPIC NO. 6:**

The topics referenced in the Rule 30(b) Notice of Deposition served on PREPA by the Official Committee of Unsecured Creditors.

**RESPONSE TO DEPOSITION TOPIC NO. 6:**

In addition to its general objections, PREPA incorporates its responses and objections set forth in PREPA's *Responses and Objections to Official Committee of Unsecured Creditors' Notice of Deposition to Puerto Rico Electric Power Authority in Connection with PREPA RSA Rule 9019 Motion Pursuant to Fed. R. Civ. P. 30(B)(6)*, served on July 10, 2019, a copy of which has been provided to the Fuel Line Lenders.

**DEPOSITION TOPIC NO. 7:**

The Documents produced in response to the *First Set of Document Requests of Cortland Capital Market Services LLC, as Administrative Agent, and Solus Alternative Asset Management LP to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Authority* or the *First Set of Supplemental Document Requests of Cortland Capital Market Services LLC, as Administrative Agent, and Solus to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Authority* either (i) by PREPA or (ii) on PREPA's behalf by AAFAF or the Oversight Board.

**RESPONSE TO DEPOSITION TOPIC NO. 7:**

In addition to its general objections, PREPA objects to Topic No. 7 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In addition, PREPA objects to this Topic as vague, ambiguous, and overbroad in its reference to each and every document PREPA has produced to the Fuel Line Lenders in connection with the Rule 9019 Motion. PREPA is willing to meet and confer regarding the scope of this Topic.

13

| | |
|---|---|
| Dated: July 10, 2019<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Elizabeth L. McKeen*<br>John J. Rapisardi<br>Nancy A. Mitchell<br>Peter Friedman<br>(Admitted *Pro Hac Vice*)<br>**O'MELVENY & MYERS LLP**<br>7 Times Square<br>New York, NY 10036<br>Tel: (212) 326-2000<br>Fax: (212) 326-2061<br><br>Elizabeth L. McKeen<br>Ashley M. Pavel<br>(Admitted *Pro Hac Vice*)<br>610 Newport Center Drive, 17th Floor<br>Newport Beach, CA 92660<br>Tel: +1-949-823-6900<br>Fax: +1-949-823-6994<br><br>*Attorneys for Puerto Rico Electric Power Authority* |

14

I hereby certify that, on this date, I caused copies of the foregoing document to be served on the following counsel of record for the Potential Objectors.

| WEIL, GOTSHAL & MANGES LLP | DEBEVOISE & PLIMPTON LLP |
|---|---|
| Robert Berezin, Esq.<br>Marcia Goldstein, Esq.<br>Jonathan Polkes, Esq.<br>Gregory Silbert, Esq.<br>767 Fifth Avenue<br>New York, NY 10153<br>marcia.goldstein@weil.com<br>jonathan.polkes@weil.com<br>gregory.silbert@weil.com<br>robert.berezin@weil.com<br><br>*Counsel for National Public Finance Guarantee Corporation* | My Chi To, Esq.<br>Craig A. Bruens, Esq.<br>Elie J. Worenklein, Esq.<br>919 Third Avenue<br>New York, NY 10022<br>mcto@ debevoise.com<br>cabruens@ debevoise.com<br>eworenklein@debevoise.com<br><br>*Counsel for Syncora Guarantee, Inc.* |
| PAUL HASTINGS LLP | WACHTELL, LIPTON, ROSEN & KATZ LLP |
| Luc A. Despins, Esq.<br>Andrew V. Tenzer, Esq.<br>James R. Bliss, Esq.<br>James B. Worthington, Esq.<br>Michael E. Comerford, Esq.<br>G. Alexander Bongartz, Esq.<br>Nicholas Bassett, Esq.<br>875 15th Street NW<br>Washington, DC 20005<br>lucdespins@paulhastings.com<br>andrewtenzer@paulhastings.com<br>jamesbliss@paulhastings.com<br>jamesworthington@paulhastings.com<br>michaelcomerford@paulhastings.com<br>alexbongartz@paulhastings.com<br>nicholasbassett@paulhastings.com<br><br>*Counsel for the Official Committee of Unsecured Creditors* | Richard G. Mason, Esq.<br>Amy R. Wolf, Esq.<br>Emil A. Kleinhaus, Esq.<br>Angela K. Herring, Esq.<br>51 West 52nd Street<br>New York NY 10019<br>rgmason@wlrk.com<br>arwolf@wlrk.com<br>eakleinhaus@wlrk.com<br>akherring@wlrk.com<br><br>*Counsel for Cortland Capital Market Services LLC, as Administrative Agent* |

