# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------ x
                                                                   :
In re:                                                             :
                                                                   :
THE FINANCIAL OVERSIGHT AND                                        :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                  :  Title III
                                                                   :
         as representative of                                      :  Case No. 17-BK-3283 (LTS)
                                                                   :
THE COMMONWEALTH OF PUERTO RICO et al.,                            :  (Jointly Administered)
                                                                   :
         Debtors.¹                                                 :
------------------------------------------------------------------ x
                                                                   :
In re:                                                             :
                                                                   :
THE FINANCIAL OVERSIGHT AND                                        :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                  :  Title III
                                                                   :
         as representative of                                      :  Case No. 17-BK-3566 (LTS)
                                                                   :
THE EMPLOYEES RETIREMENT SYSTEM OF THE                             :
GOVERNMENT OF THE COMMONWEALTH OF                                  :
PUERTO RICO,                                                       :
                                                                   :
         Debtor.                                                   :
------------------------------------------------------------------ x
```

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

**REPLY IN SUPPORT OF MOTION OF RETIREE COMMITTEE ESTABLISHING
INITIAL PROCEDURES WITH RESPECT TO OBJECTIONS OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS AND OFFICIAL COMMITTEE OF
RETIRED EMPLOYEES, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND
BANKRUPTCY RULE 3007 TO CLAIMS ASSERTED BY HOLDERS
OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM
<u>OF GOVERNMENT OF PUERTO RICO</u>**

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**"), hereby files this Reply in Support of its *Motion of Retiree Committee Establishing Initial Procedures With Respect to Objections of the Official Committee of Unsecured Creditors and Official Committee of Retired Employees, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007 to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico* (Case No. 17-bk-3283, Dkt. 7803; Case No. 17-bk-3566, Dkt. 632, the "**Motion**"),[2] and states:

## INTRODUCTION

1. The ERS Bondholders and the Puerto Rico Funds (collectively, the "**Objectors**") object to the Motion on two grounds. (*See* Case No. 17-bk-3283, Dkt. 7885, 7957; Case No. 17-bk-3566, Dkt. 643, 648.) *First*, they complain that the Retiree Committee should not be heard at all because others have objected to their ERS claims (but not their Commonwealth claims). *Second*, they leap over the purpose of the Motion—which is to determine whether other holders of ERS bonds want to participate in the claim objection process—to the question of which objections will be heard in what order.

2. As to the Objectors' first point, this Court has already found that the Retiree Committee, which represents approximately 120,000 retiree beneficiaries of ERS, has a "unique role in protecting the interests of pension holders" which "justifies a more active role" in disputes

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

involving ERS bonds. (Adv. Pro. 17-219, Dkt. 38 at 7-8.) In fact, the Retiree Committee asserts a claim of no less than $390.4 million against ERS based on retiree contributions that ERS should be holding for certain retirees and a claim of no less than $58.5 billion against the Commonwealth for pension payments owed to the Retiree Committee's constituents. (*See* Claim Nos. 21533 and 21534.) That unique interest, coupled with the fact that the Retiree Committee was appointed to protect the retiree beneficiaries of ERS, justifies the Retiree Committee's standing to object to claims. *See* 11 U.S.C. § 1109. Indeed, for the Puerto Rico Funds to argue against the Retiree Committee's standing is to talk out of both sides of their mouths. A little over a month ago, to support their attempt to eliminate the UCC's role in the ERS case, these Objectors argued: "the ERS unsecured creditors, consisting of a significant amount of retirees and pensioners, already have adequate representation through the statutory Retiree Committee. . . ." (Case No. 17-3566, Dkt. 433 ¶3.)

       3.     What is more, the Retiree Committee's claim objection is much more than a "me too" joinder to arguments others have raised. For example, while both the Unsecured Creditors Committee (the "**UCC**") and the Retiree Committee argue that the ERS bond issuance was *ultra vires*, rendering the ERS bonds unenforceable, the Retiree Committee's objection is broader as it applies that argument to claims asserted against both ERS *and the Commonwealth* and raises additional arguments about why the Uniform Commercial Code cannot save the bondholders from the *ultra vires* nature of their bonds. And as to the numerous other non-*ultra vires* arguments the Retiree Committee raises (which the UCC does not), the Retiree Committee's claim objection involves different claimants and raises arguments that no party had advanced at the time of the filing of the objection. Consequently, while there is some overlap, the Retiree Committee's objection raises different points (and, in the case of claims against the Commonwealth, raises those

3

points against different parties) that the Court should address concurrently with the UCC's objections and that of the Oversight Board.

