## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |

**PLAINTIFFS AND DEBTORS THE COMMONWEALTH OF PUERTO RICO'S AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY'S (THROUGH THEIR RESPECTIVE SOLE REPRESENTATIVE THE FOMB) STATUS REPORT AND PROPOSED CASE MANAGEMENT ORDER IN CONNECTION WITH ADVERSARY PROCEEDING NUMBERS 19-291, 19-292, 19-293, 19-294, 19-295, 19-296, AND 19-297**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

To The Honorable United States Magistrate Judge Judith Gail Dein:

Plaintiffs and Debtors the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Commonwealth's and HTA's sole representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (together, "Plaintiffs"),[1] respectfully submit this Status Report and proposed case management order, attached hereto as Exhibit A (the "Proposed Case Management Order"). [2]

Plaintiffs have filed (*i*) seven adversary proceedings in the Commonwealth Title III case against holders of general obligation bonds issued by the Commonwealth and holders of bonds guaranteed by the Commonwealth (together, "GO Bonds"), which seek a determination of, *inter alia*, the validity of these bondholders' asserted liens and to avoid certain liens asserted by these bondholders (Adv. Proc. Nos. 19-291, 19-292, 19-293, 19-294, 19-295, 19-296, and 19-297, collectively the "GO Lien Challenges"), and if such liens are valid, to avoid same, and (*ii*) four adversary proceedings in the HTA Title III case against the fiscal agent and certain holders of HTA Bonds, which seek a determination of the extent of the fiscal agent's and bondholders' asserted security interests and to avoid certain security interests asserted by the fiscal agent and the bondholders (Adv. Proc. Nos. 19-362, 19363, 19-364, and 19-365, collectively the "HTA Lien Challenges," and together with the GO Lien Challenges, the "Omnibus Lien Challenges" or the

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[2] The Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee) has not joined with the Debtors in this submission and opposes a further stay of the litigation. The Committee has not endorsed the proposed schedule suggested by Certain Interested Defendants, either. The Committee instead proposes that the Court first determine as a threshold matter whether to stay the litigation, and, if the Court declines to do so, the Debtors, the Committee, and all relevant defendants should further meet and confer as to an agreed upon litigation schedule.

"Adversary Proceedings").[3]  The GO Lien Challenges were filed against 480 defendants ("GO Bond Defendants") and the HTA Lien Challenges were filed against 148 defendants ("HTA Bond Defendants," and together with the GO Bond Defendants, "Defendants").  This Status Report is being filed in both Title III proceedings, relating to the respective adversaries pending in each such proceeding.  Further, this Status Report is being filed solely on behalf of the Debtors because, despite engaging in a meet and confer process, the parties were unable to agree on a joint submission.

In further support of a Proposed Case Management Order, the Debtors respectfully represent as follows:

1.       On June 13, 2019, the Court issued (1) the *Order Regarding Omnibus Motion by Official Committee of Unsecured Creditors, Financial Oversight and Management Board, and its Special Claims Committee to Extend Time for Service of Summonses and Complaints and to Stay Certain Adversary Proceedings Relating to Certain Challenged GO Bonds* [Case No. 17-BK-3283, ECF No. 7426]; and (2) the *Order Regarding Omnibus Motion by Official Committee of Unsecured Creditors, Financial Oversight and Management Board, and its Special Claims Committee to Extend Time for Service of Summonses and Complaints and to Stay Certain Adversary Proceedings [Adv. Nos. 19- 362, 19-363, 19-364, 19-365] Relating to Certain HTA Bonds* [Case No. 17-BK-3283, ECF No. 7427] (collectively, the "Stay Orders").  The Stay Orders, in relevant part, (*i*) ordered the Debtors to meet and confer with all interested Defendants for the purpose of submitting a proposed joint case management order for the Court's consideration, (*ii*)

---

[3] The Debtors filed eleven Omnibus Lien Challenges to comply with the Court's *Standing Order Regarding Procedures in Connection with the Commencement of Adversary Proceedings*, Case No. 17-BK-3283-LTS, ECF No. 6530 (the "Adversary Proceedings Standing Order"), entered on April 26, 2019, which provided that "the number of defendants named in any adversary proceeding complaint or cross- or counterclaim that is filed or amended on or after such date must not exceed one hundred (100)." *Id.* at 1.

mandated that the parties file a proposed case management order by 12:00 noon A.S.T. on July 17, 2019, and (*iii*) scheduled discussion of the status of service and any proposed case management order for the Omnibus Hearing scheduled for July 24, 2019, in San Juan, Puerto Rico. *See, e.g.*, Case No. 17-BK-3283, ECF No. 7426 at 2-3.

