# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## REPLY OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES FILED TO FORTY-EIGHTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO SUBSEQUENTLY AMENDED CLAIMS AND NOTICE OF WITHDRAWAL OF OBJECTION AS TO CERTAIN CLAIMS

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") in support of the *Forty-Eighth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

*Subsequently Amended Claims* [ECF No. 7275] (the "Forty-Eighth Omnibus Objection").  In support of this Reply, the Commonwealth respectfully represents as follows:

1.      On June 6, 2019, the Commonwealth filed the Forty-Eighth Omnibus Objection seeking to disallow certain proofs of claim that were subsequently amended and superseded (collectively, the "Claims to Be Disallowed"), each as listed on Exhibit A thereto.  As set forth in the Forty-Eighth Omnibus Objection and supporting exhibits thereto, each of the Claims to Be Disallowed have been amended and superseded by subsequently filed proof(s) of claim (collectively, the "Remaining Amended Claims").  The Claims to Be Disallowed thus no longer represent valid claims against the Commonwealth

2.      Any party who disputed the Forty-Eighth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on July 9, 2019, in accordance with the Court-approved notice attached to the Forty-Eighth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Forty-Eighth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Order Further Amending Case Management Procedures* [ECF No. 7115]).  *See Certificate of Service* [ECF No. 7382].

3.      Seven responses to the Forty-Eighth Omnibus Objection were interposed.  To resolve certain of those responses, the Commonwealth hereby withdraws its objection to Proofs of Claim Nos. 33218, 32892, 33218, 30930 and 37037.  Two responses remain pending: the *Reasons for Opposition to the Collective Objection*, filed on July 11, 2019 [ECF No. 7930] (the "Azize Alvarez Response"), by Lillian Teresa Azize Alvarez ("Azize Alvarez"); and the *Objection to Notice of the Forty-Eighth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Subsequently Amended Claims*, filed on June 25, 2019 [ECF No. 7662] (the "Damexco

Response"), by Leida Pagán Torres, as representative of Damexco, Inc. and Luc Brunelle (collectively, "Damexco").

## I.      The Azize Alvarez Response

4.      Azize Alvarez filed a proof of claim against the Commonwealth on June 13, 2018, and it was logged by Prime Clerk as Proof of Claim No. 37571 (the "Original Azize Alvarez Claim"). *See* Forty-Eighth Omnibus Objection, Exhibit A, line 41. Also on June 13, 2018, Azize Alvarez filed a second proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 36659 (the "Amended Azize Alvarez Claim"). The Amended Azize Alvarez Claim purported to amend "170328300647115," the electronic proof of claim number that corresponds to the Original Azize Alvarez Claim.

5.      The Azize Alvarez Response does not address whether the Amended Azize Alvarez Claim amends the Original Azize Alvarez Claim. Although neither the Original Azize Alvarez Claim nor the Amended Azize Alvarez Claim included documentation  regarding bonds owned by Azize Alvarez, the Azize Alvarez Response included documentation regarding bonds issued by ERS bearing CUSIP number 745211LJ9, which is a Series 2003 bond issued by PRIDCO.[3] The U.S. Bank Trust National Association, in its capacity as successor Trustee for PRIDCO General Purpose Revenue and Refunding Revenue Bonds Series 1997A and Series 2003, filed a master proof of claim on behalf of holders of Series 2003 PRIDCO Bonds, and it was logged by Prime Clerk as Proof of Claim No. 13445 (the "PRIDCO Master Claim"). The Azize Alvarez Claim therefore asserts liabilities associated with a bond issued by PRIDCO and is duplicative of a PRIDCO Master Claim.

---

[3] *See* https://emma.msrb.org/Security/Details/A513D149F8C45F31B5692B383FA968058#

6.      Any failure to disallow the Azize Alvarez Claim will result in Azize Alvarez potentially receiving an unwarranted double recovery, to the detriment of other stakeholders in the Commonwealth Title III Case.   Moreover, Azize Alvarez will not be prejudiced by the disallowance of the Azize Alvarez Claim because the liabilities associated with the Azize Alvarez Claim are subsumed within the PRIDCO Master Claim.

## II.    The Damexco Response

7.      Leida Pagán Torres, as counsel for Damexco, filed a proof of claim on May 2, 2018 against the Commonwealth, and it was logged by Prime Clerk as Proof of Claim No. 10282 (the "Original Damexco Claim").  *See* Forty-Eighth Omnibus Objection, Exhibit A, line 295.  On May 29, 2018, James D. Bailey, Esq., also counsel for Damexco, filed a second proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 33003 (the "Amended Damexco Claim").   The Amended Damexco Claim indicates that it amends the Original Damexco Claim.

8.      On June 25, 2019, Damexco, through its counsel Leida Pagán Torres, filed the *Objection to Notice of the Forty-Eighth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Subsequently Amended Claims* [ECF No. 7662] (the "Damexco Response").

9.      The Damexco Response does not dispute that the Amended Damexco Claim amends the Original Damexco Claim.  Rather, it asserts that "the only change notice is on page 2 subsection 3, that changes the name and address of where the creditor's documentation should be notified as well as where payments shall be notify [sic], *in no other matter there is any amendment that supersedes claim 10282*."  Response at 2 (emphasis added).

4

10.     Counsel for the Oversight Board subsequently contacted Leida Pagán Torres and James Bailey, both of whom purport to represent Damexco in this proceeding.  Neither attorney disputes that the Amended Damexco Claim amends the Original Damexco Claim, or that both assert liabilities against the Commonwealth of $1,151,368.40, which arise out of Case Number: FAC2007-2806.  Accordingly, it is clear that, if the Court does not disallow either the Original Damexco Claim or the Amended Damexco Claim, there is a possibility that Damexco will potentially receive an unwarranted double recovery against the Commonwealth, to the detriment of other stakeholders in the Commonwealth Title III Case.  Moreover, Damexco will not be prejudiced by the disallowance of one of these claims, because the liabilities asserted in the Amended Damexco Claim are duplicative of the liabilities asserted in the Original Damexco Claim.

Dated: July 17, 2019

San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)

**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board for Puerto Rico, as
representative for the Commonwealth of
Puerto Rico*