**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                            Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES FILED TO FIFTIETH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DEFICIENT CLAIMS AND NOTICE OF WITHDRAWAL OF OBJECTIONS TO CERTAIN CLAIMS**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico ("Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") in support of the *Fiftieth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Deficient Claims and Notice of Withdrawal of Objections to Certain Claims* [ECF No. 7248] (the "Fiftieth Omnibus Objection"). In support of this Reply, the Commonwealth respectfully represents as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

1. On June 6, 2019, the Commonwealth filed the Fiftieth Omnibus Objection seeking to disallow certain proofs of claim that failed to comply with the applicable rules for filing a claim by not providing a basis for asserting a claim against the Commonwealth (collectively, the "Deficient Claims"), each as listed on Exhibit A thereto. As set forth in the Fiftieth Omnibus Objection and supporting exhibits thereto, each of the Deficient Claims asserts liabilities associated with the Commonwealth while failing to provide a basis for asserting these claims against the Commonwealth.

2. Any party who disputed the Fiftieth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on July 9, 2019, in accordance with the Court-approved notice attached to the Fiftieth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Fiftieth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Order Further Amending Case Management Procedures* [ECF No. 7115]). *See Certificate of Service* [ECF No. 7382].

3. Six responses to the Fiftieth Omnibus Objection were interposed:

   a. *Response – to the Omnibus Objection* (the "Alvarez Response"), dated June 26, 2019 [ECF No. 7821], filed by Ethel Alvarez ("Alvarez");

   b. *Response to the Financial Oversight and Management Board of Puerto Rico's Fiftieth Omnibus Objection (Non-Substantive) to Deficient Claims* (the "Casasnovas Response"), dated July 3, 2019 [ECF No. 7820], filed by Pedro Luis Casasnovas and Olga I. Trinidad Nieves ("Casasnovas and Trinidad Nieves");

   c. *Proofs of Claims Presented by Hector Santos Díaz in Order to Comply with the Applicable Rules for Filing a Claim against the Commonwealth* (the "Santos Díaz Response"), dated July 8, 2019 [ECF No. 7863], filed by Hector Santos Díaz ("Santos Díaz");

   d. *Response to Fiftieth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Deficient Claims* (the "UBS Trust Response"), dated July 9, 2019 [ECF No. 7875], filed by UBS Trust Company of Puerto Rico ("UBS Trust");

Document Page 3 of 8

  e. *Response to the Omnibus Objection* (the "Delia Hernández Response"), filed on July 9, 2019 [ECF No. 7877], filed by the Estate of Delia Hernández ("Delia Hernández"); and

  f. *Response to Fiftieth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Deficient Claims* (the "Popelnik Response"), dated June 6, 2019 [ECF No. 7913], filed by Rodolfo Popelnik ("Popelnik").

**I. The Casasnovas Response**

4. Casasnovas and Trinidad Nieves filed a proof of claim against the Commonwealth on August 4, 2018, and it was logged by Prime Clerk as Proof of Claim No. 62 (the "Casasnovas Claim"). *See* Fiftieth Omnibus Objection, Exhibit A, line 167.

5. The Casasnovas Response contained documentation regarding a bond issued by the Puerto Rico Industrial Development Company ("PRIDCO") bearing CUSIP number 745211LH3. However, US Bank, as trustee for certain General Purpose Revenue and Refunding Revenue Bonds Series 1997 A and Series 2003 (the "PRIDCO Bonds"), and on behalf of the holders of PRIDCO Bonds, filed a master proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 13445 ("PRIDCO Master Claim"). The bond bearing CUSIP number 745211LH3 is a Series 2003 PRIDCO Bond.[3] Accordingly, the Casasnovas Response asserts liabilities associated with bonds issued by PRIDCO that are duplicative of the PRIDCO Master Claim.

6. Any failure to disallow the Casasnovas Claim will result in Casasnovas and Trinidad Nieves potentially receiving an unwarranted double recovery against the Commonwealth, to the detriment of other stakeholders in the Commonwealth Title III Case. Moreover, Casasnovas and Trinidad Nieves will not be prejudiced by the disallowance of the Casasnovas

---

[3] *See* https://emma.msrb.org/IssueView/Details/MS27573.

