UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to HTA and ERS.** |

**REPLY OF THE PUERTO RICO
HIGHWAYS AND TRANSPORTATION AUTHORITY
AND THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO
TO RESPONSES FILED TO THIRTY-NINTH OMNIBUS OBJECTION
(NON-SUBSTANTIVE) TO DEFICIENT CLAIMS AND NOTICE OF
WITHDRAWAL OF OBJECTION AS TO PROOF OF CLAIM NOS. 7374 and 49689**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Puerto Rico Highways and Transportation Authority ("HTA") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Oversight, Management, and Economic Stability Act* ("PROMESA"),² file this reply (the "Reply") in support of the *Thirty-Ninth Omnibus Objection (Non-Substantive) of the Puerto Rico Highways and Transportation Authority and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims* [ECF No. 7248] (the "Thirty-Ninth Omnibus Objection"). In support of this Reply, HTA and ERS respectfully represent as follows:

1. On June 6, 2019, HTA and ERS filed the Thirty-Ninth Omnibus Objection seeking to disallow certain proofs of claim that failed to comply with the applicable rules by not providing a basis for asserting a claim against HTA or ERS (collectively, the "Deficient Claims"), each as listed on Exhibit A thereto. As set forth in the Thirty-Ninth Omnibus Objection and supporting exhibits thereto, each of the Deficient Claims asserts liabilities associated with HTA or ERS while failing to provide a basis for asserting these claims against either HTA or ERS.

2. Any party who disputed the Thirty-Ninth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on July 9, 2019, in accordance with the Court-approved notice attached to the Thirty-Ninth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Thirty-Ninth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Order Further Amending Case Management Procedures* [ECF No. 7115]). *See Certificate of Service* [ECF No. 7382].

3. Six responses to the Thirty-Ninth Omnibus Objection were interposed:

   a. *Motion Supplementing Proof of Claim and in Opposition to Thirty Ninth Omnibus Objection* (the "Castro-Lang Response"), dated June 12, 2019 [ECF No. 7584], filed by Rafael F. Castro-Long ("Castro-Long");

   b. *Response to the Collective Objection* (the "Librada Sanz Response"), dated June 6, 2019 [ECF No. 7579], filed by Jesus Librada Sanz ("Librada Sanz");

---

² PROMESA is codified at 48 U.S.C. §§ 2101–2241.

2

    c. *Response to Thirty-Ninth Omnibus Objection (Non-Substantive) of the Puerto Rico Highways and Transportation Authority and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims* (the "Pace Response"), dated June 26, 2019 [ECF No. 7680], filed by Joe M. Pace ("Pace");

    d. A response, dated June 20, 2019 [ECF No. 7773] (the "Emery Response"), filed by Edwin B. Emery, Jr., Trustee of the Bonnie L. Bankert Revocable Trust ("Emery");

    e. *Answer to Objection to Claim (39th Omnibus Objection (Non-Substantive) of the Puerto Rico Highways and Transportation Authority and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims* (the "Quebrada Bonita Response"), filed on July 5, 2019 [ECF No. 7833], filed by Quebrada Bonita CRL ("Quebrada Bonita"); and

    f. *Response of Oaktree Value Opportunities Fund Holdings, L.P. to the Thirty-Ninth Omnibus Objection (Non-Substantive) of the Puerto Rico Highways and Transportation Authority and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims* (the "Oaktree Response"), dated July 9, 2019 [ECF No. 7890], filed by Oaktree Value Opportunities Fund Holdings, L.P. ("Oaktree").

The parties have resolved the Oaktree Response, and in accordance therewith, the Oversight Board hereby withdraws its objection as to Proof of Claim No. 49689. Five other responses remain pending.

**I.    The Castro-Long Response**

4.    Castro-Long filed a proof of claim against the Commonwealth on May 26, 2018, and it was logged by Prime Clerk as Proof of Claim No. 23624 (the "Castro-Long Claim"). *See* Thirty-Ninth Omnibus Objection, Exhibit A, line 15. The Castro-Long Response purports to "correct[]" any "alleged deficiency" in the Castro-Long Claim by providing documentation evidencing the "Purchase of $40,000 in Employee Retirement System Bonds." Castro-Long Resp. at 2.

5.    The Castro-Long Response included documentation regarding bonds issued by ERS bearing CUSIP number 29216MAC4. That CUSIP number is covered by a master proof of

3

claim filed by The Bank of New York Mellon ("BNYM"), as fiscal agent under the Pension Funding Bond Resolution adopted on January 24, 2008, by ERS, and logged by Prime Clerk as 16777 (the "ERS Master Claim"). The Castro-Long Claim therefore asserts liabilities associated with a bond issued by ERS and is duplicative of an ERS Master Claim.

6. Any failure to disallow the Castro-Long Claim will result in Castro-Long potentially receiving an unwarranted double recovery against ERS, to the detriment of other stakeholders in the ERS Title III Case. Moreover, Castro-Long will not be prejudiced by the disallowance of the Castro-Long Claim, because the liabilities associated with the Castro-Long Claim are subsumed within an ERS Master Claim.

**II. The Librada Sanz Response**

7. Librada Sanz filed a proof of claim against ERS on June 7, 2018, and it was logged by Prime Clerk as Proof of Claim No. 60916 (the "Librada Sanz Claim"). *See* Thirty-Ninth Omnibus Objection, Exhibit A, line 50.

8. The Librada Sanz Response provided documentation regarding bonds issued by ERS bearing CUSIP number 29216MBL3. Librada Sanz Resp., Ex. 1 at 1. That CUSIP number is associated with a master proof of claim filed by The Bank of New York Mellon ("BNYM"), as fiscal agent under the Pension Funding Bond Resolution adopted on January 24, 2008, by ERS, and logged by Prime Clerk as Proof of Claim No. 32004 (the "ERS Master Claim"). The Librada Sanz Claim therefore asserts liabilities associated with a bond issued by ERS and is duplicative of an ERS Master Claim.

9. Any failure to disallow the Librada Sanz Claim will result in Librada Sanz potentially receiving an unwarranted double recovery against ERS, to the detriment of other stakeholders in the ERS Title III Case. Moreover, Librada Sanz will not be prejudiced by the

disallowance of the Librada Sanz Claim because the liabilities associated with the Librada Sanz Claim are subsumed within an ERS Master Claim.

**III.     The Pace Response**

10.     Pace filed a proof of claim against ERS on April 16, 2018, and it was logged by Prime Clerk as Proof of Claim No. 5427 (the "Pace Claim").  *See* Thirty-Ninth Omnibus Objection, Exhibit A, line 65.  The Pace Response attaches documentation which Pace asserts "demonstrate[] continued ownership of the bonds."  Pace Resp. at 1.

11.     The documentation provided with the Pace Response references bonds issued by ERS bearing CUSIP number 29216MAC4.  That CUSIP number appears on an ERS Master Claim filed by BNYM.  The Pace Claim therefore asserts liabilities associated with a bond issued by ERS and is duplicative of an ERS Master Claim.

12.     Any failure to disallow the Pace Claim will result in Pace potentially receiving an unwarranted double recovery against ERS, to the detriment of other stakeholders in the ERS Title III Case.  Moreover, Pace will not be prejudiced by the disallowance of the Pace Claim because the liabilities associated with the Pace Claim are subsumed within an ERS Master Claim.

**IV.     The Quebrada Bonita Response**

13.     Quebrada Bonita filed a proof of claim against ERS on June 27, 2018, and it was logged by Prime Clerk as Proof of Claim No. 55278 (the "Quebrada Bonita Claim").  *See* Thirty-Ninth Omnibus Objection, Exhibit A, line 68.  The Quebrada Bonita Response asserts that the Quebrada Bonita Claim "includes a list of various balances owed by various debtors," including liabilities associated with an ERS bond bearing CUSIP number 29216MAF7.  Quebrada Bonita Resp. at 1.  The Quebrada Bonita Response, and the accompanying *Request for Continuance of*

*the Instant Matter from the July 24, 2019 Hearing*, also requests the Court adjourn the hearing on this matter for 60 days. [ECF No. 7840].

14. The documentation provided with the Quebrada Bonita Response references bonds issued by ERS bearing CUSIP number 29216MAF7. That CUSIP number appears on the ERS Master Claim filed by BNYM identified above. The Quebrada Bonita Claim therefore asserts liabilities associated with a bond issued by ERS and is duplicative of an ERS Master Claim.

15. Any failure to disallow the Quebrada Bonita Claim will result in Quebrada Bonita potentially receiving an unwarranted double recovery against ERS, to the detriment of other stakeholders in the ERS Title III Case. Moreover, Quebrada Bonita will not be prejudiced by the disallowance of the Quebrada Bonita Claim because the liabilities associated with the Quebrada Bonita Claim are subsumed within an ERS Master Claim.

16. Counsel for the Debtors conferred with counsel for Quebrada Bonita to discuss the Quebrada Bonita Response and request for a continuance. Counsel for the Debtors understand that the filing of this Reply, along with a revised proposed order and amended schedule reflecting that the Quebrada Bonita Claim is duplicative of an ERS Master Claim, will likely resolve the Quebrada Bonita Response. Counsel for the Debtors will confer with counsel for Quebrada Bonita and, to the extent the Reply does not resolve the Quebrada Bonita Response, agree to adjourn the hearing on the Thirty-Ninth Objection as to the Quebrada Bonita Response until the October 30, 2019 omnibus hearing.

## V. The Emery Response

17. The Emery Response provided additional documentation that enables HTA and ERS to evaluate whether Emery has provided a basis for asserting a claim against HTA, ERS, or another Title III Debtor. To permit evaluation of the documentation provided by Emery, HTA and

ERS hereby withdraw their objections to Proof of Claim No. 7374, which was filed by Emery. HTA and ERS reserve their rights to object to the foregoing claim on any other grounds whatsoever.

Dated: July 17, 2019　　　　　　　　　　Respectfully submitted,

San Juan, Puerto Rico

/s/ *Herman D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)

**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Puerto Rico Highways and Transportation Authority and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*