## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO
## BANKRUPTCY COURT

| | |
|---|---|
| **INRE:**<br>**THE FINANCIAL OVERSIGHT**<br>**AND MANAGEMENT BOARD OF**<br>**PUERTO RICO AS**<br>**REPRESENTATIVE OF THE**<br>**COMMONWEALTH OF PUERTO**<br>**RICO, ET ALS**<br>**DEBTORS** | **PROMESA TITLE III**<br>**NUM. 17BK3283-RTS** |

## MOTION ANSWERING URGENT CONSENTED MOTION FOR EXTENSION OF DEADLINES

Comes now the movant party Hiram Pérez-Soto Pro Se and respectfully alleges and prays to the Honorable Court as follows:

1. We have received a motion filed by the Secretary of Justice of the Commonwealth of Puerto Rico through its legal representative. That motion was filed on July 15, 2019.

2. We think it is proper to give a detailed picture of everything that has happened in this case. We filed a motion on July 1, 2019 asking the Honorable Court to lift the automatic stay and or ask the Court that it's not applicable in this case. We filed that motion according to the order of this Honorable Court filed in June 2, 2017 title case management procedures.

1

We sent a copy of that motion as ordered by the case management procedure order of this Honorable Court to the counsels of the Oversight Board and to the counsel of the AAFAF. I made telephone calls to two of those counsels, the telephone calls were never answered. Nevertheless, I called attorney Carolina Velaz- Rivero, she answered my call on July 12, 2019. She asked me for a six day extension of the date ordered by this Honorable Court which was July 15, 2019. At that date the Oversight Board and the AAFAF had the duty to file a motion expressing their opinion about my motion to lift the automatic stay or to decide it is not applicable in this case. The attorney Carolina Velaz-Rivero sent me a proposed order which I considered that I could agree completely except in some minor details which weren't important. The proposed order was that I could properly proceed to litigate the case I filed in the Federal Court Hiram I. Pérez Soto v. Maite Oronoz Rodríguez et als case 19-1266. In that case I pleaded that I was disbarred by the Supreme Court in a hearing devoid due process. I pleaded that I filed ethical charges against Judges and recusal motions exercising my free speech right under the first amendment. Those ethical charges and recusal motions were made with reasonable basis and with respect. They were constitutionally protected under the first amendment under the US Constitutional, see Holt v. Virginia 381US25; InRe Little 404US533. I also

2

pleaded that I had the right to a fair and impartial forum under the US Constitution, see <u>Capperton v. ATMassey, June 2009</u>. I was subjected to numerous arbitrary sanctions. An inheritance case that had three causes of action were all dismissed without a hearing violating my right to have my day in Court. The case number is HSCI 2007-01040 Court of First Instance of Humacao. The dismissal of the causes of action in the aforesaid case were all arbitrary made by bias Judges in a conspiracy to violate my constitutional rights. The defendant were the Judges of the Supreme Court, Judges of the Intermediate Appeals Court and Judges of the Court of First Instance of Humacao and San Juan. The Judges of the Court of First Instance of San Juan decided against me in a bias way case KJV2006-2638. In the case 19-CV-1266 I pleaded declaratory and injunctive relief in order to void my disbarment, to void various judgments and orders against me, and to void various sanctions against me. I also pleaded actual and punitive damages against Judges in their judicial capacity, against some Judges for administrative decisions, against lawyer of the Department of Justice and against private parties. These private parties were adversary lawyers who conspired and colluded with Judges to obtain judgments and sanctions against me that were bias violating my constitutional rights. See <u>Tower v. Glover 467US914; Dennys v. Sparks 449US24 (1980)</u>.

3

The proposal sent to me by attorney Carolina Velaz-Rivero was that I could litigate in the Federal Court my complaint under 42USCA1983 Civil Case Num. 19-CV-1266.   Any money judgment that I could obtain cannot be executed against the Commonwealth Government.   Also that any injunctive and declaratory relief against the Commonwealth Government cannot be executed.   The Commonwealth Government included any other Title III debtor.   My complaint could proceed to final judgment and could be fully litigated and proceed to final judgment.   I found that proposed order correct. I sent to attorney Carolina Velaz-Rivero a similar proposed order. The Title III stay was going to be modified so that I could proceed to litigate my case to final judgment.   Provided that I couldn't execute and enforce any money judgments against the Commonwealth of Puerto Rico and other Title III debtors.   Any provisional remedies and injunctive relief against government officials or former government officials that in this case are Judges or former Judges could be granted.   No injunctive and declaratory relief can be granted against the Commonwealth Government and other Title III debtors.   The remedies of money damages against private parties and injunctive and declaratory relief against them will not be subject to the automatic stay.   It should be pointed out that the Commonwealth Government under Law 9 of 1974 have decided to give legal representation to government and former

4

government employees and to pay whatever monetary damages are imposed against them by the Federal Court under Section 1983. Under Section 1983 there is no respondent superior liability against the Commonwealth Government, see Monell v. Department of Social Services 436US658 (1978); City of Los Angeles v. Heller 475US796 so there is no possibility whatsoever of any declaratory or injunctive relief that could be handed down or decided by the Federal Court under Section 1983 against the Commonwealth Government and other Tittle III debtors. Under the order that we agreed I could litigate all my claims under Section 42USCA1983 but the execution and enforcement of any money judgment against the Commonwealth Government and other Title III debtors will be stayed. We agree to six labor days extension which expires on July 22, 2019. The motion filed by the legal representative of the Secretary of Justice and Carolina Velaz-Rivero moved the deadline to July 24, 2019 and the deadline to this movant to reply to July 31, 2019. The original deadlines were July 15, 2019 and the reply July 22, 2019. According to the motion I filed, under Section 362 declaratory and injunctive relief are not subject to the automatic stay only the enforcement and execution of monetary judgment are subject to the automatic stay. See Penn Terra v. Department 733F2d267; Commonwealth of Massachusetts v. First Align Mortgage 263BR999;

Ahrens Air Craft v. NLRB 703F2d23.  This cases decided that government units try to enforce police and regulatory power are not subject to the automatic stay.  In this case the government unit is the Federal Court trying to enforce judgments made under 42USCA1983 for violation of constitutional or civil rights of plaintiffs see InRe Mohawk Greenfield Motel Corporation 239BR1.  The fact that injunction or declaratory relief may require the payment or expenditure of money doesn't forecloses the possibility of equitable relief.  Those expenses do not qualify for money judgments in which the enforcement are stayed.  Also the cost of litigation doesn't qualify for being treated as money judgment in which the execution or enforcement are stayed.  See Penn Terra, supra. For a money judgment to exist there must be identification of the parties for and against judgment is entered and a definite designation of the amount which the defendant owed to the plaintiff.  The declaratory and injunctive relief that we pleaded are directed against government or former government officials.     The Commonwealth Government doesn't have any liability for those remedies. The Commonwealth government only has derivative liability under Law 9 32LPRASecc.3085 et seq. for money damages against government or former government officials and the execution and enforcement of those money damages are subject to the automatic stay.  Finally the remedies of injunctive

6

and declaratory relief and money damages against private parties are not subject to the automatic stay. The Commonwealth Government cannot give legal representation to those private parties included as defendants that were never governmental employees are the adverse lawyers in the case HSCI2007-01040 Court of First Instance of Humacao. In this way case Num. 19-CV-1266 filed under 42USCA1983 can be fully litigated in the Federal Court. It should be stated very clearly that in this way the Bankruptcy System doesn't become a heaven for debtors improperly seeking refugee under the stay in an effort to frustrate necessary government functions and policies. It should be stated that I am dissatisfied in the way the Department of Justice and the Federal Court has handled the case 19-CV-1266. The Department of Justice hasn't notify the decision to assume the legal representation of some of the defendants in the case. A case cannot be paralyzed until the Department of Justice notifies by filing a motion in the case that it is assuming representation. Also the Federal Court has refused to notify that the case is paralyzed. It has simply refused to decide my motions.

**WHEREFORE**, it is respectfully requested to this Honorable Court to be informed of the content of this motion.

7

I hereby certify that I sent copy of this motion to the attorney of the Secretary of Justice of Puerto Rico Wandymar Burgos Vargas wburgos@justicia.pr.gov

I also certify that under the eighth amendment noticed Case Management and Administrative Procedure; I notify Counsel of the Oversight Board Hermann Bauer hermann.bauer@oneillborges.com and Ubaldo M. Fernández Barrera ubaldo.fernandez@oneillborges.com; Counsel for AAFAF Diana M. Pérez dperez@omm.com, Luis C. Marini-Biaggi lmarini@mpmlawpr.com and Carolina Velaz-Rivero cvelaz@mpmlawpr.com

I also filed this motion with the Clerk of the Federal Court in order for him to notify the masterlist and the claims and noticing agents, see Section E of the Case Management Proceedings.

**HIRAM PEREZ SOTO**

 **PRO SE**

Urb. Villas de Paraná
Calle 11 Bloque S-1#5
San Juan, Puerto Rico 00926

8

Tel. (787) 731-6573
Cel. (787) 438-6687
Fax (787) 790-9581
E-mail: hperez1057@gmail.com