# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## RESPONSE OF THE AD HOC GROUP OF GENERAL
## OBLIGATION BONDHOLDERS TO JOINT STATUS REPORT
## AND PROPOSED ORDER ON CASE MANAGEMENT

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Ad Hoc Group of General Obligation Bondholders (the "GO Group")[2] respectfully submits this Response to the *Joint Status Report and Proposed Order on Case Management* (Dkt. No. 7960, the "Status Report"). As we explain below, the relief requested in the Status Report is procedurally improper and unwarranted on the merits. The requested relief should accordingly be denied.

1. This Court has made clear that "status reports . . . are not appropriate vehicles for initiating contested matters or requests for court action." 6/12/2019 Omnibus Hearing Tr. 8; cf. *Tenth Amended Notice, Case Management and Administrative Procedures* (Dkt. No. 8027-1) § I.J (limiting informative motions to "communications filed in these Title III Cases that are informative and *do not request any relief*") (emphasis added). Yet that is precisely what the Status Report seeks to do.

2. On May 2, 2019, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting through its Special Claims Committee, and the Official Committee of Unsecured Creditors (the "UCC," and together with the Oversight Board, the "Plaintiffs") filed eight actions (Adv. Proc. Nos. 19-281 to 19-288, the "Clawback Actions") asserting claims for declaratory relief and to recover certain principal and interest payments made on account of eight series of Commonwealth general obligation bonds (the "GO Bonds") and four series of bonds issued by the Puerto Rico Public Buildings Authority (the "PBA," and such bonds, "PBA Bonds"). Just five days later, the Plaintiffs filed a motion seeking an order indefinitely staying the Clawback Actions, among other adversary proceedings, and extending the time for completing service to November 1, 2019. See Dkt. No. 6857 (the "Adversary Proceeding Stay Motion").

---

[2] Members of the GO Group file this Response exclusively on their own behalves and do not assume any fiduciary or other duties to any other creditor or person. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Status Report.

3. The GO Group, along with other parties holding GO Bonds and PBA Bonds, objected to the Adversary Proceeding Stay Motion. See Dkt. No. 7118 (the "GO Group Objection"). In its objection, the GO Group did not oppose a stay with respect to the portions of the Clawback Actions that are premised on claim objections to GO Bonds issued in 2011, 2012, and 2014. The GO Group, however, opposed a stay with respect to Count I of the complaints in the Clawback Actions insofar as those counts seek declarations that certain PBA Bonds are null and void. *Id.* ¶¶ 21-26. The GO Group also opposed the requested extension of the deadline for completing service in the Clawback Actions. The GO Group urged that the Plaintiffs should instead be required to seek extensions of the deadline upon a showing, through appropriate documentation, that the ninety-day deadline provided by Federal Rule of Civil Procedure 4(m) could not be met. *Id.* ¶ 19.

4. On June 13, 2019, the Court issued an order granting the Adversary Proceeding Stay Motion in part and denying it in part. See Dkt. 7426 (the "Adversary Proceeding Stay Order"). In particular, the Court extended the deadline for completing service in the Clawback Actions to September 1, 2019 (*id.* ¶ 2); stayed the Clawback Actions, other than for purposes of effecting service, until September 1, 2019 (*id.* ¶ 3); and extended the deadline for filing responsive pleadings until 30 days after the expiration of the stay (*id.* ¶ 4). The Court further required the Plaintiffs to meet and confer with all interested defendants served in the Clawback Actions and to submit a proposed joint case management order by July 17, 2019. *Id.* ¶ 7.

5. Plaintiffs' Status Report, filed on July 15, 2019, represents that no defendants have been served in the Clawback Actions. See Status Report ¶ 2. The Status Report also does not include a "proposed case management order," as this Court had directed. Adversary Proceeding Stay Order ¶ 7. Instead, the Status Report summarizes meet-and-confer discussions between

Plaintiffs and certain "Interested Defendants," financial institutions that are among the few defendants that are aware of their involvement in the Clawback Actions because they are "Participant Holders" targeted by the Oversight Board's discovery requests seeking to identify recipients of the payments Plaintiffs seek to avoid. See *id.* ¶¶ 2, 4-6. The Status Report then submits that, "[i]n light of the nature of these actions and the status of service," all deadlines established by the Adversary Proceeding Stay Order should be extended by 45 days. *Id.* ¶ 7.

6. The Plaintiffs' request for extensions of the deadlines established by the Adversary Proceeding Stay Order is procedurally improper and unwarranted on the merits. Accordingly, the relief requested in the Status Report should be denied.

7. As an initial matter, Plaintiffs seek an order further delaying litigation of the Clawback Actions under the guise of a "Joint Status Report," without following the Court's established procedures and providing appropriate notice to relevant parties in interest. As explained above, Plaintiffs' approach is inconsistent with the Court's express direction. See ¶ 1, *supra*; 6/12/2019 Omnibus Hearing Tr. 8; cf. *Tenth Amended Notice, Case Management and Administrative Procedures* § I.J.

8. Plaintiffs' departure from established procedures is all the more inappropriate because, as Plaintiffs acknowledge, "the identities of the vast majority of the defendants are currently subject to a confidentiality order" and defendants are "mostly unaware that they are parties to the" Clawback Actions. Status Report ¶ 2. Thus, while Plaintiffs labeled their submission as a "Joint Status Report," it was not filed on behalf of any defendants in the Clawback Actions, and it reflects consultation with only a miniscule portion of those defendants. Under these circumstances, Plaintiffs should be required to provide notice to all potentially affected parties in interest and an appropriate opportunity for orderly briefing before the Court rules on their request.

3

9. As for the merits, Plaintiffs have not justified their request for an extension of the deadline to completing service in the Clawback Actions. In particular, the Status Report does not even assert that service cannot be completed by the existing deadline of September 1, 2019, much less provide evidence corroborating such a conclusion. To the contrary, the Status Report acknowledges that "parties that are currently defendants . . . would likely be served in the space of a few weeks." Status Report ¶ 6. Moreover, while the Status Report asserts that additional defendants may be identified through ongoing discovery (*id.* ¶ 5), it does not explain why the deadlines established by the Adversary Proceeding Stay Order should be extended to account for that fact. Plaintiffs do not contend that service on these additional defendants cannot be completed within the current deadline, and they do not explain why the litigation of the Clawback Actions cannot commence as to the existing defendants even if Plaintiffs ultimately require more time to identify and serve additional defendants.

10. Plaintiffs' request to extend the stay of litigation in the Clawback Actions should also be denied for the reasons set forth in the GO Group Objection. As we explained there, a stay of the portion of the Clawback Actions that alleges that certain PBA Bonds are null and void is unwarranted because those bonds are not the subject of any separate claim objection filed by the Oversight Board or UCC in which that allegation of invalidity could be adjudicated. See GO Group Objection ¶ 22. And although the UCC has recently stated that it intends to file such a claim objection "soon" (Dkt. No. 7945, ¶ 4), that potential future filing does not justify a stay of the Clawback Actions at this time.

\* \* \*

The relief requested in the Status Report should be denied.

4

| | |
|---|---|
| Dated: July 18, 2019 | Respectfully submitted, |
| /s/ Ramón Rivera Morales | /s/ Lawrence S. Robbins |
| J. Ramón Rivera Morales | Lawrence S. Robbins |
| USDC-PR Bar No. 200701 | Mark T. Stancil (admitted *pro hac vice*) |
| Andrés F. Picó Ramírez | Gary A. Orseck (admitted *pro hac vice*) |
| USDC-PR Bar No. 302114 | Kathryn S. Zecca (admitted *pro hac vice*) |
| JIMÉNEZ, GRAFFAM & LAUSELL | Donald Burke (admitted *pro hac vice*) |
| P.O. Box 366104 | ROBBINS, RUSSELL, ENGLERT, ORSECK, |
| San Juan, PR 00936 | UNTEREINER & SAUBER LLP |
| Telephone: (787) 767-1030 | 2000 K Street, N.W., 4th Floor |
| Facsimile: (787) 751-4068 | Washington, DC 20006 |
| Email: rrivera@jgl.com | Telephone: (202) 775-4500 |
| | Email: lrobbins@robbinsrussell.com |

*Counsel to the Ad Hoc Group of General Obligation Bondholders*

5