**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

```
------------------------------------------------------------------------ x
                                                  :
In re:                                            :
                                                  :
THE FINANCIAL OVERSIGHT AND                       : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                 : Title III
                                                  :
      as representative of                        : Case No. 17-BK-3283 (LTS)
                                                  :
THE COMMONWEALTH OF PUERTO RICO et al.,           : (Jointly Administered)
                                                  :
      Debtors.¹                                   :
------------------------------------------------------------------------ x
```

**OMNIBUS OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS FILED OR ASSERTED AGAINST COMMONWEALTH BY HOLDERS OF CERTAIN PUERTO RICO PUBLIC BUILDINGS AUTHORITY BONDS**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") hereby files this objection (the "PBA Claim Objection") pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these Title III cases by section 301(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these Title III cases by section 310 of PROMESA, requesting entry of an order, substantially in the form attached hereto as **Exhibit A**, disallowing all claims filed or asserted against the Commonwealth based on certain Commonwealth-guaranteed Puerto Rico Public Buildings Authority ("PBA") bonds issued in 2011 and 2012 (as described more fully below, the "Invalid PBA Bonds").[3] In support of this PBA Claim Objection, the Committee respectfully states as follows.[4]

## PRELIMINARY STATEMENT

1. On January 14, 2019, the Committee and the Financial Oversight and Management Board for Puerto Rico, acting through its Special Claims Committee (the "FOMB," and, together with the Committee, the "Objectors"), filed their *Omnibus Objection of (I)*

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101-2241.

[3] These include claims based on the Commonwealth's guaranties of the Invalid PBA Bonds and its guaranties of lease payments to the PBA with respect to such bonds. Through its review of public documents (including the Debtor's claims register), the Committee has identified numerous proofs of claim filed against the Commonwealth by holders of Invalid PBA Bonds. All such claims exceeding $10 million, which are among the claims to which the Committee hereby objects, are listed on Appendix I hereto.

[4] The Committee recognizes that responses to this PBA Claim Objection should await the Court's ruling on the Financial Management and Oversight Board's pending motion [Docket No. 7640] to stay all contested matters, including the Omnibus Claim Objection and the 2011 GO Claim Objection (as defined below), pending confirmation of a Commonwealth plan of adjustment, and the Committee hereby agrees that the ruling on that motion will automatically apply to this objection without any party having to seek that additional relief. The Committee is continuing its investigation of claims filed in the Commonwealth's Title III case and reserves the right to object to any such claims on any grounds.

*Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds* [Case No. 17-03283-LTS; Docket No. 4784] (the "Omnibus GO Claim Objection"), which challenges the validity of the general obligation ("GO") bonds issued by the Commonwealth in 2012 and 2014 and seeks the disallowance of all claims based on such bonds.

2. On May 21, 2019, the Committee filed its *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain 2011 Commonwealth General Obligation Bonds* [Case No. 17-03283-LTS; Docket No. 7057] (the "2011 GO Claim Objection"), which challenges the validity of certain GO bonds issued by the Commonwealth in 2011 and seeks the disallowance of all claims based on such bonds.

3. On May 2, 2019, the FOMB and the Committee commenced a series of adversary proceedings seeking to "claw back," for the benefit of the Commonwealth, principal and interest paid to holders of the bonds subject to the Omnibus GO Claim Objection and the 2011 GO Claim Objection, as well as principal and interest paid to holders of Invalid PBA Bonds (the "Clawback Actions").

4. At the June 12, 2019 omnibus hearing, the Court directed the FOMB, the Committee, and the Ad Hoc Group of General Obligation Bondholders (the "GO Group") to meet and confer regarding their respective positions with respect to the ripeness of certain claims advanced in the Clawback Actions.

5. On June 29, 2019, the FOMB, the Committee, and the GO Group filed their *Joint Status Report* [Case No. 17-03283-LTS; Docket No. 7550] to inform the Court of their respective positions as clarified through the meet and confer process. As stated in the Joint Status Report, the FOMB, the Committee, and the GO Group "agree that the Oversight Board and the Committee have objected to the validity of each series of GO Bonds and PBA Bonds encompassed in the category of 'Challenged Bonds' as defined in the complaints filed in the Clawback Actions," which PBA Bonds are the Invalid PBA Bonds subject to this PBA Claim Objection. However, the defendants in the Clawback Actions are not necessarily the **current** holders of Invalid PBA Bonds that have filed proofs of claim against the Commonwealth in the Commonwealth's Title III case.

6. The Committee is filing this PBA Claim Objection so that, for the sake of consistency and completeness, an objection has been filed with respect to the current holders of Invalid PBA Bonds.

7. To the extent possible, and to avoid repetition, this PBA Claim Objection incorporates by reference paragraphs from the Omnibus GO Claim Objection, which, as incorporated, are hereby amended as necessary to refer to the Committee only rather than the Objectors and to refer to the Invalid PBA Bonds and the Invalid GO Bonds (as defined therein) where appropriate.

## BACKGROUND

8. Paragraphs 12-16 and 39-55 of the Omnibus GO Claim Objection are incorporated by reference.

9. The Invalid PBA Bonds were issued as follows:

10. On August 24, 2011, the PBA issued $756,449,000 in aggregate principal amount of Commonwealth-guaranteed Government Facilities Revenue Bonds, Series R (Qualified

3

School Construction Bonds – Issuer Subsidy) (the "Series R Bonds"). Official Statement, dated August 10, 2011, for Series R Bonds (the "Series R Official Statement"), at cover page, Exhibit 1.[5]

11. On August 24, 2011, the PBA issued $303,945,000 in aggregate principal amount of Commonwealth-guaranteed Government Facilities Revenue Bonds, Series S (the "Series S Bonds"). Official Statement, dated August 10, 2011, for Series S Bonds (the "Series S Official Statement"), at cover page, Exhibit 2.

12. On December 22, 2011, the PBA issued $121,528,000 in aggregate principal amount of Commonwealth-guaranteed Government Facilities Revenue Bonds, Series T (Qualified Zone Academy Bonds – Direct Payment) (the "Series T Bonds"). Official Statement, dated December 19, 2011, for Series T Bonds (the "Series T Official Statement"), at cover page, Exhibit 3.

13. On June 21, 2012, the PBA issued $582,345,000 in aggregate principal amount of Commonwealth-guaranteed Government Facilities Revenue Refunding Bonds, Series U (the "Series U Bonds"). Official Statement, dated June 8, 2012, for Series U Bonds (the "Series U Official Statement"), at cover page, Exhibit 4.

## JURISDICTION AND STATUTORY PREDICATE

14. The Court has jurisdiction over this PBA Claim Objection pursuant to section 306(a) of PROMESA. Venue is proper in this district pursuant to section 307(a) of PROMESA.

---

[5] All citations to numbered exhibits in this PBA Claim Objection are exhibits to the *Declaration of James R. Bliss in Support of Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted Against Commonwealth by Holders of Certain Public Buildings Authority Bonds.*

4

15. The statutory predicate for the relief sought herein is section 502 of the Bankruptcy Code, as incorporated by section 301(a) of PROMESA, and Bankruptcy Rule 3007, as incorporated by section 310 of PROMESA.

16. The Committee is a "party in interest" pursuant to section 1109(b) of the Bankruptcy Code, as incorporated by section 301(a) of PROMESA. *See In re Fin. Oversight & Mgmt. Bd.,* 297 F. Supp. 3d 261, 264 (D.P.R. 2017) ("Pursuant to 11 U.S.C. § 1109(b), a provision of the Bankruptcy Code that was expressly incorporated by PROMESA, '[a] party in interest, including . . . a creditors' committee . . . may raise and may appear and be heard on any issue in a case under this chapter.'").

## RELIEF REQUESTED

17. The Committee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, disallowing all claims based on Invalid PBA Bonds.

## BASIS FOR RELIEF

18. All claims based on Invalid PBA Bonds should be disallowed because the Invalid PBA Bonds were issued in violation of the Debt Service Limit (as defined in the Omnibus GO Claim Objection) and, therefore, the bonds are null and void and holders have no remedy with respect to such bonds.

19. For the reasons set forth in paragraphs 61 and 65-86 of the Omnibus GO Claim Objection, which are incorporated by reference, debt service on the PBA Bonds (as defined in the Omnibus GO Claim Objection) should have been included in the calculation of the Debt Service Limit. There can be no dispute that, if debt service on the PBA Bonds is included in the calculation, the Debt Service Limit was exceeded with the issuance of the Series 2011 C GO Bonds on March 17, 2011.

20. The Commonwealth's average internal revenues for the prior two fiscal years

5

(2009 and 2010) was $7.3205 billion. With the issuance of the 2011 C GO Bonds, the maximum debt service in any fiscal year (including PBA Bond debt service) was $1.1092 billion in 2012 (inclusive of $10.5 million of Commonwealth guaranteed debt payments made in fiscal year 2010), which is more than 15% (15.2% to be precise) of the Commonwealth's average internal revenues for the prior two fiscal years.[6] 2011 C Official Statement at 21-22, Exhibit 5; Official Statement, dated October 16, 2009, for Puerto Rico Public Buildings Authority Government Facilities Revenue Refunding Bonds, Series Q, at 25, Exhibit 6. The Commonwealth and the PBA proceeded to issue another $8.6 billion in bonds over the next three years, all of which also violated the Debt Service Limit.[7]

21. For the reasons set forth in paragraphs 99-128 of the Omnibus GO Claim Objection, which are incorporated by reference except insofar as they refer to the Balanced Budget Clause (as defined therein), holders of Invalid PBA Bonds have no equitable remedy with respect to such bonds and no remedy under Article 8 of the Uniform Commercial Code (adopted in Puerto Rico as Article 8 of the Commercial Transactions Act).

## **NOTICE**

22. Notice of this PBA Claim Objection has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Puerto Rico; (iii) the Puerto Rico Fiscal Agency and Financial Advisory Authority;

---

[6] This calculation is conservative and understates the degree of violation in that it uses the Commonwealth's "Pro Forma Debt Service" schedule, which assumed (without any agreements being in place) that bullet principal payments would be refinanced and spread out over time. Using the Commonwealth's "Total Debt Service" schedule, which reflects the actual debt service schedule for the bonds, yields a larger percentage and thus a greater violation of the Debt Service Limit.

[7] The Puerto Rico Constitution (Article VI, Section 2) also prohibits the Commonwealth from guaranteeing any bonds if the Debt Service Limit has been exceeded. Accordingly, the Commonwealth's guaranties of the Invalid PBA Bonds are invalid even if they could be valid notwithstanding the invalidity of the bonds (which they could not).

6

(iv) the Official Committee of Retirees; (v) the insurers of the bonds issued or guaranteed by the Debtors; (vi) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; (vii) the holders of Invalid PBA Bonds identified on Appendix I hereto;[8] (viii) U.S. Bank Trust National Association and U.S. Bank National Association, as Fiscal Agent for the PBA Bonds; and (ix) all parties that have filed a notice of appearance in the above-captioned Title III cases.

[*Remainder of page intentionally left blank.*]

---

[8] According to the claims registry maintained by Prime Clerk, more than 4,000 proofs of claim have been filed asserting bond-based claims against the Commonwealth. Given the sheer volume of such claims, the Committee limited its review to proofs of claim alleging over $10 million of bond debt and included in Appendix I claims over $10 million based on Invalid PBA Bonds.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: July 18, 2019

*/s/ Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*

- and -

*/s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Aneses Negron, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787)523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*