UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- X
:
In re:  :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
:
Debtors.[1] :
---------------------------------------------------------------------- X Re: ECF No. 7882

## OMNIBUS REPLY IN SUPPORT OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO'S MOTION FOR STAY OF ADVERSARY PROCEEDING

To the Honorable United States District Judge Laura Taylor Swain and the Honorable United States Magistrate Judge Judith G. Dein:

    The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through its Special Claims Committee (the "Special Claims Committee"), respectfully submits this reply (the "Reply") in further support of its *Urgent Motion for Stay of Adversary Proceeding Supplemental to Pending Motion to Stay GO Bond Proceedings Pending Confirmation of Commonwealth Plan of Adjustment*, ECF No. 7882 ("Motion"), and in response to the Objections filed by the Creditors' Committee (ECF No. 8062), Adversary Defendants

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and  (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

(ECF No. 8028), and Ambach Assurance Corporation ("Ambach")[2] (ECF No. 8082) (collectively, "Objectors"). The Special Claims Committee also incorporates herein by reference the arguments made in its *Omnibus Reply in Support of the Financial Oversight and Management Board of Puerto Rico's Motion to Stay Contested Matters*, ECF No. 8057, and further respectfully represents as follows:[3]

## INTRODUCTION

1. Referencing the Adversary Proceeding Complaint naming them as defendants, the Adversary Defendants assert that the bond validity issue is "patently fundamental to the Complaint." ECF No. 8028 at ¶ 3. They also assert, without basis, that the multitudes of bondholders that will be litigating in the Bond Litigation cannot represent their purportedly "unique interests" as underwriters. On this slender pretext, the Adversary Defendants – even though they do not claim to own a single Challenged Bond or to be bound by the outcome of the Bond Litigation as a matter of issue preclusion, ask for uncircumscribed participation in the Bond Litigation including full participation in briefing, argument, fact and expert evidence and preservation of appellate rights.

2. Despite the implicit assertion that their liability in the Adversary Proceeding may ultimately turn on the validity of the Challenged Bonds, the Adversary Defendants also oppose a stay of the Adversary Proceeding while that validity is litigated. On the one hand, the Adversary Defendants assert that the bond validity challenge is 'patently fundamental' to the Adversary Proceeding. On the other hand, the Adversary Defendants purport to have distinct dispositive defenses they can assert immediately, before any issues are resolved in the Bond Litigation. The

---

[2] Ambach's Objection was not timely filed pursuant to the applicable deadline established by the Court by the Order entered at ECF No. 7914.
[3] Capitalized terms herein shall have the meaning ascribed to them in the Motion unless otherwise noted.

2

Adversary Defendants disregard the possibility that the Bond Litigation, and the multitude of issues embodied within that litigation, may themselves bear upon any purported defenses they may assert as underwriters of the Challenged Bonds.

3. Rather, the Adversary Defendants assert, in opposition to stay, that they are entitled to defend themselves "as quickly as possible" and claim prejudice from delay because some of the claims asserted against them derive from transactions that occurred several years ago. The Adversary Defendants' claims as to prejudice from the Stay sought by the Special Claims Committee are plainly contrived. Simply stated, the Adversary Defendants seek to litigate similar issues, in multiple proceedings, at the same time.

4. Furthermore, the Adversary Defendants fail to acknowledge that their participation should be conditioned on their being bound by the determinations in the Bond Litigation. Nowhere in their Objection do they disclaim the right to litigate bond validity twice: once in the Bond Litigation and, if unsuccessful, again in the Adversary Proceeding. The Adversary Defendants make plain that it is their hope to maximize the number of bites at the dismissal apple.

5. The Special Claims Committee respectfully requests that the Court exercise its discretion to curtail the unnecessary, cost-consuming proliferation of litigation urged by these objectors pending the requested stay. In the event the Court declines to grant a stay, the Special Claims Committee respectfully urges that it should at the same time deny or defer issuing an order that would permit the Adversary Defendants to intervene in the Bond Litigation. Conversely, if the Adversary Defendants can participate in the Bond Litigation, the Special Claims Committee respectfully asserts that the Adversary Proceeding should be stayed.

6. For foregoing reasons set forth in this Reply, and as further set forth in the Motion, the Court should grant this Motion for a Supplemental Stay by the Special Claims Committee.

## ARGUMENT

7. The Objectors argue that the Special Claims Committee has not met its burden on the Stay Motion because the Objectors would be prejudiced by the proposed stay. In so arguing, the Objectors mischaracterize the Special Claims Committee's burden as being "heavy" and "extraordinary." It is not.

8. The movant does indeed carry a heavy burden only "if there is a danger that the stay will damage the other party." *See Austin v. Unarco Indus., Inc.*, 705 F.2d 1, 5 (1st Cir. 1983) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). The burden is "heavy" and "extraordinary" when a party seeks to postpone litigation to gain a strategic advantage, but not when a plaintiff seeks a stay simply to consolidate relief and settlement opportunities with numerous interested parties. *See Microfinancial,* 385 F.3d at 78; *Austin*, 705 F.2d at 5; *Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509, 513 (S.D.N.Y. 2017). Plaintiffs seek no strategic advantage here, and instead seek a stay of the Adversary Proceeding to avoid unnecessary litigation and consumption of resources.

   I. **The Adversary Defendants Are Not Prejudiced By a Stay of the Adversary Complaint.**

9. A stay of the Adversary Proceeding will avoid the risk of premature litigation with the Adversary Defendants. The validity of the Challenged Bonds is an issue in the Adversary Proceeding. A resolution of the bond validity issue prior to further litigation of the Adversary Proceeding has the potential to streamline the issues in that litigation.

10. However, if the Adversary Defendants are permitted to participate in the Bond Litigation on the ground that underwriters are "entitled to represent their own unique interests" in the Bond Litigation, they should not also be allowed to concurrently proceed with dispositive motions that they claim could be dispositive of the Adversary Proceeding. The litigation on two fronts proposed by the Adversary Defendants (*i.e.*, litigating issues purportedly unrelated to the bond validity issues in the Adversary Proceeding, while also litigating the 'fundamental' bond validity issues in the Bond Litigation) will undoubtedly cause undue hardship and expense to all parties. Forcing a party to litigate the same issue concurrently is a cognizable form of hardship for that party and for the courts. That fact underlies the Motion in its entirety, as well as the Special Claim Committee's willingness to have the Adversary Defendants participate—to an appropriate extent—in the Bond Litigation. The bond validity should be litigated—once and for all—in the Bond Litigation. Once that happens, the Adversary Proceeding can continue with that resolution serving as issue preclusion or *res judicata*.

## II. **The Creditors' Committee Is Also Not Prejudiced.**

11. Contrary to the Creditors' Committee's assertions, the proposed stay does not prejudice it. This is not "kicking the can down the road," but instead litigating and resolving a common legal issue in the appropriate proceeding with all appropriate parties participating. Litigating this common issue first in an efficient manner will resolve various threshold issues underlying the complaint in the Adversary Proceeding, and will narrow the theories or defenses asserted by all parties in the Adversary Proceeding. That, in turn, will allow for a more efficient litigation of the Adversary Proceeding.

12. The Creditors' Committee recognizes "the potential value in an initial determination of the limited issues related to the Commonwealth's constitutional debt service limit." ECF No. 8062 at ¶ 14. This is precisely what the Special Claims Committee is seeking to

5

do, and the Motion should be granted for this reason alone. Once the bond validity issue is resolved, the Adversary Proceeding can commence with a significant gate-keeping issue decided.

## CONCLUSION

13. For the foregoing reasons, the Special Claims Committee respectfully requests that this Court grant the relief requested in the Motion.

Dated: July 19, 2019

*/s/ Edward S. Weisfelner, Esq.*
**BROWN RUDNICK LLP**
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and*
*Management Board, acting through the*
*members of the Special Claims Committee*

and

*/s/ Alberto Estrella, Esq.*
**ESTRELLA, LLC**
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight*
*and Management Board, acting through the*
*members of the Special Claims Committee*

63455727 v4