UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- x
   :
In re:   :
   :
THE FINANCIAL OVERSIGHT AND   : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,   : Title III
   :
   as representative of   : Case No. 17-BK-3283 (LTS)
   :
THE COMMONWEALTH OF PUERTO RICO *et al.,*   : (Jointly Administered)
   :
   Debtors.[1]   :
------------------------------------------------------------------------- x

ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF JOSÉ F.
CARTAYA-MORALES, AS LOCAL CONFLICTS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO BANKRUPTCY
CODE SECTION 1103(a) AND LOCAL RULE 2014-1, EFFECTIVE AS OF MAY 30, 2019

Upon consideration of the application (the "Application")[2] of the Official Committee of

Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") appointed in

the above-captioned cases for an order pursuant to section 1103(a) of the Bankruptcy Code and

Local Rule 2014-1(e) authorizing the retention and employment of José F. Cartaya-Morales

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number are listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID:  3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID:  8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

[2]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

("Cartaya-Morales"), effective as of May 30, 2019, as local Puerto Rico conflicts counsel to the Committee in connection with the Adversary Conflicts Cases (as defined in the Application); and upon the Cartaya-Morales Declaration and the Committee Declaration in support thereof; the Court hereby **FINDS AND DETERMINES** that (i) the Court has jurisdiction to consider the Application and the relief requested therein pursuant to section 306(a) of PROMESA; (ii) venue is proper before this Court pursuant to section 307(a) of PROMESA; (iii) due and proper notice of the Application has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the representations made in the Application and the Cartaya-Morales Declaration, Cartaya-Morales represents no interest that is adverse to the Committee with respect to the matters on which the firm is to be engaged; that the firm is a disinterested person as that term is defined under section 101(14) of the Bankruptcy Code made applicable pursuant to section 301(a) of PROMESA; and that the firm's employment is necessary and in the best interests of the Committee and its members; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT:**

1.      The Application is granted and approved.

2.      In accordance with section 1103(a) of the Bankruptcy Code made applicable to the Title III Cases pursuant to section 301(a) of PROMESA, the Committee is authorized to employ and retain Cartaya-Morales as its local Puerto Rico conflicts counsel in connection with the Adversary Conflicts Cases and on the terms set forth in the Application, the Cartaya-Morales Declaration, and the Committee Declaration, effective as of May 30, 2019. Cartaya-Morales will charge its regular hourly rates in effect from time to time; as such rates may be increased periodically, annually or otherwise.

3.      Cartaya-Morales shall be entitled to allowance of compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to sections 316 and 317 of PROMESA, the applicable Bankruptcy Rules, the Local Rules of this Court, and such orders as the Court may direct.  Pursuant to section 503(b)(1) of the Bankruptcy Code, made applicable by section 301(a) of PROMESA, the fees and expenses of Cartaya-Morales under this Order shall be an administrative expense.

4.      The Commonwealth (and the other Title III Debtors for which the Committee acts as the official committee of unsecured creditors) shall be solely responsible for such compensation and reimbursement of expenses and have consented to pay Cartaya-Morales' fees and expenses as provided in any interim compensation order, and any such payments shall not be impacted by the application of any withholding or other applicable taxes.  To the extent section 305 of PROMESA applies, the Oversight Board has consented to the Commonwealth's (and the other Title III Debtors for which the Committee acts as the Official Committee of Unsecured Creditors) payment as provided in this Order.  The retention of Cartaya-Morales, as local Puerto Rico conflicts counsel to the Committee, shall be deemed to apply to the representation of the Committee if enlarged to include unsecured creditors of other debtors, without the need to obtain a modification of this Order.

5.      Cartaya-Morales shall indicate in its periodic fee statements whether there has been any increase in the rates set forth in the Application.  Under no circumstances shall the Committee members be responsible for payment of Cartaya-Morales' fees and expenses.

6.      The Committee and Cartaya-Morales are authorized and empowered to take all necessary actions to implement the relief granted in this Order.

7.      This Court shall retain jurisdiction with respect to all matters arising from or related

to this Order or Cartaya-Morales' services for the Committee.  The terms and conditions of this

Order shall be immediately effective and enforceable upon its entry.

       8.       This Order resolves Docket Entry No. 7432 in Case No. 17-3283.


      SO ORDERED.

Dated: July 19, 2019

                              /s/ Laura Taylor Swain
                            LAURA TAYLOR SWAIN
                            United States District Judge