# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| AMBAC ASSURANCE CORPORATION<br><br>    Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Respondent. | Case No. 17-BK-4780-LTS<br><br>**Re: ECF No. 7176** |

**THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO'S OBJECTION AND REQUEST TO STRIKE THE "LIMITED JOINDER OF ASSURED**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (*i*) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (*ii*) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (*iii*) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (*iv*) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (*v*) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**GUARANTY CORP. AND ASSURED GUARANTY MUNICIPAL CORP. WITH RESPECT TO AMBAC ASSURANCE CORPORATION'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION CONCERNING APPLICATION OF THE AUTOMATIC STAY TO THE REVENUES SECURING PRIFA RUM TAX BONDS TO AMBAC ASSURANCE CORPORATION'S MOTION" [ECF No. 8024]**

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), as sole representative of Debtor and Respondent the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] respectfully submits this objection and request to strike the *Limited Joinder of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. with Respect to Ambac Assurance Corporation's Motion and Memorandum of Law in Support of Its Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds to Ambac Assurance Corporation's Motion* [ECF No. 8024] (the "Assured Joinder") filed by Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively "Assured") on July 16, 2019.

As set forth below, the Court should strike the Assured Joinder as untimely and unauthorized, and because it would be inequitable and prejudicial to the Oversight Board for the Court to consider the Assured Joinder in determining the Motion. First, the Case Management Procedures do not permit a party to file a joinder to a motion *after* the respondent has filed an opposition—which is what Assured did here. Second, Assured did not seek or obtain leave of Court to file a late joinder or reply. Assured's filing of an unauthorized 15-page reply styled as a joinder is particularly egregious because it was filed in addition to the 30-page reply jointly filed by Assured and Financial Guaranty Insurance Company ("FGIC") allowed by the Court's July 2, 2019 Order [ECF No. 7806]. Third, it would be fundamentally unfair and prejudicial to the Oversight Board to allow Assured to lie in wait until after the Oversight Board had filed its Opposition and consented to Ambac and FGIC filing a 30-page reply, and then file a 15-page reply as a "joinder."

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

1

## FACTUAL BACKGROUND

1. On May 30, 2019, Movant Ambac Assurance Corporation ("Ambac") filed its *Motion and Memorandum of Law in Support of Its Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7176] (the "Motion"). The Motion seeks an order either (1) finding the automatic stay does not apply to certain actions it wishes to continue related to Puerto Rico Infrastructure Financing Authority ("PRIFA") bonds, or, in the alternative, (2) (a) lifting the automatic stay allowing Ambac to pursue those actions, or (b) ordering the Commonwealth to provide adequate protection payments.

2. On June 4, 2019, the Court set a briefing schedule for Ambac's Motion and ordered oral argument as part of the July Omnibus Hearing in San Juan on July 24, 2019. [ECF No. 7215]. The Court set a 4:00 p.m. AST on July 3, 2019 deadline for responses to the Motion, and a 4:00 p.m. AST on July 16, 2019 deadline for replies.

3. On June 21, 2019, FGIC filed a *Joinder in Ambac's Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7546] (the "FGIC Joinder"). The FGIC Joinder asserted additional facts, and raised new issues—including arguments that go to the threshold standing issues raised in the Oversight Board's Motion to Dismiss—not present in the Motion filed by Ambac 22 days earlier.

4. On July 1, 2019, the Oversight Board filed an Urgent Motion for leave to file a single combined response of no more than 55 pages in opposition to the Motion and the FGIC Joinder [ECF No. 7769]. Ambac opposed the Urgent Motion [ECF No. 7785], and requested that, if the Urgent Motion were granted, Ambac be given leave to file a reply of up to 30 pages (which request was not opposed by the Oversight Board). The Court's July 2, 2019 Order [ECF No. 7806] granted the Oversight Board's Urgent Motion, authorized the Oversight Board to file an omnibus opposition to

the Ambac Motion and the FGIC Joinder of no more than 55 pages, and authorized Ambac to file a reply of no more than 30 pages.

5. Assured, unlike FGIC, did not join the Motion *before* the July 3, 2019 deadline for the Oversight Board's response. Instead, on July 3, 2019, Assured filed a document entitled *Reservation of Rights of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. With Respect to Ambac Assurance Corporation's Motion and Memorandum of Law in Support of its Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7824] (the "Reservation of Rights"). The Reservation of Rights expressly disclaimed that Assured was joining the Motion, and represented Assured "takes no position at this time as to the Motion." *Id.* ¶ 3. Assured purported to "reserve[] its right to respond to any of the arguments made in pleadings that are filed in response to the Motion" and "join in either the Motion or any response filed by any other parties." *Id.* ¶¶ 3-4. As discussed below, the Reservation of Rights was a nullity because, as of July 3, 2019, Assured did not have any "right" to join in the Motion Assured could "reserve."

6. The Oversight Board filed its Opposition to the Motion and FGIC Joinder on July 3, 2019 [ECF No. 7827] (the "Opposition").

7. On June 16, 2019, Ambac and FGIC jointly filed their 30-page Reply in support of the Motion [ECF No. 8022]. Immediately thereafter, Assured filed the Assured Joinder. The 15-page Assured Joinder purports to join the Motion and reply to the Opposition—thereby increasing to an aggregate 45 pages the replies to the Opposition—without notice to the Oversight Board or permission of the Court.

## THE COURT SHOULD STRIKE THE ASSURED JOINDER

8. The Oversight Board respectfully submits the Court should strike the Assured Joinder because (i) the Assured Joinder is untimely, (ii) the Assured Joinder is unauthorized, (iii) it would be inequitable and prejudicial to the Oversight Board if the Assured Joinder were considered.

9. First, the Court should strike the Assured Joinder as untimely. The operative Case Management Procedures[2] provide at Section III K that:

> The deadline to file Replies, joinders to an Objection, or any Statement shall be (i) for all parties other than the Debtors and any statutory committee, 4:00 p.m. (Atlantic Standard Time) on the date that is eight (8) calendar days before the applicable hearing date, (ii) for the Debtors and any statutory committee, 4:00 p.m. (Atlantic Standard Time) on the date that is seven (7) calendar days before the applicable hearing date, or (iii) any date and time otherwise ordered by the Court.

10. The plain language of Section III K permits the filing of joinders to "an Objection" no later than eight calendar days prior to a hearing. Section I B of the Case Management Procedures defines an "Objection" as "objections or responses to the Pleadings." "Pleadings," in turn, are defined as "all notices, motions, applications, other requests for relief, all briefs, memoranda, affidavits, declarations, and other documents filed in support of such papers seeking relief." *Id*. Section I B. Section II K and the Case Management Procedures do not authorize a party to do what Assured did here: wait until after the Oversight Board filed its Opposition (i.e. its Objection) to the Motion and then file a joinder to the Motion in the form of a 15-page reply brief.

11. The filing of the Reservation of Rights is of no help to Assured because, at the time the Reservation of Rights was filed (July 3, 2019), it already was too late for Assured to file a joinder in the Motion, and Assured had no "rights" to "reserve." If anything, the Reservation of Rights, when read together with the Assured Joinder, underscores that Assured was lying in wait and plotting to file a surprise reply brief styled as a joinder along. It is inconceivable Assured did not know in early June 2019 it was aligned with Ambac and FGIC with respect to the Motion. As this Court will recall, the Oversight Board previewed its standing and other arguments related to the Motion in the context of the Oversight Board's opposition to Ambac's efforts to conduct pre-hearing discovery and

---

[2] The operative procedures are contained in the Tenth Amended Notice, Case Management and Administrative Procedures dated July 16, 2019 (ECF No. 8027). Section III K is unchanged from the Ninth Amended Notice, Case Management and Administrative Procedures.

4

have an evidentiary hearing before addressing threshold legal issues, and the Oversight Board's urgent motion to dismiss the Motion based on Ambac's lack of standing and the Trust Agreement's no-action clause. *See, e.g.*, ECF No. 7191 filed June 3, 2019, ECF No. 7212 filed June 4, 2019, ECF Nos. 7262 and 7263 filed June 6, 2019, and ECF No. 7313 filed June 7, 2019.

12. Second, the Court should strike the Assured Joinder as unauthorized. Assured filed the Assured Joinder in contravention of the Case Management Procedures. Assured not only failed to seek or obtain leave of Court to file the Assured Joinder, but Assured waited until after the Court authorized (without opposition by the Oversight Board) Ambac and FGIC to file a 30-page reply brief before surfacing and filing an additional 15-page reply in joinder clothing. The Court was not asked to authorize, and did not authorize, the filing of a cumulative 45 pages in reply to the Opposition.

13. Third, the Court should strike the Assured Joinder because considering it would be fundamentally unfair and prejudicial to the Oversight Board. Although FGIC waited 22 days before filing the FGIC Joinder, FGIC: (i) filed its papers sufficiently far in advance to enable the Oversight Board to evaluate FGIC's factual statement and legal argument and obtain leave of Court to file an oversized omnibus opposition to both the Motion and the FGIC Joinder; and (ii) filed a joint reply with Ambac.

14. By contrast, Assured waited until after the Oversight Board had filed its Opposition and consented to Ambac and FGIC filing a 30-page reply, before surfacing to file an additional 15-page reply as a purported "joinder"—thereby denying the Oversight Board an opportunity to object to a cumulative 45 pages in replies and to respond to Assured's arguments.

5

## **CONCLUSION**

For the reasons set forth herein, the Commonwealth respectfully requests that the Court strike the Assured Joinder in its entirety.

[*Remainder of page intentionally left blank.*]

Dated: July 19, 2019

San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer* _____
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Daniel S. Desatnik (*pro hac vice pending*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: sratner@proskauer.com
Email: tmungovan@proskauer.com
Email: ebarak@proskauer.com

Michael A. Firestein (*pro hac vice*)
Lary Alan Rappaport (*pro hac vice*)
PROSKAUER ROSE LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
lrappaport@proskauer.com

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico*

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer

8