**Exhibit B**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------- X
                                          :
In re:                                    :
                                          :
THE FINANCIAL OVERSIGHT AND               :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,         :    Title III
                                          :
        as representative of              :    Case No. 17-BK-3283 (LTS)
                                          :
THE COMMONWEALTH OF PUERTO RICO et al.,   :    (Jointly Administered)
                                          :
        Debtors.¹                         :
------------------------------------------------------------------- X
                                          :
In re:                                    :
                                          :
THE FINANCIAL OVERSIGHT AND               :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,         :    Title III
                                          :
        as representative of              :    Case No. 17-BK-3566 (LTS)
                                          :
THE EMPLOYEES RETIREMENT SYSTEM OF THE    :
GOVERNMENT OF THE COMMONWEALTH OF         :
PUERTO RICO,                              :
                                          :
        Debtor.                           :
------------------------------------------------------------------- X
```

**ORDER ESTABLISHING INITIAL PROCEDURES WITH RESPECT TO OBJECTIONS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND OFFICIAL COMMITTEE OF RETIRED EMPLOYEES, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007 TO CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF COMMONWEALTH OF PUERTO RICO**

---

¹ The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon consideration of the ~~Motion of the Retiree Committee Establishing Initial Procedures With Respect to Objections~~*Motions* of the Official Committee of Unsecured Creditors and Official Committee of ~~Retried~~*Retired* Employees, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule ~~3007~~*3007, Seeking Approval of Initial Procedures With Respect to Objections* to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico (the "~~Motion~~*Motions*")[2], and the exhibits attached thereto, and the Court having found and determined that (i) the Court has jurisdiction to consider the ~~Motion~~*Motions* and the relief requested therein pursuant to section 502 of the Bankruptcy Code as incorporated by section 301 of PROMESA and Bankruptcy Rule 3007, as incorporated by section 310 of PROMESA; (ii) venue is proper before this Court pursuant to PROMESA section 307(a); (iii) due and proper notice of this Motion has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the statements and arguments made in the Motion, the relief requested in the Motion is in the best interest of ERS, the Commonwealth and their creditors; (v) ~~any~~*the* objection *filed* to the ~~relief request in the Motion have been withdrawn or overruled~~*Retiree Committee's Motion by certain ERS Bondholders having been resolved*; and (vi) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Accordingly, it is hereby ORDERED THAT:

1. The relief ~~request~~*requested* in the Motion is GRANTED to the extent set forth herein.

2. The ~~UCC~~*Committee* and Retiree Committee are authorized to proceed under Bankruptcy Rule 3007(c), as incorporated by section 310 of PROMESA, with their ~~Objection~~*Objections* to the ERS Bonds on an omnibus basis; and the filing of the Objections shall not limit the ability of the ~~UCC~~*Committee*, the Retiree Committee, or any other party in

---

[2] Capitalized terms not herein defines shall have the meanings ascribed to them in the ~~Motion~~*Motions*.

interest, ~~to subsequently object to the ERS Bonds on grounds other than those set forth in the~~ ~~Objections, and all other claims, counterclaims and defenses are hereby preserved.~~ <u>from objecting to any other claim asserted by the ERS Bondholder unrelated to the ERS Bonds.</u>

3.     The Objection Notice, Objection Procedures and form of Notice of Participation, attached hereto as **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** respectively (collectively, the "<u>Objection Procedure Documents</u>"), are hereby approved. The Objection Procedures are deemed to have been incorporated herein.

4.     The Objectors shall cause Prime Clerk, within five (5) days of entry of this Order, to serve copies of the Objection Procedure Documents upon all ~~individual~~<u>individuals</u> and entities who filed proofs of claim that are ~~reflect~~<u>reflected</u> on Prime Clerk's database as "bond claims" against ERS.

5.     The Objectors shall cause Prime Clerk, immediately upon entry of this Order, to commence service of the Objection Procedure Documents upon all individuals and entities who are beneficial holders of the ERS Bonds in the manner described in the *Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection Notice Upon Beneficial Holders of Challenged GO Bonds*, annexed as Exhibit A to the *Informative Motion of (I) Financial Oversight and Management Board, Acting Through the Special Claims Committee, and (II) The Official Committee of Unsecured Creditors Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of Challenged GO Bonds* [Dkt. 5049] submitted in connection with the objection to the Challenged GO Bonds.

6.     The Objectors shall cause the publication of a notice, substantially in the form of the Objection Notice once in (a) *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico), (b) *Caribbean Business* in English (primary circulation in Puerto Rico), (c) *El Diario* and *El*

*Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d)
*The Bond Buyer*, and (e) on the municipal bond website EMMA, https://emma.msrb.org/Home,
each except for Caribbean Business within five (5) business days of the entry of this Order, and
with respect to Caribbean Business, within fourteen (14) days of the entry of this Order, which
publication notice shall be deemed, good, adequate and sufficient publication notice of the
Objection and the Objection Procedures.

7.     DTC shall give notice to its Participants of the Objection Procedure Documents
by posting a copy of said Objection Procedure Documents to its Legal Notification System in
accordance with DTC's Rules and customary procedures within five (5) days of the entry of this
Order.

8.     The terms of and conditions of this Order shall be immediately effective and
enforceable upon its entry.

9.     This Court retains jurisdiction with respect to all matters arising from or related to
the implementation of this Order.

Dated: July_____, 2019

_____
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

**Exhibit 1**

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [DATE THAT IS SIXTY DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ------------------------------------------------------------------ | X | |
| | : | |
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : : | PROMESA Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
| | : | |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | |
| ------------------------------------------------------------------ | X | |
| | : | |
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : : | PROMESA Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3566 (LTS) |
| | : | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | : : : | |
| | : | |
| Debtor. | : | |
| ------------------------------------------------------------------ | X | |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*THIS NOTICE REQUIRES ACTION ON OR BEFORE [DATE THAT IS SIXTY DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]*

**NOTICE OF OBJECTIONS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND OFFICIAL COMMITTEE OF RETIRED EMPLOYEES, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF COMMONWEALTH OF PUERTO RICO**

You are receiving this notice because you have been identified as holding one or more of the bonds issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico in 2008 (the "ERS Bonds").

Please note that (i) the Official Committee of Unsecured Creditors (the "UCCCommittee") has filed objections, each dated March 12, 2019 [Case No. 17-bk-3566, Dkt Nos. 381 and 384] (together, the "UCCCommittee Objections"), to claims asserted by holders of ERS Bonds; and (ii) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee" and together with the UCCCommittee, the "Objectors") has filed objections (the "Retiree Committee Objections", and tougher with the UCCCommittee Objections, the "Objections"), dated April 23, 2019 to claims asserted by holders of ERS Bonds [Case No. 17-3283; Docket No. 6482; Case No. 17-bk-3566, Dkt. 469].  The full text of the Objections may be found on the Internet by using the following links: [Prime Clerk links]link: https://cases.primeclerk.com/puertorico/Home-DocketInfo

These Objections seek to disallow and invalidate claims on account of ERS Bonds ("ERS Bond Claims").  **Subject to applicable appellate rights, if and to the extent the Court grants the Objections in whole or in part, holders of ERS Bond Claims' recovery on account of the ERS Bonds will be eliminated in whole or in part, and such holders will be forever barred from asserting such claims against ERS and the Commonwealth, from voting on any plan of adjustment filed in in ERS's or the Commonwealth's Title III Cases, and from participating in any distribution in ERS's or the Commonwealth's Title III Cases on account of such ERS Bond Claims.  Thus the Objections may affect your rights. As explained in the next paragraph, you have the right to file a Notice of Participation if you wish to respond to the Objections. The Notice of Participation must be filed by [INSERT DATE THAT IS 60 DAYS AFTER ENTRY OF ORDER GRANTING PROCEDURES MOTION] (the "Participation Deadline").**

Please note further, that on _____, the District Court granted the Retiree Committee's motion for approval ofapproved certain procedures with respect to such Objections (the "Objection Procedures").  If you intend to respond to the Objections or participate in the litigation in any way, you must follow the Objection Procedures which require, among other things, that you file with the District Court and serve by email a Notice of Participation by the Participation Deadline. A form Notice of Participation is provided herewith. **Instructions for filing the Notice of Participation with the District Court, including for those persons who are not represented by counsel are set forth at the bottom of the form of Notice of Participation.**

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [DATE THAT IS SIXTY DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

**       If you provide an email address on your Notice of Participation, you will receive automatic email notifications when documents relevant to the Objection are posted to: [website URL] (the "ERS Objection Website").  If you do not provide an email address in your Notice of Participation, you will not receive such automatic notifications and will need to visit the ERS Objection Website in order to view notifications and other pertinent documents.**

For those parties who filed with the District Court and served by email Notices of Participation to the Notice Parties at the addresses set forth in paragraph 8 of the Objection Procedures by the Participation Deadline, no substantive response to the Objections need be filed until a date set forth in any subsequent scheduling order entered by the District Court.

Requests for Spanish-language versions of the Notice, Objection Procedures and Notice of Participation form and any questions regarding this notice should be sent in writing to:

> Paul Hastings LLP
> 200 Park Avenue
> New York, NY 10166
> Attn:  Douglass E. Barron ~~NoticeofParticipation@paulhastings.com~~
> NoticeofParticipation@paulhastings.com
> (212) 318-6690

**Estas Objeciones tienen el propósito de rechazar e invalidar las reclamaciones contra los Bonos SRE (las "Reclamaciones de los Bonos SRE"). ~~Si~~ Si y a la medida en que el Tribunal concede las Objeciones parcial o totalmente, sujeto a los derechos apelativos aplicables, quedará eliminada total o parcialmente la recuperación de estos Bonos SRE y se les prohibirá por siempre a dichos tenedores presentar tales reclamaciones en contra del SRE o el Estado Libre Asociado, votar en cualquier plan de ajuste presentado en ~~este Caso~~los Casos bajo el Título III del SRE o el Estado Libre Asociado y participar en cualquier distribución efectuada en ~~este Caso~~los Casos bajo el Título III del SRE o el Estado Libre Asociado a causa de dichas Reclamaciones de los Bonos SRE. Por tanto, las Objeciones pueden afectar sus derechos.  Usted tiene el derecho de presentar un Aviso de Participación si quiere responder a las Objeciones. El Aviso de Participación tiene que presentarse en o antes de [sesenta días después de la emisión de la orden].  Las partes que tengan preguntas o deseen recibir copia de este aviso, los Procedimientos de Objeción y el Aviso de Participación en español deben enviar una solicitud por escrito a NoticeofParticipation@paulhastings.com.**

The CUSIP numbers of the ~~bonds~~ERS Bonds affected by the Objections are:

| CUSIP |
|-------|
| 29216MAF |
| 29216MAA |
| 29216MAB |

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [DATE THAT IS SIXTY DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

| CUSIP |
|---|
| 29216MAG |
| 29216MAH |
| 29216MAJ |
| 29216MAC |
| 29216MAK |
| 29216MAL |
| 29216MAD |
| 29216MAM |
| 29216MAN |
| 29216MAP |
| 29216MAQ |
| 29216MAE |
| 29216MBA |
| 29216MBB |
| 29216MBC |
| 29216MBD |
| 29216MBE |
| 29216MBF |
| 29216MBG |
| 29216MBH |
| 29216MBJ |
| 29216MAT |
| 29216MAU |
| 29216MAV |
| 29216MAW |
| 29216MAX |
| 29216MAY |
| 29216MAZ |
| 29216MBL |
| 29216MBM |
| 29216MBN |
| 29216MBP |

**Exhibit 2**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

---------------------------------------------------------------- X

                         :

In re:                      :

                         :

THE FINANCIAL OVERSIGHT AND    :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,    :  Title III

                         :

       as representative of     :  Case No. 17-BK-3283 (LTS)

                         :

THE COMMONWEALTH OF PUERTO RICO *et al.,*    :  (Jointly Administered)

                         :

        Debtors.[1]       :

---------------------------------------------------------------- X

                         :

In re:                      :

                         :

THE FINANCIAL OVERSIGHT AND    :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,    :  Title III

                         :

       as representative of     :  Case No. 17-BK-3566 (LTS)

                         :

THE EMPLOYEES RETIREMENT SYSTEM OF THE    :
GOVERNMENT OF THE COMMONWEALTH OF    :
PUERTO RICO,    :

                         :

        Debtor.       :

---------------------------------------------------------------- X

**INITIAL PROCEDURES FOR RESOLVING OBJECTIONS
OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND OFFICIAL
COMMITTEE OF RETIRED EMPLOYEES, PURSUANT TO BANKRUPTCY CODE
SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS ASSERTED BY**

---

[1]  The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF
GOVERNMENT OF COMMONWEALTH OF PUERTO RICO**

[July __ 2019]

Pursuant to the Order (the "Order") of the United States District Court for the
District of Puerto Rico (the "District Court"), dated [July —, 2019], [Dkt. No.    ], the following
initial procedures will apply to the resolution of the objections filed by the Official Committee of
Unsecured Creditors (the "Committee"), each dated March 12, 2019 [Case No. 17-bk-3566, Dkt.
Nos. 381 and 384],2 and the objections filed by the Official Committee of Retired Employees of
the Commonwealth of Puerto Rico (the "Retiree Committee," and, together with the Committee,
the "Objectors") dated April 23, 2019 [Case No. 17-bk-3283, Dkt. 6482; Case No. 17-bk-3566,
Dkt. 469] to claims asserted by holders of bonds issued by the Employees Retirement System of
the Government of the Commonwealth of Puerto Rico (collectively, the "Objections").

The Objectors filed the Objections contending that all claims (the "ERS Bond
Claims") that have been or may be asserted against the Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("ERS") based on bonds issued by ERS in
2008 (the "ERS Bonds") are invalid.  The Retiree Committee's Objection also contends that all
ERS Bond Claims that have been or may be asserted against the Commonwealth are invalid.
These procedures apply to all ERS Bond Claims asserted against ERS and/or the
Commonwealth.  Holders of ERS Bonds are hereafter referred to as "ERS Bondholders."

1.      Exclusivity of Procedures

These procedures shall be the exclusive means to participate in the litigation
before the District Court ~~of issues relating to the disallowance of~~with respect to objections to
ERS Bond Claims against the ERS ~~and the Commonwealth on the grounds set forth in the
Objections~~or the Commonwealth. However, some of the issues raised in the Objections are the
subject of parallel adversary proceedings initiated in 2017 by certain ERS Bondholders. *See* Adv.
No. 17-ap-219-LTS in Case No. 17-bk-03283-LTS and Adv. No. 17-ap- 220-LTS in Case No.
17-bk-03566-LTS (collectively, the "ERS Adversary Proceedings"). Any and all briefing and
other filings made in connection with the overlapping issues (including Parts III-V of the Retiree
Committee's Objection) in the Objections may also be filed (with all relevant captions), for all
purposes, in the ERS Adversary Proceedings.  To the extent the issues raised in the Objections
become the subject of other claims objections, motions, or adversary proceedings involving the
ERS Bonds Claims, the participants in such contested matters or adversary proceedings shall
confer in good faith to determine whether some or all of the briefing and other filings made in
connection with the Objections shall also be filed and made, for all purposes, in such contested
matters or adversary proceedings.  For the avoidance of doubt, all Participants reserve their rights
with respect to whether certain matters should be stayed or held in abeyance in light of overlap
between the Objections and pending adversary proceedings involving ERS Bonds.

---

~~2   The full text of the Objections may be found on the Internet by using the following links:  [Prime Clerk links]~~

2

2.      Notice of Participation

Any party in interest, including, without limitation, the Financial Oversight and Management Board for Puerto Rico (the "FOMB") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with the FOMB, the "Title III Parties"), and any person or entity that holds an ERS Bond, whether or not such person or entity is identified in the Objections, that wishes to participate in the litigation of the Objections must serve by email and file a notice of its intent to participate in such litigation (a "Notice of Participation").

The Notice of Participation shall (a) indicate whether the party in interest who filed such notice (each, a "Participant") supports or opposes the Objections; (b) provide the name, address and email address of the Participant and its counsel, if any; and (c), to the extent filed by an ERS Bondholder, set forth (i) whether all or part of such ERS Bonds were purchased on the secondary market, and (ii) the CUSIP numbers for such ERS Bonds to the best of such ERS Bondholder's knowledge and belief, as of the date of such Notice of Participation (the "Notice Information"). The Notice of Participation shall cover all ERS Bonds owned as of the date of such Notice of Participation or thereafter acquired by the Participant and shall not be limited to the specific CUSIP numbers listed.  For the avoidance of doubt, a party in interest may submit a Notice of Participation individually and/or through an *ad hoc* group.  A Notice of Participation submitted through an *ad hoc* group shall entitle each member of such *ad hoc* group to participate either individually or as part of the group, and each such member reserves the right to act individually from time to time in respect of any issue, argument, or proceeding.  To the extent that an entity ceases to be a member of an *ad hoc* group that filed a Notice of Participation, such member may continue to participate in the litigation of the Objections in the same manner as a Participant that had filed a timely individual Notice of Participation; *provided however*, that such Participant will be bound by (i) any actions, arguments, statements or positions made or taken by such *ad hoc* group prior to the date on which the Participant ceased to be a member of such *ad hoc* group (the "Separation Date"), and (ii) any District Court orders applicable to members of such *ad hoc* group as of the Separation Date, in each case to the same extent, if any, that members of such *ad hoc* group would be bound by such actions, arguments, statements, positions or District Court orders.  To the extent that an entity becomes a member of an *ad hoc* group after the Participation Deadline, such member shall be covered by the Notice of Participation timely filed by the *ad hoc* group, *provided* that (i) such Notice of Participation shall be updated to include the Notice Information for the new group member, and (ii) if such member did not file its own timely Notice of Participation, such member shall have obtained, pursuant to paragraph 5 below, District Court approval to participate in the litigation, individually or as a member of the *ad hoc* group, upon a showing of good cause.  Participants who file Notices of Participation that support the Objections shall collectively constitute "Joint Objectors," and parties that oppose the relief sought in the Objections shall collectively constitute the "Respondents."

Each Notice of Participation must be served by email on the "Notice Parties" identified in paragraph 8 below and filed electronically with the District Court pursuant to its Electronic Case Filing procedures.  **Participants without counsel may file the Notice of Participation by mailing or delivering it by hand to: The Clerk of the United States District Court for the District of Puerto, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767 the clerk's office of the District Court in San Juan, Puerto Rico.**

3

**The deadline to file with the District Court and serve by email a Notice of Participation is [60 days from entry of the Order], 2019 (the "Participation Deadline")**.  For those parties that file with the District Court and serve by email Notices of Participation by the Participation Deadline, no substantive response to the Objections need be filed until a date set forth in any subsequent scheduling order entered by the District Court.

Subject to paragraph 5 below, any party that does not file a Notice of Participation will not receive notices of filings and events in the litigation and may not be allowed to substantively participate in the litigation absent permission granted by the District Court upon a showing of good cause, but may nevertheless have its rights affected by the outcome of the litigation.  In particular, and subject to applicable appellate rights, if and to the extent the District Court grants the Objections in whole or in part, claimants' recovery on account of the ERS Bond Claims will be eliminated in whole or in part, and claimants will be forever barred from asserting such disallowed claims against ERS, from voting such disallowed claims on any plan of adjustment filed in this Title III Case, and from participating in any distribution in this Title III Case on account of such disallowed claims arising from the ERS Bonds and the ERS Bond Claims.  By filing a Notice of Participation, a claimant will have the opportunity to be heard on the merits of the Objections, will be entitled to receive notification of case events specific to the Objections, and will receive notice of opportunities to meet and confer with other parties concerning issues relating to the litigation of the Objections.

Nothing herein, nor the mere filing of a Notice of Participation by a person or entity that is not a holder of an ERS Bond, shall operate to confer standing upon such person or entity to participate in the litigation of the Objections, and all rights to object to any person or entity's standing are preserved.

3.      The Initial Proposal Exchange/ Recommendation

On the date that is five (5) days after the Participation Deadline, the Objectors shall file with the District Court a list of all parties that filed Notices of Participation, their counsel, and whether such Participants are Joint Objectors or Respondents.  Such list will be updated as necessary every thirty (30) days to reflect any late-filed or updated Notices of Participation.

Twenty-one (21) days after entry of an order approving these procedures(the "Initial Proposal Exchange Deadline"), the Objectors and the other M&C Parties (defined below), will simultaneously exchange proposals (the "Initial Proposals") setting forth the procedures that will govern litigation of the Objections, including, without limitation, anticipated legal and factual disputes, the sequence and timing of discovery, anticipated dispositive motion practice and the timing thereof, and treatment of holders of ERS Bonds who did not file Notices of Participation (the "Objection Litigation Procedures").  The Initial Proposals will be exchanged in the following manner:  the Objectors and the other M&C Parties shall email their Initial Proposals to the Notice Parties.  The Objectors will cause their Initial Proposal and all received Initial Proposals to be uploaded to the [website] (the "ERS Objection Website"), and Participants who provided their email address will receive automatic email notifications when new documents have been posted to the ERS Objection Website.  The Initial Proposals will not be filed with the District Court.

4

Parties will not be precluded from raising claims or defenses that are not included in the Initial Proposals.

During the twenty-one (21) day period following the Initial Proposal Exchange Deadline, the M&C Parties (defined below) shall meet and confer concerning the substance of the Initial Proposals in an effort to develop a joint recommendation regarding Objection Litigation Procedures for the District Court. The Objectors will convene the meet and confer session(s) and provide notice of any meeting(s) or phone conference(s) to all M&C Parties. The M&C Parties shall use reasonable efforts to develop a fully consensual recommendation with respect to Objection Litigation Procedures that also incorporates the view, if known, of Participants who are not M&C Parties.

The "M&C Parties" will initially be the Objectors, the groups of ERS Bondholders represented by Jones Day and White & Case LLP, respectively, the Bank of New York Mellon, as Fiscal Agent for the ERS Bonds, any other ERS Bondholders represented by counsel that wish to participate in the meet and confer process, and the Title III Parties. The Objectors reserve the right to request permission from the Court to limit the number of M&C Parties in the event it proves impossible to conduct meaningful and productive meet and confer sessions.

On the date that is twenty-one (21) days following the Initial Proposal Exchange Deadline, the Objectors shall cause to be filed with the District Court a recommendation concerning the proposed Objection Litigation Procedures (the "Recommendation") and shall indicate, if known, which Participants support the Recommendation, and the Participants, if any, that object to such Recommendation. The Objectors shall have caused a draft of the Recommendation to have been posted to the ERS Objection Website at least five (5) business days prior to filing the Recommendation; thereafter, Participants shall have four (4) business days to provide further input on the proposed Objection Litigation Procedures by emailing such comments to the Notice Parties. The Notice Parties will send any such comments received by Participants who are not M&C Parties, to the M&C Parties.

Any responses to the Recommendation must be filed with the District Court within seven (7) days of the filing of the Recommendation (the "Response Deadline"), and any replies to such responses must be filed within three (3) days following the Response Deadline (the "Reply Deadline").

For the avoidance of doubt, all rights are reserved with respect to any party's ability to seek leave from the Court at any time to file dispositive motions.

4.     Litigation

A.     District Court Status Conference

The Objectors will request that the District Court hold a status conference as soon as practicable after the Reply Deadline to discuss and decide matters set forth in the Recommendation and any responses and replies thereto, including without limitation:

    (i)     the sequence and timing of any discovery;

(ii)  the extent to which joint briefs can or should be submitted;

(iii)  a briefing schedule, including without limitation a schedule for filing dispositive motions; and

(iv)  any other matter that will contribute to the fair and efficient resolution of the issues raised in the Objections and the Notices of Participation.

For the avoidance of doubt, all Participants reserve the right in connection with the Objection Litigation Procedures to argue that they should not be required to submit joint briefing with other Participants.

B.   Coordination

To the extent that the District Court determines that joint briefs can and should be submitted –

(a)   The Objectors and any Joint Objector instructed to engage in joint briefing shall cooperate in good faith in order to file joint papers with respect to the Objections, and shall file separate papers only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

(b)   Likewise, theany Respondents instructed to engage in joint briefing shall cooperate in good faith to file joint papers with respect to the litigation of the Objections and shall file separate papers only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

With respect to discovery –

The Objectors and the Joint Objectors, on the one hand, and the Respondents, on the other hand, shall use reasonable efforts to coordinate the development of discovery that is requested from the other parties and to coordinate communications concerning such discovery.

5.   Notices of Participation Submitted After the Participation Deadline

Any party that submits a Notice of Participation after the Participation Deadline, but at least thirty (30) days prior to a trial on the merits of the Objections, may participate in the litigation of the Objections by receiving notices of developments in the litigation and invitations to any meet and confer sessions among the parties to the litigation. Such party, however, shall be bound by any orders entered by the District Court (including any order granting a dispositive motion, such as a motion for summary judgment) and/or any agreements reached among the Objectors, Joint Objectors and Respondents prior to the submission of such Notice of Participation regarding the conduct of the litigation, including with respect to the matters set forth in paragraph 3 above. Moreover, absent permission granted by the District Court upon a showing of good cause, any party that fails to file a Notice of Participation, or that files a Notice of Participation after the Participation Deadline, shall be prohibited from filing separate pleadings, serving discovery, or being heard at any hearing on the Objections.

6.      <u>No Duty</u>

        No Respondent shall have a duty to any other Respondent or to any ERS
Bondholder who does not file a Notice of Participation.

7.      <u>Other Objections Permitted</u>

        The fact that the Objectors have objected to the ERS Bond Claims asserted
against ERS and the Commonwealth shall not preclude (i) the Objectors or any party in interest
from objecting to ~~an ERS Bond Claim on any basis not set forth in the Objections or to~~ any other
claim asserted by the ERS Bondholder unrelated to the ERS Bonds or (ii) a party in interest from
asserting additional grounds for objecting to the ERS Bond Claims pursuant to a Notice of
Participation.

8.      The Following Persons are the "Notice Parties"

**PAUL HASTINGS LLP**
Attn:  Luc. A. Despins, Esq.

James R. Bliss, Esq.
Nicholas A. Bassett, Esq.

200 Park Avenue

lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com

**CASILLAS, SANTIAGO & TORRES LLC**

Attn:  Juan J. Casillas Ayala, Esq.,

Diana M. Batlle-Barasorda, Esq.,

Alberto J. E. Añeses Negrón, Esq.,

Ericka C. Montull-Novoa, Esq.,

El Caribe Office Building

53 Palmeras Street, Ste. 1601

San Juan, Puerto Rico 00901-2419

jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com
~~emontull@cstlawpr.com~~

**JENNER & BLOCK LLP**
Attn:  Robert Gordon, Esq.
Catherine Steege, Esq.
~~Richard Levin, Esq.~~
Melissa Root, Esq.
Landon Raiford, Esq.
~~csteege@jenner.com~~
~~rgordon@jenner.com~~
~~rlevin@jenner.com~~
rgordon@jenner.com
ccsteege@jenner.com
mroot@jenner.com
lraiford@jenner.com

**BENNAZAR, GARCÍA & MILLIÁN, C.S.P.**
A.J. Bennazar-Zequeira
Héctor M. Mayol Kauffman
Francisco del Castillo Orozco
~~ajb@bennazar.org~~
ajb@bennazar.org
hector.mayol@bbennazar.com

**Exhibit 3**

**\*THIS NOTICE MUST BE FILED AND SERVED ON OR BEFORE [DATE THAT IS SIXTY DAYS FROM ENTRY OF ORDER]\***

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------  X
                                                              :
In re:                                                        :
                                                              :
THE FINANCIAL OVERSIGHT AND                                   :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                             :   Title III
                                                              :
        as representative of                                  :   Case No. 17-BK-3283 (LTS)
                                                              :
THE COMMONWEALTH OF PUERTO RICO et al.,                       :   (Jointly Administered)
                                                              :
        Debtors.¹                                             :
------------------------------------------------------------  X
                                                              :
In re:                                                        :
                                                              :
THE FINANCIAL OVERSIGHT AND                                   :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                             :   Title III
                                                              :
        as representative of                                  :   Case No. 17-BK-3566 (LTS)
                                                              :
THE EMPLOYEES RETIREMENT SYSTEM OF THE                        :
GOVERNMENT OF THE COMMONWEALTH OF                             :
PUERTO RICO,                                                  :
                                                              :
        Debtor.                                               :
------------------------------------------------------------  X
```

**NOTICE OF PARTICIPATION IN OBJECTIONS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND OFFICIAL COMMITTEE OF RETIRED EMPLOYEES, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF COMMONWEALTH OF PUERTO RICO**

**This Notice of Participation must be served and filed no later than [sixty days from entry of order] in accordance with the instructions set forth at the end of this document.**

---

¹ The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The party identified below ("Participant") hereby advises the Official Committee of Unsecured Creditors (the "~~UCC~~Committee") and the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee" and together with the ~~UCC~~Committee, the "Objectors") that it intends to participate in the litigation of the Objectors objections to claims (the ~~UCC~~Committee's objections dated March 12, 2019 [Case No. 17-bk-3566, Dkt Nos. 381 and 384] and the Retiree Committee's objections dated April 23, 2019 [Case No. 17-3283; Docket No. 6482; Case No. 17-bk-3566, Dkt. 469]) (together, the "Objections"), which collectively assert that all claims that have been or may be asserted against the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") or the Commonwealth of Puerto Rico on account of bonds issued by ERS in 2008 (the "ERS Bonds") are invalid.

To ensure full participation rights in the litigation of the Objections, Participant provides all of the information requested in items 1 through 3 below:

1.    Participant's contact information, including email address, and that of its counsel, if any:

~~**Participant Name and Contact Information**~~    ~~**Counsel Contract Information (if any)**~~

_____    _____
~~Participant Name~~    ~~Firm Name (if applicable)~~

_____    _____
~~Contract Person~~    ~~Contact Person~~
~~(if Participant is not an individual)~~

_____    _____
~~Email Address~~    ~~Email Address~~

_____    _____
~~Address Line 1~~    ~~Address Line 1~~

_____    _____
~~Address Line 2~~    ~~Address Line 2~~

_____    _____
~~City, State, Zip Code~~    ~~City, State, Zip Code~~

_____    _____
~~Country~~    ~~Country~~

**Participant Name and Contact Information**    **Counsel Contact Information (if any)**

_____    _____
Participant Name    Firm Name (if applicable)

Contact Person (if Participant is not an individual)

_____

Email Address

_____

Address line 1

_____

Address line 2

_____

City, State Zip Code

_____

Country

Contact Person

_____

_____   Email Address

_____

Address line 1

_____

Address line 2

_____

City, State Zip Code

_____

Country

2.      Participant advises that it (choose **one** of the following by marking "X" in the appropriate space):

_____ intends to **support** the relief requested in the Objections (i.e., Participant believes the Court should find that the ERS Bonds are **invalid**); *or*

_____ intends to **oppose** the relief requested in the Objections (i.e., Participant believes that the Court should find that the ERS Bonds are **valid**)

3.      If Participant is not a holder of ~~a~~an ERS Bond, it can skip to the end of this Notice and sign.  If Participant is a holder of one or more ERS Bonds, Participant must respond to the following paragraphs (a) and (b) to the best of Participant's knowledge.

      (a)     Provide the CUSIP Numbers of all ERS Bonds ~~hold~~held by Participant:

      (b)     Did Participant purchase any of its ERS Bonds in whole or in part on the secondary market?  **YES** or **NO** (please **circle one**).

By: _____
    Signature

_____
    Print Name

_____
    Title (if Participant is not an Individual)

_____
    Date

**Instructions for Serving and Filing Notice of Participation**:  This Notice of Participation must be (i) **served** by email on the Notice Parties set forth in paragraph 8 of the Objection Procedures and (ii) **filed** electronically with the District Court pursuant to its Electronic Case Filing procedures.  **If the Participant is not represented by counsel, the Participant may file a paper copy of this Notice of Participation with the District Court by delivering such Notice of Participation by mail or by hand addressed to: The Clerk of the United States District Court for the District of Puerto, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767.**