UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| *In re*<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**URGENT MOTION FOR AN ORDER STRIKING PORTIONS OF THE SUR-REPLY OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD TO AMBAC ASSURANCE CORPORATION'S AND FINANCIAL GUARANTY INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION CONCERNING APPLICATION OF THE AUTOMATIC STAY**

Ambac Assurance Corporation ("Ambac") hereby moves this Court for an order, substantially in the form attached as Exhibit A hereto, striking Points II-IV of the *Sur-Reply of the Financial Oversight and Management Board to Ambac Assurance Corporation's and Financial Guaranty Insurance Company's Reply Memorandum of Law in Support of Their Motion Concerning Application of the Automatic Stay* (Dkt. No. 8164, the "Sur-Reply"). In support of this urgent motion (the "Urgent Motion"), Ambac respectfully states as follows:

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

## Jurisdiction and Venue

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to PROMESA § 306(a).

2. Venue is proper pursuant to PROMESA § 307(a).

## Factual Background

3. On May 30, 2019, Ambac filed the *Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds*. (Dkt. No. 7176, the "Stay Motion".)

4. On June 5, 2019, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") notified Ambac via email that it believed Ambac lacked standing to bring the Stay Motion. (Ex. B.) The Oversight Board demanded that Ambac either withdraw the motion by 12:00 p.m. the following day, or explain why it refused to do so. (*Id.*) Ambac declined to withdraw the Stay Motion and indicated its view that Ambac has the requisite standing to pursue the relief sought in the Stay Motion. (*Id.*)

5. The next day, the Oversight Board filed an urgent "motion to dismiss" the Stay Motion, premised entirely on Ambac's lack of standing. (Dkt. No. 7262, the "Motion to Dismiss".) The Court denied the Motion to Dismiss the following day, without prejudice to the Oversight Board's ability to raise its standing objections in connection with its opposition to the Stay Motion. (Dkt. No. 7324.)

6. On July 3, 2019, the Oversight Board filed its opposition to the Stay Motion. (Dkt. No. 7827, the "Opposition".) The Opposition advanced a number of arguments, including the standing objection advanced in the Motion to Dismiss. In connection with its standing arguments, the Oversight Board indicated its intention to seek a sur-reply to respond to Ambac's standing

2

arguments. (*See* Opposition ¶ 5 ("Depending on the nature of the argument Ambac will presumably unveil . . . the Oversight Board may have to request permission to file a sur-reply.").)

7. On July 16, 2019, Ambac, together with the Financial Guaranty Insurance Company, filed a reply in further support of the Stay Motion. (Dkt. No. 8022, the "Reply.")

8. The next day, the Oversight Board notified Ambac that, after reviewing the Reply, it intended to seek leave to file "a sur-reply on the standing issue." (Ex. C (email from L. Rappaport to A. Miller, *et al.*).)

9. Later that same day, the Court, *sua sponte*, issued the *Order Authorizing Sur-Reply See* Dkt. No. 8060, the "Order". The Order, citing the Oversight Board's indicated intention in its Opposition to seek leave to file a sur-reply on standing, authorized and directed the Oversight Board, "together with other opponents of the [Stay] Motion," to file a sur-reply "not to exceed twenty (20) pages." Order at 2 (citing and quoting paragraph 5 of the Opposition).

10. On July 19, 2019, the Oversight Board filed the Sur-Reply that far exceeded the scope of the permitted sur-reply. Of the twenty-one pages of the Sur-Reply, only seven discuss standing. The remaining pages are dedicated to further developing the other arguments advanced in the Opposition, including ones raised in the first instance by the Oversight Board, such as: collateral estoppel (Sur-Reply Point II, ¶¶ 15-17); the scope of Ambac's security interest (*id.* Point III, ¶¶ 18-38); and preemption (*id.* Point IV, ¶¶ 39-41). AAFAF also filed a separate joinder to the Sur-Reply. (Dkt. No. 8169.)

**Relief Requested**

11. The Sur-Reply exceeds the scope of the Order. Paragraph III.L of the *Tenth Amended Notice, Case Management and Administrative Procedures* (Dkt. No. 8027-1, the "Case Management Order") provides that "[s]ur-replies shall not be permitted or considered unless

3

authorized by the Court." The portions of the Sur-Reply that exceed the Order's scope should be stricken.

12. The Oversight Board consistently claimed that its need for a sur-reply was to address Ambac's arguments regarding standing. The parties' communications, the Opposition, and the Order are all clear on this point.

13. To the extent the Oversight Board wanted a sur-reply on other issues going to the merits of the Stay Motion, the Oversight Board was required seek leave of the Court. Case Management Order ¶ III.L. The Oversight Board's communication with Ambac concerning a sur-reply makes plain that the Oversight Board did not believe that it was entitled to a sur-reply on additional issues, and expressly limited what it was prepared to ask the Court for to a sur-reply on standing issues. (Ex. C.)

14. The Sur-Reply is a procedurally-improper attempt to gain the last word on the merits of the Stay Motion, even though the Oversight Board is not the movant. The Oversight Board has never articulated a basis for a sur-reply on anything other than standing, nor has the Court authorized any such briefing.

15. Accordingly, Ambac respectfully requests that the Court enter an order, substantially in the form attached as Exhibit A hereto, striking Points II-IV of the Sur-Reply as exceeding the scope of the Order.[2]

16. There is precedent in these Title III cases for such an order. Following oral argument on the Oversight Board's motion to dismiss Ambac's complaint in *Ambac Assurance*

---

[2] The Sur-Reply also exceeds the scope of the Order in length. The Order directed that "[t]he Oversight Board, ***together with other opponents*** of the Motion," file "***a*** sur-reply not to exceed twenty (20) pages." (Order at 2 (emphasis added).) The Sur-Reply, which the Oversight Board alone authored, is twenty-one pages; AAFAF's separate joinder to the Sur-Reply contains a further two full pages.

4

*Corporation v. Commonwealth of Puerto Rico, et al.*, Case No. 17-ap-159, which concerned the Commonwealth's taking of certain tax revenues from the Puerto Rico Highways and Transportation Authority ("HTA") and its creditors, the Court requested supplemental briefing. The Oversight Board believed that a **single introductory paragraph** of Ambac's 10-paragraph supplemental brief exceeded the scope of the Court's request for supplemental briefing, and requested that the single offending paragraph be stricken, which request the Court granted. (*See Order Granting Urgent Motion Striking Paragraph Number 1 of Plaintiff's Supplemental Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint* (Case No. 17-ap-159, Dkt. No. 154).) Here, **two-thirds of the brief** in question has nothing to do with the topic on which the Court authorized a sur-reply. To the extent the striking of a single paragraph in the HTA briefing was warranted, a similar order striking Points II-IV of the Sur-Reply is called for *a fortiori*.

**Certification in Compliance with the Case Management Order and Local Rule 9013-1**

17. Pursuant to Local Rule 9013-1 and paragraph I.H of the Case Management Order, Ambac certifies that it has made reasonable, good-faith communications with opposing counsel in an effort to resolve or narrow the issues that are being brought to the Court. The Oversight Board declined to withdraw any portion of its Sur-Reply and stated its view that the Sur-Reply fully complied with the Order.

*(Remainder of page intentionally left blank)*

Dated: July 22, 2019
      San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
    Roberto Cámara-Fuertes (USDC-PR No. 219002)
    Sonia Colón (USDC-PR No. 213809)
    221 Ponce de León Avenue, 5th Floor
    San Juan, PR 00917
    Telephone: (787) 766-7000
    Facsimile: (787) 766-7001
    Email: rcamara@ferraiuoli.com
          scolon@ferraiuoli.com

**MILBANK LLP**

By: /s/ *Atara Miller*
    Dennis F. Dunne
    Andrew M. Leblanc
    Atara Miller
    Grant R. Mainland
    (admitted *pro hac vice*)
    55 Hudson Yards
    New York, NY 10001
    Telephone: (212) 530-5770
    Facsimile: (212) 822-5770
    Email: ddunne@milbank.com
          aleblanc@milbank.com
          amiller@milbank.com
          gmainland@milbank.com

***Attorneys for Ambac Assurance Corporation***

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile:  (787) 766-7001
Email:  rcamara@ferraiuoli.com