# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| AMBAC ASSURANCE CORPORATION<br><br>    Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Respondent. | Re: ECF No. 8173 |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (*i*) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (*ii*) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (*iii*) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (*iv*) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (*v*) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**OBJECTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
TO AMBAC ASSURANCE CORPORATION'S URGENT MOTION FOR
ORDER STRIKING PORTIONS OF SUR-REPLY [ECF NO. 8173]**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), as sole representative of Debtor and Respondent the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this objection to *Urgent Motion for an Order Striking Portions of the Sur-reply of the Financial Oversight and Management Board to Ambac Assurance Corporation's and Financial Guaranty Insurance Company's Reply Memorandum of Law in Support of Their Motion Concerning Application of the Automatic Stay* [ECF No. 8173] (the "Urgent Motion") filed by Ambac Assurance Corporation ("Ambac"), and respectfully states as follows:

**OBJECTION**[3]

1. The Oversight Board regrets that Ambac is consuming the Court's attention with its Urgent Motion, that even if meritorious (which it is not), essentially argues the Court and Ambac should not have the benefit of advance notice of the Oversight Board's arguments on technical issues, including those relating to the Uniform Commercial Code, in response to Ambac's reply.

2. In its *Order Authorizing Sur-Reply* [ECF No. 8060], the Court not only authorized, but directed the "Oversight Board, together with other opponents of the Motion…to file a sur-reply not to exceed twenty (20) pages" to Ambac's reply.[4] The Court did not limit the scope of the sur-reply

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the *Opposition of the Commonwealth of Puerto Rico to Ambac Assurance Corporation's Motion Concerning Application of the Automatic Stay [ECF No. 7176]* [ECF No. 7827] (the "Opposition")

[4] Notably, "other opponents of the Motion" include the UCC, whose joinder briefed the scope of the security interest under the Trust Agreement. *See* ECF No . 7831.

to standing, as contrasted with the Court's previous orders specifying the scope of topics to be addressed in briefing. *See* ECF No. 7420 (limiting the scope of issues to standing and secured status).

3. Moreover, the Court granted twenty (20) pages for the sur-reply—five more pages than typically allowed for a reply per the *Tenth Amended Case Management Procedures* [ECF No. 8027-1]. Movants' reply only dedicates eight (8) pages to standing. If the Court had intended to limit the sur-reply to standing, there would have been no need for the allowance of extra pages.

4. Finally, if Ambac is correct, then most of its Reply should be stricken because it raised issues not raised in its original motion. The sections of its Reply that raised new issues include:

   a. "Credit Facility provider" is (allegedy) a defined term under the Trust Agreement and Ambac has independent rights under the Trust Agreement to pursue relief. Reply 4-5.

   b. Ambac and FGIC are not moving in their capacity as subrogees on the Bonds, even though both explicitly stated this was the case in their respective motion and joinder. Reply at 8.

   c. Movants are pursuing their own claims based on constitutional takings claims, PROMESA § 407, and/or for violation of 3 L.P.R.A. § 1913. Reply at 9-11

   d. The phrase "maximum amount" in 3 L.P.R.A. 1914 means "ownership." Reply at 12-13.

   e. The definition of "Pledged Revenues" in the Trust Agreement includes monies retained by the Commonwealth. Reply at 16-17.

   f. The words "to the credit of" in the Trust Agreement refers to monies sitting in account that are intended to eventually be deposited in a different account. Reply 18-19.

    g. The definition of "Special Tax Revenues" under the Trust Agreement includes Rum Taxes retained by the Commonwealth and incorporates the entirety of the Enabling Act into the Trust Agreement. Reply at 21.

    h. The Uniform Commercial Code does not apply

## **CONCLUSION**

For the reasons set forth above, the Oversight Board respectfully requests the Urgent Motion be denied, or, if granted, the foregoing sections of Ambac's reply should be stricken, and the Court grant the Oversight Board such other and further relief as is just and proper.

[*Remainder of page intentionally left blank*]

Dated: July 22, 2019
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Daniel S. Desatnik (*pro hac vice pending*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: ebarak@proskauer.com
Email: ddesatnik@proskauer.com

Michael A. Firestein (*pro hac vice*)
Lary Alan Rappaport (*pro hac vice*)
PROSKAUER ROSE LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
lrappaport@proskauer.com

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer