IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of,<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>　　　　　　Debtors.[1] | PROMESA Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**RESPONSE OF ASSURED GUARANTY CORP. AND ASSURED GUARANTY
MUNICIPAL CORP. TO OBJECTION TO AND REQUEST TO STRIKE
BY FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF
<u>ASSURED'S LIMITED JOINDER</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (together, "<u>Assured</u>") hereby submit this response to *The Financial Oversight and Management Board for Puerto Rico's Objection and Request to Strike the "Limited Joinder of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. With Respect to AMBAC Assurance Corporation's Motion and Memorandum of Law In Support of Its Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds to AMBAC Assurance Corporation's Motion"*, [Dkt. No. 8166] (the "<u>Objection</u>") and respectfully state as follows:

## PROCEDURAL BACKGROUND

1. On May 30, 2019, Ambac Assurance Corporation filed a motion concerning application of the automatic stay to the revenues securing PRIFA rum tax bonds (the "<u>PRIFA Motion</u>"). The Court set argument for the July omnibus hearing and limited argument to the issues of "standing and secured status only". [Dkt. No. 7420]. On July 3, 2019, Assured filed a reservation of rights (the "<u>ROR</u>"), preserving its ability to join the PRIFA Motion and respond to any arguments raised by FOMB or AAFAF in their opposition briefs. *See* Case No. 17-03283, Dkt. No. 7824. This ROR was filed well in advance of the FOMB's opposition brief. **FOMB filed nothing in response to the ROR**, even though the ROR expressly reserved Assured's ability to join the Movants and to respond to any arguments that FOMB or AAFAF chose to raise in their opposition briefs.

2. Because FOMB chose to raise arguments that are beyond the scope of the issues to be heard at this week's omnibus hearing and that have significant implications for PRIFA as well as for other pending (and stayed) adversary proceedings to which Assured is a defendant, Assured was left with no alternative but to respond to FOMB's arguments. In the Limited Joinder that Assured filed, Assured addressed the important issues of (i) whether PROMESA can

unilaterally preempt Commonwealth laws governing disposition of pledged revenues, (ii) the nature of the Commonwealth's property interest in the pledged rum taxes (if any), and (iii) the constitutional impact of the FOMB's arguments, if they were accepted by this Court.

3. Assured is a PRIFA bond insurer, and in addition, it is an insurer of over $1 billion of secured highway and transportation revenue bonds issued by HTA, which is a Title III debtor whose case involves similar issues. FOMB filed an adversary complaint against Assured and other HTA bondholders seeking to raise some of the same issues FOMB seeks to raise here: namely, FOMB's unfounded assertion that PROMESA preempts Commonwealth laws that assign (rather than merely appropriate) taxes to certain public corporations and their bondholders. *See* Compl., Adv. Proc. No. 19-00363-LTS [Dkt. 1], ¶¶ 4, 170-188. Importantly, FOMB has sought a stay of that action, precluding Assured's right to respond to that complaint at this time. *See* Superseding Status Report, Case No. No. 17-03567-LTS [Dkt. 613]; Mot. to Stay, Case No. 17-03567-LTS [Dkt. 567]. FOMB's decision to raise these arguments here, in a dispute over PRIFA, that are beyond the scope of the Court's June 13, 2019 Limiting Order setting the issues to be addressed at the upcoming omnibus hearing, is an attempt by FOMB to secure a ruling from this Court on those precise issues. And FOMB has now attempted to do so without allowing Assured or other HTA bondholder defendants the right to defend themselves in the context of the pending HTA adversary or elsewhere. Thus, the Limited Joinder was proper to preserve Assured's rights and should be allowed.

4. Sixteen days after Assured filed its ROR, FOMB now has filed an "opposition" which seeks to strike the Limited Joinder. FOMB's arguments in support of its motion to strike are based on meritless procedural arguments that have no basis in the Case Management Order ("CMO") and that, if accepted by this Court, would result in a violation of Assured's due process rights to protect its interests.

-2-

**RESPONSE**

**A. Assured's ROR and Limited Joinder Comply with the CMO**

5. FOMB's Objection rests on a tortured interpretation of the CMO that has no basis in the CMO's plain language. The CMO expressly permits parties to file replies, joinders and *any* statements eight calendar days before a hearing:

> The deadline to file Replies, joinders to an Objection, or any Statement shall be (i) for all parties other than the Debtors and any statutory committee, 4:00 p.m. (Atlantic Standard Time) on the date that is eight (8) calendar days before the applicable hearing date, (ii) for the Debtors and any statutory committee, 4:00 p.m. (Atlantic Standard Time) on the date that is seven (7) calendar days before the applicable hearing date, or (iii) any date and time otherwise ordered by the Court.

CMO III.K. Assured's Limited Joinder—which qualifies both as a joinder and as a Statement[2]—was filed before 4 p.m. on July 16, 2019.[3] It was therefore filed more than eight calendar days before the hearing, which is scheduled for July 24 and 25, 2019. Consequently, the Limited Joinder was timely filed. Moreover, there is absolutely nothing in the CMO that precludes a party in interest that has an economic stake in the outcome from (i) timely reserving its right to respond to opposition papers filed in response to a motion that impacts its economic rights and (ii) responding to such opposition papers where (as here) the opposing party does not respond to or object to that creditor's statement of intent to file responsive papers. Indeed, FOMB admits that the CMO does not otherwise prohibit the filing of the ROR or the Limited Joinder. Objection ¶ 10 (admitting that CMO does not address reservation of rights here).

6. The ROR clearly stated that Assured reserved its right to respond to "any of the arguments made in pleadings ***that are filed in response to the [PRIFA]Motion and that are***

---

[2] As defined in the CMO, a "Statement" is defined as "statements related thereto," meaning statements related to any Pleadings or Objections. *See* CMO I.B.

[3] The CMO contains no deadlines for joinders to Pleadings and only addresses joinders to Objections. *See* CMO Section III.K (establishing deadline only for joinders to an Objection).

-3-

***filed concurrently with or subsequent to this Reservation of Rights."*** Dkt. No. 7824 ¶ 3 (emphasis added). This reservation plainly stated Assured's intent to respond to any arguments raised by FOMB through which FOMB would seek overbroad rulings on issues not limited to PRIFA. FOMB chose to do that by raising these arguments in the opposition brief that it filed *after* Assured filed its ROR, and Assured exercised its right as a party in interest to respond to those arguments.[4]

7. FOMB's own prior conduct suggests that it does not actually subscribe to its newly fashioned interpretation of the CMO. On numerous occasions in these Title III cases, the UCC has filed responsive pleadings, statements, and speaking joinders on the reply deadline. FOMB never objected to those filings. For example, FOMB never objected to the filing of two reply briefs by the UCC and official retiree committee in the *ACP Master* and *Ambac* adversary proceedings. Adv. Proc. No. 17-189, Dkt. Nos. 80, 81; Adv. Proc. No. 17-159, Dkt. No. 149. In the adversary proceeding, the GO group moved to strike certain responsive arguments raised therein, and this Court denied that motion. *See* Adv. Proc. No. 17-189 Dkt. No. 98. And most recently, FOMB raised no objection when the UCC filed a responsive pleading and speaking joinder on the deadline for reply briefs regarding FOMB's motion for reconsideration concerning FOMB's motion to compel production of Assured's loss reserves. *See* Case No. 17-03283-LTS, Dkt. No. 6000 (joining and otherwise supplementing arguments of FOMB for its motion for reconsideration). FOMB even permitted the UCC to argue at the hearing for its motion to compel, even though the UCC filed no papers at all regarding that motion to compel. Thus, as the UCC

---

[4] FOMB's cursory assertion that the CMO required Assured to seek leave from the Court to file the Limited Joinder (Objection ¶ 12) is meritless. Underscoring this, FOMB cites absolutely nothing in the CMO that would demonstrate that Assured was required to seek leave from this Court before filing its Limited Joinder. As noted herein, the Limited Joinder complies with the CMO.

-4-

has been permitted to join FOMB pleadings on deadlines for reply briefs and even argue motions for FOMB—and FOMB had no objection –the FOMB has no right to object here.

8. Assured is a party in interest with a direct economic stake in the outcome of this Motion, not only because of its PRIFA holdings and exposure, but also because the issues raised by FOMB directly impact HTA and certain other credits. Those arguments were all raised in an adversary complaint that FOMB filed on May 20, 2019. FOMB sought to stay that litigation, and at the same time, has now sought to secure rulings from this Court on those issues before Assured and other defendants have even had a chance to respond to those arguments. Assured thus has every right to respond to FOMB's arguments at this time.

### B. The Objection is Both Untimely and Procedurally Infirm

9. FOMB's Objection has its own serious procedural infirmities, which are sufficient to deny FOMB's request to strike the Limited Joinder.[5]

10. *First,* FOMB's Objection and its request to strike are both untimely. The CMO provides that the deadline to file an objection to *any* Pleading—which is broadly defined to include any notices, memoranda, motions, and other documents (such as an ROR) in support of a motion—are due by 4 p.m. on a date that is at least 15 calendar days before a hearing. CMO, Section III.I. The ROR was clearly a Pleading, because it reserved and otherwise notified parties of Assured's intent to respond to any arguments raised by FOMB to the extent that FOMB chose to raise arguments outside of the scope of the two limited issues that this Court stated would be heard at the July omnibus hearing. Case No. 17-3283-LTS, Dkt. No. 7420. FOMB had two procedurally proper options in response to Assured's ROR. It could have abided by this Court's instructions and limited the issues raised in its opposition brief or objected in a timely manner to

---

[5] Because FOMB styled its pleading as an "Objection", it has forfeited its right to respond to this pleading. Assured reserves its right to move to strike any response proposed by FOMB.

Assured's ROR. FOMB chose neither option. FOMB's chance to object to Assured's right to respond to its arguments expired on July 9, 2019, six (6) days after Assured filed its ROR. It chose to wait until 9 p.m. on July 19—more than 16 days after the ROR was filed.

11. *Second,* the FOMB Objection—which is a responsive pleading—impermissibly seeks affirmative relief (*i.e.,* striking Assured's Limited Joinder). This alone suffers from two fatal defects. "Requests for affirmative relief cannot be combined with" responsive papers, such as an opposition brief. *See In re WR Grace,* 2008 WL 4571559, at * 1, n.2 (Bankr. D. Del. Oct. 10, 2008). This was underscored in the context of the CTO motion, where this Court likewise denied requests for affirmative relief that were filed in responses to that motion. *See In re Financial Oversight & Mgmt. Bd.,* 583 B.R. 626, 637 (D. P.R. 2017). Indeed, the Bankruptcy Rules command that result. *See* Fed. R. Bank. P. 9014 ("In a contested matter not otherwise governed by these rules, relief shall be requested by motion …."). Moreover, the Objection does not satisfy the criteria set forth in the CMO for urgent motions or for motions generally. CMO, Section I.H (explaining that "all urgent motions must be preceded by reasonable, good-faith communications in an effort to resolve or narrow the issues" and "all urgent motions shall have a certification that the reasonable, good-faith communications took place."). FOMB never initiated any meet and confer with Assured or its counsel before filing its Objection relating to Assured's filing.[6] In addition, FOMB's request is not accompanied by any proposed order, which is required under the CMO. CMO, Section I.I. Thus, to the extent that the Opposition could qualify as a Motion, it is procedurally infirm.

---

[6] By contrast, FOMB did include such certifications regarding its meet and confer efforts for other urgent motions. *See* Case No. 17-3283-LTS, Dkt. No. 7263, at p. 8 (including certification pursuant to Local Rule 9013-1); Case No. 17-4780-LTS, Dkt. No. 1214, at p. 21 (same). No such certification was included here.

### C. Granting FOMB's Requested Relief Would Violate Assured's Due Process Rights and Result in Serious Inequity

12. Granting FOMB's requested relief would deprive Assured of its right to be heard. As mentioned previously, Assured is both a PRIFA bondholder and a defendant in an HTA action where FOMB has raised the same legal arguments that it is raising here. Because that action was already pending (and is now stayed) and seeks declaratory relief from this Court on those precise issues, FOMB's attempts to raise those same arguments in a summary lift stay proceeding are infirm. *Telesco v. Telesco Fuel and Masons' Materials, Inc.*, 765 F.2d 356, 362 (2d Cir. 1985) (holding that dismissal of a federal action was proper where an action was pending in state court that was duplicative because it sought the same relief); *Ferolito v. Menashi*, 918 F. Supp. 2d 136, 142, 146 (E.D.N.Y. 2013) (granting motion to dismiss where state and federal actions were parallel because they were based on the same set of facts and misuse of information); *DiGennaro v. Whitehair*, 2010 WL 4116741, at * 2 (W.D.N.Y. Oct. 19, 2010) (explaining that "as between federal district courts though no precise rule has evolved, the general principle is to avoid duplicative litigation" because complex problems can arise from multiple federal filings) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *Lesavoy v. Lane*, 304 F. Supp. 2d 520, 535-37 (S.D.N.Y. 2004) (noting that a federal court "has the inherent power to dismiss an action [in federal court] in favor of the prior litigation presenting the same claims or issues") *aff'd in part, vacated in part sub nom,* 170 F. App'x 721 (2d Cir. 2006).

13. FOMB cannot bypass the notice requirements under the Federal Bankruptcy Rules and the Federal Rules of Civil Procedure, which exist for due process reasons. *In re Savage Indus.* 43 F.3d 714, 720-21 (1st Cir. 1994) (recognizing that "notice is the cornerstone underpinning Bankruptcy Code procedure" and that the notice requirements under the Bankruptcy Rules are "founded in fundamental notions of procedural due process"). By its Limited Joinder,

Assured has objected to this attempt by FOMB to secure favorable rulings from this Court, and to then use those rulings against the defendants in those pending proceedings—proceedings that have been stayed at FOMB's behest. *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995) (explaining that "inadequate notice is a defect which precludes discharge of a claim in bankruptcy" because due process requires that notice is reasonably calculated to reach all interested parties); *In re Pick & Save, Inc.*, 478 B.R. 110, 118 (Bankr. D.P.R. 2012) (explaining that "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" exists to satisfy due process requirements in bankruptcy proceedings).

14. This Court should reject the request by FOMB for an opportunity to secure favorable rulings on the same exact legal issues it has raised in prior pending proceedings—proceedings that have been stayed at the behest of FOMB. That is precisely what FOMB is seeking here. FOMB's request to strike should be denied.

### D. FOMB Suffers No Prejudice From Assured's Filing

14. FOMB will suffer no prejudice from the Court's consideration of Assured's filing at issue on this Motion. Assured's filing argues that (1) any Commonwealth interest in the Rum Taxes is at best conditional given the language of PRIFA's Enabling Act and the absence of any alternate use of such funds, (2) the moratorium laws provide no basis for the Commonwealth to retain such funds since PROMESA sections 303(1) and (3) preempt those laws, (3) PROMESA does not in any way preempt the laws governing the Rum Taxes and (4) a finding that PROMESA in any way preempts the laws governing the Rum Taxes would render PROMESA unconstitutional as authorizing the taking of property without just compensation. [Dkt. No. 8024]. These arguments were directly responsive to the arguments that FOMB chose to raise. Each of these arguments have, to some degree at least, been addressed in other parties' papers already

-9-

before the Court on this Motion. [Dkt. No. 8820]. FOMB had the chance to (and in fact for the most part did) respond to each of these arguments in its recently-filed Sur-Reply, which the Court unilaterally granted FOMB permission to file. [Dkt. No. 8164], at ¶¶ 38-41. Finally, Assured has filed an Informative Motion reflecting its intention to present argument on Ambac's PRIFA motion. [Dkt. No. 7176]. To the extent these issues are reached by the Court (and Assured submits they should not be), FOMB will face these points at oral argument and will need to address them, whether or not the Court has considered Assured's Limited Joinder. The request to strike the Assured Limited Joinder should be denied.

Dated: July 22, 2019
New York, New York

| CASELLAS ALCOVER & BURGOS P.S.C. | CADWALADER, WICKERSHAM & TAFT LLP |
|---|---|
| By: /s/ *Heriberto Burgos Pérez*<br>    Heriberto Burgos Pérez<br>    USDC-PR No. 204,809<br>    Ricardo F. Casellas-Sánchez<br>    USDC-PR No. 203,114<br>    Diana Pérez-Seda<br>    USDC–PR No. 232,014<br>    P.O. Box 364924<br>    San Juan, PR 00936-4924<br>    Tel.: (787) 756-1400<br>    Fax: (787) 756-1401<br>    E-mail: hburgos@cabprlaw.com<br>            rcasellas@cabprlaw.com<br>            dperez@cabprlaw.com<br><br>*Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | By: /s/ *Howard R. Hawkins, Jr.*<br>    Howard R. Hawkins, Jr.*<br>    Mark C. Ellenberg*<br>    William J. Natbony*<br>    Ellen M. Halstead*<br>    Thomas J. Curtin*<br>    Casey J. Servais*<br>    200 Liberty Street<br>    New York, New York 10281<br>    Tel.: (212) 504-6000<br>    Fax: (212) 406-6666<br>    Email: howard.hawkins@cwt.com<br>            mark.ellenberg@cwt.com<br>            bill.natbony@cwt.com<br>            ellen.halstead@cwt.com<br>            thomas.curtin@cwt.com<br>            casey.servais@cwt.com<br><br>* Admitted pro hac vice<br><br>*Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case.

At New York, New York, the 22nd day of July 2019.

By: /s/ *Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*
* Admitted pro hac vice