UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| *In re*<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                                         Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**REPLY IN SUPPORT OF URGENT MOTION FOR AN ORDER STRIKING PORTIONS OF THE SUR-REPLY OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD TO AMBAC ASSURANCE CORPORATION'S AND FINANCIAL GUARANTY INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION <u>CONCERNING APPLICATION OF THE AUTOMATIC STAY</u>**

Ambac[2] submits this reply in further support of the Motion to Strike, and to respond to the Oversight Board's Objection (Dkt. No. 8174, "<u>Objection</u>"). In support of its reply, Ambac states as follows:

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

[2] Unless otherwise specified, defined terms have the same meanings given to them in *Ambac's Urgent Motion for an Order Striking Portions of the Sur-Reply of the Financial Oversight And Management Board to Ambac Assurance Corporation's and Financial Guaranty Insurance Company's Reply Memorandum of Law in Support of Their Motion Concerning Application of the Automatic Stay* (Dkt. No. 8173, the "<u>Motion to Strike</u>").

1.      The Oversight Board misconstrues the Reply submitted by Ambac and the Financial Guaranty Insurance Company ("FGIC") as "rais[ing] issues not raised in [Ambac's] original motion." Objection ¶ 4. The Oversight Board ignores the fact that FGIC filed a Joinder in Ambac's Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds (Dkt. No. 7546, "FGIC Joinder"), and that the Reply was submitted jointly on behalf of FGIC and Ambac. All of the arguments that the Oversight Board claims were raised for the first time in Ambac's reply were raised in the original Stay Motion, in the FGIC Joinder, or both—or were fair replies to issues that the Oversight Board raised in its Opposition:

    a.      The first three points that the Oversight Board raises (Objection ¶ 4.a-c) are all fair responses to the Oversight Board's contention that Ambac and FGIC lack standing. The facts supporting Ambac and FGIC's standing were adequately alleged in the Stay Motion and the FGIC Joinder. (*See* Stay Motion ¶¶ 1, 3, 11-13, 26, 28; FGIC Joinder ¶¶ 10-12.) Because Ambac and FGIC consider it plain that the provisions of the Trust Agreement that the Oversight Board relies on do not apply here and that they have direct claims against the Commonwealth, there was no need for Ambac or FGIC to elaborate on those specific points until the Oversight Board asserted them as a purported basis for denying the Stay Motion.

    b.      All of Ambac and FGIC's arguments concerning the revenues pledged to the PRIFA bonds (Objection ¶ 4.d-g) were specifically raised in the Stay Motion and the FGIC Joinder. (*See* Stay Motion ¶¶ 47-81; FGIC Joinder ¶¶ 2-9.) Among the examples cited by the Oversight Board is Ambac's discussion of "maximum amount." (Objection ¶ 4.d.) But Ambac specifically raised its contention that "participation" means "ownership" in its Stay Motion (Stay Motion ¶ 16 n.8) and addressed the phrase

2

"maximum amount" in the Reply to respond to the Oversight Board's baseless contention that the use of "maximum amount" in the Enabling Act with respect to years prior to fiscal year 2008-2009 somehow undermines Ambac's construction of the word "participation." (Opposition ¶ 77; Reply ¶ 31.)

    c.    Finally, Ambac expressly stated in its Stay Motion that there is no "need for any separate UCC filing" to perfect the lien. (Stay Motion ¶ 51 n.15; *see also* FGIC Joinder ¶ 4.) The Oversight Board's assertion in its brief that this is a new argument on reply simply misstates the record. (Objection ¶ 4.h.) To the extent the Oversight Board asserted UCC-based defenses in its Opposition (*e.g.*, Opposition ¶ 76 n.21), it was entirely proper for Movants to respond to those purported defenses in its Reply.

    2.    Even if the Oversight Board's contention that Ambac introduced new arguments in its Reply were true—it is not—the Oversight Board would have needed to seek leave before filing a sur-reply on issues other than standing on that basis. Sur-replies are not permitted unless authorized by the Court (Case Management Order ¶ III.L), and the Court did not authorize the Oversight Board to simply file a brief addressing any and all issues it chose.[3]

*(Remainder of page intentionally left blank)*

---

[3] To the extent that the Oversight Board asks the Court to strike portions of the Reply (Opposition ¶ 4), this request for affirmative relief in its opposition to the Motion to Strike is procedurally improper. As this Court has previously held, it is inappropriate to combine requests for affirmative relief with responsive papers. *See In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 583 B.R. 626, 637 (D.P.R. 2017) (declining to consider relief requested in opposition papers because the requests "have not properly been raised by motion practice").

Dated: July 22, 2019
      San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
    Roberto Cámara-Fuertes (USDC-PR No. 219002)
    Sonia Colón (USDC-PR No. 213809)
    221 Ponce de León Avenue, 5th Floor
    San Juan, PR 00917
    Telephone: (787) 766-7000
    Facsimile: (787) 766-7001
    Email: rcamara@ferraiuoli.com
           scolon@ferraiuoli.com

**MILBANK LLP**

By: /s/ *Atara Miller*
    Dennis F. Dunne
    Andrew M. Leblanc
    Atara Miller
    Grant R. Mainland
    (admitted *pro hac vice*)
    55 Hudson Yards
    New York, NY 10001
    Telephone: (212) 530-5770
    Facsimile: (212) 822-5770
    Email: ddunne@milbank.com
          aleblanc@milbank.com
          amiller@milbank.com
          gmainland@milbank.com

***Attorneys for Ambac Assurance Corporation***

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile:  (787) 766-7001
Email:  rcamara@ferraiuoli.com