IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,[1]<br><br>                              Debtors. | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**Re: Dkt. No. 8020** |

**STATEMENT IN SUPPORT OF AMBAC'S MOTION TO STRIKE PSA PROVISIONS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers listed as Bankruptcy Case numbers due to software limitations).

1. The parties hereto (the "Supporting Parties")[2] hereby submit this statement in support of *Ambac Assurance Corporation's Motion to Strike Certain Provisions of the Plan Support Agreement By and Among the Financial Oversight and Management Board for Puerto Rico, Certain GO Holders, and Certain PBA Holders* [Docket No. 8020] (the "Motion to Strike") insofar as the Motion to Strike requests that the PSA's "break-up fee" be stricken.[3]

2. If the PSA is terminated or the Oversight Board proposes an alternative plan of adjustment that is inconsistent with the PSA, then, except under certain limited circumstances, the Commonwealth will become obligated to pay up to $100 million in cash to the PSA Creditors as an administrative expense claim. PSA Term Sheet, § II.M. This "break-up fee" is wholly inappropriate and should be stricken.

3. More than a month has passed since the PSA was publicly announced, and the Oversight Board is no closer now than it was then to obtaining the support of key stakeholders that is necessary to move forward with its plan. It is now apparent that, if the Oversight Board is to have any hope of confirming a plan of adjustment for the Commonwealth, the current plan must be substantially revised—something that the Oversight Board cannot do without the consent of the LCDC and QTCB Noteholder Group (lest the obligation to pay the break-up fee be triggered).

4. In this way, the break-up fee has effectively bound the Commonwealth to the Oversight Board's pursuit of a deeply unpopular and manifestly flawed PSA, and has incentivized the PSA Creditors to abet this behavior—something made all the more galling when

---

[2] This Statement is submitted on behalf of the Ad Hoc Group of Constitutional Debtholders, *see Fourth Supplemental Verified Statement of the Ad Hoc Group of Constitutional Debtholders Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Dkt. No. 7952]; the Ad Hoc Group of General Obligation Bondholders, *see Fifth Supplemental Verified Statement of the Ad Hoc Group of General Obligation Bondholders Pursuant to Bankruptcy Rule 2019* [Dkt. No. 5444]; and Assured Guaranty Corp. and Assured Guaranty Municipal Corp.

1

one considers that the PSA parties are playing with house money. After all, it is the Commonwealth, not the Oversight Board, that will have to pay $100 million if the PSA is terminated (and the PSA parties were to obtain an order allowing that payment as an administrative expense claim).

5. Despite the considerable lip service paid to building consensus and improving the plan,[4] the Oversight Board has made no effort to do so. Thus, it appears that it is not a question of *if* the PSA will be terminated, but *when*. For these reasons, the Motion to Strike should be granted insofar as it requests that the PSA's "break-up fee" be stricken.

*[Signature pages follow]*

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Strike.

[4] *See, e.g.,* Docket No. 8057, ¶ 2 ("[T]he Oversight Board fully intends to continue the process of developing . . . and building support for" the PSA); Docket No. 7640, ¶¶ 1-4 (similar sentiment expressed in support or proposed stay of litigation); Hr'g. Tr. (D.P.R. Jun. 12, 2019), at 27:4-11 (representation by Board's counsel of willingness to negotiate).

2

Dated: July 23, 2019

| | |
|---|---|
| */s/ Gerardo A. Carlo*<br>Gerardo A. Carlo<br>USDC PR No. 112009<br>Telephone: (787) 247-6680<br>gacarlo@carlo-altierilaw.com<br><br>*/s/ Kendra Loomis*<br>Kendra Loomis<br>USDC PR No. 227408<br>Telephone: (787) 370-0255<br>loomislegal@gmail.com<br><br>**G. CARLO-ALTIERI LAW OFFICES, LLC**<br>254 San Jose St., Third Floor<br>San Juan, Puerto Rico 00901<br>Telephone: (787) 247-6680<br>Facsimile: (787) 919-0527 | */s/ Gary S. Lee*<br>James M. Peck (admitted *pro hac vice*)<br>Gary S. Lee (admitted *pro hac vice*)<br>Grant J. Esposito (admitted *pro hac vice*)<br>David J. Fioccola (admitted *pro hac vice*)<br>Andrew R. Kissner (admitted *pro hac vice*)<br><br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br>jpeck@mofo.com<br>glee@mofo.com<br>gesposito@mofo.com<br>dfioccola@mofo.com<br>akissner@mofo.com |

*Counsel for the Ad Hoc Group of Constitutional Debtholders*

3

| | |
|---|---|
| /s/ Ramón Rivera Morales | /s/ Lawrence S. Robbins |
| J. Ramón Rivera Morales | Lawrence S. Robbins (admitted *pro hac vice*) |
| USDC-PR Bar No. 200701 | Gary A. Orseck (admitted *pro hac vice*) |
| Andrés F. Picó Ramírez | Kathryn S. Zecca (admitted *pro hac vice*) |
| USDC-PR Bar No. 302114 | Mark T. Stancil (admitted pro hac vice) |
| JIMÉNEZ, GRAFFAM & LAUSELL | Donald Burke (admitted *pro hac vice*) |
| P.O. Box 366104 | ROBBINS, RUSSELL, ENGLERT, ORSECK, |
| San Juan, PR 00936 | UNTEREINER & SAUBER LLP |
| Telephone: (787) 767-1030 | 2000 K Street, N.W., 4th Floor |
| Facsimile: (787) 751-4068 | Washington, DC 20006 |
| Email: rrivera@jgl.com | Telephone: (202) 775-4500 |
| | Email: lrobbins@robbinsrussell.com |

/s/ Andrew N. Rosenberg
Andrew N. Rosenberg (admitted *pro hac vice*)
Karen R. Zeituni (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Email: arosenberg@paulweiss.com

*Counsel to the Ad Hoc Group of General Obligation Bondholders*

4

| CASELLAS ALCOVER & BURGOS P.S.C. | CADWALADER, WICKERSHAM & TAFT LLP |
|---|---|
| By: /s/ *Heriberto Burgos Pérez* | By:/s/ *Howard R. Hawkins, Jr.* |
| Heriberto Burgos Pérez<br>USDC-PR 204809<br>Ricardo F. Casellas-Sánchez<br>USDC-PR 203114<br>Diana Pérez-Seda<br>USDC-PR 232014<br>P.O. Box 364924<br>San Juan, PR 00936-4924<br>Telephone: (787) 756-1400<br>Facsimile: (787) 756-1401<br>Email: hburgos@cabprlaw.com<br>    rcasellas@cabprlaw.com<br>    dperez@cabprlaw.com | Howard R. Hawkins, Jr.*<br>Mark C. Ellenberg*<br>William J. Natbony*<br>Ellen Halstead*<br><br>Thomas J. Curtin*<br>Casey J. Servais*<br>200 Liberty Street<br>New York, NY 10281<br>Telephone: (212) 504-6000<br>Facsimile: (212) 406-6666<br>Email: howard.hawkins@cwt.com<br>    mark.ellenberg@cwt.com<br>    bill.natbony@cwt.com<br>    ellen.halstead@cwt.com<br>    thomas.curtin@cwt.com<br>    casey.servais@cwt.com |
| *Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | *admitted pro hac vice*<br><br>*Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

5