# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br>Case No. 17-BK-3283<br>(LTS)<br><br>(Jointly Administered |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY<br><br>Debtor. | Case No. 17-BK-4780 |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17- BK3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

## FURTHER ORDER ON MOTION TO SEAL

This matter is before the Court on the *Urgent Motion of Official Committee of Unsecured Creditors to File Under Seal Unredacted Renewal of June 3, 2019 Omnibus Motion to Compel in Connection with PREPA RSA Rule 9019 Settlement Motion*. (Dkt. No. 1468 in 17-BK-4780; Dkt. No. 8042 in 17-BK-3283) ("Motion to Seal"). Therein, the Committee[2] seeks to file an unredacted version of its Renewed Motion to Compel under seal. The information the Committee seeks to seal was received by the Committee from producing parties under a protective order.

This Court granted the Motion to Seal for a limited duration but found that the Committee did "not include sufficient information to justify sealing of the redacted information." (Dkt. No. 1477 in 17-BK-4780). Thus, the Court required producing parties, whose information was being protected, to file briefs justifying the continued sealing of any information. (Id.). The Court has received two briefs to that effect. (Dkt. Nos. 1490 and 1487 in 17-BK-4780).

First, Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively, "Assured") filed an additional brief on July 22, 2019. (Dkt. No. 1487 in 17-BK-4780; Dkt. No. 8178 in 17-BK-3283). Assured represents that it produced two exhibits the Committee seeks to file under seal, Exhibits 14 and 21. Assured represents that, as to those two documents, it has re-reviewed them and has determined that sealing is not necessary. (Id. ¶ 3).

Second, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") filed an additional brief on July 22, 2019. (Dkt. No. 1490 in 17-BK-4780; Dkt. No. 8184

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion to Seal.

in 17-BK-3283). Therein, the Oversight Board withdrew its confidentiality designations as to Exhibits 9, 10, 11, 16, and 17-20.

The Oversight has requested to continue sealing on Exhibits 12, 13, 15, and 22 to the Renewed Motion to Compel, which consist of documents produced by the Oversight Board and/or Proskauer Rose LLP. The Oversight Board describes such documents as follows:

> The Exhibits the Oversight Board seeks to retain under seal include drafts of the preliminary Restructuring Support Agreement between PREPA and the Ad Hoc Group of PREPA bondholders (collectively, the 'Ad Hoc Group') (Exs. 12 and 13), a presentation made by Houlihan Lokey, a financial advisor to the Ad Hoc Group, that summarizes key terms proposed by the parties during the negotiations that ultimately resulted in the definitive RSA (Ex. 15), and an email summarizing the current status of negotiations for the benefit of the Oversight Board's members (Ex. 22).

(Dkt. No. 1490 ¶ 6). 11 U.S.C. § 107 provides that information in public filings can be protected in limited circumstances, including where necessary to "protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]" The protection of information must be narrowly tailored. See Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Glob. Corp.), No. CIV.A. 05-10334-DPW, 2005 WL 1027348, at *10 (D. Mass. May 2, 2005), aff'd, 422 F.3d 1 (1st Cir. 2005). The Court finds that the Oversight Board has sufficiently shown that the limited number of exhibits to remain under seal at this juncture of the litigation include commercially sensitive information such that sealing is appropriate. Thus, Exhibits 12, 13, 15, and 22 may remain under seal until further order of the Court.

For the reasons addressed herein, the Committee shall refile its Renewed Motion to Compel in accordance with this order. Exhibits 9, 10, 11, 14, 16, 17, 20 and 21 shall not be sealed. Exhibits 12, 13, 15, and 22 may remain filed under seal until further order of this Court.

3

Nothing herein shall prejudice the right of any party to move to unseal Exhibits 12, 13, 15, or 22.

This resolves Dkt. No. 1468 in 17-BK-4780 and Dkt. No. 8042 in 17-BK-3283.

SO ORDERED.

July 24, 2019

/s/ Judith G. Dein
Judith Gail Dein
United States Magistrate Judge
