UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO,<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

-----------------------------------------------------------x

### ORDER REGARDING STAY PERIOD AND MANDATORY MEDIATION

In order to avoid piecemeal litigation of potentially overlapping key issues, and in an effort to identify efficiently the issues that must be litigated or otherwise resolved to achieve confirmation of a plan of adjustment for the Commonwealth (and other debtors and potential debtors in Title III proceedings), as well as to prioritize such issues and develop efficient approaches to the resolution of such issues, the Court hereby stays the adversary proceedings and contested matters listed in Appendix I hereto through November 30, 2019 (the "Stay").[2]

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     Notwithstanding any other provision of this Order, service of summonses and complaints in the enumerated adversary proceedings shall continue during the Stay.  However, all defendants' time to respond to such complaints is hereby extended until 30 days after the termination of the Stay (including any extensions of the Stay).  A copy of this order must be served with each summons and complaint served after the date of this Order and while the Stay is in effect.

A.     The following procedures shall be mandatory during the Stay and until otherwise ordered by the Court:

1.     The Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Fiscal Agency and Financial Advisory Authority, the Official Committee of Unsecured Creditors, the Official Committee of Retired Employees, the movants or plaintiffs in each of the adversary proceedings and contested matters listed in Appendix I hereto, and defendants, respondents, and parties in interest who have appeared in such proceedings to date (or appropriate representatives of such groups), as directed by the Honorable Barbara J. Houser, who serves as Mediation Team Leader for these Title III proceedings (the "Mediation Team Leader"), are required to participate in discussions and communications facilitated by the Mediation Team Leader to address the concerns identified in the preceding paragraph of this Order.

2.     The proceedings and contested matters listed in Appendix I are stayed until November 30, 2019, to facilitate the work of the foregoing parties and parties in interest with the Mediation Team Leader.

3.     The Mediation Team Leader shall facilitate the filing of agreed or substantially agreed scheduling order(s) with respect to (i) the adversary proceedings and contested matters listed in Appendix I and (ii), if a plan of adjustment is filed for any Title III debtor, the process for considering approval of a disclosure statement and/or confirmation of any such plan of adjustment.

4.     If the parties cannot agree or come to substantial agreement with respect to such scheduling orders, the Mediation Team Leader shall file with the Court a report (the "Report") by October 28, 2019, setting forth the procedural issues as to which substantial consensus has been achieved, any further procedural recommendations of the Mediation Team Leader relating to those issues, and any other recommendations of the Mediation Team Leader regarding an appropriate schedule for the disposition of these adversary proceedings and contested matters, including but not limited to her recommendation as to whether the stay should be continued past November 30, 2019.  If a plan of adjustment is filed for any Title III debtor, the Report may also address the Mediation Team Leader's recommendations regarding procedural issues such as the timing of hearings to consider approval of a disclosure statement, the identification of issues that should be considered in connection with such a disclosure statement hearing, and/or the timing of hearings to consider confirmation of such a plan.

5.     If a Report is filed by the Mediation Team Leader, any responses or objections to the Report shall be filed by November 4, 2019.

6.      If a Report is filed by the Mediation Team Leader, it shall not address the substance of any party's position with respect to any matter addressed therein without the party's express consent.  In the absence of consent, the Report shall only address procedural matters – i.e., the relative priority of issues to be addressed by the Court, the appropriate process through which issues should be addressed by the Court, and the recommended timing of the Court's consideration of the issues.  Similarly, the parties' responses or objections to the Report shall only address the same procedural matters.  Except as expressly permitted by the terms of this Order, mediation confidentiality shall not be breached by any party in the Report, the responses or the objections.

7.      A hearing to consider: (i) approval of any proposed scheduling order facilitated by the Mediation Team Leader, (ii) the Report, if filed, and any responses and objections thereto, and (iii) the extent, if any, to which any or all of the matters listed in Appendix I shall be further stayed, is hereby set for November 14, 2019 at 9:30 A.M. in New York, and for docket control purposes the applications to stay the listed proceedings are hereby adjourned to the December Omnibus Hearing.

B.      As directed by the Mediation Team Leader, procedures for the resolution of the issues identified below, and for any other issues she believes appropriate, may be addressed in the work she facilitates:

1.      Issues, including the validity, secured status (if any), and priority relating to the following bonds, some or all of which have been the subject of challenges or claim objections:

        a.  Commonwealth GO bonds

        b.  PBA bonds

        c.  ERS bonds

        d.  HTA bonds.

2.      Issues concerning rum taxes and PRIFA bonds.

3.      Whether and to what extent there are common issues underlying or implicated by the objections and challenges to the bonds, whether across series of bonds issued by particular entities or across bonds issued by different entities, that can be litigated in a coordinated fashion.

4.      Validity and impact of revenue clawbacks.

5.      Claims against underwriters and other service providers in connection
        with debt issuances.

6.      Anticipated gerrymandering challenges to classification, including as
        between issues of securities and as between types of unsecured claims
        (e.g., pensions vs. general unsecured claims).

7.      Identification and treatment of essential services under a plan of
        adjustment.

8.      Treatment of claims based on alleged violations of the federal constitution
        under a plan of adjustment.

9.      Whether and to what extent the cooperation of the Commonwealth's
        elected government is required to commence Title III or Title VI
        proceedings that may be necessary to initiate and implement a plan of
        adjustment.

10.     Mechanisms for efficient litigation of issues, including:

        a.  Whether and how certain issues can be litigated in advance of, or
            in connection with, consideration of a disclosure statement;

        b.  Efficient mechanisms for notification and participation of parties
            whose interests may be affected by determination of issues,
            including identification of lead parties to act as proponents and
            opponents of key propositions and coordination of briefing and
            argument;

        c.  Whether and when the creation of a limited-scope committee
            might be necessary or advisable to address issues unique to
            individual bondholders (such as the payment structure of
            replacement bonds); and

        d.  Whether litigation of certain issues can be left for a confirmation
            hearing or post-confirmation proceedings.


        [*Remainder of Page Intentionally Left Blank*]

       C.     If the Mediation Team Leader believes it appropriate to commence substantive mediation on any of the issues, including issues relating to confirmation of a plan of adjustment for any Title III debtor, in advance of the filing of any agreed scheduling order or the Report, parties to the Mediation Agreement identified by the Mediation Team Leader shall participate in any mediation session scheduled by the Mediation Team Leader.

       SO ORDERED.

Dated: July 24, 2019

                                      /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  United States District Judge