## **EXHIBIT 7**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------  X
In re:                                                         :
                                                               :
THE FINANCIAL OVERSIGHT AND                                    :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                              :    Title III
                                                               :
            As representative of                               :    Case No. 17-BK-3283 (LTS)
                                                               :
THE COMMONWEALTH OF PUERTO RICO et al., [1]                    :    (Jointly Administered)
                                                               :
            Debtors.                                           :
-------------------------------------------------------------  X
In re:                                                         :
                                                               :
THE FINANCIAL OVERSIGHT AND                                    :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                              :    Title III
                                                               :
            As representative of                               :    Case No. 17-BK-4780 (LTS)
                                                               :
PUERTO RICO ELECTRIC POWER AUTHORITY                           :
(PREPA)                                                        :
                                                               :
            Debtor.                                            :
-------------------------------------------------------------  X
```

# PREPA'S RESPONSES AND OBJECTIONS TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' SECOND SET OF DOCUMENT REQUESTS TO PUERTO RICO ELECTRIC POWER AUTHORITY IN CONNECTION WITH JOINT MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY AND AAFAF PURSUANT TO BANKRUPTCY CODE SECTIONS 362, 502, 922, AND 928, AND BANKRUPTCY RULES 3012(A)(I) AND 9019 FOR ORDER APPROVING SETTLEMENTS EMBODIED IN RESTRUCTURING SUPPORT AGREEMENT AND <u>TOLLING CERTAIN LIMITATIONS PERIODS</u>

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure pursuant to Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("**PROMESA**"), the Puerto Rico Electric Power Authority ("**PREPA**") hereby responds and objects (the "**Responses and Objections**") to the *Official Committee of Unsecured Creditors' Second Set of Document Requests to Puerto Rico Electric Power Authority in Connection with Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(I) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods*, served July 5, 2019 (collectively, the "**Requests**," and each a "**Request**"), which was served at the direction of the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "**Committee**").

## PRELIMINARY STATEMENT

PREPA has not yet completed its investigation and review of documents.  These Responses and Objections, and any subsequent document production, are based and will be based only upon the information that is currently available to and specifically known to PREPA as of the date hereof.  PREPA reserves the right to amend or supplement these responses and objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from these Responses and Objections as a result of mistake, error, or inadvertence.  PREPA has made reasonable efforts to respond to the Requests, to the extent they have not been objected to, as PREPA understands and interprets the Requests.  If the Committee subsequently asserts an interpretation of the Requests that differs from PREPA's interpretation, PREPA reserves the right to supplement these Reponses and Objections.

### GENERAL OBJECTIONS

1.     PREPA objects to the Requests, and to each and every Request, as unduly

burdensome to the extent that they do not seek information that is relevant or reasonably calculated

to lead to the discovery of admissible evidence relevant to the *Joint Motion of Puerto Rico Electric*

*Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and*

*Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the*

*Restructuring Support Agreement and Tolling Certain Limitations Periods*, dated May 10, 2019

[ECF No. 1235] (the "**Rule 9019 Motion**"), and relevant to the *Supplemental Memorandum of*

*Law and Facts in Support of Joint Motion of Puerto Rico Electric Power Authority and AAFAF*

*Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1)*

*and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and*

*Tolling Certain Limitations Periods* [ECF No. 1425] (the "**Supplemental Memorandum**").

2.     PREPA objects to the Requests, and to each and every Request, to the extent they

seek documents and information that are not "relevant to any party's claim or defense and

proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

3.     PREPA objects to the Requests, and to each and every Request, to the extent they

seek documents or information that are not in PREPA's possession, custody, or control.  Subject

to the other general and specific objections set forth herein, PREPA will use reasonable diligence

to obtain responsive documents in its possession, custody, or control based on an examination of

those files reasonably expected to yield responsive documents.  Documents produced by PREPA

in response to specific Requests should not be construed as a representation that every document

in its possession, custody, or control has been examined.  PREPA objects to the Requests, and to

each and every Request, to the extent they purport to require PREPA to search archives, backup

files, or any information that is not readily accessible, including without limitation the files of any

person no longer employed with, a member of, or otherwise acting on behalf of PREPA and whose files have been archived, destroyed, or released in connection with such person's departure from PREPA.

4.      PREPA objects to the Requests, and to each and every Request, to the extent they seek materials that have already been provided to the Committee in connection with the *Motion of National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee Inc. for Relief from the Automatic Stay to Allow Movants to Enforce Their Statutory Right to Have a Receiver Appointed*, dated October 3, 2018 [ECF No. 975] (the "**Lift Stay Motion**").

5.      PREPA objects to the Requests, and to each and every Request, to the extent they seek materials that have already been provided to the Committee in connection with *PREPA's Responses and Objections to Official Committee of Unsecured Creditors' First Set of Document Requests to Puerto Rico Electric Power Authority and Its Advisors in Connection with Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(1) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods*, served by PREPA on the Committee on May 29, 2019.

6.      PREPA objects to the Requests, and to each and every Request, to the extent that they purport to impose burdens on PREPA that are inconsistent with, not otherwise authorized by, or exceed those required by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for the District of Puerto Rico, or this Court's chambers practices and case management orders

(collectively, the "**Governing Rules**").  PREPA will construe and respond to the Requests in a manner consistent with its obligations under the Governing Rules, and not otherwise.

7.      PREPA objects to each Definition and Instruction to the extent they purport to impose burdens on PREPA that are inconsistent with, not authorized by, or exceed those required by the Governing Rules.  In responding to the Requests, and unless otherwise noted, PREPA will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.

8.      PREPA objects to the Requests, and to each and every Request, to the extent they place an unreasonable burden on PREPA, including without limitation by seeking documents and information that are equally or more readily available from public sources or that are already available to the Committee.

9.      PREPA objects to the Requests, and to each and every Request, to the extent they expressly or impliedly seek documents or information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.  Documents and information protected by these privileges, doctrines, or immunities are not subject to disclosure, and PREPA will not provide them.  PREPA intends to and does assert any and all such privileges with respect to all such documents and information.  The inadvertent production of any such protected document or other item shall not constitute a waiver of any privilege or protection or any other ground for objection to discovery with respect to the information contained therein, nor shall such inadvertent production waive PREPA's right to

5

object to the use of any such document or the information contained therein in connection with the Rule 2019 Motion, or during any subsequent proceeding.  Upon notification that such disclosure was inadvertent, the document(s)/item(s) and any copies thereof shall be returned or destroyed immediately.

10.     PREPA objects to each Definition, Instruction, and Request to the extent they seek documents or information that are confidential or proprietary in nature, or otherwise constitute protected commercial, strategic, financial, or competitively sensitive or trade secret information. To the extent that such relevant and responsive documents or information exist, PREPA will produce them only pursuant to the *Stipulation and Order in Connection with Discovery Regarding the Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(I) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods*, Case No. 17-04780-LTS, Dkt. No. 1322 (June 11, 2019) (the "**Protective Order**").

11.     PREPA objects to the Requests, and to each and every Request, to the extent that they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions.  By providing these Responses and Objections, PREPA does not admit any factual or legal premise in the Requests.

12.     To the extent any term defined or used in the Requests is used in responding to the Requests, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

13.     PREPA objects to the Requests, and to each and every Request, as unduly burdensome to the extent that they are cumulative or duplicative of other discovery requests served upon PREPA or other parties.

14.     PREPA objects to the Requests, and to each and every Request, to the extent they seek information for an undefined or unstated period of time on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of the Rule 9019 Motion and Supplemental Memorandum nor reasonably calculated to lead to the discovery of admissible evidence.

15.     PREPA objects to the definition of the term "AAFAF" as overbroad because that term encompasses individuals and entities without regard to their connection or relevance to the Rule 9019 Motion and Supplemental Memorandum.  In responding to the Requests, PREPA will construe "AAFAF" to mean AAFAF and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

16.     PREPA objects to the definition of the term "Ankura" as overbroad because that term encompasses individuals and entities without regard to their connection or relevance to the Rule 9019 Motion and Supplemental Memorandum.  In responding to the Requests, PREPA will construe "Ankura" to mean Ankura and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

17.     PREPA objects to the definition of the term "Communication" to the extent it seeks to impose burdens on PREPA that differ from or exceed those imposed by the Governing Rules. PREPA also objects to searching or producing any text messages, web messaging, instant messaging, or words transmitted by telephone, radio, or any method of voice recording, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated

timeframe for discovery.  PREPA will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

18.     PREPA objects to the definitions of "Concerning" and/or "relating to" to the extent they are overly broad, vague, and ambiguous.

19.     PREPA objects to the definition of the term "Concessionaire" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to the Requests, PREPA will construe "Concessionaire" to mean Duke Energy Corp., Exelon Corp., PSEG Services Corp., the consortium composed of ATCO Ltd., IEM, and Quanta Services Inc.

20.     PREPA objects to the definition of the term "Document" to the extent it seeks to impose burdens on PREPA that differ from or exceed those imposed by the Governing Rules. PREPA also objects to searching or producing any text messages, instant messages, web messages, WhatsApp messages, social media messages, summaries of records or notes of personal conversations or interviews, recordings, tapes, microfilm, summaries of negotiations, stenographic, handwritten, or any other notes, computer disks and tapes, or tape data sheets or data processing cards or disks, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated timeframe for discovery.  PREPA will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

21.     PREPA objects to the definition of the term "Norton Rose" as overbroad because that term encompasses individuals and entities without regard to their connection or relevance to the Rule 9019 Motion and Supplemental Memorandum.  In responding to the Requests, PREPA

will construe "Norton Rose" to mean Norton Rose Fulbright and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

22.    PREPA objects to the definition of the term "O'Melveny" as overbroad because that term encompasses individuals and entities without regard to their connection or relevance to the Rule 9019 Motion and Supplemental Memorandum.  In responding to the Requests, PREPA will construe "O'Melveny" to mean O'Melveny & Myers LLP and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

23.    PREPA objects to the definition of the term "Oversight Board" as overbroad because that term encompasses individuals and entities without regard to their connection or relevance to the Rule 9019 Motion and Supplemental Memorandum.  In responding to the Requests, PREPA will construe "Oversight Board" to mean the Oversight Board and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

24.    PREPA objects to the definition of the terms "Person" or "Persons" as overbroad because they encompass individuals and entities without regard to their connection or relevance to the Rule 9019 Motion and Supplemental Memorandum.  In responding to the Requests, PREPA will construe "Person" or "Persons" to mean persons reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

25.    PREPA objects to the definition of the term "Proposed Transformation" as vague, ambiguous, and overbroad.  PREPA will construe "Proposed Transformation" to refer to the potential transformation described in the Market Sounding Letter dated June 4, 2018, as posted on

the official website of the Puerto Rico Public-Private Partnerships Authority at
http://www.p3.pr.gov/prepa-transformation.html.

26.    PREPA objects to the definition of "Settlement" to the extent it is overly broad,
vague, and ambiguous.

27.    PREPA objects to the definition of the term "Siemens" as overbroad because that
term encompasses individuals and entities without regard to their connection or relevance to the
Rule 9019 Motion and Supplemental Memorandum.  In responding to the Requests, PREPA will
construe "Siemens" to mean Siemens Industry, Inc. and its members and employees reasonably
likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

28.    PREPA objects to the definition of the term "Supporting Holders" as overbroad
because that term encompasses individuals and entities without regard to their connection or
relevance to the Rule 9019 Motion and Supplemental Memorandum.  In responding to the
Requests, PREPA will construe "Supporting Holders" to mean the supporting holders of the RSA,
as defined by the preamble of the RSA as well as their members and employees reasonably likely
to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

29.    PREPA objects to the definition of the terms "You," "Your" and "PREPA" as
overbroad because they encompass individuals and entities without regard to their connection or
relevance to the Rule 9019 Motion and Supplemental Memorandum.  In responding to the
Requests, PREPA will construe "You," "Your" and "PREPA" to mean PREPA and its members
and employees reasonably likely to possess information relevant to the Rule 9019 Motion and
Supplemental Memorandum.

30.    PREPA objects to Instruction 2 to the extent it seeks to impose burdens on PREPA
that differ from or exceed those imposed by the Governing Rules.  PREPA will meet and confer

with the Committee regarding mutually agreeable production protocols for electronically stored information and non-electronically stored information.

31.     PREPA objects to Instruction 5 to the extent it imposes burdens on PREPA that differ from or exceed those imposed by the Governing Rules.  PREPA also objects to Instruction 5 on the grounds that it is unduly burdensome and not proportional to the needs of the case and abbreviated timeframe for discovery.  PREPA will use reasonable diligence to provide information reasonably known to it as of the date of these Responses and Objections.

32.     PREPA objects to Instructions 6 and 9 to the extent they impose burdens on PREPA that differ from or exceed those imposed by the Governing Rules by requiring the identification of responsive documents that are no longer in the possession, custody, or control of PREPA, a description of the disposition of such documents (including the reason for the disposition and the persons who authorized such disposition), the date of disposition, when such documents were most recently in the possession, custody, or control of PREPA, identification of the person currently in possession, custody, or control of such documents, and otherwise provide a description of the nature and contents of such documents. PREPA also objects to Instructions 6 and 9 on the grounds that they are unduly burdensome and not proportional to the needs of the case and abbreviated timeframe for discovery for PREPA to provide the information requested by Instructions 6 and 9.

33.     PREPA objects to Instruction 7 to the extent it imposes burdens on PREPA that differ from or exceed those imposed by the Governing Rules by requiring the identification of responsive documents that have been destroyed and a description of the reason for such destruction and the identification of the person who destroyed such documents and the person who directed their destruction.

11

34.     PREPA objects to Instruction 8 to the extent it imposes burdens on PREPA that differ from or exceed those imposed by the Governing Rules.

35.     These Responses and Objections are made without waiving, or intending to waive, but, on the contrary, expressly reserving: (a) the right to object on the grounds of competency, privilege, relevancy, materiality, admissibility as evidence for any purpose, or any other proper grounds, to the use of any documents produced hereunder or the subject matter thereof, in whole or in part, at any trial or hearing related in the above-captioned case or in any related or subsequent action or proceeding; (b) the right to object on any and all grounds, at any time, to other demands for production or other discovery procedures involving or relating to the subject matter of the Requests or otherwise; and (c) the right at any time to revise, amend, correct, supplement, or clarify any of the Responses and Objections herein.

36.     These Responses and Objections should not be construed as: (a) an admission as to the propriety of any Request; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Request; (c) an acknowledgement that documents or other items responsive to any Request exist; (d) a waiver of the General Objections or the objections asserted in response to specific Requests; (e) an admission as to the relevance or admissibility into evidence of any documents, item or information; (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation; or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner. Nothing in these Responses and Objections is intended to waive, and PREPA expressly reserves, the right to file a motion to quash the Requests and/or to seek a protective order.

37.     The above General Objections are incorporated into each of the following specific Objections and Responses.

12

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 1:

All documents and communications relied upon or considered in preparing the Jaresko Declaration.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to its General Objections, PREPA objects to Request No. 1 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. PREPA also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents. PREPA further objects to this request to the extent it seeks documents or information that are not in PREPA's possession, custody, or control. PREPA further objects to this request on the ground that it should be directed to the Oversight Board.

### REQUEST FOR PRODUCTION NO. 2:

All documents and communications relied upon or considered in preparing the Brownstein Declaration.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

In addition to its General Objections, PREPA objects to Request No. 2 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. PREPA also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand

the collection, review and production of "all" responsive documents. PREPA further objects to this request to the extent it seeks documents or information that are not in PREPA's possession, custody, or control. PREPA further objects to this request on the ground that it should be directed to Citigroup Global Markets, Inc. ("**Citi**") and the Oversight Board.

## REQUEST FOR PRODUCTION NO. 3:

All documents and communications relied upon or considered in preparing the Chapados Declaration.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

In addition to its General Objections, PREPA objects to Request No. 3 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. PREPA also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents. PREPA further objects to this request to the extent it seeks documents or information that are not in PREPA's possession, custody, or control. PREPA further objects to this request on the ground that it should be directed to Citi and the Oversight Board.

## REQUEST FOR PRODUCTION NO. 4:

All documents and communications relied upon or considered in preparing the Sobrino Declaration.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

In addition to its General Objections, PREPA objects to Request No. 4 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  PREPA also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, PREPA responds as follows: Mr. Sobrino is testifying as a percipient witness based on matters within his personal knowledge.  *Cf.* Fed. R. Civ. P. 26(a)(2)(B) (requiring disclosure of materials considered by a retained expert).  Materials supporting Mr. Sobrino's testimony regarding the Receivership Litigation are disclosed by docket number in the declaration, and are publicly available.  Similarly, the RSA itself is publicly available.

## REQUEST FOR PRODUCTION NO. 5:

All non-privileged communications, if any, concerning the preparation of the Supplemental Submissions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

In addition to its General Objections, PREPA objects to Request No. 5 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. PREPA also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive communications.  PREPA further objects to this request to the extent it seeks documents or information that are not in PREPA's possession, custody, or control.

Without waiving the foregoing general and specific objections, PREPA responds as follows: PREPA is not aware of any non-privileged, responsive documents within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications concerning calculations in the Brownstein Declaration, including but not limited to the calculations in Tables 1-5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to its General Objections, PREPA objects to Request No. 6 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  PREPA also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.  PREPA further objects to this request to the extent it seeks documents or information that are not in PREPA's possession, custody, or control.  PREPA further objects to this request on the ground that it should be directed to Citi and the Oversight Board.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications concerning negotiations with Syncora Guarantee Inc. or its counsel or advisors concerning the RSA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to its General Objections, PREPA objects to Request No. 7 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  PREPA

further objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents. PREPA further objects to this request to the extent it seeks documents or communications that are not in PREPA's possession, custody, or control. PREPA further objects to this request on the ground that it is not based on new information in the Supplemental Memorandum. PREPA further objects to this request to the extent it seeks the production of documents that have already been produced to the Committee.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications concerning negotiations with National Public Finance Guarantee Corporation or its counsel or advisors concerning the RSA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to its General Objections, PREPA objects to Request No. 8 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. PREPA further objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents. PREPA further objects to this request to the extent it seeks documents or communications that are not in PREPA's possession, custody, or control. PREPA further objects to this request on the ground that it is not based on new information in the Supplemental Memorandum. PREPA further objects to this request to the extent it seeks the production of documents that have already been produced to the Committee.

**REQUEST FOR PRODUCTION NO. 9:**

    All economic and financial models supporting the figures provided in PREPA's June 27, 2019 Certified Fiscal Plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

    In addition to its General Objections, PREPA objects to Request No. 9 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  PREPA also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.  In addition, PREPA objects to this request to the extent it seeks documents or communications that are not in PREPA's possession, custody, or control.  PREPA further objects to this request on the ground that it should be directed to the Oversight Board.

Dated: July 10, 2019
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Elizabeth L. McKeen*
John J. Rapisardi
Nancy A. Mitchell
Peter Friedman
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

Elizabeth L. McKeen
Ashley M. Pavel
(Admitted *Pro Hac Vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: +1-949-823-6900
Fax: +1-949-823-6994

*Attorneys for Puerto Rico Electric Power
Authority*

I hereby certify that, on this date, I caused copies of the foregoing document to be served on the following counsel of record for the Potential Objectors.

WEIL, GOTSHAL & MANGES LLP

Robert Berezin, Esq.
Marcia Goldstein, Esq.
Jonathan Polkes, Esq.
Gregory Silbert, Esq.
767 Fifth Avenue
New York, NY 10153
marcia.goldstein@weil.com
jonathan.polkes@weil.com
gregory.silbert@weil.com
robert.berezin@weil.com

*Counsel for National Public Finance Guarantee Corporation*

PAUL HASTINGS LLP

Luc A. Despins, Esq.
Andrew V. Tenzer, Esq.
James R. Bliss, Esq.
James B. Worthington, Esq.
Michael E. Comerford, Esq.
G. Alexander Bongartz, Esq.
Nicholas Bassett, Esq.
875 15th Street NW
Washington, DC 20005
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel for the Official Committee of Unsecured Creditors*

DEBEVOISE & PLIMPTON LLP

My Chi To, Esq.
Craig A. Bruens, Esq.
Elie J. Worenklein, Esq.
919 Third Avenue
New York, NY 10022
mcto@ debevoise.com
cabruens@ debevoise.com
eworenklein@debevoise.com

*Counsel for Syncora Guarantee, Inc.*

WACHTELL, LIPTON, ROSEN & KATZ LLP

Richard G. Mason, Esq.
Amy R. Wolf, Esq.
Emil A. Kleinhaus, Esq.
Angela K. Herring, Esq.
51 West 52nd Street
New York NY 10019
rgmason@wlrk.com
arwolf@wlrk.com
eakleinhaus@wlrk.com
akherring@wlrk.com

*Counsel for Cortland Capital Market Services LLC, as Administrative Agent*

SIMPSON THACHER & BARTLETT LLP

Sandy Qusba, Esq.
Bryce L. Friedman, Esq.
Nicholas Baker, Esq.
Edward R. Linden, Esq.
425 Lexington Avenue
New York, NY 10017
squsba@stblaw.com
bfriedman@stblaw.com
nbaker@stblaw.com
edward.linden@stblaw.com

*Counsel for Solus Alternative Asset
Management LP*

BUFETE EMMANUELLI, C.S.P.

Jessica E. Méndez Colberg, Esq.
Rolando Emmanuelli Jiménez, Esq.
Urb. Constancia
2803 Calle San Francisco
Ponce PR 00717
jessica@bufete-emmanuelli.com
remmanuelli@me.com

*Counsel for Unión de Trabajadores de la
Industria Eléctrica y Riego, Inc. ("UTIER")*

Further, I hereby certify that, on this date, I caused copies of the foregoing document to

be served on the following counsel of record for other parties-in-interest to the 9019 Motion.

PROSKAUER ROSE, LLP

Martin J. Bienenstock, Esq.
Ehud Barak, Esq.
Margaret A. Dale, Esq.
Gregg M. Mashberg, Esq.
Michael T. Mervis, Esq.
Elisa Cariño, Esq.
Jennifer L. Jones, Esq.
Laura Stafford, Esq.
Lucy Wolf, Esq.
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900
mbienenstock@proskauer.com
ebarak@proskauer.com
mdale@proskauer.com
gmashberg@proskauer.com
mmervis@proskauer.com
ecarino@proskauer.com
jljones@proskauer.com
lstafford@proskauer.com
lwolf@proskauer.com
Paul V. Possinger, Esq.
Brandon C. Clark, Esq.
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel: (312) 962-3550
Fax: (312) 962-3551
ppossinger@proskauer.com
bclark@proskauer.com

**DEL VALLE EMMANUELLI LAW OFFICES**
Luis F. del Valle Emmanuelli, Esq.
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
devlawoffices@gmail.com

*Attorneys for The Financial Oversight and
Management Board for Puerto Rico, as
representative of The Commonwealth of
Puerto Rico and the Puerto Rico Electric
Power Authority*

CADWALADER, WICKERSHAM & TAFT LLP

William J. Natbony, Esq.
Ellen Halstead, Esq.
200 Liberty Street
New York, NY 10281
Bill.Natbony@cwt.com
Ellen.Halstead@cwt.com

*Counsel for Assured Guaranty Corp., and
Assured Guaranty Municipal Corp.*

KRAMER LEVIN NAFTALIS &FRANKEL LLP

Amy Caton, Esq.
Thomas Moers Mayer, Esq.
Alice J. Byowitz
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
acaton@kramerlevin.com
tmayer@kramerlevin.com
abyowitz@kramerlevin.com

-and-

TORO, COLON, MULLET, RIVERA & SIFRE,
P.S.C.

Manuel Fernandez-Bared, Esq.
Linette Figueroa-Torres, Esq.
Nadya Pérez-Román, Esq.
Jane Patricia Van Kirk, Esq.
PO Box 195383
San Juan, PR 00919-5383
mfb@tcmrslaw.com
lft@tcmrslaw.com
nperez@tcmrslaw.com
jvankirk@tcmrslaw.com

*Counsel for the Ad Hoc Group of PREPA
Bondholders*

Date: June 10, 2019                    */s/ Elizabeth L. McKeen*

                                        Elizabeth L. McKeen (*admitted pro hac vice*)