**EXHIBIT 17**

*Privileged and Confidential*
*Subject to FRE 408*
*DRAFT - March 13, 2019*

## Summary of Open Business Points

*General Issues*

1. <u>Administrative Claim if 9019 Order is Reversed on Appeal</u>:  AHG and Assured believe that if the 9019 Order is reversed on appeal, they should get to keep any Administrative Claim that has accrued through termination.

2. <u>Lien Challenge if Bondholder Challenges Transformation Transaction</u>:  Term Sheet allows the Government Parties to bring a Lien Challenge in response to Bondholder Litigation if the Government Parties believe it is necessary to do so to defend the litigation.  AHG has requested language that this is not applicable to Bondholder Litigation that relates to the Transformation Transaction but not the Bonds.

    - <u>Note</u>:  Government Parties believe it is important to maintain the right to bring a Lien Challenge if necessary and that bringing the Lien Challenge in this circumstance does not impact AHG/Assured rights under Definitive RSA to receive the treatment.

3. <u>Stipulated Treatment Termination on Plan Confirmation</u>:  The Term Sheet currently provides that if the Title III Court denies confirmation of the plan, the Definitive RSA terminates without further consequence as to both parties.  The bondholders believe they should still be entitled to the Stipulated Treatment in that case.

    - <u>Note</u>:  We have discussed whether or not we can approach this issue by providing that the parties need to work in good faith toward plan confirmation and if confirmation is denied be required to attempt in good faith to modify the plan and resubmit before termination.

4. <u>Administrative Claim if Definitive RSA is Terminated Due to Plan Confirmation Being Denied</u>:  The bondholders believe they should be able to keep the Administrative Claim that has accrued through denial of plan confirmation.

5. <u>Full Implementation of Charge</u>:  The bondholders have requested some assurance that the Full Charge will actually be authorized early in the process.  We have discussed (1) requiring legislation authorizing this to be passed by a date certain, (2) requiring the authorization of the Full Charge to be wrapped into the transformation legislation, or (3) providing that the 9019 Order provide that cash adequate protection payments will be required if the Full Charge is not implemented.

6. <u>Force Majeure</u>:  AHG and Assured have indicated that they will negotiate a force majeure that provides for delay in the event of an unexpected event (e.g. another hurricane) but will not agree to a termination.

7. <u>Waiver and Support Fees</u>:  Government Parties have indicated that no Tranche B Bonds will be issued on account of relending bonds due to waiver and support fees.  This is an open economic issue.

8. <u>Taxable Bonds</u>:  The issue of what happens if the parties cannot issue tax-exempt debt is still open.

1

*Privileged and Confidential*
*Subject to FRE 408*
*DRAFT - March 13, 2019*

***Assured Issues***

1. <u>Consequence of Assured Individual Termination</u>: If an Individual Termination event occurs as to Assured but the Definitive RSA has not otherwise terminated, then can Assured bring the Monoline Motion or similar relief?

   - <u>Note</u>: Government Parties position is that once a party is bound to the Definitive RSA, they have settled the Monoline Motion or similar relief in the 9019 Order unless the Definitive RSA has terminated. AHG members have agreed to Government Parties position as to their claims.

2. <u>Gross-Up of Administrative Claim</u>: If the transaction has not closed by the Outside Date (i.e. June 30, 2020), then Assured has requested that they receive an Administrative Claim in the full amount of all of their policy payments made between May 1, 2019 and closing of the transaction.

   - <u>Note</u>: Government Parties have not agreed to this gross-up. AHG has indicated they also may have issues with it (or at least expect increased compensation as well if Assured receives the gross-up).

3. <u>Covenant on Information Regarding Transformation Process</u>: Assured has requested that we provide more and more detailed information on the Transformation Transaction and process. Cleary has indicated the P3 Authority is prepared to provide regular updates based on public information but believes providing more detailed information or confidential information could taint the process.

4. <u>Underwriting Costs on New Assured Bonds</u>: Assured has indicated those should be paid by PREPA. Government Parties believe that is a cost to be borne by Assured.

5. <u>Payment of Insurance Premium</u>: Assured has indicated it expects to get its insurance premium whether or not it actually wraps new bonds. Government Parties have said no.

<u>Note</u>: In addition, the parties still need to address the Demand Protections and Securitization Protections as well as the modeling on the collections.

PROFESSIONAL EYES ONLY                                                                                                    PROSK_9019_00005998