**EXHIBIT 20**

*Privileged and Confidential*
Subject to FRE 408
DRAFT - March ~~13,~~ 15, 2019

## Summary of Open Business Points

*General Issues*

1. Lien Challenge ~~Prior to Entry of 9019 Order~~: If a Lien Challenge is ~~brought~~commenced prior to entry of a 9019 order and is not stayed, ~~bondholders shall~~the Supporting Holders have the right to defend ~~lien challenge~~ without ~~causing a termination event,~~losing their Stipulated Treatment provided that they do not seek to exercise ~~any~~other remedies under the Trust Agreement, including ~~the~~specifically appointment of a receiver. After entry of the stay order, Lien Challenges may be commenced pursuant to (ii), (iii), and (iv) in the last bullet of Litigation Stay/Forbearance section of the term sheet only if the statute of limitations has not been tolled pursuant the Definitive RSA as to the Government Parties (including future board members). If a Lien Challenge is commenced in violation of the Definitive RSA, then the Supporting Holders have the right to defend against such action without losing their Stipulated Treatment. If a Lien Challenge is commenced by the unsecured creditors committee (including through a claim objection), the parties shall seek to stay such Lien Challenge. If a stay cannot be obtained, the Supporting Holders shall have the right to defend against such Lien Challenge without losing the Stipulated Treatment.

2. Stipulated Treatment Termination on Failure to Confirm Plan: The Term Sheet currently provides that if the Title III Court denies confirmation of the plan, the Definitive RSA terminates and bondholders are no longer entitled to Stipulated Treatment/all litigation can resume. The bondholders and Assured believe they should still be entitled to the Stipulated Treatment (in exchange for the continued stay).

    - Bondholders Note: Bondholder counsel has expressed a willingness to agree to a limited Stipulated Treatment Termination if court denies confirmation of plan due to bondholder treatment. In other circumstances for denial of confirmation, bondholders take the position that they have no say in the plan, with the Government Parties controlling the entire plan and plan process, and therefore cannot agree to take risk of Stipulated Treatment Termination if the Government Parties cannot propose a confirmable plan.

    - Assured Note: Assured will not agree to the limited Stipulated Treatment Termination described above. Assured believes that it should be entitled to full Stipulated Treatment if the plan is denied for any reason.

    - Government parties have discussed whether or not we can approach this issue by providing that the parties need to work in good faith toward plan confirmation and if confirmation is denied be required to attempt in good faith to modify the plan and resubmit before termination. In this instance, bondholders also take the position that they keep their accrued Administrative Claim.

3. Full Implementation of Charge: The Government Parties are requiring that the full implementation of the charge (i.e., the "~~Outside Outside~~Delayed Implementation Date") be contingent upon any necessary legislative or regulatory approval.

    The bondholders and Assured take the position that this requirement undoes the value and purpose of the "~~Outside Outside~~Delayed Implementation Date", as future legislatures or regulators could refuse to issue the legislation or orders necessary to implement the full charge.

    The bondholders have requested that the 9019 order provide for full implementation of the charge on the ~~OOD~~DID or, in the alternative, that the 9019 order at least require that payment of the bondholders' administrative claims commence at the transition charge levels on the ~~OOD~~DID, and

1

*Privileged and Confidential*
*Subject to FRE 408*
*DRAFT - March 13,15, 2019*

> the bondholders' administrative claims increase to the extent the government parties miss any payments to bondholders due to failure to collect or turnover the charge on a timely basis.
>
> Assured has requested that the 9019 order provide that if the transition charge is not in place by the DID, then 9019 order will provide that adequate protection payments shall be made commencing on the DID to the Supporting Holders equal to the full transition charge.
>
> The parties have also discussed (1) requiring legislation authorizing this to be passed by a date certain and (2) requiring the authorization of the Full Charge to be wrapped into the transformation legislation

4. <u>Force Majeure</u>: AHG and Assured have indicated that they will negotiate a force majeure that provides for delay in the event of an unexpected event (e.g. another hurricane) but will not agree to a No termination event shall occur due to a force majeure occurrence. If a force majeure occurrence is considered a termination event, it should not affect a parties' stipulated treatment.

5. <u>Waiver and Support Fees</u>: Government Parties have indicated that no Tranche B Bonds will be issued on account of relending bonds due to waiver and support fees. This is an open economic issue.

6. <u>Taxable Bonds</u>: The issue of what happens if the parties cannot issue tax-exempt debt is still open.

<u>Note</u>: In addition, the parties still need to address the Demand Protections and Securitization Protections as well as the modeling on the collections.

***Assured Issues***

1. <u>Consequence of Assured Individual Termination</u>: If an Individual Termination event occurs as to Assured but the Definitive RSA has not otherwise terminated, then can Assured bring the Monoline Motion or similar relief?

   - <u>Note</u>: Government Parties position is that once a party is bound to the Definitive RSA, they have settled the Monoline Motion or similar relief in the 9019 Order unless the Definitive RSA has terminated. AHG members have agreed to Government Parties position as to their claims.

2. <u>Gross-Up of Administrative Claim</u>: If the transaction has not closed by the Outside Date (i.e. June 30, 2020), then Assured has requested that (in lieu of the escalating transition charge that it previously requested) they receive an Administrative Claim in the full amount of all of their policy payments made between May 1, 2019 and closing of the transaction.

   - <u>Note</u>: Government Parties have not agreed to this gross-up. AHG has indicated they also may have issues with it (or at least expect increased compensation as well if Assured receives the gross-up).

3. 9019 Settlement. Bondholder Litigation: No Bondholder Litigation should occur if an action is taken by a Supporting Holder with regarding to the Transformation Transaction if the Transformation Transaction is deemed in *good faith* by such Supporting Holder to put at risk the Stipulated Treatment.

2

*Privileged and Confidential*
*Subject to FRE 408*
*DRAFT - March ~~13,~~ 15, 2019*

4. Triggering Event: Shall not include actions by bondholders before regulatory bodies concerning the Transformation Transaction, provided that such actions do not pertain solely to bond claims and liens.

5. ~~3.~~ Covenant on Information Regarding Transformation Process: Assured has requested that we provide more ~~and more~~ detailed information on the Transformation Transaction and process, provided that if such information is confidential Assured and other supporting holders who wish to receive such information must sign a customary NDA. Cleary has indicated the P3 Authority is prepared to provide regular updates based on public information but believes providing more detailed information or confidential information could taint the process.

6. ~~4.~~ Underwriting Costs on New Assured Bonds: Assured has indicated those should be paid by PREPA. Government Parties believe that is a cost to be borne by Assured.

7. ~~5.~~ Payment of Insurance Premium: Assured has indicated it expects to get its insurance premium whether or not it actually wraps new bonds. Government Parties have said no.

8. Conditions to Effective Date: Assured requests that the effective date cannot occur until occurrence of the offering and underwriting of the Assured Securitization Bonds, unless such condition is waived by Assured.

9. Interest Rate Swap Footnote: Assured's option for alternative treatment for the swaps to be discussed with Citi.

PROFESSIONAL EYES ONLY    PROSK_9019_00006066

Document comparison by Workshare 9.5 on Friday, March 15, 2019 6:17:19 PM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\tjcurtin\ShareFile\Personal Folders\Documents\KL2-#3117158-v1-KL_Comments_to_OMM_US-#76675202-v1-Summary_of_Open_Business_Points.DOCX |
| Description | KL2-#3117158-v1-KL_Comments_to_OMM_US-#76675202-v1-Summary_of_Open_Business_Points |
| Document 2 ID | interwovenSite://USDMS10/USActive/53495362/5 |
| Description | #53495362v5<USActive> - KL2-#3117158-v1-KL_Comments_to_OMM_US-#76675202-v1-Summary_of_Open_Business_Points |
| Rendering set | Standard + show moves |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 37 |
| Deletions | 17 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |

PROFESSIONAL EYES ONLY

| Total changes | 54 |
|---|---|

PROFESSIONAL EYES ONLY

PROSK_9019_00006068