**EXHIBIT 24**

O'Melveny

O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660-6429

T: +1 949 823 6900
F: +1 949 823 6994
omm.com

July 8, 2019

**By E-Mail**

Joseph C. Celentino, Esq.
Angela K. Herring, Esq.
Emil A. Kleinhaus, Esq.
Richard G. Mason, Esq.
Amy R. Wolf, Esq.
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019

Nicholas A. Bassett, Esq.
PAUL HASTINGS LLP
875 15th Street N.W.
Washington, D.C. 20005

Luc A. Despins, Esq.
200 Park Avenue
New York, New York 10166

Jonathan Polkes, Esq.
Marcia Goldstein, Esq.
Robert Berezin, Esq.
Gregory Silbert, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

Bryce L. Friedman, Esq.
Nicholas Baker, Esq.
Sarah E. Phillips, Esq.
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017

Rolando Emmanuelli-Jiménez, Esq.
BUFETE EMMANUELLI, C.S.P.
472 Tito Castro Ave., Marvesa Building Ste. 106
Ponce, PR 00716

Re: *Elected Government Parties' Categorical Privilege Log*

Counsel:

Enclosed please find a privilege log for the documents withheld on privilege grounds by AAFAF, PREPA, Ankura, and O'Melveny (the "Elected Government Parties"), in connection with the productions made in response the document requests served on May 22, 2019 by Cortland Capital Market Services and Solus Alternative Asset Management Board (the "Fuel Line Lenders"), National Public Finance Guarantee Corporation, the Official Committee of Unsecured Creditors, and Unión de Trabajadores de la Industria Eléctrica y Riego Inc. (the

"Objecting Parties").[1] Also enclosed is a log of all of the documents the Elected Government Parties produced with sensitive commercial information redacted. The Elected Government Parties reserve the right to amend or supplement this log.

The Elected Government Parties have not undertaken to log documents that they have objected to producing. Accordingly, the enclosed log does not cover, for instance, documents reflecting communications with the Ad Hoc Group and its advisors after July 27, 2018, documents reflecting communications with Assured and its advisors after March 26, 2019, documents reflecting communications with the FOMB or its advisors, or documents reflecting communications between AAFAF, PREPA and its advisors. As our June 3, 2019 Letter to the Committee made clear, the Elected Government Parties did not agree to collect, review or produce any of these communications.[2]

Because efforts to negotiate the RSA on behalf of the Elected Government Parties were directed principally by outside counsel, communications relating to the RSA between and among AAFAF, PREPA, and Ankura regarding the RSA are so likely to be protected from disclosure by the attorney-client privilege or work-product doctrine that requiring the Elected Government Parties to review these documents for purposes of creating a log would be unduly burdensome and disproportionate to the needs of the case. Moreover, to the extent that any communications or documents pertaining to the RSA exchanged between and among AAFAF, PREPA, and Ankura exist that would not be subject to the attorney-client privilege or attorney work-product doctrine, those materials are also likely to be protected from disclosure by the deliberative process privilege. The Elected Government Parties shared a common interest with the Oversight

---

[1] First Set of Document Requests of Cortland Capital Market Services LLC, as Administrative Agent, and Solus Alternative Asset Management LP to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency And Financial Authority; National Public Finance Guarantee Corporation's Request for the Production of Documents by the Puerto Rico Fiscal Agency And Financial Advisory Authority; National Public Finance Guarantee Corporation's Request for the Production of Documents by the Puerto Rico Electric Power Authority; Official Committee of Unsecured Creditors' First Set of Document Requests to Puerto Rico Fiscal Agency and Financial Advisory Authority and its Advisors in Connection with Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(I) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods; Official Committee Of Unsecured Creditors' First Set of Document Requests To Puerto Rico Electric Power Authority and its Advisors in Connection with Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(I) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods; Unión De Trabajadores de la Industria Eléctrica y Riego Inc. ("UTIER") First Set of Document Requests to Puerto Rico Fiscal Agency and Financial Advisory Authority in Connection with the Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(I) And 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods; Unión de Trabajadores de la Industria Eléctrica y Riego Inc. ("Utier") First Set of Document Requests to the Puerto Rico Electric Power Authority ("PREPA") in Connection with the Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, And 928, and Bankruptcy Rules 3012(A)(I) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods.

[2] June 3, 2019 Letter from Elizabeth L. McKeen to Nicholas A. Bassett, Zachary S. Zwillinger, and Luc A. Despins regarding Official Committee of Unsecured Creditors First Set of Document Requests to AAFAF and PREPA (the "June 3, 2019 Letter").

Board during the entire time period in which the RSA was negotiated, with the Ad Hoc Group after July 27, 2018, when an agreement on what became the preliminary RSA was reached, and with Assured after March 25, 2019, when an agreement on what became the final RSA was reached. *In re Tribune Co.*, No. 08-13141 (KJC), 2011 WL 386827, at *4, *5 (Bankr. D. Del. 2011) (citing *Leslie Controls, Inc.*, 437 B.R. 493, 496 (Bankr. D. Del. 2010)) ("[P]arties whose interests are not totally in accord" nevertheless "share the common legal interest of obtaining approval of their settlement…" and that "[o]nce the [parties] agreed upon materials terms of a settlement, it is reasonable to conclude that the parties might share privileged information in furtherance of their common interest in obtaining approval of the settlement…").

In addition, the Elected Government Parties share a deliberative process privilege with the Oversight Board. *See, e.g., Order on Motion to Compel, In re Fin. Oversight & Mgmt. Bd. for P.R.*, No. 17-03566, ECF No. 493 at 3 (D.P.R. May 6, 2019) ("The deliberative process can and does protect inter-agency memoranda where, as here, the governmental entities share a common goal."); *Hunton & Williams LLP v. EPA*, 248 F. Supp. 3d 220, 247 (D.D.C. 2017) ("The deliberative process can—as it did here—span between two different agencies."); *see also Texaco P.R., Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 884 (1st Cir. 1995) ("The deliberative process privilege 'shields from public disclosure confidential inter-agency memoranda on matters of law or policy.'" (citation omitted)). Given the lack of relevance, on the one hand, and privilege claims on the other, requiring the Elected Government Parties to review their internal communications, communications with the Oversight Board, and/or communications with the Ad Hoc Group and Assured during the common interest periods is unduly burdensome and disproportionate to the needs of the case.

Accordingly, the enclosed privilege log discloses each of the documents that the Elected Government Parties withheld on privilege grounds from the categories of documents and communications they otherwise agreed to produce in their Responses to Requests for Production dated May 29, 2019,[3] in their June 3, 2019 Letter to the Committee, and in their letters dated June 3, 2019 and June 5, 2019 to the Fuel Line Lenders.

---

[3] AAFAF's Responses and Objections to First Set of Document Requests of Cortland Capital Market Services LLC, as Administrative Agent, and Solus Alternative Asset Management LP to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Advisory Authority; PREPA's Responses and Objections to First Set of Document Requests of Cortland Capital Market Services LLC, as Administrative Agent, and Solus Alternative Asset Management LP to Financial Oversight And Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Advisory Authority; AAFAF's Responses and Objections to National Public Finance Guarantee Corporation's Request for the Production of Documents by the Puerto Rico Fiscal Agency and Financial Advisory Authority; PREPA's Responses and Objections to National Public Finance Guarantee Corporation's Request for the Production of Documents by the Puerto Rico Electric Power Authority; AAFAF's Responses and Objections to Official Committee of Unsecured Creditors' First Set of Document Requests to Puerto Rico Fiscal Agency and Financial Advisory Authority and its Advisors in Connection with Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(I) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods; PREPA's Responses and Objections to Official Committee of Unsecured Creditors' First Set of Document Requests to Puerto Rico Electric Power Authority and its Advisors in Connection with Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(1) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods; Ankura Consulting Group, LLC's Responses and Objections to

The Elected Government Parties are producing this document-by-document log due to the relatively low volume of materials being withheld on privilege grounds. The Elected Government Parties reserve their right to serve a categorical log with respect to any additional or supplemental privilege logs that may be served in the future.

/s/ Elizabeth L. McKeen

Elizabeth L. McKeen

---

Subpoena of the Official Committee Of Unsecured Creditors Against AAFAF and its Advisors for the Production of Documents in Connection with Joint Motion of Puerto Rico Electric Power Authority And AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(1) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods; Ankura Consulting Group, LLC's Responses and Objections to Subpoena of the Official Committee of Unsecured Creditors Against PREPA and its Advisors for the Production of Documents in Connection with Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(1) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods; O'Melveny & Myers LLP's Responses and Objections to Subpoena of the Official Committee of Unsecured Creditors Against AAFAF and its Advisors for the Production of Documents in Connection with Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(1) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods; O'Melveny & Myers LLP's Responses and Objections to Subpoena of the Official Committee of Unsecured Creditors Against PREPA and its Advisors for the Production of Documents in Connection with Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(1) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods; AAFAF's Responses and Objections to Unión De Trabajadores de la Industria Eléctrica y Riego Inc. ("UTIER") First Set of Document Requests to Puerto Rico Fiscal Agency and Financial Advisory Authority in Connection with the Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, And 928, and Bankruptcy Rules 3012(A)(I) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods; PREPA's Responses and Objections to Unión De Trabajadores de la Industria Eléctrica y Riego Inc. ("UTIER") First Set of Document Requests to the Puerto Rico Electric Power Authority ("PREPA") in Connection with the Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(I) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods.