# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
                                             :

In re:                                    :
                                              :

THE FINANCIAL OVERSIGHT AND      :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,    :    Title III
                                              :

         as representative of             :    Case No. 17-BK-3283 (LTS)
                                              :

THE COMMONWEALTH OF PUERTO RICO, *et al.*,    :    (Jointly Administered)
                                              :

         Debtors.[1]                       :
------------------------------------------------------------------------ x

## SIXTH SUPPLEMENTAL DECLARATION OF LUC A. DESPINS REGARDING RETENTION OF PAUL HASTINGS LLP AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS

I, Luc A. Despins, hereby declare under penalty of perjury:

1.        I am a partner in the law firm of Paul Hastings LLP ("Paul Hastings") with offices worldwide, including 200 Park Avenue, New York, New York 10166, and am admitted to practice in the State of New York. The facts set forth in this supplemental declaration (the "Sixth Supplemental Declaration") are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.

2.        On July 10, 2017, I submitted a declaration (the "Initial Declaration") in support of the *Application for Order Pursuant to Bankruptcy Code Section 1103(a) and Local*

---

[1]    The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

*Bankruptcy Rule 2014-1(e) Authorizing the Employment and Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors, Effective as of June 26, 2017* [Docket No. 610] (the "Retention Application")[2] filed by the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico in the above-captioned cases.

3.      By order of this Court entered August 10, 2017 [Docket No. 999] (the "Retention Order"), Paul Hastings' retention as counsel for the Committee was approved effective as of June 26, 2017.  The Retention Order provided that "[t]he retention of Paul Hastings, as counsel to the Committee, shall be deemed to apply to the representation of the Committee if ever enlarged to include unsecured creditors of other debtors, without the need to obtain a modification of this Order."  On August 25, 2017, the U.S. Trustee expanded the role of that Committee to be the official committee for the HTA, ERS, and PREPA Debtors.  Accordingly, Paul Hastings' retention extends to the representation of the Committee as the official committee for the HTA, ERS, and PREPA Debtors.[3]

4.      On September 22, 2017, I submitted the *First Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 1357] (the "First Supplemental Declaration").

5.      On February 13, 2018, I submitted the *Second Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 2485] (the "Second Supplemental Declaration").

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Retention Application.

[3]     The "Committee" refers to the official creditors' committee of all Title III Debtors (other than COFINA).

6.     On July 27, 2018, I submitted the *Third Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 3712] (the "Third Supplemental Declaration").

7.     On November 1, 2018, I submitted the *Fourth Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 4134] (the "Fourth Supplemental Declaration").

8.     On March 18, 2019, I submitted the *Fifth Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 5823] (the "Fifth Supplemental Declaration" and, together with the Initial Declaration, the First Supplemental Declaration, the Second Supplemental Declaration, the Third Supplemental Declaration, and the Fourth Supplemental Declaration, the "Prior Declarations").  I hereby incorporate by reference, in their entirety, the Prior Declarations as if fully set forth herein.

### Review and Disclosure of Additional Interested Parties

9.     Since filing the Fifth Supplemental Declaration, Paul Hastings has become aware of additional Interested Parties (collectively, the "Additional Interested Parties") in the Title III cases of the Commonwealth, COFINA, ERS, HTA, and PREPA (collectively, the "Title III Cases") with which Paul Hastings was able to confirm that it has, or may have, a connection. The identities of the Additional Interested Parties are set forth on Exhibit A hereto and include parties that have been added to the Master Service List (as of June 18, 2019) in the jointly administered Title III Cases (*i.e.*, the Commonwealth, COFINA, ERS, HTA, and PREPA) since the filing of the Fifth Supplemental Declaration.[4]

---

[4]     To avoid duplication, entities that were included on Exhibit A to the Prior Declarations have not been included again on Exhibit A to this Sixth Supplemental Declaration.

10.     In preparing this Sixth Supplemental Declaration, Paul Hastings reviewed its conflicts check system for the names of the Additional Interested Parties.  The results of our conflicts check were compiled and analyzed by Paul Hastings attorneys acting under my supervision.  While certain individuals and entities may be Interested Parties in more than one capacity in the Title III Cases, *e.g.*, as a creditor in one or multiple Title III cases and as a party that has filed a notice of appearance, Paul Hastings' updates do not cover changes in capacity during the course of a bankruptcy case.  Given the prior disclosure of Paul Hastings' relationship, if any, to such entities, such disclosure is not repeated here.

11.     To the extent the conflicts check searches indicated that Paul Hastings has performed services for any Additional Interested Party within the last five years, the identity of such entity and the nature of Paul Hastings' relationship with such entity are set forth in Exhibit B hereto.  Exhibit B does not include relationships that Paul Hastings has with parents or affiliates of entities that were previously disclosed in the Prior Declarations.

12.     To the best of my knowledge, based on the review procedures described above, Paul Hastings does not have any "connection" to the Additional Interested Parties, except as described in the Prior Declarations or in this Sixth Supplemental Declaration.  Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for "connection" has been defined; out of an abundance of caution, therefore, I am disclosing many representations that are not, to my understanding, disqualifying or problematic under PROMESA, the Bankruptcy Code, or applicable standards of professional ethics.

13.     Neither I, nor any partner, of counsel, or associate of Paul Hastings, as far as I have been able to ascertain, has any connection with any Additional Interested Party, except as set forth below or otherwise in the Prior Declarations or this Sixth Supplemental Declaration (including the Exhibits hereto):

4

(a)     Attached hereto as **Exhibit B** and incorporated herein by reference is a list of
Additional Interested Parties (or their affiliates) whom Paul Hastings represents,
or has represented in the past, in matters ***unrelated*** to the matters on which the
Committee has retained Paul Hastings.  Although Paul Hastings has represented,
currently represents, and may continue to represent certain entities and individuals
listed on **Exhibit B** hereto, Paul Hastings will not represent any such entity or
individual in the Title III Cases.

(b)     Each of the entities identified on **Exhibit B** hereto as a "current client" accounted
for less than 2.25% of Paul Hastings' revenues for the firm's fiscal year ending
January 31, 2019.  For the avoidance of doubt, the services performed for such
entities were unrelated to the matters on which the Committee has retained Paul
Hastings.

### New Hires

14.     Since filing the Fifth Supplemental Declaration, a number of individuals,

including attorneys, legal interns, paralegals, and other paraprofessionals (collectively, the "New

Hires") have joined (or will shortly join) Paul Hastings.  Except as detailed below per their input

in the hiring process, these New Hires neither (i) worked on matters related to the Debtors or to

Interested Parties in the Title III Cases nor (ii) were exposed to confidential information related

to the Debtors or to Interested Parties in the Title III Cases in connection with their prior

positions.  Out of an abundance of caution, Paul Hastings has, nonetheless, determined to impose

an ethical wall on certain of these New Hires, as detailed below.

i.     New Hires ***Not*** Exposed to Confidential Information in Prior Position and, Out of
an Abundance of Caution, Subject to Ethical Wall

15.     As discussed in the Fifth Supplemental Declaration, in December 2018, Jacob

Glazeski joined Paul Hastings as counsel in the New York office.  From March 2017 to

November 2018, Mr. Glazeski was an associate at Shearman & Sterling LLP ("Shearman &

Sterling"), which represents EcoEléctrica, L.P. in the Title III Cases.  From October 2010 to

January 2017, Mr. Glazeski was an associate at Kirkland & Ellis LLP ("K&E"), which is listed

as a creditor holding one of the twenty largest unsecured claims in the Commonwealth of Puerto

Rico Title III Case.  Mr. Glazeski has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at Shearman & Sterling and K&E.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Glazeski and the firm's representation of the Committee in the Title III Cases.

16.    In March 2019, certain attorneys began work at Paul Hastings in the Washington, D.C. office on a specific matter.  They include Vivian Allvin, Obumneme Egwuatu, and Judekenneth Orji.  Over the past several years, they have worked at a variety of firms, including (a) K&E, which previously represented the Commonwealth, (b) Gibson Dunn & Crutcher LLP, which represents Aurelius Investment, LLC, Aurelius Opportunities Fund, LLC, and Lex Claims, LLC in the Title III Cases, (c) Cadwalader, Wickersham & Taft LLP, which represents Assured Guaranty Corp. and Assured Guaranty Municipal Corp. in the Title III Cases, and (d) Paul, Weiss, Rifkind, Wharton & Garrison LLP, which represents an ad hoc group of GO bondholders and Aurelius Capital Master, Ltd. in the Title III Cases.  These attorneys have informed Paul Hastings that they did not work on matters related to the Debtors or the Title III Cases and were not exposed to confidential information related to the Debtors or the Title III Cases while at their previous firms.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between these contract attorneys and the firm's representation of the Committee in the Title III Cases.

17.    In April 2019, Erik Lindemann joined Paul Hastings as of counsel in the Palo Alto office.  From August 2018 to February 2019, Mr. Lindemann was an attorney in the Palo Alto office of White & Case LLP ("White & Case"), which represents certain junior COFINA bondholders, Doral Financial Corporation, the UBS Family of Funds, and the Puerto Rico Family of Funds in the Title III Cases.  Mr. Lindemann has informed Paul Hastings that he did

not work on matters related to such entities or the Debtors and was not exposed to confidential

information related to such entities or the Debtors while he was at White & Case.  From

September 2015 to July 2018, Mr. Lindemann was an attorney in the New York office of

Shearman & Sterling.  Mr. Lindemann has informed Paul Hastings that he did not work on

matters related to EcoEléctrica or the Debtors and was not exposed to confidential information

related to EcoEléctrica or the Debtors while he was at Shearman & Sterling.  Out of an

abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall

between Mr. Lindemann and the firm's representation of the Committee in the Title III Cases.

18.     In April 2019, Frank Lopez joined Paul Hastings as a partner in the New York

office.  Before joining Paul Hastings, Mr. Lopez was a partner in the New York office of

Proskauer Rose LLP ("Proskauer"), which represents the Oversight Board in the Title III Cases.

Mr. Lopez has informed Paul Hastings that he did not work on matters related to the Oversight

Board or the Debtors and was not exposed to confidential information related to the Oversight

Board or the Debtors while he was at Proskauer.  Out of an abundance of caution, Paul Hastings

has imposed (and will continue to impose) an ethical wall between Mr. Lopez and the firm's

representation of the Committee in the Title III Cases.

19.     In May 2019, Ramez Krishnan joined Paul Hastings as an associate in the Orange

County, CA office.  From July 2014 to November 2018, Mr. Krishnan worked at CMS Cameron

McKenna Nabarro Olswang LLP ("CMS Cameron").  Mr. Krishnan has informed Paul Hastings

that, while at CMS Cameron, he advised two Interested Parties in matters unrelated to the Title

III Cases.  Mr. Krishnan has further informed Paul Hastings that he did not work on matters

related to the Debtors or the Title III Cases and was not exposed to confidential information

related to the Debtors or the Title III Cases while he was at CMS Cameron.  Out of an abundance

of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr.

Krishnan and the firm's representation of the Committee in the Title III Cases.

20.     In May 2019, Bruno Leroy joined Paul Hastings as a partner in the Paris office.

Before joining Paul Hastings, Mr. Leroy worked in the Paris office of Dechert LLP ("Dechert"),

which is counsel to Peaje Investments, LLC ("Peaje") in the Title III Cases.  Mr. Leroy has

informed Paul Hastings that he did not work on matters related to Peaje or the Debtors and was

not exposed to confidential information related to Peaje or the Debtors while he was at Dechert.

Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an

ethical wall between Mr. Leroy and the firm's representation of the Committee in the Title III

Cases.

21.     In May 2019, Edward Weck joined Paul Hastings as an attorney in the New York

office.  Before joining Paul Hastings, Mr. Weck worked at K&E.  Mr. Weck has informed Paul

Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not

exposed to confidential information related to the Debtors or the Title III Cases while he was at

K&E.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose)

an ethical wall between Mr. Weck and the firm's representation of the Committee in the Title III

Cases.

22.     In May 2019, Weizi Zhang joined Paul Hastings as an associate in the Palo Alto

office.  From September 2017 to April 2019, and from June 2016 to August 2016, Ms. Zhang

was an associate and a summer associate, respectively, at Skadden, Arps, Slate, Meagher & Flom

LLP ("Skadden"), which represents Vitol Inc. and Vitol S.A. (together, "Vitol") in the Title III

Cases.  Ms. Zhang has informed Paul Hastings that, while at Skadden, she worked on certain

matters unrelated to the Title III Cases for Cardinal Health, Inc.  Ms. Zhang has further informed

Paul Hastings that she did not work on matters related to Vitol or the Debtors and was not

exposed to confidential information related to Vitol or the Debtors while she was at Skadden.

Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an

ethical wall between Ms. Zhang and the firm's representation of the Committee in the Title III

Cases.

23.     In June 2019, Eric Distelburger joined Paul Hastings as an associate in the San

Francisco office.  Before joining Paul Hastings, Mr. Distelburger worked in the New York office

of Jones Day, which represents the ERS bondholders in the Title III Cases.  Mr. Distelburger has

informed Paul Hastings that he did not work on matters related to the ERS bondholders or the

Debtors and was not exposed to confidential information related to the ERS bondholders or the

Debtors while he was at Jones Day.  Out of an abundance of caution, Paul Hastings has imposed

(and will continue to impose) an ethical wall between Mr. Distelburger and the firm's

representation of the Committee in the Title III Cases.

24.     In June 2019, Obediah Samuel joined Paul Hastings as an associate in the New

York office.  From August 2016 to May 2019, Mr. Samuel was an intern in the Paris office of

Reed Smith LLP ("Reed Smith"), which represents the Bank of New York Mellon ("BNY") and

Siemens Transportation Partnership Puerto Rico, S.E. and Siemens Corporation (together

"Siemens") in the Title III Cases.  Mr. Samuel has informed Paul Hastings that he did not work

on matters related to BNY, Siemens, or the Debtors and was not exposed to confidential

information related to BNY, Siemens, or the Debtors while he was at Reed Smith.  Out of an

abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall

between Mr. Samuel and the firm's representation of the Committee in the Title III Cases.

25.     In June 2019, Matthew Smart joined Paul Hastings as an associate in the Chicago

office.  From September 2016 to September 2018, and in the summer of 2015, Mr. Smart worked

at K&E.  Mr. Smart has informed Paul Hastings that he did not work on matters related to the

Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at K&E. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Smart and the firm's representation of the Committee in the Title III Cases.

26.     In June 2019, Konstantinos Vavelidis joined Paul Hastings as an associate in the London office. Before joining Paul Hastings, Mr. Vavelidis worked at Allen & Overy LLP ("Allen & Overy") in London. Mr. Vavelidis has informed Paul Hastings that, while at Allen & Overy, he worked on certain matters unrelated to the Title III Cases for Santander UK Plc and Banco Santander, S.A. Mr. Vavelidis has further informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at Allen & Overy. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Vavelidis and the firm's representation of the Committee in the Title III Cases.

27.     In June 2019, Victoria Siesta joined Paul Hastings as an associate in the New York office. Before joining Paul Hastings, Ms. Siesta worked at Ballard Spahr LLP ("Ballard") in New York. Ms. Siesta has informed Paul Hastings that, while at Ballard, she worked on certain matters unrelated to the Title III Cases for Santander and U.S. Bank. Ms. Siesta has further informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at Ballard. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Siesta and the firm's representation of the Committee in the Title III Cases.

28.     In June 2019, Zhengxin Liu joined Paul Hastings as a summer intern in the Shanghai office. Before joining Paul Hastings, Ms. Liu worked as a tax intern at KPMG

Advisory (China) Limited, Shanghai Office ("KPMG").  Ms. Liu has informed Paul Hastings

that she did not work on matters related to the Debtors or the Title III Cases and was not exposed

to confidential information related to the Debtors or the Title III Cases while she was at KPMG.

Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an

ethical wall between Ms. Liu and the firm's representation of the Committee in the Title III

Cases.

29.     In July 2019, Matthew Savoff joined Paul Hastings as an associate in the Orange

County, CA office.  From October 2016 to June 2019, and in the summer of 2015, Mr. Savoff

worked at Schulte Roth & Zabel LLP ("SRZ"), where he advised Centerbridge Partners, Cyrus

Capital Partners, Fir Tree Partners, Greenlight Capital, Inc., and T. Rowe Price Associates in

matters unrelated to the Title III Cases.  Mr. Savoff has informed Paul Hastings that he did not

work on matters related to the Debtors or the Title III Cases and was not exposed to confidential

information related to the Debtors or the Title III Cases while he was at SRZ.  Out of an

abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall

between Mr. Savoff and the firm's representation of the Committee in the Title III Cases.

30.     In July 2019, Natalie Milnes joined Paul Hastings as an attorney in the London

office.  From June 2016 to June 2019, Ms. Milnes was an associate in the London office of

Proskauer.  From September 2013 to May 2016, Ms. Milnes was an associate at DLA Piper LLP,

which represents the ERS, the University of Puerto Rico (the "UPR"), and the Puerto Rico Fiscal

Agency and Financial Advisory Authority (the "AAFAF") in the Title III Cases.  Ms. Milnes has

informed Paul Hastings that she did not work on matters related to the Oversight Board, the ERS,

the UPR, the AAFAF, or the Debtors and was not exposed to confidential information related to

such entities or the Debtors while she was at Proskauer and DLA Piper.  Out of an abundance of

caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms.

Milnes and the firm's representation of the Committee in the Title III Cases.

31.     In July 2019, Camille Manso joined Paul Hastings as an associate in the Palo Alto

office.  Before joining Paul Hastings, and in the summer of 2016, Ms. Manso worked in the New

York office of Greenberg Traurig, LLP ("Greenberg"), which represents PREPA in the Title III

cases.  Ms. Manso has informed Paul Hastings that, while at Greenberg, she worked on certain

matters unrelated to the Title III Cases for Oppenheimer & Co. Inc. and Massachusetts Mutual

Life Insurance Company.  Ms. Manso has further informed Paul Hastings that she did not work

on matters related to PREPA, the Debtors, or the Title III Cases and was not exposed to

confidential information related to PREPA, the Debtors, or the Title III Cases while she was at

Greenberg.   Out of an abundance of caution, Paul Hastings has imposed (and will continue to

impose) an ethical wall between Ms. Manso and the firm's representation of the Committee in

the Title III Cases.

32.     In July 2019, Fritz Eggen joined Paul Hastings as an associate in the Houston

office.  Before joining Paul Hastings, Mr. Eggen worked in the Houston office of Greenberg.

From September 2013 to March 2015, Mr. Eggen worked at Deloitte Tax LLP.  Mr. Eggen has

informed Paul Hastings that he did not work on matters related to PREPA, the Debtors, or the

Title III Cases and was not exposed to confidential information related to PREPA, the Debtors,

or the Title III Cases while he was at Greenberg or Deloitte Tax LLP.  Out of an abundance of

caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr.

Eggen and the firm's representation of the Committee in the Title III Cases.

33.     In July 2019, Evan Baran joined Paul Hastings as an associate in the New York

office.  Before joining Paul Hastings, Mr. Baran was an international lawyer in the Argentina

office of Cleary Gottlieb Steen & Hamilton LLP ("Cleary"), which represented the Puerto Rico

government and the P3 Authority in the Title III Cases.  From January 2015 to January 2018, Mr.

Baran was counsel in the New York and Argentina offices of JPMorgan Chase & Co. LLP

("JPMorgan").  Mr. Baran has informed Paul Hastings that he did not work on matters related to

the Puerto Rico government, the P3 Authority, or the Debtors and was not exposed to

confidential information related to such entities or the Debtors while he was at Cleary and

JPMorgan.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to

impose) an ethical wall between Mr. Baran and the firm's representation of the Committee in the

Title III Cases.

34.     In July 2019, Lucy Malkin joined Paul Hastings as an associate in the London

office.  Before joining Paul Hastings, Ms. Malkin was an associate, among other positions, with

Hogan Lovells, which represents US Bank, NA and US Bank Trust, NA (each as trustee for

various bond issues) (together, "US Bank") in the Title III Cases.  Ms. Malkin has informed Paul

Hastings that, while at Hogan Lovells, she worked on certain matters unrelated to the Title III

Cases for AES Corporation.  Ms. Malkin has further informed Paul Hastings that she did not

work on matters related to US Bank or the Debtors and was not exposed to confidential

information related to US Bank or the Debtors while she was at Hogan Lovells.  Out of an

abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall

between Ms. Malkin and the firm's representation of the Committee in the Title III Cases.

35.     In July 2019, Sundeep Kapur will join Paul Hastings as an associate in the

Washington, D.C. office.  Before joining Paul Hastings, Mr. Kapur was an associate at

Lowenstein Sandler LLP ("Lowenstein").  Mr. Kapur has informed Paul Hastings that, while at

Lowenstein, he worked on certain matters unrelated to the Title III Cases for BlueMountain

Capital Management, LLC and King Street Capital Management.  Mr. Kapur has further

informed Paul Hastings that he did not work on matters related to the Debtors or the Title III

Cases and was not exposed to confidential information related to the Debtors or the Title III

Cases while he was at Lowenstein.  Out of an abundance of caution, Paul Hastings has imposed

(and will continue to impose) an ethical wall between Mr. Kapur and the firm's representation of

the Committee in the Title III Cases.

36.     In the summer of 2019, Xucheng Shi joined Paul Hastings as a summer intern in

the Shanghai office.  From July 2017 to February 2018, Mr. Shi was an intern in the Shanghai

office of DLA Piper.  Mr. Shi has informed Paul Hastings that he did not work on matters related

to the ERS, the UPR, the AAFAF, or the Debtors and was not exposed to confidential

information related to such entities or the Debtors while he was at DLA Piper.  Out of an

abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall

between Mr. Shi and the firm's representation of the Committee in the Title III Cases.

37.     In August 2019, Daniel Roell will join Paul Hastings as a legal intern in the

Frankfurt office.  From July 2018 to February 2019, Mr. Roell was a research associate in the

Mannheim, Germany office of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"),

which represents the COFINA Senior Bondholders' Coalition in the Title III Cases.  From

November 2017 to April 2018, Mr. Roell worked as a legal clerk at Noerr LLP.  Mr. Roell has

informed Paul Hastings that, while at Noerr, he worked on certain matters unrelated to the Title

III Cases for Thomas Cook.  Mr. Roell has informed Paul Hastings that he did not work on

matters related to the COFINA Senior Bondholders' Coalition or the Debtors and was not

exposed to confidential information related to the COFINA Senior Bondholders' Coalition or the

Debtors while he was at Quinn Emanuel and Noerr.  Out of an abundance of caution, Paul

Hastings will impose an ethical wall between Mr. Roell and the firm's representation of the

Committee in the Title III Cases.

38.     In September 2019, Lorenzo Colombi-Manzi will join Paul Hastings as an
associate in the London office.  From July 2014 to August 2018, Mr. Colombi-Manzi worked in
the Milan office of White & Case.  Mr. Colombi-Manzi has informed Paul Hastings that he did
not work on matters related to the junior COFINA bondholders, Doral Financial Corporation, the
UBS Family of Funds, the Puerto Rico Family of Funds, or the Debtors and was not exposed to
confidential information related to such entities or the Debtors while he was at White & Case.
Out of an abundance of caution, Paul Hastings will impose an ethical wall between Mr.
Colombi-Manzi and the firm's representation of the Committee in the Title III Cases.

39.     In September 2019, Ryan Munnelly will join Paul Hastings as an associate in the
Washington, D.C. office.  From July 2014 to July 2016, Mr. Munnelly was a legal assistant in
the New York office of Davis Polk & Wardwell LLP ("Davis Polk"), which represents a group
of Puerto Rico bondholders in the Title III Cases.  Mr. Munnelly has informed Paul Hastings that
he did not work on matters related to the Puerto Rico bondholders or the Debtors and was not
exposed to confidential information related to the Puerto Rico bondholders or the Debtors while
he was at Davis Polk.  Out of an abundance of caution, Paul Hastings will impose an ethical wall
between Mr. Munnelly and the firm's representation of the Committee in the Title III Cases.

40.     In September 2019, Patricia Liverpool will join Paul Hastings as an associate in
the Washington, D.C. office.  From February 2019 to May 2019, and from May 2015 to May
2016, Ms. Liverpool was a legal intern with the U.S. Department of Justice (the "DOJ").  From
May 2016 to July 2016, Ms. Liverpool worked as an intern at Cleary.  In 2017 and 2018, Ms.
Liverpool was a summer associate at Hogan Lovells.  Ms. Liverpool has informed Paul Hastings
that she did not work on matters related to the Puerto Rico government, the P3 Authority, US
Bank, or the Debtors and was not exposed to confidential information related to such parties or
the Debtors while she was at the DOJ, Cleary, and Hogan Lovells.  Out of an abundance of

15

caution, Paul Hastings will impose an ethical wall between Ms. Liverpool and the firm's representation of the Committee in the Title III Cases.

41.     In October 2019, Jose Pellon Martinez will join Paul Hastings as a foreign associate in the New York office.  Before joining Paul Hastings, Mr. Martinez was an associate at Mijares, Angoitia, Cortes y Fuentes, S.C. ("MACF") in Mexico City.  Mr. Martinez has informed Paul Hastings that, while at MACF, he worked on certain matters unrelated to the Title III Cases for Fitch Ratings, Banco Santander (Mexico), Banco Santander, S.A., and Banco Santander (Brasil), S.A.  From November 2011 to December 2015, Mr. Martinez was an associate at Galicia Abogados, S.C. ("Galicia") in Mexico City.  Mr. Martinez has informed Paul Hastings that, while at Galicia, he worked on certain matters unrelated to the Title III Cases for Banco Santander (Mexico) and The Bank of Nova Scotia.  Mr. Martinez has further informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at MACF and Galicia.  Out of an abundance of caution, Paul Hastings will impose an ethical wall between Mr. Martinez and the firm's representation of the Committee in the Title III Cases.

42.     In November 2019, Sabrina Gossler will join Paul Hastings as a legal intern in the Frankfurt office.  From October 2017 to September 2018, Ms. Gossler was a research assistant in the Frankfurt office of Reed Smith.  Ms. Gossler has informed Paul Hastings that she did not work on matters related to BNY, Siemens, or the Debtors and was not exposed to confidential information related to BNY, Siemens, or the Debtors while she was at Reed Smith.  Out of an abundance of caution, Paul Hastings will impose an ethical wall between Ms. Gossler and the firm's representation of the Committee in the Title III Cases.

43.     In January 2020, Sacha Frantz will join Paul Hastings as a legal intern in the Paris office.  From January 2018 to June 2018, Mr. Frantz was an intern in the Paris office of Reed

Smith.  Mr. Frantz has informed Paul Hastings that he did not work on matters related to BNY, Siemens, or the Debtors and was not exposed to confidential information related to BNY, Siemens, or the Debtors while he was at Reed Smith.  Out of an abundance of caution, Paul Hastings will impose an ethical wall between Mr. Frantz and the firm's representation of the Committee in the Title III Cases.

ii.   New Hires *Not* Exposed to Confidential Information in Prior Position and *Not* Subject to Ethical Wall[5]

44.   For certain of the New Hires, Paul Hastings has determined that it is not necessary to set up an ethical wall because, in all instances, these New Hires did not work on matters related to the Debtors and were not exposed to confidential information related to the Debtors. Moreover, none of these New Hires are expected to work on the Puerto Rico matter.

45.   In April 2019, Alejandra Lopez joined Paul Hastings as a project administrator in the Los Angeles office.  From November 2007 to March 2019, Ms. Lopez was a legal secretary and case assistant at Skadden.  Ms. Lopez has informed Paul Hastings that she did not work on matters related to the Vitol or the Debtors and was not exposed to confidential information related to Vitol or the Debtors while she was at Skadden.

46.   In June 2019, Hannah Lee joined Paul Hastings as an associate in the London office.  In July 2012, Ms. Lee was a vacation scheme student in the London office of Hogan Lovells.  Ms. Lee has informed Paul Hastings that she did not work on matters related to US Bank or the Debtors and was not exposed to confidential information related to US Bank or the Debtors while she was at Hogan Lovells.

---

[5]   In addition to not having been exposed to confidential information in their prior positions, the New Hires listed below have not worked on the Title III Cases or related matters while at Paul Hastings and are not expected to do so.

47.     In June 2019, Shannon Sciaretta joined Paul Hastings as a Ron Brown intern in the New York office.  From February 2018 to May 2019, Ms. Sciaretta was a research assistant for the Puerto Rico Brigade for Hurricane Maria, Inc. (the "PR Brigade").  Ms. Sciaretta has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she worked with the PR Brigade.

48.     In July 2019, Kriti Avasthi joined Paul Hastings as an associate in the London office.  Before joining Paul Hastings, Ms. Avasthi was a manager and solicitor at PricewaterhouseCoopers ("PwC") in London.  Ms. Avasthi has informed Paul Hastings that, while at PwC, she worked on certain matters unrelated to the Title III Cases for Standard Life Aberdeen (UK), an entity related to Arden Multi Manager Alternative Strategies Fund A Series of Arden.  Ms. Avasthi has further informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at PwC.

49.     In July 2019, Neil Pollio joined Paul Hastings as a legal project manager in the New York office.  Before joining Paul Hastings, Mr. Pollio was a legal project manager in the New York office of Shearman & Sterling.  Mr. Pollio has informed Paul Hastings that he did not work on matters related to EcoEléctrica or the Debtors and was not exposed to confidential information related to EcoEléctrica or the Debtors while he was at Shearman & Sterling.

50.     In July 2019, Joshua Weiss joined Paul Hastings as an associate in the New York office.  Before joining Paul Hastings, Mr. Weiss was an associate at Windels Marx Lane & Mittendorf, LLP ("Windels").  Mr. Weiss has informed Paul Hastings that, while at Windels, he represented M&T Bank and Manufacturers & Traders Trust Company, which are affiliated with Wilmington Trust, on matters unrelated to the Title III Cases.  Mr. Weiss has further informed

Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at Windels.

51.     In July 2019, Glen Chen will join Paul Hastings as an associate in the Los Angeles office.  From January 2012 to April 2013, Mr. Chen worked in the Hong Kong office of K&E.  Mr. Chen has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at K&E.

52.     As discussed in the Fifth Supplemental Declaration, in the summer of 2019, Damini Kunwar joined Paul Hastings as a summer associate in the Washington, D.C. office. From May 2014 to August 2014, Ms. Kunwar worked at the DOJ in Washington, D.C.  Ms. Kunwar has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at the DOJ.

53.     In the summer of 2019, Rachel Miller joined Paul Hastings as a summer associate in the Washington, D.C. office.  In the summer of 2013, Ms. Miller was a student intern at the DOJ in Washington, D.C.  Ms. Miller has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at the DOJ.

54.     In the summer of 2019, Azzam Chaudhry joined Paul Hastings as a summer associate in the Orange County, CA office.  From January 2018 to July 2018, Mr. Chaudhry was a financial auditor at the DOJ in Washington, D.C.  Mr. Chaudhry has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at the DOJ.

55.     In the summer of 2019, Laura Friedli joined Paul Hastings as a summer associate in the Palo Alto office.  From May 2018 to August 2018, Ms. Friedli was a law clerk at the DOJ in Sacramento, CA.  Ms. Friedli has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at the DOJ.

56.     In September 2019, Surur Fatema Yonce will join Paul Hastings as an associate in the Washington, D.C. office.  From June 2017 to August 2017, Ms. Yonce was a summer associate in the Washington, D.C. office of McDermott Will & Emery ("McDermott"), which represents Goldman Sachs Asset Management, LP ("Goldman Sachs") in the Title III Cases.  Ms. Yonce has informed Paul Hastings that she did not work on matters related to Goldman Sachs or the Debtors and was not exposed to confidential information related to Goldman Sachs or the Debtors while she was at McDermott.

57.     In September 2019, Rebecca Rechtszaid will join Paul Hastings as an associate in the Century City office.  From June 2017 to August 2017, Ms. Rechtszaid was a legal intern at the DOJ in Washington, D.C.  Ms. Rechtszaid has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at the DOJ.

58.     In October 2019, Nathan Tyler Estock will join Paul Hastings as an associate in the Palo Alto office.  From January 2017 to April 2017, Mr. Estock was an honors program intern at the Securities and Exchange Commission (the "SEC") in Washington, D.C.  Mr. Estock has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at the SEC.

59.     In January 2020, Ralph Gomes de Sousa will join Paul Hastings as a legal intern in the Paris office.  From September 2017 to June 2018, Mr. de Sousa was an apprentice at EY Societe d'avocats, an affiliate of Ernst & Young LLP ("EY") in Paris.  Mr. de Sousa has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at EY.

iii.     Other New Hires

60.     In May 2019, Calvin Min joined Paul Hastings as a department assistant in the New York office.  From February 2018 to May 2019, Mr. Min was a legal team assistant at Milbank, Tweed, Hadley & McCloy LLP ("Milbank"), which represents Ambac Assurance Corporation ("Ambac") in the Title III Cases.  From January 2016 to July 2016, Mr. Min was a legal intern at Skadden.  Mr. Min has informed Paul Hastings that, while at Milbank, he assisted an attorney who was involved in an Ambac matter and a Puerto Rico bankruptcy matter.  Mr. Min has informed Paul Hastings that the extent of his exposure involved entering and submitting the attorney's time entries.  Mr. Min has further informed Paul Hastings that he did not work on matters related to Vitol or the Debtors and was not exposed to confidential information related to Ambac, Vitol, or the Debtors while he was at Milbank and Skadden.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Min and the firm's representation of the Committee in the Title III Cases.

61.     In May 2019, Peter Leung joined Paul Hastings as an associate in the Real Estate Department of our New York office.  Before joining Paul Hastings, Mr. Leung worked at K&E.  Mr. Leung has informed Paul Hastings that, while at K&E, he assisted with a pitch to a potential client that involved reviewing publicly available documents related to the Title III Cases, but he otherwise did not work on matters related to the Debtors or the Title III Cases and was not

exposed to confidential information related to the Debtors or the Title III Cases.  Out of an

abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall

between Mr. Leung and the firm's representation of the Committee in the Title III Cases.

62.      In May 2019, Gabriela Barreto joined Paul Hastings as an associate in the

Litigation Department of our Washington, D.C. office.  Before joining Paul Hastings, Ms.

Barreto was an associate at Kobre & Kim.  Ms. Barreto has informed Paul Hastings that she was

involved in Kobre & Kim's investigation of factors contributing to the Puerto Rico fiscal crisis,

including reviewing documents, interviewing witnesses, and drafting portions of the final report.

Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Barreto

and the firm's representation of the Committee in the Title III Cases.  Ms. Barreto is not a

member of Paul Hastings' Restructuring Group.

63.      In July 2019, Julia Gumpper joined Paul Hastings as an associate in the

Employment Law Department of our New York office. From September 2016 to June 2019 as an

associate, and periodically in other capacities from June 2011 to May 2016, Ms. Gumpper

worked in the New York office of Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis Mallet").

Ms. Gumpper has informed Paul Hastings that, while at Curtis Mallet, she represented Ambac in

a matter related to the Title III Cases, but was not exposed to confidential information related to

the Debtors or the Title III Cases.  Paul Hastings has imposed (and will continue to impose) an

ethical wall between Ms. Gumpper and the firm's representation of the Committee in the Title III

Cases.

* * *

64.      Based on the foregoing and the Prior Declarations, and except as provided herein

and in the Prior Declarations, to the best of my knowledge, information, and belief formed after

reasonable inquiry, Paul Hastings does not represent or hold any interest adverse to the

Committee with respect to the matters on which the Committee has employed Paul Hastings, and

Paul Hastings is a "disinterested person" as that term is defined in section 101(14) of the

Bankruptcy Code (made applicable by PROMESA section 301(a)) in that Paul Hastings:

    (a)      is not a creditor, equity security holder, or insider of the Debtors;

    (b)      is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

    (c)      does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

    65.    Despite the efforts described above to identify and disclose Paul Hastings'

connections with parties in interest in the Title III Cases, Paul Hastings is unable to state with

certainty that every client representation or other connection has been disclosed.  In this regard,

if Paul Hastings discovers additional information that requires disclosure, Paul Hastings will file

a supplemental disclosure with the Court.

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed this 26th day of July 2019

                     */s/ Luc A. Despins*
                     Luc A. Despins