Hearing Date: September 11, 2019, at 9:30AM (Atlantic Time)
Response Deadline: August 28, 2019 at 4:00PM (Atlantic Time)

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                         Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**SIXTIETH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF
THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS**

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this sixtieth objection (the "Sixtieth Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto, each of which failed to provide a

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, THE COMMONWEALTH, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

basis for the asserted claim, and in support of the Sixtieth Omnibus Objection respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The Bar Date Orders**

3. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Commonwealth Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160]

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

2

(together with the Initial Bar Date Order the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.     Operations and Bond Debt of the Commonwealth**

5.     The Constitution of the Commonwealth of Puerto Rico (the "P.R. Constitution") became effective in 1952.  The P.R. Constitution created the Commonwealth as the central government of Puerto Rico, "republican in form" and divided into three branches: legislative, judicial and executive.  *See* P.R. Const., Art. I, §§ 1, 2.

6.     The P.R. Constitution authorizes the Commonwealth to issue debt, subject to various limitations, including on the ability of the Commonwealth to pledge its revenues.  *See* P.R. Const. Art. VI § 2.  In 1961, Section 2 of Article VI of the P.R. Constitution was amended to limit the Commonwealth's borrowing on the basis of the amount of debt service the Commonwealth would have to pay relative to its historical revenues.  Since 1961, the Commonwealth has issued billions of dollars of general obligation bonds purportedly backed by its full faith, credit, and taxing power.

**C.     Proofs of Claim Filed Against the Commonwealth**

7.     Approximately 169,591 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.[4]  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors.

8.     Of the proofs of claim filed, approximately 107,375 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  The Commonwealth-related proofs of claim total approximately $33.2 trillion in asserted liabilities plus unliquidated amounts.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed

---

[4] This total count of recorded entries on the claims register in the Title III cases includes approximately 8,000 claims that have been marked as docketed in error and removed.

3

at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, or being duplicative of other proofs of claim.

**D.  Omnibus Objection Procedures and Objections to Commonwealth Claims**

9.  In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection.  After the proposed order was revised to incorporate certain comments received, including those from the Court at a hearing held on November 7, 2018, the Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").

10.  Pursuant to the Initial Omnibus Objection Procedures, the Court has heard fifty-nine non-substantive omnibus objections filed by the Commonwealth, COFINA, HTA, and/or ERS. Following hearings held on January 30, 2019, and March 13, 2019, the Court sustained nineteen of these omnibus objections, in addition to certain individual objections to claims filed against COFINA, resulting in thousands of proofs of claim filed against COFINA being disallowed and expunged, and hundreds of other claims being reclassified to be asserted against another of the Debtors.  Forty omnibus objections to claims filed against the Commonwealth, HTA, ERS,

4

and/or COFINA, in addition to a number of individual objections to claims filed against the Commonwealth, ERS, or COFINA, were heard on June 12, 2019, and July 24, 2019. Based upon rulings and orders of the Court, over 9,000 claims asserting approximately $43 trillion in liability against the Commonwealth, HTA, COFINA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

11. In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, the Debtors, on May 23, 2019, filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. The Court granted the requested relief by the June 14, 2019 *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Procedures Order").

12. This Sixtieth Omnibus Objection is filed in accordance with the Amended Omnibus Objection Procedures.

**OBJECTIONS TO PROOFS OF CLAIM**

13. The Amended Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as certain substantive bases set forth in the Amended Omnibus Objection Procedures.

5

14. The Sixtieth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Amended Omnibus Objection Procedures, each of the proofs of claim listed on **Exhibit A** hereto (collectively, the "Deficient Claims"), as such proofs of claim failed to comply with the applicable rules for filing a claim and the Bar Date Orders.

15. Each of the Deficient Claims failed to comply with the applicable rules for filing a claim by not providing a basis for asserting the claim against the Commonwealth. Some of the Deficient Claims purport to be based on one or more bonds, but failed to identify (or provide information that would allow the Debtors to identify) the bond issuer(s) and/or amount(s) allegedly at issue, while other Deficient Claims purport to be based on bonds issued by the Commonwealth or the Government Development Bank of Puerto Rico, but failed to provide CUSIP numbers or other information that would allow the Debtors to identify the bond(s) allegedly at issue. Because of one or more of these failures to comply with the applicable rules, neither the Debtors nor the Court are able to determine the validity of the Deficient Claims. Accordingly, the Deficient Claims should be disallowed in their entirety.

16. In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Sixtieth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Deficient Claims*, dated July 26, 2019, attached hereto as **Exhibit B**.

### NOTICE

17. In accordance with the Amended Omnibus Objection Procedures, the Commonwealth has provided notice of this Sixtieth Omnibus Objection to (a) the individual creditors subject to this Sixtieth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Ninth Amended Case Management Procedures* [ECF No. 7115-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Sixtieth Omnibus Objection is attached hereto as **Exhibit C**. Spanish

translations of the Sixtieth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **RESERVATION OF RIGHTS**

18. This Sixtieth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the Deficient Claims or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

19. No prior request for the relief sought in this Sixtieth Omnibus Objection has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth such other and further relief as is just.

Dated: July 26, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC No. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764
Fax: (787) 763-8260

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico*

**Fecha de la vista: 11 de septiembre de 2019 a las 9.30 a.m. (AST)**
**Fecha límite para la contestación: 28 de agosto de 2019 a las 4.00 p.m. (AST)**

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA SU(S) RECLAMO(S)**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el asunto de:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante de<br><br>EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*<br><br>                                    Deudores[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrada conjuntamente)<br><br>**Esta presentación se relaciona con el ELA** |

**SEXAGÉSIMA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO CONTRA LAS RECLAMACIONES DEFICIENTES**

El Estado libre asociado de Puerto Rico (el "ELA") mediante la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), en calidad de representante del ELA de conformidad con el artículo 315 b) de la *Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] presenta esta sexagésima objeción (la "Sexagésima Objeción Global") a las evidencia de reclamo que se

---

[1] Los Deudores en estas causas promovidas conforme al Título III, el número de causa para cada Deudor y los últimos cuatro (4) dígitos del número federal de contribuyente de cada uno de ellos, según corresponda, son los siguientes: i) el Estado Libre Asociado de Puerto Rico (el "ELA"), (procedimiento de quiebra núm. 7 BK 3283-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3481); ii) la Corporación del Fondo de Interés Apremiante ("COFINA") (procedimiento de quiebra núm. 17 BK 3284-LTS) (últimos cuatro dígitos del número federal de contribuyente: 8474); ii) la Autoridad de Carreteras y Transportación ("ACT") (procedimiento de quiebra núm. 17 BK 3567-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3808; iv) la Administración de Sistemas de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ASR") (procedimiento de quiebra núm. 17 BK 3566-LTS) (últimos cuatro dígitos del número federal de contribuyente: 9686); y v) la Autoridad de Energía Eléctrica de Puerto Rico ("AEEPR"), y junto con el ELA, la ACT y la ASR, los "Deudores" (procedimiento de quiebra núm. 17 BK 3566-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3747 ) (Debido a limitaciones informáticas, a los casos promovidos conforme al Título III se les asigna un número como procedimientos de quiebra).

[2] La ley PROMESA ha sido codificada en los artículos 2101-2241 del Título 48 del Código de los Estados Unidos (USC).

enumeran en el **Anexo A** al presente, ninguna de las cuales demuestra el reclamo que se presenta, y en apoyo de dicha Sexagésima Objeción Global respetuosamente aduce lo siguiente:

## JURISDICCIÓN

1. De conformidad con el artículo 306(a) de PROMESA, el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción en razón de la materia para entender en esta causa y en la reparación solicitada.

2. De conformidad con el artículo 307(a) de PROMESA, este distrito es el foro apropiado.

## ANTECEDENTES

**A. Las órdenes de fecha final**

3. El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración al amparo de los artículos 104 j) y 206 de PROMESA y presentó una petición voluntaria de reorganización para el ELA de conformidad con el artículo 304 a) de PROMESA, de esa forma dando inicio a una causa al amparo del Título III de dicha ley (el "caso del ELA conforme al Título III").

4. El 16 de enero de 2018, los Deudores presentaron su *Moción para una orden que a) establezca plazos y procedimientos para presentar evidencia de reclamo y b) apruebe la forma y la manera de notificarlas* [ECF núm. 2255][3] (la "Moción de fecha final"). De conformidad con la *Orden que a) establece plazos y procedimientos para presentar pruebas de reclamo y b) aprueba la forma y la manera de notificarlas* [ECF núm. 2521] (la "Moción inicial de fecha final"), el Tribunal declaró con lugar la moción solicitada y estableció los plazos y procedimientos para presentar las evidencia de reclamo en el caso del ELA promovido conforme

---

[3] A menos que se indique otra cosa en el presente, las citas a ECF se refieren a documentos presentados en el marco del procedimiento de quiebra núm. 17 BK 3283-LTS.

2

al Título III. Tras la moción informativa de ciertos acreedores y con el apoyo de los Deudores, posteriormente el Tribunal dictó la *Orden que a) prorroga los plazos para presentar evidencia de prueba y b) aprueba la forma y manera de notificarlas* [ECF núm. 3160] (junto con Moción inicial de fecha final, las "Mociones de fecha final") y prorrogó los plazos hasta el 29 de junio de 2018 a las 4.00 p.m. (AST).

**B.     Operaciones y bonos de deuda del ELA**

5.     La Constitución del Estado Libre Asociado de Puerto Rico (la "Constitución") entró en vigor en 1952. La Constitución estableció al ELA como el gobierno central de Puerto Rico, "de forma republicana", y lo dividió en tres poderes: legislativo, judicial y ejecutivo. *Véase* Const. de P.R., Art. I, §§ 1, 2.

6.     Con sujeción a varias limitaciones, la Constitución faculta al ELA a emitir deuda y a constituir garantías sobre sus ingresos. *Véase* Const. P. R. Art. VI § 2. En 1961, se enmendó la sección 2 del artículo VI de la Constitución de Puerto Rico para limitar las facultades del ELA de solicitar empréstitos en función de la cuantía del servicio de la deuda que el ELA tendría que pagar en relación a sus ingresos históricos relativos. Desde 1961, el ELA ha emitido miles de millones de dólares en bonos de obligaciones generales, supuestamente respaldados por su buena fe, su crédito y su poder de imponer contribuciones.

**C.     Evidencia de reclamo presentadas contra el ELA**

7.     A la fecha, se han presentado aproximadamente 169,591 evidencia de reclamo contra los Deudores, que han sido registrada por Prime Clerk, LLC.[4] Dichas evidencias de reclamo totalizan unos $43.6 billones en reclamos contra los Deudores.

---

[4] Tras haberse determinado que se presentaron erróneamente, más de 8,000 de estos reclamos han sido dados de baja del registro.

3

8. Unas 107,375 de esas evidencias de reclamos han sido presentadas con relación al ELA, o reclasificadas como presentadas contra el ELA. Las evidencias de prueba relacionadas contra el ELA totalizan unos $33.2 billones en obligaciones alegadas más montos no liquidados. De conformidad con las Mociones de fecha final o bien no habría sido necesario presentar muchos de estos reclamos, o bien los reclamos presentan algún otro tipo de error, por ejemplo, haber sido modificados posteriormente, no aducir ningún reclamo por el que pueda atribuirse responsabilidad a los Deudores, o haber duplicado otras evidencias de reclamo.

**D. Procedimientos para las objeciones globales y objeciones a los reclamos contra el ELA**

9. A los efectos de resolver con eficacia la mayor cantidad posible de evidencia de reclamo innecesarias, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Moción para una orden que a) apruebe procedimientos limitados para las objeciones globales, b) no exija cumplir el requisito de la regla 3007(e)(6) del Código de Quiebras, y c) otorgue medidas relacionadas* [ECF núm. 4052] la "Moción de procedimientos globales"] Las medidas solicitadas en dicho documento eran de naturaleza no sustantiva y tenían por objeto acelerar y racionalizar el proceso de conciliación de reclamos mediante, entre otras cosas, aumentar el número de reclamos pudieran quedar abarcados dentro del ámbito de una objeción global. Tras revisar la orden propuesta para incorporar ciertos comentarios que se recibieron —incluidos los que el Tribunal realizó en una vista del 7 de noviembre de 2018—, el Tribunal otorgó las medidas solicitadas en la Moción de procedimientos para objeciones globales mediante una orden de 14 de noviembre de 2018. *Véase Orden que a) aprueba procedimientos limitados para las objeciones globales, b) no exige cumplir el requisito de la regla 3007(e)(6) del Código de Quiebras, y c) otorga medidas relacionadas* [ECF núm. 4230]; *Moción de procedimientos*

4

*globales* [ECF núm. 4230-1] (colectivamente, los "Procedimientos originales para las mociones globales").

10. De conformidad con los Procedimientos originales para las mociones globales, el Tribunal ha celebrado vistas con respecto a (59) objeciones globales no sustantivas presentadas por el ELA, COFINA, la ACT y/o la ASR. Tras las vistas del 30 de enero y el 13 de marzo de 2019, el Tribunal declaró con lugar a (19) de tales objeciones globales, como consecuencia de lo cual miles de evidencias de reclamo presentadas contra COFINA quedaron desestimadas y fueron eliminadas del expediente, y cientos de otros reclamos fueron reclasificados para que se presentasen contra otros de los Deudores. El 12 de junio de 2019 y el 24 de julio de 2019 se escucharon cuarenta objeciones globales a reclamos presentados contra el ELA, COFINA, la ACT o la ASR, además de una serie de objeciones individuales a reclamaciones contra el ELA, ASR o COFINA. Sobre la base de las sentencias y órdenes del Tribunal, más de 9,000 reclamos presentados que afirman aproximadamente $ 43 billones en responsabilidad contra el ELA, la ACT, COFINA y la ASR han sido rechazadas y serán eliminadas del registro de reclamaciones en los procedimientos del Título III al momento de la entrada de órdenes finales

11. En aras de continuar resolviendo con eficiencia cualquier prueba de reclamo innecesaria, el 23 de mayo de 2019 los Deudores presentaron una moción modificada sobre los procedimientos a los efectos de que, entre otras cosas, se les permitiese presentar objeciones globales sobre fundamentos sustantivos, se ampliase el número de reclamos que pueden incluirse en una objeción, y se aprobasen otras modalidades de notificación. *Notificación de vista con respecto a una orden que a) apruebe procedimientos modificados para las objeciones globales b) no exija cumplir los requisitos de la regla 3007(e)(C) del Código de Quiebras, c) apruebe modalidades adicionales de notificación, y d)otorgue medidas relacionadas* [ECF núm. 7091].

5

El Tribunal otorgó la medida solicitada del 14 de julio de 2019, mediante la *Orden que a) aprueba procedimientos modificados para las objeciones globales b) no exige cumplir los requisitos de la regla 3007(e)(C) del Código de Quiebras, c) aprueba modalidades adicionales de notificación, y d) otorga medidas relacionadas* [ECF núm. 7440] (la "Orden modificada de procedimientos globales"

12. La Sexagésima Objeción Global se presenta de conformidad con los Procedimientos modificados para las objeciones globales.

**OBJECIONES A LAS EVIDENCIAS DE RECLAMO**

13. Los Procedimientos modificados para las objeciones globales permiten que el ELA presente una objeción global contra múltiples evidencia de reclamo acogiéndose a cualquiera de los fundamentos que establece la regla 3007(d)(1)-(7) del Reglamento Federal de Quiebras y a determinados fundamentos sustantivos que se establecen en dichos procedimientos modificados.

14. La Sexagésima Objeción Global busca que de conformidad con la regla 3007(d)(6) del Reglamento Federal de Quiebras y los Procedimientos modificados para las objeciones globales se desestimen todas las evidencias de reclamo que se enumeran en el **Anexo A** del presente (colectivamente, los "Reclamos Deficientes"), por cuanto dichas evidencias no se ajustan a las normas de aplicación para presentar reclamos ni a las Mociones de fecha final.

15. Dado que no prueban que exista ningún fundamento para presentar sus reclamos contra el ELA, todas las Reclamaciones Deficientes incumplen con las normas que rigen la presentación de reclamaciones. Si bien algunas de los Reclamaciones Deficientes aducen basarse en uno o más bonos, no indican con claridad ni quién es el emisor de los bonos ni los montos presuntamente en cuestión, ni brindan información que permita a los Deudores establecer tales datos; otros reclamos deficientes aducen basarse en bonos emitidos

6

por el ELA o el Banco Gubernamental de Fomento para Puerto Rico, pero no incluyen los números CUSIP ni ninguna otra información que permita a los Deudores definir sobre qué bonos versa el reclamo. Debido a estas omisiones en cumplir con las normas aplicables, ni los Deudores ni el Tribunal pueden determinar la validez de las Reclamaciones Deficientes. Por consiguiente, las Reclamaciones Deficientes deben desestimarse en su totalidad.

16. En apoyo de lo anterior, el ELA se basa en la *Declaración de Jay Herriman en apoyo de la Sexagésima Objeción Global (no sustantiva) del Estado Libre Asociado de Puerto Rico contra los Reclamos Deficientes*, de fecha 26 de julio de 2019, se adjunta al presente como **Anexo B**.

## NOTIFICACIONES

17. De conformidad con los Procedimientos modificados para las objeciones globales, el ELA ha enviado notificación de su Sexagésima Objeción Global a a) los acreedores individuales incluidos en esta Sexagésima Objeción Global, b) el Síndico en los EE. UU., y c) Lista Maestra de Notificaciones (según se define en el *Noveno procedimiento modificado para la gestión de casos* [ECF núm. 7115-1]), disponible en el sitio web de los Deudores para el caso en https://cases.primeclerk.com/puertorico. Se adjunta como **Anexo C** una copia de la notificación de esta Sexagésima Objeción Global. También se adjuntan traducciones al español de la Sexagésima Objeción Global, y todos los anexos adjuntos se presentan junto con esta objeción y se enviarán copias a las partes. El ELA declara que, habida cuenta de la naturaleza de la reparación solicitada, no es necesario cursar ninguna otra notificación.

## RESERVA DE DERECHOS

18. Esta Sexagésima Objeción Global se limita a las cuestiones aducidas en el presente. En consecuencia, no afecta los derechos de los Deudores de objetar a los Reclamos Deficientes o cualquier otro reclamo sobre cualquier base que corresponda. Los Deudores se

7

reservan expresamente el derecho a presentar todas las demás objeciones de naturaleza sustantiva o procesal. Nada de lo contenido en el presente, ni ninguna acción realizada en el marco de la medida solicitada, persigue ninguno de los siguientes objetivos, ni podrá interpretarse a tales efectos: a) admitir la validez de alguno de los reclamos contra los Deudores; b) renunciar al derecho de los Deudores a objetar a cualquier reclamo sobre cualquier base que proceda; c) prometer u obligarse a pagar cualquier reclamo; d) solicitar o autorizar la formalización de ningún acuerdo, contrato o arrendamiento previo a la petición de conformidad con el artículo 365 del Código de Quiebras, o e) renunciar a los derechos que PROMESA, el Código de Quiebras o cualquier otra legislación que sea de aplicación otorgan a los Deudores.

## NO EXISTEN SOLICITUDES PREVIAS

19. Antes de esta Sexagésima Objeción Global, no se ha presentado ninguna solicitud para la medida aquí solicitada, ni ante este ni ante ningún otro Tribunal.

EN VISTA DE LO ANTERIOR, el ELA solicita respetuosamente que se dicte una orden, en esencia en la forma de la propuesta de orden que se adjunta al presente como **Anexo D**, que 1) otorgue la medida solicitada en el presente, y 2) otorgue al ELA cualquier otra medida que considere justa.

Fecha: 26 de julio de 2019  
       San Juan (Puerto Rico)

Sometido respetuosamente,

[*Firma en versión en inglés*]  
Ricardo Burgos Vargas  
USDC núm. 218210  
**A&S LEGAL STUDIO, PSC**  
434 Ave. Hostos  
San Juan, PR 00918  
Tel.: (787) 751-6764  
Fax: (787) 763-8260

[*Firma en versión en inglés*]  
Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)

8

**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Abogados para la Junta de Supervisión y Administración Financiera como representante del Estado Libre Asociado de Puerto Rico*

9