Hearing Date: September 11, 2019, at 9:30AM (Atlantic Time)
Response Deadline: August 28, 2019 at 4:00PM (Atlantic Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

### SIXTY-THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO COFINA BONDHOLDER CLAIMS

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this sixty-third omnibus objection (the "Sixty-Third Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto, each of which purports to assert liability based on an ownership interest in bonds issued by the Puerto Rico Sales Tax

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Financing Corporation ("COFINA"), and in support of the Sixty-Third Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

### A.      The Bar Date Orders

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion.  The court then extended these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time) upon entering the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders")..

---

[3]  Unless otherwise noted herein, all ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

**B.      Operations and Bond Debt of the Commonwealth**

5.      The Constitution of the Commonwealth of Puerto Rico (the "P.R. Constitution")
became effective in 1952.  The P.R. Constitution created the Commonwealth as the central
government of Puerto Rico, "republican in form" and divided into three branches: legislative,
judicial and executive.  *See* P.R. Const., Art. I, §§ 1, 2.

6.      The P.R. Constitution authorizes the Commonwealth to issue debt, subject to
various limitations, including on the ability of the Commonwealth to pledge its revenues.  *See* P.R.
Const. Art. VI § 2.  In 1961, Section 2 of Article VI of the P.R. Constitution was amended to limit
the Commonwealth's borrowing on the basis of the amount of debt service the Commonwealth
would have to pay relative to its historical revenues.  Since 1961, the Commonwealth has issued
billions of dollars of general obligation bonds purportedly backed by its full faith, credit, and taxing
power.

**C.      Proofs of Claim Filed Against the Commonwealth**

7.      To date, approximately 169,591 proofs of claim have been filed against the Debtors
and logged by Prime Clerk, LLC.[4]  Such proofs of claim total approximately $43.6 trillion in
asserted claims against the Debtors.

8.      Of the proofs of claim filed, approximately 107,375 have been filed in relation to,
or reclassified to be asserted against, the Commonwealth.  The Commonwealth-related proofs of
claim total approximately $33.2 trillion in asserted liabilities plus unliquidated amounts.  In
accordance with the terms of the Bar Date Orders, many of these claims need not have been filed

---

[4]  This total count of recorded entries on the claims registry in the Title III cases includes over 8,000 claims that have
    been marked as docketed in error and removed.

at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, or being duplicative of other proofs of claim.

**D.      Omnibus Objection Procedures and Objections to Commonwealth Claims**

9.      In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection.  After the proposed order was revised to incorporate certain comments received, including those from the Court at a hearing held on November 7, 2018, the Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").

10.      Pursuant to the Initial Omnibus Objection Procedures, the Court has heard fifty-nine non-substantive omnibus objections filed by the Commonwealth, COFINA, HTA, and/or ERS.  Following hearings held on January 30, 2019, and March 13, 2019, the Court sustained nineteen of these omnibus objections, in addition to certain individual objections to claims filed against COFINA, resulting in thousands of proofs of claim filed against COFINA being disallowed and expunged, and hundreds of other claims being reclassified to be asserted against another of the Debtors.  Forty omnibus objections to claims filed against the Commonwealth, HTA, ERS,

and/or COFINA, in addition to a number of individual objections to claims filed against the Commonwealth, ERS, or COFINA, were heard on June 12, 2019, and July 24, 2019. Based upon rulings and orders of the Court, over 9,000 claims asserting approximately $43 trillion in liability against the Commonwealth, HTA, COFINA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

11.     In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, the Debtors, on May 23, 2019, filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].   The Court granted the requested relief by the June 14, 2019 *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

12.     This Sixty Third Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

**E.     The COFINA Title III Case and Resolution of the Commonwealth-COFINA Dispute**

13.     COFINA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 91 of the Legislative Assembly of the Commonwealth.  Pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as

amended on June 19, 2009, and pursuant to certain supplemental resolutions, COFINA issued a series of bonds in aggregate approximate amount of $17 billion, to, among other things, defray certain debt obligations of the Puerto Rico Government Development Bank and the Puerto Rico Public Finance Corporation (the "COFINA Bonds").  Bank of New York Mellon serves as Trustee with respect to the COFINA Bonds.

14.     On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "COFINA Title III Case").  The Oversight Board filed that certain *Third Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation* (the "Plan") [ECF No. 4652] on January 9, 2019.  The Court considered confirmation of the Plan and any objections thereto at a hearing on January 16-17, 2019.

15.     On February 4, 2019, the Court confirmed the Plan, which incorporated the compromise and settlement of the dispute over whether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secure debt are property of the Commonwealth or COFINA under applicable law (the "Commonwealth-COFINA Dispute").  *See Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5048].  On the same day, the Court approved the compromise and settlement of the Commonwealth-COFINA Dispute pursuant to the *Memorandum Opinion and Order Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico Sales Tax Financing Corporation* [ECF No. 5045] (the "Settlement Order").  On February 5, 2019, the Court issued an *Amended Order and Judgment Confirming*

6

*the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing
Corporation* [ECF No. 5055] (the "Amended Confirmation Order").   The Plan became
effective on February 12, 2019 (the "Effective Date"), when the transactions contemplated
therein were consummated.  *See Notice of (A) Entry of Order Confirming the Third Amended
Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation Pursuant to Title
III of PROMESA and (B) Occurrence of the Effective Date* [Case No. 17 BK 3284-LTS, ECF
No. 587].

### OBJECTIONS TO PROOFS OF CLAIM

16.     The Amended Omnibus Objection Procedures allow the Commonwealth to file an
omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of
Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the
Amended Omnibus Objection Procedures.  The Sixty-Third Omnibus Objection seeks to disallow,
in accordance with the Amended Omnibus Objection Procedures, claims that seek recovery for
amounts for which the Commonwealth is not liable because the claims were (1) compromised and
settled pursuant to the Settlement Order, and (2) released and discharged in accordance with the
Plan and Amended Confirmation Order.

17.     Claims that are "unenforceable against the debtor and property of the debtor, under
any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).  Each of the claims
listed on **Exhibit A** hereto (collectively the "COFINA Bondholder Claims") purport to assert
liability based on an alleged ownership of COFINA Bonds.[5]  Some of the COFINA Bondholder

---

[5]  To the extent any of the COFINA Bondholder Claims intended to assert a claim against COFINA in the COFINA
Title III Case, any such claims against COFINA should still be disallowed and expunged because they have been
discharged and released pursuant to Paragraph 29(a) of the Amended Confirmation Order and 11 U.S.C. § 944,
incorporated into PROMESA by PROMESA § 301(a).  Additionally, any bondholder claims asserted against
COFINA on the basis of bonds issued by COFINA should be disallowed, in accordance with Federal Rule of
Bankruptcy Procedure 3007(d)(1) and the Amended Omnibus Objection Procedures, as duplicative of one or more
master proofs of claim filed against COFINA by the Bank of New York Mellon, as trustee, on behalf of the holders

Claims specifically cited to the Commonwealth-COFINA Dispute as the basis of the claim, while other COFINA Bondholder Claims provided no explanation for the basis of the claim beyond attaching a bond statement showing ownership of bonds issued by COFINA.  Regardless of whether the Commonwealth-COFINA Dispute was expressly referenced in the proof of claim or supporting documentation, any purported liability by the Commonwealth for bonds issued by COFINA was resolved by the resolution of the Commonwealth-COFINA Dispute.

18.    More specifically, pursuant to Paragraph 55 of the Settlement Order, all claims against the Commonwealth arising from or relating to the relationship of the Commonwealth and COFINA have been released.  Settlement Order, ¶ 55 ("On the Effective Date, to the fullest extent permissible under applicable law, the Commonwealth shall be released from all liability from all Claims and Causes of Action held by any Creditor (as defined in the COFINA Plan), solely in such capacity, arising from or relating to the relationship of the Commonwealth and COFINA, including, without limitation, any Claim or Cause of Action arising from or relating to the commencement of the Adversary Proceeding and pendency thereof, the compromise and settlement of *Bank of New York Mellon v. COFINA*, Adv. Proc. No. 17-00133, and the allocation of funds in accordance with Section 2.1 of the COFINA Plan.").

19.    Additionally, pursuant to the Paragraph 3(c) of the *Settlement Agreement* [ECF No. 5045-1], dated October 19, 2018 and attached to the Settlement Order (the "Settlement Agreement"), and Paragraph 7 of the Amended Confirmation Order, the adversary proceeding between the Commonwealth and COFINA concerning the Commonwealth-COFINA Dispute, which was cited in some of the COFINA Bondholder Claims as a basis for the Claim, has been

---

of COFINA Bonds, which claims were logged by Prime Clerk, LLC as Proofs of Claim Nos. 31920 (subordinate bonds) and 33139 (senior bonds).

dismissed with prejudice following the approval of the compromise and settlement of the Commonwealth-COFINA Dispute. Paragraph 3(c) of the Settlement Agreement provides that, "[o]n the Effective Date . . . the Adversary Proceeding shall be dismissed, with prejudice, and all other claims and causes of action asserted therein by the Commonwealth Agent, the COFINA Agent and the Permitted Interveners, as defined in the Adversary Proceeding, shall be deemed dismissed, with prejudice . . . ." Paragraph 7 of the Amended Confirmation Order provides that, "[u]pon the dismissal, with prejudice, of the Adversary Proceeding, the Commonwealth Agent and the COFINA Agent and their respective professionals shall be deemed to have satisfied any and all of their respective obligations in connection with the Adversary Proceeding, and the Commonwealth Agent and the COFINA Agent shall be deemed to have been released from any and all liabilities associated therewith."

20.    Furthermore, pursuant to Paragraph 29(f) of the Amended Confirmation Order, "[o]n the Effective Date, and in consideration of the Commonwealth-COFINA Dispute Settlement and the resolution of the Interpleader Action, to the fullest extent permissible under applicable law, the Commonwealth shall be released from all liability from all Claims and Causes of Action held by any Creditor, solely in such capacity, arising from or relating to the relationship of the Commonwealth and COFINA, including, without limitation, any Claim or Cause of Action arising from or relating to the commencement of the Adversary Proceeding and pendency and the compromise and settlement of the Interpleader Action and the allocation of funds in accordance with Section 2.1 of the Plan." Amended Confirmation Order, ¶ 29(f).[6] Because the COFINA

---

[6] Pursuant to the Plan, "Claim" is defined as "[a]ny right to payment or performance, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, known or unknown or asserted or unasserted; or any right to an equitable remedy for breach or enforcement of performance, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, and all debts, suits, damages,

Bondholder Claims seek to hold the Commonwealth liable for bonds issued by COFINA, such claims arise from or relate to the relationship between the Commonwealth and COFINA. Accordingly, the Commonwealth has been released from all liability for the COFINA Bondholder Claims pursuant to the Settlement Order, Amended Confirmation Order, and the Plan.

21.     In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Sixty-Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to COFINA Bondholder Claims*, dated July 26, 2019, attached hereto as **Exhibit B**.

## NOTICE

22.     In accordance with the Amended Omnibus Objection Procedures, the Commonwealth is providing notice of this Sixty-Third Omnibus Objection to (a) the individual creditors subject to this Sixty-Third Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Ninth Amended Case Management Procedures* [ECF No. 7115-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. The notice for this Sixty Third Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Sixty Third Omnibus Objection and all of the exhibits attached hereto are being filed and served with this objection. The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

23.     This Sixty-Third Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the COFINA Bondholder Claims or any other claims on any ground whatsoever. The Debtors expressly reserve

---

rights, remedies, losses, liabilities, obligations, judgments, actions, causes of action, demands, or claims of every kind or nature whatsoever, in law, at equity, or otherwise." Plan § 1.53.

all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

24.     No prior request for the relief sought in this Sixty-Third Omnibus Objection has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth such other and further relief as is just.

Dated: July 26, 2019
San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC No. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764
Fax: (787) 763-8260

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth*

**Fecha de la vista: 11 de septiembre de 2019 a las 9.30 a.m. (AST)**
**Fecha límite para la contestación: 28 de agosto de 2019 a las 4.00 p.m. (AST)**

---

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA SU(S) RECLAMO(S)**

---

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

En el asunto de:

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

como representante de

EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*

Deudores[1]

PROMESA
Título III

Núm. 17 BK 3283-LTS

(Administrada conjuntamente)

**Esta presentación se relaciona con el ELA.**

---

### SEXAGÉSIMA TERCERA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO CONTRA LOS RECLAMOS DE LOS BONISTAS COFINA

El Estado libre asociado de Puerto Rico (el "ELA") mediante la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), en calidad de representante del ELA de conformidad con el artículo 315 b) de la *Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] presenta esta

---

[1] Los Deudores en estas causas promovidas conforme al Título III, el número de causa para cada Deudor y los últimos cuatro (4) dígitos del número federal de contribuyente de cada uno de ellos, según corresponda, son los siguientes: i) el Estado Libre Asociado de Puerto Rico (el "ELA"), (procedimiento de quiebra núm. 7 BK 3283-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3481); ii) la Corporación del Fondo de Interés Apremiante ("COFINA") (procedimiento de quiebra núm. 17 BK 3284-LTS) (últimos cuatro dígitos del número federal de contribuyente: 8474); ii) la Autoridad de Carreteras y Transportación ("ACT") (procedimiento de quiebra núm. 17 BK 3567-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3808); iv) la Administración de Sistemas de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ASR") (procedimiento de quiebra núm. 17 BK 3566-LTS) (últimos cuatro dígitos del número federal de contribuyente: 9686); y v) la Autoridad de Energía Eléctrica de Puerto Rico ("AEEPR") , y junto con el ELA, COFINA, la ACT y la ASR, los "Deudores" (procedimiento de quiebra núm. 17 BK 4780-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3747 ) (Debido a limitaciones informáticas, a los casos promovidos conforme al Título III se les asigna un número como procedimientos de quiebra).

[2] La ley PROMESA ha sido codificada en los artículos 2101-2241 del Título 48 del Código de los Estados Unidos (USC).

sexagésima tercera objeción (la "Sexagésima Tercera Objeción Global") a las pruebas de reclamo que se enumeran en el **Anexo A** al presente, cada una de las cuales busca crear una obligación hacia los titulares de los bonos emitidos por la Corporación del Fondo de Interés Apremiante ("COFINA"), y en apoyo de dicha Sexagésima Tercera Objeción Global respetuosamente aduce lo siguiente:

## JURISDICCIÓN

1.      De conformidad con el artículo 306(a) de PROMESA, el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción en razón de la materia para entender en esta causa y en la reparación solicitada.

2.      De conformidad con el artículo 307 a) de PROMESA, es apropiado constituir la competencia en este distrito.

## ANTECEDENTES

**A. Las órdenes de fecha final**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración al amparo de los artículos 104 j) y 206 de PROMESA y presentó una petición voluntaria de reparación para el ELA de conformidad con el artículo 304 a) de PROMESA, de esa forma dando inicio a una causa al amparo del Título III de dicha ley (el "caso del ELA conforme al Título III").

4.      El 16 de enero de 2018, los Deudores presentaron su *Moción para una orden que a) establezca plazos y procedimientos para presentar evidencias de reclamo y b) apruebe la forma y la manera de notificarlas* [ECF núm. 2255][3] (la "Moción de fecha final"). De conformidad con la *Orden que a) establece plazos y procedimientos para presentar evidencia de*

---

[3]A menos que se indique otra cosa en el presente, las citas a ECF se refieren a documentos presentados en el marco del procedimiento de quiebra núm. 17 BK 3283-LTS.

*reclamo y b) aprueba la forma y la manera de notificarlas* [ECF núm. 2521] (la "Moción inicial
de fecha final"), el Tribunal declaró con lugar a la medida solicitada en la Moción de fecha final.
Posteriormente el Tribunal prorrogó dichos plazos hasta el 29 de junio de 2018 a las 4.00 p.m.
(AST) a través de la Orden que a) prorroga el plazo para presentar las evidencia de reclamo y b)
aprueba la forma y la forma de notificarlas [ECF núm. 3160] (junto con Moción inicial de fecha
final, las "Mociones de fecha final").

**B.      Operaciones y bonos de deuda del ELA**

5.      La Constitución del Estado Libre Asociado de Puerto Rico (la "Constitución de
P. R.") entró en vigor en 1952. La Constitución de Puerto Rico estableció al ELA como el
gobierno central de Puerto Rico, "de forma republicana", y lo dividió en tres poderes: legislativo,
judicial y ejecutivo. *Véase* Const. de P.R., Art. I, §§ 1, 2.

6.      Con sujeción a varias limitaciones, la Constitución faculta al ELA a emitir deuda
y a constituir garantías sobre sus ingresos. *Véase* Const. P. R. Art. VI § 2. En 1961, se enmendó
la sección 2 del artículo VI de la Constitución de Puerto Rico para limitar las facultades del ELA
de solicitar empréstitos en función de la cuantía del servicio de la deuda que el ELA tendría que
pagar en relación a sus ingresos históricos relativos. Desde 1961, el ELA ha emitido miles de
millones de dólares en bonos de obligaciones generales, supuestamente respaldados por su buena
fe, su crédito y su poder de imponer contribuciones.

**C.      Evidencia de reclamo presentadas contra el ELA**

7.      A la fecha, se han presentado aproximadamente 169,591 evidencia de reclamo
contra los Deudores, que han sido registrada por Prime Clerk, LLC.[4] Dichas evidencia de
reclamo totalizan unos $43,6 billones en reclamos contra los Deudores.

---

[4] Tras haberse determinado que se presentaron erróneamente, más de 8.000 estos reclamos han sido dados de baja
   del registro.

8.       Unas 107,375 de esas evidencias de reclamo han sido presentadas con relación al ELA, o reclasificadas como presentadas contra el ELA. Las evidencia de reclamos relacionadas con el ELA totalizan unos $33.2 billones en obligaciones alegadas más montos no liquidados. De conformidad con las Mociones de fecha final, o bien no habría sido necesario presentar muchos de estos reclamos, o bien los reclamos presentan algún otro tipo de error, por ejemplo, haber sido modificados posteriormente, no aducir ningún reclamo por el que pueda atribuirse responsabilidad a los Deudores, o haber duplicado otras pruebas de reclamo.

**D.      Procedimientos para las objeciones globales y objeciones a los reclamos contra el ELA**

9.       A los efectos de resolver con eficacia la mayor cantidad posible de evidencia de reclamo innecesarias, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Moción para una orden que a) apruebe procedimientos limitados para las objeciones globales, b) no exija cumplir el requisito de la regla 3007(e)(6) del Código de Quiebras, y c) otorgue medidas relacionadas* [ECF núm. 4052] (la "Moción de procedimientos globales") Las medidas solicitadas en dicho documento eran de naturaleza no sustantiva y tenían por objeto acelerar y racionalizar el proceso de conciliación de reclamos mediante, entre otras cosas, aumentar el número de reclamos pudieran quedar abarcados dentro del ámbito de una objeción global. Tras revisar la orden propuesta para incorporar ciertos comentarios que se recibieron, incluidos los que el Tribunal realizó en una vista del 7 de noviembre de 2018, el Tribunal otorgó las medidas solicitadas en la Moción de procedimientos para objeciones globales mediante una orden de 14 de noviembre de 2018. *Véase Orden que a) aprueba procedimientos limitados para la objeciones globales, b) no exige cumplir el requisito de la regla 3007(e)(6) del Código de Quiebras, y c) otorga medidas relacionadas* [ECF núm. 4230]; *Moción de procedimientos*

*globales* [ECF núm. 4230-1] (colectivamente, los "Procedimientos originales para las mociones

globales").

10.     De conformidad con los Procedimientos originales para las mociones globales, el

Tribunal ha celebrado vistas con respecto a (59) objeciones globales no sustantivas presentadas

por el ELA, COFINA, la ACT y/o la ASR. Tras las vistas del 30 de enero y el 13 de marzo de

2019, el Tribunal declaró con lugar a (19) de tales objeciones globales, como consecuencia de lo

cual miles de evidencias de reclamo presentadas contra COFINA quedaron desestimadas y

fueron eliminadas del expediente, y cientos de otros reclamos fueron reclasificados para que se

presentasen contra otros de los Deudores.  El 12 de junio de 2019 y el 24 de julio de 2019 se

escucharon cuarenta objeciones globales a reclamos presentados contra el ELA, COFINA, la

ACT y/o la ASR, además de una serie de objeciones individuales a reclamaciones contra el ELA,

la ASR o COFINA.  Sobre la base de las sentencias y órdenes del Tribunal, más de 9,000

reclamos presentados que afirman aproximadamente $43 billones en responsabilidad contra el

ELA, la ACT, COFINA y la ASR han sido rechazadas y serán eliminadas del registro de

reclamaciones en los procedimientos del Título III al momento de la entrada de órdenes finales.

11.     En aras de continuar resolviendo con eficiencia cualquier prueba de reclamo

innecesaria, el 23 de mayo de 2019 los Deudores presentaron una moción modificada sobre los

procedimientos a los efectos de que, entre otras cosas, se les permitiese presentar objeciones

globales sobre fundamentos sustantivos, se ampliase el número de reclamos que pueden incluirse

en una objeción, y se aprobasen otras modalidades de notificación. *Notificación de vista con

respecto a una Orden que a) apruebe procedimientos modificados para las objeciones globales

b) no exija cumplir los requisitos de la regla 3007(e) (c) del Código de Quiebras, c) apruebe

modalidades adicionales de notificación, y d) otorgue medidas relacionadas* [ECF núm. 7091].

El Tribunal otorgó la medida solicitada del 14 de julio de 2019, mediante la *Orden que a) aprueba procedimientos modificados para las objeciones globales b) no exige cumplir los requisitos de la regla 3007(e)(c) del Código de Quiebras, c) aprueba modalidades adicionales de notificación, y d) otorga medidas relacionadas* [ECF núm. 7440] (la "Orden modificada de procedimientos globales"

12.    La Sexagésima Tercera Objeción Global se presenta de conformidad con los Procedimientos modificados del Tribunal para las objeciones globales.

**E.    El procedimiento de COFINA promovido conforme al Título III y resolución de la controversia ELA-COFINA**

13.    COFINA es una empresa pública y una dependencia del ELA, del cual es independiente como entidad empresarial y política, creada de conformidad con la ley núm. 91 de la Asamblea Legislativa del ELA. De conformidad con una resolución modificada y reformulada para emitir bonos respaldados por los ingresos por impuestos a las ventas, adoptada el 13 de julio de 2007 y modificada el 19 de junio de 2009, y al amparo de ciertas resoluciones complementarias, COFINA emitió una serie de bonos por un monto global aproximado de $17,000 millones, a fin de, entre otras cosas, sufragar ciertas obligaciones de deuda del Banco Gubernamental de Fomento y la Corporación de Financiamiento Municipal de Puerto Rico (los "Bonos COFINA"). Bank of New York Mellon es el fiduciario para los Bonos COFINA.

14.    El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración al amparo de los artículos 104 j) y 206 de PROMESA y presentó una petición voluntaria de reorganización para COFINA de conformidad con el artículo 304 a) de PROMESA, de esa forma dando inicio a una causa al amparo del Título III de dicha ley (el "caso de COFINA conforme al Título III"). La Junta de Supervisión presentó el *Tercer plan*

modificado de ajuste conforme al Título III para la *Corporación del Fondo de Interés Apremiante de Puerto Rico* (el "Plan") [ECF núm. 4652] el 9 de enero de 2019. El Tribunal analizó la confirmación de Plan y todas las objeciones a él durante una vista del 16 y 17 de enero de 2019.

15.    El 4 de febrero de 2019, el Tribunal confirmó el Plan, que incluía un compromiso y acuerdo con respecto a la controversia sobre si, tras considerar todas las defensas y reconvenciones procesales y sustantivas, incluidas cuestiones constitucionales, y de conformidad con la legislación aplicable, los impuestos por ventas y uso que COFINA presuntamente constituyó como garantía de la deuda son propiedad del ELA o de COFINA (la "controversia relativa al ELA y a COFINA"). *Véase Orden y sentencia que confirman el tercer Plan enmendado de ajuste conforme al Título III para la Corporación del Fondo de Interés Apremiante de Puerto Rico* [ECF núm. 5048]. El mismo día, el tribunal aprobó el compromiso y acuerdo de la controversia entre ELA y COFINA de conformidad con el *Dictamen abreviado y orden que aprueba la conciliación entre el Estado Libre Asociado de Puerto Rico y la Corporación del Fondo de Interés Apremiante* [ECF núm. 5045] (la "Orden de conciliación") El 5 de febrero de 2019, el Tribunal dictó una *Orden y sentencia enmendadas que confirman el Tercer Plan enmendado de ajuste de la Corporación del Fondo de Interés Apremiante de Puerto Rico elaborado conforme al Título III* [núm. ECF 5055] (la "Orden de confirmación enmendada"). El Plan entró en vigor el 12 de febrero de 2019 (la "Fecha de entrada en vigor"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de a) emisión de orden por la que se confirma el Tercer Plan enmendado de ajuste de la Corporación del Fondo de Interés Apremiante de Puerto Rico elaborado conforme al Título III, y b) llegada de la Fecha de entrada en vigor*

[procedimiento núm. 17 BK 3284-LTS, núm. ECF 587].

## OBJECIONES A LAS PRUEBAS DE RECLAMO

16.    Los Procedimientos modificados para las objeciones globales permiten que el ELA presente una objeción global contra múltiples pruebas de reclamo acogiéndose a cualquiera de los fundamentos que establece la regla 3007(d)(1)-(7) del Reglamento Federal de Quiebras y a otros fundamentos sustantivos que se establecen en dichos procedimientos modificados. La Sexagésima Tercera Objeción Global tiene por objeto desestimar, de conformidad con los procedimientos modificados para objeciones globales, reclamos que buscan recuperar montos por los cuales el ELA no es responsable debido a que los reclamos 1) fueron convenidos y conciliados de conformidad con la Orden de consideración, y 2) quedaron eximidos y liberados de conformidad con el Plan y la Orden de confirmación enmendada.

17.    Los reclamos que son "inexigibles contra el deudor y la propiedad del deudor por motivo de cualquier acuerdo con la legislación aplicable" deben ser desestimados. Artículo 502(b)(1) del Título 11 del Código de los Estados Unidos. Todos los reclamos que se enumeran en el **Anexo A** al presente (colectivamente, los "Reclamos de los Bonistas COFINA") buscan aducir la existencia de responsabilidades basadas en la presunta condición de titular de Bonos COFINA.[5] Algunos de los Reclamos de los Bonistas COFINA a la controversia entre el ELA y COFINA como la base del reclamo, mientras que otros no brindaron más explicación sobre sus

---

[5]  En la medida en que cualquiera de las Reclamos de los Bonistas COFINA pretendan presentar una reclamación contra COFINA en el Caso de COFINA iniciado al amparo de Titulo III, dichas reclamaciones contra COFINA aún deben ser rechazadas y eliminadas porque han sido desestimadas por completo y liberadas de conformidad con el párrafo 29 (a) de la Orden de Confirmación Enmendada y 11 USC § 944, incorporado a PROMESA por PROMESA § 301 (a). Además, cualquier reclamación de tenedores de bonos formuladas contra COFINA sobre la base de los bonos emitidos por COFINA debe ser rechazada, de acuerdo con la Regla 3007 (d)(1) del Procedimientos Federales de Quiebras y los Procedimientos de Objeciones Colectivas Enmendados, como duplicado de una o más pruebas maestras de la reclamación presentada contra COFINA por el Bank of New York Mellon, como fideicomisario, en nombre de los tenedores de los Bonos COFINA, cuyas reclamaciones fueron registradas por Prime Clerk, LLC. como pruebas de reclamación núm. 31920 (bonos subordinados) y 33139 (bonos senior).

fundamentos que adjuntar una constancia que muestra que el demandante es titular de bonos emitidos por COFINA. Independientemente de si la controversia entre el ELA y COFINA se menciona expresamente en la evidencia de reclamo o en la documentación de apoyo, cualquier presunta responsabilidad del ELA por los bonos emitidos por COFINA quedó resuelta mediante la resolución dictada sobre la controversia entre el ELA y COFINA.

18.     Más específicamente, de conformidad con el párrafo (55) de la Orden de conciliación, todos los reclamos contra el ELA surgidos a raíz de la relación entre el ELA y COFINA han quedado cancelados. Orden de conciliación, § 55 ("En la fecha de entrada en vigor, en la máxima medida permitida por la ley aplicable, el ELA quedará totalmente eximido de responsabilidad de todos los reclamos y causas de acción de cualquier acreedor (como se define en el Plan de COFINA), únicamente en dicha capacidad, que surjan como consecuencia de la relación entre el ELA y COFINA, incluidos, sin limitación, cualquier reclamo o causa de acción relacionada con el comienzo de Procedimiento contencioso y su tramitación, el compromiso y acuerdo en la causa *Bank of New York Mellon v. COFINA*, procedimiento contencioso núm. 17-00133, y la asignación de fondos de conformidad con la sección 2.1 del Plan de COFINA").

19.     Además, de conformidad con el párrafo 3 c) del *Acuerdo de conciliación* [ECF núm. 5045-1], de fecha 18 de octubre de 2018 I adjunto a la orden de conciliación (el "Acuerdo de conciliación"), y el párrafo 7 de la Orden enmendada de confirmación, el procedimiento contencioso entre el ELA y COFINA —relativo la controversia entre el ELA y COFINA—, que ha sido citado en algunos de los Reclamos de los Bonistas COFINA como la base de sus reclamaciones, ha sido desestimado de forma definitiva tras la aprobación del compromiso y acuerdo de la controversia entre el ELA y COFINA. El párrafo 3 c) del Acuerdo de conciliación establece que "[e]n la fecha de entrada en vigor . . . el procedimiento contencioso quedará

desestimado de forma definitiva, y todos los demás reclamos y causas de acción allí aducidos por el representante del ELA, el representante de COFINA y los mediadores autorizados, tal como se definen en el procedimiento contencioso, se considerarán desestimados de manera definitiva ...". El párrafo 7 de la Orden enmendada de confirmación establece que "[t]ras la desestimación definitiva del procedimiento contencioso, se considerará que el representante del ELA y el representante de COFINA y sus respectivos profesionales habrán cumplido con todas las obligaciones que les corresponden en vinculación con el procedimiento contencioso, y se considerará que el representante del ELA y el representante de COFINA habrán quedado eximidos de todas las responsabilidades asociadas".

20.     Además, de conformidad con el párrafo 29 f) de la Orden enmendada de confirmación, "[e]n la fecha de entrada en vigor, y en consideración de la Conciliación de la controversia entre el ELA y COFINA y la resolución de la Acción judicial por tercería, en la máxima medida permitida por la ley aplicable, el ELA quedará totalmente eximido de responsabilidad de todos los reclamos y causas de acción de cualquier acreedor, únicamente en dicha capacidad, que surjan como consecuencia de la relación entre el ELA y COFINA, incluidos, sin limitación, cualquier reclamo o causa de acción relacionada con el comienzo de Procedimiento contencioso y su tramitación, el compromiso y acuerdo en la Acción judicial por tercería, y la asignación de fondos de conformidad con la sección 2.1 del Plan"). Orden enmienda de confirmación, ¶ 29(f).[6] Debido a que en sus Reclamos los Bonistas COFINA

---

[6]  Según el Plan, "Reclamo" se define como "[c]ualquier derecho a un pago o al cumplimiento de una obligación, independientemente de si tal derecho consta en una sentencia, es liquidado, no liquidado, fijo, accidental, vencido, no vencido, controvertido, no controvertido, legal, en equidad, garantizado o no garantizado, conocido o desconocido, reclamado o no reclamado; o cualquier derecho a un remedio en equidad por incumplimiento o ejecución de un cumplimiento, independientemente de si tal derecho a un remedio en equidad consta en una sentencia, es fijo, accidental, vencido, en un no vencido, controvertido, no controvertido, garantizado o no garantizado, y la totalidad de las deudas, procesos, indemnizaciones por daños y perjuicios, derechos, remedios, pérdidas, responsabilidades, obligaciones, sentencias, acciones, causas radicadas, procedimientos o reclamos de cualquier tipo o naturaleza, en derecho, equidad o de cualquier otra forma." Plan § 1.53.

buscan hacer responsable al ELA por los bonos emitidos por COFINA, dichos reclamos surgen en el marco de la relación entre el ELA y COFINA. En consecuencia, en virtud de la Orden de conciliación, la Orden enmendada de confirmación y el Plan, el ELA ha quedado eximido de toda responsabilidad por los Reclamos de los Bonistas COFINA.

21.    En apoyo de lo anterior, el ELA se basa en la *Declaración de Jay Herriman en apoyo de la Sexagésima Tercera Objeción Global (sustantiva) del Estado Libre Asociado de Puerto Rico contra los Reclamos de los Bonistas COFINA*, de fecha 26 de julio de 2019, adjunta al presente como **Anexo B**.

## NOTIFICACIONES

22.    De conformidad con los Procedimientos modificados para las objeciones globales, el ELA ha enviado notificación de su Sexagésima Tercera Objeción Global a a) los acreedores individuales incluidos en esta Sexagésima Tercera Objeción Global, b) el Síndico en los EE. UU., y c) Lista Maestra de Notificaciones (según se define en el *Noveno procedimiento modificado para la gestión de casos* [ECF núm. 7115-1]), disponible en el sitio web de los Deudores para el caso en https://cases.primeclerk.com/puertorico. Se adjunta como **Anexo C** una copia de la notificación de esta Sexagésima Tercera Objeción Global. También se adjuntan traducciones al español de la Sexagésima Tercera Objeción Global, y todos los anexos adjuntos se presentan junto con esta objeción y se enviarán copias a las partes. El ELA declara que, habida cuenta de la naturaleza de los remedios solicitados, no es necesario cursar ninguna otra notificación.

## RESERVA DE DERECHOS

23.    Esta Sexagésima Tercera Objeción Global se limita a las cuestiones aducidas en el presente. En consecuencia, no afecta los derechos de los Deudores de objetar a los Reclamos de los Bonistas COFINA o a cualquier otro reclamo sobre cualquier base que corresponda. Los

Deudores se reservan expresamente el derecho a presentar todas las demás objeciones de naturaleza sustantiva o procesal. Nada de lo contenido en el presente, ni ninguna acción realizada en el marco de la medida solicitada, persigue ninguno de los siguientes objetivos, ni podrá interpretarse a tales efectos: a) admitir la validez de alguno de los reclamos contra los Deudores; b) renunciar al derecho de los Deudores a objetar a cualquier reclamo sobre cualquier base que proceda; c) prometer u obligarse a pagar cualquier reclamo; d) solicitar o autorizar la formalización de ningún acuerdo, contrato o arrendamiento previo a la petición de conformidad con el artículo 365 del Código de Quiebras, o e) renunciar a los derechos que PROMESA, el Código de Quiebras o cualquier otra legislación que sea de aplicación otorgan a los Deudores.

## <u>NO EXISTEN SOLICITUDES PREVIAS</u>

24.     Antes de esta Sexagésima Tercera Objeción Global, no se ha presentado ninguna solicitud para la medida buscada, ni ante este ni ante ningún otro Tribunal.

EN VISTA DE LO ANTERIOR, el ELA solicita respetuosamente que se dicte una orden, en esencia en la forma de la propuesta de orden que se adjunta al presente como **<u>Anexo D</u>**, que 1) otorgue la medida solicitada en el presente, y 2) otorgue al ELA cualquier otra medida que considere justa.

Fecha: 26 de julio de 2019  
      San Juan (Puerto Rico)

Sometido respetuosamente,

[*Firma en versión en inglés*]  
Ricardo Burgos Vargas  
USDC núm. 218210  
**A&S LEGAL STUDIO, PSC**  
434 Ave. Hostos  
San Juan , PR 00918  
Tel.: (787) 751-6764  
Fax: (787) 763-8260

[*Firma en versión en inglés*]  
Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)

12

**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Abogados para la Junta de*
*Supervisión y Administración*
*Financiera como representante del*
*Estado Libre Asociado de Puerto*
*Rico*