**Hearing Date: September 11, 2019, at 9:30AM (Atlantic Time)**
**Response Deadline: August 28, 2019 at 4:00PM (Atlantic Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

  as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

  Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**This filing relates to the Commonwealth.**

## SIXTY-FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS BASED ON INVESTMENTS IN MUTUAL FUNDS

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this sixty-fourth omnibus objection (the "Sixty-Fourth Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto, each of which

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

purports to be based on one or more investments in mutual funds, which in turn may have invested in bonds issued by the Commonwealth, and thus the Commonwealth is not liable because the claims are derivative and the claimants lack standing to assert the claim against the Commonwealth.   In support of the Sixty-Fourth Omnibus Objection, the Commonwealth respectfully represents as follows:

## JURISDICTION

1.       The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.       Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.       On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4.       On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion.  The Court then extended these deadlines to June 29, 2018 at

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

4:00 pm (Atlantic Time) upon entering the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders")..

**B.     Operations and Bond Debt of the Commonwealth**

5.     The Constitution of the Commonwealth of Puerto Rico (the "P.R. Constitution") became effective in 1952.   The P.R. Constitution created the Commonwealth as the central government of Puerto Rico, "republican in form" and divided into three branches: legislative, judicial and executive. *See* P.R. Const., Art. I, §§ 1, 2.

6.     The P.R. Constitution authorizes the Commonwealth to issue debt, subject to various limitations, including on the ability of the Commonwealth to pledge its revenues. *See* P.R. Const. Art. VI § 2.  In 1961, Section 2 of Article VI of the P.R. Constitution was amended to limit the Commonwealth's borrowing on the basis of the amount of debt service the Commonwealth would have to pay relative to its historical revenues.  Since 1961, the Commonwealth has issued billions of dollars of general obligation bonds purportedly backed by its full faith, credit, and taxing power.

**C.     Proofs of Claim Filed Against the Commonwealth**

7.     To date, approximately 169,591 proofs of claim have been filed against the Debtors and logged by Prime Clerk.[4]  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors.

8.     Of the proofs of claim filed, approximately 107,375 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  The Commonwealth-related proofs of

---

[4]  This total count of recorded entries on the claims registry in the Title III cases includes over 8,000 claims that have been marked as docketed in error and removed.

Case:17-03283-LTS  Doc#:8297  Filed:07/26/19  Entered:07/26/19 17:28:04  Desc: Main
Document    Page 4 of 21

claim total approximately $33.2 trillion in asserted liabilities plus unliquidated amounts. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, or being duplicative of other proofs of claim.

**D.      Omnibus Objection Procedures and Objections to Commonwealth Claims**

9.      In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection. After the proposed order was revised to incorporate certain comments received, including those from the Court at a hearing held on November 7, 2018, the Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").

10.     Pursuant to the Initial Omnibus Objection Procedures, the Court has heard fifty-nine non-substantive omnibus objections filed by the Commonwealth, COFINA, HTA, and/or ERS. Following hearings held on January 30, 2019, and March 13, 2019, the Court sustained nineteen of these omnibus objections, in addition to certain individual objections to claims filed against COFINA, resulting in thousands of proofs of claim filed against COFINA being disallowed

and expunged, and hundreds of other claims being reclassified to be asserted against another of the Debtors. Forty omnibus objections to claims filed against the Commonwealth, HTA, ERS, and/or COFINA, in addition to a number of individual objections to claims filed against the Commonwealth, ERS, or COFINA, were heard on June 12, 2019, and July 24, 2019. Based upon rulings and orders of the Court, over 9,000 claims asserting approximately $43 trillion in liability against the Commonwealth, HTA, COFINA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

11. In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, the Debtors, on May 23, 2019, filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

12. This Sixty Fourth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

13. The Amended Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the

Amended Omnibus Objection Procedures.   The Sixty-Fourth Omnibus Objection seeks to

disallow, in accordance with the Amended Omnibus Objection Procedures, claims that seek

recovery for amounts for which the Commonwealth is not liable because the claims were not filed

by a "creditor" of the Commonwealth and are merely derivative, and thus the claimants lack

standing to assert the claims.

14.     Claims that are "unenforceable against the debtor and property of the debtor, under

any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).  A claimant bears

the burden of establishing standing to file a proof of claim.  *In re Minbatiwalla*, 424 B.R. 104, 111

(Bankr. S.D.N.Y. 2010).  It is well established that only a creditor or the creditor's authorized

agent has standing to assert a claim.  Fed. R. Bankr. P. 3001(b); 11 U.S.C. §§ 501(a) ("A creditor

or an indenture trustee may file a proof of claim."); *In re Melillo*, 392 B.R. 1, 5 (B.A.P. 1st Cir.

2008) ("Only a creditor or indenture trustee may file a proof of claim.").   Parties with merely

derivative interests lack standing to assert a claim against a debtor's estate.  *Matter of Goldman*,

82 B.R. 894, 896 (Bankr. S.D. Ohio 1988) (finding party with "relationship with Debtor [that] is

not direct, but rather derivative" was "a stranger to Debtor's bankruptcy proceedings," with "no

claim against the estate's assets," and "as a general rule has no standing in Debtor's bankruptcy

proceedings"); *see also In re Tower Park Properties, LLC*, 803 F.3d 450, 462-63 (9th Cir. 2015)

(holding a trust beneficiary was not a party in interest); *In re Refco Inc.*, 505 F.3d 109, 117 (2d

Cir. 2007) ("To the extent that the rights of a party in interest are asserted, those rights must be

asserted by the party in interest, not someone else."); *In re Lopez*, 446 B.R. 12, 17 (Bankr. D.

Mass. 2011) (to establish oneself as a party in interest "the moving party must be asserting its own

rights and not those belonging to or derivative of a third party"); *In re Hayes*, 393 B.R. 259, 267

(Bankr. D. Mass. 2008) (recognizing the "general principle that 'party in interest standing does not

arise if a party seeks to assert some right that is purely derivative of another party's rights in the bankruptcy proceeding'" (quoting *In re Refco*, 505 F.3d at 115 n. 10)).

15.     In each of the claims listed on **<u>Exhibit A</u>** hereto (collectively the "<u>Claims</u>"), the claimant is a purported investor in one or more mutual funds that in turn may have invested in bonds issued by the Commonwealth.  "A creditor, under the [Bankruptcy] Code, is one who has a claim *against the debtor* or the estate," rather than "a creditor of one of the debtor's creditors." *S. Blvd., Inc. v. Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997).  Because, at most, the Claims were filed based on the claimant's status as an alleged creditor of an alleged creditor of the Commonwealth, the Claims were not filed by an actual creditor of the Commonwealth. *See In re Thalmann*, 469 B.R. 677, 683 (Bankr. S.D. Tex. 2012) (holding receiver lacked standing to file a proof of claim because it was not a creditor or an authorized agent of a creditor).  Instead, the Claims are derivative of claims that must be asserted by the mutual funds directly for any claimed recovery to be considered by the Court. *See Matter of Goldman*, 82 B.R. at 896 (finding party with "derivative" relationship has "no claim against the estate's asset" and "as a general rule has no standing in Debtor's bankruptcy proceedings").  Moreover, it is unknown whether the mutual fund still retains ownership of the suspect bonds.

16.     Indeed, under nearly identical circumstances, this Court previously disallowed claims filed against COFINA by investors in mutual funds that in turn allegedly invested in COFINA bonds for "lack of an individual interest in COFINA securities." *Tr. of Mar. 13, 2019 Hr'g Before the Hon. Laura Taylor Swain* [ECF No. 5969], at 64:01-10 ("THE COURT: So just so that I understand, his documentation shows that he is a mutual fund investor.  To the extent any of those mutual funds actually holds COFINA bonds, the mutual fund would be the appropriate claimant, and so he has provided no evidence of a valid direct claim as against COFINA?  MS.

STAFFORD: Correct, your Honor.  THE COURT: The objection to the claim is sustained and the claim is disallowed for lack of an individual interest in COFINA securities.").  Accordingly, the claimants are not creditors of the Commonwealth and lack standing to assert these derivative Claims.  Because the Commonwealth cannot be held liable for the Claims, these claims should be disallowed in their entirety.

17.     In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Sixty-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Based on Investments in Mutual Funds*, dated July 26, 2019, attached hereto as **Exhibit B**.

### NOTICE

18.     In accordance with the Amended Omnibus Objection Procedures, the Commonwealth is providing notice of this Sixty-Fourth Omnibus Objection to (a) the individual creditors subject to this Sixty-Fourth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Ninth Amended Case Management Procedures* [ECF No. 7115-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  The notice for this Sixty Fourth Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Sixty Fourth Omnibus Objection and all of the exhibits attached hereto are being filed and served with this objection.  The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

### RESERVATION OF RIGHTS

19.     This Sixty-Fourth Omnibus Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Debtors to object to the Claims or any other claims on any ground whatsoever.  The Debtors expressly reserve all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is

intended or should be construed as: (a) an admission as to the validity of any claim against the

Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or

requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement,

contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors'

rights under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

20.    No prior request for the relief sought in this Sixty-Fourth Omnibus Objection has

been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth such other and further relief as is just.

Dated: July 26, 2019
     San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Daniel J. Pérez-Refojos
USDC No. 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
as representative for the
Commonwealth*

10

**Fecha de la vista: 11 de septiembre de 2019, a las 09.30 a.m. (AST)**
**Fecha límite para responder: 28 de agosto de 2019, a las 04.00 p.m. (AST)**

---

> **REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS
> ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMO(S).**

---

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante de<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO y otros,<br><br>                        Deudores. [1] | PROMESA,<br>título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administración conjunta)<br><br>**El presente escrito guarda relación con el ELA.** |

## SEXAGÉSIMA CUARTA OBJECIÓN GLOBAL (SUSTANTIVA)
## DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMOS
## BASADOS EN LAS INVERSIONES EN FONDOS MUTUOS

El Estado Libre Asociado de Puerto Rico (el "ELA"), a través de la Junta de Supervisión

y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), en su calidad de

representante del ELA conforme al artículo 315(b) de la Ley para la Supervisión, Administración

y Estabilidad Económica de Puerto Rico ("PROMESA"),[2] radica esta sexagésima cuarta objeción

---

[1] Los Deudores en el marco de los presentes Procedimientos radicados conforme al título III, junto con el respectivo número de procedimiento radicado conforme al título III y los últimos cuatro (4) dígitos del número federal de contribuyente de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (núm. de procedimiento de quiebra 17 BK 3283-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (núm. de procedimiento de quiebra 17 BK 3284-LTS) (últimos cuatro dígitos del número federal de contribuyente: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (núm. de procedimiento de quiebra 17 BK 3567-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (núm. de procedimiento de quiebra 17 BK 3566-LTS) (últimos cuatro dígitos del número federal de contribuyente: 9686); y v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE", y conjuntamente con el ELA, COFINA, la ACT y el SRE, los "Deudores") (núm. de procedimiento de quiebra 17 BK 4780-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3747) (los números de causas radicadas conforme al título III figuran como números de procedimiento relativos a procedimientos de quiebra debido a limitaciones del programa informático).

[2] PROMESA ha sido codificada en el título 48 U.S.C., §§ 2101 a 2241.

global (la "Sexagésima Cuarta Objeción Global") a las evidencias de reclamos contenidas en el

**Anexo A** relativo al presente, cada una de las cuales se basa presuntamente en una o varias

inversiones en fondos mutuos, que a su vez pudieron haber realizado inversiones en bonos emitidos

por el ELA, por lo que el ELA se exime de toda responsabilidad, puesto que los reclamos son

derivados y las demandantes carecen de legitimación para reclamar contra el ELA. En apoyo de la

Sexagésima Cuarta Objeción Global, el ELA manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1. El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para conocer la presente causa y el en ella remedio solicitado conforme al artículo 306(a) de PROMESA.

2. La sede judicial de este distrito es la competente conforme al artículo 307(a).

## ANTECEDENTES

**A.   Órdenes de fecha final**

3. El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a los artículos 104(j) y 206 de PROMESA, y presentó una petición voluntaria de remedio para el ELA conforme al artículo 304(a) de PROMESA, incoando una causa con arreglo al título III de dicho cuerpo legal (la "Causa relativa al ELA radicada conforme al título III").

4. El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fijara fechas límite y procedimientos para radicar evidencias de reclamos y B) aprobara la forma y la manera de su notificación* [núm. ECF 2255][3] (la "Moción de fecha final"). Conforme a la

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del procedimiento de quiebra núm. 17 BK 3283-LTS.

*Orden que A) fijó fechas límite y procedimientos para radicar evidencias de reclamos y B) aprobó la forma y la manera de su notificación* [núm. ECF. 2521] (la "Orden inicial de fecha final"), el Tribunal concedió el remedio solicitado en la Moción de fecha final. Más tarde, el Tribunal extendió dichas fechas límite hasta el 29 de junio de 2018 a las 04.00 p.m. (AST) al dictar la *Orden que A) extendió fechas límite para radicar evidencias de reclamos y B) aprobó la forma y la manera de su notificación* [núm. ECF. 3160] (conjuntamente con la Orden inicial de fecha final, las "Órdenes de fecha final").

**B.    Operaciones y deuda relativa a bonos del ELA**

5.    La Constitución del Estado Libre Asociado de Puerto Rico (la "Constitución de Puerto Rico") entró en vigor en 1952. La Constitución de Puerto Rico creó el ELA como el Gobierno central de Puerto Rico, de "forma republicana" y dividida en tres poderes: legislativo, ejecutivo y judicial. *Véase* Const. de Puerto Rico, art. I, §§ 1, 2.

6.    La Constitución de Puerto Rico autoriza al ELA a emitir deuda, con sujeción a determinadas limitaciones, incluida la capacidad del ELA de empeñar sus rentas. *Véase* Const. de Puerto Rico, art. VI § 2. En 1961, la sección 2 del artículo VI de la Constitución de Puerto Rico fue modificado para limitar la contracción de la deuda por parte del ELA sobre la base del monto de la deuda que el ELA tuviera que haber pagado en relación con sus rentas históricas. Desde 1961, el ELA ha emitido bonos de obligación general por miles de millones de dólares presuntamente garantizados mediante la buena fe, el crédito y el poder de imponer contribuciones.

C.      **Evidencias de reclamos radicados contra el ELA**

7.      Hasta la fecha, se han radicado aproximadamente 169,591 evidencias de reclamos, y se han registrado por Prime Clerk, contra los Deudores.[4]   Dichas evidencias de reclamos ascienden a un total de $43.6 billones en reclamos presentados contra los Deudores.

8.      De las evidencias de reclamos radicadas, aproximadamente 107,375 han sido radicados en relación con el ELA, o reclasificados como presentados contra el ELA. Las evidencias de reclamos relacionadas con el ELA ascienden a un total de $33.2 billones en responsabilidad reclamada más montos no liquidados. De conformidad con los términos de las Órdenes de fecha final, muchos de esos reclamos no tenían que ser radicados siquiera, o adolecen de algún otro vicio; por ejemplo, haber sido modificados posteriormente, no contener reclamos de los que los Deudores fuesen responsables, o estar repetidos en relación con otras evidencias de reclamos.

D.      **Procedimientos relativos a objeciones globales y objeciones a reclamos del ELA**

9.      Para resolver, de manera eficaz, el mayor número posible de las evidencias de reclamos innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su Moción de que se dictase una orden a) que aprobase procedimientos limitados relativos a objeciones globales, b) declarase la renuncia al requisito contenido en la regla *3007(e)(6) de las Reglas de quiebras, y c) concediese el remedio relacionado* [núm. ECF 4052] (la "Moción de procedimientos globales"). El remedio solicitado en dicha moción era de una naturaleza no sustantiva y estaba concebido para agilizar y optimizar el proceso de reconciliación de los reclamos, entre otras cosas, al aumentar el número de reclamos permitido dentro del alcance de objeciones globales. Una vez revisada la orden propuesta para incorporar determinados comentarios recibidos, incluidos los realizados por el Tribunal durante una vista celebrada el 7 de

---

[4] Más de 8000 de esos reclamos han sido retirados del registro tras haber sido etiquetados como inscritos por error.

noviembre de 2018, el Tribunal concedió el remedio solicitado en la Moción de procedimientos globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden a) que aprobó procedimientos limitados relativos a objeciones globales, B) declaró la renuncia al requisito contenido en la regla 3007(e)(6) de las Reglas de quiebras, y c) concedió el remedio relacionado* [núm. ECF 4230]; *Procedimientos relativos a objeciones globales* [núm. ECF. 4230-1] (conjuntamente, los "Procedimientos originales relativos a objeciones globales").

10.    De conformidad con los Procedimientos originales para las mociones globales, el Tribunal ha celebrado vistas con respecto a (59) objeciones globales no sustantivas presentadas por el ELA, COFINA, la ACT y/o el SRE. Tras las vistas del 30 de enero y el 13 de marzo de 2019, el Tribunal declaró con lugar a (19) de tales objeciones globales, como consecuencia de lo cual miles de evidencias de reclamo presentadas contra COFINA quedaron desestimadas y fueron eliminadas del expediente, y cientos de otros reclamos fueron reclasificados para que se presentasen contra otros de los Deudores.  El 12 de junio de 2019 y el 24 de julio de 2019 se escucharon cuarenta objeciones globales a reclamos presentados contra el ELA, COFINA, la ACT y/o el SRE, además de una serie de objeciones individuales a reclamaciones contra el ELA, el SRE o COFINA.  Sobre la base de las sentencias y órdenes del Tribunal, más de 9,000 reclamos presentados que afirman aproximadamente $43 billones en responsabilidad contra el ELA, la ACT, COFINA y el SRE han sido rechazadas y serán eliminadas del registro de reclamaciones en los procedimientos del Título III al momento de la entrada de órdenes finales.

11.    En aras del interés constante para resolver, de una manera eficaz, cualesquiera evidencias de reclamos innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en las que solicitaron, entre otras cosas, que los Deudores pudieran radicar objeciones globales sobre unas bases sustantivas para aumentar el número de

5

reclamos que pudieran incluirse en una objeción y para aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden A) que aprobara procedimientos enmendados relativos a objeciones globales, B) declarara la renuncia al requisito contenido en la regla 3007(e) de las Reglas de quiebras C) aprobara formas de notificación adicionales y D) concediera el remedio relacionado* [núm. ECF 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden A) que aprobó procedimientos enmendados relativos a objeciones globales, B) declaró la renuncia al requisito contenido en la regla 3007(e) de las Reglas de quiebras C) aprobó formas de notificación adicionales y D) concedió el remedio relacionado* [núm. ECF 7440] (la "Orden relativa a procedimientos enmendados globales").

12.   La Sexagésima Cuarta Objeción Global se radica de conformidad con la Orden relativa a procedimientos enmendados relativos a objeciones globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMOS

13.   Los Procedimientos enmendados relativos a objeciones globales permiten al ELA radicar una objeción global a varias evidencias de reclamos sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos enmendados relativos a objeciones globales. La Sexagésima Cuarta Objeción Global pretende rechazar, de conformidad con los Procedimientos enmendados relativos a objeciones globales, reclamos que tratan de recuperar de montos por los que el ELA no es responsable, puesto que los reclamos no fueron radicados por un "acreedor" del ELA y son meramente derivados, por lo que las demandantes carecen de legitimación para presentar los reclamos.

14.   Los reclamos que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1).

6

Las demandantes tienen la carga de la evidencia para demostrar legitimación para radicar una evidencia de reclamos. *In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010). Es ampliamente aceptado que solo los acreedores o sus representantes autorizados están legitimados para presentar reclamos. Reg. Fed. de Proc. de Quiebr. 3001(b); Título 11 U.S.C., §§ 501(a) ("Los acreedores o fiduciarios autorizados podrán presentar evidencias de reclamos"); *In re Melillo*, 392 B.R. 1, 5 (B.A.P. 1st Cir. 2008) ("Solo los acreedores o fiduciarios autorizados podrán presentar evidencias de reclamos."). Las partes que solo tengan intereses derivados carecen de legitimación para presentar reclamos contra los bienes de un deudor. *Caso Goldman*, 82 B.R. 894, 896 (Bankr. S.D. Ohio 1988) (donde se concluyó que una parte con "una relación con el Deudor [que] no es directa, sino más bien derivada" era "persona ajena en relación con el procedimiento de quiebra del Deudor", sin "ninguna posibilidad de reclamar contra los activos" y "como regla general, no tiene legitimación en relación con el procedimiento de quiebra del Deudor."); *véase también In re Tower Park Properties, LLC*, 803 F.3d 450, 462-63 (9th Cir. 2015) (donde se concluyó que un beneficiario de un fideicomiso no era parte interesada); *In re Refco Inc.*, 505 F.3d 109, 117 (2d Cir. 2007) ("En la medida en que se hagan valer los derechos de una parte interesada, duchos derechos han de hacerse valer por dicha parte interesada, no por un tercero."); *In re López*, 446 B.R. 12, 17 (Bankr. D. Mass. 2011) (para constituirse como parte interesada "la parte solicitante deberá hacer valer sus propios derechos y no aquellos que asistan a un tercero o que se deriven en relación con tal tercero".; *In re Hayes*, 393 B.R. 259, 267 (Bankr. D. Mass. 2008) (donde se reconoce el "principio general de que 'no se da legitimación de una parte interesada si la parte pretende hacer valer un derecho que es puramente derivado de los derechos de otra parte en el procedimiento de quiebras" (que cita *In re Refco*, 505 F.3d at 115 n. 10)).

15.    En todos los reclamos que figuran en el **Anexo A** relativo al presente (conjuntamente, los "Reclamos"), la demandante es presunto inversor en uno o varios fondos mutuos que, a su vez, pudieron haber invertido en bonos emitidos por el ELA. "Un acreedor, conforme al Código [de Quiebras], es el que tiene reclamo *contra el deudor* o los bienes", en lugar de "un acreedor de uno de los acreedores del deudor." *S. Blvd., Inc. c. Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997). Puesto que, a lo sumo, los Reclamos fueron radicados en virtud de la condición de la demandante como presunto acreedor de un presunto acreedor del ELA, los Reclamos no fueron radicados por un acreedor real del ELA. *Véase In re Thalmann*, 469 B.R. 677, 683 (Bankr. S.D. Tex. 2012) (donde se concluye que el destinatario carecía de legitimación para radicar evidencias de reclamos porque no era acreedor ni agente autorizado de un acreedor). En cambio, los Reclamos se derivan de los reclamos que deben hacerse valer por los fondos mutuos directamente para que el Tribunal examine cualquier recuperación alegada. *Véase el caso Goldman*, 82 B.R. at 896 (donde se concluye que una parte con una relación "derivada" no puede "reclamar los activos" y "como regla general, carece de legitimación en el procedimiento de quiebras del Deudor"). Es más, no se sabe si el fondo mutuo sigue ostentando la propiedad de los bonos controvertidos.

16.    En efecto, en unas circunstancias casi idénticas, el Tribunal ya rechazó reclamos radicados contra COFINA por unos inversores en los fondos mutuos que, a su vez, invirtieron presuntamente en los bonos de COFINA, por "carecer de interés individual en los títulos de valores de COFINA". *Tr. de vist. del 13 de mar. de 2019 ante su señoría Laura Taylor Swain* [núm. ECF. 5969], en 64:01-10 ("EL TRIBUNAL: De modo que, para que lo entienda, su documentación muestra que es inversor en un fondo mutuo. En la medida que cualquiera de esos fondos mutuos posea realmente los bonos de COFINA, el fondo mutuo sería el demandante pertinente, ¿así que

8

no proporcionó ninguna evidencia de un reclamo directo válido contra COFINA? SRA. STAFFORD: Así es, señoría. EL TRIBUNAL: Se declara ha lugar a la objeción al reclamo, y se declara no ha lugar al reclamo por falta de interés individual en títulos de valores de COFINA".). En consecuencia, las demandantes no son acreedores del ELA y carecen de legitimación para hacer valer estos reclamos derivados. Puesto que al ELA no se le puede atribuir la responsabilidad por los Reclamos, dichos reclamos deben rechazarse en su totalidad.

17.     En apoyo de lo anterior, el ELA invoca la *Declaración de Jay Herriman en apoyo de la Sexagésima Cuarta Objeción Global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamos Basados en Inversiones en Fondos Mutuos*, de fecha 26 de julio de 2019, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

18.     De conformidad con los Procedimientos enmendados relativos a objeciones globales, el ELA notifica la presente Sexagésima Cuarta Objeción Global a) a los acreedores individuales objeto de esta Sexagésima Cuarta Objeción Global, b) al Síndico estadounidense, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de causas enmendados núm. 9* [núm. ECF 7115-1]), disponibles en el sitio de causas del Deudor, en https://cases.primeclerk.com/puertorico. La notificación relativa a la Sexagésima Cuarta Objeción Global se adjunta al presente como **Anexo C**. Las traducciones al español de la Sexagésima Cuarta Objeción Global y de la totalidad de los anexos que se adjuntan al presente se radican y envían con la presente objeción. El ELA sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

19.     La presente Sexagésima Cuarta Objeción Global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores

a objetar a los Reclamos o a cualesquiera otros reclamos sobre la base de los motivos que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamos contra los Deudores; b) constituyan una renuncia a los derechos que asisten a los Deudores a oponerse a cualesquiera reclamos sobre la base de los motivos que fuere; c) constituyan una promesa o requisito a pagar cualquier reclamo; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## **AUSENCIA DE SOLICITUDES PREVIAS**

20.    No se ha radicado ninguna solicitud de remedio previa a la presente Sexagésima Cuarta Objeción Global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

10

POR LO QUE el ELA solicita respetuosamente que se dicte una orden, esencialmente en

la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el

remedio solicitado en el presente documento, y 2) que conceda al ELA cualesquiera otros remedios

que se consideren justos.

Fecha: 26 de julio de 2019
       San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Hermann D. Bauer
Núm. USDC: 215205
Daniel J. Pérez-Refojos
Núm. USDC: 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión
y Administración Financiera como
representante del ELA*

11