Hearing Date: September 11, 2019, at 9:30AM (Atlantic Time)
Response Deadline: August 28, 2019 at 4:00PM (Atlantic Time)

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                    Debtors.¹ | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## SIXTY-SIXTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO NO LIABILITY CLAIMS

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),² files this sixty-sixth objection (the "Sixty-Sixth Omnibus Objection") to the two (2) proofs of claim listed on **Exhibit A** hereto, and in support of the Sixty-Sixth Omnibus Objection respectfully represents as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, THE COMMONWEALTH, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The Bar Date Orders**

3. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255]³ (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Commonwealth Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

---

³ Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

**B.    Operations and Bond Debt of the Commonwealth**

5.    The Constitution of the Commonwealth of Puerto Rico (the "P.R. Constitution") became effective in 1952. The P.R. Constitution created the Commonwealth as the central government of Puerto Rico, "republican in form" and divided into three branches: legislative, judicial and executive. *See* P.R. Const., Art. I, §§ 1, 2.

6.    The P.R. Constitution authorizes the Commonwealth to issue debt, subject to various limitations, including on the ability of the Commonwealth to pledge its revenues. *See* P.R. Const. Art. VI § 2. In 1961, Section 2 of Article VI of the P.R. Constitution was amended to limit the Commonwealth's borrowing on the basis of the amount of debt service the Commonwealth would have to pay relative to its historical revenues. Since 1961, the Commonwealth has issued billions of dollars of general obligation bonds purportedly backed by its full faith, credit, and taxing power.

**C.    Proofs of Claim Filed Against the Commonwealth**

7.    To date, approximately 169,591 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.[4] Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors.

8.    Of the proofs of claim filed, approximately 107,375 have been filed in relation to, or reclassified to be asserted against, the Commonwealth. The Commonwealth-related proofs of claim total approximately $33.2 trillion in asserted liabilities plus unliquidated amounts. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed

---

[4] This total count of recorded entries on the claims register in the Title III cases includes approximately 8,000 claims that have been marked as docketed in error and removed.

3

at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, or being duplicative of other proofs of claim.

### D. Omnibus Objection Procedures and Objections to Commonwealth Claims

9. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection. After the proposed order was revised to incorporate certain comments received, including those from the Court at a hearing held on November 7, 2018, the Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").

10. Pursuant to the Initial Omnibus Objection Procedures, the Court has heard fifty-nine non-substantive omnibus objections filed by the Commonwealth, COFINA, HTA, and/or ERS. Following hearings held on January 30, 2019, and March 13, 2019, the Court sustained nineteen of these omnibus objections, in addition to certain individual objections to claims filed against COFINA, resulting in thousands of proofs of claim filed against COFINA being disallowed and expunged, and hundreds of other claims being reclassified to be asserted against another of the Debtors. Forty omnibus objections to claims filed against the Commonwealth, HTA, ERS,

4

and/or COFINA, in addition to a number of individual objections to claims filed against the Commonwealth, ERS, or COFINA, were heard on June 12, 2019, and July 24, 2019. Based upon rulings and orders of the Court, over 9,000 claims asserting approximately $43 trillion in liability against the Commonwealth, HTA, COFINA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

11. In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, the Debtors, on May 23, 2019, filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. The Court granted the requested relief by the June 14, 2019 *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

12. This Sixty-Sixth Omnibus Objection is filed in accordance with the Amended Omnibus Objection Procedures.

**OBJECTIONS TO PROOFS OF CLAIM**

13. The Amended Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures. The Sixty-Sixth Omnibus Objection seeks to disallow,

5

in accordance the Amended Omnibus Objection Procedures, claims that seek recovery for amounts for which the Commonwealth is not liable.

14. Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1). Each of the claims listed on **Exhibit A** hereto (collectively the "No Liability Letters") consist of a handwritten letter sent to Prime Clerk, LLC, by an individual. While the letters were logged by Prime Clerk, LLC, as proofs of claim, there are no actual allegations in the No Liability Letters purporting to assert a claim against the Commonwealth. Rather, the No Liability Letters appear to express general grievances with the government. The No Liability Letters do not provide a basis for asserting a claim against the Commonwealth, or even allege an amount at issue. Accordingly, the No Liability Letters should be disallowed in their entirety for failing to assert amounts for which the Commonwealth is liable.

15. In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Sixty-Sixth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to No Liability Claims*, dated July 26, 2019, attached hereto as **Exhibit B**.

## NOTICE

16. In accordance with the Amended Omnibus Objection Procedures, the Commonwealth has provided notice of this Sixty-Sixth Omnibus Objection to (a) the individual creditors subject to this Sixty-Sixth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Ninth Amended Case Management Procedures* [ECF No. 7115-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Sixty-Sixth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Sixty-Sixth Omnibus Objection and all of the exhibits attached hereto are being

filed with this objection and will be served on the parties. The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

17. This Sixty-Sixth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the No Liability Letters or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

18. No prior request for the relief sought in this Sixty-Sixth Omnibus Objection has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth such other and further relief as is just.

Dated: July 26, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico*

**Fecha de la vista: 11 de septiembre de 2019, a las 09.30 a.m. (AST)**
**Fecha límite para responder: 28 de agosto de 2019, a las 04.00 p.m. (AST)**

---

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMO(S).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante de <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO y otros, <br><br> Deudores.[1] | PROMESA, <br>título III <br><br> Núm. 17 BK 3283-LTS <br><br> (Administración conjunta) <br><br> **El presente escrito guarda relación con el ELA.** |

**SEXAGÉSIMA SEXTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMOS DE NO RESPONSABILIDAD**

El Estado Libre Asociado de Puerto Rico (el "ELA"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del ELA conforme al artículo 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la presente sexagésima sexta objeción (la

---

[1] Los Deudores en el marco de los presentes Procedimientos radicados conforme al título III, junto con el respectivo número de procedimiento radicado conforme al título III y los últimos cuatro (4) dígitos del número federal de contribuyente de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (núm. de procedimiento de quiebra 17 BK 3283-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (núm. de procedimiento de quiebra 17 BK 3284-LTS) (últimos cuatro dígitos del número federal de contribuyente: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (núm. de procedimiento de quiebra 17 BK 3567-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (núm. de procedimiento de quiebra 17 BK 3566-LTS) (últimos cuatro dígitos del número federal de contribuyente: 9686); y v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE", y conjuntamente con el ELA, [*sic*] EL ELA, la ACT y el SRE, los "Deudores") (núm. de procedimiento de quiebra 17 BK 4780-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3747) (los números de causas radicadas conforme al título III figuran como números de procedimiento relativos a procedimientos de quiebra debido a limitaciones del programa informático).

[2] PROMESA ha sido codificada en el título 48 U.S.C., §§ 2101 a 2241.

"Sexagésima Sexta Objeción global") a dos (2) evidencias de reclamos que se mencionan en el **Anexo A** del presente, y en apoyo de la Sexagésima Sexta Objeción global manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1. El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para conocer la presente causa y el en ella remedio solicitado conforme al artículo 306(a) de PROMESA.

2. La sede judicial de este distrito es la competente conforme al artículo 307(a).

## ANTECEDENTES

**A. Órdenes de fecha final**

3. El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a los artículos 104(j) y 206 de PROMESA, y presentó una petición voluntaria de remedio para el ELA conforme al artículo 304(a) de PROMESA, incoando una causa con arreglo al título III de dicho cuerpo legal (la "Causa relativa al ELA radicada conforme al título III").

4. El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fijara fechas límite y procedimientos para radicar evidencias de reclamos y B) aprobara la forma y la manera de su notificación* [núm. ECF 2255]³ (la "Moción de fecha final"). Conforme a la *Orden que A) fijó fechas límite y procedimientos para radicar evidencias de reclamos y B) aprobó la forma y la manera de su notificación* [núm. ECF. 2521] (la "Orden inicial de fecha final"), el Tribunal concedió el remedio solicitado en la Moción de fecha final y fijó fechas límite y

---

³ Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del procedimiento de quiebra núm. 17 BK 3283-LTS.

2

procedimientos para presentar evidencias de reclamos en el marco de la Causa del ELA radicada conforme al título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamos y B) aprobó la forma y la manera de su notificación* [núm. ECF 3160] (conjuntamente con la Orden inicial de fecha final, las "Órdenes de fecha final"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B. Operaciones y deuda relativa a bonos del ELA**

5. La Constitución del Estado Libre Asociado de Puerto Rico (la "Constitución de Puerto Rico") entró en vigor en 1952. La Constitución de Puerto Rico creó el ELA como el Gobierno central de Puerto Rico, de "forma republicana" y dividida en tres poderes: legislativo, ejecutivo y judicial. *Véase* Const. de Puerto Rico, art. I, §§ 1, 2.

6. La Constitución de Puerto Rico autoriza al ELA a emitir deuda, con sujeción a determinadas limitaciones, incluida la capacidad del ELA de empeñar sus rentas. *Véase* Const. de Puerto Rico, art. VI § 2. En 1961, la sección 2 del artículo VI de la Constitución de Puerto Rico fue modificado para limitar la contracción de la deuda por parte del ELA sobre la base del monto de la deuda que el ELA tuviera que haber pagado en relación con sus rentas históricas. Desde 1961, el ELA ha emitido bonos de obligación general por miles de millones de dólares presuntamente garantizados mediante la buena fe, el crédito y el poder de imponer contribuciones.

**C. Evidencias de reclamos radicados contra el ELA**

7. Hasta la fecha, se han radicado aproximadamente 169,591 evidencias de reclamos, y se han registrado por Prime Clerk, LLC., contra los Deudores. [4] Dichas evidencias de reclamos ascienden a un total de $43.6 billones en reclamos presentados contra los Deudores.

---

[4] Más de 8000 de esos reclamos han sido retirados del registro tras haber sido etiquetados como inscritos por error.

3

8. De las evidencias de reclamos radicadas, aproximadamente 107,375 han sido radicados en relación con el ELA, o reclasificados como presentados contra el ELA. Las evidencias de reclamos relacionadas con el ELA ascienden a un total de $33.2 billones en responsabilidad reclamada más montos no liquidados. De conformidad con los términos de las Órdenes de fecha final, muchos de esos reclamos no tenían que ser radicados siquiera, o adolecen de algún otro vicio; por ejemplo, haber sido modificados posteriormente, no contener reclamos de los que los Deudores fuesen responsables, o estar repetidos en relación con otras evidencias de reclamos.

**D. Procedimientos relativos a objeciones globales y objeciones a reclamos del ELA**

9. Para resolver, de manera eficaz, el mayor número posible de las evidencias de reclamos innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su Moción de que se dictase una orden a) que aprobase procedimientos limitados relativos a objeciones globales, b) declarase la renuncia al requisito contenido en la regla *3007(e)(6) de las Reglas de quiebras, y c) concediese el remedio relacionado* [núm. ECF 4052] (la "Moción de procedimientos globales"). El remedio solicitado en dicha moción era de una naturaleza no sustantiva y estaba concebido para agilizar y optimizar el proceso de reconciliación de los reclamos, entre otras cosas, al aumentar el número de reclamos permitido dentro del alcance de objeciones globales. Una vez revisada la orden propuesta para incorporar determinados comentarios recibidos, incluidos los realizados por el Tribunal durante una vista celebrada el 7 de noviembre de 2018, el Tribunal concedió el remedio solicitado en la Moción de procedimientos globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden a) que aprobó procedimientos limitados relativos a objeciones globales, B) declaró la renuncia al requisito contenido en la regla 3007(e)(6) de las Reglas de quiebras, y c) concedió el remedio relacionado*

4

[núm. ECF 4230]; *Procedimientos relativos a objeciones globales* [núm. ECF. 4230-1] (conjuntamente, los "Procedimientos originales relativos a objeciones globales").

10. De conformidad con los Procedimientos originales para las mociones globales, el Tribunal ha celebrado vistas con respecto a (59) objeciones globales no sustantivas presentadas por el ELA, COFINA, la ACT y/o el SRE. Tras las vistas del 30 de enero y el 13 de marzo de 2019, el Tribunal declaró con lugar a (19) de tales objeciones globales, como consecuencia de lo cual miles de evidencias de reclamo presentadas contra COFINA quedaron desestimadas y fueron eliminadas del expediente, y cientos de otros reclamos fueron reclasificados para que se presentasen contra otros de los Deudores. El 12 de junio de 2019 y el 24 de julio de 2019 se escucharon cuarenta objeciones globales a reclamos presentados contra el ELA, COFINA, la ACT y/o el SRE, además de una serie de objeciones individuales a reclamaciones contra el ELA, el SRE o COFINA. Sobre la base de las sentencias y órdenes del Tribunal, más de 9,000 reclamos presentados que afirman aproximadamente $43 billones en responsabilidad contra el ELA, la ACT, COFINA y el SRE han sido rechazadas y serán eliminadas del registro de reclamaciones en los procedimientos del Título III al momento de la entrada de órdenes finales

11. En aras del interés constante para resolver, de una manera eficaz, cualesquiera evidencias de reclamos innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en las que solicitaron, entre otras cosas, que los Deudores pudieran radicar objeciones globales sobre unas bases sustantivas para aumentar el número de reclamos que pudieran incluirse en una objeción y para aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden A) que aprobara procedimientos enmendados relativos a objeciones globales, B) declarara la renuncia al requisito contenido en la regla 3007(e) de las Reglas de quiebras C) aprobara formas de notificación adicionales y D) concediera el*

5

*remedio relacionado* [núm. ECF 7091]. El Tribunal concedió, el 14 de junio de 2019, el remedio solicitado por medio de la *Orden A) que aprobó procedimientos enmendados relativos a objeciones globales, B) declaró la renuncia al requisito contenido en la regla 3007(e) de las Reglas de quiebras C) aprobó formas de notificación adicionales y D) concedió el remedio relacionado* [núm. ECF 7440] (la "Orden relativa a procedimientos enmendados globales").

12. La Sexagésima Sexta Objeción global se radica de conformidad con la Orden relativa a Procedimientos enmendados relativos a objeciones globales.

## OBJECIONES A PRUEBAS DE RECLAMOS

13. Los Procedimientos enmendados relativos a objeciones globales permiten al ELA radicar una objeción global a varias evidencias de reclamos sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos enmendados relativos a objeciones globales. La Sexagésima Sexta Objeción global solicita que se rechacen, conforme a los Procedimientos enmendados relativos a objeciones globales, reclamos que pretenden obtener la recuperación de montos por los que el ELA no tiene responsabilidad.

14. Los reclamos que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Cada uno de los reclamos mencionados en el **Anexo A** del presente (conjuntamente, las "Cartas de no responsabilidad") constituyen una carta manuscrita enviada a Prime Clerk, LLC, por una persona física. Aunque Prime Clerk, LLC, registró las cartas como evidencias de reclamos, en realidad las Cartas de no responsabilidad no contienen ninguna alegación que presente supuestamente un reclamo contra el ELA. En lugar de eso, las Cartas de no responsabilidad parecen expresar quejas de carácter general hacia el Gobierno. Las cartas de no responsabilidad

6

no brindan una base para radicar un reclamo contra el ELA; ni siquiera para alegar un monto controvertido. En consecuencia, las cartas de no responsabilidad deben ser rechazadas en su totalidad por no presentar montos por los que el ELA tenga responsabilidad.

15. En apoyo de lo anterior, el ELA invoca la *Declaración de Jay Herriman en apoyo de la Sexagésima Sexta Objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamos de No Responsabilidad*, de fecha 26 de julio de 2019, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

16. De conformidad con los Procedimientos enmendados relativos a objeciones globales, el ELA ha notificado la presente Sexagésima Sexta Objeción global a) a los acreedores individuales objeto de esta Sexagésima Sexta Objeción global, b) al Síndico estadounidense, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de causas enmendados núm. 9* [núm. ECF 7115-1]), disponibles en el sitio de causas del Deudor, en https://cases.primeclerk.com/puertorico. Una copia de la notificación relativa a la Sexagésima Sexta Objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Sexagésima Sexta Objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. El ELA sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

17. La presente Sexagésima Sexta Objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores a objetar a las Cartas de no responsabilidad o a cualesquiera otros reclamos sobre la base de los motivos que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a)

7

constituyan una admisión en cuanto a la validez de cualesquiera reclamos contra los Deudores; b) constituyan una renuncia a los derechos que asisten a los Deudores a oponerse a cualesquiera reclamos sobre la base de los motivos que fuere; c) constituyan una promesa o requisito a pagar cualquier reclamo; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## **AUSENCIA DE SOLICITUDES PREVIAS**

18. No se ha radicado ninguna solicitud de remedio previa a la presente Sexagésima Sexta Objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

8

POR LO QUE el ELA solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda al ELA cualesquiera otros remedios que se consideren justos.

| | |
|---|---|
| Fecha: 26 de julio de 2019<br>San Juan (Puerto Rico) | Respetuosamente sometida,<br><br>[*Firma en la versión en inglés*]<br>Hermann D. Bauer<br>Núm. USDC: 215205<br>Daniel J. Pérez-Refojos<br>Núm. USDC: 303909<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel.: (787) 764-8181<br>Fax: (787) 753-8944<br><br>[*Firma en la versión en inglés*]<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>Nueva York, NY 10036<br>Tel.: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Abogados de la Junta de Supervisión y Administración Financiera como representante del Estado Libre Asociado de Puerto Rico* |

9