UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

   Debtors.

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

-----------------------------------------------------------------x

**[Response to Docket #8083, as well as #6857, #7060, #7426, #7427, #7644, #7694]**

**INDIVIDUAL GO BONDHOLDER'S (1) RESPONSE TO SUPERSEDING STATUS REPORT OF DEBTORS AND ALTERNATIVE PROPOSED CASE MANAGEMENT ORDERS IN ADVERSARY PROCEEDINGS NOS. 19-291 ET AL., AND (2) MOTION TO VACATE ORDERS PREVIOUSLY ENTERED ON MOTIONS THAT FOMB FAILED TO SERVE UPON INDIVIDUAL DEFENDANTS THAT FOMB HAD SUED**

Dated: July 22, 2019

## TABLE OF CONTENTS

                                                              **Page**

Preliminary Statement ..................................................................................... 1

    A.    FOMB failed to promptly notify individual bondholders that FOMB had sued them, and FOMB filed multiple motions seeking relief to further its delay and confuse objectives without contemporaneously serving those motion papers on the individuals it had sued ................................................................. 1

            1.    FOMB's failure to serve its motions in Docket #6857, #7644 and #7060 on individual bondholders FOMB has sued. ..................................................................................... 2

            2.    FOMB's failure to serve Docket #8083 on individual bondholders FOMB has sued. ......................................... 5

    B.    FOMB's request for a further stay should be denied ............................ 7

    C.    My position on Certain Interested Defendants' proposed case management order .............................................................................. 7

    D.    The summons and complaint packets sent to hundreds of individuals are likely to be incomprehensible to many individuals and are calculated to confuse and thereby suppress the individual bondholder vote on a Plan, not inform ........................ 12

Conclusion and Relief Sought .......................................................................... 15

## Preliminary Statement

This Response addresses (1) relief sought by FOMB in the July 17, 2019 9:31 p.m. Superseding Status Report (#8083) – not served on me – as well as (2) orders granting FOMB motions to stay (and other relief) pertinent to actions in which I was (unbeknownst to me) sued months ago but not notified either of the fact I had been sued, or of FOMB's motions, prior to FOMB applying for (and being granted) the relief it sought in those motions. Other individuals (including my wife) likewise were not served or notified of their status as defendants prior to FOMB applying to the court for (and being granted) relief it sought by motion.

It is simply not appropriate for FOMB to seek to advance its strategic goals – which appear to be that of delaying adjudication of its invalidity and lien avoidance assertions, and confusing individual bondholders so as to suppress individual bondholder votes on FOMB's proposed plan – without first notifying and serving with motion papers all persons FOMB has sued. Proper procedure is "notify-and-serve-first, applications-for-relief-afterward" – not the other way around.

**A. FOMB failed to promptly notify individual bondholders that FOMB had sued them, and FOMB filed multiple motions seeking relief to further its delay and confuse objectives without contemporaneously serving those motion papers on the individuals it had sued**

My wife and I are individual GO bondholders, and I am also an HTA bondholder.

Upon returning from vacation on Friday evening, July 19, 2019, we found in our mail packets with summons, complaint and orders in Adversary 19-00293 (naming my wife) and Adversary 19-00362 (naming me). We had not previously been told that either one of us had been sued by FOMB in these proceedings, even

though FOMB filed the GO Adversary proceedings over two months earlier as part of a blizzard of FOMC adversary complaints.

In addition, I discovered on my own over the Fourth of July weekend that I had been named as a defendant over two months earlier in Adversary 19-00292 as I was reviewing papers in the lien avoidance adversary actions – which I had looked for (and finally found) on the Prime Clerk website after hearing comments made at the June 12 hearing about motions to dismiss having been filed in some cases by some major bondholders. No one had told me that I had been sued before I stumbled across that fact on my own. Because the names of defendants are not in alphabetical (or any other intelligible) order, my discovery that I had been sued was essentially by happenstance.

This failure to notify me that I had been sued back on May 2, 2019 in Adversary 19-00292 or serve me with the various motions that FOMB then proceeded to file with the Court to procure relief related to the Adversary proceeding in which I had been sued is despite the facts that (i) my email is listed on my proof of claim (Claim No. 10696), and (ii) I have filed prior papers related to the GO bonds. Indeed, my prior papers included objections to the repeated failure to serve me and other individual bondholders with papers in, and provide advance notice of, proceedings impacting upon individual bondholders.[1] Still, no notification and no service of motion papers.

1. **FOMB's failure to serve its motions in Docket #6857, #7644 and #7060 on individual bondholders FOMB has sued.**

I was not served with the prior motions that resulted in the orders that FOMB refers to in Docket#8083, including the motion by FOMB in #6857 that

---

[1] *See, e.g.,* Docket#7961-(dated and served 7/9/19)-page-14-to-18-of-19; #7732-(dated and served 6/24/19)-page-4-of-10; #7540-(dated and served 6/15/19)-page-11-to-12-of-19, #6151-(dated and served 4/5/2019)-page-2-of-3.

- 2 -

resulted in the entry of #7426, the motion by FOMB in #7644 that resulted in the entry of #7694, and the motion by FOMB at #7060 that resulted in the entry of #7427. Even if I had happened to see prior motions or orders relating to these adversary proceedings in the course of looking at the Prime Clerk main docket for case 17 BK 3283, I would not have viewed them as impacting on me directly because I did not know that I was named as a defendant until stumbling across that on my own over the July 4th weekend.

FOMB did serve "counsel to certain ad hoc groups of holders of bonds" (#6857-page-13-of-15; #7060-page-11-of-13). But, as has become evident in these proceedings, FOMB does not believe individual retail bondholders who bought pre-PROMESA matter. Indeed, FOMB proceeds as if individual bondholders do not even deserve to get notice:

- Not even if an individual bondholder has publicly filed a claim with their name, address and email – available on the Prime Clerk claims database – as I and many other individuals have (indeed, these claims appear to be the source of many if not all the names of the individuals sued to date).
- Not even if an individual bondholder has publicly filed a Notice of Participation – available in the Court's and Prime Clerk's public dockets – with their name, address and email address.
- Not even if an individual bondholder has filed papers in these proceedings, as I have, again with name, address and email on file in the Court's and Prime Clerk's public dockets.

Now looking back at the motions I was never served with, and the orders entered based on those motions, I see that the Court's order filed 6/13/19 at Docket#7426 expressly provides in paragraphs 7 and 8 that

- 3 -

> The Plaintiffs shall be responsible for meeting and conferring with all interested Defendants who have been served with this Order for the purpose of submitting a proposed joint case management order for the Court's consideration. The proposed order shall be filed by **12:00 noon on July 17, 2019**. The status of service and any proposed case management order will be discussed at the Omnibus Hearing scheduled for **July 24, 2019** in San Juan, Puerto Rico.
>
> Absent good cause shown, it is expected that at a minimum, ***all Defendants in Lien Avoidance Actions shall have been served with the complaint and this order in sufficient time to participate in the preparation of the proposed joint case management order.*** (emphasis added)

However, I was not served in time to participate in the preparation of the contemplated case management order. I was not even told I was a defendant until I discovered that myself, as described above.

The relief sought by FOMB in the motions I was not served with advance FOMB's apparent real objectives in this litigation: stays of FOMB's actions that will delay adjudication (so FOMB's contrived challenges to validity or liens can be secretly settled with favored hedge funds), and confusion of individual bondholders (to inhibit them from participating, or to impose on individuals the costs of consulting and retaining an attorney, so as to cause individuals to either simply not participate and not vote on an ultimate plan, or to sell out at distressed prices to FOMB-favored hedge funds and thus not vote). Even those of us who are not deterred are injured by FOMB's course of conduct, as the number of individual pre-PROMESA individual retail purchasers who may vote is driven down.

The proposed order requested by FOMB in its 6/25/19 motion (Docket#7644) (not served on me) resulted in the order entered just two days later on 6/27/19 (Docket#7694) – timing that allowed no time for a response even if the motion had been contemporaneously served on me. As discussed below in Section "D," that order (#7694) provides for a "Notice of Deadline to Respond to the Debtors' GO and HTA Lien Challenges" to go to investors that FOMB had sued.

However, that Notice fails to provide basic information in a clear fashion, such as (1) the address of the Court Clerk's office that could be used by the individuals who were sued to file papers in response to the FOMB's suit against them, and (2) a statement that the individuals sued could respond and participate either with an attorney or pro se, without an attorney, as they believe appropriate in light of the amount of their effective economic stake at issue. The types of procedural processes to facilitate individual participation by pro se litigants that I have sought in prior papers (*e.g.*, Docket#7540-page-4-to-15-of-19, as well as #6128-1-page-3-to-10-of-11 and #6487-page-3-to-10-of-16, #7732-page-4-of-10 and #7961-page-14-to-18-of-19) were entirely omitted.

As also discussed below in Section "D," the actual summons and complaint packets that have been sent do not even include as a ***stand-alone document*** the "Notice of Deadline to Respond to the Debtors' GO and HTA & Lien Challenges" that – without advance notice to individuals like me – FOMB procured the Court's approval of. *See* Docket #7694-1. Not only is that Notice inadequate for the hundreds of individuals to whom a summons and complaint packet has just recently been mailed – the "Notice" is in any event buried as "Exhibit A – Form of Notice," attached several pages inside the 7th and 8th documents in the packet individuals have been sent.

### 2. FOMB's failure to serve Docket #8083 on individual bondholders FOMB has sued.

I was also not served with #8083 ("Superseding Status Report of the Debtors and Alternative Proposed Case Management Orders of Debtors and Certain Defendants"), and it would appear hundreds of other individual defendants sued by FOMB have likewise not been served with #8083.

Docket#8083 was filed at 9:31 pm on July 17, 2019, and I happened to see it on Prime Clerk last week while looking at the Prime Clerk docket while I was on

vacation. Despite the fact that the proposed case management orders in #8083 pertained to the lien avoidance action that I had been sued in (Adversary 19-00292), no one had contacted me to tell me that I was a defendant or to invite me to participate in discussions of a case management order. Noting that #8083 is captioned as "superseding", I looked further and saw that at about 2:30 pm on July 17 a prior version of the document was filed at #8055. I was also not served with #8055.

I am submitting this response to #8083 at the earliest practical time after my return from vacation. As of this writing, I have not yet been served in Adversary 19-00292 and (as noted below) I reserve and assert all objections and rights, procedural and substantive, including failure to serve.[2]

FOMB may believe it is OK to (1) sue hundreds of individual retail bondholders whose alleged "sin" was investing pre-PROMESA in Puerto Rico bonds and filing proofs of claim; (2) not promptly advise these individuals that they have been sued; (3) file motions and conduct meets and confers in connection with the suits, all without providing actual notice to individual retail bondholders that FOMB had sued so that they would have an opportunity to participate at the outset of the process; and (4) use funds to do the foregoing that under the Commonwealth's Constitution are "irrevocably pledged" to the very bondholders who are being sued and on which those bondholders have the "first claim."

However, this lack of sensitivity to basic precepts of notice and an opportunity to be heard – at the outset of a process, not just after the process has started – is not OK. Furthermore, I submit that the entire process that is unfolding here – attempting to retroactively apply PROMESA to pre-PROMESA purchasers – is

---

[2] FOMB's report on the status of service in #8083 does not appear to identify what the status of service in 19-00292 is. See #8083-page-5-to-6-of-35.

- 6 -

contrary to the U.S. Constitution and settled U.S. Supreme Court case law, including law that I have previously referenced (*see* #7961-page-11-14-of-19; #7540-page-4,16-to-18-of-19; #4913-page-2-to-4,6-to-7-of-10).

### B. FOMB's request for a further stay should be denied

I object to the FOMB's request in #8083 for a further stay and for other relief. The Court is respectfully referred to my prior papers at Docket #7961, #7732 and #7540.

### C. My position on Certain Interested Defendants' proposed case management order

I have reviewed the proposal by Certain Interested Defendants included in Docket #8083 (at pages-12-to-15-of-35), which I first saw upon reading it after it was filed at 9:31 p.m. on July 17. My position on this is as follows.

1. Assuming these Certain Interested Defendants are committed to aggressively litigating against the lien avoidance actions – and are not co-opted through benefits provided in a confidential settlement process – in general, I believe the schedule these defendants propose is reasonable, with the qualifications noted below. If the lien avoidance actions are not summarily dismissed because, *e.g.*, these entire proceedings are void, it is essential that there be a final adjudication of FOMB's claims as promptly as practical, including any necessary appellate proceedings, consistent with the need to allow an adequate defense.

2. I do object, however, to what is provided in footnote 8 on page 12 of Docket #8083. I do not believe it is appropriate or constitutional to require any defendant to make these "averments" in order to submit a brief. I agree that it does make sense to have Certain Interested Defendants file their papers first, if they are willing and able to do that. Presumably other defendants will read those papers and not unnecessarily repeat them in their own filings.

But it is simply not appropriate and not consistent with due process (or the First Amendment) to tell anyone who has been sued by FOMB that they cannot file papers setting forth their positions, that they cannot make their own record, and that they must make "averments" before they file something. Notably, it is not even proposed that Certain Interested Defendants share drafts in advance with all other defendants, which could reduce the need for additional submissions. Recognizing that there are hundreds of defendants and the potential for conflicts of interest among defendants, and that Certain Interested Defendants may have legitimate privilege and work product concerns with sharing drafts too widely, I understand why that is not being proposed. Yet the absence of advance sharing of drafts does underscore why placing "averment" requirements on other defendants, or limits on what other defendants can do, is simply not appropriate or constitutional.

The inappropriateness of placing "averment" requirements or other constraints on individual defendants is also underscored by what happened in the COFINA situation. In the COFINA situation, there had been extensive briefing and even oral argument of the legal issues – and then all of a sudden a settlement was hatched in confidential proceedings in which individual bondholders had no role. Negotiating bondholders received special benefits not shared by nonparticipant individual bondholders, who only learned of the secretly negotiated deals after-the-fact. The result – which I have chronicled in other papers – has been disastrous for the nonparticipating individual investors, while major institutions in many cases have profited, likely to the tune of hundreds of millions if not billions of dollars in the aggregate. *See* Docket #7211, #6283, #5041, #4911, #4673, #4606-3-to-#4606-8, #4595, #4585.

It is clear from what happened in the COFINA situation – and what FOMB is attempting to reprise again here through their PSA – that individual bondholders cannot rely on major institutional investors to protect their interests, and that it

would be inappropriate to hamstring the rights of individuals that have been sued to make arguments, submit evidence, or participate as they consider appropriate.

3. The Court should direct, and defendants should be expressly told, that defendants are not required to serve a motion to dismiss or answer, and will be deemed to have disputed the allegations in the suit against them. If there is a desire to minimize duplicative filings that do not add anything of substance, this would be a logical and first step to take. Otherwise, defendants may believe that they must respond (as the summons that was the first document in the morass of papers recently mailed to individuals would appear to require).

Exhibit A hereto is an example of the summons that appeared at the top of the stacks of papers hundreds of individuals just received in the mail. The summons contains the following language:

> If you fail to respond to this summons, your failure will be deemed to be your consent to entry of a judgment by the district court and judgment by default may be taken against you for the relief demanded in the complaint.

If you were not immersed in these cases, and perhaps not even an attorney, what would you think? Many individuals might think they need to file and serve a response – albeit FOMB did not specify the address of the court to which the response must be sent, just addresses of four plaintiff law firms. How many individuals would read through the morass of papers, to the 7th or 8th document enclosed, and then page through to page 4, to find the "Notice of Deadline" that states that there is a stay through September 1, 2019? Even then, such an individual could conclude they must file and serve a response by October 1 or be in default.

If FOMB is so concerned with duplicative filings by hundreds of individuals, FOMB should have thought through the content of their mailing and prepared a coherent, understandable, easy-to-follow set of instructions that would appear at the very top of the packet being mailed.

4. To make the tight timetables provided in the schedule work, individual pro se litigants need to be given permission by the Court to electronically file without employing Puerto Rico counsel (which, as I have pointed out, *see* Docket #7961-page-17-of-19, the local rules *do* permit the court to allow), and other accommodations need to be made to facilitate the ability of pro se litigants to participate (as I have outlined in Docket#7540-page-4-to-17-of-19; #7961-page-14-to-18-of-19; #7732-page-9-to-10-of-10 (and cited papers including #6487 and #6128)).

5. It is not appropriate to continue FOMB's practice of proceeding by supposed "urgent motion" or by papers captioned "status report" or the like to seek relief from the Court, without sufficient advance notice to individual bondholders to provide individual bondholders time to respond and clear instructions on how they can, even without an attorney, respond.

6. The schedule presumes that the major bondholder groups that are defending the adversary lien avoidance cases actually actively litigate against those challenges. If that situation changes, and the full burden of defending against the challenges falls on individual or other modest-sized holders, modifications to the schedule will be required.

7. FOMB complains that under what Certain Interested Defendants propose any one of the hundreds of people FOMB has sued will be able to initiate discovery. On a practical level, I suspect there will be some significant element of coordination. To date, FOMB's expressed fears are just in the abstract. There is no need to adopt some remedy before one even sees if there is a problem.

But to the extent that particular defendants have discovery that they want to propound, it is not appropriate or constitutional for FOMB to preclude that. If there is a "problem," it is a problem entirely of FOMB's own making. Why did FOMB wait until the latest possible moment (or beyond the last possible moment) to file suit? Why did FOMB name hundreds of individuals with no coordinating mechanism in place to represent the interests of individual bondholders?

I had proposed a mechanism that would allow individual bondholders to be represented in a meaningful way in these proceedings and also provide a vehicle for coordination, namely a committee to represent individual GO bondholders and other bondholders related to individuals. *E.g.*, Docket#6128 and #6487. But FOMB (and UCC) objected. Docket#6164 and #6166. And the court then declined to direct that such a committee be established. Docket#6534. Any inconvenience to FOMB resulting from the fact that individuals are now left to their own devices to attempt to defend themselves is a problem entirely of FOMB's own making.

8. FOMB's delay in bringing, and repeated efforts to avoid proceeding to an adjudication of, its lien avoidance actions and its challenges to GO bond validity underscore the need to restrain any disbursements by the Commonwealth not in fact required for payment for truly essential services until FOMB's contrived issues are resolved and payment of the Commonwealth's GO debt resumes. By example only, as is evident from simple searches of the Comptroller's database, large expenditures of funds on thousands of advertisement, representation, artistic services and other consulting contracts have been made over the past three years since FOMB took office – yet far from putting an end to this practice, FOMB has even affirmatively approved contracts of this nature. *See, e.g.*, Ex. B hereto (8/27/2018 FOMB letter approving with observations multiple government contracts with KOI); Ex. C hereto (list of 45 KOI contracts involving tens of millions

- 11 -

of dollars from 7/1/2016 to 7/21/2019, on Comptroller's website; a review of the listed contracts, by clicking on the green "Document" icons on the far right column, shows that Edwin Miranda Reyes, President of KOI, signed certain of those contracts, *e.g.*, contract 2018-000045, for $7,876,700, for "advertising services" for the Department of Finance).

The diversion of funds that the Commonwealth irrevocably pledged to bondholders, and on which bondholders have a first claim, must cease.

9. The phrase "if necessary" should be added in "vi" after "Answer" and in "xiv" after "Trial." *See* #8083-page-13-15-of 35.

### D. The summons and complaint packets sent to hundreds of individuals are likely to be incomprehensible to many individuals and are calculated to confuse and thereby suppress the individual bondholder vote on a Plan, not inform

Even double sided, the summons and complaint packet my wife received in No. 19-00293 is about 3/8 inch thick, and is comprised of 8 separate documents:

- Summons in English
- Summons in Spanish
- Complaint in English (although inexplicably one must page through to page 3 to find the title of the document – for whatever reason FOMB and UCC chose to have two turgid footnotes on the first page, rather than put the title of the document on the first page so someone can tell at a glance what it is).
- Complaint in Spanish
- "ORDER REGARDING OMNIBUS MOTION BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AND ITS SPECIAL CLAIMS COMMITTEE TO EXTEND TIME FOR SERVICE OF SUMMONSES AND

COMPLAINTS AND TO STAY CERTAIN ADVERSARY PROCEEDINGS RELATING TO CERTAIN CHALLENGED GO BONDS" (19-00293, Doc #4)
- The same order in Spanish
- "ORDER GRANTING DEBTORS' URGENT MOTION REQUESTING ORDER (I) APPROVING SERVICE OF PROCESS AT ADDRESSES LISTED IN DEFENDANTS' PROOFS OF CLAIMS AND/OR RULE 2019 DISCLOSURES AND (II) APPROVING DEBTORS' FORM OF NOTICE IN GO AND HTA LIEN CHALLENGES" (Docket #7694, with the "Notice of Deadline" buried in this document as an attached exhibit)
- The same order in Spanish

The papers served on individual defendants in the HTA Adversary are even more confusing: the packet is over 1¼ inches thick (even double sided). The complaint and its 10 exhibits are rubber banded together as one undifferentiated morass, without exhibit tabs or consecutive page numbering. One must go through the morass almost page-by-page to try to figure out what is included.

**Nowhere** in the morass of papers served in the GO or HTA adversaries is the recipient provided basic information in a clear fashion, such as:
- "You may retain an attorney or participate in this case on your own without an attorney."
- "Your response and any other papers should be mailed or delivered to: 'Clerk's Office, United States District Court, Federal Building, Room 150, 150 Carlos Chardon Avenue, San Juan, Puerto Rico 00918-1767.'"
- "Your response is not due until October 1, 2019."

The "Notice of Deadline to Respond to the Debtors' GO and HTA Lien Challenges" that this Court approved – without notice to me or other individual

- 13 -

defendants and apparently without input from any individual defendant – is buried as "Exhibit A – Form of Notice," appearing at pages 4 through 7 in the 7th and 8th documents in the packet. That notice also does not clearly set forth the points I bullet above and is not going to be clear to many individuals.

The names, phone numbers, and emails for plaintiff attorneys – all 20 of them – are listed in the "Notice of Deadline," but the phone number for the Court Clerk's Office or the Court's PROMESA phone line is not. This risks individuals contacting plaintiffs' attorneys to seek guidance, which creates obvious concerns.

As someone who struggled just trying to find the Court's address to use to submit my first papers in this matter last December (*see* Docket#4595-page-15-of-21-n.6), I can assure the Court from personal experience that it will not be self obvious to many individuals where to send papers and how to contact the Clerk's Office with questions.

Docket #7694 needs to be vacated and a new, clear Notice needs to be sent to the hundreds of individuals recently served.

Finally, in the past, some of my expressions of concern about notice to, and an opportunity to be heard by, other individuals have been met with the claim by FOMB that I lack standing to raise such concerns. However:

- These are matters the Court should address sua sponte, even if no one had raised my concerns.
- I will be injured if FOMB is allowed to confuse or intimidate other individuals into defaulting or not voting. While my position is that the voting mechanism under PROMESA cannot Constitutionally retroactively abrogate my rights, FOMB contends to the contrary and is intent on having a vote on a Plan. Thus, I am adversely impacted by anything that deters full participation by other individual bondholders.

## Conclusion and Relief Sought

1. If these actions are not dismissed outright, at the very least FOMB's application for relief in #8083 should be denied and a schedule should be put in place to resolve through adjudication (including appellate proceedings, if necessary) the issues presented by FOMB's adversary complaints at the earliest practicable time.

2. The prior orders FOMB procured after filing adversary actions naming me as a defendant but not promptly telling me that I had been named, and not providing me notice of the motions FOMB filed seeking relief (namely, Docket #7426, #7427 and #7694), should be vacated.

3. Upon the vacature of #7694, a new, clear Notice needs to be sent to the hundreds of individuals recently served.

I assert and reserve all procedural and substantive rights and objections, including failure to serve, failure to properly serve, failure to serve motions, and my previously asserted position that the FOMB members were appointed in violation of the Appointments Clause and thus FOMB's actions are void and these proceedings should be dismissed.

Dated: July 22, 2019

Respectfully Submitted,

*Peter C. Hein*

Peter C. Hein, Pro Se
101 Central Park West, Apt. 14E
New York, NY 10023
petercheinsr@gmail.com