Hearing Date: **July 30, 2019 at 1:00 p.m. (AST)**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

```
------------------------------------------------------------- x
                                                              :
In re                                                         :
                                                              :
                                                              :   PROMESA
THE FINANCIAL OVERSIGHT AND                                   :   Title III
MANAGEMENT BOARD FOR PUERTO RICO,                             :
                                                              :
     as representative of                                     :   Case No. 17-BK-3283 (LTS)
                                                              :
THE COMMONWEALTH OF PUERTO RICO,                              :   (Jointly Administered)
et al.,*                                                      :
                                                              :
     Debtors.                                                 :
                                                              :
------------------------------------------------------------- x
                                                              :
In re                                                         :
                                                              :
                                                              :   PROMESA
THE FINANCIAL OVERSIGHT AND                                   :   Title III
MANAGEMENT BOARD FOR PUERTO RICO,                             :
                                                              :
     as representative of                                     :   Case No. 17-BK-04780 (LTS)
                                                              :
PUERTO RICO ELECTRIC POWER                                    :   **Court Filing Relates Only to PREPA**
AUTHORITY (PREPA),                                            :
                                                              :
     Debtor.                                                  :
------------------------------------------------------------- x
```

**REPLY IN FURTHER SUPPORT OF SOLUS' URGENT NEW
MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY U.S. BANK**

---

* The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC (collectively, "Solus"), as lenders to PREPA under the Fuel Line Loans, respectfully submits this reply in further support of its *Urgent New Motion to Compel Production of Documents by U.S. Bank* [Dkt. No. 1502] (the "Motion to Compel Production"), and in response to the Opposition filed by U.S. Bank National Association ("U.S. Bank") [Dkt. No. 1537] (the "Opposition" or "Opp.").

For the reasons set forth in the Motion to Compel Production[1] and below, the Court should order U.S. Bank to make a complete production in response to Request No. 4 of the *First Set of Document Requests of Cortland Capital Market Services LLC, as Administrative Agent, and Solus Alternative Asset Management LP to U.S. Bank National Association, as Bond Trustee* (the "Requests for Production" or the "Requests") pursuant to Federal Rule of Civil Procedure 34, made applicable to these proceedings by Bankruptcy Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 310 of PROMESA. Alternatively, if U.S. Bank does not make a supplemental production in response to Request No. 4, U.S. Bank and the Bondholders should be precluded from making further arguments or submitting evidence regarding the Current Expense treatment or priority status of the Fuel Line Loans, and any other topic for which they have refused to grant discovery.

1. The Government Parties have (incorrectly) deemed discovery related to the Fuel Line Lenders' "Current Expense" status and priority irrelevant and refused to produce on that basis. U.S. Bank, as representative of the Bondholders, echoes the Government Parties'

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Compel Production or the Opposition. The lenders under the Fuel Lines are referred to as the "Fuel Line Lenders" and the approximately $700 million in loans they made to PREPA are referred to as the "Fuel Line Loans" or "Fuel Lines."

meritless relevance objection, but has gone a step further by hiding behind unsupported assertions of burden that defy common sense and so-called "searches" that plainly did not capture the relevant material. The Court should simply compel U.S. Bank to produce the requested discovery.

2. The Government Parties have twice been ordered to provide the factual basis for their arguments against the Fuel Line Lenders' anticipated objections.[2] The Government Parties have made a number of contested factual and legal assertions contradicting the position they have held for years. The Government Parties' current assertions must be tested through discovery and an evidentiary hearing. Contrary to U.S. Bank's contentions, the Government Parties' assertions alone are not enough to short circuit discovery and deny the Fuel Line Lenders the opportunity to present their arguments against the Settlement Motion with the benefit of a complete factual record.

3. As the Fuel Line Lenders have previously articulated,[3] U.S. Bank's approach to discovery tries to deprive the Fuel Line Lenders of a fair process and turn the adversarial system on its head. The Fuel Line Lenders have requested evidence from U.S. Bank (and others) to present to the Court. The Court will weigh competing evidence before determining the Settlement Motion in October. U.S. Bank should produce the evidence and then, after a full hearing, the Court can rule on the competing arguments. Now is not the time to do so.[4]

---

[2] June 12, 2019 Hr'g Tr., at 155:24–156:4 [Dkt No. 1351]; July 11, 2019 Hr'g Tr., at 55:1–6 [Dkt. No. 1459].

[3] *See Solus Reply in Further Support of Motion of Solus to Compel Testimony Pursuant to Rule 30(b)(6) From U.S. Bank in Connection with PREPA RSA Settlement Motion*, [Dkt. No. 1521] at ¶¶ 3–4.

[4] U.S. Bank has erroneously suggested that the Fuel Line Lenders' objection to the RSA will be based entirely or even primarily on the existence of a subordination agreement. That is wrong. The Fuel Line Lenders will show that the Settlement Motion cannot be approved for multiple additional reasons. Among other things: (a) the Bondholders' lien and recourse are limited to "*net* revenues," meaning that

4.  U.S. Bank has failed to articulate any undue burden presented by answering the Fuel Line Lenders' requested discovery. Even a non-party "cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance. . . . To demonstrate undue burden, the movant must provide 'affirmative and compelling proof.'" *In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, No. MDL 13-2419-FDS, 2013 WL 6058483, at *6 (D. Mass. Nov. 13, 2013) (citations omitted); *see also Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc.*, 319 F.R.D. 422, 427 (D.P.R. 2016) ("When a party resists the production of evidence, it bears the burden of establishing . . . undue burden. . . . The objecting party must show specifically how each . . . request for production . . . is overly broad, burdensome or oppressive.") (citations and quotations omitted); *Gross v. Lunduski*, 304 F.R.D. 136, 151 (W.D.N.Y. 2014) ("[T]he party objecting to [a document request] on the ground of undue burdensomeness must submit an affidavit or other evidence revealing the nature of the burden.").

5.  In response to Request No. 4, the Fuel Line Lenders do not seek "thousands" of documents based on "speculation", "personal belief" or a " theoretical possibility" that such documents exist, *see* Opp. at ¶¶ 20–21. They seek communications regarding the Current Expense treatment and/or priority status of the Fuel Line Loans. Based on the evidence already

---

they have no valid lien and no valid claims until Current Expense holders, including the Fuel Line Lenders, have been paid in full; (b) the Bondholders thus have no valid lien over or claim to the funds that would be distributed to them if the Settlement Motion is granted; (c) the Settlement Agreement improperly releases "Lien Challenge" rights belonging to the Fuel Line Lenders; and (d) the Government Parties have made numerous binding representations—to the Court, to the Fuel Line Lenders and to bondholders—regarding the Current Expense and priority status of the Fuel Lines, and cannot take opposite positions now. However, discovery briefing is not the appropriate vehicle to present or evaluate those merits arguments, which will be presented in due course.

produced by PREPA and U.S. Bank, it is almost certain that such documents exist. For example, U.S. Bank has produced nine bond offering memoranda from the years before the PREPA filing. Those bond offerings confirm that the Fuel Line Loans are treated as Current Expenses with priority over the bonds. Official documents in U.S. Bank's files authored by PREPA state "[r]epayment of [the Fuel Line Facilities] and future lines of credit to cover operational expenses is **treated as a Current Expense under the Trust Agreement, which is entitled to be paid before debt service on the Power Revenue Bonds**." *See* Motion to Compel Production at ¶ 47 (quoting PREPA Series 2013A Official Statement) (emphasis added). It would be surprising if U.S. Bank did not communicate internally, with PREPA and with Bondholders concerning these statements, but U.S. Bank's production in response to Request No. 4 contained no internal or external communications relating to these bond documents, and U.S. Bank now refuses to even search for such communications. In fact, U.S. Bank's production did not contain a single communication with PREPA, the bondholders, or any of their respective agents or advisors about the treatment of the Fuel Line Loans as Current Expenses or their priority status. Notwithstanding U.S. Bank's status as a trustee, it is inconceivable that a major commercial bank does not have a *single communication* explaining agreed payment priorities (or anything else) under an $8.4 billion facility for which it is responsible. It is entirely reasonable for the Fuel Line Lenders and the Court to conclude that U.S. Bank's search was inadequate and incomplete, and U.S. Bank has presented no competent evidence to the contrary.[5]

6. In an extended litigation, the Fuel Line Lenders would take depositions to identify relevant witnesses, custodians and the location of relevant documents at U.S. Bank. Here, in an

---

[5] The Fuel Line Lenders are not suggesting that U.S. Bank has intentionally obstructed discovery, *see* Opp. at 8 n.8.

-4-

expedited proceeding, the usual and most efficient way to proceed is for parties to work cooperatively to identify witnesses, custodians, documents and search parameters to find relevant documents. U.S. Bank's insistence that the Fuel Line Lenders, as outsiders to U.S. Bank's files, are bound by their suggested initial search terms, that were apparently not searched against the correct custodians, and which did not cover the correct date range,[6] or were otherwise not effective is "gotcha" litigation. Far from seeking a "do over",[7] the Fuel Line Lenders seek an order compelling U.S. Bank to make the targeted supplemental production of files that are relevant to the Current Expense and priority status of the Fuel Line Loans to account for clear shortcomings in the initial production. The Fuel Line Lenders have demonstrated through other evidence and common sense that the documents in question likely exist and U.S. Bank has not come forward with any competent evidence to the contrary. *See United States v. Fresenius Med. Care Holdings, Inc.*, No. 1:10-CV-1614-AT, 2014 WL 11517841, at *6 (N.D. Ga. May 13, 2014) (ordering producing party to "work in good faith with [the requestor] to ensure . . . that the stipulated discovery parameters are not unreasonably limiting [its] disclosure of relevant, responsive documents"); *see also William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009) ("[W]hile key word searching is a recognized method to winnow relevant documents . . . [c]ommon sense dictates that sampling and other quality assurance techniques must be employed to meet requirements of completeness.") (citations omitted).

---

[6] Though Request No. 4 sought communications since May 4, 2012 (when the borrowings from the relevant Fuel Line Loans started), the earliest emails in U.S. Bank's production were from 2016.

[7] Simpson Thacher has been Solus' counsel of record in this case for years. U.S. Bank's counsel's suggestion otherwise is mistaken.

-5-

7. Notably, U.S. Bank has never stated that such documents do not exist, or why they would be so burdensome to locate. But when U.S. Bank's initial searches that its counsel suggested based on its counsel's diligence failed to yield anything besides documents relating to the prior 2015 restructuring support agreement, U.S. Bank refused to perform any follow up search, no matter how narrow (such as looking in its centrally stored electronic files for analyses or memoranda). U.S. Bank's position is unjustifiable.

8. Further, U.S. Bank cannot avoid its discovery obligations on the basis that it is a "non-party." U.S. Bank's argument that the Motion to Compel Production should be denied because the Requests for Production were served pursuant to Rule 34 as opposed to Rule 45, after it produced documents, participated in a months-long meet and confer process and failed to move for a protective order in response to the Requests is without merit. Aside from listing this objection as boilerplate in its Responses and Objections to the Requests, U.S. Bank raised this issue only once during the meet and confer process in order to obtain an extension to produce documents past the June 28 deadline.[8] In any event, U.S. Bank has appeared at pre-trial conferences,[9] participated in those conferences and made statements supportive of the settlement, and spent dozens of pages addressing the merits issues on discovery motions. Indeed, U.S. Bank has represented to this Court that it will take substantive positions on the Fuel Line priority

---

[8] *See Revised Order Extending and Establishing Certain Deadlines Applicable to the Joint Motion of PREPA and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement* [ECF No. 1235] [Dkt. No. 1366].

[9] *See Informative Motion of U.S. Bank National Association as PREPA Bond Trustee Regarding Appearance at June 12–13 Omnibus Hearing* [Dkt. No. 1287]; *Informative Motion of U.S. Bank National Association as PREPA Bond Trustee Regarding Appearance at June 28 Hearing* [Dkt. No. 1386]; *Informative Motion of U.S. Bank National Association as PREPA Bond Trustee Regarding Appearance at July 11 Hearing* [Dkt. No. 1435]*; Informative Motion of U.S. Bank National Association as PREPA Bond Trustee Regarding Appearance at July 30 Hearing* [Dkt. No. 1525].

issue.[10]  In these circumstances, U.S. Bank cannot invoke non-party status to avoid meeting basic discovery requirements.  *See S.E.C. v. Archer*, No. 16-cv-3505, 2018 WL 3424449, at *1 (S.D.N.Y. July 2, 2018) ("[E]ven if a nonparty is entitled to some enhanced protection against burdensome discovery requests, the protection is less robust when the nonparty is closely allied with the defendants and the information they possess is pertinent.") (internal marks and citations omitted).

9. Finally, U.S. Bank's characterizations of the meet and confer process are wrong.  It is also emblematic of the manner in which U.S. Bank has approached the process of preparing for a contested hearing on the Settlement Motion.  Solus has asked U.S. Bank to take reasonable steps to find documents concerning Current Expenses and/or the Fuel Line Loans.  U.S. Bank knows the relevant custodians and how it keeps its own files.  Absent a deposition, Solus does not.  Solus has not demanded expansive email searches looking for a needle in a haystack.  Rather, it has requested documents related to the substance of official statements in U.S. Bank's files that "[r]epayment of [the Fuel Line Facilities] and future lines of credit to cover operational expenses is **treated as a Current Expense under the Trust Agreement, which is entitled to be paid before debt service on the Power Revenue Bonds**."[11]  The other parties in interest have easily located documents that show their agreement with these statements and other parties.  U.S. Bank must produce those too, or provide some competent evidence that they do not exist.

---

[10]  See July 11, 2019 Hr'g Tr., at 26:13–16 [Dkt. No. 1459] ("[W]e do anticipate participating in these proceedings at the appropriate time. . . . [W]e disagree with the positions taken by the fuel line lenders . . . with respect to their interpretation of the trust agreement").

[11]  *See* Motion to Compel Production at ¶ 47 (quoting PREPA Series 2013A Official Statement) (emphasis added).

10. U.S. Bank's arguments about the wording of Solus' requests should be rejected. Had U.S. Bank issued a timely blanket objection to discovery (as did the Government Parties), or made its deficient production in response to Request No. 4 in a timely fashion rather than seeking numerous extensions until the afternoon of the very day discovery motions were due, the Fuel Line Lenders would have been able to ascertain the inadequacy of the production and issue whatever formal supplemental requests U.S. Bank now seems to think were required. Assuming that U.S. Bank was acting in good faith, the Fuel Line Lenders attempted to meet and confer on the parameters of a supplemental production, but U.S. Bank refused. It appears U.S. Bank never intended to produce responsive material. It should have said so from the outset. Fortunately, the discovery schedule is extended so that there is time for U.S. Bank to conduct a proper search and make a proper production.

11. Solus submits that U.S. Bank's continued failure to articulate with any specificity the undue burden created by the Fuel Line Lenders' Requests, coupled with the Fuel Line Lenders' clear demonstration of the relevance of the requested discovery in support of their Settlement Motion objection, warrants the limited relief of compelling U.S. Bank to make a supplemental production based on a search of its files for documents and communications relating to the Current Expense treatment and/or priority status of the Fuel Line Loans.

\* \* \*

12. For the foregoing reasons, the Court should grant Solus' Motion to Compel Production and order U.S. Bank to make a complete production in response to Request No. 4 of the Requests for Production, or in the alternative, if U.S. Bank fails to make a supplemental production in response to Request No. 4, U.S. Bank, as PREPA bond trustee, as well as the Bondholders, should be precluded from making further arguments or submitting evidence regarding the Current Expense treatment of the Fuel Lines, the priority status of the Fuel Line

Loans under the Trust Agreement, and any other topic for which they have refused to provide discovery.

| | |
|---|---|
| Dated: July 29, 2019 | Respectfully submitted, |
| */s/ Jose L. Ramirez-Coll* | */s/ Bryce L. Friedman* |
| Jose L. Ramirez-Coll | Bryce L. Friedman (admitted *pro hac vice*) |
| USDC-PR No. 221702 | Nicholas Baker (admitted *pro hac vice*) |
| ANTONETTI, MONTALVO & RAMIREZ-COLL | Sarah E. Phillips (admitted *pro hac vice*) |
| | SIMPSON THACHER & BARTLETT LLP |
| 1225 Ponce de Leon Avenue | 425 Lexington Avenue |
| Suite 1001 | New York, New York 10017 |
| San Juan, Puerto Rico 00907 | Telephone: (212) 455-2000 |
| Telephone: (787) 977-0303 | Facsimile: (212) 455-2502 |
| Facsimile: (787) 977-0323 | Email: bfriedman@stblaw.com |
| Email: jramirez@amrclaw.com | nbaker@stblaw.com |
| | sarah.phillips@stblaw.com |

*Attorneys for SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC*

-9-