## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO
## BANKRUPTCY COURT

**INRE:**
**THE FINANCIAL OVERSIGHT**
**AND MANAGEMENT BOARD OF**
**PUERTO RICO AS**
**REPRESENTATIVE OF THE**
**COMMONWEALTH OF PUERTO**
**RICO, ET ALS**
**DEBTORS**

**PROMESA TITLE III**
**NUM. 17BK3283-LTS**

## MOTION COMPLYING WITH THE ORDER OF THE HONORABLE COURT STATING OUR POSITION OF INAPPLICABILITY OF THE AUTOMATIC STAY

Comes now the movant party Hiram Pérez-Soto Pro Se and respectfully alleges and prays to the Honorable Court as follows:

1.  Plaintiff filed a complaint in the Federal District Court of Puerto Rico Civil Number 3-19-CV-1266 against Judges of the Supreme Court, Intermediate Appeals Court, Court of First Instance of San Juan and Humacao, Judges Administrators of the Judicial Administration, two former Judges of the Supreme Court, lawyers of the Department of Justice of Puerto Rico and against four private attorneys that are the adverse attorneys in an inheritance case in the Court of First Instance of Humacao HSCI2007-01040. In that case, and I want to be as brief as possible, I filed an ethical complaint against

1

the Judge which didn't comply with her obligation to put order and civility in the judicial proceedings. An adversary lawyer was using foul language accusing me of being paranoid. Every lawyer has a constitutional right to file an ethical complaint against a Judge with reasonable basis and with respect, see <u>Holt v. Virginia 381US25; InRe Little 404US533.</u> This is a constitutional right given by the first amendment of the United States Constitution which as a fundamental right is fully applicable to the not incorporated territory of Puerto Rico, see <u>Examining Board v. Flores Otero 426US96 (1976)</u>. Also the appearing party has a right to a fair and impartial tribunal so that he can win or lose his case in proceedings conducted with respect, civility and fairness, see <u>Capperton v. ATMassey TSEU June 2009</u>. This is afforded by the 5th and 14th amendments of the United States Constitution. After I filed that ethical complaint Judge Adalgisa Davila Velez was removed by the Judicial Administration. With judicial bias a persecution began against me by fellow Judges. They were prodded by the adversary lawyers which constantly used the ethical complaints I had to file in a conclusory way to incite the hostility of Judges against me. The three causes of actions contained in the complaint I filed on August 2007 in the case HSCI2007-01040 in the Court of First Instance of Humacao were dismissed without giving me the opportunity to have my day in Court and to

2

offer evidence in my favor in a trial with due process of Law. This is a type of judicial bias that shouldn't be permitted and allowed as long as Puerto Rico is covered by the United States Constitution. My cause of action trying to void a redemption of a 25% interest in a family corporation Cantera Pérez was dismissed without any trial. The second cause of action, trying to divide the estate of my late father and to compute or add back gift of stock of the family corporation under the forced heir ship rules of the Civil Code Article 746 was also dismissed. Finally a contingent derivative action in which I tried to void a sale of a piece of real estate that was assessed in $1.5 million that was sold for $100,000 in a simulated or fraudulent sale. This cause of action was also dismissed. Three Judges of the Court of First Instance of Humacao were removed after ethical complaints against them. The decision of those Judges against me were completely illegal showing bias, they were void, see InRe Hammermaster 985P2d924 (1999); InRe Benoid 487A2d1158; InRe King 568NE2d588; InRe Honorable Díaz García 158DPR895; Dávila v. Meléndez 2013JTS15. A person accused of fraud in the inheritance case was named Judicial Administrator without a hearing, without any petition by a heir, in a clear violation of the local of the local statute, see 32LPRA337 et seq.; Flecha v. Lebrón 2005JTS176; Villanova v. Villanova 2012JTS53. This person has accepted that he took from the estate

almost $5 million.  The Supreme Court refused to revise this outrageous decision two times.  This are only part of the bias and abusive judicial processes that I was submitted by bias Judges.  It included sanctions and dismissal of other causes of action.  In Puerto Rico there is a prior restraint, see <u>Near v. Minnesota 283US697</u> in which if a lawyer files an ethical complaint with reasonable basis and with respect he can be summarily disbarred without given him due process in a trial in which he cannot cite witness to cross-examine, see <u>InRe Ruffalo 395US544</u>.  I couldn't even read the charges in the ethical complaint which were conclusory to defend myself.

2. I filed a civil rights complaint in the Federal District Court 3-19-CV-1266 under 42USCA1983.  I wanted to void my abusive disbarment.  I wanted to void numerous sanctions that were imposed on me by bias Judges.  And I use the word bias because it is the truth; when Judges decide with intention to punish a decent person for exercising his constitutional rights there is no other word to describe this as a bias action.  In a certain way I am trying to defend the Judicial System of Puerto Rico which is not working according to the United States Constitutional standards.  It is part of the actions that caused that the Commonwealth of Puerto Rico cannot pay its enormous debt of $75 billion that has caused the massive emigration of young Puerto

4

Ricans to the United States to be able to work. Meanwhile the two parties are full of persons that through their connections are making their selves rich in a corrupt way. It should be clarified that what I am stating in this writing is that Judges were bias. As soon as I filed my complaint the Department of Justice filed a motion without assuming the representation of the Judges and former Judges and other government and former government officials. It stated that the complaint should be stay under <u>Section 301 of Title III of Promesa</u> which incorporated Section 362 of the Bankruptcy Code. I will later explain that in my complaint I asked for damages but I also asked injunctive and declaratory relief trying to void bias judgments against me and my disbarment and sanctions against me of more than $20,000. I was admitted in 1974 as a lawyer and no ethical charge aside from the one who caused my disbarment in June 20, 2018.

3. I tried to communicate as ordered by the procedural order of this Honorable Court made on June 2, 2017. With the lawyers of the Oversight Board and AAFAF. I send them the complaint and the motion to lift the stay or to make it inapplicable to the facts of this case. The phone calls were never answered, my emails were never answered. Finally a lady lawyer called me and send me a proposed stipulation that was ambiguous but stated that I could litigate my complaint 3-19-CV-1266 to ultimate judgment but I

couldn't execute any money judgment against the Commonwealth Government.  I agreed with that proposal but not with the exact wording.  It was ambiguous.  It stated that the automatic stay will be in effect for other claims.  This lawyer never answered my phone calls.  Another group of lawyers from the Department of Justice made a telephone call to me that under their proposals I could litigate all my claims but not execute a money judgment against the commonwealth.  I am sending the email sent to me, the emails I sent to this lawyers, a proposal sent to me in writing, then in a surprising way I received a motion that was completely contradictory about what these lawyers had repeatedly told me, that I could litigate all my claims in the Federal Court.  I think this isn't correct, this isn't the way this case should be handled to try to reach an agreement.  Under the motions sent by the Department of Justice contradicting what they told me repeatedly, the automatic stay will be applicable to all my claims and causes of actions.  It is possible that Judges who are defendants in the federal case 3-19-CV-1266 are exercising pressures in order to prevent that I could have my day in Court in the Federal District Court to ferret out all the judicial inappropriate behavior in the way I was disbarred and punished, in violation of my constitutional rights.  I repeat, since 1974 no ethical charge has been filed against me, except this one.  I have a clean criminal record, I am 69 years

old, married and proud of my son and daughter and my wife. I was deprived to earn a decent living by bias Judges. All the ethical charges against me were conclusory, they weren't discussed in detail. This is a prior restraint, see Near v. Minnesota, supra. In Puerto Rico if a lawyer files an ethical charge he will be summarily disbarred without a hearing complying with due process, see InRe Ruffalo, supra. I believe that Section 362 B4 which was incorporated by Promesa from the Bankruptcy Code is fully applicable to the facts of this case. It should be stated very clearly, see the case InRe Mohawk Greenfield Motel Corporation 239BR1. **It stated in a clear way that Section 362 B4 is an exception that ensures that the bankruptcy system doesn't become a heaven for debtors in properly seeking refugee under the stay in an effort to frustrate necessary government functions and policies. In other words, the automatic stay of 362 A cannot be used to hide acts of malfeasance.**

4. We belief Section 362 B4 is fully applicable to the facts of this case. Under that Section our governmental unit has authority to enforce police and regulatory power including the enforcement of a judgment other than a money judgment obtained in an action or proceeding by the government unit. The government unit can be a State Court, a State Administrative Board or Agency, a Federal Administrative Agency or Board or a Federal

Court.   See <u>NLRB v. Evan Plumbing 639F2d291; FEVC v. Rot Packing 787F2d318; AHRENS v. Aircraft Inc. NLRB 703F2d23; Penn Terra v. Department 733F2d267; Commonwealth of Massachusetts v. First Align Mortgage 263BR99</u>.  Section 101 27 defines the term governmental unit.  It includes United States or an instrumentality of the United States. In this case the governmental unit or entity that is trying to enforce a police or regulatory power is the Federal Court which will enforce a judgment for violation by state government officials or former government officials under color of Law of rights protected under Federal Law or under US Constitution under the authority provided by 42USCA1983.   The private party, myself, who files the complaint is an instrument or vehicle of the governmental unit the Federal Court.   The case I filed in Federal Court 3-19-CV-1266 isn't a tort claim, a breach of contract case or a collection of money, it is a claim to redress violation of rights protected under Federal Laws or the Constitution of the United States, see <u>42USCA1983</u>.  In the cases of <u>Halo Wireless Inc. v. Alenco Communs Inc. United States Court of Appeals First Circuit June 18, 2012</u>. It was decided that private parties can initiate an action to enforce a public policy it will not stayed because 362 B4 is applicable.  That section is phrased as the commencement or continuation of an action or proceeding. Also in the cases Alpern v. Lieb 11F3d689 7th circuit 1993, and in the case

8

of InRe Belg 230F3d1165 9th circuit 2000 and in the case United States Exrel Doe v. X Inc. 246BR817; it was decided that private parties could initiate an action to enforce a public policy and it will not be subject to the automatic stay under 362B4.

5. Under the case above cited 362 B4 provides an exception to the automatic stay to permit an injunction, and enforcement of an injunction, a declaratory judgment, the entry of a money judgment but doesn't extend to permit the enforcement of a money judgment. In other words, a money judgment can be entered only the enforcement of a money judgment is stayed. The fact that the defendant in defending himself from the suit must incur in cost of litigation that doesn't mean that those costs are a form of money judgment. It doesn't defeat the lifting of the stay. Furthermore the fact that an injunction may require the payment or expenditures of money doesn't necessarily forecloses the possibility of equitable relief. It is not unusual for a defendant in equity to expend money in order to obey or perform the act mandated by the Judge which by their terms compels expenditures of money, see Penn Terra v. Department, supra. Money judgments seeks compensation for past damages or prevention of future harm. In order for a money judgment to exist there must be identification of the parties for or against whose judgment is entered and a definite and a certain designation of

the amount which plaintiff is owed by the defendant. In other words, the expenses incurred by defendant in litigation or in complying with the injunction is not a proscribed money judgment. Section 362 B4 provides for an exception to the automatic stay when a governmental unit tries to enforce a police or regulatory power. A public policy. Any money judgment is not subject to automatic stay but only prevents its execution. Also expenses incur in litigation are not money judgments doesn't defeat the lifting of the automatic stay. In this case whatever expenses incur by the Commonwealth of Puerto Rico in giving legal representation to government and former government officials doesn't qualify as a money judgment. It can be stated that the Department of Justice of the Commonwealth of Puerto Rico only incurs in fixed cost when using government attorneys. Under present circumstances the Commonwealth of Puerto Rico shouldn't contract outside counsels. If it does it doesn't qualify as previously explained as a money judgment that could defeat the lifting of the automatic stay. Money judgments are permitted only the execution of the money judgment is stayed.

6. We are going to analyze the complaint I filed in the Federal Court 3-19-CV-1266. It will be seen that many of the remedies I asked were of a declaratory or injunctive nature which are not stayed either under section <u>362 B4 or 362</u>

<u>A1</u>.  Furthermore, I am willing to desist without prejudice any damages that I could obtain against government officials or former government officials. If 362 B4 is held inapplicable. As before stated I think is fully applicable.  In the case of <u>Betancourt Rivera v. Vázquez Garced 314Fed Supp 3d 367; Vázquez Cardona v. Department of Education 255Fed Supp 3d 298; Atiles Gabriel v. Commonwealth 256Fed Supp 3d 122</u> it was decided that action seeking only injunctive and or declaratory reliefs and no money damages, the automatic stay isn't applicable.  My desist without prejudice will be conditioned on the decision that 362 B4 is inapplicable.  I repeat; it is fully applicable.  In this situation the government of Puerto Rico cannot assume the legal representation of government or former government officials under <u>32LPRASection385</u> inasmuch as that legal representation is predicated and conditioned on the fact that government and former government officials are being sued in damages in their personal character.

7.  The complaint I filed in Federal Court 3-19-CV-1266 I petitioned for damages and injunction and declaratory relief.  I will now analyze for each and every class of defendants the remedies I asked.  It should be pointed out that as before explained I am willing to accept that the automatic stay will stay in effect for the execution of a money judgment as mandated under 362 B4. A) Judges of the Supreme Court. I will try to void my disbarment; it was

in violation of my free speech right and the void of any due process. I also will ask for declaratory judgment that in a bias way they refused to grant the discretionary grant of Certiorari and they left intact clearly wrong decisions. The Rule of Law wasn't respected. Those decisions were made in a bias way. They refused to revise the appointment of Mr. Cordero Soto as Judicial Administrator at least two times. The position of Testamentary Administrator of Mr. Cordero Soto was declared expired by a judgment of the Court of First Instance of San Juan KJV2006-2638 in January 2010. Mr. Cordero Soto couldn't be named under Puerto Rican Law Judicial Administrator because he was accused of fraud; there was no hearing, no petition, no bond and under any circumstances a person accused of fraud cannot be named Judicial Administrator under Puerto Rican Law, see Flecha v. Lebrón, supra; Villanova v. Villanova, supra; 32LPRASec337 et seq. Also under the Unites States Constitution nobody can be Judge and part, see Ward v. Moneroeville, 409US570; InRe Mutchinson 349US630. Refused to void the approval of disputed invoices in which the daughter of the so called Judicial Administrator counselor Cordero Alcaraz collected from the estate in a void manner without a hearing more than $100,000. The person who has the burden of proof under Puerto Rican Law to proof the legality of disputed invoices is the Administrator, see Mercado v. Mercado 66DPR368 González

Tejera Inheritance Law Vol. I page 462 et seq. refused to revise the way I was disqualified based on lies; a lawyer cannot be disqualified by the adversary lawyers without a hearing, see Otaño Cuevas v. Vélez 96JTS142; Kmart v. Walgreens 121DPR633. The ethical complaint against me was conclusory. The judgment by the Commissioner named by the Supreme Court decided in bias way was conclusory. The judgment of the Supreme Court was full of lies, I didn't cite false cases, made frivolous arguments, I only stated the truth, the adversary lawyers were lying to the Court and I could prove it. The Supreme Court never discussed whey they left intact clearly wrong decisions, see InRe Honorable Díaz García, supra. As can be seen the remedies are in the nature of declaratory or injunctive relief in which no money damages could be imposed on the Judges. The Supreme Court fine me for $5,000 in a bias way because I filed an ethical charge against lawyers who refused to appear at depositions that were duly cited. This $5,000 was paid by me, I am willing to treat this $5,000 fine that I paid in which I couldn't defend myself as a money judgment that cannot be paid back to me it would be stayed as a money judgment. I asked for punitive and actual damages against the Supreme Court Judges. I recognize that this is a very uphill battle. The doctrine of Judicial Immunity under Section 1983 is a firmly embedded principle of Law. Nevertheless I made the argument

that could be a new development under the Law; the argument was that Judicial Immunity under Section 1983 for judicial decisions made with jurisdiction, see <u>Pierson v. Ray 368US47; Stump v. Sparkman 435US349 (1978)</u> the doctrine is not constitutionally mandated by the Unites States Constitution as construed by the Supreme Court of the United States. It is based on congressional intention when the Klu Klux Klan Act in 1871 42 USCA 1983. Congress incorporated the judicial immunity of the common Law. The problem with this is that Puerto Rico was acquired by the United States in 1898, under Spain there was no judicial immunity in damages. In Puerto Rico the case of <u>Feliciano v. Rosado 113DPR550</u> decided in 1982 that there was no judicial immunity of Judges if there was a prior criminal conviction or the Judge was impeached in the case of a Supreme Court Judge, or dismissed from office. In this case there are reasonable basis to belief that Judges violated two penal statutes see <u>18USCA241 and 242</u> which prohibits Judges making bias decisions. In Puerto Rico it is impossible due to judicial cronyism that Judges could be convicted in a State Court of violating criminal Law. It is difficult if not impossible for a Judge to be impeached or dismissed from office for clearly wrong decisions. If those circumstances are not met a complaint against a Judge in the Commonwealth Court will be subject to dismissal. My argument is that a

14

contingent judgment in damages could be made subject to the fact that the Judge could be convicted under the federal criminal statutes which prohibits violating constitutional rights, see 18USCA241 and 242. As can be seen this is a new development in the Law and it will be very difficult to obtain a judgment in damages and punitive damages. Anyhow, any contingent judgment in damages against the Supreme Court Judges will be stayed under 362 B4. If it is not applicable I will desist without prejudice in relation to those damages. B) I asked for declaratory judgment against Judges of the Court of First Instance of Humacao HSCI2007-01040 against Judges in the Court of First Instance of San Juan KJV2006-2638 against panels of the Intermediate Appeals Court KLAN2011-00180, KLAN2011-00720 the remedies I asked were a declaratory or injunctive relief. No money damages under my pleadings could be imposed against those Judges. Only the voidance of their decisions. For example in the case KLAN2011-00180 if that judgment is voided I will have the right to have my day in Court and to ask damages against private parties for a fraudulent redemption of my stock in a family corporation. No damages can be imposed on those Judges if the decision is voided. If the damages I asked for violation of Section 1983 that as before explained were contingent they would be subject to the stay of the execution of those damages. C) I also asked for the voidance of my

15

disqualification by a Judge in the Court of First Instance of Humacao and by the Intermediate Appeals Court KLCE2008-00585. If that decision is voided and my disbarment is annulled I could appear as an attorney in local and Appeals Courts. No damages can be imposed on Judges if those decisions are voided. If the damages I asked for violation of Section 1983 that as before explained were contingent they would be subject to the stay of the execution of those damages. D) I was fined with $3,000 in a bias way by the Court of First Instance of San Juan case KAC2012-0840 for $2,400 by a Judge in the Court of First Instance of Humacao, for $3,000 by Appeals Court Judge panel KLCE2015-00534. Those fines were bias and abusive. I have paid them. I'm willing to treat that if those fines are voided I will not collect them and would be subject to the stay of the execution of a money judgment under Section 362 B4.

8. As before explained if the Federal Court decides that I can recover damages against any Judge the execution of the collection of those damages will be subject to the stay. Also, I filed in the complaint a cause of action against the lawyer of the Department of Justice that in a bias way filed a complaint against me and in a bias way selective prosecution, see <u>Noriega v. Hernández Colón 135DPR400</u> didn't file any ethical complaint against the adversary lawyers. The voidance of those decisions are declaratory or of an

injunctive nature that are not subject to the automatic stay.  This lawyers don't have immunity, they only have qualified immunity for their investigative work, see <u>Imblen v. Patchman 424US409; Bluckley v. Fitznons 113SupremeCourt260.</u>  Any damages that I could obtain against those government officials or former government officials will be subject to the automatic in its execution.

9. In my complaint I also asked causes of action against the Judicial Administrators of the Judicial Administration which failed to discipline Judges who made clearly wrong decisions, see <u>Rizz v. Goode 423US362 (1976)</u>.  Those judgments will be in a declaratory or injunctive nature that will not cause any damages to Government or former Government Employees, because those Judges acted in a administrative capacity they don't have any judicial immunity in damages.  Any money damages that I could obtain against them will be subject to the automatic stay in its execution.  I also filed in my complaint causes of action against two former Chief Judges of the Supreme Court which under the Rules of Judicial Discipline refused to discipline Judges in which I filed ethical complaints.  I believe those two former chief justices acted in an administrative capacity, not in a judicial capacity.  If their decisions are voided it would be of the declaratory or injunctive relief nature.  Inasmuch as those decisions doesn't

have judicial immunity any damages that I could obtain its execution will be stayed.

10. Finally, in the complaint I filed I have causes of action against four adversary lawyers which colluded and conspired with Judges citing false cases, making frivolous arguments, using the ethical charges I filed in a conclusory way to incite the hostility of Judges. They have no immunity whatsoever, see <u>Denny's v. Sparks 449US2 (1980)</u>. That cause of action cannot subject to the automatic stay because they are not government or former government officials.

11. It should be stated that the Commonwealth of Puerto Rico was not sued in the Federal Complaint 3-19-CV-1266. Only government officials and former government officials were sued in the complaint. There is no responding superior, liability of the Commonwealth of Puerto Rico in damages or in a declaratory or injunctive relief obtained against government officials or former government officials, see <u>Monell v. Department of Social Service 436US658 (1978).</u> Furthermore, under Law 9 32LPRASection3085 et seq. the Commonwealth of Puerto Rico can assume legal representation in the Federal Court and pay damages only when damages are asked in the complaint for violation of Federal and US Constitution in the Federal Court. The Commonwealth cannot give legal representation when only declaratory

or injunctive relief is petitioned in the petition in the Federal Court. Additionally the Commonwealth of Puerto Rico cannot pay damages on behalf of the government or former government officials when they acted with intention or in a bias way, see 32LPRASection3085.

12. I pleaded against the Commissioner named by the Supreme Court that she was bias, I couldn't cite witness and even prevented me from reading the complaint to answer them, its ruling was completely conclusory.   The remedies if the ruling of the Commissioner is voided are of a declaratory and injunctive relief.   They cannot be stayed. Because its decision was of a judicial nature, the Commissioner has judicial immunity.   Assuming the judicial immunity doctrine isn't applicable as before explained, execution of those damages will be subject to the automatic stay.   Additionally there was a $10,000 sanction imposed on me by and Appeals Court and the Court of First Instance of Humacao.   Those sanctions were collected by a private lawyer. I can recover those sanctions if they are voided, it will not cause any money to the Commonwealth Government.  Finally it should be pointed out that as before explained many of the judgments against me can be voided. The result will be that I could litigate my claim of damages against the defendants in the inheritance case.   With no damages whatsoever to

Government or former Government Officials and therefore in a derivative way damages to the Commonwealth Government.

13. Plaintiff only wants to have his day in Court in order to litigate the gross violation of his constitutional rights of free speech and fair tribunal under the US Constitution. Judges cannot use this special Bankruptcy Court to hide their acts of malfeasance. The evidence I have consisting in judgments, rulings and motions in a clear and overwhelmingly way prove that the decisions of Judges against me were made with intentional bias.

14. In this case I pray to the Honorable Judge that the automatic stay should be lifted. I only want to have my day in Court. The judiciary in Puerto Rico behaves with institutional bias. It is very similar to what happens with police commissions in the states and in Puerto Rico; a complaint against a policeman will be dismissed because policemen defend themselves. The same happens in the US Army. Complaints about sexual harassments against women were automatically dismissed. Remedies were taken to correct this institutional bias. In the judiciary in Puerto Rico an ethical complaint against a Judge is not only dismissed, but causes that the complaining party will be subject to sanctions and even disbarment. This is very unfair because ethical complaints with reasonable basis and with respect as before explained are constitutionally protected. The Honorable

Judge can decide that the automatic stay could be lifted in this case as before explained. If the Honorable Judge has any doubt I pray to the Judge to held a hearing in which I can make oral arguments.

**WHEREFORE**, it is respectfully requested to this Honorable Court to permit and allow the appearing party to have his day in Court and to litigate the complaint 3-19-CV-1266 to final judgment provided that any monetary judgment obtained against government or former government officials cannot be executed against them or against the Commonwealth of Puerto Rico. The concept of money judgment that will be stayed in its execution was explained in this motion. Declaratory or injunctive relief against Government or former Government Officials will not be stayed in its execution. Any money damages and declaratory or injunctive relief against private parties will not be subject to the automatic stay.

I hereby certify that I sent copy of this motion to the attorney of the Secretary of Justice of Puerto Rico Wandymar Burgos Vargas wburgos@justicia.pr.gov

21

I also certify that under the eighth amendment noticed Case Management and Administrative Procedure; I notify Counsel of the Oversight Board Hermann Bauer hermann.bauer@oneillborges.com and Ubaldo M. Fernández Barrera ubaldo.fernandez@oneillborges.com; Counsel for AAFAF Diana M. Pérez dperez@omm.com, Luis C. Marini-Biaggi lmarini@mpmlawpr.com and Carolina Velaz-Rivero cvelaz@mpmlawpr.com

I also filed this motion with the Clerk of the Federal Court in order for him to notify the masterlist and the claims and noticing agents, see Section E of the Case Management Proceedings.

**HIRAM PEREZ SOTO**

**PRO SE**

S1-5, Calle 11
Villas del Paraná
San Juan, Puerto Rico 00926-6045
Tel. (787) 731-6573
Cel. (787) 438-6687
E-mail: hperez1057@gmail.com