UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.¹ | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to the Commonwealth. |

ORDER GRANTING THE TWENTIETH OMNIBUS
OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH
OF PUERTO RICO TO SUBSEQUENTLY AMENDED CLAIMS (DOCKET ENTRY NO. 6269)

Upon the *Twentieth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Subsequently Amended Claims* (Docket Entry No. 6269, the "Twentieth Omnibus Objection")² filed by the Commonwealth of Puerto Rico (the "Commonwealth"), dated April 15, 2019, for entry of an order disallowing in their entirety certain claims filed against the Commonwealth, as more fully set forth in the Twentieth Omnibus Objection and supporting

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Twentieth Omnibus Objection.

exhibits thereto; and the Court having jurisdiction to consider the Twentieth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Twentieth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and each of the claims identified in the column titled "Claims to be Disallowed" in the English version of Exhibit A hereto (collectively, the "Claims to Be Disallowed"), having been amended and superseded by the subsequently filed proofs of claim identified in the column titled "Remaining Claims" in Exhibit A (collectively, the "Remaining Claims"); and the Court having determined that the relief sought in the Twentieth Omnibus Objection is in the best interests of the Commonwealth, its creditors, and all the parties in interest; and, upon the record of the hearing held on the Twentieth Omnibus Objection on June 12, 2019, and the rulings made therein, the Court having determined that the legal and factual bases set forth in the Twentieth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Twentieth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that Claim No. 10355 is hereby disallowed in its entirety as subsequently amended and superseded by Claim No. 167925, without prejudice to the parties' positions as to the timeliness of aspects of the amended claim that were not asserted in the original claim; and it is further

ORDERED that each of the other claims identified as Claims to Be Disallowed listed in Exhibit A are hereby disallowed in their entirety; and it is further

ORDERED that the Debtors' right to object to the Remaining Claims is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed to delete the Claims to Be Disallowed from the official claims register in the Commonwealth Title III Case; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: August 2, 2019                      /s/ Laura Taylor Swain
                                                     HONORABLE LAURA TAYLOR SWAIN
                                                       UNITED STATES DISTRICT JUDGE