# Exhibit C

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

-----------------------------------------------------------------------x
:
*In re* :
:
: PROMESA
THE FINANCIAL OVERSIGHT AND : Title III
MANAGEMENT BOARD FOR PUERTO RICO, :
:
as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO, : (Jointly Administered)
*et al.*,[1] :
:
Debtors. :
-----------------------------------------------------------------------x
:
*In re* :
:
: PROMESA
THE FINANCIAL OVERSIGHT AND : Title III
MANAGEMENT BOARD FOR PUERTO RICO, :
:
as representative of : Case No. 17-BK-04780 (LTS)
:
PUERTO RICO ELECTRIC POWER AUTHORITY :
(PREPA), :
:
Debtor. :
-----------------------------------------------------------------------x

**SECOND SET OF SUPPLEMENTAL DOCUMENT REQUESTS
OF CORTLAND CAPITAL MARKET SERVICES LLC, AS
ADMINISTRATIVE AGENT, AND SOLUS TO FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,
THE PUERTO RICO ELECTRIC POWER AUTHORITY,
AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL AUTHORITY**

---

[1]      The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number and the last four digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

Cortland Capital Market Services LLC ("Cortland"), as administrative agent for lenders under that certain Credit Agreement, dated as of May 4, 2012, among PREPA, Scotiabank de Puerto Rico, and the lenders party thereto, and SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC (collectively, "Solus"), as lenders to PREPA under a certain Trade Finance Facility Agreement, dated as of July 20, 2012, among PREPA and Citibank, N.A., pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable herein by Rule 9014 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules") and section 310 of the Puerto Rico Oversight, Management and Economic Stability Act, hereby request that each of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Fiscal Agency and Financial Authority ("AAFAF"), respond to the following second supplemental requests for production of documents and electronically stored information (individually, a "Document Request" and, collectively, the "Document Requests") by July 19, 2019 and produce all responsive documents by July 26, 2019.  These Document Requests are made without prejudice to, or waiver of, any further discovery.

These Document Requests relate to the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [Dkt. No. 1235] (the "Original Motion"), as supplemented by the *Supplemental Memorandum of Law and Facts in Support of Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling*

-2-

*Certain Limitations Periods* [Dkt. No. 1425] (the "Supplemental Memorandum" and, together

with the Original Motion, the "Settlement Motion").[2]

## I. DEFINITIONS

1.      "AAFAF" means the Puerto Rico Fiscal Agency and Financial Authority and any

of its successors, predecessors, subsidiaries, parents, affiliates, former or present agents,

representatives or professionals (including O'Melveny & Myers LLP and Rothschild & Co US

Inc.).

2.      "All" shall be construed as "any or all" or "each and all," as the context requires,

so that each Document Request shall be construed broadly, rather than narrowly, to bring within

the scope of each Document Request all responses that might otherwise be construed to be

outside its scope.

3.      "And," "and" and "or" shall be construed either disjunctively or conjunctively, as

the context requires, so that each Document Request shall be construed broadly, rather than

narrowly, to bring within the scope of each Document Request all responses that might otherwise

be construed to be outside its scope.

4.      "Communication" means every manner of communication, disclosure or

exchange, and every communication, disclosure or exchange of information, whether orally or

by document, or whether face-to-face, by telephone, telegram, mail, email, personal delivery,

electronically, facsimile, text message, or otherwise.

5.      "Document" or "documents" means anything within the scope of Federal Rule of

Evidence 1001 or Federal Rule of Civil Procedure 34, including the original, drafts, revisions

---

[2]      Capitalized terms not defined have the same meanings as in the Settlement Motion. Unless
otherwise indicated, all "Dkt. No." references are to case number 17-BK-04780 (the PREPA docket).

and nonidentical copies of any written, typed, printed, recorded, magnetic, graphic, or other form of memorialization or Communication, and also including all electronically stored information, internal memoranda, papers, books, letters, electronic mail, facsimiles, instant messages, text messages, calendars, appointment books, schedules, telegrams, correspondence, reports, agreements, contracts, leases, recordings, notations, or memorials of telephone conversations or meetings or conferences, interoffice communications, or work papers, as well as any data, information, or statistics contained within any storage module, backup tape, disc, or other memory device, or other information retrievable from storage systems, including computer-generated reports and printouts, however produced or reproduced, of every kind and description, in every format in which they appear.

6.     "Including" means including without limitation.

7.     "Oversight Board" means the Financial Oversight and Management Board for Puerto Rico and any of its successors, predecessors, subsidiaries, parents, affiliates, former or present agents, representatives or professionals (including Citigroup Global Markets Inc., Ernst & Young, LLP and Proskauer Rose LLP), and all other persons acting or purporting to act on any of their behalf.

8.     "Person," "person" or "persons" means all entities, including individuals, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies, or governmental entities.  Where a person other than an individual is involved (*e.g.*, a corporation, partnership, governmental entity or agency), "person" or "persons" includes all individuals acting or purporting to act on behalf of the person.

9.     "PREPA" means the Puerto Rico Electric Power Authority and any of its successors,    predecessors,    subsidiaries,    parents,    affiliates,    former   or   present   agents,

representatives or professionals (including Ankura Consulting Group, LLC, Greenberg Traurig, LP, Norton Rose Fulbright US LLP and O'Melveny & Meyers, LP), and all other persons acting or purporting to act on any of their behalf.

10.     "Rate Motion" means *PREPA's Conditional Motion to Make an Offsetting Change in Base Rate Charges* filed in *In re the Puerto Rico Electric Power Authority*, No. CEPR-AAP-2015-0001 (P.R. Pub. Serv. Regulatory Bd., P.R. Energy Bureau July 3, 2019) attached hereto as **Exhibit A**.

11.     "Relate to," "related to," or "relating to" means constituting, containing, embodying, comprising, reflecting on, identifying, stating, referring to, dealing with, commenting on, responding to, describing, involving, pertaining to, concerning or evidencing.

12.     "You" or "your" or any form of these words means AAFAF, the Oversight Board, and PREPA, and any of each of their successors, predecessors, subsidiaries, parents, affiliates, joint ventures, former or present directors, officers, employees, agents, representatives or professionals, and all other persons acting or purporting to act on any of their behalf (including Ankura Consulting Group, LLC, Citigroup Global Markets Inc., Ernst & Young, LLP, Greenberg Traurig, LP, Norton Rose Fulbright US LLP, O'Melveny & Meyers, LP, Proskauer Rose LLP and Rothschild & Co US Inc.).

13.     The use of the singular form of any word includes the plural and vice versa.  The feminine includes the masculine and neuter genders and vice versa.  The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

14.     The name of any person or professional firm refers also to that person or professional firm's successors, predecessors, subsidiaries, parents, affiliates, former or present

-5-

agents, representatives, employees or professionals, and all other persons or entities acting or

purporting to act on any of their behalf.

## II.    INSTRUCTIONS

A.      In responding to these Document Requests, you are required to produce all

responsive documents within your possession, custody or control, as well as all other responsive

documents that are currently possessed or controlled by you, by your present or former attorneys,

agents, professionals, employees, officers, directors or managers, advisors, representatives, or by

any other legal entities controlled by or affiliated with you.

B.      These Document Requests are ongoing and continuing in nature.  Any responsive

documents received or identified by you after the date of your initial response must be produced

pursuant to these Document Requests.

C.      If an objection to any Document Request is made, such objection must be made in

writing and must describe in detail the legal and factual basis for such objection, and must

identify the specific Document Request and language within such Document Request to which

the objection is made.

D.      Electronically stored information must be produced in accordance with the

following instructions:

1.      Images.  Responsive Documents shall be produced in image format, with searchable text load files that are compatible with standard litigation support software, including Relativity, Concordance and IPRO.  The images shall be either black and white, single-page, 300 DPI, Group IV .tiff images or color .jpg images.  Images for documents created with office or personal productivity software (*e.g.*, word-processing documents, spreadsheets, presentations, databases, charts, and graphs) shall include tracked changes, comments, hidden rows, columns or worksheets, speakers notes, and any other similar content that can be made visible within the application.

2.      Load File.  The load file shall include for each Document, to the extent practicable, information identifying the custodian file, group shared file, or

-6-

other source from which the Document was obtained.  For any Documents that have been globally de-duplicated, the custodian field shall include or shall be updated to include all custodians who had a copy of the Document before de-duplication.  For each individual Document based on an electronic file, the load file shall, to the extent practicable, contain the path to the corresponding text that is extracted from the electronic file, not generated as an OCR file from the .tiff image(s).

    a.    In addition to the foregoing, for all email, the load file shall also include, to the extent practicable, header information including: (1) the individual(s) to whom the communication was directed ("To"); (2) the author of the email communication ("From"); (3) all individuals who were copied ("cc") and/or blind copied ("bcc") on the communication; (4) the subject line of the communication ("Re" or "Subject"); and (5) the date and time sent.

    b.    For each Document, the load file shall also contain:  (1) the beginning Bates number (referring to the first page of the Document); (2) the ending Bates number (referring to the last page of the Document); and in the case of emails with attachments, (3) the beginning attachment range number(s) and (4) the ending attachment range number(s), where the "attachment range" records the relationship of emails to their attachments.  The attachment range should be recorded from the first page of the first Document in the attachment range, to the last page of the last Document in the attachment range.

3.    <u>Native Files</u>.  In addition, all Documents whose native format is that of a Microsoft Excel file (or other electronic spreadsheet file) shall be produced with a single-page placeholder (Group IV .tiff image) indicating that the file is a spreadsheet and shall be produced in native format, including the logical formulae within the cells of the spreadsheet and any metadata contained in the file.  The right to demand production of any other responsive Documents in their native format (including all metadata) is expressly reserved.

4.    <u>Metadata</u>.  Load files shall contain the following metadata fields:
- PRODBEG,
- PRODEND,
- PRODBEGATTACH,
- PRODENDATTACH,
- EMAIL_DATE,
- EMAIL_TIME,
- FROM,
- TO,
- CC,

- BCC,
- SUBJECT,
- CUSTODIAN,
- MD5 HASH,
- FILENAME,
- FILE_PATH (path to any native files being produced), and
- TEXT PRECEDENCE (path to text of file being produced).

E.     All documents produced shall be organized and labeled to correspond with the requests in these Document Requests or shall be produced as they are kept in the ordinary course of business.

F.     All documents produced shall be produced in their entirety notwithstanding that portions thereof may contain information not requested.  All interim as well as final versions or drafts of the documents shall be produced, and all versions or copies that are not identical to the original or another produced copy, whether due to handwritten notations, modifications, changes, amendments, revisions, or otherwise, shall be produced.

G.     For any document or other requested information no longer in existence and for which there is some record of its existence or destruction, identify the document or other information, and state how, when and why it passed out of existence or cannot be located.

H.     If any of the documents or information requested is claimed to be immune from discovery on the grounds of privilege or other exemption, then identify the purported privilege or exemption claimed, state the basis for the privilege or exemption asserted, and describe the information alleged to be privileged in detail sufficient to determine if the privilege has been properly invoked, as and to the extent required by Federal Rule of Civil Procedure 26(b)(5), made applicable by Bankruptcy Rule 9014.

## III.     REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following to the offices of Wachtell, Lipton, Rosen & Katz, 51 West
52nd Street, New York, New York 10019 (attention:  Angela K. Herring), or in such other
manner as shall be mutually agreed:

1.     All Documents related to the Rate Motion and the relief sought therein, including
PREPA's request for "the Energy Bureau's advance approval, that PREPA, in the
event that the Title III court approves the aspects of the RSA before the court, may
change the customer bill format promptly after such Title III court approval:  (1) to
reduce by 1 cent / kWh the applicable base rate charges billed on a kWh basis;
(2) to add a 1 cent / kWh base rate charge to be identified as 'Settlement Charge'
in English and 'Cargo por Transacción' in Spanish; so that (3) the two changes
(the base rate reduction and the Settlement Charge addition) offset and have no net
impact on customer bills."

Dated:  July 15, 2019

/s/ Nayuan Zouairabani

Nayuan Zouairabani
USDC-PR No. 226411
MCCONNELL VALDÉS LLC
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico  00918
P.O. Box 364225
San Juan, Puerto Rico  00936-4225
Telephone:  (787) 250-5604
Facsimile:  (787) 759-9225
Email:  nzt@mcvpr.com

/s/ Emil A. Kleinhaus

Richard G. Mason (admitted *pro hac vice*)
Amy R. Wolf (admitted *pro hac vice*)
Emil A. Kleinhaus (admitted *pro hac vice*)
Angela K. Herring (admitted *pro hac vice*)
Joseph C. Celentino (admitted *pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
Email:  rgmason@wlrk.com
        arwolf@wlrk.com
        eakleinhaus@wlrk.com
        akherring@wlrk.com
        jccelentino@wlrk.com

*Attorneys for Cortland Capital Market
Services LLC, as Administrative Agent*

/s/ Jose L. Ramirez-Coll

Jose L. Ramirez-Coll
USDC-PR No. 221702
ANTONETTI, MONTALVO
& RAMIREZ-COLL
P.O. Box 13128
San Juan, Puerto Rico  00908
Telephone:  (787) 977-0312
Facsimile:  (787) 977-0323
Email:  jramirez@amrclaw.com

/s/ Bryce L. Friedman

Bryce L. Friedman (admitted *pro hac vice*)
Nicholas Baker (admitted *pro hac vice*)
Jamie Fell (admitted *pro hac vice*)
Sarah E. Phillips (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502
Email:  bfriedman@stblaw.com
        nbaker@stblaw.com
        jamie.fell@stbblaw.com
        sarah.phillips@stbblaw.com

*Attorneys for SOLA LTD, Solus Opportunities
Fund 5 LP, Ultra Master LTD and Ultra NB
LLC*

## <u>EXHIBIT A</u>

**Rate Motion**

JASP - SECRETARIA
NEGOCIADO DE ENERGIA
DE PUERTO RICO

**COMMONWEALTH OF PUERTO RICO**
**PUBLIC SERVICE REGULATORY BOARD** 2019 JUL -3 PM 3: 46
**PUERTO RICO ENERGY BUREAU**

| | |
|---|---|
| IN RE: THE PUERTO RICO ELECTRIC POWER AUTHORITY | NO. CEPR-AP-2015-0001 |
| INITIAL RATE REVIEW | **SUBJECT:** PREPA's Conditional Motion to Make an Offsetting Change in Base Rate Charges |

**PREPA'S CONDITIONAL MOTION TO MAKE AN**
**OFFSETTING CHANGE IN BASE RATE CHARGES**

The Puerto Rico Electric Power Authority ("PREPA") hereby respectfully submits to the Puerto Rico Energy Bureau (the "Energy Bureau")[1] this Conditional Motion to Make an Offsetting Change in Base Rate Charges.

1.      On May 3, 2019, the Government of Puerto Rico, through the Governor and the Fiscal Agency and Financial Advisory Authority ("AAFAF"), announced a "Definitive Restructuring Support Agreement", entered into by and among PREPA, AAFAF, the Financial Oversight and Management Board for Puerto Rico (the "FOMB"), members of the Ad Hoc Group of PREPA Bondholders, the Uninsured Supporting Holders, and the Supporting Holders, as those terms are defined therein, dated of as May 3, 2019 (the "RSA").

2.      A copy of the public (redacted) version of the RSA may be found on PREPA's web site at: https://aeepr.com/es-pr/QuienesSomos/Ley17/RSA%20-%20Public%20(May%203rd%202019).pdf

3.      The remainder of this Motion includes certain references to certain provisions and/or language of the RSA. However, nothing in this Motion is intended by



---

[1] References herein to the Energy Bureau include the former Puerto Rico Energy Commission, when applicable.

1

PREPA (or by any other person or entity, including but not limited to the Government of Puerto Rico, AAFAF, or the FOMB) to be an opinion, statement, or admission regarding or relating to the applicable law, the interpretation of the RSA, the status of the RSA, any rights or obligations of any person or entity under the RSA, or any other matter.

4.    Section 1.a.c of the RSA contains the following definition: "'Settlement Charge' means a charge of 1 c/kWh to be implemented by PREPA and included in its customer bills by July 1, 2019."[2]

5.    PREPA is a Debtor in a case pending before the United States District Court for the District of Puerto Rico, case no. 17-BK-4780-LTS, under Title III of the federal "PROMESA" statute.[3]

6.    The Court in the Title III case has before it certain aspects of the RSA for approval.  The Court currently is scheduled to conduct a hearing on that and other subjects on September 11, 2019.

7.    Meanwhile, on May 27, 2016, PREPA filed for its first ever regulated rate review, in the instant docket.  The Energy Bureau, in the rate review, ultimately issued a Final Resolution and Order on January 10, 2017, and, a Final Resolution on PREPA's Motions for Clarification and Reconsideration on March 8, 2017.

8.    Also, meanwhile, the Energy Bureau conducted a separate docket (no. CEPR-AP-2016-0002) regarding the establishment of a PREPA transparent bill. The Energy Bureau, in that docket, also issued its Final Resolution and Order on January 10, 2017, although the Bureau also issued a *nunc pro tunc* order on February 6, 2017.

---



[2] Please note: (a) that in the section numbering of that definition, the "c" in 1.a.c is the roman numeral c, meaning 100 (one hundred); (b) the "c" in the definition means cent, as in one one-hundredth of a Unites States Dollar; and, (c) the "kWh" in the definition means kilowatt-hour.
[3] PROMESA is codified as 48 U.S.C. §§ 2101–2241.

2

9.      As the Energy Bureau is aware, the "permanent" base rates approved in the rate review went into effect on May 1, 2019.

10.     PREPA now seeks to be in a position to be able to implement the Settlement Charge promptly after Title III court approval of the aspects of the RSA before the court, if such approval occurs.

11.     Accordingly, on a conditional basis, PREPA now proposes, and respectfully seeks the Energy Bureau's advance approval, that PREPA, in the event that the Title III court approves the aspects of the RSA before the court, may change the customer bill format promptly after such Title III court approval: (1) to reduce by 1 cent / kWh the applicable base rate charges billed on a kWh basis; (2) to add a 1 cent / kWh base rate charge to be identified as "Settlement Charge" in English and "Cargo por Transacción" in Spanish; so that (3) the two changes (the base rate reduction and the Settlement Charge addition) offset and have no net impact on customer bills.

12.     PREPA also respectfully asks that the Energy Bureau approve this Motion on a schedule consistent with PREPA's being able to implement the Settlement Charge promptly in the event of Title III court approval of the aspects of the RSA before the court.



3

**WHEREFORE**, the Puerto Rico Electric Power Authority respectfully requests that

the Puerto Rico Energy Bureau grant this Conditional Motion, and, enter such other

orders, if any, as are warranted.

RESPECTFULLY SUBMITTED,

IN SAN JUAN, PUERTO RICO, THIS 3rd DAY OF JULY, 2019

**PUERTO RICO ELECTRIC POWER AUTHORITY**


Nitza D. Vázquez Rodríguez
TSPR No. 9311
Senior Attorney
Puerto Rico Electric Power Authority
P.O. Box 363928
San Juan, Puerto Rico 00936-3928
Tel. 787-521-4499
Email: n-vazquez@aeepr.com

## FILING AND SERVICE

I **HEREBY CERTIFY** that the foregoing Conditional Motion was, on July 3, 2019, filed in person at the office of the Clerk of the Puerto Rico Energy Bureau; and, further, was sent via email to the parties of record at the following email addresses: cfl@mcvpr.com; ivc@mcvpr.com; pnieves@vnblegal.com; mmuntanerlaw@gmail.com; maribel.cruz@acueductospr.com;                                    jfeliciano@constructorespr.net; abogados@fuerteslaw.com;      eirizarry@ccdlawpr.com;      edwin.quinones@aae.pr.gov; nydinmarie.watlington@cemex.com;   aconer.pr@gmail.com;   epenergypr@gmail.com; jorgehernandez@escopr.net;          ecandelaria@camarapr.net;          pga@caribe.net; manualgabrielfernandez@gmail.com;                                    mreyes@midapr.com; agraitefe@agraitlawpr.com; mgrpcorp@gmail.com; attystgo@yahoo.com.

Nitza D. Vázquez Rodríguez
TSPR No. 9311
Senior Attorney
Puerto Rico Electric Power Authority
P.O. Box 363928
San Juan, Puerto Rico 00936-3928
Tel. 787-521-4499
Email: n-vazquez@aeepr.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2019, a true and correct copy of the *Second Set of Supplemental Document Requests of Cortland Capital Market Services LLC, As Administrative Agent, and Solus to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Authority* was served by electronic mail on the following:  agraitfe@agraitlawpr.com; epo@amgprlaw.com; loliver@amgprlaw.com; jramirez@amrclaw.com; notificaciones@bufete-emmanuelli.com; rolando@bufete-emmanuelli.com; jessica@bufete-emmanuelli.com; dperez@cabprlaw.com; hburgos@cabprlaw.com; rcasellas@cabprlaw.com; aaneses@cstlawpr.com; cfernandez@cstlawpr.com; lllach@cstlawpr.com; jcasillas@cstlawpr.com; jnieves@cstlawpr.com; bill.natbony@cwt.com; casey.servais@cwt.com; ellen.halstead@cwt.com; howard.hawkins@cwt.com; mark.ellenberg@cwt.com; thomas.curtin@cwt.com; eworenklein@debevoise.com; mcto@debevoise.com; scastillo@gaclaw.com; bwilliam@gklaw.com; cintrongarcialaw@gmail.com; dvelawoffices@gmail.com; lcda.wentorres@gmail.com; wssbankruptcy@gmail.com; nhamerman@kramerlevin.com; abyowitz@kramerlevin.com; acaton@kramerlevin.com; ghorowitz@kramerlevin.com; tmayer@kramerlevin.com; bill.pentelovitch@maslon.com; clark.whitmore@maslon.com; jason.reed@maslon.com; john.duffey@maslon.com; nzt@mcvpr.com; apavel@omm.com; emckeen@omm.com; jrapisardi@omm.com; nmitchell@omm.com; pfriedman@omm.com; ryang@omm.com; alexbongartz@paulhastings.com; andrewtenzer@paulhastings.com; jamesbliss@paulhastings.com; jamesworthington@paulhastings.com; lucdespins@paulhastings.com; michaelcomerford@paulhastings.com; nicholasbassett@paulhastings.com; pedrojimenez@paulhastings.com; zacharyzwillinger@paulhastings.com; bclark@proskauer.com; ebarak@proskauer.com; ecarino@proskauer.com; gmashberg@proskauer.com; jljones@proskauer.com; lgeary@proskauer.com; lstafford@proskauer.com; lwolf@proskauer.com; mbienenstock@proskauer.com; mdale@proskauer.com; mmervis@proskauer.com; ppossinger@proskauer.com; etulla@riveratulla.com; icabrera@riveratulla.com; edward.linden@stblaw.com; jamie.fell@stblaw.com; sarah.phillips@stblaw.com; bfriedman@stblaw.com; nbaker@stblaw.com; squsba@stblaw.com; lft@tcm.law; mfb@tcm.law; nperez@tcm.law; jvankirk@tcmrslaw.com; brian.liegel@weil.com; debora.hoehne@weil.com; gregory.silbert@weil.com; jeremy.auster@weil.com; jeremy.cain@weil.com; jonathan.polkes@weil.com; lara.ting@weil.com; lauren.haiken@weil.com; marcia.goldstein@weil.com; moshe.fink@weil.com; national.puerto.rico.receiver.litigation.team@weil.com; reed.collins@weil.com; robert.berezin@weil.com; akherring@wlrk.com; arwolf@wlrk.com; eakleinhaus@wlrk.com; jccelentino@wlrk.com; jlynch@wlrk.com; rgmason@wlrk.com.

Dated:  July 15, 2019

 /s/ Joseph C. Celentino

Richard G. Mason
Amy R. Wolf
Emil A. Kleinhaus
Angela K. Herring
Joseph C. Celentino
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
Email:  rgmason@wlrk.com
        arwolf@wlrk.com
        eakleinhaus@wlrk.com
        akherring@wlrk.com
        jccelentino@wlrk.com

*Attorneys for Cortland Capital Market Services LLC, as Administrative Agent*