# Exhibit H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ------------------------------------------------------------------ X | | |
| *In re* : | | |
| : | | |
| THE FINANCIAL OVERSIGHT AND : | PROMESA | |
| MANAGEMENT BOARD FOR PUERTO RICO, : | Title III | |
| : | | |
| As representative of : | Case No. 17-BK-3283 (LTS) | |
| : | | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*,[1] : | (Jointly Administered) | |
| : | | |
| Debtors. : | | |
| ------------------------------------------------------------------ X | | |
| *In re* : | | |
| : | | |
| THE FINANCIAL OVERSIGHT AND : | PROMESA | |
| MANAGEMENT BOARD FOR PUERTO RICO, : | Title III | |
| : | | |
| As representative of : | Case No. 17-BK-4780 (LTS) | |
| : | | |
| PUERTO RICO ELECTRIC POWER AUTHORITY : | | |
| (PREPA), : | | |
| : | | |
| Debtor. : | | |
| ------------------------------------------------------------------ X | | |

**AAFAF AND PREPA'S RESPONSES AND OBJECTIONS TO SECOND SET OF SUPPLEMENTAL DOCUMENT REQUESTS OF CORTLAND CAPITAL MARKET SERVICES LLC, AS ADMINISTRATIVE AGENT, AND SOLUS TO FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, THE PUERTO RICO ELECTRIC POWER AUTHORITY, AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure pursuant to Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("**PROMESA**"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("**AAFAF**") and the Puerto Rico Electric Power Authority ("**PREPA**") hereby respond and object (the "**Responses and Objections**") to the Second Set of Supplemental Document Requests of Cortland Capital Market Services LLC, as Administrative Agent, and Solus to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency And Financial Advisory Authority, served July 15, 2019 (collectively, the "**Requests**," and each a "**Request**"), which was served at the direction of Cortland Capital Market Services LLC, SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC (collectively, the "**Fuel Line Lenders**").

## PRELIMINARY STATEMENT

AAFAF and PREPA have not yet completed their investigation and review of documents. These Responses and Objections, and any subsequent document production, are based and will be based only upon the information that is currently available to and specifically known to AAFAF and PREPA as of the date hereof.  AAFAF and PREPA reserve the right to amend or supplement these responses and objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from these Responses and Objections as a result of mistake, error, or inadvertence.  AAFAF and PREPA have made reasonable efforts to respond to the Requests, to the extent they have not been objected to, as AAFAF and PREPA understand and interpret the Requests.  If the Fuel Line Lenders subsequently assert an interpretation of the Requests that differs from AAFAF and PREPA's interpretation,

- 2 -

AAFAF and PREPA reserve the right to supplement these Reponses and Objections.

## GENERAL OBJECTIONS

1. AAFAF and PREPA object to the Requests, and to each and every Request, as unduly burdensome to the extent that they do not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods*, dated May 10, 2019 [ECF No. 1235] (the "**Rule 9019 Motion**"), and relevant to the *Supplemental Memorandum of Law and Facts in Support of Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [ECF No. 1425] (the "**Supplemental Memorandum**").

2. AAFAF and PREPA object to the Requests, and to each and every Request, to the extent they seek documents and information that are not "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

3. AAFAF and PREPA object to the Requests, and to each and every Request, to the extent they seek documents or information that are not in AAFAF or PREPA's possession, custody, or control. Subject to the other general and specific objections set forth herein, AAFAF and PREPA will use reasonable diligence to obtain responsive documents in their possession, custody, or control based on an examination of those files reasonably expected to yield responsive documents. Documents produced by AAFAF and PREPA in response to specific Requests should not be construed as a representation that every document in their possession, custody, or control has been examined. AAFAF and PREPA object to the Requests, and to each and every Request,

to the extent they purport to require AAFAF and PREPA to search archives, backup files, or any information that is not readily accessible, including without limitation the files of any person no longer employed with, a member of, or otherwise acting on behalf of AAFAF or PREPA and whose files have been archived, destroyed, or released in connection with such person's departure from AAFAF or PREPA.

4. AAFAF and PREPA object to the Requests, and to each and every Request, to the extent they seek materials that have already been provided to the Fuel Line Lenders in connection with *AAFAF's Responses and Objections to First Set of Document Requests of Cortland Capital Market Services LLC, as Administrative Agent, and SOLUS Alternative Asset Management LP to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Advisory Authority*, served by AAFAF on the Fuel Line Lenders on May 29, 2019, in connection with *PREPA's Responses and Objections to First Set of Document Requests of Cortland Capital Market Services LLC, as Administrative Agent, and SOLUS Alternative Asset Management LP to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Advisory Authority*, served by PREPA on the Fuel Line Lenders on May 29, 2019, and in connection with *AAFAF and PREPA's Responses and Objections to First Set of Supplemental Document Requests of Cortland Capital Market Services LLC, as Administrative Agent, and SOLUS to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Advisory Authority*, served by AAFAF and PREPA on the Fuel Line Lenders on July 10, 2019.

5. AAFAF and PREPA object to the Requests, and to each and every Request, on the grounds that the Requests are untimely. The deadline for parties to serve supplemental document

requests under the agreed litigation schedule was July 5, 2019, *see Revised Order Extending and Establishing Certain Deadlines Applicable to the Joint Motion of PREPA and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement*, at 2 [ECF No. 1235], but the Fuel Line Lenders did not serve the Requests on AAFAF and PREPA until July 15, 2019.

6.  AAFAF and PREPA object to the Requests, and to each and every Request, to the extent that they purport to impose burdens on AAFAF and PREPA that are inconsistent with, not otherwise authorized by, or exceed those required by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for the District of Puerto Rico, or this Court's chambers practices and case management orders (collectively, the "**Governing Rules**"). AAFAF and PREPA will construe and respond to the Requests in a manner consistent with its obligations under the Governing Rules, and not otherwise.

7.  AAFAF and PREPA object to each Definition and Instruction to the extent they purport to impose burdens on AAFAF and PREPA that are inconsistent with, not authorized by, or exceed those required by the Governing Rules. In responding to the Requests, and unless otherwise noted, AAFAF and PREPA will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.

8.  AAFAF and PREPA object to the Requests, and to each and every Request, to the extent they place an unreasonable burden on AAFAF and PREPA, including without limitation by seeking documents and information that are equally or more readily available from public sources or that are already available to the Fuel Line Lenders.

- 5 -

9. AAFAF and PREPA object to the Requests, and to each and every Request, to the extent they expressly or impliedly seek documents or information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities. Documents and information protected by these privileges, doctrines, or immunities are not subject to disclosure, and AAFAF and PREPA will not provide them. AAFAF and PREPA intend to and do assert any and all such privileges with respect to all such documents and information. The inadvertent production of any such protected document or other item shall not constitute a waiver of any privilege or protection or any other ground for objection to discovery with respect to the information contained therein, nor shall such inadvertent production waive AAFAF and PREPA's right to object to the use of any such document or the information contained therein in connection with the Rule 2019 Motion, or during any subsequent proceeding. Upon notification that such disclosure was inadvertent, the document(s)/item(s) and any copies thereof shall be returned or destroyed immediately.

10. AAFAF and PREPA object to each Definition, Instruction, and Request to the extent they seek documents or information that are confidential or proprietary in nature, or otherwise constitute protected commercial, strategic, financial, or competitively sensitive or trade secret information. To the extent that such relevant and responsive documents or information exist, AAFAF and PREPA will produce them only pursuant to the *Stipulation and Order in Connection with Discovery Regarding the Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules*

- 6 -

*3012(A)(I) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods*, Case No. 17-04780-LTS, Dkt. No. 1322 (June 11, 2019) (the "**Protective Order**").

11. AAFAF and PREPA object to the Requests, and to each and every Request, to the extent that they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions. By providing these Responses and Objections, AAFAF and PREPA do not admit any factual or legal premise in the Requests.

12. To the extent any term defined or used in the Requests is used in responding to the Requests, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

13. AAFAF and PREPA object to the Requests, and to each and every Request, as unduly burdensome to the extent that they are cumulative or duplicative of other discovery requests.

14. AAFAF and PREPA object to the Requests, and to each and every Request, to the extent they seek information for an undefined or unstated period of time on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of the Rule 2019 Motion and Supplemental Memorandum nor reasonably calculated to lead to the discovery of admissible evidence.

15. AAFAF and PREPA object to the definition of the term "Communication" to the extent it seeks to impose burdens on AAFAF and PREPA that differ from or exceed those imposed by the Governing Rules. AAFAF and PREPA also object to searching or producing any text messages, or any words transmitted by telephone or any method of voice recording, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated

timeframe for discovery. AAFAF and PREPA will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

16. AAFAF and PREPA object to the definition of the term "Document" to the extent it seeks to impose burdens on AAFAF and PREPA that differ from or exceed those imposed by the Governing Rules. AAFAF and PREPA also object to searching or producing any text messages, instant messages, recordings, notations, or memorials of telephone conversations or meetings or conferences, or any data, information, or statistics contained within any storage module, backup tape, disc, or other memory device, or other information retrievable from storage systems, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated timeframe for discovery. AAFAF and PREPA will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

17. AAFAF and PREPA object to the definition of the term "Oversight Board" as overbroad because that term encompasses individuals and entities without regard to their connection or relevance to the Rule 9019 Motion and Supplemental Memorandum. In responding to the Requests, AAFAF and PREPA will construe "Oversight Board" to mean the Oversight Board and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

18. AAFAF and PREPA object to the definition of the terms "Person," "person," or "persons" as overbroad because they encompass individuals and entities without regard to their connection or relevance to the Rule 9019 Motion and Supplemental Memorandum. In responding to the Requests, AAFAF and PREPA will construe "Person," "person," or "persons" to mean

persons reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

19. AAFAF objects to the definition of "Relate to," "relate to," and "relating to" to the extent they are overly broad, vague, and ambiguous.

20. AAFAF and PREPA object to the definition of the terms "You," "your," "AAFAF" and "PREPA" as overbroad because they encompass individuals and entities without regard to their connection or relevance to the Rule 9019 Motion and Supplemental Memorandum. In responding to the Requests, AAFAF and PREPA will construe "You," "your," "AAFAF," and "PREPA" to mean AAFAF and PREPA and their members and employees reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

21. AAFAF and PREPA object to the instruction that "[t]he name of any person or professional firm refers also to that person or professional firm's successors, predecessors, subsidiaries, parents, affiliates, former or present agents, representatives, employees or professionals, and all other persons or entities acting or purporting to act on any of their behalf" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Rule 9019 Motion and Supplemental Memorandum. In responding to these Requests, AAFAF and PREPA will construe the name of any person or professional firm to mean the referenced person or professional firm and their members and employees reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

22. AAFAF and PREPA object to Instruction A to the extent it imposes burdens on PREPA that differ from or exceed those imposed by the Governing Rules. AAFAF and PREPA also object to Instruction A on the grounds that it is unduly burdensome and not proportional to the needs of the case and abbreviated timeframe for discovery. AAFAF and PREPA will use

reasonable diligence to provide information reasonably known to it as of the date of these Responses and Objections.

23.     AAFAF and PREPA object to Instruction D to the extent it seeks to impose burdens on AAFAF and PREPA that differ from or exceed those imposed by the Governing Rules. AAFAF and PREPA will meet and confer with the Fuel Line Lenders regarding mutually agreeable production protocols for electronically stored information and non-electronically stored information.

24.     AAFAF and PREPA object to Instruction G to the extent it imposes burdens on AAFAF and PREPA that differ from or exceed those imposed by the Governing Rules by requiring the identification of responsive documents that are no longer in the possession, custody, or control of AAFAF and PREPA and a description of the disposition of such documents or why they cannot be located. AAFAF and PREPA further object to Instruction G on the grounds that it is unduly burdensome and not proportional to the needs of the case and abbreviated timeframe for discovery for AAFAF and PREPA to provide the information requested by Instruction G.

25.     AAFAF and PREPA object to Instruction H to the extent it imposes burdens on AAFAF and PREPA that differ from or exceed those imposed by the Governing Rules. These Responses and Objections are made without waiving, or intending to waive, but, on the contrary, expressly reserving: (a) the right to object on the grounds of competency, privilege, relevancy, materiality, admissibility as evidence for any purpose, or any other proper grounds, to the use of any documents produced hereunder or the subject matter thereof, in whole or in part, at any trial or hearing related in the above-captioned case or in any related or subsequent action or proceeding; (b) the right to object on any and all grounds, at any time, to other demands for production or other discovery procedures involving or relating to the subject matter of the Requests or otherwise; and

(c) the right at any time to revise, amend, correct, supplement, or clarify any of the Responses and Objections herein.

26. These Responses and Objections should not be construed as: (a) an admission as to the propriety of any Request; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Request; (c) an acknowledgement that documents or other items responsive to any Request exist; (d) a waiver of the General Objections or the objections asserted in response to specific Requests; (e) an admission as to the relevance or admissibility into evidence of any documents, item or information; (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation; or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner. Nothing in these Responses and Objections is intended to waive, and AAFAF and PREPA expressly reserve, the right to file a motion to quash the Requests and/or to seek a protective order.

27. The above General Objections are incorporated into each of the following specific Objections and Responses.

<p align="center"><strong><u>SPECIFIC OBJECTIONS AND RESPONSES</u></strong></p>

**REQUEST FOR PRODUCTION NO. 1:**

All Documents related to the Rate Motion and the relief sought therein, including PREPA's request for "the Energy Bureau's advance approval, that PREPA, in the event that the Title III court approves the aspects of the RSA before the court, may change the customer bill format promptly after such Title III court approval: (1) to reduce by 1 cent / kWh the applicable base rate charges billed on a kWh basis; (2) to add a 1 cent / kWh base rate charge to be identified as 'Settlement Charge' in English and 'Cargo por Transacción' in Spanish; so that (3) the two changes (the base rate reduction and the Settlement Charge addition) offset and have no net impact on customer bills."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to its General Objections, AAFAF and PREPA object to Request No. 1 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product

- 11 -

Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF and PREPA further object to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents. AAFAF and PREPA further object to this request on the ground that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion and Supplemental Memorandum. *See* Transcript at 6-7, *In re Fin. Oversight & Mgmt. Bd. for P.R.*, Case No. 17-04780-LTS (D.P.R. July 11, 2019) ("[T]he government parties now seek Court approval only of certain RSA provisions that would (i) allow the asserted secured claims of the PREPA bondholders who are parties to the RSA . . . in discounted amounts; (ii) allow the accrual of certain administrative claims; (iii) allow certain settlement and adequate protection payments prior to plan confirmation; (iv) exculpate the supporting holders and the bond trustee for acts and omissions in furtherance of the RSA; (v) require the supporting holders to vote in favor of a plan consistent with the RSA; and (vi) dismiss the receiver motion as to the settling movants. The Court is no longer being asked to approve RSA provisions that would, for example, implement rate increases, impose the settlement charge or transition charge, or implement demand protections or securitization protections. Furthermore, the government parties are not asking that the Court determine whether the treatment of disputed secured claims proposed in the RSA would be confirmable or not confirmable in the context of PREPA's eventual plan of adjustment."). AAFAF and PREPA further object to this request on the ground that it seeks the production of documents that are publicly available.

Subject to and without waiving the foregoing general and specific objections, AAFAF and PREPA state that the Rate Motion and the submission to the Puerto Rico Energy Bureau ("PREB") referenced therein are available on the public dockets maintained on PREB's official website at http://energia.pr.gov/en/files-dockets/ and that the copy of the RSA referenced in the Rate Motion is available on PREPA's website at https://aeepr.com/es-pr/QuienesSomos/Ley17/RSA%20-%20Public%20(May%203rd%202019).pdf (last accessed July 19, 2019). AAFAF and PREPA further direct the Fuel Line Lenders to the Determination of Total Revenue Requirement and Charge in Base Rates, which was publicly filed as Exhibit A to PREPA's April 25, 2017 Compliance Filing in PREB Docket CEPR-AP-2015-0001.

| | |
|---|---|
| Dated:  July 19, 2019<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Elizabeth L. McKeen*<br>John J. Rapisardi<br>Nancy A. Mitchell<br>Peter Friedman<br>(Admitted *Pro Hac Vice*)<br>**O'MELVENY & MYERS LLP**<br>7 Times Square<br>New York, NY 10036<br>Tel: (212) 326-2000<br>Fax: (212) 326-2061<br><br>Elizabeth L. McKeen<br>Ashley M. Pavel<br>(Admitted *Pro Hac Vice*)<br>610 Newport Center Drive, 17th Floor<br>Newport Beach, CA 92660<br>Tel: +1-949-823-6900<br>Fax: +1-949-823-6994<br><br>*Attorneys for Puerto Rico Fiscal Agency and Financial Advisory Authority and Puerto Rico Electric Power Authority* |

I hereby certify that, on this date, I caused copies of the foregoing document to be served on the following counsel of record for the Potential Objectors.

WEIL, GOTSHAL & MANGES LLP

Robert Berezin, Esq.
Marcia Goldstein, Esq.
Jonathan Polkes, Esq.
Gregory Silbert, Esq.
767 Fifth Avenue
New York, NY 10153
marcia.goldstein@weil.com
jonathan.polkes@weil.com
gregory.silbert@weil.com
robert.berezin@weil.com

*Counsel for National Public Finance Guarantee Corporation*

DEBEVOISE & PLIMPTON LLP

My Chi To, Esq.
Craig A. Bruens, Esq.
Elie J. Worenklein, Esq.
919 Third Avenue
New York, NY 10022
mcto@debevoise.com
cabruens@debevoise.com
eworenklein@debevoise.com

*Counsel for Syncora Guarantee, Inc.*

PAUL HASTINGS LLP

Luc A. Despins, Esq.
Andrew V. Tenzer, Esq.
James R. Bliss, Esq.
James B. Worthington, Esq.
Michael E. Comerford, Esq.
G. Alexander Bongartz, Esq.
Nicholas Bassett, Esq.
875 15th Street NW
Washington, DC 20005
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel for the Official Committee of Unsecured Creditors*

WACHTELL, LIPTON, ROSEN & KATZ LLP

Richard G. Mason, Esq.
Amy R. Wolf, Esq.
Emil A. Kleinhaus, Esq.
Angela K. Herring, Esq.
51 West 52nd Street
New York NY 10019
rgmason@wlrk.com
arwolf@wlrk.com
eakleinhaus@wlrk.com
akherring@wlrk.com

*Counsel for Cortland Capital Market Services LLC, as Administrative Agent*

- 2 -

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP | BUFETE EMMANUELLI, C.S.P. |
| Sandy Qusba, Esq.<br>Bryce L. Friedman, Esq.<br>Nicholas Baker, Esq.<br>Edward R. Linden, Esq.<br>425 Lexington Avenue<br>New York, NY 10017<br>squsba@stblaw.com<br>bfriedman@stblaw.com<br>nbaker@stblaw.com<br>edward.linden@stblaw.com | Jessica E. Méndez Colberg, Esq.<br>Rolando Emmanuelli Jiménez, Esq.<br>Urb. Constancia<br>2803 Calle San Francisco<br>Ponce PR 00717<br>jessica@bufete-emmanuelli.com<br>remmanuelli@me.com<br><br>*Counsel for Unión de Trabajadores de la Industria Eléctrica y Riego, Inc. ("UTIER")* |
| *Counsel for Solus Alternative Asset Management LP* | |

Further, I hereby certify that, on this date, I caused copies of the foregoing document to be served on the following counsel of record for other parties-in-interest to the 9019 Motion.

<div style="display: flex;">

<div>

PROSKAUER ROSE, LLP

Martin J. Bienenstock, Esq.
Ehud Barak, Esq.
Margaret A. Dale, Esq.
Gregg M. Mashberg, Esq.
Michael T. Mervis, Esq.
Elisa Cariño, Esq.
Jennifer L. Jones, Esq.
Laura Stafford, Esq.
Lucy Wolf, Esq.
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900
mbienenstock@proskauer.com
ebarak@proskauer.com
mdale@proskauer.com
gmashberg@proskauer.com
mmervis@proskauer.com
ecarino@proskauer.com
jljones@proskauer.com
lstafford@proskauer.com
lwolf@proskauer.com
Paul V. Possinger, Esq.
Brandon C. Clark, Esq.
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel: (312) 962-3550
Fax: (312) 962-3551
ppossinger@proskauer.com
bclark@proskauer.com

**DEL VALLE EMMANUELLI LAW OFFICES**
Luis F. del Valle Emmanuelli, Esq.
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
devlawoffices@gmail.com

*Attorneys for The Financial Oversight and Management Board for Puerto Rico, as representative of The Commonwealth of Puerto Rico and the Puerto Rico Electric Power Authority*

</div>

<div>

CADWALADER, WICKERSHAM & TAFT LLP

William J. Natbony, Esq.
Ellen Halstead, Esq.
200 Liberty Street
New York, NY 10281
Bill.Natbony@cwt.com
Ellen.Halstead@cwt.com

*Counsel for Assured Guaranty Corp., and Assured Guaranty Municipal Corp.*

</div>

</div>

- 3 -

KRAMER LEVIN NAFTALIS &FRANKEL LLP

Amy Caton, Esq.
Thomas Moers Mayer, Esq.
Alice J. Byowitz
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
acaton@kramerlevin.com
tmayer@kramerlevin.com
abyowitz@kramerlevin.com

-and-

TORO, COLON, MULLET, RIVERA & SIFRE, P.S.C.

Manuel Fernandez-Bared, Esq.
Linette Figueroa-Torres, Esq.
Nadya Pérez-Román, Esq.
Jane Patricia Van Kirk, Esq.
PO Box 195383
San Juan, PR 00919-5383
mfb@tcmrslaw.com
lft@tcmrslaw.com
nperez@tcmrslaw.com
jvankirk@tcmrslaw.com

*Counsel for the Ad Hoc Group of PREPA Bondholders*

Date: July 19, 2019 /s/ *Elizabeth L. McKeen*

                Elizabeth L. McKeen (*admitted pro hac vice*)