# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>  Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>  Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS<br><br>**Court Filing Relates Only to PREPA and Shall Only Be Filed in Case No. 17 BK 4780-LTS** |

**SUPPLEMENTAL OPPOSITION BRIEF REGARDING GOVERNMENT PARTIES' MOTION IN LIMINE TO EXCLUDE WITNESS TESTIMONY REGARDING 1974 TRUST AGREEMENT [DKT NO. 1301]**

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

Unión de Trabajadores de la Industria Eléctrica y Riego ("UTIER") and Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica ("SREAEE") through its undersigned counsels, hereby respectfully state as follows:

1. After various procedural events, on July 29, 2019, this Court issued an *Order Setting Supplemental Briefing Schedule with Respect to Motion In Limine [Dkt. No. 1301]*. (Docket No. 8307, Case No. 17-03283). The Court granted UTIER and SREAEE until August 6, 2019 to file a supplemental opposition brief, regarding the admissibility of the proffered testimony of Mr. Ángel Figueroa Jaramillo, José Rivera Rivera and José Fernádez.[2]

2. UTIER and SREAEE are willing to stipulate the authenticity and content of the Trust Agreement of 1974. However, the proffered witnesses will still offer relevant and material declarations to the Motion 9019 issue.

3. In the Status Conference of July 11, 2019, the Court articulated the standard applicable to the 9019 Motion, noting that it must consider whether the settlement falls within the range of reasonableness, which includes an assessment of, among other things, "the probability of success in the litigation being compromised" and "the paramount interest of the creditors and proper deference to their reasonable views." July 11 Tr. at 8. The Court detailed that any and all statements in the Government Parties' declarations are open to discovery stating that "[i]t's [the Government Parties'] burden, … if you have grounds for attacking their proffer in support of their burden, of course you can explore that. I have to consider that." *Id*. at 32.

4. Under the criteria of Rule 9019, proponents must establish that the agreement does not harm the interests of other creditors or parties in interest. In fact, at p. 38 of the *First Supplemental*

---

[2] On June 7, 2019, the Financial Oversight and Management Board for Puerto Rico and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") (collectively, the "Proponents"), filed an *Urgent Motion In Limine to Exclude Testimony Offered by Unión de Trabajadores de la Industria Eléctrica y Riego (UTIER) and Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica (SREAEE)* (Docket No. 1301, Case No. 17-04780). On June 11, 2019, UTIER and SREAEE filed an opposition to the Motion *In Limine*. (Docket No. 1333, Case No. 17-04780).

1

*Memorandum of Law* (Dkt. No. 1425) Proponents claim that the RSA "is in the Paramount Interest of PREPA's Creditors and Stakeholders." Also, on p. 53 it is admitted, citing *In re Sea Containers, Ltd.*, No. 06-11156 (KJC), 2008 Bankr. LEXIS 2363, that creditors may oppose an agreement under Rule 9019 if it unfairly affects their position as creditors. The question of the priority rights of UTIER and SREAEE based on the Trust Agreement of 1974 establishes reasonable grounds on how the RSA harms them. However, it is necessary to submit the proffered testimony to identify the magnitude or intensity of this damage so that the Court can determine if the RSA **unfairly** harms UTIER and SREAEE position as creditors. Therefore, the question to be addressed is a mixed matter of fact and law and for the Court to consider how the creditors are impaired it needs to hear the proffered testimony.

5. Regarding the Motions *In Limine*, the district courts have wide discretion in determining the admissibility of evidence (including testimonies) under the Federal Rules of Evidence. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). However, Courts must exclude evidence *In Limine* "only when evidence is clearly inadmissible on all potential grounds". *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). Therefore, Courts have established that "[u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context". *Id*. at 1400. This high standard must be followed, since sometimes, as in this case, the Motions *In Limine* are made "in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial". *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980).

6. The request to exclude the proffered testimony should be denied. These witnesses will aid this Honorable Court in deciding the reasonableness of this agreement and, more important,

2

the harm that such agreement will cause on UTIER members and the retirement system. UTIER and SREAEE fall within the definition of "Current Expenses" under the Trust Agreement, which governs PREPA's bond debt —meaning that they must be paid in full *ahead* of the bonds and *before* PREPA's revenues. Therefore, UTIER and SREAEE have priority rights granted by the Trust Agreement. The RSA, rather than leaving UTIER and SREAEE "unprejudiced and unaffected," is in form and substance an agreement between PREPA and its junior creditors to reverse the agreed priority scheme, distribute material assets outside a plan, and provide bondholders with a veto and control over the plan process. Thus, the RSA approval would deprive UTIER and SREAEE of the protections that the plan process is intended to provide and would prejudice them before that process has even begun. *See, e.g.*, *In re CP del Caribe, Inc.,* 140 B.R. 320, 326-27 (Bankr. D.P.R. 1992) (denying Rule 9019 motion, as not "fair and equitable," where settlement would pay creditors outside of a plan ahead of creditors of equal or higher priority and "would endanger debtors' negotiations with" a priority creditor). The proffered testimony will address this issue.

7. The denial of Motions *In Limine* "does not necessarily mean that all evidence contemplated by the motion will be admitted at trial". *Hawthorne Partners,* 831 F. Supp. at 1401. Nevertheless, this Honorable Court must have a broader and clearer context about the relevance of the proffered testimonies, and this will only happen when the depositions and the discovery are completed. As Courts have determined "[d]enial merely means that without the context of trial [and discovery], the court is unable to determine whether the evidence in question should be excluded". *Id*. at 1401.[3]

---

[3] *See also, Williams v. Johnson*, 747 F. Supp. 2d 10, 14 (D.D.C. 2010) "In light of their limited purpose, motions in limine should not be used to resolve factual disputes, which remains the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.").

3

## PRAYER

For the preceding reasons, UTIER and SREAEE, respectfully request that this Honorable Court deny the Proponents motion *In Limine*.

**WE HEREBY CERTIFY** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants and Standard Parties. Paper copies have been mailed pursuant to Section II of the *Third Amended Notice, Case Management and Administrative Procedures*:

(i) Chambers of the Honorable Laura Taylor Swain (two copies shall be delivered to the chambers):
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Suite No. 3212
New York, New York 10007-1312;

(ii) Office of the United States Trustee for Region 21
Edificio Ochoa, 500 Tanca Street, Suite 301
San Juan, PR 00901-1922

**RESPECTFULLY SUBMITTED.**

In Ponce, Puerto Rico, this 5th day of August 2019.



472 Tito Castro Ave.,
Marvesa Building Suite 106,
Ponce, PR 00716
Tel: (787) 848-0666 / Fax: (787) 841-1435

/s/Rolando Emmanuelli Jiménez
USDC: 214105

/s/ Jessica E. Mendez Colberg
USDC: 302108

Emails: rolando@bufete-emmanuelli.com
jessica@bufete-emmanuelli.com
notificaciones@bufete-emmanuelli.com

4