THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, *et al,*<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al,*<br><br>Debtors[1] | PROMESA<br>Title III<br><br>No. 17-bk-3283-LTS<br><br>(Jointly Administered) |

**RESPONSE TO
"SIXTIETH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF
THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS**

TO THE HONORABLE COURT:

COMES NOW UBS Trust Company of Puerto Rico ("UBS Trust"), representing the

Hector L. Gonzalez Cruz Retirement Plan (the "Claimant"), and respectfully states and prays:

1.      UBS Trust appears through the undersigned counsel, who will represent it this time

for the only purpose of filling this response.

2.      On July 26, 2019, The Commonwealth of Puerto Rico (the "Commonwealth"), by

and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Board"), filed the Sixtieth Objection to claims, alleging that the claims listed in Exhibit A to the motion failed to provide a basis for the asserted claims.

3.      Amendments to timely filed proofs of claim are not addressed in the Rules of Bankruptcy Procedures, but bankruptcy courts have allowed the amendments to timely filed proofs of claims for "purposes of particularizing the amount due under a previously-asserted right to payment, or simply to cure technical defects in the original claim." In re Alonso, 525 B.R. 195, 204-205 (Bankr. D.P.R. 2015), citing In re Hemingway Transport, Inc., 954 F.2d 1, 10 (1st Cir.1992); In re Galindez, 514 B.R. 79, 88 (Bankr D.P.R. 2014); In re Crane Rental Co., 341 B.R. 118, 120 (Bankr.D.Mass.2006) ("Amendments to proofs of claim are 'to be freely allowed as long as the purpose of the amendment is to cure a defect in the claim, to describe the claim with greater particularity, or to plead a new theory of recovery.'") citing In re Callery, 274 B.R. 51, 56 (Bankr.D.Mass.2002). Bankruptcy courts must examine the substance of the proposed amendment and the original proof of claim to make sure that the amendment meets three criteria:

> First, the proposed amendment must not be a veiled attempt to assert a distinctly new right to payment as to which the debtor estate was not fairly alerted by the original proof of claim. Second, the amendment must not result in unfair prejudice to other holders of unsecured claims against the estate. Third, the need to amend must not be the product of bad faith or dilatory tactics on the part of the claimant.

In re Martínez, 513 B.R. 779, 785 (Bankr D.P.R. (2014), citing Woburn Associates v. Kahn 954 F.2d 1, 10 (1st Cir.1992).

4.      Among the claims included in Exhibit A, is the claim filed by Claimant, represented by UBS Trust, Exhibit A number 11, Claim 65124, for Bonds issued by the Puerto Rico Public Buildings Authority.

5.      The above-mentioned proof of claim was timely filed in the Prime Clerk's Puerto Rico webpage.

6.      On August 6, 2019, UBS Trust amended Claim 65124 to add the account statement as evidence of the bonds held by Claimant, the issuer of the bond, the CUSIP number (745235K83) and the face value of the bonds.

WHEREFORE, UBS Trust respectfully requests that the Court does not disallow Claim 65124, described above, because it was amended to include the account statement as evidence of the bonds held by Claimant, the issuer of the bonds, the CUSIP number (745235K83) and the face value of the bonds held.

RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY that on this date I electronically filed the forgoing, with the Clerk of this Court using the CM-ECF system which will send notification of such filing to all CM-ECF participants registered to receive notices in the case at bar.

In San Juan, Puerto Rico, this 6th day of August 2019.

*/s/Gustavo J. Viviani Meléndez*
USDC 229513
Sánchez Pirillo LLC
P.O. Box 11917
San Juan, Puerto Rico 00922-1917
Tel. 787-522-6776
Fax. 787-522-6777
gviviani@sanpir.com