UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

                  Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER REGARDING HIRAM PÉREZ-SOTO'S MOTION
FOR RELIEF FROM AUTOMATIC STAY (DOCKET ENTRY NO. 7776)

        The Court has received and reviewed the *Motion to Lift Automatic Stay and/or to Ask the Court That It Is Not Applicable in This Case* (Docket Entry No. 7776 in Case No. 17-3283,[2] the "Motion") filed by Hiram Pérez-Soto (the "Movant"), the *Objection of the Commonwealth of Puerto Rico to Motion to Lift Automatic Stay and/or to Ask the Court That It Is Not Applicable in This Case Filed by Hiram Pérez-Soto* (Docket Entry No. 8246, the "Objection") filed by the Commonwealth, and the *Motion Complying with the Order of the Honorable Court Stating Our Position of Inapplicability of the Automatic Stay* (Docket Entry No. 8317, the "Reply") filed by Movant.[3]

        The Motion seeks relief from the automatic stay imposed by the filing of the above-captioned Title III case on a case captioned <u>Hiram Perez-Soto v. Judges of the Supreme</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All docket entry references are to entries in Case No. 17-3283.

[3] The Court has also received and reviewed the *Motion Answering Urgent Consented Motion for Extension of Deadlines* (Docket Entry No. 8090) filed by Movant.

Court, et al., Case No. 19-cv-1266 (the "Litigation"), which is currently pending before the United States District Court for the District of Puerto Rico.  In the Objection, the Commonwealth has indicated in a footnote that it "does not object to modifying the automatic stay solely to allow for the Litigation to proceed to judgment[,]" but that it "does not consent to any waiver or modification of the automatic stay to permit the execution and enforcement of any judgment in the Litigation . . . ."  Objection at 3 n.3.  The body of the Objection appears, however, to oppose any relief from the automatic stay.  The Objection also proffers that the Commonwealth "continues to engage with Movant in discussions to consensually resolve the Motion."  Id.  Further, together with his Reply, Movant has submitted what appears to be a draft stipulation between Movant and the Commonwealth, which contemplates a consensual resolution of the Motion.

The Commonwealth shall file an informative motion with the Court regarding the status of its discussions with Movant by **August 15, 2019**.  If no agreement with respect to resolution of the Motion has been reached, the Commonwealth shall indicate in its informative motion whether it would object to the Litigation proceeding to judgment as against (i) those defendants who are current Commonwealth officers or employees, (ii) those defendants who are former Commonwealth officers or employees, and (iii) those defendants who are not, and were never, Commonwealth officers or employees.  Additionally, the Commonwealth should clarify in its informative motion whether it would object to the execution and enforcement of any non-monetary relief sought by Movant in the Litigation.

SO ORDERED.

Dated: August 8, 2019

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge