**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

**ORDER GRANTING IN PART RENEWED MOTION TO COMPEL**

This matter is before the Court on the *Renewal of June 3, 2019 Omnibus Motion of Official Committee of Unsecured Creditors to Compel in Connection with PREPA RSA Rule 9019 Settlement Motion* (Dkt. Nos. 8041 and 8263 in 17-BK-3283; Dkt. Nos. 1467 and 1517 in 17-BK-4780) ("UCC Renewed Motion to Compel"). This Court held a hearing on the UCC Renewed

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

Motion to Compel on July 30, 2019. For the reasons stated on the record, as well as those included herein, the UCC Renewed Motion to Compel is ALLOWED IN PART AND DENIED IN PART as follows. This order will follow the order of issues as presented by the Official Committee of Unsecured Creditors of all Title III Debtors ("UCC") in open court.

1. The Oversight Board[2] shall designate David Skeel as a document custodian. The UCC's request for additional custodians from the Oversight Board is denied.

2. AAFAF and PREPA shall designate Eli Atienza Diaz and Jose Ortiz as document custodians. To the extent that a declarant is substituted for Mr. Sobrino, that person shall also become a document custodian. The UCC's request for additional custodians from AAFAF and PREPA is denied.

3. The UCC's request that Filsinger designate document custodians is denied.

4. The UCC's request that Assured and the Ad Hoc Group produce non-email communications is denied. Assured and the Ad Hoc Group have sufficiently represented that non-email communication was not used in negotiating the RSA.

5. As related to the UCC's request that the Oversight Board, AAFAF and PREPA search existing custodians for non-email communications, the Court has reserved decision on that issue. The Oversight Board, PREPA and AAFAF may, but are not ordered to, provide the Court with further submissions regarding those individuals' use of non-email communication. Any additional submission shall be filed on or before **Friday, August 2, 2019**. The Court will then take this issue on submission.

---

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the UCC Renewed Motion to Compel.

2

6. AAFAF, PREPA and the Oversight Board must produce responsive hard copy documents.

7. The Oversight Board represented to the Court that it is not asserting the deliberative process over the negotiation of the RSA, and that it is producing documents related to that process. To the extent that AAFAF and PREPA are claiming a deliberative process privilege over the negotiation of the RSA, it is overruled.

8. The Oversight Board represented that it is asserting the deliberative process over certain documents related to a Demand Protection Term Sheet[3] and the development of the certified fiscal plan. The UCC does not challenge the assertion of the privilege with respect to the development of the certified fiscal plan. The Court finds that the Board's limited assertion of the privilege over the Demand Protection Term Sheet is proper and good cause does not exist for overriding the privilege. See Bhatia Gautier v. Gobernador, 199 D.P.R. 59, 88-89 (2017) ("this [deliberative process] privilege can budge when it is fully demonstrated that there is a particularized need to obtain the information which is of greater weight than the reasons for confidentiality."). The deliberations related to rate setting as reflected in the Demand Protections Terms Sheet are beyond the scope of the 9019 Motion hearing.

9. As related to the scope of AAFAF and PREPA's document review, it is not appropriate to make assumptions of privilege for groups of unreviewed documents. AAFAF and PREPA shall review potentially responsive documents and shall work with the UCC on the scope of a privilege log for this supplemental review.

---

[3] As defined in Dkt. No. 1425 in 17-BK-4780.

3

10. To the extent that a subset of documents were disclosed to the UCC earlier in this litigation, the Court does not find that such disclosure amounted to a waiver of any applicable privilege.

11. The Court finds that a common interest existed, for purposes of the common interest doctrine, starting on July 30, 2018 between the Government Parties and the Ad Hoc Group. At that point, these two otherwise adverse groups shared an "identical (or nearly identical) legal interest" in finalizing their agreement on material terms. See FDIC v. Ogden Corp., 202 F.3d 454, 461 (1st Cir. 2000). July 30, 2018 was the date on which the Government Parties and the Ad Hoc Group executed the Preliminary RSA[4], which contained the material terms of the Definitive RSA, parts of which are before the Court at the 9019 Motion hearing. Once the Government Parties and the Ad Hoc Group had an agreement on those material terms in the Preliminary RSA, they shared a common legal interest in advancing a settlement on those terms. See In re Tribune Co., No. 08-13141, 2011 WL 386827, at *5 (Bankr. D. Del. Feb. 3, 2011) ("[o]nce the DCL Plan Proponents agreed upon material terms of a settlement, it is reasonable to conclude that the parties might share privileged information in furtherance of their common interest of obtaining approval of the settlement through confirmation of the plan.").

12. The Court finds a common interest among the Government Parties, the Ad Hoc Group, and Assured on March 26, 2019. That is the date on which Assured agreed to the

---

[4] As defined in Dkt. No. 1500 in 17-BK-4780.

4

material terms of the RSA, and thus shared in a common interest in finalizing and gaining court approval of that agreement.

13. The Court does not find that a common interest between the Ad Hoc Group and Assured began on October 18, 2018. Assured and the Ad Hoc Group argue that once Assured entered the negotiations, and the Ad Hoc Group understood Assured would accept the material terms of the RSA, they shared a sufficient common interest. (See Dkt. No. 1299 ¶ 7;Dkt. No. 1303 ¶ 14 n.4). However, while Assured and the Ad Hoc group may have been working together to include Assured in the settlement, it is clear that Assured did not actually accept those terms, and was still actively negotiating its role in a settlement, until March 26, 2019. Thus, while the Ad Hoc Group and Assured may have shared a business goal of including Assured in the deal, Assured and the Ad Hoc Group did not share a common legal interest in advancing material terms of the RSA until Assured had actually accepted those terms.

14. The Court rules that the UCC can use documents previously produced in the Renewed Receivership Motion, subject to objections on the use of particular documents being asserted at the appropriate time.

15. The UCC's request for the production of Assured's loss reserves is denied. The Court has found in similar litigation that the loss reserves are not probative of the question of the value of the PREPA bondholders' collateral. (Dkt. No. 1165 at 9). Similarly here, the Court finds that loss reserve information is not relevant to the ultimate issue before the Court. Assured's loss reserves may show the entity's expectations given a set of different possible litigation outcomes, but that information is not probative of the

5

question whether the settlement reached by the parties in this case is a reasonable one. Thus, the loss reserve information is outside the scope of reasonable discovery for the 9019 Motion hearing.

16. The UCC's motion for documents responsive to its first request for production from the Oversight Board, AAFAF, and PREPA numbers 4, 9, 25, 26, deposition topic for the Oversight Board and AAFAF numbers 6 and 9, and deposition topic for PREPA numbers 6 and 10 are denied. Those requests, which address the macroeconomic impact of the RSA are outside the scope of the 9019 hearing.

17. The UCC's motion for documents responsive to its first request for production from the Oversight Board, AAFAF, and/or PREPA number 8 and deposition topic for the Oversight Board, PREPA and AAFAF number 4 is granted in part. That production request seeks "[a]ll documents and communications concerning any alternative restructuring or litigation strategies or transactions considered by the Oversight Board, AAFAF, and/or PREPA, as referred to in paragraph 50 of the Rule 9019 Motion." The deposition topic concerns "[a]lternative restructuring or litigation strategies or transactions considered for PREPA, including without limitation any alternative strategies or transactions that would have provided value to PREPA's unsecured creditors." To the extent that any formal presentations, vote records, or meeting agendas from the Government Parties discuss alternative settlements that the bondholders expressed an interest in as a potentially viable settlement option, those must be produced. Further documents and communications, however, are outside the scope of documents which will be relevant for the 9019 hearing.

6

18. As to the UCC's motion for documents responsive to its first requests for production to the Oversight Board, AAFAF and PREPA numbers 10, 11 and 12 concerning PREPA's transformation, the Court denies the motion. The UCC has not sufficiently shown that these documents are relevant to the 9019 hearing, and to the extent PREPA's transformation is discussed in declarations before the Court in the context of the 9019 hearing, the UCC has not shown that it lacks the factual information needed to respond.

19. As to the UCC's motion for documents responsive to its first requests for production to the Oversight Board, AAFAF and PREPA numbers 17, 18, and 19, deposition topic to the Oversight Board and AAFAF number 10, and deposition topic to PREPA number 11 concerning the Settlement Charge and/or the Transition Charge and any associated legislation, the Court denies the motion. To the extent that such information is included in presentations or meeting agendas from the Government Parties, that information is being produced. Moreover, AAFAF has represented that no legislation has been proposed. Any further documents or communications are outside the scope of reasonable discovery for the 9019 Motion hearing.

20. As to the UCC's motion for documents responsive to its first requests for production to the Oversight Board, AAFAF and PREPA number 20, the Court denies the motion. Through this request, the UCC seeks "[a]ll documents and communications concerning the nature, extent, and value of any security interest that PREPA bondholders hold in assets of PREPA, including the extent to which the value of such security interest has decreased since PREPA's title III petition date." The Court understands that the financial information underlying this question has been or is being produced, so no court order is

7

necessary. The nature, extent, and value of any security interest of the PREPA bondholders raises legal issues. The UCC's requests for further documents and communications is outside the scope of reasonable discovery for the 9019 Motion hearing.

21. All documents produced pursuant to this order shall also be produced to Cortland and Solus[5].

This Order resolves Dkt. Nos. 7204, 8041 and 8263 in 17-BK-3283 and Dkt. Nos. 1269, 1467 and 1517 in 17-BK-4780.

SO ORDERED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED: August 2, 2019

---

[5] As those entities are defined in Dkt. No. 1470 in 17-BK-4780.

8