**<u>EXHIBIT G</u>**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
---------------------------------------------------------- X
In re                                                      :
                                                           :
THE FINANCIAL OVERSIGHT AND :                              :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                          :    Title III
                                                           :
        As representative of                               :    Case No. 17-BK-3283 (LTS)
                                                           :
THE COMMONWEALTH OF PUERTO RICO et al., ¹                  :    (Jointly Administered)
                                                           :
        Debtors.                                           :
---------------------------------------------------------- X
In re                                                      :
                                                           :
THE FINANCIAL OVERSIGHT AND :                              :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                          :    Title III
                                                           :
        As representative of                               :    Case No. 17-BK-4780 (LTS)
                                                           :
PUERTO RICO ELECTRIC POWER AUTHORITY                       :
(PREPA),                                                   :
                                                           :
        Debtor.                                            :
---------------------------------------------------------- X
```

**AAFAF'S RESPONSES AND OBJECTIONS TO OFFICIAL COMMITTEE OF
UNSECURED CREDITORS' FIRST SET OF DOCUMENT REQUESTS TO PUERTO
RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY AND ITS
ADVISORS IN CONNECTION WITH JOINT MOTION OF PUERTO RICO ELECTRIC
POWER AUTHORITY AND AAFAF PURSUANT TO BANKRUPTCY CODE
SECTIONS 362, 502, 922, AND 928, AND BANKRUPTCY RULES 3012(A)(I) AND 9019
FOR ORDER APPROVING SETTLEMENTS EMBODIED IN RESTRUCTURING
SUPPORT AGREEMENT AND TOLLING CERTAIN LIMITATIONS PERIODS**

---

¹ The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure pursuant to Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("**PROMESA**"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("**AAFAF**") hereby responds and objects (the "**Responses and Objections**") to the *Official Committee of Unsecured Creditors' First Set of Document Requests to Puerto Rico Fiscal Agency and Financial Advisory Authority and Its Advisors in Connection with Joint Motion of Puerto Rico Electric Power Authority And AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) And 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods*, served May 22, 2019 (collectively, the "**Requests**," and each a "**Request**"), which was served at the direction of the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "**Committee**").

## PRELIMINARY STATEMENT

AAFAF has not yet completed its investigation and review of documents. These Responses and Objections, and any subsequent document production, are based and will be based only upon the information that is currently available to and specifically known to AAFAF as of the date hereof. AAFAF reserves the right to amend or supplement these responses and objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from these Responses and Objections as a result of mistake, error, or inadvertence. AAFAF has made reasonable efforts to respond to the Requests, to the extent they have not been objected to, as AAFAF understands and interprets the

Requests. If the Committee subsequently asserts an interpretation of the Requests that differs

from AAFAF interpretation, AAFAF reserves the right to supplement these Reponses and

Objections.

## GENERAL OBJECTIONS

1.     AAFAF objects to the Requests, and to each and every Request, as unduly

burdensome to the extent that they do not seek information that is relevant or reasonably calculated

to lead to the discovery of admissible evidence relevant to the *Joint Motion of Puerto Rico Electric*

*Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and*

*Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the*

*Restructuring Support Agreement and Tolling Certain Limitations Periods*, dated May 10, 2019

[ECF No. 1235] (the "**Rule 9019 Motion**").

2.     AAFAF objects to the Requests, and to each and every Request, to the extent they

seek documents and information that are not "relevant to any party's claim or defense and

proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

3.     AAFAF objects to the Requests, and to each and every Request, to the extent they

seek documents or information that are not in AAFAF's possession, custody, or control. Subject

to the other general and specific objections set forth herein, AAFAF will use reasonable diligence

to obtain responsive documents in its possession, custody, or control based on an examination of

those files reasonably expected to yield responsive documents. Documents produced by AAFAF

in response to specific Requests should not be construed as a representation that every document

in its possession, custody, or control has been examined. AAFAF objects to the Requests, and to

each and every Request, to the extent they purport to require AAFAF to search archives, backup

files, or any information that is not readily accessible, including without limitation the files of any

person no longer employed with, a member of, or otherwise acting on behalf of AAFAF and whose files have been archived, destroyed, or released in connection with such person's departure from AAFAF.

4.      AAFAF objects to the Requests, and to each and every Request, to the extent they seek materials that have already been provided to the Committee in connection with the *Motion of National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee Inc. for Relief from the Automatic Stay to Allow Movants to Enforce Their Statutory Right to Have a Receiver Appointed*, dated October 3, 2018 [ECF No. 975] (the "**Lift Stay Motion**").

5.      AAFAF objects to the Requests, and to each and every Request, to the extent that they purport to impose burdens on AAFAF that are inconsistent with, not otherwise authorized by, or exceed those required by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for the District of Puerto Rico, or this Court's chambers practices and case management orders (collectively, the "**Governing Rules**").  AAFAF will construe and respond to the Requests in a manner consistent with its obligations under the Governing Rules, and not otherwise.

6.      AAFAF objects to each Definition and Instruction to the extent they purport to impose burdens on AAFAF that are inconsistent with, not authorized by, or exceed those required by the Governing Rules.  In responding to the Requests, and unless otherwise noted, AAFAF will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.

7.      AAFAF objects to the Requests, and to each and every Request, to the extent they place an unreasonable burden on AAFAF, including without limitation by seeking documents and

- 4 -

information that are equally or more readily available from public sources or that are already available to the Committee.

8.      AAFAF objects to the Requests, and to each and every Request, to the extent they expressly or impliedly seek documents or information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.  Documents and information protected by these privileges, doctrines, or immunities are not subject to disclosure, and AAFAF will not provide them.  AAFAF intends to and does assert any and all such privileges with respect to all such documents and information. The inadvertent production of any such protected document or other item shall not constitute a waiver of any privilege or protection or any other ground for objection to discovery with respect to the information contained therein, nor shall such inadvertent production waive AAFAF's right to object to the use of any such document or the information contained therein in connection with the Rule 2019 Motion, or during any subsequent proceeding.  Upon notification that such disclosure was inadvertent, the document(s)/item(s) and any copies thereof shall be returned or destroyed immediately.

9.      AAFAF objects to each Definition, Instruction, and Request to the extent they seek documents or information that are confidential or proprietary in nature, or otherwise constitute protected commercial, strategic, financial, or competitively sensitive or trade secret information. To the extent that such relevant and responsive documents or information exist, AAFAF will

produce them only pursuant to an appropriate protective order that has been executed and entered into by the parties.

10.     AAFAF objects to the Requests, and to each and every Request, to the extent that they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions.  By providing these Responses and Objections, AAFAF does not admit any factual or legal premise in the Requests.

11.     To the extent any term defined or used in the Requests is used in responding to the Requests, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

12.     AAFAF objects to the Requests, and to each and every Request, as unduly burdensome to the extent that they are cumulative or duplicative of other discovery requests.

13.     AAFAF objects to the Requests, and to each and every Request, to the extent they seek information for an undefined or unstated period of time on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of the Rule 2019 Motion nor reasonably calculated to lead to the discovery of admissible evidence.

14.     AAFAF objects to the definition of the term "Communication" to the extent it seeks to impose burdens on AAFAF that differ from or exceed those imposed by the Governing Rules. AAFAF also objects to searching or producing any text messages, web messaging, instant messaging, or words transmitted by telephone, radio, or any method of voice recording, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated timeframe for discovery.  AAFAF will use reasonable diligence to conduct a search proportionate

to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

15.     AAFAF objects to the definition of the term "Document" to the extent it seeks to impose burdens on AAFAF that differ from or exceed those imposed by the Governing Rules. AAFAF also objects to searching or producing any text messages, instant messages, web messages, WhatsApp messages, social media messages, summaries of records or notes of personal conversations or interviews, recordings, tapes, microfilm, summaries of negotiations, stenographic, handwritten, or any other notes, computer disks and tapes, or tape data sheets or data processing cards or disks, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated timeframe for discovery.  AAFAF will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

16.     AAFAF objects to the definition of the term "Proposed Transformation" as vague, ambiguous, and overbroad.  AAFAF will construe "Proposed Transformation" to refer to the potential transformation described in the Market Sounding Letter dated June 4, 2018, as posted on the official website of the Puerto Rico Public-Private Partnerships Authority at http://www.p3.pr.gov/prepa-transformation.html.

17.     AAFAF objects to the definition of the terms "You," "Your" and "AAFAF" as overbroad because they encompass individuals and entities without regard to their connection or relevance to the Rule 9019 Motion.  In responding to the Requests, AAFAF will construe "You," "Your" and "AAFAF" to mean AAFAF and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion.

18.     AAFAF objects to Instruction 2 to the extent it seeks to impose burdens on AAFAF that differ from or exceed those imposed by the Governing Rules.  AAFAF will meet and confer with the Committee regarding mutually agreeable production protocols for electronically stored information and non-electronically stored information.

19.     AAFAF objects to Instruction 5 to the extent it imposes burdens on AAFAF that differ from or exceed those imposed by the Governing Rules.  AAFAF also objects to Instruction 5 on the grounds that it is unduly burdensome and not proportional to the needs of the case and abbreviated timeframe for discovery.  AAFAF will use reasonable diligence to provide information reasonably known to it as of the date of these Responses and Objections.

20.     AAFAF objects to Instructions 6 and 9 to the extent they impose burdens on AAFAF that differ from or exceed those imposed by the Governing Rules by requiring the identification of responsive documents that are no longer in the possession, custody, or control of AAFAF, a description of the disposition of such documents (including the reason for the disposition and the persons who authorized such disposition), the date of disposition, when such documents were most recently in the possession, custody, or control of AAFAF, identification of the person currently in possession, custody, or control of such documents, and otherwise provide a description of the nature and contents of such documents. AAFAF also objects to Instructions 6 and 9 on the grounds that they are unduly burdensome and not proportional to the needs of the case and abbreviated timeframe for discovery for AAFAF to provide the information requested by Instructions 6 and 9.

21.     AAFAF objects to Instruction 7 to the extent it imposes burdens on AAFAF that differ from or exceed those imposed by the Governing Rules by requiring the identification of responsive documents that have been destroyed and a description of the reason for such destruction

and the identification of the person who destroyed such documents and the person who directed their destruction.

22.     AAFAF objects to Instruction 8 to the extent it imposes burdens on AAFAF that differ from or exceed those imposed by the Governing Rules.  AAFAF objects to providing a privilege log unless necessary to substantiate a claim of privilege, consistent with the Governing Rules, and expressly reserves the right to provide a categorical privilege log.

23.     These Responses and Objections are made without waiving, or intending to waive, but, on the contrary, expressly reserving: (a) the right to object on the grounds of competency, privilege, relevancy, materiality, admissibility as evidence for any purpose, or any other proper grounds, to the use of any documents produced hereunder or the subject matter thereof, in whole or in part, at any trial or hearing related in the above-captioned case or in any related or subsequent action or proceeding; (b) the right to object on any and all grounds, at any time, to other demands for production or other discovery procedures involving or relating to the subject matter of the Requests or otherwise; and (c) the right at any time to revise, amend, correct, supplement, or clarify any of the Responses and Objections herein.

24.     These Responses and Objections should not be construed as: (a) an admission as to the propriety of any Request; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Request; (c) an acknowledgement that documents or other items responsive to any Request exist; (d) a waiver of the General Objections or the objections asserted in response to specific Requests; (e) an admission as to the relevance or admissibility into evidence of any documents, item or information; (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation; or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner. Nothing in these Responses

and Objections is intended to waive, and AAFAF expressly reserves, the right to file a motion to

quash the Requests and/or to seek a protective order.

25.     The above General Objections are incorporated into each of the following specific

Objections and Responses.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

All drafts and prior versions of the RSA, including the Preliminary RSA, and any and all
term sheets and exhibits related to such drafts and prior versions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to its General Objections, AAFAF objects to Request No. 1 to the extent it seeks

documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF

also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional

to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand

the collection, review and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, and subject to the entry of

a protective order, AAFAF will produce non-privileged, responsive emails, including

attachments, relating to the RSA that are contained in O'Melveny & Myers LLP's

("**O'Melveny**") PST files for Nancy Mitchell and Maria DiConza that were sent to or received

from (1) representatives of objectors to the Rule 9019 Motion, including the Committee; (2)

representatives of Assured, before the execution of the Definitive RSA; and (3) representatives

of the Ad Hoc Group of PREPA Bondholders, before the execution of the Preliminary RSA.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications concerning the Settlement, the RSA and all prior versions and drafts thereof, including but not limited to the Preliminary RSA, including communications with (a) the Oversight Board, (b) PREPA or any member of its governing board, (c) any Supporting Holder, (d) any Concessionaire, (e) any creditor or stakeholder of PREPA other than a Supporting Holder, (f) the news media, (g) any government official or employee, or (h) any agent of or advisor to any of the foregoing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to its General Objections, AAFAF objects to Request No. 2 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce non-privileged, responsive emails, including attachments, relating to the RSA that are contained in O'Melveny's PST files for Nancy Mitchell and Maria DiConza that were sent to or received from (1) representatives of objectors to the Rule 9019 Motion, including the Committee; (2) representatives of Assured, before the execution of the Definitive RSA; and (3) representatives of the Ad Hoc Group of PREPA Bondholders, before the execution of the Preliminary RSA.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications concerning the Settlement, the RSA, and all prior versions and drafts thereof, including but not limited to the Preliminary RSA, exchanged between (i) the Oversight Board or any member of the Oversight Board and (ii) Ankura.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

In addition to its General Objections, AAFAF objects to Request No. 3 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Deliberative Process Privilege, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF further objects to this request to the extent it is duplicative of Request No. 2.  AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.  AAFAF also objects to this request on the grounds that it seeks documents or information that are not in AAFAF's possession, custody, or control and, therefore the request is not properly directed to AAFAF.

## REQUEST FOR PRODUCTION NO. 4:

All documents and communications concerning Your analysis of the impact of the RSA on creditors of PREPA other than the Supporting Holders and their recoveries under a plan of adjustment, including documents and communications relating to the Oversight Board's, AAFAF's, and/or PREPA's analysis regarding whether the RSA leaves all other creditors unaffected, as referred to in paragraph 65 of the Rule 9019 Motion.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

In addition to its General Objections, AAFAF objects to Request No. 4 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce non-privileged, responsive emails, including attachments, relating to the RSA that are contained in O'Melveny's PST files for Nancy Mitchell and Maria DiConza that were sent to or received from (1) representatives of objectors to the Rule 9019 Motion, including the Committee; (2) representatives of Assured, before the execution of the Definitive RSA; and (3) representatives of the Ad Hoc Group of PREPA Bondholders, before the execution of the Preliminary RSA.

**REQUEST FOR PRODUCTION NO. 5:**

All documents received and considered by You in determining whether to enter into the Settlement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to its General Objections, AAFAF objects to Request No. 5 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.

Subject to and without waiving the foregoing general and specific objections, AAFAF is willing to meet and confer with the Committee to discuss this request.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications concerning all amounts to be paid to the Supporting Holders under the Settlement and RSA, including without limitation, (i) interest on the Bonds through May 1, 2019; (ii) the Settlement Payments; (iii) Increased Settlement Payments; (iv) the Administrative Claim as set forth in Section 2(d) of the RSA; (v) the Waiver and Support Fees set forth in Section 4 of the RSA; and (vi) the total amount of fees and expenses to be paid to the Ad Hoc Group and Assured set forth in Section 22 of the RSA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to its General Objections, AAFAF objects to Request No. 6 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce non-privileged, responsive emails, including attachments, relating to the RSA that are contained in O'Melveny's PST files for Nancy Mitchell and Maria DiConza that were sent to or received from (1) representatives of objectors to the Rule 9019 Motion, including the Committee; (2) representatives of Assured, before the execution of the Definitive RSA; and (3) representatives of the Ad Hoc Group of PREPA Bondholders, before the execution of the Preliminary RSA.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications concerning all amounts to be paid to the Supporting Holders under the Settlement and RSA in the event that a Securitization Termination occurs, including without limitation, (i) interest on the Bonds through May 1, 2019; (ii) the Settlement Payments; (iii) Increased Settlement Payments; (iv) the Administrative Claim as set forth in Section 2(d) of the RSA; (v) the Waiver and Support Fees set forth in Section 4 of the RSA; and (vi) the total amount of fees and expenses to be paid to the Ad Hoc Group and Assured set forth in Section 22 of the RSA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to its General Objections, AAFAF objects to Request No. 7 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce non-privileged, responsive emails, including attachments, relating to the RSA that are contained in O'Melveny's PST files for Nancy Mitchell and Maria DiConza that were sent to or received from (1) representatives of objectors to the Rule 9019 Motion, including the Committee; (2) representatives of Assured, before the execution of the Definitive RSA; and (3) representatives of the Ad Hoc Group of PREPA Bondholders, before the execution of the Preliminary RSA.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications concerning any alternative restructuring or litigation strategies or transactions considered by the Oversight Board, AAFAF, and/or PREPA, as referred to in paragraph 50 of the Rule 9019 Motion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to its General Objections, AAFAF objects to Request No. 8 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce non-privileged, responsive emails, including attachments, relating to the RSA that are contained in O'Melveny's PST files for Nancy Mitchell and Maria DiConza that were sent to or received from (1) representatives of objectors to the Rule 9019 Motion, including the Committee; (2) representatives of Assured, before the execution of the Definitive RSA; and (3) representatives of the Ad Hoc Group of PREPA Bondholders, before the execution of the Preliminary RSA.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications concerning the Oversight Board's, AAFAF's, and/or PREPA's analysis of the ability of Puerto Rico's electric system to absorb and pass on the Settlement Charge and Transition Charge, as referred to in paragraph 9 of the Rule 9019 Motion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to its General Objections, AAFAF objects to Request No. 9 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.   AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, AAFAF is willing to meet and confer with the Committee to discuss this request.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning the statements in paragraph 1 of the Rule 9019 Motion that (i) "transformation of PREPA into a dependable and efficient energy provider will be facilitated by resolution of PREPA's debt," (ii) "clarity as to PREPA's exit from Title III will reduce complexities in and challenges to the agreements related to the transformation,

including investments in PREPA to fund the transformation," and (iii) "[d]elaying the debt restructuring may . . . delay PREPA's transformation, to the detriment of Puerto Rico, its people, its businesses, and its creditors."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to its General Objections, AAFAF objects to Request No. 10 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.  AAFAF also objects to this request on the grounds that it seeks information that is publicly available or has already been made available to the Committee in connection with the Lift Stay Motion.  AAFAF further objects to this request on the grounds that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce responsive documents to the extent they have already been produced in connection with the Lift Stay Motion.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning the effect, if any, of the Settlement on the Proposed Transformation, including all documents and communications concerning the statement in paragraph 64 of the Rule 9019 Motion that the RSA "will facilitate the PREPA transformation process."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to its General Objections, AAFAF objects to Request No. 11 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.   AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.  AAFAF also objects to this request on the grounds that it seeks information that is publicly available or has already been made available to the Committee in connection with the Lift Stay Motion.  AAFAF further objects to this request on the grounds that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce responsive documents to the extent they have already been produced in connection with the Lift Stay Motion.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning the current state and estimated date for completion of the Proposed Transformation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to its General Objections, AAFAF objects to Request No. 12 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.   AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.  AAFAF also objects to this request on the grounds that it seeks information that is publicly available or has already been made

available to the Committee in connection with the Lift Stay Motion.  AAFAF further objects to

this request on the grounds that it does not seek information that is relevant or reasonably

calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.

Without waiving the foregoing general and specific objections, and subject to the entry of

a protective order, AAFAF will produce responsive documents to the extent they have already

been produced in connection with the Lift Stay Motion.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications concerning the assertions in paragraph 42 of the Rule
9019 Motion, including all documents and communications concerning (a) the benefits or costs
of the Settlement to PREPA and/or Puerto Rico, (b) the extent to which the Settlement will
"facilitate[e] transformation and modernization of the power sector," and (c) the extent to which
the benefits of the Settlement "outweigh the chances of success and risk in litigation . . . and the
time and expense of that litigation, even if the Government Parties have to litigate against non-
settling creditors."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to its General Objections, AAFAF objects to Request No. 13 to the extent it

seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.   AAFAF

also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional

to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand

the collection, review and production of "all" responsive documents.  AAFAF also objects to this

request on the grounds that it seeks information that is publicly available or has already been made

available to the Committee in connection with the Lift Stay Motion.  AAFAF further objects to

this request on the grounds that it does not seek information that is relevant or reasonably

calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce the documents it intends to use as exhibits or otherwise rely on at the hearing or in any further filing in support of the Rule 9019 Motion consistent with the schedule ordered by the Court.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications concerning the benefits, if any, of the Settlement to PREPA or Puerto Rico in the event that the Government Parties (i) litigate against non-settling bondholder creditors concerning the scope of their alleged security interests and (ii) prevail in that litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to its General Objections, AAFAF objects to Request No. 14 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.   AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.  AAFAF further objects to this request on the grounds that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce non-privileged, responsive emails, including attachments, relating to the RSA that are contained in O'Melveny's PST files for Nancy Mitchell and Maria DiConza that were sent to or received from (1) representatives of objectors to the Rule 9019 Motion, including the Committee; (2) representatives of Assured, before the execution of

the Definitive RSA; and (3) representatives of the Ad Hoc Group of PREPA Bondholders, before

the execution of the Preliminary RSA.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications concerning the Oversight Board's, AAFAF's, and/or PREPA's analysis regarding whether the bondholders of PREPA have meritorious defenses that the security interests are valid, as referred to in paragraph 58 of the Rule 9019 Motion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to its General Objections, AAFAF objects to Request No. 15 to the extent it

seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine,

the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF

also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional

to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand

the collection, review and production of "all" responsive documents.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and communications concerning the ability of PREPA to provide consideration to other creditors of PREPA if the RSA is approved, including without limitation, the value of any and all assets not being pledged to the Supporting Holders under the Settlement and RSA and the ability of PREPA to pass on additional rate surcharges for the benefit of the other creditors beyond the Settlement Charge and Transition Charge.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to its General Objections, AAFAF objects to Request No. 16 to the extent it

seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF

also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional

to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce non-privileged, responsive emails, including attachments, relating to the RSA that are contained in O'Melveny's PST files for Nancy Mitchell and Maria DiConza that were sent to or received from (1) representatives of objectors to the Rule 9019 Motion, including the Committee; (2) representatives of Assured, before the execution of the Definitive RSA; and (3) representatives of the Ad Hoc Group of PREPA Bondholders, before the execution of the Preliminary RSA.

## REQUEST FOR PRODUCTION NO. 17:

All documents and communications exchanged between You and the Puerto Rico Energy Bureau concerning the Settlement Charge and/or the Transition Charge.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

In addition to its General Objections, AAFAF objects to Request No. 17 on the grounds that it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents. AAFAF also objects to this request on the grounds that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications exchanged between You and the Puerto Rico legislature concerning the Settlement Charge and/or the Transition Charge.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to its General Objections, AAFAF objects to Request No. 18 on the grounds that it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents. AAFAF also objects to this request on the grounds that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications concerning any legislation that would need to be passed to implement the Settlement Charge, the Transition Charge, or any other aspect of the Settlement, including documents and communications concerning the status of such legislation and any alternative plans or strategies in the event such legislation is not passed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to its General Objections, AAFAF objects to Request No. 19 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional

to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, AAFAF is willing to meet and confer with the Committee to discuss this request.

## REQUEST FOR PRODUCTION NO. 20:

All documents and communications concerning the nature, extent, and value of any security interest that PREPA bondholders hold in assets of PREPA, including the extent to which the value of such security interest has decreased since PREPA's title III petition date.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

In addition to its General Objections, AAFAF objects to Request No. 20 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.  AAFAF also objects to this request on the grounds that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.  In addition, AAFAF objects to this request on the ground that it improperly assumes the PREPA bondholders have a security interest.  AAFAF does not concede that the Bonds are secured.

## REQUEST FOR PRODUCTION NO. 21:

For each of the General Fund, the Revenue Fund, the Reserve Maintenance Fund, the Self-Insurance Fund, and the Capital Improvement Fund established pursuant to the PREPA Trust Agreement (each, a "Fund"):

   (a)   Documents sufficient to show the bank or banks in which moneys credited (and/or required by the PREPA Trust Agreement to be credited) to such Fund are deposited or held (each, a "Depositary Bank").

(b)     Documents sufficient to show the deposit account or deposit accounts in which such moneys are deposited or held (each, a "Deposit Account"), identified by account number and location.

(c)     Documents sufficient to show the identity of the customer/account holder with respect to each Deposit Account, including (a) the name on each Deposit Account and (b) whether such name indicates that a security interest is held in such Deposit Account by any person or entity, including the Trustee, any holder of PREPA Bonds, any insurer of PREPA Bonds, or any other person or entity representing or purported to represent, or acting or purporting act on behalf of any holder of PREPA Bonds (each, a "Secured Party").

(d)     All account documentation relating to each Deposit Account.

(e)     All agreements among PREPA, any Secured Party, and any Depositary Bank (including all agreements commonly called or referred to as "deposit account control agreements").

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

In addition to its General Objections, AAFAF objects to Request No. 21 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of documents responsive to this request. AAFAF also objects to this request on the grounds that it seeks information that is publicly available or has already been made available to the Committee in connection with the Lift Stay Motion. AAFAF further objects to this request on the grounds that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce non-privileged documents responsive to Request No. 21

that are within its possession, custody, and control, if any, and can be located after a reasonably

diligent search.

**REQUEST FOR PRODUCTION NO. 22:**

For all other deposit accounts of PREPA not identified pursuant to Request No. 21 above, documents sufficient to show (i) the account number, bank, and location, (ii) the identity of the customer/account holder, including the name on the account and whether a security interest exist in such account, and (iii) all deposit account control agreements and other agreements among PREPA, any Secured Party, and any bank concerning such account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to its General Objections, AAFAF objects to Request No. 22 to the extent it

seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF

also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional

to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand

the collection, review and production of documents responsive to this request.  AAFAF also

objects to this request on the grounds that it seeks information that is publicly available or has

already been made available to the Committee in connection with the Lift Stay Motion. AAFAF

further objects to this request on the grounds that it does not seek information that is relevant or

reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019

Motion.

Without waiving the foregoing general and specific objections, and subject to the entry of

a protective order, AAFAF will produce non-privileged documents responsive to Request No. 22

that are within its possession, custody, and control, if any, and can be located after a reasonably

diligent search.

**REQUEST FOR PRODUCTION NO. 23:**

For (i) each of the Funds and (ii) the Sinking Fund established pursuant to the PREPA Trust Agreement:

     (a)     Documents sufficient to show the investment bank, broker or other securities intermediary or securities intermediaries (each, a "Securities Intermediary") with respect to all securities accounts relating to any investment of the moneys credited (and/or required by the PREPA Trust Agreement to be credited) to such Fund (each, a "Securities Account").

     (b)     Documents sufficient to show the Securities Accounts (identified by number and location).

     (c)     All account documentation relating to each Securities Accounts.

     (d)     All agreements among PREPA, any Secured Party, and any Securities Intermediary (including all agreements commonly called or referred to as "securities account control agreements").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to its General Objections, AAFAF objects to Request No. 23 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of documents responsive to this request. AAFAF also objects to this request on the grounds that it seeks information that is publicly available or has already been made available to the Committee in connection with the Lift Stay Motion. AAFAF further objects to this request on the grounds that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce non-privileged documents responsive to Request No. 23

that are within its possession, custody, and control, if any, and can be located after a reasonably

diligent search.

## REQUEST FOR PRODUCTION NO. 24:

For all other securities accounts of PREPA not identified pursuant to Request No. 23 above, documents sufficient to show (i) the number and location of the account, (ii) the Securities Intermediary with respect to such account, and (iii) all securities account control agreements and other agreements among PREPA, any Secured Party, and any Securities Intermediary concerning such account.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

In addition to its General Objections, AAFAF objects to Request No. 24 to the extent it

seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine,

the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF

also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional

to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand

the collection, review and production of documents responsive to this request.  AAFAF also objects

to this request on the grounds that it seeks information that is publicly available or has already been

made available to the Committee in connection with the Lift Stay Motion.  AAFAF further objects to

this request on the grounds that it does not seek information that is relevant or reasonably

calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.

Without waiving the foregoing general and specific objections, and subject to the entry of

a protective order, AAFAF will produce non-privileged documents responsive to Request No. 24

that are within its possession, custody, and control, if any, and can be located after a reasonably

diligent search.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications consisting of any spreadsheets or models concerning projected revenues from the sale of electricity or other revenue sources in Puerto Rico.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to its General Objections, AAFAF objects to Request No. 25 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents. AAFAF also objects to this request on the grounds that it seeks information that is publicly available or has already been made available to the Committee in connection with the Lift Stay Motion. AAFAF further objects to this request on the grounds that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce responsive documents to the extent they have already been produced in connection with the Lift Stay Motion.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications concerning projected demand forecasts, sales forecasts, electricity pricing forecasts, and related assumptions for electricity in Puerto Rico, including the effect, if any, of the Settlement (including the Settlement Charge and/or the Transition Charge) on such forecasts, pricing, and assumptions, and any spreadsheets or models concerning the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to its General Objections, AAFAF objects to Request No. 26 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents. AAFAF also objects to this request on the grounds that it seeks information that is publicly available or has already been made available to the Committee in connection with the Lift Stay Motion. AAFAF further objects to this request on the grounds that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce responsive documents to the extent they have already been produced in connection with the Lift Stay Motion and will produce the communications described in its response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications requested by Requests 11 through 21 in the First Set of Document Requests of Cortland Capital Market Services LLC, as administrative agent, and Solus Alternative Asset Management LP to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Authority.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to its General Objections, AAFAF objects to Request No. 27 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.  AAFAF further objects to this request on the grounds that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce all documents it produces to any other party in response to a discovery request in connection with the 9019 Motion.

**REQUEST FOR PRODUCTION NO. 28:**

All documents produced to any other party in connection with the Rule 9019 Motion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Without waiving the foregoing general objections, and subject to the entry of a protective order, AAFAF will produce all documents it produces to any other party in response to a discovery request in connection with the 9019 Motion.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and communications that You intend to use as exhibits or otherwise rely on at the hearing on the Rule 9019 Motion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to its General Objections, AAFAF objects to Request No. 29 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Without waiving the foregoing general and specific objections, and subject to the entry of
a protective order, AAFAF will produce the documents it intends to use as exhibits or otherwise
rely on at the hearing or in any further filing in support of the Rule 9019 Motion consistent with
the schedule ordered by the Court.

Dated: May 29, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Elizabeth L. McKeen
John J. Rapisardi
Suzzanne Uhland
Peter Friedman
Nancy A. Mitchell
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

Elizabeth L. McKeen
(Admitted *Pro Hac Vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: +1-949-823-6900
Fax: +1-949-823-6994

*Attorneys for Puerto Rico Fiscal Agency and
Financial Advisory Authority*