# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF No. 8027-1 |

## DEBTORS' ELEVENTH OMNIBUS MOTION FOR APPROVAL OF MODIFICATIONS TO THE AUTOMATIC STAY

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors"), as Title III debtors, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and*

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Economic Stability Act* ("PROMESA"),[2] respectfully submits this motion (the "Motion"), pursuant

to sections 362(d)(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"),

made applicable to these cases by PROMESA section 301(a), and in accordance with Paragraph

III.Q of the Case Management Procedures (as defined below), for entry of an order, substantially

in the form attached hereto as **Exhibit A** (the "Proposed Order"), retroactively approving the

modifications to the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a)

(the "Title III Stay"), (a) for the parties and actions set forth in **Exhibit 1** to the Proposed Order,

*nunc pro tunc* to the dates specified therein and (b) to the extent necessary, for the parties and

actions filed by HTA as set forth in **Exhibit 2** to the Proposed Order, *nunc pro tunc* to the date of

this Motion. In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

1.      The United States District Court for the District of Puerto Rico (the "Court") has

subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2.      Venue is proper pursuant to PROMESA section 307(a).

3.      The statutory predicate for the relief sought herein is Bankruptcy Code sections

362(d)(1) and 105(a), made applicable to these Title III cases by PROMESA section 301(a).

### Background

4.      On June 2, 2017, the Court entered an order approving certain notice, case

management, and administrative procedures for the Title III cases [ECF No. 249] (as amended,

the "Case Management Procedures"), which was subsequently amended on June 6, 2017 to make

certain non-substantive clarifications and amendments [ECF No. 262].

---

[2]      PROMESA is codified at 48 U.S.C. §§ 2101-2241.

5.      On August 17, 2017, the Court entered an order further amending the Case Management Procedures to, among other things, implement a protocol (the "Lift Stay Protocol") for filing motions for relief from Title III Stay [ECF No. 1065]. Under the Lift Stay Protocol, a movant is required to (a) send notice (a "Lift Stay Notice") to counsel to the Oversight Board and AAFAF to advise them of the movant's intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay Notice Period") and (b) meet and confer with the Debtors during the Lift Stay Notice Period.

6.      On September 13, 2017, the Debtors filed a motion to amend the Case Management Procedures [ECF No. 1299] to allow the Debtors (a) to enter into stipulations modifying or lifting the Title III Stay under Paragraph III.Q of the Case Management Procedures without further order of the Court and (b) in their discretion, to modify or lift the Title III Stay with respect to any prepetition ordinary course civil action against a Debtor without the filing of a Lift Stay Notice and further order of the Court.

7.      On October 24, 2017, the Court approved the *Third Amended Notice, Case Management and Administrative Procedures* [ECF No. 1512-1], which implemented the Debtors' requested changes to the Lift Stay Protocol and requires the Debtors to file an omnibus lift stay motion every 60 days, identifying each modification to the Title III Stay agreed to by the Debtors during the relevant period and seeking retroactive Court approval of such modifications *nunc pro tunc* to the relevant modification date.

8.      The Court entered the following orders approving stipulations modifying the Title III Stay *nunc pro tunc* to the dates specified therein:

- *First Omnibus Order Granting Relief From the Automatic Stay* [ECF No. 2191], dated December 28, 2017.

3

- *Second Omnibus Order Granting Relief From the Automatic Stay* [ECF No. 2565], dated February 21, 2018.

- *Third Omnibus Order Granting Relief From the Automatic Stay* [ECF No. 2945], dated April 23, 2018.

- *Order Supplementing Third Omnibus Order Granting Relief From the Automatic Stay* [ECF No. 2988], dated May 1, 2018.

- *Fourth Omnibus Order Granting Relief From the Automatic Stay* [ECF No. 3326], dated June 20, 2018.

- *Fifth Omnibus Order Granting Relief From the Automatic Stay* [ECF No. 3925], dated August 21, 2018.

- *Order Supplementing Fifth Omnibus Order Granting Relief From the Automatic Stay* [ECF No. 3940], dated September 17, 2018.

- *Sixth Omnibus Order Granting Relief From the Automatic Stay* [ECF No. 4201], dated November 9, 2018.

- *Seventh Omnibus Order Granting Relief From the Automatic Stay* [ECF No. 4550], dated December 21, 2018.

- *Eighth Omnibus Order Granting Relief From the Automatic Stay* [ECF No. 5146], dated February 15, 2019.

- *Ninth Omnibus Order Granting Relief From the Automatic Stay* [ECF No. 6448], dated April 22, 2019.

- *Tenth Omnibus Order Granting Relief From the Automatic Stay* [ECF No. 7502], dated June 18, 2019.

**Relief Requested**

9.        By this Motion, the Debtors seek entry of an order, substantially in the form of the Proposed Order, (i) retroactively approving the modifications to the Title III Stay for the parties and actions set forth in Exhibit 1 to the Proposed Order, *nunc pro tunc* to the dates specified therein and (ii) to the extent necessary, approving modifications to the Title III Stay for the parties and actions filed by HTA retroactive to the date of this Motion as set forth in Exhibit 2. As required by Paragraph III.Q of the Case Management Procedures, Exhibit 1 and Exhibit 2 to the Proposed Order include a brief description of the modification of the Title III Stay and case information (including case number and court), as applicable, for each party.

10.        This Motion seeks to approve modifications to the Title III Stay listed in Exhibit 1 to the Proposed Order agreed to by the Debtors for the period from June 12, 2019 through August 9, 2019 (the date of this Motion). Further, the Motion seeks to approve modifications to the Title III Stay agreed to by HTA, through this Motion and without need for a stipulation in accordance with Paragraph III.Q of the Case Management Procedures, as detailed in Exhibit 2 to the Proposed Order.

**Basis for Relief**

11.        Bankruptcy Code section 362(a), made applicable to Title III cases pursuant to PROMESA section 301(a), provides, in relevant part, that the commencement of a Title III case operates as a stay enjoining all persons and entities from, among other things: (i) commencing or continuing any action or proceeding against a debtor that was or could have been brought against the debtor before the commencement of the debtor's Title III case, (ii) taking any action to obtain possession or control over property of the debtor, and (iii) attempting to collect, assess, or recover on a prepetition claim. See 11 U.S.C. § 362(a). In Title III cases, in addition to the automatic stay

under section 362(a), Bankruptcy Code section 922(a) provides an additional stay of "any judicial, administrative, or other action or proceeding against an officer or inhabitant of the municipality that seeks to enforce a claim against the municipal debtor." 11 U.S.C. § 922(a).

12.     Bankruptcy Code section 362(d)(1) provides that a court may grant relief from the automatic stay "for cause." See 11 U.S.C. § 362(d)(1). To determine whether "cause" exists to grant relief from the automatic stay, courts generally examine numerous different factors, including those set forth in Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280 (2d Cir. 1990). See Brigade Leveraged Capital Structures Fund Ltd. v. García-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing Sonnax, 907 F.2d at 1286; C & A, S.E. v. P.R. Solid Waste Mgmt. Auth., 369 B.R. 87, 94–5 (D.P.R. 2007))).

13.     Additionally, under Bankruptcy Code section 105(a), made applicable to the Title III cases by PROMESA section 301(a), the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

14.     Since implementing the Lift Stay Protocol on August 17, 2017, the Debtors have received over 260 Lift Stay Notices seeking relief from the Title III Stay to prosecute various prepetition actions. The Debtors and their advisors, in consultation with the Oversight Board, carefully reviewed and analyzed each of the Lift Stay Notices and determined that it was appropriate to modify the Title III Stay for the parties and actions listed in Exhibits 1 and 2 to the Proposed Order, *nunc pro tunc* to the dates specified therein.

4.     The twelve (12) actions listed in Exhibit 2 to the Proposed Order involve condemnation proceedings commenced by HTA. As explained more fully in Exhibit 2 of the

Proposed Order, the proposed modification of the automatic stay for these actions include modification of the automatic stay to: (1) allow such action to proceed to judgment, but any execution and enforcement of any judgment would remain stayed, (2) allow litigation of certain post-judgment matters regarding damages against HTA, (3) to allow parties to withdraw amounts consigned or to be consigned to the Commonwealth court, and (4) allow HTA to continue to negotiate a settlement of the action with the parties.

5.     The Debtors believe that modifying the Title III Stay for these matters will alleviate the strain on the Title III cases and this Court, will further interests of judicial economy, and maximize the Debtors' resources for the benefit of all parties in interest by avoiding costly claim litigation in this Court on matters that are already well underway in other fora. The Debtors reserve all rights, defenses, and protections with respect to any matters pending or that may arise in the Title III Cases, including the treatment of any claim arising from the subject actions under a plan of adjustment or otherwise in the Title III Cases. Accordingly, the Debtors request that the Court enter an order retroactively approving the modifications of the Title III Stay set forth on Exhibits 1 and 2 to the Proposed Order.

**<u>Notice</u>**

6.     The Debtors have provided notice of this Motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board;

(g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[3] (i) all parties filing a notice of appearance in these Title III cases; and (j) the parties set forth in Exhibit 1 to the Proposed Order. A copy of the Motion is also available on the Debtors' case website at https://cases.primeclerk.com/puertorico/.

7.      The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Motion**

8.      The Debtors have not made any prior motion for the relief sought in this Motion to this or any other court.

*Remainder of Page Intentionally Left Blank*

---

[3]      The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order in the form attached hereto as **Exhibit A**, retroactively approving the modifications of the Title III Stay set forth on Exhibits 1 and 2 to the Proposed Order, and granting such other and further relief as the Court may deem proper.

Dated: August 9, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Martin J. Bienenstock*

Martin J. Bienenstock (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Paul V. Possinger (admitted *pro hac vice*)
Ehud Barak (admitted *pro hac vice*)
Maja Zerjal (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight
and Management Board as Representative
for the Debtors*

/s/ *Hermann D. Bauer*

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight
and Management Board as Representative
for the Debtors*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF

participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| In re: | PROMESA |
|  | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | Re: ECF No. _____ |
| Debtors.[1] |  |

## ELEVENTH OMNIBUS ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon the *Debtors' Eleventh Omnibus Motion for Approval of Modifications to the Automatic Stay* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant to PROMESA section 307; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause

appearing therefor, it is **HEREBY ORDERED THAT:**

   1. The Motion is granted as set forth herein.

   2. Pursuant to Bankruptcy Code sections 362(d)(1) and 105(a), made

applicable to the Title III cases by PROMESA section 301(a), the Title III Stay is modified as set

forth in the attached Exhibit 1 for matters subject to prior stipulations among or between the

applicable Debtor and counterparty(ies), *nunc pro tunc* to the dates specified therein.

   3. Pursuant to Bankruptcy Code sections 362(d)(1) and 105(a), the Title III

Stay is to the extent necessary, modified as set forth in the attached Exhibit 2 for certain parties

and cases filed by HTA, *nunc pro tunc* to August 9, 2019 (the date of the Motion).

   4. All rights, defenses, and protections of each of the Debtors with respect to

any matters pending or that may arise in their respective Title III Cases, including the treatment of

any claim arising from the matters set forth on Exhibits 1 and 2 hereof under a plan of adjustment

or otherwise in the Title III Case are hereby reserved.  Nothing in this Order or the Debtors' consent

to stay modification as set forth in the Motion shall be deemed to be, or construed as, (a) an

admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has

or lacks merit; (b) a waiver of the Debtors' rights to dispute, contest, setoff, or recoup any claim,

including any claims asserted in the subject actions, or assert any related rights, claims, or defenses

and all such rights are reserved; or (c) an approval or assumption of any agreement or contract

between the parties under Bankruptcy Code section 365.

   5. Notwithstanding any applicability of any Federal Rule of Bankruptcy

Procedure, the terms and conditions of this Order shall be immediately effective and enforceable

upon its entry.

   6. The Court shall retain jurisdiction to hear and determine all matters

(a) arising from or related to the implementation, enforcement, or interpretation of this Order and

(b) concerning the execution or enforcement in the Title III cases of any judgment entered in a

prepetition ordinary course civil action where the Debtors agreed to modify or lift the Title III Stay

to allow the action to proceed to judgment by the underlying court.

       7.    This Order resolves Docket Entry No. ____ in Case No. 17-3283.

Dated: _____

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**

**TITLE III STAY MODIFICATIONS AGREED TO BY THE DEBTORS
FROM JUNE 12, 2019 THROUGH AUGUST 9, 2019**

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| 1. | *United States of America v. Juan A. San Miguel Santos*,<br><br>Case No. 12-CR-00159<br><br>U.S. District Court for the District of Puerto Rico<br><br>Tax Refund Action | Juan A. San Miguel Santos | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Commonwealth to issue and consign, in the Prepetition Action, the Tax Refund payable to the order of the Clerk of the District Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages, and provisional remedies against the Commonwealth or any other Title III Debtor or any request that the Commonwealth supplement the Tax Refund. | June 21, 2019 |
| 2. | *José F. Álvarez Ortiz v. Departamento de Corrección y Rehabilitación*,<br><br>Case No. SPP-2003-08-0149<br><br>Puerto Rico Commission for Appeals of Public Service (CASP)<br><br>Employment Action | Jose F. Alvarez Ortiz | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow the Prepetition Action to proceed to final judgment before CASP, the Court of Appeals of Puerto Rico and the Supreme Court of Puerto Rico; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment for money damages, backpay, and provisional remedies against the Commonwealth or any other Title III Debtor. | June 27, 2019 |
| 3. | *Consejo de Salud Playa de Ponce, Inc. v. Hon. Lorenzo González Feliciano Secretary of the Department of Health of the Commonwealth of Puerto Rico, et. al.*,<br><br>Case No. 06-1260 | Consejo de Salud Playa de Ponce, Inc. | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow the Commonwealth to continue to issue the prospective quarterly wraparound payments, (the "Quarterly Payments") directly to Movant pursuant to the Settlement Agreement in the same manner the distributions have been made up to the fourth quarter of 2018, beginning with the Quarterly Payment due for the first quarter of 2019. | June 30, 2019 |

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| | U.S. District Court for the District of Puerto Rico<br><br>Healthcare Action | | | Except as provided in Paragraph 1 of this Stipulation, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, (a) any action to compel payment by the Commonwealth with respect to a wraparound payment not made pursuant to Paragraph 1 above, and (b) the execution and enforcement of (i) any judgment, (ii) injunction, (iii) any claim for money damages, or (iv) any provisional remedies against the Commonwealth or any other Title III Debtor. | |
| 4. | *José E. Alvarado-Solivan v. Comisión Estatal de Elecciones, et al.*,<br><br>Case No. 16-1458<br><br>U.S. District Court for the District of Puerto Rico<br><br>Employment Action | José E. Alvarado-Solivan | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow the Prepetition Action to proceed to final judgment before the District Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment for money damages, backpay, and provisional remedies against the Commonwealth or any other Title III Debtor. | July 3, 2019 |
| 5. | *Juan I. Colón González v. Commonwealth of Puerto Rico, et al.*,<br><br>Case No. 17-1162<br><br>U.S. District Court for the District of Puerto Rico<br><br>Employment Action | Juan I. Colón González | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary (i) to allow the Prepetition Action to proceed to final judgment before the District Court, and (ii) for the enforcement of any judgment ordering the reinstatement of Movant to his former position; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment for money damages, backpay and provisional remedies against the Commonwealth or any other Title III Debtor. | July 3, 2019 |
| 6. | *Rio Grande Community Health Center, Inc., et al. v.* | Atlantic Medical Center, Inc., | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow (a) the pending appeals | July 12, 2019 |

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| | *Hon. Rafael Rodriguez Mercado, Secretary, Department of Health Commonwealth of Puerto Rico,*<br><br>Case No. 03-1640 (consolidated with Case Nos. 06-1291, 06-1524)<br><br>U.S. District Court for the District of Puerto Rico<br><br>Healthcare Action | Camuy Health Services, Inc., Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc., Ciales Primary Health Care Services, Inc., Corp. de Serv. Médicos Primarios y Prevención de Hatillo, Inc., Costa Salud, Inc., Centro de Salud de Lares, Inc., Centro de Servicios Primarios de Salud de Patillas, Inc., and Hospital General Castañer, Inc. | | before the United States Court of Appeals for the First Circuit in Appeal Nos. 17-1731, 17-1812, and 19-1336 to proceed to judgment, (b) the Commonwealth to continue to issue the estimated prospective quarterly wraparound payments, pursuant to the Order, dated June 5, 2015, in the Prepetition Action [Case No. 03-1640-GAG, ECF No. 674] and the Order, dated November 8, 2010 in former Lead Case No. 03-1640-GAG, ECF No. 743, using the Parties' previously agreed upon estimated payment formula, adjusted with the newly set rates listed in <u>Exhibit A</u> to the Stipulation (the "<u>Quarterly Payments</u>"), beginning with the Quarterly Payment due for the first quarter of 2019, and (c) the District Court in the Prepetition Action to (1) to receive the Quarterly Payments; (2) to consider and rule on motions to distribute the Quarterly Payments; (3) to distribute the funds from the Quarterly Payments in accordance with orders entered by the District Court in the same manner the distributions have been made up to the date of this Stipulation.<br><br>Except as provided in Paragraph 1 of this Stipulation, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, (a) any action to compel payment by the Commonwealth with respect to wraparound payment not voluntarily made pursuant to Paragraph 1 above, and (b) the execution and enforcement of (i) any judgment, (ii) injunction, (iii) any claim for money damages, or (iv) any provisional remedies against the Commonwealth or any other Title III Debtor. | |
| 7. | *Rosa A. Rosado Crespo, et als. v. Municipio de Añasco, et als.,* | Rosa Rosado Crespo | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow (i) the Pre-petition action to be dismissed, with prejudice, with respect to Co- | July 22, 2019 |

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| | Case No. ISCI2011-01972<br><br>Puerto Rico Court of First instance, Superior Court of Mayaguez<br><br>Labor Action | | | defendants, in their individual capacities, and (ii) allow the Prepetition Action to proceed only against the Municipality of Añasco and defendants, in their official capacities to final resolution and any appeals. | |
| 8. | *Rio Grande Community Health Center, Inc., et al. v. Hon. Rafael Rodriguez Mercado, Secretary, Department of Health Commonwealth of Puerto Rico*,<br><br>Case No. 03-1640 (consolidated with Case Nos. 06-1291, 06-1524) formerly consolidated under Lead Case No. 06-1260<br><br>U.S. District Court for the District of Puerto Rico<br><br>Healthcare Action | Salud Integral en la Montaña, Corporación de Servicios de Salud y Medicina Avanzada, NeoMed Center, Migrant Health Center, HPM Foundation, Morovis Community Health Center, and Concilio de Salud Integral de Loiza | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow (a) the pending appeals before the United States Court of Appeals for the First Circuit in Appeal Nos. 17-1731, 17-1812, and 19-1336 to proceed to judgment, (b) the Commonwealth to continue to issue the estimated prospective quarterly wraparound payments, pursuant to the Order, dated June 5, 2015, in the Prepetition Action [Case No. 03-1640-GAG, ECF No. 674] and the Order dated November 8, 2010 in the Prepetition Action [former Lead Case No. 06-1260-GAG, ECF No. 743], using the Parties' previously agreed upon estimated payment formula and according to the District Court's previous orders in the Prepetition Action construing the Commonwealth's obligations under 42 U.S.C. § 1396a(bb), adjusted with the newly set rates listed in Exhibit A to the Stipulation (the "Quarterly Payments"), beginning with the Quarterly Payment due for the first quarter of 2019, and (c) the District Court in the Prepetition Action to (1) to receive the Quarterly Payments; (2) to consider and rule on motions to distribute the Quarterly Payments; (3) to distribute the funds from the Quarterly Payments in accordance with orders entered by the District Court in the same manner the distributions have been made up to the date of this Stipulation.<br><br>Except as provided in Paragraph 1 of this Stipulation, the Title III Stay shall continue to apply in all other | July 29, 2019 |

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| | | | | respects to the Prepetition Action, including, but not limited to, (a) any action to compel payment by the Commonwealth with respect to wraparound payment not voluntarily made pursuant to Paragraph 1 above, and (b) the execution and enforcement of (i) any judgment, (ii) injunction, (iii) any claim for money damages, or (iv) any provisional remedies against the Commonwealth or any other Title III Debtor. | |
| 9. | *Gómez-Cruz v. Fernández-Pabellón, et als.*, USDC Case No. 13-1711<br><br>U.S. District Court for the District of Puerto Rico<br><br>USCA Case No. 19-1146<br><br>U.S. Court of Appeals for the First Circuit<br><br>Payment Dispute | Carlos Gómez Cruz | Commonwealth | The Commonwealth shall pay directly to Movant the amount of $901.32 (the "Settlement Amount") within thirty (30) days from August 6, 2019, the date first set above, in compromise and settlement of all controversies among the Parties in the Prepetition Action and the Appeal. | August 6, 2019 |

## EXHIBIT 2

## TITLE III STAY MODIFICATIONS REGARDING
## CONDEMNATION PROCEEDINGS AGREED TO BY HTA[6]

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | MODIFICATION DATE |
|---|---|---|---|---|---|
| 1. | *ACT v. Zequeira Toral José Rafael*<br><br>Case No. K EF2004-1039 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | José Rafael Zequeira Toral | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable litigation of the post-judgment matter regarding damages against HTA in the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | August 9, 2019 |
| 2. | *ACT v. Congr. Mayaguez Mani de los Testigos de Jehová*<br><br>Case No. K EF2007-0462 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Congr. Mayaguez Mani de los Testigos de Jehová | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | August 9, 2019 |
| 3. | *ACT v. Autoridad de Edificios Públicos* | Autoridad de Edificios Públicos | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to allow HTA to consign to the Prepetition Court the amount | August 9, 2019 |

---

[6]    Capitalized terms used herein that are not otherwise defined shall have the meaning given to them in the *Debtors' Eleventh Omnibus Motion for Approval of Modifications of the Automatic Stay*.

"Prepetition Court" shall mean the Puerto Rico Court of First Instance.

"Prepetition Action" shall mean the action identified in the column, "Case Information."

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | MODIFICATION DATE |
|---|---|---|---|---|---|
| | Case No. K EF2008-0162 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | | | of $968,667.03 plus legal interests and to enable the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | |
| 4. | *ACT v. Carrisal Alvarado, Tomás, Elizabet Ocana*<br><br>Case No. K EF2010-0485 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Tomás Carrisal Alvarado, Elizabet Ocana | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | August 9, 2019 |
| 5. | *ACT v. Miguel A. Acevedo Coll*<br><br>Case No. K EF2010-0488 (1002)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Miguel A. Acevedo Coll | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | August 9, 2019 |
| 6. | *ACT v. Sánchez Correa, Dominga* | Dominga Sánchez Correa | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable HTA to value | August 9, 2019 |

2

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | MODIFICATION DATE |
|---|---|---|---|---|---|
| | Case No. K EF2011-0018 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | | | and acquire an additional parcel of land and consign additional funds based on such valorization, and to enable the Prepetition Action to proceed to judgment before the Prepetition Court; <u>provided</u>, <u>however</u>, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts to be consigned to the Prepetition Court. | |
| 7. | *ACT v. Sánchez Correa, Isabel SUCN.*<br><br>Case No. K EF2011-0020 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | SUCN Isabel Sánchez Correa | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to judgment before the Prepetition Court; <u>provided</u>, <u>however</u>, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | August 9, 2019 |
| 8. | *ACT v. Luis Alberto Mercado Jiménez and others*<br><br>Case No. K EF2011-0240 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Luis Alberto Mercado Jiménez and others | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to judgment before the Prepetition Court; <u>provided</u>, <u>however</u>, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | August 9, 2019 |

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | MODIFICATION DATE |
|---|---|---|---|---|---|
| 9. | *ACT v. Mandry Nones, Ivelisse Helena (SUCN)*<br><br>Case No. K EF2011-0241 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | SUCN. Ivelisse Helena Mandry Nones | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to (i) allow the parties to continue negotiations to settle the Prepetition Action, and (ii) to enable the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | August 9, 2019 |
| 10 | *ACT v. Tallaboa Heavy Equipment Corporation, CEMEX, Luis Martínez*<br><br>Case No. K EF2012-0283 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Tallaboa Heavy Equipment Corporation, CEMEX, Luis Martínez | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to (i) allow HTA to amend Exhibit A to the complaint filed in the Prepetition Action, and (ii) to enable the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | August 9, 2019 |
| 11 | *ACT v. Inmobiliaria Unibón, Inc.*<br><br>Case No. K EF2016-0071 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Inmobiliaria Unibón, Inc. | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other | August 9, 2019 |

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | MODIFICATION DATE |
|---|---|---|---|---|---|
| | | | | Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | |
| 12 | *ACT v. Fiorina Vilella*<br><br>Case No. K EF2004-1202<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Fiorina Viella | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to allow Movant to withdraw amounts consigned or to be consigned by HTA to the Prepetition Court in the Prepetition Action pursuant to the terms of a stipulation executed between Movant and HTA; <u>provided</u>, <u>however</u>, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | August 9, 2019 |