UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

**JOINT OPPOSITION TO THE URGENT OMNIBUS MOTION OF CORTLAND CAPITAL MARKET SERVICES LLC, AS ADMINISTRATIVE AGENT, AND SOLUS TO COMPEL DISCOVERY RESPONSES IN CONNECTION WITH PREPA RSA <u>SETTLEMENT MOTION</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

To the Honorable United States Magistrate Judge Judith Gail Dein:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), for itself and in its capacity as representative of the Puerto Rico Electric Power Authority in the Title III case pursuant to Section 315(b) of PROMESA; the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"); and the Puerto Rico Electric Power Authority ("PREPA") (collectively, the "Government Parties") respectfully submit this joint opposition to the *Urgent Omnibus Motion of Cortland Capital Market Services LLC, as Administrative Agent, and Solus to Compel Discovery Responses in Connection with PREPA RSA Settlement Motion* (the "Motion to Compel") [ECF No. 1557[2]], which was served at the direction of Cortland Capital Market Services LLC, SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC (collectively, the "Fuel Line Lenders").

In support of the opposition, the Government Parties respectfully state as follows:

1. Ten days after the deadline imposed by the scheduling order, the Fuel Line Lenders served a document request for "[a]ll [d]ocuments related to" a July 3, 2019 motion that PREPA filed outside of Title III in an ongoing rate proceeding before its regulator, the Puerto Rico Energy Bureau ("PREB") (the "Rate Motion"), and noticed two additional deposition topics seeking testimony regarding (1) documents produced in response to the document request; and (2) the Rate Motion, including the timing of the filing, the relief sought, and communications about the Rate Motion. Mot. Exs. C-F. The Rate Motion seeks conditional advance approval from PREB that would allow PREPA, in the event the Title III Court grants the 9019 Motion, to implement a 1c/kWh charge on customer bills (the "Settlement Charge") and to reduce the base rate by 1c/kWh. *See* Mot. Ex. A. The instant motion to compel responses to this discovery should be denied, both

---

[2] References to the docket, unless otherwise specified, are to Case No. 17-BK-4780-LTS.

because the requested discovery is irrelevant and because the Government Parties have agreed to provide documents in response thereto.

2. Both Judge Swain and this Court have held these issues are beyond the scope of the 9019 Motion. As Judge Swain noted at the July 11, 2019 pretrial conference, the Court is not "being asked to approve RSA provisions that would, for example, implement rate increases, impose the settlement charge or transition charge, or implement demand protections or securitization protections." [July 11 Conf. Tr. 7:13-16.] Judge Swain specifically instructed that:

> Evidence and arguments that go only to . . . whether the matters requiring further action by Puerto Rico's elected government officials and agencies of the Puerto Rico government ought to be approved should not be offered at this juncture.

[July 11 Conf. Tr. 13:21-14:1 (discussing Motions *in Limine*).]

3. In light of this guidance, this Court found materially similar requests propounded by the Unsecured Creditors Committee (the "Committee") to be beyond the scope of the Rule 9019 Motion. The Committee sought the production of documents and deposition testimony concerning implementation of the Settlement Charge and the Transition Charge. Consistent with Judge Swain's statements at the pretrial conference, this Court denied the Committee's motion to compel with respect to these requests, finding:

> To the extent that such information is included in presentations or meeting agendas from the Government Parties, that information is being produced. Moreover, AAFAF has represented that no legislation has been proposed. Any further documents or communications are outside the scope of reasonable discovery for the 9019 Motion hearing.

[Dkt. 1556, ¶ 19.]; *see also* Transcript of Motion Hearing at 126-27, No. 17-4780 (July 30, 2019) ("Judge Swain was pretty clear that she's not going to be assessing the macroeconomics of this or doing the rate. She's not being asked to approve any specific rate. . . . Judge Swain, it's my understanding in the 9019, will not be assessing whether or not the rate charges as set or the

formula for the appropriate rate charges are appropriate.").

4. Notwithstanding the lack of relevance of the discovery sought, the Government Parties have been willing to make reasonable productions in response to these requests.[3] In a July 22, 2019 telephonic meet and confer, the Government Parties agreed, at the request of the Fuel Line Lenders and the Committee,[4] to conduct additional diligence to determine whether any additional non-privileged documents or communications relating to the Rate Motion, including communications with creditors or PREB exist.[5] On August 8, 2019, AAFAF and PREPA informed counsel for the Fuel Line Lenders that they had conferred with the relevant outside and regulatory counsel, consultants, and personnel at PREPA, and agree to produce the non-privileged materials in response thereto.[6] The Oversight Board made a similar representation to counsel for the Fuel Line Lenders and the Committee on August 8, 2019.[7]

5. Given that the issues raised by the Rate Motion are for PREB, not the Title III Court, to adjudicate, and given the Government Parties' willingness to produce non-privileged,

---

[3] Indeed, in their July 19, 2019 responses, the Government Parties directed the Fuel Line Lenders to the public location of the Rate Motion, the PREB docket for the regulatory proceeding in which it was filed, and to an earlier-filed Determination of Total Revenue Requirement and Charge in Base Rates that was related to the Rate Motion. Mot. Ex. G at 10; Ex. H. at 13.

[4] The Committee served materially identical requests and deposition topics, and filed a joinder to the Motion to Compel on August 6, 2019. [Dkt. 1568].

[5] The Fuel Line Lenders' contention that "nearly three weeks after service [of] the relevant discovery requests, the Government Parties still have not provided any further response, thus requiring" the Motion to Compel is untrue. Counsel for AAFAF and PREPA explained more than once that their diligence efforts were delayed because the relevant personnel at PREPA were out of the office on vacation. Ex. 1, Email from Ashley Pavel to Angela K. Herring dated July 24, 2019. In particular, on the day before the Fuel Line Lenders filed the Motion, counsel for the Government Parties called counsel for the Fuel Line Lenders and explained that the PREPA personnel with whom the Government Parties would need to speak to complete their diligence efforts were still out of the office on vacation, but that, in light of this Court's ruling at the July 30, 2019 hearing requiring additional discovery, the Government Parties would be proposing an extension of the schedule on the 9019 Motion, which would obviate the need for the Fuel Line Lenders to file a motion to compel before the Government Parties could complete their diligence efforts to attempt to reach a consensual resolution. See Ex. 2, Email from Angela Herring to Elizabeth L. McKeen dated August 2, 2019 (referencing the August 1, 2019 call).

[6] Ex. 3, Email from Ashley Pavel to Angela Herring dated August 8, 2019.

[7] Ex. 4, Email from Brandon Clark to Angela Herring dated August 8, 2019.

responsive documents, they should not be compelled to engage in the additional burden of preparing a witness to testify on topics that are not before the Title III Court.

**Specific Response of AAFAF and PREPA**

6. The Fuel Line Lenders' motion seeking materially similar documents and deposition testimony concerning a separate proceeding before PREB to implement the Settlement Charge should be denied for the same reason. The Fuel Line Lenders' incorrectly suggest that discovery is warranted on the theory that the Government Parties' supplemental submissions were misleading in their description of the RSA charges. But the Government Parties accurately described the charges under the RSA, including the Settlement Charges, as new, separate charges that would be added to the customer bills. *See* Dkt. 1235 ¶ 9, 68; Dkt. 1425 ¶¶ 32, 103. The Rate Motion makes clear that the Settlement Charge is a new charge being implemented as a result of the RSA and will be a separate line item itemized as such on customer bills.

7. Contrary to the Fuel Line Lenders' implication, the Government Parties did not represent that PREPA's base rate would remain static. Indeed, it is no secret that PREPA has been working to implement operational reforms and infrastructure improvements that would reduce its operating expenses, in order to deliver on its goal to reduce customer costs and provide affordable electric services to the citizens of Puerto Rico. *See* Mot. Ex. B, June 29, 2019 PREPA Fiscal Plan at 5, 12, 14, 23. PREPA projects that these operational initiatives will save $54 million in Fiscal Year 2019. *Id.* at 7. That PREPA has elected to seek permission from its regulator to reduce the rate charged to customers in order to offset the new settlement charge is entirely consistent with PREPA's publicly stated goals of keeping energy affordable for its customer base.

8. PREB may disagree that the base rate may be reduced. PREB may also approve subsequent base rate increases if operating costs increase in the future. Regardless, PREPA's base

rate covers its operating expenses for the current fiscal year and is not calculated to pay for payments on pre-petition claims. As the Government Parties explained in the 9019 Motion and Supplemental Submission, under the RSA PREPA bondholders would be paid through new, fixed charges that are separate from the base rate. PREPA does not intend to seek an increase of that base rate to pay bondholders under the RSA either as those claims are also pre-petition claims. How the pre-petition claims are treated and what sources of payment, if any, are available for those claims is beyond the scope of the 9019 Motion.

**Specific Response of the Oversight Board**

9. The motion to compel is unnecessary and moot. The Oversight Board has explained to counsel for the Fuel Line Lenders that it has very few responsive, non-privileged documents. The earliest is dated July 11, 2019, since the Oversight Board was not involved with formulation of the Rate Motion nor did it know about it until the week of July 8, 2019, approximately one week after the Government Parties filed the supplemental submissions on July 2, 2019, and PREPA filed the Rate Motion on July 3, 2019. In any event, despite the lack of relevancy, as described above, the Oversight Board will simply produce the responsive, non-privileged documents, including a privilege log in order to avoid further ado on this non-essential issue. It is unfortunate and perplexing that the Fuel Line Lenders will not take yes for an answer.

**CONCLUSION**

10. For the foregoing reasons, the Government Parties ask that the Court deny the Fuel Line Lenders' Motion to Compel in its entirety.

Dated: August 9, 2019

**PROSKAUER ROSE, LLP**

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock
Ehud Barak
Margaret A. Dale
Gregg M. Mashberg
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900
mbienenstock@proskauer.com
ebarak@proskauer.com
mdale@proskauer.com
gmashberg@proskauer.com

-and-

Paul V. Possinger
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel: (312) 962-3550
Fax: (312) 962-3551
ppossinger@proskauer.com

-and-

**DEL VALLE EMMANUELLI LAW OFFICES**

Luis F. del Valle Emmanuelli
PO Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932
devlawoffices@gmail.com

*Attorneys for The Financial Oversight and Management Board for Puerto Rico, as representative of The Commonwealth of Puerto Rico and the Puerto Rico Electric Power Authority*

**O'MELVENY & MYERS LLP**

*/s/ Elizabeth L. McKeen*

John J. Rapisardi
Nancy A. Mitchell
(Admitted *Pro Hac Vice*)
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

-and-

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

-and-

Elizabeth L. McKeen
Ashley M. Pavel
(Admitted *Pro Hac Vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

*Attorneys for Puerto Rico Fiscal Agency and Financial Advisory Authority and Puerto Rico Electric Power Authority*

**MARINI PIETRANTONI MUÑIZ LLC**

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com
*/s/ Carolina Velaz-Rivero*
Carolina Velaz-Rivero
USDC No. 300913
Email: cvelaz@mpmlawpr.com
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Co-Attorneys for Puerto Rico Fiscal Agency and Financial Advisory Authority and Puerto Rico Electric Power Authority*