UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
|     as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
|     Debtors.[1] | |

------------------------------------------------------------x

ORDER TERMINATING MOTION FOR RELIEF FROM THE AUTOMATIC STAY FOR FAILURE TO COMPLY WITH THE MEET AND CONFER PROVISION OF THE CASE MANAGEMENT ORDER

Before the Court is the motion of Enrique Vazquez Quintana for relief from the automatic stay. (Docket entry no. 8428.) The motion is not accompanied by a certification, as required by Paragraph III.R of the operative Case Management Order, "that the movant has met and conferred with the Debtors regarding the requested relief." Accordingly, the motion is terminated without prejudice to renewal following the required meet-and-confer process. Paragraph III.R reads in pertinent part as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Subject to Paragraphs III.F and III.T, at least fifteen (15) business days prior to filing a Stay Relief Motion to continue a prepetition ordinary course civil action against a Debtor other than PREPA, the movant shall contact counsel for the Oversight Board (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)) and counsel for AAFAF (Attn: Diana M. Perez (dperez@omm.com) and Andrés W. López (andres@awllaw.com)), and, for all Lift Stay Notices related to PREPA, the movant shall contact counsel for the Oversight Board (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)) and counsel for AAFAF (Attn: Kevin Finger (fingerk@gtlaw.com)) by electronic-mail to advise them of the movant's intent to seek relief from the automatic stay (the "Lift Stay Notice" and the notice period, the "Lift Stay Notice Period"). The Lift Stay Notice Period and the procedures set forth below shall not apply to Stay Relief Motions that are filed by creditors seeking to enforce a financial debt claim.

The Lift Stay Notice shall include (i) the identity of the movant and its contact information, (ii) the claim(s), lawsuit(s), or other proceeding(s) for which movant seeks relief from the automatic stay, including the relevant case number and court information, (iii) the amount of the claim(s) and the asserted causes of action, (iv) a brief description of the status of the underlying claim(s), lawsuit(s), or proceeding(s), and (v) cause as to why the stay should be lifted.

During the Lift Stay Notice Period, the Debtors and the movant shall meet and confer (in person or telephonically) to attempt to resolve, in whole or in part, the movant's request for relief from the automatic stay.

If (i) the Debtors disagree with the movant's request for relief from the automatic stay and/or (ii) the Lift Stay Notice Period expires without the parties reaching an agreement governing the scope of the relief from the automatic stay, then the movant may file a Stay Relief Motion pursuant to the Case Management Procedures. Such Stay Relief Motion must include a certification that the movant has met and conferred with the Debtors regarding the requested relief. If movant did not meet and confer with the Debtors prior to filing a Stay Relief Motion, and cannot show exigent circumstances for failing to meet and confer, the Court shall deny the Stay Relief Motion without prejudice until the movant has met and conferred with the Debtors.

See Tenth Amended Case Management Procedures (docket entry no. 8027, Ex. 1).

This Order resolves docket entry no. 8428.

SO ORDERED.

Dated: August 12, 2019

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge