# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>    Debtors.[1] | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA Title III<br><br>No. 17 BK 4780-LTS<br><br>(This court filing relates only to Case No. 17 BK 4780-LTS) |

**SUPPLEMENTAL REPLY IN FURTHER SUPPORT OF URGENT MOTION IN LIMINE TO EXCLUDE TESTIMONY OFFERED BY UNIÓN DE TRABAJADORES DE LA INDUSTRIA ELÉCTRICA Y RIEGO INC (UTIER), SISTEMA DE RETIRO DE LOS EMPLEADOS DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA (SREAEE), AND WINDMAR RENEWABLE ENERGY, ECF NO. 1301**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Financial Oversight and Management Board for Puerto Rico ("FOMB"), in its capacity as representative of the Puerto Rico Electric Power Authority ("PREPA"), pursuant to Section 315(b) of PROMESA, and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") (collectively, "the Government Parties") hereby submit this supplemental reply in support of their *Urgent Motion in Limine to Exclude Testimony Offered by Unión de Trabajadores de la Industria Eléctrica y Riego Inc (UTIER), Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica (SREAEE), and Windmar Renewable Energy* (ECF No. 1301) (the "Motion in Limine").

## ARGUMENT

1. On May 30, 2019 and July 5, 2019, UTIER and SREAEE (collectively, "the Unions") disclosed that they sought to proffer testimony from José Fernández, José Rivera Rivera, and Ángel Figueroa Jaramillo regarding "the violation of the Trust Agreement of 1974 and the damages that the RSA will inflict on [the Unions and other stakeholders]" as well as the "current economic conditions of the SREAEE in order to demonstrate that the RSA will seriously harm[] the SREAEE, and therefore PREPA." The Unions also offered testimony from putative experts regarding the alleged macroeconomic effects of the RSA on PREPA's operations and Puerto Rico generally. The Government Parties filed a motion to exclude this testimony under both Fed. R. Evid. 401 and 403 on the ground that this testimony has marginal, at best, relevance to the narrow issues before the Court in the 9019 Motion, and that the probative value of this testimony on collateral issues was outweighed by the danger of undue delay and waste of time.

2. At the July 11, 2019 Pretrial Conference (the "Pretrial Conference") this Court granted the Motion in Limine with respect to the Unions' witnesses "except insofar as it is directed to proffers made by the union entities concerning alleged violation of or inconsistency with a 1974 trust agreement." July 11, 2019 Hrg. Tr. 12:12-18. At the Pretrial Conference, the parties

1

discussed the possibility that a stipulation as to the authenticity of the 1974 Trust Agreement would obviate the need for testimony on this issue, and the Court directed the parties to meet and confer in an effort to consensually resolve this aspect of the Motion. *Id.* at 21:25-22:6, 49:10-15, 60:15-18; ECF No. 1457 at 2.

3. In the subsequent weeks, the parties reached an agreement in principle to stipulate to the authenticity of the Trust Agreement. *See* ECF No. 1535 ¶ 4. The Unions, however, appear intent on relitigating issues that the Court already decided with respect to their other proffered testimony. They claim that "it is necessary to submit the testimony proffered to identify the magnitude or intensity of [how the RSA harms the Unions] so that the Court can determine if the RSA unfairly harms [their] position as creditors." *Id.* at 7. But the Court already excluded all testimony from Mr. Fernández, and testimony from Mr. Figueroa and Mr. Rivera except with respect to the narrow issue of an alleged violation of the 1974 Trust Agreement. July 11, 2019 Hrg. Tr. 12:12-18 (stating Motion in Limine is "granted at this time except insofar as it is directed to proffers made by the union entities concerning alleged violation of or inconsistency with a 1974 trust agreement.").[2]

4. While the Unions contend that testimony regarding the impact the RSA will allegedly have on them is relevant to assess the interest of the creditors (Supp. Opp. ¶ 4), this Court has made clear that the impact the RSA may have on non-settling creditors is beyond the scope of the issues before the Court on the 9019 Motion. *See* July 11, 2019 Hr'g Tr. at 12:3-11 (excluding the testimony proffered by Windmar regarding "the potential impact of full implementation of the RSA on…its own future business prospects"); *In re Financial Oversight & Mgmt. Bd*, 360 F. Supp. 3d 65, 68 (D.P.R. 2019) (finding that arguments concerning the Commonwealth's ability to repay

---

[2] *See also id.* at 11:13-24 ("[P]roffers concerning PREPA's operations and the impact of full RSA implementation on these operations and PREPA's ability to address the costs thereof are…ones whose logistical impact on these narrowly focused 9019 proceedings would outweigh substantially any probative value in connection with the decisions the Court must make on this 9019 motion practice.").

2

its creditors were not relevant to Commonwealth-COFINA 9019 motion); *see generally In re Financial Oversight & Mgmt. Bd*, 17-04780-LTS (ECF No. 1543) at 3 (Court ruled at July 11, 2019 conference that ". . . evidence going to macroeconomic projections of the future state of Puerto Rico's economy and the long- term impact of full implementation of the RSA is outside the scope of the 9019 Motion and therefore will not be admitted in connection with the hearing on that motion.") (Granting protective order and motion in limine regarding evidence from Andrew Wolfe, citation omitted).

5. The Unions' contention that the Court should wait until after discovery and depositions are complete before ruling on the motions in limine (Supp. Opp. ¶¶ 5, 7) ignores this Court's rulings that the parties should not be required to incur costs associated with testimony of limited probative value. *See In re Fin. Oversight & Mgmt. Bd. for P.R.*, Case No. 17-03566-LTS (ECF No. 544) at 6-7 (excluding certain statements because, "[a]t bottom, the probative value of evidence of intent is substantially outweighed by these significant transaction costs."); ECF No. 1543 at 5 (excluding the Declaration of Andrew Wolfe in part because "[a] deposition of Dr. Wolfe in connection with the 9019 Motion would also be unduly burdensome given the volume and pace of discovery already in process in connection with that motion."). The Government Parties should not be required to incur the cost of deposing three additional witnesses just to confirm what this Court has already held—that the proffered testimony is outside the scope of relevant discovery here.

## CONCLUSION

The Government Parties remain willing to stipulate to the Authenticity of the Trust Agreement. That commitment obviates the need for any testimony regarding the terms of the 1974 Trust Agreement. Accordingly, for the foregoing reasons, the Government Parties' Motion in Limine (ECF No. 1301) should be granted in full.

3

Dated: August 12, 2019
San Juan, Puerto Rico

Respectfully submitted,

**O'MELVENY & MYERS LLP**

*/s/ Elizabeth L. McKeen*

John J. Rapisardi
Nancy A. Mitchell
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: jrapisardi@omm.com
nmitchell@omm.com

-and-

Peter Friedman
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: pfriedman@omm.com

-and-

Elizabeth L. McKeen
Ashley M. Pavel
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com
apavel@omm.com

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority and Puerto Rico Electric Power Authority*

**PROSKAUER ROSE, LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock
Margaret A. Dale
Gregg M. Mashberg
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900
mbienenstock@proskauer.com
mdale@proskauer.com
gmashberg@proskauer.com

-and-

Paul V. Possinger
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel: (312) 962-3550
Fax: (312) 962-3551
ppossinger@proskauer.com

-and-

**DEL VALLE EMMANUELLI LAW OFFICES**

Luis F. del Valle Emmanuelli
PO Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932
devlawoffices@gmail.com

*Attorneys for The Financial Oversight and Management Board for Puerto Rico, as representative of The Commonwealth of Puerto Rico and the Puerto Rico Electric Power Authority*

4

**MARINI PIETRANTONI MUÑIZ LLC**

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Carolina Velaz-Rivero
USDC No. 300913

250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

*Co-Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory Authority and
Puerto Rico Electric Power Authority*

5