UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ORDER GRANTING IN PART AND ADJOURNING IN PART DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES, (B) APPROVING ADDITIONAL FORMS OF NOTICE, (C) APPROVING PROPOSED MAILING, AND (D) GRANTING RELATED RELIEF**

Upon the *Motion For Entry Of An Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Form of Notice, (C) Approving Proposed Mailing, and (D) Granting Related Relief*, dated June 5, 2019 (the "Motion"),[2] of the Debtors for entry of an order (the "Order") authorizing alternative dispute resolution procedures, approving additional forms of

---

[1]　The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:  8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:  9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]　All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

notice, and approving a proposed mailing, as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the Proposed Mailing, as defined in the Proposed Motion, is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that, based upon the relief requested by the Debtors' Motion, no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Debtors' Motion establish just cause for the relief granted herein with respect to the Proposed Mailing; and, as stated on the record of the hearing held on July 24, 2019 (the "Hearing"), the Court having determined that consideration of the proposed ADR Procedures and forms of notice, as set forth in the Motion, should be adjourned pending the submission of revised proposed procedures and forms of notice; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

    1.    The Motion is GRANTED IN PART, to the extent set forth herein.

    2.    The Debtors' Proposed Mailing, as defined in the Motion, is hereby approved.

    3.    The Debtors are authorized to mail the Proposed Mailing, the form of which is attached hereto as **Exhibit 1**, to any claimant who has not provided sufficient information to enable Debtors to process their claim. If the Debtors mail the Proposed Mailing to a claimant, and the claimant either does not respond or responds but fails to provide sufficient information to permit Debtors to reconcile their claim, the Debtors are authorized to object to the claim as deficient.

    4.    Consideration of the proposed ADR Procedures and forms of notice, as set forth in the Motion, is hereby ADJOURNED, pending the submission of revised proposed procedures and forms of notice consistent with the Court's statements on the record of the Hearing.

5. The Debtors are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

SO ORDERED.

Dated: August 13, 2019

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge