UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

ORDER EXCLUDING TESTIMONY PROFFERED BY
UTIER AND SREAEE IN CONNECTION WITH THE 9019 MOTION PRACTICE

Before the Court is the application of the Financial Oversight and Management

Board for Puerto Rico, in its capacity as representative of PREPA, and the Puerto Rico Fiscal

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Agency and Financial Advisory Authority, seeking to exclude the testimony of Ángel Figueroa Jaramillo, José Rivera Rivera, and José Fernández, which has been proffered by Unión de Trabajadores de la Industria Eléctrica y Riego Inc. (UTIER) and Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica (SREAEE) (together, the "Union Entities") in connection with currently pending motion practice for approval pursuant to Federal Rule of Bankruptcy Procedure 9019 of a Restructuring Support Agreement (the "RSA") with certain PREPA bondholder and insurer interests (Docket Entry Nos. 1235, 1361, 1425, 1426, 1427, 1428, and 1429 in Case No. 17-4780,[2] collectively, the "9019 Motion Practice"). (See *Urgent Motion in Limine to Exclude Testimony Offered by Unión de Trabajadores de la Industria Eléctrica y Riego (UTIER), Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica (SREAEE), and Windmar Renewable Energy* (Docket No. 1301, the "Motion in Limine").)

At a July 11, 2019, pretrial conference, this Court granted the Motion in Limine "except insofar as it [was] directed to proffers made by the [U]nion [E]ntities concerning alleged violation of or inconsistency with a 1974 trust agreement." (Docket Entry No. 1459, Transcript of Hearing Held on July 11, 2019 ("Hr'g. Tr."), 12:12-18.) The Court further directed the parties to meet and confer in an effort to resolve consensually the remainder of the dispute. (See Docket Entry No. 1457 at 2.) By *Supplemental Joint Status Report Regarding Government Parties' Motion in Limine to Exclude Witness Testimony Regarding 1974 Trust Agreement [Dkt. No. 1301]* (Docket Entry No. 1535), filed on July 26, 2019, the parties informed the Court that although "they ha[d] an agreement in principle to stipulate to the authenticity of the [1974]

---

[2] All docket entry references are to entries in Case No. 17-4780, unless otherwise specified.

[t]rust [a]greement," they were "unable to reach an agreement as to whether that stipulation would obviate the need for testimony from . . . Ángel Figueroa Jaramillo, José Rivera Rivera, and expert witness José Fernández." (Id. ¶ 6.) Thereafter, this Court granted the parties leave to file three-page supplemental briefs in further support of their respective positions. (See Order Setting Supplmental Briefing Schedule with Respect to Motion in Limine [Dkt. No. 1301] (Docket Entry No. 1539).)

Having reviewed carefully the submissions of the parties, including the Supplemental Opposition Brief Regarding Government Parties' Motion in Limine to Exclude Witness Testimony Regarding 1974 Trust Agreement [Dkt No. 1301] (Docket Entry No. 1561, the "Supp. Opp.") and the Supplemental Reply in Further Support of Urgent Motion in Limine to Exclude Testimony Offered by Unión de Trabajadores de la Industria Eléctrica y Riego Inc (UTIER), Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica (SREAEE), and Windmar Renewable Energy, ECF No. 1301 (Docket Entry No. 1584), the Court grants the Motion in Limine in its entirety. Although the Union Entities contend that the proffered testimony will aid the Court in evaluating the reasonableness of the RSA and the "harm that such agreement will cause on UTIER members and the retirement system" (Supp. Opp. ¶ 6), this Court has already excluded from the 9019 Motion Practice evidence regarding the macroeconomic, long-term effects of full implementation of the RSA. (See Hr'g. Tr. at 10:5-9 (noting that proffered evidence "relates primarily to macroeconomic and energy policy issues that are of limited potential probative value in the 9019 [M]otion [P]ractice and are peripheral to the specific questions that are currently before the Court"); Memorandum Order Granting Motion for Protective Order and Order in Limine Precluding Evidence in Connection with 9019 Motion (Docket Entry No. 1543) at 5 ("The factual macroeconomic issues attendant to full

implementation and confirmation of a plan based on the agreements embodied in the RSA, while not entirely irrelevant to the question of reasonableness of the measures the Court has been asked to approve, are outside of the evidentiary parameters that the Court has, in the exercise of its discretion, set in connection with the 9019 Motion [Practice].").) The evidentiary proffers of the Union Entities at issue here—namely, testimony concerning the "magnitude or intensity" of the damage they would incur if the RSA were to be approved—likewise pertain to alleged macroeconomic effects that are outside the scope of these narrowly focused proceedings. Any probative value of such evidentiary material in connection with the Court's assessment of the interests of creditors, or otherwise, is substantially outweighed by the delay of proceedings and attendant costs associated with its admission, particularly given that neither UTIER nor SREAEE has a "direct connection to the specific transactions encompassed in the 9019 [M]otion[] [P]ractice . . . ." (Hr'g Tr. at 10:22-23.) Moreover, the parties' apparent willingness to stipulate to the authenticity of the 1974 trust agreement largely obviates any need for testimony concerning the Union Entities' priority rights or other related evidentiary proffers. Accordingly, for the reasons stated herein, as well as those articulated by this Court at the July 11, 2019, pretrial conference, the testimony of Ángel Figueroa Jaramillo, José Rivera Rivera, and José Fernández is excluded from the 9019 Motion Practice.

     SO ORDERED.

Dated: August 13, 2019

                                            /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          United States District Judge