**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF No. 7643**

(Jointly Administered)

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA")

    Debtor.

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3567-LTS

**This Motion relates only to HTA and shall be filed in the lead Case No. 17 BK 3283-LTS and Case No. 17 BK 3567-LTS.**

**JOINT STIPULATION AND AGREED ORDER OF THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY, FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AND THE DRA PARTIES REGARDING MEDIATION OF THE DRA PARTIES' LIFT STAY MOTION**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on its own behalf and as the sole entity authorized under Puerto Rico law to act on behalf of all of Puerto Rico's governmental entities, including the Puerto Rico Highways and Transportation Authority ("HTA") and the Government Development Bank for Puerto Rico ("GDB"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), in its capacity as representative of the Commonwealth of Puerto Rico (the "Commonwealth") and HTA pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties" and together with AAFAF and the Oversight Board, the "Parties"), respectfully submit this joint stipulation (the "Stipulation") to notify the Court that the Parties have agreed to submit to mediation the dispute concerning *The DRA Parties' Motion and Memorandum of Law in Support of Their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* [ECF No. 7643] (the "Stay Motion") and request entry of an order, substantially in the form of **Exhibit A** (the "Proposed Stipulated Order"), subjecting the Stay Motion to the 120-day stay set forth in the Mediation Order (as defined below) and deeming the Stay Motion added to Appendix I of the Mediation Order. In furtherance of this Stipulation, the Parties respectfully state and pray as follows:

1. On June 25, 2019, the DRA Parties filed the Stay Motion, which seeks relief from the automatic stay to allow the DRA to exercise certain remedies to ensure its collateral is

1

appropriately safeguarded. *See* Mot. at 2. Alternatively, the DRA Parties request the Court order HTA to provide adequate protection, in the form of current interest. *See* Mot. at 3.[2]

2. On June 25, 2019, the DRA Parties filed the *Notice of Hearing on the DRA Parties' Motion and Memorandum of Law in Support of Their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* [ECF No. 7646], requesting that the Stay Motion be heard at the July omnibus hearing on July 24, 2019. Also on June 25, 2019, the DRA Parties filed *The DRA Parties' Motion for Leave to Request Additional relief Pursuant to Local Bankruptcy Rule 4001-1(a)* [ECF No. 7647].

3. On June 26, 2019, the Court entered the *Order (i) Denying the DRA Parties' Motion For Leave To Request Additional Relief Pursuant To Local Bankruptcy Rule 4001-1(A) (Docket Entry No. 7647) and (ii) Setting Briefing Schedule With Respect to the DRA Parties' Motion for Relief from the Automatic Stay* [ECF No. 7689], which set July 9, 2019 as the deadline to object to the Stay Motion.

4. On July 3, 2019, the Parties filed the *Joint Stipulation Regarding The DRA Parties' Motion And Memorandum Of Law In Support Of Their Motion For Relief From The Automatic Stay, Or In The Alternative, Ordering Payment Of Adequate Protection* [ECF No. 7822], requesting the Court set a briefing schedule to bifurcate briefing on the Stay Motion to first determine the DRA Parties' standing to bring the Stay Motion.

5. On July 3, 2019, the Court entered an *Order Approving Joint Stipulation Regarding The DRA Parties' Motion And Memorandum Of Law In Support Of Their Motion For Relief From The Automatic Stay, Or In The Alternative, Ordering Payment Of Adequate Protection* [ECF No.

---

[2] The DRA Parties also requested that, if stay relief or adequate protection are not warranted, the Court should grant the DRA an administrative expense claim in the Commonwealth and HTA Title III cases, *see* Mot. at 3. This Court denied such request without prejudice under Local Bankruptcy Rule 4001-1(a). *See* ECF No. 7689 at 2.

2

7832], bifurcating the schedule regarding the Stay Motion to first consider the DRA Parties' standing to bring the Stay Motion and setting the matter for hearing at the September 11, 2019 omnibus hearing (the "Standing Issue").

6. On July 24, 2019, the Court entered the *Order Regarding Stay Period and Mandatory Mediation* [ECF No. 8244] (the "Mediation Order"), staying various adversary proceedings and contested matters listed on Appendix I to the Mediation Order and ordering various parties involved in the Title III cases to participate in mandatory mediation.

7. The Parties have met and conferred and decided that subjecting the Stay Motion to mediation will result in the most efficient use of resources for the Parties and the Court. The Parties are in communication with Mediation Team Leader Judge Houser, who has agreed to oversee mediation of the Stay Motion.

8. The Parties have agreed that the automatic stay pursuant to Bankruptcy Code section 362 shall remain in effect until the entry of a final order with respect to the merits of the Stay Motion.

9. Pursuant to paragraph A.2 of the Mediation Order, the Parties agree that the Stay Motion shall be stayed until November 30, 2019 (the "Mediation Stay") to facilitate the work of the Parties and parties in interest with the Mediation Team Leader. During the Mediation Stay, the Parties agree to work with the Mediation Team Leader to facilitate the filing of an agreed or substantially agreed scheduling order with respect to the Stay Motion consistent with paragraph A.3 of the Mediation Order. The Parties further agree that if they are unable to reach a consensual scheduling order, they will proceed before this Court and the Mediation Team Leader as detailed in paragraphs A.4–A.7 of the Mediation Order in an effort to present a potential schedule for the Stay Motion.

10. The Parties respectfully request entry of the Proposed Stipulated Order taking notice of the agreement detailed herein and subjecting the Stay Motion to the 120-day stay and mandatory mediation under the Mediation Order.

11. The Parties remain available if the Court has any questions regarding the issues discussed herein.

*[Remainder of Page Intentionally Left Blank]*

Dated: August 15, 2019
San Juan, Puerto Rico

Respectfully submitted,

| **O'MELVENY & MYERS LLP** | **MARINI PIETRANTONI MUÑIZ LLC** |
|---|---|
| */s/ Peter Friedman* | */s/ Luis C. Marini-Biaggi* |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| Suzzanne S. Uhland | USDC No. 222301 |
| 7 Times Square | Carolina Velaz-Rivero |
| New York, NY 10036 | USDC No. 300913 |
| Telephone: (212) 326-2000 | 250 Ponce de León Ave., Suite 900 |
| Facsimile: (212) 326-2061 | San Juan, Puerto Rico 00918 |
| Email: jrapisardi@omm.com | Tel: (787) 705-2171 |
| suhland@omm.com | Fax: (787) 936-7494 |

-and-

Peter Friedman
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: pfriedman@omm.com

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

5

Dated: August 15, 2019
      San Juan, Puerto Rico

Respectfully submitted,

| | |
|---|---|
| */s/ Martin J. Bienenstock* | */s/ Hermann D. Bauer* |
| Martin J. Bienenstock (*pro hac vice*) | Hermann D. Bauer |
| Brian S. Rosen (*pro hac vice*) | USDC No. 215205 |
| **PROSKAUER ROSE LLP** | **O'NEILL & BORGES LLC** |
| Eleven Times Square | 250 Muñoz Rivera Ave., Suite 800 |
| New York, NY 10036 | San Juan, PR 00918-1813 |
| Tel: (212) 969-3000 | Tel: (787) 764-8181 |
| Fax: (212) 969-2900 | Fax: (787) 753-8944 |
| | Email: hermann.bauer@oneillborges.com |
| *Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth and HTA* | *Attorney for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth and HTA* |

Dated: August 15, 2019
San Juan, Puerto Rico

Respectfully submitted,

**C. CONDE & ASSOC. LAW OFFICES**

By: */s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
(USDC No. 207312)
254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel. 787-729-2900
Fax. 787-729-2203
E-Mail: condecarmen@condelaw.com

*-and-*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted pro hac vice)
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
E-mail: dmintz@orrick.com

By: */s/ Peter Amend*
Peter Amend (admitted pro hac vice)
51 West 52nd Street
New York, N.Y. 10019
Telephone: (212) 506-5000
E-mail: pamend@orrick.com

*Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority*

*-and-*

**MCCONNELL VALDÉS LLC**
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5632
Facsimile: 787-759-9225

By: */s/ Arturo J. García-Solá*
Arturo J. García-Solá
USDC No. 201903
Email: ajg@mcvpr.com

By: */s/ Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com

*Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority*

7

## **Exhibit A**

**Proposed Stipulated Order**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA")

    Debtor.

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF No. 7643**

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3567-LTS

**This Motion relates only to HTA and shall be filed in the lead Case No. 17 BK 3283-LTS and Case No. 17 BK 3567-LTS.**

**STIPULATED ORDER SUBJECTING THE DRA PARTIES'
LIFT STAY MOTION TO MEDIATION AND 120-DAY STAY**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon consideration of the *Joint Stipulation and Agreed Order Motion of the Puerto Rico Fiscal Agency and Financial Advisory Authority, Financial Oversight and Management Board for Puerto Rico, and the DRA Parties Regarding Mediation of the DRA Parties' Lift Stay Motion* (the "Stipulation"),[2] filed on August 15, 2019, by the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on its own behalf and as the sole entity authorized under Puerto Rico law to act on behalf of all of Puerto Rico's governmental entities, including the Puerto Rico Highways and Transportation Authority ("HTA") and the Government Development Bank for Puerto Rico ("GDB"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), in its capacity as representative of the Commonwealth of Puerto Rico and HTA pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties" and together with AAFAF and the Oversight Board, the "Parties"), and the Court having found and determined that (i) the Court has jurisdiction over this proceeding and the Stipulation pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); (ii) venue of this proceeding and the Stipulation is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); and (iii) the Court having found good cause to grant the relief requested therein, it is

**HEREBY ORDERED THAT:**

1. The Stipulation is **GRANTED** as set forth herein.

2. The Stay Motion is hereby ordered to mediation and stayed through November 30, 2019 in accordance with the procedures set forth in the Mediation Order.

---

[2] Capitalized terms not defined herein have the same meaning as in the Stipulation.

      3.      The Stay Motion is deemed added to Appendix I of the Mediation Order.

      4.      During the Mediation Stay, the Parties shall work with the Mediation Team Leader to facilitate the filing of an agreed or substantially agreed scheduling order with respect to the Stay Motion consistent with paragraph A.3 of the Mediation Order.

      5.      If the Parties are unable to reach agreement on a consensual scheduling order, they will proceed before this Court and the Mediation Team Leader as detailed in paragraphs A.4–A.7 of the Mediation Order in an effort to present a potential schedule for the Stay Motion.

      6.      The automatic stay pursuant to Bankruptcy Code section 362 shall remain in effect until the entry of a final order with respect to the merits of the Stay Motion. Nothing in this Order shall impair or otherwise prejudice the rights of either Party with respect to the Stay Motion.

      7.      The Parties are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

SO ORDERED.

Dated _____, 2019  
San Juan, Puerto Rico

_____  
HONORABLE LAURA TAYLOR SWAIN  
UNITED STATES DISTRICT JUDGE