UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | |
| | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Title III |
| | No. 17 BK 3283-LTS |
| as representative of | |
| | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3567-LTS |
| as representative of | |
| PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA") | |
| Debtor. | |

-------------------------------------------------------------x

STIPULATED ORDER SUBJECTING THE DRA PARTIES'
LIFT STAY MOTION TO MEDIATION AND 120-DAY STAY

Upon consideration of the *Joint Stipulation and Agreed Order of the Puerto Rico Fiscal Agency and Financial Advisory Authority, Financial Oversight and Management Board for Puerto*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Rico, and the DRA Parties Regarding Mediation of the DRA Parties' Lift Stay Motion* (the "Stipulation"),[2] filed on August 15, 2019, by the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on its own behalf and as the sole entity authorized under Puerto Rico law to act on behalf of all of Puerto Rico's governmental entities, including the Puerto Rico Highways and Transportation Authority ("HTA") and the Government Development Bank for Puerto Rico ("GDB"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), in its capacity as representative of the Commonwealth of Puerto Rico and HTA pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties" and together with AAFAF and the Oversight Board, the "Parties"), and the Court having found and determined that (i) the Court has jurisdiction over this proceeding and the Stipulation pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); (ii) venue of this proceeding and the Stipulation is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); and (iii) the Court having found good cause to grant the relief requested therein, it is

**HEREBY ORDERED THAT:**

1. The Stipulation is **GRANTED** as set forth herein.

2. The Stay Motion is hereby ordered to mediation and stayed through November 30, 2019, in accordance with the procedures set forth in the Mediation Order.

3. The Stay Motion is deemed added to Appendix I of the Mediation Order.

---

[2] Capitalized terms not defined herein have the same meaning as in the Stipulation.

4. During the Mediation Stay, the Parties shall work with the Mediation Team Leader to facilitate the filing of an agreed or substantially agreed scheduling order with respect to the Stay Motion consistent with paragraph A.3 of the Mediation Order.

5. If the Parties are unable to reach agreement on a consensual scheduling order, they will proceed before this Court and the Mediation Team Leader as detailed in paragraphs A.4–A.7 of the Mediation Order in an effort to present a potential schedule for the Stay Motion.

6. The automatic stay pursuant to Bankruptcy Code section 362 shall remain in effect until the entry of a final order with respect to the merits of the Stay Motion. Nothing in this Order shall impair or otherwise prejudice the rights of either Party with respect to the Stay Motion.

7. The Parties are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

8. This Order resolves Docket Entry No. 8479 in Case No. 17-3283 and Docket Entry No. 631 in Case No. 17-3567.

SO ORDERED.

Dated: August 16, 2019

  /s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN  
United States District Judge