## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### RESPONSES AND OBJECTIONS OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO SALES TAX FINANCING CORPORATION, TO INDIVIDUAL BONDHOLDER'S (CLAIM NO. 10701) INTERROGATORIES AND REQUESTS FOR PRODUCTION

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, made applicable to this contested matter by Section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170) and Federal Rules of Bankruptcy Procedure 7026, 7033, 7044 and 9014, the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, or the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), as the representative for COFINA pursuant to Section 315(b) of PROMESA, hereby responds and objects to the *Interrogatories and Requests for Production of Individual COFINA Bondholder (Claim No. 10701) to FOMB and COFINA* (the "Interrogatories," and each individual interrogatory an "Interrogatory," and the "Requests," and each individual request a "Request") served by Peter C. Hein ("Hein"), and dated June 19, 2019, as follows:

## GENERAL OBJECTIONS

1.      COFINA objects to the Interrogatories, and to each and every Interrogatory, and to the Requests, and to each and every Request, as irrelevant, overbroad, and unduly burdensome in light of the fact that the Court lacks jurisdiction to consider the issues raised by the Requests and Interrogatories because those same issues are currently pending before the First Circuit Court of Appeals. *See, e.g., Pinto Lugo v. Fin. Oversight & Mgmt. Bd. for P.R.*, Case No. 19-1182 (1st Cir.).

2.      COFINA objects to the Interrogatories, and to each and every Interrogatory, and to the Requests, and to each and every Request, as irrelevant, overbroad, and unduly burdensome to the extent they seek information neither necessary nor proportionate to the narrow question whether the remainder of Proof of Claim No. 10701 (the "Claim"), filed by Hein on May 4, 2018,

2

should be disallowed. Hein's effort to engage in voluminous discovery is clearly outside of the scope of the narrow issues to be decided by the Court in connection with COFINA's objection to Hein's claim.

3.     COFINA objects to the Requests and Interrogatories, and to each and every Request and Interrogatory, to the extent (i) they exceed the legitimate scope of discovery in connection with Rule 7033 and Rule 7034, and (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, and the parties' resources.

4.     The response to any Request or Interrogatory does not constitute an admission by COFINA that the information requested by the Request or Interrogatory or the information contained in COFINA's response is relevant or material to the issues before the Court or is admissible.

5.     COFINA objects to the Definitions, the Instructions, the Requests, and the Interrogatories, and to each and every Request and Interrogatory, to the extent they purport to impose burdens on COFINA inconsistent with, or not otherwise authorized by, or seek to impose obligations exceeding those imposed by the Governing Rules. In responding to these Requests and Interrogatories, and unless otherwise noted, COFINA will construe (a) all words in accordance with their ordinary English meaning, as informed by the Governing Rules, and (b) respond to the Requests and Interrogatories in a manner consistent with its obligations under the Governing Rules, and not otherwise.

6.     COFINA objects to the Requests and Interrogatories, and to each and every Request and Interrogatory, to the extent the information sought is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process

privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. COFINA intends to and does assert any and all such privileges with respect to all such information. Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.

7.      COFINA objects to the Interrogatories, and to each and every Request and Interrogatory, as unduly burdensome to the extent they request COFINA respond to topics beyond its knowledge. COFINA likewise objects to the Requests, and to each and every Request, to the extent they request documents outside COFINA's possession, custody or control. COFINA further objects to the Requests and Interrogatories, and to each and every Request and Interrogatory, to the extent they call for information that is publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including information known to Hein.

8.      COFINA objects to the Requests and Interrogatories, and to each and every Request and Interrogatory, to the extent they seek information that is confidential or proprietary in nature, or otherwise constitutes protected commercial, strategic, financial or competitively sensitive or trade secret information, including, but not limited to, information or models created by COFINA's current or former financial advisors. COFINA will provide responses to Requests and Interrogatories seeking such information only pursuant to an appropriate Protective Order.

9.      COFINA objects to the Requests and Interrogatories, and to each and every Request and Interrogatory, to the extent they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions. By providing these Objections and Responses, COFINA does not admit any factual or legal premise in the Requests and

4

Interrogatories.

10.     COFINA objects to the Requests and Interrogatories, and to each and every Request
and Interrogatory, as overbroad and unduly burdensome to the extent they purport to require
COFINA to provide "all" or "any" information concerning a topic, so as to make it impossible to
identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address
by Request and Interrogatory response.

11.     The above General Objections are incorporated into each of the following specific
Objections and Responses.

**SPECIFIC RESPONSES AND OBJECTIONS TO
REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:**

Produce the determination the IRS provided to COFINA on or about May 15,
2019. (This determination is referred to in an "Event Notice" disseminated by or on behalf
of COFINA on or about May 15, 2019 (¶ 3 of that Event Notice).)

**RESPONSE TO REQUEST NO. 1:**

COFINA objects to this Request in light of the fact that this Court lacks jurisdiction to
consider the issues raised by the Request.  COFINA further objects to this Request as irrelevant,
unnecessary, and beyond the scope of discovery necessary in connection with the Court's
consideration of COFINA's objection to the Claim.  COFINA further objects to this Request on
the grounds that it seeks documents protected by the attorney-client privilege, the attorney work
product doctrine, the common interest privilege, the deliberative process privilege, or any other
applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, COFINA will not produce documents responsive to this Request.

## REQUEST NO. 2:

Produce the closing agreement COFINA and the IRS entered into on or about May 15, 2019. (This closing agreement is referred to in the COFINA June 10, 2019 Exchange Offer (page 1), the June 10, 2019 COFINA Information Statement (page 1 and 60), and the COFINA June 10, 2019 Q&A page 5 (response to Q 11).)

## RESPONSE TO REQUEST NO. 2:

COFINA objects to this Request in light of the fact that this Court lacks jurisdiction to consider the issues raised by the Request.  COFINA further objects to this Request as irrelevant, unnecessary, and beyond the scope of discovery necessary in connection with the Court's consideration of COFINA's objection to the Claim.  COFINA further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, COFINA will not produce documents responsive to this Request.

## REQUEST NO. 3:

Produce the private letter ruling or closing agreement request filed by COFINA with the IRS on or about December 14, 2018. (This is referred to in the COFINA June 10, 2019 Q&A, page 5 (response to Q 11) and the "tax exemption implementation agreement" dated February 12, 2019 that COFINA entered into (Clause "E").)

## RESPONSE TO REQUEST NO. 3:

6

COFINA objects to this Request in light of the fact that this Court lacks jurisdiction to consider the issues raised by the Request. COFINA further objects to this Request as irrelevant, unnecessary, and beyond the scope of discovery necessary in connection with the Court's consideration of COFINA's objection to the Claim. COFINA further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, COFINA will not produce documents responsive to this Request.

## REQUEST NO. 4:

Produce any documents that any person submitted to the IRS, or any other government office or agency, in support of the request referenced in Request 3 above.

## RESPONSE TO REQUEST NO. 4:

COFINA objects to this Request in light of the fact that this Court lacks jurisdiction to consider the issues raised by the Request. COFINA further objects to this Request as irrelevant, unnecessary, and beyond the scope of discovery necessary in connection with the Court's consideration of COFINA's objection to the Claim. Moreover, COFINA objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In addition, COFINA objects to this Request to the extent it seeks documents that are outside its possession, custody or control. Further, COFINA objects to this Request as overly broad, unduly burdensome,

7

and not proportional to the needs of the case because it seeks "any" documents submitted by "any" person or government agency or official.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, COFINA will not produce documents responsive to this Request.

## REQUEST NO. 5:

Produce any documents that reflect or refer to the transmittal of any drafts, preliminary or final versions of one or more of the documents requested in Request 1, 2, or 3, above, to any person who is or was a bondholder or attorney or other representative of a bondholder.

## RESPONSE TO REQUEST NO. 5:

COFINA objects to this Request in light of the fact that this Court lacks jurisdiction to consider the issues raised by the Request. COFINA further objects to this Request as irrelevant, unnecessary, and beyond the scope of discovery necessary in connection with the Court's consideration of COFINA's objection to the Claim. Moreover, COFINA objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In addition, the Cofina objects to this Request to the extent it seeks documents that are outside its possession, custody or control. Further, COFINA objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "any" documents that "reflect or refer to" "any" drafts.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, COFINA will not produce documents responsive to this Request.

8

## REQUEST NO. 6:

Produce any documents that reflect or refer to the transmittal of any drafts, preliminary or final versions of one or more of the documents requested in Request 1, 2 or 3 above, to any person who is **not** an employee, officer, attorney for, or agent of, FOMB, COFINA, the Commonwealth or the IRS.

## RESPONSE TO REQUEST NO. 6:

COFINA objects to this Request in light of the fact that this Court lacks jurisdiction to consider the issues raised by the Request. COFINA further objects to this Request as irrelevant, unnecessary, and beyond the scope of discovery necessary in connection with the Court's consideration of COFINA's objection to the Claim. Moreover, COFINA objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In addition, COFINA objects to this Request to the extent it seeks documents that are outside its possession, custody or control. Further, COFINA objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "any" documents that "reflect or refer to" "any" drafts.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, COFINA will not produce documents responsive to this Request.

### SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

## INTERROGATORY NO. 1:

State whether any bondholder or attorney or other representative of a bondholder has been provided one or more copies, in any form, of the:
      (a)   determination referred to in Request 1,

9

(b)  closing agreement referred to in Request 2,

(c)  the private letter ruling or closing agreement request referred to in Request 3 above, or

(d)  drafts, preliminary versions of, portions of, or extracts from, any of the foregoing.

If the answer to (a), (b), (c) or (d) is "yes", identify each such person, describe the date and circumstances under which each such document or portion thereof was provided to such person, and produce all documents reflecting the Communications related thereto.

## RESPONSE TO INTERROGATORY NO. 1:

COFINA objects to this Interrogatory in light of the fact that this Court lacks jurisdiction to consider the issues it raises.  COFINA further objects to this Interrogatory because it seeks information that is irrelevant, unnecessary, and beyond the scope of discovery necessary in connection with the Court's consideration of COFINA's objection to the Claim.  In addition, COFINA objects to this Interrogatory to the extent it seeks information that is outside its possession, custody or control.  Further, COFINA objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the matter because it seeks information as to "any" bondholder or attorney or other representative of a bondholder.

In light of the foregoing General Objections, each of which is specifically incorporated into this Interrogatory, and the specific objections above, COFINA will not respond to this Interrogatory.

## INTERROGATORY NO. 2:

State whether any person who is **not** an employee, officer, attorney for, or agent of, FOMB, COFINA, the Commonwealth or the IRS has been provided one or more copies, in any form, of the:

(a)  determination referred to in Request 1,

(b)  closing agreement referred to in Request 2,

10

(c)  the private letter ruling or closing agreement request referred to in
Request 3 above, or

(d)  drafts, preliminary versions of, portions of, or extracts from, any
of the foregoing

If the answer to (a), (b), (c) or (d) is "Yes", identify each such person, describe the date and
circumstances under which each such document or portion thereof was provided to such
person, and produce all documents reflecting the Communications related thereto.

## RESPONSE TO INTERROGATORY NO. 2:

COFINA objects to this Interrogatory in light of the fact that this Court lacks jurisdiction

to consider the issues it raises.  COFINA further objects to this Interrogatory because it seeks

information that is irrelevant, unnecessary, and beyond the scope of discovery necessary in

connection with the Court's consideration of COFINA's objection to the Claim.  In addition,

COFINA objects to this Interrogatory to the extent it seeks information that is outside its

possession, custody or control.  Further, COFINA objects to this Interrogatory as overly broad,

unduly burdensome, and not proportional to the needs of the matter because it seeks information

as to "any person."

In light of the foregoing General Objections, each of which is specifically incorporated into

this Interrogatory, and the specific objections above, COFINA will not respond to this

Interrogatory.

## INTERROGATORY NO. 3:

Is there any agreement with any party, or other restraint imposed by any party, that
prohibits You from producing a copy of any of the documents referred to in Requests for
Production No. 1, 2, 3 or 4 above.

If your answer is "Yes," (a) produce a copy thereof (if written) or describe it (if oral), (b)
specify who requested such agreement or other restraint and under what circumstances such
agreement or restraint was requested, (c) state whether You requested or suggested such
agreement or restraint, and (d) describe and produce all Communications related thereto.

**RESPONSE TO INTERROGATORY NO. 3:**

COFINA objects to this Interrogatory in light of the fact that this Court lacks jurisdiction to consider the issues it raises. COFINA further objects to this Interrogatory because it seeks information that is irrelevant, unnecessary, and beyond the scope of discovery necessary in connection with the Court's consideration of COFINA's objection to the Claim. Further, COFINA objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information as to "any party," and requests the production of "all Communications" related to a topic.

Subject to and without waiving the foregoing General and Specific Objections, COFINA responds that there is no non-disclosure agreement between COFINA and the IRS.

**INTERROGATORY NO. 4:**

Identify by date and participants, and describe, each Communication that took place prior to February 12, 2019, with any bondholder or attorney or other representative of a bondholder concerning (i) the "tax exemption implementation agreement" dated February 12, 2019, or (ii) the request referred to in Request for Production No. 3 above, and produce the documents reflecting each such Communication.

**RESPONSE TO INTERROGATORY NO. 4:**

COFINA objects to this Interrogatory in light of the fact that this Court lacks jurisdiction to consider the issues it raises. COFINA further objects to this Interrogatory because it seeks information that is irrelevant, unnecessary, and beyond the scope of discovery necessary in connection with the Court's consideration of COFINA's objection to the Claim. Further, COFINA objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the matter because it seeks information as to "any" bondholder or attorney or other representative of a bondholder, without any limitation.

In light of the foregoing General Objections, each of which is specifically incorporated into this Interrogatory, and the specific objections above, COFINA will not respond to this Interrogatory.

**INTERROGATORY NO. 5:**

State the name of the person(s) answering these Interrogatories and their telephone number, email address, and physical address.

**RESPONSE TO INTERROGATORY NO. 5:**

Kyle Rifkind
Restructuring Officer
Deputy General Counsel
The Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, PR 00919-2018

13

Dated:  July 19, 2019
San Juan, Puerto Rico

Respectfully submitted,


/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944
Email:  hermann.bauer@oneillborges.com

*Attorneys for the Financial Oversight and
Management Board as representative for
COFINA*


/s/Martin J. Bienenstock
Martin J. Bienenstock *(pro hac vice)*
Brian S. Rosen *(pro hac vice)*
Jeffrey W. Levitan *(pro hac vice)*

**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Co-Attorneys for the Financial Oversight and
Management Board as representative for
COFINA*

14

### VERIFICATION

I am the Restructuring Officer and Deputy General Counsel of the Financial Oversight and

Management Board for Puerto Rico.  I have read the foregoing Responses and Objections of the

Financial Oversight and Management Board for Puerto Rico, as Representative for the Puerto Rico

Sales Tax Financing Corporation, to Individual Bondholder's (Claim No. 10701) Interrogatories

and Requests for Production and know the contents thereof, and the same are true to the best of

my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on July 19, 2019.

Kyle Rifkind