# **EXHIBIT 1**

```
1                          UNITED STATES BANKRUPTCY COURT
                                DISTRICT OF DELAWARE
2

                                            .      Chapter 11
3    IN RE:                                  .
                                            .      Case No. 14-10614 (BLS)
4    THE DOLAN COMPANY, et al,              .
                                            .      Courtroom No. 1
5                                            .      824 Market Street
                            Debtors.        .      Wilmington, Delaware 19801
6                                            .
     . . . . . . . . . . . . . . . . .      Friday, May 2, 2014
7

                      TRANSCRIPT OF TELEPHONIC CONFERENCE
8              BEFORE THE HONORABLE BRENDAN L. SHANNON
                      UNITED STATES BANKRUPTCY JUDGE
9

     APPEARANCES VIA TELEPHONE:
10

     For the Debtors:              Laura Davis Jones, Esq.
11                                 Michael R. Seidl, Esq.
                                   Timothy P. Cairns, Esq.
12                                 PACHULSKI, STANG, ZIEHL
                                    & JONES, LLP
13
                                   Marc Kieselstein, Esq.
14                                 Judson Brown, Esq.
                                   Jeffrey D. Pawlitz, Esq.
15                                 Joseph Graham, Esq.
                                   KIRKLAND & ELLIS, LLP
16
     For the U.S. Trustee:         David Buchbinder, Esq.
17                                 OFFICE OF THE U.S. TRUSTEE

18

19   (Appearances Continued)

20   Audio Operator:              Electronically Recorded
                                  by Nickita Barksdale, ECRO
21
     Transcription Company:       Reliable
22                                1007 N. Orange Street
                                  Wilmington, Delaware 19801
23                                (302)654-8080
                                  Email: gmatthews@reliable-co.com
24
     Proceedings recorded by electronic sound recording, transcript
25   produced by transcription service.
```

Case 14-10014-BLS Doc 284 Filed 05/12/14 Page 2 of 39

```
 1   APPEARANCES: (Continued)

 2   For Bayside Finance:       David B. Stratton, Esq.
                                PEPPER HAMILTON, LLP
 3
                                Michael S. Stamer, Esq.
 4                              Sean E. O'Donnell
                                Sarah Link Schultz, Esq.
 5                              AKIN, GUMP, STRAUSS, HAUER
                                 & FELD, LLP
 6
     For the Official
 7   Equity Committee:          Neil Glassman, Esq.
                                BAYARD, PA
 8
                                Andrew Dash, Esq.
 9                              Steven B. Levine, Esq.
                                BROWN RUDNICK, LLP
10
     For James E. Albertelli,
11   PA, d/b/a Albertelli Law:  Brett D. Fallon, Esq.
                                MORRIS JAMES, LLP
12
                                Stephanie E. Ambs, Esq.
13                              SMITH, HALSEY & BUSEY

14   For US Bank:               James Langton, Esq.
                                DORSEY & WHITNEY, LLP
15

16

17

18

19

20

21

22

23

24

25
```

9

1  on their own basis.

2      Your Honor, we received, essentially, a blanket

3  refusal from Bayside to provide these documents.  I know that

4  counsel mentioned today a concern regarding disclosing

5  proprietary information.  If he -- I don't believe he raised

6  that earlier with me.

7      But I should point out that the parties are very close

8  to finalizing a confidentiality agreement that will be

9  presented to the Court for so ordering that will protect those

10 documents, to the extent that there really are proprietary

11 materials there.

12     These are central issues to this case.  You know, the

13 valuation of the company and the good faith of the plan

14 proposal will be key at the hearing.  We think that Bayside

15 really shouldn't be allowed to hide the ball here.  They may

16 well have in their files valuation materials that can

17 contradict what has been presented to the Court, or otherwise

18 provide information that will be useful in analyzing and

19 critiquing that valuation.

20     THE COURT:  Let me ask you a question, Mr. Dash.  I

21 understand -- I don't know that I've dealt with this question

22 in precisely this context, but I've certainly seen it a number

23 of times in a sale context, where parties want to get a buyer's

24 information, and particularly, perhaps more importantly, a

25 buyer's allocation of the value that it's proposing to certain

10

1  different assets, for reasons that we don't need to go into,

2  but sometimes there's a reason.

3      And the approach that at least I've taken, and I

4  believe courts have typically taken, is that, in that

5  situation, the buyer's assessment or determination of value is

6  not an appropriate area of inquiry, particularly given that the

7  burden that's before the Court -- and in this case, the burden

8  would be a plan confirmation burden, that would obviously

9  embrace valuation, but that the burden rests with the debtor,

10 not with Bayside.

11     I understand the point that, obviously, Bayside is not

12 sitting in this as a third-party, disconnected bidder that's

13 simply come to an auction table and put cash on it.  But given

14 that the burden rests with the debtor, is Bayside's

15 information, frankly -- its analysis, I can understand why you

16 may want it.  But it is really, in fact, appropriate to the

17 inquiry that we have?

18     MR. DASH:  We believe it is, Your Honor, both as

19 evidence relating to the confirmation hearing, and in

20 connection with the claim objection that was filed yesterday.

21     You know, Bayside is clearly the driving force behind

22 the RSA.  Bayside clearly positioned itself to demand that this

23 plan be proposed and the schedule on which it is to be heard by

24 the Court came out of it.

25     You know, Your Honor, the -- as set forth in some

Case 14-10614-BLS Doc 284 Filed 05/12/14 Page 19 of 35

19

1 documents on that, I'm going to confer against with Mr. Dash.

2 But on the other stuff, I think it's just simply

3 unfair and unnecessary to impose that type of expense and

4 burden on the estate and on our client in responding to what

5 are very, very broad discovery requests.

6 THE COURT: Okay. I understand.

7 All right. Here's what we're going to do. As I

8 understand it, I -- as I said, I have not seen the claim

9 objection, so, of course, I'm not going to be dealing with that

10 issue.

11 With respect to the documents, I would note the

12 following:

13 First, I think, as a general proposition, the

14 principle that Bayside's analysis or evaluation of the -- or

15 valuation, prepetition or otherwise, of the debtor, I don't

16 believe is an appropriate area of inquiry. I'm -- so I will

17 tell you that that is my strong instinct right now.

18 And again, I appreciate getting on the phone with

19 parties. I have not had an opportunity to have the issue

20 briefed, and I'm not necessarily inviting that right now. I

21 will tell you what my thoughts are.

22 I don't believe that inquiry into Bayside's valuation

23 and assessment of the value of this company and its various

24 components -- first of all, I agree with Mr. O'Donnell; I don't

25 believe that it is a discrete or narrowly focused inquiry; and

1   that, as a practical matter, it would be both extensive and

2   expensive, and that is part of the analysis.

3          I also think that it is of limited relevance to the

4   inquiry, as the burden rests with the debtor to demonstrate the

5   value of the company.  And while it may be appealing to use as

6   an opportunity to cross-examine, perhaps, the debtors' witness

7   some information obtained from Bayside, asking that witness,

8   well, isn't it true that your secured lender believes the

9   company is worth X or Y or more, again, I think that that is

10  less of an appropriate exercise in the -- in evaluating the

11  burden, and focusing particularly on the inquiry that we're

12  doing.  So I am not prepared to direct or require Bayside to

13  provide documents responsive to inquiries about its own

14  internal assessments of the value of the debtor.

15         I will say that I feel, perhaps, even more strongly on

16  the issue of Bayside's assessment, analysis, or thought process

17  determining -- as to determinations that would relate to other

18  businesses in the same line of inquiry.  Again, I understand or

19  appreciate as a general proposition why that might be of

20  interest.  To me, that is of only the most limited significance

21  and, again, would seem to me to raise both cost and delay

22  concerns.

23         But more significantly, that would clearly raise

24  issues regarding confidentiality and sensitive business

25  information, as to transactions that are not before the Court