UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO
BANKRUPTCY COURT

RECEIVED & FILED
2019 AUG 19 AM 9:39
CLERK'S OFFICE
DISTRICT COURT
SAN JUAN, P.R.

INRE:
THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO, ET ALS
DEBTORS

PROMESA TITLE III
NUM. 17BK3283-RTS

## MOTION INFORMING THE COURT

Comes now the movant party Hiram Pérez-Soto Pro Se and respectfully alleges and prays to the Honorable Court as follows:

1. We received an Order from the Honorable Court on August 8, 2019. In the aforesaid Order the Honorable Court ordered the Commonwealth to make some clarifications it deemed pertinent. The dateline was August 15, 2019. We received the motion of the Commonwealth in compliance with the Order at 8 p.m. August 15, 2019.

2. It can be stated clearly that it was agreed by the parties and therefore binding on them that the movant party which is the plaintiff in case num. 19-CV-1266 pending in the Federal District Court of Puerto Rico that he will have the right to litigate the claims contained in the aforesaid complaint to

1

judgment. This will be applicable to defendants who are current Commonwealth officers and employees, those defendants who are former Commonwealth officers or employees and those defendants who are not and were never Commonwealth officers or employees. The automatic stay will only be applicable to an enforcement of a money judgment against government officers or employees and former government officers or employees. There will be no automatic stay applicable to those defendants which are not and were never Commonwealth officers or employees.

3. The Honorable Court ordered the Commonwealth to clarify whether it will object to the execution and enforcement of any non-monetary relief sought by movant in the litigation. The Commonwealth answer that it does not object to the execution and enforcement of any non-monetary relief sought by the movant in the litigation, as long as such relief doesn't entail the disbursement of funds belonging to the Commonwealth. We believe that there is an ambiguity in this position of the Commonwealth. In the case <u>Penn Terra v. Department 733F2d267</u>. It was decided that incidental cost of complying with any injunctive or declaratory relief are not subject to the automatic stay. Only the execution of a money judgment will be subject to the automatic stay. This respectfully we think is the appropriate order to be made by this Honorable Court in lifting the automatic stay. What the

2

Commonwealth pretends will create uncertainty. It can be stated that in the case 19-CV-1266 pending in the Federal District Court of Puerto Rico the movant wants to void judgments, rulings, sanctions, made by bias Judges against him in the Courts of the Commonwealth of Puerto Rico HSCI2007-01040. He also wants to void his disbarment that was unconstitutional. The proceedings in the aforesaid case in the Federal District Court should move forward to judgment. No monetary judgment can be imposed on the Commonwealth in those claims. Declaratory and injunctive relief and non-monetary relief and enforcement will not be subject to automatic stay. Even though they could entail some incidental costs. I can only foresee that those incidental costs will amount to a sanction of $5,000 imposed on me by the Supreme Court and a sanction of $2,400 imposed on me by the Court of First Instance of Humacao. The voidance of other judgments and rulings against me will have the result that private parties in the case HSCI2007-01040 in the Commonwealth of Puerto Rico will have to pay damages to the movant. Additionally the movant is claiming damages in the case 19-CV-1266 against Commonwealth officers or employees and former Commonwealth officers or employees. If the Federal District grants those damages in favor of the movant that would be a money judgment that will be stayed. It should be pointed out that the Order lifting the stay should be

3

clear with no uncertainty that could cause the case in the Federal Court to be paralyzed in trying to obtain a clarification from this Court. Only the execution of a money judgment against government officers or employees or former government officers or employees should be subject to the stay. These would be a clear Order with no ambiguity and vagueness. A money judgment is defined as a claim by plaintiff against a defendant for damages, see <u>Penn Terra, supra</u>. Money judgments seeks compensation for past damages and prevention of future harm. There must be a definite and a certain designation of the amount which plaintiff is owed by the defendant. Expenses in complying with the injunction or declaratory relief is not a proscribed money judgment, see <u>Penn Terra, supra</u>. Any incidental cost of the execution and enforcement of any non-monetary relief should not be subject to the automatic stay. In this way there will be no ambiguity and vagueness in the Order lifting the automatic stay. The case 19-CV-1266 then will be litigated in a rapid, fair and unbias way. the plaintiff will have the right to win or lose his case in this way.

**WHEREFORE,** it is respectfully requested to this Honorable Court to lift the automatic stay pertaining to case 19-CV-1266 pending in the Federal District Court and state clearly unequivocally that the automatic stay will be applicable only to the enforcement of a monetary judgment against

4

government officers or employees and former government officers or employees. The automatic stay will not be applicable to the execution and enforcement of any non-monetary relief sought by movant in the litigation.

I hereby certify that I sent copy of this motion to the attorney of the Secretary of Justice of Puerto Rico Wandymar Burgos Vargas wburgos@justicia.pr.gov

I also certify that under the eighth amendment noticed Case Management and Administrative Procedure; I notify Counsel of the Oversight Board Hermann Bauer hermann.bauer@oneillborges.com and Ubaldo M. Fernández Barrera ubaldo.fernandez@oneillborges.com; Counsel for AAFAF Diana M. Pérez dperez@omm.com, Luis C. Marini-Biaggi lmarini@mpmlawpr.com and Carolina Velaz-Rivero cvelaz@mpmlawpr.com

I also filed this motion with the Clerk of the Federal Court in order for him to notify the masterlist and the claims and noticing agents, see Section E of the Case Management Proceedings.

5

**HIRAM PEREZ SOTO**

PRO SE

Urb. Villas de Paraná
Calle 11 Bloque S-1#5
San Juan, Puerto Rico 00926
Tel. (787) 731-6573
Cel. (787) 438-6687
Fax (787) 790-9581
E-mail: hperez1057@gmail.com