# **EXHIBIT V**

# **EXHIBIT V**

## Zwillinger, Zachary S.

| | |
|---|---|
| **From:** | Bassett, Nicholas |
| **Sent:** | Wednesday, August 14, 2019 6:45 PM |
| **To:** | Jones, Jennifer L.; Pavel, Ashley; Zwillinger, Zachary S.; Despins, Luc A. |
| **Cc:** | McKeen, Elizabeth L.; DiConza, Maria J.; Mashberg, Gregg M.; Dale, Margaret A.; Stafford, Laura; Roth, Joseph L.; Yang, Roger; Worthington, James B.; Kleinhaus, Emil A.; Herring, Angela K.; Lynch, John F.; Clark, Brandon C.; Katiuska Bolanos |
| **Subject:** | RE: 9019: AAFAF and PREPA Document-By-Document Review of Internal Communications |
| **Attachments:** | UCC Proposed Search Terms and Hit Reports.docx |

Jennie and Ashley,

As discussed on our call today, please find attached the revised search terms that we would ask PREPA/AAFAF and the Oversight Board to run across their respective documents and a list of the various hit reports we would like to see. As for the proposed Spanish terms, we understand the Oversight Board's position that its custodians did not discuss the RSA in Spanish. That said, we do not think it would be burdensome for the Oversight Board to run our proposed terms. If it is indeed the case that none of the Oversight Board's custodians discussed the RSA in Spanish, the search terms should return no (or very few) hits.

With respect to the note in Ashley's email below regarding litigation hold notices, we disagree that such documents may be withheld from production absent a showing that they were created by counsel and are otherwise subject to an applicable privilege or protection. Regardless of any such privilege, however, we would ask PREPA/AAFAF to at least let us know (i) whether a hold notice specific to the 9019 motion was delivered to all relevant custodians, (ii) whether such hold notice applied to all forms of communications, including official and personal emails, hard copy documents, and non-email electronic communications, and (iii) the date that such hold notice was delivered to the custodians. We would request the same information from the Oversight Board.

Finally, regarding the Oversight Board's list of proposed excluded file types, can you please help us understand what it means to exclude a Zip file from review? Does that mean the search terms would not capture documents within a Zip file attached to an email?

We are available to answer any questions or otherwise confer as to the proposed search terms and reports.

Regards,
Nick

_____



**Nick Bassett | Of Counsel**
Paul Hastings LLP | 875 15th Street, N.W., Washington, DC 20005 | Direct: +1.202.551.1902 | Main: +1.202.551.1700 | Fax: +1.202.551.0402 | nicholasbassett@paulhastings.com | www.paulhastings.com

**From:** Jones, Jennifer L. <jljones@proskauer.com>
**Sent:** Wednesday, August 14, 2019 1:00 PM
**To:** Pavel, Ashley <apavel@omm.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Zwillinger, Zachary S. <zacharyzwillinger@paulhastings.com>; Despins, Luc A. <lucdespins@paulhastings.com>

**Cc:** McKeen, Elizabeth L. <emckeen@omm.com>; DiConza, Maria J. <mdiconza@omm.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Stafford, Laura <lstafford@proskauer.com>; Roth, Joseph L. <joeroth@omm.com>; Yang, Roger <ryang@omm.com>; Worthington, James B. <jamesworthington@paulhastings.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>; Herring, Angela K. <AKHerring@wlrk.com>; Lynch, John F. <JLynch@wlrk.com>; Clark, Brandon C. <BClark@proskauer.com>; Katiuska Bolanos <kbolanos@diazvaz.law>
**Subject:** [EXT] RE: 9019: AAFAF and PREPA Document-By-Document Review of Internal Communications

Nick,

Attached and below is the additional hit count information I referenced on our call:

|  | Proskauer proposed terms [excluding outside counsel] | Paul Hastings proposed terms [excluding outside counsel] |
| --- | --- | --- |
| PROMESA custodian hits | 5,309 | 10,154 |
| PROMESA custodian hits plus families | 38,275 | 65,937 |
| PROMESA custodian hits plus families if emf/xml/png files removed | 15,737 | 24,201 |

As discussed, the hits have gone up since the last hit count because we now have David Skeel's full email uploaded and searchable, and those counts are included in the above.

For purposes of comparison only, the hit counts after we uploaded Mr. Skeel's data but before we excluded for communications solely among FOMB and outside counsel are below:

|  | Proskauer proposed terms | Paul Hastings proposed terms |
| --- | --- | --- |
| PROMESA custodian hits | 5,616 | 10,715 |
| PROMESA custodian hits plus families | 39,448 | 67,586 |
| PROMESA custodian hits plus families if emf/xml/png files removed | 16,270 | 25,109 |

Please also note that the full list of excluded document extensions (row 3) is below:

| Value |
| --- |
| xml |
| png |
| emf |
| jpeg |
| jpg |
| svg |
| tmp |
| zip |
| wmf |
| wdp |
| gif |

| |
|---|
| tif |
| db |
| rar |
| sldx |
| emz |
| nrl |

We look forward to receiving your proposal later today.

Thanks,
Jennie


**Jennifer L. Jones**
Attorney at Law

Proskauer
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
d 310.284.4509
f  310.557.2193
jljones@proskauer.com

Visit our blog, Watch This Space: Proskauer on Advertising: www.proskaueronadvertising.com

greenspaces
Please consider the environment before printing this email.

---

**From:** Pavel, Ashley <apavel@omm.com>
**Sent:** Wednesday, August 14, 2019 8:43 AM
**To:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Jones, Jennifer L. <jljones@proskauer.com>; Zwillinger, Zachary S. <zacharyzwillinger@paulhastings.com>; lucdespins@paulhastings.com
**Cc:** McKeen, Elizabeth L. <emckeen@omm.com>; DiConza, Maria J. <mdiconza@omm.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Stafford, Laura <lstafford@proskauer.com>; Roth, Joseph L. <joeroth@omm.com>; Yang, Roger <ryang@omm.com>; Worthington, James B. <jamesworthington@paulhastings.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>; Herring, Angela K. <AKHerring@wlrk.com>; Lynch, John F. <JLynch@wlrk.com>; Clark, Brandon C. <BClark@proskauer.com>; Katiuska Bolanos <kbolanos@diazvaz.law>
**Subject:** RE: 9019: AAFAF and PREPA Document-By-Document Review of Internal Communications

Nick-

Following up on the below, I just received an updated hit count report on UCC's proposal, which now includes Diaz and Ortiz.  Searching these two custodians files adds roughly 950 hits, making the Committee's proposed review universe just under 93,000, instead of just over 92,000.  An updated hit count report is attached.

---

**From:** Pavel, Ashley
**Sent:** Wednesday, August 14, 2019 6:59 AM
**To:** 'Bassett, Nicholas' <nicholasbassett@paulhastings.com>; Jones, Jennifer L. <jljones@proskauer.com>; Zwillinger,

3

Zachary S. <zacharyzwillinger@paulhastings.com>; lucdespins@paulhastings.com
**Cc:** McKeen, Elizabeth L. <emckeen@omm.com>; DiConza, Maria J. <mdiconza@omm.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Stafford, Laura <lstafford@proskauer.com>; Roth, Joseph L. <joeroth@omm.com>; Yang, Roger <ryang@omm.com>; Worthington, James B. <jamesworthington@paulhastings.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>; Herring, Angela K. <AKHerring@wlrk.com>; Lynch, John F. <JLynch@wlrk.com>; Clark, Brandon C. <BClark@proskauer.com>
**Subject:** RE: 9019: AAFAF and PREPA Document-By-Document Review of Internal Communications

Nick-

This email is on behalf of AAFAF and PREPA with respect to your search term proposal from Friday afternoon. We ran your proposed search terms, and excluded all messages solely within the @omm.com domain, solely between @omm.com and @proskauer.com, and excluded messages from @uscourts.gov and @reorg-research.com. We ran these search terms before we had finished processing the PREPA PST files for Jose Ortiz and Eli Diaz. Even with these exclusions, and two custodians remaining to process, the UCC's search terms would result in a review population of over 92,000 documents (including families). While roughly 58,000 of these documents were already in our review population, the UCC's proposed edits would require us to review roughly 33,000 additional documents. I am attaching a hit count report. Again, these numbers do not include hits from Ortiz and Diaz, whose PREPA PST files only recently finished processing.

We have run updated hit counts on our proposal to you since the PREPA PST files for Ortiz and Diaz finished processing. The search proposal (domain restrictions and search terms) we sent you, results in roughly 32,000 hits (see attached hit count report). This would require us to review just over 17,000 additional documents. We ran our same search terms without the restrictions that the communications involve at least one of the domains listed in our proposal. That search resulted in around 59,000 hits. About 51,000 of these hits (86%) were already captured in our review populations (including our first round review and production). We do not think under the circumstances that imposing the domain limiter is unreasonable. Our review of the hits to our original proposal is underway, and we have found that even with the domain restrictions, many of the search term hits pertain to other credits. Reviewing nearly 8,000 documents exchanged solely with domains from entities that did not participate in the RSA negotiations is going to yield documents that are overwhelmingly likely to pertain to other credits. Given that we already reviewed the materials most likely to be responsive and non-privileged, an offer to review 17,000 additional documents is more than reasonable.

While we are willing to consider very narrowly targeted Spanish search terms to be run across Spanish-speaking custodians' files, given that the RSA was negotiated in English, we do not believe an additional Spanish-language review is proportionate to the needs of the case.

In the meantime, we cannot agree to your request that the Government Parties provide the Committee with the document preservation notices they sent to their respective clients. *See, e.g.*, *Gibson v. Ford Motor Co.*, 510 F. Supp. 2d 1116, 1123–24 (N.D. Ga. 2007) (denying request for defendant's document-preservation order on the grounds that production of the order was not likely to lead to the discovery of admissible evidence, and communication itself was privileged); *Marquez-Marin v. Lynch*, 2018 WL 1358214, *12 (D.P.R. Mar. 15, 2018) ("The litigation hold notices are within the attorney-client and work product privileges.") (denying motion to compel) (collecting cases). We confirm that our clients are aware of their obligations under the rules, and that litigation holds are in place. Beyond that, the Committee's attempts to seek "discovery about discovery" are improper. *See Hanan v. Corso*, 1998 WL 429841, at *7 (D.D.C. Apr. 24, 1998) (finding discovery about discovery" improper); *Fish v. Air & Liquid Sys. Corp.*, 2017 WL 697663, at *17-18 (D. Md. Feb. 21, 2017) (discovery about discovery is "strongly discouraged"); *see also Muise v. Lahey Clinic Hosp., Inc.*, 2014 WL 1347046, *3 (D. Mass. Mar. 26, 2014) (denying request for forensic investigation of computers to determine what materials had been deleted).

**From:** Bassett, Nicholas <nicholasbassett@paulhastings.com>
**Sent:** Tuesday, August 13, 2019 11:43 AM
**To:** Jones, Jennifer L. <jljones@proskauer.com>; Pavel, Ashley <apavel@omm.com>; Zwillinger, Zachary S.

<zacharyzwillinger@paulhastings.com>; lucdespins@paulhastings.com
**Cc:** McKeen, Elizabeth L. <emckeen@omm.com>; DiConza, Maria J. <mdiconza@omm.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Stafford, Laura <lstafford@proskauer.com>; Roth, Joseph L. <joeroth@omm.com>; Yang, Roger <ryang@omm.com>; Worthington, James B. <jamesworthington@paulhastings.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>; Herring, Angela K. <AKHerring@wlrk.com>; Lynch, John F. <JLynch@wlrk.com>; Clark, Brandon C. <BClark@proskauer.com>
**Subject:** RE: 9019: AAFAF and PREPA Document-By-Document Review of Internal Communications

Yes, that works.  Thanks.  Will the O'Melveny team be able to provide a report on the results of its searches before the call?

_____

**Nick Bassett | Of Counsel**
Paul Hastings LLP | 875 15th Street, N.W., Washington, DC 20005 | Direct: +1.202.551.1902 | Main: +1.202.551.1700 | Fax: +1.202.551.0402 | nicholasbassett@paulhastings.com | www.paulhastings.com

---

**From:** Jones, Jennifer L. <jljones@proskauer.com>
**Sent:** Tuesday, August 13, 2019 2:39 PM
**To:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Pavel, Ashley <apavel@omm.com>; Zwillinger, Zachary S. <zacharyzwillinger@paulhastings.com>; Despins, Luc A. <lucdespins@paulhastings.com>
**Cc:** McKeen, Elizabeth L. <emckeen@omm.com>; DiConza, Maria J. <mdiconza@omm.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Stafford, Laura <lstafford@proskauer.com>; Roth, Joseph L. <joeroth@omm.com>; Yang, Roger <ryang@omm.com>; Worthington, James B. <jamesworthington@paulhastings.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>; Herring, Angela K. <AKHerring@wlrk.com>; Lynch, John F. <JLynch@wlrk.com>; Clark, Brandon C. <BClark@proskauer.com>
**Subject:** [EXT] RE: 9019: AAFAF and PREPA Document-By-Document Review of Internal Communications

Nick,

Proskauer and O'Melveny are available tomorrow at noon eastern to discuss the supplemental email review.  We will endeavor to provide responses to the additional information requested before or during the call.

If that time works, I will send a calendar invite.


**Jennifer L. Jones**
Attorney at Law

Proskauer
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
d 310.284.4509
f  310.557.2193
jljones@proskauer.com

Visit our blog, Watch This Space: Proskauer on Advertising: www.proskaueronadvertising.com

greenspaces
Please consider the environment before printing this email.

**From:** Bassett, Nicholas <nicholasbassett@paulhastings.com>
**Sent:** Tuesday, August 13, 2019 9:20 AM
**To:** Jones, Jennifer L. <jljones@proskauer.com>; Pavel, Ashley <apavel@omm.com>; Zwillinger, Zachary S. <zacharyzwillinger@paulhastings.com>; Despins, Luc A. <lucdespins@paulhastings.com>
**Cc:** McKeen, Elizabeth L. <emckeen@omm.com>; DiConza, Maria J. <mdiconza@omm.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Stafford, Laura <lstafford@proskauer.com>; Roth, Joseph L. <joeroth@omm.com>; Yang, Roger <ryang@omm.com>; Worthington, James B. <jamesworthington@paulhastings.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>; Herring, Angela K. <AKHerring@wlrk.com>; Lynch, John F. <JLynch@wlrk.com>; Clark, Brandon C. <BClark@proskauer.com>
**Subject:** RE: 9019: AAFAF and PREPA Document-By-Document Review of Internal Communications

Jennie,

Thank you for the hit reports. Please let me know when you think you will be able to provide the rest of the information and when would be a good time to discuss. I think we likely have a disagreement as to what would be a reasonable and appropriate volume of documents for the Oversight Board to review, but we are happy to confer about it.

Note that I believe we are still waiting on search term results from the O'Melveny team, and it would be most efficient to have these conversations together. Ashley or Liz – Do you have an update on the status of your search results?

Finally, could the Proskauer and O'Melveny teams please let us know when you will be in a position to meet and confer regarding the collection of text messages and other non-official-email communications?

Regards,
Nick

_____

**Nick Bassett | Of Counsel**
Paul Hastings LLP | 875 15th Street, N.W., Washington, DC 20005 | Direct: +1.202.551.1902 | Main: +1.202.551.1700 | Fax: +1.202.551.0402 | nicholasbassett@paulhastings.com | www.paulhastings.com


**From:** Jones, Jennifer L. <jljones@proskauer.com>
**Sent:** Monday, August 12, 2019 8:16 PM
**To:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Pavel, Ashley <apavel@omm.com>; Zwillinger, Zachary S. <zacharyzwillinger@paulhastings.com>; Despins, Luc A. <lucdespins@paulhastings.com>
**Cc:** McKeen, Elizabeth L. <emckeen@omm.com>; DiConza, Maria J. <mdiconza@omm.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Stafford, Laura <lstafford@proskauer.com>; Roth, Joseph L. <joeroth@omm.com>; Yang, Roger <ryang@omm.com>; Worthington, James B. <jamesworthington@paulhastings.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>; Herring, Angela K. <AKHerring@wlrk.com>; Lynch, John F. <JLynch@wlrk.com>; Clark, Brandon C. <BClark@proskauer.com>
**Subject:** [EXT] RE: 9019: AAFAF and PREPA Document-By-Document Review of Internal Communications

Nick,

We will get back to you regarding the balance of your email, but to keep the process moving I am attaching the requested hit reports (Request #1).  Further, with respect to emf/xml/png files (Request #4), in our experience these are files with no substantive content that are created due to the manner in which the email collection was performed and tend to be either image files (usually logos) or other unreviewable junk files.

Best,
Jennie


**Jennifer L. Jones**
Attorney at Law

Proskauer
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
d 310.284.4509
f  310.557.2193
jljones@proskauer.com

Visit our blog, Watch This Space: Proskauer on Advertising: www.proskaueronadvertising.com

greenspaces
Please consider the environment before printing this email.


**From:** Bassett, Nicholas <nicholasbassett@paulhastings.com>
**Sent:** Monday, August 12, 2019 12:39 PM
**To:** Jones, Jennifer L. <jljones@proskauer.com>; Pavel, Ashley <apavel@omm.com>; Zwillinger, Zachary S. <zacharyzwillinger@paulhastings.com>; Despins, Luc A. <lucdespins@paulhastings.com>
**Cc:** McKeen, Elizabeth L. <emckeen@omm.com>; DiConza, Maria J. <mdiconza@omm.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Stafford, Laura <lstafford@proskauer.com>; Roth, Joseph L. <joeroth@omm.com>; Yang, Roger <ryang@omm.com>; Worthington, James B. <jamesworthington@paulhastings.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>; Herring, Angela K. <AKHerring@wlrk.com>; Lynch, John F. <JLynch@wlrk.com>; Clark, Brandon C. <BClark@proskauer.com>
**Subject:** RE: 9019: AAFAF and PREPA Document-By-Document Review of Internal Communications

Jennie,

We stand by the statements in my August 9, 2019 email below, including those with which you disagree, and reserve all rights.  We are, however, willing to continue to confer with you regarding the parameters for the Oversight Board's supplemental review.  Please suggest some times that would work for a call.

It would be helpful in advance of our further discussion if you could please provide additional detail on the search term hits.  For example:
1. Can you break the hits down by search string?
2. What would the hit universe be if communications solely between the Oversight Board and its outside counsel are omitted?
3. Can you break down the hits by non-custodian email domain?  (For example, how many of the hits are emails between a particular custodian and Citi?  The bondholders?  Some other third party?)
4. What are emf/xml/png files?

I'm sure we will have more questions to discuss on our call, but the forgoing would be a helpful start.

In addition, regarding item no. 3 in your email, are you saying that the Oversight Board copied and preserved each custodian's entire inbox and outbox at the time of collection, even though the Oversight Board did review all of those emails? If so, can you please let us know (i) the date of collection for each custodian, and (ii) whether the Oversight Board did the same for text messages and other forms of communication located on mobile devices? Finally, please let us know the basis for withholding any preservation letters or memoranda, as the production of these documents would not seem burdensome.

Regards,
Nick

_____

**Nick Bassett** | **Of Counsel**
Paul Hastings LLP | 875 15th Street, N.W., Washington, DC 20005 | Direct: +1.202.551.1902 | Main: +1.202.551.1700 | Fax: +1.202.551.0402 | nicholasbassett@paulhastings.com | www.paulhastings.com

**From:** Jones, Jennifer L. <jljones@proskauer.com>
**Sent:** Monday, August 12, 2019 2:12 PM
**To:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Pavel, Ashley <apavel@omm.com>; Zwillinger, Zachary S. <zacharyzwillinger@paulhastings.com>; Despins, Luc A. <lucdespins@paulhastings.com>
**Cc:** McKeen, Elizabeth L. <emckeen@omm.com>; DiConza, Maria J. <mdiconza@omm.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Stafford, Laura <lstafford@proskauer.com>; Roth, Joseph L. <joeroth@omm.com>; Yang, Roger <ryang@omm.com>; Worthington, James B. <jamesworthington@paulhastings.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>; Herring, Angela K. <AKHerring@wlrk.com>; Lynch, John F. <JLynch@wlrk.com>; Clark, Brandon C. <BClark@proskauer.com>
**Subject:** [EXT] RE: 9019: AAFAF and PREPA Document-By-Document Review of Internal Communications

Nick,

This email is on behalf of the Oversight Board in response to your email below.

1. The assertions in this paragraph are inaccurate. The Oversight Board did not limit its collection of documents through application of any search parameters (date, terms, or domain limitations). Nor did the Oversight Board *exclude* from its review population communications with any domains of Oversight Board personnel or other government officials. Rather, in order to conduct a reasonable search that would identify communications most likely to be responsive to the UCC's requests, in light of the shortened time frame for discovery and in keeping with the limited scope of this Rule 9019 proceeding (which the UCC has refused to acknowledge, despite Judge Swain's rulings), the Oversight Board focused its review by identifying communications between at least two parties or groups of parties (but not solely between such parties).

    a. For Ms. Jaresko, we identified communications that involved *at least* David Brownstein of Citi, who was the Oversight Board's lead business advisor during the negotiation of the RSA (no search terms were applied to documents involving Ms. Jaresko and *at least* Mr. Brownstein).

    b. For Mr. Figueroa, we identified communications that involved *at least* McKinsey, because Mr. Figueroa's involvement with respect to the RSA was limited to negotiations regarding the demand protection term sheet, and he consulted with McKinsey regarding those

8

negotiations.  Search terms were applied to identify the review population because Mr. Figueroa interfaces with McKinsey on many issues unrelated to the RSA.

    c. For Proskauer custodians, we identified communications that involved *at least* the Ad Hoc Group, Assured or their representatives, because these are the parties with whom Proskauer attorneys negotiated the RSA (again, because Proskauer interfaces with these parties on subjects unrelated to the RSA, search terms were applied to narrow the review universe).

The Oversight Board's categorical privilege log does not suggest our search parameters did not include domain limitations, nor does it suggest that all internal government communications were reviewed.  To the contrary, a review of the log makes plain that such communications were not the primary focus of the review.  The log contains not one reference to any Oversight Board member or PREPA personnel, and references only one person internal to AAFAF (notably, Christian Sobrino's name is also absent from the log).  Moreover, footnote 2 of the Oversight Board's July 29, 2019 categorical privilege log states that the Oversight Board did not undertake the burdensome task of reviewing and categorizing all communications between itself and its advisors, on the one hand, and AAFAF and its advisors, on the other hand.  We note that the UCC never inquired about the search parameters that the Oversight Board was applying to identify documents for review, despite the fact that the original schedule contemplated completion of document productions only three weeks after responses and objections to discovery requests were due.  Surely the UCC did not assume that the Oversight Board was reviewing every single email of each of its custodians; if it did, such assumption was not reasonable under the circumstances.  We remind you that when this review commenced in June 2019 the parties had agreed to a July 24, 2019 hearing date, and the time available for review and production of documents was severely limited.  Further, we note that the issue that arose regarding the scope of AAFAF and PREPA's review during the July 12 meet and confer in which the Oversight Board participated related to AAFAF and PREPA's election not to review any documents that fell within the common interest periods with the Ad Hoc Group and Assured.  As detailed above, the Oversight Board did review, produce and log its communications with the Ad Hoc Group and Assured during this time period.  To be clear, the Oversight Board does not view its production as "deficient," but in light of Judge Dein's order, we are willing to supplement our review if we can reach consensus on a reasonable review universe.

2. As you know, we disagree with your assertion that it was unreasonable for the Oversight Board to narrow its review universe in this manner.  As noted previously and explained on the call, it is not the case that only Ms. Jaresko's communications with Mr. Brownstein were reviewed.  Instead, we focused on her communications that would have included Mr. Brownstein, at a minimum, because of his role as lead negotiator.  Ms. Jaresko was also advised by counsel at Proskauer, but of course, such communications—particularly to the extent they did not also include Mr. Brownstein—would be overwhelmingly if not entirely privileged.  Indeed, your email repeatedly concedes that employing "certain potential exclusions for privilege purposes" is perfectly appropriate.  That is what the Oversight Board did.

3. There is no basis for this request.  No domain or other limitations have been imposed on any electronic data at the time of collection.  In any event, we confirm that all custodians are subject to broad litigation holds so that materials are preserved.

4. There is no need to run Spanish terms for the Oversight Board as the Oversight Board's relevant documents are in English.  We have run the search terms Paul Hastings proposed across all six custodians with a date limitation of 5/1/18 to last date of collection (which varies by custodian, with the earliest date 7/17/19).  These terms result in an unduly burdensome review universe of more than 27,000 documents.  Further, as requested during our 8/8 meet and confer, we ran the search terms Proskauer proposed across all six custodians with a date limitation of 5/1/18 to last date of collection.  Without

9

imposition of domain limitations, these search terms also result in an unduly burdensome review universe (more than 12,000 documents). The attached word document includes a table reflecting more detailed information regarding the hit counts for these two sets of terms. We are available to discuss further limitation of the search parameters to be applied for this supplemental review, which should be limited in light of the narrow inquiry at issue and the review and production the Oversight Board has already undertaken.

5. We disagree that the statement in the stipulation is so limited. Moreover, Judge Dein's order does not require the Oversight Board to conduct such a review. In any event, assuming we can reach agreement on a reasonable universe for a supplemental review, we can agree to disagree on these issues for now.

Regards,
Jennie

**Jennifer L. Jones**
Attorney at Law

Proskauer
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
d 310.284.4509
f  310.557.2193
jljones@proskauer.com

Visit our blog, Watch This Space: Proskauer on Advertising: www.proskaueronadvertising.com

greenspaces
Please consider the environment before printing this email.

---

**From:** Bassett, Nicholas <nicholasbassett@paulhastings.com>
**Sent:** Friday, August 9, 2019 10:45 AM
**To:** Jones, Jennifer L. <jljones@proskauer.com>; Pavel, Ashley <apavel@omm.com>; Zwillinger, Zachary S. <zacharyzwillinger@paulhastings.com>; Despins, Luc A. <lucdespins@paulhastings.com>
**Cc:** McKeen, Elizabeth L. <emckeen@omm.com>; DiConza, Maria J. <mdiconza@omm.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Stafford, Laura <lstafford@proskauer.com>; Roth, Joseph L. <joeroth@omm.com>; Yang, Roger <ryang@omm.com>; Worthington, James B. <jamesworthington@paulhastings.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>; Herring, Angela K. <AKHerring@wlrk.com>; Lynch, John F. <JLynch@wlrk.com>
**Subject:** RE: 9019: AAFAF and PREPA Document-By-Document Review of Internal Communications

Liz, Margaret, Jennie, and Ashley:

Thank you for the call yesterday. I wanted to pass along some comments to your proposed search protocols and recap certain of the other issues we discussed.

1. As an initial matter, as discussed, we are a bit shocked by the Oversight Board's sudden revelation that it, like PREPA and AAFAF, elected not to collect and review certain categories of documents responsive to the Committee's document requests, including internal communications among members of the Oversight Board or with other government officials. The Oversight Board provided a categorical privilege log on July 8, 2019, indicating that it had reviewed and logged all potential categories of responsive communications, including internal correspondence. AAFAF and PREPA, by contrast, informed the Committee that they had elected not to review or log such communications. When the Committee took issue with AAFAF's and PREPA's approach,

10

including in its motion to compel and during the hearing on that motion, the Oversight Board never indicated that it had taken the same approach, even as Judge Dein sustained the Committee's objection and instructed AAFAF and PREPA to complete a full collection and review. While the Committee appreciates that the Oversight Board has finally come forward and acknowledged the deficiencies in its collection efforts to date, valuable time has been lost. The Committee reserves all rights, including as to whether the proposed revised litigation schedule provides sufficient time for the completion of discovery.

2.  The Committee also takes issue with the Government Parties' search and review protocols for the documents they have collected and reviewed to date. In particular, as discussed, the Committee does not believe it was appropriate for the Government Parties to limit their collection and review to email communications only with certain specified domain names. For example, with respect to the documents of Natalie Jaresko, it was improper for the Oversight Board to collect and review only her communications with David Brownstein. Obviously, Ms. Jaresko—who is a declarant and has been touted as one of the most important witnesses in support of the 9019 Motion—may have had relevant communications with other individuals. The Committee believes that all responsive emails should be searched for, reviewed, and produced for each custodian regardless of the identities of the other parties to such emails (subject to certain potential exclusions for privilege purposes, as discussed below). Again, the Committee reserves all rights, including with respect to the schedule.

3.  Given the lapse of time between the Committee's service of its requests and the collection and review of documents that the Government Parties are now undertaking, the Committee is concerned about the potential deletion, destruction, or other loss of relevant documents, whether or not intentional. To that end, could you please explain the Government Parties' respective document retention policies for documents potentially relevant to the 9019 Motion, including by providing a copy of any relevant hold letters or memos that you distributed to custodians?

4.  Regarding the search protocols the Government Parties have now proposed for identifying additional relevant documents, the Committee responds as follows:

    a.  The search terms should be modified as indicated on the attached. Spanish equivalents for these terms should also be developed (we are happy to meet and confer as to the appropriate Spanish terms). The revised English and Spanish search terms should then be run across all of each custodian's emails during the relevant timeframe (5/1/2018 to the present), with the following exception: internal OMM and internal Proskauer emails may be omitted.

    b.  Once you have obtained hit counts for each of the custodians, we are willing to further meet and confer to determine whether it may be appropriate to further limit the review universe in some manner, such as by excluding some subset of attorney-client communications.

    c.  The Committee reserves the right to expand the search terms, as well as the custodian universe, depending on the outcome of its pending objection to Judge Dein's August 2 ruling or based on other future developments.

5.  Finally, we disagree with the statement in Jennie's email below that, in light of the recent stipulation among the parties relating to text messages and similar communications, the Oversight Board does not need to "review documents exchanged solely between [outside counsel and each other or with their clients]." By its terms, the referenced stipulation (a) only applies to texts and other non-official-email communications, and (b) speaks only of privilege logs and says nothing to suggest that potentially privileged documents need not be reviewed. To the contrary, Judge Dein's August 2 order makes clear that the Government Parties do need to review these documents in order to make privilege calls, regardless of whether any privileged documents must be logged. That said, consistent with 4(a)-(b) above, the Committee is willing to discuss whether certain subsets of likely privileged documents may be carved out of the review universe.

11

The foregoing applies only to the collection and review of official emails and not to other forms of electronic documents or paper files, which are the subject of separate discussions.

We are available to discuss.

Regards,
Nick

_____

**Nick Bassett | Of Counsel**
Paul Hastings LLP | 875 15th Street, N.W., Washington, DC 20005 | Direct: +1.202.551.1902 | Main: +1.202.551.1700 | Fax: +1.202.551.0402 | nicholasbassett@paulhastings.com | www.paulhastings.com

---

**From:** Jones, Jennifer L. <jljones@proskauer.com>
**Sent:** Thursday, August 8, 2019 1:43 PM
**To:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Pavel, Ashley <apavel@omm.com>; Zwillinger, Zachary S. <zacharyzwillinger@paulhastings.com>; Despins, Luc A. <lucdespins@paulhastings.com>
**Cc:** McKeen, Elizabeth L. <emckeen@omm.com>; DiConza, Maria J. <mdiconza@omm.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Stafford, Laura <lstafford@proskauer.com>; Roth, Joseph L. <joeroth@omm.com>; Yang, Roger <ryang@omm.com>; Worthington, James B. <jamesworthington@paulhastings.com>
**Subject:** [EXT] RE: 9019: AAFAF and PREPA Document-By-Document Review of Internal Communications

Nick,

4:30 works for the call today for us and OMM. Proskauer is not prepared to discuss text messages yet, as we are still collecting and processing this information.

Following on Ashley's email below from yesterday, we have determined, in light of Judge Dein's decision on the discovery motions as related to AAFAF and PREPA's review universe, that we voluntarily will undertake a supplemental review of additional categories of documents not previously reviewed with respect to the UCC's RFPs. Similar to the review that the Government originally undertook, we previously did not search communications from our Oversight Board custodians (Jaresko and Figueroa, and now Skeel) to other Oversight Board or Government personnel. We also have determined to search more broadly for potentially responsive documents with advisors Citi and McKinsey, given their role related to the RSA (though we do expect because McKinsey's role was limited to demand protection, most of those communications will be DPP). Once we implement these additions, the full scope of what we will have reviewed for potentially responsive documents is reflected in the attached.

Consistent with the stipulation recently agreed, stating that the "Government Parties will not be required to prepare a privilege log with respect to outside counsel's communications solely with each other or their clients," we do not intend to review documents exchanged solely between these parties.

We are still in the process collecting certain of these documents and setting up the searches to accomplish the supplemental review. As a result, we reserve the right to further limit what is reflected in the attached should application of these parameters result in an unduly burdensome review population.

Thanks,
Jennie


**Jennifer L. Jones**
Attorney at Law

Proskauer
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
d 310.284.4509
f  310.557.2193
jljones@proskauer.com

Visit our blog, Watch This Space: Proskauer on Advertising: www.proskaueronadvertising.com

greenspaces
Please consider the environment before printing this email.

---

**From:** Bassett, Nicholas <nicholasbassett@paulhastings.com>
**Sent:** Thursday, August 8, 2019 10:34 AM
**To:** Pavel, Ashley <apavel@omm.com>; Zwillinger, Zachary S. <zacharyzwillinger@paulhastings.com>; Despins, Luc A. <lucdespins@paulhastings.com>
**Cc:** McKeen, Elizabeth L. <emckeen@omm.com>; Jones, Jennifer L. <jljones@proskauer.com>; DiConza, Maria J. <mdiconza@omm.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Stafford, Laura <lstafford@proskauer.com>; Roth, Joseph L. <joeroth@omm.com>; Yang, Roger <ryang@omm.com>; Worthington, James B. <jamesworthington@paulhastings.com>
**Subject:** RE: 9019: AAFAF and PREPA Document-By-Document Review of Internal Communications

Ashley – Just following up to see if you could do a call this afternoon.  We could also discuss the text message (and related communications) collections, if someone from Proskauer is available to join.

---

**Nick Bassett | Of Counsel**
Paul Hastings LLP | 875 15th Street, N.W., Washington, DC 20005 | Direct: +1.202.551.1902 | Main:  +1.202.551.1700 | Fax: +1.202.551.0402 | nicholasbassett@paulhastings.com | www.paulhastings.com

---

**From:** Bassett, Nicholas
**Sent:** Wednesday, August 7, 2019 11:24 PM
**To:** 'Pavel, Ashley' <apavel@omm.com>; Zwillinger, Zachary S. <zacharyzwillinger@paulhastings.com>; Despins, Luc A. <lucdespins@paulhastings.com>
**Cc:** McKeen, Elizabeth L. <emckeen@omm.com>; jljones@proskauer.com; DiConza, Maria J. <mdiconza@omm.com>; Mashberg, Gregg M. (GMashberg@proskauer.com) <GMashberg@proskauer.com>; Dale, Margaret A. (mdale@proskauer.com) <mdale@proskauer.com>; Stafford, Laura (Proskauer Rose LLP) <lstafford@proskauer.com>; Roth, Joseph L. <joeroth@omm.com>; Yang, Roger <ryang@omm.com>
**Subject:** RE: 9019: AAFAF and PREPA Document-By-Document Review of Internal Communications

Ashley,

Thank you. We are reviewing and will likely have some questions and/or comments. Perhaps we should set a tentative time to speak tomorrow afternoon. I am flexible 3:30 or later if that works for you.

_____

**Nick Bassett** | **Of Counsel**
Paul Hastings LLP | 875 15th Street, N.W., Washington, DC 20005 | Direct: +1.202.551.1902 | Main: +1.202.551.1700 | Fax: +1.202.551.0402 | nicholasbassett@paulhastings.com | www.paulhastings.com

---

**From:** Pavel, Ashley <apavel@omm.com>
**Sent:** Wednesday, August 7, 2019 5:57 PM
**To:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Zwillinger, Zachary S. <zacharyzwillinger@paulhastings.com>; Despins, Luc A. <lucdespins@paulhastings.com>
**Cc:** McKeen, Elizabeth L. <emckeen@omm.com>; jljones@proskauer.com; DiConza, Maria J. <mdiconza@omm.com>; Mashberg, Gregg M. (GMashberg@proskauer.com) <GMashberg@proskauer.com>; Dale, Margaret A. (mdale@proskauer.com) <mdale@proskauer.com>; Stafford, Laura (Proskauer Rose LLP) <lstafford@proskauer.com>; Roth, Joseph L. <joeroth@omm.com>; Yang, Roger <ryang@omm.com>
**Subject:** [EXT] 9019: AAFAF and PREPA Document-By-Document Review of Internal Communications

Nick-

Pursuant to Judge Dein's findings on the motion to compel, attached is the protocol we are following to search and review AAFAF and PREPA's internal communications, communications with consultants, and communications with FOMB and its consultants. In our original production of negotiation communications, we used only the date and domain restrictions used in our June 3, 2019 letter to locate potentially responsive communications. Because those domain restrictions were focused on locating communications with the objectors and the PREPA Bondholders and Insurers, the review universe was manageable without the need to further limit our review with search terms. This approach is not viable for reviewing Government and Government-Oversight Board communications, since these parties have conversations on a wide variety of issues, many of which are completely unrelated to PREPA and the RSA.

We have commenced our review process for Government and Government-Oversight Board Communications using the domain inclusions and exclusions and search terms disclosed in the attached document. The domains in Part I are those that we treated privileged (in the absence of anyone who would break privilege) for purposes of the original review. It is our understanding that the Part II search terms are consistent with the approach the Oversight Board used to identify its responsive documents. We believe it would be unduly burdensome for us to review communications exchanged solely between outside counsel for AAFAF and PREPA or solely between outside counsel for AAFAF and PREPA, on the one hand, and outside counsel for the Oversight Board on the other. Consistent with Judge Dein's directive that the parties meet and confer about the scope of the review, we would propose that AAFAF and PREPA need not conduct a review of outside counsel's communications among each other for the purposes of logging them.

Please let us know if you have any concerns with this proposal. We are available if you would like to discuss.

# O'Melveny

**Ashley Pavel**
apavel@omm.com
O: +1-949-823-7138

O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Website | LinkedIn | Twitter

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

****************************************************************************************
**************************************************************

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
****************************************************************************************
**************************************************************