# **EXHIBIT Y**

**O'Melveny**

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

File Number: 686,892-008

June 20, 2017

D: (212) 326-2259
suhland@omm.com

Luke A. Sizemore
Reed Smith LLP
225 Fifth Avenue Suite 1200
Pittsburgh, PA 15222
412-288-3514
Fax : 412-288-3063
Email: lseizemore@reedsmith.com

Re: Notice of Automatic Stay Regarding HTA Payment Due July 1, 2017

Dear Mr. Sizemore:

We are counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"). AAFAF is the government entity that is responsible for the supervision, execution and administration of the Fiscal Plan, pursuant to the Enabling Act of the Fiscal Agency and Financial Advisory Authority, Act 2-2017, signed into law by Governor Ricardo A. Rosselló on January 18, 2017. Act 2-2017, Article 5(B). AAFAF expressly has the sole authority to renegotiate, restructure and/or reach an agreement with creditors on all or part of the public debt or any other debt issued by any government entity, including public corporations, and is authorized to take action on behalf of any government entity to ensure compliance with the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").[1]

As you may know, the Puerto Rico Highways and Transportation Authority ("HTA") is a debtor in Title III of PROMESA. I am writing to inform you that the Bank of New York Mellon ("BNY") may not lawfully make the scheduled July 1, 2017 payment to the Bondholders[2] from the HTA Debt Service Reserve Account (the "Account"), held by BNY as Fiscal Agent. The funds in the Account are not the property of the Bondholders. Rather, they are the property of HTA.

Under the Resolutions, HTA purports to grant a lien on certain moneys placed in the Account. The Resolutions are inconsistent with any assertion of ownership by the Bondholders. The moneys in the Account "shall be subject to a lien and charge in favor of the holders of the bonds issued and outstanding under this Resolution. . . ." Sections 401 of the Resolutions. The Resolutions do not convey the moneys to the Bondholders; at most, the Bondholders hold a lien on the moneys in the Account; they do not own them. Further, HTA is the residual beneficiary

---

[1] AAFAF's authority is subject in all respects to applicable provisions of PROMESA.

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Puerto Rico Highway Authority Resolution No. 68-18, adopted June 13, 1968, authorizing and securing Highway Revenue Bonds (the "68 Resolution"), and the Puerto Rico Highways and Transportation Authority Resolution No. 98-06, adopted February 26, 1998, authorizing and securing Transportation Revenue Bonds (the "98 Resolution") (collectively, the "Resolutions").

Century City • Los Angeles • Newport Beach • New York • San Francisco • Silicon Valley • Washington, DC
Beijing • Brussels • Hong Kong • London • Seoul • Shanghai • Singapore • Tokyo

**O'Melveny**

of the moneys in the Account. See section 901 of the 68 Resolution and section 1001 of the 98 Resolution.

You are instructed to refrain from making the scheduled July 1, 2017 payment to the Bondholders from the Account. Any such payment to the Bondholders by BNY as Fiscal Agent will constitute an act to exercise control over property of the estate in violation of the automatic stay under section 362(a) of the Bankruptcy Code (which is incorporated to Title III by section 301(a) of PROMESA). Such unlawful action will substantially harm HTA. Accordingly, we reserve the right to hold you liable for any damages, including attorney's fees, that may result from such action.

Please feel free to contact me should you have any questions.

Sincerely,

Suzzanne Uhland, Esq.
Of O'Melveny & Myers LLP

Counsel to the Puerto Rico Fiscal Agency and
Financial Advisory Authority, as representative
for Title III Debtor HTA

cc: Mohammad Yassin Mahmud, Esq.
    Eric A. Schaffer, Esq.
    Martin Bienenstock, Esq.
    John Rapisardi, Esq.