**<u>EXHIBIT Y</u>**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

**ASSURED GUARANTY CORP.'S AND ASSURED GUARANTY
MUNICIPAL CORP.'S RESPONSES AND OBJECTIONS TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS' SUBPOENA WITH APPENDIX
ENTITLED FIRST SET OF DOCUMENT REQUESTS TO ASSURED GUARANTY
CORP. AND ASSURED GUARANTY MUNICIPAL CORP. AND THEIR ADVISORS IN
CONNECTION WITH JOINT MOTION OF PUERTO RICO ELECTRIC POWER
AUTHORITY AND AAFAF PURSUANT TO BANKRUPTCY CODE SECTIONS 362,
502, 922, AND 928, AND BANKRUPTCY RULES 3012(A)(I) AND 9019 FOR
ORDER APPROVING SETTLEMENTS EMBODIED IN RESTRUCTURING
SUPPORT AGREEMENT AND TOLLING CERTAIN LIMITATIONS PERIODS**

---

[1]    The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26, 34 and 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable herein by Rules 7026, 7034 and 7045 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[2] Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (together, "Assured") hereby respond and object to the Subpoena with Appendix entitled *Official Committee of Unsecured Creditors' First Set of Document Requests to Assured Guaranty Corp. and Assured Guaranty Municipal Corp. and their Advisors in Connection with Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(I) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods*, including the Subpoena, Definitions, Rules of Construction, Instructions, and Documents to be Produced (collectively, the "Requests"), served on or about May 22, 2019 by the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "UCC") and related to the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(I) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods* (ECF No. 1235)[3] (the "9019 Motion").

## GENERAL OBJECTIONS AND OBJECTIONS
## TO THE DEFINITIONS AND INSTRUCTIONS

The following general objections (the "General Objections") are incorporated into each specific objection below as if they were fully repeated therein and will not be specifically repeated in each of the specific responses and objections (the "Specific Responses and Objections").  Assured reserves the right to supplement or modify its objections to the Requests.

---

[2]   The Bankruptcy Rules apply in to these Title III cases and related adversary proceedings.  See 48 U.S.C. § 2170.

[3]   "ECF No." refers to documents filed in Case No. 17-BK-4780-LTS, unless otherwise noted.

1.      Assured objects to the Requests to the extent that they purport to impose obligations on Assured greater than those required, outside the scope of or inconsistent with the Federal Rules, the Bankruptcy Rules, the Local Civil Rules of the United States District Court for the District of Puerto Rico (the "Local Rules"), the Local Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Bankruptcy Rules"), and PROMESA.  Assured will construe and respond to the Requests in accordance with the requirements of the Federal Rules, the Bankruptcy Rules, the Local Rules, the Local Bankruptcy Rules, PROMESA and all other applicable rules and law.

2.      Assured objects to the Requests that call for the production of documents to be complete by May 29, 2019 because it is inconsistent with the *Order Extending And Establishing Certain Deadlines Applicable To The Joint Motion Of Puerto Rico Electric Power Authority And AAFAF Pursuant To Bankruptcy Code Sections 362, 502, 922, And 928, And Bankruptcy Rules 3012(A)(1) And 9019 For Order Approving Settlements Embodied In The Restructuring Support Agreement [ECF No. 1235]* (ECF No. 1253) (the "Scheduling Order") that sets a deadline of June 20, 2019 for the "substantial completion of document productions."

3.      Assured objects to the Requests because they call for the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, the settlement privilege, the common interest privilege, the joint defense privilege, the bank examiner privilege, the mediation privilege, or which are otherwise privileged or confidential and protected from discovery pursuant to any other applicable privilege, immunity or protection (collectively, "Privileged Information").   Any inadvertent production of any Privileged Information shall not be deemed or construed to constitute a waiver of the attorney-client privilege, work product doctrine, the common interest privilege, the joint defense privilege, the bank examiner privilege or any other applicable privilege, immunity or protection.

4.      Assured objects to the Requests to the extent that they call for the production of documents that contain either trade secrets, or confidential commercial, business, financial, proprietary or competitively sensitive information (collectively, "Confidential Information"). Assured's production of such documents, if necessary and appropriate, will be made subject to an appropriate confidentiality stipulation and protective order and only where permitted under the terms of any such other protective orders or confidentiality agreements and any applicable law or rule.

5.      Assured objects to the Requests to the extent that they call for the production of documents that are not permitted to be disclosed under state or federal statutory or common law, regulation, policy or rules, or the law, regulation, policy or rules of a foreign country.

6.      Assured objects to the Requests to the extent that they call for the production of documents reflecting information obtained from any third party pursuant to a court order, agreement or other arrangement prohibiting Assured from disclosing such information.  To the extent the Requests seek to require Assured to produce such documents, Assured will notify such third party and allow such third party a reasonable opportunity to object prior to Assured making such production.

7.      Assured objects to the Requests to the extent they seek production of any documents that the Court has previously found that Assured was not required to produce.  *See Order Denying Urgent Motion Of Financial Oversight and Management Board, as Representative of Debtor, to Compel Production of Documents From Movants Relating to Their Motion for Relief From Automatic Stay* (ECF No. 1119).

8.      Assured objects to the Requests to the extent that they call for the location, restoration, or search of electronically stored information (including but not limited to electronic communications, computer files, data or similar information) because such Requests are unduly

burdensome, oppressive, costly, and time-consuming.  Assured will conduct a reasonable search for documents, including electronically stored information, responsive to the Requests but will not search for "all" documents.

9.      Assured objects to the Requests because they fail to specify a date range for the production of documents, are unlimited in temporal scope or otherwise not limited to a time frame relevant to the 9019 Motion on the grounds that it is abusive, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible or relevant evidence.

10.     Assured objects to the Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of this expedited proceeding.

11.     Assured objects to the Requests to the extent that they seek documents that are irrelevant or are not reasonably calculated to lead to the discovery of admissible evidence.

12.     Assured objects to the Requests to the extent that they call for the production of documents that are not material and necessary to issues surrounding the 9019 Motion.  The production by Assured of any document should not be deemed to be an admission by Assured that any such document is  material or necessary to the issues surrounding the 9019 Motion.  Nothing herein shall be deemed to be a limitation upon, or a waiver of, the rights of Assured or any objections that Assured may have, under the Federal Rules, the Bankruptcy Rules, PROMESA, the Federal Rules of Evidence, and any other applicable rules and laws.

13.     Assured objects to the Requests to the extent that they call for the production of irrelevant or non-responsive material merely because some portion of a particular document or documents may be relevant and responsive and subject to production.  Assured reserves the right to redact irrelevant and non-responsive material.

14.     Assured objects to the Requests to the extent that they call for the production of documents within the possession, custody or control of other sources or parties, or that they call for the production of documents that are equally within other parties' possession, custody or control, including but not limited to documents in the possession of the Financial Oversight and Management Board for Puerto Rico (the "FOMB"), in its capacity as representative of the Puerto Rico Electric Power Authority ("PREPA") pursuant to section 315(b) of PROMESA and the Puerto Rico Fiscal Agency and Financial Authority ("AAFAF," and together with the FOMB and PREPA, "Government Parties"), the UCC, other Supporting Holders (as defined in the 9019 Motion), and other PREPA bondholders

15.     Assured objects to the Requests because they call for the production of documents that have been filed with the Court in the pending Title III proceedings and related adversary proceedings or have been provided to the UCC by Assured, their experts and the Government Parties, including but not limited to documents produced in connection with the *Motion of National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee Inc. for Relief from the Automatic Stay to Allow Movants to Enforce Their Statutory Right to Have a Receiver Appointed* (ECF No. 975) (the "Receiver Motion") and documents available in the Intralinks dataroom.  Assured will not produce these documents because the UCC already has possession of or access to such documents and such production would be unduly burdensome, oppressive, costly, and time-consuming.

16.     Assured objects to the Requests to the extent that they call for the production of multiple identical copies of the same document.

17.     Assured objects to the Requests because they call for production of "all" documents on a particular subject as the phrase is overly broad, unduly burdensome and lacks reasonable particularity.

18.     Assured objects to the Requests to the extent that they call for information that is publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including documents in the possession of the UCC, the Government Parties, and other sources and parties.

19.     Assured objects to the Requests to the extent that they are predicated upon erroneous assumptions, state incorrect facts, or state legal conclusions.  By responding to the Requests, Assured does not agree to any assumptions, factual predicates or legal conclusions contained in the Requests.

20.     Assured objects to paragraph 1 of the Instructions that instructs "[e]ach [r]equest must be responded to separately and specifically.  Each request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a request, or a word, phrase or clause contained within it, You are requested to state Your objection to that portion only and to respond to the remainder of the Requests" on the grounds that it is unduly burdensome.

21.     Assured objects to paragraph 2 of the Instructions that instructs "[e]lectronically stored information must be produced in accordance with the following instructions" on the grounds that it is unduly burdensome, costly and time-consuming.  Assured will produce the information, fields, data and metadata requested in paragraph 2 of the Instructions that exist and are readily accessible but will not agree to produce information, fields, data and metadata that are not readily accessible.

22.     Assured objects to paragraph 2(d) of the Instructions that instructs "[f]ile types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated

values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files" on the grounds that it is unduly burdensome and purports to call for the production of Privileged Information or information that is not responsive to the Requests.

23.     Assured objects to paragraph 3 of the Instructions that instructs "[e]ach Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request" on the grounds that it is overly broad and unduly burdensome.

24.     Assured objects to paragraph 4 of the Instructions that instructs "[a]ll Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests" on the grounds that it is unduly burdensome.

25.     Assured objects to paragraph 5 of the Instructions that instructs "[e]ach Request contained herein extends to all Documents: (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf, including Your counsel or other representatives or advisors.  A Document is to be deemed in Your possession, custody or control if: (a) it is in Your physical custody; or (b) it is in the physical custody of any other Person and You (i) own such Document in whole or in part, (ii) have a right, by contract, statute or otherwise, to use, inspect, examine or copy such Document on any terms, (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document on any terms, or (iv) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so.  Each Document shall be produced in its entirety" on the grounds that it is overly broad, unduly burdensome, vague and ambiguous.  Assured further objects to this Instruction as it purports to require Assured to seek and produce documents pertaining to parties who did not file the 9019 Motion, have not been served with document requests or

subpoenas or are not readily identifiable.  These objections are made on behalf of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. only (referred to together in these Responses and Objections as "Assured").  Assured further objects to this Instruction as seeking Privileged Information.

26.    Assured objects to paragraph 6 of the Instructions that instructs "[i]f You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must state: (a) whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (b) the reason for, and the facts circumstances surrounding, such disposition; (c) the Persons who authorized such disposition; (d) the date or approximate date of such disposition; (e) when the Document was most recently in Your possession, custody or control; and (f) the identity of the Person, if any, presently in possession, custody, or control of such Document" on the grounds that it is abusive, overly broad and unduly burdensome.  Assured further objects to this Instruction as it purports to impose obligations on Assured greater than those set forth in the Federal Rules, the Bankruptcy Rules, the Local Rules, and the Local Bankruptcy Rules.

27.    Assured objects to paragraph 7 of the Instructions that instructs "[i]f You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction: (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed" on the grounds that it is abusive, overly broad and unduly burdensome.  Assured further objects to this Instruction as it purports to impose obligations on Assured greater than those set forth in the Federal Rules, the Bankruptcy Rules, the Local Rules, and the Local Bankruptcy Rules.

28.     Assured objects to paragraph 8 of the Instructions that instructs "[i]f You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of such Persons, as well as a statement addressing how the information came into their possession, (vii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege" on the grounds that it is overly broad and unduly burdensome.  Assured further objects to this Instruction as it purports to impose obligations on Assured greater than those set forth in the Federal Rules, the Bankruptcy Rules, the Local Rules, and the Local Bankruptcy Rules.  Assured will meet and confer concerning the identification of categories of documents withheld as Privileged Information.

29.     Assured further objects to paragraph 8 of the Instructions that instructs "[i]f a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instruction above, and the rest shall be produced" on the grounds that it is unduly burdensome.

30.     Assured objects to paragraph 9 of the Instructions that instructs "[i]f You cannot provide a requested Document (after exercising due diligence to secure it) that was formerly

in Your possession, custody, or control, then: (a) Your response must (i) describe in detail the

nature of the document and its contents, identity of the person(s) who prepared or authored the

Document (and, if applicable, the Person(s) to whom the Document was sent), and the date of

which the document was prepared or transmitted, (ii) state that You cannot produce the requested

Document, (iii) specify the reasons for Your inability to produce the requested Document (*e.g.*,

lost, destroyed or otherwise disposed of), (iv) declare that You have exercised due diligence to

secure the requested Document, and (v) state all information or acknowledged that You have

concerning the requested Documents; and (b) You must produce all other requested Documents"

on the grounds that it is abusive, overly broad and unduly burdensome.  Assured further objects to

this Instruction as it purports to impose obligations on Assured greater than those set forth in the

Federal Rules, the Bankruptcy Rules, the Local Rules, and the Local Bankruptcy Rules.

31.     Assured objects to paragraph 10 of the Instructions that instructs "[y]ou are

hereby instructed to (a) supplement or correct any response later learned to be incomplete or

incorrect immediately upon learning that a prior response was incomplete or incorrect; and

(b) produce any additional Documents that are called for under the Requests" on the grounds that

it is unduly burdensome.

32.     Assured objects to the definitions of "Assured", "You" and "Your" in

paragraph 13 of the Definitions on the grounds that they are overly broad, unduly burdensome,

vague and ambiguous.  Assured further objects to these definition as they purport to require

Assured to seek and produce documents pertaining to parties who have not been served with

documents requests or subpoenas or are not readily identifiable.  These objections are made on

behalf of Assured only.

33.     Assured objects to the definition of "Oversight Board" in paragraph 14 of

the Definitions on the grounds that it is overly broad, unduly burdensome, vague and ambiguous.

Assured further objects to this definition as it purports to require Assured to seek and produce documents pertaining to parties who are not readily identifiable.

34.     Assured objects to the definition of "PREPA" in paragraph 15 of the Definitions on the grounds that it is overly broad, unduly burdensome, vague and ambiguous. Assured further objects to this definition as it purports to require Assured to seek and produce documents pertaining to parties who are not readily identifiable.

35.     Assured objects to the definition of "AAFAF" in paragraph 16 of the Definitions on the grounds that it is overly broad, unduly burdensome, vague and ambiguous. Assured further objects to this definition as it purports to require Assured to seek and produce documents pertaining to parties who are not readily identifiable.

36.     Assured objects to the definition of "Cadwalader" in paragraph 17 of the Definitions on the grounds that it is overly broad, unduly burdensome, vague and ambiguous. Assured further objects to this definition as it purports to require Assured to seek and produce documents pertaining to parties who are not readily identifiable.

37.     Assured objects to the definition of "Proposed Transformation" in paragraph 19 of the Definitions on the grounds that it is overly broad, unduly burdensome, vague and ambiguous.

38.     Assured objects to the definition of "Supporting Holders" in paragraph 23 of the Definitions on the grounds that it is overly broad, unduly burdensome, vague and ambiguous. Assured further objects to this definition as it purports to require Assured to seek and produce documents pertaining to parties who are not readily identifiable.

39.     Assured objects to the definitions of "Communication" in paragraph 26 of the Definitions on the grounds that they are overly broad and unduly burdensome.  Assured further objects to this definitions as it purports to impose obligations on Assured greater than those set

forth in the Federal Rules (including but not limited to Federal Rule 34(a)(1)(A)), the Bankruptcy

Rules, the Local Rules, and the Local Bankruptcy Rules.

40.     Assured objects to the definitions of "Concerning" and "relating to" in

paragraph 27 of the Definitions on the grounds that they are overly broad and unduly burdensome.

41.     Assured objects to the definition of "Concessionaire" in paragraph 28 of the

Definitions on the grounds that it is overly broad, unduly burdensome, vague and ambiguous.

Assured further objects to this definition as it purports to require Assured to seek and produce

documents pertaining to parties who are not readily identifiable.

42.     Assured objects to the definition of "Document" in paragraph 29 of the

Definitions on the grounds that it is overly broad, unduly burdensome, vague and ambiguous.

Assured further objects to this definition as it purports to impose obligations on Assured greater

than those set forth in the Federal Rules (including but not limited to Federal Rule 34(a)(1)(A)),

the Bankruptcy Rules, the Local Rules, and the Local Bankruptcy Rules.

43.     Assured objects to the definitions of "Person" and "Persons" in

paragraph 31 of the Definitions on the grounds that they are overly broad, unduly burdensome,

vague and ambiguous.  Assured further objects to these definitions as they purport to require

Assured to seek and produce documents pertaining to parties who are not readily identifiable.

44.     Any objection or lack of an objection to any individual Request, or any

statement that Assured will produce documents, is not to be deemed an admission that Assured

possesses documents responsive to the Request or an admission that Assured agrees with any

factual premise on which the Request is based, including whether the documents requested are

relevant or admissible.

45.     Assured reserves the right to supplement or modify its responses and

objections to the Requests at any time.

46.     Assured expressly reserves the right to rely on, at any time, subsequently discovered information or information omitted from these responses as a result of mistake, error, oversight or inadvertence.

47.     Assured expressly reserves all rights under the Federal Rules, Bankruptcy Rules, Local Rules, Local Bankruptcy Rules, PROMESA and all other applicable rules and law.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE DOCUMENT REQUESTS CONTAINED IN THE SUBPOENA APPENDIX

Subject to and without waiving the foregoing General Objections, set forth below are Assured's Specific Responses and Objections to the Requests:

### DOCUMENT REQUEST NO. 1

All drafts and prior versions of the RSA, including the Preliminary RSA, and any and all term sheets and exhibits related to such drafts and prior versions.

### OBJECTIONS TO DOCUMENT REQUEST NO. 1

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, contains no time limitation, calls for the production of information that is in the possession of the UCC, calls for the production of information that is more readily available from other sources and parties, including the Government Parties, calls for the production of Privileged Information, calls for the production of Confidential Information, and is not calculated to lead to the discovery of admissible or relevant evidence for the 9019 Motion.  Assured further objects to the Request because Assured was not a party to or involved with negotiations concerning the Preliminary RSA.

Subject to and without waiving the General Objections set forth above and the Specific Objections set forth herein, Assured will produce non-privileged drafts and prior versions of the RSA, including term sheets and exhibits, if any exist in its possession, that are readily

available after a reasonable search.   Assured will not produce documents relating to the

Preliminary RSA.

## DOCUMENT REQUEST NO. 2

All documents and communications concerning the Settlement, the RSA and all prior versions and drafts thereof, including but not limited to the Preliminary RSA, including communications with (a) the Oversight Board, (b) AAFAF, (c) PREPA or any member of its governing board, (d) any Supporting Holder, (e) any Concessionaire, (f) any creditor or stakeholder of PREPA other than a Supporting Holder, (g) the news media, (h) any government official or employee, or (i) any agent of or advisor to any of the foregoing.

## OBJECTIONS TO DOCUMENT REQUEST NO. 2

In addition to the General Objections set forth above, Assured objects to this

Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, contains

no time limitation, calls for the production of information that is in the possession of the UCC,

calls for the production of information that is more readily available from other sources and parties,

including the Government Parties, calls for the production of Privileged Information, calls for the

production of Confidential Information, and is not calculated to lead to the discovery of admissible

or relevant evidence for the 9019 Motion.   Assured further objects to the Request because Assured

was not a party to the Preliminary RSA.

Subject to and without waiving the General Objections set forth above and the

Specific Objections set forth herein, Assured will produce responsive, non-privileged documents

and communications concerning the Government Parties' view of the Settlement and the RSA, if

any exist in its possession, that are readily available after a reasonable search.   Assured will not

produce documents relating to the Preliminary RSA.

## DOCUMENT REQUEST NO. 3

All documents and communications concerning the Proposed Transformation, and the effect (if any) of the Settlement on the Proposed Transformation, including communications with (a) the Oversight Board, (b) AAFAF, (c) PREPA or any of its governing board, (d) any Supporting Holder, (e) any Concessionaire, (f) any creditor or stakeholder of PREPA other than a Supporting

Holder, (g) the news media, (h) any government official or employee, (i) Puerto Rico Public-Private Partnerships Authority, or (j) any agent of or advisor to any of the foregoing.

## OBJECTIONS TO DOCUMENT REQUEST NO. 3

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, contains no time limitation, calls for the production of information that is more readily available from other sources and parties, including the Government Parties, calls for the production of Privileged Information, calls for the production of Confidential Information, and is not calculated to lead to the discovery of admissible or relevant evidence for the 9019 Motion.  Assured further objects to this Request as subpart (j), "any agent of or advisor to any of the foregoing", is vague, ambiguous and attempts to include parties who are not readily identifiable.

Subject to and without waiving the General Objections set forth above and the Specific Objections set forth herein, Assured will produce responsive, non-privileged documents and communications concerning the Government Parties' views of the effect, if any, of the Settlement on the Proposed Transformation, if any exist in its possession, that are readily available after a reasonable search.

## DOCUMENT REQUEST NO. 4

All documents and communications concerning Your analysis or calculation of the various payments that You will receive under the terms of the Settlement.

## OBJECTIONS TO DOCUMENT REQUEST NO. 4

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, contains no time limitation, calls for the production of Privileged Information, calls for the production of Confidential Information, and is not calculated to lead to the discovery of admissible or relevant

evidence for the 9019 Motion. Assured also objects to the term "payments" as vague and ambiguous.

Subject to and without waiving the General Objections set forth above and the Specific Objections set forth herein, Assured will produce non-privileged drafts and prior versions of the RSA and any analyses requested in this Request that were shared between Assured and any of the Government Parties, if any exist in its possession, that are readily available after a reasonable search.

## DOCUMENT REQUEST NO. 5

All documents and communications concerning the nature, extent, and value of any security interest that PREPA bondholders purport to hold in assets of PREPA, including the extent to which the value of such security interest has decreased since PREPA's title III petition date, including documents evidencing or concerning any re-making, change in, or reevaluation of Your members' PREPA exposure.

## OBJECTIONS TO DOCUMENT REQUEST NO. 5

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, contains no time limitation, calls for the production of information that is more readily available from other sources and parties, including the Government Parties, calls for the production of Privileged Information, calls for the production of Confidential Information, and is not calculated to lead to the discovery of admissible or relevant evidence for the 9019 Motion. Assured further objects to the term "Your members" because it is vague and ambiguous.

Subject to and without waiving the General Objections set forth above and the Specific Objections set forth herein, in response to this Request, Assured will produce responsive, non-privileged documents that Assured previously produced in connection with the Receiver Motion, reports of Assured's expert witnesses from the Receiver Motion, and transcripts of

depositions of Assured's witnesses and Assured's experts taken in connection with the Receiver Motion.

## DOCUMENT REQUEST NO. 6

Documents sufficient to show the total principal amount of bonds that are beneficially owned or insured by Assured under the Bond Insurance Agreements.

## OBJECTIONS TO DOCUMENT REQUEST NO. 6

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, contains no time limitation, calls for the production of Privileged Information, calls for the production of Confidential Information, and is not calculated to lead to the discovery of admissible or relevant evidence for the 9019 Motion   Assured further objects to the term "Bond Reinsurance Agreements" because it is undefined, vague, and ambiguous.

Subject to and without waiving the General Objections set forth above and the Specific Objections set forth herein, in response to this Request, Assured will produce responsive, non-privileged documents that Assured previously produced in connection with the Receiver Motion, reports of Assured's expert witnesses from the Receiver Motion, and transcripts of depositions of Assured's witnesses and Assured's experts taken in connection with the Receiver Motion.

## DOCUMENT REQUEST NO. 7

Documents sufficient to show Assured's ability to bind the bonds that purports to insure with regards to the obligations set forth in the RSA.

## OBJECTIONS TO DOCUMENT REQUEST NO. 7

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, contains no time limitation, calls for the production of Privileged Information, calls for the production of

Confidential Information, and is not calculated to lead to the discovery of admissible or relevant evidence for the 9019 Motion.  Assured further objects to this Request because it calls for a legal conclusion.

Subject to and without waiving the General Objections set forth above and the Specific Objections set forth herein, in response to this Request, Assured will produce responsive, non-privileged documents that Assured previously produced in connection with the Receiver Motion, reports of Assured's expert witnesses from the Receiver Motion, and transcripts of depositions of Assured's witnesses and Assured's experts taken in connection with the Receiver Motion.

## DOCUMENT REQUEST NO. 8

All documents and communications produced in connection with the Receivership Motion or the Renewed Receivership Motion.

## OBJECTIONS TO DOCUMENT REQUEST NO. 8

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, contains no time limitation, calls for the production of information that is more readily available from other sources and parties, including the Government Parties, calls for the production of Confidential Information, and is not calculated to lead to the discovery of admissible or relevant evidence for the 9019 Motion.

Subject to and without waiving the General Objections set forth above and the Specific Objections set forth herein, in response to this Request, Assured will produce responsive, non-privileged documents that Assured previously produced in connection with the Receiver Motion.

**DOCUMENT REQUEST NO. 9**

All documents produced to any other party in connection with the Rule 9019 motion.

**OBJECTIONS TO DOCUMENT REQUEST NO. 9**

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overly broad, unduly burdensome, and calls for the production of Confidential Information.

Subject to and without waiving the General Objections set forth above and the Specific Objections set forth herein, Assured will produce responsive, non-privileged documents that it produces to other parties in connection with the Rule 9019 motion.

**DOCUMENT REQUEST NO. 10**

All documents and communications that You intend to use as exhibits or otherwise rely on at the hearing on the Rule 9019 Motion.

**OBJECTIONS TO DOCUMENT REQUEST NO. 10**

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, contains no time limitation, calls for the production of Privileged Information, and calls for the production of Confidential Information.  Assured further objects on the ground that it is not a Movant for the 9019 Motion.  Assured further objects to this Request as premature and inconsistent with the Court's Scheduling Order, which calls for the identification of trial exhibits on July 17, 2019.

Subject to and without waiving the General Objections set forth above and the Specific Objections set forth herein, Assured will produce any exhibits or other documents that it intends to use as exhibits or rely on at the hearing on the Rule 9019 Motion, if any, pursuant to the schedule set forth in the Scheduling Order.

## DOCUMENT REQUEST NO. 11

All documents and communications consisting of any spreadsheets or models concerning projected revenues from the sale of electricity or other revenue sources in Puerto Rico.

## OBJECTIONS TO DOCUMENT REQUEST NO. 11

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, contains no time limitation, calls for the production of information that is more readily available from other sources and parties, including the Government Parties, calls for the production of Privileged Information, calls for the production of Confidential Information, and is not calculated to lead to the discovery of admissible or relevant evidence for the 9019 Motion.  Assured further objects to the phrase "other revenue sources in Puerto Rico" on the grounds that it is overly broad and irrelevant to the 9019 Motion.

Subject to and without waiving the General Objections set forth above and the Specific Objections set forth herein, Assured will produce responsive, non-privileged spreadsheets and models shared between Assured and any of the Government Parties regarding PREPA's projected revenues from the sale of electricity in Puerto Rico, if any exist in its possession, that are readily available after a reasonable search.

## DOCUMENT REQUEST NO. 12

All documents and communications concerning projected demand forecasts, sales forecasts, electricity pricing forecasts, and related assumptions for electricity in Puerto Rico, including the effect, if any, of the Settlement (including the Settlement Charge and/or the Transition Charge) on such forecasts, pricing, and assumptions, and any spreadsheets or models concerning the same.

## OBJECTIONS TO DOCUMENT REQUEST NO. 12

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, contains no time limitation, calls for the production of information that is more readily available from other

parties, including the Government Parties, calls for the production of Privileged Information, calls for the production of Confidential Information, and is not calculated to lead to the discovery of admissible or relevant evidence for the 9019 Motion.

Subject to and without waiving the General Objections set forth above and the Specific Objections set forth herein, Assured will produce responsive, non-privileged documents and communications shared between Assured and any of the Government Parties regarding PREPA's projected demand forecasts, sales forecasts, electricity pricing forecasts, and related assumptions for electricity in Puerto Rico, including the effect, if any, of the Settlement (including the Settlement Charge and/or the Transition Charge) on such forecasts, pricing, and assumptions, and any such spreadsheets or models concerning the same, if any exist in its possession, that are readily available after a reasonable search.

Dated:  May 29, 2019

CASELLAS ALCOVER & BURGOS P.S.C.

By: /s/ *Heriberto Burgos Pérez*
Heriberto Burgos Pérez
USDC-PR 204809
Ricardo F. Casellas-Sánchez
USDC-PR 203114
Diana Pérez-Seda
USDC-PR 232014
P.O. Box 364924
San Juan, PR 00936-4924
Telephone:  (787) 756-1400
Facsimile:  (787) 756-1401
Email:  hburgos@cabprlaw.com
        rcasellas@cabprlaw.com
        dperez@cabprlaw.com

*Counsel for Assured Guaranty Corp. and
Assured Guaranty Municipal Corp.*

CADWALADER, WICKERSHAM & TAFT
LLP

By:/s/ *Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*
Mark C. Ellenberg*
William J. Natbony*
Ellen Halstead*
Thomas J. Curtin*
Casey J. Servais*
200 Liberty Street
New York, NY 10281
Telephone:  (212) 504-6000
Facsimile:  (212) 406-6666
Email:  howard.hawkins@cwt.com
        mark.ellenberg@cwt.com
        bill.natbony@cwt.com
        ellen.halstead@cwt.com
        thomas.curtin@cwt.com
        casey.servais@cwt.com

*Admitted pro hac vice

*Counsel for Assured Guaranty Corp. and
Assured Guaranty Municipal Corp.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served upon the counsel of record for the following parties via email:

- The Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA)

- The Financial Oversight and Management Board for Puerto Rico, in its capacity as representative of the Puerto Rico Electric Power Authority pursuant to section 315(b) of PROMESA

- The Puerto Rico Fiscal Agency and Financial Authority

At New York, New York, this 29th day of May, 2019.

By: */s/ Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*

*Admitted *pro hac vice*