**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. [1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**URGENT JOINT MOTION BY THE DRA PARTIES FOR ORDER SETTING BRIEFING SCHEDULE IN CONNECTION WITH THEIR URGENT JOINT MOTION BY THE DRA PARTIES REQUESTING THAT THE OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CLAIM OF GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO BE SUBJECT TO THE ORDER REGARDING STAY AND MANDATORY MEDIATION**

**COME NOW** AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds that the DRA issued pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018, and the approved Qualifying Modification for the Government Development Bank for Puerto Rico (the "GDB")[2] under Title VI of the *Puerto Rico Oversight, Management and Economic Stability Act* (the "Collateral Monitor", and together with the Servicer,

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

[2] *See* Dkt. No. 270 of Civil Case No. 18- 01561 (LTS) (Nov. 7, 2018).

collectively, the "DRA Parties"), by and through their respective undersigned legal counsel, and respectfully submit this urgent motion (the "Urgent Motion") requesting that the Court enter an order, substantially in the form attached hereto, setting a briefing schedule with respect to the DRA Parties' *Urgent Joint Motion by the DRA Parties Requesting that the Objection of Official Committee of Unsecured Creditors to Claim of Government Development Bank for Puerto Rico be Subject to the Order Regarding Stay and Mandatory Mediation* (the "Motion to Insert into Mediation ").

## I. PRELIMINARY STATEMENT

The Motion to Insert into Mediation requests that that the *Objection of Official Committee of Unsecured Creditors to Claim of Government Development Bank for Puerto Rico against Commonwealth of Puerto Rio [Claim Number 29,485]* (the "Objection") (Dkt. No. 8000) be included in the mediation imposed by the Court in its *Order Regarding Stay and Mandatory Mediation* (the "Mediation Order") (Dkt. No. 8244). This Urgent Motion is a request to set an expedited briefing schedule on the Motion to Insert into Mediation. Specifically, the DRA Parties respectfully request that the Court direct that any responses to the Motion to Insert into Mediation be due on September 6, 2019, replies be due on September 9, 2019, and that the Motion to Insert into Mediation, along with its corresponding responses, be heard on the September 11, 2019 Omnibus Hearing. Counsel for the Official Committee of Unsecured Creditors for the Commonwealth of Puerto Rico (the "UCC") has consented to this proposed schedule.

## II. JURISDICTION, VENUE, AND STATUTORY BASES

The Court has subject-matter jurisdiction over this matter pursuant to section 306(a) of PROMESA. Venue is proper in this district pursuant to section 307(a) of PROMESA.

2

## III  RELIEF REQUESTED

1. By this Urgent Motion, the DRA Parties seek the entry of the attached Proposed Order setting an expedited briefing schedule for the Motion to Insert into Mediation.

2. On July 15, 2019, the UCC filed its Objection seeking the disallowance of the GDB Claim[3] under sections 502(d) and 502(b)(1) of the Bankruptcy Code, as well as the avoidance of the liens securing the GDB Claim pursuant to section 506(d) of the Code. *See* 11 U.S.C. §§ 502(b)(1), 502(d), and 506. *See* Dkt. No. 8000.

3. On July 24, 2019, the Court entered the Mediation Order staying a broad scope of litigation, and subjecting numerous parties to a mandatory mediation process, with clear objectives in mind: the avoidance of piecemeal litigation on overlapping issues and the development of a process to bring this Title III proceeding closer to confirmation of a consensual plan of adjustment. *See* Dkt. 8244. To accomplish these goals, the Court gave the Mediation Team broad authority on a wide range of topics in this case.

4. While not listed in Appendix 1 to the Mediation Order, the Objection falls squarely within the scope and matters envisioned by the Mediation Order: (i) it raises arguments and seeks relief mirrored by other adversary complaints already subject to the stay and mandatory mediation process; (ii) it addresses issues that are integral to confirmation of a plan of adjustment, mainly the claims allowance process; and (iii) it deals with significant issues related to parties already slated to play meaningful roles in the mediation process.

5. Because of this, and given the Mediation Order's breadth, the DRA Parties understand that the Objection should be subject to the Mediation Order.

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion to Insert into Mediation.

3

6. Subsequent to entry of the Mediation Order, the DRA Parties requested that the UCC consent to include the Objection in the stay and mandatory mediation process, consistent with this Court's desire to have a coordinated litigation processes.

7. The UCC did not consent to this request. The DRA Parties worked with the UCC to determine a potential scheduling for the Objection. However, after examining that potential calendar, the DRA Parties concluded that this matter best belonged in the mediation, thus resulting in the filing of the Motion to Insert into Mediation at this time. The undersigned notified counsel to the UCC of their intent to file the Motion to Insert into Mediation.

8. The undersigned notified counsel to the UCC of their intent to file the Motion to Insert into Mediation, which filing occurred at this juncture in order to allow the Objection to be timely inserted in order to improve the efficiency of the mediation process.

9. Good cause exists to set an expedited briefing schedule for consideration of the Motion to Insert into Mediation because timely inclusion of the Objection into the Mediation Order will allow for a better efficiency of the mediation process as whole, which process is set to expire by November 30, 2019.

10. Accordingly, the DRA Parties request that objections to the Motion to Insert into Mediation be scheduled for September 6, 2019, replies be scheduled for September 9, 2019, and the Motion to Insert into Mediation (along with its corresponding responses) be heard at the next Omnibus Hearing on September 11, 2019.

11. Counsel for the DRA Parties discussed this proposed schedule with counsel for the UCC, who does not object to it.

### VI. CERTIFICATION

12. Pursuant to Local Rule 9013-1 and paragraph I.H of the *Tenth Amended Notice, Case Management, and Administrative Procedures* (Dkt. 8027-1), the DRA Parties hereby

4

certify that they have (a) carefully examined the matter and concluded that there is a true need for an urgent ruling; (b) not created the urgency through a lack of due diligence; (c) made a bona fide effort to resolve the matter without filing the Motion to Insert into Mediation; (d) made reasonable, good faith communications in an effort to resolve or narrow the issues being brought to the court; and (e) conferred with the UCC who, as of the date of this filing, have not informed the DRA Parties of their intent to oppose the relief requested herein.

**WHEREFORE**, for the foregoing reasons, the DRA Parties respectfully request this Court to enter an order substantially in the form of **Exhibit A** hereto.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 27th day of August, 2019.

| | |
|---|---|
| **MCCONNELL VALDÉS LLC** | **C. CONDE & ASSOC. LAW OFFICES** |
| 270 Muñoz Rivera Avenue, Suite 7<br>Hato Rey, Puerto Rico 00918<br>PO Box 364225<br>San Juan, Puerto Rico 00936-4225<br>Telephone: 787-250-5632<br>Facsimile: 787-759-9225 | By: */s/ Carmen D. Conde Torres*<br><br>Carmen D. Conde Torres<br>(USDC No. 207312)<br>254 San José Street<br>Suite 5<br>San Juan, PR 00901-1523 |
| By: */s/Arturo J. García-Solá*<br>Arturo J. García-Solá<br>USDC No. 201903<br>Email: ajg@mcvpr.com | Tel. 787-729-2900<br>Fax. 787-729-2203<br>E-Mail: condecarmen@condelaw.com<br><br>*-and-* |
| By: */s/Nayuan Zouairabani*<br>Nayuan Zouairabani<br>USDC No. 226411<br>Email: nzt@mcvpr.com | **ORRICK, HERRINGTON & SUTCLIFFE LLP** |
| *Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority* | By: */s/ Douglas S. Mintz*<br>Douglas S. Mintz (admitted pro hac vice)<br>Columbia Center<br>1152 15th Street, N.W.<br>Washington, D.C. 20005-1706<br>Telephone: (202) 339-8400<br>Facsimile: (202) 339-8500<br>E-mail: dmintz@orrick.com<br><br>and<br>Peter Amend (admitted pro hac vice)<br>51 West 52nd Street<br>New York, N.Y. 10019<br>Telephone: (212) 506-5000<br>E-mail: pamend@orrick.com<br><br>*Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority* |

6