# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al,*<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## OBJECTION OF THE PUERTO RICO SALES
## TAX FINANCING CORPORATION TO MOTION TO COMPEL
## BROUGHT BY INDIVIDUAL COFINA BONDHOLDER

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Draft Hein MTC Opposition; 1

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................. 1

PROCEDURAL HISTORY................................................................................. 3

ARGUMENT ........................................................................................................ 9

    A.    The Court Cannot Compel Responses to the Discovery Requests Because
    It Lacks Jurisdiction to Consider the Arguments Hein Seeks to Raise.................. 9

    B.    In Any Event, the Discovery Requests Seek Documents and Information
    That Are Irrelevant to Determinations Regarding Hein's Proof of Claim............ 12

    C.    Hein Ignores the Significant Burden His Requests Impose.................................. 16

    D.    The Discovery Requests, by their Overbroad Nature, May Seek
    Documents Protected by Confidentiality Agreements.......................................... 18

    E.    Because the Discovery Requests Are Broad in Scope, They Likely
    Implicate Privileged Communications................................................................. 19

CONCLUSION...................................................................................................... 21

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Alphas Co. v. Empacadora, GAB, Inc.*,
　519 F. App'x. 692 (1st Cir. 2013) ........................................................................................11

*Am. Nat'l Bank & Trust Co. of Chi. v. Equitable Life Assurance Soc'y of U.S.*,
　406 F.3d 867 (7th Cir. 2005) ...............................................................................................20

*Amorim Holding Financeira S.G.P.S., S.A. v. C.P. Baker & Co., Ltd.*,
　No. 09-10641-DPW, 2011 WL 5879433 (D. Mass. Nov. 22, 2011) .....................................17

*Ayanna v. Dechert, LLP*,
　No. 10-cv-12155-NMG, 2011 WL 6370945 (D. Mass. Dec. 19, 2011) ................................17

*Caban Hernandez v. Philip Morris USA, Inc.*,
　486 F.3d 1 (1st Cir. 2007) ....................................................................................................11

*Dorel Juvenile Grp., Inc. v. Summer Infant, Inc.*,
　No. MC 06-91, 2006 WL 2927321 (D.R.I. Oct. 11, 2006) ...................................................17

*Grand River Enters. Six Nations, Ltd. v. King*,
　No. 02-cv-5068(JFK), 2008 WL 4600939 (S.D.N.Y. Oct. 14, 2008) ...................................20

*Griggs v. Provident Consumer Disc. Co.*,
　459 U.S. 56 (1982) .................................................................................................................9

*In re Bard IVC Filters Liab. Litig.*,
　317 F.R.D. 562 (D. Ariz. 2016) ...........................................................................................13

*In re Dep't of Justice Subpoenas to ABC*,
　263 F.R.D. 66 (D. Mass. 2009) ............................................................................................20

*In re Fin. Oversight & Mgmt. Bd. for P.R.*,
　No. 17-bk-3283, 2019 WL 2929001 (D.P.R. July 8, 2019) ..................................................20

*In re Joy Glob., Inc.*,
　No. 01-039-LPS, 2008 WL 2435552 (D. Del. June 16, 2008) .........................................20, 21

*In re One Bancorp Securities Litig.*,
　151 B.R. 1 (D. Me. 1993) .....................................................................................................12

*In re Prograf Antitrust Litig.*,
　No. 11-md-02242-RWZ, 2013 WL 500881 (D. Mass. Feb. 12, 2013) .................................19

*Macera v. Mortg. Elec. Registration Sys., Inc.*,
  719 F.3d 46 (1st Cir. 2013).............................................................................11

*Muro v. Target Corp.*,
  250 F.R.D. 350 (N.D. Ill. 2007)......................................................................20

*Saalfrank v. Town of Alton*,
  No. 08-cv-46-JL, 2009 WL 3578459 (D.N.H. Oct. 27, 2009)................................12

*Stamps v. Town of Framingham*,
  38 F. Supp. 3d 134 (D. Mass. 2014) ..................................................................20

*United States v. Brooks*,
  145 F.3d 446 (1st Cir. 1998).............................................................................9

*Wal-Mart Puerto Rico, Inc. v. Zaragoza-Gomez*,
  No. 3:15-cv-03018-JAF, 2016 WL 109885 (D.P.R. Jan. 8, 2016) .........................12

*Yates v. State Farm Fire & Casualty Co.*,
  No. 7:13-cv-233-KS, 2017 WL 5632939 (E.D.N.C. May 15, 2017)......................10

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this objection (the "Objection") to the *Notice of Hearing and Motion to Compel Brought by Individual COFINA Bondholder* [ECF No. 8487] (the "Motion"), filed by Peter C. Hein ("Hein"), and, in support of the Objection, respectfully states as follows:

## PRELIMINARY STATEMENT

1.      The Motion seeks to compel responses to six document requests and three interrogatories, all of which seek discovery regarding a Tax Exemption Implementation Agreement[3] between COFINA and the IRS.  Hein propounded this discovery in conjunction with his Response (as defined below), which was filed at the Court's direction and with the expectation that it would provide "meat to the bones" regarding the assertions made by Hein under the United States Constitution and the Puerto Rico Constitution and in the context of his proof of claim filed against COFINA.

2.      Unfortunately, the Response did nothing of the sort.  Instead, continuing the mantra espoused in his pending appeal before the First Circuit, it purports to find fault with this Court and the process by which the COFINA plan of adjustment was proposed, confirmed and implemented, including, *inter alia*, Hein's assertion that the Disclosure Statement contained inadequate

---

[2]      PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3]      Capitalized terms not defined herein shall have the meanings ascribed to them in the *Supplement of Puerto Rico Sales Tax Financing Corporation to Thirteenth Omnibus Objection (Non-Substantive) to Duplicate Claims and Reply to Hein Submissions*, [ECF No. 7958], 3-7 ("Supplement to the Thirteenth Omnibus Objection").

information because it did not mention the Tax Exemption Implementation Agreement.[4]  Because

Hein's appeal remains pending, this Court lacks jurisdiction to consider the arguments raised by

the Response.  Likewise, the Court lacks jurisdiction to consider the Motion for the same reasons,

as it seeks discovery solely to support Hein's arguments that the Disclosure Statement did not

contain adequate information because it did not disclose the Tax Exemption Implementation

Agreement.

      3.     Moreover, the discovery sought by the Motion is not relevant to any issues

remaining before the Court with respect to Hein's proof of claim against COFINA, the sole issue

he was asked to develop in the Response.  The Motion only seeks documents and information

regarding the Tax Exemption Implementation Agreement.  But, as COFINA already explained in

its previous submission, Hein has not—and cannot—identify any connection between the Tax

Exemption Implementation Agreement (or the alleged deficiencies in the Disclosure Statement),

on the one hand, and any liabilities owed to him by COFINA, on the other hand.

      4.     And, although the Motion describes the discovery as "targeted," it is in fact

anything but.  One request seeks the production of "any documents," submitted by "any person,"

in support of any request for a private letter ruling or closing agreement.  Other requests seek any

documents that "reflect or refer to" the transmittal of any draft of private letter ruling request,

closing agreement, or IRS determination to any person who is not an agent of COFINA, the

Oversight Board, the Commonwealth, or the IRS.  Responding to these requests would require

---

[4]     The Response also asserted myriad purported constitutional and statutory violations that
Hein contends arise from the release or discharge of his bond claim.  As COFINA has already
explained in numerous previous submissions, each one of those alleged violations was before the
Court when it confirmed the COFINA Plan, and are now before the First Circuit in connection
with Hein's appeal of this Court's confirmation of the COFINA Plan.

extensive search and review of potentially thousands of documents, many likely privileged—even though the documents produced would have no relevance to the issues pending before this Court— the proof of claim.

5.      In sum, the Motion seeks to compel COFINA to respond to document requests and interrogatories, even though this Court lacks jurisdiction to consider the discovery, the documents and information requested are irrelevant to any issues remaining before the Court, and full responses to the requests would require searching for and reviewing potentially large volumes of documents.  The Motion should be denied in its entirety.

## **PROCEDURAL HISTORY**

6.      Hein filed his proof of claim against COFINA on May 4, 2018, and it was logged by Prime Clerk as Proof of Claim No. 10701 (the "Claim").[5]  In his Claim, Hein included an attachment in which he purported to assert and reserve "all rights and claims under applicable law, including but not limited to the United States Constitution and the Puerto Rico Constitution," as well as "all rights and claims asserted in these proceedings by other holders of the type of bonds purchased and held by [Hein]." Claim at 6.

7.      On November 16, 2018, the Oversight Board filed the *Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation* [ECF No. 4296] and *Disclosure Statement for the Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 4299].  While several objections to the Disclosure Statement were filed, Hein did not interpose an objection.

8.      A hearing was held on November 20, 2018, to consider the adequacy of the

---

[5]      A complete procedural history of the parties' dispute surrounding Hein's Claim was provided in Supplement to the Thirteenth Omnibus Objection.

Disclosure Statement. [ECF No. 4353.] Thereafter, on November 26, 2018, the Oversight Board filed a *Second Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 4363] and a related *Disclosure Statement for the Second Amended Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation* [ECF No. 4366] (the "Disclosure Statement").

9.     On December 4, 2018, the Oversight Board filed the *Puerto Rico Sales Tax Financing Corporation's Thirteenth Omnibus Objection (Non-Substantive) to Duplicate Bond Claims* [ECF No. 4417] (the "Thirteenth Omnibus Objection"), seeking to disallow in their entirety five hundred (500) duplicate proofs of claim (the "Duplicate Claims"), including the Claim, on the grounds that they were duplicative of a master proof of claim filed in COFINA's Title III Case by The Bank of New York Mellon ("BNYM"), as trustee of the prepetition bonds issued by COFINA. *See* Thirteenth Omnibus Objection, Ex. A, Line 413.

10.     On December 28, 2018, Hein filed the *Objection, of Individual COFINA Subordinate Bondholder Residing in the 50 States Who Purchased at the Original Offering Prices, to Confirmation of Puerto Rico Sales Tax Financing Corporation ("COFINA") Plan, and Response and Opposition to COFINA's Thirteenth Omnibus Objection to Individual Claim No. 10701* [ECF No. 4585] (the "Hein Objection"), which, in reality, objected to confirmation of the COFINA Plan and, as a tag along, responded to the Thirteenth Omnibus Objection. Specifically, thirty-five pages of the Hein Objection addressed Hein's objections to confirmation of the COFINA Plan. But, in the final two paragraphs of the Hein Objection, Hein summarily asserts that the Claim is not duplicative because BNYM has not "submitted and asserted all of the claims made by me in claim No. 10701, which included all rights and claims under applicable law, including but not limited to the United States Constitution and the Puerto Rico Constitution,. . . .

4

Furthermore, . . . the Trustee has not [] asserted all of the claims, responses, and objections to confirmation . . . that are described in Sections I through IV above." Hein Objection at 35-36.

11.     In the months following the filing of the Hein Objection, Hein filed various "supplements" thereto.[6]   None of these filings substantively addressed the Thirteenth Omnibus Objection.   Rather, each provided additional argument regarding Hein's statutory and constitutional objections to confirmation of the COFINA Plan.

12.     As the Court is aware, on January 16 and 17, 2019, the Court conducted a hearing to consider, among other things, confirmation of the COFINA Plan.   At that time, Hein presented evidence and legal argument regarding the numerous allegations raised in the Hein Objection, the Supplement, the Second Supplement, and even the Third Supplement.   Upon consideration of all of the evidence submitted and arguments proffered, including by Hein, the COFINA Plan was confirmed by the Court on February 4, 2019,[7] and on February 5, 2019, the Court issued an *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of*

---

[6]     These filings include the *Supplement to Objection, of Individual COFINA Subordinate Bondholder Residing in the 50 States Who Purchased at the Original Offering Prices, to Confirmation of Puerto Rico Sales Tax Financing Corporation ("COFINA") Plan Scheduled for Hearing January 16, 2019, and Response and Opposition to COFINA's Thirteenth Omnibus Objection to Individual Claim No. 10701* [ECF No. 4595] (the "Supplement"), the *Second Supplement to Objection, of Individual COFINA Subordinate Bondholder Residing in the 50 States Who Purchased at the Original Offering Prices, to Confirmation of Puerto Rico Sales Tax Financing Corporation ("COFINA") Plan Scheduled for Hearing January 16, 2019, and Response and Opposition to COFINA's Thirteenth Omnibus Objection to Individual Claim No. 10701* [ECF No. 4673] (the "Second Supplement"), the *Further Response and Opposition, of Individual COFINA Subordinate Bondholder Residing in the 50 States Who Purchased at the Original Offering Prices, to COFINA's Thirteenth Omnibus Objection to Individual Claim No. 10701, and in Further Opposition to Confirmation of Puerto Rico Sales Tax Financing Corporation ("COFINA") Plan* [ECF No. 5041] (the "Third Supplement").

[7] *See Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Tax Financing Corporation* [ECF No. 5048].

*Puerto Rico Sales Tax Financing Corporation* [ECF No. 5055] (the "<u>Amended Confirmation</u>

<u>Order</u>") and an *Amended Memorandum of Findings of Fact and Conclusions of Law in Connection*

*with Confirmation of the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax*

*Financing Corporation* [ECF No. 5053] (the "<u>Amended Confirmation Memorandum</u>").

13.     The COFINA Plan became effective on February 12, 2019, when the transactions

contemplated therein were consummated.  [ECF No. 5104.]

14.     Thereafter, Hein filed a Notice of Appeal of the Court's entry of the Amended

Confirmation Order, which was docketed as Case No. 19-1182 [ECF No. 5166] (the "<u>Notice of</u>

<u>Appeal</u>").

15.     Refusing to let the COFINA Plan process be handled by the appellate court, on

April 15, 2019, Hein filed the *Supplement to Response and Opposition, of Individual COFINA*

*Subordinate Bondholder Residing in the 50 States Who Purchased at the Original Offering Prices,*

*to COFINA's Thirteenth Omnibus Objection to Individual Claim No. 10701* [ECF No. 6283] (the

"<u>April Supplement</u>").  The April Supplement asserted numerous objections to the adequacy of the

Disclosure Statement.  *Id.* at 1-5.  The April Supplement did not, however, articulate how Hein's

complaints regarding the Disclosure Statement were connected to the liabilities asserted in the

Claim, let alone explain how these arguments resulted in any additional liabilities owed by

COFINA to Hein.

16.     At the April 24, 2019 omnibus hearing (the "<u>April 24 Hearing</u>"), the Court ruled

that certain elements of the Claim were duplicative, but, because of the vagueness of the assertions

in the Claim, Hein would be permitted to submit further briefing as to his constitutional claims.

*See* April 24 Hr'g Tr. 178-179.

17.     Hein filed the *Response to Request by FOMB for Additional Information*

*Concerning Nature of Constitutional and Other Claims Asserted in Claim No. 10701* [ECF No. 7211] (the "Response") on June 3, 2019. Rather than articulating whether and how Hein's constitutional claims resulted in additional liabilities owed by COFINA, Hein instead offered two categories of complaints regarding the COFINA Plan: (1) Hein purported to find fault with the process by which the COFINA Plan was proposed, confirmed and implemented, identifying alleged flaws in the Disclosure Statement, including the alleged failure to disclose the Tax Exemption Implementation Agreement, and the process by which bondholders received distributions pursuant to the related COFINA Plan; and (2) Hein asserted numerous purported constitutional and statutory violations that Hein believes might arise from the release or discharge of his bond claim, all of which were before the Court when it confirmed the COFINA Plan.

18.     On June 19, 2019, Hein served the *Interrogatories and Requests for Production of Individual COFINA Bondholder (Claim No. 10701) to FOMB and COFINA* (the "Discovery Requests") upon counsel for COFINA and AAFAF. The Discovery Requests seek documents and information regarding the Tax Exemption Implementation Agreement, any private letter ruling or closing agreement request sent to the IRS, the closing agreement, or the determination provided to COFINA by the IRS, as well as "any documents that reflect or refer to the transmittal of any drafts, preliminary or final versions" of the private letter ruling or closing agreement request, the closing agreement, or the determination provided to COFINA, to individuals who are not agents of the Oversight Board, COFINA, the IRS, or the Commonwealth. Mot. at Ex. A, at 2.

19.     The Discovery Requests bear no relationship to the liabilities Hein, a holder of COFINA subordinate bonds, asserted in his Claim. Rather, the documents and information sought by the Discovery Requests relate solely to arguments Hein has raised time and again regarding the adequacy of the Disclosure Statement and this Court's decision to confirm the COFINA Plan.

7

20.     Several of the Discovery Requests are also exceptionally broad.  For example, Document Request No. 4 seeks "*any* documents that *any* person submitted to the IRS, or *any* other government office or agency," without limitation as to whether those documents are even in the possession, custody or control of COFINA (emphasis added).  Likewise, Documents Requests Nos. 5 and 6 seek "any documents that reflect or refer to the transmittal of any drafts, preliminary or final versions" to "any person who is or was a bondholder or attorney or other representative of a bondholder" and "any person who is **not** an employee, officer, attorney for, or agent of, FOMB, COFINA, the Commonwealth or the IRS."  Mot. at Ex. A, at 1-2.

21.     On July 12, 2019, COFINA filed the Supplement to the Thirteenth Omnibus Objection, which explained, *inter alia*, that this Court lacks jurisdiction over the arguments raised by Hein's Response.

22.     On July 19, 2019, COFINA served the *Responses and Objections of the Financial Oversight and Management Board for Puerto Rico, as representative for the Puerto Rico Sales Tax Financing Corporation, to Individual Bondholder's (Claim No. 10701) Interrogatories and Requests for Production* (the "Discovery Responses").  The Discovery Responses asserted that COFINA would not respond to certain of the Discovery Requests on several bases: first, the Discovery Requests sought documents and information related to Hein's arguments regarding the sufficiency of the Disclosure Statement, and this Court lacks subject matter jurisdiction to consider that issue during the pendency of Hein's appeal of this Court's orders approving the Disclosure Statement and confirming the COFINA Plan; second, the Discovery Requests sought information that was not relevant to the determination of Hein's Claim; third, Hein's requests for documents "referring or reflecting" the transmittal of certain documents were overly broad and unduly burdensome and would require review of a large volume of documents; and fourth, to the extent

Hein's requests implicated privileged communications or communications protected by a confidentiality agreement, COFINA interposed objections to preserve its rights to withhold production of documents on those grounds. The parties engaged in a "meet and confer," wherein no resolution was reached. The Motion followed.

## **ARGUMENT**

**A.     The Court Cannot Compel Responses to the Discovery Requests Because It Lacks Jurisdiction to Consider the Arguments Hein Seeks to Raise.**

23.     Hein summarily asserts that "there is no basis for saying there is a lack of jurisdiction" for discovery "related to my response to [COFINA's] objection," and contends that this Court can compel responses to the Discovery Requests even though his pending appeal encompasses the very same issues his Discovery Requests address. Mot. at 7. Hein's position is contrary to law.

24.     As COFINA already explained in the Supplement to the Thirteenth Omnibus Objection, it is beyond peradventure that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). This divestiture of jurisdiction extends to "any matter touching upon, or involved in, the appeal"—including, here, both the constitutional and statutory claims Hein raises and the myriad complaints Hein lodged regarding the COFINA Plan process. *United States v. Brooks*, 145 F.3d 446, 455-456 (1st Cir. 1998).

25.     Each of the Discovery Requests seeks documents and information related solely to Hein's argument that the Disclosure Statement was inadequate because it did not mention a private letter ruling request. But, Hein's arguments regarding the Disclosure Statement are encompassed

9

within his appeal, which seeks review of this Court's order approving the Disclosure Statement.
*See Joint Notice of Appeal to the United States Court of Appeals for the First Circuit* [ECF No.
5166], at 2.  Because Hein's objections to the Disclosure Statement are before the First Circuit and
will be resolved in that forum, this Court lacks jurisdiction to compel discovery relating to the
same issues.  *See Yates v. State Farm Fire & Casualty Co.*, No. 7:13-cv-233-KS, 2017 WL
5632939, at *1 (E.D.N.C. May 15, 2017) ("[Plaintiffs'] appeal of the court's judgment in this case
divested the court of jurisdiction to entertain their motion to compel discovery.").

26.     Hein's sole rejoinder is that, at the April 24, 2019 omnibus hearing (the "April 24
Hearing"), counsel for COFINA stated that the pendency of the appeal was not related to the
existence of the Thirteenth Omnibus Objection.  Mot. at 7.  That argument ignores the procedural
posture of the parties' dispute at the April 24 Hearing: at that time, all that was before the Court
was COFINA's objection to Hein's Claim as duplicative of a master proof of claim filed on behalf
of COFINA bondholders by BNYM.  In responding to the Thirteenth Omnibus Objection, Hein
asserted that his Claim was not wholly duplicative of the master proof of claim; Hein did not
articulate, however, what additional liabilities Hein intended to assert against COFINA through
the Claim.

27.     This Court preliminarily agreed not to disallow Hein's Claim in its entirety because,
according to the Court, it "targets a broader set of rights . . . including entitlement to all rights and
claims under applicable law, including the Constitutions of the United States and Puerto Rico."
April 24 Hr'g. Tr. 178: 9-12.  COFINA's counsel then noted that the Claim, which included only
two sentences that purported to preserve "all rights and claims under applicable law, including but
not limited to the United States Constitution and the Puerto Rico Constitution," did not provide
sufficient information for COFINA to apprehend what additional liabilities Hein purported to

10

assert.  Claim at 6.  Accordingly, COFINA requested a schedule by which Hein could "put[] a little

bit more meat on those two bones" of his Claim, so that COFINA "could adequately respond and

object"; this Court granted that request.  *Id.* at 179:5-9.

28.     Hein's Response, however, makes clear that Hein did not intend to assert through

his Claim any additional liabilities owed by COFINA arising out of his constitutional and statutory

arguments.  Instead, he intended to use his Claim as a vehicle to (1) belatedly attack the adequacy

of the Disclosure Statement and (2) rehash the exact same constitutional and statutory arguments

that this Court had already considered—and rejected—when it confirmed the COFINA Plan.  It is

for this reason that COFINA, having had the opportunity to review Hein's Response, now asserts

that the Court lacks jurisdiction over the arguments Hein raises in support of his Claim.

29.     In any event, the fact that COFINA did not raise the argument that this Court lacks

subject matter jurisdiction at the April 24 Hearing is of no moment, because it remains black-letter

law that lack of subject matter jurisdiction cannot be waived and may be raised at any time.  *See,

e.g.*, *Macera v. Mortg. Elec. Registration Sys., Inc.*, 719 F.3d 46, 49 (1st Cir. 2013) ("[S]ubject-

matter jurisdiction . . . [is] beyond the parties' power to stipulate or confer by waiver of objection

if asleep.  And, as noted, a court is not free to wink at a subject-matter defect."); *Alphas Co. v.

Empacadora, GAB, Inc.*, 519 F. App'x. 692, 693 (1st Cir. 2013) ("After all, it is settled beyond

hope of contradiction that a party cannot confer subject matter jurisdiction, otherwise absent, by

waiver, consent, or indolence."); *Caban Hernandez v. Philip Morris USA, Inc.*, 486 F.3d 1, 5 (1st

Cir. 2007) ("Ordinary raise-or-waive rules do not apply with respect to claims that a court lacks

subject-matter jurisdiction.").  COFINA has not—and, indeed, cannot—waive its objection on the

grounds that this Court lacks subject-matter jurisdiction.  Because this Court lacks jurisdiction to

11

consider the arguments Hein raises while those same issues are being heard and determined by the

First Circuit, this Court likewise lacks jurisdiction to compel the discovery Hein seeks.

**B.  In Any Event, the Discovery Requests Seek Documents and Information That
Are Irrelevant to Determinations Regarding Hein's Proof of Claim.**

30.   According to Hein, the Discovery Requests are "relevant to my Claim No. 10701"

for three reasons: first, because Hein "continu[es] to press [his] non-dischargeable Constitutional

claims," Mot. at 8; second, because, according to Hein, "there is a broader issue about FOMB's

lack of candor that is pertinent to all of these cases," Mot. at 9; and third, because the discovery is

relevant to certain statements made in the Supplement to the Thirteenth Omnibus Objection, Mot.

at 12.  None of these assertions, however, tie the Discovery Requests to the only remaining issue

before the Court with respect to Hein's Claim: whether the Claim asserts any additional liabilities

against COFINA that are not duplicative of the liabilities asserted by the master proof of claim

filed by BNYM on behalf of COFINA bondholders.

31.   To be entitled to an order compelling the discovery Hein seeks, the Discovery

Requests must be relevant to the issues remaining before the Court with respect to his Claim.  *See*

*Wal-Mart Puerto Rico, Inc. v. Zaragoza-Gomez,* No. 3:15-cv-03018-JAF, 2016 WL 109885, at *2

(D.P.R. Jan. 8, 2016) (in a case involving Wal-Mart challenge to the legality of a tax, rejecting

Commonwealth's request for discovery into Wal-Mart PR's internal financial data and holding

that Commonwealth failed to show "how prolonged discovery about the financial innards of Wal-

Mart PR, one taxpayer amongst many, is 'relevant' or 'proportional'"); *Saalfrank v. Town of Alton*,

No. 08-cv-46-JL, 2009 WL 3578459, at *3 (D.N.H. Oct. 27, 2009) (noting that "the party seeking

information in discovery over an adversary's objection has the burden of showing its relevance,"

and denying motion to compel because movant failed to meet that burden) (citing *Greater*

*Newburyport Clamshell Alliance v. Pub. Serv. Co. of N.H.*, 838 F.2d 3, 20 (1st Cir. 1998)); *In re One Bancorp Securities Litig.*,151 B.R. 1, 12 (D. Me. 1993) (denying document requests that were "overbroad, burdensome, and irrelevant"). They are not.

32.      *First*, Hein asserts, in conclusory fashion, that the discovery he seeks is relevant to his allegedly non-dischargeable constitutional claims. It is not. As explained in COFINA's Supplement to the Thirteenth Omnibus Objection, Hein's Response asserts two different arguments: (1) arguments contesting the process by which the COFINA Plan was proposed, confirmed, and implemented, including alleged flaws in the Disclosure Statement and the process by which bondholders received distributions pursuant to the COFINA Plan; and (2) arguments regarding alleged constitutional and statutory violations that purportedly arise from the release or discharge of Hein's bond claim. As COFINA already explained in the Supplement, Hein's objections to the COFINA Plan process and Hein's constitutional and statutory arguments are presently before the First Circuit in connection with Hein's pending appeal. Even if any portion of these arguments remains for determination before this Court, however, the documents and information sought by the Discovery Requests relate only to the first set of arguments, namely, Hein's contention that the COFINA Plan process was flawed. Hein has never attempted to tie his arguments regarding the COFINA Plan process to the allegedly "non-dischargeable constitutional" violations that he continues to press before this Court.

33.      In other words, even if this Court were to determine that Hein still held certain "non-dischargeable constitutional claims" against COFINA, Hein has already conceded that the Discovery Requests bear no relationship to those claims. Because the Discovery Requests are not "relevant to [Hein's constitutional] claims," this Court should deny Hein's efforts to compel responses to them. *In re Bard IVC Filters Liab. Litig.*, 317 F.R.D. 562, 564-565 (D. Ariz. 2016).

13

34.     *Second*, Hein's baseless assertion that the Discovery Requests are relevant because of purported "lack of candor" by the Oversight Board likewise does not entitle Hein to the discovery he seeks.  Mot. at 9.  Needless to say, the Oversight Board disputes any implication that it was less than forthcoming with bondholders about the potential federal income tax consequences of the COFINA Plan on bondholders, as evidenced by the fact that over 20 pages of the Disclosure Statement were devoted to a discussion of that very topic.  Regardless, unsupported attacks on the Oversight Board's candor cannot render the discovery Hein seeks from COFINA relevant to the Claim and any issues currently pending before the Court with respect thereto.

35.     *Third*, Hein contends that the Discovery Requests are relevant because, according to Hein, they are critical to testing three statements made by COFINA in the Supplement to the Thirteenth Omnibus Objection.  However, none of the statements Hein points to have any relationship to the Tax Exemption Implementation Agreement, which is the crux of the Discovery Requests.  Instead, Hein cites each of these statements without any context in order to manufacture a potential connection between them and the Discovery Requests; in fact, none of the statements Hein seeks to "test" have any bearing on Hein's arguments regarding the Tax Exemption Implementation Agreement.

36.     To start, Hein claims that discovery is needed to test COFINA's statement that the Disclosure Statement was "always clear."  Mot. at 12.  The Supplement to the Thirteenth Omnibus Objection stated: "The Disclosure Statement was always clear, however, that the exact proportion, availability, and tax treatment of Tax-Exempt COFINA Bonds was uncertain" at the time the Disclosure Statement was issued.  No discovery is needed to test this assertion, because it is clear from the face of the Disclosure Statement, which plainly states that "[t]he proportion of COFINA bonds that will be issued as tax-exempt debt is uncertain,"  and that "[t]he manner in which interest

14

accruals should be calculated with respect to the COFINA Bonds for U.S. tax purposes is uncertain." ECF No. 4299 at 189.

37.      Hein next claims that the Discovery Requests are needed because the Supplement to the Thirteenth Omnibus Objection states that "Hein should ultimately have received 'within pennies' of what he was owed pursuant to the Plan." Mot. at 12. This statement addressed Hein's allegations that the allegedly "chaotic" bond exchange process may have resulted in recoveries below those described by the Disclosure Statement, particularly for individual bondholders such as Hein.[8] Indeed, whether Hein ultimately received the amount he was owed under the COFINA Plan has no bearing on Hein's assertions that the Disclosure Statement somehow misled him because it did not reference the private letter ruling request.

38.      Lastly, Hein claims that he requires the requested discovery in order to test COFINA's assertion that "giving Puerto Rico investors 'a supplemental 2% cash recovery in lieu of a mix of taxable and tax-exempt bonds' does not represent 'an improper boon' to Puerto Rico investors." Mot. at 12. Again, that statement—which addressed Hein's contention that certain COFINA Plan negotiators received improper special benefits—has no relationship to Hein's assertions regarding the need for disclosure of the private letter ruling request.

39.      Because the Discovery Requests do not seek documents and information that are relevant to the question whether Hein's Claim asserts additional liabilities against COFINA, the motion to compel should be denied.

---

[8]      Notably, COFINA introduced evidence regarding this issue at the April 24 Hearing, which Hein attended. Hein did not object or otherwise contest the evidence presented by COFINA at that time.

C.      **Hein Ignores the Significant Burden His Requests Impose.**

40.     Hein complains that COFINA's burden objections are "conclusory," and that certain of his requests—in particular, the requests seeking the private letter ruling or closing agreement request and the determination and closing agreement—are not burdensome.  Mot. at 8. In so doing, Hein misconstrues COFINA's burden objection and ignores the broad scope of his requests for communications.

41.     COFINA objected to Request Nos. 4, 5 and 6 on the grounds that they imposed an undue burden.  And for good reason: each of these requests seek wide-ranging discovery into "any" documents that meet certain broad specifications.

42.     Request No. 4, for example, seeks the production of "any documents that any person submitted to the IRS, or any other government office or agency, in support of" a private letter ruling or closing agreement request.  Mot. at Ex. A, 1.  By its terms, this request seeks production of documents submitted by entities other than COFINA—which would not be in COFINA's possession, custody or control.  But, the Discovery Requests define "you" or "your" to mean "either COFINA or FOMB including employees, officers, attorneys for or agents of COFINA or FOMB," Mot. at Ex. A, at 2, and require a response based upon "all information that is or may be available to" either COFINA, the Oversight Board, or "any other person or entity who has acted or is now acting on your behalf."  *See, e.g.*, Mot. at Ex. A, 7.  In other words, the Discovery Requests purport to require COFINA to produce not just documents and information in its possession, custody or control, but also documents and information in the possession, custody or control of the Oversight Board, or the agents of either COFINA or the Oversight Board.

43.     Request Nos. 5 and 6 go even further, seeking "any documents that reflect or refer to the transmittal of any drafts, preliminary or final versions" of the private letter ruling or closing

16

agreement request, the closing agreement, or the determination provided to COFINA, to "any person who is or was a bondholder or attorney or other representative of a bondholder" and "any person who is **not** an employee, officer, attorney for, or agent of, FOMB, COFINA, the Commonwealth or the IRS." Mot. at Ex. B, 8-9 (emphasis original). As with Request No. 3, these requests, by requiring production of all information that "is or may be available to" either COFINA, the Oversight Board, or their respective agents, seek documents that are likely not in COFINA's possession, custody and control. Moreover, it is apparent from the language of the requests—which ask COFINA to produce "any" documents that "reflect or refer to" the transmittal of the three documents Hein references—that they would "impose a substantial burden" on COFINA, which would be obligated "to search through a large volume of records" to identify documents that may be responsive to Hein's requests. *Dorel Juvenile Grp., Inc. v. Summer Infant, Inc.*, No. MC 06-91, 2006 WL 2927321, at *7 (D.R.I. Oct. 11, 2006).

44.     Courts routinely deny motions to compel responses to broad-based requests that would necessitate a burdensome review of large volumes of documents for potentially responsive material, particularly where, as here, the documents sought are not relevant to the question whether Hein's Claim should be disallowed. *See, e.g.*, *Dorel Juvenile Grp.*, 2006 WL 2927321, at *7 (concluding "the scales tip strongly against" granting request to compel responses to overbroad discovery requests); *Amorim Holding Financeira S.G.P.S., S.A. v. C.P. Baker & Co., Ltd.*, No. 09-10641-DPW, 2011 WL 5879433, at *1 (D. Mass. Nov. 22, 2011) ("Regarding these documents and the post Vatas default activities, while arguably relevant, the Court finds that the burden of the proposed discovery will outweigh its likely benefit considering the importance of this discovery in resolving the issues, and, therefore, denies this request on its merits."); *Ayanna v. Dechert, LLP*, No. 10-cv-12155-NMG, 2011 WL 6370945, at *1 (D. Mass. Dec. 19, 2011) (denying discovery

17

requests that were "substantially overly broad and unduly burdensome" because "[d]iscovery is not a fishing expedition").

45.     As noted above, Request Nos 4, 5 and 6 impose significant burdens on COFINA, demanding the production of volumes of documents that may be outside its possession, custody or control, specifically requesting information from COFINA's "agents" or "other representatives," and, even for those documents that *are* within COFINA's control, requiring extensive searches to identify whether documents that "reflect or refer to" the potential transmittal of certain documents exist and, if so, can be produced.  In light of the burdens Hein's requests impose and the irrelevance of the discovery sought to the resolution of Hein's Claim, this Court should deny Hein's request that COFINA's burden objections be overruled.

**D.     The Discovery Requests, by their Overbroad Nature, May Seek Documents
Protected by Confidentiality Agreements.**

46.     Hein contends that, because COFINA acknowledged it has not entered into any non-disclosure agreement with the IRS, no confidentiality concerns preclude COFINA from producing "the IRS Closing Agreement or what COFINA communicated to the IRS back on December 14, 2018."  Mot. at 13.  Here again, Hein misconstrues COFINA's objection, which was necessitated by the exceedingly broad nature of the requests.

47.     COFINA has objected to providing the discovery Hein seeks because (1) this Court lacks jurisdiction to determine the issues that are the subject of Hein's discovery requests and (2) even if this Court determined otherwise, the Discovery Requests are not relevant to determination of Hein's Claim and, in many instances, impose excessive burdens upon COFINA.  In addition, COFINA objected to the Discovery Requests—several of which, as noted above, seek wide-ranging discovery into communications by COFINA and its agents that may "reflect or refer to"

18

transmittal of certain documents to certain individuals—"to the extent they seek information that is confidential or proprietary in nature. . . ." Mot. at Ex. B, 4. In the event the Court requires COFINA to engage in the extensive review and analysis required to respond to the burdensome communications requests, COFINA lodged this objection to preserve its right to withhold production of potentially responsive documents that are protected by a non-disclosure agreement or other forms of confidentiality obligations. *See In re Prograf Antitrust Litig.*, No. 11-md-02242-RWZ, 2013 WL 500881, at *2 n.4 (D. Mass. Feb. 12, 2013) (holding that parties preserved their rights to assert confidentiality protections over documents because they "include[d] a general objection to the requests 'to the extent they seek information that is confidential or private in nature . . .'"). There is, accordingly, no basis upon which to compel production of documents over COFINA's confidentiality objection at this time.

### E. Because the Discovery Requests Are Broad in Scope, They Likely Implicate Privileged Communications.

48.     Hein contends that COFINA's assertions of privilege should be rejected for two reasons: first, because communications between COFINA and the bondholders "are not privileged," and second, because COFINA failed to provide a privilege log with its responses and objections. Mot. at 13, 14. Neither argument has any merit.

49.     First, Hein's objection once again ignores the scope of his requests, which seek literally any document that "reflect[s] or refer[s] to the transmittal" of draft or final versions of the private letter ruling or closing agreement request, the closing agreement, or the IRS determination. Despite Hein's characterization of his requests as simply seeking "[c]omunications between FOMB/COFINA and bondholders, or their advisors or agents, Mot. at 13, the "reflect or refer" language in Requests 5 and 6 broadens them to potentially sweep up privileged communications

19

between COFINA's attorneys, which may well be privileged.  Hein's requests may also implicate communications between COFINA, AAFAF and the Oversight Board, which may well be subject to the common interest privilege.  *See In re Fin. Oversight & Mgmt. Bd. for P.R.*, No. 17-bk-3283, 2019 WL 2929001, at \*5 (D.P.R. July 8, 2019) (holding that the Oversight Board shares a common interest with AAFAF, the Commonwealth, and ERS with respect to certain issues).  And, because they seek not just the actual transmittal of certain documents, but any communications that "reflect or refer to" such transmittal, they may also implicate communications with bondholders that are subject to the mediation privilege.

50.     Moreover, Hein's request that this Court hold COFINA has waived any potential privilege by failing to produce a privilege log is plainly inappropriate.  This remedy has been described as "the most extreme sanction" and is "reserved for cases where the offending party committed unjustified delay in responding to discovery."  *Stamps v. Town of Framingham*, 38 F. Supp. 3d 134, 142 (D. Mass. 2014); *Am. Nat'l Bank & Trust Co. of Chi. v. Equitable Life Assurance Soc'y of U.S.*, 406 F.3d 867, 879 (7th Cir. 2005) (finding blanket waiver inappropriate for a privilege log absent a bad faith finding); *Muro v. Target Corp.*, 250 F.R.D. 350, 360 (N.D. Ill. 2007) ("[B]lanket waiver is not a favored remedy for technical inadequacies in a privilege log.").  Only "flagrant violations" of the obligation to provide a privilege log result in "waiver of the privilege."  *Grand River Enters. Six Nations, Ltd. v. King*, No. 02-cv-5068(JFK), 2008 WL 4600939, at \*1 (S.D.N.Y. Oct. 14, 2008).

51.     Mitigating circumstances, such as the breadth of a request and the existence of other well-founded objections to disclosure, militate against a demand for waiver.  For example, "when a party has, in good faith, asserted other non-privilege objections to the discoverability of a whole range of materials," a privilege log is not "necessary."  *In re Joy Glob., Inc.*, No. 01-039-LPS,

20

2008 WL 2435552, at *4 (D. Del. June 16, 2008) (finding that debtor had not waived any privileges despite failing to provide a privilege log because debtor "believed in good faith that [the disputed request] was objectionable on the basis of relevance, overbreadth, and undue burden"); *see also Stamps*, 38 F. Supp. 3d at 142; *see also In re Dep't of Justice Subpoenas to ABC*, 263 F.R.D. 66, 72 (D. Mass. 2009) (magnitude of document request is mitigating factor in finding waiver of privilege). "[R]equir[ing] that a privilege log be prepared by the date of responses to document requests even when a party has additional good faith bases to object to the discovery, might invite abuse." *In re Joy Glob.*, 2008 WL 2435552, at *4.

52.     A finding of waiver is particularly inappropriate here because COFINA has, in good faith, asserted a number of objections to the Discovery Requests in addition to its privilege assertions. As described above, COFINA has refused to provide the discovery requested because this Court lacks jurisdiction over the subject matter of the Discovery Requests, because the discovery sought is irrelevant to any issues remaining before the Court in connection with the Claim, and because certain of the requests impose an undue burden on COFINA. In light of those objections, the fact that COFINA did not provide a privilege log alongside its discovery responses does not waive its right to assert privileges as to specific documents or categories of documents in the event that the court overrules its jurisdictional, relevance, and burden objections and requires the production of documents. *In re Joy Glob.*, 2008 WL 2435552, at *4.

## **CONCLUSION**

WHEREFORE COFINA respectfully requests that the Court deny the Motion in its entirety.

Dated:  August 27, 2019
San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944
Email:  hermann.bauer@oneillborges.com

*Attorneys for the Financial Oversight and
Management Board as representative for
COFINA*

/s/Martin J. Bienenstock
Martin J. Bienenstock *(pro hac vice)*
Brian S. Rosen *(pro hac vice)*
Jeffrey W. Levitan *(pro hac vice)*

**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Co-Attorneys for the Financial Oversight and
Management Board as representative for
COFINA*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 12, 2019, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system, which will send notification to all counsel of record, and all

CM/ECF participants in the case.

*/s/ Hermann D. Bauer*

Hermann D. Bauer