IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

**REPLY IN FURTHER SUPPORT OF URGENT MOTION TO SET SCHEDULE WITH RESPECT TO MOTION OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AND NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION FOR ADEQUATE PROTECTION OR, IN THE ALTERNATIVE, FOR <u>RELIEF FROM THE AUTOMATIC STAY</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("<u>Commonwealth</u>") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

Movants Assured Guaranty Corp. ("AGC"), Assured Guaranty Municipal Corp. (together with AGC, "Assured"), and National Public Finance Guarantee Corporation ("National", and, together with Assured, the "Movants") respectfully submit this reply (the "Reply") to the *Response of the Financial Oversight and Management Board to Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation's Urgent Motion to Set Schedule with Respect to Motion for Adequate Protection or, in the Alternative, for Relief from the Automatic Stay* (ECF No. 8546, the "Response") and in further support of the *Urgent Motion to Set Schedule with Respect to Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation for Adequate Protection or, in the Alternative, for Relief from the Automatic Stay* (ECF No. 8537, the "Urgent Motion"), and respectfully submit as follows:

1. On July 24, 2019, this Court entered its *Order Regarding Stay Period and Mandatory Mediation* (ECF No. 8244, the "Stay and Mediation Order").[2] The purpose of the Stay and Mediation Order is to "avoid piecemeal litigation of potentially overlapping key issues" and "to identify efficiently the issues that must be litigated or otherwise resolved to achieve confirmation of a plan of adjustment for the Commonwealth (and other debtors and potential debtors in Title III proceedings), as well as to prioritize such issues and develop efficient approaches to the resolution of such issues." Id.

2. On August 23, 2019, Movants filed their *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation for Adequate Protection or, in the Alternative, for Relief from the Automatic Stay* (ECF No. 8536, the "Motion"), which requests adequate protection or, in the alternative, relief from the

---

[2] Unless otherwise indicated, references to ECF numbers in this Reply refer to the docket of case number 17-3283-LTS.

automatic stay with respect to Movants' property interests in certain revenues pledged to secure bonds issued by HTA and held and/or insured by Movants.

3. Concurrently with the filing of the Motion, Movants filed the Urgent Motion, which requests (i) that the contested matter (the "Contested Matter") commenced by the filing of the Motion be made subject in all respects to the Stay and Mediation Order, including with respect to the obligations to mediate set forth therein, in the same manner, and to the same extent, as if the Motion were set forth on Appendix I to the Stay and Mediation Order, and (ii) that the Court stay the Contested Matter through November 30, 2019 to the same extent, and on the same terms, as the other contested matters stayed pursuant to the Stay and Mediation Order. See Urgent Motion ¶ 4. The Urgent Motion also attached a proposed order (ECF No. 8537-1, the "Proposed Order") reflecting the relief requested therein.

4. On August 26, 2019, the Financial Oversight and Management Board for Puerto Rico ("FOMB") filed the Response. FOMB indicated in the Response that it was "in favor of the mediation process and supports the Urgent Motion in so far as it seeks to extend this Court's Stay and Mediation Order." See Response ¶ 3.

5. Somewhat paradoxically, however, the Response goes on to request that "If at the end of the Stay (as defined in the Stay and Mediation Order) the mediation process does not resolve the issues raised in the [Motion], the Oversight Board respectfully requests the Court to direct the parties to meet and confer regarding a briefing and hearing schedule for the [Motion], with the Court to set the briefing and hearing schedule to the extent the parties do not reach consensus." Id. The Response also attaches an alternative proposed order (ECF No. 8546-1, the "Alternative Proposed Order") directing the parties "to meet and confer to submit a proposed briefing and hearing schedule for the Motion by December 5, 2019, with the Court to set the schedule in the absence of agreement of the parties." See Alternative Proposed Order ¶ 4.

6. Movants oppose this additional relief requested in the Response because the Motion is a motion for adequate protection and/or relief from the automatic stay that was necessitated by the ongoing diminution in the value of Movants' property interests, and time is of the essence in light of this ongoing diminution in the value of Movants' property. While Movants consent to an extension of time in service of the mediation period set by the Court, they do not consent to further delays beyond the mediation period, which is what FOMB is requesting in attempting to set a December 5 deadline for the submission of scheduling proposals with respect to the Motion—over a month later than the October 28 deadline established in the Stay and Mediation Order for submitting scheduling proposals with respect to the other contested matters and adversary proceedings that are subject to the Stay and Mediation Order.

7. Similarly, Movants oppose this additional relief requested in the Response for the simple reason that it is inconsistent with the Stay and Mediation Order, which already establishes a comprehensive process for developing a schedule governing *all* contested matters subject to that order, including, to the extent the Court grants the Urgent Motion, the Contested Matter commenced by the filing of the Motion. Specifically, Paragraph A.3 of the Stay and Mediation Order requires the Mediation Team Leader to "facilitate the filing of agreed or substantially agreed scheduling order(s) with respect to" *all* "adversary proceedings **and contested matters** listed in Appendix I." See Stay and Mediation Order ¶ A.3 (emphasis added).

8. Paragraph A.4 of the Stay and Mediation Order further provides that "If the parties cannot agree or come to substantial agreement with respect to such scheduling orders, the Mediation Team Leader shall file with the Court a report (the 'Report') by October 28, 2019, setting forth the procedural issues as to which substantial consensus has been achieved, any further procedural recommendations of the Mediation Team Leader relating to those issues, and any other recommendations of the Mediation Team Leader regarding **an appropriate schedule**

-3-

**for the disposition of these adversary proceedings and contested matters**, including but not limited to her recommendation as to whether the stay should be continued past November 30, 2019." See Stay and Mediation Order ¶ A.4 (emphasis added).

9. Paragraph A.7 of the Stay and Mediation Order then schedules a hearing for November 14, 2019 "to consider: (i) approval of any proposed scheduling order facilitated by the Mediation Team Leader, (ii) the Report, if filed, and any responses and objections thereto, and (iii) the extent, if any, to which any or all of the matters listed in Appendix I shall be further stayed." See Stay and Mediation Order ¶ A.7.

10. FOMB's request that the parties to the Motion meet and confer to submit a proposed briefing and hearing schedule for the Motion by December 5, 2019 is therefore unnecessary in view of the fact that the Motion and the Contested Matter will already be discussed in the mediation and addressed in the agreed scheduling order(s) and/or Report that the Stay and Mediation Order requires to be filed by October 28, 2019.

11. Moreover, establishing a separate scheduling process for the Motion, as requested in the Response, might defeat the goals of the Stay and Mediation Order, which include promoting efficiency and "avoid[ing] piecemeal litigation of potentially overlapping key issues." For example, the issues in the Motion undoubtedly overlap at least to some extent with the issues raised in *The DRA Parties' Motion and Memorandum of Law in Support of Their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* (ECF No. 7643, the "DRA Parties Lift-Stay Motion"), which the Court recently incorporated into the Stay and Mediation Order. See ECF No. 8481. If the scheduling of both the Motion and the DRA Parties Lift-Stay Motion is negotiated in accordance with the procedures and timeline set forth in the Stay and Mediation Order, then the Motion and the DRA Parties Lift-Stay Motion can likely be put on the same or a similar schedule, ensuring that the

overlapping issues between the two motions can be resolved concurrently rather than in an inefficient, "piecemeal" fashion.

12. Similarly, a number of the HTA-related adversary proceedings that are subject to the Stay and Mediation Order, such as those asserting challenges to the HTA bondholders' liens (19-AP-362 to 19-AP-365), may include issues that overlap with those in the Motion. It may therefore be desirable to synchronize the schedule of the Motion at least to some extent with the schedule for these adversary proceedings—which is a topic to be explored further in mediation. Establishing a separate schedule for the Motion now would put at risk any efficiencies that might otherwise be achieved through coordination of the Motion with the litigation of these adversary proceedings.

13. Therefore, given that scheduling proposals for *all* contested matters and adversary proceedings subject to the Stay and Mediation Order will already be negotiated in the context of the mediation and submitted for the Court's consideration by October 28 and at a hearing on November 14, FOMB's request in the Response and the Alternative Proposed Order for a separate "meet and confer" requirement, and a separate December 5 deadline, threatens the goals of the Stay and Mediation Order and should not be adopted.

14. In addition, FOMB's Alternative Proposed Order adds a new Paragraph 3 providing that "Bankruptcy Code Section 362(e)(1), made applicable by PROMESA § 301(a), is waived to the extent necessary to accommodate the scheduling herein." Movants already consented in the Urgent Motion "to an extension of the period referenced in 11 U.S.C. § 362(e)(1) to the extent necessary to effectuate the relief requested in [the] Urgent Motion." See Urgent Motion ¶ 5. Therefore, Movants do not object to the inclusion of the additional language added by FOMB to Paragraph 3 (but no other paragraph) of the Alternative Proposed Order.

-6-

WHEREFORE, Movants request that the Court enter the Proposed Order in the form attached as Exhibit A to the Urgent Motion, but including, to the extent deemed necessary or desirable to the Court, only Paragraph 3 of the Alternative Proposed Order.

-7-

Dated: New York, New York
       August 27, 2019

| CASELLAS ALCOVER & BURGOS P.S.C. | CADWALADER, WICKERSHAM & TAFT LLP |
|---|---|
| By: */s/ Heriberto Burgos Pérez*<br>   Heriberto Burgos Pérez<br>   USDC-PR 204809<br>   Ricardo F. Casellas-Sánchez<br>   USDC-PR 203114<br>   Diana Pérez-Seda<br>   USDC-PR 232014<br>   P.O. Box 364924<br>   San Juan, PR 00936-4924<br>   Telephone: (787) 756-1400<br>   Facsimile: (787) 756-1401<br>   Email: hburgos@cabprlaw.com<br>          rcasellas@cabprlaw.com<br>          dperez@cabprlaw.com<br><br>*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | By: */s/ Mark C. Ellenberg*<br>   Howard R. Hawkins, Jr.*<br>   Mark C. Ellenberg*<br>   William J. Natbony*<br>   Ellen M. Halstead*<br>   Thomas J. Curtin*<br>   Casey J. Servais*<br>   200 Liberty Street<br>   New York, NY 10281<br>   Telephone: (212) 504-6000<br>   Facsimile: (212) 504-6666<br>   Email: howard.hawkins@cwt.com<br>          mark.ellenberg@cwt.com<br>          bill.natbony@cwt.com<br>          ellen.halstead@cwt.com<br>          thomas.curtin@cwt.com<br>          casey.servais@cwt.com<br><br>* Admitted *pro hac vice*<br><br>*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

-8-

| | |
|---|---|
| ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC | WEIL, GOTSHAL & MANGES LLP |

/s/ *Eric Perez-Ochoa*
ERIC PÉREZ-OCHOA
USDC-PR No. 206,314
E-mail: epo@amgprlaw.com

/s/ *Luis A. Oliver-Fraticelli*
LUIS A. OLIVER-FRATICELLI
USDC-PR NO. 209,204
E-mail: loliver@amgprlaw.com

208 Ponce de Leon Ave., Suite 1600
San Juan, PR 00936
Tel.: (787) 756-9000
Fax: (787) 756-9010

*Counsel for National Public Finance Guarantee Corp.*

/s/ *Robert Berezin*
MARCIA GOLDSTEIN*
JONATHAN POLKES*
GREGORY SILBERT*
ROBERT BEREZIN*
767 Fifth Avenue
New York, New York 10153
Tel.: (212) 310-8000
Fax: (212) 310-8007
Email: marcia.goldstein@weil.com
  jonathan.polkes@weil.com
  gregory.silbert@weil.com
  robert.berezin@weil.com

*admitted *pro hac vice*

*Counsel for National Public Finance Guarantee Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case.

At New York, New York, 27th day of August, 2019.

By: /s/ *Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*
* Admitted pro hac vice