# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re:** | **PROMESA** |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO, | TITLE III |
| As representative of | No. 17 BK 3283-LTS (JOINTLY ADMINISTER) |
| THE COMMONWEALTH OF PUERTO RICO, et al., | |
| Debtors. | |

**RESPONSE IN OPPOSITION TO DEBTOR'S SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS BASED ON INVESTMENTS IN MUTUAL FUNDS**

**TO THE HONORABLE COURT**

COMES NOW, Trustee, Noreen Wiscovitch-Rentas, on behalf of the Noreen Wiscovitch Retirement Plan ("NW Retirement Plan") and respectfully files this opposition to Debtor's Sixty-Fourth Omnibus Objection to Claims based on investment in Mutual Funds and in support, states:

1. On May 20, 2018, the undersigned Trustee, filed POC No. 17114 on behalf of the Noreen Wiscovitch Retirement Plan. The Proof of Claim (hereinafter "POC") is in the amount of $59,926.75.

2. POC No. 17114 is presumed valid and the burden is on the objector to show that the claim is invalid.

3. The Debtor claims that POC No. 17114 is invalid and seeks to strike the same because the claim represents losses on an investment in a mutual fund which in turn invested in bonds of the Debtor. The Debtor claims that the proper party to bring the claim would

1

be the Mutual Fund Manager. However, they do not inform the Court if the Mutual Fund has or not filed a Proof of Claim. Further, the Debtor states that "it is unknown whether the mutual fund still retains ownership of the suspect bonds" See Dkt. No. 8297, page 7, paragraph 15.

4. The undersigned opposes the Objection to claim based on the following:

   a. The Objection states that the "Mutual Fund" is the proper creditor to claim the loses of the Mutual Fund investment. However, the Debtor failed to identify in Schedules D, E, or F, Santander Securities, LLC as a Creditor of the Debtor. Santander Securities, LLC appears to be the company which may had directly invested in the Mutual Fund which purchased the bonds of the Debtor. Clearly it should had been named a creditor in this case. Surprisingly, it was not. See Dkt. No. 1215 (last amended Schedule D, E, and F). Not listing Santander Securities, LLC as a creditor indicates that the Debtor did not consider the loses the Mutual Funds as money owed by the Debtor and hence, will not include the same in a future reorganization plan.

   b. Notwithstanding, Santander Securities, LLC or its affiliates have filed 8 (Eight) Proof of Claims. These POC are identified as number: 34983, 22178, 154015, 117119, 125781, 121152, 126411, and 112132, in the PRIME Clerk, LLC online service.

   c. The undersigned is unable to match the information provided in these proof of claims to the information included in POC No. 17114. There is no duplicity as far as it can be determined.

    d. The NW Retirement Plan (and potentially others) is the direct party affected for the losses in the Mutual Fund. Even if the Claimant it is considered to have a derivative claim, the Debtor has not provided sufficient information to rebut the presumption of validity of the claim.

    e. The Objection fails to state that the losses claimed in POC No. 17114 are or will be covered under one or more of the POC's filed by Santander Securities, LLC or its affiliates and/or whether the claim will be considered in any future reorganization plan. The Debtor is in possession of information of the claims by the Mutual Funds held by Santander Securities, LLC and its affiliates and can confirm whether the claim no. 17114 is or not covered by the Santander Securities POCs listed above. If such is the case, it should had stated in the Objection whether the same was included or not. To consider the Debtor's Objection without providing this information would be speculative and insufficient to rebut the validity of Claim No. 17114.

5. Granting the Objection, without considering the above, will result in an injustice to the NW Retirement Plan and others likewise situated. Whom will be left without knowing if their claims as creditors will be or not considered in a future plan of reorganization or through the POCs filed by the Mutual Funds holders.

WHEREFORE, the NW Retirement Plan respectfully requests the Court to overrule the Sixty-Fourth Omnibus Objection to Claims to POC No. 17114 and allow the same as filed.

I HEREBY CERTIFY that the foregoing has been sent to CM/ECF to all parties so subscribed on this 28th day of August, 2019:

Respectfully submitted this 28th day of August 2019 in San Juan, Puerto Rico.

/s Noreen Wiscovitch-Rentas
NOREEN WISCOVITCH RENTAS
Trustee of the NW Retirement Plan
PMB 136
400 Kalaf Street
San Juan, Puerto Rico 00918
Tel: (787) 946-0132
noreen@nwr-law.com

4