# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>THIS PLEADING RELATES ONLY TO THIS TITLE II CASE[2]<br><br>(Jointly Administered)<br><br>Re: Docket No. 8297 |

## Motion for Extension of Time and in Preliminary Response to Objection to Claim

Pursuant to the Court's *Third Amended Notice, Case Management and Administrative Procedures* Order entered on October 24, 2017 (the "CMP Order") (Docket No. 1512-1 of Case No. 17-03283 (LTS)), as made applicable to the instant proceedings (See, Docket No. 167), N. Harris Computer Corporation d/b/a Harris School Solutions ("Harris"), hereby submits the following response to the Sixty-Fourth Omnibus Objection (Docket No. 8297) and requests an extension of time of 7 days, until September 4, 2019 to file a more detailed response.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] This clarification is made in accordance to the Court's *Order (A) Pursuant to PROMESA Section 304(G), Directing Joint Administration of Initial Title III Cases and Additional Title III Cases, and (B) Pursuant to Section 105(A) of The Bankruptcy Code, Making Certain Orders Entered on First Day Pleadings Applicable to the Additional Title III Cases*. See, Docket No. 167 at ¶ 5 of p. 4.

**I.       Identity of the Movant and its Contact Information**

Jorge A. Diaz Mayoral
and Juan A. Frau Escudero
c/o Diaz Mayoral Law
Attn. Monique Díaz Mayoral, Esq.
P.O. Box 364174
San Juan, PR 00936
Telephone: 787-552-2000
Facsimile: 1-888-620-2043

**II.      Motion from which Movant Seeks Relief**

Mr. Diaz Mayoral and Mr. Frau Escudero are requesting that the *Sixty-Fourth Omnibus Objection (Substantive) Of The Commonwealth Of Puerto Rico To Claims Based On Investments In Mutual Funds* **(Docket No. 8297)** be denied and/or an extension of time of 7 days, until September 4, 2019, to respond to said objection. Mr. Díaz filed Claim No. 152470 on 6/29/2018 for $ 68,498.12 and Mr. Frau Escudero field Claim No. 152283 on 6/29/2018 for $259,917.43.

**III.     Request for Extension of Time**

The United States District Court for the District of Puerto Rico announced on August 27, 2019 that it would be closed on August 28, 2019, because of the Tropical Storm or Hurricane Dorian. However, the Notice of the Clerk No. 19-12 did not mention whether the deadlines that end on August 28, 2019 would be extended. In light of the preparations for the Tropical Storm or Hurricane Dorian many individual investors, including the two appearing in this motion, and their legal representation, of those that have one, have had to delay work, including the preparation of a response to the *Sixty-Fourth Omnibus Objection (Substantive) Of The Commonwealth Of Puerto Rico To Claims Based On Investments In Mutual Funds* (Docket No. 8297), in order to prepare their homes and property and to gather supplies, in case the storm strengthens,

changes trajectory and there are internet and/or electricity blackouts, or life-threatening winds and/or rains. Therefore, it is necessary to request an extension of time to properly respond to Docket No. 8297 and the two appearing creditors that are individual investors, hereby request an additional 7 days, until September 4, 2019, but, nevertheless, in case the request is denied, herein submit a preliminary response.

**IV. Cause as to Why the *Sixty-Fourth Omnibus Objection (Substantive) Of The Commonwealth Of Puerto Rico To Claims Based On Investments In Mutual Funds* (Docket No. 8297) should be denied.**

The proofs of claims of the individual investors are presumed valid. Therefore, the burden is on the Debtor to prove that said proofs of claim are invalid. The reasons presented in the *Sixty-Fourth Omnibus Objection (Substantive) Of The Commonwealth Of Puerto Rico To Claims Based On Investments In Mutual Funds* (Docket No. 8297) do not meet that burden. Instead of informing the Court that the Debtor has found that the individual investors' proofs of claim are repetitive of proofs of claims filed by mutual funds (and identifying the mutual fund's proof of claim for which each objected individual investor's proof of claim is repetitive), the Debtor presents an alternative legal theory of the individual investor being a creditor of a creditor of the Debtor (assuming that the mutual fund is the creditor of the debtor and the individual investor is a creditor of the mutual fund). However, an investor of a mutual fund is not a creditor of a mutual fund. An investor of a mutual fund is more akin to a co-owner of the bond issued by the Commonwealth that a creditor of the mutual fund or even than an equity holder or owner of the legal entity that holds the bonds issued by the Debtor. Basically, the mutual fund acts just like a brokerage house that takes the money of the various co-owners to buy the bonds and (after deducting the fees for making the investments) passes the payment of the bond directly to the co-owners in accordance with their

participation. Therefore, the individual investor, as a co-owner of the bonds issued by the Commonwealth can file a claim if the Mutual Fund has not filed the claim. Therefore, the individual investors, in an abundance of caution, in case the mutual funds did not timely file the corresponding proof of claim, filed their individual proofs of claim to safeguard their payment of their participation in the bonds issued by the Commonwealth and cannot now be penalized because of their abundance of caution in the absence of proof from the debtor that their individual proofs of claim are repetitive of a timely filed mutual fund's proof of claim that directly corresponds to the individual investor's proof of claim.

In addition, the allowance of the proofs of claim will not interfere with, the instant Title III Case; The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") because (1) the Oversight Board is the appropriate entity with the knowledge and necessary expertise to inform the Honorable Court if the proofs of claims of the individual investors are repetitive of previously filed proofs of claim of mutual funds; (2) the allowance of the individual investors' proofs of claim will not prejudice the interests of other creditors (as the Commonwealth can simply state in the reorganization plan that any repetitive proofs of claim shall be paid through the payment of the mutual funds' proofs of claims); and (3) the interests of public policy warrant the allowance of the individual investors' proofs of claims as it is the public interest that all valid claims be paid by the Commonwealth and the impact of the disallowance of the individual investors' proofs of claims will have a devastating effect on the individual investors

-4-

-5-

(whose claim would then be disallowed even if there were no mutual funds' proofs of claims that were repetitive of their individual claim), which is not outweighed by any possible harm upon the Debtor, who can simply state in the reorganization plan that any repetitive proofs of claim shall be paid through the payment of the mutual funds' proofs of claims.

WHEREFORE, the herein appearing parties respectfully request the Honorable Court to grant the appearing parties a 7 day extension of time, until September 4, 2019, to file a more detailed response or, in the alternative, to overrule or deny the Sixty-Fourth Omnibus Objection to Claims and/or with respect to the herein appearing parties proofs of claim, including but not limited to POC Nos. 152470 and 152283, and to allow the proofs of claim as filed.

I HEREBY CERTIFY that the foregoing has been filed with the Court's CM/ECF which will automatically send an exact copy to all parties so subscribed on this 28th day of August, 2019, including the attorneys for the Financial Oversight and Management Board as representative for the Commonwealth: Hermann D. Bauer and Daniel J. Pérez-Refojos, both of O'neill & Borges, LLC and Martin J. Bienenstock of Proskauer Rose, LLP.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, this 28th day of August, 2019.

Attorney for
Jorge A. Díaz Mayoral and
Juan A. Frau Escudero

s/Monique J. Díaz Mayoral
Monique J. Díaz Mayoral
USDC-PR No. 225712
diazmayorallaw@gmail.com
P.O. Box 364134
San Juan PR 00936-4134
Tel. 787-552-2000
Fax 1-888-620-2043

**Proposed Order**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br><br>Debtors.[3] | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ORDER APPROVING EXTENSION OF TIME**

Upon consideration of the *Urgent Joint Motion* (the "Motion"), filed on August 28, 2019, by Jorge A. Díaz Mayoral and Juan A. Frau Escudero, and the Court having found and determined that (i) the Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); (ii) venue of this proceeding is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); and (iii) the Court having found good cause to grant the relief requested therein, it is **HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.
2. The deadline to respond to Docket No. 8297 is extended through September 4, 2019.
3. Timely filed responses to the Objection shall be heard in the hearing set for _____.

SO ORDERED.

Dated _____, 2019  
San Juan, Puerto Rico

_____  
HONORABLE LAURA TAYLOR SWAIN  
UNITED STATES DISTRICT JUDGE

---

[3] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).