INTAKE DROP BOX
RECEIVED & FILED
2019 AUG 29 PM 12:40

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et. al.*<br>Debtors[1] | **PROMESA- TITLE III**<br>**NO. 17 BK 3283-LTS**<br>**(JOINTLY ADMINISTERED)**<br>**Re: Docket No. 8297** |

### REPLY IN OPPOSITION TO DEBTOR'S SIXTY-FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS BASED ON MUTUAL-FUND INVESTMENTS

**TO THE HONORABLE COURT:**

COMES NOW, Alberto J. Aristizábal Ocampo, appearing pro se, and respectfully STATES, ALLEGES and PRAYS as follows:

### CLAIMANT

1. The appearing party, Mr. Alberto J. Aristizábal Ocampo (hereinafter "Claimant") is the holder of Claims #29949, 31904, and 45838, in the amounts of $2,082.47, $100,000, and $100,000, respectively. The total of Claimant's proof of claim is $202,082.47 (hereinafter "POC"). See Dkt. No. 8297, Exhibit A, page. 3, Items 9-11. Claimant's address is: Urb. Haciendas del Monte, #4021, Paseo la Catalana, Coto Laurel, P.R. 00780. His phone number is (787) 697-7413. His e-mail is: aristi@campussite.org

### DUE DATE FOR REPLYS

2. On July 26, 2019, the Debtor in the above-captioned case filed "Debtor's Sixty-Fourth Omnibus Objection to Claims Based on Mutual Fund-Investments" (hereinafter "the Sixty Fourth Objection").

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

3. The due date for replies was August 28, 2019. Claimant intended to visit the Clerk's Office of the Court on said date, in order to file the instant Reply. However, The United States District Court for the District of Puerto Rico announced on August 27, 2019 that it would be closed on August 28, 2019, because of the Tropical Storm or Hurricane Dorian. In light of the preparations for the Tropical Storm or Hurricane Dorian many individual investors, including the instant Claimant, have had to delay regular activities and work, including the preparation of a response to the Sixty-Fourth Omnibus Objection, in order to secure their homes and property.

4. Rule 6 of the Federal Rule of Civil Procedure, titled "Computing and Extending Time; Time for Motion Papers", in its subtitle (a)(3)(A), states, in pertinent part:

> (a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule of court order, or in any statute that does not specify a method of computing time. (1)…(2)…(3) Inaccessibility of the Clerk's Office. Unless the court orders otherwise, if the clerk's office is inaccessible: (A) on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the same time on the first accessible day that is not a Saturday, Sunday, or legal holiday."

5. In light of the Honorable Court's closure because of Tropical Storm or Hurricane Dorian, the Clerk's Office was inaccessible on August 28, the due date for filing replies. Claimant respectfully files the instant Opposition today, August 29, 2019, and notifies the pertinent people on this same date.

## OPPOSITION TO DEBTOR'S SIXTY FOURTH OBJECTION

6. Debtor's Sixty Fourth Objection has already been opposed by various claimants. More specifically, Claimant concurs with the opposition contained at Dkt. No. 8564. The proofs of claims of the individual investors are presumed valid. Therefore, the burden is on the Debtor to prove that said proofs of claim are invalid. The reasons presented in the Sixty-Fourth Objection do not meet that burden. Instead of informing the Court that the Debtor has found that the individual investors' proofs of claim are repetitive of proofs of claims filed by mutual funds (and identifying the mutual fund's proof of claim for which each objected individual investor's proof of claim is repetitive), the Debtor presents an alternative legal theory of the individual investor being a creditor of a creditor of the

Debtor (assuming that the mutual fund is the creditor of the debtor and the individual investor is a creditor of the mutual fund). However, an investor of a mutual fund is not a creditor of a mutual fund. An investor of a mutual fund is more akin to a co-owner of the bond issued by the Commonwealth that a creditor of the mutual fund or even than an equity holder or owner of the legal entity that holds the bonds issued by the Debtor. Basically, the mutual fund acts just like a brokerage house that takes the money of the various co-owners to buy the bonds and (after deducting the fees for making the investments) passes the payment of the bond directly to the co-owners in accordance with their participation. Therefore, the individual investor, as a co-owner of the bonds issued by the Commonwealth can file a claim if the Mutual Fund has not filed the claim. Therefore, the individual investors, in an abundance of caution, in case the mutual funds did not timely file the corresponding proof of claim, filed their individual proofs of claim to safeguard their payment of their participation in the bonds issued by the Commonwealth and cannot now be penalized because of their abundance of caution in the absence of proof from the debtor that their individual proofs of claim are repetitive of a timely filed mutual fund's proof of claim that directly corresponds to the individual investor's proof of claim.

7. In addition, the allowance of the proofs of claim will not interfere with the instant Title III Case; The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth pursuant to Section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") because (1) the Oversight Board is the appropriate entity with the knowledge and necessary expertise to inform the Honorable Court if the proofs of claims of the individual investors are repetitive of previously filed proofs of claim of mutual funds; (2) the allowance of the individual investors' proofs of claim will not prejudice the interests of other creditors (as the Commonwealth can simply state in the reorganization plan that any repetitive proofs of claim shall be paid through the payment of the mutual funds' proofs of claims); and (3)

4

the interests of public policy warrant the allowance of the individual investors' proofs of claims as it is the public interest that all valid claims be paid by the Commonwealth and the impact of the disallowance of the individual investors' proofs of claims will have a devastating effect on the individual investors (whose claim would then be disallowed even if there were no mutual funds' proofs of claims that were repetitive of their individual claim), which is not outweighed by any possible harm upon the Debtor, who can simply state in the reorganization plan that any repetitive proofs of claim shall be paid through the payment of the mutual funds' proofs of claims.

8. Moreover, Claimant concurs with the opposition to the Sixty Fourth Objection contained in Dkt. No. 8562. Debtor claims that the proper party to bring would be the Mutual Fund Manager. However, they do not inform the Court if the Mutual Fund has or not filed a Proof of Claim. Further, the Debtor states that "it is unknown whether the mutual fund still retains ownership of the suspect bonds". See Dkt. No. 8297, page 7, paragraph 15.

9. Claimant opposes the Objection to claim based on the following:

    a. The Sixty Fourth Objection states that the "Mutual Fund" is the proper creditor to claim the loses of the Mutual Fund investment. However, the Debtor failed to identify in Schedules D, E, or F, Santander Securities, LLC as a Creditor of the Debtor. Santander Securities, LLC appears to be the company which may had directly invested in the Mutual Fund which purchased the bonds of the Debtor. Clearly it should had been named a creditor in this case. Surprisingly, it was not. See Dkt. No. 1215 (last amended Schedule D, E, and F). Not listing Santander Securities, LLC as a creditor indicates that the Debtor would not consider the loses the Mutual Funds as money owed by the Debtor and hence, would not include the same in a future reorganization plan.

    b. Notwithstanding, Santander Securities, LLC or its affiliates have filed 8 (Eight) Proof of Claims. These POC are identified as number: 34983, 22178, 154015, 117119, 125781,121152, 126411, and 112132, in the PRIME Clerk online service.

    c. The undersigned is unable to match the information provided in these proofs of claims to the information included in POC. There is no duplicity as far as it can be determined.

    d. Mr. Aristizábal (and potentially others) is the direct party affected for the losses in the Mutual Fund. Even if Claimant is considered to have a derivative claim, the Debtor has not provided sufficient information to rebut the presumption of validity.

    e. The Objection fails to state that the losses claimed in POC are or will be covered under one or more of the POC's filed by Santander Securities, LLC or its affiliates and/or whether the claim will be considered in any future reorganization plan. The Debtor is in possession of information of the claims by the Mutual Funds held by Santander Securities, LLC and its affiliates and can confirm whether the POC is or not covered by the Santander Securities Proofs of Claims listed above. If such is the case, it should had stated in the Sixty Fourth Objection whether the same was included or not. To consider the Debtor's Objection without providing this information would be speculative and insufficient to rebut the presumed validity of Claimant's POC.

10. Granting the Objection, without considering the above, will result in an injustice to Mr. Aristizábal and others likewise situated. Whom will be left without knowing if their claims as creditors will be or not considered in a future plan of reorganization or through the Proofs of Claims filed by the Mutual Funds holders.

**WHEREFORE**, Mr. Alberto J. Aristizábal Ocampo respectfully requests the Honorable Court to overrule Debtor's Sixty-Fourth Omnibus Objection, and allow Claimant's Proofs of Claims #29949, 31904, and 45838, as filed.

**I HEREBY CERTIFY** that on this date, the foregoing has been notified via certified mail to the following: Counsel for the Oversight Board - Proskauer Rose LLP, Eleven Times Square, New York, New York, 10036-8299 Attn.: Martin J. Bienenstock, Brian S. Rosen; Counsel for the Creditor's Committee - Paul Hasting LLP, 200 Park Avenue, New York, New York 10166, Attn: Luc A. Despins, James Bliss, James Worthington, G. Alexander Bongartz.

**RESPECTFULLY SUBMITTED** this 28th day of August 2019 in San Juan, Puerto Rico

6

/s/Alberto J. Aristizábal Ocampo
Urb. Haciendas del Monte
#4021, Paseo la Catalana
Coto Laurel, P.R. 00780
Tel: (787) 697-7413
E-mail: aristi@campussite.org