UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**OMNIBUS REPLY OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES FILED TO SIXTY-FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS BASED ON INVESTMENTS IN MUTUAL FUNDS**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") in support of the *Sixty-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Based*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

*on Investments in Mutual Funds* [ECF No. 8297] (the "Sixty-Fourth Omnibus Objection"). In support of this Reply, the Commonwealth respectfully represents as follows:

1. On July 26, 2019, the Commonwealth filed the Sixty-Fourth Omnibus Objection seeking to disallow certain proofs of claim that are based on one or more investments made by mutual funds, which in turn may have invested in bonds issued by the Commonwealth, and thus the Commonwealth is not liable because the claims are derivative and the claimants lack standing to assert the claim against the Commonwealth (collectively, the "Disallowed Claims"), each as listed on Exhibit A thereto.

2. Any party who disputed the Sixty-Fourth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on August 28, 2019, in accordance with the Court-approved notice attached to the Sixty-Fourth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Sixty-Fourth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Ninth Amended Case Management Procedures* [ECF No. 7115]). *See Certificate of Service* [ECF No. 8329].

3. Six responses to the Sixty-Fourth Omnibus Objection were interposed: (a) *Reply to General Objection* (the "Rodríguez Response") [ECF No. 8524], dated August 19, 2019, and filed by Ernesto Rodríguez-Rodríguez and Gloria L. Díaz-López ("Rodriguez"); (b) *Response* (the "First Librada Sanz Response") [ECF No. 8555], dated August 23, 2019, and filed by Jesus Librada Sanz ("Librada Sanz"); (c) an untitled response [ECF No. 8556] (the "Second Librada Sanz Response"), dated August 23, 2019, and filed by Librada Sanz; (d) the *Response in Opposition to Debtor's Sixty-Fourth Omnibus Objection to Claims Based on Investments in Mutual Funds* [ECF No. 8562] (the "Rivera Response"), filed by Chapter 7 Bankruptcy Trustee Noreen Wiscovitch-Rentas ("Wiscovitch"), on behalf of the Bankruptcy Estate of Romualdo

Rivera Andrini ("Rivera"); (e) the *Response in Opposition to Debtor's Sixty-Fourth Omnibus Objection to Claims Based on Investments in Mutual Funds* [ECF No. 8563] (the "NW Retirement Plan Response"), filed by Wiscovitch, on behalf of the Noreen Wiscovitch Retirement Plan ("NW Retirement Plan"); (f) and the *Reply in Opposition to Debtor's Sixty-Fourth Omnibus Objection (Substantive) to Claims Based on Mutual-Fund Investments* [ECF No. 8572] (the "Aristizábal Response"), filed by Alberto J. Aristizábal Ocampo ("Aristizábal").[3]

### I. The Rodríguez Response

4. Rodríguez does not dispute that his proof of claim, filed against the Commonwealth on May 29, 2018 and logged by Prime Clerk as Proof of Claim No. 31106 (the "Rodríguez Claim") asserts, in part, liabilities based on one or more investments made by mutual funds in bonds issued by the Commonwealth. Indeed, the Rodríguez Response acknowledges that Rodríguez made "investments . . . in Mutual Funds," and that the bonds which Rodríguez seeks to assert against the Commonwealth were "part of the Mutual Funds" owned by Rodríguez. Rodríguez Resp. at 2. Rodríguez also does not dispute that, because Rodríguez is an investor in one or more mutual funds that in turn may have invested in bonds issued by the Commonwealth, the Rodríguez Claim is derivative of claims that must be asserted by the mutual funds directly for any claimed recovery to be considered by the Court.

5. Rather, Rodríguez asserts that the general obligation bonds "contained in [the Mutual Funds] should be considered in the [Rodríguez Claim]," and that the general obligation bonds owned by the mutual funds into which Rodríguez invested "are in no way related to the

---

[3] By order, dated August 28, 2019, this Court extended the time for Jorge A Díaz Mayoral and Juan A. Frau Escudero, two claimants whose claims are subject to the Sixty-Fourth Omnibus Objection, to respond to the Sixty-Fourth Omnibus Objection until September 4, 2019. [ECF No. 8566]

GO's labeled as 'Challenged GO Bonds,' which belong to a different series emitted in 2012 and 2014 under different CUSIP numbers." *Id.* Nowhere, however, does Rodríguez dispute the fact that, as an investor in mutual funds that, in turn, invested in Commonwealth bonds, Rodríguez lacks an individual interest in the bonds Rodríguez seeks to assert and, accordingly, does not have standing to assert the liabilities associated with the bonds against the Commonwealth. Moreover, any failure to disallow the Rodríguez Claim will result in Rodríguez potentially receiving an unwarranted double recovery against the Commonwealth, to the detriment of other stakeholders in these Title III Cases. Because Rodríguez acknowledges that the Rodríguez Claim asserts liabilities based on one or more investments made by a mutual fund, the Commonwealth respectfully requests that the Court grant the Sixty-Fourth Omnibus Objection and disallow the Rodríguez Claim.

## II. The Librada Sanz Responses

6. As to the First Librada Sanz Response, Librada Sanz does not dispute that his proof of claim, filed against the Commonwealth on June 7, 2018, and logged by Prime Clerk as Proof of Claim No. 61126 (the "<u>First Librada Sanz Claim</u>"), asserts, in part, liabilities associated with one or more investments made by mutual funds in bonds issued by the Commonwealth. With respect to the Second Librada Sanz Response, Librada Sanz does not dispute that his proof of claim filed against the Commonwealth on June 7, 2018, and logged by Prime Clerk as Proof of Claim No. 49803 (the "<u>Second Librada Sanz Claim</u>"), also asserts liabilities associated with one or more investments made by mutual funds in bonds issued by the Commonwealth. Neither the First nor the Second Librada Sanz Response addresses the fact that, as an investor in a mutual fund which, in turn, invested in bonds issued by the Commonwealth, Librada Sanz lacks standing to assert a direct claim against the Commonwealth.

4

7. Instead, the First Librada Sanz Response asserts that Librada Sanz invested $30,000.00 in a bond issued by ERS bearing CUSIP number 29216MBL3. The bond bearing CUSIP number 29216MBL3 is an ERS Series C bond. That CUSIP number is associated with a master proof of claim filed against the Commonwealth by The Bank of New York Mellon ("BNYM"), as fiscal agent under the Pension Funding Bond Resolution adopted on January 24, 2008, by ERS, and logged by Prime Clerk as Proof of Claim No. 32004 (the "ERS Master Claim"). The ERS Master Claim was filed on behalf of holders of three series of senior pension funding bonds, Series A bonds, Series B bonds, and Series C bonds. *See* Addendum to ERS Master Claim at 1-4. To the extent that the First Librada Sanz Claim seeks to assert liabilities associated with Librada Sanz's investments in mutual funds, any failure to disallow the First Librada Sanz Claim will result in Librada Sanz potentially receiving an unwarranted double recovery against the Commonwealth, to the detriment of other stakeholders in these Title III Cases. To the extent the First Librada Sanz Claim instead seeks to assert liabilities associated with a bond issued by ERS and bearing CUSIP number 29216MBL3, the First Librada Sanz Claim is duplicative of an ERS Master Claim. Accordingly, any failure to disallow the First Librada Sanz Claim will result in Librada Sanz potentially receiving an unwarranted double recovery, to the detriment of other stakeholders in these Title III Cases.

8. For its part, the Second Librada Sanz Response explains that the Commonwealth's inability to pay debt service on its bonds has caused Librada Sanz to feel frustration, anxiety, and insecurity regarding the future. Librada Sanz Resp. at 2. The Commonwealth is deeply mindful of the concerns Librada Sanz expresses. Nevertheless, the Second Librada Sanz Response has not demonstrated that, as an investor in a mutual fund, Librada Sanz has standing to assert a direct claim against the Commonwealth. Moreover, any failure to disallow the Second Librada Sanz

Claim will result in Librada Sanz potentially receiving an unwarranted double recovery, to the detriment of other stakeholders in these Title III Cases. Accordingly, the Commonwealth respectfully requests that the Court grant the Sixty-Fourth Omnibus Objection and disallow the Librada Sanz Claims.

### III. The Rivera Response

9. In the Rivera Response, Rivera does not dispute that the proof of claim filed against the Commonwealth on May 21, 2018, and logged by Prime Clerk as Proof of Claim No. 18331 (the "Rivera Claim"), asserts liabilities associated with one or more investments made by mutual funds in bonds issued by the Commonwealth. The Rivera Response likewise does not articulate any basis upon which Rivera, as an investor in a mutual fund, might assert a direct claim against the Commonwealth in respect of its investment in such mutual funds.

10. Rather, the Rivera Response objects to the disallowance of the Rivera Claim because the Commonwealth did not identify any proofs of claim filed by "Santander Securities, LLC, [which] appears to be the company which may had [*sic*] directly invested in the Mutual Fund which purchased the bonds of the Debtor." Rivera Resp. at 2. Whether the mutual funds into which Rivera invested filed claims against the Commonwealth is not relevant, however, to a determination of whether Rivera, as an investor in a mutual fund, has standing to assert liabilities against the Commonwealth arising from bonds purchased by the mutual funds in which Rivera invested. Nevertheless, the Commonwealth notes that the Rivera Claim provides documentation regarding alleged investments in two mutual funds: Puerto Rico Fixed Income Fund III, Inc. (the "Fixed Income Fund III"); and Puerto Rico AAA Portfolio Bond Fund, Inc. (the "AAA Portfolio Bond Fund"). The Fixed Income Fund III filed two claims against the Commonwealth: Proof of Claim No. 21259, which asserted liabilities in respect of bonds issued by the Puerto Rico Sales

6

Tax Financing Corporation ("COFINA"), and which was withdrawn in light of the confirmation of a plan of adjustment for COFINA; Proof of Claim No. 23872, which asserted liabilities in respect of bonds issued by the Puerto Rico Electric Power Authority ("PREPA"); and Proof of Claim No. 21213, which asserted liabilities in respect of bonds issued by the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS"). The AAA Portfolio Bond Fund filed two claims against the Commonwealth: Proof of Claim No. 22197, which asserted liabilities in respect of COFINA bonds, and which was withdrawn in light of the confirmation of a plan of adjustment for COFINA; and Proof of Claim No. 22606, which asserts liabilities in respect of bonds issued by the Commonwealth and held by the AAA Portfolio Bond Fund. Accordingly, any failure to disallow the Rivera Claim will result in Rivera potentially receiving an unwarranted double recovery, to the detriment of other stakeholders in these Title III Cases, and the Commonwealth respectfully requests that the Court disallow the Rivera Claim.

### IV. The NW Retirement Plan Response

11. Pursuant to the NW Retirement Plan Response, the NW Retirement Plan does not dispute that the proof of claim, filed against the Commonwealth on May 20, 2018, and logged by Prime Clerk as Proof of Claim No. 17114 (the "NW Retirement Plan Claim"), asserts liabilities associated with one or more investments made by mutual funds in bonds issued by the Commonwealth. The NW Retirement Plan Response likewise does not articulate any basis upon which the NW Retirement Plan, as an investor in a mutual fund, might assert a direct claim against the Commonwealth in respect of its investment in such mutual funds.

12. Rather, the NW Retirement Plan Response objects to the disallowance of the NW Retirement Plan Claim because the Commonwealth did not identify any proofs of claim filed by "Santander Securities, LLC, [which] appears to be the company which may had [*sic*] directly

7

invested in the Mutual Fund which purchased the bonds of the Debtor." Rivera Resp. at 2. As explained above, whether the mutual funds in which the NW Retirement Plan invested have filed proofs of claim is not relevant. Nevertheless, the Commonwealth notes that the NW Retirement Plan Claim provides documentation regarding alleged investments in two mutual funds: First Puerto Rico Tax-Exempt Target Maturity Fund IV, Inc. (the "First PR Tax-Exempt Target Maturity Fund IV") and First Puerto Rico Tax Advantaged Target Maturity Fund II, Inc. (the "First PR Tax Advantaged Target Maturity Fund II"). Santander Asset Management, LLC ("Santander"), on behalf of, *inter alia*, both First PR Tax-Exempt Target Maturity Fund IV and First PR Tax Advantaged Target Maturity Fund II, filed Proof of Claim No. 22178 against the Commonwealth, which asserted liabilities in respect of bonds issued by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), and which was withdrawn in light of the confirmation of a plan of adjustment for COFINA. Accordingly, any failure to disallow the NW Retirement Plan Claim could result in the NW Retirement Plan potentially receiving an unwarranted double recovery, to the detriment of other stakeholders in these Title III Cases, and the Commonwealth respectfully requests that the Court disallow the NW Retirement Plan Claim.

### V.     The Aristizábal Response

13.     Aristizábal does not dispute that the proofs of claim filed against the Commonwealth on May 25, 2018, and logged by Prime Clerk as Proofs of Claim Nos. 29949, 31904, and 45838 (together, the "Aristizábal Claims"), assert, in part, liabilities based on one or more investments made by mutual funds in bonds issued by the Commonwealth. Rather, the Aristizábal Response asserts that the Sixty-Fourth Omnibus Objection should be disallowed because: (1) according to Aristizábal, an individual investor in a mutual fund is "more akin to a co-owner of the bonds issued by the Commonwealth" and "can file a claim if the Mutual Fund has

8

not filed the claim," and (2) the Commonwealth has not "inform[ed] the Court if the Mutual Fund has or not filed a Proof of Claim." Aristizábal Resp. at 3-5.

14. As an initial matter, it is incorrect that an investor in a mutual fund "co-owns" the bonds owned by a mutual fund and is "not a creditor of a mutual fund." *See Community Trust Bancorp., Inc. v. U.S.*, No. Civ.A. 98-249, 1999 WL 594129, at *5 (E.D. Ky. June 28, 1999) ("the mutual fund is a separate entity from the investor, and [] the mutual fund, not the investor, is the owner of the bonds."). Because the investors in a mutual fund do not directly own the bonds in which a mutual fund invests, they lack standing to assert claims arising from the diminution in value of those bonds. *See, e.g.*, *Gordon v. Fundamental Investors, Inc.*, 362 F. Supp. 41 (S.D.N.Y. 1973) (holding that a mutual fund investor lacked standing to bring suit for alleged violations of the proxy rules that caused harm to the mutual fund because "[i]t has long been the rule of law that mere diminution in the value of his stock because of a wrong done to the corporation does not give rise to an individual claim for relief by the shareholder.").

15. Aristizábal also objects to the disallowance of the Aristizábal Claims because the Commonwealth did not identify any proofs of claim filed by "Santander Securities, LLC, [which] appears to be the company which may had [*sic*] directly invested in the Mutual Fund which purchased the bonds of the Debtor." Aristizábal Resp. at 4. Although, as explained above, the proofs of claim filed by the mutual funds in which Aristizábal invested are not relevant, the Commonwealth notes that the Aristizábal Claims provide documentation regarding alleged investments in three mutual funds: First PR Tax-Exempt Target Maturity Fund IV; Popular Income Plus Fund, Inc. ("Popular Income Plus"); and Popular High Grade Fixed Income Fund, Inc. ("Popular High Grade Fixed Income"). As noted above, Santander filed a claim against the Commonwealth on behalf of First PR Tax-Exempt Target Maturity Fund IV. Popular Income

Plus filed three proofs of claim: Proof of Claim No. 47447 against COFINA, which asserted liabilities in respect of bonds issued by COFINA, and which was subsequently disallowed as duplicative of a master proof of claim filed in the COFINA Title III Case; Proof of Claim No. 43760 against the Puerto Rico Highways & Transportation Authority ("HTA"), which asserted liabilities in respect of bonds issued by HTA, and which was subsequently disallowed as duplicative of a master proof of claim filed in the HTA Title III Case; and Proof of Claim No. 166559 against PREPA, which asserts liabilities in respect of bonds issued by PREPA. Popular High Grade Fixed Income also filed three proofs of claim: Proof of Claim No. 36093 against COFINA, which asserted liabilities in respect of bonds issued by COFINA, and which was subsequently disallowed as duplicative of a master proof of claim filed in the COFINA Title III Case; Proof of Claim No. 36097 against HTA, which asserted liabilities in respect of bonds issued by HTA, and which was subsequently disallowed as duplicative of a master proof of claim filed in the HTA Title III Case; and Proof of Claim No. 166554, which asserts liabilities against PREPA in respect of bonds issued by PREPA. Accordingly, any failure to disallow the Aristizábal Claims could result in Aristizábal potentially receiving an unwarranted double recovery, to the detriment of other stakeholders in these Title III Cases.

16. Because the Aristizábal Response does not refute the fact that the Aristizábal Claims assert liabilities associated with one or more investments made by mutual funds in bonds issued by the Commonwealth and/or its instrumentalities, and provides no basis upon which Aristizábal, as an investor in said mutual funds, has a direct claim against the Commonwealth in respect of those bonds, the Commonwealth respectfully requests that the Court grant the Sixty-Fourth Omnibus Objection and disallow the Aristizábal Claims.

Dated: September 4, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and all CM/ECF participants in the case.

/s/ *Hermann D. Bauer*_____
　Hermann D. Bauer