**Hearing Date and Time: September 11, 2019, at 9:30 a.m. (AST)**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RECEIVED & FILED
2019 SEP -5 PM 4: 36
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*,

    Debtors.

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO SALES TAX FINANCING
CORPORATION (COFINA),

    Debtor.

PROMESA
Title III

No. 17 BK 3284-LTS

----------------------------------------------------------------x

**[Related to #4417, #8487 and Claim No. 10701]**

**REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL BROUGHT BY
INDIVIDUAL COFINA BONDHOLDER (MOVING PAPERS FILED AT
Docket#8487)**

**[This Reply Responds to FOMB/COFINA (Docket#8553) and AAFAF (Docket#8558)]**

September 3, 2019

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1
    A. Jurisdiction ................................................................................................................ 2
    B. Relevance .................................................................................................................. 3
    C. Burden ....................................................................................................................... 7
    D. Confidentiality ........................................................................................................... 8
    E. Privilege .................................................................................................................... 9
CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Alphas Co.* v. *Empacadora, GAB, Inc.*,
519 F. App'x 692 (1st Cir. 2013) .................................................................................. 3

*Caban Hernandez* v. *Philip Morris USA, Inc.*,
486 F.3d 1 (1st Cir. 2007) .............................................................................................. 3

*Griggs* v. *Provident Consumer Disc. Co.*,
459 U.S. 56 (1982) ......................................................................................................... 3

*Macera* v. *Mortg. Elec. Registration Sys., Inc.*,
719 F.3d 46 (1st Cir. 2013) ............................................................................................ 3

*United States* v. *Brooks*,
145 F.3d 446 (1st Cir. 1998) .......................................................................................... 3

*Yates* v. *State Farm Fire & Casualty Co.*,
2017 WL 5632939 (E.D.N.C. May 15, 2017) ............................................................... 3

**Statutes**

11 U.S.C. § 105 ................................................................................................................ 2, 3, 7

11 U.S.C. § 1125(a) ................................................................................................................ 2

48 U.S.C. § 2161(a) ................................................................................................................ 2

48 U.S.C. § 2166(a) ................................................................................................................ 3

## PRELIMINARY STATEMENT

FOMB/COFINA's Objection (#8553) to my Motion to Compel (#8487) does **not** dispute:

- FOMB/COFINA submitted a private letter ruling or closing agreement request to the IRS on December 14, 2018.

- The fact FOMB/COFINA had submitted this request to the IRS was **never disclosed** to the Court or to individual bondholders prior to consummation.

- To the contrary, the disclosure statement stated that "a private letter ruling has **not** been submitted" to the IRS (#4364-page-232-of-263, emphasis added).

- There was no way for the Court or individual bondholders to know what had been concealed until, post-consummation, FOMB/COFINA belatedly disclosed — in a recital in a turgid, highly negotiated, 9-page-long "tax exemption implementation agreement" that apparently had been in the works long before February 12 — the fact that a request for a private letter ruling or closing agreement had been filed two months earlier with the IRS, on December 14, 2018. Docket#6283-2 & Recital "E" on #6283-2-page-3-of-24.

- My Requests identify specific documents, including:

    1. The determination the IRS provided to COFINA on or about May 15, 2019. (This determination is referred to in an "Event Notice" disseminated by or on behalf of COFINA on or about May 15, 2019 (¶ 3 of that Event Notice).)

    2. The closing agreement COFINA and the IRS entered into on or about May 15, 2019. (This closing agreement is referred to in the COFINA June 10, 2019 Exchange Offer (page 1), the June 10, 2019 COFINA Information Statement (page 1 and 60), and the COFINA June 10, 2019 Q&A page 5 (response to Q 11).)

    3. The private letter ruling or closing agreement request filed by COFINA with the IRS on or about December 14, 2018. (This is referred to in the COFINA June 10, 2019 Q&A, page 5 (response to Q 11) and the "tax exemption implementation agreement" dated February 12, 2019 that COFINA entered into (Clause "E").)

- FOMB/COFINA could produce these specially identified documents to me in literally two minutes, by emailing PDFs to me.

FOMB/COFINA points to the fact that the disclosure statement included "over 20 pages" "devoted" to a discussion of "potential federal income tax consequences". COFINA 8/27/19 Opp. 14. But that is not a point in favor of FOMB/COFINA. A discussion of potential material federal tax consequences is a required disclosure under 11 U.S.C. § 1125(a). The fact that the disclosure statement "devoted" "over 20 pages" to "potential federal income tax consequences" makes (i) the omission of the fact that FOMB/COFINA submitted a private letter ruling or closing agreement request to the IRS on December 14, 2018, and (ii) the false assertion that "a private letter ruling has **not** been submitted" to the IRS, all the more troubling.

As discussed below, the Court has jurisdiction to order disclosure in response to my Motion to Compel, and my requests are relevant to FOMB/COFINA's objection to my Claim No. 10701 and FOMB/COFINA's ongoing efforts to disallow my Claim.

But, beyond this, the Court should not stand by to allow what transpired to be cloaked in continued secrecy. The Court has the power — sua sponte, if necessary — to order disclosure, to ensure the integrity of the Court's proceedings, pursuant to the Court's inherent authority under 11 U.S.C. § 105(a) (made applicable by U.S.C. § 2161(a)), as well as upon my request and motion under Rule 9014 and Rule 2004.

### A. Jurisdiction

As shown in #8487-page 12-of-20 and #8427-page-6-to-7-of-20 (my August 8, 2019 Further Response to #4417), the Court has jurisdiction to order the discovery I seek.

FOMB/COFINA's position that the Court (i) has jurisdiction to grant its objection to my Claim No. 10701, but (ii) lacks jurisdiction to compel the discovery I seek, is illogical. And FOMB/COFINA has no response to the fact the Court's confirmation order, and the Plan, expressly provide for a retention of jurisdiction "to the fullest extent as is legally permissible." #5055-page-41-of-45; #5055-1-page-76-to-78-of-91. Moreover, the COFINA Title III proceeding (17 BK 3284) remains pending (as are other FOMB-filed proceedings). FOMB/COFINA continues to press objections to COFINA-related claims (including my Claim); indeed, other objections to COFINA-related claims were placed by FOMB/COFINA on the July 24, 2019 omnibus agenda (#8183-page-15-to-22-of-55). The Order of reference to

Magistrate Judge Dein is docketed in 17 BK 3284 (Docket#668), and, as recently as August 26, 2019, a filing was made in 17 BK 3284 relating to the "Bonistas affair" (COFINA Docket#673).[1]

FOMB/COFINA argues there is an issue of nonwaivable "subject matter jurisdiction." COFINA 8/27/19 Opp. 11. But there is no issue of subject matter jurisdiction: this Court has the authority to adjudicate the type of controversy here in issue. 48 U.S.C. § 2166(a) ("federal subject matter jurisdiction"). None of the cases FOMB/COFINA cites rule that the question of jurisdiction in a district court over certain matters while an appeal is pending as to other matters is one of subject matter jurisdiction. *Macera* and *Alphas* (COFINA 8/27/19 Opp. 11) dealt with whether district courts had subject matter jurisdiction in the first instance. In *Caban Hernandez* (COFINA 8/27/19 Opp. 11), the issue was whether the district court's order was final, a prerequisite to appellate jurisdiction. *Griggs* (COFINA 8/27/19 Opp. 9) dealt with the interrelationship between Fed. R. Civ. P. 59 (motion for a new trial or to alter or amend a judgment) and Fed. R. App. P. 4(a)(4); the rule set out in *Griggs* was later modified by the 1993 Amendment to Rule 4(a)(4). *U.S.* v. *Brooks* (COFINA 8/27/19 Opp. 9), concerned 18 U.S.C. § 3731 and has no apparent bearing on issues here. And in *Yates* (COFINA 8/27/19 Opp. 10), judgment had been entered, an appeal was taken and no aspect on the case remained in the district court. Here, of course, FOMB/COFINA's objection to my claim remains pending, plus the Court has a broad retention of jurisdiction and its 11 U.S.C. § 105 authority.

**B.     Relevance**

FOMB/COFINA's position is, effectively, that for purposes of this discovery motion, this Court should assume that there is no merit to my Claim and that it should be disallowed in its entirety. My prior filings in opposition to FOMB/COFINA's objection (#4417) to Claim No. 10701 are #8427, #7211 and the other filings identified in #7211-page-5-of-24.

FOMB/COFINA argues that "the only remaining issue before the Court" with respect to my Claim is "whether the Claim asserts any additional liabilities against COFINA that are not

---

[1] My responses to FOMB/COFINA's #4417 Objection to my Claim detail the troubling "Bonistas affair". Docket#7211-page-10-to-12-of-24; #8427-page-16-of-20. The fact the efforts to pay Bonistas are apparently being dropped — in the face of potential scrutiny — speaks volumes, and underscores that discovery of the documents sought in my requests is necessary to ensure the integrity of the Court's processes.

duplicative of the liabilities asserted by the master proof of claim filed by BNYM" (COFINA 8/27/19 Opp. 12). But, *first*, the Court ruled at the April 24, 2019 hearing that the aspect of my claim asserting all rights and claims under applicable law, including the Constitutions of the United States and Puerto Rico, was **not** duplicative of the claim filed by BNYM. #6538-page-178-of-301:lines7-22; #7113-page-2-of-3. Because FOMB/COFINA takes the position that "the only remaining issue before the Court" is whether my claim is "duplicative", FOMB/COFINA has just conceded away its objection and effort to disallow my claim.

*Second*, my Constitutional claims are not dischargeable. No statute or bankruptcy rule can abrogate my Constitutional claims. That is what the U.S. Supreme Court said in the *Security Industrial Bank* case that I cite (*see, e.g.*, Docket#4585-page-24-to-25-of-43; #7211-page-18-of-24), to which FOMB/COFINA does not respond in its Supplement (#7958). That is what the court recognized in the *City of Detroit* case, where it ruled Takings Clause claims had to be excepted from discharge — again, a case I cited (*see, e.g.*, #7211-page-18-of-24), but that FOMB/COFINA does not answer in #7958.

My non-dischargeable Constitutional claims assert grounds for recovery, and seek amounts in compensation, that are not duplicative of the master proof of claim filed by BNYM. In addition, the added injuries I suffered from the FOMB/COFINA "hide-the-ball" on tax exempt status are additional consequences of the Constitutional violations underlying my claims. *See, e.g.*, #7211-page-5-to-9,13-of-24; #8427-page-12-to-18-of-20.

*Third*, the gambit as to which I seek discovery, whereby FOMB/COFINA "hid-the-ball" — on tax exempt status for the new bonds, on the contrived rationale for the Puerto Rico preference, on the number of CUSIPs that would be issued and on the coupons that new tax exempt bonds would carry — bears on the shortfall between the compensation I am due on my Constitutional claims and the value of recoveries received by me to date. The bonds-without-tax-opinion issued to 50-states retail investors such as me traded at markedly lower prices than the same bonds with tax opinions. This is evident from COFINA's own March 20, 2019 "Notice of Issue Prices" (Ex. "D" attached), on which COFINA states that the fair market value of the new 2040 tax exempt bonds was $981 per $1000 par, whereas the fair market value of the new 2040 no-tax-opinion-yet bonds was only $829.61 per $1000 par. FOMB/COFINA's

"hide-the-ball" strategy, to rush to consummation while concealing from the Court and individual bondholders the facts relating to tax exempt status of the new bonds, resulted in over 15% less value to individual 50-states holders. Furthermore, FOMB/COFINA's "hide-the-ball" gambit is also relevant to its use of a contrived pretext for the Puerto Rico preference (#7211-page-9-of-24; #8427-pages-15-to-16-of-20), plus its misrepresentations as to Bonistas (#7211-page-10-to-12-of-24: #8427-page-16-of-20), which enabled FOMB/COFINA to prevail in the class 5 vote (#7211-page-12-of-24) — a vote result FOMB/COFINA continues to argue should be accorded weight notwithstanding my Constitutional claims. #6538-page-188-of-301.

*Fourth*, my moving brief (#8487-page-17-to-18-of-20) showed how the requested discovery is relevant to multiple FOMB/COFINA assertions made in its 7/12/19 Supplement to its Objection (#7958) to my Claim. FOMB/COFINA argues (COFINA Opp. 14-15) the Court should ignore whether the discovery I seek is relevant to assertions made by FOMB/COFINA in its Supplement (#7958). But FOMB/COFINA cannot be permitted to advance arguments in an effort to bolster its Objection to my Claim and then — when discovery as to such matters is sought — pretend matters FOMB/COFINA itself asserted in arguing for denial of my Claim should be disregarded in evaluating the relevance of the discovery.

*Fifth*, the FOMB/COFINA "hide-the-ball" on tax exempt status gambit bears on whether COFINA complied with the Plan and whether I received even the diminished amount (below the amount I am entitled to under the Constitution) provided for in the Plan. FOMB/COFINA asserts in footnote 8 the following (without citing to any page of the April 24, 2019 transcript):

> Notably, COFINA introduced evidence regarding this issue [whether the "chaotic" bond exchange process resulted in recoveries below those described in the Disclosure Statement] at the April 24 Hearing, which Hein attended. Hein did not object or otherwise contest the evidence presented by COFINA at that time. (#8553 at 15 n.8)

But nothing of the sort claimed in footnote 8 occurred at the April 24 hearing. *See* #6538.

Perhaps what FOMB/COFINA is thinking of is not the April 24 hearing (that I attended), but the March 13 hearing that I did not attend (as I was on a long-scheduled family trip with my son out of the country, *see* Docket#4585-page-40-of-43; #5041-page-6-of-10; #5052; #5142). If the March 13 hearing is what FOMB/COFINA meant to refer to in footnote 8, that would only underscore the importance of allowing the discovery sought: Following the concealed gambit to

Case:17-03283-LTS Doc#:8626 Filed:09/05/19 Entered:09/06/19 10:46:07 Desc: Main
Document Page 9 of 13

seek a private letter ruling or closing agreement — and FOMB/COFINA's pre-confirmation denial that that was occurring — there was (i) a post-consummation revelation of a "tax exemption implementation agreement" with certain favored hedge funds, (ii) a chaotic bond exchange process in which individuals with one pre-consummation bond CUSIP had it split up into 14 fragments (something never described in the disclosure statement, which referred to 11, not 14), and (iii) the issuance of new bonds without a tax opinion that post-consummation FOMB/COFINA sought to exchange for other new bonds with lower coupon rates — below those promised in the Plan and disclosure statement — that would be tax exempt. I **do** contest the veracity of what FOMB/COFINA represented at the March 13 hearing (when I was not present and for which I and other individuals did not get the transcript to review until 90+ days had elapsed). *See* Docket#6283-page-3-to-12-of-13 (and exhibits); #6283-11-page-2-to-10-of-18 (and exhibits); #7211-page-5-to-13-of-24; #8487-page-12-to-18-of-20.

The Court itself recognized that the subject FOMB/COFINA was addressing on March 13 — apparently at the request of the Court (#5969-page-18-of-83:lines:3-6) — was important (#5969-page-24-of-83:lines13-23), and the Court directed FOMB/COFINA to publicly file the demonstrative (conclusory as it was) that FOMB/COFINA had used in court. #5701.

The fact the Court was concerned enough to ask to hear post-confirmation from FOMB/COFINA about whether reports of the chaotic bond exchange process were true underscores that it is imperative from the Court's own perspective to order the requested documents be disclosed — just as the Court apparently sua sponte called upon FOMB/COFINA to address the issues of the chaotic bond exchange on March 13. The Court needs to know whether what was represented to it is accurate and whether the Plan was complied with.

***Sixth***, as noted, FOMB/COFINA does not dispute that FOMB/COFINA submitted a private letter ruling or closing agreement request to the IRS on December 14, 2018, that this request to the IRS was never disclosed to the Court or to individual bondholders prior to consummation, and that, to the contrary, the disclosure statement stated that "a private letter ruling has not been submitted" to the IRS (#4364-page-232-of-263). The fact that "over 20 pages of the Disclosure Statement were devoted to a discussion" of the topic of "potential federal income tax consequences" (COFIINA 8/27/19 Opp. 14) — yet these critical omissions and

misrepresentations indisputably occurred — only highlights that the omissions and misrepresentations were important.

FOMB/COFINA may dispute whether "it was less than forthcoming with bondholders" (COFINA Opp. 14), but FOMB/COFINA does not dispute that the Court has the power to order discovery so as to protect the integrity of the process before the Court. Indeed, ordering disclosure to protect the integrity of the process before the Court is a logical and appropriate exercise of the Court's retention of jurisdiction "to the fullest extent as is legally permissible" (see above) and its inherent authority under 11 U.S.C. § 105(a).

The cases cited (COFINA 8/27/19 Opp. 12-13) are not germane to the issues here.

### C. Burden

FOMB/COFINA does not dispute that I offered to meet and confer to address any issues of burden and that FOMB/COFINA did not believe it was productive to address such issues. *See* #8487-page-7,8,19-to-20-of-20. If there was a sincere concern about burden, FOMB/COFINA would have engaged with me in the meet and confer process to identify exactly what the burden was and seek in discussion with me to resolve it. The fact FOMB/COFINA has not done so speaks volumes about the lack of sincerity of the "burden" claim.

Requests 1, 2 and 3 identify specific documents. FOMB/COFINA appears to concede these requests do not pose an issue of burden. FOMB/COFINA 8/27/19 Opp. 16.

Requests 4, 5 and 6 seek described categories of documents. Of course, I cannot know the specific date and description of each document submitted to the IRS, or each transmittal by FOMB/COFINA of drafts, preliminary or final versions of the private letter ruling or closing agreement request (and the like) to favored bondholders. But FOMB/COFINA — which has the documents — surely knows what the approximate volume and nature of the documents is. For example, was there simply one submission to the IRS on December 14, 2018, or were there multiple submissions — including preliminary submissions or communications with the IRS prior to the ultimate December 14, 2018 submission? And, putting aside publicly available documents like official statements, is the volume submitted to the IRS 50 pages or 100 pages or 200 pages of material?

And how many communications were there with favored bondholders with respect to a potential private letter ruling/closing agreement request to the IRS, and when did these communications occur? Is it true, as the Citi fee application implies, that these communications were ongoing back to early 2018 (*see* #8487-page-15-of-20)? If, in fact, there were numerous communications, going back to early 2018, the failure to provide disclosure to the Court and individual bondholders is even more troubling. If there were just one or two communications (*e.g.*, at the time of the submission to the IRS on December 14, 2018) there would not be any significant burden. How many and how voluminous is something FOMB/COFINA knows, and the failure of FOMB/COFINA to buttress its burden objection with concrete specifics speaks volumes.

The principal focus of FOMB/COFINA's complaint about Requests 4, 5 and 6 appears to be an argument that those requests may seek documents outside of COFINA's possession, custody or control. FOMB/COFINA Opp. 16-18. ***First***, the requests are directed to FOMB (as representative of both COFINA and the Commonwealth) and to COFINA. #8487-1-page-2-of-13. ***Second***, "You" is defined to include employees, officers, attorneys for or agents of COFINA or FOMB. #8487-1-page-5-of-13. Entities like COFINA or FOMB typically act through their agents, and their employees or agents hold their records. ***Third***, as my moving papers state, I recognize that if a true third party is the only one with particular documents, some documents may be outside of FOMB/COFINA's power to produce. #8487-page-8-to-9-of-20. But that possibility does not justify a refusal to produce what is within FOMB or COFINA's possession, custody or control.

The cases cited (COFINA 8/27/19 Opp. 17-18) again have no bearing on the issues here.

### D.     Confidentiality

FOMB/COFINA claims it is entitled to preserve its position that some nondisclosure agreement may prevent disclosure. COFINA 8/27/19 Opp. 18-19. But no nondisclosure agreement that is an obstacle to disclosure is identified. COFINA's failure to identify a nondisclosure agreement that prevents disclosure is a waiver of that position.

Moreover, if there is a nondisclosure agreement — presumably this would be one between FOMB/COFINA and favored bondholders, since COFINA admits there was no

nondisclosure agreement with the IRS (#8487-2-page-12-of-15) — that would raise even more troubling issues about the integrity of the process here. For that would mean that FOMB/COFINA was not only omitting and falsely stating facts about requests to the IRS, but was also failing to disclose that FOMB/COFINA had agreed with certain selected bondholders to keep all of this secret from both the Court and individual bondholders. If there is a secret confidentiality agreement with selected bondholders, that too should be disclosed.

### E. Privilege

FOMB/COFINA argues that Requests 5 and 6 could be read so broadly as to "potentially sweep up privileged communications between COFINA's attorneys" or "communications between COFINA, AAFAF and the Oversight Board, which may well be subject to the common interest privilege". (COFINA 8/27/19 Opp. 19-20). Of course, if this was a legitimate concern, this is an issue FOMB/COFINA could have — but failed to — raise with me in our meet and confer.

In any event, hypothetical privilege issues related to Requests 5 and 6 cannot justify withholding the documents that I seek in Requests 1, 2, 3 and 4. FOMB/COFINA does not argue the private letter ruling/closing agreement request filed with the IRS, the determination the IRS provided or the closing agreement between COFINA and the IRS are privileged.

Fairly read, Requests 5 and 6 are seeking evidence of transmittal to bondholders or other market participants (or their representatives) of what was submitted to the IRS, or received from the IRS, including drafts or preliminary versions of submissions to the IRS shared with selected bondholders (or their representatives). FOMB/COFINA does not cite any rule or case law under which such materials would be privileged.

FOMB/COFINA does suggest — without the specifics required for a privilege log, or legal authority to support a privilege claim — that there may have been communications by FOMB/COFINA with favored bondholders reflecting or referring to communications with the IRS that are subject to "mediation privilege." (COFINA 8/27/19 Br. 20). So did FOMB/COFINA share communications to and from the IRS with favored bondholders (perhaps months before the disclosure statement was issued), yet omit that information from the disclosure

statement? Does FOMB/COFINA claim "mediation privilege" allows it to selectively disclose information to favored bondholders but conceal it from others?

The fact that FOMB/COFINA argues at length, citing multiple cases, that (in essence) its conduct has not been so flagrant so as to warrant ordering production even of genuinely privileged documents, and that "mitigating circumstances" exist here (COFINA 8/27/19 Opp. 20-21), makes one wonder what is being withheld. The Court should order the disclosure of any documents submitted to, or received from, the IRS, as well as any documents evidencing the communication to or from bondholders (or their representatives) of drafts, preliminary or final versions of communications with the IRS. If there are communications "between COFINA's attorneys" or "between COFINA, AAFAF and the Oversight Board" — but **not** communicated to or from the IRS or bondholders or their representatives (which would have waived any potential for privilege) — that could be the subject of a further meet and confer.

## CONCLUSION

My motion to compel should be granted. Not only am I entitled to the documents and information sought for purposes of opposing FOMB/COFINA's efforts to disallow my Claim, FOMB/COFINA's nondisclosure of this information threatens the integrity of the process before the Court, which warrants disclosure even apart from my requests.

Dated: September 3, 2019

Respectfully Submitted,

*/s/ Peter C. Hein*

Peter C. Hein, Pro se
101 Central Park West, Apt. 14E
New York, NY 10023
petercheinsr@gmail.com