UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                       Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to COFINA. |

ORDER GRANTING THE OBJECTION OF
PUERTO RICO SALES TAX FINANCING CORPORATION
TO PROOF OF CLAIM OF PEDRO TORRES GONZALEZ (CLAIM NO. 169419)

Upon the *Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of Pedro Torres Gonzalez (Claim No. 169419)* (Docket Entry No. 8430 in Case No. 17-3283, the "Objection"),[2] dated August 9, 2019, filed by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), for entry of an order disallowing in its entirety the claim filed against COFINA by Pedro Torres Gonzalez, which claim was logged by Prime Clerk, LLC, as Proof of Claim No. 169419 (the "Claim"), as more fully set forth in the Objection; and the Court having

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Objection.

jurisdiction to consider the Objection and to grant the relief requested therein pursuant to Section

306(a) of PROMESA; and venue being proper pursuant to Section 307(a) of PROMESA; and due

and proper notice of the Objection having been provided to those parties identified therein, and no

other or further notice being required; and no response or objection to the Objection having been

interposed; and the Court having determined that the relief sought in the Objection is in the best

interests of COFINA, its creditors, and all the parties in interest; and the Court having determined

that the legal and factual bases set forth in the Objection establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claim is hereby disallowed in its entirety; and it is further

ORDERED that Prime Clerk, LLC is authorized and directed to delete the Claim

from the official claims registry in the COFINA Title III Case; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation, or enforcement of this Order.


Dated: September 6, 2019


 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge