**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**SECOND OMNIBUS REPLY OF THE COMMONWEALTH OF PUERTO RICO
TO RESPONSES FILED TO SIXTY-FOURTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO CLAIMS BASED ON INVESTMENTS IN MUTUAL FUNDS**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this second omnibus reply (the "Second Omnibus Reply") in support of the *Sixty-Fourth Omnibus Objection (Substantive) of the Commonwealth of*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

PROSK_DRAFT Reply ISO Sixty-Fourth Omnibus Objection 0912019 (002); 1

*Puerto Rico to Claims Based on Investments in Mutual Funds* [ECF No. 8297] (the "Sixty-Fourth Omnibus Objection"). In support of this Second Omnibus Reply, the Commonwealth respectfully represents as follows:

1. On July 26, 2019, the Commonwealth filed the Sixty-Fourth Omnibus Objection seeking to disallow certain proofs of claim that are based on one or more investments made by mutual funds, which in turn may have invested in bonds issued by the Commonwealth, and thus the Commonwealth is not liable because the claims are derivative and the claimants lack standing to assert the claim against the Commonwealth (collectively, the "Disallowed Claims"), each as listed on Exhibit A thereto.

2. Any party who disputed the Sixty-Fourth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on August 28, 2019, in accordance with the Court-approved notice attached to the Sixty-Fourth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Sixty-Fourth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Ninth Amended Case Management Procedures* [ECF No. 7115]). *See Certificate of Service* [ECF No. 8329].

3. By order dated August 28, 2019, this Court extended the time for Jorge A. Díaz Mayoral and Juan A. Frau Escudero, two claimants whose claims are subject to the Sixty-Fourth Omnibus Objection, to respond to the Sixty-Fourth Omnibus Objection until September 4, 2019, and extended the time for the Commonwealth to file any replies until September 9, 2019 at 12:00pm. [ECF No. 8566]

4. On September 4, 2019, the Commonwealth filed the *Omnibus Reply of the Commonwealth of Puerto Rico to Responses Filed to Sixty-Fourth Omnibus Objection*

2

*(Substantive) to Claims Based on Investments in Mutual Funds* [ECF No. 8608] (the "First Omnibus Reply").

5. Notwithstanding the noticed objection period, on September 4, 2019, seven additional responses to the Sixty-Fourth Omnibus Objection were interposed:

- *Reply in Opposition to Debtor's Sixty-Fourth Omnibus Objection (Substantive) to Claims Based on Mutual-Fund Investments* [ECF No. 8600] (the "O'Neill Response"), filed by Patrick D. O'Neill ("O'Neill"), which addressed Proof of Claim No. 13139, filed by O'Neill on May 18, 2018 (the "O'Neill Claim");

- *Reply in Opposition to Debtor's Sixty-Fourth Omnibus Objection (Substantive) to Claims Based on Mutual-Fund Investments* [ECF No. 8601] (the "Caparros Response"), filed by Helvia S. Caparros Santos ("Caparros"), which addressed Proof of Claim No. 17107, filed by Caparros on May 21, 2018 (the "Caparros Claim");[3]

- *Reply in Opposition to Debtor's Sixty-Fourth Omnibus Objection (Substantive) to Claims Based on Mutual-Fund Investments* [ECF No. 8601] (the "Buitrago Huertas Response"), filed by Edlin S. Buitrago Huertas ("Buitrago Huertas"), which addressed Proof of Claim No. 17115, filed by Buitrago Huertas on May 21, 2018 (the "Buitrago Huertas Claim");

- *Reply in Opposition to Debtor's Sixty-Fourth Omnibus Objection (Substantive) to Claims Based on Mutual-Fund Investments* [ECF No. 8602] (the "Huertas Response"), filed by Carmen M. Huertas ("Huertas"), which addressed Proof of Claim No. 17683, filed by Huertas on May 21, 2018 (the "Huertas Claim");

- *Reply in Opposition to Debtor's Sixty-Fourth Omnibus Objection (Substantive) to Claims Based on Mutual-Fund Investments* [ECF No. 8604] (the "Huertas and Buitrago Response"), filed by Carmen M. Huertas and José Buitrago ("Huertas and Buitrago"), which addressed Proof of Claim No. 17680, filed by Huertas and Buitrago on May 21, 2018 (the "Huertas and Buitrago Claim");

- *Reply in Opposition to Debtor's Sixty-Fourth Omnibus Objection (Substantive) to Claims Based on Mutual-Fund Investments* [ECF No. 8605] (the "Buitrago Response," and together with the O'Neill Response, the Buitrago Huertas Response, the Huertas Response, the Huertas and Buitrago Response, and the Buitrago Response, the "O'Neill Responses"), filed by José Buitrago ("Buitrago"),

---

[3] The Caparros Claim is not subject to the Sixty-Fourth Omnibus Objection and remains pending on the register at this time. As such, the Commonwealth will not separately address the Caparros Response.

3

which addressed Proof of Claim No. 16264, filed by Buitrago on May 21, 2018 (the "Buitrago Claim"); and

- *Response to Objection to Claim* [ECF No. 8609] (the "Diaz Mayoral Response"), filed by Jorge A. Díaz Mayoral and Juan A. Frau Escudero ("Diaz Mayoral" and "Escudero", respectively), which addressed Proofs of Claim Nos. 152470, filed by Jorge A. Díaz Mayoral on June 29, 2018 (the "Díaz Mayoral Claim"), and 152283, filed by Juan A. Frau Escudero on (the "Escudero Claim").

**I.     The O'Neill Responses.**

6.     The O'Neill Responses, all of which were filed by attorney Patrick D. O'Neill, are identical in form and argument. Each purports to "join[], adopt[], and incorporate[] by reference" the arguments presented in the NW Retirement Plan Response and the Aristizábal Response (as defined in the First Omnibus Reply), which, in substance, assert that (1) an individual investor in a mutual fund, as a purported "co-owner" of the bonds held by the mutual fund, can file a claim if the mutual fund has not filed a claim, and (2) the Commonwealth has not asserted that the mutual funds at issue had filed a claim.

7.     None of the O'Neill Responses disputes the fact that the O'Neill Claim, the Buitrago Huertas Claim, the Huertas Claim, the Huertas and Buitrago Claim, and the Buitrago Claim each assert, in part, liabilities based on one or more investments made by mutual funds in bonds issued by the Commonwealth. As the Commonwealth explained in its First Omnibus Reply, because the investors in a mutual fund do not directly own the bonds in which a mutual fund invests, they lack standing to assert claims arising from diminution in value. *See, e.g.*, *Community Trust Bancorp., Inc. v. U.S.*, No. Civ.A. 98-249, 1999 WL 594129, at *5 (E.D. Ky. June 28, 1999) ("the mutual fund is a separate entity from the investor, and [] the mutual fund, not the investor, is the owner of the bonds."); *Gordon v. Fundamental Investors, Inc.*, 362 F. Supp. 41 (S.D.N.Y. 1973) (holding that a mutual fund investor lacked standing to bring suit for alleged violations of the proxy rules that caused harm to the mutual fund because "[i]t has long been the

rule of law that mere diminution in the value of his stock because of a wrong done to the corporation does not give rise to an individual claim for relief by the shareholder.").

8. Moreover, as the Commonwealth further explained in the First Omnibus Reply, whether the mutual funds in which the claimants invested have filed proofs of claim is not relevant to the determination whether the claimants, as investors in mutual funds, have standing to assert liabilities against the Commonwealth arising from bonds purchased by the mutual funds in which the claimants invested. Nevertheless, the Commonwealth notes that the O'Neill, Buitrago Huertas, Huertas, Huertas and Buitrago, and Buitrago Claims each provide documentation regarding alleged investments in mutual funds managed by Santander Asset Management, LLC ("Santander"). Santander filed Proof of Claim No. 22178 against the Commonwealth, which asserted liabilities against the Commonwealth in respect of bonds issued by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), and which was withdrawn in light of the confirmation of a plan of adjustment for COFINA. Accordingly, any failure to disallow the O'Neill, Buitrago Huertas, Huertas, Huertas and Buitrago, and Buitrago Claims could result in O'Neill, Buitrago Huertas, Huertas, Huertas and Buitrago, and Buitrago potentially receiving an unwarranted double recovery, to the detriment of other stakeholders in these Title III Cases, and the Commonwealth respectfully requests that the Court disallow such Claims.

### II. The Díaz Mayoral Supplemental Response

9. The Díaz Mayoral Response also does not dispute that the Díaz Mayoral Claim and the Escudero Claim assert, in part, liabilities based on one or more investments made by mutual funds in bonds issued by the Commonwealth. Instead, the Díaz Mayoral Response asserts that the Sixty-Fourth Omnibus Objection should be overruled because (1) pursuant to § 501 of the Bankruptcy Code, an individual is permitted to file a claim if the mutual fund has not filed a claim;

5

(2) an investor in a mutual fund is more akin to a "co-owner" of a mutual fund; and (3) the Commonwealth should have, but did not, "clearly identify[] the mutual funds' proofs of claim [as to] which the movants' proofs of claims are duplicative." Díaz Mayoral Resp. at 7. None of these arguments demonstrates that either Díaz Mayoral or Escudero, as investors in mutual funds which in turn may have invested in bonds issued by the Commonwealth, have standing to assert a claim against the Commonwealth.

10. The Díaz Mayoral Response misreads § 501(b) of the Bankruptcy Code, which states that, "[i]f a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor . . . may file a proof of such claim." In other words, § 501(b) permits *co-debtors* to file proofs of claim on behalf of a creditor that has failed to file a proof of claim. *See id.*; *see also* Sixty-Fourth Omnibus Objection at ¶ 15 (collecting cases) (quoting *S. Blvd., Inc. v. Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997) ("A creditor, under the [Bankruptcy] Code, is one who has a claim *against the debtor* or the estate," rather than "a creditor of one of the debtor's creditors.")). It does not provide a basis for individual investors in mutual funds—who are, at best, creditors of the Commonwealth's creditors—to assert a claim against the Commonwealth directly.

11. Although the Díaz Mayoral Response contends that mutual fund investors are co-owners of the bonds in which the mutual funds invest, none of the authorities it cites support that conclusion. *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016) simply stands for the proposition that, for purposes of diversity jurisdiction, a real estate investment trust "possesses the citizenship of all its members." *Id.* at 1017. It has no bearing on the question whether mutual fund investors have a right to directly assert a claim against the Commonwealth for losses resulting from investments made by the Commonwealth. And, although the Díaz

6

Mayoral Response cites to the fact that the Puerto Rico Investment Companies Act states that "[e]very investment company shall offer its securities to the general public when its outstanding securities (other than short-term debentures) are owned *for the benefit* of more than 100 persons," Pr. St. 10 § 662 *et seq.*, it likewise does not articulate how this provision establishes that individual investors have standing to directly assert claims against the Commonwealth.

12. Lastly, the Commonwealth notes that both the Díaz Mayoral Claim and the Escudero Claim state as a basis for their claim "investment in mutual funds," without identifying the specific mutual funds in which they invested. Accordingly, it is not possible for the Commonwealth to identify the proofs of claim filed by the mutual funds in which Díaz Mayoral and Escudero may have invested. However, as the Commonwealth explained, it is not necessary for the Commonwealth to state whether the mutual funds in which the claimants invested have filed proofs of claim, because mutual fund investors lack standing to directly assert liabilities against the Commonwealth in any event.

13. Accordingly, the Commonwealth respectfully requests that the Court grant the Sixty-Fourth Omnibus Objection and disallow the Díaz Mayoral Claim and Escudero Claim in their entirety.

Dated: September 9, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:   (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative for the Commonwealth of Puerto Rico*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and all CM/ECF participants in the case.

/s/ *Hermann D. Bauer*_____
Hermann D. Bauer