# EXHIBIT S

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br><br>Case No. 17 BK 3283 (LTS)<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780 (LTS) |

**PREPA'S RESPONSES AND OBJECTIONS TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' FIRST SUPPLEMENTAL AMENDED NOTICE OF DEPOSITION TO PUERTO RICO ELECTRIC POWER AUTHORITY IN CONNECTION WITH PREPA RSA RULE 9019 MOTION PURSUANT TO FED. R. CIV. P. 30(B)(6)**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure made applicable to this proceeding by Rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure pursuant to Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("**PROMESA**"), the Puerto Rico Electric Power Authority ("**PREPA**") hereby responds and objects (the "**Responses and Objections**") to the *Official Committee of Unsecured Creditors' First Supplemental Amended Notice of Deposition to Puerto Rico Electric Power Authority in Connection with PREPA RSA Rule 9019 Motion Pursuant to Fed. R. Civ. P. 30(B)(6)*, served July 16, 2019 (the "**Deposition Notice**," and each individual deposition topic a "**Topic**") for a date to be determined, which was served at the direction of the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "**Committee**").

## PRELIMINARY STATEMENT

PREPA has not completed its formal discovery in this action. The Responses and Objections are based and will be based only upon the information that is currently available to and specifically known to PREPA as of the date hereof. PREPA reserves the right to amend or supplement the Responses and Objections at any time in light of future investigation, research, or analysis. PREPA has made reasonable efforts to respond to the Deposition Notice, to the extent it has not been objected to, as PREPA understands and interprets the Deposition Notice. If the Committee subsequently asserts an interpretation of the Deposition Notice that differs from that of PREPA's, PREPA reserves the right to supplement the Responses and Objections.

## GENERAL OBJECTIONS

1.  PREPA objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that they do not seek information that is relevant or reasonably

calculated to lead to the discovery of admissible evidence relevant to the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods*, dated May 10, 2019 [ECF No. 1235] (the "**Rule 9019 Motion**"), and relevant to the *Supplemental Memorandum of Law and Facts in Support of Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [ECF No. 1425] (the "**Supplemental Memorandum**").

2. PREPA objects to the Deposition Notice, and to each and every Topic, to the extent they seek information that are not "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

3. PREPA objects to the Deposition Notice, and to each and every Topic, to the extent that they purport to impose burdens on PREPA that are inconsistent with, not otherwise authorized by, or exceed those required by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for the District of Puerto Rico, or this Court's chambers practices and case management orders (collectively, the "**Governing Rules**"). PREPA will construe and respond to the Deposition Notice and Topics in a manner consistent with its obligations under the Governing Rules, and not otherwise.

4. PREPA objects to the Deposition Notice, and to each and every Topic, to the extent they seek information that have already been provided to the Committee in connection

with PREPA's *Responses and Objections to Official Committee of Unsecured Creditors' Notice of Deposition to Puerto Rico Electric Power Authority in Connection with PREPA RSA Rule 9019 Motion Pursuant to Fed. R. Civ. P. 30(B)(6)*, served by PREPA on the Committee on July 10, 2019.

5. PREPA objects to the Deposition Notice, and to each and every Topic, on the grounds that the Deposition Notice is untimely. The deadline for parties to serve deposition notices under the agreed litigation schedule was July 5, 2019, *see Revised Order Extending and Establishing Certain Deadlines Applicable to the Joint Motion of PREPA and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement*, at 2 [ECF No. 1235], but the Committee did not serve the Deposition Notice on PREPA until July 16, 2019.

6. PREPA objects to each Definition to the extent it purports to impose burdens on PREPA that are inconsistent with, not authorized by, or exceed those required by the Governing Rules. In responding to the Topics, and unless otherwise noted, PREPA will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.

7. PREPA objects to the Deposition Notice, and to each and every Topic, to the extent they place an unreasonable burden on PREPA, including without limitation by seeking information that is equally or more readily available from public sources or that is already available to the Committee.

8. PREPA objects to the Deposition Notice, and to each and every Topic, to the extent they expressly or impliedly seek information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process

4

Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Nothing in the Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities. Information protected by these privileges, doctrines, or immunities is not subject to disclosure, and PREPA will not provide it. PREPA intends to and does assert any and all such privileges with respect to all such information.

9. PREPA objects to the Deposition Notice, and to each and every Topic, to the extent that it lacks the "reasonable particularity" required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

10. PREPA objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that it requests PREPA give testimony on topics that are beyond its knowledge.

11. PREPA objects to the Deposition Notice, and to each and every Topic, as overbroad and unduly burdensome to the extent that it purports to require PREPA to provide testimony concerning "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

12. PREPA objects to the Deposition Notice, and to each and every Topic, to the extent they seek information that is confidential or proprietary in nature, or otherwise constitute protected commercial, strategic, financial, or competitively sensitive or trade secret information.

13. PREPA objects to the Deposition Notice, and to each and every Topic, to the extent that they (i) imply the existence of facts or circumstances that do not or did not exist, or

5

(ii) state or assume legal or factual conclusions.  By providing the Responses and Objections, PREPA does not admit any factual or legal premise in the Deposition Notice and Topics.

14. To the extent any term defined or used in the Deposition Notice is used in responding to the Topics, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

15. PREPA objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that they are cumulative or duplicative of other discovery requests served upon PREPA or other parties.

16. PREPA objects to the Deposition Notice, and to each and every Topic, to the extent they seek information for an undefined or unstated period of time on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of the Rule 9019 Motion and Supplemental Memorandum nor reasonably calculated to lead to the discovery of admissible evidence.

17. PREPA objects to the instruction on page 2 of the Deposition Notice to the extent it purports to require PREPA to produce any documents beyond what it has agreed to produce in response to the Committee's requests for production of documents dated May 22, 2019, July 5, 2019, and July 16, 2019.

18. PREPA objects to the definition of the terms "PREPA," "You," and "Your" as overbroad because they encompass individuals and entities without regard to their connection or relevance to the Rule 9019 Motion and Supplemental Memorandum.  In responding to the Topics, PREPA will construe "PREPA," "You," and "Your" to mean PREPA and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion and Supplemental Memorandum.

19. PREPA objects to the definition of the term "Communication" to the extent it seeks to impose burdens on PREPA that differ from or exceed those imposed by the Governing Rules.

20. The Responses and Objections are made without waiving, or intending to waive, but, on the contrary, expressly reserving: (a) the right to object on the grounds of competency, privilege, relevancy, materiality, admissibility as evidence for any purpose, or any other proper grounds, to the use of any information obtained hereunder or the subject matter thereof, in whole or in part, at any trial or hearing related in the above-captioned case or in any related or subsequent action or proceeding; (b) the right to object on any and all grounds, at any time, to other discovery requests or procedures involving or relating to the subject matter of the Topics or otherwise; and (c) the right at any time to revise, amend, correct, supplement, or clarify the Responses and Objections.

21. The Responses and Objections should not be construed as: (a) an admission as to the propriety of any Topic; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Topic; (c) an acknowledgement that information responsive to any Topic exists; (d) a waiver of the general objections or the objections asserted in response to specific Topics; (e) an admission as to the relevance or admissibility into evidence of any information; (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation; or (g) an agreement that requests for similar information will be treated in a similar manner. Nothing in the Responses and Objections is intended to waive, and PREPA expressly reserves, the right to file a motion to quash the Topics and/or to seek a protective order.

22. The above general objections are incorporated into each of the following specific objections.

## SPECIFIC RESPONSES AND OBJECTIONS TO DEPOSITION TOPICS

**DEPOSITION TOPIC NO. 1:**

The Documents produced in response to the *Official Committee Of Unsecured Creditors' Third Set Of Document Requests To Financial Oversight And Management Board For Puerto Rico, Puerto Rico Fiscal Agency And Financial Advisory Authority, And Puerto Rico Electric Power Authority In Connection With Joint Motion Of Puerto Rico Electric Power Authority And AAFAF Pursuant To Bankruptcy Code Sections 362, 502, 922, And 928, And Bankruptcy Rules 3012(A)(I) And 9019 For Order Approving Settlements Embodied In Restructuring Support Agreement And Tolling Certain Limitations Periods* either (i) by PREPA or (ii) on PREPA's behalf.

**RESPONSE TO DEPOSITION TOPIC NO. 1:**

In addition to its general objections, PREPA objects to Topic No. 1 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. PREPA also objects to this Topic as vague and ambiguous; it is not clear what testimony this Topic is seeking beyond that requested in Topic No. 2. PREPA is willing to meet and confer regarding the scope of this Topic.

**DEPOSITION TOPIC NO. 2:**

The Rate Motion, including: (i) the timing of the filing, (ii) the relief sought in the Rate Motion, and (iii) Communications by PREPA regarding the foregoing.

**RESPONSE TO DEPOSITION TOPIC NO. 2:**

In addition to its General Objections, PREPA objects to Topic No. 2 to the extent it seeks information protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure,

8

particularly with respect to subtopic (iii). PREPA further objects to this Topic on the ground that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion and Supplemental Memorandum. *See* Transcript at 6-7, *In re Fin. Oversight & Mgmt. Bd. for P.R.*, Case No. 17-04780-LTS (D.P.R. July 11, 2019) ("[T]he government parties now seek Court approval only of certain RSA provisions that would (i) allow the asserted secured claims of the PREPA bondholders who are parties to the RSA . . . in discounted amounts; (ii) allow the accrual of certain administrative claims; (iii) allow certain settlement and adequate protection payments prior to plan confirmation; (iv) exculpate the supporting holders and the bond trustee for acts and omissions in furtherance of the RSA; (v) require the supporting holders to vote in favor of a plan consistent with the RSA; and (vi) dismiss the receiver motion as to the settling movants. The Court is no longer being asked to approve RSA provisions that would, for example, implement rate increases, impose the settlement charge or transition charge, or implement demand protections or securitization protections. Furthermore, the government parties are not asking that the Court determine whether the treatment of disputed secured claims proposed in the RSA would be confirmable or not confirmable in the context of PREPA's eventual plan of adjustment."). PREPA further objects to this Topic on the grounds that it seeks testimony that is evident from the face of the Rate Motion and the face of the RSA, particularly topics (i) and (ii), which are publicly available on the public docket maintained on the official website of the Puerto Rico Energy Bureau ("PREB") at http://energia.pr.gov/en/dockets/?docket=CEPR-ap-2015-0001 (last accessed July 19, 2019), and on PREPA's website at https://aeepr.com/es-pr/QuienesSomos/Ley17/RSA%20-%20Public%20(May%203rd%202019).pdf (last accessed July 19, 2019), respectively. PREPA is willing to meet and confer with the Committee regarding

9

this Topic.

Dated: July 19, 2019
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Elizabeth L. McKeen*
John J. Rapisardi
Nancy A. Mitchell
Peter Friedman
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

Elizabeth L. McKeen
Ashley M. Pavel
(Admitted *Pro Hac Vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: +1-949-823-6900
Fax: +1-949-823-6994

*Attorneys for Puerto Rico Electric Power Authority*

I hereby certify that, on this date, I caused copies of the foregoing document to be served on the following counsel of record for the Potential Objectors.

WEIL, GOTSHAL & MANGES LLP

Robert Berezin, Esq.
Marcia Goldstein, Esq.
Jonathan Polkes, Esq.
Gregory Silbert, Esq.
767 Fifth Avenue
New York, NY 10153
marcia.goldstein@weil.com
jonathan.polkes@weil.com
gregory.silbert@weil.com
robert.berezin@weil.com

*Counsel for National Public Finance Guarantee Corporation*

PAUL HASTINGS LLP

Luc A. Despins, Esq.
Andrew V. Tenzer, Esq.
James R. Bliss, Esq.
James B. Worthington, Esq.
Michael E. Comerford, Esq.
G. Alexander Bongartz, Esq.
Nicholas Bassett, Esq.
875 15th Street NW
Washington, DC 20005
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel for the Official Committee of Unsecured Creditors*

DEBEVOISE & PLIMPTON LLP

My Chi To, Esq.
Craig A. Bruens, Esq.
Elie J. Worenklein, Esq.
919 Third Avenue
New York, NY 10022
mcto@ debevoise.com
cabruens@ debevoise.com
eworenklein@debevoise.com

*Counsel for Syncora Guarantee, Inc.*

WACHTELL, LIPTON, ROSEN & KATZ LLP

Richard G. Mason, Esq.
Amy R. Wolf, Esq.
Emil A. Kleinhaus, Esq.
Angela K. Herring, Esq.
51 West 52nd Street
New York NY 10019
rgmason@wlrk.com
arwolf@wlrk.com
eakleinhaus@wlrk.com
akherring@wlrk.com

*Counsel for Cortland Capital Market Services LLC, as Administrative Agent*

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP | BUFETE EMMANUELLI, C.S.P. |
| Sandy Qusba, Esq.<br>Bryce L. Friedman, Esq.<br>Nicholas Baker, Esq.<br>Edward R. Linden, Esq.<br>425 Lexington Avenue<br>New York, NY 10017<br>squsba@stblaw.com<br>bfriedman@stblaw.com<br>nbaker@stblaw.com<br>edward.linden@stblaw.com | Jessica E. Méndez Colberg, Esq.<br>Rolando Emmanuelli Jiménez, Esq.<br>Urb. Constancia<br>2803 Calle San Francisco<br>Ponce PR 00717<br>jessica@bufete-emmanuelli.com<br>remmanuelli@me.com<br><br>*Counsel for Unión de Trabajadores de la Industria Eléctrica y Riego, Inc. ("UTIER")* |
| *Counsel for Solus Alternative Asset Management LP* | |

　　Further, I hereby certify that, on this date, I caused copies of the foregoing document to be served on the following counsel of record for other parties-in-interest to the 9019 Motion.

2

| | |
|---|---|
| PROSKAUER ROSE, LLP | CADWALADER, WICKERSHAM & TAFT LLP |
| Martin J. Bienenstock, Esq.<br>Ehud Barak, Esq.<br>Margaret A. Dale, Esq.<br>Gregg M. Mashberg, Esq.<br>Michael T. Mervis, Esq.<br>Elisa Cariño, Esq.<br>Jennifer L. Jones, Esq.<br>Laura Stafford, Esq.<br>Lucy Wolf, Esq.<br>Eleven Times Square<br>New York, NY 10036-8299<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>mbienenstock@proskauer.com<br>ebarak@proskauer.com<br>mdale@proskauer.com<br>gmashberg@proskauer.com<br>mmervis@proskauer.com<br>ecarino@proskauer.com<br>jljones@proskauer.com<br>lstafford@proskauer.com<br>lwolf@proskauer.com<br>Paul V. Possinger, Esq.<br>Brandon C. Clark, Esq.<br>70 W. Madison St., Suite 3800<br>Chicago, IL 60602<br>Tel: (312) 962-3550<br>Fax: (312) 962-3551<br>ppossinger@proskauer.com<br>bclark@proskauer.com | William J. Natbony, Esq.<br>Ellen Halstead, Esq.<br>200 Liberty Street<br>New York, NY 10281<br>Bill.Natbony@cwt.com<br>Ellen.Halstead@cwt.com<br><br>*Counsel for Assured Guaranty Corp., and Assured Guaranty Municipal Corp.* |

**DEL VALLE EMMANUELLI LAW OFFICES**
Luis F. del Valle Emmanuelli, Esq.
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
devlawoffices@gmail.com

*Attorneys for The Financial Oversight and Management Board for Puerto Rico, as representative of The Commonwealth of Puerto Rico and the Puerto Rico Electric Power Authority*

KRAMER LEVIN NAFTALIS &FRANKEL LLP

Amy Caton, Esq.
Thomas Moers Mayer, Esq.
Alice J. Byowitz
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
acaton@kramerlevin.com
tmayer@kramerlevin.com
abyowitz@kramerlevin.com

-and-

TORO, COLON, MULLET, RIVERA & SIFRE, P.S.C.

Manuel Fernandez-Bared, Esq.
Linette Figueroa-Torres, Esq.
Nadya Pérez-Román, Esq.
Jane Patricia Van Kirk, Esq.
PO Box 195383
San Juan, PR 00919-5383
mfb@tcmrslaw.com
lft@tcmrslaw.com
nperez@tcmrslaw.com
jvankirk@tcmrslaw.com

*Counsel for the Ad Hoc Group of PREPA Bondholders*

Date: July 19, 2019 /s/ *Elizabeth L. McKeen*

                                                Elizabeth L. McKeen (*admitted pro hac vice*)