Hearing Date: October 30, 2019, at 9:30AM (Atlantic Standard Time)
Response Deadline: October 15, 2019 at 4:00PM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al*.,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**This filing relates to the Commonwealth and ERS.**

## SIXTY-NINTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO SATISFIED CLAIMS

    The Commonwealth of Puerto Rico (the "Commonwealth") and Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the

Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

representative of the Commonwealth and ERS, pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this sixty-ninth objection (the "Sixty-Ninth Omnibus Objection") to the fully satisfied proofs of claim listed on **Exhibit A** hereto, and in support of the Sixty-Ninth Omnibus Objection respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").   On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "ERS Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases").  On June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

4.       On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

**B.       Proofs of Claims Filed, Omnibus Objection Procedures, and Claim Objections**

5.       To date, over 170,300 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors.

6.       Of the proofs of claim filed, approximately 108,052 have been filed in relation to, or reclassified to be asserted against, the Commonwealth, totaling approximately $33.2 trillion in asserted liabilities plus unliquidated amounts.  Over 52,000 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS, totaling approximately $10.2 trillion in asserted claims, in addition to unliquidated amounts asserted.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, or being duplicative of other proofs of claim.

7.      In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

8.      In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional*

4

*Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

9.      Pursuant to these procedures, the Court has sustained over 60 non-substantive or substantive omnibus objections filed by the Commonwealth, COFINA, HTA, and/or ERS. Additionally, the Court has sustained a number of individual objections to claims filed against COFINA, the Commonwealth, or ERS. As a result, over 9,000 claims asserting approximately $43 trillion in liability against the Commonwealth, HTA, COFINA, and ERS have been disallowed and expunged from the claims registry in the Title III Cases.

10.      This Sixty-Ninth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

11.      The Amended Omnibus Objection Procedures allow the Commonwealth, HTA, and ERS to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

12.      The Sixty-Ninth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(5) and the Amended Omnibus Objection Procedures, claims that have been satisfied.

13.      Each claim identified in **Exhibit A** hereto (collectively, the "Satisfied Claims") purports to assert liability based on a contract, purchase order, and/or invoice entered into or issued by the Commonwealth, an agency of the Commonwealth, or ERS. The records of the Commonwealth, its agencies, or ERS, however, show that the liabilities associated with the Satisfied Claims have been fully paid, as detailed in **Exhibit A** hereto. As a result, any failure to disallow the Satisfied Claims will result in the applicable claimants potentially receiving an

5

unwarranted double recovery against the Commonwealth or ERS, to the detriment of other stakeholders in the Title III Cases. The holders of the Satisfied Claims will not be prejudiced by the disallowance of their claims because the liabilities associated with their claims have been satisfied. The Satisfied Claims, therefore, should be disallowed in their entirety.

14. In support of the foregoing, the Commonwealth and ERS rely on the *Declaration of Jay Herriman in Support of the Sixty-Ninth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Satisfied Claims*, dated September 12, 2019, attached hereto as **Exhibit B**.

## NOTICE

15. In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Commonwealth and ERS are providing notice of this Sixty-Ninth Omnibus Objection to (a) the individual creditors subject to this Sixty-Ninth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Tenth Amended Case Management Procedures* [ECF No. 8027-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. The notice for this Sixty-Ninth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Sixty-Ninth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Commonwealth and ERS submit that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

16. This Sixty-Ninth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors or the rights of any other party in interest in the Title III Cases to object to the Satisfied Claims or any other claims on any ground

6

whatsoever.  The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases under PROMESA, the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

17.     No prior request for the relief sought in this Sixty-Ninth Omnibus Objection has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

7

WHEREFORE the Commonwealth and ERS respectfully request entry of an order,

substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief

requested herein, and (2) granting the Commonwealth and ERS such other and further relief as is

just.

Dated: September 12, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board,
as representative for the
Commonwealth and ERS*

8

**Fecha de la vista: 30 de octubre de 2019, a las 09:30 a.m. (AST)**
**Fecha límite para responder: 15 de octubre de 2019, a las 04:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS
ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMO(S).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

En el asunto de:

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN
FINANCIERA PARA PUERTO RICO,

    como representante de

ESTADO LIBRE ASOCIADO DE PUERTO RICO y
otros,

                           Deudores.[1]

PROMESA,
Título III

Núm. 17 BK 3283-LTS

(Administrada conjuntamente)

**La presente radicación guarda
relación con el ELA y el SRE.**

---

**SEXAGÉSIMA NOVENA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO
LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS
EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO
A RECLAMOS SATISFECHOS**

El Estado Libre Asociado de Puerto Rico (el "ELA") y el Sistema de Retiro de los

Empleados del Gobierno del Estado Libre Asociado de Puerto (el "SRE"), a través de la Junta de

---

[1] Los Deudores en el marco de los presentes Procedimientos radicados conforme al Título III,
junto con el respectivo número de procedimiento radicado conforme al Título III y los últimos
cuatro (4) dígitos del número federal de contribuyente de cada Deudor, en su caso, son i) el
Estado Libre Asociado de Puerto Rico (el "ELA") (núm. de procedimiento de quiebra 17 BK
3283-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3481); ii) la
Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (núm. de
procedimiento de quiebra 17 BK 3284-LTS) (últimos cuatro dígitos del número federal de
contribuyente: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT")
(núm. de procedimiento de quiebra 17 BK 3567-LTS) (últimos cuatro dígitos del número federal
de contribuyente: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado
Libre Asociado de Puerto Rico (el "SRE") (núm. de procedimiento de quiebra 17 BK 3566-LTS)
(últimos cuatro dígitos del número federal de contribuyente: 9686); y v) la Autoridad de Energía
Eléctrica de Puerto Rico (la "AEE", y conjuntamente con el ELA, COFINA, la ACT y el SRE,
los "Deudores") (núm. de procedimiento de quiebra 17 BK 4780-LTS) (últimos cuatro dígitos
del número federal de contribuyente: 3747) (los números de causas radicadas conforme al Título
III figuran como números de procedimiento relativos a procedimientos de quiebra debido a
limitaciones del programa informático).

Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del ELA y del SRE conforme al artículo 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican la presente Sexagésima novena objeción (la "Sexagésima novena objeción global") a evidencias de reclamos plenamente satisfechas que se mencionan en el **Anexo A** del presente documento, y en apoyo de la Sexagésima novena objeción global manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme al artículo 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme al artículo 307(a).

## ANTECEDENTES

**A.      Órdenes de fecha final**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a los artículos 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme al artículo 304(a) de PROMESA, incoando una causa conforme al Título III de dicho cuerpo legal (la "Causa del ELA radicada conforme al Título III"). El 21 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a los artículos 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el SRE conforme al artículo 304(a) de PROMESA, incoando una causa conforme al Título III de dicho cuerpo legal (la "Causa del SRE radicada conforme al Título III", y junto con la Causa del ELA radicada conforme al Título III, las "Causas radicadas conforme Título III"). El 29 de

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

junio de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de las Causas radicadas conforme al Título III únicamente con fines procesales.

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fijara fechas límite y procedimientos para radicar Evidencias de reclamos y B) aprobara la forma y la manera de su notificación* [núm. ECF 2255][3] (la "Moción de fecha final"). Conforme a la *Orden que A) fijó fechas límite y procedimientos para radicar Evidencias de reclamos y B) aprobó la forma y la manera de su notificación* [núm. ECF. 2521] (la "Orden inicial de fecha final"), el Tribunal concedió el remedio solicitado en la Moción de fecha final y fijó fechas límite y procedimientos para radicar evidencias de reclamos en el marco de las Causas radicadas conforme al Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar Evidencias de reclamos y B) aprobó la forma y la manera de su notificación* [núm. ECF 3160] (conjuntamente con la Orden inicial de fecha final, las "Órdenes de fecha final"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.      Evidencias de reclamos radicadas, Procedimientos relativos a objeciones globales y Objeciones a reclamos**

5.      Hasta la fecha, se han radicado más de 170,300 evidencias de reclamos, y se han registrado por Prime Clerk, LLC., contra los Deudores. Dichas evidencias de reclamos ascienden a un total de $43.6 billones en reclamos radicados contra los Deudores.

6.      De las evidencias de reclamos radicadas, aproximadamente 108,052 han sido radicados en relación con el ELA, o reclasificados como radicados contra el ELA, que ascendieron a un total de $33.2 billones en deudas, además de los montos no liquidados, que fueron reclamados.

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del procedimiento de quiebra núm. 17 BK 3283-LTS.

3

Más de 52,000 evidencias de reclamos han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE, que ascendieron a un total de $10.2 billones en reclamos reivindicados, además de los montos no liquidados reclamados. De conformidad con los términos de las Órdenes de fecha final, muchos de esos reclamos no tenían que ser radicados siquiera, o adolecen de algún otro vicio; por ejemplo, haber sido modificados posteriormente, no contener reclamos de los que los Deudores fuesen responsables, o estar repetidos en relación con otras evidencias de reclamos.

7.    Para resolver de manera eficaz el mayor número posible de las evidencias de reclamos innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción de que se dictase una orden a) que aprobase procedimientos limitados relativos a objeciones globales, b) declarase la renuncia al requisito contenido en la regla 3007(e)(6) de las Reglas de quiebras, y c) concediese el remedio relacionado* [núm. ECF 4052] (la "Moción de procedimientos globales"). El Tribunal concedió el remedio solicitado en la Moción de procedimientos globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden a) que aprobó procedimientos limitados relativos a objeciones globales, B) declaró la renuncia al requisito contenido en la regla 3007(e)(6) de las Reglas de quiebras, y c) concedió el remedio relacionado* [núm. ECF 4230]; *Procedimientos relativos a objeciones globales* [núm. ECF. 4230-1] (conjuntamente, los "Procedimientos originales relativos a objeciones globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos originales relativos a objeciones globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [núm. ECF 4381] (la "Orden de notificación").

4

8.      En aras del interés constante de resolver de una manera eficaz cualesquiera evidencias de reclamos innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en las que solicitaron, entre otras cosas, que los Deudores pudieran radicar objeciones globales sobre unas bases sustantivas para aumentar el número de reclamos que pudieran incluirse en una objeción y para aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden A) que aprobara procedimientos enmendados relativos a objeciones globales, B) declarara la renuncia al requisito contenido en la regla 3007(e) de las Reglas de quiebras C) aprobara formas de notificación adicionales y D) concediera el remedio relacionado [núm. ECF 7091].* El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden A) que aprobó procedimientos enmendados relativos a objeciones globales, B) declaró la renuncia al requisito contenido en la regla 3007(e) de las Reglas de quiebras C) aprobó formas de notificación adicionales y D) concedió el remedio relacionado* [núm. ECF 7440] (los "Procedimientos enmendados relativos a objeciones globales").

9.      Conforme a estos procedimientos, el Tribunal declaró ha lugar más de 60 objeciones globales no sustantivas o sustantivas radicadas por el ELA, COFINA, la ACT y/o el SRE. Además, el Tribunal declaró ha lugar a una serie de objeciones individuales a reclamos radicados contra COFINA, el ELA o el SRE. En consecuencia, más de 9000 reclamos que reivindicaban aproximadamente $43 billones en concepto de responsabilidad contra el ELA, la ACT, COFINA y el SRE han sido rechazados y suprimidos del registro de reclamos en el marco de las Causas radicadas conforme al Título III.

10.     La Sexagésima novena objeción global se radica de conformidad con los Procedimientos enmendados relativos a objeciones globales del Tribunal.

5

## OBJECIONES A EVIDENCIAS DE RECLAMOS

11.     Los Procedimientos enmendados relativos a objeciones globales permiten al ELA, a la ACT y al SRE radicar una objeción global a varias evidencias de reclamos sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas federales del procedimiento de quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos enmendados relativos a objeciones globales.

12.     La Sexagésima novena objeción global pretende que se rechacen reclamos que han sido satisfechos, de conformidad con la regla 3007(d)(5) de las Reglas federales del procedimiento de quiebra o los Procedimientos enmendados relativos a objeciones globales.

13.     Cada reclamo identificado en el **Anexo A** del presente (conjuntamente, los "Reclamos satisfechos") pretende alegar responsabilidad sobre la base de un contrato celebrado o una orden de compra o factura emitidas por el ELA, un organismo del ELA o el SRE. No obstante, según indican los datos del ELA, de sus organismos o del SRE, las responsabilidades vinculadas con los Reclamos satisfechos han sido pagadas en su totalidad, conforme a lo detallado en el **Anexo A** del presente documento. En consecuencia, si los reclamos satisfechos no son rechazados, ello resultaría en que las correspondientes demandantes obtuvieran potencialmente una recuperación duplicada no justificada contra el ELA o el SRE en detrimento de otras partes interesadas de las causas radicadas conforme al Título III. Los tenedores de los Reclamos satisfechos no se verán perjudicados por el hecho de que se rechacen tales reclamos, puesto que las responsabilidades vinculadas con sus reclamos han sido satisfechas. Por lo tanto, los Reclamos satisfechos deben ser rechazados en su totalidad.

14.     En apoyo de lo anterior, el ELA y el SRE invocan la *Declaració*n *de Jay Herriman en apoyo de la Sexagésima novena objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de*

6

*Puerto Rico a Reclamos satisfechos*, de fecha 12 de septiembre de 2019, adjunta al presente como **Anexo B**.

**NOTIFICACIÓN**

15.    De conformidad con los Procedimientos enmendados relativos a objeciones globales y la Orden de notificación del Tribunal, el ELA y el SRE notifican la presente Sexagésima novena objeción global a) a los acreedores individuales objeto de esta Sexagésima novena objeción global, b) al Síndico estadounidense, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de causas enmendados núm. 10* [núm. ECF 8027-1]), disponibles en el sitio de causas del Deudor, en https://cases.primeclerk.com/puertorico. La notificación relativa a la Sexagésima novena objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Sexagésima novena objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. El ELA y el SRE sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

**RESERVA DE DERECHOS**

16.    La presente Sexagésima novena objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas de las Causas radicadas conforme al Título III, a objetar a los Reclamos satisfechos o a cualesquiera otros reclamos que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamos contra los Deudores; b) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas de las Causas

7

radicadas conforme Título III, a impugnar cualquier reclamo sobre la base de los motivos que

fuere; c) constituyan una promesa o requisito a pagar cualquier reclamo; d) constituyan una

solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la

petición conforme al artículo 365 del Código de quiebras; o e) constituyan una renuncia a los

derechos que asisten a los Deudores, o a cualesquiera otras partes interesadas de las Causas

radicadas conforme Título III, conforme a PROMESA, el Código de quiebras o cualquier otra

normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

17. No se ha radicado ninguna solicitud de remedio previa a la presente Sexagésima

novena objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

8

POR LO QUE el ELA y el SRE solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda al ELA y al SRE cualesquiera otros remedios que se consideren justos.

Fecha: 12 de septiembre de 2019
      San Juan (Puerto Rico)

                                                    Respetuosamente sometida,

                                                    [*Firma en la versión en inglés*]
                                                    Hermann D. Bauer
                                                    Núm. USDC: 215205
                                                    Daniel J. Pérez-Refojos
                                                    Núm. USDC: 303909
                                                    **O'NEILL & BORGES LLC**
                                                    250 Muñoz Rivera Ave., Suite 800
                                                    San Juan, PR 00918-1813
                                                    Tel.: (787) 764-8181
                                                    Fax: (787) 753-8944

                                                    [*Firma en la versión en inglés*]
                                                    Martin J. Bienenstock (*pro hac vice*)
                                                    Brian S. Rosen (*pro hac vice*)
                                                    **PROSKAUER ROSE LLP**
                                                    Eleven Times Square
                                                    Nueva York, NY 10036
                                                    Tel.: (212) 969-3000
                                                    Fax: (212) 969-2900

                                                    *Abogados de la Junta de Supervisión*
                                                    *y Administración Financiera como*
                                                    *representante del ELA y del SRE*

9