> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

### SEVENTIETH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO COFINA BONDHOLDER CLAIMS

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this seventieth omnibus objection (the "Seventieth

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto, each of which purports to assert liability based on an ownership interest in bonds issued by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), and in support of the Seventieth Omnibus Objection, respectfully represents as follows:

**JURISDICTION**

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

**BACKGROUND**

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of

---

[3]  Unless otherwise noted herein, all ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of

the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs*

*of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with

the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at

4:00 pm (Atlantic Time).

**B.    Proofs of Claim Filed Against the Commonwealth, the Omnibus Objection
        Procedures, and Claim Objections**

5.      To date, over 170,300 proofs of claim have been filed against the Debtors and

logged by Prime Clerk.  Such proofs of claim total approximately $43.6 trillion in asserted claims

against the Debtors.

6.      Of the proofs of claim filed, approximately 108,052 have been filed in relation to,

or reclassified to be asserted against, the Commonwealth, totaling approximately $33.2 trillion in

asserted liabilities plus unliquidated amounts.  In accordance with the terms of the Bar Date Orders,

many of these claims need not have been filed at all, or suffer from some other flaw, such as being

subsequently amended, not putting forth a claim for which the Debtors are liable, or being

duplicative of other proofs of claim.

7.      In order to efficiently resolve as many of the unnecessary proofs of claim as

possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order*

*(a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of*

*Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus

Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion

by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection*

*Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting*

3

*Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").

8.      In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

9.      Pursuant to these procedures, the Court has sustained over sixty non-substantive or substantive omnibus objections filed by the Commonwealth, COFINA, HTA, and/or ERS. Additionally, the Court has sustained a number of individual objections to claims filed against COFINA, the Commonwealth, or ERS. As a result, over 9,000 claims asserting approximately $43 trillion in liability against the Commonwealth, HTA, COFINA, and ERS have been disallowed and expunged from the claims registry in these Title III proceedings.

10.      This Seventeenth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

**C.      The COFINA Title III Case and Resolution of the Commonwealth-COFINA Dispute**

11.     COFINA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 91 of the Legislative Assembly of the Commonwealth.  Pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended on June 19, 2009, and pursuant to certain supplemental resolutions, COFINA issued a series of bonds in aggregate approximate amount of $17 billion, to, among other things, defray certain debt obligations of the Puerto Rico Government Development Bank and the Puerto Rico Public Finance Corporation (the "COFINA Bonds").  The Bank of New York Mellon ("BNYM") serves as trustee with respect to the COFINA Bonds.

12.     On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "COFINA Title III Case").  The Oversight Board filed that certain *Third Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation* (the "Plan") [ECF No. 4652] on January 9, 2019.  The Court considered confirmation of the Plan and any objections thereto at a hearing on January 16-17, 2019.

13.     On February 4, 2019, the Court confirmed the Plan, which incorporated the compromise and settlement of the dispute over whether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secure debt are property of the Commonwealth or COFINA under applicable law (the "Commonwealth-COFINA Dispute").  *See Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax*

*Financing Corporation* [ECF No. 5048].   On the same day, the Court approved the
compromise and settlement of the Commonwealth-COFINA Dispute pursuant to the
*Memorandum Opinion and Order Approving Settlement Between Commonwealth of Puerto
Rico and Puerto Rico Sales Tax Financing Corporation* [ECF No. 5045] (the "Settlement
Order").  On February 5, 2019, the Court issued an *Amended Order and Judgment Confirming
the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing
Corporation* [ECF No. 5055] (the "Amended Confirmation Order").   The Plan became
effective on February 12, 2019 (the "Effective Date"), when the transactions contemplated
therein were consummated.  *See Notice of (A) Entry of Order Confirming the Third Amended
Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation Pursuant to Title
III of PROMESA and (B) Occurrence of the Effective Date* [Case No. 17 BK 3284-LTS, ECF
No. 587].

## OBJECTIONS TO PROOFS OF CLAIM

14.    The Amended Omnibus Objection Procedures allow the Commonwealth to file an
omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of
Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the
Amended Omnibus Objection Procedures.

15.    The Seventieth Omnibus Objection seeks to disallow, in accordance with the
Amended Omnibus Objection Procedures, claims that seek recovery for amounts for which the
Commonwealth is not liable because the claims were (1) compromised and settled pursuant to the
Settlement Order, and (2) released and discharged in accordance with the Plan and Amended
Confirmation Order.

16.    Claims that are "unenforceable against the debtor and property of the debtor, under
any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).  Each of the claims

listed on **Exhibit A** hereto (collectively the "COFINA Bondholder Claims") purport to assert

liability based on an alleged ownership of COFINA Bonds.[4]  Some of the COFINA Bondholder

Claims specifically cited to the Commonwealth-COFINA Dispute as the basis of the claim, while

other COFINA Bondholder Claims provided no explanation for the basis of the claim beyond

attaching a bond statement showing ownership of bonds issued by COFINA.  Regardless of

whether the Commonwealth-COFINA Dispute was expressly referenced in the proof of claim or

supporting documentation, any purported liability by the Commonwealth for bonds issued by

COFINA was resolved by the resolution of the Commonwealth-COFINA Dispute.

17.     More specifically, pursuant to Paragraph 55 of the Settlement Order, all claims

against the Commonwealth arising from or relating to the relationship of the Commonwealth and

COFINA have been released.  Settlement Order, ¶ 55 ("On the Effective Date, to the fullest extent

permissible under applicable law, the Commonwealth shall be released from all liability from all

Claims and Causes of Action held by any Creditor (as defined in the COFINA Plan), solely in such

capacity, arising from or relating to the relationship of the Commonwealth and COFINA,

including, without limitation, any Claim or Cause of Action arising from or relating to the

commencement of the Adversary Proceeding and pendency thereof, the compromise and

---

[4]  To the extent any of the COFINA Bondholder Claims intended to assert a claim against COFINA
in the COFINA Title III Case, any such claims against COFINA should still be disallowed and
expunged because they have been discharged and released pursuant to Paragraph 29(a) of the
Amended Confirmation Order and 11 U.S.C. § 944, incorporated into PROMESA by
PROMESA § 301(a).  Additionally, any bondholder claims asserted against COFINA on the
basis of bonds issued by COFINA should be disallowed, in accordance with Federal Rule of
Bankruptcy Procedure 3007(d)(1) and the Amended Omnibus Objection Procedures, as
duplicative of one or more master proofs of claim filed against COFINA by BNYM, as trustee,
on behalf of the holders of COFINA Bonds, which claims were logged by Prime Clerk, LLC as
Proofs of Claim Nos. 31920 (subordinate bonds) and 33139 (senior bonds).

settlement of *Bank of New York Mellon v. COFINA*, Adv. Proc. No. 17-00133, and the allocation of funds in accordance with Section 2.1 of the COFINA Plan.").

18.     Additionally, pursuant to the Paragraph 3(c) of the *Settlement Agreement* [ECF No. 5045-1], dated October 19, 2018 and attached to the Settlement Order (the "Settlement Agreement"), and Paragraph 7 of the Amended Confirmation Order, the adversary proceeding between the Commonwealth and COFINA concerning the Commonwealth-COFINA Dispute has been dismissed with prejudice following the approval of the compromise and settlement of the Commonwealth-COFINA Dispute.  Paragraph 3(c) of the Settlement Agreement provides that, "[o]n the Effective Date . . . the Adversary Proceeding shall be dismissed, with prejudice, and all other claims and causes of action asserted therein by the Commonwealth Agent, the COFINA Agent and the Permitted Interveners, as defined in the Adversary Proceeding, shall be deemed dismissed, with prejudice . . . ."  Paragraph 7 of the Amended Confirmation Order provides that, "[u]pon the dismissal, with prejudice, of the Adversary Proceeding, the Commonwealth Agent and the COFINA Agent and their respective professionals shall be deemed to have satisfied any and all of their respective obligations in connection with the Adversary Proceeding, and the Commonwealth Agent and the COFINA Agent shall be deemed to have been released from any and all liabilities associated therewith."

19.     Furthermore, pursuant to Paragraph 29(f) of the Amended Confirmation Order, "[o]n the Effective Date, and in consideration of the Commonwealth-COFINA Dispute Settlement and the resolution of the Interpleader Action, to the fullest extent permissible under applicable law, the Commonwealth shall be released from all liability from all Claims and Causes of Action held by any Creditor, solely in such capacity, arising from or relating to the relationship of the Commonwealth and COFINA, including, without limitation, any Claim or Cause of Action arising

from or relating to the commencement of the Adversary Proceeding and pendency and the compromise and settlement of the Interpleader Action and the allocation of funds in accordance with Section 2.1 of the Plan." Amended Confirmation Order, ¶ 29(f).[5] Because the COFINA Bondholder Claims seek to hold the Commonwealth liable for bonds issued by COFINA, such claims arise from or relate to the relationship between the Commonwealth and COFINA. Accordingly, the Commonwealth has been released from all liability for the COFINA Bondholder Claims pursuant to the Settlement Order, Amended Confirmation Order, and the Plan.

20.     In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Seventieth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to COFINA Bondholder Claims*, dated September 12, 2019, attached hereto as **Exhibit B**.

### NOTICE

21.     In accordance with the Amended Omnibus Objection Procedures, the Commonwealth is providing notice of this Seventieth Omnibus Objection to (a) the individual creditors subject to this Seventieth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Tenth Amended Case Management Procedures* [ECF No. 8027-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. The notice for this Seventieth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations

---

[5] Pursuant to the Plan, "Claim" is defined as "[a]ny right to payment or performance, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, known or unknown or asserted or unasserted; or any right to an equitable remedy for breach or enforcement of performance, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, and all debts, suits, damages, rights, remedies, losses, liabilities, obligations, judgments, actions, causes of action, demands, or claims of every kind or nature whatsoever, in law, at equity, or otherwise." Plan § 1.53.

of the Seventieth Omnibus Objection and all of the exhibits attached hereto are being filed and served with this objection.  The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

22.     This Seventieth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors or the rights of any other party in interest in these Title III proceedings to object to the COFINA Bondholder Claims or any other claims on any ground whatsoever.  The Debtors expressly reserve all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in these Title III proceedings to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the rights of the Debtors or any other party in interest in these Title III proceedings under PROMESA, the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

23.     No prior request for the relief sought in this Seventieth Omnibus Objection has been made to this or any other court.

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth such other and further relief as is just.

Dated: September 12, 2019
    San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
as representative for the
Commonwealth*

Fecha de la vista: 30 de octubre de 2019, a las 09:30 a.m. (AST)
Fecha límite para responder: 15 de octubre de 2019, a las 04:00 p.m. (AST)

---

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS
ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMO(S).**

---

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

En el asunto de:

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN
FINANCIERA PARA PUERTO RICO,

    como representante de

ESTADO LIBRE ASOCIADO DE PUERTO RICO y
otros,

                         Deudores.[1]

PROMESA,
Título III

Núm. 17 BK 3283-LTS

(Administrada conjuntamente)

**La presente radicación guarda
relación con el ELA.**

---

## SEPTUEGÉSIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE
## ASOCIADO DE PUERTO RICO A RECLAMOS DE LOS BONISTAS DE COFINA

El Estado Libre Asociado de Puerto Rico (el "ELA"), a través de la Junta de Supervisión

y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del

---

[1] Los Deudores en el marco de los presentes Procedimientos radicados conforme al Título III,
junto con el respectivo número de procedimiento radicado conforme al Título III y los últimos
cuatro (4) dígitos del número federal de contribuyente de cada Deudor, en su caso, son i) el
Estado Libre Asociado de Puerto Rico (el "ELA") (núm. de procedimiento de quiebra 17 BK
3283-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3481); ii) la
Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (núm. de
procedimiento de quiebra 17 BK 3284-LTS) (últimos cuatro dígitos del número federal de
contribuyente: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT")
(núm. de procedimiento de quiebra 17 BK 3567-LTS) (últimos cuatro dígitos del número federal
de contribuyente: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado
Libre Asociado de Puerto Rico (el "SRE") (núm. de procedimiento de quiebra 17 BK 3566-LTS)
(últimos cuatro dígitos del número federal de contribuyente: 9686); y v) la Autoridad de Energía
Eléctrica de Puerto Rico (la "AEE", y conjuntamente con el ELA, COFINA, la ACT y el SRE,
los "Deudores") (núm. de procedimiento de quiebra 17 BK 4780-LTS) (últimos cuatro dígitos
del número federal de contribuyente: 3747) (los números de causas radicadas conforme al Título
III figuran como números de procedimiento relativos a procedimientos de quiebra debido a
limitaciones del programa informático).

ELA conforme al artículo 315(b) de la *Ley para la Supervisión, Administración* y Estabilidad Económica de Puerto Rico ("PROMESA"),[2] radica la presente septuagésima objeción global (la "Septuagésima objeción global") a las evidencias de reclamos mencionadas en el **Anexo A** del presente, cada una de las cuales pretende alegar responsabilidad sobre la base de una participación patrimonial en bonos emitidos por la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), y en apoyo de la Septuagésima objeción global, manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para conocer la presente causa y el remedio en ella solicitado conforme al artículo 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme al artículo 307(a).

## ANTECEDENTES

**A.      Órdenes de fecha final**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a los artículos 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme al artículo 304(a) de PROMESA, incoando una causa conforme al título III de dicho cuerpo legal (la "Causa del ELA radicada conforme al Título III").

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fijara fechas límite y procedimientos para radicar Evidencias de reclamos y B) aprobara la forma*

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

2

*y la manera de su notificación* [núm. ECF 2255][3] (la "Moción de fecha final"). Conforme a la *Orden que A) fijó fechas límite y procedimientos para radicar Evidencias de reclamos y B) aprobó la forma y la manera de su notificación* [núm. ECF. 2521] (la "Orden inicial de fecha final"), el Tribunal concedió el remedio solicitado en la Moción de fecha final y fijó fechas límite y procedimientos para radicar evidencias de reclamos en el marco de las Causas radicadas conforme al Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal procedió a dictar la *Orden que A) extendió fechas límite para radicar Evidencias de reclamos y B) aprobó la forma y la manera de su notificación* [núm. ECF 3160] (conjuntamente con la Orden inicial de fecha final, las "Órdenes de fecha final"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.  Evidencias de reclamos radicadas contra el ELA, los Procedimientos relativos a objeciones globales y las Objeciones a reclamos**

5.    Hasta la fecha, se han radicado más de 170,300 evidencias de reclamos, y se han registrado por Prime Clerk, contra los Deudores. Dichas evidencias de reclamos ascienden a un total de $43.6 billones en reclamos radicados contra los Deudores.

6.    De las evidencias de reclamos radicadas, aproximadamente 108,052 han sido radicados en relación con el ELA, o reclasificados como radicados contra el ELA, que ascendieron a un total de $33.2 billones en deudas, además de los montos no liquidados, que fueron reclamados. De conformidad con los términos de las Órdenes de fecha final, muchos de esos reclamos no tenían que ser radicados siquiera, o adolecen de algún otro vicio; por ejemplo, haber sido modificados

---

[3]  Salvo disposición en contrario contenida en el presente documento, todas las citas ECF harán referencia a documentos radicados en el marco del procedimiento de quiebra núm. 17 BK 3283-LTS.

posteriormente, no contener reclamos de los que los Deudores fuesen responsables, o estar repetidos en relación con otras evidencias de reclamos.

7.      Para resolver de manera eficaz el mayor número posible de las evidencias de reclamos innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción de que se dictase una orden a) que aprobase procedimientos limitados relativos a objeciones globales, b) declarase la renuncia al requisito contenido en la regla 3007(e)(6) de las Reglas de quiebras, y c) concediese el remedio relacionado* [núm. ECF 4052] (la "Moción de procedimientos globales"). El Tribunal concedió el remedio solicitado en la Moción de procedimientos globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden a) que aprobó procedimientos limitados relativos a objeciones globales, B) declaró la renuncia al requisito contenido en la regla 3007(e)(6) de las Reglas de quiebras, y c) concedió el remedio relacionado* [núm. ECF 4230]; *Procedimientos relativos a objeciones globales* [núm. ECF. 4230-1] (conjuntamente, los "Procedimientos originales relativos a objeciones globales").

8.      En aras del interés constante para resolver de una manera eficaz cualesquiera evidencias de reclamos innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en las que solicitaron, entre otras cosas, que los Deudores pudieran radicar objeciones globales sobre unas bases sustantivas para aumentar el número de reclamos que pudieran incluirse en una objeción y para aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden A) que aprobara procedimientos enmendados relativos a objeciones globales, B) declarara la renuncia al requisito contenido en la regla 3007(e) de las Reglas de quiebras C) aprobara formas de notificación adicionales y D) concediera el remedio relacionado [núm. ECF 7091]*. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden A) que aprobó procedimientos enmendados relativos a*

4

*objeciones globales, B) declaró la renuncia al requisito contenido en la regla 3007(e) de las Reglas de quiebras C) aprobó formas de notificación adicionales y D) concedió el remedio relacionado* [núm. ECF 7440] (los "Procedimientos enmendados relativos a objeciones globales").

9. Conforme a estos procedimientos, el Tribunal declaró ha lugar más de 60 objeciones globales no sustantivas o sustantivas radicadas por el ELA, COFINA, la ACT y/o el SRE. Además, el Tribunal declaró ha lugar a una serie de objeciones individuales a reclamos radicados contra COFINA, el ELA o el SRE. En consecuencia, más de 9000 reclamos que reivindicaban aproximadamente $43 billones en concepto de responsabilidad contra el ELA, la ACT, COFINA y el SRE han sido rechazados y suprimidos del registro de reclamos en el marco de estos procedimientos radicadas conforme al Título III.

10. Esta Septuagésima objeción global se radica de conformidad con los Procedimientos enmendados relativos a objeciones globales del Tribunal.

**C. Causa de COFINA radicada conforme al Título III y resolución de la controversia entre el ELA y COFINA**

11. COFINA es una corporación pública y organismo del ELA, que constituye una entidad corporativa y política independiente y separada del ELA, creada en virtud de la Ley núm. 91 de la Asamblea Legislativa del ELA. Conforme a la Resolución enmendada y modificada sobre los bonos del fondo de interés apremiante, adoptada el 13 de julio de 2007, en su versión enmendada del 19 de junio de 2009, y de conformidad con otras resoluciones complementarias, COFINA emitió una serie de bonos por un monto total de aproximadamente $17,000 millones para, entre otras cosas, sufragar determinadas obligaciones de deuda del Banco Gubernamental de Fomento para Puerto Rico y de la Corporación para el Financiamiento Público de Puerto Rico (los

"Bonos COFINA"). El Bank of New York Mellon ("BNYM") actúa como fiduciario con respecto a los Bonos COFINA.

12.    El 5 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a los artículos 104(j) y 206 de PROMESA, y presentó una petición voluntaria de remedio para COFINA conforme al artículo 304(a) de PROMESA, incoando una causa con arreglo al Título III de dicho cuerpo legal (la "Causa de COFINA radicada conforme al Título III"). La Junta de Supervisión radicó el *Tercer plan enmendado de ajuste de la Corporación del Fondo de Interés Apremiante de Puerto Rico elaborado conforme al Título III* (el "Plan") [núm. ECF 4652] el 9 de enero de 2019. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista celebrada los días 16 y 17 de enero de 2019.

13.    El 4 de febrero de 2019, el Tribunal confirmó el Plan que incorporaba el pacto y la conciliación de la controversia sobre si, luego de examinar todas las contestaciones y reconvenciones sustantivas y procesales, incluidas cuestiones constitucionales, los impuestos sobre la venta y uso supuestamente empeñados por COFINA para garantizar la deuda son propiedad del ELA o de COFINA conforme a la normativa legal aplicable (la "Controversia entre el ELA y COFINA"). *Véase la Orden y la Sentencia que confirman el Tercer plan enmendado de ajuste de la Corporación del Fondo de Interés Apremiante de Puerto Rico* [núm. ECF 5048]. Ese mismo día, el Tribunal aprobó el pacto y la conciliación de la Controversia entre el ELA y COFINA conforme al *Dictamen abreviado y orden que aprueba la conciliación entre el Estado Libre Asociado de Puerto Rico y la Corporación del Fondo de Interés Apremiante de Puerto Rico* [núm. ECF 5045] (la "Orden de conciliación"). El 5 de febrero de 2019, el Tribunal dictó una *Orden y Sentencia enmendadas que confirman el Tercer plan enmendado de ajuste de la Corporación del Fondo de Interés Apremiante de Puerto Rico*

*elaborado conforme al Título III* [núm. ECF 5055] (la "<u>Orden de confirmación enmendada</u>").

El Plan entró en vigor el 12 de febrero de 2019 (la "<u>Fecha de entrada en vigor</u>"), una vez

consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden*

*por la que se confirma el Tercer plan enmendado de ajuste de la Corporación del Fondo de*

*Interés Apremiante de Puerto Rico elaborado conforme al título III, según el título III de*

*PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [procedimiento núm. 17 BK

3284-LTS, núm. ECF 587].

## OBJECIONES A EVIDENCIAS DE RECLAMOS

14.     Los Procedimientos enmendados relativos a objeciones globales permiten al ELA

radicar una objeción global a varias evidencias de reclamos sobre cualquiera de las bases recogidas

en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule*

*of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los

Procedimientos enmendados relativos a objeciones globales.

15.     La Septuagésima objeción global pretende que se rechacen, de conformidad con los

Procedimientos enmendados relativos a objeciones globales, reclamos que pretenden recuperar

montos por los que el ELA no tiene responsabilidad porque los reclamos fueron 1) 695 y 5290, el

ELA no es responsable por la parte de los reclamos que presuntamente alega responsabilidad sobre

la base de los bonos emitidos por COFINA, puesto que dichos reclamos fueron 1) pactados y

conciliados conforme a la Orden de conciliación y 2) liberados y liquidados conforme al Plan y a

la Orden de conformación enmendada.

16.     Los reclamos que sean "inejecutables contra el deudor y los bienes de este, en virtud

de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1).

Cada uno de los reclamos mencionados en el **<u>Anexo A</u>** del presente (conjuntamente, los "<u>Reclamos</u>

<u>de los bonistas de COFINA</u>") pretende alegar responsabilidad sobre la base de presunta propiedad

de los Bonos COFINA.[4]   Algunos de los Reclamos de los bonistas de COFINA fueron citados específicamente en la controversia entre el ELA y COFINA como la base del reclamo, mientras que otros Reclamos de los bonistas de COFINA no brindaron ninguna explicación relativa al fundamento del reclamo más allá de adjuntar un extracto de bonos que mostraba la propiedad de los bonos emitidos por COFINA. Independientemente de si se hizo o no una referencia expresa a la Controversia entre el ELA y COFINA en las evidencias de reclamos o en la documentación justificativa, cualquier presunta responsabilidad del ELA en relación con los bonos emitidos por COFINA fue resuelta por la resolución de la Controversia entre el ELA y COFINA.

17.     Más concretamente, conforme al párrafo 55 de la Orden de conciliación, la totalidad de los reclamos contra el ELA, surgidos o vinculados con la relación del ELA y COFINA, han sido liberados. Orden de conciliación, ¶ 55 ("En la Fecha de entrada en vigor y en la máxima medida permitida por la normativa legal aplicable, el ELA debe ser liberado de toda responsabilidad derivada de la totalidad de los Reclamos y Causas radicadas que posea cualquier Acreedor (según se define en el Plan COFINA), únicamente en tal capacidad, surgidos o vinculados con la relación entre el ELA y COFINA, han sido liberados, lo que incluye, entre otras cosas, cualquier Reclamo o Causa radicada surgidos o vinculados con el inicio del Procedimiento

---

[4]   En la medida en que los Reclamos de los bonistas de COFINA estuvieran concebidos para presentar un reclamo contra COFINA en el marco de la Causa de COFINA radicada conforme al Título III, tales reclamos contra COFINA deben ser igualmente rechazados y eliminados porque fueron liberados y liquidados conforme al párrafo 29(a) de la Orden de confirmación enmendada y el Título 11 U.S.C., § 944, incorporados en PROMESA por el § 301(a) del mismo cuerpo legal. Además, cualquier reclamo de bonistas radicado contra COFINA sobre la base de los bonos emitidos por COFINA debe ser rechazado, de conformidad con la regla 3007(d)(1) de las Reglas federales del procedimiento de quiebra y los Procedimientos enmendados relativos a objeciones globales, por estar duplicado en relación con una o varias Evidencias de reclamos principales radicadas contra COFINA por BNYM, en su calidad de fiduciario, en nombre de los tenedores de los Bonos COFINA, reclamos que fueron registrados por Prime Clerk, LLC como Evidencias de reclamos núms. 31920 (bonos subordinados) y 33139 (bonos preferentes).

contencioso y con el hecho de que este estuviera pendiente de resolución, el pacto y la conciliación de la causa *Bank of New York Mellon c. COFINA*, Proc. contec. núm. 17-00133, y la asignación de los fondos de conformidad con la Sección 2.1 del Plan COFINA").

18.     Además, conforme al párrafo 3(c) del *Acuerdo de conciliación* [núm. ECF 5045-1], de fecha 19 de octubre de 2018, que se adjunta a la Orden de conciliación (el "Acuerdo de conciliación"), y el párrafo 7 de la Orden de confirmación enmendada, el procedimiento contencioso entre el ELA y COFINA sobre la Controversia entre el ELA y COFINA ha sido rechazado de forma definitiva luego de la aprobación del pacto y la conciliación de la Controversia entre el ELA y COFINA. El párrafo 3(c) del acuerdo de conciliación dispone que "[e]n la Fecha de entrada en vigor . . . el Procedimiento contencioso debe ser rechazado, de forma definitiva, y la totalidad de los demás reclamos y causas radicadas, alegadas en dicho procedimiento por el Agente del ELA, el Agente de COFINA y los Inversores autorizados, según la definición recogida en el Procedimiento contencioso, se considerarán rechazados de forma definitiva . . . ." El párrafo 7 de la Orden de confirmación enmendada dispone lo siguiente: "[t]ras el rechazo, de forma definitiva, del Procedimiento contencioso, se considerará que el Agente del ELA y el Agente de COFINA, junto con sus respectivos profesionales, han satisfecho la totalidad de sus correspondientes obligaciones en relación con el Procedimiento contencioso, y se considerará que el Agente del ELA y el Agente de COFINA han sido liberados de toda responsabilidad vinculada con dicho procedimiento".

19.     Además, conforme al párrafo 29(f) de la Orden de confirmación enmendada, "[e]n la Fecha de entrada en vigor, y teniendo en consideración la Conciliación de la Controversia entre el ELA y COFINAS y la resolución de la Acción de consignación, en la máxima medida permitida por la normativa legal el ELA debe ser liberado de toda responsabilidad derivada de la totalidad

de los Reclamos y Causas radicadas de cualquier Acreedor, únicamente en tal capacidad, surgidos o vinculados con la relación entre el ELA y COFINA, lo que incluye, entre otras cosas, cualquier Reclamo o Causa radicada surgidos o vinculados con el inicio del Procedimiento contencioso y con el hecho de que este estuviera pendiente de resolución, y con el pacto y la conciliación de la Acción de consignación, así como la asignación de los fondos de conformidad con la Sección 2.1 del Plan". Orden de confirmación enmendada, ¶ 29(f). [5] Puesto que los Reclamos de los bonistas de COFINA pretenden atribuirle la responsabilidad al ELA por los bonos emitidos por COFINA, dichos reclamos  que surgen o están vinculados con la relación entre el ELA y COFINA. En consecuencia, el ELA ha sido liberado de toda responsabilidad por los Reclamos de los bonistas de COFINA de conformidad con la Orden de conciliación, la Orden de confirmación enmendada y el Plan.

20.     En apoyo de lo anterior, el ELA invoca la Declaración de Jay Herriman en apoyo de la *Septuagésima objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamos de los bonistas de COFINA*, de fecha 12 de septiembre de 2019, adjunta al presente como **Anexo B**.

---

[5] Conforme al Plan, "Reclamo" se define como "[c]ualquier derecho a un pago o cumplimiento, independientemente de si tal derecho consta en una sentencia, es liquidado, no liquidado, fijo, accidental, vencido, no vencido, controvertido, no controvertido, legal, en equidad, garantizado o no garantizado, conocido o desconocido, reclamado o no reclamado; o cualquier derecho a un remedio en equidad por incumplimiento o ejecución de un cumplimiento, independientemente de si tal derecho a un remedio en equidad consta en una sentencia, es fijo, accidental, vencido, no vencido, controvertido, no controvertido, garantizado o no garantizado, y la totalidad de las deudas, procesos, indemnizaciones por daños y perjuicios, derechos, remedios, pérdidas, responsabilidades, obligaciones, sentencias, acciones, causas radicadas, procedimientos o reclamos de cualquier tipo o naturaleza, en derecho, equidad o de cualquier otra forma". Plan § 1.53.

## NOTIFICACIÓN

21.     De conformidad con los Procedimientos enmendados relativos a objeciones globales, el ELA notifica la presente Septuagésima objeción global a) a los acreedores individuales objeto de esta Septuagésima objeción global, b) al Síndico estadounidense, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de causas enmendados núm. 10* [núm. ECF 8027-1]), disponibles en el sitio de causas del Deudor, en https://cases.primeclerk.com/puertorico. La notificación relativa a la Septuagésima Objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Septuagésima objeción global y de la totalidad de los anexos que se adjuntan al presente se radican y envían con la presente objeción. El ELA sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

22.     La presente Septuagésima objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas de dichos procedimientos radicados conforme al Título III, a objetar a los Reclamos de los bonistas de COFINA o a cualesquiera otros reclamos que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamos contra los Deudores; b) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas de dichos procedimientos radicados conforme Título III, a impugnar cualquier reclamo sobre la base de los motivos que fuere; c) constituyan una promesa o requisito a pagar cualquier reclamo; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento

11

anteriores a la petición conforme al artículo 365 del Código de quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores, o a cualesquiera otras partes interesadas de estos procedimientos radicados conforme Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

23.     No se ha radicado ninguna solicitud de remedio previa a la presente Septuagésima objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE el ELA solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda al ELA cualesquiera otros remedios que se consideren justos.

Fecha: 12 de septiembre de 2019
      San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Hermann D. Bauer
Núm. USDC: 215205
Daniel J. Pérez-Refojos
Núm. USDC: 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera como representante del ELA*

12