# **EXHIBIT B**

**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE
SEVENTY-THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE
COMMONWEALTH OF PUERTO RICO TO BONDHOLDER CLAIMS
ASSERTING AMOUNTS FOR WHICH THE COMMONWEALTH IS NOT LIABLE**

       I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

       1.     I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' cases filed

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

pursuant to *the Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth.

3. I submit this declaration in support of the *Seventy-Third Omnibus (Substantive) Objection of the Commonwealth of Puerto Rico to Bondholder Claims Asserting Amounts for Which the Commonwealth is Not Liable* (the "Seventy-Third Omnibus Objection").[3] I have personally reviewed the Seventy-Third Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Seventy-Third Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Seventy-Third Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be partially disallowed, as identified in Exhibit A to the Seventy-Third Omnibus Objection (collectively the "Claims to Be Partially Disallowed").

5. Each of the Claims to Be Partially Disallowed purport to be based in part on an alleged (a) investment in mutual funds that in turn purportedly own bonds issued by the Commonwealth, and/or (b) ownership interest in bonds issued by the Puerto Rico Sales Tax

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein shall have the meanings set forth in the Seventy-Third Omnibus Objection.

2

Financing Corporation, the Government Development Bank of Puerto Rico ("GDB"), Puerto Rico Industrial, Tourist, Educational, Medical and Environmental Control Facilities Financing Authority ("AFICA"); Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), Puerto Rico Highways and Transportation Authority ("HTA"), Puerto Rico Public Buildings Authority ("PBA"), Puerto Rico Aqueduct and Sewer Authority ("PRASA"), Puerto Rico Convention Center District Authority ("PRCCDA"), Puerto Rico Industrial Development Company ("PRIDCO"), Puerto Rico Infrastructure Financing Authority ("PRIFA"), Puerto Rico Municipal Finance Agency ("PRMFA"), Puerto Rico Public Finance Corporation ("PRPFC") (collectively, the "Duplicate Bond Claims"), and/or University of Puerto Rico ("UPR").

6. To the extent the Claims to Be Partially Disallowed purport to assert liability based on bonds issued by GDB, the CUSIPs have been matched with the series of bonds issued by GDB and/or the guaranteed bond claims that were subject to the Qualifying Modification, as set forth in the *Solicitation Statement*, at C-1 & D-1, ECF No. 5-15 in *Government Development Bank for Puerto Rico*, Case No. 18-1561 (D.P.R. Aug. 10, 2018). Additionally, to the extent the Claims to Be Partially Disallowed purport to assert liability on the basis of notes or bonds issued AFICA, ERS, HTA, PBA, PRASA, PRCCDA, PRIFA, PRMFA, PRPFC, PRIDCO, and/or UPR, the CUSIPs have been matched to the CUSIPs for bonds covered by one or more Master Claims.

7. Some of the Claims to Be Partially Disallowed identify as obligor the Commonwealth, when the claim is properly asserted, if at all, against PREPA. Some of the Claims to Be Partially Disallowed state in the proof of claim or supporting documentation that the asserted liability appropriately lies, if at all, with PREPA, not the Commonwealth, while other Claims to Be Partially Disallowed should be asserted against PREPA, if at all, based upon the Debtors'

3

review of the names and CUSIP information provided for the bonds at issue. Accordingly, for one or more of these reasons, some of the Claims to Be Partially Disallowed should be partially reclassified to be asserted against PREPA, as identified in the column titled "Corrected," in **Exhibit A** to the Seventy-Third Omnibus Objection.

8. To the extent any of the Claims to Be Partially Disallowed purport to assert liability associated with one or more bonds issued by the Commonwealth, the claimant will retain a remaining claim in the Commonwealth Title III Case, as identified in the column titled "Corrected" in Exhibit A to the Seventy-Third Omnibus Objection.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 12, 2019

By: /s/ *Jay Herriman*
Jay Herriman

# __ANEXO B__

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el asunto de:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante de<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO y otros,<br><br>                                         Deudores.[1] | PROMESA,<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrada conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA SEPTUAGÉSIMA TERCERA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMOS DE BONISTAS QUE RECLAMAN MONTOS POR LOS QUE EL ELA NO TIENE RESPONSABILIDAD**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi fiel saber y entender:

---

[1] Los Deudores en el marco de los presentes Procedimientos radicados conforme al Título III, junto con el respectivo número de procedimiento entablado conforme al Título III y los últimos cuatro (4) dígitos del número federal de contribuyente de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (núm. de procedimiento de quiebra. 17 BK 3283-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico (núm. de procedimiento de quiebra 17 BK 3284-LTS) (últimos cuatro dígitos del número federal de contribuyente: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (núm. de procedimiento de quiebra 17 BK 3567-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (núm. de procedimiento de quiebra 17 BK 3566-LTS) (últimos cuatro dígitos del número federal de contribuyente: 9686); y v) la Autoridad de Energía Eléctrica de Puerto Rico (núm. de procedimiento de quiebra 17 BK 4780-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3747) (los números de causas radicadas conforme al Título III figuran como números de procedimiento relativos a procedimientos de quiebra debido a limitaciones del programa informático).

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamos en relación con las causas de los Deudores radicadas conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). [2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación u objeción relativo a los reclamos en el marco de las causas de los Deudores radicadas conforme a PROMESA. El proceso continuo de reconciliación de reclamos de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del ELA.

3. Realizo esta declaración en apoyo de la *Septuagésima tercera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamos de bonistas que reclaman montos por los que el ELA no tiene responsabilidad* (la "Septuagésima tercera objeción global"). [3] He revisado personalmente la Septuagésima tercera objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Septuagésima tercera objeción global, bajo mi dirección y/o supervisión, cada uno de los reclamos controvertidos en la Septuagésima tercera objeción global fue examinado y analizado cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

[3] Los términos en mayúscula utilizados que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Septuagésima tercera objeción global.

2

identificación de los reclamos que han de ser rechazados parcialmente, según se identifica en el Anexo A relativo a la Septuagésima tercera objeción global (conjuntamente, los "Reclamos que han de ser rechazados parcialmente").

5. Cada uno de los Reclamos que han de ser rechazados parcialmente alegan basarse en parte en una presunta a) inversión fondos mutuos que, a su vez, poseen presuntamente bonos emitidos por el ELA, y/o b) participación patrimonial en bonos emitidos por la Corporación del Fondo de Interés Apremiante de Puerto Rico; el Banco Gubernamental de Fomento para Puerto Rico ("BGF"); la Autoridad para el Financiamiento de Facilidades Industriales, Turísticas, Educativas, Médicas y de Control Ambiental de Puerto Rico ("AFICA"); el Sistema de Retiro de los empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE"); la Autoridad de Carreteras y Transportación de Puerto Rico ("ACT"); la Autoridad de Edificios Públicos de Puerto Rico ("AEP"); la Autoridad de Acueductos y Alcantarillados de Puerto Rico ("AAA"); la Autoridad del Distrito del Centro de Convenciones de Puerto Rico ("ADCC"); la Compañía de Fomento Industrial de Puerto Rico ("CFI"); la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico ("AFI"); la Agencia para el Financiamiento Municipal de Puerto Rico ("AFM"); la Corporación para el Financiamiento Público de Puerto Rico ("CFP"); (conjuntamente, los "Reclamos duplicados por bonos") y/o la Universidad de Puerto Rico ("UPR").

6. En la medida en que los Reclamos que han de ser rechazados parcialmente aleguen presuntamente responsabilidad sobre la base de los bonos emitidos por el BGF, los números CUSIP han sido emparejados con las series de los bonos emitidos por el BGF y/o los reclamos relativos a bonos garantizados objeto de la Modificación calificada, según se establece en la *Declaración de solicitación*, en C-1 & D-1, núm. ECF. 5-15 en *Banco Gubernamental de Fomento*

3

*para Puerto Rico*, núm. de procedimiento 18-1561 (D.P.R. 10 de ago. de 2018). Además, en la medida en que los Reclamos que han de ser rechazados parcialmente aleguen presuntamente responsabilidad sobre la base de los bonos o pagarés emitidos por la AFICA, el SRE, la ACT, la AEP, la AAA, la ADCC, la AFI, la AFM, la CFP, la CFI y/0 la UPR, los números CUSIP han sido emparejados con los números CUSIP relativos a los bonos cubiertos por uno o varios Reclamos principales.

7. Algunos Reclamos que han de ser rechazados parcialmente identifican como obligado al ELA, cuando dicho reclamo se radica apropiadamente (si acaso) contra la AEE. Algunos Reclamos que han de ser rechazados parcialmente manifiestan en la evidencias de reclamos o en la documentación justificativa que la responsabilidad alegada corresponde apropiadamente (si acaso) a la AEE, no al ELA, mientras que otros Reclamos que han de ser rechazados parcialmente deberían radicarse contra la AEE (si acaso) sobre la base de la relación de los Deudores y la información relativa a los números CUSIP proporcionada con respecto a los bonos controvertidos. En consecuencia, por uno o varios de los motivos mencionados, algunos Reclamos que han de ser rechazados parcialmente deberán ser reclasificados parcialmente como presentados contra la AEE, según se define en la columna titulada "Corregidos" (*Corrected*), en el Anexo A de la Septuagésima tercera objeción global.

8. En la medida que cualquiera de los Reclamos que han de ser rechazados parcialmente aleguen presuntamente responsabilidad vinculada con uno o varios bonos emitidos por el ELA, la demandante conservará un derecho a presentar reclamos en el marco de la causa del ELA radicada conforme al Título III, según lo identificado en la columna titulada "Corregidos" (Corrected) en el Anexo A de la Septuagésima tercera Objeción global.

4

5

9. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi fiel saber y entender.

Fecha: 12 de septiembre de 2019

                                                        Por: [*Firma en la versión en inglés*]
                                                                   Jay Herriman

Case:17-03283-LTS Doc#:8699-3 Filed:09/12/19 Entered:09/12/19 15:38:29 Desc: Exhibit B Page 11 of 11