# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

--------------------------------------------------------------------- X
: 
In re: :
 :
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
 :
    as representative of : Case No. 17-BK-3283 (LTS)
 :
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
 :
    Debtors.[1] :
--------------------------------------------------------------------- X
 :
In re: :
 :
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
 :
    as representative of : Case No. 17-BK-4780 (LTS)
 :
PUERTO RICO ELECTRIC POWER AUTHORITY :
 :
 :
    Debtor. :
--------------------------------------------------------------------- X

## ORDER ON MOTION FOR PROTECTIVE ORDER

---

[1]     The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

This matter is before the Court on *AAFAF and PREPA's Urgent Motion for Protective Order Quashing Official Committee of Unsecured Creditors' Deposition Notice to Jose Ortiz*. (Dkt. No. 8610 in Case No. 17-BK-3283; Dkt. No. 1625 in Case No. 17-BK-4780) (the "Motion to Quash"). Therein, AAFAF and PREPA (the "Government Parties") move to quash the deposition noticed by the Official Committee of Unsecured Creditors for Jose Ortiz ("Ortiz Deposition Notice"). The Government Parties object to the Ortiz Deposition Notice because it is untimely, it seeks cumulative testimony, and is an improper apex deposition. Cortland Capital Market Services LLC, as successor administrative agent for lenders under a Credit Agreement, dated as of May 4, 2012, among PREPA, Scotiabank de Puerto Rico, and certain lenders, and SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC filed a joinder to the Official Committee of Unsecured Creditors' objection to the Motion to Quash. (Dkt. No. 8644 in Case No. 17-BK-3283; Dkt. No. 1630 in Case. No. 17-BK-4780). The procedural history of this motion is uncontested and is detailed in the Motion to Quash. It will not be repeated here and familiarity with the procedural history is assumed. For the reasons addressed herein, the Motion to Quash is ALLOWED.

The Motion to Quash is allowed because the Ortiz Deposition Notice is untimely. The Committee[2] served the Ortiz Deposition Notice on August 16, 2019, well after the July 5, 2019 deadline provided for in the June 20, 2019 Scheduling Order. Although a party may serve a deposition notice after the July 5, 2019 deadline for "good cause shown," the Committee has not met that standard.

---

[2] Capitalized Terms not defined herein shall have the meaning ascribed to them in the Motion to Quash.

Mr. Ortiz, the CEO of PREPA, has been well-known as a potential witness since at least June 3, 2019, when the Committee identified him as a key custodian in the *Omnibus Motion of Official Committee of Unsecured Creditors to Compel in Connection with PREPA RSA Rule 9019 Settlement Motion* (Dkt. No. 7204 in Case No. 17-BK-3283; Dkt. No. 1269 in Case No. 17-BK-4780, at ¶ 38), which the Committee renewed on July 16, 2019. (Dkt. No. 8041 in Case No. 17-BK-3283; Dkt. No. 1467 in Case No. 17-BK-4780). The Court authorized the Committee to obtain documents from Mr. Ortiz at the July 30, 2019 motion hearing, which was confirmed in an order dated August 2, 2019. (Dkt. No. 8340 in Case No. 17-BK-3283; Dkt. No. 1556 in Case No. 17-BK-4780). Thus, Mr. Ortiz's deposition could easily have been noticed earlier.

The Committee contends that the Ortiz Deposition Notice was served late because the Government Parties' document production is ongoing, and the Committee is still reviewing documents. This argument is unpersuasive. First, the procedural order assumes that depositions will be noticed before document production is complete. The Committee's position that depositions can be noticed throughout the document production and review process would effectively eliminate the deposition notice deadline set by the Court. Second, the Committee has failed to identify any documents that require Mr. Ortiz's deposition separate and apart from the Rule 30(b)(6) depositions of AAFAF, PREPA, and P3. The subject matter of the documents the Committee identifies, namely AAFAF and PREPA's process for approving the RSA and the manner in which the RSA will be implemented, is known to others. (See *Objection of Official Committee of Unsecured Creditors to AAFAF and PREPA's Urgent Motion for Protective Order Quashing Official Committee of Unsecured Creditors' Deposition Notice to Jose*

*Ortiz*, Dkt. No. 8642 in Case No. 17-BK-3283; Dkt. No. 1629 in Case No. 17-BK-4780 at ¶¶ 14 and 15).

The Committee also argues that good cause exists because Mr. Ortiz made statements in July and August 2019 that alerted the Committee to the need to take Mr. Ortiz's deposition. This argument is also unavailing. The statements identified by the Committee concern the timeline for PREPA's proposed transformation and the number of viable PREPA bidders. These statements concern facts which are evolving and are not uniquely known by Mr. Ortiz. Again, the Committee can explore these topics in the Rule 30(b)(6) depositions of AAFAF, PREPA, and P3.

Next, the Committee argues that good cause exists because it thought Mr. Sobrino would be the only government official witness testifying in support of the RSA, and the Government Parties have not replaced Mr. Sobrino with another witness since his resignation. This argument falters because, even assuming there was a requirement that the Government Parties offer a government official witness to testify in support of the RSA, which there is not, the Committee was on notice of Mr. Sobrino's resignation by at least July 16, 2019. (See *Renewal of June 3, 2019 Omnibus Motion of Official Committee of Unsecured Creditors to Compel in Connection with PREPA RSA Rule 9019 Settlement Motion*, Dkt. No. 8041 in Case No. 17-BK-3283; Dkt. No. 1467 in Case No. 17-BK-4780 at ¶1). Still, the Committee waited, at its peril, until August 16th to serve the Ortiz Deposition Notice. Furthermore, the Committee acknowledges that it did not know the Government Parties would not be replacing Mr. Sobrino until after it served the Ortiz Deposition Notice. (See *Objection of Official Committee of Unsecured Creditors to AAFAF and PREPA's Urgent Motion for Protective Order Quashing*

*Official Committee of Unsecured Creditors' Deposition Notice to Jose Ortiz*, Dkt. No. 8642 in Case No. 17-BK-3283; Dkt. No. 1629 in Case No. 17-BK-4780 at ¶5). Therefore, the failure to replace Mr. Sobrino did not prompt service of the Ortiz Deposition Notice.

The Committee also argues that good cause exists because Mr. Ortiz has knowledge relating to PREPA's approval of the RSA, the manner in which the RSA will be implemented, and the proposed transformation that cannot be answered by other witnesses. (See *Objection of Official Committee of Unsecured Creditors to AAFAF and PREPA's Urgent Motion for Protective Order Quashing Official Committee of Unsecured Creditors' Deposition Notice to Jose Ortiz*, Dkt. No. 8642 in Case No. 17-BK-3283; Dkt. No. 1629 in Case No. 17-BK-4780 at ¶¶ 13, 15, 17-19). To the extent that these topics are appropriate topics for deposition, they can be explored in connection with the Rule 30(b)(6) depositions of AAFAF, PREPA, and P3.[3] The Committee has not identified any unique knowledge Mr. Ortiz has on these topics that is outside the knowledge of the witnesses it will be deposing.

Finally, the Committee has failed to establish good cause for the taking of this apex deposition. In general, apex depositions are disfavored because "high ranking government officials have greater duties and time constraints than other witnesses and . . . without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." Bogan v. City of Boston, 489, F.3d, 417, 423 (1st Cir. 2007) (internal quotation omitted). Here, the Committee has failed to identify any topic that cannot be explored through the Rule 30(b)(6) depositions of AAFAF, PREPA, and P3. Moreover, the Committee has not attempted to obtain the information it seeks from other witnesses.

---

[3] Nothing herein is intended to define the scope of the depositions.

Accordingly, at this time, the Committee has not justified requiring Mr. Ortiz to spend time preparing and sitting for a deposition. See Bogan, 489, F.3d at 423-24 (1st Cir. 2007) (apex deposition of mayor not permissible where plaintiffs "did not pursue other sources to obtain relevant information before turning to the Mayor"). This Court recognizes that apex depositions are, at times, necessary and does not intend to create a blanket prohibition on apex depositions in this litigation. Here, however, where there is no information unique to Mr. Ortiz, there is no good cause for allowing his belatedly-noticed deposition.

This order is without prejudice to the Committee requesting leave to take Mr. Ortiz's deposition after the Rule 30(b)(6) depositions of AAFAF, PREPA, and P3 have taken place, should the Committee believe, at that point, that there is good cause for a late deposition because the Government Parties have failed to provide adequate testimony on a particular subject relevant to the 9019 hearing.

This resolves Dkt. Nos. 8610 and 8644 in Case No. 17-BK-3283, and Dkt. Nos. 1625 and 1630 in Case No. 17-BK-4780.

    SO ORDERED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED: September 16, 2019