## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

In re:

**THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO**

as representative of

**THE COMMONWEALTH OF PUERTO RICO, et al**

Debtors

**PROMESA**

**Title III**

**No. 17 BK 3283-LTS**

---

### MOTION FOR RELIEF FROM STAY
### IN *ARES ET AL V. SECRETARY OF LABOR*
### AFTER COMPLETION OF CONFERRAL PROCESS

**TO THE HONORABLE JUDGE LAURA TAYLOR SWAIN:**

**NOW COME PETITIONERS** in the *Mandamus* case of *Ares et al v. Secretario del Trabajo, Civ. No. SJ2017CV02280,* part of a group of seventeen (17)  long-time employees of the Department of Labor of the Commonwealth of Puerto Rico[1] who have been denied their right to an early retirement which would represent a savings for the Government of Puerto Rico**,** and respectfully request **Relief from the Stay** imposed by the San Juan Superior Court, at the behest of the Government of Puerto Rico.

This Motion for Relief from Stay is being filed the appearing parties, in compliance with the meet-and-confer process mandated at Paragraph III.Q of the operative Case Management Order, attempted to invoke said procedures, sending a letter to attorneys for the Oversight Board and for

---

[1] The Petitioners in the *Mandamus* petition are: Gilberto Ares Candelaria; Nilda P.  Barbosa Rodriguez; Ana E. Collazo Guzmán; Arnaldo Colón Colón; Melvin Colón Vélez, Angel L. De Jesús Fernández;  Maribel García Cruz; Carlos González Juarbe; Marilyn Hernández Santiago; Carmen D. López Hernández; Tomás Montañez Rosado; Julia T. Pena De Jesús; Evelyn Pratts Collazo; Norma I. Rivera Nieves; Edna Sáez Sánchez; Manuel F. Sánchez Incle and Juan D. Sierra Ortega**.**

AAFAF, informing them of the intention of the appearing to again file for the lifting of the stay in this case.

It is respectfully submitted that the Stay should be lifted in this *Mandamus* action which merely requests that the Secretary of Labor perform her ministerial duty to allow the petitioners to leave government service pursuant to the law.

It is further affirmed that the current Secretary of Labor has specifically stated to the remaining petitioners that the *only* obstacle to them being allowed the benefits of the "pre-retirement"process in their cases is the fact that the Stay has *not* been lifted.

In support of this request, the petitioners respectfully state as follows:

## I . INTRODUCTION AND PROCEDURAL POSTURE OF THE LITIGATION

1. This case originally involved seventeen (17) petitioners who were eligible to participate in a program of "voluntary pre-retirement" approved by the Commonwealth in the year 2015 and implemented thereafter throughout 2015 and 2016. *Law 211-2015 of December 8, 2015* (*hereinafter "Law 211").*[2]

2. In late October, 2017, the 17 employees presented a Petition for *Mandamus* against the Secretary of Labor in the case styled *Ares et al v. Secretario del Trabajo, Civ. No. SJ2017CV02280* before the Superior Court in San Juan *(referred to hereinafter as "the Litigation").*

3. The 17 employees requested the designated courtroom for "Extraordinary Remedies" to order the Secretary of Labor to perform his ministerial duty to implement Law 211 and to permit them to retire from Government service. In the petition, the 17 employees affirmed that they had that right, deriving from an early retirement measure for which they qualified.

---

[2]Four to five of the original petitioners have subsequently retired, without their benefits, given health and other exigent circumstances.

4. Law 211 was designed by the Commonwealth to protect the Government coffers by allowing certain qualifying long-term employees to retire early (and thus receive less compensation through their pensions that they would have received as full-time Government workers.)

5. Each of the petitioners, aged 49 to 60 at the start of the litigation, worked as public servants in the Government of Puerto Rico since at least the mid to late 1980's. Each was informed by the Government of his/her eligibility to participate in the "voluntary pre-retirement" program instituted by virtue of Law 211. However, when it came time for each of the petitioners to leave their positions (and receive a pension which was considerably less than the cost to the Government of continuing to pay their salaries and benefits), the program was offered to others and not to them.

6. Based on the foregoing, these employees requested the San Juan Superior Court to order the then Secretary of Labor to perform his ministerial duties and allow them to leave Government service.

7. It is important to point out that the claim before the Superior Court requested no monetary remedies on behalf of these employees. Rather, the action simply sought the **implementation** of a law which protected certain pension rights while affording the Government a net savings**.** The "Prayer for Relief" in the *Mandamus Petition* reads as follows:

**"IN LIGHT OF THE ABOVE,** it is respectfully requested that this Honorable Court take note of that which is expressed above, GRANT the current petition, and as a consequence thereof, pursuant to Rule 54 of the [Puerto Rico] Rules of Civil Procedure:

"1. Peremptorily order the Hon. Labor Secretary, Carlos Saavedra Gutiérrez to comply immediately with Law 211, as amended by Law 106, providing the petioners with all of the benefits of pre-retirement guaranteed by Law 211-2015 and Law 106-2017, *or in the alternative:*

"2. Issue an Order to Show Cause to the Hon. Labor Secretary requiring him to demonstrate why the Court should not GRANT the Petition, *or in the alternative:*

"3. Order the Hon. Labor Secretary to answer the Petition in a short time frame, not   exceeding five (5) working days.

"The imposition of attorneys fees to the benefit of the attorneys for the petitioners,[3] in addition to the payment of costs and litigation expenses, as well as any other remedy which is appropriate in law. (*Tranlation provided by the undersigned attorney; emphasis in the original).*[4]

8.   After some initial litigation events and a hearing before the Superior Court, the presiding Judge preliminarily denied a Motion to Dismiss presented by the Government and ordered the Secretary of Labor to answer the Complaint on or before January 16, 2018 and also to present its documentary evidence regarding the transmittal of the petitioners' pre-retirement requests by January 23, 2018. *Resolution issued on December 29, 2017 in the case of Ares et al v. Secretario del Trabajo, Civ. No. SJ2017CV02280* .

---

[3] Under Puerto Rico law, practitioners who represent employees in actions against their employer are prohibited from charging any fees to their clients.  The employer is obliged by law to pay those fees. *See, Law 402-1950, 32 LPRA §3114 et seq.*

[4] Unless otherwise ordered, the movants are not submitting herewith the actual pleadings from the case, since they are in the Spanish language.  The cost of the translations would be prohibitive for these Government workers, given the length of the petition and its numerous exhibits (17 pages long with several dozen pages of exhibits).  However, undersigned counsel is bilingual and is submitting this Motion for Relief from the Stay under penalty of perjury, affirming the truth of the representations made herein with respect to the pleadings.

4

9. Rather than doing so, however, the Secretary of Labor, represented by the Puerto Rico Department of Justice (*hereinafter "the Government"*) presented an Interlocutory Appeal before the Puerto Rico Court of Appeals, asking for discretionary review of the Resolution issued by the Superior Court.  *Ares et al v. Secretario del Trabajo, KLCE 20180076.*  The Government also presented a Motion to Stay the case below, which was granted immediately by the Court of Appeals pending action on the petition for discretionary review.  It should be noted that this Stay was procedural and had nothing to do with the Title III case.

10. On February 28, 2018, however,  the Court of Appeals in the case  **denied** the Petition for discretionary review (*"certiorari"*) and lifted the Stay previously ordered.

11. On March 14. 2018, the Government presented a Request for Reconsideration regarding the denial of its petition for discretionary review.

12. On March 27, 2018, the Court of Appeals denied the Request for Reconsideration.

13. On April 4, 2018, without so much as awaiting the *mandate* formalizing the Appellate Court's denial of its request for discretionary appellate review, the Government presented to the Superior Court a *"Notice of Stay of the Procedures by Virtue of the Petition presented by the Government of Puerto Rico under Title III of PROMESA." (Translation of the Title of the Motion provided)*  Attached to the "Notice" was a copy of the "Fourth Amended Case Management Procedures" issued by this court on that same day, April 4, 2018.

14. On April 20, 2018, the Superior Court issued Judgement in *Ares et al v. Secretario del Trabajo, Civ. No. SJ2017CV02280*,  which reads in its entirety as follows:

5

---

*JUDGMENT*

  The Department of Justice of the Government of Puerto Rico has appeared through a *"Notice of Stay of the Procedures by Virtue of the Petition presented by the Government of Puerto Rico under Title III of Promesa.,"* in which it requests a stay of the proceeding, pursuant to Sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under Section 301(a) of Promesa, 48 USC §2161(a).

  To that effect, a Judgment is issued declaring the stay of the proceedings in this case.

  We reserve jurisdiction expressly to declare the reopening [of the case], at the request of the interested party, in case the stay order is lifted at any time after the date of the current judgment and the interested party appears before this forum requesting the continuation of the proceedings.

---

15.  On May 24, 2018, the Court of Appeals in *Ares et al v. Secretario del Trabajo, KLCE 20180076* issued the *Mandate* with respect to the denial of the Petition for Interlocutory Review (*certiarori*) which had been requested by the Government.  By that time, however, the Superior Court had already stayed the case.

16. From the above, it is clear that the Government of Puerto Rico saw fit to litigate this mandamus action ---- which implies no <u>cost</u> to the Government — until it lost its Motion to Dismiss and failed to prevail on the same in its failed attempt at interlocutory review.

17.  At all times, the movants have maintained that the granting of the relief requested — *allowing these public servants to leave public service* — will present a net savings to the Government of Puerto Rico.

18.  <u>The previous attempt to lift the stay</u>: After an initial attempt to lift the stay without engaging in the mandatory conferral procedures, the petitioners, on June 11, 2018, wrote to Counsel for the Oversight Board and for AAFAF, requesting the lifting of the stay. *See, Doc. Number 3476-1 in the instant case, Exhibit A, letter from undersigned counsel to attorneys for AAFAF and the*

*Oversight Board.*  At that time, the aforementioned attorneys referred the undersigned to a staff attorney within the Department of Justice who was handling these matters.  After conferral sessions were completed, the undersigned was informed that the Government would oppose the request to lift the Stay, with the Commonwealth informing the undersigned, through an email dated July 10, 2018, that the Commonwealth had determined, in coordination with AAFAF legal representatives, that the best course of action in this case is to decline the request,  due to the preliminary stage of the action and the fact that further defense would require the expenditure of Commonwealth resources. *See, Docket No. 3476 -1 in the instant case, at page 12 of 13.*

Thereafter, the parties submitted their respective briefs, and the motion was submitted to this Court by counsel for the petitioners on July 10, 2019.  *Docket No. 3476.*  The Government objected at Docket 3691, and the petitioners replied at Docket No. 3725.  This Court issued a Memorandum Order denying the Motion for Relief from Stay, at Docket No. 3751.

## II. RECENT DEVELOPMENTS AND CERTIFICATION REGARDING MEET-AND-CONFER PROCESS

I, Judith Berkan, attorney for the movants, do hereby certify as follows:

1. On August 23, 2019, the undersigned directed an extensive letter *by email* and by messenger to the attorneys for the Oversight Board and for AAFAF, advising them of the intent of the petitioners to request a lifting of the stay and to requesting their engagement in the conferral process. *See, Exhibit A, appended hereto.* As a matter of courtesy, a copy was also sent to the Asst. Secretary of the Civil Division of the Justice Department, Wandymar Burgos, as well as the attorneys from the Justice Department who had represented the Commonwealth in the original case.

2. The aforementioned letter included the following: Identity of Movants and contact information; a description of the lawsuit; the amount claimed and cause of action; the status of the

underlying claims; and an explanation of the cause as to why the stay should be lifted. *Id.*

3. On that same date, Ms. Burgos, of the Justice Department, responded to the undersigned, in an email which states as follows:

Dear counsel:

I acknowledge receipt of your Notice requesting the modification of the Automatic Stay for the continuance of the proceedings in the case in the above referenced case.  We will review the Notice and circle back to you.

As you mentioned below, attorney Claudia Juan is no longer with the DOJ. Instead attorney Susana Peñagaricano is collaborating with the procedures as to the lifts of stay with me. Please include her and attorney Iván J. Ramírez  in all communications. Both are copied here.

Regards,

 s/WBV

4. To date, although sixteen (16) business days have passed since the above-referenced communication, the undersigned has not received any additional feedback from the Commonwealth attorneys.  Nor has she heard anything from the attorneys for AAFAF and the FOMB, to whom the original communication had been directed.

5. The motivation for this *renewed* request for a lifting of the stay can be found in the  title of the aforementioned letter, attached hereto as Exhibit A, to wit: *"Request to lift Stay for Mandamus action, Ares v. Secretary of Labor, Civ. No. SJ2017CV02280* **in consideration of Law 72-2019 providing for benefits for the petitioners** **and** *recent expressions by the newly appointed Secretary of the Department of Labor*" *(See, Exhibit A hereto, emphasis in the original)*

6. In her letter of August 23rd, 2019, the undersigned made reference to the recent enactment, **Law 72-2019,** signed into law on July 23, 2019, which addresses *inter alia* the situation faced by employees involved in this petition, i.e those who qualified for pre-retirement in 2015, but whose Department, for unknown reasons, refused to let them retire.  Although there were several meetings

between employees representing the group of petitioners, and the former Secretary of DTRH or his representative, as well as an early pre-litigation meeting at which undersigned counsel was present, no one at the Department of Labor has been able to provide any explanation of why in *December, 2016*, the original deadline for the employees to leave under the 2015 law, the Department simply refused to permit the petitioners who qualified for the Program, to access the program.

7.  In the August 23rd letter, the undersigned also contended that "[t]he arbitrary and capricious nature of the action is demonstrated by the fact that the DTRH granted the "pre-retirement" benefit to certain *other* employees whose retirement, unlike that of my clients, did <u>not</u> represent a benefit to the Government."

8. The new law approved on July 23rd of this years adds sub-section (F) to Law 106-2017, allows for those employees who had qualified for "preretiro" based on Law 211-2015, but had not been given the opportunity to resign from government (where they had worked for thirty years) pursuant to the Pre-retirement provisions of that law, to now retire under the same circumstances to which they had been entitled several years ago.

9. Section 1(d) of Law 72-2019 "guarantees the Participants for whom the benefits of 'pre-retirement' were approved by the OGP (Office of Budget and Management), in compliance with Law 211-2015, as amended, to enjoy the benefits of that Program." *(Translation supplied.)[5]* Section 1(e) of the Law requires the OGP to "re-evaluate" the  applications for Law 211 benefits which were timely presented to the OGP by Government Departments, but which, for some reason were not granted.  Although it is our understanding that the OGP actually approved my clients' petitions, it is clear that one or the other of these provisions as well as Section 1(a) of the Law (which guarantees

---

[5]In the original Spanish, there is an obvious typographical error with the word "probados" [proven] being used rather than the word "aprobado" [approved].   In any event the intent is clear.

"all rights and obligations created by virtue of Law 211) mean that they should *now* get the benefits of the "pre-retirement" program created by Law 211.

10.  The undersigned also contended in her letter that "[t]his is a matter of some *urgency."* The petitioners continue to age; some have significant health problems; others are still recovering from significant losses from the 2017 hurricanes which devastating Puerto Rico.

11. The undersigned also stressed the *changed circumstances* since the issue of lifting the Stay was addressed over a year ago.  The changed circumstances, of course, include the new law, which gives additional hope to the petitioner, since it guarantees their right to participate in this pre-retirement program.  Yet another changed circumstance, however, is that there is a new  Secretary of the DTRH, ***Hon. Briseida Torres-Reyes***, appointed in May of this year.  Ms. Torres-Reyes, has shown an openness to the claims of the petitioners.  In fact, in a recent meeting, the new Secretary of the Department indicated that she was *very receptive* to their claims, but that she could not do anything to comply with the new law, precisely *because* of the ***PROMESA stay.*** According to the reports the undersigned received from he clients, the petitioners, if the case were "removed from PROMESA," evidently there would be no problem with acceding to their longstanding request to obtain the benefits of the law, to which they are entitled.[6]

12.  In addition to the above, the undersigned further complied with the Case Management Order in the PROMESA litigation, by providing attorneys for AAFAF, for the Oversight Board, and

---

[6]Please also note that the original Mandamus petition in the case in question was filed on or about October 31, 2017, which means that it was not a "prepetition" civil action, such as that referenced in the court's Termination Order.  I assume, however, that the provisions included in the Case Management Order referenced therein apply with equal force to the case where I have been representing seventeen (17) employees of the Labor Department, with respect to their promised participation in the retirement window opened by virtue of Law 211-2015, since October of 2017.

for the Commonwealth of Puerto Rico Department of Justice with the following information:

### a. **Identify of Movants and Contact Information**

Each of the petitioners is a public servant who has been employed by the Government of Puerto Rico for approximately 30 years.  Each currently works at the Department of Labor and Human Resources.  Each of the movants was qualified to enjoy the benefits of the "pre-retiro" program developed at the end of 2015 by virtue of Law 211-2015.

The specifics with respect to each of the original seventeen movants can be found at paragraphs 3.3 to 3.19 of the Spanish-language Mandamus Petition appended hereto as Exhibit B (without exhibits)  They are as follows:

- **GILBERTO ARES CANDELARIA** Calle 39 M13, Urb. Parque Ecuestre, Carolina, Puerto Rico 00987.

- **NILDA P. BARBOSA RODRIGUEZ,** Cond. Torre de los Frailes, Apt. 9G, Guaynabo, Puerto Rico 00969.

- **ANA E. COLLAZO GUZMÁN,** Calle 31 AJ-45, Rexville, Bayamón, Puerto Rico 00956.

- **ARNALDO COLÓN COLÓN** Barrio Garrochales, Carr. 682, Km 7.5, Arecibo, Puerto Rico 00612.

- **MELVIN COLÓN VÉLEZ,** Barrio Los Puertos, Calle 17 Núm 362, Dorado, Puerto Rico 00646.

- **ANGEL L. DE JESÚS FERNÁNDEZ** Calle  Márquez de Santa Cruz 2J-18, Covandonga, Toa Baja, Puerto Rico 00949.

- **MARIBEL GARCÍA CRUZ** Urb. Sunville, Calle 16 R-26, Trujillo Alto, Puerto

11

Rico 00976.

- **CARLOS GONZÁLEZ JUARBE** Calle Trinidad T 590, Ext. Forest Hills, Bayamón, Puerto Rico 00959.

- **MARILYN HERNÁNDEZ SANTIAGO** Urb. Regional Calle 1, Casa B9, Arecibo, Puerto Rico 00612.

- **CARMEN D. LÓPEZ HERNÁNDEZ** Barrio Malpaso, Carr. 417, Km. 2.3, Aguada, Puerto Rico 00602.

- **TOMÁS MONTAÑEZ ROSADO** Calle 8 F-11, Colinas de el Yunque, Río Grande, Puerto Rico 00745.

- **JULIA T. PEÑA DE JESÚS,** San Ciprián I, Apt. 122, 694 Victoria, Carolina, Puerto Rico. 00985.

- **EVELYN PRATTS COLLAZO**, Urb. Carolina Alta M-5, Calle Víctor Salamán, Carolina, Puerto Rico 00987.

- **NORMA I. RIVERA NIEVES**,  Carr 110, Km. 8.2, Inf Barrio Marís, Aguada, Puerto Rico 00602.

- **EDNA SÁEZ SÁNCHEZ** Cond. Hato Rey Plaza, Apt. 16J, San Juan, Puerto Rico 00918.

- **MANUEL F. SÁNCHEZ INCLE** PO Box 2141, Mayaguez, Puerto Rico 00681.

- **JUAN D. SIERRA ORTEGA**, Barrio Campanillas 364, Parcelas, Calle Fortaleza, Toa Baja 00949.

**b. <u>The Lawsuit</u>**

In her letter invoking the conferral procedures, the undersigned explained that the

mandamus action was filed on October 31, 2017, for the express purpose of ordering the Secretary of Labor and Human Resources to do his ministerial duty to allow these employees to enjoy the benefits of the "pre-retirement" program of Law 2011 (benefits which would have allowed them to leave government service with an initial period of two years, with payment of 60% of the equivalent salary to which they would have been entitled), and additional benefits thereafter. These employees were pre-selected and informed that they qualified for the benefit, because their early retirement would imply a savings to the government.

### c. The amount claimed and asserted causes of action

The undersigned also reiterated that there is *no amount claimed* on behalf of the petitioners in the Mandamus proceeding. The only possible disbursement by the government would be for payment of attorneys fees (since, by virtue of Law 402, 32 LPRA section 3114 et seq, undersigned counsel is prohibited from charging her clients, and the employer is required to pay these fees if the petitioners are ultimately successful.)

The cause of action is based on Law 211 of December of 2015, which established the pre-retirement program. The relief requested in the mandamus petition has been translated by the undersigned.

> "1. <u>Peremptorily</u> order the Hon. Labor Secretary, Carlos Saavedra Gutiérrez to comply immediately with Law 211, as amended by Law 106, providing the petioners with all of the benefits of pre-retirement guaranteed by Law 211-2015 and Law 106-2017, *or in the alternative:*
>
> "2. Issue an Order to Show Cause to the Hon. Labor Secretary requiring him to demonstrate why the Court should not GRANT the Petition, *or in the alternative:*
>
> "3. Order the Hon. Labor Secretary to answer the Petition in a short time frame, not exceeding five (5) working days.
>
> "The imposition of attorneys fees to the benefit of the attorneys for the petitioners, in addition to the payment of costs and litigation expenses, as well as any other remedy which is appropriate in law. (*Translation provided by the undersigned; emphasis in original.*)

**d. <u>Status of the underlying claims</u>**

In the letter of August 23, 2019, the undersigned offered the following information regarding the status of the underlying claims:

At the outset of the litigation, the Department of Justice, representing the Mandamus respondent, the Secretary of Labor and Human Resources, presented a Motion to Dismiss. After some initial litigation events and a lengthy hearing before the Superior Court, the presiding Judge preliminarily denied a Motion to Dismiss. The Court of First Instance ordered the Secretary of Labor to answer the Complaint on or before January 16, 2018 and also to present its documentary evidence regarding the transmittal of the petitioners' pre-retirement requests by January 23, 2018. *Resolution issued on December 29, 2017 in the case of <u>Ares et al v. Secretario del Trabajo</u>, Civ. No. SJ2017CV02280 .*

The Secretary of Labor, represented by the Puerto Rico Department of Justice, presented an Interlocutory Appeal before the Puerto Rico Court of Appeals, asking for discretionary review of the Resolution issued by the Superior Court. <u>Ares et al v. Secretario del Trabajo</u>, *KLCE 20180076.* The Government also requested the appellate court to Stay the case below, which was granted

14

immediately by the Court of Appeals pending action on the petition for discretionary review.

On February 28, 2018, the Court of Appeals in the case denied the Petition for discretionary review (*"certiorari")* and lifted the Stay previously ordered.

On March 14, 2018, the Government presented a Request for Reconsideration regarding the denial of its petition for discretionary review.

On March 27, 2018, the Court of Appeals denied the Request for Reconsideration.

On April 4, 2018, without awaiting the *mandate* formalizing the Appellate Court's denial of its request for discretionary appellate review, the Government presented to the Superior Court a *"Notice of Stay of the Procedures by Virtue of the Petition presented by the Government of Puerto Rico under Title III of PROMESA." (Translation of the Title of the Motion provided)*

On April 20, 2018, the Superior Court issued Judgement in *Ares et al v. Secretario del Trabajo, Civ. No. SJ2017CV02280,* which reads in its entirety as follows:

15

*JUDGMENT*

The Department of Justice of the Government of Puerto Rico has appeared through a *"Notice of Stay of the Procedures by Virtue of the Petition presented by the Government of Puerto Rico under Title III of Promesa.,"* in which it requests a stay of the proceeding, pursuant to Sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under Section 301(a) of Promesa, 48 USC §2161(a).

To that effect, a Judgment is issued declaring the stay of the proceedings in this case.

We reserve jurisdiction expressly to declare the reopening [of the case], at the request of the interested party, in case the stay order is lifted at any time after the date of the current judgment and the interested party appears before this forum requesting the continuation of the proceedings. *Translation supplied.*

On May 24, 2018, the Court of Appeals in *Ares et al v. Secretario del Trabajo, KLCE 20180076* issued the *Mandate* with respect to the denial of the Petition for Interlocutory Review (*certiarori)* which had been requested by the Government.  By that time, however, the Superior Court had already stayed the case.

Then, as noted earlier, plaintiff addressed a letter to the attorneys for AAFAF, the Oversight Board, and the Department of Justice, in June of 2018, requesting lifting of the Stay.  After the request was denied by the attorneys representing the Government and the Board in the context of the conferral process, the petitioners presented a Motion for Relief from Stay in the Title III action. *Docket No. 3476.* As noted above, the Government opposed the request at *Docket No. 3691*, and in early August, 2018, this Court denied the Motion for Relief from Stay. *Docket No. 3751.*

### e. Cause as to why the stay should be lifted

This was another issue addressed in the letter to counsel pursuant to the conferral requirements. The undersigned pointed out that this is *not a damage action,* but rather one in which over a dozen long-term public servants are asking the Superior Court to allow them to *leave* Government Service, pursuant to a program developed in 2015 by the Government of Puerto Rico, precisely to save the Commonwealth money by placing certain long-term employees such as the Petitioners on retirement, rather than having them continue to receive a more costly Government salary and the benefits associated therewith.

The undersigned also argued that the enforcement of the stay will continue to subject these employees to additional hardship, further disrupting their plans for retirement, on which they were relying after having been offered the benefits of Law 211 by the Government.

Not only is there no claim of money damages in the Litigation, there are also *no significant costs* associated with the case (beyond the fact that Government attorneys will work on the litigation). The petitioners, long-term government workers are not "creditors" whose interests must be balanced against those of other creditors. All factors governing the lifting of the stay favor allowing these public servants the right to continue with their case independently of the PROMESA Title III filing.

Section 362(d)(1) of Title 11 of the United States Code, incorporated into Section 201 of the PROMESA law, *48 U.S.C. 2161 et seq,* provides for the relief from the automatic stay for "cause." Although "cause" is not defined, this court has looked to the factors enunciated in the bankruptcy context by the Second Circuit in *In re Sonnax Indus, Inc., 907 F.2d 1280, 1286 (2nd Cir. 1990),* to address such questions.

This case involves the right of the petitioners to leave Government service. This kind of litigation should not be subject to a stay intended to protect creditors who have rights of payment and claims against the Commonwealth for monetary compensations. The Petitioners respectfully submit that a factorial analysis demonstrates why the stay should be lifted. *Cf, Brigade Leveraged Capital Structures Fund v. García Padilla, 217 F.Supp. 3d 508 (D. PR 2016).*

Factors applicable to such stay decisions include, but are not limited to: the following: (1) the relationship between the action and the bankruptcy case; (2) whether relief would result in a partial or complete resolution of the issues; (3) whether litigation in another forum will prejudice the interests of other creditors; (4) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; and (5) the impact of the stay on the parties; and the balance of harms. *Goya Foods v. Ulpiano Unanue-Casal, et al, 159 B.R. 90, at 95-96 (D.P.R. 1993).*

In addition, undersigned counsel argued in the August 23rd letter that the following factors all favor the continuation of this case:

- There is basically no relationship between the Title III filing and the Litigation, nor will the implementation of the remedies requested imply a considerable expenditure of public funds.

- The Litigation would completely resolve the question of whether the Secretary of Labor violated his ministerial duties.

- Allowing the Litigation to proceed will cause no prejudice the interests of other creditors.

- The "interest of judicial economy and the expeditious and economical determination of litigation" clearly favors allowing this case to go forward. The Litigation is a simple

matter, which in all likelihood will be resolved expeditiously on the basis of motion
papers.

•       The continuation of the Stay, on the other hand, will have a grave impact on these
        petitioners, whose lives have been put on hold due to the Government's refusal to comply
        with its ministerial duties.

•       In its Judgment enforcing the Stay, as a result of the "Notice" filed by the Government,
        the Superior Court specifically retained jurisdiction to address the issues affecting these
        long-term public servants, but indicated that it would do so only if the stay were lifted.

        The undersigned also discussed the reasoning of *Brigade Leveraged Capital, supra,* in which
the inquiry boils down to an equitable analysis of the "impact of the stay on the parties and the
balance of harms." *Id.*   The evaluation of "cause" with respect to the stay  "requires the court to
engage in an equitable case-by-case balancing of the various harms at stake." *Id, 217 F.3d at \*518.*
Such an equitable analysis clearly mitigates against the imposition of a stay in this Litigation.

        13.    The undersigned also pointed out that despite its critical financial state, the
Commonwealth of Puerto Rico continues to function as a Government.  Long-term government
employees continue to serve and continue to leave after decades of service.  Statutory rights,
theoretically, continue to exist. In this context, the overbroad application of the Stay to matters such
as the one at hand is pernicious and beyond the scope of PROMESA and its goal to assure a fair
payment of the Government's obligations and assure access to capital markets.

        14.   As a final matter, the undersigned pointed out in the August 23rd letter that the
*Mandamus defendant* in this case, the current *Secretary of the DTRH (*pursuant to the automatic
substitution provisions of Rule 22.4 of the Federal Rules of Civil Procedure)*, has *not* shown

19

resistance to this claim.  In fact, she has expressed a willingness to listen to the petitioners.  What gives her concern, however, is that she sees the current Stay as an impediment to her providing them with the relief they justly deserve.

15.  Not a single one of the attorneys to whom the August 23rd letter was addressed responded to the undersigned, beyond the singular email from Asst. Chief of the Civil Division of the DOJ, Wandymar Burgos, on August 23rd, that she would be "circling back" to the undersigned, which in fact, has not happened.

16.  It is respectfully submitted that the facts set forth herein are more than sufficient to justify the failure of the petitioners' undersigned counsel to further meet and confer with the Debtors' attorneys, who simply have ignored her requests to agree to lift the stay or otherwise resolve this impasse.

### III. ARGUMENT

In this case seventeen  (17) employees are asking the Superior Court to allow them to *leave* Government Service, pursuant to a program developed in 2015 by the Government of Puerto Rico, precisely to save the money by placing certain long-term employees such as the Petitioners on retirement, rather than having them continue to receive a more costly Government salary and the benefits associated therewith.

It is respectfully submitted that this court should vacate the stay.  The enforcement of the stay will continue to subject these 17 employees to additional hardship, further disrupting their plans for retirement, on which they were relying after having been offered the benefits of Law 211 by the Government.   If the stay is enforced, the Secretary of Labor will be relieved of having to perform the ministerial duties alleged in the *Mandamus* petition.

Not only is there no claim of money damages in the Litigation, there are also no significant costs associated with the case (beyond the fact that Government attorneys will work on the litigation). The petitioners, long-term government workers are not classic "creditors" whose interests must be balanced against those of other creditors. All factors governing the lifting of the stay favor allowing these public servants the right to continue with their case independently of the PROMESA Title III filing.

Section 362(d)(1) of Title 11 of the United States Code, incorporated into Section 201 of the PROMESA law, *48 U.S.C. 2161 et seq,* provides for the relief from the automatic stay for "cause." Although "cause" is not defined, this court has looked to the factors enunciated in the bankruptcy context by the Second Circuit in *In re Sonnax Indus, Inc., 907 F.2d 1280, 1286 (2nd Cir. 1990),* to address such questions. *See, eg., Docket No.600 in the instant case, granting relief from the stay for Sucesión Pastor Mandry Mercado, a putative creditor of the Commonwealth.*

The Petitioners herein respectfully submit that a factorial analysis demonstrates the lack of justification for the imposition of a stay. *Cf, Brigade Leveraged Capital Structures Fund v. García Padilla, 217 F.Supp. 3d 508 (D. PR 2016.)* This case involves the right of the petitioners to leave Government service. This kind of litigation should not be subject to a stay intended to protect creditors who have rights of payment and claims against the Commonwealth for monetary compensations.

This court has considerable discretion in making this determination. *See, Brigade Leveraged Capital, 217 F.Supp. 3d at page *518; see also In re Myers, 491 F.2d 120, 130 (3rd Cir. 2007) (*noting the "wide latitude" which bankruptcy courts have with respect to lifting a stay.) Each situation must be decided on a "case-by-case basis." *Brigade Leveraged Capital, op. cit (internal*

21

*citations omitted).*

Factors applicable to such stay decisions include, but are not limited to: the following: (1) the relationship between the action and the bankruptcy case; (2) whether relief would result in a partial or complete resolution of the issues; (3) whether litigation in another forum will prejudice the interests of other creditors; (4) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; and (5) the impact of the stay on the parties; and the balance of harms. *Goya Foods v. Ulpiano Unanue-Casal, et al, 159 B.R. 90, at 95-96 (D.P.R. 1993).*

It is respectfully submitted that applicable factors favor continuation of this case:

- There is in essence no relationship between the Title III filing and the Litigation, nor will the implementation of the remedies requested imply a greater expenditure of public funds.

- The Litigation would completely resolve the question of whether the Secretary of Labor violated his ministerial duties.

- Allowing the Litigation to proceed will cause no prejudice the interests of other creditors.

- The "interest of judicial economy and the expeditious and economical determination of litigation" clearly favors allowing this case to go forward. The Litigation is a simple matter, which in all likelihood will be resolved expeditiously on the basis of motion papers.

- The continuation of the Stay, on the other hand, will have a grave impact on these petitioners, whose lives have been put on hold due to the Government's refusal to comply with its ministerial duties.

22

- In its Judgment, moreover, the Superior Court specifically retained jurisdiction to address the issues affecting these long-term public servants, but indicated that it would do so only if the stay were lifted.

As discussed in *Brigade Leveraged Capital, supra,* the key inquiry boils down to an equitable analysis of the "impact of the stay on the parties and the balance of harms." *Id.* The evaluation of "cause" with respect to the stay "requires the court to engage in an equitable case-by-case balancing of the various harms at stake." *Id, 217 F.3d at *518.* Such an equitable analysis clearly mitigates against the imposition of a stay in this Litigation.

Despite its critical financial state, the Commonwealth of Puerto Rico continues to function as a Government. Long-term government employees continue to serve and continue to leave after decades of service. Statutory rights, theoretically, continue to exist. In this context, the overbroad application of the Stay to matters such as the one at hand would be pernicious and beyond the scope of PROMESA and its goal to assure a fair payment of the Government's obligations and assure access to capital markets.

Finally, the petitioners feel compelled to bring to the attention of this court the manner in which the Government of Puerto Rico has managed PROMESA's Stay protections. Its actions defy logic if not understood as manipulation. Rather than request the Stay at the outset of the Litigation eight months ago, the Government (using the resources of its Justice Department) defended the case vigorously. Motions were filed and a lengthy hearing was held before the Superior Court. When the presiding Judge ruled in petitioners' favor on the Motion to Dismiss and required the Government to answer the complaint and present the court with the documentary evidence which allegedly would support its defenses, the Government simply went ahead and presented a Petition

for Discretionary Review ("*certiorari"*). Plainly cognizant of the PROMESA Stay protections, the Government continued the litigation, through the denial of its Petition for discretionary review and the final denial of its Request for Reconsideration. Then and only then did the Government present its "Notice" of the mandatory Stay.

In other words, the Government was content to use its resources to defend against the case through procedural filings and substantive arguments which were eventually determined to be without merit. In the event the Government won, the petitioners lost. But if the Government did *not* win, then the petitioners still lost. It was only once all of the Government's litigation maneuvers with respect to the discretionary appeal were unsuccessful that the Government unilaterally imposed the Stay through a "Notice" to the court. Surely, the petitioners, who have all dedicated some thirty (30) years to Government service deserve more.

In light of the foregoing, it is respectfully requested that this Honorable Court enter an Order lifting the stay in order to have the Litigation proceed in the Superior Court, to judgment declaring the rights of the parties and if appropriate, to ordering the Secretary of Labor to comply with his ministerial duties.

WHEREFORE, the Petitioners Gilberto Ares Candelaria, Nilda P. Barbosa Rodriguez, Ana E. Collazo Guzmán, Arnaldo Colón Colón, Melvin Colón Vélez, Angel L. De Jesús Fernández, Maribel García Cruz, Carlos González Juarbe, Marilyn Hernández Santiago, Carmen D. López Hernández, Tomás Montañez Rosado, Julia T. Pena De Jesús, Evelyn Pratts Collazo, Norma I. Rivera Nieves, Edna Sáez Sánchez, Manuel F. Sánchez Incle and Juan D. Sierra Ortega respectfully requests that this court enter an Order vacating the PROMESA stay issued by the Superior Court in the case of *Ares et al v. Secretario del Trabajo, Civ. No. SJ2017CV02280.*

## **Attorney Verification under penalty of perjury**:

I, Judith Berkan, do hereby state as follows:

1. I have been a practicing attorney since 1974, admitted to practice in Connecticut that year and in the courts of Puerto Rico in 1980.

2. I represent the petitioners in the *Mandamus* action before the Superior Court of Puerto Rico, *Ares et al v. Secretario del Trabajo*, *Civ. No. SJ2017CV02280,* and before the Court of Appeals for Puerto Rico, *Ares et al v. Secretario del Trabajo*, *KLCE 20180076.*

3. I drafted the pleadings, motions and briefs in the aforementioned cases in the Spanish language.

4. I am completely bilingual.

5. All references to the text of Spanish-language documents in the instant motion are based on my own translations.

6. My clients do not have the economic resources to pay for translations of the pleadings, briefs and motions in the above-referenced cases.

7. I also affirmatively state that the asseverations contained in the Certification regarding compliance with the Case Management Order contained at pages 6 to 7 of this Motion are true and correct.

I make this statement under penalty of perjury and declare it to be true pursuant to the provisions of 28 USC §1746.

In San Juan, Puerto Rico this 17th day of September, 2019.

/s/ JUDITH BERKAN

25

Respectfully submitted in San Juan, Puerto Rico this 17ᵗʰ day of September, 2019


**Berkan/Mendez**
O'Neill St. G-11
San Juan, P.R. 00918-2301
Tel. (787) 764-0814;Fax (787) 250-0986
berkanmendez@gmail.com

By:     /s/ JUDITH BERKAN
          USDC No.200803
          berkanj@microjuris.com

**CERTIFICATION**: This is to certify that this motion is being submitted through the ECF filing system, which will automatically notify all counsel of record.  I am also sending a copy of this Motion to the following attorneys, the Assistant Secretary of the Civil Division, Wandymar Burgos Vargas,wburgos@justicia.pr.gov,  as well as the following DOJ attorneys, 'Susana Peñagaricano' <spenagaricano@justicia.pr.gov>;  and 'Iván J. Ramírez Camacho' <ivramirez@justicia.pr.gov>


          /s/ JUDITH BERKAN