

**BERKAN/MENDEZ**
**LAW OFFICE**
Calle O'Neill G-11
San Juan, P.R. 00918-2301

Judith Berkan
Mary Jo Mendez Vilella

Tel  (787) 764-0814
Fax  (787) 250-0986

August 23, 2019

To: Hermann Bauer, Esq.
Hermann.Bauer@oneillborges.com
Counsel for the Oversight Board
*By email and by messenger to O'Neill & Borges*

Ubaldo M. Fernández Barrera
Ubaldo.fernandez@oneillborges.com
Counsel for the Oversight Board
*By email and by messenger to O'Neill & Borges*

Diana M. Pérez
dperez@omm.com
Counsel for AAFAF
*By email*

Andrés W. López
andres@awllaw.com
Counsel for AAFAF
*By email*

*Re: Request to lift Stay for Mandamus action, Ares v. Secretary of Labor, Civ.
No. SJ2017CV02280* **in consideration of Law 72-2019 providing for
benefits for the petitioners** *and recent expressions by the newly
appointed Secretary of the Department of Labor*

Dear colleagues:

I write this letter in compliance with the *conferral* process mandated by Judge Taylor
Swain in Case No. 17-03283, to request your agreement to lifting the stay in the mandamus
action, *Ares et al v. Secretario del Trabajo,* SJ-2017-02280.

I represent a group of long-term employees of the Department of Labor and Human
Resources (DTRH), who were arbitrarily denied access to the "Pre-Retirement" Program
approved in law 211-2015, for implementation by no later than December 31, 2016.  In a
previous letter, dated June 11, 2018 (copy enclosed herewith as Exhibit A),  I addressed this
matter with you, but you opposed the lifting of the stay. Since circumstances have now
changed, with the recent approval of Law 72-2019 (copy enclosed herewith as Exhibit B), as
well as the appointment of a new Secretary of DTRH), I respectfully request that you **revisit**
the issue, and that you do so urgently.

**Attys. Bauer, Fernández,
Pérez and López
August 23, 2019
Page 2**

The original mandamus action in the local court was presented on October 31, 2017. The employees I represent were questioning the failure of the former Secretary of the Department of Labor and Human Resources, Carlos Saavedra, to carry out his ministerial duty and simply let them retire pursuant to the Law 211-2015 "pre-retirement" program (later amended by Law 106-2017, by Law 262-2018) and more recently by Law 72-2019.

All of these employees were plainly qualified for "pre-retirement" under the original Law 211.  Their names were sent to the Office of Budget and Management (OGP) and the Retirement Board, as required by the law.  Their pre-retirement (which would now by "retirement" ) was going to represent a savings for the Government.  Then, as a complete surprise, they were informed by the DTRH that they were not being made part of the program at that time (and, supposedly, they would be able to enjoy the benefits of the program "in a second stage" of implementation, which never happened.)

After an unfavorable ruling by the Superior Court on a preliminary issue back in late 2017, the Government appealed to the Court of Appeals (TA).  When the Government failed to prevail on the interlocutory appeal and on its request for reconsideration, it notified the Stay. I then moved to lift the stay.  The Government opposed and my request was denied. This meant that these employees were not allowed to retire pursuant to Law 211, despite the *savings* that the retirement of these long-term employees, each with some 30 years of government services, would represent for the Government.

The recent enactment, ***Law 72-2019,*** signed into law on July 23, 2019, addresses *inter alia* the situation faced by employees such as those I represent,[1] i.e those who qualified for pre-retirement in 2015, but whose Department, for unknown reasons, refused to let them retire.  Although there were several meetings between my clients and the former Secretary of DTRH or his representative, as well as an early pre-litigation meeting at which I was present, no one at the Department of Labor has been able to provide us with an explanation of why  in *December, 2016*, the original deadline for the employees to leave under the 2015 law, the Department simply refused to permit my clients, who qualified for the Program, to access the program.

The arbitrary and capricious nature of the action is demonstrated by the fact that the DTRH granted the "pre-retirement" benefit to certain *other* employees whose retirement, unlike that of my clients, did <u>not</u> represent a benefit to the Government.

The new law, a copy of which is appended hereto, adds sub-section (F) to Law 106-2017, allows for those employees who had qualified for "preretiro" based on Law 211-2015,

---

[1]The original Petition for Mandamus included 17 employees.  Since then, four have retired pursuant to *other* retirement programs and windows opened for employees.

Attys. Bauer, Fernández,
Pérez and López
August 23, 2019
Page 3

but had not been given the opportunity to resign from government (where they had worked for thirty years) pursuant to the Pre-retirement provisions of that law, to now retire under the same circumstances to which they had been entitled several years ago.

Section 1(d) of Law 72-2019 "guarantees the Participants for whom the benefits of 'pre-retirement' were approved by the OGP, in compliance with Law 211-2015, as amended, to enjoy the benefits of that Program." *(Translation supplied.)*[2]  Section 1(e) of the Law requires the OGP to "re-evaluate" the applications for Law 211 benefits which were timely presented to the OGP by Government Departments, but which, for some reason were not granted.  Although it is our understanding that the OGP actually approved my clients' petitions, it is clear that one or the other of these provisions as well as Section 1(a) of the Law (which guarantees "all rights and obligations created by virtue of Law 211) mean that they should *now* get the benefits of the "pre-retirement" program created by Law 211.

This is a matter of some *urgency*.  It is also one involving changed circumstances since I last wrote to you requesting you to accede to our request to lift the stay.  The changed circumstances, of course, include the new law, which gives additional hope to my clients, and also because the new Secretary of the DTRH, ***Hon. Briseida Torres Reyes***, appointed in May of this year, has shown an openness to the claims of my clients.

Although I am ethically impeded from meeting with the new Secretary of DTRH directly, representatives of the client group recently met with her.  She was *very receptive* to their claims.  She expressed, however, that ***she could not do anything at this time, due to the PROMESA stay.***  If the case was "removed from PROMESA," evidently there would be no problem with acceding to the longstanding requests of my clients.[3]

In compliance with the Case Management Order in the PROMESA litigation, I am providing you with the following information, most of which is also set forth in the Motion for Relief from Stay which we filed at Docket 3476 in the Title III case (17-03283-LTS).

---

[2]In the original Spanish, there is an obvious typographical error with the word "probados" [proven] being used rather than the word "aprobado" [approved].   In any event the intent is clear.

[3]Please also note that the original Mandamus petition in the case in question was filed on or about October 31, 2017, which means that it was not a "prepetition" civil action, such as that referenced in the court's Termination Order.  I assume, however, that the provisions included in the Case Management Order referenced therein apply with equal force to the case where I have been representing seventeen (17) employees of the Labor Department, with respect to their promised participate in the retirement window opened by virtue of Law 211-2015, since October of 2017.

Attys. Bauer, Fernández,
Pérez and López
August 23, 2019
Page 4

### 1. Identify of Movants and Contact Information

Each of the petitioners is a public servant who has been employed by the Government of Puerto Rico for approximately 30 years. Each currently works at the Department of Labor and Human Resources. Each of the movants was qualified to enjoy the benefits of the "pre-retiro" program developed at the end of 2015 by virtue of Law 211-2015.

The specifics with respect to each of the original seventeen movants can be found at paragraphs 3.3 to 3.19 of the Spanish-language Mandamus Petition appended hereto as Exhibit C. They are as follows:

- **GILBERTO ARES CANDELARIA** Calle 39 M13, Urb. Parque Ecuestre, Carolina, Puerto Rico 00987.

- **NILDA P. BARBOSA RODRIGUEZ,** Cond. Torre de los Frailes, Apt. 9G, Guaynabo, Puerto Rico 00969.

- **ANA E. COLLAZO GUZMÁN,** Calle 31 AJ-45, Rexville, Bayamón, Puerto Rico 00956.

- **ARNALDO COLÓN COLÓN** Barrio Garrochales, Carr. 682, Km 7.5, Arecibo, Puerto Rico 00612.

- **MELVIN COLÓN VÉLEZ,** Barrio Los Puertos, Calle 17 Núm 362, Dorado, Puerto Rico 00646.

- **ANGEL L. DE JESÚS FERNÁNDEZ** Calle Márquez de Santa Cruz 2J-18, Covandonga, Toa Baja, Puerto Rico 00949.

- **MARIBEL GARCÍA CRUZ** Urb. Sunville, Calle 16 R-26, Trujillo Alto, Puerto Rico 00976.

- **CARLOS GONZÁLEZ JUARBE** Calle Trinidad T 590, Ext. Forest Hills, Bayamón, Puerto Rico 00959.

- **MARILYN HERNÁNDEZ SANTIAGO** Urb. Regional Calle 1, Casa B9, Arecibo, Puerto Rico 00612.

- **CARMEN D. LÓPEZ HERNÁNDEZ** Barrio Malpaso, Carr. 417, Km. 2.3, Aguada, Puerto Rico 00602.

Attys. Bauer, Fernández,
Pérez and López
August 23, 2019
Page 5

- **TOMÁS MONTAÑEZ ROSADO** Calle 8 F-11, Colinas de el Yunque, Río Grande, Puerto Rico 00745.

- **JULIA T. PEÑA DE JESÚS,** San Ciprián I, Apt. 122, 694 Victoria, Carolina, Puerto Rico. 00985.

- **EVELYN PRATTS COLLAZO**, Urb. Carolina Alta M-5, Calle Víctor Salamán, Carolina, Puerto Rico 00987.

- **NORMA I. RIVERA NIEVES**, Carr 110, Km. 8.2, Inf Barrio Marís, Aguada, Puerto Rico 00602.

- **EDNA SÁEZ SÁNCHEZ** Cond. Hato Rey Plaza, Apt. 16J, San Juan, Puerto Rico 00918.

- **MANUEL F. SÁNCHEZ INCLE** PO Box 2141, Mayaguez, Puerto Rico 00681.

- **JUAN D. SIERRA ORTEGA**, Barrio Campanillas 364, Parcelas, Calle Fortaleza, Toa Baja 00949.

## 2. The Lawsuit

The mandamus action was filed on October 31, 2017, for the express purpose of ordering the Secretary of Labor and Human Resources to do his ministerial duty to allow these employees to enjoy the benefits of the "pre-retirement" program of Law 2011 (benefits which would have allowed them to leave government service with an initial period of two years, with payment of 60% of the equivalent salary to which they would have been entitled), and additional benefits thereafter. These employees were pre-selected and informed that they qualified for the benefit, because their early retirement would imply a savings to the government.

## 3. The amount claimed and asserted causes of action

It is important to point out that there is *no amount claimed* on behalf of these petitioners in the Mandamus proceeding.  The only possible disbursement by the government would be for payment of attorneys fees (since, by virtue of Law 402, 32 LPRA section 3114 et seq, undersigned counsel is prohibited from charging her clients, and the employer is required to pay these fees if the petitioners are ultimately successful.)  The cause of action is based on Law 211 of December of 2015, which established the pre-retirement program.  The relief requested in the mandamus petition has been translated by the undersigned.

Attys. Bauer, Fernández,
Pérez and López
August 23, 2019
Page 6

The petitioners requested the following relief from the court:

> "1. Peremptorily order the Hon. Labor Secretary, Carlos Saavedra Gutiérrez to comply immediately with Law 211, as amended by Law 106, providing the petioners with all of the benefits of pre-retirement guaranteed by Law 211-2015 and Law 106-2017, *or in the alternative:*
>
> "2. Issue an Order to Show Cause to the Hon. Labor Secretary requiring him to demonstrate why the Court should not GRANT the Petition, *or in the alternative:*
>
> "3. Order the Hon. Labor Secretary to answer the Petition in a short time frame, not exceeding five (5) working days.
>
> "The imposition of attorneys fees to the benefit of the attorneys for the petitioners, in addition to the payment of costs and litigation expenses, as well as any other remedy which is appropriate in law. (*Translation provided by the undersigned; emphasis in original.*)

### 4. Status of the underlying claims

At the outset of the litigation, the Department of Justice, representing the Mandamus respondent, the Secretary of Labor and Human Resources, presented a Motion to Dismiss. After some initial litigation events and a lengthy hearing before the Superior Court, the presiding Judge preliminarily denied a Motion to Dismiss. The Court of First Instance ordered the Secretary of Labor to answer the Complaint on or before January 16, 2018 and also to present its documentary evidence regarding the transmittal of the petitioners' pre-retirement requests by January 23, 2018. *Resolution issued on December 29, 2017 in the case of Ares et al v. Secretario del Trabajo, Civ. No. SJ2017CV02280 .*

Thee Secretary of Labor, represented by the Puerto Rico Department of Justice presented an Interlocutory Appeal before the Puerto Rico Court of Appeals, asking for discretionary review of the Resolution issued by the Superior Court. *Ares et al v. Secretario del Trabajo, KLCE 20180076.* The Government also requested the appellate court to Stay the case below, which was granted immediately by the Court of Appeals pending action on the petition for discretionary review.

On February 28, 2018, the Court of Appeals in the case denied the Petition for discretionary review (*"certiorari"*) and lifted the Stay previously ordered.

Attys. Bauer, Fernández,
Pérez and López
August 23, 2019
Page 7

On March 14, 2018, the Government presented a Request for Reconsideration regarding the denial of its petition for discretionary review.

On March 27, 2018, the Court of Appeals denied the Request for Reconsideration.

On April 4, 2018, without awaiting the *mandate* formalizing the Appellate Court's denial of its request for discretionary appellate review, the Government presented to the Superior Court a *"Notice of Stay of the Procedures by Virtue of the Petition presented by the Government of Puerto Rico under Title III of PROMESA." (Translation of the Title of the Motion provided)*

On April 20, 2018, the Superior Court issued Judgement in *Ares et al v. Secretario del Trabajo, Civ. No. SJ2017CV02280,* which reads in its entirety as follows:

---

*JUDGMENT*

The Department of Justice of the Government of Puerto Rico has appeared through a *"Notice of Stay of the Procedures by Virtue of the Petition presented by the Government of Puerto Rico under Title III of Promesa.,"* in which it requests a stay of the proceeding, pursuant to Sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under Section 301(a) of Promesa, 48 USC §2161(a).

To that effect, a Judgment is issued declaring the stay of the proceedings in this case.

We reserve jurisdiction expressly to declare the reopening [of the case], at the request of the interested party, in case the stay order is lifted at any time after the date of the current judgment and the interested party appears before this forum requesting the continuation of the proceedings. *Translation supplied.*

---

On May 24, 2018, the Court of Appeals in *Ares et al v. Secretario del Trabajo, KLCE 20180076* issued the *Mandate* with respect to the denial of the Petition for Interlocutory Review (*certiarori*) which had been requested by the Government. By that time, however, the Superior Court had already stayed the case.

Then, as noted earlier, plaintiff addressed a letter to all of you in June of 2018, requesting lifting of the Stay. After the request was denied by the attorneys representing the Government and the Board in the context of the conferral process, we presented a Motion for Relief from Stay in the Title III action. *Docket No. 3476.* The Government Opposed the request at *Docket No. 3691* in Case No. 17-03283-LTS. On August 8, 2018, Judge Taylor Swain denied the Motion for Relief from Stay. *Docket No. 3751.*

Attys. Bauer, Fernández,
Pérez and López
August 23, 2019
Page 8

### 5. <u>Cause as to why the stay should be lifted</u>

At the outset, it is important to observe that this is *not a damage action*. Rather, these long-term public servants are asking the Superior Court to allow them to *leave* Government Service, pursuant to a program developed in 2015 by the Government of Puerto Rico, precisely to save the Commonwealth money by placing certain long-term employees such as the Petitioners on retirement, rather than having them continue to receive a more costly Government salary and the benefits associated therewith.

The enforcement of the stay will continue to subject these employees to additional hardship, further disrupting their plans for retirement, on which they were relying after having been offered the benefits of Law 211 by the Government.

Not only is there no claim of money damages in the Litigation, there are also *no significant costs* associated with the case (beyond the fact that Government attorneys will work on the litigation). The petitioners, long-term government workers are not "creditors" whose interests must be balanced against those of other creditors. All factors governing the lifting of the stay favor allowing these public servants the right to continue with their case independently of the PROMESA Title III filing.

Section 362(d)(1) of Title 11 of the United States Code, incorporated into Section 201 of the PROMESA law, *48 U.S.C. 2161 et seq,* provides for the relief from the automatic stay for "cause." Although "cause" is not defined, this court has looked to the factors enunciated in the bankruptcy context by the Second Circuit in *In re Sonnax Indus, Inc., 907 F.2d 1280, 1286 (2nd Cir. 1990),* to address such questions. *See,*

This case involves the right of the petitioners to leave Government service. This kind of litigation should not be subject to a stay intended to protect creditors who have rights of payment and claims against the Commonwealth for monetary compensations. The Petitioners respectfully submit that a factorial analysis demonstrates why the stay should be lifted. *Cf, Brigade Leveraged Capital Structures Fund v. García Padilla, 217 F.Supp. 3d 508 (D. PR 2016.)*

Factors applicable to such stay decisions include, but are not limited to: the following: (1) the relationship between the action and the bankruptcy case; (2) whether relief would result in a partial or complete resolution of the issues; (3) whether litigation in another forum will prejudice the interests of other creditors; (4) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; and (5) the impact of the stay on the parties; and the balance of harms. *Goya Foods v. Ulpiano Unanue-Casal, et al, 159 B.R. 90, at 95-96 (D.P.R. 1993).*

Attys. Bauer, Fernández,
Pérez and López
August 23, 2019
Page 9

It is respectfully submitted that applicable factors favor continuation of this case:

- There is basically no relationship between the Title III filing and the Litigation, nor will the implementation of the remedies requested imply a considerable expenditure of public funds.

- The Litigation would completely resolve the question of whether the Secretary of Labor violated his ministerial duties.

- Allowing the Litigation to proceed will cause no prejudice the interests of other creditors.

- The "interest of judicial economy and the expeditious and economical determination of litigation" clearly favors allowing this case to go forward. The Litigation is a simple matter, which in all likelihood will be resolved expeditiously on the basis of motion papers.

- The continuation of the Stay, on the other hand, will have a grave impact on these petitioners, whose lives have been put on hold due to the Government's refusal to comply with its ministerial duties.

- In its Judgment enforcing the Stay, as a result of the "Notice" filed by the Government, the Superior Court specifically retained jurisdiction to address the issues affecting these long-term public servants, but indicated that it would do so only if the stay were lifted.

As discussed in *Brigade Leveraged Capital, supra,* the key inquiry boils down to an equitable analysis of the "impact of the stay on the parties and the balance of harms." *Id.* The evaluation of "cause" with respect to the stay "requires the court to engage in an equitable case-by-case balancing of the various harms at stake." *Id, 217 F.3d at *518.* Such an equitable analysis clearly mitigates against the imposition of a stay in this Litigation.

Despite its critical financial state, the Commonwealth of Puerto Rico continues to function as a Government. Long-term government employees continue to serve and continue to leave after decades of service. Statutory rights, theoretically, continue to exist. In this context, the overbroad application of the Stay to matters such as the one at hand is pernicious and beyond the scope of PROMESA and its goal to assure a fair payment of the Government's obligations and assure access to capital markets.

As an additional matter, it is respectfully submitted that the *defendant* in this case, the current *Secretary of the DTRH* (pursuant to the automatic substitution provisions of Rule 22.4 of the Federal Rules of Civil Procedure), has *not* shown resistance to this claim.

Attys. Bauer, Fernández,
Pérez and López
August 23, 2019
Page 10

In fact, she has expressed a willingness to listen to my clients.  However, she sees the Stay as an impediment to her providing them with the relief they justly deserve.

For all of the reasons specified herein, it is respectfully requested that the recipients of this letter, representing the Oversight Board and AAFAF, consent to relief from the Stay provisions in this case.

Sincerely,

Judith Berkan
Counsel for Petitioner *Ares* et al.

cc:   Susanne Lugo Hernández
       via email at sublugo@yahoo.com

       Gina Jové Matos
       via email at gjovejusticia@gmail.com

       Wandymar Burgos Vargas,
       via email at wburgos@justicia.pr.gov

       Claudia Juan García
       via email at cjuan@justicia.pr.gov



**BERKAN/MENDEZ**
**LAW OFFICE**
Calle O'Neill G-11
San Juan, P.R. 00918-2301

Judith Berkan
Mary Jo Mendez Vilella

Tel  (787) 764-0814
Fax  (787) 250-0986

June 11, 2018

To: Hermann Bauer, Esq.
    Hermann.Bauer@oneillborges.com
    Counsel for the Oversight Board

    Ubaldo M. Fernández Barrera
    Ubaldo.fernandez@oneillborges.com
    Counsel for the Oversight Board

    Diana M. Pérez
    dperez@omm.com
    Counsel for AAFAF

    Andrés W. López
    andres@awllaw.com
    Counsel for AAFAF

      *Re: Request to lift stay for Mandamus action, Ares v/ Secretary of Labor,*
      *Civ No. SJ2017CV02280*

Dear colleagues:

      I am writing in compliance with the Order terminating my request for lifting of the stay in the above-referenced matter. On May 30, 2018, I filed a Motion for Relief from Stay, which is appended hereto as Exhibit A (hereinafter referred to as the "Termination Order." At that time, I was unaware of the requirements of prior consult contained in the Case Management Order referred to at page 1 of the Order terminating my motion, as this had not been required when I had previously requested a lifting of a stay in a different case at an earlier stage of the Title III proceedings.  By filing the Motion for Relief from the Stay, which is appended hereto as Exhibit B and entered on docket as number 3181, I certainly had no intention to dispense with any prerequisite notification.

      Please also note that the original mandamus petition in the case in question was filed on or about October 31, 2017, which means that it was not a "prepetition" civil action, such as that referenced in the court's Termination Order. I assume, however, that the provisions included in the Case Management Order referenced therein apply with equal force to the case where I have been representing seventeen (17) employees of the Labor Department, with respect to their promised participate in the retirement window opened by virtue of Law 211-2015, since October of 2017.

**Attys. Bauer, Fernández,
Pérez and López
June 11, 2018
Page 2**

In compliance with the Termination Order, I am providing you with the following information, most of which is also set forth in the Motion for Relief from Stay at Docket 3181 in the Title III case.

## 1. Identify of Movants and Contact Information

Each of the petitioners is a public servant who has been employed by the Government of Puerto Rico for approximately 30 years.  Each currently works at the Department of Labor and Human Resources.  Each of the movants was qualified to enjoy the benefits of the "pre-retiro" program developed at the end of 2015 by virtue of Law 211-2015.

The specifics with respect to each of the seventeen movants can be found at paragraphs 3.3 to 3.19 of the Spanish-language Mandamus Petition appended hereto as Exhibit C.  They are as follows:

- **GILBERTO ARES CANDELARIA** Calle 39 M13, Urb. Parque Ecuestre, Carolina, Puerto Rico 00987.

- **NILDA P. BARBOSA RODRIGUEZ,** Cond. Torre de los Frailes, Apt. 9G, Guaynabo, Puerto Rico 00969.

- **ANA E. COLLAZO GUZMÁN,** Calle 31 AJ-45, Rexville, Bayamón, Puerto Rico 00956.

- **ARNALDO COLÓN COLÓN** Barrio Garrochales, Carr. 682, Km 7.5, Arecibo, Puerto Rico 00612

- **MELVIN COLÓN VÉLEZ,** Barrio Los Puertos, Calle 17 Núm 362, Dorado, Puerto Rico 00646.

- **ANGEL L. DE JESÚS FERNÁNDEZ** Calle  Márquez de Santa Cruz 2J-18, Covandonga, Toa Baja, Puerto Rico 00949.

- **MARIBEL GARCÍA CRUZ** Urb. Sunville, Calle 16 R-26, Trujillo Alto, Puerto Rico 00976.

- **CARLOS GONZÁLEZ JUARBE** Calle Trinidad T 590, Ext. Forest Hills, Bayamón, Puerto Rico 00959.

Attys. Bauer, Fernández,
Pérez and López
June 11, 2018
Page 3

- **MARILYN HERNÁNDEZ SANTIAGO** Urb. Regional Calle 1, Casa B9, Arecibo, Puerto Rico 00612.

- **CARMEN D. LÓPEZ HERNÁNDEZ** Barrio Malpaso, Carr. 417, Km. 2.3, Aguada, Puerto Rico 00602.

- **TOMÁS MONTAÑEZ ROSADO** Calle 8 F-11, Colinas de el Yunque, Río Grande, Puerto Rico 00745.

- **JULIA T. PEÑA DE JESÚS,** San Ciprián I, Apt. 122, 694 Victoria, Carolina, Puerto Rico. 00985.

- **EVELYN PRATTS COLLAZO**, Urb. Carolina Alta M-5, Calle Víctor Salamán, Carolina, Puerto Rico 00987.

- **NORMA I. RIVERA NIEVES,** Carr 110, Km. 8.2, Inf Barrio Marís, Aguada, Puerto Rico 00602.

- **EDNA SÁEZ SÁNCHEZ** Cond. Hato Rey Plaza, Apt. 16J, San Juan, Puerto Rico 00918.

- **MANUEL F. SÁNCHEZ INCLE** PO Box 2141, Mayaguez, Puerto Rico 00681.

- **JUAN D. SIERRA ORTEGA**, Barrio Campanillas 364, Parcelas, Calle Fortaleza, Toa Baja 00949.


## 2. The Lawsuit

The mandamus action was filed on October 31, 2017, for the express purpose of ordering the Secretary of Labor and Human Resources to do his ministerial duty to allow these employees to enjoy the benefits of the "pre-retirement" program of Law 2011 (benefits which would have allowed them to leave government service with an initial period of two years, with payment of 60% of the equivalent salary to which they would have been entitled), and additional benefits thereafter. These employees were pre-selected and informed that they qualified for the benefit, because their early retirement would imply a savings to the government.

Attys. Bauer, Fernández,
Pérez and López
June 11, 2018
Page 4

### 3. <u>The amount claimed and asserted causes of action</u>

There is no amount claimed on behalf of these petitioners in the Mandamus proceeding.  The only possible disbursement by the government would be for payment of attorneys fees (since, by virtue of Law 402, 32 LPRA section 3114 et seq, undersigned counsel is prohibited from charging her clients, and the employer is required to pay these fees if the petitioners are ultimately successful.) The cause of action is based on Law 211 of December of 2015, which established the pre-retirement program.  The relief requested in the mandamus petition has been translated by the undersigned. The petitioners requested the following relief from the court:

> "1. <u>Peremptorily</u> order the Hon. Labor Secretary, Carlos Saavedra Gutiérrez to comply immediately with Law 211, as amended by Law 106, providing the petioners with all of the benefits of pre-retirement guaranteed by Law 211-2015 and Law 106-2017, *or in the alternative:*
>
> "2. Issue an Order to Show Cause to the Hon. Labor Secretary requiring him to demonstrate why the Court should not GRANT the Petition, *or in the alternative:*
>
> "3. Order the Hon. Labor Secretary to answer the Petition in a short time frame, not exceeding five (5) working days.
>
> "The imposition of attorneys fees to the benefit of the attorneys for the petitioners, in addition to the payment of costs and litigation expenses, as well as any other remedy which is appropriate in law. (*Translation provided by the undersigned; emphasis in original.*)

### 4. <u>Status of the underlying claims</u>

At the outset of the litigation, the Department of Justice, representing the Mandamus respondent, the Secretary of Labor and Human Resources, presented a Motion to Dismiss. After some initial litigation events and a lengthy hearing before the Superior Court, the presiding Judge preliminarily denied a Motion to Dismiss. The Court of First Instance ordered the Secretary of Labor to answer the Complaint on or before January 16, 2018 and also to present its documentary evidence regarding the transmittal of the petitioners' pre-retirement requests by January 23, 2018. *Resolution issued on December 29, 2017 in the case of <u>Ares et al v. Secretario del Trabajo</u>, Civ. No. SJ2017CV02280 .*

Thee Secretary of Labor, represented by the Puerto Rico Department of Justice (*hereinafter "the Government"*) presented an Interlocutory Appeal before the Puerto Rico Court of Appeals, asking for discretionary review of the Resolution issued by the Superior Court. <u>*Ares et al v.*</u>

Attys. Bauer, Fernández,
Pérez and López
June 11, 2018
Page 5

*Secretario del Trabajo, KLCE 20180076.* The Government also requested the appellate court to Stay the case below, which was granted immediately by the Court of Appeals pending action on the petition for discretionary review.

On February 28, 2018, the Court of Appeals in the case denied the Petition for discretionary review (*"certiorari"*) and lifted the Stay previously ordered.

On March 14. 2018, the Government presented a Request for Reconsideration regarding the denial of its petition for discretionary review.

On March 27, 2018, the Court of Appeals denied the Request for Reconsideration.

On April 4, 2018, without awaiting the *mandate* formalizing the Appellate Court's denial of its request for discretionary appellate review, the Government presented to the Superior Court a *"Notice of Stay of the Procedures by Virtue of the Petition presented by the Government of Puerto Rico under Title III of PROMESA." (Translation of the Title of the Motion provided)*

On April 20, 2018, the Superior Court issued Judgement in *Ares et al v. Secretario del Trabajo, Civ. No. SJ2017CV02280,* which reads in its entirety as follows:

---

*JUDGMENT*

The Department of Justice of the Government of Puerto Rico has appeared through a *"Notice of Stay of the Procedures by Virtue of the Petition presented by the Government of Puerto Rico under Title III of Promesa.,"* in which it requests a stay of the proceeding, pursuant to Sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under Section 301(a) of Promesa, 48 USC §2161(a).

To that effect, a Judgment is issued declaring the stay of the proceedings in this case.

We reserve jurisdiction expressly to declare the reopening [of the case], at the request of the interested party, in case the stay order is lifted at any time after the date of the current judgment and the interested party appears before this forum requesting the continuation of the proceedings. *Translation supplied.*

---

On May 24, 2018, the Court of Appeals in *Ares et al v. Secretario del Trabajo, KLCE 20180076* issued the *Mandate* with respect to the denial of the Petition for Interlocutory Review (*certiarori*) which had been requested by the Government. By that time, however, the Superior Court had already stayed the case.

**Attys. Bauer, Fernández,**
**Pérez and López**
**June 11, 2018**
**Page 6**

### 5. <u>Cause as to why the stay should be lifted</u>

At the outset, it is important to observe that this is not a damage action.   Rather, the seventeen (17) employees are asking the Superior Court to allow them to *leave* Government Service, pursuant to a program developed in 2015 by the Government of Puerto Rico, precisely to save the Commonwealth money by placing certain long-term employees such as the Petitioners on retirement, rather than having them continue to receive a more costly Government salary and the benefits associated therewith.

The enforcement of the stay will continue to subject these seventeen (17) employees to additional hardship, further disrupting their plans for retirement, on which they were relying after having been offered the benefits of Law 211 by the Government.

Not only is there no claim of money damages in the Litigation, there are also no significant costs associated with the case (beyond the fact that Government attorneys will work on the litigation). The petitioners, long-term government workers are not "creditors" whose interests must be balanced against those of other creditors.  All factors governing the lifting of the stay favor allowing these public servants the right to continue with their case independently of the PROMESA Title III filing.

Section 362(d)(1) of Title 11 of the United States Code, incorporated into Section 201 of the PROMESA law, *48 U.S.C. 2161 et seq,* provides for the relief from the automatic stay for "cause." Although "cause" is not defined, this court has looked to the factors enunciated in the bankruptcy context by the Second Circuit in *In re Sonnax Indus, Inc., 907 F.2d 1280, 1286 (2nd Cir. 1990),* to address such questions. *See,*

This case involves the right of the petitioners to leave Government service.  This kind of litigation should not be subject to a stay intended to protect creditors who have rights of payment and claims against the Commonwealth for monetary compensations. The Petitioners respectfully submit that a factorial analysis demonstrates why the stay should be lifted. *Cf, Brigade Leveraged Capital Structures Fund v. García Padilla, 217 F.Supp. 3d 508 (D. PR 2016.)*

Factors applicable to such stay decisions include, but are not limited to: the following: (1) the relationship between the action and the bankruptcy case; (2) whether relief would result in a partial or complete resolution of the issues; (3) whether litigation in another forum will prejudice the interests of other creditors; (4) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; and (5) the impact of the stay on the parties; and the balance of harms. *Goya Foods v. Ulpiano Unanue-Casal, et al, 159 B.R. 90, at 95-96 (D.P.R. 1993).*

It is respectfully submitted that applicable factors favor continuation of this case:

Attys. Bauer, Fernández,
Pérez and López
June 11, 2018
Page 7

- There is basically no relationship between the Title III filing and the Litigation, nor will the implementation of the remedies requested imply a considerable expenditure of public funds.

- The Litigation would completely resolve the question of whether the Secretary of Labor violated his ministerial duties.

- Allowing the Litigation to proceed will cause no prejudice the interests of other creditors.

- The "interest of judicial economy and the expeditious and economical determination of litigation" clearly favors allowing this case to go forward. The Litigation is a simple matter, which in all likelihood will be resolved expeditiously on the basis of motion papers.

- The continuation of the Stay, on the other hand, will have a grave impact on these petitioners, whose lives have been put on hold due to the Government's refusal to comply with its ministerial duties.

- In its Judgment enforcing the Stay, as a result of the "Notice" filed by the Government, the Superior Court specifically retained jurisdiction to address the issues affecting these long-term public servants, but indicated that it would do so only if the stay were lifted.

As discussed in *Brigade Leveraged Capital, supra,* the key inquiry boils down to an equitable analysis of the "impact of the stay on the parties and the balance of harms." *Id.* The evaluation of "cause" with respect to the stay "requires the court to engage in an equitable case-by-case balancing of the various harms at stake." *Id, 217 F.3d at *518.* Such an equitable analysis clearly mitigates against the imposition of a stay in this Litigation.

Despite its critical financial state, the Commonwealth of Puerto Rico continues to function as a Government. Long-term government employees continue to serve and continue to leave after decades of service. Statutory rights, theoretically, continue to exist. In this context, the overbroad application of the Stay to matters such as the one at hand is pernicious and beyond the scope of PROMESA and its goal to assure a fair payment of the Government's obligations and assure access to capital markets.

**Attys. Bauer, Fernández,
Pérez and López
June 11, 2018
Page 8**

Finally, the petitioners feel the obligation to take note of the manner in which the Government of Puerto Rico has dealt with this case. Rather than request the Stay at the outset of the Litigation almost eight months ago, the Government (using the resources of its Justice Department) defended the case vigorously. Motions were filed and a lengthy hearing was held before the Superior Court. When the presiding Judge ruled in petitioners' favor on the Motion to Dismiss and required the Government to answer the complaint and present the court with the documentary evidence which allegedly would support its defenses, the Government simply went ahead and presented a Petition for Discretionary Review ("*certiorari*").

Plainly cognizant of the PROMESA Stay protections, the Government continued the litigation, through the denial of its Petition for discretionary review and the final denial of its Request for Reconsideration. Then and only then did the Government present its "Notice" of the mandatory Stay.

In other words, the Government was content to use its resources to defend against the case through procedural filings and substantive arguments which were eventually determined to be without merit. In the event the Government won, the petitioners lost. But if the Government did *not* win, then the petitioners still lost. It was only once all of the Government's litigation maneuvers with respect to the discretionary appeal were unsuccessful that the Government unilaterally imposed the Stay through a "Notice" to the court. Surely, the petitioners, who have all dedicated some thirty (30) years to Government service deserve more.

For all of the reasons specified herein, it is respectfully requested that the recipients of this letter, representing the Oversight Board and AAFAF, consent to relief from the Stay provisions in this case.

Sincerely,

Judith Berkan
Counsel for Petitioner *Ares* et al.

**EXHIBIT**

**B**

**(P. del S. 1327)**

## LEY NÚM. 72
## 23 DE JULIO DE 2019

Para enmendar el Inciso (E) y adicionar los Incisos (F) y (G) al Artículo 7.1 de la Ley 106-2017, según enmendada, conocida como "Ley para Garantizar el Pago a Nuestros Pensionados y Establecer un Nuevo Plan de Aportaciones Definidas para los Servidores Públicos", a los fines de ordenar a la Oficina de Gerencia y Presupuesto (OGP) a reevaluar, en o antes del 1 de agosto de 2019, las solicitudes de Preretiro que le fueran presentadas; añadir un Inciso (F) para autorizar el pago de las liquidaciones de licencias acumuladas por concepto de vacaciones, enfermedad y tiempo compensatorio acumulados en un plazo no mayor de 24 meses luego de emitida la autorización del Preretiro por parte de la Oficina de Gerencia y Presupuesto (OGP); añadir un Inciso (G) a los fines de autorizar aquellos participantes que estando su solicitud de Preretiro sometida ante la OGP hayan cumplido los sesenta y un (61) años de edad teniendo derecho a cualificar para los beneficios del Preretiro siempre y cuando no se hayan incorporado en ningún otro programa de Retiro del Gobierno de Puerto Rico, haber desistido de su solicitud de Preretiro Voluntario o haber renunciado previamente a su puesto.

### EXPOSICIÓN DE MOTIVOS

La Ley 211-2015, creó el Programa de Preretiro Voluntario, mediante el cual empleados elegibles del Gobierno de Puerto Rico podían voluntariamente, separarse de forma incentivada de su empleo hasta que cumplieran con los requisitos para retirarse. La legislación permitía el retiro de un grupo de empleados públicos anteriormente cobijados por las disposiciones de la Ley Núm. 447 de 15 de agosto de 1951, según enmendada.

La legislación requería que la implementación del programa no tuviera impacto adverso en las arcas del Sistema de Retiro del Gobierno, ni de las entidades gubernamentales que se acogieran al mismo. Por ello, la OGP aprobaría la solicitud, de determinar que ello representa un ahorro para la entidad concernida. La responsabilidad por el pago de los beneficios dispuestos en la citada ley no recaería en el Sistema de Retiro del Gobierno, si no en la entidad para la cual trabajase el empleado al momento de acogerse al Programa. Asimismo, no debía afectarse los servicios esenciales en la entidad gubernamental, entre otros requisitos.

Mediante la Ley 106-2017, según enmendada, conocida como "Ley para Garantizar el Pago a Nuestros Pensionados y Establecer un Nuevo de Plan de Aportaciones Definidas para los Servidores Públicos", se reformó los Sistemas de Retiro de la Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura. En su Artículo 7.1

2

(A), se estableció una disposición la cual derogaba la Ley 211-2015, no obstante, se garantizó todos los derechos y obligaciones creados al amparo de dicho estatuto sobre aquellos pre retirados que se encuentran participando del Programa de Preretiro Voluntario al momento de aprobarse dicha Ley. Estas disposiciones se hicieron extensivas, además, a las solicitudes de Preretiro que se hayan presentado debidamente a la fecha de aprobación de la Ley 106-2017, según enmendada, los cuales continuarán el trámite ordinario y garantizándole los mecanismos de revisión, según dispuesto en la Ley 211-2015, y cualquier otro estatuto aplicable. Las mismas aplicarán, además, a aquellos participantes cuyos beneficios de Preretiro hayan sido previamente aprobados por la OGP, de acuerdo con lo dispuesto en la Ley 211-2015.

El 14 de diciembre de 2018, se aprobó la Ley 262-2018, la cual adicionó un Inciso (e), (i), (ii), (iii), (iv) y (v) a las disposiciones el Artículo 7.1 de la Ley 106-2017, según enmendada, con el propósito de conceder a la OGP hasta el 1 de enero de 2019, para evaluar las solicitudes de Preretiro que fueron sometidas oportunamente por las entidades gubernamentales conforme al Programa de Preretiro Voluntario. En la actualidad, la OGP está llevando un análisis exhaustivo de las solicitudes sometidas ante su consideración lo cual requiere de un plazo adicional para poder culminar dicha gestión. Mediante esta legislación se enmienda el Inciso (e) del Artículo 7.1 de la Ley 106-2017, según enmendada, para extender el mismo hasta el 31 de agosto del 2019, y pudiendo ser extendido por un plazo adicional a dicha fecha cuando existan circunstancias extraordinarias que requieran dicha acción por parte de OGP.

La presente legislación añade un Inciso (F) al Artículo 7.1 de la Ley 106-2017, según enmendada, a fin de garantizar la liquidación de aquellos balances acumulados por concepto de licencia de vacaciones regulares, enfermedad y tiempo compensatorio acumulado de ser aplicable a aquellos participantes y entidades gubernamentales que hayan cumplido con todos los procesos requeridos en las leyes antes mencionadas. Esta disposición autoriza a las entidades gubernamentales a poder pagar los balances acumulados por concepto de las licencias antes mencionadas durante un periodo no mayor de veinticuatro (24) meses contados a partir de la aprobación del Programa de Preretiro por parte de la OGP.

Por último, esta legislación añade un Inciso (G) al Artículo 7.1 de la Ley 106-2017, según enmendada, a los fines de garantizarle los beneficios del Preretiro a aquellos participantes que hayan cumplido sesenta y un (61) años siempre y cuando no se encuentren en otro Programa de Retiro del Gobierno de Puerto Rico, que haya renunciado a su solicitud del Programa de Preretiro o haya renunciado al puesto que ocupaba como empleado en el Servicio Público.

Las enmiendas establecidas en esta legislación buscan lograr la culminación del Programa de Preretiro Voluntario y hacer extensivo los beneficios de dicho programa a aquellas entidades gubernamentales y participantes que cualifiquen bajo las determinaciones que emita la OGP en total cumplimiento con las leyes antes establecidas.

**DECRÉTASE POR LA ASAMBLEA LEGISLATIVA DE PUERTO RICO:**

3

Sección 1. – Se enmienda el Inciso (e) y se adiciona los Incisos (F) y (G) al Artículo 7.1 de la Ley 106-2017 según enmendada, para que lea como sigue:

"Artículo 7.1 - Programa de Preretiro Voluntario.

(a) Se deroga la Ley 211-2015, según enmendada, conocida como "Ley del Programa de Preretiro Voluntario". No obstante, se garantizan todos los derechos y obligaciones creadas al amparo de dicho estatuto.

(b) Aquellos Preretirados que se encuentran participando del Programa de Preretiro Voluntario al momento de aprobarse la presente Ley, continuarán disfrutando del mismo de acuerdo a las disposiciones establecidas bajo la Ley 211-2015, según enmendada.

(c) Las solicitudes de Preretiro, conforme al Programa de Preretiro Voluntario que hayan presentado debidamente los Participantes a la fecha de aprobación de esta Ley, continuarán el trámite ordinario. Se garantizarán los mecanismos de revisión, según dispuestos en la Ley 211-2015, según enmendada, y cualquier otro estatuto aplicable.

(d) Se les garantizará a los Participantes cuyos beneficios de Preretiro hayan sido previamente probados por la Oficina de Gerencia y Presupuesto, de acuerdo a lo dispuesto en la Ley 211-2015, según enmendada, el acogerse a los beneficios de dicho Programa.

(e) En o antes del 1 de agosto de 2019, la Oficina de Gerencia y Presupuesto deberá revaluar las solicitudes de Preretiro que fueron presentadas oportunamente por las entidades gubernamentales conforme al Programa de Preretiro Voluntario y denegadas por la Oficina de Gerencia y Presupuesto. El periodo antes expresado podrá ser extendido por OGP de existir circunstancias extraordinarias que ameriten dicha gestión.

i.     De determinarse que el Programa de Preretiro Voluntario representa un ahorro para la entidad gubernamental, la Oficina de Gerencia y Presupuesto aprobará la solicitud.

ii.     De no ser aprobada la solicitud, la Oficina de Gerencia y Presupuesto deberá fundamentar las razones para su denegación y en todo caso le concederá a la entidad gubernamental un término no mayor de treinta (30) días para enmendar el Plan Patronal de Preretiro. La Oficina de Gerencia y Presupuesto deberá evaluar el Plan Patronal de Preretiro enmendado en un término no mayor de treinta (30) días.

iii.     De ser aprobada la solicitud, se le notificará inmediatamente al empleado elegible, el cual tendrá un término de treinta (30) días, a partir de dicha notificación, para ejercer la opción de participar del Programa de Preretiro Voluntario bajo los mismos términos y condiciones.

4

iv.    En caso de identificarse puestos que queden vacantes y se certifiquen como que proveen servicios esenciales para el funcionamiento de la entidad gubernamental, podrán ser cubiertos bajo el principio de movilidad dispuesto en el Artículo 6.4 de la Ley 8-2017.

v.    En caso de que la entidad gubernamental, que demuestre ahorros bajo el Programa de Preretiro Voluntario, mantenga alguna deuda pendiente con la Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura, la entidad gubernamental tendrá que suscribir un acuerdo de pago que no sea oneroso para la entidad."

(F) Aquel preretirado debidamente cualificado bajo el Programa de Preretiro tendrá derecho a las liquidaciones acumuladas por concepto de licencia de vacaciones regulares, enfermedad, y al pago de tiempo compensatorio acumulado, de ser aplicable según establecido en el Inciso (b) del Artículo 6 de la Ley 211-2015.   Se autoriza a las entidades gubernamentales a poder efectuar el pago de las referidas licencias en un periodo no mayor de veinticuatro (24) meses contados a partir desde la autorización del Programa de Preretiro por parte de la Oficina de la OGP.

(G) Aquellos participantes que durante su reclamación de Preretiro hayan cumplido sesenta y un (61) años de edad durante dicho proceso podrán cualificar para el Programa de Preretiro según las disposiciones establecidas en el Artículo 6, Inciso (H) de la Ley 211-2015. Estas disposiciones no serán de aplicación a aquellos participantes que durante el proceso de Preretiro Voluntario se hayan sometido a otro Programa de Retiro, hayan renunciado al proceso de Preretiro Voluntario y/o hayan renunciado al puesto que ocupaban como empleado público.

Sección 2.- La Oficina de Gerencia y Presupuesto y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico deberán aprobar y enmendar cualquier normativa necesaria y conveniente para cumplir cabalmente con los propósitos de esta Ley.

Sección 3.- Vigencia.

Esta Ley comenzará a regir inmediatamente después de su aprobación.

**EXHIBIT C**

t\ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| GILBERTO ARES CANDELARIA<br>NILDA P. BARBOSA RODRIGUEZ<br>ANA E. COLLAZO GUZMÁN<br>ARNALDO COLÓN COLÓN<br>MELVIN COLÓN VÉLEZ<br>ANGEL L. DE JESÚS FERNÁNDEZ<br>MARIBEL GARCÍA CRUZ<br>CARLOS GONZÁLEZ JUARBE<br>MARILYN HERNÁNDEZ SANTIAGO<br>CARMEN D. LÓPEZ HERNÁNDEZ<br>TOMÁS MONTAÑEZ ROSADO<br>JULIA T. PENA DE JESÚS<br>EVELYN PRATTS COLLAZO<br>NORMA I. RIVERA NIEVES<br>EDNA SÁEZ SÁNCHEZ<br>MANUEL F. SÁNCHEZ INCLE<br>JUAN D. SIERRA ORTEGA<br><br>    Peticionarios<br><br>v.<br><br>HON. CARLOS SAAVEDRA GONZÁLEZ<br>Secretario del Departamento del Trabajo y<br>Recursos Humanos<br><br>    Peticionado | CIV. Núm 2017-<br><br><br>Sobre: *Mandamus,*<br><br>    *Derecho de Participar en el*<br>    *programa de pre-retiro al*<br>    *amparo de la Ley 211-2015* |

## PETICIÓN DE MANDAMUS

AL HONORABLE TRIBUNAL:

COMPARECE la parte peticionaria, los empleados del Departamento del Trabajo y

Recursos Humanos,   GILBERTO ARES CANDELARIA, NILDA P.   BARBOSA

RODRIGUEZ, ANA E. COLLAZO GUZMÁN, ARNALDO COLÓN COLÓN, MELVIN

COLÓN VÉLEZ, MARIBEL GARCÍA CRUZ, CARLOS GONZÁLEZ JUARBE, MARILYN

HERNÁNDEZ SANTIAGO, CARMEN D. LÓPEZ HERNÁNDEZ, TOMÁS MONTAÑEZ

ROSADO, JULIA T. PENA DE JESÚS, EVELYN PRATTS COLLAZO, NORMA I. RIVERA

NIEVES, EDNA SÁEZ SÁNCHEZ, MANUEL F. SÁNCHEZ INCLE y JUAN D. SIERRA

ORTEGA, por conducto de la representación legal que suscribe y muy respetuosamente Expone,

Alega y Solicita:

1

# I. INTRODUCCIÓN

1.1 Se presenta este recurso de *mandamus* para hacer valer los derechos al "pre-retiro" de de diecisiete (17) empleados del Departamento del Trabajo y Recursos Humanos de Puerto Rico, quienes cualifican para los beneficios de la Ley 211-2015 de 8 de diciembre de 2015 (en adelante "Ley 211".) .

1.2 La Ley 211 estableció un programa de "Preretiro Voluntario"para que empleados del Gobierno que cualificaban pudieren optar voluntariamente por separarse de su empleo, incentivizado por unos beneficios que le corresponderían hasta que cumplan los requisitos para acogerse al retiro. El referido programa de preretiro aplica únicamente a empleados cobijados por la Ley Núm. 447 de 15 de mayo de 1951, según enmendada.

1.3 Cada uno de los peticionarios cualifican para el programa debido a que empezaron en el servicio antes de 1990.

1.4 La referida Ley contempla un proceso mediante el cual las entidades gubernamentales concernidas sometieran una solicitud ante la Oficina de Gerencia y Presupuesto (OGP) para que esa agencia evaluara la viabilidad de que los empleados del departamento se acojan al programa preretiro y certificara la elegibilidad de los empleados, excluyendo aquellos empleados cuyo preretiro no implicaba ahorros para el sistema, aquellos que son "indispensables" y aquellos que no cumplan con los años de servicio requeridos.

1.5 En cumplimiento de la ley, tanto la OGP como el Sistema de Retiro certificaron a cada uno de los peticionarios como elegible para el pre-retiro y el Departamento de Trabajo y Recursos Humanos ("el Departamento") les informó que cualificaban para el programa. Cada uno se acogió a los beneficios de la Ley 211 y esperaban salir del servicio público en el 2016, como hicieron aproximadamente 121 de sus colegas en el departamento.

1.6 Cada uno firmó una certificación a los efectos de que su selección al programa de pre-retiro era "irrevocable".

1.7 No obstante lo anterior, el Departamento ha rehusado permitirles retirarse al amparo de la Ley 211. El Departamento ha admitido que los peticionarios cualifican por el programa

1.8 Esta decisión es arbitraria y caprichosa. Es contrario al deber ministerial del Departamento y su Secretario de hacer cumplir la ley y de proveerles a los peticionarios todos los beneficios que en derecho les corresponden.

2

## II. **JURISDICCION Y COMPETENCIA DEL TRIBUNAL**

2.1 La Sala Superior de San Juan del Tribunal de Primera Instancia tiene jurisdicción y competencia para entender en el caso de epígrafe en virtud de los Artículos 5001, 5.003 y 5.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003. *4 LPRA §§25a, 25c, 25e (2015)*, los Artículos 549 a 661 del Código de Enjuiciamiento Civil, *32 LPRA §§ 3421-3433*, y las Reglas 3.1, 3.2, 3.5 y 54 de las de Procedimiento Civil de Puerto Rico, 31 LPRA Ap. V, Reglas 3.1, 3.2, 3.5 y 54.

2.3 El *mandamus* es el remedio apropriado para obligarle a un funcionario del gobierno cumplir con su deber ministerial de hacer cumplir las disposiciones claras de la Ley.

### III. **LAS PARTES**

3.1 Desde principios del 20176, el peticionado **HON,. CARLOS SAAVEDRA GUTIÉRREZ** es el Secretario del Departamento de Trabajo y Recursos Humanos del Estado Libre Asociado de Puerto Rico ("Secretario de Trabajo") y cumple las funciones correspondientes al referido cargo. Su dirección es Edif. Prudencio Rivera Martínez, Piso 21, Avenida Muñoz Rivera 505, Hato Rey, PR 00918. El Secretario de Trabajo tiene su residencia en Río Piedras, San Juan, Puerto Rico.

3.2 El peticionario **GILBERTO ARES CANDELARIA** tiene 60 años. El Sr. Ares es Auxiliar Administrativo III en el Departamento de Trabajo y Recursos Humanos. Ha estado en el servicio público desde agosto de 1978 y como empleado regular en el 1989. Su diección es Calle 39 M13, Urb. Parque Ecuestre, Carolina, Puerto Rico 00987.

3.3 La peticionaria **NILDA P. BARBOSA RODRIGUEZ** es Técnica Legal en el Departamento de Trabajo y Recursos Humanos. La Sra. Barbosa tiene 60 años y ha estado en el servicio público desde 1986 y como empleada regular en el 1989. Su diección es Cond. Torre de los Frailes, Apt. 9G, Guaynabo, Puerto Rico 00969.

3.4 La peticionaria **ANA E. COLLAZO GUZMÁN** tiene 60 años de edad. La Sra. Collazo actualmente es Funcionaria Administrativa III en el Departamento de Trabajo y Recursos Humanos. La Sra. Collazo empezó en el servicio público en el 1986 y como empleada regular en el 1989. Su dirección es Calle 31 AJ-45, Rexville, Bayamón, Puerto Rico 00956.

3.5 El peticionario **ARNALDO COLÓN COLÓN** tiene 50 años de edad. El Sr. Colón

3

actualmente es Auxiliar Administrativo, Negociado de Seguridad y Empleo en el Departamento de Trabajo y Recursos Humanos. El Sr. Colón empezó como empleado regular en el servicio público en el 1989. Su dirección es Su dirección es Barrio Garrochales, Carr. 682, Km 7.5, Arecibo, Puerto Rico 00612.

3.6 El peticionario **MELVIN COLÓN VÉLEZ.** El Sr. Colón tiene 60 años de edad. actualmente es Funcionario Administrativo III en el Departamento de Trabajo y Recursos Humanos. El Sr. Colón empezó en el servicio público en el 1986 y como empleado regular en el 1989. Su dirección es Barrio Los Puertos, Calle 17 Núm 362, Dorado, Puerto Rico 00646.

3.7 El peticionario **ANGEL L. DE JESÚS FERNÁNDEZ** actualmente es Funcionaria Administrativa II en el Departamento de Trabajo y Recursos Humanos, Oficina de Servicios Administrativos. Empezó en el servicio público como empleado regular en el 1989. Su dirección es Calle Márquez de Santa Cruz 2J-18, Covandonga, Toa Baja, Puerto Rico 00949.

3.8 La peticionaria **MARIBEL GARCÍA CRUZ** tiene 50 años de edad. La Sra. García ctualmente es Funcionaria Administrativa I en el Departamento de Trabajo y Recursos Huano. La Sra. García empezó como empleada regular en el servicio público en el 1989. Su dirección es Urb. Sunville, Calle 16 R-26, Trujillo Alto, Puerto Rico 00976.

3.9 El peticionario **CARLOS GONZÁLEZ JUARBE** tiene 50 años de edad. El Sr. González actualmente es a Conductor en el Departamento de Trabajo y Recursos Humanos. El Sr. González empezó como empleado regular en el servicio público en el 1989. Su dirección Su dirección es Calle Trinidad T 590, Ext. Forest Hills, Bayamón, Puerto Rico 00959.

3.10 La peticionaria **MARILYN HERNÁNDEZ SANTIAGO** tiene 60 años de edad. Atulmente es Especialista de Seguridad y Salud I, OSHA. La Sra. Hernández empezó como empleada regular en el servicio público en el 1989. Su dirección es Urb. Regional Calle 1, Casa B9, Arecibo, Puerto Rico 00612.

3.11 La peticionaria **CARMEN D. LÓPEZ HERNÁNDEZ** tiene 60 años de edad. La Sra. López actualmente es Investigadora, Ofic. SINOD. La Sra. Hernández empezó como empleada regular en el servicio público en el 1989. Su dirección es Barrio Malpaso, Carr. 417, Km. 2.3, Aguada, Puerto Rico 00602.

3.12 El peticionario **TOMÁS MONTAÑEZ ROSADO** tiene 50 años. El Sr. Monta ñez actualmente es Director Ejecutivo 1 en Nómina del Departamento de Trabajo y Recursos Humanos.

Ha estado en el servicio público desde agosto de 1987 y como empleado regular en el 1989. Su dirección es Calle 8 F-11, Colinas de el Yunque, Río Grande, Puerto RICO 00745.

3.13 La peticionaria **JULIA T. PEÑA DE JESÚS** tiene 50 años de edad.  La Sra. Peña actualmente es Funcionaria Administrativa II en el Departamento de Trabajo y Recursos Huano.  La Sra. Peña empezó como empleada regular en el servicio público en el 1989.Su dirección es San Ciprián I, Apt. 122, 694 Victoria, Carolina, Puerto Rico. 00985.

3.14 La peticionaria **EVELYN PRATTS COLLAZO** tiene 60 años de edad.  La Sra. Pratts actualmente es Auxiliar de Sistema de Oficina III en el Departamento de Trabajo y Recursos Humanos.  La Sra. Pratts empezó en el servicio público en el 1978 y como empleado regular en el 1980.  Su dirección es Urb. Carolina Alta M-5, Calle Víctor Salamán, Carolina, Puerto Rico 00987.

3.15 La peticionaria **NORMA I. RIVERA NIEVES** tiene 50 años de edad. La Sra. Rivera actualmente es Auxiliar Sistema de Oficina II en el Departamento de Trabajo y Recursos Humanos.  La Sra. Rivera empezó en el servicio público en el 1986 y como empleada regular en el 1989. Su dirección es Carr 110, Km. 8.2, Inf Barrio Marís, Aguada, Puerto Rico 00602.

3.16 Ls peticionaria **EDNA SÁEZ SÁNCHEZ** tiene 60 años de edad. La Sra. Sáez actualmente es Directora Ejecutiva IV el Departamento de Trabajo y Recursos Humanos de la Oficina de Planificación.  La Sra. Sáez empezó en el servicio público como empleada regular en el 1989.Su dirección es Cond. Hato Rey Plaza, Apt. 16J, San Juan, Puerto Rico 00918.

3.17 El peticionario **MANUEL F. SÁNCHEZ INCLE** tiene 60 años de edad. El Sr. Sánchez actualmente es Director de OSHA del Area de Ponce del Departamento de Trabajo y Recursos Humano.  El Sr. Sánchez empezó como empleado regular en el servicio público en el 1989.Su dirección es PO Box 2141, Mayaguez, Puerto Rico 00681.

3.18 El peticionario **JUAN D. SIERRA ORTEGA**, tiene 60 años de edad.  El Sr. Sierra actualmente es Conductor en el Departamento de Trabajo y Recursos Huano.  El Sr. Sierra empezó en el servicio público en el 1981 y como empleado regular en el 1989. Su dirección es Barrio Campanillas 364, Parcelas, Calle Fortaleza, Toa Baja 00949.

## IV. LOS HECHOS

### a. El programa de "Preretiro Voluntario"

4.1   En diciembre de 2015, se aprobo la Ley 211, la cual ofrece beneficios de "preretiro" a los empleados cobijados por la Ley 447. *Véase Anejo A, Ley 211.*

4.2 Según expuesto en la Exposición de Motivos de la referida ley, el Programa de Preretiro Voluntario representa un "ahorro ignifictivo" al gobierno, mientras a su vez ofrece "una oportunidad a los servidores públicos que tantos años han brindado a nuetro País, de culminar su carrer en el servicio público de forma digna..." *Id, a la página 2.*

4.3 La Ley 211 establece un programa de pre-retiro que contempla los siguientes pasos:

a. En un término de sesenta (60) días, cada departamento o agencia  realizará una tasación de implementación del Programa de Preretiro Voluntario. *Id, Artículo 4.*

b. El departamento o agencia tiene la obligación de garantizar que quien solicite acogerse al Programa cumpla con los requisitos del mismo. *Id, Artículo 7 (a).*

c. El departamento someterá su solicitud de participación a la Oficina de Gerencia y Presupuesto (OGP), incluyendo la tasación de implementación del Plan Patronal de Preretiro. *Id, Artículo 12 (b)(1).*

d. La OGP y la Administració de los Sistemas de Retiro de los Empleados certificará la eligibilidad de los empleados que soliciten al Programa. *Id, Artículo 12 (b)(2) y (3).*

e. Se notificará al empleado que es elegible sobre la certificación de su elegibilidad y el empleado tendrá un plazo de treinta (30) días a partir de la notificación para ejercer la opción de participar en el programa. *Id., Artículo 12(b)(4).*

f. La agencia tiene la obligación de proveer a todos sus empleados que cualifican para el Programa de Preretiro una orientación en torno a los beneficios y criterios del Programa. *Id., Artículo 12( c).*

g.  Una vez que el empleado seleccione participar en el programa, el Departamento tiene la obligación de. pagar a cada pre-retirado el sesenta por ciento (60 %) de su retribución promedio al 31 de diciembre de 2015, hacer las aportaciones patronales e individuales al Sistema de Retiro y mantener a los preretirados en la cubierta del plan médico por el término de dos (2) años.  También debe pagar las liquidaciones de vacaciones

y enfermedad. *Id.*

4.4 La elección de un empleado de participación en el Programa será "final e irrevocable". *Id,*
*Artículo 9.* La elección del emmpleado también constituye "un relevo total y absoluto y una renuncia
de derechos de toda reclamación relacionada con su trabajo, constituyendo el referido relevo y renuncia
de derechos "cosa juzgada" en cualquier relcamación posterior. *Id.*

4.5 Una vez que el empleado se acoja al programa, su efecto será inmediato, a menos que el
Departamento decida "retener[lo] en su puesto durante un término no mayor de seis (6) meses, sujeto
a prórroga por seis (6) meses adicionales con aprobación de OGP, a los únicos fines de culminar
alguna labor, encomienda, función u ofrecer adiestramiento". *Id, Artículo 10.*

4.6 Salvo en esas circunstancias, "el resto de los empleados que se acojan el Programa de
Preretiro Voluntario lo harán de forma inmediata ...." *Id.* En otras palabras, el Departamento no tiene
discreción de dejar a los empleados que cumplen con los requisito fuera de los beneficios otorgados
en la referida Ley 211.

4.7 De acuerdo al Programa establecido por la Ley 211, los empleados cualificados tienen
derecho a los siguientes beneficios:

    a. Sesenta por ciento (60%) de su retribución promedio al 31 de diciembre de 2015,
hasta que cumpla los sesenta y un (61) años de edad;

    b. Liquidación del pago de licencias por vacaciones y enfermedad acumuladas;

    c. Participación en la cubierta del plan médico de conformidad con las aportaciones
anteriores, por espacio de dos años;

    d. Garantía del cincuenta por ciento (50%) de su retribución promedio al 30 de junio
de 2013 (fecha en que se aprobó la Ley 3-2013, la cual enmendó significativamente los
derechos de los empleados públicos de Puerto Rico en cuanto al retiro garantizado por la Ley
447).

4.8 El 23 de agosto de 2017, se derogó la Ley 211, mediante la aprobación de la Ley 106-2017.
*Véase Anejo B, Ley 106-2017, Artículo 7 (a).*

4.9 Sin embargo, mediante la referida Ley 106, se garantizó "todos los derechos y obligaciones
creados a amparo de dicho estatuto. *Id.* Los empleados que se econtroaban participando en el
Programa de Preretiro Voluntario al momento de aprobarse la presente Ley, coninntuaría disfrutando
sus beneficios, *Id, Artículo 7(b),* y cualquier solicitud de Preretiro "que hayan presentado debidamente

7

lo participantes a la fecha de aprobación [de la Ley 106], continuarán el trámite ordinario", *Id, Artículo 7 ( c).*

4.10   La nueva legislación,en su Artículo 7, establece sin duda alguna el <u>derecho de los empleados "cuyos beneficios de Pre-retiro ya han sido aprobados por la Oficina de Gerencia y Presupuesto ..."</u> *Véase Anejo C, Informe Positivo del Senado de Puerto Rico (sobre P. Del S. 603, 3 de agosto de 2017, a la página 2 (énfasis suplido).*

4.11  Según expresado en la Exposición de Motivos de la Ley 106, "mediante esta Ley se salvaguarda que los pensionados de Puerto Rico reciban las pensiones que con tanto sacrificio y esfuerzo lograron obtener al entregar sus mejores años al servicio del Pueblo de Puerto Rico...."

**b.  La negativa del Departamento de hacer cumplir la ley**

5.1 De conformidad a la referida Ley 211, el OGP certificó la eligibilidad para el programa de 138 empleados del Departamento de Trabajo, incluyendo todos los peticionarios. *Véase, por ejemplo, Anejo D "Notificación de Elegibilidad" entregado al peticionario Melvin Colón Vélez el 26 de enero de 2016.*

5.2  Cada uno de los peticionarios entraron en el servicio público antes del 1 de abril de 1990 y están cobijados por el sistema de retiro al amparo por la referida Ley 447, según enmendada.

5.3 A cada uno, la OGP y el Sistema de Retiro certificaron su elibilidad para el programa de pre-retiro al amparo de la referida Ley 211.

5.4 Cada uno de los peticionarios fue informado por el Departamento de Trabajo que cualificaban para el programa de preretiro ya que la OGP certificó su elegibilidad.

5.5 Cada uno de los peticionarios optaron por participar en el programa.

5.6  Cada uno de los peticionarios siguió  las instrucciones impartidas por el Departamento y entregaron el Formulario de Elección para la Participación en el Programa de Preretiro Voluntario en o  de la fecha límite del 22 de febrero de 2016.

5.7  Cada uno de los referidos empleados tomó la decisión de optar por los referidos beneficios a base de la orientación recibida por parte de su Departamento y ante la representación de que OGP había certificado su elegibilidad.

5.8 Una vez cada uno eligió la opción ofrecida, su decisión fue "<u>final e irrevocable</u>". *Artículo 9 de a Ley 211.*

5.9   A cada uno de los peticionarios, el Departamento del Trabajo le citó a una reunión a celebrarse el 22 de enero de 2016 en el Departamento para orientar al personal sobre sus derechos a participar en el programa de pre-retiro. Cada uno de los peticionarios fue a la referida reunión. Su asistencia a la reunión fue "compulsoria e indelegable. *Véase, por ejemplo, Anejo E, Carta de la Secretaria Auxiliar de Recursos Humanos a la peticionaria Evelyn Pratts, fechada el 15 de enero de 2016.*

5.10  El 27 de diciembre de 2016, 121 empleados del Departamento se acogieron al programa de pre-retiro, autorizados por el Departamento de Trabajo.

5.11  Aunque cada uno de los peticionarios cumple a cabalidad con las disposiciones de la Ley 211 y llenaron todos los formularios pertinentes, ese mismo 27 de diciembre de 2016, el Departamento del Trabajo les informó a estos diecisiete (17) empleados que éstos no iban a poder disfrutar de los beneficios de la ley de inmediato, sino que tendrían que esperar a "una segunda fase según provista y facultada en la legislación aplicable." *Véase, Anejo F, Carta del 27 de de diciembre de 2016, suscrita por la Sra. Nilma Maldonado Colón, Secretaria Auxiliar de Recursos Humanos.*

5.12  La Ley 211 no hace referencia alguna a una "segunda fase" de implantación del programa de preretiro. La referida ley sí contempla la posibilidad de que una agencia retenga un empleado cualificado por un término máximo de seis (6) meses, lo cual puede extenderse por seis (6) meses adicionales con la aprobación de OGP.

5.13  No obstante, según el Artículo 10 de la referida Ley 211, la única razón para hacerlo sería la necesidad "de culminar alguna labor, encomienda, función u ofrecer adiestramiento".

5.14  Esta disposición no aplica a los peticionarios, a quienes el Secretario rehusó incluir en el programa de pre-retiro de forma totalmente arbitraria.

5.15  El Secretario de Trabajo no tiene discreción alguna para tomar esa decisión.

5.16  Hasta la fecha, ningún funcionario del gobierno de Puerto Rico ha ofrecido razón o explicación alguna para negarles a estos empleados en particular el derecho de participar en el programa de pre-retiro y recibir los beneficios que en derecho le corresponden.

5.17  En ningún momento el Departamento ha hecho una determinación de "retener [a uno o más de los peticionarios] en su puesto durante un término no mayor de seis (6) meses, sujeto a prórroga por seis (6) meses adicionales con aprobación de OGP, a los únicos fines de culminar alguna labor, encomienda, función u ofrecer adiestramiento". *Id, Artículo 10.*

5.18  Para justificar sus negativa a permitir el pre-retiro de los peticionarios, el Asesor Legal del Departamento y la encargada de Recursos Humanos del Departamento meramente han expresado su opinión de que varios de los pre-retirados que sí se fueron del Departamento al amparo de la Ley 211, en el pasado cuatrienio, como cuestión de hecho no cualificaban por los referidos beneficios.

5.19  Esta no constituye una "explicación". Si otros empleados que no tenían derecho a acogerse al programa de pre-retiro están disfrutando de esos beneficios, ese hecho no tiene nada que ver con el derecho de los peticionarios de acogerse a programa.

5.20  El Departamento de Trabajo no tiene discreción alguna de privarle a los peticionarios sus derechos al amparo de la referida Ley 211.

5.21  Los peticionarios han demostrado al Departamento no sólo que su pre-retiro es garantizado por la Ley 211, sino también que su salida de la agencia al amparo de la disposiciones de la Ley 211 representaría un ahorro para el Departamento.

5.22  El Departamento de Trabajo y su Secretario, Carlos Saavedra Gutiérrez, tiene la obligación y el deber ministerial de hacer valer los derechos que les asiste a lo peticionarios de participar en el programa por lo cual su elibilidad fue certificada hace casi dos años.

### c. El requerimiento al Secretario del Trabaj y la negativa de hacer cumplir la ley - los intentos de resolver esta controversia sin acudir al foro judicial

6.1  Desde el 27 de diciembre de 2016, cuando el Departamento le informó a los peticionarios sobre su negativa de implantar la Ley 211 respecto a ellos, los peticionarios trataron de resolver esta situación mediante mecanismos informales de diálogo, sin efecto alguno.

6.2  El 31 de mayo de 2017, en representación de un grupo de los peticionarios, las abogadas que suscriben solicitaron formalmente al peticionario Hon. Carlos Saavedra Gutiérrez una reunión para discutir este asunto y para asegurar que los derechos de los peticionarios fueran respetados. *Véase Anejo G, carta de Berkan al Secretario de Trabajo, 31 de mayo de 2017*

6.3  La solicitud a nombre de los peticionarios fue copiado al Lcdo. Domingo Chicón, Asesor Legal del Secretario y a Nilda Maldonado Colón, en ese momento Secretaria Auxiliar de Recursos Humanos del Departamento.

6.4  Los funcionarios antes mencionados no respondieron a la carta del 31 de mayo de 2017.

6.5  Entre mediados y finales del mes de junio de 2017, la representación legal de los

10

peticionarios intentó comunicarse con el Lcdo. Chicón, asesor legal del Secretario del Trabajo, pero el Lcdo. Chicón no respondió a sus llamadas.

6.6 El 27 de junio de 2017, la suscribiente Judith Berkan le escribió nuevamente al Secretario del Trabajo, con copia al Lcdo Chicón y a Recursos Humanos del Departamento, expresando su interés en concertar una reunión para discutir este asunto y para hacer valer los derechos de los peticionarios. *Véase Anejo H.*

6.7 En su carta del 27 de junio, la suscribiente recalcó que sus representados cumplieron a cabalidad todos los requisitos para el programa de pre-retiro y que su salida de la agencia representaría un ahorro significativo. *Id*

6.8 La suscribiente expresó además que se había intentado comunicarse con el Lcdo. Chicón, pero que éste estaba alegando que no había recibido sus mensajes, lo cual no es cierto. *Id.*

6.9 Como resultado de esta segunda carta, el 10 de julio de 2017 se celebró una reunión en la sede del Departamento de Trabajo en Hato Rey. El Departamento fue representado por el Lcdo. Chicón y la Sra. Wanda Fontánez, Secretaria Auxiliar de Recursos Humanos. El grupo de empleados fue representada por la suscribiente Lcda. Berkan y los peticionarios Nilda P. Barbosa y Melvin Colón.

6.10 Durante la referida reunión, los representantes del Departamento del Trabajo no ofrecieron explicación que justificara su decisión de no hacer valer la ley. Por el contrario, se concentraron en la alegación de que ciertos *otros* empleados no cualificaron para los beneficios de pre-retiro, a pesar de que éstos se habían ido del Departamento en el 2016, antes del cambio de administración.

6.11 Los funcionarios del Departamento de Trabajo también recalcaron que iban a referir el a la Oficina de la Contralora. Éstos no ofrecieron remedio alguno a los peticionarios, quienes sí cualifican para el pre-retiro.

6.12 El 28 de julio de 2017, la suscribiente solicitó nuevamente una reunión con el Secretario. *Véase Anejo I, carta de Berkan a Saavedra, 28 de julio de 2017.*

6.13 El miércoles, 31 de agosto de 2017, la suscribiente escribió otra comunicación al Secretario del Trabajo. *Véase Anejo J, carta de Berkan a Saavedra, 30 de agosto de 2017.*

6.14 En la referida carta, la suscribiente mencionó la recien aprobada Ley 2017-106, la cual garantizaba la continuidad de los derechos de los empleados que habían sido cualificados por la OGP

11

al amparo de la Ley 211.  *Id.*

6.15  La suscribiente también indicó lo siguiente:

Aunque mi preferencia hubiese sido reunirme con usted, me dirijo a usted en este momento con un sólo propósito de saber de una vez y por todas si usted tiene la intención de cumplir la ley.  Antes de acudir a los tribunales, quisiera saber si el Departamento va a honrar los derechos establecidos en la Ley 211 y la Ley 106 en relación con los servidores públicos cuyos intereses representamos.

<u>Espero su contestación dentro de los próximos cinco (5) días laborales.</u>
*Id (énfasis en el original)*

6.16  Los cinco días laborales mencionados en la referida carta se expiraron el jueves 5 de septiembre de 2017.

### d. <u>Los huracanes asotan a Puerto Rico, atrasando la presentación de esta Petición</u>

7.1  El 5 de septiembre de 2017, fecha en que se supone que el Secretario del Departamento de Trabajo respondiera a la última carta que recibió sobre este asunto, el Huracán Irma llegó a Puerto Rico.

7.2  Posterior a esa fecha, Puerto Rico estaba sufriendo los efectos del paso del huracán.

7.3  Después del paso del Huracán Irma, no hubo teléfono, internet o electricidad en la oficina de la suscribiente, imposibilitando la comunicación con sus clientes.

7.4  Dos semanas después de Irma, pasó el Huracán María.  En el periodo entre el paso del Huracán Irma y el paso del Huracán María el 20 de septiembre de 2017, la oficina de Berkan/Méndez tuvo servicio eléctrico por espacio de sólo tres (3) días.

7.5  Despues del paso del Huracán María, la oficina de las suscribientes se ha quedado sin servicio de luz, internet y comunicaciones.

7.6  Debido a esta situación y otras similares que está atravesando Puerto Rico en general, ha sido sumamente difícil para las suscribientes comunicarse con sus clientes, logrando la comunicación esta misma semana.

7.7  Hasta el día de hoy, el Secretario de Trabajo no ha respondido a la carta del 30 de agosto. De igual manera, el peticionado no ha respondido a las cartas entregadas al funcionario y su directores de asuntos legales y de recursos humanos.  El Secretario no respondió a la carta del 30 de mayo de 2017, ni a la carta del 27 de junio, ni a la carta del 28 de julio, ni a la carta del 30 de agosto de 2017.

7.8  De acuerdo a la Ley 106, el programa de pre-retiro expira <u>a finales de diciembre de 2017.</u>

12

7.9 Los peticionarios han tratado de resolver este asunto mediante el diálogo, exigiéndole al Secretario el cumplimiento de la Ley 211, pero el Departamento de Trabajo sigue rehusando cumplir la ley, sin ofrecer ninguna explicación sobre por qué estos servidores públicos, quienes promedian 30 años de servicio, y quienes claramente cualifican para los beneficios de la Ley 211, tienen que quedarse en sus funciones, perdiendo los beneficios sustanciales que la ley le garantiza.

## V. CAUSAS DE ACCIÓN

### a. Mandamus

8.1 La parte peticionaria adopta por referencia y hace formar parte de la presente causa de acción todos los hechos alegadas anteriormente.

8.2 El Artículo 649 del Codigo de Enjuiciamiento Civil define el auto de *mandamus* en parte pertinente como sigue:

> [U]n auto altamente privilegiado dictado por ... el Tribunal de Primera Instancia de Puerto Rico, a nombre del Estado Libre Asociado de Puerto Rico, y dirigido a alguna persona o personas naturales .... requiriéndoles para el cumplimiento de algún acto que en dicho auto se epresa y está dentro de sus atribuciones o deberes. Dicho auto no confiere nueva autoridad y la oarte a quien obliga deberá tener la facultad de poder cumplirlo.

8.3 Una petición de *mandamus* debe cumplir con el requerimiento previo por parte del peticionario hacia el peticionado para que éste cumpla con el deber exigido, salvo algunas excepciones que no son pertinentes al caso de marras. La petición debe incluir además una exposición de los hechos que demuestra la negativa del funcionario de cumplir con la ley. *David Rivé Rivera, Recursos Etraordinarios,* citado en *Asociación de Maestros de Puerto Rico v. Hon. Cesar Rey Hernández, 178 DPR 253 (2010)..*

8.4 El recurso solamente procede cuando el peticionario logra demstrar el incumpimiento de un deber ministerial de determinado funcionario público. *Id.* Según la jurisprudencia del Tribunal Supremo de Puerto Rico, un deber ministerial es "un deber impuesto por la ley que no permite discreción en su ejercicio, sino que es mandatorio o imperativo". *Pagán v. Tower, 35 DPR 1, 3 (1926); Véase además Asociacion de Maestros de Puerto Rico, 178 DPR a las páginas 263-64.* Sin embargo, el "deber ministerial no tiene que ser necesariamente epreso ..." *Id, a la página 264.* El peticionario también debe demostrar que no existe un remedio adecuado y eficaz en el curso ordinario de la ley. *Atriculo 651 del Código de Enjuriciamiento Civil, 32 LPRA §3423.*

13

8.5  La petición en el caso de autos cumple con todos estos requisitos.  El Secretario del Departamento de Trabajo y Recursos Humanos ha incumplido su deber ministerial de procesar las solicitudes de pre-retiro de los peticionarios.  Todos los pasos necesarios para que los peticionarios se acogieran al programo fueron cumplidos.  El Departamento de Trabajo sometió su petición de participar en el programa a principios de 2016.  El OGP certificó la elegibilidad de los peticionarios para acogerse al pre-retiro. El Departamento celebró una reunión con los peticionarios para orientarlos en cuanto a sus derechos al amparo de la Ley 211.  Cada uno de los peticionarios solicitó participación en el programa, siendo su eleccion final e irrevocable.  Más de cien de sus compañeros se han ido del Departamento y actulmente están recibiendo su 60% de su remuneración, y los beneficios del plan médico, sin tener que reportarse a trabajar.  Estos empleados también tendrán el derecho de recibir no menos del 50% de los beneficios que se iban a recibir en su retiro al amparo de la Ley 447, antes de las enmiendas a la referida ley.

8.6  No hay duda alguna de que los peticionarios cualifican para participar en el Programa de Preretiro.  Lo único que falta es que el Secretario del Trabajo cumpla con su deber ministerial.

8.7  El Secretario del Trabajo no tiene discreción de denegarles a los peticionarios de los derechos que tienen al amparo de la Ley 211 y la Ley 106 basado en la noción de que *otros* empleados alegadamente se acogieron a los beneficios durante la pasada administración sin haberse cualificado por los mismos.

8.9  El interés público favorece la concesión del remedio solicitado en el caso de autos, ya que es la política pública de Puerto Rico "salvaguarda[r[ que los pensonados de Puerto Rico reciban las pensiones que con tanto sacrificio y esfuerzo lograran" y "no permit[ir] que nuetros retirados queden desprovistos de sus necesidades básicas y no puedan tener una mejor calidad de vida". *Véase, anejo C, Informe Positivo del Senado de Puerto Rico (sobre P. Del S. 603, 3 de agosto de 2017, a la página 11.*

8.10  No hay remedio adecuado en ley para atender esta situación, ya que el Programa de Preretiro está próximo a terminar y los peticionarios no tendrán oportunidad de participar en el Programa una vez se acabe a finales de diciembre de 2017.

**B. Segunda causa de acción - honorarios de abogado**

9.1  Los peticionarios acogen, adoptan por referencia y hace formar parte de la presente causa

14

de acción todos los hechos alegados en los párrafos anteriores de esta petición,

9..2 Este caso se trata de una reclamación hecha por 17 empleados del Departamento de Trabajo al funcionario más alto del Departamento del Trabajo y Recursos Humanos del Estado Libre Asociado, el peticionado Secretario del Trabajo.

9.3 La política pública de Puerto Rico reconoce la importancia de garantizarle al empleado una representación legal adecuada en relación con sus reclamaciones judiciales y extrajudiciales contra su patrono.

9.4 Según dispone la Ley 402 de 12 de mayo de 1950, 32 LPRA §3114 et seq, en casos de reclamaciones laborales, le corresponde al patrono pagar los honorarios de los/las abogados o abogadas que representan a los empleados.  Mediante disposición explícita de la Ley 402, está estrictamente prohibido obligar a los empleados "directa o indirectamente a pagar honorarios a sus abogados en casos de reclamaciones judiciales o extrajudiciales contra sus patronos...." *32 LPRA §3116.*

9.5  La política pública de Puerto Rico es clara: "Permitir el cobro de honorarios de abogado a los trabajadores o empleados que se ven en la necesidad de reclamar contra sus patronos, al amparo de la legislación laboral federal o local o convenio de trabajo de naturaleza individual o colectivo, equivale a permitir que se reduzca el valor de su trabajo en la cantidad que paguen a sus abogados."*32 LPRA §3115.*

9.6  Son "nulos y contrarios al orden público todos los contratos, convenios o acuerdos en que trabajadores o empleados se obliguen directa o indirectamente a pagar honorarios a sus abogados en casos de reclamaciones judiciales o extrajudiciales" en casos de esta índole. *32 LPRA §3116. In re Rivera, 169 DPR 237, 268 (2006).* Tan reciente como enero del año en curso, el Tribunal Supremo reiteró en *In re Martí Rodríguez,* 2016 TSPR 1, 195 DPR _____ que la Ley Núm. 402, *supra,* prohibe a los abogados contratar honorarios profesionales con los trabajadores o empleados para representarlos en sus reclamaciones laborales, ya sean en el contexto de reclamaciones judiciales o de reclamaciones extrajudiciales.  Le corresponde al patrono y no al obrero pagar estos servicios.

9.7 Si este Tribunal entiende que la reclamación en este caso constituye una reclamación de índole laboral de unos empleados contra su patrono, la única forma que las suscribientes pueden recibir compensación alguna por su trabajo en relación con el trámite de este caso ante el Tribunal sería con una imposición de honorarios de abogado.

9.8 Más allá de las disposiciones específicas de la referida Ley 402, surge otra base para la

15

imposición de honorarios en este caso, la Regla 44.1 (d) de las de Procedimiento Civil sobre temeridad.

La Regla 44.1 establece lo siguiente:

> En caso que cualquier parte .... haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. En caso que el Estado Libre Asociado de Puerto Rico [o] ... sus agencias o instrumentalidades haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado. *32 LPRA Ap. V, R. 44.1.*

9.9 Sabido e que " el concepto de temeridad se refiere a las actuaciones de una parte que hacen necesario un pleito que se pudo evitar o que provocan la indebida prolongación del mismo". *Colón Santos v. Cooperativa de Seguros Múltiples de Puerto Rico, 173 DPR 170, 188 (2008), citando a Blas Toledo v. Hospital La Guadalupe, 146 DPR 267, 335 (1998) (énfasis suplido.)*

9.10 El propósito de la regla sobre temeridad es "establecer una penalidad a um litigante perdidoso que por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte innecesariamente a asumir las molestias, gastos, trabajo e inconvenientes de un pleito. *Domínguez Vargas v. Great American Life Assurance, 157 DPR 690, 706 (2002), citando a Rivera v. Tiendas Pitusa, 148 DPR 695, 702(1999)*

9.11 La parte peticionado en este caso ha sido temerario en e manejo de esta controversia dado que el Secretario del Trabajo ha ignorado y desatendido los reclamos de los peticionarios, sin razón legítima.

9.12 Como resultado del proceder termerario de la parte peticionado, los empleados peticionarios se han visto obligados a recurrir ante este foro judicial para solicitar el auto de *mandamu,* para asegurar el cumplimiento de un deber ministerial de parte del Secretario de Trabajo.

9.13 Ante el trasfondo fáctico expuesto en esta petición, y a tenor con la normativa en nuestra jurisdicción, procede la imposición de honorarios de abogado por temeridad.

## VI. SÚPLICA

**EN MÉRITO DE LO ANTERIOR,** se solicita muy respetuosamente a este Honorable Tribunal, que tome conocimiento de lo antes expuesto, declare HA LUGAR la presente petición y, en consecuencia, al amparo de la Regla 54 de las de Procedimiento Civil:

1. Ordene _perentoriamente_ al Hon, Secretario de Trabajo Carlos Saavedra Gutiérrez de inmediato cumplir con la Ley 211, según enmendado por la Ley 106, otorgándoles a los peticionarios todos los beneficios de pre-retiro garantizados por la Ley 211-2015 y la Ley 106-2017, _o en la alternativa,_

2. Emita una Orden de Mostrar Causa al Hon. Secretario de Trabajo requiriéndole demostrar por qué el Tribunal no deba declarar CON LUGAR la Petición, _o en la alternativa,_

3. Ordene al Hon. Secretario de Trabajo contestar la Petición dentro de un término corto de no más de cinco (5) días laborales,

Se solicita además la imposición de hoorarios de abogado a favor de las abogadas de la parte peticionaria, además del pago de las costas y los gastos de litigio, así como cualquier otro remedio que proceda en derecho.

**RESPETUOSAMENTE SOMETIDO,**

En San Juan, Puerto Rico a 31 de octubre de 2017.

Berkan/Méndez
Calle O'Neill G-11,
San Juan, Puerto Rico 00918-2301
Tel.: (787) 764-0814;
Fax.: (787)250-0986
bermen@prtc.net

Judith Berkan
Col Núm. 8059; RUA 6723
berkanj@microjuris.com

Mary Jo Méndez
RUA 10738
mendezmaryjo@microjuris.com



17

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INTANCIA**
**SALA SUPERIOR DE SAN JUAN**

| | |
|---|---|
| GILBERTO ARES CANDELARIA<br>NILDA P. BARBOSA RODRIGUEZ<br>ANA E. COLLAZO GUZMÁN<br>ARNALDO COLÓN COLÓN<br>MELVIN COLÓN VÉLEZ<br>ANGEL L. DE JESÚS FERNÁNDEZ<br>MARIBEL GARCÍA CRUZ<br>CARLOS GONZÁLEZ JUARBE<br>MARILYN HERNÁNDEZ SANTIAGO<br>CARMEN D. LÓPEZ HERNÁNDEZ<br>TOMÁS MONTAÑEZ HERNÁNDEZ<br>JULIA T. PENA DE JESÚS<br>EVELYN PRATTS COLLAZO<br>NORMA I. RIVERA NIEVES<br>EDNA SÁEZ SÁNCHEZ<br>MANUEL F. SÁNCHEZ INCLE<br>JUAN D. SIERRA ORTEGA<br><br>     Peticionarios<br><br>v.<br><br>HON. CARLOS SAAVEDRA GONZÁLEZ<br>**Secretario del Departamento del Trabajo y**<br>**Recursos Humanos**<br><br>     Peticionado | CIV. Núm 2017-90___<br>*Recursos Extraordinarios*<br><br><br>Sobre: *Mandamus,*<br><br>*Derecho de Participar en el*<br>*programa de pre-retiro al*<br>*amparo de la Ley 211-2015* |

## JURAMENTO

\Yo, Tomás Montañez Rosado, mayor de edad, casado, Director Ejecutivo I  en el

Departamento del Trabajo y Recursos Humanos del Estado Libre Asociado de Puerto Rico, y

vecino de Río Grande, Puerto Rico,  bajo el más solemne juramento declaro:

     1. Que mi nombre y dcemás circunstancias personales son las arriba indicadas;

     2. Que el grupo de los 17 empleados que son peticionarios en este caso me autorizaron

para contratar servicios legales en relación con el asunto tratado en el Mandamus que se está

presentando en este caso.

     3. Que cada uno de los mencionados empleados está de acuerdo con la presentación de la

petición en el caso de epígrafe.

1

4. Que la referida petición de *mandamus* ha sido redactada según mi solicitud expresa basada en las autorizaciones del referido grupo de empleados.

5. Que he leído la petición de *mandamus* en el caso de marras.

**6** Que la información contenida en la sección 3 y las secciones 5.2-5.8 y 5.11 relacionada con cada peticionariio fue suplida a mí por cada uno, según requerida, para el propósito explícito de incluirla en la  presentación de la referida petición de *mandamus*.

7. Que la demás información contenida en la petición de *mandamus* y todo lo allí expuesto es cierta y me consta de propio y personal conocimiento o por información y creencia.

En San Juan, Puerto Rico hoy 31 de octubre de 2017.

Tomás Montañez Rosado

AFFIDAVIT NÚM: _____ 088 _____

Jurado y suscrito ante mí por Tomás Montañez Rosado, de las circunstancias arriba expuestas y a quien doy fe de conocer personalmente o he identificado mediante Número de

licencia de conducir # 1709955

En San Juan, Puerto Rico a 31 de octubre de 2017.



NOTARIO PUBLICA

2

**BERKAN/MENDEZ**
**LAW OFFICE**
Calle O'Neill G-11
San Juan, P.R. 00918-2301

Judith Berkan
Mary Jo Mendez Vilella

Tel   (787) 764-0814
Fax  (787) 250-0986

August 23, 2019

To: Hermann Bauer, Esq.
   Hermann.Bauer@oneillborges.com
   Counsel for the Oversight Board
   *By email and by messenger to O'Neill & Borges*

   Ubaldo M. Fernández Barrera
   Ubaldo.fernandez@oneillborges.com
   Counsel for the Oversight Board
   *By email and by messenger to O'Neill & Borges*

   Diana M. Pérez
   dperez@omm.com
   Counsel for AAFAF
   *By email*

   Andrés W. López
   andres@awllaw.com
   Counsel for AAFAF
   *By email*

> RECIBIDO POR:
> Firma: _____
> Nombre: Sonia González
> Fecha: 8/23/19

   Re: *Request to lift Stay for Mandamus action, Ares v. Secretary of Labor, Civ.
   No. SJ2017CV02280 **in consideration of Law 72-2019 providing for
   benefits for the petitioners** and **recent expressions by the newly
   appointed Secretary of the Department of Labor***

Dear colleagues:

   I write this letter in compliance with the *conferral* process mandated by Judge Taylor
Swain in Case No. 17-03283, to request your agreement to lifting the stay in the mandamus
action, *Ares et al v. Secretario del Trabajo*, SJ-2017-02280.

   I represent a group of long-term employees of the Department of Labor and Human
Resources (DTRH), who were arbitrarily denied access to the "Pre-Retirement" Program
approved in law 211-2015, for implementation by no later than December 31, 2016.  In a
previous letter, dated June 11, 2018 (copy enclosed herewith as Exhibit A),  I addressed this
matter with you, but you opposed the lifting of the stay. Since circumstances have now
changed, with the recent approval of Law 72-2019 (copy enclosed herewith as Exhibit B), as
well as the appointment of a new Secretary of DTRH), I respectfully request that you **revisit**
the issue, and that you do so urgently.

**BERKAN/MENDEZ**
**LAW OFFICE**
Calle O'Neill G-11
San Juan, P.R. 00918-2301

Judith Berkan
Mary Jo Mendez Vilella

Tel  (787) 764-0814
Fax  (787) 250-0986

August 23, 2019

To: Hermann Bauer, Esq.
    Hermann.Bauer@oneillborges.com
    Counsel for the Oversight Board
    *By email and by messenger to O'Neill & Borges*

Ubaldo M. Fernández Barrera
Ubaldo.fernandez@oneillborges.com
Counsel for the Oversight Board
*By email and by messenger to O'Neill & Borges*

RECIBIDO POR:
Firma: _____
Nombre: _____
Fecha: _____8/23/19_____

Diana M. Pérez
dperez@omm.com
Counsel for AAFAF
*By email*

Andrés W. López
andres@awllaw.com
Counsel for AAFAF
*By email*

> *Re: Request to lift Stay for Mandamus action, Ares v. Secretary of Labor, Civ.
> No. SJ2017CV02280 **in consideration of Law 72-2019 providing for
> benefits for the petitioners** and **recent expressions by the newly
> appointed Secretary of the Department of Labor***

Dear colleagues:

I write this letter in compliance with the *conferral* process mandated by Judge Taylor
Swain in Case No. 17-03283, to request your agreement to lifting the stay in the mandamus
action, *Ares et al v. Secretario del Trabajo*, SJ-2017-02280.

I represent a group of long-term employees of the Department of Labor and Human
Resources (DTRH), who were arbitrarily denied access to the "Pre-Retirement" Program
approved in law 211-2015, for implementation by no later than December 31, 2016.  In a
previous letter, dated June 11, 2018 (copy enclosed herewith as Exhibit A),  I addressed this
matter with you, but you opposed the lifting of the stay. Since circumstances have now
changed, with the recent approval of Law 72-2019 (copy enclosed herewith as Exhibit B), as
well as the appointment of a new Secretary of DTRH), I respectfully request that you **revisit**
the issue, and that you do so urgently.

**berkanmendez@gmail.com**

| | |
|---|---|
| **From:** | berkanmendez@gmail.com |
| **Sent:** | Friday, August 23, 2019 12:04 PM |
| **To:** | hermann.bauer@oneillborges.com; ubaldo.fernandez@oneillborges.com; dperez@omm.com; andres@awllaw.com |
| **Cc:** | berkanmendez@gmail.com; 'Judith Berkan'; 'Mary Jo Mendez' |
| **Subject:** | Ares v. Secretary of Labor, Civ. No. SJ2017CV02280 - Request to lift for Mandamus action |
| **Attachments:** | 2019-8-23_Carta to Oversight Board and AAFAF.pdf |

Saludos:

As per instructions of Attorney Judith Berkan, enclosed please find a letter in the above mentioned case.

Cordially,

*María Félix*
Berkan/Méndez Law Office
G-11 O'Neill St., San Juan, PR  00918
P: 787-764-0814 / F: 787-250-0986
E: berkanmendez@gmail.com

NOTICE: This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply or by telephone at (787) 764-0814 and immediately delete this message and all its attachments. Please consider the environment and do not print this e-mail unless you really need to.

## berkanmendez@gmail.com

| | |
|---|---|
| **From:** | berkanmendez@gmail.com |
| **Sent:** | Friday, August 23, 2019 12:04 PM |
| **To:** | wburgos@justicia.pr.gov |
| **Cc:** | sublugo@yahoo.com; gjovejusticia@gmail.com; cjuan@justicia.pr.gov; berkanmendez@gmail.com; 'Judith Berkan'; 'Mary Jo Mendez' |
| **Subject:** | Ares v. Secretary of Labor, Civ. No. SJ2017CV02280 - Request to lift for Mandamus action |
| **Attachments:** | 2019-8-23_Carta to Oversight Board and AAFAF.pdf |

Estimada Wanda:

Espero te encuentres bien y hayas sobrevivido los recientes cambios y eventos en Puerto Rico. Adjunto una carta que envié a los abogados de la Junta y de AAFAF en relación con el caso de referencia (conforme al requisito de "conferral" bajo título III). Creo que Claudia Juan ya no está en Justicia, así es que me debes dirigir a la persona encargada de esto en este momento.

De todos modos, me gustaría hablar contigo sobre este caso a la brevedad posible. Me puedes conseguir en el tel. abajo. Si respondes por email favor de enviar su respuesta a los TRES emails incluidos en este envío.

Saludos, Judith

Berkan/Méndez Law Office
G-11 O'Neill St., San Juan, PR  00918
P: 787-764-0814 / F: 787-250-0986
E: berkanmendez@gmail.com

NOTICE: This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply or by telephone at (787) 764-0814 and immediately delete this message and all its attachments. Please consider the environment and do not print this e-mail unless you really need to.