t\ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INTANCIA
SALA SUPERIOR DE SAN JUAN



| | |
|---|---|
| GILBERTO ARES CANDELARIA<br>NILDA P. BARBOSA RODRIGUEZ<br>ANA E. COLLAZO GUZMÁN<br>ARNALDO COLÓN COLÓN<br>MELVIN COLÓN VÉLEZ<br>ANGEL L. DE JESÚS FERNÁNDEZ<br>MARIBEL GARCÍA CRUZ<br>CARLOS GONZÁLEZ JUARBE<br>MARILYN HERNÁNDEZ SANTIAGO<br>CARMEN D. LÓPEZ HERNÁNDEZ<br>TOMÁS MONTAÑEZ ROSADO<br>JULIA T. PENA DE JESÚS<br>EVELYN PRATTS COLLAZO<br>NORMA I. RIVERA NIEVES<br>EDNA SÁEZ SÁNCHEZ<br>MANUEL F. SÁNCHEZ INCLE<br>JUAN D. SIERRA ORTEGA<br><br>Peticionarios<br><br>v.<br><br>HON. CARLOS SAAVEDRA GONZÁLEZ<br>Secretario del Departamento del Trabajo y Recursos Humanos<br><br>Peticionado | CIV. Núm 2017-<br><br>Sobre: *Mandamus,*<br><br>*Derecho de Participar en el programa de pre-retiro al amparo de la Ley 211-2015* |

## PETICIÓN DE MANDAMUS

**AL HONORABLE TRIBUNAL:**

COMPARECE la parte peticionaria, los empleados del Departamento del Trabajo y Recursos Humanos, GILBERTO ARES CANDELARIA, NILDA P. BARBOSA RODRIGUEZ, ANA E. COLLAZO GUZMÁN, ARNALDO COLÓN COLÓN, MELVIN COLÓN VÉLEZ, MARIBEL GARCÍA CRUZ, CARLOS GONZÁLEZ JUARBE, MARILYN HERNÁNDEZ SANTIAGO, CARMEN D. LÓPEZ HERNÁNDEZ, TOMÁS MONTAÑEZ ROSADO, JULIA T. PENA DE JESÚS, EVELYN PRATTS COLLAZO, NORMA I. RIVERA NIEVES, EDNA SÁEZ SÁNCHEZ, MANUEL F. SÁNCHEZ INCLE y JUAN D. SIERRA ORTEGA, por conducto de la representación legal que suscribe y muy respetuosamente Expone, Alega y Solicita:

1

## I. INTRODUCCIÓN

1.1 Se presenta este recurso de *mandamus* para hacer valer los derechos al "pre-retiro" de de diecisiete (17) empleados del Departamento del Trabajo y Recursos Humanos de Puerto Rico, quienes cualifican para los beneficios de la Ley 211-2015 de 8 de diciembre de 2015 (en adelante "Ley 211".)

1.2 La Ley 211 estableció un programa de "Preretiro Voluntario" para que empleados del Gobierno que cualificaban pudieron optar voluntariamente por separarse de su empleo, incentivizado por unos beneficios que le corresponderían hasta que cumplan los requisitos para acogerse al retiro. El referido programa de preretiro aplica únicamente a empleados cobijados por la Ley Núm. 447 de 15 de mayo de 1951, según enmendada.

1.3 Cada uno de los peticionarios cualifican para el programa debido a que empezaron en el servicio antes de 1990.

1.4 La referida Ley contempla un proceso mediante el cual las entidades gubernamentales concernidas sometieran una solicitud ante la Oficina de Gerencia y Presupuesto (OGP) para que esa agenica evaluara la viabilidad de que los empleados del departamento se acojan al programa preretiro y certificara la elegibilidad de los empleados, excluyendo aquellos empleados cuyo preretiro no implicaba ahorros para el sistema, aquellos que son "indispensables" y aquellos que no cumplan con los años de servicio requeridos.

1.5 En cumplimiento de la ley, tanto la OGP como el Sistema de Retiro certificaron a cada uno de los peticionarios como elegible para el pre-retiro y el Departamento de Trabajo y Recursos Humanos ("el Departamento") les informó que cualificaban para el programa. Cada uno se acogió a los beneficios de la Ley 211 y esperaban salir del servicio público en el 2016, como hicieron aproximadamente 121 de sus colegas en el departamento.

1.6 Cada uno firmó una certificación a los efectos de que su selección al programa de pre-retiro era "irrevocable".

1.7 No obstante lo anterior, el Departamento ha rehusado permitirles retirarse al amparo de la Ley 211. El Departamento ha admitido que los peticionarios cualifican por el programa

1.8 Esta decisión es arbitraria y caprichosa. Es contrario al deber ministerial del Departamento y su Secretario de hacer cumplir la ley y de proveerles a los peticionarios todos los beneficios que en derecho les corresponden.

2

## II. JURISDICCION Y COMPETENCIA DEL TRIBUNAL

2.1 La Sala Superior de San Juan del Tribunal de Primera Instancia tiene jurisdicción y competencia para entender en el caso de epígrafe en virtud de los Artículos 5001, 5.003 y 5.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003. *4 LPRA §§25a, 25c, 25e (2015)*, los Artículos 549 a 661 del Código de Enjuiciamiento Civil, *32 LPRA §§ 3421-3433*, y las Reglas 3.1, 3.2, 3.5 y 54 de las de Procedimiento Civil de Puerto Rico, 31 LPRA Ap. V, Reglas 3.1, 3.2, 3.5 y 54.

2.3 El *mandamus* es el remedio apropriado para obligarle a un funcionario del gobierno cumplir con su deber ministerial de hacer cumplir las disposiciones claras de la Ley.

## III. LAS PARTES

3.1 Desde principios del 20176, el peticionado **HON,. CARLOS SAAVEDRA GUTIÉRREZ** es el Secretario del Departamento de Trabajo y Recursos Humanos del Estado Libre Asociado de Puerto Rico ("Secretario de Trabajo") y cumple las funciones correspondientes al referido cargo. Su dirección es Edif. Prudencio Rivera Martínez, Piso 21, Avenida Muñoz Rivera 505, Hato Rey, PR 00918. El Secretario de Trabajo tiene su residencia en Río Piedras, San Juan, Puerto Rico.

3.2 El peticionario **GILBERTO ARES CANDELARIA** tiene 60 años. El Sr. Ares es Auxiliar Administrativo III en el Departamento de Trabajo y Recursos Humanos. Ha estado en el servicio público desde agosto de 1978 y como empleado regular en el 1989. Su diección es Calle 39 M13, Urb. Parque Ecuestre, Carolina, Puerto Rico 00987.

3.3 La peticionaria **NILDA P. BARBOSA RODRIGUEZ** es Técnica Legal en el Departamento de Trabajo y Recursos Humanos. La Sra. Barbosa tiene 60 años y ha estado en el servicio público desde 1986 y como empleada regular en el 1989. Su diección es Cond. Torre de los Frailes, Apt. 9G, Guaynabo, Puerto Rico 00969.

3.4 La peticionaria **ANA E. COLLAZO GUZMÁN** tiene 60 años de edad. La Sra. Collazo actualmente es Funcionaria Administrativa III en el Departamento de Trabajo y Recursos Humanos. La Sra. Collazo empezó en el servicio público en el 1986 y como empleada regular en el 1989. Su dirección es Calle 31 AJ-45, Rexville, Bayamón, Puerto Rico 00956.

3.5 El peticionario **ARNALDO COLÓN COLÓN** tiene 50 años de edad. El Sr. Colón

3

actualmente es AuxiliarAdministrativo, Negociado de Seguridad y Empleo en el Departamento de Trabajo y Recursos Humanos. El Sr. Colón empezó como empleado regular en el servicio público en el 1989. Su dirección es Su dirección es Barrio Garrochales, Carr. 682, Km 7.5, Arecibo, Puerto Rico 00612.

3.6 El peticionario **MELVIN COLÓN VÉLEZ.** El Sr. Colón tiene 60 años de edad. actualmente es Funcionario Administrativo III en el Departamento de Trabajo y Recursos Humanos. El Sr. Colón empezó en el servicio público en el 1986 y como empleado regular en el 1989. Su dirección es Barrio Los Puertos, Calle 17 Núm 362, Dorado, Puerto Rico 00646.

3.7 El peticionario **ANGEL L. DE JESÚS FERNÁNDEZ** actualmente es Funcionaria Administrativa II en el Departamento de Trabajo y Recursos Humanos, Oficina de Servicios Administrativos. Empezó en el servicio público como empleado regular en el 1989. Su dirección es Calle Márquez de Santa Cruz 2J-18, Covandonga, Toa Baja, Puerto Rico 00949.

3.8 La peticionaria **MARIBEL GARCÍA CRUZ** tiene 50 años de edad. La Sra. García ctualmente es Funcionaria Administrativa I en el Departamento de Trabajo y Recursos Huano. La Sra. García empezó como empleada regular en el servicio público en el 1989.Su dirección es Urb. Sunville, Calle 16 R-26, Trujillo Alto, Puerto Rico 00976.

3.9 El peticionario **CARLOS GONZÁLEZ JUARBE** tiene 50 años de edad. El Sr. González actualmente es a Conductor en el Departamento de Trabajo y Recursos Humanos. El Sr. González empezó como empleado regular en el servicio público en el 1989. Su dirección Su dirección es Calle Trinidad T 590, Ext. Forest Hills, Bayamón, Puerto Rico 00959.

3.10 La peticionaria **MARILYN HERNÁNDEZ SANTIAGO** tiene 60 años de edad. Atualmente es Especialista de Seguridad y Salud I, OSHA. La Sra. Hernández empezó como empleada regular en el servicio público en el 1989. Su dirección es Urb. Regional Calle 1, Casa B9, Arecibo, Puerto Rico 00612.

3.11 La peticionaria **CARMEN D. LÓPEZ HERNÁNDEZ** tiene 60 años de edad. La Sra. López actualmente es Investigadora, Ofic. SINOD. La Sra. Hernández empezó como empleada regular en el servicio público en el 1989. Su dirección es Barrio Malpaso, Carr. 417, Km. 2.3, Aguada, Puerto Rico 00602.

3.12 El peticionario **TOMÁS MONTAÑEZ ROSADO** tiene 50 años. El Sr. Monta ñez actualmente es Director Ejecutivo 1 en Nómina del Departamento de Trabajo y Recursos Humanos.

4

Ha estado en el servicio público desde agosto de 1987 y como empleado regular en el 1989. Su dirección es Calle 8 F-11, Colinas de el Yunque, Río Grande, Puerto RICO 00745.

3.13 La peticionaria **JULIA T. PEÑA DE JESÚS** tiene 50 años de edad. La Sra. Peña actualmente es Funcionaria Administrativa II en el Departamento de Trabajo y Recursos Huano. La Sra. Peña empezó como empleada regular en el servicio público en el 1989.Su dirección es San Ciprián I, Apt. 122, 694 Victoria, Carolina, Puerto Rico. 00985.

3.14 La peticionaria **EVELYN PRATTS COLLAZO** tiene 60 años de edad. La Sra. Pratts actualmente es Auxiliar de Sistema de Oficina III en el Departamento de Trabajo y Recursos Humanos. La Sra. Pratts empezó en el servicio público en el 1978 y como empleado regular en el 1980. Su dirección es Urb. Carolina Alta M-5, Calle Víctor Salamán, Carolina, Puerto Rico 00987.

3.15 La peticionaria **NORMA I. RIVERA NIEVES** tiene 50 años de edad. La Sra. Rivera actualmente es Auxiliar Sistema de Oficina II en el Departamento de Trabajo y Recursos Humanos. La Sra. Rivera empezó en el servicio público en el 1986 y como empleada regular en el 1989. Su dirección es Carr 110, Km. 8.2, Inf Barrio Marís, Aguada, Puerto Rico 00602.

3.16 Ls peticionaria **EDNA SÁEZ SÁNCHEZ** tiene 60 años de edad. La Sra. Sáez actualmente es Directora Ejecutiva IV el Departamento de Trabajo y Recursos Humanos de la Oficina de Planificación. La Sra. Sáez empezó en el servicio público como empleada regular en el 1989.Su dirección es Cond. Hato Rey Plaza, Apt. 16J, San Juan, Puerto Rico 00918.

3.17 El peticionario **MANUEL F. SÁNCHEZ INCLE** tiene 60 años de edad. El Sr. Sánchez actualmente es Director de OSHA del Area de Ponce del Departamento de Trabajo y Recursos Humano. El Sr. Sánchez empezó como empleado regular en el servicio público en el 1989.Su dirección es PO Box 2141, Mayaguez, Puerto Rico 00681.

3.18 El peticionario **JUAN D. SIERRA ORTEGA**, tiene 60 años de edad. El Sr. Sierra actualmente es Conductor en el Departamento de Trabajo y Recursos Huano. El Sr. Sierra empezó en el servicio público en el 1981 y como empleado regular en el 1989. Su dirección es Barrio Campanillas 364, Parcelas, Calle Fortaleza, Toa Baja 00949.

5

## IV. LOS HECHOS

### a. El programa de "Preretiro Voluntario"

4.1 En diciembre de 2015, se aprobo la Ley 211, la cual ofrece beneficios de "preretiro" a los empleados cobijados por la Ley 447. *Véase Anejo A, Ley 211.*

4.2 Según expuesto en la Exposición de Motivos de la referida ley, el Programa de Preretiro Voluntario representa un "ahorro ignifictivo" al gobierno, mientras a su vez ofrece "una oportunidad a los servidores públicos que tantos años han brindado a nuetro País, de culminar su carrer en el servicio público de forma digna..." *Id, a la página 2.*

4.3 La Ley 211 establece un programa de pre-retiro que contempla los siguientes pasos:

    a. En un término de sesenta (60) días, cada departamento o agencia realizará una tasación de implementación del Programa de Preretiro Voluntario. *Id, Artículo 4.*

    b. El departamento o agencia tiene la obligación de garantizar que quien solicite acogerse al Programa cumpla con los requisitos del mismo. *Id, Artículo 7 (a).*

    c. El departamento someterá su solicitud de participación a la Oficina de Gerencia y Presupuesto (OGP), incluyendo la tasación de implementación del Plan Patronal de Preretiro. *Id, Artículo 12 (b)(1).*

    d. La OGP y la Administració de los Sistemas de Retiro de los Empleados certificará la eligibilidad de los empleados que soliciten al Programa. *Id, Artículo 12 (b)(2) y (3).*

    e. Se notificará al empleado que es elegible sobre la certificación de su elegibilidad y el empleado tendrá un plazo de treinta (30) días a partir de la notificación para ejercer la opción de participar en el programa. *Id., Artículo 12(b)(4).*

    f. La agencia tiene la obligación de proveer a todos sus empleados que cualifican para el Programa de Preretiro una orientación en torno a los beneficios y criterios del Programa. *Id., Artículo 12( c).*

    g. Una vez que el empleado seleccione participar en el programa, el Departamento tiene la obligación de. pagar a cada pre-retirado el sesenta por ciento (60 %) de su retribución promedio al 31 de diciembre de 2015, hacer las aportaciones patronales e individuales al Sistema de Retiro y mantener a los preretirados en la cubierta del plan médico por el término de dos (2) años. También debe pagar las liquidaciones de vacaciones

6

y enfermedad. *Id.*

4.4 La elección de un empleado de participación en el Programa será "final e irrovacable". *Id, Artículo 9.* La elección del emmpleado también constituye "un relevo total y absoluto y una renuncia de derechos de toda reclamación relacionada con su trabajo, constituyendo el referido relevo y renuncia de derechos "cosa juzgada" en cualquier relcamación posterior. *Id.*

4.5 Una vez que el empleado se acoja al programa, su efecto será inmediato, a menos que el Departamento decida "retener[lo] en su puesto durante un término no mayor de seis (6) meses, sujeto a prórroga por seis (6) meses adicionales con aprobación de OGP, a los únicos fines de culminar alguna labor, encomienda, función u ofrecer adiestramiento". *Id, Artículo 10.*

4.6 Salvo en esas circunstancias, "el resto de los empleados que se acojan el Programa de Preretiro Voluntario lo harán de forma inmediata ...." *Id.* En otras palabras, el Departamento no tiene discreción de dejar a los empleados que cumplen con los requisito fuera de los beneficios otorgados en la referida Ley 211.

4.7 De acuerdo al Programa establecido por la Ley 211, los empleados cualificados tienen derecho a los siguientes beneficios:

    a. Sesenta por ciento (60%) de su retribución promedio al 31 de diciembre de 2015, hasta que cumpla los sesenta y un (61) años de edad;

    b. Liquidación del pago de licencias por vacaciones y enfermedad acumuladas;

    c. Participación en la cubierta del plan médico de conformidad con las aportaciones anteriores, por espacio de dos años;

    d. Garantía del cincuenta por ciento (50%) de su retribución promedio al 30 de junio de 2013 (fecha en que se aprobó la Ley 3-2013, la cual enmendó significativamente los derechos de los empleados públicos de Puerto Rico en cuanto al retiro garantizado por la Ley 447).

4.8 El 23 de agosto de 2017, se derogó la Ley 211, mediante la aprobación de la Ley 106-2017. *Véase Anejo B, Ley 106-2017, Artículo 7 (a).*

4.9 Sin embargo, mediante la referida Ley 106, se garantizó "todos los derechos y obligaciones creados a amparo de dicho estatuto. *Id.* Los empleados que se econtroaban participando en el Programa de Preretiro Voluntario al momento de aprobarse la presente Ley, coninituaría disfrutando sus beneficios, *Id, Artículo 7(b),* y cualquier solicitud de Preretiro "que hayan presentado debidamente

7

lo participantes a la fecha de aprobación [de la Ley 106], continuarán el trámite ordinario", *Id, Artículo 7 ( c)*.

4.10 La nueva legislación, en su Artículo 7, establece sin duda alguna el derecho de los empleados "cuyos beneficios de Pre-retiro ya han sido aprobados por la Oficina de Gerencia y Presupuesto ..." *Véase Anejo C, Informe Positivo del Senado de Puerto Rico (sobre P. Del S. 603, 3 de agosto de 2017, a la página 2 (énfasis suplido).*

4.11 Según expresado en la Exposición de Motivos de la Ley 106, "mediante esta Ley se salvaguarda que los pensionados de Puerto Rico reciban las pensiones que con tanto sacrificio y esfuerzo lograron obtener al entregar sus mejores años al servicio del Pueblo de Puerto Rico...."

### b. La negativa del Departamento de hacer cumplir la ley

5.1 De conformidad a la referida Ley 211, el OGP certificó la eligibilidad para el programa de 138 empleados del Departamento de Trabajo, incluyendo todos los peticionarios. *Véase, por ejemplo, Anejo D "Notificación de Elegibilidad" entregado al peticionario Melvin Colón Vélez el 26 de enero de 2016.*

5.2 Cada uno de los peticionarios entraron en el servicio público antes del 1 de abril de 1990 y están cobijados por el sistema de retiro al amparo por la referida Ley 447, según enmendada.

5.3 A cada uno, la OGP y el Sistema de Retiro certificaron su elibilidad para el programa de pre-retiro al amparo de la referida Ley 211.

5.4 Cada uno de los peticionarios fue informado por el Departamento de Trabajo que cualificaban para el programa de preretiro ya que la OGP certificó su eligibilidad.

5.5 Cada uno de los peticionarios optaron por participar en el programa.

5.6 Cada uno de los peticionarios siguió las instrucciones impartidas por el Departamento y entregaron el Formulario de Elección para la Participación en el Programa de Preretiro Voluntario en o de la fecha límite del 22 de febrero de 2016.

5.7 Cada uno de los referidos empleados tomó la decisión de optar por los referidos beneficios a base de la orientación recibida por parte de su Departamento y ante la representación de que OGP había certificado su elegibilidad.

5.8 Una vez cada uno eligió la opción ofrecida, su decisión fue "final e irrevocable". *Artículo 9 de a Ley 211.*

8

5.9 A cada uno de los peticionarios, el Departamento del Trabajo le citó a una reunión a celebrarse el 22 de enero de 2016 en el Departamento para orientar al personal sobre sus derechos a participar en el programa de pre-retiro. Cada uno de los peticionarios fue a la referida reunión. Su asistencia a la reunión fue "compulsoria e indelegable. *Véase, por ejemplo, Anejo E, Carta dela Secretaria Auxiliar de Recursos Humanos a la peticionaria Evelyn Pratts, fechada el 15 de enero de 2016.*

5.10 El 27 de diciembre de 2016, 121 empleados del Departamento se acogieron al programa de pre-retiro, autorizados por el Departamento de Trabajo.

5.11 Aunque cada uno de los peticionarios cumple a cabalidad con las disposiciones de la Ley 211 y llenaron todos los formularios pertinentes, ese mismo 27 de diciembre de 2016, el Departamento del Trabajo les informó a estos diecisiete (17) empleados que éstos no iban a poder disfrutar de los beneficios de la ley de inmediato, sino que tendrían que esperar a "una segunda fase según provista y facultada en la legislación aplicable." *Véase, Anejo F, Carta del 27 de de diciembre de 2016, suscrita por la Sra. Nilma Maldonado Colón, Secretaria Auxiliar de Recursos Humanos.*

5.12 La Ley 211 no hace referencia alguna a una "segunda fase" de implantación del programa de preretiro, La referida ley sí contempla la posibilidad de que una agencia retenga un empleado cualificado por un término máximo de seis (6) meses, lo cual puede extenderse por seis (6) meses adicionales con la aprobación de OGP.

5.13 No obstante, según el Artículo 10 de la referida Ley 211, la única razón para hacerlo sería la necesidad "de culminar alguna labor, encomienda, función u ofrecer adiestramiento".

5.14 Esta disposición no aplica a los peticionarios, a quienes el Secretario rehusó incluir en el programa de pre-retiro de forma totalmente arbitraria.

5.15 El Secretario de Trabajo no tiene discreción alguna para tomar esa decisión.

5.16 Hasta la fecha, ningún funcionario del gobierno de Puerto Rico ha ofrecido razón o explicación alguna para negarles a estos empleados en particular el derecho de participar en el programa de pre-retiro y recibir los beneficios que en derecho le corresponden.

5.17 En ningún momento el Departamento ha hecho una determinación de "retener [a uno o más de los peticionarios] en su puesto durante un término no mayor de seis (6) meses, sujeto a prórroga por seis (6) meses adicionales con aprobación de OGP, a los únicos fines de culminar alguna labor, encomienda, función u ofrecer adiestramiento". *Id, Artículo 10.*

9

5.18 Para justificar sus negativa a permitir el pre-retiro de los peticionarios, el Asesor Legal del Departamento y la encargada de Recursos Humanos del Departamento meramente han expresado su opinión de que varios de los pre-retirados que sí se fueron del Departamento al amparo de la Ley 211, en el pasado cuatrienio, como cuestión de hecho no cualificaban por los referidos beneficios.

5.19 Esta no constituye una "explicación". Si otros empleados que no tenían derecho a acogerse al prorgrama de pre-retiro están disfrutando de esos beneficios, ese hecho no tiene nada que ver con el derecho de los peticionarios de acogerse a programa.

5.20 El Departamento de Trabajo no tiene discreción alguna de privarle a los peticionarios sus derechos al amparo de la referida Ley 211.

5.21 Los peticionarios han demostrado al Departamento no sólo que su pre-retiro es garantizado por la Ley 211, sino también que su salida de la agencia al amparo de la disposiciones de la Ley 211 representaría un ahorro para el Departamento.

5.22 El Departamento de Trabajo y su Secretario, Carlos Saavedra Gutiérrez, tiene la obligación y el deber ministerial de hacer valer los derechos que les asiste a lo peticionarios de participar en el programa por lo cual su elibilidad fue certificada hace casi dos años.

### c. El requerimiento al Secretario del Trabaj y la negativa de hacer cumplir la ley - los intentos de resolver esta controversia sin acudir al foro judicial

6.1 Desde el 27 de diciembre de 2016, cuando el Departamento le informó a los peticionarios sobre su negativa de implantar la Ley 211 respecto a ellos, los peticionarios trataron de resolver esta situación mediante mecanismos informales de diálogo, sin efecto alguno.

6.2 El 31 de mayo de 2017, en representación de un grupo de los peticionarios, las abogadas que sucriben solicitaron formalmente al peticionario Hon. Carlos Saavedra Gutiérrez una reunión para discutir este asunto y para asegurar que los derechos de los peticionarios fueran respetados. *Véase Anejo G, carta de Berkan al Secretario de Trabajo, 31 de mayo de 2017*

6.3 La solicitud a nombre de los peticionarios fue copiado al Lcdo. Domingo Chicón, Asesor Legal del Secretario y a Nilda Maldonado Colón, en ese momento Secretaria Auxiliar de Recursos Humanos del Departamento.

6.4 Los funcionarios antes mencionados no respondieron a la carta del 31 de mayo de 2017.

6.5 Entre mediados y finales del mes de junio de 2017, la representación legal de los

10

peticionarios intentó comunicarse con el Lcdo. Chicón, asesor legal del Secretario del Trabajo, pero el Lcdo. Chicón no respondió a sus llamadas.

6.6 El 27 de junio de 2017, la suscribiente Judith Berkan le escribió nuevamente al Secretario del Trabajo, con copia al Lcdo Chicón y a Recursos Humanos del Departamento, expresando su interés en concertar una reunión para discutir este asunto y para hacer valer los derechos de los peticionarios. *Véase Anejo H.*

6.7 En su carta del 27 de junio, la suscribiente recalcó que sus representados cumplieron a cabalidad todos los requisitos para el programa de pre-retiro y que su salida de la agencia representaría un ahorro significativo. *Id*

6.8 La suscribiente expresó además que se había intentado comunicarse con el Lcdo. Chicón, pero que éste estaba alegando que no había recibido sus mensajes, lo cual no es cierto. *Id.*

6.9 Como resultado de esta segunda carta, el 10 de julio de 2017 se celebró una reunión en la sede del Departamento de Trabajo en Hato Rey. El Departamento fue representado por el Lcdo. Chicón y la Sra. Wanda Fontánez, Secretaria Auxiliar de Recursos Humanos. El grupo de empleados fue representada por la suscribiente Lcda. Berkan y los peticionarios Nilda P. Barbosa y Melvin Colón.

6.10 Durante la referida reunión, los representantes del Departamento del Trabajo no ofrecieron explicación que justificara su decisión de no hacer valer la ley. Por el contrario, se concentraron en la alegación de que ciertos *otros* empleados no cualificaron para los beneficios de pre-retiro, a pesar de que éstos se habían ido del Departamento en el 2016, antes del cambio de administración.

6.11 Los funcionarios del Departamento de Trabajo también recalcaron que iban a referir el a la Oficina de la Contralora. Éstos no ofrecieron remedio alguno a los peticionarios, quienes sí cualifican para el pre-retiro.

6.12 El 28 de julio de 2017, la suscribiente solicitó nuevamente una reunión con el Secretario. *Véase Anejo I, carta de Berkan a Saavedra, 28 de julio de 2017.*

6.13 El miércoles, 31 de agosto de 2017, la suscribiente escribió otra comunicación al Secretario del Trabajo. *Véase Anejo J, carta de Berkan a Saavedra, 30 de agosto de 2017.*

6.14 En la referida carta, la suscribiente mencionó la recien aprobada Ley 2017-106, la cual garantizaba la continuidad de los derechos de los empleados que habían sido cualificados por la OGP

11

al amparo de la Ley 211. *Id.*

    6.15 La suscribiente también indicó lo siguiente:

> Aunque mi preferencia hubiese sido reunirme con usted, me dirijo a usted en este momento con un sólo propósito de saber de una vez y por todas si usted tiene la intención de cumplir la ley. Antes de acudir a los tribunales, quisiera saber si el Departamento va a honrar los derechos establecidos en la Ley 211 y la Ley 106 en relación con los servidores públicos cuyos intereses representamos.
>
> <u>Espero su contestación dentro de los próximos cinco (5) días laborales.</u>

*Id (énfasis en el original)*

    6.16 Los cinco días laborales mencionados en la referida carta se expiraron el jueves 5 de septiembre de 2017.

### d. Los huracanes asotan a Puerto Rico, atrasando la presentación de esta Petición

    7.1 El 5 de septiembre de 2017, fecha en que se supone que el Secretario del Departamento de Trabajo respondiera a la última carta que recibió sobre este asunto, el Huracán Irma llegó a Puerto Rico.

    7.2 Posterior a esa fecha, Puerto Rico estaba sufriendo los efectos del paso del huracán.

    7.3 Después del paso del Huracán Irma, no hubo teléfono, internet o electricidad en la oficina de la suscribiente, imposibilitando la comunicación con sus clientes.

    7.4 Dos semanas después de Irma, pasó el Huracán María. En el periodo entre el paso del Huracán Irma y el paso del Huracán María el 20 de septiembre de 2017, la oficina de Berkan/Méndez tuvo servicio eléctrico por espacio de sólo tres (3) días.

    7.5 Despues del paso del Huracán María, la oficina de las suscribientes se ha quedado sin servicio de luz, internet y comunicaciones.

    7.6 Debido a esta situación y otras similares que está atravesando Puerto Rico en general, ha sido sumamente difícil para las suscribientes comunicarse con sus clientes, logrando la comunicación esta misma semana.

    7.7 Hasta el día de hoy, el Secretario de Trabajo no ha respondido a la carta del 30 de agosto. De igual manera, el peticionado no ha respondido a las cartas entregadas al funcionario y su directores de asuntos legales y de recursos humanos. El Secretario no respondió a la carta del 30 de mayo de 2017, ni a la carta del 27 de junio, ni a la carta del 28 de julio, ni a la carta del 30 de agosto de 2017.

    7.8 De acuerdo a la Ley 106, el programa de pre-retiro expira <u>a finales de diciembre de 2017</u>.

12

7.9 Los peticionarios han tratado de resolver este asunto mediante el diálogo, exigiéndole al Secretario el cumplimiento de la Ley 211, pero el Departamento de Trabajo sigue rehusando cumplir la ley, sin ofrecer ninguna explicación sobre por qué estos servidores públicos, quienes promedian 30 años de servicio, y quienes claramente cualifican para los beneficios de la Ley 211, tienen que quedarse en sus funciones, perdiendo los beneficios sustanciales que la ley le garantiza.

## V. CAUSAS DE ACCIÓN

### a. Mandamus

8.1 La parte peticionaria adopta por referencia y hace formar parte de la presente causa de acción todos los hechos alegadas anteriormente.

8.2 El Artículo 649 del Codigo de Enjuiciamiento Civil define el auto de *mandamus* en parte pertinente como sigue:

> [U]n auto altamente privilegiado dictado por ... el Tribunal de Primera Instancia de Puerto Rico, a nombre del Estado Libre Asociado de Puerto Rico, y dirigido a alguna persoa o personas naturales .... requiriéndoles para el cumplimiento de algún acto que en dicho auto se epresa y está dentro de sus atribuciones o deberes. Dicho auto no confiere nueva autoridad y la oarte a quien obliga deberá tener la facultad de poder cumplirlo.

8.3 Una petición de *mandamus* debe cumplir con el requerimiento previo por parte del peticionario hacia el peticionado para que éste cumpla con el deber exigido, salvo algunas excepciones que no son pertinentes al caso de marras. La petición debe incluir ademá una exposición de los hechos que demuestra la negativa del funcionario de cumplir con la ley. *David Rivé Rivera, Recursos Etraordinarios,* citado en *Asociación de Maestros de Puerto Rico v. Hon. Cesar Rey Hernández, 178 DPR 253 (2010)..*

8.4 El recurso solamente procede cuando el peticionario logra demstrar el incumpimiento de un deber ministerial de determinado funcionario público. *Id.* Según la jurisprudencia del Tribunal Supremo de Puerto Rico, un deber ministerial es "un deber impuesto por la ley que no permite discreción en su ejercicio, sino que es mandatorio o imperativo". *Pagán v. Tower, 35 DPR 1, 3 (1926); Véase además Asociacion de Maestros de Puerto Rico, 178 DPR a las páginas 263-64.* Sin embargo, el "deber ministerial no tiene que ser necesariamente epreso ..." *Id, a la página 264.* El peticionario también debe demostrar que no existe un remedio adecuado y eficaz en el curso ordinario de la ley. *Atrículo 651 del Código de Enjuriciamiento Civil, 32 LPRA §3423.*

8.5 La petición en el caso de autos cumple con todos estos requisitos. El Secretario del Departamento de Trabajo y Recursos Humanos ha incumplido su deber ministerial de procesar las solicitudes de pre-retiro de los peticionarios. Todos los pasos necesarios para que los peticionarios se acogieran al programo fueron cumplidos. El Departamento de Trabajo sometió su petición de participar en el programa a principios de 2016. El OGP certificó la elegibilidad de los peticionarios para acogerse al pre-retiro. El Departamento celebró una reunión con los peticionarios para orientarlos en cuanto a sus derechos al amparo de la Ley 211. Cada uno de los peticionarios solicitó participación en el programa, siendo su eleccion final e irrevocable. Más de cien de sus compañeros se han ido del Departamento y actulmente están recibiendo su 60% de su remuneración, y los beneficios del plan médico, sin tener que reportarse a trabajar. Estos empleados también tendrán el derecho de recibir no menos del 50% de los beneficios que se iban a recibir en su retiro al amparo de la Ley 447, antes de las enmiendas a la referida ley.

8.6 No hay duda alguna de que los peticionarios cualifican para participar en el Programa de Preretiro. Lo único que falta es que el Secretario del Trabajo cumpla con su deber ministerial.

8.7 El Secretario del Trabajo no tiene discreción de denegarles a los peticionarios de los derechos que tienen al amparo de la Ley 211 y la Ley 106 basado en la noción de que *otros* empleados alegadamente se acogieron a los beneficios durante la pasada administración sin haberse cualificado por los mismos.

8.9 El interés público favorece la concesión del remedio solicitado en el caso de autos, ya que es la política pública de Puerto Rico "salvaguarda[r[ que los pensonados de Puerto Rico reciban las pensiones que con tanto sacrificio y esfuerzo lograran" y "no permit[ir] que nuetros retirados queden desporovistos de sus necesidades básicas y no puedan tener una mejor calidad de vida". *Véase, anejo C, Informe Positivo del Senado de Puerto Rico (sobre P. Del S. 603, 3 de agosto de 2017, a la página 11*.

8.10 No hay remedio adecuado en ley para atender esta situación, ya que el Programa de Preretiro está próximo a terminar y los peticionarios no tendrán oportunidad de participar en el Programa una vez se acabe a <u>finales de diciembre de 2017.</u>

### B. Segunda causa de acción - honorarios de abogado

9.1 Los peticionarios acogen, adoptan por referencia y hace formar parte de la presente causa

14

de acción todos los hechos alegados en los párrafos anteriores de esta petición,

9..2 Este caso se trata de una reclamación hecha por 17 empleados del Departamento de Trabajo al funcionario más alto del Departamento del Trabajo y Recursos Humanos del Estado Libre Asociado, el peticionado Secretario del Trabajo.

9.3 La política pública de Puerto Rico reconoce la importancia de garantizarle al empleado una representación legal adecuada en relación con sus reclamaciones judiciales y extrajudiciales contra su patrono.

9.4 Según dispone la Ley 402 de 12 de mayo de 1950, 32 LPRA §3114 et seq, en casos de reclamaciones laborales, le corresponde al patrono pagar los honorarios de los/las abogados o abogadas que representan a los empleados. Mediante disposición explícita de la Ley 402, está estríctamente prohibido obligar a los empleados "directa o indirectamente a pagar honorarios a sus abogados en casos de reclamaciones judiciales o extrajudiciales contra sus patronos...." *32 LPRA §3116.*

9.5 La política pública de Puerto Rico es clara: "Permitir el cobro de honorarios de abogado a los trabajadores o empleados que se ven en la necesidad de reclamar contra sus patronos, al amparo de la legislación laboral federal o local o convenio de trabajo de naturaleza individual o colectivo, equivale a permitir que se reduzca el valor de su trabajo en la cantidad que paguen a sus abogados."*32 LPRA §3115.*

9.6 Son "nulos y contrarios al orden público todos los contratos, convenios o acuerdos en que trabajadores o empleados se obliguen directa o indirectamente a pagar honorarios a sus abogados en casos de reclamaciones judiciales o extrajudiciales" en casos de esta índole. *32 LPRA §3116. In re Rivera, 169 DPR 237, 268 (2006).* Tan reciente como enero del año en curso, el Tribunal Supremo reiteró en *In re Martí Rodríguez,* 2016 TSPR 1, 195 DPR ____ que la Ley Núm. 402, *supra,* prohibe a los abogados contratar honorarios profesionales con los trabajadores o empleados para representarlos en sus reclamaciones laborales, ya sean en el contexto de reclamaciones judiciales o de reclamaciones extrajudiciales. Le corresponde al patrono y no al obrero pagar estos servicios.

9.7 Si este Tribunal entiende que la reclamación en este caso constituye una reclamación de índole laboral de unos empleados contra su patrono, la única forma que las suscribientes pueden recibir compensación alguna por su trabajo en relación con el trámite de este caso ante el Tribunal sería con una imposición de honorarios de abogado.

9.8 Más allá de las disposiciones específicas de la referida Ley 402, surge otra base para la

15

imposición de honorarios en este caso, la Regla 44.1 (d) de las de Procedimiento Civil sobre temeridad. La Regla 44.1 establece lo siguiente:

> En caso que cualquier parte .... haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. En caso que el Estado Libre Asociado de Puerto Rico [o] ... sus agencias o instrumentalidades haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exteno por ley del pago de honorarios de abogado. *32 LPRA Ap. V, R. 44.1.*

9.9 Sabido e que " el concepto de temeridad se refiere a las actuaciones de una parte que <u>hacen necesario un pleito que se pudo evitar</u> o que provocan la indebida prolongación del mismo". *Colón Santos v. Cooperativa de Seguros Múltiples de Puerto Rico, 173 DPR 170, 188 (2008), citando a Blas Toledo v. Hospital La Guadalupe, 146 DPR 267, 335 (1998) (énfasis suplido.)*

9.10 El propósito de la regla sobre temeridad es "establecer una penalidad a um litigante perdidoso que por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obligan a la otra parte innecesariament a asumir las molestias, gastos, trabajo e inconvenientes de un pleito. *Domínguez Vargas v. Great American Life Assurance, 157 DPR 690, 706 (2002), citando a Rivera v. Tiendas Pitusa, 148 DPR 695, 702(1999)*

9.11 La parte peticionado en este caso ha sido temerario en e manejo de esta controversia dado que el Secretario del Trabajo ha ignorado y desatendido los reclamos de los peticionarios, sin razón legítima.

9.12 Como resultado del proceder termerario de la parte peticionado, los empleados peticionarios se han visto obligados a recurrir ante este foro judicial para solicitar el auto de *mandamu,* para asegurar el cumplimiento de un deber ministerial de parte del Secretario de Trabajo.

9.13 Ante el trasfondo fáctico expuesto en esta petición, y a tenor con la normativa en nuestra jurisdicción, procede la imposición de honorarios de abogado por temeridad.

## VI. SÚPLICA

**EN MÉRITO DE LO ANTERIOR,** se solicita muy respetuosamente a este Honorable Tribunal, que tome conocimiento de lo antes expuesto, declare HA LUGAR la presente petición y, en consecuencia, al amparo de la Regla 54 de las de Procedimiento Civil:

1. Ordene <u>perentoriamente</u> al Hon, Secretario de Trabajo Carlos Saavedra Gutiérrez de inmediato cumpllir con la Ley 211, según enmendado por la Ley 106, otorgándoles a los peticionarios todos los beneficios de pre-retiro garantizados por la Ley 211-2015 y la Ley 106-2017, *o en la alternativa*,

2. Emita una Orden de Mostrar Causa al Hon. Secretario de Trabajo requiriéndole demostrar por qué el Tribunal no deba declarar CON LUGAR la Petición, *o en la alternativa*,

3. Ordene al Hon. Secretario de Trabajo contestar la Petición dentro de un término corto de no más de cinco (5) días laborales,

Se solicita además la imposición de hoorarios de abogado a favor de las abogadas de la parte peticionaria, además del pago de las costas y los gastos de litigio, así como cualquier otro remedio que prooeda en derecho.

**RESPETUOSAMENTE SOMETIDO,**

En San Juan, Puerto Rico a 31 de octubre de 2017.

Berkan/Méndez
Calle O'Neill G-11,
San Juan, Puerto Rico 00918-2301
Tel.: (787) 764-0814;
Fax.: (787)250-0986
bermen@prtc.net

Judith Berkan
Col Núm. 8059; RUA 6723
berkanj@microjuris.com

Mary Jo Méndez
RUA 10738
mendezmaryjo@microjuris.com



17-B1867071

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| GILBERTO ARES CANDELARIA<br>NILDA P. BARBOSA RODRIGUEZ<br>ANA E. COLLAZO GUZMÁN<br>ARNALDO COLÓN COLÓN<br>MELVIN COLÓN VÉLEZ<br>ANGEL L. DE JESÚS FERNÁNDEZ<br>MARIBEL GARCÍA CRUZ<br>CARLOS GONZÁLEZ JUARBE<br>MARILYN HERNÁNDEZ SANTIAGO<br>CARMEN D. LÓPEZ HERNÁNDEZ<br>TOMÁS MONTAÑEZ HERNÁNDEZ<br>JULIA T. PENA DE JESÚS<br>EVELYN PRATTS COLLAZO<br>NORMA I. RIVERA NIEVES<br>EDNA SÁEZ SÁNCHEZ<br>MANUEL F. SÁNCHEZ INCLE<br>JUAN D. SIERRA ORTEGA<br><br>    Peticionarios<br><br>v.<br><br>HON. CARLOS SAAVEDRA GONZÁLEZ<br>Secretario del Departamento del Trabajo y Recursos Humanos<br><br>    Peticionado | CIV. Núm 2017-90<br>*Recursos Extraordinarios*<br><br>Sobre: *Mandamus,*<br><br>*Derecho de Participar en el programa de pre-retiro al amparo de la Ley 211-2015* |

## JURAMENTO

\Yo, Tomás Montañez Rosado, mayor de edad, casado, Director Ejecutivo I en el Departamento del Trabajo y Recursos Humanos del Estado Libre Asociado de Puerto Rico, y vecino de Río Grande, Puerto Rico, bajo el más solemne juramento declaro:

1. Que mi nombre y dcemás circunstancias personales son las arriba indicadas;

2. Que el grupo de los 17 empleados que son peticionarios en este caso me autorizaron para contratar servicios legales en relación con el asunto tratado en el Mandamus que se está presentando en este caso.

3. Que cada uno de los mencionados empleados está de acuerdo con la presentación de la petición en el caso de epígrafe.

1

4. Que la referida petición de *mandamus* ha sido redactada según mi solicitud expresa basada en las autorizaciones del referido grupo de empleados.

5. Que he leído la petición de *mandamus* en el caso de marras.

6 Que la información contenida en la sección 3 y las secciones 5.2-5.8 y 5.11 relacionada con cada peticionariio fue suplida a mí por cada uno, según requerida, para el propósito explícito de incluirla en la presentación de la referida petición de *mandamus*.

7. Que la demás información contenida en la petición de *mandamus* y todo lo allí expuesto es cierta y me consta de propio y personal conocimiento o por información y creencia.

En San Juan, Puerto Rico hoy 31 de octubre de 2017.

Tomás Montañez Rosado

AFFIDAVIT NÚM: 088

Jurado y suscrito ante mí por Tomás Montañez Rosado, de las circunstancias arriba expuestas y a quien doy fe de conocer personalmente o he identificado mediante Número de

licencia de conducir #1789955

En San Juan, Puerto Rico a 31 de octubre de 2017.




Sello

NOTARIO PUBLICA

2