UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING SIXTIETH OMNIBUS OBJECTION
(NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS

Upon the *Sixtieth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Deficient Claims* ("Sixtieth Omnibus Objection"),[2] dated July 26, 2019, of the Commonwealth of Puerto Rico (the "Commonwealth"), for entry of an order disallowing in their entirety certain claims filed against Commonwealth, as more fully set forth in the Sixtieth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Sixtieth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Sixtieth Omnibus Objection.

section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Sixtieth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and each of the claims identified in <u>Exhibit A</u> to the Sixtieth Omnibus Objection (collectively, the "Deficient Claims") having failed to comply with the applicable rules and the Bar Date Orders by not providing a basis for the claim, such that the Commonwealth cannot determine the validity of the claim; and the Court having determined that the relief sought in the Sixtieth Omnibus Objection is in the best interest of the Commonwealth, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Sixtieth Omnibus Objection establish just cause for the relief granted herein; and the Court having overruled any objections to the relief sought in the Sixtieth Omnibus Objection; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Sixtieth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Deficient Claims are hereby disallowed in their entirety; and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed to delete the Deficient Claims from the official claims register in the Commonwealth Title III Case; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: September 18, 2019

      /s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN  
United States District Judge