UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---

In re

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al,*

Debtors.[1]

PROMESA
TITLE III

No. 17-BK-03283 (LTS)

(Jointly Administered)

---

**MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, FOR ENTRY OF AN ORDER CLARIFYING EFFECT OF PRIOR ORDERS AND ESTABLISHING NOTICE AND OBJECTION PROCESS REGARDING <u>DISCLOSURE OF CONFIDENTIAL INFORMATION</u>**

**To the Honorable United States District Court Judge Laura Taylor Swain and the Honorable United States Magistrate Judge Judith G. Dein:**

The Financial Oversight and Management Board for Puerto Rico, acting through its Special Claims Committee (the "SCC"), respectfully submits this motion (the "Motion")[2] seeking the entry of an order (i) clarifying the scope and effects of the *Order Regarding Stay Period and Mandatory Mediation* [ECF No. 8244] (the "Stay Order") and *Order Authorizing the*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] A copy of the Motion has been filed on the docket in each of the Challenged Bonds Avoidance Actions (defined below) and served on all defendants to such actions.

*Filing of Documents Under Seal and Granting Limited Relief from Supplemental Case Management Order* [ECF No. 8035] (the "Disclosure Order"), and (ii) establishing a procedure to ensure appropriate notice and opportunity for affected parties to object prior to the disclosure of information reasonably believed confidential. In support of the Motion, the SCC respectfully states as follows:

## PRELIMINARY STATEMENT

1. As the Court is aware, the SCC has filed the Challenged Bonds Avoidance Actions (defined below, sometimes called the "clawback actions") against hundreds of current and former holders of the "Challenged Bonds," on the basis that such bonds are invalid and payments of purported principal and interest obligations thereon must be recovered for the benefit of Puerto Rico's taxpayers and legitimate creditors.

2. In accordance with the Confidentiality Order (defined below), the identities of many of the defendants to the Challenged Bonds Avoidance Actions remain under seal. The Court has entered its Disclosure Order, which requires the SCC to file a motion to unseal, or other related briefing, by a date calculated to provide all defendants with adequate notice and an opportunity to protect confidential information.

3. Subsequent to the Disclosure Order, the Court entered the Stay Order, which stayed the Challenged Bonds Avoidance Actions, but did not stay the Confidentiality Order or the Disclosure Order. Accordingly, by the terms of the outstanding orders of the Court, the SCC is required to file a briefing regarding its disclosure obligations, and does so by this Motion.

4. Notwithstanding the Stay Order in effect, the SCC has now spoken with many of the defendants to the Challenged Bonds Avoidance Actions. At least some of these defendants appear to be under the impression that the Stay Order applies to the SCC's obligations in relation

2

to disclosure of defendant identities per the Confidentiality Order and Disclosure Order. The SCC suspects that many other defendants have assumed as much, and as such would be surprised and/or chagrined, were the SCC to cause their identities to be disclosed at this time.

5. Given these complications of interpretation and the Stay Order in effect as to the underlying litigation, the SCC posits that it is not necessary or advantageous to any party or to the public to disclose defendant identities at this time. Rather, the Stay Order presents an opportunity to establish a procedure to provide adequate notice and objection rights to all concerned parties and thus minimize confusion once the stay expires. By this Motion, the SCC proposes such a procedure and additionally requests that the Court clarify the interlocking effects of its prior orders.

## JURISDICTION

6. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").[3]

7. Venue is proper pursuant to PROMESA § 307(a).

## BACKGROUND

**A. Challenged Bonds Avoidance Actions and Related Discovery**

8. The SCC, together with the Official Committee of Unsecured Creditors of All Title III Debtors (Other than COFINA) (the "UCC"), has commenced a number of adversary proceedings seeking to avoid and recover principal and interest payments made on account of certain bonds subject to objection—i.e., the so-called Challenged Bonds Avoidance Actions as defined in previous pleadings and orders of the court. *See, e.g.*, ECF No. 6143, para. 16 (SCC

---

[3] PROMESA has been codified at 48 U.S.C. §§ 2101-2241.

3

urgent motion defining Challenged Bonds Avoidance Actions and seeking discovery in furtherance thereof); ECF No. 7926 (motion for entry of order regarding documents filed under seal).

9. In order to identify appropriate defendants for these actions, the SCC requested, and ultimately obtained orders from this Court requiring financial institutions to produce information identifying the holders of the "Challenged Bonds" at relevant times, on the condition that such information (*i.e.*, institutions' clients and their financial holdings and transactions) remains confidential pending service of the summons and complaint and an opportunity for parties to object to disclosure. *See* ECF Nos. 6493, 6967.

10. In its *Order Allowing Motions to Enforce* [ECF No. 6967] (the "Confidentiality Order"), the Court ordered production of the requested information, further requiring as follows:

> "[The Plaintiff in any Challenged Bonds Avoidance Action] shall file any initial pleading and case commencements materials using a pseudonym name for the defendant, and file with the Court a "key" list matching pseudonyms to actual names, and provided further that the obligation to utilize a pseudonym as provided herein extends only to the initial pleading and case commencement materials and shall terminate twenty-one (21) days after the Receiving Party provides such defendant, at the time of service, with reasonable notice and an opportunity to object to the use of its Confidential Information. For the avoidance of doubt…notice and opportunity for such defendants to object to use of Confidential Information may be provided by the Receiving Party in the body of any initial pleading and no further notice shall be required."

Para. 10(b) (footnotes omitted).

11. Having received voluminous documentation in discovery identifying beneficial holders of Challenged Bonds that received principal and interest payments during the relevant period, the SCC filed the Challenged Bonds Avoidance Actions against defendants identified by pseudonym.

4

12. Subsequent to entry of the Confidentiality Order, the SCC filed the *Urgent Motion of the Financial Oversight and Management Board for Puerto Rico, Acting Through its Special Claims Committee, for Entry of an Order Authorizing the Filing of Documents Under Seal and for Related Relief* [ECF No. 7926] (the "Seal Motion").

13. With the Seal Motion, the SCC requested permission to file a key under seal (which motion was required by the Court as to all documents to be filed under seal, notwithstanding the indication in the Confidentiality Order that such filing would be required). Additionally, the SCC sought to clarify the date and mechanism by which documents might be unsealed and the identities of pseudonym defendants might be disclosed.

14. The Court entered its *Order Authorizing the Filing of Documents Under Seal and Granting Limited Relief from Supplemental Case Management Order* [ECF No. 8035] (the "Disclosure Order") on July 16, 2019, effectively granting the Seal Motion and providing, in respect of disclosure of information, as follows:

> Within thirty (30) days of the initial sealing period allowed for by the Confidentiality Order, the Special Claims Committee shall file an informative motion with the Court identifying documents and information to be unsealed. If any information is to remain sealed, the parties must submit additional briefing to the Court at that time justifying such action in light of the public right of access to judicial documents. The Court will take any such further sealing request on submission.

Disclosure Order, para. 3.

15. Eight days later, the Court entered the *Order Regarding Stay Period and Mandatory Mediation* [ECF No. 8244] (the "Stay Order"). The Stay Order stays all Challenged Bonds Avoidance Actions until November 30, 2019. Stay Order, para. A(2), App'x. 1.

16. The Stay Order does not by its terms implicate the Confidentiality Order, the Disclosure Order, or any other order regarding the discovery process underlying the Challenged Bonds Avoidance Actions. For that reason, the SCC has continued to conduct the discovery

5

process (which is now nearly, but not entirely, complete), and the Court has allowed the SCC to amend complaints in the Challenged Bonds Avoidance Actions for the sole purpose of adding and dismissing defendants based on discovery, as contemplated by the Confidentiality Order. *See, e.g.*, Adv. Pro. No. 19-00283, ECF No. 19 (permitting filing of amended complaint).

B. **Stay Order and Disclosure Concerns**

17. The SCC and its co-plaintiff in the Challenged Bonds Avoidance Actions, the Official Committee of Unsecured Creditors (the "UCC"), began serving the summonses and initial pleadings on July 29, 2019.[4] *See, e.g.*, Adv. Pro. No. 19-00283, ECF No. 15 (sealed motion regarding execution of summonses filed by Prime Clerk LLC as service agent for the SCC).

18. For those parties upon whom service was executed on July 29, 2019, in accordance with the Confidentiality Order and Disclosure Order, the SCC would be required to file an informative motion with the Court describing documents to be unsealed (or an alternative briefing as provided in the Disclosure Order) not later than September 19, 2019.

19. Prior to the filing of this Motion, the SCC received inquiries from defendants who had been served with summonses and complaints in the Challenged Bonds Avoidance Actions, inquiring to what extent the Confidentiality Order and Disclosure Order had been stayed pursuant to the Stay Order such that discovery and/or disclosure deadlines remained active.

20. The SCC responded to these inquiries to the effect that the Confidentiality Order was not mentioned in the Stay Order and it did not appear to implicate the substantive rights and scheduling concerns that formed the basis for the Stay Order; accordingly, the SCC has interpreted the Confidentiality Order as remaining effective to require production of information

---

[4] The Stay Order provides that "Notwithstanding any other provision of this Order, service of summonses and complaints…shall continue during the Stay." P. 1, fn. 2.

relating to the beneficial ownership of the Challenged Bonds and receipt of the principal and interest payments sought to be recovered. (The "Participant Holders" required to produce documents pursuant to the Confidentiality Order have broadly shared that view and continued to comply with the order.)

21. As to the Disclosure Order, the SCC responded to inquiries to the effect that it was not stayed by the terms of the Stay Order, and that accordingly the SCC intended to file an informative motion or other briefing within the time period required by the Disclosure Order. Certain defendants informally indicated an opposition to any filing by the SCC intended to effectuate disclosure of their identities.[5]

## REQUESTED RELIEF

22. The SCC respectfully seeks an Order of this Court, substantially in the form provided at <u>Exhibit A</u>, (i) clarifying the effectiveness of the Confidentiality Order, Disclosure Order, and Stay Order, and (ii) establishing a notice and objection procedure regarding the disclosure of confidential information.

## BASIS FOR REQUESTED RELIEF

23. Despite the public's common law right of access to judicial proceedings and records, the Bankruptcy Code requires courts, when appropriate, to limit the public's access to sensitive information. Section 107(b) of the Bankruptcy Code provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter

---

[5] The defendants indicated opposition "informally" in some cases because they believed that a formal objection even to disclosure of confidential information would violate the Stay Order.

7

contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

24. In addition, section 105(a) of the Bankruptcy Code permits the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

25. Bankruptcy Rule 9018, which implements the protections provided by Section 107, sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. This rule reads in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

### A. The Stay Order Arguably Prevents Defendants from Exercising Rights, But Should Not Delay Discovery Intended Solely to Identify Appropriate Parties.

26. Some defendants appear to believe that their deadline to object to disclosure of their identities is stayed and continued, because the Stay Order applies a general stay to the Challenged Bonds Avoidance Actions. While the SCC is uncertain whether that interpretation of the Court's orders would be correct, it supports an extension of the objection and disclosure deadlines in the interest of avoiding harm and confusion.

27. The Confidentiality Order and Disclosure Order, despite relating directly to the Challenged Bonds Avoidance Actions, were entered not in any Challenged Bond Avoidance Action but in the above-captioned main Title III docket, and are not listed in the Stay Order as being subject to stay.

28. Moreover, at least as far as the discovery requirements contained in the Confidentiality Order are concerned, a stay of the Confidentiality Order would be inconsistent with the Stay Order. The Confidentiality Order requires financial institutions to identify the recipients of payments to be recovered for the Commonwealth and ERS; it does not adjudicate and substantive rights and indeed is a predicate for any litigation to move forward once the Stay is lifted.

29. Notwithstanding those concerns, the Disclosure Order, requiring briefing and potential disclosure of defendant identities within the Challenged Bonds Avoidance Actions, arguably does pertain to the substantive rights of the defendants. It would be logical for defendants to believe that the Stay Order prevents them from objecting to such disclosures in the litigation context.

30. The SCC thus respectfully requests that the Court issue an order providing clarity and comfort to both parties by affirming the continuing discovery obligations of the Participant Holders under the prior orders to name appropriate defendants, but staying obligations related to defendant identity disclosures.

**B. Especially in Light of the Stay Order, the Public Interest Is Not Served By Time Constraints or Other Limitations on Notice or Opportunity to Object to Disclosure.**

31. The SCC takes no position as to whether the public should be denied access to documents identifying any particular defendant.[6]

---

[6] For instance, one defendant group indicated that they were entitled to continued confidentiality because disclosure of their identities would reveal proprietary commercial information relating to the manner in which the Challenged Bonds were sold. The SCC lacks a basis to support that assertion on behalf of third parties, and thus and generally prefers that defendants be provided an opportunity to present their arguments directly to the Court.

32. The SCC observes, however, that the Stay Order itself militates to an extension of all disclosure deadlines. The Stay Order's existence proves that the requirements of PROMESA case administration outweigh the rights of the parties to this litigation to have their claims and defenses heard on an expedited timeline. It stands to reason that the public's right of access to documents is not more pressing than the substantive rights of the parties themselves.

33. Accordingly, to the extent not previously ordered or intended by the Court, the SCC requests that the Court continue deadlines relating to disclosure of defendant identifying information along the timeline and using the procedures proposed in the order attached as Exhibit A hereto.

## NOTICE

34. In addition to other customary notice parties, a copy of this Motion has been filed on the docket in each of the Challenged Bonds Avoidance Actions and served on all defendants. A certificate of service of this Motion will be filed under separate cover.

## **CONCLUSION**

WHEREFORE, the SCC seeks the entry of an Order, substantially in the form attached hereto as Exhibit A, granting the relief requested.

Dated: September 19, 2019

/s/ Edward S. Weisfelner
BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. *(Pro Hac Vice)*
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com

Sunni P. Beville, Esq. *(Pro Hac Vice)*
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee* and

/s/ Alberto Estrella
ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902-3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee*

# **Exhibit A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*,<br><br>    Debtors.[7] | PROMESA<br>TITLE III<br><br>No. 17-BK-03283 (LTS)<br><br>(Jointly Administered) |

**[PROPOSED] ORDER CLARIFYING EFFECT OF PRIOR ORDERS AND
ESTABLISHING NOTICE AND OBJECTION PROCESS REGARDING
<u>DISCLOSURE OF CONFIDENTIAL INFORMATION</u>**

Upon the *Motion of the Financial Oversight and Management Board for Puerto Rico, Acting Through its Special Claims Committee, for Entry of an Order Clarifying Effect of Prior Orders and Establishing Notice and Objection Process Regarding Disclosure of Confidential Information* dated September 19, 2019 (the "<u>Motion</u>")[8] of the Financial Oversight and Management Board for Puerto Rico, acting through the members of its Special Claims Committee, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, and Bankruptcy Rule 9018, made applicable to this proceeding by section 301(a) of the Puerto Rico Opportunity Management and Economic Stability Act of 2016 ("<u>PROMESA</u>"), 48 U.S.C. § 2161(a); and the Court having jurisdiction over this matter under 28 U.S.C. 1331, and under section 306(a)-(b) of PROMESA, 48 U.S.C. §2166(a)-(b); and venue being proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the Motion constitutes a briefing of the type required by the Disclosure Order and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had

---

[7] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[8] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED and/or DETERMINED that:

1. The Motion is GRANTED as provided herein.

2. The litigation stay contained in the Court's *Order Regarding Stay Period and Mandatory Mediation* [ECF No. 8244] (the "Stay Order" issuing the "Stay") does not apply to the *Order Allowing Motions to Enforce* [ECF No. 6967] (the "Confidentiality Order") except to the extent provided herein.

3. Neither (a) the filing by the SCC of any dismissal or amended complaint in any Challenged Bonds Avoidance Action, solely for the purpose of adding or dismissing defendants from such litigation, nor (b) the filing of an appearance by counsel to any party, shall be a termination, amendment, or violation of the Stay. Counsel for any defendant currently identified under pseudonym may file an appearance noting that the party has been identified under pseudonym and stating the pseudonym provided to the party.[9]

4. The Stay **does** apply to the Disclosure Order to the extent provided as follows:

    a. The SCC shall keep confidential the identities of all defendants to Challenged Bonds Avoidance Actions that are currently identified by pseudonym until further notice.

    b. Not later than the date that is fourteen (14) days after the termination of the Stay as to any Challenged Bonds Avoidance Action in any substantive part, the SCC shall file a motion to unseal a redacted form of key document identifying all defendants that have been served with summonses and complaints.

    c. Not later than twenty-one (21) days after the date set pursuant to the above paragraph 4(b), any defendant to such Challenged Bonds Avoidance Action that (i) has been served with the summons and complaint, (ii) has been identified by pseudonym pursuant to a key filed under seal, and (iii) desires for its identity to remain sealed, shall file an objection to the SCC's motion, which objection shall not exceed 5 pages in length, stating cause for continued nondisclosure in light of the public right of access to

---

[9] To the extent any party or its counsel are unsure of the pseudonym allocated to them by the Co-Plaintiffs, they are encouraged to contact counsel to the SCC.

2

judicial documents.

d. The Court will take all briefings and requests pursuant to this paragraph 4 on submission.

5. A copy of this Order shall be filed on the docket in each Challenged Bonds Avoidance Action and served upon all defendants thereto.

Dated: _____, 2019

_____
Honorable Magistrate Judge Judith G. Dein

63495449 v2

3