## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| **HIRAM PEREZ-SOTO PRO SE PLAINTIFF** | **CIVIL RIGHTS COMPLAINT 42USCA1983** |
| **VS.** | **(JURY TRIAL IS SELECTED)** |
| **JUDGES OF THE INTERMEDIATE APPEALS COURT OF PUERTO RICO:** | 19-cv-𝔪𝔫4(JAG) |
| **ERIK J. RAMIREZ NAZARIO CARLOS CANDELARIA ROSA GERARDO FLORES GARCIA CARLOS VIZCARRONDO IRIZARRI GISELLE ROMERO GARCIA FERNANDO TORRES RAMIREZ** | |
| **JUDGE ADMINISTRATOR OF THE JUDICIAL ADMINISTRATION: SIGFRIDO STEIDEL FIGUEROA** | |
| **JUDGE OF THE COURT OF FIRST INSTANCE OF HUMACAO: RUBEN CASTRO RODRIGUEZ** | |
| **JUDGE OF THE SUPREME COURT: ANGEL COLON PEREZ** | |

2019 AUG 13 AM 9:58
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

## COMPLAINT

1

## I.     APPEARANCE

Comes now the plaintiff Pro Se and respectfully alleges and prays to the Honorable

Court as follows:

## II.     JURISDICTION

This is a civil action seeking declaratory and equitable relief and
damages to prevent and redress the deprivation under color of law of
plaintiff's rights, privileges and immunity under the United States
Constitution.   Jurisdiction in evoked pursuant to 28USC section 1331,
1332, 1343 (A3), 1343 (4), 2201 and 2202, 42USC section 1983, 1985,
28USCA1367; and the Constitution of the United States and more
particularly the fifth and fourteenth amendment thereto.   Since this is a
Federal Question jurisdictional case there is no jurisdictional amount.

## III.     FACTS OF THE CASE

1. In the present case the appearing party filed a complaint in the Court
   of First Instance of Humacao in August 2007 HSCI2007-01040.   In
   that complaint plaintiff had three causes of action.   In the first one the
   appearing party wanted to divide the estate of his late father Hiram I.
   Pérez Beltrán which passed away on October 2006.   Basically the
   appearing party wanted to compute or add back gift of stock of a
   family corporation by the name of Cantera Pérez which could double

2

the amount of the estate.   Additionally plaintiff wanted to void a redemption of stock made in June 1998 which the appearing party believed was fraudulent.   The third cause of action was that plaintiff wanted to void or claim damages in a derivative contingent claim. The appearing party believed that a piece of real estate which was valued in 1998 at $1 million was sold fraudulently for $100,000. Alternatively it was a simulated sale.   Plaintiff pleaded that the estate of the descendant was the owner of 10% of the stock of the family corporation.   Plaintiff is the owner of half of the estate.   According to the will of the descendant made on July 13, 2006.   Additionally plaintiff pleaded in alternative that the gift of stock should be voided. See Sánchez Jiménez v. López Jiménez 116DPR172.   Under those two situations plaintiff had standing as the owner of half of the estate to claim damages on behalf of the corporation or to void the sale. The defendants in the inheritance case is Mrs. Enid Pérez Soto, plaintiff's sister, and her two daughters Marisel Valeiras Pérez and Arleene Valeiras Pérez.   Also included as a defendant is Mr. Reynaldo Cordero Soto, a cousin of the maternal side of the plaintiff. He was employed by the family corporation Cantera Pérez.   Cantera Pérez is a family corporation engaged in the quarry business in extracting rock

in the town of Humacao.   It was founded by the descendant and incorporated in 1965.   The stockholder of Cantera Pérez Inc. were Mr. Hiram I. Pérez, the descendant, and his wife, plaintiff's mother, with half of the stock 6,846 of 13,692.   The defendant Mrs. Enid Pérez Soto had originally 25% or 3,423, the appearing party had originally the other 25%, 3,423.   The descendant made a will in which half of the estate was left to plaintiff, 1/6 of the estate was left to Enid Pérez Soto.   The other 1/3 of the estate was left to the defendant Marisel and Arleene Valeiras Pérez, half to each one. We will later explain that in a willful and bias way Judge Hernández González dismissed without a hearing in an arbitrary way the cause of action of the redemption of the stock of the plaintiff and the derivative contingent claim.   The principal cause of action which was to divide the estate by computing the gift of stock made by descendant in 1993 and 1998 was also dismissed without a hearing in an arbitrary and bias way by Judge Rubén Castro Rodríguez.   We will later explain the outrageous, arbitrary and bias action of those two Judges which deprived the plaintiff of his day in Court.   Plaintiff right to a fair tribunal under the US Constitution, due process clause either 5th or 14th amendment, see Capperton v. ATMassey US Supreme Court June

4

2009. The three decisions were made with bias by Judge Hernández González and Castro Rodríguez and they were void, see <u>InRe Honorable Díaz García 158DPR895; InRe Hammermaster 985P2d924 (1999); InRe Benoid 487A2d1158 (1985); Davila v. Meléndez 2013JTS15.</u>

2. When the appearing party filed the complaint in August 2007 it was Pro Se. His intention was to be Pro Se in the early stages of the litigation. He wanted to send some short interrogatories and request of admissions and then an attorney to be contracted and entered to the case to litigate it to the end. The lawyer of the corporation Cantera Pérez notified a deposition to plaintiff that was taken at the Court premises in October 2007. It should be pointed out that the corporation wasn't a heir of the descendant. Additionally the contingent derivative claim that attorney of the corporation Laguna Mimoso wanted to dismiss was for the benefit of that corporation. This was a clear conflict of interest. The argument was completely without merit that if the stockholding of the plaintiff was redeemed in June 1998 he had no standing as a minority stockholder to file the contingent derivative claim. Plaintiff argued that he was the owner of half of the estate and that the estate was the owner of 11% of the

stock.  Additionally if the gift of stock made 1993 and 1998 were voided the plaintiff had standing as owner of half of the estate, see Rule 14 of the Civil Rules of Civil Procedures of Puerto Rico and Rondón v. Fernández 105DPR368. In the deposition conducted on October 2007 there was a lot of yelling, interruptions, insults made by attorney Laguna Mimoso.  He interrupted the deposition as soon as the plaintiff accepted that he didn't had any stock of the family corporation but as previously explained he was the owner of half of the estate which was the owner of 11% of the stock and if the gift of stock were voided of 50% of the stock.  Counselor Laguna Mimoso filed two motions of summary judgment with a deposition that wasn't finished citing the plaintiff out of context.  He filed numerous motions using foul language in which he labeled the plaintiff as a paranoid person.   Adverse attorney Cordero Alcaraz and attorney Laguna Mimoso lying to the Court accused the plaintiff of taking a deposition with a lawyer not admitted to the case.  In this way the plaintiff was disqualified of his Pro Se without a hearing, see Kmart v. Walgreens 121DPR633; Otaño Cuevas v. Vélez 96JTS142.  The plaintiff began to suspect that attorney Laguna Mimoso was friends with Judge Adalgisa Dávila Vélez who was presiding the case at that time.  Judge

6

Dávila didn't disciplined the behavior of attorney Laguna Mimoso. Plaintiff filed an ethical charge against Judge Dávila because she didn't put order and civility in the judicial proceedings. Judge Dávila was investigated by the Judicial Administration, she recused herself. Plaintiff had reasonable basis to believe that Chief Judge Federico Hernández Denton took her out of the case. That began a conspiracy of other Judges in the Court of First Instance of Humacao and in the Intermediate Appeals Court and even in the Supreme Court against plaintiff. Judges in Puerto Rico do not understand that there is a free speech right under the United States Constitution, first amendment, to file ethical charges and recusal motions with reasonable basis and with respect, see Holt v. Virginia 381US25; InRe Little 404US23. Numerous sanctions were imposed on plaintiff and the three causes of action contained in the plaintiff's complaint were dismissed in an arbitrary way without any due process, there was no hearing. The decisions were completely arbitrary. These was made by Judge Hernández González of the Court of First Instance of Humacao and by Judge Castro Rodríguez of the same Court.

3. In the Court of First Instance of Humacao defendant Cordero Soto which was accused of fraud was named Judicial Administrator by

Judge Hernández González without any hearing, bond, petition by a heir or "Albacea", or Testamentary Administrator.  This was made on November 2010.  There was a prior decision in the case KJV2006-2638 of the Court of First Instance of San Juan October 2009 that the Testamentary Administrator "Albacea" expired on January 2010.  The Judges of the Court of First Instance of Humacao refused to decide plaintiff's motion asking that the naming of Mr. Cordero Soto was void, see Villanova v. Villanova 2013JTS53; Flecha v. Lebrón 2005JTS176; PR Code of Judicial Procedure Sec. 337 et seq.  Judge Dávila Vélez was removed from the case by Judicial Administration after the ethical charge.  Judge Hernández González of the same Court was removed after plaintiff's ethical charge against him.  Judge Negrón Villardefranco of the same Court was removed after plaintiff's ethical charge.  All ethical charges were constitutionally protected, they were made with basis and respect.  Judge Hernández González dismissed the cause of action for voidance of plaintiff's redemption of stock without a hearing.  Plaintiff couldn't offer any evidence.  He decided in an arbitrary way that plaintiffs cause of action statute of limitation had expired.  The voidance of a redemption of stock of a minority stockholder, the statute of limitation begins to

8

run when the plaintiff with due diligence acquires knowledge of the fraud, see Redburn v. Shield 338SW2d23.  Plaintiff's redemption was on June 1998 and as a minority stockholder plaintiff acquired knowledge of the fraud in February 2007 and filed the complaint in August 2007.   The same Judge Hernández González asked the plaintiff a file a motion to desist without prejudice of the contingent derivative claim.  Plaintiff did it in good faith to comply with his wishes.  Attorney Laguna Mimoso asked the Court that the motion to desist without prejudice should be decided by the Judge with prejudice because of the ethical charge filed against Judge Dávila by the plaintiff.  Judge Hernández González dismissed without a hearing the derivative contingent claim as a sanction without a prior warning, see Maldonado v. Secretario 113DPR94 and imposed on plaintiff a sanction of $10,000. The bias and persecution against the plaintiff by the Court of First Instance of Humacao was evident. There was a violation of his right of free speech and impartial tribunal, see Capperton, supra; Holt, supra.  The Intermediate Appeals Court was engaged in the conspiracy.   For example the appeals court KLCE2011-00057 refused to decide the voidance of the naming of Mr. Cordero Soto as Judicial Administrator.   Another panel

KLCE2008-00585 insulted plaintiff telling that he was paranoid and refused to decide that his disqualification without a hearing was void and illegal. Another panel KLAN2011-00720 dismissed the appeal of plaintiff's dismissal of the contingent derivative claim because he used a private mail station something which is clearly permitted and allowed by the Rules of the Intermediate Appeals Court. Another Judge Negrón Villardefranco of the Court of First Instance of Humacao which began to preside the case after Judge Hernández was removed after ethical charge. Judge Negrón signed an order approving the disputed invoices of adversary lawyer Cordero Alcaraz with the heading of the Appeals Court to confuse the Treasury Division of the Court of First Instance of Humacao. Those invoices disputed were legal invoices of attorney Patricia Cordero who supposed legal advice given to her father Cordero Soto which was made in a void manner as before explained Judicial Administrator. In that order was stated that there was an agreement on June 2011 to pay those invoices. This was a blatant lie of attorney Cordero Alcaraz. Furthermore there was a prior order by another Judge Trigo Ferrariouli of April 2012 prepared by the same attorney Cordero Alcaraz that no disputed invoices will be paid. Judge Negrón refused to transfer the case even though two

Judges were already removed from the case after ethical charges. The case of InRe Campoamor Redín 96JTS6 states clearly that when a Judge is removed or recused for ethical reasons the case should be removed from that Court. Plaintiff appealed the denial of the recusal KLCE2014-0414. The appeal was denied. When the case came back to the Court of First Instance of Humacao on June 26, 2014 Judge Negrón admitted that there was no agreement. He didn't disciplined the adversary lawyers who lied for more than three years; attorneys Alcaraz Micheli, Cordero Alcaraz and Ramos Luiña. Then Judge Negrón set for September 2014 a hearing to decide the legality of the disputed invoices. At that hearing he approved those invoices without a hearing in a void and bias way because the person who has the burden of proof is the Administrator and he didn't offer any evidence whatsoever, see Mercado v. Mercado 66DPR368; González Tejera Inheritance Law Vol. I page 462. On October 2014 plaintiff received a letter from the Judicial Administration that he had reasonable basis to file ethical charge against Judge Negrón. The bias and conspiracy against plaintiff after he filed ethical charges against Judges was evident. Judge Negrón as before stated was removed by the Judicial Administration, a hearing was held in December 12, 2014, Judge

11

Castro Rodríguez came to preside the case.  At that hearing and the prior hearing of June 26 and September 26 2014 the adversary lawyers once again began to lie to the Court.  Stated that the discovery process which was beginning was finished.  They also stated that the deposition of November 2010 that began to be taken to defendant Cordero Soto was finished. This simply was false.   The same deposition stated that it was interrupted to be continued later on. There were two minutes made in April 2012 and October 2012 setting a schedule for depositions.   This prove that the adversary lawyers were lying.  It can be stated that the depositions set in the minutes of April 2012 couldn't be taken because the presiding Judge Trigo Ferrariouli recused herself.  There was an agreement by all parties that the deposition were to be suspended.  Then the depositions set were suspended because plaintiffs' lawyer resigned from the case. The history of the discovery process showed clearly that can be proven with the documents filed in the case were as follow.  Plaintiff sent short interrogatories and requests of admission in December 2007, at that time plaintiff was Pro Se, then was disqualified on March 2008. After the disqualification he appealed it.  Then a deposition was set to be taken to defendant Cordero.   It began on October 2010 and

continued on November 2010, they were suspended. After Judge Hernández dismissed the direct claim and the contingent derivative claim in December 2010 the plaintiff began to appeal those decisions and the depositions were suspended by agreement of all the parties. There is no motion by the adverse parties or order by the Court to continue those depositions. There was an agreement by all parties of the suspension. After the nonrecusal of Judge Negrón by the Appeals Court KLCE2014-0414 a hearing was held in June 26, 2014 in the Court of First Instance of Humacao before Judge Negrón. In a very callous way lying the adversary lawyers argued that the discovery process was finished. Judge Castro Rodríguez which was bias refused to permit the discovery process. This was completely arbitrary and showed bias. Judge Castro Rodríguez set the case for trial for April 2015 without any discovery. The bias and hostility against the plaintiff by Judges, of the Court of First Instance of Humacao and the Appeals Court was evident. Plaintiff had to file a Mandamus Pro Se KLCE2015-00008. Judge Castro filed a motion in the Appeals Court deciding that plaintiff couldn't be Pro Se. He should have known that in another decision by the panel KLAN2011-00720 plaintiff was authorized to be Pro Se in any Court of Puerto Rico. In fact, plaintiff

13

filed motion in the Court of First Instance of Humacao to argue that in May 2011 panel KLAN2011-00720 had revoked the decision of Judge Dávila of disqualification of April 2008 and of the Appeals Court KLCE2008-00585 of June 2008. Judge Negrón and Castro refused to decide that issue illegally, see GAC Fin Corporation v. Rodríguez 107DPR213; Garriga Gordis v. Maldonado 109DPR817. The Appeals Court in the Mandamus allowed plaintiffs Pro Se and decided that the discovery process and depositions must continue. It should be pointed out that the decisions of the Appeals Court about the discovery process proved beyond doubt that the adversary lawyers were lying stating that the discovery process was finished. It should be pointed out that attorney Garau Díaz the attorney of the plaintiff at that time recused Judge Castro for the following reasons: argued that plaintiff couldn't be Pro Se in the Mandamus. Refused to decide the following motions: Motion to declare void the appointment of Mr. Cordero Soto as Judicial Administrator. Void the approval of the disputed invoices without a hearing. Void the sanction of $10,000 against plaintiff by Judge Hernández. To transfer the case from the Court of First Instance of Humacao even though on October 2014 plaintiff received a letter from the Judicial Administration saying that

14

he had reasonable basis to recuse Judge Negrón, that was on October 2014. He refused to decide the voidness of plaintiff's disqualification without a hearing. He stated that Judges Dávila, Negrón, Hernández were not removed by the Judicial Administration after ethical complaints filed against them. He wanted to set the case for trial without discovery. The panel KLCE2015-00725 in a bias way refused the recusal of Judge Castro Rodríguez made by plaintiffs' lawyer at that time. The recusal decision of panel KLCE2015-00725 arrived in the Court of Humacao in June 2016. Judge Castro was disqualified to make decisions in the case from May 2015 to June 2016. The depositions that were ordered by panel KLRX2015-00008.

4. The depositions took place on April and May 2015. The defendant Cordero Soto and Enid Pérez Soto through their lawyers started to make frivolous objections. Enid Pérez Soto under the advice of her lawyer refused to answer the whereabouts of the amount of money belonging to the descendant as "usufructurario" of shares of stock donated by him. This amount was of about $5 million. Enid Pérez Soto refused to appear to the continue of the depositions and so did Cordero Soto. We have transcripts of non appearance. Other witnesses on the advice of the adversary lawyers refused to appear at

the depositions.   Plaintiffs' lawyer filed three motions asking for sanctions.  The dismissal of the pleadings because of refusal to appear at depositions that were duly notified.  Judge Castro Rodríguez after June 2016 refused to decide the motion asking for sanctions and the elimination of the pleadings for the non appearance at depositions duly notified.  This showed bias.  The same Judge refused to sanction the arbitrary lawyers for lying that the discovery process was finished. On June 2016 at the request of the adversary lawyers Ramos Luiña the Judge ordered that plaintiff should find a new lawyer in 30 days or he would be sanctioned with $1,500 and another $100 daily.  Plaintiffs' attorney without any reason and without telling the plaintiff resigned from the case in January 2016.  It should be pointed out that from May 2015 to January 2016 seven months were lost in which the depositions could be finished.  Plaintiff found a new lawyer and case was set for a hearing in December 2016.  This new lawyer apparently was a friend of the adversary lawyers.  She refused to tell the Judge that the motion asking for sanctions because of violation of the discovery obligation should be decided by the Judge.  In December 2016 after she had a meeting with the adversary lawyers she told me that based on the minutes of December 12, 2014 she had agreed that

16

the depositions will not be concluded.   Plaintiff told her that the
Mandamus was filed on March 2015.   She also said that the values of
the gift of stock were already decided, this was wrong.   Plaintiff
dismissed this attorney.   New lawyers filed motion on February 16,
2017.   Judge Castro who was conspiring with the adversary lawyers to
not permit the discovery process in December 12, 2014 decided that
after February 30, 2017 no discovery was to be permitted.   The new
lawyers of the plaintiff asked to the continuance of the depositions.
The Judge didn't permit the depositions and never decided the three
motions asking for sanctions and dismissal of the pleadings for not
appearing to depositions duly notified.   It should be pointed out that
the new lawyers of the plaintiff couldn't in 10 days acquire
knowledge of the intricacies and details of a complicated case.   Judge
Castro couldn't before June 2016 decide anything in the case because
he was recused.   See Rule 63 of Civil Procedure of Puerto Rico.
Judge Castro had a hidden agenda of trying to harm the plaintiff
because of the ethical charges been filed against fellow Judges of the
same Court that provoked their dismissal from presiding the case.
Plaintiff sent transcript of non appearance of attorneys Guerrero
Calderón, Goico Covas, Martínez Landrón and CPA Carbonell.   The

codefendant, the widow Antonia Rodríguez, Judge Castro refused that the plaintiff deposed her. Plaintiff has evidence that she received a certificate of deposit of more than $2 million, this is simply an arbitrary decision.

5.  On May 2017 the lawyers of the plaintiff signed a pretrial agreement. In that agreement the expert report of Zayas and Morazzani about the valuation of the stock of Cantera Pérez that was subject to the gift in 1993 and 1998. The defendant do not have any expert report. With the expert report the plaintiff can win the case easily. The report was going to be sent to the adverse parties in September 2017. Hurricane María attacked Puerto Rico and we all know what happened. The office of Zayas and Morazzani finally could make the report on November 30, 2017. The report was filed in Court and was sent to the defendants. A hearing was held on February 2018 in Court. The report was discussed. The defendants once made the argument that the report was filed late which was incorrect. Finally they discarded that flawed argument. **It should be pointed out that no effort was made by the defendants to depose the expert witness which prepare the expert report. On the contrary they lying to the Court were constantly vehemently opposed that the discovery**

**process could be finished.  They even went to the extreme of not appearing at the depositions.**

6.   The appearing party filed a motion of summary judgment on August 7, 2017 strictly related to the amount of stock that was left in the estate.  In that regard based on public documents starting with 13,692 shares we could easily proof that after the gift of stock in 1993 the division of the conjugal society of Ana L. Soto and Hiram Pérez Beltrán and the division of the estate of Ana L. Soto the gift of stock made by the descendant 1998 11% of the stock belonged to the estate. There was mathematical accuracy that the defendant couldn't contradict the evidence based on public documents.   Codefendant Enid Pérez Soto filed a motion of summary judgment on August 17, 2017 in which she argued that the appearing party didn't had any evidence of the value of the share of stock that were donated in 1993 and in 1998.  Codefendant Cordero Soto filed a motion of summary judgment on November 6, 2017 in which based on oral evidence that was contradictory tried to refute that the descendant was the owner of the 11% of the stock.  The appearing party filed answer to the motion of summary judgment filed by the defendants Cordero Soto on December 22, 2017. We filed an answer to the motion of summary

19

judgment of Enid Pérez Soto on December 8, 2017.    Judge Castro

Rodríguez decided in a judgment in February 19, 2019 that the expert

report announced by the appearing party in the pretrial report on May

2017 and in the answer filed by plaintiff on December 8, 2017

couldn't be admitted in evidence because it wasn't sworn.    This

showed the pattern of bias decisions by Judge Castro Rodríguez.  The

judgment was based in cases decided by Federal Courts which hasn't

been incorporated and adopted in Puerto Rico, see <u>Car v. Tantenglo</u>

<u>338F3d1259; Capablanca v. City of New York 422F3d47; Ramírez</u>

<u>Ortíz   v.   Corporación   de   Centro   Vascular   32FedSupp3rd83</u>.

Additionally even in those cases were applicable to Puerto Rico they

don't authorize the outrageous decision of Judge Castro.  Those cases

stand for the proposition that when a movant of a motion of summary

judgment files a sworn expert opinion the opposing party has to file

another   sworn   expert   opinion,   see   <u>Mariaquis   v.   North   Oaks</u>

<u>258US3d88.</u>  In this case the defendant, specifically Enid Pérez Soto,

never filed their motion any expert opinion sworn or not sworn.  The

appearing party only announced the expert report as one that was

going to be used in the trial of the merits. Furthermore that argument

wasn't made by defendant Enid Pérez Soto or Cordero Soto in their

motions or in the hearings held in Court. That judgment was prepared by attorney Ramos Luiña using a scheme to try to win the case with a bias Judge using egregiously wrong arguments.   Attorney Ramos Luiña should be disciplined for his callousness and egregiously wrong and unethical behavior.   Finally Judge Castro Rodríguez decided that the almost $5 million which the public documents in which the gift of stock were made in 1998 in which the descendant had the obligation to take the dividends paid on the stock in its income tax return were not part of the estate.   That was specifically provided in the deeds in which the gift of stock were made in 1998.   Additionally <u>Article 400 of the Civil Code of Puerto Rico</u> provides that the "usufructuario" is the owner of all the income of the properties in which he retains the "usufructo". If the descendant refuse to take that income it is a gift of property that must be computed under <u>Article 746 of the Civil Code of Puerto Rico.</u> No cases were cited for this egregiously wrong decision. It should be pointed out that when a Judge clearly wrong decisions that decisions could be voided because there is an inference of intentional bias.   See <u>InRe Hammermaster, supra; InRe Honorable Díaz García, supra; InRe Benoid, supra; Wright and Miller Sec. 3550.</u> The judgment was prepared by attorney Ramos Luiña knowing the

bias of Judge Castro. With mischievous intention he didn't made the arguments in Court or in the motion he filed. This simply outrageous. After the arguments were made in Court in February 2018 the Judge more than a year to decide in this outrageous and bias manner. On February 2019. Judge Castro Rodríguez also made a ruling on the same day in which he stated in a clearly wrong way, see <u>Dávila v. Meléndez, supra; InRe King 487A2d1158 (1985)</u> that there was a conflict in the evidence submitted by motion of summary judgment of the appearing party and the evidence submitted by the opposing parties Cordero Soto and Enid Pérez Soto. There was no contradiction whatsoever. All the evidence that we submitted were in public documents with mathematical accuracy that couldn't be contradicted that 11% of the 13,692 original stock were left in the estate. That decision also should be voided product of a bias Judge. The two decisions of Judge Castro Rodríguez were null and bias. When a decision is egregiously wrong it is null and void, it has the inference of bias. Judge Castro Rodríguez showed hostility towards the plaintiff. He refused to abide by the decision of the Appeals Court that the discovery process should be continued. He approved disputed invoices of counselor Cordero Alcaraz in 2018. Counselor Cordero

Alcaraz filed a motion of resigning from the judicial administration by her father in June 2015. Three years after the resignation Judge Castro approved invoices that were disputed and void. The Appeals Court KLCE2016-00068 had already decided that those invoices approved without a hearing were void.

7. Plaintiff filed an appeal to the bias judgment made by Judge Castro Rodríguez on February 2019 KLAN2019-00305. Also filed a Certiorari of the order of the same date about the number of stock left in the estate. After the lawyer of the plaintiff filed the appeal and Certiorari  KLCE2019-00367. Plaintiff filed a complaint in the Federal Court 19-CV-1266 pleading violation of his civil rights under 42USCA1983. Plaintiff's lawyers resigned from the case. Apparently they were afraid that they could be blacklisted by the judiciary of Puerto Rico. It is a very sad that the lawyers are afraid of Judges, this prevents that parties exercise fully their civil rights. In the appeal case KLAN2019-00305 that panel allowed and permitted plaintiffs Pro Se after the resignation of his lawyers. He was in a very difficult position since he couldn't find any lawyer in Puerto Rico to represent him. He was already disbarred by the Supreme Court for exercising his free speech right filing recusal motions and ethical

charges against Judges with reasonable basis and respect, something that is protected by the free speech right under the first amendment under the United States Constitution, see <u>InRe Little, supra; Holt v. Virginia, supra.</u> Plaintiff filed a motion stating that the decision of Judge Castro Rodríguez was bias and should be voided. The panel ordered that the motion should be delivered back to him, this showed bias. The Appeals Rules permit filing motion in the Appeals Court. In the original appeal the legal arguments should be on the legal documents, but this does not prevent the filing of a motion stating legal arguments that should be considered. **The Appeals Court decided that the expert report of Zayas and Morazzani couldn't be used in the trial because plaintiff's lawyers prevented the defendant to depose the authors of the expert report. This is a lie. Shows bias**. There is no evidence whatsoever that the defendants tried to depose the authors of the expert testimony. On the contrary the adversary lawyers Ramos Luiña, Cordero Alcaraz and Alcaraz Micheli based on lies continuously tried to prevent and succeeded that the discovery process through depositions could be finished. That panel without citing any case also decided that the almost $5 million that belonged to the descendant on the dividends of the stock in which

the descendant retain the "usufructo" was not subject to computation under Article 746 of the Civil Code.   All gift of property made by descendant must be computed back in an accounting operation under Article 746 of the Civil Code to the other properties of the estate.   See González Tejera Inheritance Law Vol II. Page 470 et seq.   The values that must be used are the value at the day of the gift.   The two decisions were egregiously wrong.   Should be voided.   Another panel KLCE2019-00367 after deciding that they were inclined to revoke Judge Castro Rodríguez, plaintiff filed a motion stating that he wanted the case to be litigated in the Appeals Court with respect and civility. Plaintiff also stated that he filed a complaint of civil rights of violation under Section 1983 in which his disbarment and judgments and sanctions against him will be litigated 19-CV-1266.   The Appeals Court decided not to grant the Certiorari, this was a bias decision. The evidence is overwhelmingly based on public documents that of the 13,692 shares after the gift of stock in 1993, the adjudication in the division of the conjugal society and the estate of Ana L. Soto and after the gift of stock in 1998 11% of the stock belong to the descendant.   It should be pointed out that this decision causes less damage than the decision in the case KLAN2019-00305. This is so

because the denial of the motion of summary judgment will result that due to the false and bias decision that there was a conflict in the evidence that plaintiff will have the opportunity to offer the evidence in the trial on the merits. The other decision KLAN2019-00305 will cause that the plaintiff will lose the inheritance case without having the opportunity to have his day in Court to proof his pleadings. The plaintiff must repeat that the only party who had expert report about the valuation of the gift of stock and money belonging to the descendant is the plaintiff. All this was the product of bias of Judge Castro Rodríguez and the panel KLAN2019-00305. The two decisions by panel KLAN2019-00305 and KLCE2019-00367 should be voided based on bias.

8. Plaintiff filed ethical charge against Judge Castro Rodríguez. That charge was filed around April 2019. Due to the institutional bias of the judiciary of Puerto Rico it is practically impossible that an ethical charge against a Judge be decided on the merits on an impartial way. The experience of plaintiff has been that the Judicial Administration removes the Judge from presiding the case but take no measure in preventing other Judges to punish and take reprisals by sanctions and bias decisions against the lawyer and party who exercised his free

speech right under the first amendment of filing ethical charges with reasonable basis and respect, see Holt v. Virginia, supra; InRe Little, supra.  The present Judge Administrator Steidel has a conflict of interest.  In the case KLAN2014-2086 he was a member of the panel which confirmed another outrageous decision in the case KAC2012-0840 in which plaintiff tried to void the decision of Judge Hernández González dismissing his complaint in trying to void plaintiffs redemption of stock.  In that decision Judge Hernández González prevented plaintiff to amend the complaint and then dismissed the cause of action that was in the amended complaint.  It was a violation of due process of Law, see ELA v. Aguayo 80DPR51 (1951); InRe Center Wholesales 259F2d144.  Judges can only decide causes of action that are in the pleadings of a complaint.  That was on December 2010.  Then in August 2011 Judge Hernández amended the complaint motu proprio and then dismissed a cause of action that was in the complaint that he amended.  This is completely void, see González Suarez v. Rodríguez 121DPR749.  Plaintiff filed a complaint to void those two judgments in the Court of First Instance of San Juan KAC2012-0840.  The adversary lawyers used the ethical charges in a conclusory way to incite the hostility of the Judge of the Court of first

27

Instance of San Juan. This Judge dismissed the complaint without a hearing and sanctioned the plaintiff with $3,000. This was a bias decision. The institutional bias of Judges defending themselves is pervasive. After filing a recusal motion that was denied the Judge Administrator was in the panel KLAN2014-2086 and refused to revoke the decision. Motion of dismissal cannot be granted unless there is no conceivable set of facts or principles of Law that could be applicable, see Dorado v. Wrangler 98JTS49.

9. We are also filing this complaint against Judge Angel A. Colón Pérez of the Supreme Court. In the complaint plaintiff filed in the Federal Court 3-19-CV-1266 didn't included Judge Colón Pérez as a defendant. Judge Colón Pérez was a member of the Court in which plaintiff was disbarred. The disbarred judgment by the Supreme Court didn't discuss the ethical charges plaintiff had filed against Judges, the recusal motions against Judges and the ethical charges against lawyers. It was a conclusory decision. Plaintiff was accused of making frivolous arguments citing wrong cases which is completely false. He also was accused of filing motions when he was disqualified. He was disqualified based on lies without a hearing, see Kmart v. Walgreens, supra. KLAN2011-00720 on May 2013 allowed

plaintiff's Pro Se and revoked the bias decision of Judge Dávila of April 2008 and of the panel KLCE2008-00585 of June 2008. Before the Appeals Court decision which reinstalled plaintiff's Pro Se, he filed a motion that was contingent under Rule 14 of Civil Procedure of Puerto Rico, see Rondón v. Domínguez 105DPR368. Plaintiff argued that his disqualification was void. That was on March 2013. After the above mentioned Appeals Court decision, plaintiff argued that his Pro Se was reinstalled. Plaintiff was cited out of context. He was never disrespectful to Judges or lawyers. In the disbarment hearing plaintiff was prevented to cite witness, to cross examine witness and even reading the ethical complaint against him and explain each of the charges. The ethical complaint against him of the Department of Justice was conclusory, the ethical charge made by adversary lawyer Alcaraz Micheli was conclusory. The report of a bias Commissioner, a former Judge, was conclusory. The Supreme Court showed bias. That same Supreme Court left intact clearly wrong decisions refusing to grant the Certiorari. For example, the appointment of defendant Cordero Soto as Judicial Administration was void; the approval of disputed invoices without a hearing in which the person who has the burden of proof didn't offered any evidence were clearly wrong.

29

Showed bias of the Supreme Court.  The refusal to void the way plaintiff was disqualified based on lies was void and showed bias. The refusal to revise the decision KLAN2011-00180 in which plaintiff was denied to have his day in Court and to proof the voidance in the redemption of his stock was wrong was also bias.

## IV.  PRINCIPLES OF LAW APPLICABLE

This complaint is being file under Title 42 Section 1983 which provides that every person who under color of state Law causes the violation of the civil and constitutional rights of citizens or person subject of the jurisdiction of the United States can sue in equity or other proper proceedings for redress.

Judges and other state officials are not immune by the eleventh amendment from injunction and other declaratory relief. Alle v. Mediano 416US802 (1971).  When Judges are being sued for declaratory and injunctive relief they are being sued in their official capacity.  When they are being sued in damages there are being sued in their personal capacity. We recognize that there is a long standing principle that Judges have judicial immunity in damages under Section 1983, see Pierson v. Ray 368US547.  It should be pointed out that 42USCA1983 was approved in 1871.  It was labeled as the Ku Klux Klan Act.  It has been decided that

judicial immunity under Section 1983 is not provided under US Constitution, it is based on congressional intent. See Liability of Judicial Officers under Section 1983 79 Yale Law Journal page 322; Tower v. Glover 467US914 (1984). In 1871 decided to incorporate the judicial immunity in damages doctrine of the common Law. At that time Puerto Rico was a colony of Spain. In Spain there has never been judicial immunity in damages. In Puerto Rico was decided, see Feliciano Rosado v. Matos 110DPR550(1981) that Judges can be held responsible in damages if there is a prior criminal conviction or the Judge has been dismissed from office or impeached. In Puerto Rico it is practically impossible for a Judge to be convicted in a criminal case, also it is practically impossible for a Judge to be dismissed from office. Congress has expressed no intention whether the judicial immunity of the common Law should be applicable from cases arising from Puerto Rico. We believe a contingent judgment can be granted in which damages can be imposed by a Federal Court under Section 1983 subject to a criminal conviction or a dismissal from office or impeachment. In this case there are probable violation of Federal Criminal Laws, see 18USCA241 and 242 which provide for criminal conviction for violation of civil rights. Punitive damages can be awarded under Section 1983 see Smith v. Wade

461US530 (1983); Pacific Mutual Life v. Haslip 449US1 (1991). A Federal Court can void a decision by a State Court including a State Supreme Court in which there is a violation of the constitutional rights of the plaintiffs, see Pulliam v. Allen 466US522 (1984).

## V.    CAUSES OF ACTION AND REMEDIES

Cause of action against the Judges Erik J. Ramírez Nazario; Carlos Candelaria Rosa; Gerardo Flores García of the panel KLAN2019-00305 those Judges decided with bias in a clear wrong way.  They should be subject in a contingent way each of them to actual damages of $300,000 and punitive damages of $300,000.  The judgment of panel KLAN2019-00305 should be voided.

Causes of action against the panel KLCE2019-00367 composed of Judges Carlos Vizcarrondo Irizarri; Giselle Romero García and Fernando Torres Ramírez. Their decision not to grant the discretionary grant of Certiorari was bias, clearly wrong, it should be voided.  Each of them can be subject to $300,000 in actual damages and $300,000 in punitive damages.

Causes of action against Judge Angel Colón Pérez of the Supreme Court. Judge Colón was confirmed in June 28, 2016 he participated in plaintiff's disbarment in June 4, 2018.  The decision of Judge Colón and the

32

decision of the other Judges who participated in the disbarment in an unconstitutional way should be voided. In a contingent way Judge Colón should be subject to $300,000 in actual damages and $300,000 in punitive damages.

Cause of action against Judge Castro Rodríguez. Judge Castro Rodríguez made the two decisions in a judgment and in an order previously explained. They were bias and should be voided. It should be pointed out that Judge Castro Rodríguez was already sued in the complaint filed on 19-CV-1266 that complaint was subject to an automatic stay under Title III of Promesa. The Bankruptcy Judge appointed in Promesa is in the process of deciding whether that complaint should be subject to the automatic stay under Section 362B4 of the Bankruptcy Code incorporated by Promesa. That being litigated and we belief that only the execution of a monetary judgment against the Commonwealth of Puerto Rico and other Title III debtors are subject to the stay. The stay is based on a decision by the Secretary of Justice of the Commonwealth to provide legal representation to the defendants, Judges or former Judges, government officials or former government officials. Furthermore under Law 9 of 32LPRA the Commonwealth can pay damages on behalf of the above mentioned defendants. We are confident that the automatic stay

33

will be limited as previously mentioned.  Anyhow this complaint will be joined to the prior complaint 19-CV-1266 under <u>Rule 18 or 19 of the Federal Rules of Civil Procedures.</u>   Judge Castro decisions of February 2019 should be voided. It should be ordered to cease and desist of presiding the inheritance case KLC2007-01040 Court of First Instance of Humacao.  He should be ordered to pay $300,000 in actual damages, $300,000 in punitive damages in a contingent way.

Cause of action against Judge Sigfrido Steidel Judicial Administrator should be ordered to recuse himself for deciding the ethical charge plaintiff filed against Judge Castro Rodríguez, as above mentioned he has a conflict of interest.

**WHEREFORE**, it is respectfully requested from this Honorable Court that after proper legal proceedings the judgment of the panel KLAN2019-00305 should be voided.  Each of the Judges should be subject in a contingent way to actual and punitive damages of $300,000.   The decision of the panel KLCE2019-00367 should be voided.  Each of the Judges of the panel should be subject in a contingent way with $300,000 in actual damages and $300,000 in punitive damages.   To void the decision by Judge Colón Pérez of the Supreme Court of plaintiff's disbarment jointly with the other Judges of the Supreme Court that were

sued under the case 19-CV-1266.  Actual and punitive damages in a contingent way of $300,000 should be imposed on Judge Colón Pérez. Also Judge Castro Rodríguez of the Court of First Instance of Humacao his decisions of February 2019 should be voided for bias.  Actual and punitive damages in a contingent way should be imposed of $300,000. Finally Judge Steidel should be ordered to recuse himself for deciding the ethical charge filed against Judge Castro.

Filed at August 13 , 2019

**HIRAM PEREZ SOTO**
**PRO SE**
S1-5, Calle 11
Villas del Paraná
San Juan, Puerto Rico 00926-6045
Tel. (787) 731-6573
Cel. (787) 438-6687
E-mail:  hperez1057@gmail.com