UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART HIRAM
PÉREZ-SOTO'S MOTION FOR RELIEF FROM AUTOMATIC STAY (DOCKET ENTRY NO. 7776)

Before the Court is the *Motion to Lift Automatic Stay and/or to Ask the Court That It Is Not Applicable in This Case* (Docket Entry No. 7776 in Case No. 17-3283,[2] the "Motion"), filed by Hiram Pérez-Soto (the "Movant"), who seeks relief from the automatic stay imposed by the filing of the above-captioned Title III case on a case captioned <u>Hiram Perez-Soto v. Judges of the Supreme Court, et al.</u>, Case No. 19-cv-1266 (the "Litigation"), which is

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

currently pending before the United States District Court for the District of Puerto Rico. For the following reasons, the Motion is granted in part and denied in part as set forth herein.

BACKGROUND

By petition filed on May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") initiated the instant case on behalf of the Commonwealth under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").[3] (See *Objection of the Commonwealth of Puerto Rico to Motion to Lift Automatic Stay and/or to Ask the Court That It Is Not Applicable in This Case Filed by Hiram Pérez-Soto*, Docket Entry No. 8246, the "Objection," ¶ 1.) Approximately two years later, Movant commenced the Litigation, pursuant to 42 U.S.C. § 1983, against various Commonwealth judges and other current and former government officials (the "Commonwealth Defendants"), as well as several private attorneys (the "Private Defendants," and collectively with the Commonwealth Defendants, the "Defendants"),[4] seeking (i) a determination that the

---

[3] PROMESA is codified at 48 U.S.C. §§ 2101-2241.
[4] In the Litigation, Movant named a total of 62 defendants comprised of (i) "Judges of the Supreme Court"; (ii) "Former Chief Judges of the Supreme Court"; (iii) "Judges of the Appeals Court"; (iv) "Judges of the Court of First Instance"; (v) "Judges Administrators of the Judicial System"; (vi) "Lawyers of the Office of the Solicitor General Commonwealth of Puerto Rico"; (vii) "Counselors for the Defendants"; and (viii) the "Commissioner." (Docket Entry No. 4 in Case No. 19-cv-1266, the "Complaint."). According to the Commonwealth, Defendants are "officers, former officers, employees, and/or former employees of the Commonwealth" and, as such, are being represented in the Litigation by the Commonwealth Department of Justice ("DOJ") pursuant to Act 9 of the November 26, 1975 ("Act 9"), P.R. Laws Ann. § 3085, tit. 32. (Objection ¶ 2 n.4.) The Commonwealth further indicates that, under Act 9, it would be required to disburse funds to pay any judgment against Defendants, unless such judgment is a result of Defendants' gross negligence or intentional conduct. (Id.) The Court notes, however, that the Private Defendants—identified by Movant as "Counselors for the Defendants"— do not appear to be current or former Commonwealth employees and are represented in the Litigation by private counsel, not the DOJ.

Defendants violated his civil rights in connection with his disbarment from the practice of law and related proceedings; (ii) injunctive and declaratory relief voiding sanctions and judgments issued against him; and (iii) damages under § 1983 in an amount ranging from $200,000.00 to $800,000.00 for each Defendant. (Objection ¶ 2; see generally Complaint.) In the Litigation, Movant contends, inter alia, that there has been an almost eleven-year "history of . . . abuse against [him] by [j]udges and [c]ounselors for the defendants . . . [,]" which he alleges first began in the context of a lawsuit that he had filed in August 2007 in the Court of First Instance of Humacao relating to the distribution of his father's estate (the "Estate Litigation"). (Complaint ¶¶ 1, 2.)

On April 17, 2019, the Commonwealth filed in the Litigation a *Notice of Automatic Stay and of Procedures for Filing Motions for Relief from the Automatic Stay in the Commonwealth of Puerto Rico's Title III Case* (Docket Entry No. 7 in Case No. 19-cv-1266), requesting that the District Court take notice of the automatic stay of the Litigation pursuant to Sections 362 and 922 of the Bankruptcy Code, 11 U.S.C. §§ 362 and 922.[5] Shortly thereafter, several Private Defendants moved to dismiss the claims asserted against them. (Docket Entry No. 9 in Case No. 19-cv-1266.) On July 2, 2019, before ruling on the motion to dismiss, the District Court entered an order staying the Litigation in its entirety.[6] (Docket Entry No. 31 in Case No. 19-cv-1266.)

Movant filed the instant Motion on May 29, 2019, seeking relief from the automatic stay with respect to the Litigation. Relying upon Section 362(b)(4) of the Bankruptcy

---

[5] Sections 362 and 922 of the Bankruptcy Code are made applicable in this Title III case by Section 301(a) of PROMESA, 48 U.S.C. § 2161.
[6] At the time the District Court entered the stay order, discovery in the Litigation had not yet commenced. (Objection ¶ 4.)

Code, Movant argues that the Litigation is not subject to the automatic stay because his claims are tantamount to the enforcement of a governmental unit's or organization's police and regulatory power. (See, e.g., Motion ¶¶ 6, 8.) Movant further submits that, if this Court were to deem Section 362(b)(4) inapplicable, he would "desist without prejudice any damage claim against government or former government officials . . . [and would] only ask for declaratory and injunctive relief" with respect to those Defendants. (Id. ¶ 9.) In addition, Movant contends that, in any event, his claims against the Private Defendants cannot be stayed. (Id.)

In its Objection, the Commonwealth argues that Section 362(b)(4) of the Bankruptcy Code does not apply because Movant is a private individual, not a governmental unit. (Objection ¶¶ 8, 9.) It further contends that the Motion should be denied because Movant has failed to establish that "cause" exists to lift or modify the automatic stay to permit the pursuit of claims against the Commonwealth Defendants. (Id. ¶ 6.) The Commonwealth has not, however, asserted any objection to continuation of the Litigation as against the Private Defendants and, in its Objection, has indicated that it would not oppose limited stay relief with respect to the Commonwealth Defendants. (Id. ¶ 7 n.6.) In a subsequent submission following further Court-ordered communications with Movant, the Commonwealth states that it will not oppose (i) allowing the Litigation to proceed to judgment against the Commonwealth Defendants and the Private Defendants, and (ii) execution and enforcement of non-monetary relief at no expense to the Commonwealth or any other Title III Debtor. (*Informative Motion of the Commonwealth of Puerto Rico in Compliance with Order Regarding Hiram Perez-Soto's Motion for Relief from Automatic Stay* (Docket Entry No. 8478, the "Informative Motion") ¶¶ 5, 6.) As noted above, the Commonwealth asserts no objection to execution and enforcement of relief as against the Private Defendants, although it does object to the implementation, enforcement

and/or execution of any relief that would entail the disbursement of funds belonging to the Commonwealth or any other Title III Debtor. In his *Motion Informing the Court* (Docket Entry No. 8495, the "Informative Response") filed in response to the Informative Motion, Movant indicates his consent to the Commonwealth's proposal that the automatic stay remain applicable to the execution and enforcement of any monetary judgment against the Commonwealth Defendants. (Id. ¶ 2.) Movant's stance concerning applicability of the automatic stay to his claims for injunctive and declaratory relief, however, conflicts slightly with the Commonwealth's position with respect to that issue, in that Movant maintains that his claims for non-monetary relief are categorically immune from the stay even where imposition of such relief "could entail some incidental costs" to the Commonwealth. (Id. ¶ 3.)

The Court has considered carefully all of the parties' submissions.[7] For the following reasons, the Court finds that Section 362(b)(4) of the Bankruptcy Code does not exempt the Litigation from the automatic stay, and grants the Motion to the extent set forth below with respect to Movant's claims against the Commonwealth Defendants and the implementation, enforcement, and/or execution of non-monetary relief. No argument having been raised by the Commonwealth concerning Movant's pursuit of his claims against the Private Defendants, Movant's claims against those Defendants are not restricted by the automatic stay except insofar as any relief granted against them entails the disbursement of funds belonging to the Commonwealth or any other Title III Debtor.

---

[7] The Court has reviewed the Motion; the *Motion Answering Urgent Consented Motion for Extension of Deadlines* (Docket Entry No. 8090); the Objection; the *Motion Complying with the Order of the Honorable Court Stating Our Position of Inapplicability of the Automatic Stay* (Docket Entry No. 8317); the Informative Motion; and the Informative Response.

DISCUSSION

Section 362(a)(1) of the Bankruptcy Code imposes an automatic stay on "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C.A. § 362(a)(1) (West 2015). Under Section 362(a)(3), an automatic stay also applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" Id. § 362(a)(3). Section 922(a) of the Bankruptcy Code supplements Section 362 by providing that a Title III petition operates as a stay of proceedings "against an officer or inhabitant of the debtor that seek[] to enforce a claim against the debtor." 11 U.S.C.A. § 922(a)(1) (West 2016); see also Docket Entry No. 543 (confirming that "the protections of Bankruptcy Code [S]ection 922(a)(1) with respect to officers and inhabitants of the [Title III] [d]ebtors . . . apply in all respects to the [d]ebtors' officers in both their official and personal capacities with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the [d]ebtors").

As an initial matter, the Court is unpersuaded by Movant's contention that the Litigation is exempted from the automatic stay by Section 362(b)(4) of the Bankruptcy Code as an action "by a governmental unit" to which the automatic stay does not apply. (See Motion ¶ 5.) Section 362(b)(4) provides that the filing of a Title III petition does not operate as a stay "of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power[.]" 11 U.S.C.A.§ 362(b)(4) (West 2015). The Bankruptcy Code defines "governmental unit" to mean

"United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States . . . , a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government." Id. § 101(27). Because Movant is a private individual seeking damages and other relief in the Litigation on his own behalf, Section 362(b)(4) is plainly inapplicable to his claims. (See Docket Entry No. 1765 at 3-4 (finding Section 362(b)(4) "inapplicable on its face" to litigation commenced by a private entity); accord Docket Entry No. 1234 (denying relief from automatic stay in § 1983 action against Commonwealth officials).) The Court must determine, then, whether an order lifting the automatic stay of the Litigation is warranted.

Section 362(d)(1) of the Bankruptcy Code permits a court to grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1) (West 2015). In evaluating whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990). See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax).

In light of the Commonwealth's decision to refrain from objecting to stay relief that will permit Movant to pursue his primary goals in the Litigation (see Informative Motion ¶¶ 5, 6), and Movant's own indication that he is willing to refrain from seeking monetary relief against the Commonwealth Defendants (see Informative Response ¶ 2), it is unnecessary for the Court to address the parties' arguments regarding the Sonnax factors at this juncture. Based on the parties' submissions, the Court hereby grants the following relief from the automatic stay:

    (i)    Movant may pursue through entry of judgment his claims against the Commonwealth Defendants; and

(ii) Movant may pursue execution and enforcement of any non-monetary relief sought by Movant in the Litigation that does not entail the disbursement of funds belonging to the Commonwealth or any other Title III Debtor for the implementation, enforcement, and/or execution of such non-monetary relief. Notwithstanding the foregoing, payment by the Commonwealth or another Title III Debtor of any de minimis incidental costs associated with the implementation, enforcement, and/or execution of non-monetary relief shall not be considered "the disbursement of funds" for purposes of this Memorandum Order. Should Movant seek the implementation, enforcement, and/or execution of non-monetary relief that the Commonwealth believes would require a disbursement of funds of the Commonwealth or another Title III Debtor, the Commonwealth shall serve promptly upon Movant written notice (a "Notice") identifying the non-monetary relief and providing a brief summary of its position. The Notice shall include a certification that the Commonwealth believes in good faith that implementation, enforcement, and/or execution of the non-monetary relief in question will in fact require the disbursement of funds belonging to the Commonwealth or any other Title III Debtor. In the event that the Commonwealth sends Movant a Notice, Movant and the Commonwealth must confer in good faith to seek to resolve the issue and, failing a consensual resolution, Movant may file a motion for further relief from the automatic stay in accordance with the Case Management Procedures.

CONCLUSION

For the foregoing reasons, the Litigation is not exempted from the automatic stay by Section 362(b)(4) of the Bankruptcy Code, and the Motion is granted in part with respect to the Commonwealth Defendants as set forth above and denied as to those Defendants in all other respects. There being no proffer of any basis for a finding that the automatic stay applies to Movant's claims against the Private Defendants, no relief is necessary as to those Defendants and the automatic stay does not restrict the Litigation as against the Private Defendants except insofar as the implementation, enforcement, and/or execution of relief against any such Defendant would entail the disbursement of funds belonging to the Commonwealth or any other Title III Debtor.

This Memorandum Order resolves Docket Entry No. 7776.

SO ORDERED.

Dated: August 22, 2019

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            United States District Judge