**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al,*<br><br>　　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**MOTION TO STRIKE AMENDED NOTICE OF APPEAL**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

i

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] moves to strike the Supplemental and Amended Joint Notice of Appeal to the United States Court of Appeals for the First Circuit and the corrected Supplemental and Amended Joint Notice of Appeal to the United States Court of Appeals for the First Circuit (collectively, the "Amended Notice") filed by Peter C. Hein ("Hein") (Dkt. Nos. 8717 and 8726), or, in the alternative, to have the Amended Notice treated as a new notice of appeal.

## PRELIMINARY STATEMENT

1. This Court lacks jurisdiction to permit Hein to amend his previously filed notice of appeal. A notice of appeal that is not patently meritless "divests a district court of [the] authority to proceed with respect to any matter touching upon, or involved in, the appeal." *United States v. Brooks*, 145 F.3d 446, 455 (1st Cir. 1998) (citation omitted). Hein's original notice of appeal was filed more than seven months ago, and his appeal has been docketed at the First Circuit since February. This Court thus no longer has jurisdiction over Hein's notice of appeal. If Hein wants to amend the notice of appeal, he must ask the First Circuit for leave. *See, e.g., Smith v. Jenkins*, 777 F. Supp. 2d 270, 271 (D. Mass. 2011). This Court has previously recognized at the September 11, 2019 hearing that it lacks jurisdiction over issues involved in Hein's appeal.

2. Even if this Court had jurisdiction to allow Hein to amend his original notice of appeal, the Amended Notice is procedurally improper and should be stricken from the docket. In filing the Amended Notice, Hein seeks to expand the scope of his pending appeal at the First Circuit by adding two orders issued by this Court months after the orders that are currently the

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

subject of his pending appeal. Such an amendment is not authorized by the Federal Rules. If Hein wishes to seek review of the more recent orders issued by this Court, the Rules require him to file a new notice of appeal, which would result in a new appeal being docketed at the First Circuit. However, Hein cannot belatedly expand the scope of his existing appeal by filing the Amended Notice at this Court.

3. Hein's procedural errors are not mere technicalities. Expanding the scope of the pending appeal at this late stage would cause logistical problems at the First Circuit and for the parties. For one thing, Hein's opening brief at the First Circuit on the original appeal is due in less than three weeks, but the orders identified in the Amended Notice—issued only days ago—were never forwarded to the First Circuit as part of the docketing process seven months ago. And, obviously, such orders could not have been forwarded because they did not exist at the time of the original docketing of the appeal. Moreover, the First Circuit *sua sponte* consolidated Hein's pending appeal with another appeal apparently based on the similarity of the issues presented, and it permitted the COFINA Senior Bondholders' Coalition to intervene in the consolidated appeal. The First Circuit may not have granted any of that relief had these new orders been part of the appeal. Since Hein's appeal has already been docketed and briefing about to begin, Hein cannot expand the scope of his appeal now—at least not without the permission of the First Circuit.

## RELEVANT BACKGROUND

4. Prior to confirmation of the COFINA Plan of Adjustment (the "Plan"), Hein lodged various objections to the Plan. Dkt. No. 4585. Those objections were overruled by this Court in its February 5, 2019 amended order confirming the COFINA Plan, Dkt. No. 5055, and the Plan was consummated on February 12, 2019.

2

5. On February 19, 2019, Hein and two of his fellow objectors filed a notice of appeal (Dkt. No. 5166), in which they took an appeal from the following seven orders related to the confirmation of the COFINA Plan: (1) the February 5, 2019 amended order confirming the Plan (Dkt. No. 5055); (2) the original February 4, 2019 order confirming the Plan (Dkt. No. 5048); (3) the February 5, 2019 Amended Memorandum of Findings of Fact and Conclusions of Law in Connection with the Confirmation of the Third Amended Title III Plan of Adjustment (Dkt. No 5053); (4) the February 4, 2019 Memorandum of Findings of Fact and Conclusions of Law in Connection with the Confirmation of the Third Amended Title III Plan of Adjustment (Dkt. No. 5047); (5) the February 4, 2019 Order Approving the Settlement between the Commonwealth of Puerto Rico and Puerto Rico Sales Tax Financing Corporation (Dkt. No. 5045); (6) the November 29, 2018 Disclosure Statement Order (Dkt. No. 375); and (7) the Notice Regarding the Proper Method for Submission of Objections to the Proposed COFINA Plan of Adjustment.

6. On September 12, 2019, this Court issued an order disallowing Hein's Proof of Claim 10701 on the ground that it is duplicative of The Bank of New York Master Proof of Claim in that both seek to realize rights to payment under the subordinated bonds. Dkt. No. 8694. To the extent Hein's Proof of Claim challenged confirmation of the COFINA Plan, the Court held that it lacked jurisdiction to consider those challenges because those issues are the subject of Hein's pending appeal at the First Circuit. *Id.*

7. On September 13, 2019, Hein purported to amend his original notice of appeal (*see* Dkt. No. 8717) by filing the Amended Notice, which listed two additional orders being appealed from: (1) the September 12, 2019 Order Sustaining the Remainder of Thirteenth Omnibus Objection and Denying Motion to Compel (Dkt. No. 8694); and (2) the May 28, 2019 Order

3

Granting in Part Puerto Rico Sales Tax Financing Corporation's Thirteenth Omnibus Objection (Non-Substantive) to Duplicate Claims (Dkt. No. 7113). Hein filed a corrected amended notice of appeal shortly thereafter. Dkt. No. 8726.

## ARGUMENT

8. The decision whether to strike an improper filing is entrusted to the district court's sound discretion. *Peaje Invs. LLC v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 899 F.3d 1, 7 (1st Cir. 2018) ("assum[ing]" that decision to strike improper portions of reply brief is reviewed for abuse of discretion). When a notice of appeal is improperly filed, the proper remedy is to strike the improper notice of appeal from the record. *See, e.g.*, *Williams v. Vilsack*, 669 F. Supp. 2d 16, 18 (D.D.C. 2009); *Rain Bird Corp. v. Salisbury (In re Salisbury)*, 337 B.R. 588, 592 (Bankr. N.D. Miss. 2006).

9. Here, the Amended Notice was improper because this Court no longer has jurisdiction over Hein's notice of appeal or the issues in his appeal. It is a bedrock principle of appellate law that filing a notice of appeal is a jurisdictional event that divests the district court "of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982); *see also Brooks*, 145 F.3d at 455. Accordingly, a district court lacks jurisdiction to permit an amendment to a notice of appeal that has already become effective. *See, e.g.*, *Jenkins*, 777 F. Supp. 2d at 271–72; *see also Foster v. Cerro Gordo Cty.*, No. 14-CV-3013-CJW, 2017 WL 4269967, at *1 (N.D. Iowa 2017) (noting earlier ruling that district court lacked jurisdiction to allow amendment to effective notice of appeal). Since the First Circuit has jurisdiction over Hein's appeal, he can only ask *that* Court for leave to amend his notice of appeal; this Court lacks the power to grant that relief. *Jenkins*, 777 F. Supp. 2d at 271–72.

4

10. Even if this Court theoretically had the power to permit Hein to amend his original notice of appeal, the Amended Notice is not authorized by the Federal Rules. The Federal Rules of Appellate Procedure allow a party to expand the scope of an appeal by amending the notice of appeal at the district court only in limited circumstances—namely, when the party has already appealed from a final judgment and the district court issues one or more of the post-judgment orders listed in Federal Rule of Appellate Procedure 4(a)(4)(A). Under those circumstances, the aggrieved party may amend the notice of appeal to add the post-judgment orders, and "[n]o additional fee is required to file an amended notice." Fed. R. App. P. 4(a)(4)(B)(iii). In any other situation, however, an amended notice of appeal that purports to expand the scope of the appeal by adding new orders should be treated as a new notice of appeal. *See Gaskins v. District of Columbia*, No. 97-7025, 1997 WL 252627, at *1 (D.C. Cir. 1997) ("Rule 4 allows amendment of the notice of appeal, with no additional filing fee, only after disposition of post-judgment motions."); *see also Pitrolo v. Cty. of Buncombe, N.C.*, 589 F. App'x 619, 624 (4th Cir. 2014) ("A party may only amend its notice of appeal to include (1) any order entered by the district court within 30 days of the order prompting the original notice of appeal; or (2) an order denying a specific motion listed in Rule 4(a)(4)(A), the filing of which tolls the appeals period, within 30 days of an order disposing of that motion."). A new notice of appeal requires the payment of a docketing fee, *see* Fed. R. App. P. 3(e), and results in a new appeal being docketed at the court of appeals.

11. Hein's Amended Notice does not purport to add one of the post-judgment orders listed in Federal Rule of Appellate Procedure 4(a)(4). Instead, without seeking leave, Hein purported to amend his notice of appeal to expand the scope of his appeal by adding new orders

5

issued months after the orders that are the subject of his pending appeal. The Rules do not permit such an amendment.

12. Hein's belated attempt to expand the scope of his pending appeal is not only without authorization in the Rules, but it would also create logistical problems at the First Circuit. Hein's appeal was docketed seven months ago. Since that time, the First Circuit has consolidated his appeal (No. 19-1182) with another appeal challenging the confirmation of the COFINA Plan (No. 19-1181). Presumably, the First Circuit ordered those appeals consolidated because they both seek the same relief—that is, seeking to overturn the confirmed COFINA Plan. To the extent Hein now seeks to inject new issues into the consolidated appeal—such as whether this Court properly denied his Proof of Claim on the ground that it is duplicative of The Bank of New York Master Proof of Claim, for example—it would not make sense for those issues to be consolidated with the other appeal challenging confirmation of the COFINA Plan.

13. Hein's opening appellate brief is due in less than three weeks. To provide clarity to the parties concerning the issues under appeal before briefing begins, the Court should strike the Amended Notice and clarify that the orders listed in the Amended Notice are not properly part of the pending appeal unless the First Circuit so orders. In the alternative, the Court should treat the Amended Notice as a new notice of appeal and forward that new notice of appeal to the First Circuit to be docketed accordingly. If Hein wishes to seek relief from the First Circuit to address any matters concerning the new notice of appeal, he is, of course, free to do so.

## **CONCLUSION**

14. For the foregoing reasons, COFINA respectfully requests that this Court strike the Amended Notice from the docket or, in the alternative, treat the Amended Notice as a new notice of appeal.

Dated: September 20, 2019
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

*/s/ Brian S. Rosen*
Martin J. Bienenstock *(pro hac vice)*
Brian S. Rosen *(pro hac vice)*
Jeffrey W. Levitan *(pro hac vice)*

**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board as representative for COFINA*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 20, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and all CM/ECF participants in the case.

*/s/ Hermann D. Bauer*

Hermann D. Bauer

8