UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br><br>THIS PLEADING RELATES ONLY TO THIS TITLE III CASE[2]<br><br>(Jointly Administered)<br><br>Re: Docket No. 8297 |

### MOTION TO ALTER OR AMEND ORDER SUSTAINING OBJECTION (DKT. 8297) TO CLAIMS NO. 152470 & NO. 152283

TO THE HONORABLE COURT:

COME NOW, creditors Jorge A. Diaz Mayoral and Juan A. Frau Escudero ("Movants"), by the undersigned counsel, and, very respectfully, state, allege and pray:

1. Debtors by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*, 48 U.S.C. §§ 2101–2241 ("PROMESA") filed the *Sixty-Fourth Omnibus*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] This clarification is made in accordance to the Court's *Order (A) Pursuant to PROMESA Section 304(G), Directing Joint Administration of Initial Title III Cases and Additional Title III Cases, and (B) Pursuant to Section 105(A) of The Bankruptcy Code, Making Certain Orders Entered on First Day Pleadings Applicable to the Additional Title III Cases.* See, Docket No. 167 at ¶ 5 of p. 4.

-2-

*Objection (Substantive) Of The Commonwealth Of Puerto Rico To Claims Based On Investments In Mutual Funds* (Docket No. 8297). Said objection includes, in Exhibit A thereto, two claims filed by Movants: Claim No. 152470 filed by Mr. Díaz Mayoral on 6/29/2018 for $68,498.12 and Claim No. 152283 filed by Mr. Frau Escudero on 6/29/2018 for $259,917.43.

2. On August 28, 2019, Movants filed a motion requesting an extension of time to respond (Docket No. 8564) and the court granted the requested extension. (Docket No. 8566).

3. Within the extension of time granted by the Court, on September 4, 2019, Movants submitted their response to the *Sixty-Fourth Omnibus Objection* (Docket No. 8609).

4. On September 9, 2019, the Board filed its *Second Omnibus Reply*. (Docket No. 8646).

5. On Sept. 11, 2019, the Court held a hearing, in which this Honorable Court, through a bench order, sustained the *Sixty-Fourth Omnibus Objection* with respect to Movants' Claims No. 152470 & No. 152283.

6. The Court's specific determination with respect to the Movants' response is not in the Minute Entry of the Sept. 11, 2019 hearing (*see* Minute Entry in Docket 8689) and the undersigned was unable to see the hearing transcript because it is restricted (*see* Exhibit 1).

7. Although we could not find the Court's determination in the Minute Entry or in a separate order in the docket, as today is the fourteenth day from the bench order, the Movants respectfully request the reconsideration of the bench order sustaining the

*Sixty-Fourth Omnibus Objection* with respect to Movants' Claims No. 152470 & No. 152283.

**I. JURISDICTION.**

This Honorable Court has jurisdiction to hear this motion to alter or amend order under Rule 59 of the Federal Rules of Civil Procedure, as made applicable to cases under the Bankruptcy Code pursuant to Rule 9023 of the Federal Bankruptcy Rules. Rule 59(e) of the Federal Rules of Civil Procedure allows a party to request the alteration or amendment of a judgment within fourteen (14) days after the entry of the judgment. The disallowance of a claim may also be reconsidered under Section 502(j) of the Bankruptcy Code (11 U.S.C. § 502(j)), as made applicable by Section 301 of PROMESA, 48 U.S.C.A. § 2161.

**II. DISCUSSION.**

Firstly, Movants' request the reconsideration of the order sustaining the objection because the definition of a claim is so broad that it encompasses more than just the claim for payment of the bonds that the mutual funds claimed in their proofs of claim and may also include a claim for the personal injury sustained by the Movants. The Bankruptcy Code's definition of claim is made applicable to cases under PROMESA by Section 301 of PROMESA, which makes certain sections of the Bankruptcy Code applicable to the instant cases. Specifically, Section 301 states that:

> Sections 101 (except as otherwise provided in this section), 102, 104, 105, 106, 107, 108, 112, 333, 344, 347(b), 349, 350(b), 351, 361, 362, 364(c), 364(d), 364(e), 364(f), 365, 366, 501, 502, 503, 504, 506, 507(a)(2), 509, 510, 524(a)(1), 524(a)(2), 544, 545, 546, 547, 548, 549(a), 549(c), 549(d), 550, 551, 552, 553, 555, 556, 557, 559, 560, 561, 562, 902 (except as otherwise provided in this section), 922, 923, 924, 925, 926, 927, 928, 942, 944, 945, 946, 1102, 1103, 1109, 1111(b), 1122, 1123(a)(1), 1123(a)(2), 1123(a)(3), 1123(a)(4), 1123(a)(5), 1123(b), 1123(d), 1124, 1125, 1126(a), 1126(b), 1126(c), 1126(e), 1126(f), 1126(g), 1127(d), 1128,

1129(a)(2), 1129(a)(3), 1129(a)(6), 1129(a)(8), 1129(a)(10), 1129(b)(1), 1129(b)(2)(A), 1129(b)(2)(B), 1142(b), 1143, 1144, 1145, and 1146(a) of Title 11 apply in a case under this subchapter and section 930 of Title 11 applies in a case under this subchapter; however, section 930 shall not apply in any case during the first 120 days after the date on which such case is commenced under this subchapter.

48 U.S.C.A. § 2161.

Section 101 of the Bankruptcy Code defines a claim as follows:

(5) The term "claim" means--

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C.A. § 101(5).

Section 101 of the Bankruptcy Code defines a creditor as follows:

(10) The term "creditor" means--

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

(B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or

(C) entity that has a community claim.

11 U.S.C.A. § 101(10). Section 101 of the Bankruptcy Code also defines a debt as "liability on a claim." 11 U.S.C.A. § 101(12).

The only deviation to those definitions in Section 301 of PROMESA is to the definition of a holder of a claim:

HOLDER OF A CLAIM OR INTEREST.—The term "holder of a claim or interest", when used in section 1126 of title 11, United States Code, made applicable in a case under this title by subsection (a)—

(A) shall exclude any Issuer or Authorized Instrumentality of the Territory Government Issuer (as defined under Title VI of this Act) or a corporation,

-4-

trust or other legal entity that is controlled by the Issuer or an Authorized Territorial Instrumentality of the Territory Government Issuer, provided that the beneficiaries of such claims, to the extent they are not referenced in this subparagraph, shall not be excluded, and that, for each excluded trust or other legal entity, the court shall, upon the request of any participant or beneficiary of such trust or entity, at any time after the commencement of the case, order the appointment of a separate committee of creditors pursuant to section 1102(a)(2) of title 11, United States Code; and

(B) with reference to Insured Bonds, shall mean the monoline insurer insuring such Insured Bond to the extent such insurer is granted the right to vote Insured Bonds for purposes of directing remedies or consenting to proposed amendments or modifications as provided in the applicable documents pursuant to which such Insured Bond was issued and insured.

48 U.S.C.A. § 2161.

Therefore, the Movants' claims are not limited to a claim for payment of the bonds that the mutual funds claim in their proof of claim and can include, based on the investments they made in the mutual funds that invested in the Debtors' bonds, on the personal injury that they sustained as a result of said investment.

Under Article 1802 of the Puerto Rico Civil Code (31 L.P.R.A. § 5141), any party may be held responsible for the damages caused to another person for their action or inaction. Specifically, Article 1802 states "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." *Id*. Movants have suffered and/or have an imminent risk of suffering damages where the action and/or inaction of the Debtors is the principal cause of Movant's damages.

The Debtors' issuance of bonds for which they did not have the ability to pay, concealing and/or misleadingly presenting their financial condition or ability to pay, and/or, negligently or with fault, convincing the general public, including the Movants, that the Commonwealth, its agencies, departments, instrumentalities or public corporations were in good financial condition, had the ability to pay the bonds issued by

the Debtors and/or that the bonds issued by the Debtors were sound investments are the proximate cause of Movants' damages and the Debtors can be held liable for the injuries sustained by Movants, whose financial stability has been negatively affected, especially in recent times where they have had the need to liquefy their investments and have been unable to do so because they were unable to sell their investments because of the negative impact in the value of the investments which were a result of the actions and inaction of the Debtors. Additional injuries have arisen and may further arise from Debtors' determinations to provide uneven and inequitable recovery to creditors in detriment to the Movants, i.e. by providing more recovery to more recent investors, that paid less for their bonds and may be realizing a gain, and less recovery to initial or less recent investors, that paid more for their bonds and are realizing a loss or greater loss. Also, inasmuch as the Debtors recover from third parties amounts related to the actions and/or inactions described above, the Movants have a right to recover from the Debtors from the amounts so recovered. Lastly, some of the bonds have been liquidated, resulting in a recent realization of capital losses to Movants. Movants' claims for personal injury, including damages under Article 1802 of the Puerto Rico Civil Code or under any other specific legislation provide the Movants with personal standing to file proof of claim to recover from the Debtors.

The nature of an investor of a mutual fund does not preclude personal standing to file a proof of claim for such personal injuries sustained by the Movants. In their Response, the Movants argued that an investor of a mutual fund is more akin to a co-owner of the fund's bonds (https://www.investopedia.com/terms/m/mutualfund.asp), rather than a creditor of the mutual fund or even than an equity holder or owner of the legal entity that holds the bonds issued by the Debtors. During the Sept. 11, 2019

hearing, this Court specifically held that an investor of a mutual fund is not a co-owner of the bonds held by the mutual funds and, therefore does not have standing to file their proofs of claim.

However, other than this Court's previous determination in these proceedings (with respect to a different omnibus objection that does not bind the Movants), in the *Sixty Fourth Omnibus Objection* and the *Second Omnibus Reply*, the Board did not cite any previous determinations by other courts where, in the specific context of a proof of claim, those courts determined that an individual investor in a mutual fund does not have standing under any circumstances to file a proof of claim. Moreover, one of the cases cited by the Board in its *Second Omnibus Reply* recognized a separate cause of action with regards to the injuries sustained by the individual investor in mutual funds. The separate and distinct cause of action recognized in the case cited by the Board does provide standing for the Movants' proofs of claim.

In its *Second Omnibus Reply*, the Board cited two new cases that were not cited in the *Sixty Fourth Omnibus Objection*. First, the Board cited *Community Trust Bancorp., Inc. v. U.S.*, No. Civ. A. 98-249, 1999 WL 594129, at *5 (E.D. Ky. June 28, 1999) for the proposition that in that case, the District Court determined that "the mutual fund is a separate entity from the investor, and [] the mutual fund, not the investor, is the owner of the bonds." However, that case does not evaluate who has standing to file a proof of claim, rather, it evaluates the tax treatment for the investor, which, in that case, was a bank, of the losses sustained by the mutual fund when it sold some bonds at a loss. The bank needed to prove that the losses were ordinary, as required by the relevant tax statute. In that case, the District Court's analysis was geared towards determining whether the losses were ordinary for the bank. Moreover, the mutual funds

at issue in that case are not necessarily mutual funds like the ones at issue here, which are regulated by the Puerto Rico Investment Companies Act and not the U.S. Investment Company Act of 1940.

Also, the Board cited *Gordon v. Fundamental Investors, Inc.*, 362 F. Supp. 41 (S.D.N.Y. 1973) for the proposition that, in that case, the District Court determined that a mutual fund investor lacked standing to bring suit for alleged violations of the proxy rules that caused harm to the mutual fund, because "[i]t has long been the rule of law that mere diminution in the value of his stock because of a wrong done to the corporation does not give rise to an individual claim for relief by the shareholder." *Gordon v. Fundamental Investors, Inc.*, 362 F. Supp. at 44. Just as in the prior case, this case also does not examine the issue of standing to file a proof of claim and the mutual funds at issue there are also not necessarily mutual funds regulated by the Puerto Rico Investment Companies Act instead of the U.S. Investment Company Act of 1940.

Moreover, in that case, the District Court recognized that "[t]here are circumstances, of course, where relief will be awarded in favor of shareholders individually rather than of the corporation" and held that "while a shareholder may sue for violation of a proxy rule,[. . .] he must, like any other plaintiff, have been affected in his own interest by the material omission or misstatement to recover on his own behalf" because "a shareholder has a direct right to attack a corporate transaction which dilutes his proportionate ownership." *Gordon v. Fundamental Investors, Inc.*, 362 F. Supp. at 44-45.

So, even if the Court were to sustain its determination that the individual investors are not co-owners and/or that they are not beneficial owners, from the cases

cited by the Board, especially, *Gordon*, it is apparent that the individual investors can have standing, but it is a fact-dependent, case by case analysis that cannot be performed on the pleadings alone, and that requires discovery and an evidentiary hearing or trial to establish the existence or non-existence of the personal injury which grants them standing to file their personal proof of claim separate and distinct from the proofs of claim of the mutual funds.

Therefore, the Movants request the bench order be vacated and that the Honorable Court allow Movants to supplement their response regarding their personal injury, or in the alternative, hold an evidentiary hearing where the Movants may present evidence regarding their personal injury; or, in the alternative, that the Movants be allowed to amend their proofs of claim to present evidence regarding their personal injury, which would then be subject to any future objection that the Commonwealth may file, if any.

WHEREFORE, the Movants herein, Mr. Diaz Mayoral and Mr. Frau Escudero, respectfully request that this Honorable Court reconsider and vacate the bench order sustaining the *Sixty-Fourth Omnibus Objection to Claims* with respect to the Movants' Claims Nos. 152470 and 152283 and allow Movants to supplement their response regarding their personal injury; or in the alternative, hold an evidentiary hearing where the Movants may present evidence regarding their personal injury; or, in the alternative, that the Movants be allowed to amend their proofs of claim to present evidence regarding their personal injury, which would then be subject to any future objection that the Commonwealth may file, if any.

CERTIFICATE OF SERVICE: I HEREBY CERTIFY that, on this same date, the foregoing has been filed with the Court's CM/ECF system, which will automatically send an exact

-10-

copy to all parties so subscribed on this 25th day of September, 2019, including the attorneys for the Financial Oversight and Management Board as representative for the Commonwealth: Hermann D. Bauer and Daniel J. Pérez-Refojos, both of O'neill & Borges, LLC and Martin J. Bienenstock of Proskauer Rose, LLP.

RESPECTFULLY SUBMITTED, in San Juan, PR, this 25th day of September, 2019.

Attorney for
Jorge A. Díaz Mayoral and
Juan A. Frau Escudero

s/Monique J. Díaz Mayoral
Monique J. Díaz Mayoral
USDC-PR No. 225712
diazmayorallaw@gmail.com
P.O. Box 364134
San Juan PR 00936-4134
Tel. 787-552-2000
Fax 1-888-620-2043