# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------ X
                                                                   :
In re:                                                             :
                                                                   :
THE FINANCIAL OVERSIGHT AND                                        :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                  :   Title III
                                                                   :
         as representative of                                      :   Case No. 17-BK-3283 (LTS)
                                                                   :
THE COMMONWEALTH OF PUERTO RICO et al.,                            :   (Jointly Administered)
                                                                   :
         Debtors.¹                                                 :
------------------------------------------------------------------ X
                                                                   :
In re:                                                             :
                                                                   :
THE FINANCIAL OVERSIGHT AND                                        :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                  :   Title III
                                                                   :
         as representative of                                      :   Case No. 17-BK-3566 (LTS)
                                                                   :
THE EMPLOYEES RETIREMENT SYSTEM OF THE                             :
GOVERNMENT OF THE COMMONWEALTH OF                                  :
PUERTO RICO,                                                       :
                                                                   :
         Debtor.                                                   :
------------------------------------------------------------------ X
```

**URGENT CONSENTED-TO SUPPLEMENT TO MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS, UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 502 AND BANKRUPTCY RULE 3007, ESTABLISHING PROCEDURES WITH RESPECT TO OBJECTIONS TO CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF <u>GOVERNMENT OF COMMONWEALTH OF PUERTO RICO</u>**

---

¹ The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA), including the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (the "Creditors' Committee"), hereby files this urgent supplement (the "Urgent Supplement") to its motion to establish procedures with respect to its objections to claims asserted by ERS bondholders (the "Procedures Motion").[2]  Pursuant to this Urgent Supplement, the Creditors' Committee seeks entry of an order approving revised claims objection procedures (the "Initial Objection Procedures") reflecting the result of extensive discussions among the Creditors' Committee, the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee," and together with the Creditors' Committee, the "Committees"),[3] the Financial Oversight and Management Board (the "FOMB"), the Special Claims Committee of the Financial Oversight and Management Board (the "SCC"), certain groups of ERS bondholders represented by Jones Day and White & Case LLP (such groups, the "Groups"), and The Bank of New York Mellon, as Fiscal Agent for the ERS bonds (the "Fiscal Agent" and, together with the Committees, the FOMB, the SCC, and the Groups, the "Parties").  **Each of the Parties consents to entry of the proposed order attached hereto as Exhibit A**.  In support of this Urgent Supplement, the Creditors' Committee respectfully states as follows:

---

[2]  *See Motion of Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures With Respect to Objections to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico and Requesting Related Relief*, dated March 12, 2019 [Case No. 17-3283-LTS; Dkt. No. 5589].  A revised proposed order in connection with the Creditors' Committee's Procedures Motion was filed on April 15, 2019 [Case No. 17-3283-LTS; Dkt. No. 6247], and another more recent revised proposed order in connection with the Procedures Motions was filed on July 21, 2019 [Case No. 17-3283-LTS; Dkt. No. 8171].

[3]  On July 2, 2019, the Retiree Committee filed its own *Motion of Retiree Committee Establishing Initial Procedures With Respect to Objections of the Official Committee of Unsecured Creditors   and Official Committee of Retired Employees, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007 to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico* [Case No. 17-3283-LTS; Dkt. No. 7803].

2

**RELIEF REQUESTED**

1. The Creditors' Committee seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order")[4] for the establishment of the Initial Objection Procedures. In addition, blacklined versions of the proposed order and the exhibits thereto marked to reflect the changes to such documents filed with the Court on July 21, 2019 are attached hereto as **Exhibit B**.

2. The Creditors' Committee also requests, **with the consent of each of the other Parties**, that the Court enter the Proposed Order within the next ten (10) days without holding a hearing. The Creditors' Committee and other Parties believe this expedited timeframe is appropriate given the widespread consensus in support of the Initial Objection Procedures and the importance of resolving the Claim Objections (as defined below) on a timely basis.

**BACKGROUND**

3. As the Court is aware, both the Creditors' Committee and the Retiree Committee previously filed objections to claims asserted by holders of bonds issued by ERS (the "Committees' Objections") contending that, among other things, the ERS bonds are invalid because they were issued *ultra vires.*[5]

---

[4] The prior version of the Proposed Order provided that Prime Clerk would serve the objection procedure documents in accordance with the manner described in a declaration previously filed by Christina Pullo of Prime Clerk. The new version of the Proposed Order provides that Epiq, which is the noticing agent for ERS, will serve the objection procedure documents. Because Epiq's internal procedures are slightly different from those of Prime Clerk, the Proposed Order provides that the service will be "substantially in accordance" with the manner described by Ms. Pullo in her declaration. For example, Epiq, Ms. Pullo states in her declaration that it normally takes approximately "five (5) to seven (7) business days for the Participant or its mailing agent to send notices to the beneficial holders of securities." Epiq would update this to say five to ten business days, providing Broadridge, the mailing agent for most of the DTC participants, has (i) been notified sufficiently in advance with respect to a mailing record date, and (ii) is provided with their estimated mailing charges.

[5] *Omnibus Objection of Official Committee of Unsecured Creditors to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico* [Case No. 17-3283-LTS; Dkt. No. 5580] and its *Omnibus Objection of Official Committee of Unsecured Creditors to Claims Asserted by Oaktree Funds That Hold Bonds Issued by Employees Retirement System of Government of Puerto Rico* [Case No. 17-3283-LTS; Dkt. No. 5586] (the "Creditors' Committee's Objections"); *Omnibus Objection of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, Pursuant to Bankruptcy Code Section 502 and*

4. In addition, on May 19, 2019, the SCC and the Creditors' Committee commenced a series of adversary proceedings[6] (the "Actions") seeking to recover payments made to holders of ERS bonds. Count one of each of the complaints filed in the Actions also alleges that the ERS bonds are invalid because they were issued *ultra vires*.

5. Moreover, on May 22, 2019, the FOMB filed an objection (the "FOMB Objection") to the claim asserted by The Bank of New York Mellon, as Fiscal Agent for the ERS Bonds (the "Fiscal Agent"), against the Commonwealth. The Committees' Objections, the allegations in count one of the complaints filed in the Actions, the FOMB Objection, and certain additional claim objections (as detailed in the revised proposed objection procedures), are referred to, collectively, as the "Claim Objections."

6. On July 24, 2019, the Court entered its order[7] temporarily staying certain matters in the Title III cases, including the Committees' Objections, the Procedures Motions, and the Actions (the "Stay Order").

## BASIS FOR RELIEF REQUESTED

7. Following entry of the Stay Order, the Parties engaged in discussions regarding the most efficient manner to litigate the Claim Objections. Thereafter, the Parties agreed that the Claim Objections should proceed pursuant to the Initial Objection Procedures, which are based upon, and substantially similar to, the objection procedures previously proposed by the Committees and filed with the Court on July 21, 2019 [Dkt No. 8171].[8]

---

*Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of ERS Bonds Against ERS and the Commonwealth* [Case No. 17-3283-LTS; Dkt. No. 6482].

[6] *See* Adv. Proc. Nos. 19-355, 19-356, 19-357, 19-358, 19-359, 19-360, and 19-361.

[7] *Order Regarding Stay Period and Mandatory Mediation* [Case No. 17-3283-LTS; Dkt. No. 8244].

[8] Any description of the Initial Objection Procedures herein is qualified by the actual terms of those procedures.

4

8. The Initial Objection Procedures will provide significant benefits to the Debtors' estates and the Title III cases. Resolution of the Claim Objections is critical to the Debtors' ability to move forward with an effective plan process. Importantly, under the Initial Objection Procedures, the Claim Objections can be resolved through a litigation process in which all the interested parties will be able to participate and have their voices heard. As with the prior iterations of the objection procedures filed by the Committees, the Initial Objection Procedures employ a wide-ranging notification process granting affected parties the opportunity to participate in the litigation of the Claim Objections through filing Notices of Participation and/or Notices of Appearance.

9. In fact, there are only three notable differences between the Initial Objection Procedures and the proposed procedures filed with the Court on July 21, 2019, none of which prejudice any parties in interest. First, the previously proposed objection procedures provided for a meet and confer process pursuant to which the "M&C Parties" would exchange "Initial Proposals" regarding a preliminary recommendation to the Court concerning the prosecution of the Committees' Objections. The Parties have already commenced, and will continue, the meet and confer process, and, therefore, there is no reason to build a further meet and confer process into the Initial Objection Procedures.[9] Moreover, the Parties were able to agree to expand the scope of the Initial Objection Procedures to govern the FOMB Objection and count one of the complaints filed in the Actions. By doing so, the Parties are able to expand the number of persons and entities able to participate in the litigation of the issues raised in the Claim Objections, thereby avoiding duplicative litigation.

---

[9] To be clear, at this time, the Creditors' Committee is not requesting approval of any briefing schedule with respect to the litigation of the Claim Objections. The Parties are continuing to meet and confer to develop a briefing schedule in this regard.

5

10. Second, under the Initial Objection Procedures, the Objectors (as defined therein) and parties in interest must assert all additional objections to the ERS bond claims asserted by the Groups (including the members of such Groups) or the Fiscal Agent by the later of (a) January 6, 2020 or (b) the date that is 90 days from entry of the Order approving the Initial Objection Procedures. This additional requirement does not prejudice any ERS bondholders, as it is very unlikely that they would object to any ERS bond claims. Moreover, all ERS bondholders and all entities on the Master Service List will receive ample prior notice of this claims objection deadline. Also, to be clear, this deadline only applies to objections to the ERS bond claims of the Groups (including their members) and the Fiscal Agent. The Initial Objection Procedures do not preclude later objections to ERS bond claims asserted by any ERS bondholders that are not members of the Groups.

11. Third, the Initial Objection Procedures establish a deadline for the Groups (including its members) and the Fiscal Agent to file postpetition claims against ERS and/or the Commonwealth on account of or related to the ERS Bonds. This "bar date" is applicable only to the Groups and the Fiscal Agent, and not to any other party. The Groups and the Fiscal Agent have agreed to comply with this new requirement.

12. For all these reasons, as well as for the reasons set forth in the Procedures Motions, the Initial Objection Procedures, which are the product of extensive arms-length negotiations among the Parties, should be approved.

13. Pursuant to Paragraph I.H of the Case Management Procedures, the Creditors' Committee hereby certifies that it has carefully examined the matter and concluded that there is a true need for this Urgent Supplement; has not created the urgency through any lack of due diligence; has made a bona fide effort to resolve the matter without a hearing; and has made

6

reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court.

## NOTICE

14. Notice of this Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Puerto Rico; (iii) the Financial Oversight and Management Board for Puerto Rico, (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (v) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; (viii) holders of ERS bonds who are parties to any group that has filed a statement under Bankruptcy Rule 2019; (ix) holders of ERS Bonds identified in the Creditors' Committee's Objections; (x) The Bank of New York Mellon N.A., as Fiscal Agent for the ERS Bonds; (xi) DTC; and (xii) all parties that have filed a notice of appearance in the above-captioned Title III cases.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Creditors' Committee respectfully requests that the Court enter the proposed order, substantially in the form attached hereto as **Exhibit A**, and grant the Creditors' Committee such other relief as is just and proper.

Dated: September 26, 2019

By: /s/ *Luc A. Despins*

**PAUL HASTINGS LLP**
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: /s/ *Juan J. Casillas*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*