# <u>EXHIBIT A</u>

**Proposed Order (Clean)**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------------- X
                                                     :
In re:                                               :
                                                     :
THE FINANCIAL OVERSIGHT AND                          :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                    :    Title III
                                                     :
            as representative of                     :    Case No. 17-BK-3283 (LTS)
                                                     :
THE COMMONWEALTH OF PUERTO RICO et al.,              :    (Jointly Administered)
                                                     :
            Debtors.¹                                :
-------------------------------------------------------------------- X
                                                     :
In re:                                               :
                                                     :
THE FINANCIAL OVERSIGHT AND                          :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                    :    Title III
                                                     :
            as representative of                     :    Case No. 17-BK-3566 (LTS)
                                                     :
THE EMPLOYEES RETIREMENT SYSTEM OF THE               :
GOVERNMENT OF THE COMMONWEALTH OF                    :
PUERTO RICO,                                         :
                                                     :
            Debtor.                                  :
-------------------------------------------------------------------- X
```

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**ORDER ESTABLISHING INITIAL PROCEDURES WITH RESPECT TO (I) OBJECTIONS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND OFFICIAL COMMITTEE OF RETIRED EMPLOYEES, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF COMMONWEALTH OF PUERTO RICO, (II) COUNT ONE OF CERTAIN COMPLAINTS ALLEGING THAT SUCH BONDS WERE ISSUED *ULTRA VIRES* AND (III) ESTABLISHING CLAIM OBJECTION DEADLINE FOR CERTAIN ERS BOND CLAIMS**

Upon consideration of (a) the *Motion of Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures with Respect to Objections to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico and Requesting Related Relief* [Dkt. No. 5589], (b) the *Motion of Retiree Committee Establishing Initial Procedures with Respect to Objections of the Official Committee of Unsecured Creditors and Official Committee of Retired Employees, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007 to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico* [Dkt. No. 7803], and (c) the *Urgent Consented to Supplement to the Motions of the Official Committee of Unsecured Creditors and Official Committee of Retired Employees, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, Seeking Approval of Initial Procedures With Respect to Objections to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico and Establishing Claim Objection Deadline for Certain ERS Bond Claims* [Dkt. No. ___] (collectively, the "Motions"),[2] and the exhibits attached thereto, and the Court having found and determined that (i) the Court has jurisdiction to consider the Motions and the relief requested therein pursuant to section 502 of the Bankruptcy Code as incorporated by section 301 of PROMESA and Bankruptcy Rule 3007,

---

[2] Capitalized terms not herein defined shall have the meanings ascribed to them in the Motions or the Initial Objection Procedures (as defined below), as applicable.

as incorporated by section 310 of PROMESA; (ii) venue is proper before this Court pursuant to

PROMESA section 307(a); (iii) due and proper notice of the Motions has been provided under

the particular circumstances and no other or further notice need be provided; (iv) based on the

statements and arguments made in the Motions, the relief requested in the Motion is in the best

interest of ERS, the Commonwealth and their creditors; (v) the objection filed to the Retiree

Committee's Motion by certain ERS Bondholders having been resolved; and (vi) the legal and

factual bases set forth in the Motions establish just cause for the relief granted herein.

Accordingly, it is hereby ORDERED THAT:

1.      The relief requested in the Motions is GRANTED to the extent set forth herein.

2.      The Creditors' Committee and Retiree Committee (together, the "Committees")

are authorized to proceed under Bankruptcy Rule 3007(c), as incorporated by section 310 of

PROMESA, with their Objections to the ERS Bonds on an omnibus basis as set forth in the

Initial Objection Procedures attached hereto as **Exhibit 2**.

3.      The Objection Notice, the Initial Objection Procedures, the form of Notice of

Participation, and the Notice to Adversary Proceeding Defendants attached hereto as **Exhibit 1**,

**Exhibit 2**, **Exhibit 3**, and **Exhibit 4**, respectively, as well as the corresponding Spanish versions

thereof attached hereto as **Exhibit 5**, **Exhibit 6**, **Exhibit 7**, and **Exhibit 8**, respectively, are

hereby approved.  The Initial Objection Procedures are deemed to have been incorporated herein.

4.      Absent permission granted by the District Court upon a showing of good cause,

any party (other than the Deemed Participants) that (a) fails to file a Notice of Participation or (b)

files a Notice of Participation after the date that is 40 days from entry of this Order, shall be

prohibited from filing separate pleadings with respect to the Claim Objections, including filing

any Additional Claim Objections.  The Deemed Participants are (i) the Creditors' Committee, (ii)

the Retiree Committee, (iii) the FOMB, (iv) the SCC, (v) the Puerto Rico Fiscal Agency and

Financial Advisory Authority, (vi) the Groups (including their members), (vii) the Fiscal Agent,

and (viii) an AP Defendant that files a Notice of Appearance.

5.     Notwithstanding anything herein to the contrary, except with respect to Excluded

Postpetition Claims (as defined in the Initial Objection Procedures), (i) the deadline to file

objections to any ERS Bond Claims (as defined in the Initial Objection Procedures) asserted by

the Groups (including the members of such Groups) or the Fiscal Agent shall be the later of (a)

the date that is ninety days after entry of this Order, and (b) January 6, 2020 (the "Claim

Objection Deadline"), and (ii) subject to Bankruptcy Rule 7015 (which is made applicable to the

Claim Objections), after the occurrence of the Claim Objection Deadline, the Objectors (as

defined in the Initial Objection Procedures) and any party in interest shall be prohibited from

filing any new or additional objections to the allowance of any ERS Bond Claim asserted by the

Groups (including the members of such Groups) or the Fiscal Agent.

6.     The Claim Objections shall be governed by the Federal Rules of Bankruptcy

Procedure; *provided*, *however*, that notwithstanding Bankruptcy Rule 9014(c), all of the Part VII

Rules shall be applicable to the Claim Objections, except as modified by the Initial Objection

Procedures or subsequent order of the Court.

7.     The Committees shall cause Prime Clerk, within five (5) days of entry of this

Order, to serve copies of the Objection Notice, the Initial Objection Procedures, and the form of

Notice of Participation (collectively, the "Objection Procedure Documents") upon all individuals

and entities who filed proofs of claim that are reflected on Prime Clerk's database as "bond

claims" against ERS as well as the Master Service List in these Title III cases.

8.      The Committees shall cause Epiq, immediately upon entry of this Order, to commence service of the Objection Procedure Documents upon the beneficial holders of the ERS Bonds substantially in the manner described in the *Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection Notice Upon Beneficial Holders of Challenged GO Bonds*, annexed as Exhibit A to the *Informative Motion of (I) Financial Oversight and Management Board, Acting Through the Special Claims Committee, and (II) The Official Committee of Unsecured Creditors Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of Challenged GO Bonds* [Dkt. No. 5049] submitted in connection with the objection to the Challenged GO Bonds (as that term is defined therein).

9.      The Committees shall cause the publication of a notice, substantially in the form of the Objection Notice once in (a) *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico), (b) *Caribbean Business* in English (primary circulation in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d) *The Bond Buyer*, and (e) on the municipal bond website EMMA, https://emma.msrb.org/Home, each except for Caribbean Business within five (5) business days of the entry of this Order, and with respect to Caribbean Business, within fourteen (14) days of the entry of this Order, which publication notice shall be deemed, good, adequate and sufficient publication notice of the Objection and the Objection Procedures.

10.     DTC shall give notice to its Participants of the Objection Procedure Documents by posting a copy of said Objection Procedure Documents to its Legal Notification System in accordance with DTC's Rules and customary procedures within five (5) days of the entry of this Order.

11.     The Committees shall cause Prime Clerk, within five (5) days of entry of this

Order, to serve copies of the Notice to Adversary Proceeding Defendants and the Initial

Objection Procedures on the defendants in Adv. Proc. Nos. 19-355, 19-356, 19-357, 19-358, 19-

359, 19-360, and 19-361 (the "Actions").

12.     This Order shall be filed on the docket in each of the Actions.

13.     The terms of and conditions of this Order shall be immediately effective and

enforceable upon its entry.

14.     This Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated: October _____, 2019

_____
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

**Exhibit 1**

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [*insert date that is 40 days from date of entry of order granting procedures motion*]\***

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- X

| | : | |
|---|---|---|
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
| | : | |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | |

---------------------------------------------------------------------- X

| | : | |
|---|---|---|
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3566 (LTS) |
| | : | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE | : | |
| GOVERNMENT OF THE COMMONWEALTH OF | : | |
| PUERTO RICO, | : | |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------------- X

## NOTICE OF (A) OBJECTIONS, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF COMMONWEALTH OF PUERTO RICO AND (B) INITIAL PROCEDURES GOVERNING OBJECTIONS TO SUCH CLAIMS, INCLUDING <u>DEADLINE TO FILE NOTICE OF PARTICIPATION</u>

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [*insert date that is 40 days from
date of entry of order granting procedures motion*]\***

You are receiving this notice because you have been identified as holding one or more of the bonds issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico in 2008 (the "ERS Bonds").

Please note that (i) the Official Committee of Unsecured Creditors (the "Creditors' Committee") has filed objections, each dated March 12, 2019 [Case No. 17-bk-3283; Dkt. Nos. 5580 and 5586; Case No. 17-bk-3566, Dkt. Nos. 381 and 384] (together, the "Creditors' Committee's Objections"), to claims against ERS asserted by holders of ERS Bonds (the "ERS Bondholders") and (ii) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee") has filed objections, dated April 23, 2019 [Case No. 17-3283; Dkt. No. 6482; Case No. 17-bk-3566, Dkt. No. 469] (the "Retiree Committee's Objection" and, together with the Creditors' Committee's Objections, the "Committees' Objections"), to claims asserted by ERS Bondholders against ERS and the Commonwealth.  The full text of the Committees' Objections may be found on the Internet by using the following link: http://cases.primeclerk.com/ERSClaimsObjections.

Please further note that the Creditors' Committee and the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico (the "SCC") jointly commenced adversary proceedings (the "Actions") numbered 19-355, 19-356, 19-357, 19-358, 19-359, 19-360, and 19-361 by filing complaints (the "AP Complaints") against certain defendants (each defendant, an "AP Defendant") to, among other things, recover moneys paid, prior to the commencement of ERS's Title III case, on account of the ERS Bonds.[2]  The AP Complaints may be found on the Internet by using the following link: https://cases.primeclerk.com/puertoricoavoidanceactions/

 Please further note that the Financial Oversight and Management Board for Puerto Rico (the "FOMB") filed an objection, dated May 22, 2019 [Case No. 17-bk-3283, Dkt. No. 7075] (the "FOMB Objection"), to the claim asserted by The Bank of New York Mellon, as Fiscal Agent for the ERS Bonds (the "Fiscal Agent"), against the Commonwealth.

The Creditors' Committee, the Retiree Committee, the FOMB, and the SCC are hereafter referred to as the "Objectors."  The Committees' Objections, the allegations in count one of the AP Complaints, the FOMB Objection, and any Additional Claim Objections (as defined in the Initial Objection Procedures) are hereafter referred to as the "Claim Objections."

The Claim Objections seek to disallow and invalidate ERS Bond Claims (as defined in the Initial Objection Procedures), including on the ground that the ERS Bonds were issued *ultra vires*.  **Subject to applicable appellate rights, if and to the extent the Court grants the Claim Objections in whole or in part, holders of ERS Bond Claims' recovery on account of the ERS Bonds will be eliminated in whole or in part, and such holders will be forever barred from asserting such claims against ERS and the Commonwealth, from voting on any plan of adjustment filed in ERS's or the Commonwealth's Title III Cases, and from participating in any distribution in ERS's or the Commonwealth's Title III Cases on account of such ERS Bond Claims.  Thus, the Claim Objections may affect your rights.  As**

---

[2]   If you are an AP Defendant, you will also receive a separate notice under the caption of the applicable Action.

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [*insert date that is 40 days from
date of entry of order granting procedures motion*]\***

explained in the next paragraph, you have the right to file a Notice of Participation if you
wish to participate in the litigation of the Claim Objections.  The Notice of Participation
must be filed by [*insert date that is 40 days after entry of the order granting the Procedures
Motion*] (the "Participation Deadline").

      Please note further, that on _____, 2019 the United States District Court for the
District of Puerto Rico (the "District Court") approved certain initial procedures with respect to
the litigation of the Claim Objections (the "Initial Objection Procedures").  If you intend to
participate in the litigation of the Claim Objections, you must follow the Initial Objection
Procedures, which require, among other things, that you file with the District Court and serve by
email a Notice of Participation by the Participation Deadline.  A form Notice of Participation is
provided herewith.  **Instructions for filing the Notice of Participation with the District Court,
including for those persons who are not represented by counsel, are set forth at the bottom
of the form of Notice of Participation.**

      **ABSENT PERMISSION GRANTED BY THE DISTRICT COURT UPON A
SHOWING OF GOOD CAUSE, IF YOU (A) FAIL TO FILE A NOTICE OF
PARTICIPATION OR (B) FILE A NOTICE OF PARTICIPATION AFTER THE
PARTICIPATION DEADLINE, YOU WILL BE PROHIBITED FROM FILING
SEPARATE PLEADINGS WITH RESPECT TO THE CLAIM OBJECTIONS,
INCLUDING FILING ANY ADDITIONAL CLAIM OBJECTIONS.**

      At this time, no briefing schedule has been established with respect to the Claim
Objections in the ERS or Commonwealth Title III cases.  **Please note, however, that a briefing
schedule with respect some of the allegations in the Claim Objections is expected to be
established in the near future.**  Certain ERS Bondholders holding a large portion of the ERS
Bonds are expected to oppose any attempt by the Objectors to disallow claims based on ERS
Bonds.  ERS Bondholders that file a Notice of Participation in accordance with the Initial
Objection Procedures will have an opportunity, but are not required, to file a joinder to the briefs
filed by certain ERS Bondholders that hold a large portion of the ERS Bonds or submit an
additional brief with respect to the Claim Objections.  Each ERS Bondholder, however, is
responsible for protecting his or her own legal interests.

      **If you provide an email address on your Notice of Participation, you will receive
automatic email notifications when documents relevant to the Claim Objections, including
the briefing schedules related thereto, are posted to:**
http://cases.primeclerk.com/ERSClaimsObjections **(the "ERS Objection Website").  If you do
not provide an email address in your Notice of Participation, you will not receive such
automatic notifications and will need to visit the ERS Objection Website in order to view
notifications and other pertinent documents.**

      Requests for Spanish-language versions of the Notice, Initial Objection Procedures and
Notice of Participation form and any questions regarding this notice should be sent in writing to:

        Paul Hastings LLP
        200 Park Avenue

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [***insert date that is 40 days from date of entry of order granting procedures motion***]\***

New York, NY 10166
Attn:  Douglass E. Barron
NoticeofParticipation@paulhastings.com
(212) 318-6690

**Las Objeciones a Reclamaciones tienen el propósito de rechazar e invalidar las Reclamaciones de Bonos SRE (según se definen en los Procedimientos Iniciales para Objeciones), incluyendo en la base de que los Bonos SRE fueron emitidos *ultra vires*. Sujeto a los derechos apelativos aplicables, si, y en la medida en que, el Tribunal conceda las Objeciones a Reclamaciones total o parcialmente, la recuperación de los reclamantes de Bonos SRE por cuenta de los mismos bonos se eliminará total o parcialmente, y estos reclamantes quedarán prohibidos para siempre de hacer valer dichas reclamaciones contra el SRE y el ELA, votar en cualquier plan de ajuste presentado en los Casos bajo el Título III del SRE o del ELA, y participar en cualquier distribución en los Casos bajo el Título III del SRE o del ELA por cuenta de las mismas Reclamaciones de Bonos SRE. Por tanto, las Objeciones a Reclamaciones pueden afectar sus derechos. Usted tiene el derecho de presentar un Aviso de Participación si desea participar en el litigio de las Objeciones a Reclamaciones. El Aviso de Participación tiene que ser presentado en o antes del [***insertar fecha 40 días a partir de la notificación de la orden concediendo con lugar la Moción de Procedimientos***] (la "Fecha Límite de Participación"). Las partes que tengan preguntas o deseen recibir copia de este aviso, los Procedimientos Iniciales para Objeciones y el Aviso de Participación en español deben enviar una solicitud por escrito a NoticeofParticipation@paulhastings.com.**

The CUSIP numbers of the ERS Bonds affected by the Claim Objections are:

| CUSIP |
| --- |
| 29216MAF |
| 29216MAA |
| 29216MAB |
| 29216MAG |
| 29216MAH |
| 29216MAJ |
| 29216MAC |
| 29216MAK |
| 29216MAL |
| 29216MAD |
| 29216MAM |
| 29216MAN |
| 29216MAP |
| 29216MAQ |
| 29216MAE |
| 29216MBA |
| 29216MBB |
| 29216MBC |

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [***insert date that is 40 days from date of entry of order granting procedures motion***]\***

| |
|---|
| 29216MBD |
| 29216MBE |
| 29216MBF |
| 29216MBG |
| 29216MBH |
| 29216MBJ |
| 29216MAT |
| 29216MAU |
| 29216MAV |
| 29216MAW |
| 29216MAX |
| 29216MAY |
| 29216MAZ |
| 29216MBL |
| 29216MBM |
| 29216MBN |
| 29216MBP |

**Exhibit 2**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| ------------------------------------------------------------------ X | : | |
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
| | : | |
| THE COMMONWEALTH OF PUERTO RICO *et al.,* | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | |
| ------------------------------------------------------------------ X | : | |
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3566 (LTS) |
| | : | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE | : | |
| GOVERNMENT OF THE COMMONWEALTH OF | : | |
| PUERTO RICO, | : | |
| | : | |
| Debtor. | : | |
| ------------------------------------------------------------------ X | | |

**INITIAL PROCEDURES WITH RESPECT TO
LITIGATION OF OBJECTIONS TO ERS BOND CLAIMS, INCLUDING DEADLINE
TO FILE NOTICE OF PARTICIPATION WITH RESPECT TO SUCH LITIGATION
<u>AND DEADLINE TO OBJECT TO CERTAIN ERS BOND CLAIMS</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[September __ 2019]

Pursuant to the Order of the United States District Court for the District of Puerto Rico (the "District Court"), dated [September __, 2019] [Dkt. No. ___] (the "Order"), the following initial procedures (the "Initial Objection Procedures") will apply to:

(a)     the objections filed by (i) the Official Committee of Unsecured Creditors (the "Creditors' Committee"), each dated March 12, 2019 [Case No. 17-bk-3283; Dkt. Nos. 5580 and 5586; Case No. 17-bk-3566, Dkt. Nos. 381 and 384] (the "Creditors' Committee's Objections") and (ii) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee"), dated April 23, 2019 [Case No. 17-bk-3283, Dkt. No. 6482; Case No. 17-bk-3566, Dkt. No. 469] (the "Retiree Committee's Objection" and, together with the Creditors' Committee's Objections, the "Committees' Objections") to claims filed by certain holders of bonds ("ERS Bonds") issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS");

(b)     the objection filed by the Financial Oversight and Management Board for Puerto Rico as representative of the Commonwealth of Puerto Rico (the "FOMB"), dated May 22, 2019 [Case No. 17-bk-3283, Dkt. No. 7075] (the "FOMB Objection");

(c)     any other objection filed on or before the Claim Objection Deadline (as defined below) to the allowance of the ERS Bond Claims (as defined below), other than Excluded Postpetition Claims (as defined below), asserted by (i) the groups, including each of their members, of ERS Bondholders (as defined below) represented by Jones Day and White & Case LLP (such groups, including each of their members, the "Groups") and (ii) The Bank of New York Mellon, as Fiscal Agent (the "Fiscal Agent") for the ERS Bonds (such timely objections, the "Additional Claim Objections"); and

(d)     count one of each complaint (the "Count One Allegations") filed in the adversary proceedings commenced by the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico as representative of the ERS (the "SCC") and the Creditors' Committee [Adv. Nos. 19-355, 19-356, 19-357, 19-358, 19-359, 19-360, and 19-361] (the "Actions").

The Creditors' Committee, the Retiree Committee, the FOMB, and the SCC are hereafter referred to as the "Objectors." The Committees' Objections, the Count One Allegations, the FOMB Objection, and any Additional Claim Objections are hereafter referred to as the "Claim Objections."

The Initial Objection Procedures apply to all claims (including postpetition claims and administrative expenses) of any kind (the "ERS Bond Claims") asserted against the ERS and/or the Commonwealth by the holders of ERS Bonds (the "ERS Bondholders") on account of or related to the ERS Bonds and to each defendant in an Action (an "AP Defendant"), other than (a) any ERS Bond Claim that is a postpetition claim asserted by any ERS Bondholder other than the Groups (including their members) or the Fiscal Agent and (b) any ERS Bond Claim that is a

2

postpetition claim and is asserted by the Groups (including their members) or the Fiscal Agent after the Agreed ERS Bondholder Postpetition Claim Deadline (as defined below) (collectively, the postpetition claims described in clause (a) and (b) above, "Excluded Postpetition Claims").

**IMPORTANT: Absent permission granted by the District Court upon a showing of good cause, any party (other than the Deemed Participants (as defined below)) that (a) fails to file a Notice of Participation (as defined below) or (b) files a Notice of Participation after [*insert date that is 40 days from entry of the Order*], 2019, shall be prohibited from filing separate pleadings with respect to the Claim Objections, including filing any Additional Claim Objections.**

1. Exclusivity of Procedures

The Initial Objection Procedures shall be the exclusive means to participate in the litigation before the District Court with respect to the Claim Objections.  However, some of the issues raised in the Claim Objections are the subject of parallel adversary proceedings initiated in 2017 by certain ERS Bondholders. *See* Adv. No. 17-ap-219-LTS in Case No. 17-bk-03283-LTS and Adv. No. 17-ap- 220-LTS in Case No. 17-bk-03566-LTS (collectively, the "ERS Adversary Proceedings"). Any and all briefing and other filings made in connection with the overlapping issues (including Parts III-V of the Retiree Committee's Objection and Parts II-III of the FOMB Objection) in the Claim Objections may also be filed (with all relevant captions), for all purposes, in the ERS Adversary Proceedings.

For the avoidance of doubt, the Initial Objection Procedures shall not apply to the adversary proceedings commenced by the FOMB and the Creditors' Committee challenging the scope of the liens purportedly securing the ERS Bonds [Adv. Nos. 19-366 and 19-367] ("ERS Lien Scope Proceedings").  Notwithstanding the foregoing, the parties shall confer in good faith to coordinate scheduling between the Claim Objections and the ERS Lien Scope Proceedings. All parties' rights are reserved with respect to any future litigation seeking the return of postpetition payments made by ERS or the Commonwealth to the Fiscal Agent or the ERS Bondholders pursuant to the stipulation, dated July 14, 2017 [Dkt. No. 170 in Case No. 17-bk-3566], as approved by the District Court by order, dated July 17, 2017 [Dkt. No. 171 in Case No. 17-bk-3566], and the order, dated December 28, 2017 [Dkt. No. 248 in Case No. 17-bk-3566], in the event that the liens purportedly securing the ERS Bonds are successfully challenged in whole or in part by the ERS Lien Scope Proceedings or Claim Objections.

The Claim Objections shall be governed by the Federal Rules of Bankruptcy Procedure; *provided*, *however*, that notwithstanding Bankruptcy Rule 9014(c), all of the Part VII Rules shall be applicable to the Claim Objections, except as modified by the Initial Objection Procedures or subsequent order of the District Court.

2. Notice of Participation/Notice of Appearance

(a)    The Claim Objections – Notice of Participation

Any party in interest, including, without limitation, any person or entity that holds an ERS Bond, whether or not such person or entity is identified in the Committees' Objections, or that wishes to participate in the litigation of the Claim Objections must serve by email and file a

3

notice of its intent to participate in such litigation (a "Notice of Participation"); *provided*, *however*, that (i) the Creditors' Committee, (ii) the Retiree Committee, (iii) the FOMB, (iv) the SCC, (v) the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), (vi) the Groups (including their members), (vii) the Fiscal Agent, and (viii) an AP Defendant that files a Notice of Appearance, in each case, are not required to file Notices of Participation and shall each be deemed to be Participants (as defined below) (the parties in (i) through (viii), collectively, the "Deemed Participants").

The Notice of Participation shall (a) indicate whether the party in interest who filed such notice (each, a "Participant") supports or opposes the Claim Objections; (b) provide the name, address and email address of the Participant and its counsel, if any; and (c), to the extent filed by an ERS Bondholder, set forth (i) whether all or part of such ERS Bonds were purchased on the secondary market, and (ii) the CUSIP numbers for such ERS Bonds to the best of such ERS Bondholder's knowledge and belief, as of the date of such Notice of Participation (the "Notice Information"). The Notice of Participation shall cover all ERS Bonds owned as of the date of such Notice of Participation or thereafter acquired by the Participant  and shall not be limited to the specific CUSIP numbers listed. For the avoidance of doubt, a party in interest may submit a Notice of Participation individually and/or through an *ad hoc* group. A Notice of Participation submitted through an *ad hoc* group shall entitle each member of such *ad hoc* group to participate either individually or as part of the group, and each such member reserves the right to act individually from time to time in respect of any issue, argument, or proceeding. To the extent that an entity ceases to be a member of an *ad hoc* group that filed a Notice of Participation, such member may continue to participate in the litigation of the Claim Objections in the same manner as a Participant that had filed a timely individual Notice of Participation; *provided however*, that such Participant will be bound by (i) any actions, arguments, statements or positions made or taken by such *ad hoc* group prior to the date on which the Participant ceased to be a member of such *ad hoc* group (the "Separation Date"), and (ii) any District Court orders applicable to members of such *ad hoc* group as of the Separation Date, in each case to the same extent, if any, that members of such *ad hoc* group would be bound by such actions, arguments, statements, positions or District Court orders. To the extent that an entity becomes a member of an *ad hoc* group after the Participation Deadline, such member shall be covered by the Notice of Participation timely filed by the *ad hoc* group, *provided* that (i) such Notice of Participation shall be updated to include the Notice Information for the new group member, and (ii) if such member did not file its own timely Notice of Participation, such member shall have obtained, pursuant to paragraph 4 below, District Court approval to participate in the litigation, individually or as a member of the *ad hoc* group, upon a showing of good cause. Participants who file Notices of Participation that support the Claim Objections shall collectively constitute "Joint Objectors," and parties that oppose the relief sought in the Claim Objections shall collectively constitute the "Respondents."

Each Notice of Participation must be served by email on the "Notice Parties" identified in paragraph 8 below and filed electronically with the District Court pursuant to its Electronic Case Filing procedures. **Participants without counsel may file the Notice of Participation by mailing or delivering it by hand to: The Clerk of the United States District Court for the District of Puerto Rico, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767.**

**The deadline to file with the District Court and serve by email a Notice of Participation is [*insert date that is 40 days from entry of the Order*], 2019 (the "Participation Deadline")**.  For those parties that file with the District Court and serve by email Notices of Participation by the Participation Deadline, no substantive response to the Claim Objections need be filed until a date set forth in any subsequent scheduling order entered by the District Court.

Subject to paragraph 4 below, any party that does not file a Notice of Participation may not receive notices of filings and events in the litigation and may not be allowed to substantively participate in the litigation of the Claim Objections absent permission granted by the District Court upon a showing of good cause, but may nevertheless have its rights affected by the outcome of the litigation.  In particular, and subject to applicable appellate rights, if and to the extent the District Court grants the Claim Objections in whole or in part, claimants' recovery on account of the ERS Bond Claims will be eliminated in whole or in part, and claimants will be forever barred from asserting such disallowed claims against ERS and the Commonwealth, as applicable, from voting such disallowed claims on any plan of adjustment filed in the ERS's and the Commonwealth's Title III cases, as applicable, and from participating in any distribution in such Title III cases on account of such disallowed claims arising from the ERS Bonds and the ERS Bond Claims.  By filing a Notice of Participation, a claimant will have the opportunity to be heard on the merits of the Claim Objections, will be entitled to receive notification of case events specific to the Claim Objections, and will receive notice of opportunities to meet and confer with other parties concerning issues relating to the litigation of the Claim Objections.

Nothing herein, nor the mere filing of a Notice of Participation by a person or entity that is not a holder of an ERS Bond, shall operate to confer standing upon such person or entity to participate in the litigation of the Claim Objections, and all rights to object to any person or entity's standing are preserved.

(b)      The Actions – Notice of Appearance

To the extent an AP Defendant has not already filed a Notice of Appearance, unless such AP Defendant is a Deemed Participant, such AP Defendant **must** file a Notice of Appearance in the applicable Action by the Participation Deadline even if such AP Defendant also submitted a Notice of Participation.  Such Notice of Appearance may be limited to the extent an AP Defendant contests the District Court's jurisdiction over it.

(c)      Filing of List of Participants

On the date that is five (5) days after the Participation Deadline, the Objectors shall file with the District Court a list of all parties that filed Notices of Participation, their counsel, and whether such Participants support or oppose the Claim Objections.  The Objectors shall also file with the District Court a list of all AP Defendants that filed Notices of Appearance and their counsel.  Such lists will be updated as necessary every thirty (30) days to reflect any late-filed or updated Notices of Participation and Notices of Appearance.

3. Briefing on Claim Objections

With respect to the establishment of briefing schedules relating to the Claim Objections, the parties shall comply with the *Order Regarding Stay Period and Mandatory Mediation* [Dkt. No. 8244 in Case No. 17-bk-3283-LTS].

The Committees shall cause automatic email notifications to be sent to those parties that provided an email address on their Notice of Participation when documents relevant to the Claim Objections, including briefing schedules related thereto, are filed with the District Court or otherwise made public.  In addition, such documents shall also be posted to: http://cases.primeclerk.com/ERSClaimsObjections (the "ERS Objection Website").  **Parties that fail to provide an email address in their Notice of Participation, will not receive such automatic notifications and will need to visit the ERS Objection Website in order to view notifications and other pertinent documents.**

4. Failure to Timely Submit Notice of Participation and/or Notice of Appearance

Any party that does not submit a Notice of Participation and/or Notice of Appearance, or submits same after the Participation Deadline, shall be bound by any orders entered by the District Court prior thereto.  Absent permission granted by the District Court upon a showing of good cause, any party (other than the Deemed Participants) that (a) fails to file a Notice of Participation or (b) files a Notice of Participation after the Participation Deadline shall be prohibited from filing separate pleadings with respect to the Claim Objections, including filing any Additional Claim Objections.

5. No Duty

No Respondent or AP Defendant shall have a duty to any other Respondent, AP Defendant or any ERS Bondholder who does not file a Notice of Participation or Notice of Appearance, as applicable.

6. Other Objections Permitted; Claim Objection Deadline

The fact that the Objectors have objected to the ERS Bond Claims asserted against ERS and the Commonwealth shall not preclude (i) the Objectors or any party in interest from objecting to any other claim asserted by the ERS Bondholder unrelated to the ERS Bonds or (ii) any party in interest from asserting additional grounds for objecting to the ERS Bond Claims in accordance with these Initial Objection Procedures.

Notwithstanding anything herein to the contrary, except with respect to Excluded Postpetition Claims, (i) the deadline to file objections to any ERS Bond Claims asserted by the Groups (including the members of such Groups) or the Fiscal Agent shall be the later of (a) the date that is ninety days after entry of the Order, and (b) January 6, 2020 (the "Claim Objection Deadline"), and (ii) subject to Bankruptcy Rule 7015 (which is made applicable to the Claim Objections), after the occurrence of the Claim Objection Deadline, the Objectors and any party in interest shall be prohibited from filing any new or additional objections to the allowance of any ERS Bond Claim asserted by the Groups (including the members of such Groups) or the Fiscal

Agent.

### 7.   Agreed ERS Bondholder Postpetition Claim Deadline for Certain Holders

The deadline to assert a postpetition claim (including a request for an administrative expense) against the ERS and/or the Commonwealth by the Groups (including their members) and the Fiscal Agent on account of or related to the ERS Bonds shall be **[*insert date that is 45 days from entry of the Order*], 2019 (the "<u>Agreed ERS Bondholder Postpetition Claim Deadline</u>")**.  Subject to Bankruptcy Rule 7015 (which is made applicable to the postpetition claims, including requests for an administrative expense against the ERS and/or the Commonwealth), the Groups and the Fiscal Agent shall be prohibited from filing, after the Agreed ERS Bondholder Postpetition Claim Deadline any new or additional accrued postpetition claims against the ERS and/or the Commonwealth that (a) is on account of or related to the ERS Bonds, and (b) had accrued on or before the thirtieth day preceding the Agreed ERS Bondholder Postpetition Claim Deadline.  For the avoidance of doubt, the Agreed ERS Bondholder Postpetition Claim Deadline shall apply only to the Groups (including their members) and the Fiscal Agent and shall not apply to any other ERS Bondholder or the ERS or any entity acting by or on behalf of the ERS, including a trustee appointed pursuant to section 926 of the Bankruptcy Code.   For the further avoidance of doubt, administrative expenses arising under section 922(c) of the Bankruptcy Code after the thirtieth day preceding the Agreed ERS Bondholder Postpetition Deadline shall not be subject to the Agreed ERS Bondholder Postpetition Claim Deadline.

### 8.   The Following Persons are the "Notice Parties"

**PAUL HASTINGS LLP**
Attn:  Luc. A. Despins, Esq.
James R. Bliss, Esq.
Nicholas A. Bassett, Esq.
200 Park Avenue
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com

**CASILLAS, SANTIAGO & TORRES LLC**
Attn:  Juan J. Casillas Ayala, Esq.,
Israel Fernández Rodríguez, Esq.,
Juan C. Nieves González, Esq.,
Cristina B. Fernández Niggemann, Esq.
PO Box 195075
San Juan, PR 00919-5075
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

**JENNER & BLOCK LLP**
Attn:  Robert Gordon, Esq.
Catherine Steege, Esq.
Melissa Root, Esq.
Landon Raiford, Esq.
rgordon@jenner.com
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com

**PROSKAUER ROSE LLP**
Attn:  Martin J. Bienenstock, Esq.
Brian S. Rosen, Esq.
Jeffrey W. Levitan, Esq.
Margaret A. Dale, Esq.
mbienenstock@proskauer.com
brosen@proskauer.com
jlevitan@proskauer.com
mdale@proskauer.com

**BROWN RUDNICK LLP**
Attn:  Edward S. Weisfelner, Esq.
Angela M. Papalaskaris, Esq.
ewisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

**O'MELVENY & MYERS LLP**
John J. Rapisardi
Suzzanne Uhland
Peter Friedman
7 Times Square
New York, NY 10036
(212) 326-2000

**BENNAZAR, GARCÍA & MILLIÁN, C.S.P.**
Attn: A.J. Bennazar-Zequeira, Esq.
Héctor M. Mayol Kauffman, Esq.
Francisco del Castillo Orozco, Esq.
ajb@bennazar.org
hector.mayol@bbennazar.com

**A&S LEGAL STUDIO, PSC.**
Attn: Luis F. del Valle-Emmanuelli, Esq.
dvelawoffices@gmail.com

**ESTRELLA, LLC**
Attn: Alberto Estrella, Esq.
Kenneth C. Suria, Esq.
agestrella@estrellallc.com
ksuria@estrellallc.com

**MARINI PIETRANTONI MUÑIZ LLC**
Luis C. Marini-Biaggi
250 Ponce de León Ave., Suite 900,
San Juan, Puerto Rico, 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

**Exhibit 3**

***THIS NOTICE REQUIRES ACTION ON OR BEFORE [*insert date that is 40 days from date of entry of order granting procedures motion*]***

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------- X

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.,*

       Debtors.[1]

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

------------------------------------------------------------------- X

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO,

       Debtor.

PROMESA
Title III

Case No. 17-BK-3566 (LTS)

------------------------------------------------------------------- X

## NOTICE OF PARTICIPATION IN LITIGATION
## OF OBJECTIONS TO ERS BOND CLAIMS

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [*insert date that is 40 days from date of entry of order granting procedures motion*]\***

**This Notice of Participation must be served and filed no later than [*insert date that is forty days from entry of order*] in accordance with the instructions set forth at the end of this document.**

**Absent permission granted by the District Court upon a showing of good cause, any party that has notice of the Initial Objection Procedures but (a) fails to file a Notice of Participation or (b) files a Notice of Participation after [*insert date that is 40 days from entry of the Order*], 2019, shall be prohibited from filing separate pleadings with respect to the Claim Objections (as defined in the Initial Objection Procedures), including filing any Additional Claim Objections (as defined in the Initial Objection Procedures).**

The party identified below ("Participant") hereby advises the Official Committee of Unsecured Creditors, the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, the Financial Oversight and Management Board for Puerto Rico, the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority that it intends to participate in the litigation of the Claim Objections with respect to bonds issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico in 2008 (the "ERS Bonds").

To ensure full participation rights in the litigation of the Claim Objections, Participant provides all of the information requested in items 1 through 3 below:

1.      Participant's contact information, including email address, and that of its counsel, if any:

| **Participant Name and Contact Information** | **Counsel Contact Information (if any)** |
|---|---|
| _____ | _____ |
| Participant Name | Firm Name (if applicable) |
| _____ | _____ |
| Contact Person (if Participant is not an individual) | Contact Person |
| _____ | _____ |
| Email Address | Email Address |
| _____ | _____ |
| Address line 1 | Address line 1 |
| _____ | _____ |
| Address line 2 | Address line 2 |
| _____ | _____ |
| City, State Zip Code | City, State Zip Code |
| _____ | _____ |
| Country | Country |

2.      Participant advises that it (choose **one** of the following by marking "X" in the appropriate space):

_____ intends to **support** the relief requested in the Claim Objections (i.e., Participant believes the District Court should find that the ERS Bonds are **invalid**); *or*

_____intends to **oppose** the relief requested in the Claim Objections (i.e., Participant believes that the District Court should find that the ERS Bonds are **valid**)

2

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [*insert date that is 40 days from date of entry of order granting procedures motion*]\***

3.      If Participant is not a holder of an ERS Bond, it can skip to the end of this Notice and sign.  If Participant is a holder of one or more ERS Bonds, Participant must respond to the following paragraphs (a) and (b) to the best of Participant's knowledge.

        (a)      Provide the CUSIP Numbers of all ERS Bonds held by Participant:

        (b)      Did Participant purchase any of its ERS Bonds in whole or in part on the secondary market?  **YES** or **NO** (please **circle one**).

By: _____
    Signature

_____
    Print Name

_____
    Title (if Participant is not an Individual)

_____
    Date

**Instructions for Serving and Filing Notice of Participation**:  This Notice of Participation must be (i) **served** by email on the Notice Parties set forth in paragraph 8 of the Objection Procedures and (ii) **filed** electronically with the District Court pursuant to its Electronic Case Filing procedures.  **If the Participant is not represented by counsel, the Participant may file a paper copy of this Notice of Participation with the District Court by delivering such Notice of Participation by mail or by hand addressed to: The Clerk of the United States District Court for the District of Puerto Rico, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767**.

**Exhibit 4**

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [*insert date that is 40 days from date of entry of order granting procedures motion*]\***

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

----------------------------------------------------------------- X

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
| | : | |
| THE COMMONWEALTH OF PUERTO RICO *et al.,* | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | |

----------------------------------------------------------------- X

|  |  |
|---|---|
| ADVERSARY PROCEEDING CAPTION | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | X |

## NOTICE OF INITIAL PROCEDURES GOVERNING COUNT ONE OF COMPLAINT, INCLUDING DEADLINE TO FILE NOTICE OF APPEARANCE

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [*insert date that is 40 days from date of entry of order granting procedures motion*]\***

You are receiving this notice because you are (or your client is) a defendant in the above-captioned adversary proceeding commenced by the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico (the "SCC") and the Official Committee of Unsecured Creditors (the "Creditors' Committee," together with the SCC, the "Plaintiffs") in which the Plaintiffs seek, among other things, to recover moneys paid to you or for your benefit with respect to bonds issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico in 2008 (the "ERS Bonds"). Please note that in addition to the above-captioned adversary proceeding, Plaintiffs commenced six other adversary proceedings (collectively with the above-captioned adversary proceeding, the "Actions") against other defendants (each defendant, an "AP Defendant") on essentially the same grounds. Count one of each complaint (the "Count One Allegations") filed in the Actions (each complaint, an "AP Complaint") alleges that the ERS Bonds were issued *ultra vires*. *See* Adv. Pro. Nos. 19-355, 19-356, 19-357, 19-358, 19-359, 19-360, and 19-361.

Please note that, in addition to the Actions, (i) the Creditors' Committee has filed objections, each dated March 12, 2019 [Case No. 17-bk-3283; Dkt. Nos. 5580 and 5586; Case No. 17-bk-3566, Dkt Nos. 381 and 384] (together, the "Creditors' Committee's Objections"), to claims asserted by holders of ERS Bonds ("ERS Bondholders"); and (ii) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee," together with the Creditors' Committee, the "Committees") has filed an objection, dated April 23, 2019 to claims asserted by ERS Bondholders [Case No. 17-3283; Dkt. No. 6482; Case No. 17-bk-3566, Dkt. No. 469] (the "Retiree Committee's Objection" and, together with the Creditors' Committee's Objections, the "Committees' Objections").[2] The Committees' Objections allege that the ERS Bonds were issued *ultra vires*. The Retiree Committee's Objection also contends that all ERS Bond Claims that have been or may be asserted against the Commonwealth are also invalid both on *ultra vires* and other grounds.

Please note further that on _____, 2019, the District Court approved certain initial procedures with respect to the litigation of the objections to the ERS Bond Claims (the "Initial Objection Procedures") setting forth a procedure for parties to participate in objections to ERS Bond Claims (as defined in the Initial Objection Procedures). **Pursuant to the Initial Objection Procedures, to the extent you have not already done so, you are required to file a Notice of Appearance in the applicable Action by [*insert date that is 40 days after entry of order*] (the "Participation Deadline").**

**Absent permission granted by the District Court upon a showing of good cause, if you (A) fail to file a Notice of Appearance or (B) file a Notice of Appearance after the Participation Deadline, you will be prohibited from filing separate pleadings with respect to the Claim Objections (as defined in the Initial Objection Procedures), including filing any Additional Claim Objections (as defined in the Initial Objection Procedures).**

At this time, no briefing schedule has been established with respect to the Count One Allegations or any other objection to the ERS Bond Claims. **Please note, however, that a**

---

[2]   If you still hold ERS Bonds, you should also receive a separate notice of the Claim Objections.

2

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [***insert date that is 40 days from
date of entry of order granting procedures motion***]\***

**briefing schedule with respect to the Count One Allegations and other objections to ERS
Bond Claims is expected to be established in the near future.**

[Signature block for each complaint]

**Exhibit 5**

***ESTE AVISO REQUIERE ACCIÓN EN O ANTES DE** [insertar fecha 40 días a partir de notificación de orden dando lugar a moción de procedimientos]*

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

```
------------------------------------------------------------------- X
                                                    :
In re:                                              :
                                                    :
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN            :  PROMESA
FINANCIERA PARA PUERTO RICO,                        :  Título III
                                                    :
         como representante de                      :  Caso Núm. 17-BK-3283 (LTS)
                                                    :
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO et          :  (Administrado Conjuntamente)
al.,                                                :
                                                    :
         Deudores. ¹                                :
------------------------------------------------------------------- X
In re:                                              :
                                                    :
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN            :  PROMESA
FINANCIERA PARA PUERTO RICO,                        :  Título III
                                                    :
         como representante del                     :  Caso Núm. 17-BK-3566 (LTS)
                                                    :
SISTEMA DE RETIRO DE LOS EMPLEADOS DEL              :
GOBIERNO DEL ESTADO LIBRE ASOCIADO DE               :
PUERTO RICO,                                        :
              Deudor.                               :
------------------------------------------------------------------- X
```

**AVISO DE (A) OBJECIONES A TENOR CON LA SECCIÓN 502 DEL CÓDIGO DE
QUIEBRAS Y LA REGLA 3007 DE QUIEBRAS, A RECLAMACIONES INCOADAS
POR TENEDORES DE BONOS EMITIDOS POR EL SISTEMA DE RETIRO DE
EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO
RICO, Y (B) PROCEDIMIENTOS INICIALES PARA LAS OBJECIONES A ESTAS**

---

[1]   Los Deudores en los Casos del Título III, junto con el caso individual de cada Deudor en virtud del mismo título y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, según aplicable, son: (i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17-BK-3283 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17-BK-3284 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de Quiebra Núm. 17-BK-3567 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de Quiebra Núm. 17-BK-3566 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); y (v) la Autoridad de Energía Eléctrica de Puerto Rico ("AEE") (Caso de Quiebra Núm. 17-BK-4780 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3747) (Los números de los casos en virtud del Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

**\*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DE** *[insertar fecha 40 días a partir de notificación de orden dando lugar a moción de procedimientos*]**\***

## RECLAMACIONES, INCLUYENDO LA FECHA LÍMITE PARA PRESENTAR EL AVISO DE PARTICIPACIÓN

Está recibiendo este aviso porque ha sido identificado como tenedor de uno o más de los bonos emitidos por el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico en el 2008 (los "Bonos SRE").

Por favor tenga presente que (i) el Comité Oficial de Acreedores No Asegurados (el "Comité") ha presentado objeciones, cada una fechada al 12 de marzo de 2019 [Caso Núm. 17-bk-3283, Dkt. No. 5580 y 5586; Caso Núm. 17-bk-3566, Dkt. Núm. 381 y 384] (conjuntamente, las "Objeciones del Comité de Acreedores"), a reclamaciones contra el SRE incoadas por tenedores de Bonos SRE (los "Tenedores de Bonos SRE"); y (ii) el Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico (el "Comité de Retirados") ha presentado una objeción fechada al 23 de abril de 2019 [Caso Núm. 17-bk-3283; Dkt. Núm. 6482; Caso Núm. 17-bk-3566, Dkt. Núm. 469] (la "Objeción del Comité de Retirados", y conjuntamente con las Objeciones del Comité de Acreedores, las "Objeciones de los Comités"), a reclamaciones incoadas por Tenedores de Bonos SRE contra el SRE y el ELA. El texto completo de las Objeciones de los Comités puede accederse a través del siguiente enlace: http://cases.primeclerk.com/ERSClaimsObjections.

Tenga también presente que el Comité de Acreedores y el Comité Especial de Reclamaciones de la Junta de Supervisión y Administración Financiera para Puerto Rico ("CER") conjuntamente incoaron los procedimientos adversativos ("Acciones") números 19-355, 19-356, 19-357, 19-358, 19-359, 19-360 y 19-361 al presentar demandas ("Demandas PA") contra ciertos demandados (cada demandado, un "Demandado PA") para, entre otras cosas, recuperar dineros pagados por cuenta de los Bonos SRE previo al comienzo del caso de Título III del SRE.[2] Las Demandas PA pueden accederse en Internet a través del siguiente enlace: https://cases.primeclerk.com/puertoricoavoidanceactions/

También note que la Junta de Supervisión y Administración Financiera para Puerto Rico ("Junta") presentó una objeción, con fecha del 22 de mayo de 2019 [Caso Núm. 17-bk-3283, Dkt. Núm. 7075] (la "Objeción de la Junta"), a la reclamación incoada por The Bank of New York Mellon, Agente Fiscal para los Bonos SRE ("Agente Fiscal"), contra el ELA.

El Comité de Acreedores, el Comité de Retirados, la Junta y el CER en adelante son "Objetores". Las Objeciones de los Comités, las alegaciones en el cargo uno de las Demandas PA, la Objeción de la Junta y cualquier Objeción Adicional a Reclamaciones (según se define en los Procedimientos Iniciales para Objeciones) en adelante son "Objeciones a Reclamaciones".

Las Objeciones a Reclamaciones tienen el propósito de rechazar e invalidar las Reclamaciones de Bonos SRE (según se definen en los Procedimientos Iniciales para Objeciones), incluyendo en la base de que los Bonos SRE fueron emitidos *ultra vires*. **Sujeto a los derechos apelativos aplicables, si, y en la medida en que, el Tribunal conceda las**

---

[2] Si usted es un Demandado PA, también recibirá una notificación aparte bajo el epígrafe de la Acción correspondiente.

***ESTE AVISO REQUIERE ACCIÓN EN O ANTES DE** [insertar fecha 40 días a partir de notificación de orden dando lugar a moción de procedimientos]*

**Objeciones a Reclamaciones total o parcialmente, la recuperación de los reclamantes de Bonos SRE por cuenta de los mismos bonos se eliminará total o parcialmente, y estos reclamantes quedarán prohibidos para siempre de hacer valer dichas reclamaciones contra el SRE y el ELA, votar en cualquier plan de ajuste presentado en los Casos bajo el Título III del SRE o del ELA, y participar en cualquier distribución en los Casos bajo el Título III del SRE o del ELA por cuenta de las mismas Reclamaciones de Bonos SRE. Por tanto, las Objeciones a Reclamaciones pueden afectar sus derechos. Como se detalla en el próximo párrafo, usted tiene el derecho de presentar un Aviso de Participación si desea participar en el litigio de las Objeciones a Reclamaciones. El Aviso de Participación tiene que ser presentado en o antes del [insertar fecha 40 días a partir de la notificación de la orden concediendo con lugar la Moción de Procedimientos] (la "<u>Fecha Límite de Participación</u>").**

Además, tenga presente que el _____, 2019, el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "<u>Tribunal de Distrito</u>") aprobó ciertos procedimientos iniciales respecto al litigio de las Objeciones a Reclamaciones (los "<u>Procedimientos Iniciales para Objeciones</u>"). Si pretende participar en el litigio de las Objeciones a Reclamaciones, tiene que cumplir con los Procedimientos Iniciales para Objeciones los cuales requieren, entre otras cosas, que presente ante el Tribunal de Distrito y envíe por correo electrónico un Aviso de Participación en o antes de la Fecha Límite de Participación. Mediante el presente, se incluye un formulario de Aviso de Participación. **Las instrucciones para presentar un Aviso de Participación ante el Tribunal de Distrito, incluso para aquellas personas que no tienen representación legal, se encuentran al final del formulario del Aviso de Participación**.

**AUSENTE UN PERMISO CONCEDIDO POR EL TRIBUNAL DE DISTRITO LUEGO DE MOSTRAR JUSTA CAUSA, SI USTED (A) NO PRESENTA UN AVISO DE PARTICIPACIÓN, O (B) PRESENTA UN AVISO DE PARTICIPACIÓN LUEGO DE LA FECHA LÍMITE DE PARTICIPACIÓN, ESTARÁ IMPEDIDO DE PRESENTAR MOCIONES SEPARADAS CON RESPECTO A LAS OBJECIONES A RECLAMACIONES, INCLUYENDO PRESENTAR CUALQUIER OBJECIÓN ADICIONAL A RECLAMACIONES.**

En este momento no hay un calendario establecido para someter alegatos con respecto a las Objeciones a Reclamaciones en los Casos Título III del SRE ni ELA. **No obstante, por favor tome nota de que se espera que se establezca prontamente un calendario para someter alegatos sobre algunas de las alegaciones en las Objeciones a Reclamaciones**. Se espera que ciertos Tenedores de Bonos SRE que son tenedores de una gran porción de los Bonos SRE se opondrán a cualquier intento de los Objetores a invalidar las reclamaciones basadas en Bonos SRE. Tenedores de Bonos SRE que presenten Avisos de Participación a tenor con los Procedimientos Iniciales para Objeciones tendrán la oportunidad para, pero no estarán obligados, presentar una moción uniéndose a los alegatos presentados por algunos Tenedores de Bonos SRE que son tenedores de gran porción de los Bonos SRE, o presentar un alegato adicional con respecto a las Objeciones a Reclamaciones. Sin embargo, cada Tenedor de Bonos SRE es responsable de proteger sus propios intereses legales.

**Si provee una dirección de correo electrónico en su Aviso de Participación, automáticamente recibirá notificaciones por correo electrónico cuando documentos**

**\*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DE *[insertar fecha 40 días a partir de
notificación de orden dando lugar a moción de procedimientos*]\***

relevantes a las Objeciones a Reclamaciones, incluyendo calendarios para presentar
alegatos relacionados a estos, sean publicados en:
http://cases.primeclerk.com/ERSClaimsObjections (la "<u>Página Web de Objeciones SRE</u>").
Si no provee una dirección de correo electrónico en su Aviso de Participación, no recibirá
estas notificaciones automáticas y tendrá que visitar la Página Web de Objeciones SRE
para ver las notificaciones y otros documentos pertinentes.

Solicitudes para la versión en español del Aviso, Procedimientos para Objeciones, y el
formulario de Aviso de Participación y cualquier pregunta relacionada a este aviso, deben
enviarse por escrito a:

> Paul Hastings LLP
> 200 Park Avenue
> New York, NY 10166
> Attn:  Douglass E. Barron
> NoticeofParticipation@paulhastings.com
> (212) 318-6690

Los números CUSIP de los Bonos SRE afectados por las Objeciones a Reclamaciones
son:

| CUSIP |
|---|
| 29216MAF |
| 29216MAA |
| 29216MAB |
| 29216MAG |
| 29216MAH |
| 29216MAJ |
| 29216MAC |
| 29216MAK |
| 29216MAL |
| 29216MAD |
| 29216MAM |
| 29216MAN |
| 29216MAP |
| 29216MAQ |
| 29216MAE |
| 29216MBA |
| 29216MBB |
| 29216MBC |
| 29216MBD |
| 29216MBE |
| 29216MBF |
| 29216MBG |
| 29216MBH |

**\*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DE** *[insertar fecha 40 días a partir de notificación de orden dando lugar a moción de procedimientos*]**\***

| |
|---|
| 29216MBJ |
| 29216MAT |
| 29216MAU |
| 29216MAV |
| 29216MAW |
| 29216MAX |
| 29216MAY |
| 29216MAZ |
| 29216MBL |
| 29216MBM |
| 29216MBN |
| 29216MBP |

**Exhibit 6**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

-------------------------------------------------------------------- X
                                                                     :
In re:                                                               :
                                                                     :
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN          :  PROMESA
FINANCIERA PARA PUERTO RICO,                       :  Título III
                                                                     :
como representante de                              :  Caso Núm. 17-BK-3283 (LTS)
                                                                     :
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO *et*     :  (Administrado Conjuntamente)
*al.,*                                             :
                                                                     :
                                                                     :
Deudores. [1]                                      :
-------------------------------------------------------------------- X
In re:                                                               :
                                                                     :
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN          :  PROMESA
FINANCIERA PARA PUERTO RICO,                       :  Título III
                                                                     :
como representante del                             :  Caso Núm. 17-BK-3566 (LTS)
                                                                     :
SISTEMA DE RETIRO DE LOS EMPLEADOS DEL            :
GOBIERNO DEL ESTADO LIBRE ASOCIADO DE            :
PUERTO RICO,                                       :
                                                                     :
Deudor.                                            :
-------------------------------------------------------------------- X

**PROCEDIMIENTOS INICIALES CON RESPECTO AL LITIGIO DE OBJECIONES A**
**RECLAMACIONES DE BONOS SRE, INCLUYENDO LA FECHA LÍMITE PARA**
**PRESENTAR EL AVISO DE PARTICIPACIÓN PARA ESTE LITIGIO**
**Y FECHA LÍMITE PARA OBJETAR CIERTAS RECLAMACIONES DE BONOS SRE**

---

[1]   Los Deudores en los Casos del Título III, junto con el caso individual de cada Deudor en virtud del mismo título y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, según aplicable, son: (i) el Estado Libre Asociado de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); (ii) la Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de Quiebra Núm. 17-BK-3567 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); (iii) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de Quiebra Núm. 17-BK-3566 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); y (iv) la Autoridad de Energía Eléctrica de Puerto Rico ("AEE") (Caso de Quiebra Núm. 17-BK-4780 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3747) (Los números de los casos en virtud del Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

___ de septiembre de 2019

A tenor con la Orden del Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico (el "Tribunal de Distrito"), con fecha [del ___ de septiembre del 2019], [Dkt. No. ____] (la "Orden"), los siguientes procedimientos iniciales (los "Procedimientos Iniciales para Objeciones") aplicarán a:

(a)     las objeciones presentadas por (i) el Comité Oficial de Acreedores No Asegurados (el "Comité de Acreedores"), cada una fechada al 12 de marzo de 2019 [Caso Núm. 17-bk-3283, Dkt. No. 5580 y 5586; Caso Núm. 17-bk-3566, Dkt. Núm. 381 y 384] (las "Objeciones del Comité de Acreedores"), y por (ii) el Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico (el "Comité de Retirados") fechada al 23 de abril de 2019 [Caso Núm. 17-bk-3283, Dkt. Núm. 6482; Caso Núm. 17-bk-3566, Dkt. Núm. 469] (la "Objeción del Comité de Retirados", y, conjuntamente con las Objeciones del Comité de Acreedores, las "Objeciones de los Comités") a las reclamaciones presentadas por ciertos tenedores de bonos ("Bonos SRE") emitidos por el Sistema de Retiro de Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE");

(b)     la objeción presentada por la Junta de Supervisión y Administración Financiera para Puerto Rico como representante del Estado Libre Asociado de Puerto Rico (la "Junta"), fechada al 22 de mayo de 2019 [Caso Núm. 17-bk-3283, Dkt. Núm. 7075] (la "Objeción de la Junta");

(c)     cualquier otra objeción presentada en o antes de la Fecha Límite para Objeciones a Reclamaciones (según se define más abajo), sobre la procedencia de las Reclamaciones de los Bonos SRE (según se definen más abajo), que no sean Reclamaciones Postpetición Excluidas (según se definen más abajo), incoadas por (i) los grupos, incluyendo cada uno de sus miembros, de Tenedores de Bonos SRE (según se definen más abajo) representado por Jones Day y White & Case LLP (estos grupos, incluyendo cada uno de sus miembros, los "Grupos"), y (ii) The Bank of New York Mellon, como Agente Fiscal (el "Agente Fiscal") de los Bonos SRE (estas objeciones presentadas a tiempo, las "Objeciones Adicionales a Reclamaciones"); y

(d)     el cargo uno de cada demanda ("Alegaciones del Cargo Uno") presentada en los procedimientos adversarios iniciados por el Comité Especial de Reclamaciones de la Junta de Supervisión y Administración Financiera para Puerto Rico como representantes del SRE (el "CER") y el Comité de Acreedores [Adv. Núm. 19-355, 19-356, 19-357, 19-358, 19-359, 19-360 y 19-361] (las "Acciones").

El Comité de Acreedores, el Comité de Retirados, la Junta y el CER en adelante son los "Objetores". Las Objeciones de los Comités, las Alegaciones del Cargo Uno, la Objeción de la Junta y cualquier Objeción Adicional a Reclamaciones, en adelante son las "Objeciones a Reclamaciones".

Estos Procedimientos Iniciales para Objeciones aplican a todas las reclamaciones (incluyendo reclamaciones postpetición y gastos administrativos) de cualquier tipo (las "Reclamaciones de Bonos SRE") incoadas contra el SRE y/o el ELA por tenedores de bonos SRE (los "Tenedores de Bonos SRE") por cuenta de o relacionadas a los Bonos SRE, y a cada demandando en las Acciones (un "Demandado PA"), excluyendo (a) cualquier Reclamación de Bonos SRE que sea una reclamación postpetición incoada por cualquier Tenedor de Bonos SRE que no sea uno de los Grupos (incluyendo sus miembros) o el Agente Fiscal, y (b) cualquier Reclamación de Bonos SRE que sea una reclamación postpetición y sea incoada por los Grupos (incluyendo sus miembros) o el Agente Fiscal luego de la Fecha Límite Acordada para Reclamaciones Postpetición de Tenedores de Bonos SRE  (como se define más adelante) (en conjunto, las reclamaciones postpetición descritas arriba en los incisos (a) y (b), "Reclamaciones Postpetición Excluidas").

**IMPORTANTE: Ausente un permiso concedido por el Tribunal de Distrito luego de mostrar justa causa, cualquier parte (que no sea uno de los Participantes Considerados (según se definen más adelante)) que (a) no presente un Aviso de Participación (según se define más adelante), o (b) presente un Aviso de Participación luego del [*insertar fecha 40 días después de la notificación de la Orden*] de 2019, estará impedida de presentar mociones separadas con respecto a las Objeciones a Reclamaciones, incluyendo presentar cualquier Objeción Adicional a Reclamaciones.**

1. Exclusividad de los Procedimientos

Los Procedimientos Iniciales para Objeciones serán el mecanismo exclusivo para participar en el litigio ante el Tribunal de Distrito con respecto a las Objeciones a Reclamaciones. No obstante, algunos de los asuntos planteados en las Objeciones a Reclamaciones son objeto de procedimientos adversativos paralelos iniciados en el 2017 por ciertos Tenedores de Bonos SRE. *Ver* Adv. Núm. 17-ap-219-LTS en el Caso Núm. 17-bk-3283-LTS y Adv. Núm. 17-ap-220-LTS en el Caso Núm. 17-bk-3566-LTS (en conjunto, los "Procedimientos Adversativos del SRE"). Todos y cada uno de los alegatos y otros documentos presentados en conexión con los asuntos entrelazados (incluyendo las Partes III-V de la Objeción del Comité de Retirados y las Partes II-III de la Objeción de la Junta) en las Objeciones a Reclamaciones, también pueden ser presentados (con todos los epígrafes correspondientes), para todos los propósitos, en los Procedimientos Adversativos del SRE.

Para evitar dudas, estos procedimientos no aplicarán a los procedimientos adversativos iniciados por la Junta y el Comité de Acreedores cuestionando el alcance de los gravámenes que alegadamente aseguran los Bonos de SRE [Adv. Núm. 19-366 y 19-367] ("Procedimientos del Alcance de Gravámenes al SRE"). No obstante lo anterior, las partes se reunirán de buena fe para coordinar los calendarios para las Objeciones a Reclamaciones y los Procedimientos del Alcance de Gravámenes al SRE. Todas las partes se reservan sus derechos con respecto a litigios futuros que buscan la devolución de pagos luego de la petición hechos por el SRE o el ELA al Agente

3

Fiscal o a Tenedores de Bonos SRE a tenor con la estipulación fechada al 14 de julio de 2017 [Dkt. Núm. 170 en el Caso Núm. 17-bk-3566], según aprobada por el Tribunal de Distrito mediante Orden con fecha del 17 de julio de 2017 [Dkt. Núm. 171 en el Caso Núm. 17-bk-3566] y Orden con fecha de 28 de diciembre de 2017 [Dkt. Núm. 248 en el Caso Núm. 17-bk-3566], en caso de que los gravámenes que alegadamente aseguran los Bonos SRE sean impugnados exitosamente parcial o totalmente en los Procedimientos del Alcance de Gravámenes al SRE u Objeciones a Reclamaciones.

Las Objeciones a Reclamaciones deberán regirse por las Reglas Federales de Procedimiento de Quiebra; *sin embargo*, sin perjuicio de la Regla 9014 (c) de Quiebra, todas las Reglas contenidas en la Parte VII de las Reglas de Quiebra deberán aplicar a las Objeciones a Reclamaciones, excepto según sean enmendadas por los Procedimientos Iniciales para Objeciones o cualquier orden posterior del Tribunal de Distrito.

2. Aviso de Participación/Aviso de Comparecencia

(a) Objeciones a Reclamaciones – Aviso de Participación

Cualquier parte con interés, incluyendo pero sin limitarse a, cualquier persona o entidad que sea tenedor de un Bono SRE, esté o no esa persona o entidad identificada en las Objeciones de los Comités, o que desee participar en el litigio de las Objeciones a Reclamaciones, tiene que notificar por correo electrónico y presentar un aviso de su intención de participar en dicho litigio (un "Aviso de Participación"); *dispuesto, no obstante*, que (i) el Comité de Acreedores, (ii) el Comité de Retirados, (iii) la Junta, (iv) el CER, (v) la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico ("AAFAF"), (vi) los Grupos (incluyendo sus miembros), (vii) el Agente Fiscal, y (viii) un Demandado PA que presente un Aviso de Comparecencia, en cada caso, no están obligados a presentar Avisos de Participación y cada uno será considerado como Participante (como se define más abajo) (las partes en (i) al (viii), en conjunto, los "Participantes Considerados").

El Aviso de Participación (a) indicará si la parte con interés que presentó el aviso (cada uno, un "Participante") apoya o se opone a las Objeciones a Reclamaciones; (b) proveerá el nombre, dirección y correo electrónico del Participante y de su representante legal, si alguno; y (c), en la medida en que lo presente un Tenedor de Bonos SRE, expondrá (i) si todo o parte de los Bonos SRE fueron adquiridos en el mercado secundario, y (ii) los números CUSIP de dichos Bonos SRE según el mejor conocimiento y creencia del Tenedor de Bonos SRE, a la fecha en que presenta el Aviso de Participación (la "Información del Aviso"). El Aviso de Participación cubrirá todos los Bonos SRE que sean propiedad del Participante a la fecha de la presentación del Aviso de Participación o adquirido posteriormente y no deberá limitarse específicamente a los números CUSIP que aparecen en la lista. En aras de evitar cualquier duda, una parte interesada puede presentar un Aviso de Participación individualmente y/o a través de un grupo *ad hoc*. Un Aviso de Participación presentado a través de un grupo *ad hoc* le dará el derecho a cada miembro de dicho grupo *ad hoc* a participar individualmente o como parte del grupo, y cada miembro se reserva el derecho de actuar individualmente de cuando en cuando, con relación a cualquier asunto, argumento o procedimiento. En la medida en que una entidad deje de ser parte de un grupo *ad hoc* que haya presentado un Aviso de Participación, dicha entidad podrá seguir participando en el litigio de las Objeciones a Reclamaciones en la misma manera en que lo

haría un Participante que hubiese presentado oportunamente un Aviso de Participación individual; *dispuesto, no obstante,* que dicho Participante estará sujeto a (i) cualquier acción, argumento, declaración o posición hecha o tomada por dicho grupo *ad hoc* antes de la fecha en que el Participante cesó de ser miembro de dicho grupo *ad hoc* (la "Fecha de Separación"), y (ii) a cualquier orden del Tribunal de Distrito aplicable a los miembros de dicho grupo *ad hoc* a la Fecha de Separación, en cada caso en la misma medida, de haber alguna, en que los miembros de dicho grupo *ad hoc* estarían obligados por dichas acciones, argumentos, declaraciones, posiciones u órdenes del Tribunal de Distrito. En la medida en que una entidad se convierta en un miembro de un grupo *ad hoc* luego de la Fecha Límite de Participación, dicha entidad estará cubierta por el Aviso de Participación oportunamente presentado por el grupo *ad hoc*, *siempre y cuando* (i) dicho Aviso de Participación sea actualizado para incluir la Información de Aviso del nuevo integrante del grupo, y (ii) si dicho integrante no presentó su propio Aviso de Participación oportunamente, dicho miembro deberá haber obtenido aprobación del Tribunal de Distrito para participar en el litigio, individualmente o como miembro del grupo *ad hoc,* luego de demostrar justa causa, según indica el párrafo 4 a continuación. Los Participantes que presenten un Aviso de Participación en apoyo a las Objeciones a Reclamaciones constituirán colectivamente los "Objetores Conjuntos", y las partes que se opongan a los remedios solicitados en las Objeciones a Reclamaciones constituirán colectivamente los "Recurridos".

Cada Aviso de Participación tiene que ser notificado por correo electrónico a las "Partes a Notificar" identificadas en el párrafo 8 abajo y presentado electrónicamente en el Tribunal de Distrito de conformidad con sus procedimientos para la radicación electrónica de documentos. **Los Participantes sin representación legal pueden presentar el Aviso de Participación por correo o haciendo entrega personal a: Secretaría del Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico, Oficina 150 Edificio Federal, 150 Avenida Carlos Chardón, San Juan PR 00918-1767.**

**La fecha límite para presentar en el Tribunal de Distrito y notificar por correo electrónico el Aviso de Participación es [*insertar fecha 40 días a partir de la fecha de notificación de la Orden*] de 2019 (la "Fecha Límite de Participación")**. Aquellos que presenten en el Tribunal de Distrito y notifiquen por correo electrónico el Aviso de Participación para la Fecha Límite de Participación no tendrán que presentar una respuesta sustantiva a las Objeciones a Reclamaciones hasta la fecha establecida mediante una orden de calendarización posteriormente emitida por el Tribunal de Distrito.

Sujeto a lo provisto en el párrafo 4 abajo, aquella parte que no presente un Aviso de Participación no podrá recibir notificaciones de radicaciones y eventos en el litigio y puede que no se le permita participar sustancialmente en el litigio de las Objeciones a Reclamaciones sin permiso del Tribunal de Distrito una vez haya mostrado justa causa, sin embargo, sus derechos pueden verse afectados por el resultado del litigio. En particular, y sujeto a los derechos apelativos aplicables, si, y en la medida en que, el Tribunal de Distrito conceda las Objeciones a Reclamaciones total o parcialmente, la recuperación de los reclamantes de Bonos SRE por cuenta de los mismos bonos se eliminará total o parcialmente, y estos reclamantes quedarán prohibidos para siempre de hacer valer dichas reclamaciones invalidadas contra el SRE y el ELA, según aplique, votar con respecto a las reclamaciones invalidadas en cualquier plan de ajuste presentado en los Casos bajo el Título III del SRE o del ELA, según aplique, y participar en distribución alguna en los Casos bajo el Título III del SRE o del ELA por cuenta de las

mismas reclamaciones invalidadas que surgen de Bonos SRE y de las Reclamaciones de Bonos SRE. Al radicar un Aviso de Participación, el reclamante tendrá la oportunidad de ser escuchado en los méritos de las Objeciones a Reclamaciones, tendrá derecho a recibir las notificaciones sobre eventos en el caso específicos a las Objeciones a Reclamaciones y recibirá avisos de oportunidades para reunirse y conversar con otras partes sobre los asuntos relacionados al litigio de las Objeciones a Reclamaciones.

Nada de lo aquí dispuesto, ni la mera presentación de un Aviso de Participación por una persona o entidad que no sea un tenedor de un Bono SRE, le conferirá legitimación activa a dicha persona o entidad para participar en el litigio de las Objeciones a Reclamaciones, y se reservan todos los derechos para objetar la legitimación activa de cualquier persona o entidad.

(b)  Las Acciones – Aviso de Comparecencia

En la medida en que un Demandado PA no haya presentado aún un Aviso de Comparecencia, a menos que este Demandado PA sea un Participante Considerado, ese Demandado PA **tiene** que presentar un Aviso de Comparecencia en la Acción aplicable en o antes de la Fecha Límite de Participación, aunque ese Demandado PA también haya sometido un Aviso de Participación. Este Aviso de Comparecencia puede ser limitado a la medida en que un Demandado PA dispute la jurisdicción del Tribunal de Distrito sobre este.

(c)  Presentación de Lista de Participantes

En la fecha que será cinco (5) días después de la Fecha Límite de Participación, los Objetores presentarán en el Tribunal de Distrito una lista de todas las partes que presentaron Avisos de Participación y sus representantes legales, e indicarán si estos Participantes favorecen o se oponen a las Objeciones a Reclamaciones. Los Objetores también presentarán en el Tribunal de Distrito una lista de todos los Demandados PA que presentaron Avisos de Comparecencia y sus representantes legales. Estas listas serán actualizadas según sea necesario cada treinta (30) días para reflejar cualquier presentación tardía o actualización de un Aviso de Participación y Aviso de Comparecencia.

3.  Alegatos sobre Objeciones a Reclamaciones

Con respecto a establecer un calendario para someter alegatos relacionados a las Objeciones a Reclamaciones, las partes deberán cumplir con la *Orden sobre el Período de Suspensión y Mediación Obligatoria* [Dkt. Núm. 8244 en el Caso Núm. 17-bk-3283-LTS].

Los Comités deberán hacer que se envíen notificaciones automáticas por correo electrónico a las partes que hayan provisto una dirección de correo electrónico en su Aviso de Participación cuando documentos relevantes a las Objeciones a Reclamaciones, incluyendo calendarios para presentar alegatos relacionados a estos, sean presentados ante el Tribunal de Distrito o de otra manera sean hechos públicos. Además, estos documentos también serán publicados en: http://cases.primeclerk.com/ERSClaimsObjections ("Página Web de Objeciones SRE"). **Las partes que no provean una dirección de correo electrónico en su Aviso de Participación, no recibirán notificaciones automáticas y tendrán que visitar la Página Web de Objeciones SRE para lograr ver las notificaciones y otros documentos pertinentes.**

4. No Presentar a Tiempo un Aviso de Participación y/o Aviso de Comparecencia

Cualquier parte que no presente un Aviso de Participación y/o Aviso de Comparecencia o lo presente luego de la Fecha Límite de Participación, estará sujeta a cualquier orden emitida por el Tribunal de Distrito previo a la Fecha Límite de Participación. Ausente un permiso concedido por el Tribunal de Distrito luego de mostrar justa causa, cualquier parte (que no sea un Participante Considerado) que (a) no presente un Aviso de Participación, o (b) presente un Aviso de Participación luego de la Fecha Límite de Participación, estará impedida de presentar mociones separadas relacionadas a las Objeciones a Reclamaciones, incluyendo presentar cualquier Objeción Adicional a Reclamaciones.

5. Carencia de Deber

Ningún Recurrido o Demandado PA tendrá deber alguno para con otro Recurrido, Demandado PA o Tenedor de Bonos SRE que no haya presentado un Aviso de Participación o Aviso de Comparecencia, como aplique.

6. Otras Objeciones Permisibles; Fecha Límite para Objeciones a Reclamaciones

El hecho de que los Objetores hayan objetado las Reclamaciones de Bonos SRE incoadas contra el SRE y el ELA no impedirá (i) a los Objetores o a cualquiera otra parte con interés a objetar cualquier otra reclamación incoada por un Tenedor de Bonos SRE que no esté relacionada a Bonos SRE, o (ii) a cualquier parte con interés a levantar argumentos adicionales para objetar a las Reclamaciones de Bonos SRE de acuerdo con estos Procedimientos Iniciales para Objeciones.

No empece a lo aquí expuesto en contrario, en lo que no respecta a las Reclamaciones Postpetición Excluidas, (i) la fecha límite para presentar objeciones a cualquier Reclamación de Bonos SRE incoada por los Grupos (incluyendo los miembros de estos Grupos) o el Agente Fiscal será la fecha que sea más tarde entre (a) 90 días a partir de la notificación de la Orden, y (b) el 6 de enero de 2020 (la "Fecha Límite para Objetar Reclamaciones"), y (ii) sujeto a la Regla 7015 de Quiebra (la cual aplica a las Objeciones a Reclamaciones), luego de la Fecha Límite para Objetar Reclamaciones, los Objetores y cualquier parte con interés estarán prohibidos de presentar cualquier objeción nueva o adicional sobre la procedencia de cualquier Reclamación de Bonos SRE incoada por los Grupos (incluyendo los miembros de estos) o el Agente Fiscal.

7. Fecha Límite Acordada para Reclamaciones Postpetición para Ciertos Tenedores de Bonos SRE

La fecha límite para los Grupos (incluyendo sus miembros) y el Agente Fiscal incoar reclamaciones postpetición (incluyendo una solicitud para gastos administrativos) contra el SRE y/o el ELA por cuenta de o relacionadas a Bonos SRE será la [*insertar fecha que es 45 días a partir de la notificación de la orden*] de 2019 (la "Fecha Límite Acordada para Reclamaciones Postpetición de Tenedores de Bonos SRE").  Sujeto a la Regla 7015 de Quiebra (la cual aplica a las reclamaciones postpetición, incluyendo solicitudes para gastos administrativos contra el SRE y/o el ELA), los Grupos y el Agente Fiscal estarán prohibidos de presentar, luego de la Fecha

7

Límite Acordada para Reclamaciones Postpetición de Tenedores de Bonos SRE cualquier reclamación postpetición nueva o adicional acumulada contra el SRE y/o el ELA que (a) es por cuenta de o relacionada a Bonos SRE, y (b) se acumuló en o antes del día 30 previo a la Fecha Límite Acordada para Reclamaciones Postpetición de Tenedores de Bonos SRE. Para evitar dudas, le Fecha Límite Acordada para Reclamaciones Postpetición de Tenedores de Bonos SRE solo aplicará a los Grupos (incluyendo sus miembros) y el Agente Fiscal y no aplicará a algún otro Tenedor de Bonos SRE o al SRE ni entidad alguna que actúe en nombre de o en representación del SRE, incluyendo un síndico nombrado a tenor con la Sección 926 del Código de Quiebras. Para evitar más dudas, los gastos administrativos que surjan de la Sección 922(c) del Código de Quiebras luego del día 30 previo a la Fecha Límite Acordada para Reclamaciones Postpetición de Tenedores de Bonos SRE no estarán sujetos a dicha fecha límite.

8.  Las Siguientes Personas son las "Partes a Notificar"

**PAUL HASTINGS LLP**
Attn: Luc. A. Despins, Esq.
James R. Bliss, Esq.
Nicholas A. Bassett, Esq.
200 Park Avenue
New York, NY 10166
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com

**CASILLAS, SANTIAGO & TORRES LLC**
Attn: Juan J. Casillas Ayala, Esq
Israel Fernández Rodríguez, Esq.
Juan C. Nieves González, Esq.
Cristina B. Fernández Niggemann, Esq.
PO Box 195075
San Juan, PR 00919-5075
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

**JENNER & BLOCK LLP**
Attn: Robert Gordon, Esq.
Catherine Steege, Esq.
Melissa Root, Esq.
Landon Raiford, Esq.
rgordon@jenner.com
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com

**BENNAZAR, GARCÍA & MILLIÁN, C.S.P.**
Attn: A.J. Bennazar-Zequeira, Esq.
Héctor M. Mayol Kauffman, Esq.
Francisco del Castillo Orozco, Esq.
ajb@bennazar.org
hector.mayol@bbennazar.com

**PROSKAUER ROSE LLP**
Attn: Martin J. Bienenstock, Esq.
Brian S. Rosen, Esq.
Jeffrey W. Levitan, Esq.
Margaret A. Dale, Esq.
mbienenstock@proskauer.com
brosen@proskauer.com
jlevitan@proskauer.com
mdale@proskauer.com

**A&S LEGAL STUDIO, PSC.**
Attn: Luis F. Del Valle-Emmanuelli, Esq.
dvelawoffices@gmail.com

**BROWN RUDNICK LLP**
Attn: Edward S. Weisfelner, Esq.

**ESTRELLA, LLC**
Attn: Alberto Estrella, Esq.

Angela M. Papalaskaris, Esq.
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

**O'MELVENY & MYERS LLP**
John J. Rapisardi
Suzzanne Uhland
Peter Friedman
7 Times Square
New York, NY 10036
(212) 326-2000

Kenneth C. Suria, Esq.
agestrella@estrellallc.com
ksuria@estrellallc.com

**MARINI PIETRANTONI MUÑIZ LLC**
Luis C. Marini-Biaggi
250 Ponce de León Ave., Ste. 900
San Juan, PR 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

**Exhibit 7**

**\*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DEL [*insertar fecha 40 días a partir de la notificación de la orden dando lugar a la moción de procedimientos*]\***

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

```
-------------------------------------------------------------------- X
                                                    :
In re:                                              :
                                                    :
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN            :    PROMESA
FINANCIERA PARA PUERTO RICO,                        :    Título III
                                                    :
        como representante de                       :    Caso Núm. 17-BK-3283 (LTS)
                                                    :
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO et          :    (Administrado Conjuntamente)
al.,                                                :
                                                    :
        Deudores. 12                                :
-------------------------------------------------------------------- X
In re:                                              :
                                                    :
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN            :    PROMESA
FINANCIERA PARA PUERTO RICO,                        :    Título III
                                                    :
        como representante del                      :    Caso Núm. 17-BK-3566 (LTS)
                                                    :
SISTEMA DE RETIRO DE LOS EMPLEADOS DEL              :
GOBIERNO DEL ESTADO LIBRE ASOCIADO DE               :
PUERTO RICO,                                         :
                                                    :
        Deudor.                                     :
-------------------------------------------------------------------- X
```

## AVISO DE PARTICIPACIÓN EN EL LITIGIO DE LAS OBJECIONES A RECLAMACIONES DE BONOS SRE

**Este Aviso de Participación tiene que ser notificado y presentado en o antes del [*insertar fecha 40 días a partir de notificación de la orden*] siguiendo las instrucciones que se encuentran al final de este documento.**

---

12   Los Deudores en los Casos del Título III, junto con el caso individual de cada Deudor en virtud del mismo título y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, según aplicable, son: (i) el Estado Libre Asociado de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); (ii) la Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de Quiebra Núm. 17-BK-3567 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); (iii) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de Quiebra Núm. 17-BK-3566 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); y (iv) la Autoridad de Energía Eléctrica de Puerto Rico ("AEE") (Caso de Quiebra Núm. 17-BK-4780 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3747) (Los números de los casos en virtud del Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

**\*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DEL [*insertar fecha 40 días a partir de la notificación de la orden dando lugar a la moción de procedimientos*]\***

**En ausencia de un permiso concedido por el Tribunal de Distrito luego de mostrar justa causa, cualquier parte que tenga conocimiento de los Procedimientos Iniciales para Objeciones pero (a) no presenta un Aviso de Participación, o (b) presenta un Aviso de Participación luego del [*insertar fecha 40 días después de la notificación de la Orden*] de 2019, estará impedida de presentar mociones separadas con respecto a las Objeciones a Reclamaciones (según se definen en los Procedimientos Iniciales para Objeciones), incluyendo presentar cualquier Objeción Adicional a Reclamaciones (según se define en los Procedimientos Iniciales para Objeciones).**

La parte identificada a continuación ("Participante"), por la presente notifica al Comité Oficial de Acreedores No Asegurados, al Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico, a la Junta de Supervisión y Administración Financiera para Puerto Rico, al Comité Especial de Reclamaciones de la Junta de Supervisión y Administración Financiera para Puerto Rico y a la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, que tiene la intención de participar en el litigio de las Objeciones a Reclamaciones con respecto a los bonos emitidos por el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico en el 2008 (los "Bonos SRE").

Para garantizar todos los derechos de participación en el litigio de las Objeciones a Reclamaciones, el Participante provee toda la información solicitada en los incisos 1 al 3 a continuación:

1.  Información de contacto del Participante, incluyendo correo electrónico, y el de su representante legal, si alguno:

| **Nombre del Participante e Información de Contacto** | **Información de Contacto de la Representación Legal (si alguna)** |
|---|---|
| _____ <br> Nombre del Participante | _____ <br> Nombre de la firma (si aplica) |
| _____ <br> Persona contacto (si el Participante no es un individuo) | _____ <br> Persona contacto |
| _____ <br> Correo electrónico | _____ <br> Correo electrónico |
| _____ <br> Dirección línea 1 | _____ <br> Dirección línea 1 |
| _____ <br> Dirección línea 2 | _____ <br> Dirección línea 2 |

***ESTE AVISO REQUIERE ACCIÓN EN O ANTES DEL [*insertar fecha 40 días a partir de la notificación de la orden dando lugar a la moción de procedimientos*]***

_____                    _____

Ciudad, Estado, Código Postal                    Ciudad, Estado, Código Postal

_____                    _____

País                                                              País

2.  El Participante informa que (elija **una** de las siguientes opciones marcando una "X" en el espacio apropiado):

      \_\_\_\_\_ pretende **apoyar** el remedio solicitado en las Objeciones a Reclamaciones (i.e., el Participante cree que el Tribunal de Distrito debe decidir que los Bonos SRE son **inválidos**); *o*

      \_\_\_\_\_ pretende **oponerse** al remedio solicitado en las Objeciones a Reclamaciones (i.e., el Participante cree que el Tribunal de Distrito debe decidir que los Bonos SRE son **válidos**).

3.  Si el Participante no es tenedor de un Bono SRE, puede saltar al final de este Aviso y firmarlo. Si el Participante es tenedor de uno o más Bonos SRE, el Participante tiene que responder a los siguientes párrafos (a) y (b) según el mejor conocimiento del Participante.

      (a)  Provea el número CUSIP de todos los Bonos SRE del Participante:

      (b)  ¿El Participante compró alguno de sus Bonos SRE, total o parcialmente, en el mercado secundario?   **SI** o **NO** (por favor, **circule uno**).

Por:   _____

      Firma

      _____

      Nombre en letra de molde

      _____

      Título (si el Participante no es un individuo)

      _____

      Fecha

**Instrucciones para Notificar y Presentar el Aviso de Participación**:  Este Aviso de Participación tiene que ser (i) **notificado** mediante correo electrónico a las Partes a Notificar establecidas en el párrafo 8 de los Procedimientos para Objeciones, y (ii) **presentado** electrónicamente ante el Tribunal de Distrito conforme a sus procedimientos de presentación

3

**\*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DEL [***insertar fecha 40 días a partir de la notificación de la orden dando lugar a la moción de procedimientos***]\***

electrónica de casos. **Si el Participante no tiene representación legal, el Participante puede someter una copia en papel de este Aviso de Participación ante el Tribunal de Distrito mediante correo o entregado a la mano a: Secretaría del Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, Oficina 150 del Edificio Federal, 150 Avenida Carlos Chardón, San Juan, Puerto Rico 00918-1767**.

**Exhibit 8**

**\*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DE [*insertar fecha 40 días a partir de
la notificación de la orden dando lugar a la moción de procedimientos*]\***

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

------------------------------------------------------------------ X

| | |
|---|---|
| | : |
| In re: | : |
| | : |
| LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN | : PROMESA |
| FINANCIERA PARA PUERTO RICO, | : Título III |
| | : |
| como representante de | : Caso Núm. 17-BK-3283 (LTS) |
| | : |
| EL ESTADO LIBRE ASOCIADO DE PUERTO RICO *et* | : (Administrado Conjuntamente) |
| *al.,* | : |
| | : |
| Deudores. [13] | : |

------------------------------------------------------------------ X

| | |
|---|---|
| | : |
| EPÍGRAFE DE PROCEDIMIENTO ADVERSATIVO | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |

------------------------------------------------------------------ X

## NOTIFICACIÓN DE PROCEDIMIENTOS INICIALES PARA
## EL CARGO UNO DE LA DEMANDA, INCLUYENDO LA FECHA LÍMITE PARA
## PRESENTAR AVISO DE COMPARECENCIA

     Usted está recibiendo esta notificación porque usted (o su cliente) es un demandado en el
procedimiento adversativo de epígrafe iniciado por el Comité Especial de Reclamaciones de la
Junta de Supervisión y Administración Financiera para Puerto Rico (el "<u>CER</u>") y el Comité
Oficial de Acreedores No Asegurados (el "<u>Comité de Acreedores</u>", junto al CER, los

---

[13]    Los Deudores en los Casos del Título III, junto con el caso individual de cada Deudor en virtud del mismo título
y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, según
aplicable, son: (i) el Estado Libre Asociado de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283 (LTS))
(Últimos cuatro dígitos de la identificación contributiva federal: 3481); (ii) la Autoridad de Carreteras y
Transportación de Puerto Rico ("<u>ACT</u>") (Caso de Quiebra Núm. 17-BK-3567 (LTS)) (Últimos cuatro dígitos de
la identificación contributiva federal: 3808); (iii) el Sistema de Retiro de los Empleados del Gobierno del
Estado Libre Asociado de Puerto Rico ("<u>SRE</u>") (Caso de Quiebra Núm. 17-BK-3566 (LTS)) (Últimos cuatro
dígitos de la identificación contributiva federal: 9686); y (iv) la Autoridad de Energía Eléctrica de Puerto Rico
("<u>AEE</u>") (Caso de Quiebra Núm. 17-BK-4780 (LTS)) (Últimos cuatro dígitos de la identificación contributiva
federal: 3747) (Los números de los casos en virtud del Título III están enumerados como números de casos de
quiebra debido a ciertas limitaciones en el programa informático).

**\*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DE** *[insertar fecha 40 días a partir de notificación de orden dando lugar a moción de procedimientos]***\***

"Demandantes"), donde los Demandantes buscan, entre otras cosas, recuperar dineros pagados a usted o a su beneficio con respecto a los bonos emitidos por el Sistema de Retiro de Empleados del Gobierno del Estado Libre Asociado de Puerto Rico en el 2008 (los "Bonos SRE"). Por favor note que, además del procedimiento adversativo de epígrafe, los Demandantes incoaron seis otros procedimientos adversativos (conjuntamente con el procedimiento adversativo en epígrafe, las "Acciones") contra otros demandados (cada demandado, un "Demandado PA") por esencialmente los mismos motivos. El cargo uno de cada demanda (las "Alegaciones del Cargo Uno") presentada en las Acciones (cada demanda, un "Demanda PA") alega que los Bonos SRE fueron emitidos *ultra vires*. *Véase* Pro. Adv. Núm. 19-355, 19-356, 19-357, 19-358, 19-359, 19-360 y 19-361.

Por favor note que, además de las Acciones, (i) el Comité de Acreedores ha presentado objeciones, cada una fechada al 12 de marzo de 2019 [Caso Núm. 17-bk-3283, Dkt. No. 5580 y 5586; Caso Núm. 17-bk-3566, Dkt. Núm. 381 y 384] (conjuntamente, las "Objeciones del Comité de Acreedores"), a las reclamaciones incoadas por tenedores de Bonos SRE (los "Tenedores de Bonos SRE"); y (ii) el Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico (el "Comité de Retirados", junto al Comité de Acreedores, los "Comités") ha presentado una objeción, fechada al 23 de abril de 2019, a reclamaciones incoadas por Tenedores de Bonos SRE [Caso Núm. 17-bk-3283, Dkt. Núm. 6482; Caso Núm. 17-bk-3566, Dkt. Núm. 469] (la "Objeción del Comité de Retirados", y, junto a las Objeciones del Comité de Acreedores, las "Objeciones de los Comités").[14] Las Objeciones de los Comités alegan que los Bonos SRE fueron emitidos *ultra vires*. La Objeción del Comité de Retirados también arguye que todas las Reclamaciones de Bonos SRE que han sido o pueden ser incoadas contra el ELA también son inválidas por motivos *ultra vires*, entre otros motivos.

Por favor también note que el _____ de 2019, el Tribunal de Distrito aprobó ciertos procedimientos iniciales con respecto al litigio de las objeciones a las Reclamaciones de Bonos SRE ("Procedimientos Iniciales para Objeciones") estableciendo un procedimiento para que las partes participen en las objeciones a las Reclamaciones de Bonos SRE (como se definen en los Procedimientos Iniciales para Objeciones). **A tenor con los Procedimientos Iniciales para Objeciones, en la medida en que aún no lo ha hecho, <u>usted está obligado</u> a presentar un Aviso de Comparecencia en la Acción correspondiente en o antes del [*insertar fecha 40 días a partir de la notificación de la orden*] ("<u>Fecha Límite de Participación</u>").**

---

[14] Si usted aún es tenedor de Bonos SRE, debe también recibir una notificación separada sobre las Objeciones a Reclamaciones.

***ESTE AVISO REQUIERE ACCIÓN EN O ANTES DE** *[insertar fecha 40 días a partir de notificación de orden dando lugar a moción de procedimientos]**

**En ausencia de un permiso concedido por el Tribunal de Distrito luego de mostrar justa causa, si (a) no presenta un Aviso de Comparecencia, o (b) presenta un Aviso de Comparecencia luego de la Fecha Límite de Participación, estará impedido de presentar mociones separadas relacionadas a las Objeciones a Reclamaciones (como se definen en los Procedimientos Iniciales para Objeciones), incluyendo presentar cualquier Objeción Adicional a Reclamaciones (como se define en los Procedimientos Iniciales para Objeciones).**

En este momento no hay un calendario establecido para someter alegatos con respecto a las Alegaciones del Cargo Uno o alguna otra objeción a las Reclamaciones de Bonos SRE. **No obstante, favor tome nota que se espera que se establezca prontamente un calendario para presentar alegatos sobre las Alegaciones del Cargo Uno y otras objeciones a Reclamaciones de Bonos SRE.**

[bloque de firmas de cada demanda]

3