## EXHIBIT B

**Proposed Order (Blackline)**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------- X
                                                          :

In re:                                                :
                                                       :

THE FINANCIAL OVERSIGHT AND          :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,   :    Title III
                                                  :

       as representative of                   :    Case No. 17-BK-3283 (LTS)
                                                  :

THE COMMONWEALTH OF PUERTO RICO *et al.,*   :    (Jointly Administered)
                                                  :

          Debtors.[1]                         :
------------------------------------------------------------------- X
                                                           :

In re:                                                :
                                                       :

THE FINANCIAL OVERSIGHT AND          :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,   :    Title III
                                                  :

       as representative of                   :    Case No. 17-BK-3566 (LTS)
                                                  :

THE EMPLOYEES RETIREMENT SYSTEM OF THE   :
GOVERNMENT OF THE COMMONWEALTH OF   :
PUERTO RICO,                                :
                                                  :

          Debtor.                          :
------------------------------------------------------------------- X

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686; and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**ORDER ESTABLISHING INITIAL PROCEDURES WITH RESPECT TO (I)
OBJECTIONS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND
OFFICIAL COMMITTEE OF RETIRED EMPLOYEES, PURSUANT TO
BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE ~~3007~~3007, TO
CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES
RETIREMENT SYSTEM OF GOVERNMENT OF COMMONWEALTH OF PUERTO
RICO, (II) COUNT ONE OF CERTAIN COMPLAINTS ALLEGING THAT SUCH
BONDS WERE ISSUED *ULTRA VIRES* AND (III) ESTABLISHING CLAIM
OBJECTION DEADLINE FOR CERTAIN ERS BOND CLAIMS**

Upon consideration of (a) the *Motion of Official Committee of Unsecured Creditors,
Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing
Procedures with Respect to Objections to Claims Asserted by Holders of Bonds Issued by
Employees Retirement System of Government of Puerto Rico and Requesting Related Relief* [Dkt.
No. 5589], (b) the *Motion of Retiree Committee Establishing Initial Procedures with Respect to
Objections of the Official Committee of Unsecured Creditors and Official Committee of Retired
Employees, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007 to Claims
Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto
Rico* [Dkt. No. 7803], and (c) the *Urgent Consented to Supplement to *the Motions of the Official
Committee of Unsecured Creditors and Official Committee of Retired Employees, Pursuant to
Bankruptcy Code Section 502 and Bankruptcy Rule 3007, Seeking Approval of Initial Procedures
With Respect to Objections to Claims Asserted by Holders of Bonds Issued by Employees
Retirement System of Government of Puerto Rico (and Establishing Claim Objection Deadline
for Certain ERS Bond Claims* [Dkt. No. ____] (collectively, the "Motions")[2],[2] and the exhibits
attached thereto, and the Court having found and determined that (i) the Court has jurisdiction to
consider the Motions and the relief requested therein pursuant to section 502 of the Bankruptcy
Code as incorporated by section 301 of PROMESA and Bankruptcy Rule 3007, as incorporated

---

[2] ~~Capitalized terms not herein defines shall have the meanings ascribed to them in the Motions.~~
[2] Capitalized terms not herein defined shall have the meanings ascribed to them in the Motions or the Initial
Objection Procedures (as defined below), as applicable.

by section 310 of PROMESA; (ii) venue is proper before this Court pursuant to PROMESA

section 307(a); (iii) due and proper notice of ~~this Motion~~the Motions has been provided under the

particular circumstances and no other or further notice need be provided; (iv) based on the

statements and arguments made in the ~~Motion~~Motions, the relief requested in the Motion is in

the best interest of ERS, the Commonwealth and their creditors; (v) the objection filed to the

Retiree Committee's Motion by certain ERS Bondholders having been resolved; and (vi) the

legal and factual bases set forth in the ~~Motion~~Motions establish just cause for the relief granted

herein. Accordingly, it is hereby ORDERED THAT:

1.      The relief requested in the ~~Motion~~Motions is GRANTED to the extent set forth

herein.

2.      The Creditors' Committee and Retiree Committee (together, the "Committees")

are authorized to proceed under Bankruptcy Rule 3007(c), as incorporated by section 310 of

PROMESA, with their Objections to the ERS Bonds on an omnibus basis~~; and the filing of the~~

~~Objections shall not limit the ability of the Committee the Retiree Committee, or any other party~~

~~in interest, from objecting to any other claim asserted by the ERS Bondholder unrelated to the~~

~~ERS Bonds.~~ as set forth in the Initial Objection Procedures attached hereto as **Exhibit 2.**

3.      The Objection Notice, the Initial Objection Procedures ~~and,~~ the form of Notice of

Participation, and the Notice to Adversary Proceeding Defendants attached hereto as **Exhibit 1**,

**Exhibit 2**, **Exhibit 3,** and **Exhibit ~~3~~4,** respectively ~~(collectively, the "Objection Procedure~~

~~Documents"),~~, as well as the corresponding Spanish versions thereof attached hereto as **Exhibit**

**5, Exhibit 6, Exhibit 7, and Exhibit 8,** respectively, are hereby approved.  The Initial Objection

Procedures are deemed to have been incorporated herein.

4.      Absent permission granted by the District Court upon a showing of good cause, any party (other than the Deemed Participants) that (a) fails to file a Notice of Participation or (b) files a Notice of Participation after the date that is 40 days from entry of this Order, shall be prohibited from filing separate pleadings with respect to the Claim Objections, including filing any Additional Claim Objections.  The Deemed Participants are (i) the Creditors' Committee, (ii) the Retiree Committee, (iii) the FOMB, (iv) the SCC, (v) the Puerto Rico Fiscal Agency and Financial Advisory Authority, (vi) the Groups (including their members), (vii) the Fiscal Agent, and (viii) an AP Defendant that files a Notice of Appearance.

5.      Notwithstanding anything herein to the contrary, except with respect to Excluded Postpetition Claims (as defined in the Initial Objection Procedures), (i) the deadline to file objections to any ERS Bond Claims (as defined in the Initial Objection Procedures) asserted by the Groups (including the members of such Groups) or the Fiscal Agent shall be the later of (a) the date that is ninety days after entry of this Order, and (b) January 6, 2020 (the "Claim Objection Deadline"), and (ii) subject to Bankruptcy Rule 7015 (which is made applicable to the Claim Objections), after the occurrence of the Claim Objection Deadline, the Objectors (as defined in the Initial Objection Procedures) and any party in interest shall be prohibited from filing any new or additional objections to the allowance of any ERS Bond Claim asserted by the Groups (including the members of such Groups) or the Fiscal Agent.

6.      The Claim Objections shall be governed by the Federal Rules of Bankruptcy Procedure; *provided*, *however*, that notwithstanding Bankruptcy Rule 9014(c), all of the Part VII Rules shall be applicable to the Claim Objections, except as modified by the Initial Objection Procedures or subsequent order of the Court.

7.    4. The ~~Objectors~~Committees shall cause Prime Clerk, within five (5) days of entry of this Order, to serve copies of the Objection Notice, the Initial Objection Procedures, and the form of Notice of Participation (collectively, the "Objection Procedure Documents") upon all individuals and entities who filed proofs of claim that are reflected on Prime Clerk's database as "bond claims" against ERS as well as the Master Service List in these Title III cases.

8.    5. The ~~Objectors~~Committees shall cause ~~Prime Clerk~~Epiq, immediately upon entry of this Order, to commence service of the Objection Procedure Documents upon ~~all individuals and entities who are~~the beneficial holders of the ERS Bonds substantially in the manner described in the *Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection Notice Upon Beneficial Holders of Challenged GO Bonds*, annexed as Exhibit A to the *Informative Motion of (I) Financial Oversight and Management Board, Acting Through the Special Claims Committee, and (II) The Official Committee of Unsecured Creditors Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of Challenged GO Bonds* [Dkt. No. 5049] submitted in connection with the objection to the Challenged GO Bonds (as that term is defined therein).

9.    6. The ~~Objectors~~Committees shall cause the publication of a notice, substantially in the form of the Objection Notice once in (a) *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico), (b) *Caribbean Business* in English (primary circulation in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d) *The Bond Buyer*, and (e) on the municipal bond website EMMA, https://emma.msrb.org/Home, each except for Caribbean Business within five (5) business days of the entry of this Order, and with respect to Caribbean Business, within fourteen (14) days of

the entry of this Order, which publication notice shall be deemed, good, adequate and sufficient

publication notice of the Objection and the Objection Procedures.

10.     7. DTC shall give notice to its Participants of the Objection Procedure Documents

by posting a copy of said Objection Procedure Documents to its Legal Notification System in

accordance with DTC's Rules and customary procedures within five (5) days of the entry of this

Order.

11.     The Committees shall cause Prime Clerk, within five (5) days of entry of this

Order, to serve copies of the Notice to Adversary Proceeding Defendants and the Initial

Objection Procedures on the defendants in Adv. Proc. Nos. 19-355, 19-356, 19-357, 19-358,

19-359, 19-360, and 19-361 (the "Actions").

12.     This Order shall be filed on the docket in each of the Actions.

13.     8. The terms of and conditions of this Order shall be immediately effective and

enforceable upon its entry.

14.     9. This Court retains jurisdiction with respect to all matters arising from or related

to the implementation of this Order.

Dated: July October _____, 2019

_____
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

**Exhibit 1**

*THIS NOTICE REQUIRES ACTION ON OR BEFORE [*insert date that is 40 days from date of entry of order granting procedures motion*]*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------- X

|  |  |
|---|---|
| In re: | : |
|  | : |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : PROMESA<br>: Title III |
|  | : |
| as representative of | : Case No. 17-BK-3283 (LTS) |
|  | : |
| THE COMMONWEALTH OF PUERTO RICO *et al.,* | : (Jointly Administered) |
|  | : |
| Debtors.[1] | : |

---------------------------------------------------------------- X

|  |  |
|---|---|
| In re: | : |
|  | : |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : PROMESA<br>: Title III |
|  | : |
| as representative of | : Case No. 17-BK-3566 (LTS) |
|  | : |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | : |
|  | : |
| Debtor. | : |

---------------------------------------------------------------- X

**NOTICE OF (A) OBJECTIONS ~~OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND OFFICIAL COMMITTEE OF RETIRED EMPLOYEES~~, PURSUANT TO BANKRUPTCY CODE         SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF COMMONWEALTH OF PUERTO RICO AND (B) INITIAL PROCEDURES**

---

[1]  The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [~~DATE THAT IS SIXTY DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION~~*insert date that is 40 days from date of entry of order granting procedures motion*]\***

## GOVERNING OBJECTIONS TO SUCH CLAIMS, INCLUDING DEADLINE TO FILE NOTICE OF PARTICIPATION

You are receiving this notice because you have been identified as holding one or more of the bonds issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico in 2008 (the "ERS Bonds").

Please note that (i) the Official Committee of Unsecured Creditors (the "Creditors' Committee") has filed objections, each dated March 12, 2019 [Case No. 17-bk-3283; Dkt. Nos. 5580 and 5586; Case No. 17-bk-3566, Dkt. Nos. 381 and 384] (together, the "Creditors' Committee's Objections"), to claims against ERS asserted by holders of ERS Bonds (the "ERS Bondholders") and (ii) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee"~~ and together with the Committee, the "Objectors"~~) has filed objections ~~(the "Retiree Committee Objections", and tougher with the Committee Objections, the "Objections")~~, dated April 23, 2019 ~~to claims asserted by holders of ERS Bonds~~ [Case No. 17-3283; ~~Docket~~Dkt. No. 6482; Case No. 17-bk-3566, Dkt. ~~469].  The full text of the Objections~~No. 469] (the "Retiree Committee's Objection" and, together with the Creditors' Committee's Objections, the "Committees' Objections"), to claims asserted by ERS Bondholders against ERS and the Commonwealth.  The full text of the Committees' Objections may be found on the Internet by using the following link: http://cases.primeclerk.com/ERSClaimsObjections.

Please further note that the Creditors' Committee and the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico (the "SCC") jointly commenced adversary proceedings (the "Actions") numbered 19-355, 19-356, 19-357, 19-358, 19-359, 19-360, and 19-361 by filing complaints (the "AP Complaints") against certain defendants (each defendant, an "AP Defendant") to, among other things, recover moneys paid, prior to the commencement of ERS's Title III case, on account of the ERS Bonds.[2]  The AP Complaints may be found on the Internet by using the following link: https://cases.primeclerk.com/~~puertorico/Home- DocketInfo~~puertoricoavoidanceactions/

Please further note that the Financial Oversight and Management Board for Puerto Rico (the "FOMB") filed an objection, dated May 22, 2019 [Case No. 17-bk-3283, Dkt. No. 7075] (the "FOMB Objection"), to the claim asserted by The Bank of New York Mellon, as Fiscal Agent for the ERS Bonds (the "Fiscal Agent"), against the Commonwealth.

The Creditors' Committee, the Retiree Committee, the FOMB, and the SCC are hereafter referred to as the "Objectors."  The Committees' Objections, the allegations in count one of the AP Complaints, the FOMB Objection, and any Additional Claim Objections (as defined in the Initial Objection Procedures) are hereafter referred to as the "Claim Objections."

~~These~~The Claim Objections seek to disallow and invalidate ~~claims on account of ERS Bonds ("ERS Bond Claims")~~ERS Bond Claims (as defined in the Initial Objection Procedures), including on the ground that the ERS Bonds were issued *ultra vires*.  **Subject to applicable appellate rights, if and to the extent the Court grants the Claim Objections in whole or in**

[2]   If you are an AP Defendant, you will also receive a separate notice under the caption of the applicable Action.

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [**~~DATE THAT IS SIXTY DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION~~*insert date that is 40 days from date of entry of order granting procedures motion***]\***

part, holders of ERS Bond Claims' recovery on account of the ERS Bonds will be eliminated in whole or in part, and such holders will be forever barred from asserting such claims against ERS and the Commonwealth, from voting on any plan of adjustment filed in ERS's or the Commonwealth's Title III Cases, and from participating in any distribution in ERS's or the Commonwealth's Title III Cases on account of such ERS Bond Claims. Thus, the Claim Objections may affect your rights.  As explained in the next paragraph, you have the right to file a Notice of Participation if you wish to ~~respond to~~participate in the litigation of the Claim Objections.  The Notice of Participation must be filed by [~~INSERT DATE THAT IS 60 DAYS AFTER ENTRY OF ORDER GRANTING PROCEDURES MOTION~~*insert date that is 40 days after entry of the order granting the Procedures Motion*] (the "**Participation Deadline**").

Please note further, that on _____, 2019 the United States District Court for the District of Puerto Rico (the "District Court") approved certain initial procedures with respect to ~~such~~the litigation of the Claim Objections (the "Initial Objection Procedures").  If you intend to ~~respond to the Objections or~~participate in the litigation ~~in any way~~of the Claim Objections, you must follow the Initial Objection Procedures, which require, among other things, that you file with the District Court and serve by email a Notice of Participation by the Participation Deadline. A form Notice of Participation is provided herewith.  **Instructions for filing the Notice of Participation with the District Court, including for those persons who are not represented by counsel, are set forth at the bottom of the form of Notice of Participation.**

**ABSENT PERMISSION GRANTED BY THE DISTRICT COURT UPON A SHOWING OF GOOD CAUSE, IF YOU (A) FAIL TO FILE A NOTICE OF PARTICIPATION OR (B) FILE A NOTICE OF PARTICIPATION AFTER THE PARTICIPATION DEADLINE, YOU WILL BE PROHIBITED FROM FILING SEPARATE PLEADINGS WITH RESPECT TO THE CLAIM OBJECTIONS, INCLUDING FILING ANY ADDITIONAL CLAIM OBJECTIONS.**

At this time, no briefing schedule has been established with respect to the Claim Objections in the ERS or Commonwealth Title III cases.  **Please note, however, that a briefing schedule with respect some of the allegations in the Claim Objections is expected to be established in the near future.**  Certain ERS Bondholders holding a large portion of the ERS Bonds are expected to oppose any attempt by the Objectors to disallow claims based on ERS Bonds.  ERS Bondholders that file a Notice of Participation in accordance with the Initial Objection Procedures will have an opportunity, but are not required, to file a joinder to the briefs filed by certain ERS Bondholders that hold a large portion of the ERS Bonds or submit an additional brief with respect to the Claim Objections.  Each ERS Bondholder, however, is responsible for protecting his or her own legal interests.

**If you provide an email address on your Notice of Participation, you will receive automatic email notifications when documents relevant to the ~~Objection~~Claim Objections, including the briefing schedules related thereto, are posted to: [**~~[website URL]~~http://cases.primeclerk.com/ERSClaimsObjections **(the "ERS Objection Website").  If you do not provide an email address in your Notice of Participation, you will not receive**

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [~~DATE THAT IS SIXTY DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION~~*insert date that is 40 days from date of entry of order granting procedures motion*]\***

such automatic notifications and will need to visit the ERS Objection Website in order to view notifications and other pertinent documents.

~~For those parties who filed with the District Court and served by email Notices of Participation to the Notice Parties at the addresses set forth in paragraph 8 of the Objection Procedures by the Participation Deadline, no substantive response to the Objections need be filed until a date set forth in any subsequent scheduling order entered by the District Court.~~

Requests for Spanish-language versions of the Notice, Initial Objection Procedures and Notice of Participation form and any questions regarding this notice should be sent in writing to:

> Paul Hastings LLP
> 200 Park Avenue
> New York, NY 10166
> Attn:  Douglass E. Barron
> NoticeofParticipation@paulhastings.com
> (212) 318-6690

~~Estas~~Las Objeciones a Reclamaciones tienen el propósito de rechazar e invalidar las ~~reclamaciones contra los Bonos SRE (las "Reclamaciones de los Bonos SRE").  Si y a la medida en que el Tribunal concede las Objeciones parcial o totalmente, sujeto~~Reclamaciones de Bonos SRE (según se definen en los Procedimientos Iniciales para Objeciones), incluyendo en la base de que los Bonos SRE fueron emitidos *ultra vires*. Sujeto a los derechos apelativos aplicables, ~~quedará dichas~~si, y en la medida en que, el Tribunal conceda las Objeciones a Reclamaciones total o parcialmente, la recuperación de ~~estos~~los reclamantes de Bonos SRE ~~y se les prohibirá por siempre a dichos tenedores presentar tales reclamaciones en~~por cuenta de los mismos bonos se eliminará total o parcialmente, y estos reclamantes quedarán prohibidos para siempre de hacer valer dichas reclamaciones contra ~~del~~el SRE ~~o~~y el ~~Estado Libre Asociado~~ELA, votar en cualquier plan de ajuste presentado en los Casos bajo el Título III del SRE o ~~el Estado Libre Asociado~~del ELA, y participar en cualquier distribución ~~efectuada~~en los Casos bajo el Título III del SRE o ~~el Estado Libre Asociado a causa de dichas~~del ELA por cuenta de las mismas Reclamaciones de ~~los~~ Bonos SRE. Por tanto, las Objeciones a Reclamaciones pueden afectar sus derechos.  Usted tiene el derecho de presentar un Aviso de Participación si ~~quiere responder a~~desea participar en el litigio de las Objeciones a Reclamaciones. El Aviso de Participación tiene que ~~presentarse~~ser presentado en o antes ~~de [sesenta~~del [*insertar fecha 40* días ~~después~~a partir de la ~~emisión~~notificación de la orden]~~.~~ concediendo con lugar la Moción de Procedimientos] (la "Fecha Límite de Participación"). Las partes que tengan preguntas o deseen recibir copia de este aviso, los Procedimientos ~~de Objeción~~Iniciales para Objeciones y el Aviso de Participación en español deben enviar una solicitud por escrito a ~~NoticeofParticipation@paulhastings.com~~NoticeofParticipation@paulhastings.com.

The CUSIP numbers of the ERS Bonds affected by the Claim Objections are:

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [~~DATE THAT IS SIXTY DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION~~*insert date that is 40 days from date of entry of order granting procedures motion*]\***

| CUSIP |
|---|
| 29216MAF |
| 29216MAA |
| 29216MAB |
| 29216MAG |
| 29216MAH |
| 29216MAJ |
| 29216MAC |
| 29216MAK |
| 29216MAL |
| 29216MAD |
| 29216MAM |
| 29216MAN |
| 29216MAP |
| 29216MAQ |
| 29216MAE |
| 29216MBA |
| 29216MBB |
| 29216MBC |
| 29216MBD |
| 29216MBE |
| 29216MBF |
| 29216MBG |
| 29216MBH |
| 29216MBJ |
| 29216MAT |
| 29216MAU |
| 29216MAV |
| 29216MAW |
| 29216MAX |
| 29216MAY |
| 29216MAZ |
| 29216MBL |
| 29216MBM |
| 29216MBN |
| 29216MBP |

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [~~DATE THAT IS SIXTY DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION~~*insert date that is 40 days from date of entry of order granting procedures motion*]\***

**Exhibit 2**

*THIS NOTICE MUST BE FILED AND SERVED ON OR BEFORE [DATE THAT IS SIXTY DAYS FROM ENTRY OF ORDER]*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

------------------------------------------------------------- X
                                                   :

In re:                                    :
                                         :

THE FINANCIAL OVERSIGHT AND     :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,  :  Title III
                                         :

     as representative of                 :  Case No. 17-BK-3283 (LTS)
                                         :

THE COMMONWEALTH OF PUERTO RICO *et al.,*  :  (Jointly Administered)
                                         :

     Debtors.[1]                              :
------------------------------------------------------------- X
                                               :

In re:                                    :
                                         :

THE FINANCIAL OVERSIGHT AND     :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,  :  Title III
                                         :

     as representative of                 :  Case No. 17-BK-3566 (LTS)
                                         :

THE EMPLOYEES RETIREMENT SYSTEM OF THE  :
GOVERNMENT OF THE COMMONWEALTH OF    :
PUERTO RICO,                                :
                                         :

     Debtor.                             :
------------------------------------------------------------- X

**INITIAL PROCEDURES** ~~FOR RESOLVING OBJECTIONS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND OFFICIAL COMMITTEE OF RETIRED EMPLOYEES, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF COMMONWEALTH OF PUERTO RICO~~ WITH RESPECT TO LITIGATION OF OBJECTIONS TO ERS BOND CLAIMS, INCLUDING DEADLINE

---

[1]  The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**TO FILE NOTICE OF PARTICIPATION WITH RESPECT TO SUCH LITIGATION AND DEADLINE TO OBJECT TO CERTAIN ERS BOND CLAIMS**

[~~July~~September __ 2019]

Pursuant to the Order ~~(the "Order")~~ of the United States District Court for the District of Puerto Rico (the ~~"~~ "District Court"), dated [~~July~~ September ___, 2019]~~,~~ [Dkt. No. ]____] (the "Order"), the following initial procedures (the "Initial Objection Procedures") will apply to ~~the resolution of~~:

(a)       the objections filed by (i) the Official Committee of Unsecured Creditors (the "Creditors' Committee"), each dated March 12, 2019 [Case No. 17-bk-3283; Dkt. Nos. 5580 and 5586; Case No. 17-bk-3566, Dkt. Nos. 381 and 384]~~,2 and the objections filed by~~ (the "Creditors' Committee's Objections") and (ii) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee,~~" and, together with the Committee, the "Objectors~~")~~,~~ dated April 23, 2019 [Case No. 17-bk-3283, Dkt. No. 6482; Case No. 17-bk-3566, Dkt. ~~469] to claims asserted~~No. 469] (the "Retiree Committee's Objection" and, together with the Creditors' Committee's Objections, the "Committees' Objections") to claims filed by certain holders of bonds ("ERS Bonds") issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (~~collectively, the "Objections~~"ERS")~~.~~;

(b)       the objection filed by the Financial Oversight and Management Board for Puerto Rico as representative of the Commonwealth of Puerto Rico (the "FOMB"), dated May 22, 2019 [Case No. 17-bk-3283, Dkt. No. 7075] (the "FOMB Objection");

(c)       any other objection filed on or before the Claim Objection Deadline (as defined below) to the allowance of the ERS Bond Claims (as defined below), other than Excluded Postpetition Claims (as defined below), asserted by (i) the groups, including each of their members, of ERS Bondholders (as defined below) represented by Jones Day and White & Case LLP (such groups, including each of their members, the "Groups") and (ii) The Bank of New York Mellon, as Fiscal Agent (the "Fiscal Agent") for the ERS Bonds (such timely objections, the "Additional Claim Objections"); and

(d)       count one of each complaint (the "Count One Allegations") filed in the adversary proceedings commenced by the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico as representative of the ERS (the "SCC") and the Creditors' Committee [Adv. Nos. 19-355, 19-356, 19-357, 19-358, 19-359, 19-360, and 19-361] (the "Actions").

The ~~Objectors filed the Objections contending that all claims (the "ERS Bond Claims")~~ ~~that have been or may be asserted against the Employees Retirement System of the Government~~

of the Commonwealth of Puerto Rico ("ERS") based on bonds issued by ERS in 2008 (the "ERS Bonds") are invalid. The Retiree Committee's Objection also contends that all ERS Bond Claims that have been or may be asserted against the Commonwealth are invalid. These procedures apply to all ERS Bond Claims asserted against ERS and/or the Commonwealth. Holders of ERS Bonds are hereafter referred to as "ERS Bondholders."Creditors' Committee, the Retiree Committee, the FOMB, and the SCC are hereafter referred to as the "Objectors."  The Committees' Objections, the Count One Allegations, the FOMB Objection, and any Additional Claim Objections are hereafter referred to as the "Claim Objections."

The Initial Objection Procedures apply to all claims (including postpetition claims and administrative expenses) of any kind (the "ERS Bond Claims") asserted against the ERS and/or the Commonwealth by the holders of ERS Bonds (the "ERS Bondholders") on account of or related to the ERS Bonds and to each defendant in an Action (an "AP Defendant"), other than (a) any ERS Bond Claim that is a postpetition claim asserted by any ERS Bondholder other than the Groups (including their members) or the Fiscal Agent and (b) any ERS Bond Claim that is a postpetition claim and is asserted by the Groups (including their members) or the Fiscal Agent after the Agreed ERS Bondholder Postpetition Claim Deadline (as defined below) (collectively, the postpetition claims described in clause (a) and (b) above, "Excluded Postpetition Claims").

**IMPORTANT: Absent permission granted by the District Court upon a showing of good cause, any party (other than the Deemed Participants (as defined below)) that (a) fails to file a Notice of Participation (as defined below) or (b) files a Notice of Participation after [*insert date that is 40 days from entry of the Order*], 2019, shall be prohibited from filing separate pleadings with respect to the Claim Objections, including filing any Additional Claim Objections.**

1. Exclusivity of Procedures

~~These procedures~~The Initial Objection Procedures shall be the exclusive means to participate in the litigation before the District Court with respect to ~~objections to ERS Bond Claims against the ERS or the Commonwealth.~~the Claim Objections. However, some of the issues raised in the Claim Objections are the subject of parallel adversary proceedings initiated in 2017 by certain ERS Bondholders. *See* Adv. No. 17-ap-219-LTS in Case No. 17-bk-03283-LTS and Adv. No. 17-ap- 220-LTS in Case No. 17-bk-03566-LTS (collectively, the "ERS Adversary Proceedings"). Any and all briefing and other filings made in connection with the overlapping issues (including Parts III-V of the Retiree Committee's Objection and Parts II-III of the FOMB Objection) in the Claim Objections may also be filed (with all relevant captions), for all purposes, in the ERS Adversary Proceedings. ~~To the extent the issues raised in the Objections become the subject of other claims objections, motions, or adversary proceedings involving the ERS Bonds Claims, the participants in such contested matters or adversary proceedings shall confer in good faith to determine whether some or all of the briefing and other filings made in connection with the Objections shall also be filed and made, for all purposes, in such contested matters or adversary proceedings.~~

For the avoidance of doubt, ~~all Participants reserve their rights with respect to whether certain matters should be stayed or held in abeyance in light of overlap between the Objections and pending adversary proceedings involving ERS Bonds.~~the Initial Objection Procedures shall

not apply to the adversary proceedings commenced by the FOMB and the Creditors' Committee challenging the scope of the liens purportedly securing the ERS Bonds [Adv. Nos. 19-366 and 19-367] ("ERS Lien Scope Proceedings").  Notwithstanding the foregoing, the parties shall confer in good faith to coordinate scheduling between the Claim Objections and the ERS Lien Scope Proceedings.  All parties' rights are reserved with respect to any future litigation seeking the return of postpetition payments made by ERS or the Commonwealth to the Fiscal Agent or the ERS Bondholders pursuant to the stipulation, dated July 14, 2017 [Dkt. No. 170 in Case No. 17-bk-3566], as approved by the District Court by order, dated July 17, 2017 [Dkt. No. 171 in Case No. 17-bk-3566], and the order, dated December 28, 2017 [Dkt. No. 248 in Case No. 17-bk-3566], in the event that the liens purportedly securing the ERS Bonds are successfully challenged in whole or in part by the ERS Lien Scope Proceedings or Claim Objections.

The Claim Objections shall be governed by the Federal Rules of Bankruptcy Procedure; *provided, however,* that notwithstanding Bankruptcy Rule 9014(c), all of the Part VII Rules shall be applicable to the Claim Objections, except as modified by the Initial Objection Procedures or subsequent order of the District Court.

2.   Notice of Participation/Notice of Appearance

~~2.~~  (a)   The Claim Objections – Notice of Participation

Any party in interest, including, without limitation, ~~the Financial Oversight and Management Board for Puerto Rico (the "FOMB") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with the FOMB, the "Title III Parties"), and~~ any person or entity that holds an ERS Bond, whether or not such person or entity is identified in the Committees' Objections, or that wishes to participate in the litigation of the Claim Objections must serve by email and file a notice of its intent to participate in such litigation (a "Notice of Participation"); *provided, however,* that (i) the Creditors' Committee, (ii) the Retiree Committee, (iii) the FOMB, (iv) the SCC, (v) the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), (vi) the Groups (including their members), (vii) the Fiscal Agent, and (viii) an AP Defendant that files a Notice of Appearance, in each case, are not required to file Notices of Participation and shall each be deemed to be Participants (as defined below) (the parties in (i) through (viii), collectively, the "Deemed Participants").

The Notice of Participation shall (a) indicate whether the party in interest who filed such notice (each, a "Participant") supports or opposes the Claim Objections; (b) provide the name, address and email address of the Participant and its counsel, if any; and (c), to the extent filed by an ERS Bondholder, set forth (i) whether all or part of such ERS Bonds were purchased on the secondary market, and (ii) the CUSIP numbers for such ERS Bonds to the best of such ERS Bondholder's knowledge and belief, as of the date of such Notice of Participation (the "Notice Information").  The Notice of Participation shall cover all ERS Bonds owned as of the date of such Notice of Participation or thereafter acquired by the Participant  and shall not be limited to the specific CUSIP numbers listed.  For the avoidance of doubt, a party in interest may submit a Notice of Participation individually and/or through an *ad hoc* group.  A Notice of Participation submitted through an *ad hoc* group shall entitle each member of such *ad hoc* group to participate either individually or as part of the group, and each such member reserves the right to act individually from time to time in respect of any issue, argument, or proceeding.  To the extent

that an entity ceases to be a member of an *ad hoc* group that filed a Notice of Participation, such member may continue to participate in the litigation of the Claim Objections in the same manner as a Participant that had filed a timely individual Notice of Participation; *provided however*, that such Participant will be bound by (i) any actions, arguments, statements or positions made or taken by such *ad hoc* group prior to the date on which the Participant ceased to be a member of such *ad hoc* group (the "Separation Date"), and (ii) any District Court orders applicable to members of such *ad hoc* group as of the Separation Date, in each case to the same extent, if any, that members of such *ad hoc* group would be bound by such actions, arguments, statements, positions or District Court orders.  To the extent that an entity becomes a member of an *ad hoc* group after the Participation Deadline, such member shall be covered by the Notice of Participation timely filed by the *ad hoc* group, *provided* that (i) such Notice of Participation shall be updated to include the Notice Information for the new group member, and (ii) if such member did not file its own timely Notice of Participation, such member shall have obtained, pursuant to paragraph 54 below, District Court approval to participate in the litigation, individually or as a member of the *ad hoc* group, upon a showing of good cause.  Participants who file Notices of Participation that support the Claim Objections shall collectively constitute "Joint Objectors," and parties that oppose the relief sought in the Claim Objections shall collectively constitute the "Respondents."

Each Notice of Participation must be served by email on the "Notice Parties" identified in paragraph 8 below and filed electronically with the District Court pursuant to its Electronic Case Filing procedures.  **Participants without counsel may file the Notice of Participation by mailing or delivering it by hand to: The Clerk of the United States District Court for the District of Puerto Rico, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918** ~~1767 the clerk's office of the District Court in San Juan, Puerto Rico~~**1767.**

**The deadline to file with the District Court and serve by email a Notice of Participation is [** ~~60~~*insert date that is 40* **days from entry of the Order], 2019 (the "Participation Deadline")**.  For those parties that file with the District Court and serve by email Notices of Participation by the Participation Deadline, no substantive response to the Claim Objections need be filed until a date set forth in any subsequent scheduling order entered by the District Court.

Subject to paragraph 54 below, any party that does not file a Notice of Participation ~~will~~may not receive notices of filings and events in the litigation and may not be allowed to substantively participate in the litigation of the Claim Objections absent permission granted by the District Court upon a showing of good cause, but may nevertheless have its rights affected by the outcome of the litigation.  In particular, and subject to applicable appellate rights, if and to the extent the District Court grants the Claim Objections in whole or in part, claimants' recovery on account of the ERS Bond Claims will be eliminated in whole or in part, and claimants will be forever barred from asserting such disallowed claims against ERS and the Commonwealth, as applicable, from voting such disallowed claims on any plan of adjustment filed in ~~this~~the ERS's and the Commonwealth's Title III ~~Case~~cases, as applicable, and from participating in any distribution in ~~this~~such Title III ~~Case~~cases on account of such disallowed claims arising from the ERS Bonds and the ERS Bond Claims.  By filing a Notice of Participation, a claimant will have the opportunity to be heard on the merits of the Claim Objections, will be entitled to receive notification of case events specific to the Claim Objections, and will receive notice of

opportunities to meet and confer with other parties concerning issues relating to the litigation of the Claim Objections.

Nothing herein, nor the mere filing of a Notice of Participation by a person or entity that is not a holder of an ERS Bond, shall operate to confer standing upon such person or entity to participate in the litigation of the Claim Objections, and all rights to object to any person or entity's standing are preserved.

3.   The Initial Proposal Exchange/ Recommendation

(b)      The Actions – Notice of Appearance

To the extent an AP Defendant has not already filed a Notice of Appearance, unless such AP Defendant is a Deemed Participant, such AP Defendant **must** file a Notice of Appearance in the applicable Action by the Participation Deadline even if such AP Defendant also submitted a Notice of Participation.  Such Notice of Appearance may be limited to the extent an AP Defendant contests the District Court's jurisdiction over it.

(c)      Filing of List of Participants

On the date that is five (5) days after the Participation Deadline, the Objectors shall file with the District Court a list of all parties that filed Notices of Participation, their counsel, and whether such Participants are Joint Objectors or Respondents.  Such listsupport or oppose the Claim Objections.  The Objectors shall also file with the District Court a list of all AP Defendants that filed Notices of Appearance and their counsel.  Such lists will be updated as necessary every thirty (30) days to reflect any late-filed or updated Notices of Participation and Notices of Appearance.

Twenty-one (21) days after entry of an order approving these procedures(the "Initial Proposal Exchange Deadline"), the Objectors and the other M&C Parties (defined below), will simultaneously exchange proposals (the "Initial Proposals") setting forth the procedures that will govern litigation of the Objections, including, without limitation, anticipated legal and factual disputes, the sequence and timing of discovery, anticipated dispositive motion practice and the timing thereof, and treatment of holders of ERS Bonds who did not file Notices of Participation (the "Objection Litigation Procedures").  The Initial Proposals will be exchanged in the following manner:  the Objectors and the other M&C Parties shall email their Initial Proposals to the Notice Parties.  The Objectors will cause their Initial Proposal and all received Initial Proposals to be uploaded to the [website] (the "ERS Objection Website"), and Participants who provided their email address will receive automatic email notifications when new documents have been posted to the ERS Objection Website.  The Initial Proposals will not be filed with the District Court.  Parties will not be precluded from raising claims or defenses that are not included in the Initial Proposals.

During the twenty-one (21) day period following the Initial Proposal Exchange Deadline, the M&C Parties (defined below) shall meet and confer concerning the substance of the Initial Proposals in an effort to develop a joint recommendation regarding Objection Litigation Procedures for the District Court.  The Objectors will convene the meet and confer session(s) and

provide notice of any meeting(s) or phone conference(s) to all M&C Parties.  The M&C Parties shall use reasonable efforts to develop a fully consensual recommendation with respect to Objection Litigation Procedures that also incorporates the view, if known, of Participants who are not M&C Parties.

The "M&C Parties" will initially be the Objectors, the groups of ERS Bondholders represented by Jones Day and White & Case LLP, respectively, the Bank of New York Mellon, as Fiscal Agent for the ERS Bonds, any other ERS Bondholders represented by counsel that wish to participate in the meet and confer process, and the Title III Parties.  The Objectors reserve the right to request permission from the Court to limit the number of M&C Parties in the event it proves impossible to conduct meaningful and productive meet and confer sessions.

On the date that is twenty-one (21) days following the Initial Proposal Exchange Deadline, the Objectors shall cause to be filed with the District Court a recommendation concerning the proposed Objection Litigation Procedures (the "Recommendation") and shall indicate, if known, which Participants support the Recommendation, and the Participants, if any, that object to such Recommendation.  The Objectors shall have caused a draft of the Recommendation to have been posted to the ERS Objection Website at least five (5) business days prior to filing the Recommendation; thereafter, Participants shall have four (4) business days to provide further input on the proposed Objection Litigation Procedures by emailing such comments to the Notice Parties.  The Notice Parties will send any such comments received by Participants who are not M&C Parties, to the M&C Parties.

Any responses to the Recommendation must be filed with the District Court within seven (7) days of the filing of the Recommendation (the "Response Deadline"), and any replies to such responses must be filed within three (3) days following the Response Deadline (the "Reply Deadline").

For the avoidance of doubt, all rights are reserved with respect to any party's ability to seek leave from the Court at any time to file dispositive motions.

3.   Briefing on Claim Objections

With respect to the establishment of briefing schedules relating to the Claim Objections, the parties shall comply with the *Order Regarding Stay Period and Mandatory Mediation* [Dkt. No. 8244 in Case No. 17-bk-3283-LTS].

The Committees shall cause automatic email notifications to be sent to those parties that provided an email address on their Notice of Participation when documents relevant to the Claim Objections, including briefing schedules related thereto, are filed with the District Court or otherwise made public.  In addition, such documents shall also be posted to: http://cases.primeclerk.com/ERSClaimsObjections (the "ERS Objection Website").  **Parties that fail to provide an email address in their Notice of Participation, will not receive such automatic notifications and will need to visit the ERS Objection Website in order to view notifications and other pertinent documents.**

4. ~~Litigation~~Failure to Timely Submit Notice of Participation and/or Notice of Appearance

A. ~~District Court Status Conference~~

~~The Objectors will request that the District Court hold a status conference as soon as practicable after the Reply Deadline to discuss and decide matters set forth in the Recommendation and any responses and replies thereto, including without limitation:~~

~~(i)  the sequence and timing of any discovery;~~

~~(ii) the extent to which joint briefs can or should be submitted;~~

~~(iii)     a briefing schedule, including without limitation a schedule for filing dispositive motions; and~~

~~(iv) any other matter that will contribute to the fair and efficient resolution of the issues raised in the Objections and the Notices of Participation.~~

~~For the avoidance of doubt, all Participants reserve the right in connection with the Objection Litigation Procedures to argue that they should not be required to submit joint briefing with other Participants.~~

B. ~~Coordination~~

~~To the extent that the District Court determines that joint briefs can and should be submitted~~

~~(a)     The Objectors and any Joint Objector instructed to engage in joint briefing shall cooperate in good faith in order to file joint papers with respect to the Objections, and shall file separate papers only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.~~

~~(b)     Likewise, any Respondents instructed to engage in joint briefing shall cooperate in good faith to file joint papers with respect to the litigation of the Objections and shall file separate papers only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.~~

~~With respect to discovery~~

~~The Objectors and the Joint Objectors, on the one hand, and the Respondents, on the other hand, shall use reasonable efforts to coordinate the development of discovery that is requested from the other parties and to coordinate communications concerning such discovery.~~

5. ~~Notices of Participation Submitted After the Participation Deadline~~

Any party that ~~submits~~does not submit a Notice of Participation and/or Notice of Appearance, or submits same after the Participation Deadline~~, but at least thirty (30) days prior to a trial on the merits of the Objections, may participate in the litigation of the Objections by receiving notices of developments in the litigation and invitations to any meet and confer sessions among the parties to the litigation. Such party, however~~, shall be bound by any orders entered by the District Court ~~(including any order granting a dispositive motion, such as a motion for summary judgment) and/or any agreements reached among the Objectors, Joint Objectors and Respondents prior to the submission of such Notice of Participation regarding the conduct of the litigation, including with respect to the matters set forth in paragraph 3 above. Moreover, absent~~prior thereto.  Absent permission granted by the District Court upon a showing of good cause, any party ~~that~~(other than the Deemed Participants) that (a) fails to file a Notice of Participation~~,~~ or ~~that~~(b) files a Notice of Participation after the Participation Deadline~~,~~ shall be prohibited from filing separate pleadings~~, serving discovery, or being heard at any hearing on the~~ with respect to the Claim Objections, including filing any Additional Claim Objections.

<u>5.</u>   ~~6.~~  No Duty

No Respondent or AP Defendant shall have a duty to any other Respondent, AP Defendant or ~~to~~ any ERS Bondholder who does not file a Notice of Participation or Notice of Appearance, as applicable.

<u>6.</u>   ~~7.~~  Other Objections Permitted; Claim Objection Deadline

The fact that the Objectors have objected to the ERS Bond Claims asserted against ERS and the Commonwealth shall not preclude (i) the Objectors or any party in interest from objecting to any other claim asserted by the ERS Bondholder unrelated to the ERS Bonds or (ii) ~~a~~any party in interest from asserting additional grounds for objecting to the ERS Bond Claims ~~pursuant to a Notice of Participation.~~in accordance with these Initial Objection Procedures.

Notwithstanding anything herein to the contrary, except with respect to Excluded Postpetition Claims, (i) the deadline to file objections to any ERS Bond Claims asserted by the Groups (including the members of such Groups) or the Fiscal Agent shall be the later of (a) the date that is ninety days after entry of the Order, and (b) January 6, 2020 (the "Claim Objection Deadline"), and (ii) subject to Bankruptcy Rule 7015 (which is made applicable to the Claim Objections), after the occurrence of the Claim Objection Deadline, the Objectors and any party in interest shall be prohibited from filing any new or additional objections to the allowance of any ERS Bond Claim asserted by the Groups (including the members of such Groups) or the Fiscal Agent.

<u>7.</u>   Agreed ERS Bondholder Postpetition Claim Deadline for Certain Holders

The deadline to assert a postpetition claim (including a request for an administrative expense) against the ERS and/or the Commonwealth by the Groups (including their members) and the Fiscal Agent on account of or related to the ERS Bonds shall be [***insert date that is 45 days from entry of the Order***], 2019 (the "***Agreed ERS Bondholder Postpetition Claim Deadline***").  Subject to Bankruptcy Rule 7015 (which is made applicable to the postpetition claims, including requests for an administrative expense against the ERS and/or the

Commonwealth), the Groups and the Fiscal Agent shall be prohibited from filing, after the Agreed ERS Bondholder Postpetition Claim Deadline any new or additional accrued postpetition claims against the ERS and/or the Commonwealth that (a) is on account of or related to the ERS Bonds, and (b) had accrued on or before the thirtieth day preceding the Agreed ERS Bondholder Postpetition Claim Deadline.  For the avoidance of doubt, the Agreed ERS Bondholder Postpetition Claim Deadline shall apply only to the Groups (including their members) and the Fiscal Agent and shall not apply to any other ERS Bondholder or the ERS or any entity acting by or on behalf of the ERS, including a trustee appointed pursuant to section 926 of the Bankruptcy Code.  For the further avoidance of doubt, administrative expenses arising under section 922(c) of the Bankruptcy Code after the thirtieth day preceding the Agreed ERS Bondholder Postpetition Deadline shall not be subject to the Agreed ERS Bondholder Postpetition Claim Deadline.

8. The Following Persons are the "Notice Parties"

**PAUL HASTINGS LLP**
Attn:  Luc. A. Despins, Esq.
James R. Bliss, Esq.
Nicholas A. Bassett, Esq.
200 Park Avenue
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com

**CASILLAS, SANTIAGO & TORRES LLC**
Attn:  Juan J. Casillas Ayala, Esq.,
Diana M. Batlle-Barasorda, Esq.,
Alberto J. E. Añeses Negrón, Esq.,
Ericka C. Montull-Novoa, Esq.,
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Israel Fernández Rodríguez, Esq.,
Juan C. Nieves González, Esq.,
Cristina B. Fernández Niggemann, Esq.
PO Box 195075
San Juan, PR 00919-5075
jcasillas@cstlawpr.com
dbatlleifernandez@cstlawpr.com
aaneses@cstlawpr.com
emontull jnieves@cstlawpr.com
cfernandez@cstlawpr.com

**JENNER & BLOCK LLP**
Attn:  Robert Gordon, Esq.
Catherine Steege, Esq.
Melissa Root, Esq.
Landon Raiford, Esq.
rgordon@jenner.com
ccsteegecsteege@jenner.com
mroot@jenner.com
lraiford@jenner.com

**BENNAZAR, GARCÍA & MILLIÁN, C.S.P.**
Attn: A.J. Bennazar-Zequeira, Esq.
Héctor M. Mayol Kauffman, Esq.
Francisco del Castillo Orozco, Esq.
ajb@bennazar.org
hector.mayol@bbennazar.com

**PROSKAUER ROSE LLP**
Attn:  Martin J. Bienenstock, Esq.
Brian S. Rosen, Esq.
Jeffrey W. Levitan, Esq.

**A&S LEGAL STUDIO, PSC.**
Attn: Luis F. del Valle-Emmanuelli, Esq.
dvelaoffices@gmail.com

Margaret A. Dale, Esq.
mbienenstock@proskauer.com
brosen@proskauer.com
jlevitan@proskauer.com
mdale@proskauer.com

**BROWN RUDNICK LLP**
Attn:  Edward S. Weisfelner, Esq.
Angela M. Papalaskaris, Esq.
ewisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

**ESTRELLA, LLC**
Attn: Alberto Estrella, Esq.
Kenneth C. Suria, Esq.
agestrella@estrellallc.com
ksuria@estrellallc.com

**O'MELVENY & MYERS LLP**
John J. Rapisardi
Suzzanne Uhland
Peter Friedman
7 Times Square
New York, NY 10036
(212) 326-2000

**MARINI PIETRANTONI MUÑIZ LLC**
Luis C. Marini-Biaggi
250 Ponce de León Ave., Suite 900,
San Juan, Puerto Rico, 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

**Exhibit 3**

*THIS NOTICE REQUIRES ACTION ON OR BEFORE [*insert date that is 40 days from date of entry of order granting procedures motion*]*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------ X
                                                     :
In re:                                               :
                                                     :
THE FINANCIAL OVERSIGHT AND                          :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                    :    Title III
                                                     :
         as representative of                        :    Case No. 17-BK-3283 (LTS)
                                                     :
THE COMMONWEALTH OF PUERTO RICO et al.,              :    (Jointly Administered)
                                                     :
         Debtors.¹                                   :
------------------------------------------------------------------ X
                                                     :
In re:                                               :
                                                     :
THE FINANCIAL OVERSIGHT AND                          :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                    :    Title III
                                                     :
         as representative of                        :    Case No. 17-BK-3566 (LTS)
                                                     :
THE EMPLOYEES RETIREMENT SYSTEM OF THE               :
GOVERNMENT OF THE COMMONWEALTH OF                    :
PUERTO RICO,                                         :
                                                     :
         Debtor.                                     :
------------------------------------------------------------------ X
```

**NOTICE OF PARTICIPATION IN LITIGATION OF OBJECTIONS** ~~OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND OFFICIAL COMMITTEE OF RETIRED EMPLOYEES, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT~~ **SYSTEM OF** ~~GOVERNMENT OF COMMONWEALTH OF PUERTO RICO~~ **TO ERS BOND CLAIMS**

---

¹   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [*insert date that is 40 days from date of entry of order granting procedures motion*]\***

***THIS NOTICE REQUIRES ACTION ON OR BEFORE [*insert date that is 40 days from date of entry of order granting procedures motion*]***

**This Notice of Participation must be served and filed no later than [~~sixty~~*insert date that is forty* days from entry of order] in accordance with the instructions set forth at the end of this document.**

**Absent permission granted by the District Court upon a showing of good cause, any party that has notice of the Initial Objection Procedures but (a) fails to file a Notice of Participation or (b) files a Notice of Participation after [*insert date that is 40 days from entry of the Order*], 2019, shall be prohibited from filing separate pleadings with respect to the Claim Objections (as defined in the Initial Objection Procedures), including filing any Additional Claim Objections (as defined in the Initial Objection Procedures).**

The party identified below ("Participant") hereby advises the Official Committee of Unsecured Creditors ~~(the "Committee") and,~~ the Official Committee of Retired Employees of the Commonwealth of Puerto Rico ~~(the "Retiree Committee" and together with the Committee, the "Objectors"),~~ the Financial Oversight and Management Board for Puerto Rico, the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority that it intends to participate in the litigation of the ~~Objectors objections to claims (the Committee's objections dated March 12, 2019 [Case No. 17-bk-3566, Dkt Nos. 381 and 384] and the Retiree Committee's objections dated April 23, 2019 [Case No. 17-3566, Dkt. 469]) (together, the "Objections"), which collectively assert that all claims that have been or may be asserted against~~Claim Objections with respect to bonds issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ~~("ERS") or the Commonwealth of Puerto Rico on account of bonds issued by ERS~~ in 2008 (the "ERS Bonds") ~~are invalid~~.

To ensure full participation rights in the litigation of the Claim Objections, Participant provides all of the information requested in items 1 through 3 below:

1.    Participant's contact information, including email address, and that of its counsel, if any:

**Participant Name and Contact Information**        **Counsel Contact Information (if any)**

_____                _____
Participant Name                           Firm Name (if applicable)

_____                _____
Contact Person (if Participant is not an   Contact Person
individual)
                                           _____
_____                           Email Address
Email Address

                                           _____
                                           Address line 1
_____
Address line 1                             _____
                                           Address line 2
_____
Address line 2                             _____
                                           City, State Zip Code

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [*insert date that is 40 days from
date of entry of order granting procedures motion*]\***

City, State Zip Code

Country
                                       Country

2.      Participant advises that it (choose **one** of the following by marking "X" in the appropriate space):

           _____ intends to **support** the relief requested in the Claim Objections (i.e., Participant believes the District Court should find that the ERS Bonds are **invalid**); *or*

           _____intends to **oppose** the relief requested in the Claim Objections (i.e., Participant believes that the District Court should find that the ERS Bonds are **valid**)

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [*insert date that is 40 days from
date of entry of order granting procedures motion*]\***

3.      If Participant is not a holder of an ERS Bond, it can skip to the end of this Notice and sign.  If
Participant is a holder of one or more ERS Bonds, Participant must respond to the following
paragraphs (a) and (b) to the best of Participant's knowledge.

      (a)      Provide the CUSIP Numbers of all ERS Bonds held by Participant:

      (b)      Did Participant purchase any of its ERS Bonds in whole or in part on the secondary
market?  **YES** or **NO** (please **circle one**).

By: _____
   Signature

_____
   Print Name

_____
   Title (if Participant is not an Individual)

_____
   Date

**Instructions for Serving and Filing Notice of Participation**:  This Notice of Participation must be (i)
**served** by email on the Notice Parties set forth in paragraph 8 of the Objection Procedures and (ii) **filed**
electronically with the District Court pursuant to its Electronic Case Filing procedures.  **If the
Participant is not represented by counsel, the Participant may file a paper copy of this Notice of
Participation with the District Court by delivering such Notice of Participation by mail or by hand
addressed to: The Clerk of the United States District Court for the District of Puerto Rico, Room
150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767.**

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [*insert date that is 40 days from date of entry of order granting procedures motion*]\***

**Exhibit 4**

*THIS NOTICE REQUIRES ACTION ON OR BEFORE [*insert date that is 40 days from date of entry of order granting procedures motion*]\**

TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ------------------------------------------------------------------- X | |
| | : |
| In re: | : |
| | : |
| THE FINANCIAL OVERSIGHT AND | : PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : Title III |
| | : |
| as representative of | : Case No. 17-BK-3283 (LTS) |
| | : |
| THE COMMONWEALTH OF PUERTO RICO *et al.,* | : (Jointly Administered) |
| | : |
| Debtors.[1] | : |
| ------------------------------------------------------------------- X | |
| | : |
| ADVERSARY PROCEEDING CAPTION | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | X |

NOTICE OF INITIAL PROCEDURES GOVERNING COUNT ONE OF COMPLAINT,
INCLUDING DEADLINE TO FILE NOTICE OF APPEARANCE

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DE [60 DÍAS A PARTIR DE LA FECHA DE LA ORDEN CONCEDIENDO LA MOCIÓN DE PROCEDIMIENTOS**THIS NOTICE REQUIRES ACTION ON OR BEFORE [*insert date that is 40 days from date of entry of order granting procedures motion*]\***

        You are receiving this notice because you are (or your client is) a defendant in the above-captioned adversary proceeding commenced by the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico (the "SCC") and the Official Committee of Unsecured Creditors (the "Creditors' Committee," together with the SCC, the "Plaintiffs") in which the Plaintiffs seek, among other things, to recover moneys paid to you or for your benefit with respect to bonds issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico in 2008 (the "ERS Bonds").  Please note that in addition to the above-captioned adversary proceeding, Plaintiffs commenced six other adversary proceedings (collectively with the above-captioned adversary proceeding, the "Actions") against other defendants (each defendant, an "AP Defendant") on essentially the same grounds.  Count one of each complaint (the "Count One Allegations") filed in the Actions (each complaint, an "AP Complaint") alleges that the ERS Bonds were issued *ultra vires*.  *See* Adv. Pro. Nos. 19-355, 19-356, 19-357, 19-358, 19-359, 19-360, and 19-361.

        Please note that, in addition to the Actions, (i) the Creditors' Committee has filed objections, each dated March 12, 2019 [Case No. 17-bk-3283; Dkt. Nos. 5580 and 5586; Case No. 17-bk-3566, Dkt Nos. 381 and 384] (together, the "Creditors' Committee's Objections"), to claims asserted by holders of ERS Bonds ("ERS Bondholders"); and (ii) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee," together with the Creditors' Committee, the "Committees") has filed an objection, dated April 23, 2019 to claims asserted by ERS Bondholders [Case No. 17-3283; Dkt. No. 6482; Case No. 17-bk-3566, Dkt. No. 469] (the "Retiree Committee's Objection" and, together with the Creditors' Committee's Objections, the "Committees' Objections").[2]  The Committees' Objections allege that the ERS Bonds were issued *ultra vires*.  The Retiree Committee's Objection also contends that all ERS Bond Claims that have been or may be asserted against the Commonwealth are also invalid both on *ultra vires* and other grounds.

        Please note further that on _____, 2019, the District Court approved certain initial procedures with respect to the litigation of the objections to the ERS Bond Claims (the "Initial Objection Procedures") setting forth a procedure for parties to participate in objections to ERS Bond Claims (as defined in the Initial Objection Procedures).  **Pursuant to the Initial Objection Procedures, to the extent you have not already done so, you are required to file a Notice of Appearance in the applicable Action by [*insert date that is 40 days after entry of order*] (the "Participation Deadline").**

        **Absent permission granted by the District Court upon a showing of good cause, if you (A) fail to file a Notice of Appearance or (B) file a Notice of Appearance after the Participation Deadline, you will be prohibited from filing separate pleadings with respect to the Claim Objections (as defined in the Initial Objection Procedures), including filing any Additional Claim Objections (as defined in the Initial Objection Procedures).**

---

[2]   If you still hold ERS Bonds, you should also receive a separate notice of the Claim Objections.

*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DE [60 DÍAS A PARTIR DE LA FECHA DE LA ORDEN CONCEDIENDO LA MOCIÓN DE PROCEDIMIENTOS**THIS NOTICE REQUIRES ACTION ON OR BEFORE [*insert date that is 40 days from date of entry of order granting procedures motion*]**

At this time, no briefing schedule has been established with respect to the Count One Allegations or any other objection to the ERS Bond Claims.  **Please note, however, that a briefing schedule with respect to the Count One Allegations and other objections to ERS Bond Claims is expected to be established in the near future.**

[Signature block for each complaint]

**Exhibit 5**

***\*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DE [insertar fecha 40 días a partir de notificación de orden dando lugar a moción de procedimientos]\****

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

------------------------------------------------------------------ X
                                                                   :
In re:                                                             :
                                                                   :
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN          :   PROMESA
FINANCIERA PARA PUERTO RICO,                                   :   Título III
                                                                   :
        como representante de                                    :   Caso Núm. 17-BK-3283 (LTS)
                                                                   :
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO *et*   :   (Administrado Conjuntamente)
*al.,*                                                             :
                                                                   :
        Deudores. [1]                                            :
------------------------------------------------------------------ X
In re:                                                             :
                                                                   :
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN          :   PROMESA
FINANCIERA PARA PUERTO RICO,                                   :   Título III
                                                                   :
        como representante del                                   :   Caso Núm. 17-BK-3566 (LTS)
                                                                   :
SISTEMA DE RETIRO DE LOS EMPLEADOS DEL            :
GOBIERNO DEL ESTADO LIBRE ASOCIADO DE
PUERTO RICO,
        Deudor.                                                  :
------------------------------------------------------------------ X

**AVISO DE (A) OBJECIONES ~~DEL COMITÉ OFICIAL DE ACREEDORES NO ASEGURADOS Y DEL COMITÉ OFICIAL DE EMPLEADOS RETIRADOS,~~ A TENOR CON LA SECCIÓN 502 DEL CÓDIGO DE QUIEBRAS Y LA REGLA 3007 DE QUIEBRAS, A RECLAMACIONES ~~DE~~INCOADAS POR TENEDORES DE BONOS EMITIDOS POR EL SISTEMA DE RETIRO DE EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Y (B) PROCEDIMIENTOS**

---

[1]  Los Deudores en los Casos del Título III, junto con el caso individual de cada Deudor en virtud del mismo título y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, según aplicable, son: (i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17-BK-3283 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17-BK-3284 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de Quiebra Núm. 17-BK-3567 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de Quiebra Núm. 17-BK-3566 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); y (v) la Autoridad de Energía Eléctrica de Puerto Rico ("AEE") (Caso de Quiebra Núm. 17-BK-4780 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3747) (Los números de los casos en virtud del Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

**\*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DE *[insertar fecha 40 días a partir de notificación de orden dando lugar a moción de procedimientos]\***

**INICIALES PARA LAS OBJECIONES A ESTAS RECLAMACIONES, INCLUYENDO LA FECHA LÍMITE PARA PRESENTAR EL AVISO DE PARTICIPACIÓN**

Está recibiendo este aviso porque ha sido identificado como ~~titular~~tenedor de uno o más de los bonos emitidos por el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico en el 2008 (los "Bonos SRE").

Por favor tenga presente que (i) el Comité Oficial de Acreedores ~~no~~No Asegurados (el "Comité") ha presentado objeciones, cada una ~~fechadas~~fechada al 12 de marzo de 2019 [Caso Núm. 17-bk-3283, Dkt. No. 5580 y 5586; Caso Núm. 17-bk-3566, ~~Docket No~~Dkt. Núm. 381 y 384] (conjuntamente, las "Objeciones del Comité de Acreedores"), a reclamaciones contra el SRE incoadas por tenedores de Bonos SRE (los "Tenedores de Bonos SRE"); y (ii) el Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico (el "Comité de Retirados"~~, y conjuntamente con el Comité, los "Objetores"), han presentado objeciones (las "Objeciones del Comité de Retirados", y conjuntamente con las Objeciones del Comité, las "Objeciones"), fechadas~~) ha presentado una objeción fechada al 23 de abril de 2019 ~~a reclamaciones incoadas por tenedores de Bonos SRE~~ [Caso Núm. 17-bk-3283; ~~Docket No~~Dkt. Núm. 6482; Caso Núm. 17-bk-3566, ~~Docket No. 469~~Dkt. Núm. 469] (la "Objeción del Comité de Retirados", y conjuntamente con las Objeciones del Comité de Acreedores, las "Objeciones de los Comités"), a reclamaciones incoadas por Tenedores de Bonos SRE contra el SRE y el ELA. El texto completo de las Objeciones de los Comités puede accederse a través del siguiente enlace: ~~https~~http://cases.primeclerk.com/~~puertorico/Home~~ DocketInfoERSClaimsObjections.

Tenga también presente que el Comité de Acreedores y el Comité Especial de Reclamaciones de la Junta de Supervisión y Administración Financiera para Puerto Rico ("CER") conjuntamente incoaron los procedimientos adversativos ("Acciones") números 19-355, 19-356, 19-357, 19-358, 19-359, 19-360 y 19-361 al presentar demandas ("Demandas PA") contra ciertos demandados (cada demandado, un "Demandado PA") para, entre otras cosas, recuperar dineros pagados por cuenta de los Bonos SRE previo al comienzo del caso de Título III del SRE.[2] Las Demandas PA pueden accederse en Internet a través del siguiente enlace: https://cases.primeclerk.com/puertoricoavoidanceactions/

También note que la Junta de Supervisión y Administración Financiera para Puerto Rico ("Junta") presentó una objeción, con fecha del 22 de mayo de 2019 [Caso Núm. 17-bk-3283, Dkt. Núm. 7075] (la "Objeción de la Junta"), a la reclamación incoada por The Bank of New York Mellon, Agente Fiscal para los Bonos SRE ("Agente Fiscal"), contra el ELA.

El Comité de Acreedores, el Comité de Retirados, la Junta y el CER en adelante son "Objetores". Las Objeciones de los Comités, las alegaciones en el cargo uno de las Demandas PA, la Objeción de la Junta y cualquier Objeción Adicional a Reclamaciones (según se define en los Procedimientos Iniciales para Objeciones) en adelante son "Objeciones a Reclamaciones".

~~Estas~~Las Objeciones a Reclamaciones tienen el propósito de rechazar e invalidar las ~~reclamaciones contra los Bonos SRE~~ ("Reclamaciones de ~~los Bonos SRE")~~Bonos SRE (según se

---

[2] Si usted es un Demandado PA, también recibirá una notificación aparte bajo el epígrafe de la Acción correspondiente.

**\*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DE *[insertar fecha 40 días a partir de notificación de orden dando lugar a moción de procedimientos]*\***

definen en los Procedimientos Iniciales para Objeciones), incluyendo en la base de que los Bonos SRE fueron emitidos *ultra vires*. **Sujeto a los derechos apelativos aplicables, ~~Si~~si, y ~~a~~en la medida en que, el Tribunal conceda las Objeciones a Reclamaciones total o parcialmente, la recuperación de los reclamantes ~~a causa~~ de ~~los~~ Bonos SRE por cuenta de los mismos bonos se eliminará total o parcialmente, y ~~quedará prohibido~~estos reclamantes quedarán prohibidos para siempre ~~que los reclamantes hagan~~de hacer valer dichas reclamaciones contra el SRE y el ~~Estado Libre Asociado de Puerto Rico, que puedan~~ELA, votar en cualquier plan de ajuste presentado en los Casos bajo el Título III del SRE o del ~~Estado Libre Asociado, y que puedan~~ELA, y participar en cualquier distribución en los Casos bajo el Título III del SRE o del ~~Estado Libre Asociado de Puerto Rico por reclamaciones surgidas~~ELA por cuenta de las mismas Reclamaciones de Bonos SRE. Por tanto, las Objeciones a Reclamaciones pueden afectar sus derechos. Como ~~detallado~~se detalla en el próximo párrafo, usted tiene el derecho de presentar un Aviso de Participación si ~~quiere responder a~~desea participar en el litigio de las Objeciones a Reclamaciones. El Aviso de Participación tiene que ser ~~notificado en o antes de [60 DÍAS A PARTIR DE LA FECHA DE LA ORDEN CONCEDIENDO LA MOCIÓN DE PROCEDIMIENTOS~~presentado en o antes del [*insertar fecha 40 días a partir de la notificación de la orden concediendo con lugar la Moción de Procedimientos*] (la "Fecha Límite de Participación").**

Además, tenga presente que el ——_____, 2019, el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal de Distrito") aprobó ciertos procedimientos iniciales respecto ~~a dichas~~al litigio de las Objeciones a Reclamaciones (los "Procedimientos ~~de Objeción"). Si quiere responder a las Objeciones o~~Iniciales para Objeciones"). Si pretende participar en el litigio, ~~debe~~ de las Objeciones a Reclamaciones, tiene que cumplir con los Procedimientos ~~de Objeción que~~Iniciales para Objeciones los cuales requieren, entre otras cosas, que presente ante el Tribunal de Distrito y envíe por correo electrónico un Aviso de Participación en o antes de la Fecha Límite de Participación. Mediante el presente, se incluye un formulario de Aviso de Participación. **Las instrucciones para presentar un Aviso de Participación ante el Tribunal de Distrito, incluso para aquellas personas que no tienen representación legal, se encuentran ~~en la parte inferior~~al final del formulario del Aviso de Participación.**

**AUSENTE UN PERMISO CONCEDIDO POR EL TRIBUNAL DE DISTRITO LUEGO DE MOSTRAR JUSTA CAUSA, SI USTED (A) NO PRESENTA UN AVISO DE PARTICIPACIÓN, O (B) PRESENTA UN AVISO DE PARTICIPACIÓN LUEGO DE LA FECHA LÍMITE DE PARTICIPACIÓN, ESTARÁ IMPEDIDO DE PRESENTAR MOCIONES SEPARADAS CON RESPECTO A LAS OBJECIONES A RECLAMACIONES, INCLUYENDO PRESENTAR CUALQUIER OBJECIÓN ADICIONAL A RECLAMACIONES.**

En este momento no hay un calendario establecido para someter alegatos con respecto a las Objeciones a Reclamaciones en los Casos Título III del SRE ni ELA. **No obstante, por favor tome nota de que se espera que se establezca prontamente un calendario para someter alegatos sobre algunas de las alegaciones en las Objeciones a Reclamaciones**. Se espera que ciertos Tenedores de Bonos SRE que son tenedores de una gran porción de los Bonos SRE se opondrán a cualquier intento de los Objetores a invalidar las reclamaciones basadas en Bonos

***ESTE AVISO REQUIERE ACCIÓN EN O ANTES DE *[insertar fecha 40 días a partir de notificación de orden dando lugar a moción de procedimientos]***

SRE. Tenedores de Bonos SRE que presenten Avisos de Participación a tenor con los Procedimientos Iniciales para Objeciones tendrán la oportunidad para, pero no estarán obligados, presentar una moción uniéndose a los alegatos presentados por algunos Tenedores de Bonos SRE que son tenedores de gran porción de los Bonos SRE, o presentar un alegato adicional con respecto a las Objeciones a Reclamaciones. Sin embargo, cada Tenedor de Bonos SRE es responsable de proteger sus propios intereses legales.

**Si ~~usted~~ provee una dirección de correo electrónico en su Aviso de Participación, automáticamente recibirá notificaciones ~~automáticas~~ por correo electrónico cuando ~~se publiquen documentos pertinentes a la Objeción en: [URL de Página Web] (la "Página Web de la Objeción del~~documentos relevantes a las Objeciones a Reclamaciones, incluyendo calendarios para presentar alegatos relacionados a estos, sean publicados en: http://cases.primeclerk.com/ERSClaimsObjections (la "Página Web de Objeciones SRE"). Si ~~usted~~ no provee una dirección de correo electrónico en su Aviso de Participación, ~~usted~~ no recibirá ~~tales~~estas notificaciones automáticas y tendrá que visitar la Página Web de ~~la Objeción del~~Objeciones SRE para ver las notificaciones y otros documentos pertinentes.**

~~Aquellas partes que presentaron ante el Tribunal de Distrito y enviaron a través correo electrónico Avisos de Participación a las Partes en las direcciones provistas en el párrafo 8 de los Procedimientos de Objeción, en o antes de la Fecha Límite de Participación, no tienen que presentar una respuesta sustantiva a las Objeciones hasta que el Tribunal de Distrito establezca una fecha mediante Orden.~~

Solicitudes para la versión en español del Aviso, Procedimientos ~~de Objeción,~~para Objeciones, y el formulario ~~del~~de Aviso de Participación y cualquier pregunta relacionada a este aviso~~.~~ deben enviarse por escrito a:

Paul Hastings LLP

> 200 Park Avenue
> New York, NY 10166
> Attn: Douglass E. Barron
> NoticeofParticipation@paulhastings.com
> (212) 318-6690

Los números CUSIP de los ~~bonos~~Bonos SRE afectados por las Objeciones a Reclamaciones son:

| CUSIP |
|-------|
| 29216MAF |
| 29216MAA |
| 29216MAB |
| 29216MAG |
| 29216MAH |
| 29216MAJ |
| 29216MAC |

4

*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DE *[insertar fecha 40 días a partir de notificación de orden dando lugar a moción de procedimientos]**

| CUSIP |
|---|
| 29216MAK |
| 29216MAL |
| 29216MAD |
| 29216MAM |
| 29216MAN |
| 29216MAP |
| 29216MAQ |
| 29216MAE |
| 29216MBA |
| 29216MBB |
| 29216MBC |
| 29216MBD |
| 29216MBE |
| 29216MBF |
| 29216MBG |
| 29216MBH |
| 29216MBJ |
| 29216MAT |
| 29216MAU |
| 29216MAV |
| 29216MAW |
| 29216MAX |
| 29216MAY |
| 29216MAZ |
| 29216MBL |
| 29216MBM |
| 29216MBN |
| 29216MBP |

**\*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DE *[insertar fecha 40 días a partir de notificación de orden dando lugar a moción de procedimientos]*\***

**Exhibit 56**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

-------------------------------------------------------------------- X
                                            :

In re:                                        :

                                           :

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | |
| LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | : | PROMESA Título III |
| | : | |
| como representante de | : | Caso Núm. 17-BK-3283 (LTS) |
| | : | |
| EL ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.,* | : | (Administrado Conjuntamente) |
| | : | |
| | : | |
| Deudores. [1] | : | |

-------------------------------------------------------------------- X

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | |
| LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | : | PROMESA Título III |
| | : | |
| como representante del | : | Caso Núm. 17-BK-3566 (LTS) |
| | : | |
| SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, | : | |
| | : | |
| | : | |
| Deudor. | : | |

-------------------------------------------------------------------- X

**PROCEDIMIENTOS INICIALES ~~PARA RESOLVER~~ CON RESPECTO AL LITIGIO DE OBJECIONES ~~DEL COMITÉ OFICIAL DE ACREEDORES NO ASEGURADOS Y DEL COMITÉ OFICIAL DE EMPLEADOS RETIRADOS, A TENOR CON LA SECCIÓN 502 DEL CÓDIGO DE QUIEBRAS Y LA REGLA DE QUIEBRAS 3007, A LAS~~A RECLAMACIONES ~~INCOADAS POR TENEDORES DE BONOS EMITIDOS POR EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL~~ DE**

---

[1] Los Deudores en los Casos del Título III, junto con el caso individual de cada Deudor en virtud del mismo título y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, según aplicable, son: (i) el Estado Libre Asociado de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); (ii) la Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de Quiebra Núm. 17-BK-3567 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); (iii) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de Quiebra Núm. 17-BK-3566 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); y (iv) la Autoridad de Energía Eléctrica de Puerto Rico ("AEE") (Caso de Quiebra Núm. 17-BK-4780 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3747) (Los números de los casos en virtud del Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

**BONOS SRE, INCLUYENDO LA FECHA LÍMITE PARA PRESENTAR EL AVISO DE PARTICIPACIÓN PARA ESTE LITIGIO** ~~ESTADO LIBRE ASOCIADO DE  PUERTO RICO~~

~~____ de julio de 2019~~

**Y FECHA LÍMITE PARA OBJETAR CIERTAS RECLAMACIONES DE BONOS SRE**

____ de septiembre de 2019

~~Según~~A tenor con la Orden ~~("Orden")~~ del Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico (el "Tribunal de Distrito"), con fecha [del ___ de ~~julio~~septiembre del ~~2019,~~2019], [Dkt. No. _____] (la "Orden"), los siguientes procedimientos iniciales (los "Procedimientos Iniciales para Objeciones") aplicarán ~~para la resolución de~~a:

(a) las objeciones presentadas por (i) el Comité Oficial de Acreedores No Asegurados (el "Comité de Acreedores"), cada una fechada al 12 de marzo de 2019 [Caso Núm. 17-bk-3283, Dkt. No. 5580 y 5586; Caso Núm. 17-bk-3566, Dkt. Núm. 381 y 384] ~~y las objeciones presentadas por~~(las "Objeciones del Comité de Acreedores"), y por (ii) el Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico (el "Comité de Retirados~~", y, conjuntamente con el Comité, los "Objetores"~~") fechada al 23 de abril de 2019 [Caso Núm. 17-bk-3283, Dkt. Núm. 64~~82~~; Caso Núm. 17-bk-3566, Dkt. Núm. 469] ~~a las reclamaciones incoadas por tenedores de bonos emitidos por el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico~~ (la "Objeción del Comité de Retirados", y, conjuntamente con las Objeciones del Comité de Acreedores, las "Objeciones"~~).~~"

~~Los Objetores presentaron las Objeciones aseverando que todas~~ de los Comités") a las reclamaciones presentadas por ciertos tenedores de bonos (~~las "Reclamaciones de "~~Bonos SRE"~~) que han sido o pueden ser incoadas contra~~emitidos por el Sistema de Retiro de ~~los~~ Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") ~~a cuenta de los bonos emitidos por el SRE en el 2008 (los "Bonos SRE") son inválidas. La objeción del Comité de Retirados también asevera que todas las Reclamaciones de Bonos SRE que han sido o pueden ser incoadas contra el Estado Libre Asociado de Puerto Rico son inválidas. Estos procedimientos aplican a todas las contenciones relacionadas a las Reclamaciones de Bonos SRE incoadas contra el SRE y/o el Estado Libre Asociado de Puerto Rico ("ELA"). Los tenedores de los Bonos SRE en adelante serán referidos como "Tenedores de Bonos SRE.";~~

(b) la objeción presentada por la Junta de Supervisión y Administración Financiera para Puerto Rico como representante del Estado Libre Asociado de Puerto Rico (la "Junta"), fechada al 22 de mayo de 2019 [Caso Núm. 17-bk-3283, Dkt. Núm. 7075] (la "Objeción de la Junta");

(c) cualquier otra objeción presentada en o antes de la Fecha Límite para Objeciones a Reclamaciones (según se define más abajo), sobre la procedencia de las Reclamaciones de los Bonos SRE (según se definen más abajo), que no sean Reclamaciones Postpetición Excluidas (según se definen más abajo), incoadas por (i) los grupos, incluyendo cada uno de sus miembros, de Tenedores de Bonos SRE (según se definen más abajo) representados por Jones Day y White & Case LLP (estos grupos, incluyendo cada uno de sus miembros, los "Grupos"), y (ii) The

Bank of New York Mellon, como Agente Fiscal (el "Agente Fiscal") de los Bonos
SRE (estas objeciones presentadas a tiempo, las "Objeciones Adicionales a
Reclamaciones"); y

(d)      el cargo uno de cada demanda ("Alegaciones del Cargo Uno") presentada en los
         procedimientos adversativos iniciados por el Comité Especial de Reclamaciones
         de la Junta de Supervisión y Administración Financiera para Puerto Rico como
         representantes del SRE (el "CER") y el Comité de Acreedores [Adv. Núm.
         19-355, 19-356, 19-357, 19-358, 19-359, 19-360 y 19-361] (las "Acciones").

El Comité de Acreedores, el Comité de Retirados, la Junta y el CER en adelante son los
"Objetores". Las Objeciones de los Comités, las Alegaciones del Cargo Uno, la Objeción de la
Junta y cualquier Objeción Adicional a Reclamaciones, en adelante son las "Objeciones a
Reclamaciones".

Estos Procedimientos Iniciales para Objeciones aplican a todas las reclamaciones
(incluyendo reclamaciones postpetición y gastos administrativos) de cualquier tipo (las
"Reclamaciones de Bonos SRE") incoadas contra el SRE y/o el ELA por tenedores de bonos
SRE (los "Tenedores de Bonos SRE") por cuenta de o relacionadas a los Bonos SRE, y a cada
demandando en las Acciones (un "Demandado PA"), excluyendo (a) cualquier Reclamación de
Bonos SRE que sea una reclamación postpetición incoada por cualquier Tenedor de Bonos SRE
que no sea uno de los Grupos (incluyendo sus miembros) o el Agente Fiscal, y (b) cualquier
Reclamación de Bonos SRE que sea una reclamación postpetición y sea incoada por los Grupos
(incluyendo sus miembros) o el Agente Fiscal luego de la Fecha Límite Acordada para
Reclamaciones Postpetición de Tenedores de Bonos SRE  (como se define más adelante) (en
conjunto, las reclamaciones postpetición descritas arriba en los incisos (a) y (b), "Reclamaciones
Postpetición Excluidas").

**IMPORTANTE: Ausente un permiso concedido por el Tribunal de Distrito luego de
mostrar justa causa, cualquier parte (que no sea uno de los Participantes Considerados
(según se definen más adelante) que (a) no presente un Aviso de Participación (según se
define más adelante), o (b) presente un Aviso de Participación luego del [*insertar fecha 40
días después de la notificación de la Orden*] de 2019, estará impedida de presentar mociones
separadas con respecto a las Objeciones a Reclamaciones, incluyendo presentar cualquier
Objeción Adicional a Reclamaciones.**

   1.   9. Exclusividad de los Procedimientos

Estos procedimientos son Los Procedimientos Iniciales para Objeciones serán el
mecanismo exclusivo para participar en el litigio ante el Tribunal de Distrito con respecto a las

~~objeciones~~Objeciones a ~~las~~ Reclamaciones ~~de Bonos SER incoadas contra el SRE o el ELA. Sin embargo, algunas de las controversias levantadas.~~ No obstante, algunos de los asuntos planteados en las Objeciones a Reclamaciones son objeto de procedimientos adversativos paralelos iniciados en el 2017 por ciertos Tenedores de Bonos SRE. *~~Véase~~Ver* Adv. ~~No~~Núm. 17-ap-219-LTS en el Caso ~~No~~Núm. 17-bk-~~03283~~3283-LTS, y Adv. ~~No~~Núm. 17-ap-220-LTS en el Caso ~~No~~Núm. 17-bk-~~03566~~3566-LTS (~~conjuntamente~~en conjunto, los "Procedimientos Adversativos del SRE"). Todos y cada uno de los alegatos y ~~radicaciones presentadas en las Objeciones con respecto a~~otros documentos presentados en conexión con los asuntos ~~interrelacionados~~entrelazados (incluyendo las ~~Secciones~~Partes III-V de la Objeción del Comité de Retirados~~), para todos los propósitos,~~ y las Partes II-III de la Objeción de la Junta) en las Objeciones a Reclamaciones, también pueden ser presentados (con todos los epígrafes ~~relevantes)~~correspondientes), para todos los propósitos, en los Procedimientos Adversativos del SRE.~~En la medida en que los asuntos levantados en las Objeciones se conviertan en otras objeciones a reclamaciones, mociones, o procesos adversativos que envuelvan las Reclamaciones de Bonos SRE, los participantes de estos asuntos contenciosos o procesos adversativos se reunirán de buena fe para determinar si todos o alguno de los alegatos y otras presentaciones efectuadas en torno a las Objeciones deberán ser hechas y presentadas para todos los propósitos, en estos asuntos o procesos adversativos. Para evitar cualquier duda, todos los Participantes~~ se reservan sus derechos con respecto a si algunos asuntos deben ser paralizados o suspendidos en vista de los asuntos interrelacionados en las Objeciones y pendientes a los procedimientos adversativos donde estén envueltos Bonos SRE.

Para evitar dudas, estos procedimientos no aplicarán a los procedimientos adversativos iniciados por la Junta y el Comité de Acreedores cuestionando el alcance de los gravámenes que alegadamente aseguran los Bonos de SRE [Adv. Núm. 19-366 y 19-367] ("Procedimientos del Alcance de Gravámenes al SRE"). No obstante lo anterior, las partes se reunirán de buena fe para coordinar los calendarios para las Objeciones a Reclamaciones y los Procedimientos del Alcance de Gravámenes al SRE. Todas las partes se reservan sus derechos con respecto a litigios futuros que buscan la devolución de pagos luego de la petición hechos por el SRE o el ELA al Agente Fiscal o a Tenedores de Bonos SRE a tenor con la estipulación fechada al 14 de julio de 2017 [Dkt. Núm. 170 en el Caso Núm. 17-bk-3566], según aprobada por el Tribunal de Distrito mediante Orden con fecha del 17 de julio de 2017 [Dkt. Núm. 171 en el Caso Núm. 17-bk-3566] y Orden con fecha de 28 de diciembre de 2017 [Dkt. Núm. 248 en el Caso Núm. 17-bk-3566], en caso de que los gravámenes que alegadamente aseguran los Bonos SRE sean impugnados exitosamente parcial o totalmente en los Procedimientos del Alcance de Gravámenes al SRE u Objeciones a Reclamaciones.

Las Objeciones a Reclamaciones deberán regirse por las Reglas Federales de Procedimiento de Quiebra; *sin embargo*, sin perjuicio de la Regla 9014 (c) de Quiebra, todas las Reglas contenidas en la Parte VII de las Reglas de Quiebra deberán aplicar a las Objeciones a Reclamaciones, excepto según sean enmendadas por los Procedimientos Iniciales para Objeciones o cualquier orden posterior del Tribunal de Distrito.

    2.  Aviso de Participación/Aviso de Comparecencia

        (a) ~~10.~~ Objeciones a Reclamaciones – Aviso de Participación

Cualquier parte con interés, incluyendo pero sin limitarse a ~~la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta") y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico ("AAFAF") y, conjuntamente con la Junta, las "Partes del Título III"), y,~~ cualquier persona o entidad que ~~posea~~sea tenedor de un Bono SRE, esté o no esa persona o entidad identificada en las Objeciones~~,~~ de los Comités, o que desee participar ~~del~~en el litigio de las Objeciones a Reclamaciones, tiene que notificar por correo electrónico y presentar un aviso de su intención de participar en dicho litigio (un "Aviso de Participación"); *dispuesto, no obstante, que (i) el Comité de Acreedores, (ii) el Comité de Retirados, (iii) la Junta, (iv) el CER, (v) la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico ("AAFAF"), (vi) los Grupos (incluyendo sus miembros), (vii) el Agente Fiscal, y (viii) un Demandado PA que presente un Aviso de Comparecencia, en cada caso, no están obligados a presentar Avisos de Participación y cada uno será considerado como Participante (como se define más abajo) (las partes en (i) al (viii), en conjunto, los "Participantes Considerados").*

El Aviso de Participación (a) indicará si la parte con interés que presentó el aviso (~~individualmente uno,~~ ~~el~~cada uno, un "Participante") apoya o se opone a las Objeciones a Reclamaciones; (b) proveerá el nombre, dirección y correo electrónico del Participante y de su representante legal, si ~~tiene~~ alguno; y (c), en la medida en que le presente un Tenedor de Bonos SRE, expondrá (i) si todo o parte de los Bonos SRE fueron adquiridos en el mercado secundario, y (ii) los números CUSIP de dichos Bonos SRE según el mejor conocimiento y creencia del Tenedor de Bonos SRE, a la fecha en que presenta el Aviso de Participación (la "Información del Aviso").  El Aviso de Participación ~~tendrá que cubrir~~cubrirá todos los Bonos SRE que sean propiedad del Participante a la fecha de la presentación del Aviso de Participación o adquirido posteriormente y no deberá limitarse específicamente a los números CUSIP que aparecen en la lista.  En aras de evitar cualquier duda, una parte interesada puede presentar un Aviso de Participación ~~individual~~individualmente y/o a través de un grupo *ad hoc*.  Un Aviso de Participación presentado a través de un grupo *ad hoc* ~~tendrá que permitirle~~ le dará el derecho a cada miembro de dicho grupo *ad hoc* a participar individualmente o como parte del grupo, y cada miembro se reserva el derecho de actuar individualmente de cuando en cuando, con relación a cualquier asunto, argumento o procedimiento.  En la medida en que una entidad deje de ser parte de un grupo *ad hoc* que ~~presentó~~haya presentado un Aviso de Participación, dicha entidad podrá seguir participando en el litigio de las Objeciones a Reclamaciones en la misma manera en que lo haría un Participante que hubiese presentado oportunamente un Aviso de Participación individual; *~~disponiéndose, sin embargo~~dispuesto, no obstante*, que dicho Participante estará sujeto a (i) cualquier acción, argumento, declaración o posición hecha o tomada por dicho grupo *ad hoc* antes de la fecha en que el Participante cesó de ser ~~parte~~miembro de dicho grupo *ad hoc* (la "Fecha de Separación"), y (ii) ~~toda~~a cualquier orden del Tribunal de Distrito aplicable a los miembros de dicho grupo *ad hoc* a la Fecha de Separación, en ~~todos los casos y~~cada caso en la misma medida, de haber alguna, en que los miembros de dicho grupo *ad hoc* estarían obligados por dichas acciones, argumentos, declaraciones, posiciones u órdenes del Tribunal de Distrito.  En la medida en que una entidad se convierta en un miembro de un grupo *ad hoc* luego de la Fecha Limite de Participación, dicha entidad estará cubierta por el Aviso de Participación oportunamente presentado por el grupo *ad hoc*, ~~disponiéndose que~~*siempre y cuando* (i) dicho Aviso de Participación ~~tiene que ser~~sea actualizado para incluir la Información de Aviso del nuevo integrante del grupo; y (ii) si dicho integrante no presentó su propio Aviso de Participación oportunamente, ~~tendrá que obtener la~~dicho miembro deberá haber obtenido aprobación del Tribunal de Distrito para participar en el litigio, individualmente o como miembro

del grupo *ad hoc,* luego de demostrar justa causa, según indica el párrafo ~~54~~ a continuación. ~~Las partes~~Los Participantes que presenten ~~el~~un Aviso de Participación en apoyo a las Objeciones a Reclamaciones constituirán colectivamente los "Objetores Conjuntos~~.~~", y las partes que se opongan a los remedios solicitados en las Objeciones a Reclamaciones constituirán colectivamente los "Recurridos".~~—~~

Cada Aviso de Participación tiene que ser notificado por correo electrónico a las "Partes a Notificar" identificadas en el párrafo ~~más~~ 8 abajo y ~~radicado~~presentado electrónicamente en el Tribunal de Distrito de conformidad con sus procedimientos para la radicación electrónica de documentos. **Los ~~participantes~~Participantes sin representación legal pueden presentar el Aviso de Participación por correo o haciendo entrega personal a: Secretaría del Tribunal~~, Tribunal~~ de Distrito de Estados Unidos para el Distrito de Puerto Rico, Oficina ~~150,~~150 Edificio Federal, 150 Avenida Carlos Chardón, San Juan PR 00918~~-1767, es decir, la oficina de la Secretaría del Tribunal de Distrito Federal en San Juan, Puerto Rico.~~1767.**

**La fecha límite para ~~radicar~~presentar en el Tribunal de Distrito ~~Federal~~ y notificar por correo electrónico el Aviso de Participación es [60*insertar fecha 40 días a partir de la fecha de* ~~asentamiento~~*notificación de la Orden*] de 2019 (~~el~~la "Fecha ~~Límite~~Límite de Participación")**. Aquellos que ~~radiquen con~~presenten en el Tribunal de Distrito ~~Federal~~ y notifiquen por correo electrónico el Aviso de Participación para la Fecha Límite de Participación no tendrán que presentar una respuesta sustantiva a las Objeciones a Reclamaciones hasta la fecha establecida mediante una orden de calendarización posteriormente emitida por el Tribunal de Distrito.

Sujeto a lo provisto en el párrafo ~~5 más~~4 abajo, aquella parte que no presente un Aviso de Participación no ~~recibirá~~podrá recibir notificaciones de radicaciones ~~o~~y eventos en el litigio y ~~podría no permitírsele~~puede que no se le permita participar sustancialmente en el litigio de las Objeciones a Reclamaciones sin permiso del Tribunal de Distrito una vez haya mostrado justa causa~~:~~, sin embargo, sus derechos pueden verse afectados por el resultado del litigio. En particular, y sujeto a los derechos apelativos aplicables, si, y ~~a~~en la medida en que, el Tribunal de Distrito ~~concede~~conceda las Objeciones a Reclamaciones total o parcialmente, la recuperación de los reclamantes ~~a causa de las Reclamaciones~~de Bonos SRE ~~quedará eliminada~~por cuenta de los mismos bonos se eliminará total o parcialmente, y ~~quedará prohibido~~estos reclamantes quedarán prohibidos para siempre ~~que los reclamantes hagan~~de hacer valer dichas reclamaciones ~~rechazadas~~invalidadas contra el SRE y el ELA, ~~que puedan~~según aplique, con respecto a las reclamaciones invalidadas en cualquier plan de ajuste presentado en ~~este Caso~~los Casos bajo el Título III del SRE o del ELA, según aplique, y ~~que puedan~~participar en ~~cualquier~~distribución alguna en los Casos bajo ~~este Caso del~~el Título III del SRE o del ELA por cuenta de las mismas reclamaciones ~~surgidas de los~~invalidadas que surgen de Bonos SRE y de las Reclamaciones de Bonos SRE.  Al radicar un Aviso de Participación, el reclamante tendrá la oportunidad de ser escuchado en los méritos de las Objeciones a Reclamaciones, tendrá derecho a recibir las notificaciones sobre eventos en el caso específicos a las Objeciones a Reclamaciones y recibirá avisos de oportunidades para reunirse y conversar con otras partes sobre los asuntos relacionados al litigio de las Objeciones a Reclamaciones.

Nada de lo aquí dispuesto, ni la mera presentación de un Aviso de Participación por una persona o entidad que no sea un tenedor de un Bono SRE, le conferirá legitimación activa a dicha

persona o entidad para participar en el litigio de las Objeciones a Reclamaciones, y se reservan todos los derechos apara objetar la legitimación activa de cualquier persona o entidad.

11.   Propuesta de Intercambio Inicial/Recomendación

(b)  Las Acciones – Aviso de Comparecencia

En la medida en que un Demandado PA no haya presentado aún un Aviso de Comparecencia, a menos que este Demandado PA sea un Participante Considerado, ese Demandado PA **tiene** que presentar un Aviso de Comparecencia en la Acción aplicable en o antes de la Fecha Límite de Participación, aunque ese Demandado PA también haya sometido un Aviso de Participación. Este Aviso de Comparecencia puede ser limitado a la medida en que un Demandado PA dispute la jurisdicción del Tribunal de Distrito sobre este.

(c)  Presentación de Lista de Participantes

En la fecha que será cinco (5) días después de la Fecha Límite de Participación, los Objetores presentarán en el Tribunal de Distrito una lista de todas las partes que presentaron Avisos de Participación, y sus representantes legales, indicando si estos Participantes son Objetores Conjuntos o Recurridos. Dicha lista será actualizada e indicarán si estos Participantes favorecen o se oponen a las Objeciones a Reclamaciones. Los Objetores también presentarán en el Tribunal de Distrito una lista de todos los Demandados PA que presentaron Avisos de Comparecencia y sus representantes legales. Estas listas serán actualizadas según sea necesario cada treinta (30) días para reflejar cualquier presentación tardía o actualización de un Aviso de Participación y Aviso de Comparecencia.

Veintiún (21) días después del asentamiento de la orden aprobando estos procedimientos (la "Fecha Límite del Intercambio de Propuestas"), los Objetores y las otras Partes M&C (definidos más adelante), simultáneamente intercambiarán propuestas (las "Propuestas Iniciales") estableciendo los procedimientos que gobernarán el litigio de las Objeciones, incluyendo pero sin limitarse a controversias de hecho y de derecho anticipadas, la secuencia y duración del descubrimiento de prueba, las prácticas para las mociones dispositivas anticipadas y el tiempo para ello, y el trato que se le dará a los tenedores de Bonos SRE que no presentaron Aviso de Participación (los "Procedimientos de Litigio de la Objeción").  Las Propuestas Iniciales se intercambiarán de la siguiente manera: los Objetores y las otras Partes M&C enviarán por correo electrónico sus Propuestas Iniciales a las Partes a Notificar. Los Objetores harán que su Propuesta Inicial y todas las Propuestas Iniciales recibidas se suban al [sitio web] (el "Sitio Web de Objeciones SRE") y los Participantes que hayan provisto su dirección electrónica recibirán una notificación por correo electrónico automáticamente cuando nuevos documentos sean subidos al Sitio Web de Objeciones SRE. Las Propuestas Iniciales no serán presentadas ante el Tribunal de Distrito.  Las Partes no estarán impedidas de presentar reclamaciones o levantar defensas que no hayan sido incluidas en las Propuestas Iniciales.

Durante el periodo de veintiún (21) días luego de la Fecha Límite del Intercambio de Propuestas, las Partes M&C (definidas a continuación) se reunirán y llevarán a cabo una conferencia sobre el contenido esencial de las Propuestas Iniciales en un esfuerzo por desarrollar una recomendación conjunta sobre los Procedimientos de Litigio de la Objeción para el Tribunal

de Distrito.  Los Objetores convocarán las sesiones de reunión y conferencia y enviarán avisos sobre cualquier reunión o conferencia telefónica a todas las Partes M&C. Las Partes M&C harán los mayores esfuerzos por desarrollar una recomendación totalmente consensual con respecto a los Procedimientos de Litigio de la Objeción, que también incorpore la opinión, si se conoce, de los Participantes que no son Partes M&C.

Las "Partes M&C" serán inicialmente los Objetores, los grupos de Tenedores de Bonos SRE representados por Jones Day y White & Case LLP, respectivamente, el Bank of New York Mellon, como Agente Fiscal para Bonos SRE, y cualquier otro Tenedor de Bonos SRE representado por un abogado que desee participar en el proceso de reunión y conferencia, y las Partes del Título III. Los Objetores se reservan el derecho de solicitar permiso a la Corte para limitar el número de Partes M&C en caso de que resulte imposible llevar a cabo reuniones y conferencias significativas y productivas.

En el día veintiuno (21) luego de la Fecha Límite del Intercambio de Propuestas Iniciales, los Objetores presentarán ante el Tribunal de Distrito la recomendación para los Procedimientos de Litigio de la Objeción (la "Recomendación") propuestos e indicarán, si se conoce, cuáles Participantes apoyan la Recomendación y cuáles Participantes, de haber alguno, objetan la Recomendación. Los Objetores deberán haber sometido a publicación un borrador de la Recomendación en el Sitio Web de Objeciones SRE al menos cinco (5) días laborables previo a la presentación de la Recomendación; a partir de entonces, los Participantes tendrán cuatro (4) días laborables para proveer más insumo en cuanto a los Procedimientos de Litigio de la Objeción propuestos enviando por correo electrónico dichos comentarios a las Partes a Notificar. Las Partes a Notificar enviarán los comentarios recibidos por los Participantes que no sean Partes M&C a las Partes M&C.

Cualquier respuesta a la Recomendación tendrá que ser presentada ante el Tribunal de Distrito dentro de los siete (7) días luego de la presentación de la Recomendación (al "Fecha Límite de la Respuesta"), y cualquier réplica a estas respuestas tendrá que ser presentada dentro de los tres (3) días posteriores a la Fecha Límite de la Respuesta (la "Fecha Límite de la Réplica").

Para evitar dudas, se reservan todos los derechos con respecto a la capacidad de una parte a solicitar permiso del Tribunal en cualquier momento para presentar  mociones dispositivas.

12.   Litigio
     3.   Alegatos sobre Objeciones a Reclamaciones

Con respecto a establecer un calendario para someter alegatos relacionados a las Objeciones a Reclamaciones, las partes deberán cumplir con la *Orden sobre el Período de Suspensión y Mediación Obligatoria* [Dkt. Núm. 8244 en el Caso Núm. 17-bk-3283-LTS].

C.   Conferencia Sobre el Estado de los Procedimientos en el Tribunal de Distrito

Los ~~Objetores solicitarán que el Tribunal de Distrito señale una conferencia sobre el estado de los procedimientos tan pronto como sea posible luego de la Fecha Límite de la Réplica, para discutir y decidir los asuntos esbozados en la Recomendación y cualquier respuesta y réplica a esta, incluyendo, pero sin limitarse a:~~

> ~~(v) la secuencia y el plazo para el descubrimiento de prueba;~~

> ~~(vi) la medida en que se puedan o deban someter alegatos conjuntos;~~

> ~~(vii)     calendarización de mociones, incluyendo pero sin limitarse a un calendario para presentar mociones dispositivas; y~~

> ~~(viii)     cualquier otro asunto que pueda contribuir a una resolución justa y eficiente de los asuntos levantados en la Objeción y en los Avisos de Participación.~~

~~Para evitar dudas, todos los Participantes se reservan el derecho con respecto a los Procedimientos de Litigio de la Objeción para argumentar que no deben estar obligados a presentar alegatos en conjunto con otros Participantes.~~ Comités deberán hacer que se envíen notificaciones automáticas por correo electrónico a las partes que hayan provisto una dirección de correo electrónico en su Aviso de Participación cuando documentos relevantes a las Objeciones a Reclamaciones, incluyendo calendarios para presentar alegatos relacionados a estos, sean presentados ante el Tribunal de Distrito o de otra manera sean hechos públicos. Además, estos documentos también serán publicados en: http://cases.primeclerk.com/ERSClaimsObjections ("Página Web de Objeciones SRE"). **Las partes que no provean una dirección de correo electrónico en su Aviso de Participación, no recibirán notificaciones automáticas y tendrán que visitar la Página Web de Objeciones SRE para lograr ver las notificaciones y otros documentos pertinentes.**

D.      Coordinación

En la medida en que el Tribunal de Distrito determine que se pueden y deben someter alegatos conjuntos

Los Objetores y cualquier Objetor Conjunto con instrucciones de participar en alegatos en conjunto, cooperarán de buena fe para presentar alegatos conjuntos con respecto a la Objeción y presentarán alegatos separados solo en la medida necesaria para presentar y discutir asuntos, posiciones y argumentos sobre los cuales no puedan llegar a un acuerdo de buena fe.

De la misma forma, cualquier Recurrido con instrucciones de participar en alegatos conjuntos, cooperarán de buena fe para presentar alegatos conjuntos con respecto al litigio sobre la Objeción y presentarán alegatos separados solo en la medida necesaria para presentar o discutir asuntos, posiciones, o argumentos sobre los cuales no puedan llegar a un acuerdo de buena fe.

Con respecto al descubrimiento de prueba

Los Objetores y Objetores Conjuntos, por un lado, y los Recurridos, por otro lado, harán esfuerzos razonables para coordinar el desarrollo del descubrimiento de prueba que sea requerido por las otras partes y para coordinar comunicaciones concernientes a dicho descubrimiento.

13.     Avisos de Participación Sometidos Luego de la Fecha Límite de Participación

4.    No Presentar a Tiempo un Aviso de Participación y/o Aviso de Comparecencia

Cualquier parte que no presente un Aviso de Participación y/o Aviso de Comparecencia o lo presente luego de la Fecha Límite de Participación, pero al menos treinta (30) días antes del juicio en los méritos de las Objeciones, podrá participar en el litigio sobre las Objeciones y recibir las notificaciones de los desarrollos en el litigio e invitaciones para las sesiones de reunión y conferencia entre los litigantes. Dicha parte, sin embargo, estará sujeta a cualquier orden emitida por el Tribunal de Distrito (incluyendo cualquier orden declarando ha lugar una moción dispositiva, como lo sería una moción de sentencia sumaria) y/o cualquier acuerdo alcanzado entre los Objetores, Objetores Conjuntos y los Recurridos, antes de someter dicho Aviso de Participación sobre el manejo del litigio, incluso con respecto a los asuntos establecidos en el párrafo 3 arriba. Además, ausenteprevio a la Fecha Límite de Participación. Ausente un permiso concedido por el Tribunal de Distrito luego de mostrar justa causa, cualquier parte que(que no sea un Participante Considerado) que (a) no presente un Aviso de Participación, o (b) presente un Aviso de Participación luego de la Fecha Límite de Participación, estará impedida de presentar mociones separadas, diligenciar requerimientos de descubrimiento de prueba, o de ser escuchado en cualquier vista sobre las Objeciones relacionadas a las Objeciones a Reclamaciones, incluyendo presentar cualquier Objeción Adicional a Reclamaciones.

5.    14. Carencia de Deber

Ningún Recurrido o Demandado PA tendrá deber alguno para con otro Recurrido, Demandado PA o Tenedor de BonoBonos SRE que no haya presentado un Aviso de Participación o Aviso de Comparecencia, como aplique.

6. 15. Otras Objeciones Permisibles; Fecha Límite para Objeciones a Reclamaciones

El hecho de que los Objetores hayan objetado las Reclamaciones de Bonos SRE incoadas contra el SRE y el ELA no impedirá (i) que a los Objetores o a cualquier otra parte interesada la pueda objetar a una Reclamación de Bonos SRE por cualquier fundamento que no esté  expuesto en las Objeciones, o encon interés a objetar cualquier otra reclamación incoada por elun Tenedor de BonoBonos SRE que no esté relacionada con el Bonoa Bonos SRE, o (ii) que unaa cualquier parte con interés puedaa levantar argumentos adicionales para objetar a las Reclamaciones de Bonos SRE a tenor con el Aviso de Participación.de acuerdo con estos Procedimientos Iniciales para Objeciones.

No empece a lo aquí expuesto en contrario, en lo que no respecta a las Reclamaciones Postpetición Excluidas, (i) la fecha límite para presentar objeciones a cualquier Reclamación de Bonos SRE incoada por los Grupos (incluyendo los miembros de estos Grupos) o el Agente Fiscal será la fecha que sea más tarde entre (a) 90 días a partir de la notificación de la Orden, y (b) el 6 de enero de 2020 (la "Fecha Límite para Objetar Reclamaciones"), y (ii) sujeto a la Regla 7015 de Quiebra (la cual aplica a las Objeciones a Reclamaciones), luego de la Fecha Límite para Objetar Reclamaciones, los Objetores y cualquier parte con interés estarán prohibidos de presentar cualquier objeción nueva o adicional sobre la procedencia de cualquier Reclamación de Bonos SRE incoada por los Grupos (incluyendo los miembros de estos) o el Agente Fiscal.

7. Fecha Límite Acordada para Reclamaciones Postpetición para Ciertos Tenedores de Bonos SRE

La fecha límite para los Grupos (incluyendo sus miembros) y el Agente Fiscal incoar reclamaciones postpetición (incluyendo una solicitud para gastos administrativos) contra el SRE y/o el ELA por cuenta de o relacionadas a Bonos SRE será el [*insertar fecha que es 45 días a partir de la notificación de la orden*] de 2019 (la "Fecha Límite Acordada para Reclamaciones Postpetición de Tenedores de Bonos SRE").  Sujeto a la Regla 7015 de Quiebra (la cual aplica a las reclamaciones postpetición, incluyendo solicitudes para gastos administrativos contra el SRE y/o el ELA), los Grupos y el Agente Fiscal estarán prohibidos de presentar, luego de la Fecha Límite Acordada para Reclamaciones Postpetición de Tenedores de Bonos SRE cualquier reclamación postpetición nueva o adicional acumulada contra el SRE y/o el ELA que (a) es por cuenta de o relacionada a Bonos SRE, y (b) se acumuló en o antes del día 30 previo a la Fecha Límite Acordada para Reclamaciones Postpetición de Tenedores de Bonos SRE. Para evitar dudas, le Fecha Límite Acordada para Reclamaciones Postpetición de Tenedores de Bonos SRE solo aplicará a los Grupos (incluyendo sus miembros) y el Agente Fiscal y no aplicará a algún otro Tenedor de Bonos SRE o al SRE ni entidad alguna que actúe en nombre de o en representación del SRE, incluyendo un síndico nombrado a tenor con la Sección 926 del Código de Quiebras. Para evitar más dudas, los gastos administrativos que surjan de la Sección 922(c) del Código de Quiebras luego del día 30 previo a la Fecha Límite Acordada para Reclamaciones Postpetición de Tenedores de Bonos SRE no estarán sujetos a dicha fecha límite.

8. 8. Las Siguientes Personas son las "Partes a Notificar"

**PAUL HASTINGS LLP**
Attn:  Luc. A. Despins, Esq.
James R. Bliss, Esq.
Nicholas A. Bassett, Esq.
200 Park Avenue
New York, NY 10166
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com

**CASILLAS, SANTIAGO & TORRES LLC**
Attn:  Juan J. Casillas Ayala, Esq
Alberto J. E. Añeses Negrón, Esq.,
Israel Fernández Rodriguez Rodríguez, Esq.,
Juan C. Nieves González, Esq.,
Cristina B. Fernández Niggemann, Esq.
PO Box 195075
San Juan, PR 00919-5075
jcasillas@cstlawpr.com
aaneses@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

**JENNER & BLOCK LLP**
Attn:  Robert Gordon, Esq.
Catherine Steege, Esq.
Melissa Root, Esq.
Landon Raiford, Esq.
rgordon@jenner.com
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com

**BENNAZAR, GARCÍA & MILLIÁN, C.S.P.**
Attn:  A.J. Bennazar-Zequeira, Esq.
Héctor M. Mayol Kauffman, Esq.
Francisco del Castillo Orozco, Esq.
ajb@bennazar.org
hector.mayol@bbennazar.com

**PROSKAUER ROSE LLP**
Attn:  Martin J. Bienenstock, Esq.
Brian S. Rosen, Esq.
Jeffrey W. Levitan, Esq.
Margaret A. Dale, Esq.
mbienenstock@proskauer.com
brosen@proskauer.com
jlevitan@proskauer.com
mdale@proskauer.com

**A&S LEGAL STUDIO, PSC.**
Attn:  Luis F. Del Valle-Emmanuelli, Esq.
dvelawoffices@gmail.com

**BROWN RUDNICK LLP**
Attn:  Edward S. Weisfelner, Esq.
Angela M. Papalaskaris, Esq.
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

**ESTRELLA, LLC**
Attn:  Alberto Estrella, Esq.
Kenneth C. Suria, Esq.
agestrella@estrellallc.com
ksuria@estrellallc.com

**O'MELVENY & MYERS LLP**
John J. Rapisardi
Suzzanne Uhland
Peter Friedman
7 Times Square
New York, NY 10036

**MARINI PIETRANTONI MUÑIZ LLC**
Luis C. Marini-Biaggi
250 Ponce de León Ave., Ste. 900
San Juan, PR 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

(212) 326-2000

| | |
|---|---|
| **JENNER & BLOCK LLP** | **BENNAZAR, GARCÍA & MILLIÁN, C.S.P.** |
| Attn:  Robert Gordon, Esq. | A.J. Bennazar-Zequeira |
| Catherine Steege, Esq. | Héctor M. Mayol Kauffman |
| Melissa Root, Esq. | Francisco del Castillo Orozco |
| Landon Raiford, Esq. | ajb@bennazar.org |
| rgordon@jenner.com | hector.mayol@bbennazar.com |
| ccsteege@jenner.com | |
| mroot@jenner.com | |
| lraiford@jenner.com | |

**<u>Exhibit 67 </u>**

**\*ESTE AVISO** ~~DE PARTICIPACIÓN TIENE QUE SER NOTIFICADO Y PRESENTADO~~**REQUIERE ACCIÓN** EN O ANTES ~~DE [SESENTA DÍAS DEL ASENTAMIENTO DE LA ORDEN~~DEL [*insertar fecha 40 días a partir de la notificación de la orden dando lugar a la moción de procedimientos*]\*

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

------------------------------------------------------------------ X

|  |  |
|---|---|
| In re: | : |
|  | : |
| LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | : PROMESA<br>: Título III |
|  | : |
| como representante de | : Caso Núm. 17-BK-3283 (LTS) |
|  | : |
| EL ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.,* | : (Administrado Conjuntamente) |
|  | : |
| Deudores. [2] | : |

------------------------------------------------------------------ X

|  |  |
|---|---|
| In re: | : |
|  | : |
| LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | : PROMESA<br>: Título III |
|  | : |
| como representante del | : Caso Núm. 17-BK-3566 (LTS) |
|  | : |
| SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, | : |
|  | : |
| Deudor. | : |

------------------------------------------------------------------ X

**AVISO DE PARTICIPACIÓN EN EL LITIGIO DE LAS OBJECIONES** ~~DEL COMITÉ OFICIAL DE ACREEDORES NO ASEGURADOS Y DEL COMITÉ OFICIAL DE EMPLEADOS RETIRADOS DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, A TENOR CON LA SECCIÓN 502 DEL CÓDIGO DE QUIEBRAS Y LA REGLA 3007 DE QUIEBRAS, A RECLAMACIONES DE TENEDORES DE BONOS EMITIDOS POR EL~~

---

[2]   Los Deudores en los Casos del Título III, junto con el caso individual de cada Deudor en virtud del mismo título y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, según aplicable, son: (i) el Estado Libre Asociado de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); (ii) la Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de Quiebra Núm. 17-BK-3567 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); (iii) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de Quiebra Núm. 17-BK-3566 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); y (iv) la Autoridad de Energía Eléctrica de Puerto Rico ("AEE") (Caso de Quiebra Núm. 17-BK-4780 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3747) (Los números de los casos en virtud del Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

**\*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DEL [*insertar fecha 40 días a partir de la notificación de la orden dando lugar a la moción de procedimientos*]\***

**~~SISTEMA DE RETIRO DE EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO~~A RECLAMACIONES DE BONOS SRE**

Este Aviso de Participación tiene que ser notificado y presentado en o antes ~~de [sesenta días del asentamiento~~del [*insertar fecha 40 días a partir de notificación* de la *orden*] ~~de acuerdo con~~siguiendo las instrucciones que se encuentran ~~en la parte inferior~~al final de este documento.

**En ausencia de un permiso concedido por el Tribunal de Distrito luego de mostrar justa causa, cualquier parte que tenga conocimiento de los Procedimientos Iniciales para Objeciones pero (a) no presenta un Aviso de Participación, o (b) presenta un Aviso de Participación luego del [*insertar fecha 40 días después de la notificación de la Orden*] de 2019, estará impedida de presentar mociones separadas con respecto a las Objeciones a Reclamaciones (según se definen en los Procedimientos Iniciales para Objeciones), incluyendo presentar cualquier Objeción Adicional a Reclamaciones (según se define en los Procedimientos Iniciales para Objeciones).**

La parte identificada a continuación ("~~"~~Participante~~"~~"), por la presente notifica al Comité Oficial de Acreedores No Asegurados ~~(el "UCC") y~~, al Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico ~~( el "Comité de Retirados" y en conjunto con el UCC, los "Objetores)~~, a la Junta de Supervisión y Administración Financiera para Puerto Rico, al Comité Especial de Reclamaciones de la Junta de Supervisión y Administración Financiera para Puerto Rico y a la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, que tiene la intención de participar en el litigio de ~~los Objetores impugnando las reclamaciones (la objeción del UCC fechada 12 de marzo de 2019 [Caso Núm. 17-bk-3566, Dkt Núm. 381 y 384] y la objeción del Comité de Retirados fechadas 23 de abril de 2019 [Caso Núm. 17-3283; Docket Núm. 6482; Caso Núm. 17-bk-3566, Dkt 469]) (conjuntamente, las "Objeciones"), las cuales colectivamente plantean que son invalidas todas las reclamaciones que fueron o pudieron haber sido instadas en contra del Sistema de los Empleados de Retiro~~las Objeciones a Reclamaciones con respecto a los bonos emitidos por el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ~~("ERS") o el Estado Libre Asociado de Puerto Rico basadas en la emisión de bonos de ERS del~~en el 2008 (los "~~"~~Bonos ~~ERS~~SRE").

Para garantizar todos los derechos de participación en el litigio de las Objeciones a Reclamaciones, el Participante ~~debe proveer~~provee toda la información solicitada en los incisos 1 al 3 a continuación:

1.    Información de contacto del Participante, incluyendo correo electrónico, y el de su ~~abogado~~representante legal, si alguno:

**Nombre del Participante e ~~información~~Información de ~~contacto~~Contacto**

_____
Nombre del Participante

**Información de ~~contacto~~Contacto de la ~~representación legal~~Representación Legal (si alguna)**

_____

***\*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DEL [insertar fecha 40 días a partir de
la notificación de la orden dando lugar a la moción de procedimientos]\****

_____
Persona contacto (si el Participante no es
un individuo)

_____
Correo electrónico

_____
Dirección línea 1

_____
Dirección línea 2

_____
Ciudad, Estado, Código Postal

_____
País

      Nombre de la firma (si aplica)

      _____
      Persona contacto

      _____
      Correo electrónico

      _____
      Dirección línea 1

      _____
      Dirección línea 2

      _____
      Ciudad, Estado, Código Postal

      _____
      País

2.    El Participante informa que (elija **una** de las siguientes opciones marcando una "X" en el
espacio apropiado):

***ESTE AVISO REQUIERE ACCIÓN EN O ANTES DEL [insertar fecha 40 días a partir de
la notificación de la orden dando lugar a la moción de procedimientos]***

_____ pretende **apoyar** el ~~alivio~~remedio solicitado en ~~la Objeción~~las Objeciones a
Reclamaciones (i.e., el Participante cree que el Tribunal de Distrito debe decidir
que los Bonos SRE son **inválidos**); *o*

_____ pretende **oponerse** al ~~alivio~~remedio solicitado en ~~la Objeción~~las
Objeciones a Reclamaciones (i.e., el Participante cree que el Tribunal de Distrito
debe decidir que los Bonos SRE son **válidos**).

3.   Si el Participante no es ~~un~~ tenedor de un Bono SRE, puede ~~continuar~~saltar al final de este
Aviso y firmarlo. Si el Participante es tenedor de uno o más Bonos SRE, el Participante
~~debe~~tiene que responder a los siguientes párrafos (a) y (b) según ~~su~~el mejor conocimiento
del Participante.

(a) Provea el número CUSIP de todos los Bonos SRE del Participante:

(b) ¿El Participante compró alguno de sus Bonos SRE, total o parcialmente, en el
mercado secundario?   **SI** o **NO** (por favor, **circule uno**).

Por: _____

Firma

_____

Nombre en letra de molde

_____

Título (si el Participante no es un individuo)

_____

Fecha

**Instrucciones para ~~notificar~~Notificar y ~~presentar~~Presentar el Aviso de Participación**:  Este
Aviso de Participación ~~debe~~tiene que ser (i) **notificado** mediante correo electrónico a las Partes a
Notificar establecidas en el párrafo 8 de los Procedimientos ~~de Objeción~~para Objeciones, y (ii)
**presentado** electrónicamente ante el Tribunal de Distrito conforme a sus procedimientos de
presentación electrónica de casos. **Si el Participante no tiene representación legal, ~~debe~~el
Participante puede someter una copia en papel de este Aviso de Participación ante el
Tribunal de Distrito mediante ~~la entrega personal de dicho Aviso de Participación o a
través de correo regular a: El Secretario~~correo o entregado a la mano a: Secretaría del
Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, Oficina 150 del
Edificio Federal, 150 Avenida Carlos Chardón, San Juan, Puerto Rico 00918-1767.**

4

**Exhibit 8**

***\*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DEL [*insertar fecha 40 días a partir de
la notificación de la orden dando lugar a la moción de procedimientos*]\****

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| --------------------------------------------------------------------- | X |
| | : |
| In re: | : |
| | : |
| LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN | : PROMESA |
| FINANCIERA PARA PUERTO RICO, | : Título III |
| | : |
|   como representante de | : Caso Núm. 17-BK-3283 (LTS) |
| | : |
| EL ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.,* | : (Administrado Conjuntamente) |
| | : |
| Deudores. [3] | : |
| --------------------------------------------------------------------- | X |
| | : |
| EPÍGRAFE DE PROCEDIMIENTO ADVERSATIVO | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| --------------------------------------------------------------------- | X |

## NOTIFICACIÓN DE PROCEDIMIENTOS INICIALES PARA
## EL CARGO UNO DE LA DEMANDA, INCLUYENDO LA FECHA LÍMITE PARA
## PRESENTAR AVISO DE COMPARECENCIA

Usted está recibiendo esta notificación porque usted (o su cliente) es un demandado en el procedimiento adversativo de epígrafe iniciado por el Comité Especial de Reclamaciones de la Junta de Supervisión y Administración Financiera para Puerto Rico (el "CER") y el Comité Oficial de Acreedores No Asegurados (el "Comité de Acreedores", junto al CER, los "Demandantes"), donde los Demandantes buscan, entre otras cosas, recuperar dineros pagados a

---

[3]  Los Deudores en los Casos del Título III, junto con el caso individual de cada Deudor en virtud del mismo título y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, según aplicable, son: (i) el Estado Libre Asociado de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); (ii) la Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de Quiebra Núm. 17-BK-3567 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); (iii) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de Quiebra Núm. 17-BK-3566 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); y (iv) la Autoridad de Energía Eléctrica de Puerto Rico ("AEE") (Caso de Quiebra Núm. 17-BK-4780 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3747) (Los números de los casos en virtud del Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

*ESTE AVISO REQUIERE ACCIÓN EN O ANTES DE *[insertar fecha 40 días a partir de notificación de orden dando lugar a moción de procedimientos]**

usted o a su beneficio con respecto a los bonos emitidos por el Sistema de Retiro de Empleados del Gobierno del Estado Libre Asociado de Puerto Rico en el 2008 (los "Bonos SRE"). Por favor note que, además del procedimiento adversativo de epígrafe, los Demandantes incoaron seis otros procedimientos adversativos (conjuntamente con el procedimiento adversativo en epígrafe, las "Acciones") contra otros demandados (cada demandado, un "Demandado PA") por esencialmente los mismos motivos. El cargo uno de cada demanda (las "Alegaciones del Cargo Uno") presentada en las Acciones (cada demanda, un "Demanda PA") alega que los Bonos SRE fueron emitidos *ultra vires*. *Véase* Pro. Adv. Núm. 19-355, 19-356, 19-357, 19-358, 19-359, 19-360 y 19-361.

Por favor note que, además de las Acciones, (i) el Comité de Acreedores ha presentado objeciones, cada una fechada al 12 de marzo de 2019 [Caso Núm. 17-bk-3283, Dkt. No. 5580 y 5586; Caso Núm. 17-bk-3566, Dkt. Núm. 381 y 384] (conjuntamente, las "Objeciones del Comité de Acreedores"), a las reclamaciones incoadas por tenedores de Bonos SRE (los "Tenedores de Bonos SRE"); y (ii) el Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico (el "Comité de Retirados", junto al Comité de Acreedores, los "Comités") ha presentado una objeción, fechada al 23 de abril de 2019, a reclamaciones incoadas por Tenedores de Bonos SRE [Caso Núm. 17-bk-3283, Dkt. Núm. 6482; Caso Núm. 17-bk-3566, Dkt. Núm. 469] (la "Objeción del Comité de Retirados", y, junto a las Objeciones del Comité de Acreedores, las "Objeciones de los Comités").[4] Las Objeciones de los Comités alegan que los Bonos SRE fueron emitidos *ultra vires*. La Objeción del Comité de Retirados también arguye que todas las Reclamaciones de Bonos SRE que han sido o pueden ser incoadas contra el ELA también son inválidas por motivos *ultra vires*, entre otros motivos.

Por favor también note que el _____ de 2019, el Tribunal de Distrito aprobó ciertos procedimientos iniciales con respecto al litigio de las objeciones a las Reclamaciones de Bonos SRE ("Procedimientos Iniciales para Objeciones") estableciendo un procedimiento para que las partes participen en las objeciones a las Reclamaciones de Bonos SRE (como se definen en los Procedimientos Iniciales para Objeciones). **A tenor con los Procedimientos Iniciales para Objeciones, en la medida en que aún no lo ha hecho, usted está obligado a presentar un Aviso de Comparecencia en la Acción correspondiente en o antes del [*insertar fecha 40 días a partir de la notificación de la orden*] ("Fecha Límite de Participación").**

**En ausencia de un permiso concedido por el Tribunal de Distrito luego de mostrar justa causa, si (a) no presenta un Aviso de Comparecencia, o (b) presenta un Aviso de Comparecencia luego de la Fecha Límite de Participación, estará impedido de presentar mociones separadas relacionadas a las Objeciones a Reclamaciones (como se definen en los Procedimientos Iniciales para Objeciones), incluyendo presentar cualquier Objeción Adicional a Reclamaciones (como se define en los Procedimientos Iniciales para Objeciones).**

En este momento no hay un calendario establecido para someter alegatos con respecto a las Alegaciones del Cargo Uno o alguna otra objeción a las Reclamaciones de Bonos SRE. **No obstante, favor tome nota que se espera que se establezca prontamente un calendario para**

---

[4] Si usted aún es tenedor de Bonos SRE, debe también recibir una notificación separada sobre las Objeciones a Reclamaciones.

***ESTE AVISO REQUIERE ACCIÓN EN O ANTES DE *[insertar fecha 40 días a partir de notificación de orden dando lugar a moción de procedimientos]\****

**presentar alegatos sobre las Alegaciones del Cargo Uno y otras objeciones a Reclamaciones de Bonos SRE.**

[bloque de firmas de cada demanda]