# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*,<br><br>                                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## REPLY OF PUERTO RICO SALES TAX FINANCING CORPORATION IN SUPPORT OF MOTION TO STRIKE AMENDED NOTICE OF APPEAL

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

i

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] submits this reply in support of its motion to strike the Supplemental and Amended Joint Notice of Appeal to the United States Court of Appeals for the First Circuit and the corrected Supplemental and Amended Joint Notice of Appeal to the United States Court of Appeals for the First Circuit (collectively, the "Amended Notice") filed by Peter C. Hein ("Hein").

## PRELIMINARY STATEMENT

1. The day after the Oversight Board moved to strike the Amended Notice, and clearly in response, Hein filed a new notice of appeal in which he appealed the identical orders that were the subject of his Amended Notice. *See* ECF No. 8767. Actually, that was the proper procedure for preserving his appellate rights. As the Oversight Board explained in its motion, a party may not amend its notice of appeal at the district court to expand the scope of an appeal that is pending at the court of appeals. Instead, to appeal any additional orders, a party must file a new notice of appeal, which Hein has now done.

2. Hein nevertheless advances eight arguments for why his Amended Notice was supposedly proper. As explained below, each of those arguments either mischaracterizes the case law or knocks down a straw man that has nothing to do with the issue at hand. Under settled legal principles, the Court should strike the Amended Notice.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

## ARGUMENT

3. As the Oversight Board explained in its motion, this Court lacks jurisdiction to amend Hein's notice of appeal because the appeal has been pending at the First Circuit since February 2019. Mot. 1 (citing *Smith v. Jenkins*, 777 F. Supp. 2d 270, 271 (D. Mass. 2011)). Hein's response is that, if the Court lacks jurisdiction to amend the notice of appeal, then it must also lack jurisdiction to grant the Oversight Board's motion to strike. Opp. 1. That argument overlooks the bedrock principle that federal courts always have jurisdiction to determine their own jurisdiction. *See, e.g.*, *Fafel v. DiPaola*, 399 F.3d 403, 410 (1st Cir. 2005). The motion to strike simply asks this Court to hold that it lacks jurisdiction to allow the notice of appeal to be amended. The Court has the jurisdiction to resolve that jurisdictional question. Indeed, this Court has regularly decided questions concerning its own jurisdiction throughout the Title III cases. *See, e.g.*, *In re Fin. Oversight & Mgmt. Bd.*, 361 F. Supp. 3d 203, 218 (D.P.R. 2019); *In re Fin. Oversight & Mgmt. Bd.*, 582 B.R. 579, 587-92 (D.P.R. 2018).

4. Hein next challenges the Oversight Board's contention that this Court has the discretion to strike the Amended Notice. Opp. 1. As an initial matter, the issue of discretion is a red herring. The Oversight Board explained in its motion that the Court lacks jurisdiction to allow the Amended Notice, and the Amended Notice is not authorized by the Federal Rules. Mot. ¶ 9. Accordingly, the Amended Notice must be struck as a matter of law, not discretion. But, in any event, the case law is legion that a district court has discretion to strike an improper filing, whether a pleading, an exhibit, a notice of appeal, or something else. *See, e.g.*, *Amoah v. McKinney*, 875 F.3d 60, 62 (1st Cir. 2017) (reviewing for abuse of discretion a district court's grant of a motion to strike expert reports attached as exhibits to a summary judgment filing); *Turner v. Hubbard*

*Sys., Inc.*, 855 F.3d 10, 12 (1st Cir. 2017) (same, for denial of motion to strike portions of a motion for summary judgment); *Calvao v. Town of Framingham*, 599 F.3d 10, 18-19 (1st Cir. 2010) (same, for denial of motion to strike memo and evidence for failure to timely disclose information in response to interrogatories). That *Peaje Investments LLC v. Financial Oversight & Management Board for Puerto Rico (In re Financial Oversight and Management Board for Puerto Rico)*, 899 F.3d 1 (1st Cir. 2018), involved a district court's discretion to strike a reply brief does not undercut its force.

5. In his "Third" point, Hein asserts that the Amended Notice complies with Federal Rule of Appellate Procedure 3(c). Opp. 1. That is irrelevant. The Oversight Board did not move to strike the Amended Notice on the ground it failed to comply with Rule 3(c). Hein's reliance on Rule 3(c)(4)'s statement that an appeal should not be dismissed for "informality of form or title of the notice of appeal" is misplaced because the problems with the Amended Notice are jurisdictional and procedural, not "mere technicalities" pertaining to form. Opp. 1.

6. Similarly irrelevant is Hein's contention that the Amended Notice was filed within the time period for appealing the orders that he seeks to add to his existing appeal. Opp. 2. The Oversight Board did not move to strike the Amended Notice on the ground that the time to appeal the orders at issue had expired.

7. In a similar vein, Hein argues that the alleged timeliness of his Amended Notice distinguishes this case from *Jenkins*. Opp. 2. According to Hein, the movant in *Jenkins* sought to amend his notice of appeal to add an order for which the 30-day deadline to appeal had expired, whereas here the Amended Notice was filed within 30 days of the relevant orders. Opp. 2. The holding in *Jenkins* did not turn on a lack of timeliness, however. To the contrary, there, the district

3

court held that the filing of the original notice of appeal divested it of jurisdiction, and the movant therefore had to seek leave from the appellate court to amend the notice. 777 F. Supp. 2d at 271–72. The Oversight Board advances that same basic contention here. The decision in *Foster v. Cerro Gordo County* proves the point. No. 14-cv-3013, 2017 WL 4269967 (N.D. Iowa 2017) (cited in Opp. 2). There, the district court declined to amend a notice of appeal "for lack of jurisdiction" while the appeal was pending before the Eighth Circuit. *Id.* at *1.

8.  Hein next contends that "there are reported courts of appeals decisions that allow the use of amended notices of appeal." Opp. 2. The cases he cites, however, hold that a *court of appeals* has the power to amend a notice of appeal. *Stuart v. United States*, 23 F.3d 1483, 1485 (9th Cir. 1994) ("*This court* has the inherent power to permit a party to amend a notice of appeal even without a formal motion." (emphasis added)); *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989) (same). The Oversight Board does not dispute that the First Circuit has the power to allow Hein to amend his notice of appeal.[3] But, as of this date, Hein has filed no motion seeking such relief in the First Circuit.

9.  Finally, Hein admits that two cases cited by the Oversight Board squarely hold that a party may not amend a notice of appeal unless it adds an order listed in Federal Rule of Appellate Procedure 4(a)(4)—which Hein did not do here. Opp. 3 (citing *Pitrolo v. Cty. of Buncombe, N.C.*, 589 F. App'x 619, 624 (4th Cir. 2014) and *Gaskins v. District of Columbia*, No. 97-7025, 1997 WL 252627, at *1 (D.C. Cir. 1997)). He argues that the two cases are not binding precedent, but

---

[3] Though the district court accepted an amended notice of appeal in *S.O.S.*, the movant there submitted the amended notice on the heels of his original notice, before the initial 30-day deadline to submit the original notice had passed. *S.O.S., Inc.*, 886 F.2d at 1085. By contrast, Hein's Amended Notice was filed many months after the deadline for the original notice had passed.

he fails to undermine their persuasiveness. In challenging the two decisions, Hein contends the Rules do not specifically "prohibit[]" him from amending his notice of appeal to add orders not listed in Rule 4(a)(4). Opp. 3. However, that is not the relevant question. The relevant question is whether the Amended Notice is authorized by the Rules, and it is not. The fact that the Rules authorize a narrow class of amendments is a strong indication that other types of amendments— like Hein's—are not permitted. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

10. Notably, Hein's opposition does not address any of the logistical difficulties that would arise at the First Circuit if the Amended Notice were given effect. *See* Mot. ¶ 12. The bottom line is that, if Hein wants to expand the scope of his appeal pending at the First Circuit, he must ask that Court for relief. If he does so, the Oversight Board will respond appropriately.

## **CONCLUSION**

11. For the foregoing reasons and those described in the Oversight Board's motion, the Court should strike the Amended Notice from the docket. Now that Hein has separately filed a new notice of appeal, there is no reason to treat the Amended Notice as a new notice of appeal.

5

Dated: September 27, 2019
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

*/s/ Brian S. Rosen*
Martin J. Bienenstock *(pro hac vice)*
Brian S. Rosen *(pro hac vice)*
Jeffrey W. Levitan *(pro hac vice)*

**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board as representative for COFINA*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 27, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and all CM/ECF participants in the case.

/s/ *Hermann D. Bauer*
Hermann D. Bauer