IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO: 17-BK-03283-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| | PROMESA |
| As representative of | TITLE III |
| THE COMMONWEALTH OF PUERTO RICO et al., | |
| Debtors | |

RESPONSE TO SIXTY-NINTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO SATISFIED CLAIMS

**TO THE HONORABLE COURT:**

COMES NOW creditor Ponce Real Estate Corporation represented by the undersigned attorney and respectfully sets forth and prays as follow:

**PRELIMINARY STATEMENT**

1. Ponce Real Estate Corp., presented a proof of claim on May 21, 2018 that was numbered by Prime Clerk as 18335 from paid post-petition rents owed by debtor to that date.

2. The Commonwealth of Puerto Rico ("the Commonwealth") and Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico ("the Oversight Board"), as the representative of the Commonwealth and ERS, pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), filed the sixty-ninth objection to the allegedly fully satisfied proof of claims listed on Exhibit A of the Sixty-Ninth Omnibus Objection (Docket #8695).

3. The creditor hereby respectfully opposes the objection to their claim for not being fully satisfied.

## PROCEDURAL HISTORY

4. The bankruptcy petition of this case was filed on May 3, 2017.

5. From the date of the filing of the petition until February 7, 2019 the debtor and/or one of its agencies known as "Comisión Estatal de Elecciones" (State Electoral Commission) occupied certain premises owned by the appearing creditor located at Méndez Vigo Street in Ponce, Puerto Rico. **(See Exhibit I, Delivery of Key Receipt)**

6. Debtor possessed the premises by a lease agreement for a monthly rent of **$4,146.00**.

7. Debtor failed to make the payment for the rents after the date of the filling of the petition (administrative expenses) and until after the creditor filed a motion for application requesting administrative rent payment dated September 21, 2018 (docket #3958).

8. Debtor's own Exhibit A to the sixty-ninth omnibus objection asserting the reasons for the objection argues the checks issued to allegedly satisfy the creditor's invoices (Docket #8695-1). All checks issued on same month; December 3 and December 18, 2018, 19 months after the filling of the petition.

9. By December 20, 2018, debtor and/or Puerto Rico Fiscal Agency and Financial Advisory Authority were still claiming extensions of deadline for the Commonwealth of Puerto Rico to Assume or Reject Unexpired Nonresidential Leases under Title III Proceeding. **(See Exhibit II, letter and exhibit dated December 14, 2018)**

10. Debtor and/or its agents continued in possession of the leased premises for a period of 7 additional months to the period paid with the checks of December 2018. Debtor failed to pay for the rents of such months.

11. The filling of the Sixty-Ninth Omnibus Objection has moved the creditor to file, on this same date, an amended claim to state the balance of unpaid post-petition rents owed by debtor.

## ARGUMENT

12. If debtor continues retaining and using the premises pursuant to Bankruptcy Code a Debtor in Possession should be considered obligated as in many sections of the Code referred to the Trustee.

13. The bankruptcy code provides as follows: The trustee shall timely perform all the obligations

of the debtor, except those specified in section 365(b)(2) [11 USCS § 365(b)(2)] [subsec. (b)(2) of this section], arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title [11 USCS § 503(b)(1)]. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f) of this section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.11 U.S.C. § 365(d)(3).

14. "Section 365(d)(3) clearly requires the continued performance by the trustee of the full rent obligations under the lease until the decision to assume or reject the lease is made. In re DeSantis, 66 B.R. 998, 1004 (Bankr. E.D. Pa. 1986); In re Chandel Enterprises, Inc., 64 B.R. 607, 610 (Bankr. C.D. Cal. 1986); In re Coastal Dry Dock & Repair Corp., 62 B.R. 879, 882-83 (Bankr. E.D. N.Y. 1986); Matter of Longua, 58 B.R. 503, 504-05 (Bankr. W.D. Wis. 1986); In re S & F Concession, Inc., 55 B.R. 689, 690-91 (Bankr. E.D. Pa. 1985). See also In Re PCH Associates, 804 F.2d 193, 199 (2d Cir. 1986). Thus, the command of § 365(d)(3) that the trustee shall "timely" perform the rent obligation means that the trustee must pay the rent as it comes due. Section 365(d)(3) thus gives a special administrative claim priority to post-petition rent due under a non-residential lease. As the bankruptcy court in Coastal Dry Dock, 62 B.R. at 883, correctly explained „This obligation is made expressly independent of the normal standards for administrative expense claims under 11 U.S.C. § 503(b)(1) and constitutes an administrative expense payable without notice and hearing." In re Rare Coin Galleries, Inc., 72 B.R. 415, 416, 1987 Bankr. LEXIS 505, 4-5 (D. Mass. Apr. 14, 1987).

**CONCLUSION**

Wherefore this creditor, Ponce Real Estate Corp., respectfully request that the Sixty-Ninth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Satisfied Claims be denied with reference to this creditor and that an order be entered to The Commonwealth of Puerto Rico ("the Commonwealth") and

Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico ("the Oversight Board"), as the representative of the Commonwealth and ERS, pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") to pay the amount still owed to Ponce Real Estate Corp.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically on this day with the Clerk of the Court using CM/ECF System, which will send notification of such filing to the parties in the Court's electronic Master Address List.

RESPECTFULLY SUBMITTED.

In Ponce, Puerto Rico, this September 27, 2019.

/s/Lemuel Negrón Colón
USDC 211202
PO Box 801478
Coto Laurel, PR 00780-1478
Tel. (787) 840-6719
Fax. (787) 813-0088
Email: lemuel.law@gmail.com