# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- X
                                                                       :
In re:                                                                 :
                                                                       :
THE FINANCIAL OVERSIGHT AND                                            : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                      : Title III
                                                                       :
    as representative of                            : Case No. 17-BK-3283 (LTS)
                                                                       :
THE COMMONWEALTH OF PUERTO RICO *et al.,*                              : (Jointly Administered)
                                                                       :
    Debtors.[1]                                     :
---------------------------------------------------------------------- X
                                                                       :
In re:                                                                 :
                                                                       :
THE FINANCIAL OVERSIGHT AND                                            : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                      : Title III
                                                                       :
    as representative of                            : Case No. 17-BK-4780 (LTS)
                                                                       :
PUERTO RICO ELECTRIC POWER AUTHORITY                                   : **This filing relates only to**
                                                                       : **Case No. 17-BK-4780 (LTS)**
                                                                       :
    Debtor.                                         :
---------------------------------------------------------------------- X

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' URGENT OBJECTION TO MAGISTRATE JUDGE'S SEPTEMBER 16, 2019 ORDER GRANTING PROTECTIVE ORDER WITH RESPECT TO DEPOSITION OF JOSE ORTIZ**

---

[1]     The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND .............................................................................................................................. 4

ARGUMENT .................................................................................................................................... 7

    A.    Deposition Notice Was Not Untimely ................................................................. 7

    B.    Mr. Ortiz's Deposition Will Not Be Cumulative or Duplicative ......................... 9

    C.    Mr. Ortiz's Likely Testimony is Relevant ......................................................... 10

CONCLUSION ............................................................................................................................... 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Goat Island S. Condo. Ass'n, Inc. v. IDC Clambakes, Inc. (In re IDC Clambakes, Inc.)*,
   727 F.3d 58 (1st Cir. 2013) ..................................................................................7

*Koninklijke Philips Elecs. N.V. v. ZOLL Medical Corp.*,
   2013 WL 1833010 (D. Mass. Apr. 30, 2013) ......................................................9

*PowerShare, Inc. v. Syntel, Inc.*,
   597 F.3d 10 (1st Cir. 2010) ..................................................................................7

**Statutes**

28 U.S.C.A. § 636(b)(1)(A) .......................................................................................7

To the Honorable United States District Judge Laura Taylor Swain:

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Rule 72(c) of the Local Rules for the United States District Court for the District of Puerto Rico, the Official Committee of Unsecured Creditors of all Title III Debtors (the "Committee")[2] respectfully submits this urgent objection (the "Objection") to the Order of Magistrate Judge Judith Gail Dein (the "Magistrate Judge"), entered on September 16, 2019 [Dkt. No. 1640] (the "Protective Order"),[3] attached hereto as Exhibit 1, granting *AAFAF and PREPA's Urgent Motion for Protective Order Quashing Official Committee of Unsecured Creditors' Deposition Notice to Jose Ortiz* [Dkt. No. 1625] (the "Motion to Quash"). In support of the Objection, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Protective Order all but ensures that not a single Puerto Rico government official will testify under oath in support of or with respect to the RSA, notwithstanding the transaction's massive size and scope and the dramatic and irreversible impact it will have on PREPA and its non-settling creditors. Although the Magistrate Judge left open the possibility of the Committee re-noticing Mr. Ortiz's deposition after the completion of other depositions (which the Committee reserves the right to do), Federal Rule of Civil Procedure 72(a) requires the Committee to object to the balance of the Magistrate Judge's ruling within fourteen days— *i.e.*, by September 30, 2019. Moreover, even if the Committee were permitted to take Mr. Ortiz's deposition after the completion of other depositions, it would not be adequate relief

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Protective Order.

[3] All docket entries referenced herein are filed in case No. 17-4780, unless otherwise noted.

without an extension of the litigation schedule. The Committee therefore files this Objection to the Protective Order to preserve its rights.

2. The Magistrate Judge issued the Protective Order based on her determination that the deposition notice was untimely. She found that the Committee had failed to establish good cause for noticing the deposition after the initial July 5, 2019 deadline for deposition notices even though the applicable June 20 Scheduling Order expressly permitted the service of later notices for good cause shown based upon the discovery of new information. This determination was clearly erroneous and contrary to law.

3. The Committee made the deliberate choice not to notice Mr. Ortiz's deposition on July 5 because, at the time, it believed it would be able to obtain sufficient testimony from other witnesses, including Christian Sobrino, the then-CEO of AAFAF and member of PREPA's governing board, who had submitted a declaration in support of the 9019 Motion. After July 5, new developments led the Committee to revisit its decision. Specifically, Mr. Ortiz made multiple public statements in July and August 2019 regarding PREPA's transformation and its relationship to the RSA, including by announcing that one of the four bidders has withdrawn from the process and that the selection of the winning bidder may be delayed due to issues with PREPA's federal funding requests. The Committee also received documents in discovery in August 2019 indicating that Mr. Ortiz is exploring the possibility of offsetting the Transition Charge against PREPA's base rates, which is contrary to the Government Parties' representations to the Court that the Transition Charge will be added to base rates and thus will not directly impact the level of revenue available to satisfy claims of other creditors. Finally, Mr. Sobrino resigned from his positions and is no longer testifying for PREPA or AAFAF.

These significant, unanticipated developments established good cause for the Committee's decision to serve the deposition notice after the original July 5 deadline.

4. In issuing her ruling to the contrary, the Magistrate Judge appears to have improperly focused on the time that has elapsed since the July 5 deadline, rather than on the time remaining under the current Scheduling Order. Since the entry of the June 20 Scheduling Order, the schedule has been amended twice, with the window for completion of depositions now running through October 15, 2019, and the hearing on the 9019 Motion set for December 11, 2019. As of the date of this filing, only one deposition has occurred. Plenty of time remains to conduct Mr. Ortiz's deposition under the current schedule.

5. The Magistrate Judge also erred in concluding that an apex deposition is improper because the Committee did not first seek to obtain the testimony from other sources. The only other witness of PREPA or AAFAF set to be deposed is Fernando Batlle of Ankura, their outside financial advisor. The record makes clear that the topics on which the Committee seeks to depose Mr. Ortiz are uniquely within his knowledge and would not be known to Mr. Batlle (or any other witness). Only Mr. Ortiz has made public statements concerning the withdrawal of a bidder from the transformation process (in fact, other government representatives have made contrary statements), and only he has produced documents revealing a proposed implementation of the Transition Charge that runs contrary to the Government Parties' representations to the Court. If the Committee is not allowed to take Mr. Ortiz's deposition, it will not obtain testimony on these topics from any witness.

6. Finally, although not addressed in the Magistrate Judge's ruling, the testimony the Committee seeks from Mr. Ortiz is highly relevant. Mr. Ortiz is PREPA's CEO. He attended the board meeting at which the RSA was approved and was otherwise involved in its evaluation.

In addition, based on his public and private statements, Mr. Ortiz appears to have intimate personal knowledge of the relationship between the RSA and the proposed transformation and the manner in which the Transition Charge will be implemented. His testimony on these and other matters relates directly to arguments the Government Parties have advanced in support of the RSA. The Committee cannot obtain this same testimony from any other witness. Mr. Batlle is merely an advisor to PREPA and AAFAF, not a decision-maker, like Mr. Ortiz. And while Mr. Sobrino *was* a decision-maker for PREPA and AAFAF, he has since resigned from all government positions and is no longer testifying in support of the 9019 Motion.[4]

7. The Magistrate Judge clearly erred in granting the Protective Order and quashing the deposition. This Court should reverse and permit the deposition to go forward.

## BACKGROUND

8. The Government Parties filed the 9019 Motion on May 10, 2019 and originally sought a hearing in June 2019. At a status conference on June 12, 2019, the Court ordered the Government Parties to submit declarations and a supplemental memorandum of law in support of the 9019 Motion. This prompted the parties to submit and the Court to enter the June 20 Scheduling Order, which established a hearing date of September 11, 2019 and required the parties to, among other things, notice depositions by July 5, 2019.

9. The June 20 Scheduling Order specifically included a provision allowing parties to notice additional depositions "[f]or good cause shown, . . . promptly after information comes to such party's attention . . . constituting the basis for serving such notice or subpoena[.]" *See*

---

[4] This Court has not yet issued a ruling on the Committee's pending objection to the Magistrate Judge's August 2, 2019 order, which addresses the scope of relevant discovery, among other issues. *See Official Committee of Unsecured Creditors' Urgent (i) Objections to Magistrate Judge's August 2, 2019 Order on Motion to Compel and (ii) Alternative Motion to Strike and to Exclude Out-of-Scope Declaration Testimony and Related Evidence* [Dkt. No. 1576] (the "August 2 Order Objection"). The Committee believes Mr. Ortiz's deposition is relevant regardless of how the Court ultimately rules on the August 2 Order Objection.

June 20 Scheduling Order at 2 n.2 (incorporating by reference paragraph 2(b) of May 22 Scheduling Order).

10. Since the entry of the June 20 Scheduling Order, the schedule for the litigation of the 9019 Motion has been amended twice. The hearing on the 9019 Motion is now scheduled for December 11, 2019, instead of September 11, 2019, and the last date for depositions is now October 15, 2019, instead of August 2, 2019.

11. On July 5, the Committee noticed depositions of various parties and individuals. With respect to PREPA and AAFAF, the Committee noticed Rule 30(b)(6) depositions of each party and individual depositions of Christian Sobrino (the former CEO of AAFAF, member of PREPA's governing board, and ex officio member of the Oversight Board) and Fernando Batlle of Ankura. Due to Mr. Sobrino's subsequent resignation and PREPA's and AAFAF's designation of Mr. Batlle as their Rule 30(b)(6) witness, the Committee is now scheduled to take only a single deposition of PREPA and AAFAF—that of Mr. Batlle.[5]

12. The Committee made the conscious decision not to serve a deposition notice on Mr. Ortiz on July 5, 2019. The Committee made this decision because, at the time, it believed it would be able to obtain all the testimony it needed from other witnesses. Since July 5, circumstances have changed dramatically.

- In July and August, Mr. Ortiz made several public statements concerning the RSA and its relationship to the proposed transformation, as reported by Reorg Research. Among other things, he revealed that one of the bidders dropped out of the bidding process.[6] Another government representative, the executive director of the P3 Authority, subsequently disagreed

---

[5] The Committee has also sought to secure Christian Sobrino's deposition through a third-party subpoena, but he has not yet agreed to sit for a deposition.

[6] Ex. 2 (July 29, 2019 Reorg Research Alert titled "Ortiz Says 3 PREPA T&D Concession Proponents Remain Interested in Project; PREPA Rates to Decline This Quarter as Public Corporation Beats Fiscal Plan Targets").

5

with Mr. Ortiz's assertion, speculating that Mr. Ortiz must have made the statement based on his own unique knowledge.[7] Mr. Ortiz also separately stated that the selection of the winning bidder may be delayed due to uncertainty surrounding PREPA's requests for federal funding.[8]

- In mid-August, the Committee learned through documents produced in discovery that Mr. Ortiz had asked PREPA's advisors to supply him with information to determine whether the Transition Charge could be set off against (rather than be added to) PREPA's base rates.[9] This approach, if adopted by PREPA, would represent a sea change in the nature and effect of the Transition Charge, as articulated by the Government Parties in their past submissions to the Court.[10]

- On July 13, 2019, the Committee learned that Mr. Sobrino had resigned from his post. The Committee inquired repeatedly as to whether PREPA and AAFAF would be replacing Mr. Sobrino with a new declarant and as to who would be serving as PREPA's and AAFAF's Rule 30(b)(6) representatives. The Committee did not receive the answers to these questions until late August, when PREPA and AAFAF finally informed the Committee that they would not be replacing Mr. Sobrino with another declarant and that Mr. Batlle of Ankura would serve as both PREPA's and AAFAF's Rule 30(b)(6) representatives.

13. On August 16, 2019, the Committee served its deposition notice on Mr. Ortiz and promptly met and conferred with the Government Parties. On September 4, 2019, the Government Parties filed their motion for a protective order. On September 6, 2019, the

---

[7] Ex. 3 (Aug. 23, 2019 Reorg Research Alert titled "PREPA T&D Selection Now Targeted for December, Pushed Out From October").

[8] Ex. 4 (Aug. 13, 2019 Reorg Research Alert titled "PREPA Chief Says Delay in 9019 Motion Hearing, Uncertainty Over Total Reconstruction Funding for Grid May Push Back Selection of T&D Concession Winner").

[9] Ex. 5 (PREPA_RSA0026153) (Correspondence between Filsinger Energy Partners, PREPA's chief financial advisor, and Ortiz regarding PREPA's ability to "absorb the RSA under the base rates.").

[10] In their supplemental submission in support of the 9019 Motion, the Government Parties contended that the settlement will not impact non-settling creditors because it "only pays the Supporting Holders out of a special, new charge that is being created pursuant to the RSA to deal with PREPA bond debt." Supplemental Submission in Support of 9019 Motion [Dkt. No. 1425] ¶ 103. If PREPA instead pays the supporting bondholders by decreasing PREPA's base rates, as Mr. Ortiz appears to be contemplating, PREPA's other creditors will in fact be funding the settlement. Thus, the Government Parties' statement to the Court was incorrect.

Committee responded to the motion, and, on September 9, 2019, the Government Parties filed a reply brief. On September 16, 2019, the Magistrate Judge issued the Protective Order.

## ARGUMENT

14. Upon timely objections to a non-dispositive order issued by a magistrate judge, like the Protective Order, the Court must modify or set aside any part of the order that "is clearly erroneous or contrary to law." 28 U.S.C.A. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). A magistrate judge's rulings will be reviewed under the "contrary to law" standard when the issue "turns on a pure question of law." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). "This means that, for questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and review under Rule 72(b)'s de novo standard." *Id*. Mixed questions of law and fact trigger a sliding scale of review pursuant to which:

> [t]he more fact intensive the question, the more deferential the level of review (though never more deferential than the 'clear error' standard); the more law intensive the question, the less deferential the level of review.

*Goat Island S. Condo. Ass'n, Inc. v. IDC Clambakes, Inc. (In re IDC Clambakes, Inc.)*, 727 F.3d 58, 64 (1st Cir. 2013) (internal citation omitted).

15. For the reasons set forth below, the Magistrate Judge clearly erred as a matter of both fact and law in issuing the Protective Order. The Magistrate Judge's decision should be reversed.

    A.    <u>Deposition Notice Was Not Untimely</u>

16. The June 20 Scheduling Order specifically permitted deposition notices to be served after the July 5 deadline for good cause shown. The Committee demonstrated that good cause existed for serving its deposition notice on Jose Ortiz on August 16 based on the statements he made in the press, documents the Committee obtained in discovery, and the fact

7

that Christian Sobrino—PREPA and AAFAF's sole declarant in support of the 9019 Motion—is no longer testifying on their behalf. These developments all occurred recently and were all outside the Committee's control. The Committee served its deposition notice promptly upon learning of this new information, thus satisfying the June 20 Scheduling Order.

17. The Magistrate Judge observed that the Committee initially identified Mr. Ortiz as a relevant witness as early as June 2019 and therefore could have noticed his deposition by the July 5 deadline. While it is true that the Committee had identified Mr. Ortiz as a potentially relevant individual prior to July 5, the Committee chose not to notice his deposition at that time because the Committee (i) was unaware of the scope of his knowledge, (ii) was already planning to take the deposition of another PREPA and AAFAF official, Christian Sobrino, and (iii) sought to minimize burdens and expenses in the litigation. The unexpected developments that occurred after the July 5 deadline led the Committee to reevaluate its position. The Committee should not be penalized for having acted judiciously earlier in the litigation.

18. The Magistrate Judge also erroneously focused on the time that has elapsed since the July 5 deadline, rather than on the time remaining under the current litigation schedule. The date for the completion of depositions is presently October 15. Plenty of time thus remains for Mr. Ortiz's deposition to occur without delaying the litigation or imposing an undue burden on PREPA, AAFAF, or any other party. Only one other PREPA and AAFAF witness—their outside advisor, Mr. Batlle—is slated to testify. There is no practical reason why Mr. Ortiz's deposition cannot also go forward under the current schedule.[11]

---

[11] PREPA and AAFAF offered no specific reason why Mr. Ortiz could not take a few hours out of his schedule to prepare for and give his testimony. Unsupported assertions of burden are insufficient to obtain a protective order. *See Gen. Star Indem. Co. v. Platinum Indem. Ltd.*, 210 F.R.D. 80, 83 (S.D.N.Y. 2002) ("The fact that the witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery."). Nevertheless, to minimize any disruption to Mr. Ortiz's schedule, the Committee would be willing to limit the deposition to a half day.

B. Mr. Ortiz's Deposition Will Not Be Cumulative or Duplicative

19. The Magistrate Judge erred in finding that Mr. Ortiz's deposition would be unnecessarily cumulative and duplicative and/or should not go forward until the Committee has taken the depositions of other individuals. In moving to quash the deposition, the burden was on PREPA and AAFAF to establish "good cause" for the request, *i.e.*, that "justice requires [the Court] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Koninklijke Philips Elecs. N.V. v. ZOLL Medical Corp.*, 2013 WL 1833010, at *1 (D. Mass. Apr. 30, 2013). PREPA and AAFAF failed to satisfy this standard, because the information the Committee seeks to obtain from Mr. Ortiz is uniquely within his knowledge and cannot be obtained from other witnesses.

20. As discussed above, Mr. Ortiz has made several recent statements concerning the transformation process and its relationship to the RSA, including a statement that one of the four remaining bidders has elected to withdraw from the process. This statement is unique to Mr. Ortiz. Indeed, other government officials have contradicted his assertion, stating that no bidders have formally withdrawn from the process and noting that Mr. Ortiz must have drawn a different conclusion based on his own personal views and observations.[12] Thus, Mr. Ortiz is the only individual who can respond to questions on this topic.

21. The Committee also seeks to depose Mr. Ortiz regarding documents that have been produced in discovery, including documents indicating that Mr. Ortiz is exploring PREPA's ability to "absorb the RSA under base rates" (Ex. 5 (PREPA_RSA0026153)), rather than add it to the base rates, which is what the Government Parties told the Court would happen.[13] The

---

[12] Ex. 3 (Aug. 23, 2019 Reorg Research Alert).

[13] *See, e.g.*, Supplemental Submission in Support of 9019 Motion [Dkt. No. 1425] ¶ 103.

9

Committee has not seen similar documents in the files of other PREPA custodians or deponents. Mr. Ortiz is therefore the only person suited to answer the Committee's questions on this issue.

22. Finally, it cannot be overemphasized that no other PREPA or AAFAF official will be sitting for deposition. While PREPA and AAFAF have agreed to comply with the Committee's Rule 30(b)(6) deposition notices, their chosen deponent is an outside advisor, not an officer or decision-maker. The Committee is entitled to take the deposition of at least one individual in a key operational or decision-making role within PREPA or AAFAF. The Magistrate Judge should have permitted Mr. Ortiz's deposition for this reason alone.

C. <u>Mr. Ortiz's Likely Testimony is Relevant</u>

23. Although the Magistrate Judge did not opine on the relevance of the testimony that the Committee seeks to elicit from Mr. Ortiz, there can be no doubt that it is critical to the Committee's evaluation of the 9019 Motion. This is so regardless of how this Court ultimately rules on the Committee's pending objection to the Magistrate Judge's August 2 Order.

24. As discussed above, the Committee seeks to explore with Mr. Ortiz, among other things, the relationship between the RSA and the transformation process and the manner in which the Government Parties intend to pass the Transition Charge on to customers. These two issues are central to the 9019 Motion, as the Government Parties have repeatedly argued that the Court should approve the RSA because it will support the closing of the transformation and because the Transition Charge provides certainty for PREPA and its ratepayers. While the precise scope of the discovery that the Committee is entitled to receive on these issues may be subject to ongoing dispute, the Committee is at a minimum entitled to know whether the transformation process may be in jeopardy and/or whether statements the Government Parties have made concerning the Transition Charge are untrue.

25. The Committee also intends to question Mr. Ortiz about PREPA's process for evaluating and approving the RSA. These questions are undeniably relevant given that the Government Parties have explicitly asked the Court to defer to their business judgment in approving the RSA. *See, e.g.*, 9019 Motion ¶ 62. Mr. Ortiz, as PREPA's chief executive, is uniquely positioned to offer testimony on PREPA's behalf on these issues. The Committee cannot obtain the same testimony from any other witness, including Mr. Batlle, who is only an advisor to PREPA and AAFAF and not a decision maker.

## CONCLUSION

For all of these reasons, the Court should overturn the Magistrate Judges decision, vacate the protective order, and allow the deposition of Mr. Ortiz to proceed

Dated: September 30, 2019

/s/ Luc A. Despins             .
PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Tel: (212) 318-6000
lucdespins@paulhastings.com

Nicholas A. Bassett, Esq. (*Pro Hac Vice*)
875 15th Street, N.W.
Washington, D.C. 20005
Tel: (202) 551-1700
nicholasbassett@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors*

- and -

/s/ Juan J. Casillas Ayala
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434  Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors*