UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RECEIVED & FILED
2019 SEP 27 PM 5: 08
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*,

    Debtors.

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO SALES TAX FINANCING
CORPORATION (COFINA),

    Debtor.

PROMESA
Title III

No. 17 BK 3284-LTS

---------------------------------------------------------------x

[Related to #5166, #8717 and #8726 and Responding to #8742]

**RESPONSE AND OPPOSITION OF INDIVIDUAL COFINA BONDHOLDER TO
FOMB/COFINA MOTION TO STRIKE AMENDED NOTICE OF APPEAL**

September 23, 2019

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Blockel* v. *J.C. Penney Co.*,
 337 F.3d 17 (1st Cir. 2003) ........................................................................................... 2

*S.O.S., Inc.* v. *Payday, Inc.*,
 886 F.2d 1081 (9th Cir. 1989) ...................................................................................... 2

*Stuart* v. *United States*,
 23 F.3d 1483 (9th Cir. 1994) ........................................................................................ 2

**Statutes and Rules**

Fed.R.App.P.3(a)(1) ........................................................................................................ 2, 3

Fed.R.App.P.3(c) ............................................................................................................ 1, 2

Fed.R.App.P.3(c)(4) ............................................................................................................ 1

Fed.R.App.P.4 ................................................................................................................ 2, 3

## RESPONSE AND OPPOSITION TO MOTION TO STRIKE

There is simply no merit to FOMB/COFINA's motion (Docket#8742), which seeks to strike my previously filed supplemental and amended notice of appeal (Docket#8717 and #8726)[1].

***First***, FOMB/COFINA again attempts to invoke asserted lack of jurisdiction as a one-way street: FOMB/COFINA claims the court can act – but only if the court acts as FOMB/COFINA requests. But if there is a lack of jurisdiction (which is what FOMB/COFINA claims), then the court would be disabled from acting on FOMB/COFINA's motion too.[2]

***Second***, FOMB/COFINA leads off its "Argument" with the proposition that "whether to strike an improper filing is entrusted to the district court's sound discretion," relying upon the First Circuit decision in *Peaje* (COFINA Br. 4). But there the Court of Appeals was dealing with this court's striking of a reply brief. It is a big, illogical, leap to conclude that since this court may have discretion to strike a reply brief on a motion before it, this court (somehow) is empowered to strike a notice of appeal because the appellee is unhappy with the manner in which the appellant seeks appellate review. And, of course, the argument FOMB/COFINA leads off with – that whether to strike the notice of appeal is entrusted to this court's discretion (COFINA Br. 4) – is totally inconsistent with FOMB/COFINA's repeated position that this court has been divested of any jurisdiction.

***Third***, FOMB/COFINA does not dispute that the Supplemental and Amended Joint Notice of Appeal (#8717 and #8726) contains all of the information that Fed.R.App.P. 3(c) requires. In addition, FOMB/COFINA simply ignores the admonition of Fed.R.App.P. 3(c)(4) that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal." FOMB/COFINA also ignores the First Circuit's repeated admonitions that "the requirements of Rule 3(c) are to be construed liberally" and that "[n]oncompliance with 'mere technicalities' will not defeat appellate jurisdiction" "so long as the litigant's filing 'is the functional equivalent of

---

[1] Docket#8726 corrects #8717 simply to identify the docket number (#5166) and Court of Appeals Case No. (19-1182) of the original February 19, 2019 Joint Notice of Appeal.

[2] Since the Court's ruling in Docket #8694 is now on appeal pursuant to the notice of appeal I filed (Docket#8717 and #8726), I am not responding in this filing to the merits of FOMB/COFINA's argument on jurisdiction.

what the rule requires.'" *Blockel* v. *J.C. Penney Co.*, 337 F.3d 17, 23-24 (1st Cir. 2003). In any event, FOMB/COFINA does not explain why this court would have the authority to make the determination as to whether Fed.R.App.P. 3(c) has been complied with.

***Fourth***, FOMB/COFINA does not dispute that the "Supplement to Notice of Appeal" (beginning on page 8 of each of the filings in #8717 (page-8-of-10) and #8726 (page-8-of-12)) is timely-filed so as to effect an appeal of the orders docketed at #8694 and #7113. A number of the handful of the cases FOMB/COFINA relies upon involved situations where the supplemental or amended notice of appeal was being used as a vehicle to try to incorporate, into an already pending appeal, orders as to which the time to appeal had lapsed altogether (or as to which the time to appeal had lapsed for an additional party sought to be added to an existing appeal as an additional appellant). *E.g.*, *Smith* v. *Jenkins*; *Williams* v. *Vilsack*; *Rain Bird Corp.* v. *Salisbury*. (COFINA Br. 4). In *Smith* v. *Jenkins* – a case FOMB/COFINA repeatedly features (COFINA Br. 2, 4) – it appears the putative appellant had already missed deadlines, and the putative appellant was moving the district court for relief, seeking a second extension. The fact that a supplemental or amended notice of appeal cannot be used in bootstrap fashion to retroactively make timely an appeal from an order as to which the time to appeal had already lapsed has no bearing on the situation here, where the additional orders appealed from are timely appealed.

***Fifth***, there are reported courts of appeals decisions that allow the use of amended notices of appeal. *E.g.*, *Stuart* v. *United States*, 23 F.3d 1483, 1485 (9th Cir. 1994); *S.O.S., Inc.* v. *Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989). The fact these Courts of Appeals decisions allowed the use of supplemental or amended notices of appeal underscores that there is no "rule" that once one files a notice of appeal one can never amend it, even to add an appeal from a subsequent or additional order the appeal from which is timely. (Parenthetically, even in one of FOMB/COFINA's cases (*Foster*, COFINA Br. 4), where the appellant asked for relief in the district court first (seeking an extension of time in which to file an amended notice of appeal), the district court and court of appeals used the F.R.App.P. 12.1 process and the requested amended notice of appeal was ultimately allowed to be filed.)

***Sixth***, under Fed.R.App.P. 3(a)(1), a notice of appeal "may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." That is what I did. If

I had instead done what FOMB/COFINA recommends – ask the Court of Appeals for leave to amend (FOMB/COFINA Br. 4) there could be an issue of compliance with Rule 3, and no doubt FOMB/COFINA would have flipped its position and argued to the Court of Appeals that I should have filed with the district court clerk as per Rule 3(a).

*Seventh*, I recognize that FOMB/COFINA did find two not-published-in-the-Federal-Reporter opinions from courts of appeals outside the First Circuit that viewed the ability to file an amended notice of appeal under Rule 4(a)(4) as the "only" circumstance under which an amended notice of appeal could be filed. COFINA Br. 5 (*citing Gaskins* and *Pitrolo*). But there is no statement in Rule 4 that states that the Rule 4(a)(4) situation is the "only" circumstance under which a supplemental or amended notice of appeal can be filed. Rule 4(a)(4) does not use the word "only" and has no language prohibiting supplemental or amended notices of appeal in other situations.

*Eighth*, the court should be aware that to avoid any unnecessary procedural distractions in the Court of Appeals, on September 21, 2019, I sent to the district court clerk's office, for filing, a Restated Notice of Appeal, which I am filing without prejudice to, and without waiver of, my position that the Supplemental and Amended Joint Notice of Appeal (Docket#8717 and #8726) is effective to appeal from #8694 and #7113 and all prior orders encompassed therein.

Dated: September 23, 2019

                                       Respectfully Submitted,

                                       /s/ Peter C. Hein

                                       Peter C. Hein, Pro se
                                       101 Central Park West, Apt. 14E
                                       New York, NY 10023
                                       petercheinsr@gmail.com

## CERTIFICATE OF SERVICE

I have caused to be mailed a copy of "[Related to #5166, #8717 and #8726 and Responding to #8742] Response and Opposition of Individual COFINA Bondholder to FOMB/COFINA Motion to Strike Amended Notice of Appeal," by email to each of the parties or their attorneys on the attached service list pages.

Dated: September 23, 2019

*/s/ Peter C. Hein*

Peter C. Hein, Pro se

Proskauer Rose LLP
11 Times Square
New York, NY 10036

Attn: Martin J. Bienenstock, Esq. (mbienenstock@proskauer.com)
Brian Rosen, Esq (brosen@proskauer.com)
Stafford, Laura (lstafford@proskauer.com)

O'Neill & Borges LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

Attn: Hermann D. Bauer, Esq. (Hermann.Bauer@oneillborges.com)

O'Melveny & Myers LLP
Time Square Tower, 7 Times Square
New York, NY 10036

Attn: John J. Rapisardi, Esq., (Jrapisardi@omm.com)
Suzzanne Uhland, Esq., (suhland@omm.com)
Diana M. Perez, Esq. (dperez@omm.com)

Marini Pietrantoni Muniz, LLC
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, PR 00917

Attn: Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com)