UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER CLARIFYING EFFECT OF PRIOR ORDERS AND ESTABLISHING
NOTICE AND OBJECTION PROCESS REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION

Upon the *Motion of the Financial Oversight and Management Board for Puerto Rico, Acting Through Its Special Claims Committee, for Entry of an Order Clarifying Effect of Prior Orders and Establishing Notice and Objection Process Regarding Disclosure of Confidential Information* dated September 19, 2019 (Docket Entry No. 8728 in Case No. 17-3283, the "Motion"[2]) of the Financial Oversight and Management Board for Puerto Rico, acting

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

through the members of its Special Claims Committee, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, and Bankruptcy Rule 9018, made applicable to this proceeding by section 301(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2161(a); and the Court having jurisdiction of this matter under 28 U.S.C. § 1331, and under section 306(a)-(b) of PROMESA, 48 U.S.C. § 2166(a)-(b); and venue being proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the Motion constitutes a briefing of the type required by the Disclosure Order and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED and/or DETERMINED that:

1. The Motion is GRANTED as provided herein.

2. The litigation stay imposed by the Court's *Order Regarding Stay Period and Mandatory Mediation* (Docket Entry No. 8244 in Case No. 17-3283, the "Stay Order" issuing the "Stay") does not apply to the *Order Allowing Motions to Enforce* (Docket Entry No. 6967 in Case No. 17-3283, the "Confidentiality Order") except to the extent provided herein.

3. Neither (a) the filing by the SCC of any dismissal or amended complaint in any Challenged Bonds Avoidance Action, solely for the purpose of adding or dismissing defendants from such litigation, nor (b) the filing of an appearance by counsel to any party, shall be a termination, amendment, or violation of the Stay. Counsel for any defendant currently identified

by a pseudonym may file an appearance noting that the party has been identified by a pseudonym and stating the pseudonym provided for the party.[3]

    4.    The Stay **does** apply to the Disclosure Order to the extent provided as follows:

        a.    The SCC shall keep confidential the identities of all defendants to Challenged Bonds Avoidance Actions that are currently identified by pseudonym until further notice.

        b.    Not later than the date that is fourteen (14) days after the termination of the Stay as to any Challenged Bonds Avoidance Action in any substantive part, the SCC shall file a motion to unseal a redacted form of key document identifying all defendants that have been served with summonses and complaints.

        c.    Not later than twenty-one (21) days after the date set pursuant to the above paragraph 4(b), any defendant to such Challenged Bonds Avoidance Action that (i) has been served with the summons and complaint, (ii) has been identified by pseudonym pursuant to a key filed under seal, and (iii) desires that its identity remain sealed, shall file an objection to the SCC's motion, which objection shall not exceed 5 pages in length, showing cause for continued nondisclosure in light of the public right of access to judicial documents.

        d.    The Court will take all briefings and requests pursuant to this paragraph 4 on submission.

    5.    A copy of this Order shall be filed on the docket in each of the avoidance actions listed in the attached Exhibit A, and served by the SCC upon all defendants thereto.

    6.    This Order resolves Docket Entry No. 8728 in Case No. 17-03283, Docket Entry No. 29 in Adversary Proceeding No. 19-00281, Docket Entry No. 24 in Adversary Proceeding No. 19-00282, Docket Entry No. 24 in Adversary Proceeding No. 19-00283, Docket Entry No. 13 in Adversary Proceeding No. 19-00284, Docket Entry No. 20 in Adversary Proceeding No. 19-00285, Docket Entry No. 13 in Adversary Proceeding No. 19-00286, Docket Entry No. 11 in Adversary Proceeding No. 19-00287, Docket Entry No. 13 in Adversary Proceeding No. 19-

---

[3] To the extent any party or its counsel is unsure of the pseudonym allocated to the party by the Co-Plaintiffs, they are encouraged to contact counsel to the SCC.

00288, Docket Entry No. 13 in Adversary Proceeding No. 19-00355, Docket Entry No. 25 in Adversary Proceeding No. 19-00356, Docket Entry No. 26 in Adversary Proceeding No. 19-00357, Docket Entry No. 12 in Adversary Proceeding No. 19-00358, Docket Entry No. 11 in Adversary Proceeding No. 19-00359, and Docket Entry No. 20 in Adversary Proceeding No. 19-00361.

SO ORDERED.

Dated: October 1, 2019

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge