

2. In Re Ruiz Rivera, Mandamus Petition before the HUSSC docketed as 19-5203.

| ◌ 🔖 | Search documents in this case: | Search |
|---|---|---|

## No. 19-5203

| Title: | In Re Angel Ruiz-Rivera, Petitioner |
|---|---|
| Docketed: | July 17, 2019 |
| Lower Ct: | |

| DATE | PROCEEDINGS AND ORDERS |
|---|---|
| Jul 10 2019 | Petition for a writ of mandamus and motion for leave to proceed in forma pauperis filed. (Response due August 16, 2019) **Motion for Leave to Proceed in Forma Pauperis   Petition   Appendix   Proof of Service** |
| Aug 29 2019 | DISTRIBUTED for Conference of 10/1/2019. |

| NAME | ADDRESS | PHONE |
|---|---|---|
| **Attorneys for Petitioner** | | |
| **Angel Ruiz Rivera** | Ext. Villa Rica AA-27 Calle Santa Rita Bayamon, PR 00959 | (787) 779-9222 |
| Party name: Angel Ruiz-Rivera | | |

# U. S. SUPREME COURT OF THE UNITED STATES

## 19-5203

## IN RE ANGEL RUIZ RIVERA

### V.

## THE FEDERAL JUDGES OF THE U.S. COURT OF APPEALS FOR THE FIRST CIRCUIT

## FEDERAL JUDGE FRANCISCO BESOSA OF THE U.S. DISTRICT COURT FOR THE DISTRICT OF P.R.

## FEDERAL JUDGE LAURA TAYLOR SWINE OF THE SOUTHERN DISTRICT OF N.Y. ACTING IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF P.R. BY SPECIAL APPOINTMENT OF THE CHIEF JUSTICE OF THIS SUPREME COURT OF THE U.S. IN IN RE COMMONWEALTH OF P.R. 17-BK-03283-LTS

## THE JUDGES OF THE SUPREME TRIBUNAL OF P.R.

## PETITION FOR A WRIT OF MANDAMUS

**ANGEL RUIZ RIVERA**
**PRO SE AND IFP**
**Ext. Villa Rica AA-27**
**Calle Santa Rita**
**Bayamon, P.R. 00959.**
**787-779-9222**
angelruizrivera@gmail.com

**Solicitor General of the U.S.**
**Room 5616, Department of Justice,**
**950 Pennsylvania Ave., N. W.,**
**Washington, DC 20530-0001.**

FILED
JUL 10 2019
OFFICE OF THE CLERK
SUPREME COURT, U.S.

ORIGINAL

1

## QUESTION PRESENTED FOR REVIEW

**IS JOINT RESOLUTION 87-121 OF AUGUST 3, 1961 BY THE U.S. CONGRESS AND THE AMENDMENT TO THE CONSTITUTION OF P.R. APPROVED THEREIN AND RATIFIED BY 82 % OF THE PEOPLE OF P.R.IN A REFERENDUM INCLUDED AS SECTION 2 OF ARTICLE VI, THE APPLICABLE AND CONTROLLING LAWS GOVERNING THE ISSUANCE OF THE DEBT OF THE GOVERNMENT OF P.R.?**

**DO JUDGES HAVE THE AUTHORITY AND DISCRETION TO LOOK THE OTHER WAY AND TOTALLY IGNORE AND DENY THE EVIDENTLY OBVIOUS APPLICABILITY OF THIS FEDERAL LAW AND CONSTITUTIONAL AMENDMENT TO THE ISSUANCE OF THE DEBT OF THE GOVERNMENT OF P.R.?**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...............................................................................4

CITATIONS OF THE OFFICIAL AND UNOFFICIAL REPORTS OF THE
OPINIONS AND ORDERS ENTERED IN THE CASE BY COURTS....................5

CONCISE STATEMENT OF THE BASIS OF JURISDICTION OF THIS COURT...5

THE CONSTITUTIONAL PROVISIONS, TREATIES, STATUTES, ORDINANCES
AND REGULATIONS INVOLVED IN THE CASE.........................................5

CONCISE STATEMENT OF THE CASE.....................................................5

DIRECT AND CONCISE ARGUMENT AMPLIFYING THE REASONS RELIED ON
FOR ALLOWANCE OF THE WRIT...........................................................8

CONCLUSION....................................................................................9

APPENDIX A. 16-01037(FAB) AT THE U.S. DISTRICT COURT OF P.R.

APPENDIX B, 16-02374(FAB) AT THE U.S. DISTRICT COURT OF P.R.

APPENDIX C. 17-03283 (LTS) AT THE U.S. DISTRICT COURT OF P.R.

APPENDIX D. 16-2208 AT U.S. COURT OF APPEALS FOR THE FIRST CIRCUIT

APPENDIX E. 17-1337 AT U.S. COURT OF APPEALS FOR THE FIRST CIRCUIT

APPENDIX F. 17-1743 AT U.S. COURT OF APPEALS FOR THE FIRST CIRCUIT

APPENDIX G. MD-17-0005 AT SUPREME TRIBUNAL OF P.R.

# TABLE OF AUTHORITIES

## FEDERAL JURISPRUDENCE

<u>Kerr v. United States District Court</u>, 426 U.S. 394, (1976)................................5

<u>United States v. Winstar</u>, 518 U.S. 839 (1996)................................................9

## FEDERAL STATUTES

28 U.S.C. 1291.......................................................................................5

28 U.S.C. 1651.......................................................................................5

Joint Resolution 87-121 Aug.3, 1961.........................................................5

Puerto Rico Federal Relations Act of 1950 (Pub.L. 81–600).............................5

## FEDERAL RULES

Supreme Court Rule 20...........................................................................5

## CONSTITUTION OF PUERTO RICO

Section 2 Article VI Constitution Of Puerto Rico............................................6

CITATIONS OF THE OFFICIAL AND UNOFFICIAL REPORTS OF THE
OPINIONS AND ORDERS ENTERED IN THE CASE BY COURTS.

### SEE APPENDIX E

Honorable Supreme Court of the U.S.: (17-8486) (17-8487); (17-8480).

U.S. District Court of P.R.: [16-01037(FAB)], [16-02374(FAB)], [17-03283(LTS)].

U.S. Court of Appeals for the First Circuit: (16-2208), (17-1337), (17-1743).

Puerto Rican courts of First Instance: [KDP2015-1158(808-TPI-SJ)].

Appeals Tribunal: KLAN2016-00523(TA-SJ).

Supreme Tribunal of P.R.: MD-2016-0002; MD-2016-0003; MD-2017-0005.

## CONCISE STATEMENT OF THE BASIS OF JURISDICTION OF THIS COURT

29 U.S.C. 1291; 28 U.S.C. 1651; SUPREME COURT RULE
20; Kerr v. United States District Court, 426 U.S. 394, (1976).

The fait accompli that all the Respondents have looked the other way and
heretofore failed to judicially declare that Federal Law 87-121 of August 3,
1961 and Section 2 of Clause VI of the Constitution of P.R. are applicable,
binding and legally controlling over all the $73 billion dollars of the debt issued
by the Government of P.R.., and ergo, that the portion of same debt issued in
excess of the limits contained in the applicable Federal Law and the
Constitution of P.R. are void and null ab initio and as such they must be
accounted for and discounted from the net balance owed outstanding, are
exceptional circumstances that warrant the exercise of the Court's
discretionary powers.

Adequate relief cannot be obtained in any other form or from any other court.
See my timely motions to intervene and to request declaratory judgments in
the U.S. District Court for the District of P.R.,[16-01037-(FAB)], [16-02374-
(FAB)], [17-03283(LTS)]; my timely filed appeals before the U.S. Court of
Appeals for the First Circuit; (16-2208), (17-1337), (17-1743;) and my petitions
for certiorari before this own Honorable Supreme Court of the U.S., (17-8486)
(17-8487); (17-8480).

## THE CONSTITUTIONAL PROVISIONS, TREATIES, STATUTES, ORDINANCES AND REGULATIONS INVOLVED IN THE CASE

1. JOINT RESOLUTION 87-121 AUG.3, 1961
2. SECTION 2 ARTICLE VI CONSTITUTION OF P.R.

5

## CONCISE STATEMENT OF THE CASE

The Puerto Rico Federal Relations Act of 1950 (Pub. L. 81–600) was an Act of Congress of the 81st United States Congress signed by President Harry Truman in July 3, 1950. The act was enacted in order to enable the people of Puerto Rico to organize a local government pursuant to a constitution of their own, comparable to those of other territories and states of the United States. From its enactment until this day, the act has served as the organic law for the government of Puerto Rico and its relation with the United States as a whole.

The act was submitted for rejection or approval to the people of Puerto Rico in a referendum held in 1951 where it was approved by voters. As enacted by the act, such approval automatically authorized the Legislative Assembly of Puerto Rico to call for a constitutional convention in order to draft a constitution for Puerto Rico. Once assembled, this convention prepared a draft for a new constitution that was ultimately approved in a referendum held in March 3, 1952. That constitution was then ratified by the 82nd United States Congress with a few amendments. This amended constitution was then officially proclaimed on July 25, 1952, immediately going into effect until this very day.

On August 3, 1961, the U.S. Congress approved Joint Resolution 87-121 authorizing, approving, delegating and mandating upon the People of P.R, the amendment of section 3 of the Puerto Rico Federal Relations Act, "in lieu of the provisions of the Puerto Rican Federal Relations Act specified herein' limiting the debt-incurring capacity of the Commonwealth and of its municipalities."

Public Law 87-121 JOINT RESOLUTION August 3. 1961 To provide for amending section 3 of the Puerto Rican Federal Relations Act (64 Stat. 319), as amended (64 Stat. 458). Resolved by the Senate and House of Representatives of the United States of America in Congress assembled, That section 3 of the Puerto Rican Federal Relations Act (64 Stat. 319), as amended (64 Stat. 458), Act, amendment, is amended by deleting therefrom the following language: ""Provided, however, That no public indebtedness of Puerto Rico and the municipalities of San Juan, Ponce, Arecibo, Rio Piedras, and Mayaguez shall be allowed in excess of 10 per centum of the aggregate tax valuation of its property, and no public indebtedness of any other subdivision or municipality of Puerto Rico shall hereafter be allowed in excess of 5 per centum of the aggregate tax valuation of the property in any such subdivision or municipality," and "In computing the indebtedness of the people of Puerto Rico, municipal bonds for the payment of interest and principal of which the good faith of the people of Puerto Rico has heretofore been pledged and bonds issued by the people of Puerto Rico secured by bonds to an equivalent amount of bonds of municipal corporations or school boards of Puerto Rico shall not be counted but all bonds hereafter issued by any municipality or subdivision within the 5 per centum hereby authorized for which the good faith of the people of Puerto Rico is pledged shall be counted."

6

SEC. 2. Section 1 of this Act shall take effect upon a majority of the qualified electors of Puerto Rico having voted in a referendum pursuant to section 1 of article VII of the constitution of the Commonwealth of Puerto Rico, to include provisions in the Commonwealth constitution, in lieu of the provisions of section 3 of the Puerto Rican Federal Relations Act specified herein, limiting the debt-incurring capacity of the Commonwealth and of its municipalities (as proposed in the concurrent resolution of the legislative assembly of the Commonwealth). Approved August 3, 1961.

On September 29, 1961 the Legislature of P.R. approved a law authorizing the referendum mentioned in the above cited Federal Law and same took place on December 10, 1961 with about 82 % of the voters in favor.

As a result of this December 10, 1961 referendum,  the following section two (2) of Article VI of the Constitution of P.R. amended the 1952 Constitution by way and as a result of the previous Federal Law cited.

*Article VI. General Dispositions*

*Section 2. Power to impose contributions (taxes); to contract debts.*
"... but no direct obligation of the Free Associated State of Puerto Rico for money borrowed directly by the Free Associated State of Puerto Rico evidenced through bonds or promissory notes for which obligations the good faith and credit and the power to impose contributions of the Free Associated State were committed shall be issued by the Free Associated State of Puerto Rico if the total of (i) the amount for the concept of the principal and interests over those bonds and promissory notes over the totality of those bonds and promissory notes, until then issued by the Free Associated State and in circulation, payable in any fiscal year immediately preceding the current fiscal year and (ii) whatever amounts paid by the Free Associated State for the fiscal year immediately preceding the current for the concept of principal and interests corresponding to whatever obligations evidenced by bonds and promissory notes guaranteed by the Free Associated State, exceed 15% of the average of the total amount of the annual collections ("rentas") obtained in accordance to the dispositions of the laws of the Free Associated State as income in the Treasure of Puerto Rico during the two years immediately preceding the current fiscal year;..."

As a result of the above legal background, all the debt issued ultra vires, or in excess of the limits prescribed in the Constitution of P.R. by way of federal law 87-121 of August 3, 1961 is a fortiori and ab initio, null and void and ergo it must be legally be declared and ruled as such by any and all  competent courts of law considering and evaluating this issue of law.

7

Heretofore all the judges that have had this legal issue before their supposed consideration and evaluation have looked the other way and as its concomitant have failed to comply with their ethical, fiduciary and ministerial duties, by reiteratedly failing to apply the above cited evidently obvious applicable Federal law and Constitutional amendment to the debt of the Government of P.R., in all its impending related litigation reason why this Mandamus Petition is legally ripe and indispensable since time is of the essence.

This Petitioner was born and raised in P.R., and consequentially as a result of the Jones Act of 1917 of the U.S. Congress; is a U.S. Citizen, of legal age, and resident of Bayamon, P.R.. As resident of P.R., this Petitioner has been negatively affected by the unconstitutional and illegal ultra vires debt issued by the Defendants as timely denounced in my timely filed civil action in the Puerto Rican courts [KDP2015 1158(808-TPI-SJ); KLAN2016-00523(TA-SJ); MD-2016-0002(TSPR); MD-2016-0003 (TSPR); MD-2017-0005(TSPR)]; my timely filed motions to intervene and to request declaratory judgments in the U.S. District Court for the District of P.R.,[16-01037-(FAB)], [16-02374-(FAB)], [17-03283(LTS)]; my timely filed appeals before the U.S. Court of Appeals for the First Circuit; (16-2208), (17-1337), (17-1743;) and my petitions for certiorari before this own U.S Supreme Court, (17-8486) (17-8487); (17-8480); since I have been paying as the rest of all the millions of people living in this archipelago, 11.5% of everything we buy, for the repayment of a debt that was issued against the Federal Law and the Constitution cited above. Some pre-negotiations with creditors have been made upon the proposition that this rate may go up to 20% for the next 40 years which in addition to the cuts in pensions and other hard fought and gained benefits from our seniors will leave us all in poverty and in most cases in a barely surviving mode, all due the lack of application of the above cited Federal law and Constitutional amendment to the debt of the Puerto Rican government as it should have and must inescapably be done.

Heretofore all the Respondents in the instant Mandamus Petition have looked the other way and ergo, failed to recognize that the above cited Federal Law and Constitutional amendment to the Constitution of P.R. are the applicable and controlling laws that should and must be applied to the debt of the Puerto Rican government since its enactment and inception in 1961 their express, explicit and specific purpose was to limit "the debt incurring capacity of the Commonwealth...".

There are not any possible much less plausible reasons neither in law nor reason or logic for all the Respondents here to have looked the other way and denied that the above cited Federal Law and Constitutional Amendment are applicable and controlling over the issuance of the debt of the Government of P.R.. In unmistakable terms both as to letter and spirit the U.S. Congress preauthorized the People of P.R. through our legislature, to vote in a referendum to approve having the above cited amendment to our Constitution amend section 3 of the Federal Relations Act ("in lieu of the provisions of section 3 of the Puerto Rican Federal Relations Act specified herein, limiting the debt-incurring capacity of the Commonwealth.)

8

All the Respondents here, have the ethical, fiduciary and ministerial duty to apply this Federal law and Constitutional Amendment to the issuance of the debt of the Government of P.R. under litigation unless a majority of this Supreme Court were to declare both legally invalid nunc pro tunc to 1961 which is a forensic improbability since such an scenario would obliterate the full faith and credit of the Great U.S. of A. and its Congress.

## DIRECT AND CONCISE ARGUMENT AMPLIFYING THE REASONS RELIED ON FOR ALLOWANCE OF THE WRIT.

This writ of mandamus should issue inasmuch the record proves that I have exhausted all legal avenues and I cannot get the remedy I need, want and deserve just as the millions of People living in the archipelago of P.R, of not been charged and having to pay at least a portion of a debt where all the ones who approved of same knew or should had known that it violated the Federal Law and Constitutional Amendment above cited.

Heretofore, incredibly enough, all the Respondents have given more legal weight ergo muster, to a legal opinion by a local Secretary of Justice in the early 1970's than to the above cited Federal Law and Constitutional Amendment. Incidentally, the wife of that Secretary of Justice is one of the local Supreme Tribunal judges Respondents here who ruled against applying the evidently obvious applicable and controlling Federal Law and Constitutional Amendment object of this Mandamus Petition ruling that her husband's legal opinion is what is applicable and controlling here.

Many judicial resources have been spent and many more are to be spent in one of the most complex litigations of all time and a lot of effort, money and unreasonable expectations can be saved if this Honorable Supreme Court acts now. Past history experience proves that waiting until the end to correct the course of this litigation will be more costly. See <u>United States v. Winstar</u>, 518 U.S. 839 (1996). <u>EM Ltd. and NML, Ltd. v. Banco Central De La Republica Argentina, Republica Argentina</u>, 13-3819, 2nd. Cir. 2015.

The millions of inhabitants of Puerto Rico and thousands of tens of billions of dollars creditors of the debt of the Government of P.R. are awaiting for your decision.

## CONCLUSION

"By ensuring that no one in government has too much power, the Constitution helps protect ordinary Americans every day against abuse of power by those in authority". John Roberts.

9

For the foregoing reasons, I Pray that this Petition is granted and that consequentially this Honorable Supreme Court of the U.S. orders all the Respondents here to comply with their ethical, fiduciary and ministerial duties and judicially declare that Federal Law 87-121 of August 3, 1961 and Section 2 of Clause VI of the Constitution of P.R. are applicable, binding and legally controlling over all the debt issued by the Government of P.R.., and ergo, that the portion of same debt issued in excess of the limits contained in the applicable Federal Law and the Constitution of P.R. is void and null ab initio and as such it must be accounted for and discounted from the net balance of the outstanding debt owed.

Respectfully submitted, today July 9, 2019.

Angel Ruiz Rivera
Pro Se and IFP
Ext. Villa Rica AA-27
Calle Santa Rita
Bayamon, P.R. 00959.
787-779-9222
angelruizrivera@gmail.com

CERTIFICATE OF SERVICE

28 U. S. C. § 2403(a) may apply and consequentially this Petition shall be served on the Solicitor General of the United States, Room 5616, Department of Justice, 950 Pennsylvania Ave., N. W., Washington, DC 20530-0001. Proof of Service will be attached.

All the lawyers of all the parties to all the controversies below will be served through their emails. See enclosed Proof of Service form with attachments.

10

# APPENDIX A. 16-01037(FAB) AT THE U.S. DISTRICT COURT OF P.R.

CM/ECF LIVE - U.S. District Court for the District of Puerto Rico

Case: 17-03293-LTS    Doc#:8798-1    Filed:10/01/19    Entered:10/01/19 16:07:36    Page 1 of 2
Appendix    Page 15 of 68    16-1657 (PKB)

| 12/05/2016 | 68 | Supplemental Record on Appeal transmitted to US Court of Appeals Re 55 Notice of Interlocutory Appeal filed by Angel Ruiz-Rivera [Docket Entry 67] (xi) (Entered: 12/05/2016) |
| 12/02/2016 | 67 | ORDER re 66 Motion for Leave to Appeal in forma pauperis: DENIED. Mr. Ruiz-Rivera's motion to intervene is completely frivolous and he failed to comply with Fed.R.Civ.P. 24(c). Signed by Judge Francisco A. Besosa on 12/02/2016. (brc) (Entered: 12/02/2016) |
| 12/02/2016 | 66 | MOTION for Leave to Appeal in Forma Pauperis w/Affidavit in support filed by Angel Ruiz-Rivera, pro se. (Attachments: **Restricted** # 1 Affidavit w/envelope) (xi) Modified on 12/2/2016 to add restriction (xi). (Entered: 12/02/2016) |
| 12/02/2016 | 65 | Certified Copy of Order from USCCA as to Angel Ruiz-Rivera re: 55 Notice of Interlocutory Appeal; Appellant's motion for leave to proceed in forma pauperis and supporting financial affidavit are transmitted to the district court for action in the first instance. Copies of the district court's ruling shall be forwarded to this court. The district court, if it denies the motion, is requested to state its reasons in writing. (xi) (Entered: 12/02/2016) |
| 10/28/2016 | 64 | OBJECTION filed by All Plaintiffs Re: 59 Notice (Other) filed by Cesar A. Miranda-Rodriguez, Alejandro Garcia-Padilla, Juan C. Zaragoza-Gomez, Victor A. Suarez-Melendez, Luis F. Cruz-Batista filed by All Plaintiffs. (Burgos-Perez, Heriberto) (Entered: 10/28/2016) |
| 10/17/2016 | 63 | ORDER re 62 Motion for Joinder. Joinder is GRANTED. Signed by Judge Francisco A. Besosa on 10/17/2016. (brc) (Entered: 10/17/2016) |
| 10/17/2016 | 62 | MOTION for Joinder "Notice of Automatic Stay" filed by Ivonne Cruz-Serrano on behalf of Ingrid Rivera-Rocafort Suggestions in opposition/response due by 11/3/2016 (Cruz-Serrano, Ivonne) (Entered: 10/17/2016) |
| 10/17/2016 | 61 | ORDER re 60 Motion for Joinder: Joinder is GRANTED. Signed by Judge Francisco A. Besosa on 10/17/2016. (brc) (Entered: 10/17/2016) |
| 10/17/2016 | 60 | MOTION for Joinder Re: 59 Notice (Other) filed by Alejandro Garcia-Padilla, Juan C. Zaragoza-Gomez, Victor A. Suarez-Melendez, Luis F. Cruz-Batista filed by Giselle Lopez-Soler on behalf of Alberto Baco-Bague Suggestions in opposition/response due by 11/3/2016 (Related document(s) 59 ) (Lopez-Soler, Giselle) Modified on 10/18/2016 to correct filer(ab). (Entered: 10/17/2016) |
| 10/14/2016 | 59 | NOTICE of Automatic Stay by Luis F. Cruz-Batista, Alejandro Garcia-Padilla, Victor A. Suarez-Melendez, Juan C. Zaragoza-Gomez, Cesar A. Miranda-Rodriguez (Ramirez-Coll, Jose) Modified on 10/17/2016 to add filer (ab). (Entered: 10/14/2016) |
| 10/04/2016 | 58 | OPINION AND ORDER re 25 Motion to Dismiss for Lack of Jurisdiction; and re 30 Motion to Dismiss for Lack of Jurisdiction: DENIED. Signed by Judge Francisco A. Besosa on 10/04/2016. (brc) (Entered: 10/04/2016) |
| 09/26/2016 | | USCA Case Number 16-2208 for 55 Notice of Interlocutory Appeal filed by Angel Ruiz-Rivera. (xi) (Entered: 09/26/2016) |
| | | |

| 09/26/2016 | 57 | Certified and Transmitted Record on Appeal to US Court of Appeals re 55 Notice of Interlocutory Appeal [Docket Entries 53 & 55] (xi) (Entered: 09/26/2016) |
|---|---|---|
| 09/13/2016 | 56 | ORDER re 55 Motion to Clarify. Clarification DENIED. The order is crystal clear. Signed by Judge Francisco A. Besosa on 09/13/2016. (brc) (Entered: 09/13/2016) |
| 09/12/2016 | | ***SEE IMAGE ON D.E. 55 *** NOTICE OF INTERLOCUTORY APPEAL re: 53 Order, by Angel Ruiz-Rivera, pro se. (Filing fee $ Pending.) (ab) (Entered: 09/14/2016) |
| 09/12/2016 | 55 | MOTION to Clarify Order or in the Alternative Notice of Appeal filed by Angel Ruiz-Rivera, pro se. (ab) (Entered: 09/13/2016) |
| 09/06/2016 | 54 | ORDER re 49 Motion to Appoint Counsel : MOOT. The motion to intervene has been denied. Signed by Judge Francisco A. Besosa on 9/6/2016. (grf) (Entered: 09/06/2016) |
| 09/06/2016 | 53 | ORDER re 51 Motion to Intervene: DENIED. Signed by Judge Francisco A. Besosa on 9/6/2016. (grf) (Entered: 09/06/2016) |
| 09/06/2016 | 52 | ORDER re 48 Motion for Leave to Proceed in forma pauperis: MOOT. The motion to intervene has been denied. Signed by Judge Francisco A. Besosa on 9/6/2016. (grf) (Entered: 09/06/2016) |
| 09/01/2016 | 51 | MOTION to Intervene, MOTION for Declaratory Judgment filed by Angel Ruiz-Rivera, pro se. (Attachments: # 1 Exhibit)(ab) (Entered: 09/02/2016) |
| 09/01/2016 | 50 | ***SELECTED PARTIES***FINANCIAL AFFIDAVIT by Angel Ruiz-Rivera. (Attachments: # 1 Exhibit, # 2 Exhibit) (ab) (Entered: 09/02/2016) |

# APPENDIX B, 16-02374(FAB) AT THE U.S. DISTRICT COURT OF P.R.

16-02774 (FAB)

| 03/03/2017 | 192 | ORDER re 189 Motion for Leave to Proceed in forma pauperis: GRANTED. Signed by Judge Francisco A. Besosa on 03/03/2017. (brc) (Entered: 03/03/2017) |
| 03/03/2017 | 191 | ORDER re 188 Motion to Intervene and Motion for Declaratory Judgment: DENIED without prejudice for failure to comply with Federal Rule of Civil Procedure 24(c). Even if the complaint filed in the Court of First Instance would be considered as compliance with Local Rule 24(c), the motion would be denied without prejudice for failure to comply with 48 U.S.C. § 864, which requires that all pleadings filed in this Court be in English. Signed by Judge Francisco A. Besosa on 03/03/2017. (brc) (Entered: 03/03/2017) |
| 03/02/2017 | 190 | MOTION to Appoint Counsel filed by Angel Ruiz-Rivera, pro se. Responses due by 3/16/2017. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Affidavit)(ab) (Entered: 03/03/2017) |
| 03/02/2017 | 189 | MOTION for Leave to Proceed in forma pauperis filed by Angel Ruiz-Rivera, pro se. Responses due by 3/16/2017. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 *Restricted* Affidavit)(ab) (Entered: 03/03/2017) |
| 03/02/2017 | 188 | MOTION to Intervene, MOTION for Declaratory Judgment filed by Angel Ruiz-Rivera, pro se. Responses due by 3/16/2017. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit)(ab) (Entered: 03/03/2017) |

# APPENDIX C. 17-03283 (LTS) AT THE U.S. DISTRICT COURT OF P.R.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

          Debtors.[1]

-----------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER DENYING (I) MOTION TO PROCEED IN FORMA PAUPERIS; (II) MOTION TO INTERVENE AND
REQUESTING DECLARATORY JUDGMENT; AND (III) MOTION FOR DISQUALIFICATION OF VARIOUS
MEMBERS OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD

On June 13, 2017, Angel Ruiz Rivera (the "Movant"), filed a (i) *Motion to Proceed in
Forma Pauperis* (the "IFP Motion"), (ii) *Motion to Intervene and Requesting Declaratory
Judgment* (the "Motion to Intervene"), and (iii) *Motion for Disqualification of Various Members
of the Financial Oversight and Management Board* (the "Disqualification Motion"). (Docket
Entry Nos. 320, 321 and 322.)

The Financial Oversight and Management Board for Puerto Rico (the "Board") was
established pursuant to the Puerto Rico Oversight, Management, and Economic Stability Act
("PROMESA"). On May 3, 2017, the Board, as representative of the Commonwealth,
commenced the above-captioned Title III proceeding (the "Title III Proceeding"). Case No. 17-
BK-3283-LTS, Docket Entry No. 1 (D.P.R. May 3, 2017).

Title I of PROMESA provides that only the President of the United States may remove a
member of the Board for cause. *See* 48 U.S.C. § 101(e)(5)(B). As such, the Court does not have
the statutory authority to remove any members of the Board. The Disqualification Motion is
denied for failure to state a claim for which relief can be granted.

With respect to the Motion to Intervene, Movant has not identified a pending Title III

--------

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case
number listed as a bankruptcy case number due to software limitations and the last four (4) digits
of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of
Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481);
and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK
3284) (Last Four Digits of Federal Tax ID: 8474).

Proceeding in which he seeks to intervene. Therefore, the Motion to Intervene is denied for failure to state a claim upon which relief can be granted.

28 U.S.C. § 1915(e)(2)(B)(ii) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that — the action . . . fails to state a claim for which relief may be granted . . . ." As explained above, the Disqualification Motion and the Motion to Intervene each fail to state a claim for which relief can be granted. As such, the IFP Motion is denied as moot.

This Order resolves docket entry nos. 320, 321 and 322.

SO ORDERED.

Dated: June 16, 2017

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

                  Debtors. [1]

------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## ORDER DENYING URGENT SECOND MOTION REQUESTING DECLARATORY RELIEF

        The Court has received and reviewed the *Urgent Second Motion Requesting Declaratory Relief* (Docket Entry No. 4776, the "Motion"), filed by Angel Ruiz Rivera ("Movant"). The Motion requests a declaratory judgment that "all the debt incurred into by the officers of the Government of P.R., above the limits prescribed in the 1961 amendment to the Constitution of P.R., as pre-approved, pre-authorized and pre-legislated by the U.S. Congress is null and void ab initio . . . ."

        The Court has reviewed the Motion and, mindful that it was filed pro se, affords it a liberal interpretation. However, the Motion is denied for the reasons provided herein.

        First, Movant has not demonstrated standing to seek the relief sought in the Motion. Section 1109(b) of the Bankruptcy Code , made applicable to the above-captioned Title III cases (the "Title III Cases") by Section 301(a) of PROMESA, 48 U.S.C. § 2161(a), provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C.

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

§ 1109(b). "Therefore, a person or entity that does not have a legal or financial stake in the case is generally excluded from the definition of 'party in interest.'" In re Horned Dorset Primavera, Inc., No. 15-03837 (ESL), 2018 WL 3629952, at *7 (Bankr. D.P.R. July 27, 2018). Here, Movant has not pleaded facts regarding a legal or financial stake in the Title III Cases that would demonstrate that he is a "party in interest" within the meaning of section 1109(b).

Second, to the extent that the Motion may be construed as a motion to intervene, it is denied because Movant has not identified any pending contested matter or adversary proceeding in the Title III Cases in which he seeks to intervene nor alleged that he has any interest that may be affected by the disposition of any matter in these Title III Cases. The Court has previously advised Movant that a request for intervention that neglects to identify a pending proceeding in which he seeks to intervene fails to state a claim upon which relief may be granted. (*Order Denying (I) Motion to Proceed in Forma Pauperis; (II) Motion to Intervene and Requesting Declaratory Judgment; and (III) Motion for Disqualification of Various Members of the Financial Oversight and Management Board*, June 16, 2017, Docket Entry No. 354.)

This Order resolves Docket Entry No. 4776.

SO ORDERED.

Dated: February 6, 2019

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

# APPENDIX D. 16-2208 AT U.S. COURT OF APPEALS FOR THE FIRST CIRCUIT

# United States Court of Appeals
## For the First Circuit

No. 16-2208

ASSURED GUARANTY CORPORATION; ASSURED GUARANTY MUNICIPAL CORPORATION; AMBAC ASSURANCE CORPORATION,

Plaintiffs, Appellees,

v.

ALEJANDRO GARCIA-PADILLA; JUAN C. ZARAGOZA-GOMEZ; INGRID RIVERA-ROCAFORT; MELBA ACOSTO-FEBO; ALBERTO BACO BAGUE; LUIS F. CRUZ-BATISTA; VICTOR A. SUAREZ-MELENDEZ; CESAR A. MIRANDA-RODRIGUEZ; JUAN ANTONIO FLORES-GALARZA; JOHN DOES 1-40,

Defendants, Appellees.

- - - - - - - - - - - - - - - -

ANGEL RUIZ-RIVERA,

Interested Party, Appellant.

### ORDER OF COURT

Entered: June 21, 2017

In light of the Commonwealth of Puerto Rico's petition for the adjustment of its debts under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA), filed in the United States District Court for the District of Puerto Rico on May 3, 2017; the bankruptcy stay provisions incorporated by Section 301(a) of PROMESA, 48 U.S.C. § 2161(a); and the appellee's notice of automatic stay of proceedings, this appeal is stayed.

The parties are directed to file status reports by **July 31, 2017**, and at 90-day intervals thereafter, informing this court as to the status of the debt-adjustment proceeding. Any suggestion that the automatic stay does not apply to this appeal should be filed by July 31, 2017.

By the Court:

/s/ Margaret Carter, Clerk

# APPENDIX E. 17-1337 AT U.S. COURT OF APPEALS FOR THE FIRST CIRCUIT

# United States Court of Appeals
## For the First Circuit

No. 17-1337

LEX CLAIMS, LLC; JACANA HOLDINGS I, LLC; JACANA HOLDINGS II, LLC;
JACANA HOLDINGS III, LLC; JACANA HOLDINGS IV, LLC; JACANA HOLDINGS V,
LLC; MPR INVESTORS, LLC; ROLSG, LLC; RRW I LLC; SL PUERTO RICO FUND II,
L.P.

Plaintiffs - Appellees

v.

ANGEL RUIZ-RIVERA

Movant - Appellant

FINANCIAL OVERSIGHT AND MANAGEMENT BOARD; ALEJANDRO GARCIA
PADILLA; JUAN C. ZARAGOZA-GOMEZ; LUIS G. CRUZ-BATISTA; THE PUERTO
RICO SALES TAX FINANCING CORPORATION, a/k/a COFINA; JUAN VAQUER; BANK
OF NEW YORK MELLON CORP.; THE COMMONWEALTH OF PUERTO RICO; JOSE F.
RODRIGUEZ; CYRUS CAPITAL PARTNERS, L.P.; DECAGON HOLDINGS 2, LLC;
DECAGON HOLDINGS 1, LLC; DECAGON HOLDINGS 3, LLC; DECAGON HOLDINGS
4, LLC; DECAGON HOLDINGS 5, LLC; DECAGON HOLDINGS 6, LLC; DECAGON
HOLDINGS 7, LLC; DECAGON HOLDINGS 8, LLC; DECAGON HOLDINGS 9, LLC;
DECAGON HOLDINGS 10, LLC; GOLDENTREE ASSET MANAGEMENT LP; MERCED
CAPITAL, LP; OLD BELLOWS PARTNERS LLP; SCOGGIN MANAGEMENT LP;
TILDEN PARK CAPITAL MANAGEMENT LP; WHITEBOX ADVISORS LLC; VARDE
CREDIT PARTNERS MASTER, LP; VARDE INVESTMENT PARTNERS, LP; VARDE
INVESTMENT PARTNERS (OFFSHORE) MASTER, LP; THE VARDE SKYWAY
MASTER FUND, LP; PUERTO RICO AAA PORTFOLIO BOND FUND, INC.; PUERTO
RICO AAA PORTFOLIO BOND FUND, INC.; PUERTO RICO AAA PORTFOLIO TARGET
MATURITY FUND, INC.; PUERTO RICO FIXED INCOME FUND, INC.; PUERTO RICO
FIXED INCOME FUND IV, INC.; PUERTO RICO FIXED INCOME FUND V, INC.;
PUERTO RICO FIXED FUND VI, INC.; PUERTO RICO GNMA AND U.S. GOVERNMENT
TARGET MATURITY FUND, INC.; PUERTO RICO INVESTORS BOND FUND I, INC.;
PUERTO RICO INVESTORS TAX-FREE FUND, INC.; PUERTO RICO INVESTORS TAX-
FREE FUND II, INC.; PUERTO RICO INVESTORS TAX-FREE FUND III, INC.; PUERTO
RICO INVESTORS TAX-FREE FUND IV, INC.; PUERTO RICO INVESTORS TAX-FREE
FUND V, INC.; PUERTO RICO INVESTORS TAX-FREE FUND VI, INC.; PUERTO RICO
MORTGAGE-BACKED & U.S. GOVERNMENT SECURITIES FUND, INC.; TAX-FREE
PUERTO RICO FUND, INC.; TAX-FREE PUERTO RICO FUND II, INC.; TAX-FREE
PUERTO RICO TARGET MATURITY FUND, INC.; UBS IRA SELECT GROWTH &
INCOME PUERTO RICO FUND; PUERTO RICO FIXED INCOME FUND II, INC.;

PUERTO RICO FIXED INCOME FUND III, INC.; OPPENHEIMER ROCHESTER LIMITED TERM CALIFORNIA MUNICIPAL FUND; OPPENHEIMER ROCHESTER AMT-FREE NEW YORK MUNICIPAL FUND; OPPENHEIMER ROCHESTER ARIZONA MUNICIPAL FUND; OPPENHEIMER ROCHESTER CALIFORNIA MUNICIPAL FUND; OPPENHEIMER ROCHESTER FUND MUNICIPALS; OPPENHEIMER ROCHESTER LIMITED TERM MUNICIPAL FUND; OPPENHEIMER ROCHESTER LIMITED TERM NEW YORK MUNICIPAL FUND; OPPENHEIMER ROCHESTER MARYLAND MUNICIPAL FUND; OPPENHEIMER ROCHESTER AMT-FREE MUNICIPAL FUND; OPPENHEIMER ROCHESTER MASSACHUSETTS MUNICIPAL FUND; OPPENHEIMER ROCHESTER MICHIGAN MUNICIPAL FUND; OPPENHEIMER ROCHESTER MINNESOTA MUNICIPAL FUND; OPPENHEIMER ROCHESTER NORTH CAROLINA MUNICIPAL FUND; OPPENHEIMER ROCHESTER OHIO MUNICIPAL FUND; OPPENHEIMER ROCHESTER VIRGINIA MUNICIPAL FUND; OPPENHEIMER ROCHESTER HIGH YIELD MUNICIPAL FUND; OPPENHEIMER NEW JERSEY MUNICIPAL FUND; OPPENHEIMER ROCHESTER NEW JERSEY MUNICIPAL FUND; FRANKLIN CALIFORNIA TAX-FREE TRUST; FRANKLIN TAX-FREE TRUST; FRANKLIN MUNICIPAL SECURITIES TRUST; FRANKLIN CALIFORNIA TAX-FREE INCOME FUND; FRANKLIN NEW YORK TAX-FREE INCOME FUND; FIRST PUERTO RICO TAX-EXEMPT TARGET MATURITY FUND II, INC.; FIRST PUERTO RICO TAX-EXEMPT TARGET MATURITY FUND III, INC.; FIRST PUERTO RICO TAX-EXEMPT TARGET MATURITY FUND IV, INC.; FIRST PUERTO RICO TAX-EXEMPT TARGET MATURITY FUND V, INC.; FIRST PUERTO RICO TAX-EXEMPT TARGET MATURITY FUND VII, INC.; FIRST PUERTO RICO TARGET MATURITY INCOME OPPORTUNITIES FUND I, INC.; FIRST PUERTO RICO TARGET MATURITY INCOME OPPORTUNITIES FUND II, INC.; FIRST PUERTO RICO TAX ADVANTAGED TARGET MATURITY FUND I, INC.; FIRST PUERTO RICO TAX ADVANTAGED TARGET MATURITY FUND II, INC.; FIRST PUERTO RICO AAA TARGET MATURITY FUND I, INC.; FIRST PUERTO RICO AAA TARGET MATURITY FUND II, INC.; FIRST PUERTO RICO TAX-EXEMPT FUND, INC.; FIRST PUERTO RICO TAX-EXEMPT FUND II, INC.; AMBAC ASSURANCE CORPORATION

Defendants

---

## APPELLANT'S BRIEFING NOTICE

Issued: May 17, 2017

The record on appeal now being complete with the filing of the transcripts, or Transcript Report Form, appellant's brief must be filed by **June 26, 2017**. Unless appellant is pro se and proceeding in forma pauperis, an appendix must also be filed by **June 26, 2017**.

# United States Court of Appeals
## For the First Circuit

No. 17-1337

LEX CLAIMS, LLC; JACANA HOLDINGS I, LLC; JACANA HOLDINGS II, LLC; JACANA
HOLDINGS III, LLC; JACANA HOLDINGS IV, LLC; JACANA HOLDINGS V, LLC; MPR
INVESTORS, LLC; ROLSG, LLC; RRW I LLC; SL PUERTO RICO FUND II, L.P.

Plaintiffs - Appellees

v.

ANGEL RUIZ-RIVERA

Movant - Appellant

FINANCIAL OVERSIGHT AND MANAGEMENT BOARD; ALEJANDRO GARCIA
PADILLA; JUAN C. ZARAGOZA-GOMEZ; LUIS G. CRUZ-BATISTA; THE PUERTO RICO
SALES TAX FINANCING CORPORATION, a/k/a COFINA; JUAN VAQUER; BANK OF
NEW YORK MELLON CORP.; THE COMMONWEALTH OF PUERTO RICO; JOSE F.
RODRIGUEZ; CYRUS CAPITAL PARTNERS, L.P.; DECAGON HOLDINGS 2, LLC;
DECAGON HOLDINGS 1, LLC; DECAGON HOLDINGS 3, LLC; DECAGON HOLDINGS
4, LLC; DECAGON HOLDINGS 5, LLC; DECAGON HOLDINGS 6, LLC; DECAGON
HOLDINGS 7, LLC; DECAGON HOLDINGS 8, LLC; DECAGON HOLDINGS 9, LLC;
DECAGON HOLDINGS 10, LLC; GOLDENTREE ASSET MANAGEMENT LP; MERCED
CAPITAL, LP; OLD BELLOWS PARTNERS LLP; SCOGGIN MANAGEMENT LP;
TACONIC MASTER FUND 1.5 LP; TACONIC OPPORTUNITY MASTER FUND LP;
TILDEN PARK CAPITAL MANAGEMENT LP; WHITEBOX ADVISORS LLC; VARDE
CREDIT PARTNERS MASTER, LP; VARDE INVESTMENT PARTNERS, LP; VARDE
INVESTMENT PARTNERS (OFFSHORE) MASTER, LP; THE VARDE SKYWAY MASTER
FUND, LP; PUERTO RICO AAA PORTFOLIO BOND FUND II, INC.; PUERTO RICO AAA
PORTFOLIO BOND FUND, INC.; PUERTO RICO AAA PORTFOLIO TARGET MATURITY
FUND, INC.; PUERTO RICO FIXED INCOME FUND, INC.; PUERTO RICO FIXED
INCOME FUND IV, INC.; PUERTO RICO FIXED INCOME FUND V, INC.; PUERTO RICO
FIXED FUND VI, INC.; PUERTO RICO GNMA AND U.S. GOVERNMENT TARGET
MATURITY FUND, INC.; PUERTO RICO INVESTORS BOND FUND I, INC.; PUERTO
RICO INVESTORS TAX-FREE FUND, INC.; PUERTO RICO INVESTORS TAX-FREE
FUND II, INC.; PUERTO RICO INVESTORS TAX-FREE FUND III, INC.; PUERTO RICO
INVESTORS TAX-FREE FUND IV, INC.; PUERTO RICO INVESTORS TAX-FREE FUND
V, INC.; PUERTO RICO INVESTORS TAX-FREE FUND VI, INC.; PUERTO RICO
MORTGAGE-BACKED & U.S. GOVERNMENT SECURITIES FUND, INC.; TAX-FREE
PUERTO RICO FUND, INC.; TAX-FREE PUERTO RICO FUND II, INC.; TAX-FREE
PUERTO RICO TARGET MATURITY FUND, INC.; UBS IRA SELECT GROWTH &

INCOME PUERTO RICO FUND; PUERTO RICO FIXED INCOME FUND II, INC.; PUERTO
RICO FIXED INCOME FUND III, INC.; OPPENHEIMER ROCHESTER LIMITED TERM
CALIFORNIA MUNICIPAL FUND; OPPENHEIMER ROCHESTER AMT-FREE NEW
YORK MUNICIPAL FUND; OPPENHEIMER ROCHESTER ARIZONA MUNICIPAL
FUND; OPPENHEIMER ROCHESTER CALIFORNIA MUNICIPAL FUND; OPPENHEIMER
ROCHESTER FUND MUNICIPALS; OPPENHEIMER ROCHESTER LIMITED TERM
MUNICIPAL FUND; OPPENHEIMER ROCHESTER LIMITED TERM NEW YORK
MUNICIPAL FUND; OPPENHEIMER ROCHESTER MARYLAND MUNICIPAL FUND;
OPPENHEIMER ROCHESTER AMT-FREE MUNICIPAL FUND; OPPENHEIMER
ROCHESTER MASSACHUSETTS MUNICIPAL FUND; OPPENHEIMER ROCHESTER
MICHIGAN MUNICIPAL FUND; OPPENHEIMER ROCHESTER MINNESOTA
MUNICIPAL FUND; OPPENHEIMER ROCHESTER NORTH CAROLINA MUNICIPAL
FUND; OPPENHEIMER ROCHESTER OHIO MUNICIPAL FUND; OPPENHEIMER
ROCHESTER VIRGINIA MUNICIPAL FUND; OPPENHEIMER ROCHESTER HIGH
YIELD MUNICIPAL FUND; OPPENHEIMER ROCHESTER NEW JERSEY MUNICIPAL
FUND, OPPENHEIMER ROCHESTER PENNSYLVANIA MUNICIPAL FUND; FRANKLIN
CALIFORNIA TAX-FREE TRUST; FRANKLIN TAX-FREE TRUST; FRANKLIN
MUNICIPAL SECURITIES TRUST; FRANKLIN CALIFORNIA TAX-FREE INCOME
FUND; FRANKLIN NEW YORK TAX-FREE INCOME FUND; FRANKLIN FEDERAL
TAX-FREE INCOME FUND; FIRST PUERTO RICO TAX-EXEMPT TARGET MATURITY
FUND II, INC.; FIRST PUERTO RICO TAX-EXEMPT TARGET MATURITY FUND III,
INC.; FIRST PUERTO RICO TAX-EXEMPT TARGET MATURITY FUND IV, INC.; FIRST
PUERTO RICO TAX-EXEMPT TARGET MATURITY FUND V, INC.; FIRST PUERTO
RICO TAX-EXEMPT TARGET MATURITY FUND VII, INC.; FIRST PUERTO RICO
TARGET MATURITY INCOME OPPORTUNITIES FUND I, INC.; FIRST PUERTO RICO
TARGET MATURITY INCOME OPPORTUNITIES FUND II, INC.; FIRST PUERTO RICO
TAX ADVANTAGED TARGET MATURITY FUND I, INC.; FIRST PUERTO RICO TAX
ADVANTAGED TARGET MATURITY FUND II, INC.; FIRST PUERTO RICO AAA
TARGET MATURITY FUND I, INC.; FIRST PUERTO RICO AAA TARGET MATURITY
FUND II, INC.; FIRST PUERTO RICO TAX-EXEMPT FUND, INC.; FIRST PUERTO RICO
TAX-EXEMPT FUND II, INC.; AMBAC ASSURANCE CORPORATION

Defendants

## ORDER OF COURT

Entered: May 19, 2017
Pursuant to 1st Cir. R. 27.0(d)

The briefing schedule issued on May 17, 2017 is hereby vacated as entered in error.

By the Court:

/s/ Margaret Carter, Clerk

# United States Court of Appeals
## For the First Circuit

No. 17-1337

LEX CLAIMS, LLC; JACANA HOLDINGS I, LLC; JACANA HOLDINGS II, LLC; JACANA HOLDINGS III, LLC; JACANA HOLDINGS IV, LLC; JACANA HOLDINGS V, LLC; MPR INVESTORS, LLC; ROLSG, LLC; RRW I LLC; SL PUERTO RICO FUND II, L.P.,

Plaintiffs, Appellees,

v.

ANGEL RUIZ-RIVERA,

Movant, Appellant,

FINANCIAL OVERSIGHT AND MANAGEMENT BOARD; ALEJANDRO GARCIA PADILLA; JUAN C. ZARAGOZA-GOMEZ; LUIS G. CRUZ-BATISTA; THE PUERTO RICO SALES TAX FINANCING CORPORATION, a/k/a COFINA; JUAN VAQUER; BANK OF NEW YORK MELLON CORP.; THE COMMONWEALTH OF PUERTO RICO; JOSE IVAN MARRERO ROSADO; RAUL MALDONADO GAUTIER,

Defendants, Appellees,

JOSE F. RODRIGUEZ; CYRUS CAPITAL PARTNERS, L.P.; DECAGON HOLDINGS 2, LLC; DECAGON HOLDINGS 1, LLC; DECAGON HOLDINGS 3, LLC; DECAGON HOLDINGS 4, LLC; DECAGON HOLDINGS 5, LLC; DECAGON HOLDINGS 6, LLC; DECAGON HOLDINGS 7, LLC; DECAGON HOLDINGS 8, LLC; DECAGON HOLDINGS 9, LLC; DECAGON HOLDINGS 10, LLC; GOLDENTREE ASSET MANAGEMENT LP; MERCED CAPITAL, LP; OLD BELLOWS PARTNERS LLP; SCOGGIN MANAGEMENT LP; TACONIC MASTER FUND 1.5 LP; TACONIC OPPORTUNITY MASTER FUND LP; TILDEN PARK CAPITAL MANAGEMENT LP; WHITEBOX ADVISORS LLC; VARDE CREDIT PARTNERS MASTER, LP; VARDE INVESTMENT PARTNERS, LP; VARDE INVESTMENT PARTNERS (OFFSHORE) MASTER, LP; VARDE INVESTMENT PARTNERS FUND, LP; PUERTO RICO AAA PORTFOLIO BOND FUND II, INC.; PUERTO RICO AAA PORTFOLIO BOND FUND, INC.; PUERTO RICO AAA PORTFOLIO TARGET MATURITY FUND, INC.; PUERTO RICO FIXED INCOME FUND, INC.; PUERTO RICO FIXED INCOME FUND V, INC.; PUERTO RICO FIXED INCOME FUND V, INC.; PUERTO RICO GNMA AND U.S. GOVERNMENT TARGET MATURITY FUND, INC.; PUERTO RICO INVESTORS BOND FUND I, INC.; PUERTO RICO INVESTORS TAX-FREE FUND, INC.; PUERTO RICO INVESTORS TAX-FREE FUND II, INC.; PUERTO RICO INVESTORS TAX-FREE FUND III, INC.; PUERTO RICO INVESTORS TAX-FREE FUND IV, INC.; PUERTO RICO INVESTORS TAX-FREE FUND V, INC.; PUERTO RICO INVESTORS TAX-FREE FUND VI, INC.; PUERTO RICO

MORTGAGE-BACKED & U.S. GOVERNMENT SECURITIES FUND, INC.; TAX-FREE
PUERTO RICO FUND, INC.; TAX-FREE PUERTO RICO FUND II, INC.; TAX-FREE
PUERTO RICO TARGET MATURITY FUND, INC.; UBS IRA SELECT GROWTH &
INCOME PUERTO RICO FUND; PUERTO RICO FIXED INCOME FUND II, INC.; PUERTO
RICO FIXED INCOME FUND III, INC.; OPPENHEIMER ROCHESTER LIMITED TERM
CALIFORNIA MUNICIPAL FUND; OPPENHEIMER ROCHESTER AMT-FREE NEW
YORK MUNICIPAL FUND; OPPENHEIMER ROCHESTER ARIZONA MUNICIPAL
FUND; OPPENHEIMER ROCHESTER CALIFORNIA MUNICIPAL FUND; OPPENHEIMER
ROCHESTER FUND MUNICIPALS; OPPENHEIMER ROCHESTER LIMITED TERM
MUNICIPAL FUND; OPPENHEIMER ROCHESTER LIMITED TERM NEW YORK
MUNICIPAL FUND; OPPENHEIMER ROCHESTER MARYLAND MUNICIPAL FUND;
OPPENHEIMER ROCHESTER AMT-FREE MUNICIPAL FUND; OPPENHEIMER
ROCHESTER MASSACHUSETTS MUNICIPAL FUND; OPPENHEIMER ROCHESTER
MICHIGAN MUNICIPAL FUND; OPPENHEIMER ROCHESTER MINNESOTA
MUNICIPAL FUND; OPPENHEIMER ROCHESTER NORTH CAROLINA MUNICIPAL
FUND; OPPENHEIMER ROCHESTER OHIO MUNICIPAL FUND; OPPENHEIMER
ROCHESTER VIRGINIA MUNICIPAL FUND; OPPENHEIMER ROCHESTER HIGH
YIELD MUNICIPAL FUND; OPPENHEIMER ROCHESTER NEW JERSEY MUNICIPAL
FUND, OPPENHEIMER ROCHESTER PENNSYLVANIA MUNICIPAL FUND; FRANKLIN
CALIFORNIA TAX-FREE TRUST; FRANKLIN TAX-FREE TRUST; FRANKLIN
MUNICIPAL SECURITIES TRUST; FRANKLIN CALIFORNIA TAX-FREE INCOME
FUND; FRANKLIN NEW YORK TAX-FREE INCOME FUND; FRANKLIN FEDERAL
TAX-FREE INCOME FUND; FIRST PUERTO RICO TAX-EXEMPT TARGET MATURITY
FUND II, INC.; FIRST PUERTO RICO TAX-EXEMPT TARGET MATURITY FUND III,
INC.; FIRST PUERTO RICO TAX-EXEMPT TARGET MATURITY FUND IV, INC.; FIRST
PUERTO RICO TAX-EXEMPT TARGET MATURITY FUND V, INC.; FIRST PUERTO
RICO TAX-EXEMPT TARGET MATURITY FUND VII, INC.; FIRST PUERTO RICO
TARGET MATURITY INCOME OPPORTUNITIES FUND I, INC.; FIRST PUERTO RICO
TARGET MATURITY INCOME OPPORTUNITIES FUND II, INC.; FIRST PUERTO RICO
TAX ADVANTAGED TARGET MATURITY FUND I, INC.; FIRST PUERTO RICO TAX
ADVANTAGED TARGET MATURITY FUND II, INC.; FIRST PUERTO RICO AAA
TARGET MATURITY FUND I, INC.; FIRST PUERTO RICO AAA TARGET MATURITY
FUND II, INC.; FIRST PUERTO RICO TAX-EXEMPT FUND, INC.; FIRST PUERTO RICO
TAX-EXEMPT FUND II, INC.; AMBAC ASSURANCE CORPORATION,

Defendants.

---

**ORDER OF COURT**

Entered: January 30, 2018

In light of the Commonwealth of Puerto Rico's petition for the adjustment of its debts under
Title III of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA),
filed in the United States District Court for the District of Puerto Rico on May 3, 2017; the similar

petition filed in the same court by the Puerto Rico Sales Tax Financing Corporation; and the bankruptcy stay provisions incorporated by Section 301(a) of PROMESA, 48 U.S.C. § 2161(a), this appeal is stayed.

By the Court:

/s/ Margaret Carter, Clerk

cc:
Jose Ramon Rivera-Morales
Mark Stancil
Donald Burke
Ariel N. Lavinbuk
Angel Ruiz-Rivera
James William McCartney
Roberto A. Camara-Fuertes
Atara Miller
Dennis F. Dunne
Grant R. Mainland
Andrew M. Leblanc
Luis Francisco Del-Valle-Emmanuelli
Michael Luskin
Stephan E. Hornung
Michael Francis Williams
Peter A. Farrell
Giselle Lopez Soler
Christopher M. Mason
Christopher Fong
Robert N. H. Christmas
Albeniz Couret-Fuentes
Lee R. Sepulvado-Ramos
Wandymar Burgos-Vargas
Sylvia M. Arizmendi-Lopez de Victoria
Rafael Escalera-Rodriguez
Daniel A. Salinas-Serrano
Carlos R. Rivera-Ortiz
Susheel Kirpalani
Glenn Kurtz
Arturo Diaz-Angueira
Alicia Irene Lavergne-Ramirez
Jason Zakia
John K. Cunningham
Manuel Fernandez-Bared

# APPENDIX F. 17-1743 AT U.S. COURT OF APPEALS FOR THE FIRST CIRCUIT

Case:17-03283-LTS   Doc#:8798-1   Filed:10/01/19   Entered:10/01/19 16:07:36   Desc:
Appendix   Page 35 of 68

# United States Court of Appeals
## For the First Circuit

No. 17-1743

IN RE: COMMONWEALTH OF PUERTO RICO; PUERTO RICO SALES TAX FINANCING
CORPORATION, a/k/a Cofina,

Debtors.

COMMONWEALTH OF PUERTO RICO; PUERTO RICO SALES TAX FINANCING
CORPORATION, a/k/a Cofina,

Debtors, Appellees,

MONSITA LECAROZ-ARRIBAS,

Trustee, Appellee,

v.

ANGEL RUIZ-RIVERA,

Movant, Appellant.

Before

Howard, <u>Chief Judge,</u>
Torruella and Kayatta, <u>Circuit Judges.</u>

**ORDER OF COURT**

Entered: January 31, 2018

The petition for rehearing is <u>denied</u>.

By the Court:

<u>/s/ Margaret Carter, Clerk</u>

# United States Court of Appeals
## For the First Circuit

No. 17-1743

IN RE: COMMONWEALTH OF PUERTO RICO; PUERTO RICO SALES TAX FINANCING
CORPORATION, a/k/a Cofina,

Debtors.

---

COMMONWEALTH OF PUERTO RICO; PUERTO RICO SALES TAX FINANCING
CORPORATION, a/k/a Cofina,

Debtors, Appellees,

MONSITA LECAROZ-ARRIBAS,

Trustee, Appellee,

v.

ANGEL RUIZ-RIVERA,

Movant, Appellant.

---

Before

Howard, Chief Judge,
Torruella and Kayatta, Circuit Judges.

---

### JUDGMENT

Entered: September 7, 2017

For lack of a substantial question or jurisdictional basis, the appeal is summarily dismissed under 1st Cir. R. 27.0(c). The motion to proceed in forma pauperis on appeal is denied as moot.

By the Court:

/s/ Margaret Carter, Clerk

# APPENDIX G. MD-17-0005 AT SUPREME TRIBUNAL OF P.R.

ESTADO LIBRE ASOCIADO  DE PUERTO RICO          01DE 01
TRIBUNAL GENERAL   DE JUSTICIA
TRIBUNAL SUPREMO

RUIZ RIVERA, ÁNGEL                                    -   PETICIONARIO

                    VS.;

ROSELLÓ NEVARES, RICARDO A., GOB. DE PR, E.L.A.      -   RECURRIDO

CASO: MD-2017-0005 CASO ORI.: K DP2016-1158 MANDAMUS
                   CASO CIR.:                 ---------------------------------
                                              ACCION CIVIL O DELITO


N O T I F I C A C I O N
------------------------
CERTIFICO QUE EN RELACION CON EL/LA PETICION DE MANDAMUS
EL TRIBUNAL DICTO EL/LA RESOLUCION
QUE SE  ACOMPAÑA :

PROCURADOR(A) GENERAL [LIC.]
    DEPARTAMENTO DE JUSTICIA
    PO BOX 9020192
    SAN JUAN, PR 00902-0192
RUIZ RIVERA, ÁNGEL
    EXT. VILLA RICA
    AA-27 CALLE SANTA RITA
    BAYAMON PR 00959

SAN JUAN      , PUERTO RICO A   09 DE AGOSTO DE 2017

                          LCDO. JUAN ERNESTO DÁVILA RIVERA
                          -------------------------------------------
                          SECRETARIO(A) DEL TRIBUNAL SUPREMO

                          MILKA Y. ORTEGA CORTIJO
                          -------------------------------------------
                                SECRETARIO[A] AUXILIAR

CERTIFICO que lo que antecede es copia fiel y exacta
de su original que obra en autos del caso.
      ☒ Previo pago de derechos
      ☐ Para uso oficial
En San Juan, Puerto Rico a ___ de ___
      del 20___
      SECRETARIA DEL
      TRIBUNAL SUPREMO
Por: ___
      Secretaria (o) Auxiliar

**FREE ASSOCIATED STATE OF PUERTO RICO**
**GENERAL TRIBUNAL OF JUSTICE**
**SUPREME TRIBUNAL**

RUIZ RIVERA, ANGEL                                    -PETITIONER

VS.

ROSELLO NEVARES, RICARDO A., GOB. DE P.R., E.L.A. -DEFENDANT

CASE: MD2017-0005 CASO ORL: K DP-2016-1158 MANDAMUS————————

RUIZ RIVERA, ANGEL
EXT. VILLA RICA
AA-27 CALLE SANTA RITA
BAYAMON, P.R. 00959.

## NOTIFICATION

I CERTIFY THAT IN RELATION WITH THE WRITING
THE TRIBUNAL DICTATED THE RESOLUTION
THAT ACCOMPANIES:

SOLICITOR GENERAL, ESQ.
DEPARTMENT OF JUSTICE
P.O. BOX 9020192
SAN JUAN, P.R. 00902-0192

RUIZ RIVERA, ANGEL
EXT. VILLA RICA
AA-27 CALLE SANTA RITA
BAYAMON, P.R. 00959.

SAN JUAN, P.R.                      AUGUST 9, 2017.


JUAN ERNESTO DAVILA RIVERA
CLERK OF THE SUPREME TRIBUNAL

MILKA I. ORTEGA CORTIJO
ASSISTANT CLERK

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ángel A. Ruiz Rivera

    Peticionario

       v.

Hon. Ricardo Rosselló Nevares,
Gobernador de Puerto Rico;
Hon. Wanda Vázquez Garced,
Secretaria de Justicia de
Puerto Rico

    Recurridos

MD-2017-0005

Sala de Verano integrada por la Jueza Presidenta Oronoz Rodríguez, la
Juez Asociada señora Rodríguez Rodríguez y la Jueza Asociada señora
Pabón Charneco

RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de julio de 2017.

Atendida la *Petición de mandamus* presentada por
la parte peticionaria, se provee no ha lugar.

Lo acordó el Tribunal y certifica el Secretario
del Tribunal Supremo.



Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo



Certifico que la presente es copia fiel y exacta
su original, San Juan, PR __ de ____.
del ____.

SECRETARIA DEL TRIBUNAL SUPREMO
TRIBUNAL SUPREMO DE PUERTO RICO

Por: _____
    Secretario (a) Auxiliar

IN THE SUPREME TRIBUNAL OF P.R.

Angel A. Ruiz Rivera

Petitioner

v.

MD-2017-0005

Ricardo Roselló Nevares:
Governor of P.R.;
Wanda Vazquez Garced
Secretary of Justice of P.R.

Defendants

---

## RESOLUTION

In San Juan, Puerto Rico, July 31, 2017.

Having given attention to the Mandamus Petition presented by the petitioning party, it is denied.

Accorded by the Tribunal and certifies the Clerk of the Supreme Tribunal.

Juan Ernesto Davila Rivera
Clerk of the Supreme Tribunal

No. _____

_____

## IN THE

## SUPREME COURT OF THE UNITED STATES

_____

_In ReAngel Ruiz Rivera_ — PETITIONER
(Your Name)

VS.

_The Federal Judges_ — RESPONDENT(S)

### PROOF OF SERVICE

I, _Angel Ruiz Rivera_, do swear or declare that on this date, _July 9_, 20_19_, as required by Supreme Court Rule 29 I have served the enclosed MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* and PETITION FOR A WRIT OF CERTIORARI on each party to the above proceeding or that party's counsel, and on every other person required to be served, by depositing an envelope containing the above documents in the United States mail properly addressed to each of them and with first-class postage prepaid, or by delivery to a third-party commercial carrier for delivery within 3 calendar days.

The names and addresses of those served are as follows:
_See attached tables with lists of emails of persons required to be served._
_Solicitor General of the U.S. U.S. Department of Justice, Room 566_
_950 Pennsylvania Ave. N.W., Washington, D.C. 20530-0001_
I declare under penalty of perjury that the foregoing is true and correct.

Executed on _July 9_, 20_19_

_____
(Signature)

| | | |
|---|---|---|
| a_betancourt@lugomender.com | ccooper@cooperkirk.com | fccplawpr1@gmail.com;jcc@fclawpr.com |
| aaa@mcvpr.com | cdipompeo@jonesday.com | fcharleslaw@gmail.com |
| aadler@primeclerk.com | cesar.a.lopez-morales@usdoj.gov | fernando@cszlawpr.com |
| aaneses@cstlawpr.com | cfebus@proskauer.com | fgierbolini@msglawpr.com |
| aashton@proskauer.com | cfong@nixonpeabody.com, | figueroaymorgadelaw@yahoo.com |
| acasellas@amgprlaw.com | cforbes@proskauer.com | fmontanezmiran@yahoo.com |
| acaton@kramerlevin.com | Chad.Golder@mto.com | fperez@fpglaw.com |
| acheney@willkie.com | CHAPMAN@LSELLP.COM | fpola@onelinkpr.net |
| acouret@smclawpr.com | charliehernandezlaw@gmail.com | framirez@gaclaw.com |
| adam.bookman@weil.com | chris.maddux@butlersnow.com | francisco.delcastillo@bennazar.org |
| adam.goldberg@lw.com | christopher.harris@lw.com | FSosnick@Shearman.com |
| Adam.Harris@ropesgray.com | cmason@nixonpeabody.com, | fvander@reichardescalera.com |
| adecfmail@gmail.com | cmechling@stroock.com | fvizcarrondo@fjvtlaw.com |
| Adele.El-Khouri@mto.com | colonyasmin@hotmail.com | gabriel.morgan@weil.com |
| adeliz@smlawpr.com | corraldieg@gmail.com | gacarlo@carlo-altierilaw.com |
| adiaz@cnrd.com, | counsellors@reichardescalera.com, | gorseck@robbinsrussell.com |
| Adimon@milbank.com | cpg@go-law.com | gbrenner@proskauer.com |
| afernandez@delgadofernandez.com | craigmcc@me.com | geisenberg@perkinscoie.com |
| agestrella@estrellallc.com | crodriguez-vidal@gaclaw.com | gerardopavialaw@msn.com |
| AGlenn@kasowitz.com | csloane@whitecase.com | gesposito@mofo.com |
| ajamadeo@gmail.com | csteege@jenner.com | ghorowitz@kramerlevin.com |
| ajb@bennazar.org | ctheodoridis@proskauer.com | gillian.burns@cwt.com |
| alavergne@lsplawpr.com | cuprislaw@yahoo.com | Ginger.Anders@mto.com |
| alavinbuk@robbinsrussell.com | cvelaz@mpmlawpr.com | gkurtz@whitecase.com |
| aleblanc@milbank.com | cwedoff@jenner.com | glee@mofo.com |
| alexandra.bigas@gmail.com | damarisqv@bufetequinones.com | glenncarljameslawoffices@gmail.com |
| alexbongartz@paulhastings.com | daniel.connolly@bracewell.com | gls@lopezsolerlaw.com |
| Alinares2020@yahoo.com | Daniel.Egan@ropesgray.com | gmainland@milbank.com |
| allan.brilliant@dechert.com | daniel.perez@oneillborges.com | gmashberg@proskauer.com |
| amiller@milbank.com | danielsalinas@quinnemanuel.com | gonzalezbadillo@gmail.com |
| anabelle.centeno@pridco.pr.gov | darrengoldman@quinnemanuel.com | gorseck@robbinsrussell.com |
| andres@awllaw.com | david.indiano@indianowilliams.com | gregory.silbert@weil.com |
| andreslopecordova@gmail.com | david.lawton@bracewell.com | gspadoro@csglaw.com |
| Aleblanc@milbank.com | david.powlen@btlaw.com | harlawpr@gmail.com |

| | | |
|---|---|---|
| kevin.collins@btlaw.com | MMorris@proskauer.com | sbest@brownrudnick.com |
| kgwynne@reedsmith.com | mohammad.yassin@aafaf.pr.gov | sbeville@brownrudnick.com |
| khotaling@jenner.com | Monsita.Lecaroz@usdoj.gov | scastillo@gaclaw.com |
| kkimpler@paulweiss.com | mpico@rexachpico.com | scolon@ferraiuoli.com |
| kpasquale@stroock.com | mrios@arroyorioslaw.com | scriado@calopsc.com |
| KPerra@proskauer.com | mro@prbankruptcy.com | serrano.urdaz.law@hotmail.com |
| ksheehan@mwe.com | mrodriguez@cdc.pr.gov | shane.johnson@hoganlovells.com |
| kstadler@gklaw.com | mroot@jenner.com | shannon.wolf@bracewell.com |
| kstipec@amgprlaw.com | mseidel@willkie.com | slevine@saul.com |
| kurt.mayr@bracewell.com | msimonet@llvslaw.com | sma@proskauer.com |
| kzecca@robbinsrussell.com | mstancil@robbinsrussell.com | smillman@stroock.com |
| kzeituni@paulweiss.com | mthibert-ind@mwe.com | spenagarigano@justicia.pr.com, |
| l.ortizsegura@pl020law.com | mvazquez@lsplawpr.com | sramirez@sarlaw.com |
| larroyo@amgprlaw.com | mvelezpastrana@gmail.com | sratner@proksauer.com |
| lary.stromfeld@cwt.com, | mzerjal@proskauer.com | srutsky@proskauer.com |
| lawlugo1@gmail.com | ncrowell@sidley.com, | sschmidt@kasowitz.com |
| lawrence.bauer@nortonrosefullbright.com | nealmollen@paulhastings.com | Stan.Ladner@butlersnow.com |
| lawrog@gmail.com | nicholasbassett@paulhastings.com | stephanie.morrison@weil.com |
| lbelendez@msn.com | notices@condelaw.com | stephen.youngman@weil.com |
| lcdo.manuelmorales@delgado-morales.com | nperez@tcmrslaw.com | stephenkinnaird@paulhastings.com |
| lcumpiano@yahoo.com | nrickenbach@rickenbachpr.com | STMangiaracina@aol.com |
| ldelacruz@oeg.pr.gov | nrivera@oeg.pr.gov | storres@alblegal.net |
| leesepulvado@gmail.com | nzt@mcvpr.com | stuart.steinberg@dechert.com |
| legal@cobianroig.com | ofernandez@oflawoffice.com | suarezcobo@gmail.com |
| lemuel.law@gmail.com | O'Melveny & Meyers LLP | suhland@omm.com |
| leslieplaskon@paulhastings.com | orlando1701@gmail.com | susheelkirpalani@quinnemanuel.com |
| leticia.casalduc@indianowilliams.com | pabong@reichardescalera.com | sweise@proskauer.com |
| lft@tcm.law | parker.milender@srz.com | tae.kim@srz.com |
| lft@tcmrslaw.com, | pbentley@kramerlevin.com | tciantra@cwsny.com |
| lharrison@jenner.com | pdechiara@cwsny.com | thomas.curtin@cwt.com |
| licnav@prtc.net | pdo@go-law.com | thomas.g.ward@usdoj.gov |
| liriotorresjust@gmail.com | pedronicot@gmail.com | tjacoby@kramerlevin.com |
| liza.burton@lw.com | penagaricanobrownusdc@gmail.com | tmayer@kramerlevin.com |
| lmarini@mpmlawpr.com | peter.canzano@nortonrosefullbright.com | tmundiya@willkie.com |

| | | |
|---|---|---|
| loliver@amgprlaw.com | peter.farrell@kirkland.com, | tmungovan@proskauer.com |
| loomislegal@gmail.com | pfriedman@omm.com | toby.gerber@nortonrosefullbright.com |
| lpabonroca@microjuris.com | pglassman@sycr.com | toledo.bankruptcy@gmail.com |
| lpettit@robbinsrussell.com | pguffy@kramerlevin.com | tolson@gibsondunn.com |
| lraiford@jenner.com | phammer@estrellallc.com | tpaterson@afscme.org |
| Lrappaport@proskauer.com | pico@laborcounsels.com | tpennington@renocavanaugh.com |
| lrobbins@robbinsrussell.com | pieter.vantol@hoganlovells.com | tuttieguerrero@yahoo.com |
| lrroman@justicia.pr.gov | pjlandrau@lawyer.com | ubaldo.fernandez@oneillborges.com |
| lseizemore@reedsmith.com | ppossinger@proskauer.com | USTP.Region21@usdoj.gov, |
| lshelfer@gibsondunn.com | prodriguez@prvlaw.com | vdorfman@jonesday.com |
| lsizemore@reedsmith.com | pshalhoub@willkie.com | vicrivera01@yahoo.com |
| lstafford@proskauer.com | psiegal@robbinsrussell.com | victorriverarios@rcrtrblaw.com |
| ltownsend@gibsondunn.com | quiebras@elbufetedelpueblo.com | vmedina@mhlex.com |
| lucdespins@paulhastings.com | quilichinilaw@gmail.com | vqc@edgelegalpr.com |
| luis.fuste@gmail.com | quilichinipazbkc@gmail.com | vquinones@sydneydenson.com |
| luisfredsalgado@hotmail.com | r.miranda@rmirandalex.net | ward.w.benson@usdoj.gov |
| LUSKIN@LSELLP.COM | rachel.albanese@dlapiper.com | wburgos@justicia.pr.gov |
| Lwolf@proskauer.com | rachel.goldman@bracewell.com | wdalsen@proskauer.com |
| man@nblawpr.com | rachel.miller-ziegler@mto.com | wdellinger@omm.com |
| Manuel Fernandez <mfb@tcmrslaw.com>, | ramon.dapena@mbcdlaw.com | wdreher@jenner.com |
| manuel@rodriguezbanchs.com | ramonvinas@vinasllc.com | william.m.vidal@gmail.com |
| marcia.goldstein@weil.com | rburgoslaw@gmail.com | william.natbony@cwt.com |
| marianifrancolaw@gmail.com | rcamara@ferraiuoli.com | wlugo@lugomender.com |
| mariel.bronen@decher.com | rcasellas@cabprlaw.com | wrieman@paulweiss.com |
| marivera@riveratulla.com | rdiazsoto@yahoo.com | wsmith@mwe.com |
| mark.ellenberg@cwt.com | remmanuelli@me.com | wssbankruptcy@gmail.com |
| mark.gallagher@usdoj.gov | rengman@masoncap.com | wsushon@omm.com |
| marmercado@justicia.pr.gov, | rfc@thefinancialattorneys.com | ZChalett@proskauer.com |
| | | zsoto@metropaviahealth.com |

| | | |
|---|---|---|
| jpatton@ycst.com | martin.sosland@butlersnow.com | rferrara@proskauer.com |
| jpeck@mofo.com | MArtz@afscme.org | rgf@mcvpr.com |
| jpsala@prtc.net | matthew.harris@faegrebd.com | rgm@microjuris.com |
| jramirez@amrclaw.com | matthew.troy@usdoj.gov | rgordon@jenner.com |
| jreyes@sanpir.com | mauricio.muniz@oneillborges.com | rgraham@renocavanaugh.com |
| JReynoso@winston.com | maxtrujillolegal@gmail.com | rgv@g-glawpr.com |
| jrivlin@afscme.org | mbienenstock@proskauer.com | rhoncat@netscape.net |
| jroche@proskauer.com | mbienestock@proskauer.com, | richard.chesley@dlapiper.com |
| jrolmo1@gmail.com | MBlackburn@winston.com | riclozfra@gmail.com |
| jsalichs@splawpr.com | mblumin@afscme.org | rier.emanuel@gmail.com |
| jsanabria@sbgblaw.com | MBrod@milbank.com | riverac@reichardescalera.com |
| jsanchez@phgslaw.com | mcaruso@csglaw.com | riveraroman@hotmail.com |
| jsantos@smclawpr.com | mcrm100@msn.com | rlevin@jenner.com |
| jsotobalbas@gmail.com | mcto@debevoise.com | rnies@csglaw.com |
| juan@jahrlaw.com | mdale@proskauer.com | rchristmas@nixonpeabody.com |
| juan@riverfont.com | mevicens@yahoo.com | robert.jossen@dechert.com |
| juans@prtc.net | mfb@tcmrslaw.com | robin.keller@hoganlovells.com |
| julio.pagan@g2la.com | mfeldman@willkie.com | romn1960@gmail.com |
| jvankirk@tcm.law | Mfirestein@proskauer.com | rortiz@rloclaw.onmicrosoft.com |
| jwo@jwcartagena.com | mhackett@proskauer.com | rosasegui@yahoo.com |
| jweddle@brownrudnick.com | mharris@proskauer.com | rotero@legalcounselorspr.com |
| jweiss@ktbslaw.com | mhernandez@scvrlaw.com | rperez@ppdrlaw.com |
| jzajac@proskauer.com | mhuston@gibsondunn.com | rpfister@ktbslaw.com |
| jzakia@whitecase.com | Michael Luskin <luskin@lsellp.com>, | rrivera@jgl.com |
| karol.denniston@squirepb.com | michael.doluisio@dechert.com | rrosen@paulweiss.com |
| katescherling@quinnemanuel.com | michael.quinn3@usdoj.gov | rsantiago@mhlex.com |
| kbolanos@cnrd.com | MICHAELCOMERFORD@PAULHASTINGS.COM | rschell@msglawpr.com |
| kcsuria@welo.net | michaelwilliams@kirkland.com, | rseltzer@cwsny.com |
| kdavid@kasowitz.com | miguelo@oppenheimerlaw.com | rsierra@brownrudnick.com |
| kdm@romclaw.com | mitch.carrington@butlersnow.com | rsims@jonesday.com |
| keith.wofford@ropesgray.com | mlepelstat@csglaw.com | rtorres@torresrodlaw.com |
| kelly.diblasi@weil.com | mlotito@omm.com | salvatore.romanello@weil.com |
| Kelly.McDonald@shearman.com | mmcgill@gibsondunn.com | santilawoffice@yahoo.com |
| kellyrivero@hotmail.com | mmier@cabprlaw.com | santonet@amrclaw.com, |

| | | |
|---|---|---|
| brantkuehn@quinnemanuel.com, | edgardlebron23@gmail.com | JCCelentino@wlrk.com |
| Brenzulli@milbank.com | efl@bobonislaw.com | jchristiansen@gibsondunn.com |
| brian.pfeiffer@whitecase.com | efleck@milbank.com, | jcunningham@whitecase.com |
| brian.resnick@davispolk.com | eheichel@eisemanlevine.com | jdavila@sbgblaw.com |
| brosen@proskauer.com | ekardos@zolfocooper.com | jdugan@willkie.com |
| bufetefrgonzalez@gmail.com | elian.escalante@gmail.com | jean.lin@usdoj.gov |
| bufeteigartua@yahoo.com | eliaslaureano@gmail.com | jeff.bjork@lw.com |
| buzz.rochelle@romclaw.com | ellen.halstead@cwt.com | jeffrey.williams@indianowilliams.com |
| bwells@stroock.com | ellenl.holloman@cwt.com | jescobar@smlawpr.com |
| bwilliam@gklaw.com | elugo@edgelegalpr.com | JEsses@proskauer.com |
| cabruens@debevoise.com | email@peterjohnporrata.com | jessica@bufete-emmanuelli.com |
| cacevedo@riveratulla.com | emaldonado@smlawpr.com | jgarcia@ferraiuoli.com, |
| cacuprill@cuprill.com | emckeen@omm.com | jgildelama@aol.com |
| califf@alblegal.net | emil@mlrelaw.com | jgross@jonesday.com |
| calsina@prquiebra.com | emontull@cstlawpr.com | jheyworth@sidley.com |
| carla.garcia@oneillborges.com | emunozpsc@gmail.com | jjhernandez@inveniolawpr.com |
| carlos.lugo@saldanalaw.com | epo@amgprlaw.com | jkapp@mwe.com |
| carlos.sagardia@gmail.com | erb@rodriguezbinetlaw.com | jkorn@willkie.com |
| carlosalbertoruizquiebras@gmail.com | eric.brunstad@dechert.com | JLevitan@proskauer.com |
| carloscardonafe@hotmail.com | erickay@quinnemanuel.com | jlgere@gmail.com |
| carlosfernandez@cfnlaw.com | ericwinston@quinnemanuel.com | jm@canciobiaggi.com |
| carlosvergne@aol.com | escalera@reichardescalera.com | jminias@willkie.com |
| carmenelisa@pklolaw.com | eschaffer@reedsmith.com | jnieves@gonzalezmunozlaw.com |
| casey.servais@cwt.com | etejeda@splawpr.com | John.Couriel@kobrekim.com |
| castellanoslaw@gmail.com | etulla@riveratulla.com | jonathan.e.jacobson@usdoj.gov |
| castilloricardo977@gmail.com | eweisfelner@brownrudnick.com | jonathan.polkes@weil.com |
| cbimbela@scvrlaw.com | Eweiss@milbank.com | jose.sosa@dlapiper.com |
| | eworenklein@debevoise.com | josuegobnkr@gmail.com |
| | Farrington.Yates@kobrekim.com | |

3.   History of the debt limit clause in a Motion included in 19-2374 (FAB).

INTAKE DROP BOX
RECEIVED & FILED

2017 MAR 16  PM 12: 21

CL...
U.S. DI...
SAN JUAN...

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

LEX CLAIMS, LLC,
JACANA HOLDINGS I, LLC,
JACANA HOLDINGS II LLC,
JACANA HOLDINGS III LLC,
JACANA HOLDINGS IV LLC,
JACANA HOLDINGS V LLC,
MPR INVESTORS LLC,
ROLSG, LLC, AND
SL PUERTO RICO FUND II L.P.

16-02374 (FAB)

COMPLAINT AND
DECLARATORY AND
INJUNCTIVE RELIEF

PLAINTIFFS

V.

RICARDO ROSELLO NEVAREZ*
in his official capacity as Governor of the
Commonwealth of Puerto Rico.

RAUL MALDONADO GAUTIER*
in his official capacity as Secretary of the
Treasury of the Commonwealth of Puerto Rico.

JOSE I. MARRERO ROSADO*
In his official capacity as Director of the
Office of Management and Budget of the
Commonwealth of Puerto Rico.

* presently holding these positions

THE PUERTO RICO SALES TAX
FINANCING CORPORATION (COFINA)

JUAN VAQUER
In his Official capacity as Executive Director
Of the Puerto Rico Sales Tax Corporation and

BANK OF NEW YORK MELLON CORP.

DEFENDANTS

---

## COMPLEMENTARY MOTION TO MOTION TO INTERVENE AND
## REQUESTING DECLARATORY JUDGMENT

TO THE HONORABLE U.S. DISTRICT COURT FOR THE DISTRICT OF P.R.
(HUSDCDPR):

Comes now, the Intervenor, Angel Ruiz Rivera, appearing here Pro Se (PS) and *In Forma Pauperis* (IFP) and respectfully States, Alleges and Prays as follows:

I.    Introduction

In order for this HUSDCDPR or any court that may end deciding upon the claims and counterclaims by the scores and scores of parties in this and related civil actions (regardless of whether they may end being consolidated or not), same must be in an informed position so that it can rule with judicial knowledge of the historical background, the facts, the applicable laws, the controlling jurisprudence, the evidence and all the factors that are needed to make an intelligent, equitable and just decision.

In order to aid this HUSDCDPR reach such an informed position by acquiring the judicial knowledge it needs in order to become able to make that intelligent, equitable and just decision, I am sharing the historical background of section 2 of Article VI of the Constitution of P.R., (P.R. Constitution) which I invoked as the basis of my Motion To Intervene And Requesting Declaratory Judgment (MTIARDJ) so that it may rule with the correct and proper perspective.

We all know there is a complex classification, or taxonomy among the P.R. Government debt creditors ranging from the so-called government obligations (go's) creditors; the financial guaranty ("Ambac" and others) insurance companies creditors; the COFINA creditors, which are sub-classified in "Major" and "Senior" and "Subordinate", the Puerto Rico Funds creditors, the banks creditors, public corporations creditors, the municipalities creditors, the cooperatives creditors and independent individual creditors.

2

II.    Historical Background of Article VI section 2 of the Puerto Rican

Constitution (P.R. Constitution) constitutional amendment

The first law that provided for the main issue of all the ones here, which

undoubtedly is the hierarchical order of prelation or rank among creditors of the

P.R. Government debt when it comes to decide who legally is above or before

the other creditors at the juncture of legally deciding at the time to be paid,

who's who among the creditors of the P.R. Government, was the **Foraker Act

of 1900**. This federal law provided for this issue as follows:

> Sec. 38. That no export duties shall be levied or collected on exports
> from Porto Rico; but taxes and assessments on property, and license
> fees for franchises, privileges, and concessions may be imposed for the
> purposes of the insular and municipal governments, respectively, as may
> be provided and defined by act of the legislative assembly; and where
> necessary to anticipate taxes and revenues, bonds and other obligations
> may be issued by Porto Rico or any municipal government therein as
> may be provided by law to provide for expenditures authorized by law,
> and to protect the public credit, and to reimburse the United States for
> any moneys which have been or may be expended out of the emergency
> fund of the War Department for the relief of the industrial conditions of
> Porto Rico caused by the hurricane of August eighth, eighteen hundred
> and ninety-nine: Provided, however, **That no public indebtedness of
> Porto Rico or of any municipality thereof shall be authorized or
> allowed in excess of seven per centum of the aggregate tax
> valuation of its property**. See Exhibit 1 here.

The next expression from the U.S. Congress regarding this issue was found in

the Jones-Shafroth Act of 1917. This is what this federal law provided with

regards to this issue. See Exhibit 2 here.

Sec. 3. That no export duties shall be levied or collected on exports from Porto Rico, but taxes and assessments on property, internal revenue, and license fees, and royalties for franchises, privileges, and concessions may be imposed for the purposes of the insular and municipal governments, respectively, as may be provided and defined by the Legislature of Porto Rico; and when necessary to anticipate taxes and revenues, bonds and other obligations may be issued by Porto Rico or any municipal government therein as may be provided by law, and to protect the public credit: *Provided, however,* That no public indebtedness of Porto Rico or of any subdivision or municipality thereof shall be authorized or allowed in excess of seven per centum of the aggregate tax valuation of its property, and all bonds issued by the government of Porto Rico, or by its authority, shall be exempt from taxation by the Government of the United States, or by the government of Porto Rico or of any political or municipal subdivision thereof, or by any State, or by any county, municipality, or other municipal subdivision of any State or Territory of the United States, or by the District of Columbia.  In computing the indebtedness of the people of Porto Rico, bonds issued by the people of Porto Rico secured by an equivalent amount of bonds of municipal corporations or school boards of Porto Rico shall not be counted.

*[margin notes: Revenues. Export duties forbidden. General taxes. Bonds. *Proviso.* Indebtedness limited. Exemption from tax. Secured bonds.]*

Special attention should be given to the last sentence of this section which mandated or ordered: "<u>In computing the indebtedness of the people of Porto Rico, bonds</u> issued by the people of Porto Rico secured by an equivalent amount of bonds <u>of municipal corporations or school boards of Porto Rico shall not be counted</u>."

The other section of this Jones-Shafroth federal law that is clearly applicable and pertinent to the key legal issue of the prelation among the creditors that this HUSDCDPR faces is section 34, last paragraph of page 962 and first paragraphs of page 963, included here as Exhibit 3 and cited below.

<u>In case the available revenues</u> of Porto Rico for any fiscal year including available surplus in the insular treasury, <u>are insufficient</u> to meet all the appropriations made by the legislature for such year, <u>such appropriations shall be paid in the following order</u>, unless otherwise directed by the governor:

SIXTY-FOURTH CONGRESS. Sess. II. Ch. 145. 1917.                968

First class. The ordinary expenses of the legislative, executive, and judicial departments of the State government, and interest on any public debt, shall first be paid in full.

Second class. Appropriations for all institutions, such as the penitentiary, insane asylum, industrial school, and the like, where the inmates are confined involuntarily, shall next be paid in full.

Third class. Appropriations for education and educational and charitable institutions shall next be paid in full.

Fourth class. Appropriations for any other officer or officers, bureaus or boards, shall next be paid in full.

Fifth class. Appropriations for all other purposes shall next be paid.

That in case there are not sufficient revenues for any fiscal year, including available surplus in the insular treasury, to meet in full the appropriations of said year for all of the said classes of appropriations, then said revenues shall be applied to the classes in the order above named, and if, after the payment of the prior classes in full, there are not sufficient revenues for any fiscal year to pay in full the appropriations for that year for the next class, then, in that event, whatever there may be to apply on account of appropriations for said class shall be distributed among said appropriations pro rata according as the amount of each appropriation of that class shall bear to the total amount of all of said appropriations for that class for such fiscal year.

No appropriation shall be made, nor any expenditure authorized by the legislature, whereby the expenditure of the Government of Porto Rico during any fiscal year shall exceed the total revenue then provided for by law and applicable for such appropriation or expenditure, including any available surplus in the treasury, unless the legislature making such appropriation shall provide for levying a sufficient tax to pay such appropriation or expenditure within such fiscal year.

As anyone can see, this federal law expressly provided for a specific order of prelation when it came to deciding what or who was to be paid first once and if the "Government of Porto Rico" fell into a deficitarial scenario.

The Jones-Shafroth Act suffered several amendments until the enactment of the next applicable federal law, the Public Law 81-600 in 1950. Below I include the significant and pertinent ones for this discussion.

SIXTY-SIXTH CONGRESS. Suss. III.. Cns. "34, 35. 1921.
CHAP. 34 .--An Act To amend an Act entitled "An Act to provide a civil government for Porto Rico, and for other purposes," approved March 2, 1917.
Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That paragraph 19 of section 2 of the Act entitled "An Act to provide a civil government for Porto Rico, and for other purposes," approved March 2, 1917, is hereby amended to read as follows :
"That no public money or property shall ever be appropriated, applied, donated, used, directly or

indirectly, for the use, benefit, or support of any sect, church, denomination sectarian institution, or association, or system of religion, or for the use, benefit, or support of any priest, preacher, minister, or other religious teacher or dignitary as such. Contracting of polygamous or plural marriages hereafter is prohibited." SEC.2. That section 3 of said Act to provide a civil government for Porto Rico is hereby amended to read as follows:

"SEC.3. <u>That no export duties shall be levied or collected on exports from Porto Rico, but taxes and assessments on property, internal revenue, and license fees, and royalties for franchises, privileges, and concessions may be imposed for the purposes of the insular and municipal governments, respectively, as may be provided and defined by the Legislature of Porto Rico; and, when necessary to anticipate taxes and revenues, bonds and other obligations may be issued by Porto Rico or any municipal government therein as may be provided by law, and to protect the public credit: Provided however, That no public indebtedness of Porto Rico or of any subdivision or municipality thereof shall be authorized or allowed in excess of 10 per centum of the aggregate tax valuation of its property,</u> and all bonds issued by the government of Porto Rico, or by its authority, shall be exempt from taxation by the Government of the United States or by the government of Porto Rico or of any political or municipal subdivision thereof, or by any State, or by any county, municipality, or other municipal subdivision of any State or Territory of the United States, or by the District of Columbia. <u>In computing the indebtedness of the people of Porto Rico, bonds issued by the people of Porto Rico secured by an equivalent amount of bonds of municipal corporations or school boards of Porto Rico shall not be counted.</u>" Approved, February 3, 1921. See Exhibit 4 here.

The Jones-Shafroth Act of 1917 was also amended in 1921 according to the Office of the Law Revision Counsel of the U.S. House of Representatives with regards to the key issue here. See Exhibits 5 and 6 here.

**48 USC 741: Export duties, taxes, etc.; bonds to anticipate revenues** Text contains those laws in effect on March 12, 2017
From Title 48-TERRITORIES AND INSULAR POSSESSIONSCHAPTER 4-PUERTO RICOSUBCHAPTER I-GENERAL PROVISIONS

## §741. Export duties, taxes, etc.; bonds to anticipate revenues

No export duties shall be levied or collected on exports from Puerto Rico, <u>but taxes and assessments on property, income taxes, internal revenue, and license fees, and royalties for franchises, privileges, and concessions may be imposed for the purposes of the insular and municipal governments, respectively, as may be</u>

provided and defined by the Legislature of Puerto Rico; and when necessary to anticipate taxes and revenues, bonds and other obligations may be issued by Puerto Rico or any municipal government therein as may be provided by law, and to protect the public credit.

(Mar. 2, 1917, ch. 145, §3, 39 Stat. 953 ; Feb. 3, 1921, ch. 34, §2, 41 Stat. 1096 ; Mar. 4, 1927, ch. 503, §1, 44 Stat. 1418 ; Aug. 26, 1937, ch. 831, 50 Stat. 843 .)

48 USC 745: Tax exempt bonds Text contains those laws in effect on March 12, 2017
From Title 48-TERRITORIES AND INSULAR POSSESSIONSCHAPTER 4-PUERTO RICOSUBCHAPTER I-GENERAL PROVISIONS

## §745. Tax exempt bonds

All bonds issued by the Government of Puerto Rico, or by its authority, shall be exempt from taxation by the Government of the United States, or by the Government of Puerto Rico or of any political or municipal subdivision thereof, or by any State, Territory, or possession, or by any county, municipality, or other municipal subdivision of any State, Territory, or possession of the United States, or by the District of Columbia.

(Mar. 2, 1917, ch. 145, §3, 39 Stat. 953 ; Feb. 3, 1921, ch. 34, §2, 41 Stat. 1096 ; Mar. 4, 1927, ch. 503, §1, 44 Stat. 1418 ; Aug. 26, 1937, ch. 831, 50 Stat. 844 ; Aug. 17, 1950, ch. 731, 64 Stat. 458 ; Pub. L. 87–121, §1, Aug. 3, 1961, 75 Stat. 245 .)

The Jones-Shafroth Act of 1917 was also amended in 1927 according to the

Office of the Law Revision Counsel of the U.S. House of Representatives, see

Public Law No.797, of March 4, 1927, Sixty-ninth Congress, Session II, Chapter

503, page 1418, et seq. For the entire amendment see Exhibit 7 here. With

regards to the key legal issue under discussion here see the following.

SEC.3. That no export duties shall be levied or collected on exports from Porto Rico, but taxes and assessments on property, income taxes, internal revenue, and license fees, and royalties for franchises, privileges, and concessions may be imposed for the purposes of the insular and municipal governments, respectively, as may be provided and defined by the Legislature of Porto Rico; and when necessary to anticipate taxes and revenues, bonds and other obligations may be issued by Porto Rico or any municipal government therein as may be provided by law, and to protect the public credit: Provided, however, That no public indebtedness of Porto Rico, and the municipalities of San Juan and Ponce shall be allowed, in excess of 10 per centum of the aggregate tax valuation of its property, and no public indebtedness of any other subdivision or municipality of Porto Rico shall hereafter be allowed in excess of 5 per centum of the aggregate tax valuation of the property in any subdivision or municipality, and all bonds issued by the government of Porto Rico, or by its

7

authority, shall be exempt from taxation by the Government of the United States, or by the government of Porto Rico or of any political or municipal subdivision thereof, or by any State, Territory, or possession, or by any county, municipality, or other municipal subdivision of any State, Territory, or Existing secured bonds not computed possession of the United States, or by the District of Columbia. **In computing the indebtedness of the people of Porto Rico, municipal bonds for the payment of interest and principal of which the good faith of the people of Porto Rico has heretofore been pledged and bonds issued by the people of Porto Rico secured by bonds to an equivalent amount of bonds of municipal corporations or school boards of Porto Rico shall not be counted, but all bonds hereafter issued by any municipality or subdivision within the 5 per centum hereby authorized for which the good faith of the people of Porto Rico is pledged shall be counted.**
"And it is further provided, That the internal-revenue taxes levied Collection, by the Legislature of Porto Rico in pursuance of the authority granted by this Act on articles, goods, wares, or merchandise may be levied and collected as such legislature may direct, on the articles subject to said tax, as soon as the same are manufactured, sold, used, or brought into the island : Provided, That no discrimination be made between the articles imported from the United States or foreign countries and similar articles produced or manufactured in Porto Rico. The officials of the Customs and Postal Services of the United States are hereby directed to assist the appropriate officials of the Porto Rican government in the collection of these taxes."

On May 17, 1932, the Jones-Shafroth Act of 1917 was amended again but

those amendments are not pertinent to the key legal issue in discussion here. [1]

---

[1] **§731. Territory included under name Puerto Rico**
  The provisions of this chapter shall apply to the island of Puerto Rico and to the adjacent islands belonging to the United States and waters of those islands; and the name Puerto Rico, as used in this chapter, shall be held to include not only the island of that name, but all the adjacent islands as aforesaid.

(Mar. 2, 1917, ch. 145, §1, 39 Stat. 951; May 17, 1932, ch. 190, 47 Stat. 158.)

**§731a. Change of name; Puerto Rico**
  From and after May 17, 1932, the island designated "Porto Rico" in the Act entitled "An Act to provide a civil government for Porto Rico, and for other purposes," approved March 2, 1917, as amended, shall be known and designated as "Puerto Rico." All laws, regulations, and public documents and records of the United States in which such island is designated or referred to under the name of "Porto Rico" shall be held to refer to such island under and by the name of "Puerto Rico."

On August 3, 1935, and August 13, 1935 the Jones-Shafroth Act of 1917

was amended again. The following amendments are pertinent to the key legal

issue under discussion here.

### §745a. Public improvement bonds sold to United States or agency thereof excluded from public indebtedness

Bonds or other obligations of Puerto Rico or any municipal government therein, payable solely from revenues derived from any public improvement or undertaking (which revenues may include transfers by agreement or otherwise from the regular funds of the issuer in respect of the use by it of the facilities afforded by such improvement or undertaking), and issued and sold to the United States of America or any agency or instrumentality thereof, shall not be considered public indebtedness of the issuer within the meaning of section 745 of this title.

(Aug. 13, 1935, ch. 516, 49 Stat. 611.) See Exhibit 8 here.

### §745b. Refunding bonds excluded temporarily in computing indebtedness

Any bonds or other obligations of Puerto Rico issued after August 3, 1935, for the purpose of retiring previously outstanding bonds or obligations shall not be included in computing the public indebtedness of Puerto Rico under section 745 of this title, until six months after their issue. (Aug. 3, 1935, ch. 435, 49 Stat. 516.) See Exhibit 9 here.

---

(May 17, 1932, ch. 190, 47 Stat. 158.)

### §733. Citizens; former Spanish subjects and children; body politic; name

All inhabitants continuing to reside in Puerto Rico who were Spanish subjects on the 11th day of April 1899, and then resided in Puerto Rico, and their children born subsequent thereto, shall be deemed and held to be citizens of Puerto Rico, and as such entitled to the protection of the United States, except such,as shall have elected to preserve their allegiance to the Crown of Spain on or before the 11th day of April 1900, in accordance with the provisions of the treaty of peace between the United States and Spain entered into on the 11th day of April 1899; and they, together with such citizens of the United States as may reside in Puerto Rico, shall constitute a body politic under the name of the People of Puerto Rico, with governmental powers as hereinafter conferred, and with power to sue and be sued as such.

(Apr. 12, 1900, ch. 191, §7, 31 Stat. 79; May 17, 1932, ch. 190, 47 Stat. 158.)

### §733a. Citizens; residence in island of citizens of United States

All citizens of the United States who have resided or who shall after March 4, 1927, reside in the island for one year shall be citizens of Puerto Rico.

(Mar. 2, 1917, ch. 145, §5a, as added Mar. 4, 1927, ch. 503, §2, 44 Stat. 1418; amended May 17, 1932, ch. 190, 47 Stat. 158.)

On August 26, 1937, the Jones-Shafroth Act of 1917 was amended again.[2] The following amendment is pertinent to the key legal issue under discussion here.

### §741a. Internal-revenue taxes; levy and collection; discrimination

The internal-revenue taxes levied by the Legislature of Puerto Rico in pursuance of the authority granted by this chapter on articles, goods, wares, or merchandise may be levied and collected as such legislature may direct, on the articles subject to said tax, as soon as the same are manufactured, sold, used, or brought into the island: *Provided,* That no discrimination be made between the articles imported from the United States or foreign countries and similar articles produced or manufactured in Puerto Rico. The officials of the Customs and Postal Services of the United States are directed to assist the appropriate officials of the Puerto Rican government in the collection of these taxes. (Mar. 2, 1917, ch. 145, §3, 39 Stat. 953; Mar. 4, 1927, ch. 503, §1, 44 Stat. 1418; Aug. 26, 1937, ch. 831, 50 Stat. 844.) Exhibit 10 here.

The next applicable federal law was Public Law 81-600 of July 3, 1950 which authorized the people of P.R. to adopt their own Constitution. It also served to amend all the sections in the Jones-Shafroth Act of 1917, hereinafter called the Federal Relations Act, that were considered to become duplicative, superfluous or unnecessary, once the new Constitution of P.R. became effective. See Exhibit 11 here.

SEC. 4. Except as provided in section 5 of this Act, the Act entitled "An Act to provide a civil government for Porto Rico, and for other purposes", approved March 2, 1917, as amended, **is hereby continued in force and effect** and may **hereafter be cited as the "Puerto Rican Federal Relations Act"** .

---

[2] On August 17, 1950, [Public Law 708] was enacted to amend the Jones-Shafroth Act of 1917.
To amend section 3 of the Organic Act of Puerto Rico.
Be it enacted by the Senate and House o f Representatives of the United States of America in Congress assembled, That section 3 of the Act entitled "An Act to provide a civil government for Porto Rico, and for other purposes", approved March 2, 1917, as amended, is hereby amended by inserting in the first proviso after the word "Ponce" a comma and the words "Arecibo, Rio Piedras". Approved August 17, 1950.

SEC. 5. At such time as the constitution of Puerto Rico becomes effective, the following provisions of such Act of March 2, 1917, as amended, shall be deemed repealed:

(1) Section 2, except the paragraph added thereto by Public Law 362, Eightieth Congress, first session, approved August 5, 1947.

(2) Sections 4, 12, 12a, 13, 14, 15, 16, 17, 18, 18a, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 39, 40, 49, 49b, 50, 51, 52, 53, 56, and 57.

(3) The last paragraph in section 37.

(4) Section 38, except the second paragraph thereof which begins with the words "The Interstate Commerce Act" and ends with the words "shall not apply in Puerto Rico".

SEC. 6. All laws or parts of laws inconsistent with this Act are hereby repealed.

Approved July 3, 1950.

The most significant aspect of this federal law (Public Law 81-600) for what is pertinent to the gist of our discussion here is that **section 3 of the Jones Shafroth Act of 1917 was not repealed.** "In computing the indebtedness of the people of Porto Rico, bonds issued by the people of Porto Rico secured by an equivalent amount of bonds of **municipal corporations or school boards** of Porto Rico shall not be counted."

On August 17, 1950 the Jones-Shafroth Act of 1917 suffered another amendment but a very minor one not relevant to this discussion.[3] The next applicable law that came into being was the Constitution of P.R. which as already seen had been authorized by a federal law (Public Law 81-600),[4] which

---

[3] 64 STAT L 81ST CONG. 2D SESS.—CHS. 731-734—AUG. 17, 1950
To amend section 3 of the Organic Act of Puerto Rico.
Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled: That section 3 of the Act entitled "An Act to provide a civil government for Porto Rico and for other purposes", approved March 2, 1917, as amended, is hereby amended by inserting in the first proviso after the word "Ponce" a comma and the words "Arecibo, Rio Piedras". Approved August 17, 1950. Exhibit 16.

[4] [CHAPTER 446]
AN ACT July 3, 1950
To provide for the organization of a constitutional government by the people of Puerto Rico.
Whereas the Congress of the United States by a series of enactments has progressively recognized the right of self-government of the people of Puerto Rico; and

was approved by the People of P.R. in a referendum on June 4, 1951, drafted

by members of a Constitutional Convention, submitted to the U.S. Congress for

approval [that amended two (2) clauses-see underlined clauses in footnote 3],

ratified by another federal law, Public Law 447 (July 3, 1952-Exhibit 12 here)[5]

---

Whereas under the terms of these congressional enactments an
increasingly large measure of self-government has been achieved:
Therefore Be it enacted by the Senate and House of
Representatives of the United States of America in Congress
assembled, **That, fully recognizing the principle of government
by consent, this Act is now adopted in the nature of a compact
so that the people of Puerto Rico may organize a government
pursuant to a constitution of their own adoption.**
SEC. 2 . **This Act shall be submitted to the qualified voters of
Puerto Rico for acceptance or rejection through an island-wide
referendum** to be held in accordance with the laws of Puerto
Rico. Upon the approval of this Act, by a majority of the voters
participating in such referendum, **the Legislature of Puerto Rico
is authorized to call a constitutional convention to draft a
constitution for the said island of Puerto Rico.** The said
constitution shall provide a republican form of government and
shall include a bill of rights.
SEC. 3. **Upon adoption of the constitution by the people of
Puerto Rico, the President of the United States is authorized to
transmit such constitution to the Congress of the United States**
if he finds that such constitution conforms with the applicable
provisions of this Act and of the Constitution of the United
States. **Upon approval by the Congress the constitution shall
become effective in accordance with its terms.**

[5] 66 S T A T .] PUBLIC LAW 447-JULY 3, 1952
Public Law 447 CHAPTER 567 JOINT RESOLUTION Approving the constitution of the
Commonwealth of Puerto Rico which was [H.J.Res. 430] adopted by the people of Puerto Rico
on March 3, 1952.
Whereas the Act entitled "<u>An Act to provide for the organization of a constitutional
government by the people of Puerto Rico", approved July 3, 1950, was adopted by the
Congress as a compact with the people of Puerto Rico</u>, to become operative upon its
approval by the people of Puerto Rico: and Whereas <u>the people of Puerto Rico
overwhelmingly approved such Act in a referendum held on June 4, 1951</u>, and a
constitution for the Commonwealth of Puerto Rico was drafted by a constitutional convention
held as provided by such Act from September 17, 1951, to February 6, 1952; and
Whereas <u>such constitution was adopted by the people of Puerto Rico, by a vote of three
hundred seventy-four thousand six hundred and forty-nine to eighty-two thousand nine
hundred and twenty-three, in a referendum held on March 3, 1952</u>; and
Whereas the President of the United States has declared that the constitution of the
Commonwealth of Puerto Rico conforms fully with the applicable provisions of such Act of
July 3, 1950, and of the Constitution of the United States, that it contains a bill of rights,
and provides for a republican form of government, and has transmitted the constitution of the
Commonwealth of Puerto Rico to the Congress for its approval; and

and adopted by the Constitutional Convention members as amended by the

U.S. Congress, finally approved by the People of P.R. in another referendum on

March 3, 1952, (with 374,649 or 81.9%; yes: to 82,923 or 18.1%; no with a total

vote of 457,572) and proclaimed by the Government of P.R. on July 25, 1952.

The pertinent part of the P.R. Constitution for this discussion is section 2 of

Article VI which stated:

> Section 2. The power of the Commonwealth of Puerto Rico to impose and
> collect taxes and to authorize their imposition and collection by municipalities shall be
> exercised as determined by the Legislative Assembly and shall never be surrendered or
> suspended. The power of the Commonwealth of Puerto Rico to contract and to
> authorize the contracting of debts shall be exercised as determined by the
> Legislative Assembly, but no direct obligations of the Commonwealth for money
> borrowed directly by the Commonwealth evidenced by bonds or notes for the
> payment of which the full faith credit and taxing power of the Commonwealth
> shall be pledged shall be issued by the Commonwealth if the total of (i) the amount

---

Whereas the Congress has considered the constitution of the Commonwealth of Puerto Rico and
has found it duly to conform to the above requirements:
Therefore be it *Resolved by the Senate and House of Representatives of the United
States of America in Congress assembled*^
That the constitution of the Commonwealth of Puerto Rico which was drafted by the selected
delegates to the Constitutional Convention and adopted by the people of Puerto
Rico in a referendum of March 3, 1952, in accordance with the Act entitled "An Act to provide
for the organization of a constitutional government by the people of Puerto Rico", approved July
3, 1950 (64 Stat. 319; 48 U. S. C, sees. 731b^73 I e ), is hereby approved by the Congress of
the United States, except section 20 of article II of said constitution: *Provided*^ That section 5 of
article II thereof shall have no force and effect until amended by the people of Puerto Rico
under the procedure prescribed by article VII of the constitution of the Commonwealth of
Puerto Rico by adding to such section 5 the following declaration: "Compulsory attendance at
elementary public schools to the extent permitted by the facilities of the state as herein provided
shall not be construed as applicable to those who receive elementary education in schools
established under nongovernmental auspices": *Provided further*^ That except for the purpose of
adopting the amendments to section 5 of article II and to section 3 of article VII as herein
provided, article VII of said constitution likewise shall have no force and effect until amended
by the people of Puerto Rico under the terms of said article by adding to section 3 of
article VII the following new sentence: "Any amendment or revision of this constitution
shall be consistent with the resolution enacted by the Congress of the United States
approving this constitution, with the applicable provisions of the Constitution of the
United States, with the Puerto Rican Federal Relations Act, and with Public 39 stat. 951,
Law 600, Eighty-first Congress, adopted in the nature of a compact": 48use'731 note, *And
provided further*^ That the constitution of the Commonwealth 73ib.73ie.of Puerto Rico hereby
approved shall become effective when the Constitutional Convention of Puerto Rico shall have
declared in a formal resolution its acceptance in the name of the people of Puerto Rico of the
conditions of approval herein contained, and when the Governor of Puerto Rico, being duly
notified by the proper officials of the Constitutional Convention of Puerto Rico that such
resolution of acceptance has been formally adopted, shall issue a proclamation to that effect.
Approved July 3, 1952. - **Puerto Rico.** 328 PUBLIC LAW 448-JULY 3, 1952 [66 STAT.]

13

of principal of and interest on such bonds and notes, together with the amount of principal of and interest on all such bonds and notes theretofore issued by the Commonwealth and then outstanding, payable in any fiscal year and (ii) any amounts paid by the Commonwealth in the fiscal year next preceding the then current fiscal year for principal or interest on account of any outstanding obligations evidenced by bonds or notes guaranteed by the Commonwealth, **shall exceed 15% of the average of the total amount of the annual revenues raised under the provisions of Commonwealth legislation and covered into the Treasury of Puerto Rico in the two fiscal years next preceding the then current fiscal year; and no such bonds or notes issued by the Commonwealth for any purpose other than housing facilities shall mature later than 30 years from their date and no bonds or notes issued for housing facilities shall mature later than 40 years from their date; and the Commonwealth shall not guarantee any obligations evidenced by bonds or notes if the total of the amount** payable in any fiscal year on account of principal of and interest **on all the direct obligations referred to above theretofore issued by the Commonwealth and then outstanding and the amounts referred to in item (ii) above shall exceed 15 percent of the average of the total amount of such annual revenues.**

The Legislative Assembly shall fix limitations for the issuance of direct obligations by any of the municipalities of Puerto Rico for money borrowed directly by such municipality evidenced by bonds or notes for the payment of which the full faith, credit and taxing power of such municipality shall be pledged; **provided, however, that no such bonds or notes shall be issued by any municipality in an amount which, together with the amount of all such bonds and notes theretofore issued by such municipality and then outstanding, shall exceed the percentage determined by the Legislative Assembly, which shall be not less than five per centum (5%) nor more than ten per centum (10%) of the aggregate tax valuation of the property within such municipality.**

The Secretary of the Treasury may be required to apply the available revenues including surplus to the payment of interest on the public debt and the amortization thereof in any case provided for by Section 8 of this Article VI at the suit of any holder of bonds or notes issued in evidence thereof. See Exhibit 13 here.

This section 2 of Article VI of the P.R. Constitution is the one upon which I base my main allegations in my timely filed MTIARDJ, claiming that this HUSDCDPR should declare that all of the debt issued and sold above the limits prescribed here was unconstitutional, and consequentially illegal and null ab initio as its most proximate legal concomitant. This section was amended as a result of a referendum held on December 10, 1961[6] which was ordered by Law Num. 1 of

---

[6] The referendum results were 385,369 "Yes's" for 82.8% to 80,224 "No's" for 17.2% representing a total of 465,593 voters. These results reveal 8,021 more voters than in

September 29, 1961(Exhibit 14) and which had been previously authorized by

the U.S. Congress in Public Law 87-121 of August 3, 1961 (Exhibit 15), through

House Joint Resolution 124.

"To provide for amending section 3 of the Puerto Rico Federal Relations Act
(64 Stat. 319) as amended (64 Stat. 458)."

*Resolved by the Senate and House of Representatives of the United States of America in Congress assembled,* That section 3 of the Puerto Rican Federal Relations Act (64 Stat. 319), as amended (64 Stat. 458), is amended by deleting therefrom the following language: *"Provided, however,* That no public indebtedness of Puerto Rico and the municipalities of San Juan, Ponce, Arecibo, Rio Piedras and Mayaguez shall be allowed in excess of 10 per centum of the aggregate tax valuation of its property, and no public indebtedness of any other subdivision or municipality of Puerto Rico shall hereafter be allowed in excess of 5 per centum of the aggregate tax valuation of the property in any such subdivision or municipality," and "In computing the indebtedness of the people of Puerto Rico, municipal bonds for the payment of interest and principal of which the good faith of the people of Puerto Rico has heretofore been pledged and bonds issued by the people of Puerto Rico secured by bonds to an equivalent amount of bonds of municipal corporations or school boards of Puerto Rico shall not be counted but all bonds hereafter issued by any municipality or subdivision within the 5 per centum hereby authorized for which the good faith of the people of Puerto Rico is pledged shall be counted."

SEC. 2. Section 1 of this Act shall take effect upon a majority of the qualified electors of Puerto Rico having voted in a referendum pursuant to section 1 of article VII of the constitution of the Commonwealth of Puerto Rico, to include provisions in the Commonwealth constitution, in lieu of the provisions of section 3 of the Puerto Rican Federal Relations Act specified herein, limiting the debt-incurring capacity of the Commonwealth and of its municipalities (as proposed in the concurrent resolution of the legislative assembly of the Commonwealth).

Approved August 3, 1961.

In summary, section 2 of Article VI of the P.R. Constitution, establishing the

debt limit that could be incurred by the Commonwealth, was approved in the

referendum held on December 10, 1961, authorized my Law Num 1 of

September 29, 1961 that had been explicitly, expressly, specifically and

approved by Congress of August 3, 1961 in Public Law 87-121.

---

the 1952 referendum approving the Constitution with 10,720 more yes's and 2,699 less No's. Source: DISPOSICIONES SOBRE LA DEUDA PUBLICA EN LA CONSTITUCION DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO: BREVE REFLEXION HISTORICA-CONSTITUCIONAL PONENCIA Lcdo. CARLOS E. RAMOS GONZALEZ* Catedrático de la Facultad de Derecho de la Universidad Interamericana de Puerto Rico. 85 Rev. Jur. U.P.R. 705 2016.

This unique history gives this section 2 of article VI more relevance and significance since it was and has remained, as the only amendment to the P.R. Constitution pre-approved by Congress. Not only that, but Congress pre-approved that same amendment to the P.R. Constitution was to amend section 3 of the Jones-Shafroth Act which had not been repealed by the subsequent amendments of that law nor my the Public Law 600 of July 3, 1950 which amended same Jones-Shafroth Act and changed its name to Puerto Rican Federal Relations Act. In anticipation of the probable approval of the section 2 Article VI amendment to the P.R. Constitution in the December 10, 1961 referendum to those effects, Congress went as far as on August 3, 1961, ordering, as we have seen, that it became part of the Puerto Rican Federal Relations Act "in lieu of the provisions of section 3 specified herein, limiting the debt-incurring capacity of the Commonwealth and all of its municipalities (as proposed in the concurrent resolution of the legislative assembly of the Commonwealth)".

As anyone can see, it is difficult to even fathom a clause of the P.R. Constitution with more force and effect than section 2 Article VI given the fait accompli that it was specifically pre-approved by Congress as proposed by the P.R. legislature subject to an anticipated approval by the People of P.R. in a referendum for those specific effects. Congress went even further, Congress eliminated clauses in the Puerto Rican Federal Relations Act that had been in effect since the Jones Act of 1917, (although with certain amendments through time) in deference and respect to the amendment proposed by the Government of P.R. to establish constitutional limits to the amount of debt level that could be issued.

Now if you look into the clause itself you must agree that it made perfect sense. First it restricted the debt limit subject to the revenues collected which constitute the source of repayment. Since there could be one good year and another bad year it did not restrict the debt limit to the previous fiscal year revenues but allowed and provided for the previous two fiscal years and the average of the revenues collected in both of them years. Not only that, but in order to provide some flexibility and leeway in order not to straitjacket the investment needed for the development and economic growth the Archipelago of P.R. was then undergoing, it provided for a generous fifteen (15%) percent margin of overdraft over the average of the revenues collected in the previous two years.

### III. Summary Of Argument

For all the above reasons, this HUSDCDPR does not have any reason in law not to issue a declaratory judgment ruling that this section 2 of Article VI of the P.R. Constitution, approved by the December 10, 1961 referendum, and explicitly, expressly, and specifically approved by Congress of August 3, 1961 in Public Law 87-121, is applicable and controlling here. Once this HUSDCDPR issues the granting of this declaratory judgment petitioned in my timely filed MTIARDJ and reiterated here, all the debt that was issued in excess of the limits in same section 2 Article VI should be declared and ruled null ab initio as requested.

Obviously, which bonds and other obligations, for what amounts, and when were issued in excess of the limits prescribed by this section 2 of Article VI of the P.R. Constitution, will be subject to and object of subsequent allegations, arguments, discovery, evidence, expert witnesses, and testimonies,

by the Plaintiffs, Defendants and all intervenors. This HUSDCDPR will have the historical position and responsibility of considering, determining and ruling accord all of the above, depending upon the evaluation of all of the above and thy judicial discretion, which criteria or standard is going to be utilized in order to determine which portion of the debt was incurred into unconstitutionally and which consequentially must be legally voided and who or which parties are going to pay for this wrongful and negligent conduct.

One criteria or standard could be merely quantitative in nature using the old first come –first served basis as the rule, which would accordingly approve of all the debt issued each year until the cap or top was reached and rule all the one in excess as void, regardless of its category, class or type.

Other criteria or standard could be establishing a qualitative rule and considering the general obligations (go's) first; the municipalities obligations, second; the public corporations obligations, third; and the COFINA obligations, fourth, or whichever prelation order this HUSDCDPR may elect based upon its judicial discretion. Of course, there is no limit to the legal authority and judicial discretion of this HUSDCDPR in terms of deciding what order of prelation it will decide in order to resolve this controversy among so many classes of creditors.

The same principle applies to what percentage of the civil legal public liability this HUSDCDPR is going to impose upon all the parties that; consciously or unconsciously, intentionally or non-intentionally, violated Section 2 of Article VI of the P.R. Constitution, making millions of dollars in profit and expecting to continue to bilk billions of dollars from the residents of P.R., like myself and all those similarly situated that have been pre-paying and are expected to continue pre-paying for the next forty (40) years, the scores and

scores of taxes that have been unjustly imposed over us during the past years
and that are planned to be imposed for the future years, to pay for
unconstitutional and illegal debt incurred into by government officers, bankers,
brokers, and directors and officers of the Government Development Bank,
public corporations, insurance companies, banks and financial firms, law firms,
and others who I timely named in the Complaint I integrated as part of my timely
MTIARDJ in the Assured Guaranty Corp. Et Al. action [16-01037(FAB)] and the
instant one, who were derelict in their ethical, fiduciary and ministerial duties.

III.    Final Note

I have done my best to try to persuade thy Honor, that by granting my timely file
MTIARDJ in related civil action 16-01037 (FAB) and the instant one,
consequentially thou benefit from them because they place thou in an
advantageous, unique and almost utopian position to provide for Justice to all
the parties involved, which will allow you to make each responsible party pay
the proportional corresponding price for its errors and administer and manage
Justice in such a way that the disadvantaged, poor and vulnerable People of
Puerto Rico, including our grand children and our great grandchildren do not
have to pay for the errors of their parents and grandparents who were
unconstitutionally negligent.

IV.    Conclusion

For all the above stated reasons, I pray that this HUSDCDPR grants my timely
filed MTIARDJ and issues the declaratory judgment petitioned therewith and
reiterated here, that the evidence produced here more than justifies. In the
alternative, I pray that this Motion is considered and taken as a Notice of Appeal
if this HUSDCDPR decides to the contrary and denies same.

Sö I State, Allege and Pray. Respectfully submitted, today, March 15, 2017.

## CERTIFICATE OF SERVICE

I, Angel Ruiz Rivera, putative Intervenor, appearing here *Pro Se* and *In Forma Pauperis* (IFP) hereby certify that I have sent a copy of this Motion To Intervene by e-mail to all the appearing attorneys of record for all the parties according to the docket record.

Angel Ruiz Rivera
Intervenor
Pro Se and IFP
Ext. Villa Rica AA-27
Calle Santa Rita
Bayamon, P.R. 00959.
angelruizrivera@gmail.com
787-779-9222.