# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## OBJECTION OF THE COMMONWEALTH OF PUERTO RICO TO MOTION TO ALTER OR AMEND ORDER SUSTAINING OBJECTION (DKT. 8297) TO CLAIMS NO. 152470 & NO. 152283 [ECF No. 8760]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1
BACKGROUND ............................................................................................................................2
ARGUMENT ..................................................................................................................................4
   A. Movants Cannot Establish a Manifest Error of Law or Fact. ................................................5
   B. Movants Fail to Establish a Manifest Injustice. ....................................................................8
   C. Movants Present No New Evidence. .....................................................................................9
   D. Movants Cannot Establish an Intervening Change in Controlling Law. .............................10
CONCLUSION .............................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Alvarado Santos v. Dep't. of Health of Puerto Rico*,
  2008 WL 11384166 (D.P.R. June 26, 2008)..............................................................................10

*Antonmarchi v. Consol. Edison Co. of N.Y. Inc.*,
  2009 WL 1069161 (S.D.N.Y. Apr. 17, 2009) (Swain, J.) .........................................................9

*Colon-Zayas v. Estado Libre Asociado de Puerto Rico*,
  2007 WL 9760469 (D.P.R. Aug. 20, 2007) ..............................................................................10

*Emmanuel v. Int'l Brotherhood of Teamsters, Local Union No. 25*,
  426 F.3d 416 (1st Cir. 2005) .....................................................................................................9

*F.D.I.C. v. World Univ., Inc.*,
  978 F.2d 10 (1st Cir. 1992).........................................................................................................6

*Gordon v. Fundamental Investors*,
  362 F. Supp. 41 (S.D.N.Y. 1973) ..........................................................................................7, 8

*In re Latin Am. Roller Co.*,
  2010 WL 11674221 (D.P.R. Mar. 24, 2010) ............................................................................6

*In re Pabon Rodriguez*,
  233 B.R. 212 (Bankr. D.P.R. 1999), *aff'd,* 2000 WL 35916017 (B.A.P. 1st
  Cir. 20000), *aff'd,* 17 F. App'x. 5 (1st Cir. 2001).................................................................4, 5

*In re Plaza Resort at Palmas, Inc.*,
  494 B.R. 178 (D.P.R. 2013)........................................................................................................7

*In re Solder*,
  2016 WL 3344840 (D.P.R. June 8, 2016).................................................................................10

*Marie v. Allied Home Mortg. Corp.*,
  402 F.3d 1 (1st Cir. 2005)...........................................................................................................4

*Mendoza Toro v. Gil*,
  110 F. Supp. 2d 28 (D.P.R. 2000)...............................................................................................7

*Palmer v. Champion Mortg.*,
  465 F.3d 24 (1st Cir. 2006).........................................................................................................7

*Quality Cleaning Products R.C., Inc. v. SCA Tissue N. Am.*,
  794 F.3d 200 (1st Cir. 2015) .................................................................................................. 5, 9

*Rabassa Suarez v. Ford Motor Co.*,
  204 F. Supp. 2d 302 (D.P.R. 2002) .............................................................................................. 6

*Rodriguez-Narvaez v. Pereira*,
  552 F. Supp. 2d 211 (D.P.R. 2007) .......................................................................................... 5, 6

*Rosado, et al. v. Banco Popular de Puerto Rico*,
  561 B.R. 598 (B.A.P. 1st Cir. 2017) ............................................................................................ 4

*State Ins. Fund Corp. v. Medsci Diagnostics, Inc.*,
  2012 WL 1480169 (D.P.R. Apr. 27, 2012) .................................................................................. 8

*Twohy v. First Nat'l Bank of Chicago*,
  758 F.2d 1185 (7th Cir. 1985) ..................................................................................................... 6

**STATUTES**

11 U.S.C. § 502(b)(1) ........................................................................................................................ 8

48 U.S.C. §§ 2101–2241 ................................................................................................................ 1, 4

Puerto Rico Civil Code Article 1802, 31 L.P.R.A. § 5141 .......................................................... 5, 6

**OTHER AUTHORITIES**

Federal Rule of Bankruptcy Procedure 9023 .................................................................................. 4

Federal Rule of Civil Procedure 59(e) ..................................................................................... *passim*

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this objection (the "Objection") to the *Motion to Alter or Amend Order Sustaining Objection (Dkt. 8297) to Claims No. 152470 & No. 152283* [ECF No. 8760] (the "Motion"), filed by Jorge A. Díaz Mayoral ("Díaz Mayoral") and Juan A. Frau Escudero ("Escudero") (collectively, the "Movants").

## PRELIMINARY STATEMENT

1. At the September 11, 2019 omnibus hearing, this Court considered the *Sixty-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Based on Investments in Mutual Funds* (the "Sixty-Fourth Omnibus Objection") [ECF No. 8297], which sought to disallow claims filed by individual investors who had purchased investments in mutual funds. Prior to the hearing, the Court had the benefit of numerous briefs filed by both the Commonwealth and by individual claimants who objected to the disallowance of their claims. At the hearing, several claimants, including Movants' counsel, had an opportunity to present arguments and evidence in opposition to the Sixty-Fourth Omnibus Objection. After carefully considering the parties' positions in their briefs and at oral argument, this Court sustained the Sixty-Fourth Omnibus Objection and disallowed the claims subject thereto.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

2. Dissatisfied with the Court's decision to disallow their Claims (as defined below), Movants filed this Motion seeking reconsideration of the Court's order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"). But relief under Rule 59(e) is sparingly granted, and is appropriate only in the rare circumstances where the moving party can either demonstrate a manifest error of law or fact or a manifest injustice, present newly discovered or previously unavailable evidence, or establish a change in controlling law.

3. The Motion fails to explain why any of these rare circumstances are present in this case. Instead, it either presents new arguments that could have been, but were not, presented to the Court prior to its ruling, or rehashes old arguments that this Court has already considered and rejected. Neither the new arguments Movants advance nor the arguments already presented to the Court provide a basis for the extraordinary relief Movants request.

4. Because Movants present no arguments or evidence demonstrating that the Court's carefully considered opinion should be reconsidered, the Motion should be denied in its entirety.

**BACKGROUND**

5. On June 29, 2018, Díaz Mayoral filed a claim against the Commonwealth, and it was logged by Prime Clerk as Proof of Claim No. 152470 (the "Díaz Mayoral Claim"). Also on June 29, 2018, Escudero filed a claim against the Commonwealth, and it was logged by Prime Clerk as Proof of Claim No. 152283 (the "Escudero Claim", and together with the Díaz Mayoral Claim, the "Claims").

6. On July 26, 2019, the Commonwealth filed the Sixty-Fourth Omnibus Objection, seeking to disallow certain proofs of claim that were based on one or more investments made by mutual funds, which in turn may have invested in bonds issued by the Commonwealth. Because

2

the claims subject to the Sixty-Fourth Omnibus Objection were based on such investments, the Commonwealth is not liable because the claims are derivative and the claimants lacked standing to assert claims against the Commonwealth.

7.  On September 4, 2019, Movants filed the *Response to Objection to Claim* [ECF No. 8609] (the "Response"). In that Response, Movants asserted that (1) the Movants had a right to present a claim pursuant to 11 U.S.C. § 501, and (2) mutual fund investors are "co-owners" of the assets owned by a mutual fund, and accordingly, mutual fund investors have standing to assert claims directly against the Commonwealth.

8.  On September 9, 2019, the Commonwealth filed the *Second Omnibus Reply of the Commonwealth of Puerto Rico to Responses Filed to Sixty-Fourth Omnibus Objection (Substantive) to Claims Based on Investments in Mutual Funds* (the "Reply") [ECF No. 8646], which addressed the arguments raised in the Response.

9.  On September 11, 2019, the Court heard oral argument on the Sixty-Fourth Omnibus Objection, the Response, the Reply, and related filings (the "September Hearing"). Following oral argument, the Court held "there is no standing of the mutual fund shareholders to assert claims based on the mutual fund investors, and the Mayoral, Escudero claims which are specifically listed in the claim objection are disallowed." Case No. 17-03283-LTS, *Tr. of Sept. 11, 2019 Hr'g. Before the Hon. Laura Taylor Swain*, at 81:12-15.

10. On September 25, 2019, Claimants filed the Motion. Therein, Movants request the Court reconsider and vacate its ruling, allow Movants to supplement their Response, hold an evidentiary hearing in connection with their disallowed claims, and/or allow Movants to amend their disallowed claims. *See* Motion at 9.

3

## ARGUMENT

11. As a threshold matter, "it is very difficult to prevail on a Rule 59(e) motion." *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005). It is well-settled that a motion for reconsideration "is an extraordinary remedy that must be used sparingly." *In re Pabon Rodriguez*, 233 B.R. 212, 220 (Bankr. D.P.R. 1999), *aff'd,* 2000 WL 35916017 (B.A.P. 1st Cir. 20000), *aff'd,* 17 F. App'x. 5 (1st Cir. 2001) (per curium); *see also Rosado, et al. v. Banco Popular de Puerto Rico*, 561 B.R. 598 (B.A.P. 1st Cir. 2017) (collecting cases). Consistent with these principles, this Court has repeatedly denied motions for reconsideration. *See, e.g.*, Case No. 18-ap-065, ECF. No. 31 (denying a motion for reconsideration where movants merely "reiterate[d] arguments that they made, and the Court considered and rejected, in connection with Defendants' Motion to Dismiss. Sureties have not identified any facts overlooked by this Court, proffered newly discovered evidence justifying reconsideration, or identified any manifest error of law."); Case No. 17-04780, ECF No. 1165; Case No. 17-ap-133, ECF No. 314; Case No. 17-03283-LTS, ECF No. 4429; Case No. 17-03283-LTS, ECF No. 2723; Case No. 17-03284-LTS, ECF No. 622. This Motion likewise does not establish a basis for such an extraordinary remedy.

12. To merit reconsideration under Rule 59(e),[3] Movants must (1) clearly establish a manifest error of law or fact; (2) clearly establish a manifest injustice; (iii) present newly discovered or previously unavailable evidence; or (4) establish an intervening change in controlling law. *See Marie*, 402 F.3d at 7 n.2; *Rosado, et al. v. Banco Popular de Puerto Rico*, 561 B.R. 598, 607-608 (B.A.P. 1st Cir. 2017) (citations omitted). Movants briefly invoke Rule

---

[3] Rule 59(e) is made applicable to this proceeding by Rule 9023 of the Federal Rules of Bankruptcy Procedure, which is made applicable by Section 310 of PROMESA.

4

59(e), but do not identify which, if any, of the four enumerated grounds is the basis for their Motion.[4] *See* Motion at 3. Regardless of the specific basis on which Movants rely, however, it is plain that none of the enumerated grounds justify reconsideration here.

### A. Movants Cannot Establish a Manifest Error of Law or Fact.

13. Movants advance two reasons why this Court's previous order contains an error of law: (1) Movants have suffered a personal injury under Article 1802 of the Puerto Rico Civil Code as a result of their investments in the Commonwealth's bonds; and (2) in certain circumstances, individual investors in mutual funds may have standing to assert injuries suffered as a result of losses on their investments. Neither theory supports reconsideration here.

14. Movants' first argument—that their Claims "can include, based on the investments they made in the mutual funds that invested in the Debtors' bonds, [] the personal injury that [Movants] sustained as a result of said investment," Mot. at 5 (citing Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141)—was raised for the first time in the Motion. Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Quality Cleaning Products R.C., Inc. v. SCA Tissue N. Am.*, 794 F.3d 200, 208 (1st Cir. 2015) (internal citations and quotation marks omitted); *see also Rodriguez-Narvaez v. Pereira*, 552 F. Supp. 2d 211, 221 (D.P.R. 2007) (a motion for reconsideration "is aimed at

---

[4] Indeed, by failing to articulate the grounds on which Movants seek reversal of this Court's prior orders, the Motion is facially deficient, and the Court may deny it on that basis alone. *See In re Pabon Rodriguez*, 233 B.R. at 219 ("The motion [for reconsideration] must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision.") (citations and quotations omitted).

5

*re*consideration, [and] not initial consideration, and thus is not a proper mechanism to advance arguments that should have been presented.") (emphasis original); *F.D.I.C. v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) ("Here, there was no reason why Santa Barbara could not have made its 'unreasonable time' argument before the district court entered judgment."). Movants had ample opportunity to make this argument prior to filing their Motion, but failed to do so. They cannot advance it now.

15. Even if this Court were to entertain Movants' personal injury argument, however, it does not support Movants' contention that they are entitled to assert a direct claim against the Commonwealth. As an initial matter, it is well-settled that Article 1802 of the Puerto Rico Civil Code "generally does not apply in the context of commercial transactions," such as the Movants' purchase of investments in mutual funds, which in turn may have purchased bonds issued by the Commonwealth. *In re Latin Am. Roller Co.*, No. 09-1110 (ADC/BJM), 2010 WL 11674221, at *9 (D.P.R. Mar. 24, 2010) (citing *Betancourt v. W.D. Schock Corp.*, 907 F.2d 1251, 1255 (1st Cir. 1990); *Isla Nena Air Servs., Inc. v. Cessna Aircraft Co.*, 449 F.3d 85, 88 (1st Cir. 2006)) (denying a motion for summary judgment partially based on Article 1802 to recover bankruptcy estate property).[5] It is also well-established that, in general, investors do not have "a personal or individual right of action against third parties for damages" arising from investment losses. *Twohy v. First Nat'l Bank of Chicago*, 758 F.2d 1185, 1194 (7th Cir. 1985). Because Movants

---

[5] Movants' assertion that they have suffered personal injuries as a result of their investments in Commonwealth bonds may also be time-barred. If a plaintiff seeks to raise "a tort action more than one year after the operative events that gave rise to the suit, "she bears the burden of proving that she lacked the requisite 'knowledge' at all relevant times." *Rabassa Suarez v. Ford Motor Co.*, 204 F. Supp. 2d 302, 304 (D.P.R. 2002) (citing *Hodge v. Parke Davis & Co.,* 833 F.2d 6, 7 (1st Cir.1987)(*quoting Vazquez Morales v. Estado Libre Asociado de Puerto Rico,* 967 F.Supp. 42, 46 (D.P.R.1997))). Movants have made no such showing.

6

cannot establish that they have been personally injured by the Commonwealth, they still lack standing to assert direct claims against the Commonwealth, and the Court properly disallowed their Claims.

16. Movants' second argument simply reasserts positions already considered—and rejected—by this Court. Here, Movants (1) reiterate their view that investors in mutual funds may be co-owners of the bonds purchased by the mutual funds, and (2) state that under certain circumstances, individual investors may have "standing to file their personal proof of claim separate and distinct from the proofs of claim of the mutual funds." Mot. at 9.

17. "Unless the Court has misapprehended some material fact or point of law," a motion for reconsideration "is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (citation omitted); (holding that Rule 59(e)) (emphasis original). Merely restating Movants' disagreement with the Court's conclusions does not demonstrate that the Court has made a manifest error of law or fact. *See Mendoza Toro v. Gil*, 110 F. Supp. 2d 28 (D.P.R. 2000) (rejecting a motion to alter or amend despite the moving party's argument "that she [wa]s entitled to relief because the Court made erroneous legal conclusions"); *In re Plaza Resort at Palmas, Inc.*, 494 B.R. 178, 180 (D.P.R. 2013) ("Because plaintiff Scotiabank rel[ies] on arguments that were raised previously, the motion for reconsideration is denied."). And, although Movants suggest that the Court may have overlooked certain language in *Gordon v. Fundamental Investors, Inc.*, which states that investors have "a direct right to attack a corporate transaction" in circumstances where that transaction "dilutes" the investors' ownership rights, Movants fail to

7

explain why the exception articulated in *Gordon* applies to Movants here. 362 F. Supp. 41 (S.D.N.Y. 1973).

18. This Court has already carefully considered, and rejected, the arguments that investors in mutual funds are co-owners of the bonds purchased by mutual funds, and that investors in mutual funds may have a right to assert a direct claim against the Commonwealth. Movants present no additional evidence or argument overlooked by the Court that might alter its conclusion. Accordingly, Movants cannot establish that any manifest error of law warrants reconsideration of the Court's order.

**B. Movants Fail to Establish a Manifest Injustice.**

19. Movants do not assert that reconsideration is needed to prevent manifest injustice, and accordingly, the Court should not grant reconsideration on this basis. *State Ins. Fund Corp. v. Medsci Diagnostics, Inc.*, Civ. No. 10-2239, 2012 WL 1480169, at *1 n.1 (D.P.R. Apr. 27, 2012) (denying motion for reconsideration where movant "did not make arguments on th[e] ground [of manifest injustice]").

20. Indeed, denial of the Motion will not result in such a "manifest injustice," because it is black-letter law that a proof of claim should be disallowed if it is "unenforceable against the debtor and the property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). As the Commonwealth has explained, Movants are not creditors of the Commonwealth because they did not have standing to file their Claims. *See* Reply at 6; *see also* Case No. 17-03283-LTS, *Tr. of Sept. 11, 2019 Hr'g. Before the Hon. Laura Taylor Swain*, at 80:18-81:22. Moreover, in the event that both Movants and the mutual funds in which they invested filed proofs of claim against the Commonwealth, there is a risk that Movants will receive

8

an unwarranted double recovery to the detriment of other stakeholders in the Commonwealth's Title III case. Because Movants advance no argument that reconsideration is needed to prevent manifest injustice, and because reinstatement of the Claims may cause harm to other stakeholders in the Commonwealth's Title III Case, reconsideration is not warranted on this basis.

### C. Movants Present No New Evidence.

21. The Motion does not present new evidence. Instead, it asserts that Movants have suffered a "personal injury" as a result of the losses they have incurred on the Commonwealth's bonds, and asks the Court to hold a new hearing so that Movants may "present evidence regarding their personal injury." Mot. at 9. But, the "new" evidence Movants seek to submit was unquestionably available to Movants when the Sixty-Fourth Omnibus Objection was briefed and heard, and accordingly, Movants cannot demonstrate that this evidence entitles them to reconsideration.

22. A motion for reconsideration may not rely on "evidence that, in the exercise of due diligence, could have been presented earlier." *Emmanuel v. Int'l Brotherhood of Teamsters, Local Union No. 25*, 426 F.3d 416, 422 (1st Cir. 2005). A party seeking reconsideration based on newly discovered evidence must demonstrate why that evidence could not have been presented earlier. *See, e.g.*, *Quality Cleaning Products R.C., Inc.*, 794 F. 3d at 208 (collecting cases); *see also Antonmarchi v. Consol. Edison Co. of N.Y. Inc.,* 2009 WL 1069161, at *2 (S.D.N.Y. Apr. 17, 2009) (Swain, J.) (denying a motion for reconsideration because the moving party "proffer[ed] nothing to rebut the implication that he possessed [the exhibits attached to his motion for reconsideration at the time of the original motion practice] or and that he could not have discovered them with reasonable due diligence").

9

23. Movants make no such showing. That is not surprising, because there can be little doubt that evidence supporting any injuries suffered as a result of Movants' purchase of mutual fund investments was available prior to briefing and argument on the Sixty-Fourth Omnibus Objection. Because Movants have not—and cannot—present newly discovered evidence that was previously unavailable to them, they are not entitled to reconsideration on this basis.

**D.      Movants Cannot Establish an Intervening Change in Controlling Law.**

24. To establish an intervening change in controlling law that merits reconsideration, Movants must demonstrate that subsequent authority "create[s] new intervening law, or fundamentally change[s] ruling law." *In re Solder*, 2016 WL 3344840, at *5 (D.P.R. June 8, 2016).

25. Movants do not "allege or demonstrate any intervening change in the law"; indeed, they point to new subsequent authority issued since this Court's original order at the September Hearing. *Alvarado Santos v. Dep't. of Health of Puerto Rico*, Civ. No. 04-2024, 2008 WL 11384166, at *1 (D.P.R. June 26, 2008); *see also Colon-Zayas v. Estado Libre Asociado de Puerto Rico*, No., 2007 WL 9760469, at *8 (D.P.R. Aug. 20, 2007) (denying Rule 59(e) motion because it did not "allege or demonstrate any intervening change in the law"). Movants therefore cannot demonstrate reconsideration is warranted on the basis of a change in controlling law.

## CONCLUSION

26. For the foregoing reasons, the Commonwealth respectfully requests the Court deny the Motion in its entirety.

*[Remainder of Page Intentionally Left Blank]*

10

Dated: October 01, 2019  Respectfully submitted,
San Juan, Puerto Rico

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:   (212) 969-3000
Fax:   (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record and CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer