UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

   Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER DENYING URGENT THIRD MOTION TO INTERVENE AND FOR DECLARATORY JUDGMENT

      The Court has received and reviewed the *Urgent Third Motion to Intervene and for Declaratory Judgment* (Docket Entry No. 8798, the "Motion"), filed by Angel Ruiz Rivera ("Movant"). The Motion requests that the Court grant Movant (i) leave to intervene in these Title III cases (Mot. at 16), (ii) a declaratory judgment invalidating certain debt issued by the Commonwealth of Puerto Rico (Mot. at 16), (iii) the right to "whatever financial benefits may result from said legal action and theory" (Mot. at 17), and (iv) a declaratory judgment that "the Government of Puerto Rico be reimbursed for . . . all . . . monetary obligations incurred by the members of the" Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") because the Oversight Board was "unilaterally and illegally imposed . . . ." (Mot. at 17.)

      Certain of Movant's requests for relief were the subject of prior motions filed by Movant, (*Motion to Intervene and Requesting Declaratory Judgment*, Docket Entry No. 321; *Urgent Second Motion Requesting Declaratory Judgment*, Docket Entry No. 4776), which were denied by the Court because Movant failed to identify any pending proceeding in the Title III cases in which he sought to intervene and failed to demonstrate a basis for standing to appear in the Title III cases. (*Order Denying (i) Motion to Proceed in Forma Pauperis; (ii) Motion to*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

*Intervene and Requesting Declaratory Judgment; and (iii) Motion for Disqualification of Various Members of the Financial Oversight and Management Board*, Docket Entry No. 354; *Order Denying Urgent Second Motion Requesting Declaratory Relief*, Docket Entry No. 5059.)

Based upon Movant's assertion that he has a pending claim against the Department of Family Affairs of Puerto Rico—an agency of the Commonwealth of Puerto Rico—it appears that Movant is a party in interest with respect to the Commonwealth's Title III case within the meaning of section 1109 of the Bankruptcy Code.[2] However, the right to participate in a proceeding "does not, of course, dictate the scope of that participation." Assured Guaranty Corp. v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 872 F.3d 57, 64 (1st Cir. 2017). The Court has "broad discretion" to determine the scope of a party in interest's intervention. Id.

The Motion does not identify specific pending matters in which Movant seeks to intervene. Movant has cursorily raised several weighty issues relating to these Title III cases that, if adjudicated, could have far-reaching consequences for a wide range of parties in interest. Movant, who is proceeding pro se, has not, however, demonstrated a particularized, redressable personal interest or more than a tenuous cognizable legal or financial stake in the issues raised in the Motion and has not complied with a number of formal requirements for seeking relief, including (without limitation) demonstration of service of the Motion on interested parties (*Tenth Amended Notice, Case Management and Administrative Procedures*, Docket Entry No. 8027-1 § II.F, the "Case Management Order"), citation to specific legal authorities that authorize the Court to grant certain aspects of the relief described in the Motion (P.R. LBR 9013-2(a)), and submission of a proposed order (Case Mgmt. Order § I.I). Accordingly, even if Movant has statutory standing to appear and be heard on issues in the case, his request for leave to "intervene" generally is denied and his Motion, insofar as it purports to commence a proceeding within the Title III case seeking the relief identified therein, is denied for lack of prudential standing to commence complex litigation concerning the sweeping issues identified in the Motion, and for failure to comply with basic procedural requirements.

---

[2] The Motion also asserts that Movant and his family members have a financial stake in the Title III cases because they reside in Puerto Rico and pay taxes to the Commonwealth of Puerto Rico. As pleaded, those facts fail to establish a particularized injury that confers standing. See Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 110 (1st Cir. 1999) ("[A] party to claim standing must have an interest distinct from that of every other citizen or taxpayer."); see also DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342-43 (2006) ("[S]tate taxpayers have no standing under Article III to challenge state tax or spending decisions simply by virtue of their status as taxpayers.").

The Motion is therefore denied. This Order resolves Docket Entry No. 8798.

SO ORDERED.

Dated: October 4, 2019

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge