UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------ x
In re:                                                             :
                                                                   :
THE FINANCIAL OVERSIGHT AND                                        :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                  :  Title III
                                                                   :
         as representative of                                      :  Case No. 17-BK-3283 (LTS)
                                                                   :
THE COMMONWEALTH OF PUERTO RICO et al.,                            :  (Jointly Administered)
                                                                   :
         Debtors.¹                                                 :
------------------------------------------------------------------ x
In re:                                                             :
                                                                   :
THE FINANCIAL OVERSIGHT AND                                        :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                  :  Title III
                                                                   :
         as representative of                                      :  Case No. 17-BK-3566 (LTS)
                                                                   :
THE EMPLOYEES RETIREMENT SYSTEM OF THE                             :
GOVERNMENT OF THE COMMONWEALTH OF                                  :
PUERTO RICO,                                                       :
                                                                   :
         Debtor.                                                   :
------------------------------------------------------------------ x
```

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

<u>ORDER ESTABLISHING INITIAL PROCEDURES WITH RESPECT TO (I) OBJECTIONS OF
OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND OFFICIAL COMMITTEE OF
RETIRED EMPLOYEES, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND
BANKRUPTCY RULE 3007, TO CLAIMS ASSERTED BY HOLDERS OF BONDS
ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF COMMONWEALTH
OF PUERTO RICO, (II) COUNT ONE OF CERTAIN COMPLAINTS ALLEGING THAT
SUCH BONDS WERE ISSUED *ULTRA VIRES* AND
(III) ESTABLISHING CLAIM OBJECTION DEADLINE FOR CERTAIN ERS BOND CLAIMS</u>

Upon consideration of (a) the *Motion of Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures with Respect to Objections to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico and Requesting Related Relief* (Docket Entry No. 5589 in Case No. 17-3283 and Docket Entry No. 386 in Case No. 17-3566), (b) the *Motion of Retiree Committee Establishing Initial Procedures with Respect to Objections of the Official Committee of Unsecured Creditors and Official Committee of Retired Employees, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007 to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico* (Docket Entry No. 7803 in Case No. 17-3283 and Docket Entry No. 632 in Case No. 17-3566), and (c) the *Urgent Consented to Supplement to the Motions of the Official Committee of Unsecured Creditors and Official Committee of Retired Employees, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, Seeking Approval of Initial Procedures With Respect to Objections to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico and Establishing Claim Objection Deadline for Certain ERS Bond Claims* (Docket Entry No. 8761 in Case No. 17-3283 and Docket Entry No. 670 in Case No. 17-3566) (collectively, the "Motions"[2]), and the exhibits attached thereto, and the Court having found and determined that (i) the Court has jurisdiction to consider the Motions

---

[2] Capitalized terms not herein defined shall have the meanings ascribed to them in the Motions or the Initial Objection Procedures (as defined below), as applicable.

and the relief requested therein pursuant to section 502 of the Bankruptcy Code as incorporated by section 301 of PROMESA and Bankruptcy Rule 3007, as incorporated by section 310 of PROMESA; (ii) venue is proper before this Court pursuant to PROMESA section 307(a); (iii) due and proper notice of the Motions has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the statements and arguments made in the Motions, the relief requested in the Motion is in the best interest of ERS, the Commonwealth and their creditors; (v) the objection filed to the Retiree Committee's Motion by certain ERS Bondholders having been resolved; and (vi) the legal and factual bases set forth in the Motions establish just cause for the relief granted herein. Accordingly, it is hereby ORDERED THAT:

1. The relief requested in the Motions is GRANTED to the extent set forth herein.

2. The Creditors' Committee and Retiree Committee (together, the "Committees") are authorized to proceed under Bankruptcy Rule 3007(c), as incorporated by section 310 of PROMESA, with their Objections to the ERS Bonds on an omnibus basis as set forth in the Initial Objection Procedures attached hereto as **Exhibit 2**.

3. The Objection Notice, the Initial Objection Procedures, the form of Notice of Participation, and the Notice to Adversary Proceeding Defendants attached hereto as **Exhibit 1**, **Exhibit 2**, **Exhibit 3**, and **Exhibit 4**, respectively, as well as the corresponding Spanish versions thereof attached hereto as **Exhibit 5**, **Exhibit 6**, **Exhibit 7**, and **Exhibit 8**, respectively, as modified to reflect changes recommended by the Court's translation unit, are hereby approved. The Initial Objection Procedures are deemed to have been incorporated herein.

4. Absent permission granted by the District Court upon a showing of good cause, any party (other than the Deemed Participants) that (a) fails to file a Notice of Participation or (b) files a Notice of Participation after the date that is 40 days from entry of this Order, shall be

prohibited from filing separate pleadings with respect to the Claim Objections, including filing any Additional Claim Objections.  The Deemed Participants are (i) the Creditors' Committee, (ii) the Retiree Committee, (iii) the FOMB, (iv) the SCC, (v) the Puerto Rico Fiscal Agency and Financial Advisory Authority, (vi) the Groups (including their members), (vii) the Fiscal Agent, and (viii) an AP Defendant that files a Notice of Appearance.

5. Notwithstanding anything herein to the contrary, except with respect to Excluded Postpetition Claims (as defined in the Initial Objection Procedures), (i) the deadline to file objections to any ERS Bond Claims (as defined in the Initial Objection Procedures) asserted by the Groups (including the members of such Groups) or the Fiscal Agent shall be the later of (a) the date that is ninety days after entry of this Order, and (b) January 6, 2020 (the "Claim Objection Deadline"), and (ii) subject to Bankruptcy Rule 7015 (which is made applicable to the Claim Objections), after the occurrence of the Claim Objection Deadline, the Objectors (as defined in the Initial Objection Procedures) and any party in interest shall be prohibited from filing any new or additional objections to the allowance of any ERS Bond Claim asserted by the Groups (including the members of such Groups) or the Fiscal Agent.

6. The Claim Objections shall be governed by the Federal Rules of Bankruptcy Procedure; *provided*, *however*, that notwithstanding Bankruptcy Rule 9014(c), all of the Part VII Rules shall be applicable to the Claim Objections, except as modified by the Initial Objection Procedures or subsequent order of the Court.

7. The Committees shall cause Prime Clerk, within five (5) days of entry of this Order, to serve copies of the Objection Notice, the Initial Objection Procedures, and the form of Notice of Participation (collectively, the "Objection Procedure Documents") upon all individuals

and entities who filed proofs of claim that are reflected on Prime Clerk's database as "bond claims" against ERS as well as the Master Service List in these Title III cases.

8. The Committees shall cause Epiq, immediately upon entry of this Order, to commence service of the Objection Procedure Documents upon the beneficial holders of the ERS Bonds substantially in the manner described in the *Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection Notice Upon Beneficial Holders of Challenged GO Bonds*, annexed as Exhibit A to the *Informative Motion of (I) Financial Oversight and Management Board, Acting Through the Special Claims Committee, and (II) The Official Committee of Unsecured Creditors Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of Challenged GO Bonds* (Docket Entry No. 5049 in Case No. 17-3283) submitted in connection with the objection to the Challenged GO Bonds (as that term is defined therein).

9. The Committees shall cause the publication of a notice, substantially in the form of the Objection Notice once in (a) *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico), (b) *Caribbean Business* in English (primary circulation in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d) *The Bond Buyer*, and (e) on the municipal bond website EMMA, https://emma.msrb.org/Home, each except for Caribbean Business within five (5) business days of the entry of this Order, and with respect to Caribbean Business, within fourteen (14) days of the entry of this Order, which publication notice shall be deemed, good, adequate and sufficient publication notice of the Objection and the Objection Procedures.

10. DTC shall give notice to its Participants of the Objection Procedure Documents by posting a copy of said Objection Procedure Documents to its Legal Notification System in

accordance with DTC's Rules and customary procedures within five (5) days of the entry of this Order.

11. The Committees shall cause Prime Clerk, within five (5) days of entry of this Order, to serve copies of the Notice to Adversary Proceeding Defendants and the Initial Objection Procedures on the defendants in Adv. Proc. Nos. 19-355, 19-356, 19-357, 19-358, 19-359, 19-360, and 19-361 (the "Actions").

12. This Order shall be filed on the docket in each of the Actions.

13. The terms of and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

15. This Order resolves Docket Entry Nos. 5589, 7803, and 8761 in Case No. 17-3283 and Docket Entry Nos. 386, 632, and 670 in Case No. 17-3566.

SO ORDERED.

Dated: October 7, 2019

                                                /s/ Laura Taylor Swain  
                                                LAURA TAYLOR SWAIN  
                                                United States District Judge