**<u>Exhibit 2</u>**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- X

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : | PROMESA Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
| | : | |
| THE COMMONWEALTH OF PUERTO RICO *et al.,* | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | |

---------------------------------------------------------------------- X

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : | PROMESA Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3566 (LTS) |
| | : | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | : | |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------------- X

## INITIAL PROCEDURES WITH RESPECT TO LITIGATION OF OBJECTIONS TO ERS BOND CLAIMS, INCLUDING DEADLINE TO FILE NOTICE OF PARTICIPATION WITH RESPECT TO SUCH LITIGATION AND DEADLINE TO OBJECT TO CERTAIN ERS BOND CLAIMS

---

[1]  The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808; (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[September __ 2019]

Pursuant to the Order of the United States District Court for the District of Puerto Rico (the "District Court"), dated [September __, 2019] [Dkt. No. ___] (the "Order"), the following initial procedures (the "Initial Objection Procedures") will apply to:

(a)     the objections filed by (i) the Official Committee of Unsecured Creditors (the "Creditors' Committee"), each dated March 12, 2019 [Case No. 17-bk-3283; Dkt. Nos. 5580 and 5586; Case No. 17-bk-3566, Dkt. Nos. 381 and 384] (the "Creditors' Committee's Objections") and (ii) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee"), dated April 23, 2019 [Case No. 17-bk-3283, Dkt. No. 6482; Case No. 17-bk-3566, Dkt. No. 469] (the "Retiree Committee's Objection" and, together with the Creditors' Committee's Objections, the "Committees' Objections") to claims filed by certain holders of bonds ("ERS Bonds") issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS");

(b)     the objection filed by the Financial Oversight and Management Board for Puerto Rico as representative of the Commonwealth of Puerto Rico (the "FOMB"), dated May 22, 2019 [Case No. 17-bk-3283, Dkt. No. 7075] (the "FOMB Objection");

(c)     any other objection filed on or before the Claim Objection Deadline (as defined below) to the allowance of the ERS Bond Claims (as defined below), other than Excluded Postpetition Claims (as defined below), asserted by (i) the groups, including each of their members, of ERS Bondholders (as defined below) represented by Jones Day and White & Case LLP (such groups, including each of their members, the "Groups") and (ii) The Bank of New York Mellon, as Fiscal Agent (the "Fiscal Agent") for the ERS Bonds (such timely objections, the "Additional Claim Objections"); and

(d)     count one of each complaint (the "Count One Allegations") filed in the adversary proceedings commenced by the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico as representative of the ERS (the "SCC") and the Creditors' Committee [Adv. Nos. 19-355, 19-356, 19-357, 19-358, 19-359, 19-360, and 19-361] (the "Actions").

The Creditors' Committee, the Retiree Committee, the FOMB, and the SCC are hereafter referred to as the "Objectors."  The Committees' Objections, the Count One Allegations, the FOMB Objection, and any Additional Claim Objections are hereafter referred to as the "Claim Objections."

The Initial Objection Procedures apply to all claims (including postpetition claims and administrative expenses) of any kind (the "ERS Bond Claims") asserted against the ERS and/or the Commonwealth by the holders of ERS Bonds (the "ERS Bondholders") on account of or related to the ERS Bonds and to each defendant in an Action (an "AP Defendant"), other than (a) any ERS Bond Claim that is a postpetition claim asserted by any ERS Bondholder other than the Groups (including their members) or the Fiscal Agent and (b) any ERS Bond Claim that is a

2

postpetition claim and is asserted by the Groups (including their members) or the Fiscal Agent after the Agreed ERS Bondholder Postpetition Claim Deadline (as defined below) (collectively, the postpetition claims described in clause (a) and (b) above, "Excluded Postpetition Claims").

**IMPORTANT: Absent permission granted by the District Court upon a showing of good cause, any party (other than the Deemed Participants (as defined below)) that (a) fails to file a Notice of Participation (as defined below) or (b) files a Notice of Participation after [*insert date that is 40 days from entry of the Order*], 2019, shall be prohibited from filing separate pleadings with respect to the Claim Objections, including filing any Additional Claim Objections.**

    1.  Exclusivity of Procedures

The Initial Objection Procedures shall be the exclusive means to participate in the litigation before the District Court with respect to the Claim Objections.  However, some of the issues raised in the Claim Objections are the subject of parallel adversary proceedings initiated in 2017 by certain ERS Bondholders. *See* Adv. No. 17-ap-219-LTS in Case No. 17-bk-03283-LTS and Adv. No. 17-ap- 220-LTS in Case No. 17-bk-03566-LTS (collectively, the "ERS Adversary Proceedings"). Any and all briefing and other filings made in connection with the overlapping issues (including Parts III-V of the Retiree Committee's Objection and Parts II-III of the FOMB Objection) in the Claim Objections may also be filed (with all relevant captions), for all purposes, in the ERS Adversary Proceedings.

For the avoidance of doubt, the Initial Objection Procedures shall not apply to the adversary proceedings commenced by the FOMB and the Creditors' Committee challenging the scope of the liens purportedly securing the ERS Bonds [Adv. Nos. 19-366 and 19-367] ("ERS Lien Scope Proceedings").  Notwithstanding the foregoing, the parties shall confer in good faith to coordinate scheduling between the Claim Objections and the ERS Lien Scope Proceedings. All parties' rights are reserved with respect to any future litigation seeking the return of postpetition payments made by ERS or the Commonwealth to the Fiscal Agent or the ERS Bondholders pursuant to the stipulation, dated July 14, 2017 [Dkt. No. 170 in Case No. 17-bk-3566], as approved by the District Court by order, dated July 17, 2017 [Dkt. No. 171 in Case No. 17-bk-3566], and the order, dated December 28, 2017 [Dkt. No. 248 in Case No. 17-bk-3566], in the event that the liens purportedly securing the ERS Bonds are successfully challenged in whole or in part by the ERS Lien Scope Proceedings or Claim Objections.

The Claim Objections shall be governed by the Federal Rules of Bankruptcy Procedure; *provided*, *however*, that notwithstanding Bankruptcy Rule 9014(c), all of the Part VII Rules shall be applicable to the Claim Objections, except as modified by the Initial Objection Procedures or subsequent order of the District Court.

    2.  Notice of Participation/Notice of Appearance

  (a)      The Claim Objections – Notice of Participation

Any party in interest, including, without limitation, any person or entity that holds an ERS Bond, whether or not such person or entity is identified in the Committees' Objections, or that wishes to participate in the litigation of the Claim Objections must serve by email and file a

3

notice of its intent to participate in such litigation (a "Notice of Participation"); *provided*, *however*, that (i) the Creditors' Committee, (ii) the Retiree Committee, (iii) the FOMB, (iv) the SCC, (v) the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), (vi) the Groups (including their members), (vii) the Fiscal Agent, and (viii) an AP Defendant that files a Notice of Appearance, in each case, are not required to file Notices of Participation and shall each be deemed to be Participants (as defined below) (the parties in (i) through (viii), collectively, the "Deemed Participants").

The Notice of Participation shall (a) indicate whether the party in interest who filed such notice (each, a "Participant") supports or opposes the Claim Objections; (b) provide the name, address and email address of the Participant and its counsel, if any; and (c), to the extent filed by an ERS Bondholder, set forth (i) whether all or part of such ERS Bonds were purchased on the secondary market, and (ii) the CUSIP numbers for such ERS Bonds to the best of such ERS Bondholder's knowledge and belief, as of the date of such Notice of Participation (the "Notice Information"). The Notice of Participation shall cover all ERS Bonds owned as of the date of such Notice of Participation or thereafter acquired by the Participant and shall not be limited to the specific CUSIP numbers listed. For the avoidance of doubt, a party in interest may submit a Notice of Participation individually and/or through an *ad hoc* group. A Notice of Participation submitted through an *ad hoc* group shall entitle each member of such *ad hoc* group to participate either individually or as part of the group, and each such member reserves the right to act individually from time to time in respect of any issue, argument, or proceeding. To the extent that an entity ceases to be a member of an *ad hoc* group that filed a Notice of Participation, such member may continue to participate in the litigation of the Claim Objections in the same manner as a Participant that had filed a timely individual Notice of Participation; *provided however*, that such Participant will be bound by (i) any actions, arguments, statements or positions made or taken by such *ad hoc* group prior to the date on which the Participant ceased to be a member of such *ad hoc* group (the "Separation Date"), and (ii) any District Court orders applicable to members of such *ad hoc* group as of the Separation Date, in each case to the same extent, if any, that members of such *ad hoc* group would be bound by such actions, arguments, statements, positions or District Court orders. To the extent that an entity becomes a member of an *ad hoc* group after the Participation Deadline, such member shall be covered by the Notice of Participation timely filed by the *ad hoc* group, *provided* that (i) such Notice of Participation shall be updated to include the Notice Information for the new group member, and (ii) if such member did not file its own timely Notice of Participation, such member shall have obtained, pursuant to paragraph 4 below, District Court approval to participate in the litigation, individually or as a member of the *ad hoc* group, upon a showing of good cause. Participants who file Notices of Participation that support the Claim Objections shall collectively constitute "Joint Objectors," and parties that oppose the relief sought in the Claim Objections shall collectively constitute the "Respondents."

Each Notice of Participation must be served by email on the "Notice Parties" identified in paragraph 8 below and filed electronically with the District Court pursuant to its Electronic Case Filing procedures. **Participants without counsel may file the Notice of Participation by mailing or delivering it by hand to: The Clerk of the United States District Court for the District of Puerto Rico, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767.**

**The deadline to file with the District Court and serve by email a Notice of Participation is [*insert date that is 40 days from entry of the Order*], 2019 (the "Participation Deadline")**.  For those parties that file with the District Court and serve by email Notices of Participation by the Participation Deadline, no substantive response to the Claim Objections need be filed until a date set forth in any subsequent scheduling order entered by the District Court.

Subject to paragraph 4 below, any party that does not file a Notice of Participation may not receive notices of filings and events in the litigation and may not be allowed to substantively participate in the litigation of the Claim Objections absent permission granted by the District Court upon a showing of good cause, but may nevertheless have its rights affected by the outcome of the litigation.  In particular, and subject to applicable appellate rights, if and to the extent the District Court grants the Claim Objections in whole or in part, claimants' recovery on account of the ERS Bond Claims will be eliminated in whole or in part, and claimants will be forever barred from asserting such disallowed claims against ERS and the Commonwealth, as applicable, from voting such disallowed claims on any plan of adjustment filed in the ERS's and the Commonwealth's Title III cases, as applicable, and from participating in any distribution in such Title III cases on account of such disallowed claims arising from the ERS Bonds and the ERS Bond Claims.  By filing a Notice of Participation, a claimant will have the opportunity to be heard on the merits of the Claim Objections, will be entitled to receive notification of case events specific to the Claim Objections, and will receive notice of opportunities to meet and confer with other parties concerning issues relating to the litigation of the Claim Objections.

Nothing herein, nor the mere filing of a Notice of Participation by a person or entity that is not a holder of an ERS Bond, shall operate to confer standing upon such person or entity to participate in the litigation of the Claim Objections, and all rights to object to any person or entity's standing are preserved.

(b)     The Actions – Notice of Appearance

To the extent an AP Defendant has not already filed a Notice of Appearance, unless such AP Defendant is a Deemed Participant, such AP Defendant **must** file a Notice of Appearance in the applicable Action by the Participation Deadline even if such AP Defendant also submitted a Notice of Participation.  Such Notice of Appearance may be limited to the extent an AP Defendant contests the District Court's jurisdiction over it.

(c)     Filing of List of Participants

On the date that is five (5) days after the Participation Deadline, the Objectors shall file with the District Court a list of all parties that filed Notices of Participation, their counsel, and whether such Participants support or oppose the Claim Objections.  The Objectors shall also file with the District Court a list of all AP Defendants that filed Notices of Appearance and their counsel.  Such lists will be updated as necessary every thirty (30) days to reflect any late-filed or updated Notices of Participation and Notices of Appearance.

3. <u>Briefing on Claim Objections</u>

With respect to the establishment of briefing schedules relating to the Claim Objections, the parties shall comply with the *Order Regarding Stay Period and Mandatory Mediation* [Dkt. No. 8244 in Case No. 17-bk-3283-LTS].

The Committees shall cause automatic email notifications to be sent to those parties that provided an email address on their Notice of Participation when documents relevant to the Claim Objections, including briefing schedules related thereto, are filed with the District Court or otherwise made public.  In addition, such documents shall also be posted to: http://cases.primeclerk.com/ERSClaimsObjections (the "<u>ERS Objection Website</u>").  **Parties that fail to provide an email address in their Notice of Participation, will not receive such automatic notifications and will need to visit the ERS Objection Website in order to view notifications and other pertinent documents.**

4. <u>Failure to Timely Submit Notice of Participation and/or Notice of Appearance</u>

Any party that does not submit a Notice of Participation and/or Notice of Appearance, or submits same after the Participation Deadline, shall be bound by any orders entered by the District Court prior thereto.  Absent permission granted by the District Court upon a showing of good cause, any party (other than the Deemed Participants) that (a) fails to file a Notice of Participation or (b) files a Notice of Participation after the Participation Deadline shall be prohibited from filing separate pleadings with respect to the Claim Objections, including filing any Additional Claim Objections.

5. <u>No Duty</u>

No Respondent or AP Defendant shall have a duty to any other Respondent, AP Defendant or any ERS Bondholder who does not file a Notice of Participation or Notice of Appearance, as applicable.

6. <u>Other Objections Permitted; Claim Objection Deadline</u>

The fact that the Objectors have objected to the ERS Bond Claims asserted against ERS and the Commonwealth shall not preclude (i) the Objectors or any party in interest from objecting to any other claim asserted by the ERS Bondholder unrelated to the ERS Bonds or (ii) any party in interest from asserting additional grounds for objecting to the ERS Bond Claims in accordance with these Initial Objection Procedures.

Notwithstanding anything herein to the contrary, except with respect to Excluded Postpetition Claims, (i) the deadline to file objections to any ERS Bond Claims asserted by the Groups (including the members of such Groups) or the Fiscal Agent shall be the later of (a) the date that is ninety days after entry of the Order, and (b) January 6, 2020 (the "<u>Claim Objection Deadline</u>"), and (ii) subject to Bankruptcy Rule 7015 (which is made applicable to the Claim Objections), after the occurrence of the Claim Objection Deadline, the Objectors and any party in interest shall be prohibited from filing any new or additional objections to the allowance of any ERS Bond Claim asserted by the Groups (including the members of such Groups) or the Fiscal

Agent.

7.   Agreed ERS Bondholder Postpetition Claim Deadline for Certain Holders

The deadline to assert a postpetition claim (including a request for an administrative expense) against the ERS and/or the Commonwealth by the Groups (including their members) and the Fiscal Agent on account of or related to the ERS Bonds shall be [*insert date that is 45 days from entry of the Order*], 2019 (the "<u>Agreed ERS Bondholder Postpetition Claim Deadline</u>").  Subject to Bankruptcy Rule 7015 (which is made applicable to the postpetition claims, including requests for an administrative expense against the ERS and/or the Commonwealth), the Groups and the Fiscal Agent shall be prohibited from filing, after the Agreed ERS Bondholder Postpetition Claim Deadline any new or additional accrued postpetition claims against the ERS and/or the Commonwealth that (a) is on account of or related to the ERS Bonds, and (b) had accrued on or before the thirtieth day preceding the Agreed ERS Bondholder Postpetition Claim Deadline.  For the avoidance of doubt, the Agreed ERS Bondholder Postpetition Claim Deadline shall apply only to the Groups (including their members) and the Fiscal Agent and shall not apply to any other ERS Bondholder or the ERS or any entity acting by or on behalf of the ERS, including a trustee appointed pursuant to section 926 of the Bankruptcy Code.   For the further avoidance of doubt, administrative expenses arising under section 922(c) of the Bankruptcy Code after the thirtieth day preceding the Agreed ERS Bondholder Postpetition Deadline shall not be subject to the Agreed ERS Bondholder Postpetition Claim Deadline.

8.   The Following Persons are the "Notice Parties"

**PAUL HASTINGS LLP**
Attn:  Luc. A. Despins, Esq.
James R. Bliss, Esq.
Nicholas A. Bassett, Esq.
200 Park Avenue
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com

**CASILLAS, SANTIAGO & TORRES LLC**
Attn:  Juan J. Casillas Ayala, Esq.,
Israel Fernández Rodríguez, Esq.,
Juan C. Nieves González, Esq.,
Cristina B. Fernández Niggemann, Esq.
PO Box 195075
San Juan, PR 00919-5075
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

**JENNER & BLOCK LLP**
Attn:  Robert Gordon, Esq.
Catherine Steege, Esq.
Melissa Root, Esq.
Landon Raiford, Esq.
rgordon@jenner.com
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com

**PROSKAUER ROSE LLP**
Attn:  Martin J. Bienenstock, Esq.
Brian S. Rosen, Esq.
Jeffrey W. Levitan, Esq.
Margaret A. Dale, Esq.
mbienenstock@proskauer.com
brosen@proskauer.com
jlevitan@proskauer.com
mdale@proskauer.com

**BROWN RUDNICK LLP**
Attn:  Edward S. Weisfelner, Esq.
Angela M. Papalaskaris, Esq.
ewisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

**O'MELVENY & MYERS LLP**
John J. Rapisardi
Suzzanne Uhland
Peter Friedman
7 Times Square
New York, NY 10036
(212) 326-2000

**BENNAZAR, GARCÍA & MILLIÁN, C.S.P.**
Attn: A.J. Bennazar-Zequeira, Esq.
Héctor M. Mayol Kauffman, Esq.
Francisco del Castillo Orozco, Esq.
ajb@bennazar.org
hector.mayol@bbennazar.com

**A&S LEGAL STUDIO, PSC.**
Attn: Luis F. del Valle-Emmanuelli, Esq.
dvelawoffices@gmail.com

**ESTRELLA, LLC**
Attn: Alberto Estrella, Esq.
Kenneth C. Suria, Esq.
agestrella@estrellallc.com
ksuria@estrellallc.com

**MARINI PIETRANTONI MUÑIZ LLC**
Luis C. Marini-Biaggi
250 Ponce de León Ave., Suite 900,
San Juan, Puerto Rico, 00918
Tel: (787) 705-2171
Fax: (787) 936-7494