**Exhibit 6**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

---------------------------------------------------------------------- X
:
In re: :
:
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN : PROMESA
FINANCIERA PARA PUERTO RICO, : Título III
:
    como representante de : Caso Núm. 17-BK-3283 (LTS)
:
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO *et* : (Administrado Conjuntamente)
*al.*, :
:
    Deudores.[1] :
---------------------------------------------------------------------- X
In re: :
:
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN : PROMESA
FINANCIERA PARA PUERTO RICO, : Título III
:
    como representante del : Caso Núm. 17-BK-3566 (LTS)
:
SISTEMA DE RETIRO DE LOS EMPLEADOS DEL :
GOBIERNO DEL ESTADO LIBRE ASOCIADO DE :
PUERTO RICO, :
:
    Deudor. :
---------------------------------------------------------------------- X

**PROCEDIMIENTOS INICIALES CON RESPECTO AL LITIGIO DE OBJECIONES A RECLAMACIONES DE BONOS SRE, INCLUYENDO LA FECHA LÍMITE PARA PRESENTAR EL AVISO DE PARTICIPACIÓN PARA ESTE LITIGIO**

---

[1] Los Deudores en los Casos del Título III, junto con el caso individual de cada Deudor en virtud del mismo título y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, según aplicable, son: (i) el Estado Libre Asociado de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); (ii) la Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de Quiebra Núm. 17-BK-3567 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); (iii) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de Quiebra Núm. 17-BK-3566 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); y (iv) la Autoridad de Energía Eléctrica de Puerto Rico ("AEE") (Caso de Quiebra Núm. 17-BK-4780 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3747) (Los números de los casos en virtud del Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

**Y FECHA LÍMITE PARA OBJETAR CIERTAS RECLAMACIONES DE BONOS SRE**

___ de septiembre de 2019

A tenor con la Orden del Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico (el "Tribunal de Distrito"), con fecha [del ___ de septiembre del 2019], [Dkt. No. ____] (la "Orden"), los siguientes procedimientos iniciales (los "Procedimientos Iniciales para Objeciones") aplicarán a:

(a) las objeciones presentadas por (i) el Comité Oficial de Acreedores No Asegurados (el "Comité de Acreedores"), cada una fechada al 12 de marzo de 2019 [Caso Núm. 17-bk-3283, Dkt. No. 5580 y 5586; Caso Núm. 17-bk-3566, Dkt. Núm. 381 y 384] (las "Objeciones del Comité de Acreedores"), y por (ii) el Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico (el "Comité de Retirados") fechada al 23 de abril de 2019 [Caso Núm. 17-bk-3283, Dkt. Núm. 6482; Caso Núm. 17-bk-3566, Dkt. Núm. 469] (la "Objeción del Comité de Retirados", y, conjuntamente con las Objeciones del Comité de Acreedores, las "Objeciones de los Comités") a las reclamaciones presentadas por ciertos tenedores de bonos ("Bonos SRE") emitidos por el Sistema de Retiro de Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE");

(b) la objeción presentada por la Junta de Supervisión y Administración Financiera para Puerto Rico como representante del Estado Libre Asociado de Puerto Rico (la "Junta"), fechada al 22 de mayo de 2019 [Caso Núm. 17-bk-3283, Dkt. Núm. 7075] (la "Objeción de la Junta");

(c) cualquier otra objeción presentada en o antes de la Fecha Límite para Objeciones a Reclamaciones (según se define más abajo), sobre la procedencia de las Reclamaciones de los Bonos SRE (según se definen más abajo), que no sean Reclamaciones Postpetición Excluidas (según se definen más abajo), incoadas por (i) los grupos, incluyendo cada uno de sus miembros, de Tenedores de Bonos SRE (según se definen más abajo) representados por Jones Day y White & Case LLP (estos grupos, incluyendo cada uno de sus miembros, los "Grupos"), y (ii) The Bank of New York Mellon, como Agente Fiscal (el "Agente Fiscal") de los Bonos SRE (estas objeciones presentadas a tiempo, las "Objeciones Adicionales a Reclamaciones"); y

(d) el cargo uno de cada demanda ("Alegaciones del Cargo Uno") presentada en los procedimientos adversativos iniciados por el Comité Especial de Reclamaciones de la Junta de Supervisión y Administración Financiera para Puerto Rico como representantes del SRE (el "CER") y el Comité de Acreedores [Adv. Núm. 19-355, 19-356, 19-357, 19-358, 19-359, 19-360 y 19-361] (las "Acciones").

2

El Comité de Acreedores, el Comité de Retirados, la Junta y el CER en adelante son los "Objetores". Las Objeciones de los Comités, las Alegaciones del Cargo Uno, la Objeción de la Junta y cualquier Objeción Adicional a Reclamaciones, en adelante son las "Objeciones a Reclamaciones".

Estos Procedimientos Iniciales para Objeciones aplican a todas las reclamaciones (incluyendo reclamaciones postpetición y gastos administrativos) de cualquier tipo (las "Reclamaciones de Bonos SRE") incoadas contra el SRE y/o el ELA por tenedores de bonos SRE (los "Tenedores de Bonos SRE") por cuenta de o relacionadas a los Bonos SRE, y a cada demandando en las Acciones (un "Demandado PA"), excluyendo (a) cualquier Reclamación de Bonos SRE que sea una reclamación postpetición incoada por cualquier Tenedor de Bonos SRE que no sea uno de los Grupos (incluyendo sus miembros) o el Agente Fiscal, y (b) cualquier Reclamación de Bonos SRE que sea una reclamación postpetición y sea incoada por los Grupos (incluyendo sus miembros) o el Agente Fiscal luego de la Fecha Límite Acordada para Reclamaciones Postpetición de Tenedores de Bonos SRE (como se define más adelante) (en conjunto, las reclamaciones postpetición descritas arriba en los incisos (a) y (b), "Reclamaciones Postpetición Excluidas").

**IMPORTANTE: Ausente un permiso concedido por el Tribunal de Distrito luego de mostrar justa causa, cualquier parte (que no sea uno de los Participantes Considerados (según se definen más adelante)) que (a) no presente un Aviso de Participación (según se define más adelante), o (b) presente un Aviso de Participación luego del [*insertar fecha 40 días después de la notificación de la Orden*] de 2019, estará impedida de presentar mociones separadas con respecto a las Objeciones a Reclamaciones, incluyendo presentar cualquier Objeción Adicional a Reclamaciones.**

1. Exclusividad de los Procedimientos

Los Procedimientos Iniciales para Objeciones serán el mecanismo exclusivo para participar en el litigio ante el Tribunal de Distrito con respecto a las Objeciones a Reclamaciones. No obstante, algunos de los asuntos planteados en las Objeciones a Reclamaciones son objeto de procedimientos adversativos paralelos iniciados en el 2017 por ciertos Tenedores de Bonos SRE. *Ver* Adv. Núm. 17-ap-219-LTS en el Caso Núm. 17-bk-3283-LTS y Adv. Núm. 17-ap-220-LTS en el Caso Núm. 17-bk-3566-LTS (en conjunto, los "Procedimientos Adversativos del SRE"). Todos y cada uno de los alegatos y otros documentos presentados en conexión con los asuntos entrelazados (incluyendo las Partes III-V de la Objeción del Comité de Retirados y las Partes II-III de la Objeción de la Junta) en las Objeciones a Reclamaciones, también pueden ser presentados (con todos los epígrafes correspondientes), para todos los propósitos, en los Procedimientos Adversativos del SRE.

Para evitar dudas, estos procedimientos no aplicarán a los procedimientos adversativos iniciados por la Junta y el Comité de Acreedores cuestionando el alcance de los gravámenes que alegadamente aseguran los Bonos de SRE [Adv. Núm. 19-366 y 19-367] ("Procedimientos del Alcance de Gravámenes al SRE"). No obstante lo anterior, las partes se reunirán de buena fe para coordinar los calendarios para las Objeciones a Reclamaciones y los Procedimientos del Alcance de Gravámenes al SRE. Todas las partes se reservan sus derechos con respecto a litigios futuros que buscan la devolución de pagos luego de la petición hechos por el SRE o el ELA al Agente

3

Fiscal o a Tenedores de Bonos SRE a tenor con la estipulación fechada al 14 de julio de 2017 [Dkt. Núm. 170 en el Caso Núm. 17-bk-3566], según aprobada por el Tribunal de Distrito mediante Orden con fecha del 17 de julio de 2017 [Dkt. Núm. 171 en el Caso Núm. 17-bk-3566] y Orden con fecha de 28 de diciembre de 2017 [Dkt. Núm. 248 en el Caso Núm. 17-bk-3566], en caso de que los gravámenes que alegadamente aseguran los Bonos SRE sean impugnados exitosamente parcial o totalmente en los Procedimientos del Alcance de Gravámenes al SRE u Objeciones a Reclamaciones.

Las Objeciones a Reclamaciones deberán regirse por las Reglas Federales de Procedimiento de Quiebra; *sin embargo*, sin perjuicio de la Regla 9014 (c) de Quiebra, todas las Reglas contenidas en la Parte VII de las Reglas de Quiebra deberán aplicar a las Objeciones a Reclamaciones, excepto según sean enmendadas por los Procedimientos Iniciales para Objeciones o cualquier orden posterior del Tribunal de Distrito.

    2. Aviso de Participación/Aviso de Comparecencia

       (a) Objeciones a Reclamaciones – Aviso de Participación

Cualquier parte con interés, incluyendo pero sin limitarse a, cualquier persona o entidad que sea tenedor de un Bono SRE, esté o no esa persona o entidad identificada en las Objeciones de los Comités, o que desee participar en el litigio de las Objeciones a Reclamaciones, tiene que notificar por correo electrónico y presentar un aviso de su intención de participar en dicho litigio (un "Aviso de Participación"); ~~dispuesto~~disponiéndos, *no obstante*, que (i) el Comité de Acreedores, (ii) el Comité de Retirados, (iii) la Junta, (iv) el CER, (v) la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico ("AAFAF"), (vi) los Grupos (incluyendo sus miembros), (vii) el Agente Fiscal, y (viii) un Demandado PA que presente un Aviso de Comparecencia, en cada caso, no están obligados a presentar Avisos de Participación y cada uno será considerado como Participante (como se define más abajo) (las partes en (i) al (viii), en conjunto, los "Participantes Considerados").

El Aviso de Participación (a) indicará si la parte con interés que presentó el aviso (cada uno, un "Participante") apoya o se opone a las Objeciones a Reclamaciones; (b) proveerá el nombre, dirección y correo electrónico del Participante y de su representante legal, si alguno; y (c), en la medida en que lo presente un Tenedor de Bonos SRE, expondrá (i) si todo o parte de los Bonos SRE fueron adquiridos en el mercado secundario, y (ii) los números CUSIP de dichos Bonos SRE según el mejor conocimiento y creencia del Tenedor de Bonos SRE, a la fecha en que presenta el Aviso de Participación (la "Información del Aviso"). El Aviso de Participación cubrirá todos los Bonos SRE que sean propiedad del Participante a la fecha de la presentación del Aviso de Participación o adquirido posteriormente y no deberá limitarse específicamente a los números CUSIP que aparecen en la lista. En aras de evitar cualquier duda, una parte interesada puede presentar un Aviso de Participación individualmente y/o a través de un grupo *ad hoc*. Un Aviso de Participación presentado a través de un grupo *ad hoc* le dará el derecho a cada miembro de dicho grupo *ad hoc* a participar individualmente o como parte del grupo, y cada miembro se reserva el derecho de actuar individualmente de cuando en cuando, con relación a cualquier asunto, argumento o procedimiento. En la medida en que una entidad deje de ser parte de un grupo *ad hoc* que haya presentado un Aviso de Participación, dicha entidad podrá seguir participando en el litigio de las Objeciones a Reclamaciones en la misma manera en que lo

4

haría un Participante que hubiese presentado oportunamente un Aviso de Participación individual; *disponiéndosdispuesto*, *no obstante,* que dicho Participante estará sujeto a (i) cualquier acción, argumento, declaración o posición hecha o tomada por dicho grupo *ad hoc* antes de la fecha en que el Participante cesó de ser miembro de dicho grupo *ad hoc* (la "Fecha de Separación"), y (ii) a cualquier orden del Tribunal de Distrito aplicable a los miembros de dicho grupo *ad hoc* a la Fecha de Separación, en cada caso en la misma medida, de haber alguna, en que los miembros de dicho grupo *ad hoc* estarían obligados por dichas acciones, argumentos, declaraciones, posiciones u órdenes del Tribunal de Distrito. En la medida en que una entidad se convierta en un miembro de un grupo *ad hoc* luego de la Fecha Limite de Participación, dicha entidad estará cubierta por el Aviso de Participación oportunamente presentado por el grupo *ad hoc*, *siempre y cuando* (i) dicho Aviso de Participación sea actualizado para incluir la Información de Aviso del nuevo integrante del grupo, y (ii) si dicho integrante no presentó su propio Aviso de Participación oportunamente, dicho miembro deberá haber obtenido aprobación del Tribunal de Distrito para participar en el litigio, individualmente o como miembro del grupo *ad hoc*, luego de demostrar justa causa, según indica el párrafo 4 a continuación. Los Participantes que presenten un Aviso de Participación en apoyo a las Objeciones a Reclamaciones constituirán colectivamente los "Objetores Conjuntos", y las partes que se opongan a los remedios solicitados en las Objeciones a Reclamaciones constituirán colectivamente los "Recurridos".

Cada Aviso de Participación tiene que ser notificado por correo electrónico a las "Partes a Notificar" identificadas en el párrafo 8 abajo y presentado electrónicamente en el Tribunal de Distrito de conformidad con sus procedimientos para la radicación electrónica de documentos. **Los Participantes sin representación legal pueden presentar el Aviso de Participación por correo o haciendo entrega personal a: Secretaría del Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico, Oficina 150 Edificio Federal, 150 Avenida Carlos Chardón, San Juan PR 00918-1767.**

**La fecha límite para presentar en el Tribunal de Distrito y notificar por correo electrónico el Aviso de Participación es [*insertar fecha 40 días a partir de la fecha de notificación de la Orden*] de 2019 (la "Fecha Límite de Participación")**. Aquellos que presenten en el Tribunal de Distrito y notifiquen por correo electrónico el Aviso de Participación para la Fecha Límite de Participación no tendrán que presentar una respuesta sustantiva a las Objeciones a Reclamaciones hasta la fecha establecida mediante una orden de calendarización posteriormente emitida por el Tribunal de Distrito.

Sujeto a lo provisto en el párrafo 4 abajo, aquella parte que no presente un Aviso de Participación no podrá recibir notificaciones de radicaciones y eventos en el litigio y puede que no se le permita participar sustancialmente en el litigio de las Objeciones a Reclamaciones sin permiso del Tribunal de Distrito una vez haya mostrado justa causa, sin embargo, sus derechos pueden verse afectados por el resultado del litigio. En particular, y sujeto a los derechos apelativos aplicables, si, y en la medida en que, el Tribunal de Distrito conceda las Objeciones a Reclamaciones total o parcialmente, la recuperación de los reclamantes de Bonos SRE por cuenta de los mismos bonos se eliminará total o parcialmente, y estos reclamantes quedarán prohibidos para siempre de hacer valer dichas reclamaciones invalidadas contra el SRE y el ELA, según aplique, votar con respecto a las reclamaciones invalidadas en cualquier plan de ajuste presentado en los Casos bajo el Título III del SRE o del ELA, según aplique, y participar

5

en distribución alguna en los Casos bajo el Título III del SRE o del ELA por cuenta de las mismas reclamaciones invalidadas que surgen de Bonos SRE y de las Reclamaciones de Bonos SRE. Al radicar un Aviso de Participación, el reclamante tendrá la oportunidad de ser escuchado en los méritos de las Objeciones a Reclamaciones, tendrá derecho a recibir las notificaciones sobre eventos en el caso específicos a las Objeciones a Reclamaciones y recibirá avisos de oportunidades para reunirse y conversar con otras partes sobre los asuntos relacionados al litigio de las Objeciones a Reclamaciones.

Nada de lo aquí *disponiéndos*dispuesto, ni la mera presentación de un Aviso de Participación por una persona o entidad que no sea un tenedor de un Bono SRE, le conferirá legitimación activa a dicha persona o entidad para participar en el litigio de las Objeciones a Reclamaciones, y se reservan todos los derechos para objetar la legitimación activa de cualquier persona o entidad.

(b) Las Acciones – Aviso de Comparecencia

En la medida en que un Demandado PA no haya presentado aún un Aviso de Comparecencia, a menos que este Demandado PA sea un Participante Considerado, ese Demandado PA **tiene** que presentar un Aviso de Comparecencia en la Acción aplicable en o antes de la Fecha Límite de Participación, aunque ese Demandado PA también haya sometido un Aviso de Participación. Este Aviso de Comparecencia puede ser limitado a la medida en que un Demandado PA dispute la jurisdicción del Tribunal de Distrito sobre este.

(c) Presentación de Lista de Participantes

En la fecha que será cinco (5) días después de la Fecha Límite de Participación, los Objetores presentarán en el Tribunal de Distrito una lista de todas las partes que presentaron Avisos de Participación y sus representantes legales, e indicarán si estos Participantes favorecen o se oponen a las Objeciones a Reclamaciones. Los Objetores también presentarán en el Tribunal de Distrito una lista de todos los Demandados PA que presentaron Avisos de Comparecencia y sus representantes legales. Estas listas serán actualizadas según sea necesario cada treinta (30) días para reflejar cualquier presentación tardía o actualización de un Aviso de Participación y Aviso de Comparecencia.

3. Alegatos sobre Objeciones a Reclamaciones

Con respecto a establecer un calendario para someter alegatos relacionados a las Objeciones a Reclamaciones, las partes deberán cumplir con la *Orden sobre el Período de Suspensión y Mediación Obligatoria* [Dkt. Núm. 8244 en el Caso Núm. 17-bk-3283-LTS].

Los Comités deberán hacer que se envíen notificaciones automáticas por correo electrónico a las partes que hayan provisto una dirección de correo electrónico en su Aviso de Participación cuando documentos relevantes a las Objeciones a Reclamaciones, incluyendo calendarios para presentar alegatos relacionados a estos, sean presentados ante el Tribunal de Distrito o de otra manera sean hechos públicos. Además, estos documentos también serán publicados en: http://cases.primeclerk.com/ERSClaimsObjections ("Página Web de Objeciones SRE"). **Las partes que no provean una dirección de correo electrónico en su Aviso de**

**Participación, no recibirán notificaciones automáticas y tendrán que visitar la Página Web de Objeciones SRE para lograr ver las notificaciones y otros documentos pertinentes.**

4. No Presentar a Tiempo un Aviso de Participación y/o Aviso de Comparecencia

Cualquier parte que no presente un Aviso de Participación y/o Aviso de Comparecencia o lo presente luego de la Fecha Límite de Participación, estará sujeta a cualquier orden emitida por el Tribunal de Distrito previo a la Fecha Límite de Participación. Ausente un permiso concedido por el Tribunal de Distrito luego de mostrar justa causa, cualquier parte (que no sea un Participante Considerado) que (a) no presente un Aviso de Participación, o (b) presente un Aviso de Participación luego de la Fecha Límite de Participación, estará impedida de presentar mociones separadas relacionadas a las Objeciones a Reclamaciones, incluyendo presentar cualquier Objeción Adicional a Reclamaciones.

5. Carencia de Deber

Ningún Recurrido o Demandado PA tendrá deber alguno para con otro Recurrido, Demandado PA o Tenedor de Bonos SRE que no haya presentado un Aviso de Participación o Aviso de Comparecencia, como aplique.

6. Otras Objeciones Permisibles; Fecha Límite para Objeciones a Reclamaciones

El hecho de que los Objetores hayan objetado las Reclamaciones de Bonos SRE incoadas contra el SRE y el ELA no impedirá (i) a los Objetores o a cualquiera otra parte con interés a objetar cualquier otra reclamación incoada por un Tenedor de Bonos SRE que no esté relacionada a Bonos SRE, o (ii) a cualquier parte con interés a levantar argumentos adicionales para objetar a las Reclamaciones de Bonos SRE de acuerdo con estos Procedimientos Iniciales para Objeciones.

No empece a lo aquí expuesto en contrario, en lo que no respecta a las Reclamaciones Postpetición Excluidas, (i) la fecha límite para presentar objeciones a cualquier Reclamación de Bonos SRE incoada por los Grupos (incluyendo los miembros de estos Grupos) o el Agente Fiscal será la fecha que sea más tarde entre (a) 90 días a partir de la notificación de la Orden, y (b) el 6 de enero de 2020 (la "Fecha Límite para Objetar Reclamaciones"), y (ii) sujeto a la Regla 7015 de Quiebra (la cual aplica a las Objeciones a Reclamaciones), luego de la Fecha Límite para Objetar Reclamaciones, los Objetores y cualquier parte con interés estarán prohibidos de presentar cualquier objeción nueva o adicional sobre la procedencia de cualquier Reclamación de Bonos SRE incoada por los Grupos (incluyendo los miembros de estos) o el Agente Fiscal.

7. Fecha Límite Acordada para Reclamaciones Postpetición para Ciertos Tenedores de Bonos SRE

La fecha límite para los Grupos (incluyendo sus miembros) y el Agente Fiscal incoar reclamaciones postpetición (incluyendo una solicitud para gastos administrativos) contra el SRE y/o el ELA por cuenta de o relacionadas a Bonos SRE será el [*insertar fecha que es 45 días a partir de la notificación de la orden*] de 2019 (la "Fecha Límite Acordada para Reclamaciones Postpetición de Tenedores de Bonos SRE"). Sujeto a la Regla 7015 de Quiebra (la cual aplica a

las reclamaciones postpetición, incluyendo solicitudes para gastos administrativos contra el SRE y/o el ELA), los Grupos y el Agente Fiscal estarán prohibidos de presentar, luego de la Fecha Límite Acordada para Reclamaciones Postpetición de Tenedores de Bonos SRE cualquier reclamación postpetición nueva o adicional acumulada contra el SRE y/o el ELA que (a) es por cuenta de o relacionada a Bonos SRE, y (b) se acumuló en o antes del día 30 previo a la Fecha Límite Acordada para Reclamaciones Postpetición de Tenedores de Bonos SRE. Para evitar dudas, le Fecha Límite Acordada para Reclamaciones Postpetición de Tenedores de Bonos SRE solo aplicará a los Grupos (incluyendo sus miembros) y el Agente Fiscal y no aplicará a algún otro Tenedor de Bonos SRE o al SRE ni entidad alguna que actúe en nombre de o en representación del SRE, incluyendo un síndico nombrado a tenor con la Sección 926 del Código de Quiebras. Para evitar más dudas, los gastos administrativos que surjan de la Sección 922(c) del Código de Quiebras luego del día 30 previo a la Fecha Límite Acordada para Reclamaciones Postpetición de Tenedores de Bonos SRE no estarán sujetos a dicha fecha límite.

8. Las Siguientes Personas son las "Partes a Notificar"

**PAUL HASTINGS LLP**
Attn: Luc. A. Despins, Esq.
James R. Bliss, Esq.
Nicholas A. Bassett, Esq.
200 Park Avenue
New York, NY 10166
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com

**JENNER & BLOCK LLP**
Attn: Robert Gordon, Esq.
Catherine Steege, Esq.
Melissa Root, Esq.
Landon Raiford, Esq.
rgordon@jenner.com
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com

**PROSKAUER ROSE LLP**
Attn: Martin J. Bienenstock, Esq.
Brian S. Rosen, Esq.
Jeffrey W. Levitan, Esq.
Margaret A. Dale, Esq.
mbienenstock@proskauer.com
brosen@proskauer.com
jlevitan@proskauer.com
mdale@proskauer.com

**CASILLAS, SANTIAGO & TORRES LLC**
Attn: Juan J. Casillas Ayala, Esq
Israel Fernández Rodríguez, Esq.
Juan C. Nieves González, Esq.
Cristina B. Fernández Niggemann, Esq.
PO Box 195075
San Juan, PR 00919-5075
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

**BENNAZAR, GARCÍA & MILLIÁN, C.S.P.**
Attn: A.J. Bennazar-Zequeira, Esq.
Héctor M. Mayol Kauffman, Esq.
Francisco del Castillo Orozco, Esq.
ajb@bennazar.org
hector.mayol@bbennazar.com

**A&S LEGAL STUDIO, PSC.**
Attn: Luis F. Del Valle-Emmanuelli, Esq.
dvelawoffices@gmail.com

| | |
|---|---|
| **BROWN RUDNICK LLP**<br>Attn: Edward S. Weisfelner, Esq.<br>Angela M. Papalaskaris, Esq.<br>eweisfelner@brownrudnick.com<br>apapalaskaris@brownrudnick.com | **ESTRELLA, LLC**<br>Attn: Alberto Estrella, Esq.<br>Kenneth C. Suria, Esq.<br>agestrella@estrellallc.com<br>ksuria@estrellallc.com |
| **O'MELVENY & MYERS LLP**<br>John J. Rapisardi<br>Suzzanne Uhland<br>Peter Friedman<br>7 Times Square<br>New York, NY 10036<br>(212) 326-2000 | **MARINI PIETRANTONI MUÑIZ LLC**<br>Luis C. Marini-Biaggi<br>250 Ponce de León Ave., Ste. 900<br>San Juan, PR 00918<br>Tel: (787) 705-2171<br>Fax: (787) 936-7494 |