UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------x
                                                            :
In re                                                       :
                                                            :   PROMESA
THE FINANCIAL OVERSIGHT AND                                 :   Title III
MANAGEMENT BOARD FOR PUERTO RICO,                           :
                                                            :
     as representative of                                   :   Case No. 17-BK-3283 (LTS)
                                                            :
THE COMMONWEALTH OF PUERTO RICO,                            :   (Jointly Administered)
et al.,¹                                                    :
                                                            :
     Debtors.                                               :
                                                            :
------------------------------------------------------------x
                                                            :
In re                                                       :
                                                            :   PROMESA
THE FINANCIAL OVERSIGHT AND                                 :   Title III
MANAGEMENT BOARD FOR PUERTO RICO,                           :
                                                            :
     as representative of                                   :   Case No. 17-BK-04780 (LTS)
                                                            :
PUERTO RICO ELECTRIC POWER                                  :   Court Filing Relates Only to PREPA
AUTHORITY (PREPA),                                          :
                                                            :
     Debtor.                                                :
------------------------------------------------------------x
```

**REPLY IN SUPPORT OF URGENT OMNIBUS MOTION OF
CORTLAND CAPITAL MARKET SERVICES LLC, AS
ADMINISTRATIVE AGENT, AND SOLUS TO COMPEL DISCOVERY
RESPONSES IN CONNECTION WITH PREPA RSA SETTLEMENT MOTION**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

To the Honorable United States Magistrate Judge Judith Gail Dein:

Cortland Capital Market Services LLC ("Cortland"), as successor administrative agent for lenders under the Scotiabank Credit Agreement, and Solus respectfully submit this Reply in support of their Motion to Compel[2] and in response to the Joint Opposition[3] filed by the Oversight Board, PREPA, and AAFAF. For the reasons set forth in the Motion to Compel and below, the PREPA and AAFAF should be required to produce a Rule 30(b)(6) witness or witnesses to testify regarding the Rate Motion.

1. The Government Parties have asked the Court to "approve[] and authorize[]" PREPA to make approximately $11.2 million per month in pre-plan Settlement Payments. *See* Supp. Joint Status Report, Ex. A (Amended Proposed Order) ¶ 5 [Dkt. No. 1361]. As shown in the Motion to Compel, in seeking to justify those Settlement Payments, the Government Parties represented to the Court that non-settling creditors will *not* be prejudiced by the payments because, among other things, they "are coming from **new—not existing—**charges." Settlement Mot. ¶ 68 (emphasis added). They described the Settlement Charge as a "fixed charge **added** to PREPA's **current rates**." *Id.* ¶ 9 (emphases added). And then, after Judge Swain directed the Government Parties to "lay out legally and factually their position as to how the RSA will preserve the rights of non-settling interested parties," June 12 Tr. 157:22–24, they stated in their supplemental filing that "recoveries of other creditors of PREPA" would *not* be affected because

---

[2] Capitalized terms not defined herein have the same meanings as in the *Urgent Omnibus Motion of Cortland Capital Market Services LLC, as Administrative Agent, and Solus to Compel Discovery Responses in Connection with PREPA RSA Settlement Motion* (the "Motion to Compel") [Dkt. No. 1557].

[3] References to the "Joint Opposition" or the "Opp." are to the *Joint Opposition to the Urgent Omnibus Motion of Cortland Capital Market Services LLC, as Administrative Agent, and Solus to Compel Discovery Responses in Connection with PREPA RSA Settlement Motion* [Dkt. No. 1580].

PREPA would "only" pay the bondholders "out of a **special, new charge**." Dkt. No. 1425 ¶ 103 (emphasis added).

2. The Rate Motion filed by PREPA — just one day after the Government Parties submitted their supplemental filing — is difficult or impossible to square with the representations made to this Court.[4] In the Rate Motion, PREPA has sought to "offset" the new Settlement Charge with a reduction in base rates in *exactly* the amount of the Settlement Charge, undermining the claim that the Settlement Payments will be funded by a "special, new charge" and confirming instead that the settlement will effectively be funded by existing creditors.

3. After learning about the Rate Motion, the Fuel Line Lenders promptly served discovery notices in order to understand why the Rate Motion was filed, what analysis the Government Parties performed concerning the prejudice that the "offset" might cause to other creditors, and how the Rate Motion bears upon the Government Parties' representations that there would be no such prejudice.

4. After filing the Motion to Compel, Cortland and Solus resolved their disputes with the Government Parties concerning document productions, and agreed to defer Cortland and Solus's 30(b)(6) deposition requests until after the Government Parties' document productions were complete. Accordingly, on August 19, 2019, Cortland and Solus withdrew the Motion to Compel without prejudice. Dkt. No. 1597. Following receipt of PREPA and AAFAF's document productions, Cortland and Solus renewed their 30(b)(6) notice on the Rate Motion and invited PREPA and AAFAF to meet and confer. PREPA and AAFAF responded that the

---

[4] Although the Government Parties object to the timing of the discovery requests regarding the Rate Motion, *see* Opp. ¶ 1, the Fuel Line Lenders had good cause to serve requests after the July 5 deadline for serving discovery requests. The Fuel Line Lenders learned of the Rate Motion on July 15 and acted with utmost diligence, serving discovery requests *the same day*. Mot. to Compel ¶¶ 22, 31.

deposition request was "beyond the scope of the 9019 litigation" and that Cortland and Solus should proceed to file this Reply.

5.  The Government Parties' objections as to scope and relevance (Opp. ¶ 1) should be rejected. The requested discovery seeks to probe the Government Parties' *own assertions* — which have never been corrected or retracted — that the Settlement Payments will be made out of "new" and not "existing" charges and thus will not prejudice other creditors. They defend the settlement on that basis. In any event, under the authority that the Government Parties have themselves relied on, the issue of prejudice to non-settling creditors is relevant, as it bears on the Court's assessment of "the paramount interest of the creditors" in evaluating the settlement. *Jeffrey* v. *Desmond*, 70 F.3d 183, 185 (1st Cir. 1995).

6.  PREPA and AAFAF attempt to retreat from their prior statements, contending that they did not represent that base rates would not change, and they point to projected cost savings described in the Fiscal Plan. Opp. ¶ 7. But the Rate Motion says nothing about any cost savings, much less savings that would exactly offset the reduction in the base rate they are seeking. Instead, the Rate Motion on its face seeks to "offset" the Settlement Charge so it has "no net impact on customer bills." Mot. to Compel Ex. A ¶ 11.

7.  The Government Parties also invoke rulings from this Court as a basis to oppose deposition testimony on the Rate Motion, but those rulings have no bearing here. To be sure, Judge Swain has indicated that evidence and arguments concerning whether regulatory matters "ought to be approved" should be excluded (Opp. ¶ 2 (quoting July 11 Tr. 13:21-14:1)), and this Court did not permit discovery on "macroeconomic[]" issues (*id.* ¶ 3 (quoting July 30 Tr. 126-27)). But the Fuel Line Lenders do not intend to present evidence or argument on whether the

Rate Motion "ought to be approved"; and the Rate Motion discovery does not concern "macroeconomic" issues.

8. Rather, as noted above, the Fuel Line Lenders are seeking Rule 30(b)(6) testimony simply to determine whether the Rate Motion can be reconciled with the Government Parties' own statements to this Court to the effect that the Settlement Payments to bondholders under the RSA will cause no prejudice to PREPA's other creditors. The documents produced by PREPA and AAFAF do not answer that question. AAFAF and PREPA should thus be ordered to produce a Rule 30(b)(6) witness who can speak to this issue. A targeted deposition, which PREPA and AAFAF could presumably combine with an already-scheduled 30(b)(6) deposition on other topics, will not impose any significant burden.

9. For the foregoing reasons, the Court should grant the Motion to Compel and enter the revised proposed order appended hereto. Specifically, PREPA and AAFAF should be compelled to provide a deposition witness or witnesses pursuant to Federal Rule 30(b)(6) relating to the Rate Motion.

Dated: October 4, 2019

Respectfully submitted,

 /s/ Nayuan Zouairabani
Nayuan Zouairabani
USDC-PR No. 226411
MCCONNELL VALDÉS LLC
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: (787) 250-5604
Facsimile: (787) 759-9225
Email: nzt@mcvpr.com

 /s/ Emil A. Kleinhaus
Richard G. Mason (admitted *pro hac vice*)
Amy R. Wolf (admitted *pro hac vice*)
John F. Lynch (admitted *pro hac vice*)
Emil A. Kleinhaus (admitted *pro hac vice*)
Angela K. Herring (admitted *pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Email: rgmason@wlrk.com
 arwolf@wlrk.com
 jlynch@wlrk.com
 eakleinhaus@wlrk.com
 akherring@wlrk.com

*Attorneys for Cortland Capital Market Services LLC, as Administrative Agent*

 /s/ Jose L. Ramirez-Coll
Jose L. Ramirez-Coll
USDC-PR No. 221702
ANTONETTI, MONTALVO
& RAMIREZ-COLL
1225 Ponce de Leon Avenue
San Juan, Puerto Rico 00907
Telephone: (787) 977-0303
Facsimile: (787) 977-0323
Email: jramirez@amrclaw.com

 /s/ Bryce L. Friedman
Bryce L. Friedman (admitted *pro hac vice*)
Nicholas Baker (admitted *pro hac vice*)
Sarah E. Phillips (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Email: bfriedman@stblaw.com
 nbaker@stblaw.com
 sarah.phillips@stblaw.com

*Attorneys for SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD and Ultra NB LLC*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ------------------------------------------------------------ x | | |
| *In re* | : | |
| | : | PROMESA |
| THE FINANCIAL OVERSIGHT AND | : | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | |
| | : | |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
| | : | |
| THE COMMONWEALTH OF PUERTO RICO, | : | (Jointly Administered) |
| *et al.*,[1] | : | |
| | : | |
| Debtors. | : | |
| ------------------------------------------------------------ x | | |
| *In re* | : | |
| | : | PROMESA |
| THE FINANCIAL OVERSIGHT AND | : | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | |
| | : | |
| as representative of | : | Case No. 17-BK-04780 (LTS) |
| | : | |
| PUERTO RICO ELECTRIC POWER | : | |
| AUTHORITY (PREPA), | : | |
| | : | |
| Debtor. | : | |
| ------------------------------------------------------------ x | | |

**[PROPOSED] ORDER GRANTING URGENT OMNIBUS MOTION OF CORTLAND CAPITAL MARKET SERVICES LLC, AS ADMINISTRATIVE AGENT, AND SOLUS TO COMPEL DISCOVERY RESPONSES IN <u>CONNECTION WITH PREPA RSA SETTLEMENT MOTION</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

-2-

Upon consideration of the *Urgent Omnibus Motion of Cortland Capital Market Services LLC, as Administrative Agent, and Solus to Compel Discovery Responses in Connection with PREPA RSA Settlement Motion* (the "Motion"),[2] filed on August 2, 2019, and it appearing that (i) the Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); (ii) venue of this proceeding and the Motion is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); (iii) notice of the Motion was adequate and proper under the circumstances and no further or other notice need be given; and after due deliberation and sufficient cause appearing therefor, the Court concludes that Cortland Capital Market Services LLC, as administrative agent, SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD and Ultra NB LLC have satisfied the requirements for an order compelling deposition testimony pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rules 7026 and 7037 of the Federal Rules of Bankruptcy Procedure and 48 U.S.C. § 2170,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. AAFAF and PREPA shall prepare and make available for deposition a witness or witnesses to testify concerning the examination topics set forth in Exhibits E and F to the Motion.

Dated: _____, 2019

_____
Honorable Judith G. Dein
United States Magistrate Judge

---

[2] Capitalized terms not defined have the meanings given in the Motion.