**EXHIBIT E**

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE RODNEY SQUARE
P.O. BOX 636
WILMINGTON, DELAWARE 19899-0636
———
TEL: (302) 651-3000
FAX: (302) 651-3001
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(302) 651-3210
DIRECT FAX
(302) 574-3100
EMAIL ADDRESS
PAUL.LOCKWOOD@SKADDEN.COM

August 27, 2019

**VIA EMAIL**

Ehud Barak, Esq.
(ebarak@proskauer.com)
Counsel to the Oversight Board
Proskauer Rose LLP
Eleven Times Square
New York, New York  10036-8299

Diana M. Perez, Esq.
(dperez@omm.com)
Counsel to AAFAF
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, New York  10036

Maja Zerjal, Esq.
(mzerjal@proskauer.com)
Counsel to the Oversight Board
Proskauer Rose LLP
Eleven Times Square
New York, New York  10036-8299

Luis C. Marini-Biaggi, Esq.
(lmarini@mpmlawpr.com)
Counsel to AAFAF
Marini Pietrantoni Muñiz LLP
MCS Plaza
255 Ponce de León Ave., Suite 500
San Juan, Puerto Rico  00917

Steve Ma, Esq.
(sma@proskauer.com)
Counsel to the Oversight Board
Proskauer Rose LLP
2029 Century Park East, Suite 2400
Los Angeles, California  90067-3010

RE:   Lift Stay Notice

Dear Counsel:

We write in connection with the April 29, 2019 letter we sent on behalf of our client, UBS Financial Services Incorporated of Puerto Rico ("UBS Financial"), to provide notice of UBS Financial's intention to seek relief from the automatic stay to file, fully prosecute and liquidate counterclaims (the "Lift Stay Notice") in

Ehud Barak, Esq.
Maja Zerjal, Esq.
Steve Ma, Esq.
Diana M. Perez, Esq.
Luis C. Marini-Biaggi, Esq.
August 27, 2019
Page 2

*Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura de Puerto Rico, et al. v. UBS Financial Services Incorporated of Puerto Rico, et al.*, Civ. No. KAC-2011-1067 (803), currently pending in the Commonwealth of Puerto Rico Court of First Instance (the "ERS Action"). To date, we have not received a response to the Lift Stay Notice and are prepared to file a motion seeking relief from the automatic stay in *In re The Financial Oversight and Management Board for Puerto Rico, as representative of The Commonwealth of Puerto Rico, et al.*, No. 17 BK 3283-LTS (the main case) and No. 17 BK 3566-LTS (the ERS case).

The purpose of this letter is to alert you to the conflicting positions that have been taken on behalf of the ERS regarding the prosecution of overlapping issues in the ERS Action and the Title III cases. As you are aware, UBS Financial is a defendant in an adversary proceeding pending in the Title III cases entitled *Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico, et al. v. Barclays Capital, et al.* (Adv. Pro. No. 19-00280) (the "Adversary Proceeding") commenced by the Special Claims Committee and the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico. On July 9, 2019, the Special Claims Committee moved to stay the Adversary Proceeding pending confirmation of the Commonwealth's plan of adjustment.

At the July 24, 2019 Omnibus Hearing in the Title III cases, the Court entered an order temporarily staying certain proceedings, including the Adversary Proceeding, through November 30, 2019 (the "Mandatory Stay"). The purpose of the Mandatory Stay is to:

> avoid piecemeal litigation of potentially overlapping key issues . . . identify efficiently the issues that must be litigated or otherwise resolved to achieve confirmation of a plan of adjustment for the Commonwealth (and other debtors and potential debtors in Title III proceedings), as well as to prioritize such issues and develop efficient approaches to the resolution of such issues . . ..

(Order Regarding Stay Period and Mandatory Mediation, dated July 24, 2019, No. 17 BK 323-LTS, Dkt #8244, No. 17 BK 3283-LTS, Dkt #13, page 1) The Court ordered that the parties confer with Judge Barbara J. Houser during the Mandatory Stay regarding procedures for the determination of common issues, including "the validity, secured status (if any), and priority relating to the following bonds, some or

Ehud Barak, Esq.
Maja Zerjal, Esq.
Steve Ma, Esq.
Diana M. Perez, Esq.
Luis C. Marini-Biaggi, Esq.
August 27, 2019
Page 3

all of which have been the subject of challenges or claim objections: . . . ERS Bonds." (*Id.* at 3)

In their capacity as representatives of the Debtors (including the ERS), the FOMB and AAFAF have made it clear that it is their position that all matters potentially affecting the Debtors' plan confirmation should be stayed. During the July 24 Omnibus Hearing, counsel for the FOMB expressed his agreement with the Mandatory Stay, which halts activity in actions involving overlapping issues, including the validity of the ERS Bonds. However, despite this, the ERS' counsel in the ERS Action continues to prosecute the ERS Action, in direct conflict with the position the ERS' representatives have taken in the Title III cases.

For example, in the ERS Action, the ERS filed a motion for partial summary judgment, seeking a ruling, among other things, that UBS Financial is liable to the ERS for underwriting the ERS Bonds, which it purportedly knew were not validly issued under Puerto Rico law. Thus, the ERS has asked the Commonwealth Court to directly decide matters that have also been presented to Judge Swain in the Title III cases and are the subject of the Mandatory Stay. The ERS cannot fairly prosecute the ERS Action while demanding a stay of the same issues in the Title III cases. There is no reason for different treatment. The resources of the ERS are being deployed in either court, and the claims in both courts are assets of the bankruptcy estate.

Over the next several months, discovery in the ERS Action will be substantial. Instead of producing documents, counsel for the ERS orally represented at a discovery conference that the ERS purportedly lost all electronic data potentially relevant to the claims and defenses in the ERS Action during Hurricane Maria. He further stated that this issue had already been addressed in the Title III cases and promised an explanatory affidavit. The ERS has never confirmed its counsel's shocking statement through affidavits or other sworn statements. Moreover, in the Title III cases, the ERS has produced documents from its files that are relevant to the ERS Action and, to our knowledge, has never stated that all documents related to the ERS Bonds were permanently lost. Thus, the defendants in the ERS Action must commence extensive and exhaustive discovery into the alleged destruction of all relevant electronic data and the facts surrounding the ERS' apparent failure to adequately preserve such documents. This will require a demanding search of over ten years of the ERS' data and will involve the taking of numerous depositions of current and former employees of the ERS. We will also pursue discovery of all

Ehud Barak, Esq.
Maja Zerjal, Esq.
Steve Ma, Esq.
Diana M. Perez, Esq.
Luis C. Marini-Biaggi, Esq.
August 27, 2019
Page 4

counsel in the Title III cases to determine whether they have possession of the "missing" documents.

Because the ERS has taken positions in the ERS Action that contradict its positions in the Title III cases, UBS Financial has no choice but to protect and preserve all of its rights by pushing forward with extensive discovery in the ERS Action and seeking relief from the automatic stay from Judge Swain to file counterclaims against the ERS for breach of contract and indemnification. This will undo the benefits of the Mandatory Stay, but that is a necessary by-product of the litigation tactics chosen by the ERS.

In keeping with the spirit of the Mandatory Stay, UBS Financial is willing to raise these issues with Judge Houser to determine whether the parties can come to a consensual arrangement regarding these overlapping cases.

Please contact me via email at paul.lockwood@skadden.com or via telephone at (302) 651-3210 if you wish to discuss any of the issues raised in this letter.

Sincerely,

*/s/ Paul J. Lockwood*

Paul J. Lockwood

cc: Roberto C. Quiñones-Rivera (rcq@mcvpr.com)
Leslie Y. Flores-Rodríguez (lfr@mcvpr.com)
Harold D. Vicente, Esq. (hvicente@vclawpr.com)
Harold D. Vicente Colón, Esq. (hdvc@vclawpr.com)
Ivelisse M. Ortiz Moreau, Esq. (iortiz@vclawpr.com)
Federico Hernández Denton, Esq. (f.hernandezdenton@gmail.com)
José Cháves Caraballo, Esq. (chaves@fc-law.com)
Carlos López López, Esq. (clopez@wolfpopperpr.com)
Rodolfo Carrión Vargas, Esq. (rcarrion@wolfpopperpr.com)
Francisco Pujol Meneses, Esq. (fpujol@pujollawpr.com)
Edward S. Weisfelner, Esq. (eweisfelner@brownrudnick.com)
Angela M. Papalaskaris, Esq. (apapalaskaris@brownrudnick.com)
Stephen A. Best, Esq. (sbest@brownrudnick.com)
Jeffrey L. Jonas, Esq. (jjonas@brownrudnick.com)
Sunni P. Beville, Esq. (sbeville@brownrudnick.com)
John Arrastia, Esq. (jarrastia@gjb-law.com)

Ehud Barak, Esq.
Maja Zerjal, Esq.
Steve Ma, Esq.
Diana M. Perez, Esq.
Luis C. Marini-Biaggi, Esq.
August 27, 2019
Page 5

    John H. Genovese, Esq. (jgenovese@gjb-law.com)
    Jesus M. Suarez, Esq. (jsuarez@gjb-law.com)
    Mariaelena Gayo-Guitian, Esq. (mguitian@gjb-law.com)
    Alberto Estrella, Esq. (agestrella@estrellallc.com)
    Kenneth C. Suria, Esq. (kcsuria@estrellallc.com)
    Juan J. Casillas-Ayala, Esq. (jcasillas@cstlawpr.com)
    Israel Fernández-Rodríguez, Esq. (irernandez@cstlawpr.com)
    Juan C. Nieves-González, Esq. (jnieves@cstlawpr.com)
    Cristina B. Fernández-Niggemann, Esq. (cfernandez@cstlawpr.com)
    Luc A. Despins, Esq. (lucdespins@paulhastings.com)
    James R. Bliss, Esq. (jamesbliss@paulhastings.com)
    Nicholas A. Bassett, Esq. (nicholasbassett@paulhastings.com)
    G. Alexander Bongartz, Esq. (alexbongartz@paulhastings.com)