**Objection Deadline**: October 15, 2019 at 4:00 p.m. (Atlantic Standard Time)
**Reply Deadline**: October 23, 2019 at 4:00 p.m. (Atlantic Standard Time)
**Hearing Date**: October 30, 2019 at 9:30am (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

      Debtors.[1]

-----------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## NOTICE OF HEARING WITH RESPECT TO MOTION
## FOR ENTRY OF AN ORDER (A) AUTHORIZING ADMINISTRATIVE
## RECONCILIATION OF CERTAIN CLAIMS, (B) APPROVING ADDITIONAL FORM
## OF NOTICE, AND (C) GRANTING RELATED RELIEF

     **PLEASE TAKE NOTICE** that the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Debtors"), as Title III debtors, by and through the Financial Oversight and Management Board

for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to Section 315(b)

of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] are filing

the annexed *Motion For Entry Of An Order (A) Authorizing Administrative Reconciliation of*

*Certain Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* (the

"Motion").

      **PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion, if any,

and the relief requested therein must be in writing, must conform to the Federal Rules of

Bankruptcy Procedure and the *Tenth Amended Notice, Case Management and Administrative*

*Procedures* [ECF No. 8027-1] (the "Case Management Procedures"), and must be filed with the

Court (a) by registered users of the Court's case filing system, electronically in accordance with

Rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on

a CDROM, in text-searchable portable document format (PDF), and served on (a) counsel for the

Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036-8299

(Attn: Martin J. Bienenstock, Esq. and Brian S. Rosen, Esq.), and O'Neill & Borges LLC, 250

Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813 (Attn: Hermann D. Bauer, Esq.); (b)

counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers

LLP, 7 Times Square, New York, New York 10036 (Attn: John J. Rapisardi, Esq., Suzzanne

Uhland, Esq., and Peter Friedman, Esq.) and Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite

500, 255 Ponce de León Ave., San Juan, PR 00917 (Attn: Luis C. Marini-Biaggi, Esq.); and (c)

the Office of the United States Trustee for Region 21, Edificio Ochoa, 500 Tanca Street, Suite 301,

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

San Juan, PR 00901-1922, so as to be received no later than **October 15, 2019 at 4:00 p.m. (Atlantic Standard Time)**.

> **PLEASE TAKE FURTHER NOTICE** that a hearing will be held before the Honorable Laura Taylor Swain, United States District Court Judge, in Room 3 of the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 (the "Court"), on **October 30, 2019 at 9:30 a.m. (Atlantic Standard Time)**, or as soon thereafter as counsel may be heard, to consider the relief sought by the Debtors in the Motion.

> **PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion may be granted without a hearing if no objection is timely filed, served, and received in accordance with the Case Management Procedures.

> **PLEASE TAKE FURTHER NOTICE** that copies of the Motion, including all exhibits, and all documents filed in these Title III cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

*[Remainder of Page Intentionally Left Blank]*

Dated: October 8, 2019
     San Juan, Puerto Rico

Respectfully submitted,

*/s/  Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board for Puerto Rico as
representative for the Debtors*

*/s/  Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board for Puerto Rico as
representative for the Debtors*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>        Debtors.[3] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## MOTION FOR ENTRY OF AN ORDER
## (A) AUTHORIZING ADMINISTRATIVE RECONCILIATION OF CERTAIN CLAIMS,
## (B) APPROVING ADDITIONAL FORM OF NOTICE,
## AND (C) GRANTING RELATED RELIEF

**To the Honorable United States District Judge Laura Taylor Swain**:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA", and together with the

---

[3] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Commonwealth, ERS, HTA, and PREPA, the "Debtors," and each individually, a "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[4] respectfully submit this motion (the "Motion")[5], pursuant to Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases pursuant to PROMESA section 301(a), Rules 2002(m) and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these cases pursuant to PROMESA section 310, and Rule 1007-1(f) of the Puerto Rico Local Bankruptcy Rules (the "Local Bankruptcy Rules"), for entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), (a) authorizing administrative reconciliation of certain claims ("Administrative Reconciliation"), (b) approving additional form of notice, and (c) granting related relief, and in support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

3.      The statutory predicates for the relief sought herein are Bankruptcy Code section 105(a), Bankruptcy Rules 2002(m) and 3007, made applicable to these cases by PROMESA sections 301(a) and 310, respectively, 28 U.S.C. § 636, 28 U.S.C. § 651, Federal Rule of Civil Procedure 72, and Local Bankruptcy Rule 1007-1(f).

---

[4]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[5]  For purposes of this Motion only, and because the Puerto Rico Sales Tax Financing Corporation ("COFINA") has already reconciled substantially all of its proofs of claim, COFINA is not included among the Debtors seeking relief herein.

## CLAIMS RECONCILIATION PROCESS

4.      For each of the Debtors, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (collectively, the "Title III Cases").  On June 1, 2017, the Court entered an order granting the joint administration of the Title III Cases for the Commonwealth, ERS, HTA, and PREPA, for procedural purposes only.  On September 27, 2019, PBA filed the *Motion for Order Pursuant to PROMESA § 304(g), Directing Joint Administration of Initial Title III Cases and Additional Title III Case, and (B) Pursuant to Section 105(a) of the Bankruptcy Code, Making Certain Orders Entered in the Initial Title III Cases Applicable to the Additional Title III Case.*  Case No. 19-bk-5523, ECF No. 3.

**A.      The Bar Date Order, Proofs of Claim Filed, and Omnibus Objections Procedures**

5.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][6] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with

---

[6]  Unless otherwise stated, all ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).[7]

6.      To date, over 170,300 proofs of claim have been filed (collectively, the "Claims" and each, a "Claim") against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors.

7.      To expedite and ultimately complete the claims reconciliation process in a timely, efficient, and cost-effective manner, on October 16, 2018, the Debtors filed a motion seeking approval of certain limited objection procedures.  *See Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] ("Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), (C) Granting Related Relief and (D) Directing the Debtors to File on Presentment the Form of Notice* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved the English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Procedures Order.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Initial Notice Order").

8.      Pursuant to the Initial Omnibus Procedures Order, the Court has sustained fifty-nine non-substantive omnibus objections filed by the Commonwealth, COFINA, HTA, and/or

---

[7]  PBA has not yet filed a Bar Date Motion, and no Bar Date Order has yet issued with respect to PBA.

ERS.  Additionally, the Court has sustained a number of individual objections to claims filed against COFINA, the Commonwealth, or ERS.  As a result, over 9,000 claims asserting approximately $43 trillion in liability against the Commonwealth, COFINA, HTA, and ERS have been disallowed and expunged from the claims registry in the Title III Cases.

9.      In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to expand the number of claims that may be included in an omnibus objection, and to approve additional forms of notice.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  The Court granted the requested relief by the June 14, 2019 *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Procedures Order").

C.      **Procedures for Administrative Reconciliation of Claims**

10.     To facilitate the efficient and cost-effective resolution of the Claims, the Debtors submit that there are certain types of Claims that should remain within the auspices of the Debtors' administrative processes and, therefore, not be handled by the Title III Court, either through the ADR Procedures or even through the normal claim reconciliation process.  Specifically, the Debtors submit that their existing administrative processes ("Administrative Claims Reconciliation") are better suited to resolve (a) Claims for pension or retiree benefits ("Pension/Retiree Claims"), (b) Claims for tax refunds ("Tax Refund Claims"), (c) Claims for

9

salaries and benefits owed to public employees ("Public Employee Claims"), and (d) union grievances ("Grievance Claims").   Many of these routine Claims have been pending and unresolved for over two years while the Debtors' Title III proceedings have been pending.  In other instances, these routine Claims have already been satisfied, but the Claims nevertheless remain pending before the Title III Court.  Approval of Administrative Claims Reconciliation processes will greatly reduce the burdens on the Court by permitting these Claims to be resolved through the Debtors' existing processes, which are already designed to provide fair, thorough, effective review of the Claims.  The Debtors' existing processes also permit further appellate review of any initial determinations regarding the Claims, and those existing appeal rights will be preserved during the Administrative Claims Reconciliation process.

11.     To date, the Debtors have identified certain Pension/Retiree Claims, Tax Refund Claims, Public Employee Claims, and Grievance claims that will be appropriate for reconciliation utilizing Administrative Claims Reconciliation.  At present, there are approximately 2,200 Tax Refund Claims and approximately fifteen (15) Grievance Claims.  Because certain claimants provided only limited information in their claims forms, it is difficult to determine at this time how many Pension/Retiree Claims and Public Employee Claims exist.  The Debtors' review of the Claims and of supplemental information provided by certain Claimants is ongoing, and the Debtors anticipate they may identify additional Claims that are appropriate for resolution utilizing Administrative Claims Reconciliation.  The Debtors presently estimate that there may be up to 43,384 Pension/Retiree Claims, and up to 52,972 Public Employee Claims.

### 1. Pension/Retiree Claims

12.     With respect to Pension/Retiree Claims, to the extent such Claims are administrative in nature and related to the entitlement of quantification of benefits pursuant to

existing benefit programs, such Pension/Retiree Claims shall be reconciled through the existing administrative procedures (collectively, the "Pension/Retiree Claims Procedures"), including, without limitation, procedures related to appeals from administrative determinations. The Debtors have been handling these types of claims for years and have the processes in place to permit the expeditious handling thereof. Issues associated with any modifications of pension or retiree benefits, however, shall still be considered in connection with, or attendant to, confirmation of a plan of adjustment for the applicable debtor.

13. Under the Commonwealth's existing procedures, to assert a pension claim, both active employees (participants) and retirees make a request to ERS through the employee's Coordinator of Retirement Affairs. The Coordinator of Retirement Affairs is responsible for assembling the request (and all necessary documentation) submitted by the employee and sending it to ERS, or any successor thereto, for its consideration. Every Commonwealth agency, public corporation, and municipality has a designated employee in their Human Resources Office that is the Coordinator of Retirement Affairs. Active participants cannot make requests to ERS directly; they must do so through their respective Coordinator. If the claimant is a pensioner, they may make a request directly to ERS or any successor thereto. If the claimant is neither an active employee nor a pensioner, such as a beneficiary that is requesting a benefit from an active employee or a deceased pensioner, such claimant must also make a request to the Coordinator of Retirement Affairs for that active employee or deceased pensioner.

14. If ERS, or any successor entity to ERS, denies the request, ERS or its successor shall send a letter to the participant/pensioner informing them why the request was denied and advising the participant/pensioner that they have thirty (30) days to submit a reconsideration of their request before the Administration. In the event that the participant/pensioner files a

11

reconsideration request, the Administrator shall designate a hearing examiner who shall hold an administrative hearing.   Within thirty (30) days of the administrative hearing, the hearing examiner shall submit a report on the merits of the reconsideration to the Administrator. The Administration shall render a final verdict fifteen (15) days after the hearing examiner renders the report.  In the event that reconsideration is denied, the affected participant/pensioner may submit an appeal before the Retirement Board within thirty (30) days of the decision denying reconsideration.  In the event that the Retirement Board denies the participant/pensioner's appeal, the participant/pensioner may file an appeal of the decision of the Retirement Board to the Puerto Rico Court of Appeals within thirty (30) days of issuance of the Retirement Board's determination.

### 2. Tax Refund Claims

15.     Similarly, Tax Refund Claims should be reconciled in accordance with existing Commonwealth administrative procedures, including, without limitation, procedures related to appeals from administrative determinations (collectively, the "Tax Refund Procedures").

16.     Historically, if there is a difference between the taxpayer's requested refund and the one calculated by the Treasury Department, the Treasury Department sends a written notification to the taxpayer.  If a taxpayer is interested in inquiring as to a deficiency or delay of a tax refund, the taxpayer must call the Treasury Department through the system of "Hacienda Responde" (787-622-0123) or visit any of the Treasury Department's Service Centers[8] and request information about his or her tax refund.  In response, the taxpayer will receive information regarding the delay or deficiency regarding his or her tax refund (e.g., computational error, compensation with an outstanding debt at Treasury, the refund expired, etc.) relating to all types of tax returns including individuals, corporations and sales tax ("IVU").  The Service Centers and

---

[8] There are service centers in Aguadilla, Arecibo, Caguas, Cidra, Mayaguez and Ponce.

Hacienda Responde not only provide the status of a tax refund, but also address and resolve the service requests through a case management system.  They are also in charge of processing and resolving mathematical errors in tax refunds in case the cause for not receiving a tax refund is a computation error.  The Service Centers and Hacienda Responde are required to provide clear information to the taxpayer as to the status of his or her tax return or his or her request for investigation as to the status of his or her tax return.  These investigations regarding the status of a tax refund are channeled through different units ascribed to the Treasury Department and which depend on the type of refund being claimed. Depending on the claim, the units are identified herein: http://www.hacienda.gobierno.pr/sobre-hacienda/organizacion/secretarias-negociados-y-areas.

17.    In order to initiate an investigation into a deficiency or a delay in receiving a tax refund, the taxpayer must provide his or her support documentation regarding the requested tax refund to the professionals at Hacienda Responde or to the professionals at the Service Centers. Depending on the reasons for the deficiency or delay in the tax refund payment, professionals at Hacienda Responde may contact the tax division or legal division within the Treasury Department. If after this initial inquiry process the Treasury Department denies a refund request, the taxpayer may request a hearing at the Treasury Department.

18.    If the taxpayer is not provided with the requested information regarding the status of his or her tax return, a taxpayer can also file a claim before the office for the protection of the rights of the taxpayers (Oficina de Protección de los Derechos del Contribuyente), which is directed by the Taxpayer's Solicitor.  In order to file a claim, the taxpayer must first complete Model Form SC 2836 (available here: http://www.hacienda.pr.gov/sobre-hacienda/servicios-al-contribuyente/procurador-del-contribuyente/como-radicar-una-reclamacion), sign the same and send it via email to rnieves@hacienda.pr.gov or via fax to (787)725-9668.  Once a claim has been

13

filed, an investigation is commenced and the Taxpayer's Solicitor enters an Order of Help ("Orden de Ayuda") if it determines a taxpayer has suffered or will suffer an irreparable harm as a result of a violation, by the Treasury Department, of the disposition of the Bill of Rights of the Taxpayer (available here: http://www.hacienda.pr.gov/sites/default/files/publicaciones/2014/10/6111.pdf). A taxpayer's rights under the Bill of Rights are violated if the taxpayer does not receive timely responses to questions regarding their tax refund claims, or if they do not receive their refunds within the time specified by law.

19.     Upon denial of a refund claim, and upon notification via certified mail, the claimant may file a lawsuit in the Court of First Instance within thirty (30) days following the date in which such notice was mailed. Against any judgment pronounced by the Court of First Instance granting or refusing to grant a credit or refund requested, the taxpayer or the Secretary may appeal any such judgment of the Court of First Instance by filing a writ of appeal with the Office of the Clerk of the Court of Appeals within thirty (30) days following the entry of the judgment by the Court of First Instance. A claimant may also appeal any judgment of the Court of Appeals by filing a writ of certiorari with the Office of the Clerk of the Supreme Court within 30 days following the entry of the judgment by the Court of Appeals.

### 3.     Public Employee Claims

20.     Public Employee Claims should likewise be reconciled in accordance with existing Commonwealth administrative procedures, including, without limitation, procedures related to appeals from administrative determinations.

21.     The Commonwealth has various administrative processes for employees of the Commonwealth and its agencies to pursue employment related claims, before, for example, the Labor Relations Board, the Office of Mediation and Adjudication of the Department of Labor, and

the Puerto Rico Commission for Appeals of Public Service ("<u>CASP</u>") (collectively, the "<u>Public Employee Procedures</u>"). These specialized forums adjudicate employer-employee disputes within their procedural mechanisms or quasi-judicial administrative procedures, which ensure that all parties have due process and the ability to present their respective claims and evidence. The Office of Mediation and Adjudication, for example, has concurrent jurisdiction with the Puerto Rico Court of First Instance in the following matters:

    a.   Claims for violations of the right to reinstatement in Section 5A of Act No. 45 of April 18, 1935, as amended, generally known as the "Workers' Accident Compensation Act, in which no claim for monetary damages is made. Absent a lapse in coverage, and with certain exceptions (i.e., criminal acts), employers are immune from lawsuits arising from the work-related accidents or illnesses of their employees. As such, all medical treatment, and administrative expenses involved in compensating the ill worker are paid for by the Puerto Rico State Insurance Fund Corporation.

    b.   Claims for wages, vacations and sick leave, pursuant to Act No. 180 of July 27, 1998.

    c.   Act No. 17 of April 1931, on the payment of wages.

    d.   Act No. 80 of May 30, 1976, as amended, P.R. Laws Ann. tit. 29 §§185a-185m, on unjustified dismissal in which no claim for monetary damages for other additional causes and separate from the right to allowance and compensation for the act of dismissal pursuant to said Act.

    e.   Act No. 148 of June 30, 1969, on the Christmas Bonus.

    f.   Act No. 379 of May 15, 1948, on working hours.

    g.   Act No. 3 of March 13, 1942, Section 7, on working mothers' leave in cases in which no claim for monetary damages is made, and there are no penalties for other additional or separate causes other than severance, or the payment or granting of the leave claimed.

    h.   Section 1 of Act No. 384, enacted on September 17, 2004.

    22.    On the other hand, the Antidiscrimination Unit of the Department of Labor and Human Resources is charged with the administration of Act No. 100-1959 and handles

discrimination claims under Puerto Rico law. This Unit also investigates discrimination charges

under Title VII, ADA and ADEA (except retaliation claims), under an agreement with the Equal

Employment Opportunity Commission ("EEOC").

23.     Further, claimants may appear before the CASP, which has jurisdiction to resolve

controversies that arise from the interpretation of current legislation on human resources

administration, collective bargaining agreements, labor organizations, and other rights of

employees that are members of organizations from the central and municipal government or for

citizens applying for a government job.  Specifically, CASP has jurisdiction over appeals arising

as a consequence of actions or decisions of individual administrators and municipalities in the

cases and by the persons specified below:

> a.  When an employee within the Human Resources Administration System not covered under the Public Service Labor Relations Act claims that an action or decision affecting him/her violates any right conferred to him/her by virtue of the provisions of the Human Resources Administration, the Autonomous Municipalities Act, the regulations approved to enforce said Acts, or the regulations adopted by individual administrators.

> b.  CASP has primary jurisdiction over claims arising from violations perpetrated by the Labor Union to the provisions of Act No. 45-1998 and Act No. 333-2004, such as violations of any right conferred to him/her under the essential areas of the merit principle.

> c.  When a citizen claims that an action or decision affects his/her right to compete or to be admitted into the Human Services Administration System pursuant to the merit principle.

> d.  When an irregular employee claims that the appointing authority has refused without justification to make him/her into a regular career employee as provided in the Irregular Personnel Act, Act No. 110-1958, as amended.

> e.  When an individual administrator claims that an action, omission or decision of the Office contravenes the general provisions of Act. No. 184-2004 in the essential areas of the merit principle.

24.     CASP has jurisdiction over the teaching and classified personnel of the Department

of Education, as well as over the civilian personnel of the Puerto Rico Police, not unionized.

25.     CASP may have voluntary appellate jurisdiction over non-unionized employees of the agencies excluded from the application of Act No. 184-2004, and from public corporations that operate as private businesses which submit themselves voluntarily to the appellate and adjudicative process of this body.   The procedure and cost for these to be able to be covered under this jurisdiction shall be established through regulations.

26.     CASP promotes the use of alternate methods for the settlement of disputes as a mechanism to resolve controversies that arise under the scope of the Human Resources Administration.

27.     It is important to note that, pursuant to Act No. 130-1945, as amended, the Puerto Rico Labor Relations Board, a quasi-judicial forum, is authorized (1) to determine and identify employees' representatives, and the appropriate units, for the purposes of collective bargaining, (2) to investigate and resolve disputes regarding representation, (3) to hear cases on unlawful labor practices, and (4) to enforce mediation pronouncements. The Labor Relations Board jurisdiction is limited to: (1) agricultural workers, (2) employees of the Puerto Rico government's public corporations or agencies dedicated to businesses, and (3) employees of employers who engage in interstate commerce in cases where a violation of a collective bargaining agreement is claimed.

28.     Under each of these processes, claimants are entitled to file a claim within a certain time period and to have their claim adjudicated before a board, commission or administrative judge, and, if necessary, file an appeal to the Puerto Rico Court of Appeals. The applicable process, nevertheless, will depend on the claim type and upon whether any particular mechanism was established by the parties for the adjustment of complaints and grievances. Historically, unionized employees contacted their exclusive collective bargaining representatives to move forward with

17

their claims, while non-unionized employees contacted the Labor Standards Bureau.

29.     The   Department   of   Labor   and   Human   Resources'   website,
https://www.trabajo.pr.gov/,   or   the   Labor   Standards   Bureau's   website,
https://www.trabajo.pr.gov/normas_del_trabajo.asp,   also   provide   regulatory   information,
instructions, and some guidance on the process that may be applicable to Claimants based on their
circumstances.   CASP may also be reached at: 787-723-4699 or through its website at:
http://www.casp.pr.gov.

### 4.     Grievance Claims

30.     Lastly, Grievance Claims lodged pursuant to the terms of collective bargaining
agreements and/or applicable statutes should be reconciled and liquidated in accordance with the
terms and procedures of such agreements.

### 5.     Transfer of Claims Into Administrative Reconciliation

31.     The Debtors propose that the Pension/Retiree Claims, the Tax Refund Claims, the
Public Employee Claims, and the Grievance Claims be subject to Administrative Claims
Reconciliation in two instances:

1.  Within one hundred twenty (120) days of approval of these procedures
    by the Court, and every sixty (60) days thereafter, the Commonwealth,
    on behalf of itself and the other Debtors, shall file with the Title III Court
    and serve upon the Claimants a notice, the form of which is annexed
    hereto as Exhibit 2 (the "Administrative Reconciliation Notice"),
    informing such claimant that its Claim shall be handled in accordance
    with the aforementioned Administrative Reconciliation process.   The
    Administrative Reconciliation Notice will clearly designate whether
    each Claim is to be resolved using the Pension/Retiree Procedures, the
    Tax Refund Procedures, the Grievance Procedures, or the Public
    Employee Procedures.

2.  In the event that (i) the Debtors file an omnibus objection to Claims, (ii)
    a claimant objects to the relief requested in such omnibus objection, and
    (iii) the Court or the Debtors determine that such Claim should be
    subject to Administrative Claims Reconciliation, the Debtors shall file

18

an Administrative Reconciliation Notice with the Court and serve the Administrative Reconciliation Notice upon the Claimant stating that such Claim has been removed from the omnibus objection and shall be subject to the Administrative Claims Procedures.  If the Debtors make such determination, within ten (10) days of service of a claimant's objection to the relief requested in the omnibus objection, the Debtors shall file an Administrative Reconciliation Notice with the Court setting forth the Claims to which an omnibus objection has been interposed and responded to by the holder thereof as and to which the Debtors have determined should be subject to Administrative Claims Reconciliation. If the Court makes such determination, the Court shall provide notice to the Debtors, and the Debtors shall file such an Administrative Reconciliation Notice with the Court.

3. To the extent necessary, the automatic stay, extant pursuant to section 362 of the Bankruptcy Code, should be deemed modified so as to permit the commencement or continuation of the reconciliation of any claims subject to Administrative Claims Reconciliation.  Pension/Retiree Claims, Tax Refund Claims, and Public Employee Claims shall be paid in the ordinary course.  With respect to Grievance Claims, upon reconciliation, any amount due and owing by the Commonwealth or any other Debtor would still be payable pursuant to a confirmed Commonwealth plan of adjustment or such other plan of adjustment which may be applicable.

32.     Upon the filing of the Administrative Reconciliation Notice, any claims subject thereto (the "ACR Designated Claims") shall be designated as "Subject to Administrative Reconciliation" on the Claims Registry in these Title III Cases.

33.     Within sixty (60) days of service of the Administrative Reconciliation Notice, the agency normally responsible for handling a Claim shall initiate the processing of the Claims through Administrative Claims Reconciliation.  Either the Coordinator of Retirement Affairs, if the claimant is an active employee or a beneficiary of an active employee or retiree, or ERS or any successor thereto, if the claimant is a retiree, shall, within sixty (60) days of service of the Administrative Reconciliation Notice, submit the Claim for resolution through the Pension/Retiree Procedures.  ERS, or any successor thereto, shall reach a determination as to whether to grant or deny the Pension/Retiree Claimant's request within 60 days of submission

19

of the Claim.

34.     With respect to the Tax Refund Claims, within sixty (60) days of service of the Administrative Reconciliation Notice, Hacienda shall submit the Claim for resolution through the Tax Refund Procedures.  Hacienda shall reach a determination as to whether to grant or deny the Tax Refund Claimant's request within sixty (60) days of submission of the Claim.

35.     With respect to the Public Employee Claims, within sixty (60) days of service of the Administrative Reconciliation Notice, either the Public Employee Claimant's collective bargaining representative, if the Public Employee Claimant is a unionized employee, or the Labor Standards Bureau, if the Public Employee Claimant is a non-unionized employee, shall submit the Public Employee Claim for resolution through the Public Employee Procedures.  A determination as to whether to grant or deny the Public Employee Claimant's claim shall be made within 60 days of submission of the Claim.

36.     Within one-hundred and twenty (120) days of filing the first Administrative Reconciliation Notice, and every sixty (60) days thereafter, the Debtors shall file with the Court a notice (an "Administrative Reconciliation Status Notice") setting forth those claims since the filing of the prior Administrative Reconciliation Status Notice that (a) have been resolved through one or more administrative reconciliation processes (the "ACR Resolved Claims"); (b) are currently in an administrative reconciliation process; or (c) have not been resolved by the Commonwealth within one-hundred and eighty (180) days of the filing of the Administrative Reconciliation Notice transferring the claim into Administrative Claims Reconciliation.

## BASIS FOR RELIEF

37.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Bankruptcy Rule 3001 states that "a proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim."  *See* Fed. R. Bankr. P. 3001.  Under section 1111(a) of the Bankruptcy Code, scheduled claims are treated as proofs of claim.  *See* 11 U.S.C. § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent or unliquidated.").  As such, the Debtors must review all Claims in these Title III Cases as part of the claims reconciliation process.

38.     In addition to the grounds enumerated in Bankruptcy Rule 3007(d) for filing omnibus objections to claims, Bankruptcy Rule 3007(c) affords courts the discretion to authorize omnibus objections based upon grounds beyond those explicitly delineated by Bankruptcy Rule 3007(d).  *See* Fed. R. Bankr. P. 3007(c) ("Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one Claim shall not be joined in a single objection."). Section 105(a) of the Bankruptcy Code, made applicable pursuant to Section 301 of PROMESA, provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105.  Under section 105(a) of the Bankruptcy Code, a bankruptcy court has the power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets.  *See Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 404 (4th Cir. 1992) ("[T]he allowance or disallowance of a claim in bankruptcy is a matter of federal law left to the bankruptcy court's exercise of its equitable powers."); *Comm. of Equity Sec. Holders v. Lionel Corp.  (In re Lionel Corp.)*, 722 F.2d

1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

39.     Authorizing the Debtors to resolve certain claims utilizing the Administrative Reconciliation Procedures is an appropriate use of the Court's power under Section 105(a) of the Bankruptcy Code and conforms to the spirit of Bankruptcy Rule 3007, the underlying goal of which is to balance the due process rights of creditors with the efficient administration of large bankruptcy cases.  Prior bankruptcy proceedings have permitted the use of streamlined procedures such as the Administrative Claims Reconciliation procedures where necessary to streamline resolution of claims disputes.  *See, e.g.*, *In re Pilgrim's Pride*, Case No. 08-45664-mxm11 (Bankr. N.D. Tex.), ECF No. 1435; *In re Federated Department Stores*, 328 F.3d 829 (6th Cir. 2003); *In re TIC United Corp.*, 194 F. App'x. 187 (5th Cir. 2006).

40.     Administrative Claims Reconciliation provides a cost-effective and efficient means for resolving the Pension/Retiree Claims, Tax Refund Claims, Public Employee Claims, and Grievance Claims through the Debtors' existing processes, which have well-developed procedures and experienced staff who are well positioned to evaluate and resolve these types of Claims.

41.     The Debtors believe that the relief requested herein appropriately balances judicial and administrative efficiency with due process rights.  Accordingly, the Debtors respectfully request that the Court approve the relief requested herein.

## NOTICE

42.     The Debtors have provided notice of this motion to the Master Service List (as defined by the Order Further Amending Case Management Procedures [Case No. 17-3283, ECF No.   3804]),   and   this   motion   is   available   on   the   Debtors'   case   website   at

https://cases.primeclerk.com/puertorico.   The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

43.     No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: October 8, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/   Martin J. Bienenstock
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

/s/   Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

## EXHIBIT A

**Proposed Order**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |

**ORDER (A) AUTHORIZING**
**ADMINISTRATIVE RECONCILIATION OF CLAIMS,**
**(B) APPROVING ADDITIONAL FORM OF NOTICE,**
**AND (C) GRANTING RELATED RELIEF**

Upon the *Motion For Entry Of An Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief*, dated October 8, 2019 (the "Motion"),[2] of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"),

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power

Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA", and together with

the Commonwealth, ERS, HTA, and PREPA, the "Debtors," and each individually, a "Debtor"),

for entry of an order (this "Order") authorizing administrative reconciliation of claims and

approving additional forms of notice, as more fully described in the Motion; and this Court having

jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is

proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested

in the Debtors' Motion is in the best interests of the Debtors, their creditors, and other parties in

interest; and the Court having found that, based upon the relief requested by the Debtors' Motion,

no other or further notice is required; and the Court having determined that the legal and factual

bases set forth in the Debtors' Motion establish just cause for the relief granted herein; and any

objections to the relief requested herein having been resolved as set forth herein, or withdrawn or

overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      Pension/Retiree Claims, Tax Refund Claims, Public Employee Claims, and

Grievance Claims, as defined in the Motion, shall be resolved through the Debtors' existing

administrative reconciliation processes ("Administrative Claims Reconciliation"), through

procedures attached hereto as **Exhibit 1**.  Claimants will retain all existing appeal rights to which

they are entitled pursuant to those existing Administrative Claims Reconciliation processes.

3.      Nothing in this Order or in the Motion is, or shall be deemed to constitute, any

admission as to the validity, nature, amount, or priority of any claim asserted against the Debtors

in these PROMESA cases, or a waiver of any right of the Debtors or any other party in interest in

2

these cases to dispute the validity, nature, amount, or priority of, or otherwise object, either in the same or subsequent objections, on any grounds to any such claims.

4.      The Debtors' proposed form of notice to be filed and served in connection with Administrative Reconciliation, attached hereto as **<u>Exhibit 2</u>**, is approved.

5.      The Debtors are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019

_____
Honorable Judge Laura Taylor Swain
United States District Judge

3

# **EXHIBIT 1**

**Administrative Claims Reconciliation Procedures**

## Administrative Claims Reconciliation Procedures

1.       The Pension/Retiree Claims, the Tax Refund Claims, the Public Employees Claims, and the Grievance Claims will be subject to Administrative Claims Reconciliation in two instances:

      a.   Within one hundred twenty (120) days of approval of these procedures by the Court, and every sixty (60) days thereafter, the Commonwealth, on behalf of itself and the other Debtors, shall file with the Title III Court and serve upon the Claimants a notice, the form of which is annexed hereto as Exhibit 2 (the "Administrative Reconciliation Notice"), informing such claimant that its Claim shall be handled in accordance with the aforementioned Administrative Reconciliation process.  The Administrative Reconciliation Notice will clearly designate whether each Claim is to be resolved using the Pension/Retiree Procedures, the Tax Refund Procedures, the Grievance Procedures, or the Public Employee Procedures.

      b.   In the event that (i) the Debtors file an omnibus objection to Claims, (ii) a claimant objects to the relief requested in such omnibus objection, and (iii) the Court or the Debtors determine that such Claim should be subject to Administrative Claims Reconciliation, the Debtors shall file an ACR Notice with the Court and serve the ACR Notice upon the Claimant stating that such Claim has been removed from the omnibus objection and shall be subject to the Administrative Claims Procedures.  If the Debtors make such determination, within ten (10) days of service of a claimant's objection to the relief requested in the omnibus objection, the Debtors shall file an Administrative Reconciliation Notice with the Court setting forth the Claims to which an omnibus objection has been interposed and responded to by the holder thereof as and to which the Debtors have determined should be subject to Administrative Claims Reconciliation.  If the Court makes such determination, the Court shall provide notice to the Debtors, and the Debtors shall file such an Administrative Reconciliation Notice with the Court.

      c.   To the extent necessary, the automatic stay, extant pursuant to section 362 of the Bankruptcy Code, should be deemed modified so as to permit the commencement or continuation of the reconciliation of any claims subject to Administrative Claims Reconciliation, Pension/Retiree Claims, Tax Refund Claims, and Public Employee Claims shall be paid in the ordinary course.  With respect to Grievance Claims, upon reconciliation, any amount due and owing by the Commonwealth or any other Debtor would still be payable pursuant to a confirmed Commonwealth plan of adjustment or such other plan of adjustment which may be applicable.

2.       Upon the filing of the Administrative Reconciliation Notice, any claims subject thereto (the "ACR Designated Claims") shall be designated as "Subject to Administrative Reconciliation" on the Claims Registry in these Title III Cases.

2

3.      Within sixty (60) days of service of the Administrative Reconciliation Notice, the agency normally responsible for handling a Claim shall initiate the processing of the Claims through Administrative Claims Reconciliation.  Either the Coordinator of Retirement Affairs, if the claimant is an active employee or a beneficiary of an active employee or retiree, or ERS or any successor thereto, if the claimant is a retiree, shall, within sixty (60) days of service of the Administrative Reconciliation Notice, submit the Claim for resolution.  ERS, or any successor thereto, shall reach a determination as to whether to grant or deny the Pension/Retiree Claimant's request within 60 days of submission of the Claim.

4.      With respect to the Tax Refund Claims, within sixty (60) days of service of the Administrative Reconciliation Notice, Hacienda shall submit the Claim for resolution. Hacienda shall reach a determination as to whether to grant or deny the Tax Refund Claimant's request within sixty (60) days of submission of the Claim.

5.      With respect to the Public Employee Claims, within sixty (60) days of service of the Administrative Reconciliation Notice, either the Public Employee Claimant's collective bargaining representative, if the Public Employee Claimant is a unionized employee, or the Labor Standards Bureau, if the Public Employee Claimant is a non-unionized employee, shall submit the Public Employee Claim for resolution.  A determination as to whether to grant or deny the Public Employee Claimant's claim shall be made within 60 days of submission of the Claim.

6.      Within one-hundred and twenty (120) days of filing the first Administrative Reconciliation Notice, and every sixty (60) days thereafter, the Debtors shall file with the Court a notice (an "Administrative Reconciliation Status Notice") setting forth those claims since the filing of the prior Administrative Reconciliation Status Notice that (a) have been resolved through one or more administrative reconciliation processes (the "ACR Resolved Claims"); (b) are currently in an administrative reconciliation process; or (c) have not been resolved by the Commonwealth within one-hundred and eighty (180) days of the filing of the Administrative Reconciliation Notice transferring the claim into Administrative Claims Reconciliation.

## **EXHIBIT 2**

**English and Spanish Versions of the Form of Notice of Transfer to Administrative
Reconciliation Procedures**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## ADMINISTRATIVE CLAIMS RECONCILIATION NOTICE

Service Date:
Designated Claimant(s):
Address:
Designated Claim Number(s):
Amount(s) Stated in Proof(s) of Claim:
Claim Type (Pension/Retiree, Tax Refund, Public Employee, and/or Grievance)**:**

> **This Notice <u>only</u> applies to the Designated Claim Number(s) listed above.  You should read the Notice carefully and discuss it with your attorney.  If you do not have an attorney, you may wish to consult one.**

---

[1]  The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("<u>Commonwealth</u>") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:  8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:  9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>," and together with the Commonwealth, ERS, and HTA, the "<u>Debtors</u>," and each individually, a "<u>Debtor</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**If you have any questions, please contact <u>Prime Clerk LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers)</u>, available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available).**

By this Administrative Reconciliation Notice, the [Debtor] hereby submits the above-identified claim(s) (the "<u>ACR Designated Claim(s)</u>") in the [Debtor's] Title III case to resolution through administrative claims reconciliation, pursuant to the procedures (the "<u>Administrative Reconciliation Procedures</u>") established by the ***Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief***, entered by the United States District Court for the District of Puerto Rico (the "<u>Title III Court</u>") on [DATE].  A copy of the Administrative Reconciliation Procedures is enclosed for your reference.

The purpose of the Administrative Reconciliation Procedures is to allow the Commonwealth to evaluate and resolve your claim using its existing administrative processes. Only certain types of claims are eligible to participate in the Administrative Reconciliation Procedure: Claims for pension or retiree benefits ("<u>Pension/Retiree Claims</u>"), Claims for tax refunds ("<u>Tax Refund Claims</u>"), Claims for salaries and benefits owed to public employees ("<u>Public Employee Claims</u>"), and union grievances ("<u>Grievance Claims</u>").

To ensure claims are resolved in a timely fashion and agreements are reached as to the amount of your ACR Designated Claim, the ACR Designated Claims will be monitored by the Title III court, and [Debtor] will be required to inform the Title III court of the status of each ACR Designated claim submitted to the Administrative Reconciliation Procedures **every 60 days**.

You do not need to do anything further at this time.  Within 60 days, a representative from [agency responsible for claim] will contact you and initiate the Administrative Reconciliation Procedure for your ACR Designated Claim.

If you do not hear from your agency representative within **<u>SIXTY DAYS</u> OF THE "SERVICE DATE" REFLECTED ON THE TOP OF THIS NOTICE, YOU MUST CONTACT [PRIME CLERK].**

6

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>     como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br><br>               Deudores.[2] | PROMESA<br>Título III<br><br>No. 17 BK 3283-LTS<br><br>(Administrados en forma conjunta) |

**AVISO DE RECONCILIACIÓN ADMINISTRATIVA DE RECLAMACIONES**

Fecha de Servicio:
Reclamante(s) designados:
Dirección:
Numero(s) de reclamo designados:
Cantidad(es) indicado en la(s) prueba(s) de reclamo:
Tipo de Reclamo (Pensión/Jubilado, reembolso de impuestos, empleado público y/o queja):

---

[2] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el " Estado Libre Asociado ")(Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números el Caso de Quiebra debido a limitaciones del software).

Este aviso **solo** se aplica a los números de reclamo designados mencionados anteriormente.  Debe leer el aviso detenidamente y discutirlo con su abogado.  Si no tiene un abogado, puede consultar a uno.

Si tiene alguna pregunta, comuníquese con **Prime Clerk LLC al (844) 822-9231 (llamada gratis para EE. UU. y Puerto Rico) o (646) 486-7944 (para llamadas internacionales)**, disponible de 10:00 a.m. a 7:00 p.m. (Hora estándar del Atlántico) (español disponible).

Mediante este Aviso de Reconciliación Administrativo, el [Deudor] por la presente presenta los reclamos identificados anteriormente (los "Reclamo(s) Designado(s)") en el caso de Título III a una resolución de reconciliación de reclamaciones administrativas de conformidad con los procedimientos (el "Procedimientos de Reconciliación Administrativo") establecidos por la *Orden (A) Autorizando la Reconciliación Administrativa de Reclamaciones, (B) Aprobando Forma Adicional de Aviso, y (C) Otorgando Alivio Relacionado*, ingresado por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal del Título III") el [FECHA].  Se adjunta una copia de los Procedimientos de Reconciliación Administrativo para su referencia.

El propósito de los Procedimientos de Reconciliación Administrativa es permitir que el Estado Libre Asociado evalúe y resuelva su reclamo utilizando sus procesos administrativos existentes.  Solo ciertos tipos de reclamos son elegibles para participar en el Procedimiento de Reconciliación Administrativa: Reclamos por beneficios de jubilación o pensión ("Reclamos de Jubilación/Pensión"), Reclamos por reembolsos de impuestos ("Reclamos de Reembolso de Impuestos"), Reclamos por salarios y beneficios adeudados al público empleados ("Reclamos de Empleados Públicos") y quejas sindicales ("Reclamos de Quejas").

Para garantizar que las reclamaciones se resuelvan de manera oportuna y se llegue a acuerdos sobre la cantidad de su Reclamo Designada por ACR, los Reclamo(s) Designado(s) por ACR serán monitoreadas por el tribunal del Título III y [Deudor] deberá informar al tribunal del Título III del estado de cada reclamo presentado a los Procedimientos de Reconciliación administrativa **cada 60 días.**

No necesita hacer nada más en este momento.  Dentro de los 60 días, un representante de [la agencia responsable del reclamo] se comunicará con usted e iniciará el Procedimiento de Reconciliación Administrativa para su Reclamo Designado de ACR.

Si no tiene noticias de su representante de la agencia dentro de las **SESENTAS DÍAS DE LA "FECHA DE SERVICIO" REFLEJADA EN LA PARTE SUPERIOR DE ESTE AVISO, DEBE CONTACTAR [PRIME CLERK].**

8