IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO <br><br> **Debtor** | CASE NO. 17 BK 3283-LTS <br><br> TITLE III, PROMESA |

**MOTION FOR RELIEF FROM STAY**

**TO THE HONORABLE COURT:**

    **COMES NOW** the undersigned counsel for Plaintiff, María Colón Crispin, in the case of *María Colón Crispin v. Municipio de Carolina, su aseguradora Mapfre Praico Insurance Company, José Carlos Aponte Dalmau, Autoridad de Energia Electrica de Puerto Rico, y compañías XYZ*, Civil No. CA2018CV00323, before the Court of First Instance of Puerto Rico of Carolina, and very respectfully alleges and prays as follows:

**INTRODUCTION**

    1. Appearing party has pending a personal injury claim lawsuit before the Puerto Rico Court of First Instance, Carolina (the "Commonwealth Court") in the case <u>of María-Colón-Crispin v. Municipio de Carolina</u>, et al, Civil No. CA2018CV00323 (hereinafter, "María-Colón"). The defendants in the case of María-Colón is the Non-Debtor municipality of Carolina, Puerto Rico (hereinafter, "Carolina"), and the Puerto Rico Electric Power Authority (hereinafter "PREPA"). The PREPA has requested to stay the case pursuant to the captioned Title III proceedings.

## BACKGROUND

2. On April 22, 2019, PREPA filed a "Notice of Stay of the Proceedings Pursuant to the Petition under Title III of Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA")". In that Notice of Stay PREPA notified that by virtue of the presentation before the United States District Court for the district of Puerto Rico of a bankruptcy petition on behalf of PREPA on July 2, 2017, in accordance with PROMESA law, came into effect an automatic stay for all civil lawsuit of any natural or juridical person who intent continue or execute a sentence against PREPA.

3. The municipality of Carolina, on April 24, 2019, requested to the Commonwealth Court of Carolina the stay of the lawsuit case because the third party in the lawsuit, PREPA, is on the protection of the automatic stay under the captioned Tittle III Commonwealth's bankruptcy proceedings.

4. Insofar as the municipality of Carolina is an autonomous municipality, the automatic stay under the Commonwealth's bankruptcy proceedings cannot be extended to it because Carolina is a Non-Debtor and do not have any protection under Tittle III. The stay in María-Colón lawsuit is unsustainable in law. Should the stay remain and given that the Carolina municipality is not subject to these Title III proceedings, the Plaintiff in María-Colón would be left with no forum in which to prosecute her claims. It is respectfully requested, therefore, that the stay be lifted.

5. The autonomous municipality of Carolina is one of the defendants in the case of María-Colón. As an autonomous municipality, Carolina is not covered by the Government's or any other Title III petition. Therefore, the automatic stay under the Title III does not apply to claims against the municipality of Carolina, such as the María-Colón litigation. Moreover, the stay of the proceedings has deprived Plaintiff in María-Colón of a forum in which to pursue her claims,

exercise her rights, and protect her interests. Plaintiff in María-Colón respectfully appear before this Honorable Court to request the lifting of the stay.

## THE AUTOMATIC STAY

6. The provisions of Title III of PROMESA establish a restructuring mechanism most closely resembling a bankruptcy proceeding under Chapter 11. The automatic stay found in Section 362 of the Bankruptcy Code is incorporated into PROMESA. In relevant part, Section 362 states:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>
> (1) the commencement of continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> […]

11 U.S.C.A. § 362.

7. It is evident from the language of the statute that the automatic stay, far-reaching as it is, has one basic limit – no bankruptcy proceeding can extend its automatic stay to actions in which the defendant is not the bankruptcy debtor.

8. It is well established that the automatic stay is the most basic protection afforded by a bankruptcy. Midatlantic National Bank v. New Jersey Department of Environmental Protection, 474 U.S. 594, 503 (1986). The intent of the automatic stay is to provide breathing room to the debtor by halting collection efforts. In re Soares, 107 F. 3d 969, 976 (CA1 1997). Such automatic

stay, however, is not all-encompassing. The prevailing norm is that, barring exceptional circumstances, **the automatic stay can only be applied to the debtor, and not to third parties**. In re Whitman-Nieves, 519 B.R. 1, 8 (D.P.R. 2014); see also In re Kevin W. White, 415 B.R. 696, 698 (N.D. IL 2009) ("Generally, the automatic stay protects the bankruptcy debtor and does not bar suits against third parties, such as non-debtor entities, even when wholly owned by the debtor, or the debtor's insurers, guarantors, and sureties").

9. The extent of the automatic stay in the above-captioned case is clear from the pleadings filed by the Commonwealth. On June 9, 2017, the Commonwealth of Puerto Rico filed a "Motion of Debtors Pursuant to PROMESA Section 301(A) and Bankruptcy Code Sections 105(A), 362(A), 365, and 922 for Entry of Order Confirming (i) Application of the Automatic Stay to Government Officers, Agents, and Representatives (ii) Stay of Prepetition Lawsuits and Actions Against Inhabitants of Puerto Rico (iii) Application of Contract Protections." (Dkt. 301.) In it, the Commonwealth of Puerto Rico request this Honorable Court to issue an order to ". . .expressly confirm the application and enforcement of the Title III Stay to any action or proceeding against an officer of the Debtors that seeks to enforce a claim against the Debtors, in whatever capacity the applicable officer is serving." (See Dkt. 1, at page 10.) In its motion, the Common wealth has made it clear that the stay applies only when there are efforts to "enforce a claim against the Debtors". In María-Colón, the claims are made against, and the debtor is, PREPA and the municipality of Carolina (not protected with PROMESA). Therefore, the stay of proceedings against the PREPA cannot be extended to cover the claim.

10. Also, Section 362 continues on to provide a mechanism to lift the stay. To wit, Section 362(d) prays, in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> […]

11 U.S.C.A. §362(d)(1).

11. In María-Colón the stay has the effect of depriving the Plaintiff of adequate protection of an interest in property. The plaintiff claims are in danger of been paralyzed and leave the Plaintiff without a proper remedy in law.

12. In any event, a specific lack of adequate protection of an interest need not be found to establish cause for the lifting of the stay. In C & A, S. E. v. P. R. Solid Waste Magmt., 369 B.R. 87, 94-95 (D.P.R. 2007), the District Court for the District of Puerto Rico used a 13-factor test to determine whether cause existed to lift the stay. These factors are: (1) whether the relief will result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the foreign proceeding involves the debtors as fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) whether the action essentially involves third parties; (7) whether litigation in another forum would prejudice the interest of other creditors and/or other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination under section 510(c); (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor; (10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings have progressed to the point where the parties are prepared

for trial; (12) the impact of the stay on the parties and (13) the balance of hurt. It is well settled that the moving party need not establish all or even a plurality of these factors, as the court will ordinary rely on only a few factors to determine whether cause exists. C & A, S. E. v. P. R. Solid Waste Magmt., 369 B.R. at 95.

13. In the case at hand, factors 1, 2, 5, 6, 9, 12, and 13 are applicable and favor the lifting of the stay. Namely, María-Colón are a case in State Court and involve third parties to these bankruptcy proceedings. It follows that there is no interference from the State cases with the Title III process. Since the State cases involve third parties, they represent no prejudice for creditors or interest parties in the Commonwealth's bankruptcy. To apply the stay results in the Plaintiff in María-Colón being left devoid of any forum in which to pursue their claims and protect their interests. This represents a devastating impact on their rights and in effect deprives them of their property without due process. Lastly, no harm will result on the Commonwealth or PREPA form lifting the stay in the State case, whereas Plaintiff will be bereft of any effective mechanism to advance their adjudicated claims.

## CONCLUSION

14. Clearly, the municipality of Carolina is one of the defendants and in its moment the Plaintiff can prove that the municipality of Carolina is the cause of the injury and damage included in the claim and must respond for them and they have an insurance that can respond too. It also well established that the municipality of Carolina is a autonomous municipality separate from the Commonwealth of Puerto Rico and from PREPA. It necessarily follows that the captioned Title III proceedings and its stay do not apply to Carolina and cannot be extended to cover the State cases. The stay in María-Colón is therefore unsustainable. Also, the Plaintiff in the State case is

left without adequate protection and without any viable mechanism with which to pursue her claims as a result of the stay. There is thus ample cause for the stay to be lifted.

15. For the reasons stated above, it is respectfully requested that this Honorable Court issue an order to the effect that the stay is not applicable to María-Colón, or otherwise lift the stay in the State case and order the proceedings before State Court be continued.

**WHEREFORE**, it is respectfully requested that this Honorable Court issue an order to the effect that the stay is not applicable to María-Colón, or other wise lift the stay in the State case and order the proceeding before State Court be continued.

**RESPECTFULLY SUBMITED.**

In San Juan, Puerto Rico, this October 10, 2019.

**I HEREBY CERTIFY** that on this date, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record. I also certify that on this date I have notified the foregoing with the counsel of the Municipality of Carolina, Hostos A. Gallardo García, hgallardo@mapfrepr.com.

S/RAFAEL ROMAN-JIMENEZ
USDC No. 221912
P. O. BOX 361625
SAN JUAN, PUERTO RICO 00936-1625
TELS.: (787) 671-3102 / (787) 399-2423
E-MAIL: rafaromanj@gmail.com

**Motion For Relief from Staty.mariacoloncrispin**