# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------ X
In re:                                          :
                                                :
THE FINANCIAL OVERSIGHT AND                     :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,               :  Title III
                                                :
       as representative of                     :  Case No. 17-BK-3283 (LTS)
                                                :
THE COMMONWEALTH OF PUERTO RICO et al.,         :  (Jointly Administered)
                                                :
       Debtors.¹                                :
------------------------------------------------------------------------ X
In re:                                          :
                                                :
THE FINANCIAL OVERSIGHT AND                     :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,               :  Title III
                                                :
       as representative of                     :  Case No. 17-BK-4780 (LTS)
                                                :
PUERTO RICO ELECTRIC POWER AUTHORITY            :  **This filing relates only to**
                                                :  **Case No. 17-BK-4780 (LTS)**
       Debtor.                                  :
------------------------------------------------------------------------ X
```

**URGENT MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR LEAVE TO EXCEED PAGE LIMIT WITH RESPECT TO OBJECTION TO JOINT MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY AND AAFAF PURSUANT TO BANKRUPTCY CODE SECTIONS 362, 502, 922, AND 928 AND BANKRUPTCY RULES 3012(a)(1) AND 9019 FOR ORDER APPROVING SETTLEMENTS EMBODIED <u>IN RESTRUCTURING SUPPORT AGREEMENT</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of all Title III Debtors (the "Committee")[2] hereby files this urgent motion (the "Urgent Motion"), requesting entry of an order, substantially in the form attached hereto as **Exhibit A**, allowing the Committee to exceed the thirty-five page limit set forth in the *Tenth Amended Notice, Case Management and Administrative Procedures* [Docket No. 8027-1 in Case No. 17-3283] (the "Case Management Procedures") with respect to the Committee's objection (the "Objection") to the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928 and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [Docket No. 1235 in Case No. 17-4780] (the "Settlement Motion") filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), in its capacity as representative of the Puerto Rico Electric Power Authority ("PREPA") and the Puerto Rico Fiscal Agency and Financial Authority ("AAFAF," and together with the Oversight Board and PREPA, the "Government Parties"). **The Oversight Board does not object to this request and AAFAF takes no position with respect thereto.**

Pursuant to the Court's September 13, 2019 scheduling order,[3] objections to the Settlement Motion are currently due on October 18, 2019. The parties are discussing a short extension in light of the deposition schedule.

---

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[3] *Fourth Revised Order Extending and Establishing Certain Deadlines Applicable to the Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement [ECF No. 1235]* [Docket No. 1639 in Case No. 17-4780].

In support of this Urgent Motion, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA. Venue is proper pursuant to section 307(a) of PROMESA.

## RELIEF REQUESTED

2. The Committee respectfully requests that the Committee be allowed to exceed the page limit for memoranda of law in support of objections and to file the Objection of no more than one hundred and thirty-five (135) pages, exclusive of the cover page, tables of contents and authorities, signature pages, exhibits, and certificate of service.

## BASIS FOR RELIEF REQUESTED

3. Pursuant to paragraph I.E of the Case Management Procedures, memoranda of law in support of motions and objections are limited to thirty-five (35) pages unless "prior permission has been granted" to exceed that limit. In establishing the same page limit applicable to both motions and objections, the Case Management Procedures appear to contemplate that movants and objectors should share a level playing field in connection with the initial round of briefing.

4. The Committee respectfully submits that there is good cause to allow it to exceed that page limit under these circumstances. Briefing to date by the Government Parties in support of the Settlement Motion has been extensive. The Settlement Motion is forty-six (46) pages long and is supported by another eighty-nine (89) pages of supplemental memoranda,[4] totaling one

---

[4] *See Supplemental Memorandum of Law and Facts in Support of Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [Docket No. 1425 in Case No. 17-4780] (fifty-five (55) pages); *Second Supplemental Memorandum of Law and Facts in Support of Joint Motion of Puerto Rico Electric Power*

3

hundred and thirty-five (135) pages of briefing.[5] In other words, the Committee merely seeks to obtain the same number of pages to brief the issues as has been enjoyed by the Government Parties. This is completely in keeping with the spirit of the Case Management Procedures, which, as mentioned above, provide movants and objectors with the same page limit, subject to extension.

5. In addition, the Committee has received thousands of pages of documents and will have participated in numerous depositions related to the Settlement Motion, and this information must also be addressed in connection with the Objection. The Objection also must discuss a number of other relatively complex issues that the briefing in support of the Settlement Motion does not adequately address. Under these facts and circumstances, the Committee will not be able to meet the thirty-five (35) page limit for the Objection and requires significantly more space in order to adequately respond to the Settlement Motion and briefing in support thereof.

6. The Committee also notes that the Oversight Board has itself sought multiple times to extend the page limits in connection with the Settlement Motion and has cited the "wide ranging and complex" issues raised by the Settlement Motion.[6] The Committee did not object to the Oversight Board's requests to extend its page limits.

---

*Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [Docket No. 1486 in Case No. 17-4780] (thirty-four (34) pages).

[5] This amount does not even include the voluminous declarations and exhibits in support of the Settlement Motion.

[6] *Urgent Motion of the Financial Oversight and Management Board for Leave to Exceed Page Limit for Supplemental Legal Memorandum Relating to 9019 Motion*, ¶ 8 [Docket No. 1420 in Case No. 17-4780]. *See also Urgent Motion of PREPA and AAFAF for Leave to Exceed Page Limit for Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlement of Creditors' Proofs of Claim and Right to Request Stay Relief*, ¶ 5 [Docket No. 1229 in Case No. 17-4780] (noting length and complexity of RSA).

7. Accordingly, the Committee respectfully requests authorization for the Committee to file the Objection of no more than one hundred and thirty-five (135) pages, exclusive of the cover page, tables of contents and authorities, signature page, exhibits, and certificate of service. The Committee submits that this request is reasonable and appropriate in light of the circumstances described above.

8. The Committee has sought confirmation from the Oversight Board and AAFAF that the Government Parties do not oppose this relief, just as the Committee did not oppose the extra pages sought by the Oversight Board. **In response, counsel for the Oversight Board confirmed that the Oversight Board does not object to the relief requested by the Committee and that AAFAF takes no position with respect thereto.** The Committee believes that a one hundred and thirty-five (135) page request under these facts and circumstances is reasonable.

9. Pursuant to Section I.H. of the Case Management Procedures, undersigned counsel certifies that it has engaged in reasonable, good-faith communications with counsel to other interested parties. Moreover, in accordance with Local Bankruptcy Rule 9013-1(a)(2), undersigned counsel certifies that counsel has carefully examined the matter and concluded that there is a true need for expedited consideration of the Urgent Motion, and that the Committee has not created the urgency through lack of due diligence on its part. **As mentioned above, the Committee has communicated with counsel to the Oversight Board and AAFAF with respect to the Urgent Motion, and has obtained confirmation that the Oversight Board does not object to the relief requested herein and that AAFAF takes no position with respect thereto**.

**NOTICE**

10. Notice of this Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) the Oversight Board; (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (v) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; (vii) Citigroup Global Markets, Inc.; (viii) Filsinger Energy Partners, (ix) Ankura Consulting Group; and (x) all parties that have filed a notice of appearance in the above-captioned title III cases.

**NO PRIOR REQUEST**

11. No prior request for the relief requested herein has been made by the Committee to this or to any other court.

WHEREFORE, the Committee respectfully requests that this Court enter an order substantially in the form attached hereto as **Exhibit A** granting the relief requested herein, and granting such other relief as this Court deems just and proper.

Dated: October 15, 2019

/s/ Luc A. Despins
PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Tel: (212) 318-6000
lucdespins@paulhastings.com

Nicholas A. Bassett, Esq. (*Pro Hac Vice*)
875 15th Street, N.W.
Washington, D.C. 20005
Tel: (202) 551-1700
nicholasbassett@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors*

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Alberto J. E. Añeses Negrón, Esq. (USDC - PR 302710)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
aaneses@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors*