**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

---

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA<br>Title III |
| as representative of | Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | (Jointly Administered) |
| Debtors.[1] | |
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA<br>Title III |
| as representative of | Case No. 17-BK-4780 (LTS) |
| PUERTO RICO ELECTRIC POWER AUTHORITY | **This filing relates only to Case No. 17-BK-4780 (LTS)** |
| Debtor. | |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' REPLY IN SUPPORT OF
URGENT OBJECTION TO MAGISTRATE JUDGE'S SEPTEMBER 16, 2019
ORDER GRANTING PROTECTIVE ORDER WITH RESPECT TO
<u>DEPOSITION OF JOSE ORTIZ</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of all Title III Debtors (the "Committee")[1] respectfully submits this reply (i) in further support of its urgent objection [Dkt. No. 1645][2] (the "Objection") to the Protective Order issued by the Magistrate Judge and (ii) in opposition to the response to the Objection filed by PREPA and AAFAF [Dkt. No. 1650] (the "Response"). In support of this reply, the Committee respectfully states as follows:

**REPLY**

1. Mr. Ortiz's deposition should go forward, even if only for a half day. PREPA and AAFAF do not meaningfully dispute that Mr. Ortiz may have knowledge relating to key issues the Government Parties have raised in the 9019 Motion and its supporting declarations, including the current status of the proposed transformation transaction, PREPA's plans for implementing the Transition Charge, and PREPA's decision to approve the RSA. Moreover, the deposition notice was timely because the Committee served it promptly after information came to the Committee's attention regarding the scope of Mr. Ortiz's relevant knowledge.

2. The Committee nevertheless recognizes that the Court may disagree as to the relevance and necessity of Mr. Ortiz's testimony based on the decision it recently issued [Docket No. 8837] (the "October 10 Order") in response to the Committee's appeal of another decision of the Magistrate Judge. In the October 10 Order, the Court rejected the Committee's requests for certain additional discovery, including discovery relating to the proposed transformation and the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection or the Protective Order, as applicable.

[2] All docket entries referenced herein are filed in case No. 17-4780, unless otherwise noted.

2

implementation of the RSA. The Court may be inclined to preclude the deposition of Mr. Ortiz on the same basis. The Committee submits that such a decision would be incorrect.

3. In issuing the October 10 Order, the Court found that the Committee had failed to show how its requested discovery would "influence this Court's assessment of the issues relevant to the 9019 Motion." October 10 Order at 12. For Mr. Ortiz, however, the answer to this question is simple: his testimony may directly contradict the allegations the Government Parties have made in their filings with the Court. For example, is the RSA really necessary to help facilitate the proposed transformation, as multiple declarants have alleged? And do the Government Parties really intend to implement the Transition Charge by adding it to base rates, as they have asserted in their briefing, or do they plan to offset it against base rates and thus reduce the revenue available to be used for other purposes?

4. While the October 10 Order declined to permit certain discovery on these and related topics, it also declined to strike any portion of the Government Parties' declarations "or to preclude related evidence from consideration during the 9019 Hearing." *Id*. at 17. The Court instead found the declarations relevant insofar as they "identify the key structural components of the proposed settlement . . . and explain the relationship between those structural components and the goals motivating the Government Parties to enter the RSA." *Id*. Here, the Committee believes that Mr. Ortiz's testimony would both (i) relate to key structural components of the settlement—including how the Transition Charge is imposed and collected—and (ii) shed light on whether or not the Government Parties' proposed motivations are genuine. Therefore, Mr. Ortiz's testimony is relevant even under the Court's narrow view of the hearing.

5. Finally, Mr. Ortiz's testimony is especially important given that he would be the only current official of the Puerto Rico government testifying. PREPA and AAFAF argue at

length in their Response that Mr. Ortiz's deposition is unnecessary because the Committee is on track to obtain a third-party deposition of Christian Sobrino. But the latter is hardly a substitute for the former. Only Mr. Ortiz is a current government officer, and many of the key communications and events on which the Committee seeks to question Mr. Ortiz, including developments relating to the transformation, occurred after Mr. Sobrino resigned. Therefore, the Committee necessarily cannot obtain the same testimony from Mr. Sobrino.

## CONCLUSION

For all of these reasons, as well as those set forth in the Objection, the Committee respectfully requests that the Court reverse the Magistrate Judge's decision and vacate the Protective Order.

[*Remainder of page intentionally left blank*]

Dated: October 15, 2019

/s/ Luc A. Despins                   .
PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Tel: (212) 318-6000
lucdespins@paulhastings.com

Nicholas A. Bassett, Esq. (*Pro Hac Vice*)
875 15th Street, N.W.
Washington, D.C. 20005
Tel: (202) 551-1700
nicholasbassett@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors*

- and -

/s/ Juan J. Casillas Ayala          
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors*