UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>THIS PLEADING RELATES ONLY TO THIS TITLE III CASE[2]<br><br>(Jointly Administered)<br><br>Re: Docket No. 8297 |

**PRELIMINARY REPLY TO OPPOSITION TO MOTION TO ALTER OR AMEND
ORDER SUSTAINING OBJECTION (DKT. 8297)
TO CLAIMS NO. 152470 & NO. 152283**

TO THE HONORABLE COURT:

COME NOW, creditors Jorge A. Diaz Mayoral and Juan A. Frau Escudero ("Movants"), by the undersigned counsel, and, very respectfully, state, allege and pray:

1. On September 25, 2019, the Movants filed a motion to alter or amend (Dkt. 8760) the order sustaining the *Sixty-Fourth Omnibus Objection (Substantive) Of The Commonwealth Of Puerto Rico To Claims Based On Investments In Mutual Funds* (Dkt. 8297), with respect to two claims filed by Movants: Claim No. 152470 filed by Mr.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] This clarification is made in accordance to the Court's *Order (A) Pursuant to PROMESA Section 304(G), Directing Joint Administration of Initial Title III Cases and Additional Title III Cases, and (B) Pursuant to Section 105(A) of The Bankruptcy Code, Making Certain Orders Entered on First Day Pleadings Applicable to the Additional Title III Cases.* See, Docket No. 167 at ¶ 5 of p. 4.

Díaz Mayoral on 6/29/2018 for $68,498.12 and Claim No. 152283 filed by Mr. Frau Escudero on 6/29/2018 for $259,917.43.

2. This Honorable Court entered a scheduling order, granting the Debtors, as defined below, until Oct. 1, 2019 to file their response and Movants until Oct. 4, 2019 to file their Reply (Dkt. 8763).

3. Debtors, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*, 48 U.S.C. §§ 2101–2241 ("PROMESA") filed an objection to the Motion to Alter or Amend. (Dkt. 8803).

4. On October 4, 2019, Movants requested an extension of time to reply to the response (Dkt. 8814) and a brief additional extension on October 11, 2019. (Dkt. 8844).

5. Movants hereby submit their preliminary response to the Debtors' objection to the Motion to Alter or Amend.

6. The response filed by the Debtors to the Movant's Motion to Alter or Amend argues that the Movant's motion should not be granted because Movant's have not established a "manifest error of law or fact", a "manifest injustice" or "an intervening change in controlling law" and "present no new evidence", which the Debtors argue is required by Rule 59(e) of the Federal Rules of Civil Procedure in order to request the alteration or amendment of a judgment.

7. The arguments presented by Debtors in their response do not discuss how said doctrine is affected by Section 502(j) of the Bankruptcy Code (11 U.S.C. § 502(j)), which allows the reconsideration of a disallowance of a claim at any time.

8. Section 502(j) of the Bankruptcy Code, was made applicable to these Title III proceedings by Section 301 of PROMESA, 48 U.S.C.A. § 2161 and, therefore, is applicable to the disallowance of Movants' Claims.

9. In accordance with Section 502(j), this Honorable Court can always reconsider the disallowance of Movant's Claims. Federal Bankruptcy Procedure Rule 3008 also allows "[a] party in interest [to] move for reconsideration of an order allowing or disallowing a claim against the estate" and provides for "[t]he court after a hearing on notice[, to] enter an appropriate order." Fed.R.Bankr.P. 3008.

10. Reconsideration of both allowed and disallowed claims may be made at any time before the case is closed. *In re Resources Reclamation Corp.*, 34 B.R. 771, 773 (9th Cir. BAP 1983). The court should weigh the extent and reasonableness of any delay, prejudice to the debtor and other creditors, effect on efficient administration, and the moving creditor's good faith. *Id*. Rule 3008 has been held permissive and does not require that a party file a motion to reconsider before appealing. *In re Schaffer*, 173 B.R. 393, 394–95 (Bkrtcy.N.D.Ill.,1994); *Walsh Trucking Co. v. Insurance Co. of North America*, 838 F.2d 698 (3d Cir.1988).

11. Debtors argue that because Movants did not present these arguments before, they are precluded from presenting them now. This argument is based on a false assumption that the arguments were not presented before the bench order. Movants cannot provide a pinpoint citation to the relevant line and page on the transcript, because Movants have not have access to the transcript, but the transcript will undoubtedly reflect that Movants argued during the hearing that they had a personal injury that provided standing.

12. Debtors' arguments also fail to recognize that the account statements were submitted with the Movant's opposition to the objection. Nonetheless, Movants' again present redacted versions of the account statements here. *See* Exhibits 1, 2 and 3.

13. Also, Debtors' arguments do not consider the fact that a separate order has not been entered in the docket denying the Movants' opposition to the objection or sustaining the objection with respect to the Movants' Claims and that the Minutes did not mention the specific bench order with respect to Movant's claims. There is only the bench order in the transcript, which is an indicative ruling and not a final ruling and to which the Movants have not had access or been properly notified. Therefore, new arguments and/or new evidence are not untimely.

14. Moreover, those arguments do not consider the effect of Section 502(j) of the Bankruptcy Code (11 U.S.C. § 502(j)), which allows the reconsideration of a disallowance of a claim at any time. Section 502(j) "provides flexibility to the claims allowance process just as equity provides relief within the finality doctrine generally." *In re Gold & Silversmiths, Inc.*, 170 B.R. 538, 547 (Bkrtcy.W.D.N.Y. 1994). Here there is no final order, only an indicative ruling in a bench order. Also, the time to appeal has not elapsed, so the reconsideration of the disallowance does not disturb the finality doctrine.

15. In addition, Debtors argue that a motion for reconsideration is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected. This argument belies the fact that the cases cited by Movant's in the Motion to Alter or Amend were first cited by Debtors in their Reply to Movants' Opposition to the Objection (Dkt. 8646), which was filed two days before the hearing.

Said cases were not cited in the *Sixty-Fourth Omnibus Objection* (Dkt. 8297), so Movants did not have time to properly brief the Honorable Court regarding those cases.

16. The hearing transcript, undoubtedly will also reflect that Movants opportunely requested that this Honorable Court delay the consideration of Movant's claims to the October hearing date so that they would be able to present evidence of a personal injury. So, Movant's opportunely raised this argument, did not have enough time to properly brief the Honorable Court and did not have the opportunity to present evidence regarding their personal injury. Therefore, this is not the case were the arguments were properly litigated and Movants do not seek to re-litigate properly litigated claims.

17. Debtors argue that Movants do not point to new subsequent authority issued since this Court's original order at the September 11, 2019 Hearing and have presented no new evidence that was previously unavailable.

18. Nevertheless, after the September 11, 2019 hearing, the Debtors filed a 172 page proposed Plan (Dkt. 8765) and 1,876 page Disclosure Statement (Dkt. 8766).

19. After reviewing most of the 2,000+ pages of the disclosure statement and plan, Movants aver that the disclosure statement and plan provide new evidence in favor of Movants' claims.

20. For example, between pages 212-246 of the Disclosure Statement (pgs. 223-257 of Dkt. 8766), the Debtors discuss the Independent Investigator Report, where the Independent Investigator identified several potential causes of action with respect to several bond issuances (regarding potential claims premised on violations of securities law disclosure requirements, potential claims premised on violations of continuing disclosure requirements, potential common law and bankruptcy claims such as unjust

enrichment and equitable subordination against some underwriters of some bonds, potential claims stemming from some basis swaps, potential claims for failure to exercise due diligence, lender liability and dual fiduciary duty, potential claims for breach of fiduciary duty and potential claims for aiding and abetting breach of fiduciary duty).

21. On pgs. 226-227 of the Disclosure Statement (pgs. 237-238 of Dkt. 8766), the Debtors discuss that the Board's investigation suggests that from 2008 through 2014, numerous third-party professionals knowingly participated in bond issuances that may have been unlawful, that deepened the insolvency of the Commonwealth and that resulted in other harm to the Commonwealth and its instrumentalities, including damage to Puerto Rico's credit. There it also states that the Board commenced Adv. Proc, No. 19-00280 against several of said professionals where it expects a minimum recovery of $300 million in fees for services and may also seek to recover billions of dollars unlawfully transferred by Puerto Rico to other parties as a result of their malfeasance.

22. Also, on pgs. 245-246 of the Disclosure Statement (pgs. 256-257 of Dkt. 8766), the Debtors discuss the public corruption investigations by the Federal Government, most of which are ongoing and could lead to a monetary recovery.

23. The 172 page Plan does not provide the Movants with a participation in the potential recovery in Adv. Proc, No. 19-00280. The recovery by the Debtors from said actions, without a pro rata share of the recovery going to the Movants constitutes a manifest injustice.

24. Debtors also argue that Movants did not argue manifest injustice in their Motion to Alter or Amend and that there is no injustice where they have no standing and that there is a risk of unwarranted double recovery to the detriment of other

-6-

stakeholders in the Commonwealth's Title III case. However, there is no way to determine if there is an actual risk of unwarranted double recovery until a plan is approved. Also, in the Motion to Alter or Amend, Movants did argue that they have suffered financial injury which does constitute a manifest injustice.

25. Lastly, the Debtors argue that any evidence of a personal injury was unquestionably unavailable to Movants when the *Sixty-Fourth Omnibus Objection* was briefed and heard. However, that is not true. It was not until September 27, 2019 that the Commonwealth filed its Plan (Dkt. 8765) and Disclosure Statement (Dkt. 8766). That occurred after the deadline for responding to the *Sixty-Fourth Omnibus Objection* and after the September 11, 2019 hearing was held.

26. Moreover, the Movants have not yet had access to the September 11, 2019 transcript and have not yet been able to ascertain from the 2,000+ pages of the disclosure statement and plan what amount they will recover, under the proposed plan, for each of their claims.

27. On the basis of all of the above discussed arguments, this Honorable Court should reconsider the disallowance of Movants' claims under Section 502(j) of the Bankruptcy Code (11 U.S.C. § 502(j)) and Fed.R.Bankr.P. 3008, which are more permissive than Fed.R.Civ.P. 59(e).

WHEREFORE, the Movants herein, Mr. Diaz Mayoral and Mr. Frau Escudero, respectfully request that this Honorable Court deny the Debtors' objection to the Motion to Alter or Amend and reconsider and vacate the bench order sustaining the *Sixty-Fourth Omnibus Objection to Claims* with respect to the Movants' Claims Nos. 152470 and 152283 and allow Movants to supplement their response regarding their personal injury; or in the alternative, hold an evidentiary hearing where the Movants may present

-8-

evidence regarding their personal injury; or, in the alternative, that the Movants be allowed to amend their proofs of claim to present evidence regarding their personal injury, which would then be subject to any future objection that the Commonwealth may file, if any.

CERTIFICATE OF SERVICE: I HEREBY CERTIFY that, on this same date, the foregoing has been filed with the Court's CM/ECF system, which will automatically send an exact copy to all parties so subscribed on this 15th day of October, 2019, including the attorneys for the Financial Oversight and Management Board as representative for the Commonwealth: Hermann D. Bauer and Daniel J. Pérez-Refojos, both of O'neill & Borges, LLC and Martin J. Bienenstock of Proskauer Rose, LLP.

RESPECTFULLY SUBMITTED, in San Juan, PR, this 15th day of October, 2019.

Attorney for
Jorge A. Díaz Mayoral and
Juan A. Frau Escudero

s/Monique J. Díaz Mayoral
Monique J. Díaz Mayoral
USDC-PR No. 225712
diazmayorallaw@gmail.com
P.O. Box 364134
San Juan PR 00936-4134
Tel. 787-552-2000
Fax 1-888-620-2043

## TABLE OF CONTENTS

1. Background ................................................................................................. Pg. 1

2. Summary of Debtor's Arguments ............................................................... Pg. 2

3. Arguments .................................................................................................. Pg. 3

    Section 502(j) and F.Bank.Proc.R.3008 provide an additional and
    more permissive basis for reconsideration. ................................................ Pg. 3

    Movants do not seek to cure procedural deficiencies
    or to re-litigate properly litigated claims. ................................................... Pg. 3

    The Plan and Disclosure Statement provide a basis for
    the Movants' personal injury. .................................................................... Pg. 5

    The Plan and Disclosure Statement show a manifest injustice in
    Debtors not providing Movants with a pro rata share of recovery. ........... Pg. 6

    The Plan and Disclosure Statement constitute new evidence. ................ Pg. 7

4. Conclusion .................................................................................................. Pg. 7

5. Table of Contents and Table of Authorities ................................................ Pg. 9

## TABLE OF AUTHORITIES

### B. Federal Statutes

Section 301 of PROMESA, 48 U.S.C.A. § 2161 ................................................ 3

Section 502(j) of the Bankruptcy Code, 11 U.S.C. §502(j) ................................. 2, 3, 4, 7

### C. Rules and Regulations

Rule 3008 of the Federal Rules of Bankruptcy Procedure, Fed.R.Bankr.P. 3008 ....... 3, 7

Rule 59(e) of the Federal Rules of Civil Procedure, Fed.R.Civ.P. 59(e) ..................... 2, 7

### E. Cases from Other Federal Courts

*In re Gold & Silversmiths, Inc.*, 170 B.R. 538, 547 (Bkrtcy.W.D.N.Y. 1994) .................... 4

*In re Resources Reclamation Corp.*, 34 B.R. 771, 773 (9th Cir. BAP 1983) ..................... 3

*In re Schaffer*, 173 B.R. 393, 394–95 (Bkrtcy.N.D.Ill.,1994) ........................................... 3

*Walsh Trucking Co. v. Insurance Co. of North America*, 838 F.2d 698 (3d Cir.1988) ..... 3