# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of PUERTO RICO ELECTRIC POWER AUTHORITY, and PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY,<br><br>    Movants,<br>    v. | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| |
|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *et al.* <br><br> Respondents. |

**FIFTH REVISED ORDER MODIFYING CERTAIN DEADLINES
APPLICABLE TO THE JOINT MOTION OF PUERTO RICO ELECTRIC
POWER AUTHORITY AND AAFAF PURSUANT TO BANKRUPTCY CODE
SECTIONS 362, 502, 922, AND 928, AND BANKRUPTCY RULES 3012(A)(1)
AND 9019 FOR ORDER APPROVING SETTLEMENTS EMBODIED IN THE
<u>RESTRUCTURING SUPPORT AGREEMENT [ECF NO. 1235]</u>**

Upon consideration of the *Urgent Motion of All Parties to Enter a Fifth Revised Order Modifying Certain Deadlines Applicable to the Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922 and 928, and Bankruptcy Rules 3012(A)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement [ECF No. 1235]* (ECF No. 8868 in Case No. 17-3283 and ECF No. 1664 in Case No. 17-4780) filed October 16, 2019 (the "<u>Urgent Motion</u>"), and the Court having found and determined that (i) the Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); (ii) venue of this proceeding is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); (iii) no party has objected to the proposed schedule set forth in the Urgent Motion; and (iv) the Court having found good cause to enter the modification to the schedule requested therein, it is HEREBY ORDERED THAT:

1. The following deadlines shall apply to any person or entity (i) that seeks discovery, (ii) from whom discovery is sought (whether by notice or subpoena), (iii) that objects to the 9019 Motion or to any discovery with respect thereto, or (iv) is a signatory to the RSA: [2]

---

[2] Capitalized terms not defined herein shall have the same meaning as set forth in the original scheduling order related to the 9019 Motion ("Original Scheduling Order") [ECF No. 1253]. All parties in interest

2

| | |
|---|---|
| **October 22, 2019** | Deadline for completion of fact discovery, including depositions (except as set forth otherwise herein).[3] |
| **October 25, 2019** | Service of expert reports. |
| **October 25, 2019** | Deadline for Objectors to file objections, including any declarations in support of objections.[4] |
| **October 25, 2019** | Commencement of expert depositions. |

Aside from as set forth above, the *Fourth Revised Order Extending and Establishing Certain Deadlines Applicable to the Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement [ECF No. 1235]*, ECF No. 1639, shall govern.

2. Footnote 4 and provision 2(b) in the Original Scheduling Order (ECF No. 1253) shall not apply to discovery issued on or after September 8, 2019, which shall only be allowed to the extent permitted by this paragraph.[5] After September 8, 2019, a party who desires to issue new discovery, based on new material developments or other new information disclosed in discovery

---

reserve all rights to seek relief from this schedule from the Court and to oppose any applications seeking such relief.

[3] *Provided that* any person or entity from whom discovery is sought may agree with a requesting party to an extension of this deadline as to discovery sought by the requesting party from that person or entity, so long as such action does not delay the 9019 Hearing Date.

[4] To the extent new declarations are filed on this deadline by witnesses who have not been deposed, the opposing parties shall have the right to take a deposition of the declarant within 7 days without waiver of any motions to exclude testimony by the declarant.

[5] The limitations on discovery in this Paragraph 2 are not intended to apply to expert discovery or the depositions referenced in footnote 4 of this Order and footnote 6 of ECF No. 1639.

3

that was not completed as of September 10, 2019 that warrants such additional discovery, must first meet and confer with the recipient before serving any new subpoenas, document requests, or deposition notices.[6] If the parties are unable to reach agreement concerning the new discovery, the requesting party may serve the new discovery, but the recipient shall not be required to respond to such subpoenas, document requests, or deposition notices unless and until the requesting party obtains an order from the Court compelling a response. Any such application shall be by Urgent Motion with a request that the Court consider and rule on such application on an expedited basis. For the avoidance of doubt, the foregoing shall not apply to (i) the discovery issued before September 9, 2019 to the extent that it is the subject of currently pending motion practice; or (ii) the deferred deposition notices issued to Kevin Lavin, Nelson Morales and Jose Roque Torres, or 30(b)(6) notices issued to the Government Parties relating to the Rate Motion, so long as any motion to compel such deposition is filed on an expedited basis within five (5) days of the 30(b)(6) deposition of PREPA. For the further avoidance of doubt, nothing herein shall prevent a party from whom discovery is sought from agreeing to respond to a subpoena, document request, or deposition notice, regardless of when it is served, so long as such action does not delay the 9019 Hearing Date.

3. Provisions 2(a) and 2(c) through (f) in the Original Scheduling Order (ECF No. 1253) shall continue to apply to the extent not inconsistent with this Order.

This order resolves ECF No. 8868 in Case. No. 17-3283 and ECF No. 1664 in Case No. 17-4780.

---

[6] No interrogatories may be issued.

SO ORDERED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED: October 16, 2019

5