# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## SUPPLEMENTAL BRIEF OF THE DEBTORS IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING ADMINISTRATIVE RECONCILIATION OF CERTAIN CLAIMS, (B) APPROVING ADDITIONAL FORM OF NOTICE, AND (C) GRANTING RELATED RELIEF

**To the Honorable United States District Judge Laura Taylor Swain**:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, ERS, HTA, and PREPA, the "Debtors," and each individually, a "Debtor"), by

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submit this supplemental brief (the "Supplemental Brief"), in support of their *Motion for Entry of an Order (A) Authorizing Administrative Reconciliation of Certain Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* (the "Motion"),[3] and in response to this Court's October 12, 2019 *Order Directing Supplemental Briefing Regarding Motion for Entry of an Order (A) Authorizing Administrative Reconciliation of Certain Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 8845] (the "Order"):

## ARGUMENT

1.         Pursuant to the Order, this Court requested supplemental briefing on two interrelated questions: (1) "whether the ACR Procedures Motion contemplates procedures for resolution of [Administrative Claims] that would serve as a final basis for the allowance or disallowance of the proof of claim filed on account of each such Administrative Claim; and, if so, (ii) legal authority supporting the Title III Court's authority to recognize and apply the results of the relevant administrative proceedings in that manner."  *Id.* at 2.  The Order defines the Administrative Claims to include the Pension/Retiree Claims, the Tax Refund Claims, the Public Employee Claims, and the Grievance Claims.[4]

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] For purposes of this Motion only, and because the Puerto Rico Sales Tax Financing Corporation ("COFINA") has already reconciled substantially all of its proofs of claim, COFINA is not included among the Debtors seeking relief herein.

[4] Capitalized terms used but not defined herein shall have the definitions ascribed to them in the Motion.

2.     Under the terms of the Bar Date Order, the Administrative Claims need not have been filed.  The Bar Date Order specifically stated that certain persons and entities, including "retiree[s], active employee[s], and former employee[s]" asserting rights "[w]ith respect to pension benefits and any and all other post retirement benefits" were "**not** required to file a proof of claim. . . ."  Bar Date Order at 4-5.  "[U]nion-represented or non-union represented employee[s] . . . or former employees" were likewise not obligated to file proofs of claim to assert claims "for compensation and employment benefits and/or insurance benefits or workers' compensation claims."  *Id.* at 5.  Notwithstanding these provisions, thousands of Pension/Retiree, Tax Refund, Public Employee, and Grievance Claims were nevertheless filed.

3.     The Debtors may make payments to claimants in the ordinary course pursuant to the authority they retain under PROMESA § 305, which protects the Debtors from interference with their governmental powers, property, and revenues.  Accordingly, the Debtors intend to pay the Administrative Claims in the amounts determined by the administrative proceedings relevant to each such claim.  To the extent the Administrative Claims arose pre-petition, the Debtors intend to pay such Administrative Claims in the ordinary course.  To the extent the Administrative Claims are administrative expense claims that arose post-petition, the proposed plan of adjustment contemplates that such claims will not be classified, and "thus are excluded from the Classes of Claims" that will receive treatment pursuant to the plan.  *See Title III Joint Plan of Adjustment of The Commonwealth of Puerto Rico, et al.*, [ECF No. 8765], Art. III at 39.  The Debtors do not intend to pay the Administrative Claims pursuant to a plan of adjustment, and believe that all of these claims are best resolved outside the Title III court process.  Accordingly, the procedures for resolving Administrative Claims will serve as a final basis for the amount the Debtors will pay in respect of such Administrative Claims, but will not serve as a final basis on which the Title III

Court must order the allowance or disallowance of the proofs of claim filed on account of each Administrative Claim.

4.      For this reason, the Debtors have proposed that the Administrative Claims be designated as "Subject to Administrative Reconciliation" on the claims registry.  This will permit the Debtors and the Court to monitor the progress of the Administrative Claims and ensure their prompt resolution, while avoiding encumbering the main Title III docket with potentially thousands of claims that should not have been filed in the first place.

5.      Under the circumstances, it is appropriate for the Court, in its discretion, to defer to the relevant state administrative processes to liquidate the Administrative Claims.  Pursuant to 28 U.S.C. § 1334(c)(1), courts may abstain from determining an issue "in the interest of justice, or in the interest of comity with State courts or respect for State law."  *In re Unanue-Casal*, 164 B.R. 216, 221 (D.P.R. 1993).  To determine whether abstention is warranted, courts should consider "(1) the effect on the efficient administration of the estate, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulties or unsettled nature of the applicable law, (4) the presence of a related proceeding in state court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the relatedness of the proceeding to the main bankruptcy case, (7) the substance, and not the form, of the alleged core proceeding; (8) the feasibility of severing state law issues from bankruptcy matters; (9) the burden on the docket of the bankruptcy court; (10) the likelihood that commencement of bankruptcy proceeding amounted to forum shopping; (11) the existence of a right to jury trial; and (12) the presence in the proceeding of nondebtor parties."  *Id.* at 222.

6.      These factors overwhelmingly support liquidation of the Administrative Claims through the Commonwealth's existing processes.  For example, applying these factors, abstention

is appropriate "in order to preserve the scarce resources of the judiciary" by "[avoiding] duplicative proceedings." *In re Unanue-Casal*, 164 B.R. at 222.  There can be little doubt that the efficient administration of these cases will be significantly enhanced by permitting the Commonwealth's agencies, which have decades of experience and scores of personnel specially trained to handle these matters, to evaluate and determine the amounts of the Administrative Claims.  If the Title III Court instead liquidated the Administrative Claims itself, it would be forced to duplicate the work currently handled by thousands of Commonwealth employees.  To avoid the need for such duplicative proceedings, and to reduce the burdens on the Title III Court and its docket, abstention is warranted here.

7.      State law issues will also determine the amount at which the Administrative Claims will be liquidated, and those state law issues are generally severable from the bankruptcy matters at issue in the Title III Cases.  Where "state law question[s]" are at stake, "abstention is warranted on equitable grounds, and in the interest of justice and . . . respect for local law."  *Id.* (quoting *In re Interamericas Turnkey Development Co., Inc.*, 94 B.R. 9, 13 (D.P.R. 1988)).; *In re CH Properties, Inc.*, 381 B.R. 20, 30 (D.P.R. 2007) ("In the present case, permissive abstention is appropriate because there is an ongoing proceeding in the Puerto Rico State Court . . . where state law issues predominate over bankruptcy issues."); *In re Vrusho*, 316 B.R. 589 (Bankr. D.N.H. 2004) (holding that, where plaintiff's claims were based on state law, "it is in the interest o[f] comity with state law for the court to abstain from hearing this proceeding.").  Here, state law issues will largely, if not entirely, determine the amounts at which the Administrative Claims will be liquidated.  The interest of comity with state law therefore also militates in favor of liquidating the Administrative Claims using the Commonwealth's existing processes.

8. Accordingly, liquidation of the Administrative Claims through the Commonwealth's existing processes, rather than through the Title III Court, will permit the Debtors to efficiently ascertain the final amounts that the Debtors will pay in respect of the Administrative Claims.

Dated: October 16, 2019
San Juan, Puerto Rico

Respectfully submitted,

/s/  Martin J. Bienenstock
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board for Puerto Rico as
representative for the Debtors*

/s/  Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board for Puerto Rico as
representative for the Debtors*

7