UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

ORDER GRANTING JOINT URGENT MOTION OF THE OVERSIGHT BOARD, PREPA,
AND AAFAF TO EXTEND ALL APPLICABLE DEADLINES TO COBRA ACQUISITION
LLC'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

Before the Court is the *Joint Urgent Motion of the Oversight Board, PREPA, and AAFAF to Extend All Applicable Deadlines to Cobra Acquisition LLC's Motion for Allowance*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*and Payment of Administrative Expense Claims* (Docket Entry No. 8838 in Case No. 17-3283[2] and Docket Entry No. 1653 in Case No. 17-4780, the "Urgent Motion"). Through the Urgent Motion, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), PREPA, and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF," and collectively with the Oversight Board and PREPA, the "Government Parties") seek an order staying litigation of *Cobra Acquisition LLC's* [("Cobra")] *Motion for Allowance and Payment of Administrative Expense Claims* (Docket Entry No. 8789, the "Administrative Expense Motion") in all respects until, at the earliest, the Omnibus Hearing scheduled for January 29, 2020.[3]

"[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004) (citations omitted); see Total Petroleum Puerto Rico Corp. v. T.C. Oil, Corp., No. CV 09-1105 (JP), 2010 WL 11545626, at *1 (D.P.R. May 7, 2010) ("Generally, courts have the discretionary power to stay an action in the interest of justice and efficiency." (citation omitted)). "While a court is not compelled to stay a civil proceeding during the pendency of a parallel criminal investigation or prosecution, such a scenario has been recognized as one in which a stay may well be appropriate." S.E.C. v. TelexFree, Inc., 52 F. Supp. 3d 349, 352 (D. Mass. 2014) (citing Microfinancial, 385 F.3d at 77). Factors courts may consider in evaluating motions to stay in this context include "the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire[,] . . . the convenience of both the civil and criminal courts[,] . . . [and] the degree to which the civil issues overlap with the criminal issues." Green v. Cosby, 177 F. Supp. 3d 673, 678 (D. Mass. 2016) (citations and internal quotation marks omitted).

Here, a stay of the Administrative Expense Motion would promote the interests of justice for several reasons. Significant factual and legal questions that could bear upon the Administrative Expense Motion will likely be addressed in connection with the anticipated criminal trial of Cobra's former president and two former Federal Emergency Management Agency ("FEMA") officials, which is currently scheduled for December 9, 2019. See U.S.A. v. Tribble, Case No. 19-CR-541-FAB, Docket Entry No. 55 (D.P.R. Oct. 8, 2019). The charges in that case relate to the same contracts between Cobra and PREPA that are at issue in the Administrative Expense Motion, and thus concurrent litigation of both matters presents the potential for duplication of effort by the parties and courts, inefficiencies in discovery, and inconsistent rulings. FEMA's ongoing analysis of Cobra's contracts with PREPA similarly weighs in favor of a stay. Moreover, although Cobra has an interest in receiving payment for work that it has performed, even if the Court were to hear the Administrative Expense Motion and determine that Cobra is entitled to receive the disputed amounts, PROMESA does not

---

[2] All docket entry references herein are to entries in Case No. 17-3283, unless otherwise specified.

[3] As indicated in the *Joinder of Official Committee of Unsecured Creditors in Joint Urgent Motion of the Oversight Board, PREPA, and AAFAF to Extend All Applicable Deadlines to Cobra Acquisition LLC's Motion for Allowance and Payment of Administrative Claims* (Docket Entry No. 8840) filed on October 11, 2019, the Official Committee of Unsecured Creditors joins in the relief requested by the Government Parties in the Urgent Motion.

require PREPA to remit any such funds prior to the effective date of a confirmed plan of adjustment, and the Court is not empowered to require such payment absent the Oversight Board's consent. See 48 U.S.C. §§ 2165, 2174. Cobra is therefore unlikely to be prejudiced by a delay in adjudication of the Administrative Expense Motion at this juncture.

Accordingly, the Urgent Motion is granted and all litigation of the Administrative Expense Motion, including the hearing scheduled for October 30, 2019, is stayed. The parties are directed to file, by **January 22, 2020**, a joint informative motion (i) addressing the status of the pending criminal matter; (ii) addressing the status of FEMA's review of Cobra's contracts with PREPA; (iii) providing a summary of potential factual disputes that the parties anticipate will need to be tried; (iv) proposing a consensual pretrial schedule for discovery and briefing; and (v) notifying the Court of any additional issues pertaining to the Administrative Expense Motion that have arisen. The Court will hold a status conference with respect to these items at the **January 29, 2020**, Omnibus Hearing.

This Order resolves Docket Entry No. 8838 in Case No. 17-3283 and Docket Entry No. 1653 in Case No. 17-4780.

SO ORDERED.

Dated: October 17, 2019

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge