Gmail

**Jose Prieto <gosmarketingpr@gmail.com>**

---

## Lift Stay Notice Pérez Soto v. Ramírez Nazario, CIVIL NO. 19-1774 (JAG)
1 mensaje

---

**Susana Peñagaricano** <spenagaricano@justicia.pr.gov>                1 de octubre de 2019, 12:29
Para: "gosmarketingpr@gmail.com" <gosmarketingpr@gmail.com>
CC: Wandymar Burgos Vargas <wburgos@justicia.pr.gov>, "Iván J. Ramírez Camacho" <ivramirez@justicia.pr.gov>

Mr. Pérez:


We acknowledge receipt of your Lift Stay Notice as to the automatic stay in the referenced case.  We have forwarded the same to AAFAF/FOMB for their review and proposed course of action.  We will get back to you as soon as we hear from them.


Cordially,


*Susana I. Peñagaricano Brown*

Director

Federal Litigation and Bankruptcy Division

Commonwealth of Puerto Rico

Department of Justice

spenagaricano@justicia.pr.gov

787-721-2900 Ext 1404


Calle Teniente César González #677

Esq. Ave. Jesús T. Piñero

San Juan, PR 00919


P.O. Box 9020192

San Juan, P.R. 00902-0192




---

AVISO DE CONFIDENCIALIDAD: Esta comunicación de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada bajo la ley aplicable. Esta información está dirigida el uso exclusivo del individuo o la entidad a la cual se le remitió este correo electrónico, según arriba indicado. Si usted no es el destinatario intencional, se le notifica por la presente que cualquier divulgación, reproducción, distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error esta difusión, favor comunicarse con el remitente y elimine este mensaje. Gracias por su cooperación.

 Gmail

Jose Prieto <gosmarketingpr@gmail.com>

---

## HPerez: DOJ acknowledge Receipt FW: Lift Stay Notice Pérez Soto v. Ramírez Nazario, CIVIL NO. 19-1774 (JAG)

1 mensaje

---

**Wandymar Burgos Vargas** <wburgos@justicia.pr.gov>                    1 de octubre de 2019, 19:50
Para: "gosmarketingpr@gmail.com" <gosmarketingpr@gmail.com>
CC: "hperez1057@gmail.com" <hperez1057@gmail.com>, Wandymar Burgos Vargas <wburgos@justicia.pr.gov>, "Iván J. Ramírez Camacho" <ivramirez@justicia.pr.gov>, Susana Peñagaricano <spenagaricano@justicia.pr.gov>

Mr. Pérez:

We acknowledge receipt of your Lift Stay Notice as to the automatic stay in the referenced case.  We have forwarded the same to AAFAF/FOMB for their review and proposed course of action.  We will get back to you as soon as we hear from them.

Cordially,

f/WBV

*Lcda. Wandymar Burgos Vargas*

*Secretaria Auxiliar*

*Secretaría Auxiliar de lo Civil*

*Departamento de Justicia*

*wburgos@justicia.pr.gov*

Calle Teniente César González #677

Esq. Ave. Jesús T. Piñero

San Juan, PR 00919

P.O. Box 9020192

San Juan, PR  00902-0192

Mail Logo

---

AVISO DE CONFIDENCIALIDAD: Esta comunicación de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada bajo la ley aplicable. Esta información está dirigida al uso exclusivo del individuo o la entidad a la cual se le remitió este correo electrónico, según arriba indicado. Si usted no es el destinatario intencional, se le notifica por la presente que cualquier divulgación, reproducción, distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error esta difusión, favor comunicarse con el remitente y elimine este mensaje. Gracias por su cooperación.

 Gmail

**Jose Prieto <gosmarketingpr@gmail.com>**

---

## Lift Stay Notice Pérez Soto v. Ramírez Nazario, CIVIL NO. 19-1774 (JAG)
1 mensaje

---

**Susana Peñagaricano** <spenagaricano@justicia.pr.gov>                                     1 de octubre de 2019, 12:29
Para: "gosmarketingpr@gmail.com" <gosmarketingpr@gmail.com>
CC: Wandymar Burgos Vargas <wburgos@justicia.pr.gov>, "Iván J. Ramírez Camacho" <ivramirez@justicia.pr.gov>

Mr. Pérez:


We acknowledge receipt of your Lift Stay Notice as to the automatic stay in the referenced case.  We have forwarded
the same to AAFAF/FOMB for their review and proposed course of action.  We will get back to you as soon as we hear
from them.



Cordially,


*Susana I. Peñagaricano Brown*

Director

Federal Litigation and Bankruptcy Division

Commonwealth of Puerto Rico

Department of Justice

spenagaricano@justicia.pr.gov

787-721-2900 Ext 1404


Calle Teniente César González #677

Esq. Ave. Jesús T. Piñero

San Juan, PR 00919


P.O. Box 9020192

San Juan, P.R. 00902-0192



---

AVISO DE CONFIDENCIALIDAD: *Esta comunicación de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la
cual podría ser confidencial y privilegiada bajo la ley aplicable. Esta información está dirigida al uso exclusivo del individuo o la entidad a la cual se le remitió este
correo electrónico, según arriba indicado. Si usted no es el destinatario intencional, se le notifica por la presente que cualquier divulgación, reproducción,
distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error
esta difusión, favor comunicarse con el remitente y elimine este mensaje. Gracias por su cooperación.*

 Gmail                                    Jose Prieto <gosmarketingpr@gmail.com>

---

## HPerez: DOJ acknowledge Receipt FW: Lift Stay Notice Pérez Soto v. Ramírez Nazario, CIVIL NO. 19-1774 (JAG)

1 mensaje

---

**Wandymar Burgos Vargas** <wburgos@justicia.pr.gov>                      1 de octubre de 2019, 19:50
Para: "gosmarketingpr@gmail.com" <gosmarketingpr@gmail.com>
CC: "hperez1057@gmail.com" <hperez1057@gmail.com>, Wandymar Burgos Vargas <wburgos@justicia.pr.gov>, "Iván J. Ramírez Camacho" <ivramirez@justicia.pr.gov>, Susana Peñagaricano <spenagaricano@justicia.pr.gov>

Mr. Pérez:

We acknowledge receipt of your Lift Stay Notice as to the automatic stay in the referenced case.  We have forwarded the same to AAFAF/FOMB for their review and proposed course of action.  We will get back to you as soon as we hear from them.

Cordially,

f/WBV

*Lcda. Wandymar Burgos Vargas*

*Secretaria Auxiliar*

*Secretaría Auxiliar de lo Civil*

*Departamento de Justicia*

*wburgos@justicia.pr.gov*

Calle Teniente César González #677

Esq. Ave. Jesús T. Piñero

San Juan, PR 00919

P.O. Box 9020192

San Juan, PR  00902-0192

Mail Logo

---

AVISO DE CONFIDENCIALIDAD: Esta comunicación de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada bajo la ley aplicable. Esta información está dirigida al uso exclusivo del individuo o la entidad a la cual se le remitió este correo electrónico, según arriba indicado. Si usted no es el destinatario intencional, se le notifica por la presente que cualquier divulgación, reproducción, distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error esta difusión, favor comunicarse con el remitente y elimine este mensaje. Gracias por su cooperación.

**LCDO. HIRAM PEREZ SOTO-CPA**
**Colegiado Núm. 5698, RUA 4383**
**Urb. Villas de Paraná Calle 11 Bloque S-1#5**
**San Juan, Puerto Rico 00926**
**Tel. (787) 731-6573 Cel. (787) 438-6687**
**E-mail:  hperez1057@gmail.com**

September 26, 2019

Lcda. Wandimar Burgos Vargas: wburgos@justicia.pr.gov
Melissa Masscheder Torres: melissamasscheder@gmail.com
Ubaldo M. Fernandez Barrera: ubaldo.fernandez@oneillborges.com
Carolina Velaz Rivero: cvelaz@mpmlawpr.com

Dear Counselors:

I am complying with the Case Management Procedure of the case 17BK3283. Under the procedure established in that case I have to communicate with the counselors of the Oversight Board and of the AAFAF.  We have to reach an agreement whether the Order modifying the stay applicable to the case 19CV1266 should also be made applicable to the case 19CV1774.  As I explain in my motion filed in the case 19CV1774 and 17BK3283 the Order modifying the stay dated August 22, 2019 docket entry 7776 made in the case 17BK3283 applicable to the case 19CV1266 should be made fully applicable to the case 19CV1774 inasmuch as the two cases 19CV1266 and 19CV1774 arose from the same set of facts contained in the complaint filed in the Court of First Instance of Humacao HSCI2007-01040.  The complaint filed in the two federal cases contain claims that arose from the claims in the complaint filed in the Court of First Instance of Humacao HSCI2007-01040.  There is no reason that the Order modifying the stay should not have the same applicability in those federal cases. The pleadings contained in both federal cases describe my arguments about the violation of my civil rights in the Court of First Instance of Humacao to have a fair forum, see Capperton v. ATMassey TSEU June 2009 and the right to file

1

ethical charges and recusal motions with reasonable basis and with respect, see Holt v. Virginia 381US25; InRe Little 404US533; InRe Cardona Alvarez 116DPR895.  I am sending copy of the complaint 19CV1774, you already have copy of the complaint I filed in the case 19CV1266.  If I don't receive any notice in 10 days I will inform the Honorable Bankruptcy Judge in the case 17BK3283 that I tried to communicate with the lawyers Oversight Board and the AAFAF.  I am willing to have telephone conversations, telephone conference calls, and personal meetings to try to reach an agreement.  If I don't receive any answer in 10 days I will presume that you don't have any opposition that the Order modifying the stay above described is fully applicable to the case 19CV1744.  It should be stated that the Honorable Judge García Gregory is willing to consolidate both cases 19CV1774 and 19CV1266 if Honorable Judge Vargas de Cerezo agrees to consolidate.

Respectfully,

**LCDO. HIRAM PEREZ SOTO**

 Gmail

**Jose Prieto <gosmarketingpr@gmail.com>**

---

## De: Hiram Perez
1 mensaje

---

**General Office Supplies** <gosmarketingpr@gmail.com>                          26 de septiembre de 2019, 16:00
Para: wburgos@justicia.pr.gov, melissamassheder@gmail.com, ubaldo.fernandez@oneillborges.com, cvelaz@mpmlawpr.com

📄 **ScanGos2_044.pdf**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO
# BANKRUPTCY COURT

INRE:

THE FINANCIAL OVERSIGHT
AND MANAGEMENT BOARD OF
PUERTO RICO AS
REPRESENTATIVE OF THE
COMMONWEALTH OF PUERTO
RICO, ET ALS
DEBTORS

PROMESA TITLE III
NUM. 17BK3283-RTS

## MOTION INFORMING THE HONORABLE COURT

Comes now the movant party Hiram Pérez-Soto Pro Se and respectfully alleges

and prays to the Honorable Bankruptcy Judge as follows:

1. Plaintiff filed a complaint in the District Court of Puerto Rico 3-19-CV-1266

against Judges of the Supreme Court, Intermediate Appellate Court and the

Courts of First Instance of the Commonwealth of Puerto Rico against other

government and former government officials and against private parties.

The claims contain in the complaint arose from the claims in a complaint

filed in the Court of First Instance of Humacao HSCI2007-01040 of the

Commonwealth of Puerto Rico. This last case was an inheritance case in

which I was the plaintiff. After complying with the Case Management

Procedure ordered by this Court an Order was made by this Honorable Court

1

copy is being attached with this motion. In the aforesaid Order it was ordered by the Honorable Judge in this case that the movant had the right to litigate the claims in the complaint against government and former government officials of the Commonwealth of Puerto Rico. But that any money judgment could not be executed against the Commonwealth of Puerto Rico. Furthermore any non-money judgment obtained by the movant against the Commonwealth of Puerto Rico that entails or causes more than de minimis cost to the Commonwealth of Puerto Rico cannot be executed in relation to those costs. If there is any disagreement between the movant party and the lawyers of the Commonwealth in relation to those costs that are more than de minimis the controversy will be submitted to this Court for final decision. In other words, non-money judgment in the nature of declaratory or injunctive relief will not be subject to the stay if they cost only de minimis cost to the Commonwealth. If the cost of those non-money judgments are more than de minimis then this cost cannot be executed. This Honorable Court will decide if there is disagreement about de minimis cost.

2. The movant party filed another complaint in the Federal Court 19-CV-1774 JAGG. That complaint arose from the same facts of the complaint filed in the Court of First Instance of Humacao HSCI2007-01040. The two complaints 19-CV-1774 and 19-CV-1266 arose from the same set of facts

2

contained in the claims of the complaint filed in the Court of First Instance of Humacao HSCI2007-01040. The Honorable Judge in the case 19-CV-1774 has agreed to consolidate both cases 19-CV-1266 and 19-CV-1774 subject to the approval of the Honorable Judge in the case 19-CV-1266. It is evident that the Order made by this Honorable Judge pertaining to the lifting of the stay in the case 19-CV-1266 is completely applicable to the case 19-CV-1774. We are attaching the complaint filed in the case 19-CV-1774, the motion asking for consolidation under Rule 42 of the Rules of Civil Procedures and the Order of the Honorable Judge in the case 19-CV-1774 accepting the aforesaid consolidation subject to the approval of the Judge in the case 19-CV-1266.

3. The reason I filed the complaint 19-CV-1774 was that Judges of the Intermediate Appeals Court in the cases KLAN2019-00305 and KLCE2019-00367 when I appealed the bias decisions made in February 2019 continued the practice of making bias decisions violating my constitutional rights of a fair and impartial forum. See Capperton v. ATMassey June 2009 US Supreme Court. Also the adversary lawyers continued in their collusion and conspiracy with the bias Judges making frivolous motions knowing the bias of the Judges. I also made pleadings in which I stated that the Judge heading the Judicial Administration had a conflict of interest in relation to the ethical

charge I filed against one of the Judges in the Court of First Instance of Humacao. Finally my pleadings were directed against a Judge of the Supreme Court that wasn't included in the prior complaint in which I was disbarred without due process of Law. There is no reason whatsoever for the prior Order of this Court made on August 22, 2019, as previously explained, applicable to the case 19-CV-1266 should not be made fully applicable to the case 19-CV-1774. Inasmuch as the two complaints arose from the same set of facts in the claims contained in the complaint filed in the Court of First Instance of Humacao HSCI2007-01040. We are sending this motion according to the Order pertaining to the Case Management and Administrative Procedure made by this Court and its being notified to the lawyers of the Oversight Board and the AAFAF.

WHEREFORE, it is respectfully requested to this Honorable Court that the Order made by this Court dated August 22, 2019 docket entry num. 7776 made applicable to the case 19-CV-1266 should be made fully applicable to the case 19-CV-1774.


I hereby certify that I sent copy of this motion the attorney of the Secretary of Justice of Puerto Rico Wandimar Burgos Vargas, email; wburgos@justicia.pr.gov. To Melissa Masscheder Torres, lawyer of the

Department of Justice of the Commonwealth of Puerto Rico, email;

melissamasscheder@gmail.com. I also certify that under the eighth

amendment noticed Case Management and Administrative Procedure; I

notify Counsel of the Oversight Board Hermann Bauer

hermann.bauer@oneillborges.com and Ubaldo M. Fernández Barrera

ubaldo.fernandez@oneillborges.com; Counsel for AAFAF Diana M. Pérez

dperez@omm.com, Luis C. Marini-Biaggi lmarini@mpmlawpr.com and

Carolina Velaz-Rivero cvelaz@mpmlawpr.com; I also filed this motion with

the Clerk of the Federal Court in order for them to notify the master list and

the claims and noticing agents, see Section E of the Case Management

Proceedings.


In San Juan, Puerto Rico, September 18, 2019

**HIRAM PEREZ SOTO**
**PRO SE**
S1-5, Calle 11
Villas del Paraná
San Juan, Puerto Rico 00926-6045
Tel. (787) 731-6573
Cel. (787) 438-6687
E-mail: hperez1057@gmail.com

Case:17-03283-LTS Doc#:8911-1 Filed:10/21/19 Entered:10/22/19 09:02:07 Desc:of 1
Exhibit Page 13 of 65

# United States District Court

## District of Puerto Rico

**Notice of Electronic Filing**

The following transaction was entered on 9/6/2019 at 6:15 PM AST and filed on 9/6/2019
**Case Name:**        Perez-Soto v. Ramirez-Nazario et al
**Case Number:**     3:19-cv-01774-JAG
**Filer:**
**Document Number:** 6(No document attached)

**Docket Text:**
**ORDER noted [4] INFORMATIVE motion. Plaintiff must also file a motion to consolidate in Civ. No. 19-1266(CCC). The undersigned hereby GRANTS the motion to consolidate, subject to Judge Cerezo's consent. Signed by Judge Jay A. Garcia-Gregory on 9/6/2019. (MQ)**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **HIRAM PEREZ-SOTO PRO SE PLAINTIFF** | **CIVIL RIGHTS COMPLAINT 42USCA1983** |
| **VS.** | **(JURY TRIAL IS SELECTED)** |
| **JUDGES OF THE INTERMEDIATE APPEALS COURT OF PUERTO RICO:** | |

19-cv-mm4(JAG)

**ERIK J. RAMIREZ NAZARIO
CARLOS CANDELARIA ROSA
GERARDO FLORES GARCIA
CARLOS VIZCARRONDO
IRIZARRI
GISELLE ROMERO GARCIA
FERNANDO TORRES RAMIREZ**

**JUDGE ADMINISTRATOR OF
THE JUDICIAL
ADMINISTRATION:
SIGFRIDO STEIDEL FIGUEROA**

**JUDGE OF THE COURT OF FIRST
INSTANCE OF HUMACAO:
RUBEN CASTRO RODRIGUEZ**

**JUDGE OF THE SUPREME
COURT:
ANGEL COLON PEREZ**

RECEIVED & FILED
2019 AUG 13  AM 9: 58
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

**COMPLAINT**

1

## I.   APPEARANCE

Comes now the plaintiff Pro Se and respectfully alleges and prays to the Honorable

Court as follows:

## II.   JURISDICTION

This is a civil action seeking declaratory and equitable relief and
damages to prevent and redress the deprivation under color of law of
plaintiff's rights, privileges and immunity under the United States
Constitution.   Jurisdiction in evoked pursuant to 28USC section 1331,
1332, 1343 (A3), 1343 (4), 2201 and 2202, 42USC section 1983, 1985,
28USCA1367; and the Constitution of the United States and more
particularly the fifth and fourteenth amendment thereto.   Since this is a
Federal Question jurisdictional case there is no jurisdictional amount.

## III.   FACTS OF THE CASE

1. In the present case the appearing party filed a complaint in the Court
   of First Instance of Humacao in August 2007 HSCI2007-01040.   In
   that complaint plaintiff had three causes of action.   In the first one the
   appearing party wanted to divide the estate of his late father Hiram I.
   Pérez Beltrán which passed away on October 2006.   Basically the
   appearing party wanted to compute or add back gift of stock of a
   family corporation by the name of Cantera Pérez which could double

2

the amount of the estate. Additionally plaintiff wanted to void a redemption of stock made in June 1998 which the appearing party believed was fraudulent. The third cause of action was that plaintiff wanted to void or claim damages in a derivative contingent claim. The appearing party believed that a piece of real estate which was valued in 1998 at $1 million was sold fraudulently for $100,000. Alternatively it was a simulated sale. Plaintiff pleaded that the estate of the descendant was the owner of 10% of the stock of the family corporation. Plaintiff is the owner of half of the estate. According to the will of the descendant made on July 13, 2006. Additionally plaintiff pleaded in alternative that the gift of stock should be voided. See Sánchez Jiménez v. López Jiménez 116DPR172. Under those two situations plaintiff had standing as the owner of half of the estate to claim damages on behalf of the corporation or to void the sale. The defendants in the inheritance case is Mrs. Enid Pérez Soto, plaintiff's sister, and her two daughters Marisel Valeiras Pérez and Arleene Valeiras Pérez. Also included as a defendant is Mr. Reynaldo Cordero Soto, a cousin of the maternal side of the plaintiff. He was employed by the family corporation Cantera Pérez. Cantera Pérez is a family corporation engaged in the quarry business in extracting rock

3

in the town of Humacao.  It was founded by the descendant and incorporated in 1965.  The stockholder of Cantera Pérez Inc. were Mr. Hiram I. Pérez, the descendant, and his wife, plaintiff's mother, with half of the stock 6,846 of 13,692.  The defendant Mrs. Enid Pérez Soto had originally 25% or 3,423, the appearing party had originally the other 25%, 3,423.  The descendant made a will in which half of the estate was left to plaintiff, 1/6 of the estate was left to Enid Pérez Soto.  The other 1/3 of the estate was left to the defendant Marisel and Arleene Valeiras Pérez, half to each one. We will later explain that in a willful and bias way Judge Hernández González dismissed without a hearing in an arbitrary way the cause of action of the redemption of the stock of the plaintiff and the derivative contingent claim.  The principal cause of action which was to divide the estate by computing the gift of stock made by descendant in 1993 and 1998 was also dismissed without a hearing in an arbitrary and bias way by Judge Rubén Castro Rodríguez.  We will later explain the outrageous, arbitrary and bias action of those two Judges which deprived the plaintiff of his day in Court.  Plaintiff right to a fair tribunal under the US Constitution, due process clause either 5th or 14th amendment, see <u>Capperton v. ATMassey US Supreme Court June</u>

4

2009.  The three decisions were made with bias by Judge Hernández González and Castro Rodríguez and they were void, see <u>InRe Honorable Díaz García 158DPR895; InRe Hammermaster 985P2d924 (1999); InRe Benoid 487A2d1158 (1985); Davila v. Meléndez 2013JTS15.</u>

2.  When the appearing party filed the complaint in August 2007 it was Pro Se.  His intention was to be Pro Se in the early stages of the litigation.  He wanted to send some short interrogatories and request of admissions and then an attorney to be contracted and entered to the case to litigate it to the end.  The lawyer of the corporation Cantera Pérez notified a deposition to plaintiff that was taken at the Court premises in October 2007.  It should be pointed out that the corporation wasn't a heir of the descendant.  Additionally the contingent derivative claim that attorney of the corporation Laguna Mimoso wanted to dismiss was for the benefit of that corporation.  This was a clear conflict of interest.  The argument was completely without merit that if the stockholding of the plaintiff was redeemed in June 1998 he had no standing as a minority stockholder to file the contingent derivative claim.  Plaintiff argued that he was the owner of half of the estate and that the estate was the owner of 11% of the

stock.  Additionally if the gift of stock made 1993 and 1998 were voided the plaintiff had standing as owner of half of the estate, see Rule 14 of the Civil Rules of Civil Procedures of Puerto Rico and Rondón v. Fernández 105DPR368. In the deposition conducted on October 2007 there was a lot of yelling, interruptions, insults made by attorney Laguna Mimoso.  He interrupted the deposition as soon as the plaintiff accepted that he didn't had any stock of the family corporation but as previously explained he was the owner of half of the estate which was the owner of 11% of the stock and if the gift of stock were voided of 50% of the stock.  Counselor Laguna Mimoso filed two motions of summary judgment with a deposition that wasn't finished citing the plaintiff out of context.  He filed numerous motions using foul language in which he labeled the plaintiff as a paranoid person.  Adverse attorney Cordero Alcaraz and attorney Laguna Mimoso lying to the Court accused the plaintiff of taking a deposition with a lawyer not admitted to the case.  In this way the plaintiff was disqualified of his Pro Se without a hearing, see Kmart v. Walgreens 121DPR633; Otaño Cuevas v. Vélez 96JTS142.  The plaintiff began to suspect that attorney Laguna Mimoso was friends with Judge Adalgisa Dávila Vélez who was presiding the case at that time.  Judge

6

Dávila didn't disciplined the behavior of attorney Laguna Mimoso.
Plaintiff filed an ethical charge against Judge Dávila because she
didn't put order and civility in the judicial proceedings.  Judge Dávila
was investigated by the Judicial Administration, she recused herself.
Plaintiff had reasonable basis to believe that Chief Judge Federico
Hernández Denton took her out of the case.  That began a conspiracy
of other Judges in the Court of First Instance of Humacao and in the
Intermediate Appeals Court and even in the Supreme Court against
plaintiff.  Judges in Puerto Rico do not understand that there is a free
speech right under the United States Constitution, first amendment, to
file ethical charges and recusal motions with reasonable basis and
with respect, see Holt v. Virginia 381US25; InRe Little 404US23.
Numerous sanctions were imposed on plaintiff and the three causes of
action contained in the plaintiff's complaint were dismissed in an
arbitrary way without any due process, there was no hearing.  The
decisions were completely arbitrary.  These was made by Judge
Hernández González of the Court of First Instance of Humacao and
by Judge Castro Rodríguez of the same Court.

3.  In the Court of First Instance of Humacao defendant Cordero Soto
which was accused of fraud was named Judicial Administrator by

7

Judge Hernández González without any hearing, bond, petition by a heir or "Albacea", or Testamentary Administrator. This was made on November 2010. There was a prior decision in the case KJV2006-2638 of the Court of First Instance of San Juan October 2009 that the Testamentary Administrator "Albacea" expired on January 2010. The Judges of the Court of First Instance of Humacao refused to decide plaintiff's motion asking that the naming of Mr. Cordero Soto was void, see <u>Villanova v. Villanova 2013JTS53; Flecha v. Lebrón 2005JTS176; PR Code of Judicial Procedure Sec. 337 et seq.</u> Judge Dávila Vélez was removed from the case by Judicial Administration after the ethical charge. Judge Hernández González of the same Court was removed after plaintiff's ethical charge against him. Judge Negrón Villardefranco of the same Court was removed after plaintiff's ethical charge. All ethical charges were constitutionally protected, they were made with basis and respect. Judge Hernández González dismissed the cause of action for voidance of plaintiff's redemption of stock without a hearing. Plaintiff couldn't offer any evidence. He decided in an arbitrary way that plaintiffs cause of action statute of limitation had expired. The voidance of a redemption of stock of a minority stockholder, the statute of limitation begins to

8

run when the plaintiff with due diligence acquires knowledge of the fraud, see <u>Redburn v. Shield 338SW2d23</u>. Plaintiff's redemption was on June 1998 and as a minority stockholder plaintiff acquired knowledge of the fraud in February 2007 and filed the complaint in August 2007. The same Judge Hernández González asked the plaintiff a file a motion to desist without prejudice of the contingent derivative claim. Plaintiff did it in good faith to comply with his wishes. Attorney Laguna Mimoso asked the Court that the motion to desist without prejudice should be decided by the Judge with prejudice because of the ethical charge filed against Judge Dávila by the plaintiff. Judge Hernández González dismissed without a hearing the derivative contingent claim as a sanction without a prior warning, see <u>Maldonado v. Secretario 113DPR94</u> and imposed on plaintiff a sanction of $10,000. The bias and persecution against the plaintiff by the Court of First Instance of Humacao was evident. There was a violation of his right of free speech and impartial tribunal, see <u>Capperton, supra; Holt, supra</u>. The Intermediate Appeals Court was engaged in the conspiracy. For example the appeals court KLCE2011-00057 refused to decide the voidance of the naming of Mr. Cordero Soto as Judicial Administrator. Another panel

KLCE2008-00585 insulted plaintiff telling that he was paranoid and refused to decide that his disqualification without a hearing was void and illegal. Another panel KLAN2011-00720 dismissed the appeal of plaintiff's dismissal of the contingent derivative claim because he used a private mail station something which is clearly permitted and allowed by the Rules of the Intermediate Appeals Court. Another Judge Negrón Villardefranco of the Court of First Instance of Humacao which began to preside the case after Judge Hernández was removed after ethical charge. Judge Negrón signed an order approving the disputed invoices of adversary lawyer Cordero Alcaraz with the heading of the Appeals Court to confuse the Treasury Division of the Court of First Instance of Humacao. Those invoices disputed were legal invoices of attorney Patricia Cordero who supposed legal advice given to her father Cordero Soto which was made in a void manner as before explained Judicial Administrator. In that order was stated that there was an agreement on June 2011 to pay those invoices. This was a blatant lie of attorney Cordero Alcaraz. Furthermore there was a prior order by another Judge Trigo Ferrariouli of April 2012 prepared by the same attorney Cordero Alcaraz that no disputed invoices will be paid. Judge Negrón refused to transfer the case even though two

Judges were already removed from the case after ethical charges. The case of InRe Campoamor Redín 96JTS6 states clearly that when a Judge is removed or recused for ethical reasons the case should be removed from that Court. Plaintiff appealed the denial of the recusal KLCE2014-0414. The appeal was denied. When the case came back to the Court of First Instance of Humacao on June 26, 2014 Judge Negrón admitted that there was no agreement. He didn't disciplined the adversary lawyers who lied for more than three years; attorneys Alcaraz Micheli, Cordero Alcaraz and Ramos Luiña. Then Judge Negrón set for September 2014 a hearing to decide the legality of the disputed invoices. At that hearing he approved those invoices without a hearing in a void and bias way because the person who has the burden of proof is the Administrator and he didn't offer any evidence whatsoever, see Mercado v. Mercado 66DPR368; González Tejera Inheritance Law Vol. I page 462. On October 2014 plaintiff received a letter from the Judicial Administration that he had reasonable basis to file ethical charge against Judge Negrón. The bias and conspiracy against plaintiff after he filed ethical charges against Judges was evident. Judge Negrón as before stated was removed by the Judicial Administration, a hearing was held in December 12, 2014, Judge

11

Castro Rodríguez came to preside the case. At that hearing and the prior hearing of June 26 and September 26 2014 the adversary lawyers once again began to lie to the Court. Stated that the discovery process which was beginning was finished. They also stated that the deposition of November 2010 that began to be taken to defendant Cordero Soto was finished. This simply was false. The same deposition stated that it was interrupted to be continued later on. There were two minutes made in April 2012 and October 2012 setting a schedule for depositions. This prove that the adversary lawyers were lying. It can be stated that the depositions set in the minutes of April 2012 couldn't be taken because the presiding Judge Trigo Ferrariouli recused herself. There was an agreement by all parties that the deposition were to be suspended. Then the depositions set were suspended because plaintiffs' lawyer resigned from the case. The history of the discovery process showed clearly that can be proven with the documents filed in the case were as follow. Plaintiff sent short interrogatories and requests of admission in December 2007, at that time plaintiff was Pro Se, then was disqualified on March 2008. After the disqualification he appealed it. Then a deposition was set to be taken to defendant Cordero. It began on October 2010 and

12

continued on November 2010, they were suspended. After Judge Hernández dismissed the direct claim and the contingent derivative claim in December 2010 the plaintiff began to appeal those decisions and the depositions were suspended by agreement of all the parties. There is no motion by the adverse parties or order by the Court to continue those depositions. There was an agreement by all parties of the suspension. After the nonrecusal of Judge Negrón by the Appeals Court KLCE2014-0414 a hearing was held in June 26, 2014 in the Court of First Instance of Humacao before Judge Negrón. In a very callous way lying the adversary lawyers argued that the discovery process was finished. Judge Castro Rodríguez which was bias refused to permit the discovery process. This was completely arbitrary and showed bias. Judge Castro Rodríguez set the case for trial for April 2015 without any discovery. The bias and hostility against the plaintiff by Judges of the Court of First Instance of Humacao and the Appeals Court was evident. Plaintiff had to file a Mandamus Pro Se KLCE2015-00008. Judge Castro filed a motion in the Appeals Court deciding that plaintiff couldn't be Pro Se. He should have known that in another decision by the panel KLAN2011-00720 plaintiff was authorized to be Pro Se in any Court of Puerto Rico. In fact, plaintiff

13

filed motion in the Court of First Instance of Humacao to argue that in May 2011 panel KLAN2011-00720 had revoked the decision of Judge Dávila of disqualification of April 2008 and of the Appeals Court KLCE2008-00585 of June 2008. Judge Negrón and Castro refused to decide that issue illegally, see <u>GAC Fin Corporation v. Rodríguez 107DPR213; Garriga Gordis v. Maldonado 109DPR817</u>. The Appeals Court in the Mandamus allowed plaintiffs Pro Se and decided that the discovery process and depositions must continue. It should be pointed out that the decisions of the Appeals Court about the discovery process proved beyond doubt that the adversary lawyers were lying stating that the discovery process was finished. It should be pointed out that attorney Garau Díaz the attorney of the plaintiff at that time recused Judge Castro for the following reasons: argued that plaintiff couldn't be Pro Se in the Mandamus. Refused to decide the following motions: Motion to declare void the appointment of Mr. Cordero Soto as Judicial Administrator.  Void the approval of the disputed invoices without a hearing.  Void the sanction of $10,000 against plaintiff by Judge Hernández. To transfer the case from the Court of First Instance of Humacao even though on October 2014 plaintiff received a letter from the Judicial Administration saying that

14

he had reasonable basis to recuse Judge Negrón, that was on October 2014. He refused to decide the voidness of plaintiff's disqualification without a hearing. He stated that Judges Dávila, Negrón, Hernández were not removed by the Judicial Administration after ethical complaints filed against them. He wanted to set the case for trial without discovery. The panel KLCE2015-00725 in a bias way refused the recusal of Judge Castro Rodríguez made by plaintiffs' lawyer at that time. The recusal decision of panel KLCE2015-00725 arrived in the Court of Humacao in June 2016. Judge Castro was disqualified to make decisions in the case from May 2015 to June 2016. The depositions that were ordered by panel KLRX2015-00008.

4. The depositions took place on April and May 2015. The defendant Cordero Soto and Enid Pérez Soto through their lawyers started to make frivolous objections. Enid Pérez Soto under the advice of her lawyer refused to answer the whereabouts of the amount of money belonging to the descendant as "usufructurario" of shares of stock donated by him. This amount was of about $5 million. Enid Pérez Soto refused to appear to the continue of the depositions and so did Cordero Soto. We have transcripts of non appearance. Other witnesses on the advice of the adversary lawyers refused to appear at

15

the depositions.  Plaintiffs' lawyer filed three motions asking for sanctions.  The dismissal of the pleadings because of refusal to appear at depositions that were duly notified.  Judge Castro Rodríguez after June 2016 refused to decide the motion asking for sanctions and the elimination of the pleadings for the non appearance at depositions duly notified.  This showed bias.  The same Judge refused to sanction the arbitrary lawyers for lying that the discovery process was finished.  On June 2016 at the request of the adversary lawyers Ramos Luiña the Judge ordered that plaintiff should find a new lawyer in 30 days or he would be sanctioned with $1,500 and another $100 daily.  Plaintiffs' attorney without any reason and without telling the plaintiff resigned from the case in January 2016.  It should be pointed out that from May 2015 to January 2016 seven months were lost in which the depositions could be finished.  Plaintiff found a new lawyer and case was set for a hearing in December 2016.  This new lawyer apparently was a friend of the adversary lawyers.  She refused to tell the Judge that the motion asking for sanctions because of violation of the discovery obligation should be decided by the Judge.  In December 2016 after she had a meeting with the adversary lawyers she told me that based on the minutes of December 12, 2014 she had agreed that

16

the depositions will not be concluded.  Plaintiff told her that the
Mandamus was filed on March 2015.  She also said that the values of
the gift of stock were already decided, this was wrong.  Plaintiff
dismissed this attorney.  New lawyers filed motion on February 16,
2017.  Judge Castro who was conspiring with the adversary lawyers to
not permit the discovery process in December 12, 2014 decided that
after February 30, 2017 no discovery was to be permitted.  The new
lawyers of the plaintiff asked to the continuance of the depositions.
The Judge didn't permit the depositions and never decided the three
motions asking for sanctions and dismissal of the pleadings for not
appearing to depositions duly notified.  It should be pointed out that
the new lawyers of the plaintiff couldn't in 10 days acquire
knowledge of the intricacies and details of a complicated case.  Judge
Castro couldn't before June 2016 decide anything in the case because
he was recused.  See Rule 63 of Civil Procedure of Puerto Rico.
Judge Castro had a hidden agenda of trying to harm the plaintiff
because of the ethical charges been filed against fellow Judges of the
same Court that provoked their dismissal from presiding the case.
Plaintiff sent transcript of non appearance of attorneys Guerrero
Calderón, Goico Covas, Martínez Landrón and CPA Carbonell.  The

17

codefendant, the widow Antonia Rodríguez, Judge Castro refused that the plaintiff deposed her.  Plaintiff has evidence that she received a certificate of deposit of more than $2 million, this is simply an arbitrary decision.

5.   On May 2017 the lawyers of the plaintiff signed a pretrial agreement. In that agreement the expert report of Zayas and Morazzani about the valuation of the stock of Cantera Pérez that was subject to the gift in 1993 and 1998.   The defendant do not have any expert report.  With the expert report the plaintiff can win the case easily.  The report was going to be sent to the adverse parties in September 2017.  Hurricane María attacked Puerto Rico and we all know what happened.  The office of Zayas and Morazzani finally could make the report on November 30, 2017.  The report was filed in Court and was sent to the defendants.  A hearing was held on February 2018 in Court.  The report was discussed.  The defendants once made the argument that the report was filed late which was incorrect.  Finally they discarded that flawed argument. **It should be pointed out that no effort was made by the defendants to depose the expert witness which prepare the expert report.  On the contrary they lying to the Court were constantly vehemently opposed that the discovery**

**process could be finished.  They even went to the extreme of not appearing at the depositions.**

6.   The appearing party filed a motion of summary judgment on August 7, 2017 strictly related to the amount of stock that was left in the estate.  In that regard based on public documents starting with 13,692 shares we could easily proof that after the gift of stock in 1993 the division of the conjugal society of Ana L. Soto and Hiram Pérez Beltrán and the division of the estate of Ana L. Soto the gift of stock made by the descendant 1998 11% of the stock belonged to the estate. There was mathematical accuracy that the defendant couldn't contradict the evidence based on public documents.  Codefendant Enid Pérez Soto filed a motion of summary judgment on August 17, 2017 in which she argued that the appearing party didn't had any evidence of the value of the share of stock that were donated in 1993 and in 1998.  Codefendant Cordero Soto filed a motion of summary judgment on November 6, 2017 in which based on oral evidence that was contradictory tried to refute that the descendant was the owner of the 11% of the stock.  The appearing party filed answer to the motion of summary judgment filed by the defendants Cordero Soto on December 22, 2017. We filed an answer to the motion of summary

judgment of Enid Pérez Soto on December 8, 2017.   Judge Castro
Rodríguez decided in a judgment in February 19, 2019 that the expert
report announced by the appearing party in the pretrial report on May
2017 and in the answer filed by plaintiff on December 8, 2017
couldn't be admitted in evidence because it wasn't sworn.   This
showed the pattern of bias decisions by Judge Castro Rodríguez.   The
judgment was based in cases decided by Federal Courts which hasn't
been incorporated and adopted in Puerto Rico, see <u>Car v. Tantenglo
338F3d1259; Capablanca v. City of New York 422F3d47; Ramírez
Ortíz v. Corporación de Centro Vascular 32FedSupp3rd83</u>.
Additionally even in those cases were applicable to Puerto Rico they
don't authorize the outrageous decision of Judge Castro.   Those cases
stand for the proposition that when a movant of a motion of summary
judgment files a sworn expert opinion the opposing party has to file
another sworn expert opinion, see <u>Mariaquis v. North Oaks
258US3d88.</u>   In this case the defendant, specifically Enid Pérez Soto,
never filed their motion any expert opinion sworn or not sworn.   The
appearing party only announced the expert report as one that was
going to be used in the trial of the merits.   Furthermore that argument
wasn't made by defendant Enid Pérez Soto or Cordero Soto in their

motions or in the hearings held in Court. That judgment was prepared by attorney Ramos Luiña using a scheme to try to win the case with a bias Judge using egregiously wrong arguments. Attorney Ramos Luiña should be disciplined for his callousness and egregiously wrong and unethical behavior. Finally Judge Castro Rodríguez decided that the almost $5 million which the public documents in which the gift of stock were made in 1998 in which the descendant had the obligation to take the dividends paid on the stock in its income tax return were not part of the estate. That was specifically provided in the deeds in which the gift of stock were made in 1998. Additionally <u>Article 400 of the Civil Code of Puerto Rico</u> provides that the "usufructuario" is the owner of all the income of the properties in which he retains the "usufructo". If the descendant refuse to take that income it is a gift of property that must be computed under <u>Article 746 of the Civil Code of Puerto Rico.</u> No cases were cited for this egregiously wrong decision. It should be pointed out that when a Judge clearly wrong decisions that decisions could be voided because there is an inference of intentional bias. See <u>InRe Hammermaster, supra; InRe Honorable Díaz García, supra; InRe Benoit, supra; Wright and Miller Sec. 3550.</u> The judgment was prepared by attorney Ramos Luiña knowing the

21

bias of Judge Castro. With mischievous intention he didn't made the arguments in Court or in the motion he filed. This simply outrageous. After the arguments were made in Court in February 2018 the Judge more than a year to decide in this outrageous and bias manner. On February 2019. Judge Castro Rodríguez also made a ruling on the same day in which he stated in a clearly wrong way, see <u>Dávila v. Meléndez, supra; InRe King 487A2d1158 (1985)</u> that there was a conflict in the evidence submitted by motion of summary judgment of the appearing party and the evidence submitted by the opposing parties Cordero Soto and Enid Pérez Soto. There was no contradiction whatsoever. All the evidence that we submitted were in public documents with mathematical accuracy that couldn't be contradicted that 11% of the 13,692 original stock were left in the estate. That decision also should be voided product of a bias Judge. The two decisions of Judge Castro Rodríguez were null and bias. When a decision is egregiously wrong it is null and void, it has the inference of bias. Judge Castro Rodríguez showed hostility towards the plaintiff. He refused to abide by the decision of the Appeals Court that the discovery process should be continued. He approved disputed invoices of counselor Cordero Alcaraz in 2018. Counselor Cordero

Alcaraz filed a motion of resigning from the judicial administration by her father in June 2015.  Three years after the resignation Judge Castro approved invoices that were disputed and void.  The Appeals Court KLCE2016-00068 had already decided that those invoices approved without a hearing were void.

7. Plaintiff filed an appeal to the bias judgment made by Judge Castro Rodríguez on February 2019 KLAN2019-00305.  Also filed a Certiorari of the order of the same date about the number of stock left in the estate.  After the lawyer of the plaintiff filed the appeal and Certiorari   KLCE2019-00367.  Plaintiff filed a complaint in the Federal Court 19-CV-1266 pleading violation of his civil rights under 42USCA1983.  Plaintiff's lawyers resigned from the case. Apparently they were afraid that they could be blacklisted by the judiciary of Puerto Rico.  It is a very sad that the lawyers are afraid of Judges, this prevents that parties exercise fully their civil rights.  In the appeal case KLAN2019-00305 that panel allowed and permitted plaintiffs Pro Se after the resignation of his lawyers.  He was in a very difficult position since he couldn't find any lawyer in Puerto Rico to represent him.  He was already disbarred by the Supreme Court for exercising his free speech right filing recusal motions and ethical

charges against Judges with reasonable basis and respect, something that is protected by the free speech right under the first amendment under the United States Constitution, see <u>InRe Little, supra; Holt v. Virginia, supra.</u>   Plaintiff filed a motion stating that the decision of Judge Castro Rodríguez was bias and should be voided.  The panel ordered that the motion should be delivered back to him, this showed bias.  The Appeals Rules permit filing motion in the Appeals Court. In the original appeal the legal arguments should be on the legal documents, but this does not prevent the filing of a motion stating legal arguments that should be considered.  **The Appeals Court decided that the expert report of Zayas and Morazzani couldn't be used in the trial because plaintiff's lawyers prevented the defendant to depose the authors of the expert report. This is a lie. Shows bias**.  There is no evidence whatsoever that the defendants tried to depose the authors of the expert testimony.  On the contrary the adversary lawyers Ramos Luiña, Cordero Alcaraz and Alcaraz Micheli based on lies continuously tried to prevent and succeeded that the discovery process through depositions could be finished.  That panel without citing any case also decided that the almost $5 million that belonged to the descendant on the dividends of the stock in which

24

the descendant retain the "usufructo" was not subject to computation under Article 746 of the Civil Code. All gift of property made by descendant must be computed back in an accounting operation under Article 746 of the Civil Code to the other properties of the estate. See González Tejera Inheritance Law Vol II. Page 470 et seq. The values that must be used are the value at the day of the gift. The two decisions were egregiously wrong. Should be voided. Another panel KLCE2019-00367 after deciding that they were inclined to revoke Judge Castro Rodríguez, plaintiff filed a motion stating that he wanted the case to be litigated in the Appeals Court with respect and civility. Plaintiff also stated that he filed a complaint of civil rights of violation under Section 1983 in which his disbarment and judgments and sanctions against him will be litigated 19-CV-1266. The Appeals Court decided not to grant the Certiorari, this was a bias decision. The evidence is overwhelmingly based on public documents that of the 13,692 shares after the gift of stock in 1993, the adjudication in the division of the conjugal society and the estate of Ana L. Soto and after the gift of stock in 1998 11% of the stock belong to the descendant. It should be pointed out that this decision causes less damage than the decision in the case KLAN2019-00305. This is so

25

because the denial of the motion of summary judgment will result that due to the false and bias decision that there was a conflict in the evidence that plaintiff will have the opportunity to offer the evidence in the trial on the merits. The other decision KLAN2019-00305 will cause that the plaintiff will lose the inheritance case without having the opportunity to have his day in Court to proof his pleadings. The plaintiff must repeat that the only party who had expert report about the valuation of the gift of stock and money belonging to the descendant is the plaintiff. All this was the product of bias of Judge Castro Rodríguez and the panel KLAN2019-00305. The two decisions by panel KLAN2019-00305 and KLCE2019-00367 should be voided based on bias.

8. Plaintiff filed ethical charge against Judge Castro Rodríguez. That charge was filed around April 2019. Due to the institutional bias of the judiciary of Puerto Rico it is practically impossible that an ethical charge against a Judge be decided on the merits on an impartial way. The experience of plaintiff has been that the Judicial Administration removes the Judge from presiding the case but take no measure in preventing other Judges to punish and take reprisals by sanctions and bias decisions against the lawyer and party who exercised his free

26

speech right under the first amendment of filing ethical charges with reasonable basis and respect, see Holt v. Virginia, supra; InRe Little, supra.   The present Judge Administrator Steidel has a conflict of interest.   In the case KLAN2014-2086 he was a member of the panel which confirmed another outrageous decision in the case KAC2012-0840 in which plaintiff tried to void the decision of Judge Hernández González dismissing his complaint in trying to void plaintiffs redemption of stock.   In that decision Judge Hernández González prevented plaintiff to amend the complaint and then dismissed the cause of action that was in the amended complaint.   It was a violation of due process of Law, see ELA v. Aguayo 80DPR51 (1951); InRe Center Wholesales 259F2d144.   Judges can only decide causes of action that are in the pleadings of a complaint.   That was on December 2010.   Then in August 2011 Judge Hernández amended the complaint motu proprio and then dismissed a cause of action that was in the complaint that he amended.   This is completely void, see González Suarez v. Rodríguez 121DPR749.   Plaintiff filed a complaint to void those two judgments in the Court of First Instance of San Juan KAC2012-0840.   The adversary lawyers used the ethical charges in a conclusory way to incite the hostility of the Judge of the Court of first

27

Instance of San Juan. This Judge dismissed the complaint without a hearing and sanctioned the plaintiff with $3,000. This was a bias decision. The institutional bias of Judges defending themselves is pervasive. After filing a recusal motion that was denied the Judge Administrator was in the panel KLAN2014-2086 and refused to revoke the decision. Motion of dismissal cannot be granted unless there is no conceivable set of facts or principles of Law that could be applicable, see <u>Dorado v. Wrangler 98JTS49.</u>

9. We are also filing this complaint against Judge Angel A. Colón Pérez of the Supreme Court. In the complaint plaintiff filed in the Federal Court 3-19-CV-1266 didn't included Judge Colón Pérez as a defendant. Judge Colón Pérez was a member of the Court in which plaintiff was disbarred. The disbarred judgment by the Supreme Court didn't discuss the ethical charges plaintiff had filed against Judges, the recusal motions against Judges and the ethical charges against lawyers. It was a conclusory decision. Plaintiff was accused of making frivolous arguments citing wrong cases which is completely false. He also was accused of filing motions when he was disqualified. He was disqualified based on lies without a hearing, see <u>Kmart v. Walgreens, supra.</u> KLAN2011-00720 on May 2013 allowed

28

plaintiff's Pro Se and revoked the bias decision of Judge Dávila of April 2008 and of the panel KLCE2008-00585 of June 2008. Before the Appeals Court decision which reinstalled plaintiff's Pro Se, he filed a motion that was contingent under Rule 14 of Civil Procedure of Puerto Rico, see <u>Rondón v. Domínguez 105DPR368.</u> Plaintiff argued that his disqualification was void. That was on March 2013. After the above mentioned Appeals Court decision, plaintiff argued that his Pro Se was reinstalled. Plaintiff was cited out of context. He was never disrespectful to Judges or lawyers. In the disbarment hearing plaintiff was prevented to cite witness, to cross examine witness and even reading the ethical complaint against him and explain each of the charges. The ethical complaint against him of the Department of Justice was conclusory, the ethical charge made by adversary lawyer Alcaraz Micheli was conclusory. The report of a bias Commissioner, a former Judge, was conclusory. The Supreme Court showed bias. That same Supreme Court left intact clearly wrong decisions refusing to grant the Certiorari. For example, the appointment of defendant Cordero Soto as Judicial Administration was void; the approval of disputed invoices without a hearing in which the person who has the burden of proof didn't offered any evidence were clearly wrong.

Showed bias of the Supreme Court. The refusal to void the way

plaintiff was disqualified based on lies was void and showed bias.

The refusal to revise the decision KLAN2011-00180 in which

plaintiff was denied to have his day in Court and to proof the voidance

in the redemption of his stock was wrong was also bias.

## IV.   PRINCIPLES OF LAW APPLICABLE

This complaint is being file under Title 42 Section 1983 which provides

that every person who under color of state Law causes the violation of

the civil and constitutional rights of citizens or person subject of the

jurisdiction of the United States can sue in equity or other proper

proceedings for redress.

Judges and other state officials are not immune by the eleventh

amendment from injunction and other declaratory relief. Alle v. Mediano

416US802 (1971).  When Judges are being sued for declaratory and

injunctive relief they are being sued in their official capacity. When they

are being sued in damages there are being sued in their personal capacity.

We recognize that there is a long standing principle that Judges have

judicial immunity in damages under Section 1983, see Pierson v. Ray

368US547. It should be pointed out that 42USCA1983 was approved in

1871. It was labeled as the Ku Klux Klan Act. It has been decided that

30

judicial immunity under Section 1983 is not provided under US Constitution, it is based on congressional intent. See <u>Liability of Judicial Officers under Section 1983</u> <u>79 Yale Law Journal page 322; Tower v. Glover 467US914 (1984)</u>. In 1871 decided to incorporate the judicial immunity in damages doctrine of the common Law. At that time Puerto Rico was a colony of Spain. In Spain there has never been judicial immunity in damages. In Puerto Rico was decided, see <u>Feliciano Rosado v. Matos 110DPR550(1981)</u> that Judges can be held responsible in damages if there is a prior criminal conviction or the Judge has been dismissed from office or impeached. In Puerto Rico it is practically impossible for a Judge to be convicted in a criminal case, also it is practically impossible for a Judge to be dismissed from office. Congress has expressed no intention whether the judicial immunity of the common Law should be applicable from cases arising from Puerto Rico. We believe a contingent judgment can be granted in which damages can be imposed by a Federal Court under Section 1983 subject to a criminal conviction or a dismissal from office or impeachment. In this case there are probable violation of Federal Criminal Laws, see <u>18USCA241 and 242</u> which provide for criminal conviction for violation of civil rights. Punitive damages can be awarded under Section 1983 see <u>Smith v. Wade</u>

31

461US530 (1983); Pacific Mutual Life v. Haslip 449US1 (1991). A Federal Court can void a decision by a State Court including a State Supreme Court in which there is a violation of the constitutional rights of the plaintiffs, see Pulliam v. Allen 466US522 (1984).

## V.   CAUSES OF ACTION AND REMEDIES

Cause of action against the Judges Erik J. Ramírez Nazario; Carlos Candelaria Rosa; Gerardo Flores García of the panel KLAN2019-00305 those Judges decided with bias in a clear wrong way. They should be subject in a contingent way each of them to actual damages of $300,000 and punitive damages of $300,000. The judgment of panel KLAN2019-00305 should be voided.

Causes of action against the panel KLCE2019-00367 composed of Judges Carlos Vizcarrondo Irizarri; Giselle Romero García and Fernando Torres Ramírez. Their decision not to grant the discretionary grant of Certiorari was bias, clearly wrong, it should be voided. Each of them can be subject to $300,000 in actual damages and $300,000 in punitive damages.

Causes of action against Judge Angel Colón Pérez of the Supreme Court. Judge Colón was confirmed in June 28, 2016 he participated in plaintiff's disbarment in June 4, 2018. The decision of Judge Colón and the

decision of the other Judges who participated in the disbarment in an unconstitutional way should be voided. In a contingent way Judge Colón should be subject to $300,000 in actual damages and $300,000 in punitive damages.

Cause of action against Judge Castro Rodríguez. Judge Castro Rodríguez made the two decisions in a judgment and in an order previously explained. They were bias and should be voided. It should be pointed out that Judge Castro Rodríguez was already sued in the complaint filed on 19-CV-1266 that complaint was subject to an automatic stay under Title III of Promesa. The Bankruptcy Judge appointed in Promesa is in the process of deciding whether that complaint should be subject to the automatic stay under Section 362B4 of the Bankruptcy Code incorporated by Promesa. That being litigated and we belief that only the execution of a monetary judgment against the Commonwealth of Puerto Rico and other Title III debtors are subject to the stay. The stay is based on a decision by the Secretary of Justice of the Commonwealth to provide legal representation to the defendants, Judges or former Judges, government officials or former government officials. Furthermore under Law 9 of 32LPRA the Commonwealth can pay damages on behalf of the above mentioned defendants. We are confident that the automatic stay

will be limited as previously mentioned. Anyhow this complaint will be joined to the prior complaint 19-CV-1266 under <u>Rule 18 or 19 of the Federal Rules of Civil Procedures.</u> Judge Castro decisions of February 2019 should be voided. It should be ordered to cease and desist of presiding the inheritance case KLC2007-01040 Court of First Instance of Humacao. He should be ordered to pay $300,000 in actual damages, $300,000 in punitive damages in a contingent way.

Cause of action against Judge Sigfrido Steidel Judicial Administrator should be ordered to recuse himself for deciding the ethical charge plaintiff filed against Judge Castro Rodríguez, as above mentioned he has a conflict of interest.

**WHEREFORE**, it is respectfully requested from this Honorable Court that after proper legal proceedings the judgment of the panel KLAN2019-00305 should be voided. Each of the Judges should be subject in a contingent way to actual and punitive damages of $300,000. The decision of the panel KLCE2019-00367 should be voided. Each of the Judges of the panel should be subject in a contingent way with $300,000 in actual damages and $300,000 in punitive damages. To void the decision by Judge Colón Pérez of the Supreme Court of plaintiff's disbarment jointly with the other Judges of the Supreme Court that were

34

sued under the case 19-CV-1266.   Actual and punitive damages in a contingent way of $300,000 should be imposed on Judge Colón Pérez. Also Judge Castro Rodríguez of the Court of First Instance of Humacao his decisions of February 2019 should be voided for bias.   Actual and punitive damages in a contingent way should be imposed of $300,000. Finally Judge Steidel should be ordered to recuse himself for deciding the ethical charge filed against Judge Castro.

Filed at August 13, 2019

**HIRAM PEREZ SOTO**
**PRO SE**
S1-5, Calle 11
Villas del Paraná
San Juan, Puerto Rico 00926-6045
Tel. (787) 731-6573
Cel. (787) 438-6687
E-mail: hperez1057@gmail.com

35

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

**Hiram Perez-Soto**

v.

Plaintiff(s)

**Hon. Judge Erik J. Ramirez-Nazario et al.**

Defendant(s)

CIVIL NO 3:19-cv-01774-JAG

## "NOTICE OF ISSUANCE OF SUMMONS"

Notice is hereby given that Summonses have been electronically issued on an expedited basis. Summonses have been securely signed and sealed. Counsel must print all summonses and follow the service requirements set forth by the Rules of Civil Procedure. Electronic issuance of Summonses should **not** be construed as authorizing electronic service.

To request paper copies, please contact the Clerk's Office at

(787)772-3000. In San Juan, Puerto Rico, on this 15th day of August, 2019.

FRANCES RIOS DE MORAN, ESQ.
CLERK OF COURT

By: s/ Viviana Díaz-Mulero

Deputy Clerk

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| **HIRAM PEREZ-SOTO PRO SE PLAINTIFF** | **CIVIL RIGHTS COMPLAINT 42USCA1983** |
| **VS.** | **19-CV-1774 JAGG** |
| **ERIK J. RAMIREZ NAZARIO, ET ALS** | |

## MOTION INFORMING THE COURT

Comes now the plaintiff Pro Se and respectfully alleges and prays to the Court as follows:

1. In the present case we filed a complaint on August 13, 2019. That the claims in the present complaint are very similar to the claims in the complaint filed in the case Civil Num. 19-CV-1266 on March 27, 2019. The reason we did that is that the case 19-CV-1266 was subject to an automatic stay by the Bankruptcy Judge created under Title III of Promesa 17-BK-3283 LTS. After filing the complaint in the case 19-CV-1266 the continuing conspiracy of Judges of the Courts of Puerto Rico continued against me making bias decisions that were clearly erroneous. I have the right to

1

exercise my constitutional rights of a fair forum, see case Capperton v. ATMassey June 2009. I have the right to defend myself because those decisions could cause great harm to my constitutional rights. The Honorable Judge in the case 17-BK-3283 LTS has lifted the automatic stay, we are sending the Order of the Judge made on August 22, 2019. It would be advisable that under Federal Rule of Civil Procedure 42 both cases be consolidated inasmuch as the claims contained in both complaints arise from the same set of facts. We have already serve the summons on all the defendants.

**WHEREFORE**, it is respectfully requested to this Honorable Court that the cases 19-CV-1266 and 19-CV-1774 JAGG be consolidated under Rule 42 of the Federal Rules of Civil Procedure.


I hereby certify that I notified this motion by filing it with the Clerk of this Court.

**HIRAM PEREZ SOTO**
**PRO SE**
S1-5, Calle 11
Villas del Paraná
San Juan, Puerto Rico 00926-6045
Tel. (787) 731-6573
Cel. (787) 438-6687
E-mail: hperez1057@gmail.com

2

Case:17-03283-LTS Doc#:8921 Filed:08/22/19 Entered:08/22/19 13:10:22 Desc: Main
Case:17-03283-LTS Doc#:8901-1 Filed:10/21/19 Entered:10/22/19 09:02:07 Desc:
Document Page 1 of 10
Exhibit Page 52 of 65

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

           Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART HIRAM
PÉREZ-SOTO'S MOTION FOR RELIEF FROM AUTOMATIC STAY (DOCKET ENTRY NO. 7776)

       Before the Court is the *Motion to Lift Automatic Stay and/or to Ask the Court*

*That It Is Not Applicable in This Case* (Docket Entry No. 7776 in Case No. 17-3283,[2] the

"Motion"), filed by Hiram Pérez-Soto (the "Movant"), who seeks relief from the automatic stay

imposed by the filing of the above-captioned Title III case on a case captioned Hiram Perez-Soto

v. Judges of the Supreme Court, et al., Case No. 19-cv-1266 (the "Litigation"), which is

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

currently pending before the United States District Court for the District of Puerto Rico. For the

following reasons, the Motion is granted in part and denied in part as set forth herein.

### BACKGROUND

By petition filed on May 3, 2017, the Financial Oversight and Management Board

for Puerto Rico (the "Oversight Board") initiated the instant case on behalf of the

Commonwealth under Title III of the Puerto Rico Oversight, Management, and Economic

Stability Act ("PROMESA").[3] (See *Objection of the Commonwealth of Puerto Rico to Motion to*

*Lift Automatic Stay and/or to Ask the Court That It Is Not Applicable in This Case Filed by*

*Hiram Pérez-Soto*, Docket Entry No. 8246, the "Objection," ¶ 1.) Approximately two years

later, Movant commenced the Litigation, pursuant to 42 U.S.C. § 1983, against various

Commonwealth judges and other current and former government officials (the "Commonwealth

Defendants"), as well as several private attorneys (the "Private Defendants," and collectively

with the Commonwealth Defendants, the "Defendants"),[4] seeking (i) a determination that the

---

[3]    PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[4]    In the Litigation, Movant named a total of 62 defendants comprised of (i) "Judges of the
Supreme Court"; (ii) "Former Chief Judges of the Supreme Court"; (iii) "Judges of the
Appeals Court"; (iv) "Judges of the Court of First Instance"; (v) "Judges Administrators
of the Judicial System"; (vi) "Lawyers of the Office of the Solicitor General
Commonwealth of Puerto Rico"; (vii) "Counselors for the Defendants"; and (viii) the
"Commissioner." (Docket Entry No. 4 in Case No. 19-cv-1266, the "Complaint.").
According to the Commonwealth, Defendants are "officers, former officers, employees,
and/or former employees of the Commonwealth" and, as such, are being represented in
the Litigation by the Commonwealth Department of Justice ("DOJ") pursuant to Act 9 of
the November 26, 1975 ("Act 9"), P.R. Laws Ann. § 3085, tit. 32. (Objection ¶ 2 n.4.)
The Commonwealth further indicates that, under Act 9, it would be required to disburse
funds to pay any judgment against Defendants, unless such judgment is a result of
Defendants' gross negligence or intentional conduct. (Id.) The Court notes, however,
that the Private Defendants—identified by Movant as "Counselors for the Defendants"—
do not appear to be current or former Commonwealth employees and are represented in
the Litigation by private counsel, not the DOJ.

Defendants violated his civil rights in connection with his disbarment from the practice of law and related proceedings; (ii) injunctive and declaratory relief voiding sanctions and judgments issued against him; and (iii) damages under § 1983 in an amount ranging from $200,000.00 to $800,000.00 for each Defendant. (Objection ¶ 2; see generally Complaint.) In the Litigation, Movant contends, inter alia, that there has been an almost eleven-year "history of . . . abuse against [him] by [j]udges and [c]ounselors for the defendants . . . [,]" which he alleges first began in the context of a lawsuit that he had filed in August 2007 in the Court of First Instance of Humacao relating to the distribution of his father's estate (the "Estate Litigation"). (Complaint ¶¶ 1, 2.)

On April 17, 2019, the Commonwealth filed in the Litigation a *Notice of Automatic Stay and of Procedures for Filing Motions for Relief from the Automatic Stay in the Commonwealth of Puerto Rico's Title III Case* (Docket Entry No. 7 in Case No. 19-cv-1266), requesting that the District Court take notice of the automatic stay of the Litigation pursuant to Sections 362 and 922 of the Bankruptcy Code, 11 U.S.C. §§ 362 and 922.[5] Shortly thereafter, several Private Defendants moved to dismiss the claims asserted against them. (Docket Entry No. 9 in Case No. 19-cv-1266.) On July 2, 2019, before ruling on the motion to dismiss, the District Court entered an order staying the Litigation in its entirety.[6] (Docket Entry No. 31 in Case No. 19-cv-1266.)

Movant filed the instant Motion on May 29, 2019, seeking relief from the automatic stay with respect to the Litigation. Relying upon Section 362(b)(4) of the Bankruptcy

---

[5] Sections 362 and 922 of the Bankruptcy Code are made applicable in this Title III case by Section 301(a) of PROMESA, 48 U.S.C. § 2161.

[6] At the time the District Court entered the stay order, discovery in the Litigation had not yet commenced. (Objection ¶ 4.)

Code, Movant argues that the Litigation is not subject to the automatic stay because his claims
are tantamount to the enforcement of a governmental unit's or organization's police and
regulatory power. (See, e.g., Motion ¶¶ 6, 8.) Movant further submits that, if this Court were to
deem Section 362(b)(4) inapplicable, he would "desist without prejudice any damage claim
against government or former government officials . . . [and would] only ask for declaratory and
injunctive relief" with respect to those Defendants. (Id. ¶ 9.) In addition, Movant contends that,
in any event, his claims against the Private Defendants cannot be stayed. (Id.)

In its Objection, the Commonwealth argues that Section 362(b)(4) of the
Bankruptcy Code does not apply because Movant is a private individual, not a governmental
unit. (Objection ¶¶ 8, 9.) It further contends that the Motion should be denied because Movant
has failed to establish that "cause" exists to lift or modify the automatic stay to permit the pursuit
of claims against the Commonwealth Defendants. (Id. ¶ 6.) The Commonwealth has not,
however, asserted any objection to continuation of the Litigation as against the Private
Defendants and, in its Objection, has indicated that it would not oppose limited stay relief with
respect to the Commonwealth Defendants. (Id. ¶ 7 n.6.) In a subsequent submission following
further Court-ordered communications with Movant, the Commonwealth states that it will not
oppose (i) allowing the Litigation to proceed to judgment against the Commonwealth Defendants
and the Private Defendants, and (ii) execution and enforcement of non-monetary relief at no
expense to the Commonwealth or any other Title III Debtor. (*Informative Motion of the
Commonwealth of Puerto Rico in Compliance with Order Regarding Hiram Perez-Soto's Motion
for Relief from Automatic Stay* (Docket Entry No. 8478, the "Informative Motion") ¶¶ 5, 6.) As
noted above, the Commonwealth asserts no objection to execution and enforcement of relief as
against the Private Defendants, although it does object to the implementation, enforcement

and/or execution of any relief that would entail the disbursement of funds belonging to the Commonwealth or any other Title III Debtor. In his *Motion Informing the Court* (Docket Entry No. 8495, the "Informative Response") filed in response to the Informative Motion, Movant indicates his consent to the Commonwealth's proposal that the automatic stay remain applicable to the execution and enforcement of any monetary judgment against the Commonwealth Defendants. (Id. ¶ 2.) Movant's stance concerning applicability of the automatic stay to his claims for injunctive and declaratory relief, however, conflicts slightly with the Commonwealth's position with respect to that issue, in that Movant maintains that his claims for non-monetary relief are categorically immune from the stay even where imposition of such relief "could entail some incidental costs" to the Commonwealth. (Id. ¶ 3.)

The Court has considered carefully all of the parties' submissions.[7] For the following reasons, the Court finds that Section 362(b)(4) of the Bankruptcy Code does not exempt the Litigation from the automatic stay, and grants the Motion to the extent set forth below with respect to Movant's claims against the Commonwealth Defendants and the implementation, enforcement, and/or execution of non-monetary relief. No argument having been raised by the Commonwealth concerning Movant's pursuit of his claims against the Private Defendants, Movant's claims against those Defendants are not restricted by the automatic stay except insofar as any relief granted against them entails the disbursement of funds belonging to the Commonwealth or any other Title III Debtor.

---

[7]     The Court has reviewed the Motion; the *Motion Answering Urgent Consented Motion for Extension of Deadlines* (Docket Entry No. 8090); the Objection; the *Motion Complying with the Order of the Honorable Court Stating Our Position of Inapplicability of the Automatic Stay* (Docket Entry No. 8317); the Informative Motion; and the Informative Response.

## DISCUSSION

Section 362(a)(1) of the Bankruptcy Code imposes an automatic stay on "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C.A. § 362(a)(1) (West 2015). Under Section 362(a)(3), an automatic stay also applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" Id. § 362(a)(3). Section 922(a) of the Bankruptcy Code supplements Section 362 by providing that a Title III petition operates as a stay of proceedings "against an officer or inhabitant of the debtor that seek[] to enforce a claim against the debtor." 11 U.S.C.A. § 922(a)(1) (West 2016); see also Docket Entry No. 543 (confirming that "the protections of Bankruptcy Code [S]ection 922(a)(1) with respect to officers and inhabitants of the [Title III] [d]ebtors . . . apply in all respects to the [d]ebtors' officers in both their official and personal capacities with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the [d]ebtors").

As an initial matter, the Court is unpersuaded by Movant's contention that the Litigation is exempted from the automatic stay by Section 362(b)(4) of the Bankruptcy Code as an action "by a governmental unit" to which the automatic stay does not apply. (See Motion ¶ 5.) Section 362(b)(4) provides that the filing of a Title III petition does not operate as a stay "of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power[.]" 11 U.S.C.A. § 362(b)(4) (West 2015). The Bankruptcy Code defines "governmental unit" to mean

"United States; State; Commonwealth; District; Territory; municipality; foreign state;

department, agency, or instrumentality of the United States . . . , a State, a Commonwealth, a

District, a Territory, a municipality, or a foreign state; or other foreign or domestic government."

Id. § 101(27). Because Movant is a private individual seeking damages and other relief in the

Litigation on his own behalf, Section 362(b)(4) is plainly inapplicable to his claims. (See Docket

Entry No. 1765 at 3-4 (finding Section 362(b)(4) "inapplicable on its face" to litigation

commenced by a private entity); accord Docket Entry No. 1234 (denying relief from automatic

stay in § 1983 action against Commonwealth officials).) The Court must determine, then,

whether an order lifting the automatic stay of the Litigation is warranted.

Section 362(d)(1) of the Bankruptcy Code permits a court to grant relief from the

automatic stay "for cause." 11 U.S.C. § 362(d)(1) (West 2015). In evaluating whether cause

exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by

the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d

1280, 1286 (2d Cir. 1990). See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-

Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax).

In light of the Commonwealth's decision to refrain from objecting to stay relief

that will permit Movant to pursue his primary goals in the Litigation (see Informative Motion ¶¶

5, 6), and Movant's own indication that he is willing to refrain from seeking monetary relief

against the Commonwealth Defendants (see Informative Response ¶ 2), it is unnecessary for the

Court to address the parties' arguments regarding the Sonnax factors at this juncture. Based on

the parties' submissions, the Court hereby grants the following relief from the automatic stay:

(i)     Movant may pursue through entry of judgment his claims against the

Commonwealth Defendants; and

(ii)   Movant may pursue execution and enforcement of any non-monetary

relief sought by Movant in the Litigation that does not entail the

disbursement of funds belonging to the Commonwealth or any other Title

III Debtor for the implementation, enforcement, and/or execution of such

non-monetary relief.  Notwithstanding the foregoing, payment by the

Commonwealth or another Title III Debtor of any de minimis incidental

costs associated with the implementation, enforcement, and/or execution

of non-monetary relief shall not be considered "the disbursement of funds"

for purposes of this Memorandum Order.  Should Movant seek the

implementation, enforcement, and/or execution of non-monetary relief

that the Commonwealth believes would require a disbursement of funds of

the Commonwealth or another Title III Debtor, the Commonwealth shall

serve promptly upon Movant written notice (a "Notice") identifying the

non-monetary relief and providing a brief summary of its position.  The

Notice shall include a certification that the Commonwealth believes in

good faith that implementation, enforcement, and/or execution of the non-

monetary relief in question will in fact require the disbursement of funds

belonging to the Commonwealth or any other Title III Debtor.  In the

event that the Commonwealth sends Movant a Notice, Movant and the

Commonwealth must confer in good faith to seek to resolve the issue and,

failing a consensual resolution, Movant may file a motion for further relief

from the automatic stay in accordance with the Case Management

Procedures.

CONCLUSION

For the foregoing reasons, the Litigation is not exempted from the automatic stay by Section 362(b)(4) of the Bankruptcy Code, and the Motion is granted in part with respect to the Commonwealth Defendants as set forth above and denied as to those Defendants in all other respects. There being no proffer of any basis for a finding that the automatic stay applies to Movant's claims against the Private Defendants, no relief is necessary as to those Defendants and the automatic stay does not restrict the Litigation as against the Private Defendants except insofar as the implementation, enforcement, and/or execution of relief against any such Defendant would entail the disbursement of funds belonging to the Commonwealth or any other Title III Debtor.

This Memorandum Order resolves Docket Entry No. 7776.


SO ORDERED.

Dated: August 22, 2019

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

        Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

------------------------------------------------------------x

ORDER TERMINATING MOTION FOR RELIEF FROM THE AUTOMATIC STAY FOR FAILURE TO COMPLY
WITH THE MEET AND CONFER PROVISION OF THE CASE MANAGEMENT ORDER

        Before the Court is the motion of Hiram Perez Soto for relief from the automatic

stay.  (Docket entry no. 8731.)  The motion is not accompanied by a certification, as required by

Paragraph III.R of the operative Case Management Order, "that the movant has met and

conferred with the Debtors regarding the requested relief."  Accordingly, the motion is

terminated without prejudice to renewal following the required meet-and-confer process.

Paragraph III.R reads in pertinent part as follows:

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case
number and the last four (4) digits of each Debtor's federal tax identification number, as
applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-
LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing
Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of
Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority
("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:
3808); (iv) Employees Retirement System of the Government of the Commonwealth of
Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS); and (v) Puerto Rico
Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last
Four Digits of Federal Tax ID: 3747). (Last Four Digits of Federal Tax ID: 9686).  (Title
III case numbers are listed as Bankruptcy Case numbers due to software limitations).

 Gmail

**Jose Prieto <gosmarketingpr@gmail.com>**

---

**motion**

---

**General Office Supplies** <gosmarketingpr@gmail.com>                            24 de septiembre de 2019, 09:58
Para: wburgos@justicia.pr.gov

I filed a motion in case 17bk3283.  I oppose a motion applying the automatic stay filed by attorney Masscheder Tores.  Judge Garcia ordered the stay in case 19 cv 1774, I complied with the case management procedure.  i filed a motion notified to attorneys of the oversight board and attorneys of AAFAF.  I need to know your position in the same order to stay granted in case 19-1266 is applicable in case 19cv1776.  The order was granted in August 22,2019 docket entruy 7776.  Respectfuly.

Hiram Perez-Soto

      Responder       Reenviar

 Gmail

**Jose Prieto <gosmarketingpr@gmail.com>**

## Motion

1 mensaje

**General Office Supplies** <gosmarketingpr@gmail.com>
Para: wburgos@justicia.pr.gov

24 de septiembre de 2019, 09:49

The two cases are 19cv 1266 were the order was lifted.  The case in controversy is 19cv1774.

Hiram Perez-Soto

 Gmail

**Jose Prieto <gosmarketingpr@gmail.com>**

---

## Motion
1 mensaje

---

**General Office Supplies** <gosmarketingpr@gmail.com>                    24 de septiembre de 2019, 09:55
Para: cveleaz@mpmlawpr.com

I send a motion filed 9/19/19 doc 8731 complying with the case management procedure casa 17 bk 3283.  The order to
lift the stay made in case 19 cv 1266 dated on August 33 2019 docket entry 7776 is perfectly applicable to the case 19 cv
1774.  Judge Garcia is wilin to consolidate both cases under rule 42 federal civil procedure if Judge Vargas approve it.  I
nee you to express your position so the honorable Judge Swain can decide.

Respectfully

Hiram Perez - Soto

 Gmail

**Jose Prieto <gosmarketingpr@gmail.com>**

---

## Motion
1 mensaje

---

**General Office Supplies** <gosmarketingpr@gmail.com>                          24 de septiembre de 2019, 09:38
Para: hermann.bauer@oneillborges.com

I need to receive your position to our motion I file according to the case management procedure case 17 bk 3283. The motion was filed 9-19-19 doc 8731. The order lifting the stay in case 19 cv12 66 on August 22 2019 docket entry 7776 is perfectly applicable to case 19 cv 1774. Judge Garcia is willing to consolidate under rule 42 civil procedure subject to judge Vargas approval. The tow cases are 19cv 1266., 19cv 1774.
Please reply promptly respectfully.