## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO
RICO,

as representative of

THE COMMONWEALTH OF PUERTO
RICO, *et. al.*,

DEBTORS.[1]

PROMESA

Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

**EVIDENTIARY HEARING
REQUESTED**

## REPLY OF DUFF & PHELPS LLC
## TO FEE EXAMINER'S LIMITED OBJECTION (DOC. NO. 8862) TO AMENDED
## FIRST INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND
## REIMBURSEMENT OF EXPENSES
## FOR PERIOD NOVEMBER 1, 2018 THROUGH JANUARY 31, 2019

Duff & Phelps LLC ("D&P") replies to the Fee Examiner's ("Examiner") limited

objection ("Objection") (Doc. No. 8862) to D&P's amended application for allowance of

compensation and reimbursement of expenses ("Application") as independent forensic

professional to the Financial Oversight and Management Board for Puerto Rico ("FOMB") dated

August 9, 2019 (Doc. No. 8450), as follows:

---

[1]     The Debtors in these title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

DOC ID - 32878166.1

<u>Examiner's Preliminary Statement</u>

1.      Denies each and every allegation set forth in the first unnumbered paragraph entitled "Preliminary Statement", except admits that the Examiner objects to the Application.

<u>Examiner's Background Section</u>

2.      Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 1, 2, 3, and 10 of the Background Statement.

3.      Denies knowledge or information as to each and every allegation set forth in paragraph 4 of the Background Statement, but admits D&P's understanding of the applicable law.

4.      Admits the allegations contained in paragraphs 5 and 6 of the Background Statement, and refers the court to the D&P Engagement Letter,[2] as amended.

5.      Denies each and every allegation set forth in paragraph 7 of the Background Statement, except (a) refers the court to the December 11, 2018 amendment to the Engagement Letter for the substance of the parties' agreement and (b) admits that the Examiner never reviewed D&P's fees and expenses allowed and paid by the FOMB prior to November 1, 2018.

6.      Admits the allegations contained in paragraphs 8, 9, 13, 14 and 16 of the Background Statement.

7.      Denies each and every allegation set forth in paragraph 11 of the Background Statement, except refers the court to the Application itself for the substance thereof.

---

[2] D&P will use the defined terms in the Objection.  Here, the Engagement Letter refers to the January 31, 2018 engagement letter between the FOMB and D&P, as amended on March 31, August 16 and December 11, 2018, copies of which are attached to the ISAT Report referred to in the Objection and attached to the accompanying Stadler Decl, Exh.

8.     Denies each and every allegation set forth in paragraph 12 of the Background Statement, except denies knowledge or information sufficient to form a belief as to what other professionals in this case have billed for "travel time."

9.     Denies each and every allegation set forth in paragraph 15 of the Background Statement, except admits having filed the Application on August 13, 2019 (Doc. No. 8450).

10.    Declines to respond to paragraphs 17 through 23 of the Background Statement which set forth legal conclusions.

### Examiner's Limited Objection

11.    Denies each and every allegation set forth in paragraph 1 of the "Limited Objection," except admits having engaged in good-faith negotiations with the Examiner for more than three months and having made substantive concessions during the course of those negotiations.

12.    Denies each and every allegation set forth in paragraph 2 of the Limited Objection.

13.    Denies each and every allegation set forth in paragraph 3 of the Limited Objection, except avers that (a) the disputed fees are supported by time records attached to the Application and that (b) all D&P travel time charges were not only reduced across the board by about 44.6% from D&P's customary hourly rates, but were also limited to six hours regardless of the actual travel time.

14.    Denies each and every allegation set forth in the "Conclusion" of the Limited Objection, except admits that the FOMB approved D&P's reasonable, necessary fees and expenses at all relevant times.

## AFFIRMATIVE DEFENSES

### Laches; Waiver

15.     The Examiner admittedly failed to review D&P's detailed billing statements and expense reports approved by the FOMB between January, 2018 and November 1, 2018 (the "Pre-Application Period"), despite having been furnished with copies of all such billing statements and a concise summary of those statements.

16.     In fact, the FOMB knowingly reviewed and approved full payment of all of these D&P statements, paid D&P for all of these services and reimbursed all of D&P's expenses during the Pre-Application Period.

17.     Knowing all of D&P's fees and expenses when approving D&P's services and expenses, the FOMB never objected to any of D&P's fees and expenses incurred during the Pre-Application Period and during the period from November 1, 2018 through January 31, 2019 (the "Application Period").

18.     The Examiner had no first-hand knowledge of D&P's services and no knowledge of what the FOMB had approved, requiring the court to (a) reject the Examiner's second-guessing and misreading of the Engagement Letter and (b) schedule an evidentiary hearing to hear the facts.

### The Equities

19.     The Objection fails to acknowledge that D&P discounted its customary hourly rates for this engagement by an average across-the-board rate of 44.6%.

20.     The Objection fails to acknowledge that the FOMB reviewed and approved each and every fee statement and expense report submitted by D&P during the Pre-Application Period and thereafter.

21.     The Objection fails to acknowledge that D&P limited any travel time it charged to six hours despite having already reduced its customary hourly rates by an average of 44.6%.

22.     The Objection fails to acknowledge that much of the travel time D&P billed to the FOMB was spent by D&P professionals working on substantive matters for the FOMB, as they will testify.

23.     The Objection fails to acknowledge that D&P charged for its travel time at its discounted rate of 44.6 % during the pre-Application period with the knowledge, approval and consent of the FOMB, as D&P's billing statements for that period conclusively show.

24.     The Objection fails to acknowledge that the blended average hourly rate for D&P's professionals on this engagement was $437.56, well below the hourly rates charged by other professionals in this case.

D&P's Contract with the FOMB

25.     The third amendment to the Engagement Letter, dated December 11, 2018, explicitly stated that the FOMB agreed to increase and "supplement" D&P's weekly fees by $50,000 for additional work, commencing on November 5, 2018.

26.     Specifically, the December 11, 2018 amendment to the Engagement Letter required D&P to "supplement, but not replace, those enumerated responsibilities D&P currently ha[d] under the Scope of Services." (Emphasis added).

27.     The FOMB explicitly approved "D&P's estimate of its incremental fees for its services … [at] $50,000.00 per week effective the week beginning November 5, 2018 through the Deadline …[February 4, 2019 amended to March 12, 2019.]" (Emphasis added).

28.     The D&P Report, dated March 12, 2019, reviewed and approved by the FOMB, confirmed D&P's additional responsibilities and additional fees, specifically citing the amendment to the Engagement Letter for D&P's additional responsibilities, including the role of "Project Manager"; the Report further confirmed the "modification of D&P's fee estimate to take into account incremental responsibilities." D&P Report, at 8.

29.     As D&P's bills for the Pre-Application Period showed, D&P had previously billed the FOMB at the rate of at least $51,986 per week in September 2018 and $86,413 per week in October, 2018; during the Application Period, D&P billed the FOMB at the weekly rate of $56,795 in November, $80,289 in December, 2018, and $157,388 during January, 2019, but all fees were still within the fee budget approved by the FOMB.

30.     D&P performed its services and incurred substantial expenses in reliance on its agreement with the FOMB which approved all of D&P's fees and expenses.

31.     The FOMB, by its conduct, acknowledged the reasonableness and necessity of D&P's services, having repeatedly increased the scope of those services during the pre-Application period.

32.     D&P performed all of the services requested by the FOMB on time and within the FOMB's budget.

33.     The Court should schedule an evidentiary hearing to the extent necessary to resolve any disputed facts.

34.     D&P's work, its heavily discounted rates and its timely work product cannot be disputed, making D&P's fees and expenses reasonable and necessary.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico on October 22, 2019.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send electronic notification of such filing

to all counsel of record.

**ANTONETTI MONTALVO & RAMIREZ COLL**
*Attorneys for Duff & Phelps, LLC*
P.O. Box 13128
San Juan, PR 00908
Tel: (787) 977-0303
Fax: (787) 977-0323

**s/ Jose L. Ramirez-Coll**
JOSE L. RAMIREZ-COLL
USDC-PR No. 221702
jramirez@amrclaw.com

**SCHULTE ROTH & ZABEL LLP**
*Attorneys for Duff & Phelps, LLC*
919 Third Avenue
New York, New York 10022
Tel: (212) 756-2150
Fax: (212) 593-5955

**s/ Michael L. Cook**
MICHAEL L. COOK*
michael.cook@srz.com

**pro hac vice* application pending