# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 03283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE COMMONWEALTH OF PUERTO RICO ("ERS"),<br><br>        Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 03566-LTS |

**OBJECTION OF UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO TO THE URGENT JOINT MOTION TO MODIFY ORDER REGARDING STAY AND MANDATORY MEDIATION WITH RESPECT TO CERTAIN ISSUES RAISED IN CERTAIN CONTESTED MATTERS AND ADVERSARY PROCEEDINGS RELATED TO THE BONDS ISSUED BY THE EMPLOYEES RETIREMENT SYSTEM OF THE <u>GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-05523 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

UBS Financial Services Incorporated of Puerto Rico ("UBS Financial"), by and through its undersigned counsel, hereby files this limited objection and reservation of rights ("Objection") to the *Urgent Joint Motion to Modify Order Regarding Stay and Mandatory Mediation With Respect to Certain Issues Raised in Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* (Dkt. No. 8899, the "Scheduling Motion"). In support of this Objection, UBS Financial states as follows:

## OBJECTION

1. On Friday, October 18, 2019, the Official Committee of Unsecured Creditors (the "UCC"), the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retirees Committee"), the Financial Oversight and Management Board for Puerto Rico (the "FOMB"), the Special Claims Committee of the FOMB (the "SCC"), the Puerto Rico Fiscal Agency and Financial Advisory Authority, certain groups of ERS bondholders represented by Jones Day and White & Case LLP, and the Bank of New York Mellon, as fiscal agent for the ERS bonds (collectively, the "Scheduling Motion Parties") filed the Scheduling Motion. The Scheduling Motion requests approval, without a hearing or objection period, of a schedule that sets deadlines for responses, discovery, and briefing with respect to (1) the *ultra vires* (the "Ultra Vires Issue," as defined in the Scheduling Motion) challenge to the enforceability of the ERS bonds raised in the omnibus objections to claims arising from the ERS bonds filed by (a) the UCC,[2] (b) the Retirees Committee[3] and (c) certain adversary

---

[2] *See Omnibus Objection of Official Committee of Unsecured Creditors to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico* (Dkt. No. 5580); *Objection of Official Committee of Unsecured Creditors to Claims Asserted by Oaktree Funds That Hold Bonds Issued by Employees Retirement System of Government of Puerto Rico* (Dkt. No. 5586, collectively, the "UCC Objections").

2

proceedings seeking avoidance of principal and interest paid on account of the ERS bonds,[4] and (2) the scope of the liens securing the ERS bonds, which is at issue in certain other adversary proceedings and contested matters.[5] *See* Scheduling Motion ¶ 5. This Court established October 22, 2019, as the objection deadline for the Scheduling Motion. *See* Dkt. No. 8903.

2. The Scheduling Motion resulted from extensive negotiations in which UBS Financial was not invited to participate. This is unfair because UBS Financial also has interests at stake in the Ultra Vires Issue challenge to the ERS bonds that are not addressed by the schedule proposed by the Scheduling Motion Parties. Accordingly, UBS Financial does not consider the Scheduling Motion to reflect a "consensual" agreement – UBS Financial was given no opportunity to participate in the adoption of this proposed schedule.

3. UBS Financial has an important interest at stake because it is currently a defendant in two separate lawsuits arising out of its role as underwriter for three offerings of ERS bonds. Specifically, UBS Financial is currently a defendant in the adversary proceeding pending before this Court as case number 19-00280 (the "Underwriter Adversary Proceeding"), in which the complaint (the "Adversary Complaint") specifically includes counts seeking recovery from underwriters and other parties involved in the issuance of ERS bonds, including UBS Financial. *See* Adversary Complaint ¶¶ 482-547. Additionally, and as further outlined in

---

*(cont'd from previous page)*

[3] *See Omnibus Objection of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of ERS Bonds Against ERS and the Commonwealth* (Dkt. No. 6482, the "Retiree Objection" and, together with the UCC Objections, the "ERS Bond Objections").

[4] The Scheduling Motion seeks to lift the global stay order entered by this Court (Dkt. No. 8244, the "Global Stay Order") as it applies to count 1 of the complaints filed in the adversary proceedings currently pending before this Court as cases 19-00355, 19-00356, 19-00357, 19-00358, 19-00359, 19-00360 and 19-00361 (collectively, the "ERS Bond Avoidance Actions").

[5] Specifically, the scope of the ERS bond liens is at issue in the Retiree Objection, an omnibus objection filed by the FOMB (Dkt. No. 7075), and the adversary proceedings currently pending before this Court as cases 19-00366 and 19-00367.

3

its recently filed motion to lift the automatic stay (Dkt. No. 8823, the "Stay Relief Motion"), UBS Financial has been sued by the ERS in a proceeding pending in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part (the "Commonwealth Court"), in which the ERS similarly seeks damages from UBS Financial based on alleged breaches of duties arising from its role as an underwriter of the offerings of the ERS bonds. *See* Stay Relief Motion ¶¶ 11-15. In the action in the Commonwealth Court, the ERS specifically alleges that the ERS bonds were issued in an *ultra vires* manner and blames UBS Financial for that purported problem. In the Stay Relief Motion, UBS Financial seeks leave to file a counterclaim asserting breaches of representations and warranties in the underwriting agreement in which the ERS represented to the underwriters that the ERS bonds were legally authorized under Puerto Rico law.

    4.  Prior to the filing of the Scheduling Motion, on October 7, 2019, this Court entered its order affording parties in interest, such as UBS Financial, 40 days to file a notice of participation indicating their intent to participate in the resolution of certain issues raised in the ERS Bond Objections and the ERS Bond Avoidance Actions, including the Ultra Vires Issue (Dkt. No. 8818, the "ERS Bond Objections Procedures"). As a party in interest, UBS Financial intends to file a notice of participation in accordance with the ERS Bond Objections Procedures.

    5.  On Monday, October 21, 2019, counsel for UBS Financial, the FOMB, and the SCC met and conferred on several subjects, including the Scheduling Motion and the Stay Relief Motion. Previously, counsel for these parties had also met and conferred on the Stay Relief Motion. While no resolution has been reached to date, the parties continue to discuss proposals and are hopeful that a consensual resolution is near with respect to the issues raised in

the Scheduling Motion, the Stay Relief Motion, and this Objection. At present, these parties have agreed to adjourn the Stay Relief Motion from the Court's October 30, 2019 omnibus hearing agenda to give the parties additional time to reach a consensual resolution. However, because of the expedited deadline to object to the Scheduling Motion, UBS Financial has no choice but to go forward with this Objection in order to preserve its rights.

6. UBS Financial believes it will be efficient for all interested parties, including UBS Financial, to litigate the Ultra Vires Issue in a coordinated manner. But that means that UBS Financial must also be given an opportunity to fully and fairly participate in the litigation of this key issue. As currently drafted, the Scheduling Motion contemplates that the Ultra Vires Issue will be addressed through the ERS Bond Objections Procedures without meaningful participation by UBS Financial. For example, the Scheduling Motion contemplates "Participants," such as UBS Financial, will be relegated to filing a "joinder[] in the motions for summary judgment on the Ultra Vires Issues." Scheduling Motion ¶ 6.

7. UBS Financial requests an opportunity to meaningfully participate in the resolution of the Ultra Vires Issue, including substantive briefing and, if appropriate, discovery. In light of UBS Financial's role as underwriter for several ERS bond issuances, it would almost certainly be the subject of discovery requests on the Ultra Vires Issue. The Scheduling Motion Parties cannot reasonably seek discovery from UBS Financial while denying UBS Financial equal rights to serve discovery to support its positions.

8. UBS Financial has substantial interests at stake. In the Commonwealth Court, the ERS contends that its claims against UBS Financial *exceed $800 million*. Because the outcome of the Ultra Vires Issue will have both direct and indirect effects on UBS Financial's defense of the ERS action in the Commonwealth Court and the Underwriter Adversary

5

Proceeding, the Court should give UBS Financial meaningful participation rights in the adjudication of the Ultra Vires Issue. *See Order Granting Limited Intervention in Connection With the Financing Motion*, No. 17-03283 (LTS) (D.P.R. Feb. 9, 2018) [Dkt. No. 2449] (authorizing limited intervention by accepting "substantive briefs" of parties and allowing their participation in evidentiary hearing); *Unofficial Comm. of Zero Coupon Noteholders v. Grand Union Co.*, 179 B.R. 56, 59 (D. Del. 1995) (finding parties with "practical stake in the outcome" of bankruptcy proceedings entitled to "to appear, raise [their] issues and have an opportunity to be heard on them" because "[w]hile that opportunity may add some time and expense to the litigation, it insures our courts are accessible to parties in interest who deserve an opportunity to appear and speak before the court grants relief").

9. Furthermore, allowing UBS to meaningfully participate in the Ultra Vires Issue will promote judicial efficiency and conserve estate resources, as the issue will only need to be litigated once. *See Lopez & Medina Corp. v. Marsh USA, Inc.*, No. 05-1595 (PG), 2009 WL 8633205, at *6 (D.P.R. Sept. 22, 2009) (stating that issue preclusion "preclude[s] parties from contesting matters *that they have had a full and fair opportunity to litigate*" (emphasis added) (citation omitted)); *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971) ("[T]he requirement of determining whether the party against whom an estoppel is asserted had a full and fair opportunity to litigate is a most significant safeguard."); 18 MOORE'S FEDERAL PRACTICE - CIVIL § 132.04[1][a][ii] (2019) ("The doctrine of issue preclusion…does not apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate the claim."). As proposed, these procedures do not afford UBS Financial a 'full and fair opportunity' to litigate the Ultra Vires Issue, and thus issue preclusion would likely not apply to bar relitigation of the issue by UBS Financial in the

6

future.  Regardless, from a practical standpoint, this Court's resolution of the Ultra Vires Issue will inevitably have significant persuasive effect in other litigations where the issue is in play.  Thus, UBS Financial should be afforded a *real* opportunity to participate.

10. In their joint motion seeking entry of the ERS Bond Objection Procedures (Dkt. No. 8761, the "Procedures Motion"), the Scheduling Motion Parties specifically represented that the ERS Bond Objections Procedures would enable these issues to "be resolved through a litigation process in which *all the interested parties will be able to participate and have their voices heard.*"  Procedures Motion ¶ 8 (emphasis added).  As presently proposed, the Scheduling Motion and accompanying proposed order do not allow UBS Financial's voice to be heard on the Ultra Vires Issue, and render any right of participation that the ERS Bond Objections Procedures afford UBS Financial completely illusory.  UBS Financial – and the substantial claims against it that hinge on resolution of the Ultra Vires Issue – will be relegated to a short, form, and non-substantive joinder.

11. Therefore, UBS Financial respectfully requests that this Court (i) deny the Scheduling Motion to the extent it denies UBS Financial meaningful participation rights in the litigation of the Ultra Vires Issue and (ii) grant the proposed order, attached hereto as Exhibit 1, carving-out UBS Financial from the Scheduling Motion and any related order and scheduling a hearing on this Objection at the December 11, 2019 omnibus hearing if UBS Financial and the Scheduling Motion Parties are unable to consensually resolve this Objection.

## RESERVATION OF RIGHTS

12. UBS Financial reserves the right to supplement or amend this Objection, including without limitation to seek meaningful participation rights in the ERS Bond Objections Procedures for issues other than *ultra vires*.  Furthermore, UBS Financial reserves

all rights with respect to all other matters in the Debtors' cases, including but not limited to all rights, defenses, responses, and objections where UBS Financial is a party in interest, including, but not limited to, the Underwriter Adversary Proceeding.

Respectfully Submitted:

In San Juan, Puerto Rico, this 22nd day of October, 2019.

| | |
|---|---|
| OF COUNSEL: | McCONNELL VALDÉS LLC |
| | 270 Muñoz Rivera Ave. |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Hato Rey, Puerto Rico 00918 |
| | Tel.: (787) 250-2631 |
| Paul J. Lockwood (*admitted pro hac vice*) | Fax: (787) 759-9225 |
| One Rodney Square | |
| P.O. Box 636 | By: */s/ Roberto C. Quiñones-Rivera* |
| Wilmington, Delaware 19899 | Roberto C. Quiñones-Rivera, Esq. |
| Tel.: (302) 651-3000 | USDC-PR Bar No. 211512 |
| Fax: (302) 651-3001 | rcq@mcvpr.com |
| | |
| | *Counsel for UBS Financial Services Incorporated of Puerto Rico* |

8

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 03283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE COMMONWEALTH OF PUERTO RICO ("ERS"),<br><br>        Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 03566-LTS |

**[PROPOSED] ORDER PRESERVING THE OBJECTION OF UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO TO THE URGENT JOINT MOTION TO MODIFY ORDER REGARDING STAY AND MANDATORY MEDIATION WITH RESPECT TO CERTAIN ISSUES RAISED IN CERTAIN CONTESTED MATTERS AND ADVERSARY PROCEEDINGS RELATED TO THE BONDS ISSUED BY THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE <u>COMMONWEALTH OF PUERTO RICO</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-05523 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

Upon consideration of the *Urgent Joint Motion to Modify Order Regarding Stay and Mandatory Mediation With Respect to Certain Issues Raised in Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* (Dkt. No. 8899, the "Scheduling Motion")[2] and the *Objection of UBS Financial Services of Puerto Rico to the Urgent Joint Motion to Modify Order Regarding Stay and Mandatory Mediation With Respect to Certain Issues Raised in Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* (the "Objection"), the Court hereby finds and determines that (i) the Court has jurisdiction to consider the Scheduling Motion, the Objection, and the relief requested therein pursuant to sections 306(a) and 310 of PROMESA and venue is proper before this Court pursuant to section 307(a) of PROMESA; (ii) notice of the Scheduling Motion and the Objection was proper and sufficient; (iii) UBS Financial's interests may be directly affected by the Court's determination of the Ultra Vires Issue; and (iv) UBS Financial and the Scheduling Motion Parties continue to work towards a consensual resolution of the Scheduling Motion and the Objection but have yet to reach agreement.

Accordingly, it is hereby **ORDERED** that:

1. UBS Financial is carved-out of the Scheduling Motion and any order of this Court on the Scheduling Motion.

2. The above carve-out is subject to the Scheduling Motion Parties and UBS Financial's ongoing, good faith communications with respect to reaching a consensual agreement

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Scheduling Motion or the Objection.

2

as to the scope and timing of UBS Financial's participation in the Ultra Vires Issue.

3. If no resolution is reached, the Court will hear UBS Financial's Objection at the December 11, 2019 omnibus hearing.

4. UBS Financial will have the opportunity to supplement its Objection, including, but not limited to, the filing of a competing scheduling and participation order.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. UBS Financial and the Scheduling Motion Parties reserve all other rights.

7. The Court shall retain jurisdiction to resolve any dispute arising from or related to this Order.

Dated: _____, 2019

_____
Honorable Laura Taylor Swain
United States District Judge