UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**DEBTORS' REPLY IN SUPPORT OF THEIR MOTION FOR ENTRY OF AN ORDER
(A) AUTHORIZING ADMINISTRATIVE RECONCILIATION OF CERTAIN CLAIMS,
(B) APPROVING ADDITIONAL FORM OF NOTICE,
AND (C) GRANTING RELATED RELIEF**

**To the Honorable United States District Judge Laura Taylor Swain**:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, ERS, HTA, and PREPA, the "Debtors," and each individually, a "Debtor"), by

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submit this reply (the "Reply"), in support of their *Motion for Entry of an Order (A) Authorizing Administrative Reconciliation of Certain Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* (the "Motion"),[3] to clarify components based upon inquiries received and in response to the *Limited Objection of Official Committee of Unsecured Creditors to Debtors' Motion for Entry of an Order (A) Authorizing Administrative Reconciliation of Certain Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 8893] (the "Limited Objection"), filed by the Official Committee of Unsecured Creditors ("UCC"):

## ARGUMENT

1. The UCC, which notes that it is "generally supportive of streamlining the claims resolution process through the use of existing administrative processes," proposes only one change to the Administrative Reconciliation Procedures proposed by the Motion. Limited Objection at 2. Specifically, the UCC requests the addition of a "safety valve" provision permitting certain creditors whose claims either (1) remain pending beyond the timeframes set in the Administrative Reconciliation Procedures, or (2) whose claim, once a determination has been reached as to validity or amount, has not been paid within a certain timeframe, to seek "relief regarding allowance and/or payment" from this Court. *Id.* at 2. Because the "safety valve" the UCC proposes

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] For purposes of this Motion only, and because the Puerto Rico Sales Tax Financing Corporation ("COFINA") has already reconciled substantially all of its proofs of claim, COFINA is not included among the Debtors seeking relief herein. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

would undermine one of the key benefits of the Administrative Reconciliation Procedures, the Debtors respectfully request that the UCC's Limited Objection be overruled.

2. As an initial matter, following certain informal comments received, the Debtors note that they have made certain modifications to the proposed Administrative Reconciliation Procedures (the "Revised Administrative Reconciliation Procedures")[4] that will, *inter alia*, increase the timeframes for resolution of claims submitted to Administrative Reconciliation, and will specifically provide that, to the extent local law or regulation provides for a longer timeframe to resolve a claimant's claim, the longer timeframe will apply. These changes will ensure that claimants' due process rights under Puerto Rico law are protected throughout the Administrative Reconciliation process.

3. Further modifying the Revised Administrative Reconciliation Procedures to accommodate the UCC's proposal, however, is not warranted. As the Debtors have explained both in their Motion and in the *Supplemental Brief of the Debtors in Support of the Motion for Entry of an Order (A) Authorizing Administrative Reconciliation of Certain Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 8876] (the "Supplemental Brief"), Administrative Reconciliation will promote the efficient administration of the Title III cases because it will obviate the need for this Court to duplicate the work currently handled by the scores of Commonwealth employees dedicated to the resolution of administrative employee claims. The UCC's proposed modification would vitiate that purpose. If claimants are permitted to opt out of Administrative Reconciliation, this Court would be required to undertake the burdensome task of evaluating and resolving an undetermined number of Pension/Retiree Claims,

---

[4] Clean and blacklined versions of the Revised Administrative Reconciliation Procedures are attached hereto as Exhibit A.

Tax Refund Claims, Public Employee Claims, and Grievance Claims—even though the machinery at the Commonwealth to efficiently process those claims is already in place. The UCC's proposed modification, then, would result in the duplication of efforts that the Motion seeks to avoid.

4. To justify its proposed "safety valve," the UCC notes that certain factors assessed when determining whether abstention is appropriate "militate *against* abstention here." Limited Objection at 4 (emphasis original). That is incorrect. The factors to which the UCC points—the relatedness of the proceeding to the main bankruptcy case, the likelihood that commencement of the bankruptcy proceeding amounted to forum shopping, or whether the claims at issue involve parties other than the Debtors and the claimants—are either neutral or weigh in favor of implementing the Administrative Reconciliation process. The first of these factors, the relatedness of the proceeding to the main bankruptcy case, strongly favors Administrative Reconciliation. The claims that will be subject to Administrative Reconciliation arise out of existing disputes between the Debtors and either taxpayers or current or former public employees. They have no bearing on the other issues in the Debtors' Title III cases, and are simply asserted liabilities of the Debtors that are "subject to liquidation either here or in state court." *In re Calvary Baptist Temple*, 2010 WL 6794159, at *4 (Bankr. S.D. Ga. Aug. 26, 2010). The second factor—whether the Debtors commenced their Title III cases for the purpose of forum shopping—does not apply, because PROMESA dictates where a Title III case may be filed. PROMESA § 307. Even if it did apply, this factor plainly weighs in favor of abstention here. *See In re OMNA Medical Partners, Inc.*, 257 B.R. 666, 669 (Bankr. D. Del. 2000) (finding that abstention was warranted in part because "[t]he filing of the adversary proceeding was not an attempt to forum shop by the Debtor."). And, the final factor—whether the interests of third parties besides the Debtors and the claimants are at stake—is at best neutral, because it is impossible to determine at this time, before any claims have

even been submitted to Administrative Reconciliation, whether any third parties' interests will be impacted.

5. Moreover, the Revised Administrative Reconciliation Procedures already address the UCC's concerns about potential delays in resolving claims submitted to Administrative Reconciliation because they contain methods by which the Court and the Debtors can monitor the progress of the claims. Pursuant to the Revised Administrative Reconciliation Procedures, the Court will receive regular reports, every sixty (60) days, detailing the status of each claim submitted to Administrative Reconciliation. The claims will also remain marked as "Subject to Administrative Reconciliation" on the Title III Claims Registry, further facilitating the Court's ability to monitor these claim. With these tools in place, the Court, the Debtors, and other parties in interest will have the information they need to assess the effectiveness of the Administrative Reconciliation process and to ensure the speedy, efficient, and fair adjudication of the claims subject thereto.

6. Lastly, and for the avoidance of doubt, the Revised Administrative Reconciliation Procedures are designed to address ordinary course grievance claims and benefits under consideration, not extraordinary claims or those relating to prior litigations. As such, the Revised Administrative Reconciliation are not intended to, and shall not, pertain to the proof of claim filed by Doral Financial Corporation, Proof of Claim No. 251, or any agreements underlying such claims, as such proof of claim may be amended or further modified.

| | |
|---|---|
| Dated: October 23, 2019<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Martin J. Bienenstock*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative for the Debtors*<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Co-Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative for the Debtors* |