# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | (Jointly Administered) |
| Debtors.[1] | |
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | Case No. 17-BK-4780 (LTS) |
| PUERTO RICO ELECTRIC POWER AUTHORITY | |
| Debtor. | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**ORDER ON MOTION TO COMPEL**

I.  Introduction

This matter is before the Court on the *Urgent Omnibus Motion of Cortland Capital Market Services LLC, as Administrative Agent, and Solus to Compel Discovery Responses in Connection with PREPA RSA Motion* (Dkt. No. 1557 in 17-BK-4780; Dkt. No. 8368 in 17-BK-3283) ("Motion to Compel").  The Motion to Compel is the latest in a set of discovery disputes that have come before this Court related to the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* (Dkt. No. 1235[2]) (the "9019 Motion").  For purposes of this order, the Court assumes familiarity with both the Court's prior rulings and the 9019 Motion practice.  The relevant procedural history of the Motion to Compel is uncontested and is detailed in the Motion to Compel, and the Fuel Line Lenders' Reply brief (Dkt. No. 1648).

In their Motion to Compel, Cortland and Solus[3] (together, "Fuel Line Lenders") claim the Oversight Board, PREPA, and AAFAF (collectively, "Government Parties") have misrepresented that non-settling creditors, including the Fuel Line Lenders, will not be prejudiced by a provision of the RSA that provides for Settlement Payments of approximately $11.2 million per month prior to the confirmation of a Plan of Reorganization.  According to the Fuel Line Lenders, the Government Parties represented that the Settlement Payments would be funded solely by a special, new one cent per kilowatt hour Settlement Charge on PREPA customers.  Thus, non-

---

[2]  All docket references refer to 17-BK-4780 unless otherwise noted.
[3]  Capitalized terms not defined herein shall the meaning ascribed to them in the Motion to Compel.

2

settling creditors, who would not receive Settlement Payments, would not be prejudiced because the Settlement Charge would fully cover the Settlement Payments. (Motion to Compel ¶¶ 2, 3). The Fuel Line Lenders argue that the Government Parties' representations appear to be misleading based on a submission made by PREPA on July 3, 2019 to the Puerto Rico Energy Bureau ("PREB"). That submission is titled *Conditional Motion to Make an Offsetting Change in Base Rate Charges* (attached as Exhibit A to the Motion to Compel) ("Rate Motion"). As described by the Fuel Line Lenders, "[t]he Rate Motion . . . seeks permission to *decrease* PREPA's base rate by one cent per kilowatt hour so as to 'offset' the new one-cent Settlement Charge that will be used to fund the Settlement Payments." (Motion to Compel ¶ 4) (emphasis in original). The Fuel Line Lenders argue that "contrary to the Government Parties' repeated statements to the Court regarding the settlement's lack of impact on other creditors, the Settlement Payments will in fact be funded in full from *existing* PREPA revenues and thus out of the revenues that could otherwise fund payments to those other creditors." (Id.).

In order to explore this allegation, the Fuel Line Lenders served discovery on the Government Parties, which consisted of a document request and Rule 30(b)(6) deposition notices. The parties reached an agreement with respect to the document request, and agreed to defer the Fuel Line Lenders' Rule 30(b)(6) deposition requests until after the Government Parties completed the document productions. (See Reply, Dkt. No. 1648 at ¶ 4). This Court has no information as to the scope of the documents the Government Parties agreed to produce. Following the Government Parties' document productions, the Fuel Line Lenders renewed their Rule 30(b)(6) deposition notices, and the Government Parties objected that the deposition request was beyond the scope of the Rule 9019 hearing. (See id.) The deposition notices, which

3

were served upon each Government Party, request testimony on the documents produced by the Government Parties, and:

> The Rate Motion, including: (i) the timing of the filing, (ii) the relief sought in the Rate Motion, and (iii) communications by [the Government Party] regarding the Examination Topic[].

(See Motion to Compel, Exhibits D and E).

Through their opposition (Dkt. No. 1580) ("Joint Opposition"), the Government Parties argue that the depositions are "beyond the scope of the 9019 Motion." (Joint Opposition ¶ 2). They also deny that their representations concerning the Settlement Charge have been misleading because "the Government Parties did not represent that PREPA's base rate would remain static[,]"and the fact "[t]hat PREPA has elected to seek permission from its regulator to reduce the rate charged to customers in order to offset the new settlement charge is entirely consistent with PREPA's publicly stated goals of keeping energy affordable for its customer base." (Id. ¶ 7).

The Official Committee of Unsecured Creditors of all Title III Debtors ("UCC") filed substantially similar requests as the Fuel Line Lenders and filed a joinder to the Motion to Compel. (Dkt. No. 1568).

The Motion to Compel as to Rule 30(b)(6) deposition requests is ALLOWED in accordance with this opinion.

## II. DISCUSSION

### A. Timeliness

As an initial matter, the Court finds good cause for this late-filed Motion to Compel. Per order of this Court, discovery motions related to the 9019 Motion filed after July 16, 2019 must

4

be accompanied by a showing of good cause. The Fuel Line Lenders filed the Motion to Compel on August 2, 2019. The Fuel Line Lenders have represented that they did not learn of the Rate Motion until July 15, 2019 and that the parties met and conferred on July 22, 2019. (Motion to Compel ¶ 31). As the Rate Motion itself was not filed until July 3, 2019 and because the parties were actively involved in meet and confer efforts after July 16, 2019, good cause exists for the delayed Motion to Compel.

    B.  Need for Deposition Testimony

Because the Government Parties agreed to produce responsive, non-privileged documents, the only issue before the Court is the request for depositions. Since the Government Parties have not identified the scope of the documents they agreed to produce, however, the argument that they "should not be compelled to engage in the additional burden of preparing a witness to testify" because they have agreed to "produce non-privileged responsive documents" is not persuasive. (See Joint Opposition ¶ 5). In contrast, the Fuel Line Lenders have asserted that the documents produced by PREPA and AAFAF do not answer the question "whether the Rate Motion can be reconciled with the Government Parties' own statements to this Court to the effect that the Settlement Payments to bondholders under the RSA will cause no prejudice to PREPA's other creditors." (Reply ¶ 8). Since this question is an appropriate line of inquiry for the 9019 Motion hearing, depositions of the Government Parties are allowed.

    C.  Scope of the Deposition

In anticipation of the upcoming hearing seeking court approval of the RSA, the Fuel Line Lenders are entitled to understand how the pre-confirmation Settlement Payments element of

the RSA is structured and its impact, if any, on resources available to PREPA for payments to non-settling creditors. This includes the factual basis for the Government Parties' representation in the 9019 Motion that, "[t]he payments to the Supporting Holders are coming from new – not existing – charges." (See 9019 Motion, Dkt. No. 1235 at ¶ 68). It also includes discovery regarding the factual basis for the Government Parties' representation that, "[t]he rights of all other creditors are left unprejudiced and unaffected [by the Settlement Payments]." (Id. at ¶ 65). Thus, if, and how, the Rate Motion can be reconciled with these central factual assertions in the Government Parties' 9019 Motion is an appropriate subject of a deposition.

The descriptions of the topics the Fuel Line Lenders intend to address at the depositions, as stated in their deposition notices, are quite general and the record is not sufficient for this Court to more specifically define the appropriate scope of the inquiry (See Motion to Compel, Exhibits D and E). For present purposes, suffice it to say that the Fuel Line Lenders (and the UCC) are entitled to explore the Government Parties' factual representations concerning the operation and funding provisions of the RSA and its impact on non-settling creditors. The deposing parties are cautioned, however, not to waste valuable time and funds exploring topics that would be protected by the deliberative process or other privileges as defined in previous decisions of this Court.

### III. CONCLUSION

For the reasons stated herein, the remaining portion of the Motion to Compel, as to the Rule 30(b)(6) depositions, is ALLOWED in accordance with this opinion.

This order resolves Dkt. Nos. 1557, 1568 in 17-BK-4780 and 8368, 8392 in 17-BK-3283.

SO ORDERED.

Dated: October 24, 2019

        /s/ Judith G. Dein
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE