Response Deadline: November 26, 2019 at 4:00PM (Atlantic Time)
Hearing Date: December 11, 2019, at 9:30AM (Atlantic Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to HTA.** |

## SEVENTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO CLAIMS ASSERTING AMOUNTS FOR WHICH THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY IS NOT LIABLE

The Puerto Rico Highways and Transportation Authority ("HTA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of HTA pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this Seventy-Fifth Omnibus Objection (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

"Seventy-Fifth Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto, each of which assert amounts for which HTA is not liable, in whole or in part.  In support of the Seventy-Fifth Omnibus Objection, HTA respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").  On May 21, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for HTA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "HTA Title III Case", and together with the Commonwealth Title III Case, the "Title III Cases").  On June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  ECF No. 537.[3]

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of*

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

*Notice Thereof* [ECF No. 2255] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the HTA Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.   HTA Claims**

5.   HTA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 74-1965 of the Legislative Assembly of the Commonwealth ("HTA Enabling Act"). HTA is responsible for the construction, operation, and maintenance of highways and other transportation systems in the Commonwealth. *See* 9 L.P.R.A § 2002.

6.   The HTA Enabling Act authorizes HTA to issue bonds. *See* 9 L.P.R.A. §§ 2004(g), (h), (l). Pursuant thereto, HTA issued several series of bonds under two different resolutions (the "Resolution Bonds"): (*i*) Resolution No. 68-18, adopted June 13, 1968 (the "1968 Resolution"), and (*ii*) Resolution No. 98-06, adopted February 26, 1998 (the "1998 Resolution," and with the 1968 Resolution, the "Resolutions"). As of the Petition Date, approximately $830 million in principal amount of bonds issued under the 1968 Resolution remain outstanding, and approximately $3.4 billion in principal amount of bonds issued under the 1998 Resolution remain

outstanding.  The Bank of New York Mellon ("BNYM") serves as fiscal agent with respect to the Resolution Bonds.

7.     On September 22, 2011, HTA entered into a concession agreement with Autopistas Metropolitanas de Puerto Rico, LLC ("Metropistas"), pursuant to which, for a period of 40 years, Metropistas would have the right to charge, collect and retain tolls imposed on certain toll roads in Puerto Rico.  In exchange, HTA received an upfront payment from Metropistas (the "Concession Fee"), which HTA used to "defease, redeem or pay the purchase price of certain bonds [] issued under" the 1998 Resolution.  *Material Event Notice (Notice of Purchase, Defeasance and Redemption*, September 22, 2011, *available at* https://emma.msrb.org/EA477903-EA370346-EA767176.pdf (the "Notice of Defeasance and Redemption").  With a portion of the Concession Fee, HTA repurchased certain bonds issued pursuant to the 1998 Resolution (the "Purchased Bonds").  *Id.*  HTA also used a portion of the Concession Fee to defease certain bonds issued pursuant to the 1998 Resolution (the "Defeased Bonds").  *Id.*  The CUSIP numbers for the Purchased Bonds and Defeased Bonds are listed in the Notice of Defeasance and Redemption.

8.     To date, approximately 171,377 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.[4]  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors.  Of the proofs of claim filed, approximately 2,229 have been filed in relation to, or reclassified to be asserted against, HTA.  The HTA-related proofs of claim total approximately $83.1 billion in asserted claims, in addition to unliquidated amounts asserted.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been

---

[4]  This total count of recorded entries on the claims register in the Title III cases includes over 8,000 claims that have been marked as docketed in error and removed.

filed at all, or suffer from some other flaw, such as being duplicative of other proofs of claim or asserting amounts for which HTA is not liable.

## C.     Omnibus Objection Procedures and Objections to Claims

9.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection.  After the proposed order was revised to incorporate certain comments received, including those from the Court at a hearing held on November 7, 2018, the Court granted the relief requested in the Omnibus Procedures Motion by order, dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").

10.     In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to expand the number of claims that may be included on an objection, and to approve additional forms of notice.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  The Court granted the

requested relief by the June 14, 2019 *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Procedures").

11.     Pursuant to the Initial Omnibus Objection Procedures, the Court has held hearings related to sixty-four non-substantive omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), HTA, and/or the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"). After hearings held on January 30, 2019, and March 13, 2019, the Court sustained nineteen of these omnibus objections, resulting in thousands of proofs of claim filed against COFINA being disallowed and expunged, and hundreds of other claims being reclassified to be asserted against another of the Debtors. Forty-three non-substantive omnibus objections and five substantive objections to claims filed against the Commonwealth, HTA, ERS, and/or COFINA, in addition to a number of individual objections to claims filed against the Commonwealth, ERS, or COFINA, were heard on June 12, 2019, July 24, 2019, and September 11, 2019. Two non-substantive omnibus objections and five substantive omnibus objections to claims filed against the Commonwealth, HTA and ERS are scheduled to be heard on October 30, 2019. Based upon rulings and orders of the Court, over 9,000 claims asserting approximately $43 trillion in liability against the Commonwealth, HTA, COFINA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

12.     This Seventy-Fifth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

13.     The Amended Omnibus Objection Procedures allow HTA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

14.     The Seventy-Fifth Omnibus Objection seeks to disallow, in accordance with the Amended Omnibus Objection Procedures, claims that seek recovery for amounts for which HTA is not liable because the claims are based on bonds that have already been redeemed, refunded, or defeased, in whole or in part.

15.     Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).  Each claim identified in **Exhibit A** hereto (collectively, the "Claims to Be Disallowed") seeks recovery of amounts for which HTA is not liable because the bonds claimants purport to own have already been refunded, either through redemption or defeasance, in whole or in part.  Each of the Claims to Be Disallowed asserts, in whole or in part, a CUSIP number associated with either a Purchased Bond or a Defeased Bond.  For the Purchased Bonds, HTA has already refunded the original bonds. For the Defeased Bonds, HTA refunded a portion of the original bonds and set up an escrow to pay off the remaining principal and interest on the bonds until their maturity or their next call date.  The Notice of Defeasance and Redemption reflects that the maturity and/or redemption dates for each of the Defeased Bonds have already passed.  Notice of Defeasance and Redemption at Ex. B.  As a result, "all [] rights granted to the holders [of the Purchased and the Defeased Bonds] under the [1998] Resolution [are] discharged and satisfied."   Notice of Defeasance and Redemption at 1.  Accordingly, because the Refunded Bonds and the Purchased Bonds have

already been refunded or defeased, holders of those bonds no longer have a valid claim against HTA, and the Claims to Be Disallowed should be disallowed in their entirety.

16. In support of the foregoing, HTA relies on the *Declaration of Jay Herriman in Support of the Seventy-Fifth Omnibus Objection (Substantive) of the Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicate and Deficient Claims*, dated October 24, 2019, attached hereto as **Exhibit B**.

## NOTICE

17. In accordance with the Amended Omnibus Objection Procedures, HTA is providing notice of this Seventy-Fifth Omnibus Objection to (a) the individual creditors subject to this Seventy-Fifth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Ninth Amended Case Management Procedures* [ECF No. 7115-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Seventy-Fifth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Seventy-Fifth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. HTA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

18. This Seventy-Fifth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of HTA to object to the Claims to Be Disallowed or any other claims on any ground whatsoever. HTA expressly reserves all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against HTA; (b) a waiver of HTA's right to dispute any claim on any grounds; (c) a promise or requirement to

pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of HTA's rights under PROMESA, the Bankruptcy Code or any other applicable law.

### NO PRIOR REQUEST

19.    No prior request for the relief sought in this Seventy-Fifth Omnibus Objection has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE HTA respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting HTA such other and further relief as is just.

Dated: October 24, 2019
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
Carla García Benitez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP** Eleven
Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico as representative for
HTA*

10

**Fecha de la vista: 11 de diciembre de 2019, a las 09:30 a.m. (AST)**
**Fecha límite para responder: 26 de noviembre de 2019, a las 04:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS
ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMO(S).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el asunto de:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante de<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO y otros,<br><br>                                Deudores.[1] | PROMESA,<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrada conjuntamente)<br><br>**La presente radicación guarda relación con la ACT**. |

---

[1] Los Deudores en el marco de los presentes Procedimientos radicados conforme al Título III, junto con el respectivo número de procedimiento radicado conforme al Título III y los últimos cuatro (4) dígitos del número federal de contribuyente de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (núm. de procedimiento de quiebra. 17 BK 3283-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (núm. de procedimiento de quiebra 17 BK 3284-LTS) (últimos cuatro dígitos del número federal de contribuyente: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (núm. de procedimiento de quiebra 17 BK 3567-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3808); iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (núm. de procedimiento de quiebra 17 BK 3566-LTS) (últimos cuatro dígitos del número federal de contribuyente: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (núm. de procedimiento de quiebra 17 BK 4780-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (núm. de procedimiento de quiebra 19-BK-5532-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3801) (los números de causas radicadas conforme al Título III figuran como números de procedimientos de quiebra debido a limitaciones del programa informático).

**SEPTUAGÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA)
DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO
A RECLAMOS EN LOS QUE SE RECLAMAN MONTOS POR LOS QUE LA
AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO NO
TIENE RESPONSABILIDAD**

La Autoridad de Carreteras y Transportación de Puerto Rico ("ACT"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante de la ACT conforme al artículo 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la presente septuagésima quinta objeción global (la "Septuagésima quinta objeción global") a las evidencias de reclamos que figuran en el **Anexo A** del presente documento, cada una de las cuales reclama montos por los que la ACT no tiene responsabilidad. En apoyo de la Septuagésima quinta objeción global, la ACT manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme al artículo 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme al artículo 307(a).

## ANTECEDENTES

**A.      Órdenes de fecha final**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a los artículos 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme al

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

artículo 304(a) de PROMESA, incoando una causa conforme al Título III de dicho cuerpo legal (la "Causa relativa al ELA radicada conforme al Título III"). El 21 de mayo de 2017 (la "Fecha de petición"), la Junta de Supervisión emitió una certificación de reestructuración conforme a los artículos 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la ACT conforme al artículo 304(a) de PROMESA, incoando una causa conforme al Título III de dicho cuerpo legal (la "Causa de la ACT radicada conforme al Título III", y junto con la Causa del ELA radicada conforme al Título III, las "Causas radicadas conforme Título III"). El 29 de junio de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de las Causas radicadas conforme al Título III únicamente con fines procesales. Núm. ECF 537. [3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar Evidencias de reclamos y B) apruebe la forma y la manera de su notificación* [núm. ECF 2255][4] (la "Moción de fecha final"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar Evidencias de reclamos y B) aprueba la forma y la manera de su notificación* [núm. ECF. 2521] (la "Orden inicial de fecha final"), el Tribunal concedió el remedio solicitado en la Moción de fecha final y fijó fechas límite y procedimientos para radicar evidencias de reclamos en el marco de la Causa de la ACT radicada conforme al Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extiende las fechas límite para radicar Evidencias de reclamos y B) aprueba la forma y la manera de su notificación* [núm. ECF 3160] (conjuntamente con la Orden inicial de fecha final, las "Órdenes de fecha final"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

---

[3]  Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del procedimiento de quiebra núm. 17 BK 3283-LTS.

**B.     Reclamos de la ACT**

5.     La ACT es una corporación pública y organismo del ELA que constituye una entidad corporativa y política independiente y separada del ELA, creada en virtud de la Ley núm. 74-1965 de la Asamblea Legislativa del ELA ("Ley habilitante de la ACT"). La ACT se encarga de la construcción, el funcionamiento y el mantenimiento de carreteras y otros sistemas de transportación en el ELA. *Véase* 9 L.P.R.A, § 2002.

6.     La Ley habilitante de la ACT autoriza a la ACT a emitir bonos. *Véase* 9 L.P.R.A, §§ 2004(g), (h), (l). Conforme a dicha normativa legal, la ACT emitió varias series de bonos al amparo de dos resoluciones diferentes (los "Bonos relativos a resoluciones"): i) Resolución núm. 68-18, adoptada el 13 de junio de 1968 (la "Resolución 1968"), y ii) Resolución núm. 98-06, adoptada el 26 de febrero de 1998 (la "Resolución 1998", y conjuntamente con la Resolución 1968, las "Resoluciones"). Desde la Fecha de petición, aproximadamente $830 millones del monto principal de los bonos emitidos conforme a la Resolución 1968 quedan pendientes de pago, y aproximadamente $3400 millones del monto principal de los bonos emitidos conforme a la Resolución 1998 quedan igualmente pendientes de pago. El Bank of New York Mellon ("BNYM") actúa como agente fiscal con respecto a los Bonos relativos a resoluciones.

7.     El 22 de septiembre de 2011, la ACT suscribió un contrato de concesión con Autopistas Metropolitanas de Puerto Rico, LLC ("Metropistas"), en virtud del cual, y por un período de 40 años, Metropistas tendría derecho a facturar, cobrar y conservar peajes establecidos en relación con determinadas carreteras de peaje en Puerto Rico. A cambio, la ACT recibió de Metropistas un pago por anticipado (la "Tarifa sobre la concesión") que la ACT utilizó para "cancelar, canjear o pagar el precio de compra de determinados bonos [] emitidos en virtud de" la Resolución 1998. *Notificación relativa a acontecimiento sustancial* (Notificación relativa a la

compra, cancelación y canje, 22 de septiembre de 2011, disponible en
https://emma.msrb.org/EA477903-EA370346-EA767176.pdf (la "Notificación relativa a la
cancelación y canje"). Con parte de la Tarifa sobre la concesión, la ACT compró determinados
bonos emitidos conforme a la Resolución 1998 (los "Bonos comprados"). *Id.* La ACT también
utilizó parte de la Tarifa sobre la concesión para cancelar determinados bonos emitidos conforme
a la Resolución 1998 (los "Bonos cancelados"). *Id.* Los números CUSIP relativos a los Bonos
comprados y los Bonos cancelados figuran en la Notificación relativa a la cancelación y canje.

8.      Hasta la fecha, se han radicado aproximadamente 171.377 evidencias de reclamos
contra los Deudores, que han sido registradas por Prime Clerk, LLC.[4] Dichas evidencias de
reclamos ascienden a un total de $43.6 billones en reclamos radicados contra los Deudores. De las
evidencias de reclamos radicadas, aproximadamente 2229 han sido radicadas en relación con el
ELA, o reclasificadas como radicadas contra la ACT. Las evidencias de reclamos relacionadas con
la ACT ascienden a un total de $83 100 millones en reclamos radicados, además de los montos no
liquidados reclamados. De conformidad con los términos de las Órdenes de fecha final, muchos
de esos reclamos no tenían que radicarse siquiera, o adolecen de algunos otros vicios; por ejemplo,
estar duplicados en relación con otras evidencias de reclamos o reclamar montos por los que la
ACT no tiene responsabilidad.

**C.      Procedimientos relativos a objeciones globales y objeciones a reclamos**

9.      Para resolver de manera eficaz el mayor número posible de las evidencias de
reclamos innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su
*Moción para que se dicte una orden que a) apruebe procedimientos limitados relativos a*

---

[4]  Dicho recuento total de entradas inscritas en el registro de reclamos relativo a las causas radicadas conforme al
Título III incluye más de 8000 reclamos que han sido etiquetados como inscritos por error y eliminados.

*objeciones globales, b) declare la renuncia al requisito contenido en la regla 3007(e)(6) de las Reglas de quiebras, y c) conceda el remedio relacionado* [núm. ECF 4052] (la "Moción de procedimientos globales"). El remedio solicitado en dicha moción era de una naturaleza no sustantiva y estaba concebido para agilizar y optimizar el proceso de reconciliación de los reclamos, entre otras cosas, al aumentar el número de reclamos permitido dentro del alcance de objeciones globales. Una vez revisada la orden propuesta para incorporar determinados comentarios recibidos, incluidos los realizados por el Tribunal durante una vista celebrada el 7 de noviembre de 2018, el Tribunal concedió el remedio solicitado en la Moción de procedimientos globales mediante la orden de fecha 14 de noviembre de 2018. Véase la *Orden a) que aprueba procedimientos limitados relativos a objeciones globales, b) declara la renuncia al requisito contenido en la regla 3007(e)(6) de las Reglas de quiebras, y c) concede el remedio relacionado* [núm. ECF 4230]; *Procedimientos relativos a objeciones globales* [núm. ECF. 4230-1] (conjuntamente, los "Procedimientos originales relativos a objeciones globales").

10.   En aras del interés constante de resolver de una manera eficaz cualesquiera evidencias de reclamos innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en las que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamos que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe procedimientos enmendados relativos a objeciones globales, B) declare la renuncia al requisito contenido en la regla 3007(e) de las Reglas de quiebras C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [núm. ECF 7091]. El Tribunal concedió, el 14 de junio de 2019, el remedio solicitado por medio de la *Orden que A) aprueba procedimientos enmendados relativos a objeciones*

6

*globales, B) declara la renuncia al requisito contenido en la regla 3007(e) de las Reglas de
quiebras C) aprueba formas de notificación adicionales y D) concede el remedio relacionado*
[núm. ECF 7440] (la "Procedimientos enmendados globales").

11.     Conforme a los Procedimientos originales relativos a objeciones globales, el
Tribunal celebró vistas vinculadas con 64 objeciones globales no sustantivas radicadas por el ELA,
la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la ACT y/o el
Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el
"SRE"). Tras las vistas celebradas el 30 de enero de 2019, y el 13 de marzo de 2019, el Tribunal
declaró ha lugar a 19 de dichas objeciones globales, lo cual resultó en que miles de las evidencias
de reclamos radicadas contra COFINA fueron rechazadas y suprimidas, y cientos de otros
reclamos fueron reclasificados como radicados contra otros Deudores. El 12 de junio de 2019, el
24 de julio de 2019 y el 11 de septiembre de 2019 se atendieron 43 objeciones globales no
sustantivas y 5 objeciones sustantivas a reclamos radicados contra el ELA, la ACT, el SRE y/o
COFINA, además de una serie de objeciones individuales a reclamos radicados contra el ELA, el
SRE o COFINA. El 30 de octubre de 2019 está previsto atender dos objeciones globales no
sustantivas y cinco objeciones globales sustantivas a reclamos radicados contra el ELA, la ACT y
el SRE. Sobre la base de las resoluciones y órdenes del Tribunal, más de 9000 reclamos que
reivindicaban aproximadamente $43 billones en responsabilidad contra el ELA, la ACT, COFINA
y el SRE fueron rechazados y serán retirados del registro de reclamos en el marco de los
procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

12.     La Septuagésima quinta objeción global se radica de conformidad con los
procedimientos enmendados relativos a objeciones globales del Tribunal.

**OBJECIONES A EVIDENCIAS DE RECLAMOS**

7

13.    Los Procedimientos enmendados relativos a objeciones globales permiten a la ACT radicar una objeción global a varias evidencias de reclamos sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos enmendados relativos a objeciones globales.

14.    La Septuagésima quinta objeción global pretende que se rechacen, de conformidad con los Procedimientos enmendados relativos a objeciones globales, reclamos que tratan de recuperar montos por los que la ACT no tiene responsabilidad, porque los reclamos se basan en bonos que ya han sido canjeados, reembolsados o cancelados, total o parcialmente.

15.    Los reclamos que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Cada reclamo identificado en el **<u>Anexo A</u>** del presente (conjuntamente, los "<u>Reclamos que han de ser rechazados</u>") pretende recuperar montos por los que la ACT no tiene responsabilidad, porque los bonos que las demandantes presuntamente poseen ya han sido reembolsados total o parcialmente mediante un canje o una cancelación. Cada uno de los Reclamos que han de ser rechazados incluye, total o parcialmente, un número CUSIP vinculado con un Bono comprado o un Bono cancelado. En el caso de los Bonos comprados, la ACT ya ha reembolsado los bonos originales. Y en lo que respecta a los Bonos cancelados, la ACT reembolsó parte de los bonos originales y creó una cuenta de plica para liquidar el resto del principal y de los intereses sobre los bonos hasta su fecha de vencimiento o venta. La Notificación relativa a la cancelación y canje refleja que las fechas de vencimiento y/o canje en relación con cada uno de los Bonos cancelados ya han pasado. Notificación relativa a la cancelación y canje en Ex. B.  En consecuencia, "[t]odos los derechos otorgados a los tenedores [de los Bonos comprados y los Bonos cancelados] conforme

8

a la Resolución [1998] [fueron] liberados y satisfechos". Notificación relativa a la cancelación y canje en 1. Por ende, puesto que los Bonos reembolsados y los Bonos comprados ya han sido reembolsados o cancelados, los tenedores de dichos bonos ya no pueden alegar un reclamo válido contra la ACT, por lo que esas partes de los Reclamos que han de ser rechazados deben ser rechazadas.

16.     En apoyo de lo anterior, la ACT invoca la *Declaración de Jay Herriman en apoyo de la Septuagésima quinta objeción global (sustantiva) de la Autoridad de Carreteras y Transportación de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamos duplicados y deficientes*, de fecha 24 de octubre de 2019, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

17.     De conformidad con los Procedimientos enmendados relativos a objeciones globales, la ACT notifica la presente Septuagésima quinta objeción global a) a los acreedores individuales objeto de esta Septuagésima quinta objeción global, b) al Síndico estadounidense, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de causas enmendados* núm. 9 [núm. ECF 7115-1]), disponibles en el sitio de causas del Deudor, en https://cases.primeclerk.com/puertorico. Una copia de la notificación relativa a la Septuagésima quinta objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Septuagésima quinta objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. La ACT sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

18.     La presente Septuagésima quinta objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de la ACT a

9

objetar a los Reclamos que han de ser rechazados o a cualesquiera otros reclamos sobre la base de los motivos que fuere. La ACT se reserva expresamente todos los derechos en relación con la totalidad de las objeciones sustantivas o procesales . Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objeto, a) admitir la validez de cualesquiera reclamos contra la ACT; b) renunciar a los derechos que asisten a la ACT a oponerse a cualesquiera  sobre la base de los motivos que fuere; c) prometer o exigir el pago de ningún reclamo; d) solicitar o autorizar el otorgamiento de ningún acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) renunciar a los derechos que asisten a la ACT conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable, ni podrán interpretarse en ese sentido.

## AUSENCIA DE SOLICITUDES PREVIAS

19.     No se ha radicado ninguna solicitud de remedio previa a la presente Septuagésima quinta objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

10

POR LO QUE la ACT solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda la ACT cualesquiera otros remedios que se consideren justos.

Fecha: 24 de octubre de 2019
      San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Hermann D. Bauer
Núm. USDC: 215205
Daniel J. Pérez-Refojos
Núm. USDC: 303909
Carla García Benitez
Núm. USDC: 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel.:  (787) 764-8181
Fax:  (787) 753-8944

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión
y Administración Financiera de
Puerto Rico como representante de
la ACT*

11