# **EXHIBIT D**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                             Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to HTA.** |

## ORDER GRANTING SEVENTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO CLAIMS ASSERTING AMOUNTS FOR WHICH THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY IS NOT LIABLE

Upon the *Seventy-Fifth Omnibus Objection (Non-Substantive) of the Puerto Rico Highways and Transportation Authority to Claims Asserting Amounts For Which the Puerto Rico Highways and Transportation Authority is Not Liable* ("Seventy-Fifth Omnibus Objection"),[2] filed by the Puerto Rico Highways and Transportation Authority ("HTA"), dated October 24, 2019, for entry of an order disallowing in their entirety certain claims filed against HTA, as more fully set forth in the Seventy-Fifth Omnibus Objection and the supporting exhibits thereto; and the Court

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Seventy-Fifth Omnibus Objection.

having jurisdiction to consider the Seventy-Fifth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Seventy-Fifth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the claims identified in Exhibit A to the Seventy-Fifth Omnibus Objection seek recovery of amounts for which HTA is not liable; and the Court having determined that the relief sought in the Seventy-Fifth Omnibus Objection is in the best interest of HTA and their creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Seventy-Fifth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Seventy-Fifth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the claims listed on Exhibit A to the Seventy-Fifth Omnibus Objection are hereby disallowed in their entirety; and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed to delete the claims listed on Exhibit A to the Seventy-Fifth Omnibus Objection from the official claims register in the Title III Cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____

_____
Honorable Judge Laura Taylor Swain
United States District Judge

# **ANEXO D**

**Orden propuesta**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el asunto de:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante de<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO y otros,<br><br>                                    Deudores.[1] | PROMESA,<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrada conjuntamente)<br><br>**La presente radicación guarda relación con la ACT**. |

**ORDEN POR LA QUE SE CONCEDE LA SEPTUAGÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMOS EN LOS QUE SE RECLAMAN MONTOS POR LOS QUE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO NO TIENE RESPONSABILIDAD**

Vista la *Septuagésima quinta objeción global (no sustantiva) de la Autoridad de Carreteras y Transportación de Puerto Rico a reclamos en los que se reclaman montos por los que la Autoridad de Carreteras y Transportación de Puerto Rico no tiene responsabilidad* ("Septuagésima quinta objeción global"),[2] radicada por la Autoridad de Carreteras y

---

[1] Los Deudores en el marco de los presentes Procedimientos radicados conforme al Título III, junto con el respectivo número de procedimiento radicado conforme al Título III y los últimos cuatro (4) dígitos del número federal de contribuyente de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (núm. de procedimiento de quiebra. 17 BK 3283-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (núm. de procedimiento de quiebra 17 BK 3284-LTS) (últimos cuatro dígitos del número federal de contribuyente: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (núm. de procedimiento de quiebra 17 BK 3567-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3808); iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (núm. de procedimiento de quiebra 17 BK 3566-LTS) (últimos cuatro dígitos del número federal de contribuyente: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (núm. de procedimiento de quiebra 17 BK 4780-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (núm. de procedimiento de quiebra 19-BK-5532-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3801) (los números de causas radicadas conforme al Título III figuran como números de procedimiento relativos a procedimientos de quiebra debido a limitaciones del programa informático).

[2] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Septuagésima quinta objeción global.

Transportación de Puerto Rico ("ACT"), de fecha 24 de octubre de 2019, en la que se solicitaba que se dictase una orden que rechazara en su totalidad determinados reclamos radicados contra la ACT, según se expone con más detalle en la propia Septuagésima quinta objeción global y los anexos justificativos de la misma; y al tener el Tribunal jurisdicción para atender la Septuagésima quinta objeción global y para conceder el remedio en ella solicitado conforme a PROMESA, artículo 306(a); y siendo la sede judicial competente conforme a PROMESA, artículo 307(a); y habiéndose efectuado, en tiempo y forma, la notificación de la Septuagésima quinta objeción global a aquellas partes que en ella se identifican, sin ser necesario efectuar ninguna otra notificación; y habiendo determinado el Tribunal que los reclamos mencionados en el Anexo A relativo a la Septuagésima quinta objeción global pretenden obtener la recuperación de montos por los que la ACT no es responsable; y habiendo determinado el Tribunal que el remedio solicitado en la Septuagésima quinta objeción global redunda en el mejor interés de la ACT y de sus acreedores, así como de la totalidad de las partes interesadas; y habiendo determinado el Tribunal que los fundamentos de hecho y de derecho establecidos en la Septuagésima quinta objeción global brindan una causa justificada para el remedio aquí concedido; y tras la debida deliberación y concurriendo suficientes motivos para ello, por medio de la presente,

SE ORDENA que SE DECLARE HA LUGAR a la Septuagésima quinta objeción global, según se establece en el presente documento; además

SE ORDENA que los reclamos mencionados en el Anexo A relativo a la Septuagésima quinta objeción global se declaren no ha lugar en su totalidad; también

SE ORDENA que Prime Clerk, LLC, quede autorizada, y reciba instrucciones, para eliminar los reclamos mencionados en el Anexo A relativo a la Septuagésima quinta objeción

global, del registro oficial de reclamos en el marco de las Causas radicadas conforme al Título III; y por último

SE ORDENA que este Tribunal conserve jurisdicción para atender y resolver la totalidad de las materias que surjan de, o en relación con, la implementación, interpretación o ejecución de la presente Orden.

Fecha: _____

_____
Su señoría, la juez Laura Taylor Swain
Juez de Distrito de los Estados Unidos