UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE EMPLOYEES RETIREMENT SYSTEM
OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO,

    Debtor.

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3566-LTS

ORDER GRANTING URGENT JOINT MOTION TO MODIFY ORDER REGARDING STAY AND
MANDATORY MEDIATION WITH RESPECT TO CERTAIN ISSUES RAISED IN
CERTAIN CONTESTED MATTERS AND ADVERSARY PROCEEDINGS
RELATED TO THE BONDS ISSUED BY THE EMPLOYEES
RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon consideration of the *Urgent Joint Motion to Modify Order Regarding Stay and Mandatory Mediation with Respect to Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* (Docket Entry No. 8899 in Case No. 17-3283 and Docket Entry No. 680 in Case No. 17-3566, the "Motion");[2] the Court having found and determined that (i) the Court has jurisdiction to consider the Motion and the relief requested therein; (ii) venue is proper before this Court pursuant to PROMESA section 307(a); (iii) due and proper notice of this Motion has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the statements and arguments made in the Motion, the relief requested in the Motion is in the best interest of ERS, the Commonwealth, and their creditors; (v) any objections to the relief requested in the Motion have been withdrawn or are hereby overruled; and (vi) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  Accordingly, it is hereby ORDERED THAT:

1.      The Motion is granted.

2.      The stay imposed by the *Order Regarding Stay Period and Mandatory Mediation* (Docket Entry No. 8244 in Case No. 17-3283, the "Stay Order") is lifted as to the following contested matters and adversary proceedings solely to allow for resolution of the Ultra Vires Issue and the Lien Scope Issues:

   a. *Omnibus Objection of the Official Committee of Unsecured Creditors to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico* (Docket Entry No. 5580 in Case No. 17-3283);

---

[2]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

b. Parts III, IV, V, and ¶¶ 94-97 of Part VI of the *Omnibus Objection of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007 to Claims Filed or Asserted by Holders of ERS Bonds* (Docket Entry No. 6482 in Case No. 17-3283, the "Retiree Committee's Objection");

c. Part I.A.i (i.e., ¶¶ 63-67) of the *Objection of the Financial Oversight and Management Board, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted Against the Commonwealth by The Bank Of New York Mellon, as Fiscal Agent (Claim No. 16775)* (Docket Entry No. 7075 in Case No. 17-3283, the "FOMB Objection");

d. Adversary Proceeding Nos. 19-366 and 19-367 (the "ERS Lien Litigation"); and

e. Count One of Adversary Proceeding Nos. 19-355, 19-356, 19-357, 19-358, 19-359, and 19-361 (the "ERS Clawback Litigation") only as to the groups of ERS bondholders represented by Jones Day and White & Case LLP (the "ERS Bondholder Groups") that file appearances and answer the complaint(s) in accordance with the schedule below.

3. The following discovery and briefing schedule shall apply to litigation of the Ultra Vires Issues and the Lien Scope Issues:[3]

---

[3] If the Court does not enter an order unstaying the relevant contested matters and adversary proceedings by October 25, 2019, the Parties agree that the answers, counterclaims, and responses contemplated by this schedule will be filed upon entry of the Court's order. The Parties will nonetheless serve copies of those pleadings to opposing counsel pursuant to the schedule.

| | |
|---|---|
| Deadline for the Defendants in the ERS Lien Litigation to answer the complaints and file counterclaims | 10/25/2019 |
| Deadline for ERS Bondholder Groups and the Fiscal Agent to respond to Ultra Vires Issue raised in the Committees' Objections | 10/25/2019 |
| Deadline for the ERS Bondholder Groups to answer the complaints and file counterclaims for the Count One Allegations of the ERS Clawback Litigation | 10/25/2019 |
| Deadline for the plaintiffs to answer the counterclaims (if any) filed in the ERS Lien Litigation and the ERS Clawback Litigation | 11/1/2019 |
| Rule 26 Disclosures | 11/1/2019 |
| Fact discovery commences | 11/1/2019 |
| Deadline for Parties to serve written discovery | 11/1/2019 |
| Responses to document requests of the Parties | 11/22/2019 |
| Deadline for Participants who are not Parties to serve written discovery that is unique to the Participant and not duplicative of that served by the Parties | 11/25/2019 |
| Responses to interrogatories / RFAs of the Parties | 12/3/2019 |
| Deadline for responses to discovery requests served by Participants who are not Parties | 12/16/2019 |
| Deadline for any motions to compel | 1/3/2020 |
| Deadline for completion of fact discovery | 2/3/2020 |
| Disclosure of experts (if any) and a summary of the subjects about which they will offer opinions | 2/3/2020 |
| Service of expert reports (if any) | 2/17/2020 |
| Disclosure of rebuttal experts and service of rebuttal expert reports (if any) | 3/2/2020 |
| Deadline for completion of expert depositions (if any) | 3/16/2020 |
| Deadline for Participants to file motions for summary judgment and declarations in support | 4/6/2020 |
| Deadline for Participants to file joinders in the motions for summary judgment on the Ultra Vires Issues | 4/13/2020 |
| Deadline for Participants to file oppositions to summary judgment briefs and declarations in support | 5/6/2020 |
| Deadline for Participants to file joinders in opposition to the motions for summary judgment on the Ultra Vires Issues | 5/13/2020 |
| Deadline for Participants to file reply briefs in support of motion for summary judgment and declarations in support | 5/20/2020 |

4.      Parts I, II, and ¶¶ 98-109 of Part VI of the Retiree Committee's Objection shall

remain stayed until the United States Court of Appeals for the First Circuit enters a decision in

Case Nos. 19-1699 and 19-1700 (consolidated for briefing and argument).

5.      Parts I.A.ii., I.B, II, and III of the FOMB Objection shall remain stayed until the United States Court of Appeals for the First Circuit enters a decision in Case Nos. 19-1699 and 19-1700 (consolidated for briefing and argument).

6.      Upon entry of the First Circuit's decision in Case Nos. 19-1699 and 19-1700, the Parties shall meet and confer to discuss the schedule for discovery and briefing for Parts I, II, and ¶¶ 98-109 of Part VI of the Retiree Committee's Objection, Parts I.A.ii., I.B, II, and III of the FOMB Objection, and any Additional Claim Objections of the Creditors' Committee with respect to the issues raised in these parts of the Retiree Committee's Objection and the FOMB Objection.

7.      The following shall apply with respect to the ERS Clawback Litigation:

   a. The stay imposed by the Stay Order shall be lifted for the Count One Allegations as to the ERS Bondholder Groups only.

   b. The stay imposed by the Stay Order shall remain in effect for all defendants other than the ERS Bondholder Groups until further notice.

   c. Any defendant to the ERS Clawback Litigation may file a Notice of Appearance and thereby become a Participant in accordance with the *Initial Procedures with Respect to Litigation of Objections to ERS Bond Claims, Including Deadline to File Notice of Participation with Respect to Such Litigation and Deadline to Object to Certain ERS Bond Claims* (Docket Entry No. 8818-2 in Case No. 17-3283). Such defendants may file a Notice of Appearance via pseudonym, in accordance with the Notice Order.[4]

---

[4]     To the extent any party or its counsel is unsure of the pseudonym allocated to the party in the ERS Clawback Litigation, they are encouraged to contact counsel to the SCC. See Notice Order, paras. 3-4.

d.  Neither entry of this Order nor any of the discovery requests and/or briefings contemplated by the preceding paragraph shall constitute "termination of the Stay" for purposes of paragraph 4 of the Notice Order as to any defendants other than the ERS Bondholder Groups.

8.  All parties reserve all rights with respect to scheduling regarding the *Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Docket Entry No. 8765 in Case No. 17-3283), or any subsequent plan filed by the FOMB, and any disclosure statement(s) with respect to same.[5]  All parties further reserve their rights to seek to modify the agreed schedule for resolution of the Ultra Vires Issue and Lien Scope Issues upon an appropriate showing.[6]

9.  A copy of this Order shall be filed on the docket in Commonwealth's and ERS's Title III cases, the ERS Lien Litigation, and the ERS Clawback Litigation.  A copy of this Order shall also be served by the plaintiffs upon all defendants in the ERS Lien Litigation and the ERS Clawback Litigation, as well as served upon all Participants.  A copy of this Order shall also be posted on the ERS Objection Website.

10.  The terms of and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

---

[5]  Without limiting the foregoing, the ERS Bondholder Groups and the Fiscal Agent specifically reserve their right, if any, to oppose any schedule proposed by the FOMB or any other party that would not permit completion of appeals of any decision related to the Ultra Vires Issue and the Lien Scope Issues prior to the occurrence of the effective date of such plan or plans of adjustment.

[6]  Without limiting the foregoing, the ERS Bondholder Groups and the Fiscal Agent reserve their right, if any, to seek to expedite the agreed schedule for resolution of the Ultra Vires Issue and Lien Scope Issues in light of any schedule entered with respect to the ERS or Commonwealth plan process.

12.     This Order resolves Docket Entry No. 8899 in Case No. 17-3283 and Docket

Entry No. 680 in Case No. 17-3566.


        SO ORDERED.

Dated:  October 24, 2019

                                            /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          United States District Judge