Hearing Date: December 11, 2019, at 9:30AM (Atlantic Standard Time)
Response Deadline: November 26, 2019 at 4:00PM (Atlantic Standard Time)

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al*., | **This filing relates to the Commonwealth, HTA, and ERS.** |
| Debtors.[1] | |

### EIGHTY-THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS ASSERTING INTERESTS BASED ON SALARY DEMANDS, EMPLOYMENT OR SERVICES PROVIDED

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways

and Transportation Authority ("HTA") and the Employees Retirement System of the Government

of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth, HTA and ERS pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this eighty-third objection (the "Eighty-Third Omnibus Objection") to the deficient claims listed on **Exhibit A** hereto, and in support of the Eighty-Third Omnibus Objection respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").  On May 21, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for HTA and ERS, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (respectively the "HTA Title III Case" and the "ERS Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases").  On June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

**B.      Proofs of Claims Filed, Omnibus Objection Procedures, and Claim Objections**

5.      To date, approximately 171,377 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

6.      Of the proofs of claim filed, approximately 109,005 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Over 52,500 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS.  Approximately 2,229 proofs of claim have been filed in relation to, or reclassified to be asserted against, HTA. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information

necessary for the Debtors to determine whether the claim is valid.

7.      In order to efficiently resolve as many of the unnecessary proofs of claim as

possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order*

*(a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of*

*Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus

Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion

by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection*

*Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting*

*Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively,

the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English

and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with

the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions*

*of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

8.      In the continued interest of resolving any unnecessary proofs of claims in an

efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking,

among other things, to allow the Debtors to file omnibus objections on substantive bases, to further

expand the number of claims that may be included on an objection, and to approve additional

forms of notice.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus*

*Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving*

*Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019,

the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection*

*Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional*

*Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus
Objection Procedures").

9.      Pursuant to the Initial Omnibus Objection Procedures, the Court has held hearings
related to sixty-four non-substantive omnibus objections filed by the Commonwealth, the Puerto
Rico Sales Tax Financing Corporation ("COFINA"), HTA, and/or the Employees Retirement
System of the Government of the Commonwealth of Puerto Rico ("ERS").  After hearings held on
January 30, 2019, and March 13, 2019, the Court sustained nineteen of these omnibus objections,
resulting in thousands of proofs of claim filed against COFINA being disallowed and expunged,
and hundreds of other claims being reclassified to be asserted against another of the Debtors.
Forty-three non-substantive omnibus objections and five substantive objections to claims filed
against the Commonwealth, HTA, ERS, and/or COFINA, in addition to a number of individual
objections to claims filed against the Commonwealth, ERS, or COFINA, were heard on June 12,
2019, July 24, 2019, and September 11, 2019.  Two non-substantive omnibus objections and five
substantive omnibus objections to claims filed against the Commonwealth, HTA and ERS are
scheduled to be heard on October 30, 2019.  Based upon rulings and orders of the Court, over
9,000 claims asserting approximately $43 trillion in liability against the Commonwealth, HTA,
COFINA, and ERS have been disallowed and will be expunged from the claims registry in the
Title III proceedings upon entry of final orders.

10.      This Eighty-Third Omnibus Objection is filed in accordance with the Court's
Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

11.      The Amended Omnibus Objection Procedures allow the Commonwealth, HTA,
and ERS to file an omnibus objection to multiple proofs of claim on any basis provided for in

5

Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

12.     The Eighty-Third Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Amended Omnibus Objection Procedures, each of the proofs of claim listed on **Exhibit A** hereto (collectively, the "Deficient Claims").  Each of the Deficient Claims failed to comply with the applicable rules for filing a claim by not providing a basis for asserting the claim against the Commonwealth, HTA, ERS, or any other Title III Debtor.

13.     Each of the Deficient Claims purports to assert liabilities arising from salary or other compensation owed in connection with salary demands, employment, pensions, or services provided by the claimant, but failed to provide critical information, such as the specific services provided, the salary accrued but unpaid, or other information needed to understand what liabilities either the Commonwealth, HTA, ERS, or any other Title III debtor may owe.  Because of one or more of these failures to comply with the applicable rules, neither the Debtors nor the Court are able to determine the validity of the Deficient Claims.  Accordingly, the Deficient Claims should be disallowed in their entirety.

14.     On August 13, 2019, the Court entered the *Order Granting in Part and Adjourning in Part Debtors' Motion for Entry of An Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, (C) Approving Proposed Mailing, and (D) Granting Related Relief* [ECF No. 8453] (the "Authorized Mailings Order"), which authorized the Debtors to send mailings "to any claimant who has not provided sufficient information to enable Debtors to process their claim."  Authorized Mailings Order, ¶ 3.

15.     Pursuant to the Authorized Mailings Order, "[i]f the Debtors mail the Proposed Mailing to a claimant, and the claimant either does not respond or responds but fails to provide sufficient information to permit Debtors to reconcile their claim, the Debtors are authorized to object to the claim as deficient." *Id*.

16.     In accordance with the Authorized Mailings Order, on August 19, 2019, the Debtors sent letters to each claimant subject to this Eighty-Third Omnibus Objection substantially in the form attached hereto as **<u>Composite Attachment 1</u>** (the "<u>Mailing</u>").  Each Mailing provided, in relevant part:

> Additional information is required in order for the Debtors to continue with assessing your claim. The Debtors are unable to determine from the information you provided the basis for the claim you are attempting to assert against one or more of the Debtors. In responding to this letter, please ensure that you provide all of the information requested and as much detail as possible about your claim. The descriptions you put on your proof of claim were too vague for the Debtors to understand the claim you are trying to assert, so please provide more detail and do not simply copy over the same information.

*See, e.g*., Mailing at 1, 5.

17.     The Mailings received by the claimants subject to this Eighty-Third Omnibus Objection directed the claimants to respond by September 18, 2019.  *See id*.  Furthermore, the Mailings cautioned the claimants, "If you do not respond to this request and do not provide the requested information and documentation in support of your claim, the Debtors may be forced to object to your claim."  *Id*.

18.     Each of the claimants identified in **<u>Exhibit A</u>** failed to respond to the Mailings.

19.     Accordingly, the Commonwealth, HTA, and ERS, as applicable, remain unable to determine the validity of the Deficient Claims.

20.     In support of the foregoing, the Commonwealth, HTA, and ERS rely on the *Declaration of Jay Herriman in Support of the Eighty-Third Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims*, dated October 24, 2019, attached hereto as **Exhibit B**.

## NOTICE

21.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Commonwealth, HTA, and ERS are providing notice of this Eighty-Third Omnibus Objection to (a) the individual creditors subject to this Eighty-Third Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Tenth Amended Case Management Procedures* [ECF No. 8027-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  The notice for this Eighty-Third Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Eighty-Third Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Commonwealth, HTA, and ERS submit that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

22.     This Eighty-Third Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors or the rights of any other party in interest in the Title III Cases to object to the Deficient Claims or any other claims on any ground whatsoever.  The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as:  (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases to dispute any claim on

any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases under PROMESA, the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

23.     No prior request for the relief sought in this Eighty-Third Omnibus Objection has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Commonwealth, HTA, and ERS respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth, HTA, and ERS such other and further relief as is just.

Dated: October 24, 2019
San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
Carla García Benitez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP** Eleven
Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial*
*Oversight and Management Board,*
*as representative for the*
*Commonwealth, HTA, and ERS*

**Fecha de la vista: 11 de diciembre de 2019, a las 09:30 a.m. (AST)**
**Fecha límite para responder: 26 de noviembre de 2019, a las 04:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMO(S).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

En el asunto de:

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

   como representante de

ESTADO LIBRE ASOCIADO DE PUERTO RICO y otros,

   Deudores.[1]

PROMESA,
Título III

Núm. 17 BK 3283-LTS

(Administrada conjuntamente)

**La presente radicación guarda relación con el ELA, la ACT y el SRE.**

---

**OCTOGÉSIMA TERCERA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMOS DEFICIENTES EN LOS QUE SE ALEGAN INTERESES SOBRE LA BASE DE LAS REIVINDICACIONES SALARIALES, LABORALES O POR SERVICIOS PRESTADOS**

---

[1] Los Deudores en el marco de los presentes Procedimientos radicados conforme al Título III, junto con el respectivo número de procedimiento radicado conforme al Título III y los últimos cuatro (4) dígitos del número federal de contribuyente de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (núm. de procedimiento de quiebra 17 BK 3283-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (núm. de procedimiento de quiebra 17 BK 3284-LTS) (últimos cuatro dígitos del número federal de contribuyente: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (núm. de procedimiento de quiebra 17 BK 3567-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3808); iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (núm. de procedimiento de quiebra 17 BK 3566-LTS) (últimos cuatro dígitos del número federal de contribuyente: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (núm. de procedimiento de quiebra 17 BK 4780-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (núm. de procedimiento de quiebra 19-BK-5532-LTS) (últimos cuatro dígitos del número federal de contribuyente: 3801) (los números de causas radicadas conforme al Título III figuran como números de procedimiento de quiebra debido a limitaciones del programa informático).

El Estado Libre Asociado de Puerto Rico (el "ELA"), la Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del ELA, la ACT y el SRE, conforme al artículo 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican la presente octogésima tercera objeción (la "Octogésima tercera objeción global") a reclamos deficientes que figuran en el **Anexo A** del presente documento, y en apoyo de la Octogésima tercera objeción global respetuosamente manifiestan lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme al artículo 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme al artículo 307(a).

## ANTECEDENTES

**A.      Órdenes de fecha final**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a los artículos 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme al artículo 304(a) de PROMESA, incoando una causa conforme al Título III de dicho cuerpo legal (la "Causa relativa al ELA radicada conforme al Título III"). El 21 de mayo de 2017 (la "Fecha de petición"), la Junta de Supervisión emitió una certificación de reestructuración conforme a los artículos 104(j) y 206 de PROMESA, y radicó una

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

petición voluntaria de remedio para la ACT y el SRE conforme al artículo 304(a) de PROMESA, iniciando una causa al amparo del Título III del referido cuerpo legal (respectivamente, la "Causa de la ACT radicada conforme al Título III" y la "Causa del SRE radicada conforme al Título III", denominadas conjuntamente con la Causa del ELA radicada conforme al Título III, las "Causas radicadas conforme al Título III"). El 29 de junio de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de las Causas radicadas conforme al Título III únicamente con fines procesales.

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar Evidencias de reclamos y B) apruebe la forma y la manera de su notificación* [núm. ECF 2255][3] (la "Moción de fecha final"). Conforme a la Orden que *A) fija fechas límite y procedimientos para radicar Evidencias de reclamos y B) aprueba la forma y la manera de su notificación* [núm. ECF. 2521] (la "Orden inicial de fecha final"), el Tribunal concedió el remedio solicitado en la Moción de fecha final y fijó fechas límite y procedimientos para radicar evidencias de reclamos en el marco de las Causas radicadas conforme al Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extiende las fechas límite para radicar Evidencias de reclamos y B) aprueba la forma y la manera de su notificación* [núm. ECF 3160] (conjuntamente con la Orden inicial de fecha final, las "Órdenes de fecha final"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.      Evidencias de reclamos radicadas, procedimientos relativos a objeciones globales y objeciones a los reclamos**

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del procedimiento de quiebra núm. 17 BK 3283-LTS.

5.      Hasta la fecha, se han radicado aproximadamente 171.377 evidencias de reclamos contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamos ascienden a un total de $43.6 billones en reclamos radicados contra los Deudores, además de los montos no liquidados reclamados.

6.      De las evidencias de reclamos radicadas, aproximadamente 109.005 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Más de 52.500 evidencias de reclamos han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. Aproximadamente 2229 evidencias de reclamos han sido radicadas en relación con la ACT, o reclasificadas como radicadas contra la ACT. De conformidad con las condiciones de las Órdenes de fecha final muchos de estos reclamos no tenían que haber sido radicados en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendados posteriormente, no alegar un reclamo por el que los Deudores sean responsables, estar duplicados en relación con otras evidencias de reclamos o no aportar información necesaria para que los Deudores determinen si el reclamo es válido.

7.      Para resolver de manera eficaz el mayor número posible de las evidencias de reclamos innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que a) apruebe procedimientos limitados relativos a objeciones globales, b) declare la renuncia al requisito contenido en la regla 3007(e)(6) de las Reglas de quiebras, y c) conceda el remedio relacionado* [núm. ECF 4052] (la "Moción de procedimientos globales"). El Tribunal concedió el remedio solicitado en la Moción de procedimientos globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que a) aprueba procedimientos limitados relativos a objeciones globales, b) declara la renuncia al requisito contenido en la regla 3007(e)(6) de las Reglas de quiebras, y c) concede el remedio*

relacionado [*núm. ECF* 4230]; *Procedimientos relativos a objeciones globales* [núm. ECF. 4230-1] (conjuntamente, los "Procedimientos originales relativos a objeciones globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos originales relativos a objeciones globales. *Véase Orden que aprueba las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [núm. ECF 4381] (la "Orden de notificación").

8.      En aras del interés constante de resolver de una manera eficaz cualesquiera evidencias de reclamos innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamos que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe procedimientos enmendados relativos a objeciones globales, B) declare la renuncia al requisito contenido en la regla 3007(e) de las Reglas de quiebras C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado [núm. ECF* 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba procedimientos enmendados relativos a objeciones globales, B) declara la renuncia al requisito contenido en la regla 3007(e) de las Reglas de quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [núm. ECF 7440] (los "Procedimientos enmendados relativos a objeciones globales").

9.      Conforme a los Procedimientos originales relativos a objeciones globales, el Tribunal celebró vistas vinculadas con 64 objeciones globales no sustantivas radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la ACT y/o el

Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el

"SRE"). Tras las vistas celebradas el 30 de enero de 2019 y el 13 de marzo de 2019, el Tribunal

declaró ha lugar a 19 de dichas objeciones globales, lo cual resultó en que miles de las evidencias

de reclamos radicadas contra COFINA fueron rechazadas y suprimidas, y cientos de otros

reclamos fueron reclasificados como radicados contra otros Deudores. El 12 de junio de 2019, el

24 de julio de 2019 y el 11 de septiembre de 2019 se atendieron 43 objeciones globales no

sustantivas y 5 objeciones sustantivas a reclamos radicados contra el ELA, la ACT, el SRE y/o

COFINA, además de una serie de objeciones individuales a reclamos radicados contra el ELA, el

SRE o COFINA. El 30 de octubre de 2019 está previsto atender dos objeciones globales no

sustantivas y cinco objeciones globales sustantivas a reclamos radicados contra el ELA, la ACT y

el SRE. Sobre la base de las resoluciones y órdenes del Tribunal, más de 9000 reclamos que

reivindicaban aproximadamente $43 billones en responsabilidad contra el ELA, la ACT, COFINA

y el SRE fueron rechazados y serán retirados del registro de reclamos en el marco de los

procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

      10.    La Octogésima tercera objeción global se radica de conformidad con los

procedimientos enmendados relativos a objeciones globales del Tribunal.

### OBJECIONES A EVIDENCIAS DE RECLAMOS

      11.    Los Procedimientos enmendados relativos a objeciones globales permiten al ELA,

a la ACT y al SRE radicar una objeción global a varias evidencias de reclamos sobre cualquiera

de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas federales del procedimiento de

quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas

establecidas en los Procedimientos enmendados relativos a objeciones globales.

      12.    La Octogésima tercera objeción global pretende que se rechace, de conformidad

con la regla 3007(d)(6) de las Reglas federales del procedimiento de quiebra y los Procedimientos

enmendados relativos a objeciones globales, cada una de las evidencias de reclamos que figura en el **Anexo A** del presente documento (conjuntamente denominadas, los "Reclamos deficientes"). Ninguno de los Reclamos deficientes cumplió con las normas aplicables a la radicación de reclamos al no proporcionar una base para alegar el reclamo contra el ELA, la ACT, el SRE o cualquier otro Deudor conforme al Título III.

13.    Cada uno de los Reclamos deficientes alega presuntamente responsabilidades que surgen de salarios u otro tipo de remuneraciones adeudadas por reivindicaciones salariales, laborales, por pensiones o por servicios prestados por la demandante, pero no han proporcionado información fundamental; por ejemplo, los servicios concretos prestados, el salario devengado impagado u otra información necesaria para comprender cuáles son las responsabilidades que el ELA, la ACT, el SRE o cualquier otro deudor conforme al Título III puedan tener. Como consecuencia de uno o varios de dichos incumplimientos de la normativa aplicable, ni los Deudores ni el Tribunal pueden determinar la validez de los Reclamos deficientes. Por lo tanto, los Reclamos deficientes deben ser rechazados en su totalidad.

14.    El 13 de agosto de 2019 el Tribunal dictó la *Orden que declara ha lugar parcialmente y levanta parcialmente la Moción de los Deudores para dictar una orden A) que autorice procedimientos alternativos de resolución de controversias, B) apruebe formas de notificación adicionales, C) apruebe envíos propuestos y D) conceda el remedio relacionado* [núm. ECF 8453] (la "Orden de envío autorizado"), que autorizó a los Deudores a realizar envíos "a cualquier demandante que no haya proporcionado suficiente información para permitir a los Deudores enjuiciar sus reclamos". Orden de envío autorizado, ¶ 3.

15.    Conforme a la Orden de envío autorizado, "[s]i los Deudores realizan el Envío propuesto al demandante, y este último no responde o responde pero no aporta suficiente

información que permita a los Deudores reconciliar su reclamo, los Deudores tendrán derecho a oponerse al reclamo como deficiente". *Id.*

16.     De conformidad con la Orden de envío autorizado, el 19 de agosto de 2019 los Deudores enviaron cartas a cada demandante en la presente Octogésima tercera objeción global esencialmente en el formato que se adjunta al presente documento como **Adjunto Compuesto 1** (el "Envío"). Cada Envío, en la parte pertinente, rezaba lo siguiente:

> Se requiere información adicional para que los Deudores sigan examinando su reclamo. La información que usted proporcionó no permite a los Deudores determinar cuál es la base del reclamo que trata de alegar contra uno o varios de ellos. Al responder a esta carta, rogamos se asegure de proporcionar toda la información solicitada, así como tantos detalles como sea posible aportar sobre su reclamo. Las descripciones que incorporó en sus evidencias de reclamos eran demasiado confusas para que los Deudores comprendieran el reclamo que usted trata de alegar, de manera que rogamos proporcione más detalles y no se limite a copiar la misma información.

*V*éase, por ejemplo, Envío en 1, 5.

17.     Los Envíos recibidos por las demandantes con sujeción a la presente Octogésima tercera objeción global exigían a las demandantes responder antes del 18 de septiembre de 2019. *Véase id.* Además, en los Envíos se advertía a las demandantes que "Si no responde a esta solicitud y no proporciona la información y la documentación requeridas para justificar su reclamo, es posible que los Deudores se vean en la obligación de oponerse a su reclamo".  *Id.*

18.     Ninguna de las demandantes identificadas en el **Anexo A** ha respondido a los Envíos.

19.     En consecuencia, el ELA, la ACT y el SRE, según proceda, siguen sin poder determinar la validez de los Reclamos deficientes.

20.     En apoyo de lo anterior, el ELA, la ACT y el SRE invocan la *Declaración de Jay Herriman en apoyo de la Octogésima tercera objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamos deficientes*, de fecha 24 de octubre de 2019, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

21.     De conformidad con los Procedimientos enmendados relativos a objeciones globales y la Orden de notificación del Tribunal, el ELA, la ACT y el SRE notifican la presente Octogésima tercera objeción global a) a los acreedores individuales objeto de esta Octogésima tercera objeción global, b) al Síndico estadounidense, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de causas enmendados núm. 10* [núm. ECF 8027-1]), disponibles en el sitio de causas del Deudor, en https://cases.primeclerk.com/puertorico. La notificación relativa a la Octogésima tercera objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Octogésima tercera objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. El ELA, la ACT y el SRE sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

22.     La presente Octogésima tercera objeción global se limita a los motivos expuestos en este documento. En consecuencia, se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas de las Causas radicadas conforme al Título III, a objetar a los Reclamos deficientes o a cualesquiera otros reclamos que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal

remedio, tienen por objeto, a) admitir la validez de cualesquiera reclamos contra los Deudores; b) renunciar a los derechos de los Deudores, o de cualesquiera otras partes interesadas de las Causas radicadas conforme Título III, a impugnar cualquier reclamo sobre la base de los motivos que fuere; c) prometer o exigir el pago de ningún reclamo; d) solicitar o autorizar el otorgamiento de ningún acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) renunciar a los derechos que asisten a los Deudores, o a cualesquiera otras partes interesadas de las Causas radicadas conforme Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable, ni podrán interpretarse en ese sentido.

### **AUSENCIA DE SOLICITUDES PREVIAS**

23.     No se ha radicado ninguna solicitud de remedio previa a la presente Octogésima tercera objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

10

POR LO QUE el ELA, la ACT y el SRE solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda al ELA, a la ACT y al SRE cualesquiera otros remedios que se consideren justos.

Fecha: 24 de octubre de 2019
      San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Hermann D. Bauer
Núm. USDC: 215205
Daniel J. Pérez-Refojos
Núm. USDC: 303909
Carla García Benitez
Núm. USDC: 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel.:  (787) 764-8181
Fax:  (787) 753-8944

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la*
*Junta de Supervisión y Administración*
*Financiera para Puerto Rico, como*
*representante del*
*ELA, la ACT y el SRE*

11