UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------X
:
In re:                                                           :
:
THE FINANCIAL OVERSIGHT AND MANAGEMENT    :     PROMESA
BOARD FOR PUERTO RICO,                                           :     Title III
:
as representative of                              :     Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.*,         :     (Jointly Administered)
:
Debtors.[1]                                   :     Re: Dkt. Nos. 8244 and 8972
---------------------------------X

**RESPONSE AND RESERVATION OF RIGHTS WITH RESPECT TO THE URGENT JOINT MOTION OF OVERSIGHT BOARD AND AAFAF FOR ORDER EXTENDING (A) STAY PERIOD, (B) MANDATORY MEDIATION, AND (C) CERTAIN DEADLINES RELATED THERETO**

**COME NOW** AmeriNational Community Services, LLC (hereafter the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018 (the "GDB Restructuring Act"), and the approved Qualifying Modification (the "Qualifying Modification") for the Government Development Bank for Puerto Rico[2] (the "GDB") under Title VI of the *Puerto Rico*

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] *See* Dkt. No. 270 of Civil Case No. 18-01561 (LTS).

*Oversight, Management and Economic Stability Act* ("PROMESA") (hereafter the "Collateral Monitor" and jointly with the Servicer, the "DRA Parties"), by and through the undersigned legal counsel, and respectfully submit this response and reservation of rights to the *Urgent Joint Motion of Oversight Board and AAFAF For Order Extending (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto* (the "Motion") [Dkt. No. 8972].

## RESPONSE

1. The DRA Parties, which are responsible for the resolution of assets exceeding $5.9 billion in principal value across various Commonwealth-related entities, will not object to the relief requested at this time – on the assumption that an additional brief extension could provide the Mediation Team with the time it needs to resolve issues regarding the scheduling of procedural matters and the resolution of substantive issues. The DRA Parties do not support the Motion itself but support the work of the Mediation Team and look forward to participating more actively in the Mediation process given the extent and scope of the DRA Parties' credit portfolio. The DRA Parties hope the Mediation Team will use this additional time in a constructive manner – to make progress in the Mediation.[3]

2. While the DRA Parties will not object to the proposed brief extension of the stay period, we file this Response to express significant concerns about the Motion itself and the process going forward.

3. *First*, the DRA Parties take strong issue with the movants filing the Motion on such short notice as it could sharply restrict the DRA Parties' due process rights if they proceed in the same fashion again. From a process perspective, the Court should make clear that any further extensions should be requested under the applicable rules of the Court and Bankruptcy and Civil Procedure.

---

[3] Concurrent with this Response, a group of monolines argued that the Motion constitutes a "collateral attack" on section A.4 of the Order Regarding Stay Period and Mandatory Mediation (the "Stay Order") [Dkt. No. 8244]. *See* Objection, Reservation of Rights, and Motion to Strike with respect to the *Urgent Joint Motion Of Oversight Board And AAFAF For Order Extending (A) Stay Period, (B) Mandatory Mediation, And (C) Certain Deadlines Related Thereto*. The DRA Parties agree with that premise and the argument made by the monolines. However, as noted, the DRA Parties are willing to concede to one additional month in the interest of reaching a better result.

2

4151-5530-6016.2

4. Under the U.S. Constitution, "[n]o person shall . . . be deprived of . . . property, without due process of law . . . ." U.S. Const. amend. V. As such, the Supreme Court has held that "the bankruptcy power" is "subject to the Fifth Amendment." *See Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 589 (1935). Motions must provide counterparties with sufficient notice, so those parties have an opportunity to respond. *See In re Savage Indus.*, 43 F.3d 714, 720-21 (1st Cir. 1994) (stating that "notice is the cornerstone underpinning Bankruptcy Code procedure" that is "founded in fundamental notions of procedural due process[,]" and thus, "the debtor in possession or trustee must ensure 'parties in interest' adequate notice and opportunity to be heard *before* their interests may be adversely affected") (emphasis in original); *Cousins Int'l Food, Corp. v. Vidal*, 565 B.R. 450, 461 (B.A.P. 1st Cir. 2017) (*quoting Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)) ("An elementary and fundamental requirement of due process *in any proceeding* which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.") (emphasis in original).

5. Here, the DRA Parties find improper the request for urgent relief on one-day notice and request that the Court order that parties requesting similar relief in the future provide no fewer than seven days for responses so that respondents can prepare a substantive response.

6. *Second*, the DRA Parties believe that any further extension of the stay period may compromise the efficiency of the process contemplated by the Court and impact the rights of parties in interest. As this Court is aware, it framed the Stay Order as a "short-term stay" so that parties could work with the Mediation Team to formulate a comprehensive process to address and resolve various complex issues in the Title III cases. *See* July 24, 2019 Hr'g. Tr. at 55:25-56:1-10 ("The Court has come to the conclusion that . . . the time has come for a pause of 120 days or so," during which the parties will work with the Mediation Team); *id.* at 56:11-19 (stating that "[t]his short-term stay" applies to the matters set

3

4151-5530-6016.2

forth in the Stay Order); *id.* at 77:2-4 ("And in any event, this -- you know, this process is a 120-day period. You know, we're not talking about forever, either stopping things cold or gunning an engine.").

7. The Court clearly did not intend to extend the stay far beyond the initial 120-day period. Instead of entertaining further extensions, the Court should require the parties to abide by the process laid out in section A.4 of the Stay Order. If open issues remain at the end of the stay period, the Mediation Team should identify those issues for the Court and let the Court address them as the Court previously required.

8. The Title III cases, most of which have been pending since 2017, have significantly and negatively impacted the economic rights and due process of various stakeholders. Further delay will only heighten those concerns and the DRA Parties does not expect to support any additional extensions if requested.

9. *Finally*, contrary to the Movants' representations in the Motion, the DRA Parties were not advised of the Motion before it was filed (Motion ¶ 11) ("The Mediation Team and *all* Mediation parties were advised of this motion.")[4] (emphasis added).

10. Movants' *Modification to Urgent Joint Motion of Oversight Board and AAFAF For Order Extending (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto* (the "Modification") [Dkt. No. 8992] does not soften the DRA Parties' concern. If anything, it heightens those concerns as Movants openly admit that they did not, in fact, inform all Mediation Parties of the Motion. Movants state that they informed "all Mediation Parties *in attendance at the Mediation Team's session discussing a global resolution of the Title III cases*." Modification ¶ 4 (emphasis added). As noted, the DRA Parties hold billions of dollars of claims throughout the Puerto Rico capital structure. A mediation session discussing global resolution of the Title III cases that excludes the DRA Parties (and upon information and belief other significant creditors) seems ill-designed to reach such a resolution. The FOMB and AAFAF should not pick and choose favorites to include in similar notice – while leaving

---

[4] The DRA Parties are, of course, Mediation Parties and should be consulted prior to the filing of any similar relief going forward.

other less favored parties in the dark and should work to make the process of resolving these cases far more global in nature. Past experience has shown that a piecemeal approach to negotiations with creditors have yielded no positive results.

## **RESERVATION OF RIGHTS**

11. The DRA Parties reserve all rights and remedies with respect to the Motion, including but not limited to, the right to file additional submissions with the Court. Moreover, the DRA Parties reserve the right to make objections to similar requests in the future on grounds not made at this time.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today October 23, 2019.

<table>
<tr><td>

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5632
Facsimile: 787-759-9225

By: /s/Arturo J. García-Solá
Arturo J. García-Solá
USDC No. 201903
Email: ajg@mcvpr.com

By: /s/Nayuan Zouairabani
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com

*Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority*

</td><td>

**C. CONDE & ASSOC. LAW OFFICES**

By: /s/ Carmen D. Conde Torres

Carmen D. Conde Torres
(USDC No. 207312)
254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel. 787-729-2900
Fax. 787-729-2203
E-Mail: condecarmen@condelaw.com

-and-

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: /s/ Douglas S. Mintz
Douglas S. Mintz (admitted pro hac vice)
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
E-mail: dmintz@orrick.com

and

Peter Amend (admitted pro hac vice)
51 West 52nd Street
New York, N.Y. 10019
Telephone: (212) 506-5000
E-mail: pamend@orrick.com

*Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority*

</td></tr>
</table>

6

4151-5530-6016.2