# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>Debtors.[1] | PROMESA<br><br>Title III<br><br>Case No. 17 BK 3283 (LTS)<br><br>(Jointly Administered) |

**OBJECTION AND RESERVATION OF RIGHTS OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AMBAC ASSURANCE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, AND INVESCO FUNDS WITH RESPECT TO (I) URGENT JOINT MOTION OF OVERSIGHT BOARD AND AAFAF FOR ORDER EXTENDING (A) STAY PERIOD, (B) MANDATORY MEDIATION, AND (C) CERTAIN DEADLINES RELATED THERETO AND (II) MODIFICATION TO URGENT JOINT MOTION OF OVERSIGHT BOARD AND AAFAF FOR ORDER EXTENDING (A) STAY PERIOD, (B) MANDATORY MEDIATION, AND (C) CERTAIN DEADLINES RELATED THERETO**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Assured Guaranty Corp., Assured Guaranty Municipal Corp. (together, "<u>Assured</u>"), Ambac Assurance Corporation ("<u>Ambac</u>"), Financial Guaranty Insurance Company ("<u>FGIC</u>"), National Public Finance Guarantee Corporation ("<u>National</u>"), and funds managed by Invesco Advisers, Inc. and funds and/or accounts managed or advised by OFI Global Institutional Inc. (the "<u>Invesco Funds</u>", and together with Assured, Ambac, FGIC, and National, the "<u>Responding Parties</u>") hereby submit this Objection and Reservation of Rights (the "<u>Objection and Reservation of Rights</u>") with respect to the *Urgent Joint Motion of Oversight Board and AAFAF for Order Extending (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto* (ECF No. 8972, the "<u>Urgent Motion</u>")[2] and the *Modification to Urgent Joint Motion of Oversight Board and AAFAF for Order Extending (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto* (ECF No. 8992, the "<u>Modified Urgent Motion</u>")[3] as filed on October 24, 2019 and October 25, 2019, respectively, and respectfully state as follows:

## OBJECTION AND RESERVATION OF RIGHTS

1. The Responding Parties are creditors of the Commonwealth of Puerto Rico with billions of dollars of claims arising from the securities issued by numerous Puerto Rico public entities, including (i) general obligation bonds ("<u>GO Bonds</u>") issued by the Commonwealth of Puerto Rico and (ii) secured revenue bonds issued by (a) HTA, (b) PREPA, (c) PBA, (d) the Puerto Rico Convention Center District Authority ("<u>PRCCDA</u>"), and (e) the Puerto Rico Infrastructure Financing Authority ("<u>PRIFA</u>"). As such, the Responding Parties are parties to various

---

[2] Unless otherwise indicated, references to ECF numbers in this Objection and Reservation of Rights refer to the docket in Case No. 17-3283-LTS.

[3] Capitalized terms used in this Objection and Reservation of Rights but not defined herein have the meanings ascribed to them in the Urgent Motion.

proceedings in these Title III cases, including many of the Stayed Proceedings subject to the Stay Order sought to be modified by the Urgent Motion.

2. In June 2019, the Financial Oversight and Management Board for Puerto Rico ("FOMB") filed a series of motions (the "Stay Motions") seeking to stay certain of the Stayed Proceedings, purportedly so that FOMB could "garner further support" for a "restructuring framework" set forth in a recently announced plan support agreement with a small minority of PBA and general obligation bondholders. See Adv. Proc. No. 18-149, ECF No. 99 ¶ 3; see also ECF No. 7640. A number of creditors, including some of the Responding Parties, opposed these Stay Motions, noting that FOMB had failed to carry its burden of justifying a stay.

3. Rather than grant the Stay Motions in the form — or on the grounds — proposed by FOMB, the Court at the July 24, 2019 omnibus hearing issued its Stay Order [ECF No. 8244]. The purpose of the Stay Order was to "avoid piecemeal litigation of potentially overlapping key issues" and "to identify efficiently the issues that must be litigated or otherwise resolved to achieve confirmation of a plan of adjustment for the Commonwealth (and other debtors and potential debtors in Title III proceedings), as well as to prioritize such issues and develop efficient approaches to the resolution of such issues." Id.

4. Given the volume of litigation that FOMB had commenced in the months leading up to the Stay Motions, the Responding Parties understood and accepted the Court's determination to effect a pause and allow the mediation team to attempt to impose some kind of order on the resulting litigation chaos. Towards that end, the Stay Order provided a generous, approximately four-month stay period, which the Responding Parties believe was more than adequate to achieve those objectives. With this four-month period now nearing its end, it will soon be time for this Court to attempt to provide due process to the many parties in interest in these

Title III cases by allowing the stay to expire and moving promptly to an adjudication of the key legal issues.

5. Rather than let the Stay Order run its course and allow these Title III cases to properly proceed, on the evening of October 24, FOMB, joined by AAFAF, submitted the instant Urgent Motion. Despite the Urgent Motion's representation of notice, the Responding Parties only learned of the Urgent Motion (or even the possibility of it being filed) when it appeared on the public docket late yesterday. Indeed, on October 25, 2019, FOMB filed the Modified Urgent Motion acknowledging that "in paragraph 11 of the Urgent Motion, reference was made to 'all Mediation parties' having been advised in advance of the filing of the Urgent Motion. Such reference should have been to all Mediation parties in attendance at the Mediation Team's session discussing a global resolution of the Title III cases." See Modified Urgent Motion ¶ 4.

6. The Urgent Motion should be denied as an abuse of Urgent Motion practice alone.[4] But that is the least of the reasons for its denial. Far more importantly, the Urgent Motion is inconsistent with—and constitutes a collateral attack on—the Stay Order, which already establishes a *different* procedure for determining whether the stay established by the Stay Order should be continued. The Urgent Motion seeks to replace the process already established by the Stay Order—which requires both formal recommendations by the Mediation Team Leader as to whether the stay should continue and an adequate period for parties to be heard with respect to those recommendations—with a completely incompatible process in which FOMB can simply unilaterally seek a further stay and in the process dispense both with the formal input of the

---

[4] See June 12, 2019 Hr'g Tr. at 7:18-8:11 ("Now, before we begin our proceedings with the usual status report, I want to observe that my status over the last few days and up through last night and early this morning has included fielding voluminous, substantive last minute filings on issues that could and should have been foreseen and queued up in a more orderly and efficient fashion . . . My time, Judge Dein's time, and that of court staff has been called upon in ways that are, frankly, highly inefficient . . . And I will not look kindly on urgent motion practice that could have been avoided by forethought.").

Mediation Team Leader and with due process for the many parties in interest who would like to weigh in on the stay issue and on any recommendations by the Mediation Team Leader with respect thereto.

7. In particular, Paragraph A.4 of the Stay Order requires the Mediation Team Leader to file, by October 28, 2019, a "Report" setting forth, among other things, "**her recommendation as to whether the stay should be continued past November 30, 2019**." See Stay Order (emphasis added). The Urgent Motion seeks to circumvent the process established by the Stay Order by requesting a premature ruling on *the very same issue* the Stay Order requires the Mediation Team Leader to weigh in on in her Report, namely "whether the stay should be continued."

8. The Stay Order also establishes a process by which parties in interest may respond to the Report, including any recommendation on "whether the stay should be continued." See Stay Order ¶ A.5. The Stay Order sets a hearing date of November 14, 2019 in New York. FOMB's motion avoids this established process.

9. In deciding whether to grant a stay, courts must generally "balance the equities" and consider the "potential prejudice that [a stay] may entail to each party." Walsh Constr. Co. P.R. v. United Sur. & Indem. Co., No. 12-1401 (SEC), 2015 WL 13548470, at *4 (D.P.R. Sept. 28, 2015). In particular, in considering a litigation stay request, a court must consider whether "'a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.'" Rosco, Inc. v. Mirror Lite Co., No. CV-96-5658 (CPS), 2007 WL 2296827, at *3 (E.D.N.Y. Aug. 6, 2007) (citation and emphasis omitted). Indeed, the potential prejudice faced by

the non-moving party is of paramount importance. See Landis v. N. Am. Co., 299 U.S. 248, 255 (1936); see also Villafañe-Colon v. B Open Enters., Inc., 932 F. Supp. 2d 274, 280 (D.P.R. 2013).

10. Here, FOMB and AAFAF have failed to carry their "heavy" burden of justifying an additional stay. See Landis, 299 U.S. at 256 (holding that "the burden of making out the justice and wisdom of a departure from the beaten track lay heavily" on the party seeking a stay); see also CFTC v. Chilcott Portfolio Mgmt., Inc., 713 F.2d 1477, 1484 (10th Cir. 1983) (the "underlying principle clearly is that 'the right to proceed in court should not be denied except under the most extreme circumstances.'") (citation omitted).

11. The Responding Parties have been ready, willing and able to engage with FOMB and AAFAF. However, they are not aware of any need or basis for the requested extension. To the extent any ongoing discussions exist, if there are any, the Responding Parties suggest that the parties to such discussions already have had substantial time since the stay was entered and that further discussions would be encouraged by the entry of Scheduling Order deadlines set forth in the Mediator Team Leader's report as contemplated by the Stay Order.

12. It should be noted that the Responding Party monoline insurers continue to make payments under their insurance policies on the Debtors' defaulted bonds, thereby suffering millions of dollars in concrete economic injury every month that these cases drag on. Other Responding Parties continue to be deprived of relief. It has now been over nine months since FOMB filed its claim objection related to GO Bond validity, and GO Bondholders have had no forum to rebut that objection in court. Moreover, the Commonwealth continues to divert HTA, PRIFA, and PRCCDA bond collateral with no opportunity for bondholders to protect their property rights in the bond collateral. If extended beyond the reasonable limits established by the Stay Order, the ongoing stay of all significant proceedings in the Title III Court – combined with

the automatic stay under Section 362 of the Bankruptcy Code – raises serious due process concerns.

13. The equities are therefore not difficult to balance, and they balance unequivocally in the Responding Parties' favor.

## RESERVATION OF RIGHTS

14. The Responding Parties reserve all of their rights with respect to the Urgent Motion and the Modified Urgent Motion, including specifically the right to join in any other responses or objections to the Urgent Motion and the Modified Urgent Motion.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Urgent Motion should be denied in its entirety.

Dated: October 25, 2019
New York, New York

| CASELLAS ALCOVER & BURGOS P.S.C. | CADWALADER, WICKERSHAM & TAFT LLP |
|---|---|
| /s/ *Heriberto Burgos Pérez* | /s/ *Howard R. Hawkins, Jr.* |
| Heriberto Burgos Pérez | Howard R. Hawkins, Jr.* |
| USDC-PR No. 204,809 | Mark C. Ellenberg* |
| Ricardo F. Casellas-Sánchez | William Natbony* |
| USDC-PR No. 203,114 | Ellen M. Halstead* |
| Diana Pérez-Seda | Thomas J. Curtin* |
| USDC–PR No. 232,014 | Casey J. Servais |
| E-mail: hburgos@cabprlaw.com | 200 Liberty Street |
| rcasellas@cabprlaw.com | New York, New York 10281 |
| dperez@cabprlaw.com | Tel.: (212) 504-6000 |
|  | Fax: (212) 406-6666 |
| P.O. Box 364924 | Email: howard.hawkins@cwt.com |
| San Juan, PR 00936-4924 | mark.ellenberg@cwt.com |
| Tel.: (787) 756-1400 | bill.natbony@cwt.com |
| Fax: (787) 756-1401 | ellen.halstead@cwt.com |
|  | thomas.curtin@cwt.com |
| *Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | casey.servais@cwt.com |
|  | * admitted pro hac vice |
|  | *Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

| FERRAIUOLI LLC | MILBANK LLP |
|---|---|
| */s/ Roberto Cámara-Fuertes* | */s/ Atara Miller* |
| Roberto Cámara-Fuertes (USDC-PR No. 219002) | Dennis F. Dunne |
| Sonia Colón (USDC-PR No. 213809) | Andrew M. Leblanc |
| 221 Ponce de León Avenue, 5th Floor | Atara Miller |
| San Juan, PR 00917 | Grant R. Mainland |
| Telephone: (787) 766-7000 | (admitted *pro hac vice*) |
| Facsimile: (787) 766-7001 | 55 Hudson Yards |
| Email: rcamara@ferraiuoli.com | New York, NY 10001 |
| scolon@ferraiuoli.com | Telephone: (212) 530-5000 |
|  | Facsimile: (212) 530-5219 |
| *Counsel for Ambac Assurance Corporation* | Email: ddunne@milbank.com |
|  | aleblanc@milbank.com |

-7-

amiller@milbank.com
gmainland@milbank.com

*Counsel for Ambac Assurance Corporation*

REXACH & PICÓ, CSP

/s/ *María E. Picó*
María E. Picó
USDC-PR 123214
802 Ave. Fernández Juncos
San Juan PR 00907-4315
Telephone: (787) 723-8520
Facsimile: (787) 724-7844
E-mail: mpico@rexachpico.com

*Counsel for Financial Guaranty Insurance Company*

BUTLER SNOW LLP

/s/ *Martin A. Sosland*
Martin A. Sosland*
5430 LBJ Freeway, Suite 1200
Dallas, TX 75240
Telephone: (469) 680-5502
Facsimile: (469) 680-5501
E-mail: martin.sosland@butlersnow.com

Jason W. Callen*
150 3rd Avenue, South, Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6774
Facsimile: (615) 651-6701
E-mail: jason.callen@butlersnow.com

* admitted pro hac vice

*Counsel for Financial Guaranty Insurance Company*

ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC

/s/ *Eric Perez-Ochoa*
ERIC PÉREZ-OCHOA
USDC-PR No. 206,314
E-mail: epo@amgprlaw.com

/s/ *Luis A. Oliver-Fraticelli*
LUIS A. OLIVER-FRATICELLI
USDC-PR NO. 209,204
E-mail: loliver@amgprlaw.com

208 Ponce de Leon Ave., Suite 1600
San Juan, PR 00936
Tel.: (787) 756-9000
Fax: (787) 756-9010

WEIL, GOTSHAL & MANGES LLP

/s/ *Robert Berezin*
MARCIA GOLDSTEIN*
JONATHAN POLKES*
GREGORY SILBERT*
ROBERT BEREZIN*
767 Fifth Avenue
New York, New York 10153
Tel.: (212) 310-8000
Fax: (212) 310-8007
Email: marcia.goldstein@weil.com
jonathan.polkes@weil.com
gregory.silbert@weil.com
robert.berezin@weil.com

*admitted *pro hac vice*

-8-

| | |
|---|---|
| *Counsel for National Public Finance Guarantee Corp.* | *Counsel for National Public Finance Guarantee Corp.* |
| **TORO COLÓN MULLET P.S.C.** | **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
| */s/ Manuel Fernández-Bared* <br> MANUEL FERNÁNDEZ-BARED <br> USDC-PR No. 204,204 <br> Email: mfb@tcm.law | *s/ Thomas Moers Mayer* <br> THOMAS MOERS MAYER* <br> AMY CATON* <br> DOUGLAS BUCKLEY* <br> 1177 Avenue of the Americas <br> New York, New York 10036 <br> Tel.: (212) 715-9100 <br> Fax: (212) 715-8000 <br> Email: tmayer@kramerlevin.com <br>        acaton@kramerlevin.com <br>        dbuckley@kramerlevin.com <br> * (admitted *pro hac vice*) |
| */s/ Linette Figueroa-Torres* <br> LINETTE FIGUEROA-TORRES <br> USDC-PR No. 227,104 <br> Email: lft@tcm.law | |
| */s/ Jane Patricia Van Kirk* <br> JANE PATRICIA VAN KIRK <br> USDC–PR No. 220,510 <br> Email: jvankirk@tcm.law <br> P.O. Box 195383 <br> San Juan, PR 00919-5383 <br> Tel.: (787) 751-8999 <br> Fax: (787) 763-7760 | *Counsel to the Invesco Funds* |

-9-

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case.

At New York, New York, 25th day of October, 2019.

By: /s/ *Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*
* admitted pro hac vice