UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]
-----------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**RESPONSE OF THE MEDIATION TEAM LEADER REGARDING
EXTENSION OF STAY AND MANDATORY MEDIATION**

The *Objection and Reservation of Rights of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, Financial Guaranty Insurance Company, National Public Finance Guarantee Corporation, and Invesco Funds with Respect to (I) Urgent Joint Motion of Oversight Board and AAFAF for Order Extending (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto and (II) Modification to Urgent Joint Motion of Oversight Board and AAFAF for Order Extending (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto* [ECF No. 9001] (the "Objection") is correct in certain respects. The Court's *Order Regarding Stay Period and*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Mandatory Mediation* [ECF No. 8244] (the "Stay Order") did anticipate that the Mediation Team Leader would weigh in on whether the Court's stay should be extended. The Objection is incorrect in certain respects. As Mediation Team Leader, I now feel the need to weigh in to clarify.

Neither the Financial Oversight and Management Board for Puerto Rico (the "FOMB"), nor the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") was attempting to collaterally attack the Stay Order. I was aware that the *Urgent Joint Motion of Oversight Board and AAFAF for Order Extending (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto* [ECF No. 8972] (the "Extension Motion") was being filed. In point of fact, I suggested that such a motion be filed as the deadline for the filing of my Report (as defined in the Stay Order) approached and there was not agreement that the Extension Motion should be filed. I tried to remain neutral about extending the deadline for the filing of my Report in hopes that further conversation among the mediation parties could result in parties either not objecting to, or affirmatively supporting, the Extension Motion. Unfortunately, further conversation did not occur to any great extent and a number of objections have been filed, compelling me to speak formally.

I now ask the Court to modify the Stay Order. I do not believe that the filing of my Report at this juncture would be helpful to the mediation process or the cases more generally. While I wish we had made progress in mediation more quickly following the entry of the Stay Order, very recent events cause me to believe that it may be possible to make progress in achieving my goal of a more consensual plan of adjustment for the Commonwealth of Puerto Rico and related debtors between now and December 31, 2019. In my opinion, the filing of my Report now would be a distraction. Thus, I ask the Court to modify the Stay Order to extend the

deadline to file my Report until the earlier of (i) my conclusion that mediation has stalled, or (ii) November 27, 2019, without prejudice to my ability to ask the Court for a further extension of the deadline to file my Report if I believe a further extension is warranted. The other deadlines suggested by the FOMB and AAFAF in the Extension Motion are acceptable to me, unless I decide to file my Report prior to November 27, 2019, in which case (i) responses or objections to my Report should be due seven (7) days following the filing of my Report, (ii) the Court should set a hearing date as promptly as possible thereafter, and (iii) the stay should expire thirty (30) days following the filing of my Report.

Dated: October 26, 2019
Respectfully submitted,

/s/ Barbara J. Houser
Honorable Barbara J. Houser
Chief Judge, United States Bankruptcy
Court for the Northern District of Texas
Mediation Team Leader