# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF Nos. 8244, 8972, 8986, 8992, 8999, 9001, 9004 and 9014 |

## REPLY OF THE OVERSIGHT BOARD AND AAFAF IN SUPPORT OF MODIFIED URGENT MOTION FOR ORDER EXTENDING (A) STAY PERIOD, (B) MANDATORY MEDIATION, AND (C) CERTAIN DEADLINES RELATED THERETO

**To the Honorable United States District Court Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative in these Title III Cases pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] and the Puerto Rico Fiscal Agency and Financial Authority ("AAFAF," and together with the Oversight Board, the "Movants"), respectfully submit this joint reply in support of the urgent motion, as modified and clarified (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

"Urgent Motion")[3], requesting entry of an order (a) extending the stay of the Stayed Proceedings, (b) extending mandatory mediation to permit parties to continue to participate in discussions and communications facilitated by the Honorable Barbara J. Houser (the "Mediation Team Leader") and the entire Mediation Team, and (c) extending certain dates and deadlines related thereto, and in response to (x) the reservation for rights (the "Reservation") filed by AmeriNational Community Services, LLC and Cantor-Katz Collateral Monitor LLC (collectively, the "DRA Parties"), (y) the objection (the "Objection") interposed by Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Insurance Corporation ("Ambac"), Financial Guaranty Insurance Company ("FGIC"), National Public Finance Guarantee Corporation and Invesco Funds (collectively, the "Objecting Parties")[4] and (z) the supplemental objection (the "Supplemental Objection") submitted by Ambac and FGIC, and respectfully state as follows:

### The Urgent Motion and the Relief Requested Are Consistent With the Stay Order and the Efforts of the Court and the Mediation Team

1. By entry of the Stay Order, the Court made two things very clear. First, the Court directed all parties to stand down, by calling a recess of the Stayed Proceedings in an effort to "avoid piecemeal litigation of potentially overlapping key issues", Stay Order, p.1, and ordered that all parties work with the Mediation Team Leader to develop a coordinated litigation process. Second, and most importantly, it granted the Mediation Team Leader authority to develop a schedule for mediation which the Mediation Team Leader believed would lead to consensus with respect to not only the scheduling or ordering of litigations and litigable issues, but also, to perhaps

---

[3] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Urgent Motion.

[4] The DRA Parties and the Objecting Parties are sometimes hereafter collectively referred to as the "Respondents".

"confirmation of a plan of adjustment for any Title III debtor in advance of the filing of any agreed scheduling order or the Report." Stay Order, Section C.

2. Consistent with the delegation of such authority, since August 2019, the Mediation Team Leader has scheduled countless sessions with groups of parties of various shapes and sizes, including some sessions with only individual creditors, some with groups of creditors holding similar types of claims and some with both the Oversight Board and AAFAF in attendance. While the Movants have not participated in every such session, upon information and belief, the Movants have participated in sessions with each of the Respondents (either individually or in group format), with some of those sessions focused on the scheduling of litigation and litigable issues and some towards the overall goal of plan development and confirmation of a plan of adjustment. Some sessions have already produced results such as the scheduling order with respect to ERS litigations. Others continue to bring parties closer to reaching consensus on discrete or global issues.

3. As noted above, Section C of the Stay Order provides the Mediation Team Leader with latitude to direct the engagement of parties in substantive plan of adjustment discussions even before the Report is issued or the filing of any agreed scheduling order. Specifically, Section C of the Stay Order provides as follows:

> If the Mediation Team Leader believes it appropriate to commence substantive mediation on any of the issues, including issues relating to confirmation of a plan of adjustment for any Title III debtor, **in advance of the filing of any agreed scheduling order or the Report, parties to the Mediation Agreement identified by the Mediation Team Leader shall participate in any mediation session scheduled by the Mediation Team Leader**.

Stay Order, Section C (emphasis added).

3

4. This Court's intention could not have been more clear: if the Mediation Team Leader determines it advisable to mediate substantive issues, those parties selected shall participate in any scheduled sessions and such mediation efforts shall take priority over the filing of the Report and any agreed litigation scheduling order. That is exactly what has occurred.

5. Indeed, as reflected in the recent filing by the Mediation Team Leader in support of the Urgent Motion (the "Leader Response") (ECF No. 9014), the process is working and the Movants appreciate such submission. And, while the Movants do not oppose the potential shortening of the respective periods as set forth in the Leader Response, the Movants would note that, in the event that the Report is filed on November 27, 2019, leaving all parties with only three (3) business days to respond (due to the intervening Thanksgiving holiday) may impose significant hardships and not produce the responses or replies that may be most helpful to the Court. Accordingly, in such event, the Movants would suggest that responses to the Report be submitted no later than the close of business on December 6, 2019.

### The Supplemental Objection Is Merely Litigation Posturing and Irrelevant to the Relief Requested

6. The Supplemental Objection has nothing to do with the Urgent Motion or the limited relief requested therein. Rather, it attempts to use the opportunity to attempt to cure litigation deficiencies in matters presently pending before the Court, which were fully briefed and which are primed for oral presentation.

7. Specifically, by order, dated June 13, 2019 [ECF. No. 7420], this Court limited the initial hearing on Ambac's stay relief motion[5] concerning rum excise taxes to "the legal issues of

---

[5] Although such motion was filed only by Ambac, as a creditor similarly situated, FGIC seems to want to ride Ambac's coattails and has joined in the Supplemental Objection.

4

standing and secured status only. Factual submissions must be limited to legal documents (statutes, agreements and the like) relevant to the parties' standing and collateral security documents." Those issues were fully briefed and scheduled for argument on July 24, 2019[6]. Therein, Ambac contends it has standing and that either the Commonwealth has no interest in the rum excise taxes or that the Commonwealth's interest is encumbered by a lien securing bonds issued by PRIFA. If the latter, Ambac wants adequate protection or stay relief. The Oversight Board, as representative of the Commonwealth, contends the Commonwealth owns the rum excise taxes and there is no lien against them. Thus, Ambac cannot be entitled to adequate protection or stay relief in the Commonwealth case even if it has standing. These threshold issues should be heard and decided at the earliest possible date.

8. Ambac's argument that the First Circuit recently provided new guidance on stay relief that requires it to amend its motion is not accurate and is designed to delay this Court's ruling on critical threshold issues. This Court has already fashioned a hearing on the precise issue the First Circuit discussed. In the *Gracia* case, the First Circuit ruled the Court should make at least a preliminary determination of whether the insurance premiums the Commonwealth was allegedly holding are the Commonwealth's property or property belonging to the Gracia plaintiffs. *Gracia v. Financial Oversight and Management Board for Puerto Rico*, 939 F.3d 340 (1st Cir. 2019). Here, Ambac has requested stay relief in the Commonwealth case asserting that, if the Commonwealth owns the rum excise taxes, they are encumbered by a lien. These precise issues are to be resolved in the pending motion and there is no reason for amendment or delay. Ambac, and now FGIC, cannot use the Urgent Motion as a bootstrap to revive their faulty arguments. The

---

[6] At Ambac's request based upon the Court's pronouncement regarding the Stay Order to be entered, the argument was adjourned.

Movants trust that the Court shall require all applicable procedural steps be followed and not permit a scheduling order to affect substantive rights.

9. Accordingly, the Movants respectfully request that the Court honor the efforts of the Mediation Team Leader, and deny the Reservation, the Objection and the Supplemental Objection in their entirety.

[*Remainder of page intentionally left blank*]

WHEREFORE Movants respectfully request the Court enter the Proposed Order attached as **Exhibit B** to the modified Urgent Motion granting the relief requested herein and such other and further relief as is just and proper.

Dated: October 26, 2019
    San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Brian Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth*

*/s/ Hermann D, Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

**O'MELVENY & MYERS LLP**

*/s/ Suzzanne Uhland*
John J. Rapisardi (*pro hac vice*)
Suzzanne Uhland (*pro hac vice*)
Peter Friedman (*pro hac vice*)
Times Square Tower
Seven Times Square
New York, NY 10036
Tel.: (212) 326-2000

Fax: (212) 326-2061

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisor Authority*


/s/ *Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Carolina Velaz-Rivero
USDC No. 300913
**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce de León Ave.
Suite 900
San Juan, Puerto Rico 00918
Tel.: (787) 705-2171
Fax: (787) 936-7494

*Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisor Authority*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer