# Exhibit 9

**Nixon Peabody opinion letter dated May 4, 2012, with Exhibit A thereto**

# NIXON PEABODY LLP
ATTORNEYS AT LAW

437 Madison Avenue
New York, New York 10022-7001
(212) 940-3000
Fax: (212) 940-3111

Direct Fax: (866) 947-2075
E-Mail: @nixonpeabody.com

May 4, 2012

Scotiabank de Puerto Rico
Scotiabank Tower
CBC Department, 8th Fl.
San Juan, Puerto Rico 00936-2394

Re: Credit Agreement, dated May 4, 2012 (the "Credit Agreement"), between Puerto Rico Electric Power Authority, the Lenders party thereto and Scotiabank de Puerto Rico, as Administrative Agent.

Dear Sirs:

We have acted as special counsel to Puerto Rico Electric Power Authority (the "Authority") in connection with the above-referenced Credit Agreement. You have requested our opinion as to whether the Advances (as defined in the Credit Agreement) constitute Current Expenses under the Trust Agreement, dated as of January 1, 1974, as amended (the "Trust Agreement") by and between the Authority and U.S. Bank National Association, as successor trustee. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Trust Agreement or the Credit Agreement, as applicable.

In connection with this opinion, we have examined copies of the Trust Agreement and the Credit Agreement and such corporate records of the Authority (including certified copies of the Resolution No. 3909 adopted by the Authority's Board of Directors on April 12, 2012 and a Certificate of Determination, dated May 4, 2012 executed by the Executive Director of the Authority) and such other instruments and certificates of officers of the Authority (including a certificate of the Executive Director and Chief Financial Officer of the Authority, dated the date hereof, and attached hereto as Exhibit A (the "Officer's Certificate")), and have made such investigation of law, as we have deemed necessary and advisable for purposes of rendering this opinion. Our examination of matters of fact relating to our opinion expressed below is based solely upon a review of the representations, warranties and statements contained in the Credit Agreement and in the Officer's Certificate, the truth and accuracy of which we have relied upon, with your permission and without independent verification or investigation.

The Trust Agreement defines "Current Expenses" as "the Authority's reasonable and necessary current expenses of maintaining, repairing and operating the System and shall include

13493961.1

WWW.NIXONPEABODY.COM

Cortland_PREPA_00000624

without limiting the generality of the foregoing ... all other expenses ... permitted by standard practices for public utility systems, similar to the properties and business of the Authority and applicable in the circumstances." (Emphasis added.)

The Credit Agreement provides that the Authority will borrow, on a short-term revolving basis, exclusively to pay unpaid invoices for accounts that qualify as Current Expenses. We have assumed that the Authority will strictly comply with the covenant set forth in Section 5.08 of the Credit Agreement with respect to the use of proceeds of the Advances. Each Advance is expected to be repaid in full on the earlier of (i) 180 days after the initial draw of each Advance or (ii) on or prior to May 3, 2013 from the Authority's Revenues. If not timely paid, we have assumed that you will within a commercially reasonable time demand payment and enforce your rights under the Credit Agreement. The Credit Agreement does not provide for the repayment of Advances from any refinancing or extension of the Credit Agreement.

We believe that unpaid invoices for operating expenses that are reasonable and necessary for operating the System and are permitted by standard practices for utility systems and Generally Accepted Accounting Principles would constitute Current Expenses. The Authority has represented in the Officer's Certificate that the Advances comply with the requirements set forth in the preceding sentence. Accordingly, we believe that the repayment of principal of and interest on a working capital loan the proceeds of which are being used to pay unpaid invoices for accounts that qualify as Current Expenses, such as the loan being provided under the Credit Agreement, should be viewed as analogous to the financing of current expenses directly by the suppliers of such unpaid invoices.

In addition, the Authority has represented in the Officer's Certificate that its current financial condition (including in particular its liquidity condition), and its expected financial condition during fiscal year 2013, makes the entering into, and borrowing under, the Credit Agreement a reasonable and necessary action in order to ensure that the Authority will have at all times sufficient liquidity to be able to operate the System in an efficient and continuous manner.

Based on the facts and assumptions stated herein, the above discussion and such other matters as we have deemed appropriate, and applying a reasoned analysis to our interpretation of the Trust Agreement, we are of the opinion that if this issue is properly presented for judicial decision, a court would hold that the Advances constitute Current Expenses under the Trust Agreement. No opinion is being given as to the treatment of the Credit Agreement as a Current Expense if the Credit Agreement is extended beyond May 3, 2013.

In considering our opinion, you should be aware that our opinion in this respect represents our best judgment as to the proper legal conclusion that a court would reach as to this issue, but such opinion has no binding effect on any government agency or court and, therefore, should not be considered a guarantee of the ultimate outcome of any controversy. Our opinion is based on the terms of the Credit Agreement and may be affected by additional facts that have not been disclosed to us. We note that a court faced with this issue could reach a contrary result which would not necessarily constitute reversible error.

The matters set forth in this letter may only be relied upon by you and are only for your benefit. This opinion letter is not to be used, circulated, quoted or otherwise relied upon by any

NIXON PEABODY LLP

Cortland_PREPA_00000625

other person without our prior express written consent. We assume no obligation to advise you or any other person, or to make any investigations, as to any legal developments or factual matters arising subsequent to the date hereof that might affect the opinion expressed herein.

We are admitted to practice in the State of New York, and express no opinion whatsoever with respect to any laws other than the laws of the State of New York and the federal laws of the United States applicable in the Commonwealth of Puerto Rico.

Respectfully submitted,

*Nixon Peabody LLP*

EXHIBIT A

## OFFICER'S CERTIFICATE

WE, **OTONIEL CRUZ CARRILLO**, Executive Director, and **NELSON MORALES**, Chief Financial Officer, of Puerto Rico Electric Power Authority (the "Authority"), hereby deliver this certificate in connection with the execution by the Authority and Scotiabank de Puerto Rico (the "Bank") of a Credit Agreement, dated as of May 4, 2012 (the "Credit Agreement"). The capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Trust Agreement, dated as of January 1, 1974, as amended and supplemented, by and between the Authority and U.S. Bank National Association, as successor trustee. We are delivering this certificate with the intent that Nixon Peabody LLP may rely on it in rendering its opinion with respect to certain legal questions regarding the Credit Agreement. We hereby certify that:

1. Based on the Authority's financial condition (including, in particular, its liquidity position) as of the date hereof and its expected financial condition during the term of the Credit Agreement, it is necessary for the Authority to enter into the Credit Agreement for the exclusive purpose of funding, on a short-term revolving basis, the payment of unpaid invoices for accounts that qualify as Current Expenses of the Authority during such term in order to operate the System;

2. The funds to be disbursed under the Credit Agreement will be used solely to pay unpaid invoices that qualify as Current Expenses, which expenses are reasonable and necessary to operate the System;

3. The obligations of the Authority under the Credit Agreement to pay principal of all Advances made under the Credit Agreement plus any interest thereon and other amounts due and payable to the Bank under the Credit Agreement (the "Obligations") constitute an expense that is permitted by standard practices for public utility systems and Generally Accepted Accounting Principles, and is reasonable for operating the System in an efficient and economical manner; and

4. The total amount of Current Expenses included in the Authority's Annual Budget for fiscal year 2013 is sufficient to provide for the Authority's payment of its expected Obligations under the Credit Agreement and the other Current Expenses of the Authority.

13493961.1

NIXON PEABODY LLP

IN WITNESS WHEREOF, the undersigned have hereunto set their hand this 4th day of May, 2012.

_____
**OTONIEL CRUZ CARRILLO**
Executive Director

_____
**NELSON MORALES**
Director of Finance

- 2 -

13493961.1

Cortland_PREPA_00000628