# Exhibit 10

**Nixon Peabody opinion letter, dated July 20, 2012, with Exhibit A thereto**

# NIXON PEABODY LLP
ATTORNEYS AT LAW

437 Madison Avenue
New York, New York 10022-7001
(212) 940-3000
Fax: (212) 940-3111

Direct Fax: (866) 947-2075
E-Mail: @nixonpeabody.com

July 20, 2012

Citibank, N.A.
270 Muñoz Rivera Avenue, 6th Fl
San Juan, Puerto Rico 00918

Re: Trade Finance Facility Agreement, dated July 20, 2012 (the "Credit Agreement"), between Puerto Rico Electric Power Authority and Citibank, N.A.

Dear Sirs:

We have acted as special counsel to Puerto Rico Electric Power Authority (the "Authority") in connection with the above-referenced Credit Agreement. You have requested our opinion as to whether the Advances (as defined in the Credit Agreement) constitute Current Expenses under the Trust Agreement, dated as of January 1, 1974, as amended (the "Trust Agreement") by and between the Authority and U.S. Bank National Association, as successor trustee. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Trust Agreement or the Credit Agreement, as applicable.

In connection with this opinion, we have examined copies of the Trust Agreement and the Credit Agreement and such corporate records of the Authority (including certified copies of the resolution adopted by the Authority's Board of Directors on June 29, 2012 and a Certificate of Determination, dated July 20, 2012 executed by the Acting Executive Director of the Authority) and such other instruments and certificates of officers of the Authority (including a certificate of the Acting Executive Director and Chief Financial Officer of the Authority, dated the date hereof, and attached hereto as Exhibit A (the "Officer's Certificate")), and have made such investigation of law, as we have deemed necessary and advisable for purposes of rendering this opinion. Our examination of matters of fact relating to our opinion expressed below is based solely upon a review of the representations, warranties and statements contained in the Credit Agreement and in the Officer's Certificate, the truth and accuracy of which we have relied upon, with your permission and without independent verification or investigation.

The Trust Agreement defines "Current Expenses" as "the Authority's **reasonable and necessary current expenses of** maintaining, repairing and **operating the System** and shall include without limiting the generality of the foregoing … all other expenses … permitted by

14067292.3

Confidential

PREPA_RSA0030760

standard practices for public utility systems, similar to the properties and business of the Authority and applicable in the circumstances." (Emphasis added.)

The Credit Agreement provides that the Authority will borrow, on a short-term revolving basis, exclusively to pay unpaid invoices for the purchase of power, fuel oil and liquefied natural gas and for payments to vendors or unaffiliated third parties for other expenses constituting Current Expenses. We have assumed that the Authority will strictly comply with the covenant set forth in Section 5.08 of the Credit Agreement with respect to the use of proceeds of the Advances. Each Advance is expected to be repaid in full no later than 270 days after such Advance is drawn from the Authority's Revenues. If not timely paid, we have assumed that you will within a commercially reasonable time demand payment and enforce your rights under the Credit Agreement. The Credit Agreement does not provide for the repayment of Advances from any refinancing or extension of the Credit Agreement.

We believe that unpaid invoices for the purchase of power, fuel oil and liquefied natural gas and for payments of operating expenses that are reasonable and necessary for operating the System and are permitted by standard practices for utility systems and Generally Accepted Accounting Principles would constitute a Current Expense. Similarly, we believe that deferred payments made to suppliers of power, fuel oil and liquefied natural gas, plus the interest due on any such deferred payment, would also qualify as a Current Expense, provided that such amounts (i) are included in the Authority's Annual Budget for the fiscal year in which the purchase is made, and (ii) constitute an expense that is permitted by standard practices for utility systems. The Authority has represented in the Officer's Certificate that the Advances comply with the requirements set forth in the preceding sentence. Accordingly, we believe that the repayment of principal of and interest on a working capital loan the proceeds of which are being used to finance the purchase of power, fuel oil and liquefied natural gas and for other expenses constituting Current Expenses, such as the loan being provided under the Credit Agreement, should be viewed as analogous to the financing of current expenses directly by the suppliers of power, fuel oil and liquefied natural gas, and vendors or other unaffiliated third parties.

In addition, the Authority has represented in the Officer's Certificate that its current financial condition (including in particular its liquidity condition), and its expected financial condition during fiscal year 2013, makes the entering into, and borrowing under, the Credit Agreement a reasonable and necessary action in order to ensure that the Authority will have at all times sufficient liquidity to be able to operate the System in an efficient and continuous manner.

Based on the facts and assumptions stated herein, the above discussion and such other matters as we have deemed appropriate, and applying a reasoned analysis to our interpretation of the Trust Agreement, we are of the opinion that if this issue is properly presented for judicial decision, a court would hold that the Advances constitute Current Expenses under the Trust Agreement. No opinion is being given as to the treatment of the Advances as a Current Expense if the Advances are extended beyond 270 days after each such Advance is drawn.

In considering our opinion, you should be aware that our opinion in this respect represents our best judgment as to the proper legal conclusion that a court would reach as to this issue, but such opinion has no binding effect on any government agency or court and, therefore,

Confidential                                                                                                                         PREPA_RSA0030761

should not be considered a guarantee of the ultimate outcome of any controversy. Our opinion is based on the terms of the Credit Agreement and may be affected by additional facts that have not been disclosed to us. We note that a court faced with this issue could reach a contrary result which would not necessarily constitute reversible error.

The matters set forth in this letter may only be relied upon by you and are only for your benefit. This opinion letter is not to be used, circulated, quoted or otherwise relied upon by any other person without our prior express written consent. We assume no obligation to advise you or any other person, or to make any investigations, as to any legal developments or factual matters arising subsequent to the date hereof that might affect the opinion expressed herein.

We are admitted to practice in the State of New York, and express no opinion whatsoever with respect to any laws other than the laws of the State of New York and the federal laws of the United States applicable in the Commonwealth of Puerto Rico.

Very truly yours,

*Nixon Peabody LLP*

Confidential

PREPA_RSA0030762

EXHIBIT A

## OFFICER'S CERTIFICATE

WE, **JOSUÉ ANTONIO COLÓN ORTIZ**, Acting Executive Director, and **NELSON MORALES**, Chief Financial Officer, of Puerto Rico Electric Power Authority (the "Authority"), hereby deliver this certificate in connection with the execution by the Authority and Citibank, N.A. (the "Bank") of a Trade Finance Facility Agreement, dated July 20, 2012 (the "Credit Agreement"). The capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Trust Agreement, dated as of January 1, 1974, as amended, by and between the Authority and U.S. Bank National Association, as successor trustee. We are delivering this certificate with the intent that Nixon Peabody LLP may rely on it in rendering its opinion with respect to certain legal questions regarding the Credit Agreement. We hereby certify that:

1. Based on the Authority's financial condition (including, in particular, its liquidity position) as of the date hereof and its expected financial condition during the term of the Credit Agreement, it is necessary for the Authority to enter into the Credit Agreement for the exclusive purpose of funding, on a short-term revolving basis, unpaid invoices relating to a portion of the Authority's purchases of power, fuel oil and liquefied natural gas and other expenses constituting Current Expenses during such term in order to operate the System;

2. The funds to be disbursed under the Credit Agreement will be used solely to pay unpaid invoices relating to the Authority's current and future purchases of power, fuel oil and liquefied natural gas and for payments to vendors or unaffiliated third parties for other expenses constituting Current Expenses, which purchases are reasonable and necessary to operate the System;

3. The obligations of the Authority under the Credit Agreement to pay principal of all Advances made under the Credit Agreement plus any interest thereon and other amounts due and payable to the Bank under the Credit Agreement (the "Obligations") constitute an expense that is permitted by standard practices for public utility systems and Generally Accepted Accounting Principles, and is reasonable for operating the System in an efficient and economical manner; and

4. The total amount of Current Expenses included in the Authority's Annual Budget for fiscal year 2012 is sufficient to provide for the Authority's payment of its expected Obligations under the Credit Agreement and the other Current Expenses of the Authority.

14067292.3

NIXON PEABODY LLP

Confidential

PREPA_RSA0030763

IN WITNESS WHEREOF, the undersigned have hereunto set their hand this 20th day of July, 2012.

_____
JOSUÉ ANTONIO COLÓN ORTIZ
Interim Executive Director

_____
NELSON MORALES
Chief Financial Officer

- 2 -

14067292.3

PREPA_RSA0030764