# Exhibit 11

**Sidley Austin opinion letter, dated August 14, 2013, with Exhibit A thereto**



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | HONG KONG | SHANGHAI |
| 787 SEVENTH AVENUE | BOSTON | HOUSTON | SINGAPORE |
| NEW YORK, NY 10019 | BRUSSELS | LONDON | SYDNEY |
| (212) 839 5300 | CHICAGO | LOS ANGELES | TOKYO |
| (212) 839 5599 FAX | DALLAS | NEW YORK | WASHINGTON, D.C. |
| | FRANKFURT | PALO ALTO | |
| | GENEVA | SAN FRANCISCO | |

ibauer@sidley.com
(212) 839 5593

FOUNDED 1866

(12)

August 14, 2013

Scotiabank de Puerto Rico
Scotiabank Tower
CBC Department, 8th Fl.
San Juan, Puerto Rico 00936-2394

Re: Credit Agreement, dated May 4, 2012, between Puerto Rico Electric Power Authority, the Lenders party thereto and Scotiabank de Puerto Rico, as Administrative Agent (the "Bank"), as amended by the First Amending Agreement to Credit Agreement, dated October 23, 2012, the Second Amending Agreement to Credit Agreement, dated April 25, 2013, and the Third Amending Agreement to Credit Agreement, dated June 28, 2013 (collectively, the "Original Credit Agreement")

Ladies and Gentlemen:

We have acted as counsel to Puerto Rico Electric Power Authority (the "Authority") in connection with the execution by the Authority, the Lenders party thereto and the Bank of the Fourth Amending Agreement to Credit Agreement, dated August 14, 2013 (the "Fourth Amending Agreement" and together with the Original Credit Agreement, the "Credit Agreement"), extending the maturity date of the Original Credit Agreement and making certain other amendments thereto. You have requested our opinion as to whether the Advances (as defined in the Credit Agreement) constitute Current Expenses under the Trust Agreement, dated as of January 1, 1974, as amended (the "Trust Agreement"), by and between the Authority and U.S. Bank National Association, as successor trustee. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Trust Agreement or the Credit Agreement, as applicable.

In connection with this opinion, we have examined copies of the Trust Agreement and the Credit Agreement and such other instruments and certificates of officers of the Authority (including a certificate of the Executive Director and Chief Financial Officer of the Authority, dated the date hereof and attached hereto as Exhibit A (the "Officer's Certificate")), and have made such investigation of law, as we have deemed necessary and advisable for purposes of rendering this opinion. Our examination of matters of fact relating to our opinion expressed below is based solely upon a review of the representations, warranties and statements contained

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.
NY1 8955259v.3

Confidential                                                                                                      PREPA_RSA0028261

in the Credit Agreement and in the Officer's Certificate, the truth and accuracy of which we have, with your permission and without verification or investigation, relied upon.

The Trust Agreement defines "Current Expenses" as "the Authority's reasonable and necessary current expenses of maintaining, repairing and operating the System and ... include[s] without limiting the generality of the foregoing ... all other expenses ... permitted by standard practices for public utility systems, similar to the properties and business of the Authority and applicable in the circumstances."

The Credit Agreement provides that the Authority will borrow, on a short-term, revolving basis, exclusively to pay unpaid invoices for accounts that qualify as Current Expenses. We have assumed that the Authority will strictly comply with the covenant set forth in Section 5.08 of the Credit Agreement with respect to the use of proceeds of the Advances for such purpose. Each Advance is expected to be repaid in full on the earlier of (i) 180 days after the initial draw of each Advance or (ii) on or prior to August 14, 2014 from the Authority's Revenues. If not timely paid, we have assumed that you will within a commercially reasonable time demand payment and enforce your rights under the Credit Agreement. The Credit Agreement does not provide for the repayment of Advances from any refinancing or extension of the Credit Agreement.

We believe that unpaid invoices for operating expenses that are reasonable and necessary for operating the System and are permitted by standard practices for utility systems and Generally Accepted Accounting Principles would constitute Current Expenses. The Authority has represented in the Officer's Certificate that the Advances comply with the requirements set forth in the preceding sentence. Accordingly, we believe that the repayment of principal of and interest on a working capital loan the proceeds of which are being used to pay unpaid invoices for accounts that qualify as Current Expenses, such as the Advances being provided under the Credit Agreement, should be viewed as analogous to the financing of current expenses directly by the suppliers of such unpaid invoices.

In addition, the Authority has represented in the Officer's Certificate that its current financial condition (including in particular its liquidity condition), and its expected financial condition during fiscal year 2014, makes the entering into, and borrowing under, the Credit Agreement a reasonable and necessary action in order to ensure that the Authority will have at all times sufficient liquidity to be able to operate the System in an efficient and continuous manner.

Based on the facts and assumptions stated herein, the above discussion and such other matters as we have deemed appropriate, [and applying a reasoned analysis to our interpretation of the Trust Agreement,] we are of the opinion that should any case be brought challenging the characterization of repayments of Advances as other than Current Expenses under the Trust Agreement, which case has been properly briefed to and presented before the court, such challenge should not be successful. No opinion is being given as to the treatment of the Credit Agreement as a Current Expense if the Credit Agreement is extended beyond August 14, 2014.

In considering our opinion, you should be aware that should litigation ensue, there are inherent uncertainties in any litigated matter and our analysis and opinion in this respect represents our professional judgment as to the proper legal conclusion that a court would reach

NY1 8955259v.3

Confidential

PREPA_RSA0028262

as to this issue, but such opinion has no binding effect on any government agency or court and, therefore, should not be considered a warranty or guarantee of the ultimate outcome of any controversy. Our opinion is based on the terms of the Credit Agreement and may be affected by additional facts that have not been disclosed to us. We note that a court faced with this issue could reach a contrary result which would not necessarily constitute reversible error.

The matters set forth in this letter may only be relied upon by you and are only for your benefit. This letter is not to be used, circulated, quoted or otherwise relied upon by any other person without our prior express written consent. We assume no obligation to advise you or any other person, or to make any investigations, as to any legal developments or factual matters arising subsequent to the date hereof that might affect the opinion expressed herein.

Respectfully submitted,

*Sidley Austin LLP*

Confidential

PREPA_RSA0028263

EXHIBIT A

OFFICER'S CERTIFICATE,

WE, **JUAN F. ALICEA-FLORES**, Executive Director, and **LUIS FIGUEROA-BAEZ**, Director of Finance, of Puerto Rico Electric Power Authority (the "Authority"), hereby deliver this certificate in connection with the execution by the Authority, the Lenders Party thereto, and Scotiabank de Puerto Rico, as Administrative Agent (the "Bank") of the Fourth Amending Agreement to Credit Agreement, dated as of August 14, 2013 (the "Third Amending Agreement"), extending the maturity date of the Authority's Credit Agreement, dated as of May 4, 2012, among the Authority, the Lenders Party thereto and the Bank, as amended by a First Amending Agreement to Credit Agreement, dated October 23, 2012, a Second Amending Agreement to Credit Agreement, dated April 25, 2013, and a Third Amending Agreement to Credit Agreement, dated June 28, 2013 (collectively, the "Original Credit Agreement" and together with the Fourth Amending Agreement, the "Credit Agreement"). Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Trust Agreement, dated as of January 1, 1974, as amended and supplemented, by and between the Authority and U.S. Bank National Association, as successor trustee, or the Credit Agreement, as the case may be. We are delivering this certificate with the intent that Sidley Austin LLP may rely on it in rendering its opinion with respect to certain legal questions regarding the Credit Agreement. We hereby certify that:

1. Based on the Authority's financial condition (including, in particular, its liquidity position) as of the date hereof and its expected financial condition during the term of the Credit Agreement, it is necessary for the Authority to enter into the Credit Agreement for the exclusive purpose of funding, on a short-term revolving basis, the payment of unpaid invoices for accounts that qualify as Current Expenses of the Authority during such term in order to operate the System;

2. The funds to be disbursed under the Credit Agreement will be used solely to pay unpaid invoices that qualify as Current Expenses, which expenses are reasonable and necessary to operate the System;

3. The obligations of the Authority under the Credit Agreement to pay principal of all Advances made under the Credit Agreement plus any interest thereon and other amounts due and payable to the Bank under the Credit Agreement (the "Obligations") constitute an expense that is permitted by standard practices for public utility systems and generally accepted accounting principles, and is reasonable for operating the System in an efficient and economical manner; and

4. The total amount of Current Expenses included in the Authority's Annual Budget for fiscal year 2014 is sufficient to provide for the Authority's payment of its expected Obligations under the Credit Agreement and the other Current Expenses of the Authority.

Confidential
PREPA_RSA0028290

IN WITNESS WHEREOF, we hereunto set our hands this 14th day of August, 2013.

_____
JUAN F. ALICEA-FLORES
Executive Director

_____
LUIS FIGUEROA-BAEZ
Director of Finance

2

Confidential

PREPA_RSA0028291