**EXHIBIT 31**



COMISIÓN DE ENERGÍA DE PUERTO RICO
ESTADO LIBRE ASOCIADO DE PUERTO RICO

**REGULATION ON THE PROCEDURE FOR BILL REVIEW AND SUSPENSION OF ELECTRIC SERVICE DUE TO FAILURE TO PAY**

## TABLE OF CONTENTS

**CHAPTER I - GENERAL PROVISIONS** ....................................................................................**4**

   ARTICLE 1.- GENERAL PROVISIONS ................................................................................4

      Section 1.01.- Title. .........................................................................................................4

      Section 1.02.- Legal Basis..............................................................................................4

      Section 1.03.- Purpose and Executive Summary. ......................................................4

      Section 1.04.- Aplication. ..............................................................................................5

      Section 1.05.- Interpretation..........................................................................................5

      Section 1.06.- Provisions of Other Regulations..........................................................5

      Section 1.07.- Unforeseen Proceedings........................................................................6

      Section 1.08.- Definitions...............................................................................................6

      Section 1.09.- Dates and Terms. ...................................................................................7

      Section 1.10.- Language...................................................................................................7

      Section 1.11.- Severability...............................................................................................8

      Section 1.12.- Forms. ......................................................................................................8

      Section 1.13.- Validity. ...................................................................................................9

**CHAPTER II- INFORMAL ADMINISTRATIVE PROCEDURE FOR OBJECTING TO ELECTRIC BILLS**.............................................................................................................**9**

   ARTICLE 2.- GENERAL PROVISIONS REGARDING THE INFORMAL ADMINISTRATIVE PROCEDURE FOR OBJECTING TO ELECTRIC BILLS ...............................................9

      Section 2.01.- Publication of the Informal Administrative Procedure for Objecting to Electric Bills.................................................................................................................9

      Section 2.02.- Requirement to Exhaust  the Informal Administrative Procedure Prior to Going Before the Commission. ..................................................................................9

      Section 2.03.- Collection of Past Due Bills; Prohibition ............................................9

**CHAPTER III –BILLING BY ELECTRIC SERVICE COMPANIES** ...............................................**10**

   ARTICLE 3.- SPECIFIC BILLING POLICIES FOR ELECTRIC SERVICE COMPANIES ..............10

      Section 3.01.- Simple Language in Bills and Notices...............................................10

      Section 3.02.- Minimum Content of Bills...................................................................10

      Section 3.03.- Calculation Errors for Residential Customers...................................11

**CHAPTER IV.- INFORMAL ADMINISTRATIVE PROCEDURE FOR OBJECTING TO BILLS BEFORE ELECTRIC SERVICE COMPANIES**.........................................................................**12**

   ARTICLE 4.- OBJECTING TO BILLS BEFORE ELECTRIC SERVICE COMPANIES ....................12

      Section 4.01.- Right of All Customers to Object to Their Bill.................................12

      Section 4.02.- Principles Governing the Informal Administrative Procedure for Objecting to Bills Before Electric Service Companies...............................................13

      Section 4.03.- Informal Administrative Procedure for Municipalities...................13

      Section 4.04.- Means for Filing an Objection to an Electric Bill and Requesting an Investigation from the Electric Service Company...................................................13

      Section 4.05.- Requirement to Pay the Objected Electric Bill.................................13

      Section 4.06.- Obligation to Pay Future Electric Bills...............................................14

      Section 4.07.- Information That Must be Provided by the Customer When Filing the Objection....................................................................................................................14

Section 4.08.- Initial Response from the Electric Service Company. ..................................... 15
Section 4.09.- Defective Objection. ............................................................................................. 15
Section 4.10.- Term for Initiating the Investigation or Informal Administrative
Procedure for Objecting to Bills and Notice to the Customer.................................................... 15
Section 4.11.- Term for Determining the Result of the Investigation of the Objected Bill
and Notice to the Customer. ......................................................................................................... 16
Section 4.12.- Method and Content of Notice of the Result of the Investigation to
Customers. ....................................................................................................................................... 16
Section 4.13.- Reconsideration of the Result of the Investigation of the Objected Bill.. 17
Sección 4.14.- Notice of the Final Decision Regarding the Objected Bill............................ 17

**CHAPTER V.- FORMAL PROCEDURE FOR REVIEW BEFORE THE PUERTO RICO ENERGY
COMMISSION** ...................................................................................................................................... **18**
ARTICLE 5.- GENERAL PROVISIONS REGARDING THE FORMAL PROCEDURE FOR
REVIEW BEFORE THE ENERGY COMMISSION .................................................................... 18
Section 5.01.- Standing for the Review of Disputes Before the Commission. ................... 18
Section 5.02.- Prohibition Against Collection During the Review Before the
Commission. ..................................................................................................................................... 18
Section 5.03.- Formal Procedure for the Review of Electric Bills Before the
Commission. ..................................................................................................................................... 19
Section 5.04.- Summary Procedure for the Review of Electric Bills Before the
Commission. ..................................................................................................................................... 19
Section 5.05.- First Appearance of the Respondent Company; Requirements. ............... 20
Sección 5.06.- Judicial Review. .................................................................................................... 20

**CHAPTER VI.- SUSPENSION OF ELECTRIC SERVICE** ................................................................ **20**
ARTICLE 6.- GENERAL PROVISIONS REGARDING THE PROCEDURE FOR THE
SUSPENSION OF ELECTRIC SERVICE DUE TO FAILURE TO PAY...................................... 20
Section 6.01.- Suspension of Service as a Result of Failure to Pay; General Rule. ........... 20
Section 6.02.- Warning Prior to the Suspension of Electric Service. ................................... 20
Section 6.03.- Suspension of Electric Service.......................................................................... 21
Section 6.04.- Prohibition Against Proceeding with Suspension of Electric Service....... 21

**COMMONWEALTH OF PUERTO RICO**
**PUERTO RICO ENERGY COMMISSION**

**REGULATION ON THE PROCEDURE FOR BILL REVIEW AND SUSPENSION**
**OF ELECTRIC SERVICE DUE TO FAILURE TO PAY**

**CHAPTER I - GENERAL PROVISIONS**

**ARTICLE 1.- GENERAL PROVISIONS**

**Section 1.01.- Title.**

This regulation shall be known as the Regulation on the Procedure for Bill Review and Suspension of Electric Service.

**Section 1.02.- Legal Basis.**

This Regulation is adopted pursuant to Articles 6.3, 6.4, and 6.27 of Law 57-2014, as amended, known as the Puerto Rico Energy Transformation and RELIEF Act; Section 6 of Law No. 83 of May 2, 1941, as amended, known as the Puerto Rico Electric Power Authority Act; and Law No. 170 of August 12, 1988, as amended, known as the Uniform Administrative Procedure Act.

**Section 1.03.- Purpose and Executive Summary.**

The Puerto Rico Energy Commission ("Commission") adopts and enacts this Regulation pursuant to the provisions of Article 6.27 of Law 57-2014, as amended, which provide that the Commission shall adopt the regulations necessary to govern the rules regarding bill review and the guidelines regarding the procedure for the suspension of electric service due to failure to pay.

The purpose of this Regulation is to establish the rules that shall govern the mechanisms and procedures that Electric Service Companies shall provide their customers for the purposes of hearing and resolving all disputes that arise in relation to the bills that the former issues for the consumption of electric power. Similarly, the Regulation establishes the procedure for objecting to electric bills before the Electric Service Companies, and which must be exhausted prior to requesting a review before the Commission. Under the provisions of this Regulation, the final decision of the Electric Service Company shall be reviewable by the Energy Commission so long as the Customer has exhausted all the informal procedures before said Company. Additionally, it includes the general rules for the suspension of electric service due to failure to pay for all Customers of Electric Service Companies.

Electric Service Companies in the business of providing retail electric power service in Puerto Rico must implement all of the provisions of this Regulation into their operations in marketing, customer service, or any other relevant area of the business, relating to the

management of objections that their Customers have to their electric service bills. Each Company shall be responsible for conducting its operations in accordance with the rules established in this Regulation. The Energy Commission shall supervise the faithful and full compliance with these rules through the exercise of its powers to regulate the electric power sector pursuant to Law 57-2014, as amended.

**Section 1.04.- Application.**

This Regulation shall apply to the informal procedures implemented by Electric Service Companies in Puerto Rico for electric bill review and the suspension of service to Customers pursuant to the provisions of Article 6.27 of Law 57-2014, as amended, and this Regulation.

This Regulation shall also govern the informal procedures for objecting to electric power service bills for public entities, as well as electric power service bills of municipalities for the consumption of municipal facilities or entities that are not covered by the Contribution In Lieu of Taxes (CILT) mechanism, as established in Section 22 of Law No. 83 of May 2, 1941, as amended, and in the Commission's Regulations.

All formal or informal procedures initiated under the provisions of Law No. 33 of June 27, 1985, as amended, known as the Law for the Establishment of Minimum Procedural Requirements for the Suspension of Essential Public Services ("Law 33"), prior to the effective date of this Regulation, shall continue their course before the Puerto Rico Electric Power Authority (PREPA), since they are protected under the Uniform Administrative Procedure Act. The above notwithstanding, PREPA's final decisions with respect to the procedures initiated under Law 33 shall be reviewable by the Commission, in accordance with the provisions of this Regulation. The provisions of this Regulation and the provisions of Regulation No. 8543, known as the Regulation on Adjudicative, Notice of Non-Compliance, Rate Review, and Investigative Procedures, regarding the review of final decisions on objections to bills issued by PREPA shall apply to the objections and requests for investigation filed before any Electric Service Company once this Regulation has entered into force.

**Section 1.05.- Interpretation.**

This Regulation shall be interpreted in such a way as to promote the highest public interest and the protection of Puerto Rican consumers, and in such a way that the procedures are carried out quickly, fairly, and economically.

**Section 1.06.- Provisions of Other Regulations.**

The provisions of this Regulation may be supplemented by the provisions of other regulations of the Puerto Rico Energy Commission that are compatible with the provisions of this Regulation.

**Section 1.07.- Unforeseen Proceedings.**

Where a specific proceeding has not been foreseen by this or any other regulation of the Commission, it may be carried out in any way that is consistent with Law 57-2014, as amended.

**Section 1.08.- Definitions.**

A) For the purposes of this Regulation, the following terms shall have the meaning that is established below, except where the context and the content of a provision clearly signifies something different:

1) "Agency" or "Public Instrumentality" refers to all organisms, entities, or corporations that are part of the Government of the Commonwealth of Puerto Rico.

2) "Fiscal Year" refers to the period of twelve (12) months beginning on July 1 of a calendar year and ending on June 30 of the following calendar year.

3) "Authority" or "PREPA" refers to the "Puerto Rico Electric Power Authority".

4) "Transition Charge" refers to the charges and rates that are independent of the Authority's charges and rates, as defined in Law 4-2016, known as the Puerto Rico Electric Power Authority Revitalization Act ("Law 4-2016").

5) "Customer" or "Consumer" refers to any natural or legal person that has requested and obtained electric power service from any Electric Service Company, and that continues to be provided with such, so long as a request to discontinue service is not formalized and access is provided for the disconnection thereof.

6) "Commission" or "Energy Commission" refers to the "Puerto Rico Energy Commission", as well as its hearing officers, administrative judges, and the governing body of convened commissioners, when acting in the name of the Commission.

7) "Electric Service Company" or "Company" includes:

a) PREPA;

b) Any natural or legal person or entity that is in the business of offering electric power consumers retail electric power distribution or supply service; and

c) Any natural or legal person or entity in the business of billing retail electric power distribution or supply service to electric power

6

consumers.

8) "Electric Power Service Bill" or "Electric Bill" or "Bill" refers to the document sent periodically by the Electric Service Company to Customers or consumers wherein all the components, charges, or rates that make up the final consumption cost each Customer or Consumer must pay are listed. Bills may be sent by regular mail, email, or accessed by the Customer through a website.

9) "Municipality" refers to the local government legal entity, composed of a Legislative and an Executive Power, subordinate to the Constitution of the Commonwealth of Puerto Rico and its laws, that is responsible for a geographical demarcation with all of its wards (*barrios*), and which has a specific name. For the purposes of this Regulation, the term "municipality" includes municipal offices or entities, whether or not they have their own independent legal personality or that of the municipality, the electric power service consumption of which is covered by the Contribution in Lieu of Taxes mechanism.

10) "CEPPO" refers to the "Commonwealth Energy Public Policy Office".

11) "ICPO" refers to the "Independent Consumer Protection Office".

12) "Person" includes any natural person, company, or legal person, regardless of how it has been organized.

13) "Informal Administrative Procedure" or "Informal Procedure" refers to the rules established in Article 6.27 of Law 57-2014, as amended, and in this Regulation. Said Informal Procedure shall include the process to be followed by persons and Customers in relation to objections to electric bills and the procedure for the suspension of service before Electric Service Companies.

B) All words used in singular in this Regulation shall be understood to also include the plural, except where the context indicates otherwise. Similarly, the terms used in the masculine gender shall include the feminine and vice versa.

## Section 1.09.- Dates and Terms.

In computing any time period granted by this Regulation, or by Order of the Commission, the day of the occurrence of the event, act, or omission that triggers the term shall not be counted and the fixed period shall begin to elapse on the following day. Should a due date or the end of a term fall on a legal holiday, Saturday, or Sunday, said due date or term shall be extended through to the following workday.

## Section 1.10.- Language.

A) Should there be any discrepancy between the Spanish and English versions of this Regulation, the provisions of the Spanish version shall prevail.

B) Proceedings heard before the Commission shall be conducted in the Spanish language. Nevertheless, upon request by a party, and where the request has merit, the Commission may order the proceedings to be conducted in the English language, so long as this is compatible with the fair resolution of the matters pending before it.

C) Requests and documents must be filed in Spanish or English, according to the preference of the appearing party. Any document that must be submitted by a party or other person that does not understand Spanish or English, may be drafted in the vernacular of said party or person, so long as it is accompanied by a certified translation into Spanish or English.

D) The translation of documents filed in the English language shall not be necessary or mandatory. Nevertheless, in cases where justices so requires, or where the translation of the documents filed is indispensible for the fair resolution of the matter, the Commission shall order the documents translated into the Spanish language.

E) All documents filed in any other language that is not Spanish or English must be accompanied by a certified translation into Spanish or English.

**Section 1.11.- Severability.**

If any article, provision, word, sentence, subsection, or section of this Regulation were, for any reason, challenged before a court of law and declared unconstitutional or null and void, said judgment shall not affect, diminish, or invalidate the remaining provisions of this Regulation, rather its effect shall be limited to the article, provision, word, sentence, subsection, or section so declared unconstitutional or null and void. The nullity or invalidity of any article, provision, word, sentence, subsection, or section in a specific case shall not affect or be detrimental in any way to its application or validity in any other case, except where it has been specifically and expressly invalidated for all cases.

**Section 1.12.- Forms.**

The Commission, PREPA, or the Electric Service Company shall establish forms for the filing of the information required by this Regulation, and shall place them at the disposal of the public through their websites. However, the fact that the Commission, PREPA, or the Electric Service Company has not adopted one or more forms, is in the process of reviewing them, or the website is offline, shall not release any person whatsoever of their obligation to file the required information opportunely. Should any of the circumstances mentioned above occur, the person shall file the full information, specifying the Articles, Sections, and subsections of this Regulation it pertains to in a document of his or her own creation.

**Section 1.13.- Validity.**

This Regulation shall enter into force following thirty (30) days of its filing before the Puerto Rico State Department, pursuant to the provisions of Chapter II of Law No. 170 of August 12, 1988, as amended, known as the Uniform Administrative Procedure Act.

**CHAPTER II- INFORMAL ADMINISTRATIVE PROCEDURE
FOR OBJECTING TO ELECTRIC BILLS**

**ARTICLE 2.- GENERAL PROVISIONS REGARDING THE INFORMAL ADMINISTRATIVE PROCEDURE FOR OBJECTING TO ELECTRIC BILLS**

**Section 2.01.- Publication of the Informal Administrative Procedure for Objecting to Electric Bills.**

All Electric Service Companies must publish the Informal Administrative Procedure for Objecting to Electric Bills established in this Regulation, including the procedure for requesting reconsideration and review before the Commission, on their website, together with the information requirements that the Customer must file and the forms related to it within a period of fifteen (15) days, beginning on the effective date of this Regulation. The referred websites must include a direct link form their homepage to the place where the Informal Procedure and related forms are stored, for the purposes of ease of access. Furthermore, Electric Service Companies must publish the Informal Procedure in a place that is easily accessible by the public in each one of their regional and commercial offices where Customer service is provided.

**Section 2.02.- Requirement to Exhaust the Informal Administrative Procedure Prior to Going Before the Commission.**

All Customers must exhaust before the Electric Service Company the Informal Administrative Procedure for Objecting to Electric Bills established in this Regulation prior to requesting a formal review of any objection from the Energy Commission. Through this Informal Administrative Procedure, the Customer shall explain the grounds for objecting before the Electric Service Company and shall attempt to resolve the matter directly with the Company.

**Section 2.03.- Collection of Past Due Bills; Prohibition.**

Informing the credit bureaus of the past due accounts of residential Customers of any Electric Service Company is prohibited as a collection practice or as a means of compelling payment, except where the matter pertains to accounts the past due balances of which correspond to one or more non-objected Electric Bills of a Customer that is not enrolled in a payment plan, the balance of which and recurring failure to pay, following two (2) or more requests for payment and having exhausted all of the collection mechanisms that are typical in business in situations where Customers have failed to pay for services, thus denote the intent to not comply with the Customer's payment obligations to the Electric

Service Company or that otherwise imply the intent to defraud the Electric Service Company.

## CHAPTER III – BILLING BY ELECTRIC SERVICE COMPANIES

**ARTICLE 3.- SPECIFIC BILLING POLICIES FOR ELECTRIC SERVICE COMPANIES**

**Section 3.01.- Plain Language in Bills and Notices.**

All Bills or notices regarding the Informal Administrative Procedure issued by any Electric Service Company to a Customer must be drafted clearly and plainly so that they are easy to understand without requiring that readers posses any specialized knowledge for their comprehension.

**Section 3.02.- Minimum Content of Bills.**

All Bills sent by any Electric Service Company to its Customers must include a notice of their right to object to said bill and request an investigation by the Electric Service Company. The font size in which said notice is printed may not be of size that is smaller than the font size used to identify the charges included in the bill. This notice shall, at the minimum, include the following:

1. The billing date and the date that the Bill is due. The due date shall be, at minimum, thirty (30) days from the date that the Bill is sent by email. In the case of Bills addressed to public entities, including municipalities, the notice shall state that the due date shall be, at minimum, forty-five (45) days from the date that the Bill was sent by email. In cases where the Bill is sent by regular mail, the notice shall state that the terms shall begin to elapse on the date of the postal stamp. If the Bill sent by regular mail does not have a postal stamp, the terms shall begin to elapse three (3) days following the date of issuance of the Bill.

2. That the Customer has until the due date on the Bill to pay it or, on the contrary, file an objection to the Bill and request the corresponding investigation.

3. That, in order to object to the Bill, the Customer must pay an amount equal to average of the non-disputed Bills during the six (6) months that precede the objected Bill and request an investigation from the Electric Service Company, which will not affect the provision of service to the Customer. Similarly, the Bill must advise that, in cases where there is not a billing history of at least six (6) months worth of non-objected Electric Bills, the Customer must pay the amount equal to the average of the preceding non-objected Bills. In cases where the objected Bill is the first Electric Bill the Company has issued to the Customer, the latter shall be exempt from payment at the time of the filing of the request for investigation or objection. In cases where the average of the non-objected bills is greater than the objected bill, the Customer must pay the amount of the objected bill.

4. The means available for filing an objection to the Bill, in accordance with the provisions of Section 4.04 of this Regulation.

5. The contact information of the Customer service office where any objection or claim related to the Bill may be addressed.

6. The contact information of the Puerto Rico Energy Commission and the Independent Consumer Protection Office. The Bill shall indicate the most convenient means for contracting these entities, among them: business hours, street and mailing address, telephone numbers, websites, email addresses, or the street addresses of citizen contact points.

**Section 3.03.- Calculation Errors for Residential Customers.**

All Electric Service Companies shall have a maximum period of one hundred and twenty (120) days from the date of issuance of the Electric Power Bill to notify residential Customers in writing of any calculation errors in the charges. Once said period has elapsed, the Electric Service Company may no longer claim retroactive charges for computational errors in the charges such as administrative or operational errors, or errors in the reading of electric power consumption meters or measuring devices.

The above provisions shall not apply to commercial, industrial, or institutional Customers or Customers of any other nature. Nor will they be applicable to the charges or periodic adjustments provided in the rate approved by the Commission or the Transition Charges stemming from the securitization structure as this term is defined in Law 4-2016.

The written notice regarding a calculation error in the charges that the Company sends a residential Customer shall include the following information:

1) An offer to the Customer of a reasonable payment plan, which shall have a maximum term of twenty-four (24) months during which the entire debt resulting from the calculation error in the charges must be paid in full.

2) That the customer shall have a period of thirty (30) days from the date that the notice of a calculation error was sent to respond in writing to the payment plan offer, or, on the contrary, file an objection to the calculation error identified and request the appropriate investigation. In cases of notices of calculation errors addressed to public entities, including municipalities, said period will be of forty-five (45) days. In those cases where the written notice is sent by regular mail, the applicable term shall begin to elapse on the date of the postal stamp. Should the notice sent by regular mail not have a postal stamp, the applicable term shall begin to elapse three (3) days from the date of issuance of the Bill. Where the notice has been sent by email, the term shall begin to elapse on the date that the Company sent the notice via email.

3) That, should the Customer accept the payment plan, he or she must specify in their answer that the Customer consents to be subjected to the number of installments specified in the offer in order to pay the debt in full in accordance with his or her financial capacity. Should there be no response within the time period described above, it will be understood by the Company that the Customer has rejected the payment plan offer.

4) That the Customer must notify the Company of his or her response as to the payment plan in writing by regular mail or email. Likewise, the notice must include the mailing address or email of the Company to which the Customer shall send said reply.

5) At least one telephone number and one email address through which Customers may contact the Company with their questions and obtain answers regarding the notice of calculation error or the payment plan.

6) Additionally, the Company shall include all the necessary information required to fully and opportunely file an objection to the calculation errors identified.

The provisions of this Section shall not be applicable to Bills issued based on estimates: (1) in those cases where those Customers who do not have digital meters keep their meters in places that are not visible to the personnel that takes readings; or (2) where force majeure events, such as hurricanes, among others, have occurred which prevent the reading of meters of any kind. In these cases, the Electric Service Company must point out those adjustments in its notice of any calculation errors in the charges, including dates and specific amounts, that correspond to reading errors based on force majeure events or the fact that the meter was not visible to the personnel taking the reading.

## CHAPTER IV.- INFORMAL ADMINISTRATIVE PROCEDURE FOR OBJECTING TO BILLS BEFORE ELECTRIC SERVICE COMPANIES

**ARTICLE 4.- OBJECTING TO BILLS BEFORE ELECTRIC SERVICE COMPANIES**

**Section 4.01.- Right of All Customers to Object to Their Bill.**

All Customers may object to or challenge any charge, mistaken classification regarding the bill type, mathematical calculation, or adjustment of the Electric Power Service Bill and request an investigation by the appropriate Electric Service Company, pursuant to the provisions of this Regulation, within a period of at least thirty (30) days, from the date that the Bill was sent by email. In the case of Bills addressed to public entities or instrumentalities, including municipalities, said period shall be of forty-five (45) days, from the date that the Bill was sent by email. In cases where the Bill was sent by regular mail, both periods shall begin to elapse from the date of the postal stamp. Should the Bill sent by regular mail not have a postal stamp, the terms shall begin to elapse three (3) days from

the date of issuance of the Bill.

The above notwithstanding, in the case of PREPA, no Customer may use this procedure for objecting to or challenging the current rate or the Transition Charge from the securitization structure billed by the Authority or the Servicer, as defined in Law 4-2016.

**Section 4.02.- Principles Governing the Informal Administrative Procedure for Objecting to Bills Before Electric Service Companies.**

A) The provisions of Chapter III of Law No. 170 of August 12, 1988, as amended, known as the Uniform Administrative Procedure Act, shall not apply to the Informal Administrative Procedure for Objecting to Bills established in this Regulation, in accordance with the provisions of Article 6.27 of Law 57-2014, as amended.

B) Disputes regarding Electric Bills or electric services shall be processed diligently and in a way that is not discriminatory.

**Section 4.03.- Informal Administrative Procedure for Municipalities.**

Municipalities must exhaust the Informal Administrative Procedure for Bill Review, as provided in the Regulation on Contribution In Lieu of Taxes (CILT) of the Puerto Rico Energy Commission that is applicable to those municipal entities that receive said benefit.

Those municipal entities that by their nature do not receive contributions for CILT shall, for all intents and purposes, be considered Customers as defined in this Regulation, and all of the provisions herein shall be applicable to them.

**Section 4.04.- Means for Filing an Objection to an Electric Bill and Requesting an Investigation from the Electric Service Company.**

All Electric Service Companies shall establish at least three (3) distinct means through which their Customers may notify their objections and/or requests for investigation of their Bills. These means may include, but shall not be limited to, Customer service offices, certified mail, fax, telephone, email, or websites, among others, so long as the date of the filing of the objection and request for investigation can be established with certainty.

Customers may notify their objections and requests for Bill investigation to the Electric Service Company by any of the means established by said Company. In those cases where an Electric Service Company establishes certified mail as one of the means for filing objections to bills or requests for investigation, it shall be understood that the filing date is the date on which it is available for pick-up according to the United States Postal Service.

**Section 4.05.- Requirement to Pay the Objected Electric Bill.**

In order to able to object to a Bill and request the appropriate investigation, Customers must pay an amount equal to the average of the non-objected Bills during the six (6)

months that preceded the objected Bill. In cases where there is no history of at least six (6) months of non-objected Bills, Customers must pay the amount equal to the average of the preceding non-objected Bills. In both cases, if the amount of the objected bill is less than the average of the non-objected bills, Customers must pay the objected electric bill in full.

In cases where the objected Bill is the first Electric Bill the Company has issued to the Customer, the latter must pay a sum that is equal to the deposit that was required of him or her at the time that the contract for electric service was subscribed or the amount of the objected bill, whichever is less. Electric Service Companies shall not be obligated to initiate an investigation until the amount referred to above has been paid.

If the final decision of the Company, the final resolution of the Commission, or the result of the judicial review is favorable to the Customer, the Electric Service Company shall refund or accredit any amount that the Customer has paid in excess, plus interest at an annual rate of ten percent (10%), the calculation of which shall be based on said excess.

### Section 4.06.- Obligation to Pay Future Electric Bills.

The filing of an objection to and request for investigation of an Electric Bill before the Electric Service Company shall not exempt objecting Customers from their obligation to pay future Bills for the electric services provided to them by the Company. Nevertheless, Customers have a right to object to future Electric Bills, in accordance with the provisions of Section 4.01 of this Regulation, whenever they believe they have grounds to do so.

### Section 4.07.- Information That Must be Provided by the Customer When Filing the Objection.

Upon filing an objection to or a request for the investigation of an Electric Bill, Customers must provide, at minimum, the following information:

1) The name of the Customer filing the objection;

2) The service account number;

3) The identification number of the objected Bill;

4) The reasons for said objection;

5) The Customer's telephone number, street and mailing addresses, and email address;

6) A copy of the receipt for the payment of the average of the Bills pursuant to the provisions of Section 4.05 of this Regulation. Should the Customer file the objection by telephone, the Customer must provide the confirmation number of the payment receipt.

All objections to Bills that do not comply with the provisions of this Section shall be treated as if they were never filed and shall have no legal effect whatsoever.

**Section 4.08.- Initial Response from the Electric Service Company.**

Upon the filing of a notice of objection to a Bill and a request for investigation from a Customer, the Electric Service Company shall assign it a reference number (or case number) and will confirm its receipt by way of an automated response via email, personal delivery if the notice were given in any customer service office, or any other method identified by the Customer in the notice of objection or in his or her account information with the Electric Service Company. All communications from the Electric Service Company with regard to the objection filed by the Customer must include the reference number (or case number) assigned to it.

Electric Service Companies may establish, with the approval of the Commission, additional methods of receipt confirmation, so long as these are not onerous for Customers. Together with the receipt confirmation, Electric Service Companies shall provide Customers with a detailed copy of the informal procedure for bill review before the Electric Service Company and of any relief mechanism offered by the Company by virtue of this process, including a illustrated outline explaining every stage of the procedure and the time periods or terms related thereto.

**Section 4.09.- Defective Objection.**

If the objection to the Bill and request for investigation filed by the Customer were insufficient or incomplete due to noncompliance with the requirements established in Sections 4.05 and 4.07 of this Regulation, the Company shall notify the Customer in writing of this fact and shall identify the reasons for the insufficiency or the information the Customer failed to include when filing the objection. The company shall give this written notice within a period that shall not exceed ten (10) days from the date that the Customer submitted the defective objection.

The Customer must then correct the deficiency in the objection to the Bill as identified by the Electric Service Company within a period of fifteen (15) days from the third day following the date of notice. In those cases where Customers do not correct the deficiencies notified by the Electric Service Company within the time period established in this section, the objection to the Bill and request for investigation shall be considered to have never been filed. The period of thirty (30) days during which to give written notice to Customers of the initiation of the investigation or administrative process established in Section 4.10 of this Regulation shall begin to elapse once again from the date that the Customer has corrected the deficiencies in the objection to the Bill and request for investigation.

**Section 4.10.- Term for Initiating the Investigation or Informal Administrative Procedure for Objecting to Bills and Notice to the Customer.**

Upon the filing of an objection and request for investigation, and the appropriate payment

having been made pursuant to the provisions of Section 4.05 of this Regulation, the Electric Service Company must initiate the appropriate investigation or administrative process and give written notice to the Customer of this fact within a period of thirty (30) days from the date on which the Customer filed the objection. The notice must include the date on which the Electric Service Company began the investigation.

Should the company not initiate the appropriate investigation or administrative process with regard to the objection and request for investigation within the time period established in this Section, it shall be understood that the company has granted the Customer's objection and binds itself to make the necessary adjustments to the objected bill as requested by the Customer. The company must carry out the referred adjustments and give written notice thereof to the Customer within a period of fifteen (15) days from the date of expiry of the original term of thirty (30) days.

**Section 4.11.- Term for Determining the Result of the Investigation of the Objected Bill and Notice to the Customer.**

Once the investigation or administrative process regarding the objection and request for investigation has been initiated, the Electric Service Company must conclude said investigation or administrative process, issue the appropriate ruling, and give written notice to the Customer of the result of it within a period of sixty (60) days from the date that the investigation or administrative process was initiated.

Should the company not issue the ruling referred to above or not give written notice thereof to the Customer within the time period established in this Section, it shall be understood that the company has granted the Customer's objection and binds itself to make the necessary adjustments to the objected bill as requested by the Customer. The company must carry out the referred adjustments and give written notice thereof to the Customer within a period of fifteen (15) days from the date of expiry of the original term of sixty (60) days.

**Section 4.12.- Method and Content of Notice of the Result of the Investigation to Customers.**

Electric Service Companies shall serve written notice of the result of their investigation to Customers at the mailing address that is on record or the email address provided with the filing of the objection and request for investigation, in accordance with the provisions of Section 4.07 of this Regulation.

Notice of the result of the investigation shall include, at minimum, the following information:

A)  The Customer's account number;

B)  The reference number (or case number) of the objection filed;

C) The number of the objected Bill and the amount of money subject to the disputed bill;

D) The Company's decision;

E) The amount of money related to any adjustment that the Electric Service Company has made to the bill as a result of its investigation;

F) The grounds for the Electric Service Company's decision, specifying the technical method used to obtain the results that led to its decision;

G) Notice to the customer of his or her right to request a reconsideration of the result of the investigation before a higher-ranking official;

H) All of the contact information and other information necessary for filing a request for reconsideration fully and opportunely;

I) Instructions and the time period within which the request for Reconsideration must be filed, pursuant to Section 4.14 of this Regulation.

**Section 4.13.- Reconsideration of the Result of the Investigation of the Objected Bill.**

If a Customer is not satisfied with the initial decision regarding the objection to the bill and the result of the investigation by the Electric Service Company, he or she may request, in writing, that said Company reconsider the initial decision. The Electric Service Company shall remit all requests for reconsideration to the attention of an official of higher ranking than that of the official who carried out the initial investigation.

All requests to reconsider must be filed within a period of twenty (20) days from the date of notice of the Electric Service Company's decision regarding the result of its investigation. Customers may file their requests for reconsideration before Electric Service Companies by way of any of the methods established by the Electric Service Company for those purposes, which may include certified mail, fax, or email, among others.

**Section 4.14.- Notice of the Final Decision Regarding the Objected Bill.**

The Electric Service Company shall evaluate the request to reconsider and give written notice to the Customer of its final decision within a period of thirty (30) days from the date of the filing of the request to reconsider. Said notice must include the information required in subsections (A) through (H) of Section 4.12 of this Regulation.

All final decisions of Electric Service Companies must clearly advise the customer in writing of his or her right to file a request for review before the Commission. Electric Service Companies shall inform their Customers that they have a period of thirty (30) days during which to file a request for review before the Commission, as well as the necessary information required to file said request for reconsideration before the Commission fully

and opportunely. Companies shall include the Commission's contact information in said notice.

Should a Company not issue or give notice of its final decision regarding the request for reconsideration within the period of time established in this Section, it shall be understood that the Company has granted the Customer's objection and that it binds itself to make the appropriate adjustments in the objected bill as requested by the Customer. The company must make the referred adjustments and give written notice thereof to the Customer within a period of fifteen (15) days, from the date of expiry of the original period of thirty (30) days.

**CHAPTER V.- FORMAL PROCEDURE FOR REVIEW BEFORE
THE PUERTO RICO ENERGY COMMISSION**

**ARTICLE 5.- GENERAL PROVISIONS REGARDING THE FORMAL PROCEDURE FOR REVIEW BEFORE THE ENERGY COMMISSION**

**Section 5.01.- Standing for the Review of Disputes Before the Commission.**

Any customer who is not satisfied with the final decision of an Electric Service Company as it pertains to a complaint or objection to a Bill may initiate a formal review procedure before the Energy Commission within a period of thirty (30) days from the date of notice of the final decision. Upon filing a request for review, the complainant must show that he or she has faithfully complied with all of the requirements established in Article 6.27 of Law 57-2014 of this Regulation.

The ICPO shall also have standing to initiate review procedures before the Commission as a representative of any Customer of an Electric Service Company who has no other legal representation. Prior to filing a request for review as a representative of an electric service Customer, the ICPO must verify and accredit before the Commission that the Customer has complied with the requirements established in Article 6.27 of Law 57-2014 and this Regulation.

**Section 5.02.- Prohibition Against Collection During the Review Before the Commission.**

Electric Service Companies may carry out collection measures with regard to the amounts objected to by way of the Informal Administrative Procedure for Bill Review once they have issued their final decision and the period of thirty (30) days that Customers have during which to request a review before the Commission has expired.

In cases where Customers have requested a review before the Commission, collection measures may not be taken with regard to the objected amounts until the Commission's decision is final and unappealable. Nevertheless, Electric Service Companies may initiate any collection process with their Customers in relation to any debt arising prior to or following the objected Electric Bill, that is unpaid and has not been objected to.

**Section 5.03.- Formal Procedure for the Review of Electric Bills Before the Commission.**

The procedure for the review of Electric Bills before the Commission shall be governed by the provisions of the Regulation on Adjudicative, Notice of Non-Compliance, Rate Review, and Investigative Procedures of the Puerto Rico Energy Commission. The Commission shall review the objection filed by the Customer anew, from the beginning, and shall not ascribe any deference whatsoever to the final decision of the Electric Service Company regarding the objection and the result of the investigation.

**Section 5.04.- Summary Procedure for the Review of Electric Bills Before the Commission.**

The provisions of Section 5.03 of this Regulation notwithstanding, where the amount objected to in a procedure for the review of an electric bill is equal to or less than five thousand dollars ($5,000.00), the Customer may opt to request the review of the final decision of the Electric Service Company before the Commission by means of the summary procedure described in this Section.

As part of the request, the Customer shall include all the documentation that he or she believes sustains the claims included in the request for review, along with a copy of the Company's final decision, including evidence of the date of notice. In those instances where the request filed does not contain all of the required information, said request shall be deemed to have never been filed.

Once it has been determined that the request was filed satisfactorily, the Commission shall set a date for an administrative hearing and shall give notice to the Electric Service Company within a period of no more than five (5) days from the date that the request was received. Said notice shall be given by email or any other method of written communication.

The administrative hearing shall be held within a period of forty-five (45) days from the date that notice was given, but never before fifteen (15) days have elapsed. The notice shall advise the Electric Service Company that during the hearing it must set forth its position with respect to the objection to the bill and that, should it fail to appear, an order or ruling may be issued against it.

The Commission shall review the objection filed by the Customer anew, from the beginning, and shall not ascribe any deference whatsoever to the final decision of the Electric Service Company regarding the objection and the result of the investigation. The Commission shall hear all litigious matters during the administrative hearing and may immediately issue a final resolution. If the Electric Service Company fails to appear and the Commission determines that it had been duly notified, the Commission may hear and resolve the claim before it. The calling of witnesses shall not be necessary where the Electric Service Company has failed to appear.

The Commission may, of its own accord or upon request by a party, continue any summary procedure by way of the formal procedure , as provided in Section 5.03 of this Regulation, where doing so represents the best interests of the parties.

**Section 5.05.- First Appearance of the Respondent Company; Requirements.**

During its first appearance, the respondent Electric Service Company must establish before the Commission that it has faithfully complied with all of the requirements provided in Article 6.27 of Law 57-2014 and this Regulation.

**Section 5.06.- Judicial Review.**

Any party that is dissatisfied with the final resolution issued by the Commission may seek relief before the Court of Appeals by way of a request for judicial review, pursuant to the provisions of Law No. 170 of August 12, 1988, as amended, known as the Uniform Administrative Procedure Act.

## CHAPTER VI.- SUSPENSION OF ELECTRIC SERVICE

**ARTICLE 6.- GENERAL PROVISIONS REGARDING THE PROCEDURE FOR THE SUSPENSION OF ELECTRIC SERVICE DUE TO FAILURE TO PAY**

**Section 6.01.- Suspension of Service as a Result of Failure to Pay; General Rule.**

Should a Customer fail to pay an Electric Bill and neglect to use or does not exhaust the procedure for objecting to Bills within the terms provided in this Regulation, the Electric Service Company may suspend electric service to said Customer until the corresponding debt has been paid.

Where said Customer is a Municipality or a municipal facility that receives the benefit of contributions under CILT, PREPA must comply with all of the provisions regarding Suspension of Service as established in the Regulation on Contributions In Lieu of Taxes of the Puerto Rico Energy Commission.

**Section 6.02.- Warning Prior to the Suspension of Electric Service.**

Once the period of thirty (30) days that a Customer has during which to pay, object to, or request the investigation of a Bill, as defined in this Regulation, has elapsed without the appropriate payment having been made, the Bill objected to, or an investigation in this regard having been requested, or if the decision arising from the Electric Bill review procedure becomes final and unappealable, the Electric Service Company shall send the Customer a written warning regarding the suspension of service and it shall include the exact date after which service may be suspended. Said warning shall be notified to the Customer at least ten (10) days prior to the initiation of the suspension procedure.

**Section 6.03.- Suspension of Electric Service.**

Suspension of electric service shall never take place on a Friday, Saturday, Sunday, or holiday, nor on the workday that precedes the latter.

**Section 6.04.- Prohibition Against Proceeding with Suspension of Electric Service.**

Where a Customer has initiated the Informal Administrative Procedure for Objecting to Bills Before Electric Service Companies and the objection complies with all the requirements established in this Regulation, the Company may not initiate the process for the suspension of service in relation to the disputed amount until the former procedure has come to a conclusion and the decision arising from it has become final and unappealable in accordance with the provisions of this Regulation.

So agrees the Commission in San Juan, Puerto Rico, on November 23, 2016.


_____          _____
José H. Román Morales                 Ángel R. Rivera de la Cruz
Acting Chairman & Associate Commissioner        Associate Commissioner