**EXHIBIT 37**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

**STIPULATION CONCERNING CERTAIN DISCOVERY AND EVIDENCE RELATING TO CONCESSIONAIRES IN CONNECTION WITH JOINT MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY AND AAFAF PURSUANT TO BANKRUPTCY CODE SECTIONS 362, 502, 922, AND 928, AND BANKRUPTCY RULES 3012(A)(I) AND 9019 FOR ORDER APPROVING SETTLEMENTS EMBODIED IN THE RESTRUCTURING SUPPORT AGREEMENT AND TOLLING CERTAIN LIMITATIONS PERIODS**

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

WHEREAS, on May 10, 2019, the Financial Oversight and Management Board for Puerto Rico (the "FOMB"), the Puerto Rico Electric Power Authority ("PREPA"), by and through the FOMB as PREPA's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF", together with the FOMB and PREPA, the "Government Parties") filed the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(i) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* (ECF No. 1235)[3] (the "9019 Motion").

WHEREAS, the 9019 Motion seeks approval of a Definitive Restructuring Support Agreement ("RSA") between the Government Parties, the Ad Hoc Group of PREPA Bondholders[4] (the "AHG"), Assured Guaranty Corp. ("AGC"), and Assured Guaranty Municipal Corp. ("AGMC", and together with AGC, "Assured").

WHEREAS, Syncora Guarantee Inc. ("Syncora" and, together with the Government Parties, the AHG, and Assured, the "RSA Parties") has reached an agreement in principle with the Government Parties concerning, but has not yet signed, the RSA.

WHEREAS, on May 22, 2019, the Court entered an initial scheduling order for the 9019 Motion [ECF No. 1253] (the "Scheduling Order") governing discovery served by, among other parties, the Official Committee of Unsecured Creditors for all title III Debtors (other than COFINA) (the "Committee") and Unión de Trabajadores de la Industria Eléctrica y Riego Inc. ("UTIER", and, together with the Committee, the "Potential Objectors", and the Potential

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.
[3] "ECF No." refers to documents filed in Case No. 17-BK-4780-LTS, unless otherwise noted.
[4] The Ad Hoc Group of PREPA Bondholders are identified in the RSA, which is attached to the proposed order to the 9019 Motion as Schedule 1 (ECF No. 1235-1).

Objectors together with the RSA Parties, the "Parties") in connection with the 9019 Motion and setting an evidentiary hearing for July 24-25, 2019.

WHEREAS, on June 20, 2019, the Court entered a revised schedule establishing revised discovery and briefing deadlines and setting an evidentiary hearing for September 11, 2019 [ECF No. 1366] (the "Scheduling Order").

WHEREAS, the Committee has served discovery requests and/or subpoenas on various parties and third parties, including Duke Energy Corp., Exelon Corp., PSEG Services Corp., and a member of the consortium composed of ATCO Ltd., IEM, and Quanta Services Inc. (collectively, the "Concessionaires", and the subpoenas served on such parties, the "Concessionaire Subpoenas") with respect to the proposed transformation and privatization of PREPA (the "Proposed Transformation"); and

WHEREAS, the Government Parties have objected and asked the Committee to withdraw the Concessionaire Subpoenas.

NOW, THEREFORE, IT IS HEREBY STIPULATED by the Parties as follows:

1. The Committee shall mail a letter to each of the Concessionaires, copied by email to the undersigned counsel, by 12:00 p.m. on July 10, 2019, stating that the Concessionaire Subpoenas have been withdrawn and that the Concessionaires need not respond to such subpoenas.

2. UTIER agrees that it will not serve a subpoena on the Concessionaires in connection with the 9019 Motion.

3. In exchange for the Committee's agreement to withdraw the Concessionaire Subpoenas and UTIER's agreement not to serve any such subpoenas, the RSA Parties agree that they will not, in connection with the 9019 Motion, (i) present the testimony of (whether by deposition, declaration, live in-court testimony, or otherwise) any employee or other representative

-3-

of any Concessionaire or any other potential investor or partner in the Proposed Transformation (together with the Concessionaires, any "Transformation Party"), or (ii) otherwise attempt to rely upon, either directly or indirectly, any statements, assertions, opinions, actions taken, actions not taken, or views expressed by a Transformation Party to support any allegation, argument, request for relief, or other position in connection with the 9019 Motion. For the avoidance of doubt, the foregoing means, by way of illustration only and without limitation, that no pleadings filed by the RSA Parties and no witness or expert providing testimony on behalf of or called by the RSA Parties may use or refer to information acquired from or attributed to a Transformation Party to support the assertion in the 9019 Motion that the settlement of PREPA bond claims will help facilitate the Proposed Transformation; *provided, however,* nothing herein shall prevent or restrict the RSA Parties from offering evidence (whether by deposition, declaration, live in-court testimony, or otherwise) based upon a declarant's/witness' general knowledge of or experience in the marketplace and with participants in the marketplace, in all cases unrelated to the Proposed Transformation, regarding a potential investor or partner's concern regarding the disposition or repayment of prepetition debt, but without reference to any statement (oral or written) by any particular person or entity.

4. The Potential Objectors agree that the restrictions on the presentation of testimony or evidence from Transformation Parties set forth in paragraphs 3(i) and (ii) above apply to the Potential Objectors, as well as the RSA Parties.

5. The Parties agree that any evidence offered in violation of paragraph 3 of this Stipulation shall not be admissible at the hearing on the 9019 Motion.

6. Notwithstanding anything herein to the contrary, if any party in interest should serve discovery on the Concessionaires in connection with the 9019 Motion, and the RSA

-5-

Parties are unable to obtain an order quashing such discovery despite their best efforts, then the terms of this Stipulation shall not apply, and all Parties reserve all rights with respect to the taking of discovery from and the presentation of evidence regarding the Concessionaires and other Transformation Parties.

7. If this Stipulation no longer applies either by operation of paragraph 6 or due to a breach by the RSA Parties, the RSA Parties agree not to object to a subpoena or other discovery issued by the Potential Objectors to the Concessionaires on the grounds that such discovery is untimely.

8. Paragraph 3 of this stipulation shall also apply to the FOMB and AAFAF's *Motion Pursuant to Fed. R. Civ. P. 12(b)(6) to Dismiss Insurer's Motion for Relief from the Automatic Stay to Seek Appointment of a Receiver* [ECF No. 1233], which is scheduled to be heard on the same date as the 9019 Motion.

9. This Stipulation may be submitted to the Court in connection with the 9019 Motion, including without limitation as part of the submission of declarations and exhibits in accordance with the Scheduling Order or any revised scheduling order.

10. The Parties agree to submit to the jurisdiction of the United States District Court for the District of Puerto Rico as to any disputes arising out of this Stipulation.

[*remainder of page intentionally left blank*]

IT IS HEREBY STIPULATED:

Dated: New York, New York
July 9, 2019

**PROSKAUER ROSE, LLP**

/s/ Gregg M. Mashberg

Martin J. Bienenstock
Ehud Barak
Margaret A. Dale
Gregg M. Mashberg
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900
mbienenstock@proskauer.com
ebarak@proskauer.com
mdale@proskauer.com
gmashberg@proskauer.com

-and-

Paul V. Possinger
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel: (312) 962-3550
Fax: (312) 962-3551
ppossinger@proskauer.com

-and-

**DEL VALLE EMMANUELLI LAW OFFICES**

Luis F. del Valle Emmanuelli
PO Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932
devlawoffices@gmail.com

*Attorneys for The Financial Oversight and Management Board for Puerto Rico, as representative of The Commonwealth of Puerto Rico and the Puerto Rico Electric Power Authority*

**O'MELVENY & MYERS LLP**

/s/ Elizabeth L. McKeen

Elizabeth L. McKeen, Esq.
Peter Friedman, Esq.
John J. Rapisardi, Esq.
Seven Times Square
New York, NY 10036
emckeen@omm.com
pfriedman@omm.com
jrapisardi@omm.com

*Counsel for Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF")*

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

/s/ Natan M. Hamerman

Amy Caton
Thomas Moers Mayer
Natan M. Hamerman
Alice J. Byowitz
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
acaton@kramerlevin.com
tmayer@kramerlevin.com
nhamerman@kramerlevin.com
abyowitz@kramerlevin.com

*Counsel for the Ad Hoc Group of PREPA Bondholders*

-6-

**PAUL HASTINGS LLP**

/s/ *[signature]*

Luc A. Despins, Esq.
lucdespins@paulhastings.com
200 Park Avenue
New York, New York 10166

Nicholas A. Bassett, Esq.
875 15th Street NW
Washington, DC 20005
nicholasbassett@paulhastings.com

*Counsel for the Official Committee of Unsecured Creditors*


**BUFETE EMMANUELLI C.S.P.**

/s/   Rolando Emmanuelli Jiménez

472 Tito Castro Ave.
Marvesa Building Suite 106
Ponce, PR 00716
Tel: (787) 848-0666
Fax: (787) 841-1435

*Counsel for Unión de Trabajadores de la Industria Eléctrica y Riego Inc.*

**CADWALADER, WICKERSHAM & TAFT LLP**

/s/   William J. Natbony

Howard R. Hawkins, Jr.
Mark C. Ellenberg
William J. Natbony
Ellen Halstead
Thomas J. Curtin
Casey J. Servais
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6000
Facsimile: (212) 406-6666
howard.hawkins@cwt.com
mark.ellenberg@cwt.com
bill.natbony@cwt.com
ellen.halstead@cwt.com
thomas.curtin@cwt.com
casey.servais@cwt.com

*Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*


**DEBEVOISE & PLIMPTON LLP**

/s/   Elie J. Worenklein

My Chi To
Wendy B. Reilly
Elie J. Worenklein
919 Third Avenue
New York, New York 10022
Tel.: (212) 909-6000
Fax: (212) 909-6836
Email: mcto@debevoise.com
wbreilly@debevoise.com
eworenklein@debevoise.com

*Counsel for Syncora Guarantee Inc.*