## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

       Debtors.[1]

------------------------------------------------------------------------ x

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

## SEVENTH SUPPLEMENTAL DECLARATION OF LUC A. DESPINS REGARDING RETENTION OF PAUL HASTINGS LLP AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS

I, Luc A. Despins, hereby declare under penalty of perjury:

    1.      I am a partner in the law firm of Paul Hastings LLP ("Paul Hastings") with offices worldwide, including 200 Park Avenue, New York, New York 10166, and am admitted to practice in the State of New York. The facts set forth in this supplemental declaration (the "Seventh Supplemental Declaration") are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2.      On July 10, 2017, I submitted a declaration (the "Initial Declaration") in support

of the *Application for Order Pursuant to Bankruptcy Code Section 1103(a) and Local*

*Bankruptcy Rule 2014-1(e) Authorizing the Employment and Retention of Paul Hastings LLP as*

*Counsel to Official Committee of Unsecured Creditors, Effective as of June 26, 2017* [Docket

No. 610] (the "Retention Application")[2] filed by the Official Committee of Unsecured Creditors

of the Commonwealth of Puerto Rico in the above-captioned cases.

3.      By order of this Court entered August 10, 2017 [Docket No. 999] (the "Retention

Order"), Paul Hastings' retention as counsel for the Committee was approved effective as of

June 26, 2017.  The Retention Order provided that "[t]he retention of Paul Hastings, as counsel

to the Committee, shall be deemed to apply to the representation of the Committee if ever

enlarged to include unsecured creditors of other debtors, without the need to obtain a

modification of this Order."  On August 25, 2017, the U.S. Trustee expanded the role of that

Committee to be the official committee for the HTA, ERS, and PREPA Debtors.  Accordingly,

Paul Hastings' retention extends to the representation of the Committee as the official committee

for the HTA, ERS, and PREPA Debtors.[3]

4.      On September 22, 2017, I submitted the *First Supplemental Declaration of Luc A.*

*Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of*

*Unsecured Creditors* [Docket No. 1357] (the "First Supplemental Declaration").

5.      On February 13, 2018, I submitted the *Second Supplemental Declaration of Luc*

*A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of*

*Unsecured Creditors* [Docket No. 2485] (the "Second Supplemental Declaration").

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Retention
Application.

[3]   The "Committee" refers to the official committee of unsecured creditors for all Title III Debtors, other than PBA
and COFINA.

6.      On July 27, 2018, I submitted the *Third Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 3712] (the "Third Supplemental Declaration").

7.      On November 1, 2018, I submitted the *Fourth Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 4134] (the "Fourth Supplemental Declaration").

8.      On March 18, 2019, I submitted the *Fifth Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 5823] (the "Fifth Supplemental Declaration").

9.      On July 26, 2019, I submitted the *Sixth Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 8286] (the "Sixth Supplemental Declaration" and, together with the Initial Declaration, the First Supplemental Declaration, the Second Supplemental Declaration, the Third Supplemental Declaration, the Fourth Supplemental Declaration, and Fifth Supplemental Declaration, the "Prior Declarations").  I hereby incorporate by reference, in their entirety, the Prior Declarations as if fully set forth herein.

**Review and Disclosure of Additional Interested Parties**

10.      Since filing the Sixth Supplemental Declaration, Paul Hastings has become aware of additional Interested Parties (collectively, the "Additional Interested Parties") in the Title III cases of the Commonwealth, COFINA, ERS, HTA, and PREPA (collectively, the "Title III Cases") with which Paul Hastings was able to confirm that it has, or may have, a connection. The identities of the Additional Interested Parties are set forth on Exhibit A hereto and include parties that have been added to the Master Service List (as of September 26, 2019) in the jointly

administered Title III Cases (*i.e.*, the Commonwealth, COFINA, ERS, HTA, and PREPA) since the filing of the Sixth Supplemental Declaration.[4]

11.     In preparing this Seventh Supplemental Declaration, Paul Hastings reviewed its conflicts check system for the names of the Additional Interested Parties.  The results of our conflicts check were compiled and analyzed by Paul Hastings attorneys acting under my supervision.  While certain individuals and entities may be Interested Parties in more than one capacity in the Title III Cases, *e.g.*, as a creditor in one or multiple Title III cases and as a party that has filed a notice of appearance, Paul Hastings' updates do not cover changes in capacity during the course of a bankruptcy case.  Given the prior disclosure of Paul Hastings' relationship, if any, to such entities, such disclosure is not repeated here.

12.     To the extent the conflicts check searches indicated that Paul Hastings has performed services for any Additional Interested Party within the last five years, the identity of such entity and the nature of Paul Hastings' relationship with such entity are set forth in Exhibit B hereto.  Exhibit B does not include relationships that Paul Hastings has with parents or affiliates of entities that were previously disclosed in the Prior Declarations.

13.     To the best of my knowledge, based on the review procedures described above, Paul Hastings does not have any "connection" to the Additional Interested Parties, except as described in the Prior Declarations or in this Seventh Supplemental Declaration.  Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for "connection" has been defined; out of an abundance of caution, therefore, I am disclosing many representations that are not, to my understanding, disqualifying or problematic under PROMESA, the Bankruptcy Code, or applicable standards of professional ethics.

---

[4]     To avoid duplication, entities that were included on Exhibit A to the Prior Declarations have not been included again on Exhibit A to this Seventh Supplemental Declaration.

14.     Neither I, nor any partner, of counsel, or associate of Paul Hastings, as far as I
have been able to ascertain, has any connection with any Additional Interested Party, except as
set forth below or otherwise in the Prior Declarations or this Seventh Supplemental Declaration
(including the Exhibits hereto):

(a)     Attached hereto as **Exhibit B** and incorporated herein by reference is a list of
Additional Interested Parties (or their affiliates) whom Paul Hastings represents,
or has represented in the past, in matters ***unrelated*** to the matters on which the
Committee has retained Paul Hastings.  Although Paul Hastings has represented,
currently represents, and may continue to represent certain entities and individuals
listed on **Exhibit B** hereto, Paul Hastings will not represent any such entity or
individual in the Title III Cases.

(b)     Each of the entities identified on **Exhibit B** hereto as a "current client" accounted
for less than .2% of Paul Hastings' fees collected for the firm's fiscal year ending
January 31, 2019.  For the avoidance of doubt, the services performed for such
entities were unrelated to the matters on which the Committee has retained Paul
Hastings.

### New Hires

15.     Since filing the Sixth Supplemental Declaration, a number of individuals,
including attorneys, legal interns, paralegals, and other paraprofessionals (collectively, the "New
Hires") have joined (or will shortly join) Paul Hastings.  Except as detailed below per their input
in the hiring process, these New Hires neither (i) worked on matters related to the Debtors or to
Interested Parties in the Title III Cases nor (ii) were exposed to confidential information related
to the Debtors or to Interested Parties in the Title III Cases in connection with their prior
positions.  Out of an abundance of caution, Paul Hastings has, nonetheless, determined to impose
an ethical wall on certain of these New Hires, as detailed below.

i.     New Hires ***Not*** Exposed to Confidential Information in Prior Position and, Out of
an Abundance of Caution, Subject to Ethical Wall

16.     In August 2019, Ed Harris joined Paul Hastings as a partner in the London office.
Before joining Paul Hastings, Mr. Harris was a partner at Hogan Lovells, which represents US

Bank, NA and US Bank Trust, NA (each as trustee for various bond issues) (together, "US Bank") in the Title III Cases.  Mr. Harris has informed Paul Hastings that he did not work on matters related to US Bank or the Debtors and was not exposed to confidential information related to US Bank or the Debtors while he was at Hogan Lovells.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Harris and the firm's representation of the Committee in the Title III Cases.

17.     In August 2019, Leanne Moezi joined Paul Hastings as a local partner in the London office.  Before joining Paul Hastings, Ms. Moezi was a senior associate and then counsel at Hogan Lovells.  Ms. Moezi has informed Paul Hastings that she did not work on matters related to US Bank or the Debtors and was not exposed to confidential information related to US Bank or the Debtors while she was at Hogan Lovells.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Moezi and the firm's representation of the Committee in the Title III Cases.

18.     In August 2019, Adam Brown joined Paul Hastings as a partner in the Washington, D.C. office.  Before joining Paul Hastings, Mr. Brown was a partner at Hogan Lovells.  Mr. Brown has informed Paul Hastings that he did not work on matters related to US Bank or the Debtors and was not exposed to confidential information related to US Bank or the Debtors while he was at Hogan Lovells.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Brown and the firm's representation of the Committee in the Title III Cases.

19.     From August 19 - 23, 2019, Sosaku Nitta joined Paul Hastings as a summer intern in the Tokyo office.  From July 2 – 5, 2019, Mr. Nitta was an intern in the Tokyo office of DLA Piper LLP ("DLA Piper"), which represents the ERS, the University of Puerto Rico (the "UPR"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority (the "AAFAF") in the Title

III Cases.  Mr. Nitta has informed Paul Hastings that he did not work on matters related to the

ERS, the UPR, the AAFAF, or the Debtors and was not exposed to confidential information

related to such entities or the Debtors while he was at DLA Piper.  Out of an abundance of

caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr.

Nitta and the firm's representation of the Committee in the Title III Cases.

20.     In August 2019, Diana Balassiano joined Paul Hastings as an associate in the Sao

Paulo office.  Before joining Paul Hastings, Ms. Balassiano was an international associate at

Shearman & Sterling ("Shearman & Sterling"), which represents EcoEléctrica, L.P. in the Title

III Cases.  Ms. Balassiano has informed Paul Hastings that, while at Shearman & Sterling, she

worked on certain matters unrelated to the Title III Cases for Santander and AES Corporation.

Ms. Balassiano has further informed Paul Hastings that she did not work on matters related to

EcoEléctrica, L.P. or the Debtors and was not exposed to confidential information related to

EcoEléctrica, L.P. or the Debtors while at Shearman & Sterling.  Out of an abundance of caution,

Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Balassiano

and the firm's representation of the Committee in the Title III Cases.

21.     In August 2019, Jonathan Kellner joined Paul Hastings as a partner in the Sao

Paulo office.  Before joining Paul Hastings, Mr. Kellner was a partner at Shearman & Sterling.

Mr. Kellner has informed Paul Hastings that he did not work on matters related to EcoEléctrica,

L.P. or the Debtors and was not exposed to confidential information related to EcoEléctrica, L.P.

or the Debtors while he was at Shearman & Sterling.  Out of an abundance of caution, Paul

Hastings has imposed (and will continue to impose) an ethical wall between Mr. Kellner and the

firm's representation of the Committee in the Title III Cases.

22.     In August 2019, David Flechner joined Paul Hastings as a local partner in the Sao

Paulo office.  Before joining Paul Hastings, Mr. Flechner was a partner at Shearman & Sterling.

Mr. Flechner has informed Paul Hastings that he did not work on matters related to EcoEléctrica, L.P. or the Debtors and was not exposed to confidential information related to EcoEléctrica, L.P. or the Debtors while he was at Shearman & Sterling. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Flechner and the firm's representation of the Committee in the Title III Cases.

23.     In August 2019, Samantha Glover Ferreira joined Paul Hastings as an associate in the Sao Paulo office. Before joining Paul Hastings, Ms. Ferreira was an associate at Shearman & Sterling. Ms. Ferreira has informed Paul Hastings that she did not work on matters related to EcoEléctrica, L.P. or the Debtors and was not exposed to confidential information related to EcoEléctrica, L.P. or the Debtors while she was at Shearman & Sterling. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Ferreira and the firm's representation of the Committee in the Title III Cases.

24.     In August 2019, Andrea Campos joined Paul Hastings as an of counsel attorney in the Sao Paulo office. Before joining Paul Hastings, Ms. Campos was an of counsel attorney at Shearman & Sterling. Ms. Campos has informed Paul Hastings that she did not work on matters related to EcoEléctrica, L.P. or the Debtors and was not exposed to confidential information related to EcoEléctrica, L.P. or the Debtors while she was at Shearman & Sterling. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Campos and the firm's representation of the Committee in the Title III Cases.

25.     In August 2019, Filipe Lima joined Paul Hastings as an associate in the Sao Paulo office. Before joining Paul Hastings, Mr. Lima was an associate at Shearman & Sterling. Mr. Lima has informed Paul Hastings that he did not work on matters related to EcoEléctrica, L.P. or the Debtors and was not exposed to confidential information related to EcoEléctrica, L.P. or the Debtors while he was at Shearman & Sterling. Out of an abundance of caution, Paul Hastings

8

has imposed (and will continue to impose) an ethical wall between Mr. Lima and the firm's representation of the Committee in the Title III Cases.

26.      In August 2019, Thomas Ayres joined Paul Hastings as an associate in the Sao Paulo office.  Before joining Paul Hastings, Mr. Ayres was an associate at Shearman & Sterling. Mr. Ayres has informed Paul Hastings that, while at Shearman & Sterling, he worked on a matter unrelated to the Title III Cases for AES Corporation.  Mr. Ayres has further informed Paul Hastings that he did not work on matters related to EcoEléctrica, L.P. or the Debtors and was not exposed to confidential information related to EcoEléctrica, L.P. or the Debtors while he was at Shearman & Sterling.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Ayres and the firm's representation of the Committee in the Title III Cases.

27.      In August 2019, Jonathan Ko joined Paul Hastings as a partner in the Los Angeles office.  From October 1998 to August 2019, Mr. Ko was a partner at Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), which represents Vitol Inc. and Vitol S.A. (together, "Vitol") in the Title III Cases.  Mr. Ko has informed Paul Hastings that, while at Skadden, he did not work on matters related to Vitol or the Debtors and was not exposed to confidential information related to Vitol or the Debtors.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Ko and the firm's representation of the Committee in the Title III Cases.

28.      In August 2019, Michael Jones joined Paul Hastings as an associate in the Chicago office.  From September 2011 to August 2015, Mr. Jones was an associate at Kirkland & Ellis LLP ("K&E"), which is listed as a creditor holding one of the twenty largest unsecured claims in the Commonwealth of Puerto Rico Title III Case.  Mr. Jones has informed Paul Hastings that, while at K&E, he monitored certain developments related to Puerto Rico solely

9

from public sources with respect to their precedential value regarding an unrelated pro bono

matter.  Mr. Jones has further informed Paul Hastings that he did not work on matters related to

the Debtors or the Title III Cases and was not exposed to confidential information related to the

Debtors or the Title III Cases while he was at K&E.  Out of an abundance of caution, Paul

Hastings has imposed (and will continue to impose) an ethical wall between Mr. Jones and the

firm's representation of the Committee in the Title III Cases.

29.     In September 2019, Kristen Moran joined Paul Hastings as an associate in the Los

Angeles office.  From April 2018 to September 2019, Ms. Moran was an associate at Goodwin

Procter LLP.  In the summer of 2014, Ms. Moran was a legal intern at the U.S. Department of

Justice (the "DOJ") and, from October 2011 to April 2013, she was a marketing associate at

Boston Trust and Investment Management Company ("Boston Trust").  Ms. Moran has informed

Paul Hastings that, while at Goodwin Procter, she worked on matters unrelated to the Title III

Cases for PGIM Real Estate, Brookfield Financial Properties, AIG Global Real Estate

Investment Corp., and Och-Ziff Real Estate Advisors LP.  Ms. Moran has further informed Paul

Hastings that she did not work on matters related to the Debtors or the Title III Cases and was

not exposed to confidential information related to the Debtors or the Title III Cases while she

was at Goodwin Procter, the DOJ, or Boston Trust.  Out of an abundance of caution, Paul

Hastings has imposed (and will continue to impose) an ethical wall between Ms. Moran and the

firm's representation of the Committee in the Title III Cases.

30.     In September 2019, Keenan Woods joined Paul Hastings as an associate in the

Houston office.  From May 2018 to August 2019, Mr. Woods was an associate in the Calgary,

Alberta office of Norton Rose Fulbright LLP ("Norton Rose"), which represents PREPA and the

Puerto Rico Public Building Authority (the "PBA").  From September 2013 to May 2018, Mr.

Woods was an associate at DLA Piper.  Mr. Woods has informed Paul Hastings that, while at

Norton Rose, he worked on certain matters unrelated to the Title III Cases for Alvarez & Marsal, Anchorage Capital Group LLC, and Brookfield Asset Management.  Mr. Woods has further informed Paul Hastings that he did not work on matters related to PREPA, the PBA, the ERS, the UPR, the AAFAF, or the Debtors and was not exposed to confidential information related to such entities or the Debtors while he was at Norton Rose and DLA Piper.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Woods and the firm's representation of the Committee in the Title III Cases.

31.     In September 2019, Kassia Lewis-DeBoos joined Paul Hastings as a trainee solicitor in the London office.  From June 2016 to July 2016, Ms. Lewis-DeBoos was a vacation scheme student in the London office of K&E.  Ms. Lewis-DeBoos has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at K&E.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Lewis-DeBoos and the firm's representation of the Committee in the Title III Cases.

32.     In September 2019, Giles Clifford joined Paul Hastings as an associate in the London office.  From September 2013 to August 2019, Mr. Clifford worked in the London office of K&E, initially as a trainee solicitor and later as an associate.  Mr. Clifford has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at K&E.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Clifford and the firm's representation of the Committee in the Title III Cases.

33.     In September 2019, Charles Cardon joined Paul Hastings as a partner in the Paris

office.  Before joining Paul Hastings, Mr. Cardon worked at Dechert LLP ("Dechert"), which is

counsel to Peaje Investments, LLC ("Peaje") in the Title III Cases.  Mr. Cardon has informed

Paul Hastings that he did not work on matters related to Peaje or the Debtors and was not

exposed to confidential information related to Peaje or the Debtors while he was at Dechert.  Out

of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical

wall between Mr. Cardon and the firm's representation of the Committee in the Title III Cases.

34.     In September 2019, Alexander MacIver joined Paul Hastings as a trainee solicitor

in the London office.  From June 26, 2017 until July 7, 2017, Mr. MacIver was a vacation

scheme student in the London office of Cleary Gottlieb Steen & Hamilton LLP ("Cleary"),

which represented the Puerto Rico government and the P3 Authority in the Title III Cases.  From

June 27, 2016 to July 1, 2016, Mr. MacIver was a vacation scheme student in the London office

of Faegre Baker Daniels LLP ("Faegre").  Mr. MacIver has informed Paul Hastings that he did

not work on matters related to the Puerto Rico government, the P3 Authority, or the Debtors and

was not exposed to confidential information related to such entities or the Debtors while he was

at Cleary and Faegre.  Out of an abundance of caution, Paul Hastings has imposed (and will

continue to impose) an ethical wall between Mr. MacIver and the firm's representation of the

Committee in the Title III Cases.

35.     In September 2019, Kenneth Hagan joined Paul Hastings as an associate in the

New York office.  From September 2015 to August 2018, and in the summer of 2014, Mr. Hagan

was an associate at Skadden.  Mr. Hagan has informed Paul Hastings that he did not work on

matters related to Vitol or the Debtors and was not exposed to confidential information related to

Vitol or the Debtors while he was at Skadden.  Out of an abundance of caution, Paul Hastings

has imposed (and will continue to impose) an ethical wall between Mr. Hagan and the firm's representation of the Committee in the Title III Cases.

36.     In September 2019, Tarsis Goncalves joined Paul Hastings as an associate in the London office.  From August 2015 to August 2019, Mr. Goncalves was an attorney in the London office of Hogan Lovells.  Mr. Goncalves has informed Paul Hastings that he did not work on matters related to US Bank or the Debtors and was not exposed to confidential information related to US Bank or the Debtors while he was at Hogan Lovells.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Goncalves and the firm's representation of the Committee in the Title III Cases.

37.     In September 2019, Amran Hanif joined Paul Hastings as an associate in the London office.  Before joining Paul Hastings, Mr. Hanif was a senior associate at Hogan Lovells.  Mr. Hanif has informed Paul Hastings that he did not work on matters related to US Bank or the Debtors and was not exposed to confidential information related to US Bank or the Debtors while he was at Hogan Lovells.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Hanif and the firm's representation of the Committee in the Title III Cases.

38.     As discussed in the Fifth Supplemental Declaration, in September 2019, Jacob Silvers joined Paul Hastings as an associate in the New York office.  Mr. Silvers has informed Paul Hastings that an immediate family member is a Board member and a Director at Deloitte Consulting LLP ("Deloitte").  Mr. Silvers has further informed Paul Hastings that he has not been exposed to confidential information related to Deloitte, the Debtors, or the Title III Cases. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Silvers and the firm's representation of the Committee in the Title III Cases.

39.     In September 2019, Joao Victor Freitas Ferreira joined Paul Hastings as a foreign associate in the Washington, D.C. office.  From July 2014 to August 2018, Mr. Ferreira was an associate at Levy & Salomao Advogados ("Levy").   Mr. Ferreira has informed Paul Hastings that, while at Levy, he worked on certain matters unrelated to the Title III Cases for Merck Sharpe Dohme Corp., Reichhold, Inc., Reichhold Industries, Inc., and Reichhold do Brasil Ltda. Mr. Ferreira has further informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at Levy.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Ferreira and the firm's representation of the Committee in the Title III Cases.

40.     In September 2019, Kimberly Franssen joined Paul Hastings as an associate in the Chicago office.  From June 2013 to January 2014, Ms. Franssen was a capital markets compliance officer at US Bank National Association.  Ms. Franssen has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at US Bank National Association.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Franssen and the firm's representation of the Committee in the Title III Cases.

41.     In September 2019, Tina Wyatt joined Paul Hastings as a paralegal in the Chicago office.  From May 2003 to October 2018, Ms. Wyatt worked at Foley & Lardner LLP ("Foley"), which represents Whitefish Energy Holdings, LLC ("Whitefish") in the Title III Cases.  Ms. Wyatt has informed Paul Hastings that she did not work on matters related to Whitefish or the Debtors and was not exposed to confidential information related to Whitefish or the Debtors while she was at Foley.  Out of an abundance of caution, Paul Hastings has imposed (and will

14

continue to impose) an ethical wall between Ms. Wyatt and the firm's representation of the

Committee in the Title III Cases.

42.    In September 2019, Asad Salahuddin joined Paul Hastings as a paralegal in the

Palo Alto office.  From January 2018 to June 2018, Mr. Salahuddin was a legal assistant at

Skadden.  From December 2016 to January 2018, Mr. Salahuddin was a legal team specialist at

DLA Piper.  Mr. Salahuddin has informed Paul Hastings that he did not work on matters related

to Vitol, the ERS, the UPR, the AAFAF, or the Debtors and was not exposed to confidential

information related to such entities or the Debtors while at Skadden and DLA Piper.  Out of an

abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall

between Mr. Salahuddin and the firm's representation of the Committee in the Title III Cases.

43.    In September 2019, John McDermott joined Paul Hastings as an associate in the

Washington, D.C. office.  From October 2016 through September 2019, Mr. McDermott was an

associate with O'Melveny & Myers LLP ("O'Melveny"), which represents AAFAF in the Title

III Cases.  Mr. McDermott has informed Paul Hastings that he did not work on matters related to

AAFAF or the Debtors and was not exposed to confidential information related to AAFAF or the

Debtors while he was at O'Melveny.  Out of an abundance of caution, Paul Hastings has

imposed (and will continue to impose) an ethical wall between Mr. McDermott and the firm's

representation of the Committee in the Title III Cases.

44.    In September 2019, John T. Flippen joined Paul Hastings as an attorney in the

New York office.  From December 2018 to February 2019, Mr. Flippen was an attorney at

Gibson Dunn & Crutcher LLP ("Gibson Dunn"), which represents Aurelius Investment, LLC,

Aurelius Opportunities Fund, LLC, and Lex Claims, LLC (collectively, "Aurelius") in the Title

III Cases.  From June 2016 to December 2017, Mr. Flippen was an attorney at Cadwalader,

Wickersham & Taft LLP ("Cadwalader"), which represents Assured Guaranty Corp. and

Assured Guaranty Municipal Corp. (together, "Assured") in the Title III Cases.   Mr. Flippen has informed Paul Hastings that he did not work on matters related to Aurelius, Assured, or the Debtors and was not exposed to confidential information related to Aurelius, Assured, or the Debtors while he was at Gibson Dunn and Cadwalader.   Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Flippen and the firm's representation of the Committee in the Title III Cases.

45.     In September 2019, Manolis Xanthakis joined Paul Hastings as a paralegal in the London office.  From November 2018 to September 2019, Mr. Xanthakis was a paralegal in the London office of Reed Smith LLP ("Reed Smith"), which represents the Bank of New York Mellon ("BNY") and Siemens Transportation Partnership Puerto Rico, S.E. and Siemens Corporation (together "Siemens") in the Title III Cases.  From September 2017 to June 2018, Mr. Xanthakis was a transaction assistant in the London office of White & Case LLP ("White & Case"), which represents certain junior COFINA bondholders, Doral Financial Corporation, the UBS Family of Funds, and the Puerto Rico Family of Funds in the Title III Cases.  Mr. Xanthakis has informed Paul Hastings that, while at White & Case, he worked on certain matters unrelated to the Title III Cases for Puma International Financing S.A.  In July 2015, Mr. Xanthakis was a summer intern in the London office of Cleary.  From June 2015 to July 2015, Mr. Xanthakis as a summer intern in the London office of Debevoise & Plimpton LLP ("Debevoise"), which represents Syncora Guarantee, Inc. and Syncora Capital Assurance, Inc. (together "Syncora") in the Title III Cases.  Mr. Xanthakis has informed Paul Hastings that he did not work on matters related to BNY, Siemens, the junior COFINA bondholders, Doral Financial Corporation, the UBS Family of Funds, the Puerto Rico Family of Funds, the Puerto Rico government, the P3 Authority, Syncora, or the Debtors and was not exposed to confidential information related to such entities or the Debtors while he was at Reed Smith, White & Case,

Cleary, and Debevoise.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Xanthakis and the firm's representation of the Committee in the Title III Cases.

46.     In October 2019, Natalia De Santis joined Paul Hastings as a foreign associate in the New York office.  From July 2011 to July 2018, Ms. De Santis worked at Mattos Filho, Veiga Filho, Marrey Jr. e Quiroga Advogados ("Mattos Filho").  Ms. De Santis has informed Paul Hastings that, while at Mattos Filho, she worked on certain matters unrelated to the Title III Cases for Banco Santander (Brasil).  Ms. De Santis has further informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at Mattos Filho.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. De Santis and the firm's representation of the Committee in the Title III Cases.

47.     In October 2019, Kristopher Villarreal joined Paul Hastings as an Of Counsel in the New York office.  From September 2006 to October 2016, Mr. Villarreal worked in the New York office of Weil, Gotshal & Manges LLP ("Weil Gotshal"), which represents the National Public Finance Guarantee Corp. ("NPFGC") in the Title III cases.  Mr. Villarreal has informed Paul Hastings that he did not work on matters related to the NPFGC or the Debtors and was not exposed to confidential information related to the NPFGC or the Debtors while at Weil Gotshal.  Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Villarreal and the firm's representation of the Committee in the Title III Cases.

48.     In October 2019, Patrick Jones joined Paul Hastings as an associate in the London office.  From March 2016 to September 2018, most recently as a trainee solicitor in the London

17

office, Mr. Jones worked at Jones Day, which represents the ERS bondholders in the Title III

Cases.  Mr. Jones has informed Paul Hastings that he did not work on matters related to the ERS

bondholders or the Debtors and was not exposed to confidential information related to the ERS

bondholders or the Debtors while he was at Jones Day.  Out of an abundance of caution, Paul

Hastings has imposed (and will continue to impose) an ethical wall between Mr. Jones and the

firm's representation of the Committee in the Title III Cases.

49.     In October 2019, Garrett Schuman will join Paul Hastings as an associate in the

Washington, D.C. office.  From the fall of 2016 to the fall of 2017, Mr. Schuman was an

associate at Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), which represents the

COFINA Senior Bondholders' Coalition in the Title III Cases.  From the fall of 2015 to the fall

of 2016, Mr. Schuman was an associate at Skadden.  Mr. Schuman has informed Paul Hastings

that, while at Quinn Emanuel and Skadden, he did not work on matters related to the COFINA

Senior Bondholders' Coalition, Vitol, or the Debtors and was not exposed to confidential

information related to the COFINA Senior Bondholders' Coalition, Vitol, or the Debtors.  Out of

an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical

wall between Mr. Schuman and the firm's representation of the Committee in the Title III Cases.

50.     In October 2019, Rupert Gorst joined Paul Hastings as a paralegal in the London

office.  From March 2019 to July 2019, Mr. Gorst was a paralegal at Simpson Thacher & Bartlett

LLP ("Simpson Thacher"), which represents Sola Ltd., Solus Opportunities Fund 5 LP, and Ultra

Master Ltd. in the Title III Cases.  Mr. Gorst has informed Paul Hastings that he did not work on

matters related to these entities or the Debtors and was not exposed to confidential information

related to these entities or the Debtors while he was at Simpson Thacher.  Out of an abundance

of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr.

Gorst and the firm's representation of the Committee in the Title III Cases.

     ii.      <u>New Hires **Not** Exposed to Confidential Information in Prior Position and **Not**
Subject to Ethical Wall</u>[5]

51.     For certain of the New Hires, Paul Hastings has determined that it is not necessary
to set up an ethical wall due to variety of factors (in addition to the fact that these New Hires did
not work on matters related to the Debtors and were not exposed to confidential information
related to the Debtors).  Among these factors are that these New Hires are not expected to work
on the Puerto Rico matter, they generally had a low level of seniority at their prior employment,
and/or their prior employment long predates these Title III cases.

52.     In August 2019, Todor Stamatov joined Paul Hastings as a legal intern in the
Brussels office.  From January 2019 to June 2019, Mr. Stamatov was a trainee in the Paris office
of Orrick Rambaud Martel ("<u>Orrick</u>").  Orrick, Herrinton & Sutliffe LLP represents Cantor-Katz
Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority.  Mr.
Stamatov has informed Paul Hastings that he did not work on matters related to the Debtors or
the Title III Cases and was not exposed to confidential information related to the Debtors or the
Title III Cases while he was at Orrick.

53.     In September 2019, Jack Turner joined Paul Hastings as a trainee solicitor in the
London office.  From September 2016 to September 2017, Mr. Turner worked at Deloitte LLP
and, from June 2016 to July 2016, he worked at Barclays in London.  Mr. Turner has informed
Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and
was not exposed to confidential information related to the Debtors or the Title III Cases while he
was at Deloitte LLP and Barclays.

---

[5]    In addition to not having been exposed to confidential information in their prior positions, the New Hires listed
below have not worked on the Title III Cases or related matters while at Paul Hastings and are not expected to
do so.

54.     In September 2019, Daniel Julian joined Paul Hastings as a privacy advisor in the Washington, D.C. office.  From March 2011 to August 2012, Mr. Julian was a compliance analyst at JPMorgan Chase & Co. LLP ("JPMorgan").  Mr. Julian has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at JPMorgan.

55.     In September 2019, Matthew Weinberg joined Paul Hastings as a case assistant in the New York office.  From February 2018 to October 2018, Mr. Weinberg worked at JPMorgan.  Mr. Weinberg has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at JPMorgan.

56.     In September 2019, John Laszlo Garzon joined Paul Hastings as an associate in the Los Angeles office.  Mr. Garzon's father has managed logistics and warehousing operations at a Boeing Corp. location in California since 2016.  Mr. Garzon has informed Paul Hastings that he has not worked on matters related to the Debtors or the Title III Cases and has not been exposed to confidential information related to the Debtors or the Title III Cases.

57.     In September 2019, Katie Cleworth joined Paul Hastings as an associate in the London office.  From September 2013 to March 2016, Ms. Cleworth was a trainee and then an associate in the London office of Sidley & Austin LLP ("Sidley"), which is a defendants in one of the adversary proceedings related to the Title III cases.  Ms. Cleworth has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at Sidley.

58.     In September 2019, Michael Kesler joined Paul Hastings as an associate in the Chicago office.  From September 2016 to September 2019, Mr. Kesler was an associate in the Chicago office of Sidley.  Mr. Kesler has informed Paul Hastings that, while at Sidley, he represented Apollo Capital Management, West Corporation, Baxter International Inc., Fresenius Kabi USA, LLC, ManpowerGroup Inc., Markel Corporation, Mesirow Advanced Strategies, Inc., and Navigant Consulting Inc. in matters unrelated to the Title III Cases.  From May 2015 to July 2015, Mr. Kesler was a summer associate at McDermott Will & Emery ("McDermott"), which represents Goldman Sachs Asset Management, LP ("Goldman Sachs") in the Title III Cases.  Mr. Kesler has informed Paul Hastings that he did not work on matters related to Goldman Sachs, the Debtors, or the Title III Cases and was not exposed to confidential information related to Goldman Sachs, the Debtors, or the Title III Cases while he was at Sidley and McDermott.

59.     In September 2019, Arielle Dragon joined Paul Hastings as an associate in the New York office.  As discussed in the Third Supplemental Declaration, Ms. Dragon was a summer associate at Paul Hastings in the summer of 2018.  Ms. Dragon was a legal intern at the SEC in Washington, D.C. from May 2017 through November 2017.  Ms. Dragon has informed Paul Hastings that she did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while she was at the SEC.

60.     In September 2019, Jeremy Salinger joined Paul Hastings as an associate in the Chicago office.  In the summer of 2015, Mr. Salinger was a legal intern at the DOJ.  Mr. Salinger has informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases and was not exposed to confidential information related to the Debtors or the Title III Cases while he was at the DOJ.

61.     In September 2019, Eric Benoliel (formerly Eric Barros) joined Paul Hastings as an associate in the Houston office.  As discussed in the Third Supplemental Declaration, Mr. Benoliel was a summer associate at Paul Hastings in the summer of 2018.  From October 2013 to June 2014, Mr. Benoliel was a paralegal at Holland & Knight LLP ("Holland & Knight"), which represents First Transit of Puerto Rico, Inc. ("First Transit") in the Title III Cases.  From April 2015 to October 2015, Mr. Benoliel was a paralegal with the DOJ in Washington, D.C.  Mr. Benoliel has informed Paul Hastings that he did not work on matters related to First Transit or the Debtors and was not exposed to confidential information related to First Transit or the Debtors while at Holland & Knight and the DOJ.

    iii.     Other New Hires

62.     In August 2019, James M. Shea, Jr. joined Paul Hastings as of counsel in the Corporate Department in the New York office.  Before joining Paul Hastings, Mr. Shea was special counsel at Sullivan & Cromwell LLP ("S&C").  Mr. Shea has informed Paul Hastings that, while at S&C, he represented Santander Investment Securities, Inc.; Banco Santander, S.A.; Samuel A. Ramirez & Company, Inc.; C.L. King & Associates, Inc.; and Popular, Inc. in matters unrelated to the Title III Cases.  Mr. Shea further informed Paul Hastings that, while at S&C, he may have been exposed to confidential information regarding the economy and financial condition of Puerto Rico and the potential effect of a bankruptcy filing on Popular, Inc.  Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Shea and the firm's representation of the Committee in the Title III Cases.  Mr. Shea is not a member of Paul Hastings' Restructuring Group.

63.     In November 2017, Paul Hastings filed the *Informative Motion of Paul Hastings LLP, Counsel to the Official Committee of Unsecured Creditors, Regarding Prospective Summer Associate* [Doc. No. 1825].  As provided there, Alice Jung Min Cho interned for the Honorable

United States District Judge Laura Taylor Swain during the summer of 2017 and, the following summer, worked as a summer associate at Paul Hastings in the New York office.  During her time as a summer associate at Paul Hastings, Ms. Cho did not work on any matters related to the Title III Cases, and Paul Hastings established an ethical wall to screen Ms. Cho from any such work.  In September 2019, Ms. Cho joined Paul Hastings as an associate in the New York office in the real estate department.  Ms. Cho will not work on any matters related to the Title III Cases, and Paul Hastings has imposed (and will continue to impose) an ethical wall between Ms. Cho and the firm's representation of the Committee in the Title III Cases.

\* \* \*

64.     Based on the foregoing and the Prior Declarations, and except as provided herein and in the Prior Declarations, to the best of my knowledge, information, and belief formed after reasonable inquiry, Paul Hastings does not represent or hold any interest adverse to the Committee with respect to the matters on which the Committee has employed Paul Hastings, and Paul Hastings is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code (made applicable by PROMESA section 301(a)) in that Paul Hastings:

(a)     is not a creditor, equity security holder, or insider of the Debtors;

(b)     is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(c)     does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

[*Remainder of page intentionally left blank.*]

65.     Despite the efforts described above to identify and disclose Paul Hastings'

connections with parties in interest in the Title III Cases, Paul Hastings is unable to state with

certainty that every client representation or other connection has been disclosed.  In this regard,

if Paul Hastings discovers additional information that requires disclosure, Paul Hastings will file

a supplemental disclosure with the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed this 1st day of November 2019

*/s/ Luc A. Despins*
Luc A. Despins

## EXHIBIT A

## Additional Interested Parties as of September 26, 2019

**Litigation Parties**

Abreu, Oscar A. Remus
Aguirrechea, Carlos A. Arroyo
Alicea, Hon. Francisco Parés
Asociacion de Alcaldes de Puerto Rico
Avant Technologies of Puerto Rico Inc.
Azize, José Alberto Maymó
Bravo, Rafael Enrique Ducos
Camacho, Jeannette Torres
Camacho, Valentin Morales
Candelario, Lideliz Candelario
Centeno, Juan C. Rodriguez
Collazo, Jose Angel Almodovar
Cooperativa de Ahorro y Credito Cupey Alto
Cordero, Lizbeth Mercado
Correa, Hector M. Correa
Cruz, Vilmarie Ayala
De Cordero, Nora Osorio
Diaz, Iris E. Santos
Diaz, Roberto Marrero
Domenech, Mercedes J. Almeyda
Emmanuelli, Cynthia Cruz
Empresas Loyola I, S. En C-s.e.
Excelerate Energy Puerto Rico, LLC
Figueroa, Andres Matos
Fraguada, Eva E Melendez
Frontera, Victor Santiago
Fuentes, Teresa / Teresita
Garcia, Roshell Soto
Goldentree Master Fund Ltd.
Gonzalez, Astrid Vazquez
Gonzalez, Julio A. Rivera
Gonzalez, Oscar X. Ocasio
Gutierrez, Fernando Perez
Guzman, Maria M. Canuelas
Hernadez, Juan L. Santa
Hernandez, Milagros Del C. Aponte
Irizarry, Fundador Albarran
Jiminian, Jose R. Cardona
JNL Multi-Manager Alternative Fund, a Series of
    JNL Services Trust
Jusino, Roberto Luis Camacho
Liciaga, Edwin F. Alicea
López, Erasto Zayas / Ernesto Zayas López
Lugo, Diabel Del C. Colon
Machado, Javier A. Aponte
Marin, Luis E. Almeida
Marquez, Francisco J. Reyes
Martin, Maribel Flores
Marrero, Omar J.
MBIA Insurance Corporation

Molina, Merin Lizzette Boada
Monge, Edgar M. Esquilin
Moore Revocable Trust USA 12/8/87
Movimiento de Concentración Ciudadana Inc.
    (Vamos)
National Financial Services LLC
Negron, Grace Arroyo
Oliveras, Oscar F. Arroyo
Ortega, Carlos Otero
Ortiz, Samuel A. Pena
Perez, Mayra Grajals
Perez, Reinaldo Vincenty
Perez, Victor L. Ortiz
Pomales, Walter
Puerto Rico Electric Power Authority Employees'
    Retirement System
Puerto Rico Energy Commission / Bureau
Puerto Rico Horse Owners Association, Inc.
Puerto Rico Tax-Free Fund, Inc
Puerto Rico Tax-Free Fund II, Inc
Quinones, Iris I. Cantres
Rama Construction LLC
Ramos, Luis T. Toro
Ramos, Miguel A. Beauchamp
Ready & Responsible Security, Inc.
Retirement Board of the Goverment of Puerto Rico:
    Alfonso, Edward Moreno
    Del Valle Cruz, Reinaldo
    Irizarry, Nydza
    Rodriguez, Carlos Molina
    Velazquez, Rolando Ortiz
    Reyes, Martin J. Wah
Rios, Xiomara Bermudez
Rivera, Joel R. Almodovar
Rivera, Jose R. Toro
Rivera, Magdalena Maldonado
Rivera, Naomy
Rodriguez, Jaime Ortiz
Rodriguez, Sammy
Rodriguez, Walter R. Martinez
Rodriguez-Vazquez, Iris
Roman, Abraham Garcia
Roman, Amarilis Ruiz
Roman, Carmen Del R. Garcia
Rosa, Olga M. Rabell
Rosa, Yarely Lugo
Rosario, Abimael Portalatin
Rosario, Jose A. Leon
Santiago, Adolfo E. Santiago
Santiago, Juan C. Leon
Santos, John G. Sanchez

Seda, Carlos J. Weber
Silverman, Marty & Dorothy FNDTN, Silverman,
    Lorin & Allison & Seth & Patty Lipshuts
    Directors
Soto, William Cruz
Southwest Securities, Inc.
Sterne, Agee & Leach, Inc.
The Bank of New York/Popular Securities, Inc.
Timber Hill LLC
Tirado, Pedro Rodriguez
Torres, Carmen D. Serrano
Torres, Carmen Yolanda Rivera
Torres, Heriberto Mattei
Torres, Jose E Ortiz
Trafigura Trading LLC
Vanguard Marketing Corporation
Vargas, Victor R. Merle
Vega, Angel D. Cintron
Vega, Michael A. Gonzalez
Velázquez, Jorge Rivera
Velez, John Rojas
Vilar, Jose N. Rivera
Vizcarrando, Delia E.

**Litigation Parties (Confidential)[1]**

Defendants 01A-12A
Defendants 35Ei-35Ex
Defendants 01J-78J
Defendants 01K-48K
Defendants 01L-114L
Defendants 01M-06M
Defendants 01N-09N
Defendants 01P-34P
Defendants 01Q-01Q
Defendants 01R-18R
Defendant 01S
Defendants 01T-24T
Defendant 01U

**Notice of Participation**
Cole, Mary Beth
Damast, Donald Trustee, Abraham Damast Trust,
U/A Dtd 4/27/2012
Damast, Donald Ttee, The Damast Fam Trust
    (Dad)-B, U/A Dtd 4/27/2012

---

[1]   With respect to certain adversary proceedings,
namely Ad. Proc. Nos. 19-281, 19-282, 19-283,
19-284, 19-285, 19-286, 19-287, 19-288, 19-356,
19-357, 19-358, 19-359, 19-361, the names of
defendants are to be treated confidentially.  *See*
Docket No. 6967.  Paul Hastings is providing the
names of these defendants, including for
purposes of Exhibit B hereto, to the Oversight
Board, the U.S. Trustee, and the Fee Examiner.

Gunter, John M.
Pinkerton, Allen
Pinkerton, Lynda
Umansky Family Trust c/o Dan Umansky
Winder, Richard V.

**Parties Filing Lift Stay Motions**
Alvarado, Tomás Carrisal
Alvarado-Solivan, José E.
Cadilla, Thalia Jiménez on Behalf of the Minor
    B.N.R.J.
CEMEX
Coll, Miguel A. Acevedo
Congr. Mayaguez Mani de los Testigos de Jehová
Corchado-Colón, Luis A.
Correa, Dominga Sánchez
Correa, SUCN Isabel Sánchez
Crespo, Rosa Rosado
Cruz, Carlos Gómez
Flores, Yolanda Ríos, on Behalf of the Minor J.O.S.
    Heirs to the estate of Pedro Matos Centeno,
    represented by Teresa Matos Mercado; José Matos
    Mercado; William Matos Mercado; Pablo Matos
    Mercado
González, Juan I. Colón
Inmobiliaria Unibón, Inc.
Jiménez, Luis Alberto Mercado
Lopez, Diana Iris Morales
Martínez, Luis
Melendez, Josefina Guinot
Morales, Miguel on Behalf of the Minor A.M.V.
Nones, SUCN. Ivelisse Helena Mandry
Ocana, Elizabet
Ortiz, Jose F. Alvarez
Quintana, Enrique Vazquez
Rivera, Orlando González
Santiago, Rosario González (SUCN.)
Santos, Juan A. San Miguel
Soto, Hiram Perez
Sucesión Pastor Mandry Mercado
Tallaboa Heavy Equipment Corporation
Toral, José Rafael Zequeira
Vargas, Eliza Rios
Viella, Fiorina

**Parties Filing Notice of Appearance**
Ad Hoc Group of Fuel Line Lenders:
Anchorage Capital Group, L.L.C.
Asociacion de Restaurantes de Puerto Rico (ASORE)
Bacardi Corporation
Bacardi International Limited
BMO Capital Markets GKST, Inc.
Cooperativa Hidalgo, Cristobal Rodriguez
Destilerias Serralles, Inc.
Oaktree Opportunities Fund IX (Parallel), L.P.
Oaktree Opportunities Fund X, L.P.

Oaktree Opportunities Fund X (Parallel), L.P.
Oaktree Opportunities Fund X (Parallel 2), L.P.
Oaktree Huntington Investment Fund II, L.P.
Estate of Delia Hernandez
Federación de Alcaldes de Puerto Rico, Inc.

**Professionals**
Brattle Group, Inc.
DiCicco, Gulman & Company LLP
Fernandez, Ileana C. Cardona
Genovese Joblove & Battista, P.A.
Gierbolini & Carroll Law Offices, PSC
Gordon Brothers Group, LLC
London Economics International LLC
PJT Partners LP

**Responses to Omnibus Objections to Claims**
Alvarez, Lillian Teresa Azize
Aviles, Lizandra Carrero
Buitrago, Jose
Delgado, Roy Louis Rodriguez
Diaz, Hector Santos
Diaz, Manuel A. Torres
Emery, Jr., Edwin B., Trustee of the Bonnie L.
   Bankert Revocable Trust Pace, Joe M.
Escudero, Juan Antonio Frau
Fe-Ri Construction, Inc.
Figueroa, Julio Medina

Hernandez, Mirta Mendez
Huertas, Carmen M.
Huertas, Edlin S. Buitrago
Irizarry, Aracelia Torres
Kallan, Evan
Mayoral, Jorge Arturo Diaz
O'Neill, Patrick D.
Ocampo, Alberto J. Aristizabal
Padilla, Jose A. Vazquez
Perez, Viviana Velez
Popelnik, Rodolfo
Saltos, Helvia S. Caparros
Santos, Miriam Ivette Matos
Sanz, Jesus Librada
Torres, Leida Pagan

**Other**
Bacon, John
Beltran, Blanca Diaz
Lawless, Richard
Maldonado, Miguel Medina
Martinez, Ana Carmen Vazquez
Martinez, Marcos
Reyes, Wilfredo
Robinson, Maria
Romaguera, Ivan
Solivan, Gilberto A. Cordero

**EXHIBIT B**

**Additional Interested Parties or Their Affiliates, Which Paul Hastings Represents
or Has Represented in the Past in Matters *Unrelated* to the Title III Cases[1]**

| Interested Parties | Relationship to Debtors | Clients & Their Affiliates |
|---|---|---|
| 01A | Litigation Parties | Not a client. Entities related to parent are former clients. |
| 02A | Litigation Parties | Not a client. Entities related to parent are former clients. |
| 03A | Litigation Parties | Not a client. Entities related to parent are former clients. |
| 06A | Litigation Parties | Not a client. Entities related to parent are former clients. |
| 08A | Litigation Parties | Not a client. Entities related to parent are former clients. |
| 10A | Litigation Parties | Not a client. Entities related to parent are former clients. |
| 11A | Litigation Parties | Not a client. Entities related to parent are former clients. |
| 12A | Litigation Parties | Not a client. Entities related to parent are former clients. |
| 30J | Litigation Parties | Former client. Entities related to parent are current clients. |
| 50J | Litigation Parties | Not a client. Entities related to parent are current and former clients. |
| 52J | Litigation Parties | Not a client. Entities related to parent are current clients. |
| 72J | Litigation Parties | Not a client. Entities related to parent are current and former clients. |
| 73J | Litigation Parties | Not a client. Entities related to parent are current and former clients. |
| 02K | Litigation Parties | Not a client. Entities related to parent are former clients. |

---

[1]    Please note that several individuals identified in <u>Exhibit A</u> have submitted a Notice of Participation to the Court or have filed a motion for relief from stay in the Title III Cases. While Paul Hastings does not believe that it has any connection to these individuals, Paul Hastings does not have sufficient information to definitively determine whether or not it has any connection to these individuals.

| Interested Parties | Relationship to Debtors | Clients & Their Affiliates |
|---|---|---|
| 10K | Litigation Parties | Not a client. Entities related to parent are former clients. |
| 11K | Litigation Parties | Not a client. Entities related to parent are former clients. |
| 12K | Litigation Parties | Not a client. Entities related to parent are former clients. |
| 13K | Litigation Parties | Not a client. Entities related to parent are former clients. |
| 14K | Litigation Parties | Not a client. Entities related to parent are former clients. |
| 15K | Litigation Parties | Not a client. Entities related to parent are former clients. |
| 03L | Litigation Parties | Entities related to parent are current clients. |
| 08L | Litigation Parties | Not a client. Related entities are former clients. |
| 09L | Litigation Parties | Former client. |
| 23L | Litigation Parties | Not a client. Related entity is a former client. |
| 03N | Litigation Parties | Not a client. Entities related to parent are former clients. |
| 07N | Litigation Parties | Former client. Entities related to parent are current clients. |
| 04T | Litigation Parties | Not a client. Entities related to parent are former clients. |
| 08T | Litigation Parties | Not a client.  Entity related to parent is a current client. |
| 10T | Litigation Parties | Not a client. Entities related to parent are current clients. |
| 11T | Litigation Parties | Former client. Entities related to parent are former clients. |
| 17T | Litigation Parties | Current client. Entities related to parent are current clients. |
| 18T | Litigation Parties | Current client. |

| Interested Parties | Relationship to Debtors | Clients & Their Affiliates |
|---|---|---|
| Anchorage Capital Group, L.L.C. | Parties Filing Notice of Appearance | Former client. Related entities are current clients. |
| Gordon Brothers Group LLC | Professionals | Current client. Related entities are former clients. |
| London Economics International LLC | Professionals | Former client. Related entities are also former clients. |
| PJT Partners LP | Professionals | Not a client. Parent is a current client. |