UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In Re: | * | PROMESA |
| THE FINANCIAL OVERSIGHT AND | | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO | * | |
| | | Case No 17-BK-3283-LTS |
| As representative of | * | |
| | | Re: ECF Doc. 6871, 6879, |
| THE COMMONWEALTH OF PUERTO RICO, et al., | * | 7084, 7312, 7534, 7845, 8207 |
| | | 8383, 8496, 8587, 8709, 8842 |
| Debtors[1] | * | 8873, 8901, 8905, 8950, 8995 |

**OPPOSITION TO DEBTOR'S MOTION INFORMING COMPLIANCE WITH RULE 2004 REQUEST**

To the Honorable United States Magistrate Judge Judith Gail Dein:

On October 11, 2019, The Commonwealth of Puerto Rico ( the "Debtor) filed a Motion Informing Compliance with Rule 2004 Request that had been filed by Cuerpo Organizado de la Policia, Inc. ("Movant" or "COPI"). (Docket Num. 8842). The movant respectfully understands that the debtor did not fully comply with the request for productions of documents made by

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

COPI in their Motion filed on May 8, 2019. (Docket Num. 6871).

## PROCEDURAL SUMMARY

1. On May 8, 2019, Movant filed *Motion of Cuerpo Organizado de la Policia, Inc. for Order, Under Bankruptcy Rule 2004, Authorizing Discovery of Title III Debtors, Other than Cofina, Concerning Salaries Owed Pursuant Pay Scales Granted by Law*. This Motion was filed at docket num. 6871. The same requested the following: (1) authorize COPI's requests for the production of documents concerning salaries owed for past promotions pursuant pay scales, granted by law, and that have not been paid by the Puerto Rico Police Department to the officers who have a rightful claim to these funds since October 1, 2004; (2) authorize the issuance of the Document Request contained in Exhibit B hereto; and (3) direct the identified Debtors to meet-and-confer in good faith with the COPI regarding the timing of document discovery in response to the Document Request. Even more specific, COPI asks the debtor (the Commonwealth of Puerto Rico) to provide the amounts owed the officers represented by COPI as per list of officers attached hereto by providing (i) the Pay Scales created by Law Num. 227 of August 23, 2004; which amends Law Num. 53 of June 10, 1996, (ii) brief description of the methodology used to compute the amounts owed to each and every officer herein included, and (iii) the Personnel Record for each officer herein included which indicates years of service with the Agency and rank held by each officer during their years of service.

2. After several extensions requested by the Debtor and agreed to by the Movant, on October 11, 2019 the Debtor produced information and documentation requested by Movant under

Bankruptcy Rule 2004 for only two (2) of the officers of the Puerto Rico Police Department. Furthermore, what was provided was not even what had been requested in Movant's motion under Rule 2004. All that was provided for those two police officers was a "Transaction History" (Human Resources PACE Sheet) and incomplete Accumulative Cards ("Tarjets Acumulativas"). With this, the Debtor understood that it had complied with Movant's request and as such filed a *Motion Informing Compliance with Rule 2004* notifying the Court of such compliance. (Docket Num. 8842).

3. On October 16, 2019, the Court issued an Order requiring the parties to "meet and confer on the *Motion Informing Compliance with Rule 2004 Request* and provide the Court with a brief joint status report indicating whether any issues remain under the Rule 2004 request by 4:00pm on October 21, 2019." (Docket Num. 8873).

4. On October 18, 2019, a *First Consented Motion for Extension of Deadlines* was filed in which the parties informed the Court that they would meet and confer on October 22, 2019 and Movant requested until November 1, 2019 to file a response to Debtor's *Motion Informing Compliance with Rule 2004 Request*. (Docket Num. 8901).

5. The Court issues an Order granting said motion and gave the Parties until October 24, 2019 at 4:00pm to file the brief joint status report. The same is filed at docket num. 8950.

**BACKGROUND**

6. COPI, on behalf of its members, filed a complaint against the Commonwealth of Puerto Rico, the Puerto Rico Police Department and the Department of Treasury at the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court, Mayaguez Part

requesting Declaratory Judgment and Recovery of Money owed as per Law Num. 227 of August 23, 2004. Said law established new pay scales for the Puerto Rico Police Department officers, based on ranks. The same went into effect on October 1, 2004. The case number for said cause of action is ISCI2007-01235.

7. On May 29, 2008, the Commonwealth of Puerto Rico requested the above referenced cause of action be consolidated with case num. KAC2006-6803 (508) and thus transferred to the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court, San Juan Part. The reason being that other non profit organizations representing members of the Puerto Rico Police Department had filed similar complaints and for purposes of judicial economy the cases were consolidated on June 16, 2008.

8. The Government of the Commonwealth of Puerto Rico has acknowledged, since 2009 that the debt does exist. Furthermore, at some point during the procedures in State Court, counsel for the defendants stated that a company had been hired in order to compute the amounts owed to the officers of the Puerto Rico Police Department for salaries owed for past promotions pursuant pay scales, granted by law, that had not been paid since October 1, 2004 and to which the officers have a rightful claim. At a hearing held in chambers on August 31, 2015, counsel for the defendants informed that they had prepared a CD with the information of the amounts owed to the officers of the Puerto Rico Police Department. The Court ordered counsel for defendants to submit copy of this CD to counsel for the Plaintiff's within fifteen (15) days. This never occurred.

9. On June 28, 2017 all proceedings related to these cases in State Court were stayed due to the Government of the Commonwealth of Puerto Rico filing for bankruptcy under PROMESA.

10. As such, the officers represented by COPI had no knowledge of the amounts owed to them nor how the amounts owed were computed. To this day, the officers that have received payouts have no knowledge of how the amounts owed were computed and if the amounts payed out are accurate.

11. On October 30, 2018 the Oversight Board issued an official communication, "Certified Fiscal Plan Information". Said documents states as one of its main points: "$122 million to pay police this year, whom are owed a total of $366 million for past promotions pursuant pay scales and whom have not been paid in the last 10 years. (General Fund Budget, p. 7)". Furthermore, the Government of Puerto Rico, on October 31, 2018, acknowledged this debt dates back to 2004 and that in 2009 they recognized the debt in their financial statements for that year.

12. Due to the recent developments at the time of the filing of Movant's Motion back in May 8, 2019, it was imperative that the Department of Public Security ("Departmento de Seguridad Publica"), in conjunction with the Puerto Rico Department of Treasury ("Hacienda") and the Office of Budget Management ("Oficina de Gerencia y Presupuesto") produce the documents related to the calculation of the money owed for salaries owed for past promotions pursuant pay scales, granted by law, that had not been paid by the Puerto Rico Police Department to the officers who have a rightful claim to these funds since October 1, 2004. It is of extreme importance for the creditors to know how the calculation was made in order to determine if each creditor is receiving and was to receive the correct amount of money. This would allow them to make an informed decision at the time of signing to receive the money. At the time of the filing of Movant's motion, many officers were signing and accepting whatever amount of money was offered

to them, and signed a waiver that prohibited them from objecting to the amount received later on. However, they were signing without even knowing how the owed amounts were computed and in complete violation of each and every officer's right to due process.

### REQUESTED RELIEF

13. Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." FED. R. BANKR. P. 2004(a). The scope of such examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." FED. R. BANKR. P. 2004(b). The purpose of a Bankruptcy Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, and examining transactions. *See In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009); *see also In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

14. Courts construing Rule 2004(a) have found its scope "unfettered and broad." *In re Washington Mut., Inc.*, 408 B.R. 45, 49 (Bankr. D. Del. 2009) citing *In Re Bennet Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D. N.Y 1996). One legitimate goal of Rule 2004 examinations is to provide the opportunity for "examining transactions and determining whether wrongdoing has occurred." *Washington Mutual*, 408 B.R. at 50, citing *In Re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D. N.Y. 2002). The scope of Rule 2004 examination is very broad, even broader than discovery under the Federal Rules of Civil Procedure. *In Re Drexel Bumham Lambert Group, Inc.*, 123 B.R. 702, 711 (bankr. S.D.N.Y. 1991). Furthermore, any third party who has a relationship with a debtor may be made subject to a Rule 2004 investigation. *In Re Recoton Corp.*, 307

B.R. 751, 755 (Bankr. S.D.N.Y. 2004) citing *Air Line Pilots Assoc., Int'l v. American National Bank and Trust Co. of Chigago (In Re Ionosphere /clubs, Inc.)*, 156 B.R. 414, 432 (S.D.N.Y. 1993).

15. Although Bankruptcy Rule 2004 authorizes an expansive investigation into the Debtors' assets and affairs[2], COPI at the moment of filing its motion under Rule 2004 was only seeking authorization to pursue one narrow, targeted inquiry. Specifically, COPI asked the Debtor to provide the amounts owed the officers represented by COPI as per list of officers that was attached by providing (i) the Pay Scales created by Law Num. 227 of August 23, 2004; which amends Law Num. 53 of June 10, 1996, (ii) brief description of the methodology used to compute the amounts owed to each and every officer included in Exhibit B, and (iii) the Personnel Record for each officer included in Exhibit B which indicates years of service with the Agency and rank held by each officer during their years of service.

16. The request made by Movant's was narrowly tailored to the Organization's objective of beginning to identify the correct amounts owed to the officers of the Puerto Rico Police Department who are members of COPI. This would allow said officers to make an

---

[2] *See In re Youk-See*, 450 B.R. 312, 319-20 (Bankr. D. Mass. 2011) ("The examination [] is of necessity to a considerable extent a fishing expedition.") (internal citations omitted); *In re Summit Corp.*, 891 F.2d 1, 5 (1st Cir. 1989) (affirming Bankruptcy Rule 2004 discovery order; noting that "Rule 2004 is broad in nature.") (citation omitted); *In re Pub. Serv. Co. of New Hampshire*, 91 B.R. 198, 199 (Bankr. D.N.H. 1988) ("The scope of discovery afforded under Bankruptcy Rule 2004 is "unfettered and broad."); *In re Washington Mut.*, 408B.R. at 50 ("The scope of a Rule 2004 examination is unfettered and broad . . . [and] is commonly recognized as more in the nature of a 'fishing expedition.'") (internal citations omitted); *see also In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) ("[I]t is well settled that the scope of examination allowed under Rule 2004 is broader than discovery allowed under the Federal Rules of Civil Procedure and may be in the nature of a 'fishing expedition.'") (citation omitted).

informed decision at the time of signing to receive the money. Right now, they are blind as to the correct amounts owed to them. Prior to disbursements commencing again in July 2019, the officers were being forced to sign an absolute waiver (checks are not delivered to officers that do not sign the waiver) that prohibited them from objecting the amount received later on; even if they then become aware that the amount owed to them was more than originally received. This constitutes a complete violation of each and every officer's right to due process. At the time of the filing of Movant's motion, the first $122 million had almost been completely disbursed and those officers had lost the opportunity to object to the amount received, even if later on, it is evidenced that the amount owed was more than awarded originally. This due to the signing of the complete and absolute waiver. This made disclosure of said documents even more important in order to resolve this matter before the next $122 million disbursement began.

17. As of the date of the filing of the Movant's Motion (filed on May 8, 2019), there were fifty three (53) police officers who had already received their checks and had executed the existing waiver at that moment, which prohibited them from objecting the amount received later on; even if they then became aware that the amount owed to them was more than originally received. There remained thirty (30) police officers who at the time of the filing of Movant's motion had not yet received their payout. Herein attached as Exhibit 1 is a table prepared and provided by the Puerto Rico Police Department which evidences which police officers had received their payments prior to the filing of the Movant's Motion.

18. Good cause for the production of the requested documents is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably

necessary for the protection of a legitimate interest. *In Re Financial Oversight and Management Board for Puerto Rico*, 295 F. Supp. 3d 66, 72 (Bankr. D. P.R. 2018) citing *In Re Youk-See*, 450 B.R. 312, 319-320 (Bankr. D. Mass. 2011). Denial of production of said documents would cause undue hardship and even more, a grave injustice to the police officers represented by Movant.

19. It is the right and responsibility of COPI to undertake such an examination. The Fifth Amendment of the United States Constitution, talks about the rights of creditors when it says that a person "shall not be deprived of … property without due process of law." Failure to comply with due process can result in the irreparable loss of potentially value rights and/or property interests. Proceedings in bankruptcy cases are subject to the requirements of due process under the Fifth Amendment to the United States Constitution. *In Re San Miguel Sandoval*, 327 B.R. 493 (1st Cir. BAP 2005) citing *In Re Aboody*, 223 B.R. 36, 40 (1st Cir. BAP 1998).

20. Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *In Re Espinosa*, 559 U.S. 260 (2010). It is evident, that case law has established that if proceedings will deprive a beneficiary of property rights, notice and a hearing are required.

21. In this particular case, the police officers have a property right, created by Law Num. 227 of August 23, 2004, over salaries owed for past promotions pursuant pay scales, granted by law, and that have not been paid by the Puerto Rico Police Department to the officers who have a rightful claim to these funds since October 1, 2004. As soon as creditors were allowed to commence filing their proof of claims for monies owed by the Debtor, all active

members of the Police Department of Puerto Rico represented by Movant, filed their proof of claims. The same were filed estimating the amounts owed to each police officer to the best of their knowledge, since they lacked the necessary information to determine with specificity the correct amounts owed by the Debtor. This despite the fact that on numerous occasions, Movant had requested the same information-documents from the debtor in proceedings in State Court (case num. KAC2006-6803) as that which is currently requested by the Movant's Rule 2004 Motion. In State Court, the herein mentioned Debtor, never complied with such discovery.

22. After the police officers represented by Movant filed their proof of claims, the Oversight Board issued on October 30, 2018 an official communication, "Certified Fiscal Plan Information". Said document states as one of its main points: "$122 million to pay police this year, whom are owed a total of $366 million for past promotions pursuant pay scales and whom have not been paid in the last 10 years. (General Fund Budget, p. 7)". The Oversight Board also informed that the same amount of money would be disbursed for the next two (2) fiscal years; all for a total disbursement of $366 million.

23. Disbursements to police officers commenced in December 2018. At that moment, the pay-out process was in complete violation of each officer's (creditors and parties in interest) right to due process. Before each officer was even informed of the amount of money they would receive and said amount owed was computed, they had to sign an absolute waiver that prohibited them from objecting to the amount received later on. If the waiver was not signed by the officer, he or she would not receive the pay-out check. And not only would they not receive payment; there was no appeals or revisions process in place for those officers who decided not to sign the waiver. This quick and hasty pay-

out process was designed to keep the officer in the dark, and pressure the officer into signing and executing the waiver in order to receive whatever sum of money the Police Department understood was owed to him or her; thus impeding the officer from making an informed decision on whether to accept the pay-out check or not. Herein attached as Exhibit 2 is copy of the Initial waiver that the Police Officers were obligated to execute in order to receive the pay-out check.

24. Of the officers represented by Movant, fifty five (55) officers were subjected to this quick, hasty and unconstitutional pay-out process. At the time of the filing of Movant's Rule 2004 Motion, there were thirty (30) officers who had yet to receive payment on their claim against Debtor.

25. Due to the blowback of how the pay-out process was carried out, on July 19, 2019 the Secretary of the Department of Public Security, Elmer L. Roman Gonzalez, gave orders for the pay-out process to be fairer towards the police officers and also ordered a change to the absolute waiver that had been previously used. He requested that an appeals process be put in place in order to comply with "due process owed to the police officers." The same was established and informed to all members of the Police Department by "Carta Circular Num. DSP-2019-CC-004" dated August 30, 2019.

26. After this appeals process went into effect, eighteen (18) officers represented by Movant had received their pay-out and did not request an appeal of the amount that the Debtor alleged was the correct amount owed to them for salary adjustments. To this day, twelve (12) officers represented by Movant have not received the pay-out money owed to them by Debtor, they have no knowledge of the correct amount owed and they do not have the required information to make an informed decision when they are called to receive their

pay-out check on whether to accept the sum of money or object the amount being offered by the Debtor, as is their right.

27. Movant is a party in interest in this bankruptcy proceeding, in as much as it represents police officers who at the time of the filing of this bankruptcy petition were creditors. The argument made by counsel for Debtor (Counsel for the Puerto Rico Department of Justice) that what they disclosed on October 11, 2019 complies with the request made by Movant under Rule 2004 is completely inaccurate and erroneous. First of all, there are still twelve (12) officers who have not received any pay-out and as such, are considered creditors. Second, with respect to the fifty five (55) officers who received a pay-out check for the amount the Debtor alleged it owed to them, the entire process was designed and carried out in complete violation of their due process right, as was correctly recognized by the Secretary of the Department of Public Security, Elmer L. Roman Gonzalez, in "Carta Circular Num. DSP-2019-CC-004" dated August 30, 2019. As such, many might still be creditors if it is determined that the amount payed to any one of them was incorrect and less than the true amount owed. Even so, these fifty five (55) officers would still be parties in interest and thus entitled to pursue discovery under Rule 2004.

28. As such, it is Movant's position that both as a party in interest and the officers themselves as creditors, they are entitled to the complete production of documents requested. This in order to ascertain whether the amounts paid to them by debtor are correct and if not, be able to take any legal recourse necessary in order to redress the injury suffered (irreparable loss of property interest). Movant understands that the production of said documents, as previously requested, could be done immediately since the Police Department already calculated the amounts owed to the officers and which they allege are true and correct.

As such, no undue hardship would be caused to Debtor. Interestingly enough, the Debtor requested eleven (11) deadline extensions since the filing of Movant's Motion alleging that the documents and information requested was taking a long time to gather. However, in the interim, twenty (22) officers received a check for salaries owed. So, logically, the documents and information requested by Movant were readily available and the extension of deadlines (although consented to by Movant for lack of information) were not warranted and were clearly requested in order to prejudice officers represented by Movant.

29. Thus, Movant requests that the Debtor be ordered to comply with the request for production of documents as detailed in Movant motion filed on May 8, 2019 at docket num. 6871.

## NOTICE

Notice of this Motion has been provided to the following entities, or their counsel, if known and in accordance with the Case Management Procedures: (i) the Office of the United States Trustee for the District of Puerto Rico; (ii) the indenture trustee and/or agents, as applicable, for the Debtors' bonds; (iii) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (iv) counsel to the statutory committees appointed in these Title III cases; (v) the Office of the United State Attorney for the District of Puerto Rico; (vi) counsel to the Oversight Board; (vii) the Puerto Rico Department of Justice; (viii) the insurers of the bonds issued or guaranteed by the Debtors; (ix) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; and (x) all parties that have filed a notice of appearance in the above-captioned Title III cases.

**WHEREFORE,** COPI respectfully requests that this Court enter an order granting the requested relief and thus Order Debtor to provide all documents and information requested in Movants *Motion of Cuerpo Organizado de la Policia, Inc. for Order, Under Bankruptcy Rule 2004, Authorizing Discovery of Title III Debtors, Other than Cofina, Concerning Salaries Owed Pursuant Pay Scales Granted by Law* filed at docket num. 6871. Furthermore, it is requested the Honorable Court grant such other relief as is just and proper.

Dated: November 1, 2019
Mayaguez, Puerto Rico

/s/ *Lirio Del Mar Torres*
LIRIO TORRES LAW OFFICE
Lirio Del Mar Torres, Esq., USDC-PR 225814
PO Box 3552
Mayaguez, PR 00681-3552
Telephone: (787) 265-5050
liriotorresjust@gmail.com
*Counsel to Cuerpo Organizado de la Policia, Inc. (COPI)*