# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 8911, 8944**<br><br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**This filing relates to the Commonwealth.** |

## INFORMATIVE MOTION REGARDING ORDER DIRECTING THE COMMONWEALTH OF PUERTO RICO TO SHOW CAUSE IN CONNECTION WITH HIRAM PÉREZ-SOTO'S MOTION INFORMING THE HONORABLE COURT

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") respectfully submits this Informative Motion in response to the *Order Directing the Commonwealth of Puerto Rico to Show Cause in Connection with Hiram Pérez-Soto's Motion Informing the Honorable Court* [ECF No. 8944] (the "Order to Show Cause").[2]

1.  The Commonwealth does not object to extending the modification of the automatic stay contained in the Stay Relief Order[3] to the Second Litigation as provided in the stipulation the Commonwealth entered into with movant, Hiram Pérez-Soto, to modify the automatic stay with respect to the Second Litigation, attached hereto as **Exhibit A**.

Dated: October 31, 2019
      San Juan, Puerto Rico


Respectfully submitted,


**DENNISE N. LONGO-QUIÑONES**
Designated Secretary of Justice

**WANDYMAR BURGOS-VARGAS**
Deputy Secretary in Charge of Litigation

s/Susana I. Peñagarícano-Brown
**SUSANA PEÑAGARÍCANO-BROWN**
Director of Legal Affairs
Federal Litigation and Bankruptcy Division
USDC-PR Bar No. 219907

P.O. Box 9020192
San Juan, PR 00902-0192
Email: spenagaricano@justicia.pr.gov

---

[2]  The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Informative Motion on behalf of the Commonwealth.

[3]  Capitalized terms not otherwise defined shall have the same meaning as ascribed to them in the Order to Show Cause.

Phone: 787-721-2900 Ext. 1404
*Attorney for the Commonwealth of Puerto Rico*

**Exhibit A**

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 8027-1, 8911, 8944**<br><br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**This Stipulation relates only to the Commonwealth.** |

## STIPULATION MODIFYING THE AUTOMATIC STAY BETWEEN THE COMMONWEALTH OF PUERTO RICO AND HIRAM PEREZ SOTO

This stipulation (the "Stipulation") is made as of October 29, 2019, by and between the

Commonwealth of Puerto Rico (the "Commonwealth") and Hiram Pérez Soto ("Movant" and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

together with the Commonwealth, the "Parties"), plaintiff in the case captioned *Hiram Pérez Soto v. Ramírez Nazario, et als.*, Civil No. 19-1774 (JAG) (the "Prepetition Action"), pending before the United States District Court for the District of Puerto Rico (the "District Court").[2]

## RECITALS

**WHEREAS**, on May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to PROMESA section 315(b), filed a petition under title III of PROMESA (the "Title III Case");

**WHEREAS**, on August 17, 2017, the District Court entered the *Order Amending Case Management Procedures* (as amended from time to time, the "Case Management Order"), which revised the *Notice, Case Management and Administrative Procedures* to implement a protocol (the "Lift Stay Protocol") for filing motions for relief from the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a),[3] as made applicable to the Title III Case by PROMESA section 301(a) (the "Title III Stay") [ECF No. 8027];

**WHEREAS**, under the Lift Stay Protocol, Movant is required to (a) send notice (the "Lift Stay Notice") to counsel to the Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to advise them of Movant's intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay

---

[2]   The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Commonwealth to enter into this Stipulation.

[3]   In a title III case, Bankruptcy Code section 922 extends the self-executing provisions of Bankruptcy Code section 362 to, among other things, actions against officers and inhabitants of the debtor to enforce claims against the debtor. *See Order Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* [ECF No. 543] ("For the avoidance of doubt, the protections of Bankruptcy Code section 922(a)(1) with respect to officers and inhabitants of the Debtors, as set forth in paragraph 4(a) [of the Order], apply in all respects to the Debtors' officers in both their official and personal capacities with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors.").

Notice Period") and (b) meet and confer with the Commonwealth during the Lift Stay Notice Period;

WHEREAS, on August 22, 2019, the District Court in the Title III Case entered the *Memorandum Order Granting in Part and Denying in Part Hiram Pérez-Soto's Motion for Relief from Automatic Stay (Docket Entry No. 7776)* [ECF No. 8521] (the "Lift Stay Order"), modifying the Title III Stay with respect to the case captioned *Pérez-Soto v. Oronoz et al.*, Case No. 19-1266 (CCC) (the "First Litigation"), pending before the District Court.



WHEREAS, on October 8, 2019, the Prepetition Action and the First Litigation were consolidated pursuant to an order [ECF No. 42] entered by the Honorable Carmen C. Cerezo.

WHEREAS, on October 21, 2019, Movant filed its *Motion Informing the Honorable Court* [ECF No. 8911] (the "Motion") requesting that the Lift Stay Order be extended to the Prepetition Action to allow the Prepetition Action to proceed to judgment.

WHEREAS, following the filing of the Motion, the Commonwealth and Movant have resolved Movant's request for modification of the Title III Stay.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Commonwealth, through its counsel, and Movant, appearing *pro se*, each of whom represent and warrant they possess the requisite authority to bind the respective Parties hereto, as follows:

1.      The Title III Stay is hereby modified solely to the limited extent necessary to (i) allow the Prepetition Action to proceed to final judgment before the District Court and (ii) allow Movant to pursue execution and enforcement of any non-monetary relief that does not entail the disbursement of funds belonging to the Commonwealth or any other Title III Debtor for the implementation, enforcement, and/or execution of such non-monetary relief; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including,

3

but not limited to, the execution and enforcement of any judgment for money damages or any other monetary relief that entails the disbursement of funds by the Commonwealth or any other Title III Debtor, and provisional remedies against the Commonwealth or any other Title III Debtor.

2.      Notwithstanding the foregoing, payment by the Commonwealth or another Title III Debtor of any *de minimis* incidental costs associated with the implementation, enforcement, and/or execution of non-monetary relief shall not be considered "the disbursement of funds" for purposes of this Stipulation. Should Movant seek the implementation, enforcement, and/or execution of non-monetary relief that the Commonwealth believes would require a disbursement of funds of the Commonwealth or another Title III Debtor, the Commonwealth shall serve promptly upon Movant written notice (a "Notice") identifying the non-monetary relief and providing a brief summary of its position. The Notice shall include a certification that the Commonwealth believes in good faith that implementation, enforcement, and/or execution of the nonmonetary relief in question will in fact require the disbursement of funds belonging to the Commonwealth or any other Title III Debtor. In the event that the Commonwealth sends Movant a Notice, the Parties agree to confer in good faith to seek to resolve the issue and, failing a consensual resolution, Movant reserves the right to file a motion for further relief from the automatic stay in accordance with the Lift Stay Protocol. The Commonwealth reserves all rights and defenses with regards to such motion if and when filed.

3.      Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the prosecution against the Commonwealth or any of the other Title III Debtors of any claim or claims by anyone other than Movant as provided for herein and the Commonwealth reserves all rights, defenses, and protections with respect to any and all matters

pending or that may arise in the Title III Case, including the treatment of any claim arising from the Prepetition Action under a plan of adjustment or otherwise in the Title III Case.

4.    The Commonwealth and Movant represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

5.    Neither this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movant in the Prepetition Action, or assert any related rights, claims, or defenses and all such rights are reserved; (c) a waiver of Movant's or the Commonwealth's rights to determine and/or contest the applicability of a discharge to any judgment that may be issued in the Prepetition Action pursuant to 11 U.S.C. § 944, as made applicable to these proceedings by virtue of PROMESA section 301(a); or (d) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

6.    Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than Movant as expressly provided in this Stipulation), or (b) evidence of any willingness or obligation on the Commonwealth's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities.

7.      This Stipulation contains the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

8.      This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico.  For purposes of construing this Stipulation, neither of the Parties shall be deemed to have been the drafter of the Stipulation.

9.      Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

10.     This Stipulation may not be modified other than by a signed writing executed by the parties hereto.

11.     The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

12.     This Stipulation shall be immediately effective and enforceable upon execution by the Parties hereto.


*[Remainder of Page Intentionally Left Blank]*

6

IN WITNESS WHEREOF and in agreement herewith, the Commonwealth, by and through is counsel, and Movant have executed and delivered this Stipulation as of the date first set forth above.

Dated: October 29, 2019
San Juan, Puerto Rico

Respectfully submitted,

DENISSE N. LONGO QUIÑONES
Secretary of Justice

WANDYMAR BURGOS VARGAS
USDC 223502
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2940 Ext. 2500, 2501
wburgos@justicia.pr.gov

*Attorney for the Commonwealth of Puerto Rico*

/s/
HIRAM PEREZ SOTO
*PRO SE*

Urb. Villa de Paraná,
Calle11 Bloque S-1#5
San Juan, PR, 00926
Telephone: (787) 731-6573
Mobile: (787) 438-6687
Fax: (787) 790-9581
hperez1057@gmail.com

*Movant*