UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

MEMORANDUM ORDER REGARDING OFFICIAL COMMITTEE OF UNSECURED CREDITORS' URGENT OBJECTION TO MAGISTRATE JUDGE'S SEPTEMBER 16, 2019 ORDER GRANTING PROTECTIVE ORDER WITH RESPECT TO DEPOSITION OF JOSE ORTIZ

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Before the Court is the *Official Committee of Unsecured Creditors' Urgent Objection to Magistrate Judge's September 16, 2019 Order Granting Protective Order with Respect to Deposition of Jose Ortiz* (Docket Entry No. 1645[2] in Case No. 17-4780, the "Objection"). Through the Objection, the Official Committee of Unsecured Creditors (the "Committee") seeks to overturn Magistrate Judge Judith Gail Dein's September 16, 2019, *Order on Motion for Protective Order* (Docket Entry No. 1640, the "September 16 Order"), which granted *AAFAF and PREPA's Urgent Motion for Protective Order Quashing Official Committee of Unsecured Creditors' Deposition Notice to Jose Ortiz* (Docket Entry No. 1625, the "Motion to Quash"). The Court has reviewed carefully the parties' submissions and, for the reasons that follow, the Objection is overruled and the September 16 Order stands.

The Court assumes the parties' familiarity with the facts and procedural history related to the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* (Docket Entry No. 1235, the "9019 Motion"), which are laid out in detail in the *Memorandum Order Regarding Official Committee of Unsecured Creditors' Urgent (i) Objections to Magistrate Judge's August 2, 2019 Order on Motion to Compel and (ii) Alternative Motion to Strike and to Exclude Out-of-Scope Declaration Testimony and Related Evidence* (Docket Entry No. 1652). This Memorandum Order contains only a brief recitation of background information pertinent to the instant discovery dispute.

---

[2] All docket entry references are to entries in Case No. 17-4780, unless otherwise specified.

On June 20, 2019, this Court entered the *Revised Order Extending and Establishing Certain Deadlines Applicable to the Joint Motion of PREPA and AAFAF Pursuant to Bankruptcy Code Section 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement [ECF No. 1235]* (Docket Entry No. 1366, the "Revised Scheduling Order"), which set, inter alia, a July 5, 2019, deadline by which the parties were required to serve any deposition notices. The Revised Scheduling Order permits a party to serve a deposition notice or subpoena after the specified deadline only upon a showing of good cause and "promptly after information comes to such party's attention . . . constituting the basis for serving such notice or subpoena . . . ." (*Order Extending and Establishing Certain Deadlines Applicable to the Joint Motion of PREPA and AAFAF Pursuant to Bankruptcy Code Section 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement [ECF No. 1235]* (Docket Entry No. 1253) ¶ 2(b) (incorporated by reference into the Revised Scheduling Order at 2, n.2).)

On August 16, 2019, the Committee served a deposition notice (the "Deposition Notice") upon PREPA's chief executive officer, José Ortiz. The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") and PREPA subsequently filed the Motion to Quash on September 4, 2019. On September 16, 2019, Judge Dein granted the Motion to Quash "without prejudice to the Committee requesting leave to take Mr. Ortiz's deposition after the Rule 30(b)(6) depositions of AAFAF, PREPA, and [the] P3 [Authority] have taken place, should the Committee believe, at that point, that there is good cause for a late deposition . . . ." (Sept. 16 Ord. at 6.) The Committee filed the Objection on September 30, 2019.

Upon review of a timely objection to a non-dispositive order issued by a magistrate judge, the district judge to whom the case is assigned must consider the objection and modify or set aside any part of the order that "is clearly erroneous or contrary to law." 28 U.S.C.A. § 636(b)(1)(A) (West 2018); see also Fed. R. Civ. P. 72(a). Under the "clearly erroneous" standard, the reviewing court "must accept both the trier's findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, [it] form[s] a strong, unyielding belief that a mistake has been made." Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999) (citation and internal quotation marks omitted). A magistrate judge's rulings will be reviewed under the "contrary to law" standard when the motion "turns on a pure question of law." PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010). "This means that, for questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and review under Rule 72(b)'s de novo standard." Id. Mixed questions of law and fact trigger a sliding scale of review pursuant to which

> [t]he more fact intensive the question, the more deferential the level of review (though never more deferential than the 'clear error' standard); the more law intensive the question, the less deferential the level of review.

Goat Island S. Condo. Ass'n, Inc. v. IDC Clambakes, Inc. (In re IDC Clambakes, Inc.), 727 F.3d 58, 64 (1st Cir. 2013) (citation omitted).

In its Objection, the Committee argues that Judge Dein incorrectly concluded that there was no good cause to notice Mr. Ortiz's deposition after the July 5, 2019, deadline set forth in the Revised Scheduling Order. The Committee asserts that "significant, unanticipated developments" (Obj. ¶ 3)—namely, the publication of statements made by Mr. Ortiz, the production of certain documents in discovery, and the resignation of former AAFAF Executive Director Christian Sobrino—which caused it to reconsider its initial decision not to notice Mr.

Ortiz's deposition, occurred after that deadline. According to the Committee, in granting the Motion to Quash, Judge Dein "improperly focused on the time that has elapsed since the July 5 deadline, rather than on the time remaining under the current litigation schedule." (Obj. ¶ 18.) The Committee further maintains that "it is entitled to take the deposition of at least one individual in a key operational or decision-making role within PREPA or AAFAF." (Id. ¶ 22.) Finally, the Committee seems to suggest that Judge Dein applied the wrong legal standard in evaluating the Motion to Quash. (See id. ¶ 19.) Each of the Committee's arguments is unavailing.

As Judge Dein's thorough and well-reasoned Order explains, the Committee was indisputably aware that Mr. Ortiz was a potential witness from at least June 3, 2019, when the Committee itself identified him as a "key custodian" of documents, yet the Committee elected to refrain from noticing his deposition until several months later.[3] Even if the Committee was "unaware of the scope of [Mr. Ortiz's] knowledge" (Obj. ¶ 17) prior to the June 5 deadline, it has identified no clear mistake underlying Judge Dein's determination that the Rule 30(b)(6) witnesses of AAFAF, PREPA, and the P3 Authority will be able to testify with respect to the pertinent documents identified by the Committee, the public statements made by Mr. Ortiz, and the components of the RSA that the Committee has insisted are uniquely within Mr. Ortiz's knowledge. Nor has the Committee challenged meaningfully Judge Dein's findings that the Government Parties' failure to replace Mr. Sobrino following his resignation did not prompt service of the Deposition Notice upon Mr. Ortiz (because of the gap in time between Mr.

---

[3] The Court rejects the notion that the Committee's efforts "to minimize burdens and expenses in the litigation" (Obj. ¶ 17) justify its delay in serving the Deposition Notice or otherwise materially affect the Court's good cause analysis, as the burden associated with serving a single deposition notice is de minimis.

Sobrino's resignation and service of the Deposition Notice) and, thus, did not serve as an adequate basis to deny the Motion to Quash. In any event, it appears likely at this juncture that Mr. Sobrino either has sat or will sit for a deposition (see *Stipulated Protective Order* (Docket Entry No. 1673)), which further undermines the Committee's theory that the testimony sought from Mr. Ortiz would be critical to its consideration of the 9019 Motion. The Committee, moreover, offers inadequate support for its assertion that only the deposition of a current government officer would suffice under the circumstances. Thus, notwithstanding the "developments" identified by the Committee, Judge Dein's conclusions that good cause to permit Mr. Ortiz's deposition was lacking because that deposition "could easily have been noticed earlier" (Sept. 16 Ord. at 3), and because his testimony would likely be cumulative, were neither clearly erroneous nor contrary to law, particularly given that the September 16 Order does not foreclose a renewed request by the Committee to take Mr. Ortiz's deposition after the Rule 30(b)(6) depositions of AAFAF, PREPA, and the P3 Authority have occurred.

The Committee's reliance on Koninklijke Philips Elecs. N.V. v. ZOLL Med. Corp., No. CIV. 10-11041-NMG, 2013 WL 1833010 (D. Mass. Apr. 30, 2013), for the proposition that the burden was on PREPA and AAFAF to establish good cause for the request to quash the Deposition Notice is misplaced. Although the Committee is correct that a party seeking a protective order to preclude discovery ordinarily bears the burden of establishing good cause for its request, see id. at *1, the Revised Scheduling Order expressly provides that late deposition notices will be permitted only upon a showing of good cause by the party seeking the deposition. (See Revised Scheduling Ord. at 2 n.2); cf. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); Puerto Rico Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriquena, Inc., 104 F. Supp. 3d 196, 199 (D.P.R.

2015) (discussing good cause standard under Federal Rule of Civil Procedure 16(b)(4)). The Deposition Notice having been served on Mr. Ortiz after the July 5, 2019, deadline, the burden to show good cause for proceeding with his deposition rested with the Committee. Judge Dein's application of the good cause standard was therefore neither clearly erroneous nor contrary to law.[4]

Accordingly, the Objection is overruled and the September 16 Order stands. This Order resolves Docket Entry No. 8790 in Case No. 17-3283 and Docket Entry No. 1645 in Case No. 17-4780.

SO ORDERED

Dated: November 6, 2019

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[4] Because Judge Dein's conclusion with respect to the question of good cause under the Revised Scheduling Order was neither clearly erroneous nor contrary to law, this Court need not address Judge Dein's ruling based upon the "apex deposition doctrine" or the Committee's arguments pertaining to the relevance of the testimony it seeks from Mr. Ortiz.