UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER DENYING MOTION TO ALTER OR AMEND
ORDER SUSTAINING OBJECTION (DKT. 8297) TO CLAIMS NO. 152470 & NO. 152283

Before the Court is the *Motion to Alter or Amend Order Sustaining Objection (Dkt. 8297) to Claims No. 152470 & No. 152283* (Docket Entry No. 8760,[2] the "Motion") filed by Jorge A. Díaz Mayoral ("Mayoral") and Juan A. Frau Escudero ("Escudero") (together, the "Movants"). The Motion seeks reconsideration pursuant to Rule 59(e) of the Federal Rules of

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     All docket entry references herein are to entries in Case No. 17-3283.

Civil Procedure ("Rule 59(e)"),[3] Federal Rule of Bankruptcy Procedure 3008, and Section 502(j) of the United States Bankruptcy Code, 11 U.S.C. § 502(j) ("Section 502(j)"), of this Court's ruling (the "September 11 Ruling") issued on the record during the September 11, 2019, Omnibus Hearing and memorialized in an order dated November 4, 2019 (Docket Entry No. 9099), which overruled Movants' response to the *Sixty-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Based on Investments in Mutual Funds* (Docket Entry No. 8297, the "Objection").  Specifically, the Court held that Movants, as investors in mutual funds that in turn may have held bonds issued by the Commonwealth, lack standing to assert claims based upon their ownership interests in such funds and, as a result, disallowed their proofs of claim.[4]  (See *Transcript of September 11, 2019 Hearing Before the Honorable Laura Taylor Swain* (Docket Entry No. 8691), 81:12-15; Ord. at 2.)  The Court has considered carefully all of the parties' submissions[5] and, for the reasons that follow, the Motion is denied and the Claims remain disallowed.

A party moving for relief under Rule 59(e) must (i) clearly establish a manifest error of law or fact; (ii) clearly establish a manifest injustice; (iii) present newly discovered or previously unavailable evidence; or (iv) establish an intervening change in controlling law.  See

---

[3] Rule 59(e) is made applicable in these proceedings by Federal Rule of Bankruptcy Procedure 9023.

[4] The claims filed by Mayoral and Escudero were logged by Prime Clerk as Proof of Claim Nos. 152470 and 152283, respectively (together, the "Claims").

[5] The Court notes that Movants have labeled their reply brief in further support of the Motion a "preliminary reply."  (See *Preliminary Reply to Opposition to Motion to Alter or Amend Order Sustaining Objection (Dkt. 8297) to Claims No. 152470 & 152283* (Docket Entry No. 8863, the "Reply").  Given that the final deadline to submit the Reply was October 15, 2019 (after having twice been extended at Movants' request), and the order granting Movants' second extension request provided that "[n]o further extensions will be granted" (*Order Granting Motion for Brief Additional Extension of Time* (Docket Entry No. 8852), the Court deems the Motion fully briefed.

Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005). "[A] motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." In re Pabon Rodriguez, 233 B.R. 212, 220 (Bankr. D.P.R. 1999), aff'd, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), aff'd, 17 F. App'x 5 (1st Cir. 2001). Accordingly, a Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC, 794 F.3d 200, 208 (1st Cir. 2015) (citation and internal quotation marks omitted). A party's disagreement with the court's decision and desire to have the court "rethink its holding" are not grounds for reconsideration. Rosario-Mendez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 234 (D.P.R. 2009).

Movants contend that, in sustaining the Objection as to their Claims, the Court failed to consider that Movants could, pursuant to Puerto Rico law, seek payment from the Commonwealth based upon the personal injury that they suffered as a result of their ownership interests in mutual funds that had invested in Commonwealth bonds. Movants further argue that the Court erred as a matter of law in concluding that they lack standing to assert claims predicated on injuries sustained by the mutual funds directly. In reply, Movants also assert that the *Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Docket Entry No. 8765, the "Proposed Plan) and the *Disclosure Statement for the Title III Joint Plan of Adjustment for the Commonwealth for Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* (Docket Entry No. 8766, the "Disclosure Statement") constitute or contain new evidence warranting reconsideration. Movants seek leave to either (i) supplement their response

regarding the personal injury they sustained, or, alternatively, (ii) present evidence at a hearing in an effort to demonstrate their personal injury, or, alternatively, (iii) amend their Claims to present evidence regarding their personal injury, which would then be subject to any future objection by the Commonwealth. (Mot. at 9.)

Movants have failed to identify any basis under Rule 59(e) for reconsideration of the Court's decision to disallow their Claims. Initially, Movants' attempt to reformulate their theory of liability at this juncture to one based on personal injury under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141, is unavailing, as they could have, but did not, raise such an argument in their response to the Objection. See Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 189-90 (1st Cir. 2004) ("[P]arties cannot use Rule 59(e) motions to raise new arguments that could have been made before judgment issued or to undo their own procedural failures."). In any event, Movants cite no authority suggesting that they could assert cognizable claims against the Commonwealth under Article 1802 or, even assuming they could, that this Court's ruling with respect to the derivative nature of the Claims and Movants' lack of standing would not preclude the proposed modified claims.

Movants' challenge to the Court's legal conclusions regarding their failure to establish standing is similarly misplaced. In evaluating the Objection and Movants' response thereto, the Court considered and rejected the same arguments now raised in support of the Motion, and Movants identify no case law that undermines the Court's determinations in that regard. Indeed, as relevant here, Gordon v. Fundamental Investors, Inc., 362 F. Supp 41 (S.D.N.Y. 1973)—a non-binding decision cited in the Motion that was also relied on by the Commonwealth and considered by the Court in connection with the Objection—provides only that, in certain circumstances, "a shareholder has a direct right to attack a corporate transaction

which dilutes his proportionate ownership." Id. at 44 (citations omitted). The Motion does not explain why this Court's finding that Movants lack standing to assert direct claims against the Commonwealth based upon their investments in mutual funds is manifestly inconsistent with Gordon, much less with any authority that is binding on this Court.

As to Movants' argument regarding new evidence, absent a description of how any content in the Proposed Plan and Disclosure Statement should alter the September 11 Ruling, Movants' contention that the Commonwealth's submission of such materials requires invocation of the extraordinary remedy of reconsideration is unpersuasive. In fact, much of the purportedly new evidence identified by Movants was available when they filed their original response to the Objection. Finally, neither the Movants' inability to seek redress from the Commonwealth in this Court for the financial injury that they have allegedly sustained nor any other consequence of the September 11 Ruling described in the Motion rises to the level of a "manifest injustice" within the meaning of Rule 59(e). See United States v. Garcia-Ortiz, 792 F.3d 184, 190 (1st Cir. 2015) ("A finding of manifest injustice requires a definite and firm conviction that a prior ruling on a material matter is unreasonable or obviously wrong, as well as a finding of prejudice." (quoting United States v. Wallace, 573 F.3d 82, 89 (1st Cir. 2009))). Having failed to clearly establish a manifest error of law or fact, present newly discovered or previously unavailable relevant evidence, or establish manifest injustice, Movants have presented no valid grounds for reconsideration under Rule 59(e).[6]

Nor does Section 502(j) of the Bankruptcy Code provide a basis for reconsideration here. "Reconsideration of a claim under [Section] 502(j) is a two-step process:

---

[6] Movants raise no arguments pertaining to, and the Court is not otherwise aware of, any intervening change in law that would warrant reconsideration under Rule 59(e).

[it requires] (1) a showing of cause for reconsideration; and (2) a determination of the claim according to the equities of the case." In re Gonzalez, 490 B.R. 642, 651 (B.A.P. 1st Cir. 2013) (citations omitted). Because "cause" as required by Section 502(j) is not defined, "the bankruptcy court is given wide discretion in determining what constitutes adequate cause for the reconsideration of a claim." Id. (citation omitted). Courts in the First Circuit have, in considering Section 502(j) motions, borrowed the standards applicable to motions under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). See, e.g., id. at 651-52; In re Funez, No. 12-01737 BKT, 2013 WL 2948920, at *1 (Bankr. D.P.R. June 14, 2013).[7] "A party moving for reconsideration of an order disallowing its claim bears the burden of showing 'cause,' without which there can be no basis for the allowance of a previously disallowed claim according to the equities of the case." Scotiabank de P.R. v. Lorenzo (In re Lorenzo), No. BAP

---

[7] Rule 60(b) permits a court to grant reconsideration of a final judgment, order, or proceeding for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); see also Annobil v. Worcester Skilled Care Ctr., Inc., No. CIV.A. 11-40131-TSH, 2014 WL 7384758, at *2 (D. Mass. Dec. 29, 2014) ("[A] party who seeks relief under [Rule 60(b)] must establish, at the very least '. . . that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, [the movant] has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'" (quoting Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 3-4 (1st Cir. 2014))).

PR 15-011, 2015 WL 4537792, at *5 (B.A.P. 1st Cir. July 24, 2015) (citation omitted), aff'd, 637 F. App'x 623 (1st Cir. 2016).

Here, Movants have made no showing that any of the circumstances enumerated in Rule 60(b) are present. For that reason, and for substantially the same reasons that relief under Rule 59(e) is unwarranted, Movants have not demonstrated cause for reconsideration pursuant to Section 502(j). Cf. Lempert v. Power, 618 F. App'x 3, 3 n.2 (D.C. Cir. 2015) (noting that "[t]he substantive standards for [Rules] 59(e) and 60(b) are similar"). The Court therefore need not address the second prong of the Section 502(j) test.

Movants have failed to establish a basis for reconsideration of the September 11 Ruling under either Rule 59(e) or Bankruptcy Code Section 502(j). Accordingly, the Motion is denied and the Claims remain disallowed. This Order resolves Docket Entry No. 8760.

SO ORDERED.

Dated: November 6, 2019

                                                      /s/ Laura Taylor Swain
                                                      LAURA TAYLOR SWAIN
                                                      United States District Judge