# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17- BK-3283-LTS<br><br>(Jointly Administered) |
| AMBAC ASSURANCE CORPORATION,<br><br>Movants,<br><br>-v-<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO; and THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY,<br><br>Respondents. | No. 17-BK-3283-LTS<br><br>**Re: ECF Nos. 9022, 9023** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

```
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO
RICO; and THE PUERTO RICO FISCAL
AGENCY AND FINANCIAL ADVISORY
AUTHORITY,

        Cross-Movants,

        -v-

AMBAC ASSURANCE CORPORATION,

        Cross-Respondent.
```

**DECLARATION OF JULIA D. ALONZO IN SUPPORT OF URGENT MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO AND PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY TO STRIKE (A) AMBAC ASSURANCE CORPORATION'S MOTION FOR ENTRY OF ORDER AUTHORIZING DISCOVERY UNDER BANKRUPTCY RULE 2004 CONCERNING COMMONWEALTH ASSETS [ECF NO. 9022] AND (B) AMBAC ASSURANCE CORPORATION'S MOTION FOR ENTRY OF ORDER AUTHORIZING DISCOVERY UNDER BANKRUPTCY RULE 2004 CONCERNING COMMONWEALTH CASH RESTRICTION ANALYSIS [ECF NO. 9023] AND FOR SANCTIONS**

I, Julia D. Alonzo, state and declare as follows:

1. I am Senior Counsel at the law firm Proskauer Rose LLP ("Proskauer") in New York, New York, and counsel to the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] I make this declaration in support of the Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Authority's

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

("AAFAF," and collectively with the Oversight Board, "Cross-Movants") urgent motion to strike (a) *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* [ECF No. 9022] and (b) *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* [ECF No. 9023], and for sanctions.

2. On November 1, 2019, I sent an email to counsel for Ambac Assurance Corporation ("Ambac") and copying counsel for Cross-Movants. My email attached a letter addressed to Ambac's counsel from Brian S. Rosen of Proskauer. A true and correct copy of my email to Ambac's counsel, and the attachment thereto, are attached as Exhibit 1 to this declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief, and that this declaration was executed on November 8, 2019 in New York, New York.

/s/ Julia D. Alonzo
Julia D. Alonzo

# **EXHIBIT 1**

# Alonzo, Julia D.

| | |
|---|---|
| **From:** | Alonzo, Julia D. <jalonzo@proskauer.com> |
| **Sent:** | Friday, November 1, 2019 11:53 AM |
| **To:** | rcamara@ferraiuoli.com; scolon@ferraiuoli.com; 'ddunne@milbank.com'; amiller@milbank.com |
| **Cc:** | Mungovan, Timothy W.; Ratner, Stephen L.; Bienenstock, Martin J.; Rosen, Brian S.; Mervis, Michael T.; Firestein, Michael A.; Friedman, Peter; Uhland, Suzzanne |
| **Subject:** | Ambac's October 28 Motions for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 |
| **Attachments:** | 11.1.19 Letter to Ambac Counsel.PDF |

Counsel:

Please see the attached correspondence.

Best regards,

**Julia D. Alonzo**
Senior Counsel

Proskauer
Eleven Times Square
New York, NY 10036-8299
d 212.969.4558
f 212.969.2900
jalonzo@proskauer.com

greenspaces
Please consider the environment before printing this email.

*********************************************************************************************
******************************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
*********************************************************************************************
******************************************************************

**Proskauer** > Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

November 1, 2019

**By Email**

Roberto Cámara-Fuertes, Esq.
Sonia Colón, Esq.
Ferraiuoli LLC
221 Ponce de León Avenue
5th Floor
San Juan, PR 00917

Dennis F. Dunne, Esq.
Atara Miller, Esq.
Milbank LLP
55 Hudson Yards
New York, NY 10001

Brian S. Rosen
Member of the Firm
d +1.212.969.3380
f 212.969.2900
brosen@proskauer.com
www.proskauer.com

**Re:** *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* [ECF No. 9022]; *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* [ECF No. 9023]

Dear Counsel:

As a follow up to my recent conversations with Dennis Dunne, and pursuant to Judge Swain's July 16, 2019 Standing Order ¶ 1(c), this letter serves to memorialize our meet-and-confer process concerning Ambac Assurance Corporation's ("Ambac") *Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* [ECF No. 9022] (the "Commonwealth Assets Motion") and Ambac's *Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* [ECF No. 9023] (the "Cash Analysis Motion," and collectively with the Commonwealth Assets Motion, the "Rule 2004 Motions"), filed in the Commonwealth Title III case, Case No. 17-03283-LTS.

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") (collectively "Movants") intend to file an urgent motion (the "Motion") asking the Court to strike the Rule 2004 Motions, as they are precluded by the *Order Regarding Stay Period and Mandatory Mediation* [ECF No. 8244] (the "Stay Order"), and the *Order Granting Urgent Joint Motion of Oversight Board and AAFAF for Order Extending (a) Stay Period, (b) Mandatory Mediation, and (c) Certain Deadlines Related Thereto* [ECF No. 9016] (the "Stay Extension Order"), and for sanctions against Ambac.[1]

As you are aware, the Stay Order directed Chief Judge Barbara J. Houser, as the mediation team leader, to, among other things, facilitate substantive negotiations regarding the Commonwealth

---

[1] As contingent alternative relief, Movants will seek a stay of the Rule 2004 Motions until after the expiration of the current mediation stay.

Proskauer ›

November 1, 2019
Page 2

plan of adjustment in confidential mediation sessions. It also stayed multiple adversary proceedings and contested matters in the Commonwealth Title III case and directed Chief Judge Houser to determine, also through confidential mediation sessions, a procedure for litigating contested issues relating to the Commonwealth plan, up to and including a confirmation hearing. The Stay Extension Order extended the length of the stay put in place by the Stay Order until December 31, 2019 so that these confidential mediation sessions could continue.

The Rule 2004 Motions violate multiple provisions of the Stay Order.

First, the Rule 2004 Motions violate the stay order by attempting to address substantive issues relating to the Commonwealth plan of adjustment while the stay is still in place, and while Chief Judge Houser is still responsible for overseeing mediation of substantive issues relating to the plan. Indeed, the Rule 2004 Motions acknowledge expressly that they request information to evaluate the Commonwealth disclosure statement and plan of adjustment. Accordingly, the Rule 2004 Motions directly contravene the express language of the Stay Order by undermining the Court's goals of "avoiding piecemeal litigation" and "identify[ing] efficiently the issues that must be litigated to achieve confirmation of a plan of adjustment" (Stay Order at 1) in imposing, and then extending, the stay.

Second, the Rule 2004 Motions individually violate numerous provisions of the Stay Order:

- The Cash Analysis Motion's requests for information relating to PRIFA and the rum taxes violate paragraph B.2 and Appendix I of the Stay Order.

- The Cash Analysis Motion's requests for information relating to other clawback revenues, including HTA and CCDA, violate paragraph B.4 of the Stay Order.

- The Cash Analysis Motion's requests relating to the October 2, 2019 Cash Restriction Analysis presentation, which was given during mediation proceedings, violates paragraphs B and C of the Stay Order.

- The Cash Analysis Motion's requests regarding the Commonwealth's use of cash for essential services violates paragraph B.7 of the Stay Order.

- The Commonwealth Assets Motion violates paragraphs A.3 and A.4 of the Stay Order by expressly seeking discovery in order to evaluate the Commonwealth's plan of adjustment in anticipation of disclosure statement and confirmation hearings.

Because of the clear violation of the Stay Order, the Oversight Board and AAFAF intend to ask the Court to strike both Rule 2004 Motions. Furthermore, should Ambac refuse to withdraw the Rule 2004 Motions, the Movants reserve their rights to seek sanctions and/or attorneys' fees and costs in connection with filing the Motion. We understand from our prior conversations that

Case:17-03283-LTS Doc#:9131-2 Filed:11/08/19 Entered:11/08/19 20:54:27 Desc: Exhibit B Page 8 of 8

# Proskauer

November 1, 2019
Page 3

Ambac does not intend to withdraw the Rule 2004 Motions. However, should your position change, please advise as soon as possible because Movants intend to promptly file the Motion.

Sincerely,

*Brian Rosen*
Brian S. Rosen

cc: Peter Friedman, Esq.
Suzzanne Uhland, Esq.