# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

**JOINT STATUS REPORT IN CONNECTION WITH OBJECTION OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO PROOF OF CLAIM NUMBER 18449
FILED BY U.S. BANK NATIONAL ASSOCIATION, IN ITS CAPACITY AS
TRUSTEE FOR NON-RECOURSE PREPA BONDS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee"),[2] U.S. Bank National

Association ("U.S. Bank"), and other parties to the pending 9019 Motion (defined below) (together

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

with the Committee and U.S. Bank, the "Parties")[3] hereby submit this joint status report (the "Joint Status Report") in response to the *Order Setting Deadline for Joint Status Report in Connection with Objection of Official Committee of Unsecured Creditors to Proof of Claim Number 18449 Filed by U.S. Bank National Association, in its Capacity as Trustee for Non-recourse PREPA Bonds* [Docket No. 1712] (the "Order").[4]

## I.   **Introduction**

1.      In the Order, the Court directed the parties "to meet and confer concerning an appropriate schedule for litigation of" the *Objection of Official Committee of Unsecured Creditors to Proof of Claim Number 18449 Filed by U.S. Bank National Association, in Its Capacity as Trustee for Non-Recourse PREPA Bonds* [Docket No. 1691] (the "Claim Objection" or the "Objection") and to "file a joint status report by Tuesday, November 12, 2019 at 5:00 p.m. (Atlantic Standard Time) setting forth their proposed schedule and the relevant positions with respect to any points of disagreement."

2.      As directed, on November 11, 2019, the Parties met and conferred telephonically regarding a schedule for litigation of the Objection. In addition, prior to such "all parties" meet and confer, counsel to the Committee and U.S. Bank engaged in multiple teleconferences and email exchanges regarding the schedule and related issues.

---

[3]      The Parties include the Committee; U.S. Bank; the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Puerto Rico Electric Power Authority ("PREPA") in these Title III cases pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"); the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF," together with PREPA and the Oversight Board, the "Government Parties"); National Public Finance Guarantee Corporation ("National"); Syncora Guarantee Inc. ("Syncora"); Cortland Capital Market Services LLC, as Administrative Agent ("Cortland"), SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC ("Solus" and together with Cortland, the "Fuel Line Lenders"); Unión de Trabajadores de la Industria Eléctrica y Riego ("UTIER"); Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica ("SREAEE"); the Ad Hoc Group of PREPA Bondholders; (the "Ad Hoc Group"); and Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (together, "Assured").

[4]      All docket references, unless otherwise indicated, are to the docket in Case No. 17-4780.

2

3.       Despite these good-faith efforts, the Parties have been unable to reach an agreement on a litigation schedule for the Objection and believe that Court intervention is required.  The positions of the Parties are set forth below, starting with the position of the Committee and followed by the positions of (i) U.S. Bank, (ii) the Ad Hoc Group, Assured, National, and Syncora (collectively, the "Holders"), (iii) the Government Parties, (iv) the Fuel Line Lenders, and (v) UTIER.

## II.      The Committee's Position

4.       Under Federal Rule of Bankruptcy Procedure 3007(a)(1), an objection to a claim must be filed and served at least 30 days before any scheduled hearing on the objection.  The Committee, having filed its Objection on October 30, 2019, is entitled to a hearing on the Objection as early as November 29, 2019 (subject to the Court's availability).  Nevertheless, in the interest of judicial economy and to give opposing parties additional time to respond to the Objection, the Committee is amendable to a more extended litigation schedule that would result in the Objection being heard simultaneously with the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [Docket. No. 1235] (the "9019 Motion").

5.       Specifically, the Committee respectfully requests that the Court enter the following briefing schedule: (i) responses to the Objection are due on **December 18, 2019** (the same day as replies relating to the 9019 Motion), and (ii) replies are due on **January 7, 2020**.  The Committee further respectfully requests that a hearing on the Objection be held on **January 14, 2020** (the same day as the hearing on the 9019 Motion).

6.       The Committee believes that holding a hearing on the Objection in advance of, or simultaneously, with a ruling on the 9019 Motion is legally required, as a bankruptcy court cannot

rule on a settlement motion that purports to resolve a claim objection without first ruling on the claim objection.[5]   The Government Parties cite *Kowal v. Malkemus (In re Thompson)*, 965 F.2d 1136, 1st Cir. 1992), in support of their position to the contrary that the 9019 Motion may resolve the Objection without the Committee's consent.   The decision in *Thompson* is not controlling, however, as it involved an application of section 704 of the Bankruptcy Code, which Congress did not incorporate into PROMESA.[6]   Accordingly, unlike in a chapter 7 or chapter 11 case, there is no statutory fiduciary (*i.e.*, a trustee) in a title III case expressly tasked with objecting to creditors' claims.[7]

7.      Having the Objection heard alongside the 9019 Motion is also consistent with interests of judicial economy, as all the issues that, in the Committee's view, undermine the settlement proposed in the 9019 Motion also undermine the allowance of the U.S. Bank's proof of claim.[8]   Because of this overlap in issues, the Committee does not believe, based on the current record that any discovery on the Objection is necessary beyond the discovery that has already occurred in connection with the 9019 Motion.

---

[5]     *See, e.g., In re C.S. Mining, LLC*, 574 B.R. 259 (Bankr. D. Utah 2017) ("When a party files an objection to a claim, their rights to be heard on the claim objection should not be abridged or modified by a settlement" even if that means that "bankruptcy courts would be required to resolve claim objections before approving a settlement"); *In re C.P. Hall Co.*, 513 B.R 540 (Bankr. N. D. Ill. 2014) (holding that "because section 502(b) entitles [the objecting creditor] to a ruling on his objection, the hearing on a settlement that would allow those claims and moot Shipley's objection cannot proceed. The objection must be decided first.").

[6]     Nor did Congress incorporate section 1106 of the Bankruptcy Code, which makes section 704 applicable to chapter 11.

[7]     The Government Parties have argued elsewhere that the holding of *Thompson* should nevertheless apply here for policy reasons.   To avoid turning this Joint Status Report into a full-length brief, the Committee will not fully respond to this argument here; however, it suffices to note that the First Circuit, in an appeal arising from this same case, was unwilling to endorse policy-based limitations on clear statutory rights. *See In re Fin. Oversight & Mgmt. Bd. for Puerto Rico for Puerto Rico*, 872 F.3d 57, 61 (1st Cir. 2017) (discussing *Thompson*).

[8]     For example, in its response to the 9019 Motion [Docket No. 1701], the Committee has argued that the PREPA bonds are non-recourse and therefore the claims of the holders of such bonds are limited to the specific funds and accounts, if any, on which they are able to establish a valid lien. This same issue is raised in the Objection.

4

8.       In the alternative, to the extent the Court does not wish to hear the Objection simultaneously with the 9019 Motion, the Committee respectfully requests that the Court at a minimum consider the threshold issue of whether or not the Court may rule on the 9019 Motion without first issuing a ruling on the merits of the Objection. The Committee believes this issue could be briefed and decided on the same schedule as set forth above. The Court should not, however, simply decide this threshold issue (as the Government Parties seem to suggest) without giving the Committee the opportunity to brief it. Although the Government Parties have briefed the issue at length, the Committee has not had the opportunity to do so.[9] Moreover, the Committee has not, contrary to the Holders' and U.S. Banks' suggestions, waived this argument by not including it in its response to the 9019 Motion. For one, the Committee's response to the 9019 Motion is separate from any briefing in support of its Claim Objection Additionally, at the time the Committee filed its response to the 9019 Motion, it had no reason to believe that its Objection, which it filed on October 30, 2019, could not be heard by January 14, 2020—a date that was more than 45 days beyond the minimum 30-day notice period required by Fed. R. Bankr. P. 3007. Now that other Parties have objected to hearing the Objection on this schedule, the issue of whether the Objection can be resolved by the 9019 Motion has become ripe and must be considered by the Court.

9.       Contrary to the assertions of other Parties, as the Committee's proposed schedule makes clear, the Committee has no desire to delay the hearing on the 9019 Motion, nor did the Committee delay filing its Objection for that purpose. The Committee originally indicated to the

---

[9]       See *Memorandum of Law of PREPA, AAFAF, and the Oversight Board in Support of Motion Pursuant to Fed. R. Civ. P. 12(b)(6) to Dismiss Counts I, II, III, IV, VI, and VII of Plaintiffs' Amended Complaint With Prejudice* [Adv. Pro. 19-396, Docket No. 50], at 37-43 (arguing that Fuel Line Lenders, as creditors, lack standing to bring claim objection and that only Oversight Board may do so).

Court on July 11, 2019[10] that it was considering filing an objection to the PREPA bond claims. It continued to consider and formulate its objection over the course of the next several months, as discovery relating to the 9019 Motion took place. With the benefit of that discovery, the Committee filed both its response to the 9019 Motion and its Objection on October 30, 2019. The Committee at all times acted diligently and not for the purpose of causing delay.

10.     Moreover, no party will be prejudiced by hearing the Objection on the schedule the Committee has proposed. As noted above, under Fed. R. Bankr. P. 3007(a)(1), the Committee is entitled to file a claim objection on 30-days' notice prior to any hearing; here, the Committee will have filed its Objection on approximately 75 days' notice, assuming a hearing on January 14, 2020. In any event, the parties have been on notice of the Objection—both the Committee's intention to file it and the nature of its content—since at least the July 11, 2019 hearing mentioned above. Although the Committee did not actually file the Objection until October 30, 2019, the Committee filed a separate objection to the Receivership Motion (as defined in the 9019 Motion) on March 27, 2019 [Docket No. 1151] articulating the same arguments that are now set forth in the Objection. Thus, the parties have effectively been on notice of content of the Objection for over 7 months.[11]

11.     In sum, although the Committee recognizes and appreciates the need to proceed as efficiently as possible in a manner that best preserves the Parties' and the Court's valuable resources, such efficiencies cannot come at the cost of the Committee's substantive rights. Therefore, the Committee respectfully requests that the Court enter a proposed scheduling order on the Objection consistent with the foregoing.

---

[10]     *See* July 11, 2019 Hearing Tr. at 36-37.

[11]     The Government Parties note that they filed their own "lien avoidance" adversary proceeding, which is now subject to the Court-ordered stay, in which they object to certain aspects of the PREPA bondholders' claims. The stay of this adversary proceeding, however, does not apply to the Objection. Moreover, the adversary proceeding does not raise all the same arguments as the Objection, including the critical argument that the PREPA bonds are non-recourse.

### III.   The Responding Bondholder Parties' Position

12.     U.S. Bank National Association, solely in its capacity as PREPA Bond Trustee, the Ad Hoc Group of PREPA Bondholders, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, and Syncora Guarantee Inc. (the "Responding Bondholder Parties") disagree with the Committee that there are any issues relating to the Claim Objection that need to be determined prior to deciding the 9019 Motion. On May 10, 2019, the Financial Oversight and Management Board for Puerto Rico ("FOMB"), the Puerto Rico Electric Power Authority ("PREPA"), the Puerto Rico Fiscal Agency and Financial Advisory Authority (together with PREPA and FOMB, the "Government Parties") filed a *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922 and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [Docket No. 1235] (the "9019 Motion"). After multiple adjournments, the Government Parties and certain expected objectors, including the Committee, agreed that the hearing on the 9019 Motion (the "9019 Hearing") would commence on January 14, 2019 and a deadline for objections to the Motion of October 30, 2019. The Committee filed its objection to the 9019 Motion on October 30, 2019, which did not request that the 9019 Hearing be adjourned until after the Claim Objection is resolved or otherwise argue, as it does now, that the Court must decide the Claim Objection prior to deciding the 9019 Motion.

13.     The Responding Bondholder Parties' positions are that 1) the 9019 Motion seeks to settle the issues raised in the Claim Objection, 2) the Committee in its objections to the 9019 Motion failed to assert that the Claim Objection must be resolved first and therefore waived that objection, 3) the Claim Objection depends upon and overlaps with the Lien Challenge filed previously by the Government Parties that has been stayed by the Court pending the outcome of

the 9019 Motion, (4) no hearing on the Claim Objection should be scheduled until after the 9019 Motion is resolved and then only if the Claim Objection is not moot and (5) the 9019 Hearing should move forward as scheduled.

14.     The Court has discretion as to the scheduling of any hearing on the Claim Objection under Bankruptcy Rule 3007(a).  If the Court denies the 9019 Motion, the Court can then schedule a hearing on the Claim Objection and set briefing and other deadlines.  If the Court grants the 9019 Motion, the Claim Objection is moot.

15.     The Responding Bondholder Parties believe that what the Committee calls a "defensive" claim objection is an attempt by the Committee to delay adjudication of the 9019 Motion, and that no action should be taken or is required in connection with the Claim Objection until after the 9019 Motion is resolved.  The 9019 Motion and the RSA settle a number of claims related to PREPA's power revenue bonds, including (but limited to) challenges related to the claims and security interests of the bondholders.  Among others, the actions that would be settled include an adversary complaint filed by the Government Parties on July 1, 2019, which asserts that the liens securing PREPA's bonds are avoidable under section 544(a) of the Bankruptcy Code and that the bonds are secured only by monies within the Sinking Fund held by the Trustee. That adversary proceeding has been stayed pending the resolution of the 9019 Motion.  The Government Parties have decided that it is in PREPA's best interests to settle such claims in exchange for the consideration embodied within the RSA.

16.     The Committee's Claim Objection is based upon the claims asserted within the Government Parties' adversary complaint, asserting that PREPA's bonds are secured solely by monies within the Sinking Fund, and, as limited recourse obligations, would have no allowable claim pursuant to section 927 of the Bankruptcy Code to revenues that are not deposited into such

accounts. The Responding Bondholder Parties believe that the Committee is misinterpreting the Trust Agreement and section 927 of the Bankruptcy Code, and thus, the Claim Objection has no merit. In any event, however, the substantive arguments raised within the Claim Objection are encompassed within the universe of claims to be settled under the RSA and 9019 Motion, thereby justifying setting no further adjudication of or briefing relating to the Claim Objection pending this Court's resolution of the 9019 Motion. Indeed, such is the purpose of a 9019 Motion – to seek approval of a settlement of existing claims.[12]

17.    Notably, the Committee waited until October 30, 2019—the deadline for objections to the 9019 Motion, over 5 months after the 9019 Motion was filed, and over 17 months after the Proof of Claim was filed—to file its Claim Objection. To require an adjudication of the Claim Objection, or even predicate issues such as (i) whether the Committee has standing to interpose a claim objection; and (ii) whether the Committee has waived the arguments set forth within its Claim Objection by failing to include such arguments within its objection to the 9019 Motion, in advance of the 9019 Hearing, or as a pre-condition to holding the 9019 Hearing or deciding the 9019 Motion, is unnecessary and disruptive. If approved, the RSA would settle the claims at issue in the Claim Objection, thereby rendering the Claim Objection moot. Moreover, any such process would disturb the carefully constructed and agreed-upon Scheduling Order relating to briefing and other dates relating to the 9019 Hearing.

---

[12] The Committee cites to *In re C.S. Mining, LLC*, 574 B.R. 259 (Bankr. D. Utah 2017) and *In re C.P. Hall Co.*, 513 B.R 540 (Bankr. N. D. Ill. 2014) to support that its Claim Objection must be decided before the 9019 Hearing can move forward. Neither of those cases involved the type of "objection" at issue here – essentially an avoidance action – and each turned on specific facts, not comparable to those here, relating to the nature of the claims being settled. In any event, the Committee's cases represent a minority viewpoint at best. *See In re Futterman*, 2019 Bankr. LEXIS 1872 (Bankr. S.D.N.Y. 2019); *In re Kaiser Aluminum Corp.*, 339 B.R. 91 (D. Del. 2006); *In re Heritage Org., LLC*, 375 B.R. 230 (Bankr. N.D. Tex. 2007); *In re DVR, LLC*, 582 B.R. 507 (Bankr. D. Colo. 2018) (*distinguishing C.S. Mining and C.P. Hall*).

18.     The Responding Bondholder Parties respectfully submit that because no action would be required with respect to the Claim Objection until after this Court resolves the 9019 Motion, it is unnecessary for the Court to request further briefing or schedule a hearing on any motion to stay the 9019 Hearing or to compel resolution of any issues relating to whether the Claim Objection must be heard at or prior to the 9019 Hearing. However, if the Court believes that any briefing is necessary, the Responding Bondholder Parties submit that the current briefing schedule relating to the 9019 Hearing provides sufficient time for any required briefing in order to hear any issues regarding such predicate issues related to the Claim Objection as part of the 9019 Hearing in January 2020. Again, if the 9019 Motion is granted, the Claim Objection will be moot; if the 9019 Motion is not approved, the Court can then set a later schedule for the merits of the Claim Objection.

19.     Additionally, the Responding Bondholder Parties respectfully assert that the Committee should not be rewarded with the opportunity for additional briefing when its arguments justifying it are groundless, objections to the 9019 Motion were due prior to October 30, 2019 and the Committee made no argument in the 9019 Objection that the hearing should not move forward, or that the 9019 Motion cannot be decided, as a result of its Claim Objection. That said, if the Court determines that additional briefing and argument on the impact of the Claim Objection on the 9019 Motion would be helpful to its consideration of the 9019 Motion, the Responding Bondholder Parties propose that the Committee submit a brief 5 page Supplemental Objection no later than November 19, 2019 concerning the issue of whether ruling on the Claim Objection is a necessary predicate to the 9019 Hearing moving forward or deciding the 9019 Motion.[13]  The Responding Bondholder Parties propose to respond to such Supplemental Objection (including

---

[13]     The Committee suggests such limited briefing as an alternative to addressing the merits of the Claim Objection before the 9019 Hearing.

addressing the untimeliness of that objection) in accordance with the existing 9019 Scheduling Order when they file their 9019 Supporting Statements on December 18, 2019. The Responding Bondholder Parties propose that the Scheduling Order for the 9019 Motion and Hearing otherwise remain in place.

## IV.    The Government Parties' Position

20.    The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF," together with PREPA and the Oversight Board, the "Government Parties") respectfully disagree with the Committee that a hearing on the Objection should be held prior to the 9019 Hearing. Simply put, permitting the Committee to derail the 9019 Motion and delve into a full-bore litigation on the merits of the underlying case through its Objection is both inconsistent with both the purpose of Rule 9019 (which favors compromises and seeks to foster settlements) and the Oversight Board's role as Debtor's Representative under PROMESA.

21.    This is clear in two ways: First, the 9019 Motion seeks to settle the challenges to the Supporting Holders' claims set forth in the Objection, and would therefore moot the Objection if it is granted. Delaying the hearing on the Objection, if any such hearing is necessary, until after the Court's ruling on the 9019 Motion serves judicial economy and preserves the resources of the parties and the Court. Hearing the Objection before or concurrently with the 9019 Motion will require the Government Parties and the Supporting Holders to brief and prepare complex challenges relating to the Supporting Holders' claims, even though these challenges will be mooted

should the Court approve the 9019 Motion and the settlement of the Supporting Holders' claims. [14]

Moreover, the jurisprudence is clear that creditors cannot "insist on continuing a litigation that would have the effect of vetoing the Trustee's settlement"—instead, "[their] rights are limited to the rights that a party in interest has to object to the wisdom of the Trustee's settlement decision under Rule 9019." [15]   The Committee's rights are therefore not prejudiced, as the Committee has already interposed an objection to the 9019 Motion containing the same arguments it asserts in the Objection. [16]   Finally, the Committee has no right to a hearing on its Objection within 30 days of filing it; unlike requests for stay relief, which generally require a hearing within 30 days of filing pursuant to section 362(e) of the Bankruptcy Code, the Court has full discretion to schedule hearings on claim objections. [17]   The Government Parties therefore urge the Court to defer any hearing on the Objection until after it rules on the 9019 Motion.

22.    <u>Second</u>, even if it were appropriate to hear a challenge to the Supporting Holders' claims before a ruling on the 9019 Motion, the Committee should not be allowed to prosecute the Objection because it lacks standing to assert it.  First Circuit jurisprudence is clear that "absent leave of court, the chapter 7 trustee alone may interpose objections to proofs of claim." [18]  This

---

[14]    *See* Case No. 17-BK-4780-LTS, ECF No. 1230 (staying briefing on motion to lift stay to appoint receiver until after briefing on the 9019 Motion given the fact the motion would have to be dismissed if the 9019 Motion is approved).

[15]    *RWNIH-DL 122nd St. 1 LLC v. Futterman (In re Futterman)*, 2019 Bankr. LEXIS 1872 at *13-14 (Bankr. S.D.N.Y. Jun. 20, 2019); *see also In re Thompson*, 965 F.2d at 1147 ("the needs of orderly and expeditious administration do not permit the full and unfettered exercise of [a creditor's] right to object to the allowance of another creditor's claim."); *In re Chi. Invs., LLC*, 470 B.R. 32, 92 (Bankr. D. Mass. 2012 (dismissing claim objection because it was "procedurally improper as it seeks to undermine the value of [the debtor's] settlement.").

[16]    Case No. 17-BK-4780-LTS, ECF No. 1701.

[17]    *See* Fed. R. Bankr. P. 3007(a) (1) (stating that an objection shall be filed and served "at least 30 days before any hearing" but otherwise not stating that hearing has to be held within a date certain); *compare* 11 U.S.C. § 362(e)(1) (providing that stay terminates 30 days after lift stay request unless the court holds a hearing on the lift stay request, subject to certain exceptions).

[18]    *In re Thompson*, 965 F.2d at 1147; *see also, e.g., Renco Grp., Inc. v. Wilmington Trust, N. A. (In re Magnesium Corp. of Am.)*, 583 B.R. 637, 653 (Bankr. S.D.N.Y. 2018) ("Policy considerations, including the necessity for an orderly and expeditious administration of the estate, have led the majority of courts that have addressed the issue to conclude that as a general rule, absent leave of court, the chapter 7 trustee alone may interpose objections to individual proofs of claim.") (Internal cites and quotes omitted).

premise is not limited to liquidations and applies with equal weight in chapter 11 cases.[19]  A

creditor can seek leave of court to prosecute its own objection only if the trustee—here, the

Oversight Board (see PROMESA §§ 301(c)(7) and 315(b))—refuses to take any action and the

creditor can show its claim objection would benefit the estate.[20]  The Committee has failed to

satisfy any element of this test, as it has not made a demand on the Oversight Board, nor has the

Oversight Board refused to assert an objection to the Supporting Holders' claims—the Oversight

Board has already filed its own challenge to the PREPA bondholders' claims, which it is currently

seeking to settle but may prosecute if the Court denies the 9019 Motion.  Moreover, the Committee

cannot show that prosecuting its duplicative Objection would benefit PREPA. The Committee

therefore lacks standing to assert the Objection, further demonstrating that, at a minimum, any

hearing on the Objection should be deferred to after the Court's ruling on the 9019 Motion, and

the Objection should be overruled without further proceedings if the 9019 Motion is granted or set

for further proceedings if the 9019 Motion is denied.

## V.     The Fuel Line Lenders' Position

23.     The Fuel Line Lenders agree that the Committee is entitled to pursue its Objection,

but do not take a specific position on the appropriate schedule for the Objection.  Rather, they

simply request that the Court not make any ruling on the schedule that in any way affects or

prejudices the Fuel Line Lenders' objection to the 9019 Motion,[21] including in particular their

---

[19]     *In re Chi. Invs., LLC*, 470 B.R. at 92 (applying *In re Thompson's* rule to chapter 11 case and dismissing
objection to claims settled by debtor-in-possession).

[20]     *See In re Simon*, 179 B.R. at 6-7 ("Several courts, including the First Circuit, have ruled that a creditor may
seek leave from the court to object to a proof of claim only if the trustee refuses to take any action . . . The
objecting creditor must also establish that if the objection to the proof of claim were sustained, there would
be some benefit to the estate."); *In re Chi. Invs., LLC*, 470 B.R. at 91 ("In addition to the requirement of
having to make a demand upon the trustee, courts in this district have recognized that the objecting creditor
must also establish that if objection to the proof of claim were sustained there would be some benefit to the
estate.") (internal cites and quotes omitted).

[21]     Objection of Cortland Capital Market Services LLC, as Administrative Agent, and Solus to PREPA
Bondholder Settlement [Dkt. No. 1700].

objection to the Government Parties' attempt to release the "Lien Challenges" embedded in the Fuel Line Lenders' Amended Complaint filed on September 30, 2019.[22]

24.    In their Amended Complaint, the Fuel Line Lenders have objected — under sections 502(a) and 506(a) of the Bankruptcy Code — to the bondholders' claims and their liens. In doing so, the Fuel Line Lenders have sought to protect their interests as holders of "Current Expense" claims payable out of PREPA's revenues *before* any revenues can be subject to the bondholders' claims or liens. As explained in detail in Point II of the Fuel Line Lenders' objection to the 9019 Motion (*see* Dkt. No. 1700, ¶¶ 140-157), the Fuel Line Lenders are fully entitled, under the Bankruptcy Code and the case law (including the *Thompson* case referenced above), to pursue their objections. In contrast, Government Parties have no basis or authority to release those objections, for at least two reasons: *first*, the Oversight Board — unlike a chapter 7 trustee or chapter 11 debtor-in-possession — is not a fiduciary for PREPA's creditors, including the Fuel Line Lenders; *second*, the Fuel Line Lenders have particularized rights and interests that are separate and distinct from the debtor's interests or the Committee's interests. The Fuel Line Lenders respectfully refer the Court to Point II of their objection to the 9019 Motion for a full discussion of these points.

25.    The submissions above, in particular by the Government Parties, go far beyond issues of scheduling and address substantive matters relating to standing. (The lengthy sections included by the Government Parties and the bondholders were sent to the Fuel Line Lenders just hours before this report was due, precluding a full response.) The Fuel Line Lenders respectfully submit that substantive issues relating to standing should be addressed based on full and

---

[22]    *See* Adv. Proc. No. 19-AP-00396-LTS, Dkt. No. 36.

appropriate submissions, including the comprehensive objection filed by the Fuel Line Lenders, and not in the context of a scheduling dispute.

## VI. Position of Unión de Trabajadores de la Industria Eléctrica y Riego ("UTIER") and Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica ("SREAEE")

26.     UTIER and SREAEE agree that the Committee is entitled to pursue its Objection, but do not take a specific position on the appropriate schedule for the Objection. Rather, they simply request that the Court not make any ruling on the schedule that in any way affects or prejudices their objection to the 9019 Motion,[23] including in particular their objection to the Government Parties' attempt to release the "Lien Challenges" embedded in SREAEE's Amended Complaint filed on October 30, 2019.[24]

27.     UTIER and SREAEE join the Fuel Line Lenders arguments of this status report regarding lack of merit of the Government Parties opposition to SREAEE's current expenses claims and lien challenge

Dated:  San Juan, Puerto Rico
          November 12, 2019

**PAUL HASTINGS LLP**

By:  _/s/ Luc A. Despins_

Luc. A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com

---

[23]     Joint Objection to Joint Motion of Puerto Rico Electric Power Authority and AAFAF ("Movants") Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods (Dkt. #1235) as Supplemented in Dkt. #1334 and #1361 [Dkt. No. 1697].

[24]     *See* Adv. Proc. No. 19-AP-00405-LTS, Dkt. No. 25.

*Counsel to the Official Committee of Unsecured Creditors*

By: _/s/ Juan J. Casillas Ayala_

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

**TORO COLÓN MULLET P.S.C.**
P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760

_/s/ Manuel Fernández-Bared_
MANUEL FERNÁNDEZ-BARED
USDC-PR No. 204,204
E-mail: mfb@tcm.law

_/s/ Linette Figueroa-Torres_
LINETTE FIGUEROA-TORRES
USDC-PR No. 227,104
E-mail: lft@tcm.law

_/s/ Nayda Perez-Roman_
NAYDA PEREZ-ROMAN
USDC–PR No. 300,208
E-mail: nperez@tcm.law

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000

_/s/ Amy Caton_
AMY CATON*
THOMAS MOERS MAYER*
NATAN HAMERMAN*
ALICE J. BYOWITZ*
Email: acaton@kramerlevin.com
tmayer@kramerlevin.com
nhamerman@kramerlevin.com
abyowitz@kramerlevin.com
*Admitted Pro Hac Vice*

*Counsel for the Ad Hoc Group of PREPA Bondholders*

*Counsel for the Ad Hoc Group of PREPA Bondholders*

**CASELLAS ALCOVER & BURGOS P.S.C.**

By: */s/ Heriberto Burgos Pérez*
    Heriberto Burgos Pérez
    USDC-PR 204809
    Ricardo F. Casellas-Sánchez
    USDC-PR 203114
    Diana Pérez-Seda
    USDC-PR 232014
    P.O. Box 364924
    San Juan, PR 00936-4924
    Telephone:  (787) 756-1400
    Facsimile:  (787) 756-1401
    Email:  hburgos@cabprlaw.com
            rcasellas@cabprlaw.com
            dperez@cabprlaw.com

*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

**CADWALADER, WICKERSHAM & TAFT LLP**

By: */s/ Mark C. Ellenberg*
    Howard R. Hawkins, Jr.*
    Mark C. Ellenberg*
    William J. Natbony*
    Ellen M. Halstead*
    Thomas J. Curtin*
    Casey J. Servais*
    200 Liberty Street
    New York, NY 10281
    Telephone:  (212) 504-6000
    Facsimile:  (212) 504-6666
    Email:  howard.hawkins@cwt.com
            mark.ellenberg@cwt.com
            bill.natbony@cwt.com
            ellen.halstead@cwt.com
            thomas.curtin@cwt.com
            casey.servais@cwt.com

* Admitted *pro hac vice*

*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

**ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC**

*/s/ Eric Perez-Ochoa*
ERIC PÉREZ-OCHOA

USDC-PR No. 206,314
E-mail: epo@amgprlaw.com

*/s/ Luis A. Oliver-Fraticelli*

LUIS A. OLIVER-FRATICELLI

USDC-PR NO. 209,204

E-mail: loliver@amgprlaw.com

**WEIL, GOTSHAL & MANGES LLP**

*/s/ Robert Berezin*
MARCIA GOLDSTEIN*
JONATHAN POLKES*
GREGORY SILBERT*
ROBERT BEREZIN*
767 Fifth Avenue
New York, New York 10153
Tel.: (212) 310-8000
Fax: (212) 310-8007
Email:  marcia.goldstein@weil.com
       jonathan.polkes@weil.com
       gregory.silbert@weil.com
       robert.berezin@weil.com

208 Ponce de Leon Ave., Suite 1600
San Juan, PR 00936
Tel.: (787) 756-9000
Fax: (787) 756-9010

*Attorneys for National Public Finance
Guarantee Corp.*

*admitted *pro hac vice**

*Attorneys for National Public Finance
Guarantee Corp.*

**GOLDMAN ANTONETTI & CORDOVA, LLC**

/s/ *Carlos A. Rodríguez-Vidal*
CARLOS A. RODRÍGUEZ-VIDAL USDC-PR No.
201,213
E-mail: crodriguez-vidal@gaclaw.com

SOLYMAR CASTILLO-MORALES USDC-PR
NO. 218,310
E-mail: scastillo@gaclaw.com

P.O. Box 70364
San Juan, PR 00936-8364  Tel.: (787) 759-4117
Fax: (787) 767-9177

*Counsel for Syncora Guarantee Inc.*

**RIVERA, TULLA AND FERRER, LLC**

/s *Eric A. Tulla*
Eric A. Tulla
USDC-DPR No. 118313
Email: etulla@ riveratulla.com

/s *Iris J. Cabrera-Gómez*
Iris J. Cabrera-Gómez
USDC-DPR No. 221101
Email: icabrera@riveratulla.com

Rivera Tulla & Ferrer Building
50 Quisqueya Street
San Juan, PR 00917-1212
Tel: (787)753-0438
Fax: (787)767-5784

*Attorneys For U.S. Bank National Association, In Its
Capacity As Trustee*

**DEBEVOISE & PLIMPTON LLP**

/s/ *My Chi To*
MY CHI TO*
ELIE J. WORENKLEIN*
919 Third Avenue
New York, New York 10022 Tel.: (212)
909-6000
Fax: (212) 909-6836
Email: mcto@debevoise.com
eworenklein@debevoise.com

*admitted pro hac vice

*Counsel for Syncora Guarantee Inc.*

**MASLON LLP**

By: /s/ *Clark T. Whitmore*
Clark T. Whitmore (admitted *pro hac
vice*)
John Duffey (admitted *pro hac vice*)

90 South Seventh Street, Suite 3300
Minneapolis, MN 55402
Telephone: 612-672-8200
Facsimile: 612-672-8397
E-Mail:   clark.whitmore@maslon.com
john.duffey@maslon.com

*Attorneys For U.S. Bank National
Association, In Its Capacity As Trustee*

**O'NEILL & BORGES LLC**

/s/ Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205

250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as Representative for PREPA*

**PROSKAUER ROSE LLP**

/s/ Martin J. Bienenstock

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Daniel S. Desatnik (*pro hac vice*)

Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for
PREPA*

*/s/ Elizabeth L. McKeen*
John J. Rapisardi
Nancy A. Mitchell
(Admitted *Pro Hac Vice*)

**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

-and-

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

-and-

Elizabeth L. McKeen
Ashley M. Pavel
(Admitted *Pro Hac Vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (949) 823-6900
Fax: (949) 823-6994

*Attorneys for Puerto Rico Fiscal Agency and Financial Advisory Authority and Puerto Rico Electric Power Authority*

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC NO. 222301

**MARINI PIETRANTONI MUÑIZ, LLC**
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

*Co-Attorneys for Puerto Rico Fiscal Agency and Financial Advisory Authority*

*/s/ Katiuska Bolaños*
Katiuska Bolaños
USDC-PR 231812

**DÍAZ & VÁZQUEZ LAW FIRM, P.S.C**.
290 Jesús T. Piñero Ave.
Scotiabank Tower, Suite 11-E
San Juan, PR 00918
PO Box 11689
San Juan, PR 00922-1689
Tel: (787) 458-8276
Cel. (787) 458-8276

*Co-Attorneys for Puerto Rico Electric Power Authority*

  */s/ Nayuan Zouairabani*
Nayuan Zouairabani
USDC-PR No. 226411
MCCONNELL VALDÉS LLC
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico  00936-4225
Telephone:  (787) 250-5604
Facsimile:  (787) 759-9225
Email:  nzt@mcvpr.com

  */s/ Emil A. Kleinhaus*
Richard G. Mason (admitted *pro hac vice*)
Amy R. Wolf (admitted *pro hac vice*)
John F. Lynch (admitted *pro hac vice*)
Emil A. Kleinhaus (admitted *pro hac vice*)
Angela K. Herring (admitted *pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
Email:  rgmason@wlrk.com

*Attorneys for Cortland Capital Market
Services LLC, as Administrative Agent*

  */s/ Jose L. Ramirez-Coll*
Jose L. Ramirez-Coll
USDC-PR No. 221702
ANTONETTI, MONTALVO
& RAMIREZ-COLL
P.O. Box 13128
San Juan, Puerto Rico 00908
Telephone:  (787) 977-0303
Facsimile:  (787) 977-0323
Email:  jramirez@amrclaw.com

  */s/ Bryce L. Friedman*
Bryce L. Friedman (admitted *pro hac vice*)
Nicholas Baker (admitted *pro hac vice*)
Sarah E. Phillips (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington  Avenue
New York, New York  10017
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502
Email:  bfriedman@stblaw.com

*Attorneys for SOLA LTD, Solus Opportunities
Fund 5 LP, Ultra Master LTD, and Ultra NB
LLC*