**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 6871, 6879, 7084, 7312, 7534, 7845, 8207, 8383, 8496, 8587, 8709, 8783, 8788, 8901, 8905, 8950, 8995, 9092** |

RESPONSE TO MOVANT'S OPPOSITION TO DEBTOR'S MOTION INFORMING
COMPLIANCE WITH RULE 2004 REQUEST

To the Honorable United States Magistrate Judge Judith Gail Dein:

The Commonwealth of Puerto Rico (the "Debtor") respectfully submits its response (the "Response") to Cuerpo Organizado de la Policía, Inc.'s (the "Movant") *Opposition to Debtor's Motion Informing Compliance with Rule 2004 Request* [ECF No. 9092].[2]

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  The Financial Oversight and Management Board for Puerto Rico, as the Debtor's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Response on behalf of the Commonwealth.

## Introduction

On May 8, 2019, Movant filed a *Motion of Cuerpo Organizado de la Policia, Inc. for Order, Under Bankruptcy Rule 2004, Authorizing Discovery of Title III Debtors Other than COFINA, Concerning Salaries Owed Pursuant to Pay Scales Granted by Law* [ECF No. 6871] (the "Motion"), requesting that the Court: (i) authorize the request for production of documents concerning wages owed for past promotions of police agents that allegedly had not been paid by the Puerto Rico Police Bureau (the "PRPB"); (ii) authorize the issuance of the document request contained in Exhibit B of the Motion; and (iii) direct the Debtor to meet and confer with Movant regarding the timing of the production [ECF No. 6871 at 8].

After several extensions, on October 11, 2019, the Debtor produced the information and documentation requested by Movant under Bankruptcy Rule 2004, and filed a *Motion Informing Compliance with Rule 2004 Request* [ECF No. 8842] (the "Motion in Compliance") notifying the Court of such compliance. On October 16, 2019, this Court issued an order requiring the parties to meet and confer on the *Motion Informing Compliance with Rule 2004 Request* and provide the Court with a brief joint status report by October 21, 2019, indicating whether any issues remain under the Rule 2004 request [ECF No. 8873].

On October 18, 2019, a *First Consented Motion for Extension of Deadlines* [ECF No. 8901] was filed in which the Parties informed the Court that they would meet and confer on October 22, 2019, and the Movant requested until November 1, 2019, to file a response to Debtor's compliance with the production under Rule 2004.  The Court issued an *Order* granting said motion and ordered the Parties to file the brief joint status report on or before October 24, 2019 at 4:00 p.m. [ECF No. 8905]. On the due date set by the Court, the Parties filed an *Urgent Joint Motion in Compliance*

*with Order [ECF No. 8905] Providing the Required Brief Joint Status Report* [ECF No. 8950] in which they informed the Court of the remaining disputes regarding the Rule 2004 discovery request.

Movant stated its position that the discovery of documentation/information requested under Bankruptcy Rule 2004 should include all police agents that were creditors at the moment of the filing the Motion [ECF No. 6871] on May 8, 2019; regardless of whether the police agents subsequently received the owed payments of wages after the filing of said Motion. *See* [ECF No. 8950 at 3, ¶7]. Conversely, Debtor stated its position that, since Bankruptcy Rule 2004 provides a discovery mechanism for creditors, the information and documentation that had to be produced was limited to those police agents that were owed wages at the time of the deadline set by the Court to comply with the same. *Id*. ¶8.

On November 11, 2019, Movant filed an *Opposition to Debtor's Motion Informing Compliance with Rule 2004 Request* [ECF No. 9092]. Essentially, Movant argues that there are still twelve (12) agents who are creditors of the Debtor and that the fifty-five (55) agents that received a pay-out of owed wages by the Debtor were put through a process that "was designed and carried out in complete violation of their due process right" [ECF No. 9092]. Thus, Movant alleges that since the fifty-five agents that were paid the owed wages want to verify if the payment was correct, they are still creditors.

The Debtor contends that it has complied with Movant's Bankruptcy Rule 2004 request by producing the information and documentation of the police agents that are currently creditors. In the present case, Movant has recognized that fifty-five (55) agents have received payments for the owed wages and are not creditors of the Debtor. As to the other alleged twelve (12) agents that

Movant asserts have not received payments of owed wages, Movant has not provided the names

of those agents but the PRPB has made the corresponding analyses and determined that only two

(2) agents are currently creditors of the Debtor. Thus, since the information/documentation

required from creditors was produced, it is respectfully requested that –pursuant to the grounds

discussed in this motion– this Court notes that the Debtor complied with the Bankruptcy Rule 2004

request and that, as result, it should proceed to **DENY** Movant's request to produce

information/documentation regarding non-creditors.

## Discussion

Bankruptcy Rule 2004 provides in relevant part that the Court may authorize the

examination of any entity relating "to the acts, conduct, or property or to the liabilities and financial

condition of the debtor, or to any matter which may affect the administration of the debtor's

estate." FED. R. BANKR. P. 2004(b). Unlike the more orderly and self-contained pre-trial

discovery rules under the Federal Rules of Civil Procedure, the opportunity and scope of discovery

under Rule 2004 of the Federal Rules of Bankruptcy Procedure is far broader with respect to the

central purpose of a bankruptcy case, namely, to maximize the distribution of assets or plan

payments to unsecured creditors. *In re Duratech Indus., Inc.*, 241 B.R. 291, 296 (Bankr.

E.D.N.Y.), aff'd, 241 B.R. 283 (E.D.N.Y. 1999). However, although broad discovery may be

conducted under a Rule 2004 examination, there are well-established limits even to this practice.

*Id.*

The party seeking Rule 2004 discovery has the burden to show good cause for the

examination it seeks, and relief lies within the sound discretion of the Bankruptcy Court. *Picard*

*v. Marshall* (*In re Bernard L. Madoff Inv. Secs. LLC*), Adv. Pro. No. 08–01789, 2014 WL

5486279, at *2 (Bankr. S.D.N.Y. Oct. 30, 2014); *see In re Bd. of Dirs. of Hopewell Int'l Ins. Ltd.*,

258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001) (Rule 2004 gives the Court "significant" discretion).

The case law is replete with holdings that conclude Rule 2004 cannot include discovery conducted

in bad faith or for improper purposes. *See, e.g.*, *In re Mittco, Inc.,* 44 B.R. 35, 36

(Bankr.E.D.Wis.1984); *In re Table Talk, Inc.,* 51 B.R. 143, 145, cited with approval in *In re*

*Bakalis,* 199 B.R. 443, 447 (Bankr.E.D.N.Y.1996); *see also passim* 9 Collier on Bankruptcy

Ch.2004 (Examination) (15th rev. ed.1999); *In re Duratech Indus., Inc.*, 241 B.R. 291, 296 (Bankr.

E.D.N.Y.), *aff'd*, 241 B.R. 283 (E.D.N.Y. 1999). Also, an examination cannot be used for

purposes of abuse or harassment and cannot stray into matters which are not relevant to the basic

inquiry. *In re Mittco, Inc*., 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984)

In the instant case, Movant is attempting to seek discovery for police agents that are no

longer creditors of the Debtor. In fact, Movant admitted that the Debtor paid owed wages to fifty-

three (53) police agents and that they signed a waiver accepting that the received payment was the

total amount of the debt [ECF No. 9092 at 8, ¶17]. Likewise, Movant admitted that eighteen (18)

police agents received their pay-out and did not request an appeal of the amount received [ECF

No. 9092 at 11, ¶26]. Therefore, by accepting the payment made by Debtor as final, these police

agents are no longer creditors of the Debtor entitled to a Rule 2004 examination.

However, Movant tries to justify a Rule 2004 examination request for a group of non-

creditors by asserting due process violations in the payment proceedings implemented by the

PRPB. Evidently, Movant is trying to use the Rule 2004 examination to stray into matters which

are not relevant to the basic inquiry. *In re Mittco, Inc*., 44 B.R. at 36. If Movant wants to obtain

information for the purpose of challenging the payment proceedings implemented by the PRPB in

state court for alleged violations of due process, a bankruptcy examination is not the proper

mechanism to achieve the same. *See In re Snyder*, 52 F.3d 1067 (5th Cir.1995) (mem.)

(characterizing the use of Rule 2004 to further a state court action as an abuse of Rule 2004 and

stating that the bankruptcy court did not abuse its discretion by denying production under a

subpoena issued under Rule 2004, where appellant's primary motivation was to use those materials

in a state court action against the examinee). Furthermore, some of these police agents may be

appealing the payment and could use the examination to gain benefits in pending litigation outside

bankruptcy court. *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (Rule 2004

examinations may be inappropriate where the party requesting the Rule 2004 examination could

benefit their pending litigation outside of the bankruptcy court). Consequently, the Debtor

contends that police agents that have already received payments are not entitled to request a Rule

2004 examination.

As to the allegation that twelve (12) police agents have not received payments of owed

wages, Movant did not identify these officers. However, from the original list of police agents

provided by Movant, there was an initial incongruity as to if twelve (12) agents received the

payments of owed wages or not. The PRPB corroborated that, out of those twelve (12) agents that

it identified, eleven (11) agents were inactive (no longer employed by the PRPB) and one (1) was

active (currently employed by the PRPB). The ten (10) agents that are no longer creditors received

the payments of the owed wages in special pay-rolls while they were active employees of the

PRPB, as well as in their liquidation payouts. Consequently, only two (2) police agents remain as

creditors: one is an inactive police agent (no longer employed by the PRPB) and one is an active

agent.[3] The PRPB produced the requested documentation and information of those two (2) police

agents to Movant on October 11, 2019 [*see* ECF No. 8842]. Thus, since the PRPB has produced

the information and documentation requested by Movant for the two (2) remaining creditors, the

Debtor respectfully requests that the Court notes said compliance and **DENIES** Movant's

inappropriate request for examination on behalf of non-creditors to further a collateral and

potential litigation outside the Title III proceedings.

## Notice

The Debtor has provided notice of this motion in accordance with the Case Management

Procedures to the following parties: (a) the Office of the United States Trustee for the District of

Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the

entities on the list of creditors holding the 20 largest unsecured claims against COFINA;

(d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of the

United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the

Puerto Rico Department of Justice; (h) the Other Interested Parties;[4] (i) all parties filing a notice

of appearance in these Title III cases; and (j) Movant. A copy of the motion is also available on

the Debtors' case website at https://cases.primeclerk.com/puertorico/.

---

[3]  The payment of the active PRPB agent that was identified as a creditor by the Debtor was processed for the pay-out of October 2019. The name of the active police agent was published in the list of payments issued (handed on November 1 and 5, 2019) but the Debtor is yet to confirm if the check was accepted by the agent. Regardless, Debtor produced the information and documentation of this police agent to Movant on October 11, 2019 [*see* ECF No. 8842].

[4]  The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtor requests that the Court to **NOTES** its compliance with Movant's Rule 2004 examination request and **DENIES** its inappropriate request for examination on behalf of non-creditors.

Dated: November 12, 2019
San Juan, Puerto Rico


Respectfully submitted,


**DENNISE N. LONGO-QUIÑONES**
Secretary of Justice

**WANDYMAR BURGOS-VARGAS**
Deputy Secretary in Charge of Litigation

**SUSANA PEÑAGARÍCANO-BROWN**
Director of Legal Affairs
Federal Litigation and Bankruptcy Division

*/s/ Juan C. Ramírez-Ortiz*
**JUAN C. RAMÍREZ-ORTIZ**
USDC-PR No. 306507
Department of Justice of Puerto Rico
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Email: juramirez@justicia.pr.gov
Phone: (787)721-2900, ext. 1421

*Attorneys for the Commonwealth of Puerto Rico*