## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                          Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |
| RAUL M. GRIJALVA, NYDIA M. VELAZQUEZ and DARREN SOTO,<br><br>                      Movants,<br><br>       v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of PUERTO RICO ELECTRIC POWER AUTHORITY, and PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY,<br><br>                      Respondents. | **This Court Filing Relates Only to PREPA and Shall Only Be Filed in Case No. 17 BK 4780-LTS** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**MEMORANDUM OF LAW OF THE GOVERNMENT PARTIES IN OPPOSITION TO
REQUEST OF CONGRESSMAN RAUL M. GRIJALVA, CONGRESSWOMAN NYDIA
M. VELAZQUEZ AND CONGRESSMAN DARREN SOTO FOR LEAVE TO
PARTICIPATE AS _AMICI CURIAE_ "PLUS"**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ............................................................................................ 1

BACKGROUND ............................................................................................................... 3

    The Amicus Motion ...................................................................................................... 3

    The July 11 Conference ................................................................................................ 4

ARGUMENT .................................................................................................................... 5

I.     Movants Have Not Demonstrated a Special Interest Relevant to the 9019 Motion. .......... 6

II.    Movants Have Not Demonstrated Existing Counsel May Need Supplementing
      Assistance. ................................................................................................................ 8

III.   Even if the Court Grants Leave to File an Amicus Brief, It Should Deny Movants'
      Request for Leave to Participate as *Amici Curiae* "Plus." .................................................. 9

CONCLUSION .................................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Daggett v. Commission on Governmental Ethics and Election Practices*,
  172 F.3d 104 (1st Cir.1999) ...........................................................................................9

*Jeffrey v. Desmond*,
  70 F.3d 183 (1st Cir. 1995) ............................................................................................6

*Official Comm. of Unsecured Creditors of the Commonwealth of P.R. v. Whyte (In
  re Fin. Oversight & Mgmt. Bd. for P.R.)*,
  360 F. Supp. 3d 65 (D.P.R. 2019)..................................................................................8

*Strasser v. Doorley*,
  432 F.2d 567 (1st Cir. 1970)........................................................................................5, 6

STATUTES

PROMESA 315(b) ..................................................................................................................1

OTHER AUTHORITIES

Fed. R. Evid. 401 ..................................................................................................................4

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), in its capacity as representative of the Puerto Rico Electric Power Authority ("PREPA") pursuant to Section 315(b) of PROMESA, and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") (collectively, the "Government Parties"), hereby submit this Memorandum of Law in Opposition to the *Request for Leave to Participate in this Case as Amici Curiae "Plus"* [ECF No. 1692[2]] (the "Amicus Motion") of United States Congressman Raúl M. Grijalva, United States Congresswoman Nydia M. Velázquez, and United States Congressman Darren Soto (collectively, the "Movants").

## PRELIMINARY STATEMENT

1.      Movants seek leave to participate as *amici curiae* "plus" in connection with the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [ECF No. 1235], as supplemented by the amended proposed order filed on June 18, 2019 [ECF No. 1361, Ex. A] (the "Amended Proposed Order"), the supplemental memorandum of law and facts and supporting declarations the Government Parties filed on July 2, 2019 [ECF Nos. 1425, 1426, 1427, 1428, 1429], and the second supplemental memorandum of law and facts the Government Parties filed on July 19, 2019 [ECF No. 1486] (the "Supplemental Submissions") (collectively, the "9019 Motion").

2.      At its core, the Amicus Motion presents public policy issues that the Court has already ruled are outside the scope of inquiry.

---

[2]    All ECF citations herein are to Case No. 17-BK-4780-LTS unless otherwise specified.

3.      The 9019 Motion seeks approval of certain aspects of a restructuring support agreement (as amended from time to time, the "RSA") among (i) the Government Parties, (ii) the ad hoc group of PREPA bondholders (the "Ad Hoc Group") and other uninsured bondholders holding more than 72% of the approximately $8.3 billion in aggregate principal amount of bonds issued by PREPA as of the Petition Date (the "Bonds," and holders of Bonds, "Bondholders"), pursuant to a Trust Agreement, dated as of January 1, 1974, as amended and supplemented (the "1974 Trust Agreement"), and (iii) all insurers of the Bonds, including Assured Guaranty Corp. and Assured Guaranty Municipal Corp. ("Assured"), National Public Finance Guarantee Corporation ("National"), and Syncora Guarantee, Inc. ("Syncora").  With the insurers and additional Bondholders who have signed on, Bondholders holding approximately 90% of the bond debt have joined the RSA.

4.      The Amicus Motion seeks to introduce argument and evidence beyond the scope of the 9019 Motion.  The Court has repeatedly stressed that the scope of what it will consider when deciding the 9019 Motion is strictly limited to the question whether the settlement included in the RSA falls within the range of reasonableness.  In particular, at a status conference on July 11, 2019 (the "July 11 Conference"), the Court precluded the testimony of witnesses addressing macroeconomic and environmental policy issues due to their limited probative value, emphasizing that "the issues presented in this motion practice . . . are narrow."  ECF No. 1459 (the "July 11 Hr'g Tr.") 9:15-17.  Subsequently, and for similar reasons, the Court granted the Oversight Board's motion for a protective order and for an order *in limine* precluding the deposition and excluding the declaration of the Oversight Board's macroeconomist Dr. Andrew Wolfe [ECF No. 1543] (the "Wolfe Limine Order"); granted the Government Parties' motion to exclude testimony regarding the 1974 Trust Agreement [ECF No. 1586] (the "Union Limine

Order"); rejected objections of the Official Committee of Unsecured Creditors (the "Committee") to Magistrate Judge Dein's ruling denying in part the Committee's motion to compel [ECF No. 1652] (the "Committee Objections Order"); and rejected *sua sponte* the motion of Puerto Rico Solar Energy Industry Association Corp. and Solar Energy Industries Association for leave to file an amicus brief seeking to make arguments against the RSA related to energy policy [ECF No. 1688] (the "Amicus Order").

5.      Despite the Court's repeated and clear holdings regarding the scope of admissible evidence in connection with the 9019 Motion, the proposed *amici* seek leave to file a brief [ECF No. 1695] (the "Proposed Amicus Brief") that addresses precisely the types of macroeconomic and environmental issues the Court has already ruled out of bounds.  The Amicus Motion further seeks other unspecified relief ("plus" status), including the right to file memoranda and briefs, participate in oral arguments on dispositive motions, and present facts to the Court, all of which would address the same macroeconomic and environmental issues.  Amicus Motion at 4.  The Proposed Amicus Brief addresses, in its entirety, Movants' concerns regarding the macroeconomic and environmental impact of the proposed settlement and is thus no different from other arguments and evidence previously excluded by the Court in the above-referenced orders.  These arguments should be excluded for the same reasons, and the Amicus Motion should be denied.

## BACKGROUND

**The Amicus Motion**

6.      The Amicus Motion requests leave to file the Proposed Amicus Brief, which raises four principal arguments in opposition to the RSA: (1) the RSA will increase the cost of electricity to both residential and commercial customers, resulting in emigration, higher costs of living, and increased unemployment; (2) implementation of the RSA will threaten PREPA's

financial and operational viability by offering bond recovery rates that are unsustainably high; (3) no plan of adjustment based on the RSA will be feasible, because the charges the RSA provides for are dependent on unrealistic and unreliable projections; and (4) the RSA's charges will discourage the use of renewable energy sources, in alleged contravention of Puerto Rico's goal, codified in Act No. 17-2019, to derive 100% of its energy production from renewable sources by 2050.  Proposed Amicus Br. at 13-31.

7.      In addition to requesting leave to file the Proposed Amicus Brief, the Amicus Motion requests what it defines as "plus" status, including leave to file unspecified memoranda and briefs, participate in oral arguments on dispositive motions, and present facts to the Court. Amicus Mot. at 4.  No justification is offered for this requested relief.

**The July 11 Conference**

8.      On July 11, 2019, the Court held a status conference in this matter.  Prior to that conference, PREPA had submitted the Proposed Amended Order limiting the scope of the relief it is requesting in the 9019 Motion, and had filed its Supplemental Submissions at the Court's direction.  At the July 11 Conference, the Court granted the Government Parties' motions *in limine* to exclude testimony from the Unión de Trabajadores de la Industria Eléctrica y Riego, Inc. ("UTIER") and the Sistema de Retiro de la Autoridad de Energía Eléctrica ("SREAEE") related to demographic and macroeconomic issues [ECF No. 1301], and testimony proffered by numerous not-for-profit entities (the "Not-for-Profit Entities") [ECF No. 1300].  The bases for the motions were relevance (including Federal Rules of Evidence 401 and 403) and, in the case of the Not-For-Profit Entities, lack of standing.

9.      At the outset of the July 11 Conference, the Court stated the issues presented by "the 9019 motion . . . are narrow and do not turn on . . . major public policy questions."  July 11 Hr'g Tr. 9:15-23.  The Court further stated there is a "limited scope of the questions presented by

4

the Rule 9019 motion," the Court must apply a "deferential decisional standard," and in the interest of "judicial efficiency and economy concerns . . . the Court is of the view that evidence and argument at the 9019 hearing ought to be focused tightly." July 11 Hr'g Tr. 13:11–14:1.

10.    The Court granted the motions on both grounds, except with respect to two witnesses proffered by UTIER and SREAEE concerning their allegations that the RSA violates the 1974 Trust Agreement.[3]  In granting the Government Parties' motions *in limine* on relevance grounds, the Court articulated an analysis that applies directly to the Amicus Motion.  The Court ruled that the evidence in question:

> relates primarily to macroeconomic and energy policy issues that are of limited potential probative value in the 9019 motion practice and are peripheral to the specific questions that are currently before the Court. These macroeconomic issues . . . are of, at best, limited probative value to the question of the reasonableness of specific measures that is at the core of this Rule 9019 motion practice.
>
> ***
>
> [T]he proffers of evidence from the union entities concerning the anticipated demographic and macroeconomic effects of full implementation of the RSA are precluded.

July 11 Hr'g Tr. 10:5–11:12.

## ARGUMENT

11.    In the First Circuit, "the acceptance of amicus briefs is within the sound discretion of the court."  *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).  In the absence of joint consent of the parties, "a district court . . . should go slow in accepting, and even slower in inviting, an amicus brief unless, [] a party . . . has a special interest that justifies his having a say,

---

[3] The Court subsequently granted the Government Parties' motion *in limine* as to those witnesses as well.  ECF No. 1586.

5

or unless the court feels that existing counsel may need supplementing assistance." *Id.*  Movants

here fail to meet either standard for amicus participation.

**I.    Movants Have Not Demonstrated a Special Interest Relevant to the 9019 Motion.**

12.    The Court stated at the July 11 Conference that the scope of the 9019 Motion is

limited to the question of whether the proposed settlement "fall[s] below the lowest point in the

range of reasonableness." July 11 Hr'g Tr. 14:10–11.  The Court ruled it will consider four

factors in assessing the reasonableness of the settlement:

> a.    the probability of success in litigation being compromised;
>
> b.    the difficulties, if any, to be encountered in the matter of collection of the
> disputed funds;
>
> c.    the complexity of the litigation involved, and the expense, inconvenience, and
> delay attending it; and
>
> d.    the paramount interest of the creditors and a proper deference to their
> reasonable views.

July 11 Hr'g Tr. 8:11-19 (citing *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995)).

13.    Movants make no attempt to connect the Proposed Amicus Brief to any of the

four *Jeffrey* factors.  The arguments raised in Movants' brief all fall squarely within the category

of "macroeconomic and energy policy issues" that the Court previously has stated "are of, at

best, limited probative value to the question of the reasonableness of specific measures that is at

the core of this Rule 9019 motion practice."  July 11 Hr'g Tr. 10:5–18.  For example, Movants'

argument that the RSA will increase electricity costs, with significant demographic and

economic consequences, depends on projections regarding the impact of higher costs on

macroeconomic indicators such as the Consumer Price Index and employment rates.  Proposed

Amicus Br. at 18–19.  Similarly, the alleged impact that implementation of the RSA will have on

PREPA's viability relies on projections regarding Puerto Rico's economic growth rate and electricity demand. *Id.* at 19–23. Considerations of Puerto Rico's plan to transition to renewable energy, meanwhile, represent quintessential "energy policy issues" that are not probative of the reasonableness of the RSA. July 11 Hr'g Tr. 10:5-9.

14. The irrelevance of Movants' proposed brief to the 9019 reasonableness inquiry is confirmed by the similarity of Movants' arguments to evidence and subject matter that the Court previously excluded. *See, e.g.*, July 11 Hr'g Tr. 9:21–23 (excluding the Not-for-Profit Entities' proffers of witnesses "whose concerns are directed to future broad economic and environmental effects of full implementation of the measures contemplated by the RSA");[4] July 11 Hr'g Tr. 11:13–24 and Union Limine Order (excluding UTIER, SREAEE and Windmar Renewable Energy's proffers of witnesses addressing the RSA's purported impact on PREPA's operations and costs, and the extent of damage the RSA would allegedly cause);[5] Wolfe Limine Order (precluding the Committee from entering into evidence the expert declaration of Dr. Andrew Wolfe regarding macroeconomic projections of Puerto Rico's economy and the long-term impact of RSA implementation); Committee Objections Order (rejecting the Committee's demand for discovery relating to issues of rate increase sustainability and plan feasibility);[6] Amicus Order (denying motion of Puerto Rico Solar Energy Industry Association Corp. and Solar Energy Industries Association for leave to file an amicus brief in connection with the 9019 Motion,

---

[4] The Not-for-Profit Entities' motions identifying potential witnesses, which were denied by the Court, are ECF Nos. 1263 and 1279, and Case No. 17-BK-3283-LTS, ECF No. 7189.

[5] The proposed witness lists of UTIER, SREAEE and Windmar Renewable Energy's, which were rejected by the Court, are ECF Nos. 1301-2 and 1301-3, and Case No. 17-BK-3283-LTS, ECF No. 7169.

[6] The Committee's renewal of its motion to compel, of which the denial in part was upheld by the Court, is ECF Nos. 1467 and 1517.

where the proposed brief addressed the purported impact that RSA implementation would have
on investment in solar energy).[7]

15.     More generally, all Movants' arguments are aimed – implicitly or explicitly – at
urging a public policy position veiled as a plan confirmation issue of infeasibility.  Notably, this
Court has held that arguments regarding the feasibility of any future plan of adjustment are
beyond the scope of the 9019 reasonableness determination.  *See Official Comm. of Unsecured
Creditors of the Commonwealth of P.R. v. Whyte, etc. (In re Fin. Oversight & Mgmt. Bd. for
P.R.)*, 360 F. Supp. 3d 65, 68 (D.P.R. 2019) (finding that the feasibility of any future plan of
adjustment is not a question to be addressed at the 9019 stage).

16.     In short, as the Court has repeatedly ruled, none of the arguments advanced by
Movants in their Proposed Amicus Brief are probative of the controlling issues before the Court
on the 9019 Motion.  As a result, Movants do not meet the first *Strasser* criterion governing the
admission of amicus briefs, because they cannot demonstrate a special interest relevant to the
9019 Motion.

## II.     Movants Have Not Demonstrated Existing Counsel May Need Supplementing Assistance.

17.     Movants do not argue that existing counsel may need supplementing assistance,
and therefore do not meet the second *Strasser* criterion governing the admission of amicus briefs.
Because Movants meet neither prong of the *Strasser* test, the Court should deny their motion for
leave to file a brief as *amici curiae*.

---

[7] The motion of Puerto Rico Solar Energy Industry Association Corp. and Solar Energy
Industries Association for leave to file a brief as *amici curiae*, which was denied by the Court, is
ECF 1680.

### III.   Even if the Court Grants Leave to File an Amicus Brief, It Should Deny Movants' Request for Leave to Participate as *Amici Curiae* "Plus."

18.     Given that Movants fail to meet either prong of the test set out by the First Circuit in *Strasser* governing the acceptance of amicus briefs, it follows *a fortiori* that Movants do not qualify for participation in the 9019 Motion proceeding as *amici curiae* "plus," especially since they each lack standing.  But, even were the Court to grant Movants leave to file the Proposed Amicus Brief, Movants' request to participate in the 9019 Motion as *amici curiae* "plus" should be denied.

19.     As an initial matter, it is unclear the extent of participation Movants are seeking in the 9019 Motion proceeding.  In support of the so-called "plus" status, the Amicus Motion requests, without further explanation, that Movants "be allowed to file memoranda and briefs on motions before the court, participate in oral arguments on dispositive motions, and in accordance with *Daggett v. Commission on Governmental Ethics and Election Practices,* 172 F.3d 104, 112 (1st Cir.1999), present those facts within their p[ur]view to aid the Court in its determination." Amicus Mot. at 4.  However, the Motion does not state what "present[ing] those facts within their purview" would entail.  Nor do Movants provide the Court with any rationale for allowing *amici* so-called "plus" status.

20.     More importantly, Movants fail to show why any interest they possess in the 9019 Motion justifies amicus participation, much less "plus" status.  Movants principally rely on *Daggett*, 172 F.3d at 104, in which the district court denied a motion for intervention on the ground that the applicants' arguments could be adequately covered by an amicus brief.  Although the First Circuit remanded the case due to uncertainty as to whether the district court had applied the correct standard regarding intervention, it expressed support for the district court's reasoning, noting the facts the would-be intervenors sought to present were the kind generally presented in

legal briefs rather than through trial evidence. *Id.* at 112 ("There may be instances where the amicus brief would not do the job, but once again applicants have made no showing on this point.").

21.     The same is true of the subject matter of Movants' proposed brief, which focuses on the alleged economic, demographic, and environmental impact that would result from implementation of the RSA. Movants have made no showing as to why their Proposed Amicus Brief (assuming its contents were probative, which they are not) is inadequate to convey these arguments. Conversely, granting Movants' leave to participate in oral arguments and present evidence would unduly complicate proceedings by obliging the Court to dedicate time and resources to consideration of non-party arguments on what are, at most, tangentially related issues. Amicus "plus" participation would thus directly contravene the Court's stated view that "argument at the 9019 hearing ought to be focused tightly" on the question of whether the RSA falls within the range of reasonableness. July 11 Hr'g Tr. 13:15–16. Finally, the Court has denied similar requests for participation by parties lacking a special interest relevant to the 9019 Motion, and it should do so again here. *See* July 11 Hr'g Tr. 9:24–10:4 (stating the Not-for-Profit Entities "lack sufficient direct interest in the subset of measures presented for court approval in the present 9019 motion practice to warrant their participation as parties entitled to present evidence and oral argument in connection with the 9019 motion").

## <u>CONCLUSION</u>

22.     For the foregoing reasons, the Government Parties respectfully request the Court deny the Movants' request for leave to participate in the 9019 Motion proceeding as *amici curiae* "plus."


Dated: November 13, 2019

**PROSKAUER ROSE, LLP**

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Gregg M. Mashberg (*pro hac vice*)
Eleven Times Square
New York, NY 10036-8299
Tel:  (212) 969-3000
Fax:  (212) 969-2900
Email: mbienenstock@proskauer.com
        ebarak@proskauer.com
        mdale@proskauer.com
        gmashberg@proskauer.com

-and-

Paul V. Possinger (*pro hac vice*)
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel:  (312) 962-3550
Fax:  (312) 962-3551
Email: ppossinger@proskauer.com

-and-

**DEL VALLE EMMANUELLI LAW
OFFICES**

Luis F. del Valle Emmanuelli
PO Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932
Email: dvelawoffices@gmail.com

*Attorneys for The Financial Oversight and
Management Board for Puerto Rico, as
representative of The Commonwealth of Puerto
Rico and the Puerto Rico Electric Power
Authority*

**O'MELVENY & MYERS LLP**

11

*/s/ Elizabeth L. McKeen*

John J. Rapisardi\*
Nancy A. Mitchell\*
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: jrapisardi@omm.com
            nmitchell@omm.com

Peter Friedman\*
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: pfriedman@omm.com

Elizabeth L. McKeen\*
Ashley M. Pavel\*
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com

\* admitted pro hac vice

*Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory
Authority*

**MARINI PIETRANTONI MUNIZ, LLC**

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC 222301
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Tel.:(787) 705-2171
Email: lmarini@mpmlawpr.com

*Co-counsel for the Puerto Rico Fiscal
Agency and Financial Advisory
Authority*

12

13