THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, *et al,*<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al,*<br><br>Debtors[1] | PROMESA<br>Title III<br><br>No. 17-bk-3283-LTS<br><br>(Jointly Administered) |

### RESPONSE TO "NINETY FORTH OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS

TO THE HONORABLE COURT:

COMES NOW UBS Trust Company of Puerto Rico ("UBS Trust"), representing the Dennis Correa Lopes[2] [sic] Retirement Plan (the "Claimant"), and respectfully states and prays:

1. UBS Trust appears through the undersigned counsel, who will represent it this time for the only purpose of filling this response.

2. On October 24, 2019, the Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The correct last name is Lopez.

-1-

Board"), filed the Ninenty-Fourth Omnibus Objection to deficient claims listed in Exhibit A to the motion (Docket 8983).

3. Amendments to timely filed proofs of claim are not addressed in the Rules of Bankruptcy Procedures, but bankruptcy courts have allowed the amendments to timely filed proofs of claims for "purposes of particularizing the amount due under a previously-asserted right to payment, or simply to cure technical defects in the original claim." In re Alonso, 525 B.R. 195, 204-205 (Bankr. D.P.R. 2015), citing In re Hemingway Transport, Inc., 954 F.2d 1, 10 (1st Cir.1992); In re Galindez, 514 B.R. 79, 88 (Bankr D.P.R. 2014); In re Crane Rental Co., 341 B.R. 118, 120 (Bankr.D.Mass.2006) ("Amendments to proofs of claim are 'to be freely allowed as long as the purpose of the amendment is to cure a defect in the claim, to describe the claim with greater particularity, or to plead a new theory of recovery.'") citing In re Callery, 274 B.R. 51, 56 (Bankr.D.Mass.2002). Bankruptcy courts must examine the substance of the proposed amendment and the original proof of claim to make sure that the amendment meets three criteria:

> First, the proposed amendment must not be a veiled attempt to assert a distinctly new right to payment as to which the debtor estate was not fairly alerted by the original proof of claim. Second, the amendment must not result in unfair prejudice to other holders of unsecured claims against the estate. Third, the need to amend must not be the product of bad faith or dilatory tactics on the part of the claimant.

In re Martínez, 513 B.R. 779, 785 (Bankr D.P.R. (2014), citing Woburn Associates v. Kahn 954 F.2d 1, 10 (1st Cir.1992).

4. Among the claims included in Exhibit A, is the claim filed by Claimant, represented by UBS Trust, Docket 8983-1 Exhibit A number 331, Claim 39831, for failure to provide any basis or support documentation for asserting the claim against the Commonwealth.

5. The above-mentioned proof of claim was timely filed in the Prime Clerk's Puerto Rico webpage on June 28, 2019.

6. On November 13, 2019 UBS Trust amended Claim 39831 to add an Annex to Amended Proof of Claim, explaining the claim; the Official Documents of the Bonds and the account statement as evidence of the bonds held by Claimant, the issuer of the bond, the CUSIP number (74526QXT4) and the face value of the bonds.

7. On November 14, 2019, UBS Trust withdrew the original proof of claim.

WHEREFORE, UBS Trust respectfully requests that the Court does not disallow Claim 39831, described above, because it was amended to include an Annex to Amended Proof of claim, explaining the claim; the Official Documents of the Bonds and the account statement as evidence of the bonds held by Claimant, the issuer of the bond, the CUSIP number (74526QXT4) and the face value of the bonds.

RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY that on this date I electronically filed the forgoing, with the Clerk of this Court using the CM-ECF system which will send notification of such filing to all CM-ECF participants registered to receive notices in the case at bar.

In San Juan, Puerto Rico, this 15th day of November 2019.

*/s/Gustavo J. Viviani Meléndez*
USDC 229513
Sánchez Pirillo LLC
P.O. Box 11917
San Juan, Puerto Rico 00922-1917
Tel. 787-522-6776
Fax. 787-522-6777
gviviani@sanpir.com