UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR
PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO,
et. al.,

DEBTORS.[1]

---------------------------------------------------------------x

PROMESA
Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

AFFIDAVIT IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT UNDER FED. R. BANKR. P. 7056(a)

STATE OF NEW YORK    }
                     } ss
COUNTY OF NEW YORK   }

JAMES FELTMAN, being duly sworn, deposes and says:

Introduction

1. I am a Managing Director of Duff & Phelps, LLC ("D&P") and the person in charge of the D&P independent forensic analysis team hired by the Financial Oversight and Management Board for Puerto Rico (the "Board" or "FOMB"). With my colleague, Ann Gittleman, another D&P Managing Director, we directed the work of the D&P team. I have

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

DOC ID - 32929685.2

personal knowledge of the facts set forth below and submit this affidavit in support of D&P's amended first interim application for allowance of compensation and reimbursement of expenses for the period November 1, 2018 through January 31, 2019 ("Application Period"), and in support of D&P's motion for partial summary judgment seeking allowance of at least $461,504.50 in so-called "Project Management Fees" that the Fee Examiner has disputed. Doc. No. 8862, at 2, 6.

<u>Fee Examiner's Objection To Amount of D&P Fees</u>

2. The Fee Examiner in this case has challenged D&P's claim to "Project Management" fees on the ground that the Board had limited D&P's fees to the sum of $50,000 per week (Doc. No. 8866-1, Exh. 3, at 1), misreading the terms of the Engagement Letter, dated January 31, 2018, as amended three times on March 31, August 16 and December 11, 2018 (collectively, the "Engagement Letter") (Doc. No. 8866-1, Exh. 1, at pages 43-158). In fact, the Board increased D&P's responsibilities to "Project Manager" and then <u>increased</u> D&P's weekly fees by $50,000 (Doc. No. 8866-1, at 102) (Amendment No. 3 to Engagement Letter, effective November, 2018) over the previous weekly average fees of $86,413. <u>See</u> paragraph "3" below. The Fee Examiner must concede that the Board (a) increased D&P's responsibilities, and (b) knowingly approved in writing D&P's higher billings during the Application Period (Exhibits 1, 2 and 3 annexed hereto), as the documents show. Because the Fee Examiner had no personal knowledge of the facts and has misread the Engagement Letter, the Court can construe the terms of the Engagement Letter as a matter of law. D&P's services for the Board were necessary and beneficial, as the facts also show.

<u>The Pre-Application Period Fees</u>

3. D&P began work for the Board promptly after the parties signed the original version of the Engagement Letter on January 31, 2018 (the "Pre-Application Period"). For the

2

period January 31 through October 31, 2018, D&P billed the Board for its services and its expenses on a monthly basis, as the following chart shows:

| Invoice | Date of Bill | Fees | Expenses | Total Invoice and Payment Received | Period Covered |
|---|---|---|---|---|---|
| NY00297599 | 05/11/2018 | $ 100,425.00 | $ 8,931.16[2] | $ 109,356.16 | 1/31/18 - 2/28/18 |
| NY00297600 | 05/11/2018 | $ 24,224.50[3] | $ - | $ 24,224.50[3] | 3/1/18 – 3/31/18 |
| NY00297601 | 05/11/2018 | $ 32,405.00 | $ - | $ 32,405.00 | 4/1/18 – 4/30/18 |
| NY00300754 | 06/12/2018 | $ 48,752.50 | $ - | $ 48,752.50 | 5/1/18 – 5/31/18 |
| NY00304385 | 07/12/2018 | $ 35,135.00 | $ - | $ 35,135.00 | 6/1/18 – 6/30/18 |
| NC00022789 | 07/20/2018 | $ (2,114.91) | $ - | $ (2,114.91)[4] | 1/1/18 – 3/31/18 |
| NY00308108 | 08/21/2018 | $ 39,555.00 | $ - | $ 39,555.00 | 7/1/18 – 7/31/18 |
| NY00310194 | 09/05/2018 | $ 86,232.50 | $ 1,514.30 | $ 87,746.80 | 8/1/18 – 8/31/18 |
| NY00313706 | 10/05/2018 | $ 207,942.50 | $ - | $ 207,942.50 | 9/1/18 – 9/30/18 |
| NY00318094 | 11/14/2018 | $ 345,653.00 | $ 1,870.94 | $ 348,523.94 | 10/1/18 – 10/31/18 |
| | | $ 919,210.09 | $ 12,316.40 | $ 931,526.49 | |

The foregoing table shows not only the amount of fees and expenses sought by D&P during the period covered, but also the amount actually paid by the Board after D&P made minor billing corrections.

### The Board's Monitoring of D&P's Fees and Expenses

4. The Board closely monitored D&P's activities, performance and its monthly bills. At no time did the Board ever challenge or dispute the quality of D&P's services, the amount of its expenses or the amount of its bills. In fact, the Board promptly paid each and every D&P bill during the Pre-Application Period. During the Pre-Application Period, D&P

---

[2] Differs from underlying bill by $803.16. Corrected by adjustment made on 7/20/18.
[3] Differs from underlying bill by $1,312.50. Corrected by adjustment made on 7/20/18.
[4] Reflects corrections consistent with actual fees and expenses between 1/31/18 and 3/31/18.

3

DOC ID - 32929685.2

concentrated on its critical work for the Board--identifying all available sources of cash and the balances in each account.

### The Fee Application Process

5. The Court and other professionals in the case formulated a Fee Application procedure during the fall of 2018, requiring professionals who sought compensation from the debtors' estates to file fee applications with the Court.

6. The Board authorized payment of the amounts billed by D&P for its fees and reimbursed D&P's expenses during the Application Period (November 1, 2018 through January 21, 2019), less Court-imposed holdbacks, certain fees, and estimated taxes. Again, during the Application Period, the Board received monthly fee statements from D&P and never objected to or challenged the amounts billed, the expenses claimed, or the quality of D&P's services. The Board, in fact, approved in writing all of D&P's Application Period fees and expenses. Exhibits 1, 2 and 3 annexed hereto.

7. D&P eventually learned from other professionals in these cases that it had to file an application to be compensated for services rendered and reimbursement for expenses. D&P did so on March 18, 2019 (Doc. No. 5800), without the benefit of counsel.

### The Fee Examiner's June 6, 2019 Letter Report

8. The Fee Examiner first contacted D&P by letter dated June 6, 2019 ("Letter Report") with questions about the D&P fee application. D&P retained counsel at this point for the purpose of addressing the Fee Examiner's questions. Counsel for D&P promptly communicated with the Fee Examiner to start a dialogue and obtain time for negotiations.

9. To address the Fee Examiner's issues, D&P filed an amended Fee Application on August 13, 2019. It also negotiated with the Fee Examiner and provided requested supporting documentation, when available, through the middle of October, 2019.

During those negotiations, D&P made substantial economic concessions, but negotiations broke down in October when the Fee Examiner for the first time disputed D&P's reading of the Engagement Letter on which it relied in performing its services for the Board. Because of this stalemate, the Fee Examiner filed its limited objection ("Objection") to the D&P Fee Application on October 16, 2019 (Doc. No. 8862). D&P replied to that objection on October 22, 2019 (Doc. No. 8915).

I.

**The D&P/ Board Engagement Letter**

10. The Engagement Letter expressly notes D&P's "substantial discount from" its "standard rates," reflecting D&P's desire "to demonstrate sensitivity to these highly unusual circumstances." Doc. No. 8866-1, at 50 n.1. The table below, excerpted from the Fee Application, shows D&P's standard rates and the discount provided to the Board for this engagement. The discount ranges from 37% to a high of 48% for vice presidents and analysts to an average across-the-board discount of 44.6%. The Fee Application also shows that the blended hourly rate for all D&P professionals during the Application Period was $437.56.

| Role | Standard Rates | Oversight Board Rates | Discount Provided |
|---|---|---|---|
| Managing Director | $ 1,150 | $ 650 | 43% |
| Director | $ 1,040 | $ 550 | 47% |
| Vice President | $ 825 | $ 425 | 48% |
| Senior Associate | $ 625 | $ 395 | 37% |
| Analyst | $ 435 | $ 225 | 48% |

For perspective, a random sampling of the hourly rates charged by other financial professionals in those cases shows the following range of rates, based on fee applications filed:

- Alvarez & Marsal (Doc. No 5791): $875-$325

5

- Ernst & Young (Doc. No. 5808): $870-$245 (Rates as of 3/12/19, but subject to increase ... on July 1 each year....") (See Doc. No. 8866-1, Exh. 2)
- Zolfo Cooper (Doc. No. 5820): $1,080-$250
- McKinsey & Company (Doc. No. 5804): "Firm fixed price" as high as $1.94 million per month

None of these professional firms apparently discounted their rates, in contrast to D&P's heavily discounted rates.

11. The Engagement Letter, as amended three times, shows the Board's continuous expansion of the scope of D&P's services. For example, the Board asked D&P to identify bank accounts and related document identification during the first two months of its engagement, but then expanded D&P's role to include validation of accounts, drafting a report and supervising the Board Staff. The third amendment to the Engagement Letter, dated December 11, 2018 specifically asked D&P to assume the rule of Project Manager, noting that this role "will supplement but not replace, those enumerated responsibilities D&P currently has ...." (emphasis added). Doc. No. 8866-1, at 101. It also required D&P to provide its "Work Product" by March 12, 2019. Id. The Board also acknowledged that D&P's "Work Product" was essential to "creditor negotiations." As "Project Manager," D&P was required to have a "continuing physical presence in San Juan; provide direct supervision to ... client review and data entry staff"; "provide direct assistance by performing ... review function ...."; "Coordinate Project Management activities with ... [Board] Staff ...". The Board imposed on D&P the "responsibility to initiate, manage and download ... Financial Institution Letters" and "provide weekly project status updates to" the Board, while providing "other forms of services as

DOC ID - 32929685.2

requested…." For these additional services, D&P would be entitled to "incremental fees [of] $50,000 per week effective … November 5 through [March 12, 2019[5]], provided that billing would be based on actual hours worked in accordance with the rates" originally agreed upon. [emphasis added]. Doc. No. 8866-1, at 102. Prior to the time of the third amendment to the Engagement Letter on December 11, 2018, D&P had been billing the Board for its services at the average weekly rate of $86,413 during the period covered by the Engagement Letter's second amendment. See paragraph "3" above.

### III

### The D&P Report

12. D&P submitted its Report ("D&P Report") within the prescribed deadline, March 12, 2019 (Doc. No. 8866-1, Exh. 1, pages 6-158). The Board reviewed and approved the Report before D&P released it. Paragraph 29 of that Report (Doc. No. 8866-1, at 14) cited amendment no. 3 to the Engagement Letter to describe D&P's additional responsibilities "[e]ffective November 5, 2018, at the FOMB's request":

"(i) the creation of a subset of … Priority Entities; (ii) shifting a number of responsibilities from the FOMB staff to D&P, including the role of Project Manager; (iii) assumption by D&P of the AH function;… and (v) identifying the [Deadline] for the issuance of the Priority Entities bank account balances report." [emphasis added].

The same paragraph of the D&P Report also confirmed the Board's "modification of D&P's fee estimate to take into account incremental responsibilities."

---

[5] The Board extended the so-called "Deadline" to March 12, 2019. Doc. No. 8866-1, at 11, 14n. 1.

DOC ID - 32929685.2

13. Based on my conversations with the Board, it asked D&P to assume the Project Manager role as of November 5, 2018 because it had recently lost its second Project Manager and, due to time pressures, the Board would be unable to hire and train a third replacement within the deadline for completing this essential project.

_____
James Feltman

Sworn to before me
this 11 day of November, 2019

_____
Notary Public

ERICA KOBRIN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01KO6317247
Qualified in Nassau County
My Commission Expires 12-29-2022

# **EXHIBIT 1**

FOMB Approval of D&P Fee Statement for November, 2018

## **Principal Certification**

I hereby authorize the submission of this Monthly Fee Statement for November 2018.

_____
Jaime A. El Koury
General Counsel to the Financial Oversight and
Management Board for Puerto Rico

# **EXHIBIT 2**

FOMB Approval of D&P Fee Statement for December, 2018

## Principal Certification

I hereby authorize the submission of this Monthly Fee Statement for December 2018.

_____
Jaime A. El Koury
General Counsel to the Financial Oversight and
Management Board for Puerto Rico

# **EXHIBIT 3**

FOMB Approval of D&P Fee Statement for January, 2019

**Principal Certification**

I hereby authorize the submission of this Monthly Fee Statement for January 2019.

/s/
Jaime A. El Koury
General Counsel to the Financial Oversight and
Management Board for Puerto Rico