# **EXHIBIT A**

## **Certification of Robert D. Gordon**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In regarding:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[11] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**VERIFIED CERTIFICATION OF ROBERT D. GORDON IN SUPPORT OF THE SEVENTH INTERIM APPLICATION OF JENNER & BLOCK LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FROM JUNE 1, 2019 THROUGH SEPTEMBER 30, 2019**

I, Robert D. Gordon, have the responsibility for ensuring that the Application complies with the UST Guidelines, and I hereby certify the following:

1. I am a partner in the firm of Jenner & Block LLP ("Jenner"), and have been duly admitted to practice law in the States of Illinois, Michigan, and New York.

---

[11] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

2. I am the lead attorney from Jenner representing the Retiree Committee in connection with the above-captioned Title III Case. I am authorized to submit this certification in support of the *Seventh Application of Jenner & Block LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys to the Official Committee of Retired Employees of the Commonwealth of Puerto Rico from June 1, 2019 through September 30, 2019* (the "**Application**"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3. I have read the Application. The statements contained in the Application are true and correct according to the best of my knowledge, information, and belief.

4. To the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Application are permissible under the *Puerto Rico Oversight, Management, and Economic Stability Act* ("**PROMESA**"), 48 U.S.C. §§ 2101–2241; the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); the Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**"); the Court's *Order Authorizing the Employment of Jenner & Block LLP as Attorneys for the Committee of Retired Employees* [Dkt. No. 1002]; the Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 3269]; and the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013*.

5. The fees and disbursements sought in the Application are billed at rates Jenner customarily employs and Jenner clients generally accept in matters of this nature.

6. None of the professionals seeking compensation varied their hourly rate based on their geographic location.

7. Jenner is not seeking compensation for this Interim Period specifically for time spent reviewing or revising time records or preparing, reviewing, or revising invoices.

8. Jenner does not make a profit on costs or expenses for which it seeks reimbursement, whether the service is performed by Jenner in-house or through a third party.

9. In accordance with Rule 2016(a) of the Bankruptcy Rules and 11 U.S.C. § 504, no agreement or understanding exists between Jenner and any other person for the sharing of compensation to be received in connection with the Title III Cases except as authorized by PROMESA, the Bankruptcy Rules, and the Local Rules.

10. All services for which compensation is sought were professional services rendered to the Retiree Committee and not on behalf of any other person.

11. The Retiree Committee was provided with a copy of the Application before it was filed with the Court and does not object to the relief requested therein.

12. Consistent with its typical practice, on January 1, 2019, Jenner raised its hourly rates.

13. In accordance with the *Order Imposing Additional Presumptive Standards: Rate Increases and the Retentions of Expert Witnesses or Other Sub-Retained Professionals* ("**Additional Presumptive Standards Order**"), I certify that the Retiree Committee authorized the rate increase, both with respect to effective date and specific amount, on a timekeeper-by-timekeeper basis.

14. Jenner's 2018 and 2019 hourly rate schedules for associates are as follows:

| CLASS YEAR | STANDARD RATE ($) 2018 | | | | STANDARD RATE ($) 2019 | | | |
|---|---|---|---|---|---|---|---|---|
| | CH | DC | NY | LA | CH | DC | NY | LA |
| 2019 | | | | | 475 | 485 | 500 | 485 |
| 2018 | 465 | 465 | 490 | 465 | 475 | 485 | 500 | 485 |
| 2017 | 465 | 465 | 490 | 465 | 550 | 560 | 580 | 560 |
| 2016 | 545 | 545 | 570 | 545 | 610 | 620 | 650 | 620 |
| 2015 | 605 | 605 | 640 | 605 | 675 | 685 | 725 | 685 |
| 2014 | 675 | 675 | 715 | 675 | 725 | 735 | 785 | 735 |
| 2013 | 725 | 725 | 785 | 725 | 760 | 770 | 825 | 770 |
| 2012 | 755 | 755 | 810 | 755 | 795 | 805 | 850 | 805 |
| 2011 | 790 | 790 | 835 | 790 | 805 | 815 | 865 | 815 |
| 2010 | 800 | 800 | 845 | 800 | 805 | 815 | 865 | 815 |

15. On an annual basis, Jenner evaluates the hourly rates charged by its billing professionals to determine whether those rates should be increased based on a timekeepers' developing skills and experience, and consistent with changes in market hourly rates. In making this evaluation, Jenner obtains third party consultant information to assist it in determining an appropriate rate schedule for its billing professionals. The 2019 rates charged by the billing professionals working on these Title III cases were set through this process, and are consistent, both in amount and timing, with rates for Jenner timekeepers not working on these Title III cases.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief formed after reasonable inquiry.

Executed on November 15, 2019

*/s/ Robert Gordon*
Robert D. Gordon