# EXHIBIT C

  Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

**Martin J. Bienenstock**
Partner
d. 212.969.3000
f. 212.969.2900
mbienenstock@proskauer.com
www.proskauer.com

November 6, 2019

**VIA EMAIL**

Bruce S. Bennett
Jones Day
555 South Flower Street, 50th Floor
Los Angeles, CA 90071

-and-

John K. Cunningham
White & Case LLP
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131

> Re:   **Demand that Avoidance Claims Be Asserted on Behalf of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") Against the Commonwealth of Puerto Rico**

Dear Bruce and John:

I write in response to your letter of October 30, 2019, renewing your demand from January 2019 that the Oversight Board pursue avoidance actions on behalf of ERS against the Commonwealth for alleged fraudulent and unauthorized transfers of ERS's property.

First, you assert the matter is "urgent." As you know, however, the Commonwealth and ERS entered into a tolling stipulation on February 28, 2019 which tolled the period in which avoidance actions of either the Commonwealth or ERS may be commenced by an additional 270 days from the date in which they would have otherwise expired [Case No. 17-bk-3566-LTS, ECF No. 376]. This stipulation was court-ordered and expressly names your clients as third party beneficiaries. This stipulation—and the fact that you waited nine months to follow up on your original demand letter—belie the claim that bringing avoidance actions is urgent.

Second, the avoidance actions you demand ERS bring may be mooted if the Oversight Board's joint plan of adjustment for the Commonwealth, ERS, and PBA is confirmed. On September 27, 2019, the Oversight Board, as representative of the Commonwealth, ERS, and the Public Buildings Authority, filed a joint plan of adjustment for each of the foregoing entities under Title III of PROMESA (the "Plan"). Pursuant to the Plan, the Oversight Board proposes to sell ERS's assets to the Commonwealth, in exchange for "(a) one hundred percent (100%) of the Cash in ERS accounts as of the Effective Date, (b) ninety five percent (95%) of the face amount of performing ERS employee loans as of the Effective Date, (c) one hundred percent (100%) of the market price of the COFINA bonds held by ERS, as of the Effective Date, and (d) fifty percent

Proskauer »

November 6, 2019
Page 2

(50%) of the book value of the ERS portfolio of private equity interests held by ERS as of the Effective Date." Plan § 2.4. ERS will receive the proceeds from that sale, and the amount determined to be proceeds of the ERS bondholders' collateral shall be paid *pro rata* to ERS bondholders. Plan §§ 1.137, 1.141, 38.1.

Pursuant to the Bankruptcy Code, a non-recourse secured creditor—like the ERS bondholders—can recover only the proceeds of its collateral if the creditor's collateral is sold under the plan. Such a creditor does not have an unsecured claim against the debtor. *See* 11 U.S.C. § 1111(b)(1)(A)(ii). The Plan proposes to treat non-settling ERS bondholders pursuant to this section. Accordingly, if the Plan is confirmed, ERS bondholders would not benefit from any avoidance actions brought by ERS. If the Plan is not confirmed, the claims resulting from alleged fraudulent and unauthorized transfers of ERS's property are preserved. Notably, the tolling agreement the Oversight Board entered into with the ERS bondholders preserves the avoidance actions after the time by which such actions must be brought pursuant to the Bankruptcy Code. Therefore, the ERS bondholders' rights are not prejudiced by the Oversight Board's rejection of their invitation to commence proceedings which the Oversight Board believes are not meritorious.

Third, ERS has no plausible avoidance actions against the Commonwealth relating to employer contributions. As set forth in the Oversight Board's objection to the fiscal agent's claim against the Commonwealth [Case No. 17-bk-3283-LTS, ECF No. 7075], the transfers of assets made by ERS to the Commonwealth pursuant to the Joint Resolution 188 and Act 106 were limited. ERS's rights to employer contributions were not transferred: the PayGo contributions are not the "same" asset as the employer contributions. ERS's rights to employer contributions arose under Act No. 447-1951, as amended (the "Enabling Act"), and were calculated according to a formula laid down by that statute based upon each employers' then current payroll. *See* 3 L.P.R.A. § 787(f). Pursuant to the Joint Resolution 188 and Act 106, employer contributions to ERS were eliminated,[1] Joint Resolution 188 § 4(3), and a new PayGo fee was established. The PayGo fee that funds the new PayGo system is calculated differently from employer contributions under the Enabling Act: under the PayGo system, employers reimburse the Commonwealth for actual payments of retiree benefits due and owing on a current basis. As such, ERS's rights to employer contributions under the Enabling Act were not transferred to the Commonwealth, and ERS has no avoidance action relating to them. This very dispute is the primary issue in the ERS bondholders' renewed motion to lift the stay [Case No. 17-bk-3566, ECF No. 289]. This issue has been has been fully briefed, and prior to the Court rendering a ruling, was indefinitely mooted by the Court's ruling that Bankruptcy Code section 552 applies to prevent the post-petition attachment of a lien on fees made pursuant to the Enabling Act (the "Section 552 Dispute"). *See* [Adv. Case No. 17-213, ECF. No. 251]. Thus, the only possible transfer to be avoided is the June 2017 transfer of $190.5 million from ERS to the Commonwealth, which was made in accordance with Joint Resolution 188, and which the Commonwealth will make available to the ERS bondholders if the

---

[1] The Offering Statement that accompanied the Pension Funding Bond Resolution ("Bond Resolution") specifically noted that "*[t]he Legislature of the Commonwealth could reduce the Employer Contribution rate or make other changes in existing law that adversely affect the amount of Employer Contributions,*" and that there was no covenant by the Legislature "not to amend the [ERS Enabling Act] in a way adverse to Bondholders." Offering Statement at 23-26 (emphasis in original).

Proskauer »

November 6, 2019
Page 3

Court finds your clients are so entitled.  In any event, and as agreed to by the Oversight Board and
your ERS bondholder groups in the joint motion to modify the stay [Case No. 17-bk-3566-LTS,
ECF No. 687], these matters will be addressed after the Court of Appeals for the First Circuit
renders its ruling in the Section 552 Dispute.  Thus, there is currently no need for the Oversight
Board to commence avoidance actions and no cause to appoint a trustee pursuant to section 926 of
the Bankruptcy Code.  Your assertions of conflict are rejected.  If there is anything you would like
to discuss, we are available.

Sincerely,

Martin J. Bienenstock
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900

*Counsel for the Financial Oversight and
Management Board for Puerto Rico*