UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br><br>THIS PLEADING RELATES ONLY TO THIS TITLE III CASE[2]<br><br>(Jointly Administered)<br><br>Re: Docket No. 8297 |

**MOTION FOR RECONSIDERATION, NEW TRIAL AND/OR TO ALTER OR AMEND ORDER (DKT. 9099) SUSTAINING OBJECTION (DKT. 8297) AND MEMORANDUM ORDER (DKT. 9121) WITH RESPECT TO CLAIMS NO. 152470 & NO. 152283**
**REQUEST FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL**
**OR TO STAY OR VACATE SAID ORDERS TO NOT HINDER MOVANT'S RULE 59 MOTIONS**

TO THE HONORABLE COURT:

COME NOW, creditors Jorge A. Diaz Mayoral and Juan A. Frau Escudero ("Movants"), by the undersigned counsel, and, very respectfully, state, allege and pray:

1. Debtors by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] This clarification is made in accordance to the Court's *Order (A) Pursuant to PROMESA Section 304(G), Directing Joint Administration of Initial Title III Cases and Additional Title III Cases, and (B) Pursuant to Section 105(A) of The Bankruptcy Code, Making Certain Orders Entered on First Day Pleadings Applicable to the Additional Title III Cases.* See, Docket No. 167 at ¶ 5 of p. 4.

*Stability Act*, 48 U.S.C. §§ 2101–2241 ("PROMESA") filed the *Sixty-Fourth Omnibus Objection (Substantive) Of The Commonwealth Of Puerto Rico To Claims Based On Investments In Mutual Funds* (Docket No. 8297). Said objection included, in Exhibit A thereto, two claims filed by Movants: Claim No. 152470 filed by Mr. Díaz Mayoral on 6/29/2018 for $68,498.12 and Claim No. 152283 filed by Mr. Frau Escudero on 6/29/2018 for $259,917.43.

2. Even though this Honorable Court gave an indicative ruling regarding Claims No. 152470 and No. 152283 during the Sept. 11, 2019 Hearing, it was not until November 4, 2019 that the order granting the objection was entered into the Docket. (Dkt. 9099).

3. This Honorable Court's indicative ruling with respect to Claims No. 152470 and No. 152283 was not in the Minute Entry of the Sept. 11, 2019 hearing (Dkt. 8689) and, to this day, the Movant's have not had access to the transcript (*see* Exhibit 1).

4. A separate order was entered on the docket with respect to Claims No. 152470 and No. 152283. (Dkt. 9121).

5. Movants respectfully request the reconsideration of the two orders sustaining the *Sixty-Fourth Omnibus Objection* with respect to Movants' Claims No. 152470 & No. 152283. (Dkt. 9099 and 9121).

**I.     JURISDICTION.**

This Honorable Court has jurisdiction to hear this motion to alter or amend order under Rule 59 of the Federal Rules of Civil Procedure, as made applicable to cases under the Bankruptcy Code pursuant to Rule 9023 of the Federal Bankruptcy Rules. Rule 59(e) of the Federal Rules of Civil Procedure allows a party to request the

2

alteration or amendment of a judgment within fourteen (14) days after the entry of the judgment.

In accordance with Rule 9006 of the Federal Bankruptcy Rules, when the period established in Rule 59 falls on a "legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." *See* Subsection (a)(1)(C) of Rule 9006 of the Federal Bankruptcy Rules. Rule 9006 defines a legal holiday as the day set aside by statute for observing Veteran's Day and "for periods that are measured after an event, any other day declared a holiday by the state where the district court is located." *See* Subsections 6(A) and 6(C) of Rule 9006 of the Federal Bankruptcy Rules. As November 19, 2019 was Veteran's Day and November 18, 2019 was declared a holiday in Puerto Rico, the 14-day time limit set by Rule 59, was extended until, November 20, 2019 by Rule 9006.

The disallowance of a claim may also be reconsidered under Section 502(j) of the Bankruptcy Code (11 U.S.C. § 502(j)), as made applicable by Section 301 of PROMESA, 48 U.S.C.A. § 2161, as this Honorable Court may reconsider at anytime and the two orders sustaining the *Sixty-Fourth Omnibus Objection* with respect to Movants' Claims No. 152470 & No. 152283 (Dkt. 9099 and 9121) are not yet final and unappealable, so reconsideration at this time does not impermissibly interfere with any finality principles. Section 502(j) "provides flexibility to the claims allowance process just as equity provides relief within the finality doctrine generally." *In re Gold & Silversmiths, Inc.*, 170 B.R. 538, 547 (Bkrtcy.W.D.N.Y. 1994).

Section 502(j) of the Bankruptcy Code (11 U.S.C. § 502(j)) allows the reconsideration of a disallowance of a claim at any time. Section 502(j) of the Bankruptcy Code, was made applicable to these Title III proceedings by Section 301 of

Promesa, 48 U.S.C.A. § 2161 and, therefore, is applicable to the disallowance of Movants' Claims. In accordance with Section 502(j), this Honorable Court can always reconsider the disallowance of Movant's Claims. Federal Bankruptcy Procedure Rule 3008 also allows "[a] party in interest [to] move for reconsideration of an order allowing or disallowing a claim against the estate" and provides for "[t]he court after a hearing on notice[, to] enter an appropriate order." Fed.R.Bankr.P. 3008 Reconsideration of both allowed and disallowed claims may be made at any time before the case is closed. *In re Resources Reclamation Corp.*, 34 B.R. 771, 773 (9th Cir. BAP 1983). The court should weigh the extent and reasonableness of any delay, prejudice to the debtor and other creditors, effect on efficient administration, and the moving creditor's good faith. *Id.* Rule 3008 has been held permissive and does not require that a party file a motion to reconsider before appealing. *In re Schaffer*, 173 B.R. 393, 394–95 (Bkrtcy.N.D.Ill.,1994); *Walsh Trucking Co. v. Insurance Co. of North America*, 838 F.2d 698 (3d Cir.1988).

II.     REQUEST FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL

Rule 4(a)(5) of the Federal Rules of Appellate Procedure states that:

(A)   The district court may extend the time to file a notice of appeal if:
(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
(B)   A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
(C)   No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

4

Fed.R.App.P 4(a)(5).

Movants have not had access to the transcript of the Sept. 11, 2019 Hearing, giving the Debtors and the Board an unfair advantage. Also, this Honorable Court cites the transcript. See page 2 of Dkt. 9121 which states: "(*See* Transcript of September 11, 2019 Hearing Before the Honorable Laura Taylor Swain (Docket Entry No. 8691), 81:12-15; Ord. at 2.)" The unavailability of said transcript to the Movants hinders Movant's ability to request reconsideration or to request the altering or amending of the indicative ruling and two orders; and to appeal the indicative ruling and two orders. Such a situation is just cause for the granting of an extension of time to file a Rule 59 motion or notice of appeal until Movants have had access to the transcript of the Sept. 11, 2019 Hearing. Therefore, Movants request an extension of time to file a notice of appeal of 14 days after Movants have access to the transcript of the Sept. 11, 2019 Hearing.

In the alternative, Movants request the orders be stayed or vacated until 14 days after Movants have access to the transcript of the Sept. 11, 2019 Hearing Movant's ability to request reconsideration, new trial or to request the altering or amending of the indicative ruling and two orders under Rule 59 of the Federal Rules of Civil Procedure; and to appeal the indicative ruling and two orders is not hindered.

**III. DISCUSSION.**

A. Due Process and Manifest Error

Firstly, Movants' request the reconsideration of the two orders sustaining the objection on procedural grounds because the Memorandum Order was entered two days after the separate order was entered in the docket denying the Movants' opposition to the objection or sustaining the objection with respect to the Movants' Claims. The Minutes of the Sept. 11, 2019 Hearing did not mention the specific bench

5

order with respect to Movant's claims. Before this Honorable Court entered the Memorandum Order, there was only the bench order in the transcript of the Sept. 11, 2019 Hearing, which is an indicative ruling and not a final ruling and to which the Movants have not had access or been properly notified. *See* Exhibit 1.

Although Debtors had access to the transcript of the Sept. 11, 2019 Hearing and the Board's attorneys cited several lines and pages of said Transcript, Movants did not have access to said transcript, giving the Debtors and the Board an unfair advantage. The unavailability of said transcript also hinders Movant's ability to request reconsideration of the indicative ruling and two orders or to request the altering or amending of the indicative ruling and two orders.

On the other hand, Debtors filed their Reply to Movants' Opposition to the Objection (Dkt. 8646), two days before the hearing and cited new cases that were not cited in the *Sixty-Fourth Omnibus Objection* (Dkt. 8297), which did not provide Movants enough time to properly brief the Honorable Court regarding those new cases.

The nature of an investor of a mutual fund does not preclude personal standing to file a proof of claim for such personal injuries sustained by the Movants. In their Response, the Movants argued that an investor of a mutual fund is more akin to a co-owner of the fund's bonds (https://www.investopedia.com/terms/m/mutualfund.asp), rather than a creditor of the mutual fund or even than an equity holder or owner of the legal entity that holds the bonds issued by the Debtors. During the Sept. 11, 2019 hearing, this Court specifically held that an investor of a mutual fund is not a co-owner of the bonds held by the mutual funds and, therefore does not have standing to file their proofs of claim.

However, other than this Court's previous determination in these proceedings (with respect to a different omnibus objection that does not bind the Movants), in the *Sixty Fourth Omnibus Objection* and the *Second Omnibus Reply*, the Board did not cite any previous determinations by other courts where, in the specific context of a proof of claim, those courts determined that an individual investor in a mutual fund does not have standing under any circumstances to file a proof of claim. Moreover, one of the cases cited by the Board in its *Second Omnibus Reply* recognized a separate cause of action with regards to the injuries sustained by the individual investor in mutual funds. The separate and distinct cause of action recognized in the case cited by the Board does provide standing for the Movants' proofs of claim.

In its *Second Omnibus Reply*, the Board cited two new cases that were not cited in the *Sixty Fourth Omnibus Objection*. First, the Board cited *Community Trust Bancorp., Inc. v. U.S.*, No. Civ. A. 98-249, 1999 WL 594129, at *5 (E.D. Ky. June 28, 1999) for the proposition that in that case, the District Court determined that "the mutual fund is a separate entity from the investor, and [] the mutual fund, not the investor, is the owner of the bonds." However, that case does not evaluate who has standing to file a proof of claim, rather, it evaluates the tax treatment for the investor, which, in that case, was a bank, of the losses sustained by the mutual fund when it sold some bonds at a loss. The bank needed to prove that the losses were ordinary, as required by the relevant tax statute. In that case, the District Court's analysis was geared towards determining whether the losses were ordinary for the bank. Moreover, the mutual funds at issue in that case are not necessarily mutual funds like the ones at issue here, which are regulated by the Puerto Rico Investment Companies Act and not the U.S. Investment Company Act of 1940.

7

Also, the Board cited *Gordon v. Fundamental Investors, Inc.*, 362 F. Supp. 41 (S.D.N.Y. 1973) for the proposition that, in that case, the District Court determined that a mutual fund investor lacked standing to bring suit for alleged violations of the proxy rules that caused harm to the mutual fund, because "[i]t has long been the rule of law that mere diminution in the value of his stock because of a wrong done to the corporation does not give rise to an individual claim for relief by the shareholder." *Gordon v. Fundamental Investors, Inc.*, 362 F. Supp. at 44. Just as in the prior case, this case also does not examine the issue of standing to file a proof of claim and the mutual funds at issue there are also not necessarily mutual funds regulated by the Puerto Rico Investment Companies Act instead of the U.S. Investment Company Act of 1940.

Moreover, in that case, the District Court recognized that "[t]here are circumstances, of course, where relief will be awarded in favor of shareholders individually rather than of the corporation" and held that "while a shareholder may sue for violation of a proxy rule,[. . .] he must, like any other plaintiff, have been affected in his own interest by the material omission or misstatement to recover on his own behalf" because "a shareholder has a direct right to attack a corporate transaction which dilutes his proportionate ownership." *Gordon v. Fundamental Investors, Inc.*, 362 F. Supp. at 44-45.

During the Hearing, among other things, Movants requested that the consideration of their claims be moved to the next hearing to permit them to present additional evidence. Said request was not explicitly denied, but in as much as the Court informed an indicative ruling during the hearing, said request was tacitly denied. Together with the other aforementioned procedural issues, Movant's due process was

8

impaired by not allowing Movants to adequately prepare a response to new arguments made by the Debtors two days before the Sept. 11, 2019 Hearing.

Moreover, as the Court cited in the Memorandum Order, this Honorable Court's ruling (the "September 11 Ruling") issued on the record during the September 11, 2019, Omnibus Hearing was memorialized in an order dated November 4, 2019 (Docket Entry No. 9099). Therefore, the Motion to Alter or Amend was filed before the Court entered a separate order and the relief requested by Movants was not subject to the more strict requirements made of party moving for relief under Rule 59(e). In sum, the Court applied to incorrect standard in evaluating the Movant's request for relief.

B. Claim for Personal Injury

Because the definition of a claim is so broad that it encompasses more than just the claim for payment of the bonds that the mutual funds claimed in their proofs of claim, a claim also includes the Movant's claim for the personal injury sustained by them upon the post-petition redemption of the bonds. The Bankruptcy Code's definition of claim is made applicable to cases under PROMESA by Section 301 of PROMESA, which makes certain sections of the Bankruptcy Code applicable to the instant cases. Specifically, Section 301 states that:

> Sections 101 (except as otherwise provided in this section), 102, 104, 105, 106, 107, 108, 112, 333, 344, 347(b), 349, 350(b), 351, 361, 362, 364(c), 364(d), 364(e), 364(f), 365, 366, 501, 502, 503, 504, 506, 507(a)(2), 509, 510, 524(a)(1), 524(a)(2), 544, 545, 546, 547, 548, 549(a), 549(c), 549(d), 550, 551, 552, 553, 555, 556, 557, 559, 560, 561, 562, 902 (except as otherwise provided in this section), 922, 923, 924, 925, 926, 927, 928, 942, 944, 945, 946, 1102, 1103, 1109, 1111(b), 1122, 1123(a)(1), 1123(a)(2), 1123(a)(3), 1123(a)(4), 1123(a)(5), 1123(b), 1123(d), 1124, 1125, 1126(a), 1126(b), 1126(c), 1126(e), 1126(f), 1126(g), 1127(d), 1128, 1129(a)(2), 1129(a)(3), 1129(a)(6), 1129(a)(8), 1129(a)(10), 1129(b)(1), 1129(b)(2)(A), 1129(b)(2)(B), 1142(b), 1143, 1144, 1145, and 1146(a) of Title 11 apply in a case under this subchapter and section 930 of Title 11 applies in a case under this subchapter; however, section 930 shall not

apply in any case during the first 120 days after the date on which such case is commenced under this subchapter.

48 U.S.C.A. § 2161.

Section 101 of the Bankruptcy Code defines a claim as follows:

(5) The term "claim" means--

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C.A. § 101(5).

Section 101 of the Bankruptcy Code defines a creditor as follows:

(10) The term "creditor" means--

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

(B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or

(C) entity that has a community claim.

11 U.S.C.A. § 101(10). Section 101 of the Bankruptcy Code also defines a debt

as "liability on a claim." 11 U.S.C.A. § 101(12).

The only deviation to those definitions in Section 301 of PROMESA is to the

definition of a holder of a claim:

HOLDER OF A CLAIM OR INTEREST.—The term "holder of a claim or interest", when used in section 1126 of title 11, United States Code, made applicable in a case under this title by subsection (a)—

(A) shall exclude any Issuer or Authorized Instrumentality of the Territory Government Issuer (as defined under Title VI of this Act) or a corporation, trust or other legal entity that is controlled by the Issuer or an Authorized Territorial Instrumentality of the Territory Government Issuer, provided that the beneficiaries of such claims, to the extent they are not referenced in this subparagraph, shall not be excluded, and that, for each excluded trust

10

or other legal entity, the court shall, upon the request of any participant or beneficiary of such trust or entity, at any time after the commencement of the case, order the appointment of a separate committee of creditors pursuant to section 1102(a)(2) of title 11, United States Code; and

(B) with reference to Insured Bonds, shall mean the monoline insurer insuring such Insured Bond to the extent such insurer is granted the right to vote Insured Bonds for purposes of directing remedies or consenting to proposed amendments or modifications as provided in the applicable documents pursuant to which such Insured Bond was issued and insured.

48 U.S.C.A. § 2161.

Therefore, the Movants' claims are not limited to a claim for payment of the bonds that the mutual funds claim in their proof of claim and can include, based on the investments they made in the mutual funds that invested in the Debtors' bonds, on the personal injury that they sustained as a result of said investment.

Under Article 1802 of the Puerto Rico Civil Code (31 L.P.R.A. § 5141), any party may be held responsible for the damages caused to another person for their action or inaction. Specifically, Article 1802 states "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." *Id*. Movants have suffered and/or have an imminent risk of suffering damages where the action and/or inaction of the Debtors is the principal cause of Movant's damages.

### C. Movants must be allowed to present New Evidence and/or hold a New Trial

The Debtors' issuance of bonds for which they did not have the ability to pay, concealing and/or misleadingly presenting their financial condition or ability to pay, and/or, negligently or with fault, convincing the general public, including the Movants, that the Commonwealth, its agencies, departments, instrumentalities or public corporations were in good financial condition, had the ability to pay the bonds issued by the Debtors and/or that the bonds issued by the Debtors were sound investments are

11

the proximate cause of Movants' damages and the Debtors can be held liable for the injuries sustained by Movants, whose financial stability has been negatively affected, especially in recent times where they have had the need to liquefy their investments and have been unable to do so because they were unable to sell their investments because of the negative impact in the value of the investments which were a result of the actions and inaction of the Debtors. Additional injuries have arisen and may further arise from Debtors' determinations to provide uneven and inequitable recovery to creditors in detriment to the Movants, i.e. by providing more recovery to more recent investors, that paid less for their bonds and may be realizing a gain, and less recovery to initial or less recent investors, that paid more for their bonds and are realizing a loss or greater loss. Also, inasmuch as the Debtors recover from third parties amounts related to the actions and/or inactions described above, the Movants have a right to recover from the Debtors from the amounts so recovered. Lastly, some of the bonds have been liquidated, resulting in a recent realization of capital losses to Movants. Movants' claims for personal injury, including damages under Article 1802 of the Puerto Rico Civil Code or under any other specific legislation provide the Movants with personal standing to file proof of claim to recover from the Debtors.

After the September 11, 2019 hearing, the Debtors filed a 172 page proposed Plan (Dkt. 8765) and 1,876 page Disclosure Statement (Dkt. 8766). After reviewing most of the 2,000+ pages of the disclosure statement and plan, Movants aver that the disclosure statement and plan provide new evidence in favor of Movants' claims.

For example, between pages 212-246 of the Disclosure Statement (pgs. 223-257 of Dkt. 8766), the Debtors discuss the Independent Investigator Report, where the Independent Investigator identified several potential causes of action with respect to

several bond issuances (regarding potential claims premised on violations of securities law disclosure requirements, potential claims premised on violations of continuing disclosure requirements, potential common law and bankruptcy claims such as unjust enrichment and equitable subordination against some underwriters of some bonds, potential claims stemming from some basis swaps, potential claims for failure to exercise due diligence, lender liability and dual fiduciary duty, potential claims for breach of fiduciary duty and potential claims for aiding and abetting breach of fiduciary duty).

On pgs. 226-227 of the Disclosure Statement (pgs. 237-238 of Dkt. 8766), the Debtors discuss that the Board's investigation suggests that from 2008 through 2014, numerous third-party professionals knowingly participated in bond issuances that may have been unlawful, that deepened the insolvency of the Commonwealth and that resulted in other harm to the Commonwealth and its instrumentalities, including damage to Puerto Rico's credit. There it also states that the Board commenced Adv. Proc, No. 19-00280 against several of said professionals where it expects a minimum recovery of $300 million in fees for services and may also seek to recover billions of dollars unlawfully transferred by Puerto Rico to other parties as a result of their malfeasance.

Also, on pgs. 245-246 of the Disclosure Statement (pgs. 256-257 of Dkt. 8766), the Debtors discuss the public corruption investigations by the Federal Government, most of which are ongoing and could lead to a monetary recovery.

E. <u>Manifest Injustice</u>

The Debtors proposed Title III Plan (Dkt. 8765) and 1,876 page Disclosure Statement (Dkt. 8766) does not provide the Movants with a participation in the potential recovery in Adv. Proc, No. 19-00280. The recovery by the Debtors from said actions,

without a pro rata share of the recovery going to the Movants constitutes a manifest injustice. There is no risk of unwarranted double recovery to the detriment of other stakeholders in the Commonwealth's Title III case in allowing the Movants to recover a pro rata share of the recovery that Debtors may receive from the adversary proceedings mentioned in the previous section. Also, Debtors have not identified other stakeholders in the Commonwealth's Title III case that would be prejudiced in allowing Movants recovery of a pro rata share of the recovery that Debtors may receive from the adversary proceedings mentioned in the previous section.

F. Conclusion

Even if the Court were to sustain its determination that the individual investors are not co-owners and/or that they are not beneficial owners, from the cases cited by the Board, especially, *Gordon*, it is apparent that the individual investors can have standing, but it is a fact-dependent, case by case analysis that cannot be performed on the pleadings alone, and that requires discovery and an evidentiary hearing or trial to establish the existence or non-existence of the personal injury which grants them standing to file their personal proof of claim separate and distinct from the proofs of claim of the mutual funds. Also, the recovery by the Debtors from various actions and adversary proceedings, especially Adv. Proc, No. 19-00280, without a pro rata share of the recovery going to the Movants constitutes a manifest injustice.

Therefore, the Movants request the two orders (Dkt. 9099 and 9121) be vacated with respect to Movants' Claims No. 152470 & No. 152283 and that the Honorable Court allow Movants to supplement their response regarding their personal injury, or in the alternative, hold an evidentiary hearing where the Movants may present evidence regarding their personal injury; or, in the alternative, that the Movants be allowed to

14

amend their proofs of claim to present evidence regarding their personal injury, which would then be subject to any future objection that the Commonwealth may file, if any.

WHEREFORE, the Movants herein, Mr. Diaz Mayoral and Mr. Frau Escudero, respectfully request that this Honorable Court reconsider and vacate the two orders sustaining the *Sixty-Fourth Omnibus Objection* with respect to Movants' Claims No. 152470 & No. 152283 (Dkt. 9099 and 9121) and allow Movants to supplement their response regarding their personal injury; or in the alternative, hold an evidentiary hearing where the Movants may present evidence regarding their personal injury; or, in the alternative, that the Movants be allowed to amend their proofs of claim to present evidence regarding their personal injury, which would then be subject to any future objection that the Commonwealth may file, if any.

CERTIFICATE OF SERVICE: I HEREBY CERTIFY that, on this same date, the foregoing has been filed with the Court's CM/ECF system, which will automatically send an exact copy to all parties so subscribed on this 20th day of November, 2019, including the attorneys for the Financial Oversight and Management Board as representative for the Commonwealth: Hermann D. Bauer and Daniel J. Pérez-Refojos, both of O'neill & Borges, LLC and Martin J. Bienenstock of Proskauer Rose, LLP. It is also certified that all exhibits were sent, on this same date, without redaction, by e-mail, to the aforementioned attorneys for the Financial Oversight and Management Board.

RESPECTFULLY SUBMITTED, in San Juan, PR, this 20th day of November, 2019.

Attorney for
Jorge A. Díaz Mayoral and
Juan A. Frau Escudero

s/Monique J. Díaz Mayoral
Monique J. Díaz Mayoral
USDC-PR No. 225712
diazmayorallaw@gmail.com
P.O. Box 364134
San Juan PR 00936-4134
Tel. 787-552-2000
Fax 1-888-620-2043