## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | Case No. 17 BK 3283-LTS |
| | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | |
| Debtors.[1] | |
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO | |
| as representative of | Case No. 17 BK 4780-LTS |
| PUERTO RICO ELECTRIC POWER AUTHORITY, | |
| Debtor. | |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' SUPPLEMENTAL BRIEF REGARDING STANDING AND TIMING ISSUES IN CONNECTION WITH OBJECTION TO PROOF OF CLAIM NUMBER 18449 FILED BY U.S. BANK NATIONAL ASSOCIATION, IN ITS CAPACITY AS TRUSTEE FOR <u>NON-RECOURSE PREPA BONDS</u>

To the Honorable United States District Court Judge Laura Taylor Swain:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1.      Pursuant to this Court's November 13, 2019 order (the "Order"),[2] the Committee respectfully submits this supplemental brief addressing whether (i) the Committee has standing to object to U.S. Bank's proof of claim without leave of Court and (ii) the Court must hear and adjudicate the Objection notwithstanding the pending 9019 Motion.   As explained below, the Committee has standing to object to U.S. Bank's proof of claim without leave of Court under the plain language of the Bankruptcy Code.[3]  *In re Thompson*, relied on by the Government Parties, restricts creditor standing to object to claims ***only*** when that party's interests are represented by a statutory fiduciary that has filed an objection (such as a chapter 7 trustee).  Because the Government Parties are not, and have no intention of, acting as fiduciaries for PREPA's unsecured creditors, *In re Thompson*'s policy basis for overriding the plain language of section 502(a) of the Bankruptcy Code is inapplicable and there is, and can be, no constraint on the Committee's standing to bring the Objection.

2.      On the second issue, it is not the Committee's position that the January 14 hearing must be adjourned or that the Court cannot take up the 9019 Motion until the Objection is resolved.  The problem is not one of procedure or docket control; the Court can consider the issues in any order it wishes.  The problem is one of substance:  The 9019 Motion seeks to settle the claims raised in the Objection.  However, because the 9019 Motion cannot operate as a vehicle to foreclose the unambiguous statutory rights of other parties-in-interest, the Government Parties do not have a legal basis to settle claim objections filed by the Committee and other

---

[2]     *See* Docket No. 1734 in Case No. 17-4780.  Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order or in the Status Report (as defined in the Order).

[3]     The Order directs the parties to explain only whether the Committee has standing to file its Objection without leave of court; accordingly, the Committee has refrained from explaining, at this time, why, even if required, such leave should be granted under these circumstances.  However, the Committee reserves all rights in this regard, including in response to any arguments or assertions raised by the Government Parties in their supplemental brief.

creditors, including the Fuel Line Lenders and UTIER.[4]

## I.     Committee Has Standing Under Plain and Unambiguous Language of Bankruptcy Code and Under *In re Thompson*

3.      If a statute's language is plain, "the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. United States,* 540 U.S. 526, 534 (2004) (internal references omitted).  Section 502(a) of the Bankruptcy Code provides that a claim is "deemed allowed unless a party in interest . . . objects."  "The language of section 502(a) is clear and unambiguous.  It plainly authorizes a party in interest to object to any claim or interest [and] [n]owhere is this right made subject to any other provision of the Code or to the Trustee's refusal to pursue possible objections to certain claims." *In re Mechanicsburg Fitness, Inc.*, 592 B.R. 798, 807 (Bankr. M.D. Pa. 2018).[5]

4.      Notwithstanding section 502(a)'s unambiguous language, in *In re Thompson*, 965 F.2d 1136, 1147 (1st Cir. 1992), the First Circuit held that "absent leave of court, the chapter 7 trustee alone may interpose objections to proofs of claim."  However, any analysis of *Thompson* makes clear that its ruling was predicated on the First Circuit's holding that a chapter 7 trustee is a fiduciary for all creditors with a specific statutory mandate (imposed by section 704 of the

---

[4]    The Committee notes that in Point II of their comprehensive objection to the 9019 Motion, the Fuel Line Lenders have argued that the 9019 Motion cannot release "Lien Challenges" brought by creditors.  *See Obj. of Cortland Capital Market Services LLC, as Administrative Agent, and Solus to PREPA Bondholder Settlement* [Docket No. 1700 in Case No. 17-4780-LTS].  That issue, therefore, is already squarely before the Court in connection with the January 14 hearing.

[5]    *See also In re Weinstein Co. Holdings, LLC*, 595 B.R. 455, 463-64 (Bankr. D. Del. 2018) (rejecting argument that section 502 does not grant creditors standing to object to claims of other creditors and is, instead, cause of action belonging to the trustee that other creditors may only bring derivatively); *In re QMect, Inc.*, 349 B.R. 620, 625 (Bankr. N.D. Cal. 2006) (a "creditor or creditors' committee has standing independent of the trustee or debtor-in-possession to object to another creditor's claim"); *In re C.P. Hall Co.*, 513 B.R. 540, 543 (Bankr. N.D. Ill. 2014) ("Section 502 governs the allowance of claims and interests and permits any 'party in interest' to object.").  Even courts that have allowed the trustee to settle claim objections brought by other creditors concede that section 502(a) grants those non-settling creditors standing to bring their objections in the first instance.  *See In re Futterman*, No. 17-12899 (MEW), 2019 WL 2553614, at *3 (Bankr. S.D.N.Y. June 20, 2019) (non-settling creditor had standing to assert claim objection "because section 502 of the Bankruptcy Code provides that any 'party in interest' in a bankruptcy case has the right to object to a proof of claim"); *In re DVR, LLC*, 582 B.R. 507, 8 (Bankr. D. Colo. 2018) ("In § 502, Congress gave the broadest possible standing to bring a claim objection to any 'party in interest' . . . .").

2

Bankruptcy Code) to examine and object to claims.  Applied here, *Thompson*'s holding actually refutes the Government Parties' position on standing and requires that, consistent with the plain language of section 502(a), the Committee have standing to file the Objection.

>    a.   *Thompson* Limits Creditor Standing Only Where Creditors Interests Are Protected by a Statutorily Appointed Fiduciary

5.       In holding that a chapter 7 trustee would generally have the exclusive power to object to claims, the *Thompson* court expressed its concern that applying section 502(a) as written would lead to difficulties in the administration of chapter 7 cases.  965 F.2d at 1145.  However, the court did not (and could not) simply ignore the statutory language and the substantive entitlements of other parties in order to increase efficiency.  Rather, the *Thompson* court relied on (i) a chapter 7 trustee's "fiduciary duty" to represent the interests of "all" unsecured creditors, therefore ensuring that their rights would be protected, and (ii) the codification of this fiduciary duty as a statutory duty under section 704(a)(5) of the Bankruptcy Code, which provides that the trustee "shall" object to claims on behalf of creditors.  *Id*. at 1145, 1147.  Further demonstrating that its restriction on standing applies only where there is a fiduciary acting on behalf of a would-be objecting creditor, the *Thompson* court recognized two circumstances in which its restriction would not apply:  First, if a creditor shows that the trustee had not performed its fiduciary (and statutory) duty and, second, secured creditors whose interests are not represented by the chapter 7 trustee could file their own objections without first looking to the trustee.  *Id.*

6.       The First Circuit left no doubt in *Thompson* that the chapter 7 trustee's status as a fiduciary charged with protecting the interests of all unsecured creditors was essential to its analysis.  While noting its concerns about "efficiency," the court explained that "[t]he ***most important qualification attached to the right of a creditor to object is that it is the trustee who***

*acts as the spokesman for all the creditors in discharge of the trustee's duty*. . . ."  *Id.* at 1147

(emphasis added) (internal references omitted).  The court explained further that "the chapter 7

trustee is charged with the fiduciary duty to administer the chapter 7 estate expeditiously in the

best interests of the estate" and, as such, is the "duly appointed or elected representative of ***all***

unsecured creditors."  965 F.2d at 1145 (emphasis in original).  It is only because of this role of

the trustee that the "important policy favoring efficient bankruptcy administration normally will

warrant judicial recognition that the chapter 7 trustee" is best positioned to determine what

claims objection to bring.  *Id.*[6]

       7.     Moreover, each of the cases cited by *Thompson* in support of its holding also

relies on the trustee's duty to protect the interests of all unsecured creditors.[7]  Indeed, one of

those cases explicitly held that while there may be grounds to ignore the plain language of

section 502(a) if a trustee has been appointed to represent the "interests of all creditors," there is

no basis to do so where the "law does not impose a duty on the debtor-in-possession to act in the

best interest of all general creditors" and that, in such a circumstance, "the Court will not

disregard the plain language of § 502(a) and limit the right of general creditors to object to the

---

[6]    Other parts of the *Thompson* decision similarly make clear the importance that court placed on the bankruptcy trustee acting as a fiduciary for the benefit of all creditors.  *See* 965 F.2d at 1143 (discussing "presumption of adequacy that attaches to representation undertaken ***in the performance of a fiduciary duty***") (emphasis added).

[7]    *See In re Dominelli*, 820 F.2d 313, 317 (9th Cir. 1987) ("The trustee, as representative of the estate, normally can represent each general creditor as effectively as could the creditor itself."); *In re Charter Co.*, 68 B.R. 225, 227 (Bankr. M.D. Fla. 1986) ("Most courts, however, have limited the right of a general creditor to object to the claim of another creditor in certain instances in order to promote a more orderly administration of the estate, *i.e.*, in cases where a trustee has been appointed to represent the interests of all general creditors."); *In re Fox*, 64 B.R. 148, 152 (Bankr. N.D. Ohio 1986) (trustee is "representative of all the creditors," and holding that it would be "unnecessary and illogical to require" the objecting party "to have requested the trustee to act in his behalf" when "[t]he trustee's and [the party's] interests are clearly not aligned"); *In re Mobile Air Drilling Co.*, 53 B.R 605, 609 (Bankr. N.D. Ohio 1985) (citing two cases for general rule, each of which rely on trustee's representation of creditors); *In re Parker Montana Co.*, 47 B.R. 419, 421 (Bankr. D. Mont. 1985) ("trustee in bankruptcy is ostensibly the representative of the creditors"); *see also Fred Reuping Leather Co.* v. *Fort Greene Nat. Bank of Brooklyn*, 102 F.2d 372, 373 (3d Cir. 1939) ("trustee represents all the creditors and may therefore be relied upon to press all proper objections to the claims whose standing is questionable" (cited in *Parker Montana*).

allowance of a proof of claim." *In re Charter Co.*, 68 at 228.[8]

8.      Notwithstanding the clear language of *Thompson* (and the cases that cite to it), the

Oversight Board has argued that the *Thompson* court disregarded the clear language of section

502(a) not based on the trustee's fiduciary and statutory duty, but rather solely for administrative

convenience.[9]   Any reading of *Thompson*, and the other cases cited herein, demonstrate that this

argument is mistaken.  Rather, *Thompson*'s restriction on standing is expressly predicated on a

chapter 7 trustee's fiduciary and statutory role—a role inapplicable to the Government Parties.

      b.   <u>Committee Is the Only Entity Charged With, or Attempting to, Protect Interests of
Unsecured Creditors</u>

9.      A chapter 7 trustee's fiduciary duties to creditors derive from section 704 of the

Bankruptcy Code and the cases interpreting it.  *See CFTC* v. *Weintraub*, 471 U.S. 343, 352

(1985) (citing section 704).  Section 704 is made applicable to chapter 11 cases through sections

1106 and 1107, which the First Circuit has described as imposing "the trustee's fiduciary duties"

---

[8]     Courts discussing *Thompson* have similarly "emphasize[d] that the trustee, who is charged with the ***fiduciary duty*** to administer the estate expeditiously in the best interests of *all* creditors, is better suited than an individual creditor to judge whether to pursue a claim objection."  *In re DVR, LLC*, 582 B.R. at 520 (emphasis added); *In re Trusted Net Media Holdings, LLC*, 334 B.R. 470, 476–77 (Bankr. N.D. Ga. 2005) ("Because the Trustee is properly discharging his duty, the Huffmans lack standing to file motions for summary judgment and to participate in the prosecution of the Trustee's objections.").  Additionally, because section 502(a) applies to all "parties in interest," caselaw discussing a committee's or an individual creditor's standing to assert causes of action granted to "the trustee" (such as certain avoidance actions) is not directly applicable.  It is instructive, however, that even in those cases (where there is no express statutory grant of standing) courts that limit committee standing do so in reliance on the trustee's fiduciary obligations.  Accordingly, the First Circuit has explained that creditors have a "responsibility of looking to the Trustee *in the first instance **as their fiduciary and representative to vindicate their interests**.*"  *In re Medomak Canning*, 922 F.2d 895, 902 (1st Cir. 1990) (emphasis added).  The Second Circuit has similarly explained that a committee's right to bring claims belonging to a debtor-in-possession is limited because the "debtor in possession has an ***obligation to pursue all actions that are in the best interests of creditors*** and the estate," which gives it a "close identity of interests" with the committee.  *In re Commodore Int'l Ltd.*, 262 F.3d 96, 99 (2d Cir. 2001) (emphasis added).

[9]     *See Mem. of Law of PREPA, AAFAF, and the Oversight Board in Support of Mot. Pursuant to Fed. R. Civ. P. 12(b)(6) to Dismiss Counts I, II, III, IV, VI, and VII of Plaintiffs' Amended Compl. with Prejudice, Cortland Capital Market Servs. LLC v Fin. Oversight & Mgmt. Bd. for P.R.*, Adv. Proc. 19-396-LTS, (D.P.R. Nov. 12, 2019) [Docket No. 54].  Indeed, in making this argument the Oversight Board cites *Thompson*'s language about the need for efficient administration—and conveniently omits the ***very next sentence***, which is *Thompson*'s explanation that trustee's role as spokesman for all creditors is the "most important qualification" on restricting standing.

on a debtor in possession.  *Braunstein* v. *McCabe*, 571 F.3d 108, 124 (1st Cir. 2009).[10]  As a

fiduciary for creditors, a bankruptcy trustee "must display throughout the administration of the

case ***complete loyalty to the interests of the creditors***."  *In re Big Rivers Elec. Corp.*, 355 F.3d

415, 434 (6th Cir. 2004) (emphasis added); *see also* 7 *Collier on Bankruptcy* ¶ 1108.09[1] (16th

ed.) ("[A] chapter 11 trustee . . . owes single-minded devotion to the interests of those on whose

behalf the trustee acts.").

10.     Bankruptcy Code sections 704, 1106, and 1107 are not incorporated into chapter 9

of the Bankruptcy Code or into PROMESA.  Accordingly, like a chapter 9 debtor, the Oversight

Board "does not assume the same fiduciary responsibilities that a trustee has under the Code,"

because section "1107(a), which affords the debtor-in-possession with all the rights [and]

responsibilities of a trustee, is not incorporated into chapter 9, nor is section 704."  *In re Cty. of*

*Orange*, 219 B.R. 543, 557 (Bankr. C.D. Cal. 1997).  This Court—based on PROMESA's

exclusion of sections 1104 and 1107 of the Bankruptcy Code—has likewise held that the

Oversight Board does not have the "full range of authority of a chapter 11 debtor in

possession."[11]

11.     More importantly, the Court need not determine the exact nature of the

Government Parties' duties to unsecured creditors, and how they compare to those of a chapter 7

or chapter 11 trustee.  The Oversight Board has stated that it is not a fiduciary for the debtor, let

alone for all creditors.[12]  The Commonwealth, through AAFAF, has similarly taken the position

that neither AAFAF nor the directors of the Commonwealth's instrumentalities "have fiduciary

---

[10]   *See also Weintraub*, 471 U.S. at 355 (chapter 11 debtor in possession has "essentially the same fiduciary obligation" as trustee).

[11]   *See Op. & Order Denying Urgent Mot. of FOMB to Confirm Appointment of a Chief Transformation Officer*, at 17 [Docket No. 471 in Case No. 17-4780].

[12]   *See Mot. of the Fin. Oversight & Mgmt. Bd. for P.R. to Dismiss Plaintiffs' First Amended Adversary Compl. Pursuant to Fed R. Civ. P. 12(B)(1) and 12(B)(6)*, at 30 n.15, *Pinto Lugo v. United States*, Adv Proc. No. 18-041-LTS (D.P.R. Aug. 23, 2018) [Docket No. 36].

duties to creditors."[13]  Consistent with this, the positions the Government Parties have taken in

PREPA's Title III case confirm that the Government Parties main goals in pursuing a settlement

with bondholders were not the best interests of PREPA's unsecured creditors.[14]  Because the

Government Parties are not, and have no intention of, acting as fiduciaries for all of PREPA's

creditors, *Thompson* compels the conclusion that the Committee has standing to pursue the

Objection, as there is no basis to depart from the plain language of section 502(a) and to require

the Committee to seek leave to file its Objection.[15]

## II.   Plain and Unambiguous Language of Bankruptcy Code Prohibits Government Parties from Compromising Committee's Objection

12.     The Government Parties have submitted a proposed order granting their 9019

Motion that, if approved, would moot the Objection.[16]  Although the Court is of course free to

consider the 9019 Motion on January 14, the law compels the conclusion that until the Objection

is resolved, the 9019 Motion, to the extent it moots the Objection, cannot be granted.  As

discussed above, under the plain language of the Bankruptcy Code, any party-in-interest

---

[13]   *See AAFAF's Informative Mot. on Behalf of the Debtor Entities Regarding Governance & Conflict-of-Interest Issues,* ¶ 6 [Docket No. 451 in Case No. 17-3283].

[14]   The Government Parties heavily rely on *In re Chicago Invs., LLC,* 470 B.R. 32, 91 (Bankr. D. Mass. 2012), a chapter 11 case in which the court did not allow an individual creditor to proceed with a claim objection where the debtor had filed, and then sought to settle through a plan, an identical claim objection.  *See* Docket No. 54 in Adv. Proc. No. 19-396-LTS, at 38.  In *Chicago Investments,* however, the court's ultimate ruling was based on its determination that there was no concern of a conflict between the interests of the debtor and its creditors because the creditors were "already receiving more than they could hope for—payment in full with interest." 470 B.R. at 92.  Suffice it to say that the Committee will withdraw its Objection, as well as its objection to the 9019 Motion, if all general unsecured creditors receive payment in full with interest.

[15]   Additionally, PROMESA differs further from chapter 7 and *Thompson* in that PROMESA incorporates section 1109(b) of the Bankruptcy Code, which gives parties in interest (such as the Committee) the right to appear and be heard "on any issue" in a chapter 11 case.  As the First Circuit explained in these Title III cases, *Thompson* arose in a "chapter 7 bankruptcy and, accordingly, § 1109(b) was inapplicable on its face."  *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico for Puerto Rico,* 872 F.3d 57, 61 (1st Cir. 2017).  Furthermore, interpreting section 1109, the First Circuit rejected a policy-based argument to limit the statute's plain, and unconditional, meaning based on "courts' general hesitation to find unconditional statutory rights of intervention."  *Id.* at 62 (internal references omitted).  Instead, the First Circuit embraced the plain, and broad, language of section 1109(b) and held that the rights it grants the Committee are absolute.  *Id.*  And in *In re Weinstein Co. Holdings, LLC,* 595 B.R. at 463, the court explained that those same absolute rights under section 1109(b) grant a creditor standing to object to claims.  In sum, *Thompson* is based on a policy and on a section of the Bankruptcy Code that simply do not apply to PROMESA and the Committee's Objection.

[16]   *See Suppl. Joint Status Rep.* ¶ 11 [Docket No. 1361-1 in Case No. 17-4780].

7

(including a committee or an individual creditor) that has standing under section 502(a) to object to claims "has a right to receive a ruling from the court on his objection notwithstanding [a] proposed settlement." *In re C.P. Hall Co.*, 513 B.R. 540, 544 (Bankr. N.D. Ill. 2014).  This is because "[s]ection 502(b)(1) declares that when a party in interest objects to a claim, the court ***shall*** determine the amount of such claim." *Id.* (internal quotations omitted) (emphasis in original).  "The court's obligation to rule on a claim objection is mandatory, and the creditor's right to a ruling is also unqualified.  Nothing in the [Bankruptcy] Code subordinates that right to the trustee's duty to administer the estate, let alone his agreement with a creditor that the creditor's claim will be allowed." *Id.*  Similarly, in *In re CS Mining, LLC*, 574 B.R. 259, 282 (Bankr. D. Utah 2017), the court adopted the holding of *C.P. Hall*, explaining that "concluding otherwise would strip creditors of their claim objection rights under the clear language of the Code."  Accordingly, these courts require bankruptcy courts "to resolve claim objections before approving a settlement." *CS Mining*, 574 B.R. at 281.

13.     In allowing a trustee or debtor-in-possession to settle creditor claim objections, some courts have pointed to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019"), which allows the court to approve settlements upon motion of the trustee,[17] and have held that section 502(b) and Rule 9019 can be "harmonized" because the "notice and hearing" requirement of Rule 9019 gives objecting creditors a right to object to the proposed settlement. *See In re Heritage Org., L.L.C.*, 375 B.R. 230, 285 (Bankr. N.D. Tex. 2007) (citing *In re Kaiser Aluminum Corp.*, 339 B.R. 91, 96 (D. Del. 2006)); *see also In re DVR, LLC*, 582 B.R. at 521 ("The creditor will continue to have a voice in the claim allowance process through his ability to lodge an objection to the settlement.").

14.     As other courts have persuasively explained, however, section 502(b) entitles

---

[17]     As opposed to an official committee or individual creditors.

8

objecting creditors to a judicial determination on the **merits** of their claim; because consideration

of a proposed compromise under Rule 9019 is, by definition, not a determination on the merits,

the right to object to a proposed settlement under Rule 9019 can never satisfy a creditor's

statutory rights under section 502(b).  *CS Mining*, 574 B.R. at 282; *see also C.P. Hall Co.*, 513

B.R. at 545–46 ("a hearing under Rule 9019 would provide no solace to the objecting creditor").

15.    Moreover, Rule 9019 is just that—a rule.  As the Second Circuit explained in the

context of section 1109(b), "forsaking the plain meaning of a provision of the Bankruptcy Code

solely because that meaning conflicts with a bankruptcy rule would run afoul of 28 U.S.C. §

2075."[18]  *In re Caldor Corp.*, 303 F.3d 161, 170-71 (2d. Cir. 2002).[19]  This same flaw defeats the

argument that requiring a court to rule on the merits of a claim objection prior to considering a

proposed settlement would undermine the bankruptcy policy of favoring compromises, *In re*

*Kaiser Aluminum Corp.*, 339 B.R. 91, 94 (D. Del. 2006):  However important this policy, it

cannot simply eliminate rights given to creditors by the plain and unambiguous language of the

Bankruptcy Code.  *C.P. Hall Co.*, 513 B.R. at 545.[20]

16.    Under PROMESA, however, the Court need not choose among those competing

authorities.  As explained above, the Government Parties are not, and have no intention of, acting

as a fiduciary for all creditors and they have, therefore, no legal basis to prevent the

---

[18]    28 U.S.C. § 2075 provides, in relevant part, that "[t]he Supreme Court shall have the power to prescribe by
general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under
title 11.  Such rules shall not abridge, enlarge, or modify any substantive right."

[19]    *See also In re Stoecker*, 179 F.3d 546, 552 (7th Cir. 1999) (subsequent history omitted) ("in a conflict between
the Code and the rules, the Code controls").

[20]    To be clear, preventing a debtor and an affected creditor from settling a claim objection brought by an official
committee does not undermine the bankruptcy policy of favoring compromises.  To the contrary, such a rule
would promote true compromises and settlement, as it would force the debtor and the affected creditor to
engage with the objecting parties.  This is especially important where, as here, the third party is the official
committee, as in addition to promoting the policy of settlement, it also promotes the bankruptcy policy that the
"function of the creditors' committee is to act as a watchdog on behalf of the larger body of creditors which it
represents." *In re AKF Foods, Inc.*, 36 B.R. 288, 289 (Bankr. E.D.N.Y. 1984).  Indeed, because the
Government Parties have disavowed any fiduciary obligation to general unsecured creditors, the Committee is
the **only** statutory fiduciary for such creditors.

Committee—the only statutory fiduciary—from pursuing objections.  In fact, the decisions permitting a trustee to settle creditors' objections have expressly relied on the fact that "the debtor, *as a fiduciary under the Code*, *has the duty to all creditors* to resolve claims in the best interest of the estate."  *In re Heritage Org., L.L.C.*, 375 B.R. 230, 285 (Bankr. N.D. Tex. 2007) (quoting *In re Kaiser Aluminum*, 339 B.R. at 94-95) (emphasis added); *cf. In re DVR*, 582 B.R. at 516, 521 (the "trustee owes his fiduciary obligations to a diverse group of parties in interest, including creditors (both secured and unsecured), the debtor, and equity holders").

17.     The courts that have allowed a trustee to settle the objections of individual creditors have also emphasized another point that does not apply to the Committee: there is a need to disregard the plain language of section 502(b) because an individual creditor that "owes no duty, fiduciary or otherwise, to the any [*sic*] other party involved in the bankruptcy case" should not be permitted to hold the "estate hostage" to advance its own "self-interests."  *In re DVR*, 582 B.R. at 522; *see generally In re Thompson*, 965 F.2d at 1146 (individual claimant's "purpose is inapposite to the duty imposed on a chapter 7 trustee under the Code, since it is not so much the interests of the chapter 7 estate, as it is their self-interest" that they seek to advance); *In re Magnesium Corp. of Am.*, 583 B.R. 637, 655 (Bankr. S.D.N.Y. 2018) (denying standing because "Bankruptcy Code is designed to maximize the estate for the benefit of all general creditors; it is not designed to enable a lone creditor to act solely in his own self-interest").

18.     Of course, this concern is inapplicable to the Committee (and its Objection) because the Committee acts on behalf of *all* of PREPA's unsecured creditors.  Indeed, as discussed above, it is the only entity in PREPA's Title III case that does so.

10

Dated:   November 21, 2019

<div style="margin-left: 50%;">

**PAUL HASTINGS LLP**

By:  _/s/ Luc A. Despins_

Luc. A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel to the Official Committee of
Unsecured Creditors*

By:  _/s/ Juan J. Casillas Ayala_

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR
218312)
Israel Fernández Rodríguez, Esq. (USDC - PR
225004)
Juan C. Nieves González, Esq. (USDC - PR
231707)
Cristina B. Fernández Niggemann, Esq.
(USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-
3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of
Unsecured Creditors*

</div>

11