## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, *et al.*, <br><br> Debtors.[1] | PROMESA <br> Title III <br><br> No. 17 BK 3283-LTS <br><br> (Jointly Administered) |
| IN RE: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, <br><br> Debtor. | PROMESA <br> Title III <br><br> No. 17 BK 3566-LTS <br><br> (Jointly Administered) |

**JOINDER OF THE BANK OF NEW YORK MELLON, AS FISCAL AGENT, IN ERS BONDHOLDERS' MOTIONS FOR ALLOWANCE OF <u>ADMINISTRATIVE EXPENSE CLAIMS</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

  The Bank of New York Mellon ("BNYM" or the "Fiscal Agent"), as fiscal agent for certain pension funding bonds (the "Bonds") issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), through its undersigned counsel, hereby joins in the *ERS Bondholders' Motion and Request for Allowance and Payment of Post-Petition and Administrative Expense Claims* [No. 17-BK-3566-LTS, Doc. No. 707] and *The ERS Bondholders' Motion and Request for Allowance and Payment of Post-Petition and Administrative Expense Claims* [No. 17-BK-3566-LTS, Doc. No. 710] (together, the "Administrative Expense Motions"), each filed contemporaneously herewith, and requests the allowance of administrative claims of the Fiscal Agent against ERS and the Commonwealth of Puerto Rico (the "Commonwealth" and, together with ERS, the "Debtors") pursuant to sections 503(b) and 922(c) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), made applicable to this proceeding by section 2161(a) of title 48 of the United States Code, 48 U.S.C. § 2101 *et seq.* ("PROMESA"), and in support hereof, respectfully states as follows:

## SUPPLEMENTAL BACKGROUND

  1. BNYM serves as fiscal agent under the Pension Funding Bond Resolution (as supplemented, the "Resolution"), adopted by ERS on January 24, 2008, pursuant to which ERS issued three series of Bonds in the aggregate original principal amount of approximately $2.9 billion.[2]  The Resolution constitutes a contract among ERS, the Bondowners, and the Fiscal Agent.  See Resolution §§ 102, 801.

---

[2] Capitalized terms used but not defined in this Motion have the meanings given in the Resolution.

      2.      The Resolution requires ERS to collect and remit the Employers' Contributions to the Fiscal Agent for payment of the Bonds. See Resolution § 701; see also id. §§ 704, 709.

      3.      To secure payment of the Bonds, ERS granted the Fiscal Agent, for the benefit of the Fiscal Agent and the Bondowners, a security interest in and lien on certain Pledged Property. See id. § 501.

      4.      On May 21, 2017 (the "Petition Date"), the Financial Oversight and Management Board for Puerto Rico filed a petition for relief on behalf of ERS under title III of PROMESA.

      5.      As of the Petition Date, the aggregate principal maturity value of the outstanding Bonds was $3,841,110,000.00, with accrued, unpaid interest due thereon of $9,251,055.00.

      6.      In June 2017, July 2018, and June 2019, the Fiscal Agent joined in motions for relief from the automatic stay filed by certain holders of beneficial interests in the Bonds and requested that, to the extent the Court granted those motions, the relief should be granted to the Fiscal Agent, as the holder of liens and security interests, for the benefit of itself, the movants, and all other Bondowners and Beneficiaries. See No. 17-BK-3566-LTS, Doc. Nos. 89, 295, 573.

      7.      On May 24, 2018, the Fiscal Agent filed a master proof of claim against ERS on behalf of itself and all Bondowners for all obligations arising under the Resolution, the Bonds, and related documents. See Claim No. 16777. The master proof of claim includes any and all claims, rights, and/or remedies the Fiscal Agent may have arising at law or in equity based upon or relating to the Resolution and/or the Bonds, including, but not limited to the

claims asserted against ERS in Altair Global Credit Opportunities Fund (A), LLC, *et al.* v. The Commonwealth of Puerto Rico, *et al.*, Adv. Pro. Nos. 17-219-LTS (D.P.R.) and 17-220 (D.P.R.) (the "Altair Adversary Proceeding"), and any other claims for breach of contract, specific performance, indemnification, contribution, rescission, fraud, fraudulent inducement, fraudulent conveyance, misrepresentation, alter ego, reimbursement, and subrogation related to, or arising from or on account of any and all past, present, or future litigations, actions, or transactions by, among, or involving the Fiscal Agent, the Bondowners, or ERS. Id. The Fiscal Agent asserted that any such claims arising after the commencement of the ERS's title III case are entitled to administrative priority. Id.

8. On May 24, 2018, the Fiscal Agent also filed a master proof of claim against the Commonwealth on behalf of itself and all Bondowners on account of any and all claims, causes of action, rights, or remedies that the Fiscal Agent or the Bondowners may have arising at law or in equity based upon or relating to the Resolution, the Bonds, or the Pledged Property, including, without limitation, violations of the United States Constitution and of the Puerto Rico Constitution, violations of PROMESA, including, without limitation, section 407 thereof, tortious interference with contract, conversion, fraud, fraudulent inducement, fraudulent conveyance, misrepresentation, unjust enrichment, equitable or constructive trust, equitable subordination, indemnification, reimbursement, or contribution, that have been or may be asserted in present or future litigations by, among, or involving the Fiscal Agent, any Bondowners, ERS, or the Commonwealth, including, without limitation the Altair Adversary Proceeding. See Claim No. 16775. The Fiscal Agent asserted that any such claims arising after the commencement of the Commonwealth's title III case are entitled to administrative priority, and any claims for damages and/or just compensation for violations of the Fifth and Fourteenth

Amendments to the United States Constitution and Article II of the Puerto Rico Constitution are non-dischargeable. Id.

9. On October 7, 2019, the Court entered the *Order Establishing Procedures with Respect to (I) Objections of Official Committee of Unsecured Creditors and Official Committee of Retired Employees, Pursuant to Bankruptcy Code Sections 502 and Bankruptcy Rule 3007, to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Commonwealth of Puerto Rico, (II) Count One of Certain Complaints Alleging That Such Bonds Were Issued Ultra Vires and (III) Establishing Claim Objection Deadline for Certain ERS Bond Claims*. No. 17-BK-3283-LTS, Doc. No. 8818. The initial procedures established by the Court set November 21, 2019, as the deadline for certain beneficial owners of the Bonds and the Fiscal Agent "to assert a postpetition claim (including a request for an administrative expense) against the ERS and/or the Commonwealth [of Puerto Rico] . . . on account of or related to the ERS Bonds." Id. Ex. 2, ¶ 7.

### JOINDER IN ADMINISTRATIVE EXPENSE MOTIONS AND REQUEST FOR ADMINISTRATIVE EXPENSE CLAIMS

10. As described more fully in the Administrative Expense Motions, the Debtors have taken certain post-petition actions that seek to deprive, or that have the effect of depriving, the Fiscal Agent and the Bondowners of the benefit of their bargain with ERS, including, without limitation, the enactment of (i) the Joint Resolution for Other Allocations for Fiscal Year 2017-2018, Joint Resolution 188, adopted on June 30, 2017, requiring ERS to liquidate its assets for distribution to the Commonwealth and directing participating employers to make future employer contributions to the Commonwealth, rather than to ERS, and (ii) the Law to Guarantee Payment to Our Pensioners and Establish a New Plan for Defined Contributions for Public Servants, Act 106-2017, adopted on August 23, 2017, which supplemented Joint

Resolution 188 by establishing mechanisms by which the Commonwealth will pay all of the benefits due to employees each year.

11. The Debtors' actions described in the Administrative Expense Motions have resulted in a series of post-petition claims of the Fiscal Agent, for itself and on behalf of all Bondowners and Beneficiaries, that are entitled to administrative expense priority under sections 503(b) and 922(c) of the Bankruptcy Code.

12. In support of its administrative expense claims against the Debtors, the Fiscal Agent hereby joins the Administrative Expense Motions and incorporates by reference the factual and legal arguments made by the movants as if fully set forth herein. To the extent that the Court grants the Administrative Expense Motions, the relief should be granted to the Fiscal Agent, for the benefit of itself, the individual movants, and all other Bondowners and Beneficiaries. Any recovery on account of its administrative expense claims would be distributed by the Fiscal Agent in accordance with the Resolution.

## **RESERVATION OF RIGHTS**

13. The Fiscal Agent does not waive, and expressly reserves, all rights, claims, counterclaims, defenses, and remedies at law or in equity that it has or may have against the Debtors and/or any other person or entity. The Fiscal Agent reserves the right to assert additional administrative expenses and claims against the Debtors of any nature for any other amounts, and to amend, modify, and/or supplement this Motion.

WHEREFORE, the Fiscal Agent respectfully requests that this Court enter an order allowing its administrative expense claims in an amount to be determined and granting such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: November 21, 2019<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>SEPULVADO, MALDONADO & COURET<br><br>By: */s/ Albéniz Couret-Fuentes*<br>Elaine Maldonado-Matías<br>USDC-PR Bar No. 217309<br>Albéniz Couret-Fuentes<br>USDC-PR Bar No. 222207<br>304 Ponce de León Ave. – Suite 990<br>San Juan, PR 00918<br>Telephone: (787) 765-5656<br>Facsimile: (787) 294-0073<br>Email: emaldonado@smclawpr.com<br>Email: acouret@smclawpr.com<br><br>REED SMITH LLP<br><br>By: */s/ Eric A. Schaffer*<br>Eric A. Schaffer (*pro hac vice*)<br>Luke A. Sizemore (*pro hac vice*)<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222<br>Telephone: (412) 288-3131<br>Facsimile: (412) 288-3063<br>Email: eschaffer@reedsmith.com<br>Email: lsizemore@reedsmith.com<br><br>C. Neil Gray (*pro hac vice*)<br>599 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 521-5400<br>Facsimile: (212) 521-5450<br>Email: cgray@reedsmith.com<br><br>*Counsel to The Bank of New York Mellon,*<br>*as fiscal agent* |