# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>        Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3566-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to ERS only** |

### MOTION OF THE BANK OF NEW YORK MELLON, AS FISCAL AGENT, FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the  Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID:  3801).

The Bank of New York Mellon (the "Fiscal Agent"), as fiscal agent for certain pension funding bonds (the "Bonds") issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), through its undersigned counsel, hereby moves (the "Motion") the Court for allowance of an administrative claim against ERS pursuant to section 503 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), made applicable to this proceeding by section 2161(a) of title 48 of the United States Code, 48 U.S.C. § 2101 *et seq.* ("PROMESA"), and in support hereof, respectfully states as follows:

## PRELIMINARY STATEMENT

1.      The Fiscal Agent has incurred and will continue to incur fees, expenses, and disbursements, including professional fees, expenses, and disbursements, from time to time in and about the performance of its powers and duties under the Resolution (as defined herein). ERS is responsible for payment of such fees and expenses under the terms of the Resolution.

2.      On October 7, 2019, the Court entered an order establishing initial procedures in connection with certain ERS-related claims objections and adversary proceedings. See No. 17-BK-3283-LTS, Doc. No. 8818.  The initial procedures established November 21, 2019, as the deadline for the Fiscal Agent to assert any postpetition claim (including a request for an administrative expense) against ERS on account of or related to the Bonds.  Id. Ex. 2, ¶ 7.

3.      In accordance with the initial procedures, the Fiscal Agent files this Motion to preserve its right to assert, at the appropriate time and only if necessary, that payment of its fees and expenses is entitled to administrative priority under section 503 of the Bankruptcy Code.

4.     The Fiscal Agent understands that the initial *Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico* contemplates payment of the Fiscal Agent's fees and expenses consistent with the Resolution.  <u>See</u> No. 17-BK-3283-LTS, Doc. No. 8765.  If future iterations of any other applicable plan similarly provide for payment of the Fiscal Agent's reasonable fees and expenses in full, consistent with the Resolution, a hearing on this Motion may be unnecessary.  Accordingly, the Fiscal Agent is not setting an objection deadline or noticing this Motion for a hearing presently, but reserves its right to do so if and when it becomes appropriate.

## **<u>FACTUAL BACKGROUND</u>**

5.     BNYM serves as fiscal agent under the Pension Funding Bond Resolution (as supplemented, the "<u>Resolution</u>"), adopted by ERS on January 24, 2008, pursuant to which ERS issued three series of Bonds in the aggregate original principal amount of approximately $2.9 billion.[2]  The Resolution constitutes a contract among ERS, the Bondowners, and the Fiscal Agent.  <u>See</u> Resolution §§ 102, 801.

6.     The Resolution requires ERS to collect and remit the Employers' Contributions to the Fiscal Agent for payment of the Bonds.  <u>See</u> Resolution § 701; <u>see also</u> <u>id.</u> §§ 704, 709.  To secure payment of the Bonds, ERS granted the Fiscal Agent, for the benefit of the Fiscal Agent and the Bondowners, a security interest in and lien on certain pledged property. <u>See</u> <u>id.</u> § 501.

7.     ERS is required to pay to the Fiscal Agent from time to time reasonable compensation for all services rendered under the Resolution and all reasonable expenses, charges, counsel fees, and other disbursements incurred in and about the performance of its

---

[2]  Capitalized terms used but not defined in this Motion have the meanings given in the Resolution.

powers and duties under the Resolution.  Resolution § 804.  ERS is required to indemnify and save the Fiscal Agent harmless against any loss, liability, or expenses, arising out of or in connection with the acceptance or administration of the trust or trusts under the Resolution.  Id. ERS's obligations to the Fiscal Agent for indemnification and payment of the Fiscal Agent's fees and expenses are secured by a lien prior to that of the Bondowners and other Beneficiaries on any and all funds at any time held by the Fiscal Agent under the Resolution.  Id.

8.     On May 21, 2017 (the "Petition Date"), the Financial Oversight and Management Board for Puerto Rico filed a petition for relief on behalf of ERS under title III of PROMESA.

9.     On May 24, 2018, the Fiscal Agent filed a bond debt master proof of claim against ERS on behalf of itself and all Bondowners for all obligations arising under the Resolution, the Bonds, and related documents, including the Fiscal Agent's fees and expenses. See Claim No. 16777.

10.     On October 7, 2019, the Court entered the *Order Establishing Procedures with Respect to (I) Objections of Official Committee of Unsecured Creditors and Official Committee of Retired Employees, Pursuant to Bankruptcy Code Sections 502 and Bankruptcy Rule 3007, to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Commonwealth of Puerto Rico, (II) Count One of Certain Complaints Alleging That Such Bonds Were Issued Ultra Vires and (III) Establishing Claim Objection Deadline for Certain ERS Bond Claims.*  No. 17-BK-3283-LTS, Doc. No. 8818.  The initial procedures established by the Court set November 21, 2019, as the deadline for certain beneficial owners of the Bonds and the Fiscal Agent "to assert a postpetition claim (including a request for an

administrative expense) against the ERS and/or the Commonwealth [of Puerto Rico] . . . on

account of or related to the ERS Bonds."  Id. Ex. 2, ¶ 7.

## **REQUEST FOR ADMINISTRATIVE EXPENSE CLAIM**

11.     The Fiscal Agent files this Motion to preserve its right to assert an

administrative claim under section 503 of the Bankruptcy Code.  Such administrative expense

claim may include all amounts due and becoming due to the Fiscal Agent for services rendered

under the Resolution after the Petition Date, reimbursement of all reasonable expenses,

disbursements, and advances made or incurred after the Petition Date by the Fiscal Agent, its

agents, and employees in connection with the Fiscal Agent's powers and duties under the

Resolution, indemnification, and all other amounts due or becoming due to the Fiscal Agent after

the Petition Date.

## **RESERVATION OF RIGHTS**

12.     The Fiscal Agent reserves all of its rights to:  (a) request the allowance and

payment of additional postpetition claims, including administrative expense claims, as may be

permitted by the initial procedures; (b) amend or supplement this Motion as necessary to assert a

liquidated claim for all postpetition amounts due and owing under the Resolution; and (c) raise

additional arguments in any amendment or supplement or at any hearing to be held on this

Motion.  Additionally, the Fiscal Agent reserves any and all rights and remedies that may now or

hereafter be available under the Resolution or otherwise at law or in equity, including, without

limitation, any rights of setoff or recoupment that it may have against ERS, and this Motion does

not prejudice, waive, modify, or relinquish any such rights, remedies, claims, and actions,

regardless of whether any such rights, remedies, claims, or actions are referred to in this Motion.

WHEREFORE, the Fiscal Agent respectfully requests that this Court enter an order allowing its administrative expense claim in an amount to be determined and granting such other and further relief as may be just and proper.

Dated:  November 21, 2019
      San Juan, Puerto Rico

Respectfully submitted,

SEPULVADO, MALDONADO & COURET

By: */s/ Albéniz Couret-Fuentes*
Elaine Maldonado-Matías
USDC-PR Bar No. 217309
Albéniz Couret-Fuentes
USDC-PR Bar No. 222207
304 Ponce de León Ave. – Suite 990
San Juan, PR 00918
Telephone: (787) 765-5656
Facsimile:  (787) 294-0073
Email: emaldonado@smclawpr.com
Email:  acouret@smclawpr.com

REED SMITH LLP

By: */s/ Eric A. Schaffer*
Eric A. Schaffer (*pro hac vice*)
Luke A. Sizemore (*pro hac vice*)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email:  eschaffer@reedsmith.com
Email:  lsizemore@reedsmith.com

C. Neil Gray (*pro hac vice*)
599 Lexington Avenue
New York, NY 10022
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450
Email:  cgray@reedsmith.com

*Counsel to The Bank of New York Mellon,
as fiscal agent*

**EXHIBIT A**

<u>Proposed Order</u>

(Attached)

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>        Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3566-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to ERS only** |

## ORDER GRANTING MOTION OF THE BANK OF NEW YORK MELLON, AS FISCAL AGENT, FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the  Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID:  3801).

Upon consideration of the *Motion of The Bank of New York Mellon, as Fiscal Agent, for Allowance of Administrative Expense Claim* (the "<u>Motion</u>"),[2] the Court having reviewed the Motion and the relief requested; the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); the Court determining that venue of this proceeding and the Motion in this District is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); notice of the Motion being adequate and proper under the circumstances; and after due deliberation and sufficient cause appearing; therefore, it is hereby ORDERED that:

1.     The Motion is GRANTED as set forth herein.

2.     The Fiscal Agent is granted an administrative expense claim against ERS in the amount of $_____ under section 503 of the Bankruptcy Code.

3.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: _____

_____
LAURA TAYLOR SWAIN
United States District Judge

---

[2] Capitalized terms used but not defined in this order have the meanings given in the Motion.