# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>   as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: Docket No. 8297 |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>   as representative of<br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>   Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS<br><br>THIS PLEADING RELATES ONLY TO THESE TITLE III CASES[2] |

## Response to Objection to Claim

COMES NOW, MGIC Indemnity Corporation ("MGIC"), through the undersigned counsel, and hereby submits the following response to the *Seventy-Fifth Omnibus Objection* (the "Objection") (Docket No. 8960):

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] This clarification is made in accordance to the Court's *Order (A) Pursuant to PROMESA Section 304(G), Directing Joint Administration of Initial Title III Cases and Additional Title III Cases, and (B) Pursuant to Section 105(A) of The Bankruptcy Code, Making Certain Orders Entered on First Day Pleadings Applicable to the Additional Title III Cases*. See, Docket No. 167 at ¶ 5 of p. 4.

**I. Identity of the Movant and its Contact Information.**

MGIC Indemnity Corporation
c/o McConnell Valdez LLC
Attn. Nayuan Zouairabani, Esq.
P.O. Box 364225
San Juan, PR 00936-4225
Telephone: (787)250-5619
Facsimile: (787)759-8282

**II. Motion from which Movant Seeks Relief.**

MGIC is requesting that the Objection filed by the Puerto Rico Highway and Transportation Authority (the "HTA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), against MGIC's Proof of Claim No. 16608, filed on 5/23/2018 for $50,000.00 (the "MGIC Claim"), be denied for the reasons set forth below:

**III. Cause as to Why the *Seventy-Fifth Omnibus Objection (Substantive) Of The Puerto Rico Highway and Transportation Authority To Claims Asserting Amounts for Which the Puerto Rico Highway and Transportation Authority is not Liable* (Docket No. 8960) should be denied.**

> A proof of claim, filed pursuant to 11 U.S.C. § 501, is deemed allowed unless a party in interest objects. It is prima facie evidence of the validity and amount of the claim. Fed. R. Bankr.P. 3001(f). *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–4 (3d Cir.1992); *Raj Singh v. Mariner Post–Acute Network, Inc.* (*In re Mariner Post–Acute Network, Inc.*), 2005 U.S. Dist. LEXIS 13673, *4 (D.Del. July 8, 2005). If a party in interest wishes to object, the objector needs to overcome the presumption of validity through submission of evidence. *Id.* If the objecting party advances sufficient evidence to challenge the validity of the proof of claim, the burden shifts back to the claimant to prove the claim's validity by a preponderance of the evidence. *Id.*

*In re Rafter*, 2007 WL 1591880, at *2 (Bkrtcy.D.N.J. 2007).

Pursuant to Section 501 of the Bankruptcy Code, HTA is required to overcome the presumption of validity of MGIC's proof of claim through the submission of evidence. If such presumption is rebutted, then the burden of proof shifts to MGIC to prove the validity of the claim.

Debtor's Objection states that the MGIC Claim should be disallowed because it was based on bonds that have already been redeemed, refunded or defeased, and that the support for said statement is available at https://emma.msrb.org/EA477903-EA370346-EA767176.pdf (the "Material Event Notice"). *See* attached as Exhibit 1. The Material Event Notice lists several bonds that were redeemed, refunded or defeased on August 18, 2011 and September 22, 2011 in connection with the September 22, 2011 *Toll Road Concession Agreement* between Autopistas Metropolitanas de Puerto Rico, LLC and the HTA, and identifies the corresponding CUSIP number for each bond.

None of the CUSIP numbers listed in the Material Event Notice coincides with the CUSIP number identified in the MGIC Claim. *See* the MGIC Claim, with a CUSIP number 745181M38 attached as Exhibit 2. Further, the Material Event Notice does not affect any Series Z bonds, which Series Z bonds are being claimed by MGIC in the MGIC Claim. *Id.* Lastly, while the Material Event Notice states that the bonds to be redeemed, refunded or defeased are "certain bonds" "issued under the [HTA's] Resolution No. 98-06 adopted by the [HTA] on February 26, 1998, as amended", the bonds held by MGIC are secured by "[p]roperties under the 1968 Escrow Deposit Agreement dated as of September 22, 2011." *Id.*

Based on the above, the logical conclusion is that the bonds identified in the MGIC Claim are not among those bonds that were redeemed, refunded or defeased under the Material Event Notice. Therefore, HTA has not met its burden to overcome

the presumption of validity of the MGIC Claim in accordance with 11 U.S.C. § 501 and Fed. R. Bankr. P. 3001(f).

Nevertheless, MGIC does not dispute that the claim has been paid *as of this date*; however, the payment occurred post-petition. It did not occur before the filing of the HTA's Title III Petition. Therefore, the MGIC Claim constituted a valid pre-petition debt as of the date the Title III Petition was filed and is not a claim for which the HTA is not liable, as alleged in the Objection, as creditor claims are generally determined as of date of filing. 11 U.S.C. § 502(b); *In re Camp*, 78 B.R. 58, 64 (Bankr.E.D.Pa. 1987), as supplemented, 80 B.R. 347; *In re Henry,* 183 B.R. 748 (Bkrtcy.N.D.Tex.1995); *In re Waterman*, 248 B.R. 567, 573, (8th Cir.BAP 1999); *In re Commercial Millwright Service Corp.*, 245 B.R. 585, 589, (Bkrtcy.N.D.Iowa, 1996).

Accordingly, the Objection must be denied with respect to the MGIC Claim.

**WHEREFORE**, MGIC Indemnity Corporation, respectfully requests that this Honorable Court deny the *Seventy-Fifth Omnibus Objection to Claims* (Docket No. 8960) with respect to the MGIC Claim and (1) determine that MGIC Claim was a valid pre-petition claim; (2) order HTA to clarify that the MGIC Claim was validly paid post-petition and, therefore, will not receive any disbursement under an HTA plan of adjustment; and (3) grant any other relief that may appropriate in law or equity.

**I HEREBY CERTIFY** that the foregoing has been filed with the Court's CM/ECF which will automatically send an exact copy to all parties so subscribed on this 25th day of November, 2019.

-5-

RESPECTFULLY SUBMITTED.

In San Juan, PR, this 25th day of November, 2019.

**MCCONNELL VALDÉS LLC**
*Attorneys for MGIC Indemnity Corporation*
270 Muñoz Rivera Avenue
Hato Rey, Puerto Rico 00918
Telephone: 787-250-5619/5675
Facsimile: 787-759-8282

By: *s/Monique Díaz-Mayoral*
Monique Díaz-Mayoral
USDC No. 225712
Email: mjd@mcvpr.com