# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
----------------------------------------------- x
In re                                           :
                                                :
THE FINANCIAL OVERSIGHT AND                     :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,               :   Title III
                                                :
    as representative of                        :
                                                :   Case No. 17-BK-3283 (LTS)
THE COMMONWEALTH OF PUERTO RICO,                :
et al.,*                                        :   (Jointly Administered)
                                                :
    Debtors.                                    :
----------------------------------------------- x
In re                                           :
                                                :
THE FINANCIAL OVERSIGHT AND                     :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,               :   Title III
                                                :
    as representative of                        :
                                                :   Case No. 17-BK-4780 (LTS)
PUERTO RICO ELECTRIC POWER                      :
AUTHORITY (PREPA),                              :   **Court Filing Relates Only to PREPA**
                                                :
    Debtor.                                     :
----------------------------------------------- x
```

## FUEL LINE LENDERS' SUPPLEMENTAL BRIEF REGARDING COMMITTEE OBJECTION TO BOND TRUSTEE'S PROOF OF CLAIM

---

[*] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

Cortland Capital Market Services LLC ("Cortland"), as successor administrative agent for lenders under a Credit Agreement, dated May 4, 2012, among PREPA, Scotiabank de Puerto Rico, and certain lenders (the "Scotiabank Credit Agreement"), and SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC (collectively, "Solus"), as lenders under the Scotiabank Credit Agreement and under a Trade Finance Facility Agreement, dated July 20, 2012, between PREPA and Citibank, N.A. (the "Citibank Credit Agreement" and, together with the Scotiabank Credit Agreement, the "Fuel Lines"), respectfully submit this supplemental brief pursuant to this Court's order of November 13, 2019.[1]

1. The Fuel Line Lenders largely agree with the positions set forth in the Committee's supplemental brief filed on November 21, 2019. Mindful of this Court's direction to submit "non-duplicative briefs," this supplement focuses on points specific to the Fuel Line Lenders or otherwise not fully addressed by the Committee.

2. In their Adversary Proceeding filed on July 9, 2019, in order to protect their own rights and interests, the Fuel Line Lenders objected to the bondholders' liens and claims. *See* Adv. Pro. No. 19-396, Dkts. 1 & 36 (original and amended complaint counts 2 and 3); Fed. R. Bankr. P. 3007(b) (permitting claim objections to be included in an adversary proceeding). Point II of the Fuel Line Lenders' objection to the 9019 Motion (Dkt. 1700, the "Fuel Line 9019 Objection") demonstrates why the Government Parties have no authority or basis to release those (or other) counts of the Fuel Line Lenders' complaint. In responding to motions to dismiss filed by the Government Parties and the bondholders, the Fuel Line Lenders will again show that they have independent standing to object to the bondholders' liens and claims.

---

[1] Dkt. 1734 in Case No. 17-4780 (the "November 13 Order"). Capitalized terms not defined have the same meanings as in the November 13 Order. Except where noted, emphases are added.

3. Accordingly, as a procedural matter, the standing of the Fuel Line Lenders to object to the bondholders' claims and liens is being briefed on the pre-agreed schedule in advance of the January 14 hearing. As explained below, the Fuel Line Lenders have standing to object on grounds that are particular to them and separate from the Committee's; thus, again as a procedural matter, the Court should not make any ruling on *the Committee's* claim objection (in connection with the November 13 Order or otherwise) that would impair or affect any of the counts in *the Fuel Line Lenders*' complaint prior to the January 14 hearing.

4. On the substance: As explained in the Fuel Line 9019 Objection, to which the Court is respectfully referred, there are two independent reasons why the Government Parties cannot release the lien and claim objections of the Fuel Line Lenders and why, in this context, the Fuel Line Lenders are legally entitled to pursue those objections without leave of Court.

5. First, section 502(a) of the Bankruptcy Code authorizes any "party in interest," including a creditor, to object to a proof of claim, and section 502(b) requires the Court to adjudicate any such objection. The statute is unequivocal.[2] And while the First Circuit concluded in *In re Thompson* that a chapter 7 trustee generally has the authority to pursue and settle claim objections on behalf of creditors despite section 502(a), that holding was predicated on the trustee's obligations under section 704 of the Bankruptcy Code to object to claims and on the trustee's status as a "representative," "spokesman" and "fiduciary" for "all creditors." *In re Thompson*, 965 F.2d 1136, 1145-47 (1st Cir. 1992).[3] In this PROMESA case, however, the

---

[2] Section 506(a) of the Bankruptcy Code and Bankruptcy Rule 3012(a) likewise provide that any party in interest can object to the secured status of a claim.

[3] Section 704 is made applicable to chapter 11 cases through sections 1106 and 1107, which the First Circuit has described as imposing "the trustee's fiduciary duties" on a debtor in possession. *Braunstein* v. *McCabe*, 571 F.3d 108, 124 (1st Cir. 2009); *accord Czyzewski* v. *Jevic Holding Corp.*, 137 S.Ct. 973, 978 (2017) (a "fiduciary, often the debtor's existing management team, acts as 'debtor in

Government Parties are *not* the equivalent of a bankruptcy trustee: sections 704 and 1107 of the Code are not applicable, the Oversight Board's function is not to maximize recoveries but instead to help PREPA "achieve fiscal responsibility and access to capital markets" (48 U.S.C. § 2121), and the Oversight Board thus has *no* mandate to protect creditor interests.

6. In this context, therefore, where the Oversight Board is not representing creditors, *Thompson* requires that creditors be permitted to exercise their right to object to claims. To state the contrary position is to refute it: According to the Oversight Board, despite the clear statutory language authorizing creditors to object to claims, the Oversight Board can control and settle the single most important claim objection in this case without any obligation to protect creditors and without their consent. That cannot be right, and it is not the law in the First Circuit.[4]

7. The statutory analysis above is sufficient to defeat the Government Parties' position. It bears noting, however, that the Oversight Board's status as a *non*-fiduciary has had real-world consequences here. As discussed in the Fuel Line 9019 Objection, a bankruptcy trustee has "the duty to maximize the value of the estate," *CFTC* v. *Weintraub*, 471 U.S. 343, 352 (1985) and, "in turn, to maximize the amount the creditors will get paid," *In re Blasingame*, 920 F.3d 384, 388 (6th Cir. 2019); *accord In re Am. Cartage, Inc.*, 656 F.3d 82, 92 (1st Cir. 2011) (in settling claims, the trustee seeks to obtain "the maximum return for creditors (on whose behalf he toils)"). But the Oversight Board has made clear that it is *not* seeking to maximize revenues and returns for creditors. To the contrary, the Board's primary goal in settling with the

---

possession', and "is installed to manage the estate *in the interest of the creditors*" (citing sections 1106 and 1107)). As the Oversight Board is not charged with the duties of a trustee under section 704 and is not a fiduciary, it differs from a debtor-in-possession in the same way it differs from a chapter 7 trustee.

[4] As noted by the Committee, in reaching its decision, the *Thompson* court expressed concern that section 502, if applied as written, would lead to difficulties in the administration of chapter 7 cases. 965 F.2d at 1145. However, the court did not (and could not have) set aside the statutory entitlements of creditors simply to increase efficiency; rather, the representative and fiduciary status of the trustee was essential to the court's holding.

-3-

bondholders was to protect "PREPA's *rate payers* from unknown and unlimited potential future rate increases," which was purportedly achieved by compensating the bondholders to release their rate covenant. Dkt. 1425 ¶ 22. Another primary goal was to avoid appointment of a receiver that would be "beholden to creditors' interests." *See id*. ¶¶ 9, 43. Allowing a non-fiduciary to control and release creditor objections, while working against creditor interests, is irreconcilable with sections 502 and 506 of the Bankruptcy Code and with *Thompson*.

8. Second, and apart from any arguments available to the Committee, the Fuel Line Lenders have *particularized* interests that are not represented by any other party. For that independent reason, the Government Parties cannot release the Fuel Line Lenders' objections.

9. Specifically, as discussed in Section II.B of the Fuel Line 9019 Objection, the Fuel Line Lenders' complaint alleges that the bondholders' lien and recourse are limited at most to "Net Revenues," namely revenues after "Current Expenses." The Fuel Line Lenders further contend that their advances are a Current Expense based on facts unique to them, and that the moneys needed to pay *them* are not subject to the bondholders' lien or their claim. As a case cited by the Government Parties recognizes, when creditors have "individual claims" against other creditors based on theories not shared by the general creditor base, "neither the trustee, the DIP, nor the bankruptcy court has the authority to settle the objection, regardless of the powers conferred by Rule 9019." *In re DVR, LLC*, 582 B.R. 507, 512-13, 522 (Bankr. D. Colo. 2018), *aff'd*, 606 B.R. 80 (D. Colo. 2019), *appeal docketed*, No. 19-1360 (10th Cir.).

10. The Fuel Line 9019 Objection elaborates on the "individual claims" of the Fuel Line Lenders (Dkt. 1700, ¶¶ 151-157). Regardless of how the Court rules on the Committee's objection, that ruling should not prejudice the Fuel Line Lenders in pursuing those individual claims, including under sections 502 and 506 of the Bankruptcy Code.

Dated: November 25, 2019  Respectfully submitted,

 /s/ Rosamar García-Fontán   /s/ Emil A. Kleinhaus

Rosamar García-Fontán  Richard G. Mason (admitted *pro hac vice*)
USDC-PR No. 221004  Amy R. Wolf (admitted *pro hac vice*)
MCCONNELL VALDÉS LLC  John F. Lynch (admitted *pro hac vice*)
270 Muñoz Rivera Avenue, Suite 7  Emil A. Kleinhaus (admitted *pro hac vice*)
Hato Rey, Puerto Rico 00918  Angela K. Herring (admitted *pro hac vice*)
P.O. Box 364225  WACHTELL, LIPTON, ROSEN & KATZ
San Juan, Puerto Rico 00936-4225  51 West 52nd Street
Telephone: (787) 250-5612  New York, New York 10019
Facsimile: (787) 759-9225  Telephone: (212) 403-1000
Email: rgf@mcvpr.com  Facsimile: (212) 403-2000
 Email: rgmason@wlrk.com
  arwolf@wlrk.com
  jlynch@wlrk.com
  eakleinhaus@wlrk.com
  akherring@wlrk.com

*Attorneys for Cortland Capital Market Services LLC, as Administrative Agent*

 /s/ Jose L. Ramirez-Coll   /s/ Bryce L. Friedman

Jose L. Ramirez-Coll  Bryce L. Friedman (admitted *pro hac vice*)
USDC-PR No. 221702  Nicholas Baker (admitted *pro hac vice*)
ANTONETTI, MONTALVO  Sarah E. Phillips (admitted *pro hac vice*)
& RAMIREZ-COLL  SIMPSON THACHER & BARTLETT LLP
P.O. Box 13128  425 Lexington Avenue
San Juan, Puerto Rico 00908  New York, New York 10017
Telephone: (787) 977-0303  Telephone: (212) 455-2000
Facsimile: (787) 977-0323  Facsimile: (212) 455-2502
Email: jramirez@amrclaw.com  Email: bfriedman@stblaw.com
  nbaker@stblaw.com
  sarah.phillips@stblaw.com

*Attorneys for SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC*