UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x
In re                                                          :
                                                               :
THE FINANCIAL OVERSIGHT AND                                    :     PROMESA
MANAGEMENT BOARD FOR                                           :
PUERTO RICO,                                                   :     Title III
                                                               :
as representative of                                           :     Case No. 17 BK 3283-LTS
                                                               :
THE COMMONWEALTH OF PUERTO RICO,                               :     (Jointly Administered)
et. al.,                                                       :
                                                               :
          DEBTORS.[1]                                          :
                                                               :
---------------------------------------------------------------x

RESPONSE TO FEE EXAMINER'S DEFECTIVE
INFORMATIVE MOTION REGARDING DUFF & PHELPS, LLC MOTION FOR
PARTIAL SUMMARY JUDGMENT UNDER FED. R. BANKR. P. 7056(a)

Duffy & Phelps, LLC ("D&P") responds to the Fee Examiner's November 25,

2019 "Informative Motion Regarding Inconsistent Filing and Deficient Notice of [D&P's]

Motion for Partial Summary Judgment." (Doc. No. 9328) (the "I-Motion") as follows:

Preliminary Statement

1.  The Fee Examiner waited ten (10) days to file the I-Motion and never

contacted D&P's counsel to (a) assert any purported procedural defect or to (b) request more

time to respond to the D&P Motion for partial Summary Judgment (Doc. Nos. 9186-1, 9186,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

9188, 9191) (the "SJ Motion"). Instead, he apparently does not want to respond to the narrow legal issue raised by D&P in the SJ Motion until January 15, 2020, two weeks before the scheduled trial date of January 30, 2020 (Doc. No. 9170). The Fee Examiner's tactic, as shown below, will not only inconvenience the Court, but also avoid meaningful settlement negotiations.

2. The I-Motion also distorts the precise language of Fed. R. Bankr. P. 7056 to claim a non-existent procedural defect in D&P's SJ Motion.

<u>Fed R. Bankr. P. 7056</u>

3. Bankruptcy Rule 7056 refers to "30 day" periods twice, reading in relevant part as follows:

**Rule 7056 Summary Judgment**

Rule 56 F.R.Civ.P. applies in adversary proceedings, except that any motion for summary judgment must be made <u>at least 30 days before</u> the initial date set for <u>an evidentiary hearing</u> on any issue for which summary judgment is sought, unless a different time is set by local rule or the court orders otherwise…

(b) Time To File a Motion. Unless a different time it set by local rule or the court orders otherwise, a <u>party may file a motion for summary judgment at any time until 30 days after the close of all discovery</u>. [emphasis added]

<u>The Fee Examiner's I-Motion</u>

4. The I-Motion is based on the following false premises:

- D&P was not entitled to move for partial summary judgment because the Fee Examiner never "contemplated" such a motion;

- D&P should have "disclosed" the SJ Motion in advance before moving;

- The Court never "contemplated" D&P's filing such a Motion; and

- D&P "unilaterally" noticed its SJ Motion.

Nothing in the I-Motion declares how the Fee Examiner knew what the court or D&P contemplated. Significantly, the Fee Examiner fails to quote the relevant language of Bankruptcy Rule 7056, which appears above in paragraph "3".

### The D&P Motion Complies with Fed. R. Bankr. P. 7056

5. **D&P Could Move For Summary Judgment At Any Time**. As Bankruptcy Rule 7056(b) provides, a "party may file a motion for summary judgment at any time until 30 days after the close of discovery." D&P started discovery (i.e., document requests) in early November 2019, and documents should be produced on November 29, 2019. D&P will also be serving deposition notices returnable in mid-December. Discovery is therefore hardly finished.

6. **D&P Moved for Partial Summary Judgment on November 15, 2019, At Least 75 days Before Trial**. According to Bankruptcy Rule 7056, " any motion for summary judgment must be made at least 30 days before the initial date set for an evidentiary hearing on any issue," unless the Court or a rule "orders otherwise." The Fee Examiner quotes no Court order or rule to the contrary here. Nor does the Fee Examiner explain the basis for the Court's "contemplation" or that of any other party.

7. **Bankruptcy Rule 7056 Contemplates The Possibility of Summary Judgment**. The Fee Examiner expressly admits that Bankruptcy Rule 7056 "applies in contested matters." I-Motion, at 4 n.3. Because this fee dispute is a contested matter, Rule 7056 applies. Fed. R. Bankr. P. 9014(c). That the Fee Examiner did not "contemplate" D&P's motion is meaningless.

### The Joint Status Report

8. The Joint Status Report (Doc. No. 9160) filed by the parties on November 14, 2019 set a schedule for the parties to conduct discovery and file pre-trial briefs. Nothing in that document precluded D&P from moving for partial summary judgment on the narrow legal issue here (i.e, the terms of the Engagement Letter between D&P and The Financial

3

Oversight and Management Board (the "Board") that was the major obstacle in the parties' three months of negotiations between the Fee Examiner and D&P. Bankruptcy Rule 7056, though, did permit the filing of D&P's SJ Motion.

### The Court's Third Scheduling Order

9. The Court's November 14, 2019 Scheduling Order (Doc. No. 9170) set a trial date of January 30, 2020, with document discovery to be completed by November 29, 2019, depositions to be completed by January 3, 2020, and pre-trial stipulations and pre-trial briefs to be filed by January 8, 2020. Nothing in that order precluded D&P from moving for partial summary judgment on the narrow legal issue here. Bankruptcy Rule 7056, though, admittedly applied.

### Reason for the D&P SJ Motion

10. D&P explained in its brief supporting the SJ Motion why it was moving:

> "D&P filed its amended fee application on August 13, 2019. Between July, 2019 and October, 2019, D&P and the Fee Examiner negotiated reductions of D&P's fees and claimed expenses. D&P provided the Fee Examiner with supporting documentation, when available, through the middle of October, 2019, making substantial economic concessions. Negotiations between the parties broke down in October when the Fee Examiner disputed for the first time D&P's reading of the Engagement Letter on which D&P had relied in performing services for the Board…
>
> The parties have already submitted a joint status report (Doc. No. 9160) in response to the Court's order of October 25, 2019 (Doc. No. 9008) setting forth their agreed upon procedure for resolving this dispute either by negotiation or by trial. Nevertheless, the narrow issue on this motion is purely legal: the interpretation of the agreement between the Board and D&P. The <u>Court's determination of this contractual issue will, at the very least, streamline, if not facilitate, the parties' negotiations. If negotiations fail, an early ruling on the issue will expedite the later trial</u>."

D&P SJ Brief, November 15, 209, at 2 (Doc. No. 9188) (emphasis added).

4

<u>The Fee Examiner's Inaction</u>

11. Instead of negotiating the merits of the D&P fee application, responding to the SJ Motion, or even asking D&P for more time to respond, the Fee Examiner filed the legally defective I-Motion.

<u>D&P Negotiated In Good Faith</u>

12. The Fee Examiner cannot argue that D&P has not negotiated in good faith for at least three months. And he must admit D&P's substantive economic concessions during negotiations.

<u>D&P's SJ Motion Should Be Heard Before Trial</u>

13. D&P requests that the Court direct the Fee Examiner to respond to the SJ Motion and set a hearing date on that motion in advance of any trial. D&P's SJ Motion turns on a narrow issue of basic contract law: whether the Engagement Letter limited D&P's Project Management Fees to $50,000 per week. As the Engagement Letter shows, it did not. A Court ruling will, as D&P noted, "streamline, if not facilitate the parties' negotiation" or will expedite the later trial" if negotiations fail.

**WHEREFORE**, D&P respectfully requests that the Court direct the Fee Examiner to respond to the SJ Motion and set a hearing date on that motion in advance of any trial.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 26th day of November, 2019.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

5

| | |
|---|---|
| **SCHULTE ROTH & ZABEL LLP**<br>*Attorneys for Duff & Phelps, LLC*<br>919 Third Avenue<br>New York, New York 10022<br>Tel: (212) 756-2150<br>Fax: (212) 593-5955<br><br>s/ Michael L. Cook<br>MICHAEL L. COOK<br>(Admitted Pro Hac Vice)<br>michael.cook@srz.com | **ANTONETTI MONTALVO & RAMIREZ COLL**<br>*Attorneys for Duff & Phelps, LLC*<br>P.O. Box 13128<br>San Juan, PR 00908<br>Tel: (787) 977-0303<br>Fax: (787) 977-0323<br><br>s/ Jose L. Ramirez-Coll<br>JOSE L. RAMIREZ-COLL<br>USDC-PR No. 221702<br>jramirez@amrclaw.com |