UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x
In re:                                                                                              PROMESA
                                                                                                         Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,
                                                                                                         No. 17 BK 3283-LTS
     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,        (Jointly Administered)

     Debtors.[1]
---------------------------------------------------------------x

## INTERIM REPORT AND RECOMMENDATION OF THE MEDIATION TEAM

**I.**    **Background**

Pursuant to the *Order Regarding Stay Period and Mandatory Mediation* dated July 24, 2019 [ECF No. 8244] [2] (the "Order"),[3] the Mediation Team appointed in the Title III Cases concurrently performed two tasks. First, the Mediation Team addressed the scheduling and sequencing of issues identified in the Order or identified by the parties as issues relevant to

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).  The Title III cases commenced by the Commonwealth, COFINA, HTA, ERS, PREPA, and PBA are referred to herein as the "Title III Cases."

[2] All ECF numbers refer to filings in the Commonwealth's Title III Case, No. 17 BK 3283-LTS.

[3] On October 28, 2019, the Court entered its *Order Granting Urgent Joint Motion of Oversight Board and AAFAF for Order Extending (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto* [ECF No. 9016], pursuant to which the stay provided for in the July 24 Order was extended until December 31, 2019 and certain related dates, including the date for the filing of the Mediation Team's report, were also correspondingly extended.

confirmation of plan(s) of adjustment for one or more of the Title III debtors. Second, the Mediation Team engaged the parties in substantive mediation sessions as the Order directed.

To address the scheduling issues initially raised in the Order, the Mediation Team conducted meetings with virtually all of the principal parties to the relevant Title III Cases. The Mediation Team next solicited written scheduling recommendations. The goal of this scheduling exercise was to streamline and simplify the many contested matters and adversary proceedings currently pending, and those that are anticipated to be commenced in the months to come absent agreement on a plan(s) of adjustment. Unfortunately, the parties' views with respect to scheduling were quite diverse, making reconciling their disparate views exceedingly difficult.

But, after carefully considering all comments and views, the Mediation Team circulated a preliminary scheduling proposal that attempted to balance the myriad of competing considerations and categorized pending matters, and certain additional issues thought necessary to be determined in order to conclude the relevant Title III Cases.

Once comments were received to the Mediation Team's preliminary scheduling proposal, the Mediation Team carefully considered those comments and further revised its scheduling proposal, again attempting to balance the parties' competing views and other considerations. The Mediation Team then solicited the assistance of counsel for various parties to assist it in drafting the required proposed scheduling orders. The designated drafters were told that their participation in the drafting process did not imply consent to, or any agreement with, the Mediation Team's scheduling proposal. In short, all parties are free to object to the scheduling recommendations set forth herein and in the attached proposed interim scheduling orders, although the Mediation Team suggests that objections be heard in connection with the Court's consideration of the Amended Report discussed more fully hereinafter.

On September 27, 2019, during the scheduling order drafting process, the Financial Oversight and Management Board (the "FOMB") on behalf of the Commonwealth, ERS, and PBA, filed the *Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 8765] (the "Plan") and a related disclosure statement [ECF No. 8766] (the "Disclosure Statement"). Immediately prior to the filing of the Plan and Disclosure Statement, a Title III petition for PBA was filed by the FOMB, with the consent of the Government of Puerto Rico. To date, a plan of adjustment has not been filed for HTA, another Title III debtor (nor for its co-debtor, PREPA, which is not addressed herein).

Early on in the Mediation Team's scheduling process, agreement was reached among the active ERS litigation parties to accelerate consideration of the ERS issues. The active ERS litigation parties agreed to, and the Official Committee of Unsecured Creditors (the "UCC") filed, with the Mediation Team's consent, a motion for approval of procedures for objections to claims by holders of bonds issued by ERS [ECF No. 8761]. The Court has already entered the agreed order [ECF No. 8818] that was negotiated by the parties with the assistance of the Mediation Team. In addition, the active ERS litigation parties agreed to a scheduling order to address matters pending before the Court that relate to the validity of ERS bonds and the scope of liens held by the ERS bondholders. An agreed urgent motion to approve the agreed ERS scheduling order was filed with the Court on October 18, 2019, again with the consent of the Mediation Team [ECF No. 8899]. On October 24, 2019, the Court entered an order [ECF No. 8962] granting the agreed urgent motion.

The parties' designated drafters and the Mediation Team have continued to work on proposed scheduling orders for non-ERS contested matters, adversary proceedings, and

3

identified issues relating to the Plan and Disclosure Statement, as well as matters and adversary proceedings related to HTA.

## II. Interim and Amended Report Structure

Until recently, and consistent with the Order and the discussions described above, the Mediation Team planned to submit to the Court a comprehensive report and recommendation regarding the scheduling and sequencing of all relevant issues in the Title III Cases, leading up to a substantially contested confirmation hearing on the currently pending Plan. The FOMB, the Government of Puerto Rico, and various creditor parties, however, have been and remain engaged in substantive, and delicately poised, negotiations facilitated by the Mediation Team regarding the terms of a possible amended plan of adjustment that would be acceptable to those creditors. If successful, these negotiations could result in the filing of an amended plan of adjustment that differs from, and has materially more creditor support than, the current Plan. The filing of such an amended plan and attendant disclosure statement could cause any scheduling and sequencing recommendations by the Mediation Team with respect to the current Plan and Disclosure Statement to be of no consequence. Thus, the Mediation Team determined that the most suitable approach under the circumstances would be to file this *interim* report and recommendation (the "Interim Report"), which addresses only the scheduling and sequencing of disputed issues that the Mediation Team believes should be allowed to proceed forward in the near-term.[4]

Specifically, the Interim Report will address scheduling and sequencing of litigation concerning (i) the validity of certain challenged series of GO and PBA bonds, (ii) the secured or

---

[4] While this interim report and the attached proposed interim scheduling orders represent the recommendations of the Mediation Team on process and schedule for near-term litigation, the recommendations were developed after extensive consultation with many of the parties who have been most actively involved in these cases or can be expected to actively litigate issues in these cases.

unsecured status of claims on GO and PBA bonds, and (iii) the rights, as against the Commonwealth, of holders of "revenue bonds" and other debt issued by certain Puerto Rico instrumentalities. These issues are among the most fundamental and pivotal in the Title III Cases. They affect tens of billions of dollars of bonds and have the potential to drive overall restructuring outcomes. Rather than remain stayed any longer,[5] litigation thereof should begin (or recommence, as the case may be) as soon as practicable.

Proposed interim scheduling orders with respect to the above issues are attached hereto as Exhibits 1, 2, and 3 (the "Interim Orders"). Exhibit 1 is a proposed interim scheduling order applicable to contested matters and adversary proceedings implicating issues (i) and (ii) above concerning GO and PBA bonds. This proposed order provides for, among other things, briefing and hearings in the context of Rule 12(b) motions to dismiss the relevant adversary proceedings and claim objections. It also provides for notices to holders of certain challenged bonds regarding the objections to their claims. It does *not* address the need for, or structure of, further litigation in such proceedings and matters; that topic will be addressed in the Mediation Team's Amended Report (as defined below).

Exhibit 2 is a proposed interim scheduling order applicable to certain contested matters and adversary proceedings addressing issue (iii) above concerning the rights of holders of revenue bonds issued by HTA, PRIFA, and CCDA against the Commonwealth. The issues raised in these matters and proceedings are complicated and currently spread out over three motions to lift the automatic stay and four adversary proceedings. But the pending adversary

---

[5] The Mediation Team recommends that the relevant adversary proceedings and contested matters be unstayed only to the extent set forth in the Interim Orders. The Mediation Team will address further litigation in such adversary proceedings and contested matters, and the potential application of the stay thereto, in its Amended Report.

5

proceedings (19-AP-362 through 19-AP-365) involve more than 100 defendants, making litigation of them unwieldly.

In an effort to streamline the proceedings, the Mediation Team understands that the FOMB will file four new adversary proceedings, which will be objections to claims of some of the largest holders of the relevant revenue bonds. It is anticipated that these new adversary proceedings will be administratively consolidated for briefing and consideration by the Court. Because the new adversary proceedings will effectively supersede the currently pending HTA-related adversary proceedings, and on the understanding that the new adversary proceedings will include the same claims and counterclaims as the pending HTA-related adversary proceedings (although involving far fewer parties), the Mediation Team recommends that those pending HTA-related adversary proceedings (19-AP-362 through 19-AP-365) remain stayed pending the Court's determination of issues to be raised in the new adversary proceedings to be filed by the FOMB.[6] Following the final adjudication of the issues presented in the new adversary proceedings, these currently pending adversary proceedings may be able to be dismissed as moot or withdrawn by agreement of the parties.

Two of the currently pending motions for relief from the automatic stay (as to PRIFA and HTA),[7] along with a further motion for relief from the automatic stay anticipated to be filed by holders, insurers, trustees, and/or fiscal agents of bonds issued by CCDA, will proceed on a

---

[6] The Mediation Team understands that the UCC believes it should be a co-plaintiff in the new revenue bond-related adversary proceedings but that, if it is not permitted to proceed in that role, it will move to intervene in the litigation. The Government of Puerto Rico has also indicated that it may seek to intervene therein.

[7] The Mediation Team understands that Ambac Assurance Corporation and the FOMB disagree on whether Ambac may amend the PRIFA Lift Stay Motion. The FOMB, as the Mediation Team understands it, takes the position that a hearing on the PRIFA Lift Stay Motion should take place as soon as possible, as briefed. In contrast, the Mediation Team understands that Ambac takes the position that it has a right to file an amended lift stay motion and proceed forward fully on the amended motion. The Court will likely have to decide how and when the PRIFA Lift Stay Motion (or an amended version of that motion) should be heard.

schedule also set forth on Exhibit 2. The Mediation Team understands that the FOMB and/or AAFAF intend to move for some or all aspects of the above-referenced motions for relief from the automatic stay to be consolidated with the new revenue bond-related adversary proceedings. To the extent legally permissible, the Mediation Team believes that consolidation of overlapping issues in the lift stay motions with the issues likely to be raised in the new revenue bond-related adversary proceedings makes sense. However, given that the new adversary proceedings have not yet been filed, those parties who have filed or will file lift stay motions are not willing to agree to consolidation. Thus, Exhibit 2 provides a comprehensive schedule with respect to the lift stay motions and the anticipated motion to consolidate. Unless consolidation issues are resolved in a required meet and confer, the Court may have to decide the issue of consolidation before reaching the merits of the lift stay motions, as the proposed interim scheduling order provides.

Exhibit 3 is a proposed scheduling order applicable to one other contested matter addressing issue (iii) above; specifically, the motion for relief from stay filed by the DRA Parties [ECF No. 7643]. As indicated on Exhibit 3, the parties to that contested matter are in full agreement on the proposed schedule.

Exhibit 4 is a proposed order that, among other things: (i) authorizes the filing of an Amended Report (as defined below) by the Mediation Team, (ii) sets certain deadlines with respect to such an Amended Report, and (iii) continues the stay of certain matters and proceedings pending the filing of an Amended Report.

The Mediation Team's assessment regarding scheduling and sequencing of issues *not* addressed in this Interim Report will be addressed in an amended report (the "Amended Report") the Mediation Team proposes to file on or before January 10, 2020, unless the Mediation Team

7

requests a further extension of the time to file the Amended Report—and the Court agrees to that further extension. Assuming the Amended Report is filed on January 10, 2020, objections and responses to the Amended Report should be filed on or before January 20, 2020, with a hearing on the Amended Report set for January 29, 2020. Under this proposed schedule, the Interim Orders could be entered without further delay, subject to being (i) set aside following the hearing on the Amended Report, (ii) modified following the hearing on the Amended Report, or (iii) made final following the hearing on the Amended Report as this Court deems appropriate. In short, the Interim Orders would be in effect for approximately 30 days before parties had the opportunity to argue in support of, or in opposition to, the provisions of the Interim Orders and all scheduling and other recommendations set forth in the Amended Report.

This proposed bifurcated report structure allows for (i) certain significant contested matters and/or adversary proceedings to begin to proceed on an interim basis upon the expiration of the stay with respect to those matters and proceedings on December 31, 2019, and (ii) the continuation of substantive negotiations through mediation of possible amendments to the Plan in hopes of generating more creditor support for such an amended plan, while also ensuring that the Court and parties in interest are not analyzing a proposed confirmation schedule that becomes irrelevant if progress is made in mediation on the terms of a more consensual plan of adjustment.

### III. Summary of Matters and Proceedings Not Addressed in Interim Report

Consistent with the approach set forth above, the Interim Report does not propose procedures for the resolution of all of the issues identified in paragraph B of the Order, many of which (*e.g.*, those set forth in sub-paragraphs 6-8) arise in connection with plan confirmation. Such unaddressed issues, together with the numerous other matters to be addressed in connection with a disclosure statement and plan confirmation hearing process, will be taken up in the

Amended Report. Nor does the Interim Report propose a schedule or sequence for all of the adversary proceedings and contested matters listed in Appendix I of the Order or otherwise subject to the stay and mandatory mediation. Those proceedings and matters neither previously addressed by Court order,[8] nor addressed in this Interim Report are:

| Docket Entry No. 7328 in Case No. 17-3283 | *Ambac Assurance Corporation's Motion for Entry of an Order Authorizing Discovery under Bankruptcy Rule 2004 Concerning PRIFA Rum Taxes* |
|---|---|
| Docket Entry No. 7640 in Case No. 17-3283 | *Motion to Stay Contested Matters Pending Confirmation of Commonwealth Plan of Adjustment* (the "Motion to Stay")[9] |
| Docket Entry No. 7814 in Case No. 17-3283 | *Renewed Motion of the Ad Hoc Group of General Obligation Bondholders, under Bankruptcy Code Sections 105(A) and 502 and Bankruptcy Rule 3007, Establishing Procedures with Respect to Omnibus Conditional Objection to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds* |
| Docket Entry No. 7882 in Case No. 17-3283 | *Urgent Motion for Stay of Adversary Proceeding Supplemental to Pending Motion to Stay GO Bond Proceedings Pending Confirmation of Commonwealth Plan of Adjustment* |
| Docket Entry No. 8000 in Case No. 17-3283 | *Objection of Official Committee of Unsecured Creditors to Claim of Government Development Bank for Puerto Rico against Commonwealth of Puerto Rico [Claim Number 29,485]* |
| Docket Entry No. 8020 in Case No. 17-3283 | *Ambac Assurance Corporation's Motion to Strike Certain Provisions of the Plan Support Agreement By and Among the Financial Oversight and Management Board for Puerto Rico, Certain GO Holders, and Certain PBA Holders* |

---

[8] As described above, certain adversary proceedings and contested matters listed in Appendix I to the Stay Order—namely, those involving the Employees Retirement System—have already been addressed through the filing and entry of substantially consensual scheduling orders.

[9] Although the Interim Report and the proposed interim scheduling order attached hereto as Exhibit 1 contemplate motion to dismiss practice in connection with the objections to GO and PBA bond claims addressed by the Motion to Stay, the Mediation Team recommends that the Motion to Stay itself remain pending (and stayed) until after the Court's consideration of the Amended Report.

9

| Docket Entry No. 99 in Adv. Proc. No. 18-149 | *Plaintiff Financial Oversight and Management Board for Puerto Rico's Motion to Stay PBA Adversary Proceeding Pending Confirmation of Commonwealth Plan of Adjustment*[10] |
|---|---|
| Adversary Proceedings | 18-AP-59; 19-AP-280; 19-AP-281; 19-AP-282; 19-AP-283; 19-AP-284; 19-AP-285; 19-AP-286; 19-AP-287; 19-AP-288;[11] 19-AP-362; 19-AP-363; 19-AP-364; 19-AP-365 |

The Mediation Team recommends that the foregoing adversary proceedings and contested matters remain stayed pending the Court's consideration of the Amended Report. The Mediation Team also recommends that no hearing be scheduled on the Disclosure Statement until after the Court's consideration of the Amended Report.

## IV. Conclusion

In summary, the Mediation Team recommends entry of the Interim Orders, adherence to the near-term schedules set forth therein, and the continued application of the stay to the matters and proceedings described in Section III above, pending the filing of, and a hearing on, the Amended Report. However, the Mediation Team Leader will make herself available to attend the December 11, 2019 omnibus hearing if objections are filed to the Interim Report (and the Interim Orders), which objections cause the Court to conclude that a hearing is necessary before the Interim Orders can be entered.

---

[10] Although the Order stayed only the motion to stay Adv. Proc. 18-149, for the avoidance of doubt, the Mediation Team recommends that the entire adversary proceeding remain stayed pending the Court's consideration of the Amended Report.

[11] The Interim Report and the proposed interim scheduling order attached hereto as Exhibit 1 contemplate defendants in 19-AP-280, 19-AP-281; 19-AP-282; 19-AP-283; 19-AP-284; 19-AP-285; 19-AP-286; 19-AP-287; and 19-AP-288 being permitted to participate in motion to dismiss practice in connection with the objections to relevant GO and PBA bonds but that the above-listed adversary proceedings themselves remain stayed notwithstanding such participation.

10

Respectfully submitted,

*/s/ Barbara J. Houser*
Honorable Barbara J. Houser
Chief Judge, United States Bankruptcy
Court for the Northern District of Texas
Mediation Team Leader

11