# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re | ) PROMESA Title III |
| | ) |
| **THE COMMONWEALTH OF PUERTO RICO** *et al.*, | ) No. 17 BK 3283-LTS<br>) (Jointly Administered) |
| | ) |
| Debtors.[1] | ) Re: Dkt. No. 9188 |
| | ) |
| | ) Hearing Date: none (on submission)[2] |
| | ) |

## FEE EXAMINER'S RESPONSIVE MEMORANDUM IN OPPOSITION TO DUFF & PHELPS, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The Fee Examiner, Brady C. Williamson ("**Fee Examiner**"), appointed in the above-captioned cases, by his counsel, Godfrey & Kahn, S.C. ("**Godfrey & Kahn**"), submits this Responsive Memorandum in Opposition (the "**Response**") to the *Motion and Memorandum of Law in Support Motion for Partial Summary Judgment Under Fed. R. Bankr. 7056* [Dkt. No. 9188] (the "**Motion**") and *Statement of Material Facts in Support of Motion for Partial Summary Judgment Under Fed. R. Bank. P. 7056(a)* [Dkt. No. 9186] (the "**SOF**") (together, the "**Motion for Partial Summary Judgment**"). In support of the Response, the Fee Examiner respectfully represents:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747 ) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] *See Order Setting Briefing Schedule for Duff & Phelps's Motion for Summary Judgment* [Dkt. No. 9350] at p. 2.

**PRELIMINARY STATEMENT**

The Fee Examiner requests that the Court deny the Motion as requested because genuine issues of material fact regarding the reasonableness and necessity of the fees and expenses at issue preclude judgment as a matter of law. Alternatively, the Fee Examiner requests, pursuant to Fed. R. Civ. P. 56(d) made applicable by Fed. R. Bankr. P. 7056, that the Motion be denied without prejudice until after discovery has concluded and the parties have submitted pre-trial stipulations and simultaneous pretrial briefs consistent with the *Order Regarding Joint Status Report by Fee Examiner and Duff & Phelps LLC in Response to Order Dated October 25, 2019* [Dkt. No. 9170] ("**Procedural Order**").

**ARGUMENT**

**I.      The relief requested is, at best, premature.**

The Motion for Partial Summary Judgment states the relief sought in internally inconsistent terms. The introductory language "seeks a finding, as a matter of law, that D&P is contractually entitled to the so-called 'Project Management' fees totaling $1,777,891 . . . subject only to the Court's later review under Bankruptcy Code § 330(a) (reasonable compensation for actual and necessary services)." Motion at p. 1. Though it misstates the amount of project management fees in question,[3] this statement implicitly acknowledges that the reasonableness of

---

[3] The identification and delineation of project management tasks, as distinct from D&P's pre-existing work in progress, is a core factual dispute. The Fee Examiner identified $1,177,891.50 in *potential* project management fees in the June 6, 2019 letter report (the "**Letter Report**"). *Joint Status Report by Fee Examiner and Duff & Phelps LLC in Response to Order Dated October 25, 2019 [Docket Entry No. 9008]* [Dkt. No. 9160] (the "**Status Report**"), Exhibit A and Exs. A-1, A-2, and A-3 thereto ($227,182 for November 2018, $321,156 for December 2018, and $629,553.50 for January 2019). These amounts were calculated based on D&P's statement that time spent on project management tasks "comprises the majority of the hours and fees in codes 202, 601, and 999 [for November and December]" and "in codes 201, 202, 601, 998, and 999 [for January]." *Declaration of Leah Viola in Support of Fee Examiner's Response to Duff & Phelps LLC's Motion for Partial Summary Judgment* ("**Viola Decl.**") at ¶¶ 12-14, Exhs. 4-6. The Fee Examiner has consistently sought clarification on which line items from the Letter Report exhibits constitute project management tasks. D&P has consistently failed to provide such clarification. *Id.*

2

the fees requested is very much at issue. Indeed, the parties have agreed to a discovery, stipulation, and pre-trial briefing schedule to develop the record on that issue in anticipation of a contested proceeding now scheduled by Court order for the January 30, 2019 omnibus hearing. *See generally,* Status Report.

Recognizing the need for discovery to meet its acknowledged burden of proof, Duff & Phelps itself issued subpoenas for documents and depositions to the Oversight Board (FOMB). *See Fee Examiner's Limited Objection to the Amended First Interim Fee Application of Duff & Phelps LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Independent Forensic Analysis Team to the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period of November 1, 2018 Through January 31, 2019* [Dkt. No. 8862] (the "**Limited Objection**") at ¶ 17-22 (outlining legal standard governing fee applications); Viola Decl., ¶¶ 3-5; Exs. 1-3. This discovery is consistent with D&P's statement in the Status Report that it wished to conduct discovery "related to its intent as reflected in the engagement agreements." Status Report at ¶ 8.

Indeed, in the *Fee Examiner's Response to Duff & Phelps, LLC's Statement of Material Facts in Support of Motion for Partial Summary Judgment Under Fed. R. Bankr. P. 7056(a)* (the "**SOF Responses**"), filed contemporaneously, the Fee Examiner asserts in multiple instances that many of the "undisputed" facts cannot be admitted or denied without completion of discovery.

Rule 56(d) of the Federal Rules of Civil Procedure provides a means for the nonmoving party to avoid summary judgment when that party cannot present facts essential

3

to justify its opposition." *Drew v. New Hampshire Drug Task Force*, 2015 WL 4526968 at 1 (D. New Hampshire 2015). Specifically, Rule 56(d) states that:

> **(d) When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Here, the movant bears the burden of proof and the Fee Examiner maintains that even if all of the SOFs were true and undisputed, D&P has not shifted the burden of persuasion to the Fee Examiner with the presentation of admissible evidence. D&P may be able to marshal such evidence through the completion of outstanding discovery requests. Rule 56(d) suggests that summary judgment may be denied as premature in similar circumstances. *See Wells v. Gates,* 336 F. App'x 378, at 389 (4th Cir.2009) (citing *Nguyen v. CNA Corp.,* 44 F.3d 234, at 242 (4th Cir.1995)). While not directly applicable, Fed. R. Civ. P. 56(d) authorizes the Court to defer consideration of the motion, deny it, allow time for discovery, or issue any other appropriate order when facts have not been fully developed. Either deferral or denial is appropriate here to give D&P the opportunity to complete its outstanding discovery.

**II.     The Motion misstates the Fee Examiner's position on the appropriate interpretation of the parties' contract.**

To determine whether D&P is "contractually entitled" to project management fees in any amount, the Court must construe the provision in the December 11, 2018 amendment to the Engagement Letter providing that "D&P's *estimate* of its incremental fees for its services hereunder is $50,000 per week, effective the week beginning November 5, 2018…." *See* SOF

4

Response 2 (emphasis added). D&P contends that this provision "entitles" D&P to $50,000 per week more than it charged in October, 2018, but has provided no evidence in support of its interpretation. In fact, D&P provided services to the FOMB for *nine* months prior to the December 11, 2018 amendment and, at this stage at least, has not met its burden to establish the baseline for calculation of the project management fee.

The Fee Examiner's unanswered questions are simply stated:

1. Which tasks in the D&P billing records represent project management activities, as distinct from D&P's pre-existing work in progress?

2. How did D&P and the FOMB intend to measure the "incremental" fee increase for Project Management services?

3. Did the FOMB authorize D&P to exceed the $50,000 weekly project management fee "estimate" by more than $40,000 per week and, if so, is an 80 percent variance from the estimate reasonable?

The answers to these questions are not in the parties' written agreements, and D&P has not provided documents or other information supporting its construction. Further, in the Fee Examiner's view, any understanding of D&P's contractual relationship with the FOMB requires an examination of the nature, cost and value of D&P's work—both *prior to* and *during* the Application Period. The Fee Examiner asked D&P to supplement its submission with complete electronic billing detail for the full duration of its engagement. D&P has not complied with that request. Viola Decl. ¶ 21-24.

In the absence of admissible evidence supporting its assertion that the parties jointly intended to increase fees by $50,000 per week measured against October 2018 billings, the Fee Examiner cannot conclude that the requested fees are reasonable. D&P has provided evidence of

5

its understanding, but not the FOMB's understanding. Even if that understanding were the same, it does not dispose of the reasonableness question.

### III. Even if the parties intended October 2018 as the baseline for the significant incremental increase, the fees may nonetheless be unreasonable, particularly if D&P's work did not provide full value.

The same day D&P filed its final report—its work product—the FOMB hired Ernst & Young Puerto Rico LLP to perform some of the services originally specified in D&P's scope of work document. *See* Limited Objection at ¶ 10. In reviewing, line-by-line, Ernst & Young's fee application for the relevant time period, the Fee Examiner identified many time entries that suggest that D&P's work was incomplete. *See* SOF Response 4. These facts suggest that perhaps one reason for the constantly-evolving D&P engagement terms was performance. The pending discovery requests may corroborate or disprove this impression, but even so, D&P cannot foreclose a robust examination of the issue through a premature and unwarranted dispositive legal conclusion, particularly when its own discovery requests are still pending. It has subpoenaed FOMB Executive Director Natalie Jaresko and General Counsel Jaime A. El Koury for depositions before the January 3, 2020 deadline mandated by the Procedural Order. Viola Decl. at ¶¶ 4-5, Exs. 2-3.

## CONCLUSION

It is D&P's obligation to establish that its fees are reasonable and necessary given the "nature, the extent, and the value of such services, taking into account all relevant factors," some of which are outlined in section 316 of PROMESA. In the Fee Examiner's judgment, the evolving engagement agreement, the significant overage of the estimated project management cost, D&P's incomplete compliance with the Fee Examiner's supplemental information requests, and concerns about the work product led to the conclusion that D&Ps fees do not satisfy

PROMESA's requirements. This is an intensely factual issue ill-suited to even partial resolution on summary judgment.

## RELIEF REQUESTED

WHEREFORE, the Fee Examiner asks the Court to deny the Motion or, in the alternative, defer its consideration until the completion of discovery, the submission of pre-trial stipulations and briefing, and a hearing on the Fee Examiner's Limited Objection as scheduled for January 30, 2020.

Dated: December 3, 2019.

**WE HEREBY CERTIFY** that on this date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all attorneys of record registered in the use of the CM/ECF system.

EDGE LEGAL STRATEGIES, PSC

  *s/Eyck O. Lugo*
Eyck O. Lugo
Vilmarys M. Quiñones Cintrón
252 Ponce de León Avenue
Citibank Tower, 12th Floor
San Juan, PR 00918
Telephone: (787) 522-2000
Facsimile: (787) 522-2010

*Puerto Rico Counsel for Fee Examiner*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Brady Williamson (*Pro Hac Vice*)
*Fee Examiner*

Katherine Stadler (*Pro Hac Vice*)
*Counsel for the Fee Examiner*

21552143.3