# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS<br><br>**This filing relates only to PREPA, and shall be filed in the lead Case No. 17-BK-3283-LTS, and PREPA's Title III case (Case No. 17-BK-4780-LTS)** |

### RESPONSE OF ASSURED GUARANTY CORP. AND ASSURED GUARANTY MUNICIPAL CORP. TO THE COURT'S NOVEMBER 8, 2019 ORDER (CASE NO. 17-4780, ECF NO. 1723) GRANTING MOTION TO SEAL FOR LIMITED DURATION AND FOR SUPPLEMENTAL BRIEFING

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

USActive 54446374.5

To the Honorable United States Magistrate Judge Judith Gail Dein:

Assured Guaranty Corp. ("AGC") and Assured Guaranty Municipal Corp. ("AGM" and, together with AGC, "Assured") respectfully submit this supplemental brief in response to the Court's *Order Granting Motion To Seal For Limited Duration and For Supplemental Briefing* (Case No. 17-3283, ECF No. 9129; Case No. 17-4780, ECF No. 1723)[2] in support of the continued sealing of Exhibits 21, 22 and 51 to the Declaration of Zachary Zwillinger ("Zwillinger Declaration") (ECF Nos. 1707, 1708, 1709, 1710) that was filed in support of the *Official Committee of Unsecured Creditors' Objection to Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928 and Bankruptcy Rules 3012(a)(1) and 9019 For Order Approving Settlements Embodied in Restructuring Support Agreement* (ECF No. 1701) ("UCC's Objection"), and any references to Exhibits 21, 22 and 51 in the UCC's Objection.

## BACKGROUND

1. Exhibits 21, 22 and 51 are documents produced by Assured in response to various document requests by the UCC and other parties in the discovery relating to the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(i) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods* (ECF No. 1235) ("9019 Motion").

2. Exhibits 21 (ASSURED-PREPA_000005728-40) and 22 (ASSURED-PREPA_00005939-68) are Assured internal credit memorandums that were prepared by Assured in determining whether to issue insurance policies on certain bonds issued by PREPA. Exhibit 51

---

[2] "ECF No." refers to documents filed in Case No. 17-BK-4780-LTS, unless otherwise noted.

USActive 54446374.5 -1-

(ASSURED-PREPA-9019 MOTION_00034736-37) are emails, dated January 26-28, 2019, between Jorge Gana of Assured and Andrew Shannahan of Knighthead (one of the members of the Ad Hoc Group) regarding negotiations over the Definitive Restructuring Support Agreement ("RSA") with representatives of the Financial Oversight and Management Board for Puerto Rico ("Oversight Board"), the Puerto Rico Fiscal Agency and Financial Authority ("AAFAF") and the Puerto Rico Electric Power Authority ("PREPA" and together with the Oversight Board and AAFAF, "Government Parties").

3. Exhibits 21 and 22 were designated "Professional Eyes Only Material" and Exhibit 51 was designed "Confidential Material" pursuant to the *Stipulation and Order in Connection with Discovery Regarding the Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(I) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* (ECF No. 1322) (the "Protective Order") (which incorporated the *Stipulation and Protective Order in Connection with the Motion of National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee Inc. for Relief from the Automatic Stay to Allow Movants to Enforce their Statutory Right to Have a Receiver Appointed* (ECF No. 1052)).

4. The Protective Order defines "Confidential" or "Confidential Material" as:

> any Material produced by any Party or non-party (each referred to herein as a "Producing Party") that the Producing Party considers in good faith to contain commercial, financial, trade secret, research and development, or personal information of a proprietary nature that is not known to, or has not generally been made available to, the public or other information the disclosure of which, in the good faith judgment of the Producing Party, would be detrimental to the conduct of the Producing Party's business or official functions.

ECF No. 1052 ¶ 2.

5. The Protective Order defines "Professional Eyes Only" or "Professional Eyes Only Material" as:

> Confidential Material that a Producing Party considers in good faith to (a) contain or reflect highly confidential and sensitive proprietary information related to the Producing Party's previous, existing or ongoing operations for which restricted access is necessary to prevent a risk of competitive or financial harm to the Producing Party in the ongoing operation of its business; (b) contain or reflect the Producing Party's analyses regarding the treatment or valuation of the debt, assets or securities of PREPA, other Title III debtors and other public corporations of the Commonwealth of Puerto Rico, to the extent restricted access to such analyses is reasonably necessary to prevent a risk of competitive or financial harm to the Producing Party or harm to PREPA's proposed privatization transaction; (c) contain or reflect an individual's financial or personal information; or (d) be documents or information that are otherwise subject to confidentiality agreements with third parties that require such documents to be designated Professional Eyes Only.

ECF No. 1322 ¶ 4.

6. Assured designated Exhibits 21 and 22 as "Professional Eyes Only Material" because both documents contain and reflect highly confidential and sensitive proprietary information related to Assured's previous, existing and ongoing operations. These documents contain internal assessments, procedures, strategies and process that Assured used to determine whether to issue insurance policies on PREPA bonds. The public disclosure of these internal credit memorandums would be highly detrimental to Assured because it could cause competitive and financial harm to Assured in the ongoing operation of its business.

7. Assured designated Exhibit 51 as "Confidential Material" because the emails reflect the negotiation strategy, priorities, and other material non-public information of Assured, the Ad Hoc Group and the Government Parties. The public disclosure of these emails would be detrimental to Assured, the Ad Hoc Group and the Government Parties because it would reveal their negotiation strategy and priorities to other counterparties in the future.

# ARGUMENT

8. Although there is a general presumption of public access to court records, 11 U.S.C. § 107 provides that information in public filings can be protected in limited circumstances, including where necessary to "protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]" 11 U.S.C. § 107(b)(1) (2010). Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Federal Rules")[3] gives courts the authority to enter a protective order sealing "confidential research, development, or commercial information." A party seeking a protective order sealing documents must demonstrate good cause, which requires a "particularized factual showing of the harm that would be sustained" if the documents were not sealed. *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008). The burden to show good cause is lower when the documents for which sealed treatment is requested relate to discovery matters, because there is no tradition of public access to discovery materials. *See Anderson v. Cryovac, Inc*., 805 F.2d 1, 13 (1st Cir. 1986) (declining to extend the common law presumption that the public may view judicial records to discovery materials because "there is no tradition of public access to discovery").

### I. Exhibits 21 and 22: Assured Internal Credit Memorandums

9. "[B]usiness information that might harm a litigant's competitive standing" may be a sufficient interest to overcome the right of public access to court records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) ("the common-law right of inspection has bowed before the power of a court to insure that its records" do not serve "as sources of business information that might harm a litigant's competitive standing"); *Glass Dimensions, Inc.*

---

[3] The Federal Rules are applicable to these proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Section 310 of Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").

*v. State Street Corp.*, No. 10–10588–FDS, 2013 WL 6280085, at *1 (D. Mass. Dec. 3, 2013) (allowing documents to remain under seal when parties have "a legitimate and significant interest in protecting the sensitive business information"); *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02–3721, 2004 WL 737485, at *10 (E.D. La. Apr. 5, 2004) ("[a]mple precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information to outside attorneys and experts, particularly when there is some risk that a party might use the information or disseminate it to others who might employ it to gain a competitive advantage over the producing party") (citations omitted); *Bank of New York & JCPL Leasing Corp. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 144 (S.D.N.Y. 1997) (discussing "broad spectrum of internal corporate documents that courts regularly hold to be confidential business information" (citations omitted) and finding that internal manuals and auditing policies and procedures "constitute confidential and proprietary information, the unprotected disclosure of which would likely be harmful to [plaintiff's] business").

10. As a financial guaranty insurer, Assured issues insurance policies that guaranty the scheduled payment of principal and interest on bonds, notes and similar securities in the event the issuer of the particular insured security fails to make all or a portion of any principal and/or interest payment when such payment is due. Bonds issued by PREPA are among the bonds insured by Assured. In determining whether to issue insurance policies on various bonds, Assured typically reviews relevant documents related to the bond issuance and evaluates and assesses the bonds, issuer, security for the bonds, strengths and weaknesses of the bonds and performs other due diligence. Assured summarizes this work in an internal credit memorandum that is submitted to credit officers or the credit committee. After reviewing the credit memorandum, the credit officers or the credit committee determine whether Assured should proceed with the issuance of the insurance policy and offer a commitment of insurance.

11. Exhibit 21 is an internal credit memorandum prepared by Financial Security Assurance Inc. ("FSA" now known as AGM) in connection with PREPA's issuance of Power Revenue Bonds, Series II and Power Revenue Refunding Bonds, Series JJ on December 31, 2001. Exhibit 22 is an internal credit memorandum prepared by AGM in connection with PREPA's issuance of Power Revenue Refunding Bonds, Series DDD on September 29, 2010.

12. Exhibits 21 and 22 are highly confidential and sensitive proprietary information because they contain and reflect Assured's internal assessments, procedures, strategies and process to determine whether to issue insurance policies and review by credit officers or the credit committee. Assured's procedures, strategies and process are substantially the same as when Exhibits 21 and 22 were prepared. These procedures, strategies and process are proprietary and highly confidential and sensitive. Assured does not publicly disclose these procedures, strategies and process nor does Assured publicly disclose its credit memorandum. Indeed, the confidential and sensitive nature of Assured's credit memorandum is precisely why Assured designated Exhibits 21 and 22 as "Professional Eyes Only Material," as opposed to designating the documents as "Confidential Material." The unsealing of Exhibits 21 and 22 may cause Assured competitive and financial harm in the ongoing operation of its business because it would publicly disclose its procedures, strategies and process to Assured's competitors and other parties, including those seeking to have bonds insured by Assured.

## II. Exhibit 51: Negotiation-Related Emails

13. Assured joins in, and incorporates herein, the arguments made by the Government Parties that documents related to RSA negotiations should remain under seal. *See Response of the Financial Oversight and Management Board and The Puerto Rico Fiscal Agency and Financial Advisory Authority to the Court's Order Granting Motion to Seal for Limited Duration and for Supplemental Briefing* ("Government Parties' Response"). Exhibit 51

should remain under seal for the same reasons as set forth in the Government Parties' Response and for the additional reasons set forth below.

14. Exhibit 51 are emails, dated January 26-28, 2019, between Assured and the Ad Hoc Group regarding RSA negotiation strategy, non-final deal terms and open points of negotiation. The Government Parties are not on these emails, but the emails reveal various negotiating positions taken by the Government Parties as well as Assured and the Ad Hoc Group. These emails reveal the terms and key points that the parties viewed as most important at that stage of the negotiations. The emails also highlight the main points of disagreement between Assured, the Ad Hoc Group and the Government Parties. Public disclosure of these emails would reveal sensitive non-public information about the parties' negotiating positions. Such disclosure would materially harm Assured, the Ad Hoc Group and the Government Parties because it would negatively impact those parties' ability to negotiate and reach agreements with other counterparties in the future.[4]

## CONCLUSION

15. For the reasons set forth herein, Assured respectfully requests that the Court permit the continued sealing of Exhibits 21, 22 and 51 and any references to Exhibits 21, 22 and 51 in the UCC's Objection.

---

[4] Assured has conferred with counsel for the Government Parties and the Ad Hoc Group regarding Exhibit 51 and those parties agree with Assured that Exhibit 51 should remain under seal.

Dated: December 5, 2019
        New York, New York

| CASELLAS ALCOVER & BURGOS P.S.C. | CADWALADER, WICKERSHAM & TAFT LLP |
|---|---|
| By: /s/ *Heriberto Burgos Pérez* <br> Heriberto Burgos Pérez <br> USDC-PR 204809 <br> Ricardo F. Casellas-Sánchez <br> USDC-PR 203114 <br> Diana Pérez-Seda <br> USDC-PR 232014 <br> P.O. Box 364924 <br> San Juan, PR  00936-4924 <br> Telephone:  (787) 756-1400 <br> Facsimile:  (787) 756-1401 <br> Email:  hburgos@cabprlaw.com <br>        rcasellas@cabprlaw.com <br>        dperez@cabprlaw.com <br><br> *Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | By:/s/ *Howard R. Hawkins, Jr.* <br> Howard R. Hawkins, Jr.* <br> Mark C. Ellenberg* <br> William J. Natbony* <br> Ellen Halstead* <br> Thomas J. Curtin* <br> Casey J. Servais <br> 200 Liberty Street <br> New York, NY  10281 <br> Telephone:  (212) 504-6000 <br> Facsimile:  (212) 406-6666 <br> Email:  howard.hawkins@cwt.com <br>        mark.ellenberg@cwt.com <br>        bill.natbony@cwt.com <br>        ellen.halstead@cwt.com <br>        thomas.curtin@cwt.com <br>        casey.servais@cwt.com <br><br> *admitted pro hac vice <br><br> *Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case.

At New York, New York, the 5th day of December 2019.

By: */s/ Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*
* Admitted *pro hac vice*