# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>The Commonwealth of Puerto Rico, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>The Puerto Rico Electric Power Authority,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>**Court Filing Relates Only to PREPA and Shall be Filed in the lead Case No. 17-BK-3283-LTS, and PREPA's Title III Case No. 17-BK-4780-LTS** |

### RESPONSE OF THE AD HOC GROUP OF PREPA BONDHOLDERS TO THE COURT'S NOVEMBER 8, 2019 ORDER GRANTING MOTION TO SEAL FOR LIMITED DURATION AND FOR SUPPLEMENTAL BRIEFING

To The Honorable United States Magistrate Judge Judith G. Dein:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("**PBA**") (Bankruptcy Case No. 19 BK 5233-LTS (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Ad Hoc Group of PREPA Bondholders (the "Ad Hoc Group") respectfully submits this response (the "Response") to the Court's November 8, 2019 *Order Granting Motion to Seal for Limited Duration and for Supplemental Briefing* [Case No. 17-4780, ECF No. 1723].

## JOINDER & RESPONSE

1. The Ad Hoc Group joins in the *Response of the Financial Oversight and Management Board, the Puerto Rico Fiscal Agency and Financial Advisory Authority, and Citigroup Capital Markets Inc. to the Court's Order Granting Motion to Seal for Limited Duration and for Supplemental Briefing* [ECF No. 1805] (the "Government Parties' Response"), and the *Response of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. to the Court's November 8, 2019 Order (Case No. 17-4870, ECF No. 1723) Granting Motion to Seal for Limited Duration and for Supplemental Briefing* [ECF No. 1804] (the "Assured Response"), to the extent set forth herein, and respectfully submits this brief in support of the continued sealing of certain deposition transcript excerpts that were included as exhibits to the Declaration of Zachary Zwillinger ("Zwillinger Declaration") [ECF Nos. 1707, 1708, 1709, 1710] that was filed in support of the *Objection to Joint Motion of Puerto Rico Electric Power Authority and AAFAF for Order Approving Settlements Embodied in Restructuring Support Agreement* [ECF No. 1701] (the "UCC Objection"), and any references to those deposition transcript excerpts in the UCC Objection.[2]

2. The Ad Hoc Group joins in Part I of the Government Parties' Response to the extent it relates to negotiations between the Government Parties and the Ad Hoc Group. As the Government Parties have explained, these exhibits reflect the negotiation strategies of the parties, including the positions taken by the parties during the negotiations. The disclosure of these

---

[2] Capitalized terms not defined here have the meanings set forth in the Motion or the Government Parties' Response.

documents would reveal non-final deal terms and expose non-public information regarding the negotiations tactics taken by the parties and should be treated as "Confidential" and "Professional Eyes Only" as applicable pursuant to the Protective Order.

3. The Ad Hoc Group also joins in the Assured Response to the extent it relates to Exhibit 51. Exhibit 51 is an email between a principal at Assured and a principal at one of the members of the Ad Hoc Group that reflects negotiations between the Ad Hoc Group and the Government Parties. As Assured has stated, disclosure of this document would "be detrimental to Assured, the Ad Hoc Group and the Government Parties because it would reveal their negotiation strategy and priorities to other counterparties in the future." Assured Response at ¶ 7.

4. The Ad Hoc Group submits that the redacted portion of Exhibit 20 to the UCC Objection, excerpts from the deposition of Stephen J. Spencer, should also remain sealed for the same reasons set forth in Part I of the Government Parties' Response and the Assured Response's arguments on Exhibit 51. Similar to the redactions to the excerpts of David Brownstein's deposition, marked as Exhibit 10, the redacted portion of Mr. Spencer's deposition discusses the negotiating history between the parties, specifically regarding call protection. Portions of the redactions also quote from presentations from Citi that reflect the Government Parties' non-final negotiating positions. This is exactly the type of sensitive, non-public information that should remain under seal, as unsealing it would "provide a direct window into the [parties'] negotiation process and strategy, which will be detrimental to future negotiations on the [parties'] behalf." Government Parties' Response ¶ 18.

5. Finally, the Ad Hoc Group submits that lines 141:7-11 and 141:16-142:21 of Exhibit 27, excerpts from the deposition of Oversight Board member David Skeel, should remain

3

under seal because they reflect non-public information about the trading history of a member of the Ad Hoc Group.[3]

6. 11 U.S.C. § 107 provides that information in public filings can be protected in limited circumstances, including when it is necessary to "protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." A fund's individual trading decisions are a result of their own internal trading protocols and strategy decisions. As such, they "contain or reflect highly confidential and sensitive proprietary information related to the Producing Party's previous, existing or ongoing operations for which restricted access is necessary to prevent a risk of competitive or financial harm to the Producing Party in the ongoing operation of its business." Protective Order (definition of "Professional Eyes Only"). Many of the other parties involved in these Title III cases, including some of the Fuel Line Lenders, are other funds that are competitors of the members of the Ad Hoc Group. They should not be allowed to profit off information about an Ad Hoc Group member's trading decisions gained in the course of this discovery.

7. Moreover, keeping information about this specific trade under seal would not deprive the public of any necessary information, because the Ad Hoc Group regularly files verified statements of all of its members' holdings pursuant to Federal Rule of Bankruptcy Procedure 2019 ("Rule 2019") as required under Rule 2019 and this Court's Case Management Order [Case No. 17-03283, ECF No. 8027-1].

---

[3] If the Court decides that the full text of those selections of Exhibit 27 should not remain under seal, then the Ad Hoc Group asks that the name contained in lines 141:8 and 141:18 and the Ad Hoc Group member name that appears in line 142:10 should remain redacted for the reasons set forth herein.

**CONCLUSION**

8. For the reasons set forth herein, the Ad Hoc Group respectfully requests that the Court permit the continued sealing of the relevant portions of Exhibits 20, 27 and 51 and any references to Exhibits 20, 27 and 51 in the UCC Objection.

We hereby certify that, on this same date, we electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will notify the attorneys of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, December 5, 2019.

| | |
|---|---|
| **TORO COLÓN MULLET P.S.C.**<br>P.O. Box 195383<br>San Juan, PR 00919-5383<br>Tel.: (787) 751-8999<br>Fax: (787) 763-7760<br><br>*/s/ Manuel Fernandez-Bared*<br>MANUEL FERNÁNDEZ-BARED<br>USDC-PR No. 204,204<br>E-mail: mfb@tcm.law<br><br>*/s/ Linette Figueroa-Torres*<br>LINETTE FIGUEROA-TORRES<br>USDC-PR No. 227,104<br>E-mail: lft@tcm.law<br><br>*/s/ Nayda Perez-Roman*<br>NAYDA PEREZ-ROMAN<br>USDC–PR No. 300,208<br>E-mail: nperez@tcm.law<br><br>*Counsel for the Ad Hoc Group of PREPA Bondholders* | **KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Tel.: (212) 715-9100<br>Fax: (212) 715-8000<br><br>*/s/ Amy Caton*<br>AMY CATON*<br>THOMAS MOERS MAYER*<br>MICHAEL J. DELL*<br>NATAN HAMERMAN*<br>ALICE J. BYOWITZ*<br>Email: acaton@kramerlevin.com<br>       tmayer@kramerlevin.com<br>       mdell@kramerlevin.com<br>       nhamerman@kramerlevin.com<br>       abyowitz@kramerlevin.com<br>*Admitted Pro Hac Vice*<br><br>*Counsel for the Ad Hoc Group of PREPA Bondholders* |