**Hearing Date: December 11, 2019 at 9:30 a.m. (AST)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 03283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 03566-LTS |

## REPLY IN FURTHER SUPPORT OF MOTION OF UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO FOR RELIEF FROM THE AUTOMATIC STAY

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-05523 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

REPLY ..........................................................................................................................................3

       A.     THE OBJECTION IS NOT RESPONSIVE TO THE RELIEF SOUGHT IN THE MOTION................................................................................................3

       B.     THE OBJECTORS LACK STANDING OR ARE OTHERWISE INAPPROPRIATE PARTIES TO OBJECT TO THE REQUESTED RELIEF. ..................................................................................................................8

       C.     THE OBJECTORS' COUNSEL ALSO PURPORTEDLY REPRESENTS THE ERS IN THIS MATTER. ...............................................................................10

# TABLE OF AUTHORITIES

## Cases

*EMI Equity Mortg., Inc. v. Valdés-Morales*,
  315 F. Supp. 3d 694 (D.P.R. 2018) .................................................................................. 8

*Estate of Scott v. Cervantes*,
  2008 WL 11337657 (C.D. Cal. July 29, 2008) ................................................................ 5

*Getty Petroleum Mktg., Inc. v. 2211 Realty, LLC*,
  2012 WL 527655 (D. Mass. Feb. 16, 2012) ..................................................................... 4

*Grella v. Salem Five Cent Sav. Bank*,
  42 F.3d 26 (1st Cir. 1994) ................................................................................................ 5

*In re Asbestos Prods. Liab. Litig. (No. VI)*,
  921 F.3d 98 (3d Cir. 2019) ............................................................................................... 9

*In re D'Arcangelo*,
  146 B.R. 314 (Bankr. D. Mass. 1992) .............................................................................. 5

*In re Encompass Servs. Corp.*,
  337 B.R. 864 (Bankr. S.D. Tex. 2006) ............................................................................. 5

*In re Fin. Oversight & Mgmt. Bd. for P.R*,
  330 F. Supp. 3d 667 (D.P.R. 2018) .................................................................................. 5

*In re Franck*,
  19 F.3d 1440, 1994 WL 93169 (9th Cir. 1994) ................................................................ 9

*In re Loewen Grp. Int'l, Inc.*,
  344 B.R. 727 (Bankr. D. Del. 2006) ................................................................................ 5

*In re Lopez-Soto*,
  764 F.2d 23 (1st Cir. 1985) .......................................................................................... 8, 9

*In re LTC Holdings, Inc.*,
  587 B.R. 25 (Bankr. D. Del. 2018) .................................................................................. 7

*In re Middlesex Power Equip. & Marine, Inc.*,
  292 F.3d 61 (1st Cir. 2002) .............................................................................................. 5

*In re Millsap*,
  141 B.R. 732 (Bankr. D. Idaho 1992) .............................................................................. 4

*In re Nakash*,
  190 B.R. 763 (Bankr. S.D.N.Y. 1996) ........................................................................... 10

*In re Overmyer*,
  32 B.R. 597 (Bankr. S.D.N.Y. 1983) .................................................................................. 4

*In re Pharmakinetics Labs., Inc.*,
  139 B.R. 350 (D. Md. 1992) ............................................................................................... 9

*In re Pro Football Weekly, Inc.*,
  60 B.R. 824 (N.D. Ill. 1986).................................................................................................. 5

*In re Unanue-Casal*,
  159 B.R. 90 (D.P.R. 1993) .................................................................................................. 8

*Mar. Elec. Co. v. United Jersey Bank*,
  959 F.2d 1194 (3d Cir. 1991)............................................................................................... 7

*Neca Mortg. Corp. v. A & W Dev., S.E.*,
  137 P.R. Dec. 860 (1995).................................................................................................... 5

*Pearson v. First NH Mortg. Corp.*,
  200 F.3d 30 (1st Cir. 1999) ............................................................................................... 11

*Redondo Constr. Corp. v. Alcaraz Emmanuelli*,
  2006 WL 8450164 (D.P.R. Oct. 20, 2006) ......................................................................... 7

*RNPM, LLC v. Cobas-Mondriguez*,
  938 F. Supp. 2d 231 (D.P.R. 2013) ..................................................................................... 9

*Sastre v. Cabrera*,
  75 P.R. Dec. 1 (1953).......................................................................................................... 5

*Silvia Font de Bardon v. Mini-Warehouse Corp.*,
  2010 TSPR 96, 179 P.R. Dec. 322 (2010) .......................................................................... 5

*Sturge v. Diversified Transp. Corp.*,
  772 F. Supp. 183 (S.D.N.Y. 1991)....................................................................................... 7

**Statutes**

48 U.S.C. § 2166........................................................................................................................ 9

48 U.S.C. § 2175...................................................................................................................... 10

48 U.S.C. § 2194........................................................................................................................ 9

**Rules**

L.Cv.R. 5(g) ................................................................................................................................ 5

L.Cv.R. 83E .............................................................................................................................. 10

Model Rule 1.7................................................................................................................... 10

Model Rule 3.3................................................................................................................... 11

UBS Financial Services Incorporated of Puerto Rico ("UBS Financial"), by and through the undersigned counsel, submits this reply (the "Reply") in further support of the *Motion of UBS Financial Services Incorporated of Puerto Rico for Relief From the Automatic Stay* (Dkt. No. 8823, the "Motion") and in response to the *Objection of the Individual Plaintiffs Retirees and Beneficiaries of the ERS Trust to the Motion of UBS Financial Services Incorporated of Puerto Rico for Relief From the Automatic Stay* (Dkt. No. 9341, the "Objection"). UBS Financial respectfully states as follows:

## PRELIMINARY STATEMENT[2]

1. With the Motion, UBS Financial requests relief from the automatic stay so that it can assert counterclaims against the ERS in a lawsuit pending in the Commonwealth Court in Puerto Rico. The parties empowered to grant relief from the automatic stay for the ERS – the FOMB's Special Claims Committee and the AAFAF – have consented to the relief sought by UBS Financial. Accordingly, UBS Financial attaches hereto a stipulated and proposed order that fully resolves the Motion and allows UBS Financial to file its proposed counterclaims against the ERS in the ERS Action. Subject to this Court's approval, UBS Financial and the FOMB view the terms of the proposed order as a positive resolution of their dispute.

2. Ordinarily, the parties would present this proposed order via a short informative motion, but this longer Reply is required because other parties to the ERS Action have filed a 35 page Objection to the Motion. The objectors – purported beneficiaries of the ERS – lack standing to oppose the Motion, which is directed to the rights of the ERS alone. Indeed, the proposed order is expressly drafted not to affect the rights of the individual plaintiffs in the ERS Action. The proposed order provides that the automatic stay will be lifted to allow for the filing

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

of the counterclaims, then re-imposed to stay further prosecution and defense of the counterclaims – without prejudice to a later motion for further relief from the stay.

3. The Objection is not actually an opposition to the relief sought in the Motion, but objects to ***possible future motions*** that could seek to stay the entire ERS Action or remove it to this Court. ***Such relief is not requested*** in the Motion, which merely requests a lifting of the automatic stay to allow for the filing of the counterclaims.

4. Although UBS Financial believes that the ERS Action should be stayed, UBS Financial respectfully submits that the interested parties should present that issue to the Court in an orderly manner ***pursuant to a motion that actually seeks such relief.*** To that end, the proposed order establishes a schedule for the FOMB to file a motion regarding the application of the automatic stay to the entirety of the ERS Action. The proposed order contemplates that this issue will be presented to the Court at the January omnibus hearing (barring some agreement of the parties). UBS Financial reserves its right to request a stay of the ERS Action on other grounds as well.[3]

5. In sum, the Objection should be overruled because it (a) does not address the relief requested in the Motion, (b) argues against relief not presently before this Court, (c) is largely devoid of citations to authority or pertinent legal argument, and (d) is filed by an improper party without standing. The Objection does not address the relevant test for relief from the stay – the *Sonnax* factors. The only relevant points made in the Objection actually ***support***

---

[3] The Objection states that it was filed by "counsel for individual plaintiffs, beneficiaries of the Retirement System of the Commonwealth of Puerto Rico." Objection at 38. The counsel who filed the Objection, however, also represent the ERS in the ERS Action. Thus, the ERS is arguing with itself. This puts UBS Financial in an unfair position, particularly where lawyers purportedly acting on behalf of the ERS are seeking the same relief against UBS Financial in the PROMESA proceedings ***and also*** in the Commonwealth Court. UBS Financial will raise this disorderly and duplicative litigation as one of several grounds for a stay at the January omnibus hearing (if the feuding lawyers for the ERS have not resolved their differences by then).

2

*lifting the stay* because the objectors concede the compulsory, defensive nature of UBS Financial's counterclaims against the ERS.

6. Accordingly, UBS Financial respectfully requests that the Court enter the revised form of order consensually agreed to by the FOMB, the AAFAF and UBS Financial.

**REPLY**

**A. THE OBJECTION IS NOT RESPONSIVE TO THE RELIEF SOUGHT IN THE MOTION.**

7. The Motion seeks simple, straightforward relief. UBS Financial asks the Court for relief from the automatic stay so that it can file its proposed counterclaims in response to the Fourth Amended Complaint in the ERS Action. Importantly, the counterclaims are asserted solely against the ERS. In the Motion, UBS Financial identifies the relevant test for obtaining relief from the stay – the *Sonnax* factors – and explains why stay relief is appropriate here. *See* Motion at ¶¶ 24-35.

8. Since then, UBS Financial has negotiated and worked cooperatively with the ERS's authorized counsel – specifically, counsel to the FOMB's Special Claims Committee – toward a consensual resolution of the Motion.[4] UBS Financial and the FOMB are pleased to inform the Court that a consensual resolution of the Motion has been reached, the terms of which are set forth in the revised proposed order attached hereto as Exhibit A.[5]

9. Because UBS Financial thought it had a deal with authorized parties who could consent to a lifting of the automatic stay, counsel for UBS Financial was surprised when the

---

[4] *See Informative Motion Regarding Adjournment of Hearing on, and Extension of Deadline to Objection to, the Motion of UBS Financial Services Incorporated of Puerto Rico for Relief From the Automatic Stay* (Dkt. No. 8923).

[5] A blackline showing changes from the original proposed order filed with the Motion is attached hereto as Exhibit B.

3

lengthy Objection was filed by another set of lawyers for the ERS – the lawyers representing the ERS in the ERS Action. Although those lawyers purport to have filed the Objection solely on behalf of their individual beneficiary clients only, their arguments oppose the filing of the counterclaims against the ERS – the counterclaims are not brought against the individuals.

10. Before addressing the faults with the Objection, UBS Financial notes that the Objection implicitly reinforces UBS Financial's – and the FOMB's – position that a lift of the automatic stay is appropriate here. The Objection concedes that the proposed counterclaims are compulsory counterclaims raised in defense to the relief sought in the ERS Action. *See* Objection at 14 ("The proposed Counterclaim is a 'compulsory counterclaim' . . . ."). This concession strongly favors lifting the automatic stay. *See, e.g.*, *In re Overmyer*, 32 B.R. 597, 601 (Bankr. S.D.N.Y. 1983) ("Where a debtor seeks affirmative relief as a plaintiff in a lawsuit and then invokes the protection of the automatic stay on a counterclaim, the situation warrants very careful scrutiny. In such instance, a court must be cautious to avoid a decision which would convert Code § 362 from a shield into a weapon. A debtor should not be permitted to reap the benefits of litigation in one court, but circumvent the burdens in another forum." (citation omitted)); *Getty Petroleum Mktg., Inc. v. 2211 Realty, LLC*, 2012 WL 527655, at *3 n.4 (D. Mass. Feb. 16, 2012) ("To the extent that counterclaims are essentially defenses to the debtor's claims, 'when the debtor is in the position of the assailant, it would be inequitable to invoke the stay against the defendant[s'] counterclaim . . . .'" (alterations in original) (citation omitted)); *In re Millsap*, 141 B.R. 732, 733 (Bankr. D. Idaho 1992) ("A creditor is entitled to relief from the section 362 automatic stay to assert a counterclaim in debtor initiated non-bankruptcy proceedings in most instances as a matter of right considering the compulsory nature of most counterclaims under rules of civil procedure."); *In re Pro Football Weekly, Inc.*, 60 B.R. 824,

4

826-27 (N.D. Ill. 1986) (reversing bankruptcy court's refusal to lift stay for assertion of compulsory counterclaims as an abuse of discretion).

11. Instead of addressing the factors considered for lifting the stay, the objectors make three irrelevant arguments.[6] As explained below, none of these arguments are a valid objection to granting the consensual proposed order, which merely lifts the automatic stay to allow for the filing of the counterclaims in the Commonwealth Court.[7]

12. ***First,*** the Objection argues that the proposed counterclaims either lack merit or are untimely. The validity of the counterclaims could be considered by the Commonwealth Court, not this Court. It is well-established that where a bankruptcy court grants stay relief to allow another court to hear claims, that other court should adjudicate the merits of those claims. *See, e.g.*, *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 35 (1st Cir. 1994) ("The only issue properly before the court during that hearing was whether the [movant's] claim was colorable, or sufficiently plausible, to lift the stay. The court did not, and indeed, could not adjudicate the substantive merits of either the [movant's] claim, or any possible defenses or counterclaims."); *In re D'Arcangelo*, 146 B.R. 314, 315 (Bankr. D. Mass. 1992) (finding substantive defenses to proposed state court action "would be defenses to repossession, but neither is a defense to a

---

[6] UBS Financial strongly disputes the assertions made throughout the Objection. UBS Financial does not have space in this 15-page Reply to argue for relief, and also refute each of the improper, non-responsive, and often false assertions in the 38-page Objection. Nothing in this Reply should be construed as a waiver of UBS Financial's right to correct the record in an appropriate pleading.

[7] The scant case law cited by the objectors is equally irrelevant to the Motion before the Court. The cases present immaterial issues such as removal and abstention (*In re Fin. Oversight & Mgmt. Bd. for P.R*, 330 F. Supp. 3d 667 (D.P.R. 2018); *In re Middlesex Power Equip. & Marine, Inc.*, 292 F.3d 61 (1st Cir. 2002); *In re Loewen Grp. Int'l, Inc.*, 344 B.R. 727 (Bankr. D. Del. 2006); *In re Encompass Servs. Corp.*, 337 B.R. 864 (Bankr. S.D. Tex. 2006); *Estate of Scott v. Cervantes*, 2008 WL 11337657 (C.D. Cal. July 29, 2008)) or, purportedly, state law defenses to counterclaims (*Silvia Font de Bardon v. Mini-Warehouse Corp.*, 2010 TSPR 96, 179 P.R. Dec. 322 (2010); *Neca Mortg. Corp. v. A & W Dev., S.E.*, 137 P.R. Dec. 860 (1995); *Sastre v. Cabrera*, 75 P.R. Dec. 1 (1953)). No certified English translation of the latter three cases was provided, as is required by the local rules. *See* L.Cv.R. 5(g) (requiring certified English translation of Spanish documents used in pleading).

5

motion for relief from stay to seek repossession"). Here, of course, the objectors' merits arguments are especially dubious because the counterclaims are not even against the objectors; they are against the ERS.

13. The Objection also strenuously argues that the validity of the ERS Bonds is not a matter presented in the ERS Action. *See* Objection at 10-12. Again, this goes to the merits of the counterclaims and should be raised with the Commonwealth Court, not this Court. In any event, the validity of the ERS bonds is raised in the ERS Action in three different ways. First, the plaintiffs explicitly and repeatedly pleaded the issue in the Fourth Amended Complaint.[8] Second, the invalidity of the bonds, which would result in a breach of ERS's representations and warranties to UBS Financial, is integral to one of UBS Financial's affirmative defenses. *See* Answer to Fourth Amended Complaint at 63-64 ("The UBS Defendants are released from any obligation to perform any obligation under their contracts with the ERS in view of the ERS's material breach of its obligations under the same contracts.").[9] Third, the proposed counterclaims plainly raise the issue.

14. ***Second,*** the Objection inexplicably argues against removal, which has not been sought by any party. *See* Objection at 35-37. If a notice of removal to this Court is filed, the objectors, assuming they are parties in interest, will have ample opportunity to present their arguments for abstention. But the Motion contains no such request; therefore, these arguments

---

[8] *See* Fourth Amended Compl. ¶ 1.6 ("the issuance and sale of the Bonds were illicit"), ¶ 4.23 ("Through the Bonds issuance and said alienation or pledge . . . . Said alienation or pledge of the System's employer contributions violates the provisions of Sections 2-116 and 3-105 of the Retirement Act"), ¶ 4.26 ("In order for the Bonds to be issued by the Government, the approval of the Legislative Assembly was required. This approval was requested from the Legislative Assembly and denied by it. Despite this denial by the Legislative Assembly and the public policy that such denial established, the System . . . violated said public policy and . . . proceeded with the issuance and sale of the Bonds."), ¶ 6.22 ("UBS . . . illegally charged substantial commissions . . . related to the reckless, illicit and grossly negligent issuance."). A Certified English Translation of the Fourth Amended Complaint is attached to the Motion as Exhibit B.

[9] A certified English translation of the Answer to the Fourth Amended Complaint is attached hereto as Exhibit C.

6

are not ripe. *See, e.g.*, *In re LTC Holdings, Inc.*, 587 B.R. 25, 41 (Bankr. D. Del. 2018) (finding withdrawal of reference "not ripe for review" where no motion seeking withdrawal was filed); *Redondo Constr. Corp. v. Alcaraz Emmanuelli*, 2006 WL 8450164, at *2 n.3 (D.P.R. Oct. 20, 2006) (noting, but not deciding as "not before the Court," whether case can be 'removed' from district court to bankruptcy court).

15. ***Third***, the objection to a stay or dismissal of the ERS Action suffers from the same infirmity – the Motion does not request a stay. *See* Objection at 37 ("the individual plaintiffs respectfully request this Honorable Court to deny . . . any request by UBS to . . . stay or dismiss the Commonwealth Court action."). The consensual proposed order includes a limited ***lift*** of the stay – to permit the filing of the proposed counterclaims. Once they are filed, the automatic stay will prevent further prosecution or defense ***of the counterclaims***. *See* Proposed Order ¶ 3; *see also Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1207 (3d Cir. 1991) (noting that all judicial actions relating to claims protected by the automatic stay were "void" and further that "the parties themselves could not validly undertake any judicial action material to" that claim); *Sturge v. Diversified Transp. Corp.*, 772 F. Supp. 183, 188 (S.D.N.Y. 1991) (entire claim covered by automatic stay placed on court's "suspense calendar" until stay expiration). By its terms, the proposed order does not implicate the objectors' ability to continue to prosecute and defend the ERS Action. Under the proposed order, all parties expressly reserve their rights to argue for or against an extension of the automatic stay or the imposition of a separate stay of the ERS Action in its entirety. If such a motion is filed, the objectors, assuming they are parties in interest, will have an opportunity to argue their position at that time. But at present, their arguments on the issue are not ripe for adjudication. *See In re LTC Holdings*, 587 B.R. at 41; *Redondo Constr.*, 2006 WL 8450164, at *2 n.3.

7

16. UBS Financial has moved this Court for sensible, limited and entirely appropriate relief. The FOMB, the ERS's statutory representative in this Title III proceeding, has agreed to the relief through the revised proposed order. The non-responsive, rambling Objection does not proffer any legally or factually relevant reason for why this relief should be denied. Any arguments on issues not currently before the Court, such as removal, stay and dismissal, may be raised in an appropriate pleading. In the interim, the Court should enter the proposed order.

### B. THE OBJECTORS LACK STANDING OR ARE OTHERWISE INAPPROPRIATE PARTIES TO OBJECT TO THE REQUESTED RELIEF.

17. The Court can also deny the Objection for lack of standing. The objectors are purported "retirees/beneficiaries and plaintiffs in the [ERS Action]." Objection at 3. However, these objectors do not have standing here; only the FOMB and AAFAF have the authority to settle or object to the Motion.[10] *See* Tenth Amended Case Management Procedures § III.R (notice of intention to lift stay must be given to counsel to FOMB and AAFAF, these parties may then negotiate a consensual resolution of the matter and the FOMB has final consent rights to any such stay relief other than by court order); *see also EMI Equity Mortg., Inc. v. Valdés-Morales*, 315 F. Supp. 3d 694, 698 (D.P.R. 2018) ("The 'automatic stay provision is one of the fundamental ***debtor*** protections in the Bankruptcy Code.'" (emphasis added) (citation omitted)); *In re Unanue-Casal*, 159 B.R. 90, 95 (D.P.R. 1993) (purpose of the automatic stay "is protection of the debtor and his estate from his creditor").[11] For that reason alone, the Objection is

---

[10] UBS Financial understands that the AAFAF does not object to the relief requested, as represented to UBS Financial by counsel to the FOMB. Furthermore, the AAFAF did not file an opposition or other response to the Motion.

[11] Although the First Circuit previously recognized that a creditor may, under certain circumstances, intervene and oppose the lifting of the automatic stay, those circumstances are not present here. *See In re Lopez-Soto*, 764 F.2d 23, 27 (1st Cir. 1985) ("[S]ection 362(d) itself allows, in an appropriate case, a creditor, as well as the bankruptcy debtor, to oppose the lifting of a stay."). The facts in *Lopez-Soto* were unique and inapposite. *See id.* at 28 ("The circumstances this case presents are unlikely to arise often."). The intervening creditors made a showing that "[the creditor has] an interest in the property, a significant likelihood of injury to that interest from
*(cont'd)*

8

improper and should be disregarded.

18.     Additionally, the objectors submit the Objection "without submitting to the jurisdiction of this Court."  Objection at 3.  It is unclear how the objectors believe they can request relief or rulings from this Court while simultaneously refusing to submit themselves to the Court's jurisdiction.  Regardless, this Court clearly has subject matter jurisdiction to determine the Motion.  *See* 48 U.S.C. § 2194(e)(1) (providing that this Court has "original and exclusive jurisdiction of any civil actions arising under or related to this section" dealing with the automatic stay).  Personal jurisdiction in this Court is also far-reaching.  *See id.* at § 2166(c) ("The district court in which a case under this subchapter is pending shall have personal jurisdiction over any person or entity.").  Further, personal jurisdiction relates to a court's ability to bring a particular defendant before it.  *See RNPM, LLC v. Cobas-Mondriguez*, 938 F. Supp. 2d 231, 232-33 (D.P.R. 2013) (explaining that courts assess "personal jurisdiction to determine whether a defendant could anticipate being hailed to the forum jurisdiction").  In any event, it is well-settled that filing pleadings or seeking affirmative relief and rulings from a court constitute consent to the court's jurisdiction.  *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 106 (3d Cir. 2019) ("Generally, a party who requests affirmative relief and rulings from a court is considered to have waived the personal jurisdiction defense."); *Cobas-Mondriguez*, 938 F. Supp. 2d at 233 (noting that "[a]t no point has [personal jurisdiction doctrine] ever been extended

---

lifting the stay, inadequate representation by others, and legal arguments based on those facts that could lead the bankruptcy court to decide in its favor." *Id*. at 28.  Other than this limited exception, federal case law recognizes that creditors or non-debtor parties do not have authority to enforce the automatic stay.  *See, e.g.*, *In re Franck*, 19 F.3d 1440, 1994 WL 93169, at *3 (9th Cir. 1994) (unpublished table decision) ("[T]he automatic stay does operate to the benefit of the creditors because it provides for the orderly distribution of property of the debtor's estate.  However, the fact that individual creditors might incidentally benefit from the automatic stay or be injured in some way by its violation does not give those creditors standing under the Bankruptcy Code to bring an action claiming the stay was violated."); *In re Pharmakinetics Labs., Inc.*, 139 B.R. 350, 353 (D. Md. 1992) ("This violation has been raised only by a [non-debtor], which, as a non-debtor, is not protected by the automatic stay of Section 362(a) of the Bankruptcy Code and therefore, [the non-debtor] has no standing whatsoever to raise the issue of its violation.").

9

to govern a federal court's jurisdiction over a plaintiff"); *In re Nakash*, 190 B.R. 763, 767-68 (Bankr. S.D.N.Y. 1996) (finding party had "submitted himself" to the court by, among other things, "appearing through New York counsel as a party in interest before this court" and filing pleadings with the court).

## C.    THE OBJECTORS' COUNSEL ALSO PURPORTEDLY REPRESENTS THE ERS IN THIS MATTER.

19.    As noted above, the arguments in the Objection are truly made on behalf of the ERS, which is the sole counterclaim-defendant. But the ERS's actual representative in this Court – the FOMB – has consented to the Proposed Order submitted by UBS Financial. *See* 48 U.S.C. § 2175(b) ("The Oversight Board in a case under this subchapter is the representative of the debtor."). The actions of objectors' counsel are even more confounding because two of the three law firms that filed the Objection actually represent the ERS itself, not just the individual plaintiffs, in the ERS Action.[12] These lawyers' advocacy against the position of their current client, the ERS, is blatantly unethical. *See* L.Cv.R. 83E (requiring attorney compliance with the American Bar Association's Model Rules of Professional Conduct); *see* Model Rule 1.7 ("[A] lawyer ***shall not*** represent a client if the representation involves a concurrent conflict of interest." (emphasis added)).

20.    Additionally, on the signature page of the Objection, the counsel who represent the ERS state that they represent the "individual plaintiffs, beneficiaries of the Retirement System of the Commonwealth of Puerto Rico" without disclosing their concurrent representation of the ERS itself. Objection at 38. UBS Financial submits that those counsel violated their duty of candor to this tribunal by not disclosing their representation of the ERS. *See* Model Rule 3.3

---

[12] One of the three lawyers who signed the objection, Jose A. Andreu Fuentes, represents only the individuals in the ERS Action, not the ERS.

10

and Comment thereto (providing that "a lawyer shall not knowingly make a false statement of fact or law to a tribunal" and noting that "there are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation."). Candor to the tribunal is a bedrock principle of our adversarial system. *See, e.g.*, *Pearson v. First NH Mortg. Corp.*, 200 F.3d 30, 37-38 (1st Cir. 1999) (explaining that "[f]raud on the Court is an 'intentional deflecting of the Court from knowing all the facts necessary to make an appropriate judicial decision on the matter before it'" and further chastising counsel for "fail[ure] to disclose the conflict of interest existing at the time he *commenced* his representation of [a party in a bankruptcy proceeding]" and treating such omission as "an affirmative misrepresentation to the court, which did not comport with his duty of candor"). UBS Financial respectfully submits that the Court should view all of the arguments and representations of objectors' counsels with skepticism in light of counsels' misleading description of the scope of their representation in the ERS Action.

WHEREFORE, UBS Financial respectfully requests that the Honorable Court (A) enter an order, substantially in the form attached hereto, and (B) grant UBS Financial such further relief as is just and proper.

**[remainder of page intentionally blank]**

11

Respectfully Submitted:

In San Juan, Puerto Rico, this 6th day of December, 2019.

| | |
|---|---|
| OF COUNSEL: | McCONNELL VALDÉS LLC |
| | 270 Muñoz Rivera Ave. |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Hato Rey, Puerto Rico 00918 |
| | Tel.: (787) 250-2631 |
| Paul J. Lockwood (*admitted pro hac vice*) | Fax: (787) 759-9225 |
| One Rodney Square | |
| P.O. Box 636 | By: */s/ Roberto C. Quiñones-Rivera* |
| Wilmington, Delaware 19899 | Roberto C. Quiñones-Rivera, Esq. |
| Tel.: (302) 651-3000 | USDC-PR Bar No. 211512 |
| Fax: (302) 651-3001 | rcq@mcvpr.com |
| | |
| | *Counsel for UBS Financial Services Incorporated of Puerto Rico* |

12