# **EXHIBIT A**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br>Case No. 17-BK-3283-LTS<br><br><br>(Jointly Administered) |

## [PROPOSED] INTERIM CASE MANAGEMENT ORDER

On July 24, 2019, the Court issued an *Order Regarding Stay Period and Mandatory Mediation*, 17-BK-3283-LTS, ECF No. 8244 (the "Stay Order") that stayed the adversary proceedings and contested matters identified in Appendix I of the Stay Order.[2]  Further, the Stay Order directed the parties in these Title III proceedings to enter into a period of mandatory

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

[2]     On October 28, 2019, the Court entered its *Order Granting Urgent Joint Motion of Oversight Board and AAFAF for Order Extending (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto* [ECF No. 9016], pursuant to which the stay provided for in the Stay Order was extended until December 31, 2019.

mediation overseen by Chief Bankruptcy Judge Barbara J. Houser (the "Mediation Team

Leader").  The Stay Order required the Commonwealth of Puerto Rico (the "Commonwealth") and

the Puerto Rico Public Buildings Authority ("PBA," together with the Commonwealth, the

"Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the

"Oversight Board"), either on its own or through the Special Claims Committee (the "SCC"), as

the Commonwealth's and PBA's sole representative pursuant to section 315(b) of the *Puerto Rico*

*Oversight, Management, and Economic Stability Act* ("PROMESA") along with the movants or

plaintiffs in each of the adversary proceedings and contested matters identified in Appendix I of

the Stay Order (together, "Plaintiffs"), and certain defendants, respondents, and parties in interest

that had appeared in such proceedings  (the "Identified Parties")[3] to participate in discussions and

communications facilitated by the Mediation Team Leader.  Among other things, the Mediation

Team Leader commenced those discussions to facilitate the filing of substantially agreed

scheduling orders with respect to the adversary proceedings and contested matters filed by the

Debtors against holders of general obligation bonds issued by the Commonwealth and holders of

bonds guaranteed by the Commonwealth.[4]

The schedule set forth in this Interim Case Management Order governs the (i) claim

objections that have been filed in the Commonwealth Title III case against the claims filed by

holders of certain general obligation bonds issued by the Commonwealth and holders of certain

---

[3]     For clarity, a list of the Identified Parties is attached as Appendix A.

[4]     The Mediation Team Leader directed Plaintiffs and certain of the Identified Parties to draft
and, if possible, jointly submit the proposed scheduling orders pursuant to the direction and
oversight of the Mediation Team, however the Mediation Team expressly reserved the
rights of all parties (including the drafters) to object to the proposed scheduling orders,
including but not limited to this proposed Interim Case Management Order.  For the
avoidance of doubt, all parties who participated in the drafting of this proposed Interim
Case Management Order expressly reserve all rights to object to any and all provisions on
this or any other proposed case management orders.

bonds guaranteed by the Commonwealth, No. 17-BK-3283, ECF Nos. 4784 (holders of general

obligation bonds issued in or after March 2012), 7057 (holders of general obligation bonds issued

in 2011), 8141 (holders of PBA bonds) (collectively, the "Claim Objections"); (ii) solely to the

extent that any defendant opts to voluntarily participate in any litigation concerning the Claim

Objections, the adversary proceedings commenced by the SCC and the Official Committee of

Unsecured Creditors (the "UCC")[5] [Adv. Pro. Nos. 19-281, 19-282, 19-283, 19-284, 19-285,

19-286, 19-287, 19-288 (collectively, the "Clawback Litigation") and Adv. Pro. No. 280 (the

"Underwriter Litigation")]; and (iii) the adversary proceeding in the Commonwealth Title III case

seeking a declaration that the PBA leases are not "true leases" subject to Section 365(d)(3) of the

Code and that the PBA is not entitled to a priority administrative claim, Adv. Proc. No. 18-149 (the

"PBA Adversary Proceeding"); and (iv) the adversary proceedings seeking a determination of,

*inter alia*, the validity of these bondholders' asserted liens and, if such liens are valid, to avoid

same  (Adv. Proc. Nos. 19-291, 19-292, 19-293, 19-294, 19-295, 19-296, and 19-297, collectively

the "GO Lien Challenges") .  This document is being filed in all relevant Title III proceedings,

relating to the respective adversary proceedings pending in each such proceeding.

Upon the Interim Report and Recommendation of the Mediation Team filed by the

Mediation Team Leader, dated November 27, 2019, and the Court having found and determined

that: (i) the Court has jurisdiction to consider the proposed Interim Case Management Order and

the relief requested therein under PROMESA section 306(a); (ii) venue is proper before this Court

pursuant to PROMESA section 307(a); (iii) the relief requested is in the best interests of the

Debtors, their creditors, and other parties in interest; (iv) the Debtors provided adequate and

---

[5]     The UCC is the official committee of unsecured creditors for all Title III Debtors, other
than PBA and COFINA.

appropriate notice under the circumstances and that no other or further notice is required; and (v)

after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1.      **Claim Objections Schedule**—The following deadlines shall govern the litigation

of the Claim Objections:

- Filing deadline for additional omnibus objections disputing the validity of claims related to
  general obligation bonds issued by the Commonwealth, bonds guaranteed by the
  Commonwealth, or bonds issued by the PBA[6] ("Future Claim Objections") and any
  amendments to the existing objections or notices of participation pending in the Claim
  Objections:  January 8, 2020

- Federal Rule of Bankruptcy Procedure 7012 is hereby incorporated in the litigation of the
  Claim Objections and any Future Claim Objections.  Accordingly, the Identified Parties,
  holders of challenged claims, and other interested parties (including defendants in the
  Clawback Litigation and Underwriter Litigation) may file motion(s) seeking dismissal
  under Federal Rule of Civil Procedure 12(b), in whole or in part, of one or more of the
  Claim Objections and any Future Claim Objections.  For the avoidance of doubt, a party's
  failure to raise an argument in this Motion-to-Dismiss phase shall not preclude that party
  from raising the argument at subsequent stages of the proceeding unless the ruling on the
  Motion to Dismiss precludes such an assertion.  The briefing schedule governing such
  motions is as follows:

  o   Opening Brief(s) for the Identified Parties:  February 5, 2020

  o   Opening Brief(s) for all other bondholders or interested parties (including
      defendants in the Clawback Litigation and Underwriter Litigation who opt to
      voluntarily participate in these proceedings, see *infra*):  February 19, 2020

---

[6]      Notwithstanding the filing deadline for Future Claim Objections established herein, the
UCC reserves the right to join the Omnibus Conditional Objection of the Ad Hoc Group of
General Obligation Bondholders to Claims Filed or Asserted by the PBA, Holders of PBA
Bonds, and Holders of Certain Commonwealth GO Bonds, No. 17-BK-3283, ECF No.
6099 (the "Conditional Claim Objection") or to otherwise object (including by way of
amendment) to claims based on PBA bonds in the event that, in the litigation of its GO
Claim Objections, the Court dismisses the objections or issues any ruling that would allow
or provide a basis for arguing that additional PBA bonds are invalid or that PBA bonds are
invalid on grounds other than those asserted in the UCC's pending objections, including,
without limitation, that, if the PBA is a "sham" or served as a mechanism to evade Puerto

- o Opposition Brief(s) for proponents of the Claim Objections and proponents of any Future Claim Objections: March 18, 2020

- o Reply Brief(s) for Identified Parties: April 8, 2020

- o Reply Brief(s) for all other bondholders or interested parties (including defendants in the Clawback Litigation): April 20, 2020

- o Hearing: April 30, 2020

- Clawback Litigation and Underwriter Litigation: Defendants in the Clawback Litigation and Underwriter Litigation may voluntarily opt to participate in these motion-to-dismiss proceedings. However, neither entry of this Interim Case Management Order nor the filing of briefs in connection with the motions to dismiss the Claim Objections shall constitute "termination of the Stay" for the purposes of paragraph 4 of the *Order Clarifying Effect of Prior Orders and Establishing Notice and Objection Process Regarding Disclosure of Confidential Information*, No. 17-BK-3283, ECF No. 8797 (the "Notice Order"). For the avoidance of doubt, the Clawback Litigation and Underwriter Litigation remain stayed absent further order of the Court and the Notice Order shall not be in any way amended by this Interim Case Management Order.[7]

- The *Joint Motion of Certain Adversary Defendants Seeking Entry of an Order Authorizing Participation in Determination of Constitutional Validity of Challenged Bonds*, ECF No. 7747 (the "Underwriter Litigation Participation Motion"), filed by certain defendants to the Underwriter Litigation requesting to participate in certain litigation regarding the Claim Objections, is rendered moot upon entry of this Interim Case Management Order and is dismissed without prejudice to the re-filing thereof as warranted pursuant to further orders of this Court.

- Discovery: Absent further order of the Court, discovery in connection with Claim Objections and any Future Claim Objections shall be stayed; *provided, however*, that this stay of discovery shall not prohibit any party from voluntarily complying with discovery requests and shall not prohibit any party from seeking such agreements with respect to discovery requests.

---

Rico's constitutional debt limit, the only bonds that should be invalidated are PBA bonds and/or that all PBA bonds are invalid.

[7] For the further avoidance of doubt: defendants to the Clawback Litigation may file notices of appearance and participate in these motion-to-dismiss proceedings, under pseudonym as otherwise permitted by the Notice Order.

2.  **PBA Adversary Proceeding Schedule**—The following deadlines shall govern the PBA Adversary Proceeding:

- Pending motion for judgment on the pleadings:

  - o  Opening and opposition briefs have already been filed.

  - o  Reply brief(s):  April 8, 2020 (or such other date as is subsequently set for Reply Brief(s) for Identified Parties with respect to the Claim Objections or any Future Claim Objections)

  - o  Hearing:  April 30, 2020 (or such other date as is subsequently set for a hearing with respect to Motions to Dismiss the Claim Objections or any Future Claim Objections)

- Absent further order of the Court, the remainder of the PBA Adversary Proceeding is stayed pending resolution of the motion for judgment on the pleadings.  To the extent necessary, and absent further order of the Court, the litigation schedule following resolution of that motion, including the dates for fact and expert discovery, pretrial motions (including dispositive motions and motion(s) in limine), the joint pretrial report, proposed findings of fact and conclusions of law, the final conference, and trial, shall be determined at a later date based on whatever issues remain unresolved following the Court's decision on the motion for judgment on the pleadings.

3.      2. **GO Lien Challenges Schedule**—The following deadlines shall govern the GO

Lien Challenges:

- Motion(s) to Dismiss the GO Lien Challenges in whole or in part:

  - o  Opening Brief(s) for the Certain Interested Defendants[8] and the other Identified Parties listed on Appendix A (to the extent such other Identified Parties are defendants in the GO Lien Challenges, including as a result of intervention): February 5, 2020

  - o  Opening Brief(s) for all other Defendants: February 19, 2020

---

[8]     This term refers to the defendants listed in Exhibit B to the Superseding Status Report of the Debtors and Alternative Proposed Case Management Orders of Debtors and Certain Defendants in Connection with Adversary Proceedings Numbers 19-291, 19-292, 19-293, 19-294, 19-295, 19-296, and 19-297, No. 17-BK-3283, ECF No. 8083 (July 17, 2019).

- o   Opposition Brief(s) for Plaintiffs: April 3, 2020

- o   Reply Brief(s) for Certain Interested Defendants and the other Identified Parties listed on Appendix A (to the extent such other Identified Parties are defendants in the GO Lien Challenges, including as a result of intervention): May 4, 2020

- o   Reply Brief(s) for all other Defendants: May 15, 2020

- o   Hearing:  June __, 2020[9]

4.   ~~3.~~ To the extent that resolution of the applicable Motions to Dismiss does not result in dismissal of the Claim Objections, any Future Claim Objections, and the GO Lien Challenges, the remainder of the schedule for all unresolved Claim Objections, Future Claim Objections, and GO Lien Challenges shall be set by separate order of the Court following its ruling on the applicable Motions to Dismiss.

5.   ~~4.~~ In all instances, any party filing a brief must certify that it has taken reasonable efforts to avoid duplication and submit a brief that is no longer than necessary.  The Court will not view favorably briefs that are unduly repetitive or that duplicate arguments made elsewhere.

6.   ~~5.~~ In all instances, both (i) the various Identified Parties in the Claim Objections and the Certain Interested Defendants in the GO Lien Challenges and (ii) the proponents of the Claim Objections (including parties who filed notices of participation in support of the Claim Objections) and Plaintiffs in the GO Lien Challenges shall, for issues on which their respective positions are aligned in any of the pleadings detailed in this Interim Case Management Order, use

---

[9]   Because of the potential of overlapping issues, the motion(s) to dismiss the GO Lien Challenges should, to the extent possible, be heard together with any motion(s) to dismiss any adversary proceedings in the Commonwealth or HTA Title III cases against holders of bonds issued by HTA, the Puerto Rico Convention Center District Authority ("CCDA"), or the Puerto Rico Infrastructure Financing Authority ("PRIFA") challenging liens and/or objecting to claims with respect to bonds issued by HTA, CCDA, or PRIFA.

reasonable efforts to draft a single brief and coordinate to minimize duplicative briefs.  Those

parties shall include a certification in their briefs confirming that they have taken such efforts.

7.     6. All other bondholders and interested parties in the Claim Objections and

Defendants in the GO Lien Challenges, with respect to any pleadings detailed in this Interim Case

Management Order, shall certify to the Court that they have reviewed all briefs submitted by the

Identified Parties or Certain Interested Defendants.  Such other bondholders, interested parties,

and Defendants may file additional briefs only if they raise issues unique or specialized to that

party, or such additional brief otherwise raises an argument or issue not addressed in the briefs

filed by the Identified Parties or Certain Interested Defendants.  Absent further order of the Court,

such additional briefs shall be limited to seven (7) pages.

8.     7. The Court may, by separate order, impose further limitations on the number and

length of pleadings contemplated by this Interim Case Management Order.

9.     8. The Debtors shall serve any agency, department, or instrumentality of the United

States in accordance with Rule 7004(b) of the Federal Rules of Bankruptcy Procedure.

10.     9. The Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, enforcement, or interpretation of this Interim Case Management

Order.

11.     10. This Interim Case Management Order shall be entered simultaneously in (i)

each of the applicable adversary proceedings identified in Appendix I of the Stay Order, and (ii)

each Title III case docket corresponding to applicable contested matters identified in Appendix I of

the Stay Order.  A list of such applicable proceedings and matters is attached as Appendix B.

12.     11. The Objection Notice annexed hereto as Appendix C and the Spanish

translation thereof annexed hereto as Appendix D are hereby approved.

13.   12. The UCC shall cause Prime Clerk, within five (5) business days after December 31, 2019 (but not earlier), to serve copies of the Objection Notice upon (a) all individuals and entities who filed proofs of claim that are reflected on Prime Clerk's database as "bond claims" against the Commonwealth, and (b) all individuals and entities who submitted Notices of Participation in accordance with the *Order, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, Establishing Initial Procedures With Respect to Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Granting Related Relief* [Docket No. 5143].

14.   13. The UCC shall cause Prime Clerk, within five (5) business days after December 31, 2019 (but not earlier), to commence service of this Interim Case Management Order and the Objection Notice upon all individuals and entities who are beneficial holders of the 2011 GO Bonds and the PBA Bonds (each as defined in the UCC's Omnibus Claim Objections referenced below) in the manner described in the *Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection Notice Upon Beneficial Holders of Challenged GO Bonds*, annexed as Exhibit A to the *Informative Motion of (I) Financial Oversight and Management Board, Acting Through the Special Claims Committee, and (II) The Official Committee of Unsecured Creditors Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of Challenged GO Bonds*, No. 17-BK-3283, ECF No. 5049.

15.   14. The UCC shall cause the publication of a notice, substantially in the form of the Objection Notice, once in (a) *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico), (b) *Caribbean Business* in English (primary circulation in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d) *The Bond*

*Buyer,* and (e) on the municipal bond website EMMA, https://emma.msrb.org/Home.  With respect to all such publications except *Caribbean Business*, the publication shall occur within fourteen (14) after December 31, 2019 (but not earlier).  With respect to *Caribbean Business*, the publication shall occur as promptly as possible after December 31, 2019 (but not earlier).  The above described publication notice shall be deemed good and adequate and sufficient publication of (i) the UCC's Omnibus Claim Objection to the 2011 GO Bonds, No. 17-BK-3283, ECF No. 7057 and (ii) the UCC's Omnibus Claim Objection to the PBA Bonds, No. 17-BK-3283, ECF No. 8141.

16.    15. Within five (5) business days after December 31, 2019 (but not earlier), the FOMB, either on its own or through the SCC, shall cause this Interim Case Management Order to be served on all defendants in the Clawback Litigation, the Underwriter Litigation, and the GO Lien Challenges.

17.    16. DTC shall give notice to its Participants of this Interim Case Management Order and the Objection Notice by posting a copy of said documents to its Legal Notification System in accordance with DTC's Rules and customary procedures within five business (5) days after December 31, 2019 (but not earlier).

SO ORDERED.

Dated:  _____, 2019          _____
                                           Honorable Laura Taylor Swain
                                           United States District Judge

## **<u>Appendix A – List of Identified Parties</u>**

- The Ad Hoc Group of Constitutional Debtholders

- The Ad Hoc Group of General Obligation Bondholders

- Ambac Assurance Corporation

- Assured Guaranty Corp. and Assured Guaranty Municipal Corp.

- Financial Guaranty Insurance Company

- Invesco/Oppenheimer Funds

- The Lawful Constitutional Debt Coalition

- National Public Finance Guaranty Corporation

- The QTCB Noteholder Group

**<u>Appendix B – List of Applicable Adversary Proceedings and Contested Matters</u>**

| | |
|---|---|
| Docket Entry No. 4784 in Case No. 17-3283 | *Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds* |
| Docket Entry No. 7057 in Case No. 17-3283 | *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rules 3007, to Claims Filed or Asserted by Holders of Certain 2011 Commonwealth General Obligation Bonds* |
| Docket Entry No. 8141 in Case No. 17-3283 | *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted Against Commonwealth by Holders of Certain Puerto Rico Public Buildings Authorities Bonds* |
| Adversary Proceedings | 19-AP-280; 19-AP-281; 19-AP-282; 19-AP-283; 19-AP-284; 19-AP-285; 19-AP-286; 19-AP-287; 19-AP-288; 19-AP-291, 19-AP-292, 19-AP-293, 19-AP-294, 19-AP-295, 19-AP-296, and 19-AP-297 |

**<u>Appendix C – Objection Notice (English)</u>**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------------- X
                                                        :
In re:                                                  :
                                                        :
THE FINANCIAL OVERSIGHT AND                             :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                       :   Title III
                                                        :
          as representative of                          :   Case No. 17-BK-3283 (LTS)
                                                        :
THE COMMONWEALTH OF PUERTO RICO et al.,                 :   (Jointly Administered)
                                                        :
          Debtors.[1]                                   :
                                                        :
-------------------------------------------------------------------- X
```

## NOTICE OF (I) OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO (A) CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN 2011 COMMONWEALTH GENERAL OBLIGATION BONDS AND (B) CLAIMS FILED OR ASSERTED AGAINST COMMONWEALTH BY HOLDERS OF CERTAIN PUERTO RICO PUBLIC BUILDINGS AUTHORITIES BONDS AND (II) BRIEFING SCHEDULE REGARDING MOTIONS TO DISMISS WITH RESPECT TO CLAIM OBJECTIONS CONCERNING CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS AND PUERTO RICO PUBLIC BUILDINGS AUTHORITY BONDS

You are receiving this notice because (a) you have been identified as holding (i) one or more of the 2011 Commonwealth General Obligation Bonds (the "2011 GO Bonds") and/or (ii) one more bonds issued by the Puerto Rico Public Buildings Authority (the "PBA Bonds") in 2011 and 2012 and/or (b) you have submitted a notice of participation with respect to the procedures order [Docket No. 5143] regarding the *Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to*

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Claims Filed or Asserted By Holders of Certain Commonwealth General Obligation Bonds*
[Docket No. 4784] (the "2012-2014 GO Bond Objection").[2]

Please note that the Official Committee of Unsecured Creditors (the "Committee" or "Objector") has filed (a) an objection, dated May 21, 2019 [Dkt. No. 7057] (the "2011 GO Bond Objection"), to claims filed or asserted by holders of certain 2011 GO Bonds and (b) an objection, dated July 18, 2019 [Dkt. No. 8141] (the "PBA Bond Objection"), to claims filed or asserted by holders of certain PBA Bonds against the Commonwealth on account of a Commonwealth guarantee.  The full text of the 2011 GO Bond Objection may be found on the Internet by using the following link:
https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=7057.  The full text of the PBA Bond Objection may be found on the Internet by using the following link:
https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=8141.

The 2011 GO Bond Objection seeks to disallow and invalidate claims on account of the 2011 GO Bonds (the "2011 GO Bond Claims").  The PBA Bond Objection seeks to disallow and invalidate claims filed or asserted against the Commonwealth based on certain Commonwealth-guaranteed PBA Bonds (the "PBA Bond Claims").  **Subject to applicable appellate rights, if the Court grants the 2011 GO Bond Objections and/or the PBA Bond Objection in whole or in part, holders of 2011 GO Bond Claims' recovery on account of the 2011 GO Bonds and holders of PBA Bond Claims' recovery on account of the PBA Bonds, as applicable, will be eliminated in whole or in part, and such holders will be forever barred from asserting such claims against the Commonwealth, from voting on any plan of adjustment filed in in this Title III Case, and from participating in any distribution in this Title III Case on account of such 2011 GO Bond Claims and PBA Bond Claims, as applicable.  Thus, the 2011 GO Bond Objection and the PBA Bond Objection may affect your rights.**

Please note further, that on _____, the District Court entered a case management order (the "Case Management Order") that approves a schedule for briefing on motions to dismiss with respect to **the 2011 GO Bond Objection, the PBA Bond Objection, and the 2012-2014 GO Bond Objection**.  The full text of the Case Management Order may be found on the Internet by using the following link: [Prime Clerk link]

The briefing schedule governing such motions to dismiss is as follows:

| | |
|---|---|
| Opening Brief(s) for the Identified Parties (as defined in the Case Management Order) | February 5, 2020 |
| Opening Brief(s) for all other bondholders or interested parties | February 19, 2020 |
| Opposition Brief(s) | March 18, 2020 |
| Reply Brief(s) for Identified Parties | April 8, 2020 |
| Reply Brief(s) for all other bondholders or interested parties | April 20, 2020 |

---

[2]   The 2012-2014 GO Bond Objection objects to claims filed or asserted by holders of certain Commonwealth General Obligation Bonds issued in 2012 and 2014 (as detailed in the 2012-2014 GO Claim Objection).

| Hearing | April 30, 2020 |

Requests for Spanish-language versions of this Notice and any questions regarding this Notice should be sent in writing to:

> Paul Hastings LLP
> 200 Park Avenue
> New York, NY 10166
> Attn:  Douglass E. Barron
> NoticeofParticipation@paulhastings.com
> (212) 318-6690

**La Objeción de Bonos GO de 2011 tiene el propósito de rechazar e invalidar reclamaciones a cuenta de los Bonos GO 2011 (las "<u>Reclamaciones de los Bonos GO de 2011</u>"). La Objeción de Bonos AEP tiene el propósito de rechazar e invalidar reclamaciones presentadas o incoadas contra el Estado Libre Asociado basado en ciertos Bonos AEP garantizados por el ELA (las "<u>Reclamaciones de los Bonos AEP</u>"). Sujeto a los derechos apelativos aplicables, si el Tribunal concede si el Tribunal concede la Objeción de Bonos GO 2011 y/o la Objeción de Bonos AEP  total o parcialmente, la recuperación de los titulares de Bonos GO 2011 por cuenta de los Bonos GO 2011 y la recuperación de los titulares de Bonos AEP por cuenta de los Bonos AEP, según aplicable, se eliminará total o parcialmente, y estos reclamantes quedarán prohibidos para siempre de hacer valer dichas reclamaciones contra el ELA, votar en cualquier plan de ajuste presentado en este Caso bajo el Título III, y participar en cualquier distribución en este Caso bajo el Título III por cuenta de dichas Reclamaciones de los Bonos GO de 2011 y Reclamaciones de los Bonos AEP, según aplicable. Por tanto, la Objeción de Bonos GO 2011 y la Objeción de Bonos AEP pueden afectar sus derechos.**

The CUSIP numbers of the general obligation bonds affected by the 2011 GO Bond Objection are:

| Issuance | CUSIP | Issuance | CUSIP |
|----------|-------|----------|-------|
| 2011 C | 74514LXH5 | 2011 E | 74514LZM2 |
| 2011 C | 74514LXG7 | 2011 E | 74514LZN0 |
| 2011 C | 74514LWZ6 | 2011 E | 74514LZQ3 |
| 2011 C | 74514LXF9 | 2011 E | 74514LZK6 |
| 2011 C | 74514LXD4 | 2011D | 74514LZF7 |
| 2011 C | 74514LWY9 | 2011D | 74514LZC4 |
| 2011 C | 74514LXA0 | 2011D | 74514LZG5 |
| 2011 C | 74514LXE2 | 2011D | 74514LZE0 |
| 2011 C | 74514LXC6 | 2011D | 74514LZB6 |
| 2011 C | 74514LXB8 | 2011D | 74514LZD2 |
| 2011 C | 74514LWX1 | 2011D | 74514LZA8 |
| 2011 PIB | 74514LYW1 | 2011D | 74514LZJ9 |
| 2011 E | 74514LZL4 | 2011D | 74514LZH3 |
| 2011 E | 74514LZP5 | | |

3

The CUSIP numbers of the PBA bonds affected by the PBA Bond Objection are:

| Series | CUSIP | Series | CUSIP |
|--------|-----------|--------|-----------|
| R | 745235M57 | S | 745235P54 |
| R | 745235M65 | S | 745235P88 |
| R | 745235M73 | S | 745235P62 |
| R | 745235M81 | S | 745235P70 |
| S | 745235M99 | T | 745235Q20 |
| S | 745235N23 | U | 745235R52 |
| S | 745235N31 | U | 745235R60 |
| S | 745235N49 | U | 745235R78 |
| S | 745235N56 | U | 745235R86 |
| S | 745235N64 | U | 745235S69 |
| S | 745235N72 | U | 745235R94 |
| S | 745235N80 | U | 745235S28 |
| S | 745235N98 | U | 745235S36 |
| S | 745235P21 | U | 745235S44 |
| S | 745235P39 | U | 745235R37 |
| S | 745235P47 | U | 745235R37 |

4

**Appendix D – Objection Notice (Spanish)**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

```
----------------------------------------------------------------------- X
                                             :
In re:                                       :
                                             :
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN     :   PROMESA
FINANCIERA PARA PUERTO RICO,                 :   Título III
                                             :
        como representante de                :   Caso Núm. 17-BK-3283 (LTS)
                                             :
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO et   :   (Administrado Conjuntamente)
al.,                                         :
                                             :
        Deudores.¹                           :
----------------------------------------------------------------------- X
```

**AVISO DE (I) OBJECIÓN DEL COMITÉ OFICIAL DE ACREEDORES NO
ASEGURADOS, A TENOR CON LA SECCIÓN 502 DEL CÓDIGO DE QUIEBRAS Y LA
REGLA DE QUIEBRAS 3007, SOBRE (A) RECLAMACIONES PRESENTADAS O
INCOADAS POR TENEDORES DE CIERTOS BONOS DE OBLIGACIÓN GENERAL
DE 2011 DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y (B)
RECLAMACIONES PRESENTADAS O INCOADAS POR TENEDORES DE CIERTOS
BONOS DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO E (II)
ITINERARIO DE ALEGATOS SOBRE MOCIONES DE DESESTIMACIÓN CON
RESPECTO A OBJECIONES DE RECLAMACIONES RELACIONADAS A CIERTOS
BONOS DE OBLIGACIÓN GENERAL Y BONOS DE LA AUTORIDAD DE EDIFICIOS
PÚBLICOS DE PUERTO RICO**

Está recibiendo este aviso porque (a) ha sido identificado como tenedor de (i) uno o más
bonos de obligación general emitidos por el Estado Libre Asociado de Puerto Rico (el "ELA") en
el 2011 (los "Bonos GO 2011") y/o (ii) uno o más bonos emitidos por la Autoridad de Edificios

---

¹ Los Deudores en los Casos del Título III, junto con el caso individual de cada Deudor en virtud del mismo título y
los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, según aplicable,
son: (i) el Estado Libre Asociado de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283 (LTS)) (Últimos cuatro
dígitos de la identificación contributiva federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de
Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17-BK-3284 (LTS)) (Últimos cuatro dígitos de la
identificación contributiva federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico
("ACT") (Caso de Quiebra Núm. 17-BK-3567 (LTS)) (Últimos cuatro dígitos de la identificación contributiva
federal: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico
("ERS") (Caso de Quiebra Núm. 17-BK-3566 (LTS)) (Últimos cuatro dígitos de la identificación contributiva
federal: 9686); (v) la Autoridad de Energía Eléctrica de Puerto Rico ("AEE") (Caso de Quiebra Núm.
17-BK-4780 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y la Autoridad de
Edificios Públicos de Puerto Rico ("AEP") (Caso de Quiebra Núm. 19-BK-5233-LTS) (Últimos cuatro dígitos de
la identificación contributiva federal: 3801) ( (Los números de los casos en virtud del Título III están enumerados
como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

Públicos de Puerto Rico (los "Bonos AEP") durante el 2011 y 2012 y/o (b) ha sometido aviso de participación con respecto a la orden de procedimientos [Dkt Núm. 5143] sobre la *Objeción Ómnibus de (I) la Junta de Supervisión y Administración Financiera Para Puerto Rico, actuando a través del Comité de Reclamaciones Especiales, y (II) Comité Oficial de Acreedores No Asegurados, a tenor con la Sección 502 del Código de Quiebras y la Regla de Quiebras 3007, a Reclamaciones Presentadas o Incoadas por Tenedores de Ciertos Bonos de Obligación General del Estado Libre Asociado de Puerto Rico* [Dkt Núm. 4784] (la "Objeción de Bonos GO 2012-2014").[2]

Por favor tenga en cuenta que el Comité Oficial de Acreedores no Asegurados (el "Comité" u "Objetor") ha presentado (a) una objeción, fechada el 21 de mayo de 2019 [Dkt. Núm. 7057] (la "Objeción de Bonos GO 2011") a reclamaciones presentadas o incoadas por titulares de ciertos Bonos GO 2011 y (b) una objeción, fechada el 18 de julio de 2019 [Dkt. Núm. 8141] (la "Objeción de Bonos AEP"),  a reclamaciones presentadas o incoadas por los titulares de ciertos Bonos AEP contra el ELA basado en una garantía del ELA. Puede encontrar el texto completo de la Objeción de Bonos GO 2011 en el siguiente enlace: https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=7057. Puede encontrar el texto completo de la Objeción de Bonos AEP en el siguiente enlace: https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=8141.

La Objeción de Bonos GO de 2011 tiene el propósito de rechazar e invalidar reclamaciones a cuenta de los Bonos GO 2011 (las "Reclamaciones de los Bonos GO de 2011"). La Objeción de Bonos AEP tiene el propósito de rechazar e invalidar reclamaciones presentadas o incoadas contra el Estado Libre Asociado basado en ciertos Bonos AEP garantizados por el ELA (las "Reclamaciones de los Bonos AEP"). **Sujeto a los derechos apelativos aplicables, si el Tribunal concede la Objeción de Bonos GO 2011 y/o la Objeción de Bonos AEP  total o parcialmente, la recuperación de los titulares de Bonos GO 2011 por cuenta de los Bonos GO 2011 y la recuperación de los titulares de Bonos AEP por cuenta de los Bonos AEP, según aplicable, se eliminará total o parcialmente, y estos reclamantes quedarán prohibidos para siempre de hacer valer dichas reclamaciones contra el ELA, votar en cualquier plan de ajuste presentado en este Caso bajo el Título III, y participar en cualquier distribución en este Caso bajo el Título III por cuenta de dichas Reclamaciones de los Bonos GO de 2011 y Reclamaciones de los Bonos AEP, según aplicable. Por tanto, la Objeción de Bonos GO 2011 y la Objeción de Bonos AEP  pueden afectar sus derechos.**

Además, tenga en cuenta que el _____, el Tribunal de Distrito emitió una orden para el manejo del caso (la "Orden de Manejo del Caso") aprobando un itinerario de alegatos para mociones dispositivas con respecto a la Objeción de Bonos GO 2011,  la Objeción de Bonos AEP y la Objeción de Bonos 2012-2014. El texto completo de la Orden de Manejo del Caso está disponible a través del siguiente enlace: [LINK Prime Clerk].

El itinerario de alegatos que gobierna dichas mociones dispositivas es el siguiente:

---

[2] La Objeción de Bonos GO 2012-2014 objeta reclamaciones presentadas o incoadas por tenedores de ciertos Bonos de Obligación General emitidos en el 2012 y 2014 (según se detalla en la Objeción a Reclamación GO 2012-2014).

| | |
|---|---|
| Alegato(s) Inicial para las Partes Identificadas (según definido en la Orden de Manejo de Caso) | 5 de febrero de 2020 |
| Alegato(s) Inicial para todos los demás tenedores de bonos o partes interesadas | 19 de febrero de 2020 |
| Alegato(s) en oposición | 18 de marzo de 2020 |
| Alegato(s) de réplica para las Partes Identificadas | 8 de abril de 2020 |
| Alegato(s) de réplica para todos los demás tenedores de bonos o partes interesadas | 20 de abril de 2020 |
| Vista | 30 de abril de 2020 |

Las solicitudes de las versiones en español de este Aviso y cualquier pregunta relacionada con este aviso se deben enviar por escrito a:

Paul Hastings LLP
200 Park Avenue
New York, NY 10166
Attn: Douglass E. Barron
NoticeofParticipation@paulhastings.com
(212) 318-6690

Los números CUSIP de los bonos de obligación general afectados por la Objeción de Bonos GO 2011 son.

| Emisión | CUSIP | Emisión | CUSIP |
|---|---|---|---|
| 2011 C | 74514LXH5 | 2011 E | 74514LZM2 |
| 2011 C | 74514LXG7 | 2011 E | 74514LZN0 |
| 2011 C | 74514LWZ6 | 2011 E | 74514LZQ3 |
| 2011 C | 74514LXF9 | 2011 E | 74514LZK6 |
| 2011 C | 74514LXD4 | 2011D | 74514LZF7 |
| 2011 C | 74514LWY9 | 2011D | 74514LZC4 |
| 2011 C | 74514LXA0 | 2011D | 74514LZG5 |
| 2011 C | 74514LXE2 | 2011D | 74514LZE0 |
| 2011 C | 74514LXC6 | 2011D | 74514LZB6 |
| 2011 C | 74514LXB8 | 2011D | 74514LZD2 |
| 2011 C | 74514LWX1 | 2011D | 74514LZA8 |
| 2011 PIB | 74514LYW1 | 2011D | 74514LZJ9 |
| 2011 E | 74514LZL4 | 2011D | 74514LZH3 |
| 2011 E | 74514LZP5 | | |

Los números CUSIP de los Bonos AEP afectados por la Objeción de Bonos AEP son:

| Serie | CUSIP | Serie | CUSIP |
|-------|-----------|-------|-----------|
| R | 745235M57 | S | 745235P54 |
| R | 745235M65 | S | 745235P88 |
| R | 745235M73 | S | 745235P62 |
| R | 745235M81 | S | 745235P70 |
| S | 745235M99 | T | 745235Q20 |
| S | 745235N23 | U | 745235R52 |
| S | 745235N31 | U | 745235R60 |
| S | 745235N49 | U | 745235R78 |
| S | 745235N56 | U | 745235R86 |
| S | 745235N64 | U | 745235S69 |
| S | 745235N72 | U | 745235R94 |
| S | 745235N80 | U | 745235S28 |
| S | 745235N98 | U | 745235S36 |
| S | 745235P21 | U | 745235S44 |
| S | 745235P39 | U | 745235R37 |
| S | 745235P47 | U | 745235R37 |