# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | (Jointly Administered) |
| Debtors.[1] | Re: Dkt. No. 9365 |

## DRA PARTIES' RESPONSE AND RESERVATION OF RIGHTS WITH RESPECT TO THE INTERIM REPORT AND RECOMMENDATION OF THE MEDIATION TEAM

**COME NOW** AmeriNational Community Services, LLC (hereafter the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018 and the approved Qualifying Modification for the Government Development Bank for Puerto Rico[2] under Title VI of the *Puerto Rico Oversight, Management and Economic Stability Act* (the "Collateral Monitor" and with the Servicer, the "DRA Parties"), by and through the undersigned legal counsel, and respectfully

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] *See* Dkt. No. 270 of Civil Case No. 18-01561 (LTS).

1

submit this response and reservation of rights to the *Interim Report and Recommendation of the Mediation Team* (the "Interim Report") [Dkt. No. 9365].

### RESPONSE

1. The DRA Parties, which are responsible for the resolution of assets that exceed $5.9 billion in principal across various Commonwealth-related entities, continue to support the efforts of the Mediation Team[3] in the pending Title III cases and the mediation process. Recognizing that the Interim Report is, indeed, only interim in nature, the DRA Parties file this Response simply to reserve their rights to further respond and object upon reviewing the Amended Report.

2. In particular, while the DRA Parties did stipulate to the schedule in Exhibit 3 to the Interim Report, they are not a party to (and were never made aware of) the schedule set forth in Exhibit 2 to the Interim Report (regarding litigation related to the Revenue Bonds). The schedule in Exhibit 2 to the Interim Report likely addresses a number of topics related to HTA that are covered not only in the HTA Lift Stay Motion but also in the DRA Parties' lift-stay motion (the "DRA Lift Stay Motion") [Dkt. No. 7643]. Therefore, if the Court approves both schedules in their current forms, the DRA Parties could face significant prejudice in prosecuting their claims – including the DRA Lift Stay Motion – due to conflicting timeframes between the two schedules. This conflict could impact the DRA Parties' rights with respect to both the DRA Lift Stay Motion and potential arguments regarding confirmation of a plan in both the Commonwealth and HTA Title III cases. The DRA Parties could suffer potentially meaningful economic and constitutional injury if unable to participate in litigation around these issues.[4]

3. To address this potential injury, the DRA Parties may move to intervene and participate in the HTA Lift Stay Motion litigation so that the Court may address the overlapping topics covered by

---

[3] Capitalized terms used herein and otherwise not defined shall have the meeting ascribed to such term in the Interim Report.

[4] The DRA Parties likewise note the Interim Report's reference to "a further motion for relief from the automatic stay anticipated to be filed by holders, insurers, trustees, and/or fiscal agents of bonds issued by CCDA." Interim Report at 6. As the DRA Parties hold $142.8 million (in principal, exclusive of accrued interest) in CCDA obligations, they are similarly concerned about any decisions that could be made in such proceedings without receiving the opportunity to participate and be heard in the same.

4159-5534-5696

the HTA Lift Stay Motion and the DRA Lift Stay Motion concurrently. The DRA Parties will work to address this issue with the parties and the Mediation Team.

4. Because the proposed orders are not final in nature, the DRA Parties need only reserve their rights to object further to any final report or final orders or file a motion to intervene in the HTA Lift Stay Motion litigation or take similar action at this time.

## **RESERVATION OF RIGHTS**

5. The DRA Parties reserve all rights and remedies with respect to the Interim Report and Interim Orders, including but not limited to, the right to file additional submissions or objections with the Court before and/or after the filing of the Amended Report.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today December 6, 2019.

| | |
|---|---|
| **MCCONNELL VALDÉS LLC** | **C. CONDE & ASSOC. LAW OFFICES** |

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5632
Facsimile: 787-759-9225

By: /s/Arturo J. García-Solá
Arturo J. García-Solá
USDC No. 201903
Email: ajg@mcvpr.com

By: /s/Nayuan Zouairabani
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com

*Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority*

By: /s/ Carmen D. Conde Torres

Carmen D. Conde Torres
(USDC No. 207312)
254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel. 787-729-2900
Fax. 787-729-2203
E-Mail: condecarmen@condelaw.com

-and-

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: /s/ Douglas S. Mintz
Douglas S. Mintz (admitted pro hac vice)
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
E-mail: dmintz@orrick.com

and

Peter Amend (admitted pro hac vice)
Monica Perrigino (admitted pro hac vice)
51 West 52nd Street
New York, N.Y. 10019
Telephone: (212) 506-5000
E-mail: pamend@orrick.com
mperrigino@orrick.com

*Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority*

4159-5534-5696