UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------- x
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
:
    Debtors.[1] :
------------------------------------------------------------------- x

**LIMITED RESPONSE AND RESERVATION OF RIGHTS OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO INTERIM REPORT
AND RECOMMENDATION OF MEDIATION TEAM**

To the Honorable United States District Judge Laura Taylor Swain:

    The Official Committee of Unsecured Creditors (the "Committee")[2] hereby files this Limited Response and Reservation of Rights (the "Response") to the *Interim Report and Recommendation of the Mediation Team*, dated November 27, 2019 [Docket No. 9365] (the "Interim Report"). In support of this Response, the Committee respectfully states as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

**RESPONSE**

1. The Committee appreciates the efforts of the Mediation Team in coordinating with numerous interested parties in these Title III cases in order to develop a comprehensive litigation plan to sequence and resolve issues related to the confirmation of a plan of adjustment for the Commonwealth. Based on such efforts to date, the Mediation Team recommends in its Interim Report that certain adversary proceedings and contested matters currently stayed by the Court,[3] along with other future adversary proceedings and contested matters, be permitted to move forward because the issues raised therein "are among the most fundamental and pivotal in the Title III Cases . . . and have the potential to drive overall restructuring outcomes." Interim Report at 5.[4] The Committee has been involved in the Mediation Team's development of the proposed case management orders (other than the scheduling order related to the DRA Parties' stay relief motion), and the Committee agrees that "fundamental and pivotal" matters having the potential to drive the overall restructuring in these Title III cases should move forward now and that the matters identified in proposed case management orders attached to the Interim Report are such matters.

2. However, based on the same "fundamental and pivotal" rationale, the Committee believes that certain additional matters not covered by the Interim Report should also proceed as soon as possible—although, at this time, and given the limited scope of the Interim Report, the Committee is filing this Response merely to reserve all its rights in this regard. By way of example, the Committee believes that the Court should determine prior to a disclosure statement hearing whether the more than $13 billion in general obligation bonds ("GO Bonds") are entitled

---

[3] *See Order Regarding Stay Period and Mandatory Mediation,* dated July 24, 2019 [Docket No. 8244].

[4] The scheduling of the remaining proceedings and matters will be addressed in an amended report (the "Amended Report") to be issued by the Mediation Team on January 10, 2020.

3

to priority over other general unsecured claims, rather than deferring a decision on this issue until the hearing on the confirmation of the *Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.,* [Docket No. 8765] (as it may be amended, the "Plan"). This is so because the Plan is based on the premise that the GO Bonds' purported constitutional priority[5] is preserved in a case under Title III of PROMESA. Indeed, the Plan transforms the purported priority (which, even applicable, would only be triggered when there is a revenue shortfall in a given fiscal year) into a permanent priority that effectively disallows other creditors' claims, providing general unsecured creditors with a recovery of only up to 1.8% (based on the Oversight Board's own estimates) while holders of GO Bonds could recover up to 89.4%, and potentially more. Whether the GO Bonds are entitled to such priority is thus a key gating issue for confirmation of the Plan, and there is no reason to delay consideration of this purely legal issue. Indeed, waiting until the confirmation hearing presents the substantial risk that the Title III constituents will incur the significant costs and delay of having to formulate a revised plan and resolicit creditors.

3. Moreover, the Committee believes that the pending adversary proceeding (filed jointly by the Oversight Board and the Committee as co-plaintiffs) challenging the nature of the purported "leases" between the Public Buildings Authority (the "PBA") and the Commonwealth should proceed at this time, at least as to the pending motion for judgment on the pleadings, which (other than movants' reply) has already been fully briefed.[6] All parties would benefit from the Court's decision on that motion, given that the Plan purports to "settle" the PBA lease

---

[5] Article IV, Section 8 of the Puerto Rico Constitution provides that "[i]n case the available resources including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law."

[6] *See PBA Funds', Assured's and QTCB Noteholder Group's Rule 12(c) Motion for Judgment on the Pleadings* [Adv. Pro. No. 18-149, Docket No. 63].

4

challenge by effectively paying in full all postpetition rents purportedly due to PBA from the Commonwealth.[7]

4. The Committee recognizes that the Interim Report only addresses the briefing and hearing schedule of certain select matters and defers the sequencing of other matters to the Amended Report. Accordingly, the Committee does not object to the Interim Report (except as to the narrow issues discussed below) but reserves all its rights as it relates to the proposed sequencing of other matters in the Amended Report.

A.  **Response to Proposed Case Management Order for Revenue Bonds**

5. As detailed in the proposed case management order for the revenue bond litigation, the Oversight Board intends to commence four new adversary proceedings challenging the claims and liens asserted by holders of certain revenue bonds, including holders of HTA bonds. The Committee has no objection to the Oversight Board commencing three new adversary proceedings to challenge the claims and liens asserted against the Commonwealth by holders of HTA, PRIFA, and CCDA bonds, respectively.[8] However, the Oversight Board should be required to pursue its challenge to the claims and liens asserted by HTA bondholders *against HTA* through the pending adversary proceedings against HTA bondholders [19-AP-362 through 19-AP-365] (the "Pending HTA Adversary Proceedings"), rather than by filing a new complaint (the "New HTA Complaint") that will include the same causes of action as the Pending HTA Adversary Proceedings.[9]

---

[7] Depending upon the Court's decision with respect to the motion for judgment on the pleadings, the parties could later revisit whether the remainder of the PBA litigation should continue to be stayed or proceed further.

[8] The Committee reserves the right to intervene in these adversary proceedings.

[9] Interim Report at 6 ("the new adversary proceedings will include the same claims and counterclaims as the pending HTA-related adversary proceedings"). Given the significant overlap between the claims asserted in the Pending HTA Adversary Proceedings and the claims to be asserted in the New HTA Complaint, the Interim Report recommends that the HTA Adversary Proceedings remain stayed. *Id.*

5

6. As the Court will recall, the Pending HTA Adversary Proceedings were commenced by the Oversight Board and the Committee as co-plaintiffs pursuant to a carefully negotiated stipulation approved by the Court [Docket No. 6990] (the "HTA/ERS Stipulation"), which governs the rights and obligations of the Oversight Board and the Committee with respect to these adversary proceedings. The Oversight Board's strategy of commencing a new adversary proceeding without the Committee as co-plaintiff to assert the same claims as in the pending HTA Adversary Proceedings is an improper attempt to bypass the HTA/ERS Stipulation, which requires a finding of good cause before the Oversight Board can proceed as sole plaintiff.[10] Here, there are no grounds to remove the Committee as co-plaintiff, particularly in light of the fact that the Committee is currently working cooperatively with the Oversight Board in the other litigation jointly commenced by the Oversight Board and the Committee, including litigation related to the ERS bonds. Nor is the fact that the Oversight Board intends to assert additional causes of action a sufficient reason to bypass the HTA/ERS Stipulation. Such additional causes of action can and should instead be asserted by amending the complaints in the Pending HTA Adversary Proceedings.

7. For these reasons, the Committee requests that the proposed case management order for the revenue bond litigation be revised to require the Oversight Board to pursue its challenge to the claims and liens asserted by HTA bondholders against HTA through the Pending HTA Adversary Proceedings. Alternatively, to the extent the Court is persuaded that a new adversary proceeding is necessary as a matter of administrative convenience (e.g., a smaller set of defendants), the Committee should be appointed as co-plaintiff with the Oversight Board in the New HTA Complaint.

---

[10] *See HTA/ERS Stipulation* ¶8.

8. Furthermore, the Committee requests that it be exempted from the proposed seven-page limit for any briefs filed by intervenors in the new revenue bond adversary proceedings.[11] While the Committee appreciates the need to limit the size of briefs filed by bondholders (of which there could be dozens), the Committee, as the only statutory fiduciary for unsecured creditors, should not be subjected to such a strict page limit. To be clear, the Committee will, of course, avoid duplication of the briefs filed by named parties.

**B.  Response to Proposed Scheduling Order for DRA Parties' Stay Relief Motion**

9. Finally, the Committee requests that the scheduling order with respect to the DRA Parties' motion for relief from the automatic stay [Docket No. 7643] ("Stay Motion") be modified so as to make clear that, in addition to the Oversight Board and AAFAF, the Committee may also file, if it so chooses, (a) an objection to the Stay Motion on the issue of the DRA Parties' standing and (b) a reply to the DRA Parties' response, in each case by the deadlines specified in the proposed scheduling order.

[*Remainder of page intentionally left blank.*]

---

[11] *See* Interim Report, Ex. 2 ([Proposed] Interim Case Management Order for Revenue Bonds) n. 4.

WHEREFORE, the Committee respectfully requests that the Court grant the relief requested herein.

Dated: December 6, 2019 By: /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

and

/s/ John Arrastia
GENOVESE JOBLOVE & BATTISTA, P.A
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*

and

By:   */s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC-PR 218312)
Luis F. Llach Zúñiga, Esq. (USDC-PR 223112)
Israel Fernández Rodríguez, Esq. (USDC-PR 225004)
Juan C. Nieves González, Esq. (USDC- PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC-PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
lllach@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

9