UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------X
In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.*,

    Debtors.[1]

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

Re: Dkt. Nos. 9365, 9503, 9505

---------------------------------------------------------------X

## DRA PARTIES' SUPPLEMENTAL RESERVATION OF RIGHTS WITH RESPECT TO THE INTERIM REPORT AND RECOMMENDATION OF THE MEDIATION TEAM

**COME NOW** AmeriNational Community Services, LLC (hereafter the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018 and the approved Qualifying Modification for the Government Development Bank for Puerto Rico[2] under Title VI of the *Puerto Rico Oversight, Management and Economic Stability Act* (the "Collateral Monitor" and with the Servicer, the "DRA Parties"), by and through the undersigned legal counsel, and respectfully

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] *See* Dkt. No. 270 of Civil Case No. 18-01561 (LTS).

1

4147-2596-5601

submit this supplemental reservation of rights to the *Interim Report and Recommendation of the Mediation Team* (the "Interim Report") [Dkt. No. 9365].

### RESPONSE

1. On December 6, 2019, the DRA Parties filed the *DRA Parties' Response and Reservation of Rights with Respect to the Interim Report and Recommendation of the Mediation Team* (the "DRA Parties' Initial Response") [Dkt. No. 9503]. The DRA Parties' Initial Response notes the DRA Parties' support for the Mediation Team's[3] efforts in the pending Title III cases and the mediation process but "reserve[s] their rights to object further to any final report or final orders or file a motion to intervene in the HTA Lift Stay Motion litigation or take similar action[.]" DRA Parties' Initial Response ¶ 4.

2. Also on December 6, 2019, the Official Committee of Unsecured Creditors filed the *Limited Response and Reservation of Rights of Official Committee of Unsecured Creditors to the Interim Report and Recommendation of Mediation Team* (the "UCC Response") [Dkt. No. 9505]. Among other things, the UCC "requests that the scheduling order with respect to [the DRA Lift Stay Motion] be modified so as to make clear that, in addition to the Oversight Board and AAFAF, the Committee may also file, if it so chooses, (a) an objection to the Stay Motion on the issue of the DRA Parties' standing and (b) a reply to the DRA Parties' response, in each case by the deadlines specified in the proposed scheduling order." UCC Response ¶ 9.

3. As in the DRA Parties' Initial Response, the DRA Parties recognize the interim nature of the Interim Report. However, the DRA Parties nevertheless file this supplemental reservation to reserve all rights to respond and/or object to the UCC's request to be included in any scheduling with respect to the DRA Lift Stay Motion. In particular, the UCC's decision to raise this issue in a single paragraph of a "limited response and reservation of rights" is procedurally insufficient for intervening in the DRA lift stay litigation. Rather, the UCC should file a separate motion to intervene —explaining why, and under

---

[3] Capitalized terms used herein and otherwise not defined shall have the meeting ascribed to such term in the DRA Parties' Initial Response.

2

4147-2596-5601

what basis, they can participate as a party in the DRA lift stay litigation—to which the DRA Parties reserve all rights and remedies to properly respond and object.

4. While the UCC raised this issue at the last moment as a result of the interim nature of the process put forward by the Mediation Team to resolve issues efficiently and consensually, the UCC must, nevertheless, adhere to proper procedure. The UCC may not use the UCC Response as a substitute or replacement to the filing of a formal motion to intervene in the DRA lift stay litigation. The DRA Parties will consider the UCC's request should they properly seek to intervene, and the DRA Parties intend to discuss the request with the UCC and Mediation Team during the period prior to any final report and final scheduling orders.[4]

5. Until the UCC takes the appropriate steps, the DRA Parties again reserve all rights and remedies with respect to the Interim Report and Interim Orders, the UCC Response, as well as any motion to intervene in the DRA lift stay litigation filed by the UCC in the near future, and any future reports, requests, or proposed orders filed by the Mediation Team, including but not limited to, the right to file additional submissions or objections with the Court before and/or after the filing of any Amended Report.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today December 10, 2019.

---

[4] The UCC should have raised this issue earlier to the DRA Parties for their consideration and discussion with the Mediation Team prior to the filing of the Interim Report. In any event, nothing prevents the UCC from reaching out the DRA Parties to discuss their request with the UCC and Mediation Team at this juncture prior to the entry of any final report and final scheduling orders.

3

4147-2596-5601

| | |
|---|---|
| **MCCONNELL VALDÉS LLC** | **C. CONDE & ASSOC. LAW OFFICES** |

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5632
Facsimile: 787-759-9225

By: */s/Arturo J. García-Solá*
Arturo J. García-Solá
USDC No. 201903
Email: ajg@mcvpr.com

By: */s/Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com

***Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority***

**C. CONDE & ASSOC. LAW OFFICES**

By: */s/ Carmen D. Conde Torres*

Carmen D. Conde Torres
(USDC No. 207312)
254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel. 787-729-2900
Fax. 787-729-2203
E-Mail: condecarmen@condelaw.com

*-and-*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted pro hac vice)
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
E-mail: dmintz@orrick.com

and

Peter Amend (admitted pro hac vice)
Monica Perrigino (admitted pro hac vice)
51 West 52nd Street
New York, N.Y. 10019
Telephone: (212) 506-5000
E-mail: pamend@orrick.com
mperrigino@orrick.com

***Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority***

4

4147-2596-5601