# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

```
-----------------------------------------------------------x
In re                                              :
                                                   :
THE FINANCIAL OVERSIGHT AND                        :
MANAGEMENT BOARD FOR                               :   PROMESA
PUERTO RICO,                                       :   Title III
                                                   :
as representative of                               :   Case No. 17 BK 3283-LTS
                                                   :
THE COMMONWEALTH OF PUERTO RICO,                   :   (Jointly Administered)
et. al.,                                           :
                                                   :
         Debtors.                                  :
                                                   :
-----------------------------------------------------------x
```

### REPLY MEMORANDUM IN SUPPORT OF DUFF & PHELPS, LLC MOTION FOR SUMMARY JUDGMENT UNDER FED.R. BANKR. P. 7056 [DOC. NO. 9188]

**SCHULTE ROTH & ZABEL LLP**
*Attorneys for Duff & Phelps, LLC*
919 Third Avenue
New York, New York 10022
Tel: (212) 756-2150
Fax: (212) 593-5955
MICHAEL L. COOK
(Admitted Pro Hac Vice)
michael.cook@srz.com

**ANTONETTI MONTALVO & RAMIREZ COLL**
*Attorneys for Duff & Phelps, LLC*
P.O. Box 13128
San Juan, PR 00908
Tel: (787) 977-0312
Fax: (787) 997-0323
JOSE L. RAMIREZ-COLL
USDC-PR No. 221702
jramirez@amrclaw.com

## Table of Contents

**Page**

SUMMARY OF D&P REPLY ................................................................................................ 3

I. THE FEE EXAMINER DOES NOT DISPUTE THE APPLICABLE STANDARD FOR SUMMARY JUDGMENT ................................................................................................ 4

II. THE FEE EXAMINER CONCEDED THE ENFORCEABILITY OF THE ENGAGEMENT LETTER ................................................................................................ 6

CONCLUSION ........................................................................... **Error! Bookmark not defined.**

## **TABLE OF AUTHORITIES**

**Cases**  **Page(s)**

Tobin v. Fed Express Corp.,
   775 F.3d 448 (1st Cir. 2014) ................................................................................................... 5

UBS Fin. Servs., Inc. of Puerto Rico v. XL Specialty Ins. Co.,
   929 F.3d 11 (1st Cir. 2019) ..................................................................................................... 6

Urban & Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC
   2019 U.S. Dist. LEXIS 196474, * 11 (N.D. Ill. Nov. 13, 2019) .............................................. 4

Wynne v. Tufts Univ. Sch. Of Med.,
   976 F.2d 791 (1st Cir. 1992) ................................................................................................... 5

**Statutes and Rules**

11 U.S.C. §330(a) ........................................................................................................................ 2

Fed. R. Bankr. P. 7034 ................................................................................................................ 4

Fed. R. Bankr. P. 7056 ................................................................................................................ 1

Fed. R. Civ. P. 56(a) .................................................................................................................... 1

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x
In re                                                       :
                                                            :
THE FINANCIAL OVERSIGHT AND                                 :
MANAGEMENT BOARD FOR                                        :   PROMESA
PUERTO RICO,                                                :   Title III
                                                            :
as representative of                                        :   Case No. 17 BK 3283-LTS
                                                            :
THE COMMONWEALTH OF PUERTO RICO,                            :   (Jointly Administered)
et. al.,                                                    :
                                                            :
         Debtors.[1]                                        :
                                                            :
------------------------------------------------------------x

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT UNDER FED.R. BANKR. P. 7056

Duff & Phelps, LLC ("D&P") submits this reply memorandum (a) in support of its November 15, 2019 motion (Doc. No. 9188) under Fed.R. Bankr. P. 7056(a) for partial summary judgment[2] and (b) in response to the Fee Examiner's December 3, 2019 opposition (Doc. No. 9399). D&P sought a narrow finding, as a matter of law, that D&P's fees were contractually increased, as of November 5, 2018, by $50,000 per week for services covered by its amended first interim application ("Application")[3] during the period November 1, 2018 through January 31, 2019 ("Application Period"). D&P acknowledged the need for the Court's later review under Bankruptcy Code §330(a)

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Fed. R. Bankr. P.9014(c) makes Rule 7056 applicable to this contested matter.

[3] D&P uses here the defined terms in its opening brief (Doc. No. 9188).

(reasonable compensation for actual and necessary services). The Fee Examiner never challenges the terms of the Engagement Letter, but instead misreads them so as to limit the amount of D&P's fees; argues that D&P's motion is "premature;" claims that D&P misstates the Fee Examiner's position; and asserts that D&P's fees may be "unreasonable." D&P continues to believe, as noted in its opening papers, that the Court's disposition of this motion will streamline the trial on the Application or, at the very least, facilitate a negotiated settlement. Stunningly, the Fee Examiner, as of this writing, has avoided any further negotiations since they collapsed in mid-October.

As noted in its opening brief (Doc. No. 9188, at 2), D&Ps' limited motion only sought a finding, based on the terms of the third amendment of the "Engagement Letter" between the Financial Oversight Management Board for Puerto Rico ("the Board" or "FOMB") and D&P that would dispose of a key legal issue here: the Board's authorizing D&P to <u>increase</u> its weekly fees by $50,000 over the previous weekly average fees of $86,413, based on actual work at D&P's agreed upon reduced rates. Despite the Fee Examiner's strained arguments, the sole issue on this motion is purely legal: the interpretation of the undisputed Engagement Letter between the Board and D&P.

Undisputed Material Facts

The material facts are set forth in the affidavit of James Feltman, sworn to November 11, 2019 ("Feltman Aff.") (Doc. No. 9186-1), the D&P Statement of Material Facts, dated November 15, 2019 (Doc. No. 9186), and in the accompanying reply affidavit of Jennifer Jacobson, sworn to December 9, 2019.

The undisputed material facts to dispose of D&P's motion are the following:

1. The Board and D&P signed the Engagement Letter, as amended, three times. Doc. No. 8886-1, Exh. 1, at 43-158.

2. The Fee Examiner has no personal knowledge of the underlying facts. Doc. No. 9408, at 6, 14.

  3. The Board approved in writing each of D&P's three bills during the Application Period. Feltman Aff. ¶6, Exhs. 1, 2 and 3 (Doc. No. 9186-1, at 4).

  4. The Board monitored D&P's activities, performance and monthly bills during the Application Period. Feltman Aff. ¶4 (Doc. No. 9186-1, at 3).

  5. The Board never challenged D&P's services or the amounts of its bills. Id.

  6. The Board paid each and every D&P bill during the Application Period. Id.

## SUMMARY OF D&P REPLY

D&P summarizes the Fee Examiner's arguments and its responses as follows:

| Fee Examiner Argument | D&P Reply |
|---|---|
| 1. Motion "premature." Doc No. 9399, at 2 | 1. Court previously ordered Fee Examiner on November 26, 2019 to respond and found D&P motion "compliant with the timing requirements … in Rule 7056." Doc No. 9350, at 2. |
| 2. Motion seeks "unwarranted dispositive legal conclusion." Doc. No. 9399, at 6. | 2. D&P moved for partial summary judgment on a single non-dispositive legal issue. |
| 3. D&P has outstanding discovery requests. Doc No. 9399, at 2, 3. | 3. D&P's discovery relates to necessity and reasonableness issues for trial; D&P needed no discovery for this motion and sought no help from the Fee Examiner. |
| 4. D&P misstates the Fee Examiner's Position. Doc. No. 9399, at 4. | 4. Wrong: Motion based on Fee Examiner's attempted restriction of D&P's fees due to his misreading of the Engagement Letter Doc. Nos. 8866-1, at 166; 8862-1, at 2 ("capped amount"). |
| 5. FOMB never stated its understanding of Engagement Letter. Doc. No. 9399, at 6. | 5. Wrong: Aside from plain language of Engagement Letter, FOMB approved D&P's fees in writing. Doc. No. 9186-1, at 10, 12, 14 (Feltman Aff., ¶6, at 4, Exhs. 1, 2 and 3; ¶12, at 7, quoting, Doc. No. 8866-1, at 14. FOMB also paid D&P's monthly bills. Doc. No. 9186-1, at 3. |
| 6. Fee Examiner can't tell whether D&P's fees are reasonable. Doc. No. 9399, at 6-7. | 6. Reasonableness NOT the issue on this motion. |

3

| Fee Examiner Argument | D&P Reply |
|---|---|
| 7. Material fact issues exist as to "reasonableness and necessity" of D&P's Fees. Doc. No. 9399, at 2. | 7. Reasonableness and necessity to be determined at trial. |
| 8. Fee Examiner cannot admit or deny "undisputed facts" without discovery. Doc. No. 9399, at 3. | 8. Fee Examiner made no discovery requests; no fact issues here; only terms of undisputed Engagement Letter matter. |
| 9. Fee examiner cannot present facts to oppose D&P motion. Doc. No. 9399, at 3-4. | 9. The motion is purely legal: the plain meaning of the undisputed Engagement Letter signed by the FOMB. |
| 10. D&P needs "opportunity to complete its outstanding discovery." Doc. No. 9399, at 4. | 10. D&P's fact discovery has nothing to do with this motion: that is why it moved for partial summary judgment on a pure legal issue. |
| 11. D&P did not comply with the Fee Examiner's supplemental information requests. Doc. No. 9399, at 6. | 11. The Fee Examiner conceded that D&P did comply by producing documents in native format, Doc. No. 9404, at 7, but wanted D&P to reformat documents it produced[4]; in any event, the Fee Examiner conducted his analysis on the produced documents. Doc. No. 9494, at 7-8. |

I.

## THE FEE EXAMINER DOES NOT DISPUTE THE APPLICABLE STANDARD FOR SUMMARY JUDGMENT

The Fee Examiner concedes the appropriateness of summary judgment under Fed.R. Bankr. P. 7056 when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "Summary judgment is intended to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Tobin v. Fed Express Corp., 775 F.3d 448, 450 (1st Cir. 2014), quoting Wynne v. Tufts Univ. Sch. Of Med., 976 F.2d 791, 794 (1st Cir. 1992).

---

[4] Fed.R. Bankr. P. 7034 incorporates Fed.R. Civ. P. 34; D&P produced the documents "as they are kept in the usual course of business" and "in a reasonably usable form…." Fed. P. Civ. P 34(b)(2)(E)(i)-(ii). Urban & Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC 2019 U.S. Dist. LEXIS 196474, * 11 (N.D. Ill. Nov. 13, 2019) ("… the default setting is native format….").

4

The only dispute on this motion is the Fee Examiner's misreading of the Engagement Letter. According to the Fee Examiner, the language of the Engagement Letter restricts D&P to $50,000 per week during the Application Period. Doc. No. 8866-1, at 166 (demanded $461,504.50 "reduction limiting Project Manager Fees to $50,000/week"); Doc. No. 8862-1, at 2 ("… objects to court approval of … $461,504.50 in fees … in excess of the capped amounts…."). In his December 3, 2019 response, though, he now argues inexplicably that D&P "misstates [his] position on the … interpretation of" the Engagement Letter. Doc. No. 9399, at 4.

D&P relies here solely on the terms of the Engagement Letter: after charging D&P with additional duties, the Board agreed that D&P would be entitled to "<u>incremental fees</u> [of] $50,000 per week effective November 5 through [March 12, 2019], provided that billing would be based on actual hours worked in accordance with the [reduced] rates" originally agreed upon by the Board and D&P. Doc. No. 8866-1, at 102 (emphasis added). According to the Board, the additional work by D&P "will supplement but not replace . . . those enumerated responsibilities D&P currently has . . . . " Doc. No. 8866-1, at 102. Under the second amendment to the Engagement Letter, D&P had been billing the Board for its services at the average weekly rate of roughly $86,413 during October, 2018 ($ 345,653 divided by four weeks). Doc. No. 9186-1, at 3. (Feltman Aff., ¶3). The Fee Examiner concedes the total monthly fees of $345,653 for October, 2018, but divides the month by days to reach a weekly average of $78,050.68. Doc. No. 9404, at 8. Because the Engagement Letter, as amended on December 11, 2018, provided for "incremental fees" of "$50,000 per week effective … November, 5, 2018," whether the amount of D&P's weekly October fees is $78,050 or $86,413 is immaterial on this motion. Doc. No. 8866-1 at 102. All parties agree on the total of D&P's fees ($345,653) for October, 2018, regardless of how one measures them -- hourly, daily or weekly. And the parties agreed that D&P could charge more for its additional work.

5

There is no triable issue of fact here. The Fee Examiner simply ignores the Board's written approval of D&P's Application Period Fees and expenses. Doc. No. 9186-1, at 4. (Feltman Aff. ¶6, at 4 attaching Exhibits 1, 2, and 3) (the Board's written approval). That approval confirms the parties' understanding of their undisputed agreement, contrary to the Fee Examiner's unsupported claim that D&P failed to offer proof of "FOMB's understanding." Doc. No. 9399, at 6.

The Fee Examiner also ignores the D&P Report, reviewed and approved by the Board before its release on March 12, 2019, confirming again the parties' agreement. It recites the Board's "modification of D&P's fee estimate to take into account incremental responsibilities." Doc. No. 9186-1, at 7. (Feltman Aff. ¶12, at 7), quoting the Report. Doc. No. 8866-1, Exh. 1, at 14.

II.

THE FEE EXAMINER CONCEDED THE
ENFORCEABILITY OF THE ENGAGEMENT LETTER

The Fee Examiner concedes that the Engagement Letter stated which party was to perform services; which party had payment obligations; and the term of the Agreement. UBS Fin. Servs., Inc. of Puerto Rico v. XL Specialty Ins. Co., 929 F.3d 11, 20 (1st Cir. 2019) (when "the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed."). Nowhere does the Fee Examiner claim that the Engagement Letter is ambiguous, for its language is clear.

The Fee Examiner has merely misread the undisputed Engagement Letter's terms, asserting without support that D&P's Project Management fees were capped at $50,000 per week. That is the only issue on this motion. Fact issues relating to reasonableness and necessity are the subject of the later trial on the Application.

6

**WHEREFORE**, the Court should grant D&P's motion for summary judgment (Doc. No. 9188), finding no contractual restriction on the "Project Management" fees in the D&P Application.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 10th Day of December, 2019.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

| | |
|---|---|
| **SCHULTE ROTH & ZABEL LLP** | **ANTONETTI MONTALVO & RAMIREZ COLL** |
| *Attorneys for Duff & Phelps, LLC* | *Attorneys for Duff & Phelps, LLC* |
| 919 Third Avenue | P.O. Box 13128 |
| New York, New York 10022 | San Juan, PR 00908 |
| Tel: (212) 756-2150 | Tel: (787) 977-0312 |
| Fax: (212) 593-5955 | Fax: (787) 997-0323 |
| | |
| s/ Michael L. Cook | s/ Jose L. Ramierz-Coll |
| MICHAEL L. COOK | JOSE L. RAMIREZ-COLL |
| (Admitted Pro Hac Vice) | USDC-PR No. 221702 |
| michael.cook@srz.com | jramirez@amrclaw.com |

7