**Exhibit 4**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

In re:                                                    PROMESA
                                                          Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of                              No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO                           (Jointly Administered)
et al.,

          Debtors.[1]
-----------------------------------------------------------x

ORDER DENYING MOTION FOR RECONSIDERATION,
NEW TRIAL AND/OR TO ALTER OR AMEND ORDER (DKT. 9099) SUSTAINING
OBJECTION (DKT. 8297) AND MEMORANDUM ORDER (DKT. 9121) WITH RESPECT TO
CLAIMS NO. 152470 & NO. 152283 REQUEST FOR EXTENSION OF TIME TO FILE A NOTICE OF
APPEAL OR TO STAY OR VACATE SAID ORDERS TO NOT HINDER MOVANT'S RULE 59 MOTIONS

      Before the Court is the *Motion for Reconsideration, New Trial and/or to Alter or*

*Amend Order (Dkt. 9099) Sustaining Objection (Dkt. 8297) and Memorandum Order (Dkt.*

*9121) with Respect to Claims No. 152470 & No. 152283 Request for Extension of Time to File a*

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case
number and the last four (4) digits of each Debtor's federal tax identification number, as
applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth")
(Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii)
Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-
BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways
and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last
Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-
BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric
Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits
of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA")
(Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)
(Title III case numbers are listed as Bankruptcy Case numbers due to software
limitations).

*Notice of Appeal or to Stay or Vacate Said Orders to not Hinder Movant's Rule 59 Motions* (Docket Entry No. 9278,[2] the "Second Motion") filed by Jorge A. Díaz Mayoral and Juan A. Frau Escudero (together, the "Movants").[3] On September 25, 2019, Movants filed the *Motion to Alter or Amend Order Sustaining Objection (Dkt. 8297) to Claims No. 152470 & No. 152283* (Docket Entry No. 8760, the "First Motion") seeking reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"),[4] Federal Rule of Bankruptcy Procedure 3008, and Section 502(j) of the United States Bankruptcy Code, 11 U.S.C. § 502(j) ("Section 502(j)"), of this Court's oral decision, which was memorialized in a subsequent written order (Docket Entry No. 9099), overruling Movants' response to the *Sixty-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Based on Investments in Mutual Funds* (Docket Entry No. 8297). This Court denied the First Motion by way of its *Memorandum Order Denying Motion to Alter or Amend Order Sustaining Objection (Dkt. 8297) to Claims No. 152470 & No. 152283* (Docket Entry No. 9121, the "November 6 Order"). Movants thereafter filed the Second Motion seeking reconsideration of the same rulings that they had challenged in the First Motion. The Second Motion further requests reconsideration of the November 6 Order

---

[2]    All docket entry references herein are to entries in Case No. 17-3283.

[3]    Shortly after filing the Second Motion, Movants filed the *Notice of Appeal of Dkt. 9099 and Dkt. 9121 with Respect to Claims No. 152470 & 152283* (Docket Entry No. 9279). Notwithstanding the pendency of the Notice of Appeal, this Court has jurisdiction of the Second Motion pursuant to Federal Rule of Appellate Procedure 4, which provides that, "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of [a motion to alter or amend judgment under Federal Rule of Civil Procedure 59, among other types of motions]—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). This Order constitutes the "order disposing of the last such remaining motion" for purposes of Federal Rule of Appellate Procedure 4.

[4]    Rule 59(e) is made applicable in these proceedings by Federal Rule of Bankruptcy Procedure 9023.

or, alternatively, "an extension of time to file a notice of appeal" or, alternatively, that the
Court's prior orders "be stayed or vacated." The Court has considered carefully the arguments
asserted by Movants in the Second Motion and in all related pleadings.

Movants once again identify no valid basis for reconsideration of the Court's
decision to disallow their proofs of claim, including the conclusions in the November 6 Order.
With respect to the standard under Rule 59(e), Movants have failed to clearly establish a
manifest error of law or fact, clearly establish a manifest injustice, present newly discovered or
previously unavailable evidence, or establish an intervening change in controlling law. See
Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005). Nor have Movants
demonstrated "cause," within the meaning of Section 502(j), warranting a departure from the
Court's prior determinations. See In re Gonzalez, 490 B.R. 642, 651 (B.A.P. 1st Cir. 2013)
(citations omitted). Movants' attempt to obtain a different result by raising the same legal
theories that this Court has repeatedly rejected is unavailing, as "motions for reconsideration are
not to be used as vehicles to rehash arguments already made." Velez Gonzalez v. Suiza Dairy
Corp., No. CIV.03-1755(DRD), 2005 WL 2347345, at *3 n.2 (D.P.R. Sept. 26, 2005).

Movants' reliance on the alleged "unavailability" of the transcript of the
September 11, 2019, Omnibus Hearing (Docket Entry No. 8691, the "Transcript") in support of
the Second Motion is similarly misplaced. As the publicly available docket text associated with
the Transcript clearly provides, the "Transcript may be viewed at the USDC-PR and USBC-PR
public terminals or purchased through http://www.prd.uscourts.gov/promesa/transcript-order
before the deadline for Release of Transcript Restriction [i.e., 90 calendar days from the date the
Transcript was filed]." (Id.) Movants have not represented to the Court that they have attempted
unsuccessfully to access the Transcript through these means. It is therefore Movants' own

inaction, and not the unavailability of the Transcript, that has purportedly "hinder[ed] [their] ability to request reconsideration . . . [,] to request the altering or amending of the indicative ruling and two orders[,] and to appeal the indicative ruling and two orders." (Second Mot. at 5.) Neither reconsideration of the Court's prior rulings regarding Movants' proofs of claim nor an extension or stay of any deadlines to challenge such rulings is warranted under the circumstances.[5]

The Court has considered Movants' remaining arguments and finds them to be without merit. For these reasons and substantially the reasons set forth in the November 6 Order, the Second Motion is denied and Movants' proofs of claim remain disallowed. This Order resolves Docket Entry No. 9278.

SO ORDERED.

Dated: November 26, 2019

  /s/ Laura Taylor Swain      
LAURA TAYLOR SWAIN
United States District Judge

---

[5] The Court notes that it has granted several motions filed by Movants that had sought extensions of various deadlines pertaining to this contested matter, including one extension that was granted after the Court had advised Movants that no further extensions of the pertinent deadline would be granted. (See Docket Entry Nos. 8566, 8817, 8852.)