**Estimated Hearing Date**: March, 2020 at 9:30 a.m. or an earlier date ordered by the Court (Atlantic Standard Time)
**Objection Deadline**: January 2, 2020 at 4:00 p.m. (Atlantic Standard Time)

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**SUMMARY OF SECOND INTERIM APPLICATION OF NIXON PEABODY LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE PUERTO RICO ELECTRIC POWER AUTHORITY, FOR THE PERIOD FROM JUNE 1, 2019 THROUGH SEPTEMBER 30, 2019**

| | |
|---|---|
| Name of Applicant: | Nixon Peabody LLP |
| Authorized to Provide Professional Services to: | The Financial Oversight and Management Board for Puerto Rico, as Representative of the Puerto Rico Electric Power Authority, pursuant to Section 315(b) of PROMESA |
| Period for which compensation and reimbursement are sought: | June 1, 2019 through September 30, 2019 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $80,805.00 |

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:  9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**Estimated Hearing Date**: March, 2020 at 9:30 a.m. or an earlier date ordered by the Court (Atlantic Standard Time)
**Objection Deadline**: January 2, 2020 at 4:00 p.m. (Atlantic Standard Time)

| | |
|---|---|
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $0 |
| Total compensation subject to objection: | None |
| Total expenses subject to objection: | None |

This is a(n):  __ monthly   <u>X</u> interim   __ final application

- Blended Rate in this application for attorneys:  $850/hr
- Blended Rate in this application for all timekeepers:  $850/hr

**Estimated Hearing Date**: March, 2020 at 9:30 a.m. or an earlier date ordered by the Court (Atlantic Standard Time)
**Objection Deadline**: January 2, 2020 at 4:00 p.m. (Atlantic Standard Time)

### Schedule 1
### Second Interim Compensation Period – Consolidated Fee Statements
### June 1, 2019 – September 30, 2019

| Entity | Period | Fees requested to be paid (100%) | Fee previously requested to be paid (90%) | Expenses requested to be paid (100%) | Total Fees and Expenses requested to be paid |
|---|---|---|---|---|---|
| PREPA | June 1, 2019 through September 30, 2019 | $80,805.00 | $72,724.50 | N/A | $80,805.00 |

**Estimated Hearing Date**: March, 2020 at 9:30 a.m. or an earlier date ordered by the Court (Atlantic Standard Time)
**Objection Deadline**: January 2, 2020 at 4:00 p.m. (Atlantic Standard Time)

**Schedule 2**
**Summary of Professional Services Rendered by Timekeeper for the Period**
**June 1, 2019 – September 30, 2019**

| Professional | Position/Title | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Mitchell Rapaport | Partner | $990 | 62.7 | $62,073 |
| Virginia Wong | Partner | $990 | 5.2 | $5,148 |
| Bruce Serchuk | Partner | $990 | 2 | $1,980 |
| Carla Young | Partner | $990 | 6.4 | $6,336 |
| Christopher Reitzel | Partner | $990 | 5.2 | $5,148 |
| Kristina Ng | Associate | $600 | .2 | $120 |

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## SECOND INTERIM APPLICATION OF NIXON PEABODY LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE PUERTO RICO ELECTRIC POWER AUTHORITY, FOR THE PERIOD FROM JUNE 1, 2019 THROUGH SEPTEMBER 30, 2019

Nixon Peabody LLP ("Nixon"), as special counsel to the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Electric Power Authority ("PREPA") and certain other public corporations and instrumentalities of the Government of Puerto Rico (collectively, the "Debtors"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") 48 U.S.C. §§ 2101-2241, hereby

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:  9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

submits this second interim application (the "Application"), pursuant to Sections 316 and 317 of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[2] Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B (the "Guidelines"), and in accordance with this Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (Dkt. No. 3269) (the "Interim Compensation Order"), for allowance of interim compensation for professional services performed by Nixon for the period commencing June 1, 2019 through and including September 30, 2019 (the "Compensation Period") in the amount of $80,805.00. In support of the Application, Nixon respectfully states as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction pursuant to Section 306(a) of PROMESA.

2.      Venue is proper in this district pursuant to Section 307(a) of PROMESA.

3.      Nixon submits the Application pursuant to Sections 316 and 317 of PROMESA.

## BACKGROUND

4.      On June 30, 2016, the Oversight Board was established under Section 101(b) of PROMESA.

5.      On August 31, 2016, President Barack Obama appointed the Oversight Board's seven voting members.

---

[2]  The Bankruptcy Rules are made applicable to the Debtor's Title III case pursuant to Section 301 of PROMESA.

**Estimated Hearing Date**: March, 2020 at 9:30 a.m. or an earlier date ordered by the Court (Atlantic Standard Time)
**Objection Deadline**: January 2, 2020 at 4:00 p.m. (Atlantic Standard Time)

6.      Pursuant to Section 315 of PROMESA, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court." 48 U.S.C. § 2175.

7.      On September 30, 2016, the Oversight Board designated the Debtors as "covered entities" under Section 101(d) of PROMESA.

8.      On May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to Section 315(b) of PROMESA, filed a petition with the Court under Title III of PROMESA.

9.      On May 5, 2017, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Oversight Board, as COFINA's representative pursuant to Section 315(b) of PROMESA, filed a petition with the Court under Title III of PROMESA.

10.     On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("HTA"), by and through the Oversight Board, as HTA's representative pursuant to Section 315(b) of PROMESA, filed a petition with the Court under Title III of PROMESA.

11.     On May 21, 2017, the Employees Retirement System for the Commonwealth of Puerto Rico ("ERS"), by and through the Oversight Board, as ERS's representative pursuant to Section 315(b) of PROMESA, filed a petition with the Court under Title III of PROMESA.

12.     On July 3, 2017, PREPA, by and through the Oversight Board, as PREPA's representative pursuant to Section 315(b) of PROMESA, filed a petition with the Court under Title III of PROMESA.

13.     Through Orders of this Court, the Commonwealth, COFINA, HTA, ERS, and

PREPA Title III Cases (together, the "Title III Cases") are jointly administered for procedural purposes only, pursuant to Section 304(g) of PROMESA and Bankruptcy Rule 1015 [ECF Nos. 242, 537, 1417].

14.    On October 6, 2017, the Court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and Related Relief* [ECF No. 1416], which appointed Brady Williamson of Godfrey & Kahn, S.C. to serve as Fee Examiner in the Title III Cases.

15.    On October 4, 2019, Nixon served on the Notice Parties its monthly fee statements for the months of June, July and August 2019.

16.    On November 4, 2019, Nixon served on the Notice Parties its monthly fee statement for the month of September 2019.

17.    On November 6, 2019, Nixon provided the corresponding Monthly Fee Objection Statements for the June, July and August monthly fee statements to representatives of the Puerto Rico Treasury Department (the "Treasury") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF").

18.    Finally, on November 27, 2019, Nixon provided the corresponding Monthly Fee Objection Statement for the September monthly fee statement to representatives of the Treasury and AAFAF.

## COMPENSATION REQUESTED

19.    On February 7, 2019, Nixon executed an Independent Contractor Services Agreement with the Oversight Board to provide advice in connection with PREPA's restructuring, and specifically, the tax structuring options (the "FY19 Agreement"). The FY19 Agreement was set to expire on June 30, 2019.

20.    On July 1, 2019, Nixon executed an Independent Contractor Services Agreement

with the Oversight Board to provide advice in connection with PREPA's restructuring, and specifically, the tax structuring options (the "FY20 Agreement", and together with the FY19 Agreement, the "Agreements"). The FY20 Agreement is set to expire on June 30, 2020.

21.     In accordance with the Interim Compensation Order, Nixon has provided copies of the Agreements to the Treasury and AAFAF.

22.     Nixon's hourly rates are set at a level designed to compensate Nixon fairly for the work of its attorneys and professionals and are disclosed in the Agreements.

23.     Pursuant to a Restructuring Support Agreement ("RSA"), the Oversight Board, as PREPA's representative in the Title III Cases, and AAFAF, as PREPA's Fiscal Agent under Puerto Rico law, negotiated a settlement with holders of the vast majority of PREPA's uninsured secured debt and with its bond insurers.

24.     The settlement achieves three key objectives: (i) it caps the amount electricity prices can be raised to pay debt; (ii) it transforms the existing debt into new debt having no receiver remedy, no rate covenant, and no payment default remedies for underpayment of required debt service as long as the revenues from a transition charge are paid to the bondholders – thus shifting to creditors the demand-risk formerly borne by PREPA and its customers; and (iii) it discounts the original debt to save PREPA between $2 billion and $3 billion in cash flow.

25.     The RSA is a comprehensive and complicated settlement agreement that addresses the economic issues facing its parties and allows all potential private investors/operators engaged in the process to "transform" PREPA to know exactly what portion of revenues will be devoted to old debt, while eliminating the risk and downside of price hikes resulting from defaults.

26.     Nixon is a nationally recognized bond counsel firm with more than 30 years of experience in all areas of public finance. Its Public Finance practice is one of the largest in the

**Estimated Hearing Date**: March, 2020 at 9:30 a.m. or an earlier date ordered by the Court (Atlantic Standard Time)
**Objection Deadline**: January 2, 2020 at 4:00 p.m. (Atlantic Standard Time)

nation with more than 40 public finance and tax attorneys. The firm consistently ranks among the top bond counsel, underwriters' counsel, and disclosure counsel firms in the nation.

27.     Nixon has advised, and will continue to advise, the Oversight Board on optimal tax structures for PREPA's restructuring and transformation pursuant to the RSA. In this capacity, Nixon has been engaged to provide tax-exempt bond law analysis, render tax opinions and prepare tax-related documentation and disclosure, among other things.

28.     Pursuant to the Interim Compensation Order, Nixon hereby seeks an allowance of $80,805.00 as compensation for professional services rendered during the Compensation Period in connection with such professional services.

29.     Nixon's itemized time records for attorneys and professionals performing services for the Oversight Board during the Compensation Period is attached hereto as Exhibit A.

30.     During the Compensation Period, Nixon billed the Oversight Board for time expended by its attorneys and professionals based on Nixon's hourly rate for each attorney and professional as detailed in Schedule 2 of the summary of this Application.

31.     The fees charged by Nixon are in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period and are appropriate for complex securities and tax advantage financing matters. The rates and rate structure reflect that such complex matters typically involve great complexity, high stakes, and intense time pressures. Nixon submits that the compensation requested is reasonable in light of the nature, extent, and value of such services provided to the Oversight Board.

32.     The services for which Nixon is requesting approval of the Court were performed for the Oversight Board as representative of PREPA. In connection with the matter covered by this Application, Nixon received no payment and no promises of payment for services rendered, or to

**Estimated Hearing Date**: March, 2020 at 9:30 a.m. or an earlier date ordered by the Court (Atlantic Standard Time)
**Objection Deadline**: January 2, 2020 at 4:00 p.m. (Atlantic Standard Time)

be rendered, from any source other than the Debtors. There is no agreement or understanding between Nixon and any other person, other than members of the firm, for the sharing of compensation received for services rendered under the Agreements.

33.    Sections 316 and 317 of PROMESA provide for interim compensation of professionals and govern the Court's award of such compensation. 48 U.S.C. §§ 2176-2177. Section 316 of PROMESA provides that a court may award a professional person employed by the Debtors or the Oversight Board under PROMESA "(1) reasonable compensation for actual, necessary services rendered by the professional person, or attorney and by any paraprofessional person employed by any such person; and (2) reimbursement for actual, necessary expenses." 48 U.S.C. § 2176(a).

34.    Section 316 of PROMESA also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases

**Estimated Hearing Date**: March, 2020 at 9:30 a.m. or an earlier date ordered by the Court (Atlantic Standard Time)
**Objection Deadline**: January 2, 2020 at 4:00 p.m. (Atlantic Standard Time)

other than cases under this subchapter or title 11.

48 U.S.C. § 2176(c).

35.    As noted above, the professional services object of this Application were necessary and beneficial to the Oversight Board as representative of PREPA.

## ATTORNEY CERTIFICATION

36.    In accordance with Puerto Rico Local Bankruptcy Rule 2016-1(a)(4), the undersigned has reviewed the requirements of Puerto Rico Local Bankruptcy Rule 2016-1(a)(4) and certifies to the best of his information, knowledge, and belief that this Application complies with Puerto Rico Local Bankruptcy Rule 2016-1(a)(4).  In this regard, and incorporated herein by reference, the Certification of Mitchell Rapaport in accordance with the U.S. Trustee Guidelines is attached hereto as **Exhibit B**.

## RESERVATION OF RIGHTS

37.    Nixon reserves the right to request compensation for services and reimbursement of such expenses in a future application that have not been processed in relation to the Compensation Period object of this Application.

## NOTICE

38.    Pursuant to the Interim Compensation Order, notice of this Application has been filed in the Title III Cases and served upon:

**Estimated Hearing Date**: March, 2020 at 9:30 a.m. or an earlier date ordered by the Court (Atlantic Standard Time)
**Objection Deadline**: January 2, 2020 at 4:00 p.m. (Atlantic Standard Time)

    (a) the Financial Oversight and Management Board:

> Financial Oversight and Management Board
> 40 Washington Square South, Office 314A
> New York, NY 10012
> Attn:   Professor Arthur J. Gonzalez, Oversight Board Member

    (b) attorneys for the Oversight Board:

> Proskauer Rose LLP
> Eleven Times Square
> New York, NY 10036,
> Attn:   Martin J. Bienenstock, Esq. (mbienenstock@proskauer.com)
>        Ehud Barak, Esq. (ebarak@proskauer.com)
>
> and
>
> Proskauer Rose LLP
> 70 West Madison Street
> Chicago, IL 60602
> Attn:   Paul V. Possinger, Esq. (ppossinger@proskauer.com)

    (c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority:

> O'Melveny & Myers LLP
> Times Square Tower
> 7 Times Square, New York, NY 10036
> Attn:   John J. Rapisardi, Esq. (jrapisardi@omm.com)
>        Suzzanne Uhland, Esq. (suhland@omm.com)
>        Diana M. Perez, Esq. (dperez@omm.com)

    (d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority:

> Marini Pietrantoni Muñiz LLC
> MCS Plaza, Suite 500
> 255 Ponce de León Ave
> San Juan, PR 00917
> Attn:   Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com)
>        Carolina Velaz-Rivero Esq. (cvelaz@mpmlawpr.com)

    (e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa:

> Office of the United States Trustee for the District of Puerto Rico,
> Edificio Ochoa
> 500 Tanca Street, Suite 301
> San Juan, PR 00901
> (re: *In re: Commonwealth of Puerto Rico*)

**Estimated Hearing Date**: March, 2020 at 9:30 a.m. or an earlier date ordered by the Court (Atlantic Standard Time)
**Objection Deadline**: January 2, 2020 at 4:00 p.m. (Atlantic Standard Time)

(f)  attorneys for the Official Committee of Unsecured Creditors:

     Paul Hastings LLP
     200 Park Ave.
     New York, NY 10166
     Attn:   Luc. A Despins, Esq. (lucdespins@paulhastings.com)

(g) attorneys for the Official Committee of Unsecured Creditors:

     Casillas, Santiago & Torres LLC
     El Caribe Office Building
     53 Palmeras Street, Ste. 1601
     San Juan, PR 00901
     Attn:   Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com)
            Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com)

(h) attorneys for the Official Committee of Retired Employees:

     Jenner & Block LLP
     919 Third Ave.
     New York, NY 10022
     Attn:   Robert Gordon, Esq. (rgordon@jenner.com)
            Richard Levin, Esq. (rlevin@jenner.com)

     and

     Jenner & Block LLP
     353 N. Clark Street
     Chicago, IL 60654
     Attn:   Catherine Steege, Esq. (csteege@jenner.com)
            Melissa Root, Esq. (mroot@jenner.com)

(i)  attorneys for the Official Committee of Retired Employees:

     Bennazar, García & Milián, C.S.P.
     Edificio Union Plaza, PH-A
     416 Ave. Ponce de León
     Hato Rey, PR 00918
     Attn:   A.J. Bennazar-Zequeira, Esq. (ajb@bennazar.org)

(j)  the Puerto Rico Department of Treasury:

     Puerto Rico Department of Treasury
     PO Box 9024140
     San Juan, PR 00902-4140
     Attn:   Reylam Guerra Goderich, Deputy Assistant of Central Accounting
            (Reylam.Guerra@hacienda.pr.gov)
            Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central
            Accounting (Rodriguez.Omar@hacienda.pr.gov)
            Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal
            Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov)
            Francisco Parés Alicea, Secretary of the Puerto Rico Treasury
            Department (francisco.pares@hacienda.pr.gov)

**Estimated Hearing Date**: March, 2020 at 9:30 a.m. or an earlier date ordered by the Court (Atlantic Standard Time)
**Objection Deadline**: January 2, 2020 at 4:00 p.m. (Atlantic Standard Time)

Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury
(Francisco.Pena@hacienda.pr.gov)

(k) attorneys for the Fee Examiner:

EDGE Legal Strategies, PSC
252 Ponce de León Avenue
Citibank Tower, 12th Floor
San Juan, PR 00918
Attn:   Eyck O. Lugo (elugo@edgelegalpr.com)

(l)  attorneys for the Fee Examiner:

Godfrey & Kahn, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Attn:   Katherine Stadler (KStadler@gklaw.com)

(m) attorneys for AAFAF in the PREPA Title III proceeding:

Greenberg Taurig LLP
200 Park Avenue
New York, NY 10166
Attn:   Nathan A. Haynes, Esq., haynesn@gtlaw.com

(n) attorneys for the U.S. Bank National Association:

Maslon LLP
90 South Seventh Street, Suite 3300
Minneapolis, MN 55402
Attn:   Clark T. Whitmore, Esq. (clark.whitmore@maslon.com)
        William Z. Pentelovitch, Esq., (bill.pentelovitch@maslon.com)
        John T. Duffey, Esq. (john.duffey@maslon.com)
        Jason M. Reed, Esq. (jason.reed@maslon.com)

(o) attorneys for the U.S. Bank National Association:

Rivera, Tulla and Ferrer, LLC
50 Quisqueya Street
San Juan, PR 00917
Attn:   Eric A. Tulla, Esq. (etulla@riveratulla.com)
        Iris J. Cabrera-Gómez, Esq. (icabrera@riveratulla.com).

**WHEREFORE**, Nixon respectfully requests that the Court enter an order (a) allowing

interim compensation for professional services rendered during the Compensation Period in

the amount of $80,805.00 (including the 10% professional compensation holdback amount); (b)

directing the Commonwealth to pay promptly to Nixon the difference between (i) the amount of

interim compensation for professional services rendered, and reimbursement of expenses incurred

**Estimated Hearing Date**: March, 2020 at 9:30 a.m. or an earlier date ordered by the Court (Atlantic Standard Time)
**Objection Deadline**: January 2, 2020 at 4:00 p.m. (Atlantic Standard Time)

during the Compensation Period allowed hereunder, and (ii) the amounts for such compensation

and expenses previously paid to Nixon, consistent with the provisions of the Interim Compensation

Order; (c) allowing such compensation for professional services rendered and reimbursement of

actual and necessary expenses incurred without prejudice to Nixon's right to seek additional

compensation for services performed and expenses incurred during the Compensation Period,

which were not processed at the time of this Application; and (d) granting Nixon such other and

further relief as is just and proper.

Dated: December 11, 2019          Respectfully submitted,
New York, New York

                                  */s/ Sebastian M. Torres Rodríguez*
                                  USDC No. 301211
                                  Nixon Peabody LLP
                                  Tower 46
                                  55 West 46th Street
                                  New York, NY 10036-4120
                                  Telephone: (212) 940-3072
                                  Facsimile: (833) 936-0842

## **Exhibit A**

## **ITEMIZED TIME RECORDS**

**FOR PROFESSIONAL SERVICES RENDERED through June 30, 2019, including:**

**MATTER NO.:  000002**          **PREPA TAX ADVICE**

**For Professional Fees:**

| Date | Timekeeper | Hours | Description of Services |
|------|-----------|-------|------------------------|
| 06/03/19 | V. Wong | 1.20 | Phone call with S. Segal (.10) Review allocations (.30). Review draft EMMA notice and comments (.60). Phone call with R. Stevens (.10).  Phone call with D. Brownstein (.10). |
| 06/03/19 | K. Ng | 0.20 | Telephone conference with V. Wong regarding bond forms. |
| 06/04/19 | M. Rapaport | 0.40 | Review P3 proposal. |
| 06/04/19 | V. Wong | 0.40 | Correspond with D. Brownstein, R. Stevens and S. Segal regarding allocations and EMMA Notice. |
| 06/07/19 | M. Rapaport | 0.30 | Conference call with Ankura. |
| 06/14/19 | C. Young | 0.30 | Conference call regarding form of opinion and bidding update (.3). |
| 06/14/19 | M. Rapaport | 3.70 | Review useful life analysis (.4).  Conference call with Ankura and Sargent Lundy regarding useful life analysis (.8). Drafted e-mail with useful life questions/analysis (.8). Review revised management contract (1.2).  Conference call with Cleary regarding status of management contract analysis (.5). |
| 06/14/19 | C. Reitzel | 1.10 | Review materials (.6). E-mails (.1). Conference call (.4). |
| 06/17/19 | M. Rapaport | 0.60 | Review issues regarding asset useful life. |
| 06/17/19 | C. Reitzel | 1.20 | Review materials (.9). E-mails (.3). |
| 06/18/19 | M. Rapaport | 2.30 | Review comments to management contract (.6). Prepared tax opinion (.9).  Review useful life information (.8). |
| 06/19/19 | M. Rapaport | 4.40 | Review comments to Operating Agreement. |

Nixon Peabody LLP
Invoice #  10125108    Page 2

| 06/20/19 | B. Serchuk | 1.60 | Review management contract materials. (.50).  Telephone call with M. Rapaport and C. Young regarding same (1.10). |
| 06/20/19 | C. Young | 2.60 | Review and comment on changes to management contract (.8). Review and analyze useful life questions (.7). Conference call with M. Rapaport and B. Serchuk regarding economic life (1.1). |
| 06/20/19 | M. Rapaport | 4.30 | Research issues regarding permitted useful life in management contracts (.9).  Office conference with B. Serchuk and C. Young regarding application of useful life rules to PREPA (1.1). Analyzed proposed revisions to T&D Contract (.8). Drafted answers to Cleary questions on contract (1.5). |
| 06/21/19 | M. Rapaport | 2.10 | Analyzed mark up of T&D contract (1.3).Prepared responses to questions from Cleary (.8). |
| 06/26/19 | M. Rapaport | 0.60 | Telephone call with Lucas Porter regarding management contract rules. |
| 06/27/19 | M. Rapaport | 0.60 | Telephone call with C. Cardall (Orrick) regarding recent IRs ruling on useful life. |
| 06/28/19 | C. Young | 0.20 | Review and respond to e-mail regarding bidder comments to form of contract (.2). |
| 06/28/19 | M. Rapaport | 2.60 | Drafted summary of analysis of useful life ruling (1.4). Preliminary analysis of PSEG comments to contract (.9). E-mail to L. Porter regarding useful life (.3). |

TOTAL HOURS:    30.70

|  | TOTAL FEES: | $30,315.00 |
| **TOTAL FOR MATTER -- PREPA TAX ADVICE:** | | **$30,315.00** |
| **TOTAL FOR STATEMENT:** | | **$30,315.00** |

**FOR PROFESSIONAL SERVICES RENDERED through July 31, 2019, including:**

**MATTER NO.:  000002**          **PREPA TAX ADVICE**
**For Professional Fees:**

| Date | Timekeeper | Hours | Description of Services |
|------|-----------|-------|-------------------------|
| 07/05/19 | M. Rapaport | 2.60 | Review PCEG draft of T&D contract (1.7 hours). Draft of e-mail to Cleary regarding tax comments on PSEG draft (.9). |
| 07/05/19 | C. Reitzel | 0.80 | Review and analyze bidder comments to O&M agreement, internal discussions regarding; same with M. Rapaport and V. Wong via e-mail. |
| 07/08/19 | C. Young | 0.20 | Review e-mails regarding bidder issues (.2). |
| 07/08/19 | M. Rapaport | 1.40 | Review Cleary memo summarizing PSEG and Quante charges to T&D contract. |
| 07/08/19 | C. Reitzel | 0.70 | Review and analyze topical lists for discussion, internal discussions regarding; same with M. Rapaport and V. Wong via e-mail. |
| 07/09/19 | M. Rapaport | 1.60 | E-mails to D. Citren (.3) Review Cleary memos regarding contracts. (1.3) |
| 07/10/19 | C. Young | 0.30 | Review and analyze e-mails with attachments regarding requests for contract modifications received from bidders. |
| 07/10/19 | M. Rapaport | 0.80 | Review revised O&M contract structure issues. (.5).  E-mails to D. Cohen, (.3). |
| 07/10/19 | C. Reitzel | 1.40 | Review and analyze Generation P3 materials and presentation regarding bidder's proposed changes to O&M contract. |
| 07/11/19 | M. Rapaport | 0.40 | Telephone conference with D. Cohen regarding financing of operating reserve. |
| 07/15/19 | M. Rapaport | 0.40 | E-mails and telephone call with D. Cohen. |
| 07/16/19 | M. Rapaport | 1.20 | Conference call with Ankura and Sargent Lundy regarding useful life analysis (.9).  Review notes for follow up (.3). |
| 07/17/19 | M. Rapaport | 0.80 | Review generation Gridco presentation. |
| 07/24/19 | M. Rapaport | 1.80 | Analyzed draft O&M contract. |
| 07/29/19 | M. Rapaport | 0.70 | Prepared e-mail for Ankura and Sargent Lundy related to requirements for useful life analysis. |
| 07/30/19 | M. Rapaport | 0.70 | Analyzed revised O&M contract. |
| 07/31/19 | M. Rapaport | 0.40 | E-mails regarding status of comments on O&M contract. |

TOTAL HOURS:          16.20

|  |  |
|--|--|
| TOTAL FEES: | $16,038.00 |
| **TOTAL FOR MATTER -- PREPA TAX ADVICE:** | **$16,038.00** |
| **TOTAL FOR STATEMENT:** | **$16,038.00** |

**FOR PROFESSIONAL SERVICES RENDERED through August 31, 2019, including:**

**MATTER NO.:  000002**          **PREPA TAX ADVICE**
**For Professional Fees:**

| Date | Timekeeper | Hours | Description of Services |
|------|-----------|-------|-------------------------|
| 08/01/19 | M. Rapaport | 3.20 | Analyize O&M contract changes. |
| 08/02/19 | M. Rapaport | 3.40 | Analyze O&M contract (1.6).  Prepare comments to O&M contract (1.3).  Emails to Clearly regarding contract (.5). |
| 08/02/19 | V. Wong | 1.40 | Review revised T&D Agreement. |
| 08/03/19 | M. Rapaport | 0.40 | Emails to R. Cooper regarding O&M contract. |
| 08/04/19 | M. Rapaport | 1.10 | Telephone call with D. Brownstein regarding O&M contract and generation financing (.4). Analyze provisions of O&M contracted related to PREB (.7). |
| 08/05/19 | M. Rapaport | 1.60 | Draft email regarding preb role in O&M contract (.5). Analyze revised contract (1.1). |
| 08/06/19 | M. Rapaport | 3.40 | Analyze and revised O&M contract (2.8). Prepare comments to contract (.6). |
| 08/07/19 | C. Young | 0.20 | Review email from M. Rapaport regarding comments to draft management contract (.2). |
| 08/07/19 | M. Rapaport | 1.80 | Draft tax opinion (1.2).  Prepare comments on O&M contract (.6). |
| 08/08/19 | M. Rapaport | 1.60 | Draft tax opinion (1.2).  Emails to Ankura regarding useful life analysis (.4). |
| 08/09/19 | C. Young | 1.10 | Review and comment on form of tax opinion (.9). Emails with M. Rapaport regarding certificates needed (.2). |
| 08/09/19 | M. Rapaport | 0.90 | Review emails from Sargant and Lundy (.3). Revise opinion (.6). |
| 08/12/19 | B. Serchuk | 0.40 | Emails with M. Rapaport regarding project definition and management contract term. |
| 08/13/19 | M. Rapaport | 0.60 | Prepare tax opinion. |
| 08/14/19 | M. Rapaport | 0.70 | Review agreement. |
| 08/15/19 | M. Rapaport | 0.40 | Review email from Cleary. |
| 08/16/19 | C. Young | 0.40 | Review email with changes to contract (.1). Review email with performance metrics (.2). Office meeting with M. Rapaport (.1). |
| 08/16/19 | M. Rapaport | 0.40 | Emails regarding new draft of contract. |
| 08/19/19 | M. Rapaport | 1.80 | Analyze new draft of O&M contract (1.4).  Draft email to Cleary regarding O&M draft (.4). |
| 08/21/19 | C. Young | 0.20 | Review and analyze performance metrics. |
| 08/21/19 | M. Rapaport | 0.80 | Review changes to O&M contract. |
| 08/22/19 | M. Rapaport | 0.70 | Emails regarding useful life opinion (.3).  Emails regarding contract draft (.4). |

Nixon Peabody LLP
Invoice #  10125278    Page 2

| Date | Timekeeper | Hours | Description of Services |
|------|-----------|-------|------------------------|
| 08/22/19 | V. Wong | 0.90 | Review and revise draft opinion. |
| 08/23/19 | M. Rapaport | 0.40 | Review changes to tax opinion. |
| 08/23/19 | V. Wong | 0.90 | Review T&D draft. |
| 08/26/19 | M. Rapaport | 0.80 | Conference call regarding useful life analysis (.5).  Revise opinion (.3). |
| 08/27/19 | C. Young | 0.30 | Review email and redlined copy of management contract (.2). Review email regarding revisions to incentive compensation provisions (.1). |
| 08/28/19 | C. Young | 0.60 | Review and finalize tax opinion (.4). Emails with M. Rapaport and V. Wong regarding tax opinion (.2). |
| 08/28/19 | M. Rapaport | 0.80 | Revise tax opinion. |
| 08/28/19 | V. Wong | 0.40 | Tax review (.20). Review revised opinion (.2). |
| 08/29/19 | M. Rapaport | 1.30 | Review emails regarding revised documents (.6). Emails to Citi regarding litigation revenue (.7). |

TOTAL HOURS:      32.90

TOTAL FEES:      $32,571.00

**TOTAL FOR MATTER -- PREPA TAX ADVICE:**      **$32,571.00**

**TOTAL FOR STATEMENT:**      **$32,571.00**

**FOR PROFESSIONAL SERVICES RENDERED through September 30, 2019, including:**

**MATTER NO.:  000002          PREPA TAX ADVICE (Invoice # 10134143)**

**For Professional Fees:**

| Date | Timekeeper | Hours | Description of Services |
|------|-----------|-------|------------------------|
| 09/09/19 | M. Rapaport | 1.00 | Review materials regarding RSA. |
| 09/17/19 | M. Rapaport | 0.40 | E-mails regarding new legislation. |
| 09/23/19 | M. Rapaport | 0.50 | Review Quanta memorandum. |
|  | TOTAL HOURS: | 1.90 |  |

|  |  |
|---|---|
| TOTAL FEES: | $1,881.00 |
| **TOTAL FOR MATTER -- PREPA TAX ADVICE:** | **$1,881.00** |
| **TOTAL FOR STATEMENT:** | **$1,881.00** |

**Estimated Hearing Date**: March, 2020 at 9:30 a.m. or an earlier date ordered by the Court (Atlantic Standard Time)
**Objection Deadline**: January 2, 2020 at 4:00 p.m. (Atlantic Standard Time)

## Exhibit B

## ATTORNEY CERTIFICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## CERTIFICATION OF MITCHELL RAPAPORT PURSUANT TO PUERTO RICO LOCAL BANKRUPTCY RULE 2016-1(a)(4)

Mitchell Rapaport, under penalty of perjury, certifies as follows:

1.      I am a partner with the law firm of Nixon Peabody LLP ("Nixon").

2.      I make this certification in accordance with Rule 2016-1(a)(4) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules") regarding the contents of applications for compensation and expenses.

3.      I am familiar with the work performed by Nixon for the Financial Oversight and

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:  9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**Estimated Hearing Date**: March, 2020 at 9:30 a.m. or an earlier date ordered by the Court (Atlantic Standard Time)
**Objection Deadline**: January 2, 2020 at 4:00 p.m. (Atlantic Standard Time)

Management Board for Puerto Rico (the "Oversight Board"), acting for or on behalf of the Puerto Rico Electric Power Authority ("PREPA").

4.       I have read the *Second Interim Application of Nixon Peabody LLP for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel to the Financial Oversight and Management Board for Puerto Rico, as representative of the Puerto Rico Electric Power Authority, for the Period from June 1, 2019 through September 30, 2019* (the "Application"), and the facts set forth therein are true and correct to the best of my knowledge, information, and belief.

5.       To the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Application are permissible under the Fee Examiner Guidelines, PROMESA, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Interim Compensation Order, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "Guidelines"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Puerto Rico.

6.       I hereby certify that no public servant of the Puerto Rico Department of Treasury is a party to or has any interest in the gains or benefits derived from the contract that is the basis of this invoice. The only consideration for providing services under the contract is the payment agreed upon with the authorized representatives of the Oversight Board. The amount of this invoice is reasonable. The services were rendered and the corresponding payment has not been made. To

**Estimated Hearing Date**: March, 2020 at 9:30 a.m. or an earlier date ordered by the Court (Atlantic Standard Time)
**Objection Deadline**: January 2, 2020 at 4:00 p.m. (Atlantic Standard Time)

the best of my knowledge, Nixon does not have any debts owed to the Government of Puerto Rico

or its instrumentalities.

Dated:  December 11, 2019                */s/ Mitchell Rapaport*
                                         Mitchell Rapaport

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ORDER APPROVING THE SECOND INTERIM FEE APPLICATION OF NIXON PEABODY LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL COUNSEL TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE PUERTO RICO ELECTRIC POWER AUTHORITY, FOR THE PERIOD FROM JUNE 1, 2019 THROUGH SEPTEMBER 30, 2019**

Upon the application (the "Application")[2] of Nixon Peabody LLP ("Nixon"), as attorneys for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") acting as representative of the Debtors under Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] seeking, pursuant to (a) Sections 316 and 317 of PROMESA, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) Local Rule 2016-1,

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  Capitalized terms not defined in this order will have the meanings ascribed to them in the Application.

[3]  PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

**Estimated Hearing Date**: March, 2020 at 9:30 a.m. or an earlier date ordered by the Court (Atlantic Standard Time)
**Objection Deadline**: January 2, 2020 at 4:00 p.m. (Atlantic Standard Time)

(d) the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B, and (e) this Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Dkt. No. 3269)*, an allowance of interim compensation for professional services rendered for the period commencing June 1, 2019 through and including September 30, 2019 in the amount of $80,805.00; and, this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED** that:

1.       The Application is APPROVED as set forth herein.

2.       Compensation to Nixon for professional services rendered during the Compensation Period is allowed on an interim basis in the amount of $80,805.00.

3.       The Debtor is authorized to pay Nixon all fees and expenses allowed pursuant to this Order, including those that were previously held back pursuant to the Interim Compensation Order, less any amounts previously paid for such fees and expenses under the terms of the Interim Compensation Order.

4.       The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.


Dated: _____, 2019                    _____
          San Juan, Puerto Rico                                      Honorable Laura Taylor Swain
                                                                               United States District Judge