UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3283 (LTS) |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK- 3567 (LTS) |
| as representative of | |
| THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, | |
| Debtor. | |
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3566 (LTS) |
| as representative of | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | |
| Debtor. | |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>      as representative of <br><br> THE PUERTO RICO ELECTRIC POWER AUTHORITY, <br><br>      Debtor. | PROMESA <br> Title III <br><br> Case No. 17 BK 4780-LTS |

**URGENT OMNIBUS MOTION FOR RE-ISSUANCE
OF SUMMONS AND/OR AUTHORIZATION OF SERVICE
BY PUBLICATION OR ALTERNATIVE REQUEST FOR ORDER TO
(I) MAKE SERVICE WITHIN A SPECIFIED TIME OR (II) EXTEND TIME FOR
SERVICE FOR AN APPROPRIATE PERIOD PURSUANT TO FED. R. CIV. P. 4(M)**

To the Honorable United States Magistrate Judge Judith G. Dein:

Pursuant to Federal Rule of Bankruptcy Procedure 7004(a)(1) and (e) made applicable to these Title III cases by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act (48 U.S.C. § 2170) ("PROMESA"), and the *Stipulation and Agreed Order By and Among Financial Oversight and Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* ECF No. 6505-1, (i) the Special Claims Committee (the "Special Claims Committee") of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through its members, as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), and (ii) the Official Committee of Unsecured Creditors of all Title III Debtors (except COFINA and PBA) (the "Committee", collectively, the "Plaintiffs"), in each case by and through undersigned counsel respectfully state as follows:

**RELIFEF REQUESTED**

1.  By this motion (the "Motion") the Plaintiffs request that the Court authorize the Clerk of Court to re-issue the summons in the adversary proceedings listed in <u>Exhibit 1</u> attached hereto (the "Adversary Proceedings") to allow the Plaintiffs to reserve the named defendants in the Adversary Proceedings (the "Defendants"), or if necessary, authorize the Plaintiffs to serve the Defendants by publication under Federal Rule of Bankruptcy Procedure 7004(c) and enter an order substantially in the form attached here to as <u>Exhibit A</u>.

2.  Alternatively, should the Court find it necessary to address issues of timeliness of service at this juncture (i.e., before such issues are raised by the Defendants or this Court), the Plaintiffs request either that (i) this Court find that the Plaintiffs have shown good cause to extend the time for service until a date that this fourteen (14) business days after the Court enters an order granting this Motion, or (ii) if the Court does not find the Plaintiffs have shown good cause, that it nonetheless exercise its discretion to extend the time for service as proposed in clause (i).[2]

3.  The Plaintiffs have filed this Motion in an omnibus fashion in the docket of the main case to avoid the burden and redundancy associated with customizing identical motions in numerous adversary proceedings. Concurrent with the filing of this Motion, the Plaintiffs will file the Motion in each of the Adversary Proceedings and include the proposed form of summons for each Adversary Proceeding.

---

[2] For the avoidance of doubt, this alternative argument and request is not an admission or a concession by the Plaintiffs that their first service attempt was legally defective, or that the time proscribed under Rule 4(m) has lapsed; the Plaintiffs reserve all rights on those issues.

3

**FACTUAL BACKGROUND**

4. On or about the end of April or beginning of May 2019, the Plaintiffs filed the complaint in the Adversary Proceedings (the "Complaints").

5. Around the same timeframe, the Clerk of Court issued the electronic summons in the Adversary Proceedings (the "First Summons").

6. To facilitate the resolution of the Adversary Proceedings, upon the Plaintiffs' motion, the Court entered the *Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements*, Case No. 17-3283 ECF No. 7941 (the "Procedures Order"), which is applicable to the Adversary Proceedings.

7. Shortly after entry of the Procedures Order, on or around the end of July 2019, the Clerk of Court re-issued the electronic summons in the Adversary Proceedings (the "Second Summons").

8. Soon thereafter, and within the time limit prescribed in the Procedures Order and Fed. R. Bankr. P. 7004(e), the Plaintiffs served the Defendants with process on the best available address and contact information the Plaintiffs had for the Defendants at the time.

9. A return of service documenting that service attempt is available on the docket of the Adversary Proceedings (the "Return of Service").

10. The administrative labor required to coordinate service of process on over two hundred defendants was substantially onerous and time-consuming. The Plaintiffs at several times before the filing of the Adversary Proceedings have attempted to refine and revise their service list.

11. First, the Plaintiffs generated a service list based on dated records maintained by the Commonwealth in order to offer the Defendants the opportunity to toll the statute of limitations. Notably, each of the Adversary Proceedings are, in part, dependent on the allegation that Defendants failed to properly ensure appropriate documentation of its identity, mailing address, and other details relevant to its contractual relationships with governmental units in accordance with applicable law. As a result, the contact information provided by the Commonwealth may not be reliable.

12. Where an address was returned as undeliverable, the Plaintiffs used their resources to research and find better and more current addresses and then re-send the tolling offer. For this reason, when the Plaintiffs served the summons and Complaints, to the best of their knowledge, they had served the best addresses possible.

13. Second, concurrent with serving the Adversary Proceedings listed in the Procedures Order, the Plaintiffs separately attempted to contact those defendants in order to engage them in the "Information Exchange" contemplated in the Procedures Order. Those efforts have been largely successful but have revealed that there are a few dozen defendants with which the Plaintiffs have yet to make contact. Accordingly, again, the Plaintiffs have undertaken to research and find better contact information through various means like internet searches, contract searches, and even cold-calling phone numbers that appear to be associated with the defendant in this case.

14. Within weeks after the Return of Service was filed, the Plaintiffs' service agent began generating reports as to what addresses were returned as undeliverable. Those reports have been generated and updated on a rolling basis as the returns come back to the Plaintiffs' service agent.

15. The Plaintiffs exercised their best efforts to review those reports and where appropriate research better addresses for the affected adversary proceedings. Efforts to review reports and research addresses have been ongoing over the past months.

16. As of the date hereof, the Plaintiffs have completed their review, served all Defendants at established addresses, and finalized a list of defendant addresses that the service agent has returned as undeliverable.

17. For this reason, the Plaintiffs are now in a position to file this Motion. The Plaintiffs' review of the service agent's undeliverable reports has revealed that the service address for the Defendants were returned as undeliverable. The Plaintiffs have in turn exercised diligence in attempting to serve the Complaints and believe that it is likely that they now possess different address for the Defendants.

## ARGUMENT

### I. Re-Issuance of the Summons as a Matter of Course.

18. Because more than seven days have passed since the Clerk of Court issued the Second Summons, the Second Summons is now "stale" and can no longer be used for service of process.

19. In such a situation, Federal Rule of Bankruptcy Procedure 7004(e) provides that "another summons will be issued and served." *See* Fed. R. Bankr. P. 7004(e). ("If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 7 days after the summons is issued. If a summons is not timely delivered or mailed, another summons shall be issued and served.").

20. Accordingly, the Plaintiffs request another re-issuance of the summons in order to accomplish service of process. Notably, this request for re-issuance of the summons will not prejudice the Defendants because the Procedures Order establishes an answer date of April 13,

2020, which date, can be extended by agreement of the parties and court order. See *Order Granting Omnibus Motion To Extend Deadlines In Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements*, Case No. 17-3283 at ECF No. 9476.

21. Additionally, to the extent reasonably practicable, the Plaintiffs will attempt to resolve the Adversary Proceedings informally with the Defendants to avoid unnecessary litigation.

22. Therefore, the Plaintiffs respectfully submit that this Court should authorize the Clerk of Court to re-issue the summonses in the Adversary Proceedings.[3]

## II. Service by Publication.

23. Additionally, to the extent that the Defendants cannot be served through the regular means provided in Federal Rule of Civil Procedure 4, this Court can "order that the summons and complaint [be served] by mailing copies thereof by first class mail, postage prepaid, to the party's last known address, and by at least one publication in such manner and form as the court may direct." *See* Fed. R. Bankr. P. 7004(c).

24. Although the Plaintiffs believe they have researched different and correct contact information for the Defendants, there is a possibility that these addresses are also "undeliverable" or do not apply to the Defendants.

25. To avoid the cost and redundancy associated with having to file another motion authorizing service by other means, the Plaintiffs respectfully submit that it is proper to authorize

---

[3] When the Plaintiffs file this Motion in the Adversary Proceeding docket's listed in Exhibit 1, they will file the proposed form of summons customized to the particular Adversary Proceeding.

7

Plaintiffs to effectuate service by publication if service by mailing of the summons and complaint appears to be unsuccessful. *Cf. In re Association of Volleyball Professionals,* 256 B.R. 313 (Bankr.C.D.Cal.2000) (holding that where a Chapter 11 debtor was unable to find any officer or qualified agent of corporate creditor upon whom to effect service of process, service of debtor's objection to creditor's proof of claim could be accomplished only by publication in newspaper most likely to give actual notice, as specifically permitted under California law when party cannot, by reasonable diligence, be served in any other way).

26. Therefore, Plaintiffs respectfully submit that service by publication is warranted under the circumstances.

### III. Alternatively, Good Cause Exists to Extend the Time for Service.

27. In the event the Court deems it necessary, at this juncture, to rule on issues concerning timing under Federal Rule of Civil Procedure 4(m), and without conceding that the time limit for service has lapsed, good cause exists to extend the time to serve. The Plaintiffs employed reasonable efforts to effect service of process over the Defendants. Likewise, the Defendants will not be prejudiced by any delay. *In re Motors Liquidation Co.*, 563 B.R. 498, 506 (Bankr. S.D.N.Y. 2016) (explaining good cause standard under Federal Rule of Civil Procedure 4(m)).[4]

---

[4] In the alternative, even in the absence of good cause, the Court can exercise its discretion to grant the Plaintiffs leave to re-serve. *See Motors Liquidation Co.*, 563 B.R. at 506 (Bankr. S.D.N.Y. 2016) (noting that "even in the absence of good cause, courts may exercise their discretion to grant leave to re-serve."); *see also Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (holding that district court erred in refusing to grant plaintiff additional time for service under discretionary provisions of Rule 4(m) because plaintiff's delays in effecting service, while negligent, did not result for contumacious conduct and record did not contain any aggravating factors). In this instance, Plaintiffs respectfully assert that they undertook every reasonable effort to serve within the time limits of Rule 4(m) and to that end, the Return of Service establishes a record of those efforts. Additionally, the Plaintiffs, concurrent with service of process efforts, developed a robust Procedures Order in order to manage the Adversary Proceedings on an organized and effective basis and to facilitate informal resolution of the Adversary Proceedings. As such, the Plaintiffs have been diligent in their efforts to ensure that proper notice of this Adversary Proceeding reaches the Defendant. Accordingly, to the extent necessary and in the alternative to a finding of cause, and without conceding that the deadline to serve has expired, the Plaintiffs ask that the Court exercise its discretion to grant additional time for service pursuant to Rule 4(m).

28. Where a plaintiff makes repeated efforts to locate a defendant to effectuate service and the delayed service does not impede a defendant's ability to timely respond to a complaint, a plaintiff shows good cause warranting an extension of time under Rule 4(m). *See Serrano v. Figueroa-Sancha*, 878 F. Supp. 2d 301, 315 (D.P.R. 2012) (holding that where a plaintiff shows efforts and diligence in attempting to serve defendant, the plaintiff shows good cause for extension of time); *Kwan v. Schlein*, 441 F. Supp. 2d 491, 497 (S.D.N.Y. 2006) (holding that good cause shown where plaintiff detailed efforts to locate defendant and repeatedly communicated with U.S. Marshall's Office to effect proper service); *Commer v. McEntee*, 283 F. Supp. 2d 993, 996 (S.D.N.Y. 2003) (holding that former president of local union showed good cause for failure to effect service on union officers because president made reasonable efforts to serve officers, as evinced by his submission of affidavits of serviced of process from there process servers, and officers, who were aware they had been named as defendants, were not prejudiced by lack of service).

29. Here, as detailed above, the Plaintiffs have made extraordinary efforts and attempted to reach the Defendants no less than two times before filing the Return of Service. The Plaintiffs in the first instance relied on the Commonwealth's records for address information on the various defendants presuming that the Commonwealth maintained accurate records of the vendors with which it transacts. However, in some instances, those records have possibly been incorrect—which is unsurprising given that the premise of this litigation is the insufficiency of records relating to the Defendant's contractual relationship with the Commonwealth. Accordingly, the Plaintiffs have undertaken significant efforts to locate different contact information.

9

30. Additionally, given that the answer deadline established in the Procedures Order in not until April 13, 2020 – a date that can also be extended by agreement of the parties and approval of the Court – and the Plaintiffs' willingness to resolve the Adversary Proceedings without proceeding to full-fledged litigation, the Defendants will not be prejudiced by an extension of time to serve until a date that is fourteen (14) business day after the Court enters an order granting this Motion.[5]

31. Therefore, the Plaintiffs respectfully request that the Court extend the time for service until a date that this seven business days after the Court enters an order granting this Motion, or if service is made by publication, a reasonable time after Plaintiffs' discovery that it was unable to serve the Defendant through conventional means.

WHEREFORE, the Plaintiffs respectfully request that the Court re-issue a summons for the Defendant in this Adversary Proceeding and authorize service by publication.

---

[5] To be clear, if the Court grants this Motion based on the Plaintiffs' alternative grounds, it would remain necessary for the Clerk of Court to issue another summons because for the reasons detailed above, the Second Summons is "stale."

10

Date: December 12, 2019

*/s/ Edward S. Weisfelner*
**BROWN RUDNICK LLP**
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Tel: (202) 536-1737
sbest@brownrudnick.com

Jeffrey L. Jonas, Esq. (*Pro Hac Vice*)
Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
jjonas@brownrudnick.com
sbeville@brownrudnick.com

*Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

*/s/ Alberto Estrella*
**ESTRELLA, LLC**
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

*/s/ Juan J. Casillas Ayala*
**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Luis F. Llach Zúñiga, Esq., USDC – PR 223112
Israel Fernández Rodríguez, Esq., USDC - PR 225004
Juan C. Nieves González, Esq., USDC - PR 231707
Cristina B. Fernández Niggemann, Esq., USDC - PR 306008
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
lllach@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Counsel to the Official Committee of Unsecured Creditors*

# EXHIBIT A

# PROPOSED ORDER

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK- 3567 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-3566 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

**[PROPOSED] ORDER GRANTING URGENT OMNIBUS MOTION FOR RE-ISSUANCE OF SUMMONS AND/OR AUTHORIZATION OF SERVICE BY PUBLICATION OR ALTERNATIVE REQUEST FOR ORDER TO (I) MAKE SERVICE WITHIN A SPECIFIED TIME OR (II) EXTEND TIME FOR SERVICE FOR AN <u>APPROPRIATE PERIOD PURSUANT TO FED. R. CIV. P. 4(M)</u>**

This matter is before the Court on the *Urgent Omnibus Motion For Re-Issuance Of Summons And/Or Authorization Of Service By Publication Or Alternative Request For Order To (I) Make Service Within A Specified Time Or (II) Extend Time For Service For An Appropriate Period Pursuant To Fed. R. Civ. P. 4(M)* ("Motion"). Finding good cause for the issuance of the amended summonses in the Adversary Proceedings listed in <u>Exhibit 1</u> to the Motion, the Court hereby ALLOWS the Motion. The Clerk of Court shall reissue the summons in the Adversary Proceedings listed in <u>Exhibit 1</u> attached hereto. The Plaintiffs are additionally authorized to serve the re-issued summonses and the Complaints in the Adversary Proceedings by publication pursuant to Fed. R. Bankr. P. 7004(c).

    SO ORDERED.

    Date:

    /s/ _____
    Judith Gail Dein
    United States Magistrate Judge

## **EXHIBIT 1**

| Adversary Proceeding No. | Defendant Name |
|---|---|
| 19-00268 | I.D.E.A., Inc. |
| 19-00202 | International Surveillance Services Corporation |
| 19-00181 | Postage By Phone Reserve Account |
| 19-00168 | T R C Companies |
| 19-00057 | A C R Systems |
| 19-00061 | A New Vision In Educational Services and Materials, Inc. |
| 19-00077 | Asociacion Azucarera Cooperativa Lafayette |
| 19-00349 | Atkins Caribe, LLP |
| 19-00080 | Avanzatec LLC |
| 19-00051 | Caribe Grolier, Inc. |
| 19-00146 | Clinica Terapeutica del Norte Inc. |
| 19-00381 | Core Laboratories N.V. d/b/a Saybolt |
| 19-00172 | Ecolift Corporation |
| 19-00148 | FP + 1, LLC |
| 19-00229 | Junior Bus Line, Inc. |
| 19-00244 | Multi Clean Services Inc. |
| 19-00253 | Netwave Equipment Corp. |
| 19-00129 | Next Level Learning, Inc. |
| 19-00112 | Oracle Caribbean, Inc. |
| 19-00249 | Perfect Cleaning Services, Inc. |
| 19-00127 | Puerto Rico Telephone Company, Inc. |
| 19-00128 | Ricoh Puerto Rico, Inc. |
| 19-00274 | Sabiamed Corporation |
| 19-00243 | S & L Development S.E. |
| 19-00066 | Amar Educational Services Inc. |
| 19-00069 | America Aponte & Assoc. Corp. |
| 19-00070 | Arcos Dorados Puerto Rico LLC |
| 19-00072 | Bianca Convention Center, Inc. |
| 19-00053 | Centro de Desarrollo Academico, Inc. |
| 19-00055 | Computer Learning Centers, Inc. |
| 19-00151 | Corporate Research and Training, Inc. |
| 19-00060 | Enterprise Services Caribe, LLC |
| 19-00090 | Estrada Bus Line, Inc. |
| 19-00093 | First Hospital Panamericano, Inc. |
| 19-00067 | Institucion Educativa Nets, LLC |
| 19-00261 | MCZY Bus Services Inc. |
| 19-00190 | Professional Records and Information Management, Inc. |
| 19-00203 | Ramirez Bus Line Inc. |
| 19-00230 | Rock Solid Technologies, Inc. |
| 19-00232 | Rocket Learning, LLC |
| 19-00187 | Trinity Metal Roof and Steel Structure Corp. |
| 19-00160 | Truenorth Corp. |
| 19-00193 | Universal Care Corp. (Unicare) |
| 19-00384 | Puerto Nuevo Security Guards, Inc. |

63551161 v4