**Presentment Date: December 27, 2019**
**Objection Deadline: December 26, 2019 at 4:00 p.m. (AST)**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |

## NOTICE OF PRESENTMENT OF REVISED PROPOSED ORDER (A) AUTHORIZING ADMINISTRATIVE RECONCILIATION OF CLAIMS, (B) APPROVING ADDITIONAL FORM OF NOTICE, AND (C) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that, on October 8, 2019, the Debtors filed the *Notice of Hearing with Respect to Motion For Entry of an Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 8827] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that, on October 16, 2019, the Debtors filed the *Supplemental Brief of the Debtors in Support of Motion For Entry of an Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 8876] (the "Supplement").

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

PLEASE TAKE FURTHER NOTICE that, on October 18, 2019, the Official Committee of Unsecured Creditors (the "Committee") filed the *Limited Objection of Official Committee of Unsecured Creditors to Debtors' Motion for Entry of an Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 8893] (the "Limited Objection").

PLEASE TAKE FURTHER NOTICE that, on October 23, 2019, the Debtors filed the *Reply in Support of Motion for Entry of an Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 8930] (the "Reply").

PLEASE TAKE FURTHER NOTICE that, at the hearing held on October 30, 2019 (the "Hearing"), the Court directed the Debtors to file on notice of presentment a proposed order authorizing revised proposed Administrative Claims Reconciliation Procedures ("Revised ACR Procedures") and a revised proposed form of notice ("Revised Notice").

PLEASE TAKE FURTHER NOTICE that, on November 13, 2019, in compliance with the Court's direction at the Hearing, the Debtors filed the revised proposed *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 9155] (the "Revised Proposed Order").

PLEASE TAKE FURTHER NOTICE that, in response to informal comments received, the Debtors hereby file the further revised proposed *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* (the "Further Revised Proposed Order"), attached hereto as **Exhibit A**.

PLEASE TAKE FURTHER NOTICE that, unless a written objection to the Further Revised Proposed Order is filed with the Court in accordance with the *Tenth Amended Notice,*

*Case Management and Administrative Procedures* (the "Case Management Procedures") [ECF

No. 8027-1] **by 4:00 p.m. (AST) on December 26, 2019**, no hearing will be held and the Further

Revised Proposed Order may be approved by this Court.

       **PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Title

III Cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by

calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject

to the procedures and fees set forth therein.

Dated: December 18, 2019
      San Juan, Puerto Rico

Respectfully submitted,

*/s/   Martin J. Bienenstock*
Martin J. Bienenstock
Brian S. Rosen
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board for Puerto Rico as
representative for the Debtors*

*/s/   Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board for Puerto Rico as
representative for the Debtors*

# EXHIBIT A

**Further Revised Proposed Order**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ORDER (A) AUTHORIZING**
**ADMINISTRATIVE RECONCILIATION OF CLAIMS,**
**(B) APPROVING ADDITIONAL FORM OF NOTICE,**
**AND (C) GRANTING RELATED RELIEF**

Upon the *Motion For Entry Of An Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief*, dated October 8, 2019 (the "Motion"),[2] of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, ERS, HTA, and PREPA, the "Debtors," and each individually, a "Debtor"), for entry of an order (this "Order") authorizing administrative reconciliation of claims and approving additional forms of notice, as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having held a hearing on October 30, 2019 (the "Hearing") and, as set forth on the record of the Hearing, the Court having found that the relief requested in the Debtors' Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that, based upon the relief requested by the Debtors' Motion, no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Debtors' Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been resolved as set forth herein, or withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is granted to the extent set forth herein.

2.     Pension/Retiree Claims, Tax Refund Claims, Public Employee Claims, Grievance Claims, and such Claims that have been resolved but not yet paid, as defined in the Motion, shall be resolved through the Debtors' existing administrative reconciliation processes ("Administrative Claims Reconciliation"),[3] through procedures attached hereto as **Exhibit 1**.  Claimants will retain

---

[3] For the avoidance of doubt, Pension/Retiree Claims, Public Employee Claims, and Tax Refund Claims as to which no proof of claim was required to be filed, consistent with the Bar Date Order, will be administered in the manner in which such claims were administered prior to the

2

all existing appeal rights to which they are entitled pursuant to those existing Administrative Claims Reconciliation processes.

3.        Nothing in this Order or in the Motion is, or shall be deemed to constitute, any admission as to the validity, nature, amount, or priority of any claim asserted against the Debtors in these PROMESA cases, or a waiver of any right of the Debtors or any other party in interest in these cases to dispute the validity, nature, amount, or priority of, or otherwise object, either in the same or subsequent objections, on any grounds to any such claims.

4.        The Debtors' proposed form of notice to be filed and served in connection with Administrative Reconciliation, attached hereto as **Exhibit 2**, is approved.

5.        The Debtors are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6.        The Title III stay shall be modified solely to the limited extent necessary to permit the continuation of matters which were commenced by the American Federation of Teachers, AFL-CIO, the Asociación de Maestros de Puerto Rico-Local Sindical, the American Federation of State, County and Municipal Employees, the Service Employees International Union, the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), or by their affiliated local unions in Puerto Rico in accordance with the grievance and arbitration procedures set forth in their respective collective bargaining agreements or under applicable statutes and arising from or relating to prepetition conduct of a Title III debtor (the "Prepetition Actions"), except with respect to matters arising from prepetition conduct which challenge the constitutionality of Commonwealth statutes.  To the extent that any disposition of a

---

Petition Date.  The Court reserves jurisdiction to enforce claims that have not been paid within one-hundred and twenty (120) days of the date such claims may be finally administratively determined.

Prepetition Action results in a settlement, arbitration award, or other resolution that requires payment, such payment shall be made by the Commonwealth in the ordinary course.  Except as expressly provided in this decretal paragraph 6, nothing contained herein shall affect the provisions of that certain *Stipulation Between the Commonwealth of Puerto Rico and CBA Counterparties Regarding Certain Grievance and Arbitration Procedures*, dated March 6, 2018, as so ordered on March 7, 2018 (the "Stipulation").  The Court reserves jurisdiction to enforce claims that have not been paid within one-hundred and twenty (120) days of the date such claims may be finally determined.

7.      The Court reserves the right to modify or rescind, in whole or in part, these procedures in the event the Court determines that such a step is necessary in the interest of justice and efficient resolution of the Pension/Retiree Claims, Tax Refund Claims, Public Employee Claims,[4] and Grievance Claims.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:  _____, 2019

_____
Honorable Judge Laura Taylor Swain
United States District Judge

---

[4] Public Employee Claim, as defined in this Order, shall include all prepetition claims or grievances of transitory teachers, as that term is defined by either Regulation 6743 of the Department of Education at Article VI, Section 1(3), or by Law 85 of 2018.

4

# **EXHIBIT 1**

**Administrative Claims Reconciliation Procedures**

## Administrative Claims Reconciliation Procedures

1.      The Pension/Retiree Claims, the Tax Refund Claims, the Public Employee Claims, and the Grievance Claims will be subject to Administrative Claims Reconciliation in two instances:

      a.   Within one hundred twenty (120) days of approval of these procedures by the Court, and every sixty (60) days thereafter, the Commonwealth, on behalf of itself and the other Debtors, shall file with the Title III Court and serve upon the claimants a notice, the form of which is annexed hereto as Exhibit 2 (the "Administrative Reconciliation Notice"), informing such claimant that its Claim shall be handled in accordance with the aforementioned Administrative Claims Reconciliation process. The Administrative Reconciliation Notice will designate whether each Claim is to be resolved using the Pension/Retiree Procedures, the Tax Refund Procedures, the Grievance Procedures, or the Public Employee Procedures.

      b.   In the event that (i) the Debtors file an omnibus objection to Claims, (ii) a claimant objects to the relief requested in such omnibus objection, and (iii) the Court or the Debtors determine that such Claim should be subject to Administrative Claims Reconciliation, the Debtors shall file an Administrative Reconciliation Notice with the Court and serve the Administrative Reconciliation Notice upon the Claimant stating that such Claim has been removed from the omnibus objection and shall be subject to the Administrative Claims Procedures. If the Debtors make such determination, on the date when the Debtors' reply in support of its omnibus objection is due, the Debtors shall file an Administrative Reconciliation Notice with the Court setting forth the Claims to which an omnibus objection has been interposed and responded to by the holder thereof as and to which the Debtors have determined should be subject to the Administrative Claims Reconciliation process. If the Court makes such determination, the Court shall provide notice to the Debtors, and the Debtors shall file such an Administrative Reconciliation Notice with the Court. To the extent necessary, the automatic stay, extant pursuant to section 362 of the Bankruptcy Code, should be deemed modified so as to permit the continuation of the reconciliation of any claims subject to Administrative Claims Reconciliation.

2.      With respect to each of the Pension/Retiree Claims, the Tax Refund Claims, the Public Employee Claims, and the Grievance Claims, upon reconciliation, the Debtor(s) shall pay the amount due and owing in the ordinary course.

3.      Upon the filing of the Administrative Reconciliation Notice, any claims subject thereto (the "ACR Designated Claims") shall be designated as "Subject to Administrative Reconciliation" on the Claims Registry in these Title III Cases. The Administrative Reconciliation Notice shall authorize and direct Prime Clerk to mark all claims listed on the Administrative Reconciliation Notice as "Subject to Administrative Reconciliation" on the official claims register in these Title III Cases.

4.      Within sixty (60) days of service of the Administrative Reconciliation Notice, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Department of Treasury ("Hacienda"), or the applicable agency previously responsible for handling a Claim, as the case may be, shall restart the processing of the Claims through Administrative Claims Reconciliation. ERS, Hacienda, or the applicable agency responsible for handling a Claim, as the case may be, shall reach an initial determination as to whether to grant or deny the Claim within ninety (90) days of the recommencement of consideration of the Claim, unless the parties agree otherwise. To the extent that the local law or procedure applicable to a Claim provides more than ninety (90) days for resolution of the Claim, the time period provided under such local law or procedure shall prevail. Such ninety (90) day period relates to the initial determination of the Claim only. In the event that either party seeks further review of an initial determination, such further review shall not be limited by this ninety (90) day period.

5.      Within ninety (90) days of filing the first Administrative Reconciliation Notice, and every sixty (60) days thereafter, the Debtors shall file with the Court a notice (an "Administrative Reconciliation Status Notice") setting forth the status of the ACR Designated Claims. The Administrative Reconciliation Status Notice shall identify, for each ACR Designated Claim, whether it is a Pension/Retiree Claim, a Tax Refund Claim, a Public Employee Claim, or a Grievance Claim. The Administrative Reconciliation Status Notice shall provide the following information with respect to each ACR Designated Claim:

a.   The date the ACR Designated Claim was transferred into Administrative Reconciliation.

b.   The agency that is responsible for processing the ACR Designated Claim.

c.   Whether the agency responsible for processing the ACR Designated Claim has begun reviewing the Claim. If the agency has not begun reviewing the Claim within sixty (60) days of the date the ACR Designated Claim was transferred into Administrative Reconciliation, the Administrative Reconciliation Status Notice will include a brief explanation for the delay.

d.   Whether the agency responsible for processing the ACR Designated Claim has a complete administrative file for the Claim, including any follow up documentation requested from claimants.

e.   Whether an initial determination on the ACR Designated Claim has been made. In the event that more than ninety (90) days have elapsed since the recommencement of consideration of the Claim, and an initial determination has not yet been reached, the Administrative Reconciliation Status Notice shall indicate whether the time period was extended by agreement of the parties or because the time period provided under local laws or procedures for resolving the Claim exceeds ninety (90) days.

f.   Whether the claimant has taken an appeal from the initial determination and if so, the status of that appeal.

g.  Whether the ACR Designated Claim has been resolved (the "ACR Resolved Claims"), either because the claimant has exhausted any available appeals or because the claimant has not filed an appeal within the applicable time period for doing so, and the date on which the ACR Designated Claim was resolved.

h.  Whether an ACR Resolved Claim has been paid within one-hundred and twenty (120) days of the date it was resolved.

6.  For the avoidance of doubt, Administrative Reconciliation shall not pertain to any proofs of claim filed by Doral Financial Corporation or any agreements underlying such claims.

## **EXHIBIT 2**

**English and Spanish Versions of the Form of Notice of Transfer to Administrative
Reconciliation Procedures**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## ADMINISTRATIVE CLAIMS RECONCILIATION NOTICE

Service Date:
Designated Claimant(s):
Address:
Designated Claim Number(s):
Amount(s) Stated in Proof(s) of Claim:
Claim Type (Pension/Retiree, Tax Refund, Public Employee, and/or Grievance)**:**

---

**This Notice __only__ applies to the Designated Claim Number(s) listed above.  You should read the Notice carefully and discuss it with your attorney.  If you do not have an attorney, you may wish to consult one.**

**If you have any questions, please contact __Prime Clerk LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers)__, available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available).**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)..

By this Administrative Reconciliation Notice, the [Debtor] hereby submits the above-identified claim(s) (the "ACR Designated Claim(s)") in the [Debtor's] Title III case to resolution through administrative claims reconciliation, pursuant to the procedures (the "Administrative Reconciliation Procedures") established by the ***Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief***, entered by the United States District Court for the District of Puerto Rico (the "Title III Court") on [DATE].  Prime Clerk is hereby authorized and directed to designate the ACR Designated Claim(s) as "Subject to Administrative Reconciliation" on the Claims Registry in these Title III cases.  A copy of the Administrative Reconciliation Procedures is enclosed for your reference.

The purpose of the Administrative Reconciliation Procedures is to allow the Commonwealth to evaluate and resolve your claim using its existing administrative processes. Only certain types of claims are eligible to participate in the Administrative Reconciliation Procedure: Claims for pension or retiree benefits ("Pension/Retiree Claims"), Claims for tax refunds ("Tax Refund Claims"), Claims for salaries and benefits owed to public employees ("Public Employee Claims"), and union grievances ("Grievance Claims").  For information regarding the administrative processes applicable to your claim, please see the attached "Overview of Administrative Claims Reconciliation Procedures."

To ensure claims are resolved and paid in a timely fashion, the ACR Designated Claims will be monitored by the Title III court, and [Debtor] will be required to inform the Title III court of the status of each ACR Designated claim submitted to the Administrative Reconciliation Procedures **every 60 days**.

You do not need to do anything further at this time.  Within 60 days, a representative from [agency responsible for claim] will contact you and initiate the Administrative Reconciliation Procedure for your ACR Designated Claim.

If you do not hear from a Commonwealth agency representative within **SIXTY DAYS OF THE "SERVICE DATE" REFLECTED ON THE TOP OF THIS NOTICE, YOU MUST CONTACT [PRIME CLERK].**

## <u>Overview of Administrative Claims Reconciliation Procedures</u>

You are receiving this notice because the Debtors have determined that your claim(s) should be resolved using the Commonwealth's existing administrative processes. Your claim will be resolved using one of the procedures identified below. Please check the Administrative Claims Reconciliation Notice that accompanies this Overview to determine which procedures will process your claim. This Overview provides you basic information regarding the next steps in resolving your claim and the administrative procedures that will consider your claim. **You should read this Overview carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.**

Within sixty (60) days of receipt of this notice, a representative from the Commonwealth agency responsible for processing your claim will reach out to you to notify you that the agency has initiated processing of your claim. IF YOU DO NOT HEAR FROM ANY COMMONWEALTH AGENCY WITHIN SIXTY (60) DAYS, PLEASE CONTACT [PRIME CLERK] IMMEDIATELY.

Once ERS, Hacienda, or the applicable Commonwealth agency have reached an initial determination (the "<u>Initial Determination</u>") as to the amount, if any, of your claim, it will send you a letter notifying you of its decision.

If you do not agree with the Initial Determination, you have the right to an appeal. The timing and procedures for that appeal vary depending on the type of claim you have:

- **<u>Pension/Retiree Claims</u>**: If you disagree with ERS's Initial Determination, you will then have thirty (30) days from the date of the letter to request reconsideration. If you seek reconsideration, a hearing examiner will hold a hearing to consider your claim. You will receive a decision from ERS within forty-five (45) days of your hearing. If ERS denies reconsideration of your claim, you must file an appeal with the Retirement Board within thirty (30) days of the date of the decision denying reconsideration. If your appeal is denied, you must file an appeal with the Puerto Rico Court of Appeals within thirty (30) days of the date of the Retirement Board's determination.

- **<u>Tax Refund Claims</u>**: If you disagree with Hacienda's Initial Determination, you may file a lawsuit in the Court of First Instance within thirty (30) days of the date the letter was mailed.

- **<u>Public Employee Claims</u>**: The Commonwealth has many administrative processes, administered by many different entities, for employees to pursue employment related claims. If you disagree with the applicable agency's Initial Determination, you have the right to an appeal, including the right to appeal that Initial Determination to the Puerto Rico Court of Appeals. You should discuss with your attorney the time frame within which you must file your appeal. If you do not have an attorney, you may wish to consult one.

- **<u>Grievance Claims</u>**: If you have a Grievance Claim, your claim will be processed in accordance with the terms of your collective bargaining agreement. You should consult

3

your collective bargaining agreement to find more information regarding the steps that will be taken to resolve your claim, the timing for resolving your claim, and any appeal rights you may have.

If at any point you receive an Initial Determination, but you do not file an appeal within the applicable time lines above, your claim will be designated as "resolved," and you will be paid the amount, if any, determined by the administrative procedures.

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>No. 17 BK 3283-LTS<br><br>(Administrados en forma conjunta) |

**AVISO DE RECONCILIACIÓN ADMINISTRATIVA DE RECLAMACIONES**

Fecha de Servicio:
Reclamante(s) designados:
Dirección:
Numero(s) de reclamaciones designadas:
Cantidad(es) indicado en la(s) prueba(s) de reclamaciones:
Tipo de Reclamación (Pensión/Jubilado, reembolso de impuestos, empleado público y/o queja):

> **Este aviso <u>solo</u> se aplica a los números de reclamaciones designadas mencionados anteriormente. Debe leer el aviso detenidamente y discutirlo con su abogado. Si no tiene un abogado, puede consultar a uno.**

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el " Estado Libre Asociado ")(Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747); y (vi) Autoridad de Edificios Públicos ("PBA", y junto con el Estado Libre Asociado, COFINA, HTA, ERS, y PREPA, los "Deudores") (Casa de quiebra 19-BK-5233-LTS) (los casos al amparo del Título III figuran como números el Caso de Quiebra debido a limitaciones del software).

**Si tiene alguna pregunta, comuníquese con <u>Prime Clerk LLC al (844) 822-9231</u> <u>(llamada gratis para EE. UU. y Puerto Rico) o (646) 486-7944 (para llamadas</u> <u>internacionales)</u>, disponible de 10:00 a.m. a 7:00 p.m. (Hora estándar del Atlántico) (español disponible).**

Mediante este Aviso de Reconciliación Administrativo, el [Deudor] por la presente presenta las reclamaciones identificadas anteriormente (las "<u>Reclamacion(es) Designada(s)</u>") en el caso de Título III a una resolución de reconciliación de reclamaciones administrativas de conformidad con los procedimientos (el "<u>Procedimientos de Reconciliación Administrativo</u>") establecidos por la ***Orden (A) Autorizando la Reconciliación Administrativa de Reclamaciones, (B) Aprobando Forma Adicional de Aviso, y (C) Otorgando Alivio Relacionado***, ingresado por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "<u>Tribunal del Título III</u>") el [FECHA].  Prime Clerk queda autorizado y dirigido a designar el (los) Reclamacion(es) Designada(s) de ACR como "Sujeto a Reconciliación Administrativa" en el Registro de Reclamacions en estos casos del Título III.  Se adjunta una copia de los Procedimientos de Reconciliación Administrativo para su referencia.

El propósito de los Procedimientos de Reconciliación Administrativa es permitir que el Estado Libre Asociado evalúe y resuelva su reclamación utilizando sus procesos administrativos existentes.  Solo ciertos tipos de reclamaciones son elegibles para participar en el Procedimiento de Reconciliación Administrativa: Reclamaciones por beneficios de jubilación o pensión ("<u>Reclamaciones de Jubilación/Pensión</u>"), Reclamaciones por reembolsos de impuestos ("<u>Reclamaciones de Reembolso de Impuestos</u>"), Reclamaciones por salarios y beneficios adeudados al público empleados ("<u>Reclamaciones de Empleados Públicos</u>") y quejas sindicales ("<u>Reclamaciones de Quejas</u>").  Para obtener información sobre los procesos administrativos aplicables a su reclamacion, consulte la "Descripción General de los Procedimientos de Reconciliación Administrativa de Reclamaciones."

Para garantizar que las reclamaciones se resuelvan y pagaran de manera oportuna, las Reclamación(es) Designada(s) por ACR serán monitoreadas por el tribunal del Título III y [Deudor] deberá informar al tribunal del Título III del estado de cada reclamación presentada a los Procedimientos de Reconciliación administrativa **cada 60 días.**

No necesita hacer nada más en este momento.  Dentro de los 60 días, un representante de [la agencia responsable de la reclamación] se comunicará con usted e iniciará el Procedimiento de Reconciliación Administrativa para su Reclamación Designada de ACR.

Si no tiene noticias de su representante de la agencia dentro de las **<u>SESENTAS DÍAS</u> DE LA "FECHA DE SERVICIO" REFLEJADA EN LA PARTE SUPERIOR DE ESTE AVISO, DEBE CONTACTAR [PRIME CLERK].**

**Descripción General de los Procedimientos de Reconciliación Administrativa de
Reclamaciones**

Está recibiendo este aviso porque los Deudores han determinado que su(s)
reclamación(es) deben resolverse utilizando los procedimientos administrativos existentes del
Estado Libre Asociado. Su reclamación se resolverá utilizando uno de los procedimientos
identificados a continuación. Por favor consulte el Aviso de Reconciliación Administrativa de
Reclamaciones que acompañe esta Descripción General para determinar que procedimientos
procesarán su reclamación. Esta Descripción General le brinda información básica sobre los
próximos pasos para resolver su reclamación y los procedimientos administrativos que
consideraran su reclamación. **Debe leer esta Descripción General detenidamente y discútelo
con su abogado. Si no tienes un abogado, puede consultar a uno.**

Dentro de los sesenta (60) días después que recibes este aviso, un representante de la
agencia del Estado Libre Asociado responsable de procesar su reclamación se comunicara con
usted para notificarle que esa agencia ha iniciado el procesamiento de su reclamación. SI NO
OYES DE NINGUNA AGENCIA DEL ESTADO LIBRE ASOCIADO DENTRO DE
SESENTA (60) DÍAS, POR FAVOR CONTACTAR [PRIME CLERK] INMEDIATAMENTE.

Una vez que ERS, Hacienda, o la agencia del Estado Libre Asociado aplicable hayan
alcanzado una determinación inicial (la "Determinación Inicial") en cuanto al monto, si
corresponde, de su reclamación, le enviará una carta notificándole su decisión.

Si no está de acuerdo con la Determinación Inicial, tiene derecho a una apelación. La
sincronización y los procedimientos para esa apelación varían según el tipo de reclamo que
tenga.

- **Reclamaciones de pensión/jubilación**: Si no está de acuerdo con la Determinación
  Inicial, tendrá treinta (30) diez a partir de la fecha de la carta para solicitar la
  reconsideración. Si busca una reconsideración, un examinador de audiencias realizara
  una audiencia para considerar su reclamación. Recibirá una decisión de ERS dentro de
  los cuarenta y cinco (45) días de su audiencia. Si ERS niega la reconsideración de su
  reclamación, debe presentar una apelación ante la Junta de Retiro dentro de los treinta
  (30) días posteriores a la fecha de la decisión que niega la reconsideración. Si se rechaza
  su apelación, debe presentar una apelación ante del Tribunal de Apelaciones de Puerto
  Rico dentro de los treinta (30) días posteriores a la fecha de la determinación de la Junta
  de Retiro.

- **Reclamaciones de rembolso de impuestos**: Si no está de acuerdo con la Determinación
  Inicial de Hacienda, puede presentar una demanda en el Tribunal de Primera Instancia
  dentro de los treinta (3) días posteriores a la fecha en que se envió la cara.

- **Reclamaciones de empleados públicos**: El Estado Libre Asociado tiene muchos
  procesos administrativos, administrados por muchas entidades diferentes, para que los
  empleados tramiten reclamaciones relacionadas con el empleo. Si no está de acuerdo con
  la Determinación Inicial de la agencia correspondiente, tiene derecho a una apelación,

3

incluido el derecho de apelar esa Determinación Inicial ante el Tribunal de Apelaciones de Puerto Rico.  Debe analizar con su abogado el plazo dentro del cual debe presentar su apelación.  Si no tiene un abogado, puede consultar a uno.

- **Reclamaciones de Queja**: Si tiene una reclamación de queja, su reclamación se procesará de acuerdo con los términos de su convenio colectivo.  Debe consultar su convenio colectivo para obtener más información sobre los pasos que se tomaran para resolver su reclamación, el momento para resolverlo y los derechos de apelación que pueda tener.

Si en algún momento recibe una Determinación Inicial, pero no presenta una apelación dentro de los plazos establecidos anteriormente, su reclamación será designada como "resuelto" y se le pagará el monto, si corresponde, determinado por los procedimientos administrativos.

4