UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |

INTERIM CASE MANAGEMENT ORDER

On July 24, 2019, the Court issued an *Order Regarding Stay Period and Mandatory Mediation* (Docket Entry No. 8244 in Case No. 17-3283, the "Stay Order") that stayed the adversary proceedings and contested matters identified in Appendix I of the Stay Order.[2] Further, the Stay Order directed the parties in these Title III proceedings to enter into a

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] On October 28, 2019, the Court entered its *Order Granting Urgent Joint Motion of Oversight Board and AAFAF for Order Extending (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto* (Docket Entry No. 9016), pursuant to which the stay provided for in the Stay Order was extended until December 31, 2019.

period of mandatory mediation overseen by Chief Bankruptcy Judge Barbara J. Houser (the
"Mediation Team Leader").  The Stay Order required the Commonwealth of Puerto Rico (the
"Commonwealth") and the Puerto Rico Public Buildings Authority ("PBA," and together with
the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management
Board for Puerto Rico (the "Oversight Board"), either on its own or through the Special Claims
Committee (the "SCC"), as the Commonwealth's and PBA's sole representative pursuant to
section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act
("PROMESA") along with the movants or plaintiffs in each of the adversary proceedings and
contested matters identified in Appendix I of the Stay Order (together, "Plaintiffs"), and certain
defendants, respondents, and parties in interest that had appeared in such proceedings  (the
"Identified Parties")[3] to participate in discussions and communications facilitated by the
Mediation Team Leader.  Among other things, the Mediation Team Leader commenced those
discussions to facilitate the filing of substantially agreed scheduling orders with respect to the
adversary proceedings and contested matters filed by the Debtors against holders of general
obligation bonds issued by the Commonwealth and holders of bonds guaranteed by the
Commonwealth.[4]

   The schedule set forth in this Interim Case Management Order governs the
(i) claim objections that have been filed in the Commonwealth Title III case against the claims
filed by holders of certain general obligation bonds issued by the Commonwealth and holders of

---

[3]  For clarity, a list of the Identified Parties is attached as Appendix A.
[4]  The Mediation Team Leader directed Plaintiffs and certain of the Identified Parties to
draft and, if possible, jointly submit the proposed scheduling orders pursuant to the
direction and oversight of the Mediation Team, however the Mediation Team expressly
reserved the rights of all parties (including the drafters) to object to the proposed
scheduling orders, including but not limited to this Interim Case Management Order.

certain bonds guaranteed by the Commonwealth (Docket Entry Nos. 4784 (holders of general obligation bonds issued in or after March 2012), 7057 (holders of general obligation bonds issued in 2011), and 8141 (holders of PBA bonds) in Case No. 17-3283 (collectively, the "Claim Objections")); (ii) solely to the extent that any defendant opts to voluntarily participate in any litigation concerning the Claim Objections, the adversary proceedings commenced by the SCC and the Official Committee of Unsecured Creditors (the "UCC")[5] (Adv. Pro. Nos. 19-281, 19-282, 19-283, 19-284, 19-285, 19-286, 19-287, and 19-288 (collectively, the "Clawback Litigation") and Adv. Pro. No. 280 (the "Underwriter Litigation")); and (iii) the adversary proceedings seeking a determination of, *inter alia*, the validity of these bondholders' asserted liens and, if such liens are valid, to avoid same (Adv. Proc. Nos. 19-291, 19-292, 19-293, 19-294, 19-295, 19-296, and 19-297, collectively the "GO Lien Challenges").  This document is being filed in all relevant Title III proceedings, relating to the respective adversary proceedings pending in each such proceeding.

Upon the *Interim Report and Recommendation of the Mediation Team filed by the Mediation Team Leader*, dated November 27, 2019, and the Court having found and determined that: (i) the Court has jurisdiction to consider the proposed Interim Case Management Order and the relief requested therein under PROMESA section 306(a); (ii) venue is proper before this Court pursuant to PROMESA section 307(a); (iii) the relief requested is in the best interests of the Debtors, their creditors, and other parties in interest; (iv) adequate and appropriate notice under the circumstances has been provided and that no other or further notice is required; (v) any

---

[5] The UCC is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

objections to the relief requested herein having been overruled; and (vi) after due deliberation

and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1.     **Claim Objections Schedule**—The following deadlines shall govern the litigation

of the Claim Objections:

- Filing deadline for additional omnibus objections disputing the validity of claims related to general obligation bonds issued by the Commonwealth, bonds guaranteed by the Commonwealth, or bonds issued by the PBA[6] ("Future Claim Objections") and any amendments to the existing objections or notices of participation pending in the Claim Objections:  January 8, 2020

- Federal Rule of Bankruptcy Procedure 7012 is hereby incorporated in the litigation of the Claim Objections and any Future Claim Objections.  Accordingly, the Identified Parties, holders of challenged claims, and other interested parties (including defendants in the Clawback Litigation and Underwriter Litigation) may file motion(s) seeking dismissal under Federal Rule of Civil Procedure 12(b), in whole or in part, of one or more of the Claim Objections and any Future Claim Objections.  For the avoidance of doubt, a party's failure to raise an argument in this Motion-to-Dismiss phase shall not preclude that party from raising the argument at subsequent stages of the proceeding unless the ruling on the Motion to Dismiss precludes such an assertion.  The briefing schedule governing such motions is as follows:

  o   Opening Brief(s) for the Identified Parties:  February 5, 2020 at 5:00 p.m. (Atlantic Standard Time)

  o   Opening Brief(s) for all other bondholders or interested parties (including defendants in the Clawback Litigation and Underwriter Litigation who opt to

---

[6]     Notwithstanding the filing deadline for Future Claim Objections established herein, the UCC reserves the right to join the Omnibus Conditional Objection of the Ad Hoc Group of General Obligation Bondholders to Claims Filed or Asserted by the PBA, Holders of PBA Bonds, and Holders of Certain Commonwealth GO Bonds (Docket Entry No. 6099 in Case No. 17-3283, the "Conditional Claim Objection") or to otherwise object (including by way of amendment) to claims based on PBA bonds in the event that, in the litigation of its GO Claim Objections, the Court dismisses the objections or issues any ruling that would allow or provide a basis for arguing that additional PBA bonds are invalid or that PBA bonds are invalid on grounds other than those asserted in the UCC's pending objections, including, without limitation, that, if the PBA is a "sham" or served as a mechanism to evade Puerto Rico's constitutional debt limit, the only bonds that should be invalidated are PBA bonds and/or that all PBA bonds are invalid.

voluntarily participate in these proceedings, see *infra*):  February 19, 2020 at 5:00 p.m. (Atlantic Standard Time)

   o   Opposition Brief(s) for proponents of the Claim Objections and proponents of any Future Claim Objections: March 18, 2020 at 5:00 p.m. (Atlantic Standard Time)

   o   Reply Brief(s) for Identified Parties: April 8, 2020 at 5:00 p.m. (Atlantic Standard Time)

   o   Reply Brief(s) for all other bondholders or interested parties (including defendants in the Clawback Litigation): April 20, 2020 at 5:00 p.m. (Atlantic Standard Time)

   o   Hearing: April 30, 2020, at 10:00 a.m. (Atlantic Standard Time) in New York, with video connection to San Juan

- Clawback Litigation and Underwriter Litigation: Defendants in the Clawback Litigation and Underwriter Litigation may voluntarily opt to participate in these motion-to-dismiss proceedings.  However, neither entry of this Interim Case Management Order nor the filing of briefs in connection with the motions to dismiss the Claim Objections shall constitute "termination of the Stay" for the purposes of paragraph 4 of the *Order Clarifying Effect of Prior Orders and Establishing Notice and Objection Process Regarding Disclosure of Confidential Information* (Docket Entry No. 8797 in Case No. 17-3283, the "Notice Order").  For the avoidance of doubt, the Clawback Litigation and Underwriter Litigation remain stayed absent further order of the Court and the Notice Order shall not be in any way amended by this Interim Case Management Order.[7]

- The *Joint Motion of Certain Adversary Defendants Seeking Entry of an Order Authorizing Participation in Determination of Constitutional Validity of Challenged Bonds* (Docket Entry No. 7747 in Case No. 17-3283, the "Underwriter Litigation Participation Motion"), filed by certain defendants to the Underwriter Litigation requesting to participate in certain litigation regarding the Claim Objections, is rendered moot upon entry of this Interim Case Management Order and is dismissed without prejudice to the re-filing thereof as warranted pursuant to further orders of this Court.

- Discovery:  Absent further order of the Court, discovery in connection with Claim Objections and any Future Claim Objections shall be stayed; *provided, however*, that this stay of discovery shall not prohibit any party from voluntarily complying with discovery

---

[7]     For the further avoidance of doubt: defendants to the Clawback Litigation may file notices of appearance and participate in these motion-to-dismiss proceedings, under pseudonym as otherwise permitted by the Notice Order.

requests and shall not prohibit any party from seeking such agreements with respect to discovery requests.

2. **GO Lien Challenges Schedule**—The following deadlines shall govern the GO Lien Challenges:

- Motion(s) to Dismiss the GO Lien Challenges in whole or in part:

    o Opening Brief(s) for the Certain Interested Defendants[8] and the other Identified Parties listed on Appendix A (to the extent such other Identified Parties are defendants in the GO Lien Challenges, including as a result of intervention): February 5, 2020 at 5:00 p.m. (Atlantic Standard Time)

    o Opening Brief(s) for all other Defendants: February 19, 2020 at 5:00 p.m. (Atlantic Standard Time)

    o Opposition Brief(s) for Plaintiffs: April 3, 2020 at 5:00 p.m. (Atlantic Standard Time)

    o Reply Brief(s) for Certain Interested Defendants and the other Identified Parties listed on Appendix A (to the extent such other Identified Parties are defendants in the GO Lien Challenges, including as a result of intervention): May 4, 2020 at 5:00 p.m. (Atlantic Standard Time)

    o Reply Brief(s) for all other Defendants: May 15, 2020 at 5:00 p.m. (Atlantic Standard Time)

    o Hearing: June 3 or 4, 2020, in connection with the June Omnibus Hearing[9]

---

[8]  This term refers to the defendants listed in Exhibit B to the *Superseding Status Report of the Debtors and Alternative Proposed Case Management Orders of Debtors and Certain Defendants in Connection with Adversary Proceedings Numbers 19-291, 19-292, 19-293, 19-294, 19-295, 19-296, and 19-297* (Docket Entry 8083 in Case No. 17-3283 (July 17, 2019)).

[9]  This argument date is subject to adjustment consistent with the following principles. Because of the potential of overlapping issues, the motion(s) to dismiss the GO Lien Challenges should, to the extent possible, be heard together with any motion(s) to dismiss any adversary proceedings in the Commonwealth or HTA Title III cases against holders of bonds issued by HTA, the Puerto Rico Convention Center District Authority ("CCDA"), or the Puerto Rico Infrastructure Financing Authority ("PRIFA") challenging liens and/or objecting to claims with respect to bonds issued by HTA, CCDA, or PRIFA.

3.      To the extent that resolution of the applicable Motions to Dismiss does not result in dismissal of the Claim Objections, any Future Claim Objections, and the GO Lien Challenges, the remainder of the schedule for all unresolved Claim Objections, Future Claim Objections, and GO Lien Challenges shall be set by separate order of the Court following its ruling on the applicable Motions to Dismiss.

4.      In all instances, any party filing a brief must certify that it has taken reasonable efforts to avoid duplication and submit a brief that is no longer than necessary.  The Court will not view favorably briefs that are unduly repetitious or that duplicate arguments made elsewhere.

5.      In all instances, both (i) the various Identified Parties in the Claim Objections and the Certain Interested Defendants in the GO Lien Challenges and (ii) the proponents of the Claim Objections (including parties who filed notices of participation in support of the Claim Objections) and Plaintiffs in the GO Lien Challenges shall, for issues on which their respective positions are aligned in any of the pleadings detailed in this Interim Case Management Order, use reasonable efforts to draft a single brief and coordinate to minimize duplicative briefs.  Those parties shall include a certification in their briefs confirming that they have taken such efforts.

6.      All other bondholders and interested parties in the Claim Objections and Defendants in the GO Lien Challenges, with respect to any pleadings detailed in this Interim Case Management Order, shall certify to the Court that they have reviewed all briefs submitted by the Identified Parties or Certain Interested Defendants.  Such other bondholders, interested parties, and Defendants may file additional briefs only if they raise issues unique or specialized to that party, or such additional brief otherwise raises an argument or issue not addressed in the briefs filed by the Identified Parties or Certain Interested Defendants.  Absent further order of the Court, such additional briefs shall be limited to seven (7) pages.

7.     The Court may, by separate order, impose further limitations on the number and length of pleadings contemplated by this Interim Case Management Order.

8.     The Debtors shall serve any agency, department, or instrumentality of the United States in accordance with Rule 7004(b) of the Federal Rules of Bankruptcy Procedure.

9.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this Interim Case Management Order.

10.     This Interim Case Management Order shall be entered simultaneously in (i) each of the applicable adversary proceedings identified in Appendix I of the Stay Order, and (ii) each Title III case docket corresponding to applicable contested matters identified in Appendix I of the Stay Order.  A list of such applicable proceedings and matters is attached as Appendix B.

11.     The Objection Notice annexed hereto as Appendix C and the Spanish translation thereof annexed hereto as Appendix D are hereby approved.

12.     The UCC shall cause Prime Clerk, within five (5) business days after December 31, 2019 (but not earlier), to serve copies of the Objection Notice and this Interim Case Management Order upon (a) all individuals and entities who filed proofs of claim that are reflected on Prime Clerk's database as "bond claims" against the Commonwealth, (b) all individuals and entities who submitted Notices of Participation in accordance with the *Order, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, Establishing Initial Procedures With Respect to Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Granting Related Relief* (Docket Entry No. 5143 in Case No. 17-3283),

and (c) all individuals and entities who are beneficial holders of (i) the 2011 GO Bonds, (ii) the

PBA Bonds, and/or (iii) the 2012 A GO Bonds, the 2012 B GO Bonds, or the 2014 GO Bonds

(each as defined in the UCC's Omnibus Claim Objections referenced below) in the manner

described in the *Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of*

*Objection Notice Upon Beneficial Holders of Challenged GO Bonds*, annexed as Exhibit A to the

*Informative Motion of (I) Financial Oversight and Management Board, Acting Through the*

*Special Claims Committee, and (II) The Official Committee of Unsecured Creditors Regarding*

*Service of Objection Notice and Procedures Upon Beneficial Holders of Challenged GO Bonds*

(Docket Entry No. 5049 in Case No. 17-3283).

13.     The UCC shall cause the publication of a notice, substantially in the form of the

Objection Notice, once in (a) *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico),

(b) *Caribbean Business* in English (primary circulation in Puerto Rico), (c) *El Diario* and *El*

*Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively),

(d) *The Bond Buyer,* and (e) on the municipal bond website EMMA,

https://emma.msrb.org/Home.  With respect to all such publications except *Caribbean Business*,

the publication shall occur within fourteen (14) days after December 31, 2019 (but not earlier).

With respect to *Caribbean Business*, the publication shall occur as promptly as possible after

December 31, 2019 (but not earlier).  The Oversight Board shall also cause the publication of a

notice, substantially in the form of the Objection Notice, via PrimeClerk or on its own website.

The above described publication notice shall be deemed good and adequate and sufficient

publication of (i) the SCC and the UCC's Omnibus Claim Objection to the 2012-2014 GO Bonds

(Docket Entry No. 4784 in Case No. 17-3283), (ii) the UCC's Omnibus Claim Objection to the

2011 GO Bonds (Docket Entry No. 7057 in Case No. 17-3283), and (iii) the UCC's Omnibus

Claim Objection to the PBA Bonds (Docket Entry No. 8141 in Case No. 17-3283).

       14.     Within five (5) business days after December 31, 2019 (but not earlier), the

FOMB, either on its own or through the SCC, shall cause this Interim Case Management Order

to be served on all defendants in the Clawback Litigation, the Underwriter Litigation, and the

GO Lien Challenges.

       15.     DTC shall give notice to its Participants of this Interim Case Management Order

and the Objection Notice by posting a copy of said documents to its Legal Notification System in

accordance with DTC's Rules and customary procedures within five business (5) days after

December 31, 2019 (but not earlier).


      SO ORDERED.

Dated: December 19, 2019

                                                  /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                United States District Judge

**<u>Appendix A – List of Identified Parties</u>**

- The Ad Hoc Group of Constitutional Debtholders

- The Ad Hoc Group of General Obligation Bondholders

- Ambac Assurance Corporation

- Assured Guaranty Corp. and Assured Guaranty Municipal Corp.

- Financial Guaranty Insurance Company

- Invesco/Oppenheimer Funds

- The Lawful Constitutional Debt Coalition

- National Public Finance Guaranty Corporation

- The QTCB Noteholder Group

**Appendix B – List of Applicable Adversary Proceedings and Contested Matters**

| | |
|---|---|
| Docket Entry No. 4784 in Case No. 17-3283 | *Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds* |
| Docket Entry No. 7057 in Case No. 17-3283 | *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rules 3007, to Claims Filed or Asserted by Holders of Certain 2011 Commonwealth General Obligation Bonds* |
| Docket Entry No. 8141 in Case No. 17-3283 | *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted Against Commonwealth by Holders of Certain Puerto Rico Public Buildings Authorities Bonds* |
| Adversary Proceedings | 19-AP-280; 19-AP-281; 19-AP-282; 19-AP-283; 19-AP-284; 19-AP-285; 19-AP-286; 19-AP-287; 19-AP-288; 19-AP-291, 19-AP-292, 19-AP-293, 19-AP-294, 19-AP-295, 19-AP-296, and 19-AP-297 |

**Appendix C – Objection Notice (English)**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------- X

|  |  |
|---|---|
| In re: | : |
|  | : |
|  | : |
| THE FINANCIAL OVERSIGHT AND | : PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : Title III |
|  | : |
| as representative of | : Case No. 17-BK-3283 (LTS) |
|  | : |
| THE COMMONWEALTH OF PUERTO RICO *et al.,* | : (Jointly Administered) |
|  | : |
| Debtors.[1] | : |

-------------------------------------------------------------------- X

**NOTICE OF (I) OBJECTION OF OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, PURSUANT TO BANKRUPTCY CODE
SECTION 502 AND BANKRUPTCY RULE 3007, TO (A) CLAIMS FILED OR
ASSERTED BY HOLDERS OF CERTAIN 2011 COMMONWEALTH GENERAL
OBLIGATION BONDS AND (B) CLAIMS FILED OR ASSERTED AGAINST
COMMONWEALTH BY HOLDERS OF CERTAIN PUERTO RICO PUBLIC
BUILDINGS AUTHORITY BONDS AND (II) BRIEFING SCHEDULE REGARDING
MOTIONS TO DISMISS WITH RESPECT TO OBJECTIONS TO (A) CLAIMS FILED
OR ASSERTED BY HOLDERS OF CERTAIN 2011 COMMONWEALTH GENERAL
OBLIGATION BONDS, (B) CLAIMS FILED OR ASSERTED AGAINST
COMMONWEALTH BY HOLDERS OF CERTAIN PUERTO RICO PUBLIC
BUILDINGS AUTHORITY BONDS, AND (C) CLAIMS FILED OR ASSERTED BY
HOLDERS OF 2012 AND 2014 COMMONWEALTH GENERAL OBLIGATION BONDS**

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto
Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico
Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of
Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case
No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last
Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case
No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings
Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title
III case numbers are listed as Bankruptcy Case numbers due to software limitations).

You are receiving this notice because (a) you have been identified as holding (i) one or more of the 2011 Commonwealth General Obligation Bonds (the "2011 GO Bonds"), (ii) one or more bonds issued by the Puerto Rico Public Buildings Authority (the "PBA Bonds") in 2011 and 2012, and/or (iii) one or more of the Commonwealth General Obligation Bonds issued in 2012 or 2014 (the "2012-2014 GO Bonds") and/or (b) you have submitted a notice of participation with respect to the procedures order [Docket No. 5143] regarding the *Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted By Holders of Certain Commonwealth General Obligation Bonds* [Docket No. 4784] (the "2012-2014 GO Bond Objection").[2]

## I.   Notice of 2011 GO Bond Objection and PBA Bond Objection

Please note that the Official Committee of Unsecured Creditors (the "Committee" or "Objector") has filed (a) an objection, dated May 21, 2019 [Docket No. 7057] (the "2011 GO Bond Objection"), to claims filed or asserted by holders of certain 2011 GO Bonds and (b) an objection, dated July 18, 2019 [Docket No. 8141] (the "PBA Bond Objection"), to claims filed or asserted by holders of certain PBA Bonds against the Commonwealth on account of a Commonwealth guarantee.  The full text of the 2011 GO Bond Objection may be found on the Internet by using the following link: https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=7057.  The full text of the PBA Bond Objection may be found on the Internet by using the following link: https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=8141.

The 2011 GO Bond Objection seeks to disallow and invalidate claims on account of the 2011 GO Bonds (the "2011 GO Bond Claims").  The PBA Bond Objection seeks to disallow and invalidate claims filed or asserted against the Commonwealth based on certain Commonwealth-guaranteed PBA Bonds (the "PBA Bond Claims").  **Subject to applicable appellate rights, if the Court grants the 2011 GO Bond Objections and/or the PBA Bond Objection in whole or in part, holders of 2011 GO Bond Claims' recovery on account of the 2011 GO Bonds and holders of PBA Bond Claims' recovery on account of the PBA Bonds, as applicable, will be eliminated in whole or in part, and such holders will be forever barred from asserting such claims against the Commonwealth, from voting on any plan of adjustment filed in this Title III Case, and from participating in any distribution in this Title III Case on account of such 2011 GO Bond Claims and PBA Bond Claims, as applicable.  Thus, the 2011 GO Bond Objection and the PBA Bond Objection may affect your rights.**

**La Objeción de Bonos GO de 2011 tiene el propósito de rechazar e invalidar reclamaciones a cuenta de los Bonos GO 2011 (las "Reclamaciones de los Bonos GO de 2011"). La Objeción de Bonos AEP tiene el propósito de rechazar e invalidar reclamaciones presentadas o incoadas contra el Estado Libre Asociado basado en ciertos Bonos AEP garantizados por el ELA (las "Reclamaciones de los Bonos AEP"). Sujeto a los derechos**

---

[2]   The 2012-2014 GO Bond Objection objects to claims filed or asserted by holders of certain Commonwealth General Obligation Bonds issued in 2012 and 2014 (as detailed in the 2012-2014 GO Claim Objection).

**apelativos aplicables, si el Tribunal concede si el Tribunal concede la Objeción de Bonos GO 2011 y/o la Objeción de Bonos AEP total o parcialmente, la recuperación de los titulares de Bonos GO 2011 por cuenta de los Bonos GO 2011 y la recuperación de los titulares de Bonos AEP por cuenta de los Bonos AEP, según aplicable, se eliminará total o parcialmente, y estos reclamantes quedarán prohibidos para siempre de hacer valer dichas reclamaciones contra el ELA, votar en cualquier plan de ajuste presentado en este Caso bajo el Título III, y participar en cualquier distribución en este Caso bajo el Título III por cuenta de dichas Reclamaciones de los Bonos GO de 2011 y Reclamaciones de los Bonos AEP, según aplicable. Por tanto, la Objeción de Bonos GO 2011 y la Objeción de Bonos AEP pueden afectar sus derechos.**

Please further note that the Committee and the Financial Oversight and Management Board for Puerto Rico also filed the 2012-2014 GO Bond Objection on January 14, 2019, which objection seeks to disallow and invalidate claims on account of the 2012-2014 GO Bonds. Notice of the 2012-2014 GO Bond Objection was previously served on holders of the 2012-2014 GO Bonds in accordance with the Court's procedures order, dated February 15, 2019 [Docket No. 5143].[3]

**II.    Briefing Schedule Regarding Motions to Dismiss with Respect to 2011 GO Bond Objection, PBA Bond Objection, and 2012-2014 GO Bond Objection**

Please note further, that on _____, the District Court entered a case management order (the "Case Management Order") that approves a schedule for briefing on motions to dismiss with respect to **the 2011 GO Bond Objection, the PBA Bond Objection, and the 2012-2014 GO Bond Objection (collectively, the "Claim Objections")**.

The briefing schedule governing such motions to dismiss is as follows:

| | |
|---|---|
| Opening Brief(s) for the Identified Parties (as defined in the Case Management Order) | February 5, 2020 |
| Opening Brief(s) for all other bondholders or interested parties | February 19, 2020 |
| Opposition Brief(s) | March 18, 2020 |
| Reply Brief(s) for Identified Parties | April 8, 2020 |
| Reply Brief(s) for all other bondholders or interested parties | April 20, 2020 |
| Hearing | April 30, 2020 |

Please note that the foregoing briefing schedule may change, which change would be reflected in further court orders and notices, as necessary.

**If you intend to participate in the motion to dismiss briefing, you must comply with the requirements set forth in the Case Management Order.  A copy of the Case**

---

[3]    Among other things, that procedures order required holders of 2012-2014 GO Bonds that wished to participate in the litigation of the 2012-2014 GO Bond Objection to submit a notice of participation by April 16, 2019.

**Management Order is enclosed with this Notice.**[4] Additional information regarding the Claim Objections, including any changes to the briefing schedule, will be posted on the Internet under the following link: [*insert link to new section of Prime Clerk website covering notices*]

## III.     Further Information

Requests for Spanish-language versions of this Notice and any questions regarding this Notice should be sent in writing to:

Envíe por escrito las solicitudes de las versiones en español de este Aviso y cualquier pregunta relacionada con este aviso, a la siguiente dirección:

Paul Hastings LLP
200 Park Avenue
New York, NY 10166
Attn:  Douglass E. Barron
NoticeofParticipation@paulhastings.com
(212) 318-6690

## IV.     CUSIP Numbers of Bonds Subject to Claim Objections

The CUSIP numbers of the general obligation bonds subject to the 2011 GO Bond Objection are:

| Issuance | CUSIP | Issuance | CUSIP |
|---|---|---|---|
| 2011 C | 74514LXH5 | 2011 E | 74514LZM2 |
| 2011 C | 74514LXG7 | 2011 E | 74514LZN0 |
| 2011 C | 74514LWZ6 | 2011 E | 74514LZQ3 |
| 2011 C | 74514LXF9 | 2011 E | 74514LZK6 |
| 2011 C | 74514LXD4 | 2011D | 74514LZF7 |
| 2011 C | 74514LWY9 | 2011D | 74514LZC4 |
| 2011 C | 74514LXA0 | 2011D | 74514LZG5 |
| 2011 C | 74514LXE2 | 2011D | 74514LZE0 |
| 2011 C | 74514LXC6 | 2011D | 74514LZB6 |
| 2011 C | 74514LXB8 | 2011D | 74514LZD2 |
| 2011 C | 74514LWX1 | 2011D | 74514LZA8 |
| 2011 PIB | 74514LYW1 | 2011D | 74514LZJ9 |
| 2011 E | 74514LZL4 | 2011D | 74514LZH3 |
| 2011 E | 74514LZP5 | | |

---

[4]  The Case Management Order also sets forth a briefing schedule for motions to dismiss adversary proceedings seeking a determination of, *inter alia*, the validity of GO and PBA bondholders' asserted liens and, if such liens are valid, to avoid same (Adv. Proc. Nos. 19-291, 19-292, 19-293, 19-294, 19-295, 19-296, and 19-297, collectively the "GO Lien Challenges").  Defendants in the GO Lien Challenges will also receive a copy of the Case Management Order.

The CUSIP numbers of the PBA bonds subject to the PBA Bond Objection are:

| Series | CUSIP | Series | CUSIP |
|--------|-----------|--------|-----------|
| R | 745235M57 | S | 745235P54 |
| R | 745235M65 | S | 745235P88 |
| R | 745235M73 | S | 745235P62 |
| R | 745235M81 | S | 745235P70 |
| S | 745235M99 | T | 745235Q20 |
| S | 745235N23 | U | 745235R52 |
| S | 745235N31 | U | 745235R60 |
| S | 745235N49 | U | 745235R78 |
| S | 745235N56 | U | 745235R86 |
| S | 745235N64 | U | 745235S69 |
| S | 745235N72 | U | 745235R94 |
| S | 745235N80 | U | 745235S28 |
| S | 745235N98 | U | 745235S36 |
| S | 745235P21 | U | 745235S44 |
| S | 745235P39 | U | 745235R37 |
| S | 745235P47 |  |  |

The CUSIP numbers of the general obligation bonds subject to the 2012-2014 GO Bond Objection are:

| Issuance | CUSIP | Issuance | CUSIP |
|----------|-----------|----------|-----------|
| 2012 A | 74514LB89 | 2012 A | 74514LB48 |
| 2012 A | 74514LB63 | 2012 A | 74514LA72 |
| 2012 A | 74514LA49 | 2012 A | 74514LC62 |
| 2012 A | 74514LA56 | 2012 A | 74514LB22 |
| 2012 A | 74514LC88 | 2012 A | 74514LC47 |
| 2012 A | 74514LD87 | 2012 A | 74514LC54 |
| 2012 A | 74514LA80 | 2012 A | 74514LD38 |
| 2012 A | 74514LC39 | 2012 A | 74514LA64 |
| 2012 A | 74514LB55 | 2012 A | 74514LA98 |
| 2012 A | 74514LD46 | 2012 A | 74514LB30 |
| 2012 A | 74514LB97 | 2012 A | 74514LB71 |
| 2012 A | 74514LD61 | 2012 B | 74514LA23 |
| 2012 A | 74514LC96 | 2012 B | 74514LZV2 |
| 2012 A | 74514LD79 | 2012 B | 74514LZW0 |
| 2012 A | 74514LC70 | 2012 B | 74514LZX8 |
| 2012 A | 74514LD53 | 2012 B | 74514LZY6 |
| 2012 A | 74514LA31 | 2012 B | 74514LZZ3 |
| 2012 A | 74514LC21 | 2014 | 74514LE86 |
| 2012 A | 74514LD20 |  |  |

5

**Appendix D – Objection Notice (Spanish)**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

-------------------------------------------------------------------- X

In re:                                                           :
                                                                 :
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN      :   PROMESA
FINANCIERA PARA PUERTO RICO,                     :   Título III
                                                                 :
    como representante de                        :   Caso Núm. 17-BK-3283 (LTS)
                                                                 :
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO *et*   :   (Administrado Conjuntamente)
*al.,*                                                           :
                                                                 :
    Deudores.[1]                                  :

-------------------------------------------------------------------- X

**AVISO DE (I) OBJECIÓN DEL COMITÉ OFICIAL DE ACREEDORES NO
ASEGURADOS, A TENOR CON LA SECCIÓN 502 DEL CÓDIGO DE QUIEBRAS Y
LA REGLA DE QUIEBRAS 3007, A (A) RECLAMACIONES PRESENTADAS O
INCOADAS POR TENEDORES DE CIERTOS BONOS DE OBLIGACIÓN GENERAL
DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO DEL 2011 Y (B)
RECLAMACIONES PRESENTADAS O INCOADAS CONTRA EL ESTADO LIBRE
ASOCIADO DE PUERTO RICO POR TENEDORES DE CIERTOS BONOS DE LA
AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO Y (II) ITINERARIO DE
ALEGATOS SOBRE MOCIONES DE DESESTIMACIÓN CON RESPECTO A
OBJECIONES A (A) RECLAMACIONES PRESENTADAS POR TENEDORES DE
CIERTOS BONOS DE OBLIGACIÓN GENERAL DEL ESTADO LIBRE ASOCIADO
DE PUERTO RICO DEL 2011, (B) RECLAMACIONES PRESENTADAS O INCOADAS
CONTRA EL ESTADO LIBRE ASOCIADO DE PUERTO RICO POR TENEDORES DE
CIERTOS BONOS DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO
RICO, Y (C) RECLAMACIONES PRESENTADAS O INCOADAS POR TENEDORES
DE BONOS DE OBLIGACIÓN GENERAL DEL ESTADO LIBRE ASOCIADO DE
PUERTO RICO DEL 2012 Y 2014**

---

[1]    Los Deudores en los Casos del Título III, junto con el caso individual de cada Deudor en virtud del mismo título
y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, según
aplicable, son: (i) el Estado Libre Asociado de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283-LTS) (Últimos
cuatro dígitos de la identificación contributiva federal: 3481); (ii) la Corporación del Fondo de Interés
Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17-BK-3284-LTS) (Últimos cuatro dígitos de
la identificación contributiva federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico
("ACT") (Caso de Quiebra Núm. 17-BK-3567-LTS) (Últimos cuatro dígitos de la identificación contributiva
federal: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto
Rico ("ERS") (Caso de Quiebra Núm. 17-BK-3566-LTS) (Últimos cuatro dígitos de la identificación
contributiva federal: 9686); (v) la Autoridad de Energía Eléctrica de Puerto Rico ("AEE") (Caso de Quiebra
Núm. 17-BK-4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y la Autoridad
de Edificios Públicos de Puerto Rico ("AEP") (Caso de Quiebra Núm. 19-BK-5233-LTS) (Últimos cuatro
dígitos de la identificación contributiva federal: 3801) (Los números de los casos en virtud del Título III están
enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

Está recibiendo este aviso porque (a) ha sido identificado como tenedor de (i) uno o más bonos de obligación general emitidos por el Estado Libre Asociado de Puerto Rico (el "ELA") en el 2011 (los "Bonos GO 2011"),(ii) uno o más bonos emitidos por la Autoridad de Edificios Públicos de Puerto Rico (los "Bonos AEP") en el 2011 y 2012, y/o (iii) uno o más bonos de obligación general emitidos por el ELA en el 2012 o 2014 (los "Bonos GO 2012-2014") y/o (b) ha sometido aviso de participación con respecto a la orden de procedimientos [Docket Núm. 5143] sobre la *Objeción Ómnibus de (I) la Junta de Supervisión y Administración Financiera Para Puerto Rico, actuando a través del Comité de Reclamaciones Especiales, y (II) el Comité Oficial de Acreedores No Asegurados, a tenor con la Sección 502 del Código de Quiebras y la Regla de Quiebras 3007, a Reclamaciones Presentadas o Incoadas por Tenedores de Ciertos Bonos de Obligación General del Estado Libre Asociado de Puerto Rico* [Docket Núm. 4784] (la "Objeción de Bonos GO 2012-2014").[2]

## I.   Notificación de Objeción de Bonos GO 2011 y Objeción de Bonos AEP

Por favor tenga en cuenta que el Comité Oficial de Acreedores No Asegurados (el "Comité" u "Objetor") ha presentado (a) una objeción, fechada el 21 de mayo de 2019 [Docket Núm. 7057] (la "Objeción de Bonos GO 2011") a reclamaciones presentadas o incoadas por titulares de ciertos Bonos GO 2011 y (b) una objeción, fechada el 18 de julio de 2019 [Docket Núm. 8141] (la "Objeción de Bonos AEP"), a reclamaciones presentadas o incoadas por los titulares de ciertos Bonos AEP contra el ELA basado en una garantía del ELA. Puede encontrar el texto completo de la Objeción de Bonos GO 2011 en el siguiente enlace: https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=7057. Puede encontrar el texto completo de la Objeción de Bonos AEP en el siguiente enlace: https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=8141.

La Objeción de Bonos GO de 2011 tiene el propósito de rechazar e invalidar reclamaciones a cuenta de los Bonos GO 2011 (las "Reclamaciones de los Bonos GO de 2011"). La Objeción de Bonos AEP tiene el propósito de rechazar e invalidar reclamaciones presentadas o incoadas contra el Estado Libre Asociado basado en ciertos Bonos AEP garantizados por el ELA (las "Reclamaciones de los Bonos AEP"). **Sujeto a los derechos apelativos aplicables, si el Tribunal concede la Objeción de Bonos GO 2011 y/o la Objeción de Bonos AEP total o parcialmente, la recuperación de los titulares de Bonos GO 2011 por cuenta de los Bonos GO 2011 y la recuperación de los titulares de Bonos AEP por cuenta de los Bonos AEP, según aplicable, se eliminará total o parcialmente, y a estos reclamantes les quedará prohibido permanente hacer valer dichas reclamaciones contra el ELA, votar en cualquier plan de ajuste presentado en este Caso bajo el Título III, y participar en cualquier distribución en este Caso bajo el Título III por cuenta de dichas Reclamaciones de los Bonos GO de 2011 y Reclamaciones de los Bonos AEP, según aplicable. Por tanto, la Objeción de Bonos GO 2011 y la Objeción de Bonos AEP pueden afectar sus derechos.**

---

[2]   La Objeción de Bonos GO 2012-2014 objeta a las reclamaciones presentadas o incoadas por tenedores de ciertos Bonos de Obligación General emitidos en el 2012 y 2014 (según se detalla en la Objeción a Reclamación GO 2012-2014).

Por favor también tenga en cuenta que el Comité y la Junta de Supervisión y Administración Financiera Para Puerto Rico además radicaron la Objeción de Bonos GO 2012-2014 el 14 de enero de 2019, cuyo propósito es rechazar e invalidar reclamaciones a cuenta de los Bonos GO 2012-2014. El Aviso de la Objeción de Bonos GO 2012-2014 fue notificada a los tenedores de los Bonos GO 2012-2014 de conformidad con la orden de procedimiento del Tribunal con fecha del 15 de febrero de 2019 [Docket Núm. 5143].[3]

## II.   Itinerario de Alegatos sobre Mociones de Desestimación con Respecto a Objeción de Bonos GO 2011, Objeción de Bonos AEP, y Objeción de Bonos GO 2012-2014

Además, tenga en cuenta que el _____, el Tribunal de Distrito emitió una orden para el manejo del caso (la "Orden de Manejo del Caso") aprobando un itinerario de alegatos para mociones de desestimación con respecto a la **Objeción de Bonos GO 2011, la Objeción de Bonos AEP y la Objeción de Bonos GO 2012-2014 (colectivamente, "Objeciones a Reclamaciones")**.

El itinerario de alegatos que gobierna dichas mociones de desestimación es el siguiente:

| | |
|---|---|
| Alegato(s) Inicial para las Partes Identificadas (según definido en la Orden de Manejo del Caso) | 5 de febrero de 2020 |
| Alegato(s) Inicial para todos los demás tenedores de bonos o partes interesadas | 19 de febrero de 2020 |
| Alegato(s) en oposición | 18 de marzo de 2020 |
| Alegato(s) de réplica para las Partes Identificadas | 8 de abril de 2020 |
| Alegato(s) de réplica para todos los demás tenedores de bonos o partes interesadas | 20 de abril de 2020 |
| Vista | 30 de abril de 2020 |

Por favor tenga en cuenta que el itinerario de alegatos antes mencionado puede cambiar, y que dichos cambios serían reflejados en las órdenes y notificaciones adicionales del tribunal según sea necesario.

Si pretende participar en los alegatos de mociones dispositivas, **deberá cumplir con los requisitos esbozados en la Orden de Manejo del Caso. Una copia de la Orden de Manejo del Caso está incluida con esta Notificación**.[4] En el Internet aparecerá información adicional sobre las Objeciones y Reclamaciones, incluyendo cualquier cambio al itinerario de alegatos,

---

[3]   Entre otros asuntos, la orden de procedimientos requería que los tenedores de los Bonos GO 2012-2014 que desearan participar en el litigio de la Objeción de Bonos GO 2012-2014 sometieran aviso de participación a más tardar el 16 de abril de 2019.

[4]   La Orden de Manejo del Caso también establece un itinerario para los alegatos de mociones para desestimar procedimientos adversativos que buscan una determinación sobre, _inter alia_, la validez de los gravámenes de incoados por tenedores de bonos GO y AEP, y, si estos gravámenes son válidos, evitarlos (Adv. Proc. Nos. 19-291, 19-292, 19-293, 19-294, 19-295, 19-296 y 19-297, colectivamente "Impugnaciones de Gravámenes GO"). Los Demandados en las Impugnaciones de Gravámenes GO también recibirán una copia de la Orden de Manejo del Caso.

bajo el siguiente enlace: [*insertar LINK de la nueva sección de la página de Prime Clerk que cubre avisos*].

### III.   Información Adicional

Envíe por escrito las solicitudes de las versiones en inglese de este Aviso y cualquier pregunta relacionada con este aviso, a la siguiente dirección:

Requests for English-language versions of this Notice and any questions regarding this Notice should be sent in writing to:

> Paul Hastings LLP
> 200 Park Avenue
> New York, NY 10166
> Attn: Douglass E. Barron
> NoticeofParticipation@paulhastings.com
> (212) 318-6690

### IV.   Números CUSIP de Bonos Sujetos a Objeciones a Reclamaciones

Los números CUSIP de los bonos de obligación general sujetos a la Objeción de Bonos GO 2011 son:

| Emisión | CUSIP | Emisión | CUSIP |
|---|---|---|---|
| 2011 C | 74514LXH5 | 2011 E | 74514LZM2 |
| 2011 C | 74514LXG7 | 2011 E | 74514LZN0 |
| 2011 C | 74514LWZ6 | 2011 E | 74514LZQ3 |
| 2011 C | 74514LXF9 | 2011 E | 74514LZK6 |
| 2011 C | 74514LXD4 | 2011D | 74514LZF7 |
| 2011 C | 74514LWY9 | 2011D | 74514LZC4 |
| 2011 C | 74514LXA0 | 2011D | 74514LZG5 |
| 2011 C | 74514LXE2 | 2011D | 74514LZE0 |
| 2011 C | 74514LXC6 | 2011D | 74514LZB6 |
| 2011 C | 74514LXB8 | 2011D | 74514LZD2 |
| 2011 C | 74514LWX1 | 2011D | 74514LZA8 |
| 2011 PIB | 74514LYW1 | 2011D | 74514LZJ9 |
| 2011 E | 74514LZL4 | 2011D | 74514LZH3 |
| 2011 E | 74514LZP5 | | |

Los números CUSIP de los Bonos AEP sujetos a la Objeción de Bonos AEP son:

| Serie | CUSIP | Serie | CUSIP |
|---|---|---|---|
| R | 745235M57 | S | 745235P54 |
| R | 745235M65 | S | 745235P88 |
| R | 745235M73 | S | 745235P62 |
| R | 745235M81 | S | 745235P70 |

4

| | | | |
|---|---|---|---|
| S | 745235M99 | T | 745235Q20 |
| S | 745235N23 | U | 745235R52 |
| S | 745235N31 | U | 745235R60 |
| S | 745235N49 | U | 745235R78 |
| S | 745235N56 | U | 745235R86 |
| S | 745235N64 | U | 745235S69 |
| S | 745235N72 | U | 745235R94 |
| S | 745235N80 | U | 745235S28 |
| S | 745235N98 | U | 745235S36 |
| S | 745235P21 | U | 745235S44 |
| S | 745235P39 | U | 745235R37 |
| S | 745235P47 | | |

Los números CUSIP de los bonos de obligación general sujetos a la Objeción de Bonos GO 2012-2014 son:

| Emisión | CUSIP | Emisión | CUSIP |
|---|---|---|---|
| 2012 A | 74514LB89 | 2012 A | 74514LB48 |
| 2012 A | 74514LB63 | 2012 A | 74514LA72 |
| 2012 A | 74514LA49 | 2012 A | 74514LC62 |
| 2012 A | 74514LA56 | 2012 A | 74514LB22 |
| 2012 A | 74514LC88 | 2012 A | 74514LC47 |
| 2012 A | 74514LD87 | 2012 A | 74514LC54 |
| 2012 A | 74514LA80 | 2012 A | 74514LD38 |
| 2012 A | 74514LC39 | 2012 A | 74514LA64 |
| 2012 A | 74514LB55 | 2012 A | 74514LA98 |
| 2012 A | 74514LD46 | 2012 A | 74514LB30 |
| 2012 A | 74514LB97 | 2012 A | 74514LB71 |
| 2012 A | 74514LD61 | 2012 B | 74514LA23 |
| 2012 A | 74514LC96 | 2012 B | 74514LZV2 |
| 2012 A | 74514LD79 | 2012 B | 74514LZW0 |
| 2012 A | 74514LC70 | 2012 B | 74514LZX8 |
| 2012 A | 74514LD53 | 2012 B | 74514LZY6 |
| 2012 A | 74514LA31 | 2012 B | 74514LZZ3 |
| 2012 A | 74514LC21 | 2014 | 74514LE86 |
| 2012 A | 74514LD20 | | |