**Estimated Hearing Date**: March 4, 2020 at 9:30 a.m. (Atlantic Standard Time)
**Estimated Objection Deadline**: January 9, 2020 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |

## SUMMARY SHEET TO
## SEVENTH INTERIM FEE APPLICATION OF PROSKAUER
## ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED
## AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR
## THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
## RICO, AS REPRESENTATIVE OF THE DEBTOR, THE COMMONWEALTH OF
## <u>PUERTO RICO, FOR THE PERIOD JUNE 1, 2019 THROUGH SEPTEMBER 30, 2019</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**Schedule 1**

**Summary of Fees and Expenses Paid to Date and the Balance of Fees and
Expenses for which Allowance and Payment is Requested for the Compensation Period**

| | |
|---|---|
| Name of Applicant: | Proskauer Rose LLP ("Proskauer") |
| Retained to Provide Professional Services to: | The Financial Oversight and Management Board for Puerto Rico as Representative of the Debtor Pursuant to PROMESA section 315(b) |
| Period for Which Compensation is Sought: | June 1, 2019 through September 30, 2019 (the "Compensation Period") |
| Amount of Fees Sought excluding Gross–Up Amount: | $11,293,301.10 |
| Gross–Up Amount[2]: | $1,016,397.11 |
| Amount of Expense Reimbursement Sought: | $292,282.61 |
| Total Fees and Expenses Sought for Compensation Period including Gross–Up Amount: | $12,601,980.82 |

This is a(n)  ____ Monthly __X__ Interim __ Final Fee Application

This is the seventh interim fee application filed by Proskauer in the Debtor's Title III case.  The total time expended in connection with the preparation of this interim application is not included herein, as additional time was expended after the Compensation Period.

---

[2]  Proskauer requests approval now, as part of its fees and expenses, of the amount required to gross up the additional tax withholding (the "Gross-Up Amount") introduced by the Commonwealth legislation (Act 257-2018) starting December 10, 2018 (the "Withholding").  But Proskauer will only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount.  As of the date of hereof, Proskauer has not requested payment of the Gross-Up Amount.

### Seventh Interim Compensation Period
### June 1, 2019 – September 30, 2019

| Statement and Date Served | Period Covered | Total Fees Incurred | Total Fees Requested (90%) | Expenses Requested | Fees Paid (90%) | Expenses Paid |
|---|---|---|---|---|---|---|
| **Twenty–Seventh**<br>8/1/2019 | 6/1/19 to 6/30/19 | $3,129,807.30 | $2,816,826.57 | $66,536.71 | $2,816,826.57 | $66,536.71 |
| **Twenty–Eighth**<br>8/28/2019 | 7/1/19 to 7/31/19 | $3,518,232.00 | $3,166,408.80 | $139,061.06 | $3,166,408.80 | $139,061.06 |
| **Twenty–Ninth**<br>9/17/2019 | 8/1/19 to 8/31/19 | $2,349,058.20 | $2,114,152.38 | $30,726.03 | $2,114,152.38 | $30,726.03 |
| **Thirtieth**<br>10/4/2019 | 9/1/19 to 9/30/19 | $2,296,203.60 | $2,066,583.24 | $55,958.81 | $2,066,583.24 | $55,958.81 |
| **Totals:** | | **$11,293,301.10** | **$10,163,970.99** | **$292,282.61** | **$10,163,970.99** | **$292,282.61** |

Additional information required pursuant to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee:

| | |
|---|---|
| Blended Rate in This Application for All Attorneys | $779.02[3] |
| Blended Rate in This Application for All Timekeepers | $703.54 |
| Compensation Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed | $10,163,970.99 |
| Expenses Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed | $292,282.61 |
| Number of Professionals Included in this Application[4] | 129 |
| Number of Professionals in This Application NOT Included in Staffing Plan Approved by Client | 25[5] |
| If Applicable, the Difference Between Fees Budgeted and Compensation Sought for This Application Period | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During This Application Period | 37 |

---

[3] This rate excludes non-attorneys (*e.g.*, paralegals).

[4] As used herein, the term "professionals" includes all timekeepers. The term "paraprofessionals," as used in this Application, only includes non-attorneys.

[5] As noted in the Staffing Plan for the Compensation Period at Exhibit D-2 of the Application, the number of timekeepers expected to work on this matter during the Compensation Period was 104, and thus the actual number of timekeepers was 25 more than anticipated. Additional team members were needed to assist in the negotiation, drafting and filing of the proposed Title III joint plan of adjustment for the Commonwealth, ERS and PBA, which brings the Commonwealth closer to the resolution of its Title III case, as well as on various litigation matters. Negotiating and drafting the proposed Title III joint plan of adjustment and related legal analysis and strategy required significant efforts, which are often difficult to anticipate. In response to demands related to the proposed joint plan and various litigations, Proskauer increased its staffing to ensure that diligent and timely representation was provided to the Oversight Board. In addition, in connection with the proposed joint plan, different timekeepers with different expertise were consulted to assist with areas within their special knowledge or experience.

| Any Rates Higher than Those Approved or Disclosed when Retained?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed at retention. | No. As explained in Proskauer's Fifth Interim Application (as defined below), rates increased in accordance with Proskauer's Engagement Letter on January 1, 2019. Rates have not increased during the Compensation Period. |

**Schedule 2**

**Summary of Professional Services Rendered by
Timekeeper for the Period June 1, 2019 through September 30, 2019**

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[6] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Barak, Ehud | BSGR&B[7] – 2010 | $789 | 491.00 | $387,399.00 |
| Bell, Christopher O. | Corporate – 2009 | $789 | 6.70 | $5,286.30 |
| Bienenstock, Martin J. | BSGR&B – 1978 | $789 | 580.20 | $457,777.80 |
| Brenner, Guy | Labor & Employment – 2002 | $789 | 186.50 | $147,148.50 |
| Cooper, Scott P. | Litigation – 1981 | $789 | 70.20 | $55,387.80 |
| Corn, Richard M. | Tax – 2005 | $789 | 46.70 | $36,846.30 |
| Dale, Margaret A. | Litigation – 1990 | $789 | 36.40 | $28,719.60 |
| Febus, Chantel L. | Litigation – 2003 | $789 | 108.90 | $85,922.10 |
| Ferrara, Ralph C. | Litigation – 1970 | $789 | 44.40 | $35,031.60 |
| Firestein, Michael A. | Litigation – 1983 | $789 | 453.80 | $358,048.20 |
| Gerkis, James P. | Corporate – 1984 | $789 | 56.20 | $44,341.80 |
| Hamburger, Paul M. | Labor & Employment – 1985 | $789 | 2.50 | $1,972.50 |
| Hamilton, Martin T. | Tax – 2004 | $789 | 32.40 | $25,563.60 |

---

[6]  In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases. Pursuant to the Appendix B Guidelines, "rate increases" "exclude annual 'step increases' historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." Appendix B Guidelines ¶ B.2.d, n.2. Annual step increases are awarded by Proskauer in the ordinary course throughout the firm on May 1. Proskauer's November 25, 2016 engagement letter with the Oversight Board (a copy of which is available on the Oversight Board's website at https://oversightboard.pr.gov/documents/) (the "Engagement Letter") provides that Proskauer's rates are increased on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent. As detailed in the Fifth Interim Application, as of January 1, 2019, Proskauer's rates under the Engagement Letter increased from $759 per hour for attorneys and $260 per hour for paraprofessionals to $789 per hour for attorneys and $270 per hour for paraprofessionals. Additionally at that time, with the client's knowledge and permission, Proskauer created a new rate class, e-Discovery Attorney, with the rate of $390 per hour. Rates have not increased during this Compensation Period.

[7]  Business Solutions, Governance, Restructuring & Bankruptcy ("BSGR&B").

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[6] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Harris, Mark D. | Litigation – 1992 | $789 | 31.40 | $24,774.60 |
| Heilborn, Stephanie E. | Private Client Services – 2000 | $789 | 6.30 | $4,970.70 |
| Kass, Colin | Litigation – 1996 | $789 | 56.80 | $44,815.20 |
| Levitan, Jeffrey W. | BSGR&B – 1983 | $789 | 207.80 | $163,954.20 |
| Martinez, Carlos E. | Corporate – 1988 | $789 | 27.70 | $21,855.30 |
| Mashberg, Gregg M. | Litigation – 1978 | $789 | 4.20 | $3,313.80 |
| Mervis, Michael T. | Litigation – 1990 | $789 | 36.00 | $28,404.00 |
| Mungovan, Timothy W. | Litigation – 1994 | $789 | 435.30 | $343,451.70 |
| Perra, Kevin J. | Litigation – 1995 | $789 | 41.00 | $32,349.00 |
| Piccirillo, Antonio N. | Corporate – 1996 | $789 | 27.70 | $21,855.30 |
| Possinger, Paul V. | BSGR&B – 1993 | $789 | 286.30 | $225,890.70 |
| Ramachandran, Seetha | Litigation – 2001 | $789 | 11.40 | $8,994.60 |
| Rappaport, Lary Alan | Litigation – 1979 | $789 | 379.90 | $299,741.10 |
| Ratner, Stephen L. | Litigation – 1975 | $789 | 274.90 | $216,896.10 |
| Richman, Jonathan E. | Litigation – 1984 | $789 | 143.90 | $113,537.10 |
| Rosen, Brian S. | BSGR&B – 1983 | $789 | 895.50 | $706,549.50 |
| Rosenthal, Marc E. | Litigation – 1990 | $789 | 8.80 | $6,943.20 |
| Triggs, Matthew | Litigation – 1990 | $789 | 209.80 | $165,532.20 |
| Vermal, Ana | Litigation – 2001 | $789 | 5.50 | $4,339.50 |
| Waxman, Hadassa R. | Litigation – 2001 | $789 | 212.70 | $167,820.30 |
| Weise, Steven O. | Corporate – 1974 | $789 | 66.00 | $52,074.00 |
| **Total for Partners:** | | | **5,484.80** | **$4,327,507.20** |
| *SENIOR COUNSEL* | | | | |
| Alonzo, Julia D. | Litigation – 2009 | $789 | 334.40 | $263,841.60 |
| Forman, Daniel L. | Corporate – 2009 | $789 | 6.00 | $4,734.00 |
| Lander, Nathan R. | Litigation – 2004 | $789 | 164.90 | $130,106.10 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[6] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Leader, Jordan B. | Litigation – 2000 | $789 | 0.80 | $631.20 |
| Roberts, John E. | Litigation – 2009 | $789 | 124.00 | $97,836.00 |
| Roche, Jennifer L. | Litigation – 2007 | $789 | 9.60 | $7,574.40 |
| **Total for Senior Counsel:** | | | **639.70** | **$504,723.30** |
| *ASSOCIATES* | | | | |
| Ardila, Fabio | Corporate – 2011 | $789 | 20.00 | $15,780.00 |
| Assi, Christina | Litigation – 2016 | $789 | 112.70 | $88,920.30 |
| Bargoot, Alexandra V. | Litigation – 2016 | $789 | 36.60 | $28,877.40 |
| Blackwell, Brooke H. | Corporate – 2018 | $789 | 579.50 | $457,225.50 |
| Bloch, Aliza H. | Litigation – 2019 | $789 | 53.00 | $41,817.00 |
| Carino, Elisa M. | Litigation – 2019 | $789 | 234.40 | $184,941.60 |
| Chalett, Zachary | Litigation – 2017 | $789 | 325.70 | $256,977.30 |
| Costa, Raphael | Corporate – 2019 | $789 | 29.50 | $23,275.50 |
| Curry, Monique T. | Litigation – 2019 | $789 | 13.10 | $10,335.90 |
| Cushing, Blake R. | Litigation – 2018 | $789 | 440.10 | $347,238.90 |
| Dalsen, William D. | Litigation – 2011 | $789 | 32.90 | $25,958.10 |
| Deming, Adam L. | Litigation – 2018 | $789 | 4.40 | $3,471.60 |
| Desai, Rucha | Litigation – 2017 | $789 | 35.90 | $28,325.10 |
| Desatnik, Daniel S. | BSGR&B – 2016 | $789 | 290.80 | $229,441.20 |
| Dodge, Trevor M. | Corporate – 2017 | $789 | 117.40 | $92,628.60 |
| Esses, Joshua A. | Corporate – 2017 | $789 | 153.20 | $120,874.80 |
| Fier, Seth D. | Litigation – 2006 | $789 | 0.60 | $473.40 |
| Fishkind, Peter | Litigation – 2018 | $789 | 165.80 | $130,816.20 |
| Fiur, Seth | Litigation – 2014 | $789 | 0.50 | $394.50 |
| Friedman, Amelia A. | Litigation – 2013 | $789 | 233.70 | $184,389.30 |
| Greenburg, Jessica Z. | Litigation – 2012 | $789 | 68.10 | $53,730.90 |
| Habenicht, Yomarie S. | Tax – 2017 | $789 | 95.50 | $75,349.50 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[6] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Huffman, James R. | Tax – 2017 | $789 | 2.40 | $1,893.60 |
| Hughes, Sarah E. | Corporate  – 2019 | $789 | 13.40 | $10,572.60 |
| Kim, Mee R. | Litigation – 2016 | $789 | 118.00 | $93,102.00 |
| Kline, Emily H. | Litigation – 2019 | $789 | 60.80 | $47,971.20 |
| Kowalczyk, Lucas | Litigation – 2017 | $789 | 71.60 | $56,492.40 |
| Kroll, Christina H. | Litigation – 2018 | $789 | 27.10 | $21,381.90 |
| Leguizamon, Matias G. | Corporate  – 2014 | $789 | 30.00 | $23,670.00 |
| Ma, Steve | BSGR&B – 2014 | $789 | 620.90 | $489,890.10 |
| Markofsky, Lisa B. | Litigation – 2005 | $789 | 186.20 | $146,911.80 |
| Mazurek, Carl A. | Litigation – 2018 | $789 | 64.00 | $50,496.00 |
| Morris, Matthew J. | Litigation – 2000 | $789 | 1.40 | $1,104.60 |
| Munkittrick, David A. | Litigation – 2011 | $789 | 117.50 | $92,707.50 |
| Omorogbe, Philip | BSGR&B  – 2019 | $789 | 365.20 | $288,142.80 |
| Palmer, Marc C. | Litigation – 2018 | $789 | 87.70 | $69,195.30 |
| Rochman, Matthew I. | Litigation – 2010 | $789 | 275.80 | $217,606.20 |
| Rogoff, Corey I. | Litigation – 2019 | $789 | 236.00 | $186,204.00 |
| Ruben, Jillian L. | Corporate  – 2019 | $789 | 30.00 | $23,670.00 |
| Salles de Padua, Saulo | Corporate  – 2018 | $789 | 4.00 | $3,156.00 |
| Sherman, Christine N. | Tax – 2019 | $789 | 118.70 | $93,654.30 |
| Silagi, Alex D. | Litigation – 2015 | $789 | 13.20 | $10,414.80 |
| Skellet, Alexandra K. | Litigation – 2003 | $789 | 0.60 | $473.40 |
| Skrzynski, Matthew A. | Corporate  – 2017 | $789 | 31.80 | $25,090.20 |
| Stafford, Laura | Litigation – 2012 | $789 | 384.40 | $303,291.60 |
| Stevens, Elliot R. | BSGR&B – 2018 | $789 | 187.50 | $147,937.50 |
| Theodoridis, Chris | BSGR&B – 2011 | $789 | 3.50 | $2,761.50 |
| Vora, Hena M. | Litigation – 2018 | $789 | 89.00 | $70,221.00 |
| Wertheim, Eric R. | Litigation – 2019 | $789 | 29.70 | $23,433.30 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[6] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Wolf, Lucy C. | Litigation – 2017 | $789 | 250.80 | $197,881.20 |
| Zerjal, Maja | BSGR&B – 2012 | $789 | 740.80 | $584,491.20 |
| **Total for Associates:** | | | **7,205.40** | **$5,685,060.60** |
| ***E–DISCOVERY ATTORNEYS*** | | | | |
| Birnbaum, Esther N. | Professional Resources – 2012 | $390 | 4.20 | $1,638.00 |
| Chamberlain, Shahrezad A. | Professional Resources – 2003 | $390 | 26.80 | $10,452.00 |
| Friedman, Olga | Professional Resources – 2008 | $390 | 25.40 | $9,906.00 |
| Ike, Yvonne O. | Professional Resources – 2009 | $390 | 75.40 | $29,406.00 |
| Kay, James | Professional Resources – 1978 | $390 | 148.30 | $57,837.00 |
| Olener, David P. | Professional Resources – 2003 | $390 | 48.00 | $18,720.00 |
| Peterson, Cathleen P. | Professional Resources – 1991 | $390 | 13.70 | $5,343.00 |
| **Total for e–Discovery Attorneys:** | | | **341.80** | **$133,302.00** |
| ***LAW CLERKS*** | | | | |
| McClellan, David F. | Corporate Law Clerk – N/A | $270 | 2.00 | $540.00 |
| Muller, Ariella E. | Litigation Law Clerk – N/A | $270 | 22.30 | $6,021.00 |
| Shalev, Yafit | Corporate Law Clerk – N/A | $270 | 34.60 | $9,342.00 |
| Sosa, Javier F. | Litigation Law Clerk – N/A | $270 | 124.50 | $33,615.00 |
| **Total for Law Clerks:** | | | **183.40** | **$49,518.00** |
| ***PARAPROFESSIONALS*** | | | | |
| Adejobi, Olaide M. | Litigation Paralegal – N/A | $270 | 50.70 | $13,689.00 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[6] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Brodskaya, Anna | Litigation Paralegal – N/A | $270 | 5.50 | $1,485.00 |
| Chernus, Eric R. | Professional Resources – N/A | $270 | 24.30 | $6,561.00 |
| Cooper, David C. | Corporate Paralegal – N/A | $270 | 43.60 | $11,772.00 |
| Dillon, Emma K. | Litigation Paralegal – N/A | $270 | 6.00 | $1,620.00 |
| Elsner, Rebecca R. | Litigation Paralegal – N/A | $270 | 10.00 | $2,700.00 |
| Fox, Rachel L. | Professional Resources – N/A | $270 | 8.30 | $2,241.00 |
| Friedman, Olga | Professional Resources – N/A | $270 | 1.50 | $405.00 |
| Geary, Laura M. | Litigation Paralegal – N/A | $270 | 182.90 | $49,383.00 |
| Golinder, Olga A. | Litigation Paralegal – N/A | $270 | 10.10 | $2,727.00 |
| Henderson, Laurie A. | Professional Resources – N/A | $270 | 1.30 | $351.00 |
| King, Charles H. | Litigation Paralegal – N/A | $270 | 167.60 | $45,252.00 |
| Lerner, Lela A. | Litigation Paralegal – N/A | $270 | 12.10 | $3,267.00 |
| McAleavy, Mary Jane F. | Litigation Support – N/A | $270 | 0.30 | $81.00 |
| McPeck, Dennis T. | Litigation Paralegal – N/A | $270 | 4.20 | $1,134.00 |
| Monforte, Angelo | Litigation Paralegal – N/A | $270 | 277.70 | $74,979.00 |
| Neuberger, Scarlett | BSGR&B Paralegal – N/A | $270 | 146.40 | $39,528.00 |
| Pantoja, Karina | Labor & Employment Paralegal – N/A | $270 | 7.10 | $1,917.00 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[6] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Petrov, Natasha | BSGR&B Paralegal – N/A | $270 | 100.00 | $27,000.00 |
| Schaefer, Shealeen E. | Labor & Employment Paralegal – N/A | $270 | 4.10 | $1,107.00 |
| Sherman, Tayler M. | Litigation Paralegal – N/A | $270 | 157.50 | $42,525.00 |
| Silvestro, Lawrence T. | Litigation Paralegal – N/A | $270 | 88.20 | $23,814.00 |
| Singer, Tal J. | Litigation Paralegal – N/A | $270 | 66.80 | $18,036.00 |
| Supronik, Lucasz | Professional Resources – N/A | $270 | 4.20 | $1,134.00 |
| Sutherland, Julia L. | Litigation Paralegal – N/A | $270 | 355.60 | $96,012.00 |
| Tarrant, Christopher M. | BSGR&B Paralegal – N/A | $270 | 364.90 | $98,523.00 |
| Wizner, Eamon | Litigation Paralegal – N/A | $270 | 47.60 | $12,852.00 |
| Wolf, Joseph P. | Litigation Paralegal – N/A | $270 | 48.50 | $13,095.00 |
| **Totals for Paraprofessionals:** | | | **2,197.00** | **$593,190.00** |

| PROFESSIONALS | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|
| **Attorneys, Law Clerks, and Paraprofessional Totals:** | **16,052.10** | **$11,293,301.10** |

**Schedule 3**

**Summary of Professional Services Rendered by Project**
**Category for the Period June 1, 2019 through September 30, 2019**

| PROJECT CATEGORY | DESCRIPTION | HOURS | FEES SOUGHT |
|:---:|:---:|:---:|:---:|
| 201 | Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants | 229.50 | $181,075.50 |
| 202 | Legal Research | 454.80 | $333,613.80 |
| 203 | Hearings and Other Non–Filed Communications with the Court | 125.90 | $99,335.10 |
| 204 | Communications with Claimholders | 156.90 | $122,963.70 |
| 205 | Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities | 33.30 | $26,273.70 |
| 206 | Documents Filed on Behalf of the Board | 2,760.70 | $2,164,018.20 |
| 207 | Non–Board Court Filings | 246.70 | $194,386.80 |
| 208 | Stay Matters | 168.80 | $127,059.00 |
| 209 | Adversary Proceedings | 0.90 | $710.10 |
| 210 | Analysis and Strategy | 4,380.70 | $3,288,520.20 |
| 211 | Non–Working Travel Time | 126.60 | $99,887.40 |
| 212 | General Administration | 1,897.20 | $519,811.80 |
| 213 | Labor, Pension Matters | 49.40 | $38,976.60 |
| 214 | Legal/Regulatory Matters | 6.00 | $4,734.00 |
| 215 | Plan of Adjustment and Disclosure Statement | 4,266.40 | $3,268,395.60 |
| 216 | Confirmation | 16.20 | $12,781.80 |
| 217 | Tax | 299.10 | $235,989.90 |
| 218 | Employment and Fee Applications | 200.30 | $77,124.60 |
| 219 | Appeal | 600.80 | $473,512.20 |
| 220 | Fee Applications for Other Parties | 31.90 | $24,131.10 |
| | **Total for All Project Categories:** | **16,052.10** | **$11,293,301.10** |

**Schedule 4**

**Summary of Actual and Necessary Expenses Incurred
for the Period June 1, 2019 through September 30, 2019**

| EXPENSE CATEGORY | AMOUNTS |
|---|---:|
| Airplane | $22,270.33 |
| Data Base Search Services | $13.96 |
| Food Service/Conference Dining | $4,769.27 |
| Lexis/Westlaw | $167,636.02 |
| Local Meals | $1,910.12 |
| Lodging | $14,880.67 |
| Meals/Dinner Voucher | $500.33 |
| Messenger/Delivery | $2,320.76 |
| Other Database Research | $409.21 |
| Out Of Town Meals | $1,564.49 |
| Out Of Town Transportation | $3,026.18 |
| Practice Support Vendors | $11,243.94 |
| Printing, Binding, Etc. | $5,473.83 |
| Reproduction | $13,658.10 |
| Taxi, Carfare, Mileage And Parking | $1,134.51 |
| Taxicab/Car Services | $676.68 |
| Telephone | $490.00 |
| Transcripts/Depositions | $4,332.19 |
| Translation Service | $35,972.02 |
| **Total:** | **$292,282.61** |

**Schedule 5**

**Blended Rate Chart**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
| --- | --- | --- |
| | BILLED<br><br>**Domestic offices in which timekeepers collectively billed at least 10% of the hours to the bankruptcy case during the application period, for preceding year, *excluding bankruptcy*** | BILLED<br><br>**In this fee application[8]** |
| Partners | $1,187 | $789.00 |
| Senior Counsel | $1,000 | $789.00 |
| Associates (7 or more years since first admission) | $895 | $789.00 |
| Associates (4–6 years since first admission) | $877 | $789.00 |
| Associates (1–3 years since first admission) | $704 | $789.00 |
| e–Discovery Attorneys | $711 | $390.00 |
| Law Clerks | $541 | $270.00 |
| Paraprofessionals | $329 | $270.00 |
| **All Timekeepers Aggregated:** | **$877** | **$703.54** |

---

[8] As detailed in the Fifth Interim Application, as of January 1, 2019, Proskauer's rates under the Engagement Letter increased from $759 per hour for attorneys and $260 per hour for paraprofessionals to $789 per hour for attorneys and $270 per hour for paraprofessionals. Additionally at that time, with the client's knowledge and permission, Proskauer created a new rate class, e-Discovery Attorney, with the rate of $390 per hour. Rates have not increased during this Compensation Period.

**Estimated Hearing Date**: March 4, 2020 at 9:30 a.m. (Atlantic Standard Time)
**Estimated Objection Deadline**: January 9, 2020 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |

## SEVENTH INTERIM FEE APPLICATION OF PROSKAUER ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE DEBTOR, THE COMMONWEALTH OF PUERTO RICO, FOR THE PERIOD JUNE 1, 2019 THROUGH SEPTEMBER 30, 2019

Proskauer Rose LLP ("Proskauer"), attorneys for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB") as representative of the Commonwealth of Puerto Rico (the "Debtor" or "Commonwealth") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] hereby submits this seventh interim application (the "Application"),[3] pursuant to PROMESA sections 316 and 317, Rule 2016

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3] The Application solely pertains to fees and expenses incurred with respect to the Debtor's Title III Case and does not address fees or expenses incurred with respect to other services performed for the Oversight Board (a) on behalf of other Title III debtors, or (b) outside the Title III process.

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[4] Rule 2016–1 of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local

Rules"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation

and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11

Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B

(the "Guidelines"), and in accordance with this Court's *Second Amended Order Setting Procedures

for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 3269] (the

"Interim Compensation Order"), for (a) allowance of interim compensation for professional

services performed by Proskauer for the period commencing June 1, 2019 through and including

September 30, 2019 (the "Compensation Period") in the amount of **$12,309,698.21**, which is

comprised of (i) fees for professional services rendered in the amount of $11,293,301.10, and (ii)

the Gross-Up Amount in the amount of $1,016,397.11;[5] and (b) reimbursement of its actual and

necessary expenses in the amount of **$292,282.61** incurred during the Compensation Period.  In

support of the Application, Proskauer respectfully avers as follows:[6]

---

[4]  The Bankruptcy Rules are made applicable to the Debtor's Title III Case by PROMESA section 310.

[5]  Proskauer requests approval now, as part of its fees and expenses, of the amount required to gross up the additional tax
withholding (the "Gross-Up Amount") introduced by the Commonwealth legislation (Act 257-2018) starting December
10, 2018 (the "Withholding").  But Proskauer will only request payment of the Gross-Up Amount from the Debtor if
and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the
Withholding does not result in tax credits offsetting the Gross-Up Amount.  As of the date of hereof, Proskauer has not
requested payment of the Gross-Up Amount.

[6]  PROMESA § 317 provides "[a] debtor's attorney . . . may apply to the court not more than once every 120 days after
an order for relief in a case under this subchapter, or more often if the court permits, for such compensation for services
rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided
under section 2176 of this title."  PROMESA § 317.
Proskauer filed its Sixth Interim Fee Application for the period February 1, 2019 through May 31, 2019 on September
20, 2019, 91 days before this Application.  While Proskauer files this Application less than 120 days after it filed its
Sixth Fee Application, Proskauer believes this Application complies with PROMESA § 317, as it seeks compensation
for fees and reimbursement for expenses for the 120 day period subsequent to the Sixth Interim Fee Application, which
was filed late with the consent of the Fee Examiner.  The 120-day period in PROMESA § 317 refers to the interim
period for which fees are sought.  Thus this Application complies with PROMESA § 317 because the Application
concerns the period between June 1, 2019 through September 30, 2019, the interim period following the period for
Proskauer's Sixth Fee Interim Application.  In the alternative, Proskauer seeks leave from the Court to file this

## Jurisdiction

1.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

3.      The statutory predicates for the relief requested herein are PROMESA sections 316 and 317.

## Background

4.      On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court." PROMESA § 315(a), (b).

6.      On September 30, 2016, the Oversight Board designated the Debtor as a "covered entity" under PROMESA section 101(d).

7.      On November 25, 2016, the Oversight Board retained Proskauer at substantial discounts to its normal hourly rates, as shown by the Engagement Letter and by **Schedule 5** above.

8.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

---

Application now, in accordance with PROMESA § 317.  Notably, no benefit would abound to any party if Proskauer was required to wait 120 days from the filing of the Sixth Interim Fee Application.

Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Debtor's Title III Case").  Pursuant to PROMESA section 315(b), the Oversight Board is the Debtor's representative in the Debtor's Title III Case.

9.      Background information regarding the Debtor and its instrumentalities, and the commencement of the Debtor's Title III Case, is contained in the *Notice of Filing of Statement of Oversight Board in Connection with PROMESA Title III Petition* [ECF No. 1], attached to the Commonwealth's Title III petition.

10.     On December 15, 2017, Proskauer filed the *First Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period May 3, 2017 through September 30, 2017* [ECF No. 2068] (the "First Interim Application").

11.     On April 9, 2018, Proskauer filed the *Second Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2017 through January 31, 2018* [ECF No. 2868] (the "Second Interim Application").

12.     On July 16, 2018, Proskauer filed the *Third Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period February 1, 2018 through May 31, 2018* [ECF No. 3588] (the "Third Interim Application").

13.     On November 16, 2018, Proskauer filed the *Fourth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period June 1, 2018 through September 30, 2018* [ECF No. 4280] (the "Fourth Interim Application").

14.     On May 21, 2019, Proskauer filed the *Fifth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2018 through January 31, 2019* [ECF No. 7045] (the "Fifth Interim Application").

15.     On September 20, 2019, Proskauer filed the *Sixth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period February 1, 2019 through May 31, 2019* [ECF No. 8734] (the "Sixth Interim Application").

16.     On August 1, 2019, Proskauer served on the Notice Parties (as defined in the Interim Compensation Order) its twenty-seventh monthly fee statement for the period June 1, 2019 through June 30, 2019.  On August 28, 2019, Proskauer served on the Notice Parties its twenty-eighth monthly fee statement for the period July 1, 2019 through July 31, 2019.  On September 17, 2019, Proskauer served on the Notice Parties its twenty-ninth monthly fee statement for the period August 1, 2019 through August 31, 2019.  On October 4, 2019, Proskauer served on the Notice Parties its thirtieth monthly fee statement for the period September 1, 2019 through September 30, 2019.

17.     In accordance with the Interim Compensation Order and as reflected in the foregoing
summary, Proskauer has requested an aggregate payment of **$10,456,253.60** (payment of ninety
percent (90%) of the compensation sought and reimbursement of one–hundred percent (100%) of
expenses incurred) and has received **$10,456,253.60** with respect to fee statements filed during the
Compensation Period.

### Summary of Services Rendered by Proskauer During the Compensation Period

18.     The instant Application is Proskauer's seventh application for interim compensation
in the Debtor's Title III Case.  To make the review of Proskauer's fee applications in all the pending
Title III cases more efficient for the Court and other readers, paragraphs 19 through 22 of the instant
Application, and the corresponding paragraphs in each of Proskauer's seventh interim fee
applications in the other pending Title III cases, are identical and cover the principal activities in
all the Title III cases.

19.     Since the commencement of these Title III cases, Proskauer has achieved significant
progress on the behalf of the Oversight Board.  As a brief overview:

- In the first interim period, Proskauer transitioned the Commonwealth and certain of
  its instrumentalities to Title III, and, among other things, proposed and negotiated a
  mechanism to resolve the Commonwealth-COFINA dispute over which entity owns
  billions of dollars of sales and use tax revenues, and successfully defended against
  attempts by creditors to (a) seize the toll revenues HTA needed to maintain the
  Commonwealth's transportation system and (b) seize PREPA and its revenues by
  putting PREPA in the hands of a receiver.

- In the second interim period, in the face of the devastation wrought by Hurricanes
  Irma and Maria, Proskauer worked with the Oversight Board's officers and other
  professionals to assess the situation, take actions to ensure the provision of basic
  services, and reformulate restructuring initiatives to reflect the changing economic
  landscape. Proskauer also successfully defended against numerous creditor efforts
  to enjoin the Oversight Board from proceeding toward a plan of adjustment based
  on the certified fiscal plan and to seize many revenue streams.

- In the third interim period, Proskauer secured emergency authorization for the
  Commonwealth to lend $300 million to PREPA on a superpriority basis, despite

significant opposition by creditor groups, and continued its leading role in assisting the Oversight Board with the development, certification, and defense of revised fiscal plans that provide the blueprint for Puerto Rico's future prosperity and fiscal responsibility. Proskauer also successfully defended against numerous creditor efforts to delay or frustrate the debtors' restructurings during these periods.

- In the fourth interim period, Proskauer continued forging paths to restructure Puerto Rico's debt, representing the Oversight Board as the Administrative Supervisor of the Government Development Bank for Puerto Rico's ("GDB") Title VI qualifying modification, representing the Oversight Board in negotiations seeking to restructure a major portion of PREPA's debt, and continuing to work through negotiations related to (and eventually resolving) the Commonwealth-COFINA dispute. COFINA and GDB alone account for over $20 billion of Puerto Rico's $74 billion in bond debt, and their successful restructuring are significant building blocks for the Oversight Board to accomplish its overall mandate to achieve fiscal responsibility and access to capital markets for Puerto Rico. Proskauer also vigorously and successfully protected the Oversight Board's fiscal plan and budgetary powers in adversary proceedings commenced by the Governor and Legislature challenging the Oversight Board's authority, among other critical efforts in litigation during the fourth interim period.

- In the fifth interim period, Proskauer continued its leading role in assisting the Oversight Board with the development and certification of revised fiscal plans. Proskauer also represented the Oversight Board in PREPA's Title III case, leading the defense against a renewed motion seeking to lift the stay to allow for the appointment of a receiver for PREPA, and dedicating significant effort to forward negotiations with a substantial number of PREPA bondholders to draft and finalize a definitive restructuring support agreement. Proskauer also drafted appellate briefs and presented oral argument before the United States Court of Appeals for the First Circuit concerning creditors' appeals seeking to reverse decisions protecting HTA and PREPA from creditor attempts to seize their revenues. Proskauer also worked with several of the Title III Debtors and their related advisors in opposing a multitude of motions seeking to lift the automatic stay and otherwise hamper the debtors' restructuring. Lastly, Proskauer counseled the Oversight Board as it engaged with the Commonwealth's various creditors, stakeholders and professionals in mediations and negotiations related to the Commonwealth's restructuring, and has devoted significant time to research and develop strategies to ensure the debtors exit Title III as soon as possible.

- In the sixth interim period, Proskauer continued its role to defend against the (now former) Governor's appeal to the First Circuit in *Rosello-Nevares v. FOMB*, Case No. 18-AP-80, and researched and prepared for new litigation to nullify Commonwealth legislation enacted in violation of PROMESA. Proskauer also negotiated new restructuring agreements with various creditor groups and unions, and drafted major portions of the proposed plan of adjustment and proposed disclosure statement for the Commonwealth, ERS, and PBA. In the

Commonwealth's Title III case, among many other achievements, Proskauer counseled the Oversight Board through many statutory and constitutional issues related to the development and certification of a fiscal plan and various budgets for the Commonwealth and its instrumentalities. Moreover, Proskauer advised the Oversight Board as it brought, jointly with the UCC, a challenge to alleged liens asserted by holders of general obligation bonds of the Commonwealth. Additionally, Proskauer counseled the Oversight Board as it brought, together with the UCC, a challenge to alleged liens asserted by holders of general obligation bonds of the Commonwealth.  Within the ERS Title III case, Proskauer defended against efforts by secured creditors to lift the automatic stay to seize its revenues.  In the PREPA Title III case, Proskauer made headway in defending against a renewed motion created by monoline insurers of PREPA bonds to lift PREPA's stay to appoint a receiver, while negotiation with some of the moving parties at the same time. In addition, Proskauer negotiated and entered into the Definitive Restructuring Support Agreement (the "<u>PREPA RSA</u>") for PREPA with a majority of PREPA's bondholders, and pursued court approval of certain settlements contained in the PREPA RSA by filing a motion under Bankruptcy Rule 9019 and two supplemental memoranda of law in support of it.  In the HTA Title III case, among other matters, Proskauer represented the Oversight Board in its joint filing with the UCC of a challenge to the nature, extent and scope of purported liens securing HTA bondholders' claims.

20.     In the instant Compensation Period, Proskauer serviced many new Oversight Board projects, while maintaining momentum gained from the preceding periods.  Chief among these, Proskauer counseled the Oversight Board in its pivotal role negotiating and drafting a proposed Title III joint plan of adjustment (the "<u>Plan</u>") for the Commonwealth, ERS and the Puerto Rico Public Buildings Authority ("<u>PBA</u>") and a proposed disclosure statement (the "<u>Disclosure Statement</u>") explaining the Plan and pertinent facts concerning the debtors affected by the Plan. Concurrently with the Plan and Disclosure Statement, Proskauer represented the Oversight Board as it commenced a Title III case for PBA, preparing and filing PBA's petition and other first day pleadings and seamlessly transitioning PBA into Title III.  The Plan and Disclosure Statement address over $35 billion of debt and other claims against these Debtors, and more than $50 billion of pension liabilities, and brings Puerto Rico closer its emergence from Title III.  Additionally, Proskauer continued to defend the Oversight Board and Title III Debtors' interests in numerous,

multi-billion-dollar adversary proceedings, contested matters and appeals brought by various bondholders, monoline insurers, unions and other parties in interest. Many of these challenges are of first impression, and involve, among other things, the constitutionality of various PROMESA provisions, the correct interpretation of various sections of PROMESA and the Bankruptcy Code, and the validity of certain creditors' asserted liens. Furthermore, Proskauer also guided the Oversight Board as it exercised its powers and responsibilities certifying fiscal plans and budgets, and issuing restructuring certifications.

21.     Throughout the Compensation Period, Proskauer continued to object to defective claims against the debtors, provided on-going legal assistance to the Oversight Board, and negotiated with various creditors, stakeholders, government parties and other parties in interest in furtherance of each of the Debtors' respective restructurings, and, ultimately, helped the Oversight Board progress toward its PROMESA prescribed mandate of returning the Commonwealth to fiscal responsibility and access to capital markets. Some of Proskauer's notable undertakings during this Compensation Period include:

- Certification of New Fiscal Plans and Budgets. Proskauer continued to counsel the Oversight Board as it, along with its financial advisors, rigorously analyzed data and assessed the economic and structural impact of proposed fiscal plans and budgets. Throughout, Proskauer provided on-going assistance with emergent legal issues, and helped with the drafting of the new fiscal plans and budgets to achieve PROMESA's mandate to restore Puerto Rico to fiscal responsibility and access to capital markets.

- Claim Objections. Pursuant to the Bar Date Orders [ECF Nos. 2521 and 3160], approximately 171,374 claims were filed against the Debtors and logged by Prime Clerk. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors. Of the proofs of claim filed, over 3,000 claims were filed in relation to COFINA, totaling approximately $10.1 trillion in asserted claims; approximately 55,000 claims were filed in relation to, or reclassified to be asserted against, ERS, totaling approximately $10.2 trillion in asserted claims; over 2,000 claims were filed in relation to HTA, totaling approximately $83.1 billion in asserted claims; and approximately 109,000 claims were filed against the Commonwealth, totaling approximately $33.2 trillion in asserted claims. Upon review and further assessment by Proskauer, in consultation with other advisors to the Oversight Board,

it became clear that many of these claims need not have been filed at all, or suffered from some other flaw, such as improperly identifying one of the Debtors, or being duplicative of other proofs of claim. In connection with these claims, Proskauer, working with other professionals, filed a total of 40 omnibus objections and 17 individual objections between June 1, 2019 and September 30, 2019. Proskauer spent a significant amount of time and effort preparing and filing these objections, as well as reviewing responses to various objections, negotiating resolutions to the objections with creditors, preparing and filing replies in support of their objections, and attending several related hearings. As a result of Proskauer's efforts, between June 1, 2019 and September 30, 2019, thousands of claims were fully or partially expunged.

- Joint Title III Plan of Adjustment and Disclosure Statement, and PBA Title III Filing. Proskauer devoted significant manpower counseling the Oversight Board through its critical role in negotiating and drafting the Plan, Case No. 17-3283, ECF No. 8765, to restructure $35 billion of debt and other claims against the Commonwealth, PBA, and ERS, and more than $50 billion of pension liabilities. Proskauer devoted a substantial and well-measured amount of resources and hours formulating, researching, drafting, negotiating, and filing (i) a proposed disclosure statement, and (ii) a proposed plan of adjustment. In addition, Proskauer counseled the Oversight Board as it commenced an additional Title III case for a new debtor, PBA, as contemplated by the Plan [Case No. 19-5523].

The Plan is the culmination of the agreements the Oversight Board reached with several major creditor groups on the treatments of their claims. At the time of the filing of the plan of adjustment, three stakeholder groups supported the plan including (a) the Official Committee of Retired Employees, whose constituency is owed over $50 billion for their pension claims, (b) the American Federation of State, County, and Municipal Employees, which represents more than 10,900 current employees of the Commonwealth and its instrumentalities, and (c) a bondholder group owning (I) bonds issued by PBA ("PBA Bondholders" or "PBA Bonds") and guaranteed by the Commonwealth, and (II) GO bonds issued by the Commonwealth. The group holding PBA Bonds and GO bonds issued by the Commonwealth agreed on a framework for a plan of adjustment. Critically, the agreement includes the compromise and settlement of a key dispute between the Commonwealth and PBA regarding the characterization of leases between the two entities, and the optional settlement of certain challenges to GO bonds. Support for this agreement includes holders of approximately 54% of Vintage PBA Bond Claims, and approximately 11% of GO Bond Claims.

Given the various, complex issues surrounding the treatment of various claims, and the myriad of adversary actions filed in the Title III cases, a substantial amount of time was required to draft the Disclosure Statement, Case No. 17-3283, ECF No. 8766, to ensure it provided adequate information pursuant to Bankruptcy Code section 1125(b). The Disclosure Statement includes, among other things, an overview of the Commonwealth, PBA, and ERS; a summary of significant events leading to the commencement of the Title III cases; an overview of significant events during the Title III cases; summaries of material adversary proceedings filed in the

Title III cases; comprehensive best interest test analyses, a summary of the Plan; certain risk factors to be considered; and material income tax considerations.

- <u>ERS Lift Stay</u>.  Proskauer continued to conduct research and analyses, as well as draft objections, responses and discovery requests in connection with the ERS Lift Stay Motion, *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* [Case No. 17-3566, ECF No. 289], and related motions to compel and discovery motions. Additionally, Proskauer (i) communicated with counsel and other advisors to AAFAF on multiple adequate protection related discovery issues and developed further discovery strategy; (ii) communicated with bondholders' counsel on multiple discovery related issues, including motions to compel production of documents, confidentiality and privilege, search terms for document collection and review, and depositions scope and scheduling, (iii) prepared for and participated in meet-and-confer sessions with bondholders' counsel on multiple adequate protection related discovery issues as well as attended various hearings in connection with discovery issues, and (iv) expended significant hours preparing for and conducting depositions, reviewing exports reports and preparing privilege logs.

- <u>First Circuit Appeals.</u> Proskauer defended and litigated several matters before the Court of Appeals for the First Circuit. The following briefly summarizes major appeals in which Proskauer served as lead counsel for the Title III Debtors, and describing Proskauer's activities this Compensation Period:

(1) <u>Rene Pinto-Lugo et al. and Manuel Natal-Albelo v. Commonwealth</u>, Case No. 19-1181; <u>Elliott, Hein and Dvores v. Commonwealth</u>, Case No. 19-1182; and <u>Cooperativas v. COFINA</u>, Case No. 19-1391:[7] During this Compensation Period, Proskauer, on behalf of the Oversight Board, filed pleadings responsive to these appeals, including a motion to dismiss the Cooperativas appeal as equitably moot filed on June 28, 2019.  The motion argues that since the COFINA Plan of Adjustment has been fully consummated and relied upon by innocent third parties, granting the appellants' request to overturn the confirmation of the plan would be impractical and inequitable.  The appeals remain ongoing and Proskauer continues to review pleadings filed by the various parties and research the issues to prepare appropriate responses.

(2) <u>Centro de Salud Familiar J.P.F., et al., v. Commonwealth of Puerto Rico</u>, Case No. 19-1189:[8]  On September 23, 2019, Proskauer, on behalf of the Oversight Board,

---

[7]  On February 22, 2019, three sets of appellants filed appeals of the order confirming the COFINA Plan of Adjustment including: (i) Rene Pinto-Lugo and Manuel Natal-Albelo (Rene Pinto-Lugo et al. and Manuel Natal-Albelo v. Commonwealth, Case No. 19-1181 (1st Cir.)) ("<u>Pinto-Lugo</u>"), (ii) Mark Elliott, Lawrence B. Dvores, and Peter C. Hein (Elliott, Hein and Dvores v. Commonwealth, Case No. 19-1182 (1st Cir.)) (the "<u>Elliott</u>"), and (iii) Cooperativa de Ahorro y Credito Dr. Manuel Zeno Gandia, Cooperativa de Ahorro y Credito de Juana Diaz, and Cooperativa de Ahorro y Credito de Rincon (Cooperativas v. COFINA, Case No. 19-1391 (1st Cir.) (the "<u>Cooperativas</u>").

[8]  On April 2, 2018, Magistrate Judge Dein, at ECF No. 55 in Adv. Proc. No. 17-00227, issued a report and recommendation on a motion by the Commonwealth for abstention and remand of the matter.  Magistrate Judge Dein recommended the motion be granted, the case be remanded back to the Commonwealth Court and the stay be lifted to allow plaintiffs to proceed to judgment in the Commonwealth Court.  Plaintiffs objected to the recommendation and report.  On July 10, 2018, the Title III Court entered a memorandum order overruling objections to and adopting the

filed a motion to dismiss the appeal for lack of subject-matter jurisdiction. Briefing on the appeal remains ongoing.

(3) <u>Atlantic Medical Center, Inc., et al. v. Commonwealth of Puerto Rico, et al.</u>, Case No. 18-2228 and <u>Corporacion de Servicios v. Commonwealth of Puerto Rico, et al.</u>, Case No. 19-1202:[9] Plaintiffs filed their opening brief on appeal on April 18, 2019, and Proskauer, on behalf of the Oversight Board, filed its answering brief on July 11, 2019. Plaintiffs' filed their reply brief on July 31, 2019.

(4) <u>Employees Retirement System, et al. v. Andalusian Global Designated, et al.,</u> Case No. 19-1699 and <u>Employees Retirement System, et al. v. PR AAA Portfolio Target, et al.,</u> Case No. 19-1700: On July 9, 2019, ERS bondholders filed notices of appeals of an order by the Title III Court regarding the application of Section 552 of the Bankruptcy Code to certain ERS postpetition revenue streams. The appeals were consolidated on July 26, 2019. On July 29, 2019, appellants filed their opening brief. On August 28, 2019, Proskauer, on behalf of the Oversight Board and ERS, filed their answering briefs, while the UCC filed its answering brief on August 29, 2019. On September 11, 2019, Appellants filed their reply briefs.

- In addition, the below is a summary of major appeals in which Proskauer received favorable judgments before the First Circuit for the Debtors and the Oversight Board during the Compensation Period:

(1) <u>Gracia Gracia et al. v. Commonwealth of Puerto Rico</u>, Case No. 18-1463:[10] The appeal was argued to the First Circuit on June 5, 2019, and on September 25, 2019 the First Circuit issued an opinion affirming in part and vacating in part the Court's partial denial of the plaintiffs' requested stay relief and remanded back to the Court the issues related to the segregated funds claimed by Plaintiffs.

(2) <u>AMP v. Commonwealth of Puerto Rico, et al.,</u> Case No. 18-2194: This appeal stems from a notice of appeal of the *Memorandum Order Denying Motion of Official Committee of Unsecured Creditors for Entry of an Order Enforcing the Automatic*

---

April 2, 2018 report and recommendation, and granting the Commonwealth's motion for abstention and directed the case to be remanded. On August 8, 2018, plaintiffs appealed the Title III Court's order to the First Circuit, which was docketed on February 25, 2019.

[9] In connection with Adv. Proc. No. 17-278, on August 7, 2018, Magistrate Judge Dein issued a report and recommendation on the Commonwealth's motion to dismiss, recommending that the motion to dismiss be granted and both complaints be dismissed without prejudice to refiling when a plan of adjustment for the Commonwealth has been proposed, or to allege specific impairment due to PROMESA. On November 27, 2018, the Title III Court issued an order overruling objections to and adopting the report and recommendation. On December 10, 2018, Plaintiffs appealed to the First Circuit.

[10] On February 7, 2018, Gracia-Gracia filed a motion to modify the automatic stay to allow the enforcement of the entered settlements. *See Motion Requesting Relief of Stay under 362(d)(1) of the Bankruptcy Code* [Case No. 17-3283, ECF No. 2434]. The Title III Court granted the request in part, modifying the automatic stay to permit the notice and claim submission and review process, but denying the request in all other respects, including the payment of reimbursements and attorneys' fee awards. Plaintiffs appealed and argued the duplicate premiums held in the Commonwealth's reserve account, and subject to the automatic stay, belong to the class members and are not the property of the Commonwealth. The Commonwealth disputes this contention.

*Stay* [Case No. 17-3283, ECF No. 3941], denying the Autonomous Municipality of Ponce's ("AMP") request to modify the stay because AMP failed to demonstrate cause. AMP filed its opening brief on March 18, 2019. Proskauer researched, prepared and filed a brief in opposition, on behalf of the Oversight Board, on May 1, 2019. On June 5, 2019, AMP filed its reply. Oral argument was conducted on September 11, 2019, and on September 25, 2019, the First Circuit issued an opinion upholding the Court's order denying AMP's request to modify the automatic stay.

- PREPA 9019 Motion.[11] During the Compensation Period, Proskauer concentrated its efforts on three areas: (i) discovery related motions, including motions to strike and motions to compel filed by various respondents to the PREPA 9019 Motion, (ii) preparation for and attendance of a hearing in connection with the discovery motions; and (iii) supplemental research and drafting supplemental briefs in support of the PREPA 9019 motion. Additionally, Proskauer also communicated with the various Supporting Parties and negotiated extended briefing and discovery related deadlines which culminated in the filing of several motions extending said deadlines.

- PRIFA/AMBAC Stay Relief Motion: On May 30, 2019, Ambac Assurance Corp. ("Ambac") filed a motion requesting an order that the Title III automatic stay does not apply to certain anticipated lawsuits relating to bonds issued by the Puerto Rico Infrastructure Financing Authority ("PRIFA"). In the alternative, Ambac sought (i) relief from the stay to allow Ambac to pursue those lawsuits in different courts, or (ii) an order compelling the Commonwealth to provide adequate protection for Ambac's purported collateral. Ambac holds and insures bonds issued by PRIFA. On June 6, 2019, Proskauer, on behalf of the Oversight Board, filed, amongst other things, a motion to dismiss Ambac's motion for lack of standing. On June 7, 2019, the Court denied the motion to dismiss without prejudice to the Oversight Board raising the same arguments in its response to

---

[11] On May 10, 2019, Proskauer filed the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, And 928, and Bankruptcy Rules 3012(A)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [Case No. 17-4780, ECF No. 1235] (the "PREPA 9019 Motion"). The PREPA 9019 Motion seeks approval of certain settlements embodied in the Definitive Restructuring Support Agreement dated as of May 3, 2019 (the "RSA" or "PREPA RSA", by and among (1) PREPA, (2) the Oversight Board, (3) AAFAF (PREPA, the Oversight Board, and AAFAF are sometimes collectively referred to herein as the "Government Parties"), (4) the members of the Ad Hoc Group of PREPA Bondholders, (5) any other persons who beneficially own or control Uninsured Bonds that are party to the RSA or execute a joinder to the RSA (the "Uninsured Supporting Holders"), and (5) Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively "Assured," Assured and the Uninsured Supporting Holders are collectively referred to herein as the "Supporting Holders," and the Supporting Holders collectively with Government Parties, the "RSA Parties"). Such settlements resolve, as and to the extent set forth in the RSA and the proposed order granting the PREPA 9019 Motion, (a) the claims asserted by the Supporting Holders and objections of the Government Parties thereto, (b) certain bondholder litigation against PREPA by all Supporting Holders, (c) the Supporting Holders' ability to exercise rights under the Trust Agreement or other applicable law, and (d) the Supporting Holders' right to receive any current payments on their PREPA bonds. The proposed settlements represent a significant milestone in PREPA's Title III case and the overall restructuring of PREPA. Pursuant to the RSA, the creditors (absent future defaults) settle their alleged secured claims and rights asserted thereunder, including requests for stay relief, in exchange for PREPA agreeing to allow their claims in less than their full face amounts. In addition, the creditors agree to support, and PREPA agrees to propose, a plan under which Supporting Holders will exchange their bonds for securitization bonds that are secured by a fixed and predictable transition charge. In an amendment to the RSA dated as of September 9, 2019, National Public Finance Guarantee Corporation ("National") and Syncora Guarantee Inc. ("Syncora") joined the PREPA RSA.

Ambac's motion. On July 3, 2019, the Oversight Board and AAFAF filed oppositions to Ambac's motion for relief, inclusive of the arguments raised in its motion to dismiss. Ambac and the Financial Guaranty Insurance Company ("FGIC") filed a joint reply on July 16, 2019. On July 17, 2019, the Court issued an order directing the Oversight Board to file a sur-reply to Ambac and FGIC's reply by July 19, 2019. On July 19, 2019, the Oversight Board filed its sur-reply together with an objection to a joinder motion filed by monoline insurers Assured Guaranty Corp. and Assured Guaranty Municipal Corp. On July 24, 2019, the Court issued an order staying the matter through November 30, 2019. Following the end of this Compensation Period, on October 28, 2019, the Court issued an order further staying the matter through December 31, 2019.

- UTIER v. PREPA. In connection with Adversary Case No. 17-229 (UTIER v. P.R. Elec. Power Auth., et al., Adv. Proc. No. 17-0229), Proskauer continued to conduct extensive discovery with UTIER, the Puerto Rico Department of Justice, and the Puerto Rico Electric Power Authority. The matter required additional efforts to gather and analyze documents from multiple sources in order to evaluate UTIER's claims and the Commonwealth's and PREPA's defenses. Over the period covered by the application, Proskauer also continued to analyze factual and expert discovery that may be needed to defend the case.

22.    In addition to the above, Proskauer has defended against numerous litigations against the Title III Debtors. The following is a summary of major litigation matters in which Proskauer served as lead counsel for the Title III Debtors during this Compensation Period:

- Sciemus Limited et al. v. The Financial Oversight and Management Board for Puerto Rico, Adv. Proc. No. 19-00369: On June 6, 2019, Sciemus Limited, Markel Europe, Lloyd's Syndicates, Indian Harbor Insurance Company and PartnerRe Ireland Insurance filed an adversary complaint against PREPA regarding the proper amount of insurance payment owed to PREPA in connection with a collapse of the roof of an insured fuel storage tank at a PREPA facility. Plaintiffs seek a declaratory judgement that damage to the tank happened over multiple occurrences, that PREPA failed to notify insurers of the incidents, that PREPA failed to mitigate damage to the tank, and that PREPA is entitled to $1,276,000 in insurance payment under the policy terms instead of $25,481,131.30 as asserted by PREPA. On July 12, 2019, the plaintiffs filed an amended complaint. The Court has granted two motions for extension of time to respond to the adversary complaint, with an answer due on November 25, 2019.

- Financial Oversight & Management Board for Puerto Rico, et al. v. U.S. Bank National Association, as Trustee, Adv. Proc. No. 19-00391: On July 1, 2019, the Oversight Board, jointly with AAFAF, filed a complaint against U.S. Bank National Association, as trustee for the PREPA bonds, seeking judgments (i) declaring that the security interest securing the PREPA bonds is limited to funds deposited to the credit of PREPA's "Sinking Fund" under the Trust Agreement, (ii) in the alternative, avoiding any security interests that were granted for the benefit of PREPA bondholders beyond funds deposited to the credit of the "Sinking Fund" under Bankruptcy Code section 544 for lack of perfection, and (iii)

14

disallowing the Trustee's master proof of claim to the extent it asserts such security interests. On July 16, 2019, the Court entered an order staying Adv. Proc. No. 19-391 until the earlier of (a) 60 days after the Court denies the PREPA 9019 Motion, (b) the consummation of a plan of adjustment for PREPA, (c) 60 days after the filing by plaintiffs of a notice seeking to resume litigation, or (d) further order of the Court and without prejudice to further extensions.

- <u>Puerto Rico Horse Owners Association, Inc. v. Commonwealth of Puerto Rico, et al.</u>, Adv. Proc. No. 19-00392: On July 2, 2019, a non-profit organization, Puerto Rico Horse Owners Association, filed an action against the Commonwealth, the Oversight Board and its executive director (in her official capacity), and the Governor of Puerto Rico and certain government officials (in their official capacities) seeking declaratory relief that funds from uncashed winning tickets bet on horse races are not property of the Commonwealth, and should be paid to the Racing Administrator for distribution to certain Puerto Rico horse breeders. On July 3, 2019, Plaintiff filed an amended complaint purporting to correct a clerical error. On September 3, 2019, Commonwealth government officials Ricardo Rosselló-Nevares, Francisco Parés-Alicea and Alberto Maymó-Azize filed a motion to dismiss the amended complaint. The Commonwealth, Oversight Board, and Natalie Jaresko also filed a motion to dismiss the amended complaint on September 3, 2019. On September 4, 2019, AAFAF filed a motion to dismiss the amended complaint.

- <u>Financial Oversight & Management Board for Puerto Rico v. Hon. Vazquez Garced et al.</u>, Adv. Proc. No. 19-00393: On July 3, 2019, the Oversight Board filed a complaint against then-Governor Rosselló and AAFAF largely challenging Act 29-2019, which eliminates the obligation of municipalities to reimburse the Commonwealth for pension payments to municipality retirees. Specifically, the complaint alleges that (i) Act 29-2019, including its enactment and enforcement, violates PROMESA section 204(a); (ii) Act 29-2019, including its enactment and enforcement, violates PROMESA section 207; (iii) the Oversight Board is entitled to a permanent injunction prohibiting defendants from implementing Act 29-2019; (iv) Act 29-2019 and the joint resolutions, including their enactment and enforcement, violate PROMESA Section 204(c); (v) the Oversight Board is entitled to an injunction compelling the Governor to submit PROMESA section 204(a) certifications for the new laws and non-certified joint resolutions; (vi) Act 29-2019 violates PROMESA section 108(a) and is not enforceable and is of no effect because it impairs and/or defeats the purposes of PROMESA, as determined by the Oversight Board; (vii) the joint resolutions violate PROMESA section 108(a) because they impair and/or defeat the purposes of PROMESA, as determined by the Oversight Board; and (viii) the Governor's alleged policy of not providing certifications as required under PROMESA section 204 violates PROMESA section 108(a) because it impairs and/or defeats the purposes of PROMESA, as determined by the Oversight Board.

Defendants filed a motion to dismiss on July 15, 2019, which was fully briefed and oral argument was heard on August 15, 2019. Also on August 15, 2019, in light of former-Governor Rosselló's resignation, the case was re-captioned to name current Governor Vázquez as a Defendant. On August 22, 2019, the Title III Court denied the motion to dismiss. Defendants answered the complaint on September 10, 2019.

- Cortland Capital Market Services LLC, et al., v. Financial Oversight & Management Board for Puerto Rico, et al., Adv. Proc. No. 19-00396: Lenders to PREPA (the "Fuel Line Lenders") filed an action on July 9, 2019 against the Oversight Board, PREPA, AAFAF and U.S. Bank.  The Fuel Line Lenders allegedly lent PREPA $700 million since 2012, which PREPA then used to purchase fuel needed to operate its system.  The complaint alleges that (i) their loans were deemed "Current Expenses" under the PREPA Trust Agreement and that under the agreement, PREPA is to pay all "current expenses" before the bonds, (ii) the PREPA bondholders' lien and recourse are limited only to net revenues deposited to the credit of specified accounts, (iii) PREPA bondholders are entitled to nothing until "Current Expenses" are paid, and (iv) the RSA reached between the PREPA bondholders, the Oversight Board and the other Defendants violates the Fuel Line Lenders' rights.  The Fuel Line Lenders seek declaratory relief stating that the amounts they are owed are "Current Expenses" and thus they are entitled to payment before any payments are made to PREPA bondholders.  On October 1, 2019, Plaintiffs filed an amended complaint.  During the Compensation Period, Proskauer researched and drafted a motion to dismiss Plaintiffs' complaint on the ground, among others, that Plaintiffs lacked standing to interpose their claims objections to the bondholders' claims and failed to state a claim establishing their asserted seniority.

- Cooperativa de Ahorro y Crédito Abraham Rosa, et al. v. Public Corporation for the Supervision and Insurance of Cooperatives of Puerto Rico, et al., Adv. Proc. No. 19-00389: On July 1, 2019, Plaintiffs, a group of credit unions, filed a complaint against the Public Corporation for the Supervision and Insurance of Cooperatives of Puerto Rico ("COSSEC"), seeking declaratory and injunctive relief in connection with share and deposit insurance.  Plaintiffs claim COSSEC is undercapitalized and unable to provide adequate share and deposit insurance, and thus, seek injunctions commanding COSSEC to request funds from the Puerto Rico Treasury Department.  Plaintiffs filed their complaint under seal, and filed a motion to seal the proceedings.  On July 15, 2019, Plaintiffs filed an urgent motion for a preliminary injunction seeking to order the Commonwealth to provide funds to COSSEC.  The Oversight Board filed an opposition to the motion for a preliminary injunction on July 18, 2019.  On July 25, 2019, the Oversight Board filed a motion to stay all responses to the complaint until 30 days after the Court issued a ruling on Plaintiffs' motion for a preliminary injunction hearing.  On July 26, 2019, the Court issued an order denying (i) Plaintiffs' motion to seal and (ii) Plaintiffs' motion for a preliminary injunction hearing. On July 29, 2019, Plaintiffs filed a notice of appeal of the order denying their motion to seal and motion for a preliminary injunction hearing. On August 2, 2019, in the First Circuit, Plaintiffs filed a motion to stay the order denying their motion to seal in Case No. 19-1755. On August 7, 2019, Defendants (and Appellees) filed their response. Also on August 7, 2019, the Oversight Board filed a motion to have all defendants' responses to Plaintiffs' complaint stayed until 30 days after the First Circuit decides Plaintiffs' appeal from the denial of its motion for a preliminary injunction. The Court granted this motion on August 8, 2019. On August 9, 2019, the First Circuit issued an order temporarily staying the Title III Court's order to unseal the adversary proceeding, but withdrew the interim stay on August 14, 2019.  On August 16, 2019, Plaintiffs filed a motion to temporarily extend the stay in the Title III Court, which the Court denied.

16

23.     As part of Proskauer's involvement in the above matters, Proskauer (a) prepared and filed numerous pleadings and briefs in litigation matters; (b) participated in and prepared for hearings; (c) researched jurisprudence regarding legal and factual issues, including bankruptcy and U.S. Constitutional issues; and (d) performed a myriad of other professional services as described in this Application and reflected in **Schedule 3** and **Exhibit B**.

24.     By this Application, Proskauer seeks an allowance, pursuant to the Interim Compensation Order, of (a) **$12,309,698.21**, as (i) compensation for professional services rendered in the amount of $11,293,301.10, and (ii) the Gross-Up Amount of $1,016,397.11;[12] and (b) **$292,282.61** as reimbursement for actual and necessary expenses incurred during the Compensation Period in connection with such professional services.  Notably, the Application reflects aggregate voluntary reductions made during the Compensation Period to Proskauer's requests for compensation and for reimbursement of expenses in the amount of $195,612.60 and $70,249.97, respectively, on top of the sizeable discount embedded in its engagement letter with the Oversight Board, in which it fixed hourly rates at levels providing up to 45% discounts on the hourly rates of its most senior partners.

25.     Proskauer maintains computerized records of the time spent by all Proskauer attorneys and paraprofessionals in connection with the firm's representation of the Oversight Board as representative of the Debtor.  Subject to redaction where necessary to preserve mediation confidentiality, copies of the computerized records for the Compensation Period are attached hereto as **Exhibit B**.

---

[12] Proskauer will only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount.  As of the date of hereof, Proskauer has not requested payment of the Gross-Up Amount.

26.     Proskauer's budget and staffing plan for the Compensation Period are attached hereto as **Exhibit D**.

27.     Proskauer's summary of itemized time records for professionals and paraprofessionals performing services for the Oversight Board with respect to the Debtor during the Compensation Period is set forth on **Schedule 2**.  During the Compensation Period, Proskauer billed the Oversight Board for time expended by attorneys based on a set rate of $789 per hour. The professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period required an aggregate expenditure of 6,124.50 recorded hours by Proskauer's partners and senior counsel; 7,205.40 recorded hours by associates; 341.80 recorded hours by e–Discovery attorneys; 183.40  recorded hours by law clerks;[13] and 2,197.00 recorded hours by paraprofessionals.  As required by the Guidelines, **Exhibit C** to this Application shows, for each Project Category (as defined below), a list of professionals who performed services in each Project Category and the aggregate recorded hours each professional incurred.  In accordance with Guidelines paragraph C.3, Proskauer's blended hourly rates are disclosed in **Schedules 1** and **5**.  The fees charged by Proskauer, as set forth in **Schedule 2**, are in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period, as revised to reflect Proskauer's arrangement with the Oversight Board. The standard rates Proskauer charges for the services rendered by its professionals and paraprofessionals in these Title III cases have been reduced to reflect the unique circumstances of PROMESA and the position of the Commonwealth of Puerto Rico, its instrumentalities, and its residents.  **Schedules 2** and **5** show that the rates Proskauer charges on an hourly basis are below

---

[13] Law clerks are incoming attorneys who have not yet been admitted or sworn into the bar.  Once admitted and sworn into the bar, the timing of which varies on an individual- and jurisdictional-basis, such individuals are reclassified and billed as associates beginning on the first day of the month following such admission.

the competitive market rates for bankruptcy and non-bankruptcy matters charged by the other professionals representing the Commonwealth and statutory committees.  No Proskauer rates are increased as a result of the geographic location of a bankruptcy case.

28.      All entries itemized in Proskauer's time records comply with the requirements set forth in the Guidelines, including, without limitation, (a) the utilization of project categories (each a "Project Category"), (b) a description of each activity or service that each individual performed, and (c) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.  Each Project Category is organized in accordance with Guidelines paragraph C.8.b.  If a Project Category does not appear in a particular application, Proskauer did not bill time or expenses for that Project Category during the Compensation Period, but may bill time for that Project Category in the future.

### Applicant Statement In Compliance with Appendix B Guidelines Paragraph C.5

29.      The following answers are provided in response to the questions set forth in Guidelines paragraph C.5:

> **Question**:   Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.
>
> Response:    No.
>
> **Question**:   If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?
>
> Response:    Although the total fees sought in this Application did not exceed the total budgeted fees for the Compensation Period (fees sought in this Application are 1% below budgeted fees), the fees sought for June exceed budgeted fees for this month.  Additional team members were needed to assist in the negotiation, drafting and filing of the proposed Title III joint plan of adjustment for the Commonwealth, ERS and PBA, which brings the Commonwealth closer to the resolution of its Title III case.  Negotiating and drafting the proposed Title III joint plan of adjustment and related legal analysis and strategy required significant efforts, which are often difficult to

19

anticipate and account for the increase over budgeted fees.  Proskauer made reasonable best efforts to represent the Debtor and the Oversight Board throughout, while maintaining cost-effective practices.

**Question**:  Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:  No.

**Question**:  Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

Response:  No, the Application does not include time or fees related to reviewing time records or preparing, reviewing or revising invoices in connection with the preparation of monthly fee statements.

**Question**:  Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

Response:  No time was spent redacting time records on account of privilege concerns. However, the Application does include time related to reviewing time records to redact time entries pursuant to Court-ordered mediation confidentiality.

**Question**:  If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

Response:  Yes.  The Engagement Letter provides that Proskauer's rates are increased on January 1 (rather than on November 1, the beginning of Proskauer's fiscal year) by the lower of the percentage rate increase announced as of November 1 and four percent.  As Proskauer's announced percentage rate increase exceeded four percent as of November 1, 2018, Proskauer's rates with respect to its representation of the Oversight Board were increased by four percent as of January 1, 2019.

### Gross–Up Amount

30.     Prior to December 10, 2018, Puerto Rico taxed Proskauer's fees differently depending on whether Proskauer's timekeepers performed work while physically present in Puerto Rico or off-island.  Specifically, a 7% withholding tax was assessed (at time of payment) on fees

20

derived from work performed while the timekeeper was physically present in Puerto Rico, but not on fees derived from work performed outside of Puerto Rico.

31.     On December 10, 2018, Puerto Rico enacted Act 257–2018, amending the Puerto Rico tax code and eliminating the differences in tax treatment based on where work was performed. Under Act 257–2018, all Proskauer fees incurred on or after December 10, 2018—regardless of the timekeepers' physical location—are assessed with a 10% withholding tax at the time of payment.

32.     Proskauer requests approval now, as part of its fees and expenses, of the amount required to gross up the additional tax withholding (the "Gross–Up Amount") introduced by Act 257–2018, starting December 10, 2018 (the "Withholding"), in the amount of **$1,016,397.11**.  But Proskauer will only request payment of the Gross–Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross–Up Amount.  As of the date of hereof, Proskauer has not requested payment of the Gross–Up Amount.

**Professionals Billing Fewer Than Five Hours per Month**

33.     The following chart indicates, solely with respect to the Debtor's Title III Case, (a) professionals who billed fewer than five hours per month, (b) the months for which fewer than five hours were billed by the professional, and (c) an explanation of why the use of such professional was reasonable and necessary.  As a general matter, because of the size and complexity of the Debtor's Title III Case, it was reasonable and necessary to consult with professionals with specific practice area expertise to assist Proskauer's core restructuring professionals in providing the Debtor with necessary and beneficial professional services.  Moreover, it was often necessary to consult with professionals more familiar with other aspects of the restructuring of Puerto Rico and with specific adversary proceedings to deal with global strategic issues and ensure that positions taken

by the Oversight Board are consistent across all the Title III cases. Furthermore, occasionally the urgency of certain briefing schedules required pulling in professionals from different work streams to assist on time-sensitive matters.[14]

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Adejobi, Olaide M. | June, September | Ms. Adejobi is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Bargoot, Alexandra V. | August | Ms. Bargoot is an associate in Proskauer's litigation department who conducted legal research and advised on deliberative process privilege issues. |
| Birnbaum, Esther N. | July | Ms. Birnbaum is an e-Discovery staff attorney at Proskauer who assisted with document review and research in the *PBA* adversary proceeding. |
| Cooper, David C. | June, August, September | Mr. Cooper is a paralegal in Proskauer's corporate department who assisted with various case management related tasks. |
| Cooper, Scott P. | August, September | Mr. Cooper is a partner in Proskauer's litigation department who advised on stay related issues and on developing the Debtor's litigation strategy in the *COSSEC* Adversary Proceeding. |
| Costa, Raphael | September | Mr. Costa is an associate in Proskauer's corporate department who assisted with review of loan agreements in connection with the development of the Debtor's plan of adjustment. |
| Dalsen, William D. | July | Mr. Dalsen is an associate in Proskauer's litigation department who assisted with document review and production related issues in connection with Ambac Rule 2004 motions. |
| Deming, Adam L. | September | Mr. Deming is an associate in Proskauer's litigation department who assisted with analysis of creditors' claims and with developing further strategy for the Debtor's claims administration and reconciliation. |

---

[14] Many of the professionals listed below have billed substantially more time on other matters related to Proskauer's representation of the Oversight Board, including matters within and outside of PROMESA Title III.

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Ferrara, Ralph C. | September | Mr. Ferrara is a partner in Proskauer's litigation department who advised on a variety of issues further developing the Debtor's litigation and appellate strategy. |
| Fier, Seth D. | September | Mr. Fier is an associate in Proskauer's litigation department who assisted with analysis of the impact of the Court's decision granting dismissal of the *UECFSE* Adversary Proceeding. |
| Fiur, Seth | June | Mr. Fiur is an associate in Proskauer's litigation department who assisted with analysis of pleadings and developing further appellate strategy in the Appointments Clause Appeals. |
| Forman, Daniel L. | June, August | Mr. Forman is a senior counsel in Proskauer's corporate department who advised on a variety of securities related issues in connection with the development of the Debtor's plan of adjustment and disclosure statement. |
| Friedman, Olga | June, August | Ms. Friedman is an e-Discovery staff attorney at Proskauer who advised on various document review related issues. |
| Gerkis, James P. | July | Mr. Gerkis is a partner in Proskauer's corporate department who advised on a variety of issues in connection with the development of the Debtor's plan of adjustment and disclosure statement. |
| Habenicht, Yomarie | June | Ms. Habenicht is an associate in Proskauer's tax department who advised on a variety of tax related issues in connection with the development of the Debtor's plan of adjustment. |
| Hamburger, Paul M. | June, September | Mr. Hamburger is a partner in Proskauer's labor & employment department who advised on the Debtor's social security and pension benefits related issues in connection with the development of the Debtor's plan of adjustment. |
| Hamilton, Martin T. | August | Mr. Hamilton is a partner in Proskauer's tax department who advised a variety of tax related issues in connection with the development of the Debtor's plan of adjustment and disclosure statement. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Harris, Mark D. | August, September | Mr. Harris is a partner in Proskauer's litigation department who advised on further developing the Debtor's appellate strategy and preparing for oral argument in the *AMP* Appeal. |
| Heilborn, Stephanie E. | June, July | Ms. Heilborn is a partner in Proskauer's Private Client Services group who advised on taxation and treatment of trusts in connection with the development of the Debtor's plan of adjustment. |
| Henderson, Laurie A. | June, August | Ms. Henderson is a docketing administrator in Proskauer's litigation department who assisted with docket research and electronic filing. |
| Huffman, James R. | June | Mr. Huffman is an associate in Proskauer's tax department who assisted with analysis of IRS regulations in connection with the development of the Debtor's plan of adjustment. |
| Ike, Yvonne O. | September | Ms. Ike is an e-Discovery staff attorney at Proskauer who advised on a variety of document review and production related issues. |
| Kass, Colin | September | Mr. Kass is a partner in Proskauer's litigation department who advised on drafting motion to dismiss in the *PRHOA* Adversary Proceeding. |
| Kline, Emily H. | August | Ms. Kline is an associate in Proskauer's litigation department who assisted with document review and production related issues in connection with Ambac Rule 2004 discovery requests. |
| Kowalczyk, Lucas | August | Mr. Kowalczyk is an associate in Proskauer's litigation department who assisted with drafting the Board's Rule 28(j) letter to the First Circuit of Appeal in the *Rossello Nevares v. FOMB* matter. |
| Kroll, Christina H. | September | Ms. Kroll is an associate in Proskauer's litigation department who assisted with legal research in connection with Ambac Rule 2004 discovery requests. |
| Leader, Jordan B. | July, August | Mr. Leader is a senior counsel in Proskauer's litigation department who advised on the litigation strategy in connection with the development of the Debtor's plan of adjustment. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Leguizamon, Matias G. | September | Mr. Leguizamon is an associate in Proskauer's corporate department who assisted with review of loan agreements in connection with the development of the Debtor's plan of adjustment. |
| Lerner, Lela | July | Ms. Lerner is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Martinez, Carlos E. | July, August, September | Mr. Martinez is a partner in Proskauer's corporate department who advised on a variety of issues in connection with the development of the Debtor's plan of adjustment and disclosure statement. |
| Mashberg, Gregg M. | June – September | Mr. Mashberg is a partner in Proskauer's litigation department who advised on a variety of issues further developing the Debtor's litigation and appellate strategy. |
| McAleavy, Mary Jane F. | September | Ms. McAleavy is a senior managing clerk in Proskauer's litigation department who assisted with docket research and electronic filing. |
| McClellan, David | August | Mr. McClellan is a law clerk in Proskauer's corporate department who assisted with legal research and drafting of the Debtor's disclosure statement. |
| McPeck, Dennis T. | August, September | Mr. McPeck is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Mervis, Michael T. | June | Mr. Mervis is a partner in Proskauer's litigation department who advised on the Debtor's litigation strategy and participated in the meet-and-confer session in the *APPU* Adversary Proceeding. |
| Morris, Matthew J. | June, August | Mr. Morris is an associate in Proskauer's litigation department who advised on the Debtor's litigation strategy and assisted with legal research and analysis in the *Law 29* Adversary Proceeding. |
| Palmer, Marc C. | September | Mr. Palmer is an associate in Proskauer's litigation department who advised on the Debtor's litigation strategy in the *APPU* Adversary Proceeding. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Pantoja, Karina | September | Ms. Pantoja is a paralegal in Proskauer's labor & employment department who assisted with various case management related tasks. |
| Peterson, Cathleen P. | June – August | Ms. Peterson is a senior consultant of e-Discovery services at Proskauer who coordinated a variety of claims management related issues with Prime Clerk and worked with vendors on document review and production related matters. |
| Piccirillo, Antonio N. | August, September | Mr. Piccirillo is a partner in Proskauer's corporate department who advised on a variety of issues in connection with the development of the Debtor's plan of adjustment and disclosure statement. |
| Ramachandran, Seetha | June, August, September | Ms. Ramachandran is a partner in Proskauer's litigation department who advised on a variety of issues further developing the Debtor's litigation and appellate strategy. |
| Roche, Jennifer L. | July, September | Ms. Roche is a senior counsel in Proskauer's litigation department who advised on a variety of issues further developing the Debtor's litigation and appellate strategy. |
| Rogoff, Corey I. | August | Mr. Rogoff is an associate in Proskauer's litigation department who advised on the Debtor's litigation strategy and assisted with legal research and analysis in the *Law 29* Adversary Proceeding. |
| Rosenthal, Marc E. | June – September | Mr. Rosenthal is a partner in Proskauer's litigation department who advised on a variety of insurance related issues further developing the Debtor's litigation and appellate strategy. |
| Ruben, Jillian | July | Ms. Ruben is an associate in Proskauer's corporate department who advised on a variety of bonds related issues in connection with the development of the Debtor's plan of adjustment and disclosure statement. |
| Salles de Padua, Saulo | June | Mr. Salles de Padua is an associate in Proskauer's corporate department who assisted with analyzing PBA bonds in connection with the development of the Debtor's plan of adjustment. |
| Schaefer, Shealeen E. | June, September | Ms. Schaefer is a paralegal in Proskauer's labor & employment department who assisted with various case management related tasks. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Sherman, Christine N. | September | Ms. Sherman is an associate in Proskauer's tax department who advised on a variety of tax related issues in connection with the development of the Debtor's plan of adjustment. |
| Skellet, Alexandra K. | June | Ms. Skellet is an associate in Proskauer's litigation department who assisted with analysis of pleadings and developing further appellate strategy in the Appointments Clause Appeals. |
| Supronik, Lukasz | June, July | Mr. Supronik is an e-Discovery project coordinator at Proskauer who assisted with various document review and production related issues. |
| Theodoridis, Chris | September | Mr. Theodoridis is an associate in the BSGR&B group who assisted with analysis of special revenues related issues in connection with the development of the Debtor's plan of adjustment. |
| Vermal, Ana | June – September | Ms. Vermal is a partner in Proskauer's litigation department who advised on a variety of issues further developing the Debtor's litigation and appellate strategy. |
| Wertheim, Eric | June | Mr. Wertheim is an associate in Proskauer's litigation department who assisted with legal research and analysis for the Debtor's motion to dismiss the Cooperativas' amended complaint. |
| Wizner, Eamon | June | Mr. Wizner is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |

**Summary Description of Professional Services**

34.     The following is a brief narrative summary, listed by Project Category, of the professional services rendered by Proskauer during the Compensation Period.  Only Project Categories for which Proskauer billed more than 10 hours during the Compensation Period are summarized below.

27

## I.     Matter No. 33260/002 (PROMESA Title III: Commonwealth)

35.     This matter number covers time spent relating to the core Commonwealth Title III case, including, for example, time spent regarding mediation, fiscal plan issues, and working on disclosure statements or plans of adjustment.

(a)     Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants (Project Category 201)
(Fees: $166,163.40; Hours: 210.60)

36.     This Project Category includes time spent communicating with the Oversight Board, and its other representatives, agents, and consultants, as well as preparing for and advising on fiscal plans, public meetings, litigation and related issues. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with the Oversight Board and its other advisors regarding the Debtor's Title III Case status and strategy, development of the Commonwealth's plan of adjustment and disclosure statement, and conferring on multiple related issues including, among others, a new certified fiscal plan, cash management and treatment of debt, status of plan negotiations with the creditors, and communications with the Government;

- Communicating with the Oversight Board and its other advisors regarding the proposed PBA Title III case strategy and discussing drafts of related restructuring documents, including the Plan Support Agreement and disclosure statement;

- Preparing daily litigation updates for the Oversight Board, conferring with the Board and its other advisors on litigation and appellate strategy and developments, discussing status of discovery and requests for additional information, and reviewing mediation results and developing further mediation strategy in the Debtor's Title III Case;

- Preparing for and participating in weekly calls with the Oversight Board and its advisors regarding the status of the Debtor's Title III case; and

- Communicating with the Oversight Board and its professionals regarding further review and classification of claims filed against the Debtor and proposed additional omnibus objections, claimants' responses to filed omnibus objections, and a variety of other issues related to administration and reconciliation of claims.

(b)     Legal Research (Project Category 202)
(Fees: $119,741.40; Hours: 171.30)

37.     This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Researching and analyzing a variety of legal issues in connection with the development of the Debtor's plan of adjustment and in preparation for its confirmation, including interpretation of applicable PROMESA and Bankruptcy Code provisions, correlation between PROMESA and Puerto Rico law, creditors' rights and priority designations, due process, and plan confirmation standards and procedures;
- Further researching and analyzing creditors' claims filed against the Debtor, applicable claims administration and reconciliation standards and procedures, issues of standing and feasibility, and priority and classification of claims;
- Researching and analyzing a variety of litigation related issues, including among others, various parties' discovery obligations, deliberative process privilege, and the impact of recent First Circuit appellate opinions on the Debtor's Title III Case and multiple adversary matters; and
- Researching and analyzing a variety of issues in connection with Court-ordered mediation.

(c)   Hearings and Other Non-Filed Communications with the Court (Project Category 203)
(Fees:  $69,905.40; Hours:  88.60)

38.     This Project Category includes time spent communicating with the Court and reviewing the Court's communications and procedures.   Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with the Court regarding applicable rules and requirements, scheduling and procedure related matters;
- Communicating with the Court regarding omnibus hearing dates and drafting omnibus hearing agendas and informative motions;
- Preparing for and participating in omnibus hearings; and
- Reviewing and analyzing transcripts of court hearings.

(d)   Communications with Claimholders (Project Category 204)
(Fees: $51,480.30; Hours: 66.30)

39.     This Project Category includes time spent communicating with the Debtor's various claimholders.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with claimholders and their respective advisors regarding a variety of issues related to analysis and classification of creditors' claims filed against the Debtor, the claims administration and reconciliation procedures, and preparing replies in support of the omnibus objections;
- Communicating with claimholders and their respective advisors on a variety of legal issues related to mediation and alternative dispute resolution standards and procedures, and related discovery disputes;
- Preparing for and participating in Court-ordered mediation sessions, meet-and-confer calls and sessions with the statutory committees and other claimholders, as well as their respective advisors.

(e)   <u>Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities (Project Category 205)</u>
(Fees:  <u>$16,805.70</u>; Hours:  <u>21.30</u>)

40.     This Project Category includes time spent communicating with the Debtor's representatives in various Title III related matters, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time communicating with counsel and other advisors to AAFAF on issues related to the Debtor's Title III case strategy and development of the Debtor's plan of adjustment, and discussing mediation and alternative dispute resolution procedures and scheduling.

(f)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
(Fees:  <u>$211,943.70</u>; Hours:  <u>275.80</u>)

41.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conducting research and analysis of creditors' claims field against the Debtor and drafting additional omnibus objections to claims;
- Conducting analysis of claimants' responses and drafting replies in support and notices of withdrawal of already filed omnibus objections;

- Conducting research and analysis, conferring with counsel for bondholders, and drafting the Debtors' seventh motion extending time to assume or reject unexpired leases of nonresidential real property pursuant to Bankruptcy Code section 365(d)(4);

- Conducting research and analysis, conferring with other Board's advisors, and drafting the Board's motion approving alternative dispute resolution procedures and related supplement, reply in support, proposed ADR procedures, and forms of notice to claimants; and

- Drafting omnibus hearing agendas, informative motions, and multiple pleadings related to scheduling and extension of deadlines.

(g)   Non-Board Court Filings (Project Category 207)
      (Fees: $49,289.70; Hours: 62.80)

42.    This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time reviewing and analyzing various filings by other parties and Court orders entered in the Debtor's Title III Case, including among others, Court orders and claimholders' responses related to the Debtor's omnibus objections to claims, Ambac's motion and Assured's joinder to compel Commonwealth, the Oversight Board and AAFAF to comply with previous Court orders in connection with disclosure of the Debtor's pension liabilities, motions for extension of deadlines related to NextGen's administrative claim, analyzing UCC's response to the Board's motion to stay mandate pending Supreme Court's disposition of the petitions for writs of certiorari appealing the Appointments Clause decision, and the impact of the First Circuit's order staying the mandate, objections to the Special Claims Committee's motion to stay contested matters pending confirmation of the Commonwealth's plan of adjustment, evaluating the impact of Judge Swain's order temporarily staying all Commonwealth, ERS and HTA avoidance actions and directing parties to participate in the mandatory mediation process, and reviewing and analyzing multiple pleadings in numerous adversary actions for their impact on the Debtor's Title III Case.

31

(h)   Analysis and Strategy (Project Category 210)
      (Fees: $1,917,892.50; Hours: 2,500.00)

43.   This Project Category includes time spent related to (a) legal analysis in, and strategic approach to, the Debtor's Title III Case and varied issues relating thereto, including (a) meetings to discuss strategic case considerations, the status of various work streams, and next steps, and (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time reviewing and analyzing a wide variety of reports, memoranda, financial analyses, press releases, pleadings and court orders, drafting and updating tasks and issues lists, preparing for and participating in weekly Proskauer internal litigation calls on further developing litigation, appellate and discovery strategy and on litigation and appellate issues pending in these complex and time sensitive Title III cases, preparing for and participating in weekly Proskauer internal restructuring calls on development of the Debtor's plan of adjustment and certified fiscal plan, and drafting internal memoranda to Proskauer litigation and restructuring teams.

(i)   Non-Working Travel Time (Project Category 211)
      (Fees: $83,555.10; Hours: 105.90)

44.   This Project Category includes time spent traveling on behalf of the Oversight Board and the Debtor, during which no billable work is performed.  Fees in this Project Category are billed at fifty percent (50%).

(j)   General Administration (Project Category 212)
      (Fees: $395,619.00; Hours: 1,452.90)

45.   This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities, including maintaining the case calendar; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and

free accessibility by the Proskauer team, the Debtor, and other parties in interest. Specifically, Proskauer paraprofessionals and e–Discovery attorneys spent time reviewing and analyzing a wide variety of pleadings and court orders, litigation and appellate dockets, drafting and updating charts of litigation and discovery deadlines, reviewing, analyzing and compiling materials for court hearings and Proskauer internal meetings, analyzing written discovery materials and maintaining document production indexes, and communicating with e–Discovery vendors on a wide variety of document collection, processing and review related issues.

> (k)   Labor, Pension Matters (Project Category 213)
>       (Fees: $38,739.90; Hours: 49.10)

46.     This Project Category includes time spent reviewing employee and retiree benefits issues.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Researching and analyzing pension and social security related issues in connection with the Debtor's certified fiscal plan and plan of adjustment;

- Reviewing and analyzing the Debtor's pension funding issues, recovery scenarios, cash flow, and financial projections;

- Conferring with the Retiree Committee's and labor unions' counsel, reviewing and analyzing their proposals related to the Commonwealth's pension and retirement benefits issues; and

- Reviewing and revising plan support agreements to reflect the negotiations and settlements with the unions and the Retiree Committee.

> (l)   Plan of Adjustment and Disclosure Statement (Project Category 215)
>       (Fees: $3,267,685.50; Hours: 4,265.50)

47.     This Project Category includes time spent on issues related to the terms of the proposed Title III plan.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conferring with the Oversight Board and its other advisors, reviewing and analyzing a wide variety of the Debtors' financial documents, historical fiscal plans, financial analyses and daily reports from the Commonwealth's advisors and experts, and further developing the strategy for the proposed transformation and restructuring of the Debtors;

33

- Reviewing and analyzing a wide variety of litigation materials, status reports, pleadings, court orders and opinions, for significant litigation matters to be disclosed in connection with the proposed Debtors' plan of adjustment;

- Reviewing and analyzing Judge Houser and the mediation team's memoranda on plan of adjustment related issues and drafting memoranda to Judge Houser and mediation team clarifying and expounding on the Debtors' propositions and submissions and on the status of plan related negotiations and mediation;

- Reviewing and analyzing submissions and recommendations by creditors, bondholders, statutory committees, labor unions, and their advisors related to the Debtors' plan of adjustment, and preparing for and participating in plan related negotiations and mediation;

- Preparing for and participating in conferences and meetings with Puerto Rico Government and its advisors on the strategy for the proposed restructuring of the Debtors and a variety of plan and disclosure related issues;

- Drafting and revising proposed plan of adjustment, disclosure statement, and supporting agreements and term sheets to reflect the status of plan negotiations and discussions; and

- Researching and analyzing a wide variety of claims filed against the Debtor, drafting additional omnibus and individual objections to claims, reviewing claimants' responses to previously filed objections, negotiating resolutions with claimants, drafting replies in support of the Debtor's objections, certifications and proposed orders in connection with court hearings on the objections, and coordinating efforts of the Debtors' claims agent Prime Clerk on a variety of claims management and administration related issues.

(m)   Confirmation (Project Category 216)
       (Fees:  $12,781.80; Hours:  16.20)

48.     This Project Category includes time spent reviewing materials relating to Plan Confirmation.  Specifically, Proskauer attorneys spent time researching and analyzing a variety of legal issues in preparation for the upcoming Debtor's plan confirmation, including interpretation of applicable PROMESA and Bankruptcy Code provisions, correlation between PROMESA and Puerto Rico law, creditors' rights and priority designations, due process, and confirmation standards and procedures.

(n)   Tax (Project Category 217)
       (Fees: $218,237.40; Hours: 276.60)

49.     This Project Category includes time spent on tax matters involving the Debtor.

Specifically, Proskauer attorneys and paraprofessionals spent time reviewing and analyzing a wide variety of tax related issues in connection with development of the Debtor's plan of adjustment, including, among others, legal entitlement to tax refunds and revenues and tax treatment of various types of trusts, and drafting and modifying tax related statements and disclosures in the Debtor's plan of adjustment and disclosure statement.

(o)   Employment and Fee Applications (Project Category 218)
      (Fees: $76,809.00; Hours: 199.90)

50.   This Project Category includes time spent on issues related to the compensation of Proskauer, and the retention and compensation of other Oversight Board professionals, including the preparation of monthly fee applications.   Specifically, Proskauer attorneys and paraprofessionals spent time:

- Preparing Proskauer's monthly fee statements and drafting Proskauer's sixth and seventh interim fee applications;
- Reviewing Fee Examiner's correspondence and reports relating to review of Proskauer's monthly fee statements and interim fee applications, and preparing for and participating in conferences with the Fee Examiner on issues relevant to same; and
- Reviewing and analyzing Judge Swain's order imposing additional presumptive standards for professionals' fee applications and its impact.

(p)   Appeal (Project Category 219)
      (Fees: $8,238.90; Hours: 11.10)

51.   This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys and paraprofessionals spent time conducting research for and drafting the Debtor's motion requesting a stay of the issuance of the First Circuit's mandate pending the Supreme Court's disposition of the petitions for writs of certiorari appealing the Appointments Clause decision.

    (q)   Fee Applications for Other Parties (Project Category 220)
        (Fees: $24,131.10; Hours: 31.90)

52.    This Project Category includes time spent on issues related to the compensation of other Oversight Board professionals, including the preparation of monthly fee applications. Specifically, Proskauer attorneys and paraprofessionals spent time reviewing, discussing, drafting and revising fee applications, fee statements, and dealing with related issues for various Board's professionals.

**II.**    **Matter No. 33260/034 (Commonwealth Title III – Healthcare)**

53.    This matter number covers time spent working on adversary proceedings involving healthcare and Medicaid claims in the Debtor's Title III Case, including *Asociacion de Salud Primaria v. Commonwealth*, Case No. 17–AP–227, *Atlantic Medical Center v. Commonwealth,* Case No. 17–AP–278, and *CSI v. Commonwealth*, Case Nos. 17–AP–292 and 17–AP–298, and on any appeals related thereto.

    (a)   General Administration (Project Category 212)
        (Fees: $5,373.00; Hours: 19.90)

54.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities, including maintaining the case calendar; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

    (b)   Appeal (Project Category 219)
        (Fees: $73,534.80; Hours: 93.20)

55.    This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent

not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Corresponding with the opposing counsel on issues related to the status of appeal in the First Circuit, researching appellate strategies, drafting responsive briefs in the consolidated the *Atlantic Medical Center* and the *CSI* matters, and reviewing and analyzing the appellants' reply brief; and
- Conducting research and analysis and drafting the Oversight Board's motion to dismiss the *Asociacion de Salud Primaria* appellate action for lack of appellate jurisdiction.

### III.   Matter No. 33260/035 (Commonwealth Title III – Appointments Clause)

56.   This matter number covers time spent working on the Appointments Clause motions and adversary proceedings filed in the Debtor's Title III Case, including *Assured v. FOMB*, Case No. 18–AP–087, and *Hernandez-Montañez v. FOMB,* Case No. 18–AP–090, and on any appeals related thereto (the "Appointments Clause Appeals").

(a)   Appeal (Project Category 219)
(Fees: $41,028.00; Hours: 52.00)

57.   This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing the Appointment Clause appeals to the U.S. Supreme Court and their implications on the Debtor's Title III Case; and
- Analyzing responses to the Oversight Board's motion to stay issuance of the mandate, the Supreme Court's decision to grant the certiorari petitions, and the First Circuit Court's decision to stay issuance of its mandate.

### IV.   Matter No. 33260/039 (Commonwealth Title III – Rule 2004)

58.   This matter number covers time spent working on Rule 2004 motions filed in the Debtor's Title III Case and any appeals related thereto.

37

(a)   Documents Filed on Behalf of the Board (Project Category 206)
       (Fees: $31,165.50; Hours: 39.50)

59.    This Project Category includes time spent drafting various pleadings filed on behalf

of the Debtor, to the extent not expressly covered by another Project Category.  Specifically,

Proskauer attorneys and paraprofessionals spent time reviewing and analyzing Ambac's motions

for Rule 2004 discovery related to the PRIFA rum taxes collected by the U.S. government and

remitted to the Commonwealth and discovery related to the Commonwealth's pension liabilities,

and drafting the Debtor's responses to the Ambac's Rule 2004 motions, related joint status report,

and joint motion to adjourn the hearing related to the discovery requests.

(b)   Stay Matters (Project Category 208)
       (Fees: $8,915.70; Hours: 11.30)

60.    This Project Category includes time spent analyzing and researching stay issues in

the Debtor's Title III Case and drafting various pleadings related to stay issues.  Specifically,

Proskauer attorneys and paraprofessionals spent time conducting research and drafting joint motion

to adjourn the hearing related to the discovery requests.

(c)   Analysis and Strategy (Project Category 210)
       (Fees: $141,305.40; Hours: 193.50)

61.    This Project Category includes time spent related to (a) legal analysis in, and

brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,

including (*i*) meetings to discuss strategic case considerations, the status of various work streams,

and next steps, and (*ii*) all Proskauer internal meetings, except those specifically dealing with an

issue covered by another Project Category.

## V.   Matter No. 33260/040 (Commonwealth Title III – Cooperativas)

62.    This matter number covers time spent working on challenges and adversary

proceedings brought by the Cooperativas in the Debtor's Title III Case, including *Cooperativa de*

*Ahorro y Credito Abraham Rosa v. Commonwealth*, 18–AP–028, and any appeals related thereto.

    (a)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
          (Fees: <u>$103,674.60</u>; Hours: <u>131.40</u>)

       63.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time drafting the Debtor's motion to dismiss the Cooperativas' amended complaint.

    (b)   <u>General Administration (Project Category 212)</u>
          (Fees: <u>$5,940.00</u>; Hours: <u>22.00</u>)

       64.     This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (b) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

## VI.   <u>Matter No. 33260/041 (Commonwealth Title III – Miscellaneous)</u>

       65.     This matter number covers time spent working on several different, miscellaneous motions and adversary proceedings, and any appeals related thereto. In this Compensation Period, items billed to this matter included, among other things, work on (*i*) *In re the Financial Oversight and Management Board for Puerto Rico, as representative of the Puerto Rico Public Buildings Authority* Title III case, Case No. 19–05523 (the "<u>PBA Title III Case</u>") conducted before PBA filed its petition; (*ii*) *Autonomous Municipality of Ponce v. FOMB*, Case No. 18–02194 (1st Cir.) (the "<u>AMP</u> Appeal"); (*iii*) *Pinto Lugo v. United States*, Case No. 18–AP–41 (the "<u>Pinto Lugo</u> Adversary Proceeding"); (*iv*) *UECFSE v. Commonwealth*, Case No. 18–AP–91 (the "<u>UECFSE</u> Adversary Proceeding"); (*v*) *Financial Oversight & Management Board for Puerto Rico v. Puerto Rico Public Buildings Authority*, Case No. 18–AP–0149 (the "<u>PBA</u> Adversary Proceeding"); (*vi*) *Gracia-*

*Gracia, Esq. v. FOMB,* Case No. 18–01463 (1st Cir.) (the "*Gracia-Gracia* Appeal"); and (*vii*)

*Natal-Albelo v. FOMB*, Case No. 19–AP–003 (the "*Natal-Albelo* Adversary Proceeding").

(a)   Legal Research (Project Category 202)
        (Fees: $35,742.90; Hours: 55.30)

66.   This Project Category includes time spent researching and analyzing legal issues, as

well as time spent drafting internal memoranda and/or draft briefs related to such research and

analysis, to the extent that such is not expressly covered by another Project Category.  Specifically,

Proskauer attorneys and paraprofessionals spent time:

- Researching and analyzing a variety of legal and procedural issues in connection
  with the Oversight Board's motion to stay the *PBA* Adversary Proceeding pending
  confirmation of the Commonwealth plan of adjustment and related omnibus reply
  in support;

- Researching and analyzing a variety of legal and procedural issues in anticipation
  of the PBA Title III Case filing.

(b)   Hearings and Other Non-Filed Communications with the Court (Project Category 203)
        (Fees: $14,044.20; Hours: 17.80)

67.   This Project Category includes time spent communicating with the Court and

reviewing the Court's communications and procedures.  Specifically, Proskauer attorneys and

paraprofessionals spent time preparing for and participating in the First Circuit Court oral argument

in the *Gracia-Gracia* and *AMP* Appeals and analyzing transcripts of the hearings.

(c)   Documents Filed on Behalf of the Board (Project Category 206)
        (Fees: $303,936.00; Hours: 391.40)

68.   This Project Category includes time spent drafting various pleadings filed on behalf

of the Debtor, to the extent not expressly covered by another Project Category.  Specifically,

Proskauer attorneys and paraprofessionals spent time:

- Conducting research and drafting the Oversight Board's opposition to the joint
  motion of PBA Funds, Assured and QTCB Noteholder Group for judgment on the
  pleadings, reviewing and analyzing the defendants' and intervenors' joint response
  to the Board's motions to dismiss or strike counterclaims, and drafting the Board's
  urgent motion for tolling and suspension of deadlines and the motion to stay the *PBA*

40

litigation pending confirmation of the Commonwealth plan of adjustment and related briefing in the *PBA* Adversary Proceeding;

- Conducting research and analysis and drafting the Title III petition and related exhibits, schedules, first day statement and other first day motions in connection with the PBA Title III Case filing;

- Reviewing and analyzing plaintiff's reply in support of the remand motion and the court order denying the remand and drafting a joint status report and joint motion to stay the *Natal-Albelo* Adversary Proceeding until the final resolution of the *Pinto-Lugo* appeal; and

- Drafting multiple informative motions and pleadings related to the extension of deadlines and other procedural and scheduling issues.

(d)  Non-Board Court Filings (Project Category 207)
     (Fees: $20,514.00; Hours: 26.00)

69.     This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing the court order granting the AAFAF's motion to intervene, plaintiff's reply brief in support of the remand motion, and Judge Dein's decision denying the remand in the *Natal-Albelo* Adversary Proceeding;

- Reviewing and analyzing multiple parties' responses and objections to the Oversight Board's motions to dismiss or strike counterclaims and to stay litigation pending confirmation of the Commonwealth plan of adjustment in the *PBA* Adversary Proceeding;

- Reviewing and analyzing Judge Swain's order granting motions to dismiss the amended complaint and allowing plaintiff to file the second amended complaint in the *Pinto Lugo* Adversary Proceeding, and its impact on the Debtor's other adversary litigation; and

- Reviewing and analyzing Judge Swain's order dismissing the *UECFSE* Adversary Proceeding and the First Circuit opinion in the *AMP* Appeal affirming Judge Swain's denial of the AMP's request to modify the automatic stay, and their impact on the Debtor's adversary litigation.

(e)  Stay Matters (Project Category 208)
     (Fees:  $64,885.80; Hours: 90.00)

70.     This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing newly filed lift stay requests involving the Commonwealth;
- Conducting research and analyzing stay and intervention issues in the Debtor's pending adversary proceedings;
- Communicating with AAFAF, claimholders, and their respective counsel regarding a variety of issues related to lift stay requests; and
- Drafting responses to lift stay motions and stipulations permitting modifications of the stay.

(f)     <u>Analysis and Strategy (Project Category 210)</u>
        (Fees: <u>$360,317.70</u>; Hours: <u>585.80</u>)

71.     This Project Category includes time spent related to (a) legal analysis in, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams, and next steps, and (b) all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(g)     <u>General Administration (Project Category 212)</u>
        (Fees:  <u>$39,444.00</u>; Hours:  <u>131.60</u>)

72.     This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

(h)     <u>Appeal (Project Category 219)</u>
        (Fees: <u>$204,351.00</u>; Hours: <u>259.00</u>)

73.     This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing underlying pleadings and appellate briefs, developing the oral argument strategy, and preparing for and participating in the oral argument in the *Gracia-Gracia* Appeal;

- Conducting research and analysis and drafting post-hearing letter pursuant to Rule 28(j) of the Federal Rules of the Appellate Procedure to First Circuit Court in the the *Gracia-Gracia* Appeal;

- Reviewing and analyzing reply brief of Autonomous Municipality of Ponce, developing the oral argument strategy, and preparing for and participating in the oral argument in the *AMP* Appeal; and

- Reviewing and analyzing appellant's sur-reply brief in opposition to the Oversight Board's motion to dismiss, the First Circuit Court order denying the dismissal, and its impact on the future litigation in the *Pinto-Lugo* Appeal.

## VII.   Matter No. 33260/060 (Commonwealth Title III – Assured)

74.     These matter numbers cover time spent working on the *Assured Guaranty Corp. v. Commonwealth*, Case No. 18–AP–59 (the "*Assured* Adversary Proceeding"), and any appeals related thereto.

(a)   Documents Filed on Behalf of the Board (Project Category 206)
    (Fees:  $36,767.40; Hours:  46.60)

75.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys and paraprofessionals spent time conducting research and drafting the Oversight Board's response to the UCC's motion to intervene and the joint motion for an order subjecting the *Assured* Adversary Proceeding to the stay set forth in the Mediation Order and deeming that the issues raised in the Adversary Proceeding shall be decided in conjunction with the confirmation proceedings on the Commonwealth Plan of Adjustment.

    (b)    <u>Analysis and Strategy (Project Category 210)</u>
            (Fees: <u>$56,886.90</u>; Hours: <u>72.10</u>)

76.    This Project Category includes time spent related to (a) legal analysis in, and strategic approach to, the Debtor's Title III Case and varied issues relating thereto, including meetings to discuss strategic case considerations, the status of various work streams, and next steps, and (b) all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

## VIII.   **Matter No. 33260/061 (Commonwealth Title III – Fiscal Plan/ Budget Litigation)**

77.    This matter number covers time spent related to challenges by the Commonwealth Government to fiscal plans and budgets certified by the Oversight Board, including *Rossello Nevares//Vásquez Garced v. FOMB*, Case No. 18–AP–080, *Rivera-Schatz v. FOMB,* Case No. 18–AP–081, and *FOMB v. Rossello Nevares/Vásquez Garced,* Case No. 19–AP–393 (in June of 2019 only; beginning July 1, 2019, see matter 33620/081), and on any appeals related thereto.

    (a)    <u>Legal Research (Project Category 202)</u>
            (Fees: <u>$58,386.00</u>; Hours: <u>74.00</u>)

78.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time researching a variety of legal issues related to the legislative history of PROMESA, public statements made by the Puerto-Rican Government, and potential causes of action and legal arguments in support of the Oversight Board's declaratory judgment action opposing implementation and enforcement by the legislature and AAFAF of a statute designated Law 29–2019, entitled the "Law to Reduce the Administrative Burden of Municipalities" ("<u>Law 29</u>").

    (b)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
          (Aggregate Fees: <u>$129,711.60</u>; Aggregate Hours:  <u>164.40</u>)

79.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time conferring with the Oversight Board, conducting research and analysis, and drafting the Oversight Board's adversary complaint for declaratory judgment preventing the legislature and AAFAF from implementing and enforcing Law 29.

    (c)   <u>Analysis and Strategy (Project Category 210)</u>
          (Fees:  <u>$201,510.60</u>; Hours:  <u>255.40</u>)

80.     This Project Category includes time spent related to (a) legal analysis in, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams, and next steps, and (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category.

    (d)   <u>General Administration (Project Category 212)</u>
          (Fees: <u>$2,943.00</u>; Hours: <u>10.90</u>)

81.     This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

    (e)   <u>Appeal (Project Category 219)</u>
          (Fees: <u>$133,972.20</u>; Hours: <u>169.80</u>)

82.     This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent

not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing underlying pleadings and appellate briefs, developing the oral argument strategy, and preparing for and participating in the oral argument in the *Rossello Nevares* Appeal; and

- Conducting research and analysis and drafting post-hearing letter pursuant to Rule 28(j) of the Federal Rules of the Appellate Procedure to First Circuit Court in the *Rossello Nevares* Appeal.

## IX.   Matter No. 33260/069 (Commonwealth – APPU v. University of Puerto Rico)

83.   This matter number covers time spent related to the challenge by the *Asociación Puertorriqueña de Profesores Universitarios* to the modifications made to the Retirement System of the University of Puerto Rico pursuant to the Oversight Board's recommendations, including *Asociación Puertorriqueña de Profesores Universitarios v. University of Puerto Rico*, Case No. 19–AP–0034 (the "*APPU* Adversary Proceeding"), and on any appeals related thereto.

(a)   Legal Research (Project Category 202)
   (Fees: $15,076.20; Hours: 19.70)

84.   This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time researching and analyzing a variety of legal issues in connection with the Oversight Board's motion to dismiss plaintiffs' amended complaint.

(b)   Documents Filed on Behalf of the Board (Project Category 206)
   (Fees: $180,150.00; Hours: 232.80)

85.   This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time conducting research and analysis, preparing

for and participating in a meet-and-confer session with opposing counsel, and drafting the Oversight

Board's motion to dismiss plaintiffs' amended complaint.

   (c)   <u>Analysis and Strategy (Project Category 210)</u>
       (Fees: <u>$8,994.60</u>; Hours: <u>11.40</u>)

86.    This Project Category includes time spent related to (a) legal analysis in, and

brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,

including engaging in meetings to discuss strategic case considerations, the status of various work

streams, and next steps, and (b) all Proskauer internal meetings, to the extent not expressly covered

by another Project Category.

   (d)   <u>General Administration (Project Category 212)</u>
       (Fees: <u>$4,023.00</u>; Hours: <u>14.90</u>)

87.    This Project Category includes time spent on general administration of the Debtor's

Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of

documents in court, including affidavits of service and service mailings; and (c) internal filing and

organization of case documents to ensure easy, fast and free accessibility by the Proskauer team,

the Debtor, and other parties in interest.

## X.   Matter No. 33260/072 (Commonwealth – GO & Guaranteed Bonds Lien Avoidance and Secured Status Complaints)

88.    This matter number covers time spent relating to the Commonwealth Title III

avoidance actions challenging the validity, enforceability, and extent of certain pre-petition liens of

the Commonwealth general obligation and guaranteed bonds, including *Commonwealth v.*

*Autonomy Master Fund Limited*, Case No. 2019–AP–0291, *Commonwealth v. Cooperativa de*

*Ahorro y Credito de Rincon*, Case No. 2019–AP–0292, *Commonwealth v. Ortiz de la Renta,* Case

No. 2019–AP–0293, *Commonwealth v. Martinez Sanchez,* Case No. 2019–AP–0294,

*Commonwealth v. Valdivieso,* Case No. 2019–AP–0295, *Commonwealth v. Friedman,* Case No.

2019–AP–0296, *Commonwealth v. Blackrock Financial Management, Inc.,* Case No. 2019–AP–0297, and on any appeals related thereto.

    (a)   <u>Communications with Claimholders (Project Category 204)</u>
           (Fees:  <u>$25,405.80</u>; Hours: <u>32.20</u>)

      89.    This Project Category includes time spent communicating with the Debtor's various claimholders.  Specifically, Proskauer attorneys and paraprofessionals spent time preparing for and participating in multiple meet-and-confer conferences with interested defendants related to discovery and case management issues and drafting and responding to multiple communications with claimholder defendants.

    (b)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
           (Fees:  <u>$92,313.00</u>; Hours:  <u>117.00</u>)

      90.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time conducting research and analysis and drafting the Commonwealth's and HTA's motions related to the service of process of the lien avoidance actions, joint status reports of the Debtors and certain defendants and the Debtors' proposed case management order, reviewing and analyzing defendants' responses to the adversary complaints and motions to dismiss, and drafting stipulations of dismissal of certain defendants and amended complaints.

    (c)   <u>Non-Board Court Filings (Project Category 207)</u>
           (Fees:  <u>$22,959.90</u>; Hours:  <u>29.10</u>)

      91.    This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time reviewing and analyzing responses to the Debtors' lien challenge complaints and motions to

dismiss, objections and responses to the joint status reports of the Debtors and certain defendants
and the Debtors' proposed case management order, Judge Dein's orders related to extension of
service of process deadlines and Judge Swain's orders on stay of actions and mandatory mediation,
and documents related to the status of service of process.

(d)    Stay Matters (Project Category 208)
        (Fees:  $8,126.70; Hours: 10.30)

92.    This Project Category includes time spent analyzing and researching stay issues in
the Debtor's Title III Case and drafting various pleadings related to stay issues.  Specifically,
Proskauer attorneys and paraprofessionals spent time reviewing and analyzing responses and
objections to the Board, UCC and Special Claims Committee's omnibus motion to extend time for
service and to stay certain adversary proceedings relating to certain GO Bonds, the Board's motion
to stay contested matters pending confirmation of Commonwealth plan of adjustment, and the
Board's supplemental urgent motion to stay, developing the Debtors' strategy for the omnibus
hearing on the stay issues, and analyzing Judge Swain's order staying adversary proceedings until
November 30, 2019.

(e)    Analysis and Strategy (Project Category 210)
        (Fees: $159,220.20; Hours: 201.80)

93.    This Project Category includes time spent related to (a) legal analysis in, and
brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,
including engaging in meetings to discuss strategic case considerations, the status of various work
streams, and next steps, and (b) all Proskauer internal meetings, to the extent not expressly covered
by another Project Category.

(f)    General Administration (Project Category 212)
        (Fees: $29,835.00; Hours: 110.50)

49

94.     This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

## XI.    Matter No. 33260/073 (Commonwealth –  AMBAC/PRIFA Stay-Relief  Motion)

95.     This matter number covers time spent relating to opposition to the *Ambac Assurance Corporation's Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (the "Ambac Lift Stay Motion") seeking a court order finding that the automatic stay does not apply to certain actions related to Puerto Rico Infrastructure Financing Authority ("PRIFA") bonds, or, in the alternative, lifting the automatic stay and allowing Ambac to pursue those actions [ECF No. 7176], and on any appeals related thereto.

(a)   Legal Research (Project Category 202)
      (Fees:  $14,002.80; Hours:  18.80)

96.      This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time researching and analyzing a variety of legal issues for the Oversight Board's motion to dismiss the Ambac Lift Stay Motion for lack of standing and for a subsequent Oversight Board's brief in opposition to the Ambac Lift Stay Motion.

(b)   Documents Filed on Behalf of the Board (Project Category 206)
      (Fees:  $371,776.80; Hours:  471.20)

97.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time conducting research and analysis and drafting

the Oversight Board's motion to dismiss the Ambac Lift Stay Motion and the Oversight Board's response and sur-reply in opposition to the Ambac Lift Stay Motion.

    (c)   Non-Board Court Filings (Project Category 207)
          (Fees: $19,961.70; Hours: 25.30)

98.    This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time reviewing and analyzing the Ambac Lift Stay Motion, Ambac's reply to the Oversight Board's opposition brief, responses and joinders by various parties to the Ambac Lift Stay Motion and to the Oversight Board's opposition, and related orders.

    (d)   Stay Matters (Project Category 208)
          (Fees: $40,475.70; Hours: 51.30)

99.    This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues. Specifically, Proskauer attorneys and paraprofessionals spent time developing the Oversight Board's strategy for the opposition to the Ambac Lift Stay Motion and preparing for the related hearing before Judge Swain.

    (e)   Analysis and Strategy (Project Category 210)
          (Fees: $116,535.30; Hours: 147.70)

100.    This Project Category includes time spent related to (a) legal analysis in, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams, and next steps, and (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category.

(f)   General Administration (Project Category 212)
       (Fees: $9,207.00; Hours: 34.10)

101.   This Project Category includes time spent on general administration of the Debtor's

Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of

documents in court, including affidavits of service and service mailings; and (c) internal filing and

organization of case documents to ensure easy, fast and free accessibility by the Proskauer team,

the Debtor, and other parties in interest.

(g)   Tax (Project Category 217)
       (Fees: $17,752.50; Hours: 22.50)

102.   This Project Category includes time spent on tax matters involving the Debtor.

Specifically, Proskauer attorneys and paraprofessionals spent time reviewing and analyzing the tax

related arguments of the Ambac Lift Stay Motion and conducting research for the Oversight

Board's opposition to same.

## XII.   Matter No. 33260/077 (Commonwealth –  Cooperativas v. COSSEC)

103.   This matter number covers time spent relating to the declaratory judgment action by

the Commonwealth cooperativas challenging the COSSEC's fiscal plans, *Cooperativa de Ahorro y*

*Crédito Abraham Rosa v. Public Corporation for the Supervision & Insurance of Cooperatives of*

*Puerto Rico (COSSEC)*, Case No. 19–AP–389 (the "COSSEC Adversary Proceeding"), and on any

appeals related thereto.

(a)   Communications with Claimholders (Project Category 204)
       (Fees: $7,968.90; Hours: 10.10)

104.   This Project Category includes time spent communicating with the Debtor's various

claimholders.  Specifically, Proskauer attorneys and paraprofessionals spent time communicating

with counsel for Cooperativas, drafting and revising the Oversight Board's response to the

Cooperativas' meet-and-confer letter, and preparing for and participating in the meet-and-confer call regarding Cooperativas' potential injunction action.

(b) Documents Filed on Behalf of the Board (Project Category 206)
(Fees: $100,360.80; Hours: 127.20)

105. This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time conducting research and analysis and drafting the Oversight Board's opposition to the Cooperativas' urgent motion for preliminary injunction, the Board's requests to stay all defendants' responses to the Cooperativas' complaint until the Court's decision on the plaintiffs' preliminary injunction motion, and to further extend the stay until the First Circuit Court of Appeals ruling on plaintiffs' appeal from the Court's denial of preliminary injunctive relief.

(c) Non-Board Court Filings (Project Category 207)
(Fees: $10,335.90; Hours: 13.10)

106.  This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time reviewing and analyzing the Cooperativas' complaint, plaintiffs' motions to seal the case and for preliminary injunction and responses thereto by various parties, and related orders by Judge Swain, Judge Dein, and the First Circuit Court of Appeals.

(d) Analysis and Strategy (Project Category 210)
(Fees: $61,778.70; Hours: 78.30)

107.  This Project Category includes time spent related to (a) legal analysis in, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work

streams, and next steps, and (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category.

(e)   General Administration (Project Category 212)
      (Fees: $6,966.00; Hours: 25.80)

108.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

(f)   Appeal (Project Category 219)
      (Fees: $12,387.30; Hours: 15.70)

109.    This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys and paraprofessionals spent time reviewing and analyzing the Cooperativas' appeals from the Court's orders denying their requests for the preliminary injunctive relief and for maintaining the case under seal.

## XIII.   Matter No. 33260/078 (Commonwealth – Puerto Rico Horse Owners' Association v. Commonwealth)

110.    This matter number covers time spent relating to the action by the Puerto Rico Horse Owners' Association (the "PRHOA") to recover monies from the Commonwealth for the incentives for the purchase of purebred horses at public sales, *Puerto Rico Horse Owners' Association, Inc. v. Commonwealth*, Case No. 19–AP–392 (the "PRHOA Adversary Proceeding"), and on any appeals related thereto.

(a)   Legal Research (Project Category 202)
     (Fees: $10,888.20; Hours: 13.80)

111.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time researching and analyzing a variety of legal issues related to the Puerto Rico horse racing related statutes and regulations for the Debtor's motion to dismiss the *PRHOA* Adversary Proceeding.

(b)   Documents Filed on Behalf of the Board (Project Category 206)
     (Fees: $107,067.30; Hours: 135.70)

112.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time conducting research and analysis and drafting the Debtor's motion to dismiss the PRHOA's amended complaint.

(c)   General Administration (Project Category 212)
     (Fees: $4,563.00; Hours: 16.90)

113.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

## XIV.   Matter No. 33260/081 (Commonwealth – *FOMB v. Rossello Nevares/Vásquez Garced*)

114.    This matter number covers time spent relating to the Oversight Board declaratory judgment action opposing implementation and enforcement by the Puerto Rico legislature and AAFAF of a statute designated Law 29–2019, entitled the *Law to Reduce the Administrative Burden*

*of Municipalities* ("Law 29"), *FOMB v. Rossello Nevares/Vásquez Garced,* Case No. 19–AP–393

(the "Law 29 Adversary Proceeding).

    (a)   Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants
          (Project Category 201)
          (Fees: 11,519.40; Hours: 14.60)

    115.    This Project Category includes time spent communicating with the Oversight Board,

and its other representatives, agents, and consultants, as well as preparing for and advising on fiscal

plans, public meetings, litigation and related issues. Specifically, Proskauer attorneys and

paraprofessionals spent time conferring with the Oversight Board and its other advisors regarding

the Law 29 Adversary Proceeding litigation strategy and communicating with AAFAF and the

Puerto Rico Government.

    (b)   Legal Research (Project Category 202)
          (Fees: $60,989.70; Hours: 77.30)

    116.    This Project Category includes time spent researching and analyzing legal issues,

as well as time spent drafting internal memoranda and/or draft briefs related to such research and

analysis, to the extent that such is not expressly covered by another Project Category. Specifically,

Proskauer attorneys and paraprofessionals spent time researching and analyzing a variety of legal

issues, including among many others, the legislative history of PROMESA, laws and regulations

of Puerto Rico, public statements made by the Puerto Rico Government, and legal arguments in

support of the Oversight Board declaratory judgment action and for the Oversight Board's

opposition to the defendants' motion to dismiss the Oversight Board's action and to multiple

motions for intervention by Puerto Rico Federation of Mayors and Association of Mayors.

    (c)   Hearings and Other Non-Filed Communications with the Court (Project Category 203)
          (Fees: $10,572.60; Hours: 13.40)

    117.    This Project Category includes time spent communicating with the Court and

reviewing the Court's communications and procedures. Specifically, Proskauer attorneys and

paraprofessionals spent time preparing for and attending the oral argument on defendants' motion to dismiss the Oversight Board's Law 29 complaint.

    (d)   <u>Communications with Claimholders (Project Category 204)</u>
           (Fees: <u>$9,862.50</u>; Hours: <u>12.50</u>)

118.    This Project Category includes time spent communicating with the Debtor's various claimholders.  Specifically, Proskauer attorneys and paraprofessionals spent time communicating with counsel for AAFAF and the Government on procedural and scheduling issues, preparing for and participating in a meet-and confer call to resolve the Law 29 complaint, and drafting multiple letters to AAFAF and the Government concerning their non-compliance with the Commonwealth certified fiscal plan and PROMESA provisions.

    (e)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
           (Fees: <u>$494,125.80</u>; Hours: <u>626.40</u>)

119.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time conducting research and analysis and drafting the Oversight Board's adversary complaint for declaratory judgment preventing the legislature and AAFAF from implementing and enforcing Law 29 as well as a related motion for expedited hearing, the Oversight Board's opposition to the defendants' motion to dismiss the Law 29 complaint, opposition to the multiple motions to intervene as defendants by the Federación de Alcaldes de Puerto Rico and Association de Alcaldes de Puerto Rico, and to multiple motions by the defendants to adjourn the hearing on motion to dismiss to give the defendants' counsel time to brief and consult with the new Puerto Rico Governor and to receive her guidance on Law 29 and other aspects of litigation.

    (f)   <u>Non-Board Court Filings (Project Category 207)</u>
           (Fees: <u>$49,391.40</u>; Hours: <u>62.60</u>)

120.    This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time reviewing and analyzing the Governor and AAFAF's motion to dismiss the Law 29 complaint, multiple motions to intervene as defendants by the Puerto Rico Federation of Mayors and Association of Mayors, multiple motions by the defendants to adjourn the hearing on the motion to dismiss and related orders by Judge Swain and Judge Dein, and the answer to Law 29 complaint filed by the defendants.

(g)    Analysis and Strategy (Project Category 210)
       (Fees: $248,061.60; Hours: 314.40)

121.    This Project Category includes time spent related to (a) legal analysis in, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams, and next steps, and (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category.

(h)    General Administration (Project Category 212)
       (Fees: $14,175.00; Hours: 52.50)

122.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

*       *       *       *

123.    The foregoing professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period were reasonable,

58

necessary, appropriate, and beneficial when rendered, facilitated the effective administration of the Debtor's Title III Case, and were in the best interests of the Oversight Board and the Debtor's creditors, residents, and other stakeholders.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, and tasks involved.  The professional services were performed with expedition and in an efficient manner.

124.     In accordance with the factors enumerated in the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Debtor's Title III Case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) Proskauer's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

**Actual and Necessary Expenses of Proskauer**

125.     Pursuant to the Guidelines, **Schedule 4** is Proskauer's summary of actual and necessary expenses incurred on behalf of the Oversight Board as representative of the Debtor during the Compensation Period.

126.     In accordance with paragraph C.13 of the Appendix B Guidelines and as more fully itemized in **Schedule 4**, Proskauer seeks reimbursement for its necessary and reasonable expenses, including: (a) reproduction, (b) online research, (c) delivery services and couriers, (d) local travel to and from airports, (e) out-of-town travel and lodging, (f) out-of-town meals, (g) transcription and translation services, (h) litigation support, and (i) professional services.  All expense entries detailed in **Exhibit B** comply with the requirements set forth in the Guidelines, including an itemization of the expenses by category, the date the expense was incurred, and the individual incurring the expense, where available.  The reasons for the expenses are self-

explanatory.  In compliance with Appendix B Guidelines paragraph C.13, the requested expenses are of the kind customarily charged to Proskauer's non-bankruptcy clients and by other comparable professionals.

127.    Proskauer generally charges from $0.10 (black and white) to $0.30 (color) per page for photocopying expenses.  The rates charged by the firm for Westlaw and Lexis computerized research vary according to the type of research conducted and the specific files researched, but, in any event, Proskauer does not profit from the use of computer assisted legal research, as set forth in **Schedule 4**.  As per the Appendix B Guidelines, Proskauer has not requested reimbursement of expenses related to overhead charges, such as secretarial services and proofreading.  The expenditures Proskauer is seeking reimbursement for and which are reflected on **Schedule 4** are all of the type customarily billed to clients.

128.    During the Compensation Period, Proskauer has disbursed **$292,282.61** as necessary and reasonable expenses.  These charges cover Proskauer's direct operating costs, which costs are not incorporated into the firm's hourly billing rates (because to do so would impose that cost upon clients who do not require extensive photocopying and other facilities and services).  Only clients who actually benefit from services of the kind set forth in **Exhibit B** are separately charged for such services.  Proskauer has made every effort to minimize its expenses in the Debtor's Title III Case. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to effectively serve the needs of the Debtor in its Title III case.

### Compensation Paid and Its Source

129.    All services for which Proskauer seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Oversight Board as representative of the Debtor.  In connection with the matters covered by this Application, Proskauer received no payment

and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor.  There is no agreement or understanding between Proskauer and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this Title III case.

130.    PROMESA sections 316 and 317 provide for interim compensation of professionals and govern the Court's award of such compensation.  PROMESA section 316 provides that a court may award a professional person employed by the Debtor or the Oversight Board under PROMESA "(1) reasonable compensation for actual, necessary services rendered by the professional person, or attorney and by any paraprofessional person employed by any such person; and (2) reimbursement for actual, necessary expenses."  PROMESA § 316(a).  Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(1) the time spent on such services;

(2) the rates charged for such services;

(3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

(4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

PROMESA § 316(c).

131.    As noted above, the professional services and expenditures for which Proskauer seeks compensation and reimbursement in this Application were necessary and beneficial to the Oversight Board, as representative of the Debtor, and included, among other things, anticipating or responding to the Oversight Board's needs and assisting in the Oversight Board's navigation of the Debtor's very complex Title III case.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Oversight Board.  The Oversight Board has reviewed and approved this Application.

## Reservations

132.    To the extent time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Proskauer has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Proskauer reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

## Notice

133.    Pursuant to the Interim Compensation Order, notice of this Application has been filed in the Debtor's Title III Case and served upon:

(a) the Financial Oversight and Management Board, 40 Washington Square South, Office 314A, New York, NY 10012, Attn: Professor Arthur J. Gonzalez, Oversight Board Member;

(b) attorneys for the Financial Oversight and Management Board as representative of The Commonwealth of Puerto Rico, O'Neill & Borges LLC,  250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Attn: Hermann D. Bauer, Esq. (hermann.bauer@oneillborges. com);

(c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square,  New  York,  NY  10036,  Attn:  John  J.  Rapisardi,  Esq.

(jrapisardi@omm.com), Suzzanne Uhland, Esq. (suhland@omm.com), and Diana M. Perez, Esq. (dperez@omm.com);

(d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muniz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan P.R. 00917, Attn.: Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com) and Carolina Velaz-Rivero Esq. (cvelaz@mpmlawpr.com);

(e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Commonwealth of Puerto Rico*);

(f) attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq. (lucdespins@paulhastings.com);

(g) attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com) and Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com);

(h) attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. (rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com); and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. (csteege@jenner.com) and Melissa Root, Esq. (mroot@jenner.com);

(i) attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq. (ajb@bennazar.org);

(j) the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda.pr.gov);

(k) attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo (elugo@edgelegalpr.com); and

(l) attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler (KStadler@gklaw.com).

Proskauer submits that, in light of the foregoing, no other or further notice need be provided.

WHEREFORE Proskauer respectfully requests that the Court issue an order (a) allowing interim compensation for professional services rendered during the Compensation Period in the amount of **$12,309,698.21**, which is comprised of (i) fees for professional services rendered in the amount of $11,293,301.10 and (ii) the Gross–Up Amount in the amount of $1,016,397.11,[15] and allowing reimbursement for actual and necessary expenses Proskauer incurred in connection with such services during the Compensation Period in the amount of **$292,282.61**; (b) authorizing and directing the Debtor to pay promptly to Proskauer the difference between (*i*) the amount of interim compensation for professional services rendered and reimbursement of expenses incurred during the Compensation Period allowed hereunder, and (*ii*) the amounts for such compensation and expenses previously paid to Proskauer, consistent with the provisions of the Interim Compensation Order; (c) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Proskauer's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application; and (d) granting Proskauer such other and further relief as is just and proper.

---

[15] Proskauer will only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount. As of the date of hereof, Proskauer has not requested payment of the Gross-Up Amount.

Dated: December 20, 2019
       San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
       ppossinger@proskauer.com
       ebarak@proskauer.com
       mzerjal@proskauer.com

-and-

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205

*/s/ Ubaldo M.  Fernández*
Ubaldo M. Fernández
USDC No. 224807
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board as Representative of the
Debtor*