UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:                                                    PROMESA
                                                          Title III

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of                             No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO                           (Jointly Administered)
et al.,

                 Debtors.[1]

-------------------------------------------------------------x

ORDER PARTIALLY AMENDING ORDER ADDRESSING THE FILING OF AN AMENDED REPORT BY
THE MEDIATION TEAM AND EXTENDING (A) STAY PERIOD, (B) MANDATORY MEDIATION,
AND (C) CERTAIN DEADLINES RELATED THERETO (DOCKET ENTRY NO. 9618),
AND
SETTING DEADLINE FOR FURTHER RESPONSES TO URGENT MOTION FOR EXTENSION OF
FILING DEADLINE FOR MEDIATION TEAM AMENDED REPORT (DOCKET ENTRY NO. 9638)

      The Court has received and reviewed the *Urgent Motion for Extension of Filing
Deadline for Mediation Team Amended Report* (Docket Entry No. 9638 in Case No. 17-3283,
the "Urgent Motion"), attached to this Order as Appendix A, filed by the Mediation Team
Leader. The Mediation Team Leader, for the reasons stated in the Urgent Motion, has requested
that the Court postpone the Mediation Team's deadline to file an Amended Report from January
10, 2020, to February 10, 2020, that responses in support of or objections to the Amended Report
be filed by February 21, 2020, and that the hearing in connection with the Amended Report be

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case
number and the last four (4) digits of each Debtor's federal tax identification number, as
applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth")
(Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii)
Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-
BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways
and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last
Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-
BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric
Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits
of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA")
(Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)
(Title III case numbers are listed as Bankruptcy Case numbers due to software
limitations).

adjourned from the omnibus hearing scheduled for January 29, 2020, to the omnibus hearing scheduled for March 4, 2020.

The Court is persuaded that the requested postponement of the deadline to file the Amended Report and adjournment of the related response and hearing dates are appropriate and in the best interests of the fair and efficient resolution of these Title III proceedings, and hereby grants the Mediation Team's request for an extension of those dates.  The Court's *Order Addressing the Filing of an Amended Report by the Mediation Team and Extending (a) Stay Period, (b) Mandatory Mediation, and (c) Certain Deadlines Related Thereto* (Docket Entry No. 9618 in Case No. 17-3283, the "Bridge Order") is hereby amended as follows:

> 1.    The deadline set forth in Paragraph 2 of the Bridge Order for the filing of the Amended Report is extended to **February 10, 2020, at 5:00 p.m. (Atlantic Standard Time)**;
>
> 2.    The deadline set forth in Paragraph 3 of the Bridge Order for responses or objections to the Amended Report is extended to **February 21, 2020, at 5:00 p.m. (Atlantic Standard Time)**;
>
> 3.    The date set forth in Paragraph 4 of the Bridge Order is changed from January 20, 2020, to **February 21, 2020**; and
>
> 4.    The hearing date set forth in Paragraph 5 of the Bridge Order is changed from January 29, 2020, to **March 4, 2020**.

The Mediation Team states in the Urgent Motion that the litigation deadlines set forth in the Court's *Interim Case Management Order* (Docket Entry No. 9619 in Case No. 17-3283, the "GO-PBA Bonds Order"), *Interim Case Management Order for Revenue Bonds* (Docket Entry No. 9620 in Case No. 17-3283, the "Revenue Bonds Order"), and *Interim Order Approving Amended Joint Stipulation Regarding the DRA Parties' Motion and Memorandum of Law in Support of Their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* (Docket Entry No. 9622 in Case No. 17-3283, the "DRA Order" and, collectively with the GO-PBA Bonds Order and the Revenue Bonds Order, the "Interim Orders") should remain in effect pending the proposed March 4, 2020, hearing date. The Mediation Team also requests that the provision of the Bridge Order that stays the Stayed Proceedings (as defined in footnote 3 to the Urgent Motion) until January 31, 2020 (see Bridge Ord. ¶ 6) be extended until March 11, 2020.  The Mediation Team states that Ambac Assurance Corporation and Financial Guaranty Insurance Company oppose continuation of the stay of *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning PRIFA Rum Taxes* (Docket Entry No. 7328 in Case No. 3283).

The Court invites any parties whose positions regarding the maintenance of the dates set forth in the Interim Orders and the continued stay of the Stayed Proceedings are not reflected in the Urgent Motion, and who have views they want the Court to consider in connection with the resolution of the outstanding aspects of the Urgent Motion, to file position statements regarding those matters.  Such position statements must be filed on or before **Friday,**

**December 27, 2019 at 12:00 p.m. (Atlantic Standard Time)**, which is **11:00 a.m. Eastern Standard Time**.


       SO ORDERED.

Dated:  December 23, 2019

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

**<u>Appendix A</u>**

Case:17-03283-LTS   Doc#:9639   Filed:12/23/19   Entered:12/23/19 14:12:50   Desc: Main
Document     Page 4 of 15

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

--------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

     Debtors.[1]

--------------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**Re: ECF No. 9618**

**URGENT MOTION FOR EXTENSION OF FILING DEADLINE FOR**
**MEDIATION TEAM AMENDED REPORT**

The Mediation Team appointed by the Court in the above-captioned Title III Cases

respectfully submits this urgent motion (the "Urgent Motion") to extend the deadline previously

established by the Court for submission of the Mediation Team's Amended Report (defined

below) and certain related deadlines.  In support thereof, the Mediation Team states as follows:

---

[1]     The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth")  (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the  Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).  The Title III cases commenced by the Commonwealth, COFINA, HTA, ERS, PREPA, and PBA are referred to herein as the "Title III Cases."

## I.    Jurisdiction and Venue

The United States District Court for the District of Puerto Rico has subject matter

jurisdiction over this matter pursuant to section 306(a) of the Puerto Rico Oversight,

Management, and Economic Stability Act ("PROMESA").

Venue is proper pursuant to section 307(a) of PROMESA.

## II.    Background

On July 24, 2019, the Court entered its *Order Regarding Stay Period and Mandatory*

*Mediation* [ECF No. 8244][2] (the "Stay Order"), which stayed the adversary proceedings and

contested matters identified in Appendix I of the Stay Order.[3]  On October 28, 2019, the Court

entered its *Order Granting Urgent Joint Motion of Oversight Board and AAFAF for Order*

*Extending (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related*

*Thereto* [ECF No. 9016], pursuant to which the stay provided for in the Stay Order was extended

until December 31, 2019, and certain related dates, including the date for the filing of the

Mediation Team's report, were also correspondingly extended.

---

[2]    All ECF numbers refer to filings in the Commonwealth's Title III Case, No. 17 BK 3283-LTS.

[3]    The contested matters and adversary proceedings listed on Appendix I to the Stay Order and those subjected to the stay by later order of the Court are referred to as the "Stayed Proceedings."  In addition to the contested matters and adversary proceedings listed on Appendix I of the Stay Order, the Stayed Proceedings include: (i) 18-AP-59; (ii) *The DRA Parties' Motion and Memorandum of Law in Support of their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* (Docket Entry No. 7643 in Case No. 17-3283); (iii) *Objection of Official Committee of Unsecured Creditors to Claim of Government Development Bank for Puerto Rico against Commonwealth of Puerto Rico [Claim Number 29,485]* (Docket Entry No. 8000 in Case No. 17-3283); and (iv) *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation for Adequate Protection or, in the Alternative, for Relief from the Automatic Stay* (Docket Entry No. 8536 in Case No. 17-3283).

On November 27, 2019, the Mediation Team filed its *Interim Report and Recommendation of the Mediation Team* [ECF No. 9365] (the "Interim Report").  The Interim Report reflected the Mediation Team's determination that, rather than submitting a comprehensive report and recommendation regarding scheduling and sequencing of all relevant issues in the Title III Cases, it was appropriate to address the scheduling and sequencing of only certain disputed issues that the Mediation Team believed should be allowed to proceed in the near term, pending the filing of an amended report.  On December 19, 2019, after notice and a hearing on the matter, the Court entered an order [ECF No. 9618] (the "Bridge Order") adopting this bifurcated report structure, requiring that the Mediation Team file an amended report (the "Amended Report") on or before January 10, 2020, and extending the stay as to matters not addressed in the Interim Orders (defined below) or prior orders of the Court.  However, the Bridge Order also permitted the Mediation Team to request further modification of the Amended Report filing deadline for good cause shown.

In connection with the Interim Report, and again, after notice and a hearing, the Court further entered, with certain modifications, interim scheduling orders substantially similar to the forms of order that had been attached as Exhibits 1, 2, and 3 to the Interim Report [as entered, ECF Nos. 9619, 9620 and 9622] (collectively, the "Interim Orders").  The Interim Orders, which reflect extensive input from parties involved in the drafting process, provide for the lifting of the litigation stay to allow for certain proceedings addressing the following critical issues to go forward: (i) the validity of certain challenged series of GO and PBA bonds, (ii) the secured or unsecured status of claims on GO and PBA bonds, and (iii) the rights, as against the Commonwealth, of holders of "revenue bonds" and other debt issued by certain Puerto Rico instrumentalities.

III.    **Recent Developments**

As the Interim Report indicated, mediation sessions in support of developing a more
consensual plan of adjustment for the Commonwealth of Puerto Rico, among other Title III
debtors, are continuing.  The negotiations being facilitated by the Mediation Team continue to be
productive and are not yet concluded.  These negotiations are difficult, multi-faceted, and
delicate.  The negotiations are currently at a critical juncture.

However, given understandable family commitments of necessary participants in the
mediation process during late December 2019 and early January 2020, the mediation process will
be delayed.  Moreover, if the current negotiations are successful, other parties will need to be
included in the mediation process in order to continue to attempt to build even broader consensus
around a possible amended plan of adjustment to be filed by the Financial Oversight and
Management Board for Puerto Rico (the "FOMB").  The Mediation Team expects to resume
mediation the week of January 6, 2020, and to continue mediation throughout January 2020 in
hopes that a significantly more consensual plan of adjustment can be negotiated.  Given where
we are and the number of other parties who will need to be included in future negotiations if the
current negotiations are successful, it would be counterproductive for the Mediation Team to file
its Amended Report on January 10, 2020.  Moreover, until there is more clarity on the question
of whether current (and possibly future) negotiations will be successful and will result in the
filing of an amended plan of adjustment by the FOMB, it is virtually impossible to provide this
Court with meaningful insight into what would be an appropriate and realistic schedule on which
to consider confirmation of such a plan.

## IV.    Relief Requested

For these reasons, the Mediation Team believes it necessary to delay the filing of its

Amended Report until February 10, 2020. If the Court agrees, the Mediation Team recommends

that responses in support of, or objections to, the Amended Report be filed on or before February

21, 2020. The Amended Report, along with responses and objections, could be heard on March

4, 2020, at the Court's regularly scheduled omnibus hearing.

The Mediation Team has discussed the possible month-long delay in the submission of its

Amended Report with numerous parties involved in the mediation process, as well as all parties

who raised objections to certain aspects of the Interim Report. The FOMB, the Government of

Puerto Rico, the Ad Hoc Group of General Obligation Bondholders, the Ad Hoc Group of

Constitutional Debt Holders, the Lawful Constitutional Debt Coalition, and the QTCB

Noteholder Group have agreed to the proposed amended schedule set forth above. The DRA

Parties, the Official Committee of Unsecured Creditors, and Peter Hein have no opposition to the

proposed amended schedule set forth above. Ambac Assurance Corporation ("Ambac") and

Financial Guaranty Insurance Company oppose the relief requested in this Urgent Motion, to the

extent that it contemplates Ambac's Motion for Entry of an Order Authorizing Discovery under

Bankruptcy Rule 2004 Concerning PRIFA Rum Taxes [ECF No. 7328] remaining subject to the

stay. While the Mediation Team Leader reached out to counsel for National Public Finance

Guaranty Corporation and Assured Guaranty Corporation to inquire as to their respective

positions on the possible delay, at the time of the filing of this Urgent Motion, no response had

been received.

That leaves the question of what happens to the Interim Orders given the delayed filing of

the Amended Report. As it relates to the interim order concerning GO and PBA bonds [ECF No.

5

9619], the Mediation Team understands that the above parties who responded agree that the

deadlines set forth in that order should remain in effect and be complied with pending a hearing

on the Amended Report. Similarly, as it relates to the interim order concerning revenue bonds

[ECF No. 9620], the Mediation Team understands that the above parties who responded agree

that the deadlines set forth in that order should remain in effect and be complied with pending a

hearing on the Amended Report. The Mediation Team also understands that the above parties

who responded agree that the interim order concerning the DRA Parties' motion for relief from

the automatic stay [ECF No. 9622] should remain in effect and be complied with pending a

hearing on the Amended Report. The Mediation Team agrees that the Interim Orders should be

complied with pending a hearing on the Amended Report.

Under the circumstances, and based on the foregoing representations of the Mediation

Team Leader, the Mediation Team submits that good cause exists to extend the deadline for the

submission of its Amended Report and those related deadlines addressed in this Urgent Motion

(but not the deadlines set forth in the Interim Orders).

## V.        No Prior Request

No prior request for the relief sought in this Urgent Motion has been made to this or any

other court.

## VI.       Local Rule 9013-1 Certification

Pursuant to Local Rule 9013-1 and paragraph I.H of the Case Management Procedures,

the Mediation Team hereby certifies that it has (a) carefully examined the matter and concluded

that there is a true need for an urgent motion, (b) not created the urgency through a lack of due

diligence, and (c) made reasonable, good faith communications in an effort to resolve or narrow

the issues being brought to the Court.

6

**WHEREFORE**, based on the foregoing, the Mediation Team requests that this Court

enter an order, substantially in the form attached hereto as Exhibit A, (i) extending the deadline

for submission of the Amended Report through February 10, 2020, (ii) extending the deadline for

the filing of responses in support of, or objections to, the Amended Report through February 21,

2020, (iii) setting a hearing to consider the Amended Report and responses/objections thereto for

March 4, 2020 at 9:30 a.m. (Atlantic Standard Time), (iv) directing that parties who filed

responses to the Interim Report meet and confer following submission of the Amended Report,

(v) directing that the deadlines and other requirements of the Interim Orders remain in effect and

be complied with pending the March 4, 2020 hearing, (vi) continuing the application of the stay

to those Stayed Proceedings that have not already been exempted from the stay by prior order of

the Court, and (vii) granting such further relief as the Court deems appropriate.

Dated: December 23, 2019                        Respectfully submitted,


                                                */s/ Barbara J. Houser*
                                                Honorable Barbara J. Houser
                                                Chief Judge, United States Bankruptcy
                                                Court for the Northern District of Texas
                                                Mediation Team Leader

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I caused the foregoing Urgent Motion to be filed

with the Clerk of the Court using the CM/ECF system, which will send notifications of such

filing to all CM/ECF participants in this case.

*/s/ Barbara J. Houser*
Honorable Barbara J. Houser
Mediation Team Leader

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

--------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

        Debtors.[1]

--------------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**Re: ECF No. 9618**

## [PROPOSED] ORDER GRANTING URGENT MOTION FOR EXTENSION OF FILING DEADLINE FOR MEDIATION TEAM AMENDED REPORT

Upon the *Urgent Motion for Extension of Filing Deadline for Mediation Team Amended Report* (the "Urgent Motion");[2] and the Court having found it has subject-matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the

---

[1]    The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). The Title III cases commenced by the Commonwealth, COFINA, HTA, ERS, PREPA, and PBA are referred to herein as the "Title III Cases."

[2]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the Urgent Motion.

Mediation Team provided adequate and appropriate notice of the Urgent Motion under the

circumstances and that no other or further notice is required; and upon the record herein, after

due deliberation thereon, the Court having found that good and sufficient cause exists for the

granting of the relief as set forth herein,

**IT IS HEREBY ORDERED THAT:**

1.      The Urgent Motion is GRANTED as set forth herein.

2.      If the parties cannot agree or come to substantial agreement with respect to

scheduling matters, the Mediation Team shall file the Amended Report on or before February 10,

2020, at 5:00 p.m. (Atlantic Standard Time).

3.      If the Amended Report is filed by the Mediation Team, any responses or

objections to the Amended Report shall be filed by February 21, 2020, at 5:00 p.m. (Atlantic

Standard Time).

4.      The parties who responded and/or objected to the Interim Report shall meet and

confer after the Mediation Team files the Amended Report and prior to the February 21, 2020

deadline for responses or objections to the Amended Report, with the aim of streamlining the

issues that will be raised in the responses and/or objections to the Amended Report and

coordinating briefing efforts.

5.      A hearing to consider (i) approval of any proposed scheduling order facilitated by

the Mediation Team, including final approval of the Interim Orders, (ii) the Amended Report, if

filed, and any responses and objections thereto, and (iii) the extent, if any, to which any or all of

the Stayed Proceedings that have not already been exempted from the stay by a prior order of the

Court shall be further stayed, is hereby set for March 4, 2020, in conjunction with the Omnibus

Hearing that is scheduled to commence at 9:30 a.m. (Atlantic Standard Time) on that date.

6.      To the extent not otherwise addressed pursuant to an order of the Court

subsequent to entry of the Stay Order, including one of the Interim Orders, the Stayed

Proceedings are stayed until March 11, 2020.

7.      All deadlines and other requirements of the Interim Orders remain in effect and

shall be complied with pending the March 4, 2020 hearing.

8.      The Mediation Team may request further modification of the Amended Report

deadline for good cause shown, and in such request may recommend further extension of the stay

of the Stayed Proceedings, along with appropriate other deadlines and/or hearing dates.

9.      The Court shall retain jurisdiction to hear and determine all matters arising from

the implementation of this Order.


Dated: _____, 20__                    _____
                                              HONORABLE LAURA TAYLOR SWAIN
                                              United States District Judge