## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | No. 17 BK 4780-LTS |
| SCIEMUS LIMITED, et al.<br><br>Plaintiffs,<br><br>-v-<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Adv. Pro. No. 3:19-AP-369 LTS |

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

as representative of

PUERTO RICO ELECTRIC POWER
AUTHORITY,

Defendant.

## RENEWED MOTION OF
## PUERTO RICO ELECTRIC POWER AUTHORITY FOR
## UNDISPUTED PAYMENT AND RELEASE OF INSURANCE PROCEEDS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), through the
Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as PREPA's
representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and
Economic Stability Act* ("PROMESA"), (collectively, "Defendants"), respectfully submit this
motion (the  "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the
"Bankruptcy Code"), made applicable in this Title III case by section 301(a) of PROMESA, and
Rule 9019 of the Federal Rules of Bankruptcy Procedure, made applicable in this Title III case by
section 310 of PROMESA, and consistent with and in furtherance of PROMESA section 305,
requesting entry of an order, substantially in the form annexed hereto as Exhibit A (the "Proposed
Order"), providing that:  (i) PREPA may accept from Plaintiffs ("Insurers") a payment of
$1,726,000 (the "Undisputed Payment")[2] as an undisputed payment of insurance proceeds under
certain commercial property insurance policies issued to PREPA by Plaintiffs for the policy period
May 15, 2014 to May 15, 2015 (the "Property Insurance"); (ii) no creditors of PREPA or other
parties shall be permitted to interfere with the transfer of the Undisputed Payment to PREPA or
PREPA's use of the Undisputed Payment at its discretion; (iii) the Plaintiffs shall not be subject to

---

[2] For the avoidance of doubt, all of the insurers who are underwriters on the Property Insurance (as that term is defined herein)
shall make their proportionate quota share percentage payment of the Undisputed Payment (as that term is defined herein) to
PREPA whether such insurers are parties to this litigation or not.

claims of PREPA's existing creditors or third parties with respect to the Undisputed Payment, and payment to PREPA shall satisfy Insurers' obligations under the Property Insurance with respect to the amount so paid; (iv) no creditor of PREPA or other party shall have any claim against Plaintiffs in respect of the obligation so satisfied by payment of the Undisputed Amount of $1,726,000; (v) Insurers shall not seek a refund, reimbursement, or claw-back of the Undisputed Payment or any portion thereof; (vi) Insurers retain all rights, remedies and defenses under the Property Insurance and at law; (vii) Defendants retain all further rights, remedies and defenses under the Property Insurance, including without limitation the right to seek additional amounts under the Property Insurance; and (vi) except as expressly stated therein, the Order shall not be interpreted to limit any party's rights.

**Preliminary Statement**

In this adversary proceeding, Plaintiffs/Insurers seek various declarations concerning the parties' rights, duties and liabilities under the Property Insurance in connection with damage to PREPA's storage tank in 2015 (the "Loss"). Plaintiffs allege that they only owe PREPA the Undisputed Payment, in the amount of $1,726,000, under the Property Insurance in connection with the Loss (Complaint at ¶ 4),[3] and through this adversary proceeding seek declarations that they have no further liability under the Property Insurance on account of the Loss. Although PREPA asserts it is owed substantially more under the Property Insurance, the parties agree the Undisputed Payment can and should be paid prior to adjudication of the balance of the issues in this case. As such, PREPA seeks an order approving the release of the Undisputed Payment.

PREPA intends to utilize the Undisputed Payment in its business operations. PREPA's creditors have no security interest in or liens upon PREPA's tangible property or proceeds thereof.

---

[3] Nothing herein is intended to admit or otherwise respond to the Insurers' Complaint, including the correct amount of Plaintiffs' liability for the Loss. Defendants' responsive pleading is currently due on January 31, 2020.

3

PREPA is therefore entitled to receive and use the Undisputed Payment free and clear of any claims or encumbrances asserted by any creditors.

## Jurisdiction and Venue

1.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2.      Venue is proper pursuant to PROMESA section 307(a).

3.      The statutory predicate for the relief sought herein is Bankruptcy Code section 105(a), consistent with and in furtherance of PROMESA section 305, made applicable in this Title III case by PROMESA section 301(a), and Rule 9019 of the Federal Rules of Bankruptcy Procedure, made applicable in this Title III case by PROMESA section 310.

## Background

### I.      Defendants Wish to Accept the Undisputed Payment for Damage to the Costa Sur Fuel Tank

4.      In 2015, one of the fuel tanks at PREPA's Costa Sur generation plant suffered damage.

5.      As discussed below, Defendants submit this Motion to facilitate the Undisputed Payment under the Property Insurance of $1,726,000 for damage to the fuel tank, while reserving the right to collect additional coverage amounts.  Plaintiffs consent to the relief requested herein and continue to reserve all rights as stated herein and maintain that no further payment is owed.

### II.     The Insurance Proceeds Are Not Available to Pay Creditors

6.      Insurers insured PREPA pursuant to certain insurance policies and/or slips with a policy period of May 15, 2014 to May 15, 2015 (the "Policies").  Each Insurer insured its quota-share percentage of the risk, subject to the Policies' terms, conditions, provisions and exclusions.

7.      PREPA asserts that the amount due from the Insurers is greater than the Undisputed Payment.  Insurers dispute this, but wish to make the Undisputed Payment without prejudice to PREPA's or Insurers' rights.  Insurers' Complaint offers to make the Undisputed Payment upon approval by this Court.  To expedite receipt of the Undisputed Payment, PREPA hereby seeks Court approval of the Undisputed Payment pursuant to the Proposed Order.

8.      PREPA is entitled to the full benefits of the Undisputed Payment: no other person or entity holds any interest in the property at issue, PREPA has not issued any certificates of insurance naming any other person or entity as a loss payee, and PREPA has not assigned the Property Insurance or its claims arising from the Loss to any person or entity.  Therefore, no person or entity other than PREPA has any right, title, or interest in any of the proceeds to be paid on account of the damage suffered by PREPA, and PREPA is entitled to the Undisputed Payment free and clear of any third-party claims.

9.      Further, holders of bonds issued by PREPA (the "Bonds") pursuant to that certain trust agreement, dated as of January 1, 1974 (as amended and supplemented from time to time, the "Trust Agreement"), between PREPA and U.S. Bank National Association, as successor trustee, do not have a claim against the Insurers arising from the Insurers' payment of the Undisputed Payment to PREPA.[4] Section 707 of the Trust Agreement provides that insurance proceeds remitted to PREPA are to be applied to the repair, replacement or reconstruction of damaged or destroyed property, and not to payment of the Bonds.  In pertinent part, Section 707 states:

> All such policies shall be for the benefit of the Authority, shall be made payable to the Authority and shall be deposited with the Treasurer, and the Treasurer shall have the sole right to receive the proceeds of such policies and to collect and receipt for claims

---

[4] This Court has previously granted a comparable motion requesting certain payments following Hurricanes Maria and Irma. *In re Financial Oversight and Management Board for Puerto Rico as Representative of Puerto Rico Electric Power Authority*, No. 17-bk-4780, ECF No. 514, December 20, 2017.

> thereunder. The proceeds of any and all such insurance shall be
> deposited by the Treasurer in the name of the Authority in a
> Depositary. . .

Trust Agreement § 707.

10.     PREPA will utilize the Undisputed Payment to pay for expenditures in connection

with its business operations.

**Relief Requested**

11.     By this Motion, Defendants seek an order confirming that, with respect to PREPA's

receipt and use of the Undisputed Payment, (i) PREPA may accept from Insurers the $1,726,000

Undisputed Payment of insurance proceeds under the Property Insurance;  (ii) no creditors of

PREPA or other parties shall be permitted to interfere with the transfer of the Undisputed Payment

to PREPA or PREPA's use of the Undisputed Payment at its discretion; (iii) the Plaintiffs shall not

be subject to claims of PREPA's existing creditors or third parties with respect to the Undisputed

Payment, and payment to PREPA shall satisfy Insurers' obligations under the Property Insurance

with respect to the amount so paid; (iv) no creditor of PREPA or other party shall have any claim

against Plaintiffs in respect of the obligation so satisfied by payment of the Undisputed Amount

of $1,726,000; (v) Insurers shall not seek a refund, reimbursement, or claw-back of the Undisputed

Payment or any portion thereof; (vi) Insurers retain all rights, remedies and defenses under the

Property Insurance and at law; (vii) Defendants retain all further rights, remedies and defenses

under the Property Insurance, including without limitation the right to seek additional amounts

under the Property Insurance; and (vi) except as expressly stated therein, the Order shall not be

interpreted to limit any party's rights.

12.     To facilitate the payment of the Undisputed Payment to PREPA, and in furtherance

of PROMESA section 305, Defendants seek entry of the requested order pursuant to Bankruptcy

Code section 105(a).  Moreover, to the extent required under PROMESA section 305, the Oversight Board has consented to the relief requested herein.

13.     Section 105(a) of the Bankruptcy Code provides, in relevant part, that: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a), the Court has expansive equitable powers to fashion any order or decree that carries out PROMESA. *See, e.g.*, *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *Bird v. Crown Convenience (In re NWFX, Inc.)*, 864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy . . . is that equitable principles govern."); *In re Cooper Properties Liquidating Trust, Inc.*, 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) ("[T]he Bankruptcy Court is one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

14.     Insurers require assurance that the Undisputed Payment to PREPA will not be subject to creditor claims, and that creditors may not otherwise pursue claims against the Insurers on account of the Undisputed Payment. The relief sought herein is similar in nature to that previously approved by the Court in connection with insurance proceeds paid to PREPA following Hurricanes Maria and Irma.[5]

15.     No party other than PREPA may claim an interest in the Undisputed Payment because PREPA is the named insured under the Property Insurance, PREPA is the owner of the property at issue, and PREPA has not authorized insurance payments to be made to any other

---

[5] *In re Financial Oversight and Management Board for Puerto Rico as Representative of Puerto Rico Electric Power Authority*, No. 17-bk-4780, ECF No. 514, December 20, 2017.

person or entity as a loss payee. Moreover, as set forth in section 707 of the Trust Agreement, the Property Insurance is for the benefit of PREPA.  Defendants respectfully request the Court's assistance in entering an Order providing the Insurers with comfort that they may release the Undisputed Payment.

*[Remainder of Page Left Intentionally Blank]*

Dated: December 26, 2019
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944
Email: hermann.bauer@oneillborges.com
Email: carla.garcia@oneillborges.com

Martin J. Bienenstock (*pro hac vice*)
Stephen L. Ratner (*pro hac vice*)
Timothy W. Mungovan (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
Email: mbienenstock@proskauer.com
Email: sratner@proskauer.com
Email: tmungovan@proskauer.com

Marc Eric Rosenthal (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
70 West Madison
Suite 3800
Chicago, IL 60602-4342
Tel:  (312) 962-3550
Fax:  (312) 962-3551
mrosenthal@proskauer.com
pposinger@proskauer.com

*Attorneys for the Financial Oversight and
Management Board as representative of the
Puerto Rico Electric Power Authority*

*/s/Eduardo J. Corretjer Reyes*
USDC-PR 224113
**CORRETJER, L.L.C**
625 Ponce de León Ave.
San Juan, Puerto Rico  00917-4819
Tel:  (787) 751-4618
Fax:  (787) 759-6503
E-Mail:  ejcr@corretjerlaw.com


Shelby S. Guilbert, Jr.
(*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Atlanta, GA  30309
Tel:  (404) 572-4600
Fax:  (404) 572-5100
E-Mail:  sguilbert@KSLAW.com


*Attorneys for the Puerto Rico Electric Power
Authority*

## Exhibit A

**Proposed Order**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[6] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | No. 17 BK 4780-LTS |
| SCIEMUS LIMITED, et al.<br><br>Plaintiffs,<br><br>-v-<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Adv. Pro. No. 3:19-AP-369 LTS |

[6] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747); ); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

|  | as representative of |
|---|---|
|  | PUERTO RICO ELECTRIC POWER AUTHORITY, |
|  | Defendant. |

### [PROPOSED] ORDER GRANTING RENEWED MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY FOR UNDISPUTED PAYMENT AND RELEASE OF INSURANCE PROCEEDS

Upon consideration of *the Renewed Motion of Puerto Rico Electric Power Authority For Undisputed Payment and Release of Insurance Proceeds* (the "Motion"),[7] filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Puerto Rico Electric Power Authority ("PREPA") in this Title III case pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101-2241; and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found the relief requested in the Motion is in the best interests of PREPA, its creditors, and other parties in interest; and Plaintiffs having consented to the relief requested by the Motion; and the Court having found the Oversight Board and PREPA provided adequate and appropriate notice of the Motion under the circumstances and no other or further notice is required; and upon the record herein, after due deliberation thereon, the Court having found good and sufficient cause exists for granting the relief as set forth herein,

**IT IS HEREBY FOUND, DETERMINED, AND ORDERED:**

1.      The Motion is GRANTED as set forth herein.

---

[7]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

2.      Insurers shall promptly pay the Undisputed Payment of $1,726,000 to PREPA under the Property Insurance on account of the Loss.

3.      No creditor of PREPA or other party shall interfere with the transfer of the Undisputed Payment to PREPA or PREPA's use of the Undisputed Payment at its discretion.

4.      Plaintiffs shall not be subject to claims of PREPA's existing creditors or third parties with respect to the payment of the Undisputed Payment to PREPA in accordance with this Order, and payment of the Undisputed Payment of $1,726,000 to PREPA shall satisfy Insurers' obligations under the Property Insurance with respect to the amount so paid.  No creditor of PREPA or other party shall have any claim against Plaintiffs in respect of the obligation so satisfied by payment of the Undisputed Amount of $1,726,000.

5.      Insurers shall not seek a refund, reimbursement, or claw-back of the Undisputed Payment or any portion thereof;

6.      Insurers retain all rights, remedies and defenses under the Property Insurance and at law.

7.      Defendants retain all further rights, remedies, claims, and defenses under the Property Insurance, including, without limitation, the right to seek additional amounts under the Property Insurance.

8.      Except as expressly stated herein, this Order shall not be interpreted to limit any party's rights.

9.      Immediately upon entry by the Court of this Order, PREPA is authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted herein.

3

10.     The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

Dated:_____

_____
HON. LAURA TAYLOR SWAIN
United States District Judge