UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- x
In re:                                                        :
                                                              :
THE FINANCIAL OVERSIGHT AND                                   :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                             :   Title III
                                                              :
      as representative of                                  :   Case No. 17-BK-3283 (LTS)
                                                              :
THE COMMONWEALTH OF PUERTO RICO *et al.*,                     :   (Jointly Administered)
                                                              :
      Debtors.[1]                                          :
---------------------------------------------------------------------- x

**POSITION STATEMENT OF OFFICIAL COMMITTEE OF
UNSECURED CREDITORS REGARDING MEDIATION TEAM'S URGENT
MOTION FOR EXTENSION OF FILING DEADLINE FOR MEDIATION
TEAM AMENDED REPORT [DOCKET NO. 9638]**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[2] hereby files, in accordance with the Court's order, dated December 23, 2019 [Docket No. 9639], this position statement (the "Position Statement") regarding the *Urgent Motion for Extension of Filing Deadline for Mediation Team Amended Report* [Docket Entry No. 9638] (the "Urgent Motion").[3]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[3] Capitalized terms used but not defined herein have the meanings set forth in the Urgent Motion.

**POSITION STATEMENT**

1. As indicated by the Mediation Team in its Urgent Motion, the Committee does not oppose the one-month extension of the deadline for the Mediation Team to file its Amended Report, or the one-month extension of the related response deadline and hearing date. The Committee also agrees with the Mediation Team that (a) the *Interim Case Management Order* [Docket No. 9619] (the "GO-PBA Bonds Order"), (b) the *Interim Case Management Order for Revenue Bonds* [Docket Entry No. 9620] (the "Revenue Bonds Order"), and (c) the *Interim Order Approving Amended Joint Stipulation Regarding the DRA Parties' Motion and Memorandum of Law in Support of Their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* [Docket Entry No. 9622] (the "DRA Order" and, together with the GO-PBA Bonds Order and the Revenue Bonds Order, the "Interim Orders") should remain in effect pending the proposed March 4, 2020 hearing date on the approval of the Amended Report (although the Committee believes that the Interim Orders should remain in effect even after that date).

2. The Committee nevertheless files this Position Statement to address two points. First, as the Committee previously noted in its limited response to the Interim Report [Docket No. 9505], the Committee agrees with the Mediation Team that "fundamental and pivotal" matters having the potential to drive the overall restructuring in these Title III cases should move forward now and that the matters identified in the Interim Orders are among such matters. As further noted in its limited response, the Committee believes that there are certain additional "fundamental and pivotal" matters that also should move forward as soon as possible, including, for example, a determination as to the priority of more than $13 billion in general obligation bonds and the pending adversary proceeding challenging the nature of the purported "leases"

3

between the Public Buildings Authority and the Commonwealth. While the Committee appreciates the efforts of the Mediation Team to build a broad consensus for a Commonwealth plan of adjustment, the Committee is concerned about the repeated delay in moving these additional "fundamental and pivotal" matters forward. Accordingly, the Committee reserves all its rights to object to any future requests to extend the date to file the Amended Report, extend the current mediation stay, and/or hold the Interim Orders in abeyance.

3. Second, because the Court has granted the Mediation Team's request to further extend the deadline to file the Amended Report as well as the related response deadline and hearing date, the Committee believes that certain modifications should be made to the Court's December 19, 2019 order [Docket No. 9618] regarding the service of that order. As the Court will recall, its December 19, 2019 order extended the deadline to file the Amended Report to January 10, 2019, the related response deadline to January 20, 2019, and the hearing thereon to January 29, 2019. Moreover, that order required the Committee to cause Prime Clerk, within five (5) business days after December 31, 2019 (but not earlier), to serve copies of that order upon the GO and PBA bondholders affected by the claims objections filed by the Oversight Board and/or the Committee. Since the Court has now moved that timetable back by an additional month, the Committee believes that serving the December 19, 2019 order on the affected GO and PBA bondholders would be confusing. Instead, the Committee submits that, rather than the December 19, 2019 order, it is the Court's most recent scheduling order, dated December 23, 2019 [Docket No. 9639], that should be so served on GO and PBA bondholders affected by the pending claim objections.

4. Finally, and irrespective of the Urgent Motion, the Committee continues to be concerned, to say the least, with the Oversight Board's failure to comply with its obligations

4

under that certain cooperation agreement, dated as of January 14, 2019 (the "Cooperation Agreement"), including the Oversight Board's obligation to consult with the Committee regarding any potential settlement of any claim relating to the Oversight Board's and Committee's joint objection to more than $6 billion in general obligation bonds issued in 2012 and 2014 [Docket No. 4784] (the "2012-2014 GO Claims Objection"). Among other things, the Cooperation Agreement provides that "[t]he FOMB will consult with the Committee in good faith regarding any potential settlement of any claim to which the [2012-2014 GO Claims Objection] relates . . . ." Cooperation Agreement ¶ 8. The Committee reserves all its rights in regard to the Oversight Board's failure to consult with the Committee regarding any settlement discussions related to the 2012-2014 GO Claims Objection.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that the Court take notice of the foregoing.

Dated: December 27, 2019

By: /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

and

By: /s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC-PR 218312)
Luis F. Llach Zúñiga, Esq. (USDC-PR 223112)
Israel Fernández Rodríguez, Esq. (USDC-PR 225004)
Juan C. Nieves González, Esq. (USDC- PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC-PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
lllach@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*