# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------- X
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.,* : (Jointly Administered)
:
Debtors.[1] :
---------------------------------------------------------------- X
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
as representative of : Case No. 17-BK-4780 (LTS)
:
PUERTO RICO ELECTRIC POWER AUTHORITY : **This filing relates only to**
: **Case No. 17-BK-4780 (LTS)**
:
Debtor. :
---------------------------------------------------------------- X

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED RESPONSE TO URGENT UNOPPOSED MOTION OF GOVERNMENT PARTIES FOR NINTH REVISED ORDER EXTENDING AND ESTABLISHING CERTAIN DEADLINES APPLICABLE TO THE JOINT MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY AND AAFAF PURSUANT TO BANKRUPTCY CODE SECTIONS 362, 502, 922, AND 928, AND BANKRUPTCY RULES 3012(A)(1) AND 9019 FOR ORDER**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**APPROVING SETTLEMENTS EMBODIED IN THE RESTRUCTURING SUPPORT AGREEMENT**

To the Honorable United States District Judge Laura Taylor Swain:

1. The Official Committee of Unsecured Creditors (the "Committee")[2] submits this limited response to the *Urgent Unopposed Motion of Government Parties for Ninth Revised Order Extending and Establishing Certain Deadlines Applicable to the Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922 and 928, and Bankruptcy Rules 3012(A)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement [ECF No. 1235]* (ECF No. 1844 in Case No. 17-4780) filed December 26, 2019 (the "Motion").

2. As stated in the Motion, the Committee does not object to the proposed revised litigation schedule. The Committee submits this limited response, however, to voice its concern that certain of the evidence the Government Parties[3] have produced in discovery and/or rely upon in their filings in support of the 9019 Motion may become stale by the time of the eventual hearing on the 9019 Motion (if it has not become stale already). Indeed, assuming the hearing occurs during the last week of March or the first week of April 2020 (as requested in the Motion), more than ten months will have then passed since the Government Parties originally filed the 9019 Motion, and at least seven months will have passed since the Government Parties made the bulk of their document productions to the Committee.[4] Over this time, various events

---

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[3] Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

[4] While the Government Parties finished their productions in August and September 2019, the date the underlying documents were collected from custodians was even earlier.

2

and developments have occurred and/or are continuing to occur about which the Committee is entitled to discovery in response to its original discovery requests.[5]

3.  The Committee believes it is entitled to obtain such additional discovery as a result of the Government Parties' supplemental production obligations under Federal Rule of Civil Procedure 26(e) and has approached the Government Parties about obtaining a limited additional document production on this basis. If these efforts prove unsuccessful, the Committee reserves the right to seek relief from the Court through the filing of an appropriate motion.

4.  Finally, the Committee wishes to make clear that, although it does not oppose the relief sought in the Motion, the adjournment of the hearing and any accompanying delay in the resolution of the 9019 Motion are solely the responsibility of the Government Parties. The Committee has not sought the adjournment and reserves all rights regarding (i) any further request to amend the schedule for the 9019 Motion, and (ii) the effect that any delay in the litigation may have on the merits of the relief sought in the 9019 Motion.

[*Remainder of page intentionally left blank*]

---

[5] For example, in the declarations they filed on December 6, 2019 in support of the 9019 Motion, the Government Parties touted certain recent developments related to the transformation process regarding which they have not yet produced basic documentation. *See, e.g.,* Jaresko Decl. ¶ 38 (relevant passage redacted by Government Parties for confidentiality). In addition, although the Government Parties originally stated in this litigation that they desired to hold a hearing on the 9019 Motion as soon as possible and repeatedly disclaimed any link between the timing of the hearing and the status of the Puerto Rico legislative process, counsel for AAFAF recently identified precisely such a linkage. *See* Dec. 11, 2019 Hr'g Tr. at 22:22-24 ("Th[e] legislative process may have some impact on the timing of the 9019 motion with respect to the RSA, and if it does, we will certainly let the Court know."). The Government Parties expressly confirmed this link (as well as a link between the timing of the hearing and the status of the transformation process) in the Motion. These developments have undoubtedly given rise to the generation of information that is both responsive to the Committee's existing discovery requests and highly relevant to the hearing.

Dated: December 27, 2019

/s/ Luc A. Despins            .
PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Tel: (212) 318-6000
lucdespins@paulhastings.com

Nicholas A. Bassett, Esq. (*Pro Hac Vice*)
875 15th Street, N.W.
Washington, D.C. 20005
Tel: (202) 551-1700
nicholasbassett@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA and PBA)*

- and -

/s/ Juan J. Casillas Ayala
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA and PBA)*