UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------x

AMENDED AND RESTATED ORDER ADDRESSING THE FILING OF AN AMENDED
REPORT BY THE MEDIATION TEAM AND EXTENDING (A) STAY PERIOD,
(B) MANDATORY MEDIATION, AND (C) CERTAIN DEADLINES RELATED THERETO

    The Mediation Team filed its *Interim Report and Recommendation of the Mediation Team* (Docket Entry No. 9365 in Case No. 17-3283, the "Interim Report") on November 27, 2019, in which it provided interim scheduling orders for certain contested matters and adversary proceedings addressing critical issues in the Title III cases and explained why it was not able to address scheduling with respect to all of the issues identified by this Court in its *Order Regarding Stay Period and Mandatory Mediation* (Docket Entry No. 8244 in Case No. 17-3283, the "Stay Order") at that time. Through the Interim Report, the Mediation Team

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

requested this Court's entry of the Interim Orders[2] pending a hearing on its proposed Amended Report, along with the entry of an order (i) extending the stay of the contested matters and adversary proceedings listed on Appendix I to the Stay Order and otherwise subjected to the stay by later order of the Court (collectively, the "Stayed Proceedings"),[3] except to the extent inconsistent with an order of the Court subsequent to entry of the Stay Order, including one of the Interim Orders, (ii) extending mandatory mediation to permit parties to continue to participate in discussions and communications facilitated by the Mediation Team, and (iii) extending certain dates and deadlines related thereto. The Court entered its *Order Addressing the Filing of an Amended Report by the Mediation Team and Extending (a) Stay Period, (b) Mandatory Mediation, and (c) Certain Deadlines Related Thereto* (Docket Entry No. 9618, the "Amended Report Order") on December 19, 2019. On December 23, 2019, the Mediation Team filed the *Urgent Motion for Extension of Filing Deadline for Mediation Team Amended Report* (Docket Entry No. 9638 in Case No. 17-3283, the "Extension Motion"). The Court granted the Extension Motion to the extent that it sought to delay the filing of the Amended Report and the response deadline and hearing date with respect to the Amended Report, and ordered parties to file position statements concerning the dates set forth in the Interim Orders and the continued stay of the Stayed Proceedings. (Docket Entry No. 9639 in Case No. 17-3283, the "December 23 Order"). The Court has reviewed the timely filed position statements, which included a motion for reconsideration of the December 23 Order to the extent that order granted the Extension Motion.

The Court, having reviewed carefully all of the parties' submissions, hereby amends, restates and amplifies the Amended Report Order, ordering that:

1. The Interim Orders (with modifications deemed appropriate by the Court after consideration of the proposed Interim Orders and objections thereto) be entered subject to being (i) modified following the hearing on the Amended Report, (ii) set aside in their entirety following the hearing on the Amended Report, or (iii) made final following the hearing on the Amended Report. The Interim Orders were entered on December 19, 2019. (Docket Entry Nos. 9619, 9620, and 9622 in Case No. 17-3283.)

---

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Interim Report.

[3] In addition to the contested matters and adversary proceedings listed on Appendix I of the Stay Order, the Stayed Proceedings also include: (i) 18-AP-59; (ii) *The DRA Parties' Motion and Memorandum of Law in Support of Their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* (Docket Entry No. 7643 in Case No. 17-3283); (iii) *Objection of Official Committee of Unsecured Creditors to Claim of Government Development Bank for Puerto Rico Against Commonwealth of Puerto Rico [Claim Number 29,485]* (Docket Entry No. 8000 in Case No. 17-3283), and (iv) *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation for Adequate Protection or, in the Alternative, for Relief from the Automatic Stay* (Docket Entry No. 8536 in Case No. 3283).

2. If the parties cannot agree or come to substantial agreement with respect to scheduling orders and other matters, the Mediation Team shall file the Amended Report on or before **February 10, 2020 at 5:00 p.m. (Atlantic Standard Time)**.

3. If the Amended Report is filed by the Mediation Team, any responses or objections to the Amended Report shall be filed by **February 21, 2020 at 5:00 p.m. (Atlantic Standard Time)**.

4. The parties who responded and/or objected to the Interim Report shall meet and confer after the Mediation Team files the Amended Report and prior to the February 21, 2020 deadline for responses or objections to the Amended Report, with the aim of streamlining the issues that will be raised in the responses and/or objections to the Amended Report and coordinating briefing efforts.

5. Except as provided in paragraph 7 below, the hearing to consider (i) approval of any proposed scheduling order facilitated by the Mediation Team, including the Interim Orders, (ii) the Amended Report, if filed, and any responses and objections thereto, and (iii) the extent, if any, to which any or all of the Stayed Proceedings not already exempted from the stay by a final order of the Court shall be further stayed, is hereby set for **March 4, 2020**, in conjunction with the Omnibus Hearing that is scheduled to commence at **9:30 a.m. (Atlantic Standard Time)** on that date.

6. To the extent not otherwise addressed pursuant to an order of the Court subsequent to entry of the Stay Order, including one of the Interim Orders, the Stayed Proceedings are stayed until **March 11, 2020**.

7. The *Objection, Motion for Reconsideration Regarding ECF No. 9639, and Reservation of Rights of Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation with Respect to Urgent Motion for Extension of Filing Deadline for Mediation Team Amended Report (ECF No. 9638)* (Docket Entry No. 9655 in Case No. 17-3283, the "Assured/National Response") is denied insofar as it seeks reconsideration of the December 23 Order. However, a hearing to address any arguments concerning the continuation of the provisions of, and proposed amendments to, the Revenue Bonds Order (as defined in the December 23 Order) pending the March 4, 2020, hearing is hereby set for **January 29, 2020**, in conjunction with the Omnibus Hearing that is scheduled to commence at **9:30 a.m. (Atlantic Standard Time)** on that date. Objections to the continuation of any provisions of the Revenue Bonds Order pending the March 4, 2020, hearing shall be filed by **January 21, 2020 at 5:00 p.m. (Atlantic Standard Time)**. Responses to any such objections shall be filed by **January 27, 2020 at 5:00 p.m. (Atlantic Standard Time)**. The Assured/National Response is overruled in all other respects, without

    prejudice to the renewal of arguments raised therein in connection with the January 29, 2020, hearing.

8. The Mediation Team may request further modification of the Amended Report deadline for good cause shown, and in such request may recommend further extension of the stay of the Stayed Proceedings, along with appropriate other deadlines and/or hearing dates.

9. The UCC shall cause Prime Clerk, within five (5) business days after December 31, 2019 (but not earlier), to serve copies of this Order upon (a) all individuals and entities who filed proofs of claim that are reflected on Prime Clerk's database as "bond claims" against the Commonwealth, (b) all individuals and entities who submitted Notices of Participation in accordance with the *Order, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, Establishing Initial Procedures with Respect to Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Granting Related Relief* (Docket Entry No. 5143 in Case No. 17-3283), and (c) all individuals and entities who are beneficial holders of (i) the 2011 GO Bonds, (ii) the PBA Bonds, and/or (iii) the 2012 A GO Bonds, the 2012 B GO Bonds, or the 2014 GO Bonds (each as defined in the UCC's Omnibus Claim Objections filed as Docket Entry Nos. 4784, 7057, and 8141 in Case No. 17-3283) in the manner described in the *Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection Notice Upon Beneficial Holders of Challenged GO Bonds*, annexed as Exhibit A to the *Informative Motion of (I) Financial Oversight and Management Board, Acting Through the Special Claims Committee, and (II) The Official Committee of Unsecured Creditors Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of Challenged GO Bonds* (Docket Entry No. 5049 in Case No. 17-3283).

10. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

    SO ORDERED.

Dated: December 27, 2019

                                                         /s/ Laura Taylor Swain
                                                         LAURA TAYLOR SWAIN
                                                         United States District Judge