Objection Deadline: January 13, 2020 at 4:00 P.M.(AST)
Hearing Date: January 29, 2020 at 9:30 A.M. (AST)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.<br><br>Debtors[1]. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor[2]. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS<br><br>THIS PLEADING RELATES ONLY TO THIS TITLE III CASE[2] |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW, FDR 1,500 CORP. ("FDR") through the undersigned legal counsel, and respectfully avers and prays to request the modification of the automatic stay over the Puerto Rico

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] This clarification is made in accordance to the Court's Order (A) Pursuant to PROMESA Section 304(G), Directing Joint Administration of Initial Title III Cases and Additional Title III Cases, and (B) Pursuant to Section 105(A) of The Bankruptcy Code, Making Certain Orders Entered on First Day Pleadings Applicable to the Additional Title III Cases. See, Docket No. 167 at ¶ 5 of p. 4.

Highways and Transportation Authority ("HTA" or the "Debtor") in order to allow FDR to continue with the eminent domain action filed by the Debtor against real estate property owned by FDR, before the Puerto Rico Court of First Instance, Superior Court of San Juan, in the case captioned "*Autoridad de Carreteras y Transportación de Puerto Rico v. Adqusición de 3.394.0141 metros cuadrados de terreno radicados en el Barrio Guzmán Abajo del término municipal de Río Grande Puerto Rico*", Civil No. K EF2010-0522 (the "State Court Action" or the "Complaint").

BACKGROUND

FDR was the owner of a real estate (the Property) consisting of 17,217.96 square meters located in the municipality of Rio Grande, Puerto Rico, and a portion of the Property, consisting of 3,394.0141 square meters, was expropriated by the Highway Authority of the Commonwealth of Puerto Rico ("HTA") in the eminent domain case initiated by the latter on December 9, 2010 for the construction with federal funds of a public project known as Express Road 66 (Ruta 66).

As a result of the works done during the construction of Ruta 66, access to the remainder of the Property (consisting of 13,823.9459 square meters) was closed, leaving it with no reasonable access thereto and changing its best use from its former commercial one to a very poor residential one, thus reducing remarkably its market value.

The HTA deposited $329,000 in the State Court for the benefit of FDR.

After seven (7) years of litigation and postponements granted at the request of the Authority, a pre-trial conference was finally scheduled in the eminent domain case, and was to be held on September 11, 2017.

The enactment of Promesa had the effect of staying the eminent domain case, as on June 26, 2017, the State Court issued a resolution to that effect.

The issues pending adjudication in the eminent domain case are:

      a)       Just compensation of land expropriated, estimated by FDR's appraiser in the sum of $1,190,000.

      b)       Just compensation for damages caused to the remainder of the Property, estimated by FDR's appraiser in the sum of $3,663,346.

      c)       The withdrawal, without prejudice of the moneys deposited by HTA for the benefit of FDR.

<u>PROCEDURAL HISTORY</u>

1. The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") was established under section 101(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA")3 on June 30, 2016. On August 31, 2016, President Barack Obama appointed the Oversight Board's seven voting members.

2. Pursuant to section 315 of PROMESA, "[t]he Oversight Board in a case under this title is the representative of the debtor[s]" and "may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA]…or otherwise generally submitting filings in relation to the case[s] with the court."

3. On September 30, 2016, the Oversight Board designated HTA as a covered entity under section 101(d) of PROMESA.

4. On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to sections 104(j) and 206 of PROMESA, and filed a voluntary petition for relief for HTA in accordance to section 304(a) of PROMESA (the "Petition-Date"), thus commencing a case under Title III of PROMESA on behalf of the Commonwealth (the "Title III Case"). See, Docket No. 1 of Case No. 17-03567 (LTS).

5. On June 9, 2017, the Debtor filed a motion seeking the joint administration of the Title III Case with the pending Title III proceedings for the Commonwealth, COFINA and ERS4 (jointly, the

"Title III Cases") pursuant to section 304(g) of PROMESA and Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (as made applicable to these Title III Cases by virtue of section 310 of PROMESA). See, Docket No. 79 of Case No. 17-03567 (LTS). The joint administration of the Title III Cases was authorized by this Court on June 29, 2017. See, Docket No. 167 of Case No. 17-03567 (LTS).

6. The State Court Action has been ongoing for over ten (10) years and is currently at a very advanced stage of the proceedings, which were stayed on June 26, 2017 by the State Court.

### GROUNDS TO MODIFY THE STAY

7. PROMESA was enacted to deal with the inability of the Commonwealth of Puerto Rico, its agencies and public corporations, to pay its bonus holders and similar creditors, but not to avoid paying just compensations in eminent domain cases protected by the taking's clause contained in the Fifth Amendment of the United States Constitution.

8. The eminent domain case was initiated seven years ago, in 2010, and presently is in an advanced stage.

9. If the automatic stay is held, most of the eminent domain cases now pending in the local court against the Authority, should be also stayed and decided by the bankruptcy court with the consequent adverse effect in the prompt solution of the principal subject matters for which PROMESA was enacted.

10. While the automatic stay may be broad in scope, its protection is not unlimited. Section 362 recognizes circumstances in which a party subject to the stay may be entitled to relief.

11. It provides grounds for seeking relief from the stay and, in conjunction with Bankruptcy Rule 4001, provides a procedure for seeking such relief.

12. Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 4001-1. Section 362(d) reads, at its pertinent parts: On request of a party in interest and after notice

and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay: 1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

13. The term "cause" is not defined in the Bankruptcy Code. As a result, the courts usually turn to the legislative intent to determine what constitutes cause under the meaning of section 362(d)(1). *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2nd Cir. 1990). The factors which are typically taken into consideration in order to determine whether sufficient "cause" exists for relief of the automatic stay include (i.e., the "Sonnax" factors):

    (a) whether the relief will result in a partial or complete resolution of the issues;

    (b) the lack of any connection with or interference with the bankruptcy case;

    (c) whether the foreign proceeding involves the debtor as fiduciary;

    (d) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases;

    (e) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

    (f) whether the action essentially involves third parties;

    (g) whether litigation in another forum would prejudice the interest of other creditors and/or other interested parties;

    (h) whether the judgment claim arising from the foreign action is subject to equitable subordination under section 510(c);

    (i) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor;

    (j) the interest of judicial economy and the expeditious and economical determination of litigation for the parties;

    (k) whether the foreign proceedings have progressed to the point where the parties are

    prepared for trial;

(l) the impact of the stay on the parties and the balance of hurt.

14. The party moving for the automatic stay to be lifted need not prove a plurality of these factors. The Courts will generally rely "in only a few factors...to determine that sufficient cause exist[s] to lift the stay." *C & A, S.E.*, 369 B.R. at 95, citing *Goya Foods v. Unanue-Casal (In re Unanue-Casal)*, 159 B.R. 90, 95 (D.P.R.1993), as aff'd at 23 F.3d 395 (1st Cir. 1994).

15.     The Sonnax factors above-outlined weigh favorably towards the modification of the automatic stay in order to continue with the State Court Action against the Debtor due to the following:

    a. The State Court Action has been ongoing for over ten (10) years and is currently at a very advanced stage. The discovery has concluded in the local court action and the case is ready for pre-trial hearing and subsequent trial. The pre-trial conference was originally for September 11, 2017.

    b. The continuation of the State Court Action will result in a complete resolution of the pending issues given the advanced stage of the proceedings;

    c. The continuation of the State Court Action has no connection, and will not interfere with, the instant Title III Case. This fact becomes even more paramount when considering that <u>funds deposited or consigned in the State Court Action as part of the just compensation estimated by HTA do not belong to the Debtor and, thus, are not subject to the automatic stay under either sections 362(a) or 922(a) of the Code. See *In re Endeavour Highrise, L.P.*, 432 B.R. 583, 629 (Bankr. S.D. Tex. 2010)</u> ("**the automatic stay extends to... property in which the debtor held an interest at the time of the commencement of the bankruptcy case**") (Emphasis added). These funds belong to FDR 1500, Corp., owner of the real property taken

        at the time the eminent proceedings began back in the year 2010;

d. The State Court is the appropriate forum with the knowledge and necessary expertise on the matter to consider the claim in light of the fact that it has been involved with the issues addressed therein for over 10 years and is fully aware of the parties and the facts of said case;

e. The State Court Action will not prejudice the interests of other creditors;

f. The judgment that may arise from the State Court Action will not be subject to equitable subordination nor would result in a judicial lien avoidable by the Debtor.

g. **Furthermore, the judgment will not be subject to a discharge since it would constitute a money award –appropriated federal funds in our case- for a takings action under the Fifth Amendment of the U.S. Constitution. See,** *In re City of Detroit*, **524 B.R. 147, 270 (Bankr. E.D. Mich. 2014) "…when the Constitution requires a money damage award —as is the case here— sec. 944 (c)(1) allows the Court to except claims for that award from discharge in the confirmation order [which] eliminates all issues regarding the constitutionality of chapter 9 in that respect.";**

h. The interests of judicial economy and the expeditious and economical resolution of the Complaint warrant the continuation of the State Court Action, particularly when that court has been considering the issues raised in the Complaint for over 10 years;

i. The proceedings in the State Court Action have progressed to the point where the parties are prepared for pre-trial hearing and subsequent trial; and

j. The impact of the stay on FDR greatly outweighs any possible harm upon Debtor.

    On the above grounds, we understand that FDR has the right to the relief that the stay be lifted

to allow the local court allowed to continue the eminent domain proceedings related thereto and decide the pending issues aforementioned and permitting FDR to exercise all remedies under non-bankruptcy and non-PROMESA law to enforce its rights; including to be able to withdraw the moneys deposited by HTA for the benefit of FDR, without prejudice to the result of the judgment to be entered by the local court, regarding the correct amount of the compensation to be due by HTA to FDR.

WHEREFORE, FDR respectfully requests this Court to enter an order modifying the automatic stay pursuant to 11 U.S.C. Sec. 362(d)(1): Permitting FDR to exercise all remedies under non-bankruptcy and non-PROMESA law to enforce its rights and obligations, including but not limited to the continuation and culmination of the eminent domain proceeding filed by HTA in the State Court Action; and granting FDR such other relief as may be just and proper.

<u>CERTIFICATION OF COMPLIANCE WITH CASE MANAGEMENT PROCEDURES</u>

I HEREBY CERTIFY: That this Motion is in full compliance with the lift stay requirements in Paragraph III(R) of the Case Management Procedures entered in these Title III Cases.

Specifically, on December 14, 2017, FDR provided notice to counsel for the Oversight Board and the HTA of its intention to seek relief from the automatic stay to continue and finish the litigation in property eminent domain Action.

Thereafter, the parties met and conferred to attempt to resolve FDR's request for relief from the automatic stay. Counsels for the HTA indicated they would follow up with FDR regarding its request, and on June 11, 2018 notified by e-mail that HTA and AFFAF would agree to modify the stay only to proceed to judgment but excluding enforcement of judgment or recovery of money damages.

On June 11, 2018, FDR advised Counsels to HTA to proceed, but they did not do so, and to date FDR received no response, hence hereby proceeds with its original intention to request the lift the stay in the eminent domain case.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 30th day of December, 2019.

## NOTICE OF TIME TO RESPOND

Pursuant to ¶III.Q of the Court's Order (a) Imposing and Rendering Applicable Local Bankruptcy Rules to these Title III Cases, (b) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (c) Granting Related Relief (Docket No. 249 of Case No. 17-03283 (LTS)), as amended on June 6, 2017 (Docket No. 262 of Case No. 17- 03283 (LTS)) (the "CMP Order"), unless otherwise ordered by the Court, the Objection Deadline with respect to the Motion shall be the later to occur of (i) fourteen (14) calendar days after the date of filing and service of the Motion and (ii) seven (7) calendar days prior to the hearing scheduled with respect thereto (i.e., August 9, 2017); effectively, this means that the Objection Deadline will be seven (7) calendar days prior to the hearing scheduled with respect to the Motion (i.e., August 2, 2017), except in certain situations where an expedited hearing is scheduled with respect to the Motion.

**I HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. I further certify that, on this same date, I served the foregoing upon all the Standard Parties as identified and defined at ¶ II of the and the Court's CMP Order, as amended on June 6, 2017 (Dockets No. 249 and 262 of Case No. 17-03283 (LTS), as well as upon all of the parties identified in the Master Service List maintained at https://cases.primeclerk.com/puertorico/.

/s/ Rosendo E. Miranda López
**Rosendo E. Miranda López, Esq.**
U.S.D.C.-P.R. 219405
Attorney for FDR 1500, Corp.
PO Box 190006, San Juan, PR 00919-0006
Tel.724-3393 Fax: 723-6774
r.miranda@rmirandalex.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.<br><br>Debtors[1]. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY,<br><br>Debtor[2]. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS<br><br>THIS PLEADING RELATES<br>ONLY TO THIS TITLE III<br>CASE2 |

## [PROPOSED] ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the Motion of FDR 1500, Corp., for Relief from the Automatic Stay (Dkt. No. ___) (the "Motion")[3] and all related filings; adequate notice having been given to all relevant

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] This clarification is made in accordance to the Court's Order (A) Pursuant to PROMESA Section 304(G), Directing Joint Administration of Initial Title III Cases and Additional Title III Cases, and (B) Pursuant to Section 105(A) of The Bankruptcy Code, Making Certain Orders Entered on First Day Pleadings Applicable to the Additional Title III Cases. See, Docket No. 167 at ¶ 5 of p. 4.

[3] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

parties; having held a hearing before the Court on January 29th, 2019; objections to the requested relief having been withdrawn or overruled on the merits; and for good cause shown, it is hereby ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Code section 362, made applicable by PROMESA section 301(a), the automatic stay is hereby lifted to allow FDR to continue the proceedings related to the eminent domain action under case Civil No. K EF2010-0522 in the San Juan Superior Court, conclude all pending issues in the case and exercise all remedies under non-bankruptcy and non-PROMESA law to enforce its rights; including to be able to withdraw the moneys deposited by HTA for the benefit of FDR, without prejudice to the result of the judgment to be entered by the local court, regarding the correct amount of the compensation to be due by HTA to FDR.

3. For the avoidance of doubt, nothing in this Order shall prevent the debtors, the Oversight Board, the HTS or FDR from seeking or agreeing to a stay of the eminent domain Action.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Court shall retain jurisdiction to resolve any dispute arising from or related to this Order.

Dated: _____, 2020.              _____
                                                                         Honorable Laura Taylor Swain
                                                                         United States District Judge