**EXHIBIT 1**

**ROSENDO E. MIRANDA LÓPEZ**
ABOGADO · NOTARIO
P.O. BOX 192096, SAN JUAN, P.R. 00919-2096
OFICINAS 713-715, EDIFICIO FIRST BANK
AVE. PONCE DE LEÓN 1519, SANTURCE, PUERTO RICO
TELS. (787) 724-3393 · FAX (787) 723-6774
R.Miranda@rmirandalex.net

December 14, 2017

Mr. Hermann Bauer, Esq.
Mr. Ubaldo M. Fernández Barrera, Esq.
Ms. Diana M. Perez, Esq.
Mr. Andrés W. López, Esq.

By E-mail:
Hermann.Bauer@oneillborges.com
ubaldo.fernandez@oneillborges.com
dperez@omm.com
andres@awllaw.com

***RE: La Autoridad de Carreteras y Transportación de Puerto Rico
v. FDR1500, Corp.
KEF2010-0522 – Eminent Domain***

Dear sister and brother counsels:

I appear here on behalf of FDR 1500, Corp. (FDR) to advise you of my client's intent to seek relief from the automatic stay to continue the local judicial proceedings in the case of reference.

FDR was the owner of a real estate (the Property) consisting of 17,217.96 square meters located in the municipality of Rio Grande, Puerto Rico.

Part of the Property, consisting of 3,394.0141 square meters (the Property), was expropriated by the Puerto Rico and Transportation Authority (HTA) in an eminent domain case (the eminent domain case) initiated by the latter in the local courts (Court of First Instance, San Juan Section, Civil case number KEF 2010-0522) on December 9, 2010 for the construction with federal funds of a public project known as Express Road 66 (Ruta 66).

As a result of the works done during the construction of Ruta 66, access to the Remainder of the Property (consisting of 13,823.9459  square meters) was closed, leaving the remainder property  with  no reasonable access thereto and changing its best use from its former commercial one to a very poor

ROSENDO E. MIRANDA LÓPEZ
ABOGADO · NOTARIO
17 BK 3283-LTS
NOTICE OF INTENT TO REQUEST THE RELIEF FROM THE AUTOMATIC STAY
December 14, 2017
Page 2 of 6

residential one, thus reducing remarkably its market value. As part of the proceedings, HTA deposited in the local court the sum of $329,000.00 as proposed compensation for the taking of the Property.

The bankruptcy proceeding of the HTA Authority had the effect of automatically staying the eminent domain case. Consequently, a resolution staying it was issued by the San Juan Superior Court on June 26, 2017.

The issues pending adjudication in the eminent domain case when the stay occurred, were:

a)  Just compensation of the land expropriated, estimated by FDR's appraiser in the sum of $350.00 per square meter.

b)  Just compensation for damages caused to the remainder of the Property, estimated by FDR's appraiser in the sum of $350.00 per square meter.

After seven (7) years of litigation and postponements granted at the request of the HTA, a pre-trial conference was finally scheduled in the eminent domain case for September 11, 2017 but stayed by the Court's order.

GROUNDS TO MODIFY THE STAY

PROMESA was enacted to deal with the inability of the Commonwealth of Puerto Rico, its agencies and public corporations, to pay its bonus holders and similar creditors, not to pay just compensations in regard to public projects for which federal funds were appropriated.

The eminent domain case was initiated seven years ago, in 2010, and presently is in an advanced stage.

If the automatic stay is held, most of the eminent domain cases now pending in the local court against the Authority, should be also stayed and decided by the bankruptcy court with

ROSENDO E. MIRANDA LÓPEZ
ABOGADO · NOTARIO
17 BK 3283-LTS
NOTICE OF INTENT TO REQUEST THE RELIEF FROM THE AUTOMATIC STAY
December 14, 2017
Page 3 of 6

the consequent adverse effect in the prompt solution of the principal subject matters for which PROMESA was enacted.

While the automatic stay may be broad in scope, its protection is not unlimited. Section 362 recognizes circumstances in which a party subject to the stay may be entitled to relief. It provides grounds for seeking relief from the stay and, in conjunction with Bankruptcy Rule 4001, provides a procedure for seeking such relief.

Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 4001-1. Section 362(d) reads, at its pertinent parts: On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – 1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

The term "cause" is not defined in the Bankruptcy Code. As a result, the courts usually turn to the legislative intent to determine what constitutes cause under the meaning of section 362(d)(1). *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2nd Cir. 1990). The factors which are typically taken into consideration in order to determine whether sufficient "cause" exists for relief of the automatic stay include (i.e., the "Sonnax" factors):

(a) whether the relief will result in a partial or complete resolution of the issues;

(b) the lack of any connection with or interference with the bankruptcy case;

(c) whether the foreign proceeding involves the debtor as fiduciary;

(d) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases;

ROSENDO E. MIRANDA LÓPEZ
ABOGADO · NOTARIO
17 BK 3283-LTS
NOTICE OF INTENT TO REQUEST THE RELIEF FROM THE AUTOMATIC STAY
December 14, 2017
Page 4 of 6

(e) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

(f) whether the action essentially involves third parties;

(g) whether litigation in another forum would prejudice the interest of other creditors and/or other interested parties;

(h) whether the judgment claim arising from the foreign action is subject to equitable subordination under section 510(c);

(i) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor;

(j) the interest of judicial economy and the expeditious and economical determination of litigation for the parties;

(k) whether the foreign proceedings have progressed to the point where the parties are prepared for trial;

(l) the impact of the stay on the parties and the balance of hurt.

The party moving for the automatic stay to be lifted need not prove a plurality of these factors. The Courts will generally rely "in only a few factors…to determine that sufficient cause exist[s] to lift the stay." *C & A, S.E.*, 369 B.R. at 95, citing *Goya Foods v. Unanue-Casal (In re Unanue-Casal), 159 B.R. 90, 95 (D.P.R.1993), as aff'd at 23 F.3d 395 (1st Cir. 1994)*

The Sonnax factors above-outlined weigh favorably towards the modification of the automatic stay in order to continue with the State Court Action against the Debtor due to the following:

a. The State Court Action has been ongoing for over seven (7) years and is currently at a very advanced stage. The discovery has concluded in the local court action and the case is ready for pre-trial hearing and subsequent trial. The pre-trial conference was originally for September 11, 2017.

ROSENDO E. MIRANDA LÓPEZ
ABOGADO · NOTARIO
17 BK 3283-LTS
NOTICE OF INTENT TO REQUEST THE RELIEF FROM THE AUTOMATIC STAY
December 14, 2017
Page 5 of 6

    b. The continuation of the State Court Action will result in a complete resolution of the pending issues given the advanced stage of the proceedings;

    c. The continuation of the State Court Action has no connection, and will not interfere with, the instant Title III Case. This fact becomes even more paramount when considering that funds deposited or consigned in the State Court Action as part of the just compensation estimated by HTA do not belong to the Debtor and, thus, are not subject to the automatic stay under either sections 362(a) or 922(a) of the Code. See *In re Endeavour Highrise, L.P.*, 432 B.R. 583, 629 (Bankr. S.D. Tex. 2010) ("the automatic stay extends to… property in which the debtor held an interest at the time of the commencement of the bankruptcy case") (Emphasis added). These funds belong to FDR 1500, Corp., owner of the real property taken at the time the eminent proceedings began back in the year 2010;

    d. The State Court is the appropriate forum with the knowledge and necessary expertise on the matter to consider the claim in light of the fact that it has been involved with the issues addressed therein for over 7 years and is fully aware of the parties and the facts of said case;

    e. The State Court Action will not prejudice the interests of other creditors;

    f. The judgment that may arise from the State Court Action will not be subject to equitable subordination nor would result in a judicial lien avoidable by the Debtor. Furthermore, the judgment will not be subject to a discharge since it would constitute a money award –appropriated federal funds in our case- for a takings action under the U.S. Constitution. See, *In re City of Detroit*, 524 B.R. 147, 270 (Bankr. E.D. Mich. 2014) "…when the Constitution requires a money damage award —as is the case here— sec. 944 (c)(1) allows the Court to except claims for that award from discharge in the confirmation order [which] eliminates all issues regarding the constitutionality of chapter 9 in that respect.";

ROSENDO E. MIRANDA LÓPEZ
ABOGADO · NOTARIO
17 BK 3283-LTS
NOTICE OF INTENT TO REQUEST THE RELIEF FROM THE AUTOMATIC STAY
December 14, 2017
Page 6 of 6

    h. The interests of judicial economy and the expeditious and economical resolution of the Complaint warrant the continuation of the State Court Action, particularly when that court has been considering the issues raised in the Complaint for over seven (7) years;

    i. The proceedings in the State Court Action have progressed to the point where the parties are prepared for pre-trial hearing and subsequent trial; and

    j. The impact of the stay on FDR greatly outweighs any possible harm upon Debtor.

    On the above grounds, we understand that the stay should be modified to allow the local court allowed to continue the eminent domain proceedings related thereto and decide the pending issues aforementioned and permitting FDR to exercise all remedies under non-bankruptcy and non-PROMESA law to enforce its rights, including to be able to withdraw the moneys deposited by HTA for the benefit of FDR, without prejudice to the result of the judgment to be entered by the local court, regarding the correct amount of the compensation to be due by HTA to FDR.

    We hereby request that within the next 15 business days (on or before January 8th, 2018), you, as counsel for Debtor HTA and I, as counsel for FDR meet and confer in person or through telephone communication to attempt to resolve, in whole or in part, FDR's request for relief form the automatic stay.

    You may reach me at 787-724-3393 or at my mobile phone 787-590-3092.

                                          Cordially,

                                Rosendo E. Miranda López, Esq.