**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.<br><br>Debtor | PROMESA<br><br>TITLE III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor | PROMESA<br><br>TITLE III<br><br>Case No. 17 BK 4780-LTS<br><br>Court Filing Relates only PREPA: ECF No. 332 |

**MOTION TO LIFT STAY**

TO THE HONORABLE JUDGE:

Now Comes, Windmar Renewable Energy SE (Windmar) represented by appearing counsel and respectfully alleges and prays:

1. On the year 2013, Puerto Rico Electric Power Authority (PREPA) filed a condemnation proceeding against Tropical Fruit Inc., Puerto Rico Court of First Instance,

1

Superior San Juan, case number KEF2013-0019.

2. This case was stayed by the Puerto Rico Court of First Instance, due to PROMESA.

3. Windmar is a third party beneficiary of the condemnation case because the condemnation is for PREPA to obtain air rights for electrical lines connecting a renewable energy project, owned by Windmar, to PREPA's grid in specific compliance with the already signed Power Purchase Operating Agreement, by which PREPA will buy one hundred percent (100%) of the project renewable energy production.

4. Movant Windmar certifies that pursuant to the Tenth Amended Notice, Case Management and Administrative Procedures, it conferred and met with Debtor (PREPA) telephonically, during the required Lift Stay Notice period prior to filing the instant Motion for Relief from Stay, and that said period expired without agreement from Debtor.

## INTRODUCTION

5. As stated, the condemnation case is pending in the Puerto Rico Court of First Instance, San Juan Superior Court. The case is <u>Puerto Rico Electric Power Authority (PREPA)</u> vs. <u>Tropical Fruit,</u> Case Number KEF2013-0019.

PREPA filed for condemnation of easement of electric aerial lines, over property belonging to Tropical Fruit. Enclosed please find copy of the original case.

Tropical Fruit questioned, over 5 years ago, whether the condemnation complied with the "public interest" legal requirement. No claim for the amount deposited for the condemnation is pending. The money for the condemnation was provided by Windmar and has been deposited in Court for the last several years. The reason the money was

provided by Windmar is that the easement of aerial line is to connect Windmar's renewable energy project to PREPA's grid. The PPOA between PREPA and Windmar provide for PREPA obtaining the easement for aerial project and for Windmar to pay for it.

PREPA with the support of Windmar has strongly moved the Court to make a final determination that there is public interest in the condemnation proceeding, which is obvious.

For reasons which Windmar and PREPA don't really understand, the Court has refused to act on the determination of the existing of public purposes or interest. The condemnation is, as stated, for electric aerial lines, to connect PREPA's transmission and distribution system with a Wind and Solar farm, one hundred percent renewable energy produce under an existing PPOA between PREPA and the producer, to be provided all the renewable energy to PREPA.

PREPA is under specific legal requirement to have percentage of its energy from renewable sources. The PPOA and the connection of the lines is in compliance of this specific legal requirement.

Surprisingly, the state Court Judge ordered the case stayed pending the PROMESA process. PREPA filed for reconsideration and also filed a Certiorari to the Appeals Court, to no avail.

ARGUMENT

6. As stated by this Court in the Memorandum Order Denying the Autonomous Municipality of Ponce's motion for relief from automatic stay (Docket Entry 3019 at Docket 4157):

3

"Section 362(d)(1) of the Bankruptcy Code Section 362(d)(1) of the Bankruptcy Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax).

Of particular relevance to the instant matter are the following factors identified by the Sonnax court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "whether litigation in another forum would prejudice the interests of other creditors," "the interests of judicial economy and the expeditious and economical resolution of litigation," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286."

In the current case all Sonnax criteria support lifting the stay:

First: The lifting of the stay would permit to decide with finality the paramount issue of the existence of public interest for the condemnation, at no cost to debtor PREPA.

Second: This public interest existence determination will in no way interference with the bankruptcy case.

Third: The litigation of the public interest issue in no way or manner impact other creditors.

Fourth: Giving the Puerto Rico Court of First Instance the capacity to solve the public interest issue will help judicial economy and maintain coherence concerning Puerto Rico's courts consistent public interest doctrine in condemnation cases.

Fifth: there will be absolutely no economic impact on debtor for the price of the condemnation is carried by appearing party Windmar, as per a valid Power Purchase Agreement and not by PREPA. As stated the amount is already deposited in Court- per condemned right valuation- was fully provided by Windmar, and any additional amount

4

would also be Windmar's, not PREPA's responsibility.

Sixth: Windmar will have the benefit of having the condemnation issue solved and, would have the opportunity to continue develop its project all for zero cost to PREPA.

Tropical Fruit will suffer no harm due to its right for compensation for condemnation of the aerial easement is fully covered by the already deposited amount (as per valuation) and as mentioned, any increase is to be carried by Windmar.

WHEREFORE, it is respectfully requested that this Honorable Court grant the lift of stay for the sole purpose of having the Puerto Rico Court adjudicate the public interest issue.

CERTIFICATE OF SERVICE I hereby certify that, on this same date, I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record and CM/ECF participants in this case and Ana J. Bobonis Zequeira, Esq.; ana@ffclaw.com; Carlos J. Centeno Rossy, Esq.; ccentenorossy@aol.com; Francisco Rios Rivera; frios@amgprlaw.com; Carlos Tomassini Ramírez, Esq.; tomassinic.legal@gmail.com; Carlos I. Vega Cidraz, Esq.; vegacidraz@prtc.net; Kristina Vivoni Girod, Esq., kvivoni@bde.pr.gov and Katiuska Bolanos; kbolanos@diazvaz.law.

Tropical Fruit, SE
PO Box 70294
San Juan, Puerto Rico 00936-8294

RESPECTFULLY SUBMITTED this 30th, day of December, 2019, in San Juan, Puerto Rico.

    s/FERNANDO E. AGRAIT
    T.S. NÚM. 3772
    EDIFICIO CENTRO DE SEGUROS
    OFICINA 414
    701 AVENIDA PONCE DE LEÓN
    SAN JUAN, PUERTO RICO 00907
    TELS 787-725-3390/3391
    FAX 787-724-0353
    EMAIL: agraitfe@agraitlawpr.com