**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>　　as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>　　　　　　　　　Debtor. | PROMESA<br>Title III<br><br><br><br><br>Case No. 17 BK 4780-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of PUERTO RICO ELECTRIC POWER AUTHORITY, and PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY,<br><br>　　　　　　　　　Movants,<br>　　　　　　v.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | **This filing relates only to PREPA, and shall be filed in the lead Case No. 17-BK-3283-LTS, and PREPA's Title III case (Case No. 17-BK-4780-LTS)** |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*et al.*

Respondents.

**RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY, AND CITIGROUP CAPITAL MARKETS INC. TO THE COURT'S ORDER GRANTING MOTION TO SEAL FOR LIMITED DURATION AND <u>FOR SUPPLEMENTAL BRIEFING</u>**

**To The Honorable United States Magistrate Judge Judith G. Dein**:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), on its own behalf, and on behalf of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor") in its capacity as the Debtor's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF", and together with PREPA and the Oversight Board, the "Government Parties"), and Citigroup Capital Markets Inc. ("Citi") respectfully submit this brief in support of the continued sealing of portions of the deposition transcript of Frederic Chapados that were included as Exhibit C to the *Official Committee of Unsecured Creditors' Reply in Support of Motion in Limine to Strike and Exclude Improper Lay Opinion Testimony of Frederic Chapados Regarding Alleged Effect of 9019 Settlement on PREPA Transformation* [ECF No. 9393][3] (the "Reply"), filed by the Official Committee of Unsecured Creditors (the "Committee").

## INTRODUCTION

1.  On December 3, 2019, the Committee filed the Reply. Because Exhibit C contained excerpts from Frederic Chapados's deposition transcript designated "Professional Eyes Only" by the Government Parties and Citi under the terms of the parties' Protective Order[4], the Committee filed its *Urgent Motion to File Under Seal Official Committee of Unsecured Creditors' Reply in Support of Motion in Limine to Strike and Exclude Improper Lay Opinion*

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[3] Unless otherwise indicated, all ECF references refer to docket entries in the Title III case for the Commonwealth of Puerto Rico, Case No. 17-bk-3283.

[4] As defined below.

*Testimony of Frederic Chapados Regarding Alleged Effect of 9019 Settlement on PREPA Transformation* (the "Motion to Seal") [ECF No. 9395].

2. On December 6, 2019, the Court entered an order temporarily granting the Motion to Seal, permitting the Committee to file unredacted versions of the Reply under seal, and directing the Government Parties and/or Citi to submit supplemental briefing in support of continued sealed treatment of Exhibit C. *See Order Granting Motion to Seal for Limited Duration and for Supplemental Briefing* [ECF No. 9480].

3. The Government Parties submit this brief to justify the continued sealing of certain portions of Exhibit C, which contains excerpts of Frederic Chapados's deposition transcript. Specifically, the Government Parties seek continued sealed treatment for pages 86:2-88:3 of Mr. Chapados's transcript.[5]

4. Exhibit 1 to the *Stipulation and Order in Connection with Discovery Regarding the Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(I) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [Case No. 17-bk-4780, ECF No. 1322-1] (the "Protective Order"), provides that:

> "Confidential" or "Confidential Material" shall mean and refer to any Material produced by any Party or non-party (each referred to herein as a "Producing Party") that the Producing Party considers in good faith to contain commercial, financial, trade secret, research and development, or personal information of a proprietary nature that is not known to, or has not generally been made available to, the public or other information the disclosure of which, in the good faith judgment of the Producing Party, would be detrimental to the conduct of the Producing Party's business or official functions.

5. The Protective Order further provides that:

---

[5] The Government Parties and Citi agree to waive confidentiality with respect to the remainder of Exhibit C.

2

      "Professional Eyes Only" or "Professional Eyes Only Material" shall mean Confidential Material that a Producing Party considers in good faith to (a) contain or reflect highly confidential and sensitive proprietary information related to the Producing Party's previous, existing or ongoing operations for which restricted access is necessary to prevent a risk of competitive or financial harm to the Producing Party in the ongoing operation of its business; (b) contain or reflect the Producing Party's analyses regarding the treatment or valuation of the debt, assets or securities of PREPA, other Title III debtors and other public corporations of the Commonwealth of Puerto Rico, to the extent restricted access to such analyses is reasonably necessary to prevent a risk of competitive or financial harm to the Producing Party or harm to PREPA's proposed privatization transaction; (c) contain or reflect an individual's financial or personal information; or (d) be documents or information that are otherwise subject to confidentiality agreements with third parties that require such documents to be designated Professional Eyes Only.

      6.      The excerpt of Exhibit C at issue meets at least one of these definitions because public dissemination of the information contained therein would impair the Government Parties' official functions. Pursuant to Section 101(a) of PROMESA, the Oversight Board's mission is to provide a method for the Commonwealth to "achieve fiscal responsibility and access to the capital markets." AAFAF acts "as fiscal agent, financial advisor, and reporting agent of all entities of the Government of Puerto Rico and [assists] such entities in facing the serious fiscal and economic crises that Puerto Rico is currently undergoing." Act 2-2017 § 5(a). Pursuant to Act 83-1941, the purpose of PREPA is to develop water and energy resources for use by inhabitants of the Commonwealth and to thereby "promote the general welfare and increase commerce and prosperity." Act 83-1941 § 6.

      7.      To fulfill those responsibilities, the Government Parties, together with the Puerto Rico Public-Private Partnerships Authority (the "<u>P3 Authority</u>"), have solicited and are currently evaluating bids from potential operators (sometimes referred to as concessionaires) of PREPA's transmission and distribution assets, and have taken initial steps towards a potential transaction to provide for private management or ownership of PREPA's generation assets (the "<u>Generation Transaction</u>"). The Generation Transaction is an important step towards PREPA's

3

Transformation,[6] which the Government Parties view as essential to PREPA's and the Commonwealth's ability to achieve fiscal responsibility. Maintaining confidentiality over the portion of Frederic Chapados's deposition transcript in which he discusses the details and the anticipated next steps for the Generation Transaction is critical and is warranted under Puerto Rico law.

8. The excerpt at issue reveals confidential, non-public information regarding the current plans for the Generation Transaction, which is an important step in the Transformation process and will directly affect any future negotiation and bidding processes pertaining to PREPA's generation assets. Public disclosure of this excerpt would be detrimental to this process because it would reveal non-final details of current planning and strategy for the Generation Transaction, and would therefore impede the Government Parties' core official functions of providing a path to restored fiscal health for the Commonwealth and its instrumentalities, including PREPA.

## ARGUMENT

9. Although there is a general presumption of public access to court records, 11 U.S.C. § 107(b)(1) provides that information in public filings can be protected where necessary to "protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]" 11 U.S.C. § 107(b)(1) (2010).

10. Additionally, Fed. R. Civ. P. 26(c)(1)(G) provides courts authority to enter a protective order sealing "confidential . . . commercial information." A party seeking a protective order sealing documents must demonstrate good cause, which requires a "particularized factual showing of the harm that would be sustained" if the documents were not sealed. *Dunkin Donuts*

---

[6] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the 9019 Motion.

4

*Franchised Rests., LLC v. Agawam Donuts, Inc.*, Civ. No. 07-11444-RWZ, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008). However, the burden to show good cause is lower when the documents for which sealed treatment is requested relate to discovery, because there is no tradition of public access to discovery materials. *See Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986) (declining to extend the common law presumption that the public may view judicial records to discovery materials because "there is no tradition of public access to discovery").

11. Courts have regularly permitted parties to file documents relating to contract negotiations under seal, particularly where the disclosure of the information relates to an ongoing negotiation or in any way puts the party at a competitive disadvantage. *See Abbott v. Lockheed Martin Corp.*, No. 06-cv-0701-MJR, 2009 WL 1973545, at *2 (S.D. Ill. July 8, 2009) (holding there was good cause to file exhibits containing information relating to an ongoing bidding process under seal because public disclosure would cause competitive harm to the parties); *FTC. v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620, at *3 (N.D. Ill. Apr. 5, 2012) (sealing contract terms, negotiation strategies, and discussions related to ongoing contract negotiations, where disclosure of the information would have put the party at a competitive disadvantage); *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 10-945 CW, 2013 WL 12324116, at *19 (N.D. Cal. Apr. 15, 2013) (granting motion to seal draft of a license agreement between movant and third party); *Wis. Alumni Research Found. v. Apple, Inc.*, No. 14-cv-062-WMC, 2015 WL 6453837, at *2 (W.D. Wis. Oct. 26, 2015) (sealing movant's manufacturing agreements with third party companies because release of the information would "provide a competitive advantage" to movant's counterparts in future negotiations); *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07-cv-2014 (SWK), 2008 WL 199537, at

5

*7 (S.D.N.Y. Jan. 22, 2008) (sealing documents that reveal party's negotiating strategies where their release would harm the party in future transactions); *FTC v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal because information would harm third parties' "competitive standing" by "divulg[ing] terms of confidential contracts, contract negotiations, or trade secrets").

12. The designated excerpt from Exhibit C is a portion of the deposition transcript of Mr. Frederic Chapados, a Citi Director who is charged with overseeing PREPA's Transformation. The testimony at issue relates to the ongoing, highly sensitive discussions regarding the Generation Transaction. Mr. Chapados's testimony provides detailed information regarding potential transactions currently under consideration for PREPA, including the potential treatment of its generation assets, the timeline for the Transformation, and options the Government Parties are currently considering for the structure of any potential transactions.

13. Discussions regarding the Generation Transaction are at an early stage. Disclosure of this excerpt will reveal confidential, non-public details of the potential transaction, which could put at risk the Government Parties' ability to consummate the transactions and achieve PREPA's Transformation.

14. Moreover, the P3 Authority has determined that non-public information about the Transformation process should be kept confidential. The P3 Authority's determination is enforceable under Puerto Rico law. Act 29-2009 §9(i) ("In the course of the procedures for the evaluation and selection of and negotiation with Proponents, the confidentiality of the information furnished and generated in connection with such procedures for the evaluation, selection, negotiation and grant of the proposals and the Partnership Contract shall be governed by the confidentiality criteria established by the Authority."). Courts recognize that where a

6

document is confidential under local law, such protection is a strong indicator that the document should be filed under seal. *See, e.g., Hodgson Law Firm, LLC v. Kingston,* No. 17-2730-DDC-JPO, 2018 WL 3127163, at *2 (D. Kan. Mar. 14, 2018) ("The information discussing the parties' settlement negotiations is deemed confidential by state law, and, the court agrees, the interest recognized by the state law is adequate to disturb the presumption of public access."); *Safouane v. Hassett*, No. C00-0621-JCC, 2009 WL 10723270, at *1 (W.D. Wash. Oct. 13, 2009) (granting motion to seal in part because "State law provides for the confidentiality" of the documents at issue).

## **RELIEF REQUESTED**

15. For the reasons set forth above, the Government Parties and Citi respectfully request that the Court grant this motion and permit the designated excerpt of Exhibit C to remain under seal.

Dated: December 30, 2019

| | |
|---|---|
| **PROSKAUER ROSE, LLP** | **O'MELVENY & MYERS LLP** |
| */s/ Margaret A. Dale* | */s/ Elizabeth L. McKeen* |
| Martin J. Bienenstock | John J. Rapisardi |
| Ehud Barak | Nancy A. Mitchell |
| Margaret A. Dale | 7 Times Square |
| Gregg M. Mashberg | New York, NY 10036 |
| Eleven Times Square | Telephone: (212) 326-2000 |
| New York, NY 10036-8299 | Facsimile: (212) 326-2061 |
| Tel: (212) 969-3000 | Email: jrapisardi@omm.com |
| Fax: (212) 969-2900 | nmitchell@omm.com |
| mbienenstock@proskauer.com | |
| ebarak@proskauer.com | -and- |
| mdale@proskauer.com | |
| gmashberg@proskauer.com | Peter Friedman |
| | 1625 I Street, NW |
| -and- | Washington, DC 20006 |
| | Telephone: (202) 383-5300 |
| Paul V. Possinger | Facsimile: (202) 383-5414 |
| 70 W. Madison St., Suite 3800 | Email: pfriedman@omm.com |
| Chicago, IL 60602 | |
| Tel: (312) 962-3550 | -and- |
| Fax: (312) 962-3551 | |
| ppossinger@proskauer.com | Elizabeth L. McKeen |
| | Ashley M. Pavel |
| -and- | 610 Newport Center Drive, 17th Floor |
| | Newport Beach, CA 92660 |
| DEL VALLE EMMANUELLI LAW OFFICES | Telephone: (949) 823-6900 |
| | Facsimile: (949) 823-6994 |
| Luis F. del Valle Emmanuelli | Email: emckeen@omm.com |
| PO Box 79897 | |
| Carolina, PR 00984-9897 | *Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority and Puerto Rico Electric Power Authority* |
| Tel: (787) 977-1932 | |
| Fax: (787) 722-1932 | |
| dvelawoffices@gmail.com | |
| | |
| *Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Puerto Rico Electric Power Authority* | |

| | |
|---|---|
| **MARINI PIETRANTONI MUÑIZ LLC** | **DÍAZ & VÁZQUEZ LAW FIRM** |
| */s/ Luis C. Marini-Biaggi* | */s/ Katiuska Bolaños-Lugo* |
| Luis C. Marini-Biaggi | Katiuska Bolaños-Lugo |
| USDC No. 222301 | USDC No. 231812 |
| Carolina Velaz-Rivero | |
| USDC No. 300913 | P.S.C. 290 Jesús T. Piñero Ave. |
| | Scotiabank Tower, Suite 11-E |
| 250 Ponce de León Ave., Suite 900 | San Juan, PR 00918 |
| San Juan, Puerto Rico 00918 | PO Box 11689 |
| Tel: (787) 705-2171 | San Juan, PR 00922-1689 |
| Fax: (787) 936-7494 | Tel: (787) 395-7133 |
| | Cel. (787) 497-9664 |
| *Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | kbolanos@diazvaz.law |
| | *Co-Attorneys for Puerto Rico Electric Power Authority* |

**GOODWIN PROCTER LLP**

By: __*Meghan K. Spillane*_____

Marshall H. Fishman
Meghan K. Spillane
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
mfishman@goodwinlaw.com
mspillane@goodwinlaw.com

*Counsel to Citigroup Global Markets Inc.*

9