**1611 Law and Justice for All, Inc.**
PO Box 13268
San Juan, PR 00908
Tel: 787-721-0401
E-mail: 1611lawandjustice@gmail.com

June 3, 2019

Hermann Bauer, Esq.
Hermann.Bauer@oneillborges.com

Ubaldo M. Fernández Barrera, Esq.
Ubaldo.fernandez@oneillborges.com

Diana M. Perez, Esq.
dperez@omm.com

Andres W. Lopez, Esq.
andres@aullaw.com

## LIFT OF STAY NOTICE

**COMES NOW** Centro de Orientación y Ayuda Psiquiátrica, Inc. (herein after COPA), through the undersigned attorney and very respectfully **ALLEGES, STATES** and **PRAYS** the following:

1. COPA is the provider and has provided since 2007 services to the Commonwealth of Puerto Rico as administrator from federal funds coming from the Foster Care and Family Preservation Program pursuant the Child Abuse Prevention and Treatment Act (CAPTA), 42 U.S.C.A. §5101, et. seq.

2. COPA information is as follows:

   a. COPA is a dully registered corporation at the State Department of Puerto Rico no. 161912.

   b. Physical address is: Loiza Valley Shopping Center, Suite AA-6, Canóvanas, Puerto Rico 00729.

   c. Postal address is: P.O. Box 9915, Carolina, Puerto Rico 00988-9915.

    d. Telephone is: 787-256-0273.

    e. Employer Identification no.: 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

3. The services provided by COPA are provided by contract[1] with the Family Department of the Commonwealth of Puerto Rico as administrator of the federal funds thru their program known as Administration for Families and Children Services in Spanish known as ADFAN.

4. The services as contracted by the Commonwealth of Puerto Rico and paid with federal funds *from the Foster Care and Family Preservation Program* for extremely special children that need treatment, physical, psychological, psychiatric care with high levels of care and supervision in specialized trained therapeutic foster homes.

5. On April 13, 2018, COPA filed an ordinary collection civil action at San Juan Superior Court case no.SJ2018CV02129[2] against the Commonwealth of Puerto Rico that owes COPA from the federal funds of Foster and Family Preservation Program the amount of $979,965.00.

6. As of today, as per information and belief, COPA is the only provider of the specialized therapeutic foster homes and services.  COPA has over 60 children with special needs providing services and to each specialized therapeutic foster home is paid one thousand five hundred dollars ($1,500) monthly in addition to provide teachers, social workers, psychologist, support general services, school materials, transportation costs and others which are

---

[1] Exhibit "A" – Contract no 123-2009-000191
[2] Exhibit "B" – Complaint before the local Court case no. SJ2018CV02129

paid from the federal funds that are monthly invoiced to the Commonwealth of Puerto Rico thru ADFAN.

7. The Commonwealth of Puerto Rico denies the payment of the essential services provided by COPA arguing that they cannot pay because any collection effort, even though related to moneys from federal funding for special federal funded programs for health and public safety are stayed by Order of Stay in the PROMESA CASE 17-bk-3283 and filed the Notice of Automatic Stay of Proceedings[3] in case no. SJ2018CV02129. The local court entered Order in favor of COPA, the Commonwealth appealed and the Court of Appeals, in case no. KLCE2018-01430, revoked[4] stating that is the Bankruptcy Court in PROMESA has exclusive jurisdiction in this matter.

8. COPA respectfully requests to allow the continuance of the ordinary course of the civil action for the collection of the federal funds that has been and are allocated for the services provided by COPA, because sections 7 and 304(h) of PROMESA expressly exempt the statute from being "construed as impairing or in any manner relieving a territorial government, or any territorial instrumentality thereof, from compliance with Federal laws, such as CAPTA when states:

9. "Sec. 7: Except as otherwise provided in this chapter, **nothing in this chapter shall be construed as impairing or in any manner relieving a territorial government,** or any territorial instrumentality thereof, **from compliance with Federal laws or requirements** of territorial laws **and requirements**

---

[3] See Exhibit "C" – Motion of the Commonwealth of Puerto Rico
[4] See Exhibit "D"- Court of Appeals judgment

**implementing a federally authorized or federally delegated program protecting the health, safety, and environment of persons in such territory**". 48 USC sec. 2106. (Our emphasis).

Section 304(h) when states:

"This chapter **may not be construed to permit the discharge of obligations arising under Federal police or regulatory laws**, including laws relating to the environment, public health or safety, or **territorial laws implementing such Federal legal provisions**. **This includes compliance obligations, requirements under consent decrees or judicial orders, and obligations, to pay associated administrative, civil, or other penalties**. (Our emphasis) 48 USC sec. 2164.

10. The Department of Health and Human Services of the United States of America issued an administrative order, ACYF-CB-PI-18-03[5], stating and ordering the payment and disbursement of the pending invoices from providers or on the contrary, future funding for these health and public safety federal programs will be denied. Page 6 of the order states:

    "EXPENDITURE OF FUNDS:

    States are encouraged to obligate (establish binding contracts and sign them) CJA Federal funds in one year but are required to obligate and liquidate (spend) CJA funds no later than two years after the end of the fiscal year in which the funds are awarded. Grantees have until December 29, 2020 to liquidate FY 2018 CJA funds. This December 29, 2020 deadline is to assist grantees in paying invoices for services completed but invoiced by end of the year (September 30, 2020). **A negative grant award will be issued for any unobligated or unliquidated balances reported as of December 29, 2020 and returned to the Treasury.**

---

[5] See Exhibit "E" - Order

> States must obligate all FY 2018 CJA funds by September 30, 2020. States must liquidate all FY 2018 CJA funds by December 29, 2020.
>
> States must obligate all FY 2017 CJA funds by September 30, 2019. States must liquidate all FY 2017 CJA funds by December 29, 2019.
> States must obligate all FY 2016 CJA funds by September 30, 2018. States must liquidate all FY 2016 CJA funds by December 29, 2018.

… (Our emphasis).

As you can see, the non-payment of the services contracted under this federal program as the administrative order states, jeopardizes the ability of the Commonwealth of Puerto Rico to obtain future federal funding to provide this health and public safety service that otherwise the Commonwealth has to provide from local funding.

8. The failure to pay COPA what is owed by the Commonwealth of Puerto Rico from federal funds that are totally segregated from the general local funds and that they are destined exclusively to provide the services contracted to COPA, is provoking a serious crisis to the specialized therapeutic foster homes, services limitation and more over to the health and public security of the children with very special needs.

It is respectfully requested that COPA be allowed to continue with the ordinary course of the local collection action because is exempt from PROMESA's Title III automatic stay pursuant to sections 4, 7, 301(c)(3), 301(h).

Cordially,

/s/Ada M. Conde-Vidal
ADA M. CONDE VIDAL, ESQ.
USDCPR 206209
1611 Law and Justice for All, Inc.
PO Box 13268
San Juan PR 00908-3268
Tel: 787-717-7355/787-242-3698
Email: 1611lawandjustice@gmail.com