# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |  |
|---|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | ) ) ) ) ) ) ) ) ) ) ) | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | PROMESA<br>Title III<br><br>Case No. 17-BK-03566 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, | ) ) ) ) ) ) | Adv. Proc. No. 19-00356 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK- 4780) (Last Four Digits of Federal Tax ID: 3747).

and )
 )
THE OFFICIAL COMMITTEE OF UNSECURED )
CREDITORS OF ALL TITLE III DEBTORS )
(OTHER THAN COFINA), )
 )
 as co-trustees of )
 )
THE EMPLOYEES RETIREMENT SYSTEM OF THE )
GOVERNMENT OF PUERTO RICO, )
 )
 Plaintiff, )
 )
v. )
 )
DEFENDANT 1M, *et al.*, )
 )
 Defendants. )
 )
_____ )
 )
THE SPECIAL CLAIMS COMMITTEE OF THE )
FINANCIAL OVERSIGHT AND MANAGEMENT )
BOARD FOR PUERTO RICO, ACTING BY AND ) Adv. Proc. No. 19-00357 (LTS)
THROUGH ITS MEMBERS, )
 )
 )
 and )
 )
THE OFFICIAL COMMITTEE OF UNSECURED )
CREDITORS OF ALL TITLE III DEBTORS )
(OTHER THAN COFINA), )
 )
 as co-trustees of )
 )
THE EMPLOYEES RETIREMENT SYSTEM OF THE )
GOVERNMENT OF PUERTO RICO, )
 )
 Plaintiff, )
 )
v. )
 )
STOEVER GLASS & CO., *et al.*, )
 )

Defendant.                                                )
                                                          )
                                                          )
_____                )
                                                          )
THE SPECIAL CLAIMS COMMITTEE OF THE                       )        Adv. Proc. No. 19-00359 (LTS)
FINANCIAL OVERSIGHT AND MANAGEMENT                        )
BOARD FOR PUERTO RICO, ACTING BY AND                      )
THROUGH ITS MEMBERS,                                      )
                                                          )
        and                                               )
                                                          )
THE OFFICIAL COMMITTEE OF UNSECURED                       )
CREDITORS OF ALL TITLE III DEBTORS                        )
(OTHER THAN COFINA),                                      )
                                                          )
        as co-trustees of                                 )
                                                          )
THE EMPLOYEES RETIREMENT SYSTEM OF THE                    )
GOVERNMENT OF PUERTO RICO,                                )
                                                          )
        Plaintiff,                                        )
                                                          )
v.                                                        )
                                                          )
DEFENDANT 1H-78H,                                         )
                                                          )
        Defendants.                                       )
                                                          )
                                                          )
_____                )
                                                          )
THE SPECIAL CLAIMS COMMITTEE OF THE                       )        Adv. Proc. No. 19-00361 (LTS)
FINANCIAL OVERSIGHT AND MANAGEMENT                        )
BOARD FOR PUERTO RICO, ACTING BY AND                      )
THROUGH ITS MEMBERS,                                      )
                                                          )
        and                                               )
                                                          )
THE OFFICIAL COMMITTEE OF UNSECURED                       )
CREDITORS OF ALL TITLE III DEBTORS                        )
(OTHER THAN COFINA),                                      )
                                                          )
        as co-trustees of                                 )
                                                          )
THE EMPLOYEES RETIREMENT SYSTEM OF THE                    )
GOVERNMENT OF PUERTO RICO,                                )

|                                        |     |
|----------------------------------------|-----|
| Plaintiff,                             | )   |
|                                        | )   |
|                                        | )   |
| v.                                     | )   |
|                                        | )   |
| DEFENDANT 1G-50G, *et al.*,            | )   |
|                                        | )   |
| Defendants.                            | )   |
|                                        | )   |
|                                        | )   |
| ---------------------------------------------------------------------- X | |

**DECLARATION OF MATTHEW E. PAPEZ IN SUPPORT OF
MOTION OF CERTAIN ERS BONDHOLDERS TO COMPEL THE EMPLOYEES
RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF
<u>PUERTO RICO TO PROVIDE COMPLETE ANSWERS TO INTERROGATORIES</u>**

I, Matthew E. Papez, hereby declare under penalty of perjury:

1.      I am a partner at the law firm of Jones Day, located at 51 Louisiana Ave., N.W., Washington, D.C. 20001.[2]  I am a member in good standing of the Bars of the State of Nevada and the District of Columbia.  There are no disciplinary proceedings pending against me.  I submit this declaration in support of the *Motion Of Certain ERS Bondholders To Compel The Employees Retirement System Of The Government Of The Commonwealth Of Puerto Rico To Provide Complete Answers To Interrogatories* (the "Motion").  I have personal knowledge of the matters stated herein.

2.      On November 1, 2019, movants (the "Bondholders") served a total of twelve interrogatories on the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") related to the *ultra vires* actions.  A true and correct copy of the interrogatories issued by the Bondholders is attached hereto as Exhibit A.

3.      On December 3, 2019, ERS served its responses and objections to the Bondholders' interrogatories.  A true and correct copy of ERS's responses and objections to the interrogatories is attached hereto as Exhibit B.

4.      On December 9, 2019, counsel for the Bondholders sent a letter to counsel for ERS, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), the Official Committee of Unsecured Creditors, and the Official Committee of Retired Employees of the Commonwealth of Puerto Rico regarding the responses and objections to the Bondholders' discovery requests.  A true and correct copy of the letter is attached hereto as Exhibit C.

---

[2] Capitalized terms used but not otherwise defined herein will have the meaning as set forth in the Motion.

5.      On December 17, 2019, counsel for the Oversight Board, as representative of ERS, sent counsel for the Bondholders a letter in response to the Bondholders' December 9 letter regarding ERS's responses and objections to the Bondholders' interrogatories.  A true and correct copy of the letter is attached hereto as <u>Exhibit D</u>.

6.      On December 18, 2019, counsel for the Bondholders, ERS, the Oversight Board, the Official Committee of Unsecured Creditors, and the Official Committee of Retired Employees of the Commonwealth of Puerto Rico engaged in an almost three-hour long telephonic meet-and-confer, during which they discussed the Bondholders' interrogatories and ERS's responses and objections to these interrogatories, among other topics.  During the meet-and-confer, counsel for the Bondholders pressed ERS for complete responses to Interrogatories Nos. 1, 2, 8, and 11, and reiterated the arguments it raised in its December 9 letter, including that the information sought was relevant to whether the Bondholders had notice of the alleged invalidity and to the Bondholders' equitable defenses to the Clawback Actions, and asked ERS to supplement its responses.  Counsel for the Bondholders explained that if ERS had no responsive information to disclose regarding these interrogatories, it should simply amend its interrogatory responses to say so.

7.      On December 23, 2019, William Dalsen, counsel to the Oversight Board, as representative of ERS, followed up on the parties' December 18 meet-and-confer session.  With regard to Interrogatories Nos. 1, 2, 8, and 11, Mr. Dalsen stated that "ERS does not have additional information to supplement the responses at this time.  To be clear, ERS is not withholding responsive information and reserves the right to amend the responses as discovery progresses."  *See* Email correspondence from W. Dalsen to M. Papez and R. Holm (December 23, 2019), a true and correct copy attached hereto as <u>Exhibit E</u>.

8.      On December 30, 2019, counsel to the Bondholders sent counsel for ERS and others another letter.  With regard to Interrogatories Nos. 1, 2, 8, and 11, counsel explained that the December 23, 2019 communication on behalf of ERS confirmed that a supplementation of ERS's responses to Interrogatories 1, 2, 8, and 11 was in order.  *See* Dec. 30, 2019 letter from M. Papez to J. Roche, M. Pocha, and other counsel, a true and correct copy attached hereto as <u>Exhibit F</u>.

9.      ERS, however, has not responded to the Bondholders' December 30, 2019 letter with regard to Interrogatories Nos. 1, 2, 8, and 11.

Dated:  January 3, 2020                                         */s/ Matthew E. Papez*
            Washington, D.C.                                    Matthew E. Papez

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-03566 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT | Adv. Proc. No. 19-00356 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK- 4780) (Last Four Digits of Federal Tax ID: 3747).

BOARD FOR PUERTO RICO, ACTING BY AND )
THROUGH ITS MEMBERS, )
 )
  and )
 )
THE OFFICIAL COMMITTEE OF UNSECURED )
CREDITORS OF ALL TITLE III DEBTORS )
(OTHER THAN COFINA), )
 )
  as co-trustees of )
 )
THE EMPLOYEES RETIREMENT SYSTEM OF THE )
GOVERNMENT OF PUERTO RICO, )
 )
  Plaintiff, )
 )
v. )
 )
DEFENDANT 1M, *et al.*, )
 )
  Defendants. )
 )
_____ )
 )
THE SPECIAL CLAIMS COMMITTEE OF THE )
FINANCIAL OVERSIGHT AND MANAGEMENT )  Adv. Proc. No. 19-00357 (LTS)
BOARD FOR PUERTO RICO, ACTING BY AND )
THROUGH ITS MEMBERS, )
 )
 )
  and )
 )
THE OFFICIAL COMMITTEE OF UNSECURED )
CREDITORS OF ALL TITLE III DEBTORS )
(OTHER THAN COFINA), )
 )
  as co-trustees of )
 )
THE EMPLOYEES RETIREMENT SYSTEM OF THE )
GOVERNMENT OF PUERTO RICO, )
 )
  Plaintiff, )
 )
v. )
 )
STOEVER GLASS & CO., *et al.*, )

Defendant.                                  )
                                            )
                                            )
                                            )
_____           )
                                            )
THE SPECIAL CLAIMS COMMITTEE OF THE         )      Adv. Proc. No. 19-00359 (LTS)
FINANCIAL OVERSIGHT AND MANAGEMENT          )
BOARD FOR PUERTO RICO, ACTING BY AND        )
THROUGH ITS MEMBERS,                        )
                                            )
        and                                 )
                                            )
THE OFFICIAL COMMITTEE OF UNSECURED         )
CREDITORS OF ALL TITLE III DEBTORS          )
(OTHER THAN COFINA),                        )
                                            )
        as co-trustees of                   )
                                            )
THE EMPLOYEES RETIREMENT SYSTEM OF THE      )
GOVERNMENT OF PUERTO RICO,                  )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )
                                            )
DEFENDANT 1H-78H,                           )
                                            )
        Defendants.                         )
                                            )
                                            )
_____           )
                                            )
THE SPECIAL CLAIMS COMMITTEE OF THE         )      Adv. Proc. No. 19-00361 (LTS)
FINANCIAL OVERSIGHT AND MANAGEMENT          )
BOARD FOR PUERTO RICO, ACTING BY AND        )
THROUGH ITS MEMBERS,                        )
                                            )
        and                                 )
                                            )
THE OFFICIAL COMMITTEE OF UNSECURED         )
CREDITORS OF ALL TITLE III DEBTORS          )
(OTHER THAN COFINA),                        )
                                            )
        as co-trustees of                   )
                                            )
                                            )

3

THE EMPLOYEES RETIREMENT SYSTEM OF THE )
GOVERNMENT OF PUERTO RICO,                                      )
                                                               )
     Plaintiff,                                              )
                                                               )
v.                                                             )
                                                               )
DEFENDANT 1G-50G,                                              )
                                                               )
     Defendants.                                            )
                                                               )
-------------------------------------------------------------------- X

### BONDHOLDERS' FIRST SET OF INTERROGATORIES
### TO THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT
### OF THE COMMONWEALTH OF PUERTO RICO

Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and in connection with the *Omnibus Objection Of Official Committee Of Unsecured Creditors To Claims Asserted By Holders Of Bonds Issued By Employees Retirement System Of Government Of Puerto Rico* [ECF No. 5580 in Case No. 17-bk-03283], the *Omnibus Objection Of The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claims Filed Or Asserted By Holders Of ERS Bonds Against ERS And The Commonwealth* [ECF No. 6482 in Case No. 17-bk-03283], and Adversary Proceeding Nos. 19-00356, 19-00357, 19-00359, 19-00361, certain secured creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree

4

Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund Holdings, L.P.,  Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund II, Inc., Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax- Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., PWCM Master Fund Ltd., Redwood Master Fund, Ltd, SV Credit, L.P., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., Tax-Free Puerto Rico Target Maturity Fund, Inc., and UBS IRA Select Growth & Income Puerto Rico Fund[2] (the "Bondholders"), hereby propound the following interrogatories to ERS, which must be answered fully, in writing, and under oath by December 3, 2019.

## **INCORPORATION BY REFERENCE**

Bondholders incorporate by reference the Definitions and Instructions appended hereto as Exhibit A.

---

[2] Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., and Oaktree Opportunities Fund IX (Parallel 2), L.P. hold through Opps Culebra Holdings, L.P. Oaktree Huntington Investment Fund II, L.P. holds through Oaktree Opportunities Fund X Holdings (Delaware), L.P.  Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., and Oaktree Opportunities Fund X (Parallel 2), L.P. hold through Oaktree Opps X Holdco Ltd.

## INTERROGATORIES

Please set forth in detail Your responses to the following interrogatories:

**INTERROGATORY NO. 1:**  (a) State with specificity (i) the basis for Your contention that the 2008 issuance of bonds by ERS was *ultra vires* or null and void and (ii) when You first learned that anyone had made that contention, and (b) Identify all persons with knowledge of, and all Documents that Concern, the factual basis for that contention.

**INTERROGATORY NO. 2:**  (a) State when You first determined that, if the 2008 issuances of bonds by ERS were *ultra vires* or null and void, You would allegedly have grounds to avoid and recover payments made with respect to those bonds, and (b) Identify all persons with knowledge of, and all Documents that Concern, the factual basis for that contention.

**INTERROGATORY NO. 3:**  Identify all forms of borrowing that You contend ERS had the authority to engage in under the ERS Enabling Act as it existed in 2008, and the basis for Your contention.

**INTERROGATORY NO. 4:**  Identify, and state the basis for, Your interpretation of the phrase "tomar prestado de cualquier institución financiera, del Gobierno del Estado Libre Asociado de Puerto Rico o del gobierno federal de los Estados Unidos de América, o mediante colocaciones directas de deuda," and any English translation of that phrase, as that phrase is used in the Spanish-language original text in the ERS Enabling Act as it existed in 2008.

**INTERROGATORY NO. 5:**  Identify, and state the basis for, Your interpretation of the phrase "colocaciones directas de deuda," and any English translation of that phrase, as that phrase is used in the Spanish-language original text in the ERS Enabling Act as it existed in 2008.

**INTERROGATORY NO. 6:**  Identify, and state the basis for, Your interpretation of the phrase "tomar prestado de cualquier institución financiera," and any English translation of that

6

phrase, as that phrase is used in the Spanish-language original text in the ERS Enabling Act as it existed in 2008.

**INTERROGATORY NO. 7:**  State the basis for Your understanding of representations made by ERS in § 705 of the ERS Bond Resolution that "[t]he System is duly authorized under the Act to create and issue the Bonds and to adopt this Resolution and to create a security interest on the Pledged Property in the manner and to the extent provided in this Resolution," including (a) what efforts were undertaken to ensure the accuracy of that statement and (b) who reviewed and authorized ERS to make that statement.

**INTERROGATORY NO. 8:**  State whether You contend the statement in Interrogatory No. 7 is false.  If You contend the statement is false, identify when You came to the conclusion that it was false and Identify all persons with knowledge of, and all Documents that Concern, the factual basis for that contention.

**INTERROGATORY NO. 9:**  Identify when You contend that a reasonable investor would have been first placed on notice of the particular defect that You contend renders the ERS Bonds *ultra vires* or null and void.

**INTERROGATORY NO. 10:**  Identify with specificity all facts, disclosures, and Communications that You contend placed a reasonable investor on notice of the particular defect that You contend renders the ERS Bonds *ultra vires* or null and void.

**INTERROGATORY NO. 11:**  If You contend that any person acted contrary to any law or rule in connection with the issuance of the ERS Bonds, please (a) Identify that person, (b) state what law or rule You contend that person violated, (c) state when and how You contend that violation occurred, (d) state the facts that constituted that violation, (e) state when You

learned of the violation; (f) state all steps You or anyone took to remedy or correct that violation, and (g) Identify any notice You provided to anyone concerning the violation.

**INTERROGATORY NO. 12:** Identify each person who participated in preparing an answer to any of these interrogatories and describe that person's participation in answering the interrogatory.

[*Signatures on Next Page*]

In San Juan, Puerto Rico, today November 1, 2019.

*/s/Alfredo Fernández-Martínez*

Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com
USDC-PR 210511


Geoffrey S. Stewart (*pro hac vice*)
Matthew E. Papez (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
Stephen M. DeGenaro (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3435
Fax: (202) 626-1700
gstewart@jonesday.com
mpapez@jonesday.com
ssooknanan@jonesday.com
sdegenaro@jonesday.com

*/s/ Geoffrey S. Stewart*

Bruce Bennett (*pro hac vice*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com


Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com


David R. Fox (*pro hac vice*)
JONES DAY
100 High St
Boston, MA 02110
Tel. (617) 449-6925
Fax: (617) 960-3939
drfox@jonesday.com

*Counsel for Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund Holdings, L.P.,  Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., Redwood Master Fund, Ltd, and SV Credit, L.P.*

*/s/ Alicia I. Lavergne-Ramirez*

José C. Sánchez-
Castro USDC-PR
213312
jsanchez@lsplawpr.com

Alicia I. Lavergne-
Ramírez USDC-PR
215112
alavergne@lsplawpr.com

LÓPEZ SÁNCHEZ & PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
Tel. (787) 522-6776
Fax: (787) 522-6777

*/s/ Jason N. Zakia*

Glenn M. Kurtz (*pro hac vice*)
John K. Cunningham (*pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas New
York, NY 10036
Tel. (212) 819-8200
Fax (212) 354-8113
gkurtz@whitecase.com
jcunningham@whitecase.com

Jason N. Zakia (*pro hac vice*)
Cheryl T. Sloane (*pro hac vice*)
Jesse L. Green (*pro hac vice*)
WHITE & CASE LLP
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131
Tel. (305) 371-2700
Fax (305) 358-5744
jzakia@whitecase.com

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc.; Puerto Rico AAA Portfolio Bond Fund
II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc.; Puerto Rico Fixed Income Fund,
Inc.; Puerto Rico Fixed Income Fund II, Inc.; Puerto Rico Fixed Income Fund III, Inc.; Puerto
Rico Fixed Income Fund IV, Inc.; Puerto Rico Fixed Income Fund V, Inc.; Puerto Rico Fixed
Income Fund VI, Inc.; Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc.;
Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc.; Tax-Free Puerto Rico
Fund, Inc.; Tax-Free Puerto Rico Fund II, Inc.; Tax-Free Puerto Rico Target Maturity Fund, Inc.;
and UBS IRA Select Growth & Income Puerto Rico Fund*

# Exhibit A

## DEFINITIONS

1.      Defendants incorporate by reference the definitions and rules of construction set forth in Local Rule 26.3 of the United States District Court for the Southern District of New York.

2.      "Affiliate" means any person or entity related to, associated with, owning, owned by, under common control with, under the direction of, or with the ability to direct or control another person. "Affiliate" also means any current and former principal, officer, director, manager, general partner, employee, agent, parent company, or subsidiary of any such person or entity, as well as that person or entity's advisors, attorneys, accountants, predecessors, successors, assigns, heirs, administrators, executors, supervisors, or representatives.

3.      "ERS" means the Employees Retirement System of the Government of the Commonwealth of Puerto Rico.

4.      "ERS Bond Resolution" means the Pension Funding Bond Resolution adopted by ERS on or about January 24, 2008.

5.      "ERS Bonds" means the debt issued by the ERS in 2008 pursuant to the ERS Bond Resolution.

6.      "ERS Enabling Act" means Act 447 of May 15, 1951, as amended   or supplemented.

7.      "You" or "Your" means each person to whom this document request is directed, and any Affiliate of such person.

## INSTRUCTIONS

1.      Responses to interrogatories should be based on all information in Your possession,

custody, or control.

2.      Each of these interrogatories shall be construed independently and shall not be limited by any other interrogatories.

3.      Whenever necessary to bring within the scope of an interrogatory a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

(a)      Construe the past tense of the verb to include the present tense and the present tense to include the past tense;

(b)      Construe the masculine form to include the feminine form;

(c)      Construe negative terms to include the positive and vice versa; and

(d)      Construe "include" to mean include or including "without limitation."

4.      If, in responding to these interrogatories, You encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

5.      These Interrogatories are addressed to You. If the requested information is known to You to exist, but it is not in Your possession, custody, or control, You shall so indicate or produce information and/or Documents that show the name of the person or entity in whose custody such information presently resides. You are required to respond separately and fully to each Interrogatory.

6.      In responding to these Interrogatories, You are required to furnish all information known or available to You, regardless of whether this information is possessed directly by You, Your agents, employees, attorneys, any other persons directly or indirectly employed by or connected with You, anyone else subject to Your control or in any manner affiliated with You.

7.      If You cannot answer all or part of an interrogatory after exercising due diligence to secure the full information to do so, state and answer to the extent possible, specifying Your inability to answer the remainder; stating whatever information or knowledge You have concerning the unanswered portion; and detailing what You did in attempting to secure the unknown information.

8.      If any requested information is withheld from production under claim of privilege (including, but not limited to, the attorney-client privilege and work product doctrine) identify with respect to each communication, document, or tangible thing the nature and basis of the privilege claimed, and provide as much of the following information as is not encompassed by the privilege: its type; its general subject matter and purpose; its date; the names of persons making or receiving the communication, document, or tangible thing or a copy thereof or, if the communication was oral, of those present when it was made; their relationship to the author or speaker; and any other information needed to determine the applicability of the privilege or protection.

9.      If any information withheld on the ground that providing it is unduly burdensome, please describe the burden or expense of the proposed discovery.

10.      In the event that You object to any interrogatory on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that interrogatory as narrowed to the least extent necessary to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that interrogatory for purposes of Your response.

11.      Unless otherwise specified, these interrogatories are without time limit.

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE FINANCIAL OVERSIGHT AND | ) | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO | ) | Title III |
| | ) | |
| as representative of | ) | Case No. 17-BK-03283 (LTS) |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | ) | |
| | ) | |
| Debtors.[1] | ) | |
| In re: | ) | |
| | ) | |
| THE FINANCIAL OVERSIGHT AND | ) | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | Title III |
| | ) | |
| as representative of | ) | Case No. 17-BK-03566 (LTS) |
| | ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE | ) | |
| GOVERNMENT OF THE COMMONWEALTH OF | ) | |
| PUERTO RICO, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| THE SPECIAL CLAIMS COMMITTEE OF THE | ) | |
| FINANCIAL OVERSIGHT AND MANAGEMENT | ) | |
| BOARD FOR PUERTO RICO, ACTING BY AND | ) | |
| THROUGH ITS MEMBERS, | ) | Adv. Proc. No. 19-00356 (LTS) |
| | ) | |
| and | ) | |
| | ) | |

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "<u>Title III</u>"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric and Power Authority  (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF ALL TITLE III DEBTORS
(OTHER THAN COFINA AND PBA),

     as co-trustees of

THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF PUERTO RICO,

     Plaintiff,

v.

DEFENDANT 1M, *et al.*,

     Defendants.

_____

THE SPECIAL CLAIMS COMMITTEE OF THE
FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO, ACTING BY AND
THROUGH ITS MEMBERS,

     and

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF ALL TITLE III DEBTORS
(OTHER THAN COFINA AND PBA),

     as co-trustees of

THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF PUERTO RICO,

     Plaintiff,

v.

DEFENDANT 1R, *et al.*,

Adv. Proc. No. 19-00357 (LTS)

Defendant.                                          )
                                                    )
                                                    )
_____            )
                                                    )
THE SPECIAL CLAIMS COMMITTEE OF THE                 )       Adv. Proc. No. 19-00359 (LTS)
FINANCIAL OVERSIGHT AND MANAGEMENT                  )
BOARD FOR PUERTO RICO, ACTING BY AND                )
THROUGH ITS MEMBERS,                                )
                                                    )
        and                                         )
                                                    )
THE OFFICIAL COMMITTEE OF UNSECURED                 )
CREDITORS OF ALL TITLE III DEBTORS                  )
(OTHER THAN COFINA AND PBA),                         )
                                                    )
        as co-trustees of                            )
                                                    )
THE EMPLOYEES RETIREMENT SYSTEM OF THE              )
GOVERNMENT OF PUERTO RICO,                           )
                                                    )
        Plaintiff,                                   )
                                                    )
v.                                                   )
                                                    )
DEFENDANT 1H-78H,                                   )
                                                    )
        Defendants.                                 )
                                                    )
                                                    )
_____            )
                                                    )
THE SPECIAL CLAIMS COMMITTEE OF THE                 )       Adv. Proc. No. 19-00361 (LTS)
FINANCIAL OVERSIGHT AND MANAGEMENT                  )
BOARD FOR PUERTO RICO, ACTING BY AND                )
THROUGH ITS MEMBERS,                                )
                                                    )
        and                                         )
                                                    )
THE OFFICIAL COMMITTEE OF UNSECURED                 )
CREDITORS OF ALL TITLE III DEBTORS                  )
(OTHER THAN COFINA AND PBA),                         )
                                                    )
        as co-trustees of                            )
                                                    )
                                                    )

THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF PUERTO RICO,

      Plaintiff,

v.

DEFENDANT 1G-50G,

      Defendant.

--------------------------------------------------------------------- X

## OBJECTIONS AND RESPONSES TO BONDHOLDERS' FIRST SET OF INTERROGATORIES TO ERS REGARDING *ULTRA VIRES* ISSUES

Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure ("FRBP"), made applicable to this matter under Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), the Financial Oversight and Management Board for Puerto Rico, acting through all of its members and by and through the members of its Special Claims Committee (together, the "Oversight Board"), together with the Puerto Rico Fiscal Agency and Financial Authority ("AAFAF"), collectively in all respects and capacities on behalf of the Employees Retirement System of Puerto Rico ("ERS," as represented by the Oversight Board and AAFAF, the "Respondent") hereby responds and objects (collectively, the "Responses and Objections") as follows to the *Bondholders' First Set of Interrogatories to the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* regarding *ultra vires* issues (including each numbered interrogatory, the "Interrogatories").

## GENERAL OBJECTIONS AND RESPONSES

1.     ERS objects to each Definition, Instruction and Request to the extent it purports to impose duties on ERS that are inconsistent with, not otherwise authorized by, or exceed those

required by the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure as

made applicable by PROMESA, the local rules for the United States Bankruptcy Court for

District of Puerto Rico, or the presiding Court's chambers practices and case management orders

(collectively, the "Governing Rules").  ERS objects to the incorporation by reference to the

definitions and rules for the United States District Court for the Southern District of New York,

which do not govern these actions.  ERS will construe and respond to the Requests as the

Governing Rules require, and not otherwise.

       2.      The Responses that follow represent ERS's understanding of the facts after a

reasonable investigation in light of the expedited discovery schedule, and ERS reserves the right

to develop and produce additional information at a later time. In responding to the

Interrogatories, ERS has used reasonable diligence to determine responsive facts and

information. To the extent that the ERS Bondholders seek to require ERS to do more than the

foregoing, ERS objects to each and every Interrogatory on the grounds that it is overbroad,

oppressive, harassing, subjects ERS to undue burden and expense incommensurate with the ERS

Bondholders' legitimate discovery needs, and seeks information not relevant to the subject

matter of this case.

       3.      ERS objects to each Definition, Instruction and Request to the extent it expressly

or impliedly seeks information protected from discovery by any applicable privilege, protection,

doctrine or immunity, including the attorney-client privilege, the attorney work-product doctrine,

the common interest doctrine, or the executive and deliberative process privileges.  Nothing in

these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any

privileges, protections, doctrines, or immunities.

4.      ERS objects to the Definitions and Instructions to the extent that they purport to require ERS to provide information not within its possession, custody or control.  Subject to the other general and specific objections set forth herein, responses to specific Interrogatories should not be construed as a representation that all information and every document in ERS's possession, custody, or control has been examined.

5.      To the extent any term defined or used in the Interrogatories is used in responding to the Interrogatories, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

6.      ERS objects to the definition of the terms "<u>You</u>" and "<u>Your</u>" to the extent they are defined to include "<u>Affiliates</u>," as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the disclosure of information relevant to the Adversary Complaints. In responding to these Interrogatories, ERS will construe "<u>You</u>" and "<u>Your</u>" to mean ERS and its employees reasonably likely to possess information relevant to the Adversary Complaints.

7.      ERS objects to the definition of the term "<u>Affiliate</u>" on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Read broadly, this definition could be limitless because it includes "*any* person or entity" that is "related to or associated with" the person or entity in question. Furthermore, the definition of "<u>Affiliate</u>" includes a litany of different individuals, including "agents," "advisors, attorneys, accountants" and unspecified "representatives."  With respect to people or entities other than ERS, determining who may be an "<u>Affiliate</u>" under this definition would require an exhaustive investigation with no assurance that every "<u>Affiliate</u>" would be identified. Even for ERS itself, it would be unduly burdensome to include every

3

"Affiliate," and that overbreadth is compounded by the fact that the definition of "You" and

"Your" already includes "Affiliates" (so ERS would be required to include "Affiliates" of its

"Affiliates"). In responding to the Interrogatories, ERS will construe "Affiliate" to mean (i) any

entity controlling, controlled by, or under common control with the entity at issue, *see* 17 C.F.R.

§ 230.405, and (ii) any of the entity's officers and directors.

8.      ERS objects to the "Instructions" to the extent they place an unreasonable burden

on ERS, including without limitation by seeking information that is equally or more readily

available from public sources.

9.      ERS objects to Instruction 2 on the grounds that it is vague and ambiguous.  It is

unclear what is meant by construing each Interrogatory "independently," and ERS reserves its

rights to make any and all appropriate objections to the Interrogatories, whether construing them

separately, "independently," or as a whole.

10.     ERS objects to Instruction 5 on the grounds that it is overly broad, unduly

burdensome, and does not seek discovery proportionate to the needs of the case.

11.     ERS objects to Instruction 8 to the extent it exceeds the scope of the Governing

Rules. ERS further objects to this Instruction on the grounds that it is unduly burdensome and

not proportional to the needs of the case to the extent it requires a written privilege log for each

document withheld from production. Given the extremely abbreviated time frame for discovery

in this matter, logging every document withheld from production would be unduly burdensome

and oppressive. ERS reserves the right to produce a categorical privilege log if necessary and

appropriate.

12.     ERS objects to Instruction 11 on the grounds that it exceeds the scope of the

Governing Rules by requesting information "without time limit," and is overly broad, unduly

burdensome, and does not seek discovery proportionate to the needs of the case. This date range predates the ERS bond issuance in January 2008 and extends more than two years beyond the filing of ERS's Title III case in May 2017. Unless otherwise stated, ERS interprets the relevant time period to be from January 1, 2008 through May 21, 2017 (when ERS filed its Title III case).

13.     These Responses and Objections are made without waiving, or intending to waive, but, on the contrary, expressly reserving: (a) the right to object on the grounds of competency, privilege, relevancy, materiality, admissibility as evidence for any purpose, or any other proper grounds, to the use of any information provided in connection with these interrogatories or the subject matter thereof, in whole or in part, at any trial or hearing in this proceeding or in any related or subsequent action or proceeding; (b) the right to object on any and all grounds, at any time, to other discovery procedures involving or relating to the subject matter of the Interrogatories or otherwise; and (c) the right at any time to revise, amend, correct, supplement, or clarify any of the Responses and Objections herein.

14.     These Responses and Objections should not be construed as: (a) an admission as to the propriety of any Request; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Request; (c) an acknowledgement that documents or other items responsive to any Request exist; (d) a waiver of the General Objections or the objections asserted in response to specific Requests; (e) an admission as to the relevance or admissibility into evidence of any documents, item or information; (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation; or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner. Nothing in these Responses and Objections is intended to waive, and ERS expressly reserves, the right to file a motion for a protective order.

15.     In addition to the foregoing, these Responses and Objections should not be construed as an admission that ERS at any time issued enforceable bonds, or received any property in exchange for a purported issuance of bonds.  ERS objects to the definition of "ERS Bonds," as well as the term "issuance" and related terms and/or conduct to the extent such definition or language assumes or implies that ERS issued valid, authorized, or otherwise binding or enforceable bonds.

16.     The term "ERS Bond Objections" as used herein shall refer to the *Omnibus Objection Of Official Committee Of Unsecured Creditors To Claims Asserted By Holders Of Bonds Issued By Employees Retirement System Of Government Of Puerto Rico* [Docket No. 5580 in Case No. 17-bk-03283] and the *Objection of Official Committee of Unsecured Creditors to Claims Asserted by Oaktree Funds That Hold Bonds Issued By Employees Retirement System of Government of Puerto Rico*  [Docket No. 5586  in Case No. 17-bk-03283].

17.     The term "Adversary Complaints" as used herein shall refer to the complaints (as amended) filed by ERS in Adversary Proceeding Nos. 19-00355, 19-00356, 19-00357, 19-00358, 19-00359, 19-00361.

18.     ERS's investigation into the subject matter of these Requests is ongoing.  ERS reserves the right to modify, supplement, and/or amend any Response as discovery progresses.

19.     The foregoing objections (the "General Objections") are incorporated into each of the Responses and Objections to each individual Interrogatory set forth below.

## **OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**  (a) State with specificity (i) the basis for Your contention that the 2008 issuance of bonds by ERS was *ultra vires* or null and void and (ii) when You first

learned that anyone had made that contention, and (b) Identify all persons with knowledge of, and all Documents that Concern, the factual basis for that contention.

**RESPONSE TO INTERROGATORY NO. 1:**  In addition to its General Objections, ERS further objects to this interrogatory on the grounds that when ERS first learned that "anyone" had made a particular contention and the identities of persons with knowledge of that contention is patently irrelevant to whether the ERS Bonds were issued *ultra vires* and are thus null and void.  ERS objects to this interrogatory to the extent it seeks information not in ERS's possession, custody, or control.  ERS objects to this interrogatory as overbroad and unduly burdensome in requesting that ERS Identify all persons with knowledge of and all Documents that Concern ERS' contention, as that would include, among others, every person who is aware of ERS' Objection and all documents from all parties, including the ERS Bondholders and third parties.  Discovery has just begun and no party, including ERS, has yet finished collecting, reviewing and producing documents.  ERS further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product immunity, the executive and deliberative-process privileges, or any other applicable privileges, protections, doctrines, or immunities protecting information from disclosure.

Subject to and without waiving any of its General or Specific Objections, the factual basis for and Documents that Concern ERS's contention are set forth in paragraphs 23-55 of the ERS Bond Objections[2] and paragraphs 15-37 of the Adversary Complaints.  Upon information

---

[2] Because the *Objection of Official Committee of Unsecured Creditors to Claims Asserted by Oaktree Funds That Hold Bonds Issued By Employees Retirement System of Government of Puerto Rico* [Docket No. 5586  in Case No. 17-bk-03283] incorporates by reference the reasons stated in the *Omnibus Objection Of Official Committee Of Unsecured Creditors To Claims Asserted By Holders Of Bonds Issued By Employees Retirement System Of Government Of Puerto Rico* [Docket No. 5580 in Case No. 17-bk-03283], citations to the ERS Bond Objections will refer to the paragraphs of the latter filing.

and belief, persons with factual knowledge that the ERS Bonds were issued *ultra vires* include former ERS officials, members of the Puerto Rico Legislative Assembly, and ERS Bondholders. Discovery has just begun and ERS's investigation into the subject matter of this interrogatory is ongoing.  ERS reserves the right to modify, supplement, and/or amend its response to this interrogatory as discovery progresses.

**INTERROGATORY NO. 2:**  (a) State when You first determined that, if the 2008 issuances of bonds by ERS were *ultra vires* or null and void, You and/or ERS would allegedly have grounds to avoid and recover payments made with respect to those bonds, and (b) Identify all persons with knowledge of, and all Documents that Concern, the factual basis for that contention.

**RESPONSE TO INTERROGATORY NO. 2:**  In addition to its General Objections, ERS further objects to this interrogatory on the grounds that when ERS first made a particular legal determination is privileged and patently irrelevant to whether the ERS Bonds were issued *ultra vires* and are thus null and void.  ERS objects to this interrogatory as overbroad and unduly burdensome in requesting that ERS Identify all persons with knowledge of and all Documents that Concern ERS' contention, as that would include, among others, every person who is aware of ERS' Objection and all documents from all parties, including the ERS Bondholders and third parties.  Discovery has just begun and no party, including ERS, has yet finished collecting, reviewing and producing documents.  ERS objects to subpart (b) of this interrogatory to the extent it seeks more information that what would be disclosed on a privilege log under the Governing Rules.  ERS further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product immunity, the executive and

8

deliberative-process privileges, or any other applicable privileges, protections, doctrines, or immunities protecting information from disclosure.

**INTERROGATORY NO. 3:**  Identify all forms of borrowing that You contend ERS had the authority to engage in under the ERS Enabling Act as it existed in 2008, and the basis for Your contention.

**RESPONSE TO INTERROGATORY NO. 3:**  Subject to and without waiving any of its General or Specific Objections, ERS states that under the ERS Enabling Act as it existed in 2008, the ERS Enabling Act granted the ERS Board of Trustees the power to authorize the ERS administrator to seek a loan from any financial institution, from the Government of the Commonwealth of Puerto Rico or from the Federal Government of the United States of America, or through direct placements of debt, securing such debt with the assets of the System.  ERS had no authority to engage in any other form of borrowing.  ERS reserves the right to modify, supplement, and/or amend its response to this interrogatory as discovery progresses.

**INTERROGATORY NO. 4:**  Identify, and state the basis for, Your interpretation of the phrase "tomar prestado de cualquier institución financiera, del Gobierno del Estado Libre Asociado de Puerto Rico o del gobierno federal de los Estados Unidos de América, o mediante colocaciones directas de deuda," and any English translation of that phrase, as that phrase is used in the Spanish-language original text in the ERS Enabling Act as it existed in 2008.

**RESPONSE TO INTERROGATORY NO. 4:**  In addition to its General Objections, ERS further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product immunity, the executive and deliberative-process privileges, or any other applicable privileges, protections, doctrines, or immunities protecting information from disclosure.

Subject to and without waiving any of its General or Specific Objections, ERS interprets the quoted phrase to mean "seek a loan from any financial institution, from the Government of the Commonwealth of Puerto Rico or from the Federal Government of the United States, or through direct placements of debt" because that is a proper English translation of the original Spanish text. ERS reserves the right to modify, supplement, and/or amend its response to this interrogatory as discovery progresses.

**INTERROGATORY NO. 5:** Identify, and state the basis for, Your interpretation of the phrase "colocaciones directas de deuda," and any English translation of that phrase, as that phrase is used in the Spanish-language original text in the ERS Enabling Act as it existed in 2008.

**RESPONSE TO INTERROGATORY NO. 5:** In addition to its General Objections, ERS further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product immunity, the executive and deliberative-process privileges, or any other applicable privileges, protections, doctrines, or immunities protecting information from disclosure.

Subject to and without waiving any of its General or Specific Objections, ERS interprets the quoted phrase to mean "direct placements of debt" because that is a proper English translation of the original Spanish text. For the reasons set forth in paragraphs 23-46 of the ERS Bond Objections and paragraphs 15-37 of the Adversary Complaints, ERS interprets this phrase as not including underwritten public bond offerings such as the ERS Bond issuances. ERS reserves the right to modify, supplement, and/or amend its response to this interrogatory as discovery progresses.

10

**INTERROGATORY NO. 6:**  Identify, and state the basis for, Your interpretation of the phrase "tomar prestado de cualquier institución financiera," and any English translation of that phrase, as that phrase is used in the Spanish-language original text in the ERS Enabling Act as it existed in 2008.

**RESPONSE TO INTERROGATORY NO. 6:**  In addition to its General Objections, ERS further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product immunity, the executive and deliberative-process privileges, or any other applicable privileges, protections, doctrines, or immunities protecting information from disclosure.

Subject to and without waiving any of its General or Specific Objections, ERS interprets the quoted phrase to mean "seek a loan from any financial institution" because that is a proper English translation of the original Spanish text.  ERS reserves the right to modify, supplement, and/or amend its response to this interrogatory as discovery progresses.

**INTERROGATORY NO. 7:**  State the basis for Your understanding of representations made by ERS in § 705 of the ERS Bond Resolution that "[t]he System is duly authorized under the Act to create and issue the Bonds and to adopt this Resolution and to create a security interest on the Pledged Property in the manner and to the extent provided in this Resolution."

**RESPONSE TO INTERROGATORY NO. 7:**  ERS objects to this interrogatory because the content of the ERS Bond Resolution, which speaks for itself, is not relevant to whether the ERS Bonds were validly issued under the ERS Enabling Act, which is a legal issue. ERS further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product immunity, the executive and deliberative-

11

process privileges, or any other applicable privileges, protections, doctrines, or immunities
protecting information from disclosure.

Subject to and without waiving any of its General or Specific Objections, the language
quoted from Section 705 of the ERS Bond Resolution in this interrogatory is incorrect.  ERS is
investigating whether there was any basis for the statement other than what was stated in the
ERS Bond Resolution.  ERS reserves the right to modify, supplement, and/or amend its response
to this interrogatory as discovery progresses.

**INTERROGATORY NO. 8:**  State whether You contend the statement in Interrogatory
No. 7 is false.  If You contend the statement is false, identify when You came to the conclusion
that it was false and Identify all persons with knowledge of, and all Documents that Concern, the
factual basis for that contention.

**RESPONSE TO INTERROGATORY NO. 8:**  In addition to its General Objections,
ERS objects to this interrogatory on the grounds that when ERS first came to a particular
conclusion and the identities of persons with knowledge of ERS's conclusion are patently
irrelevant to whether the ERS Bonds were issued *ultra vires* and are thus null and void.  ERS
objects to this interrogatory to the extent it seeks information not in ERS's possession, custody,
or control.  ERS objects to this interrogatory as overbroad and unduly burdensome in requesting
that ERS Identify all persons with knowledge of and all Documents that Concern ERS's
contention, as that would include, among others, every person who is aware of ERS's Objection
and all documents from all parties, including the ERS Bondholders and third parties.  Discovery
has just begun and no party, including ERS, has yet finished collecting, reviewing and producing
documents.  ERS further objects to this interrogatory to the extent that it seeks information
protected by the attorney-client privilege, the attorney work-product immunity, the executive and

12

deliberative-process privileges, or any other applicable privileges, protections, doctrines, or immunities protecting information from disclosure.

Subject to and without waiving any of its General or Specific Objections, ERS states that the language quoted from Section 705 of the ERS Bond Resolution in Interrogatory No. 7 is incorrect.  The factual basis for and Documents that Concern ERS's contention are set forth in paragraphs 23-46 of the ERS Bond Objections and paragraphs 15-37 of the Adversary Complaints.  Upon information and belief, persons with knowledge that the ERS Bonds were issued *ultra vires* include former ERS officials, members of the Puerto Rico Legislative Assembly, and ERS Bondholders.   Discovery has just begun and ERS's investigation into the subject matter of this interrogatory is ongoing.  ERS reserves the right to modify, supplement, and/or amend its response to this interrogatory as discovery progresses.

**INTERROGATORY NO. 9:**  Identify when You contend that a reasonable investor would have been first placed on notice of the particular defect that You contend renders the ERS Bonds *ultra vires* or null and void.

**RESPONSE TO INTERROGATORY NO. 9:**  In addition to its General Objections, ERS objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product immunity, the executive and deliberative-process privileges, or any other applicable privileges, protections, doctrines, or immunities protecting information from disclosure.  ERS objects to this interrogatory to the extent that it embeds legal conclusions.

Subject to and without waiving any of its General or Specific Objections, ERS responds that purchasers of the bonds were at all times provided notice of relevant defects.  Discovery has just begun and ERS's investigation into the subject matter of this interrogatory is ongoing.  ERS

reserves the right to modify, supplement, and/or amend its response to this interrogatory as discovery progresses.

**INTERROGATORY NO. 10:** Identify with specificity all facts, disclosures, and Communications that You contend placed a reasonable investor on notice of the particular defect that You contend renders the ERS Bonds *ultra vires* or null and void.

**RESPONSE TO INTERROGATORY NO. 10:** In addition to its General Objections, ERS further objects to this interrogatory insofar as it embeds legal conclusions. ERS further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product immunity, the executive and deliberative-process privileges, or any other applicable privileges, protections, doctrines, or immunities protecting information from disclosure.

Subject to and without waiving any of its General or Specific Objections, ERS refers to the facts, disclosures, and Communications set forth in paragraphs 63-70 of the ERS Bond Objections and paragraphs 15-37 of the Adversary Complaints, including the text of the ERS Enabling Act as it existed at the time the ERS Bonds were issued. Discovery has just begun and ERS's investigation into the subject matter of this interrogatory is ongoing. ERS reserves the right to modify, supplement, and/or amend its response to this interrogatory as discovery progresses.

**INTERROGATORY NO. 11:** If You contend that any person acted contrary to any law or rule in connection with the issuance of the ERS Bonds, please (a) Identify that person, (b) state what law or rule You contend that person violated, (c) state when and how You contend that violation occurred, (d) state the facts that constituted that violation, (e) state when You

learned of the violation; (f) state all steps You or anyone took to remedy or correct that violation, and (g) Identify any notice You provided to anyone concerning the violation.

**RESPONSE TO INTERROGATORY NO. 11:**   In addition to its General Objections, ERS further objects to this interrogatory on the grounds that this interrogatory is irrelevant to whether the ERS Bonds were ultra vires, which is a legal issue.  Neither Respondent's Adversary Complaints nor any of the related litigation are based on a contention that individual persons violated laws or rules applicable to such persons in their individual capacities in connection with the purported issuance of the ERS Bonds, although such violations may have occurred.  Nor is it relevant when ERS learned of a violation, whether anyone took steps to remedy or correct a violation, or whether ERS provided "notice."  Discovery has just begun and ERS's investigation into the subject matter of this interrogatory is ongoing.  ERS reserves the right to modify, supplement, and/or amend its response to this interrogatory as discovery progresses.

**INTERROGATORY NO. 12:**   Identify each person who participated in preparing an answer to any of these interrogatories and describe that person's participation in answering the interrogatory.

**RESPONSE TO INTERROGATORY NO. 12:**   In addition to its General Objections, ERS objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work-product immunity, the executive and deliberative-process privileges, the common interest doctrine, or any other applicable privileges, protections, doctrines, or immunities protecting information from disclosure.  In particular, description of a person's participation could encompass privileged information and is not relevant to whether the ERS Bonds were validly issued under the ERS Enabling Act.  ERS further objects to this

15

interrogatory to the extent it seeks the names of counsel, on the grounds it seeks information not relevant to any claim or defense.

Subject to and without waiving any of its General or Specific Objections, ERS Administrator Luis Collazo reviewed ERS's responses.

*[remainder of page intentionally left blank]*

Dated:  December 3, 2019
      New York, New York

*/s/ Edward S. Weisfelner*
BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*pro hac vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com

Sunni P. Beville, Esq. (*pro hac vice*)
Tristan G. Axelrod, Esq. (*pro hac vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and
Management Board, acting through the
members of the Special Claims Committee*

and

ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and
Management Board, acting through the
members of the Special Claims Committee*

*/s/  Margaret A. Dale*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
mbienenstock@proskauer.com
brosen@proskauer.com
jlevitan@proskauer.com
mdale@proskauer.com

*Counsel to the Financial Oversight and
Management Board*

And

Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897 Tel.
787.647.3503
Fax. 787.763.8260
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos San Juan, PR 00918
Tel. 787.751.6764/763.0565
Fax. 787.763.8260

*Local Counsel to the Financial Oversight and
Management Board for Puerto Rico*

*/s/ Peter Friedman*,

O'MELVENY & MYERS LLP
John J. Rapisardi
Suzzanne Uhland
Peter Friedman
William J. Sushon
(Admitted *Pro Hac Vice*)
Seven Times Square
New York, New York 10036
(212) 326-2000
jrapisardi@omm.com
suhland@omm.com
pfriedman@omm.com
wsushon@omm.com

*/s/ Luis C. Marini-Biaggi*,
MARINI PIETRANTONI MUÑIZ LLC
Luis C. Marini-Biaggi
USDC No. 222301
lmarini@mpmlawpr.com
Carolina Velaz-Rivero
USDC No. 300913
cvelaz@mpmlawpr.com
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

*Co-Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory Authority*

## **VERIFICATION OF INTERROGATORY RESPONSES**

I, Luis Collazo Rodríguez, am Administrator of the Employees Retirement System for the Government of Puerto Rico ("ERS").  I have read the foregoing Responses to ERS Bondholders' Interrogatories to the Employees Retirement System of the Government of the Commonwealth of Puerto Rico and know the contents thereof.  I am informed and believe that the facts stated therein are true to the best of my knowledge and on the basis of information made available to me.

I verify under penalty of perjury that the foregoing is true and correct.  Executed on December 3, 2019, in San Juan, Puerto Rico.

Luis Collazo Rodriguez
Administrator
Employees Retirement System for
the Government of Puerto Rico

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 3, 2019, a true and correct copy of the

foregoing was served via electronic mail on the counsel for Defendants identified below.

*/s/ Jennifer L. Roche*
Jennifer L. Roche

Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com

Geoffrey S. Stewart (*pro hac vice*)
Matthew E. Papez (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
Stephen M. DeGenaro (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W. Washington, DC 20001
Tel. (202) 879-3435
Fax: (202) 626-1700
gstewart@jonesday.com
mpapez@jonesday.com
ssooknanan@jonesday.com
sdegenaro@jonesday.com

Bruce Bennett (*pro hac vice*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281 Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

David R. Fox (*pro hac vice*)
JONES DAY
100 High St
Boston, MA 02110
Tel. (617) 449-6925
Fax: (617) 960-3939
drfox@jonesday.com

José C. Sánchez-Castro
jsanchez@lsplawpr.com
Alicia I. Lavergne-Ramírez
alavergne@lsplawpr.com
LÓPEZ SÁNCHEZ & PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
Tel. (787) 522-6776
Fax: (787) 522-6777

Glenn M. Kurtz (*pro hac vice*)
John K. Cunningham (*pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas New
York, NY 10036
Tel. (212) 819-8200
Fax (212) 354-8113
gkurtz@whitecase.com
jcunningham@whitecase.com

Jason N. Zakia (*pro hac vice*)
Cheryl T. Sloane (*pro hac vice*)
Jesse L. Green (*pro hac vice*)
WHITE & CASE LLP
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131
Tel. (305) 371-2700
Fax (305) 358-5744
jzakia@whitecase.com

Elaine Maldonado-Matías
Albéniz Couret-Fuentes
304 Ponce de León Ave. – Suite 990
San Juan, PR 00918
Telephone: (787) 765-5656
Facsimile: (787) 294-0073
Email: emaldonado@smclawpr.com
Email: acouret@smclawpr.com

Eric A. Schaffer (*pro hac vice*)
Luke A. Sizemore (*pro hac vice*)
REED SMITH LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email: eschaffer@reedsmith.com
Email: lsizemore@reedsmith.com

C. Neil Gray (*pro hac vice*)
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
Email: cgray@reedsmith.com

# EXHIBIT C

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

DIRECT NUMBER: (202) 879-3881
mpapez@jonesday.com

JP024413                              December 9, 2019

VIA E-MAIL

Jennifer L. Roche                    Catherine Steege
Proskauer                            Jenner & Block LLP
2029 Century Park East               353 N. Clark Street
Suite 2400                           Chicago, IL 60654
Los Angeles, CA 90067-3010           csteege@jenner.com
jroche@proskauer.com

                                     William J. Sushon
Margaret Dale                        O'Melveny & Myers LLP
Proskauer                            Seven Times Square
Eleven Times Square                  New York, NY 10036
New York, NY 10036-8299              wsushon@omm.com
mdale@proskauer.com

Luc A. Despins
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
lucdespins@paulhastings.com

        Re:    Responses and Objections to Bondholders' Discovery Requests (Ultra
               Vires Proceedings)

Dear Counsel:

        We are writing with regard to the responses and objections you each served on behalf of
your clients on November 22 and December 3, 2019, responding to the Bondholders' (i) Requests
for Production to the Employees Retirement System of the Government of the Commonwealth of
Puerto Rico ("ERS"); (ii) Requests for Production to the Official Committee of Unsecured
Creditors ("UCC"); (iii) Requests for Production to the Official Committee of Retired Employees
of the Commonwealth of Puerto Rico ("Retirees"); (iv) Subpoena to the Commonwealth of Puerto
Rico ("Commonwealth"); (v) Subpoena to the Financial Oversight and Management Board for
Puerto Rico ("Oversight Board"); (vi) Subpoena to the Puerto Rico Fiscal Agency and Financial
Advisory Authority ("AAFAF"); (vii) Interrogatories to ERS; (viii) Interrogatories to the UCC;

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Jennifer L. Roche, Margaret Dale, Luc A. Despins,
Catherine Steege, William J. Sushon
December 9, 2019
Page 2

and (ix) Interrogatories to the Retirees, all in connection with the *Omnibus Objection Of Official Committee of Unsecured Creditors To Claims Asserted By Holders Of Bonds Issued By Employees Retirement System Of Government Of Puerto Rico* [ECF No. 5580 in Case No. 17-bk-03283], the *Omnibus Objection Of The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claims Filed Or Asserted By Holders Of ERS Bonds Against ERS And The Commonwealth* [ECF No. 6482 in Case No. 17-bk-03283], and Adversary Proceeding Nos. 19-00356, 19-00357, 19-00359, and 19-00361 (the "Ultra Vires Proceedings").

For the reasons set forth below, we believe several of these responses and objections are deficient. Given time constraints and in the interests of moving forward, however, we have not attempted to catalogue every issue we have with your respective responses and objections, but have instead attempted to raise those issues that we believe will facilitate resolution of these issues. We reserve the right to address additional issues.

We would like to schedule a meet-and-confer with ERS on Thursday, December 12, 2019. Please let us know if you are available then, and if not, please let us know when you are available.

*Document Requests*:

### ERS, Commonwealth, UCC, Retirees, AAFAF and Oversight Board Request No. 1.
This Request seeks "[a]ll Documents Concerning ERS's decision to issue the ERS Bonds." In response, ERS agreed to produce "responsive, non-privileged ERS Board agendas, meeting minutes, presentations, and Board books within its possession, custody, or control related to the issuance of the ERS bonds that can be located by a reasonable search and that have not already been produced to the Bondholders." ERS's agreement to produce only Board materials is significantly more narrow than what this Request seeks. The Bondholders are nevertheless willing to accept ERS's limitation as to Board documents, but to be clear, any responsive Board documents would encompass not just those Board documents that were generated before or at the time of the Bond issuance, but also any Board documents created after 2008 that relate to the 2008 Bond issuance. So, for example, any Board documents that discuss or relate to the legality or illegality of the Bond issuance, regardless of date of the Board documents, should be produced. Please confirm.

All of the other parties or subpoena recipients objected to this Request in full, on substantially the same grounds. Among the objections each asserted is that the Request sought documents that are duplicative of ERS or that are in the possession of other parties. To be clear, this Request is directed at those documents that are in each party's or subpoena recipient's possession, custody, and control. The other boilerplate objections that each party or subpoena

JONES DAY

Jennifer L. Roche, Margaret Dale, Luc A. Despins,
Catherine Steege, William J. Sushon
December 9, 2019
Page 3

recipient made are without merit.  Nevertheless, in an effort to reach a compromise, the
Bondholders are willing to narrow this Request to the Commonwealth, AAFAF, and Oversight
Board to encompass documents and communications relating to the legality or illegality of
ERS's decision to issue the ERS Bond, at any time prior to the filing of ERS's Title III case.  The
Bondholders are willing to work with you on search terms for this Request.

The Bondholders are willing to defer further discussion of this Request with the UCC and
Retirees for now.


**ERS, Commonwealth, UCC, Retirees, AAFAF and Oversight Board Request Nos. 2-
3.**  These Requests relate to other potential ERS financing structures.

In response to these Requests, ERS agreed to produce "responsive, non-privileged ERS
Board agendas, meeting minutes, presentations, and Board books within its possession, custody,
or control related to other fund-raising or investing transactions, if any, that the ERS Board
considered that were described as alternatives to the bond issuances."  In addition to the Board
documents ERS has agreed to produce, ERS should also search for and produce any
communications by or on behalf of ERS (on the one hand) and any financial institutions, lenders,
financial advisors, or similar third parties (on the other hand) relating to any fund-raising or
investing transactions that would have been alternatives to the ERS Bond issuance.  Such
potential alternatives would include, but not be limited to, those in RFP 3.

The Commonwealth objected to these Requests in full, including on the ground that the
Request sought documents that are duplicative of ERS or that are in the possession of other
parties.  To be clear, each Request is directed at those documents that are in each party's or
subpoena recipient's possession, custody, and control.  The other boilerplate objections that the
Commonwealth asserted are without merit.  Nevertheless, in an effort to reach a compromise, the
Bondholders are willing to narrow these Requests to the Commonwealth to encompass any
documents and communications relating to actual or potential financing transactions or structures
for ERS, other than the issuance of the ERS Bonds.

The other parties or subpoena recipients objected to this Request in full.  Bondholders are
willing to defer further discussion of this Request with the other parties or subpoena recipients
for now.

**ERS, Commonwealth, UCC, Retirees, AAFAF and Oversight Board Request No. 4.**
ERS objected to this Request—which seeks "All Documents Concerning the possibility of

JONES DAY

Jennifer L. Roche, Margaret Dale, Luc A. Despins,
Catherine Steege, William J. Sushon
December 9, 2019
Page 4

raising funds for ERS by having the Commonwealth issue general obligation bonds"—on the
ground that it is duplicative of Request No. 2.  This Request, however, was not limited to the
possibility of general obligation bonds as an alternative to the ERS Bonds.  Accordingly, please
produce any ERS Board agendas, meeting minutes, presentations, and Board books, and any
communications (internal to ERS or with non-ERS persons or entities), relating to the possibility
of the Commonwealth issuing general obligation bonds in order to fund ERS at any time—not
just as a potential alternative to the ERS Bonds.  This specifically includes, but is not limited to,
the 2004 proposal to issue Pension Obligation Bonds described in the Kobre & Kim Final Report
on page 204.

        The Commonwealth objected to this Request in full.  The Commonwealth's objections
are without merit, but in an effort to reach a compromise, the Bondholders are willing to narrow
this Request to encompass any documents or communications (internal to the Commonwealth or
with non-Commonwealth persons or entities) relating to the possibility of the Commonwealth
issuing general obligation bonds in order to fund ERS.

        The other parties or subpoena recipients objected to this Request in full.  Bondholders are
willing to defer further discussion of this Request with the other parties or subpoena recipients
for now.

        **ERS, Commonwealth, UCC, Retirees, AAFAF and Oversight Board Request No. 5.**
ERS agreed to produce "responsive, non-privileged ERS Board agendas, meeting minutes,
presentations, and Board books within its possession, custody, or control related to actual
borrowing of money by ERS during the relevant time frame."  We do not know what ERS means
by "the relevant time frame," but to avoid confusion, the time frame should be January 2004 to
the present.  *See* Kobre & Kim report, at 204 (discussing contemplated bond issuance in 2004).

        In addition, this Request seeks documents concerning any actual or potential borrowings
that ERS contemplated engaging in at any time, not just as an alternative to the ERS Bonds.
Accordingly, ERS should produce Board agendas, meeting minutes, presentations, and Board
books, and any communications (including, but not limited to, those with potential lenders)
related to any borrowings that ERS contemplated at any time from January 2004 to the present.
Please also produce documents sufficient to show any actual borrowing of money, other than the
issuance of the ERS Bonds, that ERS engaged in during that time.

        All of the other parties or subpoena recipients objected to this Request in full, on
substantially the same grounds.  Among the objections each asserted is that the Request sought
documents that are duplicative of ERS or that are in the possession of other parties.  To be clear,

JONES DAY

Jennifer L. Roche, Margaret Dale, Luc A. Despins,
Catherine Steege, William J. Sushon
December 9, 2019
Page 5

this Request is directed at those documents that are in each party's or subpoena recipient's
possession, custody, and control.  The other boilerplate objections that each party or subpoena
recipient made are without merit.  Nevertheless, in an effort to reach a compromise, the
Bondholders are willing to narrow this Request to the Commonwealth, AAFAF, and Oversight
Board to encompass documents and communications relating to the legality or illegality of any
other borrowing that ERS engaged in or contemplated at any time prior to the filing of ERS's
Title III case.  The Bondholders are willing to work with you on search terms for this Request.

Bondholders are willing to defer further discussion of this Request with the UCC and the
Retirees for now.

**ERS, Commonwealth, UCC, Retirees, AAFAF and Oversight Board Request Nos. 6-
9.**  These Requests seek documents concerning: the constitutional or statutory provisions
governing ERS's authority to borrow money or issue bonds (Request 6); ERS's legal authority to
borrow money, including but not limited to ERS's authority to issue the ERS Bonds (Request 7);
and whether the ERS Bonds fell within ERS's power under the ERS Enabling Act to "tomar
prestado de cualquier institucion financiera," or to "tomar prestado … mediante coloaciones
directas de la deuda," or any English translations of those phrases (Request 7 and 8).

In response, ERS stated that Requests 7, 8, and 9 are subsumed within Request 6, and
stated in response to Request 6 that it would produce "responsive, non-privileged ERS Board
agendas, meeting minutes, presentations, and Board books and ERS policies and procedures
within its possession, custody, or control related to the constitutional or statutory provisions
governing ERS's authority to borrow money or issue bonds, if any."  In addition to the
documents ERS agreed to produce, please also produce all documents (including reports,
analyses, and opinions) and communications in ERS's possession, custody, or control concerning
the topics in Requests 6-9.  We intend these Requests to include documents and communications
created at any time prior to the commencement of the Title III actions.  To the extent ERS claims
any such documents are privileged, they will need to be logged on a privilege log.

All of the other parties or subpoena recipients objected to this Request in full, on
substantially the same grounds.  To be clear, this Request is directed at those documents that are
in each party's or subpoena recipient's possession, custody, and control.  The other boilerplate
objections that each party or subpoena recipient made are without merit.  Accordingly, the
Commonwealth, AAFAF, and Oversight Board should each produce all documents (including
any analyses, reports, or presentations) and communications relating to the constitutional or
statutory provisions governing ERS's authority to borrow money or issue bonds, and relating to
the other topics in Requests 6-9.  We intend these Requests to include documents and

JONES DAY

Jennifer L. Roche, Margaret Dale, Luc A. Despins,
Catherine Steege, William J. Sushon
December 9, 2019
Page 6

communications at any time prior to the commencement of the Title III actions.  To the extent
ERS claims any such documents are privileged, they will need to be logged on a privilege log.

Bondholders are willing to defer further discussion of these Requests with the UCC and
the Retirees for now.

**ERS, Commonwealth, UCC, Retirees, AAFAF and Oversight Board Request Nos.**
**10-11; and ERS, Commonwealth, UCC, Retirees, and Oversight Board Request No. 12.**
These Requests seek communications, and documents concerning communications: made by or
on behalf of ERS or the Commonwealth to anyone about ERS's borrowing authority, including
but not limited to ERS's authority to issue the ERS Bonds (Request 10); made by or on behalf of
ERS that the ERS Bonds were *ultra vires* or that ERS did not have authority to issue the ERS
Bonds (Request 11); or made by anyone at any time that the ERS Bonds were *ultra vires* or that
ERS did not have authority to issue the ERS Bonds (Request 12).

In response, ERS stated that Requests 11 and 12 are subsumed in Requests 6 and 10, and
stated in response to Request 10 that it would produce "responsive, non-privileged ERS Board
agendas, meeting minutes, presentations, and Board books and ERS policies and procedures
within its possession, custody, or control that reference or evidence any communications made
by ERS or the Commonwealth about ERS's authority to borrow money, if any, and any
communications identified in those Board documents, if they can be reasonably located in
readily accessible files within ERS's possession, custody, or control."

ERS's limited agreement to search for communications that are referenced in ERS Board
documents is too narrow.  Communications regarding ERS's borrowing authority and whether
the ERS Bonds were issued *ultra vires* are central to these Ultra Vires Proceedings.
Accordingly, ERS should produce all communications relating to these issues, made at any time
before the commencement of the Title III cases.  Such communications would include those with
underwriters, actual or potential purchasers of the ERS Bonds, financial advisers, the
Commonwealth or its agencies or instrumentalities, other creditors of ERS (or their
representatives), or any other person.  We are willing to work with you on search terms to help
identify and produce these documents.  Please propose some.

All of the other parties or subpoena recipients objected to these Requests in full, on
substantially the same grounds.  Among the objections each asserted is that the Request sought
documents that are duplicative of ERS or that are in the possession of other parties.  To be clear,
this Request is directed at those documents that are in each party's or subpoena recipient's
possession, custody, and control.  The other boilerplate objections that each party or subpoena

JONES DAY

Jennifer L. Roche, Margaret Dale, Luc A. Despins,
Catherine Steege, William J. Sushon
December 9, 2019
Page 7

recipient made are without merit.  The Commonwealth, AAFAF, and Oversight Board should
produce all communications that are responsive to these Requests, made at any time prior to the
filing of ERS's Title III case.  The Bondholders are willing to work with you on search terms for
this Request.

Bondholders are willing to defer further discussion of this Request with the UCC and the
Retirees for now.

**ERS, Commonwealth, UCC, Retirees, and Oversight Board Request 13; AAFAF
Request No. 12.**  This Request seeks "All Documents Concerning whether the government of
the Commonwealth either authorized or prohibited the issuance and delivery of the ERS Bonds."

In response, ERS agreed to produce "responsive, non-privileged ERS Board agendas,
meeting minutes, presentations, and Board books within its possession, custody, or control that
reference or evidence any communications by the Commonwealth government authorizing or
prohibiting the issuance and delivery of the ERS Bonds, if any, and any communications
identified in those Board documents, if any can be reasonably located in readily accessible files
within ERS's possession, custody, or control."

ERS's limitation to a production of Board documents and communications reflected in
the Board documents is, again, too narrow.  Please produce all communications with the
Commonwealth—regardless whether they were reflected in ERS's Board materials—concerning
whether the Commonwealth government authorized or prohibited the issuance and delivery of
the ERS Bonds.  In addition, please produce all documents or communications (not just
communications with the Commonwealth government) concerning whether the Commonwealth
government either authorized or prohibited the issuance and delivery of the ERS Bonds.  And, to
be clear, this Request is not limited to the time period before the ERS Bonds were issued and
delivered, but instead should encompass any responsive documents through the filing of ERS's
Title III case.

The Commonwealth, Oversight Board, and AAFAF each objected to this Request in full,
asserted various boilerplate objections, and did not even offer to meet at confer (notwithstanding
their offers to do so in response to other Requests).  These objections are entirely without merit,
particularly given that this Request goes to several issues that are at the core of the Ultra Vires
Proceedings.  Accordingly, the Commonwealth, Oversight Board, and AAFAF should produce
all documents and communications (not just communications with ERS) concerning whether the
Commonwealth government either authorized or prohibited the issuance and delivery of the ERS
Bonds.  And, to be clear, this Request is not limited to the time period before the ERS Bonds

Jennifer L. Roche, Margaret Dale, Luc A. Despins,
Catherine Steege, William J. Sushon
December 9, 2019
Page 8

were issued and delivered, but instead should encompass any responsive documents through the filing of ERS's Title III case.

The UCC and Retirees also objected to this Request in full, although the Bondholders are willing to defer further discussion of this Request with the UCC and the Retirees for now.

**ERS, Commonwealth, UCC, Retirees, and Oversight Board Request 14; AAFAF Request No. 13.**   This Request seeks "All Documents Concerning any Communications by the Legislative Assembly of Puerto Rico Concerning ERS's authority to borrow money or issue bonds."

ERS agreed to produce "responsive, non-privileged ERS Board agendas, meeting minutes, presentations, and Board books within its possession, custody, or control that reference or evidence any communications by the Legislative Assembly of Puerto Rico about ERS's authority to borrow money or issue bonds, if any, and any communications identified in those Board documents, if any can be reasonably located in readily accessible files within ERS's possession, custody, or control."  In addition to the Board materials and communications identified in the Board materials on this topic, please produce any other documents and communications in ERS's possession concerning communications by the Legislative Assembly about ERS's authority to borrow money or issue bonds.  We are willing to work with you on search terms you propose to assist with this search.

The other parties objected to this Request in full.  In an effort to reach a compromise, the Bondholders are willing to narrow this Request to the Commonwealth to encompass communications by the Legislative Assembly of Puerto Rico concerning ERS's authority to borrow money or issue bonds.  The Bondholders are willing to work with you on search terms for this Request.

The Bondholders are willing to defer further discussion of this Request with the Oversight Board, AAFAF, UCC, and Retirees for now.

**ERS, Commonwealth, UCC, Retirees, and Oversight Board Requests 15-18; AAFAF Requests Requests 14-17.**   This series of Requests seeks various categories of documents and communications relating to the underwriters for the ERS Bonds.  ERS has generally agreed to produce: Board materials regarding the decision to hire underwriters (Response to Req. 15); the executed underwriting agreements (Response to Req. 16); and "readily accessible files of correspondence with underwriters related to the ERS bonds" (Response to Req. 18).  Notably, however, ERS objected to Request 17, which sought all

JONES DAY

Jennifer L. Roche, Margaret Dale, Luc A. Despins,
Catherine Steege, William J. Sushon
December 9, 2019
Page 9

documents requested by or provided to the underwriters concerning the authority of ERS to issue
the ERS Bonds.

ERS's objections to Request 17 are not valid.  Any documents that ERS provided to the
underwriters, or that the underwriters requested, regarding the authority of ERS to issue the ERS
Bonds are plainly relevant to this action.  Moreover, given that any such documents would have
been generated or provided in a defined period of time, and exchanged between easily
identifiable individuals, the burden associated with locating and producing these documents
would be minimal.  Accordingly, please search for and produce such documents.

In addition, ERS's responses to Requests 15, 16, and 18 are either unclear or too narrow.
In its response to Request 18, ERS agreed to produce "readily accessible files of correspondence
with underwriters."  We are not certain what ERS means by "files of correspondence," but we
expect that the correspondence ERS searches for and produces will include all forms of
communications, including email (and not just formal correspondence files).  Similarly, by
"readily accessible," we assume ERS means "reasonably accessible," as that term is used in Rule
26 of the Federal Rules of Civil Procedure.  Please confirm.  Similarly, as to Requests 15 and 16,
please produce any recommendations, analyses, reports, project lists, or other documents that
informed or related to ERS's decision to hire underwriters and the underwriters' role in the ERS
Bond issuance.

The Bondholders are willing to defer further discussion of these Requests with the
Commonwealth, Oversight Board, AAFAF, UCC and Retirees for now.

**ERS, Commonwealth, UCC, Retirees, and Oversight Board Request 19.**  ERS has
taken the position that any alleged violation of the ERS Enabling Act was not "harmless," and
yet each of ERS, the Commonwealth, UCC, Retirees, and Oversight Board has objected in full to
producing any documents to support that contention.  These objections are entirely without
merit.  Notably, every one of ERS's objections to this Request is a boilerplate objection that is
repeated, nearly word-for-word, in ERS's objections and responses to every other Request that
the Bondholders made.  The other parties' objections exhibit the same copy-and-paste defect.

These types of rote, boilerplate objections do not and cannot justify the refusal to search
for and produce responsive documents.  Accordingly, ERS, the Commonwealth, the UCC, the
Retirees, and Oversight Board should each produce any documents it has in its possession,
custody, or control that supports this contention.  If any party or subpoena recipient has no such
documents, please revise your response to say so.

JONES DAY

Jennifer L. Roche, Margaret Dale, Luc A. Despins,
Catherine Steege, William J. Sushon
December 9, 2019
Page 10

**ERS, Commonwealth, UCC, Retirees, and Oversight Board Request 20; AAFAF Request 18.**  All of the parties asserted objections to this Request, but we are willing to defer further discussion of this Request for now, given ERS's agreement to produce Board materials in response to Request 1.

**AAFAF Requests 19-20; ERS, Commonwealth, UCC, Retirees, and Oversight Board Requests 21 and 23.**  These Requests seek Board materials and working paper files of the Government Development Bank Board regarding the ERS Bond transaction.  All of the parties asserted objections, but we are willing to defer further discussion of these Requests for now, given AAFAF's responses to these Requests.

**ERS, UCC, Retirees, and Oversight Board Request 22.**  This Request seeks "The ERS Bond transaction working paper files maintained by ERS."  In response, ERS has stated that "it has searched for and produced to the Bondholders all of its non-privileged paper files related to the ERS Bond transaction."  To be clear, this Request is not simply for "paper"—*i.e.*, hard copy—files.  Rather, this Request seeks the "working paper files," which might also be known as "working papers."  Among other things, this Request seeks the "transaction working paper files" described on page 16 of the Conway MacKenzie Report.  Please advise whether you have produced the ERS Bond transaction working paper files, regardless of whether those files are hard-copy or electronic.  If you have not done so, please produce them.

The Bondholders are willing to defer further discussion of this Request with the Oversight Board, UCC, and Retirees for now.

**ERS, Oversight Board, UCC, and Retirees Request 24; Commonwealth Request 22; AAFAF Request 21.**  This Request seeks reports or correspondence from Mesirow Financial concerning the issuance of the ERS Bonds.  In response, ERS has agreed to produce "responsive, non-privileged reports and other readily accessible files of correspondence with Mesirow Financial related to the issuance of the ERS Bonds."  We are not certain what ERS means by "files of correspondence," but to avoid any confusion, please confirm that ERS will produce communications (whether hard-copy or electronic, including email) from Mesirow Financial concerning the ERS Bond issuance.  In addition, among other things this Request seeks the document or documents described under the heading "Mesirow Report" on page 18 of the Conway MacKenzie report.  Please either confirm that you will produce that document (or those documents), or confirm that you do not have it or them.

The Bondholders are willing to defer further discussion of this Request with the Commonwealth, Oversight Board, AAFAF, UCC, and Retirees for now.

JONES DAY

Jennifer L. Roche, Margaret Dale, Luc A. Despins,
Catherine Steege, William J. Sushon
December 9, 2019
Page 11

**ERS, Oversight Board, UCC, and Retirees Request 25; Commonwealth Request 23; AAFAF Request 22.**  The Government Parties' complaint alleges that the ERS bond issuance was "illegally made," Compl. ¶ 2 (emphasis omitted) and that the payments made on the bonds were "*per se* unlawful," *id.* ¶ 4.  Nevertheless, ERS, the Commonwealth, Oversight Board, AAFAF, UCC and the Retirees each objected in full to this Request seeking "[a]ll Documents Concerning any evidence that any person acted in violation of law of contravention of any rule in connection with the issuance of the ERS Bonds."

The Government Parties cannot have it both ways.  If they are going to allege, *inter alia*, that the $3 billion issuance of ERS Bonds was "illegally made" and that the years of payments on the bonds were "*per se* unlawful," then the Government Parties must search for and produce all documents concerning evidence of any violation of law or contravention of any rule that allegedly made the bond issuance "illegally made" and the bond payments "*per se* unlawful."  If any of the Government Parties has no documents to support that contention, then please revise your response to say so.  Otherwise, please search for and produce any responsive documents.

*Interrogatories*

**ERS, UCC, and Retirees Interrogatory No. 1.**  As noted above, the Government Parties' complaint alleges that the 2008 issuance of bonds by ERS was "'illegally made' in that the ERS were issued *ultra vires*."  Compl. ¶ 3.  Yet the ERS, UCC, and Retirees Committee each objected that "when [they] first learned that anyone had made that contention" is not relevant.

When the Government Parties learned of the contention that the ERS Bonds are *ultra vires* is relevant to notice: the Government Parties appear to contend that the Bondholders had notice of the invalidity of the ERS Bonds before anyone at ERS had reached that conclusion and before anyone anywhere had made that contention.  The timing is also relevant to the Bondholders' equitable defenses, including but not limited to estoppel, laches, and waiver.

In addition, these responses are incomplete:  the Government Parties must either identify the names and roles of the "former ERS officials, members of the Puerto Rico Legislative Assembly, and ERS Bondholders" who they contends had the factual knowledge, or else admit that they do not know of any such persons.

**ERS, UCC, and Retirees Interrogatory No. 2.**  The Government Parties object on relevance grounds to this Interrogatory concerning the timing of when the Government Parties determined that the Government Parties and/or ERS might have grounds to avoid and recover

JONES DAY

Jennifer L. Roche, Margaret Dale, Luc A. Despins,
Catherine Steege, William J. Sushon
December 9, 2019
Page 12

payments on the ERS Bonds if the 2008 issuance was *ultra vires*.  Again, this objection is
without merit, as the timing of the Government Parties' determination that they could seek to
clawback payments is relevant, at a minimum, to notice and the Bondholders' equitable defenses.

> **ERS, UCC, and Retirees Interrogatory No. 8.**  The Government Parties' responses to
this Interrogatory are incomplete: the Government Parties must either identify the names and
roles of the "former ERS officials, members of the Puerto Rico Legislative Assembly, and ERS
Bondholders" who they contend knew the bonds were *ultra vires*, or else admit that they do not
know of any such persons.

> **ERS, UCC, and Retirees Interrogatory No. 11.**  As with their responses to Document
Request No. 25, the Government Parties attempt to have it both ways with respect to
Interrogatory No. 11: the Government Parties allege that the ERS Bonds were "illegally made,"
Compl. ¶ 2, but demur that this Interrogatory concerning allegations, if any, that any person
acted contrary to any law, is not relevant.

> If the Government Parties are going to allege, *inter alia*, that the $3 billion issuance of
ERS Bonds was "illegally made" and that the years of payments on the bonds were "*per se*
unlawful," then the Government Parties must provide information concerning evidence of any
violation of law or contravention of any rule that allegedly made the bond issuance "illegally
made" and the bond payments "*per se* unlawful."  If any of the Government Parties has no
documents to support that contention, then please revise your response to say so.

> Additionally, the information sought in this Interrogatory is relevant to the Bondholders'
equitable defenses and to the issue of notice.

> Thank you for your prompt response to this letter.  I look forward to discussing these
issues further during our meet-and-confer.

Very truly yours,

*/s/ Matthew E. Papez*

Matthew E. Papez

cc: Counsel of Record

# EXHIBIT D

Proskauer⟫ Proskauer Rose LLP 2029 Century Park East, Suite 2400 Los Angeles, CA 90067-3010

December 17, 2019

**Via Email**

Matthew E. Papez, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
mpapez@jonesday.com

Jennifer L. Roche
Senior Counsel
d.310.284.5635
f. 310.557.2193
jroche@proskauer.com
www.proskauer.com

**Re: Bondholders' Interrogatories (Ultra Vires Adversary Proceedings)**

Dear Matt:

We write to address your December 9, 2019 letter regarding ERS's responses and objections to the Bondholders' interrogatories (Ultra Vires Proceedings).

*Interrogatory No. 1.* This interrogatory requests ERS to "(a) [s]tate with specificity (i) the basis for [its] contention that the 2008 issuance of bonds by ERS was *ultra vires* or null and void and (ii) when [it] first learned that anyone had made that contention, and (b) Identify all persons with knowledge of, and all Documents that Concern, the factual basis for that contention." Your letter addresses parts (a)(ii) and (b) of the interrogatory. ERS objected to part (a)(i) of the interrogatory on the grounds that when ERS first learned of any contention that the bonds were *ultra vires* or null and void is irrelevant to this dispute. This objection is entirely proper. The fact that the ERS bonds were *ultra vires* and therefore null and void is a legal issue that can be determined by reference to the ERS Enabling Act, which itself was sufficient to put the ERS Bondholders on notice of the bonds' invalidity. When a person or entity first made the "contention" that the bonds are invalid (and, similarly, when the parties to this litigation, including ERS, became aware of any such "contention") is legally inconsequential. To the extent the ERS bondholders believe that this information is relevant to one or more affirmative defenses, they have cited no authorities and supplied no analysis to support such a contention.

In its response to part (b) of this Interrogatory, without waiving its general or specific objections, ERS stated, *inter alia,* "[u]pon information and belief, persons with factual knowledge that the ERS Bonds were issued ultra vires include former ERS officials, members of the Puerto Rico Legislative Assembly, and ERS Bondholders." ERS has provided the information it currently has in response to this Interrogatory. The events pertinent to this Interrogatory took place nearly 12 years ago and there has been significant turnover at ERS in the intervening years. Accordingly, many or all of the individuals with relevant knowledge are not identifiable beyond the response ERS has already provided.

**Proskauer»**

Mr. Matthew Papez, Esq.
December 17, 2019
Page 2

*Interrogatory No. 2.* This interrogatory requests ERS to "(a) [s]tate when You first determined that, if the 2008 issuance of bonds by ERS were *ultra vires* or null and void, You and/or ERS would allegedly have grounds to avoid and recover payments made with respect to those bonds . . . ." ERS objected to this Interrogatory for the same reasons it objected to Interrogatory 1. ERS stands by these objections. Among other things, we do not understand why the date ERS first determined the ERS bonds were *ultra vires* or null and void could have any bearing upon the Court's interpretation of the ERS Enabling Act.

*Interrogatory No. 8.* The portion of this Interrogatory addressed in your letter asks ERS to "Identify all persons with knowledge of" the factual basis for the contention that, with respect to a particular statement in section 705 of the ERS Bond Resolution (quoted in Interrogatory 7), that quoted statement is incorrect. ERS asserted proper objections to this Interrogatory, including that the "incorrectness" of the quoted statement is a legal issue that requires no discovery. Nevertheless, without waiver of such objections, ERS further responded that, "[u]pon information and belief, persons with knowledge that the ERS Bonds were issued *ultra vires* include former ERS officials, members of the Puerto Rico Legislative Assembly, and ERS Bondholders." This response is appropriate and complete for the same reasons noted above concerning ERS's response to Interrogatory No. 1

*Interrogatory No 11.* This Interrogatory requests ERS to "(a) Identify [any] person [that acted contrary to any law or rule in connection with the issuance of the ERS Bonds], (b) state what law or rule You contend that person violated, (c) state when and how You contend that violation occurred, (d) state the facts that constituted that violation, (e) state when You learned of the violation; (f) state all steps You or anyone took to remedy or correct that violation, and (g) Identify any notice You provided to anyone concerning the violation." As ERS explained in its responses and objections, no component part of this Interrogatory has any relevance to this dispute. Your letter contends that if ERS alleges that the bond issuance was "illegally made," then ERS "must provide information concerning evidence of any violation of law or contravention of any rule that allegedly made the bond issuance 'illegally made' and the bond payments 'per se unlawful.'" Your position, however, assumes the relevance of the interrogatory, to which ERS objected. This discovery is not relevant to the Court's interpretation of the ERS Enabling Act. Put simply, whether or not an individual person violated the law or contravened a rule is not evidence that can bear upon the meaning of the text of the ERS Enabling Act and whether it permits a public bond issuance. The threshold relevance issue needs to be addressed in order to determine what, if anything, should be searched for and produced.

To be clear, the foregoing addresses only the specific issues raised in your letter and are without waiver of all other objections raised in ERS' formal responses and objections served on December 3, 2019.

Proskauer≫

Mr. Matthew Papez, Esq.
December 17, 2019
Page 3

    Should you have further questions or concerns, we are available to discuss the foregoing during the meet and confer scheduled for Wednesday, December 18, 2019 at 5 p.m. Eastern.

Sincerely,

Jennifer L. Roche

# EXHIBIT E

| | |
|---|---|
| **From:** | wdalsen@proskauer.com |
| **Sent:** | Monday, December 23, 2019 6:12 PM |
| **To:** | Holm, Richard; Papez, Matthew E. |
| **Cc:** | Fox, David R.; Roche, Jennifer L.; afernandez@delgadofernandez.com; Stewart, Geoffrey S.; Sooknanan, Sparkle L.; DeGenaro, Stephen M.; Bennett, Bruce S.; Rosenblum, Benjamin; jsanchez@scvrlaw.com; alavergne@sanpir.com; jzakia@whitecase.com; csloane@whitecase.com; Green, Jesse; emaldonado@smclawpr.com; acouret@smclawpr.com; eschaffer@reedsmith.com; lsizemore@reedsmith.com; cgray@reedsmith.com; alexbongartz@paulhastings.com; mroot@jenner.com; mpocha@omm.com; pfriedman@omm.com; csteege@jenner.com; Beville, Sunni P.; rgordon@jenner.com; Sushon, Bill; lucdespins@paulhastings.com; Goldstein, Irena; jamesbliss@paulhastings.com; Bassett, Nicholas; John Arrastia; Raiford, Landon S.; Axelrod, Tristan G.; suhland@omm.com; brosen@proskauer.com; JLevitan@proskauer.com; Dale, Margaret A.; Esses, Joshua; eweisfelner@brownrudnick.com; D'Aquila, Danielle; Podmaniczky McGonigle, Sarah |
| **Subject:** | RE: ERS discovery & protective order |

Matt –

Following up on the meet/confer from last week, this email concerns the interrogatories to ERS.

Regarding interrogatory nos. 1, 2, 8 and 11, ERS does not have additional information to supplement the responses at this time.  To be clear, ERS is not withholding responsive information and reserves the right to amend the responses as discovery progresses.

We trust that resolves any outstanding issues concerning those interrogatories.

Thank you.

--Will


**William D. Dalsen**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9429
f  617.526.9899
wdalsen@proskauer.com

greenspaces
Please consider the environment before printing this email.

___

**From:** Holm, Richard <rholm@omm.com>
**Sent:** Monday, December 23, 2019 6:10 PM
**To:** Dalsen, William D. <wdalsen@proskauer.com>; Papez, Matthew E. <mpapez@jonesday.com>
**Cc:** Fox, David R. <drfox@jonesday.com>; Roche, Jennifer L. <jroche@proskauer.com>; afernandez@delgadofernandez.com; Stewart, Geoffrey S. <gstewart@jonesday.com>; Sooknanan, Sparkle L.

<ssooknanan@jonesday.com>; DeGenaro, Stephen M. <sdegenaro@jonesday.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@jonesday.com>; jsanchez@scvrlaw.com; alavergne@sanpir.com; jzakia@whitecase.com; csloane@whitecase.com; Green, Jesse <jgreen@whitecase.com>; emaldonado@smclawpr.com; acouret@smclawpr.com; eschaffer@reedsmith.com; lsizemore@reedsmith.com; cgray@reedsmith.com; alexbongartz@paulhastings.com; mroot@jenner.com; Pocha, Madhu <mpocha@omm.com>; Friedman, Peter <pfriedman@omm.com>; csteege@jenner.com; Beville, Sunni P. <SBeville@brownrudnick.com>; rgordon@jenner.com; Sushon, Bill <wsushon@omm.com>; lucdespins@paulhastings.com; Goldstein, Irena <irenagoldstein@paulhastings.com>; jamesbliss@paulhastings.com; Bassett, Nicholas <nicholasbassett@paulhastings.com>; John Arrastia <jarrastia@gjb-law.com>; Raiford, Landon S. <LRaiford@jenner.com>; Axelrod, Tristan G. <TAxelrod@brownrudnick.com>; Uhland, Suzzanne <suhland@omm.com>; Rosen, Brian S. <brosen@proskauer.com>; Levitan, Jeffrey W. <JLevitan@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Esses, Joshua <JEsses@proskauer.com>; eweisfelner@brownrudnick.com; D'Aquila, Danielle <DD'Aquila@brownrudnick.com>; Podmaniczky McGonigle, Sarah <smcgonigle@jonesday.com>
**Subject:** RE: ERS discovery & protective order

*This email originated from outside the Firm.*

All,

Please see the attached correspondence.

Thank you,

Richard

## O'Melveny

**Richard Holm**
RHolm@omm.com
O: +1-213-430-8313

**From:** Dalsen, William D. <wdalsen@proskauer.com>
**Sent:** Saturday, December 21, 2019 2:55 PM
**To:** Papez, Matthew E. <mpapez@jonesday.com>
**Cc:** Fox, David R. <drfox@jonesday.com>; Roche, Jennifer L. <jroche@proskauer.com>; afernandez@delgadofernandez.com; Stewart, Geoffrey S. <gstewart@jonesday.com>; Sooknanan, Sparkle L. <ssooknanan@jonesday.com>; DeGenaro, Stephen M. <sdegenaro@jonesday.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@jonesday.com>; jsanchez@scvrlaw.com; alavergne@sanpir.com; jzakia@whitecase.com; csloane@whitecase.com; Green, Jesse <jgreen@whitecase.com>; emaldonado@smclawpr.com; acouret@smclawpr.com; eschaffer@reedsmith.com; lsizemore@reedsmith.com; cgray@reedsmith.com; alexbongartz@paulhastings.com; mroot@jenner.com; Pocha, Madhu <mpocha@omm.com>; Friedman, Peter <pfriedman@omm.com>; csteege@jenner.com; Beville, Sunni P. <SBeville@brownrudnick.com>; rgordon@jenner.com; Sushon, Bill <wsushon@omm.com>; lucdespins@paulhastings.com; Goldstein, Irena <irenagoldstein@paulhastings.com>; jamesbliss@paulhastings.com; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Holm, Richard <rholm@omm.com>; John Arrastia <jarrastia@gjb-law.com>; Raiford, Landon S. <LRaiford@jenner.com>; Axelrod, Tristan G. <TAxelrod@brownrudnick.com>; Uhland, Suzzanne <suhland@omm.com>; Rosen, Brian S. <brosen@proskauer.com>; Levitan, Jeffrey W. <JLevitan@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Esses, Joshua <JEsses@proskauer.com>; eweisfelner@brownrudnick.com; D'Aquila, Danielle <DD'Aquila@brownrudnick.com>; Podmaniczky McGonigle, Sarah <smcgonigle@jonesday.com>
**Subject:** Re: ERS discovery & protective order

[EXTERNAL MESSAGE]

Matt —

The proposed email update would concern the matters discussed on the call—the responses by ERS, the Commonwealth, AAFAF, the ERS Bondholders, and the Fiscal Agent—which are the matters we agreed to follow up on.

—Will

**William D. Dalsen**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9429
f 617.526.9899
wdalsen@proskauer.com

greenspaces
Please consider the environment before printing this email.

On Dec 21, 2019, at 1:56 PM, Papez, Matthew E. <mpapez@jonesday.com> wrote:

*This email originated from outside the Firm.*

Will,
We are fine exchanging email updates by 6pm Monday instead of scheduling another call, but we want to confirm that this plan will apply to all the parties, and not just the Oversight Board, Bondholders, and Fiscal Agent. I think that's what you meant but wanted to confirm. Please let us know.
Thanks,
Matt


Matthew E. Papez (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Office: +1.202.879.3881
Mobile: +1 202.607.3111
mpapez@jonesday.com

**From:** Dalsen, William D. <wdalsen@proskauer.com>
**Date:** Friday, Dec 20, 2019, 2:07 PM
**To:** Papez, Matthew E. <mpapez@jonesday.com>
**Cc:** Fox, David R. <drfox@jonesday.com>, Roche, Jennifer L. <jroche@proskauer.com>, afernandez@delgadofernandez.com <afernandez@delgadofernandez.com>, Stewart, Geoffrey S. <gstewart@JonesDay.com>, Sooknanan, Sparkle L. <ssooknanan@jonesday.com>, DeGenaro, Stephen M. <sdegenaro@jonesday.com>, Bennett, Bruce S. <bbennett@jonesday.com>, Rosenblum, Benjamin <brosenblum@JonesDay.com>, jsanchez@scvrlaw.com <jsanchez@scvrlaw.com>, alavergne@sanpir.com <alavergne@sanpir.com>, jzakia@whitecase.com <jzakia@whitecase.com>, csloane@whitecase.com

3

<csloane@whitecase.com>, Green, Jesse <jgreen@whitecase.com>, emaldonado@smclawpr.com
<emaldonado@smclawpr.com>, acouret@smclawpr.com <acouret@smclawpr.com>,
eschaffer@reedsmith.com <eschaffer@reedsmith.com>, lsizemore@reedsmith.com
<lsizemore@reedsmith.com>, cgray@reedsmith.com <cgray@reedsmith.com>,
alexbongartz@paulhastings.com <alexbongartz@paulhastings.com>, mroot@jenner.com
<mroot@jenner.com>, mpocha@omm.com <mpocha@omm.com>, pfriedman@omm.com
<pfriedman@omm.com>, csteege@jenner.com <csteege@jenner.com>, Beville, Sunni P.
<SBeville@brownrudnick.com>, rgordon@jenner.com <rgordon@jenner.com>, Sushon, Bill
<wsushon@omm.com>, lucdespins@paulhastings.com <lucdespins@paulhastings.com>, Goldstein, Irena
<irenagoldstein@paulhastings.com>, jamesbliss@paulhastings.com <jamesbliss@paulhastings.com>, Bassett,
Nicholas <nicholasbassett@paulhastings.com>, Holm, Richard <rholm@omm.com>, John Arrastia
<jarrastia@gjb-law.com>, Raiford, Landon S. <LRaiford@jenner.com>, Axelrod, Tristan G.
<TAxelrod@brownrudnick.com>, suhland@omm.com <suhland@omm.com>, brosen@proskauer.com
<brosen@proskauer.com>, JLevitan@proskauer.com <JLevitan@proskauer.com>, Dale, Margaret A.
<mdale@proskauer.com>, Esses, Joshua <JEsses@proskauer.com>, eweisfelner@brownrudnick.com
<eweisfelner@brownrudnick.com>, D'Aquila, Danielle <DD'Aquila@brownrudnick.com>, Podmaniczky
McGonigle, Sarah <smcgonigle@jonesday.com>
**Subject:** RE: ERS discovery & protective order

Matt and Neil –

Following up on our Wednesday call and our discussion about touching base about the matters
discussed on the call before the holiday, we would propose that the parties provide an update via email
this coming Monday, December 23, 2019, by 6:00 p.m. Eastern concerning the matters discussed on that
call.  In view of the upcoming holiday and travel ahead of it, we believe this is the better course than
attempting to schedule a Monday call.

Please let us know if that works for the ERS Bondholders and the Fiscal Agent.

Thank you.

--Will

**William D. Dalsen**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9429
f  617.526.9899
wdalsen@proskauer.com

greenspaces
Please consider the environment before printing this email.

---

**From:** Papez, Matthew E. <mpapez@jonesday.com>
**Sent:** Tuesday, December 17, 2019 11:03 AM
**To:** Dalsen, William D. <wdalsen@proskauer.com>
**Cc:** Fox, David R. <drfox@jonesday.com>; Roche, Jennifer L. <jroche@proskauer.com>;
afernandez@delgadofernandez.com; Stewart, Geoffrey S. <gstewart@JonesDay.com>; Sooknanan,
Sparkle L. <ssooknanan@jonesday.com>; DeGenaro, Stephen M. <sdegenaro@jonesday.com>; Bennett,
Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>;
jsanchez@scvrlaw.com; alavergne@sanpir.com; jzakia@whitecase.com; csloane@whitecase.com;
Green, Jesse <jgreen@whitecase.com>; emaldonado@smclawpr.com; acouret@smclawpr.com;
eschaffer@reedsmith.com; lsizemore@reedsmith.com; cgray@reedsmith.com;

alexbongartz@paulhastings.com; mroot@jenner.com; mpocha@omm.com; pfriedman@omm.com; csteege@jenner.com; Beville, Sunni P. <SBeville@brownrudnick.com>; rgordon@jenner.com; Sushon, Bill <wsushon@omm.com>; lucdespins@paulhastings.com; Goldstein, Irena <irenagoldstein@paulhastings.com>; jamesbliss@paulhastings.com; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Holm, Richard <rholm@omm.com>; John Arrastia <jarrastia@gjb-law.com>; Raiford, Landon S. <LRaiford@jenner.com>; Axelrod, Tristan G. <TAxelrod@brownrudnick.com>; suhland@omm.com; Rosen, Brian S. <brosen@proskauer.com>; Levitan, Jeffrey W. <JLevitan@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Esses, Joshua <JEsses@proskauer.com>; eweisfelner@brownrudnick.com; D'Aquila, Danielle <DD'Aquila@brownrudnick.com>; Podmaniczky McGonigle, Sarah <smcgonigle@jonesday.com>
**Subject:** RE: ERS discovery & protective order

***This email originated from outside the Firm.***

Will and other counsel for the Government Parties & Committees,

5:00pm Eastern on Wednesday works for us for the meet & confer.  We will send around dial-in information later today.  If there are specific personnel who should or should not be included on the calendar invite, please let us know.

In addition, on December 9 we had sent around the attached draft confidentiality protective order for the Lien Scope and Ultra Vires proceedings.  This draft is substantively the same as the confidentiality protective order that was previously entered in Adversary Proceeding 213 (which the Government Parties referred to in their responses & objections to the RFPs).  Please let us know if you have any requested edits to the draft. If there are any issues with it, please let everyone know so that we can discuss those during the meet & confer tomorrow.

Thanks,
Matt


Matthew E. Papez (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Office: +1.202.879.3881
Mobile: +1 202.607.3111
mpapez@jonesday.com

---

**From:** Dalsen, William D. <wdalsen@proskauer.com>
**Sent:** Monday, December 16, 2019 8:49 PM
**To:** Papez, Matthew E. <mpapez@jonesday.com>
**Cc:** Fox, David R. <drfox@jonesday.com>; Roche, Jennifer L. <jroche@proskauer.com>; afernandez@delgadofernandez.com; Stewart, Geoffrey S. <gstewart@JonesDay.com>; Sooknanan, Sparkle L. <ssooknanan@jonesday.com>; DeGenaro, Stephen M. <sdegenaro@jonesday.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; jsanchez@scvrlaw.com; alavergne@sanpir.com; jzakia@whitecase.com; csloane@whitecase.com; Green, Jesse <jgreen@whitecase.com>; emaldonado@smclawpr.com; acouret@smclawpr.com; eschaffer@reedsmith.com; lsizemore@reedsmith.com; cgray@reedsmith.com; alexbongartz@paulhastings.com; mroot@jenner.com; mpocha@omm.com; pfriedman@omm.com; csteege@jenner.com; Beville, Sunni P. <SBeville@brownrudnick.com>; rgordon@jenner.com; Sushon,

Bill <wsushon@omm.com>; lucdespins@paulhastings.com; Goldstein, Irena
<irenagoldstein@paulhastings.com>; jamesbliss@paulhastings.com; Bassett, Nicholas
<nicholasbassett@paulhastings.com>; Holm, Richard <rholm@omm.com>; John Arrastia <jarrastia@gjb-
law.com>; Raiford, Landon S. <LRaiford@jenner.com>; Axelrod, Tristan G.
<TAxelrod@brownrudnick.com>; suhland@omm.com; brosen@proskauer.com>;
JLevitan@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Esses, Joshua
<JEsses@proskauer.com>; eweisfelner@brownrudnick.com>; D'Aquila, Danielle
<DD'Aquila@brownrudnick.com>
**Subject:** Re: ERS discovery

Matt —

Thank you for your email.

We disagree with your characterization of events, and disagree that your proposal to hold a single
omnibus call would be "efficient" to address the ERS Bondholders' requests to the various parties for
the reasons already stated. In the interests of compromise and avoiding disruption to holiday travel
schedules, however, the Committees and Government Parties are willing to hold a single meet/confer as
to all present discovery issues to accommodate your request.

But, as you can imagine, accommodating the ERS Bondholders' request creates new scheduling conflicts
as they want representatives from each of the Committees and Government Parties on this call. As a
result, 2:30 p.m. Eastern on Wednesday will not work for this single omnibus call—but the Committees
and Government Parties are available at 5:00 p.m. Eastern on Wednesday, December 18, 2019.

Please advise if 5:00 p.m. Eastern this Wednesday works for this omnibus call, and if so, please send a
calendar invite and dial-in.

Thank you.

—Will

**William D. Dalsen**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9429
f 617.526.9899
wdalsen@proskauer.com

greenspaces
Please consider the environment before printing this email.

On Dec 16, 2019, at 1:05 PM, Papez, Matthew E. <mpapez@jonesday.com> wrote:

*This email originated from outside the Firm.*

Will,
We are not available during your proposed times this afternoon or tomorrow afternoon,
but we are available Wednesday afternoon at 2:30 pm (Eastern), as noted below.

Regarding the rest of your points in your email from this morning, I have reached out –
twice – to the respective representatives of each of ERS, the Commonwealth, AAFAF,
FOMB, the UCC, and the Retirees Committee regarding a meet & confer.  Counsel for
ERS, the Commonwealth, AAFAF, FOMB, the UCC, and the Retirees Committee each
received our December 9 letters, where we requested a meet & confer on Thursday,
December 12.  No one responded, so on Friday, December 13, we emailed the same
counsel again about a meet & confer.   So far, you are the only person to acknowledge
our letters, my email, or our repeated requests for a meet & confer.

It had been our understanding that Proskauer was handling all aspects of the Lien Scope
and Ultra Vires cases for all the Government Parties (including ERS, the Commonwealth,
AAFAF, and FOMB).  We based that understanding on the facts that Proskauer signed
the complaints in both cases, served discovery on the Bondholders in both cases, and
served at least some of the discovery responses on behalf of the Government Parties in
both cases.  If Proskauer had authority to do all of those things, it is unclear why
Proskauer could not confer with us on our discovery requests to the Government
Parties.  That said, if different personnel from Proskauer or O'Melveny are needed to
confer regarding our requests to ERS, the Commonwealth, and AAFAF, then we will
confer with those people.  But given that we sent our letters and email to many
different counsel who represent the Government Parties, it really should not have taken
a week for all of those counsel to tell us who is the right person to respond.

In any event, your email says that Proskauer and O'Melveny will be available on
Wednesday, December 18 at 1pm or later (Eastern Time) to discuss our requests and
subpoenas to ERS, the Commonwealth, and AAFAF.  So, we will schedule the meet &
confer for 2:30pm (Eastern) on Wednesday.  We also think it would be most efficient to
discuss the discovery served on the FOMB at that same time.  Indeed, it would make no
sense to schedule multiple conferences with Proskauer to discuss the same set of
requests multiple times, just because some (but not all) of the requests may not apply
to all of the parties who Prokauer represents.  If Proskauer is not available to discuss the
subpoena to the FOMB at that time, then we will have that discussion with you later,
when we confer about your letter to us.

We also think it would be most efficient for the Committees to be involved in that same
Wednesday afternoon conference as well, because several of the issues overlap even if
we have agreed to defer discussion on some of our requests to the Committees.  And if
memory serves me correctly, counsel for the Committees previously joined other meet
& confers (e.g., during the Lift-Stay proceedings) even when the topics for discussion did
not include discovery that was actually served on them.  Accordingly, the Committees
should also join.  But if they cannot be available to join our conference at 2:30 on
Wednesday, then we will find a separate time to discuss our issues with them after we
have our conference with Proskauer and O'Melveny.

In terms of the Government Parties' and Committees' collective requests to the
Bondholders, if you have authority to confer on behalf of all of those parties, we will
confer with you on those.  We will be prepared to discuss those requests with you
during the same conference at 2:30pm on Wednesday, and would propose doing it
then.  If you are not available at 2:30pm (Eastern) on Wednesday, we can be available
later on Wednesday or on Thursday after 1pm (Eastern).

Finally, we are aware that you sent a substantially similar letter to the Fiscal Agent as
you sent to the Bondholders.  The Fiscal Agent has advised that they intend to join our

7

call with you as well, so that you can discuss your letter with them at the same time as
you discuss your letter to us.

We will send a dial-in and calendar invitation for Wednesday at 2:30 (Eastern), but we
need to know who to send it to.  Please let us know.

Thanks,
Matt

Matthew E. Papez (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Office: +1.202.879.3881
Mobile: +1 202.607.3111
mpapez@jonesday.com

---

**From:** Dalsen, William D. <wdalsen@proskauer.com>
**Sent:** Monday, December 16, 2019 12:37 PM
**To:** Papez, Matthew E. <mpapez@jonesday.com>; Fox, David R. <drfox@jonesday.com>;
Roche, Jennifer L. <jroche@proskauer.com>; afernandez@delgadofernandez.com;
Stewart, Geoffrey S. <gstewart@JonesDay.com>; Sooknanan, Sparkle L.
<ssooknanan@jonesday.com>; DeGenaro, Stephen M. <sdegenaro@jonesday.com>;
Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin
<brosenblum@JonesDay.com>; jsanchez@scvrlaw.com; alavergne@sanpir.com;
jzakia@whitecase.com; csloane@whitecase.com; Green, Jesse
<jgreen@whitecase.com>; emaldonado@smclawpr.com; acouret@smclawpr.com;
eschaffer@reedsmith.com; lsizemore@reedsmith.com; cgray@reedsmith.com
**Cc:** alexbongartz@paulhastings.com; mroot@jenner.com; mpocha@omm.com;
pfriedman@omm.com; csteege@jenner.com; Beville, Sunni P.
<SBeville@brownrudnick.com>; rgordon@jenner.com; Sushon, Bill
<wsushon@omm.com>; lucdespins@paulhastings.com; Goldstein, Irena
<irenagoldstein@paulhastings.com>; jamesbliss@paulhastings.com; Bassett, Nicholas
<nicholasbassett@paulhastings.com>; Holm, Richard <rholm@omm.com>; John Arrastia
<jarrastia@gjb-law.com>; Raiford, Landon S. <LRaiford@jenner.com>; Axelrod, Tristan
G. <TAxelrod@brownrudnick.com>; suhland@omm.com; brosen@proskauer.com;
JLevitan@proskauer.com; Dale, Margaret A. <mdale@proskauer.com>; Esses, Joshua
<JEsses@proskauer.com>; eweisfelner@brownrudnick.com; D'Aquila, Danielle
<DD'Aquila@brownrudnick.com>
**Subject:** Re: ERS discovery

Matt —

As we haven't heard from you this morning per our request below, we presume the
conference concerning the joint requests to the ERS Bondholders and the subpoena on
ultra vires issues to the Oversight Board will not occur at 3pm Eastern today.

Please let us know whether (1) 4pm Eastern tomorrow (December 17, 2019) will work to
confer concerning the joint requests of the Committees and Government Parties to the

ERS Bondholders, and the subpoena on ultra vires issues to the Oversight Board; and
(2) Wednesday (December 18, 2019) at or after 1pm Eastern will work to confer
concerning the ERS Bondholders' discovery requests to ERS, and the subpoenas to the
Commonwealth and AAFAF.

Thank you.

—Will

**William D. Dalsen**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9429
f 617.526.9899
wdalsen@proskauer.com

**green**spaces
Please consider the environment before printing this email.

On Dec 16, 2019, at 9:20 AM, Dalsen, William D.
<wdalsen@proskauer.com> wrote:

Matt —
I am following up on my letters of December 11, 2019 and December
13, 2019.
On behalf of the Committees and Government Parties as to their joint
discovery requests to the ERS Bondholders, we are available to confer
today, Monday, December 16, 2019, at 3:00 p.m. Eastern. If that does
not work, we are available tomorrow, Tuesday, December 17, 2019,
from 4-5pm Eastern. Please advise this morning if the ERS Bondholders
are available at 3pm Eastern today.
As to your request for a conference concerning your letters of
December 9, 2019, the respective Committees and Government Parties
are each prepared to work diligently to identify separate times to confer
with you. It is inappropriate to lump the Committees and Government
Parties together concerning the ERS Bondholders' respective requests
to them, not only because the requests were made separately and the
parties responded separately, but because each respective party is
differently situated from the others—a fact the ERS Bondholders appear
to recognize by your letters, and by deferring discussion of most
requests to most parties other than ERS.
As such, while we will be authorized to speak as to the joint requests
made on behalf of the Committees and Government Parties collectively
on our call to be scheduled above, we cannot speak as to each
respective party's separate responses and objections to separate
requests the ERS Bondholders made. As noted above, each respective
Committee and Government Party has committed to working diligently
to conferring with you as soon as practicable, to the extent the ERS

Bondholders feel that is necessary after deferring as to most of their requests.

To get this process underway, the Oversight Board, for itself, will be prepared to discuss the ERS Bondholders' subpoena on ultra vires issues during our call to be scheduled above. Additionally, Proskauer and O'Melveny will be prepared to discuss the ERS Bondholders' requests to ERS, and the ERS Bondholders' subpoenas to the Commonwealth and AAFAF, on Wednesday, December 18, 2019 at or after 1:00 p.m. Eastern Time.

We encourage you to reach out to the respective representatives of the UCC, Retiree Committee, and Special Claims Committee—all copied here—as you feel necessary to confer with each of them.

Please advise concerning whether (1) the proposed time today or Tuesday will work to discuss the joint requests of the Committees and Government Parties to the ERS Bondholders, and the subpoena on ultra vires issues to the Oversight Board; and (2) the proposed time on Wednesday will work to confer concerning the ERS Bondholders' discovery requests to ERS, and the subpoenas to the Commonwealth and AAFAF.

Thank you.

—Will

**William D. Dalsen**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9429
f  617.526.9899
wdalsen@proskauer.com

greenspaces
Please consider the environment before printing this email.

---

**From:** Dalsen, William D.
**Sent:** Friday, December 13, 2019 9:26 PM
**To:** Papez, Matthew E. <mpapez@jonesday.com>; Fox, David R. <drfox@jonesday.com>; Roche, Jennifer L. <jroche@proskauer.com>; afernandez@delgadofernandez.com; Stewart, Geoffrey S. <gstewart@JonesDay.com>; Sooknanan, Sparkle L. <ssooknanan@jonesday.com>; DeGenaro, Stephen M. <sdegenaro@jonesday.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; jsanchez@scvrlaw.com; alavergne@sanpir.com; jzakia@whitecase.com; csloane@whitecase.com; Green, Jesse <jgreen@whitecase.com>; emaldonado@smclawpr.com; acouret@smclawpr.com; eschaffer@reedsmith.com; lsizemore@reedsmith.com; cgray@reedsmith.com
**Cc:** alexbongartz@paulhastings.com; mroot@jenner.com; mpocha@omm.com; pfriedman@omm.com; csteege@jenner.com;

Beville, Sunni P. <SBeville@brownrudnick.com>; rgordon@jenner.com;
Sushon, Bill <wsushon@omm.com>; lucdespins@paulhastings.com;
Goldstein, Irena <irenagoldstein@paulhastings.com>;
jamesbliss@paulhastings.com; Bassett, Nicholas
<nicholasbassett@paulhastings.com>; Holm, Richard
<rholm@omm.com>; John Arrastia <jarrastia@gjb-law.com>; Raiford,
Landon S. <LRaiford@jenner.com>; Axelrod, Tristan G.
<TAxelrod@brownrudnick.com>; suhland@omm.com; Rosen, Brian S.
<brosen@proskauer.com>; Levitan, Jeffrey W.
<JLevitan@proskauer.com>; Dale, Margaret A.
<mdale@proskauer.com>; Esses, Joshua <JEsses@proskauer.com>;
eweisfelner@brownrudnick.com; D'Aquila, Danielle
<DD'Aquila@brownrudnick.com>
**Subject:** RE: ERS discovery

Matt –

Please see the attached correspondence.

**William D. Dalsen**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9429
f 617.526.9899
wdalsen@proskauer.com

greenspaces
Please consider the environment before printing this email.

---

**From:** Papez, Matthew E. <mpapez@jonesday.com>
**Sent:** Friday, December 13, 2019 4:59 PM
**To:** Dalsen, William D. <wdalsen@proskauer.com>; Fox, David R.
<drfox@jonesday.com>; Roche, Jennifer L. <jroche@proskauer.com>;
afernandez@delgadofernandez.com; Stewart, Geoffrey S.
<gstewart@JonesDay.com>; Sooknanan, Sparkle L.
<ssooknanan@jonesday.com>; DeGenaro, Stephen M.
<sdegenaro@jonesday.com>; Bennett, Bruce S.
<bbennett@jonesday.com>; Rosenblum, Benjamin
<brosenblum@JonesDay.com>; jsanchez@scvrlaw.com;
alavergne@sanpir.com; jzakia@whitecase.com;
csloane@whitecase.com; Green, Jesse <jgreen@whitecase.com>;
emaldonado@smclawpr.com; acouret@smclawpr.com;
eschaffer@reedsmith.com; lsizemore@reedsmith.com;
cgray@reedsmith.com
**Cc:** alexbongartz@paulhastings.com; mroot@jenner.com;
mpocha@omm.com; pfriedman@omm.com; csteege@jenner.com;
Beville, Sunni P. <SBeville@brownrudnick.com>; rgordon@jenner.com;
Sushon, Bill <wsushon@omm.com>; lucdespins@paulhastings.com;
Goldstein, Irena <irenagoldstein@paulhastings.com>;
jamesbliss@paulhastings.com; Bassett, Nicholas
<nicholasbassett@paulhastings.com>; Holm, Richard

<rholm@omm.com>; John Arrastia <jarrastia@gjb-law.com>; Raiford, Landon S. <LRaiford@jenner.com>; Axelrod, Tristan G. <TAxelrod@brownrudnick.com>; suhland@omm.com>; Rosen, Brian S. <brosen@proskauer.com>; Levitan, Jeffrey W. <JLevitan@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Esses, Joshua <JEsses@proskauer.com>; eweisfelner@brownrudnick.com; D'Aquila, Danielle <DD'Aquila@brownrudnick.com>
**Subject:** RE: ERS discovery

*This email originated from outside the Firm.*

Will,
Thanks for your letter.  On Monday, December 9, we had sent two letters to the Government Parties (in the attached email) raising certain issues with the Government Parties' discovery responses and asking for a meet & confer.  We had asked for the meet & confer to occur yesterday, December 12, but we never heard back from anyone.

In any event, we are happy to have a meet & confer about our letters to the Government Parties, and about your letters to the Bondholders and Fiscal Agent.  Counsel for the Bondholders and the Fiscal Agent can be available on Monday, December 16, at 10:30 am (Eastern) for a meet & confer on both sets of letters.  Please let us know if that works for you, and please confirm that you and/or other counsel for the Government Parties will be prepared to discuss our letters to you during the same meet & confer.

Thanks,
Matt

Matthew E. Papez (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Office: +1.202.879.3881
Mobile: +1 202.607.3111
mpapez@jonesday.com

---

**From:** Dalsen, William D. <wdalsen@proskauer.com>
**Sent:** Wednesday, December 11, 2019 10:03 PM
**To:** Fox, David R. <drfox@jonesday.com>; Roche, Jennifer L. <jroche@proskauer.com>; afernandez@delgadofernandez.com; Stewart, Geoffrey S. <gstewart@JonesDay.com>; Papez, Matthew E. <mpapez@jonesday.com>; Sooknanan, Sparkle L. <ssooknanan@jonesday.com>; DeGenaro, Stephen M. <sdegenaro@jonesday.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; jsanchez@scvrlaw.com; alavergne@sanpir.com; jzakia@whitecase.com;

csloane@whitecase.com; Green, Jesse <jgreen@whitecase.com>;
emaldonado@smclawpr.com; acouret@smclawpr.com;
eschaffer@reedsmith.com; lsizemore@reedsmith.com;
cgray@reedsmith.com
**Cc:** alexbongartz@paulhastings.com; mroot@omm.com;
mpocha@omm.com; pfriedman@omm.com; csteege@jenner.com;
Beville, Sunni P. <SBeville@brownrudnick.com>; rgordon@jenner.com;
Sushon, Bill <wsushon@omm.com>; lucdespins@paulhastings.com;
Goldstein, Irena <irenagoldstein@paulhastings.com>;
jamesbliss@paulhastings.com; Bassett, Nicholas
<nicholasbassett@paulhastings.com>; Holm, Richard
<rholm@omm.com>; John Arrastia <jarrastia@gjb-law.com>; Raiford,
Landon S. <LRaiford@jenner.com>; Axelrod, Tristan G.
<TAxelrod@brownrudnick.com>; suhland@omm.com;
brosen@proskauer.com; JLevitan@proskauer.com; Dale, Margaret A.
<mdale@proskauer.com>; Esses, Joshua <JEsses@proskauer.com>;
eweisfelner@brownrudnick.com; D'Aquila, Danielle
<DD'Aquila@brownrudnick.com>
**Subject:** RE: ERS discovery


David –


Please see the attached correspondence.


**William D. Dalsen**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9429
f  617.526.9899
wdalsen@proskauer.com


greenspaces
Please consider the environment before printing this email.

---

**From:** Fox, David R. <drfox@jonesday.com>
**Sent:** Tuesday, December 3, 2019 9:05 PM
**To:** Roche, Jennifer L. <jroche@proskauer.com>;
afernandez@delgadofernandez.com; Stewart, Geoffrey S.
<gstewart@JonesDay.com>; Papez, Matthew E.
<mpapez@jonesday.com>; Sooknanan, Sparkle L.
<ssooknanan@jonesday.com>; DeGenaro, Stephen M.
<sdegenaro@jonesday.com>; Bennett, Bruce S.
<bbennett@jonesday.com>; Rosenblum, Benjamin
<brosenblum@JonesDay.com>; jsanchez@scvrlaw.com;
alavergne@sanpir.com; jzakia@whitecase.com;
csloane@whitecase.com; Green, Jesse <jgreen@whitecase.com>;
emaldonado@smclawpr.com; acouret@smclawpr.com;
eschaffer@reedsmith.com; lsizemore@reedsmith.com;
cgray@reedsmith.com
**Cc:** alexbongartz@paulhastings.com; mroot@omm.com;
mpocha@omm.com; pfriedman@omm.com; csteege@jenner.com;

Beville, Sunni P. <SBeville@brownrudnick.com>; rgordon@jenner.com>;
Sushon, Bill <wsushon@omm.com>; lucdespins@paulhastings.com>;
Goldstein, Irena <irenagoldstein@paulhastings.com>;
jamesbliss@paulhastings.com; Bassett, Nicholas
<nicholasbassett@paulhastings.com>; Holm, Richard
<rholm@omm.com>; John Arrastia <jarrastia@gjb-law.com>; Raiford,
Landon S. <LRaiford@jenner.com>; Axelrod, Tristan G.
<TAxelrod@brownrudnick.com>; suhland@omm.com>; Rosen, Brian S.
<brosen@proskauer.com>; Levitan, Jeffrey W.
<JLevitan@proskauer.com>; Dale, Margaret A.
<mdale@proskauer.com>; Dalsen, William D.
<wdalsen@proskauer.com>; Esses, Joshua <JEsses@proskauer.com>;
eweisfelner@brownrudnick.com
**Subject:** RE: ERS discovery

---

*This email originated from outside the Firm.*

---

All:

Attached are the Bondholders' Responses and Objections to the
Interrogatories and Requests for Admission served on them in these
proceedings.  A few additional verification pages for the interrogatory
responses will follow in the next few days.

Best,

David Fox
Associate
**JONES DAY® - One Firm Worldwide℠**
100 High Street, 21st Floor
Boston, MA  02110-1781
Direct: +1.617.449.6925
drfox@jonesday.com

---

**From:** Roche, Jennifer L. <jroche@proskauer.com>
**Sent:** Tuesday, December 3, 2019 8:55 PM
**To:** afernandez@delgadofernandez.com; Stewart, Geoffrey S.
<gstewart@JonesDay.com>; Papez, Matthew E.
<mpapez@jonesday.com>; Sooknanan, Sparkle L.
<ssooknanan@jonesday.com>; DeGenaro, Stephen M.
<sdegenaro@jonesday.com>; Bennett, Bruce S.
<bbennett@jonesday.com>; Rosenblum, Benjamin
<brosenblum@JonesDay.com>; Fox, David R. <drfox@jonesday.com>;
jsanchez@scvrlaw.com; alavergne@sanpir.com; jzakia@whitecase.com;
csloane@whitecase.com; Green, Jesse <jgreen@whitecase.com>;
emaldonado@smclawpr.com; acouret@smclawpr.com;
eschaffer@reedsmith.com; lsizemore@reedsmith.com;
cgray@reedsmith.com
**Cc:** alexbongartz@paulhastings.com; mroot@jenner.com;
mpocha@omm.com; pfriedman@omm.com; csteege@jenner.com;
Beville, Sunni P. <SBeville@brownrudnick.com>; rgordon@jenner.com>;
Sushon, Bill <wsushon@omm.com>; lucdespins@paulhastings.com>;
Goldstein, Irena <irenagoldstein@paulhastings.com>;

jamesbliss@paulhastings.com; Bassett, Nicholas
<nicholasbassett@paulhastings.com>; Holm, Richard
<rholm@omm.com>; John Arrastia <jarrastia@gjb-law.com>; Raiford,
Landon S. <LRaiford@jenner.com>; Axelrod, Tristan G.
<TAxelrod@brownrudnick.com>; suhland@omm.com;
brosen@proskauer.com; JLevitan@proskauer.com; Dale, Margaret A.
<mdale@proskauer.com>; wdalsen@proskauer.com; Esses, Joshua
<JEsses@proskauer.com>; eweisfelner@brownrudnick.com
**Subject:** ERS discovery

To all counsel in the ERS Bondholder lien scope and ultra
vires proceedings:

Attached are ERS's Responses and Objections to
Interrogatories and Requests for Admission served on it
in these proceedings on November 1, 2019.


**Jennifer L. Roche**
Senior Counsel

**Proskauer**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
d 310.284.5635; tel:+13102845635
f  310.557.2193
jroche@proskauer.com


*****************************************************
*****************************************************
********************************************

This message and its attachments are sent from a law firm and may
contain information that is confidential and protected by privilege
from disclosure.
If you are not the intended recipient, you are prohibited from
printing, copying, forwarding or saving them.
Please delete the message and attachments without printing,
copying, forwarding or saving them, and notify the sender
immediately.
*****************************************************
*****************************************************
********************************************

***This e-mail (including any attachments) may contain
information that is private, confidential, or protected by attorney-
client or other privilege. If you received this e-mail in error, please

delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

# EXHIBIT F

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-3881
mpapez@jonesday.com

JP024413                                December 30, 2019

VIA E-MAIL

Jennifer L. Roche                        Catherine Steege
Proskauer                                Jenner & Block LLP
2029 Century Park East                   353 N. Clark Street
Suite 2400                               Chicago, IL 60654
Los Angeles, CA 90067-3010               csteege@jenner.com
jroche@proskauer.com

                                         Madhu Pocha
Margaret Dale                            O'Melveny & Myers LLP
Proskauer                                1999 Avenue of the Stars
Eleven Times Square                      8th Floor
New York, NY 10036-8299                  Los Angeles, CA 90067
mdale@proskauer.com                      mpocha@omm.com

Luc A. Despins                           William J. Sushon
Paul Hastings LLP                        O'Melveny & Myers LLP
200 Park Avenue                          Seven Times Square
New York, NY 10166                       New York, NY 10036
lucdespins@paulhastings.com              wsushon@omm.com

          Re:    Responses and Objections to Bondholders' Discovery Requests

Dear Counsel:

        We are writing to follow up on your December 23, 2019 correspondence concerning the
Bondholders' discovery requests to the Employees Retirement System of the Government of the
Commonwealth of Puerto Rico ("ERS"), the Official Committee of Unsecured Creditors ("UCC"),
the Commonwealth of Puerto Rico ("Commonwealth"), the Financial Oversight and Management
Board for Puerto Rico ("Oversight Board"), the Puerto Rico Fiscal Agency and Financial Advisory
Authority ("AAFAF"); all in connection with the *Omnibus Objection Of Official Committee of
Unsecured Creditors To Claims Asserted By Holders Of Bonds Issued By Employees Retirement
System Of Government Of Puerto Rico* [ECF No. 5580 in Case No. 17-bk-03283], the *Omnibus
Objection Of The Official Committee Of Retired Employees Of The Commonwealth Of Puerto
Rico, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claims Filed Or*

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Jennifer L. Roche, Margaret Dale, Luc A. Despins,
Catherine Steege, Madhu Pocha, William J. Sushon
December 30, 2019
Page 2

*Asserted By Holders Of ERS Bonds Against ERS And The Commonwealth* [ECF No. 6482 in Case
No. 17-bk-03283], and Adversary Proceeding Nos. 19-00356, 19-00357, 19-00359, and 19-00361
(the "Ultra Vires Proceedings"); and Bondholders' discovery requests to ERS, the UCC, the
Commonwealth, and the Oversight Board in Adversary Proceeding Nos. 19-00366 and 19-00367
(the "Lien Scope Adversary Proceedings").

## Document Requests to ERS, the Commonwealth, and AAFAF

On December 23, 2019, ERS agreed to "run[] search terms across emails from a targeted
set of ERS custodians" to capture documents responsive to Bondholders' Requests for
Production in the Ultra Vires Proceedings and Lien Scope Adversary Proceedings.  ERS
suggested that Bondholders consider the search strings used in Adversary Proceeding No. 17-
00213 and propose terms, while ERS would propose a custodian list.  We appreciate your
proposal.

Similarly, AAFAF and the Commonwealth agreed to "facilitate the collection and review
of GDB Board materials" and to "run additional searches" with "any ultra vires search terms the
parties negotiate" on emails collected from GDB for the Kobre & Kim investigation that "did not
fall within Kobre & Kim's search requests."

We appreciate these efforts at compromise.  We are considering the search strings used in
Adversary Proceeding No. 17-00213 and will propose search strings shortly.

Given your agreements to search for and produce responsive, non-privileged documents,
we assume that you will not withhold documents on the basis of your objections (aside from
privilege objections).  Please correct us if we misunderstood your December 23 letter.

## Lien Scope Document Requests to the UCC

Given that ERS and the UCC have decided not to enter the stipulation that the
Bondholders proposed to resolve the parties' disputes over Lien Scope document requests 22
through 25, the UCC should confirm that it has no non-privileged documents responsive to those
requests that are not duplicative of documents in ERS's possession.  In either case, please amend
UCC's responses to these document requests to clarify its position.

## Ultra Vires Document Requests to the Oversight Board

The Oversight Board objected to all of the Bondholders' Ultra Vires and Lien Scope
document requests.  The Bondholders agreed to defer discussion of the Lien Scope requests,
deferred several of the Ultra Vires requests, and agreed to narrow the others, including Request

JONES DAY

Jennifer L. Roche, Margaret Dale, Luc A. Despins,
Catherine Steege, Madhu Pocha, William J. Sushon
December 30, 2019
Page 3

Nos. 1, 5, 6, 10, 13, 19, and 25.  In response, the Oversight Board has maintained its objections.
The Bondholders appreciate that (as the Oversight Board repeatedly noted in its correspondence)
the Oversight Board was constituted after the ERS Bonds were issued.  If, as a result of this fact,
the Oversight Board has no documents responsive to Ultra Vires Request Nos. 1, 5, 6, 10, 13, 19,
and 25, then it should amend its responses to so state.  If, however, the Oversight Board has non-
privileged documents responsive to these requests, please produce them.

**<u>Ultra Vires Interrogatories to ERS</u>**

Interrogatory Nos. 1, 2, and 8 asked ERS to "identify all persons with knowledge of" the
other information sought in the interrogatory.  ERS provided no information in response to
Interrogatory No. 2.  In response to Interrogatory Nos. 1 and 8, ERS stated that "persons with
knowledge that the ERS Bonds were issued *ultra vires* include former ERS officials, members of
the Puerto Rico Legislative Assembly, and ERS Bondholders."  We explained the deficiencies of
these responses in our December 9 letter, and further discussed them with you during our
December 18 meet & confer.

On December 23, 2019, in response to the issues we raised, ERS asserted that it "does not
have additional information to supplement [its] responses" to Ultra Vires Interrogatory Nos. 1, 2,
8, and 11.  ERS further noted that it "is not withholding responsive information."  ERS's
December 23 communication, however, confirms that ERS needs to amend its responses to these
interrogatories.

We understand ERS's statement that it "does not have additional information to
supplement [its] responses" to mean that it does not know the identity of any particular
individual with knowledge that the ERS Bonds were issued *ultra vires*.  If our understanding is
incorrect, then please let us know and please identify the specific individuals with that
knowledge.  But if our understanding is correct, then ERS should amend its responses to these
interrogatories to state that it is not aware of any specific individuals with such knowledge.  If, in
the course of discovery, ERS later identifies specific individuals with knowledge of these issues,
it can further amend its responses at that time.

Interrogatory No. 11 sought information about any person ERS contends acted contrary
to any law or rule in connection with the issuance of ERS Bonds.  ERS objected to this
interrogatory.  ERS neither confirmed that it does not contend that any person acted contrary to
any law or rule in connection with the issuance of the ERS bonds, nor asserted that it contends
that anyone acted contrary to any law or rule.  ERS's recent statement that it lacks "additional
information to supplement" this response makes no sense.  Please amend ERS's response to state
whether or not ERS contends any individual acted contrary to any law or rule in connection with

JONES DAY

Jennifer L. Roche, Margaret Dale, Luc A. Despins,
Catherine Steege, Madhu Pocha, William J. Sushon
December 30, 2019
Page 4

the issuance of ERS Bonds.  If ERS does not know whether any individual did so, then its
response should reflect that lack of knowledge.

Thank you for your attention to these matters.

Very truly yours,

*/s/ Matthew E. Papez*

Matthew E. Papez

cc: Counsel of Record