**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

      Debtors.[1]

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO,

      Debtors.

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3566-LTS

(Jointly Administered)

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, ET AL.

                      Movants,

             -against-

ANDALUSIAN GLOBAL DESIGNATED ACTIVITY
CO., ET AL.

                      Respondents.
-------------------------------------------------------------x


**URGENT MOTION OF COMMITTEES AND GOVERNMENT PARTIES TO COMPEL
PRODUCTION OF DOCUMENTS FROM ERS BONDHOLDERS**

To the Honorable United States Magistrate Judge Judith G. Dein:

The Official Committee of Unsecured Creditors (the "Creditors' Committee"),[2] the
Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree
Committee" and, together with the Creditors' Committee, the "Committees"), the Financial
Oversight and Management Board for Puerto Rico (the "Oversight Board"), and the Special
Claims Committee of the Financial Oversight and Management Board for Puerto Rico (the "SCC")
(together with the FOMB, the "Government Parties") (the Committees and Government Parties,
collectively, "Movants") respectfully submit this urgent motion (the "Urgent Motion") to compel
certain groups of ERS bondholders represented by Jones Day and White & Case (collectively, the
"Bondholders")[3] to produce certain documents related to Bondholders' purchase or acquisition of
municipal or governmental securities relevant at least to their notice defense.

---

[2] The Creditors' Committee is the official committee of unsecured creditors for all Title III
Debtors, other than PBA and COFINA.

[3] The Bondholders are:  Andalusian Global Designated Activity Company, Glendon Opportunities
Fund, L.P., Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B),

## INTRODUCTION

1.      In these Actions, the Bondholders claim that even if the ERS Bonds are declared *ultra vires* and invalid, the ERS Bonds remain enforceable because the Bondholders were purchasers for value without notice of that alleged defect (viz. the illegal issuance of ERS Bonds). *See* ECF No. 688 in Case No. 17-bk-03566 at 33.  As the Bondholders intend to claim they were not on notice the ERS Bonds were issued *ultra vires* and, therefore, the ERS Bonds remain enforceable, Movants are entitled to discovery into what the Bondholders knew or believed at the time they purchased or acquired the ERS Bonds, including but not limited to investment committee memoranda (or similar documents) and supporting materials prepared at or around the time of acquisition that may be probative of what the Bondholders knew or believed at that time (Request for Production Nos. 19 and 21).

2.      The Bondholders agree this discovery is relevant to the notice issues they raised, but say they will only produce this discovery with a catch:  they will only produce documents from due-diligence or working files that discuss the validity (or invalidity) of the ERS bonds.  Anything

---

Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund II, Inc., Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., SV Credit, L.P., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., Tax-Free Puerto Rico Target Maturity Fund, Inc., UBS IRA Select Growth & Income Puerto Rico Fund, Crown Managed Accounts for and on behalf of Crown/PW SP, LMA SPC for and on behalf of Map 98 Segregated Portfolio, Oceana Master Fund Ltd., Pentwater Merger Arbitrage Master Fund Ltd., and PWCM Master Fund Ltd.

else, according to the Bondholders, would not be "relevant" to *ultra vires* issues.   The
Bondholders' proposed limitation is improper, and the Court should overrule it.

3.      The Bondholders' reliance on a notice defense requires examination of what they
knew or believed at the time they purchased or acquired ERS Bonds—including, critically,
documents that show the Bondholders failed to analyze the validity of the ERS Bonds.  Even the
absence of a discussion about the validity or legality of ERS Bonds may show the Bondholders
did not analyze the legality of the ERS Bonds when they purchased them, demonstrating the
Bondholders' failure to undertake the necessary analysis of the bonds' legality at the time of their
purchases.

4.      The Bondholders cannot have it both ways, asserting a notice defense on the one
hand while denying Movants discovery into the unfiltered account of what they knew or believed
when they purchased or acquired ERS Bonds on the other.  As such, after resolving the bulk of the
issues Movants raised with the Bondholders' responses to their Requests for Production through
the conference process, Movants have no choice but to seek relief from the Court on this narrow
issue.  The Court should overrule the Bondholders' proposed limitation and compel the production
of documents responsive to Request for Production Nos. 19 and 21.

## JURISDICTION AND VENUE

5.      The United States District Court for the District of Puerto Rico has subject matter
jurisdiction over this matter pursuant to PROMESA § 306(a).

6.      Venue is proper pursuant to PROMESA § 307(a).

## BACKGROUND

### A.      Procedural History

7.      This Urgent Motion arises out of discovery disputes in connection with two related
matters within the ERS Title III case.  The first concerns challenges to the enforceability of the

ERS bonds on grounds that the ERS acted beyond its authority by issuing them (the "Ultra Vires
Issue").[4]  The second concerns issues related to the scope of Bondholders' liens over ERS property
(the "Lien Scope Issues") (together with the Ultra Vires Issues, the "Actions").[5]

8.      Among other things, the Ultra Vires Issue concerns whether the ERS's authority to
seek loans through the "direct placements of debts" includes the authority to issue public bonds.
Movants have argued it does not because public bonds are not encompassed in the definition of
"direct placement" (or a "private placement") of debt.  *See, e.g.*, 17-bk-3566 ECF 381, ¶¶ 31–36.
Bondholders claim the opposite.  *See, e.g.*, 17-bk-3566 ECF 688, ¶¶ 20–27; 17-ap-219 ECF 50,
16–20.  Bondholders also claim that, even if the ERS Bonds were issued *ultra vires* and declared
invalid, the ERS Bonds are nevertheless enforceable because they were purchasers for value
without notice of that alleged defect (viz. the illegal issuance of ERS Bonds).  *See* ECF No. 688 in
Case No. 17-bk-03566 at 33.

9.      On July 24, 2019, the Court entered the *Order Regarding Stay Period and
Mandatory Mediation* [17-bk-3283 ECF 8244] (the "Stay Order") staying certain adversary
proceedings and contested matters and ordering mandatory mediation.

10.     On October 24, 2019, the Court entered the *Order Granting Urgent Joint Motion
to Modify Order Regarding Stay and Mandatory Mediation with Respect to Certain Issues Raised*

---

[4] The Ultra Vires Issue was raised in the Unsecured Creditors' Committee's objections to claims
of ERS bondholders [17-bk-3283, ECF 5580 and 5586] (the "Creditors' Committee Objections");
the Retiree Committee's objection to claims of ERS bondholders [17-bk-3283, ECF 6482] (the
"Retiree Committee Objection"); and in count one of the complaints in each of the ERS clawback
adversary proceedings [19-ap-355, 19-ap-356, 19-ap-357, 19-ap-358, 19-ap-359, 19-ap-360 and
19-ap-361].

[5] The Lien Scope Issues were raised in adversary proceedings 19-ap-366 and 19-ap-367; Parts III,
IV, V and ¶¶ 94–97 of Part VI of the Retiree Committee's Objection; and Part I.A.i. of the
Oversight Board's objection to claims of ERS bondholders [17-bk-3283, ECF 7075] (the
"Oversight Board Objection").

4

*in Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* [17-bk-3283 ECF 8962] (the "ERS Scheduling Order") un-staying certain contested matters and adversary proceedings to allow for resolution of the Ultra Vires Issue and Lien Scope Issues, and setting the discovery and briefing schedule with respect to the Ultra Vires Issue and Lien Scope Issues.

**B.  Movants' Requests for Production to the Bondholders**

11.  On November 1, 2019, pursuant to the ERS Scheduling Order, the Government Parties and Committees served, among other things, requests for production (the "Requests for Production") on Bondholders.  Exhibit 1 [Requests for Production].  As is relevant here, Movants requested the following discovery from the Bondholders:

> 19. All Documents relating to each Your purchase or sale of, or decision to hold ERS Bonds, including all documents reviewed, considered, or relied on by You or any of Your advisors when making purchases, sales, or decisions to hold.
>
> 21. All Documents relating to the ERS Bonds or ERS Bond-related information known to or in the possession of You or any of Your advisors at the time of any evaluation or analysis with respect to the ERS Bonds (including, without limitation, their validity), or any decision to purchase, sell or hold any ERS Bonds (Exhibit 1 at 11).

12.  On November 22, 2019, pursuant to the ERS Scheduling Order, Bondholders served their responses and objections to the Requests for Production.  Exhibit 2 [Bondholder Responses to Requests for Production].

13.  In response to Request Nos. 19 and 21, the Bondholders objected on the grounds various terms—such as "advisors" and "reviewed" and "ERS-Bond related information"—were vague and ambiguous, but agreed to produce "due diligence files" previously produced in litigation concerning their motion to lift the automatic stay.  Exhibit 2 at 14-16.

C.      **The Current Discovery Dispute**

14.    On December 11, 2019, the Oversight Board raised multiple concerns with the Bondholders' discovery responses by letter, including with respect to Request for Production Nos. 19 and 21.  Exhibit 3 [12/11/19 Letter, W. Dalsen Letter to D. Fox].  The Bondholders did not respond in writing to the concerns raised in the letter, but agreed to confer.

15.    On December 18, 2019, the parties held a 3-hour teleconference concerning various discovery matters, including Bondholders' responses and objections to Request for Production Nos. 19 and 21.  During that conference, the Bondholders agreed they would produce documents in response to Request Nos. 19 and 21—but only if such documents "touch upon ultra vires issues."

16.    On December 31, 2019, the parties held a teleconference concerning Bondholders' discovery requests to the Oversight Board.  At the conclusion of that conference, the Oversight Board requested a further conference with the Bondholders concerning the Bondholders' objections and responses to attempt to avoid motion practice.

17.    On January 2, 2020, the parties held a 1-hour teleconference concerning the Oversight Board's discovery requests to the Bondholders and the Fiscal Agent.  As to Request for Production Nos. 19 and 21, the Bondholders stated that what they knew at the time of purchase would be relevant to notice issues they intended to raise—but the Bondholders refused to withdraw their proposed limitation to produce only such documents that "touch upon ultra vires issues."

18.    Also on January 2, 2020, Movants indicated they would seek to compel the production of documents responsive to Request for Production Nos. 19 and 21 unless the Bondholders removed their proposed limitation.  Exhibit 4 [1/2/20 Letter from W. Dalsen to M. Papez].

19.    On January 3, 2020, the Bondholders stated they now intend to stand on their prior objections that Request for Production Nos. 19 and 21 are "vague" and "ambiguous" without

elaboration, and that both Requests were "overly broad" because, the Bondholders now assert, the

Requests seek every document concerning ERS Bonds.  Exhibit 5 at 2 [1/3/20 Letter from M.

Papez to Counsel of Record].  The Bondholders also reiterated they would only produce documents

that "touch on the Ultra Vires issues," stating that would include documents "regarding the validity

(or invalidity) of the bonds, the legality of their issuance, allegations about the validity or legality

of the Bonds, and any other issues related to the claims in the Ultra Vires Proceedings."  *Id.*

## LEGAL STANDARD

20.     Discovery under the Federal Rules of Civil Procedure intentionally "casts a wide

net" and "alter[s] the adversarial nature of litigation to remove the elements of surprise and

gamesmanship to make trial a transparent, fair process."  *Skytec, Inc. v. Logistic Sys.*, Civ. No. 15-

2104-BJM, 2018 WL 4372726, at *5 (D.P.R. Sept. 12, 2018).  Discovery, therefore, properly

extends to "any nonprivileged matter that is relevant to any party's claim or defense [that is]

proportional to the needs of the case."  Fed. R. Civ. P. 26(b).  A party's failure or refusal to produce

such information may be remedied, upon a showing of good cause, by a court order compelling

such disclosure.  *Diaz-Garcia v. Surillo-Ruiz*, 45 F. Supp. 3d 163, 166 (D.P.R. 2014).  Further, the

party resisting a request for production bears the burden of establishing the lack of relevancy or

undue burden of the request.  *Autoridad de Carreteras y Transportacion v. Transcore Atlanic, Inc.*,

319 F.R.D. 422, 427 (D.P.R. 2016).

## ARGUMENT

**I.     Bondholders Should Be Compelled to Provide Documents Responsive to Requests
for Production 19 and 21**.

21.     These Requests seek information showing what the Bondholders knew or believed

at the time they purchased or acquired the ERS Bonds—specifically here, documents the ERS

Bondholders used and had in their possession, custody, and control at the time they acquired or

7

disposed of ERS Bonds (Request No. 19), and documents relating to ERS Bonds the ERS Bondholders knew of or had in their possession at the time they, or their advisors, performed any evaluation or analysis of the ERS Bonds (Request No. 21). Among other things, such documents would include investment committee memoranda, along with supporting documents and analysis, used by the respective Bondholder principals to decide whether to purchase ERS Bonds (including a decision *not* to purchase such bonds).

22.     Movants seek this discovery because the Bondholders intend to assert a "notice" defense in the event the Court agrees the ERS Bonds were issued *ultra vires* and are invalid. *See* ECF No. 688 in Case No. 17-bk-03566 at 33. The Bondholders agree the discovery Movants seek is relevant to the notice issues they raised. Exhibit 4 at 2 (recounting Bondholders' counsel's statement that what Bondholders knew or believed at the time they purchased or acquired ERS Bonds is relevant to notice issues Bondholders raised); *cf.* Exhibit 5 (neither disputing the statement of Bondholders' counsel, nor once using the word "notice").

23.     The Bondholders have agreed to produce documents responsive to these Requests that hit on agreed-upon search terms (Exhibit 4 at 2)[6] and certain categories of documents regardless of whether they hit on search terms (e.g., "diligence files")—but their agreement comes with a catch. Specifically, the Bondholders say they will only produce documents concerning their purchase or acquisition of ERS Bonds that "touch upon ultra vires issues."

24.     The Court should overrule the Bondholders' proposed limitation. This litigation concerns ultra vires issues; either the proposed limitation is meaningless, or it is meaningful in a way that the Bondholders have not disclosed. Despite two conferences on this issue, Movants do

---

[6] The Bondholders appear to retreat from this proposal in their letter of January 3, 2020, indicating they will now only search for documents in "diligence files" and "work files," but not anywhere else. Exhibit 5 at 3.

not understand what this limitation means and whether the Bondholders will produce everything they had at the time of their purchase decisions even if such documents do not explicitly discuss the legality of the bonds.

25.     The Bondholders' reliance on a notice defense necessarily requires examining whatever they knew at the time of purchase or acquisition—without exclusion of what the Bondholders unilaterally decide is not relevant to their notice defense.  For example, if the Bondholders have internal communications confirming that they analyzed the ERS Enabling Act but failed to analyze the legality of the bonds, such documents should be produced even if there are no explicit discussions of "ultra vires issues."  Even the absence of discussion about the legality of the bonds could undermine the Bondholders' notice defense and establish that the particular Bondholders in this litigation failed to undertake the necessary analysis of the bonds' legality at the time of their purchases.  Alternatively, the Bondholders should agree that the interpretation of the ERS Enabling Act is a legal issue and there is no viable "notice" defense here.

26.     The Bondholders may claim they have addressed Movants' concerns because they have agreed to produce "documents that touch on the issues in the Ultra Vires Proceeding," Exhibit 5 at 3, but the careful wording of that contention attempts to mask the relevant notice materials the Bondholders intend to withhold.  As noted above, even documents that do not mention or discuss the validity of the ERS Bonds are relevant to the notice issues the Bondholders themselves have raised.  The Bondholders' careful phrasing of what they intend to produce—always in terms of what the Bondholders *affirmatively* or *explicitly* discussed in their documents and communications concerning the validity of ERS Bonds—excludes documents that do not affirmatively or explicitly discuss the validity of the ERS Bonds, even though such documents are highly relevant to the notice issues the Bondholders themselves raised (and are responsive to the Requests as written).

Further, the documents and information the Bondholders had in their possession at the time of purchase or acquisition concerning the ERS Bonds—particularly if they failed to review and consider such information—are likewise relevant to the Bondholders' notice issues.

27.     To the extent the Bondholders may claim these documents showing analysis and decision-making criteria for their clients are particularly sensitive and should not be disclosed, the argument fails for at least two reasons.  First, the Bondholders put these documents at issue by relying on a notice defense.  Second, the Bondholders have proposed (and the parties are near agreement on) a confidentiality stipulation and order for these Actions that in their judgment provided sufficient protections for their clients' sensitive documents.

28.     The Court should therefore overrule the Bondholders' proposed limitation that documents are responsive to these Requests only if they "touch upon ultra vires issues," and compel production of documents and communications responsive to these Requests.

**RELIEF REQUESTED**

29.     The Government Parties and the Committees hereby request, pursuant to Federal Rule of Bankruptcy 7026, 7034, and 9014, made applicable to this contested matter through section 310 of PROMESA, and this Court's inherent authority, that this Court compel Bondholders to produce documents responsive to Requests for Production 19 and 21.

30.     WHEREFORE the Government Parties and Committees respectfully request that this Court (i) enter the Proposed Order attached hereto as **Exhibit A** granting the relief requested herein, and (ii) grant the Government Parties and the Committees such other relief as is just.

**Certification of Compliance with
Local Rule 9013-1 and the Tenth Amended Case Management Procedures**

Pursuant to Local Rule 9013-1 and ¶ I.H of the Tenth Amended Case Management Order, the Government Parties and the Committees hereby certify that they have (a) carefully examined

the matter and concluded that there is a true need for an urgent hearing; (b) not created the urgency through any lack of due diligence; (c) made a bona fide effort to resolve the matter without a hearing; (d) made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court; and (e) contacted counsel for Bondholders, who have rejected or failed to respond to the Government Parties' and Committees' requests.

*[Remainder of page intentionally left blank]*

Dated: January 3, 2020
New York, NY

Respectfully submitted,

*/s/ Luc A. Despins*

**PAUL HASTINGS LLP**
Luc A. Despins *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*/s/ John Arrastia*

**GENOVESE JOBLOVE & BATTISTA P.A.**
John Arrastia (pro hac vice)
John Genovese (pro hac vice)
Jesus M. Suarez (pro hac vice)
100 Southeast Second Street, 44th Floor
Miami, FL 33131
305-349-2300


*Counsel to the Official Committee of Unsecured
Creditors*

*/s/ Juan J. Casillas Ayala*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC – PR 218312)
Israel Fernández Rodrígues, Esq. (USDC – PR 22504)
Juan C. Nieves González, Esq. (USDC – PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC – PR
306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (797) 523-3434
Fax: (797) 523-3433
jcasillas@cstlawpr.com

12

ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@ctslawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: jlevitan@proskauer.com
Email: mdale@proskauer.com

*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative for the Debtors*

*/s/ Luis F. del Valle-Emmanuelli*

Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.977.1932
Fax. 787.722.1932
dvelawoffices@gmail.com

OF COUNSEL FOR A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: (787) 751-6764/ 763-0565
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

13

/s/ Sunni P. Beville

**BROWN RUDNICK LLP**
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@prownrudnick.com

*Counsel to the Special Claims Committee*

/s/ Alberto Estrella

**ESTRELLA, LLC**
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P.O. Box 902359
San Juan, Puerto Rico 00902-3596
Tel: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee*

14

*/s/ Landon Raiford*

**JENNER & BLOCK LLP**
Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
Landon Raiford (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

*/s/ A.J. Bennazar-Zequeira*

**BENNAZAR, GARCÍA & MILIÁN, C.S.P**
A.J. Bennazar-Zequeira
Héctor M. Mayol Kauffmann
Francisco del Castillo Orozco
Edificio Union Plaza
1701 Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
hector.mayol@bennazar.com
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for the Official Committee of Retired
Employees of Puerto Rico*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 3, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli

**<u>EXHIBIT A</u>**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

        Debtors.[7]

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of

THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO,

        Debtors.

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3566-LTS

(Jointly Administered)

---

[7] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:  8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:  9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**[PROPOSED] ORDER GRANTING URGENT MOTION OF GOVERNMENT PARTIES
AND COMMITTEES TO COMPEL PRODUCTION OF DOCUMENTS**

Upon consideration of the *Urgent Motion of Government Parties and Committees to
Compel Production of Documents and Responses to Interrogatories and Requests for Admission*
(the "Motion to Compel") for an order compelling Bondholders to produce documents responsive
to discovery requests served on them by the Government Parties and the Committees;[8] and it
appearing that  (i) the Court has subject matter jurisdiction over this Motion to Compel  pursuant
to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); (ii) venue of this proceeding and the Motion to
Compel is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); and (iii) notice of the Motion
to Compel was adequate and proper under the circumstances and no further or other notice need
be given; and after due deliberation and sufficient cause appearing therefor, it is hereby
**ORDERED** that:

1. The Motion to Compel is **GRANTED** as set forth herein.

2. The Bondholders shall, no later than February 3, 2020, produce documents responsive to
   Requests for Production 19 and 21.


Dated: _____, 2020.

                                                SO ORDERED:

                                                _____
                                                Honorable Judith G. Dein
                                                United States Magistrate Judge

_____

[8] Capitalized terms used but not defined herein have the meaning given them in the Motion to
Compel.