# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>               Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3566-LTS<br><br><br>Re: Adv. Pro. Nos. 19-00356, 19-00357, 19-00358, 19-00359, 19-00361, 19-00366 and 19-00367 |

## FIRST SET OF REQUESTS OF THE COMMITTEES AND GOVERNMENT PARTIES FOR PRODUCTION OF DOCUMENTS TO THE ERS BONDHOLDER GROUPS

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric and Power  Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, as made applicable to this matter by Federal Rules of Bankruptcy Procedure 7026 and 7034, and the Court's October 24, 2019 *Order Granting Joint Motion to Modify Order Regarding Stay and Mandatory Mediation With Respect To Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico,* the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"), the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**" and, together with the Creditors' Committee, the "**Committees**"), the Financial Oversight and Management Board for Puerto Rico (the "**FOMB**"), the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico (the "**SCC**"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("**AAFAF**" and, together with the FOMB and the SCC, the "**Government Parties**"), request that certain groups of ERS bondholders represented by Jones Day and White & Case LLP (collectively, the "**ERS Bondholder Groups**")[2] respond to this First Set of Requests for the Production of Documents and produce the requested documents to counsel

---

[2] The ERS Bondholder Groups are: Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund II, Inc., Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., SV Credit, L.P., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., Tax-Free Puerto Rico Target Maturity Fund, Inc., UBS IRA Select Growth & Income Puerto Rico Fund, Crown Managed Accounts for and on behalf of Crown/PW SP, LMA SPC for and on behalf of Map 98 Segregated Portfolio, Oceana Master Fund Ltd., Pentwater Merger Arbitrage Master Fund Ltd., and PWCM Master Fund Ltd.

for each of the Committees and Government Parties on or before November 22, 2019 in accordance

with the Instructions below and in the manner prescribed by the Federal Rules of Civil Procedure

and the Federal Rules of Bankruptcy Procedure.

## DEFINITIONS

1.      "**2008 ERS Bond Issuance**" means the issuance or issuances of ERS Bonds under
the ERS Bond Resolution.

2.       "**Act 3-2013**" means the legislation enacted by the Legislative Assembly of the
Commonwealth of Puerto Rico and signed by the Governor of Puerto Rico into law on April 4,
2013.

3.      "**Act 32-2013**" means the legislation enacted by the Legislative Assembly of the
Commonwealth of Puerto Rico and signed by the Governor of Puerto Rico into law on June 25,
2013.

4.      "**Act 116-2011**" means the legislation enacted by the Legislative Assembly of the
Commonwealth of Puerto Rico and signed by the Governor of Puerto Rico into law on July 6,
2011.

5.       "**Additional Uniform Contributions**" or "AUC" has the same meaning ascribed
to it in the ERS Enabling Act.

6.      "**Commonwealth**" means the Commonwealth of Puerto Rico.

7.      "**Communication(s)**" means any oral, written or electronic transmission of
information, including without limitation, meetings, discussions, conversations, telephone calls,
e-mail messages, text messages, memoranda, letters, analyst reports, telecopies, telefaxes,
telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm,
microfiche, magnetic disks, or other media of any kind.

8.       "**Document(s)**" is defined to be synonymous in meaning and equal in scope to the
usage of this term in Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by
Bankruptcy Rule 7034 and Section 310 of PROMESA (48 U.S.C. § 2170), including but not

3

limited to papers, writings, or records of any type, source, or authorship in Your possession, custody, or control, or of which You have knowledge, wherever located, however produced or reproduced or whether a draft, original, or copy, and whether or not claimed to be privileged or exempt from production for any reason.  By way of illustration and not limitation, the term "Document(s)" shall include electronic mail; all forms of written communication and correspondence; memoranda of telephone conversations; summaries, diaries, or other records of personal conversations or interviews; any minutes, summaries, or other records of any meetings, discussions, or conferences; as well as any other notes, reports, records, data, memoranda, correspondence, notebooks, scrap books, diaries, minutes, summaries, financial statements, ledgers, magnetic tapes or other sounds or video recordings, telefaxes, telegrams, letters, photographs, drawings, plans, studies, manuals, instructions, bids, specifications, advertisements, graphs, sketches, blueprints, charts, curves, motion picture films, microfilms, computer records, photographic negatives, photocopies, photostats, descriptions, purchase orders, agreements, contracts, invoices, bills of lading, published or unpublished speeches, manuscripts or articles, transcripts, affidavits, depositions, printed matter, publications, and any other retrievable information, however recorded, memorialized, or preserved.

9.      "**Employee Loans**" means personal and home mortgage loans to employee participants and retirees consistent with 3 L.P.R.A. § 779.

10.      "**Employee Loan Payments**" means funds received by ERS as, from, or in connection with the repayment (in whole or in part) of Employee Loans.

11.      "**Employers' Contributions**" has the same meaning ascribed to it by the ERS Bond Resolution.

12.       "**ERS**" means the Employees Retirement System of the Government of the Commonwealth of Puerto Rico.

13.      "**ERS Bond**" means any bond issued by ERS under the ERS Bond Resolution (including any indirect or beneficial interest therein).

4

14.     "**ERS Bond Resolution**" means that certain Pension Funding Bond Resolution adopted as of January 24, 2008 by the Board of Trustees of ERS, as amended and supplemented.

15.     "**ERS Bondholder**" means any holder or owner of a direct, indirect, or beneficial interest in an ERS Bond.

16.     "**ERS Enabling Act**" means Puerto Rico Act No. 447-1951 (codified, as amended at 3 L.P.R.A. §§ 761-788).

17.     "**ERS Security Agreement**" means the security agreement dated June 2, 2008, executed by ERS.

18.     "**ERS Title III Case**" means the case commenced on May 21, 2017 by the FOMB, on behalf of ERS, under Title III of PROMESA.

19.     "**Fiscal Agent**" means The Bank of New York Mellon, as Fiscal Agent under the ERS Bond Resolution.

20.     "**Identify**" means to identify the information requested in a complete and specific fashion so as to avoid any ambiguity or vagueness and to ensure that Your answer is in no way incomplete or misleading.

21.     "**Including**" means including, but not limited to, the referenced subject.

22.     "**Interrogatories**" means the *First Set of Interrogatories of the Committees and Government Parties to the ERS Bondholder Groups* issued contemporaneously herewith.

23.     "**Pledged Property**" has the same meaning ascribed to it in the ERS Bond Resolution.

24.     "**Post-Petition Conduct**" means any actions taken by ERS after the filing of the ERS Title III Case.

25.     "**Pre-2008 Assets**" means assets held by ERS prior to the 2008 ERS Bond Issuance or proceeds thereof.

26.     "**Relating to**" means concerning, pertaining to, referring to, deriving from, resulting from, or otherwise having any logical or factual connection with a given person, thing, or matter.

27.     "**Requests for Admission**" means the *First Set of Requests for Admission of the Committees and Government Parties to the ERS Bondholder Groups* issued contemporaneously herewith.

28.     The terms "**You**" and "**Your**" refer to each of the responding ERS Bondholder Groups, each of their respective constituent members, and all persons acting on behalf of, for the benefit of, at the direction of, in exchange for compensation from, or under the control or authority of any of the foregoing.

## INSTRUCTIONS

1.     All terms defined above shall have the meanings set forth above, whether capitalized in these Document Requests or not.

2.     All words, terms, and phrases not specifically defined herein are to be given their normal and customary meaning in the context in which they are used in these Document Requests.

3.     The terms "all", "any", and "each" shall be construed as all, any, and/or each as necessary to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

4.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.     References to the singular shall include the plural, and references to the plural shall include the singular.

6.     A request for Documents or communications concerning a corporate entity shall be presumed to include any such Documents or communications from any agent, employee, representative, affiliate, or subsidiary of such corporate entity.

7.     The Documents covered by these Requests include all Documents in Your possession, custody or control, or any Documents that were generated or received by You or otherwise came into existence or were utilized by You through the date of production, wherever

located, including, without limitation, those in the custody of Your current and former representatives, agents, professionals and affiliates.

8.      A request for a Document shall be deemed to include a request for any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document, and any file folder in which the Document was maintained, in addition to the Document itself.

9.      A request for a Document shall be deemed to include a request for all drafts, versions, successive iterations, non-identical copies thereof and all modifications thereto, in addition to the Document itself.

10.      Documents are to be produced in their entirety without abbreviation or expurgation. In making Documents available, all Documents which are physically attached to each other in files shall be made available in that form.  Documents which are segregated or separated from other Documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs or any other method, shall be made available in that form.  Documents shall be made available in the order in which they were maintained.

11.      If responsive information appears on one or more pages of a multi-page Document, provide the entire Document, including any exhibits or attachments thereto.  Except pursuant to a claim of privilege or work product, no Document should be altered, defaced, masked or redacted prior to production.

12.      If any part of the following requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have concerning the portion to which You do not respond.

13.      If there are no Documents responsive to any particular request, You should state so in writing.

14.      With respect to each Document withheld from production on the ground of privilege or any similar claim, identify its author(s), recipient(s), addressee(s), date, subject matter,

number of pages, attachments or appendices, present custodian, and grounds for each claim of privilege.

15.      If any requested Document or other Document potentially relevant to this action is subject to destruction under any Document retention or destruction program, the Document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

16.      If any of the Documents requested herein were, but no longer are, in Your possession, custody, or control, state what disposition was made of such Documents, why, and include the date and place of disposition and the person(s) who disposed of the Document(s).

17.      The Documents shall be produced in the order and form in which they have been maintained and the response hereto shall identify the individual from whose file(s), and indicate in response to which request, the Document has been produced.

18.      These Requests are continuing in nature pursuant to Federal Rule of Civil Procedure 26(e), made applicable to this matter under Federal Rule of Bankruptcy Procedure 7026 and Section 310 of PROMESA (48 U.S.C. § 2170) so as to require production of any and all Documents which may be in Your possession, custody, or control between the date of service of thess Requests and the date on which the above-captioned case is resolved, either by trial or otherwise.  To the extent that Your production or responses may be supplemented or otherwise modified by Documents or information acquired by You subsequent to Your production and responses hereto, You are promptly to produce and serve appropriate supplemental Documents or answers.

19.      The Committees and Government Parties reserve their rights to serve supplemental Document Requests.

## DOCUMENT REQUESTS

1.      All Documents relating to, or delivered in connection with, the 2008 ERS Bond Issuance, including the ERS Bond Resolution, ERS Security Agreement, and any other deal-related Documents in connection with the 2008 ERS Bond Issuance.

2.      All Documents relating to Your or the Fiscal Agent's alleged security interest in the following (or in any claimed proceeds thereof): (a) ERS's Pre-2008 Assets; (b) AUC; (c) employee contributions to ERS; (d) ERS funds not deposited with the Fiscal Agent; (e) funds remitted to ERS by the Fiscal Agent; (f) Employee Loans; (g) Employee Loan Payments; or (h) ERS's investments.

3.      All Documents relating to Your contention that Employee Loans, Employee Loan Payments, ERS's investments, or ERS's cash or other assets are proceeds of Your collateral or proceeds of the Fiscal Agent's collateral, including without any limitation any Documents relating to the sources of funds with which these assets were acquired.

4.      All Documents relating to Your or the Fiscal Agent's alleged security interest in Employers' Contributions, including, but not limited to, Employers' Contributions that have not been received by ERS.

5.      All Documents relating to Your contention that You or the Fiscal Agent perfected or attempted to perfect a security interest in any property of ERS, including, but not limited to, any filings pursuant to the Uniform Commercial Code, control agreements, possessory agreements, or bailment agreements perfecting or attempting to perfect a security interest and/or a lien securing or attempting to secure an interest in the Pledged Property.

6.      All Documents relating to the source(s) of any payments of cash to ERS, to the extent You assert such payments occurred.

9

7.      All Documents relating to Your or the Fiscal Agent's security interest in ERS assets, to the extent You assert such security interest exists.

8.      All Documents relating to the Fiscal Agent's control of any ERS deposit accounts, to the extent You assert such control exists.

9.      All Documents relating to the source(s) of funds transferred to the Fiscal Agent on account of the ERS Bonds.

10.     All Documents relating to the transfer by ERS to the Fiscal Agent of Additional Uniform Contributions.

11.     All Documents relating to Your actions and responses to Act 116-2011.

12.     All Documents relating to Your actions and responses to Act 3-2013 and all executive orders related thereto.

13.     All Documents relating to Your actions and responses to Act 32-2013 and all executive orders related thereto.

14.     All Documents relating to Your actions and responses to the lawsuit *Retiro de los Empleados del Gobierno y la Judicatura de Puerto Rico v. UBS Fin. Servs. Inc. of Puerto Rico*, Civ. No. KAC-2011-1067 (803) (P.R. Ct. of First Instance, San Juan).

15.     All Documents relating to the identification of the source of any funds or property held by ERS.

16.     All Documents relating to any tracing analysis prepared for You or on Your behalf with respect to any ERS assets in which You allege that You or the Fiscal Agent has a security interest.

17.     All Documents related to the valuation of Your or the Fiscal Agent's collateral, to the extent such Documents were not already produced in response to another Document Request.

18.     All Documents relating to the legality or validity of the ERS Bonds, including, but not limited to, any internal communications discussing whether the ERS Bonds are "ultra vires," unauthorized, or contrary to public policy.

19.     All Documents relating to each Your purchase or sale of, or decision to hold ERS Bonds, including all documents reviewed, considered, or relied on by You or any of Your advisors when making purchases, sales, or decisions to hold.

20.     Documents sufficient to show the date on which You first purchased ERS Bonds.

21.     All Documents relating to the ERS Bonds or ERS Bond-related information known to or in the possession of You or any of Your advisors at the time of any evaluation or analysis with respect to the ERS Bonds (including, without limitation, their validity), or any decision to purchase, sell or hold any ERS Bonds.

22.     All bond resolutions, trust indentures and equivalents, including opinions of counsel and similar supporting and closing documentation and all offering documents, for all municipal or governmental securities You have purchased since 2007 in amounts exceeding either (a) $10 million or (b) 1% of the market or other value of Your portfolio at the time of purchase.

23.     All Documents relating to or constituting communications, including through counsel, or contractual agreements between You and (i) any underwriter in connection with the ERS Bonds; (ii) the Fiscal Agent; or (iii) the registered owner of any ERS Bonds.

24.     All Documents relating to the "private placement" or "direct placement" of any municipal or governmental securities You purchased.

11

25.     All Documents relating to Your understanding or interpretation of the phrase "direct placements of debt" under the ERS Enabling Act.

26.     All Documents relating to Your contention that the Court must consider "the circumstances under which [ERS Bondholders] acquired the Bonds," including but not limited to "the relationship of the Bondholders to ERS" at the time the ERS Bondholders acquired the ERS Bonds. (*See* Adv. Pro. No. 17-00219-LTS, Dkt. 50 at p.27.)

27.     All Documents relating to Your contention that the ERS Bonds are or were within ERS's power and authority under the ERS Enabling Act to "tomar prestado de cualquier institución financiera . . ." (*See* Case No. 17-03283-LTS, Dkt. 9012 ("**ERS Bondholders' Response**") at ¶¶ 12-13.)

28.     All Documents relating to Your contention that "unlike 'seek a loan,' 'borrow'— 'tomar prestado'—includes raising money by selling bonds." (*See* ERS Bondholders' Resp. at ¶ 14.)

29.     All Documents relating to Your contention that "the underwriters' resale of 'ownership interests' in the ERS Bonds does nothing to change the fact that the issuance of the ERS Bonds involved borrowing from the underwriting financial institutions as the ERS Enabling Act allowed." (*See* ERS Bondholders' Resp. at ¶ 19.)

30.     All Documents relating to Your contention that any violation of the ERS Enabling Act was "harmless."

31.     All Documents relating to Your affirmative defense that "[t]he Court lacks personal jurisdiction over the Defendant." (Answer and Counterclaims, Adv. Pro. No. 19-00356, Dkt. 41 ("**Clawback Answer**") at p. 8 ¶B.)

32.     All Documents relating to Your affirmative defense that "Plaintiffs lack standing to bring their claims." (Clawback Answer at p. 8 ¶C.)

33.     All Documents related to Your affirmative defense that "Plaintiffs' claims are barred by UCC § 8-202 (19 L.P.R.A. § 1752)." (Clawback Answer at p. 9 ¶D.)

34.     All Documents related to Your affirmative defense that "Plaintiffs' claims are barred in whole or in part by the statute of limitations." (Clawback Answer at p. 9 ¶E.)

35.     All Documents related to Your affirmative defense that "Plaintiffs' claims are barred in whole or in part by the doctrine of judicial estoppel." (Clawback Answer at p. 9 ¶F; Affirmative Defenses asserted in Answer and Counterclaims, Adv. Pro. No. 19-00366 or Answer and Counterclaims, Adv. Pro. No. 19-00367, as applicable ("**Lien Scope Answers**").)

36.     All Documents related to Your affirmative defense that "Plaintiffs' claims are barred in whole or in part by the doctrine of laches." (Clawback Answer at p. 9 ¶G; Lien Scope Answers.)

37.     All Documents related to Your affirmative defense that "Plaintiffs' have waived their rights to bring these claims by Plaintiffs' acts, omissions, and statements." (Clawback Answer at p. 10 ¶H.)

38.     All Documents related to Your affirmative defense that "ERS has waived the rights that Plaintiffs seek to assert on ERS's behalf by ERS's acts, omissions, and statements." (Clawback Answer at p. 9 ¶I.)

39.     All Documents related to Your affirmative defense that "Plaintiffs are estopped from bringing their claims because Plaintiffs induced Defendant to rely upon Plaintiffs' statements, agreements and representations, and Defendant has so relied to its detriment. (Clawback Answer at p. 9 ¶J.)

40.     All Documents related to the ERS Bondholders affirmative defense that "ERS is estopped from asserting the claims that Plaintiffs seek to assert on ERS's behalf because ERS induced Defendant to rely upon ERS's statements, agreements, and representations, and Defendant has so relied to its detriment. (Clawback Answer at p. 9 ¶K.)

41.     All Documents related to Your affirmative defense that "Plaintiffs' claims are barred, in whole or in part, because they would violate the Fifth Amendment to the United States Constitution, as a taking of Defendants' constitutionally-protected property interest without providing just compensation." (Clawback Answer at p. 9 ¶L; Lien Scope Answers.)

42.     All Documents related to Your affirmative defense that "Plaintiffs' claims are barred, in whole or in part, because they would violate Article II, Section 9 of the Puerto Rico Constitution, as a taking of Defendant's constitutionally-protected property interest without providing just compensation." (Clawback Answer at p. 9 ¶M.)

43.     All Documents related to Your affirmative defense that "Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and collateral estoppel." (Clawback Answer at p. 9 ¶N; Lien Scope Answers)

44.     All Documents related to Your affirmative defense that "Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands and/or *in pari delicto*." (Clawback Answer at p. 10 ¶O; Lien Scope Answers.)

45.     All Documents related to Your affirmative defense that "Plaintiffs have waived their rights to object to or otherwise challenge or seek to limit the scope of Defendants' liens, pledges, and security interests by Plaintiffs' acts, omissions, and statements." (Lien Scope Answers).

46.     All Documents related to Your affirmative defense that "Plaintiffs are estopped from objecting to or otherwise challenging or limiting the scope of Defendants' liens, pledges, and security interests because Plaintiffs induced Defendants to rely upon Plaintiffs' statements, agreements, and representations, and Defendants have so relied to their detriment." (Lien Scope Answers).

47.     All Documents related to Your affirmative defense that "Plaintiffs' claims are barred to the extent that the claims were not asserted in the earlier Adversary Proceeding brought pursuant to the July 2017 Stipulation, Docket No. 170 in Case No. 17-bk-3566, regarding "the validity, priority, extent and enforceability of the prepetition and postpetition liens and security interests asserted by the Bondholders with respect to the ERS Bonds." (Lien Scope Answers).

48.     All Documents relating to, referenced in, or supporting Your Response.

49.     All Documents relating to, referenced in, or supporting the Clawback Answer.

50.     All Documents relating to, referenced in, or supporting the Lien Scope Answers.

51.     All Documents relating to or supporting Your contention, in Case No. 03566-LTS, ECF Nos. 289, 599 and related filings, that ERS Bonds are an obligation of the Commonwealth as the Debtor in Case No. 17-03283-LTS.

52.     All Documents supporting Your contention that You have standing to bring suit to enforce the ERS Bond Resolution and related documents.

53.     All Documents relating to Your calculation of the claims that You allege arise out of Post-Petition Conduct.

54.     All Documents which would help establish the market value of the ERS Bonds both before and after (a) the commencement of the ERS Title III Case and (b) the enactment of Joint Resolution 188 and Act 106-2017.

55.     All Documents relating to, referenced in, or relied upon in connection with Your response to any Request for Admission that You do not unconditionally admit.

56.     All Documents relating to, referenced in, or relied upon in connection with Your responses to the Committees' and Government Parties' Interrogatories dated November 1, 2019.

57.     All Documents that You intend to rely upon or use at any evidentiary hearing or in pre- or post-hearing briefing in connection with the issue of whether the issuance of ERS Bonds was *ultra vires*.

58.     All Documents produced in response to any subpoenas You serve or have served on or after November 1, 2019 in connection with the ERS Title III case.

Dated: November 1, 2019

By: */s/ Luc A. Despins*

**PAUL HASTINGS LLP**
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*[3]

---

[3]     As it relates to the Creditors' Committee's omnibus claims objection at Docket No. 5580 and Adversary Proceeding No. 19-366.

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*[4]

By: */s/ John Arrastia*

**GENOVESE JOBLOVE & BATTISTA, P.A.**
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the
Official Committee of Unsecured Creditors*[5]

---

[4]   As it relates to the Creditors' Committee omnibus claims objections at Docket No. 5580 and 5586 and Adversary Proceeding Nos. 19-356, 19-357, 19-358, 19-359, 19-361, 19-366, and 19-367.
[5]   As it relates to Adversary Proceeding Nos. 19-356, 19-357, 19-358, 19-359, 19-361, and 19-367.

By: */s/ Margaret A. Dale*

Martin J. Bienenstock (*Pro Hac Vice*)
Brian S. Rosen (*Pro Hac Vice*)
Jeffrey W. Levitan (*Pro Hac Vice*)
Margaret A. Dale (*Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management
Board for Puerto Rico as representative for the Debtors*


Luis F. del Valle-Emmanuelli USDC-PR No. 209514
P.O. Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos San Juan, PR 00918
Tel: (787) 751-6764 / 763-0565
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management
Board for Puerto Rico as representative of the Employees
Retirement System of the Government of the
Commonwealth of Puerto Rico*

By: */s/ Edward s. Weisfelner*

**BROWN RUDNICK LLP**
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Special Claims Committee*

**ESTRELLA, LLC**
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee*

By: */s/ Catherine Steege*

**JENNER & BLOCK LLP**
Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
Landon Raiford (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

**BENNAZAR, GARCÍA & MILIÁN, C.S.P**
A.J. Bennazar-Zequeira
Héctor M. Mayol Kauffmann
Francisco del Castillo Orozco
Edificio Union Plaza,
1701 Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
hector.mayol@bennazar.com
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for The Official Committee of Retired Employees
of Puerto Rico*