# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO | ) | |
| | ) | Case No. 17-BK-03283 (LTS) |
| as representative of | ) | |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | ) | |
| | ) | |
| Debtors.[1] | ) | |
| | ) | |
| In re: | ) | |
| | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | |
| | ) | Case No. 17-BK-03566 (LTS) |
| as representative of | ) | |
| | ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE | ) | |
| GOVERNMENT OF THE COMMONWEALTH OF | ) | |
| PUERTO RICO, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| THE SPECIAL CLAIMS COMMITTEE OF THE | ) | Adv. Proc. No. 19-00356 (LTS) |
| FINANCIAL OVERSIGHT AND MANAGEMENT | ) | |
| BOARD FOR PUERTO RICO, ACTING BY AND | ) | |
| THROUGH ITS MEMBERS, | ) | |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK- 4780) (Last Four Digits of Federal Tax ID: 3747).

|  | ) |  |
| --- | --- | --- |
| and | ) | |
| | ) | |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), | ) ) ) | |
| | ) | |
| as co-trustees of | ) | |
| | ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEFENDANT 1M, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, | ) ) ) ) | Adv. Proc. No. 19-00357 (LTS) |
| | ) | |
| and | ) | |
| | ) | |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), | ) ) ) | |
| | ) | |
| as co-trustees of | ) | |
| | ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STOEVER GLASS & CO., *et al.*, | ) | |
| | ) | |

Defendant.                                                    )
                                                              )
                                                              )
                                                              )
_____                      )
                                                              )
THE SPECIAL CLAIMS COMMITTEE OF THE                          )    Adv. Proc. No. 19-00359 (LTS)
FINANCIAL OVERSIGHT AND MANAGEMENT                            )
BOARD FOR PUERTO RICO, ACTING BY AND                          )
THROUGH ITS MEMBERS,                                          )
                                                              )
        and                                                   )
                                                              )
THE OFFICIAL COMMITTEE OF UNSECURED                          )
CREDITORS OF ALL TITLE III DEBTORS                            )
(OTHER THAN COFINA),                                          )
                                                              )
        as co-trustees of                                     )
                                                              )
THE EMPLOYEES RETIREMENT SYSTEM OF THE                       )
GOVERNMENT OF PUERTO RICO,                                    )
                                                              )
        Plaintiff,                                            )
                                                              )
v.                                                            )
                                                              )
DEFENDANT 1H-78H,                                            )
                                                              )
        Defendants.                                           )
                                                              )
                                                              )
_____                      )
                                                              )
THE SPECIAL CLAIMS COMMITTEE OF THE                          )    Adv. Proc. No. 19-00361 (LTS)
FINANCIAL OVERSIGHT AND MANAGEMENT                            )
BOARD FOR PUERTO RICO, ACTING BY AND                          )
THROUGH ITS MEMBERS,                                          )
                                                              )
        and                                                   )
                                                              )
THE OFFICIAL COMMITTEE OF UNSECURED                          )
CREDITORS OF ALL TITLE III DEBTORS                            )
(OTHER THAN COFINA),                                          )
                                                              )
        as co-trustees of                                     )
                                                              )
                                                              )

THE EMPLOYEES RETIREMENT SYSTEM OF THE )
GOVERNMENT OF PUERTO RICO, )
                                         )
        Plaintiff, )
                                           )
v. )
                                           )
DEFENDANT 1G-50G, *et al.*, )
                                           )
        Defendants. )
                                           )
-------------------------------------------------------------------- X

### BONDHOLDERS' RESPONSES AND OBJECTIONS TO THE COMMITTEES AND GOVERNMENT PARTIES' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS <u>RELATED TO THE ULTRA VIRES PROCEEDINGS</u>

Pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and Federal Rules of Civil Procedure 26 and 34 incorporated therein, made applicable to this proceeding by 48 U.S.C. § 2170, and in connection with the *Omnibus Objection Of Official Committee Of Unsecured Creditors To Claims Asserted By Holders Of Bonds Issued By Employees Retirement System Of Government Of Puerto Rico* [ECF No. 5580 in Case No. 17-bk-03283], the *Omnibus Objection Of The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claims Filed Or Asserted By Holders Of ERS Bonds Against ERS And The Commonwealth* [ECF No. 6482 in Case No. 17-bk-03283], and Adversary Proceeding Nos. 19-00356, 19-00357, 19-00359, 19-00361, Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P.,

Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund Holdings, L.P., Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico Fixed Income Fund VI, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., PWCM Master Fund Ltd., Redwood Master Fund, Ltd, SV Credit, L.P., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., Tax-Free Puerto Rico Target Maturity Fund, Inc., and UBS IRA Select Growth & Income Puerto Rico Fund,[2] secured creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (the "Bondholders"), hereby submit the following Responses and Objections to those portions of the First Set of Requests of the Committees and Government Parties for Production of Documents that relate to the Ultra Vires issue.[3]  Bondholders further reserve the right to supplement, amend or modify these objections and responses as necessary.

---

[2] Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., and Oaktree Opportunities Fund IX (Parallel 2), L.P. hold through Opps Culebra Holdings, L.P. Oaktree Huntington Investment Fund II, L.P. holds through Oaktree Opportunities Fund X Holdings (Delaware), L.P. Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., and Oaktree Opportunities Fund X (Parallel 2), L.P. hold through Oaktree Opps X Holdco Ltd.

[3] On November 12, 2019, the Committees and Government Parties identified Document Request Nos. 1, 11, 14, 18-44, 48-49, 55-58 as relating to discovery in the Ultra Vires Proceedings.  (Exhibit A).

## **GENERAL OBJECTIONS**

1.      The General Objections that follow are applicable to and incorporated into each and every individual response that Bondholders make to the Document Requests whether or not restated in response to any particular request.  Bondholders' responses are made without waiving, or intending to waive, these General Objections, and Bondholders specifically reserve all of their other objections.

2.      Bondholders object to the Document Requests to the extent that they purport to seek information or documents that are not within Bondholders' possession, custody or control.

3.      Bondholders object to the Document Requests, including the Definitions and Instructions, to the extent that they seek to impose obligations on Bondholders that are inconsistent with or exceed obligations for production under the Federal Rules, the Bankruptcy Rules, the Local Rules of the United States District Court for the District of Puerto Rico ("Local Rules"), the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico ("Local Bankruptcy Rules"), or any other applicable rule or law.

4.      Bondholders object to the Document Requests to the extent they seek information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege.  Bondholders construe the Document Requests to seek non-privileged documents, and, as such, to the extent Bondholders produce documents, they will provide documents that they believe are non-privileged and otherwise properly discoverable. Bondholders do not intend to provide any privileged information or documents.  Any production of privileged material is therefore inadvertent and shall not constitute waiver of any privilege.

5.      Bondholders object to the Document Requests to the extent that they purport to require preservation or production of electronically stored information ("ESI") that is not stored

on active systems, but that is instead stored on systems, backup tapes, and other media that are no longer part of Bondholders' normal business operations, or that is stored on media that are otherwise overly burdensome to search, such as text or instant messaging systems.  Because the relevance of such ESI is minimal at best and the cost associated with searching, preserving, and accessing these data sources is significant, Bondholders interpret the Document Requests as excluding such ESI sources.

6.      Bondholders object to the Document Requests to the extent that they purport to require Bondholders to search for and produce documents that are not "reasonably accessible" as that term is generally understood.

7.      Bondholders object to the Document Requests to the extent that any requests are overly burdensome or seek documents or information that are not proportional to the needs of the case.  In addition, Bondholders object to each Request, definition, or instruction that purports to require that Bondholders identify and provide discovery with regard to "each," "all," "any," or similar all- encompassing wording, on the grounds that such Requests, definitions, and instructions are overly broad, unduly or disproportionately burdensome, seek discovery that is not relevant to the parties' claims and defenses, not proportional to the needs of the case, and beyond the scope of permissible discovery, particularly at this stage of the proceeding.

8.      Bondholders object to the Document Requests to the extent that a Document Request is not related to the parties' claims and defenses in Adversary Proceeding Nos. 19-00356, 19-00357, 19-00359, and 19-00361 ("Ultra Vires Proceedings") and is only related to Adversary Proceedings Nos. 19-00366 and 19-00367 ("Lien Scope Proceedings").  On November 12, 2019, the Committees and Government Parties identified by email correspondence which Document Requests were related to discovery in the Ultra Vires Proceedings and which Document Requests

were related to discovery in the Lien Scope Proceedings.  *See* Exhibit A.  Bondholders, in reliance

on that correspondence, assert only relevance objections herein to Discovery Requests identified

by the Committees and Government Parties as not related to the Ultra Vires Proceedings, but

reserve the right to assert any additional objections should the Committees and Government Parties

attempt to pursue the Document Requests in the Ultra Vires Proceedings.

9.    Bondholders object to the "Definitions" in the Document Requests to the extent

they define terms inconsistently with or more broadly than their usage under the Federal Rules,

Bankruptcy Rules, Local Rules, or Local Bankruptcy Rules.

10.    Bondholders object to the definitions of "Communication," and "Document"

insofar as those definitions require the production of materials that exceed the scope of Federal

Rule 34(a), made applicable to this adversary proceeding by Bankruptcy Rule 7034 and Section

310 of PROMESA (48 U.S.C. § 2170).

11.    Bondholders object to the definition of "ERS Bondholder", "You" and "Your" as

overly broad insofar as it extends beyond the Bondholders named in the Ultra Vires Proceedings,

includes individuals and entities who have no connection with the current litigation, and have

identities separate and apart from Bondholders, including Bondholders' "respective constituent

members, and all persons acting on behalf of, for the benefit of, at the direction of, in exchange for

compensation from, or under the control or authority of any of the foregoing" as listed in the

Definitions.  Bondholders will construe the Document Requests that refer to "ERS Bondholder",

"You" and "Your" as referring exclusively to the named Bondholders with respect to the ERS

Bonds, and disclaim any obligation to provide information from any other persons.

12.    Bondholders object to the definition of "ERS Bonds" as confusing or potentially

misleading.  The Resolution authorized the issuance of both senior and subordinate bonds, but

8

only senior bonds were ultimately issued by the ERS.  Bondholders will construe the Document

Requests that define "ERS Bonds" as referring to Bonds as that term is defined in the Resolution.

13.     Bondholders object to the scope of these Document Requests on the ground that

they are overly broad insofar as they purport to seek documents created at any time and contain no

limitation on the date ranges within which Bondholders must search for and produce documents.

In the absence of any agreement among the parties as to the applicable date ranges, Bondholders

will search for and produce documents created within a date range that is reasonable for each

request.

14.     Bondholders object to each and every one of these Document Requests, and the

instructions and definitions therein, to the extent that the information sought is publicly available,

unreasonably cumulative or duplicative, or is obtainable from some other source that is more

convenient, less burdensome, or less expensive.  Bondholders further object to the extent these

Document Requests seek production of unsolicited mass electronic correspondence from third

parties, including broadly distributed electronic-mail and Bloomberg messages.

15.     Insofar as the Document Requests seek documents containing both discoverable

and non-discoverable or objectionable material, Bondholders reserve the right to redact from

documents produced any matter that is nonresponsive, objectionable, privileged or otherwise non-

discoverable.

## RESPONSES TO DOCUMENT REQUESTS

Subject to the foregoing General Objections, the Bondholders respond and object to the

document requests as follows:

**Request No. 1:**  All Documents relating to, or delivered in connection with, the 2008 ERS Bond
Issuance, including the ERS Bond Resolution, ERS Security Agreement, and any other deal-
related Documents in connection with the 2008 ERS Bond Issuance.

**Response to Request No. 1**: Bondholders object to this Document Request on the grounds

that it requests documents that are either publicly available or in the possession, custody, or control of the Committees or the Government Parties.  Further, Bondholders object to this Document Request as overly burdensome and not proportional to the needs of this case because it seeks "[a]ll Documents relating to" a number of issues, which could, if read literally, encompass many documents that will not bear on any of the issues in dispute. Bondholders object to this Document Request on the grounds that it is duplicative of Document Request No. 2 in *Debtor's First Set of Requests for Production of Documents To Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* served February 27, 2019 in connection with the motion filed by the Bondholders in the ERS Title III Case entitled *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (ECF No. 289) ("Lift Stay Motion") and Document Request No. 3 in Plaintiff's First Set of Requests for Production of Documents to Defendants, served July 24, 2017 in Adversary Proceeding No. 17-00213. Bondholders incorporate their Responses and Objections to those Document Requests herein by reference, and refer the Committees and Government Parties to the documents produced in response to those previous Document Requests as if produced in these Ultra Vires Proceedings as well:

- BH-ERS-0-000001-2546
- BH-ERS-1-000001-18921
- BH-ERS-2-000001-1579
- BH-ERS-3-000001-358
- BH-ERS-4-000001-849
- BH-ERS-5-000001-3770
- BH-ERS-6-000001-9596
- BH-ERS-7-000001-10037
- GLC-ERS-000001-6752
- REV00000001-7; 504859-64
- BH-ERS-A-000001-4692
- BH-ERS-B-000001-883

- BH-ERS-C-000001-4964
- BH-ERS-D-000001-1419
- BH-ERS-E-000001-4399
- BH-ERS-F-000001-5228
- ERS-BP-0000001-0002637
- ERS-PRFUNDS-0000001
- ERS-UBS-0000001-0058678
- ERS_BH_000001-003276
- ERS_PRFUNDS_000001-002226
- ERS_PRFUNDS_BP_0000001-000517
- ERS_PRFUNDS_UBS_000001-002377
- ERS_PRFUNDS2_UBS_000001-000336

Subject to these objections, Bondholders agree to produce the following types of Bond

Documents for the ERS Series A, B, and C Bonds that are within the Bondholders' possession,

custody, or control:

- ERS Pension Funding Bond Resolution and Supplemental Pension Funding Bond Resolutions
- Preliminary Official Statements and Official Statements
- Purchase Contracts
- Master Continuing Disclosure Agreements
- Security Agreements
- Act 447
- Certificates of the Secretary of State and the Commonwealth
- Certificates of the System, Administrator of the System, Secretary of the Board of Trustees of the System
- Copies of Resolutions related to Pension Funding Bond Resolution and approval of issuance of bonds
- Letters from the System to the Fiscal Agent regarding (i) items required by Section 202.3 of the Bond Resolution, (ii) authorization and delivery of the Bonds, and (iii) application of proceeds of the Bonds
- Certificates and Copies of Resolutions certified by the Government Development Bank
- Certificates of the Fiscal Agent
- Underwriters' receipts
- Receipt and Safekeeping Agreements
- Legal Opinions of Bond Counsel
- Specimen Bonds
- Agreements Among Underwriters
- Letters to each Nationally Recognized Municipal Securities Information Repository transmitting copies of the final Official Statement
- Certificates of the Acting Secretary of the Treasury of the Commonwealth of Puerto Rico

11

- UCC-1 Financing Statement
- Underwriters' Closing Memorandum
- Letters of Credit Ratings Agencies regarding assignment of ratings to Bonds
- Independent Accountant's Consent Letters
- Independent Accountant's Report on Applying Agreed-Upon Procedures
- Employees Retirement System of the Government of the Commonwealth of Puerto Rico (ERS): Covered Payroll Outlook
- Letter of Representations
- Memorandum of Understanding

**Request No. 2:**  All Documents relating to Your or the Fiscal Agent's alleged security interest in the following (or in any claimed proceeds thereof): (a) ERS's Pre-2008 Assets; (b) AUC; (c) employee contributions to ERS; (d) ERS funds not deposited with the Fiscal Agent; (e) funds remitted to ERS by the Fiscal Agent; (f) Employee Loans; (g) Employee Loan Payments; or (h) ERS's investments.

**Request No. 3:**  All Documents relating to Your contention that Employee Loans, Employee Loan Payments, ERS's investments, or ERS's cash or other assets are proceeds of Your collateral or proceeds of the Fiscal Agent's collateral, including without any limitation any Documents relating to the sources of funds with which these assets were acquired.

**Request No. 4:**  All Documents relating to Your or the Fiscal Agent's alleged security interest in Employers' Contributions, including, but not limited to, Employers' Contributions that have not been received by ERS.

**Request No. 5:**  All Documents relating to Your contention that You or the Fiscal Agent perfected or attempted to perfect a security interest in any property of ERS, including, but not limited to, any filings pursuant to the Uniform Commercial Code, control agreements, possessory agreements, or bailment agreements perfecting or attempting to perfect a security interest or a lien securing or attempting to secure an interest in the Pledged Property.

**Request No. 6:**  All Documents relating to the source(s) of any payments of cash to ERS, to the extent You assert such payments occurred.

**Request No. 7:**  All Documents relating to Your or the Fiscal Agent's security interest in ERS assets, to the extent You assert such security interest exists.

**Request No. 8:**  All Documents relating to the Fiscal Agent's control of any ERS deposit accounts, to the extent You assert such control exists.

**Request No. 9:**  All Documents relating to the source(s) of funds transferred to the Fiscal Agent on account of the ERS Bonds.

**Request No. 10:**  All Documents relating to the transfer by ERS to the Fiscal Agent of Additional Uniform Contributions.

**Response to Request Nos. 2-10**:  The Committees and the Government Parties have stated that Document Requests 2 through 10 are not related to discovery in the Ultra Vires Proceedings.

<u>**Request No. 11:**</u>  All Documents relating to Your actions and responses to Act 116-2011.

**Response to Request No. 11**:  Bondholders object to this Document Request on the grounds that it is vague and ambiguous as to undefined terms "actions" and "responses."  Further, Bondholders object to this Document Request as overly broad because it does not specify which documents that relate to the undefined terms "actions" and "responses" that this Document Request seeks.  Further, Bondholders object to this Document Request to the extent that it seeks information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege.  Bondholders will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

<u>**Request No. 12:**</u>  All Documents relating to Your actions and responses to Act 3-2013 and all executive orders related thereto.

<u>**Request No. 13:**</u>  All Documents relating to Your actions and responses to Act 32-2013 and all executive orders related thereto.

**Response to Request Nos. 12-13**:  The Committees and the Government Parties have stated that Document Requests 12 through 13 are not related to discovery in the Ultra Vires Proceedings.

<u>**Request No. 14:**</u>  All Documents relating to Your actions and responses to the lawsuit *Retiro de los Empleados del Gobierno y la Judicatura de Puerto Rico v. UBS Fin. Servs. Inc. of Puerto Rico*, Civ. No. KAC-2011-1067 (803) (P.R. Ct. of First Instance, San Juan).

**Response to Request No. 14**:  Bondholders object to this Document Request on the grounds that it requests documents that are in the possession, custody, or control of UBS. Bondholders also object to this Document Request on the grounds that it is vague and ambiguous as to undefined terms "actions" and "responses."  Further, Bondholders object to this Document Request as overly broad because it does not specify which documents that relate to the undefined

13

terms "actions" and "responses" that this Document Request seeks.  Further, Bondholders object

to this Document Request to the extent that it seeks information that is subject to the attorney-

client privilege, the attorney-work product doctrine, the joint defense privilege, or any other

applicable privilege.  Bondholders will produce responsive non-privileged documents, not

otherwise publicly available, located after a reasonable search.

**Request No. 15:**  All Documents relating to the identification of the source of any funds or property held by ERS.

**Request No. 16:**  All Documents relating to any tracing analysis prepared for You or on Your behalf with respect to any ERS assets in which You allege that You or the Fiscal Agent has a security interest.

**Request No. 17:**  All Documents related to the valuation of Your or the Fiscal Agent's collateral, to the extent such Documents were not already produced in response to another Document Request.

**Response to Request Nos. 15-17**:  The Committees and the Government Parties have

stated that Document Requests 15 through 17 are not related to discovery in the Ultra Vires

Proceedings.

**Request No. 18:**  All Documents relating to the legality or validity of the ERS Bonds, including, but not limited to, any internal communications discussing whether the ERS Bonds are "ultra vires," unauthorized, or contrary to public policy.

**Response to Request No. 18**:  Bondholders object to this Document Request to the extent

that it seeks information that is subject to the attorney-client privilege, the attorney-work product

doctrine, the joint defense privilege, or any other applicable privilege.  Bondholders incorporate

their Responses and Objections to Document Request No. 1 by reference.

**Request No. 19:**  All Documents relating to each Your [sic] purchase or sale of, or decision to hold ERS Bonds, including all documents reviewed, considered, or relied on by You or any of Your advisors when making purchases, sales, or decisions to hold.

**Response to Request No. 19**:  Bondholders object to this Document Request on the

grounds that it is vague and ambiguous as to undefined terms "advisors," "reviewed,"

"considered," and "relied on."  Further, Bondholders object to this Document Request because it is overly broad to the extent it seeks "all Documents" relating to each instance where Bondholders made or contemplated making a purchase or sale of the ERS Bonds—or even where a Bondholder who had previously purchased did nothing but hold the bonds—which encompasses many documents well beyond the scope of reasonable document production.  Bondholders object to this Document Request to the extent that it seeks information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege.

Subject to these objections, Bondholders will produce all due diligence files produced in discovery in connection with the Lift Stay Motion.  Bondholders will similarly produce due diligence files for any bondholder not a party to the proceedings related to the Lift Stay Motion. Bondholders are willing to confer regarding the overbreadth and ambiguity of this Document Request.

**Request No. 20:**  Documents sufficient to show the date on which You first purchased ERS Bonds.

**Response to Request No. 20**:  Bondholders object on the grounds that this Document Request is duplicative of Interrogatory No. 17 and incorporate by reference their Responses and Objections to Interrogatory No. 17, which Bondholders will serve on December 3, 2019.

**Request No. 21:**  All Documents relating to the ERS Bonds or ERS Bond-related information known to or in the possession of You or any of Your advisors at the time of any evaluation or analysis with respect to the ERS Bonds (including, without limitation, their validity), or any decision to purchase, sell or hold any ERS Bonds.

**Response to Request No. 21**:  Bondholders object to this Document Request on the grounds that it is vague and ambiguous as to undefined terms "advisors," "evaluation," "analysis," and "ERS Bond-related information."  Further, Bondholders object to this Document Request because it is overly broad to the extent it seeks "all Documents" relating to the ERS Bonds in the

possession of the Bondholders "at the time of . . . any decision to purchase, sell, or hold any ERS Bonds"—which encompasses every single document about the ERS Bonds at any time as long as the Bondholders owned the ERS Bonds and is well beyond the scope of reasonable document production.  Bondholders object to this Document Request to the extent that it seeks information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege.

Subject to these objections, Bondholders will produce all due diligence files produced in discovery in connection with the Lift Stay Motion.  Bondholders will similarly produce due diligence files for any bondholder not a party to the proceedings related to the Lift Stay Motion. Bondholders are willing to confer regarding the overbreadth and ambiguity of this Document Request.

**Request No. 22:**  All bond resolutions, trust indentures and equivalents, including opinions of counsel and similar supporting and closing documentation and all offering documents, for all municipal or governmental securities You have purchased since 2007 in amounts exceeding either (a) $10 million or (b) 1% of the market or other value of Your portfolio at the time of purchase.

**Response to Request No. 22**:  Bondholders object to this Document Request on the grounds that bond documents for other municipal or government securities are irrelevant to the Ultra Vires Proceedings.  Further, Bondholders object to this Document Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks irrelevant documents dating back to 2007.

**Request No. 23:**  All Documents relating to or constituting communications, including through counsel, or contractual agreements between You and (i) any underwriter in connection with the ERS Bonds; (ii) the Fiscal Agent; or (iii) the registered owner of any ERS Bonds.

**Response to Request No. 23**: Bondholders object to this Document Request to the extent that it seeks information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege.  Bondholders also object to

16

this Document Request to the extent it seeks Bondholders to produce communications between other parties, such as their counsel.  Bondholders also object to this Document Request as overly broad, unduly burdensome, and not proportional to the needs of the case because, on its face, it seeks "[a]ll Documents relating to or constituting communications . . . or contractual agreements" between Bondholders and a number of parties, without limitation to the subject of such communications or contractual agreements.  Bondholders construe this Document Request as only seeking ERS Bond-related communications or contractual agreements.  Even with this construction, however, Bondholders object that this Document Request is overly broad, unduly burdensome, and not proportional to the needs of the case because it does not specify which subjects of ERS Bond-related communications or contractual agreements the Document Request seeks.

Subject to these objections, Bondholders are willing to confer to resolve the ambiguity as to what type of ERS Bond-related communications the Document Request seeks.

**Request No. 24:**  All Documents relating to the "private placement" or "direct placement" of any municipal or governmental securities You purchased.

**Response to Request No. 24**:  In addition to the General Objections, Bondholders object to this Document Request on the grounds that bond documents for other municipal or government securities are irrelevant to the Ultra Vires Proceedings.  Bondholders further object that this Document Request is vague and ambiguous with respect to its use of the undefined phrases "private placement" and "direct placement."  Bondholders further object to this Document Request to the extent it seeks "[a]ll Documents" relating to the private placement or direct placement of such other municipal or government securities; such a request for "[a]ll Documents" is overly broad, unduly burdensome, and not proportional to the needs of the case.

**Request No. 25:**  All Documents relating to Your understanding or interpretation of the phrase "direct placements of debt" under the ERS Enabling Act.

**Response to Request No. 25**:  Bondholders object to this Document Request as duplicative of Interrogatories Nos. 1 through 4 and incorporate their Responses and Objections to those Interrogatories by reference.  Bondholders will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 26:**  All Documents relating to Your contention that the Court must consider "the circumstances under which [ERS Bondholders] acquired the Bonds," including but not limited to "the relationship of the Bondholders to ERS" at the time the ERS Bondholders acquired the ERS Bonds. (See Adv. Pro. No. 17-00219-LTS, Dkt. 50 at p.27.)

**Response to Request No. 26**:  Bondholders object to this Document Request as duplicative of Interrogatories Nos. 8 and 9 and incorporate their Responses and Objections to those Interrogatories by reference.  Bondholders will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 27:**  All Documents relating to Your contention that the ERS Bonds are or were within ERS's power and authority under the ERS Enabling Act to "tomar prestado de cualquier institución financiera . . ." (See Case No. 17-03283-LTS, Dkt. 9012 ("ERS Bondholders' Response") at ¶¶ 12-13.)

**Response to Request No. 27**:  Bondholders object to this Document Request as duplicative of Interrogatories Nos. 10 and 11 and incorporate their Responses and Objections to those Interrogatories by reference.  Bondholders will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 28:**  All Documents relating to Your contention that "unlike 'seek a loan,' 'borrow'— 'tomar prestado'—includes raising money by selling bonds." (See ERS Bondholders' Resp. at ¶ 14.)

**Response to Request No. 28**:  Bondholders object to this Document Request as duplicative of Interrogatories Nos. 12 and 13 and incorporate their Responses and Objections to those Interrogatories by reference.  Bondholders will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 29:** All Documents relating to Your contention that "the underwriters' resale of 'ownership interests' in the ERS Bonds does nothing to change the fact that the issuance of the ERS Bonds involved borrowing from the underwriting financial institutions as the ERS Enabling Act allowed." (See ERS Bondholders' Resp. at ¶ 19.)

**Response to Request No. 29**: Bondholders object to this Document Request as duplicative of Interrogatories Nos. 14 and 15 and incorporate their Responses and Objections to those Interrogatories by reference. Bondholders will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 30:** All Documents relating to Your contention that any violation of the ERS Enabling Act was "harmless."

**Response to Request No. 30**: Bondholders object to this Document Request on the grounds that it requests documents that are in the possession, custody, or control of ERS. Bondholders will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 31:** All Documents relating to Your affirmative defense that "[t]he Court lacks personal jurisdiction over the Defendant." (Answer and Counterclaims, Adv. Pro. No. 19-00356, Dkt. 41 ("Clawback Answer") at p. 8 ¶B.)

**Response to Request No. 31**: Bondholders object to this Document Request as duplicative of Interrogatory No. 22 and incorporate by reference their Responses and Objections to Interrogatory No. 22, which Bondholders will serve on December 3, 2019. Bondholders further object to the definition of "Your" as applied to this Document Request, to the extent that it includes entities other than those who asserted the affirmative defense in question. Bondholders who have asserted this defense will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 32:** All Documents relating to Your affirmative defense that "Plaintiffs lack standing to bring their claims." (Clawback Answer at p. 8 ¶C.)

**Response to Request No. 32**:  Bondholders object to this Document Request on the grounds that it requests documents that are not within the Bondholders' possession, custody, or control.  Bondholders also object to this Document Request as duplicative of Interrogatory No. 22 and incorporate by reference their Responses and Objections to Interrogatory No. 22, which Bondholders will serve on December 3, 2019.  Bondholders further object to the definition of "Your" as applied to this Document Request, to the extent that it includes entities other than those who asserted the affirmative defense in question.  Bondholders who have asserted this defense will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 33:**  All Documents related to Your affirmative defense that "Plaintiffs' claims are barred by UCC § 8-202 (19 L.P.R.A. § 1752)." (Clawback Answer at p. 9 ¶D.)

**Response to Request No. 33**:  Bondholders object to this Document Request on the grounds that it requests documents that are not within the Bondholders' possession, custody, or control.  Bondholders also object to this Document Request as duplicative of Interrogatory No. 22 and incorporate by reference their Responses and Objections to Interrogatory No. 22, which Bondholders will serve on December 3, 2019.  Bondholders further object to the definition of "Your" as applied to this Document Request, to the extent that it includes entities other than those who asserted the affirmative defense in question.  Bondholders who have asserted this defense will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 34:**  All Documents related to Your affirmative defense that "Plaintiffs' claims are barred in whole or in part by the statute of limitations." (Clawback Answer at p. 9 ¶E.)

**Response to Request No. 34**:  Bondholders object to this Document Request on the grounds that it requests documents that are not within the Bondholders' possession, custody, or control.  Bondholders also object to this Document Request as duplicative of Interrogatory No. 22

and incorporate by reference their Responses and Objections to Interrogatory No. 22, which Bondholders will serve on December 3, 2019.  Bondholders further object to the definition of "Your" as applied to this Document Request, to the extent that it includes entities other than those who asserted the affirmative defense in question.  Bondholders who have asserted this defense will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 35:**  All Documents related to Your affirmative defense that "Plaintiffs' claims are barred in whole or in part by the doctrine of judicial estoppel." (Clawback Answer at p. 9 ¶F; Affirmative Defenses asserted in Answer and Counterclaims, Adv. Pro. No. 19-00366 or Answer and Counterclaims, Adv. Pro. No. 19-00367, as applicable ("Lien Scope Answers").)

**Response to Request No. 35**:  Bondholders object to this Document Request on the grounds that it requests documents that are not within the Bondholders' possession, custody, or control, or are in the possession, custody, or control of ERS.  Bondholders also object to this Document Request on the grounds that it requests documents that are publicly available, including but not limited to judicial pleadings in which the Government Parties stated that Bondholders have valid and enforceable liens.  *See* Brief for Respondent-Appellee Employees Retirement System of the Government of the Commonwealth of Puerto Rico, at 14 & 30, No. 16-2433 (1st Cir. Dec. 23, 2016); Brief for Respondents-Appellees Alejandro Garcia-Padilla, Juan C. Zaragoza-Gomez, Luis G. Cruz-Batista, and Carmen Villar-Prados, at 45, No. 16-2433 (1st Cir. Dec. 23, 2016); Brief of Amicus Curiae Financial Oversight and Management Board for Puerto Rico in Support of Respondents-Appellees Urging Affirmance of the District Court Order, at 7, No. 16-2433 (1st Cir. Dec. 23, 2016); Joint Stip. of Movants, the Commonwealth Respondents, and ERS, at ¶¶ 6 & 11, No. 3:16-cv-02696, ECF No. 65 (D.P.R. Nov. 2, 2016); Financial Oversight and Management Board's Motion to Intervene, at 12, No. 3:16-cv-02696, ECF No. 56 (D.P.R. Oct. 28, 2016); Respondent Employees Retirement System of the Government of the Commonwealth of Puerto

21

Rico's Brief in Opposition to Motion for Relief From the PROMESA Automatic Stay in *Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro García Padilla, et al.*, at 10-11, No. 16-cv-2696, ECF No. 52 (D.P.R. Oct. 26, 2016); Respondents' Brief in Opposition to Motion for Relief From the PROMESA Automatic Stay in *Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro García Padilla, et al.*, at 5, 13, 17-18, No. 16-cv-2696, ECF No. 53 (D.P.R. Oct. 26, 2016).  Bondholders object to this Document Request as duplicative of Interrogatories Nos. 22 and 25 and incorporate their Responses and Objections to Interrogatories Nos. 22 and 25 by reference.  Bondholders further object to the definition of "Your" as applied to this Document Request, to the extent that it includes entities other than those who asserted the affirmative defense in question.  Bondholders who have asserted this defense will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 36:**  All Documents related to Your affirmative defense that "Plaintiffs' claims are barred in whole or in part by the doctrine of laches." (Clawback Answer at p. 9 ¶G; Lien Scope Answers.)

**Response to Request No. 36**:  Bondholders object to this Document Request on the grounds that it requests documents that are not within the Bondholders' possession, custody, or control.  Bondholders object to this Document Request as duplicative of Interrogatory Nos. 22 and 25 and incorporate by reference their Responses and Objections to Interrogatory Nos. 22 and 25, which Bondholders will serve on December 3, 2019.  Bondholders will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 37:**  All Documents related to Your affirmative defense that "Plaintiffs' have waived their rights to bring these claims by Plaintiffs' acts, omissions, and statements." (Clawback Answer at p. 10 ¶H.)

**Response to Request No. 37**:  Bondholders object to this Document Request on the grounds that it requests documents that are not within the Bondholders' possession, custody, or

control. Bondholders also object to this Document Request as duplicative of Interrogatory No. 22 and incorporate by reference their Responses and Objections to Interrogatory No. 22, which Bondholders will serve on December 3, 2019. Bondholders further object to the definition of "Your" as applied to this Document Request, to the extent that it includes entities other than those who asserted the affirmative defense in question. Bondholders who have asserted this defense will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 38:** All Documents related to Your affirmative defense that "ERS has waived the rights that Plaintiffs seek to assert on ERS's behalf by ERS's acts, omissions, and statements." (Clawback Answer at p. 9 ¶I.)

**Response to Request No. 38**: Bondholders object to this Document Request on the grounds that it requests documents that are not within the Bondholders' possession, custody, or control. Bondholders also object to this Document Request as duplicative of Interrogatory No. 22 and incorporate by reference their Responses and Objections to Interrogatory No. 22, which Bondholders will serve on December 3, 2019. Bondholders further object to the definition of "Your" as applied to this Document Request, to the extent that it includes entities other than those who asserted the affirmative defense in question. Bondholders who have asserted this defense will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 39:** All Documents related to Your affirmative defense that "Plaintiffs are estopped from bringing their claims because Plaintiffs induced Defendant to rely upon Plaintiffs' statements, agreements and representations, and Defendant has so relied to its detriment. (Clawback Answer at p. 9 ¶J.)

**Response to Request No. 39**: Bondholders object to this Document Request to the extent that it requests documents that are not within the Bondholders' possession, custody, or control. Bondholders also object to this Document Request as duplicative of Interrogatory No. 22 and

23

Document Request No. 1 and incorporate by reference their Responses and Objections to those discovery requests, which, in the case of their Responses and Objections to Interrogatory No. 22, Bondholders will serve on December 3, 2019.  Bondholders further object to the definition of "Your" as applied to this Document Request, to the extent that it includes entities other than those who asserted the affirmative defense in question.  Bondholders who have asserted this defense will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 40:**  All Documents related to the ERS Bondholders affirmative defense that "ERS is estopped from asserting the claims that Plaintiffs seek to assert on ERS's behalf because ERS induced Defendant to rely upon ERS's statements, agreements, and representations, and Defendant has so relied to its detriment. (Clawback Answer at p. 9 ¶K.)

**Response to Request No. 40**:  Bondholders object to this Document Request to the extent that it requests documents that are not within the Bondholders' possession, custody, or control. Bondholders also object to this Document Request as duplicative of Interrogatory No. 22 and Document Request No. 1 and incorporate by reference their Responses and Objections to those discovery requests, which, in the case of their Responses and Objections to Interrogatory No. 22, Bondholders will serve on December 3, 2019.  Bondholders further object to the definition of "Your" as applied to this Document Request, to the extent that it includes entities other than those who asserted the affirmative defense in question.  Bondholders who have asserted this defense will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 41:**  All Documents related to Your affirmative defense that "Plaintiffs' claims are barred, in whole or in part, because they would violate the Fifth Amendment to the United States Constitution, as a taking of Defendants' constitutionally-protected property interest without providing just compensation." (Clawback Answer at p. 9 ¶L; Lien Scope Answers.)

**Response to Request No. 41**:  Bondholders object to this Document Request as duplicative of Interrogatories Nos. 22 and 25 and incorporate by reference their Responses and Objections to

Interrogatories Nos. 22 and 25, which Bondholders will serve on December 3, 2019. Bondholders

further object to the definition of "Your" as applied to this Document Request, to the extent that it

includes entities other than those who asserted the affirmative defense in question. Bondholders

who have asserted this defense will produce responsive non-privileged documents, not otherwise

publicly available, located after a reasonable search.

**Request No. 42:**  All Documents related to Your affirmative defense that "Plaintiffs' claims are
barred, in whole or in part, because they would violate Article II, Section 9 of the Puerto Rico
Constitution, as a taking of Defendant's constitutionally-protected property interest without
providing just compensation." (Clawback Answer at p. 9 ¶M.)

**Response to Request No. 42**: Bondholders object to this Document Request as duplicative

of Interrogatory No. 22 and incorporate by reference their Responses and Objections to

Interrogatory No. 22, which Bondholders will serve on December 3, 2019. Bondholders further

object to the definition of "Your" as applied to this Document Request, to the extent that it includes

entities other than those who asserted the affirmative defense in question. Bondholders who have

asserted this defense will produce responsive non-privileged documents, not otherwise publicly

available, located after a reasonable search.

**Request No. 43:**  All Documents related to Your affirmative defense that "Plaintiffs' claims are
barred, in whole or in part, by the doctrines of res judicata and collateral estoppel." (Clawback
Answer at p. 9 ¶N; Lien Scope Answers)

**Response to Request No. 43**: Bondholders object to this Document Request as duplicative

of Interrogatories Nos. 22 and 25 and incorporate their Responses and Objections to Interrogatories

Nos. 22 and 25 by reference. Bondholders further object to the definition of "Your" as applied to

this Document Request, to the extent that it includes entities other than those who asserted the

affirmative defense in question. Bondholders who have asserted this defense will produce

responsive non-privileged documents, not otherwise publicly available, located after a reasonable

search.

**Request No. 44:**  All Documents related to Your affirmative defense that "Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands or in pari delicto." (Clawback Answer at p. 10 ¶O; Lien Scope Answers.)

      **Response to Request No. 44:**  Bondholders object to this Document Request as duplicative of Interrogatories Nos. 22 and 25 and incorporate their Responses and Objections to Interrogatories Nos. 22 and 25 by reference.  Bondholders further object to the definition of "Your" as applied to this Document Request, to the extent that it includes entities other than those who asserted the affirmative defense in question.  Bondholders who have asserted this defense will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 45:**  All Documents related to Your affirmative defense that "Plaintiffs have waived their rights to object to or otherwise challenge or seek to limit the scope of Defendants' liens, pledges, and security interests by Plaintiffs' acts, omissions, and statements." (Lien Scope Answers).

**Request No. 46:**  All Documents related to Your affirmative defense that "Plaintiffs are estopped from objecting to or otherwise challenging or limiting the scope of Defendants' liens, pledges, and security interests because Plaintiffs induced Defendants to rely upon Plaintiffs' statements, agreements, and representations, and Defendants have so relied to their detriment." (Lien Scope Answers).

**Request No. 47:**  All Documents related to Your affirmative defense that "Plaintiffs' claims are barred to the extent that the claims were not asserted in the earlier Adversary Proceeding brought pursuant to the July 2017 Stipulation, Docket No. 170 in Case No. 17-bk-3566, regarding "the validity, priority, extent and enforceability of the prepetition and postpetition liens and security interests asserted by the Bondholders with respect to the ERS Bonds." (Lien Scope Answers).

      **Response to Request Nos. 45-47**:  The Committees and the Government Parties have stated that Document Requests 45 through 47 are not related to discovery in the Ultra Vires Proceedings.

**Request No. 48:**  All Documents relating to, referenced in, or supporting Your Response.

      **Response to Request No. 48**:  Bondholders object to this Discovery Request on the grounds that the term "Response" is vague and ambiguous.  Bondholders construe the term

"Response" to mean the "ERS Bondholders' Response," *see* Case No. 17-03283-LTS, ECF No. 9012, as that term is used in the Discovery Requests.  Bondholders also object on the grounds that this Discovery Request is overbroad and ambiguous because it does not specify which types of documents that it seeks.  Further, Bondholders object on the grounds that this Discovery Request calls for a legal conclusion to the extent it seeks documents that "support[s]" the Response, because the determination of whether a given document supports the Response requires an evaluation of the relevance and legal significance of the document.  Bondholders also object this Document Request to the extent that it seeks information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege.  Further, Bondholders object to this Document Request on the grounds that it requests documents that are either publicly available or in the possession, custody, or control of the Committees or the Government Parties.

Subject to these objections, Bondholders will produce all documents specifically referenced in the ERS Bondholders' Response, Case No. 17-03283-LTS, ECF No. 9012, to the extent that the document has not been produced previously or is not publicly available.

**Request No. 49:**  All Documents relating to, referenced in, or supporting the Clawback Answer.

**Response to Request No. 49**:  Bondholders object on the grounds that this Discovery Request calls for a legal conclusion to the extent it seeks documents that "support[s]" the Clawback Answer, because the determination of whether a given document supports the Clawback Answer requires an evaluation of the relevance and legal significance of the document.  Bondholders construe the term "Clawback Answer" to mean the Answer and Counterclaims filed in Adversary Proceeding No. 19-00356, ECF No. 41.  Bondholders also object on the grounds that this Discovery Request is overbroad and ambiguous because it does not specify which types of documents that it seeks and instead asks for all documents related to Adversary Proceeding No.

27

19-00356.   Further, Bondholders object this Document Request to the extent that it seeks information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege.   Further, Bondholders object to this Document Request on the grounds that it requests documents that are either publicly available or in the possession, custody, or control of the Committees or the Government Parties.   Further, Bondholders object to this Document Request as overbroad to the extent it is directed to entities who are not parties to Adversary Proceeding No. 19-00356.

Subject to these objections, Bondholders will produce all documents specifically referenced in the Answer and Counterclaims filed in Adversary Proceeding No. 19-00356, ECF No. 41, to the extent that the document has not been produced previously or is not publicly available.

**Request No. 50:**  All Documents relating to, referenced in, or supporting the Lien Scope Answers.

**Request No. 51:**  All Documents relating to or supporting Your contention, in Case No. 03566-LTS, ECF Nos. 289, 599 and related filings, that ERS Bonds are an obligation of the Commonwealth as the Debtor in Case No. 17-03283-LTS.

**Request No. 52:**  All Documents supporting Your contention that You have standing to bring suit to enforce the ERS Bond Resolution and related documents.

**Request No. 53:**  All Documents relating to Your calculation of the claims that You allege arise out of Post-Petition Conduct.

**Request No. 54:**  All Documents which would help establish the market value of the ERS Bonds both before and after (a) the commencement of the ERS Title III Case and (b) the enactment of Joint Resolution 188 and Act 106-2017.

**Response to Request Nos. 50-54**:  The Committees and the Government Parties have stated that Document Requests 50 through 54 are not related to discovery in the Ultra Vires Proceedings

**Request No. 55:**  All Documents relating to, referenced in, or relied upon in connection with Your response to any Request for Admission that You do not unconditionally admit.

**Response to Request No. 55**:  Bondholders object to this Document Request as duplicative of the Requests for Admission.  Bondholders incorporate by reference their Responses and Objections to the Requests for Admission, which Bondholders will serve on December 3, 2019. Bondholders further object to the extent this Document Request seeks "[a]ll Documents relating to" any "Request for Admission that [Bondholders] do not unconditionally admit," on the ground that such a Request is overly broad, unduly burdensome, argumentative, and not proportional to the needs of the case.

**Request No. 56:**  All Documents relating to, referenced in, or relied upon in connection with Your responses to the Committees' and Government Parties' Interrogatories dated November 1, 2019.

**Response to Request No. 56**:  Bondholders object to this Document Request as duplicative of the Interrogatories dated November 1, 2019 and incorporate by reference their Responses and Objections to those Interrogatories, which Bondholders will serve on December 3, 2019. Bondholders further object to the extent this Document Request seeks "[a]ll Documents relating to" their responses to the Committees' and Government Parties' Interrogatories, on the ground that such a Request is overly broad, unduly burdensome, and not proportional to the needs of the case. Bondholders will produce responsive non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 57:**  All Documents that You intend to rely upon or use at any evidentiary hearing or in pre- or post-hearing briefing in connection with the issue of whether the issuance of ERS Bonds was ultra vires.

**Response to Request No. 57**:  Bondholders object to this Document Request on the grounds that it requests documents that are either publicly available or in the possession, custody, or control of the Committees or the Government Parties.  Bondholders further object to this Document Request on the grounds that it is premature, in violation of pre-trial procedures applicable under the Federal Rules, the Bankruptcy Rules, the Local Rules, and the Local

29

Bankruptcy Rules.  Further, Bondholders object to this Document Request to the extent that it seeks information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege.  Bondholders also object to this Document Request as overly broad and unduly burdensome because it requires Bondholders to determine, at this early stage in the proceedings, "[a]ll Documents" that they will use "at any evidentiary hearing or in pre- or post-hearing briefing."

**<u>Request No. 58:</u>**  All Documents produced in response to any subpoenas You serve or have served on or after November 1, 2019 in connection with the ERS Title III case.

**Response to Request No. 58**:  Bondholders object to this Document Request on the grounds that it is overbroad, requests documents that are irrelevant to this proceeding, and requests documents that are either publicly available or in the possession, custody, or control of the Committees or the Government Parties.  Bondholders will produce responsive non-privileged documents produced in response to subpoenas the Bondholders have served or will serve in the Ultra Vires Proceedings.

[*Signatures on Next Page*]

In San Juan, Puerto Rico, today November 22, 2019.

| | |
|---|---|
| /s/ Alfredo Fernández-Martínez | /s/ Bruce Bennett |
| Alfredo Fernández-Martínez | Bruce Bennett (*pro hac vice*) |
| DELGADO & FERNÁNDEZ, LLC | JONES DAY |
| PO Box 11750 | 555 South Flower Street |
| Fernández Juncos Station | Fiftieth Floor |
| San Juan, Puerto Rico 00910-1750 | Los Angeles, CA 90071 |
| Tel. (787) 274-1414 | Tel. (213) 489-3939 |
| Fax: (787) 764-8241 | Fax: (213) 243-2539 |
| afernandez@delgadofernandez.com | bbennett@jonesday.com |
| USDC-PR 210511 | |

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Matthew E. Papez (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3435
Fax: (202) 626-1700
gstewart@jonesday.com
mpapez@jonesday.com
ssooknanan@jonesday.com

*Counsel for Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund Holdings, L.P., Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., Redwood Master Fund, Ltd, and SV Credit, L.P.*

*/s/ Alicia I. Lavergne-Ramirez*
  José C. Sánchez-Castro
  USDC-PR 213312
  jsanchez@sanpir.com

  Alicia I. Lavergne-Ramírez
  USDC-PR 215112
  alavergne@sanpir.com

SÁNCHEZ PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
Tel. (787) 522-6776
Fax: (787) 522-6777

*/s/ Jason N. Zakia*

Glenn M. Kurtz (*pro hac vice*)
John K. Cunningham (*pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10036
Tel. (212) 819-8200
Fax (212) 354-8113
gkurtz@whitecase.com
jcunningham@whitecase.com

Jason N. Zakia (*pro hac vice*)
Cheryl T. Sloane (*pro hac vice*)
Jesse L. Green (*pro hac vice*)
WHITE & CASE LLP
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131
Tel. (305) 371-2700
Fax (305) 358-5744
jzakia@whitecase.com

*Counsel for Defendants Puerto Rico AAA Portfolio Bond Fund, Inc.; Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc.; Puerto Rico Fixed Income Fund, Inc.; Puerto Rico Fixed Income Fund II, Inc.; Puerto Rico Fixed Income Fund III, Inc.; Puerto Rico Fixed Income Fund IV, Inc.; Puerto Rico Fixed Income Fund V, Inc.; Puerto Rico Fixed Income Fund VI, Inc.; Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc.; Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc.; Tax-Free Puerto Rico Fund, Inc.; Tax-Free Puerto Rico Fund II, Inc.; Tax-Free Puerto Rico Target Maturity Fund, Inc.; and UBS IRA Select Growth & Income Puerto Rico Fund*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 22, 2019, a true and correct copy of the

foregoing was served via electronic mail to the persons listed below:

Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com
**Paul Hastings LLP**
*Counsel to the Official Committee of Unsecured Creditors*

Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com
**Casillas, Santiago & Torres LLC**
*Local Counsel to the Official Committee of Unsecured Creditors*

John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

**Genovese Joblove & Battista, P.A.**
*Special Litigation Counsel to the Official Committee of Unsecured Creditors*

Martin J. Bienenstock
Brian S. Rosen
Jeffrey W. Levitan
Margaret A. Dale
(*Pro Hac Vice*)
**Proskauer Rose LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative
for the Debtors*

Luis F. del Valle-Emmanuelli USDC-PR No. 209514
P.O. Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932
dvelawoffices@gmail.com
OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos San Juan, PR 00918
Tel: (787) 751-6764 / 763-0565
Fax: (787) 763-8260
*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative
of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

Edward S. Weisfelner, Esq. (Pro Hac Vice)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
Sunni P. Beville, Esq. (Pro Hac Vice)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com
**Brown Rudnick LLP**
*Counsel to the Special Claims Committee*

Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596

San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090
**Estrella, LLC**
*Local Counsel to the Special Claims Committee*

Robert Gordon (admitted pro hac vice)
Richard Levin (admitted pro hac vice)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted pro hac vice)
Melissa Root (admitted pro hac vice)
Landon Raiford (admitted pro hac vice)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)
**Jenner & Block LLP**
*Counsel for The Official Committee of Retired Employees of Puerto Rico*

A.J. Bennazar-Zequeira
Héctor M. Mayol Kauffmann
Francisco del Castillo Orozco
Edificio Union Plaza,
1701 Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
hector.mayol@bennazar.com
787-754-9191 (telephone)
787-764-3101 (facsimile)
**Bennazar, Garcia & Milian, C.S.P.**
*Counsel for The Official Committee of Retired Employees of Puerto Rico*

*/s/ David R. Fox*

# EXHIBIT A

| | |
|---|---|
| **From:** | Roche, Jennifer L. <jroche@proskauer.com> |
| **Sent:** | Tuesday, November 12, 2019 12:25 AM |
| **To:** | Sooknanan, Sparkle L. |
| **Cc:** | alexbongartz@paulhastings.com; mroot@jenner.com; mpocha@omm.com; pfriedman@omm.com; csteege@jenner.com; Beville, Sunni P.; eweisflener@brownrudnick.com; rgordon@jenner.com; Sushon, Bill; lucdespins@paulhastings.com; Goldstein, Irena; jamesbliss@paulhastings.com; Bassett, Nicholas; Holm, Richard; John Arrastia; Raiford, Landon S.; Axelrod, Tristan G.; suhland@omm.com; brosen@proskauer.com; JLevitan@proskauer.com; Dale, Margaret A.; wdalsen@proskauer.com; Esses, Joshua; Bennett, Bruce S.; Rosenblum, Benjamin; jzakia@whitecase.com; jcunningham@whitecase.com; de la Hoz, Fernando; eschaffer@reedsmith.com; lsizemore@reedsmith.com; cgray@reedsmith.com; Stewart, Geoffrey S.; Papez, Matthew E.; Fox, David R.; Perez, Isel M.; Green, Jesse |
| **Subject:** | Re: ERS discovery |

Sparkle,

Please see the breakdown of the discovery requests below. Let me know if you have any questions.

Lien Scope Discovery

RFPs 1-10, 12-13, 15-17, 35-36, 41, 43-47, 50-58
ROGs 19-21, 23-26

Ultra Vires Discovery

RFPs 1, 11, 14, 18-44, 48-49, 55-58

ROGs 1-22, 26

RFAs 1-10

Jennifer L. Roche
Proskauer
310.284.5635

---

**From:** "Sooknanan, Sparkle L." <ssooknanan@jonesday.com>
**Sent:** Friday, November 8, 2019 11:02 AM
**To:** Roche, Jennifer L.
**Cc:** alexbongartz@paulhastings.com; mroot@jenner.com; mpocha@omm.com; pfriedman@omm.com; csteege@jenner.com; Beville, Sunni P.; eweisflener@brownrudnick.com; rgordon@jenner.com; Sushon, Bill; lucdespins@paulhastings.com; Goldstein, Irena; jamesbliss@paulhastings.com; Bassett, Nicholas; Holm, Richard; John Arrastia; Raiford, Landon S.; Axelrod, Tristan G.; suhland@omm.com; Rosen, Brian S.; Levitan, Jeffrey W.; Dale, Margaret A.; Dalsen, William D.; Esses, Joshua; Bennett, Bruce S.; Rosenblum, Benjamin; jzakia@whitecase.com; jcunningham@whitecase.com; de la Hoz, Fernando; eschaffer@reedsmith.com; lsizemore@reedsmith.com; cgray@reedsmith.com; Stewart, Geoffrey S.; Papez, Matthew E.; Fox, David R.; Perez, Isel M.; Green, Jesse
**Subject:** RE: ERS discovery

Jennifer,

1

Would you please identify which particular document requests, interrogatories, and RFAs you intend to apply to the lien scope proceedings, and which you intend to apply to the ultra vires proceedings?  Some discovery requests are obviously related to one set of proceedings but not the other, and we do not want to presume which is which.  This is an issue for us because not all of our clients are parties to both proceedings.  This is also becoming an issue as we work through our objections and responses to the discovery requests. Given the upcoming deadline, we would appreciate a response as soon as possible.

Finally, going forward please copy Geoff Stewart, Matt Papez, David Fox, and Isel Perez (all copied here) on emails related to the lien scope and ultra vires proceedings.

Thanks very much,
Sparkle

-------------------
Sparkle L. Sooknanan
Associate
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave, NW
Washington, DC  20001
Office +1.202.879.3435

---

**From:** Roche, Jennifer L. <jroche@proskauer.com>
**Sent:** Friday, November 1, 2019 9:05 PM
**To:** Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; Sooknanan, Sparkle L. <ssooknanan@jonesday.com>; jzakia@whitecase.com; jcunningham@whitecase.com; de la Hoz, Fernando <fdelahoz@whitecase.com>; eschaffer@reedsmith.com; lsizemore@reedsmith.com; cgray@reedsmith.com
**Cc:** alexbongartz@paulhastings.com; mroot@jenner.com; mpocha@omm.com; pfriedman@omm.com; csteege@jenner.com; Beville, Sunni P. <SBeville@brownrudnick.com>; eweisflener@brownrudnick.com; rgordon@jenner.com; Sushon, Bill <wsushon@omm.com>; lucdespins@paulhastings.com; Goldstein, Irena <irenagoldstein@paulhastings.com>; jamesbliss@paulhastings.com; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Holm, Richard <rholm@omm.com>; John Arrastia <jarrastia@gjb-law.com>; Raiford, Landon S. <LRaiford@jenner.com>; Axelrod, Tristan G. <TAxelrod@brownrudnick.com>; suhland@omm.com; brosen@proskauer.com; JLevitan@proskauer.com; Dale, Margaret A. <mdale@proskauer.com>; wdalsen@proskauer.com; Esses, Joshua <JEsses@proskauer.com>; Roche, Jennifer L. <jroche@proskauer.com>
**Subject:** ERS discovery

Dear Counsel:

Attached are the following documents:

1.  First Set of Requests for Admission of the Committees and Government Parties to the ERS Bondholder Groups

2.  First Set of Interrogatories of the Committees and Government Parties to the ERS Bondholder Groups

3.  First Set of Requests of the Committees and Government Parties for Production of Documents to the ERS Bondholder Groups

4.  First Set of Requests for Admission of the Committees and Government Parties to the Fiscal Agent

5. First Set of Interrogatories of the Committees and Government Parties to the Fiscal Agent

6. First Set of Requests of the Committees and Government Parties for Production of Documents to the Fiscal Agent

7. ERS's Initial Disclosures Pursuant to Rule 26(a)(1)

**Jennifer L. Roche**
Senior Counsel

**Proskauer**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
d 310.284.5635; tel:+13102845635
f  310.557.2193
jroche@proskauer.com

**********************************************************************************************
************************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
**********************************************************************************************
************************************************************
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***