# Exhibit 5

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-3881
mpapez@jonesday.com

JP024413     January 3, 2020

<u>VIA E-MAIL</u>

| | |
|---|---|
| Jennifer L. Roche<br>Proskauer<br>2029 Century Park East<br>Suite 2400<br>Los Angeles, CA 90067-3010<br>jroche@proskauer.com | Catherine Steege<br>Jenner & Block LLP<br>353 N. Clark Street<br>Chicago, IL 60654<br>csteege@jenner.com |
| Margaret Dale<br>Proskauer<br>Eleven Times Square<br>New York, NY 10036-8299<br>mdale@proskauer.com | Madhu Pocha<br>O'Melveny & Myers LLP<br>1999 Avenue of the Stars<br>8th Floor<br>Los Angeles, CA 90067<br>mpocha@omm.com |
| Luc A. Despins<br>Paul Hastings LLP<br>200 Park Avenue<br>New York, NY 10166<br>lucdespins@paulhastings.com | William J. Sushon<br>O'Melveny & Myers LLP<br>Seven Times Square<br>New York, NY 10036<br>wsushon@omm.com |

   Re: <u>Responses and Objections to Committees' and Government Parties'<br>      Discovery Requests</u>

Dear Counsel:

  We are writing in response to Will Dalsen's letter of January 2, 2020, and to follow up on our conference of the same date, regarding discovery in connection with the Omnibus Objection Of Official Committee of Unsecured Creditors To Claims Asserted By Holders Of Bonds Issued By Employees Retirement System Of Government Of Puerto Rico [ECF No. 5580 in Case No. 17-bk-03283], the Omnibus Objection Of The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claims Filed Or Asserted By Holders Of ERS Bonds Against ERS And The Commonwealth [ECF No. 6482 in Case No. 17-bk-03283], and Adversary Proceeding Nos. 19-

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Jennifer L. Roche, Margaret Dale, Luc A. Despins,
Catherine Steege, Madhu Pocha, William J. Sushon
January 3, 2020
Page 2

00356, 19-00357, 19-00359, and 19-00361 (the "Ultra Vires Proceedings"); and Adversary Proceeding Nos. 19-00366 and 19-00367 (the "Lien Scope Adversary Proceedings").

**Request For Production Nos. 19 and 21**:  These requests seek all documents relating to the Bondholders' purchase, sale, or decision to hold ERS Bonds (Request No. 19) and all documents "relating to the ERS Bonds or ERS Bond-related information known to or in possession of [Bondholders or their advisors] at the time of any evaluation or analysis with respect to the ERS Bonds (including, without limitation, their validity), or any decision to purchase, sell or hold any ERS Bonds."

Contrary to the suggestion in Will's January 2 letter, Bondholders are maintaining their objections that these Requests are vague, ambiguous, and overly broad.  We have repeatedly explained to the Committees and Government Parties that these requests, as written, encompass "every single document about the ERS Bonds at any time" that the Bondholders owned the ERS Bonds.  *See* Bondholders' Responses & Objections to Government Parties' and Committees' First Set of Requests For Production (Ultra Vires Proceedings).  Indeed, having purchased ERS Bonds, the Bondholders can now only purchase more Bonds; hold the Bonds; or sell the Bonds.  There is no other possibility.  Accordingly, by asking for "[a]ll documents relating to the ERS Bonds or ERS Bond-related information" in the possession of the Bondholders at the time of any decision to buy, sell, or hold the Bonds, these Requests ask for every single document that the Bondholders have ever had about the ERS Bonds.

To address these vagueness and overbreadth problems, Bondholders proposed to produce non-privileged documents from Bondholders' diligence and working files (including Investment Committee Memoranda) that are responsive to these requests, to the extent those documents touch on the Ultra Vires issues.  You stated that you cannot understand what we mean by touching on ultra vires issues.  We have explained repeatedly that we mean we will produce documents *relevant* to any of the issues in the Ultra Vires Proceedings. This will include non-privileged documents (if any) regarding the validity (or invalidity) of the bonds, the legality of their issuance, allegations about the validity or legality of the Bonds, and any other issues related to the claims in the Ultra Vires Proceedings.

As we stated during our call yesterday, however, documents that do not relate to the issues in the Ultra Vires Proceedings are not relevant to the Ultra Vires Proceedings, and we cannot understand why the Government Parties are nevertheless demanding them.  In fact, during our meet and confer yesterday, we asked you to explain why documents not related to the claims in the Ultra Vires Proceedings should nevertheless be produced in the Ultra Vires Proceedings.  You were unable to do so.

JONES DAY

Jennifer L. Roche, Margaret Dale, Luc A. Despins,
Catherine Steege, Madhu Pocha, William J. Sushon
January 3, 2020
Page 3

In your letter, you now assert that "what [Bondholders] believed and knew at the time they acquired ERS Bonds is relevant." Our proposal addresses this concern: we will produce non-privileged documents that touch on the issues in the Ultra Vires Proceeding—including (if there are any such documents) what the Bondholders "believed or knew" about the validity of the ERS Bonds and the legality of the Bond issuance when they acquired ERS Bonds. Your concerns are, therefore, misplaced.

Finally, given your stated intent to file a motion to compel, we again want to make our position clear: We have agreed to, and will, produce non-privileged documents from the Bondholders' due diligence and working files for the ERS Bonds to the extent those documents touch on or relate to the issues in the Ultra Vires Proceedings, but we object to your demand that the Bondholders produce documents that do not touch on or relate to the issues in the Ultra Vires Proceedings.

**Request For Production Nos. 22 and 24**: These requests originally sought all bond resolutions, trust indentures, opinions of counsel, and other supporting and closing documentation and all offering documents Bondholders purchased since 2007 of specified volumes (Request No. 22), and all documents relating to the "private placement" or "direct placement" of any municipal or government securities Bondholders purchased (Request No. 24). Yesterday, you stated that the Government Parties and Committees would agree to limit these Requests to offering statements, indentures or resolutions, and CUSIPs for municipal and government securities the Bondholders purchased since 2007. During our call yesterday, you agreed that Bondholders could also exclude Treasury securities and foreign bonds from this request.

The Bondholders represented by Jones Day who are parties in the Ultra Vires Proceedings agree to produce the following non-privileged documents and information: (1) the CUSIPs for municipal and government securities they purchased on or after January 1, 2007, excluding Treasury securities and foreign bonds, and (2) any offering statements, indentures, or resolutions in the Bondholders' possession for the securities identified in item (1). In accordance with our discussion yesterday, and because the second category of documents is also publicly available, the Bondholders will produce the second category of documents only if they are reasonably available in a central location or other readily identifiable file, and will not, for example, search email messages, archives, or publicly available sources (such as EMMA) for them.

**Request for Admission Nos. 1 & 2**: We plan to serve Second Supplemental Responses to Request for Admission Nos. 1 & 2 as soon as reasonably possible.

**The Bondholders' Outstanding Requests**: Finally, we note that we continue to await a response from various parties to the Bondholders' proposed search terms and date ranges in

JONES DAY

Jennifer L. Roche, Margaret Dale, Luc A. Despins,
Catherine Steege, Madhu Pocha, William J. Sushon
January 3, 2020
Page 4

connection with many of the Bondholders' requests for the production of documents. We trust that the parties will soon reach agreement on a reasonable set of search terms, custodians, and date ranges, consistent with various parties' agreements to search for responsive documents in that way. In the event that the parties are unable to reach agreement on search terms, date ranges, and custodians, however, the Bondholders reserve their rights to file a motion to compel addressing the Bondholders' document requests at an appropriate time in the future.

        Very truly yours,

        /s/ Matthew E. Papez

        Matthew E. Papez

cc: Counsel of Record