# EXHIBIT F

(Official Translation)

IN THE SUPREME COURT OF PUERTO RICO

Víctor A. Trinidad Hernández *et al.*,

    Petitioners

    v.

Commonwealth of Puerto Rico *et al.*,

    Respondents

| | | |
|---|---|---|
| María del C. Alvarado Pacheco *et al.*, | CT-2013-0008<br>CT-2013-0009<br>CT-2013-0010 | Certification |
|     Petitioners | | |

    v.

Commonwealth of Puerto Rico *et al.*,

    Respondents

José A. De Jesús Vera *et al.*,

    Petitioners

    v.

Commonwealth of Puerto Rico *et al.*,

    Respondents

San Juan, Puerto Rico, June 24, 2013

    PER CURIAM: We are faced with the delicate situation of addressing the claim of hundreds of public employees who have asked us to address the constitutionality of Act No. 3 of 2013, which reforms the Employees Retirement System of the Government of Puerto Rico and its Instrumentalities (Retirement System Reform).

    We are aware of the effects of this reform on the retirement plan of plaintiffs and other public employees. All of us who are in public service have relatives, coworkers, and close friends who will be affected by this legislation. On the other hand, we recognize the importance that the resolution of these cases has for the country's economic situation, particularly for the State's [issuance of] debt, which allows it to access funds for the development and support of infrastructure, as well as for other programs that are of singular importance to all of us who live in Puerto Rico. This Court has the obligation to adjudicate the cases under our consideration and to strike a delicate balance between conflicting interests that are extremely crucial to our society.

CT-2013-0008, CT-2013-0009, CT-2013-0010             2    (Official Translation)

Facing this dilemma, and after carefully examining the petitions submitted in light of our Constitution and caselaw, we must uphold the validity of the measures taken by the executive and legislative powers to solve the actuarial insolvency of the Retirement System. On the grounds set forth below, the petitions for intrajurisdictional certification filed by Trinidad Hernández et al., Álvaro Pacheco et al., and De Jesús Vera et al. are accepted and consolidated, and the judgment of dismissal rendered by the Court of First Instance is affirmed.

I

Essentially, plaintiffs in the instant cases asked the Court of First Instance to declare the Retirement System Reform unconstitutional and to grant temporary and permanent injunction to stop its implementation. In summary, the reform basically consists of: (1) a freeze on benefit accruals of active public employees under the defined benefit plans established in Act No. 447 and Act No. 1 by eliminating the acquisition of new benefits under the present system, but respecting all accruals earned to date; (2) a staggered increase in retirement age for public employees who are now close to the retirement age required under the current laws; (3) an increase in employee contribution to the system; (4) moving active public employees covered by Act No. 447 and Act No. 1 to a defined contribution plan similar to *Reforma 2000* [System 2000]; and (5) the modification of additional benefits granted under special laws, using the product of all the savings in employer contributions to provide more funds to the public employee retirement system and thus ensure the payment of benefits to retirees and to active public employees with accrued benefits under Act No. 447 and Act No. 1.

While the case was pending in the Court of First Instance, plaintiffs resorted to the Supreme Court seeking certification of these cases. On June 11, 2013, we denied the petitions and stated, among other things, that the trial court had to promptly address the dispositive motions under its consideration and hold an evidentiary hearing no later than June 18, 2013. *Alvarado Pacheco y otros v. E.L.A. y otros*, 2013 TSPR 64, 188 D.P.R.___ [88 P.R. Offic. Trans. ___] (2013).

On June 17, 2013, the Court of First Instance rendered judgment and partial judgment resolving the motions to dismiss filed by defendants and dismissed all claims pursuant to Civil Procedure Rule 10.2 (32 L.P.R.A. App. V). Consequently, it set aside the hearing set for the following day.

Plaintiffs Trinidad Hernández et al., Alvarado Pacheco et al., and De Jesús Vera et al. timely filed petitions for intrajurisdictional certification in this Court.[1] Respondents,

---

[1] Petitioners Alvarado Pacheco et al. (CT-2013-0009) filed an appeal in the Court of Appeals on June 18, 2013, but failed to include a copy thereof in the appendix, in violation of Rule 20 of the Supreme Court (4 L.P.R.A. App. XXI-B). On the other hand, in the case of petitioners De Jesús Vera et al., the record does not show that they had sought reconsideration in the trial court or had appealed to the intermediate appellate court; consequently, we cannot corroborate if there is any matter pending before the lower courts. In fact, there are serious deficiencies in the latter record that include the absence of an index to the appendix, and the pages are not numbered. Nonetheless, since the petition filed by Trinidad Hernández et al.

CT-2013-0008, CT-2013-0009, CT-2013-0010                              3
                                                              (Official Translation)

in turn, filed their respective briefs in opposition to the certification. Since the Court of First Instance has entered judgment in these cases, and since this "matter is so important that it demands prompt attention," given the imminent effectiveness of the Retirement System Reform, we hereby certify and resolve these petitions without further proceedings. *U.P.R. v. Laborde Torres y otros I*, 180 D.P.R. 253, 272-273 [80 P.R. Offic. Trans. __, __] (2010).

## II

A party may present as defense a well-grounded motion to dismiss when the action filed against that party fails to state a claim upon which relief can be granted. Civil Procedure Rule 10.2 (5) (32 L.P.R.A. App. V); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 D.P.R. 920 [80 P.R. Offic. Trans. __] (2011). In order to address a motion to dismiss under these grounds:

> [T]he court shall accept as true all well-pleaded facts in the complaint that are expressed in a clear and conclusive manner, leaving no room for doubt from their face. When passing on a motion to dismiss, the facts alleged in the complaint must be examined jointly, liberally, and in the light most favorable to the plaintiff. The complaint should not be dismissed unless it is shown that the plaintiff is not entitled to relief under any of the factual circumstances that can be proved.

*Colón v. Lotería*, 167 D.P.R. 625, 649 [67 P.R. Offic. Trans. __, __] (2006). (Footnotes omitted.)

On the other hand, both the Puerto Rico and the United States Constitutions provide that no laws impairing the obligation of contracts shall be enacted. P.R. Const. art. II, § 7; U.S. Const. art. I, § 10 (L.P.R.A. vol. 1.) Both clauses seek to guarantee the stability of contractual relations. *Domínguez Castro et al. v. E.L.A. I*, 178 D.P.R. 1, 81 [78 P.R. Offic. Trans. __, __] (2010), *cert. den.*, *Domínguez Castro v. Puerto Rico*, 131 S. Ct. 152, 562 U.S. ___ (2010); *Warner Lambert Co. v. Tribunal Superior*, 101 D.P.R. 378, 395 [1 P.R. Offic. Trans. 527, 550-551] (1973).

However, the protection of contractual obligations is not absolute and must be construed in harmony with the State's police power in furtherance of the public interest. *United States Trust Co. v. New Jersey*, 431 U.S. 1, 21 (1977); *Warner Lambert Co. v. Tribunal Superior*, 101 D.P.R. at 394 [1 P.R. Offic. Trans. at 550]. For that reason, it is well settled that not every contractual impairment is unconstitutional. *Bayrón Toro v. Serra*, 119 D.P.R. 605, 619 [19 P.R. Offic. Trans. 646, 661] (1987); *United States Trust Co. v. New Jersey*, 431 U.S. at 16.

In considering the constitutional validity of a statute under the impairment of contracts clause, the applicable test is one of reasonableness. *Bayrón Toro v. Serra*, 119 D.P.R. at 620 [19 P.R. Offic. Trans. at 661]. Thus, when examining state interference with private contracting, we must first examine whether a contractual obligation exists

---

(CT-2013-0008) meets all the requirements of this Court to exercise its jurisdiction, we consolidate and address the petitions in accordance with Rule 50 of the Supreme Court.

CT-2013-0008, CT-2013-0009, CT-2013-0010 (Official Translation) 4

and whether the modification constitutes a severe or a substantial impairment. *Domínguez Castro et al. v. E.L.A. I*, 178 D.P.R. at 80 [78 P.R. Offic. Trans. at ___]; *Warner Lambert Co. v. Tribunal Superior*, 101 D.P.R. at 395 [1 P.R. Offic. Trans. at 551]. If the impairment is severe or substantial, the courts must examine if the government's interference furthers a legitimate interest and if it is rationally related to the pursuit of said purpose. *Domínguez Castro et al. v. E.L.A. I*; *Warner Lambert Co. v. Tribunal Superior*.

When a government obligation is modified, a stricter scrutiny must be applied to ensure that the State's acts are not for its own benefit. *Domínguez Castro et al. v. E.L.A. I*. Therefore, any contractual modification, aside from being reasonable, must be necessary to advance an important governmental purpose. *Bayrón Toro v. Serra*, 119 D.P.R. at 620 [19 P.R. Offic. Trans. at 662]; *United States Trust Co. v. New Jersey*, 431 U.S. at 29. In sum, if the impairment results from a reasonable and necessary modification aimed at furthering a public interest, its validity shall be upheld. *Id.* In that respect, in *Domínguez Castro et al.*, at 85 [78 P.R. Offic. Trans. at ___], we held that the courts should accord deference to the legislative determination of necessity and reasonableness of the measure.

In 1987, this Court had the opportunity to pronounce itself on the reform of the retirement system of University of Puerto Rico (U.P.R.) public employees. *Bayrón Toro v. Serra*. That reform essentially fixed at 55 the minimum age at which a participant could be eligible for a retirement annuity, reduced the amount of pension paid to participants who would retire before reaching age 58, and increased participant contributions to the system's fund.

In that context, we acknowledged that "a beneficiary of a retirement plan has a property interest of a contractual nature protected by the constitutional guarantee against impairment of contractual obligations." *Id.* at 607-608 [19 P.R. Offic. Trans. at 649]. Nonetheless, we thought it wise "to balance, on the one hand, the interest [in protecting] the rights of employees, and, on the other hand, the interest [in allowing] the State to adopt changes that guarantee the stability and solvency of the retirement system." *Id.* at 618 [19 P.R. Offic. Trans. at 660]. Consequently, we held that before an employee retires, the State may amend the terms of the retirement system, provided that such amendments are reasonable and further the actuarial solvency of the system. *Id.*

III

These cases concern economic legislation aimed at reforming the public employee Retirement System. Plaintiffs allege that this constitutes an impairment of the State's contractual obligations. Certainly, the Retirement System Reform substantially impairs the State's obligations by adversely affecting the retirement expectations of public employees.

Having settled that issue, we must determine whether the modification pursues an important interest for the benefit of the general welfare and whether it is necessary and reasonable for furthering that interest. According to *Bayrón Toro*, since the modification

CT-2013-0008, CT-2013-0009, CT-2013-0010　　　　　　　　　　　(Official Translation)

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　5

involves the Retirement System, this reform will be deemed valid if it is reasonable and necessary to ensure the actuarial solvency of the System. Let us not forget that although we should not show complete deference to the legislative assessment of reasonableness and necessity of the statute, we should give it some deference. *Domínguez Castro et al. v. E.L.A. I*, 178 D.P.R. at 85 [78 P.R. Offic. Trans. at___].

The Statement of Motives of the Retirement System Reform affirms that the lawmaker deemed it necessary and reasonable to adopt the fiscal measures at issue here to avoid the system's collapse and the downgrade of Puerto Rico's credit rating to junk status by credit rating agencies. In particular, the Legislature stated:

> [A]s early as fiscal year 2013-2014, the net assets of the System will be negative, since the System's debt, as evidenced by its pension obligation bonds, will exceed its assets and, in fiscal year 2018-2019, the System will be left without sufficient funds to cover the payment of its obligations, among which is the very payment of pensions to its pensioners, for its total assets will have been exhausted. It is even probable that if no changes are made now, the System's assets will be exhausted earlier.
>
> At present, according to actuarial reports, as of June 30, 2011, the Public Employee Retirement System and the Teachers' Retirement System . . . have a combined actuarial deficit of $35.260 billion, and the deficit of the Employee Retirement System alone is approximately $25.491 billion. This actuarial deficit is forecast to increase substantially by June 30, 2013. The magnitude of the actuarial deficit of both Retirement Systems is such that it is equivalent to more than four times the annual General Fund revenues and to more than half of Puerto Rico's Gross National Product for fiscal year 2011.

Statement of Motives of Act No. 3 of April 4, 2013. [*]

In that regard, the lawmaker stressed that the numerous bills enacted throughout the years have not been able to stave off the financial crisis of the Retirement System.

The Statement of Motives of the Retirement System Reform undoubtedly indicates that the measures adopted are necessary and reasonable to adequately address the financial crisis that jeopardizes the actuarial solvency of the System. This certainly constitutes an important public interest; by guaranteeing the System's economic solvency, all participants are benefitted and the fiscal crisis faced by the country is also partially addressed, thus protecting the welfare of all Puerto Ricans.

Certainly, the validity of the impairment of a contractual obligation will not be upheld if the plaintiff shows that there are less drastic or severe measures than those chosen by lawmakers. *Domínguez Castro et al. v. E.L.A. I*, 178 D.P.R. at 84 [78 P.R. Offic. Trans. at___]; *United States Trust Co. v. New Jersey*, 431 U.S. at 29-31. It bears mentioning that plaintiffs argued, in a general manner, that less burdensome alternatives existed, but did not explain in detail how these alternatives could be implemented and how they could ensure

---

[*] [Translator's note: The English rendition of the Statement of Motives of Act No. 3 cited in this Per Curiam opinion was provided by the Bureau of Translations of the Supreme Court of Puerto Rico for lack of an official translation.]

CT-2013-0008, CT-2013-0009, CT-2013-0010        6       (Official Translation)

the actuarial solvency of the Retirement System. Plaintiffs merely indicate that the State can increase its revenues through other measures, such as increasing the Sales and Use Tax (SUT) capture rate, or raising taxes. However, they failed to show that they have evidence to persuade the court at a trial that these alternatives are feasible and less burdensome. Evidence Rule 110(a), 32 L.P.R.A. App. VI; *United Auto. v. Fortuño*, 633 F.3d. 37, 42-44 (1st Cir. 2011); *Buffalo Teachers Federation v. Tobe*, 464 F. 3d 362, 365 (2d Cir. 2006) (cited with approval in *Domínguez Castro et al. v. E.L.A. I*, 178 D.P.R. at 85).

    Nevertheless, it is well settled that it is not incumbent upon the courts to make a *de novo* determination on the existence of other alternatives to solve the problem. *Domínguez Castro et al. v. E.L.A. I*, 178 D.P.R. at 89. The Legislature's determination regarding the enacted bills is a public policy determination that deserves deference under our separation of powers system. *Id.* at 45. Under our republican system of government, the three branches of government must strike a balance that respects the limits of the functions of each branch. See P.R. Const. art. I, § 2 (L.P.R.A., vol. 1). We must not forget that "[s]ince it is incumbent upon the Legislative and Executive Branch to formulate and implement the public policy of the State, judicial scrutiny cannot become an independent assessment of the wisdom or correctness of the challenged law or action." *San Miguel Lorenzana v. E.L.A.*, 134 D.P.R. 405, 431 [34 P.R. Offic. Trans. \_\_\_, \_\_\_] (1993). See also *Clases A, B y C v. PRTC*, 183 D.P.R. 666, 681 [83 P.R. Offic. Trans. \_\_\_, \_\_\_] (2011).

    Furthermore, the Statement of Motives shows that the Legislature considered other types of measures to address the solvency crisis affecting the Retirement System, but concluded that these "are not feasible and, in any case, neither can they alone solve the present actuarial crisis . . . . On the contrary, we need integrated and far-reaching solutions in which all components of the System and all taxpayers contribute to its salvation."

    On the other hand, the Retirement System Reform is prospective and does not affect the retirees' pensions.[2] It also assures plaintiffs and other system participants that as a result of these measures, they will be able to enjoy a pension when they qualify for retirement. The Statement of Motives indicated that this would not be possible without this Reform, which seeks to avert the System's insolvency and debacle, as well as the degradation of Puerto Rico's credit rating and its horrible consequences for the economy.

    For the foregoing reasons, we hold that the Retirement System Reform is constitutional; despite the fact that there is a substantial impairment of the contractual obligations at issue here, the measures taken are reasonable and necessary to protect the

---

[2] As for the allegations made by the plaintiffs who have already retired, it suffices to point out that the benefits granted through special laws being eliminated by the Retirement System Reform are not part of their pensions. On the contrary, they constitute legislative largesse derived from the State's general budget and not from the trust funds of the Retirement System. They are merely additional benefits granted by the Legislature. Their pensions remain unaltered. See: *Domínguez Castro et al. v. E.L.A. I*, 178 D.P.R. 1, 67-70 [78 P.R. Offic. Trans. \_\_\_, \_\_\_] (2010); *Asoc. Maestros v. Depto. Educación*, 171 D.P.R. 640, 665-666 [71 P.R. Offic. Trans. \_\_\_, \_\_\_] (2007); *Consejo Titulares v. Williams Hospitality*, 168 D.P.R. 101, 109 [68 P.R. Offic. Trans. \_\_\_, \_\_\_] (2006).

CT-2013-0008, CT-2013-0009, CT-2013-0010     7 (Official Translation)

actuarial solvency of the Retirement System, and there are no less burdensome measures to achieve this end.

Consequently, under Rule 50 of the Supreme Court, and without further proceedings, *the judgment rendered by the Court of First Instance dismissing the actions filed by plaintiffs, petitioners here, is affirmed.*

*Judgment will be rendered accordingly.*

Justice Feliberti Cintrón, with whom Justice Martínez Torres joined, filed a concurring opinion. Justices Pabón Charneco, Kolthoff Caraballo, Rivera García, and Estrella Martínez filed dissenting opinions.



JMS/mal



(Official Translation)

IN THE SUPREME COURT OF PUERTO RICO

Víctor A. Trinidad Hernández *et al.*,

    Petitioners

    v.

Commonwealth of Puerto Rico *et al.*,

    Respondents

| | | |
|---|---|---|
| María del C. Alvarado Pacheco *et al.*, | CT-2013-0008<br>CT-2013-0009<br>CT-2013-0010 | Certification |
|   Petitioners | | |

    v.

Commonwealth of Puerto Rico *et al.*,

    Respondents

José A. De Jesús Vera *et al.*,

    Petitioners

    v.

Commonwealth of Puerto Rico *et al.*,

    Respondents

## JUDGMENT

San Juan, Puerto Rico, June 24, 2013

    On the grounds set forth in the preceding Per Curiam Opinion, which is made an integral part of this Judgment, petitions CT-2013-0008, CT 2013-0009, and CT-2013-0010 are accepted and consolidated, and the Judgment of the Court of First Instance is affirmed.

    It was thus agreed and ordered by the Court and certified by the Clerk of the Supreme Court. Justice Feliberti Cintrón, with whom Justice Martínez Torres joined, filed a concurring opinion. Justices Pabón Charneco, Kolthoff Caraballo, Rivera García, and Estrella Martínez filed dissenting opinions.

Aida Ileana Oquendo Graulau
Clerk of the Supreme Court






I CERTIFY that this is an Official Translation made by the Bureau of Translations of the Supreme Court of Puerto Rico.

In San Juan, Puerto Rico: AUG 1 0 2017

Juan E. Dávila Rivera
Clerk of the Supreme Court