# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

      Debtors.[1]

----------------------------------------------------------------x

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO,

      Objectant,

      v.

THE BANK OF NEW YORK MELLON, AS FISCAL
AGENT,

      Respondent.

----------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

PROMESA
Title III

**This filing relates to ERS.**

# OBJECTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO PROOF OF CLAIM AGAINST ERS BY THE BANK OF NEW YORK MELLON, AS FISCAL AGENT (CLAIM NO. 16777)

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**To the Honorable United States District Court Judge Laura Taylor Swain**:

The Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's sole representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] files this supplemental objection (the "Objection"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these Title III cases by sections 301(a) and 310 of PROMESA, and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), disallowing the proof of claim filed by The Bank of New York Mellon, as Fiscal Agent (the "Fiscal Agent"), as proof of claim number 16777 (the "Fiscal Agent Claim"), on behalf of holders of ERS bonds ("ERS Bondholders").  In support of this Objection, the Oversight Board respectfully states as follows:

## PRELIMINARY STATEMENT[2]

1.     The Fiscal Agent has filed a proof of claim asserting claims for principal and interest on behalf of ERS Bondholders, as well as miscellaneous other contractual claims arising from ERS's alleged failure to enforce covenants contained in the ERS bond resolution, among others.  The entire claim should be disallowed, as the ERS bond issuance was *ultra vires*.  Further, even if the issuance were not *ultra vires*, the Fiscal Agent's claim is limited to the principal and interest owed on the ERS Bonds.  The Fiscal Agent does not get any "bonus" claims resulting from ERS's alleged contractual violations.

---

[1] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[2] The Oversight Board reserves its right to raise additional objections to the Fiscal Agent Claim, including on grounds other than those set forth in this Objection, and to amend or supplement this Objection for any other reason.

## JURISDICTION AND STATUTORY PREDICATES

2.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Objection pursuant to PROMESA section 306(a).

3.      Venue is proper pursuant to PROMESA section 307(a).

4.      The statutory predicate for the relief sought herein is section 502 of the Bankruptcy Code, as incorporated by section 301(a) of PROMESA, and Bankruptcy Rule 3007, as incorporated by section 310 of PROMESA.

## RELEVANT BACKGROUND[3]

### I.      The ERS Title III Case

5.      On May 21, 2017 (the "ERS Petition Date"), a petition under title III of PROMESA was filed on behalf of ERS with the United States District Court for the District of Puerto Rico (the "ERS Title III Case").

6.      On March 12, 2019, the Official Committee of Unsecured Creditors filed an *Omnibus Objection to Claims Asserted by Holders of Bonds Issued by ERS* [Case No. 17-3566, ECF No. 381], on the ground the bond issuance exceeded ERS's statutory authority and was thus *ultra vires,* rendering the ERS Bonds null and void.

7.      On April 23, 2019, the Official Committee of Retired Employees filed an *Omnibus Objection Of The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claims Filed Or Asserted By Holders Of ERS Bonds Against ERS And The Commonwealth*, [Case No. 17-3283, ECF No. 6482], on the ground, among others, that the bond issuance was *ultra vires*.

---

[3] All undefined terms shall have the respective meanings ascribed to them in the Oversight Board's supplemental objection to the Fiscal Agent's claim against the Commonwealth (the "Fiscal Agent CW Claim Objection").  [Case No. 17-3283, ECF No. 9700]

8.     On October 7, 2019, the Fiscal Agent, certain ERS Bondholders, the Oversight Board (and its special claims committee), AAFAF, the Creditors' Committee, and the Retiree Committee reached agreement on procedures to resolve objections to claims asserted against the ERS and/or the Commonwealth by the Fiscal Agent and holders of ERS Bonds on account of or related to the ERS Bonds, other than certain postpetition claims (the "Procedures").  *See* [Case No. 17-bk-3566, ECF No. 676-2 at 2–3].  Among other things, these procedures set January 6, 2020 as the deadline to file objections to proofs of claim asserted by the Fiscal Agent and certain ERS Bondholders (again, excluding certain postpetition claims).  *Id.* at 6.

## II.     The Claim

9.     On May 24, 2018, the Fiscal Agent filed a proof of claim against the ERS, asserting a claim for (1) principal in the amount of $3,841,110,000.00, (2) accrued but unpaid interest, including the amount of $9,251,055.00 as of May 21, 2017, (3) fees and expenses due the Fiscal Agent, (4) unenumerated claims under the bonds and resolution, and (5) the Commonwealth's implementation of the Post-Petition Legislation.  *See* Fiscal Agent Claim ¶ 13.

## RELIEF REQUESTED

10.     By this Objection, the Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, disallowing the Fiscal Agent Claim.

## BASIS FOR RELIEF[4]

---

[4] The Fiscal Agent appears to have filed the same rider in the Fiscal Agent Claim as in its claim filed against the ERS. These riders include claims against both the Commonwealth and ERS.  For the avoidance of doubt, all claims against the Commonwealth filed in the Fiscal Agent Claim, including those regarding the Post-Petition Legislation, should be dismissed for being filed against an incorrect debtor.  Furthermore, the "Other Claims Under the Bonds or Resolution" are not specific enough to form the basis of a claim, and accordingly must be dismissed.  *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").  And even if they were specific enough, the Fiscal Agent is not entitled to a "bonus" claim on account of ERS's contractual obligations.

III.     **The ERS Bonds Issuance Was *Ultra Vires*.**

11.     As set forth in the respective claims objections of the Retiree Committee and Creditors' Committee, *supra* ¶¶ 6–7, the ERS Bonds issuance was *ultra vires*.  Accordingly, the Fiscal Agent's claim should be disallowed on that basis alone.

IV.     **If the ERS Bonds Issuance Were Not *Ultra Vires*, the Fiscal Agent's Claim is Limited to Principal and Interest as of the Petition Date on the ERS Bonds.**

12.     The ERS Bonds issued constitute a mix of current interest term bonds ("CIBs") and capital appreciation bonds ("CABs").  *See* Fiscal Agent Claim ¶¶ 6–8.  Any claim resulting from the principal and interest on the CIBs should be allowed in an amount equal to principal and the accrued, but unpaid, interest, factoring out any interest attributable to the original issue discount on the bonds.  11 U.S.C. § 502(b)(2); *see also In re Pub. Serv. Co. of N.H.*, 114 B.R. 800, 802 (Bankr. D.N.H. 1990) ("unamortized original issue discount on a note or debenture is indeed unmatured interest which is not an allowable claim under Code § 502(b)(2).") (citing *In re Chateaugay Corp.*, 109 B.R. 51 (Bankr. S.D.N.Y. 1990)).  For the CABs, the allowable amount of the claim is the original purchase price of the CABs, plus accreted interest to the Petition Date, and not for their value at maturity.  For the CABs, the "interest" component of the claim calculation is the accreted amount of principal; in other words, the amount of principal added to CABs assuming an interest rate on the CABs equivalent to that which would grow the principal on the CABs to their value at maturity.  *Id.*  Accordingly, when calculating the amount of a claim with respect to the CABs, the Fiscal Agent should be limited to the original issuance amount, in addition to any accreted principal.

13.     Pursuant to Bankruptcy Code section 502(b)(2), upon objection to a claim, the court is required to disallow such claim to the extent it asserts claims "for unmatured interest."  11 U.S.C. § 502(b)(2).  Pursuant to Bankruptcy Code section 506(b), postpetition interest and postpetition

costs can only be awarded on a secured claim to the extent the claimholder is oversecured.  *See* 11

U.S.C. § 506(b) ("To the extent that an allowed secured claim is secured by property the value of

which . . . is greater than the amount of such claim, there shall be allowed to the holder of such

claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the

agreement . . . under which such claim arose.").

14.     As set forth in the Fiscal Agent CW Claim Objection, even if the ERS Bonds

issuance were not issued *ultra vires*, the Fiscal Agent's claim is undersecured.  At best, the Fiscal

Agent is entitled to only those assets at ERS in which it maintains a valid and perfected security

interest, and in additional assets in which the Fiscal Agent's security interest can be traced (if any).

Accordingly, the Fiscal Agent is not entitled to interest and fees.

## NOTICE

15.     The Debtor has provided notice of this Objection to: (a) the Office of the United

States Trustee for the District of Puerto Rico; (b) Fiscal Agent; (c) counsel to certain ad hoc groups

of holders of bonds issued by ERS; (d) the statutory committees appointed in these Title III Cases;

(e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Puerto

Rico Fiscal Agency and Financial Advisory Authority; (g) the Puerto Rico Department of Justice;

and (h) all parties filing a notice of appearance in these Title III Cases.  The Debtor submits that,

in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtor respectfully requests the Court to enter an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the Objection and disallowing Claim No. 16777, and (b) granting the Debtor such other relief as is just and proper.

Dated: January 6, 2020
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*

Martin J. Bienenstock
Brian S. Rosen
Jeffrey W. Levitan
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

*/s/ Luis F. del Valle*
Luis F. del Valle-Emmanuelli USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.977.1932
Fax.787.722.1932
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos San Juan, PR 00918
Tel: (787) 751-6764/ 763-0565
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

## Exhibit A

**Proposed Order**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

       Debtors. [1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## ORDER GRANTING OBJECTION OF
## FINANCIAL OVERSIGHT AND MANAGEMENT BOARD,
## PURSUANT TO BANKRUPTCY CODE SECTION 502 AND
## BANKRUPTCY RULE 3007, TO PROOF OF CLAIM AGAINST ERS BY
## THE BANK OF NEW YORK MELLON, AS FISCAL AGENT (CLAIM NO. 16777)

Upon the *Objection of Financial Oversight and Management Board, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Proof of Claim Filed or Asserted Against ERS by The Bank of New York Mellon, as Fiscal Agent (Claim No. 16777)* (the "Objection");[2] and the Court having found it has subject matter jurisdiction over this matter

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Objection.

pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Objection is in the best interests of the Debtors, their creditors, and other parties in interest, it is **HEREBY ORDERED THAT**:

1.      The relief requested in the Objection is GRANTED.

2.      All claims filed or asserted against ERS based on the Fiscal Agent Claim are disallowed in their entirety.

3.      The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

4.      This Order resolves docket entry no.  [_____].

SO ORDERED.

Dated: _____, 2020
       San Juan, Puerto Rico               _____
                                      LAURA TAYLOR SWAIN
                                      United States District Judge