[UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br><br><br>(Jointly Administered) |

-----------------------------------------------------------------x

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Objectant,<br><br>    v.<br><br>PUERTO RICO AAA PORTFOLIO BOND FUND,<br>INC., *et al.*<br><br>    Respondents. | PROMESA<br>Title III<br><br><br><br>**This filing relates to the<br>Commonwealth.** |

-----------------------------------------------------------------x

# ONE HUNDRED AND FIFTY-THIRD
# OMNIBUS OBJECTION OF FINANCIAL OVERSIGHT AND
# MANAGEMENT BOARD, PURSUANT TO BANKRUPTCY CODE
# SECTION 502 AND BANKRUPTCY RULE 3007, TO PROOFS OF CLAIM
# AGAINST THE COMMONWEALTH BY THE PUERTO RICO FUNDS CLAIMANTS

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**To the Honorable United States District Court Judge Laura Taylor Swain**:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's sole representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] files this one hundred and fifty-third omnibus objection (the "Objection"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these Title III cases by sections 301(a) and 310 of PROMESA, and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), disallowing claims filed by claimants (the "Claimants") represented by White & Case LLP (the "Claims")[2] (including the illustrative claim of the Puerto Rico AAA Portfolio Bond Fund, Inc., as proof of claim number 22606 (the "Puerto Rico Funds Claim")) on behalf of their holdings of ERS bonds. In support of this Objection, the Oversight Board respectfully states as follows:

## **INTRODUCTION**[3]

1. Claimants are ERS Bondholders who have each filed a proof of claim against the Commonwealth relating to their respective holdings of ERS bonds. While the Commonwealth believes the Claims are duplicative of the proof of claim filed by the fiscal agent for the ERS bonds

---

[1] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[2] In compliance with this Court's order requiring such objections be filed no later than January 6, 2020 (the "Procedures Order") [Case No. 17-3566, ECF No. 676-2 at ¶ 5], the Oversight Board is objecting all proofs of claim by holders of ERS Bonds represented by White & Case LLP, as included on the schedule (the "Schedule") attached hereto as **Schedule 1** to the Proposed Order. To the best of the Oversight Board's knowledge, such Schedule includes all proofs of claim by members of the White & Case Group (defined in the Procedures Order), and each proof of claim on the Schedule is substantially similar to the Puerto Rico Funds Claim, excluding differences such as name of the claimant and the amount of the claim. The Oversight Board reserves its rights to amend the Schedule to include or exclude additional claims, as appropriate.

[3] The Oversight Board reserves its right to amend or supplement this Objection.

(the "Fiscal Agent"), *see* Claim No. 16675, to which the Commonwealth has already objected [Case No. 17-bk-3283, ECF No. 9700] (the "Fiscal Agent Claim Objection"), the Commonwealth is filing this claim objection in compliance with claims objection procedures previously approved by this Court. *See* [Case No. 17-bk-3566, ECF No. 676-2 at 2–3].

## JURISDICTION AND STATUTORY PREDICATES

2. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Objection pursuant to PROMESA section 306(a).

3. Venue is proper pursuant to PROMESA section 307(a).

4. The statutory predicate for the relief sought herein is section 502 of the Bankruptcy Code, as incorporated by section 301(a) of PROMESA, and Bankruptcy Rule 3007, as incorporated by section 310 of PROMESA.

## RELEVANT BACKGROUND

**I.    The ERS Title III Case**

5. On May 21, 2017 (the "ERS Petition Date"), a petition under title III of PROMESA was filed on behalf of ERS with the United States District Court for the District of Puerto Rico (the "ERS Title III Case").

6. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the ERS Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing*

*Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "<u>Bar Date Orders</u>"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

7. Pursuant to the Initial Bar Date Order, the indenture trustees, fiscal agents, or any similar agent or nominee for each respective series of bonds issued by one of the Debtors may file a master proof of claim against the applicable debtor on behalf of themselves and all holders of bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond documents. Initial Bar Date Order, ¶ 5(a).

8. The Oversight Board incorporates by reference in its recitation of the relevant background paragraphs 11–62 of its Fiscal Agent Claim Objection.

**II. The Claims**

9. Claimants each filed a proof of claim against the Commonwealth, seeking recovery on behalf of its ERS Bonds. Substantially all of the claims alleged therein are likewise alleged in the Fiscal Agent claim, described in paragraphs 63–64 of the Fiscal Agent Claim Objection.

**RELIEF REQUESTED**

10. By this Objection, the Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, disallowing the Claims.

**BASIS FOR RELIEF**[4, 5]

---

[4] All capitalized terms not defined herein shall have the meaning ascribed to them in the Fiscal Agent Claim Objection.

[5] The Claimants appear to each have filed the same rider in their Claims as in their claims filed against the ERS. These riders include claims against both the Commonwealth and ERS. For the avoidance of doubt, all claims against ERS filed in the Claims should be disallowed for being filed against incorrect debtor.

3

**I.     The Claims are Duplicative of the Fiscal Agent Claim.**

11.     As described above, the Initial Bar Date Order allowed the Fiscal Agent to file a master proof of claim on behalf of all holders of ERS bonds. *Supra* ¶ 7. While that order did not prohibit individual bondholders from filing claims, no claimant should receive an unwarranted double recovery by recovering on account of the Fiscal Agent Claim and the individual bondholder claim. Claimants will not be prejudiced by the disallowance of the Claim because the Claims are subsumed by the Fiscal Agent claim. Accordingly, the Claims should be disallowed as duplicative of the Fiscal Agent Claim.

**II.    The Claims Fail as a Matter of Law.**

12.     The Oversight Board incorporates by reference paragraphs 66–144 of its Fiscal Agent Claim Objection, which respond to claims made by Claimants which are duplicative of claims made in the Fiscal Agent claim. As described therein, all claims made by the Fiscal Agent against the Commonwealth should be disallowed.

13.     Claimants also allege that the Post-Petition Legislation resulted in a taking under the Puerto Rico Constitution and the Fifth Amendment of the U.S. Constitution (the "Taking") as it diminished the value of the collateral securing the Bonds thereby decreasing the value of the Bonds held by them. In this Objection, the Oversight Board supplements the Fiscal Agent Claim Objection as to why the "Taking" claims made by Claimants should be disallowed. Specifically, Claimants are confusing a "Taking" with an impairment of a contractual obligation. Claimants had no property interests in the Commonwealth's laws. They did not and could not own the laws. Rather, they had hopes the laws would remain unchanged, notwithstanding the warnings in the Official Statement (at 23) that the laws could be changed adversely to them. Outside bankruptcy, creditors can make claims for unconstitutional impairments of their contractual obligations and depending on the circumstances, the claims might cause the reinstatement of the legislation they

4

lost, or other remedies. But, in bankruptcy, contractual obligations are necessarily impaired and Claimants do not improve their positions with impairment arguments. That is why Claimants would like to morph their impairment claims into secured claims, but Claimants allege no valid basis to do so. Claimants have failed to adequately allege they hold any "Taking" claim against the Commonwealth for many reasons. To begin with, there is no allegation that Claimants purchased their ERS Bonds prior to the Post-Petition Legislation (which Claimants allege "took" their property), and, if any Claimant purchased their ERS Bonds subsequent the Post-Petition Legislation, there is no allegation such "Takings" claim was assigned to each Claimant. *See, e.g.*, *Cheatham I.R.A. v. Huntington Natl. Bank*, 2019 WL 3948892, at *1 (Ohio, Aug. 22, 2019) (absent a valid assignment of a right to bring a cause of action, the sale of a municipal bond does not automatically vest in the purchaser all causes of action the seller had the right to bring relating to the bond); *City of Los Angeles v. Ricards*, 515 P.2d 585, 587 (Cal. 1973) (noting "long established principle[] of condemnation law" that, absent assignment, the right to recover on account of a government's act that results in depreciation in value of the property "remains in the person who owned the property at the time of the taking or damaging, regardless of whether the property is subsequently transferred to another person").

14. Even if the alleged Taking claims are held by Claimants, the Taking claims are invalid as explained above. Moreover, Claimants have not adequately alleged the value of the ERS Bonds decreased as a result of the alleged "Taking" resulting from the Post-Petition Legislation, but that would be fruitless because there is no Taking in the first place.

15. Here, Claimants must show that the activities of the Commonwealth in implementing the Post-Petition Legislation caused a decrease in the value of the ERS Bonds.

5

Having failed to allege a decrease in the value of the ERS Bonds as a result of Commonwealth actions, Claimants' Taking claims must fail.

## NOTICE

16. The Debtor has provided notice of this Objection to: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) Claimants; (c) counsel to certain ad hoc groups of holders of bonds issued by ERS; (d) the statutory committees appointed in these Title III Cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (g) the Puerto Rico Department of Justice; and (h) all parties filing a notice of appearance in these Title III Cases. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtor respectfully requests the Court to enter an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the Objection and disallowing the Claims, and (b) granting the Debtor such other relief as is just and proper.

| | |
|---|---|
| Dated: January 6, 2020<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Brian S. Rosen*<br><br>Martin J. Bienenstock<br>Brian S. Rosen<br>Jeffrey W. Levitan<br>(Admitted *Pro Hac Vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial*<br>*Oversight and Management Board*<br>*as representative for the Debtors*<br><br>*/s/ Luis F. del Valle*<br>Luis F. del Valle-Emmanuelli USDC-PR No. 209514<br>P.O. Box 79897<br>Carolina, Puerto Rico 00984-9897<br>Tel. 787.977.1932<br>Fax.787.722.1932<br>dvelawoffices@gmail.com<br><br>OF COUNSEL FOR<br>A&S LEGAL STUDIO, PSC<br>434 Avenida Hostos San Juan, PR 00918<br>Tel: (787) 751-6764/ 763-0565<br>Fax: (787) 763-8260<br><br>*Attorneys for the Financial Oversight and*<br>*Management Board for Puerto Rico, as*<br>*representative of the*<br>*Commonwealth of Puerto Rico* |

7

**Exhibit A**

**Proposed Order**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

-----------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**ORDER GRANTING ONE HUNDRED AND FIFTY-THIRD OMNIBUS
OBJECTION OF FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD, PURSUANT TO BANKRUPTCY CODE SECTION
502 AND BANKRUPTCY RULE 3007, TO PROOFS OF CLAIM
AGAINST THE COMMONWEALTH BY THE PUERTO RICO FUNDS CLAIMANTS**

Upon the *One Hundred and Fifty-Third Omnibus Objection Of Financial Oversight And Management Board, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Proofs of Claim Filed Or Asserted Against The Commonwealth By The Puerto Rico Funds Claimants* (the "Objection");[2] and the Court having found it has subject matter jurisdiction over

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Objection.

this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Objection is in the best interests of the Debtors, their creditors, and other parties in interest, it is **HEREBY ORDERED THAT**:

1. The relief requested in the Objection is GRANTED.

2. All Claims set forth in Schedule 1 (attached hereto) are disallowed in their entirety.

3. Prime Clerk is authorized and directed to delete the claims listed on Schedule 1 to the Objection from the official claims register in the Commonwealth's Title III case.

4. The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

5. This Order resolves docket entry no. [____].

SO ORDERED.

Dated: _____, 2020
San Juan, Puerto Rico

_____
LAURA TAYLOR SWAIN
United States District Judge

**Schedule 1**

## One Hundred and Fifty-Third Omnibus Objection
### Exhibit A - Bondholder No Liability

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 1 | PUERTO RICO AAA PORTFOLIO BOND FUND II, INC.<br>C/O WHITE & CASE LLP<br>ATTN: JOHN K. CUNNINGHAM, ROBBIE T. BOONE JR<br>SOUTHEAST FINANCIAL CENTER<br>200 SOUTH BISCAYNE BLVD, SUITE 4900<br>MIAMI, FL 33131<br><br>Reason: See Objection | 5/25/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 23328 | $ 5,000,000.00* |
| 2 | PUERTO RICO AAA PORTFOLIO BOND FUND, INC.<br>WHITE & CASE LLP<br>ATTN: JOHN K. CUNNINGHAM & ROBBIE T. BOONE, JR.<br>SOUTHEAST FINANCIAL CENTER<br>200 SOUTH BISCAYNE BLVD, SUITE 4900<br>MIAMI, FL 33131<br><br>Reason: See Objection | 5/25/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 22606 | Undetermined* |
| 3 | PUERTO RICO AAA PORTFOLIO TARGET MATURITY FUND, INC.<br>ATTN: GENERAL COUNSEL<br>250 MUÑOZ RIVERA AVENUE, 10TH FLOOR<br>SAN JUAN, PR 00918<br><br>Reason: See Objection | 5/25/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 23526 | Undetermined* |
| 4 | PUERTO RICO FIXED INCOME FUND II, INC.<br>ATTN: GENERAL COUNSEL<br>250 MUNOZ RIVERA AVENUE, 10TH FLOOR<br>SAN JUAN, PR 00918<br><br>Reason: See Objection | 5/24/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 21144 | Undetermined* |
| 5 | PUERTO RICO FIXED INCOME FUND III, INC.<br>WHITE & CASE LLP<br>ATTN: JOHN K. CUNNINGHAM AND ROBBIE T. BOONE, JR.<br>SOUTHEAST FINANCIAL CENTER<br>200 SOUTH BISCAYNE BLVD, SUITE 4900<br>MIAMI, FL 33131<br><br>Reason: See Objection | 5/24/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 21213 | Undetermined* |
| 6 | PUERTO RICO FIXED INCOME FUND IV, INC.<br>WHITE & CASE LLP<br>ATTN: JOHN K. CUNNINGHAM AND ROBBIE T. BOONE, JR.<br>SOUTHEAST FINANCIAL CENTER<br>200 SOUTH BISCAYNE BLVD, SUITE 4900<br>MIAMI, FL 33131<br><br>Reason: See Objection | 5/24/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 21280 | Undetermined* |

## One Hundred and Fifty-Third Omnibus Objection
### Exhibit A - Bondholder No Liability

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 7 | PUERTO RICO FIXED INCOME FUND V, INC.<br>WHITE & CASE LLP<br>ATTN: JOHN K. CUNNINGHAM AND ROBBIE T. BOONE, JR.<br>SOUTHEAST FINANCIAL CENTER<br>200 SOUTH BISCAYNE BLVD, SUITE 4900<br>MIAMI, FL 33131<br><br>Reason: See Objection | 5/25/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 22196 | Undetermined* |
| 8 | PUERTO RICO FIXED INCOME FUND, INC.<br>WHITE & CASE LLP<br>ATTN: JOHN K. CUNNINGHAM AND ROBBIE T. BOONE, JR.<br>SOUTHEAST FINANCIAL CENTER<br>200 SOUTH BISCAYNE BLVD, SUITE 4900<br>MIAMI, FL 33131<br><br>Reason: See Objection | 5/25/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 25445 | Undetermined* |
| 9 | PUERTO RICO GNMA & US GOVERNMENT TARGET MATURITY FUND, INC.<br>ATTN: GENERAL COUNSEL<br>250 MUNOZ RIVERA AVENUE<br>SAN JUAN, PR 00918<br><br>Reason: See Objection | 5/25/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 28680 | Undetermined* |
| 10 | PUERTO RICO INVESTORS BOND FUND I<br>WHITE & CASE LLP<br>ATTN: JOHN K. CUNNINGHAM & ROBBIE T. BOONE, JR.<br>SOUTHEAST FINANCIAL CENTER<br>200 SOUTH BISCAYNE BLVD, SUITE 4900<br>MIAMI, FL 33131<br><br>Reason: See Objection | 6/1/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 33786 | Undetermined* |
| 11 | PUERTO RICO INVESTORS TAX-FREE FUND III, INC.<br>WHITE & CASE LLP<br>ATTN: JOHN K. CUNNINGHAM & ROBBIE T. BOONE, JR.<br>SOUTHEAST FINANCIAL CENTER<br>200 SOUTH BISCAYNE BLVD, SUITE 4900<br>MIAMI, FL 33131<br><br>Reason: See Objection | 6/1/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 33796 | Undetermined* |

One Hundred and Fifty-Third Omnibus Objection
Exhibit A - Bondholder No Liability

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 12 | PUERTO RICO INVESTORS TAX-FREE FUND INC. II<br>WHITE & CASE LLP<br>ATTN: JOHN K. CUNNINGHAM & ROBBIE T. BOONE, JR.<br>SOUTHEAST FINANCIAL CENTER<br>200 SOUTH BISCAYNE BLVD, SUITE 4900<br>MIAMI, FL 33131<br><br>Reason: See Objection | 6/1/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 33671 | Undetermined* |
| 13 | PUERTO RICO INVESTORS TAX-FREE FUND IV, INC<br>WHITE & CASE LLP<br>ATTN: JOHN K. CUNNINGHAM & ROBBIE T. BOONE, JR.<br>SOUTHEAST FINANCIAL CENTER<br>200 SOUTH BISCAYNE BLVD, SUITE 4900<br>MIAMI, FL 33131<br><br>Reason: See Objection | 6/1/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 34863 | Undetermined* |
| 14 | PUERTO RICO INVESTORS TAX-FREE FUND VI, INC.<br>WHITE & CASE LLP<br>ATTN: JOHN K. CUNNINGHAM & ROBBIE T. BOONE, JR.<br>SOUTHEAST FINANCIAL CENTER<br>200 SOUTH BISCAYNE BLVD, SUITE 4900<br>MIAMI, FL 33131<br><br>Reason: See Objection | 5/31/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 32845 | Undetermined* |
| 15 | PUERTO RICO INVESTORS TAX-FREE FUND, INC<br>WHITE & CASE LLP<br>ATTN: JOHN K. CUNNINGHAM, ROBBIE T. BOONE, JR.<br>200 SOUTH BISCAYNE BLVD.<br>SUITE 4900<br>MIAMI, FL 33131<br><br>Reason: See Objection | 5/31/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 33603 | Undetermined* |
| 16 | PUERTO RICO INVESTORS TAX-FREE V, INC.<br>WHITE & CASE LLP<br>ATTN: JOHN K. CUNNINGHAM & ROBBIE T. BOONE, JR.<br>SOUTHEAST FINANCIAL CENTER<br>200 SOUTH BISCAYNE BLVD, SUITE 4900<br>MIAMI, FL 33131<br><br>Reason: See Objection | 5/31/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 33713 | Undetermined* |

One Hundred and Fifty-Third Omnibus Objection
Exhibit A - Bondholder No Liability

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 17 | PUERTO RICO MORTGAGE-BACKED & U.S. GOVERNMENT SECURITIES FUND, INC.<br>WHITE & CASE LLP<br>JOHN K. CUNNINGHAM AND ROBBIE T. BOONE, JR.<br>SOUTHEAST FINANCIAL CENTER<br>200 SOUTH BISCAYNE BLVD, SUITE 4900<br>MIAMI, FL 33131<br><br>Reason: See Objection | 5/25/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 39177 | Undetermined* |
| 18 | TAX-FREE PUERTO RICO FUND II, INC.<br>ATTN: GENERAL COUNSEL<br>250 MUÑOZ RIVERA AVENUE, 10TH FLOOR<br>SAN JUAN, PR 00918<br><br>Reason: See Objection | 5/24/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 21069 | Undetermined* |
| 19 | TAX-FREE PUERTO RICO FUND, INC.<br>WHITE & CASE LLP<br>ATTN: JOHN K. CUNNINGHAM & ROBBIE T. BOONE, JR.<br>SOUTHEAST FINANCIAL CENTER<br>200 SOUTH BISCAYNE BLVD., SUITE 4900<br>MIAMI, FL 33131<br><br>Reason: See Objection | 5/24/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 21199 | Undetermined* |
| 20 | TAX-FREE PUERTO RICO TARGET MATURITY FUND, INC.<br>ATTN: GENERAL COUNSEL<br>250 MUÑOZ RIVERA AVENUE<br>SAN JUAN, PR 00918<br><br>Reason: See Objection | 5/24/2018 | 17 BK 03283-LTS | Commonwealth of Puerto Rico | 21309 | $ 52,100,000.00* |
| | | | | | TOTAL | $ 57,100,000.00* |