# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) X | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF THE COMMONWEALTH OF<br>PUERTO RICO,<br><br>    Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | PROMESA<br>Title III<br><br>Case No. 3:17-cv-01685 (LTS)<br>Case No. 3:17-bk-03566 (LTS) |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of | )<br>)<br>)<br>)<br>)<br>)<br>) | Adv. Proc. No. 19-00366 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK- 4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | ) ) ) ) |
| and | ) ) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), | ) ) ) ) |
| as section 926 trustee of | ) ) |
| THE COMMONWEALTH OF PUERTO RICO | ) ) |
| Plaintiffs,[2] | ) ) |
| against | ) ) |
| ANDALUSIAN GLOBAL DESIGNATED ACTIVITY COMPANY; THE BANK OF NEW YORK MELLON; MASON CAPITAL MASTER FUND LP; OCHER ROSE, L.L.C.; SV CREDIT, L.P.; CROWN MANAGED ACCOUNTS FOR AND ON BEHALF OF CROWN/PW SP; LMA SPC FOR AND ON BEHALF OF MAP 98 SEGREGATED PORTFOLIO; OCEANA MASTER FUND LTD.; PENTWATER MERGER ARBITRAGE MASTER FUND LTD.; AND PWCM MASTER FUND LTD, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | ) ) ) ) |
| as representative of | ) ) |
| EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | ) ) ) ) |
| and | ) ) |

Adv. Proc. No. 19-00367 (LTS)

---

[2] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

2

| | |
|---|---|
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), | ) ) ) ) |
| as section 926 trustee of | ) ) |
| THE COMMONWEALTH OF PUERTO RICO | ) ) |
| Plaintiffs,[3] | ) ) ) |
| against | ) ) |
| GLENDON OPPORTUNITIES FUND, L.P.; OAKTREE-FORREST MULTI-STRATEGY, LLC (SERIES B); OAKTREE OPPORTUNITIES FUND IX, L.P.; OAKTREE OPPORTUNITIES FUND IX (PARALLEL 2), L.P.; OAKTREE VALUE OPPORTUNITIES FUND, L.P.; PUERTO RICO AAA PORTFOLIO BOND FUND, INC.; PUERTO RICO AAA PORTFOLIO BOND FUND II, INC.; PUERTO RICO AAA PORTFOLIO TARGET MATURITY FUND, INC.; PUERTO RICO FIXED INCOME FUND, INC.; PUERTO RICO FIXED INCOME FUND II, INC.; PUERTO RICO FIXED INCOME FUND III, INC.; PUERTO RICO FIXED INCOME FUND IV, INC.; PUERTO RICO FIXED INCOME FUND V, INC.; PUERTO RICO GNMA & U.S. GOVERNMENT TARGET MATURITY FUND, INC.; PUERTO RICO INVESTORS BOND FUND I; PUERTO RICO INVESTORS TAX-FREE FUND, INC.; PUERTO RICO INVESTORS TAX-FREE FUND II, INC.; PUERTO RICO INVESTORS TAX-FREE FUND III, INC.; PUERTO RICO INVESTORS TAX-FREE FUND IV, INC.; PUERTO RICO INVESTORS TAX-FREE FUND V, INC.; PUERTO RICO INVESTORS TAX-FREE FUND VI, INC.; PUERTO RICO MORTGAGE-BACKED & U.S. GOVERNMENT SECURITIES FUND, INC.; TAX-FREE PUERTO RICO FUND, INC.; TAX-FREE PUERTO RICO FUND II, INC.; TAX-FREE PUERTO RICO TARGET MATURITY FUND, INC.; UBS IRA SELECT GROWTH & INCOME PUERTO RICO FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

---

[3] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

3

|  | ) |
| Defendants. | ) |
|  | ) |
|  | ) |
| ------------------------------------------------------------------- X |  |

## NOTICE OF RULE 30(b)(6) DEPOSITION
## OF THE EMPLOYEES RETIREMENT SYSTEM OF THE
## GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 26 and 30(b)(6), made applicable to this proceeding by 48 U.S.C. § 2170 and Federal Rules of Bankruptcy Procedure 7026 and 7030(b)(6), the defendants, by and through their counsel, will take the deposition upon oral examination of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS").

**PLEASE TAKE FURTHER NOTICE THAT** the deposition will take place on January 14, 2020, at 9:30 a.m. at the offices of Delgado & Fernández, LLC, or at such other date, time, or location as the parties may agree or as may be ordered by the Court. Testimony will be recorded by video tape and stenographer before an officer duly authorized by law to take testimony and administer oaths and will continue from day to day until completed.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Fed. R. Civ. P. 30(b)(6) and Fed. R. Bankr. P. 7030(b)(6), ERS is required to designate and produce one or more officers, directors, managing agents, or other persons who consent to testify on its behalf with respect to the matters set forth in Schedule A. The person(s) so designated shall be required to testify as to each of those matters known or reasonably available to ERS.

In San Juan, Puerto Rico, today December 18, 2019.

/s/ *Alfredo Fernández-Martínez*  
Alfredo Fernández-Martínez  
DELGADO & FERNÁNDEZ, LLC  
PO Box 11750  
Fernández Juncos Station  
San Juan, Puerto Rico 00910-1750  
Tel. (787) 274-1414  
Fax: (787) 764-8241  
afernandez@delgadofernandez.com  
USDC-PR 210511

Geoffrey S. Stewart (*pro hac vice*)  
Matthew E. Papez (*pro hac vice*)  
Sparkle L. Sooknanan (*pro hac vice*)  
JONES DAY  
51 Louisiana Ave. N.W.  
Washington, DC 20001  
Tel. (202) 879-3435  
Fax: (202) 626-1700  
gstewart@jonesday.com  
mpapez@jonesday.com  
ssooknanan@jonesday.com

/s/ *Geoffrey S. Stewart*  
Bruce Bennett (*pro hac vice*)  
JONES DAY  
555 South Flower Street  
Fiftieth Floor  
Los Angeles, CA 90071  
Tel. (213) 489-3939  
Fax: (213) 243-2539  
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)  
JONES DAY  
250 Vesey Street  
New York, New York  
10281 Tel. (212) 326-3939  
Fax: (212) 755-7306  
brosenblum@jonesday.com

David R. Fox (*pro hac vice*)  
JONES DAY  
100 High St  
Boston, MA 02110  
Tel. (617) 449-6925  
Fax: (617) 960-3939  
drfox@jonesday.com

*Counsel for ERS Bondholders Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund Holdings, L.P., Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., and SV Credit, L.P.*

## SCHEDULE A

## DEPOSITION TOPICS

1. ERS's policies and procedures governing:

    a. ERS's determination of whether incoming funds it received after January 24, 2008 were Pledged Property.

    b. Which accounts any of the following items would be deposited into upon receipt, and any subsequent transfer of those items into a different account: (i) Contributions; (ii) Remitted Funds, (iii) Employee Loan Payments received after January 24, 2008.

    c. ERS's identification of funds (including the determination of source and amounts) to be transmitted to the Fiscal Agent.

    d. ERS identification of funds (including the determination of source and amounts) to be used for funding Employee Loans after January 24, 2008.

    e. ERS's separation and/or commingling of: (i) Contributions; (ii) Remitted Funds, (iii) Employee Loan Payments received after January 24, 2008, or (iv) any of the proceeds of the foregoing; from or with other funds or property.

    f. The investment of Contributions, Remitted Funds, Employee Loan Payments received after January 24, 2008, or any proceeds thereof.

    g. The investment of commingled funds, where some portion of the commingled funds included Contributions, Remitted Funds, Employee Loan Payments received after January 24, 2008, or proceeds thereof;

    h. The separation or commingling of funds received from different sources or pursuant to different obligations;

    i. Notifications to or communication with ERS Bondholders regarding the transfer, commingling, or disposition of Contributions, Remitted Funds, Employee Loan Payments received after January 24, 2008, or proceeds thereof.

2. ERS's Accounts, including:

    a. The names, numbers, locations, and uses of each Account belonging to ERS, containing funds belonging to ERS, or within ERS's control; and

    b. ERS's recordkeeping systems regarding each of the Accounts described in Topic 2.a.

3. Contributions, including:

    a. Which Employer made each Contribution;

    b. When each Contribution was made;

    c. Which Account each Contribution was deposited into, and to the extent each Contribution was later transferred out of that Account, all subsequent transfers of each Contribution;

    d. All investments or other property acquired with Contributions;

    e. All efforts undertaken by ERS to ensure that Employer Contributions were not comingled with funds that were not Employer Contributions;

    f. All investments or other property acquired with funds comingled with Employer Contributions received after January 24, 2008.

    g. All efforts undertaken by ERS to ensure that contributions made pursuant to Act 3-2103 were not comingled with funds that were not contributed pursuant to Act 3-2103;

    h. All investments or other property acquired with funds comingled with contributions made pursuant to Act 3-2103.

    i. All efforts undertaken by ERS to ensure that AUCs were not comingled with funds that were not AUCs;

    j. All investments or other property acquired with funds comingled with AUCs.

4. The Remitted Funds, including:

    a. The Accounts into which Remitted Funds were deposited, and subsequent transfers of the Remitted Funds;

    b. The source of any funds other than Remitted Funds that were in Accounts identified in Topic 4.a;

    c. All efforts undertaken by ERS to ensure that Remitted Funds were not comingled with funds that were not Remitted Funds;

    d. Any investments or other property acquired with Remitted Funds; and

    e. Any investments or other property acquired with funds that were comingled with Remitted Funds.

5. All Employee Loans that were originated, and all Employee Loan Payments that were received, after January 24, 2008, including:

    a. The source of the funds used to make each Employee Loan and the Account(s) from which such funds were drawn;

    b. The principal balance outstanding on each Employee Loan;

    c. The Employee Loan to which each Employee Loan Payment relates;

    d. The payer who paid each Employee Loan Payment;

    e. The Account into which each Employee Loan Payment was deposited, and to the extent any Employee Loan Payment was later transferred out of that Account, any subsequent transfers of the Employee Loan Payment;

    f. Whether the Account(s) into which Employee Loan Payments were deposited contained any funds that were not Employee Loan Payments (and if so, the source of those other funds);

    g. All efforts undertaken by ERS to ensure that Employee Loan Payments were not comingled with funds that were not Employee Loan Payments;

    h. All investments or other property acquired with Employee Loan Payments; and

    i. All investments or other property acquired with funds comingled with Employee Loan Payments.

6. ERS's Deposit Accounts that, at any time since January 24, 2008, held any: (i) Employer Contributions received after January 24, 2008; (ii) contributions received pursuant to Act 3-2013; (iii) AUCs; (iv) Remitted Funds; (v) funds used to make Employee Loans that were originated after January 24, 2008; (vi) Employee Loan Payments that were received after January 24, 2008; or (vii) proceeds of the items described in 5(i)-5(vi), including:

    a. The locations of the Deposit Accounts, and the identity of persons or entities who own, possess, or otherwise control them;

    b. Any and all liens or other security interests Concerning them; and

    c. All transfers of funds into or out of each Deposit Account.

7. ERS's efforts to provide notice to the ERS Bondholders of:

    a. The disposition of the items described in Topic 6(i)-6(vii), including any property acquired with those items or any transfers of any of those items from the Accounts in which they were initially deposited into some other Account; and

    b. Whether any of the items described in Topic 6(i)-6(vii) were commingled with each other or with other funds that were not the items described in Topic 6(i)-6(vii).

**DEFINITIONS**

As used herein, the following terms shall have the stated meanings:

1. "Account" means a right to payment of a monetary obligation, including any demand, time, savings, passbook, or similar account maintained with a bank or other institution.

2. "Additional Uniform Contribution" has the meaning ascribed to it in the Adversary Complaints.

3. "Adversary Complaints" mean the complaints filed in Adversary Proceedings Nos. 19-00366 and 19-00367.

4. "Contribution" means each of: Employer Contributions received after January 24, 2008, Additional Uniform Contributions, and contributions received pursuant to Act 3-2103.

5. "Deposit Accounts" has the meaning ascribed to it in the Adversary Complaints.

6. "Employee Loans" means personal and mortgage loans the ERS was authorized to, and did, make to employee participants and retirees pursuant to 3 L.P.R.A. § 779.

7. "Employee Loan Payments" mean the payments of principal, interest, or fees made by or on behalf of borrowers with respect to Employee Loans, or the proceeds of such payments.

8. "Employer Contribution" has the meaning ascribed to it in the Adversary Complaints.

9. "ERS" means the Employees Retirement System of the Government of the Commonwealth of Puerto Rico and any person advising, representing, or acting for or on behalf of ERS.

10. "ERS Bond Resolution" means the Pension Funding Bond Resolution adopted by ERS on or about January 24, 2008.

11. "Fiscal Agent" has the meaning ascribed to it in the ERS Bond Resolution.

12. "Individual" means as any natural person.

13. "Person" has the same definition set forth in SDNY LR 26.3(c)(6).

14. "Remitted Funds" means funds remitted to ERS by the Fiscal Agent.