# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

| | | |
|---|---|---|
| In re: | ) ) ) | PROMESA |
| | ) | Title III |
| THE FINANCIAL OVERSIGHT AND | ) | |
| MANAGEMENT BOARD FOR PUERTO RICO | ) | Case No. 3:17-bk-03566 (LTS) |
| | ) | |
| as representative of | ) ) | |
| | ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF | ) | |
| THE GOVERNMENT OF THE | ) | |
| COMMONWEALTH OF PUERTO RICO, | ) | |
| | ) | |
| Debtor. | ) | |

---

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE THAT, pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, JONES DAY will cause the enclosed subpoena to be served upon the Puerto Rico Fiscal Agency & Financial Advisory Authority ("AAFAF") in the form appended hereto, for a deposition on the topics described in Exhibit A. AAFAF is instructed to designate a representative to appear to speak on the requested topics at 9:30 AM AST on January 15, 2020, at the offices of Delgado & Fernandez, LLC Professional Office Park II, 1001 San Roberto Street, Monacillos Ward, San Juan, 00927, Puerto Rico, or at another mutually agreeable location.

Dated: Washington, DC
December 18, 2019

**JONES DAY**

/s/ *Geoffrey S. Stewart*
Geoffrey S. Stewart (*pro hac vice*)
Matthew E. Papez (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W. Washington, DC 20001
Tel. (202) 879-3435
Fax: (202) 626-1700
gstewart@jonesday.com
mpapez@jonesday.com
ssooknanan@jonesday.com

*Attorneys for Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund Holdings, L.P., Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., Redwood Master Fund, Ltd., and SV Credit, L.P.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

| | | |
|---|---|---|
| In re: | ) | PROMESA |
| | ) | Title III |
| THE FINANCIAL OVERSIGHT AND | ) | |
| MANAGEMENT BOARD FOR PUERTO RICO | ) | Case No. 3:17-bk-03566 (LTS) |
| as representative of | ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | ) | |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

I, Geoffrey S. Stewart, partner at JONES DAY, hereby certify that, on December 18, 2019, a copy of the Notice of Subpoena (directed to the Puerto Rico Fiscal Agency & Financial Advisory Authority) was served on all parties and counsel of record by e-mail.

Dated: Washington, DC
December 18, 2019

**JONES DAY**

/s/ *Geoffrey S. Stewart*
Geoffrey S. Stewart (*pro hac vice*)
Matthew E. Papez (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W. Washington, DC 20001
Tel. (202) 879-3435
Fax: (202) 626-1700
gstewart@jonesday.com
mpapez@jonesday.com
ssooknanan@jonesday.com
*Attorneys for Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and*

*on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund Holdings, L.P., Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., Redwood Master Fund, Ltd., and SV Credit, L.P.*

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Puerto Rico

| | |
|---|---|
| In re: Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, et al., and as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, Debtors. <br> *Plaintiff* <br> v. <br> *Defendant* | Civil Action No.   17-bk-3283; 17-bk-3566 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:           Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF)

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Exhibit A.

| Place: DELGADO & FERNÁNDEZ, LLC <br> 1001 San Roberto Street, Moncillos Ward <br> San Juan, Puerto Rico | Date and Time: <br> 01/15/2020 9:30 am |
|---|---|

The deposition will be recorded by this method:   Videotape and stenographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/18/19

            *CLERK OF COURT*                                            OR      [signature]

_____                                           _____
  *Signature of Clerk or Deputy Clerk*                                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Parties identified in Exhibit B
_____, who issues or requests this subpoena, are:
Geoffrey S. Stewart, 51 Louisiana Ave NW, Washington DC 20001, gstewart@jonesday.com, (202) 879-5445

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEPOSITION TOPICS

1. ERS's Borrowing authority under the ERS Enabling Act as it existed in 2008.

2. All actions, inquiries, and investigations undertaken by You to determine the validity and legality of the ERS Bond Issuance, and the existence of any defect in the ERS Bond Issuance, at any time, including but not limited to: (a) the subject of the action, inquiry, or investigation; (b) all Individuals involved in the action, inquiry, or investigation; (c) the reasons for the action, inquiry, or investigation; and (d) the findings and results of the action, inquiry, or investigation.

3. All actions, inquiries, and investigations undertaken by You to determine the accuracy of assertions in the ERS Bond Resolution, the Official Statements, all attachments to the Official Statements, and all opinions of counsel offered in connection with the ERS Bond issuance, at any time, including but not limited to: (a) the subject of the action, inquiry, or investigation; (b) all Individuals involved in the action, inquiry, or investigation; (c) the reasons for the action, inquiry, or investigation; and (d) the findings and results of the action, inquiry, or investigation.

4. Statements by anyone made on or before August 1, 2008 questioning ERS's authority to undertake the ERS Bond Issuance.

5. Any and all alternative financing structures that ERS or You considered in connection with the ERS Bond Issuance.

6. The role of the Underwriters in the ERS Bond Issuance.

7. If You have reached such a determination, Your determination that the ERS Bond Issuance was *ultra vires*, including but not limited to: (a) the Individuals who contributed to that determination, (b) when that determination was made, (c) the factual evidence and legal

reasoning behind that determination, (d) materials relied upon in making that determination, and (e) any materials generated in connection with the making of that determination.

## DEFINITIONS

As used herein, the following terms shall have the stated meanings:

1. "Borrowing" means any structure by which a borrower receives funds in exchange for a promise to repay them, including but not limited to obtaining a loan and selling bonds or other debt securities.

2. "ERS" means the Employees Retirement System of the Government of the Commonwealth of Puerto Rico and any person advising, representing, or acting for or on behalf of ERS.

3. "ERS Bond Resolution" means the Pension Funding Bond Resolution adopted by the ERS on or about January 24, 2008, as amended or supplemented by Supplemental Resolutions.

4. "ERS Bonds" means the debt issued by the ERS in 2008 pursuant to the ERS Bond Resolution.

5. "ERS Bond Issuance" means the issuance of each series of ERS Bonds.

6. "ERS Enabling Act" means Act 446-1951, as amended.

7. "Individual" means as any natural person.

8. "Underwriters" means the underwriters for the ERS Bond Issuance.

9. "Official Statements" refers to the official statements issued in connection with each series of ERS Bonds.

10. "You" means the recipient of this subpoena.

**EXHIBIT B**

Altair Global Credit Opportunities Fund (A), LLC
Andalusian Global Designated Activity Company
Crown Managed Accounts for and on behalf of Crown/PW SP
Glendon Opportunities Fund, L.P.
LMA SPC for and on behalf of Map 98 Segregated Portfolio
Mason Capital Master Fund LP
Oaktree-Forrest Multi-Strategy, LLC (Series B)
Oaktree Opportunities Fund IX, L.P.
Oaktree Opportunities Fund IX (Parallel), L.P.
Oaktree Opportunities Fund IX (Parallel 2), L.P.
Oaktree Huntington Investment Fund II, L.P.
Oaktree Opportunities Fund X, L.P.
Oaktree Opportunities Fund X (Parallel), L.P.
Oaktree Opportunities Fund X (Parallel 2), L.P.
Oaktree Value Opportunities Fund Holdings, L.P.[1]
Oceana Master Fund Ltd.
Ocher Rose, L.L.C.
Pentwater Merger Arbitrage Master Fund Ltd.
PWCM Master Fund Ltd.
Redwood Master Fund, Ltd.
SV Credit, L.P.

---

[1] Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., and Oaktree Opportunities Fund IX (Parallel 2), L.P. hold through Opps Culebra Holdings, L.P. Oaktree Huntington Investment Fund II, L.P. holds through Oaktree Opportunities Fund X Holdings (Delaware), L.P. Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., and Oaktree Opportunities Fund X (Parallel 2), L.P. hold through Oaktree Opps X Holdco Ltd.