**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-03566 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, | Adv. Proc. No. 19-00356 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK- 4780) (Last Four Digits of Federal Tax ID: 3747).

and         )
)
)
THE OFFICIAL COMMITTEE OF UNSECURED )
CREDITORS OF ALL TITLE III DEBTORS )
(OTHER THAN COFINA), )
)
     as co-trustees of )
)
THE EMPLOYEES RETIREMENT SYSTEM OF THE )
GOVERNMENT OF PUERTO RICO, )
)
     Plaintiff, )
)
v. )
)
DEFENDANT 1M, *et al.*, )
)
     Defendants. )
)
――――――――――――――――――― )
)
THE SPECIAL CLAIMS COMMITTEE OF THE )    Adv. Proc. No. 19-00357 (LTS)
FINANCIAL OVERSIGHT AND MANAGEMENT )
BOARD FOR PUERTO RICO, ACTING BY AND )
THROUGH ITS MEMBERS, )
)
)
     and )
)
THE OFFICIAL COMMITTEE OF UNSECURED )
CREDITORS OF ALL TITLE III DEBTORS )
(OTHER THAN COFINA), )
)
     as co-trustees of )
)
THE EMPLOYEES RETIREMENT SYSTEM OF THE )
GOVERNMENT OF PUERTO RICO, )
)
     Plaintiff, )
)
v. )
)
STOEVER GLASS & CO., *et al.*, )
)
)
)

Defendant.

———————————————————

THE SPECIAL CLAIMS COMMITTEE OF THE
FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO, ACTING BY AND
THROUGH ITS MEMBERS,

 and

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF ALL TITLE III DEBTORS
(OTHER THAN COFINA),

 as co-trustees of

THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF PUERTO RICO,

 Plaintiff,

v.

DEFENDANT 1H-78H,

 Defendants.

———————————————————

THE SPECIAL CLAIMS COMMITTEE OF THE
FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO, ACTING BY AND
THROUGH ITS MEMBERS,

 and

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF ALL TITLE III DEBTORS
(OTHER THAN COFINA),

 as co-trustees of

THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF PUERTO RICO,

Adv. Proc. No. 19-00359 (LTS)

Adv. Proc. No. 19-00361 (LTS)

|  |  |  |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEFENDANT 1G-50G, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ――――――――――――――――― | ) | |
| | ) | |
| THE FINANCIAL OVERSIGHT AND | ) | Adv. Proc. No. 19-00366 (LTS) |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | |
| | ) | |
| as representative of | ) | |
| | ) | |
| EMPLOYEES RETIREMENT SYSTEM OF THE | ) | |
| GOVERNMENT OF THE COMMONWEALTH OF | ) | |
| PUERTO RICO, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE OFFICIAL COMMITTEE OF UNSECURED | ) | |
| CREDITORS OF ALL TITLE III DEBTORS (OTHER | ) | |
| THAN COFINA), | ) | |
| | ) | |
| as section 926 trustee of | ) | |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO | ) | |
| | ) | |
| Plaintiffs,[2] | ) | |
| | ) | |
| against | ) | |
| | ) | |
| ANDALUSIAN GLOBAL DESIGNATED ACTIVITY | ) | |
| COMPANY; THE BANK OF NEW YORK MELLON; | ) | |
| MASON CAPITAL MASTER FUND LP; OCHER | ) | |
| ROSE, L.L.C.; SV CREDIT, L.P.; CROWN MANAGED | ) | |
| ACCOUNTS FOR AND ON BEHALF OF CROWN/PW | ) | |
| SP; LMA SPC FOR AND ON BEHALF OF MAP 98 | ) | |
| SEGREGATED PORTFOLIO; OCEANA MASTER | ) | |
| FUND LTD.; PENTWATER MERGER ARBITRAGE | ) | |
| MASTER FUND LTD.; AND PWCM MASTER FUND | ) | |
| LTD, | ) | |

---

[2] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

Defendants.
)
)
)
)
)

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO,

    and

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF ALL TITLE III DEBTORS (OTHER
THAN COFINA),

    as section 926 trustee of

THE COMMONWEALTH OF PUERTO RICO

    Plaintiffs,[3]

    against

GLENDON OPPORTUNITIES FUND, L.P.;
OAKTREE-FORREST MULTI-STRATEGY, LLC
(SERIES B); OAKTREE OPPORTUNITIES FUND IX,
L.P.; OAKTREE OPPORTUNITIES FUND IX
(PARALLEL 2), L.P.; OAKTREE VALUE
OPPORTUNITIES FUND, L.P.; PUERTO RICO AAA
PORTFOLIO BOND FUND, INC.; PUERTO RICO
AAA PORTFOLIO BOND FUND II, INC.; PUERTO
RICO AAA PORTFOLIO TARGET MATURITY
FUND, INC.; PUERTO RICO FIXED INCOME FUND,
INC.; PUERTO RICO FIXED INCOME FUND II, INC.;
PUERTO RICO FIXED INCOME FUND III, INC.;
PUERTO RICO FIXED INCOME FUND IV, INC.;
PUERTO RICO FIXED INCOME FUND V, INC.;
PUERTO RICO GNMA & U.S. GOVERNMENT
TARGET MATURITY FUND, INC.; PUERTO RICO
INVESTORS BOND FUND I; PUERTO RICO

Adv. Proc. No. 19-00367 (LTS)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

---

[3] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

INVESTORS TAX-FREE FUND, INC.; PUERTO RICO )
INVESTORS TAX-FREE FUND II, INC.; PUERTO     )
RICO INVESTORS TAX-FREE FUND III, INC.;      )
PUERTO RICO INVESTORS TAX-FREE FUND IV,      )
INC.; PUERTO RICO INVESTORS TAX-FREE FUND )
V, INC.; PUERTO RICO INVESTORS TAX-FREE      )
FUND VI, INC.; PUERTO RICO MORTGAGE-         )
BACKED & U.S. GOVERNMENT SECURITIES          )
FUND, INC.; TAX-FREE PUERTO RICO FUND, INC.; )
TAX-FREE PUERTO RICO FUND II, INC.; TAX-      )
FREE PUERTO RICO TARGET MATURITY FUND,       )
INC.; UBS IRA SELECT GROWTH & INCOME         )
PUERTO RICO FUND,

                    Defendants.

-------------------------------------------------------------------- X


## [PROPOSED] STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

This matter having come before the Court by stipulation of the undersigned parties (each

a "Party" and together the "Parties") in the above-captioned PROMESA Title III case for the

entry of a protective order pursuant to Federal Rules of Bankruptcy Procedure 9018, and Federal

Rule of Civil Procedure 26, made applicable to these Actions (as defined in Paragraph 3(a)

below) by Federal Rules of Bankruptcy Procedure 7026, limiting the review, copying,

dissemination and filing of confidential and/or proprietary documents and information to be

produced by any Party and their respective counsel or by any non-party in the course of

discovery in these Actions to the extent set forth below, and setting forth specific procedures to

address the inadvertent production of information protected by privileges, protections, or

immunities; and the Parties, by, between and among their respective counsel, having stipulated

and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1.      This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the Parties agree merit confidential treatment (hereinafter the "**Documents**" or "**Testimony**").

2.      (a)      Any Producing Party may designate Documents it produced, or Testimony given by that Party, in connection with these Actions as "**Confidential**," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

         (b)      Any Party may designate Documents or Testimony produced by a different Party or by a non-party as Confidential if the Party designates such Documents or Testimony in accordance with the terms of this Stipulation.

3.      As used herein:

         (a)      "**Actions**" shall mean the PROMESA Title III cases of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "ERS") (No. 17-BK-3566-LTS) and the Commonwealth of Puerto Rico (No. 17-BK-3283-LTS), and any other litigation arising out of or relating to the Parties' rights and obligations in connection with the pension funding bonds issued by ERS in 2008, including without limitation the adversary proceedings styled as No. 19-00356-LTS, No. 19-00357-LTS, No. 19-00359-LTS, No. 19-00361-LTS, No. 19-366-LTS, and No. 19-367 LTS, and the claim objections filed as ECF Nos. 5580 and 6482 in No. 17-BK-03283-LTS.

         (b)      "**Confidential Information**" shall mean all Documents and Testimony, and all information contained therein, and other information designated as "Confidential," if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, personal information

that is not known to, or has not generally been made available to the public, or other information the disclosure of which would, in the good faith judgment of the Producing Party be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

(c)    "**Producing Party**" shall mean a Party and/or any non-party to these Actions producing Confidential Information to Parties or non-parties in connection with depositions, document production or otherwise, or designating information in accordance with Paragraph 2(b).

(d)    "**Receiving Party**" shall mean a Party and/or any non-party to these Actions receiving Confidential Information in connection with depositions, document production or otherwise.

4.    The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information.  If the Producing Party does not agree to de-designate such document or material, the Receiving Party may move before the Court for an order de-designating those documents or materials.  On such motion, it will be the burden of the Producing Party to maintain its confidential designation.  If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information.  If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5.    Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

3

(a)     personnel of Parties (including but not limited to employees, officers, directors, and members) actually engaged in the prosecution or defense of the Actions or proceedings in the Actions and who have been advised of their obligations hereunder;

(b)     counsel for the Parties and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the prosecution or defense of the Actions or proceedings in the Actions, who are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c)     expert witnesses, financial advisors,  or consultants retained by the Parties or their counsel (collectively, "Consultants") to furnish technical or expert services in connection with the Actions or to give testimony with respect to the subject matter of the Actions; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(d)     the Court and court personnel, if filed in accordance with paragraph 11 hereof;

(e)     an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

(f)     witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof;

(g)     any mediator retained by the parties or appointed by the Court in these Actions and employees of such mediator who are assisting in the conduct of the mediation;

(h)     copy, document management, electronic discovery or imaging, and translation services retained by counsel to assist in the management and duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material upon completion of the service; and

(i)     any other person agreed to by the Producing Party.

6.     Confidential Information may be utilized by the Receiving Party and its counsel only for purposes of the Actions.

7.     Before any disclosure of Confidential Information is made to a Consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party shall obtain the Consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.

8.     All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of seven days after a transcript of said deposition is delivered to counsel for each of the Parties.  At or before the end of such seven-day period, the deposition shall be classified appropriately.  Designations of Confidential Information in deposition transcripts shall be made by the page:line method, and blanket designations of entire deposition transcripts are not permitted.

9.     Should the need arise for any of the Parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

10.   This Stipulation shall not preclude counsel for the Parties from using during any
deposition in these Actions any documents or information which have been designated as
Confidential Information under the terms hereof.  Any deposition witness who is not
employed by or affiliated with any Party and who is given access to Confidential
Information shall, prior thereto, be provided with a copy of the Stipulation and asked to
execute the certificate annexed as Exhibit A.  If, however, the deposition witness refuses
to sign Exhibit A, the witness shall nevertheless be bound by the terms hereof.  The
inquiring attorney shall so instruct the witness, and may then continue to inquire about
the Confidential Information.

11.   A Receiving Party who seeks to file with the Court any documents which have previously
been designated as comprising or containing Confidential Information, and any pleading,
brief or memorandum which reproduces, paraphrases or discloses Confidential
Information, shall in the first instance file each such document with all Confidential
Information redacted and serve the unredacted copy of the filing contemporaneously on
all parties.  Within five business days of filing, the Producing Party may file by Urgent
Motion a motion to seal such Confidential Information.  The material designated
Confidential Information shall not be filed in an unredacted format until the later of
five business days after the filing of the redacted documents or when the Court renders a
decision denying the motion to seal.  In the event the motion to seal is granted, all
documents which have previously been designated by a Producing Party as comprising or
containing Confidential Information that were the subject of such motion to seal, and any
pleading, brief or memorandum which reproduces, paraphrases or discloses such
material, shall be filed pursuant to the Court's procedure for filing documents under seal.
In the event the motion to seal is denied or the Producing Party fails to file any such

motion to seal within five (5) business days of the redacted filing, the Receiving Party shall promptly publicly file the unredacted document.

12. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

13. This Stipulation in no way excuses noncompliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Stipulation and to give the Producing Party an opportunity to protect its confidentiality interests in the court or other tribunal where the subpoena or order issued.

(a) If any Party other than the Producing Party receives a subpoena or other compulsory legal process seeking production or other disclosure of Confidential Information, such Party shall (i) give prompt written notice to the Producing Party that the Confidential Information is sought and enclose a copy of the subpoena or legal process and cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose designated information may be affected; (ii) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation, and such notification shall include a copy of this agreement; and (iii) subject to Paragraph 13(b) hereof, refrain from producing any Confidential Information in response to such subpoena or other compulsory legal process until the earlier of (a) receipt of written notice from the Producing Party that it does not object to the production of the Confidential Information, or (b) resolution of any objection asserted by the Producing Party either by

agreement or final order of the court with jurisdiction over the Producing Party's objection.

(b)     If the Producing Party does not provide written notice that it objects and does not assert a timely objection in the appropriate court before the response to the subpoena or other compulsory legal process is due, then production of the Confidential Information pursuant to subpoena or other compulsory legal process shall not constitute a violation of this Stipulation.  In the event that Confidential Information is produced in response to a subpoena or other compulsory legal process, such Confidential Information shall continue to be treated in the Actions in accordance with its designation as Confidential Information.  The Party receiving such subpoena or other compulsory legal process shall reasonably cooperate with the Producing Party in its efforts to obtain reliable assurance that confidential treatment shall be accorded any Confidential Information compelled by subpoena or other compulsory legal process.

14.     Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its Confidential nature as provided in paragraph 2 may subsequently be designated Confidential by the Producing Party by written notice to the counsel of record for the Receiving Party identifying the document or information as confidential within a reasonable time following the discovery that the document or information has been produced without such designation.

15.     Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

16. The production or disclosure of Confidential Information shall in no way constitute a waiver of any Party's or non-party's right to object to the production or disclosure of any information in these Actions or in any other action.

17. This Stipulation is entered into without prejudice to the right of any Party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Bankruptcy Procedure or other applicable law.

18. Notwithstanding paragraph 3(a) above, Confidential Information shall not include, and this Stipulation shall not be construed to apply to, documents, information, and testimony that: (i) was, is, or becomes publicly available, other than through a breach of this Stipulation; (ii) was, or is, lawfully obtained and may be lawfully disclosed by a Party or non-party independently of the discovery proceedings in this litigation; or (iii) was lawfully possessed by a Party or non-party prior to the execution of this Stipulation and may be lawfully disclosed by such Party or non-party. For purposes of this Stipulation, documents and information produced by a Party or non-party to law enforcement, public or private regulatory agencies, or other governmental authorities shall not be considered publicly available solely because they were produced to law enforcement, public or private regulatory agencies, or other governmental authorities. Nothing contained herein shall be construed to abrogate any confidentiality protection to which a Party or non-party would otherwise be entitled with regard to documents that were previously produced to law enforcement, public or private regulatory agencies, or other governmental authorities.

19. This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in open Court

(unless such exhibits were filed under seal); and (b) that a Party may seek the written

permission of the Producing Party or further order of the Court with respect to dissolution

or modification of any part of the Stipulation. The provisions of this Stipulation shall,

absent prior written consent of the Parties, continue to be binding after the conclusion of

these Actions.

20. This Stipulation shall be binding on the Parties to these Actions and their successors,

parents, subsidiaries, divisions, affiliates, employees, officials, agents, Consultants, and

any persons or organizations over which they have direct control.

21. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be

deemed an admission as to the admissibility in evidence of any facts, documents,

testimony, or other information revealed in the course of discovery.

22. Within sixty days after the final termination of the Actions, all Confidential Information

produced or designated and all reproductions thereof, shall be returned to the Producing

Party or shall be destroyed, at the option of the Receiving Party. In the event that any

Party chooses to destroy physical objects and documents, such Party shall certify in

writing within sixty (60) days of the final termination of this litigation that it has

undertaken its best efforts to destroy such physical objects and documents, and that such

physical objects and documents have been destroyed to the best of its knowledge.

Notwithstanding anything to the contrary, (i) counsel of record for the Parties may retain

one copy of documents that includes Confidential Information constituting work product,

a copy of pleadings, motion papers, discovery responses, deposition transcripts and

deposition and trial exhibits and (ii) the Parties may retain Confidential Information to

the extent necessary to comply with applicable law, regulation or existing internal

compliance policies. This Stipulation shall not be interpreted in a manner that would

violate any applicable cannons of ethics or codes of professional responsibility.  Nothing

in this Stipulation shall prohibit or interfere with the ability of counsel for any Party or

non-party, or of Consultants specially retained for this case, to represent any individual,

corporation, or other entity adverse to any party or its affiliate(s) in connection with any

other matters.

23.   This Stipulation may be changed by further order of this Court, and is without prejudice

to the rights of a Party to move for relief from any of its provisions, or to seek or agree to

different or additional protection for any particular material or information.

24.   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

Confidential Information to any person or in any circumstance not authorized under this

Stipulation, the Receiving Party must immediately (a) notify in writing the Producing

Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized

copies of the protected material, (c) inform the person or persons to whom unauthorized

disclosures were made of all the terms of this agreement, and (d) request that such person

or persons execute Exhibit A hereof.

25.   When a Producing Party gives notice that certain inadvertently produced material,

whether or not designated as Confidential Information, is subject to a claim of privilege

or other protection, the obligations of the Receiving Parties are those set forth in Federal

Rule of Civil Procedure 26(b)(5)(B).

(a)   Promptly upon discovering that any document, testimony, or thing subject to a

claim of privilege or of any other protection or immunity was inadvertently

produced or disclosed, the Producing Party shall notify the Receiving Party in

writing, or orally if on the record at a deposition, hearing, or other proceeding,

requesting that such materials and any copies thereof be returned, sequestered, or

11

destroyed, in compliance with Federal Rule of Civil Procedure 26(b)(5)(B).

Within five (5) business days of the receipt of such notice, each Receiving Party

to whom the materials were inadvertently produced shall use reasonable efforts to

return, sequester, or destroy the specified material (including all copies,

summaries, and derivations thereof) in its possession, custody, or control, and

notify the Producing Party in writing that they have done so; and shall take

reasonable steps to retrieve and sequester or destroy such materials from other

persons, if any, to whom they have been provided, and notify the Producing Party

in writing that they have done so.

(b)     Upon identification of documents pursuant to Paragraph 25(a), the Receiving

Party of such documents shall thereafter refrain from any use whatsoever, in this

case or otherwise, of such document, except as specified in this Stipulation and

Order, unless and until the Court first determines pursuant to Paragraph 25(c) that

the claim of privilege is unfounded.  The Producing Party shall replace any

original production media thus returned, sequestered, or destroyed with new

production media identical to the original, save for the elimination of the

inadvertently produced documents or information.

(c)     Federal Rule of Civil Procedure 26(b)(5)(B), as applied by this Court, shall

govern any inadvertent production of materials (whether or not designated as

Confidential Information) subject to a claim of privilege or of any other protection

or immunity by the Producing Party.  To the extent that a Receiving Party

disputes the Producing Party's claim of privilege or other protection, the

Receiving Party shall notify the Producing Party of its position (the "Dispute

Notification") within seven (7) calendar days of receiving the Producing Party's

notice specified in Paragraph 25(a) above.  Within seven (7) calendar days of

receiving the Dispute Notification, the parties shall meet and confer in an effort to

resolve their disagreement.  If the parties are unable to do so within seven (7)

calendar days of the receipt of the Dispute Notification by the Producing Party,

the Producing Party shall within seven (7) calendar days thereafter submit the

issue to the Court for determination.  Any motion papers submitted to the Court

on this issue may identify generally the nature of the document or information so

as to allow the Court to assess the claim of privilege, but shall not quote or

paraphrase or otherwise reveal the substance of the document or information; and

either party may submit any document(s) in dispute for in camera review.  The

Party purporting to hold the privilege or other protection shall have the burden of

persuasion with respect to the assertion of the claim of privilege or other

protection.  The Producing Party must preserve the disputed material until the

claim is resolved, and the Receiving Party must not use or disclose the disputed

material until the claim is resolved.

26.    Nothing in this Protective Order shall be construed to limit in any way any Party's or

non-party's use of its own Confidential Information, nor shall it affect any Party's or non-

party's subsequent waiver of its own prior designation with respect to its own

Confidential Information.

27.    Any party that has filed a notice of participation pursuant to the Initial Objection

Procedures adopted by the Court (Dkt. 8818-2) or is subsequently allowed by the Court to

substantively participate in the Actions may become a Party to this Stipulation and be

bound by its terms by executing and filing with the Court its agreement to comply with

the terms and conditions of this Stipulation (thereafter, an "Additional Party").  Each

Additional Party submits to the jurisdiction of the Court for purposes of enforcing this Stipulation.  Prior to receiving documents produced under this Stipulation, an Additional Party must notify the Producing Party in writing of its intent to obtain such documents, after which the Producing Party has two (2) business days to object, for good cause only, to the Additional Party's receipt of such documents.  If such objection is made by the Producing Party, the parties will meet and confer promptly, but not more than two (2) business days after the Producing Party objects, in order to resolve the objection.  If the objection is not resolved, the Additional Party may file an urgent motion to compel the production of documents from the Producing Party.  If the motion to compel remains pending three (3) business days prior to the day of any deposition in these Actions, or a hearing or other scheduled deadline in the Actions that affects the rights of the Additional Party, the documents will be made available to counsel of record for the Additional Party, provided that such documents shall not be furnished, shown or disclosed to any other person or entity except to those individuals identified in paragraphs 5(b), (d), (e), (f), (g), (h) and (i) above until the Court rules on the Additional Party's motion to compel. Nothing in paragraph 27 shall prohibit counsel representing the Additional Party who has appeared in the Actions from participating in a deposition, hearing or other proceeding in the Actions.

[*Signatures on Next Page*]

14

Agreed to as of: January 8, 2020

/s/ Alfredo Fernández-Martínez
Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com
USDC-PR 210511

/s/ Geoffrey S. Stewart
Bruce Bennett (*pro hac vice*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Matthew E. Papez (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3435
Fax: (202) 626-1700
gstewart@jonesday.com
mpapez@jonesday.com
ssooknanan@jonesday.com

*Counsel for Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated
Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon
Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason
Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities
Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX
(Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X,
L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2),
L.P., Oaktree Value Opportunities Fund Holdings, L.P., Oceana Master Fund Ltd., Ocher Rose,
L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., Redwood
Master Fund, Ltd., and SV Credit, L.P.*

/s/ Alicia I. Lavergne-Ramírez
José C. Sánchez-Castro
USDC-PR 213312
jsanchez@sanpir.com

Alicia I. Lavergne-Ramírez
USDC-PR 215112
alavergne@sanpir.com

SÁNCHEZ PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
Tel: (787) 522-6776
Fax: (787) 522-6777

/s/ Jesse L. Green
Glenn M. Kurtz (pro hac vice)
John K. Cunningham (pro hac vice)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10036
Tel: (212) 819-8200
Fax: (212) 354-8113
gkurtz@whitecase.com
jcunningham@whitecase.com

Jason N. Zakia (pro hac vice)
Cheryl T. Sloane (pro hac vice)
Jesse L. Green (pro hac vice)
WHITE & CASE LLP
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131
Tel: (305) 371-2700
Fax: (305) 358-5744
jzakia@whitecase.com

*Counsel for Defendants Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico Fixed Income Fund VI, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax- Free Fund II, Inc., Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax- Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., Tax-Free Puerto Rico Target Maturity Fund, Inc., and UBS IRA Select Growth & Income Puerto Rico Fund*

/s/ Albéniz Couret-Fuentes
Albéniz Couret-Fuentes
USDC-PR Bar No. 222207
Email:  acouret@smclawpr.com

SEPULVADO, MALDONADO & COURET
304 Ponce de Léon Ave. – Suite 990
San Juan, PR 00918
Telephone: (787) 765-5656
Facsimile:  (787) 294-0073

/s/ Eric A. Schaffer
Eric A. Schaffer (*Pro Hac Vice*)
Luke A. Sizemore (*Pro Hac Vice*)
REED SMITH LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063
Email:  eschaffer@reedsmith.com
Email:  lsizemore@reedsmith.com

C. Neil Gray (*Pro Hac Vice*)
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450
Email:  cgray@reedsmith.com

*Counsel for The Bank of New York Mellon, as fiscal agent*

| | |
|---|---|
| */s/ Luis F. del Valle-Emmanuelli*<br>Luis F. del Valle-Emmanuelli<br>USDC-PR No. 209514<br>P.O. Box 79897<br>Carolina, PR 00984-9897<br>Tel: (787) 977-1932<br>Fax: (787) 722-1932<br>dvelawoffices@gmail.com<br><br>OF COUNSEL FOR<br>A&S LEGAL STUDIO, PSC<br>434 Avenida Hostos<br>San Juan, PR 00918<br>Tel: (787) 751-6764 / 763-0565<br>Fax: (787) 763-8260<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* | */s/ Margaret A. Dale*<br>PROSKAUER ROSE LLP<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>Jeffrey W. Levitan (*pro hac vice*)<br>Margaret A. Dale (*pro hac vice*)<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative for the Debtors* |

| | |
|---|---|
| */s/ Juan J. Casillas Ayala* | */s/ Luc. A. Despins* |
| CASILLAS, SANTIAGO & TORRES LLC | PAUL HASTINGS LLP |
| Juan J. Casillas Ayala, Esq. | Luc. A. Despins, Esq. (*pro hac vice*) |
| (USDC - PR 218312) | James R. Bliss, Esq. (*pro hac vice*) |
| Israel Fernández Rodríguez, Esq. | James B. Worthington, Esq. (*pro hac vice*) |
| (USDC - PR 225004) | G. Alexander Bongartz, Esq. (*pro hac vice*) |
| Juan C. Nieves González, Esq. | 200 Park Avenue |
| (USDC - PR 231707) | New York, New York 10166 |
| Cristina B. Fernández Niggemann, Esq. | Tel: (212) 318-6000 lucdespins@paulhastings.com |
| (USDC - PR 306008) | jamesbliss@paulhastings.com |
| PO Box 195075 | jamesworthington@paulhastings.com |
| San Juan, Puerto Rico 00919-5075 | alexbongartz@paulhastings.com |
| Tel: (787) 523-3434 | |
| Fax: (787) 523-3433 | *Counsel to the Official Committee of Unsecured* |
| jcasillas@cstlawpr.com | *Creditors* |
| ifernandez@cstlawpr.com | |
| jnieves@cstlawpr.com | */s/ John Arrastia* |
| cfernandez@cstlawpr.com | **GENOVESE JOBLOVE & BATTISTA, P.A.** |
| | John Arrastia, Esq. (*Pro Hac Vice*) |
| *Local Counsel to the Official Committee of* | John H. Genovese, Esq. (*Pro Hac Vice*) |
| *Unsecured Creditors* | Jesus M. Suarez, Esq. (*Pro Hac Vice*) |
| | Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*) |
| | 100 SE 2nd Street, Suite 4400 |
| | Miami, Florida 33131 |
| | Tel: 305-349-2300 |
| | jarrastia@gjb-law.com |
| | jgenovese@gjb-law.com |
| | jsuarez@gjb-law.com |
| | mguitian@gjb-law.com |
| | |
| | *Special Litigation Counsel to the* |
| | *Official Committee of Unsecured Creditors* |

JENNER & BLOCK LLP

By:

*/s/ Robert Gordon*
_____

Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
Landon Raiford (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com
312-222-9350 (telephone)

BENNAZAR, GARCÍA & MILIÁN, C.S.P.

By:

*/s/ A.J. Bennazar-Zequeira*
_____

A.J. Bennazar-Zequeira
Edificio Union Plaza
Office 1701
416 Avenida Ponce de León
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for The Official Committee of Retired
Employees of Puerto Rico*

O'MELVENY & MYERS LLP

By:

*/s/       Peter Friedman*

John J. Rapisardi (pro hac vice)
Suzzanne Uhland (pro hac vice)
Peter Friedman (pro hac vice)
7 Times Square
New York, NY 10036

*Counsel for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*

MARINI PIETRANTONI MUNIZ LLC

By:

*/s/ Luis C. Marini-Biaggi*

Luis C. Marini-Biaggi
USDC No. 222301
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

*Counsel for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*

- 21 -

*/s/ Sunni P. Beville*
BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (Pro Hac Vice)
Sunni P. Beville, Esq. (Pro Hac Vice)
Seven Times Square
New York, NY 10036
Tel.: (212) 209-4800
eweisfelner@brownrudnick.com
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and
Management Board, acting by and through
the members of the Special Claims Committee*

-and-

*/s/ Alberto Estrella*
*/s/ Kenneth C. Suria*
ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and
Management Board, acting by and through
the members of the Special Claims Committee*

- 22 -