## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>The Commonwealth of Puerto Rico, et al.,<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**URGENT MOTION OF LAWFUL CONSTITUTIONAL DEBT COALITION UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 502 AND BANKRUPTCY RULE 3007, FOR ENTRY OF AN ORDER APPROVING NOTICE PROCEDURES WITH RESPECT TO OMNIBUS OBJECTION TO CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN BONDS ISSUED OR GUARANTEED BY THE COMMONWEALTH**

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Lawful Constitutional Debt Coalition (the "LCDC"),[2] hereby submits this urgent

motion (the "Motion") pursuant to sections 105(a) and 502 of Title 11 of the United States Code

(the "Bankruptcy Code"), made applicable to these Title III cases by section 301(a) of the Puerto

Rico Oversight, Management, and Economic Stability Act ("PROMESA")[3] and Rule 3007 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these Title

III cases by section 310 of PROMESA, requesting entry of an order, substantially in the form

attached hereto as **Exhibit A**, approving notice procedures for the *Omnibus Objection of the*

*Lawful Constitutional Debt Coalition, Pursuant to Bankruptcy Code Section 502 and Bankruptcy*

*Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation*

*Bonds*, filed contemporaneously hereto (the "Objection").[4] In support of the Motion, the LCDC

respectfully states as follows:

## JURISDICTION AND STATUTORY PREDICATE

1.     The Court has jurisdiction over this matter pursuant to section 306(a) of

PROMESA. Venue is proper in this district pursuant to section 307(a) of PROMESA.

2.     The statutory bases for the relief requested herein are sections 105(a) and 502 of

the Bankruptcy Code, made applicable to these Title III cases by section 301(a) of PROMESA and

Bankruptcy Rule 2002(m), made applicable to these Title III cases by section 310 of PROMESA.

---

[2] The members of the LCDC and their respective holdings are set forth in the *Third Supplemental Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019* (Dkt. 8639).

[3] Codified at 48 U.S.C. §§ 2101-2241.

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

**BACKGROUND**

### I.      The Oversight Board and Committee's Claim Objections

3.      On January 14, 2019, the Official Committee of Unsecured Creditors (the "UCC")

and the Financial Oversight and Management Board for Puerto Rico (the "FOMB") filed the 2012-

2014 GO Bond Objection.  The Court set out a comprehensive set of procedures in connection

with the 2012-2014 GO Bond Objection when it entered its *Order Establishing Initial Procedures*

*With Respect to the 2012-2014 GO Bond Objection* (Dkt. No. 5143) (the "Procedures Order").

The Procedures Order required holders of 2012-2014 GO Bonds that wished to participate in the

litigation of the 2012-2014 GO Bond Objection to submit a notice of participation by April 16,

2019.

4.      On April 16, 2019 the LCDC filed its *Notice of Participation* (Dkt. No. 6179) and

supporting *Statement of Position* (Dkt. No. 6180), in which it advanced an alternative basis for

objecting to claims based on Late Vintage Bonds.

5.      On May 21, 2019, the UCC filed the 2011 GO Bond Objection.  On July 18, 2019,

the UCC filed the PBA Bond Objection.

### II.      The Interim Order

6.      On July 24, 2019, the Court entered its *Order Regarding Stay Period and*

*Mandatory Mediation* (Dkt. No. 8244) (the "Stay Order"), which stayed, among other things, all

litigation concerning the 2012-2014 GO Bond Objection, the 2011 GO Bond Objection, and the

PBA Bond Objection.  On October 28, 2019, the Court entered its *Order Granting Urgent Joint*

*Motion of Oversight Board and AAFAF for Order Extending (A) Stay Period, (B) Mandatory*

*Mediation, and (C) Certain Deadlines Related Thereto* (Dkt. No. 9016), pursuant to which the stay

provided for in the Stay Order was extended until December 31, 2019.

7.      On November 27, 2019, the Mediation Team filed its *Interim Report and Recommendation of the Mediation Team* (Dkt. No. 9365) (the "Interim Report").  In connection with the Interim Report, the Court entered the *Interim Case Management Order* (Dkt. No. 9619) (the "Interim Order").  Among other things, the Interim Order set forth a schedule for litigating the omnibus claim objections, including permitting parties to bring additional omnibus objections disputing the validity of claims related to general obligation bonds issued by the Commonwealth, bonds guaranteed by the Commonwealth, or bonds issued by the PBA ("Future Claim Objections") provided that such objections were filed by January 8, 2020.  Under the same schedule, motions to dismiss any omnibus claim objection, including any Future Claim Objections, are due on February 5, 2020 for Identified Parties (as that term is defined in the Interim Order), and February 19, 2020 for all other bondholders or interested parties.

8.      The Interim Order also approved the form of notice submitted by the UCC and set forth certain notice requirements that the UCC must follow in connection with its 2011 GO Bond Objection.

### RELIEF REQUESTED

9.      By this Motion, the LCDC seeks the entry of an order authorizing the LCDC to provide notice of the Objection in accordance with the Proposed Order attached hereto as **Exhibit A**,[5] which would allow the LCDC to utilize a substantially similar form of notice to that approved by this Court in its Interim Order with respect to the 2011 GO Claim Objection, and direct the

_____

[5]   The notice procedures set forth in the attached Proposed Order are substantively identical to those set forth in ¶¶ 12-13 & 15 of the Court's Interim Order, concerning the notice procedures relating to the 2011 GO Bond Objection.

LCDC to utilize the same notice mechanisms as provided to the UCC in the Interim Order.  *See* Interim Order ¶¶ 11-13, 15.

10.     Pursuant to Paragraph I.H of the *Tenth Amended Notice, Case Management and Administrative Procedures* (Dkt. No. 8027-1) (the "Case Management Procedures"), the LCDC hereby certifies that it has carefully examined the matter and concluded that there is a true need for an urgent motion; it has not created the urgency through any lack of due diligence; the matter cannot be resolved without the Court's approval; the LCDC has made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court, and no party has informed the LCDC that they intend to oppose the relief requested herein, however certain parties did reserve their rights to object to this Motion.

11.     As noted above, the Interim Order provides that any motions to dismiss the Objection must be filed by February 5 for Identified Parties and February 19 for other interested parties.  Because of these pending deadlines, the LCDC believes it is in the best interests of all parties that approval of the notice of the Objection in accordance with the Proposed Order attached hereto as **Exhibit A** will provide good and adequate and sufficient notice of the Objection to all parties in interest.

**BASIS FOR RELIEF**

12.     Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Bankruptcy Rule 2002(m); *see also* Bankruptcy Rule 9007 ("When notice is to be given under these rules, the court

shall designate, if not otherwise specified herein, the time within which, the entities to whom, and

the form and manner in which the notice shall be given.").

13.     The Court has already established comprehensive notice procedures for certain

other omnibus objections disputing the validity of claims related to general obligation bonds issued

by the Commonwealth, bonds guaranteed by the Commonwealth, or bonds issued by the PBA,

including the 2012-2014 GO Bond Objection, the PBA Bond Objection, and the 2011 GO Bond

Objection.  Most recently, the Court entered the Interim Order, which approved an English and

Spanish form of notice for the 2011 GO Bond Objection that are substantially similar to the

proposed forms attached to the Proposed Order submitted with this Urgent Motion as **Annex A**

and **Annex B**.   Because there is no substantive difference between the LCDC's proposed forms

of notice and the forms of notice already approved by this Court, the LCDC respectfully requests

that the Court extend its approval to the LCDC's proposed forms.

14.     Additionally, the LCDC requests that the Court approve the notice procedures set

forth the Proposed Order.  The Proposed Order contains the following notice procedures, all of

which are constituent with and in accordance with the Interim Order:

- A direction that Prime Clerk shall, within five (5) business days after the entry of
  the Order approving this Motion, serve copies of the English and Spanish notice
  forms upon (a) all individuals and entities who filed proofs of claim that are
  reflected on Prime Clerk's database as "bond claims" against the Commonwealth,
  (b) all individuals and entities who submitted Notices of Participation in accordance
  with the Court's Procedures Order, and (c) all individuals and entities who are
  beneficial holders of the Late Vintage Bonds in the manner described in the
  *Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection
  Notice Upon Beneficial Holders of Challenged GO Bonds*, annexed as Exhibit A to
  the *Informative Motion of (I) Financial Oversight and Management Board, Acting
  Through the Special Claims Committee, and (II) The Official Committee of
  Unsecured Creditors Regarding Service of Objection Notice and Procedures Upon*

6

*Beneficial Holders of Challenged GO Bonds* (Docket Entry No. 5049 in Case No.
17-3283).

- A direction that the LCDC shall cause the publication of the English and Spanish notice forms, in (a) *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico), (b) *Caribbean Business* in English (primary circulation in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d) *The Bond Buyer,* and (e) on the municipal bond website EMMA, within fourteen (14) days (or as promptly as possible) after the entry of the Order approving this Motion.

- A direction that the Oversight Board shall also cause the publication of the English and Spanish notice forms, via Prime Clerk or on its own website.

- A direction that DTC shall give notice to its Participants by posting a copy of said documents to its Legal Notification System in accordance with DTC's Rules and customary procedures within five business (5) days after the entry of the Order approving this Motion.

15. The above notice procedures substantively mirror those laid out by the Court in its Interim Order with respect to the 2011 GO Bond Objection. As the Court has already approved nearly identical procedures for a similar omnibus claim objection, in the interests of efficiency and consistency, the LCDC requests the Court approve the same notices procedures for the LCDC's Objection.

## NOTICE

16. The LCDC has provided notice of this motion in accordance with the Case Management Procedures to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Puerto Rico; (iii) the Oversight Board, (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (v) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; (vi) insurers of bonds issued or guaranteed by the Commonwealth; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Commonwealth; (viii) Cede & Co., as depository for GO Bonds and PBA Bonds; (ix) DTC; (x) the PBA; (xi) U.S. Bank Trust National Association and U.S. Bank

7

National Association, as fiscal agents for the PBA Bonds, and (xii) all parties that have filed a notice of appearance in the above-captioned Title III cases.

17. A copy of the motion is also available on the Debtors' case website at https://cases.primeclerk.com/puertorico/.

18. The LCDC submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PREVIOUS REQUEST

19. No previous request for the relief requested herein has been made to this or any other court.

## CONCLUSION

20. WHEREFORE, the LCDC respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

DATED: January 8, 2020

Respectfully submitted,

REICHARD & ESCALERA

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By : */s/ Rafael Escalera*
    **Rafael Escalera**
    USDC No. 122609
    escalera@reichardescalera.com

    **Sylvia M. Arizmendi**
    USDC-PR 210714
    arizmendis@reichardescalera.com

    **Carlos R. Rivera-Ortiz**
    USDC-PR 303409
    riverac@reichardescalera.com

    255 Ponce de León Avenue
    MCS Plaza, 10th Floor
    San Juan, Puerto Rico 00917-1913

**Susheel Kirpalani** (*pro hac vice*)
susheelkirpalani@quinnemanuel.com

**K. John Shaffer** (*pro hac vice*)
johnshaffer@quinnemanuel.com

**Daniel Salinas**
USDC-PR 224006
danielsalinas@quinnemanuel.com

**Matthew Scheck** (*pro hac vice*)
matthewscheck@quinnemanuel.com

**Eric Kay** (*pro hac vice*)
erickay@quinnemanuel.com

**Zachary Russell** (*pro hac vice*)
zacharyrussell@quinnemanuel.com

51 Madison Avenue, 22nd Floor
New York, New York 10010-1603

*Co-Counsel for the Lawful Constitutional Debt Coalition*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the parties of record.

/s/*Carlos R. Rivera-Ortiz*
USDC-PR 303409