# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.,*

      Debtors.[1]

------------------------------------------------------------------------ x

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OMNIBUS OBJECTION ON CONSTITUTIONAL DEBT LIMIT GROUNDS TO (I) CLAIM OF GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO [CLAIM NUMBER 29485] BASED ON CERTAIN COMMONWEALTH-ISSUED NOTES AND ON COMMONWEALTH GUARANTY OF CERTAIN BOND ISSUED BY PORT OF AMERICAS AUTHORITY, (II) CLAIM OF SCOTIABANK DE PUERTO RICO [CLAIM NUMBER 47658] BASED ON FULL FAITH AND CREDIT NOTE ISSUED BY PUERTO RICO GENERAL SERVICES ADMINISTRATION, AND (III) CLAIMS FILED OR ASSERTED AGAINST COMMONWEALTH BASED ON COMMONWEALTH GUARANTY OF CERTAIN NOTES ISSUED BY PUERTO RICO INFRASTRUCTURE AUTHORITY**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[1] hereby files this objection (the "Miscellaneous Debt Limit Claim Objection") pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these Title III cases by section 301(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these Title III cases by section 310 of PROMESA, requesting entry of an order, substantially in the form attached hereto as **Exhibit A**, disallowing (1) the portion of the proof of claim filed on May 25, 2018 by the Government Development Bank for Puerto Rico (the "GDB"), Claim Number 29485 (the "GDB Proof of Claim"), against the Commonwealth based on (a) certain notes issued by the Commonwealth to GDB (as described more fully below, the "Invalid GDB Notes") and (b) the Commonwealth's full faith and credit guaranty of a certain bond issued by the Port of the Americas Authority (the "PAA") (as described more fully below, the "Invalid PAA Bond Guaranty"),[3] (2) the proof of claim filed on June 13, 2018 by ScotiaBank de Puerto Rico ("ScotiaBank"), Claim Number 47658 (the "ScotiaBank Proof of Claim"), against the Commonwealth based on a certain note issued to ScotiaBank by the Commonwealth's General Services Administration (the "GSA") (as described more fully below, the "Invalid ScotiaBank Note"), and (3) all claims filed or asserted against the Commonwealth based on the Commonwealth's full faith and credit guaranty of certain notes issued by the Puerto

---

[1]   The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[2]   PROMESA has been codified at 48 U.S.C. §§ 2101-2241.

[3]   The Committee previously filed an objection to the entirety of the GDB Proof of Claim, including pursuant to section 502(d) of the Bankruptcy Code [Case No. 17-03283-LTS; Docket No. 8000]. In that objection, the Committee explicitly reserved its right to object to the GDB Proof of Claim on any additional grounds at a later date. In addition, the Committee notes that it is continuing its investigation of claims filed in the Commonwealth's Title III case and reserves the right to object to any such claims on any grounds.

Rico Infrastructure Authority ("<u>PRIFA</u>") (as described more fully below, the "<u>PRIFA Notes</u>" and the "<u>Invalid PRIFA Note Guaranty</u>").[4]  In support of this Miscellaneous Debt Limit Claim Objection, the Committee respectfully states as follows.

## PRELIMINARY STATEMENT

1.     On January 14, 2019, the Committee and the Financial Oversight and Management Board for Puerto Rico, acting through its Special Claims Committee (the "<u>FOMB,</u>" and, together with the Committee, the "<u>Objectors</u>"), filed their *Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds* [Case No. 17-03283-LTS; Docket No. 4784] (the "<u>Omnibus GO Claim Objection</u>"), which challenges the validity of the general obligation ("<u>GO</u>") bonds issued by the Commonwealth in 2012 and 2014 and seeks the disallowance of all claims based on such bonds.

2.     On May 21, 2019, the Committee filed its *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain 2011 Commonwealth General Obligation Bonds* [Case No. 17-03283-LTS; Docket No. 7057], which challenges the validity of certain GO bonds issued by the Commonwealth in 2011 and seeks the disallowance of all claims based on such bonds.

---

[4]     The Committee, as co-plaintiff together with the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico, previously filed an adversary proceeding [Adv. Proc. No. 19-269 (LTS)] which, among other things, seeks a declaration that the Invalid PRIFA Note Guaranty was incurred in violation of Puerto Rico's constitutional debt limit.  Through this Miscellaneous Debt Limit Claim Objection, the Committee reiterates and incorporates by reference its objection to the Invalid PRIFA Note Guaranty to ensure that this objection is included as part of the motion to dismiss briefing contemplated by the *Interim Case Management Order*, dated December 19, 2019 [Case No. 17-03283-LTS; Docket No. 9619].

3.       On July 18, 2019, the Committee filed its *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted Against Commonwealth by Holders of Certain Public Buildings Authority Bonds* [Case No. 17-03283-LTS; Docket No. 8141] (the "PBA Claim Objection"), which challenges the validity of bonds issued by the Puerto Rico Public Buildings Authority in 2011 and 2012 and seeks the disallowance of all claims filed or asserted against the Commonwealth based on such bonds and the Commonwealth's guarantee thereof.

4.       In the PBA Claim Objection, the Committee indicated that it was continuing its investigation of claims filed in the Commonwealth's Title III case and reserved the right to object to any such claims on any grounds.

5.       The Committee is filing this Miscellaneous Debt Limit Claim Objection because (a) the Committee has identified additional claims filed or asserted against the Commonwealth that should be disallowed because they are based on notes or guaranties that were issued in violation of the Debt Service Limit (as defined in the Omnibus GO Claim Objection) and (b) the Committee is compelled to do so at this time pursuant to the *Interim Case Management Order*, dated December 19, 2019 [Case No. 17-03283-LTS; Docket No. 9619].

6.       To the extent possible, and to avoid repetition, this Miscellaneous Debt Limit Claim Objection incorporates by reference paragraphs from the Omnibus GO Claim Objection and the PBA Claim Objection, which, as incorporated, are hereby amended as necessary to refer to the Committee only rather than the Objectors and to refer to the Invalid GDB Notes, the Invalid PAA Bond Guaranty, the Invalid PRIFA Note Guaranty, the Invalid ScotiaBank Note, and the Invalid GO Bonds (as defined in the Omnibus GO Claim Objection) where appropriate.

## BACKGROUND

7.     Paragraphs 12-16 and 39-55 of the Omnibus GO Claim Objection are incorporated by reference.

### I.     GDB Proof of Claim

8.     On May 25, 2018, the GDB filed the GDB Proof of Claim, which asserts claims based on the Invalid GDB Notes and the Invalid PAA Bond (among other claims).  The portion of the GDB Proof of Claim relating to the Invalid GDB Notes and the Invalid PAA Bond was subsequently transferred to the GDB Debt Recovery Authority (the "Recovery Authority") following the effective date of the GDB's Title VI Qualifying Modification.[5]

*a.     Invalid GDB Notes*

9.     The GDB Notes, which represent direct obligations of the Commonwealth backed by a pledge of the Commonwealth's full faith, credit, and taxing power, were issued to the GDB as follows.

10.     On or about July 2, 2012, the Commonwealth issued Public Improvement Refinancing Notes, Series 2012 B-1.[6]  As of June 30, 2016, $63,135,000 in principal remained outstanding under the Series 2012 B-1 notes.[7]

11.     On or about July 2, 2013, the Commonwealth issued Public Improvement Refinancing Notes of 2013, Series B.[8]  As of June 30, 2016, $50,419,093 in principal remained outstanding under the Series B notes.[9]

---

[5]     *See Joint Motion to Clarify Transfer of Claim* [Case No. 17-03283-LTS; Docket No. 5628].  By its *Motion to Inform Transfer of Claim*, dated January 29, 2019 [Case No. 17-03283-LTS; Docket No. 4970], AmeriNational Community Services, LLC, as servicer for the Recovery Authority, informed the Court of its authorization to pursue and enforce the Recovery Authority's rights and remedies in any legal proceeding.

[6]     Addendum to GDB Proof of Claim, Schedule 1, ¶ 1.cc.

[7]     Commonwealth of Puerto Rico Basic Financial Statements and Required Supplementary Information, dated June 30, 2016 (the "Commonwealth 2016 Audited Financial Statements"), Notes to the Basic Financial Statements, at 186.

12.    The Commonwealth issued two other series of Invalid GDB Notes, of which

$34,788,635 and $21,095,309 in principal, respectively, remained outstanding as of June 30,

2016.[10]

        b.    *Invalid PAA Bond Guaranty*

13.    In 2005 and 2006, the PAA issued bonds that were guaranteed by the

Commonwealth through a pledge of its full faith, credit, and taxing power.[11]

14.    On December 31, 2014, these bonds were refinanced into a single,

Commonwealth-guaranteed bond held by the GDB (the "PAA Bond").[12]  Approximately

$225,500,000 in principal remains outstanding under the PAA Bond.[13]

**II.    ScotiaBank Proof of Claim**

15.    On June 13, 2018, ScotiaBank filed the ScotiaBank Proof of Claim, which asserts

claims based on the Invalid ScotiaBank Note.  The ScotiaBank Proof of Claim was subsequently

transferred to The Bank of Nova Scotia.[14]

16.    On December 26, 2013, the GSA, which is an agency of the Commonwealth,

established a $33.3 million non-revolving line of credit with ScotiaBank for the purchase of four

---

[8]    Addendum to GDB Proof of Claim, Schedule 1, ¶ 1.ee.

[9]    Commonwealth 2016 Audited Financial Statements, Notes to the Basic Financial Statements, at 186.

[10]    Commonwealth 2016 Audited Financial Statements, Notes to the Basic Financial Statements, at 186.  While the Addendum to the GDB Proof of Claim is not clear on this point, it appears that one of these series was issued in June 2011, corresponding to the obligation listed at paragraph 1.z. of Schedule 1 to the GDB Proof of Claim Addendum, and that the other series was issued in November 2013 or May 2015, corresponding to either the obligation listed at paragraph 1.ff or the obligation listed at paragraph 1.gg.

[11]    Commonwealth 2016 Audited Financial Statements, Notes to the Basic Financial Statements, at 183-184.

[12]    *See* Addendum to GDB Proof of Claim, Schedule 1, ¶ 3 (referencing the Bond Purchase Agreement and the Guaranty).  *See also* Addendum to GDB Proof of Claim at 1 (listing "Guaranty in respect of Port of the Americas Authority Bond").

[13]    Addendum to GDB Proof of Claim, at 1.

[14]    *See Motion to Inform Transfer of* Claim, dated December 30, 2019 [Case No. 17-3283-LTS; Docket No. 9669].

helicopters for the Puerto Rico Police Department.[15]  The GSA's promise to repay borrowings under the credit line with interest was evidenced by the Invalid ScotiaBank Note.[16]  Like a GO bond, the Invalid ScotiaBank Note was backed by a pledge of the Commonwealth's full faith, credit, and taxing power.[17]

17.      As of June 30, 2016, approximately $23.8 million in principal remained outstanding under the Invalid ScotiaBank Note.[18]

### III.      Invalid PRIFA Note Guaranty

18.      In March 2015, PRIFA issued the PRIFA Notes, which had an original principal amount of $245,955,000 and were guaranteed by the Commonwealth through a pledge of its full faith, credit, and taxing power.[19]

19.      Approximately $75 million in PRIFA Notes principal remains outstanding.[20]

### PROCEDURAL BACKGROUND

20.      On December 19, 2019, the Court entered the *Interim Case Management Order* [Case No. 17-03283-LTS; Docket No. 9619] (the "Interim Case Management Order"), which, among other things, sets forth the schedule for motion to dismiss briefing with respect to objections to GO bond claims and PBA bond claims.  The Interim Case Management Order permits the filing, on or before January 8, 2020, of additional omnibus objections related to GO bonds issued by the Commonwealth, bonds guaranteed by the Commonwealth, or bonds issued

---

[15]      Commonwealth 2016 Audited Financial Statements, Notes to the Basic Financial Statements, at 192.

[16]      ScotiaBank Proof of Claim, Ex. B (December 26, 2013 Credit Agreement between the GSA and ScotiaBank).

[17]      *Id.*  Ex. B at ¶ 8.14.

[18]      Commonwealth 2016 Audited Financial Statements, Notes to the Basic Financial Statements, at 192.

[19]      *See* Addendum to The Bank of New York Mellon Proof of Claim (Claim No. 19814)     5.

[20]      *Id*.     14.

by PBA.  This Miscellaneous Debt Limit Claim Objection is such an additional omnibus

objection.

## JURISDICTION AND STATUTORY PREDICATE

21.     The Court has jurisdiction over this Miscellaneous Debt Limit Claim Objection

pursuant to section 306(a) of PROMESA.  Venue is proper in this district pursuant to section

307(a) of PROMESA.

22.     The statutory predicate for the relief sought herein is section 502 of the

Bankruptcy Code, as incorporated by section 301(a) of PROMESA, and Bankruptcy Rule 3007,

as incorporated by section 310 of PROMESA.

23.     The Committee is a "party in interest" pursuant to section 1109(b) of the

Bankruptcy Code, as incorporated by section 301(a) of PROMESA.  *See In re Fin. Oversight &*

*Mgmt. Bd.*, 297 F. Supp. 3d 261, 264 (D.P.R. 2017) ("Pursuant to 11 U.S.C. § 1109(b), a

provision of the Bankruptcy Code that was expressly incorporated by PROMESA, '[a] party in

interest, including . . . a creditors' committee . . . may raise and may appear and be heard on any

issue in a case under this chapter.'").[21]

## RELIEF REQUESTED

24.     The Committee respectfully requests entry of an order, substantially in the form

attached hereto as **Exhibit A**, (1) disallowing the portion of the GDB Proof of Claim based on

the Invalid GDB Notes and the Invalid PAA Bond Guaranty, (2) disallowing the ScotiaBank

Proof of Claim in its entirety, and (3) disallowing all claims based on the Invalid PRIFA Note

Guaranty.

---

[21]   The Committee also incorporates the discussion of its right to object to the GDB Proof of Claim in the
*Objection of Official Committee of Unsecured Creditors to Claim of Government Development Bank for Puerto
Rico Against Commonwealth of Puerto Rico [Claim Number 29,485]* [Case No. 17-03283-LTS; Docket No.
8000].

**BASIS FOR RELIEF**

25.    All claims based on the Invalid GDB Notes, the Invalid PAA Bond Guaranty, the Invalid ScotiaBank Note, and the Invalid PRIFA Note Guaranty should be disallowed because these notes and guaranties were all issued in violation of the Debt Service Limit (as defined in the Omnibus GO Claim Objection) and, therefore, they are null and void and no remedy is available against the Commonwealth with respect to any of them.

26.    For the reasons set forth in paragraphs 61 and 65-86 of the Omnibus GO Claim Objection, which are incorporated by reference, debt service on the PBA Bonds (as defined in the Omnibus GO Claim Objection) should have been included in the calculation of the Debt Service Limit.  As set forth in paragraph 20 of the PBA Claim Objection, there can be no dispute that, if debt service on the PBA Bonds is included in the calculation, the Debt Service Limit was exceeded with the issuance of the Series 2011 C GO Bonds (as defined in the Omnibus GO Claim Objection) on March 17, 2011 and each issuance of GO and PBA bonds thereafter.  The Debt Service Limit was also exceeded with the issuance of the Invalid GDB Notes and the Invalid ScotiaBank Note.

27.    In addition to prohibiting the issuance of debt obligations in excess of the Debt Service Limit, the Puerto Rico Constitution (Article VI, Section 2) prohibits the Commonwealth from guaranteeing any bonds or notes if the Debt Service Limit has been exceeded.  Accordingly, the Invalid PAA Bond Guaranty and the Invalid PRIFA Note Guaranty were also issued in violation of the Debt Service Limit.

28.    For the reasons set forth in paragraphs 99-128 of the Omnibus GO Claim Objection, which are incorporated by reference except insofar as they refer to the Balanced Budget Clause (as defined therein), no equitable remedy exists with respect to the Invalid GDB

8

Notes, the Invalid PAA Bond Guaranty, the Invalid ScotiaBank Note, or the Invalid PRIFA Note
Guaranty.

**RESERVATION OF RIGHTS**

29.     The Committee reserves its right to object to the GDB Proof of Claim or the
ScotiaBank Proof of Claim on any additional grounds (to the extent they are not disallowed in
their entirety as a result of this Miscellaneous Debt Limit Claim Objection) and to object on any
grounds to any other proofs of claim filed against the Commonwealth.

**CERTIFICATION PURSUANT TO LOCAL BANKRUPTCY RULE 3007-1**

30.     Neither the GDB, the Recovery Authority, nor ScotiaBank is a service member.
At this time, the Committee is unable to determine whether any of the holders of the PRIFA
Notes are in military service.

**NOTICE**

31.     Notice of this Miscellaneous Debt Limit Claim Objection has been provided to
the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the
United States Attorney for the District of Puerto Rico; (iii) the Puerto Rico Fiscal Agency and
Financial Advisory Authority; (iv) the Official Committee of Retirees; (v) the insurers of the
bonds issued or guaranteed by the Debtors; (vi) counsel to certain ad hoc groups of holders of
bonds issued or guaranteed by the Debtors; (vii) the GDB; (viii) AmeriNational Community
Services, LLC, as servicer for the Recovery Authority; (ix) ScotiaBank; (x) The Bank of Nova
Scotia; (xi) The Bank of New York Mellon, as Trustee for the PRIFA Notes; and (xii) all parties
that have filed a notice of appearance in the above-captioned Title III cases.

*[Remainder of page intentionally left blank.]*

9

WHEREFORE, the Committee respectfully requests that the Court enter an order,

substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein

and granting such other and further relief as the Court deems just and proper.

Dated: January 8, 2020

/s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors*

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Luis F. Llach Zúñiga, Esq. (USDC-PR 223112)
Israel Fernández Rodríguez, Esq. (USDC-PR 225004)
Juan C. Nieves González, Esq. (USDC- PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC-PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
lllach@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors*