19 de diciembre de 2019

*Wilda Hernández Crespo* (signature)

**Nombre**- Wilda Hernández Crespo
Seguro Social- REDACTED -8866

**Dirección**:
Ext La Inmaculada
Calle Golondrina F-17
Toa Baja, PR 00949

**Dirección de Correo Electrónico**- dekianmi1@hotmail.com
**Número de teléfono móvil**: (787) 299-8346

**Fecha de Presentación**-   3/27/2018

**Número de Caso**-17 BK- 03566-LTS

**Nombre del Deudor**-Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico

No de Reclamación-**5089**

Radicación de Réplica
Centésima Objeción Global
Anejo A- Defectuosas

**Monto de la reclamación**: $66,000.00

**Título de la Objeción Global:**

*One Hundredth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims Asserting Interests Based on Salary Demands, Employment or Services Provided.*

Promesa
Title III

**Asunto de**: Estado Libre Asociado de Puerto Rico, número de procedimiento 17 BK 3283-LTS

Página 2

**Epígrafe**:

Presento ésta réplica de acuerdo a las instrucciones en la página 4 del Anejo C del documento recibido el 18 de diciembre de 2019 en mi dirección postal.
Trabajo en el Gobierno del Estado Libre Asociado de Puerto Rico desde el 1 de junio del 2001. Comencé en el Departamento de Estado y en el 2008 me trasladé oficialmente al Departamento de Hacienda donde trabajo actualmente.
Desde el año 2003, comencé a cotizar en el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico bajo el Sistema 2000, Programa de Cuentas de Ahorro para el Retiro en la cual nos retirarían compulsoriamente de nuestro salario para cotización de ahorros ya que se había eliminado el sistema de beneficios de pensión. Las cuentas de ahorro se acreditarían con las aportaciones de cada participante del Programa y el beneficio a proveerse a cada participante a su separación del servicio, ya fuese por jubilación o de otra manera, dependería del monto total acumulado en nuestras cuentas de ahorro. El patrono debía deducir y retener de la retribución del participante las aportaciones que disponía la Ley. Bajo ese sistema, nuestros ahorros nos serían entregados en una suma completa al renunciar. El Administrador del Sistema de Retiro acreditaría a las cuentas de ahorro de cada participante las partidas. Al separarse permanentemente del servicio público, el balance en la cuenta de ahorros del participante del Programa nos sería distribuido a cada participante por el Administrador en la forma que la ley disponía que era el pago en suma global del balance en la Cuenta de Ahorro.
Posteriormente supimos que el dinero aportado por concepto de ahorros y que nos pertenece había sido utilizado en pago de pensiones y que no se nos honraría el pago del mismo. El gobierno, a través del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, incumplió el contrato firmado y por los términos ofrecidos, incumplió con la Ley del Sistema 2000 que establecía que tenían que segregar las cuentas y mantenerlas por separado hasta nuestra renuncia o jubilación. He radicado toda la información solicitada desde el primer día que recibimos los documentos sobre este caso en el Tribunal. He recibido estados de información a mi dirección física y he estado bien pendiente de esto.
**Es por lo anterior expuesto que el TRIBUNAL NO debe declarar ha lugar la Objeción Global en relación con mi reclamo y no acepto ésta objeción** y menos por la razón de no someter los datos solicitados ya que nunca recibí solicitud alguna de más información de la sometida. Toda la correspondencia recibida ha sido por correo postal y no a mi correo electrónico, por lo que nunca recibí la solicitud de información que indican no contesté.
**Es de mi supremo interés que se me haga justicia y se me restituya el dinero aportado compulsoriamente y en los términos que firme bajo el sistema de aportaciones de beneficio definido, Sistema 2000.**