UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO          PROMESA

as representative of                       TITLE III

THE COMMONWEALTH OF PUERTO RICO, ET        NO. 17 BK 3283-LTS
AL
              DEBTORS

RESPONSE TO THE NINETY-NINTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF
THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS
ASSERTING INTERESTS BASED ON SALARY DEMANDS, EMPLOYMENT OR SERVICES
PROVIDED (DK 9549)

Comes now, AGUSTIN FIGUEROA PEREZ, and very respectfully states, submits and

requests:

1.  That the claimant Figueroa Perez Agustin filed at 4/26/2018 Claim #8867 against the

Commonwealth of Puerto Rico because of a final judgment on legal action against the Puerto

Rican government.

2.  The department, which is party in the action, is Department of Family - ADFAN.

3.  The name and address of the court where the action was attended was Court of First

Instance, San Juan, case number KPE-2005-0608. The name case is Agosto Maldonado

Nilda v. ELA of Puerto Rico.  The status of the case is concluded by final judgment.

4.   There is an unpaid judgment dated 09/28/2010 and the amount claimed is $4,032.29.

5.  As to the objection claiming for supporting documentation for asserting a claim, please find

attached the claimant's Certificate of Debt as of 05/03/2018 and a copy of the final judgment of

the said court.   We ask that the remedy not be granted.

CERTIFICATE OF SERVICE: I hereby certify that on this same date I electronically
filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send
notification of such filling to counsel for all parties of record.

*S/ Milagros Acevedo Colón*
RUA 8334    USDC-PR 208213
Cond. Colina Real
2000 F. Rincón Ave. Box 1405
San Juan, Puerto Rico 00926
Tel. (787) 422-7622
maclegaljc@gmail.com

CERTIFICATE OF DEBT as of 05/03/2017

Wages owed as per Judicial Final Judgment in First Instance Civil State Court of San Juan, Puerto Rico.

Case #KPE 2005-0008 Nilda Agosto Maldonado vs. ELA et als (Family Department - Secretariado)

Creditor: AGUSTIN FIGUEROA PEREZ  XXX-XX-1710

Principal debt: $0

Pre-petition accrued interest: $4,032.29

Other charges: $0 (Unpaid Employer Retirement Contributions)

Total pre-petition:  $4,032.29

# ANEJO VIII

PAG. 01

ESTADO LIBRE ASOCIADO DE PUERTO RICO **123**
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE SAN JUAN                    680      634

AGOSTO MALDONADO, NILDA A.
-----------------------------------------
            DEMANDANTE
              VS.
E L A DE PR
-----------------------------------------
        DEMANDADO

                                   CASO NUM:  K PE2005-0608
                                      SALON: 0907

                                PROCEDIMIENTOS ESPECIALES
                                INJUNCTION - CLASICO
                                CAUSAL/DELITO

LIC. DIAZ LUGO MANUEL
PO BOX 9020192
SAN JUAN,PR 00902-0192

               N O T I F I C A C I O N

    CERTIFICO QUE EN RELACION CON MOCION SOLIC ENMIENDA A SENTENCIA - EL DIA
27 DE SEPTIEMBRE DE 2010 EL TRIBUNAL DICTO LA ORDEN ---------------- QUE SE
TRANSCRIBE A CONTINUACION:

                      HA LUGAR.  SE EMITE SENTENCIA ENMENDADA
                      "NUN PRO TUNC"

                        FDO.  REBECCA DE LEON RIOS
                              JUEZ

    CERTIFICO  ADEMAS QUE EN EL DIA DE HOY  ENVIE POR CORREO  COPIA DE ESTA
NOTIFICACION A LAS SIGUIENTES PERSONAS A SUS DIRECCIONES INDICADAS, HABIENDO
EN ESTA MISMA FECHA ARCHIVADO EN LOS AUTOS COPIA DE ESTA NOTIFICACION.

GONZALEZ MORALES IVONNE
PO BOX 9021828
SAN JUAN,PR 00902-1828

ACEVEDO COLON MILAGROS
COND COLINA REAL
2000 AVE FELISA RINCON
BOX 1405
SAN JUAN,PR 00926

SAN JUAN, PUERTO RICO, A 28 DE SEPTIEMBRE DE 2010

                      LCDA. REBECCA RIVERA TORRES
                      -----------------------------------------
                                SECRETARIO
            POR: VANESSA NIEVES MORALES
                      -----------------------------------------
                      SECRETARIO AUXILIAR

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| NILDA A. AGOSTO MALDONADO Y OTROS PARTE DEMANDANTE | CIVIL NUM. KPE 2005-0608 (907) |
| V. | SOBRE : |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEPARTAMENTO DE LA FAMILIA Y OTROS PARTE DEMANDADA | SENTENCIA DECLARATORIA; Y RECLAMACIÓN DE SALARIOS |

## SENTENCIA ENMENDADA NUNC PRO TUNC
## PARA CORREGIR NOMBRES EN EL ANEJO

Los demandantes, que se detallan en el anejo de esta Sentencia, que se incorporan por referencia y se hace formar parte integra de ésta, son empleados que ocupan puestos con diferentes clasificaciones y trabajan o han trabajado en el Departamento de la Familia y sus administraciones: Secretariado, ADFAN, ADSEF, ASUME y ACUDEN.

Los empleados demandantes presentaron la demanda de epígrafe el 23 de febrero de 2005. Solicitaron una Sentencia Declaratoria que decretara la nulidad del Memorando General 5-86 de fecha 23 de abril de 1986, emitido por la Oficina Central de Administración de Personal (OCAP), hoy Oficina de Recursos Humanos del Estado Libre Asociado de Puerto Rico (ORHELA), por estar en conflicto con las disposiciones establecidas bajo la Ley de Retribución Uniforme, Ley 89 de 12 de julio de 1979, 3 L.P.R.A. § 760 *et seq.* (derogada) y con el principio de igual paga por igual trabajo garantizado por el Art. II, sección 16 de la Constitución del Estado Libre Asociado de Puerto Rico.

Los demandantes reclaman que sus salarios se afectaron cuando el Departamento de la Familia implantó el salario mínimo federal que entró en vigor el 15 de abril de 1986 y posteriores aumentos, ya que se dejó inoperante la estructura salarial existente y se adoptó un sistema de pago distinto e incompatible con las disposiciones de la Ley de Retribución Uniforme, *supra*. Arguyen que se violó su derecho a recibir una compensación acorde con las funciones que realizan y la jerarquía, niveles de responsabilidad y complejidad de sus respectivos puestos, a tono con el valor de su trabajo dentro del mercado de empleo.

Reclaman que esta situación se repitió cada vez que entraron en vigor nuevos aumentos de salario mínimo. Alegan que esa actuación constituye un acto negligente, temerario, fraudulento y de enriquecimiento injusto, por cuanto los demandados no proveyeron un trato justo, ni equitativo en la fijación de los salarios de los demandantes.

Además, plantean violaciones a la sección 218 de la Ley de Salario Mínimo "Federal Labor Standard Act of 1938", 29 USC 201, *et seq.*, al bajar las normas de trabajo o beneficios más altos existentes en nuestra jurisdicción, a la derogada Ley 5 de 20 de noviembre de 1975, 3 L.P.R.A. § 1338, conocida como Ley de Servicio Público y a la reglamentación de OCAP que imponían a las agencias del ELA la obligación de implantar un programa de reducción de jornada de no contar con los fondos necesarios para implantar el salario mínimo federal.

También reclaman que como resultado de los ajustes ilegales practicados, los demandantes sufrieron el menoscabo de los aumentos legislativos recibidos y de los aumentos por años de servicios.

El 27 de abril de 2005, la parte demandada sometió *Contestación Responsiva a Demanda*. El 20 de julio de 2005, la demanda fue enmendada para incluir nuevos demandantes y reformular alegaciones.



En cumplimiento de Orden dictada por el Tribunal, los demandantes sometieron los hechos sobre los cuales no existe controversia y las estipulaciones de las partes adoptadas en el caso de *Carmen Socorro Cruz Hernández y otros v. Departamento de la Familia*, civil número KAC1991-0665 del TPI, Sala de San Juan, incluyendo las escalas de retribución adoptadas por el Departamento de la Familia y ORHELA. Además, se sometió para adjudicación la aplicabilidad al caso de autos de lo resuelto por el Tribunal Supremo en *Santiago Declet y otros v. Departamento de la Familia*, 153 D.P.R.208 (2001).

El 27 de enero de 2006, los demandantes solicitaron al Tribunal que dictara Sentencia Sumaria Parcial basando su solicitud en los hechos sobre los cuales no existía controversia.

El 26 de abril de 2006, en atención al hecho de que las partes coinciden en que los reclamos son idénticos a los reclamos de *Carmen Socorro Cruz Hernández y otros v. Departamento de la Familia*, supra, el cual estaba en una etapa adelantada de los procedimientos, mediante *Moción Conjunta Solicitando Paralización Provisional de los*

Case:17-03283-LTS Doc#:9849 Filed:01/13/20 Entered:01/13/20 21:09:44 Desc: Main 637
Document Page 7 of 30

*SENTENCIA ENMEND,*
*K PE 2005-0608*
*PAGINA 3*

683  126

*Procedimientos*, solicitaron la paralización provisional de los procedimientos y acordaron que una vez adviniera final y firme la Sentencia de ese caso (K AC1991-0665), la acatarían como norma para resolver el caso de autos.

El 13 de abril de 2007, la parte demandante mediante *Moción Solicitando Reapertura del Caso y que se Dicte Sentencia Parcial* notificó al Tribunal que se había dictado Sentencia en el caso de *Carmen Socorro Cruz Hernández y otros vs. Departamento de la Familia*, supra, y solicitó la reapertura de los procedimientos.

El 24 de agosto de 2007, las partes sometieron *Moción Conjunta Notificando Estipulaciones de Hechos y de Prueba Documental*. En esa fecha, se le ordenó a la parte demandada determinar, mediante los cómputos correspondientes, la cantidad que se adeuda a cada demandante.

Posteriormente se celebraron múltiples vistas de seguimiento donde se discutieron aspectos procesales del caso y el status de los cómputos sobre los salarios adeudados a cada demandante conforme a las nuevas escalas salariales adoptadas.

Con fecha 11 de marzo de 2010, la representación de los demandantes sometió el Informe Final de los peritos de las partes que es el resultado del consenso sobre las cantidades adeudadas a los demandantes de manera individual.

El 7 de abril de 2010, se concedió al Estado quince (15) días para que se expresara en cuanto a la *Moción Sometiendo Informe de Perito*. El 7 de junio de 2010, aprobamos el informe pericial.

En consideración a lo antes expuesto, acogemos las siguientes estipulaciones de hechos y documentos sometidos por las partes:

## ESTIPULACIONES DE HECHOS

1. Todos los demandantes son empleados de carrera que trabajan o han trabajado como empleados del Departamento de Servicios Sociales, hoy Departamento de la Familia ocupando puestos de secretarias, oficinistas, funcionarios ejecutivos, técnicos de servicios sociales, recaudadores auxiliares, asistentes de servicios sociales, oficiales en contabilidad, etc. Estos puestos fueron asignados anualmente por el Director de la Oficina Central de Administración de Personal, en adelante OCAP, entre los años 1986 a 1996, a las escalas 1 a la 19 del Plan de Retribución de la Administración Central y posteriormente al adoptarse el Plan de Retribución creado por la agencia como Administrador Individual.

2. El 15 de abril de 1986 comenzó a regir en el gobierno de Puerto Rico la Ley de Salario Mínimo Federal que establecía un salario mínimo de $3.35 por hora trabajada.

638

684

127

SENTENCIA ENMENDA
NUNC PRO TUNC
K PE 2005-0608
PAGINA 4

3.  Para el 15 de abril de 1986 existían 39 tipos de escalas salariales. De éstas, las primeras 11 escalas recibían sueldos por debajo del Salario Mínimo Federal.

4.  Que al entrar en vigor el salario mínimo federal, el 15 de abril de 1986, el Departamento de Servicios Sociales, hoy Departamento de la Familia, equiparó el sueldo de los empleados asignados a estas primeras 11 escalas a base de $3.35 por hora, quedando inoperante el Plan de Retribución.

5.  Que al efectuarse el ajuste, todos los empleados que pertenecían a dichas escalas se les pagó uniformemente el mismo salario que recibieron al conserje y el trabajador de acuerdo al salario mínimo federal de $3.35 por hora.

6.  Que posteriormente, el Departamento de Servicios Sociales, hoy Departamento de la Familia, elaboró un Plan de Retribución Uniforme que estableció nuevas escalas salariales, al cual Plan se le dio fecha de vigencia de 1 de abril de 1996. Este plan contiene 33 escalas salariales, en lugar de 39 escalas salariales que existían en 1986. Este plan fue elaborado por el Departamento con la colaboración y consulta de la Oficina Central de la Oficina de Administración de Personal (OCAP).

7.  Que la situación se volvió a producir en los años 1990, 1991, 1992, 1993, 1994 y cada vez que ocurría la implantación de nuevos aumentos en virtud de la Ley de Salario Mínimo Federal. Por lo que mientras se iba aumentando el salario mínimo federal, se continuaron alterando nuevas escalas adicionales. De esa forma, ya para el 1 de abril de 1996, fecha previa a que entrara en vigor el Plan de Retribución del Departamento de Servicios Sociales, hoy Departamento de la Familia, se habían afectado 19 escalas salariales.

8.  En septiembre de 1997, cuando volvió a aumentar el salario mínimo de los empleados en el Departamento, queda inoperante el Plan de Retribución de 1996.

9.  El 1 de abril de 1985, en su función de brindar asesoramiento a las agencias del gobierno, la OCAP emitió el Memorando Especial Núm. 8-85 donde informó a los Secretarios y jefes de agencia la decisión del caso García v. San Antonio Metropolitan Mass. Transit Authority.

"Como consecuencia de esa decisión, a los empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de sus Gobiernos Municipales se les debe pagar el salario mínimo federal y compensar el tiempo extra a razón de tiempo y medio mediante pago en efectivo".



10.  El 18 de abril de 1985, el Director de la OCAP le remitió al entonces gobernador de Puerto Rico, Rafael Hernández Colón, un Memorando sobre el siguiente asunto: "Alternativas de estructuras salariales para proveer aumentos de sueldos a los empleados públicos bajo la Administración Central y cumplir con el mínimo federal".

La comunicación proponía un plan de mejoramiento salarial en cuatro etapas donde se sobrepasaba el salario mínimo federal para el 1988 e incluía como anejo las escalas de sueldos propuestas.

En relación al personal de confianza, la citada comunicación expone: .... "no es necesario tomar acción inmediatamente ya que la escala básica de la estructura de sueldo que se aplica $505 - 657 al presente no tiene clases asignadas. El sueldo más bajo en el Servicio de Confianza es el correspondiente a la clase de chofer que está asignada a la segunda escala: $549 - 714."

11.  El 2 de julio de 1985, la OCAP emitió y circuló entre las agencias, el Memorando General 7-85, para informar a todos los jefes de agencias que la decisión del Hon Tribunal Supremo Federal García v San Antonio Metropolitan Mass Transit Authority, 469 US 528 fue confirmada e incluyó información general sobre la forma de compensar las horas extras.

*SENTENCIA ENMENDADA*
*K PE 2005-0608*
*PAGINA 5*

12. El 5 de septiembre de 1985, la OCAP emitió y circuló el Memorando General Núm. 9-85 dirigido a todos los jefes de agencia sobre "La Interpretación de aspectos relativos a la retribución de los Empleados" que incluyó, en el inciso A, la norma de interpretación del Art. 3 de la Ley Núm. 3 de 30 de junio de 1977.

Mediante esa directriz, se reconoció la intención legislativa, según expuesta al Art. 3 de "ampliar en esa misma proporción las escalas de retribución para los empleados que la reciben".

En lo que atañe a los empleados que no le hicieron efectivo el aumento por estar recibiendo sueldos máximo de la escala, se impartió instrucción a las agencias de "reevaluar los casos en conformidad a esa interpretación".

13. El 17 de septiembre de 1985, la OCAP le remitió al Lcdo. Guillermo Mojica Maldonado, comunicación relativa al efecto presupuestario que tendría la implantación de una nueva estructura salarial para el Servicio de Carrera de la Administración Central con el propósito de cumplir con la implantación del Salario Mínimo Federal.

14. El 14 de octubre de 1985, la OCAP emitió el Memorando Especial Núm. 25-85 dirigido a todos los jefes de agencias conteniendo la ULTIMA JURISPRUDENCIA RELACIONADA CON LA ADMINISTRACIÓN DE PERSONAL. Esta incluyó un resumen de la decisión del Honorable Tribunal Supremo Federal en García v. San Antonio Metropolitan Mass Transit Authority, 469 US. 528. Dicha comunicación informa: "....el salario mínimo federal y el pago por razón de tiempo extra según se reconocen en éstos en la Ley Federal de Normas Razonables del trabajo, son de aplicación para los empleados del Estado Libre Asociado a partir del día 15 de abril de 1985".

15. El 20 de noviembre de 1985, el director de OCAP le remitió al entonces Gobernador de Puerto Rico, un Memorando sobre: "Aumento de sueldo a los Empleados Públicos" donde informa: " Al presente se hace necesario cumplir con el salario mínimo federal al 15 de abril de 1986, lo que posiblemente requiere que se efectúe en una sola etapa:"

16. Del contenido del documento surge que OCAP diseñó una nueva estructura salarial para el servicio de carrera de la Administración Central basada en una escala mínima de $545-736 que cumplía con el salario mínimo federal vigente de $3.35 por hora además consigna: "Esta estructura la implantaríamos ajustando el sueldo actual de los empleados a la cuantía o tipo retributivo inmediato superior en la escala correspondiente en la nueva estructura para reducir su efecto presupuestario."

17. El 26 de marzo de 1986 la OCAP emitió el Memorando General 3-86 donde actualizó a los jefes de agencia la información sobre la aplicación de la Ley de Salario Mínimo remitida referente al caso de García, supra. Además les informó que el FLSA entraría en aplicación en el gobierno el 15 de abril de 1986, ofreciéndole más detalles sobre la aplicabilidad de esa Ley.

18. Que el 15 de abril de 1986 comenzó a regir en el gobierno de Puerto Rico la Ley de Salario Mínimo Federal que establecía un salario mínimo de $3.35 por hora trabajada. En esa fecha, el Departamento equiparó el sueldo de los empleados demandantes según consignado en las Estipulaciones número 3 4 y 5 que anteceden.

19. Luego de esto, el 15 de abril de 1986, se presentó el P. de la C. 493 para proponer una enmienda a los incisos (2) y (3) del Art. 7 de la Ley de Retribución Uniforme, convertido en la Ley Núm. 149 del 18 de julio de 1986. Esta ley tuvo el propósito de dotar a OCAP y su Director con mecanismos de mayor flexibilidad para practicar ajustes y extensiones a las escalas de retribución de la Administración Central y eliminó el requisito de obtener la aprobación previa del Gobernador para efectuar tales transacciones.

*SENTENCIA ENMENDADA   NUNC PRO TUNC*
*K PE 2005-0608*
*PAGINA 6*

640

686   129

20.   El 23 de abril de 1986, mediante el Memorando General 5-86, la OCAP informó a los jefes de agencia la aplicación del salario mínimo de 3.25 hr., efectivo al 15 de abril de 1986 e incluyó una directriz para practicar los ajustes salariales. Referente a los Municipios, les instruyó para que implantaran un plan de reducción de jornada diaria de trabajo si determinaban insuficiencia de fondos para implantar el salario mínimo.

21.   Al emitir esa directriz, OCAP no consultó con el Secretario del Trabajo Federal para verificar si cumplía o no con los requerimientos de la Ley de Salario Mínimo. [Contestación de OCAP a Requerimiento Admisiones en el caso de Carmen Socorro Cruz y otros vs. ELA y otros Civil KAC 91-0665 (505)].

21.   El 30 de junio de 1986, OCAP emitió el Memorando Núm. 3-86 informando la décima Asignación de Clases del Servicio de Carrera de la Administración Central: "Para este año fiscal no se han registrado cambios a las escalas salariales. No obstante, es mandatario que las agencias cumplan con las disposiciones de la Ley de Normas Razonables del Trabajo referente al salario mínimo federal". El Anejo I del Memorando 3-86 incluye una relación de las enmiendas hechas a la anterior asignación de clases durante el transcurso del año asignando clases a escalas superiores.

23.   Respecto a los empleados irregulares, regidos por la Ley 110 del 26 de junio de 1958, según enmendada y no obstante haber reconocido en el Memorando Núm. 3-86, supra, del 23 de abril, la aplicación del salario mínimo de $3.15 hr. , la OCAP emitió con fecha de 22 de agosto de 1986, el Memorando General Núm. 12-86 sobre: "Enmienda a las escalas de Paga para el personal Irregular". En esa nueva escala, el sueldo ancla del Grupo I fue desarrollado a base de un sueldo de $3.00 hr., por lo que está por debajo del salario mínimo federal establecido.

24.   El salario mínimo federal aumentó en Puerto Rico en las fechas y sumas que se indican a continuación:

| | | |
|---|---|---|
| 15 abril de 1986 | a | 3.25 hr. |
| 1 abril de 1990 | a | 3.55 hr. |
| 1 abril de 1991 | a | 3.70 hr. |
| 1 abril de 1992 | a | 3.90 hr. |
| 1 abril de 1993 | a | 4.05 hr. |
| 1 abril de 1994 | a | 4.25 hr. |
| 1 abril de 1996 | a | 4.45 hr. |
| 1 sept. de 1997 | a | 5.15 hr. |
| 1 sept. de 2000 | a | 5.80 hr.[1] |
| 24 julio de 2007 | a | 5.85 hr. |

25.   La norma adoptada por el Departamento para implantar los ajustes salariales al entrar en vigor el salario mínimo y posteriores aumentos, según identificados en el apartado anterior, equiparó el sueldo de los demandantes al salario recibido por el trabajador y el conserje.

26.   A consecuencia de lo anterior, en los años 1990, 1991, 1992, 1993 y 1994, 1997 y hasta el presente, con motivo de la implantación de nuevos aumentos en la Ley de Salario Mínimo Federal y mientras se ha estado aumentando el salario mínimo federal, se continuaron alterando nuevas escalas. De esa forma, ya para el 1 de abril de 1996, fecha previa a que entrara en vigor el Plan de Retribución del Departamento de Servicios Sociales, hoy Departamento de la Familia, se habían afectado 19 escalas salariales.

---

[1] Aumento de salario mínimo de Puerto Rico a $5.80 hora por Ley 320 de septiembre de 2000 efectivo a 1 septiembre de 2000.

Case:17-03283-LTS Doc#:9849 Filed:01/13/20 Entered:01/13/20 21:09:44 Desc:Main

Document Type Page 11 of 30

687  641

SENTENCIA ENMEND
K PE 2005-0608
PAGINA 7

130

27. En el 1991, el Departamento de Servicios Sociales se constituyó en un administrador individual mediante la Orden Ejecutiva Número OE-1991-46, firmada por el entonces Gobernador de Puerto Rico, Rafael Hernández Colón confiriendo al Secretario de ese Departamento facultad para adoptar su propio Plan de Clasificación y Retribución.

28. Mediante el Memorando Especial Núm. 26-93, de 1 de julio de 1993, la OCAP reconoció y afirmó la obligación de los jefes de agencias Administradores Individuales, de atemperar el Plan de Retribución a la legislación federal aplicable al servicio público.

29. El 3 junio de 1994, la OCAP emitió el Memorando Núm. 5-94 dirigido a los Señores Jefes de las Agencias Administradores Individuales del Sistema de Personal sobre: "Asignación de las clases de puestos a las escalas de retribución efectivo al comienzo de cada año fiscal actualización de las estructuras retributivas salario mínimo federal: En lo pertinente lee así:

"Los administradores individuales que aún continúan utilizando los planes que regían para la Administración Central deben tomar conocimiento que por no estar en funcionamiento dicho sector del Sistema de Personal no es procedente efectuar la asignación de las clases a las escalas correspondientes en tales planes. A éstas le reiteramos que es imperativo y prioritario que desarrollen e implanten estos instrumentos de trabajo. (Véase Memorando Especial Núm. 26-93 y Memorando Especial Núm. 13-94 que le cursamos sobre este asunto.)"

30. El Memorando 5-94, supra, lee: "Actualización de las Estructuras Retributivas

El inciso 1 del Artículo 2 de la Ley de Retribución Uniforme establece que es obligación de los Administradores Individuales mantener al día los planes de retribución que adopten para los servicios de carrera y de confianza. Por esta razón, las agencias que tienen aprobados e implantados sus propios planes de clasificación y retribución que tienen vigentes responden a lo dispuesto en la Sección 4.6 del Reglamento de Retribución Uniforme, particularmente en los incisos (2), (3), (5), (6) y (8)."

31. De otra parte, el Memorando 5-94 expresa:

"Algunas agencias no están enviando anualmente la copia correspondiente a nuestra oficina, lo cual es indicativo de que no han puesto en observancia las mencionadas normas legales y reglamentarias".

32. Mientras se mantenía inoperante por los demandados la escala de retribución del Departamento de la Familia, la OCAP continuó la práctica de autorizar la asignación de múltiples clases a escalas superiores.

33. Para el 1994, OCAP redactó dos documentos titulados:

A. "Relación de la clase en el Servicio de Carrera que se han impactado con la aplicación del Salario Mínimo Federal".

B. "Clases reasignadas a Escala de Retribución Superiores desde el primero de abril de 1986 hasta el presente".

34. Así las cosas, en julio de 1996, el Departamento de la Familia adoptó un Plan de Clasificación y Retribución. El apartado III, del Plan dispone:

"Descripción de la estructura de salarios. La estructura salarial adoptada consiste de veintitrés (23) escalas de sueldos. El número de escalas necesarias para cubrir las doscientas diez (210) clases de puestos resultantes del estudio de clasificación,

SENTENCIA ENMENDA
K PE 2005-0608
PAGINA 8

688   642

131

se determinó a base de la agrupación de clases de puestos tomando en consideración los niveles de complejidad o dificultad del trabajo, la magnitud de la responsabilidad y el grado de autoridad, elementos que entre otros, constituyen las demandas de los puestos asignados a cada clase de puestos. También se tomó en consideración las dificultades en reclutamiento y retención existentes en algunas clases de puestos".

"El salario base de la estructura es de setecientos ochenta dólares ($780.00) mensual."

35. Cuando el Departamento practicó la correspondiente asignación de los puestos ocupados por los demandantes a las escalas del 1996, se re-estableció la diferencia salarial existente entre las diferentes categorías de puestos que habían quedado inoperantes desde abril de 1986.

36. En su mensaje ante la 5ta. Sesión Ordinaria de la Décima Segunda Asamblea Legislativa de Puerto Rico, al 24 de enero de 1995, el entonces Gobernador de Puerto Rico expresó:

"La situación del ELA y gobierno de Puerto Rico tuvo una franca recuperación económica. Se instrumentaron dos reforma contributivas, se aprobó legislación para aumentar sustancialmente los salarios de los policías, bomberos, enfermeras, oficiales de custodia, maestros y otros grupos de empleados públicos".

37. El 31 de enero de 1996, el periódico El Nuevo Día publicó que al cierre del presente año fiscal existía un excedente en caja de 300 millones.

38. El 1ro. marzo de 1996 se hizo efectiva una enmienda al Plan de Clasificación de Puestos según propuesto por el Departamento y aprobado por OCAP, para asignar varias clases de puestos a escalas superiores de retribución, quedando vigente el Plan de 1996.

39. Mediante el Memorando Especial #51-96 sobre: "Nuevo Salario Mínimo Federal efectivo el 1ro. de octubre de 1996 y el 1ro. de septiembre de 1997", la Directora de OCAP notificó:

"...que a partir del primero de octubre de 1996, los empleados del gobierno estatal, independientemente de su status o categoría, están cubiertos por el nuevo Salario Mínimo Federal de $4.75 la hora". "A partir del 1ro. de septiembre de 1997 el Salario Mínimo Federal será de $5.15 la hora".

40. En junio de 1997 y mediante el Memorando Núm. 8-97, la OCAP enmendó la Guía de Clasificación de Funciones y Escalas de Paga del Reglamento para el Personal Irregular para conformarlas con el nuevo salario mínimo de $5.15 hr., efectivo al 1 de septiembre de 1997.

41. El 20 de marzo de 1998, el Departamento hizo efectivo su Tercera Asignación de Clases dejando sin cambios la estructura salarial del servicio de carrera que adoptó en el 1996. Con esta, se mantuvo inoperante el Plan de Retribución de referencia, visto el aumento habido en el Salario Mínimo.

42. El 25 de octubre de 1997, el Departamento realizó otra revisión de las asignaciones de clases a escalas superiores y creó nuevas clases, y ha mantenido hasta el presente el Plan de Retribución que adoptó en el 1996, sin cambios, excepto los reasignaciones y cambios antes identificados.

## PRUEBA DOCUMENTAL ESTIPULADA

EXHIBIT 1.   Memorando Núm. 8 – 85 del 1 de abril de 1985 de la OCAP decisión del Tribunal Supremo de Estados Unidos sobre la aplicabilidad de la Ley Federal de Normas Razonables del Trabajo. (2 folios).

SENTENCIA ENMENDA
K PE 2005-0608
PAGINA 9

643
689
132

EXHIBIT 2.  Memorando del 18 de abril de 1985 OCAP sobre la alternativa de estructuras salariales para proveer aumentos de sueldos a los empleados públicos bajo la Administración Central y cumplir con el mínimo federal (3 folios + 4 anejos).

EXHIBIT 3.  Memorando General Núm. 7-85 de 2 de julio de 1985 OCAP sobre disposiciones de pago por horas extras ordinarias trabajadas dispuestas por la Ley Federal de Normas Razonables del Trabajo y su aplicación a los empleados públicos. (4 folios).

EXHIBIT 4.  Núm. 25-85 14 de octubre de 1985 de la OCAP "Ultima Jurisprudencia Relacionada con la Administración de Personal". (7 folios).

EXHIBIT 5.  Memorando 5-86 del 23 de abril de 1986 de la OCAP "Aplicabilidad del Salario Mínimo Federal a los Empleados Públicos". (2 folios + 2 anejos).

EXHIBIT 6.  Memorando Núm. 12-86 del 22 de agosto de 1986 de la OCAP "Enmienda a las Escalas de Pago para el Personal Irregular". (8 folios).

EXHIBIT 7.  Memorando del 20 de noviembre de 1985 de la OCAP suscrito por Guillermo Mujica al Gobernador sobre los aumentos de sueldo a los empleados públicos. (3 folios).

EXHIBIT 8.  Memorando Núm. 3-86 del 30 de junio de 1986 OCAP "Décima Asignación de Clases del Servicio de Carrera de la Administración Central a las Escalas de Sueldo Establecidas la Ley 89". (2 folios + 37 anejos).

EXHIBIT 9.  Memorando Núm. 4-86 de 30 de junio de 1986, "Octava Asignación de Clases de Servicio Confianza a la Administración Central Sobre las Escalas de Sueldo Establecidas". (2 folios + 8 anejos).

EXHIBIT 10.  Carta Normativa Especial Núm. 2-28 de 24 de marzo de 1988 OCAP "Aumento General a los empleados en Virtud Ley Núm. 1 del 9 de febrero de 1988". (6 folios + 2 anejos).

EXHIBIT 11.  Memorando Núm. 7-90 del 3 de abril de 1990 OCAP "Salario Mínimo Federal" (3 folios + 5 anejos).



EXHIBIT 12.  Carta 24 de mayo de 1990 de Angel Linera Escalera como Director Interino OCAP a Hon. Ramón García Santiago, Secretario Hacienda "Estudio Revisión Escalas". (2 folios).

EXHIBIT 13.  Carta Normativa Especial 1-90 de 7 de junio de 1990 "Aumento General a los Empleados Públicos en virtud de la Ley Núm. 7 de 7 de mayo de 1989. (7 folios + 2 anejos).

EXHIBIT 14.  Memorando 2-90 de 30 de junio de 1990 – OCAP "Decimocuarta Asignación de Clase del Servicio de Carrera a la Administración Central a las Escalas de Sueldo establecidos en la Ley 89. (2 folios + 6 anejos).

EXHIBIT 15.  Memorando OCAP Núm. 3-91 de 22 de julio de 1991 décimo quinta asignación de clases del servicio carrera Administración Central a las escalas de sueldo establecidas en la Ley 89. (2 folios + 48 anejos).

EXHIBIT 16.  Carta a secretarios y jefes agencias: "Orden Ejecutiva" de 5 de septiembre de 1991. (3 folios).

EXHIBIT 17.  Memorando Especial Núm. 11-92 OCAP de 1 de abril de 1992 "enmienda a la 15ta Asignación de Clases para el Servicio Carrera de la Administración Central Vigente a partir de 1 de julio de 1991. (1 folio).

SENTENCIA ENMENDA  NUNC PRO TUNC
K PE 2005-0608
PAGINA 10

EXHIBIT 18.   Memorando OCAP Especial Núm. 12-93 de 24 de marzo de 1993 "Aumento en el Salario Mínimo Federal, Ley Pública Núm. 101-157 de 17 de noviembre de 1989. (2 folios).

EXHIBIT 19.   Memorando Especial Núm. 26-93 de 1 de julio de 1993 OCAP sobre preparación de planes de clasificación y retribución. Reglamentación de recursos humanos en el servicio público.

EXHIBIT 20.   Mensaje del Gobernador Rafael Hernández Colón de 24 de enero de 1995. (4 folios).

EXHIBIT 21.   Memorando Especial Núm. 13-94 de OCAP de 15 de abril de 1994 "Contratación de Consultores Privados para los Instrumentos de Trabajo para la Administración de Recursos Humanos". (2 folios).

EXHIBIT 22.   Memorando Núm. 5-94 de 3 de junio de 1994 OCAP asignación de las clases de puestos a las escalas de retribución efectivo al comienzo de cada año fiscal; actualización. (4 folios)

EXHIBIT 23.   Memorando Especial Núm. 17-94 OCAP de 3 de junio de 1994 "Salario Mínimo Federal, aumento efectivo 1 de abril de 1994. (2 folios).

EXHIBIT 24.   Portada periódico El Nuevo Día, mensaje del Gobernador Pedro Roselló "La Situación del Estado" ante la 5ta Sesión Ordinaria de la Décima Asamblea Legislativa de 31 de enero de 1996. (1 folio).

EXHIBIT 25.   Artículo periódico El Nuevo Día sobre escenario favorable para el presupuesto, "Sobrante en Caja" (1 folio).

EXHIBIT 26.   Documentos pertinentes Plan de Clasificación de Puestos y Retribución de Servicios de Carrera efectivo a 1 de marzo de 1996 y aprobado por OCAP 11 de abril de 1996. (30 folios).

EXHIBIT 27.   Carta OCAP 19 de marzo de 1997 a Secretaria Departamento de la Familia. Aprobación a solicitud de enmienda a los planes de clasificación de puesto y retribución del servicio de carrera del Departamento. (2 folios + 9 anejos).

EXHIBIT 28.   Memorando Especial OCAP Núm. 51-96 de 8 de octubre de 1996 "Nuevo Salario Mínimo Federal efectivo el 1 de octubre de 1996 y el 10 de septiembre de 1997". (1 folio + 1 anejo).

EXHIBIT 29.   OCAP Memorando Núm. 8-96 de 9 de junio de 1997 "Enmiendas a la Guía de Clasificación de Funciones y las Escalas de Paga del Reglamento para el Empleo de Personal Irregular". (3 folios).

EXHIBIT 30.   Carta OCAP 20 de noviembre de 1997 a Secretaria Departamento de la Familia sobre algunas enmiendas al plan de clasificación implantado por la agencia efectivo el 1 de marzo de 1996. (2 folios + 12 anejos).

EXHIBIT 31.   Memorando 20 de marzo de 1998 de Luis Marcano, Director de Personal y Recursos Humanos "3ra Asignación de Clases y Estructuras Salariales Servicios de Carrera". (18 folios).

EXHIBIT 32.   Memorando de 3 de diciembre de 1999 Departamento de la Familia, "Extensión Escala Retributiva" efectiva 1 de julio de 1999. (1 folio).

SENTENCIA ENMENDADA NUNC PRO TUNC
K PE 2005-0608
PAGINA 11

691   645

134

De conformidad con las anteriores Estipulaciones de Hechos y Prueba Documental, el Tribunal formula las siguientes:

## CONCLUSIONES DE DERECHO

Mediante la adopción de la Ley de Retribución Uniforme, Ley Núm. 89 del 12 de julio de 1979, 3 L.P.R.A 760 *et seq.* (actualmente derogada por la Ley Núm. 184 de 3 de agosto de 2004), se estableció en Puerto Rico un sistema de retribución con el principio de igual paga por igual trabajo. Este sistema propicia la uniformidad, la equidad y la justicia en la fijación de los sueldos de todos los empleados del servicio público, y persigue la aplicación de mecanismos que propendan y faciliten el reclutamiento y retención de personal mediante la concesión de incentivos adicionales. Para lograr ese objetivo, se le impuso la obligación a las agencias dentro del sistema, de adoptar planes de retribución conforme al reglamento que adoptara la Oficina Central de Administración de Personal (OCAP), para instrumentar esta ley a las normas generales sobre retribución que ésta emita. Art. 2 de la derogada Ley 89.

Para cumplir con los objetivos de la Ley 89, *supra*, en 1984 la OCAP aprobó el Reglamento de Retribución Uniforme. El Reglamento contenía disposiciones aplicables a todo el sistema de personal, lo que incluía a los administradores individuales (Art. 4 del Reglamento) y, algunas que aplican exclusivamente a las agencias bajo la Administración Central (Art. 5 del Reglamento).



En cuanto a la administración de las escalas salariales, se establecía en el Art. 9 de la Ley de Retribución Uniforme las normas relativas a la administración de salarios. De igual forma en la Sec. 4.5 (3) del Reglamento de Retribución Uniforme, se imponía la obligación a la OCAP y a cada Administrador Individual de asignar anualmente todas las clases de puestos de los planes de clasificación a las escalas contenidas en los planes de retribución que estuvieran vigentes, tanto para el servicio de carrera como para el de confianza, efectivo al comienzo de cada año fiscal.

La OCAP (ahora Oficina de Recursos Humanos del Estado Libre Asociado (ORHELA)) y los Administradores Individuales, están obligados a mantener al día los planes de retribución que adopten para los servicios de carrera y de confianza, en cumplimiento de las normas relativas a la administración y el mantenimiento de las estructuras retributivas, según establecido en los incisos 1 y 2 del Art. 2 de la Ley de

692  135

646

Retribución Uniforme y en la sección 4.6, incisos (2), (3), (5), (6) y (8) del Reglamento de

Retribución Uniforme.

En el presente caso, la parte demandante alega que los demandados incumplieron

con los deberes que hemos reseñado y que al hacerlo violaron las escalas salariales de

sus puestos, por lo que no reciben una justa paga por el trabajo realizado.

Como expresáramos previamente, las partes estipularon que lo resuelto en el caso

*Carmen Socorro Cruz Hernández y otros vs. Departamento de la Familia,* KAC1991-

0665, por tratarse de idénticas controversias entre las partes se hiciera extensivo al caso

de epígrafe. En el aludido caso el Tribunal concluyó lo siguiente:

Considerando lo anteriormente expuesto, entendemos que la
selección del Departamento de la Familia de la fórmula de ajuste
recomendado por O.C.A.P. en el Memorando General 5-86, del 23 de
abril de 1986, no está conforme a las disposiciones requeridas por la
Ley de Retribución Uniforme, *supra*, al no mantener actualizada un
sistema de escalas salariales progresivas luego de implementar
enmiendas realizadas al salario mínimo. Luego de un análisis de la
fórmula recomendada por O.C.A.P., puede observarse que su ejecución
resultó en remunerar equitativamente a conserjes, oficinistas (I, II, II y
IV), secretarias (I y II) y asistentes de instituciones sociales, entre otros
puestos asignados dentro de las primeras 11 escalas de la estructura
retributiva entonces vigente. A consecuencia de que la parte
demandada realiza asignaciones de puestos al comienzo de cada año
fiscal, para la fecha de marzo de 1996 los empleados ubicados hasta la
escala 19 también habían sido afectados por el ajuste. En <u>Aulet Lebrón</u>
<u>v. Dpto. de Servicios Sociales</u>, *supra*, a la página 24, señaló el Tribunal
Supremo:



Claro está, las cartas normativas que O.C.A.P. emita en el ejercicio
de sus funciones cuasi legislativas no pueden estar en conflicto con la
ley o con la jurisprudencia vinculante en la materia que intente
reglamentar, pues el poder de reglamentación delegado a la agencia no
la faculta para sustituir el criterio legislativo o judicial plasmado en el

estado de derecho vigente. A.P.I.A.U., Inc. v. Srio. de Hacienda, 100

D.P.R. 173 (1971); Rosario Mercado v. San Juan Racing Assn., 94

D.P.R. 634 (1967); Rivera Maldonado v. Autoridad sobre Hogares, 87

D.P.R. 453 (1963); Ex parte Irizarry, 66 D.P.R. 672 (1946).

Para evitar esto, la Ley de Retribución Uniforme, *supra*, estipula

en su Art. 9, que "[e]fectivo al comienzo de cada año fiscal, el Director

asignará todas las clases de puestos a las escalas contenidas en el

Plan de Retribución adoptado para la Administración Central". 3

L.P.R.A. § 760h. Al no actualizarse anualmente, se dejó inoperante el

sistema de escalas salariales, el cual requiere tomar en consideración la

complejidad de los roles no diestros, administrativos, técnicos,

especializados y de supervisión, para luego retribuir en proporción a la

misma.   Con esto el sistema de retribución ha resultado irracional,

caprichoso o arbitrario para con los demandantes. *Véase*, Aulet Lebrón

v. Dpto. de Servicios Sociales, *supra*, a la pág. 47.  Cabe señalar que al

momento de asignar un tipo de puesto a determinada escala de

retribución, las agencias tomarán en consideración factores como años

de servicios, preparación académica, experiencia o pasos por mérito

concedidos al empleado de dicho puesto.   *Véase*, Reglamento de

Retribución Uniforme, *supra*, a la § 4.6, incisos (2), (3), (5), (6) y (8).  En

adición a esto, la Sec. 4.4 del Reglamento de Retribución dispone que

los planes de retribución que se adopten han de estar en armonía con la

política pública establecida en la Ley de Retribución Uniforme, *supra*,

además de requerir la aplicación de escalas de sueldos uniformes para

aquellas clases de puestos que sean equivalentes manteniendo así una

correlación entre el valor relativo que se asigne a las clases en los

respectivos planes de clasificación y el valor monetario que se asigna a

éstas mediante escalas de sueldos.

El Tribunal Supremo de Puerto Rico ha expresado que la

legislación de salario mínimo y la Ley Federal de Normas de Trabajo, no

impiden que los estados legislen para conceder mayores beneficios.

648
694        137

*Véase*, 29 U.S.C.A. § 218(3) (2006); Vega v. Yiyi Motors, 146 D.P.R. 373, 381-2 (1998); Olazagasti v. Easter Sugar Associates, 79 D.P.R. 93, 106-7 (1956). Por lo tanto, el cumplimiento con el salario mínimo sólo es uno de los requisitos para la observancia de la normativa laboral, que en este caso exigía también la actualización y aplicación de escalas de retribución.

Dado el ordenamiento jurídico esbozado, entendemos le asiste el derecho a los demandantes y se declara Con Lugar la demanda aprobando las escalas salariales marcadas en los Exhibits de la prueba estipulada. A los efectos de resolver las diferencias surgidas entre las partes en cuanto a la forma en que deben realizarse los cómputos de los sueldos adeudados determinando las sumas específicas de cada empleado, se celebrará el 26 de septiembre de 2006 una vista donde se recibirá prueba pericial y documental pertinente.

La parte demandada preparará y radicará en el Tribunal, suministrando copia a la representación legal de los demandantes, las nóminas necesarias para efectuar el pago a los demandantes. Dichas nóminas incluirán: (a) nombres y seguros sociales de los demandantes, (b) total adeudado a cada demandante, (c) cantidad retenida para el pago de retiro de cada demandante y (d) cantidad neta correspondiente a cada demandante. El pago a los demandantes se efectuará durante el año fiscal 2006-7, por lo que la parte demandada deberá consignar en su presupuesto una partida para el pago de la Sentencia aquí dictada.

Las partes, en cumplimiento con la estipulación a la que han llegado, deberán acatar la determinación judicial del caso *Carmen Socorro Cruz Hernández y otros vs. Departamento de la Familia,* supra, y cuya parte dispositiva hemos hecho formar parte de esta Sentencia.

En cuanto a los honorarios de abogado, habida cuenta de que ese asunto en este momento se encuentra pendiente de resolución ante el Tribunal Supremo de Puerto Rico en el caso *Carmen Socorro Cruz Hernández y otros vs. Departamento de la Familia*, CC09-1074, donde se solicita la revisión de la

*SENTENCIA ENMENDADA NUNC PRO TUNC*
*K PE 2005-0608*
*PAGINA 15*

Sentencia de 24 de agosto de 2009 del Tribunal de Apelaciones que determinó revocar la concesión de honorarios de abogado en ese caso, las partes se atendrán a lo que disponga el Tribunal Supremo.

**REGISTRESE Y NOTIFIQUESE.**

En San Juan, Puerto Rico a 16 de septiembre de 2010. Enmendada Nunc Pro Tunc hoy 27 de septiembre de 2010.

*REBECCA DE LEON RIOS*
*JUEZA SUPERIOR*

CERTIFICO:

Lic. Rebecca Rivera Torres
Secretaria Regional

Por:

Secretaria Auxiliar

*SENTENCIA ENMENDADA NUNC PRO TUNC*
*K PE 2005-0608*
*PAGINA 16*

139

## ANEJO

## LISTADO DE DEMANDANTES

| | | | |
|---|---|---|---|
| 1. | ABREU VALENTÍN, CARMEN | 2. | ABRIL LEON, WANDA I. |
| 3. | ACEVEDO ACEVEDO, SANTOS | 4. | ACEVEDO MALDONADO, MINERVA |
| 5. | ACEVEDO OSORIO, ANA N. | 6. | ACEVEDO PAGAN, HECTOR |
| 7. | ACEVEDO ROSARIO, SONIA N. | 8. | ACOSTA RAMOS, MARIA TERESA |
| 9. | ADORNO NAVEDO, ZAIDA P. | 10. | AFANADOR ANDUJAR, ALICE DAISY |
| 11. | AGOSTO DE DIAZ, YADIRA | 12. | AGOSTO DE MALDONADO, LAURA |
| 13. | AGOSTO MALDONADO, NILDA A. | 14. | AGOSTO REYES, RAFAEL |
| 15. | AGOSTO SANTANA, CARMEN M. | 16. | AGRINSONI DELGADO, NORMA I. |
| 17. | AGUAYO ADORNO, ELSA M. | 18. | AGUAYO LOPEZ, MARILYN |
| 19. | AGUIAR QUIÑONEZ, EDITH I. | 20. | AGUILAR CAMERON, NOEMÍ |
| 21. | ALAGO COLON, GRISELLE | 22. | ALAMO GARCIA, WILLIAM |
| 3. | ALAMO, ANA E. | 24. | ALEMAN VELÁSQUEZ, ANASTACIA |
| 25. | ALGARIN ORTIZ, OLGA | 26. | ALICEA GARCIA, MIGDALIA |
| 27. | ALICEA MELENDEZ, DORA | 28. | ALICEA VAZQUEZ, ELBA E. |
| 29. | ALMA ALMA, EFRAIN | 30. | ALVARADO IGLESIAS, CARMEN DEL R., |
| 31. | ALVARADO ORTEGA, IVETTE | 32. | ALVARADO RAMIREZ, RAFAEL |
| 33. | ALVAREZ ALVARADO, NEREIDA | 34. | ALVAREZ BERGANZO, CARMEN M. |
| 35. | ALVAREZ GARCIA, JOAN | 36. | ALVAREZ LUGO, DAMARIS |
| 37. | ALVAREZ MILLAN, LYDIA E. | 38. | AMARO ORTIZ, INES |
| 39. | ANDRADES DIAZ, AIDA L. | 40. | APONTE COLON, DAMARIS |
| 1. | ARCAY GARCIA, MARIA L. | 42. | ARCHILLA DIAZ, EYA |
| 43. | ARRIAGA DOMENECH, HECTOR L. | 44. | ARZUAGA ROSA, NATIVIDAD |
| 45. | ARZUAGA ROSA, PAULA | 46. | AULET LEBRON, ARIEL J. |
| 47. | AVILES HERNANDEZ, IRMA | 48. | AVILES MARIN, ELAINE J. |
| 49. | AVILES PEREZ, MARITZA | 50. | AVILES ROSADO, CARMEN D. |
| 51. | AYALA CARRASQUILLO, MYRNA | 52. | AYALA DE JESUS, NORMA I. |
| 53. | AYALA GARAY, LEONOR | 54. | AYALA RAMOS, LUIS ALFREDO |
| 55. | BADILLO MATOS, CARMEN A. | 56. | BAERGA COLLAZO, IRMA L. |
| 57. | BAERGA RIVERA, NORMA | 58. | BAEZ COTTO, MARIA M. |
| 59. | BAEZ MARRERO, PATRIA N. | 60. | BAEZ OCASIO, NITZA |
| 61. | BAEZ QUIÑONES, AIDA R. | 62. | BARBOSA MARTINEZ, MIRIAN L. |
| 63. | BARBOSA ROMAN, MYRIAM | 64. | BARRETO COSME, DAVID |
| 65. | BAYRON RIVERA, EDWIN C. | 66. | BELLO ROMAN, LUZ S. |
| 67. | BENITEZ RIVERA CYNTHIA | 68. | BENTINEZ ROBLEDO, WALLACE |
| 69. | BERMUDEZ CARRILLO, RUTH I. | 70. | BERRIOS GOMEZ, MARIA C. |
| 71. | BERRIOS NAZARIOS, OLGA | 72. | BETANCOURT ASENCIO, GLADYS |

SENTENCIA ENMENDA    NUNC PRO TUNC
K PE 2005-0608
PAGINA 17

| | |
|---|---|
| 73. BETANCOURT RIVERA, GLENDA LIZ | 74. BETANCOURT RODRÍGUEZ, ROSA E. |
| 75. BIRRIEL URDAZ , NURI I. | 76. BLANCO SOTO, MARIA A. |
| 77. BONILLA CHISTIAN, ZAIDA | 78. BORGOS DIAZ, MYRNA L. |
| 79. BORGOS LEÓN LAURA | 80. BORIA CLEMENTE, SAMUEL |
| 81. BORIA GASTON, CARMEN R. | 82. BOURDONY BAEZ, VICTOR M. |
| 83. BRACERO RABASSA, RAFAEL | 84. BRUNO RIVERA, GLADYS E. |
| 85. BUNKER PEREZ, OSCAR | 86. BURGOS MORALES, BRENDA LIZ |
| 87. BURGOS RIVERA, JUAN JOSE | 88. CABALLERO MAISONET, MYRNA |
| 89. CABAN ACEVEDO, JULIA A. | 90. CABAN ARROYO, HERIBERTO |
| 91. CABEZA HERNANDEZ, ÁNGEL | 92. CABEZUDO PEREZ, IVONNE |
| 93. CABRERA TORRES, SIGNA MAGALY: | 94. CALDERON CARRASQUILLO, CARMEN V. |
| 95. CALDERON CRUZ, CARMEN B. | 96. CALDERON CRUZ, ENRIQUE |
| 97. CALDERON DAVILA, CARLOS | 98. CALDERON ILARRAZA, CARMEN |
| 99. CALO BIRRIEL, MILAGROS | 100. CAMACHO GOMEZ, GLORIMY |
| 101. CAMACHO PEREZ, JUDITH | 102. CAMARERO COLON, JOSE L. |
| 103. CANTRES APONTE, CARMEN S. | 104. CARABALLO ORTIZ, LUIS A. |
| 105. CARDONA MEDINA, WILSON | 106. CARDONA SANTANA., GAMALIER |
| 107. CARDONA SERRANO, ROSA I. | 108. CARRASCO BAQUERO, MARIA L. |
| 109. CARRASQUILLO DIAZ, YOLANDA | 110. CARRASQUILLO MULERO, ROSITA |
| 111. CARRASQUILLO PACHECO, LOYDA G. | 112. CARRASQUILLO ROMAN , SONIA |
| 113. CARRASQUILLO SANTIAGO, CARMEN R. | 114. CARRERO LOPEZ, DAVID |
| 115. CARRILLO FIGUEROA, ELIZABETH | 116. CARRION CASTRO, MARGARITA I. |
| 117. CARRION CEDEÑO, MARGARITA | 118. CARRION SANTIESTEBAN, ARLENE |
| 119. CARTAGENA MERCED, LUZ M. | 120. CASTILLO ROMAN, SYLVIA |
| 121. CASTRO CANALES, MIRTA | 122. CASTRO CARRION, BLANCA I. |
| 123. CASTRO LAGUERRA, ANA VEDA | 124. CASTRO RODRÍGUEZ, ELIZABETH |
| 125. CAY MORALES, MARIA | 126. CEDEÑO ROMERO, EVELYN |
| 127. CENTENO FONTANEZ, ROSA I. | 128. CHEVERE FRAGUADA, ZORAIDA |
| 129. CHEVERE IZQUIERDO, SANDRA | 130. CINTRON DE BORRALI, LILLIAM |
| 131. CINTRON DIAZ, ADELMA DEL C. | 132. CINTRON MORALES, JOSE A. |
| 133. CINTRON RODRÍGUEZ, ANGELITA | 134. CINTRON SANTANA, JARVIS |
| 135. CLAUDIO ROSADO, EDUARDO | 136. COLLAZO GONZALEZ, CARMEN |
| 137. COLON ARROYO, ANA A. | 138. COLON DE OTERO, LETICIA |
| 139. COLON DIAZ, RAFAEL | 140. COLON ORTEGA, CARMEN |
| 141. COLON RAMOS, RAMON L. | 142. COLON RIVERA, ANA M. |
| 143. COLON ROSARIO, MARGARITA | 144. COLON SANTOS, KARITZA |
| 145. COLON TORRES, NEYSHA M. | 146. CONCEPCION LAGUER, MARGARITA |
| 147. CONCEPCION QUIÑONES, JOSEFINA | 148. CONCEPCION RODRIGUEZ, MARIA DEL C |
| 149. CORDERO AVILA, ÁNGEL G. | 150. CORDERO FERNANDEZ, MARIA J. |

SENTENCIA ENMENDA/NUNC PRO TUNC
K PE 2005-0608
PAGINA 18

| | |
|---|---|
| 151. CORDERO PARRILLA, MYRIAM E. | 152. CORREA VILLEGAS, MILAGROS |
| 153. CORTES GARCIA, NELIDA | 154. CORTES RIVERA, CARMEN A. |
| 155. CORUJO CASTRO, CARMEN | 156. COSME ESTRELLA, ELBA N. |
| 157. COSME FIGUEROA, ZORAIDA | 158. COSME ROQUE, BETZAIDA |
| 159. COTTO DE ALVAREZ, WANDA I. | 160. COUVERTIER CRUZ, SANDRA |
| 161. CRESPO CORDERO, ANA E. | 162. CRESPO MALDONADO, ELIZABETH |
| 163. CRISPIN DE JESUS, EVA | 164. CRUZ ACEVEDO, ANA L. |
| 165. CRUZ BARRETO, MIRIAM | 166. CRUZ CASTRO, NORMA |
| 167. CRUZ CONCEPCION, MARIO | 168. CRUZ CRUZ, JUAN |
| 169. CRUZ GONZALEZ, CARMEN | 170. CRUZ GONZALEZ, HILDA C. |
| 171. CRUZ GONZALEZ, TERESITA | 172. CRUZ MARCANO, JUDITH A. |
| 173. CRUZ MATOS, MARIA | 174. CRUZ MELENDEZ, MARIA E. |
| 175. CRUZ RIVERA, MARIA | 176. CRUZ RODRIGUEZ, ROSA |
| 177. CRUZ SERRANO, CARMEN M. | 178. CRUZ SERRANO, MARY BELL |
| 179. CRUZ TOSADO, NANCY | 180. CRUZ WALKER, MARIA A. |
| 181. CRUZADO LEWIS, JESUS M. | 182. CUEVAS GONZALEZ, ROBERT |
| 183. CURET MARCANO, MARIA S. | 184. CHICO AVILEZ, LYDIA |
| 185. DAVILA ALVAREZ, NILDA L. | 186. DAVILA GARCIA, SAUL |
| 187. DAVIS AYALA, EVANGELINA | 188. VIZCARRONDO DE BORIA, NITZA G. |
| 189. DE JESUS FLORES, IRAIDA | 190. DE JESUS FLORES, ONEIDA |
| 191. DE JESUS GONZALEZ, SONIA M. | 192. DE JESUS ORTIZ, AMARILLIS |
| 193. DE LA MATTA MARTINEZ, MELLY | 194. DE LEON OTAÑO, NORMA |
| 195. DELGADO DE RODRIGUEZ, YOLANDA | 196. DELGADO MORALES, ROSA M. |
| 197. DEL VALLE RIVERA, AIDA | 198. DIAZ ROSADO, CARMEN D. |
| 199. DIAZ COLLAZO, MIRZA | 200. DIAZ DAVILA, SARA |
| 201. DIAZ DENIS, SARAHI | 202. DIAZ FORTIS, OSCAR G. |
| 203. DIAZ RAMOS, JOSE G. | 204. DOMINGUEZ DE PEREZ, NELLY |
| 205. ECHEVARRIA GONZALEZ, JOSE | 206. ECHEVARRIA LAUREANO, ELIZABETH |
| 207. ELICIER GOMEZ, MIRIAM | 208. EMMANUELLI SANTIAGO, LAURA E. |
| 209. ESCOBAR BARRETO, CARMEN | 210. ESQUILIN ORTIZ, ELBA A. |
| 211. ESTEVES MASSO, JUAN A. | 212. ESTEVEZ ALVAREZ, CARMEN H. |
| 213. ESTRADA DE PEREZ, HILDA M. | 214. FALU FEBLES, LUIS |
| 215. FALU FEBRES, OLGA IRIS | 216. FARIA ASTOR, IRMA |
| 217. FEBO COLON, LAURA E. | 218. FELICIANO AUGUSTO, CARMEN L. |
| 219. FELICIANO PRATS, ILEANA ESTHER | 220. FELIX CORREA, MILDRED |
| 221. FELIX GARCIA, LAURA T. | 222. FERNANDEZ GOMEZ, MARIA E. |
| 223. FERNANDEZ HERNANDEZ, ISIDRO | 224. FERNANDEZ OTERO, NILSA |
| 225. FERNANDEZ PEREZ, ANA E. | 226. FERNANDEZ RIVERA, RUTH |
| 227. FIGUEROA ALAMEDA, EMMA D. | 228. FIGUEROA AYALA, JOSE A. |

SENTENCIA ENMIENDA *NUNC PRO TUNC*
K PE 2005-0608
PAGINA 19

| | |
|---|---|
| 229. FIGUEROA CRUZ, IRIS M. | 230. FIGUEROA GONZALEZ, ELIZABETH |
| 231. FIGUEROA GONZALEZ, FLORENTINO | 232. FIGUEROA PEREZ, AGUSTIN |
| 233. FIGUEROA RAMOS, LOYDA: | 234. FIGUEROA RODRÍGUEZ, ANA M. |
| 235. FIGUEROA ROSARIO, ANA L. | 236. FIGUEROA SANTANA, JOSE C. |
| 237. FIGUEROA TORRES, ROBERTO | 238. FINES RIVERA, SAUL |
| 239. FLORES GARCIA, FRANCISCO | 240. FONTANET ALGARIN, AIDA |
| 241. FONTANEZ RIVERA, CARMEN S. | 242. FORTY CARRASQUILLO, HEIDY |
| 243. FRANCO LOPEZ, ELBA M. | 244. FREYTES OJEDA, OLGA I. |
| 245. FUENTES BENITEZ, ANA M. | 246. FUENTES CRUZ, INES |
| 247. FUENTES MENDEZ, EDGARDO L. | 248. FUENTES SANTIAGO, MARIA DE LOS A. |
| 249. FUENTES VAZQUEZ, MELITZA | 250. GARCES CASTILLO, EVA M. |
| 251. GARCIA CANALES, CELIA | 252. GARCIA DIAZ, ANA |
| 253. GARCIA GARCIA, GLADYS E. | 254. GARCIA MELENDEZ, GRISSEL M. |
| 255. GARCIA MORALES, CINDY M. | 256. GARCIA ORTIZ, CARMEN V. |
| 257. GARCIA PUMAREJO, ORLANDO | 258. GARCIA REYES, SANTOS J. |
| 259. GARCIA RIVERA, GABRIEL | 260. GARCIA ROMERO, CARMEN I. |
| 261. GARCIA RULLAN, LETICIA | 262. GARCIA VICENS, MARIA A.C. |
| 263. GASCOT SAEZ, MARIA B. | 264. GINES RIVERA, SONIA CRISTINA |
| 265. GOMEZ CRUZ, RAFAEL | 266. GOMEZ CHACON, GLORIA I. |
| 267. GOMEZ HUERTAS, EVELYN | 268. GOMEZ MALDONADO, MARIA MINERVA |
| 269. GOMEZ OCASIO, CARMEN E. | 270. GOMEZ RIOS, LINDA VIRGINIA |
| 271. GOMEZ TORRES, DOLORES | 272. GOMEZ VAZQUEZ, LYDIA E. |
| 273. GONZALEZ BENITEZ, ROSA M. | 274. GONZALEZ COLLAZO, MARILU |
| 275. GONZALEZ DE LEON, IVETTE | 276. GONZALEZ DIAZ, RUTH Z. |
| 277. GONZALEZ ENCARNACION, LUZ D. | 278. GONZALEZ FLORES, FELICITA |
| 279. GONZALEZ GONZALEZ, NOELIA | 280. GONZALEZ GONZALEZ, ROSA M. |
| 281. GONZALEZ LARRAURY, GLADYS E. | 282. GONZALEZ LUNA, LUIS A. |
| 283. GONZALEZ MORALES, IRMA I. | 284. GONZALEZ NIEVES, MAYRA |
| 285. GONZALEZ ORTIZ, CARLOS | 286. GONZALEZ OYOLA, CARMEN M. |
| 287. GONZÁLEZ RIOS, RAMÓN | 288. GONZALEZ RIVERA, RAMON A. |
| 289. GONZALEZ ROSA, MIGDALIA | 290. GONZALEZ VARGAS, CANDIDA: |
| 291. GONZALEZ VAZQUEZ, CARMEN L. | 292. GONZALEZ VAZQUEZ, LUCY E. |
| 293. GRAULAU REYMUNDI, JOSE J. | 294. GUTIEREZ GARCIA, LUZ EVELYN |
| 295. GUTIERREZ RIVERA, CARMEN V. | 296. GUTIERREZ TORRES, LUZ M. |
| 297. GUZMAN GONZALEZ, LILLIAM | 298. GUZMAN MOLINA, MARCELA |
| 299. HENRRICY SANTIAGO, MARGARITA | 300. HERNANDEZ CASTRO, MARIA B. |
| 301. HERNANDEZ CEDEÑO, MARIA M. | 302. HERNANDEZ DAVILA, LUZ N. |
| 303. HERNANDEZ DE JESUS , RAMONA | 304. HERNANDEZ HERNANDEZ, ANTONIO |
| 305. HERNANDEZ HERNANDEZ, GLENDA I. | 306. HERNANDEZ LOPEZ, ALVIN |

| | |
|---|---|
| 307. HERNANDEZ MENDOZA, ZORAIDA | 308. HERNANDEZ MORALES, ARMANDO |
| 309. HERNANDEZ ORTIZ, ELBA N. | 310. HERNANDEZ RAMIREZ, CARMEN DEL S. |
| 311. HERNANDEZ RIOS, MYRIAM | 312. HERNANDEZ RIVERA, MARIA I |
| 313. HERNANDEZ RIVERA, RAMON | 314. HERNANDEZ RODRIGUEZ, UBALDO |
| 315. HERNANDEZ SOTO, GILMA M. | 316. HERNANDEZ TORRES, ROSA T. |
| 317. HERNANDEZ VALLEJO, ADOLFO | 318. HERNANDEZ VAZQUEZ, MIGDALIA |
| 319. IRIZARRY FRASQUERI, WILFREDO | 320. JIMENEZ OLIVIERI, ALINA |
| 321. JIMENEZ PIMENTEL, IVIS I. | 322. JOUBERT TANCO, AWILDA |
| 323. LACEN REMIGIO, JULIA A. | 324. LANDRAU RIVERA, ZULMA |
| 325. LASALLE CONCEPCION, MARIA S. | 326. LEBRON DELGADO, ELSA |
| 327. LEBRON LEBRON, MARY | 328. LEON DAVILA, CARMEN ANA |
| 329. LOPEZ BURGOS, MARILYN J. | 330. LOPEZ CAMACHO, EVELYN |
| 331. LOPEZ CORDERO, ZULMA A. | 332. LOPEZ ESCALERA, NATASCHA |
| 333. LOPEZ FLORES, IVAN | 334. LOPEZ LUGO, ISABEL MARGARET |
| 335. LOPEZ QUILES, ILEANA | 336. LOPEZ RAMOS, MARIA J. |
| 337. LOPEZ RAMOS, ZULMA | 338. LOPEZ RODRIGUEZ, SANDRA I. |
| 339. LOPEZ SANTOS, MARIA DE LOS A. | 340. LOPEZ VAZQUEZ, MARITZA |
| 341. LORENZANA ACOSTA, LYDIA | 342. LORENZO DE EFRERE, ROSA J. |
| 343. LOZADA AQUINO, SANTA A. | 344. LOZADA DE HERNANDEZ, MARIA I. |
| 345. LOZADA ORTIZ, RAUL | 346. LOZADA RODRÍGUEZ, MARGARITA |
| 347. LUGO MALDONADO, NORMA I. | 348. LUGO PEREZ, VIVIAN |
| 349. LLANOS CARRION, LUIS M. | 350. LLANOS SANCHEZ, CARMEN L. |
| 351. MACHADO DE LA ROSA, ANA L. | 352. MAISONET LOPEZ, ALEJANDRO |
| 353. MALAVE CARDENALES, JOSE M. | 354. MALDONADO COLON, MARGARITA |
| 355. MALDONADO MEDINA, BLANCA E. | 356. MALDONADO REYES, YOLANDA |
| 357. MALDONADO RIVERA, YOLANDA | 358. MANGUAL RAMIREZ, ELIZABETH |
| 359. MANSO CEPEDA, JUANA E. | 360. MANZANO MELENDEZ, MINERVA |
| 361. MARCANO CUADRADO, MYRIAM | 362. MARCANO FIGUEROA, WILLIAM |
| 363. MARINA RIVERA, ORLANDO | 364. MARRERO COLON, AILSABEL |
| 365. MARRERO MUNICH, NOELIA | 366. MARRERO REYES, ESTEBAN |
| 367. MARTINEZ CORDERO, CARMEN | 368. MARTINEZ CRUZ, RIGOBERTO |
| 369. MARTINEZ DIAZ, MARIA C. | 370. MARTINEZ MARTINEZ, ARACELIS |
| 371. MARTINEZ MERCED, CARMEN SONIA | 372. MARTINEZ NUÑEZ, CARMEN L. |
| 373. MARTINEZ ROSARIO, SANTOS A. | 374. MARTINEZ SANCHEZ, ANA IVETTE |
| 375. MARTINEZ UMPIERRE, MARIA DEL C. | 376. MARTINEZ VAZQUEZ, PEDRO |
| 377. MARTINEZ VELÁZQUEZ, CARLOS | 378. MATANZO PEREZ, MARIA R. |
| 379. MATIAS MATIAS, ROSA D. | 380. MATIAS NIEVES, LAURA E. |
| 381. MATOS CRUZ, ADELAIDA | 382. MATOS CRUZ, YOLANDA |
| 383. MATOS ORTIZ, SONIA E. | 384. MATOS SANCHEZ, MARIA  E. |

SENTENCIA ENMENDA NUNC PRO TUNC
K PE 2005-0608
PAGINA 21

| | |
|---|---|
| 385. MAYMI FERNANDEZ, GRICEL | 386. MAYSONET RUIZ, ANA M. |
| 387. MEDINA ALVAREZ, LILLIAM | 388. MEDINA CARDONA, AIDA L. |
| 389. MEDINA DE REYES, NITZA | 390. MEDINA MALDONADO, MIGUEL A. |
| 391. MEDINA ROSA, CAROL E. | 392. MEJIAS ACOSTA, DAISY |
| 393. MELENDEZ COSS, SHEILA | 394. MELENDEZ QUIÑONEZ, MYRNA T. |
| 395. MENDEZ ORSINI, LUCIA | 396. MERCADO ACEVEDO, IVAN A. |
| 397. MERCADO BURGOS, GUILLERMO | 398. MERCADO DE JESUS, CARMEN |
| 399. MERCADO FIGUEROA, SONIA LUZ | 400. MERCADO MARTINEZ, EVELYN |
| 401. MERCADO RIVERA, JUAN R. | 402. MERCED DIAZ, ANA M. |
| 403. MOJICA RIVERA, MARIA A. | 404. MONTALVO LAGUNA, YOLANDA |
| 405. MONTALVO REYES, MARIA T. | 406. MONTAÑEZ BARBOSA, LETICIA |
| 407. MONTAÑEZ FIGUEROA, ISAURA | 408. MONTAÑEZ PARRILLA, YOLANDA |
| 409. MONTERO PAGAN, IRIS M. | 410. MONTERO RODRIGUEZ, MARIA |
| 411. MONTILLA NIEVES, ANABEL | 412. MORALES BIGAS, RAFAEL |
| 413. MORALES DE JESUS, ZORAIDA | 414. MORALES GARCIA, EFRAIN |
| 15. MORALES LOPEZ, DELIA R. | 416. MORALES MARTINEZ, NITZA |
| 417. MORALES MONT, MARISOL | 418. MORALES PABON, CARMEN M. |
| 419. MORALES PABON, SOCORRO NOELIA | 420. MORALES RODRIGUEZ, SANDRA |
| 421. MORALES RODRÍGUEZ, WILMA | 422. MORALES ROLON, CARMEN |
| 423. MORALES ROLON NORMA IRIS | 424. MORALES SANTIAGO, VIVIAN |
| 425. MORALES VALLES, MARISOL | 426. MORAN ROSARIO, OLGA LUCY |
| 427. MORENO RODRÍGUEZ, WANDA I | 428. MUNDO RODRÍGUEZ, FAUSTO |
| 429. MUÑIZ RODRIGUEZ, GLORIA H. | 430. MUÑIZ SANTIAGO, SANDRA M. |
| 431. MUÑOZ COLON, CARMEN N. | 432. MUÑOZ NUÑEZ, JOSEFA |
| 33. MURIEL LICIAGA, LYDIA M. | 434. NAVARRETE ORTIZ, PRISCILLA |
| 435. NAVEDO OTERO, NANCY | 436. NEGRON COLLAZO, JOSELINE |
| 437. NEGRON DE JESUS, JOSE R. | 438. NEGRON LOPEZ, HILDA |
| 439. NEGRON MALDONADO, RAYMOND | 440. NIEVES APONTE, GEORGINA |
| 441. NIEVES DE VELEZ, ESTRELLA | 442. NIEVES GARCIA, ZORAIDA |
| 443. NIEVES PEREZ, VICTOR M. | 444. NIEVES SANTIAGO, MERCEDES |
| 445. NIEVES TORRES, MARITZA | 446. NIEVES VARGAS, MILTON |
| 447. NIEVES VELEZ, CARMEN LUZ | 448. NORIEGA MARIANI, HILDA |
| 449. NORMANDIA DE RODRÍGUEZ, MYRNA | 450. NUÑEZ CARDONA, JUANITA |
| 451. NUÑEZ LOPEZ, MYRNA | 452. NUÑEZ NUÑEZ, JEANNETTE |
| 453. OCASIO CUEVAS, CARMEN | 454. OCASIO CUEVAS, YOLANDA |
| 455. OCASIO REPOLLET, JOSE B. | 456. OJEDA DE ALGARIN, NAYDA |
| 457. OQUENDO MARTINEZ, ALFREDO | 458. ORTA FALU, CARMEN DELIA |
| 459. ORTEGA MARRERO, OLGA E. | 460. ORTEGA PEREZ, LUZ D. |
| 461. ORTIZ BAEZ, RAMONITA | 462. ORTIZ BETANCOURT, RUTH |

SENTENCIA ENMENDADA / INCURRED TUMP
K PE 2005-0608
PAGINA 22

702   656
145

| | |
|---|---|
| 463.  ORTIZ CASTRO, MAGALY | 464.  ORTIZ DIAZ, MAGDA |
| 465.  ORTIZ FANTAUZZI, EVANGELINA | 466.  ORTIZ MARTINEZ, CARMEN |
| 467.  ORTIZ PANIAGUA, EVELYN | 468.  ORTIZ PANIZO, JERRY |
| 469.  ORTIZ RODRÍGUEZ, CASILDA | 470.  ORTIZ RODRIGUEZ, GLORIA |
| 471.  ORTIZ TORRES, ELISA | 472.  ORTIZ VELEZ, BRENDA |
| 473.  OSORIO MEDINA, CARMEN E. | 474.  OTERO APONTE, JOSE E. |
| 475.  OTERO COLON, CARMEN | 476.  OTERO COLON, DAPHNE |
| 477.  OYOLA ROSA, AGUSTIN | 478.  Pabón Morales, José A. |
| 479.  PABON OTERO, SIXTO | 480.  PABON POMALES, JOSE |
| 481.  PADILLA MERCADO, ADA SELLY | 482.  PAGAN ACEVEDO, ROSA |
| 483.  PAGAN ALFARO, TEODOSIA | 484.  PAGAN GUZMAN, LUZ E. |
| 485.  PAGAN LOPEZ, JOSE A. | 486.  PAGAN PEREZ, ERMELINDA |
| 487.  PAGAN RIOS, GLORIA INES | 488.  PAGAN RIVERA, RAMON L. |
| 489.  PAGAN RODRÍGUEZ, MARISOL | 490.  PAGAN SANTIAGO, DORIS |
| 491.  PAGAN VEGA, MARIA I. | 492.  PARRILLA TORRES, FREDDY |
| 493.  PASTOR FLORES, ARTURO E. | 494.  PEDRAZA RIVERA, ROSARIO |
| 495.  PEGUERO MENDOZA, LUIS A. | 496.  PEÑA PEÑA, DANIA E. |
| 497.  PEÑA PIZARRO, LUISA | 498.  PEREZ FIGUEROA, ALMA E. |
| 499.  PEREZ MARRERO, JESUS R. | 500.  PEREZ MARTINEZ, MARITZA |
| 501.  PEREZ NIEVES, LUZ A. | 502.  PEREZ QUIÑÓNEZ, LUZ M. |
| 503.  PEREZ RIVERA, ANA E. | 504.  PEREZ RIVERA, MARIA E. |
| 505.  PEREZ RIVERA, MARIA V. | 506.  PEREZ RIVERA, SANDRA |
| 507.  PEREZ RODRIGUEZ, RAQUEL | 508.  PEREZ SANTANA, MARIA J. |
| 509.  PEREZ TORRES, GLORIA M. | 510.  PÉREZ TORRES, LUZ N. |
| 511.  PINO OLIVERO, MARGARITA | 512.  PIZARRO FANTAUZZI, WANDA I. |
| 513.  PIZARRO QUIÑONES, YOLANDA | 514.  PIZARRO VELÁSQUEZ, AIDA |
| 515.  PRADOS DE LAUREANO, ROSA ALBA | 516.  QUINTANA VELAZQUEZ, FELICITA |
| 517.  QUIÑONES DE ORTIZ, JUDITH | 518.  QUIÑONES GALARZA, ANGELA |
| 519.  QUIÑONES RIVERA, LOURDES S. | 520.  QUIÑONEZ ALBARRAN, MIGDALIA |
| 521.  QUIÑÓNEZ GUZMAN, JULIA H. | 522.  QUIÑÓNEZ PAGAN, ROBERTO |
| 523.  QUIRINDONGO RUIZ, MATILDE | 524.  RAMIREZ ALFONSO, ANA R. |
| 525.  RAMIREZ BENITEZ, ALEXANDER | 526.  RAMOS CASELLA, MARIA DEL C. |
| 527.  RAMOS DELGADO, EUFEMIA | 528.  ROMAN HERNANDEZ, MARIA |
| 529.  RAMOS MERCADO GERARDO | 530.  RAMOS PADILLA, ISABEL L. |
| 531.  RAMOS PAZ, MILDRED | 532.  RAMOS RIOS, CARMEN |
| 533.  RAMOS SOTO, IRMA I. | 534.  RAMOS ZAYAS, FRANCISCO |
| 535.  RENTA GUTIERREZ, ROSA E. | 536.  REYES ARENAS, OLGA M. |
| 537.  REYES ORTIZ, LOYDA | 538.  REYES RODRÍGUEZ, OSVALDO |
| 539.  REYES TORRES, GINGER | 540.  RIOS CALZADA, WANDA I. |

SENTENCIA ENMENDA NUNC PRO TUNC
K PE 2005-0608
PAGINA 23

| | |
|---|---|
| 541. RIOS CORIANO, MARIA J. | 542. RIOS DIAZ, RAMONITA |
| 543. RIOS FORTY, LUIS A. | 544. RIOS JIMENEZ, IVAN |
| 545. RIOS LOPEZ, HILDA | 546. RIOS MELENDEZ, HAYDEE |
| 547. RIOS TORRES, CRUZ M. | 548. RIVERA ARROYO, BEXAIDA |
| 549. RIVERA AYALA, MARIA I. | 550. RIVERA BURGOS, ARACELIS |
| 551. RIVERA CASILLAS, ELIAS | 552. RIVERA CASTILLO, OLGA I. |
| 553. RIVERA CORTES, NELLY | 554. RIVERA COTTE, ADALGESA |
| 555. RIVERA CRUZ, IRIS ELSA | 556. RIVERA CRUZ, JESUS MILAGRO |
| 557. RIVERA CRUZ, MAGALY | 558. RIVERA CHEVERES, BRISEIDA |
| 559. RIVERA CHEVERES, CARMEN S. | 560. RIVERA DE LEON, HENRIETTA M. |
| 561. RIVERA DOMINGUEZ, ELIZABETH | 562. RIVERA GARCIA, MYRNA |
| 563. RIVERA GONZALEZ, MARIA I. | 564. RIVERA GONZALEZ, MARTA |
| 565. RIVERA JIMENEZ, BENJAMIN | 566. RIVERA LASANTA, MARIA A. |
| 567. RIVERA MANSO, DIALMA L. | 568. RIVERA MARQUEZ, LETICIA |
| 569. RIVERA MARRERO, GLADYVEL | 570. RIVERA MARTINEZ, BETHZAIDA |
| 571. RIVERA MATOS, MARIA M. | 572. RIVERA MATOS, MOISES |
| 573. RIVERA MEDINA, GILBERTO | 574. RIVERA MOLINA, DAMARY |
| 575. RIVERA MUÑIZ, GLORIA | 576. RIVERA ORTIZ, VICTOR E. |
| 577. RIVERA OTERO, CARMEN M. | 578. RIVERA OYOLA, MARIA A. |
| 579. RIVERA PAGAN, LAURA | 580. RIVERA PEREZ, MARIA TERESA |
| 581. RIVERA QUIÑONEZ, EDUARDO | 582. RIVERA RAMOS, EVELIA R. |
| 583. RIVERA RIOLLANO, SYLVIA E. | 584. RIVERA RIVERA, ANA R. |
| 585. RIVERA RIVERA, FLORINDA | 586. RIVERA RIVERA, GLADYS |
| 587. RIVERA RIVERA, YOLANDA | 588. RIVERA ROBLES, ANTONIA |
| 589. RIVERA RODRIGUEZ, CARMELO | 590. RIVERA RODRIGUEZ, NAYDA L. |
| 591. RIVERA SALABARRIA, CARMEN DEL L. | 592. RIVERA SANCHEZ, MILAGROS |
| 593. RIVERA SANTANA, BETTY | 594. RIVERA SANTIAGO, MARIA |
| 595. RIVERA SANTOS, MARIA D. | 596. RIVERA SELLES, AURORA |
| 597. RIVERA TORRES, DIANA | 598. RIVERA VAZQUEZ, JOSE L. |
| 599. RIVERA VAZQUEZ, MARIBEL | 600. RIVERA VAZQUEZ, ROSA M. |
| 601. RIVERA VEGA, WILLIAM | 602. RIVERA VELEZ, HECTOR D. |
| 603. RIVERA VIERA, ELIZABETH | 604. ROBLES CARRION, MINERVA |
| 605. ROBLES FEBUS, AIDA L. | 606. ROBLES TORRES, LYDIA E. |
| 607. ROCHE MALDONADO, RAFAEL | 608. RODRIGUEZ BALAGUER, LOURDES |
| 609. RODRIGUEZ CARRASQUILLO, MARIA S. | 610. RODRIGUEZ CRUZ, MARIA E. |
| 611. RODRIGUEZ DAVILA, ALICIA E. | 612. RODRIGUEZ DE FLORES, ANGELA |
| 613. RODRIGUEZ DE JESUS, ESTHER | 614. RODRIGUEZ DE VAZQUEZ, ANA H. |
| 615. RODRIGUEZ DIAZ, JORGE | 616. RODRIGUEZ FIGUEROA, CARMEN S. |
| 617. RODRIGUEZ FIGUEROA, JOSE L. | 618. RODRIGUEZ FIGUEROA, NILDA E. |

Case:17-03283-LTS  Doc#:9849  Filed:01/13/20  Entered:01/13/20 21:09:44  Desc: Main
Document  Page 28 of 30

SENTENCIA ENMENDA  NUNC PRO TUNC
K PE 2005-0608
PAGINA 24

6a58

704

141

| | |
|---|---|
| 619. RODRÍGUEZ JAURIDES, HAYDEE | 620. RODRÍGUEZ LOPEZ, RAQUEL |
| 621. RODRÍGUEZ LOZADA, IRMA | 622. RODRÍGUEZ MATOS, WILLIAM G. |
| 623. RODRÍGUEZ ORTIZ, ROSA E. | 624. RODRÍGUEZ QUIÑONES, LUZ |
| 625. RODRÍGUEZ VALENTIN, JUDITH | 626. RODRÍGUEZ RIVERA, JOSE M. |
| 627. RODRÍGUEZ RIVERA, MARIA E. | 628. RODRÍGUEZ RIVERA, NOEMÍ |
| 629. RODRÍGUEZ RIVERA, NORMA I. | 630. RODRÍGUEZ RODRÍGUEZ, MARIA I. |
| 631. RODRÍGUEZ RODRÍGUEZ, OLGA M. | 632. RODRÍGUEZ SANFELIZ, ERNESTO |
| 633. RODRÍGUEZ SANTIAGO, DANIEL | 634. RODRÍGUEZ SERRANO, YOLANDA |
| 635. RODRÍGUEZ SUAREZ, MARILIN | 636. RODRÍGUEZ VALENTIN, EVELYN |
| 637. RODRÍGUEZ VILA, ADA C. | 638. ROHENA BARRETO, JOSE |
| 639. ROHENA RIVERA JULIA | 640. ROLON MARRERO, GLORIA E. |
| 641. ROMAN DIAZ, CARMEN M.: | 642. ROMAN MEDINA, ROSA M. |
| 643. ROMAN RODRÍGUEZ, LUZ M. | 644. ROMAN SANTIAGO, NEFTALI |
| 645. ROMERO CRUZ, MARILYN | 646. ROMERO RAMOS, CARMEN N. |
| 647. ROMERO ROBLES, LYDIA | 648. ROMERO ROMERO, MAGDALENA |
| 649. ROSA AQUINO, MARIO R. | 650. ROSA CORREA, MARIA DEL C. |
| 651. ROSA FIGUEROA, MARIA DE LOS A. | 652. ROSA PEREZ, MARGARITA |
| 653. ROSADO BESTARD, IRIS | 654. ROSADO ROSADO, HILDA |
| 655. ROSADO TORRES, MARIA M. | 656. ROSADO VELEZ, MARIA A. |
| 657. ROSARIO CARRASQUILLO SARA M. | 658. ROSARIO CLAUDIO, ZAYRA I. |
| 659. ROSARIO LOPEZ, HILDA L. | 660. ROSARIO ROJAS, IRIS N. |
| 661. ROSARIO ROSARIO SONIA L. | 662. ROSARIO SANCHEZ, PEDRO A. |
| 663. ROVIRA NAVARRO, MARIA DE LOS A. | 664. RUBIO NATER, MARICARMEN |
| 665. RUEDA ARENAS, IVETTE | 666. RUIZ AVILES, MILAGROS |
| 667. RUIZ GONZALEZ, IDALINA | 668. RUIZ MORAN, MARIA DE LOS A. |
| 669. RUIZ SALAS, ANGELA | 670. SALGADO DURAN, LYDIA E. |
| 671. SALGADO GUZMAN, ELIZABETH | 672. SANCHEZ CABEZUDO, CARMEN A. |
| 673. SANCHEZ CARDONA, ELSA | 674. SANCHEZ GELY, LILLIAM L. |
| 675. SANCHEZ GONZALEZ, MARIA V. | 676. SANCHEZ LOPEZ, IRIS B. |
| 677. SANCHEZ MUÑOZ, VERONICA | 678. SANCHEZ NIEVES, ELIZABETH |
| 679. SANCHEZ SANCHEZ, MARIA NELLY | 680. SANCHEZ DIAZ, HILDA G. |
| 681. SANCHEZ SERRANO, MIGUEL A. | 682. SANTANA CRUZ, SYLVIA |
| 683. SANTANA FELICIANO, IRIS E. | 684. SANTANA GARCIA, JUANA |
| 685. SANTIAGO CARABALLO, CARMEN M. | 686. SANTIAGO DIAZ, EVELYN |
| 687. SANTIAGO GOMEZ, JOSEFINA | 688. SANTIAGO GUZMAN, CLARIBEL |
| 689. SANTIAGO LOZADA, ANA D. | 690. SANTIAGO MALDONADO MARI I. |
| 691. SANTIAGO MARTINEZ, LUIS H. | 692. SANTIAGO MEDINA, MARIA DE LOS A. |
| 693. SANTIAGO OJEDA, LINA E. | 694. SANTIAGO PEREZ, MARGARITA |
| 695. SANTIAGO PIÑEIRO, JAIME M. | 696. SANTIAGO QUIÑONES, HILDA E. |


*SENTENCIA ENMENDA  NUNC PRO TUNC*
K PE 2005-0608
PAGINA 25

705

148

| | |
|---|---|
| 697. SANTOS AMADOR, JULIA | 698. SANTOS AYALA, SAMUEL |
| 699. SANTOS DE RUSSE, ROSA E. | 700. SANTOS ORTIZ, GISELA |
| 701. SANTOS PACHECO, MIGDALIA | 702. SANTOS RODRIGUEZ, OLGA I. |
| 703. SANTOS PACHECO, MIGDALIA Y. | 704. SANTOS ROSADO, JOSE D. |
| 705. SANTOS SANJURJO, CARMEN L. | 706. SERRANO CORREA, RUTH |
| 707. SERRANO GARCIA, VICTORIA E. | 708. SERRANO SERRANO, EDITH |
| 709. SERRANO VEGA, ZORAIDA | 710. SIERRA MAYA, SAMUEL |
| 711. SKERRETT CALDERON, BRUNILDA | 712. SOLA BURGOS, SARA |
| 713. SOLER CARDONA, CARMEN | 714. SOLERO SANTIAGO, MARIA ESTHER |
| 715. SOLLA MARQUEZ, ALMA C. | 716. SORANDO BIBILONI, JOSE JUAN |
| 717. SOSA GORI, MERCEDES M. | 718. SOTELO RESTO, NELSON |
| 719. SOTO MARQUEZ, ANELISA | 720. SOTO RIVERA, MIGDALIA |
| 721. SOTO ROSA, CARMEN I. | 722. SUSTACHE RIVERA, VICTORIA |
| 723. TALAVERA CACERES, JEANNETTE M. | 724. TAÑON COTTO, RAUL |
| 725. TOLEDO ROSA, JOSE G. | 726. TORO VELEZ, CARMEN S. |
| 27. TORRES ACEVEDO, MIRTA | 728. TORRES ARZOLA, MARIA I. |
| 729. TORRES CORREA, ANGEL | 730. TORRES CRESPO, MARTA |
| 731. TORRES ROSARIO, LOURDES | 732. TORRES HERNANDEZ, LYDIA E. |
| 733. TORRES MANZANO, ALEJANDRO | 734. TORRES MEDINA, MARIDALIA |
| 735. TORRES RODRÍGUEZ, JOSE G. | 736. TORRES SERRANO, RAMON E. |
| 737. TORRES TORRES, ROSA | 738. TORRUELLAS QUIÑONES, MARIA C. |
| 739. TOYENS DE JESUS, JULIA IVETTE | 740. TRICOCHE DE JESUS, LUZ H. |
| 741. VAELLO BERMUDEZ , YADIRA | 742. VALDERRAMA RODRIGUEZ, CARMEN M. |
| 743. VALENTIN DIAZ, FELIX | 744. VALENTIN VALENTIN, NORBERTO |
| 45. VALLEJO MORALES, MARIA J. | 746. VALLES UMPIERRE, LUZ E. |
| 747. VARGAS CRUZ, ADA ENID | 748. VARGAS ENCARNACION, MIGDALIA |
| 749. VARGAS ENCARNACION, OLGA I. | 750. VARGAS RODRIGUEZ, RAMONA |
| 751. VARGAS SEPULVEDA, ANA M. | 752. VARGAS VILLANUEVA, GUMERSINDO |
| 753. VAZQUETELLES CASTRO, OLVILIO | 754. VAZQUEZ CRUZ, LILLIAM M. |
| 755. VELAZQUEZ LOZADA, NILSA | 756. VAZQUEZ LAUREANO, MYRIAM |
| 757. VAZQUEZ LOPEZ, CARMELO | 758. VAZQUEZ PADILLA, DAMARIS |
| 759. VAZQUEZ SOTO, ROSA N. | 760. VEGA ALICEA, MARIA I. |
| 761. VEGA GARCIA, MARIA E. | 762. VEGA MIRANDA, CATALINA |
| 763. VEGA ZAYAS, JOSE H. | 764. VELÁZQUEZ FIGUEROA, PILAR |
| 765. VELÁZQUEZ LEBRON, MIGUEL A. | 766. VELAZQUEZ MUÑOZ, BUENAVENTURA |
| 767. VELAZQUEZ REYES, EVA | 768. VELÁZQUEZ REYES, SARA E. |
| 769. VELÁZQUEZ RIVERA, OLGA M. | 770. VELÁZQUEZ SANTIAGO, NILSA |
| 771. VELEZ BONILLA, ROSA E. | 772. VELEZ GONZALEZ, CARMEN T. |
| 773. VERA SOTO, JULIETTE IVONNE | 774. VICENTE CARATTINI, MARIA N. |

*SENTENCIA ENMENDA.*
*K PE 2005-0608*
*PAGINA 26*

6660

706

149

| 775. VIDAL SANTIAGO, CRUCITA | 776. VIGIL DANGER, IVO |
|---|---|
| 777. VILLANUEVA CRUZ, ANA A. | 778. VILLANUEVA LAGUER, BLANCA I. |
| 779. VILLANUEVA SANTIAGO, SANTIAGO A. | 780. VILLEGAS CORREA, ALMA |
| 781. VILLEGAS RIVERA, MILDRED | 782. VIÑALES HERNANDEZ, GRISELLE E. |
| 783. VIZCARRONDO AYALA, ZORAIDA | 784. VIZCARRONDO FLORES, EVELYN |
| 785. ZAPATA CASTAÑEDA, OLGA | 786. ZAVALETA PARRILLA, CARLOS. |

