## Centésima décima tercera objeción global
### Anexo A: Defectuosas

| | NOMBRE | FECHA DE PRESENTACIÓN | NÚMERO DE CASO | DEUDOR | N.º DE RECLAMACIÓN | MONTO DE LA RECLAMACIÓN ALEGADA |
|---|---|---|---|---|---|---|
| 464 | MEDINA FLORES, NAYDA IVETTE<br>CALLE CRISTO REY #427<br>BO OLIMPO<br>GUAYAMA, PR 00784 | 6/26/2018 | 17 BK 03283-LTS | El Estado Libre Asociado de Puerto Rico | 92281 | Indeterminado* |
| | Base para: La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra el Estado Libre Asociado de Puerto Rico, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III. | | | | | |
| 465 | MEDINA FLORES, NAYDA IVETTE<br>CALLE CRISTO REY #427 BO. OLIMPO<br>GUAYAMA, PR 00784 | 6/26/2018 | 17 BK 03283-LTS | El Estado Libre Asociado de Puerto Rico | 102720 | Indeterminado* |
| | Base para: La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra el Estado Libre Asociado de Puerto Rico, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III. | | | | | |
| 466 | MEDINA GALINDO , RAMON<br>BOX 1646<br>SAN GERMAN, PR 00683 | 6/22/2018 | 17 BK 03283-LTS | El Estado Libre Asociado de Puerto Rico | 88652 | $ 19,800.00* |
| | Base para: La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra el Estado Libre Asociado de Puerto Rico, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III. | | | | | |
| 467 | MEDINA GARCIA, MARIA DE LOURDES<br>HC-4 BOX 22013<br>JUANA DIAZ, PR 00795-9611 | 6/27/2018 | 17 BK 03283-LTS | El Estado Libre Asociado de Puerto Rico | 95121 | Indeterminado* |
| | Base para: La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra el Estado Libre Asociado de Puerto Rico, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III. | | | | | |
| 468 | MEDINA HERNANDEZ, CARMEN V.<br>PO BOX 144<br>AGUAS BUENAS, PR 00703 | 6/28/2018 | 17 BK 03283-LTS | El Estado Libre Asociado de Puerto Rico | 100922 | Indeterminado* |
| | Base para: La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra el Estado Libre Asociado de Puerto Rico, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III. | | | | | |
| 469 | MEDINA IRIZARRY, BIENVENIDO<br>URB VILLA DEL CARMEN<br>2744 CALLE TOLEDO<br>PONCE, PR 00716-2235 | 6/27/2018 | 17 BK 03566-LTS | Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | 100135 | Indeterminado* |
| | Base para: La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra dicho sistema, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III. | | | | | |

\* Indica que la reclamación contiene montos por liquidar o indeterminados



GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE SALUD- DISTRITO DE SAN GERMAN

27 de septiembre de 2013

**Sr. Carlos Mercado Ruiz, MS**
Supervisor Regional
Programa de Salud Ambiental
Región de Mayagüez – Aguadilla

**Sr. Roberto Guzmán**
Director
Recursos Humanos
Región de Mayagüez- Aguadilla

Sr. Ramón Medina Galindo
Oficial II
Salud Ambiental
Distrito de San Germán

- **SOLICITUD AUMENTO DE SUELDO POR AÑOS DE SERVICIO LEY 184**
- **COMPENSACION POR AÑOS DE SERVICIO 27 AÑOS DE SERVICIOS
  COTIZADOS**

Estimados señores:

Por este medio traigo a su consideración el que se evalúe mis ejecutorias de acuerdo a lo que establece la Ley 184, aumento de sueldo durante un periodo ininterrumpido por 3 años y que como empleado excluido de la unidad apropiada.

La consideración para la compensación por los 27 años de servicio cotizados en el Departamento de Salud.

Lo antes expuesto para el estudio y la evaluación pertinente

Cc: **Dr. Nelson Valle**
     Director Regional
     Departamento De Salud



ESTADO LIBRE ASOCIADO DE
**PUERTO RICO**
Departamento de Salud

**DISTRITO DE SAN GERMAN**

09 de enero de 2014


**Dr. Nelson Valle Campos**
Director Regional
Departamento de Salud
Región de Mayagüez

Sr. Ramón Medina Galindo
Oficial II
Salud Ambiental
Distrito de San Germán

**SOLICITUD SOBRE STATUS PETICION DE AUMENTO DE SUELDO**

Estimado Doctor Valle:

Reciba un caluroso saludo en este nuevo año, mucha salud y bendiciones para usted y su familia. Aprovechando la oportunidad traigo a su consideración el que solicite al señor Roberto Guzmán, Director de Recursos Humanos el status de la petición que le hiciéramos sobre aumento de sueldo, Ley 184 y compensación por 27 años cotizados de servicio.

La misma se hizo con fecha del 27 de septiembre de 2013, donde el señor Carlos Mercado como Supervisor Inmediato evalúo la misma y recomendó. Al día de hoy no hemos recibido contestación alguna de parte del señor Guzmán de los trámites realizados y por lo que solicitamos el que nos presente el status del mismo.

Agradeciendo la ayuda que nos pueda brindar.

Adj. copias de documentos relacionados.



DEPARTAMENTO DE
**SALUD**
Estado Libre Asociado de Puerto Rico
Secretaría Auxiliar para Salud Ambiental

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE SALUD- DISTRITO DE SAN GERMAN


DEPARTAMENTO DE
**SALUD**
GOBIERNO DE PUERTO RICO

# HOJA DE TRÁMITE

*FECHA:* __30__ de _____septiembre_____ de __2013__

**Sr. Roberto Guzmán**
Director
Recursos Humanos
Región de Mayagüez - Aguadilla

Sr. Ramón Medina Galindo
Oficial II
Salud Ambiental
Distrito de San Germán

**DESCRIPCION DEL DOCUMENTO:** carta

| Solicitud de aumento de sueldo | ➢ **Recibir** ➢ **Para su conocimiento y / o acción pertinente** |
|---|---|

Recibido por: _____

Fecha: _____



ESTADO LIBRE ASOCIADO DE
P U E R T O   R I C O
Departamento de Salud

2 de octubre de 2013

Roberto Guzmán Cortés
Director
Oficina de Recursos Humanos
Región de Mayagüez-Aguadilla

Carlos J. Mercado Ruiz, MS
Director Regional
Salud Ambiental Mayagüez-Aguadilla

## RECOMENDACIÓN DE COMPENSACION EMPLEADO CON 27 AÑOS DE SERVICIO

Conforme a lo establecido en la Orden Administrativa Número 292 del 30 de julio de 2012 en la que dispone: que el personal con veintisiete (27) años o más de servicios cotizados, recibirá un ajuste en sueldo equivalente a un tipo retributivo, considerando sus evaluaciones de ejecución.

Basado en la evaluación realizada al señor Ramon Medina Galindo, quien ocupa el puesto gerencial de Oficial de Salud Ambiental II, en el Distrito Sanitario de San Germán, podemos informar que el desempeño ha sido satisfactorio. Por lo tanto, recomiendo favorablemente el paso de los veintisiete (27) años de servicio, ya que cualifica para el mismo.

cf.    Ramon Medina Galindo
       Dr. Nelson Valle Campos

PO Box 70184
SAN JUAN, PR  00936-8184
Tel. 787-834-1967



DEPARTAMENTO DE
SALUD
Estado Libre Asociado de Puerto Rico
Secretaria Auxiliar para Salud Ambiental



ESTADO LIBRE ASOCIADO DE
P U E R T O   R I C O
Departamento de Salud

4 de diciembre de 2013

Ramón Medina Galindo
Oficial de Salud Ambiental
Región de Aguadilla

Carlos J. Mercado Ruiz
Director Regional
Programa Salud Ambiental
Región Mayagüez-Aguadilla

Roberto Guzmán Cortés
Oficial Recursos Humanos
Región Mayagüez-Aguadilla

## AUDITORIA REGISTRO DE LICENCIAS Y TARDANZAS

Mediante auditoría realizada de su Registro de Licencias y Tardanzas de los años naturales 2011, 2012 y 2013, encontramos que le fue acreditado  las horas extras trabajadas (tiempo compensatorio) desde el 29 de agosto de 2011 al presente.  La Comisión de Servicio Público emitió la certificación número 029 (E-2), donde clarifica el Representante Exclusivo de la Unidad Apropiada del Departamento de Salud.  El puesto que usted ocupa como Oficial de Salud Ambiental II fue excluido de la unidad apropiada del convenio colectivo.

Las clases de puestos clasificados como Administrativo, Ejecutivo y Profesionales están **excluidos** del derecho actual de pago de horas extras bajo  la Ley Federal de Normas Razonables del Trabajo.  La Orden Administrativa 292 del 12 de julio de 2012, aprobada por la autoridad nominadora, establece compensatorio a tiempo sencillo cuando por necesidad del servicio se le requiera trabajar horas extras al personal que ocupe un puesto catalogado como administrativo, ejecutivo y profesional, excluido del derecho al pago a compensación de horas extras bajo la Ley Federal de Normas Razonables del Trabajo, según enmendada.  Sólo aplicará al personal que presta **servicios directos al paciente.**

Usted no tiene derecho al pago o compensación de horas  extras trabajadas por necesidad del servicio, de acuerdo con la reglamentación vigente.



ESTADO LIBRE ASOCIADO DE
PUERTO RICO
Departamento de Salud

*Rec. 01/22/2014*

21 de enero de 2014

Ramón Medina Galindo
Oficial Salud Ambiental II
Distrito de San Germán

Carlos J. Mercado Ruiz, MS
Director Regional
Programa Salud Ambiental
Región Mayagüez-Aguadilla

Roberto Guzmán Cortés
Oficial Recursos Humanos
Región Mayagüez-Aguadilla

**VARIOS ASUNTOS**

De acuerdo con la Orden Administrativa 292, aprobada por la Autoridad
Nominadora, le corresponde a usted un tipo retributivo en la escala de su
clasificación al cumplir 27 años de servicios cotizados.   La Ley 184-2004 le
reconoce además el derecho al trienio, que es un 5% del sueldo que devenga el
empleado.

Estas transacciones de personal no se han pagado a ningún empleado, luego de
la aprobación de la Ley 7-2009.   La agencia sometió un informe a la Oficina de
Gerencia y Presupuesto (OGP) para su evaluación y recomendación sobre la
asignación de una partida presupuestaria para pagar lo adeudado a todos los
empleados que le corresponde los mismos, como es su caso.

De surgir alguna información adicional que desee aclarar, favor comunicarse al
(787) 882-2530  ó (787) 265-8675.

cf. Dr. Nelson Valle Campos,  MD
    Director Regional
    Región Mayagüez-Aguadilla



## Asociación de Empleados Gerenciales del Departamento de Salud – ASEGEDES

Begoña Chavarri, MD (Directora Madres, Niños y Adolescentes- Ponce)– Presidente
Diana I. Lugo Santiago, MD, MPH (Directora Madres, Niños y Adolescentes Agdlla/ Mayag)– Vicepresidente

24 de agosto de 2014

**Supervisores, Directores, Personal Gerencial**
Región de Salud Aguadilla/ Mayagüez

Saludos:

Reciban un saludo cordial de los miembros de ASEGEDES.

Aunque no hayan oído de nosotros en los pasados meses, es importante que sepan que seguimos en pie de lucha por todos, no solo por los miembros de nuestra Asociación. Tenemos representación legal y estamos en el proceso de conseguir una entrevista con la Dra. Ana Rius, Secretaria de Salud, para evaluar junto a ella la orden de eliminar beneficios a los gerenciales del Departamento. Es posible que ustedes desconozcan de los beneficios que nos quitaron. Estos fueron notificados en una carta del Sr. Hermes Rivera Polanco, Secretario Auxiliar de Recursos Humanos, con fecha del 18 de julio de 2014. Nos han quitado:

Licencia de cumpleaños
Licencia de funeral
Citas en el FSE
Tiempo compensatorio- no van a pagarlo ni en tiempo ni en dinero
Visita a escuelas por hijos- solo 2 horas al comienzo y final de cada semestre
Bono de asistencia
Bono de Navidad- será de solo $600.00 (Los unionados recibirán $1500.00)
Pago de excesos licencia regular y por enfermedad

Dice la carta que esto responde a la Ley Núm. 66 del 17 de junio de 2014, vigente desde esa fecha hasta el 1ro de julio de 2017. Les notifico, relacionado al tiempo compensatorio, si la agencia no lo va a pagar, no nos puede requerir trabajar tiempo extra. Cuando hay huracanes, derrames, derrumbes, etc., siempre hemos sido los gerenciales los que hemos sido activados. En este momento tendrán que llamar a empleados unionados que sí pueden cobrar todas las horas extra que acumulen.

Estamos tratando de identificar fechas en las que podamos reunirnos, lo que debe ser fuera de horario de trabajo, pues a nosotros, a diferencia de la UGT, no se nos permite reunirnos en horario regular. A esta reunión deben asistir todos ustedes, aunque no pertenezcan a la ASEGEDES. La lucha es por y para todos. Tan pronto tengamos una fecha seleccionada, se les notificará. En tanto pueden comunicarse conmigo a través de mi teléfono celular privado, (787) 509- 5344.

Que el Señor les bendiga!!

Atentamente,

Diana I. Lugo Santiago, MD, MPH



ESTADO LIBRE ASOCIADO DE
**PUERTO RICO**
Departamento de Salud

5 de febrero de 2016

MEDINA GALINDO,RAMON

Oficial de Salud Ambiental II

MAYAGUEZ

Secretaria Auxiliar de Salud Ambiental

Estimado(a) señor(a):  MEDINA GALINDO

La Ley Núm. 211-2015 conocida como "Ley del Programa de Preretiro Voluntario" dispuso el establecimiento de un programa mediante el cual los empleados elegibles del Gobierno del Estado Libre Asociado de Puerto Rico pueden voluntariamente separarse de forma incentivada de su empleo. Con el propósito de preparar los informes para que la Administración de los Sistemas de Retiro y Oficina de Gerencia y Presupuesto determinen la  posible aprobación de la participación del Departamento de Salud en el Programa, solicitan que usted actualice la siguiente información que obran en nuestro poder.

De acuerdo al sistema mecanizado de la Oficina de Recursos Humanos y Relaciones Laborales su fecha nacimiento es  23-Oct-62  y su  edad  al 31 de diciembre de 2015 es de   53   años.  La fecha que comenzó  a cotizar  a la Administración de los  Sistemas de Retiro es el  18-May-87  para un total de   26   años de servicios cotizados al 30 de junio de 2013.

De entender que la información indicada no es la correcta, debe presentar evidencia del tiempo trabajado como empleado con status regular y/o en el servicio de confianza en cualquier agencia de gobierno de Puerto Rico, corporaciones o instrumentalidades en o antes del 12 de febrero de 2016.  De no someter esta información en el tiempo establecido, podrá perder la posibilidad de acogerse al Programa de Preretiro Voluntario.

Para aclarar cualquier interrogante o alegación al respecto favor de comunicarse con el Oficial de Recursos Humanos de su Región u Hospital y  para los empleados de Nivel Central podrán comunicarse con el Sr. Ivan Santos y/o con  la Sra. Magalis Marcón de la División de Servicio al Empleado al teléfono (787) 765-2929 exts. 4225, 4228 y 4227.

Cordialmente

**HERMES RIVERA POLANCO
SECRETARIO AUXILIAR
RECURSOS HUMANOS Y
RELACIONES LABORALES**

OFICINA DE RECURSOS HUMANOS Y RELACIONES LABORALES
PO BOX 70184, SAN JUAN, PUERTO RICO 00936-8184 TEL: (787)765-2929



LCDO. ALBERTO ARESTI FRANCESCHINI
CARMEN G. BENIQUEZ BENIQUEZ

JORGE L. AQUINO NUÑEZ

RE:       PALMIRA ACETY ROSARIO Y OTROS
          vs.
          ESTADO LIBRE ASOCIADO DE PUERTO RICO Y SU
          DEPARTAMENTO DE SALUD - (KAC-1996-0532   (903))

ASUNTO:   INFORME SOBRE EL ESTADO DEL CASO

Nos place informarles que el día 28 de noviembre de 2001 el Honorable Tribunal dictó sentencia declarando CON LUGAR la demanda en su caso del epígrafe.  Dicha sentencia fue notificada el 5 de diciembre de 2001; por eso no les habíamos notificado antes sobre dicha buena noticia.

Ahora procede concertar reuniones con el Secretario de Salud, para que él asigne el personal técnico de recursos humanos para efectuar la evaluación de cada uno de los expedientes de los demandantes, con un representante nuestro.

Después de la evaluación de los expedientes, y que se determine la cantidad de dinero a que cada uno tenga derecho; el Secretario de Salud deberá coordinar con el Secretario de Hacienda y con la Directora de la Oficina de Presupuesto y Gerencia; para que incluyan los pagos en el presupuesto correspondiente. Estimamos que esto será en el año fiscal 2002-2003.

Les recordamos que la sentencia aplicará sólo a las personas que demandaron.

Por ser tantos los demandantes, se ruega que fijen copia de este memorandum en el tablón de edictos de su área de trabajo, para conocimiento de todos los interesados.

C:\programfiles\memorandum.salud

TOTAL P.01

# AQUINO & BENIQUEZ

Muñoz Rivera Núm.26
Altos del Western Bank
Apartado 1426
Lares, Puerto Rico 00669-1426
Tel./Fax 897-7618

Aquino Núñez
G. Beníquez

# M E M O R A N D U M

A:        DEMANDANTES

DE:       LCDO. ALBERTO ARESTI FRANCESCHINI

          LCDA. CARMEN G. BENIQUEZ BENIQUEZ

          LCDO. JORGE L. AQUINO NUÑEZ

FECHA:    03 de marzo del 2000

RE:       ALFREDO MALDONADO RODRIQUEZ VS. NYDIA COTTO
          Y ELA - KAC-96-1381 (905)
          SENTENCIA DECLARATORIA

          PALMIRA ACETY ROSARIO Y OTROS VS. ELA Y
          DEPARTAMENTO DE SALUD
          CIVIL NUM: KAC-98-0532

          MARISOL ACEVEDO COLON Y OTROS VS. ELA Y
          ADMINISTRACIÓN DE CORRECCION Y OTROS
          CIVIL NUM: KAC 98-0530

          JULIO AGUILA DE JESUS Y OTROS VS. CUERPO DE
          BOMBEROS DE PUERTO RICO, EMERGENCIAS MEDICAS ESTATAL
          CIVIL NUM: KAC-98-0531

ASUNTO:   INFORME SOBRE EL ESTADO DEL CASO

*(handwritten note:)* 28/mar 20/2000 Sra. Velez indicó hubo vista del caso de nosotros el 2 marzo/2000 y esta pendiente de informe Caso # KAC-99-0669

El pasado 23 de febrero del 2000, se celebró una vista de seguimiento en los casos de la referencia, los que fueron consolidados para tramitarse en la Sala 905 del Centro Judicial de San Juan. El Juez Rivera González luego de escuchar los abogados de las partes, requirió que sometan una Estipulación en cuanto a las leyes aplicables al caso. Se someterán certificación al Tribunal sobre el muestreo de los casos en el pleito de los oficiales de custodia. En los casos de los empleados civiles no había muestreo.

El Juez, Hon. Rivera González, señaló que se dictará sentencia después de radicada la estipulación en cuanto a las leyes aplicables; y en la misma ordenará al Gobierno que incluyan en el próximo presupuesto la cantidad que habrá de pagársele a los demandantes.

Hay que someter al Tribunal un estudio económico para determinar la cuantía de la sentencia y la cantidad que corresponderá a cada uno de los demandantes que tengan derecho a compensación.

Se señaló una vista para el 4 de abril del 2000 a las 9:00 A.M. en la Sala 905 del Centro Judicial de San Juan.

Les recordamos que la Sentencia que dicte el Tribunal sólo aplicará a aquellos que demandaron y que tengan derecho a compensación a tenor con las leyes aplicables.

10. El tutor testamentario que no cumpla con los requisitos indispensables para empezar el ejercicio de su cargo.

11. Los que no residan en Puerto Rico.

12. Los que hubieren sostenido maliciosa e injustificadamente alguna querella contra el menor o acusación criminal contra sus ascendientes o colaterales hasta el cuarto grado."

Sección 2.—Esta ley empezará a regir inmediatamente después de su aprobación.

*Aprobada en 4 de junio de 1983.*

---

### Empleados Públicos—Aumento General de Sueldo; Fondos

(P. de la C. 805)

[NÚM. 83]

*[Aprobada en 4 de junio de 1983]*

#### LEY

Para enmendar los Artículos 4 y 6 de la Ley 12 de 27 de agosto de 1982, a fin de posponer hasta el 1 de abril de 1984, la fecha en que se adoptará la primera etapa del plan integral a largo alcance encaminado a mejorar las condiciones económicas de los empleados públicos, para proveer un aumento de sueldo general para los empleados públicos a partir del 1 de octubre de 1983 hasta el 31 de marzo de 1984, y para disponer la forma en que se habrán de sufragar los fondos necesarios para llevar a cabo los propósitos de esta ley.

#### EXPOSICIÓN DE MOTIVOS

Conforme a lo estipulado en la Exposición de Motivos de la Ley 12 de 27 de agosto de 1982 es política pública del Gobierno del Estado Libre Asociado de Puerto Rico mejorar la condición económica de los empleados públicos dentro de la capacidad fiscal del momento.

Al aprobarse la Ley Núm. 12, la situación fiscal del Gobierno no permitía incurrir en los altos costos que conllevaría la adopción de la primera etapa del Plan Integral para Mejorar la Situación Retributiva de los Empleados Públicos, por lo que se optó por

autorizar la concesión de una bonificación o compensación especial no recurrente que terminaría en septiembre de 1983, dando paso entonces a la adopción, el primero de octubre de 1983, de la primera etapa del mencionado plan integral.

La situación económica del Gobierno del Estado Libre Asociado de Puerto Rico no ha variado, lo que hace necesario posponer la implantación de la primera etapa del plan integral de retribución para una fecha futura. La posposición aquí propuesta, por lo tanto, daría un mayor margen de tiempo, en espera de que mejore la situación fiscal y se pueda cumplir a cabalidad con el compromiso económico que implicaría la adopción total de la primera etapa del estudio integral de retribución.

No obstante, siguiendo la política retributiva establecida encaminada hacia el mejoramiento económico de los servidores públicos, dentro de las posibilidades fiscales, se otorgarán aumentos de sueldo a los empleados hasta el 1ro. de abril de 1984, fecha en que se implantará la primera etapa del estudio integral de sueldos.

*Decrétase por la Asamblea Legislativa de Puerto Rico:*

Sección 1.—Se enmienda el Artículo 4 de la Ley 12 de 27 de agosto de 1982,[96] para que lea como sigue:

"Artículo 4.—Revisiones de las Estructuras Retributivas y Aumento de Sueldo General para los Empleados Públicos

El primero de abril de 1984 se adoptará la primera etapa del plan integral a largo alcance encaminado a reestructurar las escalas retributivas vigentes sobre una base porcentual y mejorar la situación económica de los empleados públicos. Esta fase del plan incluirá la adopción de nuevas escalas de retribución desarrolladas sobre una base porcentual y conllevará, además, incrementos en sueldos para los maestros y demas personal docente del Departamento de Instrucción Pública y para aquel personal docente cubierto en la Ley 18 de 19 de abril de 1955;[97] para los miembros del Cuerpo de la Policía y para los demás empleados públicos dentro del Sistema de Personal creado a virtud de la Ley de Personal del Servicio Público, así como para a los que forman parte del sistema autónomo de la Rama Judicial.

El Gobernador de Puerto Rico someterá a la Asamblea Legislativa la legislación correspondiente para esta revisión de las escalas retributivas.

---

[96] 3 L.P.R.A. sec. 757-1d.
[97] 3 L.P.R.A. secs. 699 y 700.

A partir del 1 de octubre de 1983 y hasta el 31 de marzo de 1984 todos los empleados públicos de la Rama Ejecutiva, sin distinción de status ni categorías que formen parte del Sistema de Personal creado en virtud de la Ley de Personal del Servicio Público y los empleados de la Rama Judicial, recibirán un aumento de sueldo de $30 mensuales. Los maestros y demás personal docente, recibirán un incremento salarial de $45 mensuales y los miembros de la Policía de Puerto Rico quienes recibirán un aumento de $35 mensuales. Este aumento se concederá independientemente del sueldo que esté devengando el funcionario o empleado.

Cuando en un puesto se prestaren servicios a base de jornada parcial, el aumento a concederse será proporcional a la jornada de trabajo."

Sección 2.—Se enmienda el Artículo 6 de la Ley 12 de 27 de mayo de 1982,[98] para que lea como sigue :

"Artículo 6.—Asignación de Fondos

Los fondos necesarios para sufragar el costo de los Bonos y el aumento de sueldo general para los funcionarios y empleados que se mencionan en la presente ley de las agencias cuyo presupuesto de gastos de funcionamiento son con cargo al Fondo General, serán consignados anualmente en la Resolución Conjunta del Presupuesto General. Los Bonos y los aumentos de sueldo general de los funcionarios y empleados públicos cuyo presupuesto no se financia del Fondo General, se pagarán de los fondos propios especiales de los cuales se sufragarán los gastos de funcionamiento de tales organismos."

Sección 3.—Esta ley entrará en vigor inmediatamente después de su aprobación.

*Aprobada en 4 de junio de 1983.*

---

---

## Empleados Públicos—De Carrera y de Confianza; Escalas de Sueldos; Fondos

(P. de la C. 806)

[NÚM. 84]

[*Aprobada en 4 de junio de 1983*]

### LEY

Para enmendar el Artículo 6 de la Ley 89 de 12 de julio de 1979, enmendada, conocida como Ley de Retribución Uniforme, mediante la implantación de nuevas estructuras retributivas para los servicios de carrera y de confianza de la Administración Central, el Artículo 13 para disponer de la asignación de fondos y para reglamentar lo relativo al ajuste del sueldo de los empleados.

EXPOSICIÓN DE MOTIVOS

Las estructuras de salarios vigentes para la fijación de los sueldos que se pagan al personal en los servicios de carrera y de confianza de la Administración Central entraron en vigor el primero de julio de 1980 y primero de marzo de 1979, respectivamente.

Desde entonces, el índice de crecimiento salarial registrado en el Sector Privado y en las Corporaciones Públicas que operan como empresas privadas ha superado por mucho el registrado en el Sistema de Personal creado en virtud de la Ley 5 de 14 de octubre de 1975, según enmendada.[99] Esta situación ha incrementado la brecha que por largos años ha existido entre los sueldos de los empleados del sector privado y de las Corporaciones Públicas antes aludidas, vis a vis, los empleados que forman parte del mencionado sistema de personal. Lo anterior quedó demostrado en la encuesta de salarios realizada durante el primer semestre de 1982 como parte del estudio integral de retribución que realizó una firma consultora por encomienda de la Oficina Central de Administración de Personal. Mediante el aludido estudio se hizo una evaluación crítica de las estructuras retributivas vigentes en el actual Sistema de Personal, las que se aplican al Cuerpo de la Policía, al personal docente del Departamento de Instrucción Pública y el cubierto por la Ley 18 de 19 de abril de 1955[1] y al personal exclusivo de la Administración de

---

Case:17-03283-LTS   Doc#:9872-1   Filed:01/13/20   Entered:01/14/20 10:59:31   Desc:
Exhibit 4 Page 14 of 14

recta. Si por necesidades del servicio se suministraren comidas, hospedajes, uniformes o cualquier otro beneficio, el costo de tales obvenciones no se deducirá del sueldo del empleado. Si estas obvenciones se ofrecieran bajo otras circunstancias, la concesión de las mismas se regirá por la reglamentación que al efecto adopte el Director.

(4) Cuando las circunstancias lo justifiquen y los recursos fiscales lo permitan el Director podrá reajustar el cuadro de la estructura contenida en este artículo, eliminando no más de tres escalas y añadiendo no más de tres.

(5) Los sueldos individuales de los empleados deberán coincidir con alguno de los tipos establecidos en la escala correspondiente que forme parte de la nueva estructura.

(6) Siempre que una acción de personal tenga el efecto de alterar el sueldo de algún empleado, el mismo se ajustará conforme a la naturaleza de la misma.

(7) Si como efecto de la implantación de la nueva estructura salarial adoptada, el sueldo de algún empleado no coincidiese con alguno de los tipos retributivos de la escala correspondiente, el mismo habrá de ajustarse al próximo tipo superior de la escala, independientemente del tipo que sea.

(8) Si el sueldo del empleado estuviere en el máximo de la escala o sobrepasare el mismo, el ajuste se hará en factor del correspondiente incremento porcentual que conlleva la escala.

(9) Los diferenciales autorizados en virtud de la Ley 89 del 12 de julio de 1979, según enmendada,[3] se ajustarán conforme a la nueva estructura retributiva.

(10) Al adoptarse la nueva estructura salarial, los sueldos de los empleados se ajustarán de la siguiente forma:

El que esté bajo el mínimo irá al nuevo tipo mínimo. El salario de aquellos empleados que devenguen sueldos superiores al tipo mínimo de la escala por motivo de haber recibido aumentos de sueldo durante la vigencia de la anterior estructura, se ajustará de modo que se reconozcan todos los aumentos de sueldo recibidos durante la vigencia de la estructura salarial suplantada.

Las presentes reglas de interpretación y administración de las Escalas de Sueldos aplicarán al Servicio de Carrera y de Confianza, para la estructura que entrará en vigor el primero de abril de 1984.

[3] 3 L.P.R.A. secs. 760 a 760j.

Sección 2.—Asignación de Fondos

Los fondos necesarios para implantar las estructuras retributivas que entrarán en vigor el primero de abril de 1984, se consignarán en el Presupuesto General de Gastos.

Sección 3.—Derogación

Por la presente se deroga toda ley o parte de ley que resulte incompatible con la presente.

Sección 4.—Vigencia.—Esta ley entrará en vigor el primero de abril de 1984.

*Aprobada en 4 de junio de 1983.*

---

### Educadores en Salud—Profesión; Reglamentación

(P. de la C. 934)

### [NÚM. 85]

*[Aprobada en 4 de junio de 1983]*

### LEY

Para adicionar un nuevo Artículo 1; enmendar el inciso (a) y adicionar los incisos (c) y (d) al Artículo 1 y redesignarlo como Artículo 2; enmendar los incisos (a) y (b) y enmendar y redesignar el inciso (e) como inciso (d) del Artículo 2 y redesignarlo como Artículo 3; enmendar el Artículo 3 y redesignarlo como Artículo 4; enmendar los incisos (a), (c), (d), (g) y (h) y adicionar los incisos (i), (j), (k), (l), (m) y (n) al Artículo 4 y redesignarlo como Artículo 5; enmendar los incisos (a), (c) y (d) y adicionar el inciso (e) el Artículo 5 y redesignarlo como Artículo 6; enmendar el inciso (b) y adicionar el inciso (d) al Artículo 6 y redesignarlo como Artículo 7; enmendar el Artículo 7 y redesignarlo como Artículo 8; enmendar el Artículo 8 y redesignarlo como Artículo 9; enmendar los incisos (a) y (b) y adicionar el inciso (c) al Artículo 9 y redesignarlo como Artículo 10; enmendar el Artículo 10 y redesignarlo como Artículo 11 y adicionar el Artículo 12 a la Ley Núm. 148 de 4 de julio de 1975 que crea la Junta Examinadora de Educadores en Salud, a fin de autorizar y reglamentar el ejercicio de la profesión de Educador en Salud Comunal;