IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | No. 17 BK 3283-LTS |
| as representative of | Jointly Administered |
| THE COMMONWEALTH OF PUERTO RICO | |
| Debtor | |

**LIMITED OPPOSITION TO ENTRY OF ORDER (A) AUTHORIZING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES (B) APPROVING ADDITIONAL FORMS OF NOTICE, (C) GRANTING RELATED RELIEF FILED BY THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO**

**TO THE HONORABLE COURT:**

COME NOW, Salud Integral de la Montaña, Inc. (SIM), through its undersigned attorney and respectfully states as follows:

1. The Financial Oversight and Management Board for Puerto Rico filed an amended motion to establish Alternative Dispute Resolution procedures and other reliefs (Docket 9718) for the thousands of claims filed in the Commonwealth Title III. Although SIM is supportive of said effort in principle, it objects to some of the procedures present in their present form. With each objection, SIM presents an alternative to said procedure.

2. At page 10 of the motion, Evaluative Mediation, paragraph b, it states that during the mediation phase, this Court may "design a process for assigning Mediators to Designated Claims." This completely ignores the generous offer of the Puerto Rico Judiciary to use Judges in the cases (purported to be 11,000, albeit some may be in Federal Court) and its mediators in those cases involving Commonwealth law that have not been filed. It seems more logical to include these two resources. This is especially true when later on, the Board wants the Arbitration to be conducted by arbitrators paid by the parties. In addition, cases filed in the Federal Court may be easily assigned to federal magistrates to evaluate the case and try them if necessary.

3. At page 11 of the motion, paragraph c, there is mention of a estimation by the Mediator of the value of the claim. There is no mention before of any memorandum by the parties on the factual and legal contentions which must be valuable to any mediator, especially one new to the controversy. This requirement should be added.

4. At page 12 of the motion, Binding Arbitration, the Board resorts to arbitrators paid by the parties, totally ignoring the resource of state judges trying the case or for Commonwealth mediators to conduct arbitration. This would be to no cost to the parties, whereas the Board's plan would force some of the claimants to accept its offers to save costs. This result is neither desirable or fair. Moreover, the procedure at page 15, paragraph 6, would not be needed if the

2

cases are handled by the Commonwealth Courts who had them or the mediation office. Hence, this section should be eliminated.

5. Plaintiff, as requested by this Honorable Court, proceeded to obtain the generous cooperation of the Commonwealth Court system without cost to creditors or debtors. The Board has completely ignored this. The Court should not let this opportunity go to waste. SIM request that the Honorable Court make the changes suggested in this motion to the Board's requested remedy.

WHEREFORE: SIM requests from the Honorable Court that it take notice of this motion and amend the Board's proposal accordingly.

Respectfully submitted on this 14th day of January, 2020.

CERTIFY: That on this same day, the ECF system sent a copy of this motion to all parties in this litigation.

/s John E. Mudd
John E. Mudd
Bar Number: 201102
Attorney for Plaintiffs
LAW OFFICES JOHN E. MUDD
P. O. BOX 194134
SAN JUAN, P.R. 00919
(787) 413-1673
Fax. (787) 753-2202
johnmuddlaw@gmail.com

3