Centésima cuarta objeción global
Anexo A: Defectuosas

| | NOMBRE | FECHA DE PRESENTACIÓN | NÚMERO DE CASO | DEUDOR | N.º DE RECLAMACIÓN | MONTO DE LA RECLAMACIÓN ALEGADA |
|---|---|---|---|---|---|---|
| 450 | RAMIREZ MELENDEZ, RAFAEL ANGEL<br>JARDINES DE COUNTRY CLUB<br>CD 9 CALLE 135<br>CAROLINA, PR 00983 | 5/25/2018 | 17 BK 03283-LTS | El Estado Libre Asociado de Puerto Rico | 35953 | Indeterminado* |

Base para: La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra el Estado Libre Asociado de Puerto Rico, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III.

| | | | | | | |
|---|---|---|---|---|---|---|
| 451 | RAMIREZ MIRANDA, ROSA ESTHER<br>HC-01 BOX 7923<br>SAN GERMAN, PR 00683 | 6/22/2018 | 17 BK 03566-LTS | Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | 90617 | $ 19,800.00 |

Base para: La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra dicho sistema, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III.

| | | | | | | |
|---|---|---|---|---|---|---|
| 452 | RAMIREZ MONTALVO, JOSE D<br>URB INTERAMERICANA<br>CALLE 26 AA22<br>TRUJILLO ALTO, PR 00976 | 5/30/2018 | 17 BK 03566-LTS | Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | 42869 | Indeterminado* |

Base para: La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra dicho sistema, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III.

| | | | | | | |
|---|---|---|---|---|---|---|
| 453 | RAMIREZ MONTALVO, JOSE DAVID<br>URB INTERAMERICANA<br>AA22 CALLE 26<br>TRUJILLO ALTO, PR 00976 | 5/30/2018 | 17 BK 03283-LTS | El Estado Libre Asociado de Puerto Rico | 41763 | $ 65,000.00* |

Base para: La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra el Estado Libre Asociado de Puerto Rico, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III.

| | | | | | | |
|---|---|---|---|---|---|---|
| 454 | RAMIREZ ORONA, ROSIE D.<br>PO BOX 7899<br>PONCE, PR 00732 | 6/25/2018 | 17 BK 03283-LTS | El Estado Libre Asociado de Puerto Rico | 82060 | Indeterminado* |

Base para: La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra el Estado Libre Asociado de Puerto Rico, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III.

# GOBIERNO DE PUERTO RICO
Administración de los Sistemas de Retiro
de los Empleados del Gobierno y la Judicatura

## ESTADO DE CUENTA ESTIMADO

17 de octubre de 2018

Agencia: 118 - ADM. SERV. SALUD MENTAL Y CONTRA ADICCIO

ROSA RAMIREZ MIRANDA
BOX 1646
SAN GERMAN, PR 00683

Seguro Social: XXX-XX-2468

A base de la información en nuestros registros, al 17 de octubre de 2018 usted posee:

Fecha de Nacimiento: 28 de septiembre de 1958
Fecha de Ingreso al Servicio Público: 28 de octubre de 1988
Fecha de Comienzo de Cotización: 28 de octubre de 1988

Género: Femenino

*[handwritten: Desde 1ro de Julio 2017. Ley 106: $3,132.90]*

### Ley 447 al 30 de junio de 2013

| | |
|---|---|
| Años Acreditados: | 24.75 |
| Aportaciones: | $32,872.45 |
| Intereses: | $8,228.53 |
| Gastos Teneduría: | $0.00 |
| Total Aportaciones: | $41,100.98 |
| SNC Pagado: | $0.00 |
| SNC Tiempo: | 0.00 |
| Beneficio: | $0.00 |

*[handwritten: 38%, 40 950 9/, Aprox $884.19]*

### Ley 3 al 30 de junio de 2017

| | |
|---|---|
| Tiempo Trabajado: | 4 |
| Aportaciones: | $11,284.32 |
| Intereses: | $910.51 |
| Gastos Teneduría: | $0.00 |
| Total Aportaciones: | $12,194.83 |
| Beneficio: | $0.00 |

*[handwritten: Aprox. $68.97]*

Es importante destacar que el Balance de la Aportación Individual reflejada es la acumulación de la cantidad aportada a Retiro a la fecha de la última nómina procesada en el Sistema. Los balances aquí reflejados por concepto de Aportación Individual y Años de Servicio están sujetos a revisión.

En caso de que la información no coincida con sus registros, deberá comunicarse con el Coordinador para Asuntos de Retiro de su Agencia o Municipio. Además, puedes acceder esta información a través de la sección Servicios en Línea del Portal de Internet de Retiro: http://www.retiro.pr.gov.

**Le recordamos que previo a radicar una solicitud de pensión, deberá solicitar un Estado de Cuenta oficial a través de su Coordinador.**

Coordialmente,

Unidad de Estado de Cuenta
Área de Participantes



ESTADO LIBRE ASOCIADO DE PUERTO RICO
OFICINA DE PERSONAL
DIVISION DE RETIRO
Ave. Ponce de León — Centro Gubernamental de la Pda. 22 1/2
Apartado 8476 — Fdez. Juncos Sta., Santurce, P. R. 00910

## DECLARACION INDIVIDUAL
(LEY NUM. 93 DEL 19 DE JUNIO DE 1968)

Yo __Rosa E. Ramírez Miranda__, __redacted-2468__, participante del Sistema de Retiro de los Empleados
(Nombre Oficial)                          (Número de Empleado)

del Gobierno de Puerto Rico, empleado de __AFASS-Depto. de Salud__ certifico: que conozco
(Departamento o Agencia)

las disposiciones de la Ley Número 93 del 19 de junio de 1968; que he recibido la orientación necesaria para llenar este formulario y conforme a lo dispuesto en dicha Ley, por la presente hago constar mi decisión de:

☐ ACOGERME al Plan de Coordinación de los beneficios de la Ley de Retiro y los de la Ley Federal de Seguridad Social:

Escojo este plan con el pleno conocimiento de que:

1—aportaré al Sistema de Retiro el 4 1/2% de mi sueldo hasta la cantidad de $6,600 y el 7% de mi sueldo sobre el exceso de dicha cantidad;

2—además, aportaré al Seguro Social Federal la contribución correspondiente;

3—bajo este plan de beneficios coordinados, la pensión que me corresponda recibir del Sistema de Retiro se reducirá, según lo dispone la Ley de Retiro, cuando yo cumpla la edad de 65 años si estuviere plenamente asegurado bajo los beneficios del Seguro Social;

4—aunque yo no solicite el beneficio del Seguro Social; se hará la reducción en la pensión de retiro cuando concurran las circunstancias mencionadas en el apartado anterior;

5—puedo cambiar al Plan de Completa Suplementación explicado a continuación en cualquier fecha futura siempre y cuando pague al Sistema de Retiro, y con los intereses correspondientes, las sumas necesarias para completar las aportaciones mayores requeridas por dicho Plan de Completa Suplementación, contando a partir de la fecha de mi ingreso al Gobierno más próxima al primero de julio de 1968.

☒ ACOGERME al Plan de Completa Suplementación.

Escojo este plan con el pleno conocimiento de que:

1—aportaré al Sistema de Retiro el 7% de mi sueldo total durante todo el tiempo que sirva como participante de este Sistema de Retiro;

2—además, aportaré al Seguro Social Federal la contribución correspondiente;

3—bajo este plan de Completa Suplementación, la pensión que reciba del Sistema de Retiro no se reducirá en ningún momento;

4—la decisión de acogerme a este plan de Completa Suplementación es irrevocable según la Ley, y por consiguiente continuaré acogido al mismo durante todo el tiempo que sirva como participante de este Sistema de Retiro.

Hago constar que he tomado esta decisión personal, voluntaria y libremente después de haber leído el presente documento y que asumo la obligación que ella representa. Asumo, además, la responsabilidad de verificar que de mi sueldo se hagan los descuentos correspondientes al plan que he seleccionado.

TESTIGOS: _[signature]_

_[signature]_

_[signature]_
Firma del Participante

__16 de agosto de 1988__
Fecha

**IMPORTANTE**
**INSTRUCCIONES: LEA AL DORSO**

ADMINISTRACION DE FACILIDADES Y SERVICIOS DE SALUD
INFORME DE CAMBIO

1a. Región u Hospital: Salud Mental Oeste
2. Número de Seguro Social del Empleado: redacted 2468

| Cambio a Efectuarse | Antes del Cambio | Despues del Cambio |
|---|---|---|
| 3. Nombre del Empleado | Rosa H. Ramírez Miranda | |
| 4. Puesto Num. | R-7682 | N-0743 |
| 5. Título de Clasificacion | Secretaria III | |
| 6. Programa | Nivel Primario | Nivel Secundario |
| 7. Departamento | WIC | |
| 8. Facilidad | Dirección y Adm. Regional | Centro Comunal Salud Mental |
| 9. Ubicación Geográfica del Puesto | Mayaguez | Mayaguez |
| 10. Estado Civil | | |
| 11. Categoría del Empleado | | De Carrera |
| 12. Status del Empleado | Transitorio (vence: 30-6-88) | Probatorio |
| 13. a. Sueldo Mens. | 860.00 | |
| b. Diferencial | | |
| Total | | |
| 14. Descuento para Contribución sobre Ingresos | | |
| 15. Descuento para Seguro Social | | |
| 16. Descuento para Aportación Sistema de Retiro | No Cotiza | 7% |
| 17. Descuento para Servicios Medicos | | |
| 18. Descuento para Ahorros (A. E. E. L. A.) | | |
| 19. Descuento para Seguros (A. E. E. L. A.) | | |
| 20. Obvenciones | | |
| 21. Otros Descuentos | | |
| | | 00-507-009-00-81-138-111-138 |
| 22. Fecha de Efectividad | 15 de agosto de 1988 | 16 agosto de 1988 |

23. SIMBOLOS DE CONTABILIDAD

| | A.F. | Fondo | Agencia | Div. | Sub. Div. | Asignacion | Objeto | A.F. | Fondo | Agencia | Div. | Sub. Div. | Asignacion | Objeto |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 025 | 06 | 02 | 01 | 01 | 09-01-0000 | 1-112-00 | 025 | 06 | 02 | 00 | 33 | 03-45-8732 | 1-111-00 |

24. Indique si se trata de: ☐ Ascenso ☐ Cambio de Categoria ☐ Cambio de Status ☐ Ascenso o traslado Transitorio
☐ Descenso ☐ Reclasificacion ☐ Reinstalación ☐ Reubicación ☒ Traslado ☒ Nuevo Nombramiento ☐ Aumento de Sueldo

25. En caso de cambio a otra agencia indique - Licencia a acreditarse: Compensatorio _____ días.
Licencia Enfermedad _____ días. Concedida _____ días. Licencia Regular _____ días. Concedida _____ días.

| | Último Dia de Trabajo | Licencia Previamente Concedida | Fecha de Efectividad de la Separación |
|---|---|---|---|
| 26. Renuncia | | | |
| 27. Separacion | | | |
| 28. Destitucion | | | |
| 29. Cesantía | | | |

30. Suspensión de Empleo y Sueldo. Duracion: De _____ A _____
31. Muerte: Último día
Fecha _____ Hora _____ de pago _____ Participante de Retiro ☐ Si ☐ No
32. Clase de Licencia: ☐ Para estudio ☐ Especial con paga ☐ Maternidad
☐ Militar sin Sueldo ☐ Sin Sueldo
Duracion _____ DE _____ A _____

33. Comentarios y Explicaciones (si necesita mas espacio use el dorso): Período Probatorio vence el 15 de febrero de 1989.

34. Si el cambio de puesto es por Certificación de Elegibles indique: Certificación de Elegibles Num. 66
Gladys Trabal Quintana

APROBADO
OFICINA DE P[...]

37. Aprobado por: Alberto Santana Rosa
Jefe de la Agencia o su Representante Autorizado
Fecha: 7 septiembre de 1988

SEP 12 1988

Revisado o Aprobado por: _____ Fecha: _____

Secretaria A[...]
Departa[...]



ESTADO LIBRE ASOCIADO DE
PUERTO RICO
Oficina de Gerencia y
Presupuesto

Hon. Alejandro García Padilla,
Gobernador

Luis F. Cruz Batista,
Director

29 de junio de 2016

CARTA CIRCULAR NÚM. 134-16

Secretarios, Directores, Jefes de Agencia, Departamentos, Oficinas, Comisiones, Administraciones, Organismos, Instrumentalidades, Corporaciones Públicas y cualquier otra Entidad Gubernamental, así como Alcaldes, Directora de la Oficina de Administración de Tribunales (OAT) y Director Ejecutivo de la Asociación de Empleados del Estado Libre Asociado de Puerto Rico (AEELA)

Luis F. Cruz Batista
Director

**MODIFICACIÓN AL PROCEDIMIENTO PARA LA IMPLEMENTACIÓN DE LA LEY NÚM. 211-2015, CONOCIDA COMO "LEY DEL PROGRAMA DE PRERETIRO VOLUNTARIO"**

## TRASFONDO



El pasado 8 de diciembre de 2015 se aprobó la Ley Núm. 211-2015, conocida como "Ley del Programa de Preretiro Voluntario", que dispuso el establecimiento de un programa mediante el cual empleados elegibles del Gobierno del Estado Libre Asociado de Puerto Rico pueden voluntariamente separarse de forma incentivada de su empleo, siempre y cuando haya comenzado a cotizar para el Sistema de Retiro antes del 1 de abril de 1990 y tenga más de 20 años de servicio cotizados bajo las disposiciones de la Ley Núm. 447, *supra*. Los incentivos incluyen una compensación equivalente al 60% de su retribución promedio al 31 de diciembre de 2015 hasta que cumpla la edad de 61 años o sea elegible al retiro, lo que ocurra primero; la liquidación de las licencias de enfermedad y vacaciones acumuladas al momento que se acoja al Programa, conforme a los topes establecidos en la legislación o reglamentación aplicable exenta del pago de contribuciones, entre otros beneficios.

Adicionalmente, la Ley provee que una vez el empleado pase a formar parte del Sistema de Retiro, se le garantizará al momento de retirarse, un beneficio mínimo de cincuenta por ciento (50%) de su retribución promedio al 30 de junio de 2013, siempre que la combinación de anualidades de las aportaciones congeladas al 30 de junio de 2013 y de las aportadas a la cuenta del Programa Híbrido no alcance ese porciento mínimo. En el caso de los Policías de Puerto Rico, dicho beneficio mínimo podría representar hasta un sesenta por ciento (60%) de su retribución promedio al 30 de junio de 2013.

Mediante la Carta Circular Núm. 129-16, la Oficina de Gerencia y Presupuesto estableció los lineamientos para la implementación inmediata del Programa de Preretiro Voluntario establecido en dicha Ley. Entre otros aspectos, la misma establece el procedimiento a seguir para completar la Tasación de Implementación para analizar el impacto fiscal que tendría en su organismo adoptar el Programa de
PO Box 9023228, San Juan, PR 00902-3228
Tel: 787.725.9420 Fax: 787.721.8329
www.ogp.pr.gov

 

OGP
OFICINA DE GERENCIA Y PRESUPUESTO
ESTADO LIBRE ASOCIADO DE PUERTO RICO



ESTADO LIBRE ASOCIADO DE
PUERTO RICO
Oficina de Gerencia y Presupuesto

Preretiro Voluntario. Igualmente, dispone el proceso para que la Administración de los Sistemas de Retiro certifique los empleados elegibles.

A través de esta Carta Circular atemperamos algunas partes del procedimiento establecido en la normativa emitida previamente, a los fines de agilizar el trámite y facilitar la implantación de la Ley.

## OBJETIVO

A través de esta Carta Circular, se modifica el proceso establecido en la Carta Circular Núm. 129-16 para agilizar el trámite y facilitar la implantación de la Ley 211-2015.

## BASE LEGAL

Esta Carta Circular se emite al amparo de las siguientes leyes y normas de aplicación general[1].

a. Inciso (b) del Artículo 12 de la Ley Núm. 211-2015, que establece lo siguiente:

"(b) El Director de la Oficina de Gerencia y Presupuesto tendrá todos los poderes necesarios y convenientes para implantar esta Ley. Podrá requerir a las agencias y municipios que tomen todos los actos que estime necesarios y convenientes para implantar el Programa en sus respectivas agencias o municipios; y podrá requerir a las Autoridades Nominadoras que sometan toda la información que estime necesaria para que este último pueda evaluar toda solicitud de declarar cualquier puesto inelegible para participar en el Programa. El Director de la Oficina de Gerencia y Presupuesto preparará el Formulario de Elección y establecerá el procedimiento para la implantación del Programa y las disposiciones de esta Ley, sin sujeción a la Ley Núm. 170 de 12 de agosto de 1988, según enmendada."



## APLICABILIDAD

De conformidad con el Artículo 2, inciso (a), de la Ley Núm. 211-2015, esta normativa aplicará a todas las agencias, departamentos, oficinas, comisiones, juntas, administraciones, organismos y demás entidades gubernamentales del Estado Libre Asociado de Puerto Rico, incluyendo los municipios y la Rama Judicial, así como a la Asociación de Empleados del Estado Libre Asociado de Puerto Rico (AEELA), con relación a sus empleados acogidos a un sistema de retiro al amparo de la Ley Núm. 447 de 4 de mayo de 1951, según enmendada, conocida como "Ley del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico". No obstante, las disposiciones de esta normativa no serán aplicables en relación a: i) aquellas entidades del ELA que tienen sus propios sistemas de retiro; ii) la Rama Judicial en cuanto a los Jueces, que tienen su propio sistema de retiro; y iii) en relación a servidores públicos bajo un sistema de retiro distinto al dispuesto al amparo de la Ley Núm. 447.

---

[1] Este resumen no pretende ser exhaustivo, y solamente se presenta para propósitos de fácil referencia.

ESTADO LIBRE ASOCIADO DE
PUERTO RICO
Oficina de Gerencia y
Presupuesto

## DISPOSICIONES NORMATIVAS

A. Se modifica la Sección 2 de la Parte D de la Carta Circular Núm. 129-16 para que lea como sigue:

Sección 2: Certificación de elegibilidad y determinación de aportación para beneficios al momento del retiro por la ASR.

Una vez sometida por la agencia o municipio la Evaluación Preliminar, la ASR realizará su certificación de elegibilidad y la determinación de la aportación necesaria para beneficios al momento del retiro, conforme se dispone a continuación:

1. La ASR certificará la elegibilidad de los empleados identificados, en cuanto a los años de servicios cotizados.

2. La ASR determinará, basado en un estudio actuarial, la cantidad de dinero adicional anual por empleado que deberá aportar la agencia o municipio para garantizarle al participante, al momento de pasar a formar parte del Sistema de Retiro, un beneficio mínimo de 50% de su retribución promedio al 30 de junio de 2013 o de 60% en el caso de los miembros del Cuerpo de la Policía de la misma, de conformidad con lo dispuesto en el inciso (h) del Artículo 6 de la Ley 211-2015. La agencia o municipio realizará la aportación anual adicional por el tiempo que le falta al empleado de acogerse al retiro.

3. La OGP podrá identificar en su proceso evaluativo aquellas agencias o municipios que, como resultado del análisis de ahorro preliminar, no necesitan esperar a culminar el trámite dispuesto en el inciso 2, para continuar el proceso de análisis, consideración y aprobación ante la OGP, una vez medie la certificación de elegibilidad de los empleados. En estos casos, en el trámite de evaluación y aprobación, la OGP podrá solicitar la información que estime necesaria y ejercerá las facultades delegadas mediante la Ley 147 de 18 de junio de 1980, según enmendada, conocida como "Ley de la Oficina de Gerencia y Presupuesto", para asegurar un ahorro suficiente para cubrir la cantidad posteriormente determinada en el estudio actuarial. Asimismo, la OGP podrá requerir cualquier análisis preliminar de costo adicional a la ASR que estime necesario.

4. La ASR completará la Parte B de la Tasación de Implementación y devolverá la misma a la agencia o municipio para la acción correspondiente, conforme se dispone en la Sección 3 de esta Parte. En los casos contemplados en el anterior inciso 3, en cuanto a aquellas agencias y municipios referidos directamente para continuar el trámite de análisis, consideración y aprobación, previo a la culminación del estudio actuarial, la ASR no tendrá que completar el encasillado H, sobre la aportación adicional anual de la agencia para cumplir con el 50% de la retribución promedio al 30 de junio de 2013 una vez empleado ingrese a retiro. No obstante, la OGP podrá solicitar a la ASR y considerar cualquier análisis preliminar disponible de costo adicional en su proceso de consideración, análisis y aprobación.





ESTADO LIBRE ASOCIADO DE
PUERTO RICO
Oficina de Gerencia y
Presupuesto

5. La ASR culminará el trámite de análisis, consideración y aprobación del estudio actuarial para toda agencia y municipio (incluyendo los identificados en el inciso 3). Una vez completado el estudio actuarial, la ASR notificará la aportación adicional anual que toda agencia o municipio deberá aportar para cumplir con el 50% (o 60%) de la retribución promedio al 30 de junio de 2013, una vez el empleado ingrese al Sistema de Retiro. Las agencias y municipios que cumplan con los criterios para acogerse a la Ley 211-2015 se responsabilizarán de presupuestar (cada año fiscal) mientras tengan empleados que formen parte del Programa de Preretiro, y remitir los pagos correspondientes a la ASR.

6. Si la agencia o municipio tiene deudas con la ASR, deberá realizar las diligencias necesarias para establecer un plan de pago, siempre y cuando destine no menos del 25% del ahorro neto anual generado por el Programa de Preretiro Voluntario al pago de dicha deuda.



**VIGENCIA**

Las disposiciones de esta Carta Circular entrarán en efecto inmediatamente.

LCDO. ALBERTO ARESTI FRANCESCHINI
CARMEN G. BENIQUEZ BENIQUEZ

JORGE L. AQUINO NUÑEZ

RE: PALMIRA ACETY ROSARIO Y OTROS
vs.
ESTADO LIBRE ASOCIADO DE PUERTO RICO Y SU
DEPARTAMENTO DE SALUD - (KAC-1996-0532 (903))

ASUNTO: INFORME SOBRE EL ESTADO DEL CASO

Nos place informarles que el día 28 de noviembre de 2001 el Honorable Tribunal dictó sentencia declarando CON LUGAR la demanda en su caso del epígrafe. Dicha sentencia fue notificada el 5 de diciembre de 2001; por eso no les habíamos notificado antes sobre dicha buena noticia.

Ahora procede concertar reuniones con el Secretario de Salud, para que él designe el personal técnico de recursos humanos para efectuar la evaluación de cada uno de los expedientes de los demandantes, con un representante nuestro.

Después de la evaluación de los expedientes, y que se determine la cantidad de dinero a que cada uno tenga derecho; el Secretario de Salud deberá coordinar con el Secretario de Hacienda y con la Directora de la Oficina de Presupuesto y Gerencia; para que incluyan los pagos en el presupuesto correspondiente. Estimamos que esto será en el año fiscal 2002-2003.

Les recordamos que la sentencia aplicará sólo a las personas que demandaron.

Por ser tantos los demandantes, se ruega que fijen copia de este memorandum en el tablón de edictos de su área de trabajo, para conocimiento de todos los interesados.

TOTAL P.01

# AQUINO & BENIQUEZ

Aquino Núñez
G. Beníquez

Muñoz Rivera Núm. 26
Altos del Western Bank
Apartado 1426
Lares, Puerto Rico 00669-1426
Tel./Fax 897-7618

# MEMORANDUM

A: DEMANDANTES

DE: LCDO. ALBERTO ARESTI FRANCESCHINI

LCDA. CARMEN G. BENIQUEZ BENIQUEZ

LCDO. JORGE L. AQUINO NUÑEZ

FECHA: 03 de marzo del 2000

RE: ALFREDO MALDONADO RODRIQUEZ VS. NYDIA COTTO
Y ELA - KAC-96-1381 (905)
SENTENCIA DECLARATORIA

PALMIRA ACETY ROSARIO Y OTROS VS. ELA Y
DEPARTAMENTO DE SALUD
CIVIL NUM: KAC-98-0532

MARISOL ACEVEDO COLON Y OTROS VS. ELA Y
ADMINISTRACIÓN DE CORRECCION Y OTROS
CIVIL NUM: KAC 98-0530

JULIO AGUILA DE JESUS Y OTROS VS. CUERPO DE
BOMBEROS DE PUERTO RICO, EMERGENCIAS MEDICAS ESTATAL -
CIVIL NUM: KAC-98-0531

ASUNTO: INFORME SOBRE EL ESTADO DEL CASO

*[Nota manuscrita: 28/mar 20/2000 Sra. Velez: indico hubo vista del caso de nosotros el 2 marzo/2000 y esta pendiente de informe Caso # KAC-99-0669]*

El pasado 23 de febrero del 2000, se celebró una vista de seguimiento en los casos de la referencia, los que fueron consolidados para tramitarse en la Sala 905 del Centro Judicial de San Juan. El Juez Rivera González luego de escuchar los abogados de las partes, requirió que sometan una Estipulación en cuanto a las leyes aplicables al caso. Se someterán certificación al Tribunal sobre el muestreo de los casos en el pleito de los oficiales de custodia. En los casos de los empleados civiles no había muestreo.

El Juez, Hon. Rivera González, señaló que se dictará sentencia después de radicada la estipulación en cuanto a las leyes aplicables; y en la misma ordenará al Gobierno que incluyan en el próximo presupuesto la cantidad que habrá de pagársele a los demandantes.

Hay que someter al Tribunal un estudio económico para determinar la cuantía de la sentencia y la cantidad que corresponderá a cada uno de los demandantes que tengan derecho a compensación.

Se señaló una vista para el 4 de abril del 2000 a las 9:00 A.M. en la Sala 905 del Centro Judicial de San Juan.

Les recordamos que la Sentencia que dicte el Tribunal sólo aplicará a aquellos que demandaron y que tengan derecho a compensación a tenor con las leyes aplicables.

| | |
|---|---|
| 6944227953b 990208 006800 **20*00 | |

DO NOT SEND THIS RECEIPT FOR PAYMENT
KEEP IT FOR YOUR RECORDS

SERIAL NUMBER / POST OFFICE / U.S. DOLLARS AND CENTS

PAY TO: Law William Kirkchley
ADDRESS: Ell Union Plaza
         Ave Ponce de Leon
C.O.D. NO. OR USED FOR: Ring Key Pr

CHECKWRITER: 
FROM: Rosu E. Romeri Miranda
ADDRESS: Box 1116
         San German, PR 00683

Amount: $20.00

(CIVILES)

## LIC. WILLIAM J. RIEFKOHL
### SUITE 204
### EDIFICIO UNION PLAZA
### AVE. PONCE DE LEON 416
### HATO REY, PUERTO RICO 00918
### TELEFONO: (787) 763-4736

## CONTRATO DE SERVICIOS PROFESIONALES

NOMBRE: Rosa E. Ramírez Miranda
NUMERO DE EMPLEADO: _____
FECHA DE INGRESO AL SERVICIO PUBLICO: 29 Sept. 1978
SEGURO SOCIAL #  redacted  2468
FECHA DE ESTE CONTRATO: _____
AGENCIA GUBERNAMENTAL PARA LA CUAL TRABAJA: ASSMCA (Depto. de Salud)

1. Mediante este contrato nombro al Lcdo. William J. Riefkohl y al Lcdo. Alberto Aresti como mis representantes legales en la reclamación de cualquier aumento, compensación, estipendio o pasos a que yo tenga o pueda tener derecho p razón de mis servicios prestados al Gobierno del Estado Libre Asociado de Puerto Rico.

2. Esta reclamación se basa en la Ley Núm. 89 del 12 de julio de 1979, en la ley Núm. 12 de 1982 y/o cualquier ou ley que conceda aumentos de pago de sueldo y que sea aplicable.

3. Convengo en pagar a mi representación legal la cantidad de $20.00 para gastos iniciales al aceptar mi caso y un 20% de la cantidad total que recobre para mi beneficio. Autorizo al Tribunal Sentenciador y/o al funcionario de la agenci adjudicativa correspondiente que del total de la cantidad que se me adjudique pague directamente a mi representación legal dich 20%.

4. Entiendo que este caso se tramitará a mi nombre como demandante o peticionario y que ninguna unión o asociación privada o de empleados públicos actuará en mi nombre, siendo mi única y exclusiva representante legal la ya designada.

5. Estoy de acuerdo que a discreción de mi abogado mi caso sea tramitado conjuntamente con el de otros demandantes o peticionarios.

FIRMA: Rosa E. Ramírez Miranda
DIRECCION: Box 1646
San Germán, P.R. 00683

TEL. RES. 892-5692     TEL. TRAB. 833-3400

Paid $20
Mo. Order.
9/2/99
Elinor

Al presente estoy:
a. Activo en el Servicio Público y ocupo la plaza de Secretaria V
b. Pensionado desde (fecha) _____
c. Inactivo-retirado desde (fecha) _____

NOMBRE, DIRECCIÓN Y TELÉFONO DE UN FAMILIAR O ALLEGADO CERCANO:
Gilberto Ramírez
Box 1646 San Germán, P.R. 00683
892-5692

10. El tutor testamentario que no cumpla con los requisitos indispensables para empezar el ejercicio de su cargo.

11. Los que no residan en Puerto Rico.

12. Los que hubieren sostenido maliciosa e injustificadamente alguna querella contra el menor o acusación criminal contra sus ascendientes o colaterales hasta el cuarto grado."

Sección 2.—Esta ley empezará a regir inmediatamente después de su aprobación.

*Aprobada en 4 de junio de 1983.*

---

Empleados Públicos—Aumento General de Sueldo; Fondos

(P. de la C. 805)

[NÚM. 83]

[*Aprobada en 4 de junio de 1983*]

LEY

Para enmendar los Artículos 4 y 6 de la Ley 12 de 27 de agosto de 1982, a fin de posponer hasta el 1 de abril de 1984, la fecha en que se adoptará la primera etapa del plan integral a largo alcance encaminado a mejorar las condiciones económicas de los empleados públicos, para proveer un aumento de sueldo general para los empleados públicos a partir del 1 de octubre de 1983 hasta el 31 de marzo de 1984, y para disponer la forma en que se habrán de sufragar los fondos necesarios para llevar a cabo los propósitos de esta ley.

EXPOSICIÓN DE MOTIVOS

Conforme a lo estipulado en la Exposición de Motivos de la Ley 12 de 27 de agosto de 1982 es política pública del Gobierno del Estado Libre Asociado de Puerto Rico mejorar la condición económica de los empleados públicos dentro de la capacidad fiscal del momento.

Al aprobarse la Ley Núm. 12, la situación fiscal del Gobierno no permitía incurrir en los altos costos que conllevaría la adopción de la primera etapa del Plan Integral para Mejorar la Situación Retributiva de los Empleados Públicos, por lo que se optó por

autorizar la concesión de una bonificación o compensación especial no recurrente que terminaría en septiembre de 1983, dando paso entonces a la adopción, el primero de octubre de 1983, de la primera etapa del mencionado plan integral.

La situación económica del Gobierno del Estado Libre Asociado de Puerto Rico no ha variado, lo que hace necesario posponer la implantación de la primera etapa del plan integral de retribución para una fecha futura. La posposición aquí propuesta, por lo tanto, daría un mayor margen de tiempo, en espera de que mejore la situación fiscal y se pueda cumplir a cabalidad con el compromiso económico que implicaría la adopción total de la primera etapa del estudio integral de retribución.

No obstante, siguiendo la política retributiva establecida encaminada hacia el mejoramiento económico de los servidores públicos, dentro de las posibilidades fiscales, se otorgarán aumentos de sueldo a los empleados hasta el 1ro. de abril de 1984, fecha en que se implantará la primera etapa del estudio integral de sueldos.

*Decrétase por la Asamblea Legislativa de Puerto Rico:*

Sección 1.—Se enmienda el Artículo 4 de la Ley 12 de 27 de agosto de 1982,[96] para que lea como sigue:

"Artículo 4.—Revisiones de las Estructuras Retributivas y Aumento de Sueldo General para los Empleados Públicos

El primero de abril de 1984 se adoptará la primera etapa del plan integral a largo alcance encaminado a reestructurar las escalas retributivas vigentes sobre una base porcentual y mejorar la situación económica de los empleados públicos. Esta fase del plan incluirá la adopción de nuevas escalas de retribución desarrolladas sobre una base porcentual y conllevará, además, incrementos en sueldos para los maestros y demas personal docente del Departamento de Instrucción Pública y para aquel personal docente cubierto en la Ley 18 de 19 de abril de 1955;[97] para los miembros del Cuerpo de la Policía y para los demás empleados públicos dentro del Sistema de Personal creado a virtud de la Ley de Personal del Servicio Público, así como para a los que forman parte del sistema autónomo de la Rama Judicial.

El Gobernador de Puerto Rico someterá a la Asamblea Legislativa la legislación correspondiente para esta revisión de las escalas retributivas.

---

[96] 3 L.P.R.A. sec. 757-1d.
[97] 3 L.P.R.A. secs. 699 y 700.

A partir del 1 de octubre de 1983 y hasta el 31 de marzo de 1984 todos los empleados públicos de la Rama Ejecutiva, sin distinción de status ni categorías que formen parte del Sistema de Personal creado en virtud de la Ley de Personal del Servicio Público y los empleados de la Rama Judicial, recibirán un aumento de sueldo de $30 mensuales. Los maestros y demás personal docente, recibirán un incremento salarial de $45 mensuales y los miembros de la Policía de Puerto Rico quienes recibirán un aumento de $35 mensuales. Este aumento se concederá independientemente del sueldo que esté devengando el funcionario o empleado.

Cuando en un puesto se prestaren servicios a base de jornada parcial, el aumento a concederse será proporcional a la jornada de trabajo."

Sección 2.—Se enmienda el Artículo 6 de la Ley 12 de 27 de mayo de 1982,[98] para que lea como sigue:

"Artículo 6.—Asignación de Fondos

Los fondos necesarios para sufragar el costo de los Bonos y el aumento de sueldo general para los funcionarios y empleados que se mencionan en la presente ley de las agencias cuyo presupuesto de gastos de funcionamiento son con cargo al Fondo General, serán consignados anualmente en la Resolución Conjunta del Presupuesto General. Los Bonos y los aumentos de sueldo general de los funcionarios y empleados públicos cuyo presupuesto no se financia del Fondo General, se pagarán de los fondos propios especiales de los cuales se sufragarán los gastos de funcionamiento de tales organismos."

Sección 3.—Esta ley entrará en vigor inmediatamente después de su aprobación.

*Aprobada en 4 de junio de 1983.*

---

[98] 3 L.P.R.A. sec. 757-1f.

**Empleados Públicos—De Carrera y de Confianza; Escalas de Sueldos; Fondos**

(P. de la C. 806)

[NÚM. 84]

[*Aprobada en 4 de junio de 1983*]

LEY

Para enmendar el Artículo 6 de la Ley 89 de 12 de julio de 1979, enmendada, conocida como Ley de Retribución Uniforme, mediante la implantación de nuevas estructuras retributivas para los servicios de carrera y de confianza de la Administración Central, el Artículo 13 para disponer de la asignación de fondos y para reglamentar lo relativo al ajuste del sueldo de los empleados.

EXPOSICIÓN DE MOTIVOS

Las estructuras de salarios vigentes para la fijación de los sueldos que se pagan al personal en los servicios de carrera y de confianza de la Administración Central entraron en vigor al primero de julio de 1980 y primero de marzo de 1979, respectivamente.

Desde entonces, el índice de crecimiento salarial registrado en el Sector Privado y en las Corporaciones Públicas que operan como empresas privadas ha superado por mucho el registrado en el Sistema de Personal creado en virtud de la Ley 5 de 14 de octubre de 1975, según enmendada.[99] Esta situación ha incrementado la brecha que por largos años ha existido entre los sueldos de los empleados del sector privado y de las Corporaciones Públicas antes aludidas, vis a vis, los empleados que forman parte del mencionado sistema de personal. Lo anterior quedó demostrado en la encuesta de salarios realizada durante el primer semestre de 1982 como parte del estudio integral de retribución que realizó una firma consultora por encomienda de la Oficina Central de Administración de Personal. Mediante el aludido estudio se hizo una evaluación crítica de las estructuras retributivas vigentes en el actual Sistema de Personal, las que se aplican al Cuerpo de la Policía, al personal docente del Departamento de Instrucción Pública y el cubierto por la Ley 18 de 19 de abril de 1955[1] y al personal exclusivo de la Administración de

---

[99] 3 L.P.R.A. secs. 1301 a 1431.
[1] 3 L.P.R.A. secs. 699 y 700.

recta. Si por necesidades del servicio se suministraren comidas, hospedajes, uniformes o cualquier otro beneficio, el costo de tales obvenciones no se deducirá del sueldo del empleado. Si estas obvenciones se ofrecieran bajo otras circunstancias, la concesión de las mismas se regirá por la reglamentación que al efecto adopte el Director.

(4) Cuando las circunstancias lo justifiquen y los recursos fiscales lo permitan el Director podrá reajustar el cuadro de la estructura contenida en este artículo, eliminando no más de tres escalas y añadiendo no más de tres.

(5) Los sueldos individuales de los empleados deberán coincidir con alguno de los tipos establecidos en la escala correspondiente que forme parte de la nueva estructura.

(6) Siempre que una acción de personal tenga el efecto de alterar el sueldo de algún empleado, el mismo se ajustará conforme a la naturaleza de la misma.

(7) Si como efecto de la implantación de la nueva estructura salarial adoptada, el sueldo de algún empleado no coincidiese con alguno de los tipos retributivos de la escala correspondiente, el mismo habrá de ajustarse al próximo tipo superior de la escala, independientemente del tipo que sea.

(8) Si el sueldo del empleado estuviere en el máximo de la escala o sobrepasare el mismo, el ajuste se hará en factor del correspondiente incremento porcentual que conlleva la escala.

(9) Los diferenciales autorizados en virtud de la Ley 89 del 12 de julio de 1979, según enmendada,[3] se ajustarán conforme a la nueva estructura retributiva.

(10) Al adoptarse la nueva estructura salarial, los sueldos de los empleados se ajustarán de la siguiente forma:

El que esté bajo el mínimo irá al nuevo tipo mínimo. El salario de aquellos empleados que devenguen sueldos superiores al tipo mínimo de la escala por motivo de haber recibido aumentos de sueldo durante la vigencia de la anterior estructura, se ajustará de modo que se reconozcan todos los aumentos de sueldo recibidos durante la vigencia de la estructura salarial suplantada.

Las presentes reglas de interpretación y administración de las Escalas de Sueldos aplicarán al Servicio de Carrera y de Confianza, para la estructura que entrará en vigor el primero de abril de 1984.

---

[3] 3 L.P.R.A. secs. 760 a 760j.

Sección 2.—Asignación de Fondos

Los fondos necesarios para implantar las estructuras retributivas que entrarán en vigor el primero de abril de 1984, se consignarán en el Presupuesto General de Gastos.

Sección 3.—Derogación

Por la presente se deroga toda ley o parte de ley que resulte incompatible con la presente.

Sección 4.—Vigencia.—Esta ley entrará en vigor el primero de abril de 1984.

*Aprobada en 4 de junio de 1983.*

---

### Educadores en Salud—Profesión; Reglamentación

(P. de la C. 934)

[NÚM. 85]

[*Aprobada en 4 de junio de 1983*]

LEY

Para adicionar un nuevo Artículo 1; enmendar el inciso (a) y adicionar los incisos (c) y (d) al Artículo 1 y redesignarlo como Artículo 2; enmendar los incisos (a) y (b) y enmendar y redesignar el inciso (e) como inciso (d) del Artículo 2 y redesignarlo como Artículo 3; enmendar el Artículo 3 y redesignarlo como Artículo 4; enmendar los incisos (a), (c), (d), (g) y (h) y adicionar los incisos (i), (j), (k), (l), (m) y (n) al Artículo 4 y redesignarlo como Artículo 5; enmendar los incisos (a), (c) y (d) y adicionar el inciso (e) el Artículo 5 y redesignarlo como Artículo 6; enmendar el inciso (b) y adicionar el inciso (d) al Artículo 6 y redesignarlo como Artículo 7; enmendar el Artículo 7 y redesignarlo como Artículo 8; enmendar el Artículo 8 y redesignarlo como Artículo 9; enmendar los incisos (a) y (b) y adicionar el inciso (c) al Artículo 9 y redesignarlo como Artículo 10; enmendar el Artículo 10 y redesignarlo como Artículo 11 y adicionar el Artículo 12 a la Ley Núm. 148 de 4 de julio de 1975 que crea la Junta Examinadora de Educadores en Salud, a fin de autorizar y reglamentar el ejercicio de la profesión de Educador en Salud Comunal;