# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al<br><br>Debtors<br>_____<br><br>THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS<br><br>and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE COMMONWEALTH OF PURTO RICO,<br><br>as co-trusted respectively, of<br><br>THE COMMONWEALTH OF PURTO RICO,<br>        Plaintiffs<br><br>v.<br><br>APEX GENERAL CONTRACTORS, LLC,<br>        Defendant | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered)<br><br><br>Adv. Proc. No. _____ |

**ANSWER TO COMPLAINT**

**TO THE HONORABLE COURT:**

Now comes Defendant, **APEX GENERAL CONTRACTORS, LLC**, hereinafter, "the ("Appearing Defendant") and respectfully alleges and prays as follows:

**GENERAL ALLEGATIONS**

1

1. All conclusions of law and/or assertions of jurisdiction and venue alleged in the April 30, 2019 Adversary Complaint (the "Complaint") are hereby denied.

2. All factual allegations alleged in the Complaint, except those specifically admitted below are hereby denied.

3. Defendant reserves the right to amend its answer to the Complaint and/or to assert additional affirmative defenses depending on additional information which may be revealed during the course of discovery and/or the proceedings in this case.

## APPEARANCE AND INTRODUCTION

The first paragraph of the Complaint is the appearance that consists of statements and/or conclusions as to matters of fact and/or law, and/or is not directed to appearing defendant, and as such does not require a responsive pleading; however inasmuch as a response is required, it is denied.

## NATURE OF PROCEEDINGS

1. Paragraph (1) of the Complaint consists of general statements and/or conclusions as to matters of fact and/or law, and/or is not directed to appearing defendant, and as such does not require a responsive pleading; however inasmuch as a response is required, it is denied. However, it is specifically denied that the Commonwealth made any transfer to the appearing defendant that is fraudulent under the Bankruptcy Code and/or Puerto Rico law.

2. Paragraph (2) of the Complaint consists of general statements and/or conclusions as to matters of fact and/or law, and/or is not directed to appearing defendant, and as such does not require a responsive pleading; however inasmuch as a response is required, it is denied.

3. Paragraph (3) of the Complaint consists of general statements and/or conclusions as to matters of fact and/or law, and/or is not directed to appearing defendant, and as such does not require a

2

responsive pleading; however inasmuch as a response is required, it is denied. However, it is affirmatively alleged that the Commonwealth did not make any transfer to the appearing defendant that is fraudulent under the Bankruptcy Code and/or Puerto Rico law.

## PARTIES

4. Paragraph (4) of the Complaint consists of statements and/or conclusions as to matters of fact and/or law, and/or is not directed to appearing defendant, and as such does not require a responsive pleading; however inasmuch as a response is required, it is denied.

5. Paragraph (5) of the Complaint consists of statements and/or conclusions as to matters of fact and/or law, and/or is not directed to appearing defendant, and as such does not require a responsive pleading; however inasmuch as a response is required, it is denied.

6. Paragraph (6) of the Complaint is admitted.

## JURISDICTION AND VENUE

7. Paragraph (7) of the Complaint consists of statements and/or conclusions as to matters of law, and as such does not require a responsive pleading; however inasmuch as a response is required, it is denied. However, it is affirmatively alleged that the Commonwealth did not make any transfer to the appearing defendant that is fraudulent under the Bankruptcy Code and/or Puerto Rico law that may be recovered for the Commonwealth.

8. Paragraph (8) of the Complaint consists of statements and/or conclusions as to matters of law regarding subject matter jurisdiction of this Court, and as such does not require a responsive pleading; however inasmuch as a response is required, it is denied.

9. Paragraph (9) of the Complaint consists of statements and/or conclusions as to matters of law regarding proper venue in this district, and as such does not require a responsive pleading; however inasmuch as a response is required, it is denied.

**FACTUAL BACKGROUND**

10. Paragraph (10) of the Complaint consists of general statements and/or conclusions as to matters of fact and/or law, and/or is not directed to appearing defendant, and as such does not require a responsive pleading; however inasmuch as a response is required, it is denied. However, it is affirmatively alleged that defendant does not have any debt adjustment pending in favor of the Commonwealth of Puerto Rico.

11. Paragraph (11) of the Complaint is denied. It is affirmatively alleged that the Commonwealth did not make any fraudulent payment to defendant and/or that the Exhibit A attached to the Complaint is NOT a true and detailed listing of fraudulent transfers to Defendant by the Commonwealth.

12. Paragraph (12) of the Complaint is denied. It is affirmatively alleged that any payment to Defendant by the Commonwealth has always been pursuant to a contract in writing, evidence that the Commonwealth received value in exchange for transfers and that these contracts were included in the books and records of the Commonwealth maintained by the Office of the Comptroller of Puerto Rico.

13. Paragraph (13) of the Complaint consists of statements and/or conclusions as to matters of fact and/or law, and/or is not directed to appearing defendant, and as such does not require a responsive pleading; however inasmuch as a response is required, it is denied. It is affirmatively alleged that Defendant has no knowledge and/or responsibility if "The Commonwealth's books and records beginning at least as early as 2012 and continuing to the present, demonstrate that its liabilities have exceeded the value of assets in each fiscal year, and thus also at the time of the Transfers".

4

14. Paragraph (14) of the Complaint consists of statements and/or conclusions as to matters of fact and/or law, and/or is not directed to appearing defendant, and as such does not require a responsive pleading; however inasmuch as a response is required, it is denied. It is affirmatively alleged that appearing defendant has no knowledge and/or responsibility if "the Commonwealth's books and records from at least as early as fiscal year 2012 to fiscal year 2017 demonstrate a consistent trend of mounting liabilities and dwindling assets, such that at no point during that period has the value of its assets exceeded its liabilities".

15. Paragraph (15) of the Complaint consists of statements and/or conclusions as to matters of fact and/or law, and/or is not directed to appearing defendant, and as such does not require a responsive pleading; however inasmuch as a response is required, it is denied. It is affirmatively alleged that appearing defendant has no knowledge and/or responsibility if "The Commonwealth defaulted on certain general obligations due July 1, 2016.

16. Paragraph (16) of the Complaint consists of statements and/or conclusions as to matters of fact and/or law, and/or is not directed to appearing defendant, and as such does not require a responsive pleading; however inasmuch as a response is required, it is denied. It is affirmatively alleged that appearing defendant has no knowledge and/or responsibility if "At all times since 2012, the Commonwealth has failed to appropriate sufficient funds for the operations of several of its instrumentalities and failed to make required deposits on certain pension obligations and pay guaranteed debt".

17. Paragraph (17) of the Complaint consists of statements and/or conclusions as to matters of fact and/or law and/or is not directed to appearing defendant, and as such does not require a responsive pleading; however inasmuch as a response is required, it is denied. It is affirmatively

5

alleged that at the time transfers were made to appearing defendant by the Commonwealth was not incurring obligations that were beyond its ability to repay as they became due.

18. Paragraph (18) of the Complaint is denied. It is affirmatively alleged that the Commonwealth was able to pay its debts at the time the transfers were made to Defendant.

19. Paragraph (19) of the Complaint consists of statements and/or conclusions as to matters of fact and/or law and/or is not directed to appearing defendant, and as such does not require a responsive pleading; however inasmuch as a response is required, it is denied. It is affirmatively alleged that at the time transfers were made to appearing defendant, the Commonwealth represented that Puerto Rico's debt service requirements were sustainable.

20. Paragraph (20) of the Complaint consists of statements and/or conclusions as to matters of fact and/or law, and/or is not directed to appearing defendant, and as such does not require a responsive pleading; however inasmuch as a response is required, it is denied. It is affirmatively alleged that appearing defendant has no knowledge and/or responsibility if "The Commonwealth defaulted on certain general obligation debt in 2016 as it was unable to pay debts while delivering services at the level and quality required for the health, safety, and welfare of Puerto Rico.

21. Paragraph (21) of the Complaint is denied. It is affirmatively alleged that the Commonwealth made no avoidable transfers to appearing defendant during the constructive fraudulent transfer period that may be recover for the Commonwealth. Defendant reserves the right to amend its answer to the Complaint and/or to assert additional affirmative defenses depending on additional information which may be revealed during the course of discovery and/or the proceedings in this case.

6

## CLAIMS FOR RELIEF

### COUNT I
### (Return of Unlawful Disbursements Pursuant to
### 2 L.P.R.A. § 97, L.P.R.A. § 283h)

22. As to paragraph (22) of the Complaint, Defendant repeats and fully incorporates by reference each and every answer contained in the preceding paragraphs of this Answer to the Complaint as if fully set forth herein.

23. Paragraph (23) of the Complaint is denied. The Office of the Controller must have an executed copy of a contract between the Commonwealth and Defendant as necessary to evidence the propriety of the Transfers

24. Paragraph (24) of the Complaint is denied. The contracts between the Commonwealth and Defendant were always reduced to writing to evidence the propriety of the Transfers.

25. Paragraph (25) of the Complaint is denied. The Transfers were disbursements of public funds authorized by law.

26. Paragraph (26) of the Complaint is denied. The Transfers, being public monies disbursed lawfully, may not be recovered.

27. Paragraph (27) of the Complaint is denied. The Oversight Board is NOT entitled to recover from the Defendant any amount of cash equal to the aggregate amount of the transfers or any other amount.

### COUNT II
### (Avoidance of Constructive Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(B)

28. As to paragraph (28) of the Complaint, Defendant repeats and fully incorporates by reference each and every answer contained in the preceding paragraphs of this Answer to the Complaint as if fully set forth herein.

7

29. Paragraph (29) of the Complaint is denied. The Commonwealth's books and records maintained by the Office of the Controller contain all contracts evidencing that the Commonwealth received value in exchange for any transfer made to Defendant.

30. Paragraph (30) of the Complaint is denied. The Commonwealth was solvent on the date that the transfers were made.

31. Paragraph (31) of the Complaint is denied for lack of responsibility and/or knowledge or information sufficient to form a belief as to the truth of the matters pled therein.

32. Paragraph (32) of the Complaint is denied for lack of responsibility and/or knowledge or information sufficient to form a belief as to the truth of the matters pled therein.

## COUNT III
### (Rescission of Transfer Pursuant to 31 L.P.R.A. §§ 3491-3500 and 11 U.S.C. § 544(b))

33. As to paragraph (33) of the Complaint, Defendant repeats and fully incorporates by reference each and every answer contained in the preceding paragraphs of this Answer to the Complaint as if fully set forth herein.

34. Paragraph (34) of the Complaint is denied. At the time of the transfers, the Commonwealth was solvent and/or represented that it was solvent.

35. Paragraph (35) of the Complaint is denied. Defendant did not know that the Commonwealth was insolvent, or in the vicinity of insolvency, or unable to satisfy its obligations as the transfers became due.

36. Paragraph (36) of the Complaint is denied for lack of responsibility and/or knowledge or information sufficient to form a belief as to the truth of the matters pled therein.

37. Paragraph (37) of the Complaint is denied.; Defendant did not know that the Commonwealth's patrimony was insufficient to satisfy all the debts weighing upon it at the time of the Transfers.

38. Paragraph (38) of the Complaint is denied. At the time of the services were given and the payment as due, there was sufficient consideration for the transfers.

8

39. Paragraph (39) of the Complaint is denied. Consequently, there is no reason for the contracts to be deemed null and void and for Defendant to return to the Oversight Board the transfers made to Defendant.

40. Paragraph (40) of the Complaint is denied. Other remedies may be afforded pursuant to Counts I and II, to the Oversight Board.

## COUNT IV

### (Recovery of Avoided Transfer Pursuant to 11 U.S.C. § 550)

41. As to paragraph (41) of the Complaint, Defendant repeats and fully incorporates by reference each and every answer contained in the preceding paragraphs of this Answer to the Complaint as if fully set forth herein.

42. Paragraph (42) of the Complaint is denied. All the transfers done to Defendant were according to the law.

43. Paragraph (43) of the Complaint is denied. Pursuant to 11 U.S.C. § 550(a), the Oversight Board is NOT entitled to recover from the Defendant any amount of money.

## COUNT V

### (Disallowance of all Claims Pursuant to 11 U.S.C. § 502(d) and (j))

44. As to paragraph (44) of the Complaint, Defendant repeats and fully incorporates by reference each and every answer contained in the preceding paragraphs of this Answer to the Complaint as if fully set forth herein.

45. Paragraph (45) of the Complaint is denied. The Oversight Board is NOT entitled to recover from the Defendant.

46. Paragraph (46) of the Complaint is denied. The Defendant does not have to repay the amount of the transfers, or turn over any property to the Oversight Board.

47. Paragraph (47) of the Complaint is denied. Any and all Claims of the Defendant and/or its assignee against the Commonwealth must be allowed since Defendant does not owe any payments to the Oversight Board.

48. Paragraph (48) of the Complaint is denied. Defendant does not owe any payment to the Oversight Board.

## PRAYER FOR RELIEF

128. The ten subparagraphs from A to J following the WHEREFORE clause are prayers for relief, and as such do not require a responsive pleading thereto; however inasmuch as a response is required to any of the subparagraphs, such subparagraphs are denied.

## AFFIRMATIVE DEFENSES

1. The Appearing Defendant repeats and reasserts each and every one of the answers to the factual allegations and the defenses set forth before, with the same force and effect as if fully set forth herein.

2. The Complaint fails to state a claim upon which relief can be granted under any and all legal provisions cited therein.

3. This complaint is frivolous and has been filed without a reasonable basis to believe it has any merit, hence, this justifies not only its dismissal but an order for Plaintiff to pay for Defendant's costs and attorney's fees.

4. Any purported contract between the Commonwealth and the defendant is valid and enforceable.

5. Any funds disbursed in relation to any contracts between the Commonwealth and the defendant were lawfully transferred pursuant to the local law.

6. The Commonwealth is not entitled to recover from the Defendant any amount of the transfers made.

7. The 2-Year transfers are not avoidable under 11 U.S.C. § 548.

8. The transfers are not avoidable under 11 U.S.C. § 544 and 31 L.P.R.A. § 3493.

10

9. The transfers, to the extent they cannot be avoided pursuant to 11 U.S.C. § 544 and 548, cannot be recovered by the Oversight Board pursuant to 11 U.S.C. § 550.

10. Claims held by the Defendant and/or its assignee against the Commonwealth cannot be disallowed until the Defendant satisfies the judgment, in accordance with 11 U.S.C. § 502(d).

11. Plaintiff is not entitled to be awarded pre-judgment interest at the maximum legal rate running from the date of the Complaint to the date of judgment.

12. Plaintiff is not entitled to be awarded post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

13. Plaintiff is not entitled to judgment in its favor or costs, or to attorneys' fees.

14. The Defendant is not an entity from which property is recoverable under 11 U.S.C. § 550.

15. The Defendant does not have to repay the amount of the transfers, or turn over such property to the Oversight Board, because the Defendant is not liable under 11 U.S.C. § 550.

16. Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendant and/or its assignee against the Commonwealth must be allowed since the Defendant does not have to pay to the Oversight Board, the aggregate amount of the transfers.

17. The Commonwealth did not make any transfer to the appearing defendant that is fraudulent under the Bankruptcy Code and/or Puerto Rico law and that may be recovered for the Commonwealth.

18. Defendant does not have any debt adjustment pending in favor of the Commonwealth of Puerto Rico.

19. The Exhibit A attached to the Complaint lacks information and is NOT a true and valid detailed listing of fraudulent transfers to Defendant by the Commonwealth.

11

20. Any payment to Defendant by the Commonwealth has always been pursuant to a contract after evidencing that the Commonwealth received value in exchange for transfers and all of the contracts between the Commonwealth and defendant were included in the books and records of the Commonwealth maintained by the Office of the Comptroller of Puerto Rico.

21. Defendant denies for lack of knowledge if the Commonwealth's books and records beginning at least as early as 2012 and continuing to the present, demonstrate that the liabilities of the Commonwealth have exceeded the value of assets in each fiscal year, and/or at the time of the transfers but if true, that does not affect the validity of the contracts and transfers between the Commonwealth and the Defendant, because the disbursements were budgeted for the year.

22. Defendant denies for lack of knowledge if the Commonwealth's books and records from at least as early as fiscal year 2012 to fiscal year 2017 demonstrate a consistent trend of mounting liabilities and dwindling assets, such that at no point during that period has the value of its assets exceeded its liabilities but if true, that does not affect the validity of the contracts and transfers between the Commonwealth and the Defendant because the disbursements were budgeted.

23. Defendant denies for lack of knowledge if the Commonwealth defaulted on certain general obligations due July 1, 2016; but if true, that does not affect the validity of the contracts and transfers between the Commonwealth and the Defendant because the disbursements were budgeted for the year.

24. Defendant denies for lack of knowledge if the Commonwealth has failed to appropriate sufficient funds for the operations of several of its instrumentalities and failed to make required deposits on certain pension obligations and pay guaranteed debt; but if true, that does not affect the validity of the contracts and transfers between the Commonwealth and the Defendant, because the disbursements were budgeted for the year.

25. At the time transfers were made to appearing defendant, the Commonwealth was not incurring obligations that were beyond its ability to repay as they became due.

26. The Commonwealth was able to pay its debts at the time the transfers were made to Defendant; but if true, that does not affect the validity of the contracts and transfers between the Commonwealth and the Municipality because the disbursements were budgeted for the year.

27. Defendant denies for lack of knowledge if, at the time transfers were made to appearing defendant, Puerto Rico's debt service requirements were sustainable or not; but if true, that does not affect the validity of the contracts and transfers between the Commonwealth and the Defendant because the disbursements were budgeted for the year.

28. Defendant denies for lack of knowledge if, the Commonwealth defaulted on certain general obligation debt in 2016 and was unable to pay debts while delivering services at the level and quality required for the health, safety, and welfare of Puerto Rico; but if true, that does not affect the validity of the contracts and transfers between the Commonwealth and the Defendant because the disbursements were budgeted for the year.

29. The Commonwealth made no avoidable transfers to appearing defendant during the constructive fraudulent transfer period, that may be recover for the Commonwealth.

30. The Office of the Controller had an executed copy of a written contract between the Commonwealth and Defendant as necessary to evidence the propriety of the transfers.

31. Defendant had a contract that was reduced to writing to evidence the propriety of the transfers.

32. The transfers were disbursements of public funds authorized by law.

33. The transfers, being public monies disbursed lawfully, may not be recovered.

34. The Oversight Board is NOT entitled to recover from the Defendant an amount of cash equal to the aggregate amount of the transfers or any other amount.

35. The Commonwealth was solvent on the date that the transfers were made.

36. Defendant did not know that the Commonwealth was insolvent, or in the vicinity of insolvency, or unable to satisfy its obligations as the transfers became due.

37. The Commonwealth represented to Defendant that its patrimony was sufficient to satisfy all the debts weighing upon it at the time of the transfers.

38. At the time the Commonwealth received value in exchange for transfers and the payment was due, there was sufficient consideration for the transfers. There is no reason for the contracts to be deemed null and void and for Defendant be returned to the Oversight Board the transfers made to Defendant.

39. All the transfers done to Defendant were according to the law.

40. Pursuant to 11 U.S.C. § 550(a), the Oversight Board is NOT entitled to recover from the Defendant any amount of cash.

41. The Oversight Board is NOT entitled to recover from the Defendant.

42. The Defendant does not have to repay the amount of the transfers, or turn over such property to the Oversight Board.

43. Any and all claims of the Defendant and/or its assignee against the Commonwealth must be allowed since Defendant does not owe any payments to the Oversight Board.

44. Some or all of the claims alleged in the Complaint are time-barred by the applicable statute of limitations.

45. Defendant denies any liability under Puerto Rico law or any of the federal statutory provisions and any cause of action in the present case.

46. Plaintiff has failed to clearly establish the necessary elements against the appearing Defendant under the aforementioned federal and local statutes.

47. Defendant has complied with all its legal obligations toward the Plaintiff.

48. Defendant does not owe Plaintiff any amount on account of any legal duty or obligation.

49. Defendant has acted with just cause and legitimate grounds linked to the proper operation of business, in good faith, and without malice or negligence.

50. Defendant denies the applicability of the legal dispositions cited in the Complaint, and any cause of action under them, in the present case.

51. Plaintiff is not entitled to any relief because Defendant has not engaged in any unlawful employment practices

52. Plaintiff is not entitled to any remedy under any statute or regulation, be it federal or local nor to be awarded the costs incurred in this litigation nor attorney's fees.

53. Collateral Estoppel; Plaintiff is stopped from pursuing her claims by her own conduct and applicable law.

54. Plaintiff has pleaded and filed her Complaint in bad faith and thus should be barred from recovery in this action.

55. Pacta sunt servanda

56. The parties are bound by the clear terms of the Contract between the Commonwealth and Defendant.

57. Contracts are perfected by mere consent, and from that time they are binding, not only with regard to the fulfillment of what have been expressly stipulated, but also with regard to all the consequences which, according to their character, are in accordance with good faith, use, and law.

58. The Comptroller's Office Enabling Act, Act No. 18 of October 30 1975, 21 L.P.R.A. § 71 *et seq,* as amended by Act No. 127 of May 31, 2004, imposes on all government entities the obligation of maintaining a registry of all executed contracts, and of sending copies of those contracts to the Puerto Rico Comptroller's Office.

59. Defendant and the Commonwealth complied with the formal requirements that have to be met in order for any contract executed by a government entity and a private party to be valid: (1) the contract was in writing; (2) it was entered into a registry in order to establish the existence of the contract; and (3) a copy of such contract was remitted to the Comptrollers' Office within fifteen (15) days from the date on which the contract was executed. Once these three (3) requirements are met, the contracts are valid and demandable.

60. Defendant diligently performed all of its obligations and services under the Contracts with the Commonwealth, and beyond.

61. Article 1240 of the Puerto Rico Civil Code, *P.R. Laws Ann. tit. 31, § 3478,* states that "[t]he interpretation of obscure stipulations of a contract must not favor the party occasioning the obscurity." Therefore, ambiguities in the contract between the Commonwealth and Defendant should be construed against the party who drafted it. *González v. Coop. Seguros de Vida de P.R., 117 D.P.R. 659 (1986); La Sagrada Familia Cooperativa v. Castillo, 107 P.R.R. 405 (1978).*

62. The Commonwealth drafted the contract and submitted it to Defendant for its signature. If there are any ambiguities in the Contract, then those ambiguities must be construed against the Commonwealth.

63. Any act or omission which may be attributable to Defendant was based on legitimate business reasons unrelated to any perceived statutory right invoked by Plaintiffs and trusting the representations of the Commonwealth

16

64. Defendant always acted in good faith and without malice or willfulness.

65. All actions taken by Defendant with regard to Plaintiff were based on legitimate and reasonable business factors not related to any impermissible criterion, discriminatory intent or statutory prohibition, and all actions taken by Defendant were those that a reasonable prudent person would take without fault or negligence.

66. All actions or omissions taken by Defendant with regard to Plaintiff's were in good faith and for good cause; without ill motive, intent, malice, willfulness, or reckless disregard of Plaintiff's rights; and without disregard to any protected category or activity.

67. Plaintiff's claims are barred in whole or in part by the equitable doctrines of estoppel, waiver, unclean hands, and laches.

68. Plaintiffs' claims are barred in whole or in part by virtue of issue preclusion, fact preclusion, abstention, lack of standing, collateral estoppel and other doctrines of *res judicata*.

69. Appearing Defendant did not have a culpable state of mind.

70. Plaintiff did not comply with the pleading standard for its claims.

71. To establish the "facial plausibility" required to "unlock the doors of discovery," the Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (6).

72. Plaintiff failed to join indispensable parties.

73. The Court lacks subject matter jurisdiction; there is no venue.

74. The Complaint fails to state a claim cognizable under any Commonwealth of Puerto Rico statute, law and/or regulation.

75. The Complaint fails to state any claim cognizable under the Court's supplemental jurisdiction, 28 U.S.C. §§ 1367(a).

WHEREFORE, Defendant respectfully requests from the Honorable Court that the present action be dismissed with prejudice.

**RESPECTFULLY SUBMITTED.**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the instant document has been filed with the court's CM/ECF System, which will simultaneously serve notice on all counsel of record, to their registered e-mail addresses. Any non-registered attorneys and/or parties will be served via regular mail.

In San Juan, Puerto Rico, this 14th day of January 2020.

**FACCIO & PABON ROCA**
P.O. Box 11397
Urb. Hyde Park, 249 Las Marías
San Juan, PR 00927
Tel. 787-764-1800/Fax 787-777-0737

**S/ Luis Pabón-Roca**
Luis E. Pabón Roca
USDC-PR 210101
lpabonroca@microjuris.com

**S/ Clarisa Solá Gómez**
Clarisa Solá Gómez
USDC 210504
clarisasola@hotmail.com