# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>        Debtor | PROMESA<br>Title III<br><br>No. 17 BK 3566-LTS<br><br>Re: Adv. Pro. 19-366;<br>Adv. Pro 19-367 |

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "Title III"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric and Power Authority  (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS).

**RETIREE COMMITTEE'S RESPONSE TO BONDHOLDERS'
REQUESTS FOR ADMISSION TO THE OFFICIAL COMMITTEE OF
RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO**

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") responds as follows to Bondholders' Requests for Admission to the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Requests**").

**PRELIMINARY STATEMENT**

1. In responding to the Requests, the Retiree Committee does not concede the relevancy, materiality, or admissibility of any information or documents sought by any of these Requests or offered in any response thereto. The Retiree Committee's responses are made subject to and without waiver of any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information referred to or of the responses given herein, or of the subject matter thereof, in any proceeding, including the trial of this action or any other subsequent proceeding; and said responses are made specifically subject to the right to object to any use of these responses in any proceeding involving or relating to the subject matter of the requests responded to herein.

2. The Retiree Committee's General Objections to the Requests are set forth below. These General Objections are incorporated by reference into each of the Retiree Committee's responses and, where applicable, to the Definitions and Instructions, as though fully restated therein. Given that the discovery process has just begun, the Retiree Committee has not completed its investigation of the facts related to this case. The Retiree Committee answers the Requests based on its present knowledge, the documents and things presently in its possession, and the analysis it has completed to date. The Retiree Committee reserves the right to later supplement or amend these responses and objections to the Requests.

3. The assertion of additional specific objections to particular Requests shall not be construed as waiving any applicable General Objection.

## **GENERAL OBJECTIONS**

1. The General Objections apply to the Requests, whether or not specifically repeated in individual responses:

2. The Retiree Committee objects to the Requests, Definitions, and Instructions to the extent they seek to impose obligations on the Retiree Committee beyond, or inconsistent with, those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States District Court for the District of Puerto Rico, any order issued by the Court, and/or any agreement among the parties. The Retiree Committee objects to the Bondholders' attempted incorporation of the definitions and rules for the United States District Court for the Southern District of New York, which are not applicable in this proceeding.

3. The Retiree Committee objects to the Requests to the extent they seek information or materials protected by any applicable privilege, doctrine, or immunity, including but not limited to the attorney-client privilege. Any inadvertent disclosure of such information shall not be construed as a waiver of any privilege or protection.

4. To the extent any term defined or used in the Requests is used in responding to the Requests, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

5. Except for those facts expressly admitted herein, no admissions of any nature whatsoever are implied or should be inferred.

6. The Retiree Committee objects to the Requests' Definitions and Instructions to the extent that they purport to require the Retiree Committee to provide information not within its possession, custody or control. The Retiree Committee objects to the definitions of "You", "Your",

3

and "Affiliate" to the extent they are vague and ambiguous as applied to the Retiree Committee, including without limitation because the Retiree Committee does not have "Affiliates".

7. All responses are based solely upon such information that is presently available and known to the Retiree Committee. The Retiree Committee's investigation is ongoing, and the Retiree Committee reserves the right to amend any of its responses or objections to these Requests based on the Retiree Committee's continuing investigation in this proceeding.

8. These Responses and Objections should not be construed as: (a) an admission as to the propriety of any Request; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Request; (c) an acknowledgement that documents or other items responsive to any Request exist; (d) a waiver of the General Objections or the objections asserted in response to specific Requests; (e) an admission as to the relevance or admissibility into evidence of any documents, items, or information; (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation; or (g) an agreement that requests for similar documents, items, or information will be treated in a similar manner.

9. The Retiree Committee objects to Instruction 7 on the grounds it is overly broad, unduly burdensome, and does not seek discovery proportionate to the needs of the case. The Retiree Committee further objects to this Instruction to the extent it exceeds the scope of the rules and orders that govern this case.

10. The Retiree Committee objects to Instruction 8 and Instruction 9 on the grounds that they are overly broad, unduly burdensome, and do not seek discovery proportionate to the needs of the case. The Retiree Committee further objects to these Instructions to the extent they exceed the scope of the rules and orders that govern this case.

11. The Retiree Committee objects to Instruction 11 on the grounds that it is overly broad, unduly burdensome, and does not seek discovery proportionate to the needs of the case.

4

The Retiree Committee further objects to this Instruction to the extent it exceeds the scope of the rules and orders that govern this case. The Retiree Committee further objects to this Instruction on the grounds that it is unduly burdensome and not proportional to the needs of the case to the extent it requires a written privilege log for each document. Given the extremely abbreviated time frame for discovery in this matter, logging every document would be unduly burdensome and oppressive.

12. The Retiree Committee notes that the Bondholders served the Retiree Committee with identical Requests as the Bondholders served the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") and the Official Committee of Unsecured Creditors (the "**UCC**"). To the extent not otherwise stated herein, the Retiree Committee hereby incorporates the objections of ERS and the UCC as if those objections were set forth herein.

Incorporating and without waiving the above-stated General Objections, the Retiree Committee responds to the specific Requests as follows.

## RESPONSES

1. Admit that in exchange for issuing the ERS Bonds, ERS received nearly $3 billion from purchasers of those bonds.

    **RESPONSE**: In addition to its General Objections, the Retiree Committee objects to this Request because what ERS received is not relevant to the legal issue of whether the ERS Bonds were validly issued. The Retiree Committee also objects to this Request to the extent it assumes the receipt of money by ERS makes the ERS Bonds valid, which it does not. Subject to and without waiving any of its General or Specific Objections, the Retiree Committee denies this Request but admits that ERS received approximately $3 billion in connection with the conduct and occurrences that are the subject of the litigation underlying this discovery.

5

2. Admit that ERS received at least hundreds of millions of dollars for each series of ERS Bonds.

**RESPONSE**: In addition to its General Objections, the Retiree Committee objects to this Request because what ERS received is not relevant to the legal issue of whether the ERS Bonds were validly issued. The Retiree Committee also objects to this Request to the extent it assumes the receipt of money by ERS makes the ERS Bonds valid, which it does not. Subject to and without waiving any of its General or Specific Objections, the Retiree Committee denies this Request but admits that ERS received at least hundreds of millions of dollars in connection with each of the three purported issuances of ERS Bonds that are, at least in part, the subject of the litigation underlying this discovery.

3. Admit that, at the time of the issuance of the ERS Bonds, the ERS Enabling Act authorized ERS's Board of Trustees to incur debt on behalf of ERS and to secure such debt with ERS's assets.

**RESPONSE**: In addition to its General Objections, the Retiree Committee objects to this Request to the extent it seeks a legal interpretation or conclusion regarding the ERS Enabling Act, which speaks for itself. Subject to and without waiving any of its General or Specific Objections, the Retiree Committee denies this Request but admits that in 2008, the ERS Enabling Act granted the ERS Board of Trustees the power to authorize the ERS Administrator to seek a loan from any financial institution, from the Government of the Commonwealth of Puerto Rico or from the Federal Government of the United States of America, or through direct placements of debt, securing such debt with the assets of the System.

4. Admit that in connection with the issuance of the ERS Bonds, ERS stated that the ERS Enabling Act "authorizes the System to borrow money, including through the direct placement of debt, and secure such borrowing with its assets." Series A Official Statement, at 7.

**RESPONSE**: In addition to its General Objections, the Retiree Committee objects to this Request because the content of the Series A Official Statement, which speaks for itself, is not

6

relevant to the legal issue of whether the ERS Bonds were validly issued under the ERS Enabling Act. Subject to and without waiving any of its General or Specific Objections, the Retiree Committee denies this Request but admits that the Series A Official Statement stated that the ERS Enabling Act "authorizes the System to borrow money, including through the direct placement of debt, and secure such borrowing with its assets."

5. Admit that in connection with the issuance of the ERS Bonds, ERS stated that the ERS Bond Resolution authorizing the ERS Bonds was "adopted pursuant to the provisions of the [ERS Enabling] Act." ERS Bond Resolution § 101.

    **RESPONSE**: In addition to its General Objections, the Retiree Committee objects to this Request because the content of the ERS Bond Resolution, which speaks for itself, is not relevant to the legal issue of whether the ERS Bonds were validly issued under the ERS Enabling Act. Subject to and without waiving any of its General or Specific Objections, the Retiree Committee denies this Request but admits that Section 101 of the ERS Bond Resolution says it was "adopted pursuant to the provisions of the [ERS Enabling] Act."

6. Admit that in January 2008, ERS's General Counsel stated that the ERS Bond Resolution was a "legal, valid, and binding agreement[] of" ERS, that "the Bonds have been duly and validly authorized and issued," and that "[a]ll legislation . . . necessary to fulfill in all material respects the terms and conditions of the Bonds and to carry out the transactions contemplated by the" bond issuance is "in full force and effect . . . and no further legislation . . . is required for such purposes."

    **RESPONSE**: In addition to its General Objections, the Retiree Committee objects to this Request because it fails to identify the source of the purported statements by ERS's General Counsel and it quotes only portions of the purported statements. The Retiree Committee objects to this Request to the extent it assumes statements by ERS's General Counsel were authorized statements. The Retiree Committee also objects to this Request because statements by ERS's General Counsel, authorized or not, are not relevant to the legal issue of whether the ERS Bonds were validly issued under the ERS Enabling Act. Subject to and without waiving any of its General

7

or Specific Objections, the Retiree Committee denies knowledge or information sufficient to form a belief as to the truth of the requested admission.

7. Admit that ERS authorized its agent to make the statements in Request for Admission No. 6.

**RESPONSE**: In addition to its General Objections, the Retiree Committee objects to this Request because it fails to identify the source of the purported statements by ERS's General Counsel and it quotes only portions of the purported statements. The Retiree Committee objects to this Request as unduly burdensome because it seeks information regarding whether ERS authorized purported statements made nearly twelve years ago under a different administration. The Retiree Committee also objects to this Request because statements by ERS's General Counsel, authorized or not, are not relevant to the legal issue of whether the ERS Bonds were validly issued under the ERS Enabling Act. Subject to and without waiving any of its General or Specific Objections, the Retiree Committee denies knowledge or information sufficient to form a belief as to the truth of the requested admission.

8. Admit that in January 2008, ERS's outside counsel stated to the ERS Bond underwriters that the ERS Bond Resolution was "duly adopted by the system and [is] in full force and effect and constitute[s] the legal, valid and binding agreement[] of the System, enforceable against the system" and stated to The Bank of New York Mellon, as the fiscal agent for the ERS Bonds, that ERS "has the right and power under [the ERS Enabling Act] to adopt the Resolution" and that "the Bonds are valid and binding" ERS obligations.

**RESPONSE**: In addition to its General Objections, the Retiree Committee objects to this Request because it fails to identify the source of the purported statements by ERS's outside counsel and it quotes only portions of the purported statements. The Retiree Committee objects to this Request to the extent it assumes statements by ERS's outside counsel were authorized statements. The Retiree Committee also objects to this Request because statements by ERS's outside counsel, authorized or not, are not relevant to the legal issue of whether the ERS Bonds were validly issued under the ERS Enabling Act. Subject to and without waiving any of its General or Specific

8

Objections, the Retiree Committee denies knowledge or information sufficient to form a belief as to the truth of the requested admission.

9. Admit that ERS authorized its agent to make the statements in Request for Admission No. 8.

**RESPONSE**: In addition to its General Objections, the Retiree Committee objects to this Request because it fails to identify the source of the purported statements by ERS's outside counsel and it quotes only portions of the purported statements. The Retiree Committee objects to this Request as unduly burdensome because it seeks information regarding whether ERS authorized purported statements made nearly twelve years ago under a different administration. The Retiree Committee also objects to this Request because statements by ERS's outside counsel, authorized or not, are not relevant to the legal issue of whether the ERS Bonds were validly issued under the ERS Enabling Act. Subject to and without waiving any of its General or Specific Objections, the Retiree Committee denies knowledge or information sufficient to form a belief as to the truth of the requested admission.

10. Admit that prior to the commencement of this action, ERS never asserted that it lacked authority to issue the ERS Bonds.

**RESPONSE**: Subject to and without waiving any of its General Objections, the Retiree Committee denies knowledge or information sufficient to form a belief as to the truth of the requested admission.

11. Admit that no tribunal has concluded that ERS lacked authority to issue the ERS Bonds.

**RESPONSE**: In addition to its General Objections, the Retiree Committee objects to the term "tribunal," which is vague and ambiguous as to what it includes or excludes. The Retiree Committee will interpret "tribunal" to mean a court. Subject to and without waiving any of its General or Specific Objections, the Retiree Committee admits that it not aware of any court that has yet ruled that ERS lacked authority to issue the ERS Bonds, but notes that the Legislative

9

Assembly of Puerto Rico stated in the Statement of Motives for Act 116-2011 that the issuance of the ERS Bonds was "illegally made."

12. Admit that when ERS issued the ERS Bonds, it expected that third parties would buy and sell the ERS Bonds in secondary market transactions.

**RESPONSE**: In addition to its General Objections, the Retiree Committee objects to this Request because ERS's purported expectations regarding what third parties might or might not do are not relevant to the legal issue of whether the ERS Bonds were validly issued under the ERS Enabling Act. The Retiree Committee objects to this Request to the extent it assumes ERS had expectations regarding what third parties might or might not do in connection with the ERS Bonds. The Retiree Committee also objects to this Request as unduly burdensome because it seeks information regarding ERS's purported expectations from nearly twelve years ago under a different administration. Subject to and without waiving any of its General or Specific Objections, the Retiree Committee denies knowledge or information sufficient to form a belief as to the truth of the requested admission.

13. Admit that when ERS issued the ERS Bonds, ERS expected that payments would be made to whomever held the ERS Bonds at the relevant time, including purchasers on the secondary market.

**RESPONSE**: In addition to its General Objections, the Retiree Committee objects to this Request because ERS's purported expectations regarding what third parties might or might not do are not relevant to the legal issue of whether the ERS Bonds were validly issued under the ERS Enabling Act. The Retiree Committee objects to this Request to the extent it assumes ERS had expectations regarding what third parties might or might not do in connection with the ERS Bonds. The Retiree Committee also objects to this Request as unduly burdensome because it seeks information regarding ERS's purported expectations from nearly twelve years ago under a different administration. Subject to and without waiving any of its General or Specific Objections,

the Retiree Committee denies knowledge or information sufficient to form a belief as to the truth of the requested admission.

14. Admit that the official English translation of Section 4-105(d) of the ERS Enabling Act as it existed in 2008 is missing commas after "financial institution" and "United States of America" that appear in the corresponding portions of the original Spanish text of that provision.

   **RESPONSE**: In addition to its General Objections, the Retiree Committee objects to this Request to the extent it treats the differences between the official English translation and the Spanish text as material to whether the ERS Bonds were validly issued under the ERS Enabling Act. Subject to and without waiving any of its General or Specific Objections, the Retiree Committee denies this Request but admits that the official English translation of Section 4-105(d) does not contain commas after the words "financial institution" and "United States of America" and that such commas do appear in the corresponding portions of the original Spanish text of that provision.

15. Admit that the official English translation of Section 4-105(d) of the ERS Enabling Act as it existed in 2008 mistranslated the first and third instances of the word "del" in the phrase "*del* Gobierno del Estado Libre Asociado de Puerto Rico *o del* goberno federal de los Estados Unidos de América (emphasis added to indicate the first and third instances of "del") as "of the" when those instances of that word are properly translated as "from the."

   **RESPONSE**: In addition to its General Objections, the Retiree Committee objects to this Request to the extent it treats the differences between the official English translation and the Spanish text as material to whether the ERS Bonds were validly issued under the ERS Enabling Act. Subject to and without waiving any of its General or Specific Objections, the Retiree Committee denies this Request but admits that "from the" is a proper English translation of the first and third instances of the word "del" in the phrase "del Gobierno del Estado Libre Asociado de Puerto Rico o del goberno federal de los Estados Unidos de América."

16. Admit that in ordinary usage, the Spanish phrase "tomar prestado" means "to borrow," not "to seek a loan."

**RESPONSE**: Subject to and without waiving its General Objections, the Retiree Committee denies this Request but admits that the phrase "tomar prestado" can be translated in various ways.

17. Admit that Section 4-105(d) of the ERS Enabling Act as it existed in 2008 authorized ERS to borrow by selling debt securities directly to investors in a private placement.

**RESPONSE**: In addition to its General Objections, the Retiree Committee objects to this Request because it seeks a legal interpretation or conclusion regarding Section 4-105(d) of the ERS Enabling Act, which speaks for itself. The Retiree Committee also objects to this Request because it is an incomplete statement of Section 4-105(d) of the ERS Enabling Act. Subject to and without waiving any of its General or Specific Objections, the Retiree Committee denies this Request but admits that in 2008, the ERS Enabling Act granted the ERS Board of Trustees the power to authorize the ERS Administrator to seek a loan from any financial institution, from the Government of the Commonwealth of Puerto Rico or from the Federal Government of the United States of America, or through direct placements of debt, securing such debt with the assets of the System.

18. Admit that Section 4-105(d) of the ERS Enabling Act as it existed in 2008 authorized ERS to borrow by obtaining a loan from any financial institution.

**RESPONSE**: In addition to its General Objections, the Retiree Committee objects to this Request because it seeks a legal interpretation or conclusion regarding Section 4-105(d) of the ERS Enabling Act, which speaks for itself. The Retiree Committee also objects to this Request because it is an incomplete statement of Section 4-105(d) of the ERS Enabling Act. Subject to and without waiving any of its General or Specific Objections, the Retiree Committee denies this Request but admits that in 2008, the ERS Enabling Act granted the ERS Board of Trustees the power to authorize the ERS Administrator to seek a loan from any financial institution, from the

12

Government of the Commonwealth of Puerto Rico or from the Federal Government of the United States of America, or through direct placements of debt, securing such debt with the assets of the System.

19. Admit that the ERS Enabling Act as it existed in 2008 did not limit the amount that ERS could borrow.

**RESPONSE**: In addition to its General Objections, the Retiree Committee objects to this Request because it seeks a legal interpretation or conclusion regarding the ERS Enabling Act, which speaks for itself. The Retiree Committee also objects to this Request because the amount of money that ERS could borrow is not relevant to whether the ERS Bonds were validly issued. Subject to and without waiving any of its General or Specific Objections, the Retiree Committee admits that in 2008, the ERS Enabling Act did not contain a provision limiting the amount of money ERS could borrow.

20. Admit that the ERS Enabling Act as it existed in 2008 did not limit the purposes for which ERS could borrow.

**RESPONSE**: In addition to its General Objections, the Retiree Committee objects to this Request because it seeks a legal interpretation or conclusion regarding the ERS Enabling Act, which speaks for itself. The Retiree Committee also objects to this Request because the purpose for which ERS could borrow money is not relevant to whether the ERS Bonds were validly issued. Subject to and without waiving any of its General or Specific Objections, the Retiree Committee admits that in 2008, the ERS Enabling Act did not contain a provision limiting the purposes for which ERS could borrow money.

*[Signatures on Next Page]*

Respectfully submitted,

| | |
|---|---|
| JENNER & BLOCK LLP | BENNAZAR, CARCÍA & MILIÁN, C.S.P. |
| By: | By: |
| /s *Robert Gordon* | /s *Hector M Mayol Kauffmann* |

Robert Gordon (admitted *pro hac vice*)  A.J. Bennazar-Zequeira
Richard Levin (admitted *pro hac vice*)  Hector M. Mayol Kauffmann (305804)
919 Third Ave.  Edificio Union Plaza
New York, NY 1022-3908  Office 1701
rgordon@jenner.com  416 Avenida Ponce de León
rlevin@jenner.com  Hato Rey, San Juan
212-891-1600 (telephone)  Puerto Rico 00918
212-891-1699 (facsimile)  ajb@bennazar.org
  787-754-9191 (telephone)
  787-764-3101 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
Landon Raiford (admitted *pro hac vice*)
353 N. Clark Street  *Counsel for The Official Committee of Retired*
Chicago, IL 60654  *Employees of the Commonwealth of Puerto*
csteege@jenner.com  *Rico*
mroot@jenner.com
lraiford@jenner.com
312-222-9350 (telephone)


Dated: December 3, 2019

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 3, 2019, a true and correct copy of the forgoing was served via electronic mail on the counsel for Defendants identified below.

/s *Catherine Steege*
Catherine Steege

Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com

Geoffrey S. Stewart (*pro hac vice*)
Matthew E. Papez (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
Stephen M. DeGenaro (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3435
Fax: (202) 626-1700
gstewart@jonesday.com
mpapez@jonesday.com
ssoknanan@jonesday.com
sdegenaro@jonesday.com

Bruce Bennett (*pro hac vice*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

David R. Fox (*pro hac vice*)
JONES DAY
100 High St
Boston, MA 02110
Tel. (617) 449-6925
Fax: (617) 960-3939
drfox@jonesday.com

José C. Sánchez-Castro
jsanchez@lsplawpr.com
Alicia I. Lavergne-Ramírez
alavergne@lsplawpr.com
LÓPEZ SÁNCHEZ & PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
Tel. (787) 522-6776
Fax: (787) 522-6777

Glenn M. Kurtz (*pro hac vice*)
John K. Cunningham (*pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10036
Tel. (212) 819-8200
Fax (212) 354-8113
gkurtz@whitecase.com
jcunningham@whitecase.com

Jason N. Zakia (*pro hac vice)*
Cheryl T. Sloane (*pro hac vice*)
Jesse L. Green (*pro hac vice*)
WHITE & CASE LLP
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131
Tel. (305) 371-2700
Fax (305) 358-5744
jzakia@whitecase.com

Elaine Maldonado-Matías
Albéniz Couret-Fuentes
304 Ponce de León Ave. – Suite 990
San Juan, PR 00918
Telephone: (787) 765-5656
Facsimile: (787) 294-0073
Email: emaldonado@smclawpr.
Email: acouret@smclawpr.com

Eric A. Schaffer (*pro hac vice*)
Luke A. Sizemore (*pro hac vice*)
REED SMITH LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email: eschaffer@reedsmith.com
Email: lsizemore@reedsmith.com

C. Neil Gray (*pro hac vice*)
REED SMITH LLP
599 Lexington Avenue New
York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
Email: cgray@reedsmith.com