# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF THE COMMONWEALTH OF<br>PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-03566 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE<br>FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, ACTING BY AND<br>THROUGH ITS MEMBERS,<br><br>    and | Adv. Proc. No. 19-00356 (LTS) |

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "Title III"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric and Power Authority  (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

THE OFFICIAL COMMITTEE OF UNSECURED )
CREDITORS OF ALL TITLE III DEBTORS )
(OTHER THAN COFINA AND PBA), )
)
     as co-trustees of )
)
THE EMPLOYEES RETIREMENT SYSTEM OF THE )
GOVERNMENT OF PUERTO RICO, )
)
     Plaintiff, )
)
v. )
)
DEFENDANT 1M, *et al.*, )
)
     Defendants. )
)
_____ )
)
THE SPECIAL CLAIMS COMMITTEE OF THE )
FINANCIAL OVERSIGHT AND MANAGEMENT )
BOARD FOR PUERTO RICO, ACTING BY AND )
THROUGH ITS MEMBERS, )
)    Adv. Proc. No. 19-00357 (LTS)
)
     and )
)
THE OFFICIAL COMMITTEE OF UNSECURED )
CREDITORS OF ALL TITLE III DEBTORS )
(OTHER THAN COFINA AND PBA), )
)
     as co-trustees of )
)
THE EMPLOYEES RETIREMENT SYSTEM OF THE )
GOVERNMENT OF PUERTO RICO, )
)
     Plaintiff, )
)
v. )
)
DEFENDANT 1R, *et al.*, )
)
)
)

Defendant.                                              )
                                                        )
_____                 )
                                                        )
THE SPECIAL CLAIMS COMMITTEE OF THE                     )      Adv. Proc. No. 19-00359 (LTS)
FINANCIAL OVERSIGHT AND MANAGEMENT                      )
BOARD FOR PUERTO RICO, ACTING BY AND                    )
THROUGH ITS MEMBERS,                                    )
                                                        )
      and                 )
                                                        )
THE OFFICIAL COMMITTEE OF UNSECURED                     )
CREDITORS OF ALL TITLE III DEBTORS                      )
(OTHER THAN COFINA AND PBA),                            )
                                                        )
      as co-trustees of   )
                                                        )
THE EMPLOYEES RETIREMENT SYSTEM OF THE                  )
GOVERNMENT OF PUERTO RICO,                              )
                                                        )
      Plaintiff,          )
                                                        )
v.                                                      )
                                                        )
DEFENDANT 1H-78H,                                       )
                                                        )
      Defendants.         )
                                                        )
_____                 )
                                                        )
THE SPECIAL CLAIMS COMMITTEE OF THE                     )      Adv. Proc. No. 19-00361 (LTS)
FINANCIAL OVERSIGHT AND MANAGEMENT                      )
BOARD FOR PUERTO RICO, ACTING BY AND                    )
THROUGH ITS MEMBERS,                                    )
                                                        )
      and                 )
                                                        )
THE OFFICIAL COMMITTEE OF UNSECURED                     )
CREDITORS OF ALL TITLE III DEBTORS                      )
(OTHER THAN COFINA),                                    )
                                                        )
      as co-trustees of   )
                                                        )
                                                        )

THE EMPLOYEES RETIREMENT SYSTEM OF THE      )
GOVERNMENT OF PUERTO RICO,                  )
                                            )
      Plaintiff,                         )
                                            )
v.                                          )
                                            )
DEFENDANT 1G-50G,                           )
                                            )
      Defendant.                        )
                                            )
                                            )
-------------------------------------------------------------------- X

### RESPONSE TO BONDHOLDERS' REQUEST FOR ADMISSIONS TO ERS
### REGARDING *ULTRA VIRES* ISSUES

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("FRCP") and Rules

7026 and 7036 of the Federal Rules of Bankruptcy Procedure ("FRBP"), made applicable to this

matter under Section 310 of the Puerto Rico Oversight, Management, and Economic Stability

Act ("PROMESA"), the Financial Oversight and Management Board for Puerto Rico, acting

through all of its members and by and through the members of its Special Claims Committee

(together, the "Oversight Board"), together with the Puerto Rico Fiscal Agency and Financial

Authority ("AAFAF"), collectively in all respects and capacities on behalf of the Employees

Retirement System of Puerto Rico ("ERS," as represented by the Oversight Board and AAFAF,

the "Respondent") hereby responds and objects (collectively, the "Responses and Objections") to

the ERS Bondholders' *Requests for Admission to the Employees Retirement System of the

Government of the Commonwealth of Puerto Rico*, dated November 1, 2019, on *ultra vires* issues

(the "Requests").

## **GENERAL OBJECTIONS**

ERS objects to each and every one of the Requests on the following grounds (the
"General Objections"). These General Objections are incorporated into each of ERS's Responses
and Objections to each individual Request, set forth below in the Responses.

1.      ERS objects to the Requests to the extent they expressly or impliedly call for
information protected by the attorney-client privilege, the attorney work product doctrine, the
executive and deliberative process privileges, the common interest doctrine, or any other
applicable privileges, protections, doctrines, or immunities recognized under statute or applicable
case law.  Nothing in these Responses and Objections is intended as, nor shall in any way be
deemed, a waiver of any of these privileges, protections, doctrines, or immunities.

2.      ERS objects to the Requests, the Definitions, and the Instructions to the extent
that they purport to impose burdens on ERS that are inconsistent with, or not otherwise
authorized by, or seek to impose obligations that exceed those imposed by the Federal Rules of
Civil Procedure and Federal Rules of Bankruptcy Procedure as made applicable by PROMESA,
the local rules for the United States Bankruptcy Court for District of Puerto Rico, or this Court's
chambers practices and case management orders (collectively, the "Governing Rules").  ERS
further objects to the Requests for Admission to the extent it purports to incorporate by reference
Local Rule 26.2 and Local Rule 26.3 of the United States District Court for the Southern District
of New York or any specific definitions or requirements therein, as they are not part of the
Governing Rules.  ERS will construe and respond to the Requests in a manner consistent with its
obligations under the Governing Rules, and not otherwise.

3.      The Responses that follow represent ERS's understanding of the facts after a
reasonable investigation, and ERS reserves the right to develop and produce additional

information at a later time.  In responding to the Requests, ERS has used reasonable diligence to determine responsive facts and information. To the extent the ERS Bondholders seek to require ERS to do more than the foregoing, ERS objects to each and every Request on the grounds that it is overbroad, oppressive, harassing, subjects ERS to undue burden and expense incommensurate with legitimate discovery needs, and seeks information that is neither relevant to the subject matter of this dispute nor reasonably calculated to lead to the discovery of admissible evidence.

4.      To the extent any term defined or used in the Requests for Admission is used in responding to the Requests for Admission, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

5.      ERS objects to the definition of the term "You" to the extent it is defined to include any "Affiliate," as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the disclosure of information relevant to the Adversary Complaints. In responding to these Requests, ERS will construe "You" to mean ERS and its members and employees reasonably likely to possess information relevant to the Adversary Complaints.

6.      ERS objects to the definition of the term "Affiliate" on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Read broadly, this definition could be limitless because it includes "*any* person or entity" that is "related to or associated with" the person or entity in question. Furthermore, the definition of "Affiliate" includes a litany of different individuals, including "agents," "advisors, attorneys, accountants" and unspecified "representatives."  With respect to people or entities other than ERS, determining who may be an "Affiliate" under this definition would require an exhaustive investigation with no assurance that every "Affiliate"

3

would be identified. Even for ERS itself, it would be unduly burdensome to include every

"Affiliate," and that overbreadth is compounded by the fact that the definition of "You" and

"Your" already includes "Affiliates" (so ERS would be required to include "Affiliates" of its

"Affiliates"). In responding to the Requests for Admission, ERS will construe "Affiliate" to

mean (i) any entity controlling, controlled by, or under common control with the entity at issue,

*see* 17 C.F.R. § 230.405, and (ii) any of the entity's officers, directors, and known agents.

7.      ERS objects to the Instruction 7 on the grounds it is overly broad, unduly

burdensome, and does not seek discovery proportionate to the needs of the case. ERS further

objects to this Instruction to the extent it exceeds the scope of the Governing Rules.

8.      ERS objects to Instruction 8 on the grounds that it is overly broad, unduly

burdensome, and does not seek discovery proportionate to the needs of the case. ERS further

objects to this Instruction to the extent it exceeds the scope of the Governing Rules. ERS further

objects to this Instruction to the extent it expressly or impliedly seeks documents or information

protected by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive

and Deliberative Process Privileges, the Common Interest Doctrine, or any other applicable

privileges, protections, doctrines, or immunities protecting information from disclosure.

9.      ERS objects to Instruction 9 on the grounds that it is overly broad, unduly

burdensome, and does not seek discovery proportionate to the needs of the case. ERS further

objects to this Instruction to the extent it exceeds the scope of the Governing Rules.

10.     ERS objects to Instruction 11 on the grounds that it is overly broad, unduly

burdensome, and does not seek discovery proportionate to the needs of the case. ERS further

objects to this Instruction to the extent it exceeds the scope of the Governing Rules. ERS further

objects to this Instruction on the grounds that it is unduly burdensome and not proportional to the

needs of the case to the extent it requires a written privilege log for each document. Given the

extremely abbreviated time frame for discovery in this matter, logging every document would be

unduly burdensome and oppressive. ERS reserves the right to produce a categorical privilege log

if necessary and appropriate

11.     Except for those facts expressly admitted herein, no admissions of any nature

whatsoever are implied or should be inferred.  Each Response is subject to all appropriate

objections (including, but not limited to, competency, relevancy, materiality, propriety and

admissibility objections) which would require the exclusion of any statement contained herein if

the question were asked of, or any statement contained herein if the answer was given by a

witness present and testifying in court.  All such objections and grounds are expressly reserved.

12.     In addition to the foregoing, these Responses and Objections should not be

construed as an admission that ERS at any time issued enforceable bonds, or received any

property in exchange for a purported issuance of bonds.  ERS objects to the definition of "ERS

Bonds," as well as the term "issuance" and related terms and/or conduct to the extent such

definition or language assumes or implies that ERS issued valid, authorized, or otherwise

binding or enforceable bonds.

13.     The fact that ERS may reassert particular objections in responding to an

individual Request should not be construed in any way as limiting the generality of the foregoing

objections. The General Objections set forth above are asserted with respect to each and every

Request set forth below.

14.     ERS's investigation into the subject matter of these Requests is ongoing.  ERS

reserves the right to modify, supplement, and/or amend any Response as discovery progresses.

## SPECIFIC RESPONSES TO REQUEST FOR ADMISSIONS

Each of the foregoing General Objections is incorporated into the responses below:

**REQUEST FOR ADMISSION NO. 1:** Admit that in exchange for issuing the ERS Bonds, ERS received nearly $3 billion from purchasers of those bonds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:** In addition to its General Objections, ERS further objects to this Request because what ERS received is not relevant to whether the ERS Bonds were validly issued, which is a legal issue. ERS also objects to this Request to the extent it assumes the receipt of money by ERS makes the ERS Bonds valid, which it does not.

Subject to and without waiving any of its General or Specific Objections, ERS responds as follows: ERS denies this Request but admits that it received approximately $3 billion in connection with the conduct and occurrences that are the subject of the litigation underlying this discovery.

**REQUEST FOR ADMISSION NO. 2:** Admit that ERS received at least hundreds of millions of dollars for each series of ERS Bonds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:** In addition to its General Objections, ERS further objects to this Request because what ERS received is not relevant to whether the ERS Bonds were validly issued, which is a legal issue. ERS also objects to this Request to the extent it assumes the receipt of money by ERS makes the ERS Bonds valid, which it does not.

Subject to and without waiving any of its General or Specific Objections, ERS responds as follows: ERS denies this Request but Respondent admits that it received at least hundreds of millions of dollars in connection with each of the three purported issuances of ERS Bonds that are, at least in part, the subject of the litigation underlying this discovery.

**REQUEST FOR ADMISSION NO. 3:**  Admit that, at the time of the issuance of the ERS Bonds, the ERS Enabling Act authorized ERS's Board of Trustees to incur debt on behalf of ERS and to secure such debt with ERS's assets.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**  In addition to its General Objections, ERS further objects to this Request to the extent it seeks a legal interpretation or conclusion regarding the ERS Enabling Act, which speaks for itself.

Subject to and without waiving any of its General or Specific Objections, ERS responds as follows:   ERS denies this Request but admits that in 2008, the ERS Enabling Act granted the ERS Board of Trustees the power to authorize the ERS Administrator to seek a loan from any financial institution, from the Government of the Commonwealth of Puerto Rico or from the Federal Government of the United States of America, or through direct placements of debt, securing such debt with the assets of the System.

**REQUEST FOR ADMISSION NO. 4:**  Admit that in connection with the issuance of the ERS Bonds, ERS stated that the ERS Enabling Act "authorizes the System to borrow money, including through the direct placement of debt, and secure such borrowing with its assets." Series A Official Statement, at 7.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**  In addition to its General Objections, ERS further objects to this Request because the content of the Series A Official Statement, which speaks for itself, is not relevant to whether the ERS Bonds were validly issued under the ERS Enabling Act, which is a legal issue.

Subject to and without waiving any of its General or Specific Objections, ERS responds as follows:  ERS denies this Request but admits that the Series A Official Statement stated that

the ERS Enabling Act "authorizes the System to borrow money, including through the direct placement of debt, and secure such borrowing with its assets."

**REQUEST FOR ADMISSION NO. 5:**  Admit that that in connection with the issuance of the ERS Bonds, ERS stated that the ERS Bond Resolution authorizing the ERS Bonds was "adopted pursuant to the provisions of the [ERS Enabling] Act."  ERS Bond Resolution § 101.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**  In addition to its General Objections, ERS further objects to this Request because the content of the ERS Bond Resolution, which speaks for itself, is not relevant to whether the ERS Bonds were validly issued under the ERS Enabling Act, which is a legal issue.

Subject to and without waiving any of its General or Specific Objections, ERS responds as follows:  ERS denies this Request but admits that Section 101 of the ERS Bond Resolution says it was "adopted pursuant to the provisions of the [ERS Enabling] Act."

**REQUEST FOR ADMISSION NO. 6:**  Admit that in January 2008, ERS's General Counsel stated that the ERS Bond Resolution was a "legal, valid, and binding agreement[] of" ERS, that "the Bonds have been duly and validly authorized and issued," and that "[a]ll legislation . . . necessary to fulfill in all material respects the terms and conditions of the Bonds and to carry out the transactions contemplated by the" bond issuance is "in full force and effect . . . and no further legislation . . . is required for such purposes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**   In addition to its General Objections, ERS further objects to this Request because it fails to identify the source of the purported statements by ERS's General Counsel and it quotes only portions of the purported statements.  ERS objects to this Request to the extent it assumes statements by ERS's General Counsel were authorized statements.  ERS also objects to this Request because statements by

ERS's General Counsel, authorized or not, are not relevant to whether the ERS Bonds were validly issued under the ERS Enabling Act, which is a legal issue.

Subject to and without waiving any of its General or Specific Objections, ERS responds as follows:  ERS denies knowledge or information sufficient to form a belief as to the truth of the requested admission.  Because discovery has just begun and ERS's fact investigation is ongoing, ERS reserves the right to amend this response.

**REQUEST FOR ADMISSION NO. 7:**  Admit that ERS authorized its agent to make the statements in Request for Admission No. 6.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**   In addition to its General Objections, ERS further objects to this Request because it fails to identify the source of the purported statements by ERS's General Counsel and it quotes only portions of the purported statements.  ERS objects to this Request as unduly burdensome because it seeks information regarding whether ERS authorized purported statements made nearly twelve years ago under a different administration.  ERS also objects to this Request because statements by ERS's General Counsel, authorized or not, are not relevant to whether the ERS Bonds were validly issued under the ERS Enabling Act, which is a legal issue.

Subject to and without waiving any of its General or Specific Objections, ERS responds as follows:  ERS denies knowledge or information sufficient to form a belief as to the truth of the requested admission.  Because discovery has just begun and ERS's fact investigation is ongoing, ERS reserves the right to amend this response.

**REQUEST FOR ADMISSION NO. 8:**  Admit that in January 2008, ERS's outside counsel stated to the ERS Bond underwriters that the ERS Bond Resolution was "duly adopted by the system and [is] in full force and effect and constitute[s] the legal, valid and binding

agreement[] of the System, enforceable against the system" and stated to The Bank of New York

Mellon, as the fiscal agent for the ERS Bonds, that ERS "has the right and power under [the ERS

Enabling Act] to adopt the Resolution" and that "the Bonds are valid and binding" ERS

obligations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**   In addition to its General

Objections, ERS further objects to this Request because it fails to identify the source of the

purported statements by ERS's General Counsel and it quotes only portions of the purported

statements.  ERS objects to this Request to the extent it assumes statements by ERS's outside

counsel were authorized statements.  ERS also objects to this Request because statements by

ERS's outside counsel, authorized or not, are not relevant to whether the ERS Bonds were

validly issued under the ERS Enabling Act, which is a legal issue.

Subject to and without waiving any of its General or Specific Objections, ERS responds

as follows:  ERS denies knowledge or information sufficient to form a belief as to the truth of the

requested admission.  Because discovery has just begun and ERS's fact investigation is ongoing,

ERS reserves the right to amend this response.

**REQUEST FOR ADMISSION NO. 9:**   Admit that ERS authorized its agent to make

the statements in Request for Admission No 8.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**   In addition to its General

Objections, ERS further objects to this Request because it fails to identify the source of the

purported statements by ERS's General Counsel and it quotes only portions of the purported

statements.  ERS objects to this Request as unduly burdensome because it seeks information

regarding whether ERS authorized purported statements made nearly twelve years ago under a

different administration.  ERS also objects to this Request because statements by ERS's General

Counsel, authorized or not, are not relevant to whether the ERS Bonds were validly issued under the ERS Enabling Act, which is a legal issue.

Subject to and without waiving any of its General or Specific Objections, ERS responds as follows: ERS denies knowledge or information sufficient to form a belief as to the truth of the requested admission.  Because discovery has just begun and ERS's fact investigation is ongoing, ERS reserves the right to amend this response.

**REQUEST FOR ADMISSION NO. 10:**  Admit that prior to the commencement of this action, ERS never asserted that it lacked authority to issue the ERS Bonds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**  Subject to and without waiving any of its General or Specific Objections, ERS responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 11:**  Admit that no tribunal has concluded that ERS lacked authority to issue the ERS Bonds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**  In addition to its General Objections, ERS further objects to the term "tribunal," which is vague and ambiguous as to what it includes or excludes.  ERS will interpret tribunal to mean a court.

Subject to and without waiving any of its General or Specific Objections, ERS responds as follows:  ERS admits that it not aware of any court that has yet ruled that ERS lacked authority to issue the ERS Bonds, but the Legislative Assembly of Puerto Rico stated in the Statement of Motives for Act 116-2011 that the issuance of the ERS Bonds was "illegally made."

**REQUEST FOR ADMISSION NO. 12:** Admit that when ERS issued the ERS Bonds, it expected that third parties would buy and sell the ERS Bonds in secondary market transactions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**  In addition to its General Objections, ERS further objects to this Request because ERS's purported expectations regarding

11

what third parties might or might not do are not relevant to whether the ERS Bonds were validly issued under the ERS Enabling Act, which is a legal issue.  ERS objects to this Request to the extent it assumes ERS had expectations regarding what third parties might or might not do in connection with the ERS Bonds.  ERS also objects to this Request as unduly burdensome because it seeks information regarding ERS's purported expectation from nearly twelve years ago under a different administration.

Subject to and without waiving any of its General or Specific Objections, ERS responds as follows:  ERS denies knowledge or information sufficient to form a belief as to the truth of the requested admission.  Because discovery has just begun and ERS's fact investigation is ongoing, ERS reserves the right to amend this response.

**REQUEST FOR ADMISSION NO. 13:**  Admit that when ERS issued the ERS Bonds, ERS expected that payments would be made to whomever held the ERS Bonds at the relevant time, including purchasers on the secondary market.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**  In addition to its General Objections, ERS further objects to this Request because ERS's purported expectations regarding what third parties might or might not do are not relevant to whether the ERS Bonds were validly issued under the ERS Enabling Act, which is a legal issue.  ERS objects to this Request to the extent it assumes ERS had expectations regarding what third parties might or might not do in connection with the ERS Bonds.  ERS also objects to this Request as unduly burdensome because it seeks information regarding ERS's purported expectation from nearly twelve years ago under a different administration.

Subject to and without waiving any of its General or Specific Objections, ERS responds as follows:  ERS denies knowledge or information sufficient to form a belief as to the truth of the

requested admission.  Because discovery has just begun and ERS's fact investigation is ongoing, ERS reserves the right to amend this response.

**REQUEST FOR ADMISSION NO. 14:**  Admit that the official English translation of Section 4-105(d) of the ERS Enabling Act as it existed in 2008 is missing commas after "financial institution" and "United States of America" that appear in the corresponding portions of the original Spanish text of that provision.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**  In addition to its General Objections, ERS further objects to this Request to the extent it treats the differences between the official English translation and the Spanish text as material to whether the ERS Bonds were validly issued under the ERS Enabling Act.

Subject to and without waiving any of its General or Specific Objections, ERS responds as follows: ERS denies this Request but admits that the official English translation of Section 4-105(d) does not contain commas after the words "financial institution" and "United States of America" and that such commas do appear in the corresponding portions of the original Spanish text of that provision.

**REQUEST FOR ADMISSION NO. 15:**  Admit that the official English translation of Section 4-105(d) of the ERS Enabling Act as it existed in 2008 mistranslated the first and third instances of the word "del" in the phrase "del Gobierno del Estado Libre Asociado de Puerto Rico o del goberno federal de los Estados Unidos de América" (emphasis added to indicate the first and third instances of "del") as "of the" when those instances of that word are properly translated as "from the."

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**  In addition to its General Objections, ERS further objects to this Request to the extent it treats the differences between the

official English translation and the Spanish text as material to whether the ERS Bonds were
validly issued under the ERS Enabling Act.

Subject to and without waiving any of its General or Specific Objections, ERS responds
as follows: ERS denies this Request but admits that "from the" is a proper English translation of
the first and third instances of the word "del" in the phrase "del Gobierno del Estado Libre
Asociado de Puerto Rico o del goberno federal de los Estados Unidos de América."

**REQUEST FOR ADMISSION NO. 16:**  Admit that in ordinary usage, the Spanish
phrase "tomar prestado" means "to borrow," not "to seek a loan."

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:** Subject to and without
waiving any of its Objections, ERS responds as follows: ERS denies this Request but admits that
the phrase "tomar prestado" can be translated in various ways.

**REQUEST FOR ADMISSION NO. 17:**  Admit that Section 4-105(d) of the ERS
Enabling Act as it existed in 2008 authorized ERS to borrow by selling debt securities directly to
investors in a private placement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**  In addition to its General
Objections, ERS further objects to this Request because it seeks a legal interpretation or
conclusion regarding Section 4-105(d) ERS Enabling Act, which speaks for itself.   ERS also
objects to this Request because it is an incomplete statement of Section 4-105(d) of the ERS
Enabling Act.

Subject to and without waiving any of its General or Specific Objections, ERS responds
as follows:   ERS denies this Request but admits that in 2008, the ERS Enabling Act granted the
ERS Board of Trustees the power to authorize the ERS Administrator to seek a loan from any
financial institution, from the Government of the Commonwealth of Puerto Rico or from the

Federal Government of the United States of America, or through direct placements of debt, securing such debt with the assets of the System.

**REQUEST FOR ADMISSION NO. 18:** Admit that Section 4-105(d) of the ERS Enabling Act as it existed in 2008 authorized ERS to borrow by obtaining a loan from any financial institution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:** In addition to its General Objections, ERS further objects to this Request because it seeks a legal interpretation or conclusion regarding Section 4-105(d) ERS Enabling Act, which speaks for itself.   ERS also objects to this Request because it is an incomplete statement of Section 4-105(d) of the ERS Enabling Act.

Subject to and without waiving any of its General or Specific Objections, ERS responds as follows:   ERS denies this Request but admits that in 2008, the ERS Enabling Act granted the ERS Board of Trustees the power to authorize the ERS Administrator to seek a loan from any financial institution, from the Government of the Commonwealth of Puerto Rico or from the Federal Government of the United States of America, or through direct placements of debt, securing such debt with the assets of the System.

**REQUEST FOR ADMISSION NO. 19:** Admit that the ERS Enabling Act as it existed in 2008 did not limit the amount that ERS could borrow.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:** In addition to its General Objections, ERS further objects to this Request because it seeks a legal interpretation or conclusion regarding the ERS Enabling Act, which speaks for itself.  ERS also objects to this Request because the amount of money that ERS could borrow is not relevant to whether the ERS Bonds were validly issued.

15

Subject to and without waiving any of its General or Specific Objections, ERS responds as follows:  ERS admits that in 2008, the ERS Enabling Act did not contain a provision limiting the amount of money ERS could borrow.

**REQUEST FOR ADMISSION NO. 20:**  Admit that the ERS Enabling Act as it existed in 2008 did not limit the purposes for which ERS could borrow.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**  In addition to its General Objections, ERS further objects to this Request because it seeks a legal interpretation or conclusion regarding the ERS Enabling Act, which speaks for itself.   ERS also objects to this Request because the purpose for which ERS could borrow money is not relevant to whether the ERS Bonds were validly issued.

Subject to and without waiving any of its General or Specific Objections, ERS responds as follows:  ERS admits that in 2008, the ERS Enabling Act did not contain a provision limiting the purpose for which ERS could borrow money.

*[remainder of page intentionally left blank]*

16

Dated:  December 3, 2019
        New York, New York


*/s/ Edward S. Weisfelner*
BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*pro hac vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com

Sunni P. Beville, Esq. (*pro hac vice*)
Tristan G. Axelrod, Esq. (*pro hac vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and
Management Board, acting through the
members of the Special Claims Committee*

and

ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and
Management Board, acting through the
members of the Special Claims Committee*


*/s/  Margaret A. Dale*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
mbienenstock@proskauer.com
brosen@proskauer.com
jlevitan@proskauer.com
mdale@proskauer.com

*Counsel to the Financial Oversight and
Management Board*

And

Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897 Tel.
787.647.3503
Fax. 787.763.8260
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos San Juan, PR 00918
Tel. 787.751.6764/763.0565
Fax. 787.763.8260

*Local Counsel to the Financial Oversight and
Management Board for Puerto Rico*

*/s/ Peter Friedman*
O'MELVENY & MYERS LLP
John J. Rapisardi
Suzzanne Uhland
Peter Friedman
William J. Sushon
(Admitted *Pro Hac Vice*)
Seven Times Square
New York, New York 10036
(212) 326-2000
jrapisardi@omm.com
suhland@omm.com
pfriedman@omm.com
wsushon@omm.com

*/s/ Luis C. Marini-Biaggi*
MARINI PIETRANTONI MUÑIZ LLC
Luis C. Marini-Biaggi
USDC No. 222301
lmarini@mpmlawpr.com
Carolina Velaz-Rivero
USDC No. 300913
cvelaz@mpmlawpr.com
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

*Co-Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory Authority*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 3, 2019, a true and correct copy of the

foregoing was served via electronic mail on the counsel for Defendants identified below.

*/s/ Jennifer L. Roche*
Jennifer L. Roche

Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com

Geoffrey S. Stewart (*pro hac vice*)
Matthew E. Papez (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
Stephen M. DeGenaro (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W. Washington, DC 20001
Tel. (202) 879-3435
Fax: (202) 626-1700
gstewart@jonesday.com
mpapez@jonesday.com
ssooknanan@jonesday.com
sdegenaro@jonesday.com

Bruce Bennett (*pro hac vice*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281 Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

David R. Fox (*pro hac vice*)
JONES DAY
100 High St
Boston, MA 02110
Tel. (617) 449-6925
Fax: (617) 960-3939
drfox@jonesday.com

José C. Sánchez-Castro
jsanchez@lsplawpr.com
Alicia I. Lavergne-Ramírez
alavergne@lsplawpr.com
LÓPEZ SÁNCHEZ & PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
Tel. (787) 522-6776
Fax: (787) 522-6777

Glenn M. Kurtz (*pro hac vice*)
John K. Cunningham (*pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas New
York, NY 10036
Tel. (212) 819-8200
Fax (212) 354-8113
gkurtz@whitecase.com
jcunningham@whitecase.com

Jason N. Zakia (*pro hac vice*)
Cheryl T. Sloane (*pro hac vice*)
Jesse L. Green (*pro hac vice*)
WHITE & CASE LLP
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131
Tel. (305) 371-2700
Fax (305) 358-5744
jzakia@whitecase.com

Elaine Maldonado-Matías
Albéniz Couret-Fuentes
304 Ponce de León Ave. – Suite 990
San Juan, PR 00918
Telephone: (787) 765-5656
Facsimile: (787) 294-0073
Email: emaldonado@smclawpr.com
Email: acouret@smclawpr.com

Eric A. Schaffer (*pro hac vice*)
Luke A. Sizemore (*pro hac vice*)
REED SMITH LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email: eschaffer@reedsmith.com
Email: lsizemore@reedsmith.com

C. Neil Gray (*pro hac vice*)
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
Email: cgray@reedsmith.com