# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE FINANCIAL OVERSIGHT AND | ) | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO | ) | Title III |
| | ) | |
| as representative of | ) | Case No. 17-BK-03283 (LTS) |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | ) | |
| | ) | |
| Debtors.[1] | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| THE FINANCIAL OVERSIGHT AND | ) | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | Title III |
| | ) | |
| as representative of | ) | Case No. 17-BK-03566 (LTS) |
| | ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE | ) | |
| GOVERNMENT OF THE COMMONWEALTH OF | ) | |
| PUERTO RICO, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| THE SPECIAL CLAIMS COMMITTEE OF THE | ) | |
| FINANCIAL OVERSIGHT AND MANAGEMENT | ) | |
| BOARD FOR PUERTO RICO, ACTING BY AND | ) | |
| THROUGH ITS MEMBERS, | ) | Adv. Proc. No. 19-00356 (LTS) |
| | ) | |
| and | ) | |
| | ) | |

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "Title III"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric and Power Authority  (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF ALL TITLE III DEBTORS
(OTHER THAN COFINA AND PBA),

     as co-trustees of

THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF PUERTO RICO,

     Plaintiff,

v.

DEFENDANT 1M, *et al.*,

     Defendants.

_____

THE SPECIAL CLAIMS COMMITTEE OF THE
FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO, ACTING BY AND
THROUGH ITS MEMBERS,

     and

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF ALL TITLE III DEBTORS
(OTHER THAN COFINA AND PBA),

     as co-trustees of

THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF PUERTO RICO,

     Plaintiff,

v.

DEFENDANT 1R, *et al.*,

Adv. Proc. No. 19-00357 (LTS)

Defendant.                                                    )
                                                              )
_____                         )
                                                              )
THE SPECIAL CLAIMS COMMITTEE OF THE                          )        Adv. Proc. No. 19-00359 (LTS)
FINANCIAL OVERSIGHT AND MANAGEMENT                           )
BOARD FOR PUERTO RICO, ACTING BY AND                         )
THROUGH ITS MEMBERS,                                         )
                                                              )
        and                                                   )
                                                              )
THE OFFICIAL COMMITTEE OF UNSECURED                          )
CREDITORS OF ALL TITLE III DEBTORS                           )
(OTHER THAN COFINA AND PBA),                                 )
                                                              )
        as co-trustees of                                     )
                                                              )
THE EMPLOYEES RETIREMENT SYSTEM OF THE                       )
GOVERNMENT OF PUERTO RICO,                                   )
                                                              )
        Plaintiff,                                            )
                                                              )
v.                                                            )
                                                              )
DEFENDANT 1H-78H,                                             )
                                                              )
        Defendants.                                           )
                                                              )
_____                         )
                                                              )
THE SPECIAL CLAIMS COMMITTEE OF THE                          )        Adv. Proc. No. 19-00361 (LTS)
FINANCIAL OVERSIGHT AND MANAGEMENT                           )
BOARD FOR PUERTO RICO, ACTING BY AND                         )
THROUGH ITS MEMBERS,                                         )
                                                              )
        and                                                   )
                                                              )
THE OFFICIAL COMMITTEE OF UNSECURED                          )
CREDITORS OF ALL TITLE III DEBTORS                           )
(OTHER THAN COFINA AND PBA),                                 )
                                                              )
        as co-trustees of                                     )
                                                              )
                                                              )

THE EMPLOYEES RETIREMENT SYSTEM OF THE          )
GOVERNMENT OF PUERTO RICO,                      )
                                                )
          Plaintiff,                            )
                                                )
v.                                              )
                                                )
DEFENDANT 1G-50G,                               )
                                                )
          Defendant.                            )
                                                )
                                                )
---------------------------------------------------------------- X

**RESPONSES AND OBJECTIONS TO BONDHOLDERS' REQUEST FOR ADMISSIONS
TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS
REGARDING *ULTRA VIRES* ISSUES**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Rules 7026 and

7036 of the Federal Rules of Bankruptcy Procedure, made applicable to this matter under Section

310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), the

Official Committee of Unsecured Creditors (the "Committee") hereby responds and objects

(collectively, the "Responses and Objections") to the ERS Bondholders' *Requests for Admission

to the Official Committee of Unsecured Creditors*, dated November 1, 2019, on *ultra vires* issues

(the "Requests").

## **GENERAL OBJECTIONS**

The Committee objects to each and every one of the Requests on the following grounds

(the "General Objections").  These General Objections are incorporated into each of the

Responses and Objections to each individual Request, set forth below in the Responses.

1.      The Committee objects to the Requests to the extent they expressly or impliedly

call for information protected by the attorney-client privilege, the attorney work product

doctrine, the common interest doctrine, or any other applicable privileges, protections, doctrines

or immunities recognized under statute or applicable case law.  Nothing in these Responses and

Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges,

protections, doctrines, or immunities.

2.      The Committee objects to the Requests, the Definitions, and the

Instructions to the extent that they purport to impose burdens on the Committee that are

inconsistent with, or not otherwise authorized by, or seek to impose obligations that

exceed those imposed by the Federal Rules of Civil Procedure and the Federal Rules of

Bankruptcy Procedure, as made applicable by PROMESA, the local rules for the United

States Bankruptcy Court for District of Puerto Rico, or this Court's chambers practices

and case management orders (collectively, the "Governing Rules").  The Committee

further objects to the Requests for Admission to the extent they purport to incorporate by

reference Local Rule 26.2 and Local Rule 26.3 of the United States District Court for the

Southern District of New York or any specific definitions or requirements therein, as they

are not part of the Governing Rules.  The Committee will construe and respond to the

Requests in a manner consistent with its obligations under the Governing Rules, and not

otherwise.

3.      The Responses that follow represent the Committee's understanding of the facts

after a reasonable investigation, and the Committee reserves the right to develop and produce

additional information at a later time.  In responding to the Requests, the Committee has used

reasonable diligence to determine responsive facts and information.  To the extent the ERS

Bondholders seek to require the Committee to do more than the foregoing, the Committee

objects to each and every Request on the grounds that it is overbroad, oppressive, harassing,

subjects the Committee to undue burden and expense incommensurate with legitimate discovery

2

needs, and seeks information that is neither relevant to the subject matter of this dispute nor reasonably calculated to lead to the discovery of admissible evidence.

4.      To the extent any term defined or used in the Requests for Admission is used in responding to the Requests for Admission, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

5.      The Committee objects to the Definitions and Instructions to the extent that they purport to require the Committee to provide information not within its possession, custody or control.  In particular, the Committee objects to the definitions of "You", "Your", and "Affiliate" to the extent they are (i) vague and ambiguous as applied to the Committee, including without limitation because the Committee does not have "Affiliates", and (ii) purport to require the Committee to provide information outside its custody, possession, or control.

6.      The Committee objects to the Instruction 7 on the grounds it is overly broad, unduly burdensome, and does not seek discovery proportionate to the needs of the case.  The Committee further objects to this Instruction to the extent it exceeds the scope of the Governing Rules.

7.      The Committee objects to Instruction 8 on the grounds that it is overly broad, unduly burdensome, and does not seek discovery proportionate to the needs of the case.  The Committee further objects to this Instruction to the extent it exceeds the scope of the Governing Rules.  The Committee further objects to this Instruction to the extent it expressly or impliedly seeks documents or information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privileges, protections, doctrines or immunities protecting information from disclosure.

8.      The Committee objects to Instruction 9 on the grounds that it is overly broad, unduly burdensome, and does not seek discovery proportionate to the needs of the case.  The Committee further objects to this Instruction to the extent it exceeds the scope of the Governing Rules.

9.      The Committee objects to Instruction 11 on the grounds that it is overly broad, unduly burdensome, and does not seek discovery proportionate to the needs of the case.  The Committee further objects to this Instruction to the extent it exceeds the scope of the Governing Rules.

10.      Except for those facts expressly admitted herein, no admissions of any nature whatsoever are implied or should be inferred.  Each Response is subject to all appropriate objections (including, but not limited to, competency, relevancy, materiality, propriety and admissibility objections) which would require the exclusion of any statement contained herein if the question were asked of, or any statement contained herein if the answer was given by a witness present and testifying in court.  All such objections and grounds are expressly reserved.

11.      In addition to the foregoing, these Responses and Objections should not be construed as an admission that ERS at any time issued enforceable bonds, or received any property in exchange for a purported issuance of bonds.  The Committee objects to the definition of "ERS Bonds," as well as the term "issuance" and related terms and/or conduct to the extent such definition or language assumes or implies that ERS issued valid, authorized, or otherwise binding or enforceable bonds.

12.      The fact that the Committee may reassert particular objections in responding to an individual Request should not be construed in any way as limiting the generality of the foregoing

objections.  The General Objections set forth above are asserted with respect to each and every Request set forth below.

13.    The Committee's investigation into the subject matter of these Requests is ongoing.  The Committee reserves the right to modify, supplement, and/or amend any Response as discovery progresses.

## SPECIFIC RESPONSES TO REQUESTS FOR ADMISSION

Each of the foregoing General Objections is incorporated into the responses below:

**REQUEST FOR ADMISSION NO. 1:**  Admit that in exchange for issuing the ERS Bonds, ERS received nearly $3 billion from purchasers of those bonds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**  In addition to its General Objections, the Committee objects to this Request because what ERS received is not relevant to whether the ERS Bonds were validly issued, which is a legal issue.  The Committee also objects to this Request to the extent it assumes the receipt of money by ERS makes the ERS Bonds valid, which it does not.

Subject to and without waiving any of its General or Specific Objections, the Committee responds as follows:

The Committee denies this Request but admits that ERS received approximately $3 billion in connection with the conduct and occurrences that are the subject of the litigation underlying this discovery.

**REQUEST FOR ADMISSION NO. 2:**  Admit that ERS received at least hundreds of millions of dollars for each series of ERS Bonds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**  In addition to its General Objections, the Committee objects to this Request because what ERS received is not relevant to

whether the ERS Bonds were validly issued, which is a legal issue.  The Committee also objects

to this Request to the extent it assumes the receipt of money by ERS makes the ERS Bonds

valid, which it does not.

Subject to and without waiving any of its General or Specific Objections, the Committee

responds as follows:

The Committee denies this Request but admits that ERS received at least hundreds of

millions of dollars in connection with each of the three purported issuances of ERS Bonds that

are, at least in part, the subject of the litigation underlying this discovery.

**REQUEST FOR ADMISSION NO. 3:**  Admit that, at the time of the issuance of the

ERS Bonds, the ERS Enabling Act authorized ERS's Board of Trustees to incur debt on behalf

of ERS and to secure such debt with ERS's assets.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**  In addition to its General

Objections, the Committee objects to this Request to the extent it seeks a legal interpretation or

conclusion regarding the ERS Enabling Act, which speaks for itself.

Subject to and without waiving any of its General or Specific Objections, the Committee

responds as follows:

The Committee denies this Request but admits that in 2008, the ERS Enabling Act

granted the ERS Board of Trustees the power to authorize the ERS Administrator to seek a loan

from any financial institution, from the Government of the Commonwealth of Puerto Rico or

from the Federal Government of the United States of America, or through direct placements of

debt, securing such debt with the assets of the System.

**REQUEST FOR ADMISSION NO. 4:**  Admit that in connection with the issuance of

the ERS Bonds, ERS stated that the ERS Enabling Act "authorizes the System to borrow money,

including through the direct placement of debt, and secure such borrowing with its assets."
Series A Official Statement, at 7.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**  In addition to its General

Objections, the Committee objects to this Request because the content of the Series A Official

Statement, which speaks for itself, is not relevant to whether the ERS Bonds were validly issued

under the ERS Enabling Act, which is a legal issue.

Subject to and without waiving any of its General or Specific Objections, the Committee

responds as follows:

The Committee denies this Request but admits that the Series A Official Statement stated

that the ERS Enabling Act "authorizes the System to borrow money, including through the direct

placement of debt, and secure such borrowing with its assets."

**REQUEST FOR ADMISSION NO. 5:**  Admit that that in connection with the issuance

of the ERS Bonds, ERS stated that the ERS Bond Resolution authorizing the ERS Bonds was

"adopted pursuant to the provisions of the [ERS Enabling] Act."  ERS Bond Resolution § 101.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**  In addition to its General

Objections, the Committee objects to this Request because the content of the ERS Bond

Resolution, which speaks for itself, is not relevant to whether the ERS Bonds were validly issued

under the ERS Enabling Act, which is a legal issue.

Subject to and without waiving any of its General or Specific Objections, the Committee

responds as follows:

The Committee denies this Request but admits that Section 101 of the ERS Bond

Resolution says it was "adopted pursuant to the provisions of the [ERS Enabling] Act."

**REQUEST FOR ADMISSION NO. 6:**  Admit that in January 2008, ERS's General Counsel stated that the ERS Bond Resolution was a "legal, valid, and binding agreement[] of" ERS, that "the Bonds have been duly and validly authorized and issued," and that "[a]ll legislation . . . necessary to fulfill in all material respects the terms and conditions of the Bonds and to carry out the transactions contemplated by the" bond issuance is "in full force and effect . . . and no further legislation . . . is required for such purposes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**  In addition to its General Objections, the Committee objects to this Request because it fails to identify the source of the purported statements by ERS's General Counsel and it quotes only portions of the purported statements.  The Committee objects to this Request to the extent it assumes statements by ERS's General Counsel were authorized statements.  The Committee also objects to this Request because statements by ERS's General Counsel, authorized or not, are not relevant to whether the ERS Bonds were validly issued under the ERS Enabling Act, which is a legal issue.

Subject to and without waiving any of its General or Specific Objections, the Committee responds as follows:

The Committee denies knowledge or information sufficient to form a belief as to the truth of the requested admission.  Because discovery has just begun and the Committee's fact investigation is ongoing, the Committee reserves the right to amend this response.

**REQUEST FOR ADMISSION NO. 7:**  Admit that ERS authorized its agent to make the statements in Request for Admission No. 6.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**  In addition to its General Objections , the Committee objects to this Request because it fails to identify the source of the purported statements by ERS's General Counsel and it quotes only portions of the purported

statements.  The Committee also objects to this Request as unduly burdensome because it seeks

information regarding whether ERS authorized purported statements made nearly twelve years

ago under a different administration.  The Committee also objects to this Request because

statements by ERS's General Counsel, authorized or not, are not relevant to whether the ERS

Bonds were validly issued under the ERS Enabling Act, which is a legal issue.

Subject to and without waiving any of its General or Specific Objections, the Committee

responds as follows:

The Committee denies knowledge or information sufficient to form a belief as to the truth

of the requested admission.  Because discovery has just begun and the Committee's fact

investigation is ongoing, the Committee reserves the right to amend this response.

**REQUEST FOR ADMISSION NO. 8:**  Admit that in January 2008, ERS's outside

counsel stated to the ERS Bond underwriters that the ERS Bond Resolution was "duly adopted

by the system and [is] in full force and effect and constitute[s] the legal, valid and binding

agreement[] of the System, enforceable against the system" and stated to The Bank of New York

Mellon, as the fiscal agent for the ERS Bonds, that ERS "has the right and power under [the ERS

Enabling Act] to adopt the Resolution" and that "the Bonds are valid and binding" ERS

obligations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**  In addition to its General

Objections, the Committee objects to this Request because it fails to identify the source of the

purported statements by ERS's outside counsel and it quotes only portions of the purported

statements.  The Committee objects to this Request to the extent it assumes statements by ERS's

outside counsel were authorized statements.  The Committee also objects to this Request because

statements by ERS's outside counsel, authorized or not, are not relevant to whether the ERS

Bonds were validly issued under the ERS Enabling Act, which is a legal issue.

Subject to and without waiving any of its General or Specific Objections, the Committee

responds as follows:

The Committee denies knowledge or information sufficient to form a belief as to the truth

of the requested admission.  Because discovery has just begun and the Committee's fact

investigation is ongoing, the Committee reserves the right to amend this response.

**REQUEST FOR ADMISSION NO. 9:**  Admit that ERS authorized its agent to make

the statements in Request for Admission No 8.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**  In addition to its General

Objections, the Committee objects to this Request because it fails to identify the source of the

purported statements by ERS's outside counsel and it quotes only portions of the purported

statements.  The Committee objects to this Request as unduly burdensome because it seeks

information regarding whether ERS authorized purported statements made nearly twelve years

ago under a different administration.  The Committee also objects to this Request because

statements by ERS's outside counsel, authorized or not, are not relevant to whether the ERS

Bonds were validly issued under the ERS Enabling Act, which is a legal issue.

Subject to and without waiving any of its General or Specific Objections, the Committee

responds as follows:

The Committee denies knowledge or information sufficient to form a belief as to the truth

of the requested admission.  Because discovery has just begun and the Committee's fact

investigation is ongoing, the Committee reserves the right to amend this response.

**REQUEST FOR ADMISSION NO. 10:**  Admit that prior to the commencement of this action, ERS never asserted that it lacked authority to issue the ERS Bonds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**  Subject to and without waiving any of its General or Specific Objections, the Committee responds as follows:

Denied.

**REQUEST FOR ADMISSION NO. 11:**  Admit that no tribunal has concluded that ERS lacked authority to issue the ERS Bonds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**  In addition to its General Objections, the Committee objects to the term "tribunal," which is vague and ambiguous as to what it includes or excludes.  The Committee will interpret tribunal to mean a court.

Subject to and without waiving any of its General or Specific Objections, the Committee responds as follows:

The Committee admits that it is not aware of any court that has yet ruled that ERS lacked authority to issue the ERS Bonds, but the Legislative Assembly of Puerto Rico stated in the Statement of Motives for Act 116-2011 that the issuance of the ERS Bonds was "illegally made."

**REQUEST FOR ADMISSION NO. 12:** Admit that when ERS issued the ERS Bonds, it expected that third parties would buy and sell the ERS Bonds in secondary market transactions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**  In addition to its General Objections, the Committee objects to this Request because ERS's purported expectations regarding what third parties might or might not do are not relevant to whether the ERS Bonds were validly issued under the ERS Enabling Act, which is a legal issue.  The Committee objects to this Request to the extent it assumes ERS had expectations regarding what third parties might or might not do in connection with the ERS Bonds.  The Committee also objects to this Request

11

as unduly burdensome because it seeks information regarding ERS's purported expectation from nearly twelve years ago under a different administration.

Subject to and without waiving any of its General or Specific Objections, the Committee responds as follows:

The Committee denies knowledge or information sufficient to form a belief as to the truth of the requested admission.  Because discovery has just begun and the Committee's fact investigation is ongoing, the Committee reserves the right to amend this response.

**REQUEST FOR ADMISSION NO. 13:**  Admit that when ERS issued the ERS Bonds, ERS expected that payments would be made to whomever held the ERS Bonds at the relevant time, including purchasers on the secondary market.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**  In addition to its General Objections, the Committee objects to this Request because ERS's purported expectations regarding what third parties might or might not do are not relevant to whether the ERS Bonds were validly issued under the ERS Enabling Act, which is a legal issue.  The Committee further objects to this Request to the extent it assumes ERS had expectations regarding what third parties might or might not do in connection with the ERS Bonds.  The Committee also objects to this Request as unduly burdensome because it seeks information regarding ERS's purported expectation from nearly twelve years ago under a different administration.

Subject to and without waiving any of its General or Specific Objections, the Committee responds as follows:

The Committee denies knowledge or information sufficient to form a belief as to the truth of the requested admission.  Because discovery has just begun and the Committee's fact investigation is ongoing, the Committee reserves the right to amend this response.

**REQUEST FOR ADMISSION NO. 14:**  Admit that the official English translation of Section 4-105(d) of the ERS Enabling Act as it existed in 2008 is missing commas after "financial institution" and "United States of America" that appear in the corresponding portions of the original Spanish text of that provision.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**  In addition to its General Objections, the Committee objects to this Request to the extent it seeks information not in the Committee's possession, custody or control regarding the official English translation of Section 4-105(d) of the ERS Enabling Act.  The Committee also objects to this Request to the extent it treats the differences between the official English translation and the Spanish text as material to whether the ERS Bonds were validly issued under the ERS Enabling Act.

Subject to and without waiving any of its General or Specific Objections, the Committee responds as follows:

The Committee denies this Request but admits that the proper English translation of Section 4-105(d) does not contain commas after the words "financial institution" and "United States of America," and that such commas do appear in the corresponding portions of the original Spanish text of that provision.

**REQUEST FOR ADMISSION NO. 15:**  Admit that the official English translation of Section 4-105(d) of the ERS Enabling Act as it existed in 2008 mistranslated the first and third instances of the word "del" in the phrase "del Gobierno del Estado Libre Asociado de Puerto Rico o del goberno federal de los Estados Unidos de América" (emphasis added to indicate the first and third instances of "del") as "of the" when those instances of that word are properly translated as "from the."

13

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**  In addition to its General

Objections, the Committee objects to this Request to the extent it seeks information not in the

Committee's possession, custody or control regarding the official English translation of Section

4-105(d) of the ERS Enabling Act.  The Committee objects to this Request to the extent it treats

the differences between the official English translation and the Spanish text as material to

whether the ERS Bonds were validly issued under the ERS Enabling Act.

Subject to and without waiving any of its General or Specific Objections, the Committee

responds as follows:

The Committee denies this Request but admits that "from the" is a proper English

translation of the first and third instances of the word "del" in the phrase "del Gobierno del

Estado Libre Asociado de Puerto Rico o del goberno federal de los Estados Unidos de América."

**REQUEST FOR ADMISSION NO. 16:**  Admit that in ordinary usage, the Spanish

phrase "tomar prestado" means "to borrow," not "to seek a loan."

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Subject to and without waiving any of its Objections, the Committee responds as follows:

The Committee denies this Request but admits that the phrase "tomar prestado" can be

translated in various ways.

**REQUEST FOR ADMISSION NO. 17:**  Admit that Section 4-105(d) of the ERS

Enabling Act as it existed in 2008 authorized ERS to borrow by selling debt securities directly to

investors in a private placement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**  In addition to its General

Objections, the Committee objects to this Request because it seeks a legal interpretation or

conclusion regarding Section 4-105(d) ERS Enabling Act, which speaks for itself.  The

14

Committee also objects to this Request because it is an incomplete statement of Section 4-105(d) of the ERS Enabling Act.

Subject to and without waiving any of its General or Specific Objections, the Committee responds as follows:

The Committee denies this Request but admits that in 2008, the ERS Enabling Act granted the ERS Board of Trustees the power to authorize the ERS Administrator to seek a loan from any financial institution, from the Government of the Commonwealth of Puerto Rico or from the Federal Government of the United States of America, or through direct placements of debt, securing such debt with the assets of the System.

**REQUEST FOR ADMISSION NO. 18:**  Admit that Section 4-105(d) of the ERS Enabling Act as it existed in 2008 authorized ERS to borrow by obtaining a loan from any financial institution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**  In addition to its General Objections, the Committee objects to this Request because it seeks a legal interpretation or conclusion regarding Section 4-105(d) ERS Enabling Act, which speaks for itself.  The Committee also objects to this Request because it is an incomplete statement of Section 4-105(d) of the ERS Enabling Act.

Subject to and without waiving any of its General or Specific Objections, the Committee responds as follows:

The Committee denies this Request but admits that in 2008, the ERS Enabling Act granted the ERS Board of Trustees the power to authorize the ERS Administrator to seek a loan from any financial institution, from the Government of the Commonwealth of Puerto Rico or

from the Federal Government of the United States of America, or through direct placements of

debt, securing such debt with the assets of the System.

**REQUEST FOR ADMISSION NO. 19:**  Admit that the ERS Enabling Act as it existed

in 2008 did not limit the amount that ERS could borrow.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**  In addition to its General

Objections, the Committee objects to this Request because it seeks a legal interpretation or

conclusion regarding the ERS Enabling Act, which speaks for itself.  The Committee also objects

to this Request because the amount of money that ERS could borrow is not relevant to whether

the ERS Bonds were validly issued.

Subject to and without waiving any of its General or Specific Objections, the Committee

responds as follows:

The Committee admits that in 2008, the ERS Enabling Act did not contain a provision

limiting the amount of money ERS could borrow.

**REQUEST FOR ADMISSION NO. 20:**  Admit that the ERS Enabling Act as it existed

in 2008 did not limit the purposes for which ERS could borrow.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**  In addition to its General

Objections, the Committee objects to this Request because it seeks a legal interpretation or

conclusion regarding the ERS Enabling Act, which speaks for itself.  The Committee also objects

to this Request because the purpose for which ERS could borrow money is not relevant to

whether the ERS Bonds were validly issued.

Subject to and without waiving any of its General or Specific Objections, the Committee

responds as follows:

16

The Committee admits that in 2008, the ERS Enabling Act did not contain a provision limiting the purpose for which ERS could borrow money.

*[remainder of page intentionally left blank]*

Dated: December 3, 2019

*/s/ Luc A. Despins*
**PAUL HASTINGS LLP**
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*[2]


*/s/ Juan J. Casillas*
**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*[3]

---

[2] As it relates to the Creditors' Committee's omnibus claims objection at Docket No. 5580.

[3] As it relates to the Creditors' Committee omnibus claims objections at Docket No. 5580 and 5586 and Adversary Proceeding Nos. 19-356, 19-357, 19-359, 19-361.

*/s/ John Arrastia*
**GENOVESE JOBLOVE & BATTISTA, P.A.**
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors*[4]

---

[4] As it relates to Adversary Proceeding Nos. 19-356, 19-357, 19-359, 19-361.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 3, 2019, a true and correct copy of the

foregoing was served via electronic mail on the following counsel of record for Defendants:

*/s/ Nicholas Bassett*
Nicholas Bassett

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
bbennett@jonesday.com

John K.Cunningham
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10036
jcunningham@whitecase.com

Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
P. O.Box 11750
Fernández Juncos Station
San Juan, PR 00910-1750

José C.Sánchez-Castro
SÁNCHEZ PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
jsanchez@sanpir.com