# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor | PROMESA<br>Title III<br><br>No. 17 BK 3566-LTS<br><br>Re: Adv. Pro. 19-366;<br>Adv. Pro 19-367 |

**DECLARATION OF HÉCTOR MAYOL KAUFFMAN**

I, Héctor Mayol Kauffman, hereby declare:

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

1. I am a partner of the law firm of Bennazar, Garcìa & Milián, C.S.P., where I have been employed since January 14, 2015.

2. From June 1, 2005 to February 25, 2009, I was employed as Managing Director in the San Juan, Puerto Rico office of Samuel A. Ramírez & Co.

3. I am aware that in 2008, Samuel A. Ramírez & Co. joined a syndicate of underwriters to purchase ERS bonds. I was not involved in Samuel A. Ramírez & Co.'s decision to participate in the underwriting syndicate, nor was I involved in Samuel A. Ramírez & Co.'s review or analysis of the proposed ERS bond issuance. My recollection is that these decisions were made, and any analysis was conducted, by individuals in Samuel A. Ramírez & Co.'s New York office.

4. On January 24, 2008, and again on June 25, 2008, at the direction of Samuel A. Ramírez, I executed an Acceptance of Agreement Among Underwriters on behalf of Samuel A. Ramírez & Co. in connection with ERS's sale of bonds. My understanding is that I was directed to execute the Acceptances of Agreement Among Underwriters because the documents were executed in San Juan, Puerto Rico, and I was a Managing Director resident in the San Juan office of Samuel A. Ramírez & Co. and available to attend the closing to sign the documents.

5. From February, 2009 to September 2013, I served as the Administrator of ERS. Because my tenure at ERS post-dated the issuance of the ERS bonds, I did not have any responsibility for ERS's issuance of the bonds, nor was I involved in any decision-making regarding the purpose or need for the bond issuance.

6. I was never employed at ERS before my appointment as Administrator, and I have not been employed by ERS since I left my position as Administrator.

7. I have never served on the ERS Board of Trustees.

I declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: January 14, 2020

_____
Héctor Mayol Kauffman

3