## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-03566 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK- 3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK- 4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, <br><br> and <br><br> THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), <br><br> as co-trustees of <br><br> THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, <br><br> Plaintiff, <br><br> v. <br><br> DEFENDANT 1M, ET AL., <br><br> Defendants. | Adv. Proc. No. 19-00356 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, <br><br> and <br><br> THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), <br><br> as co-trustees of <br><br> THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, <br><br> Plaintiff, <br><br> v. <br><br> STOEVER GLASS & CO., ET AL., <br><br> Defendants. | Adv. Proc. No. 19-00357 (LTS) |

|  |  |
|---|---|
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS,<br><br>and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>as co-trustees of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>DEFENDANT 1H-78H,<br><br>Defendants. | Adv. Proc. No. 19-00359 (LTS) |

| | |
|---|---|
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS,<br><br>and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>as co-trustees of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>DEFENDANT 1G-50G, ET AL.,<br><br>Defendants. | Adv. Proc. No. 19-00361 (LTS) |

**REPLY IN SUPPORT OF URGENT MOTION OF COMMITTEES AND GOVERNMENT PARTIES TO COMPEL PRODUCTION OF DOCUMENTS <u>FROM ERS BONDHOLDERS</u>**

To the Honorable United States Magistrate Judge Judith G. Dein:

The Official Committee of Unsecured Creditors (the "Creditors' Committee"),[2] the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee" and, together with the Creditors' Committee, the "Committees"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), and the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico (the "SCC") (together with the FOMB, the "Government Parties") (the Committees and Government Parties, collectively, "Movants") respectfully submit this reply in support of their urgent motion to compel. ECF No. 756 in Case No. 17-bk-03566 (the "Urgent Motion").

## INTRODUCTION

1.  The Bondholders say the only the documents that bear on their claimed "notice" defense are "documents that *address*" ultra vires (Opp. ¶ 12) (emphasis added) or "documents *assessing validity*" of the ERS Bonds (Opp. ¶ 14) (emphasis added), by which the Bondholders mean documents that directly state whether the ERS Bonds were "valid" or "*ultra vires*." But that is not all the law says is relevant.

2.  Under the Uniform Commercial Code enacted in Puerto Rico ("UCC"), whether the Bondholders had "notice" requires an examination of whether, "from all the facts and circumstances known to [the person] at the time in question [the person] *has reason to know*" the ERS Bonds were invalid. 19 L.P.R.A. § 451(25) (emphasis added). The Bondholders do not even cite this provision in their opposition despite its defining role in their notice defense, let alone argue the discovery Movants seek is beyond its scope. But the meaning of that provision is clear: the Bondholders chose to assert this "notice" argument and, in doing so, must produce documents

---

[2] The Creditors' Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

1

showing "all facts and circumstances known" to them when they purchased or acquired the ERS Bonds.

3. Movants therefore must have discovery into those documents because anything less would permit the Bondholders to hide the materials showing they had "reason to know" the ERS Bonds were *ultra vires* and that their "notice" argument fails. Any potential burden resulting from such discovery is a burden the Bondholders chose by invoking this notice argument under the UCC—and in any event, the Bondholders have neither supplied any information to show why obtaining the discovery Movants seek would be unduly burdensome nor proposed any limitation to the Requests to alleviate any supposed burden.

4. So long as the Bondholders continue to rely on their "notice" argument under the UCC, they must produce discovery the UCC makes clear is relevant to those arguments. The Court should therefore grant the Urgent Motion and compel the Bondholders to produce documents concerning "all facts and circumstances known" to them at the time they purchased or acquired ERS Bonds.

## ARGUMENT

5. The Bondholders' case rests on the argument that even if the ERS Bonds are *ultra vires* and void those bonds remain enforceable because, the Bondholders contend,[3] they purchased the ERS Bonds for value and without notice of that defect. *See* ECF No. 688 in Case No. 17-bk-03566 at 33; *see also* 19 L.P.R.A. § 1752(b).

6. But the UCC defines "notice" of a defect broadly to include when (1) the person "has actual knowledge of it"; (2) the person "has received a notice or notification of it"; or (3)

---

[3] Movants do not agree the Bondholders' "notice" argument is properly asserted or can be successful as a matter of law under the circumstances, and reserve their rights to challenge the Bondholders' "notice" arguments in these actions in every respect.

2

"from all the facts and circumstances known to [the person] at the time in question [the person] *has reason to know* that it exists." 19 L.P.R.A. § 451(25) (emphasis added). Thus, in addition to discovery into the Bondholders' actual knowledge, the Bondholders' assertion of notice arguments under the UCC requires an examination into "all the facts and circumstances known" to the Bondholders when they purchased or acquired ERS Bonds to enable Movants, and the Court, to determine whether the Bondholders had "reason to know" the ERS Bonds were issued *ultra vires*. 19 L.P.R.A. §§ 451(25), 1752(b).

7. The Bondholders resist providing that discovery because the breadth of what constitutes "notice" under the UCC likely dooms their notice defense, and their resistance rests solely on relevance arguments. Specifically, the Bondholders contend the only documents that could bear on their claimed "notice" defense are "documents *reflecting*" their affirmative "knowledge and beliefs" about ERS's "authority" or the "legality" of the issuance (Opp. ¶ 8) (emphasis added), "documents that *address*" ultra vires (Opp. ¶ 12) (emphasis added), or "documents *assessing validity*" of the ERS Bonds (Opp. ¶ 14) (emphasis added). While those documents indisputably are relevant to the Bondholders' actual knowledge concerning the validity of the ERS Bonds, the inquiry does not end there under the law.

8. In addition to actual knowledge, the UCC provides that the Bondholders had notice—and therefore cannot rely on notice arguments to salvage their case—if they had "reason to know" the ERS Bonds were *ultra vires* based on "all the facts and circumstances known to [the Bondholders]" when they purchased or acquired ERS Bonds. 19 L.P.R.A. § 451(25). Actual knowledge is just the tip of the iceberg; what the Bondholders *had reason to know* under all the facts and circumstances known to them is unquestionably relevant and discoverable under the law.

3

9. The Bondholders nowhere address the UCC's broad definition of "notice" that includes what they had reason to know based on all facts and circumstances known to them when they purchased or acquired ERS Bonds, let alone explain how the limited discovery they propose can be squared with what the UCC says is relevant to notice. Instead, the Bondholders seek to limit what they will produce in discovery to (a) evidence of actual knowledge, and (b) even then, only non-privileged documents that "reflect" their actual knowledge about legal conclusions, such as ERS's "authority" to issue bonds, or the "validity" of the ERS Bonds, or the "legality" of the issuance (Opp. ¶ 8)—a category of documents so obviously constructed to capture only privileged documents that will be withheld that the Bondholders concede as much. Opp. ¶ 8 (such documents are "all relevant, discoverable information (*subject, of course, to any privileges*)" (emphasis added)). The UCC does not countenance that tactic: instead, it provides that if all the facts and circumstances known to the Bondholders show they had "reason to know" the ERS Bonds were invalid, then their notice argument fails. 19 L.P.R.A. § 1752(b); *id.* § 451(25).[4]

10. The Bondholders' remaining arguments are equally unavailing.

11. The Bondholders argue they should not be compelled to produce documents concerning all facts and circumstances known to them when they acquired ERS Bonds because they were never "obliged to confirm the ERS Bonds' validity." Opp. ¶ 14. That is beside the point. Movants seek discovery into the notice the Bondholders had as defined by the UCC not

---

[4] The cases the Bondholders cite (Opp. ¶ 11) do not endorse the unreasonably narrow production they envision; instead, they stand only for the unremarkable proposition that the scope of discovery extends only to relevant matters. *See Amoah v. Mckinney*, 2016 WL 1698267, at *3 (D. Mass. Apr. 27, 2016); *Cutter v. HealthMarkets, Inc.*, 2011 WL 613703, at *2 (D. Mass. Feb. 10, 2011). In fact, if anything, *Cutter* undermines the Bondholders' objections, as it denied a motion to compel because the discovery sought was "irrelevant to both Plaintiffs' claims and Defendants' counterclaims." *Cutter*, 2011 WL 613703, at *2. As explained above, the Requests here are directly relevant to determine whether the Bondholders had "notice" under Puerto Rico law.

4

because the Bondholders were "obliged to confirm" anything, but because the UCC holds the Bondholders responsible for anything they had "*reason to know*" at the time they purchased or acquired ERS Bonds.

12. The Bondholders next contend the Requests are vastly overbroad because they seek "'every single document about the ERS Bonds at any time.'" Opp. ¶ 10. That is wrong for at least two reasons. *First*, Movants' Requests are not "overbroad" because they seek what the UCC says is relevant: all facts and circumstances known to the Bondholders when they purchased or acquired the ERS Bonds. 19 L.P.R.A. § 1752(b); *id.* § 451(25). *Second*, contrary to the Bondholders' contention, the Requests do not seek every document relating to ERS Bonds at all times: instead, the Requests seek documents concerning "all facts and circumstances" known to the Bondholders *when they purchased or acquired ERS Bonds*, which is what the law says is relevant to the arguments *the Bondholders* chose to assert. 19 L.P.R.A. § 451(25). The Bondholders doubtless know (or can discover with minimal diligence) when they began to evaluate purchasing or acquiring ERS Bonds on the one hand, and when they actually purchased or acquired ERS Bonds on the other, both of which place inherent limitations on the scope of the Requests.

13. The Bondholders also argue that the Requests are "inconsistent" with the Oversight Board's objections to a subpoena it received, accusing Movants of treating discovery as a "one-way street." Opp. ¶ 15. Those arguments are meritless. As the Debtors' representative under PROMESA, the Oversight Board is differently situated than the Bondholders. The Oversight Board is not a holder of ERS Bonds that injected the issue of its knowledge under all facts and circumstances by invoking notice arguments under the UCC. To the extent the discovery sought from Bondholders is a "one-way street," it is because the Bondholders are the only ones making notice arguments that put such discovery at issue; in contrast, the facts and circumstances known

5

to the Oversight Board at the time the Bondholders purchased ERS Bonds has no bearing on any claim or defense in these actions. *See also* ECF No. 779.

14. The Bondholders next argue they should not be compelled to produce the documents Movants seek because Movants cannot "describe a single example of a document that addresses issues relevant to the Ultra Vires Proceedings but falls outside the Bondholders' limitation" of documents that "address" or "discuss" the validity of ERS Bonds. Opp. ¶ 17. That is wrong, and backwards. It is wrong not only because the Bondholders concede they are withholding such documents, Opp. ¶¶ 12, 13 (referencing "withheld documents"), but more fundamentally because the Bondholders' notice arguments under the UCC require discovery of documents concerning *all facts and circumstances known* to the Bondholders. It is also backwards: Movants are not required to identify specific documents in the Bondholders' possession to obtain discovery, because only the Bondholders know exactly what they are withholding. In any event, the Bondholders concede they are withholding investment committee memoranda (or similar documents) and supporting material and analyses. Opp. ¶ 18.

15. The Bondholders also complain that they should not be compelled to produce certain specific documents—namely, investment committee memoranda (or similar materials), along with supporting materials that their principals used to decide whether to purchaser ERS Bonds for their investors—because they are "highly sensitive documents," and because they claim Movants seek them solely to obtain "inside information" to use in settlement discussions. Opp. ¶ 18. Those charges are false for at least three reasons.

16. *First*, even if such documents are uniformly sensitive, confidentiality is not a defense to producing discovery under the Federal Rules.

6

17. *Second*, to the extent the Bondholders can establish the sensitivity of such documents, they agreed to a protective order in this case—knowing full well Movants had requested these specific documents—that the Court recently approved. ECF No. 776.

18. *Third*, as to the charge Movants want these documents to gain some "inside information" for settlement discussions, that is both false and reveals the probative value of those documents. Movants seek investment committee memoranda and their supporting analysis because they are some of the documents investment fund managers (including the Bondholders) use to decide whether to purchase certain securities. Their probative value here to show what the Bondholders had "reason to know" is obvious, and that is the sole reason Movants seek discovery of them. But the Bondholders then claim, in effect, that such documents are *too probative* to share because they could affect settlement discussions. If the law prohibited discovery of documents on the grounds they theoretically could give someone an advantage in settlement discussions, there would be no civil discovery under the Federal Rules. Of course, the law does not do that.

19. Finally, to the extent the Bondholders attempt to assert any "burden" arguments, such arguments fail. The Bondholders have not presented a single specific fact to show any of them would bear an undue burden if compelled to produce discovery into all the facts and circumstances known to them at the time they purchased or acquired ERS Bonds. Even if such discovery could be burdensome, it is critical and proportionate here. Any burden resulting from such discovery is a burden the Bondholders chose by asserting their fact-intensive defense under the UCC, and Movants should not be placed at a disadvantage merely because the Bondholders are unwilling to live with the consequences of their litigation strategy. And in any event, the Bondholders have not proposed any limitation to the Requests to alleviate any supposed burden.

20. In sum, the Bondholders seek to have it both ways, asserting a notice defense while refusing to produce discovery directly relevant to that defense under its controlling law. The Court should end this gamesmanship, and compel the Bondholders to produce documents concerning "all facts and circumstances known" to them at the time they purchased or acquired ERS Bonds.

## CONCLUSION

21. As explained above, the Bondholders seek to withhold documents that are plainly relevant to their "notice" arguments in these actions: the UCC defines notice to include not only the Bondholders' actual knowledge, but what the Bondholders had "reason to know" in view of "*all* the facts and circumstances known" to them at the time they purchased or acquired ERS Bonds. As such, unless the Bondholders withdraw their reliance on the UCC's "notice" exception, the Bondholders must be compelled to produce the documents from which Movants, and the Court, can determine what the Bondholders had "reason to know."

22. For at least the foregoing reasons, the Court should grant Movants' Urgent Motion.

*[Remainder of page intentionally left blank]*

Dated: January 14, 2020
New York, NY

Respectfully submitted,

*/s/ Luc A. Despins*

**PAUL HASTINGS LLP**
Luc A. Despins *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

*/s/ Juan J. Casillas Ayala*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC – PR 218312)
Israel Fernández Rodrígues, Esq. (USDC – PR 22504)
Juan C. Nieves González, Esq. (USDC – PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC – PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (797) 523-3434
Fax: (797) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@ctslawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

*/s/ John Arrastia*

**GENOVESE JOBLOVE & BATTISTA, P.A.**
John Arrastia, Esq. (*Pro Hac Vice*)

9

John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the*
*Official Committee of Unsecured Creditors*

/s/ Margaret A. Dale

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
William D. Dalsen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: jlevitan@proskauer.com
Email: mdale@proskauer.com
Email: wdalsen@proskauer.com

/s/ Luis F. del Valle-Emmanuelli

Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.977.1932
Fax. 787.722.1932
dvelawoffices@gmail.com

OF COUNSEL FOR A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: (787) 751-6764/ 763-0565

10

Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

/s/ *Sunni P. Beville*

**BROWN RUDNICK LLP**
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@prownrudnick.com

*Counsel to the Special Claims Committee*

/s/ *Alberto Estrella*

**ESTRELLA, LLC**
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P.O. Box 902359
San Juan, Puerto Rico 00902-3596
Tel: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee*

/s/ *Catherine Steege*

**JENNER & BLOCK LLP**
Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)

11

212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
Landon Raiford (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

/s/ A.J. Bennazar-Zequeira

**BENNAZAR, GARCÍA & MILIÁN, C.S.P**
A.J. Bennazar-Zequeira
Héctor M. Mayol Kauffmann
Francisco del Castillo Orozco
Edificio Union Plaza
1701 Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
hector.mayol@bennazar.com
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for the Official Committee of Retired Employees of Puerto Rico*

12

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on January 14, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

                                           */s/ Luis F. del Valle-Emmanuelli*
                                           Luis F. del Valle-Emmanuelli