UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

Debtors.

-----------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

This filing relates to the
Commonwealth and ERS.

### Jesús Rabell Méndez' Reply in Opposition to the One Hundred and Fourth Omnibus Objection (Non-Sustantive) … to Deficient Claims Asserting Interests Based on Salary Demands, Employment or Services Provided

Now Comes Jesús Rabell Méndez *pro se* and respectfully alleges and prays:

1. The Financial Oversight and Management Board for Puerto Rico filed the One Hundred and Fourth Omnibus Objection (Non-Sustantive) … to Deficient Claims Asserting Interests Based on Salary Demands, Employment or Services Provided.

2. At page 76 of 179 of Exhibit A titled "Schedule of Claims Subject to the One Hundred and Fourth Omnibus Objection" my Proof of Claim for the amount of $500.00 is being objected for allegedly being a deficient claim[1].

3. My claim is not a deficient claim as alleged as:

A. The claim for $500 is a valid claim that arises from a "Solicitud de Beneficios por Muerte" properly filed by me before the Employment Retirement System (ERS) and this Honorable Court arising upon the death of my sister Aida Consuelo Rabell Méndez, a former Government of Puerto Rico employee and participating member of the ERS.

B. The claim was dully filed under penalty of perjury in this Honorable Court via Proof of Claim as required by law and although unnecessary under applicable bankruptcy law, it is dully supported by the exhibit enclosed and made a part of this motion titled "Solicitud de Beneficios por Muerte – Ley Núm. 447 de 15 de mayo de 1951" (Exhibit A). This claim is a statutory claim based on Law Number 447 of May 15, 1951. The answer to question 9 entitled "What is the basis of the

---

[1] See paragraphs 12-13 at page 6 of the One Hundred and Fourth Omnibus Objection.

1

claim?" of my Proof of Claim adequately identifies the claim as a statutory claim: "benefits upon death of a pension holder"[2]. Statutory claims do not require supporting documentation and constitute *prima facie* evidence of the validity of the claim under Rule 3001 (f) of the Federal Rules of Bankruptcy Procedure, See *In re Los Angeles Intern. Airport Hotel Associates*, 106 F.3d 1479 (9th Cir. 1997)[3]; *In re Jenny Lynn Mining Co.*, 780 F.2d 585, 587 (6th Cir.) (where basis of claim is statutory, no documentation would have provided additional notice to debtor), *cert.* denied, 477 U.S. 905, 106 S.Ct. 3276, 91 L.Ed.2d 566 (1986).

4. The Commonwealth and the ERS are able to determine the validity of my claim on their own upon doing a diligent search on the files of the Commonwealth or the ERS. Whether this diligent search was done or not is not evident from the boilerplate hearsay wording of paragraph 4 of the Declaration enclosed with the objection. Further, my claim was filed after receiving from Prime Clerk LLC a "Notice for Filing Proofs of Claim" stating that "You may be a creditor of one of the Debtor's and you may be required to file a proof of claim" That fact alone should make this Court suspicious of the validity of the objection. It seems obvious to me that somewhere, someplace, in this voluminous case or in the files the Commonwealth and/or the ERS has me documented as a creditor[4]. In any event, this matter is moot as the undersigned has filed the necessary evidence under penalty of perjury via Proof of Claim to validate the $500 claim and further by Exhibit A of this motion, although it is not necessary to do so, as explained above.[5]

5. The mailing allegedly sent to me[6] was upon the best of my recollection not received by me. Therefore, the undersigned was not able to provide further documentary evidence earlier, although as explained above it was unnecessary. The best evidence of my claim as explained above is the Proof of Claim filed under penalty of perjury which has not been adequately controverted by admissible evidence.

6. Therefore, being my claim valid and not deficient, this Honorable Court should deny the objection and rule the claim to be valid under applicable bankruptcy law with such further relief as the Court deems necessary.

---

[2] "beneficio por la muerte de un pensionado."
[3] The Ninth Circuit Court of Appeals therein stated:
"We are faced with a simple question: Is the SBE's claim against L.A. Airport based on a writing? The courts have been uniform in their response: No. See *In re Vines*, 200 B.R. 940, 949 (M.D.Fla.1996) ("[T]he IRS was not required to attach any documentation to its Proof of Claim because the claim ... [is] based not on a writing, but on federal statutes."); *In re White*, 168 B.R. 825, 834 (Bankr.D.Conn.1994) (same); see also *In re Jenny Lynn Mining Co.*, 780 F.2d 585, 587 (6th Cir.) (where basis of claim is statutory, no documentation would have provided additional notice to debtor), cert. denied, 477 U.S. 905, 106 S. Ct. 3276, 91 L.Ed.2d 566 (1986). We agree. The SBE's claim is based on a state statute, not a writing. Accordingly, the SBE is not required to attach documentation to its proof of claim."
[4] The undersigned prior to the filing of this motion has not been sent nor has been able to examine the schedules to determine if I have been listed as a creditor, therefore, if I have been listed the debtor ERS have admitted their liability.
[5] See paragraph 4 at page 2 of the Declaration (Exhibit B) included in the One Hundred and Fourth Omnibus Objection. Upon the best of my recollection the undersigned has not been served with any of the motions or orders mentioned in paragraphs 3-10 of the One Hundred and Fourth Omnibus Objection. The only document received upon my best recollection was the Notice for Filing Proofs of Claim. The due process implications of this lack of notice need not be raised at this time nor are they being waived.
[6] See paragraphs 14-18 at page 6 of the One Hundred and Fourth Omnibus Objection.

2

7. The undersigned requests to be notified by mail and email as to any order entered regarding the matters addressed in this motion as the undersigned is not a registered user of this case filing system.

8. I feel confident that the filing of the objection as to my Proof of Claim has been an inadvertent error in this voluminous case by the debtors Commonwealth and ERS and that after further examination they will on their own initiative withdraw their objection on my claim thereby saving time and expense to The Financial Oversight and Management Board for Puerto Rico; the Commonwealth; the ERS; this Honorable Court; and me.

9. The undersigned hereby certifies that copy of this motion has been sent to Counsel for the Oversight Board Proskauer Rose LLP attn. Martin J. Bienestock and Brian S. Rosen and to Counsel for the Creditors Committee Paul Hastings LLP attn. Luc A. Despins, James Bliss, James Worthington and G, Alexander Bongartz to their addresses contained at pages 4-5 of the Notice of the One Hundred and Fourth Omnibus Objection.

**Wherefore**, being my claim valid and not deficient, it is requested from this Honorable Court to deny the objection and rule the claim to be valid under applicable bankruptcy law with such further relief as the Court deems necessary.

Respectfully submitted in San Juan, Puerto Rico, this 14th day of January, 2020.

Jesús R. Rabell Méndez
*Pro Se*
564 Calle R. Gandía
San Juan, PR 00918-4033
jesusrabell@gmail.com
Tel. 787-312-0259

3