**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM BECAUSE THEIR RECORDS SHOW THAT YOUR CLAIM IS DEFICIENT.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|------|---------|-----------|--------|----------------------|
| CRUZ LOPEZ, MARIA | 29049 | 5/22/2018 | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | $0.00 |
| Reason: | | Proof of claim purports to assert liabilities associated with the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, but fails to provide any basis or supporting documentation for asserting a claim against the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, such that the Debtors are unable to determine whether claimant has a valid claim against the Employees Retirement System of the Government of the Commonwealth of Puerto Rico or any of the other Title III debtors | | |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO, PUESTO QUE LOS DATOS INDICAN QUE SU RECLAMO ES DEFICIENTE.**

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|--------|--------------------|-----------------------|--------|--------------------------------|
| CRUZ LOPEZ, MARIA | 29049 | 5/22/2018 | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | $0.00 |
| Base para: | | La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra dicho sistema, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III. | | |

Copies of the Omnibus Objection and all other filings in the Title III Cases are available free online at https://cases.primeclerk.com/puertorico.  If you have questions, please contact Prime Clerk LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m.  (Atlantic Standard Time) (Spanish available).

Copias de la Objeción global, y todos los escritos radicados en el marco de las causas conforme al Título III, están disponibles, de manera gratuita, en https://cases.primeclerk.com/puertorico.  Si tiene alguna pregunta, comuníquese con Prime Clerk LLC llamando al (844) 822-9231 (número gratuito para Estados Unidos y Puerto Rico) o (646) 486-7944 (para llamadas desde el extranjero), disponible entre las 10:00 a.m. y las 07:00 p.m. (AST) (hablamos español).

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**ADMINISTRACION DE LOS SISTEMAS DE RETIRO**
**DE LOS EMPLEADOS DEL GOBIERNO Y LA LEGISLATURA**

| | |
|---|---|
| **MARÍA E. CRUZ LÓPEZ**<br>Apelante<br><br>VS.<br><br>**ADMINISTRACIÓN DE SISTEMAS DE RETIRO**<br>Apelada | CASO NÚM.: 2017– 0042<br><br>SOBRE: Incapacidad Ocupacional y/o Incapacidad No Ocupacional |



<u>**MOCIÓN INFORMATIVA Y EN CUMPLIMIENTO DE ORDEN**</u>

**AL HONORABLE SECRETARIO DE LA JUNTA DE RETIRO:**

Comparece la Sra. María E. Cruz López, a través de su representación legal que suscribe, y muy respetuosamente expone, alega y solicita:

1. En la Conferencia con antelación a la Vista en su fondo celebrada el pasado 15 de noviembre de 2019, surgió una discrepancia entre la moción que presentó el suscribiente y la honorable examinadora.

2. Mientras se revisaban los informes presentados por ambas partes para dicha vista, surgió que de la Información sobre accidentes y/o condiciones en las que la apelante fundamenta su solicitud [1], la honorable examinadora manifestó que tres de las que incluimos no coinciden con las que aparecen en el *Informe de Caso Técnico-Médico* proveniente del AREA DE DETERMINACIÓN DE INCAPACIDAD con fecha del 4/3/2016 -un documento de la administración de los Sistemas de Retiro-.

3. Así las cosas, se nos concedió el término de treinta (30) días para informar si dicha información surge del expediente. De ser así, (1) someterla y (2) especificar a cuál clase de incapacidad pertenece; a IO (incapacidad ocupacional) o (2) INO (incapacidad no ocupacional).

4. En específico, las tres condiciones a las que nos hemos referido son[2]:

---

[1] Las mismas provienen de un reporte hecho y firmado por el Dr. Rafael A. Ruiz González, impreso el 5-18-2015.

[2] A continuación la cita exacta que sometimos como el párrafo tres de la Moción Informativa sometida el 8 de noviembre de 2019.

"3. Información sobre accidentes y/o condiciones en las que fundamenta su solicitud. Las condiciones de salud activas que tiene la participante, de acuerdo a un reporte del Dr. Rafael A. Ruiz González, impreso el 5-18-2015, son, a saber:

- 354.0 Carpal Tunnel Syndrome
- **726.5- Enthesopathy of Hip Region**
- 715.96 Osteoarthros Unspec Gen/Loc Low Leg
- **843.9 Sprain & Strain Unspec Site Hip & Thigh**

- **726.5- Enthesopathy of Hip Region**
- **843.9 Sprain & Strain Unspec Site Hip & Thigh**
- **715.90 Osteoarthros Uns Gen/Loc Uns Site**

5. Luego de revisar el expediente que obra en poder de la Junta de Retiro, no aparece copia de los documentos que -entendemos- sometimos en julio de 2015 donde aparecen dichas condiciones. *Véase anejo*

6. El 2 de julio de 2015 sometimos una Certificación patronal y copias de varios documentos médicos que solicitamos fueran incluidos para actualizar el expediente de la apelante, entre los cuales estaba el reporte al cual nos hemos referido. *Véase anejo*

7. Al revisar el expediente no encontramos que hubiera copia allí, como tampoco aparece copia del acta de la vista de estatus que fue celebrada el 9 de junio de 2015.

8. No entendemos la razón por la que el reporte preparado por el Dr. Rafael A. Ruiz González, -el cual se obtuvo el 18 de mayo de 2015, no se encuentra entre los archivados junto con los otros documentos.

9. Por lo que siendo así, volvemos a someter copia de dicho reporte, como anejo.

10. Por otro lado llama la atención el hecho que, aun cuando la Administración de los Sistemas de Retiro se opuso a que la operación del manguito rotador izquierdo fuera considerada y evaluada junto al resto del cuadro clínico de la apelante[3], la realidad es que la Junta de Síndicos, en su resolución aprobada el 28 de septiembre de 2015 concluyó y resolvió lo siguiente: *"En vista de que la parte apelante se encuentra aún vinculada al servicio público, procede se evalúen todos los diagnósticos y condiciones reclamados"[4].*

11. Asimismo, en la resolución mencionada en el párrafo anterior, dio el término de sesenta (60) días a la apelante para que presentara evidencia suficiente para que las condiciones reclamadas pudieran ser evaluadas conforme a derecho[5].

---

- 733.00 Unspecified Osteoporosis
- **715.90 Osteoarthros Uns Gen/Loc Uns Site**
- 722.73 Intervert Lumb Disc D/O-Myelopathy
- V85.24 Body Mass Index 28.0-28.9 Adult

**Énfasis nuestro.**

[3] Nos referimos a la Moción informativa sobre Devolución del Caso que presentó la Administració el 17 de julio de 2015.

[4] Véase último párrafo de la pág. 3 de la Resolución aludida, bajo el subtítulo de CONCLUSIONES DE DERECHO.

[5] Dicha cita, aquí parafraseada, se encuentra en la pág. 4 de dicha Resolución, en el párrafo 3.

12.     Conforme a dicha resolución, fue que se presentó el 18 de noviembre de 2015 *Moción Informativa y en Cumplimiento de Orden* con la evidencia médica que se nos permitió someter, sobre la cirugía del manguito rotador izquierdo, la cual aparece en la pág. 2 del *Operation Report* que tiene 10 págs.

13.     Luego de noviembre de 2015, el próximo documento que aparece es una Apelación nuestra ponchada el 22 de febrero de 2017, en la cual reaccionamos a una decisión en la negativa para otorgar la pensión a la apelante, la cual tiene la fecha del 20 de enero de 2017.

14.     La Contestación a dicha Apelación fue presentada por la parte apelada el 22 de julio de 2019[6].

15.     Hasta la fecha, la Junta de Síndicos no ha resuelto al respecto. Siendo así, entendemos que antes de celebrar la vista en sus méritos, debe obtenerse cuál va a ser la decisión en torno a nuestra apelación presentada en febrero de 2017.

16.     Por último, hacemos constar que en la última vista celebrada el 15 de noviembre del presente, se hizo referencia al "Informe de Caso Técnico-Médico" el cual aparece firmado el 4/3/2016. Fue en esa ocasión, y no antes, que se nos dió copia del mismo, acabada la vista.

17.     Dado que en dicho documento aparecen los diagnósticos divididos en IO e INO, se nos preguntó si estipulábamos que los que aparecen bajo el encabezamiento de INO eran no ocupacionales, a lo que respondimos que sí. No obstante, al no haber tenido copia de ese documento previo a la vista y no tener la pericia médica que se requiere, no podemos confirmar o certificar que tales condiciones pertenecen a incapacidades no ocupacionales, en vez de las ocupacionales, toda vez que, a nuestro juicio, algunas condiciones que se presentan ahí, aunque no se hayan originado mientras la apelante laboraba, pueden ser secuelas colaterales de las condiciones o enfermedades que ésta desarrolló, a consecuencia de los daños directos relacionados a su labor en los comedores escolares donde trabajaba.

18.     Por tal razón, solicitamos que si es imprescindible que el que suscribe estipule cuantas condiciones son o no ocupacionales, que se nos permita consultar a un perito

---

[6] Valga señalar que la misma fue enviada a la dirección del Bufete de Marcos Rivera en Carolina en vez de a la dirección de este servidor que ubica en Puerto Real, a la cual se le ha enviado otras notificaciones en el pasado.

en la materia para que nos oriente sobre qué contestación dar a esa pregunta para poder llegar a una estipulación informada.

**POR TODO LO CUAL** solicitamos que (1) se dé por cumplida la orden de presentar Moción informativa, (2) la Junta resuelva la apelación -que aún está pendiente- a favor nuestro y/o en la alternativa permita reevaluar el caso incluyendo la operación del manguito rotador izquierdo que se ha negado a considerar (3) se nos permita consultar a un perito que nos oriente para poder señalar debidamente cuáles incapacidades o condiciones son ocupacionales y cuales son no ocupacionales y (4) cite a una vista de estatus de estimarlo necesario para aclarar los pormenores del caso que hemos señalado en la presente, con cualquier otro remedio que en derecho proceda.

### RESPETUOSAMENTE SOMETIDO.

En Luquillo, Puerto Rico a 15 de diciembre de 2019.

**CERTIFICO:** Haber entregado personalmente copia del presente documento a la Secretaría de la Junta de Síndicos, con copia ponchada para que se lo hagan llegar a la División de Asuntos Legales de la Junta de Síndicos y de la Administración de los Sistemas de Retiro.

Lcdo. Raisaac G. Colón Ríos
R.U.A. 19,530
boricualaw77@gmail.com
(787) 691-3636
PO Box 700, Puerto Real, P.R. 00740-0700



**Dr. Rafael A. Ruiz Gonzalez**
LOCAL AA 3 LOIZA VALLEY
CANOVANAS, PR 00729
Phone: (787) 876-3007 Fax: (787) 876-2736

5/18/2015

A quien pueda interesar

Por medio de la presente certifico que, MARIA E CRUZ LOPEZ de 57 year(s) años de edad, es mi paciente. Adjunto le incluyo un reporte de sus condiciones activas al a fecha así como también de los medicamentos que utiliza para las mismas.

De tener alguna duda o pregunta, no dude en comunicarse.

Atentamente

Dr. Rafael A. Ruiz Gonzalez
Medicina Interna

DR. RAFAEL A. RUIZ GONZALEZ
Lic. 8374
DEA BR0927852
ASSMCA DM 07894-9
NPI 1902892458

Printed On:  05/18/15 10:40:17                                    Page: 1/2

EHREZ



**Rafael A Ruiz Gonzalez, MD**

INTERNAL MEDICINE
Local AA 3 Loiza Valley
Canovanas, PR 00729
Phone: (787) 876-3007 Fax: (787) 876-2736

# Patient Medication History

| Name: | MARIA E CRUZ LOPEZ | Gender: Female |
|---|---|---|
| Age: | 57 year(s) | Birth Date: 4/17/1958 |
| Address: | CALLE 20 X 20 JARD DE PALMAREJO  Canovanas, PR 00729 | |

### A = Active / C = Cancelled / D = Discontinued

| Medication | Quantity | Refill | Status |
|---|---|---|---|
| Neurontin 800 mg oral tablet | 30 | 3 | A |
| Sig: *TAKE ONE PO QD* | | | |
| Cataflam potassium 50 mg oral tablet | 30 | 3 | A |
| Sig: *TAKE ONE PO QD* | | | |
| Fosamax 70 mg oral tablet | 4 | 3 | A |
| Sig: *ONE PO WEEKLY* | | | |



**Rafael A Ruiz Gonzalez, MD**

INTERNAL MEDICINE
Local AA 3 Loiza Valley
Canovanas, PR 00729
Phone: (787) 876-3007 Fax: (787) 876-2736

# SUMMARY - CONDICION

| Name: | MARIA E CRUZ LOPEZ | Gender: Female |
|---|---|---|
| Age: | 57 year(s) | Birth Date: 4/17/1958 |
| Address: | CALLE 20 X 20 JARD DE PALMAREJO  Canovanas, PR 00729 | |

## Problem List

| Date | Description | Status |
|---|---|---|
| 5/14/2015 | 354.0-CARPAL TUNNEL SYNDROME | Active |
| 5/14/2015 | 726.5-ENTHESOPATHY OF HIP REGION | Active |
| 5/14/2015 | 715.96-OSTEOARTHROS UNSPEC GEN/LOC LOW LEG | Active |
| 5/14/2015 | 843.9-SPRAIN&STRAIN UNSPEC SITE HIP&THIGH | Active |
| 2/23/2015 | 733.00-UNSPECIFIED OSTEOPOROSIS | Active |
| 2/23/2015 | 715.90-OSTEOARTHROS UNS GEN/LOC UNS SITE | Active |
| 2/23/2015 | 722.73-INTERVERT LUMB DISC D/O-MYELOPATHY | Active |
| 4/20/2015 | V85.24-BODY MASS INDEX 28.0-28.9 ADULT | Active |

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**ADMINISTRACION DE LOS SISTEMAS DE RETIRO**
**DE LOS EMPLEADOS DEL GOBIERNO Y LA LEGISLATURA**

| | |
|---|---|
| **MARÍA E. CRUZ LÓPEZ**<br>Apelante<br><br>VS.<br><br>**ADMINISTRACIÓN  DE  SISTEMAS DE RETIRO**<br>Apelada | CASO NÚM.: 2017– 0042<br>SOBRE: Incapacidad Ocupacional y/o Incapacidad No Ocupacional |

<u>**MOCIÓN INFORMATIVA**</u>

**A LA ADMINISTRACION:**

Comparece la  Sra. María E. Cruz López, a través de su representación legal que suscribe, y muy respetuosamente expone y solicita:

1.    Información de la participante:

- María E. Cruz López
- Jardines de Palmarejo X-20, Calle 20, Canóvanas, P.R. 00720
- Seguro social 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
- Edad: 61 años.  Fecha de nacimiento:17 de abril de 1958

2.    Trabajó para el Departamento de Educación.  Su puesto era de Profesional de Servicios de Alimentos I en el Distrito Escolar de Carolina.  Esta se desempeñaba como empleada de comedores escolares.  Para realizar sus funciones debía estar de pie por periodos largos de  tiempo.  Tenía que cargar y levantar calderos pesados, sacos de alimentos, mover, batir los alimentos; lo que representaba un esfuerzo físico excesivo para la participante.

3.    Información  sobre  accidentes  y/o  condiciones  en  las  que  fundamenta  su solicitud.  Las condiciones de salud activas que tiene la participante, de acuerdo a un reporte del Dr. Rafael A. Ruiz González, impreso el 5-18-2015, son, a saber:

- 354.0  Carpal Tunnel Syndrome
- 726.5- Enthesopathy of Hip Region
- 715.96 Osteoarthros Unspec Gen/Loc  Low Leg
- 843.9   Sprain & Strain Unspec Site Hip & Thigh
- 733.00 Unspecified Osteoporosis
- 715.90 Osteoarthros Uns Gen/Loc Uns Site
- 722.73 Intervert Lumb Disc D/O-Myelopathy
- V85.24 Body Mass Index 28.0-28.9 Adult

Además se le han realizado dos operaciones con prótesis en manos y codos.

Fecha de accidentes: 3 de septiembre de 2008 sufrió accidente laboral.  Ésta fue referida al Fondo de Seguro del Estado, bajo el caso número 09-15-00967

Diagnósticos  y  condiciones  reconocidos  por  el  FSE  y  o  Comisión  Industrial:  El Fondo relacionó con el empleo, diagnósticos de espasmo muscular dorsolumbar, hernia

del Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA), el suscribiente necesita

- se conceda un tiempo razonable, de no menos de 30 días para dialogar con la apelante con el fin de acordar si continuara representándola ante este foro.

- Además, se solicita tiempo adicional para examinar el expediente y así verificar cuáles documentos obran en poder de la Junta.

- Oportunidad para enmendar este informe previo a la próxima vista que vaya a llevarse a cabo, de ser necesario.

POR TODO LO CUAL solicitamos que se de por cumplida la orden de presentar Moción informativa, se conceda tiempo adicional conforme lo solicitado en el párrafo núm. 11, con cualquier otro remedio que en derecho proceda.

**RESPETUOSAMENTE SOMETIDO.**

En Luquillo, Puerto Rico a 22 de julio de 2019.

Lcdo. Raisaac G. Colón Ríos
R.U.A. 19,530
boricualaw77@gmail.com
(787) 691-3636
PO Box 700, Puerto Real, P.R. 00740-0700

JUNTA DE RETIRO
DEL GOBIERNO DE PUEETO RICO

MARÍA E. CRUZ LÓPEZ
Apelante

v.

ADMINISTRACIÓN DE LOS SISTEMAS DE
RETIRO DE LOS EMPLEADOS DEL GOBIERNO
Y LA JUDICATURA
Apelada

Caso Núm.:**2017-0042**

Sobre: **SOLICITUD DE PENSIÓN POR INCAPACIDAD OCUPACIONAL Y NO OCUPACIONAL**

CONTESTACIÓN A APELACIÓN

A LA HONORABLE JUNTA DE RETIRO:

Comparece la Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura, en adelante "la Administración", por conducto de la representación legal que suscribe y muy respetuosamente **EXPONE, ALEGA Y SOLICITA** que:

1. Recibimos notificación de solicitud de apelación sobre la determinación de incapacidad ocupacional y/o no ocupacional de la parte apelante de epígrafe, radicada el día, 22 de febrero de 2017, ante esta Honorable Junta.

2. Conforme a la Ley 447 del 15 de mayo de 1951, Art. 2-111, párrafo 1, para fines de una incapacidad ocupacional o no ocupacional, se considerará incapacitado a un participante cuando la incapacidad esté sustentada con suficiente prueba médica conforme a los criterios que mediante reglamento fije el Administrador y dicha prueba revele que el participante está imposibilitado para cumplir los deberes de cualquier cargo que en el servicio del patrono se le hubiere asignado. El Administrador, según lo crea conveniente y necesario, podrá requerir al participante que se someta a exámenes adicionales con médicos seleccionados por el Administrador. Cuando la prueba médica revele que el

participante está total y permanentemente incapacitado para cumplir los deberes de cualquier cargo, no será necesario el examen periódico. (Énfasis nuestro).

3. Por otro lado, la Ley 447, Id. Art. 2-107, dispone lo siguiente:

**ANUALIDAD POR INCAPACIDAD OCUPACIONAL:**
Todo participante que, como resultado de una incapacidad que se origine por causa del empleo y surja en el curso del mismo, quedare incapacitado para el servicio, tendrá derecho a recibir una anualidad por incapacidad ocupacional, siempre que:
(a) se recibiere suficiente prueba médica en cuanto a la incapacidad mental o física del participante conforme a los criterios que mediante reglamento fije el Administrador.
(b) El participante o el patrono, de acuerdo con los reglamentos de la Junta, notifique al Administrador con respecto a dicha incapacidad.
(c) Que el Fondo del Seguro del Estado determine que el accidente o enfermedad provino de cualquier función del trabajo o que sea inherentemente relacionado al trabajo o empleo.

4. A esos efectos, la solicitud de incapacidad ocupacional de la apelante fue evaluada conforme a la prueba médica presentada, que obra en el expediente de la Administración. Ésta reveló que, de acuerdo a los criterios médicos establecidos mediante el *Reglamento Para la Concesión de Pensiones por Incapacidad a los Participantes de los Sistemas de Retiro de los Empleados del Gobierno y de la Judicatura*, Reglamento Núm. 6719 del 7 de noviembre de 2003, las condiciones médicas que alega sufrir la parte apelante no la incapacitan total y permanentemente para cumplir los deberes de cualquier cargo que en el servicio del patrono se le hubiere asignado.

5. Por otro lado, la Ley 447, Id. Art. 2-109, dispone lo siguiente:
**ANUALIDAD POR INCAPACIDAD NO OCUPACIONAL:**

"Todo participante que, teniendo por lo menos diez (10) años de servicios acreditables, se inhabilitare para el servicio, debido a un estado mental o físico y que por razón de ese estado estuviere incapacitado para cumplir los deberes de cualquier cargo que en el servicio del patrono se le hubiere asignado, tendrá derecho a una anualidad por incapacidad no ocupacional. El retiro del participante tendrá lugar a petición o solicitud suya; o a petición del jefe de su departamento u oficina, mientras esté en servicio el mencionado participante; y de acuerdo con las reglas sobre anualidades por incapacidad provistas en el Artículo 2-111 de esta Ley".

6.  A esos efectos, la solicitud de incapacidad ocupacional y/o no ocupacional del apelante fue evaluada conforme a la prueba médica presentada, que obra en el expediente la Administración.  Ésta reveló, conforme los criterios médicos establecidos mediante el Reglamento Número 6719, para la concesión de pensiones por incapacidad, que las condiciones médicas que alega sufrir la parte apelante no son incapacitantes al punto de que no pueda realizar las labores de su puesto o de cualquier otro empleo remunerado.

7.  Para ser acreedor del beneficio de una pensión es necesario que la parte apelante pruebe con suficiente evidencia médica que su incapacidad es tal que le impide totalmente cumplir con los deberes de su puesto o de cualquier otro.

8.  De modo que al evaluar toda la prueba que obra en el expediente, la Administración determinó que la parte apelante no se encuentra permanentemente incapacitada conforme los criterios médicos establecidos en la Ley y el reglamento vigente.  Por lo que la determinación de la Administración al denegar el beneficio de pensión fue correcta.

9.  Nos oponemos a presentaciones de evidencia o documentos que no fueron considerados por la Administración en la evaluación del caso de autos y que en consecuencia no son parte del expediente del caso.

10. La parte apelada no renuncia a cualquier defensa que en derecho proceda y pueda levantarse en el futuro.

11. La Apelación debe desestimarse por estar prescrita y/o por incuria.

12. La determinación de la Administración se basó en la Ley y Reglamentos vigentes, por lo que fue correcta.

**POR TODO LO CUAL**, se solicita muy respetuosamente de esta Honorable Junta confirme la decisión emitida por la Administración y declare **NO HA LUGAR** la presente apelación.

**RESPETUOSAMENTE SOMETIDA.**

En San Juan, Puerto Rico, a 22 de julio de 2019.

**CERTIFICO**: Haber enviado copia fiel y exacta del presente escrito al **Lcdo. Raisaac G. Colón Ríos,** a su dirección: **Po Box 8100386, Carolina, PR 00981-0386.**

ADMINISTRACIÓN DE LOS SISTEMAS
DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO Y
LA JUDICATURA
Apartado 42003, Estación Minillas
San Juan, Puerto Rico 00940
Tel: (787) 754-4545, Ext. 12223, 12111
Correo-e: walvelo@retiro.pr.gov

LCDA. WANDA I. ALVELO MALDONADO
RUA NÚM.: 18,814

ESTADO LIBRE ASOCIADO DE PUERTO RICO
SECRETARIO DE LA JUNTA DE SINDICOS DE LOS SISTEMAS DE RETIRO
DE LOS EMPLEADOS DEL GOBIERNO Y LA LEGISLATURA

**MARÍA E. CRUZ LÓPEZ**
APELANTE

VS.

ADMINISTRACIÓN DE SISTEMAS DE RETIRO
APELADA

NÚM.: XXX-XX-2276

SOBRE:        Incapacidad
Ocupacional y/o Incapacidad
No Ocupacional

2017 FEB 22  PM 4: 11

OFIC. DE JUNTA DE SINDICOS

## APELACIÓN

**AL HONORABLE SECRETARIO DE LA JUNTA:**

Comparece la  Sra. María E. Cruz López,  en adelante  la apelante a través de su

representación legal que suscribe, y muy respetuosamente expone y solicita:

1.       .La apelante en el presente caso es la Sra. María  E. Cruz López, su seguro

social es XXX-XX-2276 y reside en Jardines de Palmarejo X-20, Calle 20, Canóvanas,

P.R. 00729.

2.       La Administración de Sistemas de Retiro denegó la Solicitud de Apelación

a  la  denegatoria  de  beneficios  de  Pensión  por  Incapacidad  Ocupacional  y  NO

Ocupacional  que  fue  presentada  por  la  apelante,  en  el  Sistema  de  Retiro  de  los

Empleados del Gobierno y la Judicatura.  La comunicación denegatoria tiene la fecha

del 20  de enero de 2017, no obstante fue depositada en el correo el 24 de enero de

2017.  Se acompaña copia del mismo.  En la comunicación enviada a la apelante se le



ESTADO LIBRE ASOCIADO DE
PUERTO RICO
Administración de los Sistemas de Retiro de los
Empleados del Gobierno y la Judicatura

CERTIFICADA CON ACUSE DE RECIBO

20 de enero de 2017

LCDO RAISAAC G COLON RIOS                          RE: MARIA E CRUZ LOPEZ
PO BOX 700                                          SS: XXX-XX-2276
PUERTO REAL PR 00740-0700

Estimado licenciado Colón:

Nos referimos a la Solicitud de Apelación a nuestra denegatoria de beneficios de Pensión por Incapacidad
Ocupacional y No Ocupacional que radicó en este Sistema de Retiro para su representada de referencia, de
acuerdo con las disposiciones de la Ley 447 de 15 de mayo de 1951, según enmendada.

Según consta en el expediente, el caso fue devuelto a nuestra jurisdicción por la Junta de Síndicos a los fines de
que se evalúe la procedencia de cualquier pensión aplicable a la luz de la totalidad del expediente.

Luego de evaluar toda la evidencia médica en nuestro poder relacionada a sus condiciones relacionadas y no
relacionadas, nos vemos precisados a reafirmarnos en la denegatoria de su reclamación. Se determinó que sus
condiciones, vistas individualmente o de manera combinada, no cumplen ni igualan los criterios de presencia y
severidad requeridos por los Códigos Médicos para la Determinación de Incapacidad de nuestro Sistema de
Retiro.

De no estar de acuerdo con esta determinación podrá solicitar reconsideración dentro del término de quince (15)
días, a partir de la notificación de la decisión de la Administradora, o podrá presentar escrito de apelación ante el
Secretario de la Junta de Síndicos dentro del término de treinta (30) días, a partir de la notificación de la decisión
del Administrador.

Le incluimos como guía pliego de advertencias y reglas generales que aplican para la reconsideración o
apelación. Obsérvese que los términos que prevalecen son los expuestos en la presente notificación. De no
solicitar la reconsideración o apelación dentro del término indicado, la determinación del Administrador advendrá
final y firme.

Cordialmente,

Natalia M. Palmer Cancel
Administradora Interina

Lcda. Virgen M. Torres Díaz
Directora Auxiliar
Oficina de Determinación de Incapacidad
y Reconsideraciones

Anejo
alm

Plaza Retiro, 437 Ave. Ponce de León, San Juan, PR 00917-3711
PO Box 42003, San Juan, PR 00940-2203
Tel: 787-754-4545, Fax:
787-250-7251
www.retiro.pr.gov





ESTADO LIBRE ASOCIADO DE
**P U E R T O   R I C O**

Junta de Síndicos de los Sistemas de Retiro de los
Empleados del Gobierno y la Judicatura

9 de octubre de 2015

Lcdo. Raisaac G. Colón Ríos
PO Box 700
Puerto Real PR  00740-0700

Re: Caso Núm. 2014-0436
María E. Cruz López

Estimado licenciado Colón:

Le acompaño para su conocimiento e información, copia de Resolución aprobada
por la Junta de Síndicos de los Sistema de Retiro de los Empleados del Gobierno
y la Judicatura en Reunión del 28 de septiembre de 2015, relacionada con el
asunto de epígrafe.

Atentamente,

Lcdo. Axel Eugenio Colón Pérez
Director Ejecutivo

Anejo: **1**

**CARTA CERTIFICADA**

DIRECCION APELANTE:                    DIRECCION PATRONO:
Jardines de Palmarejo                         Departamento de Educación
X-20 Calle 20                                       PO Box 190759
Canóvanas PR  00720                          San Juan PR  00919-0759

Plaza Retiro, 437 Ave. Ponce de León Pda. 32½, San Juan, PR 00917-3711
PO Box 40316, San Juan, PR 00940-0316
Tel: 787-754-4545, Fax: 787-767-1166
www.retiro.pr.gov



ESTADO LIBRE ASOCIADO DE
**PUERTO RICO**

Junta de Síndicos de los Sistemas de Retiro de los
Empleados del Gobierno y la Judicatura

| | | |
|---|---|---|
| **María Esther Cruz López** | * | **Caso Núm.: 2014-0436** |
| | * | |
| **Apelante** | * | |
| | * | |
| **V** | * | **Sobre:** |
| | * | |
| **Administración de los Sistemas de** | * | **Incapacidad Ocupacional** |
| **Retiro de los Empleados del Gobierno** | * | **Incapacidad No Ocupacional** |
| **del ELA y la Judicatura** | * | |
| | * | |
| **Apelada** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## RESOLUCIÓN

El caso ante nuestra consideración es una apelación a la denegatoria de pensión por incapacidad de la Administración de los Sistemas de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Judicatura (Administración), conforme las disposiciones de la Ley Núm. 447 de 15 de mayo de 1951, según enmendada.

Del análisis del expediente y los planteamientos de las partes, llegamos a las siguientes:

## DETERMINACIONES DE HECHOS



1. La Sra. María Esther Cruz López (apelante) nació el 17 de abril de 1958. Cuenta con 57 años de edad.  Su último trabajo en el servicio público fue con el Departamento de Educación como Profesional de Servicios de Alimentos I (Cocinera).

2. El **15 de agosto de 1988**, la señora Cruz López ingresó al Sistema de Retiro y acreditó un total de 22.25 años de servicios cotizados.

3. El 3 de septiembre de 2008, la señora Cruz López sufrió un accidente laboral, por el cual se reportó a la Corporación del Fondo del Seguro del Estado (Fondo). Su reclamación fue atendida bajo el caso número 09-15-00967.  El Fondo relacionó con el empleo, diagnósticos de espasmo muscular dorsolumbar, hernia núcleo pulposa (HNP) L4-L5, radiculopatía S1 izquierda, esguince bilateral muñecas y manos, síndrome del túnel carpiano (CTS) bilateral.

4. La señora Cruz López alegó padecer de las siguientes condiciones no ocupacionales: radiculopatía C5-C6-C7, síndrome de salida torácica (TOS),



María Esther Cruz López
Caso Núm.: 2014-0436
Página 2

hernia núcleo pulposa (HNP) L5-S1, abultamiento del anillo fibroso L3-L4, L4-L5.[1]

5.  El 11 de octubre de 2011, la señora Cruz López presentó una Solicitud de Beneficios de Pensión por Incapacidad ante la Administración.

6.  Mediante comunicación del 10 de octubre de 2013, notificada posteriormente, la Administración denegó los Beneficios de Pensión por Incapacidad a la señora Cruz López, por entender que no se encontraba incapacitada para el servicio público.

7.  No conforme con la determinación denegatoria de la Administración, la señora Cruz López presentó un escrito de reconsideración el 23 de octubre de 2013. La Administración se reafirmó en su determinación el 12 de agosto de 2014, notificada posteriormente.

8.  El 9 de septiembre de 2014, se invocó la jurisdicción apelativa de la Junta de Síndicos y se iniciaron los trámites de rigor. En su escrito de apelación, la parte apelante alegó la condición emocional.

9.  Durante el trámite apelativo, la parte apelante presentó evidencia médica, incluyendo evidencia de la condición emocional.



10.  Mediante Orden emitida el 23 de abril de 2015, el caso fue señalado para "Status Conference" a celebrarse el 9 de junio de 2015. La notificación apercibía a la parte apelante que de no comparecer a la vista podría ordenarse el archivo del caso por falta de interés.

11.  En el "Status Conference" celebrado el 9 de junio de 2015, la parte apelante compareció representada por el Lcdo. Raisaac G. Colón Ríos y la parte apelada compareció representada por la Lcda. Glendaly Molina. Durante el señalamiento, la parte apelante alegó que la Administración no evaluó varias condiciones a pesar de haber sido reclamadas y presentada evidencia médica de las mismas, a pesar que surgía de la Certificación Patronal que al 9 de enero de 2012, la apelante estaba en servicio activo por insuficiencia venosa y herniación L1-L2, L2-L3. La parte apelante solicitó se evaluaran también las condiciones de osteoporosis, cirugía del manguito rotador izquierdo, operación del síndrome del túnel carpiano derecho, fractura del codo derecho y radial derecho (operado con prótesis).

12.  En el "Status Conference" se concedió un término de treinta (30) días a la parte apelante para presentar Certificación patronal actualizada y evidencia médica de las condiciones. Un término de quince (15) días fue concedido a la parte apelada para expresarse. La parte apelada anticipó que se allanaba a la evaluación de las condiciones de insuficiencia venosa y herniación L1-L2, L2-L3.

---

[1] De la evidencia médica presentada ante la Administración surgen diagnósticos adicionales no relacionados con el empleo.

María Esther Cruz López
Caso Núm.: 2014-0436
Página 4

El Art. 4-102(d) de la Ley Núm. 447, supra, faculta a esta Junta a resolver "de acuerdo con la prueba, sosteniendo, modificando o revocando la acción del Administrador, o podrá dictar la resolución que en Ley debió haber dictado el Administrador o **devolver el caso al Administrador**." (Énfasis suplido.)

Consideradas las Determinaciones de Hechos y Conclusiones de Derecho antes presentadas esta Junta de Síndicos **DEVUELVE** este caso a la Administración para que revalúe la procedencia de cualquier pensión aplicable a la luz de la totalidad del expediente.

Se advierte a la parte apelante que deberá ser diligente en presentar la **"evidencia suficiente"** conforme lo dispone la Ley Núm. 447, supra, para que las condiciones reclamadas puedan ser evaluadas conforme a derecho. Para lo cual, tendrá la parte apelante el término de sesenta **(60)** días a partir del archivo en autos de la presente resolución. Transcurrido dicho término de tiempo la Administración evaluará y emitirá su decisión en el caso con la evidencia sometida.

La devolución del caso en esta etapa no constituye una adjudicación en los méritos sobre la determinación original de la Administración ni un compromiso de que efectivamente se modificará la misma. Todo ello, sin perjuicio a que la parte Apelante pueda recurrir ante la Junta de Síndicos sobre el resultado de la revaluación por parte de la Administración, de entenderlo necesario.



## ADVERTENCIAS

Se advierte a las partes su derecho a solicitar reconsideración o revisión de la presente resolución, conforme a lo dispuesto La Ley Núm. 170 del 12 de agosto de 1988, según enmendada, en sus secciones 3.15 y 4.2, las cuales se citan a continuación.

Sección 3.15 – Reconsideración

La parte adversamente afectada por una resolución, u orden parcial o final podrá, dentro del término de (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomara alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución



ESTADO LIBRE ASOCIADO DE

# PUERTO RICO

Junta de Síndicos de los Sistemas de Retiro
de los Empleados del Gobierno y la Judicatura

PO Box 40316
San Juan, PR 00940-0316

LCDO. RAISAAC G. COLON RIOS
PO BOX 700
PUERTO REAL PR 00740-0700



U.S. POSTAGE >> PITNEY BOWES

ZIP 00901     $ 000.48⁵
02  4W
0000531941 OCT  09  2015

6954

HOSPITAL ESPAÑOL AUXILIO MUTUO DE PUERTO RICO, INC.
Apartado 191227, San Juan, PR 00919-1227 Tel. (787) 758-2000

LABEL

**OPERATION REPORT**
**INFORME DE OPERACIONES**

CRUZ LOPEZ, MARIA E
MR#: 0001630396     Visit ID: 1001647988
DOB: 04/17/1958 (57Y)  Female
RIVERA HERNANDEZ, EDGARDO
UNKNOWN  ROOM-UNKNOWN  BED  09/17/2015 11:38

CIRCLE OPEN ROOM USED

| 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 |

WOUND CLASSIFICATION    * ☑ Clean  ☐ Clean Contaminated  ☐ Contaminated  ☐ Dirty

PRE-OPERATIVE DIAGNOSIS _____ Chronic back _____

POST-OPERATIVE DIAGNOSIS _____ Chronic back _____

OPERATION: _____ Epidural steroid injection _____

INDICATION(S) FOR PROCEDURE (JUSTIFICATION FOR PROCEDURE) _____

SURGEON _____ 1 ST. ASSISTANT _____ 2ND. ASSISTANT _____

ANESTHESIA _____ ESTIMATED BLOOD LOSS (E.B.L.) _____

FINDINGS _____

DESCRIPTION OF PROCEDURE _____ sterile, L4-5, mid

LOR; #18; local st ; at once

No CSF; No paresth; No blood

B 80 ; X2lo MPF; NSS;

Pt. tolerated well

PLEASE CHECK:  ☐ BIOPSY   ☒ NO BIOPSY

DATE __9/17/15__   TIME __9__ ☒ AM ☐ PM      _____   12201
     Month / Day / Year                          SURGEON SIGNATURE      LIC. NUMBER

*1OP*

Page 1 de 1
Rev. 01/2010

Form 2107 Operation Report
Version 1.00

**Hospital Español Auxilio Mutuo de Puerto Rico, Inc.**
Apartado 191227, San Juan P.R. 00919-1227 Tel. (787)758-2000

## PHYSICIAN'S ORDERS

DRUG ALLERGIES:

ADMISSION DIAGNOSIS: _____

SPECIFY PRIORITY OF ADMISSION    ☐ ELECTIVE    ☐ URGENT    ☐ EMERGENCY                    STAT

LABEL
Maria E. Cruz

| DOCTOR'S | DO NOT FORGET TO PLACE DATE & TIME ON EVERY ORDER | DO NOT THIS SHEET UNLESS A RED NUMBER SHOWS | NURSE'S | |
|---|---|---|---|---|
| DATE/TIME | | | DATE/TIME | NAME |
| | ① Admit to | OPD | | |
| 9/10/15 | Dunbar | EST. | | |
| 9:00 | | 9/17/15. | | |
| | ② 15 80 | | | |
| | | 1220 | | |
| | | | DATE | |

↑ DO NOT WRITE BELOW THIS LINE ↑          PLEASE USE BALLPOINT

**LISTA DE ABREVIATURAS NO ACEPTADAS**
"Prohibited Abbreviations"

| All Drug Names | Abbreviations | Doses designations ans other information |
|---|---|---|
| MS, MgS04. MSo4 | q.d. or QD, q.o.d. or QOD, U or u. IU | Zero after decimal point (1.0) and Zero not places in front of decimal point (.5mg) |

2

Tel. (787) 76_ 3944

LIC. 17,950

DEA #FM2568775

DM–18020–8

NPI #1235323668

*Dra. Melisa Martínez-Martí, M.D.*

Ave. Fragoso #4ES5 • Carolina, Puerto Rico 00983

Name: Maria Cruz López         Date: 8/25/15

Address: _____     Age: _____

R Pain clinic

Please evaluate 56 y/o
woman with L3–L4 annular
tear, right chronic L5 radiculopathy
& right gluteus minimus
tendon tear. As agreement
with local injection. Thanks

Refill____times

_____
Signature

5

*Anesthesia Group, PSC*

CARE

### INITIAL EVALUATION

9/10/15

DATE: 9/10/15

RECORD NUMBER: _____

PATIENT NAME: _____

CHIEF COMPLAINT: back pain        PAIN SCALE 0-10: ___

PAIN HISTORY: few y's.        ALLERGIES: Ø

ONSET OF PAIN: _____

PRECIPITATINGEVENT: _____

PROGRESSION OF PAIN Symptoms: _____

_____

QUALITY (dull, shooting, stabbing, constant, sharp, burning, aching, intermittent) LOCATION, RADIATION

_____
_____
_____

ASSOCIATED SYMPTOMS (colors changes, sweating. Skin, hair changes, edema, bowel/bladder changes)

_____
_____

EXACERBATING FACTORS (activity, exercise, temperature, walking, standing, sexual activity)

_____
_____

RELIEVING FACTORS (activity, exercise, temperature, walking, standing, sexual activity)

_____

X-RAY RESULT (include EMG, PNCV)        P: ① CLBP

_____

② Bulging disc
L3-4

AFFECT ON DAILY ACTIVITIES:

Functional Status: _____

③ LS radiculopat...

Sleep Habits: _____

Work (Employed, Unemployed, Disabled) Habits: _____

④ SP ESI X 1
'10

Recreational Activities: _____

Cond. Torre de Auxilio Mutuo, 735 Ave. Ponce De León Suite 704, San Juan, PR 00917-5029
Tel. (787) 765-8620    Fax. (787) 767-6138

4



*Anesthesia Group, PSC*

NOMBRE:_____     FECHA:_____



## Lista de medicamentos

| | NOMBRE DEL MEDICAMENTO | DOSIS |
|---|---|---|
| 1 | Fosamas | 1 Veces al dia |
| 2 | Norastin | 2 " " " |
| 3 | Cataflama | cada 6 hr. |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |

6

HOSPITAL ESPAÑOL AUXILIO MUTUO DE PUERTO RICO, INC.
Apartado 191227, San Juan, PR 00919-1227 Tel. (787) 758-2000

CRUZ LOPEZ, MARIA E
MR#: 0001630396    Visit ID: 1001225081
DOB: 04/17/1958 (56Y) Female
CARLOS CABRERA,
FRANCISCO
UNKNOWN  ROOM-UNKNOWN  BED  05/21/2014 07:03

**OPERATION REPORT**
**INFORME DE OPERACIONES**

16178  MCS
fact

## CIRCLE OPEN ROOM USED

| 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | (12) |

## WOUND CLASSIFICATION   * ☑ Clean   ☐ Clean Contaminated   ☐ Contaminated   ☐ Dirty

PRE-OPERATIVE DIAGNOSIS _____

POST-OPERATIVE DIAGNOSIS _____ Robert Cuff Tear, left ____

OPERATION: _____

INDICATION(S) FOR PROCEDURE (JUSTIFICATION FOR PROCEDURE) _____

SURGEON _Dr Carlos_____ 1 ST. ASSISTANT _____ 2ND. ASSISTANT _____

ANESTHESIA _General Dr Q. De Rubio____ ESTIMATED BLOOD LOSS (E.B.L.) _____

FINDINGS _____

DESCRIPTION OF PROCEDURE _____ Combo _____

_Arotrix_

PLEASE CHECK: ☑ BIOPSY   ☐ NO BIOPSY

DATE _5/21/14_  TIME____ ☐ AM ☐ PM
      Month / Day / Year

SURGEON SIGNATURE

LIC. NUMBER _7976_

*1OP*

Form 2107 Operation Report
Version 1.00

Page 1 de 1
Rev. 01/2010

**HOSPITAL AUXILÍO MUTUO DE P.R.**

**PATIENTS NAME: MARIA CRUZ LOPEZ**
**RECORD#:1630396 // 1001225081**
**AGE: 56**
**DATE; 5/21/2014**
**OPERATION REPORT**
**INFORME DE OPERACION**

**PRE-OP DIAGNOSIS:** ROTATOR CUFF TEAR LEFT SHOULDER IMPINGEMENT SYNDROME, ACROMIOCLAVICULAR ARTHRITIS, BURSITIS, LABRAL DEGENERATION

**POST-OP DIAGNOSIS:** LEFT SHOULDER ROTATOR CUFF TEAR, LABRAL TEAR, IMPINGEMENT SYNDROME, ACROMIOCLAVICULAR ARTHRITIS, BURSITIS

**OPERATION PERFORMED:** ARTHROSCOPY LEFT SHOULDER ACROMIOPLASTY, ROTATOR CUFF REPAIR, ACROMIO-CLAVICULAR DEBRIDMENT, DEBRIDMENT OF LABRUM, BURSECTOMY
**INDICATIONS:** PAIN, TENDERNESS, CATCHING, NIGHT PAIN, LEFT SHOULDER This is a 56year-old female symptomatic ROTATOR CUFF TEAR LEFT shoulder for REPAIR/ARTHROSCOPY. The nature of the procedure, risks and benefits were noted in detail. The risks of infection, bleeding, pain, loss of motion, deep venous thrombosis, pulmonary embolism, neurovascular damage and other unforeseen complications were noted. She understands these and agrees to proceed.

**SURGEON:** Dr. FRANCISCO J. CARLOS

**1ST ASSISTANT:** MR RIVERA

**2ND ASSISTANT:** MS QUINONES
**ANENSTHESIA:** GETA. RUBIO

**FINDINGS:** ROTATOR CUFF TEAR PARIAL 90% TYPE , IMPINGEMENT, SUBACROMIAL SPUR, , LABRAL DEGENERATION, LABRAL TEAR DEGENERATIVE
**PROCEDURE:** AFTER ADEQUATE ANESTHESIA THE LEFT SHOULDER WAS PREPPED AND DRAPPED STERILE. THE SHOULDER WAS APPROACHED WITH STANDARD PORTALS. GLENOHUMERAL JOINT FOUND TO HAVE A ROTATOR CUFF TEAR 2.0CM, LABRAL TEAR, AC JOINT DEGENERATIVE CHANGES.DEBRIDMENT OF LABRUM FOLLOWED BY ACROMIOPLASTY PERFORMED. . THE ROTATOR CUFF INSPECTED AND FOUND TO HAVE A CRESCENT LESION 2.0CM  ROTATOR CUFF TEAR NOT RETRACTED. ACROMIOPLASTY  PERFORMED ,AC JOINT DEBRIDED. ACCESORY

2

INCISSION PERFORMED FOR CANULA PLACEMENT **7CM. 1ARTHREX 5.5 MM BIOCOMPOSITE SPEED BRIDGE ANCHOR WITH 1  4.5 BIOCOMPOSITE SWIVEL LOCK AND FIBER TAPE SUTURE; AND ONE INDEPENDENT SUTURE FOR CORNER STICH.** ANCHORS TO PRODUCE AN **INVERTED VSUTURE BRIDGE REPAIR**. ACCESORY SUTURE UTILIZED FOR MEDIAL ROW. EXCELLENT FIXATION AND CLOSURE OF CUFF OBTAINED... THORUGH CLEANSING WAS THEN PERFORMED. THE SHOULDER CLEANED AND IRRIGATED. WOUNDS CLOSED WITH4-0NYLON.  A BULKY DRESSING APPLIED. PATIENT TRANSFERED TO RECOVERY IN SATISFACTORY CONDITION AFTER TOLERATING THE PROCEDURE WELL. THE PATIENT RECEIVED PERIOPERATIVE ANTIBIOTICS.

**FRANCISCO J. CARLOS MD LIC 7979**
**ORHTOPAEDIC SURGEON**
**DATE: 5/21/2014**

3

# Sports & Orthopaedic Surgery

Francisco J. Carlos MD, FAAOS    | S& OS |

Name of Patient:  Maria Cruz
Record Number:  16179
Date:  August 26, 2014

The patient has a tendinosis of the cuff, some pain and tenderness is noted; but she is improving.  The patient will be seen in the office now in approximately three months.

Francisco J. Carlos, M.D.

4

# Sports & Orthopaedic Surgery

Francisco J. Carlos MD, FAAOS



Name of Patient:  Maria Cruz
Record Number:  16578
Date:  June 26, 2014

The patient is status post arthroscopy and repair of the rotator cuff, is doing quite well.
She is going to continue rehab and exercises.  See her back in the office in two months.


Francisco J. Carlos, M.D.

# Sports & Orthopaedic Surgery

Francisco J. Carlos MD, FAAOS 

Name of Patient: Maria Cruz
Record Number: 16178
Date: May 27, 2014

Status post rotator cuff repair. She is doing fairly well. Occasional pain and tenderness is noted. The patient will continue rehab and exercises. See her back in the office in a month.

Francisco J. Carlos, M.D.

6

# Sports & Orthopaedic Surgery

Francisco J. Carlos MD, FAAOS



Name of Patient: Maria Cruz
Record Number: 16178
Date: May 8, 2014

This patient comes for injection of the hip with PRP. Injection performed without sequelae. She already has been scheduled for a shoulder rotator cuff repair in about two weeks. The risks, benefits, rehab, prognosis, alternative of treatment explained. She understands and agrees.

Francisco J. Carlos, M.D.

1

# Sports & Orthopaedic Surgery

Francisco J. Carlos MD, FAAOS



Name of Patient: Maria Cruz
Record Number: 16178
Date: April 3, 2014

The patient brings an MRI of the left shoulder that shows her to have rotator cuff tear. I feel that she is going to need to have a repair. The patient explained. She has been scheduled for May. From the hip standpoint, she has an abductor muscle tendinosis partial tear. I will inject it with PRP to see how she responds. I will see her back in the office in May for injection and paperwork.

Francisco J. Carlos, M.D.

# Sports & Orthopaedic Surgery

Francisco J. Carlos MD, FAAOS 

Name of Patient: Maria Cruz
Record Number: 16178
Date: February 6, 2014

The patient brings an MRI of the hip. Shows to have some evidence of tendinosis of the gluteus minimus and small tear, probably the cause of the pain. The patient has been advised about being injected with PRP. The patient will be seen in the office after she gets an MRI on the shoulder, which is also bothering her.


Francisco J. Carlos, M.D.

# Sports & Orthopaedic Surgery

Francisco J. Carlos MD, FAAOS 

Name of Patient: Maria Cruz
Record Number: 16178
Date: December 3, 2013

The patient is 55-year-old female complains of right hip pain and tenderness as well as left shoulder pain especially at night. Sleeping on the hip would cause her pain. The patient has been injected with some Kenalog with some relief of the symptoms. The patient will be seen in the office now in approximately two weeks once she gets the x-rays that I ordered.


Francisco J. Carlos, M.D.

10