UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR
PUERTO RICO,

As representative of

THE COMMONWEALTH OF
PUERTO RICO, et al.,

Debtors

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

This filing relates to the
Commonwealth, HTA and ERS
**Claims 40907 and 43495**

RESPONSE TO: (1) **NINETY-SEVENTH OMNIBUS OBJECTION** (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS ASSERTING INTEREST BASED ON SALARY DEMANDS, EMPLYMENT OR SERVICES PROVIDED (**Claim No. 40907**) (Docket No. 9547); AND (2) **ONE HUNDRED AND THIRD OMNIBUS OBJECTION** (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS ASSERTING INTERESTS BASESD ON SALARY DEMANDS, EMPLOYMENT OR SERVICES PROVIDED (**Claim No. 43495**) (Docket No. 9553).

TO THE HONORABLE COURT:

  COME NOW the undersigned claimant, on her own behalf, and very respectfully allege and pray as follows:

  The undersigned has been an employee of the Commonwealth of Puerto Rico. Prior to May 2018, I received two letters from Epiq Bankruptcy Solutions, LLC (Exhibit 1 and 2) indicating that "Debtor Employees Retirement System of the Government of the Commonwealth of Puerto Rico has listed your claim in their Creditor List of Schedule F – Participant Obligations

as a Contingent, Unliquidated general unsecured claim in an Undetermined amount." I was directed to timely file a proof of claim.

Proofs of Claims were duly filed on May 25, 2018 and May 29, 2018, which included copies of Exhibits 1 and 2. Although, it was informed at the time that I would receive confirmation of receipt, none was received.

The first notice, request, or notification of any kind received by me, were mailed copies of the Ninety-Seventh Omnibus Objection (Docket No. 9547) and of the Once Hundred and Third Omnibus Objection (Docket No. 9553) in December 2019. With the copies of the Omnibus Objections there were sheets indicating that Claims numbers **40907** and **43495** were associated with my name, Exhibits 3 and 4.[1]

Since the information contained in the aforementioned Omnibus Objections mentioned above are basically identical, they will be discussed as if one document.

On paragraph 13 of the Omnibus Objections the movants[2], alleged that the disallowed claims "purport to assert liabilities arising from salary or other compensation owed in connection to salary demands, employment, pensions, or services provided by the claimant, but filed to provide critical information needed to understand what liabilities either the Commonwealth, HTA, ERS, or any other Title III debtor may owe." However, in the case of Claims 40907 and 43495, the movants fail to recognize that it was the Debtor, Employees Retirement System of the

---

[1] Exhibit A to both the Ninety-Seventh and One Hundred and Third Omnibus Objection list the claim under Case No. 17 BK 03566-LTS. This Motion is filed under the case number listed in the copies of the Omnibus Objections received, 17 BK 3283-LTS (Jointly Administered).

[2] The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth, HTA and ERS pursuant to Section 315(b) of the Puerto Rico Oversight Management and Economic Stability Act ("PROMESA").

2

Government of the Commonwealth of Puerto Rico ("ERS"), who listed the claim in their Creditor List on Schedule F, and directed that a proof of claim be filed. Therefore, the information concerning the claim should be under the control of the debtor ERS. However information concerning the claim is provided as discussed below.

On paragraph 14 and 15 of the Omnibus Objections, the movants referenced the *Order Granting in Part and Adjourning in Part Debtors' Motion for Entry of An Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, (C ) Approving Proposed Mailing, and (D) Granting Related Relief* ("Authorized Mailing Order") (Docket No. 8453) through which Debtors were supposed to mail claimants a request for additional information informing the claimants that if no response was received or if no enough information was provided that the Debtor were then authorized to object the claim as deficient. They further alleged at paragraph 16, that they sent at least <u>one letter</u> demanding the requested information.

However, at least as to claims 40907 and 43495, the information concerning the mailing of request for additional information requesting a response by October 23, 2019 **is not correct.** The undersigned **did not** receive any notification requesting additional information by regular mail, nor electronic mail nor by any other means. See Statement Under Penalty of Perjury, Exhibit 5. As stated above, the only notice ever received by any means was the Omnibus Objections (Dockets 9547 and 9553). Therefore, the affirmation on paragraph 17, that states that "[t]he mailing received by the claimants subject to this Nine-Seventh Omnibus Objection ... cautioned the claimants ... Debtors may be forced to object to your claim." is **wrong** since that particular mailing **was never received**, and therefore no one cautioned claimants of the impending objection. see Exhibit 5.

3

Furthermore, the Authorized Mailing Order (Docket No. 8453), states at page 2, emphasis added, that: "**If the Debtors mail the Proposed Mailing to a claimant**, and the claimant either does not respond or respond but fails to provide sufficient information to permit Debtors to reconcile their claim, **the Debtors are authorized to object to the claim as deficient.**"

Accordingly, since the Debtors **did not mail** the Proposed Mailing to the claimant for claims 40907 and 43495, Debtors **have no authority** to object to the claims and the Omnibus Objection should be denied as to claims 40907 and 43495.

Just the Omnibus Objections 97 and 103, the ones that relate to the instant response, contain one thousand (1000) names each. If 28 Omnibus Objections were filed on December 12, 2019, Dockets 9546 through 9576, then many thousands of person were notified and chose not to respond to a request for information that might impact their retirement and other entitlements. That is not likely.

Therefore, the evidence is at best inconclusive and insufficient as to the sending of the letters requesting information of the claimants prior to the filing of the Omnibus Objections, and certainly did not happen as to the appearing claimant. Sending the referenced letter was a requirement without which the Debtors would not have been authorized to object to the claim as deficient. As a result the Debtors did not have a right to file the objections to the claims.

Nevertheless, **the appearing claimants includes as exhibits 6 and 7 evidence of it right to maintain a claim**, including contributions to pension, information subject to be updated and corrected as required to include the full amount of years of service, and thus, Claimant requests that the Omnibus Objection be denied as to claims 40907 and 43495.

4

As required by the Omnibus Objections, contact information is as follows:

Florentina Borrés Otero
Calle Orta #9
San Juan, PR 00907
Tel. (787) 457-9275
florentinaborres@hotmail.com
aborres2002@gmail.com

WHEREFORE, the appearing claimant, Florentina Borrés Otero, respectfully request that the relief requested by the Debtors as to claims belonging to the appearing claimant be denied, including claims numbers 40907 and 43495 for the reasons discussed above.

Respectfully submitted.

CERTIFICATE OF SERVICE: I hereby certify that on this same date copy of this motion was mailed through US Postal Service for next day delivery to: **Counsel for the Oversight Board**, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036-8299, Attn: Martin J. Bienenstock, Brian S. Rosen; **Counsel for the Creditors' Committee**, Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Luc A. Despins, James Bliss, James Worthington, G. Alexander Bongartz.

In San Juan, Puerto Rico on January 13, 2020.

*/s/ Florentina Borrés Otero*
Florentina Borrés Otero
9 Orta St.
San Juan, PR 00907
Tel. (787) 457-9275
florentinaborres@hotmail.com
aborres2002@gmail.com

5