UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*,

   Debtors.

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

RECEIVED & FILED
2020 JAN 15 PM 3:31

[Response to Docket #9731 and #9753]

**RESPONSE AND OBJECTION OF INDIVIDUAL BONDHOLDER TO SUPPOSED "URGENT" MOTION OF SELF-DESCRIBED "LAWFUL" CONSTITUTIONAL DEBT COALITION AND RELATED FILING OF UCC**

Dated: January 13, 2020

## TABLE OF CONTENTS

I. Proceeding by urgent motion is not proper. ...................................................................1

II. The Court should not approve a notice that could be read by individual bondholders to suggest that there is something "lawful" about some series of bonds and not "lawful" about others. ...................................................................1

III. The form and content of the proposed notice is not going to be comprehensible to most individual bondholders. ...................................................................4

IV. Publication of the "Notice of Objection" is not designed to reach individual 50-states investors. ...................................................................6

V. Measures to at least begin to level the playing field are required. ...................................................................6

Hein 1/2020 Declaration and Exhibits A through D

[The Declaration follows this Response and Objection; exhibit pages are sequentially numbered beginning 0001]

Peter C. Hein, pro se, submits this Response and Objection to the Supposed "Urgent" Motion of the Self-Described "Lawful" Constitutional Debt Coalition (#9731) and the related filing of the UCC (#9753).

Without waiving or limiting the objections set out in Docket#9508, and the other objections in my prior filings (including those listed in Docket#9508), which I continue to maintain, I note and highlight the following specific objections to #9731 and #9753:

**I.   Proceeding by urgent motion is not proper.**

I object to the self-described "Lawful" Constitutional Debt Coalition proceeding by "urgent" motion to propose a form and manner of notice to be given of its just-filed objection, and to the UCC seeking relief in a purported response to that "urgent" motion (#9753) that would impact on the form of the notice to be given.

The theories propounded in the "Lawful" objection (#9730)—if valid, which I dispute—could have been presented in an objection long ago. Even the (also belated) prior FOMB and UCC objections were filed in January 2019 (Docket#9730-page-15-of-25). If the "Lawful" group had acted sooner to bring its objection, a proposed form and manner of notice of its objection could then have been presented by regular motion. Proceeding by supposed "urgent" motion is not only inappropriate, but is also prejudicial, particularly to individual bondholders who have filed proofs of claim and/or notices of participation yet were not given notice of #9731 or #9753. Indeed, given the proliferation of almost 60 filings in the docket on January 8 and 9, 2020, even an individual such as me who tries to follow the docket could easily have missed #9731. I initially missed it, and I only belatedly came across it sometime after it was filed. I was not served with #9731 or #9753.

**II.   The Court should not approve a notice that could be read by individual bondholders to suggest that there is something "lawful" about some series of bonds and not "lawful" about others.**

Movants—self-described as the "'Lawful' Constitutional Debt Coalition"—are by their urgent motion seeking to have the Court approve notices to go to thousands of individual

1

bondholders telling these individuals that the "Lawful Constitutional Debt Coalition" has objected to their bond claims. The "Lawful" terminology appears in bold letters in the title of the proposed notice (Docket#9731-1-page-6-of-19). The "Lawful" terminology also appears in the first sentence of the first paragraph of Section I of the proposed notice, which starts out "Please note that the Lawful Constitutional Debt Coalition (the "LCDC" as "Objector") has filed … an objection …" (Docket#9731-1-page-7-of-19).

Use of the term "'Lawful' Constitutional Debt Coalition" could be misleading, particularly to individual investors. There should not be any court-approved communication that individual bondholders could read as suggesting that some bonds are "lawful" and others are not. A neutral, non-argumentative term to describe the group should be chosen, such as "Certain GO and PBA bondholders whose holdings are predominantly bonds originally issued before March 2012".

The inappropriateness of the group's use of the "Lawful" terminology is underscored by the fact that the position of the "Lawful" group is contrary to repeated assurances by Commonwealth and its professionals that the debt limitation was not violated, as set forth by the Commonwealth in its Official Statements for its bond sales (which specified in detail the Commonwealth's compliance with the debt limitation and which represented that the Commonwealth was in compliance with the debt limitation); in the opinions of Commonwealth's bond counsel (to the effect that there was lawful authority for the issuance and sale of the bonds and that the bonds are valid and binding obligations); in Commonwealth's audited annual financial statements and elsewhere in Commonwealth's Comprehensive Annual Financial Reports; and in Commonwealth's Investor Relations website (where Commonwealth repeatedly asserted that the "debt limitation has never been reached"). *See* Docket#9508-page-19-to-21-of-24; 1/2020 Hein Decl. Exs. A, B, C, and D annexed hereto.

The Court should not approve any notice to bondholders—including the many individual bondholders—that has the self-serving term "Lawful" used to describe the group that filed #9730.

Individual Investors are also entitled to a full disclosure of the facts concerning the interests of the "Lawful" group and its agreements with FOMB so that they can judge for themselves whether what is occurring here is "Lawful". Thus, the Notice should contain disclosure of the following additional facts, so that individual investors are not misled and are given information about the party objecting to their claims:

- A breakdown, by series of bonds owned, of the quantity of each series held by each member of the "Lawful" group, and a specification (by series) of the quantity acquired by each member (x) prior to 6/30/2016 (when PROMESA was enacted), (y) between 6/30/2016 and 5/31/2019 (the date of the PSA between FOMB and "Lawful" group members, Docket#8766-page-213-of-410) and (z) after the 5/31/2019 PSA was entered into. If the "Lawful" group is arguing that it is material to the validity or priority of bond claims what series someone owns, then it is material for purposes of a disclosure of holdings what amount of each series the members of the "Lawful" group own and in what time frame those bonds were acquired. Amended Rule 2019 disclosures should also be filed.
- Disclosure of the fact that "Lawful" group members are a party to a PSA agreement with FOMB as representative of the Commonwealth of Puerto Rico and a description of the consideration and other benefits the FOMB has agreed to provide to "Lawful" group members. Bondholders are entitled to know that the "Lawful" group is objecting to the validity and priority of certain series of bonds because that furthers the interests of that group in achieving the benefits (for themselves) of the PSA they negotiated with FOMB.
- Disclosure of any other agreements between "Lawful" group members and FOMB, AFAAF, Commonwealth or UCC, including any common interest or cooperation agreements. Bondholders are entitled to know whether the "Lawful" group has agreed to cooperate or coordinate with FOMB, AFAAF, Commonwealth and/or the UCC.

3

### III. The form and content of the proposed notice is not going to be comprehensible to most individual bondholders.

I reiterate my objections regarding the adequacy of notice previously asserted in Docket#9508 (including #9508-page-5-to-7-of-24) and in prior filings, including Docket#4913,#5103,#7540,#7732,#7961,#8308,#9096. In particular, and without waiving any of my prior objections, I note the following issues regarding the notices proposed in #9731 and #9753:

1. The proposed notice—like the prior notices that have just been mailed to bondholders—lacks basic information, like a clear, prominent statement of the address of the Court to which responses to the "Lawful" objection may be sent. Having a clear, prominent statement of the address of the Court where responses are to be sent is fundamental.

2. Quinn Emanuel, counsel for the so-called "Lawful" group, should not be identified as the source of "further information" or the party to answer "any questions". How can Quinn Emanuel be relied upon to provide meaningful and objective responses to questions by individual bondholders? This problem underscores the need for an individual bondholder committee whose counsel could field questions from unrepresented bondholders. Alternatively, the court clerk's office should assume the role of being the contact point for "further information".

3. Combining a notice of other objections brought by the UCC into the notice of the "Lawful" group's "Late Vintage Claim Objection" (as proposed by the UCC in #9753) compounds the incomprehensible nature of the notice. Thus, UCC's proposed notice would start with 14 single-spaced vertical lines of **SOLID BOLD** text (Docket#9753-1-page-7-of-23)—and that's just the (incomprehensible and unreadable) header.

4. A notice comprehensible to individual bondholders is required—including comprehensible to the 1770+ people who have filed pro se notices of participation,[1] but were not

---

[1] Docket#7154-page-3&n.6-of-14.

4

participants in the confidential mediation process, and the many more who have filed proofs of claims with their email or other contact information. Among other things:

(a) There needs to be a clear, plain English (and Spanish translation) explanation of what are the current proceedings affecting bondholders.

(b) As to the Late Vintage Claims Objection, the Notice needs to explain in plain language:

(i) What is the Late Vintage Claims Objection?

(ii) Who is affected by the Late Vintage Claims Objection?

(iii) Is an individual bondholder who contests the Late Vintage Claims Objection required to take action? If so, what and by when?

(iv) What is the mailing address of the court to which papers are to be sent? What are the email addresses of any attorneys who are required to be served?

(v) If an individual bondholder wishes to set forth such individual's position on the Late Vintage Claims Objection, must the individual file a motion to dismiss or can the individual simply file an opening brief or other statement of position on February 19, 2020 without first filing a motion to dismiss? If a motion to dismiss is required, in addition to an opening brief or other statement of position, there should be a clear statement of what the minimum requirements of a motion to dismiss are (*e.g.*, "state at the outset of your filing that you seek the dismissal of the Claims Objection and then state your reasons for seeking the dismissal").

In sum, the turgid, incomprehensible notices proposed by the "Lawful" group and UCC lack basic information (e.g., the address of the court to which a bondholder's papers can be sent) and do not constitute the type of clear, plain English (and Spanish) notices that should be

5

used in a matter where rights of thousands of individual purchasers of government bonds are challenged.

### IV. Publication of the "Notice of Objection" is not designed to reach individual 50-states investors.

Paragraph 4 (Docket#9731-1-page-3-to-4-of-19) should be modified to include publication in the *Wall Street Journal*. Few individual retail investors in the 50 states read the Bond Buyer. The annual subscription cost appears to be $3432. Docket#9508-18-page-1-of-3. Just as publication notice is being given in several publications in Puerto Rico and/or in Spanish, notice should be given in the *Wall Street Journal*, which is an English language publication read by many individual investors in the 50 states—where the vast majority of bondholders are present (Docket#9508-page-11-of-24).

### V. Measures to at least begin to level the playing field are required.

The fact the purported "Lawful" group, as well as the FOMB and UCC, are filing objections to the validity of bonds held by individuals, particularly individuals who purchased prior to June 30, 2016, underscores the need for (i) steps to facilitate the ability of pro se litigants—who do not enjoy the essentially unlimited litigation funding that FOMB and UCC are allowed—to meaningfully participate, and (ii) an individual bondholder committee to represent the interests of the bondholders whose bonds are being challenged (as I have previously sought in Docket#9508-page-9-to-13-of-24;#7540-page-4-to-15-of-19;#7961-page-14-to-18-of-19;#7732-page-9-to-10-of-10;#6487;#6128). Absent implementing these measures, the "Lawful" group, as well as FOMB and UCC, should not be permitted to proceed in an omnibus fashion.

* * *

I assert and reserve all procedural and substantive rights and objections, including failure to serve, failure to properly serve, and failure to serve motions, and my positions that the FOMB members were appointed in violation of the Appointments Clause (and thus FOMB's actions are void and these proceeding should be dismissed) and that PROMESA is unconstitutional because,

among other reasons, it is not a "uniform" law "on the subject of bankruptcies throughout the United States".

January 13, 2020

Respectfully Submitted,

*Peter C. Hein*

Peter C. Hein, Pro Se
101 Central Park West, Apt. 14E
New York, NY 10023
petercheinsr@gmail.com

7