UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>The Financial Oversight and Management Board for Puerto Rico,<br>    as representative of<br>The Commonwealth of Puerto Rico, *et al.*,<br>                 Debtors[1]. | PROMESA<br>Title III<br>No. 17 BK 3283-LTS |
| In re:<br>The Financial Oversight and Management Board for Puerto Rico,<br>    as representative of<br>The Puerto Rico Electric Power Authority,<br>                 Debtor. | PROMESA<br>Title III<br>No. 17 BK 04780-LTS |

## ORDER ON MOTIONS TO SEAL

This matter is before the Court on the *Urgent Motion to File Under Seal Official Committee of Unsecured Creditors' Motion in limine to Strike and Exclude Improper Lay Opinion Testimony of Frederic Chapados Regarding Alleged Effect of 9019 Settlement on PREPA Transformation* (Dkt. No. 1753 in 17-BK-4780[2] and Dkt. No. 9259 in 17-BK-3283) (the "Motion to Seal") and the *Urgent Motion to File Under Seal Official Committee of Unsecured Creditors'*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All docket number references herein shall refer to Case Number 17-BK-4780 unless otherwise noted.

*Reply in Support of Motion in limine to Strike and Exclude Improper Lay Opinion Testimony of Frederic Chapados Regarding Alleged Effect of 9019 Settlement on PREPA Transformation* (DKt. No. 1794 and Dkt. No. 9395 in 17-BK-3283) (the "Motion to Seal the Reply").  Through the Motion to Seal and the Motion to Seal the Reply, the Committee[3] seeks orders from the Court permitting the filing of the full, unredacted versions of the Motion *in Limine* (Dkt. No. 1752) and the Reply in support of the Motion *in Limine* (Dkt. No. 1793) under seal to prevent the public disclosure of the deposition testimony of Frederic Chapados, an investment banker at Citigroup Global Markets Inc. ("Citi") and an advisor to the Government Parties.  The Committee represented that while it took no position as to whether the Chapados testimony met the requirements for being filed under seal, the Protective Order required the Committee to maintain the confidentiality of the deposition testimony until ordered otherwise by the Court.

The Court allowed temporary sealing of both the Motion *in Limine* and the Reply in support of the Motion *in Limine* and requested supplemental briefing from the Government Parties and/or Citi justifying continued sealing of any of the currently redacted information in either brief.  (See Dkt. Nos. 1755 and 1798).  The Government Parties and Citi submitted supplemental briefing in support of each motion to seal. (See Dkt. Nos. 1835 and 1848).

In their supplemental briefing, the Government Parties and Citi propose redacting specific portions of the Chapados testimony included as Exhibit B to the Motion *in Limine* and Exhibit C to the Reply in support of the Motion *in Limine*, but otherwise unsealing the briefs and exhibits.[4]  Specifically, the Government Parties and Citi propose redacting the following

---

[3] Capitalized terms not defined herein shall have the meanings given to them in the Motion *in Limine*.
[4] The Government Parties and Citi agree to waive confidentiality with respect to the remaining portions of Exhibit B and Exhibit C. (See Dkt. Nos. 1835 at n. 5 and 1848 at n. 5)

2

transcript excerpts from Exhibit B to the Motion *in Limine*: 114:21-116:15; 147:14-23; 151:24-152:18. (See Dkt. No. 1835 ¶ 8). They contend that "[t]hese excerpts reveal confidential, non-public information relating to the ongoing negotiation and bidding process by which a potential operator for PREPA's transmission and distribution assets will be selected. Public disclosure of these excerpts would be detrimental to this process because it would reveal non-final details of those negotiations as they are unfolding . . . ." (Dkt. No. 1835 at ¶ 8).

The Government Parties and Citi propose redacting the following transcript excerpt from Exhibit C to the Reply in support of the Motion *in Limine*: 86:2-88:3. (See Dkt. No. 1848 ¶ 3). They contend that disclosure of this excerpt would reveal "confidential, non-public information regarding the current plans for the Generation Transaction, which is an important step in the Transformation process and will directly affect any future negotiation and bidding process pertaining to PREPA's generation assets." (Dkt. No. 1848 at ¶ 8).

## Analysis

11 U.S.C. § 107(a) provides that the "dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." "The right of public access is rooted in the public's First Amendment right to know about the administration of justice. The public interest in openness of court proceedings is at its zenith when issues concerning the integrity and transparency of bankruptcy court proceedings are involved, as they are in this matter." In re Motors Liquidation Co., 561 B.R. 36, 41 (Bankr. S.D.N.Y. 2016). See also Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.), 422 F.3d 1, 7 (1st Cir. 2005) ("This governmental interest [in public access to court records] is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters

3

confidence among creditors regarding the fairness of the bankruptcy system.") (internal quotation omitted); In re Rivera, 524 B.R. 438, 442 (Bankr. D.P.R. 2015) ("Section 107(a) of the Bankruptcy Code codifies the public's common law right to inspect and copy judicial records and creates a presumption that all documents filed in a bankruptcy case are accessible to the public and subject to examination by the public at reasonable times without charge."). Accordingly, the Court recognizes a strong presumption and public policy favoring public access to court records and "only the most compelling reasons" can override the public's right of access to judicial records. In re Gitto Global Corp., 422 F.3d 1, 6 (1st Cir.2005) (quoting FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410 (1st Cir.1987)).

Still, open access to court records is not unlimited. 11 U.S.C. § 107(b)(1) provides a narrow exception to the general rule of open access to court records where necessary to "protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]" "If the information that a party requests to file under seal properly fits any of the specified categories in Section 107(b), 'the court is required to protect a requesting interested party and has no discretion to deny the application.'" In re Motors Liquidation Co., 561 B.R. 36, 42 (Bankr. S.D.N.Y. 2016) (quoting Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994)). "However, if the information does not fall into a specified category, the information must be made publicly available." In re Food Mgmt. Grp., 359 B.R. at 554. See also In re Rivera, 524 B.R. 438, 443 (Bankr. D.P.R. 2015) ("If the § 107(b) exceptions do not apply, the inquiry is complete and the Court's decision will favor public access.") (internal quotation omitted).

Here, having reviewed carefully the parties' submissions and the deposition testimony at issue, the Court concludes that the designated portions of Mr. Chapados' testimony all constitute confidential commercial information in that they concern the ongoing bidding and negotiation process for selecting an operator for PREPA's transmission and distribution assets, and PREPA's plans for the Generation Transaction portion of the PREPA Transformation. Therefore, continued sealing of the designated portions of the deposition transcript is warranted under Section 107(b). Public disclosure of these portions of the deposition transcript would disrupt the bidding and negotiation process and potentially harm PREPA's planned Transformation.

Accordingly, the Court hereby ALLOWS IN PART and DENIES IN PART the Motion to Seal and the Motion to Seal the Reply in accordance with this Order. The Court ORDERS the Committee to re-file the Motion *in Limine* on the public docket with the following excerpts from Exhibit B redacted: 114:21-116:15; 147:14-23; 151:24-152:18. The Court ORDERS the Committee to re-file the Reply in support of the Motion *in Limine* on the public docket with the following excerpt from Exhibit C redacted: 86:2-88:3. Any references to these excerpts in the Motion *in Limine* or in the Reply in support of the Motion *in Limine* may also be redacted.

This Order resolves Dkt. Nos. 1753 and 1794 in 17-BK-4780 and Dkt. Nos. 9259 and 9395 in 17-BK-3283.

SO ORDERED.

Dated: January 16, 2020

/s/ Judith G. Dein
HONORABLE JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE

5