# **EXHIBIT 6**



ESTADO LIBRE ASOCIADO DE
# PUERTO RICO
DE~~PARTAMENTO DE ESTADO~~
Re

**2016001827**

REGISTRO DE TRANSACCIONES COMERCIALES

16 MAR 15 PM 3:32

**DECLARACIÓN** STATEMENT
SIGA INSTRUCCIONES/ *FOLLOW INSTRUCTIONS*

A. NOMBRE Y NÚMERO DE CONTACTO (opcional) / *NAME & PHONE OF CONTACT AT FILER (optional)*

B. CORREO ELECTRÓNICO DE CONTACTO (opcional) / *E-MAIL CONTACT AT FILER (optional)*

**CT CORPORATION SYSTEM
PO BOX 9022946
SAN JUAN, PR 00902-294646**

(Name and Address)

EL ESPACIO ARRIBA ES PARA USO DEL OFICIAL DE REGISTRO
*THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY*

1. NOMBRE DEL DEUDOR / *DEBTOR'S NAME*: Provea sólo un nombre de Deudor (1a o 1b) (use el nombre completo y exacto, no omita, modifique o abrevie ningún componente del nombre); si algún aparte del nombre del Deudor no cabe en la línea 1b, déjela en blanco, marque aquí ☐ y provea la información del Deudor individual en el renglón 10 del Anejo a la Declaración de Financiamiento (Forma UCC1AdPR) / *Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor Information in Item 10 of the Financing Statement Addendum (Form UCC1AdPR)*

| 1a. NOMBRE DE LA ENTIDAD / *ORGANIZATION'S NAME* |||||
|---|---|---|---|---|
| **Puerto Rico Convention Center District Authority** |||||
| OR 1b. APELLIDO / *INDIVIDUAL'S SURNAME* | NOMBRE / *FIRST PERSONAL NAME* || SEGUNDO NOMBRE / *ADDITIONAL NAME* | SUFIJO /*SUFFIX* |
| 1c. DIRECCIÓN POSTAL / *MAILING ADDRESS* | CIUDAD / *CITY* | ESTADO STATE | CÓDIGO POSTAL / *POSTAL CODE* | PAÍS *COUNTRY* |
| 100 Convention Boulevard | San Juan | PR | 00907 | |

2. NOMBRE DEL DEUDOR / *DEBTOR'S NAME*: Provea sólo un Deudor adicional (2a o 2b) (Use el nombre completo y exacto; no omita, modifique o abrevie ninguna parte del nombre). Si cualquier parte de un nombre no cupiera en el el espacio provisto en la 2b, deje toda la sección 2 en blanco, marque aquí ☐ y provea el nombre completo en el renglón 10 en el Anejo de la Declaración de Financiamiento (Forma UCC1AdPR) / *Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor Information in Item 10 of the Financing Statement Addendum (Form UCC1AdPR)*

| 2a. NOMBRE DE LA ENTIDAD / *ORGANIZATION'S NAME* |||||
|---|---|---|---|---|
| OR 2b. APELLIDO / *INDIVIDUAL'S SURNAME* | NOMBRE / *FIRST PERSONAL NAME* || SEGUNDO NOMBRE / *ADDITIONAL NAME* | SUFIJO *SUFFIX* |
| 2c. DIRECCIÓN / *MAILING ADDRESS* | CIUDAD / *CITY* | ESTADO STATE | CÓDIGO POSTAL / *POSTAL CODE* | PAÍS *COUNTRY* |

3. NOMBRE DEL ACREEDOR GARANTIZADO (o NOMBRE DE CESIONARIO): Provea sólo un nombre de Acreedor Garantizado (3a o 3b)
*SECURED PARTY'S NAME (or NAME of ASSIGNEE): Provide only one Secured Party name (3a or 3b)*

| 3a. NOMBRE DE LA ENTIDAD / *ORGANIZATION'S NAME* |||||
|---|---|---|---|---|
| **The Bank of New York Mellon, as Trustee** |||||
| OR 3b. APELLIDO / *INDIVIDUAL'S SURNAME* | NOMBRE / *FIRST PERSONAL NAME* || SEGUNDO NOMBRE / *ADDITIONAL NAME* | SUFIJO *SUFFIX* |
| 3c. DIRECCIÓN POSTAL / *MAILING ADDRESS* | CIUDAD / *CITY* | ESTADO STATE | CÓDIGO POSTAL / *POSTAL CODE* | PAÍS *COUNTRY* |
| 101 Barclay Street | New York | NY | 10286 | USA |

4. COLATERAL: Esta declaración de financiamiento cubre la siguiente colateral: / *COLLATERAL: This financing statement covers the following collateral:*

**See Attached Exhibit A**

5. Marque solo si aplica y solo una opción: Colateral está ☐ en posesión de un Fideicomiso (véase UCC1AdPR, renglón 7 e instrucciones) ☐ administrado por Representante de un difunto   Check *only* if applicable and check *only* one box: Collateral is ☐ held in a Trust (See UCC1AdPR, Item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

6a. Marque solo si aplica y una sola alternativa / *Check only if applicable and check only one box*:
☐ Transacción de Financiamiento Público / *Public-Finance Transaction*
☐ Transacción de Casa Prefabricada / *Manufactured-Home Transaction*
☐ Un Deudor es una entidad transmisora / *A Debtor is a Transmitting Utility*

6b. Marque solo si aplica y solo una alternativa / *Check only if applicable and check only one box*:
☐ Gravamen Agrícola / *Agricultural Lien*
☐ Inscripción extrarregistral Non-UCC Filing

7. DESIGNACIÓN ALTERNA (si aplica) / *ALTERNATIVE DESIGNATION (if applicable)*:
☐ Arrendador/Arrendatario *Lessee/Lessor*
☐ Consignatario/ Consignador *Consignee/Consignor*
☐ Vendedor/ Comprador *Seller/Buyer*
☐ Depositario/ Fiador *Bailee/Bailor*
☐ Concesionario/Concedente *Licensee/Licensor*

8. DATOS OPCIONALES DE REFERENCIA PARA EL SOLICITANTE / *OPTIONAL FILER REFERENCE DATA*: **600318.60175**

COPIA OFICINA DE REGISTRO—DECLARACIÓN DE FINANCIAMIENTO (Forma UCC1PR) (Rev. 05/09/14)

REGISTRO DE TRANSACCIONES COMERCIALES

## EXHIBIT A TO FINANCING STATEMENT

16 MAR 15 PM 3:32

**DEBTOR:**

**SECURED PARTY:**

| Puerto Rico Convention Center District Authority<br>100 Convention Boulevard,<br>San Juan, PR 00907<br>Attn: Víctor A. Suárez Meléndez, P. Eng. | The Bank of New York Mellon, as Trustee<br>101 Barclay Street<br>New York, New York 10286 |
|---|---|

### Description of Collateral

The UCC Financing Statement, Form UCC-1, to which this Exhibit A is attached and forms a part includes as collateral all of the Authority's present and future right, title and interest in and to the Trust Estate (as defined below) and all pledged security interests, as set forth in the Pledge Agreement attached hereto as Annex 1.

### Trust Estate[1]

I. all Hotel Occupancy Tax Funds;

II. all funds, accounts and all money from time to time held by the Trustee under this Trust Agreement or any Supplemental Trust Agreement and any fund or account other than (i) the Rebate Fund, (ii) any Defeasance Escrow Account and (iii) any fund or account created by a Supplemental Trust Agreement that is expressly excluded from the Trust Estate;

III. all right, title and interest of the Authority acquired by the Trustee for the benefit of the Owners from GDB with respect to its rights under the Pledge Agreement, and any money from time to time held thereunder including the Pledge Account created thereunder;

IV. all right, title and interest of GDB acquired by the Trustee for the benefit of the Owners from GDB with respect to its rights under the Assignment Agreement, including the Transfer Account created thereunder and any money from time to time held therein;

V. any and all other property, revenues or funds from time to time hereafter by delivery or by writing of any kind specially granted, assigned or pledged as and for additional security hereunder, by the Authority or anyone else, in favor of the Trustee, which is hereby authorized to receive any and all such property at any and all times and to hold and apply the same subject to the terms hereof.

---

[1] All capitalized terms used herein shall have the meanings set forth in the Trust Agreement, dated as of March 24, 2006.

REGISTRO DE TRANSACCIONES
COMERCIALES

## Definitions

16 MAR 15 PM 3:32

"**Assignment Agreement**" means the Assignment Agreement dated as of March 24, 2006, between the Tourism Company and GDB, pursuant to which the Tourism Company has irrevocably assigned to GDB its rights, duties and powers with respect to the receipt of Hotel Occupancy Tax Funds for the benefit of the bondholders.

"**Authority**" means the Puerto Rico Convention Center District Authority.

"**Authority Act**" means Act No. 351 of the Legislature of Puerto Rico, approved September 2, 2000, as the same shall be amended from time to time or any successor legislation by which the Authority shall be created and from which it shall derive its powers.

"**Authority Representative**" means the Executive Director or any other officer or employee of the Authority authorized by law to act as an Authority Representative under this Trust Agreement or any Supplemental Trust Agreement.

"**Bonds**" means any bond or bonds, as the case may be, authenticated under, and issued pursuant to, the Trust Agreement.

"**Commonwealth**" means the Commonwealth of Puerto Rico.

"**Defeasance Escrow Account**" means any trust account into which money and/or Defeasance Securities are deposited for the purpose of defeasing any Bonds in accordance with Section 10.02 hereof.

"**Defeasance Security**" means Government Obligations that, at the time they are deposited into a Defeasance Escrow Account either (i) cannot be redeemed prior to maturity at the option of any Person other than the owner thereof or (ii) the redemption date of which has been irrevocably fixed by an irrevocable exercise of an option to redeem on such date or an irrevocable covenant to exercise an option to redeem on such date (in which case the fixed redemption date shall be treated as the maturity date for purposes of Article X hereon).

"**GDB**" means Government Development Bank for Puerto Rico, a public corporation of the Commonwealth created by Act No. 17 of the Legislature of Puerto Rico, approved September 23, 1948, as the same shall be amended from time to time or any successor legislation by which the shall be created and from which it shall derive its powers.

"**Hotel Occupancy Tax**" means the tax set forth in Section 24 of the Occupancy Tax Act.

"**Hotel Occupancy Tax Funds**" means all Hotel Occupancy Tax Revenues that are deposited in the Transfer Account on and after the date hereof.

"**Hotel Occupancy Tax Funds**" means all Hotel Occupancy Tax Revenues that are deposited in the Transfer Account on and after the date hereof.

"**Hotel Occupancy Tax Revenues**" means all revenues derived by the Tourism Company from the Hotel Occupancy Tax, including all penalties, surcharges and interest thereon.

"**Owner**" of a Bond means the registered owner of such Bond as shown in the registration records of the Trustee.

"**Pledge Account**" means the Pledge Account established under the Pledge Agreement.

"**Pledge Agreement**" means the Pledge and Assignment Agreement dated as of March 24, 2006, by and among GDB, the Trustee and the Authority, pursuant to which GDB will deposit Hotel Occupancy Tax Funds received from the Tourism Company into the Pledge Account, which Hotel Occupancy Tax Funds will be transferred by GDB to, and applied by, the Trustee in accordance with the terms of this Trust Agreement.

"**Rebate Fund**" means the special fund created by Section 5.06 hereof.

"**Supplemental Trust Agreement**" means any trust agreement supplementing or amending this Trust Agreement entered into pursuant to Article IX hereof.

"**Tourism Company**" means the Puerto Rico Tourism Company, a public corporation of the Commonwealth.

"**Transfer Account**" means the Transfer Account established pursuant to the Assignment Agreement.

"**Trust Agreement**" means this Trust Agreement as amended or supplemented by any Supplemental Trust Agreements.

"**Trustee**" means JPMorgan Chase Bank, N.A., acting in its capacity as trustee hereunder, and in the event of a merger or an acquisition of the Trustee, such successor thereto, or any successor Trustee appointed hereunder.

## ANNEX 1

(Pledge Agreement)

16 MAR 15 PM 3:32

REGISTRO DE TRANSACCIONES COMERCIALES

16 MAR 15 PM 3:32

---

PLEDGE AND ASSIGNMENT AGREEMENT
by and among

PUERTO RICO CONVENTION CENTER DISTRICT AUTHORITY,

GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO

and

JPMORGAN CHASE BANK, N.A.

Dated March 24, 2006

---

relating to:

Puerto Rico Convention Center District Authority
Hotel Occupancy Tax Revenue Bonds

DM3\321190.13

CCIONES
COMERCIALES

16 MAR 15 PM 3:32

# PLEDGE AGREEMENT

THIS PLEDGE AND ASSIGNMENT AGREEMENT (this "Pledge Agreement"), dated March 24, 2006, by and among GOVERNMENT DEVELOPMENT BANK for PUERTO RICO ("GDB"), PUERTO RICO CONVENTION CENTER DISTRICT AUTHORITY (the "Authority"), and JPMORGAN CHASE BANK, N.A., as Trustee under the Trust Agreement (as hereinafter defined) (the "Trustee");

In consideration of the foregoing and of the mutual covenants hereinafter set forth, the parties hereto agree as follows:

Section 1. All capitalized terms used herein shall have the meanings set forth in the Trust Agreement, dated March 24, 2006 (the "Trust Agreement") by and between Authority and the Trustee, unless otherwise indicated.

Section 2. (a) In furtherance of the pledges set forth in the Assignment Agreement and the Occupancy Tax Act, GDB hereby creates and establishes a special and irrevocable account designated as the "Hotel Occupancy Tax Pledge Account" (the "Pledge Account") to be held in trust by GDB on behalf of the Authority for the benefit of the Owners of the Bonds, separate and apart from other funds of GDB.

(b) Each of GDB and the Authority does hereby grant, bargain, convey, assign, mortgage and pledge a security interest to the Trustee, as trustee under the Trust Agreement and for the benefit of the Owners of the Bonds, free and clear of all prior or parity liens, pledges and security interests, subject to the provisions of Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico, to be used solely for the payment of the interest and the amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico, but only to the degree to which the other

DM3\321190.13

REGISTRO DE TRANSACCIONES COMERCIALES

16 MAR 15 PM 3:32

available resources to which reference is made in said Section are insufficient for such purposes, (i) all Hotel Occupancy Tax Funds received from the Tourism Company, (ii) all moneys deposited in or required to be deposited in the Pledge Account pursuant to the provisions of this Pledge Agreement, and (iii) all right title and interest of GDB in the Assignment Agreement.

(c) Each of GDB and the Authority hereby agrees that it will not grant, assign, or pledge, nor allow, permit or suffer to exist any prior or parity lien on or security interest in the items pledged pursuant to Section 2(b) above or any investments thereof or earnings thereon in favor of any creditor of GDB, the Authority or any other Person other than (1) the liens created by this Pledge Agreement and (2) the pledge set forth in Section 2(b) above.

Section 3. (a) GDB hereby agrees that, so long as there are any Bonds Outstanding under the Trust Agreement, to deposit or cause to be deposited into the Pledge Account, all Hotel Occupancy Tax Funds received from the Tourism Company as received but in no event later than 12:00 noon, New York time, on the next Business Day immediately following the Business Day on which such Hotel Occupancy Tax Funds are received by GDB.

(b) Amounts deposited in the Pledge Account are to be held by GDB to provide for the following deposits (in order of priority):

(1) GDB will make payments to the Commonwealth of Puerto Rico as set forth in Section 2(b) above when required in accordance with Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico;

(2) GDB shall on each calendar month no later than 12:00 noon, New York time on the third Business Day immediately following the Business Day on which Hotel Occupancy Tax Funds are received by it, transfer or cause to be transferred to the Trustee, all Hotel Occupancy Tax Funds then deposited to the Pledge Account. The Trustee shall

3

DM3\321190.13

REGISTRO DE TRANSACCIONES COMERCIALES

16 MAR 15 PM 3:32

promptly deposit such funds into the Accounts established in Sections 5.02, 5.04, 5.05 and 5.06 of the Trust Agreement (in accordance with and in the order of priority set forth in Section 5.01 of the Trust Agreement) as set forth in the GDB Certificate authorized in Section 3(b)(3) hereof.

(c) The GDB Certificate, in the form attached hereto as Exhibit A, is hereby authorized.

Section 4. In the event that, as of the close of business on the last Business Day of any calendar month, the aggregate of the monthly amounts transferred by the Tourism Company to GDB during the related Fiscal Year is less than the aggregate of the monthly amounts required to be transferred under the GDB Certificate for such period, GDB and the Trustee shall promptly and in any event no later than the next Business Day send a written notice of such deficiency (the "Deficiency Notice") and the amount thereof to the Authority, the Tourism Company and the Trustee which notice shall be sent by telecopier and be promptly confirmed via first class mail.

Section 5. (a) GDB agrees with the Authority that it will comply with the direction to it set forth in Section 31 of the Occupancy Tax Act including without limitation the obligation to make the required certifications to the Company and the Authority as required by Subsection (a) of Section 31 of the Occupancy Tax Act.

(b) GDB will diligently enforce its rights under the Assignment Agreement including its enforcement of the Hotel Occupancy Tax Funds transfer obligation of the Company

Section 6. This Pledge Agreement, the Pledge Account and the security interest in the moneys in the items set forth in Section 2(b) hereof shall remain in full force and effect and shall not be terminated or revoked so long as there are any Bonds Outstanding under the terms of the Trust Agreement and any Supplemental Trust Agreement. Upon all Bonds having been paid

4

DM3\3211190.13

REGISTRO DE TRANSACCIONES COMERCIALES

16 MAR 15 PM 3:32

or deemed paid, in accordance with Section 10.01 of the Trust Agreement, this Agreement shall terminate and any moneys remaining in the Pledge Account at the time of such termination shall be released to the Authority.

Section 7. So long as GDB applies the moneys as provided herein, and complies fully with the terms of this Agreement, GDB shall not be liable for any deficiencies in the amounts necessary to pay the Bonds.

Section 8. If any one or more of the covenants or agreements provided in this Pledge Agreement by or on behalf of GDB, the Authority or the Trustee to be performed should be determined by a court of competent jurisdiction to be contrary to law, such covenant or agreement shall be deemed and construed to be severable from the remaining covenants and agreements herein contained and shall in no way affect the validity of the remaining provisions of this Agreement.

Section 9. If any section, paragraph, sentence, clause or provision of this Pledge Agreement shall for any reason be held to be invalid or unenforceable, the invalidity or unenforceability of such section, paragraph, sentence, clause or provision shall not affect any of the remaining provisions of this Pledge Agreement. GDB shall provide the Company, the Authority and the Trustee with written notice if any section, paragraph, sentence, clause or provision of the Pledge Agreement should be held to be invalid or unenforceable. Such written notices shall be mailed at the addresses set forth below:

Section 10. All the covenants, promises and agreements contained in this Agreement by or on behalf of GDB, the Authority or the Trustee shall bind and inure to the benefit of their respective successors and assigns, whether so expressed or not. Any successor trustee under the Trust Agreement and any Supplemental Trust Agreement without further act

5

DM3\3211190.13

REGISTRO DE TRANSACCIONES
COMERCIALES

16 MAR 15 PM 3:32

shall be successor Trustee hereunder unless GDB or the Authority has otherwise appointed a successor Trustee. The predecessor Trustee shall pay over or transfer to the successor Trustee any moneys or Government Obligations at the time held by it or on its behalf.

Section 11. Except insofar as the duties, powers and authority of the Authority and GDB, its officers and employees are governed by the laws of the Commonwealth of Puerto Rico, this Agreement shall be governed by the applicable law of New York; provided that the venue of any judicial action commenced by the parties other than the Trustees shall be in the Commonwealth of Puerto Rico.

Section 12. This Agreement may be executed in several counterparts, all or any of which shall be regarded, for all purposes as one original, and shall constitute and be but one and the same instrument.

Section 13. This Agreement may be amended, modified or supplemented only by written instrument executed by GDB, the Authority and the Trustee, and only in accordance with Section 9.04 of the Trust Agreement.

Section 14. GDB and the Authority acknowledge and agree that the Agreement shall be part of the Trust Estate under the Trust Agreement, pledged to the Owners of the Bonds and any credit or liquidity provider or interest rate counter party secured under the Trust Agreement.

Section 15. The laws of the Commonwealth shall be applied in the interpretation and enforcement of this Pledge Agreement.

Section 16. Unless otherwise stated herein, any notice, demand, direction, request or other instrument authorized or required by this Pledge Agreement to be given to or filed with the Authority, GDB or Trustee shall be deemed to have been sufficiently given or filed for all

6

DM3\3211190.13

REGISTRO DE TRANSACCIONES COMERCIALES

16 MAR 15 PM 3:32

purposes of this Pledge Agreement if sent by registered mail, return receipt requested (i) to the respective addresses set forth in the Trust Agreement if such notice is being sent to the Trustee or the Authority; (ii) as follows if such notice is being sent to GDB: to Government Development Bank for Puerto Rico, Minillas Government Center, DeDiego Avenue, Stop 22, Santurce, Puerto Rico, 00940; or (iii) to such other address as may hereinafter be provided by written notice given by the Authority, GDB or the Trustee to the other parties.

7

DM3\321190.13



IN WITNESS WHEREOF, the parties hereto have each caused the Pledge Agreement to be executed by their duly authorized officers or elected officials and GDB and the Authority have caused their respective seals to be hereunder affixed and attested as of the date first above written.

GOVERNMENT DEVELOPMENT BANK FOR
PUERTO RICO

By: _____
Jorge Irizarry Herrans
Executive Vice President


PUERTO RICO CONVENTION CENTER
DISTRICT AUTHORITY

By: _____
Manuel Sánchez Biscombe
Executive Director


JPMORGAN CHASE BANK, N.A.,
as Trustee

By: _____
Joanne Adamis
Vice President

8

DM3\350062.1

...CCIONES
COMERCIALES

16 MAR 15 PM 3:32

Affidavit No. 491

Subscribed before me by Jorge Irizarry Herrans, of legal age, married, and resident of San Juan, Puerto Rico, in his capacity as Executive Vice President of Government Development Bank for Puerto Rico, personally known to me; Manuel Sánchez Biscombe, of legal age, married, and resident of San Juan, Puerto Rico, in his capacity as Executive Director of the Puerto Rico Convention Center District Authority, personally known to me; and Joanne Adamis, of legal age, single, and resident of New York, New York, in her capacity as a Vice President of JPMorgan Chase Bank, N.A., personally known to me. In San Juan, Puerto Rico, this 24th day of March 2006.

NOTARY PUBLIC

Affidavit No. 4044 (copy)

Subscribed before me by Manuel Sánchez Biscombe, of legal age, married, and resident of San Juan, Puerto Rico, in his capacity as Executive Director of the Puerto Rico Convention Center District Authority, personally known to me. In San Juan, Puerto Rico, this 24th day of March 2006.



NOTARY PUBLIC

9

DM3\350062.1