# **EXHIBIT R**

# AGREEMENT REGARDING BOND INSURANCE

THIS AGREEMENT REGARDING BOND INSURANCE, dated as of April 29, 2003, by and between Puerto Rico Highways and Transportation Authority (the "Authority") and JPMorgan Chase Bank, as Fiscal Agent (the "Fiscal Agent"), under Resolution No. 68-13, adopted by the Authority on June 13, 1968, as amended (the "Resolution"),

## W I T N E S S E T H:

WHEREAS, the Authority has determined to issue its Puerto Rico Highways and Transportation Authority Highway Revenue Refunding Bonds (Series AA) (the "Series AA Bonds") and to obtain a municipal bond insurance policy (the "MBIA Bond Insurance Policy") to be issued by MBIA Insurance Corporation ("MBIA") to secure the payment of the principal of and interest on the Series AA Bonds maturing July 1, 2017 through and including July 1, 2023 (the "Insured Bonds"), subject to the terms of the MBIA Bond Insurance Policy; and

WHEREAS, as a condition to the issuance of the MBIA Bond Insurance Policy, MBIA has requested that the Authority and the Fiscal Agent agree to certain provisions; and

WHEREAS, the Authority and the Fiscal Agent have agreed to said provisions for the benefit of MBIA to induce MBIA to issue the MBIA Bond Insurance Policy;

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants herein set forth, the Authority and the Fiscal Agent hereby agree as follows:

Section 1. So long as the MBIA Municipal Bond Insurance Policy shall be in full force and effect with respect to the Insured Bonds, the Authority and the Fiscal Agent hereby agree to comply with the following provisions:

(i) In the event that on the second business day, and again on the business day, prior to any interest payment date on the Insured Bonds, there shall not be sufficient moneys to pay all principal of and interest on the Insured Bonds due on such interest payment date, the Fiscal Agent shall immediately notify MBIA or its designee on the same business day by telephone or telegraph, confirmed in writing by registered or certified mail, of the amount of the deficiency.

(ii) If the deficiency is made up in whole or in part prior to or on such interest payment date, the Fiscal Agent shall so notify MBIA or its designee.

(iii) In addition, if the Fiscal Agent has notice that any owner of an Insured Bond has been required to disgorge payments of principal of or interest on such Bond to a trustee in bankruptcy or creditors or others pursuant to a final judgment by a court of competent jurisdiction that such payment constitutes an avoidable preference to such owner within the meaning of any applicable bankruptcy law, then the Fiscal Agent shall notify MBIA or its designee of such fact by telephone or telegraph, confirmed in writing by registered or certified mail.

(iv) The Fiscal Agent is hereby irrevocably designated, appointed, directed and authorized to act as attorney-in-fact for owners of the Insured Bonds as follows:

(1) if and to the extent there is a deficiency in amounts required to pay interest on the Insured Bonds, the Fiscal Agent shall (i) execute and deliver to U.S. Bank Trust National Association, or its successors under the MBIA Municipal Bond Insurance Policy (the "Insurance Paying Agent"), in form satisfactory to the Insurance Paying Agent, an instrument appointing MBIA as agent for such owners in any legal proceeding related to the payment of such interest and an assignment to MBIA of the claims for interest to which such deficiency relates and which are paid by MBIA, (ii) receive as designee of the respective owners (and not as Fiscal Agent) in accordance with the tenor of the MBIA Municipal Bond Insurance Policy payment from the Insurance Paying Agent with respect to the claims for interest so assigned, and (iii) disburse the same to such respective owners; and

(2) if and to the extent of a deficiency in amounts required to pay principal of the Insured Bonds, the Fiscal Agent shall (i) execute and deliver to the Insurance Paying Agent in form satisfactory to the Insurance Paying Agent an instrument appointing MBIA as agent for the owners thereof in any legal proceeding relating to the payment of such principal and an assignment to MBIA of any of the Insured Bonds surrendered to the Insurance Paying Agent or so much of the principal amount thereof as has not previously been paid or for which moneys are not held by the Fiscal Agent and available for such payment (but such assignment shall be delivered only if payment from the Insurance Paying Agent is received), (ii) receive as designee of the respective owners (and not as Fiscal Agent) in accordance with the tenor of the MBIA Municipal Bond Insurance Policy payment therefor from the Insurance Paying Agent, and (iii) disburse the same to such owners.

(v) Payments with respect to claims for interest on and principal of the Insured Bonds disbursed by the Fiscal Agent from proceeds of the MBIA Municipal Bond Insurance Policy shall not be considered to discharge the obligation of the Authority with respect to such Bonds, and MBIA shall become the owner of such unpaid Insured Bonds and claims for the interest in accordance with the tenor of the assignment made to it under the provisions of this paragraph or otherwise.

(vi) Irrespective of whether any such assignment is executed and delivered, the Authority and the Fiscal Agent hereby agree for the benefit of MBIA that:

(1) they recognize that to the extent MBIA makes payments, directly or indirectly (as by paying through the Fiscal Agent), on account of principal of or interest on the MBIA Insured Bonds, MBIA will be subrogated to the rights of the owners of such Bonds to receive the amount of such principal and interest from the Authority, subject to the limitations on the application of the Authority's Revenues as set forth in the Resolution, and

(2) the Authority will accordingly pay to MBIA the amount of such principal and interest (including principal and interest recovered under subparagraph (ii) of the first paragraph of the MBIA Municipal Bond Insurance Policy, which principal and interest shall be deemed past due and not to have been paid), with interest thereon as provided in the Resolution and in the MBIA Insured Bonds, but only from the sources and in the manner provided herein and therein for the payment of principal of and interest on the Insured Bonds to the owners thereof, and will otherwise treat MBIA as the owner of such rights to the amount of such principal and interest.

(vii) MBIA shall have the right to consent in lieu of the owners of Insured Bonds to all amendments to the Resolution to which the Fiscal Agent and the owners of Insured Bonds have the right to consent, as long as MBIA is not in default on its obligations under the MBIA Bond Insurance Policy. Copies of any such amendments which have been consented to by MBIA shall be sent to Standard & Poor's Ratings Services, a division of The McGraw-Hill Companies, Inc. MBIA shall be recognized as the registered owner of each Insured Bond for the purposes of exercising all rights and privileges available to bondholders under the Resolution. MBIA shall have the right to institute any suit, action, or proceeding at law or in equity under the same terms as a holder of an Insured Bond in accordance with applicable provisions of the Resolution.

(viii) MBIA shall receive notice of the resignation or removal of the Fiscal Agent and the appointment of any successor thereto.

(ix) MBIA shall receive copies of all notices required to be delivered to registered owners of the Insured Bonds and, on an annual basis, copies of the audited financial statements and annual reports of the Authority. All notices required to be given to MBIA hereunder shall be in writing and shall be sent by registered or certified mail addressed to MBIA Insurance Corporation, 113 King Street, Armonk, New York 10504 Attention: Surveillance.

(x) In connection with the issuance of additional bonds under the Resolution, the Authority shall deliver to MBIA a copy of the disclosure document, if any, circulated with respect to such bonds.

(xi) To effect the defeasance of any outstanding Insured Bonds, the Authority shall be permitted to deposit in trust for the owners of such Bonds cash and any obligations permitted by law; provided, however, that without the consent of MBIA, such obligations shall (to the extent such obligations constitute "Government Obligations" under the Resolution) be limited to the following:

(1) United States Treasury Certificates, Notes and Bonds (including State and Local Government Series - ("SLGS");

(2) Direct obligations of the United States Treasury which have been stripped by the Treasury itself, CATS, TIGRS and similar securities;

(3) The interest component of Resolution Funding Corp. strips which have been stripped by request to the Federal Reserve Bank of New York in book entry form;

(4) Pre-refunded municipal bonds rated "Aaa" by Moody's Investors Service and "AAA" by Standard & Poor's Ratings Services, a division of The McGraw-Hill Companies, Inc. If, however, the issue is only rated by Standard & Poor's (i.e., there is no Moody's rating), then the pre-refunded bonds must have been pre-refunded with cash, direct United States or United States guaranteed obligations, or "AAA" rated pre-refunded municipals to satisfy this condition; and

(5) Obligations issued by the following agencies which obligations are backed by the full faith and credit of the United States:

    a. <u>United States Export-Import Bank (Eximbank)</u>

    Direct obligations or fully guaranteed certificates of beneficial ownership

    b. <u>Farmers Home Administration (FmHA)</u>

    Certificates of beneficial ownership

    c. <u>Federal Financing Bank</u>

    d. <u>General Services Administration</u>

    Participation Certificates

    United States Maritime Administration

    Guaranteed Title XI financing

    e. <u>United States Department of Housing and Urban Development</u>

    Project Notes

    Local Authority Bonds

    New Communities Debentures — United States government guaranteed debentures

    United States Public Housing Notes and Bonds — United States government guaranteed public housing notes and bonds

(xii) The form of the MBIA Insured Bonds shall include the following statement of insurance:

**[STATEMENT OF INSURANCE FOR MBIA INSURED BONDS]**

MBIA Insurance Corporation (the "Insurer") has issued a policy containing the following provisions, such policy being on file at JPMorgan Chase Bank, New York, New York.

The Insurer, in consideration of the payment of the premium and subject to the terms of this policy, hereby unconditionally and irrevocably guarantees to any owner, as hereinafter defined, of the following described obligations, the full and complete payment required to be made by or on behalf of Puerto Rico Highways and Transportation Authority (the "Issuer") to JPMorgan Chase Bank or its successor (the "Paying Agent") of an amount equal to (i) the principal of (either at the stated maturity or by any advancement of maturity pursuant to a mandatory sinking fund payment) and interest on, the Obligations (as that term is defined below) as such payments shall become due but shall not be so paid (except that in the event of any acceleration of the due date of such principal by reason of mandatory or optional redemption or acceleration resulting from default or otherwise, other than any advancement of maturity pursuant to a mandatory sinking fund payment, the payments guaranteed hereby shall be made in such amounts and at such times as such payments of principal would have been due had there not been any such acceleration); and (ii) the reimbursement of any such payment which is subsequently recovered from any owner pursuant to a final judgment by a court of competent jurisdiction that such payment constitutes an avoidable preference to such owner within the meaning of any applicable bankruptcy law. The amounts referred to in clauses (i) and (ii) of the preceding sentence shall be referred to herein collectively as the "Insured Amounts". "Obligations" shall mean:

$196,440,000
Puerto Rico Highways and Transportation Authority
Highway Revenue Refunding Bonds (Series AA)
(Insured maturities due July 1, 2017
through and including July 1, 2023)

Upon receipt of telephonic or telegraphic notice, such notice subsequently confirmed in writing by registered or certified mail, or upon receipt of written notice by registered or certified mail, by the Insurer from the Paying Agent or any owner of an Obligation the payment of an Insured Amount for which is then due, that such required payment has not been made, the Insurer on the due date of such payment or within one business day after receipt of notice of such nonpayment, whichever is later, will make a deposit of funds, in an account with U.S. Bank Trust National Association, in New York, New York, or its successor, sufficient for the payment of any such Insured Amounts which are then due. Upon presentment and surrender of such Obligations or presentment of such other proof of ownership of the Obligations, together with any appropriate instruments of assignment to evidence the assignment of the Insured Amounts due on the Obligations as are paid by the Insurer, and appropriate instruments to effect the appointment of the Insurer as agent for such owners of the Obligations in any legal proceeding related to payment of Insured Amounts on the Obligations, such instruments being in a form satisfactory to U.S. Bank Trust National Association, U.S. Bank Trust National Association shall disburse to such owners or the Paying Agent payment of the Insured Amounts due on such Obligations, less any amount held by the Paying Agent for the payment of such Insured Amounts and legally available therefor. This policy does not insure against loss of any redemption premium which may at any time be payable with respect to any Obligation.

As used herein, the term "owner" shall mean the registered owner of any Obligation as indicated in the books maintained by the Paying Agent, the Issuer, or any designee of the Issuer for such purpose. The term owner shall not include the Issuer or any party whose agreement with the Issuer constitutes the underlying security for the Obligations.

Any service of process on the Insurer may be made to the Insurer at its offices located at 113 King Street, Armonk, New York 10504 and such service of process shall be valid and binding.

This policy is non-cancellable for any reason. The premium on this policy is not refundable for any reason including the payment prior to maturity of the Obligations.

MBIA INSURANCE CORPORATION

(xiii) The Authority will obtain the written approval (which approval shall not be unreasonably withheld) of MBIA of any SWAP agreement (as defined in the Resolution) or Liquidity Facility (as defined in Resolution No. 2003-23, adopted by the Authority on April 10, 2003) executed in connection with the Insured Bonds.

Section 2. Capitalized Terms. Capitalized terms used herein without definition shall have the meanings ascribed thereto in the Resolution, unless the context otherwise requires.

IN WITNESS WHEREOF, Puerto Rico Highways and Transportation Authority and JPMorgan Chase Bank, as Fiscal Agent, have caused this Resolution Regarding Bond Insurance to be executed by their authorized officers, all as of the day and year first above written.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY

By: _____
Executive Director

JPMORGAN CHASE BANK, as Fiscal Agent

By: _____
Vice President

NY1 5356098v2 -6-