*Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds*

# **EXHIBIT 14**

Case:17-03283-LTS Doc#:10109-16 Filed:01/16/20 Entered:01/16/20 22:19:10 Desc: Amended Motion Exhibit 14-Complaint in Ambac Assurance Corp. v. U.S. Dept of Tr Page 2 of 16

Case 1:17-cv-00809-RBW Document 1 Filed 05/02/17 Page 1 of 15

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| AMBAC ASSURANCE CORPORATION,<br><br>          Plaintiff,<br><br>-against-<br><br>U.S. DEPARTMENT OF THE TREASURY, STEVEN MNUCHIN, in his official capacity as U.S. SECRETARY OF THE TREASURY, and JOHN DOE,<br><br>          Defendants. | Civil No. 17-cv-809 |

## COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF

Plaintiff Ambac Assurance Corporation ("Ambac"), by its attorneys Milbank, Tweed, Hadley & McCloy LLP, for its Complaint against defendants the United States Department of the Treasury (the "U.S. Treasury") and Steven Mnuchin, in his official capacity as Secretary of the Treasury of the United States (the "Secretary of the Treasury"); collectively, "Defendants"), alleges as follows:

## NATURE OF THIS ACTION

1. The Commonwealth of Puerto Rico (the "Commonwealth") is a territory of the United States. Due to its territorial status, the Commonwealth has a longstanding entrenched political and commercial relationship with the United States. The Puerto Rico and U.S. economies are highly integrated, and Puerto Rico enjoys special economic treatment from the U.S. government in certain areas.

2. One example of this is the excise taxes imposed by the United States government on the sale of rum produced in the Commonwealth and sold in the United States (the "Rum

Case:17-03283-LTS Doc#:10109-16 Filed:01/16/20 Entered:01/16/20 22:19:10 Desc:
Amended Motion Exhibit 14-Complaint in Ambac Assurance Corp. v. U.S. Dept of Tr Page 3 of 16
Case 1:17-cv-00809-RBW Document 1 Filed 05/02/17 Page 2 of 15

Taxes"). As a result of the Commonwealth's political and commercial relationship with the United States, the U.S. Treasury remits its collected Rum Taxes back to the Commonwealth.

3. Upon receipt of the funds, the Commonwealth automatically transfers a certain portion of the Rum Taxes to the Puerto Rico Infrastructure Financing Authority ("PRIFA"), a public corporation and instrumentality of the Commonwealth. PRIFA in turn pledges the Rum Taxes (the "Pledged Rum Taxes") to the repayment of certain bonds issued by PRIFA (the "PRIFA Rum Bonds").

4. Ambac, a provider of financial guaranty insurance, insures payment of principal and interest on hundreds of millions of dollars of PRIFA Rum Bonds.

5. The PRIFA Rum Bonds are protected from having their Pledged Rum Taxes diverted or "clawed back" from repayment of the PRIFA Rum Bonds by the Puerto Rico Constitution and various Commonwealth statutes.

6. The Commonwealth, however, has engaged in an extended—and ongoing—pattern of unconstitutional and unlawful clawback of the Pledged Rum Taxes, which has caused multiple payment defaults and forced Ambac to pay tens of millions of dollars in claims.

7. Ambac has initiated two lawsuits challenging the Commonwealth's ongoing clawback scheme (the "Clawback Lawsuits"), the first of which was filed in January 2016,[1] the second shortly before the filing of the instant action.[2] Numerous other plaintiffs have likewise challenged the Commonwealth's illegal and continuing clawback of revenues pledged to secure

---

[1] *See Assured Guar. Corp. v. García-Padilla*, No. 16-1037 (D.P.R. Jan. 7, 2016).

[2] *See Ambac Assurance Corp. v. Rosselló Nevares*, No. 17-1568 (D.P.R. May 2, 2017) (attached hereto as Exhibit A).

Case:17-03283-LTS Doc#:10109-16 Filed:01/16/20 Entered:01/16/20 22:19:10 Desc: Amended Motion Exhibit 14-Complaint in Ambac Assurance Corp. v. U.S. Dept of Tr Page 4 of 16

Case 1:17-cv-00809-RBW Document 1 Filed 05/02/17 Page 3 of 15

certain revenue bonds, including the PRIFA Rum Bonds.[3] Despite this litigation, however, the Commonwealth has not stopped—and in fact has *increased and expanded*—its unlawful clawback, as described in detail in Exhibit A. Thus, the Commonwealth has made clear that it will not cease this clawback until compelled by the courts through a final resolution of the Clawback Lawsuits.

8. Pending resolution of those suits, the Rum Taxes are certain to be dissipated improperly in direct violation of Ambac's rights under the U.S. Constitution. Accordingly, Ambac requires an equitable lien over the current and future Rum Taxes covered into the U.S. Treasury, and injunctive relief preventing Defendants from taking, or causing to be taken, any action transferring the Rum Taxes to the Commonwealth, where they will inevitably be subject to the same improper taking.

9. Without such relief, PRIFA will continue to default on all debt service payments on the PRIFA Rum Bonds as and when they come due, forcing Ambac to continue to pay claims covering bondholders' losses.

## THE PARTIES

10. Ambac is a Wisconsin-domiciled stock insurance corporation with its principal place of business at One State Street Plaza, New York, New York, 10004.

11. Ambac is a monoline insurer that provides financial guarantees to the United States and global public finance, infrastructure, and structured finance markets.

---

[3] *See Fin. Guar. Ins. Co. v. García-Padilla*, No. 16-1095 (D.P.R. 2016); *Altair Global Credit Opportunities Fund LLC v. García-Padilla*, No. 16-02696 (D.P.R. 2016); *Assured Guar. Corp. v. Commonwealth of Puerto Rico*, No. 16-2384 (D.P.R. 2016); *Brigade Leveraged Capital Structures Fund Ltd. v. Gov't Dev. Bank for Puerto Rico*, No. 16-1610 (D.P.R. 2016); *Nat. Pub. Fin. Guar. Corp. v. García-Padilla*, No. 16-2101 (D.P.R. 2016); *Peaje Inv. LLC v. García-Padilla*, No. 16-2365 (D.P.R. 2016); *Scotiabank de Puerto Rico v. García-Padilla*, No. 16-2736 (D.P.R. 2016); *Trigo v. García-Padilla*, No. 16-2257 (D.P.R. 2016).

Case:17-03283-LTS Doc#:10109-16 Filed:01/16/20 Entered:01/16/20 22:19:40 Desc:
Amended Motion Exhibit 14-Complaint in Ambac Assurance Corp. v. U.S. Dept of Tr Page 5 of 16
Case 1:17-cv-00809-RBW Document 1 Filed 05/02/17 Page 4 of 15

12. Ambac brings this action to protect and enforce its rights under the laws and U.S. Constitution, as described below.

13. Defendant U.S. Treasury is charged with the duty to remit all Rum Taxes in the U.S. Treasury to the Commonwealth.

14. Defendant Mnuchin is the head of the U.S. Treasury and is empowered to act with respect to the remittance of the Rum Taxes to the Commonwealth. Mnuchin is sued in his official capacity.

15. Defendant John Doe is any successor to the Defendant Mnuchin. Ambac sues John Doe in his official capacity.

## JURISDICTION AND VENUE

16. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the United States Constitution and federal statutes.

17. Venue is proper in this District under 28 U.S.C. § 1391 because this is the district where the defendants in the suit reside and where the funds that are the subject of the action are situated.

## FACTUAL BACKGROUND

I. **AMBAC INSURES THE PRIFA RUM BONDS**

    A. **Ambac**

18. Ambac is a provider of financial guaranty insurance, by which an insurer guarantees scheduled payments of principal and interest as and when due on a bond or other obligation. Ambac insures scheduled principal and interest payments when due on municipal, public infrastructure, and structured financings both in the United States and around the world. Under relevant provisions of the bond documents and bond insurance policies, and applicable law, payment by providers of financial guaranty insurance neither satisfies nor discharges an

-4-

Case:17-03283-LTS Doc#:10109-16 Filed:01/16/20 Entered:01/16/20 22:19:10 Desc:
Amended Motion Exhibit 14-Complaint in Ambac Assurance Corp. v. U.S. Dept of Tr Page 6 of 16
Case 1:17-cv-00809-RBW Document 1 Filed 05/02/17 Page 5 of 15

issuer's obligation to pay. To the extent insurers make such payments, they become owners of the subject bonds and/or become subrogated to the rights of the bondholders, effectively stepping into their shoes.

19. Ambac insures approximately $471 million (net initial par) of outstanding PRIFA Rum Bonds. Since the Commonwealth began clawing back the Pledged Rum Taxes—PRIFA's sole source of revenues to repay the PRIFA Rum Bonds—PRIFA has defaulted on approximately $147 million of PRIFA bond payments. This has caused Ambac to pay approximately $62 million (net of reinsurance) in claims by holders of the PRIFA bonds. After paying such claims, Ambac was assigned the registered bondholders' rights with respect to such payment, and is now fully subrogated to their payment rights.

### B. The PRIFA Rum Bonds

20. PRIFA is a public corporation created by Act 44-1988 (the "PRIFA Enabling Act") for the purpose of providing financial and other types of assistance to political subdivisions, public agencies, and instrumentalities of the Commonwealth. Pursuant to the PRIFA Enabling Act, PRIFA has issued the PRIFA Rum Bonds under a Trust Agreement dated October 1, 1988.

21. The U.S. Treasury imposes and collects the Rum Taxes. Pursuant to the Internal Revenue Code, the U.S. Treasury must remit all Rum Taxes back to the Commonwealth. 26 U.S.C. § 7652.

22. By operation of law, the Commonwealth, in turn, is supposed to automatically transfers the remitted Rum Taxes to PRIFA, which has statutorily pledged the first $117 million in remitted Rum Taxes to the repayment of the PRIFA Rum Bonds. 3 L.P.R.A. § 1914.

23. PRIFA has issued approximately $1.7 billion in PRIFA Rum Bonds, of which approximately $1.6 billion are outstanding. Ambac insures approximately $457 million (net of reinsurance) of the outstanding PRIFA Rum Bonds.

Case:17-03283-LTS Doc#:10109-16 Filed:01/16/20 Entered:01/16/20 22:19:10 Desc: Amended Motion Exhibit 14-Complaint in Ambac Assurance Corp. v. U.S. Dept of Tr Page 7 of 16

Case 1:17-cv-00809-RBW Document 1 Filed 05/02/17 Page 6 of 15

24. In the PRIFA Enabling Act, the Commonwealth covenanted that it would "not limit or alter the rights [conferred to PRIFA by the PRIFA Enabling Act] until such bonds and the interest thereon are paid in full." 3 L.P.R.A. § 1913.

### C. The U.S. Treasury

25. As described above, the U.S. Treasury collects the Rum Taxes in the United States and then remits to the Commonwealth.

26. After the Rum Taxes are collected, but before they are remitted to the Commonwealth, the U.S. Treasury holds the Rum Taxes in a special account earmarked exclusively for the Commonwealth.

27. The U.S. Treasury is simply a conduit for the Rum Taxes. It takes no other action with respect to the Rum Taxes. It is not in the position of a debtor or creditor of the Commonwealth, and it has no legal or equitable interest in the funds.

## II. PUERTO RICO'S CONSTITUTION AND STATUTES PROTECT THE PRIFA RUM BONDS FROM CLAWBACK

28. The Puerto Rico Constitution, in concert with various Commonwealth statutes, places clear limitations on whether, when, and how the Pledged Rum Taxes can be clawed back by the Commonwealth.

### A. The Puerto Rico Constitution

29. Several sections of the Puerto Rico Constitution work together to govern clawback.

30. First, Article VI, Section 7 ("Section 7") provides:

> The appropriations made for any fiscal year shall not exceed the total resources, including available surplus, estimated for said fiscal year unless the imposition of taxes sufficient to cover said appropriations is provided by law.

P.R. Const. art. VI, § 7.

Case:17-03283-LTS Doc#:10109-16 Filed:01/16/20 Entered:01/16/20 22:19:10 Desc:
Amended Motion Exhibit 14-Complaint in Ambac Assurance Corp. v. U.S. Dept of Tr Page 8 of 16
Case 1:17-cv-00809-RBW Document 1 Filed 05/02/17 Page 7 of 15

31. Accordingly, if the appropriations for a fiscal year exceed *estimated* revenues, taxes must be raised to cover the shortfall. This provision ensures the Commonwealth maintains a balanced budget each fiscal year by ensuring that revenues for the fiscal year are sufficient to cover operating expenses and GO debt ("GO Debt") service. It also ensures that budget shortfalls cannot be rolled over from one fiscal year to the next.

32. Next, Article VI, Section 8 ("Section 8") states:

> In case the available resources including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law.

P.R. Const. art. VI, § 8.

33. Thus, if the mandatory tax increases compelled by Section 7 fail to produce sufficient revenues to cover all remaining expenses for the fiscal year, Section 8 requires GO Debt to be paid from those remaining available resources. Thus, the Puerto Rico Constitution makes clear that if there is an actual shortfall for a fiscal year, GO Debt enjoys a first priority to the resources available to the Commonwealth (the "GO Priority").

34. Section 8 also makes clear that the use of Pledged Revenues to pay GO Debt is limited to the *current fiscal year*. *See* P.R. Const. art. VI, 8 (the GO Priority is triggered when "available revenues including surplus for any fiscal year are insufficient to meet the appropriations made *for that year*") (emphasis added). This concept is supported by Section 7, which ensures that budgetary shortfalls cannot be rolled into the next fiscal year.

35. Because Clawback is limited to the current fiscal year, the authority of the Commonwealth to claw back any funds necessarily evaporates at the end of the fiscal year, as does the Commonwealth's authority to retain such funds (the "Fiscal Year Cutoff"). In short, under the Fiscal Year Cutoff, clawed back funds must be: (i) clawed back for the purposes of addressing a

Case:17-03283-LTS Doc#:10109-16 Filed:01/16/20 Entered:01/16/20 22:19:10 Desc:
Amended Motion Exhibit 14-Complaint in Ambac Assurance Corp. v. U.S. Dept of Tr Page 9 of 16
Case 1:17-cv-00809-RBW Document 1-7 Filed 05/02/17 Page 9 of 15

current fiscal year GO Debt shortfall, and (ii) actually applied to the GO Debt shortfall in the current fiscal year, or returned to their original lienholders.

36. Section 8 further requires all other disbursements to be paid "in accordance with the order of priorities established by law." P.R. Const. art. VI, § 8. Thus, a violation of said order of priorities is also a violation of both the law and the Puerto Rico Constitution. The Commonwealth's Legislative Assembly (the "Legislative Assembly") has implemented the priorities established by this provision of the Puerto Rico Constitution in several laws that, as set forth below, expressly grant the Revenue Bonds a priority to resources available to the Commonwealth *second only to GO Debt*.

### B. The OMB Act

37. Section 4(c) of the Management and Budget Office Organic Act (Act No. 147 of June 18, 1980, the "OMB Act," codified as 23 L.P.R.A. 104(c)) creates a priority waterfall for the disbursement of public funds in a fiscal year in which there are insufficient funds to pay all appropriations.

38. The priorities set by the Legislative Assembly in these circumstances first require "payment of interest and amortizations corresponding to the public debt." 23 L.P.R.A. § 104(c)(1).

39. A second priority status is then given to "commitments entered into by virtue of legal contracts in force, judgments of the courts in cases of condemnation under eminent domain, and binding obligations to safeguard the credit, reputation and good name of the Government of the Commonwealth of Puerto Rico." 23 L.P.R.A. § 104(c)(2).

40. "Regular expenses" related to government operations receive a third-priority status under Section 4(c) of the OMB Act—which includes essential government services, such as expenses related to "[c]onservation of public health," "[p]rotection of persons and property," "[p]ublic education programs," and "[p]ublic welfare programs." 23 L.P.R.A. § 104(c)(3)(A)-(D).

-8-

Case:17-03283-LTS Doc#:10109-16 Filed:01/16/20 Entered:01/16/20 22:19:10 Desc:
Amended Motion Exhibit 14-Complaint in Ambac Assurance Corp. v. U.S. Dept of Tr Page 10 of 16
Case 1:17-cv-00809-RBW Document 1 Filed 05/02/17 Page 9 of 15

41. Following such regular expenses are pension obligations, and any "remaining public services." *Id.* § 104(c)(3)(E). The OMB Act assigns the lowest priorities to "construction of capital works or improvements" (fourth priority) (23 L.P.R.A. § 104(c)(4)) and "contracts and commitments contracted under special appropriations" (fifth priority) (23 L.P.R.A. § 104(c)(5)).

42. The OMB Act thus implements Article VI, Section 8 by giving debt such as the PRIFA Rum Bonds, and other obligations affecting the Commonwealth's "credit, reputation and good name," a priority senior to the payment of **any other expenses** in a fiscal year in which available resources are not sufficient to pay all appropriations. Thus, the Puerto Rico Constitution and OMB Act work together to require payments of available resources *first* to the holders of GO Debt, and *second* to the holders of revenue bonds such as the PRIFA Rum Bonds.

C. **Special Statutory Clawback Protections**

43. Independent of the OMB Act, the PRIFA Enabling Act places special statutory protections that separately guarantee the PRIFA Rum Bonds' second priority status.

44. First, as set forth (in italics) below, Pledged Rum Taxes cannot be clawed back from the PRIFA Rum Bonds ***unless they are being used exclusively to repay GO Debt***. Further, the statute makes clear (in bold below) that funds cannot be clawed back to repay GO Debt ***unless the Commonwealth has no other available resources with which to pay the GO Debt***:

> "[PRIFA] is hereby empowered to segregate a portion of said Funds into one (1) or more sub-accounts, subject to the provisions of Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico *for the payment of the principal and interest on bonds and other obligations of the Authority, or for the payment of bonds and other obligations issued by a benefited entity, or for any other legal purpose of the Authority.* **The moneys of the Special Fund may be used for the payment of interest and for the amortization of the public debt of the Commonwealth, as provided in said Section 8, only when the other resources available referred to in said Section are insufficient for such purposes.**"

3 L.P.R.A. § 1914 (emphasis added).

-9-

Case:17-03283-LTS Doc#:10109-16 Filed:01/16/20 Entered:01/16/20 22:19:10 Desc:
Amended Motion Exhibit 14-Complaint in Ambac Assurance Corp. v. U.S. Dept of Tr Page 11 of 16
Case 1:17-cv-00809-RBW Document 1 Filed 05/02/17 Page 10 of 15

45. Accordingly, the plain language of both Section 8 and the PRIFA Enabling Act demonstrate that the purpose of clawback is to provide an additional source of payment *solely* for GO Debt, and *only* when all other available resources for an entire fiscal year are insufficient to satisfy all public debts. Clawback was not intended to—and does *not* provide—a source of revenues from which the Commonwealth can fund government operations or any other expenditures.

## IV. THE COMMONWEALTH IS VIOLATING PRIFA'S CONSTITUTIONAL AND STATUORY PROTECTIONS

46. Rather than address the underlying causes of its fiscal problems, the Commonwealth has engaged, under cover of a state of emergency, in a systematic pattern of obstructive and destructive behavior: obfuscating the Commonwealth's true financial condition; attempting to unconstitutionally restructure its debts; and preferentially and illegally transferring funds in violation of various federal laws and the U.S. Constitution.

47. These actions are the subject of multiple ongoing lawsuits in federal court, which allege that the Commonwealth and its instrumentalities have:

- substantially impaired Ambac's contract rights in violation of Article I, Section 10, Clause 1 (the "Contracts Clause") of the U.S. Constitution;

- taken Ambac's property without just compensation or due process of law in violation of the Takings Clause (the "Takings Clause") of the Fifth Amendment to the U.S. Constitution and Due Process Clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution (the "Due Process Clauses");

- enacted and issued laws and executive orders preempted by certain sections of the Puerto Rico Oversight, Management, and Stability Act ("PROMESA");

- transferred PRIFA's property to the Commonwealth in violation of PROMESA; and

-10-

Case:17-03283-LTS Doc#:10109-16 Filed:01/16/20 Entered:01/16/20 22:19:10 Desc:
Amended Motion Exhibit 14-Complaint in Ambac Assurance Corp. v. U.S. Dept of Tr Page 12 of 16
Case 1:17-cv-00809-RBW Document 1 Filed 05/02/17 Page 11 of 15

- unconstitutionally limited Ambac's and others' access to Article III courts.

*See* Ex. A.

48. For example, on June 30, 2016—the last day of fiscal year 2016—the Commonwealth was required to return hundreds of millions of dollars of funds that were clawed back from PRIFA and other instrumentalities under the guise of being earmarked for GO Debt. The Commonwealth failed to use the clawed back funds to pay GO Debt, in violation PRIFA's statutory clawback protections. It also failed to return those funds to PRIFA for repayment of the PRIFA Rum Bonds, in violation of the Fiscal Year Cutoff.

49. The next day, on July 1, 2016—the first day of fiscal year 2017—large principal and interest payments came due on GO Debt and the PRIFA Rum Bonds, among others. Despite retaining hundreds of millions of dollars in funds clawed back from PRIFA and other instrumentalities in the prior fiscal year, the Commonwealth did not apply those funds to the GO Debt, allowing them to default. The Commonwealth also did not return them to PRIFA, which forced the PRIFA Rum Bonds into a default, and caused Ambac to pay claims on its financial guaranty insurance policy.

50. To date, the Commonwealth continues to retain all clawed-back Rum Taxes—not applying them to GO Debt when due, and not returning them to PRIFA so PRIFA can makes its payments. This has forced Ambac to pay over $62 million in insurance claims as a result.

51. The Commonwealth recently enacted House Bill 938 (a/k/a the "<u>Fiscal Plan Compliance Law</u>"), which codifies and operationalizes a ten-year fiscal plan that is based on the continuous and complete clawback of Rum Taxes from PRIFA. *See* Ex. A.

52. If this unconstitutional and unlawful diversion and retention of Rum Taxes is permitted to continue, the inevitable result will be further defaults on the PRIFA Rum Bonds, and further insurance claims being paid by Ambac.

-11-

Case:17-03283-LTS Doc#:10109-16 Filed:01/16/20 Entered:01/16/20 22:19:10 Desc:
Amended Motion Exhibit 14-Complaint in Ambac Assurance Corp. v. U.S. Dept of Tr Page 13 of 16
Case 1:17-cv-00809-RBW Document 16 Filed 05/02/17 Page 12 of 15

53. Accordingly, the only recourse available to Ambac and PRIFA's bondholders to prevent further irreparable injury is to obtain an equitable lien on the Rum Taxes and enjoin Defendants from remitting the Rum Taxes to the Commonwealth, where they will inevitably be subject to the same improper clawback.

### FIRST CLAIM FOR RELIEF

**Equitable Lien**
**(Against All Defendants)**

54. Ambac repeats and realleges the allegations contained in paragraphs 1 through 53 hereof, as if fully set forth herein.

55. The ongoing clawback of PRIFA's Pledged Rum Taxes is currently the subject of pending lawsuits filed by Ambac.

56. These lawsuits make clear that the Commonwealth's ongoing clawback of Pledged Rum Taxes from the PRIFA Rum Bonds is unlawful and unconstitutional.

57. This clawback has caused, and will continue to cause, Ambac irreparable harm.

58. Ambac has equitable rights in the Pledged Rum Taxes.

59. If the Rum Taxes continue to be remitted by Defendants to the Commonwealth Treasury, the Pledged Rum Taxes will continue to be unlawfully and unconstitutionally diverted from payment of the PRIFA Rum Bonds to indisputably subordinate expenses, and will cause further payment defaults on PRIFA Rum Bonds.

60. Ambac has already paid more than $62 million dollars (net of reinsurance) to holders of PRIFA Rum Bonds as a direct result of the Commonwealth's diversion of the Pledged Rum Taxes from PRIFA.

-12-

Case:17-03283-LTS Doc#:10109-16 Filed:01/16/20 Entered:01/16/20 22:19:10 Desc:
Amended Motion Exhibit 14-Complaint in Ambac Assurance Corp. v. U.S. Dept of Tr Page 14 of 16
Case 1:17-cv-00809-RBW Document 1 Filed 05/02/17 Page 13 of 15

61. The Commonwealth has shown no intention of complying with its legal and constitutional requirements, and has recently passed legislation increasing and expanding its improper clawback.

62. Defendants are charged only with the ministerial duty of remitting the Rum Tax to the Commonwealth after segregating them into a specially earmarked account.

63. Defendants are not in the position of a debtor or creditor, and neither Defendants, nor the United States, has a claim or interest in the funds.

64. Accordingly, Ambac is entitled to an equitable lien on the imposed on rum currently in the possession of the U.S. Treasury in order to protect its equitable interest in the funds pending resolution on the merits of the issues described herein.

## SECOND CLAIM FOR RELIEF

### Injunctive Relief
### (Against All Defendants)

65. Ambac repeats and realleges the allegations contained in paragraphs 1 through 64 hereof, as if fully set forth herein.

66. As described above, the Commonwealth's ongoing—and escalating—clawback scheme has caused, and will continue to cause, Ambac irreparable harm.

67. An injunction against the Commonwealth's wholesale violation of its own constitutional and statutory protections is in the public interest. There is no public interest in allowing the Commonwealth to ignore its own constitution and laws, while concurrently violating the U.S. Construction and federal law (PROMESA). This is especially true when those constitutional provisions and laws were specifically ratified and enacted to prevent the Commonwealth from engaging in the exact conduct in which it is currently engaged.

-13-

Case:17-03283-LTS Doc#:10109-16 Filed:01/16/20 Entered:01/16/20 22:19:10 Desc:
Amended Motion Exhibit 14-Complaint in Ambac Assurance Corp. v. U.S. Dept of Tr Page 15 of 16

Case 1:17-cv-00809-RBW Document 1 Filed 05/02/17 Page 14 of 15

68. The balance of hardships falls inequitably on Ambac and holders of the PRIFA Rum Bonds, who relied on the Commonwealth's constitutional and statutory protection of the PRIFA Rum Bonds to insure and purchase, respectively, such bonds. Moreover, Ambac will suffer the greatest inequity and hardship because it will be directly financially liable for all impending payment defaults.

69. Ambac is therefore entitled to an injunction prohibiting Defendants from taking, or causing to be taken, any action to transfer the Rum Taxes to the Commonwealth pending resolution of the Clawback Lawsuits.

## **RELIEF DEMANDED**

WHEREFORE Ambac respectfully requests that the Court enter judgment against Defendants as follows:

    i. Impressing an equitable lien on all Rum Taxes that are, or will be, covered into the U.S. Treasury until the Clawback Lawsuits are resolved;

    ii. Enjoining Defendant from taking, or causing to be taken, any action to remit the Rum Taxes to the Commonwealth;

    iii. In the alternative, appointing a receiver to hold all Rum Taxes in escrow until the Clawback Lawsuits are resolved;

    iv. Granting any further relief as the Court deems just and proper.

Case:17-03283-LTS Doc#:10109-16 Filed:01/16/20 Entered:01/16/20 22:19:10 Desc:
Amended Motion Exhibit 14-Complaint in Ambac Assurance Corp. v. U.S. Dept of Tr Page 16 of 16
Case 1:17-cv-00809-RBW Document 1 Filed 05/02/17 Page 15 of 15

| | |
|---|---|
| Dated: Washington, D.C.<br>May 2, 2017 | MILBANK, TWEED, HADLEY & McCLOY LLP<br><br>By: /s/ *Erin M. Culbertson*<br>    Dennis F. Dunne (*pro hac vice forthcoming*)<br>    Atara Miller (*pro hac vice forthcoming*)<br>    Grant R. Mainland (*pro hac vice forthcoming*)<br>    Erin M. Culbertson (D.C. Bar No. 984061)<br>    28 Liberty Street<br>    New York, NY 10005<br>    Telephone: (212) 530-5770<br>    Facsimile: (212) 822-5770<br>    Email: ddunne@milbank.com<br>           amiller@milbank.com<br>           gmainland@milbank.com<br>           eculbertson@milbank.com<br><br>*Attorneys for Ambac Assurance Corporation* |

-15-