**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM BECAUSE THEIR RECORDS SHOW THAT YOUR CLAIM IS DEFICIENT.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|
| Contreras Lopez, Justina | 17259 | 5/18/2018 | Commonwealth of Puerto Rico | $0.00 |
| Reason: | | Proof of claim purports to assert liabilities associated with the Commonwealth of Puerto Rico, but fails to provide any basis or supporting documentation for asserting a claim against the Commonwealth of Puerto Rico, such that the Debtors are unable to determine whether claimant has a valid claim against the Commonwealth of Puerto Rico or any of the other Title III debtors | | |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO, PUESTO QUE LOS DATOS INDICAN QUE SU RECLAMO ES DEFICIENTE.**

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|---|---|---|---|---|
| Contreras Lopez, Justina | 17259 | 5/18/2018 | Commonwealth of Puerto Rico | $0.00 |
| Base para: | | La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra el Estado Libre Asociado de Puerto Rico, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III. | | |

Copies of the Omnibus Objection and all other filings in the Title III Cases are available free online at https://cases.primeclerk.com/puertorico.  If you have questions, please contact Prime Clerk LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m.  (Atlantic Standard Time) (Spanish available).

Copias de la Objeción global, y todos los escritos radicados en el marco de las causas conforme al Título III, están disponibles, de manera gratuita, en https://cases.primeclerk.com/puertorico.  Si tiene alguna pregunta, comuníquese con Prime Clerk LLC llamando al (844) 822-9231 (número gratuito para Estados Unidos y Puerto Rico) o (646) 486-7944 (para llamadas desde el extranjero), disponible entre las 10:00 a.m. y las 07:00 p.m. (AST) (hablamos español).

000992

**OFICINA DEL GOBERNADOR**

LA FORTALEZA

SAN JUAN, PUERTO RICO 00901



12 de abril de 1983

El 1ro de junio de 1983, comenzarás a recibir una bonificación especial que se te pagará de la siguiente forma:

$50 el 1ro de junio de 1983
$30 el 1ro de julio de 1983
$50 el 31 de julio de 1983
$30 el 31 de agosto de 1983
$30 el 30 de septiembre de 1983

La bonificación que habrás de recibir además de tu sueldo, se logró con la aprobación de la Ley Núm. 12 de 27 de agosto de 1982.  En tu caso particular representa una cantidad total de $190 en un período de 4 meses.

Debido a que la situación económica de nuestro país continúa difícil y que tenemos compromisos y prioridades ineludibles, sometí legislación ante las Cámaras Legislativas con el propósito de implantar un plan por etapas encaminado a mejorar la condición retributiva de los empleados públicos.

Dicho plan entrará en vigor el 1ro de octubre de 1983, conforme a la Ley Núm. 12 de 27 de agosto de 1982, y a legislación sometida.  En esta ocasión, el 1ro de octubre de 1983, recibirás un aumento de $30 mensuales en tu sueldo regular que como tal será permanente y se habrá de considerar para los fines del cómputo de pensiones, de tu margen prestatario y para otros beneficios marginales.

-02-

Posteriormente, el 1ro de abril de 1984, o sea 6 meses después de haber recibido tu primer aumento en sueldo, entrarán en vigor nuevas escalas salariales, las que forman parte de un plan integral de retribución desarrollado por una firma consultora bajo la coordinación de la Oficina Central de Administración de Personal.

Las nuevas escalas de retribución que entrarán en vigor en estas fechas están desarrolladas en una base porcentual y superan en todos los tipos retributivos a las vigentes. La adopción de estas nuevas escalas te traerá un segundo aumento de sueldo. Este aumento será variable y su cuantía dependerá de la clasificación de tu puesto y del paso a que corresponda tu sueldo al entrar en vigor las nuevas escalas. En el caso de los empleados de carrera, el tipo mínimo vigente se incrementará desde $57 hasta $125 mensuales y, como te dije anteriormente, el aumento individual a recibir en dicha cantidad dependerá de la clasificación de tu puesto y del paso a que corresponda tu sueldo.

Para determinar el aumento neto que recibirás en virtud de las nuevas escalas de sueldos, deberás restarle el adelanto que ya se te habrá otorgado de $30 mensuales a partir del 1ro de octubre de 1983, al efecto bruto que tendrán las nuevas escalas sobre tu sueldo individual.

En años fiscales futuros se implantarán las otras 2 etapas de la reestructuración salarial, de acuerdo a los recursos disponibles que conllevan revisiones de las estructuras salariales. Cuando se adopte la tercera etapa, los mínimos de las escalas vigentes para los empleados de carrera, se incrementarán desde $169 mensuales hasta $375 mensuales, dependiendo del nivel de clasificación.

Esta acción representa un esfuerzo adicional de nuestra Administración por hacer justicia a los trabajadores en el servicio público, cuyos salarios tradicionalmente se han mantenido por debajo de las tendencias retributivas que se registran en el sector privado. Además, constituye una forma de compensar irrevocablemente y en forma permanente a los empleados públicos, ya que los ajustes salariales se hacen de conformidad con la realidad presupuestaria de nuestro gobierno, así que puedes tener la seguridad de que los mismos se harán efectivos en las fechas en que se dispone y no serán cancelados ulteriormente.

Espero haber clarificado todo lo concerniente a la situación salarial de los empleados de carrera, según se proyectó por los aumentos propuestos a la Asamblea Legislativa y por la implantación de las nuevas escalas salariales al 1ro de abril de 1984.

Cordialmente,

*Carlos Romero Barceló*

Carlos Romero Barceló

You may also submit your claim electronically by visiting http://cases.primeclerk.com/puertorico/EPOC-Index

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL
DISTRITO DE PUERTO RICO

| Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación). | | | MMLID: 1245471<br>EPOC ID: 170356600294846 |
|---|---|---|---|
| ☒ | Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283<br>Petition Date: May 3, 2017 | |
| ☐ | Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284<br>Petition Date: May 5, 2017 | |
| ☐ | Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567<br>Petition Date: May 21, 2017 | |
| ☒ | Employees Retirement System of the Government of the Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566<br>Petition Date: May 21, 2017 | |
| ☐ | Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780<br>Petition Date: July 2, 2017 | |

Debtor Employees Retirement System of the Government of the Commonwealth of Puerto Rico has listed your claim in their Creditor List on Schedule F -- Participant Obligations as a Contingent, Unliquidated general unsecured claim in an Undetermined amount.  You must timely file a proof of claim or be forever barred from participating or sharing in any distribution or being treated as a claim for purposes of voting or distribution.

El deudor Employees Retirement System of the Government of the Commonwealth of Puerto Rico ha listado su reclamación en la lista de acreedores en el Schedule F -- Obligaciones de los participantes como un reclamo Contingente, Sin liquidez no asegurado por un monto indeterminado. Debe presentar una prueba de reclamación oportunamente o se le prohíba por siempre participar o compartir en cualquier distribución o ser tratado como un reclamo para fines de votación o distribución.

## Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

☐ Date Stamped Copy Returned
☐ No Self-Addressed Stamped Envelope
☒ No Copy Provided

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

**1. Who is the current creditor?**

¿Quién es el acreedor actual?

JUSTINA CONTRERAS LOPEZ

Name of the current creditor (the person or entity to be paid for this claim)
Nombre del acreedor actual (la persona o la entidad a la que se le pagará la reclamación)

Other names the creditor used with the debtor
Otros nombres que el acreedor usó con el deudor _____



Claim Number: 17259                    Proof of Claim                    page 1



| 2 | Has this claim been acquired from someone else?<br><br>¿Esta reclamación se ha adquirido de otra persona? | ☐ No / No<br>☐ Yes. From whom?<br>Sí. ¿De quién? _____ | | |

| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)<br><br>¿A dónde deberían enviarse las notificaciones al acreedor?<br><br>Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g | Where should notices to the creditor be sent?<br>¿A dónde deberían enviarse las notificaciones al acreedor?<br><br>JUSTINA CONTRERAS LOPEZ<br>PO BOX 215<br>SAN LORENZO PR 00754 | | Where should payments to the creditor be sent? (If different)<br>¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente)<br><br>Name / Nombre _____<br><br>Number / Número    Street / Calle _____<br><br>City / Ciudad    State / Estado    ZIP Code / Código postal _____<br><br>Contact phone / Teléfono de contacto _____<br><br>Contact email / Correo electrónico de contacto _____ |

Contact phone / Teléfono de contacto

Contact email / Correo electrónico de contacto

| 4. | Does this claim amend one already filed?<br><br>¿Esta reclamación es una enmienda de otra presentada anteriormente? | ☒ No / No<br>☐ Yes.  Claim number on court claims registry (if known)<br>Sí.  Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)____<br>Filed on / Presentada el _____ (MM/DD/YYYY) / (DD/MM/AAAA) |

| 5. | Do you know if anyone else has filed a proof of claim for this claim?<br><br>¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación? | ☒ No / No<br>☐ Yes. Who made the earlier filing?<br>Sí.  ¿Quién hizo la reclamación anterior? _____ |

**Part 2 / Parte 2:** Give Information About the Claim as of the Petition Date

Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.

| 6. | Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?<br><br>¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico? | ☐ No / No<br>☒ Yes. Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)<br>Sí. Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).<br><br>*Estado Libre Asociado de Puerto Rico Departamento de la Familia* |

| 7. | Do you supply goods and / or services to the government?<br><br>¿Proporciona bienes y / o servicios al gobierno? | ☐ No / No<br>☒ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:<br><br>Vendor / Contract Number ǀ Número de proveedor / contrato: *Soy Empleado*<br><br>List any amounts due after the Petition Date (listed above) but before June 30, 2017:<br>Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____ |

8. How much is the claim?  $ *Desconosco*  . Does this amount include interest or other charges?
¿Cuál es el importe de la *Desde el 1 Junio 1983* ¿Este importe incluye intereses u otros cargos?
reclamación?  □ No / No
*al presente adjunto carta*  ☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).
Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A).

9. What is the basis of the claim?

¿Cuál es el fundamento de la reclamación?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.

*Banks and financial Institution Obligations*

10. Is all or part of the claim secured?

¿La reclamación está garantizada de manera total o parcial?

☒ No / No
□ Yes. The claim is secured by a lien on property.
Sí. La reclamación está garantizada por un derecho de retención sobre un bien.

Nature of property / Naturaleza del bien:
□ Motor vehicle / Vehículos

□ Other. Describe:
Otro. Describir: _____

Basis for perfection / Fundamento de la realización de pasos adicionales: _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)
Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.

Value of property / Valor del bien:  $_____

Amount of the claim that is secured /
Importe de la reclamación que está garantizado: $_____

Amount of the claim that is unsecured /
Importe de la reclamación que no está garantizado:  $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)
(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)

Amount necessary to cure any default as of the Petition Date /
Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso : $_____

Annual Interest Rate (on the Petition Date)
Tasa de interés anual (cuando se presentó el caso)_____%
□ Fixed / Fija
□ Variable / Variable

11. Is this claim based on a lease?

¿Esta reclamación está basada en un arrendamiento?

☒ No / No
□ Yes. Amount necessary to cure any default as of the Petition Date.
Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso$_____

| | |
|---|---|
| 12. Is this claim subject to a right of setoff?<br><br>¿La reclamación está sujeta a un derecho de compensación? | ☒ No / No<br><br>☐ Yes. Identify the property /<br>Sí. Identifique el bien: _____ |
| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | ☒ No / No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received   $_____ by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.<br><br>Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. |

## Part 3 / Parte 3:

### Sign Below / Firmar a continuación

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

*Check the appropriate box / Marque la casilla correspondiente:*

☒ I am the creditor. / Soy el acreedor.

☐ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el _27  Nov  2018_ (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma _Justina Contreras Lopz_

Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:

Name _Justina_      _Contreras Lopez_
First name / Primer nombre    Middle name / Segundo nombre    Last name / Apellido

Title / Cargo _____

Company / Compañía _____
Identify the corporate servicer as the company if the authorized agent is a servicer.
Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

Address / Dirección _____
Number / Número    Street / Calle

_____
City / Ciudad      State / Estado    ZIP Code / Código postal

Contact phone / Teléfono de contacto_____ Email / Correo electrónico_____

**Prime Clerk**
830 3RD AVE FL 9
NEW YORK NY 10022-6561

RECEIVED

MAY 18 2018

PRIME CLERK LLC

LEGAL NOTICE ENCLOSED. DIRECT TO ATTENTION OF ADDRESSEE OR PRESIDENT / GENERAL COUNSEL.

**FedEx Express** · *International Air Waybill*

Origin Copy

**1 From**

Date 05/71/18.

Sender's FedEx Account Number

Sender's Name TAWA M. Posada   Phone

Company Prime Clerk - Invoices

Address Ocana Hub Center Calle 2 Acceina

Address Villa Blanca

City Caguas   State/Province P.R.

ZIP/Postal Code 00725

Country

Email Address

Internal Billing Reference 1:4)-07   (43)

**2 To**   28 ☐ Residential Delivery   1/13

Recipient's Name   Floor 472924386

Company PRIME CLERK

RECEIVED

MAY 21 2018

Address

Dept/Floor PRIME CLERK LLC

Address 850 3RD AVE STE 412

City BROOKLYN   State/Province

ZIP/Postal Code 11232

Country US

Email Address

Recipient's Tax ID Number for Customs Purposes

**3 Shipment Information**

Total Packages   Total Weight ☐ lb ☐ kg   DIM ☐ in ☐ cm

| Commodity Description | Harmonized Code | Country of Manufacture | Value for Customs |
|---|---|---|---|
| Legal Documents | | | |

FedEx Tracking Number 8120 6424 5876   0402   Form ID No.

**4 Express Package Service**
NOTE: Service order has changed. Please select carefully.

06 ☐ FedEx Intl. First   01 ☐ FedEx Intl. Priority   03 ☒ FedEx Intl. Economy

**5 Packaging**

06 ☐ FedEx Envelope   02 ☒ FedEx Pak   03 ☐ FedEx Box   04 ☐ FedEx Tube
15 ☐ FedEx 10kg Box   25 ☐ FedEx 25kg Box   01 ☐ Other

**6 Special Handling and Delivery Signature Options**   Fees may apply. See the FedEx Service Guide.

01 ☐ HOLD at FedEx Location   03 ☐ SATURDAY Delivery

10 ☐ Direct Signature   34 ☐ Indirect Signature

**7 Payment**   Complete payment options for both transportation charges and duties and taxes.

Bill transportation charges to:
1 ☐ Sender   2 ☒ Recipient   3 ☐ Third Party   4 ☐ Credit Card   5 ☐ Cash/Cheque

FedEx Acct. No. 5095-8946-7

Bill duties and taxes to:
1 ☐ Sender   2 ☐ Recipient   3 ☐ Third Party   5 ☐ Cash/Cheque

**8 Required Signature**

662





U.S. POSTAGE PAID
FCMLG ENV
CAGUAS PR
00725
JAN 14, 20
AMOUNT
$7.60
R2304N118189-10

Sra. Justicia Ortiz...
P.O. Box 215
Sbo. Arruzo, Puerto Rico
00714

Secretaria Clerk's Office
Tribunal de Distrito de los Estados Unidos
Room 150 Federal Building
San Juan, Puerto Rico
00918-1767

**Nombre**
**Dirección**
**Tel.**
**Email**
**Claim#**

RECEIVED & FILED
2020 JAN 15  PM 4: 35

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

IN RE:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

PROMESA
Title III

as representative of
THE COMMONWEALTH OF PUERTO RICO, et
al.,

No. 17 BK 3283-LTS
Jointly Administered)

**This filling relates to the
Commonwealth and ERS.**

Debtors. 1

## OBJECCION

Yo Ivette Meléndez Rivera residente en Calle Neisy E-27 Caguas, Puerto Rico  00725
que he trabajado en el gobierno de Puerto Rico en las siguientes agencias:

Departamento de la Familia 1988 hasta el presente

El Estado Libre Asociado de Puerto Rico me adeuda un ajuste de salario mínimo
federal y el patrono debe determinar cuánto es la cantidad. Adjunto documentación
solicitada.

**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM BECAUSE THEIR RECORDS SHOW THAT YOUR CLAIM IS DEFICIENT.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|------|---------|-----------|--------|----------------------|
| MELENDEZ RIVERA, IVETTE | 32686 | 5/21/2018 | Commonwealth of Puerto Rico | $0.00  $60,000.00 |
| Reason: | | Proof of claim purports to assert liabilities associated with the Commonwealth of Puerto Rico, but fails to provide any basis or supporting documentation for asserting a claim against the Commonwealth of Puerto Rico, such that the Debtors are unable to determine whether claimant has a valid claim against the Commonwealth of Puerto Rico or any of the other Title III debtors | | |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO, PUESTO QUE LOS DATOS INDICAN QUE SU RECLAMO ES DEFICIENTE.**

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|--------|-------------------|----------------------|--------|-------------------------------|
| MELENDEZ RIVERA, IVETTE | 32686 | 5/21/2018 | Commonwealth of Puerto Rico | $0.00  $60,000.00 |
| Base para: | | La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra el Estado Libre Asociado de Puerto Rico, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III. | | |

Copies of the Omnibus Objection and all other filings in the Title III Cases are available free online at https://cases.primeclerk.com/puertorico.  **If you have questions, please contact Prime Clerk LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m.  (Atlantic Standard Time) (Spanish available).**

Copias de la Objeción global, y todos los escritos radicados en el marco de las causas conforme al Título III, están disponibles, de manera gratuita, en https://cases.primeclerk.com/puertorico.  **Si tiene alguna pregunta, comuníquese con Prime Clerk LLC llamando al (844) 822-9231 (número gratuito para Estados Unidos y Puerto Rico) o (646) 486-7944 (para llamadas desde el extranjero), disponible entre las 10:00 a.m. y las 07:00 p.m. (AST) (hablamos español).**

You may also submit your claim electronically by visiting http://cases.primeclerk.com/puertorico/EPOC-Index

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

RECEIVED & FILED

**Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación).**

MMLID: 908334 5
EPOC ID: 170356600394325

| | | |
|---|---|---|
| ☒ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the<br>Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado<br>Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

RECEIVED
PRIME CLERK LLC
2018 MAY 21 A 9 42

Debtor Employees Retirement System of the Government of the Commonwealth of Puerto Rico has listed your claim in their Creditor List on Schedule G -- Other Participant and Pension Liabilities as a Contingent, Unliquidated general unsecured claim in the amount of $0.04. You must timely file a proof of claim or be forever barred from participating or sharing in any distribution or being treated as a claim for purposes of voting or distribution.

El deudor Employees Retirement System of the Government of the Commonwealth of Puerto Rico ha listado su reclamación en la lista de acreedores en el Schedule G – Otros pasivos de participantes y pensiones como un reclamo Contingente, Sin liquidez no asegurado por un monto de $0.04. Debe presentar una prueba de reclamación oportunamente o se le prohíbra por siempre participar o compartir en cualquier distribución o ser tratado como un reclamo para fines de votación o distribución.

Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantía. No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

☐ Date Stamped Copy Returned
☐ No Self-Addressed Stamped Envelope
☐ No Copy Provided

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

**1. Who is the current creditor?**

**¿Quién es el acreedor actual?**

IVETTE MELENDEZ RIVERA

Name of the current creditor (the person or entity to be paid for this claim)
Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)

Other names the creditor used with the debtor
Otros nombres que el acreedor usó con el deudor

## Claim Number: 32686



2. Has this claim been acquired from someone else?

¿Esta reclamación se ha adquirido de otra persona?

☒ No / No
☐ Yes. From whom?
Sí. ¿De quién? _____

3. Where should notices and payments to the creditor be sent?

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

¿A dónde deberían enviarse las notificaciones al acreedor?

Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g

Where should notices to the creditor be sent?
¿A dónde deberían enviarse las notificaciones al acreedor?

IVETTE MELENDEZ RIVERA
E-27 CALLE NEISY
CAGUAS PR 00725

(-187) 548-5924
Contact phone / Teléfono de contacto

ivimelende@gmail.com
Contact email / Correo electrónico de contacto

Where should payments to the creditor be sent? (If different)
¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente)

_Ivette Melendez Rivera_
Name / Nombre

_E-27 Calle Neisy_
Number / Número    Street / Calle

_Caguas, Puerto Rico   00725_
City / Ciudad    State / Estado    ZIP Code / Código postal

(787) 548-5924
Contact phone / Teléfono de contacto

ivimelende@gmail.com
Contact email / Correo electrónico de contacto

4. Does this claim amend one already filed?

¿Esta reclamación es una enmienda de otra presentada anteriormente?

☒ No / No
☐ Yes. Claim number on court claims registry (if known)
Sí. Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo) _____
Filed on / Presentada el _____ (MM /DD/YYYY) / (DD/MM/AAAA)

5. Do you know if anyone else has filed a proof of claim for this claim?

¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación?

☒ No / No
☐ Yes. Who made the earlier filing?
Sí. ¿Quién hizo la reclamación anterior? _____

---

**Part 2 / Parte 2:**   Give Information About the Claim as of the Petition Date

Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.

6. Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?

¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico?

☐ No / No
☒ Yes. Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)
Sí. Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).

_Estado Libre Asociado de Puerto Rico: Departamento de la Familia_

7. Do you supply goods and / or services to the government?

¿Proporciona bienes y / o servicios al gobierno?

☐ No / No
☒ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:

Vendor / Contract Number | Número de proveedor / contrato: _Soy empleado_

List any amounts due after the Petition Date (listed above) but before June 30, 2017:
Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____

8. How much is the claim? **$60,000.00** ........ Does this amount include interest or other charges?
¿Este importe incluye intereses u otros cargos?

¿Cuál es el importe de la reclamación?

☑ No / No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).
Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A).

9. What is the basis of the claim?

¿Cuál es el fundamento de la reclamación?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.

*Reclamación Laboral: Ajuste salarial*

10. Is all or part of the claim secured?

¿La reclamación está garantizada de manera total o parcial?

☑ No / No

☐ Yes. The claim is secured by a lien on property.
Sí. La reclamación está garantizada por un derecho de retención sobre un bien.

Nature of property / Naturaleza del bien:
☐ Motor vehicle / Vehículos

☐ Other. Describe:
Otro. Describir: _____

Basis for perfection / Fundamento de la realización de pasos adicionales: _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.)

Value of property / Valor del bien:                    $_____

Amount of the claim that is secured /
Importe de la reclamación que está garantizado: $_____

Amount of the claim that is unsecured /
Importe de la reclamación que no está garantizado: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)
(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)

Amount necessary to cure any default as of the Petition Date /
Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso : $_____

Annual Interest Rate (on the Petition Date)
Tasa de interés anual (cuando se presentó el caso)_____%
☐ Fixed / Fija
☐ Variable / Variable

11. Is this claim based on a lease?

¿Esta reclamación está basada en un arrendamiento?

☑ No / No

☐ Yes. Amount necessary to cure any default as of the Petition Date.
Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso$ _____

Modified Official Form 410

Proof of Claim

page 3

U0505 v.01 02.15.2018



| | |
|---|---|
| 12. Is this claim subject to a right of setoff?<br><br>¿La reclamación está sujeta a un derecho de compensación? | ☒ No / No<br><br>☐ Yes. Identify the property /<br>Sí. Identifique el bien: _____ |
| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al título 11 § 503(b)(9) del U.S.C.? | ☒ No / No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received   $_____<br>by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.<br><br>Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. |

## Part 3 / Parte 3:   Sign Below / Firmar a continuación

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha, FRBP 9011(b).

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

Check the appropriate box / Marque la casilla correspondiente:

☒ I am the creditor. / Soy el acreedor.

☐ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el  10-mayo-2018  (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma _____

Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:

Name  Ivette   Meléndez   Rivera
First name / Primer nombre   Middle name / Segundo nombre   Last name / Apellido

Title / Cargo _____

Company / Compañía _____
Identify the corporate servicer as the company if the authorized agent is a servicer.
Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

Address / Dirección _____
Number / Número   Street / Calle

_____
City / Ciudad          State / Estado   ZIP Code / Código postal

Contact phone / Teléfono de contacto _____   Email / Correo electrónico _____

'rime Clerk

30 3RD AVE FL 9
EW YORK NY 10022-6561

ICE ENCLOSED, DIRECT TO ATTENTION OF ADDRESSEE OR PRESIDENT / GENERAL COUNSEL.

RECEIVED

MAY 21 2018

PRIME CLERK LLC

**FedEx** International Air Waybill
Express

Origin Copy

**1 From**

Date 05/23/18.

Sender's FedEx
Account Number

Sender's
Name Tania M. Rosado   Phone

Company Prime Clerk - Caguas

Address Ocean Hub Center Calle 2 Acanina

Address Villa Blanca

City Caguas   State/Province P.R

Country   ZIP/Postal Code 00725

Email Address

Internal
Billing Reference 1245-02   (23)

FedEx Tracking Number 8120 6424 6037   0402   Form ID No.

**4 Express Package Service**
NOTE: Service order has changed. Please select carefully.
- 06 ☐ FedEx Intl. First   01 ☐ FedEx Intl. Priority   03 ☒ FedEx Intl. Economy

**5 Packaging**
- 06 ☐ FedEx Envelope   02 ☒ FedEx Pak   03 ☐ FedEx Box   04 ☐ FedEx Tube
- 15 ☐ FedEx 10kg Box   25 ☐ FedEx 25kg Box   01 ☐ Other

**6 Special Handling and Delivery Signature Options** Fees may apply. See the FedEx Service Guide.
- 01 ☐ HOLD at FedEx Location   08 ☐ SATURDAY Delivery
- 10 ☐ Direct Signature   34 ☐ Indirect Signature
        Someone at recipient's address        If no one is available at recipient's address, someone
        may sign for delivery                 at a neighboring address may sign for delivery. For
                                              residential deliveries only.

**2 To**   28 ☐ Residential Delivery   475

Recipient's
Name   Phone 4729242306

Company PRIME CLERK

**RECEIVED**
MAY 28 2018
PRIME CLERK LL

**7 Payment** Complete payment options for both non-payment charges and duties and taxes.
Bill transportation charges to:

Enter FedEx Acct. No. or Credit Card No. below.
1 ☐ Sender   2 ☒ Recipient   3 ☐ Third Party   4 ☐ Credit Card   5 ☐ Cash/Check/Cheque

Address 850 3RD AVE STE 412

City BROOKLYN   State/Province NY

Country US   ZIP/Postal Code 11232

Email Address

Recipient's Tax ID Number
for Customs Purposes

8095-8896-7

Credit Card Exp. Date

Bill duties and taxes to:

Enter FedEx Acct. No. below.
1 ☐ Sender   2 ☐ Recipient   3 ☐ Third Party   4 ☐ Cash/Check/Cheque

Enter FedEx Acct. No.

**3 Shipment Information**

Total Packages   Total Weight ___ lbs ___ kg   DIM ___/___/___ in ___ cm
Shipper's Load and Count/SLAC

| Commodity Description | Harmonized Code | Country of Manufacture | Value for Customs |
|---|---|---|---|
| Legal Documents | | | |

**8 Required Signature**

Sender's Signature:

Recipient's Signature:

| Origin Station ID | Country Code/Dest Custom Station ID | URSA Routing | Handling Units |
|---|---|---|---|
| NROA | NY FBTP SA FBSA | | |

662

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## VERIFIED STATEMENT PURSUANT TO FRBP 2019
## OF THE BELTRÁN-CINTRÓN PLAINTIFF GROUP

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 2019") and Section V.B. of the *Fourth Amended Notice, Case Management and Administrative Procedures* Order entered in Docket Entry 2839 on April 4, 2018 (the "Case Management and Administrative Procedures Order"), the present verified statement (the "Statement") is submitted by the Group of those certain 4,953 Plaintiffs in the case of Francisco Beltrán-Cintrón *et al* v. Family Department of Puerto Rico *et seq.*, Civil Case Num. K AC2009-0809 in the Court of First Instance of San Juan ("CFI"), all creditors of the estate (collectively the "Beltrán-Cintrón Plaintiff Group")[2].

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The present Statement is filed in accordance to the Case Management and Administrative Procedures Order in connection with the cases ("Title III Cases") commenced by the above-captioned debtors under title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").

In support of the Statement, the Beltrán-Cintrón Plaintiff Group hereby respectfully state as follows:

## BACKGROUND

1.     As of May 3, 2017 (the "Petition Date") and up to and including the date of this Statement, in these Title III Cases, the undersigned counsel represented [and continues to represent] the Beltrán-Cintrón Plaintiff Group (each Plaintiff in the Group constitutes a "Member" thereof).

2.     On November 2, 2009, the Beltrán-Cintrón Plaintiff Group filed a complaint against the Commonwealth, Civil Case Num. K AC2009-0805, seeking declaratory judgment for the nullity of General Memorandum 5-86 of the Central Office for the Administration of Personnel ("OCAP" for its initials in Spanish), and the consequent correction of the regular rate of pay due to the illegal implementation of such regulation, which resulted in inoperative pay scales (the "Cause of Action"). Therefore, for purposes of Bankruptcy Rule 2019(c), the Beltrán-Cintrón Plaintiff Group was formed on November 2, 2009.

3.     As of the Petition Date, the Beltrán-Cintrón Plaintiff Group had been litigating the Cause of Action against the Commonwealth for seven (7) years, and a Motion for Summary Judgment with a Stipulation of Uncontested Facts with the Commonwealth had been filed and was under advisement of the CFI. As of the Petition Date, a determination by the Supreme Court of Puerto Rico, in Case Num. AC-2016-0110, as to whether the case should be entertained in the CFI or in the Administrative Forum (Appellate Comission of Public Service "CASP"), was pending[3].

---

[3] On January 27, 2017, the request for such determination in this case was consolidated by the Supreme Court of Puerto Rico with an identical request in the Case of Jorge Abraham-Giménez, Case Num. AC-2016-0120.

4.      Upon the filing of the Title III Cases, the Debtors did not notify the Beltrán-Cintrón Plaintiff Group, nor any of its Members, of the Order for Relief, nor did they include the Cause of Action in its *Schedule H for Litigation Related Obligations*.

5.      As of the Petition Date, the collective liability of the Commonwealth owed to the Beltrán-Cintrón Plaintiff Group is approximately $85,000,000.00.

6.      In accordance with Bankruptcy Rule 2019, the address for each Member is set forth in the Complaint against the Commonwealth, attached herein as Exhibit A. The individual amount of disclosable interest for each Member of the Beltrán-Cintrón Plaintiff Group is yet to be determined by the CFI. However, the nature of the disclosable economic interests for each Member is the same: the correction of the regular rate of pay due to the illegal implementation of the Memorandum 5-86 regulation, which resulted in inoperative pay scales[4].

7.      As of the date of this Statement, the undersigned represent the Beltrán-Cintrón Group[5].

8.      In addition, no individual Member of the Beltrán-Cintrón Group (a) assumes any fiduciary or other duties to any other creditor or person and (b) purports to act, represent or speak on behalf of any other entities in connection with the Title III Cases.

9.      For the avoidance of doubt, nothing contained in this Statement (or Exhibit A hereto) is intended to or should be construed to constitute (a) a waiver or release of any claim(s) filed or to be filed against or interests in the Debtors in any title III case held by any Member, its affiliates or any other entity, or (b) an admission with respect to any fact or legal theory. Nothing

---

[4] In the abundance of caution, the Beltrán Cintrón Group informs that each Member's disclosable economic interest was acquired more than one (1) year prior to the Petition Date. As such, the Group contends that they are waived from the disclosure requirements of FRBP 2019(c)(2)(C).

[5] Counsel González-Morales also represents other Groups of creditors (which are unrelated to the Beltrán Cintrón Group) against certain other instrumentalities of the Commonwealth, each of which will be filing their respective separate Verified Statements in compliance with FRBP 2019.

herein should be construed as a limitation upon, or waiver of, any rights of any Member to assert,

file and/or amend any proof of claim in accordance with applicable law and any orders entered in

these cases.

10.     The undersigned verify that the foregoing is true and correct to the best of their

knowledge. Further, all rights to amend or supplement this Statement are fully reserved.

**I HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with
the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all
CM/ECF participants in this case. We further certify that, on this same date, we served the
foregoing upon all the Standard Parties as identified, defined and in the manner established in ¶ II
of the Case Management and Administrative Procedures Order, as amended on April 4, 2018
(Dockets No. 2839 of Case No. 17-03283 (LTS), as well as upon all of the parties identified in the
Master Service List maintained at https://cases.primeclerk.com/puertorico/.

**RESPECTFULLY SUBMITTED,**

San Juan, Puerto Rico, on this 29th day June 2018.

*/s/ Ivonne González-Morales*
IVONNE GONZÁLEZ-MORALES
USDC NUM. 202701
E-mail: ivonnegm@prw.net

**IVONNE GONZÁLEZ-MORALES**
PO BOX 9021828
San Juan, PR 00902-1828
Tel. (787) 410-0119

and

*/s/ Milagros Acevedo-Colón*
MILAGROS ACEVEDO-COLÓN
USDC NUM. 208213
E-mail: maclegaljc@gmail.com

**MILAGROS ACEVEDO-COLÓN**
Condominio Colina Real
Ave. Felisa Rincón 2000
Box 1405
San Juan, PR 00926
Tel. (787) 422-7622

*Counsel for the Beltrán-Cintrón Group*

ANEJO B

## A. DISPOSICIONES LEGALES VIOLENTADAS:

Artículo II, secciones 7 y 16 de la Constitución del Estado Libre Asociado de Puerto Rico; Sección 1983 de la Constitución de Estados Unidos; "Equal Pay Act" y Ley de Salario Mínimo Federal (FLSA) y su Reglamento; Ley 4 del 14 de octubre de 1975, según enmendada y su Reglamento; Ley 89 de 12 de julio de 1979 y su Reglamento; Ley 5 de 22 de noviembre de 1975 y su Reglamento; Ley 3 de 30 de junio de 1977; Ley 12 del 27 de agosto de 1982, Ley 83 de 4 de junio de 1983; Ley No. 84 de 4 de junio de 1983; Ley 90 de 9 julio de 1986; Ley 1 de 9 de enero de 1988; Ley 7 del 7 de mayo de 1989; Orden Ejecutiva 1994-32; Ley 159 de 29 de junio de 1999; Ley 410de 8 de octubre de 2000; Ley 413 de 21 de diciembre de 2000; Ley para la administración de los Recursos Humanos en el Servicio Público, Ley Núm. 132 de septiembre de 2000; Ley Núm. 184 del 3 de agosto de 2004 y cualquier otro estatuto o reglamento que disponga para aumentos por servicios prestados aplicables a los Querellantes y no se haya pagado a estos dicho beneficios y los Artículos 1803 y 1867 del Código Civil, 31 L.P.R.A.

## B. DESCRIPCIÓN DE HECHOS:

### a. INTRODUCCIÓN

La controversia de la presente queja versa sobre una cuestión estrictamente de derecho y es esencialmente igual a la resuelta mediante Sentencia Declaratoria por el Tribunal de Primera Instancia, Sala de San Juan, en el caso de *Juan Pérez Colón y otros vs Departamento de Transportación y Obras Públicas*, caso número KAC 1990-0487, donde se declaró la nulidad del método de ajuste salarial establecido en el memorando general de OCAP 5-86, de 23 de abril de 1986, por violar las disposiciones de la Ley de Retribución Uniforme y Art. II sec. 16 de nuestra Constitución. Así también, es idéntica a la ya resuelta por el Foro Judicial en los casos *Carmen Socorro Cruz Hernández y otros v. Departamento de la Familia*, Civil Núm. KAC 1991-0665 y *Nilda Agosto Maldonado y otros vs. ELA*, Civil Núm. K PE2005-0608 (907).

### b. HECHOS COMUNES A TODOS LOS QUERELLANTES:

1. El 12 de julio de 1979, la Legislatura de Puerto Rico aprobó la Ley Número 89 conocida como Ley de Retribución Uniforme. Dicha Ley estableció como política pública proveer a los empleados del servicio público un tratamiento equitativo y justo en la fijación de sus sueldos. A tales fines, se dispuso que la Oficina Central de Administración de Personal y los administradores individuales adoptarían planes de retribución conforme al Reglamento que adoptara OCAP hoy conocida como OCALARH (3 L. P. R. A. 706a). Igualmente impuso la obligación al director de la OCAP y a los administradores individuales de mantener actualizadas las estructuras de retribución.

2. El 15 de abril de 1986, entró en aplicación en el Departamento de la Familia la Ley de Retribución Uniforme, con un salario mínimo federal de $3.25 la

PÁGINA 2

hora, equivalente a un salario mensual de $545 para una jornada de 37. 5 horas semanales.

3.  Al seleccionar el Departamento de la Familia en la fecha en que entra en aplicación el FLSA y en fechas posteriores, el método de ajuste recomendada por la OCAP para implantar el salario mínimo se produce una acción concertada entre la OCAP y el Departamento de la Familia, pues a sabiendas de que correspondía reducir la jornada diaria conforme establecía la Ley Número 5 de 20 de noviembre de 1975 y el Reglamento que OCAP había aprobado para implantar dicha ley, se estableció para la compensación de los empleados Querellantes un sistema paralelo de pago que viola el principio de igual para por igual trabajo, en claro detrimento del principio de equidad retributiva, dejándose así inoperante el sistema de escalas salariales.

4.  Que a los querellantes se les engañó respecto al estado de derecho, ya que los funcionarios, agentes y representantes del Departamento de la Familia al reclamarle los Querellantes se le compensara de acuerdo a la clasificación que tenían, se escudaron en el Memorando General 5-86 de la OCAP para hacerles representaciones fraudulentas referente a que no procedía actualizar las escalas y les hicieron representaciones, a sabiendas de que eran falsas, referente a que la ley federal sólo obligaba pagar el tipo mínimo, lo que engendró una situación contraria a la realidad, esto es, una situación aparente y mediante tal apariencia influyeron en la confianza de los empleados Querellantes, pues creyeron de buena fe que la Agencia había cumplido con los deberes de su cargo con regularidad.

5.  Que dicha acción intencional del Estado, al actuar con conocimiento de la ilegalidad de sus actos, también se acredita de la carta del 20 de noviembre de 1985 remitida por el Director de la OCAP al entonces gobernador de Puerto Rico, ya que en la misma se informaba, en síntesis, que la implantación del salario mínimo requería la adopción de una nueva estructura retributiva, la cual la Oficina ya había confeccionado e incluyó copia. Además, porque se informa que de no contar el Gobierno Central con los fondos para cumplir con las exigencias de esa ley, debía proceder a reducir la jornada diaria de trabajo de sus empleados.

6.  Que al ignorar la Agencia las disposiciones más beneficiosas de la Ley de Retribución Uniforme, y responsabilidad ministerial de mantener actualizada la escala de retribución del Departamento, actuó de forma ultra vires y en contravención a la ley de salario mínimo aplicable a los empleados Querellantes, pues éstos recibieron un trato injusto, ilegal y discriminatorio, con relación a los sueldos a que tienen derecho respecto a sus puestos y el sueldo que efectivamente se les ha pagado hasta el presente. En particular, porque como consecuencia directa del método de ajuste utilizado para la implantación del salario mínimo, los empleados Querellantes perdieron la posición jerárquica que les correspondía dentro del sistema de escalas establecido en el Departamento bajo la Ley de Retribución, y se les pagó ilegalmente el mismo salario que el recibido por el conserje y trabajador, a pesar de realizar funciones de más responsabilidad y complejidad. Por ende, se les privó del derecho garantizado por ley a recibir una compensación superior, en forma ascendente, a tono con las funciones que realizan y la jerarquía, niveles de responsabilidad y complejidad de sus respectivos puestos y que estuviera a tono con

PÁGINA 3

el valor de su trabajo dentro del mercado de empleo.

7.   Que la situación arriba descrita con el transcurso del tiempo se convirtió en más crítica, pues al entrar en vigor nuevos aumentos en el salario mínimo, se fueron afectando de la misma manera mayor número de empleados, con el resultado de que para 1996 llegaron a recibir el mismo salario del conserje, todos los empleados que estaban asignados hasta el nivel 19, en la escala retributiva, irrespectivamente de la complejidad de las funciones y responsabilidades asignadas a sus puestos.

8.   Que aunque a 1996 el Departamento de la Familia adoptó tardíamente una nueva estructura de retribución que conformaba con el salario mínimo entonces vigente y restableció temporalmente la diferencia entre los distintos niveles, dicho Departamento no cumplió con los mecanismos establecidos en el Reglamento de Retribución, ni con las normas adoptadas por OCAP cuando practicó la asignación de los sueldos que le correspondía a los Querellantes resultando los empleados perjudicados.

9.   Que la situación antes descrita constituyó un acto temerario, crasamente negligente, fraudulento y un enriquecimiento injusto, por los siguientes hechos:

A.   Porque el Departamento de la Familia conocía que desde la fecha en que inicialmente implantó el salario mínimo se estaba beneficiando por los servicios prestados por los aquí Querellantes al no pagarles la justa compensación. Además, porque con su determinación se violaba las disposiciones del Artículo II, sección 16 de la Constitución del Estado Libre Asociado de Puerto Rico y la doctrina de "comparable worth", pues según se admite en el Memorando 5-94 de 3 de junio de 1994 de OCAP, dicho Departamento, como administrador individual, "debió tomar conocimiento, que no era procedente efectuar la asignación de las escalas, a las escalas correspondientes en el plan que quedó inoperante, pues cuando están las escalas por debajo del salario mínimo no se cumple con la política pública de proveer un trato justo y equitativo en la fijación de sueldos de los empleados".

B.   Porque la actuación del Departamento ha sido temerariamente negligente al negarse a corregir su error y ha actuado de forma irrazonable al privar ilegalmente a los empleados Querellantes de los sueldos que les corresponden por ley, ignorando la norma establecida en nuestra jurisdicción desde hace más de 50 años y reiterada por el Honorable Tribunal Supremo en *Olazagasti vs. Eastern Sugar Ass.* 79 DPR 93 (1956), donde claramente se determinó que al aprobar el Congreso Federal la sección 218 de la Ley de Salario Mínimo Federal hizo patente su intención de impedir a los estados, que amparándose en la Ley de Normas Razonables del Trabajo pudieran bajar las normas de trabajo o beneficios más altos existentes en los estados o territorios.

C.   Porque la Agencia violó intencionalmente la Ley Número 5 de 20 de noviembre de 1975 y la reglamentación adoptada por OCAP donde

PÁGINA 4

claramente se le impone a las agencias del ELA, la obligación de implantar un programa de reducción de jornada de no contar con los fondos necesarios para implantar el salario mínimo. Máxime, cuando nada existe en esa Ley de donde se pueda inferir una dispensa.

D.   Porque el Departamento de la Familia, sus agentes y representantes, tergiversaron y ocultaron deliberadamente a los empleados Querellantes y a otros empleados similarmente situados los derechos que tenían y les hicieron creer que no tenían reclamación legítima alguna contra la agencia, al utilizar como escudo el Memorando General 5-86 que OCAP publicó para facilitar el esquema fraudulento que pretendían implantar y con ello, evitar pagar el salario requerido, al dar la apariencia de que actuaban conforme a derecho, y con esto, evitar que se incoaran reclamaciones.

E.   Porque se trata de un patrón de comportamiento, pues aún cuando el Departamento de la Familia conocía de antemano que entrarían en vigor nuevos aumentos en el salario mínimo volvió en septiembre de 1997 y septiembre del 2000, a violar la Ley al no actualizar la estructura retributiva para que armonizara con el salario mínimo. Por lo que perpetuó intencionalmente el sistema paralelo de pago al continuar practicando asignaciones de puestos a la escala inoperante, e impidiendo que la retribución de los Querellantes se administrara de manera justa y conforme a derecho.

F.   Porque la Agencia ha mostrado total indiferencia y grave menosprecio respecto al cumplimiento de la ley, pues no existe justificación administrativa válida para que no hubiese tomado las medidas de rigor para corregir la situación por largo tiempo denunciada pues mantuvo a un significativo grupo de empleados asignados a escalas más altas y cuyas tareas son más complejas, devengando el mismo salario básico del conserje.

G.   Porque en clara violación a la aplicación del salario mínimo y represalia, la Agencia también se negó a hacerles efectivos los aumentos generales concedidos a todos los empleados públicos mediante las Leyes Número 410 de 8 de octubre de 2000 y 413 de 21 de diciembre del 2000 y otros aumentos a que tenían derecho por sus servicios, en virtud de otras leyes especiales.

10. Que las actuaciones del Departamento de la Familia, según arriba descrito, viola la sección 760 (e) inciso (4) de la Ley de Retribución, pues cuando finalmente adoptó la nueva estructura revisada, eliminó más de tres escalas, en abierto menosprecio de la letra clara del estatuto de retribución.

11. Que la determinación del Departamento de la Familia al mantener inoperante la estructura de la retribución de la agencia por tiempo indefinido, violó de forma intencional los Artículos 1,2, y 9 de la Ley de Retribución Uniforme y las secciones 4.2, 4.4, 4.5, y 4. 6 incisos (2), (3), (5) y (8), del Reglamento de

PÁGINA 5

Retribución, entre las más importantes y que requiere asignar anualmente todas las clases de puestos dentro del servicio de carrera para mantener actualizada la estructura de retribución con el propósito lograr y mantener la equidad retributiva, ante la marcada diferencia de salarios entre el sector privado y las corporaciones públicas, *vis a vis* las agencias del sector público central, 3 L.P.R.A. sección 760 (d) (5).

12. Que la actuación del Departamento de la Familia también viola los derechos adquiridos de los Querellantes conforme a las disposiciones de la sección 4.4(3) del Reglamento de Retribución Uniforme que requiere y exige que los planes de retribución mantengan una correlación entre el valor relativo que se asigne a las escalas en los respectivos planes de clasificación y el valor monetario que se asigne a ésta mediante sueldos, para garantizar la política retributiva establecida de proveer un trato justo a los empleados.

13. Que la Agencia también violó el Reglamento de Retribución, en lo referente a la aplicación de las escalas de sueldo uniforme para aquellas clases de puestos que sean equivalentes para mantener una correlación entre el valor relativo que se asigne a las clases dentro la jerarquía, violando las secciones 4.2 y 4.4 del Reglamento de Retribución, pues se dejó de reconocer el valor relativo que tienen asignados los diferentes puestos dentro de la estructura de retribución.

14. Que con la acción y omisión incurrida por la Agencia se dejó de compensar adecuadamente los empleados Querellantes dentro del periodo en controversia, a tono con el justo valor por los servicios prestados, ya que no se tomó en consideración los niveles de responsabilidad y dificultad que envuelven los puestos que ocupan los Querellantes dentro de la jerarquía organizativa; el grado de discreción que se requiere en el descargo de los deberes y responsabilidades; los requisitos mínimos para el descargo de forma satisfactoria de los deberes de los puestos o el grado de dificultad de reclutamiento de empleados idóneos; las oportunidades de ascenso; las condiciones de trabajo en las diferentes clases de puestos; los sueldo que prevalecen el mercado de trabajo y el costo de vida; y la eficiencia y productividad individual de los empleados.

15. Que las acciones y omisiones de la Agencia constituyen una acción ilegal que ocasiona daños irreparables de carácter continuo a los Querellantes, pues le ha menoscabado derechos adquiridos y el nivel de vida e ingresos que necesitan para su sustento básico.

- **Eliminación pasos por méritos los pasos por mérito, productividad y años de servicio, y los aumentos generales**

16. Que como parte del esquema discriminatorio incoado por la Agencia mediante el mecanismo de ajuste salarial utilizado para implantar el salario mínimo, y a pesar de ser la Ley de Retribución Uniforme perfectamente armonizable, y en la misma fecha en que entra en aplicación el salario mínimo y sus enmiendas, en violación del debido proceso de ley, el Departamento de la Familia procedió a eliminar, en todo o en parte, los pasos por mérito, productividad y años de servicio,

PÁGINA 6

y los aumentos generales otorgados a los empleados Querellantes en virtud de las leyes especiales vigentes.

17. Que estando los diversos estatutos identificados en previamente extremadamente claros y libre de toda ambigüedad y tener el propósito al conceder los aumentos generales, el mejorar las condiciones de trabajo y los sueldos de los empleados beneficiados, y que éstos se concedieran y reconocieran de forma separada e independiente de las escalas, los mismos constituyen una compensación especial que no está sujeta a menoscabo, por constituir derechos adquiridos y por tanto, no agotan el margen salarial de la escala retributiva de los empleados.

18. Que mediante la aprobación de los aumentos generales otorgados a los Querellantes mediante las leyes especiales previamente identificadas, el legislador expresamente hizo reserva del fondo general para el pago de los mismos. Por lo que la Agencia actuó en forma ultra vires y contrario a derecho, y por tal razón, se reclama el pago de cualquier aumento y de todo aumento de paso o sueldo que no se haya efectuado a los Querellantes a tenor con las leyes arriba mencionadas.

19. Que bajo los mismos hechos operacionales se plantea que las determinaciones y omisiones incurridas por la Agencia se llevó a cabo "so color de autoridad", de forma arbitraria, ilegal e irrazonablemente, pues constituyó un abuso de discreción, y claro acto de represalia, según tipificado bajo la Sec. 215 de la Ley de Normas Razonables del Trabajo. También se plantea que dicho acto forma parte de un patrón de comportamiento, pues se repite cada vez que entra en aplicación nuevos aumentos en el salario mínimo, y porque persigue la privación de los derechos constitucionales de los Querellantes, según garantizados bajo estatutos federales y estatales.

20. Que los actos y omisiones de los demandados, según arriba descrito, también violan expresamente la sección 218 de la Ley de Normas Razonables del Trabajo que extiende y concede a los empleados la norma de mayor beneficio. En adición viola la Ley Número 115 de 20 de diciembre de 1991 al privar a los Querellantes del justo salario y valor real de sus servicios y beneficios adquiridos, y por haber tenido que recurrir ante los foros judiciales y administrativos para reclamar sus derechos.

21. Que los Querellantes han recibido un trato injusto, ilegal y discriminatorio en relación al salario que le corresponde por ley al dejarse inoperante la estructura de retribución en la agencia, y habérsele eliminado sin facultad de ley los pasos por mérito, por años de servicio activo, productividad y los aumentos legislativos previamente recibidos.

22. Que aunque está reconocido por nuestro ordenamiento que las actuaciones administrativas ilegales o incorrectas no crean derechos, y que el Departamento de la Familia posee la autoridad legal para corregir sus propios errores, según establecido en *Del Rey vs. JACL,* 107 DPR 348 (1978), dicha parte se ha negado a pagar las cantidades adeudadas a los Querellantes por concepto de todas las leyes que proveen para el pago de sueldos dejados de percibir. Por lo que

PÁGINA 7

los Querellantes poseen un interés especial en la presente reclamación debido a que se trata de la reclamación para el pago de compensación por servicios rendidos.

## C. PETICIÓN DE LOS QUERELLANTES:

a. Que se ordene al Departamento de la Familia a cumplir estrictamente con las disposiciones más beneficiosas provistas bajo la Ley de Retribución Uniforme aplicables a los Querellantes y se corrija cualquier posible inequidad en el sistema de pago utilizado para la implantación del salario mínimo, mediante la adopción de las estructuras retributivas que debieron implantarse en las fechas correspondientes, de forma que se le pague a cada querellante conforme el nivel jerárquico o tipo retributivo a que están asignados sus respectivos puestos y se les restituya los sueldos correspondientes al incremento porcentual que les fue ilegalmente retenido cuando dejó inoperante el Plan de retribución de esa agencia.

b. Se ordene el pago de cualquier otro aumento que no se les hubiese hecho efectivo a los Querellantes, conforme a las leyes y reglamentos aplicables.

c. Se determine el monto de los salarios adeudados a cada querellante y a los efectos se Ordene a la Agencia a preparar y producir las hojas de cómputo y liquidación preparadas por la División de Personal de la agencia, en la que se indiquen los años en que no se les pagó debidamente a los empleado.

d. Se concedan todos los remedios provistos por las disposiciones legales aplicables.

OFICINA DEL GOBERNADOR

LA FORTALEZA

SAN JUAN, PUERTO RICO 00901



12 de abril de 1983

El 1ro de junio de 1983, comenzarás a recibir una bonificación especial que se te pagará de la siguiente forma:

$50 el 1ro de junio de 1983
$30 el 1ro de julio de 1983
$50 el 31 de julio de 1983
$30 el 31 de agosto de 1983
$30 el 30 de septiembre de 1983

La bonificación que habrás de recibir además de tu sueldo, se logró con la aprobación de la Ley Núm. 12 de 27 de agosto de 1982. En tu caso particular representa una cantidad total de $190 en un período de 4 meses.

Debido a que la situación económica de nuestro país continúa difícil y que tenemos compromisos y prioridades ineludibles, sometí legislación ante las Cámaras Legislativas con el propósito de implantar un plan por etapas encaminado a mejorar la condición retributiva de los empleados públicos.

Dicho plan entrará en vigor el 1ro de octubre de 1983, conforme a la Ley Núm. 12 de 27 de agosto de 1982, y a legislación sometida. En esta ocasión, el 1ro de octubre de 1983, recibirás un aumento de $30 mensuales en tu sueldo regular que como tal será permanente y se habrá de considerar para los fines del cómputo de pensiones, de tu margen prestatario y para otros beneficios marginales.

-02-

Posteriormente, el 1ro de abril de 1984, o sea 6 meses después de haber recibido tu primer aumento en sueldo, entrarán en vigor nuevas escalas salariales, las que forman parte de un plan integral de retribución desarrollado por una firma consultora bajo la coordinación de la Oficina Central de Administración de Personal.

Las nuevas escalas de retribución que entrarán en vigor en estas fechas están desarrolladas en una base porcentual y superan en todos los tipos retributivos a las vigentes. La adopción de estas nuevas escalas te traerá un segundo aumento de sueldo. Este aumento será variable y su cuantía dependerá de la clasificación de tu puesto y del paso a que corresponda tu sueldo al entrar en vigor las nuevas escalas. En el caso de los empleados de carrera, el tipo mínimo vigente se incrementará desde $57 hasta $125 mensuales y, como te dije anteriormente, el aumento individual a recibir en dicha cantidad dependerá de la clasificación de tu puesto y del paso a que corresponda tu sueldo.

Para determinar el aumento neto que recibirás en virtud de las nuevas escalas de sueldos, deberás restarle el adelanto que ya se te habrá otorgado de $30 mensuales a partir del 1ro de octubre de 1983, al efecto bruto que tendrán las nuevas escalas sobre tu sueldo individual.

En años fiscales futuros se implantarán las otras 2 etapas de la reestructuración salarial, de acuerdo a los recursos disponibles que conllevan revisiones de las estructuras salariales. Cuando se adopte la tercera etapa, los mínimos de las escalas vigentes para los empleados de carrera, se incrementarán desde $169 mensuales hasta $375 mensuales, dependiendo del nivel de clasificación.

Esta acción representa un esfuerzo adicional de nuestra Administración por hacer justicia a los trabajadores en el servicio público, cuyos salarios tradicionalmente se han mantenido por debajo de las tendencias retributivas que se registran en el sector privado. Además, constituye una forma de compensar irrevocablemente y en forma permanente a los empleados públicos, ya que los ajustes salariales se hacen de conformidad con la realidad presupuestaria de nuestro gobierno, así que puedes tener la seguridad de que los mismos se harán efectivos en las fechas en que se dispone y no serán cancelados ulteriormente.

Espero haber clarificado todo lo concerniente a la situación salarial de los empleados de carrera, según se proyectó por los aumentos propuestos a la Asamblea Legislativa y por la implantación de las nuevas escalas salariales al 1ro de abril de 1984.

Cordialmente,

Carlos Romero Barceló

Ivette Meléndez Rivera
E-27 Neisy
Urb. Santa Rosa
Caguas, P. R.  00725


RECEIVED & FILED
2020 JAN 15 PM 4: 36
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Secretaría
Tribunal de Distrito de los Estados
Unidos
Room 150 Federal Building
San Juan, P. R.  00918-1767

**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM BECAUSE THEIR RECORDS SHOW THAT YOUR CLAIM IS DEFICIENT.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|------|---------|------------|--------|------------------------|
| Carbo Fernandez, Amarillys | 32016 | 5/25/2018 | Commonwealth of Puerto Rico | $0.00 |
| Reason: | Proof of claim purports to assert liabilities associated with the Commonwealth of Puerto Rico, but fails to provide any basis or supporting documentation for asserting a claim against the Commonwealth of Puerto Rico, such that the Debtors are unable to determine whether claimant has a valid claim against the Commonwealth of Puerto Rico or any of the other Title III debtors | | | |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO, PUESTO QUE LOS DATOS INDICAN QUE SU RECLAMO ES DEFICIENTE.**

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|--------|---------------------|------------------------|--------|----------------------------------|
| Carbo Fernandez, Amarillys | 32016 | 5/25/2018 | Commonwealth of Puerto Rico | $0.00 |
| Base para: | La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra el Estado Libre Asociado de Puerto Rico, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III. | | | |

Copies of the Omnibus Objection and all other filings in the Title III Cases are available free online at https://cases.primeclerk.com/puertorico.  **If you have questions, please contact Prime Clerk LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m.  (Atlantic Standard Time) (Spanish available).**

Copias de la Objeción global, y todos los escritos radicados en el marco de las causas conforme al Título III, están disponibles, de manera gratuita, en https://cases.primeclerk.com/puertorico.  **Si tiene alguna pregunta, comuníquese con Prime Clerk LLC llamando al (844) 822-9231 (número gratuito para Estados Unidos y Puerto Rico) o (646) 486-7944 (para llamadas desde el extranjero), disponible entre las 10:00 a.m. y las 07:00 p.m. (AST) (hablamos español).**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

**Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación).**

| | | |
|---|---|---|
| ☑ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the<br>Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado<br>Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

*2018 MAY 25  P 12: 20  RECEIVED PRIME CLERK LLC*

## Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

1. Who is the current creditor?

   ¿Quién es el acreedor actual?

   *Amarillys Castro Fernández*

   Name of the current creditor (the person or entity to be paid for this claim)
   Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)

   Other names the creditor used with the debtor
   Otros nombres que el acreedor usó con el deudor _____



Claim Number: 32016

17032838 0016240

[ ] Date Stamped Copy Returned
[ ] No Self-Addressed Stamped Envelope
[X] No Copy Provided

2. Has this claim been acquired from someone else?

¿Esta reclamación se ha adquirido de otra persona?

☒ No / No
☐ Yes. From whom? _____
   Sí. ¿De quién? _____

---

3. Where should notices and payments to the creditor be sent?

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

¿A dónde deberían enviarse las notificaciones al acreedor?

Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g

**Where should notices to the creditor be sent?**
¿A dónde deberían enviarse las notificaciones al acreedor?

Amarilys Carbó Fernández
Name / Nombre

HC-9 Box. 59562
Number / Número    Street / Calle

Caguas      P.R.   00725-9276
City / Ciudad    State / Estado    ZIP Code / Código postal

787-202-6354
Contact phone / Teléfono de contacto

ama.ama 22@ yohar.com
Contact email / Correo electrónico de contacto

**Where should payments to the creditor be sent?**
(if different)
¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente)

Amarilys Carbó Fernández
Name / Nombre

HC-9 Box. 59562
Number / Número    Street / Calle

Caguas    P.R.   00725-9276
City / Ciudad    State / Estado    ZIP Code / Código postal

787-202-6354
Contact phone / Teléfono de contacto

ama.ama 22@yahoo.com
Contact email / Correo electrónico de contacto

---

4. Does this claim amend one already filed?

¿Esta reclamación es una enmienda de otra presentada anteriormente?

☒ No / No
☐ Yes.  Claim number on court claims registry (if known)
   Sí. Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)_____
   Filed on / Presentada el _____ (MM /DD/YYYY) / (DD/MM/AAAA)

---

5. Do you know if anyone else has filed a proof of claim for this claim?

¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación?

☒ No / No
☐ Yes. Who made the earlier filing?
   Sí. ¿Quién hizo la reclamación anterior?_____

---

**Part 2 / Parte 2:**       **Give Information About the Claim as of the Petition Date**
**Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.**

---

6. Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?

¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico?

☐ No / No
☒ Yes.  Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)
   Sí. Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).

Estado Libre Asociado de Puerto Rico: Departamento de la Familia

---

7. Do you supply goods and / or services to the government?

¿Proporciona bienes y / o servicios al gobierno?

☐ No / No
☒ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:

Vendor / Contract Number | Número de proveedor / contrato: Soy empleado

List any amounts due after the Petition Date (listed above) but before June 30, 2017:
Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____

---

Modified Official Form 410              Proof of Claim                         page 2

**8. How much is the claim?**

¿Cuál es el importe de la reclamación?

$ *55,000* _____. Does this amount include interest or other charges?
¿Este importe incluye intereses u otros cargos?

☒ No / No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).
Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A).

**9. What is the basis of the claim?**

¿Cuál es el fundamento de la reclamación?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.

*Reclamación Laboral ó Ajuste Salarial*

**10. Is all or part of the claim secured?**

¿La reclamación está garantizada de manera total o parcial?

☒ No / No

☐ Yes. The claim is secured by a lien on property.
Sí. La reclamación está garantizada por un derecho de retención sobre un bien.

Nature of property / Naturaleza del bien:
☐ Motor vehicle / Vehículos

☐ Other. Describe:
Otro. Describir: _____

Basis for perfection / Fundamento de la realización de pasos adicionales: _____
_____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.)

Value of property / Valor del bien:     $_____

Amount of the claim that is secured /
Importe de la reclamación que está garantizado: $_____

Amount of the claim that is unsecured /
Importe de la reclamación que no está garantizado: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)
(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)

Amount necessary to cure any default as of the Petition Date /
Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso : $_____
_____

Annual Interest Rate (on the Petition Date)
Tasa de Interés anual (cuando se presentó el caso)_____%
☐ Fixed / Fija
☐ Variable / Variable

**11. Is this claim based on a lease?**

¿Esta reclamación está basada en un arrendamiento?

☒ No / No

☐ Yes. Amount necessary to cure any default as of the Petition Date.
Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso$ _____

| | |
|---|---|
| 12. Is this claim subject to a right of setoff?<br><br>¿La reclamación está sujeta a un derecho de compensación? | ☒ No / No<br><br>☐ Yes. Identify the property /<br>Sí. Identifique el bien: _____ |
| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | ☒ No / No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received    $_____<br>by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.<br><br>Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. |

## Part 3 / Parte 3:    Sign Below / Firmar a continuación

**The person completing this claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).**

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

Check the appropriate box / Marque la casilla correspondiente:

☒ I am the creditor. / Soy el acreedor.

☐ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el ___21/5/2018___ (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma _____

Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:

Name ___Armenillys Carlo Fernández___
First name / Primer nombre    Middle name / Segundo nombre    Last name / Apellido

Title / Cargo _____

Company / Compañía _____
Identify the corporate servicer as the company if the authorized agent is a servicer.
Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

Address / Dirección _____
Number / Número    Street / Calle

_____
City / Ciudad    State / Estado    ZIP Code / Código postal

Contact phone / Teléfono de contacto _____    Email / Correo electrónico _____

RECEIVED

MAY 2 5 2018

PRIME CLERK LLC

**Prime Clerk**
830 3RD AVE FL 9
NEW YORK NY 10022-6561

LEGAL NOTICE ENCLOSED, DIRECT TO ATTENTION OF ADDRESSEE OR PRESIDENT / GENERAL COUNSEL.

RECEIVED

MAY 2 5 2018

PRIME CLERK LLC



RECEIVED

MAY 3 0 2018

Prime Clerk LLC

**FedEx Express** International Air Waybill

**1 From**

Date 05/25/18   Sender's FedEx Account Number

Sender's Name JAVIA M. Rosado   Phone

Company Ivan Shimit...

Address Ocean Hub Center Calle 2 Acerina

Address Villa Blanca

City Caguas   State/Province P.R.

Country   ZIP/Postal Code 00725

Email Address

Internal Billing Reference 21

**2 To**

28 ☐ Residential Delivery  4/5

Recipient's Name   Phone 472424386

Company PRIME CLERK

Address 850 3RD AVE STE 412

Address   Dept/Floor

City BROOKLYN   State/Province NY

Country US   ZIP/Postal Code 11232

Email Address

Recipient's Tax ID Number for Customs Purposes

**3 Shipment Information**

Total Packages   Total Weight ☐ lb ☒ kg   DIM   / /   ☐ in ☐ cm

| Commodity Description | Harmonized Code | Country of Manufacture | Value for Customs |
|---|---|---|---|
| Legal Documents | | | |

FedEx Tracking Number 8120 6424 5497   0402   Form ID No.

**4 Express Package Service**
NOTE: Service order has changed. Please select carefully.
06 ☐ FedEx Intl. First   01 ☐ FedEx Intl. Priority   03 ☒ FedEx Intl. Economy

**5 Packaging**
03 ☐ FedEx Envelope   ☒ FedEx Pak   03 ☐ FedEx Box   04 ☐ FedEx Tube
15 ☐ FedEx 10kg Box   ☐ FedEx 25kg Box   01 ☐ Other

**6 Special Handling and Delivery Signature Options**
01 ☐ HOLD at FedEx Location   ☐ SATURDAY Delivery
10 ☐ Direct Signature   34 ☐ Indirect Signature

RECEIVED!
MAY 3 0 2018
PRIME CLERK LLC!

**7 Payment**
Bill transportation charges to:
1 ☐ Sender   2 ☒ Recipient   3 ☐ Third Party   4 ☐ Credit Card   5 ☐ Cash/Check/Cheque

FedEx Acct. No. 1095-0776-7

Bill duties and taxes to:
1 ☐ Sender   2 ☐ Recipient   3 ☐ Third Party   5 ☐ Cash/Check/Cheque

**8 Required Signature**

Sender's Signature:

Recipient's Signature:   662

| Origin/Scan ID | Country Code/Declaration Station ID | USCA Routing | Handling Units |
|---|---|---|---|

Total Volume (cm)

06/17

CASP-OMA-001

# GOBIERNO DE PUERTO RICO
## COMISIÓN APELATIVA DEL SERVICIO PÚBLICO
WWW.CASP.PR.GOV

| | |
|---|---|
| **DEPARTAMENTO DE LA FAMILIA**<br>**(PETICIONADO)**<br><br>Y<br><br>**SERVIDORES PÚBLICOS UNIDOS**<br>**DE PUERTO RICO (AFSCME)**<br>**(PETICIONARIA)** | **CASO NÚM: AQ-16-0955**<br><br>**SOBRE: ESCALA SALARIAL**<br>Isabel Agosto Díaz y Otros (533) |

## NOTIFICACIÓN DE SOLICITUD DE SERVICIOS DE ARBITRAJE
## DE QUEJAS Y AGRAVIOS

El 23 de noviembre de 2016, la unión de Servidores Públicos Unidos presentó ante la Comisión Apelativa del Servicio Público (Comisión) una *Solicitud de Servicios de Arbitraje de Quejas y Agravios*.

Se le requiere que comparezca a una vista de arbitraje el día **14 de noviembre de 2017**, a las **9:00 a.m.**, ante el interventor neutral **Noel Hernández López**.  La vista se celebrará en las instalaciones de la Comisión ubicada en el 6to piso del Edificio CEM en la Avenida Ponce de León Núm. 1409, Santurce, Puerto Rico (Parada 20).

Los procedimientos de las vistas de arbitraje se rigen por las disposiciones del Artículo VII del Reglamento de la Comisión (Núm. 6385), el cual está disponible en la página web de la Comisión (www.casp.pr.gov).  Las partes podrán comparecer a la vista de arbitraje representadas por su abogado o por un representante que no tiene que ser abogado.

El Departamento de la Familia podrá someter una contestación a la misma, dentro de los cinco (5) días siguientes al recibo de esta *Notificación*.  En igual término las partes deberán comunicar a la Comisión la conveniencia de someter la controversia a un proceso de Mediación.

Se le apercibe a las partes que de no comparecer a la vista de arbitraje el interventor neutral podrá, entre otras:

1. Proceder al cierre del caso con perjuicio.

2. Proceder con la celebración de la vista y emitir un laudo sólo a base de la prueba presentada.

3. Tomar la acción que estime apropiada consistente con la más rápida y efectiva disposición de la controversia.

Las solicitudes de suspensión o turno posterior deberán someterse por escrito por los menos cinco (5) días laborables con antelación a la fecha de la vista. En caso de solicitar la suspensión de la vista, ésta contendrá tres (3) fechas alternas para las cuales todas las partes deberán estar disponibles. De no lograr un acuerdo de fechas, la solicitud deberá así indicarlo. Toda comunicación dirigida a la Comisión debe notificarse con copia a la parte contraria.

En San Juan, Puerto Rico, hoy 27 de febrero de 2017.

**Ihomara A. Quiñones Reyes**
Directora
División de Métodos Alternos de Resolución de Conflictos

## CERTIFICACIÓN

CERTIFICO: Que se ha enviado copia de esta Notificación por correo ordinario a:

**Hon. Glorimar Andújar Matos**
Secretaria
Departamento de la Familia
PO Box 11398
San Juan, Puerto Rico  00910

**Sr. Luis Madera Echevarría**
Director División de Quejas y Agravios
Servidores Públicos Unidos de
Puerto Rico
PO Box 13695
San Juan, Puerto Rico  00908-3695

**Lcda. Surima Quiñones Suárez**
Directora de la División Legal
Departamento de la Familia
PO Box 11398
San Juan, Puerto Rico  00910

En San Juan, Puerto Rico, hoy 27 de febrero de 2017.

**Angela R. González Rodríguez**
Técnica en Sistemas de Oficina
División de Métodos Alternos de Resolución de Conflictos

/arg

CASP-OS-009-B

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**COMISIÓN APELATIVA DEL SERVICIO PÚBLICO**

# SOLICITUD DE ARBITRAJE
# DE QUEJAS Y AGRAVIOS

| No escriba en estos apartados. Para uso oficial solamente | |
|---|---|
| Caso Número: AQ-16- **16 - 0955** | Fecha: NOV 23 2016 |

**INSTRUCCIONES:** Someta el original y tres copias de esta Solicitud a la Comisión Apelativa del Servicio Público. Notifique copia a la otra Parte. De requerir más espacio en algún apartado, favor de continuar en un anejo haciendo referencia al número del apartado.

| 1. (a) Nombre de la Agencia: DEPARTAMENTO DE LA FAMILIA | Dirección postal: P. O. BOX 11398 SAN JUAN, PR  00910 | Teléfono: (787) 294-4922 Fax: (787) 765-1743 Dirección electrónica: |
|---|---|---|
| (b) Nombre del abogado o representante: Hon. Idalia Colón Rondón Secretaria | Dirección postal: P. O. BOX 11398 SAN JUAN, PR  00910 | Teléfono: (787) 294-4900 Fax: (787) 765-1743 Dirección electrónica: |
| 2. (a) Nombre de la Unión: Servidores Públicos Unidos de PR (SPU/AFSCME) - Unidad "A" Departamento de la Familia - Local 3227 | Dirección postal SERVIDORES PÚBLICOS UNIDOS DE PR LOCAL 3234 - FAM-A P.O. BOX 13695 SAN JUAN, PR  00908-3695: | Teléfono: (787) 272-7222 Fax: (787) 272-7229 Dirección electrónica: lmadera@spupr.com |
| (b) Nombre del abogado o representante: Lcda. Genoveva Valentín Soto Directora, División Legal | Dirección postal: P.O. BOX 13695 SAN JUAN, PR  00908-3695 | Teléfono: (787) 272-7222 Fax: (787) 272-7231 Dirección electrónica: gvalentin@spupr.com |
| 3. Nombre del empleado: (Si la Solicitud es presentada por un empleado en su carácter individual) | Dirección postal: | Teléfono: Fax: (     ) Dirección electrónica: |

| 4. ¿Se cumplió con el procedimiento establecido en el convenio colectivo antes de solicitar arbitraje?   SÍ ☒   NO ☐ |
|---|

| 5. Cantidad de Empleados afectados por esta controversia:        (533) Isabel Agosto Díaz y otros 232 |
|---|

| 6. Período de vigencia del convenio:   fecha de efectividad: **3 de julio de 2012**   fecha de vencimiento: **3 de julio de 2015** |
|---|

| 7. Disposiciones aplicables del convenio:   Artículos ; XII, XLIX y L; y  Ley 184 de 3 de agosto de 2004, |
|---|

| 8. ¿Esta solicitud es sometida por acuerdo de las partes?   SÍ ☒   NO ☐ |
|---|

| 9. Esta solicitud es radicada por:   Unión ☒      Agencia ☐      Empleado ☐ |
|---|

| 10. ¿Se radicó cargo de práctica ilícita?   NO ☒   SÍ ☐ , Caso Núm.        , radicado el |
|---|

| 11. ¿Se difirió el caso al procedimiento de quejas, agravios y arbitraje?   NO ☒   SÍ ☐   Fecha: |
|---|

| 12. ¿Se ha sometido esta controversia a algún otro foro?   SÍ ☐   NO ☒   Si contestó que sí, indique a cuál foro y cuándo se radicó. |
|---|

*(Continúa en la próxima página)*

13. Breve descripción de los hechos y controversia: (Continúe en hoja aparte, de ser necesario)

Los querellantes, Isabel Agosto Díaz y otros 532 empleados del Departamento de la familia (DFAM), alegan que el DFAM viola los Artículos XII, XLIX y L del Convenio Colectivo y cualquier otra ley o reglamento que aplique, al hacer no revisar sus escalas salariales. La Agencia viola de forma reiterada y continua la Ley de Retribución Uniforme, al no mantener actualizado un sistema de escalas salariales progresivas luego de la implementación de enmiendas al salario mínimo federal.

El DFAM, viola la ley 89 de 12 de julio de 1979, actualmente derogada por la ley 184 de 3 de agosto de 2004, al no establecer un sistema de retribución cónsono con el principio de mérito garantizando el derecho de igual paga por igual trabajo. El sistema debía proporcionar la uniformidad, equidad y la justicia en la fijación de sueldos de todos los empleados del servicio público. A través de un plan de retribución conforme al reglamento de adoptar la Oficina de Central de Administración de Personal (OCAP), ahora Oficina de Recursos Humanos del Estado Libre Asociado de Puerto Rico "ORHELA"; e instrumenta esta ley a las normas generales de retribución que esta emita. En aras de cumplir con la ley de OCAP en el 1984, se aprobó el Reglamento de Retribución Uniforme, el cual contenía disposiciones aplicables al sistema de personal en todas sus dependencias y/o administraciones. En cuanto a las escalas salariales en la Ley de Retribución Uniforme se estableció las normas relativas a la administración de salarios, de igual forma en el Reglamento de Retribución Uniforme se imponía la Obligación a OCAP y a cada Administrador Individual de designar anualmente todas las clases de puestos de los planes de clasificación a las escalas contenidas en los planes de retribución que estuvieran vigentes. La OCAP (ORHELA) y los administradores individuales, están obligados a mantener al día los planes de retribución que adopten para los servicios de carrera y confianza, en cumplimiento de las normas relativas a la administración y el mantenimiento de las estructuras retributivas. Al no cumplir con lo antes expuesto violaron las escalas salariales de todos los puestos en la Agencia por lo que cada uno de ellos en la actualidad no reciben una justa paga por el trabajo realizado.

El DFAM, erro en la selección de la fórmula de ajustes recomendado por OCAP (ORHELA) ya que no está conforme con la retribución requerida en la Ley de Retribución Uniforme, al no mantener actualizado un sistema de escalas salariales progresivas luego de implementar enmiendas al salario mínimo federal. Al no actualizarse anualmente las escalas se dejó inoperante el sistema de escalas salariales, el cual requiere tomar en consideración la complejidad de los roles no diestros, administrativos, técnicos, especializados y de supervisión, para luego retribuir en proporción a la misma. Con esto el sistema de retribución ha resultado irracional, caprichoso y arbitrario para con los querellantes.

L a Agencia y la Unión discutieron la querella y al no poder resolver la misma fue radicada ante un Árbitro de la Comisión Apelativa del servicio Público para resolver la controversia.

Por no estar de acuerdo con la actuación arbitraria, caprichosa y discriminatoria de la Agencia, se radica la presente controversia ante el procedimiento de arbitraje.

14. Remedio solicitado:
Que se le ordene a la Agencia a revisar las escalas salariales de los empleados, actualizado un sistema de escalas salariales progresivas luego de la implementación de enmiendas al salario mínimo federal, efectivo a la fecha en que se implementaron dichas enmiendas y se ordene el pago y la retribución correspondiente.

| 15. Nombre y título de la persona que firma este documento | 16. Firma |
|---|---|
| Luis A. Madera Echevarria<br>Director División de Quejas y Agravios | |

Aquella persona que intencionalmente someta información falsa en este formulario puede estar sujeta a las multas que imponga la Comisión y a cualquier otra sanción o pena de Ley aplicable.
(Modificado en septiembre de 2006)

**ANEJO B**

## A. DISPOSICIONES LEGALES VIOLENTADAS:

Artículo II, secciones 7 y 16 de la Constitución del Estado Libre Asociado de Puerto Rico; Sección 1983 de la Constitución de Estados Unidos; "Equal Pay Act" y Ley de Salario Mínimo Federal (FLSA) y su Reglamento; Ley 4 del 14 de octubre de 1975, según enmendada y su Reglamento; Ley 89 de 12 de julio de 1979 y su Reglamento; Ley 5 de 22 de noviembre de 1975 y su Reglamento; Ley 3 de 30 de junio de 1977; Ley 12 del 27 de agosto de 1982, Ley 83 de 4 de junio de 1983; Ley No. 84 del 4 de junio de 1983; Ley 90 de 9 julio de 1986; Ley 1 de 9 de enero de 1988; Ley 7 del 7 de mayo de 1989; Orden Ejecutiva 1994-32; Ley 159 de 29 de junio de 1999; Ley 410de 8 de octubre de 2000; Ley 413 de 21 de diciembre de 2000; Ley para la administración de los Recursos Humanos en el Servicio Público, Ley Núm. 132 de septiembre de 2000; Ley Núm. 184 del 3 de agosto de 2004 y cualquier otro estatuto o reglamento que disponga para aumentos por servicios prestados aplicables a los Querellantes y no se haya pagado a estos dicho beneficios y los Artículos 1803 y 1867 del Código Civil, 31 L.P.R.A.

## B. DESCRIPCIÓN DE HECHOS:

### a. INTRODUCCIÓN

La controversia de la presente queja versa sobre una cuestión estrictamente de derecho y es esencialmente igual a la resuelta mediante Sentencia Declaratoria por el Tribunal de Primera Instancia, Sala de San Juan, en el caso de *Juan Pérez Colón y otros vs Departamento de Transportación y Óbras Públicas*, caso número KAC 1990-0487, donde se declaró la nulidad del método de ajuste salarial establecido en el memorando general de OCAP 5-86, de 23 de abril de 1986, por violar las disposiciones de la Ley de Retribución Uniforme y Art. II sec. 16 de nuestra Constitución. Así también, es idéntica a la ya resuelta por el Foro Judicial en los casos *Carmen Socorro Cruz Hernández y otros v. Departamento de la Familia,* Civil Núm. KAC 1991-0665 y *Nilda Agosto Maldonado y otros vs. ELA,* Civil Núm. K PE2005-0608 (907).

### b. HECHOS COMUNES A TODOS LOS QUERELLANTES:

1. El 12 de julio de 1979, la Legislatura de Puerto Rico aprobó la Ley Número 89 conocida como Ley de Retribución Uniforme. Dicha Ley estableció como política pública proveer a los empleados del servicio público un tratamiento equitativo y justo en la fijación de sus sueldos. A tales fines, se dispuso que la Oficina Central de Administración de Personal y los administradores individuales adoptarían planes de retribución conforme al Reglamento que adoptara OCAP hoy conocida como OCALARH (3 L. P. R. A. 706a). Igualmente impuso la obligación al director de la OCAP y a los administradores individuales de mantener actualizadas las estructuras de retribución.

2. El 15 de abril de 1986, entró en aplicación en el Departamento de la Familia la Ley de Retribución Uniforme, con un salario mínimo federal de $3.25 la

hora, equivalente a un salario mensual de $545 para una jornada de 37. 5 horas semanales.

3.  Al seleccionar el Departamento de la Familia en la fecha en que entra en aplicación el FLSA y en fechas posteriores, el método de ajuste recomendado por la OCAP para implantar el salario mínimo se produce una acción concertada entre la OCAP y el Departamento de la Familia, pues a sabiendas de que correspondía reducir la jornada diaria conforme establecía la Ley Número 5 de 20 de noviembre de 1975 y el Reglamento que OCAP había aprobado para implantar dicha ley, se estableció para la compensación de los empleados Querellantes un sistema paralelo de pago que viola el principio de igual para por igual trabajo, en claro detrimento del principio de equidad retributiva, dejándose así inoperante el sistema de escalas salariales.

4.  Que a los querellantes se les engañó respecto al estado de derecho, ya que los funcionarios, agentes y representantes del Departamento de la Familia al reclamarle los Querellantes se le compensara de acuerdo a la clasificación que tenían, se escudaron en el Memorando General 5-86 de la OCAP para hacerles representaciones fraudulentas referente a que no procedía actualizar las escalas y les hicieron representaciones, a sabiendas de que eran falsas, referente a que la ley federal sólo obligaba pagar el tipo mínimo, lo que engendró una situación contraria a la realidad, esto es, una situación aparente y mediante tal apariencia influyeron en la confianza de los empleados Querellantes, pues creyeron de buena fe que la Agencia había cumplido con los deberes de su cargo con regularidad.

5.  Que dicha acción intencional del Estado, al actuar con conocimiento de la ilegalidad de sus actos, también se acredita de la carta del 20 de noviembre de 1985 remitida por el Director de la OCAP al entonces gobernador de Puerto Rico, ya que en la misma se informaba, en síntesis, que la implantación del salario mínimo requería la adopción de una nueva estructura retributiva, la cual la Oficina ya había confeccionado e incluyó copia. Además, porque se informa que de no contar el Gobierno Central con los fondos para cumplir con las exigencias de esa ley, debía proceder a reducir la jornada diaria de trabajo de sus empleados.

6.  Que al ignorar la Agencia las disposiciones más beneficiosas de la Ley de Retribución Uniforme, y responsabilidad ministerial de mantener actualizada la escala de retribución del Departamento, actuó de forma ultra vires y en contravención a la ley de salario mínimo aplicable a los empleados Querellantes, pues éstos recibieron un trato injusto, ilegal y discriminatorio, con relación a los sueldos a que tienen derecho respecto a sus puestos y el sueldo que efectivamente se les ha pagado hasta el presente. En particular, porque como consecuencia directa del método de ajuste utilizado para la implantación del salario mínimo, los empleados Querellantes perdieron la posición jerárquica que les correspondía dentro del sistema de escalas establecido en el Departamento bajo la Ley de Retribución, y se les pagó ilegalmente el mismo salario que el recibido por el conserje y trabajador, a pesar de realizar funciones de más responsabilidad y complejidad. Por ende, se les privó del derecho garantizado por ley a recibir una compensación superior, en forma ascendente, a tono con las funciones que realizan y la jerarquía, niveles de responsabilidad y complejidad de sus respectivos puestos y que estuviera a tono con

PÁGINA 3

el valor de su trabajo dentro del mercado de empleo.

7.  Que la situación arriba descrita con el transcurso del tiempo se convirtió en más crítica, pues al entrar en vigor nuevos aumentos en el salario mínimo, se fueron afectando de la misma manera mayor número de empleados, con el resultado de que para 1996 llegaron a recibir el mismo salario del conserje, todos los empleados que estaban asignados hasta el nivel 19, en la escala retributiva, irrespectivamente de la complejidad de las funciones y responsabilidades asignadas a sus puestos.

8.  Que aunque a 1996 el Departamento de la Familia adoptó tardíamente una nueva estructura de retribución que conformaba con el salario mínimo entonces vigente y restableció temporalmente la diferencia entre los distintos niveles, dicho Departamento no cumplió con los mecanismos establecidos en el Reglamento de Retribución, ni con las normas adoptadas por OCAP cuando practicó la asignación de los sueldos que le correspondía a los Querellantes resultando los empleados perjudicados.

9.  Que la situación antes descrita constituyó un acto temerario, crasamente negligente, fraudulento y un enriquecimiento injusto, por los siguientes hechos:

A.  Porque el Departamento de la Familia conocía que desde la fecha en que inicialmente implantó el salario mínimo se estaba beneficiando por los servicios prestados por los aquí Querellantes al no pagarles la justa compensación. Además, porque con su determinación se violaba las disposiciones del Artículo II, sección 16 de la Constitución del Estado Libre Asociado de Puerto Rico y la doctrina de "comparable worth", pues según se admite en el Memorando 5-94 de 3 de junio de 1994 de OCAP, dicho Departamento, como administrador individual, "debió tomar conocimiento, que no era procedente efectuar la asignación de las escalas, a las escalas correspondientes en el plan que quedó inoperante, pues cuando están las escalas por debajo del salario mínimo no se cumple con la política pública de proveer un trato justo y equitativo en la fijación de sueldos de los empleados".

B.  Porque la actuación del Departamento ha sido temerariamente negligente al negarse a corregir su error y ha actuado de forma irrazonable al privar ilegalmente a los empleados Querellantes de los sueldos que les corresponden por ley, ignorando la norma establecida en nuestra jurisdicción desde hace más de 50 años y reiterada por el Honorable Tribunal Supremo en *Olazagasti vs. Eastern Sugar Ass.* 79 DPR 93 (1956), donde claramente se determinó que al aprobar el Congreso Federal la sección 218 de la Ley de Salario Mínimo Federal hizo patente su intención de impedir a los estados, que amparándose en la Ley de Normas Razonables del Trabajo pudieran bajar las normas de trabajo o beneficios más altos existentes en los estados o territorios.

C.  Porque la Agencia violó intencionalmente la Ley Número 5 de 20 de noviembre de 1975 y la reglamentación adoptada por OCAP donde

PÁGINA 4

claramente se le impone a las agencias del ELA, la obligación de implantar un programa de reducción de jornada de no contar con los fondos necesarios para implantar el salario mínimo. Máxime, cuando nada existe en esa Ley de donde se pueda inferir una dispensa.

D.  Porque el Departamento de la Familia, sus agentes y representantes, tergiversaron y ocultaron deliberadamente a los empleados Querellantes y a otros empleados similarmente situados los derechos que tenían y les hicieron creer que no tenían reclamación legítima alguna contra la agencia, al utilizar como escudo el Memorando General 5-86 que OCAP publicó para facilitar el esquema fraudulento que pretendían implantar y con ello, evitar pagar el salario requerido, al dar la apariencia de que actuaban conforme a derecho, y con esto, evitar que se incoaran reclamaciones.

E.  Porque se trata de un patrón de comportamiento, pues aún cuando el Departamento de la Familia conocía de antemano que entrarían en vigor nuevos aumentos en el salario mínimo volvió en septiembre de 1997 y septiembre del 2000, a violar la Ley al no actualizar la estructura retributiva para que armonizara con el salario mínimo. Por lo que perpetuó intencionalmente el sistema paralelo de pago al continuar practicando asignaciones de puestos a la escala inoperante, e impidiendo que la retribución de los Querellantes se administrara de manera justa y conforme a derecho.

F.  Porque la Agencia ha mostrado total indiferencia y grave menosprecio respecto al cumplimiento de la ley, pues no existe justificación administrativa válida para que no hubiese tomado las medidas de rigor para corregir la situación por largo tiempo denunciada pues mantuvo a un significativo grupo de empleados asignados a escalas más altas y cuyas tareas son más complejas, devengando el mismo salario básico del conserje.

G.  Porque en clara violación a la aplicación del salario mínimo y represalia, la Agencia también se negó a hacerles efectivos los aumentos generales concedidos a todos los empleados públicos mediante las Leyes Número 410 de 8 de octubre de 2000 y 413 de 21 de diciembre del 2000 y otros aumentos a que tenían derecho por sus servicios, en virtud de otras leyes especiales.

10. Que las actuaciones del Departamento de la Familia, según arriba descrito, viola la sección 760 (e) inciso (4) de la Ley de Retribución, pues cuando finalmente adoptó la nueva estructura revisada, eliminó más de tres escalas, en abierto menosprecio de la letra clara del estatuto de retribución.

11. Que la determinación del Departamento de la Familia al mantener inoperante la estructura de la retribución de la agencia por tiempo indefinido, violó de forma intencional los Artículos 1,2, y 9 de la Ley de Retribución Uniforme y las secciones 4.2, 4.4, 4.5, y 4. 6 incisos (2), (3), (5) y (8), del Reglamento de

Retribución, entre las más importantes y que requiere asignar anualmente todas las clases de puestos dentro del servicio de carrera para mantener actualizada la estructura de retribución con el propósito lograr y mantener la equidad retributiva, ante la marcada diferencia de salarios entre el sector privado y las corporaciones públicas, *vis a vis* las agencias del sector público central, 3 L.P.R.A. sección 760 (d) (5).

12. Que la actuación del Departamento de la Familia también viola los derechos adquiridos de los Querellantes conforme a las disposiciones de la sección 4.4(3) del Reglamento de Retribución Uniforme que requiere y exige que los planes de retribución mantengan una correlación entre el valor relativo que se asigne a las escalas en los respectivos planes de clasificación y el valor monetario que se asigne a ésta mediante sueldos, para garantizar la política retributiva establecida de proveer un trato justo a los empleados.

13. Que la Agencia también violó el Reglamento de Retribución, en lo referente a la aplicación de las escalas de sueldo uniforme para aquellas clases de puestos que sean equivalentes para mantener una correlación entre el valor relativo que se asigne a las clases dentro la jerarquía, violando las secciones 4.2 y 4.4 del Reglamento de Retribución, pues se dejó de reconocer el valor relativo que tienen asignados los diferentes puestos dentro de la estructura de retribución.

14. Que con la acción y omisión incurrida por la Agencia se dejó de compensar adecuadamente los empleados Querellantes dentro del periodo en controversia, a tono con el justo valor por los servicios prestados, ya que no se tomó en consideración los niveles de responsabilidad y dificultad que envuelven los puestos que ocupan los Querellantes dentro de la jerarquía organizativa; el grado de discreción que se requiere en el descargo de los deberes y responsabilidades; los requisitos mínimos para el descargo de forma satisfactoria de los deberes de los puestos o el grado de dificultad de reclutamiento de empleados idóneos; las oportunidades de ascenso; las condiciones de trabajo en las diferentes clases de puestos; los sueldo que prevalecen el mercado de trabajo y el costo de vida; y la eficiencia y productividad individual de los empleados.

15. Que las acciones y omisiones de la Agencia constituyen una acción ilegal que ocasiona daños irreparables de carácter continuo a los Querellantes, pues le ha menoscabado derechos adquiridos y el nivel de vida e ingresos que necesitan para su sustento básico.

- ***Eliminación pasos por méritos los pasos por mérito, productividad y años de servicio, y los aumentos generales***

16. Que como parte del esquema discriminatorio incoado por la Agencia mediante el mecanismo de ajuste salarial utilizado para implantar el salario mínimo, y a pesar de ser la Ley de Retribución Uniforme perfectamente armonizable, y en la misma fecha en que entra en aplicación el salario mínimo y sus enmiendas, en violación del debido proceso de ley, el Departamento de la Familia procedió a eliminar, en todo o en parte, los pasos por mérito, productividad y años de servicio,

y los aumentos generales otorgados a los empleados Querellantes en virtud de las leyes especiales vigentes.

17. Que estando los diversos estatutos identificados en previamente extremadamente claros y libre de toda ambigüedad y tener el propósito al conceder los aumentos generales, el mejorar las condiciones de trabajo y los sueldos de los empleados beneficiados, y que éstos se concedieran y reconocieran de forma separada e independiente de las escalas, los mismos constituyen una compensación especial que no está sujeta a menoscabo, por constituir derechos adquiridos y por tanto, no agotan el margen salarial de la escala retributiva de los empleados.

18. Que mediante la aprobación de los aumentos generales otorgados a los Querellantes mediante las leyes especiales previamente identificadas, el legislador expresamente hizo reserva del fondo general para el pago de los mismos. Por lo que la Agencia actuó en forma ultra vires y contrario a derecho, y por tal razón, se reclama el pago de cualquier aumento y de todo aumento de paso o sueldo que no se haya efectuado a los Querellantes a tenor con las leyes arriba mencionadas.

19. Que bajo los mismos hechos operacionales se plantea que las determinaciones y omisiones incurridas por la Agencia se llevó a cabo "so color de autoridad", de forma arbitraria, ilegal e irrazonablemente, pues constituyó un abuso de discreción, y claro acto de represalia, según tipificado bajo la Sec. 215 de la Ley de Normas Razonables del Trabajo. También se plantea que dicho acto forma parte de un patrón de comportamiento, pues se repite cada vez que entra en aplicación nuevos aumentos en el salario mínimo, y porque persigue la privación de los derechos constitucionales de los Querellantes, según garantizados bajo estatutos federales y estatales.

20. Que los actos y omisiones de los demandados, según arriba descrito, también violan expresamente la sección 218 de la Ley de Normas Razonables del Trabajo que extiende y concede a los empleados la norma de mayor beneficio. En adición viola la Ley Número 115 de 20 de diciembre de 1991 al privar a los Querellantes del justo salario y valor real de sus servicios y beneficios adquiridos, y por haber tenido que recurrir ante los foros judiciales y administrativos para reclamar sus derechos.

21. Que los Querellantes han recibido un trato injusto, ilegal y discriminatorio en relación al salario que le corresponde por ley al dejarse inoperante la estructura de retribución en la agencia, y habérsele eliminado sin facultad de ley los pasos por mérito, por años de servicio activo, productividad y los aumentos legislativos previamente recibidos.

22. Que aunque está reconocido por nuestro ordenamiento que las actuaciones administrativas ilegales o incorrectas no crean derechos, y que el Departamento de la Familia posee la autoridad legal para corregir sus propios errores, según establecido en *Del Rey vs. JACL*, 107 DPR 348 (1978), dicha parte se ha negado a pagar las cantidades adeudadas a los Querellantes por concepto de todas las leyes que proveen para el pago de sueldos dejados de percibir. Por lo que

los Querellantes poseen un interés especial en la presente reclamación debido a que se trata de la reclamación para el pago de compensación por servicios rendidos.

## C. PETICIÓN DE LOS QUERELLANTES:

a. Que se ordene al Departamento de la Familia a cumplir estrictamente con las disposiciones más beneficiosas provistas bajo la Ley de Retribución Uniforme aplicables a los Querellantes y se corrija cualquier posible inequidad en el sistema de pago utilizado para la implantación del salario mínimo, mediante la adopción de las estructuras retributivas que debieron implantarse en las fechas correspondientes, de forma que se le pague a cada querellante conforme el nivel jerárquico o tipo retributivo a que están asignados sus respectivos puestos y se les restituya los sueldos correspondientes al incremento porcentual que les fue ilegalmente retenido cuando dejó inoperante el Plan de retribución de esa agencia.

b. Se ordene el pago de cualquier otro aumento que no se les hubiese hecho efectivo a los Querellantes, conforme a las leyes y reglamentos aplicables.

c. Se determine el monto de los salarios adeudados a cada querellante y a los efectos se Ordene a la Agencia a preparar y producir las hojas de cómputo y liquidación preparadas por la División de Personal de la agencia, en la que se indiquen los años en que no se les pagó debidamente a los empleado.

d. Se concedan todos los remedios provistos por las disposiciones legales aplicables.

Americ[...]
HC-09[...]
Caguas P.R. 80725

RECEIVED & FILED
2020 JAN 15 PM 4:35
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

U.S. POSTAGE PAID
FCM LG ENV
CAGUAS, PR
00725
JAN 14, 20
AMOUNT
**$4.95**
R2304H109474-7

1000          00918

Secretaria (Clerk's Office)
Tribunal de Distrito de los Estados Unidos
Room 150 Federal Building
San Juan (Puerto Rico) 00918-1767

Nombre
Dirección
Tel.
Email
Claim#

RECEIVED & FILED

2020 JAN 15  PM 4: 36

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

IN RE:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

as representative of
THE COMMONWEALTH OF PUERTO RICO, et
al.,

Debtors. 1

PROMESA
Title III

No. 17 BK 3283-LTS
Jointly Administered)

**This filling relates to the
Commonwealth and ERS.**

## OBJECCION

Yo Karla M. Vázquez Meléndez residente en Calle Neisy E-27 Caguas, Puerto Rico
00725 que he trabajado en el gobierno de Puerto Rico en las siguientes agencias:

Departamento de la Familia 2008 hasta el 2015.

El Estado Libre Asociado de Puerto Rico me adeuda un ajuste de salario mínimo
federal y el patrono debe determinar cuánto es la cantidad. Adjunto documentación
solicitada.

**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM BECAUSE THEIR RECORDS SHOW THAT YOUR CLAIM IS DEFICIENT.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|
| Vazquez Melendez, Karla | 18674 | 5/21/2018 | Commonwealth of Puerto Rico | $0.00 $40,000.00 |
| Reason: | Proof of claim purports to assert liabilities associated with the Commonwealth of Puerto Rico, but fails to provide any basis or supporting documentation for asserting a claim against the Commonwealth of Puerto Rico, such that the Debtors are unable to determine whether claimant has a valid claim against the Commonwealth of Puerto Rico or any of the other Title III debtors | | | |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO, PUESTO QUE LOS DATOS INDICAN QUE SU RECLAMO ES DEFICIENTE.**

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|---|---|---|---|---|
| Vazquez Melendez, Karla | 18674 | 5/21/2018 | Commonwealth of Puerto Rico | $0.00 $40,000.00 |
| Base para: | La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra el Estado Libre Asociado de Puerto Rico, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III. | | | |

Copies of the Omnibus Objection and all other filings in the Title III Cases are available free online at https://cases.primeclerk.com/puertorico.  If you have questions, please contact Prime Clerk LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m.  (Atlantic Standard Time) (Spanish available).

Copias de la Objeción global, y todos los escritos radicados en el marco de las causas conforme al Título III, están disponibles, de manera gratuita, en https://cases.primeclerk.com/puertorico.  Si tiene alguna pregunta, comuníquese con Prime Clerk LLC llamando al (844) 822-9231 (número gratuito para Estados Unidos y Puerto Rico) o (646) 486-7944 (para llamadas desde el extranjero), disponible entre las 10:00 a.m. y las 07:00 p.m. (AST) (hablamos español).

You may also submit your claim electronically by visiting http://cases.primeclerk.com/puertorico/EPOC-Index

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

**Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación).**

MMLID: 571369

EPOC ID: 170328301110315

| | Case No. | Petition Date |
|---|---|---|
| ☒ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

RECEIVED PRIME CLERK LLC
2018 MAY 21 A 9:42

Debtor Commonwealth of Puerto Rico has listed your claim in their Creditor List on Schedule E -- Employee Obligations as a Contingent, Unliquidated general unsecured claim in an Undetermined amount. You must timely file a proof of claim or be forever barred from participating or sharing in any distribution or being treated as a claim for purposes of voting or distribution.

El deudor Commonwealth of Puerto Rico ha listado su reclamación en la lista de acreedores en el Schedule E -- Obligaciones de Empleados como un reclamo Contigente, Sin liquidez no asegurado por un monto Indeterminado. Debe presentar una prueba de reclamación oportunamente o se le prohibirá por siempre participar o compartir en cualquier distribución o ser tratado como un reclamo para fines de votación o distribución.

Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

Read the Instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada con prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

☐ Date Stamped Copy Returned
☐ No Self-Addressed Stamped Envelope
☒ No Copy Provided

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

| **Part 1 / Parte 1** | **Identify the Claim / Identificar la reclamación** |
|---|---|

**1. Who is the current creditor?**

**¿Quién es el acreedor actual?**

VAZQUEZ MELENDEZ, KARLA

Name of the current creditor (the person or entity to be paid for this claim)
Nombre al acreedor actual (la persona o la entidad a la que se pagará la reclamación)

Other names the creditor used with the debtor
Otros nombres que el creditor usó con el deudor

Claim Number: 18674


170328301110315                                    page 1

2. Has this claim been acquired from someone else?

¿Esta reclamación se ha adquirido de otra persona?

☒ No / No
☐ Yes. From whom?
   Sí. ¿De quién? _____

---

3. Where should notices and payments to the creditor be sent?

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

¿A dónde deberían enviarse las notificaciones al acreedor?

Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g)

**Where should notices to the creditor be sent?**
¿A dónde deberían enviarse las notificaciones al acreedor?

VAZQUEZ MELENDEZ, KARLA
URB SANTA ROSA E-27
CALLE NEISY
CAGUAS, PR 00725

(787) 643-2753
Contact phone / Teléfono de contacto

_____
Contact email / Correo electrónico de contacto

**Where should payments to the creditor be sent?**
(if different)
¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente)

187

Vázquez Meléndez Karla
Name / Nombre

Urb. Santa Rosa E-27 Calle Neisy
Number / Número        Street / Calle

Caguas, Puerto Rico      00725
City / Ciudad    State / Estado    ZIP Code / Código postal

(787) 643-2753
Contact phone / Teléfono de contacto

_____
Contact email / Correo electrónico de contacto

---

4. Does this claim amend one already filed?

¿Esta reclamación es una enmienda de otra presentada anteriormente?

☒ No / No
☐ Yes.  Claim number on court claims registry (if known)
        Sí.  Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)_____
        Filed on / Presentada el _____ (MM /DD/YYYY) / (DD/MM/AAAA)

---

5. Do you know if anyone else has filed a proof of claim for this claim?

¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación?

☒ No / No
☐ Yes. Who made the earlier filing?
   Sí. ¿Quién hizo la reclamación anterior?_____

---

**Part 2 / Parte 2:**   Give Information About the Claim as of the Petition Date
Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.

6. Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?

¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico?

☐ No / No
☒ Yes. Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)
   Sí. Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).

Estado Libre Asociado de Puerto Rico: Departamento de la Familia

---

7. Do you supply goods and / or services to the government?

¿Proporciona bienes y / o servicios al gobierno?

☐ No / No
☒ Yes. Provide the additional information set forth below / Sí. Proporcione la información adicional establecida a continuación:

Vendor / Contract Number | Número de proveedor / contrato: _____ Empleado _____

List any amounts due after the Petition Date (listed above) but before June 30, 2017:
Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____

---

**8. How much is the claim?**

¿Cuál es el importe de la reclamación?

$ $40,000.00 . Does this amount include interest or other charges?
¿Este importe incluye intereses u otros cargos?

☒ No / No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).
Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A).

**9. What is the basis of the claim?**

¿Cuál es el fundamento de la reclamación?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.

*Reclamación Laboral : Ajuste Salarial*

**10. Is all or part of the claim secured?**

¿La reclamación está garantizada de manera total o parcial?

☒ No / No

☐ Yes. The claim is secured by a lien on property.
Sí. La reclamación está garantizada por un derecho de retención sobre un bien.

Nature of property / Naturaleza del bien:

☐ Motor vehicle / Vehículos

☐ Other. Describe:
Otro. Describir: _____

Basis for perfection / Fundamento de la realización de pasos adicionales: _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.)

Value of property / Valor del bien: $_____

Amount of the claim that is secured /
Importe de la reclamación que está garantizado: $_____

Amount of the claim that is unsecured /
Importe de la reclamación que no está garantizado: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)
(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)

Amount necessary to cure any default as of the Petition Date /
Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso : $_____

Annual Interest Rate (on the Petition Date)
Tasa de interés anual (cuando se presentó el caso)_____%

☐ Fixed / Fija

☐ Variable / Variable

**11. Is this claim based on a lease?**

¿Esta reclamación está basada en un arrendamiento?

☒ No / No

☐ Yes. Amount necessary to cure any default as of the Petition Date.
Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso $_____

| 12. Is this claim subject to a right of setoff? | ☒ No / No |
| ¿La reclamación está sujeta a un derecho de compensación? | ☐ Yes. Identify the property / Sí. Identifique el bien: _____ |

| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☒ No / No |
| ¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.   $_____

Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. |

## Part 3 / Parte 3: Sign Below / Firmar a continuación

**The person completing this proof of claim must sign and date it.**
FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha.**
FRBP 9011(b).

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

*Check the appropriate box / Marque la casilla correspondiente:*

☒ I am the creditor. / Soy el acreedor.

☐ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el   10-mayo. 2018 ____ (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma _____

**Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:**

Name   *Karla Vázquez Meléndez*
First name / Primer nombre   Middle name / Segundo nombre   Last name / Apellido

Title / Cargo _____

Company / Compañía _____
Identify the corporate servicer as the company if the authorized agent is a servicer.
Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

Address / Dirección _____
Number / Número   Street / Calle

_____
City / Ciudad        State / Estado   ZIP Code / Código postal

Contact phone / Teléfono de contacto _____   Email / Correo electrónico _____

Modified Official Form 410          Proof of Claim          page 4



rime Clerk

30 3ᴿᴰ AVE FL 9

EW YORK NY 10022-6561

'ICE ENCLOSED, DIRECT TO ATTENTION OF ADDRESSEE OR PRESIDENT / GENERAL COUNSEL.

RECEIVED

MAY 21 2018

PRIME CLERK LLC

**FedEx** International Air Waybill
Express

Origin Copy

FedEx Tracking Number  8120 6424 6037   0402   Form ID No.

**1 From**

Date 05/20/18.   Sender's FedEx Account Number

Sender's Name  Tania H Rosado   Phone

Company  Prime Clerk - Caguas

Address  Ocean Hub Center Calle 2 Marina

Address Villa Blanca

City Caguas   State/Province P.R

Country   ZIP/Postal Code 00725

Email Address

Internal Billing Reference  1245-02   (23)

**2 To**   28 ☐ Residential Delivery   475

Recipient's Name   Phone 4729243386

Company PRIME CLERK

Address   RECEIVED   MAY 28 2018

Address 850 3RD AVE STE 412

City BROOKLYN   State/Province NY   PRIME CLERK LL

Country US   ZIP/Postal Code 11232

Email Address

Recipient's Tax ID Number for Customs Purposes

**4 Express Package Service**
NOTE: Service order has changed. Please select carefully.

06 ☐ FedEx Intl. First   01 ☐ FedEx Intl. Priority   03 ☒ FedEx Intl. Economy

**5 Packaging**

06 ☐ FedEx Envelope   02 ☒ FedEx Pak   03 ☐ FedEx Box   04 ☐ FedEx Tube

15 ☐ FedEx 10kg Box   25 ☐ FedEx 25kg Box   01 ☐ Other

**6 Special Handling and Delivery Signature Options**

01 ☐ HOLD at FedEx Location   03 ☐ SATURDAY Delivery

10 ☐ Direct Signature   34 ☐ Indirect Signature

**7 Payment**   Bill transportation charges to:

☐ Sender   2 ☒ Recipient   3 ☐ Third Party   4 ☐ Credit Card   5 ☐ Cash/Check

Enter FedEx Acct. No. or Credit Card No. below.

9045-8996-7

Credit Card Exp. Date

Bill duties and taxes to:

☐ Sender   ☐ Recipient   3 ☐ Third Party   6 ☐ Cash/Cheque

**3 Shipment Information**

Total Packages   Total Weight   DIM   lbs   kg

Commodity Description | Harmonized Code | Country of Manufacture | Value for Customs

Legal Documents

**8 Required Signature**

Sender's Signature

Recipient's Signature   662

Origin Station ID  NRIA   Country Code/Destination Station ID  NY   URSA Routing  FTPA SA FRGA   Handling Units

Total Volume (cm)

ANEJO B

## A. DISPOSICIONES LEGALES VIOLENTADAS:

Artículo II, secciones 7 y 16 de la Constitución del Estado Libre Asociado de Puerto Rico; Sección 1983 de la Constitución de Estados Unidos; "Equal Pay Act" y Ley de Salario Mínimo Federal (FLSA) y su Reglamento; Ley 4 del 14 de octubre de 1975, según enmendada y su Reglamento; Ley 89 de 12 de julio de 1979 y su Reglamento; Ley 5 de 22 de noviembre de 1975 y su Reglamento; Ley 3 de 30 de junio de 1977; Ley 12 del 27 de agosto de 1982, Ley 83 de 4 de junio de 1983; Ley No. 84 del 4 de junio de 1983; Ley 90 de 9 julio de 1986; Ley 1 de 9 de enero de 1988; Ley 7 del 7 de mayo de 1989; Orden Ejecutiva 1994-32; Ley 159 de 29 de junio de 1999; Ley 410de 8 de octubre de 2000; Ley 413 de 21 de diciembre de 2000; Ley para la administración de los Recursos Humanos en el Servicio Público, Ley Núm. 132 de septiembre de 2000; Ley Núm. 184 del 3 de agosto de 2004 y cualquier otro estatuto o reglamento que disponga para aumentos por servicios prestados aplicables a los Querellantes y no se haya pagado a estos dicho beneficios y los Artículos 1803 y 1867 del Código Civil, 31 L.P.R.A.

## B. DESCRIPCIÓN DE HECHOS:

### a. INTRODUCCIÓN

La controversia de la presente queja versa sobre una cuestión estrictamente de derecho y es esencialmente igual a la resuelta mediante Sentencia Declaratoria por el Tribunal de Primera Instancia, Sala de San Juan, en el caso de *Juan Pérez Colón y otros vs Departamento de Transportación y Obras Públicas*, caso número KAC 1990-0487, donde se declaró la nulidad del método de ajuste salarial establecido en el memorando general de OCAP 5-86, de 23 de abril de 1986, por violar las disposiciones de la Ley de Retribución Uniforme y Art. II sec. 16 de nuestra Constitución. Así también, es idéntica a la ya resuelta por el Foro Judicial en los casos *Carmen Socorro Cruz Hernández y otros v. Departamento de la Familia,* Civil Núm. KAC 1991-0665 y *Nilda Agosto Maldonado y otros vs. ELA,* Civil Núm. K PE2005-0608 (907).

### b. HECHOS COMUNES A TODOS LOS QUERELLANTES:

1. El 12 de julio de 1979, la Legislatura de Puerto Rico aprobó la Ley Número 89 conocida como Ley de Retribución Uniforme. Dicha Ley estableció como política pública proveer a los empleados del servicio público un tratamiento equitativo y justo en la fijación de sus sueldos. A tales fines, se dispuso que la Oficina Central de Administración de Personal y los administradores individuales adoptarían planes de retribución conforme al Reglamento que adoptara OCAP hoy conocida como OCALARH (3 L. P. R. A. 706a). Igualmente impuso la obligación al director de la OCAP y a los administradores individuales de mantener actualizadas las estructuras de retribución.

2. El 15 de abril de 1986, entró en aplicación en el Departamento de la Familia la Ley de Retribución Uniforme, con un salario mínimo federal de $3.25 la

hora, equivalente a un salario mensual de $545 para una jornada de 37. 5 horas semanales.

3. Al seleccionar el Departamento de la Familia en la fecha en que entra en aplicación el FLSA y en fechas posteriores, el método de ajuste recomendado por la OCAP para implantar el salario mínimo se produce una acción concertada entre la OCAP y el Departamento de la Familia, pues a sabiendas de que correspondía reducir la jornada diaria conforme establecía la Ley Número 5 de 20 de noviembre de 1975 y el Reglamento que OCAP había aprobado para implantar dicha ley, se estableció para la compensación de los empleados Querellantes un sistema paralelo de pago que viola el principio de igual para por igual trabajo, en claro detrimento del principio de equidad retributiva, dejándose así inoperante el sistema de escalas salariales.

4. Que a los querellantes se les engañó respecto al estado de derecho, ya que los funcionarios, agentes y representantes del Departamento de la Familia al reclamarle los Querellantes se le compensara de acuerdo a la clasificación que tenían, se escudaron en el Memorando General 5-86 de la OCAP para hacerles representaciones fraudulentas referente a que no procedía actualizar las escalas y les hicieron representaciones, a sabiendas de que eran falsas, referente a que la ley federal sólo obligaba pagar el tipo mínimo, lo que engendró una situación contraria a la realidad, esto es, una situación aparente y mediante tal apariencia influyeron en la confianza de los empleados Querellantes, pues creyeron de buena fe que la Agencia había cumplido con los deberes de su cargo con regularidad.

5. Que dicha acción intencional del Estado, al actuar con conocimiento de la ilegalidad de sus actos, también se acredita de la carta del 20 de noviembre de 1985 remitida por el Director de la OCAP al entonces gobernador de Puerto Rico, ya que en la misma se informaba, en síntesis, que la implantación del salario mínimo requería la adopción de una nueva estructura retributiva, la cual la Oficina ya había confeccionado e incluyó copia. Además, porque se informa que de no contar el Gobierno Central con los fondos para cumplir con las exigencias de esa ley, debía proceder a reducir la jornada diaria de trabajo de sus empleados.

6. Que al ignorar la Agencia las disposiciones más beneficiosas de la Ley de Retribución Uniforme, y responsabilidad ministerial de mantener actualizada la escala de retribución del Departamento, actuó de forma ultra vires y en contravención a la ley de salario mínimo aplicable a los empleados Querellantes, pues éstos recibieron un trato injusto, ilegal y discriminatorio, con relación a los sueldos a que tienen derecho respecto a sus puestos y el sueldo que efectivamente se les ha pagado hasta el presente. En particular, porque como consecuencia directa del método de ajuste utilizado para la implantación del salario mínimo, los empleados Querellantes perdieron la posición jerárquica que les correspondía dentro del sistema de escalas establecido en el Departamento bajo la Ley de Retribución, y se les pagó ilegalmente el mismo salario que el recibido por el conserje y trabajador, a pesar de realizar funciones de más responsabilidad y complejidad. Por ende, se les privó del derecho garantizado por ley a recibir una compensación superior, en forma ascendente, a tono con las funciones que realizan y la jerarquía, niveles de responsabilidad y complejidad de sus respectivos puestos y que estuviera a tono con

PÁGINA 3

el valor de su trabajo dentro del mercado de empleo.

7. Que la situación arriba descrita con el transcurso del tiempo se convirtió en más crítica, pues al entrar en vigor nuevos aumentos en el salario mínimo, se fueron afectando de la misma manera mayor número de empleados, con el resultado de que para 1996 llegaron a recibir el mismo salario del conserje, todos los empleados que estaban asignados hasta el nivel 19, en la escala retributiva, irrespectivamente de la complejidad de las funciones y responsabilidades asignadas a sus puestos.

8. Que aunque a 1996 el Departamento de la Familia adoptó tardíamente una nueva estructura de retribución que conformaba con el salario mínimo entonces vigente y restableció temporalmente la diferencia entre los distintos niveles, dicho Departamento no cumplió con los mecanismos establecidos en el Reglamento de Retribución, ni con las normas adoptadas por OCAP cuando practicó la asignación de los sueldos que le correspondía a los Querellantes resultando los empleados perjudicados.

9. Que la situación antes descrita constituyó un acto temerario, crasamente negligente, fraudulento y un enriquecimiento injusto, por los siguientes hechos:

A. Porque el Departamento de la Familia conocía que desde la fecha en que inicialmente implantó el salario mínimo se estaba beneficiando por los servicios prestados por los aquí Querellantes al no pagarles la justa compensación. Además, porque con su determinación se violaba las disposiciones del Artículo II, sección 16 de la Constitución del Estado Libre Asociado de Puerto Rico y la doctrina de "comparable worth", pues según se admite en el Memorando 5-94 de 3 de junio de 1994 de OCAP, dicho Departamento, como administrador individual, "debió tomar conocimiento, que no era procedente efectuar la asignación de las escalas, a las escalas correspondientes en el plan que quedó inoperante, pues cuando están las escalas por debajo del salario mínimo no se cumple con la política pública de proveer un trato justo y equitativo en la fijación de sueldos de los empleados".

B. Porque la actuación del Departamento ha sido temerariamente negligente al negarse a corregir su error y ha actuado de forma irrazonable al privar ilegalmente a los empleados Querellantes de los sueldos que les corresponden por ley, ignorando la norma establecida en nuestra jurisdicción desde hace más de 50 años y reiterada por el Honorable Tribunal Supremo en _Olazagasti vs. Eastern Sugar Ass._ 79 DPR 93 (1956), donde claramente se determinó que al aprobar el Congreso Federal la sección 218 de la Ley de Salario Mínimo Federal hizo patente su intención de impedir a los estados, que amparándose en la Ley de Normas Razonables del Trabajo pudieran bajar las normas de trabajo o beneficios más altos existentes en los estados o territorios.

C. Porque la Agencia violó intencionalmente la Ley Número 5 de 20 de noviembre de 1975 y la reglamentación adoptada por OCAP donde

claramente se le impone a las agencias del ELA, la obligación de implantar un programa de reducción de jornada de no contar con los fondos necesarios para implantar el salario mínimo. Máxime, cuando nada existe en esa Ley de donde se pueda inferir una dispensa.

D.  Porque el Departamento de la Familia, sus agentes y representantes, tergiversaron y ocultaron deliberadamente a los empleados Querellantes y a otros empleados similarmente situados los derechos que tenían y les hicieron creer que no tenían reclamación legítima alguna contra la agencia, al utilizar como escudo el Memorando General 5-86 que OCAP publicó para facilitar el esquema fraudulento que pretendían implantar y con ello, evitar pagar el salario requerido, al dar la apariencia de que actuaban conforme a derecho, y con esto, evitar que se incoaran reclamaciones.

E.  Porque se trata de un patrón de comportamiento, pues aún cuando el Departamento de la Familia conocía de antemano que entrarían en vigor nuevos aumentos en el salario mínimo volvió en septiembre de 1997 y septiembre del 2000, a violar la Ley al no actualizar la estructura retributiva para que armonizara con el salario mínimo. Por lo que perpetuó intencionalmente el sistema paralelo de pago al continuar practicando asignaciones de puestos a la escala inoperante, e impidiendo que la retribución de los Querellantes se administrara de manera justa y conforme a derecho.

F.  Porque la Agencia ha mostrado total indiferencia y grave menosprecio respecto al cumplimiento de la ley, pues no existe justificación administrativa válida para que no hubiese tomado las medidas de rigor para corregir la situación por largo tiempo denunciada pues mantuvo a un significativo grupo de empleados asignados a escalas más altas y cuyas tareas son más complejas, devengando el mismo salario básico del conserje.

G.  Porque en clara violación a la aplicación del salario mínimo y represalia, la Agencia también se negó a hacerles efectivos los aumentos generales concedidos a todos los empleados públicos mediante las Leyes Número 410 de 8 de octubre de 2000 y 413 de 21 de diciembre del 2000 y otros aumentos a que tenían derecho por sus servicios, en virtud de otras leyes especiales.

10. Que las actuaciones del Departamento de la Familia, según arriba descrito, viola la sección 760 (e) inciso (4) de la Ley de Retribución, pues cuando finalmente adoptó la nueva estructura revisada, eliminó más de tres escalas, en abierto menosprecio de la letra clara del estatuto de retribución.

11. Que la determinación del Departamento de la Familia al mantener inoperante la estructura de la retribución de la agencia por tiempo indefinido, violó de forma intencional los Artículos 1,2, y 9 de la Ley de Retribución Uniforme y las secciones 4.2, 4.4, 4.5, y 4. 6 incisos (2), (3), (5) y (8), del Reglamento de

PÁGINA 5

Retribución, entre las más importantes y que requiere asignar anualmente todas las clases de puestos dentro del servicio de carrera para mantener actualizada la estructura de retribución con el propósito lograr y mantener la equidad retributiva, ante la marcada diferencia de salarios entre el sector privado y las corporaciones públicas, *vis a vis* las agencias del sector público central, 3 L.P.R.A. sección 760 (d) (5).

12. Que la actuación del Departamento de la Familia también viola los derechos adquiridos de los Querellantes conforme a las disposiciones de la sección 4.4(3) del Reglamento de Retribución Uniforme que requiere y exige que los planes de retribución mantengan una correlación entre el valor relativo que se asigne a las escalas en los respectivos planes de clasificación y el valor monetario que se asigne a ésta mediante sueldos, para garantizar la política retributiva establecida de proveer un trato justo a los empleados.

13. Que la Agencia también violó el Reglamento de Retribución, en lo referente a la aplicación de las escalas de sueldo uniforme para aquellas clases de puestos que sean equivalentes para mantener una correlación entre el valor relativo que se asigne a las clases dentro la jerarquía, violando las secciones 4.2 y 4.4 del Reglamento de Retribución, pues se dejó de reconocer el valor relativo que tienen asignados los diferentes puestos dentro de la estructura de retribución.

14. Que con la acción y omisión incurrida por la Agencia se dejó de compensar adecuadamente los empleados Querellantes dentro del periodo en controversia, a tono con el justo valor por los servicios prestados, ya que no se tomó en consideración los niveles de responsabilidad y dificultad que envuelven los puestos que ocupan los Querellantes dentro de la jerarquía organizativa; el grado de discreción que se requiere en el descargo de los deberes y responsabilidades; los requisitos mínimos para el descargo de forma satisfactoria de los deberes de los puestos o el grado de dificultad de reclutamiento de empleados idóneos; las oportunidades de ascenso; las condiciones de trabajo en las diferentes clases de puestos; los sueldo que prevalecen el mercado de trabajo y el costo de vida; y la eficiencia y productividad individual de los empleados.

15. Que las acciones y omisiones de la Agencia constituyen una acción ilegal que ocasiona daños irreparables de carácter continuo a los Querellantes, pues le ha menoscabado derechos adquiridos y el nivel de vida e ingresos que necesitan para su sustento básico.

- *Eliminación pasos por méritos los pasos por mérito, productividad y años de servicio, y los aumentos generales*

16. Que como parte del esquema discriminatorio incoado por la Agencia mediante el mecanismo de ajuste salarial utilizado para implantar el salario mínimo, y a pesar de ser la Ley de Retribución Uniforme perfectamente armonizable, y en la misma fecha en que entra en aplicación el salario mínimo y sus enmiendas, en violación del debido proceso de ley, el Departamento de la Familia procedió a eliminar, en todo o en parte, los pasos por mérito, productividad y años de servicio,

y los aumentos generales otorgados a los empleados Querellantes en virtud de las leyes especiales vigentes.

17. Que estando los diversos estatutos identificados en previamente extremadamente claros y libre de toda ambigüedad y tener el propósito al conceder los aumentos generales, el mejorar las condiciones de trabajo y los sueldos de los empleados beneficiados, y que éstos se concedieran y reconocieran de forma separada e independiente de las escalas, los mismos constituyen una compensación especial que no está sujeta a menoscabo, por constituir derechos adquiridos y por tanto, no agotan el margen salarial de la escala retributiva de los empleados.

18. Que mediante la aprobación de los aumentos generales otorgados a los Querellantes mediante las leyes especiales previamente identificadas, el legislador expresamente hizo reserva del fondo general para el pago de los mismos. Por lo que la Agencia actuó en forma ultra vires y contrario a derecho, y por tal razón, se reclama el pago de cualquier aumento o sueldo de todo aumento de paso o sueldo que no se haya efectuado a los Querellantes a tenor con las leyes arriba mencionadas.

19. Que bajo los mismos hechos operacionales se plantea que las determinaciones y omisiones incurridas por la Agencia se llevó a cabo "so color de autoridad", de forma arbitraria, ilegal e irrazonablemente, pues constituyó un abuso de discreción, y claro acto de represalia, según tipificado bajo la Sec. 215 de la Ley de Normas Razonables del Trabajo. También se plantea que dicho acto forma parte de un patrón de comportamiento, pues se repite cada vez que entra en aplicación nuevos aumentos en el salario mínimo, y porque persigue la privación de los derechos constitucionales de los Querellantes, según garantizados bajo estatutos federales y estatales.

20. Que los actos y omisiones de los demandados, según arriba descrito, también violan expresamente la sección 218 de la Ley de Normas Razonables del Trabajo que extiende y concede a los empleados la norma de mayor beneficio. En adición viola la Ley Número 115 de 20 de diciembre de 1991 al privar a los Querellantes del justo salario y valor real de sus servicios y beneficios adquiridos, y por haber tenido que recurrir ante los foros judiciales y administrativos para reclamar sus derechos.

21. Que los Querellantes han recibido un trato injusto, ilegal y discriminatorio en relación al salario que le corresponde por ley al dejarse inoperante la estructura de retribución en la agencia, y habérsele eliminado sin facultad de ley los pasos por mérito, por años de servicio activo, productividad y los aumentos legislativos previamente recibidos.

22. Que aunque está reconocido por nuestro ordenamiento que las actuaciones administrativas ilegales o incorrectas no crean derechos, y que el Departamento de la Familia posee la autoridad legal para corregir sus propios errores, según establecido en *Del Rey vs. JACL,* 107 DPR 348 (1978), dicha parte se ha negado a pagar las cantidades adeudadas a los Querellantes por concepto de todas las leyes que proveen para el pago de sueldos dejados de percibir. Por lo que

los Querellantes poseen un interés especial en la presente reclamación debido a que se trata de la reclamación para el pago de compensación por servicios rendidos.

## C. PETICIÓN DE LOS QUERELLANTES:

a.  Que se ordene al Departamento de la Familia a cumplir estrictamente con las disposiciones más beneficiosas provistas bajo la Ley de Retribución Uniforme aplicables a los Querellantes y se corrija cualquier posible inequidad en el sistema de pago utilizado para la implantación del salario mínimo, mediante la adopción de las estructuras retributivas que debieron implantarse en las fechas correspondientes, de forma que se le pague a cada querellante conforme el nivel jerárquico o tipo retributivo a que están asignados sus respectivos puestos y se les restituya los sueldos correspondientes al incremento porcentual que les fue ilegalmente retenido cuando dejó inoperante el Plan de retribución de esa agencia.

b.  Se ordene el pago de cualquier otro aumento que no se les hubiese hecho efectivo a los Querellantes, conforme a las leyes y reglamentos aplicables.

c.  Se determine el monto de los salarios adeudados a cada querellante y a los efectos se Ordene a la Agencia a preparar y producir las hojas de cómputo y liquidación preparadas por la División de Personal de la agencia, en la que se indiquen los años en que no se les pagó debidamente a los empleado.

d.  Se concedan todos los remedios provistos por las disposiciones legales aplicables.

**OFICINA DEL GOBERNADOR**

LA FORTALEZA

SAN JUAN, PUERTO RICO 00901



12 de abril de 1983

El 1ro de junio de 1983, comenzarás a recibir una bonificación especial que se te pagará de la siguiente forma:

$50 el 1ro de junio de 1983
$30 el 1ro de julio de 1983
$50 el 31 de julio de 1983
$30 el 31 de agosto de 1983
$30 el 30 de septiembre de 1983

La bonificación que habrás de recibir además de tu sueldo, se logró con la aprobación de la Ley Núm. 12 de 27 de agosto de 1982. En tu caso particular representa una cantidad total de $190 en un período de 4 meses.

Debido a que la situación económica de nuestro país continúa difícil y que tenemos compromisos y prioridades ineludibles, sometí legislación ante las Cámaras Legislativas con el propósito de implantar un plan por etapas encaminado a mejorar la condición retributiva de los empleados públicos.

Dicho plan entrará en vigor el 1ro de octubre de 1983, conforme a la Ley Núm. 12 de 27 de agosto de 1982, y a legislación sometida. En esta ocasión, el 1ro de octubre de 1983, recibirás un aumento de $30 mensuales en tu sueldo regular que como tal será permanente y se habrá de considerar para los fines del cómputo de pensiones, de tu margen prestatario y para otros beneficios marginales.

-02-

Posteriormente, el 1ro de abril de 1984, o sea 6 meses después de haber recibido tu primer aumento en sueldo, entrarán en vigor nuevas escalas salariales, las que forman parte de un plan integral de retribución desarrollado por una firma consultora bajo la coordinación de la Oficina Central de Administración de Personal.

Las nuevas escalas de retribución que entrarán en vigor en estas fechas están desarrolladas en una base porcentual y superan en todos los tipos retributivos a las vigentes.  La adopción de estas nuevas escalas te traerá un segundo aumento de sueldo.  Este aumento será variable y su cuantía dependerá de la clasificación de tu puesto y del paso a que corresponda tu sueldo al entrar en vigor las nuevas escalas.  En el caso de los empleados de carrera, el tipo mínimo vigente se incrementará desde $57 hasta $125 mensuales y, como te dije anteriormente, el aumento individual a recibir en dicha cantidad dependerá de la clasificación de tu puesto y del paso a que corresponda tu sueldo.

Para determinar el aumento neto que recibirás en virtud de las nuevas escalas de sueldos, deberás restarle el adelanto que ya se te habrá otorgado de $30 mensuales a partir del 1ro de octubre de 1983, al efecto bruto que tendrán las nuevas escalas sobre tu sueldo individual.

En años fiscales futuros se implantarán las otras 2 etapas de la reestructuración salarial, de acuerdo a los recursos disponibles que conllevan revisiones de las estructuras salariales.  Cuando se adopte la tercera etapa, los mínimos de las escalas vigentes para los empleados de carrera, se incrementarán desde $169 mensuales hasta $375 mensuales, dependiendo del nivel de clasificación.

Esta acción representa un esfuerzo adicional de nuestra Administración por hacer justicia a los trabajadores en el servicio público, cuyos salarios tradicionalmente se han mantenido por debajo de las tendencias retributivas que se registran en el sector privado.  Además, constituye una forma de compensar irrevocablemente y en forma permanente a los empleados públicos, ya que los ajustes salariales se hacen de conformidad con la realidad presupuestaria de nuestro gobierno, así que puedes tener la seguridad de que los mismos se harán efectivos en las fechas en que se dispone y no serán cancelados ulteriormente.

Espero haber clarificado todo lo concerniente a la situación salarial de los empleados de carrera, según se proyectó por los aumentos propuestos a la Asamblea Legislativa y por la implantación de las nuevas escalas salariales al 1ro de abril de 1984.

Cordialmente,

Carlos Romero Barceló



Karla M. Vázquez Meléndez
E-27 Neisy
Urb. Santa Rosa
Caguas, P. R. 00725

RECEIVED & FILED
2020 JAN 15 PM 4: 36
CLERK'S OFFICE
US DISTRICT COURT
SAN JUAN, PR

Secretaría
Tribunal de Distrito de los Estados Unidos
Room 150 Federal Building
San Juan, P. R. 00918-1767

**Hearing Date: January 29, 2020, at 9:30AM (Atlantic Standard Time)**
**Response Deadline: January 14, 2020 at 4:00PM (Atlantic Standard Time)**
**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO
TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**
In re:
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,
as representative of
THE COMMONWEALTH OF PUERTO RICO, *et
al.*,
Debtors.₁
PROMESA
Title III
No. 17 BK 3283-LTS
(Jointly Administered)
**This filing relates to the
Commonwealth, HTA, and
ERS.**
**RESPONSE TO NINETY-SEVENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE)
OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF
THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO
DEFICIENT CLAIMS ASSERTING INTERESTS BASED ON SALARY DEMANDS,
EMPLOYMENT OR SERVICES PROVIDED**

**For case no.** CINTRON RODRIGUEZ, NELSON
URB BRISAS DEL MAR II CALLE PALMERA O 20
GUAYAMA, PR 00733-6533
6/5/2018 17 BK 03566-LTS Employees Retirement System of the
Government of the Commonwealth
of Puerto Rico
73958 $ 15,068.62
Reason: Proof of claim purports to assert liabilities associated with the Employees Retirement System of the
Government of the Commonwealth of Puerto Rico, but fails to provide any basis or
supporting documentation for asserting a claim against the Employees Retirement System of the
Government of the Commonwealth of Puerto Rico, such that the Debtors are unable to determine
whether claimant has a valid claim against the Employees Retirement System of the Government of the Commonwealth of Puerto
Rico or any of the other Title III debtors

CLAIM is based on an audience celebrated before the Board Directors of the Employees Retirement System of the Government
of the Commonwealth of Puerto Rico in witch it was proved that the Retirement System fails to meets law's due dates for the
Request of Nelson Cintron Rodriguez.  In this case the disposition from the Board Directors hasn't been received.

Mr. Nelson Cintron Rodriguez
URB BRISAS DEL MAR II CALLE PALMERA O 20
GUAYAMA, PR 00733-6533



ORIGIN ID:PSEA   (787) 398-4282
NELSON CINTRON RODRIGUEZ

SHIP DATE: 14JAN20
ACTWGT: 0.50 LB
CAD: 006998623/SSFE2021

URB BRISAS DEL MAR II
CALLE PALMERA 0-20
GUAYAMA, PR 00784
UNITED STATES US

TO
**CLERKS OFFICE US DISTRICT COURT**
**ROOM 150 FEDERAL BUILDING**

**SAN JUAN PR 00918**
(000) 000-0000           REF:
INV:
PO:                         DEPT:

**(US)**



FedEx
Express

**E**

REL#



FedEx
TRK#  **7796 6315 2070**
[0430]

5S SIGA

WED — 15 JAN A5
WED — 15 JAN A5
INTL PRIORITY
NSR

**00918**
PR-US
**SJU**



FID  427598 14JAN20 PSEA  56AC2/DF82/05A2



2020 JAN 15 PM 12: 22

2020 JAN 15 PM 12: 29



13 de enero de 2020

**Radicación de replica (Objeción)**

**PROMESA TITULO III NO. 17 03283**

**Número de reclamación:**

Nombre:                          Elizabeth Santiago Ramirez

Dirección Postal:          Santa Juanita calle 24 AU-14 Bayamón, PR 00956

Dirección Residencial:   Santa Juanita calle 24 AU-14 Bayamón, PR 00956

Número de contacto:    787-688-6535

Correo electrónico:       abu_ely58@hotmail.com

Epígrafe: Re: Financial Oversight and management Board of Puerto Rico

Razón para la objection:  Se somete documentación para continuar con demanda

Caso número 2016-05-1340 Retribución

**Hearing Date: January 29, 2020, at 9:30AM (Atlantic Standard Time)**
**Response Deadline: January 14, 2020 at 4:00PM (Atlantic Standard Time)**

<div style="border:1px solid">

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

</div>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA, and ERS.** |

## NINETY-EIGHTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS ASSERTING INTERESTS BASED ON SALARY DEMANDS, EMPLOYMENT OR SERVICES PROVIDED

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).



GOBIERNO DE PUERTO RICO
**Departamento de la Familia**
Administración de Desarrollo Socioeconómico de la Familia

# C E R T I F I C A C I Ó N

Certifico que la **Sra. Elizabeth Santiago Ramírez**, Núm. Seguro Social XXX-XX-7023 labora para la Administración de Desarrollo Socioeconómico de la Familia (ADSEF) adscrita al Departamento de la Familia, desde el 1 de noviembre de 1994.

La señora **Santiago Ramírez** ocupa un puesto con estatus Regular en el Servicio de Carrera como Oficinista III, devengando un salario mensual de $2,235.00.

Dado hoy, 14 de enero de 2020, San Juan, Puerto Rico.

Nérita Molina Ríos, MBA
Administradora Auxiliar
Oficina de Recursos Humanos

IGC

Nota: Esta certificación no será válida si presenta tachaduras, correcciones o alteraciones, si no presenta el logo o sello oficial de la agencia y firma del Administrador Auxiliar de Recursos Humanos o su representante autorizado.

Ave. Ponce de León No. 800 Capitol Office Building  PO Box 8000, San Juan, PR 00910-0800  787.289-7600-2270  Oficina de Recursos Humanos



GOBIERNO DE PUERTO RICO
Administración de los Sistemas de Retiro
de los Empleados del Gobierno y la Judicatura

# ESTADO DE CUENTA ESTIMADO

14 de enero de 2020

**Agencia: 410 - ADMINISTRAC DESARROLLO SOCIAL ECONOMICO**

ELIZABETH SANTIAGO RAMIREZ                                    Seguro Social: XXX-XX-7023
URB SANTA JUANITA
AU-14 CALLE 24
BAYAMON, PR 00956

A base de la información en nuestros registros, al 14 de enero de 2020 usted posee:

Fecha de Nacimiento: 01 de noviembre de 1958                 Género: Femenino
Fecha de Ingreso al Servicio Público: 30 de noviembre de 1994
Fecha de Comienzo de Cotización: 30 de noviembre de 1994

| Ley 1 al 30 de Junio de 2013 | | Ley 3 - 2013 al 30 de junio de 2017 | | Ley 106 | |
|---|---|---|---|---|---|
| Años Acreditados: | 17.75 | Tiempo Trabajado: | 4 | Tiempo Trabajado: | 2.42 |
| | | Aportaciones: | 10,693.00 | Aportaciones: | 5,626.74 |
| | | Intereses: | 863.20 | Intereses: | 0.00 |
| | | Gastos Teneduria: | 0.00 | Gastos Teneduria: | 0.00 |
| **Servicio No Cotizado** | | | | | |
| Pagado: | 0.00 | | | | |
| Tiempo: | 0.00 | | | | |
| Balance Acumulado: | 31,003.90 | Total Aportaciones: | 11,556.20 | Total Aportaciones: | 5,626.74 |
| Beneficio: | 518.45 | Beneficio: | 68.00 | Beneficio: | 0.00 |

Los balances aquí reflejados por concepto de Aportación Individual y Años de Servicio están sujetos a revisión.

En caso de que la información no coincida con sus registros, deberá comunicarse con el Coordinador para Asuntos de Retiro de su Agencia, Municipio o entidad correspondiente.

Le recordamos que previo a radicar una solicitud de pensión, deberá solicitar su Estado de Cuenta oficial a través de su Coordinador.

Cordialmente,

Unidad de Estado de Cuenta
Área de Participantes



RETIRO

Centro Gubernamental Minillas, Torre Norte, Piso 7, San Juan, PR 00940   PO Box 42003 San Juan, P.R. 00940-2203
787.754.4545 · www.retiro.pr.gov

ESTADO LIBRE ASOCIADO DE PUERTO RICO
COMISIÓN APELATIVA DEL SERVICIO PÚBLICO
SAN JUAN, PUERTO RICO
www.casp.pr.gov

| | |
|---|---|
| **MADELINE ACEVEDO CAMACHO Y OTROS (2,818)**<br>**Apelantes**<br><br>v.<br><br>**DEPARTAMENTO DE LA FAMILIA Y ADMINISTRACIONES ADCRITAS: ADFAN, ASUME Y ACUDEN; ADMINISTRACIÓN DE REHABILITACIÓN VOCACIONAL; ADMINISTRACIÓN DE INSTITUCIONES JUVENILES; Y OFICINA DE CAPACITACIÓN Y ASESORAMIENTO EN ASUNTOS LABORALES Y DE ADMINISTRACIÓN DE RECURSOS HUMANOS DEL ELA**<br>**Apelados** | **2016 CA 0 0 1 1 5 0**<br><br>**CASO NÚM. 2016-05-1340**<br><br>**RETRIBUCIÓN**<br><br>**Materia** |

**Panel integrado por las comisionadas asociadas Caldas Díaz, Lugo Somolinos y Maldonado Arrigoitia.**

## R E S O L U C I Ó N

La Comisión Apelativa del Servicio Público (Comisión) tuvo ante su consideración la solicitud de Apelación de epígrafe y acordó:

Examinada la *Moción en cumplimiento de orden y solicitando prórroga; Moción solicitando revisión ante la Comisión en pleno y se considere y resuelva moción del 31 de mayo de 2016*; y *Moción suplementando solicitud de revisión ante la Comisión en pleno radicada con fecha 10 de junio de 2016*, todas presentadas por la parte APELANTE el 31 de mayo de 2016, 10 de junio de 2016 y el 13 de junio de 2016, respectivamente, se dispone lo siguiente: **NADA QUE PROVEER.**

**POR LO TANTO**, a tenor con las facultades otorgadas en el Plan de Reorganización Núm. 2-2010 y conforme lo dispone el artículo II, secciones 2.1(d) y (e) del Reglamento Procesal de la Comisión, *supra*, la *Apelación*, presentada mediante su representación legal, Lcda. Ivonne González Morales, se tiene por no radicada.

A la *Moción solicitando se notifiquen documentos*, presentada por la parte APELANTE el 4 de octubre de 2016, **SE ACEPTA** a la Lcda. Milagros Acevedo Colón como representante legal de los APELANTES.

MADELINE ACEVEDO CAMACHO Y OTROS (2818)
CASO NÚM. 2018-05-1340
RESOLUCIÓN

Se apercibe a las partes de epígrafe que la parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de 20 días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una *Moción de reconsideración* de la resolución u orden. La Comisión, dentro de los 15 días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano o no actuare dentro de los 15 días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos 15 días, según sea el caso.

Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la Comisión resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los 90 días siguientes a la radicación de la moción de reconsideración. Si la Comisión acoge la moción de reconsideración, pero deja de tomar alguna acción con relación a la moción dentro de los 90 días de esta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de 90 días, salvo que la Comisión por justa causa y dentro de esos 90 días, prorrogue el término para resolver por un período que no excederá de 30 días adicionales.

De no optarse por el procedimiento de reconsideración antes expuesto, la parte afectada podrá, dentro del término de 30 días, contados a partir de la fecha del archivo en autos de esta Resolución, de así interesarlo, presentar recurso de revisión judicial ante el Tribunal de Apelaciones. Lo anterior, en virtud de lo dispuesto en la Sección 3.15 de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2165.

**NOTIFÍQUESE Y ARCHÍVESE**.

2

**HON. OLGA I. BERNARDY APONTE**
ADMINISTRADORA ACUDEN
PO BOX 15091
SAN JUAN, PR  00902-8591

**HON. IVÁN A. CLEMENTE DELGADO**
ADMINISTRADOR
ADMINISTRACIÓN DE REHABILITACIÓN VOCACIONAL
PO BOX 191118
SAN JUAN, PR  00919-1118

**HON. EINAR RAMOS LÓPEZ**
SECRETARIO
DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN
(ADMINISTRACIÓN DE INSTITUCIONES JUVENILES)
PO BOX 71308
SAN JUAN, PR  00936-8408

**HON. HARRY O. VEGA DÍAZ**
DIRECTOR OCALARH
PO BOX 8476
SAN JUAN, PR  00910-8476

ABOGADA APELADOS:

**LCDA. LIMARY RODRÍGUEZ GONZÁLEZ**
DIVISIÓN LABORAL
SECRETARIA AUXILIAR DE LO CIVIL
DEPARTAMENTO DE JUSTICIA
PO BOX 9020192
SAN JUAN, PR  00902-0192

APELANTE:

**MADELINE ACEVEDO CAMACHO**
IRLANDA APARTMENTS
APT. 431
BAYAMÓN, PR  00956

ABOGADAS APELANTES:

**LCDA. IVONNE GONZÁLEZ MORALES**
PO BOX 9021828
SAN JUAN, PR  00902-1828

**LCDA. MILAGROS ACEVEDO COLÓN**
COND. COLINA REAL
AVE. FELISA RINCÓN 2000
BOX 1405
SAN JUAN, PR  00926

CO-APELANTES:

LA LISTA DE LOS 2,818 CO-APELANTES CON SUS DIRECCIONES POSTALES SE INCLUYEN COMO ANEJO 1 DE ESTA RESOLUCIÓN.

WRCD/mor

4

**ASÍ LO ACORDÓ LA COMISIÓN**, en San Juan, Puerto Rico, a 23 de noviembre

de 2016.

**WANDA R. CALDAS DÍAZ**
Comisionada Asociada

**CARMEN T. LUGO SOMOLINOS**              **RIXIE V. MALDONADO ARRIGOITÍA**
Comisionada Asociada                           Comisionada Asociada

**CERTIFICO** que hoy, _30_ de noviembre de 2016, archivé en los autos de la

Apelación el original de esta **Resolución** y que envié copia fiel y exacta de la misma a

las partes, a sus direcciones en récord.

**REYNALDO GONZÁLEZ RODRÍGUEZ**
Secretario de la Comisión



APELADOS:

**HON. IDALIA COLÓN RONDÓN**
SECRETARIA
DEPARTAMENTO DE LA FAMILIA
PO BOX 11398
SAN JUAN, PR  00910-2498

**HON. VANESSA J. PINTADO RODRÍGUEZ**
ADMINISTRADORA ADFAN
DEPARTAMENTO DE LA FAMILIA
PO BOX 194090
SAN JUAN, PR  00919-4090

**HON. MARTA ELSA FERNÁNDEZ PABELLÓN**
ADMINISTRADORA ADSEF
PO BOX 8000
SAN JUAN, PR  00910-0800

**HON. ROSABELLE PADÍN BATISTA**
ADMINISTRADORA ASUME
PO BOX 70376
SAN JUAN, PR  00936-8376

3

MADELINE ACEVEDO CAMACHO Y OTROS (2,818)

2016-05-1340

| | |
|---|---|
| 975. CARMEN I. GUILLAMA ORAMA | PO BOX  544; HATILLO PR  00659 |
| 976. DAVID GULLON TORRES | CALLE A #29; BO. PALOMA; YAUCO, PR  0698 |
| 977. ALBA I. GUTIERREZ FELIBERTI | URB. LA CUMBRE 515; CALLE KENEDY; SAN JUAN PR  00926 |
| 978. THAMARA A. GUTIERREZ FERNANDEZ | PO BOX 370; GURABO PR  00778 |
| 979. YAMIRA GUTIERREZ GARCIA | REPT. SAN JOSE CALLE 15; #0-13 SAN JUAN PR  00923 |
| 980. INES M. GUTIERREZ GOMEZ | HC 02 11154; HUMACAO, PR  00791 |
| 981. YASMIN GUTIERREZ MATOS | CALLE MORALES #85-A PDA. 20; SANTURCE, PR  00909 |
| 982. JOSE L. GUTIERREZ OTERO | HC- 71  BOX 16252; BAYAMON PR  00956 |
| 983. ANGEL M. GUTIERREZ RODRIGUEZ | VILLA CAROLINA BLQ. 240; 17 CALLE 617; CAROLINA PR  00985 |
| 984. ARNALDO GUZMAN CINTRON | CALLE REINITA 887; COUNGTRY CLUB; SAN JUAN PR  00924 |
| 985. CARMEN M. GUZMAN COTTO | CALLE 27 2 L8 MIRADOR DE BAIROA; CAGUAS, PR  00725 |
| 986. YOLANDA GUZMAN CRUZ | CH 01 BOX  6531; CANOVANAS, PR  00729 |
| 987. CARMEN M. GUZMAN DE LEÓN | PO BOX  182; VEGA BAJA PR  00694 |
| 988. NORA GUZMAN DE TORRELLA | CALLE INTERAMERICANA 257; UNIVERSITY GARDENS; SAN JUAN PR  00927 |
| 989. VIRGILIO GUZMAN GORDIAN | URB. LOS CAOBOS C/ ; JAGUEY 150; PONCE PR  00716 |
| 990. VILMA GUZMAN MEDRANO | CALLE 2 NE 1108; PUERTO NUEVO; SAN JUAN, PR  00920 |
| 991. MARIA DE LOS A. GUZMAN OLIVO | CALLE 13  N 616 ALTURAS; RIO GRANDE  PR  00745 |
| 992. IVONNE A. GUZMAN PELLOT | C/ 19 #1276 URB. MONTECARLO; SAN JUAN PR  00924 |
| 993. IVETTE GUZMAN PEREZ | PO BOX 544; BAYAMON, PR  00960 |
| 994. BRENDA GUZMAN REYES | C/18 L-6 ALTURAS DE INTERAMERICANA; TRUJILLO ALTO PR  00976 |
| 995. ELENA I. GUZMAN RODRIGUEZ | URB. LATURAS DEL ALBA 10308; CALLE AMANECER ; VILLALBA, PR  00766 |
| 996. HOWARD HATCHETT ORTIZ | 106 ISMAEL RIVERA ; SAN JUAN, PR  00911 |
| 997. VIRGEN HENRY MEDINA | PMB 164 ; 1505 AVE. MUÑOZ RIVERA; PONCE, PR  00717-0211 |
| 998. VIRGINIO HEREDIA BONILLA | HC-02  BOX  7560; UTUADO PR  00641 |
| 999. JESUS HERNANDEZ AGRONT | CALLE L. GUTIERREZ 451; L. MAESTROS; SAN JUAN PR  00 |
| 1000. LISA HERNANDEZ ALICEA | HC-02 BOX  11164; HUMACAO, PR  00791-9602 |
| 1001. JOHANNA HERNANDEZ ANDALUZ | VAN SCOY K-34 C/ 13; BAYAMON PR  00957 |
| 1002. ZULMA I. HERNANDEZ AVILES | BOX  1114; VEGA ALTA PR  00692 |
| 1003. DORA A. HERNANDEZ BULTRON | APARTADO 814; CAROLINA PR  00986; TEL. 939-645-8794 |
| 1004. ALBA N. HERNANDEZ CANDELARIO | 7498 C/ PROGRES B-15; SABANA SECA  PR  00752 |
| 1005. ACELA HERNANDEZ COLON | CONDOMINIO LOMAS ; DEL RIO GRANDE F-1204 BUZON 48; RIO GRANDE PR  00745 |
| 1006. ANGEL L. HERNANDEZ CORTES | APARTADO 9521; COTTO STATION; ARECIBO PR |
| 1007. JO-ANN HERNANDEZ CRUZ | PMB 282 PO BOX  6017; CAROLINA PR 00984 |
| 1008. MARISOL HERNANDEZ DE JESÚS | URB. VALLE DE ENSUEÑO ; 502 VALLE VERDE; GURABO PR  00778 |
| 1009. MYRIAM HERNANDEZ DE LEÓN | HC-764 BQ. 6647; PATILLAS PR  00723 |
| 1010. NORMA I. HERNANDEZ DE PÉREZ | PO BOX  831; OROCOVIS, PR  00720 |
| 1011. MARGARITA HERNANDEZ DIAZ | URB. EL CORTIJO AB-2; CALLE 21; BAYMON PR  00959 |
| 1012. WANDA I. HERNANDEZ FRAGOSO | HC -04 BOX  6327; YABUCOA PR  00767 |
| 1013. ZAIDA HERNANDEZ GONZALEZ | BALEANES #505; PUERTO NUEVO SAN JUAN PR00920 |
| 1014. GLENDALI HERNANDEZ GUADALUPE | CALLE 8 – J-3 URB. QUINTANS; DE TRUJILLO ALTO PR  00738 |
| 1015. MILAGROS HERNANDEZ HERNANDEZ | CALLE 8 TERRAZA DE CUPEY K-L; TRUJILLO ALTO, PR  00976 |
| 1016. ANTONIA HERNANDEZ HERRERA | C/L  S-13 NUEVA VISTA; PONCE PR  00728 |
| 1017. MARIA HERNANDEZ JIMENEZ | COND. TORRES DE ANDALUCIA; TRORRE II APTO. 1805; SAN JUAN PR  00926 |
| 1018. MILAGROS HERNANDEZ LATIMER | RR 1 BOX 4066; CAROLINA, PR  00983 |
| 1019. WANDA I. HERNANDEZ LOPEZ | C/ CASIMIRO DUCHESNE; #642 VILLA PRADES; RIO PIEDRAS, PR  00924 |
| 1020. CARLOS A. HERNANDEZ MARTINEZ | BOX  270; SECTOR CAMBALACHE; MAYAGUEZ PR |
| 1021. CARLOS I. HERNANDEZ MENDEZ | PO BOX  356; LOMAS VERDE, MOCA PR |
| 1022. MARTA I. HERNANDEZ MIRANDA | PO BOX  1976; BO. HAYALAS DE COAMO |
| 1023. NEYDA HERNANDEZ NORIEGA | HC-02  BOX  20536; AGUADILLA PR |
| 1024. LUIS HERNANDEZ PAGAN | 7158 C/ VEGA 85; SABANA SECA  PR  00952-4328; |
| 1025. SHEILA HERNANDEZ PANTOJA | PO BOX  2101; BAYAMON PR  00960 |
| 1026. AIDYVELISSE HERNANDEZ PIÑERO | URB. EXTENCION LAS MERCEDES ; CALLE NAVO DD-26; LAS PIEDRAS PR |
| 1027. HIRAM HERNANDEZ RESTO | HC-61 BOX 4266; TRUJILLO ALTO PR  00976 |
| 1028. MARCELINO HERNANDEZ REYES | BO. LA LOMA HC-01  ; BOX  3652; BARRANQUITAS PR  00794 |
| 1029. IRIS L. HERNANDEZ RIOS | 150 CALLE ANGEL SAVEDRA; SABANA GRANDE PR  00637 |
| 1030. ANETTE HERNANDEZ RODRIGUEZ | HC -02  BOX  7663; COROZAL , PR 00783 |
| 1031. MARIA E. HERNANDEZ RODRIGUEZ | HC-02  BOX  15442; CAROLINA PR  00985 |
| 1032. MYRNA HERNANDEZ RODRIGUEZ | URB. FOREST HILLS #163 C/14; BAYAMON PR  00959 |
| 1033. YOLANDA HERNANDEZ RODRIGUEZ | PO BOX  9300 COTTO ST.; ARECIBO, PR  00613; TEL. 787381-8776 |
| 1034. ANGEL L. HERNANDEZ ROJAS | CALLE PETRONILA MATOS #1; CAMUY PR  00627 |
| 1035. JANNET HERNANDEZ ROLDAN | BOX  98 J ; SAINT JUST PR  00978 |
| 1036. FELDINAD HERNANDEZ ROSA | PO BOX 2274; Guaynabo, PR |
| 1037. YANITIA HERNANDEZ RUIZ | HC- 2 BOX  8777; YABUCOA, PR  00676 |
| 1038. LUZ C. HERNANDEZ SALGADO | PO BOX 9702; CAGUAS, PR  00726-9702 |
| 1039. CARMEN A. HERNANDEZ SANTIAGO | C-02  BOX  14579; CAROLINA PR 00985 |

10 de enero 2020

RECEIVED & FILED
2020 JAN 15  PM 4:39
CLERK'S OFFICE
US DISTRICT COURT
SAN JUAN, PR

## i.   DATOS DEL CONTACTO

Nombre: Carlos J Cordero Rosa

 Realizados por suscribiente Dirección:

 Hc 6 Box 12404 San Sebastian Puerto Rico 00685

Teléfono: 787-636-3449

Correo Electrónico: carlosjcorderorosa@yahoo.com

## ii.   EPIGRAFE

Tribunal de Distrito de los Estados Unidos, San Juan, PR

Commonwealth of Puerto Rico ( Estado Libre Asociado de Puerto Rico)

Numero de caso: 17 BK  03283- LTS

Numero de procedimiento o reclamación: 46988

## iii . MOTIVOS PARA OPONERSE A LA OBJECION  GLOBAL

Someto ante su atención evidencias y documentos que justifican los

reclamos, las bases de hecho  y de derechos.

> Sobre  pago de trienio: someto ante su atención se me conceda el
> aumento de sueldo por tres años de servicios satisfactorios
> ininterrumpidos (trienio).Del cual no se me ha concedido desde
> terminado el trienio en marzo 2011 y a su vez los consecuentes
> trienios hasta el presente.

Esto lo solicito bajo el amparo de la ley 184, del 3 de agosto del 2004,
según  enmendada, Ley para la Administración de los Recursos Humanos
en el Servicio Público del Estado Llibre Asociado de Puerto Rico la cual

establece en su artículo 8 sección 8.3 inciso 3- Normas específicas sobre retribución.

Someto documento de solicitud de servicio de la Oficina de Recursos Humanos del Departamento de Recursos Naturales y Ambientales referente a la solicitud del trienio y numero de planteamiento del mismo, con fecha del 24 de octubre de 2014. Según mis cálculos ya que la agencia no se ha pronunciado sobre el particular, la deuda debe estar hasta diciembre 2019 en unos $12,240.00.

Someto copia carta sometida por personal del Departamento de Recursos Naturales y Ambientales del 10 de julio de 2013 , solicitando el mismo.


A su vez se somete el que se reconozca y retribuya justamente al principio de merito mi puesto como Sargento del Departamento de Recursos Naturales y Ambientales ya que estoy ejerciendo esas funciones desde septiembre de 2004 y que personas que he supervisado ascendieron en el 2011 , 7 años después de mi y le otorgaron el puesto de sargento con una retribución de $500.00 mayor a mi salario. Al momento el Departamento de Recursos Naturales no ha tomado la atención pertinente para otorgar el salario que corresponde al puesto en comparación a otros sargentos de igual antigüedad. Por lo que el Gobierno de Puerto Rico me adeuda por la diferencia en salario al puesto que ocupo de sargento la suma aproximada hasta diciembre de 2019 de unos $51,000.00

Esto lo reclamo según la constitución de Puerto Rico articulo 2 sección 16 derechos de los empleados a recibir igual paga por igual trabajo, ley número 16 del año 2017-ley de igualdad salarial de Puerto Rico y la Equal Pay Act de 1963.

Someto copia de solicitud de servicio sobre la escala de retribución y escala salarial de los sargentos de recursos naturales, de 25 de septiembre de 2014.

Someto copia de carta enviada a la Secretario de Recursos Naturales solicitando dicha retribución a mi puesto de sargento, con fecha del 24 de agosto de 2015

Sobre el pago de media hora extra de la jornada regular de trabajo: someto ante su atención se me otorgue el pago retroactivo por la cantidad no pagada del caso numero CA-03-061D-05-031del Departamento de Recursos Naturales y Servidores Publicos Unidos, caso que se originó en año 2003 y que el departamento comenzó a pagar desde 2010 y no así el retroactivo hasta el 2007 que fue el acuerdo a pagar esa media hora extra que se trabajaba. Por lo que el personal del Cuerpo de Vigilantes se le hizo el pago retroactivo de aproximadamente $7,000.00 y a este servidor aun no se la ha dado ese pago retroactivo.

Someto copia de la sentencia del caso numero KLRA200800189, del 25 de junio de 2008.

Someto copia de la carta del 7 de septiembre de 2011 , donde el Secretario Daniel Galan Kercado aclara sobre el pago retroactivo

Sobre la Administración de Sistema de Retiro del Gobierno de Puerto Rico;someto ante su atención se certifique y garantice el dinero que aporte durante los años de servicio que comprende desde mayo de 1995 hasta junio de 2017, ya que esta agencia indica no me puede garantizar que ese dinero este disponible

Someto copia de un Estado de Cuenta Estimado que la Administración de los Sistemas de Retiro me entregó para la fecha del 11 de enero de 2020.

**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM BECAUSE THEIR RECORDS SHOW THAT YOUR CLAIM IS DEFICIENT.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|------|---------|------------|--------|------------------------|
| Cordero Rosa, Carlos J. | 46988 | 6/5/2018 | Commonwealth of Puerto Rico | $0.00 |
| **Reason:** | Proof of claim purports to assert liabilities associated with the Commonwealth of Puerto Rico, but fails to provide any basis or supporting documentation for asserting a claim against the Commonwealth of Puerto Rico, such that the Debtors are unable to determine whether claimant has a valid claim against the Commonwealth of Puerto Rico or any of the other Title III debtors | | | |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO, PUESTO QUE LOS DATOS INDICAN QUE SU RECLAMO ES DEFICIENTE.**

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|--------|--------------------|-----------------------|--------|----------------------------------|
| Cordero Rosa, Carlos J. | 46988 | 6/5/2018 | Commonwealth of Puerto Rico | $0.00 |
| **Base para:** | La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra el Estado Libre Asociado de Puerto Rico, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III. | | | |

Copies of the Omnibus Objection and all other filings in the Title III Cases are available free online at https://cases.primeclerk.com/puertorico.  **If you have questions, please contact Prime Clerk LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m.  (Atlantic Standard Time) (Spanish available).**

Copias de la Objeción global, y todos los escritos radicados en el marco de las causas conforme al Título III, están disponibles, de manera gratuita, en https://cases.primeclerk.com/puertorico.  **Si tiene alguna pregunta, comuníquese con Prime Clerk LLC llamando al (844) 822-9231 (número gratuito para Estados Unidos y Puerto Rico) o (646) 486-7944 (para llamadas desde el extranjero), disponible entre las 10:00 a.m. y las 07:00 p.m. (AST) (hablamos español).**



ESTADO LIBRE ASOCIADO DE PUERTO RICO
**Departamento de Recursos Naturales y Ambientales**
Oficina de Recursos Humanos

## División de Transacciones, Informes y Archivo

## SOLICITUD DE SERVICIOS

NOMBRE: _Carlos J. Cordero Rosa_

OFICINA O ÁREA PROGRAMÁTICA: _Cuerpo de Vigilante_

TELÉFONOS: _787-636-3449_          FAX: _____

FECHA DE LA SOLICITUD: _24-Octubre-2014_    SEGURO SOCIAL: ___XXX-XX-3600___

☐  CAMBIO DE DIRECCIÓN POSTAL:

_____

_____

☐  OTROS SERVICIOS: (especifique)

- _Solicitud número de planteamiento referente referente a la solicitud_
_del trienio para Agosto de 2012 hacia O.G.P._

- _Número de empleado_

Firma del solicitante _[firma]_

---

**PARA USO OFICIAL DE LA DIVISIÓN DE TRANSACCIONES, INFORMES Y ARCHIVO**

Fecha de nombramiento: _____

Clasificación: _____

Salario: _____

☐ Regular      ☐ Transitorio      ☐ Irregular      ☐ Confianza

**COMENTARIOS:**

_____

_____

Recibido por: _____    Fecha: _____

10 de julio de 2013

Hon. Carmen E. Guerrero Pérez
Secretaria Dpto. de Recursos Naturales y Ambientales
P. O. Box 366147
San Juan, Puerto Rico 00936

Re:   **Solicitud de ajuste salario y otros**
      **Personal de Dpto. de Recursos Naturales y Ambientales**

Honorable Secretaria:

Reciba un cordial saludo.

Me suscribo como representante legal de la Asociación de Seguridad, Policías y Ramas Anexas, Inc. (ASPRA), asociación que representa al Personal No Sindicado y Gerencial Regular del Departamento de Recursos Naturales y Ambientales en las siguientes reclamaciones de índole salarial:

**I. Ajuste de salario:** conforme a  Comunicado Número 2012-03 emitido el 11 de enero de 2012 por DRNA, titulado Procedimiento para la Concesión del Aumento de Sueldo por Tres (3) años de Servicios Satisfactorios Ininterrumpidos (Trienio), dirigido al Personal No Sindical y Gerencial Regular del Departamento para establecer las directrices para un aumento de sueldo por años de servicios de conformidad con el Memorando Especial Núm. 39-2011 emitido por OCALARH.  En el mismo se estableció un procedimiento para establecer la fecha de efectividad del aumento, a saber:

   a.  Computar el tiempo transcurrido en días calendarios, hasta el 8 de marzo de 2009, conforme en la Carta Normativa Núm. 1-2008
   b.  Reanudar el cómputo en días calendario, desde el 9 de marzo de 2011 hasta contabilizar el término de tres años.

**II. Aplicación de la Escala Salarial a personal gerencial:** Para el 1ro de septiembre de 1996 se aprobó para el Departamento de Recursos Naturales y Ambientales la escala salarial que le aplicaría a los empleados de carrera en el Departamento. No obstante dicha escala salarial, la misma no ha sido aplicada

a los empleados conforme fue establecida y los aumentos salariales han sido otorgados a través de convenios sindicales que no aplican a los empleados gerenciales, creando así una desigualdad en la paga por rango y años de servicios.  Tanto es así, que muchos de los empleados (vigilantes) que son supervisados tienen mejor paga en comparación con la escala salarial y con los reclamantes que poseen rangos de supervisión dentro del Departamento.

### III. Reclamación ½ hora de ajuste de salario: ¿?

En comunicación 2011-64 del 15 de agosto de 2011 se le notificó al personal gerencial que se había determinado concederle a los oficiales del Cuerpo de Vigilantes un aumento de sueldo permanente y recurrente de $100.00 mensuales por prestar servicio en una jornada laboral de ocho (8) horas consecutivas, esto de naturaleza prospectiva a partir del 1ro de julio de 2011, excluyendo así el pago retroactivo de dicho ajuste.  A pesar de dicho comunicado, los oficiales gerenciales no han recibido el ajuste en salario conforme a lo notificado, además, exigen que dicho ajuste sea de carácter retroactivo.

### IV. Pago tiempo doble por trabajo horas extras:???

Es por tal motivo que le solicito evalúe el expediente de personal de cada uno de los reclamantes y autorice el ajuste retroactivamente el salario conforme en derecho.  De no recibir respuesta de su parte dentro de los 60 días de recibida la presente misiva, estaremos iniciando nuestra reclamación en la Comisión Apelativa del Servicio Público, conforme establece el reglamento procesal de la Comisión.

Sin nada más y esperando su pronta respuesta, quedo.

Cordialmente,

Lcdo. Luis E. Meléndez Muñoz



ESTADO LIBRE ASOCIADO DE PUERTO RICO
**Departamento de Recursos Naturales y Ambientales**
Oficina de Recursos Humanos

**División de Transacciones, Informes y Archivo**

## SOLICITUD DE SERVICIOS

NOMBRE: *Carlos J. Cordero Rosa*

OFICINA O ÁREA PROGRAMÁTICA: *Cuerpo de Vigilantes*

TELÉFONOS: *787-636-3449*    FAX: _____

FECHA DE LA SOLICITUD: *25-Sept-2014*    SEGURO SOCIAL: XXX-XX-___

☐ CAMBIO DE DIRECCIÓN POSTAL:

*No*

☒ OTROS SERVICIOS:  (especifique)

*1- Escala de Retribución con los tipos intermedios PARA SARgentos*
*2- Hoja de funciones y deberes PARA SARgentos y Vigilantes*
*3- Especificaciones de clase y escala salarial PARA SARgentos y Vigilantes*
*4- Convocatoria a SARgentos para el año 2011*

Firma del solicitante _____

**PARA USO OFICIAL DE LA DIVISIÓN DE TRANSACCIONES, INFORMES Y ARCHIVO**

Fecha de nombramiento: _____

Clasificación: _____

Salario: _____

☐ Regular      ☐ Transitorio      ☐ Irregular      ☐ Confianza

**COMENTARIOS:** _____

_____

_____

Recibido por: _____      Fecha: _____

PO Box 366147 San Juan, Puerto Rico 00963
**Teléfono: 999-2200 extensiones – 2361, 2359 – Fax – (787) 999-2247**

**Sgto. Carlos J. Cordero Rosa**
**Sargento**
**Destacamento Isla de Mona**
**HC-6 Box 12404 San Sebastián**
**Puerto Rico 00685**
**787-636-3449**

24 de agosto de 2015                              *A la mano*

*Recibida por:*
*Cathey Ortiz*
*15/ sept /2015*

*Recibido Por*
*14 / marzo / 2016*

Honorable Carmen Guerrero Pérez
Secretaria
Departamento de Recursos Naturales y Ambientales

Hon. Guerrero Pérez:

Me dirijo a usted, para presentarle una situación que me perjudica adversamente, tanto en el plano laboral como personal y esperando que pueda atender y resolver mi planteamiento.

El 19 de agosto de 1999 tome juramentación como vigilante de esta agencia, y para septiembre del año 2004 fui ascendido al rango de sargento, aceptando esa nueva encomienda y responsabilidad en la región de Mayagüez. Fui trasladado en semanas posteriores a la Reserva Natural de Isla de Mona, como único supervisor permanente hasta el presente. Desde hace 11 años, he cumplido a cabalidad con todos mis deberes y responsabilidades y los mismos van más allá de los trabajos regulares de un supervisor, como situaciones especiales en; **manejo de ilegales, tráfico de droga y rescate**. Durante este periodo he tenido un record intachable. Esto es evidenciado en mis evaluaciones.

En estos pasados 11 años he estado supervisando vigilantes de mi academia y de la academia anterior a la mía de lo cual existe una diferencia en sus sueldos de $200 a $400 por encima de mi salario. Además hay sargentos que ascendieron en e año 1 (2011) de mi academia y academias pasadas que devengan un salario de $500 a $700 mayor al mío, esto 7 años más tarde al de mi ascenso. Esto ha creado una gran diferencia en el sueldo que yo recibo en comparación con los compañeros vigilantes que superviso y con compañeros sargentos que ascendieron 7 años más tarde. Quiero indicar que nuestra constitución en el Articulo **II** Sección 16 Derechos de los empleados establece que:

> *"Se reconoce el derecho de todo trabajador a escoger libremente su ocupación y a renunciar a ella, a recibir igual paga por igual trabajo, a un salario mínimo razonable, a protección contra riesgos para su salud o integridad personal en su trabajo o empleo, y a una jornada ordinaria que no exceda de ocho horas de trabajo. Sólo podrá trabajarse en exceso de este límite diario, mediante compensación extraordinaria que nunca será menor de una vez y media el tipo de salario ordinario, según se disponga por ley."*

Entiendo, no es justo que siga devengando un salario mucho más bajo que mis supervisados y que mis compañeros sargentos, asumiendo así más responsabilidad y compromiso para el departamento y con la política pública de la administración presente.

Le solicito muy respetuosamente como Secretaria y autoridad nominadora de esta agencia que considere el solicitar y justificar a la Oficina de Gerencia y Presupuesto el que se evalué mi retribución y se me compense adecuadamente. No solicito ni exijo se me pague más que a los demás, si no una paga justa y razonable en comparación con los sargentos que ascendieron en el año 2011, y en comparación de mis supervisados.

Espero pueda evaluar y considerar mi petición, gracias anticipadas.

Muy respetuosamente,


Sgto. Carlos J. Cordero Rosa
Sargento
Destacamento Isla de Mona



GOBIERNO DE PUERTO RICO
**Departamento de Recursos Naturales y Ambientales**

7 de septiembre de 2011

**COMUNICACIÓN NÚMERO 2011–76**

Secretario Auxiliar de Administración
Directora de Recursos Humanos
Comisionado del Cuerpo de Vigilantes
Vigilantes de Recursos Naturales y Ambientales

Daniel J. Galán Kercadó
Secretario

**ACLARACIÓN REFERENTE A AUMENTO DE SUELDO POR JORNADA LABORAL DE OCHO HORAS DIARIAS CONSECUTIVAS, CONCEDIDO AL PERSONAL DEL CUERPO DE VIGILANTES INCLUIDO EN LA UNIDAD APROPIADA B**

Mediante una asignación especial de fondos, la Oficina de Gerencia y Presupuesto (OGP), proveyó recursos fiscales adicionales para cumplir con el último aumento de sueldo correspondiente a lo estipulado y resuelto por la Comisión de Relaciones del Trabajo del Servicio Público, actualmente Comisión Apelativa del Servicio Público, en el Caso Núm. CA-03-061: D-05-031. Se determinó en el referido caso, conceder al personal incluido en la Unidad Apropiada B, tres (3) aumentos de sueldo permanentes y recurrentes, de $100.00 mensuales. Estos debían ser concedidos al 1 de noviembre de 2007, al 1 de agosto de 2008[1] y al 1 de agosto de 2009. La razón para conceder estos aumentos de sueldo es por prestar servicios en una jornada laboral de ocho (8) horas diarias consecutivas.

**El aumento de sueldo de $100.00 mensuales, que notificamos en esta comunicación se comenzó a pagar efectivo al 1 de julio de 2011.** Queda pendiente de pago la cuantía correspondiente al periodo entre el 1 de agosto de 2009 y el 30 de junio de 2011. Dicho pago retroactivo se efectuará oportunamente conforme a la asignación de fondos y autorización que la OGP emita a tales fines.

---

[1] El aumento correspondiente al 1 de agosto de 2008, se pagó ese mismo año y no hay deuda pendiente de pago por el mismo.



PO Box 366147, San Juan, PR 00936
Tel. 787.999.2200 • Fax. 787.999.2303

Comunicación Número 2011-76
Página 2
7 de septiembre de 2011

En nuestra comunicación número 2010-121, del 9 de diciembre de 2010, les habíamos notificado sobre la concesión del aumento de sueldo correspondiente al 1 de noviembre de 2007. En la misma, indicamos que el aumento ahí anunciado sería pagado a partir del mes de noviembre de 2010 y que a ese momento, se estaba emitiendo un pago retroactivo por $800.00 para cubrir el periodo del 1 de noviembre de 2007 al 30 de junio de 2008. Por tanto, quedó pendiente de pago el periodo desde el 1 de julio de 2008 al 31 de octubre de 2010. También indicamos que el pago de dicho período estaba sujeto a que la OGP, hiciera la asignación de fondos para cubrir el mismo.

La Secretaría Auxiliar de Administración y la Oficina de Recursos Humanos serán responsables de tomar aquellas medidas administrativas y realizar todos los trámites necesarios, de forma tal, que los empleados beneficiados por este aumento de sueldo comiencen a disfrutar el mismo en el menor tiempo posible.

Agradecemos a los Vigilantes de Recursos Naturales y Ambientales su dedicación al servicio y esperamos que esta acción sea un estímulo para que continúen sirviendo con mayor esmero al Pueblo de Puerto Rico.

Esta comunicación se emite para aclarar y ampliar lo indicado en nuestra Comunicación Número 2011-65 del 15 de agosto de 2011, la cual trata sobre el mismo asunto aquí abordado.

LJPR/DBC/ljpr/lit

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
REGION JUDICIAL DE SAN JUAN

                         *    CASO NUM. KLRA200800189

                         *    SOBRE: REVISION ADMINISTRATIVA CIVIL

D DE RECURSOS NATURALES Y AMBIENTALES. *

    V.                   *

SERVIDORES PUBLICOS UNIDOS DE PR (AFSCME *
* * * * * * * * * * * * * * *

LIC. GENOVEVA VALENTIN SOTO

PO BOX 13695
SAN JUAN PR 00908-3695



N O T I F I C A C I O N  D E  S E N T E N C I A

     EL SECRETARIO QUE SUSCRIBE NOTIFICA A USTED QUE ESTE TRIBUNAL
HA DICTADO SENTENCIA EN EL CASO DE EPIGRAFE CON FECHA DE
17 DE JUNIO DE 2008 , QUE HA SIDO DEBIDAMENTE REGISTRADA Y
ARCHIVADA EN LOS AUTOS DE ESTE CASO, DONDE PODRA USTED ENTERARSE
DETALLADAMENTE DE LOS TERMINOS DE LA MISMA.

     Y SIENDO O REPRESENTANDO USTED LA PARTE PERJUDICADA POR LA
SENTENCIA, DE LA CUAL PUEDE ESTABLECERSE RECURSO DE APELACION,
DIRIJO A USTED ESTA NOTIFICACION, HABIENDO ARCHIVADO EN LOS AUTOS
DE ESTE CASO COPIA DE ELLA CON FECHA 25 DE JUNIO DE 2008 .

LIC. PEDRO J SALICRUP - SUITE 112 MSC 393
100 GRAND BULEVARD PASEOS SAN JUAN PR 00926
LIC. NILDA AYALA MALDONADO - COMISION RELACIONES DEL TRABAJO
PO BOX 13934 SAN JUAN PR 00908-3934
HONORABLE PROCURADOR GENERAL -
PO BOX 9020192 SAN JUAN PR 00902-0192

       SAN JUAN, PUERTO RICO, A 25 DE JUNIO DE 2008 .

                 MARIA ELENA PEREZ ORTIZ
                     ————————————————
                      SECRETARIO

     POR:   LISANDRA CORREA RAMOS
                     ————————————————
                     SECRETARIA AUX I

                CONT. CASO NUM. KLRA200800189

# Sentencia ½ hr



Estado Libre Asociado de Puerto Rico
EN EL TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE SAN JUAN
PANEL V

| | | |
|---|---|---|
| DEPARTAMENTO DE RE-CURSOS NATURALES Y AMBIENTALES | | REVISIÓN ADMINISTRATIVA PROCEDENTE DE LA COMISIÓN DE RELACIONES DEL TRABAJO DEL SERVICIO PÚBLICO |
| Querellado-Recurrente | | |
| v. | KLRA080189 | |
| SERVIDORES PÚBLICOS UNIDOS DE PUERTO RICO/ AFSCME | | Caso Núm. CA-03-061 D-05-031 |
| Querellantes-Recurridos | | |

Panel integrado por su presidente, el Juez Arbona Lago, el Juez Salas Soler y la Jueza Cotto Vives.

Cotto Vives, Jueza Ponente



SENTENCIA

En San Juan, Puerto Rico, a  17 de junio de 2008.

El Departamento de Recursos Naturales y Ambientales nos solicita que revoquemos una resolución emitida por la Comisión de Relaciones del Trabajo del Servicio Público, el 30 de enero de 2008, la cual no aceptó el acuerdo transaccional al que llegaron las partes.  Además, confirmó una multa de $5,000 diarios que el referido organismo le había impuesto al D.R.N.A. en una resolución anterior.

Inconforme, el recurrente aduce que la Comisión incidió al negarse a aceptar la estipulación pactada por éstos. Además, señala que el foro *a quo* se equivocó al imponerle una multa de $5,000 diarios, la cual debió dejarse sin efecto en virtud de los términos de la estipulación rechazada.

KLRA080189

2

De conformidad con los fundamentos que pasamos a presentar, se revoca la resolución recurrida en cuanto a la no aceptación de la estipulación presentada por las partes.  En lo que respecta a la multa de $5,000 diarios, modificamos el dictamen recurrido a los efectos de reducirla a una sola multa no recurrente, de $5,000.

I

La controversia de autos se originó en el año 2003, cuando Servidores Públicos Unidos de Puerto Rico (AFSCME) presentó una queja ante el Comité de Conciliación del D.R.N.A. al amparo del Paso II establecido en el convenio colectivo suscrito entre esa organización y la agencia recurrente.  La AFSCME alegó que el D.R.N.A. adeudaba un pago de $100 mensuales adicionales en los sueldos de ciertos empleados de la Unidad Apropiada B del cuerpo de Vigilantes de dicho Departamento.[1]

El 29 de enero de 2003 el Comité de Conciliación emitió una resolución en virtud de la cual AFSCME le entregaría al D.R.N.A. un listado de los empleados a los cuales se les adeudaban salarios por el aludido concepto.  El D.R.N.A., a su vez, se comprometió a indicar, antes del 20 de marzo de ese mismo año, cuánto le debía a cada empleado y cuándo se les iba a pagar, haciendo el ajuste correspondiente en el sueldo de cada uno.

El D.R.N.A. incumplió con lo pactado, por lo cual el 24 de julio de 2003 AFSCME presentó ante la Comisión de Relaciones del Trabajo del Servicio Público un cargo de práctica ilícita al amparo del Art. 9 de la Ley

---

[1] Según el expediente, la unión recurrida reclamaba para los empleados mencionados el pago de media hora extra de la jornada regular de trabajo.

KLRA080189

3

de Relaciones del Trabajo para el Servicio Público de Puerto Rico, Ley 45 de 25 de febrero de 1998, según enmendada, 3 L.P.R.A. sec. 1452c. La agencia recurrente contestó la reclamación y adujo que los funcionarios que suscribieron el acuerdo con la unión ante el Comité de Conciliación no tenían autoridad para acceder a los términos allí pactados.

Luego de celebrarse la vista administrativa, la Oficial Examinadora del caso emitió un informe en el cual recomendó encontrar al D.R.N.A. en incumplimiento con lo pactado en el acuerdo suscrito ante el Comité de Conciliación el 29 de enero de 2003. El 1 de noviembre de 2005 la Comisión de Relaciones del Trabajo emitió una resolución y orden en la cual acogió el referido informe. Concluyó que AFSCME había cumplido con su parte del acuerdo, al entregar el listado de empleados del cuerpo de vigilantes que tenían derecho al pago de los $100. Sin embargo, determinó que el D.R.N.A. no había ofrecido la información que se había comprometido a entregarle a la unión.

En virtud de lo anterior, la Comisión resolvió que la conducta de la agencia recurrida constituía una negativa a negociar de buena fe. Por ello, le ordenó cumplir específicamente con lo pactado ante el Comité de Conciliación, a saber: (1) someter un desglose de cuánto se le debía a cada uno de los empleados afectados miembros del cuerpo de vigilantes y, (2) informar cuándo se realizaría el ajuste correspondiente en el sueldo de los referidos empleados. En vista de la tardanza del D.R.N.A. en el cumplimiento del acuerdo, la Comisión le impuso a la agencia el pago de una multa de $1,000 y le requirió, entre otras cosas, publicar un Aviso de Práctica Ilícita en los tablones de edictos de todas sus facilidades.

KLRA080189

4

El 21 de noviembre de 2005 el D.R.N.A. solicitó la reconsideración del dictamen emitido por la Comisión. Adujo que mediante el acuerdo llegado con el Comité de Conciliación la recurrente no se había obligado a pagarles a los empleados del cuerpo de vigilantes las cantidades que éstos reclamaron en su queja. Por el contrario, señaló, que sólo se comprometió a seguir negociando con la AFSCME para determinar a cuáles de esos empleados se les debían las mencionadas partidas. La Comisión acogió esta petición, pero no fue, sino, hasta casi dos años después, en mayo de 2007, que emitió una orden dirigida al D.R.N.A. para que mostrara causa por la cual no debía multársele por incumplimiento con el acuerdo llegado ante el Comité de Conciliación.

El 6 de julio de 2007 se celebró una vista administrativa en la que el D.R.N.A. tuvo la oportunidad de exponer razones para justificar el anterior incumplimiento. Sin embargo, se limitó a alegar se estaban "haciendo las gestiones pertinentes" en la agencia para preparar la información que debía entregársele a la unión y para pagar la multa de $1,000 que la Comisión había impuesto. *El D.R.N.A. también informó que en el presupuesto de la recurrente no había dinero asignado para cumplir con el aumento de $100 reclamado por AFSCME.*

El 29 de agosto de 2007 la Comisión emitió una resolución en la cual se reafirmó en todas las determinaciones hechas en la resolución y orden del 1 de noviembre de 2005. No obstante, esta vez le impuso al recurrente el pago de una multa de $5,000 *diarios* hasta tanto no cumpliera con lo pactado ante el Comité de Conciliación. Nuevamente el D.R.N.A. incumplió con esta directriz, por lo cual la Comisión presentó,

KLRA080189

5

el 16 de noviembre de 2007, una petición ante el Tribunal de Primera Instancia (caso KPE-07-4995) para hacer cumplir su dictamen.

El 27 de noviembre de ese mismo año AFSCME y el D.R.N.A. presentaron una moción conjunta solicitando el desistimiento de la acción judicial incoada el 16 de noviembre de 2007. Ello en razón de que las partes habían logrado una estipulación en el caso. En virtud de ésta, el D.R.N.A. se comprometía a honrar el aumento salarial de $100 mensuales a aquellos empleados activos de la agencia que mantuviesen su estatus de empleados regulares al momento de suscribirse la estipulación. La unión, por su parte, desistiría de su queja, excepto que alguna de las partes incumpliera con lo acordado.

El 7 de diciembre de 2007 las partes presentaron otra moción conjunta, en la cual informaron que el D.R.N.A. se encontraba tramitando la emisión de un cheque de $1,000 para pagar la multa que le impuso la Comisión el 1 de noviembre de 2005. Además, solicitaron que se señalara una vista para que la agencia recurrida explicara las razones por las cuales no podía cumplir aún con los pagos de los aumentos salariales acordados con la unión. Los días 10, 13 y 26 de diciembre de 2007 el D.R.N.A. presentó varias mociones informativas, en una de las cuales acreditó el pago de la multa de $1,000 y, en otra, el cumplimiento parcial con la orden de publicación de los Avisos de Práctica Ilícita.

El 25 de enero de 2008 AFSCME compareció ante el Tribunal de Primera Instancia en el caso KPE-07-4995 para informar del acuerdo alcanzado entre el D.R.N.A. y la unión. Cinco días más tarde, el 30 de enero, la Comisión de Relaciones del Trabajo emitió la resolución recurrida,

KLRA080189

6

la cual —como dijimos— declaró sin lugar la moción conjunta presentada el 27 de noviembre de 2007, así como también se negó a avalar la estipulación que le fue sometida. Además, tomó conocimiento del pago de la multa de $1,000, pero confirmó la imposición de la multa de $5,000 diarios impuesta el 29 de agosto de 2007.

II

Es norma trillada que, como regla general, un juez aceptará los convenios y las estipulaciones que las partes le sometan para así finalizar un litigio o un incidente dentro del mismo. *Rodríguez Rosado v. Zayas Martínez*, 133 D.P.R. 406 (1993). Ello tiene el propósito de facilitar y propiciar la solución rápida, justa y económica de las controversias.

De otra parte, como sabemos, los procedimientos de naturaleza laboral están revestidos del más alto interés público. De hecho, es por esta razón que existe una vigorosa política pública a favor del arbitraje obrero-patronal, que es un procedimiento menos técnico, más flexible, menos oneroso y, por tanto, más apropiado para la resolución de las controversias que emanan de la relación laboral. *Martínez Rodríguez v. A.E.E.*, 133 D.P.R. 986 (1993).

De lo anterior podemos inferir que es altamente deseable que los patronos y sus empleados le pongan fin a las controversias laborales mediante acuerdos y estipulaciones, de modo que la resolución de los conflictos entre ellos se logre de forma más rápida y económica. Por esta razón, el Reglamento de la Comisión de Relaciones del Trabajo del Servicio Público, Núm. 6385 de 28 de diciembre de 2001, le permite a las partes en una controversia someter ante la consideración de la Comisión, en

KLRA080189

7

cualquier momento, una propuesta de transacción o de disposición final del caso. *Ello, siempre y cuando la naturaleza del procedimiento lo permita y el interés público esté garantizado.* Inciso A, Sec. 411, del Reglamento 6385, *supra.*

El citado reglamento también dispone que el acuerdo de transacción sometido por las partes deberá disponer de todos los asuntos en controversia. Igualmente, establece que si —luego de la aprobación del acuerdo— alguna de las partes le notifica a la Comisión que una de las otras partes no cumplió con los términos de la transacción, *la Comisión podrá reabrir y reanudar el procesamiento del caso.* Incisos B y C de la Sec. 411 del Reglamento 6385, *supra.*

El caso de autos se originó en el 2003, a raíz de un reclamo de la AFSCME para que el D.R.N.A. cumpliera el compromiso de aumentarles $100 mensuales al salario de los miembros de la Unidad Apropiada B del cuerpo de vigilantes. Luego de más de cuatro años de litigio ante la Comisión de Relaciones del Trabajo, las partes sometieron ante la consideración del referido organismo una estipulación en la cual, entre otras cosas, acordaron:

1. Desistir con perjuicio del caso, excepto que una de las partes incumpliera con lo pactado.

2. Solicitarle a la Comisión relevar al D.R.N.A. del pago de las multas impuestas.

3. Implementar aumentos salariales de $100 mensuales a todos los vigilantes miembros de la Unidad Apropiada B, efectivos al 1 de noviembre de 2007. Los aumentos correspondientes a los años 2008 y 2009 se concederían el 1 de agosto de los correspondientes años fiscales.

KLRA080189

8

4. Los aumentos saldrían del fondo general de demandas contra el Estado y de no poder conseguirse esos fondos entonces serían incluidos en la petición presupuestaria del D.R.N.A. a la Oficina de Gerencia y Presupuesto para que la Asamblea Legislativa, a su vez, apruebe la partida.

5. *El D.R.N.A. hará gestiones afirmativas correspondientes a identificar los fondos para cumplir con la anterior obligación.*

De lo antes consignado no se desprende razón alguna por la cual debamos concluir que la estipulación acordada entre AFSCME y el D.R.N.A. vaya en contra de la naturaleza del procedimiento. Al igual que lo dispone el inciso C de la Sec. 411 del Reglamento 6385, *supra*, en dichos acuerdos se establece que las partes *se reservan el derecho de reanudar el caso si la otra parte incumple con sus obligaciones al amparo de la transacción.* Del mismo modo, el interés público queda salvaguardado en la medida en que las referidas estipulaciones propician la pronta solución de esta controversia, que ha venido ventilándose en los foros administrativos por más de cuatro años.

Es preciso señalar que el aumento prometido por el D.R.N.A. durante las negociaciones con la unión ante el Comité de Conciliación nunca estuvo respaldado por la correspondiente partida en el presupuesto de la agencia. Hasta que dicha partida no le fuese asignada como parte del presupuesto de la agencia, ésta estaba imposibilitada de poner en vigor los aumentos salariales prometidos. Por tanto, no puede concluirse que el D.R.N.A. incumplió con el acuerdo original al no implementar inmediatamente el aumento de sueldo.

Ahora bien, como ya dijimos, esta controversia se originó hace más de cuatro años, cuando la AFSCME se vio en la obligación de acudir

KLRA080189

9

a la Comisión de Relaciones del Trabajo, en un intento por lograr que el D.R.N.A. cumpliera el compromiso de aumentar en $100 el sueldo de los vigilantes. *Del expediente no surge que la agencia recurrente haya realizado gestión alguna ante la Asamblea Legislativa para conseguir que se le asignara una partida en el presupuesto para cumplir con los aumentos.* Es más, durante la vista celebrada el 6 de julio de 2007, el D.R.N.A. *aceptó haber incumplido con la orden de la Comisión de Relaciones del Trabajo del 1 de noviembre de 2005 y adujo desconocer qué gestión, si alguna, había realizado la agencia para cumplir con el dictamen aludido.* Véase, pág. 41 del Apéndice del recurso.

De los documentos que obran en autos se desprende que no fue, sino, hasta que la Comisión de Relaciones del Trabajo solicitó la intervención del Tribunal de Primera Instancia en el caso —con el propósito de hacer cumplir su orden del 1 de noviembre de 2005— que se observa interés por parte del D.R.N.A. en llegar a un acuerdo con la AFSCME. Esta actitud contumaz por parte de la recurrente —de contraer compromisos con las organizaciones laborales que agrupan a sus empleados sin hacer un mínimo de esfuerzo por cumplir con sus obligaciones— constituye conducta lesiva al interés apremiante del Estado de resolver de forma expedita las controversias de carácter laboral. El que un patrono realice ofertas fatuas en la mesa de negociación sabiendo de antemano que no podrá cumplir con los acuerdos tomados constituye una mala práctica obrero-patronal. Esto desestabiliza el taller de trabajo y, a su vez, atenta contra la paz industrial y la buena marcha de cualquier plantilla de trabajo.

KLRA080189

10

En razón de lo esbozado, consideramos que la dejadez observada por la agencia para cumplir o gestionar allegarse los recursos económicos necesarios que le permitieran cumplir con el aumento salarial, amerita ser sancionada.[2] Sin embargo, —al tomar en consideración la precariedad económica por la que atravesaba dicho departamento, lo que, en cierta medida, incidió con el incumplimiento de referencia— la multa impuesta de $5,000 diarios nos parece irrazonable. Es por ello, que reducimos la multa que la Comisión le impuso al D.R.N.A. por el incumplimiento con la orden del 1 de noviembre de 2005, a **una única penalidad de $5,000.** No debemos perder de vista que la recurrente es una agencia gubernamental de recursos económicos limitados y el mantener en vigor la multa diaria, lejos de ayudar a resolver la presente controversia, mermaría considerablemente el presupuesto de la agencia, haciendo más difícil aún que ésta cumpla debidamente con los compromisos contraídos, entre ellos, con los acuerdos laborales suscritos con AFSCME. Finalmente, la Comisión de Relaciones del Trabajo expuso en su resolución que no podía avalar la estipulación sometida por las partes porque en ésta se exponía que los únicos beneficiados de los acuerdos allí consignados serían los empleados que estuviesen activos en su estatus de empleados regulares a la fecha del acuerdo. Por tanto, aún después de acoger los términos de la referida estipulación, quedarían por determinar los derechos de los empleados que ya no trabajan en la Unidad Apropiada,

---

[2] Adviértase que el D.R.N.A. pudo, entre otras cosas, solicitar una asignación presupuestaria para los fines enunciados o, en su defecto, realizar una transferencia —entre las partidas presupuestarias— para atender esta situación.

KLRA080189

11

pero que a la fecha de la reclamación sí trabajaban allí. Siendo así, se hace necesaria la celebración de una vista ante la referida Comisión, a la mayor brevedad, para determinar los derechos que le asisten a ese grupo de empleados conforme a los términos del acuerdo llegado entre las partes, así como las responsabilidades de la Unión para con éstos.

En conclusión, somos del criterio que la Comisión de Relaciones del Trabajo debió aceptar la estipulación que le fue presentada por el D.R.N.A. y AFSCME de modo que la presente controversia pudiese resolverse. Ello conforme a la política pública del Estado de promover la solución rápida y económica de las reclamaciones laborales. Al no hacerlo se equivocó

III

Por los fundamentos expuestos anteriormente, revocamos la resolución recurrida y se aprueba la estipulación sometida por las partes en este caso. Además, se modifica la multa de $5,000 diarios impuesta al D.R.N.A., a los fines de reducirla a una sola penalidad de $5,000. Asimismo, se ordena la celebración de una vista ante la Comisión de Relaciones Laborales para dilucidar los derechos de los ex-empleados de la agencia recurrente.

Lo ordenó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

SRA. MILDRED IVONNE RODRIGUEZ RIVERA
Sub Secretaria del Tribunal de Apelaciones

María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones

RECEIVED & FILED
2020 JAN 15 PM 4: 39
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Carlos J. Cordero Rosa
Ac-6 Box 12404
San Sebastián PR 00685

Secretaría (Clerk's Office)
Tribunal de distrito de los Estados Unidos
Room 150 Federal Building
San Juan (Puerto Rico) 00918-1767



CERTIFIED MAIL

7018 0680 0001 5914 5193





U.S. POSTAGE PAID
FCM LG ENV
SAN SEBASTIAN, PR
00685
JAN 14 20
AMOUN
$6.85
R2305K136305-12

Elizabeth Santiago Ramirez
Urb. Santa Juanita Calle 24 AU-14
Bayamón P.R. 00956

CERTIFIED MAIL

7019 0700 0001 5147 7843

U.S. POSTAGE PAID
FCM LG ENV
VEGA BAJA, PR
00693
JAN 14, 20
AMOUNT
$7.45
R2304M115102-03

UNITED STATES
POSTAL SERVICE®

1000         00918

RECEIVED & FILED
2020 JAN 15  PM 3:50
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Secretaria (clerk's office)
Tribunal de Distrito de los
Estados Unidos
Room 150 Federal Building 150 Calle Chardon
San Juan (Puerto Rico) 00918-1767