# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | No. 17 BK 4780-LTS |
| SCIEMUS LIMITED, et al.<br><br>Plaintiffs,<br><br>-v- | Adv. Pro. No. 3:19-AP-369 LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| |
|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> PUERTO RICO ELECTRIC POWER AUTHORITY, <br><br> Defendant. |

## CERTIFICATE OF NO OBJECTION REGARDING RENEWED MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY FOR UNDISPUTED PAYMENT AND <u>RELEASE OF INSURANCE PROCEEDS</u>

The Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as PREPA's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed on December 26, 2019 a *Renewed Motion of Puerto Rico Electric Power Authority for Undisputed Payment and Release of Insurance Proceeds* **[Case No. 17-3283, ECF No. 9653, Case No. 17-4780, ECF No. 1843, Adv. Proc. No. 19-369, ECF No. 32]** (the "Motion") requesting an order providing that: (i) PREPA may accept from Plaintiffs ("Insurers") a payment of $1,726,000 (the "Undisputed Payment")[3] as an undisputed payment of insurance proceeds under certain commercial property insurance policies issued to PREPA by Plaintiffs for the policy period May 15, 2014 to May 15, 2015 (the "Property Insurance"); (ii) no creditors of PREPA or other parties shall be permitted to interfere with the transfer of the Undisputed Payment to PREPA or PREPA's use of the Undisputed Payment at its

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[3] For the avoidance of doubt, all of the insurers who are underwriters on the Property Insurance (as that term is defined herein) shall make their proportionate quota share percentage payment of the Undisputed Payment (as that term is defined herein) to PREPA whether such insurers are parties to this litigation or not.

2

discretion; (iii) the Plaintiffs shall not be subject to claims of PREPA's existing creditors or third parties with respect to the Undisputed Payment, and payment to PREPA shall satisfy Insurers' obligations under the Property Insurance with respect to the amount so paid; (iv) no creditor of PREPA or other party shall have any claim against Plaintiffs in respect of the obligation so satisfied by payment of the Undisputed Payment of $1,726,000; (v) Insurers shall not seek a refund, reimbursement, or claw-back of the Undisputed Payment or any portion thereof; (vi) Insurers retain all rights, remedies and defenses under the Property Insurance and at law; (vii) Defendants retain all further rights, remedies and defenses under the Property Insurance, including without limitation the right to seek additional amounts under the Property Insurance; and (viii) except as expressly stated therein, the Order shall not be interpreted to limit any party's rights.

Objections to the Motion were to be filed and served no later than January 14, 2020 at 4:00 p.m. (AST) (the "Objection Deadline")[4]. According to the *Tenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 8027-1] (the "Case Management Procedures"), the Court may enter an order granting a request for relief without a hearing upon receipt of a certificate of no objection ("CNO", as defined in the Case Management Procedures). *See* Case Management Procedures, Section III, paragraph P.

In accordance with the Case Management Procedures, the undersigned hereby states that he is filing this CNO not less that forty-eight (48) hours after the expiration of the Objection Deadline. The undersigned further certifies that he has reviewed the Court's docket in this case

---

[4] On January 2, 2020, PREPA filed the *Notice of Puerto Rico Electric Power Authority's Renewed Motion of Puerto Rico Electric Power Authority for Undisputed Payment and Release of Insurance Proceeds* (the Notice") **[Case No. 17-3283, ECF No. 9691, Case No. 17-4780, ECF No. 1851, Adv. Proc. No. 19-369, ECF No. 33]**. On January 7, 2020, Prime Clerk filed a Certificate of Service **[Case No. 17-3283, ECF No. 9713, Case No. 17-4780, ECF No. 1859, Adv. Proc. No. 19-369, ECF No. 35]** stating that all parties were serve with a copy of the Notice of January 2, 2020.

3

not less than 48 hours after the Objection Deadline and that no applicable objection, responsive pleading, or request for a hearing with respect to the Motion appears on the docket.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the proposed order attached hereto as **Exhibit A** at the Court's earliest convenience.

| | |
|---|---|
| Dated: January 17, 2020.<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García Benítez<br>USDC No. 203708<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br>Email: hermann.bauer@oneillborges.com<br>Email: carla.garcia@oneillborges.com<br><br>Martin J. Bienenstock (*pro hac vice*)<br>Stephen L. Ratner (*pro hac vice*)<br>Timothy W. Mungovan (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>Email: sratner@proskauer.com<br>Email: tmungovan@proskauer.com<br><br>Marc Eric Rosenthal (*pro hac vice)*<br>Paul V. Possinger (*pro hac vice)*<br>**PROSKAUER ROSE LLP**<br>70 West Madison<br>Suite 3800<br>Chicago, IL 60602-4342<br>Tel: (312) 962-3550<br>Fax: (312) 962-3551<br>mrosenthal@proskauer.com |

4

pposinger@proskauer.com

*Attorneys for the Financial Oversight and Management Board as representative of the Puerto Rico Electric Power Authority*

*/s/Eduardo J. Corretjer Reyes*
USDC-PR 224113
**CORRETJER, L.L.C**
625 Ponce de León Ave.
San Juan, Puerto Rico 00917-4819
Tel: (787) 751-4618
Fax: (787) 759-6503
E-Mail: ejcr@corretjerlaw.com

Shelby S. Guilbert, Jr.
(*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
E-Mail: sguilbert@KSLAW.com

*Attorneys for the Puerto Rico Electric Power Authority*

5

**<u>Exhibit A</u>**

**Proposed Order**

Case:17-03283-LTS Doc#:10171 Filed:01/17/20 Entered:01/17/20 15:19:27 Desc: Main
Document Page 6 of 10

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[5] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | No. 17 BK 4780-LTS |
| SCIEMUS LIMITED, et al.<br><br>Plaintiffs,<br><br>-v- | Adv. Pro. No. 3:19-AP-369 LTS |

---

[5] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); ); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

| |
|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> PUERTO RICO ELECTRIC POWER AUTHORITY, <br><br> Defendant. |

### [PROPOSED] ORDER GRANTING RENEWED MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY FOR UNDISPUTED PAYMENT AND RELEASE OF INSURANCE PROCEEDS

Upon consideration of *the Renewed Motion of Puerto Rico Electric Power Authority For Undisputed Payment and Release of Insurance Proceeds* (the "Motion"),[6] filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Puerto Rico Electric Power Authority ("PREPA") in this Title III case pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101-2241; and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found the relief requested in the Motion is in the best interests of PREPA, its creditors, and other parties in interest; and Plaintiffs having consented to the relief requested by the Motion; and the Court having found the Oversight Board and PREPA provided adequate and appropriate notice of the Motion under the circumstances and no other or further notice is required; and upon the record herein,

---

[6] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

after due deliberation thereon, the Court having found good and sufficient cause exists for granting the relief as set forth herein,

**IT IS HEREBY FOUND, DETERMINED, AND ORDERED:**

1. The Motion is GRANTED as set forth herein.

2. Insurers shall promptly pay the Undisputed Payment of $1,726,000 to PREPA under the Property Insurance on account of the Loss.

3. No creditor of PREPA or other party shall interfere with the transfer of the Undisputed Payment to PREPA or PREPA's use of the Undisputed Payment at its discretion.

4. Plaintiffs shall not be subject to claims of PREPA's existing creditors or third parties with respect to the payment of the Undisputed Payment to PREPA in accordance with this Order, and payment of the Undisputed Payment of $1,726,000 to PREPA shall satisfy Insurers' obligations under the Property Insurance with respect to the amount so paid. No creditor of PREPA or other party shall have any claim against Plaintiffs in respect of the obligation so satisfied by payment of the Undisputed Payment of $1,726,000.

5. Insurers shall not seek a refund, reimbursement, or claw-back of the Undisputed Payment or any portion thereof;

6. Insurers retain all rights, remedies and defenses under the Property Insurance and at law.

7. Defendants retain all further rights, remedies, claims, and defenses under the Property Insurance, including, without limitation, the right to seek additional amounts under the Property Insurance.

8. Except as expressly stated herein, this Order shall not be interpreted to limit any party's rights.

9. Immediately upon entry by the Court of this Order, PREPA is authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted herein.

10. The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

Dated: _____

                                                                                                           HON. LAURA TAYLOR SWAIN
                                                                                                           United States District Judge