**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------ X
                                               :

In re:                                :
                                               :

THE FINANCIAL OVERSIGHT AND      :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,   :   Title III
                                               :

        as representative of            :   Case No. 17-BK-3283 (LTS)
                                               :

THE COMMONWEALTH OF PUERTO RICO *et al.,*   :   (Jointly Administered)
                                               :

        Debtors.[1]                        :
------------------------------------------------------------------ X

### ORDER APPROVING NOTICE PROCEDURES WITH RESPECT TO OMNIBUS OBJECTIONS TO CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN BONDS ISSUED OR GUARANTEED BY THE COMMONWEALTH

The Court, having considered the *Urgent Motion of Lawful Constitutional Debt Coalition Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, for Entry of an Order Approving Notice Procedures With Respect to Omnibus Objection to Claims Filed or Asserted by Holders of Certain Bonds Issued or Guaranteed by the Commonwealth* (the "Urgent Motion"),[2] the accompanying papers and pleadings, any oppositions thereto, and argument thereon, and good cause having been shown, it is hereby ORDERED that:

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Urgent Motion.

1.     The relief requested in the Urgent Motion is GRANTED to the extent set forth herein;

2.     The Objection Notice annexed hereto as **Annex A** and the Spanish translation thereof annexed hereto as **Annex B** are hereby approved.

3.     The Official Committee of Unsecured Creditors (the "Committee") shall cause Prime Clerk, within five (5) business days after the entry of this Order, to serve copies of the Objection Notice and this Order upon (a) all individuals and entities who filed proofs of claim that are reflected on Prime Clerk's database as "bond claims" against the Commonwealth, (b) all individuals and entities who submitted Notices of Participation in accordance with the *Order, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, Establishing Initial Procedures With Respect to Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Granting Related Relief* (Docket Entry No. 5143 in Case No. 17-3283), (c) the holders of Proof of Claim Nos. 29485 and 47658, and (d) all individuals and entities who are beneficial holders of the Late Vintage Bonds in the manner described in the *Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection Notice Upon Beneficial Holders of Challenged GO Bonds*, annexed as Exhibit A to the *Informative Motion of (I) Financial Oversight and Management Board, Acting Through the Special Claims Committee, and (II) The Official Committee of Unsecured Creditors Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of Challenged GO Bonds* (Docket Entry No. 5049 in Case No. 17-3283).

4.      The Committee shall cause the publication of a notice, substantially in the form of the Objection Notice, once in (a) *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico), (b) *Caribbean Business* in English (primary circulation in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d) *The Bond Buyer,* and (e) on the municipal bond website EMMA, https://emma.msrb.org/Home. With respect to all such publications except *Caribbean Business*, the publication shall occur within fourteen (14) days after the entry of this Order. With respect to *Caribbean Business*, the publication shall occur as promptly as possible after the entry of this Order. The Oversight Board shall also cause the publication of a notice, substantially in the form of the Objection Notice, via Prime Clerk or on its own website. The above described publication notice shall be deemed good and adequate and sufficient publication of the Late Vintage Claim Objection and the Committee's *Omnibus Objection on Constitutional Debt Limit Grounds to (I) Claim of Government Development Bank for Puerto Rico (Claim Number 29485) Based on Certain Commonwealth-Issued Notes and on Commonwealth Guaranty of Certain Bond Issued by Port of Americas Authority, (II) Claim of Scotiabank de Puerto Rico (Claim Number 47658) Based on Full Faith and Credit Note Issued by Puerto Rico General Services Administration, and (III) Claims Filed or Asserted Against Commonwealth Based on Commonwealth Guaranty of Certain Notes Issued by Puerto Rico Infrastructure Authority* (Docket Entry No. 9735 in Case No. 17-3283).

5.      DTC shall give notice to its Participants of this Order and the Objection Notice by posting a copy of said documents to its Legal Notification System in accordance with DTC's Rules and customary procedures within five business (5) days after the entry of this Order.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from

the implementation of this Order.

Dated: _____, 2020

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

## Annex A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

----------------------------------------------------------------------- X

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.,*

     Debtors.[3]

----------------------------------------------------------------------- X

:   PROMESA

:   Title III

:   Case No. 17-BK-3283 (LTS)

:   (Jointly Administered)

**NOTICE OF (A) OBJECTION OF LAWFUL CONSTITUTIONAL DEBT COALITION, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN BONDS ISSUED OR GUARANTEED BY THE COMMONWEALTH AND (B) OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OMNIBUS OBJECTION ON CONSTITUTIONAL DEBT LIMIT GROUNDS TO (I) CLAIM OF GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO (CLAIM NUMBER 29485) BASED ON CERTAIN COMMONWEALTH-ISSUED NOTES AND ON COMMONWEALTH GUARANTY OF CERTAIN BOND ISSUED BY PORT OF AMERICAS AUTHORITY, (II) CLAIM OF SCOTIABANK DE PUERTO RICO (CLAIM NUMBER 47658) BASED ON FULL FAITH AND CREDIT NOTE ISSUED BY PUERTO RICO GENERAL SERVICES ADMINISTRATION, AND (III) CLAIMS FILED OR ASSERTED AGAINST COMMONWEALTH BASED ON COMMONWEALTH GUARANTY OF CERTAIN NOTES ISSUED BY PUERTO RICO INFRASTRUCTURE FINANCE AUTHORITY**

---

[3]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

You are receiving this notice because (a) you have been identified as holding (i) one or more bonds issued by the Puerto Rico Public Buildings Authority in 2012 (the "<u>2012 PBA Bonds</u>"), and/or (ii) one or more of the Commonwealth General Obligation Bonds issued in 2012 or 2014 (the "<u>2012-2014 GO Bonds</u>") and/or (iii) one or more bond anticipation notes issued by the Puerto Rico Infrastructure Financing Authority after March 2012 (the "<u>PRIFA BANs</u>") and/or (iv) one or more bonds issued by the Port of Americas Authority after March 2012 (the "<u>Ports Bonds</u>" and collectively with the 2012 PBA Bonds, 2012-2014 GO Bonds, and PRIFA BANs, the "<u>Late Vintage Bonds</u>"), (b) you have submitted a notice of participation with respect to the procedures order [Docket No. 5143] regarding the *Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted By Holders of Certain Commonwealth General Obligation Bonds* [Docket No. 4784] (the "<u>2012-2014 GO Bond Objection</u>"),[4] and/or (c) you hold all or a portion of the proofs of claim identified by claim numbers 29485 and 47658.

## I.    <u>Notice of Late Vintage Claim Objection</u>

Please note that the Lawful Constitutional Debt Coalition (the "<u>LCDC</u>") has filed an objection, dated January 8, 2020 [Docket No. 9730] (the "<u>Late Vintage Claim Objection</u>"),[5] to claims filed or asserted by holders of Late Vintage Bonds. The full text of the Late Vintage Claim Objection may be found on the Internet by using the following link: https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=9730.

The Late Vintage Claim Objection seeks a declaration that the Late Vintage Bonds were issued in violation of the debt service limit contained in article VI, section 2 of the Puerto Rico Constitution and, as a result, any claims on account of or related to the Late Vintage Bonds (the "<u>Late Vintage Bond Claims</u>") are not entitled to Constitutional Priority. **Subject to applicable appellate rights, if the Court grants the Late Vintage Claim Objection, in whole or in part, holders of Late Vintage Bond Claims may be stripped of their priority (if any) and/or the recovery on account of the Late Vintage Bond Claims may be eliminated, in whole or in part, in which case holders of Late Vintage Bond Claims may be forever barred from asserting such claims against the Commonwealth, from voting on any plan of adjustment filed in this Title III Case, and from participating in any distribution in this Title III Case on account of such Late Vintage Bond Claims. Thus, the Late Vintage Claim Objection may affect your rights.**

La Objeción a la Reclamación de "Late Vintage" busca que se declare que los Bonos "Late Vintage" se emitieron en violación del límite del servicio de la deuda contenido en el artículo VI, sección 2 de la Constitución de Puerto Rico y, como resultado, cualquier reclamo a cuenta de o relacionado a los Bonos "Late Vintage" (las Reclamaciones de Bonos "Late Vintage") no tiene derecho prioritario bajo la Constitución de Puerto Rico o la ley estatutaria de

---

[4]    The 2012-2014 GO Bond Objection objects to claims filed or asserted by holders of certain Commonwealth General Obligation Bonds issued in 2012 and 2014 (as detailed in the 2012-2014 GO Claim Objection).

[5]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Late Vintage Claim Objection or the Miscellaneous Debt Limit Claim Objection (as defined below), as applicable.

Puerto Rico. **Sujeto a los derechos apelativos aplicables, si el Tribunal acoge la Objeción a la Reclamación de "Late Vintage" en su totalidad o en parte, los tenedores de recuperación de las Reclamaciones de los Bonos "Late Vintage" podrán ser despojados de su prioridad (si alguna) y/o la recuperación de los Bonos "Late Vintage" puede ser eliminada, en su totalidad o en parte, en cuyo caso, los tenedores de Reclamaciones de Bonos "Late Vintage" podrán ser impedidos por siempre de entablar tales reclamaciones contra el Estado Libre Asociado de Puerto Rico, de votar sobre cualquier plan de ajuste presentado en este Caso de Título III y de participar de cualquier distribución en este Caso de Título III a cuenta de tales Reclamaciones de Bonos "Late Vintage". Por lo tanto, la Objeción a la Reclamación de "Late Vintage" podría afectar sus derechos.**

## II.    Notice of Miscellaneous Debt Limit Claim Objection

Please note that the Official Committee of Unsecured Creditors (the "Committee") has filed an objection, dated January 8, 2020 [Docket No. 9735] (the "Miscellaneous Debt Limit Claim Objection"),[6] to claims filed or asserted by the Government Development Bank for Puerto Rico ("GDB"), Scotiabank de Puerto Rico ("Scotiabank"), and holders of PRIFA BANs.   The full text of the Miscellaneous Debt Limit Claim Objection may be found on the Internet by using the following link: https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=9735.

The Miscellaneous Debt Limit Claim Objection seeks to disallow and invalidate (a) the claim of the GDB [Proof of Claim No. 29485] based on certain Commonwealth-issued notes and on a Commonwealth guaranty of the Port Bonds (the "GDB Claims"), (b) the claim of Scotiabank [Proof of Claim No. 47658] based on a full faith and credit note issued by the Puerto Rico General Services Administration (the "Scotiabank Claim"), and (c) claims filed or asserted against the Commonwealth based on a Commonwealth guaranty of the PRIFA BANs (the "PRIFA BANs Claims" and, together with the GDB Claims, and the Scotiabank Claim, the "Miscellaneous GO Claims"). **Subject to applicable appellate rights, if the Court grants the Miscellaneous Debt Limit Claim Objection, in whole or in part, the recovery of holders of the Miscellaneous GO Claims on account of such claims will be eliminated in whole or in part, and such holders will be forever barred from asserting such claims against the Commonwealth, from voting on any plan of adjustment filed in this Title III Case, and from participating in any distribution in this Title III Case on account of such Miscellaneous GO Claims, as applicable. Thus, the Miscellaneous Debt Limit Claim Objection may affect your rights.**

La Objeción a Reclamación Miscelánea del Límite de la Deuda tiene el propósito de rechazar e invalidar (a) la reclamación del BGF [Reclamación Núm. 259485] basada en ciertos pagarés emitidos por el Estado Libre Asociado y la garantía del Estado Libre Asociado de los Bonos de Puertos (las "Reclamaciones BGF"), (b) la reclamación de Scotiabank [Reclamación Núm. 47658] basada en un pagaré de entera fe y crédito emitido por la Administración de Servicios Generales de Puerto Rico (la "Reclamación Scotiabank"), y (c) las reclamaciones

---

[6]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Late Vintage Claim Objection.

presentadas o incoadas contra el Estado Libre Asociado basada en la garantía del Estado Libre
Asociado de los PRIFA BANs (las "Reclamaciones PRIFA BANs" y, colectivamente con las
Reclamaciones BGF y la Reclamación Scotiabank, las "Reclamaciones Misceláneas GO").
**Sujeto a los derechos apelativos aplicables, si el Tribunal concede la Objeción a
Reclamación Miscelánea del Límite de la Deuda, total o parcialmente, la recuperación de
los tenedores de las Reclamaciones Misceláneas GO a cuenta de dichas reclamaciones se
eliminará total o parcialmente, y estos reclamantes quedarán prohibidos para siempre de
hacer valer dichas reclamaciones contra el Estado Libre Asociado, de votar sobre cualquier
plan de ajuste presentado en este Caso de Título III, y de participar de cualquier
distribución en este Caso de Título III a cuenta de tales Reclamaciones Misceláneas GO,
según aplique. Por lo tanto, la Objeción a Reclamación Miscelánea del Límite de la Deuda
podría afectar sus derechos.**

### III.   Previously Filed Claim Objections Related to GO Bonds and PBA Bonds

Please further note that the Committee and the Financial Oversight and Management
Board for Puerto Rico also filed the 2012-2014 GO Bond Objection on January 14, 2019, which
objection seeks to disallow and invalidate claims on account of the 2012-2014 GO Bonds. Notice
of the 2012-2014 GO Bond Objection was previously served on holders of the 2012-2014 GO
Bonds in accordance with the Court's procedures order, dated February 15, 2019 [Docket No.
5143].[7]

Please further note that the Committee also filed (a) the *Omnibus Objection of Official
Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy
Rule 3007, to Claims Filed or Asserted by Holders of Certain 2011 Commonwealth General
Obligation Bonds* [Docket No. 7057] (the "2011 GO Bond Objection"), on May 21, 2019, which
objection seeks to disallow and invalidate claims on account of certain 2011 Commonwealth
General Obligation Bonds (the "2011 GO Bonds") and (b) the *Omnibus Objection of Official
Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy
Rule 3007, to Claims Filed or Asserted Against the Commonwealth By Holders of Certain
Puerto Rico Public Buildings Authority Bonds* [Docket No. 8141] (the "PBA Bond Objection"),
on July 18, 2019, which objection seeks to disallow and invalidate claims on account of the PBA
Bonds.  Notice of the 2011 GO Bond Objection and the PBA Bond Objection was previously
served on holders of 2011 GO Bonds and PBA Bonds in accordance with the Court's *Interim
Case Management Order* (the "Case Management Order"), dated December 19, 2019 [Docket
No. 9619].

### IV.   Briefing Schedule Regarding Motions to Dismiss with Respect to Late Vintage
####      Claim Objection, Miscellaneous Debt Limit Claim Objection, PBA Bond Objection,
####      2011 GO Bond Objection, and 2012-2014 GO Bond Objection

Please note further, that the Case Management Order approves a schedule for briefing on
motions to dismiss with respect to **the Late Vintage Claim Objection, the Miscellaneous Debt**

---

[7]   Among other things, that procedures order required holders of 2012-2014 GO Bonds that wished to participate
      in the litigation of the 2012-2014 GO Bond Objection to submit a notice of participation by April 16, 2019.

Limit Claim Objection, the PBA Bond Objection, the 2011 GO Bond Objection, and the 2012-2014 GO Bond Objection (collectively, the "<u>Claim Objections</u>").

The briefing schedule governing such motions to dismiss is as follows:

| | |
|---|---|
| Opening Brief(s) for the Identified Parties (as defined in the Case Management Order) | February 5, 2020 |
| Opening Brief(s) for all other bondholders or interested parties | February 19, 2020 |
| Opposition Brief(s) | March 18, 2020 |
| Reply Brief(s) for Identified Parties | April 8, 2020 |
| Reply Brief(s) for all other bondholders or interested parties | April 20, 2020 |
| Hearing | April 30, 2020 |

Please note that the foregoing briefing schedule may change, which change would be reflected in further court orders and notices, as necessary.

**If you intend to participate in the motion to dismiss briefing, you must comply with the requirements set forth in the Case Management Order.  A copy of the Case Management Order is enclosed with this Notice.**[8]  Additional information regarding the Claim Objections, including any changes to the briefing schedule, will be posted on the Internet under the following link: https://cases.primeclerk.com/puertorico/

## V.    <u>Further Information</u>

Requests for Spanish-language versions of this Notice and any questions regarding this Notice, as it relates to the Late Vintage Objection, should be sent in writing to:

Envíe por escrito las solicitudes de las versiones en español de este Aviso y cualquier pregunta que surja de este Aviso en lo que refiere a la Objeción a la Reclamación de "Late Vintage", a la siguiente dirección:

> Quinn Emanuel Urquhart & Sullivan LLP
> 51 Madison Avenue
> New York, NY 10010
> Attn: Zach Russell, Esq.
> (212) 849-7273

---

[8]    The Case Management Order also sets forth a briefing schedule for motions to dismiss adversary proceedings seeking a determination of, *inter alia*, the validity of GO and PBA bondholders' asserted liens and, if such liens are valid, to avoid same (Adv. Proc. Nos. 19-291, 19-292, 19-293, 19-294, 19-295, 19-296, and 19-297, collectively the "<u>GO Lien Challenges</u>").  Defendants in the GO Lien Challenges will also receive a copy of the Case Management Order.

Requests for Spanish-language versions of this Notice and any questions regarding this Notice, as it relates to the Miscellaneous Debt Limit Claim Objection, should be sent in writing to:

Envíe por escrito las solicitudes de las versiones en español de este Aviso y cualquier pregunta que surja de este Aviso en lo que refiere a la Objeción a Reclamación Miscelánea del Límite de la Deuda a la siguiente dirección:

> Paul Hastings LLP
> 200 Park Avenue
> New York, NY 10166
> Attn:  Douglass E. Barron
> NoticeofParticipation@paulhastings.com
> (212) 318-6690

## VI.   CUSIP Numbers of Bonds Subject to Late Vintage Claim Objections and Miscellaneous Debt Limit Claim Objection

The CUSIP numbers of the PBA bonds subject to the Late Vintage Claim Objection are:

| Government Facilities Revenue Refunding Bonds, Series U | | | |
|---|---|---|---|
| Maturity Date July 1 | Principal Amount | Interest Rate | CUSIP |
| 2014 | $460,000 | 4.00% | 745235S51 |
| 2015 | 1,760,000 | 4.00% | 745235R45 |
| 2016 | 4,830,000 | 5.00% | 745235R52 |
| 2017 | 4,920,000 | 5.00% | 745235R60 |
| 2018 | 5,020,000 | 5.00% | 745235R78 |
| 2019 | 2,605,000 | 3.89% | 745235S69 |
| 2019 | 2,120,000 | 5.00% | 745235R86 |
| 2020 | 10,225,000 | 5.00% | 745235R94 |
| 2021 | 4,800,000 | 5.00% | 745235S28 |
| 2022 | 4,850,000 | 5.00% | 745235S36 |
| 2023 | 2,080,000 | 5.25% | 745235S44 |
| 2042 | 538,675,000 | 5.25% | 745235R37 |
| Total | $582,345,000 | | |

The CUSIP numbers of the general obligation bonds subject to the Late Vintage Claim Objection are:

| Public Improvement Refunding Bonds, Series 2012 B | | | |
|---|---|---|---|
| Maturity Date July 1 | Principal Amount | Interest Rate | CUSIP |
| 2013 | $55,605,000 | 2.25% | 74514LZS9 |
| 2014 | 69,990,000 | 2.95% | 74514LZT7 |
| 2015 | 67,300,000 | 3.25% | 74514LZU4 |
| 2016 | 56,170,000 | 3.65% | 74514LZV2 |
| 2017 | 27,385,000 | 3.90% | 74514LZW0 |
| 2018 | 51,925,000 | 4.10% | 74514LZX8 |
| 2019 | 20,160,000 | 4.25% | 74514LZY6 |
| 2020 | 17,125,000 | 4.40% | 74514LZZ3 |
| 2033 | 49,610,000 | 5.30% | 74514LA23 |
| **Total** | **$415,270,000** | | |

| Public Improvement Refunding Bonds, Series 2012 A | | | |
|---|---|---|---|
| Maturity Date July 1 | Principal Amount | Interest Rate | CUSIP |
| 2020 | $10,000,000 | 4.00% | 74514LA31 |
| 2020 | 35,345,000 | 5.00% | 74514LC47 |
| 2021 | 49,400,000 | 4.00% | 74514LA49 |
| 2021 | 52,895,000 | 5.00% | 74514LC54 |
| 2022 | 32,110,000 | 4.13% | 74514LA56 |
| 2022 | 21,285,000 | 5.00% | 74514LC62 |
| 2022 | 20,000,000 | 4.00% | 74514LD46 |
| 2023 | 7,290,000 | 4.38% | 74514LC70 |
| 2023 | 68,500,000 | 5.25% | 74514LA64 |
| 2023 | 5,000,000 | 4.13% | 74514LD53 |
| 2024 | 10,000,000 | 4.00% | 74514LC88 |
| 2024 | 11,050,000 | 5.25% | 74514LA72 |
| 2024 | 5,000,000 | 4.13% | 74514LD61 |
| 2025 | 22,030,000 | 4.50% | 74514LA80 |
| 2025 | 5,000,000 | 4.25% | 74514LD79 |
| 2026 | 60,000,000 | 5.50% | 74514LD38 |
| 2026 | 4,455,000 | 4.50% | 74514LC96 |
| 2026 | 69,740,000 | 5.50% | 74514LA98 |
| 2027 | 17,945,000 | 5.50% | 74514LB 22 |
| 2027 | 11,520,000 | 4.25% | 74514LD87 |
| 2028 | 64,795,000 | 5.75% | 74514LB30 |
| 2029 | 6,665,000 | 5.00% | 74514LB48 |
| 2030 | 7,000,000 | 4.75% | 74514LB97 |
| 2031 | 7,335,000 | 4.75% | 74514LB55 |
| 2032 | 7,685,000 | 5.00% | 74514LC21 |
| 2033 | 27,400,000 | 5.00% | 74514LC39 |
| 2035 | 322,925,000 | 5.00% | 74514LD20 |
| 2037 | 263,540,000 | 5.13% | 74514LB63 |
| 2039 | 459,305,000 | 5.50% | 74514LB71 |
| 2041 | 632,975,000 | 5.00% | 74514LB89 |
| **Total** | **$2,318,190,000** | | |

7

| General Obligation Bonds of 2014, Series A | | | |
|---|---|---|---|
| Maturity Date July 1 | Principal Amount | Interest Rate | CUSIP |
| 2035 | $3,500,000,000 | 8.00% | 745 I 4LE86 |
| Total | $3,500,000,000 | | |

The PRIFA BANs and Ports Bonds subject to the Late Vintage Claim Objection and the Miscellaneous Debt Limit Claim Objection are:

| Other Commonwealth Guaranteed Debt Issued after March 2012 | | | |
|---|---|---|---|
| Issuing Entity | CUSIP | Principal Amount ($MM) | Original Issuance Date |
| PRIFA BANs | 745223AA5 | $78.1 | 3/17/2015 |
| Port of the Americas Authority | N/A | 225.5 | 12/31/2014 |
| Total | | $303.7 | |

Source: Principal amounts per Commonwealth's Disclosure Statement filed September 27, 2019.

8

**Annex B**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

---------------------------------------------------------------------- X

In re:                                                                      :

                                                                            :

LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN      :   PROMESA
FINANCIERA PARA PUERTO RICO,                              :   Título III

                                                                            :

        como representante de                                   :   Caso Núm. 17-BK-3283 (LTS)

                                                                            :

EL ESTADO LIBRE ASOCIADO DE PUERTO RICO *et*  :   (Administrado Conjuntamente)
*al.*,                                                                        :

                                                                            :

        Deudores.[1]                                               :

---------------------------------------------------------------------- X

**AVISO DE (A) OBJECIÓN DE LA COALICIÓN DE DEUDA CONSTITUCIONAL LEGÍTIMA, DE CONFORMIDAD CON LA SECCIÓN 502 DEL CÓDIGO DE QUIEBRAS Y LA REGLA 3007 DE QUIEBRAS, A LAS RECLAMACIONES PRESENTADAS POR LOS TENEDORES DE CIERTOS BONOS EMITIDOS O GARANTIZADOS POR EL ESTADO LIBRE ASOCIADO Y (B) OBJECIÓN ÓMNIBUS DEL COMITÉ OFICIAL DE ACREEDORES NO ASEGURADOS SOBRE EL LÍMITE DE LA DEUDA CONSTITUCIONAL A (I) LA RECLAMACIÓN DEL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO (RECLAMACIÓN NÚMERO 29485) BASADO EN CIERTOS PAGARÉS EMITIDOS POR EL ESTADO LIBRE ASOCIADO Y EN LA GARANTÍA DEL ESTADO LIBRE ASOCIADO DE CIERTO BONO EMITIDO POR LA AUTORIDAD DEL PUERTO DE LAS AMÉRICAS, (II) LA RECLAMACIÓN DEL SCOTIABANK DE PUERTO RICO (RECLAMACIÓN NÚMERO 47658) BASADO EN UN PAGARÉ DE ENTERA FE Y CRÉDITO EMITIDO POR LA ADMINISTRACIÓN DE SERVICIOS GENERALES DE PUERTO RICO, Y (III) RECLAMACIONES PRESENTADAS O INCOADAS CONTRA EL ESTADO LIBRE ASOCIADO BASADO EN LA GARANTÍA DEL ESTADO LIBRE ASOCIADO DE CIERTOS PAGARÉS EMITIDOS POR LA AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO**

---

[1]    Los Deudores en los Casos del Título III, junto con el caso individual de cada Deudor en virtud del mismo título y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, según aplicable, son: (i) el Estado Libre Asociado de Puerto Rico (Caso de Quiebra Núm. 17-BK-3283 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17-BK-3284 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") (Caso de Quiebra Núm. 17-BK-3567 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de Quiebra Núm. 17-BK-3566 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); (v) la Autoridad de Energía Eléctrica de Puerto Rico ("AEE") (Caso de Quiebra Núm. 17-BK-4780 (LTS)) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y la Autoridad de Edificios Públicos de Puerto Rico ("AEP") (Caso de Quiebra Núm. 19-BK-5233-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos en virtud del Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

Usted está recibiendo este aviso porque (a) ha sido identificado como tenedor de (i) uno o más bonos emitidos por la Autoridad de Edificios Públicos de Puerto Rico en el 2012 (los "Bonos AEP 2012"), y/o (ii) uno o más de los Bonos de Obligación General del Estado Libre Asociado de Puerto Rico emitidos en 2012 o 2014 (los "Bonos GO 2012-2014") y/o (iii) una o más notas en anticipación de bonos emitidos por la Autoridad de Financiamiento de Infraestructura de Puerto Rico después de marzo de 2012 (los "PRIFA BANs") y/o (iv) uno o más bonos emitidos por la Autoridad del Puerto de las Américas después de marzo de 2012 (los "Bonos de Puertos" y colectivamente con los Bonos AEP 2012, Bonos GO 2012-2014, y PRIFA BANs, los Bonos "Late Vintage Bonds"), (b) ha enviado una aviso de participación con respecto a la orden de procedimientos [Docket Núm. 5143] relacionada a la *Objeción General de (I) Junta de Supervisión y Administración Fiscal para Puerto Rico, actuando a través de su Comité Especial de Reclamaciones, y (II) Comité Oficial de Acreedores No Asegurados, de conformidad con la Sección 502 del Código de Quiebras y Regla 3007 de Quiebras, a las Reclamaciones Presentadas o Entabladas por los Tenedores de Ciertos Bonos de Obligación General del Estado Libre Asociado de Puerto Rico* [Docket No. 4784] (la "Objeción de los Bonos GO 2012-2014"),[2] y/o (c) es tenedor de toda o una porción de las evidencias de reclamación identificadas por los números de reclamación 29485 y 47658.

## I.    Aviso de la Objeción a la Reclamación de Late Vintage

Por favor tenga en cuenta que la Coalición de Deuda Constitucional Legítima (la "CDCL" u "Objetor") ha presentado una objeción, con fecha del 8 de enero de 2020 [Docket Núm. 9730] (la "Objeción a la Reclamación de "Late Vintage"),[3] a reclamaciones presentadas por los tenedores de Bonos "Late Vintage". El texto completo de la Objeción a la Reclamación de "Late Vintage" se puede encontrar en Internet mediante el siguiente enlace:
https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=9730

La Objeción a la Reclamación de "Late Vintage" busca que se declare que los Bonos "Late Vintage" se emitieron en violación del límite del servicio de la deuda contenido en el artículo VI, sección 2 de la Constitución de Puerto Rico y, como resultado, cualquier reclamo a cuenta de o relacionado a los Bonos "Late Vintage" (las Reclamaciones de Bonos "Late Vintage") no tiene derecho prioritario bajo la Constitución de Puerto Rico o la ley estatutaria de Puerto Rico. **Sujeto a los derechos apelativos aplicables, si el Tribunal acoge la Objeción a la Reclamación de "Late Vintage" en su totalidad o en parte, los tenedores de recuperación de las Reclamaciones de los Bonos "Late Vintage" podrán ser despojados de su prioridad (si alguna) y/o la recuperación de los Bonos "Late Vintage" puede ser eliminada, en su totalidad o en parte, en cuyo caso, los tenedores de Reclamaciones de Bonos "Late Vintage" podrán ser impedidos por siempre de entablar tales reclamaciones contra el Estado Libre Asociado de Puerto Rico, de votar sobre cualquier plan de ajuste presentado en este Caso de Título III y de participar de cualquier distribución en este Caso de Título III a cuenta de**

---

[2]    La Objeción de Bonos GO 2012-2014 objeta reclamaciones presentadas o incoadas por tenedores de ciertos Bonos de Obligación General emitidos en el 2012 y 2014 (según se detalla en la Objeción a Reclamación GO 2012-2014).

[3]    Los términos en mayúscula que no se definen en este documento tendrán el significado que se les atribuye en la Objeción a la Reclamación de "Late Vintage" o la Objeción a Reclamación Miscelánea del Límite de la Deuda según se definen más abajo, según aplicable.

tales Reclamaciones de Bonos "Late Vintage". Por lo tanto, la Objeción a la Reclamación de "Late Vintage" podría afectar sus derechos.

## II.    Aviso de la Objeción a Reclamación Miscelánea del Límite de la Deuda

Por favor tenga en cuenta que el Comité Oficial de Acreedores No Asegurados (el "Comité") ha presentado una objeción fechada el 8 de enero del 2020 [Docket Núm. 9735] (la "Objeción a Reclamación Miscelánea del Límite de la Deuda") a reclamaciones presentadas o incoadas por el Banco Gubernamental de Fomento para Puerto Rico ("BGF"), Scotiabank de Puerto Rico ("Scotiabank"), y tenedores de PRIFA BANs.  El texto completo de la Objeción a Reclamación Miscelánea del Límite de la Deuda se puede encontrar en Internet mediante el siguiente enlace: https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=9735.

La Objeción a Reclamación Miscelánea del Límite de la Deuda tiene el propósito de rechazar e invalidar (a) la reclamación del BGF [Reclamación Núm. 259485] basada en ciertos pagarés emitidos por el Estado Libre Asociado y la garantía del Estado Libre Asociado de los Bonos de Puertos (las "Reclamaciones BGF"), (b) la reclamación de Scotiabank [Reclamación Núm. 47658] basada en un pagaré de entera fe y crédito emitido por la Administración de Servicios Generales de Puerto Rico (la "Reclamación Scotiabank"), y (c) las reclamaciones presentadas o incoadas contra el Estado Libre Asociado basada en la garantía del Estado Libre Asociado de los PRIFA BANs (las "Reclamaciones PRIFA BANs" y, colectivamente con las Reclamaciones BGF y la Reclamación Scotiabank, las "Reclamaciones Misceláneas GO"). **Sujeto a los derechos apelativos aplicables, si el Tribunal concede la Objeción a Reclamación Miscelánea del Límite de la Deuda, total o parcialmente, la recuperación de los tenedores de las Reclamaciones Misceláneas GO a cuenta de dichas reclamaciones se eliminará total o parcialmente, y estos reclamantes quedarán prohibidos para siempre de hacer valer dichas reclamaciones contra el Estado Libre Asociado, de votar sobre cualquier plan de ajuste presentado en este Caso de Título III, y de participar de cualquier distribución en este Caso de Título III a cuenta de tales Reclamaciones Misceláneas GO, según aplique. Por lo tanto, la Objeción a Reclamación Miscelánea del Límite de la Deuda podría afectar sus derechos.**

## III.    Objeciones Presentadas Previamente Relacionadas a los Bonos GO y AEP

Por favor tenga en cuenta, además, que el Comité y la Junta de Supervisión y Administración Fiscal para Puerto Rico también presentaron la Objeción de Bonos GO 2012-2014 el 14 de enero de 2019, cuya objeción busca rechazar e invalidar reclamos sobre Bonos GO 2012-2014. El aviso de la Objeción de Bonos GO 2012-2014 fue diligenciado previamente a los tenedores de los Bonos GO 2012-2014 de acuerdo a la orden del Tribunal con fecha del 15 de febrero de 2019. [Docket Núm. 5143].[4]

---

[4]    Entre otras cosas, esa orden de procedimientos requería que los tenedores de Bonos GO 2012-2014 que desearan participar en el litigio de la Objeción de los Bonos GO 2012-2014 presentaran un aviso de participación antes del 16 de abril de 2019.

Por favor tenga en cuenta, además, que el Comité también presentó (a) *la Objeción Ómnibus del Comité Oficial de Acreedores No Asegurados, de Conformidad con la Sección 502 del Código de Quiebras y la Regla 3007 de Quiebras a las Reclamaciones Presentadas o Incoadas por Tenedores de Ciertos Bonos de Obligación General Emitidos en 2011 por el Estado Libre Asociado* [Docket Núm. 7057] (la "Objeción a Bonos GO 2011"), fechada el 21 de mayo de 2019, la cual tiene el propósito de rechazar e invalidar reclamaciones a cuenta de ciertos bonos de obligación general emitidos por el Estado Libre Asociado de Puerto Rico en 2011 (los "Bonos GO 2011"), y (b) *la Objeción General del Comité Oficial de Acreedores No Asegurados, de Conformidad con la Sección 502 del Código de Quiebras y la Regla 3007 de Quiebras, a las Reclamaciones Presentadas Contra el Estado Libre Asociado de Puerto Rico por Tenedores de Ciertos Bonos de la Autoridad de Edificios Públicos de Puerto Rico* [Docket Núm. 8141] (la "Objeción de Bonos AEP"), el 18 de julio de 2019, cuya objeción busca rechazar e invalidar reclamos a cuenta de los Bonos AEP. El aviso de la Objeción a Bonos GO 2011 y la Objeción de los Bonos AEP fue entregada previamente a los tenedores de los Bonos GO 2011 y los Bonos AEP de acuerdo con la Orden Provisional de Manejo de Caso emitida por el Tribunal (la "Orden de Manejo de Caso"), con fecha del 19 de diciembre de 2019 [Docket Núm. 9619]

**IV.** **Calendario para la presentación de las Mociones de Desestimación Relacionadas a la Objeción a la Reclamación de Bonos Late Vintage, la Objeción a Reclamación Miscelánea del Límite de la Deuda, la Objeción de los Bonos AEP, la Objeción a Bonos GO 2011 y la Objeción de los Bonos GO 2012-2014**

Por favor tenga en cuenta, además, que la Orden para el Manejo del Caso aprueba un calendario de radicaciones en torno a las mociones de desestimación relacionadas a la Objeción a la Reclamación de Late Vintage, la Objeción a Reclamación Miscelánea del Límite de la Deuda, la Objeción de Bonos AEP, la Objeción a Bonos GO 2011, y la Objeción de Bonos GO 2012-2014 (colectivamente, las "Objeciones a las Reclamaciones").

El calendario de presentación que rige las mociones de desestimación es el siguiente:

| Alegato(s) Inicial para las Partes Identificadas (según definido en la Orden de Manejo del Caso) | 5 de febrero de 2020 |
|---|---|
| Alegato(s) Inicial para todos los demás tenedores de bonos o partes interesadas | 19 de febrero de 2020 |
| Alegato(s) en oposición | 18 de marzo de 2020 |
| Alegato(s) de réplica para las Partes Identificadas | 8 de abril de 2020 |
| Alegato(s) de réplica para todos los demás tenedores de bonos o partes interesadas | 20 de abril de 2020 |
| Vista | 30 de abril de 2020 |

Por favor tenga en cuenta que el calendario para la presentación de las mociones antes señalado puede cambiar, cuyo cambio se reflejaría en otras órdenes judiciales y avisos, según sea necesario.

**Si usted tiene la intención de participar en el calendario la moción de desestimación, debe cumplir con los requisitos establecidos en la Orden para el Manejo del Caso. Copia de la**

**Orden para el Manejo del Caso está anejada a este Aviso**[5]. Información adicional relacionada a las Objeciones a la Reclamación, incluyendo los cambios en el calendario de presentación, se publicará en Internet en el siguiente enlace: https://cases.primeclerk.com/puertorico/

## V.     Información Adicional

Solicitudes para versiones en español de este Aviso y cualquier pregunta que surja de este Aviso en lo que refiere a la Objeción a la Reclamación de "Late Vintage" deben ser enviados por escrito a la siguiente dirección:

> Quinn Emanuel Urquhart & Sullivan LLP
> 51 Madison Avenue
> New York, NY 10010
> Attn: Zach Russell, Esq.
> (212) 849-7273

Solicitudes para versiones en español de este Aviso y cualquier pregunta que surja de este Aviso en lo que refiere a la Objeción a Reclamación Miscelánea del Límite de la Deuda deben ser enviados por escrito a la siguiente dirección:

> Paul Hastings LLP
> 200 Park Avenue
> New York, NY 10166
> Attn:  Douglass E. Barron
> NoticeofParticipation@paulhastings.com
> (212) 318-6690

## VI.     Números CUSIP de Bonos Sujetos a la Objeción a la Reclamación de Late Vintage y a la Objeción a Reclamación Miscelánea del Límite de la Deuda

Los números CUSIP de los Bonos AEP sujetos al reclamo de Objeción del Late Vintage son:

---

[5]     La Orden de Manejo del Caso también ordena un itinerario para los alegatos de mociones para desestimar procedimientos adversarios que buscan una determinación sobre, *inter alia*, la validez de los gravámenes de incoados por tenedores de bonos GO y AEP, y, si estos gravámenes son válidos, evitarlos (Adv. Proc. Nos. 19-291, 19-292, 19-293, 19-294, 19-295, 19-296 y 19-297, colectivamente "Impugnaciones de Gravámenes GO"). Los Demandados en las Impugnaciones de Gravámenes GO también recibirán una copia de la Orden de Manejo del Caso.

| Government Facilities Revenue Refunding Bonds, Series U | | | |
|---|---|---|---|
| Maturity Date July 1 | Principal Amount | Interest Rate | CUSIP |
| 2014 | $460,000 | 4.00% | 745235S51 |
| 2015 | 1,760,000 | 4.00% | 745235R45 |
| 2016 | 4,830,000 | 5.00% | 745235R52 |
| 2017 | 4,920,000 | 5.00% | 745235R60 |
| 2018 | 5,020,000 | 5.00% | 745235R78 |
| 2019 | 2,605,000 | 3.89% | 745235S69 |
| 2019 | 2,120,000 | 5.00% | 745235R86 |
| 2020 | 10,225,000 | 5.00% | 745235R94 |
| 2021 | 4,800,000 | 5.00% | 745235S28 |
| 2022 | 4,850,000 | 5.00% | 745235S36 |
| 2023 | 2,080,000 | 5.25% | 745235S44 |
| 2042 | 538,675,000 | 5.25% | 745235R37 |
| Total | $582,345,000 | | |

Los números CUSIP de los Bonos de Obligación General sujetos al reclamo de Objeción de Late Vintage son:

| Public Improvement Refunding Bonds, Series 2012 B | | | |
|---|---|---|---|
| Maturity Date July 1 | Principal Amount | Interest Rate | CUSIP |
| 2013 | $55,605,000 | 2.25% | 74514LZS9 |
| 2014 | 69,990,000 | 2.95% | 74514LZT7 |
| 2015 | 67,300,000 | 3.25% | 74514LZU4 |
| 2016 | 56,170,000 | 3.65% | 74514LZV2 |
| 2017 | 27,385,000 | 3.90% | 74514LZW0 |
| 2018 | 51,925,000 | 4.10% | 74514LZX8 |
| 2019 | 20,160,000 | 4.25% | 74514LZY6 |
| 2020 | 17,125,000 | 4.40% | 74514LZZ3 |
| 2033 | 49,610,000 | 5.30% | 74514LA23 |
| Total | $415,270,000 | | |

| Public Improvement Refunding Bonds, Series 2012 A | | | |
|---|---|---|---|
| Maturity Date July 1 | Principal Amount | Interest Rate | CUSIP |
| 2020 | $10,000,000 | 4.00% | 74514LA31 |
| 2020 | 35,345,000 | 5.00% | 74514LC47 |
| 2021 | 49,400,000 | 4.00% | 74514LA49 |
| 2021 | 52,895,000 | 5.00% | 74514LC54 |
| 2022 | 32,110,000 | 4.13% | 74514LA56 |
| 2022 | 21,285,000 | 5.00% | 74514LC62 |
| 2022 | 20,000,000 | 4.00% | 74514LD46 |
| 2023 | 7,290,000 | 4.38% | 74514LC70 |
| 2023 | 68,500,000 | 5.25% | 74514LA64 |
| 2023 | 5,000,000 | 4.13% | 74514LD53 |
| 2024 | 10,000,000 | 4.00% | 74514LC88 |
| 2024 | 11,050,000 | 5.25% | 74514LA72 |
| 2024 | 5,000,000 | 4.13% | 74514LD61 |
| 2025 | 22,030,000 | 4.50% | 74514LA80 |
| 2025 | 5,000,000 | 4.25% | 74514LD79 |
| 2026 | 60,000,000 | 5.50% | 74514LD38 |
| 2026 | 4,455,000 | 4.50% | 74514LC96 |
| 2026 | 69,740,000 | 5.50% | 74514LA98 |
| 2027 | 17,945,000 | 5.50% | 74514LB 22 |
| 2027 | 11,520,000 | 4.25% | 74514LD87 |
| 2028 | 64,795,000 | 5.75% | 74514LB30 |
| 2029 | 6,665,000 | 5.00% | 74514LB48 |
| 2030 | 7,000,000 | 4.75% | 74514LB97 |
| 2031 | 7,335,000 | 4.75% | 74514LB55 |
| 2032 | 7,685,000 | 5.00% | 74514LC21 |
| 2033 | 27,400,000 | 5.00% | 74514LC39 |
| 2035 | 322,925,000 | 5.00% | 74514LD20 |
| 2037 | 263,540,000 | 5.13% | 74514LB63 |
| 2039 | 459,305,000 | 5.50% | 74514LB71 |
| 2041 | 632,975,000 | 5.00% | 74514LB89 |
| Total | $2,318,190,000 | | |

| General Obligation Bonds of 2014, Series A | | | |
|---|---|---|---|
| Maturity Date July 1 | Principal Amount | Interest Rate | CUSIP |
| 2035 | $3,500,000,000 | 8.00% | 745 I 4LE86 |
| Total | $3,500,000,000 | | |

Los números CUSIP de los PRIFA BANs y los Bonos de Puertos sujetos al reclamo de Objeción de Late Vintage y la Objeción a Reclamación Miscelánea del Límite de la Deuda son:

| Other Commonwealth Guaranteed Debt Issued after March 2012 | | | |
|---|---|---|---|
| Issuing Entity | CUSIP | Principal Amount ($MM) | Original Issuance Date |
| PRIFA BANs | 745223AA5 | $78.1 | 3/17/2015 |
| Port of the Americas Authority | N/A | 225.5 | 12/31/2014 |
| Total | | $303.7 | |

Source: Principal amounts per Commonwealth's Disclosure Statement filed September 27, 2019.