Hearing Date: January 29, 2020, at 9:30AM (Atlantic Standard Time)
Response Deadline: January 14, 2020 at 4:00PM (Atlantic Standard Time)

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to the Commonwealth, HTA and ERS. |

**ONE HUNDRED FOURTEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS ASSERTING INTERESTS BASED UPON UNSPECIFIED PUERTO RICO STATUTES**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**GOBIERNO DE PUERTO RICO**
**PROGRAMA DE TRANSICIÓN VOLUNTARIA**

**ACUERDO FINAL DE RENUNCIA INCENTIVADA**
*Se les exhorta a consultar este documento con un abogado*

2018-00789
Mayogue

**COMPARECEN**

DE LA PRIMERA PARTE, *Departamento Educación* [NOMBRE DE LA ENTIDAD GUBERNAMENTAL], entidad de la Rama Ejecutiva del Gobierno de Puerto Rico (en adelante "LA AGENCIA") y representada en este acto por *Julia B. Keleher* [NOMBRE], *Secretaria Educación* [TÍTULO DE LA POSICIÓN], quien comparece en dicha capacidad en representación de LA AGENCIA para la firma de este Acuerdo.

DE LA SEGUNDA PARTE, *Milagros Ortiz Bonilla* [NOMBRE DEL EMPLEADO] (en adelante "USTED"), mayor de edad, soltero(a), residente de *San Germán* [MUNICIPIO], Puerto Rico.

**EXPRESAN**

I. Para efectos de este Acuerdo Final de Renuncia Incentivada ("el Acuerdo"), la referencia a "LA AGENCIA" incluye a sus directores, oficiales, empleados, agentes, representantes, aseguradores, garantizadores, y/o fiadores.

II. La Orden Administrativa OA-2018-04 de 18 de abril de 2018 de la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico (la "Orden") creó el Programa de Transición Voluntaria para Empleados del Departamento de Educación (el "Programa"). Los términos de la Orden se hacen formar parte del presente Acuerdo. Entre el 1 de mayo de 2018 y el 30 de junio de 2018, inclusive, el Programa permite a los Empleados Elegibles de LA AGENCIA, según ese término se define en la Orden, presentar su Solicitud de Participación.

III. USTED es un empleado de carrera con estatus regular de LA AGENCIA, una entidad de la Rama Ejecutiva del Gobierno de Puerto Rico, cuyo Sueldo: (*Por favor marque con una X lo que le aplique*)

(a) _____ no se paga, en todo o en parte, con fondos federales.
(b) _X_ se paga, en todo o en parte, con fondos federales, y LA AGENCIA cuenta con autorización del Gobierno federal a esos fines.

IV. USTED libre y voluntariamente decidió participar en el Programa, bajo sus términos y condiciones, por lo cual renuncia voluntariamente a su empleo en LA AGENCIA, efectivo el *1 agosto de 2018* [FECHA].

V. USTED y LA AGENCIA acuerdan resolver total y completamente todos los asuntos conocidos y no conocidos entre sí, presentados o que pudieran haber sido presentados a la fecha de la firma del presente Acuerdo.

VI. En consideración a los acuerdos mutuos y otras contraprestaciones que se entienden aceptables y suficientes, de las cuales se acusa recibo mediante el presente Acuerdo, USTED y LA AGENCIA:

**ACUERDAN**

1. <u>Incentivo Económico</u>:

(a) En consideración a la renuncia de toda y cualquier causa de acción actual o futura, conocida o no, mencionada en los incisos 4 y 5 de este Acuerdo y a las otras obligaciones y compromisos contraídos en este Acuerdo por USTED, LA AGENCIA acuerda pagarle, y USTED acepta, un incentivo económico equivalente a lo siguiente: (*Por favor marque*

1

*con una X el incentivo económico que le aplique)*

    i. __X__ Doce (12) meses de Sueldo, computados a la fecha de efectividad de la renuncia, para aquellos Empleados Elegibles que soliciten participar en el Programa durante mayo de 2018. Este incentivo económico será desembolsado en su totalidad en plazos durante el año fiscal 2018-2019.

    ii. _____ Ocho (8) meses de Sueldo, computados a la fecha de efectividad de la renuncia, para aquellos Empleados Elegibles que soliciten participar en el Programa durante junio de 2018. Este incentivo económico será desembolsado en su totalidad en plazos durante el año fiscal 2018-2019.

(b) USTED reconoce y acuerda que si en el futuro algún tribunal, agencia administrativa u otro organismo con jurisdicción, ordenara a LA AGENCIA pagarle a USTED cualquier indemnización o pago, el incentivo económico recibido como parte de este Acuerdo se atribuirá a, y se descontará de, dicha indemnización o pago.

(c) USTED reconoce y acuerda que el pago del incentivo económico establecido en el inciso 1(a) y de la suma dispuesta en el inciso 2, como aportación para un plan de salud, estarán libres del pago de contribuciones sobre ingresos y no estarán sujetos a descuentos por concepto de ahorros y aportaciones a los Sistemas de Retiro de los empleados gubernamentales. Sin embargo, USTED también reconoce y acuerda que el pago de estas sumas estará sujeto a otras deducciones autorizadas por ley, incluyendo, pero sin limitarse a, las incurridas voluntariamente por USTED por razón de: (i) préstamos de la Asociación de Empleados del Gobierno de Puerto Rico, de los Sistemas de Retiro del Gobierno o cooperativas de crédito de empleados públicos, y (ii) cualquier otra deducción autorizada o requerida por ley, como por ejemplo, Seguro Social y Medicare.

(d) USTED reconoce y acuerda que si USTED contrajo una deuda para la cual sus aportaciones acumuladas a los Sistemas de Retiro del Gobierno estuvieren sirviendo de garantía, el incentivo económico establecido en el inciso 1(a) y la liquidación de licencias por vacaciones y horas extras establecida en el inciso 3, al igual que las aportaciones acumuladas en la Asociación de Empleados del Gobierno, responderán, en primer lugar, de las obligaciones que USTED hubiere contraído con los Sistemas de Retiro y que estuvieren al descubierto.

*(Por favor marque con una X el párrafo que le aplique, si alguno)*



(e) __X__ Dado que USTED cualifica para acogerse a los beneficios de retiro bajo la ley del plan de retiro aplicable, USTED ha elegido acogerse a su retiro, además de recibir el incentivo económico indicado en el inciso 1(a). En este caso, sin embargo, USTED acuerda que su retiro no será efectivo hasta el __1 agosto 2019__, y no a la fecha de efectividad de su renuncia voluntaria. Además, USTED acuerda que la anualidad y demás beneficios a los que tenga derecho por concepto de su pensión de retiro, de conformidad con la ley del plan de retiro que le aplique, se comenzará a desembolsar cuando termine de recibir el incentivo económico que le aplique, según identificado en el inciso 1(a).

(f) _____ Por haber cotizado cinco (5) años o menos en el servicio público o por tener acumulado en el Programa Híbrido del Sistema de Retiro del Empleados del Gobierno de Puerto Rico o en cualquiera de los Programas del Sistema de Retiro para los Maestros del Gobierno de Puerto Rico, una cantidad igual o menor a diez mil dólares ($10,000.00), USTED tiene derecho a una distribución de su balance una vez finalice su empleo. Como parte de su participación en el Programa, y mediante la firma del presente Acuerdo, USTED voluntariamente acuerda que recibirá el pago correspondiente a su balance acumulado en los Sistemas de Retiro dentro de un periodo de hasta doce (12) meses contados a partir de que termine de recibir el incentivo económico dispuesto en el inciso 1(a).

(g) _____ Las aportaciones individuales que los Participantes tengan segregadas conforme a las disposiciones de la Ley 106-2017, serán reembolsadas o transferidas, según aplique.

2. **Incentivo relacionado al Plan de Salud:**

(a) Además de los pactos y acuerdos hechos por USTED en este Acuerdo, LA AGENCIA le pagará CIEN DÓLARES ($100) al mes durante el período de incentivo. Este pago será desembolsado en plazos de acuerdo al periodo de nómina acostumbrado en LA AGENCIA hasta que culmine el período de incentivo.

3. <u>Liquidación de licencia por vacaciones y horas extras</u>:

    (a) Cualquier suma que USTED tenga derecho a recibir como liquidación final por concepto de licencia por vacaciones y horas extras acumuladas que le adeude LA AGENCIA, le será pagada conforme a lo dispuesto en la Ley 26-2017, conocida como la "Ley de Cumplimiento con el Plan Fiscal", en un plazo de hasta seis (6) meses contados a partir del año fiscal siguiente al cual termine de recibir el incentivo económico. No obstante, el término aquí dispuesto no aplicará a cualquier acuerdo existente previo a la Orden para el pago de horas extras y a deudas correspondientes a años fiscales anteriores al 2017-2018.

    (b) USTED reconoce y acuerda que el pago de la liquidación por vacaciones y horas extras estará sujeto a todas las deducciones requeridas o autorizadas por ley, incluyendo, pero sin limitarse a: (i) contribución sobre ingresos; (ii) préstamos de la Asociación de Empleados del Gobierno de Puerto Rico, de los Sistemas de Retiro del Gobierno o de cooperativas de crédito de empleados públicos, y (iii) las deducciones requeridas por concepto del Seguro Social y Medicare.

4. A cambio de las consideraciones antes descritas, USTED manifiesta y acuerda:

    (a) Que no tiene causa de acción presente o pasada en contra de LA AGENCIA, relacionada a su empleo con LA AGENCIA o a la terminación del mismo hasta la fecha de la firma de este Acuerdo.

    (b) Que no presentará reclamaciones futuras en contra de LA AGENCIA por hechos ocurridos hasta la fecha de la firma del presente Acuerdo.

    (c) Que ha otorgado este documento libremente, de forma voluntaria y sin que haya mediado coacción o intimidación de clase alguna.

    (d) Que este documento recoge el acuerdo completo entre las Partes y que no se ha hecho ninguna otra representación que las aquí expresadas.

5. En consideración a los pagos y beneficios mencionados en el inciso 1, y a su renuncia voluntaria de empleo, USTED reconoce y acuerda:

    (a) Que USTED, sus familiares, herederos, albaceas, cesionarios, apoderados, dependientes, sucesores en interés, amigos o relacionados, no tienen, y si las tuvieran renuncian y desisten irrevocablemente, y con perjuicio, de toda reclamación, responsabilidad civil, y los remedios, bajo cualquier ley federal, estatal o de Puerto Rico, incluyendo aquellas reclamaciones relacionadas con o que puedan alegarse que han surgido de la relación de empleo con LA AGENCIA, o la terminación de dicha relación, así como aquellas que hayan surgido por acciones que se hayan tomado como consecuencia de la implantación de la Orden.

    (b) Que USTED, sus familiares, herederos, albaceas, cesionarios, apoderados, dependientes, sucesores en interés, amigos o relacionados, otorgan el más completo relevo por cualquier reclamación o causa de acción que tengan o puedan tener o puedan haber tenido, conocidas o desconocidas, potenciales o actuales, ya sea en derecho o equidad, en contrato, o daños y perjuicios, contra LA AGENCIA, el Gobierno de Puerto Rico y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico ("AAFAF"), sus principales, subsidiarias, corporaciones afiliadas, y cada uno de sus antiguos y actuales oficiales, directores, administradores, empleados, agentes, abogados, representantes, asesores, sucesores, cesionarios, cualquier otra persona relacionada a éstos, sin limitarse a, aseguradoras, garantizadores, fiadores y sus representantes, (en adelante "las Partes Relevadas").

(c) Las reclamaciones o causas de acción a las que USTED renuncia y otorga un relevo incluyen, pero no se limitan a acciones por: represalias; violación de contrato o de cuasi-contrato o de promesa o de representación; violación de una política pública; daños y perjuicios; invasión o violación a los derechos a la privacidad e intimidad; libelo o calumnia; violación de algún reglamento, norma, práctica o política de LA AGENCIA; despido injustificado (Ley Núm. 80 de 30 de mayo de 1976); despido o trato discriminatorio prohibido por la Constitución de Puerto Rico o de Estados Unidos, o por cualquier ley de Puerto Rico o Federal, incluyendo por raza, color, edad, origen nacional, sexo, impedimento, orientación sexual, por ser víctima de violencia doméstica o ser percibido como víctima de violencia doméstica, agresión sexual o acecho, condición de veterano de la Era de la Guerra de Vietnam, matrimonio y otros, incluyendo, pero sin limitarse a, *Civil Rights Act of 1964*, *Civil Rights Act of 1991*, *Civil Rights Act of 1866*, Ley Núm. 100 de 30 de junio de 1959, *Americans with Disabilities Act* (ADA), *Rehabilitation Act of 1973*, Ley Núm. 44 de 2 de julio de 1985 (Ley Sobre Discrimen a Personas con Impedimentos Físicos o Mentales), *Uniformed Services Employment and Reemployment Rights Act* (USERRA); Ley Núm. 69 de 6 de julio de 1985 (Discrimen por Sexo); Ley Núm. 17 de 22 de mayo de 1988 (Hostigamiento Sexual en el Empleo); Ley Núm. 116 de 20 de diciembre de 1991 (Discrimen por Matrimonio); Ley Núm. 139 de 26 de junio de 1968 (SINOT); Ley Núm. 45 de 18 de abril de 1935 (Fondo del Seguro del Estado); *Equal Employment Opportunity Act* (EEOC); *Employee Retirement Income Security Act of 1974* (ERISA); *Workers Adjustment Retraining and Notification Act* (WARN), si aplica; *Consolidated Omnibus Budget Reconciliation Act of 1985* (COBRA); Ley Federal de Quiebras; Ley Núm. 115 de 20 de diciembre de 1991 (Represalias); Códigos de Seguro y Civil de Puerto Rico; *Family and Medical Leave Act of 1993* (FMLA); *National Labor Relations Act* (NLRA), si aplica; *Occupational Safety and Health Act* (OSHA) y su contraparte estatal, Ley Núm. 16 de 5 de agosto de 1975; daños y perjuicios al amparo del Artículo 1802 y/o cualesquiera otras disposiciones aplicables del Código Civil de Puerto Rico; alegado libelo o calumnia, según enmendados; y cualquier otra causa de acción bajo cualquier ley u otra fuente de derecho que le brinde a USTED cualquier remedio, incluyendo pero sin limitarse a, daños, daños punitivos, daños líquidos o compensatorios, honorarios de abogado, penalidades, intereses o costas. No obstante lo anterior, se dispone expresamente que mediante este Acuerdo no se renuncian a las causas de acción al amparo de la *Age Discrimination in Employment Act of 1967* (ADEA) y la *Old Workers Benefit Protection Act* of 1990.

(d) USTED también renuncia a cualquier reclamación o causa de acción en virtud de cualquier ley aplicable a los empleados públicos del Gobierno de Puerto Rico incluyendo, pero sin limitarse a, la Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico (Ley Núm. 8 de 4 de febrero de 2017); la Ley de Beneficios de Salud para Empleados Públicos (Ley Núm. 95 de 29 de junio de 1963); la Ley del Sistema de Retiro de los Empleados del Gobierno de Puerto Rico (Ley Núm. 447 de 15 de mayo de 1951), y la Ley Núm. 426 de 7 de noviembre de 2000, según enmendadas; así como la Ley 106 de 23 de agosto de 2017.

(e) USTED también renuncia a reclamaciones bajo cualquier otra ley o reglamento federal o de Puerto Rico que reglamente el empleo, condiciones de empleo o terminación de empleo, o derechos de propiedad intelectual; o bajo cualquiera otra ley que pudiese imponer responsabilidad civil. Las renuncias y relevos antes mencionados incluyen cualquier daño ocurrido luego de la firma de este documento como resultado del efecto continuo de cualquier acto u omisión ocurrido antes de la firma de este Acuerdo.

(f) Las renuncias de derechos y reclamaciones hechas por USTED en este documento no incluyen aquellas causas de acción que puedan surgir luego de la firma de este Acuerdo.

6. USTED se compromete y acuerda que en el futuro no presentará, ni se unirá, ni participará directa o indirectamente, en calidad alguna, en reclamación judicial o administrativa alguna en contra de LA AGENCIA relacionada con el empleo de USTED en LA AGENCIA y/o de la terminación de esa relación de empleo.

7. USTED reconoce y acuerda que será inelegible para reingresar al servicio público como empleado de confianza, de carrera, transitorio, o irregular en cualquier entidad de la Rama

Ejecutiva del Gobierno de Puerto Rico por el término de cinco (5) años a partir de la fecha de efectividad de la renuncia voluntaria.

8. Si USTED incumple con alguna de las disposiciones contenidas en este Acuerdo, USTED acuerda y se compromete a devolver todas las sumas que le fueron pagadas a USTED en consideración a la firma y fiel cumplimiento de este Acuerdo, en la medida en que ello sea conforme a derecho, y será responsable de resarcir a LA AGENCIA por los daños que cause dicho incumplimiento. LA AGENCIA, además, tendrá derecho a recobrar de USTED todos los gastos y costas en los que tenga que incurrir para poner en vigor las disposiciones del presente Acuerdo, ya sean de litigio, negociación o cualquier remedio de interdicto necesario.

9. USTED asegura y afirma que no tiene presentada, en la actualidad, alguna reclamación, demanda, querella, cargo o queja, ni ha solicitado investigación alguna, ya sea judicial, administrativa, o de cualquier otra índole, ante cualquier foro, ya sea judicial, administrativo u otro, contra las Partes Relevadas. Sin embargo, si USTED tiene presentada alguna reclamación, demanda, querella, cargo o queja, o ha solicitado o iniciado alguna investigación, ya sea judicial, administrativa, o de cualquier otra índole, ante cualquier foro, ya sea judicial, administrativo u otro, USTED desistirá, y desiste a través de este documento, voluntariamente y con perjuicio de dicha reclamación o reclamaciones, y solicita el cierre y archivo con perjuicio de toda y cualquier reclamación, demanda, querella, cargo, queja o investigación contra LA AGENCIA que haya solicitado, iniciado o a la que se haya unido.

10. USTED reconoce que durante su empleo con LA AGENCIA advino en conocimiento de información privada, privilegiada, confidencial y propietaria de las Partes Relevadas, como lo son, sin limitarse a, datos, prácticas, asuntos, planes, estrategias y metodología. Por "información confidencial" deberá entenderse aquella información que no está disponible al público en general, e incluye, sin limitarse a, información de cualquier tipo, tangible o intangible, incluyendo pero no limitado a notas, registros, planos, guías, documentos, *software*, archivos de computadoras, discos y datos electrónicos que sean almacenados de cualquier forma. Por ello, USTED expresamente acuerda respetar y mantener la confidencialidad de la información privada, privilegiada, confidencial o propietaria de las Partes Relevadas y se compromete a no divulgar a nadie, a no publicar de forma alguna, y a no utilizar de ninguna manera la información privada, privilegiada, confidencial o propietaria a la que tuvo acceso o advino en conocimiento, ya sea para beneficio propio o de terceros.

11. USTED reconoce que todo trabajo o creación intelectual que originó o creó durante su empleo con LA AGENCIA es propiedad de LA AGENCIA. USTED reconoce y acepta que el divulgar a terceros, hacer uso para su propio beneficio, copiar o hacer notas de cualquier información confidencial, constituirá una violación al presente Acuerdo. Nada en este Acuerdo interfiere con el derecho y la responsabilidad de USTED para dar testimonio veraz bajo juramento con relación a una investigación gubernamental o en respuesta a una citación u otro proceso legal válido. En caso de que USTED reciba alguna solicitud para divulgar toda o cualquier parte de la información confidencial bajo los términos de un subpoena u orden emitida por un tribunal, agencia administrativa o cuerpo gubernativo competente, USTED acuerda que: (i) notificará inmediatamente a LA AGENCIA, por conducto de su Director Legal, persona autorizada o con autoridad delegada, o su equivalente, acerca de la existencia, términos y circunstancias relacionadas con la solicitud de información; (ii) consultará con LA AGENCIA sobre la posibilidad de tomar alguna acción legal para resistir o limitar dicha solicitud, y (iii) si la divulgación de la información confidencial es requerida para evitar que USTED sea encontrado en desacato, proveerá solo aquella porción de la información confidencial que en la opinión de un abogado esté legalmente obligado a proveer y que sea satisfactoria para LA AGENCIA. USTED, a su vez, realizará los mejores esfuerzos para asegurarse que a la información que sea divulgada se le otorgue trato confidencial.

12. Además, USTED entiende y reconoce que cualquier Acuerdo sobre Propiedad Intelectual y/o Acuerdo de Confidencialidad, si alguno, que haya suscrito con LA AGENCIA quedará en plena fuerza y efecto después de la fecha de terminación de empleo y de la firma de este Acuerdo, aún después de que el presente Acuerdo se haya ejecutado y finalizado.

13. USTED garantiza y afirma que, a partir de la fecha de efectividad de este Acuerdo, ha devuelto a la posesión, custodia y control exclusivo de LA AGENCIA, toda propiedad de LA

AGENCIA, incluyendo pero sin limitarse a, todo documento, llaves, tarjetas de identificación, grabaciones, información o data computarizada y sus respectivas copias y reproducciones, datos, informes, correspondencia, memorandos, fórmulas, presupuestos, y datos financieros de cualquier tipo o naturaleza, y que ya no retiene ninguno de éstos en su posesión, custodia o control.

14. USTED reconoce que ha sido compensado plenamente por LA AGENCIA bajo sus normas, políticas, prácticas y reglamentos, y toda ley aplicable, y que nada se le adeuda por salarios, comisiones, incentivos, bonos, vacaciones, enfermedad, períodos de tomar alimentos o reembolsos, ni por ningún otro concepto. Reconoce y afirma que todos sus haberes en LA AGENCIA se le han liquidado a su entera conformidad, excepto lo indicado en el inciso 3.

15. USTED y LA AGENCIA acuerdan que nada en este documento debe interpretarse como una admisión por las Partes Relevadas de acto injustificado, ilegal o discriminatorio alguno.

16. USTED, por propio y personal conocimiento, reconoce y declara que no ha sido víctima de discrimen, represalias, hostigamiento o daño por parte de las Partes Relevadas, por ninguna razón, incluyendo, pero sin limitarse a, su relación de empleo con LA AGENCIA, la terminación del mismo o cualquier evento, acto u omisión ocurrido durante su empleo o posteriormente, y que sus familiares, herederos, albaceas, cesionarios, apoderados, dependientes, amigos o relacionados, no han sufrido daño alguno que pueda ser imputado a las Partes Relevadas, por ninguna razón, incluyendo, sin limitarse a, su relación de empleo con LA AGENCIA, la terminación del mismo o cualquier evento, acto u omisión ocurrido durante su empleo o posteriormente, y se compromete a testificar lo anterior en cualquier foro.

17. USTED se compromete a salvaguardar y compensar plenamente a las Partes Relevadas por cualquier reclamación o demanda incoada por cualquier familiar, hijo, herederos, albacea, cesionarios, apoderados, dependientes, amigos o relacionados suyos contra las Partes Relevadas, basada en violaciones a la Constitución de Puerto Rico, o de los Estados Unidos de América, o de cualquier ley, estatuto, disposición legal, contrato o responsabilidad extracontractual, relacionada con el empleo o terminación de empleo de USTED con LA AGENCIA o con cualquier evento, acto u omisión durante su empleo, o posterior al empleo, pero relacionada con el empleo o la terminación de éste. Las Partes Relevadas escogerán los abogados que los representen en tal litigio, y los honorarios y gastos incurridos serán sufragados en su totalidad por USTED.

18. USTED acuerda cooperar con LA AGENCIA, sus Principales, Directores, Oficiales y Administradores con relación a cualquier litigio, reclamación o disputa pendiente o presentada posteriormente que se relacione con asuntos de su conocimiento o responsabilidad durante su empleo con LA AGENCIA. USTED también acuerda reunirse con representantes de LA AGENCIA, sus abogados o cualquier persona designada por ellos en lugares y tiempo mutuamente convenientes respecto a cualquier asunto mencionado en este inciso y, además, se compromete a declarar la verdad ante cualquier tribunal, agencia o cuerpo adjudicativo.

19. Este Acuerdo se considerará una adjudicación en los méritos y tendrá el efecto inmediato de cosa juzgada para todas las Partes mencionadas en el mismo.

20. Si USTED incumpliese o tratase de incumplir alguno de sus compromisos, obligaciones o renuncias bajo este Acuerdo, estará en la obligación de pagar y compensar a las Partes Relevadas por los daños causados a la Parte Relevada afectada.

21. USTED reconoce que:

    (a) Ha tenido tiempo suficiente y razonable para estudiar este Acuerdo y asesorarse con un abogado.

    (b) Se le ha informado que debe obtener asesoramiento legal antes de firmar este Acuerdo.

    (c) Ha recibido asesoramiento legal y contable sobre todos los extremos de este Acuerdo y sus consecuencias legales y fiscales.

(d) De USTED firmar y aceptar este Acuerdo, el mismo entrará en vigor en la fecha en que USTED firmó, y la renuncia y participación de USTED en el Programa será final e irrevocable.

22. USTED reconoce que este Acuerdo no puede ser considerado final hasta que lo firme.

23. USTED reconoce y acepta que el contenido de este documento es de carácter confidencial y se compromete a no revelar, ni divulgar el contenido de este Acuerdo, excepto a su familia inmediata, representante legal y asesor financiero o económico, los que también deberán observar el carácter confidencial de este documento. USTED será responsable en caso de que su familia inmediata, representante legal y/o asesor financiero o económico incumplan esta obligación.

24. USTED y LA AGENCIA acuerdan que han otorgado este documento libremente, en forma voluntaria y sin que haya mediado coacción o intimidación de clase alguna. Reconocen que los términos y condiciones contenidas en este Acuerdo, junto con cualquier Anejo, constituyen la totalidad del Acuerdo entre las Partes, y es la verdadera y última expresión de la intención de las Partes, relativas al tema que les concierne. USTED y LA AGENCIA afirman que este Acuerdo incluye todos los términos y condiciones que se han negociado entre las Partes y, consecuentemente, es un acuerdo integrado que contiene la totalidad del Acuerdo entre las Partes.

25. Los términos de este Acuerdo serán interpretados conforme a las leyes de Puerto Rico, salvo que proceda la doctrina federal de campo ocupado. El lenguaje de todas las partes del presente Acuerdo se interpretará conjuntamente, de acuerdo con su justo significado y no a favor o en contra de cualquiera de las Partes.

26. USTED y LA AGENCIA se comprometen a tomar cualquier medida que sea necesaria o que sea razonablemente requerida para ejecutar plenamente los propósitos, términos y condiciones del presente Acuerdo.

27. USTED acuerda y reconoce que las disposiciones del presente Acuerdo (no solo los párrafos, sino también sus oraciones) son independientes y separables, de tal manera que si cualquier oración, frase, cláusula, parte u obligación de este Acuerdo es declarada nula, ineficaz, anulable o no ejecutable por cualquier tribunal con jurisdicción, las cláusulas, oraciones, disposiciones, términos y/o condiciones restantes se mantendrán válidas y en pleno vigor. La declaración de nulidad, invalidez, o ilegalidad de cualquier cláusula o disposición del presente Acuerdo, no afectará la validez de cualquier otra disposición del mismo, las cuales permanecerán en vigor y completamente vigentes.

En San Juan, Puerto Rico, a 18 de Julio de 2018.

**FAVOR DE LEER CUIDADOSAMENTE ANTES DE FIRMAR. ESTE ACUERDO CONTIENE UN RELEVO.**

_Eligio Hernández Peña_
NOMBRE DEL REPRESENTANTE DE LA AGENCIA:
TÍTULO DE LA POSICIÓN: Sub Secretario Ayacod
NOMBRE DE LA AGENCIA: Depto Educación

Fecha: 18 de julio de 2018

Milagros Ortiz Bonilla

Milagros Ortiz Bonilla
NOMBRE DEL EMPLEADO

Fecha: 18/Julio/18

Testimonio Número 805

Reconocido y suscrito ante mí por Milagros Ortiz Bonilla de las circunstancias personales antes expresadas, a quien

[ ] DOY FE de conocer personalmente

[X] He identificado mediante Lic. de cond. 1141163

En San Juan, Puerto Rico, hoy 18 de Julio de 2018.

_____
Notario

Mónica E. Burgos Bermúdez
Abogada · Notaria

Sello

9397
07/18/2018
$5.00
Sello de Asistencia Legal
0004-2018-0718-57854014

## ACEPTACIÓN Y RECIBO

Reconozco haber recibido copia del Acuerdo Final de Renuncia Incentivada, hoy 5 de julio de 2018, en San Juan, Puerto Rico.

Por: /Milagros Ortiz Emilla/
NOMBRE DEL EMPLEADO