# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- x
:
In re:                                                                :
                                                                      :
THE FINANCIAL OVERSIGHT AND                                           : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                     : Title III
                                                                      :
    as representative of                                           : Case No. 17-BK-3283 (LTS)
                                                                      :
THE COMMONWEALTH OF PUERTO RICO *et al.*,                             : (Jointly Administered)
                                                                      :
    Debtors.[1]                                                     :
---------------------------------------------------------------------- x

## LIMITED RESPONSE OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO INTERIM CASE MANAGEMENT ORDER FOR REVENUE BONDS

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[2] hereby files this limited response (the "Limited Response") to the continuation of the *Interim Case Management Order for Revenue Bonds* [Docket No. 9620] (the "Interim Case Management Order").[3] In support of this Limited Response, the Committee respectfully states as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[3] Capitalized terms used but not defined herein have the meanings set forth in the Interim Case Management Order.

**LIMITED RESPONSE**

1. On December 19, 2019, the Court entered the Interim Case Management Order, which set forth procedures and schedules governing the adjudication of certain adversary proceedings (the "Revenue Bond Adversary Proceedings") and stay relief motions relating to revenue bonds issued by Commonwealth instrumentalities.[4]

2. Among other things, the Interim Case Management Order provides that, to the extent a party intervening in the Revenue Bond Adversary Proceedings wishes to file briefs, including but not limited to briefing on motions pursuant to Rule 12(b) and Rule 12(c) of the Federal Rules of Civil Procedure, such briefs shall be limited to issues not raised by the named parties, and "be limited to a maximum of seven (7) pages, not including caption and signature pages."

3. Pursuant to the Court's December 27, 2019 order concerning the filing of an amended report by the Mediation Team [Docket No. 9661] (the "Amended and Restated Mediation Order"), the terms of the Interim Case Management Order remain in effect, on an interim basis, subject to modification or approval on a final basis following hearing on March 4, 2020. The Amended and Restated Mediation Order further provides that parties may object to the continuation of any provision of the Interim Case Management Order pending the March 4, 2020 hearing.

4. As a general matter, the Committee does not object to the substance of the Interim Case Management Order. However, the Committee believes that the seven (7) page limit on briefs by intervening parties should not apply to the Committee, the only statutory fiduciary for unsecured creditors. The Committee intends to seek to intervene in the Revenue Bond

---

[4] Specifically, the Interim Case Management Order governs the PRIFA Lift Stay Motion, the HTA Lift Stay Motion, the CCDA Lift Stay Motion, the Revenue Bond Complaints, and the HTA Adversary Proceeding.

Adversary Proceedings (as to certain causes of action under Bankruptcy Rule 7001) in furtherance of its fiduciary role to protect the interests of unsecured creditors and to raise pertinent legal arguments not addressed by other parties in connection therewith.[5] While the Committee is cognizant of the interests of the Court and other parties to limit excessive or duplicating briefing, the proposed seven (7) page limit on briefing will significantly impede the Committee's ability to articulate the arguments it intends to raise in the Revenue Bond Adversary Proceedings. And while the Committee appreciates the need to limit the size of briefs filed by bondholders (of which there could be dozens), there is no basis to subject the Committee to such a strict page limit. Furthermore, the interests of efficiency will be further served by modifying the page limit contained within the Interim Case Management Order rather than requiring the Committee to seek leave of Court each time it anticipates filing a brief of greater than seven (7) pages.

## RESERVATION OF RIGHTS

5. As noted, the Interim Case Management Order remains subject to being modified and/or made final following the hearing on the Amended Report to be filed by the Mediation Team by February 10, 2020. The Committee reserves all its rights to object to the Amended Report and/or request modification of the Interim Case Management Order after the filing of the Amended Report. Moreover, in accordance with the Interim Case Management Order, the Committee is participating in the meet and confer with respect to the PRIFA Lift Stay Motion, the HTA Lift Stay Motion, and the CCDA Lift Stay Motion (including the related briefing schedule). The Committee also reserves all its rights in this regard.

---

[5] The Committee will not seek to intervene in counts that may be raised through a claim objection, as the Committee has its own statutory right to object to claims.

WHEREFORE, the Committee requests that the Court exempt the Committee from the seven (7) page limit on intervenor briefing in connection with the Interim Case Management Order.

Dated: January 21, 2020         By: */s/ Luc A. Despins*

**PAUL HASTINGS LLP**
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: */s/ Juan J. Casillas Ayala*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*