## **EXHIBIT B - COMPARISON**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |

**[PROPOSED] INTERIM CASE MANAGEMENT ORDER FOR REVENUE BONDS**

On July 24, 2019, the Court issued an *Order Regarding Stay Period and Mandatory Mediation* (Docket Entry No. 8244 in Case No. 17-3283), which was thereafter extended by further court order (Docket Entry No. 9016 in Case No. 17-3283) (collectively, the "Stay Order"), that stayed the adversary proceedings and contested matters identified in Appendix I of the Stay Order. Further, the Stay Order directed the parties in these Title III proceedings to enter into a period of mandatory mediation overseen by Chief Bankruptcy Judge Barbara J. Houser (the "Mediation Team Leader"). The Stay Order required the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523¬ LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Authority ("HTA," and together with the Commonwealth, the "<u>Debtors</u>"), by and through the Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>") as the Commonwealth's and HTA's sole representative pursuant to Section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("<u>PROMESA</u>"), along with the movants or plaintiffs in each of the adversary proceedings and contested matters identified in Appendix I of the Stay Order, and certain defendants, respondents, and parties in interest that had appeared in such proceedings, to participate in discussions and communications facilitated by the Mediation Team Leader. Among other things, the Mediation Team Leader commenced those discussions to facilitate the filing of substantially agreed scheduling orders with respect to certain adversary proceedings and contested matters relating to revenue bonds issued by Commonwealth instrumentalities.[2]

The schedule set forth in this Interim Case Management Order for Revenue Bonds governs: (i) *Ambac Assurance Corporation's Motion and Memorandum of Law in Support of Its Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (Docket Entry No. 7176 in Case No. 17-3283, the "<u>PRIFA Lift Stay Motion</u>"); (ii) the *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation for Adequate Protection or, in the Alternative, for Relief from the Automatic Stay* (Docket Entry No. 8536 in Case No. 17-3283, the "<u>HTA Lift Stay Motion</u>"); (iii) the motion that certain revenue bond creditors, monoline insurers, trustees,

---

[2] The Mediation Team Leader directed the Commonwealth, the Oversight Board, and certain creditors to draft and jointly submit the proposed scheduling orders pursuant to the direction and oversight of the Mediation Team. In doing so, however, the Mediation Team expressly reserved the rights of all parties (including the drafters) to object to the proposed scheduling orders, including but not limited to this interim case management order. For the avoidance of doubt, all parties to the proceedings governed by this Interim Case Management Order for Revenue Bonds, including those who participated in the drafting of the same, expressly reserve all rights to object to any and all provisions on this or any other proposed scheduling orders. By way of example, and in further avoidance of any doubt, the parties reserve the right to ask the Court to extend the 30-day period for hearing any of the Lift Stay Motions, as outlined in paragraph 1, below, pursuant to Bankruptcy Code § 362(e).

and/or fiscal agents intend to file seeking to lift the automatic stay with respect to bonds issued by the Puerto Rico Convention Center District Authority (the "CCDA Lift Stay Motion", and together with the PRIFA Lift Stay Motion and the HTA Lift Stay Motion, the "Lift Stay Motions"); (iv) the adversary complaints ~~that~~filed by the Oversight Board ~~intends to file~~ objecting to proofs of claim against the Commonwealth and/or HTA in respect to HTA~~, PRIFA, and CCDA~~ (Adv. Proc. Nos. 20-5-LTS and 20-7-LTS, the "HTA Adversary Proceedings"), PRIFA (Adv. Proc. No. 20-3-LTS, the "PRIFA Adversary Proceeding"), and CCDA (Adv. Proc. No. 20-4-LTS, the "CCDA Adversary Proceeding") proofs of claim (the "Revenue Bond Complaints"), filed by certain revenue bond creditors and monoline insurers (the "Claimants")[3]; and (v) the adversary proceedings seeking determinations regarding, *inter alia*, the HTA bondholders' asserted liens (Adv. Proc. Nos. 19-362, 19-363, 19-364, and 19-365, collectively, the "HTA Adversary Proceedings"). Nothing in this order shall preclude motions that seek relief addressing alleged continuing conflicts of interest of the FOMB and the Government of Puerto Rico acting for both the Commonwealth and HTA, including, without limitation, any resolution of HTA's clawback claims against the Commonwealth, voting or objecting to any plan of adjustment addressing such claims and bringing or defending any avoidance or other claims under PROMESA affecting HTA. This document is being filed in all relevant Title III proceedings, relating to the respective adversary proceedings pending in each such proceeding.

Upon the *Interim Report and Recommendation of the Mediation Team* filed by the Mediation Team Leader, dated November 27, 2019 (the "Interim Report"), and the Court having found and determined that: (i) the Court has jurisdiction to consider the proposed Interim Case Management Order for Revenue Bonds and the relief requested therein under Section 306(a) of PROMESA; (ii) venue is proper before this Court pursuant to Section 307(a) of PROMESA; (iii)

---

[3] A list of the Claimants is attached as Appendix A hereto.

-3-

the relief requested is in the best interests of the Debtors, their creditors, and other parties in interest; (iv) the Debtors provided adequate and appropriate notice under the circumstances and no other or further notice is required; and (v) after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1. **Lift Stay and Related Motions**

    a. **PRIFA Lift Stay Motion**

- Any motion to amend the PRIFA Lift Stay Motion shall be filed no later than January 16, 2020. Oppositions to any such motion shall be filed by 12:00 p.m. (Atlantic Standard Time) on January 22, 2020, and any reply shall be filed by 12:00 p.m. (Atlantic Standard Time) on January 25, 2020. The motion shall be heard in connection with the Omnibus Hearing scheduled to begin at 9:30 a.m. (Atlantic Standard Time) on January 29, 2020, unless the Court resolves the motion prior to the hearing. The Court directs, pursuant to Federal Rule of Bankruptcy Procedure 9014(c), that Federal Rule of Bankruptcy Procedure 7015, incorporating Federal Rule of Civil Procedure 15, shall govern the motion practice.

- Briefing on the PRIFA Lift Stay Motion, as amended or as originally filed, shall be as follows (unless the Court orders otherwise or the parties stipulate otherwise after conferring in accordance with subdivision 1.d below):

    o Any supplemental opposition on the issues of standing and secured status, and on the preliminary hearing issues identified in subdivision 1.d below, shall be filed by January 30, 2020 at 5:00 p.m. (Atlantic Standard Time).

    o Any supplemental reply on the foregoing issues shall be filed by February 13, 2020 at 5:00 p.m. (Atlantic Standard Time).

    b. **HTA Lift Stay Motion**

- Any amendments to the HTA Lift Stay Motion shall be filed no later than January 16, 2020.

- Briefing on the HTA Lift Stay Motion, as amended or as originally filed, shall be as follows (unless the parties stipulate otherwise after conferring in accordance with subdivision 1.d below):

    o Opposition to the HTA Lift Stay Motion, limited to the preliminary hearing issues identified in subdivision 1.d below: January 30, 2020 at 5:00 p.m. (Atlantic Standard Time).

- o Replies in support of the HTA Lift Stay Motion, limited to the preliminary hearing issues identified in subdivision 1.d below: February 13, 2020 at 5:00 p.m. (Atlantic Standard Time).

c. **CCDA Lift Stay Motion**

- The CCDA Lift Stay Motion shall be filed no later than January 16, 2020.

- Briefing on the CCDA Lift Stay Motion shall be as follows:

    - o Opposition to the CCDA Lift Stay Motion, limited to the preliminary hearing issues identified in subdivision 1.d below: January 30, 2020 at 5:00 p.m. (Atlantic Standard Time).

    - o Replies in support of the CCDA Lift Stay Motion, limited to the preliminary hearing issues identified in subdivision 1.d below: February 13, 2020 at 5:00 p.m. (Atlantic Standard Time).

d. Within two days after filing the Lift Stay Motion(s) (including any motion to amend the PRIFA Lift Stay Motion) and the Revenue Bond Adversary Proceedings (as defined below), the parties shall meet and confer regarding whether a consensual resolution can be reached on the Lift Stay Motion(s), including the scheduling of a hearing on the same and extension thereof beyond the time parameters set forth in this paragraph 1. If no consensual resolution can be reached regarding, among other things, the scheduling of a hearing(s) on the Lift Stay Motion(s), the parties shall jointly notify the Court of the same, the parties shall file briefs in accordance with the foregoing schedule, and the Court shall hold a ~~preliminary~~final hearing pursuant to 11 U.S.C. § 362(~~e)(1~~d) on February 27, 2020 at 10:00 a.m. (Atlantic Standard Time), or another date set by the Court with the consent of the movants under the Lift Stay Motions, in New York, with video connection to San Juan~~, to determine whether (i) there is a reasonable likelihood the debtors will prevail and (ii) there are compelling circumstances to justify (or consent to allow) delaying the final hearing(s) through the Court's resolution of the Rule 12(b) and/or Rule 12(c) motions filed in connection with the Revenue Bond Adversary Proceedings described herein. Unless the parties agree to a schedule that does not require a preliminary hearing, the~~. The lift stay movants shall be deemed to have waived the timetable set forth in Section 362(e) of the Bankruptcy Code through the ~~forty-fifth day after~~date of the ~~preliminary~~final hearing.

-5-

2.  **Revenue Bond Complaints** ~~The following deadlines shall govern the litigation of the Revenue Bond Complaints:~~[4] Each Revenue Bond Adversary Proceeding commenced by the filing of a Revenue Bond Complaint shall be stayed until the latest to occur of the following:

    - In the event the Corresponding Lift Stay Motion is granted in whole or in part, each judgment entered in any action(s) (each such action, an "Enforcement Action") commenced by the Claimants following a grant of relief from the stay (or determination that the stay does not apply) becomes final and not appealable.

    - ~~Deadline for Oversight Board to file the Revenue Bond Complaints against the Claimants: January 16, 2020.~~ In the event the Corresponding Lift Stay Motion is denied in whole or in part, the order denying the Corresponding Lift Stay Motion becomes final and not appealable.

        - ~~To ensure coordination of briefing, the Oversight Board shall simultaneously file four Revenue Bond Complaints against Claimants relating to their proofs of claim against the Commonwealth in respect of their holdings and/or insurance of bonds issued by HTA, PRIFA, and CCDA, and their proofs of claim against HTA in respect of their holdings and/or insurance of bonds issued by HTA.~~

        - ~~By filing the Revenue Bond Complaints, the Oversight Board shall, subject to the immediately following bullet point, be deemed to consent, pursuant to Section 305 of PROMESA, 48 U.S.C. § 2165, to the Court's jurisdiction over and determination of any claim, issue, or argument raised in the Revenue Bond Complaints and any proper affirmative defense raised by the Claimants, and any relief that may be ordered by the Court in connection therewith that~~

---

[4] In the event any additional parties are granted intervention in the adversary proceedings commenced by the Revenue Bond Complaints (the "<u>Revenue Bond Adversary Proceedings</u>") pursuant to Federal Rule of Bankruptcy Procedure 7024, briefing and other deadlines applicable to such parties shall be established in the order(s) granting such intervention. Further, to the extent any intervening parties wish to file briefs in the Revenue Bond Adversary Proceedings, including but not limited to briefing on the Rule 12(b) and Rule 12(c) motions discussed herein, such briefs shall be limited to issues not raised by the named parties in any applicable brief, and be limited to a maximum of seven (7) pages, not including caption and signature pages. This restriction is without prejudice to any party's, including intervenors', right to seek leave of the Court to file additional briefing in connection with such motions. Because of the potential of overlapping issues, any motion(s) to dismiss the Revenue Bond Complaints should, to the extent possible, be heard together with any motion(s) to dismiss filed in the adversary proceedings seeking a determination of, *inter alia*, the validity of liens asserted by holders of the Commonwealth's general obligation bonds and, if such liens are valid, to avoid the same (Adv. Proc. Nos. 19-291, 19-292, 19-293, 19-294, 19-295, 19-296, and 19-297).

-6-

~~would otherwise be barred by Section 305 of PROMESA in the absence of such consent.~~

- The ~~Oversight Board's position with respect to Section 305 of PROMESA, 48 U.S.C. § 2165, is as follows: By filing the Revenue Bond Complaints, the Oversight Board shall be deemed to consent, pursuant to Section 305 of PROMESA, 48 U.S.C. § 2165, to the granting or denial of the relief it requests, which may include rulings on *(i)* the validity of the liens asserted by the Claimants; *(ii)* the scope of the liens asserted by the Claimants; *(iii)* whether the liens asserted by the Claimants have been perfected and the effects of such perfection or lack thereof; *(iv)* whether the liens asserted by the Claimants are avoidable; *(v)* whether the Claimants' asserted interests in any revenues securing the Revenue Bonds has been preempted; *(vi)* whether the Claimants' asserted interests in any revenues securing the Revenue Bonds continues to attach post-petition; *(vii)* whether the Claimants' asserted interests in the liens are special revenues and/or assert non-recourse claims; *(viii)* whether Claimants have standing (including derivative standing) to assert claims against the Commonwealth and/or HTA; *(ix)* whether Claimants' claims against the Commonwealth and/or HTA assert a cognizable claim under the United States and/or Puerto Rico Constitutions; *(x)* whether Claimants' claims are dischargeable; *(xi)* the relative priority of Claimants' claims against the Commonwealth and/or HTA; and *(xii)* whether Claimants' claims against the Commonwealth and/or HTA are barred pursuant to PROMESA § 407 or any other provision of PROMESA. The Oversight Board expressly does not consent pursuant to Section 305, to orders interfering with the validity of fiscal plans or budgets certified by the Oversight Board for the Commonwealth and/or its territorial instrumentalities, the validity of Commonwealth statutes or executive orders (including the Moratorium Laws and the Fiscal Compliance Act), and orders interfering with or ordering the turnover of revenue or other property to Claimants or any other party.~~ <ins>term "Corresponding Lift Stay Motion" shall be defined to mean, as applicable: (i) in the case of the HTA Adversary Proceedings, the HTA Lift Stay Motion; (ii) in the case of the PRIFA Adversary Proceeding, the PRIFA Lift Stay Motion; and (iii) in the case of the CCDA Adversary Proceeding, the CCDA Lift Stay Motion.</ins>

- ~~Deadline for Claimants to answer, move to dismiss, and/or assert counterclaims as to the Revenue Bond Complaints: February 27, 2020 at 5:00 p.m. (Atlantic Standard Time).~~

- ~~If one or more Claimants (collectively "Movants") move to dismiss any one or more of the claims in the Revenue Bond Complaints on February 27, 2020:~~

    - ~~Opposition to motions to dismiss: April 13, 2020 at 5:00 p.m. (Atlantic Standard Time).~~

-7-

- - ~~Movants' reply brief(s) in support of motions to dismiss: May 13, 2020 at 5:00 p.m. (Atlantic Standard Time).~~

  - ~~Hearing on any motions to dismiss the Revenue Bond Complaints: June 3 or 4, 2020, in connection with the June Omnibus Hearing.[5]~~

- ~~If one or more Claimants assert counterclaims as to the Revenue Bond Complaints on February 27, 2020, the Oversight Board's deadline to answer or move to dismiss the counterclaims shall be April 13, 2020. If such motions to dismiss the counterclaims are filed:~~

  - ~~Oppositions to motions to dismiss the counterclaims: May 4, 2020 at 5:00 p.m. (Atlantic Standard Time).~~

  - ~~Replies in support of motions to dismiss the counterclaims: May 26, 2020 at 5:00 p.m. (Atlantic Standard Time).~~

- ~~If any of the Claimants file answers to the Revenue Bond Complaints, and/or if the Oversight Board files answers to the Claimants' counterclaims on the Revenue Bond Complaints:~~

  - ~~The Oversight Board's Rule 12(c) motions for judgment on the pleadings, if any, on the Revenue Bond Complaints and Claimants' Rule 12(c) motions for judgment on the pleadings, if any, of any counterclaims shall be filed by: May 13, 2020 at 5:00 p.m. (Atlantic Standard Time).~~

  - ~~Oppositions to any Rule 12(c) motions for judgment on the pleadings: June 12, 2020 at 5:00 p.m. (Atlantic Standard Time).~~

  - ~~Replies in support of any Rule 12(c) motions for judgment on the pleadings: June 26, 2020 at 5:00 p.m. (Atlantic Standard Time).~~

- ~~A hearing on the Oversight Board's Rule 12(b) motion to dismiss the counterclaims and on any Rule 12(c) motions for judgment on the pleadings, whether such motion is filed by the Oversight Board or Claimants, shall be held on July 29 or 30, 2020, in connection with the July Omnibus Hearing.~~

- ~~For the avoidance of doubt, all Rule 12(b) motions to dismiss and Rule 12(c) motions for judgment on the pleadings, and all briefing related thereto, shall be subject to the briefing provisions set forth in footnote 4 above.~~

---

[5] ~~Because of the potential of overlapping issues, any motion(s) to dismiss the Revenue Bond Complaints should, to the extent possible, be heard together with any motion(s) to dismiss filed in the adversary proceedings seeking a determination of, *inter alia*, the validity of liens asserted by holders of the Commonwealth's general obligation bonds and, if such liens are valid, to avoid the same (Adv. Proc. Nos. 19-291, 19-292, 19-293, 19-294, 19-295, 19-296, and 19-297).~~

- ~~Discovery: In conjunction with the Court's ruling on the Rule 12(b) motions to dismiss and the Rule 12(c) motions for judgment on the pleadings, as contemplated above, to the extent necessary, the court will set a Rule 16 scheduling conference that will trigger the parties' meeting, reporting, and disclosure requirements of Rule 26.~~<ins>Notwithstanding the foregoing provisions of this paragraph 2, in the event the Oversight Board believes, after filing its answers and counterclaims in the Enforcement Actions, that there exist claims, issues, or arguments related to the Revenue Bonds that cannot be addressed in the context of the Enforcement Actions, the Oversight Board may move for relief from the stay of the Revenue Bond Adversary Proceedings imposed pursuant to this paragraph 2 for the purpose of raising such claims, issues, or arguments in the context of the Revenue Bond Adversary Proceedings. The Claimants shall be afforded an opportunity, on not less than 30 days' notice, to oppose or otherwise respond to any such motion for stay relief by the Oversight Board, including, without limitation, by opposing such a motion for stay relief on the grounds that the Revenue Bond Adversary Proceedings violate due process and are unconstitutional.</ins>

~~3. Except as provided for herein, should any of the parties to the Revenue Bond Complaints (including intervenors) seek to file additional motion practice that would directly or indirectly impact this schedule, or any future schedule to be determined by the parties in this action or the Court (such as the schedule for discovery, if needed, as described above), such parties shall first seek leave of Court to file such motion.~~

<ins>3.</ins> ~~4.~~ **HTA Adversary Proceedings** — On the understanding that all issues raised in the Complaints and Counterclaims in the HTA Adversary Proceedings will be addressed in one or more of the <ins>Enforcement Actions and/or the</ins> Revenue Bond Adversary Proceedings, the HTA Adversary Proceedings shall remain stayed pending further order of the Court. If this understanding proves to be incorrect, parties to the HTA Adversary Proceedings may move the Court for appropriate relief<ins>.</ins>

<ins>4.</ins> ~~5.~~ The Oversight Board and Claimants are directed to meet and confer regarding the need for any modifications to this Interim Case Management Order for Revenue Bonds, in the event that developments in cases currently on appeal warrant modifications, including,

-9-

without limitation, developments in *Ambac Assurance Corp. v. Fin. Oversight and Mgmt. Bd.* (*In re Fin. Oversight and Mgmt. Bd.*), 927 F.3d 597 (1st Cir. 2019), *petition for cert. filed* (U.S. Sept. 23, 2019) (No. 19-387), and *Assured Guar. Corp. v. Fin. Oversight and Mgmt. Bd.* (*In re Fin. Oversight and Mgmt. Bd.*), 919 F.3d 121 (1st Cir. 2019), *petition for cert. filed* (U.S. Sept. 20, 2019) (No. 19-391).

5.    ~~6.~~ In order to accommodate periods when counsel will be unavailable due to national holidays or religious observances, for the purposes of computing any time period specified in this order, the following dates shall be treated as a "legal holiday" within the meaning of Federal Rule of Bankruptcy Procedure 9006(a):  January 20, 2020; February 17, 2020; March 9-11, 2020; April 9-11, 2020; April 15-17, 2020; May 25, 2020; May 28-29, 2020; July 3, 2020; September 7, 2020; September 18, 2020; September 28-29, 2020; October 5, 2020; October 12, 2020; November 11, 2020; November 26-27, 2020; and December 25, 2020.

6.    ~~7.~~ In addition to the requirements for parties who seek to and are granted leave to intervene in the Revenue Bond Complaints as laid out in footnote 4 above, in all instances, any party filing a brief must certify that it has taken reasonable efforts to avoid duplication and submit a brief that is no longer than necessary.  The Court will not view favorably briefs that are unduly repetitious or that duplicate arguments made elsewhere.  Parties whose respective positions are aligned shall use reasonable efforts to draft a single brief and coordinate to minimize duplicative briefs.  Those parties shall include a certification in their briefs confirming that they have taken such efforts.

7.    ~~8.~~ The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this Interim Case Management Order for Revenue Bonds.

-10-

[*Remainder of Page Intentionally Left Blank*]

-11-

8. ~~9.~~ This Interim Case Management Order shall be entered simultaneously in (i) each of the applicable adversary proceedings identified in Appendix I of the Stay Order, and (ii) each Title III case docket corresponding to applicable contested matters identified in Appendix I of the Stay Order. A list of such applicable pending proceedings and matters is attached as Appendix B.

SO ORDERED.

Dated:

By:_____

LAURA TAYLOR SWAIN
United States District Judge

# Appendix A – List of Claimants

- Ambac Assurance Corporation

- Assured Guaranty Corp. and Assured Guaranty Municipal Corp.

- The Bank of New York Mellon, as fiscal agent

- Financial Guaranty Insurance Company

- National Public Finance Guarantee Corporation

Appx. A- 1

**Appendix B – List of Applicable Pending Adversary Proceedings and Contested Matters**

| | |
|---|---|
| Docket Entry No. 7176 in Case No. 17-3283 | *Ambac Assurance Corporation's Motion and Memorandum of Law in Support of Its Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* |
| Docket Entry No. 8536 in Case No. 17-3283 | *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation for Adequate Protection or, in the Alternative, for Relief from the Automatic Stay* |
| Adversary Proceedings | 19-AP-362; 19-AP-363; 19-AP-364; 19-AP-365 |