**Opposition Deadline:** January 22, 2020 at 12:00 p.m. AST
**Reply Deadline:** January 25, 2020 at 12:00 p.m. AST
**Hearing Date:** January 29, 2020 at 9:30 a.m. AST

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**Re: ECF Nos. 10109, 10274** |

## AAFAF'S LIMITED JOINDER AND STATEMENT IN SUPPORT OF THE OPPOSITION OF THE COMMONWEALTH OF PUERTO RICO TO MOTION TO AMEND PRIFA BONDHOLDER LIFT STAY MOTION [ECF NO. 10109]

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), as fiscal

agent for the Puerto Rico Infrastructure Financing Authority ("PRIFA") under the *Enabling Act of*

*the Fiscal Agency and Financial Advisory Authority*, Act 2-2017 (the "AAFAF Enabling Act"),

respectfully submits this limited joinder and statement in support of the Opposition filed by the

Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") [ECF No.

10274] (the "Opposition")[2] to the *Motion for Leave to Amend Motion of Ambac Assurance*

*Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Financial*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Opposition.

*Guaranty Insurance Company Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 10109] (the "Motion to Amend").  Solely to the extent set forth herein, AAFAF hereby joins in the Opposition and requests that the Motion to Amend be denied for the reasons set forth herein:

1.    AAFAF joins the Oversight Board's arguments with respect to Movants' lack of standing and their lack of a property interest or valid security interest in the Rum Tax Remittances under Puerto Rico law.

2.    The proposed amendments would not solve the fundamental flaw in the PRIFA Lift Stay Motion—any rights to the Rum Tax Remittances belong to PRIFA and Movants lack standing because they cannot assert PRIFA's rights against the Commonwealth. As the Oversight Board persuasively demonstrated in its briefing in connection with the PRIFA Lift Stay Motion, Movants are not a creditor of a debtor, but are a possible creditor of a creditor (PRIFA) of the debtor (the Commonwealth).  *See* [ECF No. 8164, ¶¶ 1–14]; [ECF No. 7827, ¶¶ 52–58] (citing *Roslyn Sav. Bank v. Comcoach Corp. (In re Comcoach Corp.)*, 698 F.2d 571, 574 (2d Cir. 1983) ("As a stranger to the proceeding [ ] [a] creditor [of a creditor] did not qualify to seek modification of the stay which had been imposed when the debtor filed for bankruptcy."")).[3]  Accordingly, Movants lack standing to pursue claims against the Commonwealth related to adequate protection with respect to the Rum Tax Remittances.  The proposed addition of the Trustee as a moving party would not cure this glaring standing defect, nor do Movants argue that it could.

3.    Pursuant to the AAFAF Enabling Act, the right to bring a claim (if any) in this context against the Commonwealth is a right that only AAFAF can assert in the Commonwealth's

---

[3] AAFAF joined the Oversight Board's argument on this point in full. [ECF No. 8169, ¶ 1].

Title III restructuring as PRIFA's exclusive representative in the Commonwealth's Title III case.[4]

*See* Act 2-2017, §§ 2, 5(a).  Further underscoring this point, the only direct right against the

Commonwealth that the Bondholders' *may* have under the Enabling Act is a "non-impairment"

covenant providing the Commonwealth will "not limit or alter the rights . . . conferred to PRIFA."

3 L.P.R.A. § 1913.  By seeking to sidestep PRIFA and directly assert claims against the

Commonwealth with respect to Rum Tax Remittances, Movants are attempting to expand their

own rights under the Enabling Act and Trust Agreement by improperly usurping the Government

of Puerto Rico and AAFAF's rightful role to act on behalf of PRIFA.  Movants, as private parties,

have no such right.

5. 4.      For these reasons alone, the Court should deny the Motion to Amend and the Court

should consider the issue of standing as an initial matter, as the Court was prepared to do on July

24, 2019.

### RESERVATION OF RIGHTS

5.      In the Opposition, the Oversight Board addresses Movants' arguments that the

Bondholders' lien on the Rum Tax Remittances is a property right that cannot be repealed or

preempted [ECF No. [10274] ¶ [34]], an issue that was raised in the briefing on the PRIFA Lift

Stay Motion. *See* [ECF No. 8164, Sec. IV.] As a general matter, AAFAF does not agree with the

Oversight Board's sweeping view of preemption in this context, but given how many other reasons

exist to deny the relief sought in the Motion, AAFAF again declines to take a specific position on

the preemption arguments raised in the Motion to Amend and the Opposition at this time. AAFAF

reiterates its reservation of all rights with respect to these issues including, without limitation, with

respect to the limits of the Oversight Board's budgeting power and re-affirms its prior requests

---

[4] As of the date of this filing, AAFAF has not asserted PRIFA has any right, claim or interest with respect to the Rum Tax Remittances and AAFAF reserves all rights with respect thereto.

3

that the Court not address that argument in this context. *See* [ECF No. 7829, ¶ 11]; [ECF No. 8169,

¶ 6.]

[*Remainder of page intentionally left blank.*]

Dated: January 22, 2020
San Juan, Puerto Rico

Respectfully submitted,

/s/ *Peter Friedman*

John J. Rapisardi
Suzzanne S. Uhland
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, New York 10036
Tel:   (212) 326-2000
Fax:  (212) 326-2061

-and-

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, D.C. 20006
Tel:  (202) 383-5300
Fax: (202) 383-5414

*Attorneys for the Puerto Rico Fiscal*
*Agency and Financial Advisory Authority*

/s/ *Luis C. Marini-Biaggi*

Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com

Carolina Velaz-Rivero
USDC No. 300913
E:mail: cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Co-attorneys for the Puerto Rico Fiscal*
*Agency and Financial Advisory Authority*