# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA and ERS.** |

### REPLY OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSE FILED BY ARACELIS NAZARIO TO THE ONE HUNDRED SECOND OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DEFICIENT CLAIMS

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico ("Commonwealth"), Puerto Rico Highways and Transportation Authority ("HTA"), and Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS", and together with the Commonwealth and HTA, the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Debtors") by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") to the *Reply to One Hundred and Second Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System for the Government of the Commonwealth of Puerto Rico to Deficient Claims Asserting Interests Based on Salary Demand, Employment or Services Provided* [ECF No. 9963] (the "Response"), filed by claimant Aracelis Nazario ("Claimant") to the *One Hundred Second Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System for the Government of the Commonwealth of Puerto Rico to Deficient Claims Asserting Interests Based on Salary Demand, Employment or Services Provided* [ECF No. 9552] (the "One Hundred Second Omnibus"). In support of this Reply, the Debtors respectfully represent as follows:

1. On December 12, 2019, the Commonwealth filed the One Hundred Second Omnibus, seeking to disallow certain proofs of claim that failed to comply with the applicable rules for filing a claim by not providing a basis for asserting a claim against the Commonwealth, HTA, ERS, or any other Title III Debtor (collectively, the "Deficient Claims"), each as listed on Exhibit A thereto. As set forth in the One Hundred Second Omnibus and supporting exhibits thereto, each of the Deficient Claims purports to assert liabilities arising from salary or other compensation owed in connection with salary demands, employment, pensions, or services provided, but failed to provide critical information, such as the specific services provided, the

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

salary accrued but unpaid, or other information needed to understand what liabilities the Commonwealth, HTA, ERS, or any other Title III Debtor might owe.

2. Any party who disputed the One Hundred Second Omnibus was required to file a response by 4:00 p.m. (Atlantic Standard Time) on January 14, 2020, in accordance with the Court-approved notice attached to the One Hundred Second Omnibus as Exhibit C, which was served in English and Spanish on the individual creditors subject to the One Hundred Second Omnibus, the U.S. Trustee, and the Master Service List (as defined in the *Order Further Amending Case Management Procedures* [ECF No. 7115]). *See Certificate of Service* [ECF No. 9621].

3. On January 13, 2020, Claimant filed the Response to the objection to Claimant's proof of claim, which was filed against the Commonwealth on May 7, 2018, and logged by Prime Clerk as Proof of Claim No. 11823 (the "Claim"). *See* One Hundred Second Omnibus, Exhibit A, line 965.

4. The Response contained documentation regarding a bond issued by ERS bearing CUSIP number 29216MAC4. However, Bank of New York Mellon, as trustee for certain Pension Funding Bonds Series 2008 A, Series 2008 B, and Series 2008 C (collectively, the "Bonds"), and on behalf of the holders of Bonds, filed a master proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 16777 ("BNYM Master Claim"). The bond bearing CUSIP number 29216MAC4 is a Pension Funding Bonds Series 2008 A Bond.[3] Accordingly, the Response asserts liabilities associated with bonds issued by ERS that are duplicative of the BNYM Master Claim.

5. Any failure to disallow the Claim will result in Claimant potentially receiving an unwarranted double recovery against the Commonwealth, to the detriment of other stakeholders

---

[3] *See* https://emma.msrb.org/Security/Details/A8723835F75DCCA0969D8B239BADB2FAC.

in the Commonwealth Title III Case. Moreover, Claimant will not be prejudiced by the disallowance of the Claim because the liability associated with the Claim is subsumed within the BNYM Master Claim.

6. Accordingly, the Debtors respectfully request that the Court grant the One Hundred and Second Omnibus Objection and disallow the Claim.

| | |
|---|---|
| Dated: January 22, 2020<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ *Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel:   (787) 764-8181<br>Fax:   (787) 753-8944<br><br>/s/ *Martin J. Bienenstock*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel:   (212) 969-3000<br>Fax:   (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico* |