UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 9677** |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |

**RESPONSE OF THE COMMONWEALTH TO MOTION FOR
RELIEF FROM THE AUTOMATIC STAY FILED BY
<u>CENTRO DE ORIENTACIÓN Y AYUDA PSIQUIÁTRICA, INC.</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") respectfully submits this response (the "Response") to the *Motion for Relief from the Automatic Stay Pursuant To PROMESA's Sections 4, 7, 301(c)(3), 304(h), Department of Health and Human Services Administrative Order ACYF-CB-PI-18-03, Child Abuse Prevention and Treatment Act (CAPTA), Bankruptcy Code's Sections 362(b)(4), (d)(1)* [ECF No. 9677] (the "Motion") filed by the Centro de Orientación y Ayuda Psiquiátrica, Inc. ("Movant"), the plaintiff in the prepetition case captioned *Centro de Orientación y Ayuda Psiquiátrica, Inc. v. Estado Libre Asociado de Puerto Rico y otros,* Case No. SJ2018CV02129 (the "Prepetition Action"), before the Puerto Rico First Instance Court (the "Commonwealth Court"). The Commonwealth (i) consents to modifying the automatic stay *solely* to allow the Prepetition Action to proceed to judgment; provided, however, that the Title III stay shall to apply in all other respects of the Prepetition Action, including, but not limited to the execution and enforcement of any judgment and provisional remedies against the Commonwealth or any other Title III Debtor, and (ii) requests the Court deny the Motion, without prejudice, solely with respect to Movant's request to modify the automatic stay to enforce any claim or judgment against the Commonwealth, pending entry of judgment in the Prepetition Action.[2]

**COMMONWEALTH'S RESPONSE**

1. On January 1, 2020, Movant filed the Motion seeking relief from the automatic stay to collect monies allegedly owed by the Commonwealth, asserting that, among other things,

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Response on behalf of the Commonwealth.

Sections 7 and 304(h) of PROMESA exempt the Prepetition Action from application of the automatic stay.

2. The Commonwealth has tried on numerous occasions to contact Movant's counsel to resolve the matter consensually but has not received a response. After a review of the Commonwealth's records, and as further explained below: (1) the alleged amount due to Movant is in dispute,[3] and (2) notwithstanding the language in the prepetition agreement, it appears the accounts from which Movant is paid contain solely Commonwealth funds.

3. Accordingly, since there is a genuine controversy of fact as to whether Movant's services were paid for with federal or state funds, as well as to the alleged total amount due, the Commonwealth consents to modify the automatic stay to allow the disputes to be decided and for judgment to be entered in the Prepetition Action. Once such issues are determined, Movant may seek further relief from the automatic stay regarding execution of any judgment against the Commonwealth.

4. Modification of the automatic stay to allow the disputes to go to judgment would allow the Commonwealth Court to determine the amounts in dispute and whether such amounts are payable from federal or state funds, and would assist the Court to determine whether to modify the automatic stay to allow for execution of any judgment against the Commonwealth.

5. The Commonwealth's consent to modifying the automatic stay as provided herein should not be construed to be a waiver of any rights or arguments with respect to Movant's arguments or theories regarding the inapplicability of the automatic stay. The Commonwealth

---

[3] In the Prepetition Action, Movant seeks the collection of $979,965 allegedly owed by the Commonwealth, as well as interests and costs for services provided to the Department of Family.

reserves all rights and arguments with respect to the Motion, including, without limitation, any arguments in respect of PROMESA sections 7 and 304(h).[4]

## CONCLUSION

Accordingly, and for the foregoing reasons, the Commonwealth (i) consents to modifying the stay *solely* to allow the Prepetition Action to proceed to judgment to allow the Commonwealth Court to determine the amounts in dispute and whether such amounts are payable from federal or state funds; provided, however that the Title III automatic stay shall to apply in all other respects of the Prepetition Action, including, without limitation, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor, and (ii) requests the Court deny the Motion, without prejudice, solely with respect to Movant's request to modify the automatic stay to enforce any claim or judgment against the Commonwealth, pending entry of judgment in the Prepetition Action.

[*Remainder of Page Intentionally Left Blank*]

---

[4] Movant's contention that its asserted contractual claim against the Commonwealth in the Prepetition Action is exempt from application of the automatic stay has squarely been rejected by the United States Court of Appeals for the First Circuit in *Municipality of San Juan v. Commonwealth of Puerto Rico*, 919 F.3d 565 (1st Cir. 2019).

Dated: January 22, 2020.
San Juan, Puerto Rico

Respectfully submitted,

| | |
|---|---|
| **DENNISE N. LONGO-QUIÑONES** | */s/ Juan C. Ramírez-Ortiz* |
| Secretary of Justice | **JUAN C. RAMÍREZ-ORTIZ** |
| | USDC-PR No. 306507 |
| **WANDYMAR BURGOS-VARGAS** | Department of Justice of Puerto Rico |
| Deputy Secretary in Charge of Litigation | Federal Litigation Division |
| | P.O. Box 9020192 |
| **SUSANA I. PEÑAGARÍCANO-BROWN** | San Juan, Puerto Rico 00902-0192 |
| Director of Legal Affairs | Email: juramirez@justicia.pr.gov |
| Federal Litigation and Bankruptcy Division | Phone: (787)721-2900, ext. 1421 |

*Attorneys for the Commonwealth of Puerto Rico*