# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-03566 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, | Adv. Proc. No. 19-00356 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK- 4780) (Last Four Digits of Federal Tax ID: 3747).

|  |  |
|---|---|
| and | ) |
|  | ) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), | ) |
|  | ) |
| as co-trustees of | ) |
|  | ) |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| DEFENDANT 1M, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

_____

| | |
|---|---|
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, | Adv. Proc. No. 19-00357 (LTS) |
| and | |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), | |
| as co-trustees of | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | |
| Plaintiff, | |
| v. | |
| STOEVER GLASS & CO., *et al.*, | |

| | |
|---|---|
| Defendant. | ) ) ) ) ) |
| ──────────────────────────── | ) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, | ) ) ) ) ) ) ) Adv. Proc. No. 19-00359 (LTS) |
| and | ) ) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), | ) ) ) ) |
| as co-trustees of | ) ) |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| DEFENDANT 1H-78H, | ) ) ) |
| Defendants. | ) ) ) |
| ──────────────────────────── | ) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, | ) ) ) ) ) ) Adv. Proc. No. 19-00361 (LTS) |
| and | ) ) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), | ) ) ) ) |
| as co-trustees of | ) ) |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | ) ) |

| | |
|---|---|
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DEFENDANT 1G-50G, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | ) Adv. Proc. No. 19-00366 (LTS) |
| as representative of | ) |
| EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | ) |
| and | ) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), | ) |
| as section 926 trustee of | ) |
| THE COMMONWEALTH OF PUERTO RICO | ) |
| Plaintiffs,[2] | ) |
| against | ) |
| ANDALUSIAN GLOBAL DESIGNATED ACTIVITY COMPANY; THE BANK OF NEW YORK MELLON; MASON CAPITAL MASTER FUND LP; OCHER ROSE, L.L.C.; SV CREDIT, L.P.; CROWN MANAGED ACCOUNTS FOR AND ON BEHALF OF CROWN/PW SP; LMA SPC FOR AND ON BEHALF OF MAP 98 SEGREGATED PORTFOLIO; OCEANA MASTER FUND LTD.; PENTWATER MERGER ARBITRAGE MASTER FUND LTD.; AND PWCM MASTER FUND LTD, | ) |

---

[2] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

|  |  |
|---|---|
| Defendants. ) | ) |
| ) | ) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ) | Adv. Proc. No. 19-00367 (LTS) |
| as representative of ) | |
| EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, ) | |
| and ) | |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), ) | |
| as section 926 trustee of ) | |
| THE COMMONWEALTH OF PUERTO RICO ) | |
| Plaintiffs,[3] ) | |
| against ) | |
| GLENDON OPPORTUNITIES FUND, L.P.; OAKTREE-FORREST MULTI-STRATEGY, LLC (SERIES B); OAKTREE OPPORTUNITIES FUND IX, L.P.; OAKTREE OPPORTUNITIES FUND IX (PARALLEL 2), L.P.; OAKTREE VALUE OPPORTUNITIES FUND, L.P.; PUERTO RICO AAA PORTFOLIO BOND FUND, INC.; PUERTO RICO AAA PORTFOLIO BOND FUND II, INC.; PUERTO RICO AAA PORTFOLIO TARGET MATURITY FUND, INC.; PUERTO RICO FIXED INCOME FUND, INC.; PUERTO RICO FIXED INCOME FUND II, INC.; PUERTO RICO FIXED INCOME FUND III, INC.; PUERTO RICO FIXED INCOME FUND IV, INC.; PUERTO RICO FIXED INCOME FUND V, INC.; PUERTO RICO GNMA & U.S. GOVERNMENT TARGET MATURITY FUND, INC.; PUERTO RICO INVESTORS BOND FUND I; PUERTO RICO ) | |

---

[3] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

INVESTORS TAX-FREE FUND, INC.; PUERTO RICO )
INVESTORS TAX-FREE FUND II, INC.; PUERTO )
RICO INVESTORS TAX-FREE FUND III, INC.; )
PUERTO RICO INVESTORS TAX-FREE FUND IV, )
INC.; PUERTO RICO INVESTORS TAX-FREE FUND )
V, INC.; PUERTO RICO INVESTORS TAX-FREE )
FUND VI, INC.; PUERTO RICO MORTGAGE- )
BACKED & U.S. GOVERNMENT SECURITIES )
FUND, INC.; TAX-FREE PUERTO RICO FUND, INC.; )
TAX-FREE PUERTO RICO FUND II, INC.; TAX- )
FREE PUERTO RICO TARGET MATURITY FUND, )
INC.; UBS IRA SELECT GROWTH & INCOME )
PUERTO RICO FUND,

       Defendants.

------------------------------------------------------------------- X

## JOINT STATUS REPORT REGARDING THE RETIREE COMMITTEE'S MOTION TO QUASH THE DEPOSITION OF HECTOR MAYOL KAUFFMAN

To the Chambers of the Honorable Judith Dein:

  Pursuant to the Court's January 16, 2020 Order on Discovery Motions (Case No. 17-03566-LTS., ECF No. 795), the Official Committee of Retired Employees of the Commonwealth of Puerto Rico ("Retiree Committee") and the Bondholders[4] respectfully submit this joint status

---

[4] The Bondholders are: Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund Holdings, L.P., Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., Redwood Master Fund, Ltd., and SV Credit, L.P.
Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., and Oaktree Opportunities Fund IX (Parallel 2), L.P. hold through Opps Culebra Holdings, L.P. Oaktree Huntington Investment Fund II, L.P. holds through Oaktree Opportunities Fund X Holdings (Delaware), L.P. Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., and Oaktree Opportunities Fund X (Parallel 2), L.P. hold through Oaktree Opps X Holdco Ltd.

report concerning the status of the Retiree Committee's Urgent Motion for a Protective Order Quashing the subpoena ad testificandum served upon Hector Mayol Kauffmann ("Motion to Quash"). Case No. 17-03566-LTS., ECF No. 766. The Retiree Committee and the Bondholders report that:

1. They have reached agreement on a form of declaration that Mr. Mayol will sign. The declaration is attached to this status report as Exhibit A;

2. As a result, the Bondholders withdraw their subpoena for Mr. Mayol's testimony, which was attached to the Retiree Committee's Motion to Quash as Exhibit A.

3. The Retiree Committee therefore withdraws its Motion to Quash.

[*Signatures on Next Page*]

Respectfully submitted on January 22, 2019

*/s/ Alfredo Fernández-Martínez*
Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com
USDC-PR 210511

*/s/ Geoffrey S. Stewart*
Bruce Bennett (*pro hac vice*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York
10281 Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Matthew E. Papez (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3435
Fax: (202) 626-1700
gstewart@jonesday.com
mpapez@jonesday.com

*Counsel for Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund Holdings, L.P., Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., Redwood Master Fund, Ltd., and SV Credit, L.P.*

| | |
|---|---|
| JENNER & BLOCK LLP | BENNAZAR, GARCÍA & MILIÁN, C.S.P. |
| By: | By: |
| */s/ Robert Gordon* | */s/ A.J. Bennazar-Zequeira* |
| Robert Gordon (admitted *pro hac vice*) <br> Richard Levin (admitted *pro hac vice*) <br> 919 Third Ave <br> New York, NY 10022-3908 <br> rgordon@jenner.com <br> rlevin@jenner.com <br> 212-891-1600 (telephone) <br> 212-891-1699 (facsimile) | A.J. Bennazar-Zequeira <br> Edificio Union Plaza <br> Office 1701 <br> 416 Avenida Ponce de León <br> Hato Rey, San Juan <br> Puerto Rico 00918 <br> ajb@bennazar.org <br> 787-754-9191 (telephone) <br> 787-764-3101 (facsimile) |
| Catherine Steege (admitted *pro hac vice*) <br> Melissa Root (admitted *pro hac vice*) <br> Landon Raiford (admitted *pro hac vice*) <br> 353 N. Clark Street <br> Chicago, IL 60654 <br> csteege@jenner.com <br> mroot@jenner.com <br> lraiford@jenner.com <br> 312-222-9350 (telephone) | *Counsel for The Official Committee of Retired Employees of Puerto Rico* |

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[5] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor | PROMESA<br>Title III<br><br>No. 17 BK 3566-LTS<br><br>Re: Adv. Pro. 19-366;<br>Adv. Pro 19-367 |

## DECLARATION OF HÈCTOR MAYOL KAUFFMAN

I, Hèctor Mayol Kauffman, hereby declare:

---

[5] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

1. I am a partner of the law firm of Bennazar, Garcìa & Miliàn, C.S.P., where I have been employed since January 14, 2015. I received my Doctor of Law from the University of Puerto Rico in 2009. I previously received Bachelor's and Master's degrees from Rensselaer Polytechnic Institute.

2. From June 1, 2005 to February 25, 2009, I was employed as a Managing Director in the San Juan, Puerto Rico office of Samuel A. Ramirez & Co.

3. I am aware that in 2008, Samuel A. Ramirez & Co. joined a syndicate of underwriters to purchase ERS bonds. I was not involved in Samuel A. Ramirez & Co.'s decision to participate in the underwriting syndicate, nor was I involved in Samuel A. Ramirez & Co.'s review or analysis of the proposed ERS bond issuance. My recollection is that these decisions were made, and any analysis was conducted, by individuals in Samuel A. Ramirez & Co.'s New York office.

4. On January 24, 2008, and again on June 25, 2008, at the direction of Samuel A. Ramirez & Co., I executed an Acceptance of Agreement Among Underwriters on behalf of Samuel A. Ramirez & Co. in connection with ERS's sale of bonds. My understanding is that I was directed to execute the Acceptances of Agreement Among Underwriters because the documents were executed in San Juan, Puerto Rico, and I was a Managing Director resident in the San Juan office of Samuel A. Ramirez & Co. and available to attend the closing to sign the documents.

5. From February, 2009 to September, 2013, I served as the Administrator of ERS. Because my tenure at ERS post-dated the issuance of the ERS bonds, I did not have any responsibility for ERS's issuance of the bonds, nor was I involved in any decision-making regarding the purpose or need for the bond issuance.

6. To the best of my recollection, at the time the ERS bonds were issued in 2008 and during my tenure as Administrator of ERS, I did not consider whether 3 L.P.R.A. § 779(d) of the

2

ERS Enabling Act as that provision was written at the time the ERS bonds were issued prohibited the issuance of bonds to the public through an underwriting syndicate such as the one used in 2008.

7. To the best of my recollection, at no time while I was employed by Samuel A. Ramirez & Co. or during my tenure as Administrator of ERS did I:

   a. Consider whether the ERS bonds had been issued legally or illegally because they were issued in conflict with 3 L.P.R.A. § 779(d) as that provision was written at the time the ERS bonds were issued, were enforeceable or unenforceable because they were issued in conflict with 3 L.P.R.A. § 779(d) as that provision was written at the time the ERS bonds were issued, or were or were not *ultra vires* because they were issued in conflict with 3 L.P.R.A. § 779(d) as that provision was written at the time the ERS bonds were issued;
   b. Receive information from anyone that the use of underwriters rendered the ERS bonds *ultra vires* because they were issued in conflict with 3 L.P.R.A. § 779(d) as that provision was written at the time the ERS bonds were issued; or,
   c. Inform anyone that the ERS bonds were *ultra vires* because they were issued in conflict with 3 L.P.R.A. § 779(d) as that provision was written at the time the ERS bonds were issued.

8. I agree that the quotations attributed to me in a news article published on October 7, 2012 in Noticel, and attached as Exhibit D to the *Opposition to Urgent Motion of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for a Protective Order Quashing the Subpoena* Ad Testificandum *Served upon Hector Mayol Kauffman* [Dkt. 9803], are accurate.

3

4

I declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: January __, 2020

Hèctor Mayol Kauffman