UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

      Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER DENYING
MOTION TO STRIKE CERTAIN RULE 2004 APPLICATIONS

Before the Court is the *Urgent Motion of Financial Oversight and Management*

*Board for Puerto Rico and Puerto Rico Fiscal Agency and Financial Advisory Authority to*

*Strike (A) Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery*

*Under Bankruptcy Rule 2004 Concerning Commonwealth Assets [ECF No. 9022] and (B)*

*Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under*

*Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis [ECF No. 9023]*

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case
number and the last four (4) digits of each Debtor's federal tax identification number, as
applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-
3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax
Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four
Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation
Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of
Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the
Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last
Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority
("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax
ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case
No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case
numbers are listed as Bankruptcy Case numbers due to software limitations).

*and for Sanctions* (Docket Entry No. 9131 in Case No. 17-3283,[2] the "Motion to Strike").  In the

Motion to Strike, the Financial Oversight and Management Board for Puerto Rico (the

"Oversight Board") and the Puerto Rico Fiscal Agency and Financial Advisory Authority

("AAFAF" and, collectively with the Oversight Board, the "Movants") seek to strike two Federal

Rule of Bankruptcy Procedure 2004 motions filed by Ambac Assurance Corporation ("Ambac")

– one directed to discovery concerning the Commonwealth's assets in general (Docket Entry No.

9022, the "Asset Rule 2004 Motion") and one directed to discovery concerning the

Commonwealth's cash accounts that may be available to pay creditors (Docket Entry No. 9023,

the "Cash Rule 2004 Motion" and, collectively with the Asset Rule 2004 Motion, the "Rule 2004

Motions").  Movants contend that the filing of the Rule 2004 Motions violated the *Order*

*Regarding Stay Period and Mandatory Mediation* (Docket Entry No. 8244, the "Stay Order")

entered by the Court on July 24, 2019, and seek entry of an order striking the two Rule 2004

Motions and imposing sanctions on Ambac for violating the Stay Order.  After careful

consideration of the parties' submissions,[3] and for the reasons explained below, the Motion to

---

[2]    All docket entry references are to entries in Case No. 17-3283, unless otherwise
       specified.
[3]    In addition to the Motion to Strike, the Court has thoroughly reviewed *Ambac Assurance*
       *Corporation's Objection to the Urgent Motion of Financial Oversight and Management*
       *Board for Puerto Rico and Puerto Rico Fiscal Agency and Financial Advisory Authority*
       *to Strike (A) Ambac Assurance Corporation's Motion for Entry of Order Authorizing*
       *Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets [ECF No.*
       *9022] and (B) Ambac Assurance Corporation's Motion for Entry of Order Authorizing*
       *Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction*
       *Analysis [ECF No. 9023] and for Sanctions* (Docket Entry No. 9409, the "Objection"),
       and the *Reply in Support of Urgent Motion of Financial Oversight and Management*
       *Board for Puerto Rico and Puerto Rico Fiscal Agency and Financial Advisory Authority*
       *for Order Denying or Striking (A) Ambac Assurance Corporation's Motion for Entry of*
       *Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth*
       *Assets [ECF No. 9022] and (B) Ambac Assurance Corporation's Motion for Entry of*
       *Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth*
       *Cash Restriction Analysis [ECF No. 9023] and for Sanctions* (Docket Entry No. 9531).

Strike is denied and the parties are directed to meet, confer, and file a joint status report

concerning compliance and a proposed method for resolving any remaining disagreements

concerning the discovery requests that are the subjects of the Rule 2004 Motions.


BACKGROUND

The Stay Order and Mediation

On July 24, 2019, the Court entered the Stay Order, which stayed certain specific

adversary proceedings and contested matters that were identified in Appendix I to the Stay

Order, initially through November 30, 2019, and subsequently through December 31, 2019.  (See

Stay Ord. at 1; Docket Entry No. 9016 at 3.[4])  The stay of the proceedings was coupled with a

direction to the Mediation Team[5] to utilize the period to manage a process to develop proposed

scheduling orders that would identify and prioritize key substantive issues in connection with the

stayed litigation, and a requirement that parties in interest participate in mediation of substantive

issues, including issues relating to potential plans of adjustment, as directed by the Mediation

Team.  The Stay Order by its terms is intended to "avoid piecemeal litigation of potentially

overlapping key issues," "to identify efficiently the issues that must be litigated or otherwise

resolved to achieve confirmation of a plan of adjustment for the Commonwealth," and to

---

[4]     On December 27, 2019, the Court entered its *Amended and Restated Order Addressing
the Filing of an Amended Report by the Mediation Team and Extending (A) Stay Period,
(B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto* (Docket Entry No.
9661) which, as relevant here, extended the deadline for the Mediation Team to file its
Amended Report to February 10, 2020, set a hearing on the Amended Report and any
other scheduling orders filed by the Mediation Team for March 4, 2020, and otherwise
extended the stay period until March 11, 2020, except as to proceedings specifically
unstayed.

[5]     Capitalized terms not defined herein shall have the meanings given to them in the Motion
to Strike.

"prioritize such issues and develop efficient approaches to the resolution of such issues." (Stay

Ord. at 1.) The Stay Order further provides that, "if a plan of adjustment is filed for any Title III

debtor, [the parties may negotiate] the process for considering approval of a disclosure statement

and/or confirmation of any such plan of adjustment." (Id. at Section A(3).) The Stay Order does

not expressly stay Rule 2004 discovery related to the Commonwealth's plan of adjustment or

disclosure statement.

On September 27, 2019, the Oversight Board, as Title III representative of the

Commonwealth, the Employees Retirement System of the Government of the Commonwealth of

Puerto Rico, and the Puerto Rico Public Buildings Authority, filed the *Title III Joint Plan of*

*Adjustment of the Commonwealth of Puerto Rico, et al.* (Docket Entry No. 8765, the "Proposed

Plan of Adjustment"). To date, no schedule has been set for plan confirmation proceedings. As

noted in the Mediation Team Leader's filings of November 27, 2019 (see Docket Entry No.

9365) and December 23, 2019 (see Docket Entry No. 9638), mediation of both procedural and

substantive matters is continuing. The Mediation Team's Amended Report, including any

proposed scheduling orders, is currently due on February 10, 2020.

The Rule 2004 Motions

On October 17, 2019, AAFAF released to the public a summary cash restriction

analysis that estimated unrestricted cash potentially available to the Commonwealth's Title III

creditors amounting to $6.9 billion. (See Obj. at Ex. 1.)) On October 28, 2019, Ambac filed the

Cash Rule 2004 Motion and the Asset Rule 2004 Motion. The Asset Rule 2004 Motion includes

broad requests for information pertaining to all assets held, alienated, or encumbered by the

Commonwealth in the past five years. (See Asset Rule 2004 Mot., Requests 1-8.) Ambac

contends in the Asset Rule 2004 Motion that the requested information is necessary "to

understand the full range of Commonwealth assets available to repay creditors of the

Commonwealth and its instrumentalities" (id. at ¶ 2) and because "Ambac . . . cannot evaluate

the [Proposed Plan of Adjustment] without complete transparency . . . into the actual assets that

make up the Commonwealth's estate and the ability to monetize these assets" (id. at ¶ 3).

In the Cash Rule 2004 Motion, Ambac requests information pertaining to (i) an

October 2, 2019, presentation made by the Oversight Board to the Mediation Team and other

creditors, and publicly published by the Commonwealth, (ii) certain "clawback revenues," (iii)

funds held by the Puerto Rico Infrastructure Financing Authority, the Puerto Rico Highway and

Transportation Authority, and the Puerto Rico Convention Center District Authority, and (iv)

information relating to the Commonwealth's use of cash for essential services.  (See generally

Cash Rule 2004 Mot.)  In the Cash Rule 2004 Motion, Ambac argues that the requested

information is "essential to enable Ambac to meaningfully participate in the process of

advancing [the Commonwealth Title III case] towards successful plans of adjustment [because]

Ambac . . . cannot evaluate the [Proposed Plan of Adjustment] without complete transparency

into the Commonwealth's financial condition, which includes transparency into the actual

amount of cash available for debt service."  (Id. at ¶ 3.)

The Motion to Strike

On November 8, 2019, Movants filed the Motion to Strike the Rule 2004

Motions.  Movants argue that the Rule 2004 Motions violate the Stay Order by seeking discovery

"for the purpose of evaluating the Commonwealth Plan and Disclosure Statement, as well as

discovery targeted at currently stayed adversary proceedings or contested matters and matters

relating to PBA."  (Mot. to Strike at ¶ 14.)  Movants argue that the Rule 2004 Motions "fly in the

face of the Stay Order by seeking exactly the type of information that is currently in the hands of

the Mediation Team." (Id. at ¶ 20.) The Motion to Strike also seeks sanctions against Ambac

for what Movants assert is a willful and bad faith disregard of the Stay Order. (Id. at ¶¶ 36-38.)

Ambac opposes the Motion to Strike and argues that the Rule 2004 Motions

violate neither the terms nor the purpose of the Stay Order. (See Obj. at ¶¶ 22-24.) Ambac also

opposes Movants' request for sanctions on the grounds that there is no evidence that Ambac

acted in bad faith by filing the Rule 2004 Motions given Ambac's asserted belief that the Rule

2004 Motions are consistent with the Stay Order. (See id. at ¶ 38.)

DISCUSSION

The Stay Order Does Not Preclude Rule 2004 Discovery
Related to the Proposed Plan of Adjustment

As previously noted, the Stay Order includes a schedule identifying pending

adversary proceedings and contested matters that are subject to the stay. At the request of and by

agreement of the parties, the list includes a Rule 2004 motion by Ambac that relates to certain

rum tax cash flow issues. The Stay Order does not, however, include any provisions generally

staying, or prohibiting the initiation of, Rule 2004 motions.

Thus, to the extent Movants contend that Ambac's Rule 2004 Motions were

commenced in violation of the express language of the Stay Order, their position finds no

support in the Stay Order. Movants' argument that the motions should be stricken because they

violate some general spirit of the Stay Order is equally unavailing. Matters have been subjected

to the stay through orders specifying the stayed matters, including orders entered after the

original order upon the request of parties to particular controversies. Movants here could have

made such a request of the Court when Ambac's Rule 2004 Motions were filed. They did not,

and the motions are not violative of any stay order that is currently in place. The fact that

substantive issues to which the requests may be relevant, and issues regarding priority and

scheduling of the litigation of such issues, are authorized subjects of mediation does not

categorically preclude use of the Rule 2004 device.

<u>The Rule 2004 Motions Are Not Otherwise Categorically Precluded</u>

Rule 2004 is a vehicle for obtaining information relating "to the acts, conduct, or

property or to the liabilities and financial condition of the debtor, or to any matter which may

affect the administration of the debtor's estate, or to . . . any other matter relevant to the case or

to the formulation of a plan." Fed. R. Bankr. P. 2004(b). Federal Rule of Bankruptcy Procedure

9016 incorporates Federal Rule of Civil Procedure 45 with respect to the enforcement of Rule

2004 requests. Rule 45 recognizes "undue burden" as among the proper grounds for quashing or

modifying a request. Fed. R. Civ. P. 45(d)(3)(A). Movants' arguments concerning disruption of

their participation in mediation and the breadth and timing of the requests can and should

properly be considered in connection with any litigation of objections that the parties are unable

to resolve consensually, but are not, on the current record, proper grounds for a request to strike

the Rule 2004 Motions in their entirety.[6]

Nor are Movants' citations of authorities relating to the "pending proceeding

doctrine"[7] availing as support for their request to strike the Rule 2004 Motions in their entirety.

While these authorities stand for the general proposition that Rule 2004 cannot be used to avert

restrictions on discovery in particular pending adversary proceedings or contested matters, or to

---

[6]      The Court notes that Movants did not invoke Rule 45 in support of their generalized
Motion to Strike the Rule 2004 Motions; rather, they cite 11 U.S.C. § 105(a).

[7]      In general, the pending proceeding doctrine provides "that once an adversary proceeding
or contested matter has been commenced, discovery is made pursuant to Federal Rules of
Bankruptcy Procedure 7026 *et seq.*, rather than by a Rule 2004 examination." <u>In re
Washington Mut., Inc.</u>, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (internal quotations and
citations omitted).

gather information for use in litigation outside of the bankruptcy forum, none categorically

precludes the use of Rule 2004 to gain general information regarding the debtor's financial

condition (including information that may assist a creditor in evaluating a pending or anticipated

plan proposal, or in formulating a negotiation or litigation strategy) while particular substantive

litigation to which the Rule 2004 discovery may also be relevant is pending.  See, e.g., In re

Millennium Lab Holdings II, LLC, 562 B.R. 614, 629 (Bankr. Del. 2016) (collecting cases and

explaining that "multiple courts have held that the possible use of information obtained through a

Rule 2004 examination in collateral litigation pending in a different forum is not sufficient

reason to deny an examination if it is not sought for the purpose of circumventing the federal

rules of civil or bankruptcy procedure"); see also In re Recoton Corp., 307 B.R. 751, 756 (Bankr.

S.D.N.Y. 2004) (allowing Committee's Rule 2004 motion even though "there might be some

overlap between [litigation pending in another forum] and issues raised in the bankruptcy

proceedings").

Movants' authorities are also insufficient to establish that the mere pendency of a

plan proposal constitutes initiation of a contested matter precluding the use of Rule 2004.  The

filing of an objection to a motion seeking confirmation of a plan initiates a contested matter.  See

10 Collier on Bankruptcy ¶ 9014.01-02 (16th 2019).[8]  Accordingly, Rule 2004 discovery is the

appropriate mechanism for use by creditors to obtain information concerning the financial health

---

[8]     PFZ Properties, Inc. did file an *Objection to "Title III Joint Plan of Adjustment of  the
        Commonwealth of Puerto Rico, et al."* (Docket Entry No. 9223).  Because no motion has
        been filed seeking confirmation of the Commonwealth's Proposed Plan of Adjustment,
        however, PFZ Properties, Inc.'s objection did not initiate a contested matter.  See In re
        Wilbanks, No. 12-02785-8-JRL, 2012 WL 6681721, at *2 (Bankr. E.D.N.C. Dec. 21,
        2012) (denying motion to quash and allowing Rule 2004 discovery because creditor's
        objection to confirmation was made prior to any motion seeking confirmation of the
        debtors' proposed plan and, thus, did not give rise to a contested matter).

of the debtor at this stage of the Title III proceedings.  See In re Bibhu LLC, 2019 WL 171550,

at *2 (Bankr. S.D.N.Y. Jan. 10, 2019) ("The purpose of a Rule 2004 examination is to discover

the nature and extent of the bankruptcy estate in order to distribute the debtor's assets for the

benefit of its creditors.") (internal quotations and citations omitted).

Accordingly, the Motion to Strike Ambac's Rule 2004 Motions is denied.

Furthermore, because the Rule 2004 Motions do not violate the Stay Order, Movants' request for

the imposition of sanctions is also denied.

Next Steps

The Court recognizes that discovery should not proceed in this complex set of

matters without coordination and reasonable boundaries to limit the burden on the

Commonwealth and to promote the sort of efficiencies the Stay Order was intended to create.

Ambac's Rule 2004 Motions are sweepingly broad and impose an objectively

unreasonable burden on the Commonwealth.  Moreover, Ambac is one of many creditors entitled

to basic information concerning the financial condition of this Debtor.  Any plan for compliance

should provide opportunities for Movants to identify, organize, and disclose a core body of

information in a manner that will not be unduly expensive or disruptive of operations and that

will facilitate efficient responses to future similar requests.

The deadline for the Commonwealth's response to the Rule 2004 Motions is

currently 21 days from the date of this Memorandum Order.  (See Docket Entry No. 9147.)  The

following provisions supersede that deadline.

The parties are hereby directed to meet and confer in good faith by February 3,

2020, to identify parameters for disclosure that are substantially narrower than the requests set

forth in the Rule 2004 Motions and that are designed to provide Ambac with core information

sufficient to obtain a basic understanding of major aspects of the Commonwealth's financial

condition that will be relevant to a plan of adjustment.  These parameters may, but need not

necessarily, include provisions for sampling or more detailed disclosures to facilitate testing of

the Commonwealth's position as to representative particulars of its financial condition.  The

parties shall file, by February 12, 2020, a joint status report, directed to Magistrate Judge Dein,

setting forth their agreed parameters and a timetable for compliance, as well as a proposed

mechanism for the resolution of any aspects of the Rule 2004 Motions that remain disputed. [9]

This Order supersedes the scheduling order provided in Docket Entry No. 9147

with respect to Movants' response to the Rule 2004 Motions.

### CONCLUSION

The Motion to Strike is denied in its entirety.  The parties are directed to meet,

confer, and file a joint status report as provided in the "Next Steps" section of this Memorandum

Order.  The Rule 2004 Motions remain referred to Magistrate Judge Dein for general pretrial

management.

This Order resolves Docket Entry No. 9131.


SO ORDERED.

Dated: January 23, 2020


 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[9]     At this point, the Court takes no position as to whether Requests 30.a and 31.a in the
       Cash Rule 2004 Motion should be stayed due to overlap with the stayed Rum Tax 2004
       Motion.  The Court expects the parties to address this issue at their meet and confer, and
       to notify the Court through the joint status report if agreement cannot be reached.