# **EXHIBIT E**

**Caribbean Business**

**Latin Media House**

Rexco Industrial Park
Santa Marina 1 Suites 2B-2C
Guaynabo, PR 00968

# AFFIDAVIT OF PUBLICATION

In the city of San Juan, Puerto Rico, on January 20, 2020, Miguel A. Ferrer representing Latin Media House, LLC., hereby certify that in our newspaper of Caribbean Business for the edition dated January 16 of the present year, were published:

**NOTICE OF (I) OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 307.**

Signed: _____
Miguel A. Ferrer – Chairman



# Alianza Turística Included in Cruise Pier Negotiations

### Contract With Global Ports Holdings Would be 1st U.S. Jurisdiction Where Company Would Operate

**BY YANIRA HERNÁNDEZ CABIYA** | y.hernandez@cb.pr

La Alianza Turística, a group that brings together several representatives of the cruise and tourism industry in Puerto Rico, has already begun to participate as a government adviser in negotiations with the company that will ultimately be responsible for building, repairing and operating San Juan's cruise piers, but it agreed to not disclose the progress made until it is in a position to make an official announcement.

The organization's first meeting with government representatives, to learn the details about the negotiation with Global Ports Holdings and thus start the discussion of the final part of the agreement, took place at the Labor Department on Jan. 9.

In December, Alianza Turística met with Gov. Wanda Vázquez Garced and agreed to include the organization as an advisory committee to aid the government in negotiating an agreement that addresses the industries' main concerns.

"We have met with various groups individually and have pressed on that effort in the past few weeks," the director of the Public-Private Partnerships Authority (P3A), Fermín Fontanés, said at the end of December. "The aim is for [the Alianza to] see that there are negotiations going on regarding what affects them; [they] are not necessarily going to sit and negotiate with the other party; it is an advisory committee."

The government has been negotiating since October with the preferred proponent to grant it, through a P3, the construction and operation of the piers that are operated today by the Ports Authority for use of the cruiseships that visit the island.

According to a study conducted by the U.S. Maritime Administration (Marad), cruise docks at San Juan Bay need an investment in infrastructure of about $250 million.

In the first stage, the company must rebuild the structure of piers 11 and 12, which have been closed for a decade because of their deterioration and build a new dock that can be used for cruiseships that do not have a preferential contract.

In addition, the structure of the Pan American Pier, used by Royal Caribbean International, must be repaired since the essential elements of the structure are in an advanced state of deterioration.

The intervention of Alianza Turística could prevent Royal Caribbean from reducing its stops to Puerto Rico by 2021, as anticipated, following negotiations with Global Ports.

However, Daphne Barbeito, a cruise-sector activist and spokesperson for the organization, said that although Fontanés has met with some sector members to hear their concerns, experience tells them that at the moment of truth their suggestions are not considered.

"We have been told the concerns were being addressed, but the lack of credibility created by this administration—and this is such a serious issue, with such an important impact for [Puerto Rico]—we want to ensure in the end what turns out is beneficial for all," Barbeito said. At the same time, she stressed that if at the end of the process, they understand that the agreement reached does not meet expectations, they will let it be known to the public.

Global Ports presented an unsolicited proposal to the government in 2017 to repair, design, build, finance, maintain and operate the San Juan docks for a period of 30 years.

If the contract is signed with Global Ports, the island would be the first U.S. jurisdiction in which the company would have operations.

Global Ports bills itself as the world's largest cruiseport operator, with operations in 19 ports in 11 countries (in the Adriatic and Mediterranean Seas; Singapore; Barcelona and Malaga, Spain; and Lisbon). In the Caribbean, the company operates the port of Havana; Nassau, Bahamas; and Antigua.

"That is a process that could take 30 to 60 days," Fontanés said.

---

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

In re:
THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,
as representative of
THE COMMONWEALTH OF PUERTO RICO et al.,
Debtors.¹

PROMESA
Title III
Case No. 17-BK-3283 (LTS)
(Jointly Administered)

**NOTICE OF (I) OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO (A) CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN 2011 COMMONWEALTH GENERAL OBLIGATION BONDS AND (B) CLAIMS FILED OR ASSERTED AGAINST COMMONWEALTH BY HOLDERS OF CERTAIN PUERTO RICO PUBLIC BUILDINGS AUTHORITY BONDS AND (II) BRIEFING SCHEDULE REGARDING MOTIONS TO DISMISS WITH RESPECT TO OBJECTIONS TO (A) CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN 2011 COMMONWEALTH GENERAL OBLIGATION BONDS, (B) CLAIMS FILED OR ASSERTED AGAINST COMMONWEALTH BY HOLDERS OF CERTAIN PUERTO RICO PUBLIC BUILDINGS AUTHORITY BONDS, AND (C) CLAIMS FILED OR ASSERTED BY HOLDERS OF 2012 AND 2014 COMMONWEALTH GENERAL OBLIGATION BONDS**

This notice is for (a) holders of (i) one or more of the 2011 Commonwealth General Obligation Bonds (the "2011 GO Bonds"), (ii) one or more bonds issued by the Puerto Rico Public Buildings Authority (the "PBA Bonds") in 2011 and 2012, and/or (iii) one or more of the Commonwealth General Obligation Bonds issued in 2012 or 2014 (the "2012-2014 GO Bonds") and/or (b) parties that submitted notices of participation with respect to the procedures order [Docket No. 5143] regarding the *Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted By Holders of Certain Commonwealth General Obligation Bonds* [Docket No. 4784] (the "2012-2014 GO Bond Objection").²

**I. Notice of 2011 GO Bond Objection and PBA Bond Objection.** Please note that the Official Committee of Unsecured Creditors (the "Committee" or "Objector") has filed (a) an objection, dated May 21, 2019 [Docket No. 7057] (the "2011 GO Bond Objection"), to claims filed or asserted by holders of certain 2011 GO Bonds and (b) an objection, dated July 18, 2019 [Docket No. 8141] (the "PBA Bond Objection"), to claims filed or asserted by holders of certain PBA Bonds against the Commonwealth on account of a Commonwealth guarantee. The full text of the 2011 GO Bond Objection may be found on the Internet by using the following link: https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=7057. The full text of the PBA Bond Objection may be found on the Internet by using the following link: https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=8141.

The 2011 GO Bond Objection seeks to disallow and invalidate claims on account of the 2011 GO Bonds (the "2011 GO Bond Claims"). The PBA Bond Objection seeks to disallow and invalidate claims filed or asserted against the Commonwealth based on certain Commonwealth-guaranteed PBA Bonds (the "PBA Bond Claims"). Subject to applicable appellate rights, if the Court grants the 2011 GO Bond Objections and/or the PBA Bond Objection in whole or in part, holders of 2011 GO Bond Claims' recovery on account of the 2011 GO Bonds and holders of PBA Bond Claims' recovery on account of the PBA Bonds, as applicable, will be eliminated in whole or in part, and such holders will be forever barred from asserting such claims against the Commonwealth, from voting on any plan of adjustment filed in this Title III Case, and from participating in any distribution in this Title III Case on account of such 2011 GO Bond Claims and PBA Bond Claims, as applicable. Thus, the 2011 GO Bond Objection and the PBA Bond Objection may affect your rights.

La Objeción de Bonos GO de 2011 tiene el propósito de rechazar e invalidar reclamaciones a cuenta de los Bonos GO 2011 (las "Reclamaciones de los Bonos GO de 2011"). La Objeción de Bonos AEP tiene el propósito de rechazar e invalidar reclamaciones presentadas o incoadas contra el Estado Libre Asociado basado en ciertos Bonos AEP garantizados por el ELA (las "Reclamaciones de los Bonos AEP"). Sujeto a los derechos apelativos aplicables, si el Tribunal concede si el Tribunal concede la Objeción de Bonos GO 2011 y/o la Objeción de Bonos AEP total o parcialmente, la recuperación de los titulares de Bonos GO 2011 por cuenta de los Bonos GO 2011 y la recuperación de los titulares de Bonos AEP por cuenta de los Bonos AEP, según aplicable, se eliminará total o parcialmente, y a estos reclamantes les quedará prohibido permanentemente hacer valer dichas reclamaciones contra el ELA, votar en cualquier plan de ajuste presentado en este Caso bajo el Título III, y participar en cualquier distribución en este Caso bajo el Título III por cuenta de dichas Reclamaciones de los Bonos GO de 2011 y Reclamaciones de los Bonos AEP, según aplicable. Por tanto, la Objeción de Bonos GO 2011 y la Objeción de Bonos AEP pueden afectar sus derechos.

Please further note that the Committee and the Financial Oversight and Management Board for Puerto Rico also filed the 2012-2014 GO Bond Objection on January 14, 2019, which objection seeks to disallow and invalidate claims on account of the 2012-2014 GO Bonds. Notice of the 2012-2014 GO Bond Objection was previously served on holders of the 2012-2014 GO Bonds in accordance with the Court's procedures order, dated February 15, 2019 [Docket No. 5143].³

**II. Briefing Schedule Regarding Motions to Dismiss with Respect to 2011 GO Bond Objection, PBA Bond Objection, and 2012-2014 GO Bond Objection.** Please note further, that on December 19, 2019, the District Court entered a case management order (the "Case Management Order") that approves a schedule for briefing on motions to dismiss with respect to the **2011 GO Bond Objection, the PBA Bond Objection, and the 2012-2014 GO Bond Objection (collectively, the "Claim Objections")**.

The briefing schedule governing such motions to dismiss is as follows:

| | |
|---|---|
| Opening Brief(s) for the Identified Parties (as defined in the Case Management Order) | February 5, 2020 |
| Opening Brief(s) for all other bondholders or interested parties | February 19, 2020 |
| Opposition Brief(s) | March 18, 2020 |
| Reply Brief(s) for Identified Parties | April 8, 2020 |
| Reply Brief(s) for all other bondholders or interested parties | April 20, 2020 |
| Hearing | April 30, 2020 |

Please note that the foregoing briefing schedule may change, which change would be reflected in further court orders and notices, as necessary. **If you intend to participate in the motion to dismiss briefing, you must comply with the requirements set forth in the Case Management Order.** A copy of the Case Management Order is enclosed with this Notice.⁴ Additional information regarding the Claim Objections, including any changes to the briefing schedule, will be posted on the Internet under the following link: https://cases.primeclerk.com/puertorico/Home-Index [under the tab "Litigation Notices"].

**III. Further Information**

Requests for Spanish-language versions of this Notice and any questions regarding this Notice should be sent in writing to:

Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn:

Envíe por escrito las solicitudes de las versiones en español de este Aviso y cualquier pregunta relacionada con este Aviso, a la siguiente dirección:

Douglass E. Barron, NoticeofParticipation@paulhastings.com, (212) 318-6690

**IV. CUSIP Numbers of Bonds Subject to Claim Objections.**

The CUSIP numbers of the general obligation bonds subject to the 2011 GO Bond Objection are:

| Issuance | CUSIP | Issuance | CUSIP | Issuance | CUSIP | Issuance | CUSIP |
|---|---|---|---|---|---|---|---|
| 2011 C | 74514LXH5 | 2011 C | 74514LXE2 | 2011 D | 74514LZG5 | 2011 E | 74514LZL4 |
| 2011 C | 74514LXG7 | 2011 C | 74514LXC6 | 2011 D | 74514LZE0 | 2011 E | 74514LZP5 |
| 2011 C | 74514LWZ6 | 2011 C | 74514LXB8 | 2011 D | 74514LZB6 | 2011 E | 74514LZM2 |
| 2011 C | 74514LXF9 | 2011 C | 74514LWX1 | 2011 D | 74514LZD2 | 2011 E | 74514LZN0 |
| 2011 C | 74514LXD4 | 2011 PIB | 74514LYW1 | 2011 D | 74514LZA8 | 2011 E | 74514LZQ3 |
| 2011 C | 74514LWY9 | 2011 D | 74514LZF7 | 2011 D | 74514LZJ9 | 2011 E | 74514LZK6 |
| 2011 C | 74514LXA0 | 2011 D | 74514LZC4 | 2011 D | 74514LZH3 | | |

The CUSIP numbers of the PBA bonds subject to the PBA Bond Objection are:

| Series | CUSIP | Series | CUSIP | Series | CUSIP | Series | CUSIP |
|---|---|---|---|---|---|---|---|
| R | 745235M57 | S | 745235N56 | S | 745235P54 | U | 745235R86 |
| R | 745235M65 | S | 745235N64 | S | 745235P88 | U | 745235S69 |
| R | 745235M73 | S | 745235N72 | S | 745235P62 | U | 745235R94 |
| R | 745235M81 | S | 745235N80 | S | 745235P70 | U | 745235S28 |
| S | 745235M99 | S | 745235N98 | T | 745235Q20 | U | 745235S36 |
| S | 745235N23 | S | 745235P21 | U | 745235S52 | U | 745235S44 |
| S | 745235N31 | S | 745235P39 | U | 745235R60 | U | 745235R37 |
| S | 745235N49 | S | 745235P47 | U | 745235R78 | | |

The CUSIP numbers of the general obligation bonds subject to the 2012-2014 GO Bond Objection are:

| Issuance | CUSIP | Issuance | CUSIP | Issuance | CUSIP | Issuance | CUSIP |
|---|---|---|---|---|---|---|---|
| 2012 A | 74514LB89 | 2012 A | 74514LB97 | 2012 A | 74514LB48 | 2012 A | 74514LB30 |
| 2012 A | 74514LB63 | 2012 A | 74514LD61 | 2012 A | 74514LA72 | 2012 A | 74514LB71 |
| 2012 A | 74514LA49 | 2012 A | 74514LC96 | 2012 A | 74514LC62 | 2012 B | 74514LA23 |
| 2012 A | 74514LA56 | 2012 A | 74514LD79 | 2012 A | 74514LB22 | 2012 B | 74514LZV2 |
| 2012 A | 74514LC88 | 2012 A | 74514LC70 | 2012 A | 74514LC47 | 2012 B | 74514LZW0 |
| 2012 A | 74514LD87 | 2012 A | 74514LD53 | 2012 A | 74514LC54 | 2012 B | 74514LZX8 |
| 2012 A | 74514LA80 | 2012 A | 74514LA31 | 2012 A | 74514LD38 | 2012 B | 74514LZY6 |
| 2012 A | 74514LC39 | 2012 A | 74514LC21 | 2012 A | 74514LA64 | 2012 B | 74514LZZ3 |
| 2012 A | 74514LB55 | 2012 A | 74514LD20 | 2012 A | 74514LA98 | 2014 | 74514LE86 |
| 2012 A | 74514LD46 | | | | | | |

---

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

² The 2012-2014 GO Bond Objection objects to claims filed or asserted by holders of certain Commonwealth General Obligation Bonds issued in 2012 and 2014 (as detailed in the 2012-2014 GO Claim Objection).

³ Among other things, that procedures order required holders of 2012-2014 GO Bonds that wished to participate in the litigation of the 2012-2014 GO Bond Objection to submit a notice of participation by April 16, 2019.

⁴ The Case Management Order also sets forth a briefing schedule for motions to dismiss adversary proceedings seeking a determination of, *inter alia*, the validity of GO and PBA bondholders' asserted liens and, if such liens are valid, to avoid same (Adv. Proc. Nos. 19-291, 19-292, 19-293, 19-294, 19-295, 19-296, and 19-297, collectively the "GO Lien Challenges"). Defendants in the GO Lien Challenges will also receive a copy of the Case Management Order.