UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

| | | |
|---|---|---|
| In re: | : | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : : | PROMESA Title III |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | : | (Jointly Administered) |
| Debtors.¹ | : | |

---

| | | |
|---|---|---|
| In re: | : | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : : | PROMESA Title III |
| as representative of | : | Case No. 17-BK-4780 (LTS) |
| PUERTO RICO ELECTRIC POWER AUTHORITY | : | **This filing relates only to Case No. 17-BK-4780 (LTS)** |
| Debtor. | : | |

---

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' NOTICE OF APPEAL OF MEMORANDUM ORDER TERMINATING OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PROOF OF CLAIM NUMBER 18499 FILED BY U.S. BANK NATIONAL ASSOCIATION, IN ITS CAPACITY AS TRUSTEE FOR NON-RECOURSE PREPA BONDS**

---

1   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Notice is hereby given that appellant the Official Committee of Unsecured Creditors (the "Committee")[2] hereby appeals to the United States Court of Appeals for the First Circuit from the Memorandum Order entered in the United States District Court for the District of Puerto Rico on January 3, 2020 [Docket No. 9695 in Case No. 17-3283 and Docket No. 1855 in Case No. 17-4780] (the "Memorandum Order"), which terminated the objection of the Committee to proof of claim number 18499 filed by U.S. Bank National Association [Docket No. 9060 in Case No. 17-3283 and Docket No. 1691 in Case No. 17-4780]. A copy of the Memorandum Order is attached hereto.

The other parties to this matter and their respective attorneys are as follows:

<u>The Financial Oversight and Management Board for Puerto Rico, and The Financial Oversight and Management Board for Puerto Rico as representative for the Commonwealth of Puerto Rico</u>

| | |
|---|---|
| Hermann D. Bauer | Martin J. Bienenstock |
| O'NEILL & BORGES LLC | Paul V. Possinger |
| 250 Muñoz Rivera Avenue, Suite 800 | Ehud Barak |
| San Juan, PR 00918-1813 | Daniel S. Desatnik |
| Telephone: (787) 764-8181 | PROSKAUER ROSE LLP |
| Facsimile: (787) 753-8944 | Eleven Times Square |
| | New York, NY 10036 |
| | Telephone: (212) 969-3000 |
| | Facsimile: (212) 969-2900 |

---

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

The Puerto Rico Fiscal Agency and Financial Advisory Authority and Puerto Rico Electric Power Authority

Luis C. Marini-Biaggi
MARINI PIETRANTONI MUÑIZ, LLC
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

Katiuska Bolaños
DÍAZ & VÁZQUEZ LAW FIRM, P.S.C.
290 Jesús T. Piñero Ave.
Scotiabank Tower, Suite 11-E
San Juan, PR 00918
PO Box 11689
San Juan, PR 00922-1689
Tel: (787) 458-8276

John J. Rapisardi
Nancy A. Mitchell
O'MELVENEY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Peter Friedman
O'MELVENEY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Elizabeth Lemond McKeen
Ashley M. Pavel
O'MELVENEY & MYERS LLP
610 Newport Center Drive
17th Floor
Newport Beach, California 92660
Telephone: (949) 823-7150
Facsimile: (949) 823-6994

Syncora Guarantee Inc.

Carlos A. Rodríguez-Vidal
Solymar Castillo-Morales
GOLDMAN ANTONETTI & CORDOVA, LLC
P.O. Box 70364
San Juan, PR 00936-8364
Tel.: (787) 759-4117
Fax: (787) 767-9177

My Chi To
Elie J. Worenklein
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel.: (212) 909-6000
Fax: (212) 909-6836

3

Ad Hoc Group of PREPA Bondholders

Manuel Fernández-Bared
Linette Figueroa-Torres
Nayda Perez-Roman
TORO COLÓN MULLET P.S.C.
P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760

Amy Caton
Thomas Moers Mayer
Natan Hamerman
Alice J. Byowitz
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000

Assured Guaranty Corp. and Assured Guaranty Municipal Corp.

Heriberto Burgos Pérez
Ricardo F. Casellas-Sánchez
Diana Pérez-Seda
CASELLAS ALCOVER & BURGOS P.S.C.
P.O. Box 364924
San Juan, PR 00936-4924
Telephone: (787) 756-1400
Facsimile: (787) 756-1401

Howard R. Hawkins, Jr.
Mark C. Ellenberg
William J. Natbony
Ellen Halstead
Thomas J. Curtin
Casey J. Servais
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6000
Facsimile: (212) 406-6666

National Public Finance Guaranty Corporation

Eric Pérez-Ochoa
Luis A. Oliver Fraticelli
ADSUAR MUÑIZ GOYCO SEDA & PÉREZ-OCHOA P.S.C.
208 Ponce de Leon Ave., Suite 1600
San Juan, PR 00936
Telephone: 787.756.9000
Facsimile: 787.756.9010

Jonathan Polkes
Marcia Goldstein
Gregory Silbert
Robert Berezin
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, N.Y. 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

U.S. Bank National Association

| | |
|---|---|
| Eric A. Tulla<br>Iris J. Cabrera-Gómez<br>RIVERA, TULLA AND FERRER, LLC<br>Rivera Tulla & Ferrer Building<br>50 Quisqueya Street<br>San Juan, PR 00917-1212<br>Tel: (787)753-0438<br>Fax: (787)767-5784 | Clark T. Whitmore<br>John Duffey<br>MASLON LLP<br>90 South Seventh Street, Suite 3300<br>Minneapolis, MN 55402<br>Telephone: 612-672-8200<br>Facsimile: 612-672-8397 |

Cortland Capital Market Services LLC

| | |
|---|---|
| Nayuan Zouairabani<br>MCCONNELL VALDÉS LLC<br>270 Muñoz Rivera Avenue, Suite 7<br>Hato Rey, Puerto Rico 00918<br>P.O. Box 364225<br>San Juan, Puerto Rico 00936-4225<br>Telephone: (787) 250-5604<br>Facsimile: (787) 759-9225 | Richard G. Mason<br>Amy R. Wolf<br>John F. Lynch<br>Emil A. Kleinhaus<br>Angela K. Herring<br>WACHTELL, LIPTON, ROSEN & KATZ<br>51 West 52nd Street<br>New York, New York 10019<br>Telephone: (212) 403-1000<br>Facsimile: (212) 403-2000 |

SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC

| | |
|---|---|
| Jose L. Ramirez-Coll<br>ANTONETTI, MONTALVO & RAMIREZ-COLL<br>P.O. Box 13128<br>San Juan, Puerto Rico 00908<br>Telephone: (787) 977-0303<br>Facsimile: (787) 977-0323 | Bryce L. Friedman<br>Nicholas Baker<br>Sarah E. Phillips<br>SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 455-2000<br>Facsimile: (212) 455-2502 |

Unión de Trabajadores de la Industria Eléctrica y Riego, Inc. ("UTIER") and Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica ("SREAEE")

Rolando Emmanuelli Jiménez
Jessica E. Méndez Colberg
BUFETE EMMANUELLI, C.S.P.
P.O. Box 10779
Ponce, Puerto Rico 00732
Tel.: 787-848-0666
Fax: 1-787-841-1435

5

| | |
|---|---|
| Dated: January 27, 2020 | By: */s/ Luc A. Despins* |

**PAUL HASTINGS LLP**
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: */s/ Juan J. Casillas Ayala*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>                   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA),<br><br>                   Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

MEMORANDUM ORDER TERMINATING OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PROOF OF CLAIM NUMBER 18499 FILED BY U.S. BANK NATIONAL ASSOCIATION, IN ITS CAPACITY AS TRUSTEE FOR NON-RECOURSE PREPA BONDS

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

On October 30, 2019, the Official Committee of Unsecured Creditors (the "Committee") filed the *Objection of Official Committee of Unsecured Creditors to Proof of Claim Number 18449 Filed by U.S. Bank National Association, in Its Capacity as Trustee for Non-Recourse PREPA Bonds* (Docket Entry No. 1691 in Case No. 17-4780[2] and Docket Entry No. 9060 in Case No. 17-3283, the "Objection"), seeking entry of an order disallowing the proof of claim filed by U.S. Bank National Association (the "Trustee") to the extent that the claim exceeds the amount credited to certain specified accounts held by the Trustee on July 2, 2017, the date on which the Puerto Rico Electric Power Authority ("PREPA") filed its Title III debt adjustment petition under the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").[3] The Court thereafter ordered the Committee, the Trustee, and other parties to the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* (Docket Entry No. 1235, the "9019 Motion") to "meet and confer concerning an appropriate schedule for litigation of the Objection" (see Docket Entry No. 1712). The Committee, the Trustee, and the parties to the 9019 Motion were unable to reach an agreement on a litigation schedule for the Objection (see Docket Entry No. 1731 at ¶ 3), and the Court thereafter ordered supplemental briefing concerning two issues: (i) "whether the Committee has standing to object to U.S. Bank's proof of claim without leave of Court," and (ii)

---

[2] All docket entry references are to entries in Case No. 17-4780, unless otherwise indicated.

[3] PROMESA is codified at 48 U.S.C. § 2101 et seq. References to "PROMESA" section numbers in the remainder of this memorandum order are to the uncodified of the legislation.

"whether the Court must hear and adjudicate the Objection notwithstanding the pending" 9019 Motion (see Docket Entry No. 1734 at 2).

The Court has considered carefully the parties' supplemental submissions addressing the Committee's standing and the proper sequencing of the Objection and the hearing on the 9019 Motion.[4] In the *Official Committee of Unsecured Creditors' Supplemental Brief Regarding Standing and Timing Issues in Connection with Objection to Proof of Claim Number 18449 Filed by U.S. Bank National Association, in Its Capacity as Trustee for Non-Recourse PREPA Bonds* (Docket Entry No. 1767, the "Committee's Supplemental Brief"), the Committee argues that it has standing to object to the Trustee's proof of claim without leave of Court pursuant to the plain language of Section 502 of the Bankruptcy Code, and that, because the resolution of the 9019 Motion cannot "operate as a vehicle to foreclose the unambiguous statutory rights of other parties-in-interest, the Government Parties do not have a legal basis to settle claim objections filed by the Committee and other creditors." (Committee's Supp. Br. at ¶ 2.) The Government Parties argue that the Committee lacks standing to assert its Objection under the circumstances and that, even if the Committee did have standing, the Court is not required to consider the Objection prior to determination of the 9019 Motion. (See *Supplemental Brief of Government Parties in Connection with Objection of Official Committee of Unsecured*

---

[4] The following entities submitted supplemental briefing on the two issues identified by the Court in its November 13, 2019, Order: the Committee (see Docket Entry Nos. 1767 and 1801); the Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Fiscal Agency and Financial Advisory Authority, and PREPA (collectively the "Government Parties") (see Docket Entry Nos. 1768 and 1800); Cortland Capital Market Services LLC, SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC (collectively the "Fuel Line Lenders") (see Docket Entry Nos. 1782 and 1812); the Responding Bondholder Parties (see Docket Entry Nos. 1783 and 1811); and Unión de Trabajadores de la Industria Eléctrica y Riego, Inc. ("UTIER") and Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica ("SREAEE") (see Docket Entry No. 1784).

*Creditors to Proof of Claim Number 18449 Filed by U.S. Bank N.A., in Its Capacity as Trustee for Non-Recourse PREPA Bonds*, Docket Entry No. 1768 (the "Government Parties' Supplemental Brief").)[5] For the reasons that follow, the Court concludes that the Committee's Objection should be adjudicated, if at all, after resolution of the 9019 Motion. In light of this conclusion, the Court declines at this juncture to address the parties' arguments related to the Committee's statutory standing, or lack thereof, to assert its Objection.

The Committee contends that the Court cannot rule on a settlement motion that purports to resolve a claim objection without first ruling on the claim objection, and therefore must resolve the Committee's Objection before approving the settlement embodied in the 9019 Motion. (See Committee's Supp. Br. at ¶ 12 (citing In re C.P. Hall Co., 513 B.R. 540, 544 (Bankr. N.D. Ill. 2014) and In re CS Mining, LLC, 574 B.R. 259, 282 (Bankr. D. Utah 2017)).) In C.P. Hall, the bankruptcy court held that a "creditor has statutory rights to object to the claims and obtain a ruling on his objection," and that a settlement "cannot be approved [pursuant to Rule 9019] if approval would deprive the creditor of those rights." 513 B.R. at 542. The bankruptcy court in CS Mining relied heavily on the C.P. Hall decision in holding that Section 502 of the Bankruptcy Code requires the court, after notice and a hearing, to "determine the amount" of a claim objection, and that a party's right to be heard on a claim objection should not be abridged or modified by a settlement. 574 B.R. at 281-82. The Government Parties assert, in

---

[5] The Fuel Line Lenders "largely agree" with the positions taken by the Committee, arguing separately that the Government Parties cannot release the Fuel Line Lenders' lien and claim objections and that they are entitled to pursue those objections without leave of court. (See Docket Entry No. 1782.) UTIER and SREAEE also join the Committee's positions and assert that, in ruling on the Committee's Objection, the Court should not "impair or affect" any of the claims asserted by SREAEE in its adversary proceeding. (See Docket Entry No. 1784.) For the avoidance of doubt, nothing in this Order is intended to prejudice the Fuel Line Lenders' lien and claim objections or the claims asserted by SREAEE in Adversary Proceeding No. 19-405.

contrast, that Rule 9019 permits the trustee[6] to reach and seek approval of settlements and to settle claim objections filed by other parties, and that those objecting parties cannot insist on litigating their claim objections prior to settlement approval. (Gov't Parties' Supp. Br. at ¶¶ 8-11.) The Government Parties rely on a line of cases that have allowed a trustee or debtor-in-possession to settle claim objections asserted by a creditor. See In re Heritage Org., L.L.C., 375 B.R. 230, 285 (Bankr. N.D. Tex. 2007); In re Kaiser Aluminum Corp., 339 B.R. 91, 95 (D. Del. 2006); and In re DVR, LLC, 582 B.R. 507, 521 (Bankr. D. Colo. 2018).

Section 502(a) of the Bankruptcy Code provides, in relevant part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C.A. § 502(a) (West 2016). Section 502(b) of the Bankruptcy Code further provides that, "if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim." Id. § 502(b). The plain language of Section 502 does not compel the Court to schedule a hearing on the merits of a claim objection at any particular time and, as the Government Parties have asserted, numerous courts have held that any rights conferred by Section 502(b) may be satisfied by hearing a settlement motion under Rule 9019. (See Gov't Parties' Supp. Br. at ¶ 9 n.17 (collecting cases).) The reasoning in In re Heritage Org., L.L.C. is instructive: "While any party in interest has a statutory right to object to a claim, the Trustee, as the representative of the estate, has the ability to compromise that objection, as long as the objectant is given notice and an opportunity to be heard with respect to the fairness and wisdom of the compromise." 375 B.R. at 285.

---

[6] PROMESA expressly provides that the "term 'trustee', when used in a section of Title 11 made applicable in a case under this subchapter by subsection (a), means the Oversight Board, except as provided in section 926 of Title 11." 48 U.S.C.A. § 2161(c)(7) (West 2017).

A requirement that the Court resolve claim objections prior to approving a settlement would "undermine the important policy of promoting settlements in bankruptcy proceedings by requiring the parties to litigate the very issues that the settlement seeks to resolve." In re Kaiser Aluminum Corp., 339 B.R. at 94. As the United States Bankruptcy Court for the Southern District of New York has held:

> If the rule were otherwise, then bankruptcy cases routinely would be stalemated. Trustees would never be able to settle claims without unanimous support for the settlement, because any dissatisfied party in interest could derail a compromise just by filing its own objection to a claim and demanding control over the disposition of its own objection. The effect would be to turn over control of certain parts of the estate (namely the resolution of claims) to parties other than the trustee, which is exactly the opposite of what the Bankruptcy Code envisions.

In re Futterman, Case No. 17-12899 (MEW), 2019 WL 2553614, at *4 (Bankr. S.D.N.Y. June 20, 2019). Additionally, Section 305 of PROMESA allows a Title III debtor to pay or otherwise resolve claims without court interference, and PROMESA provides substantial deference to the strategy and tactics of the Oversight Board. The Court therefore concludes that resolution of the Committee's Objection prior to resolution of the 9019 Motion is not required.

Accordingly, the Court hereby terminates the Objection without prejudice to renewal after resolution of the 9019 Motion. This Order resolves Docket Entry No. 1691 in Case No. 17-4780 and Docket Entry No. 9060 in Case No. 17-3283.

SO ORDERED.

Dated: January 3, 2020

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge