UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |

**DRA PARTIES' JOINDER AND RESERVATION OF RIGHTS IN SUPPORT OF THE OBJECTION OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, AMBAC ASSURANCE CORPORATION, AND FINANCIAL GUARANTY INSURANCE COMPANY TO (I) RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO INTERIM REPORT AND RECOMMENDATION OF THE MEDIATION TEAM (ECF NO. 9493), AS INCORPORATED IN (II) INTERIM CASE MANAGEMENT ORDER FOR REVENUE BONDS (ECF NO. 9620)**

**COME NOW** AmeriNational Community Services, LLC (hereafter the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018 and the approved Qualifying Modification for the Government Development Bank for Puerto Rico[2] under Title

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] *See* Dkt. No. 270 of Civil Case No. 18-01561 (LTS).

1

VI of the *Puerto Rico Oversight, Management and Economic Stability Act* (the "Collateral Monitor" and with the Servicer, the "DRA Parties"), by and through the undersigned legal counsel, and respectfully submit this joinder and reservation of rights in support of the *Objection of Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, Ambac Assurance Corporation, and Financial Guaranty Insurance Company to (I) Response of the Financial Oversight and Management Board for Puerto Rico to Interim Report and Recommendation of the Mediation Team (ECF No. 9493), as Incorporated in (II) Interim Case Management Order for Revenue Bonds (ECF No. 9620)* (the "Objection") [Dkt. No. 10251].

## JOINDER

1. On November 27, 2019, the Mediation Team filed the *Interim Report and Recommendation of the Mediation Team* [Dkt. No. 9365], which addressed the scheduling and sequencing of, among other things, "the rights, as against the Commonwealth, of holders of 'revenue bonds' and other debt issued by certain Puerto Rico instrumentalities." Interim Report at 5. The Interim Report included a *Proposed Interim Case Management Order for Revenue Bonds* (the "Revenue Bond Scheduling Order"), which contemplated briefing schedules for certain lift stay motions (the "Monolines' Lift Stay Motions"), including the *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation for Adequate Protection or, in the Alternative, for Relief from the Automatic Stay* [Dkt. No. 8536 as amended by Dkt. No. 10102] (the "Monolines' HTA Lift Stay Motion") and four new adversary proceedings objecting to claims of some of the largest holders of the relevant revenue bonds (the "Revenue Bond Adversary Proceedings"). *See id.* at Ex. 2.

2. On December 6, 2019, the FOMB filed the *Response of the Financial Oversight and Management Board for Puerto Rico to Interim Report and Recommendation of the Mediation Team* [Dkt. No. 9493] (the "FOMB Response"). In the FOMB Response, the FOMB noted the potential for "substantial[] overlap" between the Monolines' Lift Stay Motions and the Revenue Bond Adversary

Proceedings. FOMB Response ¶ 10. The FOMB requested that the Court schedule a preliminary hearing on the Monolines' Lift Stay Motions "limited to determining whether, based on the lien challenges and other material factors, there is a reasonable likelihood the debtors would prevail and there are compelling circumstances warranting the adjournment of the final hearings regarding [the Monolines' Lift Stay Motions] until such time as the Court rules on any Rule 12(b) and Rule 12(c) motions filed with respect to the [Revenue Bond Adversary Proceedings]." *Id.*

3.  On December 19, 2019, the Court entered an order approving the Revenue Bond Scheduling Order [Dkt. No. 9620], which adopted the preliminary hearing construct for the Monolines' Lift Stay Motions advocated by the FOMB in the FOMB Response. *See* Revenue Bond Scheduling Order ¶ 1(d).

4.  As this Court is aware, the DRA Parties have filed their own lift-stay motion (the "DRA Parties' Lift Stay Motion") [Dkt. No. 7643] which is not governed by the Revenue Bond Scheduling Order but contemplates the overlap of significant substantive issues that may be argued and adjudicated in the context of the Monolines' HTA Lift Stay Motion and/or the Revenue Bond Adversary Proceedings. The DRA Parties have previously identified this overlap to the Court and expressed concern that they could be prejudiced if the Monolines' HTA Lift Stay Motion proceeds prior to the DRA Parties' Lift Stay Motion. *See DRA Parties' Response and Reservation of Rights with Respect to the Interim Report and Recommendation of the Mediation Team* ¶ 2 [Dkt. No. 9503].

5.  On January 21, 2020, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, Ambac Assurance Corporation, and Financial Guaranty Insurance Company (the "Monolines") filed the Objection, in which they argue, among other things, that (i) the Court should hold a final hearing on the Monolines' Lift Stay Motions and should stay the Revenue Bond Adversary Proceedings pending resolution of the Monolines' Lift Stay Motions and (ii) the Court should permit reasonable discovery in connection with the Monolines' Lift Stay Motions. *See generally* Objection ¶¶ 32–41, 48–54.

4161-3883-9585

6. The DRA Parties file this Joinder to express their support for the Monolines' requests for a final hearing on the Monolines' Lift Stay Motions and for reasonable discovery in connection therewith. The DRA Parties agree that the Court should consider the issues involving the various HTA creditors that are in dispute expeditiously and in one forum.[3] The DRA Parties also reiterate their concerns about potential prejudice stemming from two separate lift stay motions covering overlapping issues, and the need for the DRA Parties to be included in any litigation on the Monolines' HTA Lift Stay Motion and Revenue Bond Adversary Proceedings with respect to issues overlapping with those raised in the DRA Parties' Lift Stay Motion.[4]

7. The DRA Parties continue to appreciate the hard work of the Mediation Team in these Title III cases. The DRA Parties look forward to continuing to work with the Mediation Team and the other relevant parties-in-interest to address their concerns in the mediation process.

## RESERVATION OF RIGHTS

8. The DRA Parties reserve all rights and remedies with respect to the Interim Report and Revenue Bond Scheduling Order, including but not limited to, the right to file additional submissions or objections with the Court before and/or after the filing of the Mediation Team's Amended Report (as defined in the Interim Report).

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today January 27, 2020.

---

[3] The DRA Parties reserve all rights to address the Monolines' argument that the FOMB's proposed interpretation of Section 305 of PROMESA would violate their due process rights in the Revenue Bond Adversary Proceedings, *see generally* Objection ¶¶ 42–47, in connection with the Mediation Team's Amended Report (as defined in the Interim Report).

[4] To that end, the DRA Parties are working with other parties to consensually agree to the DRA Parties' participation in the Monolines' HTA Lift Stay Motion. The DRA Parties reserve their right to otherwise intervene in these proceedings, including the Revenue Bond Adversary Proceedings, as applicable and/or necessary.

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5632
Facsimile: 787-759-9225

By: /s/*Arturo J. García-Solá*
Arturo J. García-Solá
USDC No. 201903
Email: ajg@mcvpr.com

By: /s/*Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com

*Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority*

**C. CONDE & ASSOC. LAW OFFICES**

By: /s/ *Carmen D. Conde Torres*

Carmen D. Conde Torres
(USDC No. 207312)
254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel. 787-729-2900
Fax. 787-729-2203
E-Mail: condecarmen@condelaw.com

-and-

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: /s/ *Douglas S. Mintz*
Douglas S. Mintz (admitted pro hac vice)
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
E-mail: dmintz@orrick.com

and

Peter Amend (admitted pro hac vice)
Monica Perrigino (admitted pro hac vice)
51 West 52nd Street
New York, N.Y. 10019
Telephone: (212) 506-5000
E-mail: pamend@orrick.com
mperrigino@orrick.com

*Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority*

5

4161-3883-9585