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP | BUFETE EMMANUELLI, C.S.P. |
| Sandy Qusba, Esq.<br>Bryce L. Friedman, Esq.<br>Nicholas Baker, Esq.<br>Edward R. Linden, Esq.<br>425 Lexington Avenue<br>New York, NY 10017<br>squsba@stblaw.com<br>bfriedman@stblaw.com<br>nbaker@stblaw.com<br>edward.linden@stblaw.com<br><br>*Counsel for Solus Alternative Asset Management LP* | Jessica E. Méndez Colberg, Esq.<br>Rolando Emmanuelli Jiménez, Esq.<br>Urb. Constancia<br>2803 Calle San Francisco<br>Ponce PR 00717<br>jessica@bufete-emmanuelli.com<br>remmanuelli@me.com<br><br>*Counsel for Unión de Trabajadores de la Industria Eléctrica y Riego, Inc. ("UTIER")* |

Further, I hereby certify that, on this date, I caused copies of the foregoing document to be served on the following counsel of record for other parties-in-interest to the 9019 Motion.

2

| | |
|---|---|
| PROSKAUER ROSE, LLP | CADWALADER, WICKERSHAM & TAFT LLP |
| Martin J. Bienenstock, Esq.<br>Ehud Barak, Esq.<br>Margaret A. Dale, Esq.<br>Gregg M. Mashberg, Esq.<br>Michael T. Mervis, Esq.<br>Elisa Cariño, Esq.<br>Jennifer L. Jones, Esq.<br>Laura Stafford, Esq.<br>Lucy Wolf, Esq.<br>Eleven Times Square<br>New York, NY 10036-8299<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>mbienenstock@proskauer.com<br>ebarak@proskauer.com<br>mdale@proskauer.com<br>gmashberg@proskauer.com<br>mmervis@proskauer.com<br>ecarino@proskauer.com<br>jljones@proskauer.com<br>lstafford@proskauer.com<br>lwolf@proskauer.com<br>Paul V. Possinger, Esq.<br>Brandon C. Clark, Esq.<br>70 W. Madison St., Suite 3800<br>Chicago, IL 60602<br>Tel: (312) 962-3550<br>Fax: (312) 962-3551<br>ppossinger@proskauer.com<br>bclark@proskauer.com | William J. Natbony, Esq.<br>Ellen Halstead, Esq.<br>200 Liberty Street<br>New York, NY 10281<br>Bill.Natbony@cwt.com<br>Ellen.Halstead@cwt.com<br><br>*Counsel for Assured Guaranty Corp., and Assured Guaranty Municipal Corp.* |

**DEL VALLE EMMANUELLI LAW OFFICES**
Luis F. del Valle Emmanuelli, Esq.
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
devlawoffices@gmail.com

*Attorneys for The Financial Oversight and Management Board for Puerto Rico, as representative of The Commonwealth of Puerto Rico and the Puerto Rico Electric Power Authority*

KRAMER LEVIN NAFTALIS &FRANKEL LLP

Amy Caton, Esq.
Thomas Moers Mayer, Esq.
Alice J. Byowitz
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
acaton@kramerlevin.com
tmayer@kramerlevin.com
abyowitz@kramerlevin.com

-and-

TORO, COLON, MULLET, RIVERA & SIFRE, P.S.C.

Manuel Fernandez-Bared, Esq.
Linette Figueroa-Torres, Esq.
Nadya Pérez-Román, Esq.
Jane Patricia Van Kirk, Esq.
PO Box 195383
San Juan, PR 00919-5383
mfb@tcmrslaw.com
lft@tcmrslaw.com
nperez@tcmrslaw.com
jvankirk@tcmrslaw.com

*Counsel for the Ad Hoc Group of PREPA Bondholders*

Date: June 10, 2019                            /s/ *Elizabeth L. McKeen*

                                               Elizabeth L. McKeen (*admitted pro hac vice*)