4. As to the second point, the parties have had numerous conversations about the procedures to be put in place once initial notice procedures are approved and all participating claimholders are identified. The Retiree Committee has made it clear in those discussions that: (i) it will agree to the same procedures as the UCC; and (ii) it will coordinate/ defer briefing to the extent other proceedings will address the same issues.

5. For its part, the UCC does not so much object, as it urges the Court to approve notice procedures so that the process of resolving the ERS bond claims can commence in earnest. (Case No. 17-bk-3283, Dkt. 7949; Case No. 17-bk-3566, Dkt. 647.) The Retiree Committee agrees but simply notes that it is in everyone's interest if that process includes both the UCC and Retiree Committee's objections.

## BACKGROUND

6. The ERS Bondholders' description of the pending claim objections glosses over the relevant facts. In March 2019, the UCC filed omnibus objections to all ERS bond claims asserted against ERS on the basis that the ERS bonds are *ultra vires* and therefore null and void. (Case No. 17-bk-3283, Dkt. 5580; Case No. 17-bk-3566, Dkt. 381.) The UCC did not and has not filed any objection on any ground to any ERS bond claim filed against the Commonwealth.

7. In April 2019, the Retiree Committee filed its own omnibus objection to ERS bond claims. (Case No. 17-bk-3283, Dkt. 6482; Case No. 17-bk-3566, Dkt. 469.) As with the UCC, the Retiree Committee's objection asserted that the ERS bonds were *ultra vires*. But the Retiree Committee's objection included additional arguments on that point that are not present in the UCC's objection, including an analysis of the legislative intent behind the ERS Enabling Act and

4

its relevant amendments, as well as an analysis as to why the Uniform Commercial Code cannot save the *ultra vires* nature of the ERS bonds. Moreover, unlike the UCC, the Retiree Committee's objection applied to both claims asserted against ERS and the Commonwealth. The Retiree Committee's objection differed from the UCC's in additional ways. For example, the Retiree Committee attacked the alleged secured nature of the ERS bond claims on non-*ultra vires* grounds. Moreover, the Retiree Committee's claim objection directed to the claims filed in the Commonwealth case fully addressed the litany of constitutional and common law claims the ERS Bondholders had asserted against the Commonwealth.

8. At the time the Retiree Committee filed its claim objection, the Oversight Board had not filed any claim objections or commenced any adversary proceeding challenging ERS bond claims, other than an adversary proceeding seeking declaratory judgments regarding the scope, validity and perfection of the ERS Bondholders' alleged liens on employer contributions—an adversary proceeding in which the Retiree Committee was an intervenor-plaintiff. (Adv. Pro. 17-213.) While the Retiree Committee's claim objection shares some of the grounds asserted in Adversary Proceeding No. 17-213, the Retiree Committee's objection sets forth additional grounds challenging the scope, validity, and perfection of the ERS Bondholders' alleged liens, including that the ERS Bondholders cannot assert a claim on retiree contributions held at ERS.

9. In May 2019, the Oversight Board: (i) initiated two adversary proceedings against the ERS Bondholders expanding their challenges to the alleged secured nature of the ERS bond claims; and (ii) filed a claim objection challenging the proof of claim filed by the ERS Fiscal Agent against the Commonwealth. (Case No. 17-bk-3283, Dkt. 7075.) As of the date of this filing, the Oversight Board has not filed any claim objection against any holder of an ERS bond.

## ARGUMENT

### A. The Existence Of Other Disputes Concerning The ERS Bonds Is A Reason to Grant The Motion, Not To Deny It.

10. The Objectors first argue that the Retiree Committee should not be allowed to pursue its claim objection (or this Motion) because "the debtor is already pursuing the very same objections through different procedural vehicles." (Obj. ¶7.) But as the Objectors acknowledge, the Oversight Board filed its claim objection against a different claim and it is not pursuing anywhere the *ultra vires* the arguments the Retiree Committee has raised.[3] Further, the Retiree Committee filed its claim objection first. Thus, any argument that the Retiree Committee should not be allowed to proceed because the Oversight Board was already pursuing the same objection is without merit.

11. The lone decision on which the Objectors base their argument, *In re Thompson*, 965 F.2d 1136 (1st Cir. 1992), also does not support their argument. Unlike this Title III case, *Thompson* was a chapter 7 case where there are no statutory committees with standing to be heard on "any issue" under section 1109(b) of the Bankruptcy Code. Instead the question there was not one of constitutional standing, but whether, as a matter of prudential standing, a trustee who represents the estate or a single creditor should proceed on a claim objection. That is not such the situation here. Unlike the individual creditor in *Thompson*, the Retiree Committee is the official committee for retired employees of the Commonwealth and, as such, represents ERS's primary beneficiaries. That is why this Court has previously recognized the Retiree Committee's "unique" interest in ERS and claims against ERS and why *Thompson* has no applicability to the Motion.

---

[3] And given that the UCC's claim objections do not apply to ERS bond claims filed against the Commonwealth, the Retiree Committee is the only party pursuing the *ultra vires* argument as it applies to claims filed against the Commonwealth.

6

12. But even if *Thompson* applied here, it still would not defeat the Retiree Committee's ability to proceed on its claim objection. As *Thompson* makes clear, the test for determining whether a creditor should be allowed to object to a claim is whether the chapter 7 trustee has objected first. *Id.* at 1147. Here, even if a committee is comparable to an individual creditor (and it is not), the simple fact is that the Oversight Board has *not* filed any objections to the proofs of claim filed by the actual holders of ERS bonds (whether asserted against the Commonwealth or ERS) and is not a party to any adversary complaint or claim objection where it has raised the issue of whether claims based on the ERS bonds should be disallowed because the bond issue was *ultra vires*.

13. Thus, while in some instances, certain of the Retiree Committee's arguments may overlap with arguments being made in separate proceedings, the Retiree Committee's objection raises arguments and challenges claims that the Oversight Board has yet to pursue. That is likely why the Oversight Board has raised no objection to the Motion, as the Motion neither infringes upon their efforts nor harms the efficient administration of these Title III cases. Further, it is also why it will be most efficient for the Court to allow all of the objections to proceed so that all of the issues can be heard, rather than dealing with issues on a piecemeal basis.

14. The Objectors also contend that the Motion should be denied because the "contemplated procedures fail to address the interaction between the omnibus claim procedures and the various overlapping ERS adversary and other proceedings." (Obj. ¶8.) That is true, but irrelevant. The Motion simply seeks to set a framework by which the interested parties can collectively decide how best to handle the objections to the ERS bond claims—that discussion will inevitably include how to address the fact that some of the issues raised in the objections are also present in other proceedings. But the fact that the Motion does not put the cart before the horse is

7

no basis for denial. What is more, this alleged dispute is largely illusory. As the Retiree Committee made clear to the ERS Bondholders before filing the Motion and then reiterated in the Motion, the Retiree Committee agrees to hold in abeyance those portions of its ERS claim objections that overlap with relevant adversary proceedings currently pending before this Court (i.e., the non-*ultra vires* objections) pending a final resolution of those adversary proceedings or otherwise establish a procedure that avoids additional briefing and work for the Court.

### B. The Retiree Committee's Requested Relief Is Not "Procedurally Unavailable."

15. The Objectors next argue that certain aspects of the Retiree Committee's objection are precluded by Bankruptcy Rule 3007(b). As an initial matter, the Motion, which only sets initial notice procedures to claimants, is not the proper avenue to challenge the objections themselves. But in any event, these arguments are incorrect.

16. *First*, the Objectors are incorrect that the Motion "seeks to apply procedures to claims 'that have been or may be asserted.'" (Obj. ¶11.) The applicable paragraph, in full, provides:

> The Objectors filed the Objections contending that all claims (the "ERS Bond Claims") that have been or may be asserted against the Employees Retirement System of the Government of Puerto Rico ("ERS") based on bonds issued by ERS in 2008 (the "ERS Bonds") are invalid. The Retiree Committee's Objection also contends that all ERS Bond Claims that have been or may be asserted against the Commonwealth are invalid. *These procedures apply to all ERS Bond Claims asserted against ERS and/or the Commonwealth.* Holders of ERS Bonds are hereafter referred to as "ERS Bondholders."

(Motion at Ex. 2, at 1) (emphasis added). In other words, the Motion is clear that the proposed procedures will only apply to ERS bond claims that have actually been asserted against ERS or the Commonwealth. The Retiree Committee is not challenging claims that have not yet been filed.

17. *Second*, the Objectors also argue that the Retiree Committee cannot challenge the ERS bondholders' liens in the context of a claim objection. (Obj. ¶11.) Here, the Retiree

8

Committee has agreed to hold this portion of the claim objection in abeyance until the relevant adversary proceedings are resolved, provided that all claimants will be bound by the Court's decisions. This approach nullifies the ERS Bondholders' concerns that their rights will be curtailed through the claim objection process because "[a]n adversary case affords greater procedural and other protections than an omnibus claim objection." (Obj. ¶12.)

### C. The Court's Prior GO Procedures Order Supports The Requested Relief.

18. The Objectors' final argument is that the GO Procedures that this Court previously approved, and which serve as the basis for both the UCC and Retiree Committee's procedures motions, do not apply here because the issues in dispute involve more than the *ultra vires* dispute. (Obj. ¶15.) But the point of the procedures motions is to notify all of the affected bondholders of the claim objections and allow them an opportunity to participate; that purpose has nothing to do with the actual issues to be litigated. The procedures both the Retiree Committee and UCC propose match perfectly what the Court ordered with respect to the GO bonds. Like the GO bond procedures, the requested procedures simply establish the applicable rules for providing notice and opportunity to be heard to all interested parties in the most efficient manner possible.

### D. Proposed Changes to the Retiree Committee's Procedures.

19. As noted in the Motion, all the Retiree Committee seeks is to have its claim objection governed by the same substantive procedures set forth by the UCC in the UCC's last proposed procedures filed on June 10, 2019. (Case No. 17-bk-03283, Dkt. 7352; Case No. 17-bk-03566, Dkt. 551.) The ERS Bondholders note that paragraph 1 of Retiree Committee's proposed procedures does not have language found in the UCC's proposed procedures that essentially provides that all briefing on the UCC's claim objection will be deemed to have been filed in the adversary proceeding certain ERS Bondholders brought in 2017 against the Commonwealth.

9

Given the Retiree Committee's agreement that it would hold in abeyance any briefing on issues where there was overlap with an already-existing adversary proceeding, the Retiree Committee believes this provision to be unnecessary. With that said, the Retiree Committee is willing to add that provision to its procedures per the Objectors' request.

20. In addition, the ERS Fiscal Agent has notified the Retiree Committee that the ERS Fiscal Agent and the UCC have agreed that the Fiscal Agent would be included as one of the "M&C Parties" along with the UCC, the Retiree Committee, and the ERS Bondholders represented by Jones Day and White & Case LLP. The Retiree Committee agrees with this approach and will submit a modified order with this change.

### E. The Retiree Committee Agrees With The UCC That Resolution Of The ERS Bond Proofs Of Claim Should Begin Immediately.

21. Finally, the UCC filed a limited response that states that while it is "agnostic" about the Retiree Committee's requested relief, it believes that its claim objections to ERS bond claims filed against ERS should proceed immediately. (Case No. 17-bk-3283, Dkt. 7949.) The Retiree Committee agrees that the resolution of the objections to the claims filed by the holders of the ERS bonds should begin immediately and should begin with the entry of an initial procedures order that gives notice and an opportunity to participate to all parties in interest. But that process must include all relevant objections to those claims. The relief the UCC and Retiree Committee seek serves the function of a gatekeeper. That purpose can only be truly served if the pen holds all of the claimants and all the objections. Consequently, the Court should enter a procedures order that encompasses both the UCC and Retiree Committee's claim objections.

WHEREFORE the Retiree Committee respectfully requests that the Court overrule the Objections and grant such other relief as may be just.

Dated: July 17, 2019

JENNER & BLOCK LLP

By:

*/s/ Robert Gordon*

Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
Landon Raiford (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

Respectfully submitted,

BENNAZAR, GARCÍA & MILIÁN, C.S.P.

By: */s/ A.J. Bennazar-Zequeira*

A.J. Bennazar-Zequeira
Héctor M. Mayol Kauffmann
Francisco del Castillo Orozco
Edificio Union Plaza,
1701 Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
hector.mayol@bennazar.com
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for The Official Committee of Retired Employees of Puerto Rico*

11