2.   On June 27, 2019, the Court issued the *Order Granting Debtors' Urgent Motion Requesting Order (I) Approving Service of Process at Addresses Listed in Defendants' Proofs of Claim and/or Rule 2019 Disclosures and (ii) Approving Debtors' Form of Notice in GO and HTA Lien Challenges* (the "Service and Notice Order") [Case No. 17-BK-03567, ECF No. 596 and Case No. 17-BK-0283, ECF No. 7694]. The Service and Notice Order (*i*) approved the Debtors' form of notice (the "Form of Notice") informing Defendants of the applicable deadline to respond to the Omnibus Lien Challenges in compliance with the Stay Orders, and (*ii*) permitted the Debtors to serve the summonses, complaints, Service and Notice Order, and Stay Orders at either the addresses listed in Defendants' proof(s) of claim or the address(es) listed in Defendants' Rule 2019 Disclosure. The Form of Notice informed Defendants to provide their contact information to Debtors' counsel if they wished to participate in a meet and confer relating to the scheduling and case management of the Omnibus Lien Challenges. [Case No. 17-BK-3567, ECF No. 596-1 at 3; Case No. 17-BK-3283, ECF No. 7694-1 at 3].

3.   As set forth below, the Debtors have begun serving the 628 Defendants in the Adversary Proceedings as set forth in the Service and Notice Order. The Debtors have taken the following steps to serve Defendants:

   a.   On July 8, 2019, the Debtors provided the Court Clerk with proposed summonses for all Defendants, except two Defendants with respect to which Debtors' counsel is conflicted, in adversary proceeding numbers 19-291 and

19-363.  On July 9, 2019, the Court Clerk issued electronic summonses for all Defendants in adversary proceeding numbers 19-291 and 19-363, except for the conflicted Defendants.  Proposed summonses for the conflicted Defendants were provided to the Court Clerk on July 12, 2019, by the Committee's counsel, and the Court Clerk issued electronic summonses for the conflicted Defendants that same day.

b.   On July 10, 2019, the Debtors provided the Court Clerk with proposed summonses for all Defendants, except twelve Defendants with respect to which Debtors' counsel is conflicted, in adversary proceeding numbers 19-293, 19-294, 19-295, and 19-362.  Also on July 10, 2019, the Court Clerk issued electronic summonses for all Defendants in adversary proceeding number 19-362.  On July 11, the Court Clerk issued electronic summonses for all Defendants in adversary proceeding numbers 19-293, 19-294, and 19-295, except for the conflicted Defendants.  Proposed summonses for the conflicted Defendants were provided to the Court Clerk on July 12 by the Committee's counsel, and the Court Clerk issued electronic summonses for the conflicted Defendants that same day.

c.   On July 11, 2019, the Committee provided the Court Clerk with proposed summonses for all Defendants in adversary proceeding numbers 19-297 and 19-364.  On July 12, the Committee provided the Court Clerk with proposed summonses for all Defendants in adversary proceeding numbers 19-296 and 19-365.  On July 15, the Court Clerk issued electronic summonses for all

Defendants in adversary proceeding numbers 19-296, 19-297, 19-364, and 19-365.

d. Plaintiffs intend to serve all Defendants with copies of the summonses, complaints, Service and Notice Orders, and Stay Orders in both English and Spanish. The foregoing documents took 15 days to be translated into Spanish, and the translations were completed on July 12, 2019.

e. To avoid unnecessary delay, while translations were being prepared, the Debtors began the process of serving English-language copies of the summonses, complaints, Service and Notice Orders, and Stay Orders by first class mail upon certain Defendants whom the Debtors understand do not require Spanish-language versions of the foregoing documents (*e.g.*, hedge funds and financial institutions). The Debtors will provide courtesy copies of the Spanish-language translations to all Defendants who were served with English-language copies before translations were available.

f. As of the filing of this Status Report, the summonses, complaints, Service and Notice Orders, and Stay Orders have been served upon approximately 460 Defendants by first class mail.

g. The Debtors presently anticipate that all Defendants in the Omnibus Lien Challenges will be served prior to the September 1, 2019 deadline imposed by the Court.

4. Certain Defendants indicated their interest in participating in a "Meet and Confer" and provided their contact information to Debtors (the "Interested Defendants"). The Debtors met and conferred with the Interested Defendants on July 11, 2019, pursuant to the Court's Stay Orders.

In advance of that call, on July 9, 2019, the Debtors submitted a proposed status report (containing much of the above-described information) and a proposed case management order to the Interested Defendants.

5.      The following counsel for Interested Defendants participated in the July 11, 2019 meet and confer: Bracewell LLP; Butler Snow LLP; Cadwalader, Wickersham & Taft LLP; Debevoise & Plimpton LLP; Dechert LLP; Kramer Levin Naftalis & Frankel LLP; Milbank LLP; Morrison & Foerster LLP; Paul, Weiss, Rifkind, Wharton & Garrison LLP; Orrick, Herrington & Sutcliffe LLP; Reed Smith LLP; Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP; the United States Department of Justice; and Weil, Gotshal & Manges LLP.[4] Unfortunately, and despite best efforts, the parties were unable to agree on a joint case management order to submit to the Court. Further, certain of the Interested Defendants, listed on Exhibit B, ("Certain Interested Defendants") declined to join this Status Report and have been invited to submit their own. Set forth below is the status of discussions regarding the alternative case management orders and proposals submitted by the Debtors, on the one hand, and Certain Interested Defendants, on the other hand (although on the defendant side, there remain hundreds of Defendants who have yet to appear in the actions or have an opportunity to participate in these discussions).

6.      **In light of the nature of these actions and the status of service and other complications described above, the Debtors proposed the following:**

         a.  As noted at the June 12, 2019 Omnibus Hearing, the Oversight Board intends
             to file a plan of adjustment (the "Plan of Adjustment") and accompanying
             disclosure statement (the "Disclosure Statement") in the near future. The
             Debtors believe that, in light of the difficulty in coordinating amongst the over

---

[4] These firms together represent a small percentage of Defendants in the Adversary Proceedings.

600 Defendants to these adversary proceedings, and the length of time required to complete service upon all affected Defendants, in order to avoid disjointed meet and confers and uncoordinated motion practice, issues raised in the Adversary Proceedings will be most efficiently resolved in connection with any hearings to consider approval of the Disclosure Statement or otherwise prior to any hearing to consider confirmation of a Plan of Adjustment. Unlike the current status of the Adversary Proceedings, all interested parties will be able to participate in the proceedings related to the Disclosure Statement at the same time, permitting the parties to brief relevant issues in an efficient and coordinated fashion, thereby conserving the resources of the parties and the Court.

b. Accordingly, the Debtors proposed that the stay remain in place as to all Adversary Proceedings for an additional 45 days, up to and including October 15, 2019 (except as discussed in sub-paragraph (c) below), without prejudice to a further request to extend the stay.

c. Should the Court determine not to grant an extension of the current stay as provided for herein, the Debtors propose that the Court schedule a hearing to consider what, if any, threshold legal issues should be considered, and maintain the stay until such hearing.

7. The Certain Interested Defendants expressly did not agree to the Debtors' proposal. Instead, on July 15, 2019, the Certain Interested Defendants submitted an alternative schedule and

Proposed Joint Case Management Order, described below, to the Debtors and other parties. The

Debtors do not agree with the proposed approach of the Interested Defendants for several reasons[5]:

    a. The Certain Interested Defendants proposed to treat the Adversary Proceedings,
which name 628 unique defendants, like any other case. In the Debtors' view,
the Certain Interested Defendants' proposed case management order and
schedule is not a workable plan to manage litigation with over 600 parties and
does not achieve the efficiencies the Court desires. By way of example only,
the Debtors highlight the following fundamental problems with the Certain
Interested Defendants' proposal:

        i. Proposed discovery opens on September 1, 2019, one month before motions
to dismiss can be filed. Moreover, the Certain Interested Defendants do not
propose any limitations on or streamlined processes for discovery, thereby
exposing Plaintiffs to potentially thousands of discovery requests by
hundreds of different parties before briefing on motions to dismiss has even
begun. The Debtors cannot imagine any scenario where discovery of this
magnitude (or any magnitude) can and should begin before even motions to
dismiss are filed. The potential for multiple tracks of motion practice on
discovery and legal grounds is an inefficient use of Court and party
resources. In addition, this approach does not even consider the potential
for an Early Meeting of Counsel under Rule 26.

---

[5] The vast majority of information in this section of the Status Report, including the contents of this paragraph 7, was provided to the Certain Interested Defendants on July 16, 2019 in response to their proposal. However, as of this filing, Debtors have been unable to reach agreement on a proposed case management order.

ii.   The proposal also does not contain any mechanism for a manageable coordination of briefing on the Certain Interested Defendants' contemplated motions to dismiss.   Notwithstanding the stated goal of the Certain Interested Defendants being to attempt to coordinate with each other and the other Defendants, their proposal is, in reality, that over 600 Defendants litigate simultaneously and without any meaningful, governable efforts to coordinate.   With experience as a guide in these proceedings, countless motions and briefs will be filed, and all that will be necessary for that to happen is for someone to say that a separate brief and motion is necessary.  The inevitable result will be significantly overlapping briefing and duplication of efforts.   The proposal may also lead to early briefing on comparatively minor issues or on issues besides certain threshold legal issues that are potentially dispositive (or at least significant) with respect to many Defendants.   This proposal therefore does nothing to alleviate the burdens on Plaintiffs and on the Court, which hundreds of undoubtedly duplicative motions will pose.   By the time the Court has a chance to weigh on the massive amount of motion practice this proposal contemplates, an inordinate amount of briefing will have already been undertaken.

iii.   Because they are premised on the proposed discovery and briefing dates, all the remaining dates following the discovery and motion to dismiss briefing schedule proposed by the Certain Interested Defendants suffer from the same flaws.

iv.  The Certain Interested Defendants' proposed case management order also
does not account for future events; primarily, it does not account for the
forthcoming Plan of Adjustment and accompanying Disclosure Statement,
which the Debtors anticipate filing in the near future.  Because the same
issues raised in the Adversary Proceedings will assuredly be raised in
connection with this Court's consideration of the Plan of Adjustment and
accompanying Disclosure Statement, adopting the Certain Interested
Defendants' proposal will result in duplicative litigation over the same
underlying issues.

b.  Indeed, the Certain Interested Defendants' proposal illustrates the challenges
described above.  To this end, counsel for several Interested Defendants who
attended the meet and confer have not (to Debtors' knowledge) signed onto the
proposal made by the Certain Interested Defendants or have otherwise not
provided a position, including Dechert LLP; Debevoise & Plimpton LLP; Reed
Smith LLP; and Paul, Weiss, Rifkind, Wharton & Garrison LLP.  Moreover,
despite Plaintiffs' express invitation, counsel for various Defendants (who have
appeared in other contexts) did not attend the meet and confer at all, including
Stroock, Stroock, & Lavan LLP, and White & Case LLP.

c.  Finally, the Debtors believe that the Certain Interested Defendants' proposal is
unworkable for the additional reason that a substantial number of Defendants
have not been served and therefore may be unaware of the Adversary
Proceedings.  The Debtors presently expect that all Defendants in the Omnibus
Lien Challenges will be served prior to the September 1, 2019 deadline imposed

10

by the Court and should be afforded an opportunity to appear (or at least participate in a meet and confer, if desired) before the Court enters an order that would bind them to a schedule they had no part in negotiating.

8.      For the foregoing reasons, in the event the stay is not continued (and even if it does), the Debtors submit that their proposal set forth above, which permits the parties to meet and confer about threshold legal issues that can be litigated *after* all Defendants are served and have had a chance to meaningfully participate in conversations regarding these proceeding, is the proper course.

9.      If any portion of the Certain Interested Defendants' proposed briefing schedule is adopted by this Court, the Debtors reserve their rights to seek modifications to the calendar should the circumstances change, such as when the Debtors file the Plan of Adjustment and accompanying Disclosure Statement.

10.     **The Certain Interested Defendants proposed the following**[6]:

a.   In light of the adversary complaints filed by the Plaintiffs against them, the Certain Interested Defendants seek to balance their (and other defendants') due process rights, with the Court's desire for coordinated litigation among the parties to reduce administrative burdens on the Court.

b.   The Certain Interested Defendants thus propose the following litigation timeline:

i.   Discovery opens: September 1, 2019

ii.  Motion to Dismiss:

---

[6] This paragraph sets forth the alternative schedule the Certain Interested Defendants submitted to Debtors during the meet and confer process. This alternative schedule may not be identical to the proposal ultimately submitted by the Certain Interested Defendants in their separate status report and proposed case management statement.

1. Opening Brief(s) for Certain Interested Defendants[7]: October 2, 2019

2. Opening Briefs for all other Defendants[8]: October 11, 2019

iii. Opposition Brief(s):

1. Opposition Briefs for Plaintiffs: November 20, 2019

iv. Reply Brief(s):

1. Reply Brief(s) for Certain Interested Defendants: December 11, 2019

2. Reply Brief(s) for all other Defendants: December 20, 2019

v. Hearing: January 8, 2020

vi. Answer: 14 days after Order re Motion(s) to Dismiss

vii. Applications to Amend Pleadings or Join Parties: January 15, 2020

viii. Close of Fact Discovery: January 31, 2020

ix. Expert Discovery:

1. Expert Reports: February 12, 2020

2. Rebuttal Expert Reports: February 21, 2020

3. Close of Expert Discovery: March 6, 2020

x. Dispositive Pre-Trial Motions (e.g., Motions for Summary Judgment):

---

[7] In an effort to reduce the administrative burden on the Court, in all instances the Certain Interested Defendants shall, for issues on which the Certain Interested Defendants' respective positions are aligned in any of the pleadings detailed in the Proposed Case Management Order, use reasonable efforts to draft a single brief and coordinate to minimize duplicative briefs.

[8] In an effort to reduce administrative burden on this Court, all other Defendants, with respect to any pleadings detailed in the Proposed Case Management Order will be required to aver to this Court that they have reviewed all briefs submitted by the Certain Interested Defendants and that any brief submitted by such other Defendant raises either issues unique or specialized to that Defendant, or that such brief otherwise raises an argument or issue not addressed in the Certain Interested Defendants' brief. For purposes of clarity, all other Defendants include any and all counter-claim and third-party defendants.

1. Opening Brief(s):

   a. Plaintiffs and Certain Interested Defendants' Opening Briefs: March 18, 2020

   b. Other Defendants' Opening Briefs: March 27, 2020

2. Opposition Brief(s):

   a. Plaintiffs and Certain Interested Defendants' Opposition Brief(s): April 15, 2020

   b. Other Defendants' Opposition Brief(s): April 24, 2020

3. Reply Brief(s):

   a. Plaintiffs and Certain Interested Defendants' Reply Brief(s): April 29, 2020

   b. Other Defendants' Reply Brief(s): May 8, 2020

xi. Pre-Trial Motions (e.g., Motions in Limine):

1. Opening Brief(s):

   a. Plaintiffs and Certain Interested Defendants' Opening Briefs: May 13, 2020

   b. Other Defendants' Opening Briefs: May 20, 2020

2. Opposition Brief(s):

   a. Plaintiffs and Certain Interested Defendants' Opposition Briefs: May 22, 2020

   b. Other Defendants' Opposition Briefs: May 29, 2020

3. Reply Brief(s):

   a. Plaintiffs and Certain Interested Defendants' Reply Briefs: May 29, 2020

   b. Other Defendants' Reply Briefs: June 5, 2020

    xii.   Joint Pre-Trial Report (L.R. 7061-1(c)) / Proposed Findings of Fact and
Conclusions of Law: June 2, 2020

    xiii.  Final Pre-Trial Conference: June 22, 2020

    xiv.  Trial: June 23-25, 2020

*[Remainder of Page Intentionally Left Blank]*

Dated: July 17, 2019
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

Michael A. Firestein (*pro hac vice*)
**PROSKAUER ROSE LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 557-2900
Fax: (310) 557-2193

*Attorneys for the Financial Oversight and
Management Board as representative for the
Commonwealth in Certain of the Adversary
Proceedings[9]*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
Commonwealth in Certain of the Adversary
Proceedings[10]*

---

[9] *See* Adv. Proc. Nos. 19-291, 19-292, 19-293, 19-294, 19-295.

[10] *See* Adv. Proc. Nos. 19-291, 19-292, 19-293, 19-294, 19-295.

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897

*Co-Attorneys for the Financial Oversight and*
*Management Board as representative for the*
*Commonwealth in Certain of the Adversary*
*Proceedings[11]*

*/s/ Alberto Estrella*
**ESTRELLA, LLC**
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P.O. Box 9023596
San Juan, Puerto Rico 00902-3596
Tel.: (787) 977-5050
Fax: (787) 977-5090
agestrella@estrellallc.com
kcsuria@estrellallc.com

*Local Counsel to the Special Claims Committee*
*of the Financial Oversight and Management*
*Board, acting by and through its members[12]*

---

[11] *See* Adv. Proc. No. 19-297.

[12] *See* Adv. Proc. No. 19-296.

**<u>Exhibit A</u>**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>           Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |

## [PROPOSED] CASE MANAGEMENT ORDER

Upon the Status Report and Proposed Case Management Order, dated July 17, 2019 (the "Proposed Case Management Order"),[2] and the Court having found and determined that: (*i*) the Court has jurisdiction to consider the Proposed Case Management Order and the relief requested therein under PROMESA section 306(a); (*ii*) venue is proper before this Court pursuant to PROMESA section 307(a); (*iii*) the relief requested is in the best interests of the Debtors, their creditors, and other parties in interest; (*iv*) the Debtors provided adequate and appropriate notice under the circumstances and that no other or further notice is required; and (v) after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

[2] Capitalized terms used but not defined in this Order shall have the meaning given them in the Joint Status Report.

1.      Absent further order of the Court, the Adversary Proceedings, including any responsive pleadings and discovery, are stayed for an additional 45 days, up to and including October 15, 2019, without prejudice to further requests to extend the stay.

2.      The Debtors shall serve any agency, department, or instrumentality of the United States in accordance with Rule 7004(b) of the Federal Rules of Bankruptcy Procedure.

3.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this Order.

4.      This Order shall be entered simultaneously in each of the following Adversary Proceedings: Adv. Proc. Nos. 19-291, 19-292, 19-294, 19-295, 19-296, 19-297, 19-362, 19-363, 19-364, and 19-365.

SO ORDERED.


Dated: _____, 2019            _____
                                         Honorable Judith Gail Dein
                                         United States Magistrate Judge

## Exhibit B

### Certain Interested Defendants

**Ambac Assurance Corporation**
Dennis F. Dunne
Atara Miller
Milbank  LLP
55 Hudson Yards
New York, NY 10001

**Assured Guaranty Corp. and Assured
Guaranty Municipal Corp.**
Howard R. Hawkins, Jr.
Mark C. Ellenberg
William  J. Natbony
Cadwalader, Wickersham & Taft, LLP
200 Liberty Street
New York, NY 10281

**Financial Guaranty Insurance Company**
Martin A. Sosland
Butler Snow, LLP
5430 LBJ Freeway, Suite 1200
Dallas, TX 75240

**Cantor-Katz Collateral Monitor, LLC**
Douglas S. Mintz
Orrick, Herrington & Sutcliffe LLP
Columbia  Center
1152 15th Street, N.W.
Washington,  D.C. 20005-1706

**AmeriNational Community Services, LLC**
270 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936

**National Public Finance Guarantee
Corporation**
Marcia L. Goldstein
Kelly DiBlasi
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153

**Ad Hoc Group of General Obligation
Bondholders**
Mark T. Stancil
Robbins,  Russell, Englert,  Orseck, Untereiner
& Sauber LLP
2000  K Street, N.W., 4th Floor
Washington,  D.C. 2006

**Funds managed by Invesco Advisers, Inc.,
that are successors in interest to funds
managed by OppenheimerFunds, Inc., and
funds and/or accounts managed or advised
by OFI Global Institutional Inc.**
Amy Caton
P. Bradley O'Neill
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

**Ad Hoc Group of Constitutional Debt
Holders**
Gary S. Lee
Morrison  & Foerster LLP
250 West 55th Street
New York, NY 10019