Claim because the liability associated with the Casasnovas Claim is subsumed within the PRIDCO Master Claim.

**II.     The UBS Trust Response**

7.     The UBS Trust Response responded to the Fiftieth Omnibus Objection with respect to claims filed against the Commonwealth by nine trusts.[4]

8.     The UBS Trust Response asserts that amended claims, which provided "evidence of the bonds held by each trust, the issuer of the bonds, the CUSIP numbers and the face value of the bonds held by each trust," UBS Trust Resp. at 4, were filed with respect to the Benmaman Claim, the Ríos Claim, the Adaime Claim, the Torres Claim, the Casanovas Claim, the Arias Claim, and the IRA Claim (the "Original UBS Claims"):

   a. The Benmaman Plan filed an amended proof of claim against the Commonwealth on July 3, 2019, which was logged by Prime Clerk as Proof of Claim No. 169509 (the "Amended Benmaman Claim");

---

[4] The UBS Trust Response addressed the following claims: Proof of Claim No. 43870 (the "Orol Claim"), filed by the Armando Orol Retirement Plan, represented by UBS Trust Company of Puerto Rico (the "Orol Plan"), on June 12, 2018; Proof of Claim No. 47780 (the "Benmaman Claim"), filed by The Dra. Coty Benmaman Retirement Plan (the "Benmaman Plan"), represented by UBS Trust Company of Puerto Rico, on June 15, 2018; Proof of Claim No. 56442 (the "Ríos Claim"), filed by The Enrique L. Ríos Alameda Retirement Plan, represented by UBS Trust Company of Puerto Rico (the "Ríos Plan"), on June 27, 2018; Proof of Claim No. 47640 (the "Adaime Claim"), filed by The José J. Adaime Maldonado Retirement Plan, represented by UBS Trust Company of Puerto Rico ("Adaime Plan"), on June 27, 2018; Proof of Claim No. 65809 (the "Torres Claim"), filed by The Madeline Torres Figueroa Retirement Plan (the "Torres Plan"), on June 28, 2018; Proof of Claim No. 65885 (the "Casanovas Claim"), filed by The Manuel Casanovas Retirement Plan, represented by UBS Trust Company of Puerto Rico (the "Casanovas Plan"), filed on June 28, 2018; Proof of Claim No. 66784 (the "Arias Claim"), filed by The Rafael A. Arias Valentín Retirement Plan, represented by UBS Trust Company of Puerto Rico (the "Arias Plan"), filed on June 28, 2018; Proof of Claim No. 35132 (the "IRA Claim"), filed by The UBS Trust Company as trustee for Individual Retirement Accounts (the "IRA"), filed on June 8, 2018; and Proof of Claim No. 35619 (the "Hernandez Díaz Claim"), filed by Víctor Hernandez Díaz, Escrow Agent, represented by UBS Trust Company of Puerto Rico ("Hernandez Díaz"), filed on June 8, 2018.

4

b. The Ríos Plan filed an amended proof of claim against the Commonwealth on July 3, 2019, which was logged by Prime Clerk as Proof of Claim No. 169508 (the "Amended Ríos Claim");

c. The Adaime Plan filed an amended proof of claim against the Commonwealth on July 8, 2019, which was logged by Prime Clerk as Proof of Claim No. 169537 (the "Amended Adaime Claim");

d. The Torres Plan filed an amended proof of claim against the Commonwealth on July 8, 2019, which was logged by Prime Clerk as Proof of Claim No. 169538 (the "Amended Torres Claim");

e. The Casanovas Plan filed an amended proof of claim against the Commonwealth on July 8, 2019, which was logged by Prime Clerk as Proof of Claim No. 169539 (the "Amended Casanovas Claim");

f. The IRA filed an amended proof of claim against the Commonwealth on July 9, 2019, which was logged by Prime Clerk as Proof of Claim No. 169589 (the "Amended IRA Claim"); and

g. The Arias Plan filed an amended proof of claim against the Commonwealth on July 8, 2019, which was logged by Prime Clerk as Proof of Claim No. 169540 (the "Amended Arias Claim", and, together with the Amended Benmaman Claim, the Amended Ríos Claim, the Amended Adaime Claim, the Amended Torres Claim, the Amended Casanovas Claim, and the Amended IRA Claim, the "Amended UBS Trust Claims").

9. Because "an amended proof of claim supersedes the original filing and deprives the earlier filing of legal effect," claimants are not entitled to recovery for the liabilities asserted in the Original UBS Trust Claims. *See, e.g.*, *Matter of Vitro Asset Corporation*, 656 F. App'x. 717, 722 n.1 (5th Cir. 2016); *see also In re Enron Corp.*, No. 01 B 16034, 2005 WL 3874285, at *1 (Bankr. S.D.N.Y. Oct. 5, 2005). However, because the filing of an amended claim does not automatically remove the original claim from the claims registry, failure to disallow the Original UBS Trust Claims leaves the possibility that the claimants could receive an unwarranted double recovery. Moreover, the claimants will not be prejudiced by the disallowance of the Original UBS Trust Claims because the liabilities associated with those claims are asserted by the Amended UBS Trust Claims. Accordingly, the Commonwealth respectfully requests that the Court grant the Fiftieth

Omnibus Objection and disallow the Original UBS Trust Claims because they have been subsequently amended and superseded by the Amended UBS Trust Claims.

10. With respect to the Orol Claim and the Hernandez Díaz Claim, the UBS Response does not dispute that the claims are deficient, and simply notes that the claims were not amended to add additional documentation. Resp. at 4. Accordingly, the Commonwealth respectfully requests that the Court grant the Fiftieth Omnibus Objection and disallow the Orol Claim and the Hernandez Díaz Claim in their entirety.

### III. The Delia Hernández Response

11. Delia Hernández initially filed a proof of claim against the Commonwealth on April 9, 2018, and it was logged by Prime Clerk as Proof of Claim No. 6918 (the "Delia Hernández Claim"). *See* Fiftieth Omnibus Objection, Exhibit A, at line 102.

12. The Delia Hernández Response asserts an amended claim was filed that "include[s] the supporting documentation required . . . to assert a valid claim against the Commonwealth," including a "CUSIP number . . . and other information identifying the bond at issue." Delia Hernández Response at 1-2. Delia Hernández filed an amended proof of claim against the Commonwealth on July 9, 2019, which was logged by Prime Clerk as Proof of Claim No. 169591 (the "Amended Delia Hernández Claim").

13. Because "an amended proof of claim supersedes the original filing and deprives the earlier filing of legal effect," Delia Hernández is not entitled to recovery for the liabilities asserted in the Delia Hernández Claim. *See, e.g.*, *Matter of Vitro Asset Corporation*, 656 F. App'x. 717, 722 n.1 (5th Cir. 2016); *see also In re Enron Corp.*, No. 01 B 16034, 2005 WL 3874285, at *1 (Bankr. S.D.N.Y. Oct. 5, 2005). However, because the filing of an amended claim does not automatically remove the original claim from the claims registry, failure to disallow the Delia

6

Hernández Claim leaves the possibility that Delia Hernández could receive an unwarranted double recovery. Moreover, Delia Hernández will not be prejudiced by the disallowance of the Delia Hernández Claim because the liabilities associated with the claim are asserted by the Amended Delia Hernández Claim. Accordingly, the Commonwealth respectfully requests that the Court grant the Fiftieth Omnibus Objection and disallow the Delia Hernández Claim because it has been subsequently amended by the Amended Delia Hernández Claim.

### IV. The Alvarez, Santos Díaz, and Popelnik Responses

14. The Alvarez Response, the Santos Díaz Response, and the Popelnik Response each provided documentation that enables the Commonwealth to evaluate whether the claimants have provided a basis for asserting a claim against the Commonwealth or another Title III Debtor. To permit evaluation of the documentation provided by these claimants, the Commonwealth hereby withdraws its objections to Proof of Claim No. 6918, which was filed by Alvarez; Proof of Claim No. 1337, which was filed by Santos Díaz; and Proof of Claim No. 33919, which was filed by Popelnik. The Commonwealth reserves its rights to object to each of the foregoing claims on any other grounds whatsoever.

Dated: July 17, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC No. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764
Fax: (787) 763-8260

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:   (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico*