**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM BECAUSE THEIR RECORDS SHOW THAT YOUR CLAIM IS DEFICIENT.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|
| Cordero Rosa, Carlos J. | 46988 | 6/5/2018 | Commonwealth of Puerto Rico | $0.00 |
| Reason: | | Proof of claim purports to assert liabilities associated with the Commonwealth of Puerto Rico, but fails to provide any basis or supporting documentation for asserting a claim against the Commonwealth of Puerto Rico, such that the Debtors are unable to determine whether claimant has a valid claim against the Commonwealth of Puerto Rico or any of the other Title III debtors | | |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO, PUESTO QUE LOS DATOS INDICAN QUE SU RECLAMO ES DEFICIENTE.**

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|---|---|---|---|---|
| Cordero Rosa, Carlos J. | 46988 | 6/5/2018 | Commonwealth of Puerto Rico | $0.00 |
| Base para: | | La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra el Estado Libre Asociado de Puerto Rico, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III. | | |

Copies of the Omnibus Objection and all other filings in the Title III Cases are available free online at https://cases.primeclerk.com/puertorico.  **If you have questions, please contact Prime Clerk LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m.  (Atlantic Standard Time) (Spanish available).**

Copias de la Objeción global, y todos los escritos radicados en el marco de las causas conforme al Título III, están disponibles, de manera gratuita, en https://cases.primeclerk.com/puertorico.  **Si tiene alguna pregunta, comuníquese con Prime Clerk LLC llamando al (844) 822-9231 (número gratuito para Estados Unidos y Puerto Rico) o (646) 486-7944 (para llamadas desde el extranjero), disponible entre las 10:00 a.m. y las 07:00 p.m. (AST) (hablamos español).**



ESTADO LIBRE ASOCIADO DE PUERTO RICO
**Departamento de Recursos Naturales y Ambientales**
Oficina de Recursos Humanos

## División de Transacciones, Informes y Archivo

## SOLICITUD DE SERVICIOS

NOMBRE: *CARlos J. Cordero Rosa*

OFICINA O ÁREA PROGRAMÁTICA: *Cuerpo de Vigilante*

TELÉFONOS: *787-636-3449* FAX: _____

FECHA DE LA SOLICITUD: *24-Octubre-2014* SEGURO SOCIAL: XXX-XX- *3600*

☐ CAMBIO DE DIRECCIÓN POSTAL:

☐ OTROS SERVICIOS: (especifique)

*- Solicito número de planteamiento referente referente a la solicitud*
*del trienio para Agosto de 2012 hAciA O.G.P.*
*- Número de empleado*

Firma del solicitante _____

---

### PARA USO OFICIAL DE LA DIVISIÓN DE TRANSACCIONES, INFORMES Y ARCHIVO

Fecha de nombramiento: _____

Clasificación: _____

Salario: _____

☐ Regular  ☐ Transitorio  ☐ Irregular  ☐ Confianza

**COMENTARIOS:** _____

_____

_____

Recibido por: _____ Fecha: _____

10 de julio de 2013

Hon. Carmen E. Guerrero Pérez
Secretaria Dpto. de Recursos Naturales y Ambientales
P. O. Box 366147
San Juan, Puerto Rico 00936

Re:   **Solicitud de ajuste salario y otros**
      **Personal de Dpto. de Recursos Naturales y Ambientales**

Honorable Secretaria:

Reciba un cordial saludo.

Me suscribo como representante legal de la Asociación de Seguridad, Policías y Ramas Anexas, Inc. (ASPRA), asociación que representa al Personal No Sindicado y Gerencial Regular del Departamento de Recursos Naturales y Ambientales en las siguientes reclamaciones de índole salarial:

**I. Ajuste de salario:** conforme a  Comunicado Número 2012-03 emitido el 11 de enero de 2012 por DRNA, titulado Procedimiento para la Concesión del Aumento de Sueldo por Tres (3) años de Servicios Satisfactorios Ininterrumpidos (Trienio), dirigido al Personal No Sindical y Gerencial Regular del Departamento para establecer las directrices para un aumento de sueldo por años de servicios de conformidad con el Memorando Especial Núm. 39-2011 emitido por OCALARH.  En el mismo se estableció un procedimiento para establecer la fecha de efectividad del aumento, a saber:

        a. Computar el tiempo transcurrido en días calendarios, hasta el 8 de marzo de 2009, conforme en la Carta Normativa Núm. 1-2008
        b. Reanudar el cómputo en días calendario, desde el 9 de marzo de 2011 hasta contabilizar el término de tres años.

**II. Aplicación de la Escala Salarial a personal gerencial:** Para el 1ro de septiembre de 1996 se aprobó para el Departamento de Recursos Naturales y Ambientales la escala salarial que le aplicaría a los empleados de carrera en el Departamento.  No obstante dicha escala salarial, la misma no ha sido aplicada

a los empleados conforme fue establecida y los aumentos salariales han sido otorgados a través de convenios sindicales que no aplican a los empleados gerenciales, creando así una desigualdad en la paga por rango y años de servicios.   Tanto es así, que muchos de los empleados (vigilantes) que son supervisados tienen mejor paga en comparación con la escala salarial y con los reclamantes que poseen rangos de supervisión dentro del Departamento.

### III. Reclamación ½ hora de ajuste de salario: ¿?

En comunicación 2011-64 del 15 de agosto de 2011 se le notificó al personal gerencial que se había determinado concederle a los oficiales del Cuerpo de Vigilantes un aumento de sueldo permanente y recurrente de $100.00 mensuales por prestar servicio en una jornada laboral de ocho (8) horas consecutivas, esto de naturaleza prospectiva a partir del 1ro de julio de 2011, excluyendo así el pago retroactivo de dicho ajuste.   A pesar de dicho comunicado, los oficiales gerenciales no han recibido el ajuste en salario conforme a lo notificado, además, exigen que dicho ajuste sea de carácter retroactivo.

### IV. Pago tiempo doble por trabajo horas extras:???

Es por tal motivo que le solicito evalúe el expediente de personal de cada uno de los reclamantes y autorice el ajuste retroactivamente el salario conforme en derecho.   De no recibir respuesta de su parte dentro de los 60 días de recibida la presente misiva, estaremos iniciando nuestra reclamación en la Comisión Apelativa del Servicio Público, conforme establece el reglamento procesal de la Comisión.

Sin nada más y esperando su pronta respuesta, quedo.

Cordialmente,

Lcdo. Luis E. Meléndez Muñoz



ESTADO LIBRE ASOCIADO DE PUERTO RICO
**Departamento de Recursos Naturales y Ambientales**
Oficina de Recursos Humanos

## División de Transacciones, Informes y Archivo

## SOLICITUD DE SERVICIOS

NOMBRE: _CARlos J. CoRdeRo RosA_

OFICINA O ÁREA PROGRAMÁTICA: _Cuerpo de Vigilantes_

TELÉFONOS: _787-636-3449_  FAX: _____

FECHA DE LA SOLICITUD: _25- Sept- 2014_  SEGURO SOCIAL: ___XXX-XX-___

(sello lateral) 2014 SEP 25 PM 60:33  OFICINA RECURSOS HUMANOS  RECIBIDO DRNA

☐ CAMBIO DE DIRECCIÓN POSTAL:

_No_

☒ OTROS SERVICIOS: (especifique)

1- EscAlA de Retribución con los tipos inteRmedios pARA sARgentos
2- Hoja de funciones y DebeRes pARA sARgentos y Vigilanter
3- Especificaciones de clase y escAlA sAlARiAler pARA sARgentos y Vigilanter
4- ConVocaToriA A sARgentos pARA el AñO 2011

Firma del solicitante _____

### PARA USO OFICIAL DE LA DIVISIÓN DE TRANSACCIONES, INFORMES Y ARCHIVO

Fecha de nombramiento: _____
Clasificación: _____
Salario: _____

(sello lateral) 2015 JAN 20 AM 11:04  RECURSOS HUMANOS  RECIBIDO DRNA

☐ Regular  ☐ Transitorio  ☐ Irregular  ☐ Confianza

**COMENTARIOS:** _____

Recibido por: _____  Fecha: _____

**Sgto. Carlos J. Cordero Rosa**
**Sargento**
**Destacamento Isla de Mona**
**HC-6 Box 12404 San Sebastián**
**Puerto Rico 00685**
**787-636-3449**

24 de agosto de 2015                    *A la mano*

*Recibida por:*
*Carly Ortiz*
*15 | sept | 2015*

*Recibido por*

*14 / marzo / 2016*

Honorable Carmen Guerrero Pérez
Secretaria
Departamento de Recursos Naturales y Ambientales

Hon. Guerrero Pérez:

Me dirijo a usted, para presentarle una situación que me perjudica adversamente, tanto en el plano laboral como personal y esperando que pueda atender y resolver mi planteamiento.

El 19 de agosto de 1999 tome juramentación como vigilante de esta agencia, y para septiembre del año 2004 fui ascendido al rango de sargento, aceptando esa nueva encomienda y responsabilidad en la región de Mayagüez. Fui trasladado en semanas posteriores a la Reserva Natural de Isla de Mona, como único supervisor permanente hasta el presente. Desde hace 11 años, he cumplido a cabalidad con todos mis deberes y responsabilidades y los mismos van más allá de los trabajos regulares de un supervisor, como situaciones especiales en; **manejo de ilegales, tráfico de droga y rescate**. Durante este periodo he tenido un record intachable. Esto es evidenciado en mis evaluaciones.

En estos pasados 11 años he estado supervisando vigilantes de mi academia y de la academia anterior a la mía de lo cual existe una diferencia en sus sueldos de $200 a $400 por encima de mi salario. Además hay sargentos que ascendieron en e año 1 (2011) de mi academia y academias pasadas que devengan un salario de $500 a $700 mayor al mío, esto 7 años más tarde al de mi ascenso. Esto ha creado una gran diferencia en el sueldo que yo recibo en comparación con los compañeros vigilantes que superviso y con compañeros sargentos que ascendieron 7 años más tarde. Quiero indicar que nuestra constitución en el Articulo II Sección 16 Derechos de los empleados establece que:

> *"Se reconoce el derecho de todo trabajador a escoger libremente su ocupación y a renunciar a ella, a recibir igual paga por igual trabajo, a un salario mínimo razonable, a protección contra riesgos para su salud o integridad personal en su trabajo o empleo, y a una jornada ordinaria que no exceda de ocho horas de trabajo. Sólo podrá trabajarse en exceso de este límite diario, mediante compensación extraordinaria que nunca será menor de una vez y media el tipo de salario ordinario, según se disponga por ley."*

Entiendo, no es justo que siga devengando un salario mucho más bajo que mis supervisados y que mis compañeros sargentos, asumiendo así más responsabilidad y compromiso para el departamento y con la política pública de la administración presente.

Le solicito muy respetuosamente como Secretaria y autoridad nominadora de esta agencia que considere el solicitar y justificar a la Oficina de Gerencia y Presupuesto el que se evalué mi retribución y se me compense adecuadamente. No solicito ni exijo se me pague más que a los demás, si no una paga justa y razonable en comparación con los sargentos que ascendieron en el año 2011, y en comparación de mis supervisados.

Espero pueda evaluar y considerar mi petición, gracias anticipadas.

Muy respetuosamente,

Sgto. Carlos J. Cordero Rosa
Sargento
Destacamento Isla de Mona



GOBIERNO DE PUERTO RICO

**Departamento de Recursos Naturales y Ambientales**

7 de septiembre de 2011

**COMUNICACIÓN NÚMERO 2011-76**

Secretario Auxiliar de Administración
Directora de Recursos Humanos
Comisionado del Cuerpo de Vigilantes
Vigilantes de Recursos Naturales y Ambientales

Daniel J. Galán Kercadó
Secretario

**ACLARACIÓN REFERENTE A AUMENTO DE SUELDO POR JORNADA LABORAL DE OCHO HORAS DIARIAS CONSECUTIVAS, CONCEDIDO AL PERSONAL DEL CUERPO DE VIGILANTES INCLUIDO EN LA UNIDAD APROPIADA B**

Mediante una asignación especial de fondos, la Oficina de Gerencia y Presupuesto (OGP), proveyó recursos fiscales adicionales para cumplir con el último aumento de sueldo correspondiente a lo estipulado y resuelto por la Comisión de Relaciones del Trabajo del Servicio Público, actualmente Comisión Apelativa del Servicio Público, en el Caso Núm. CA-03-061: D-05-031. Se determinó en el referido caso, conceder al personal incluido en la Unidad Apropiada B, tres (3) aumentos de sueldo, permanentes y recurrentes, de $100.00 mensuales. Estos debían ser concedidos al 1 de noviembre de 2007, al 1 de agosto de 2008[1] y al 1 de agosto de 2009. La razón para conceder estos aumentos de sueldo es por prestar servicios en una jornada laboral de ocho (8) horas diarias consecutivas.

**El aumento de sueldo de $100.00 mensuales, que notificamos en esta comunicación se comenzó a pagar efectivo al 1 de julio de 2011.** Queda pendiente de pago la cuantía correspondiente al periodo entre el 1 de agosto de 2009 y el 30 de junio de 2011. Dicho pago retroactivo se efectuará oportunamente conforme a la asignación de fondos y autorización que la OGP emita a tales fines.

---

[1] El aumento correspondiente al 1 de agosto de 2008, se pagó ese mismo año y no hay deuda pendiente de pago por el mismo.



PUERTO RICO
VERDE

PO Box 366147, San Juan, PR 00936
Tel. 787.999.2200 • Fax. 787.999.2303

Comunicación Número 2011-76
Página 2
7 de septiembre de 2011

En nuestra comunicación número 2010-121, del 9 de diciembre de 2010, les habíamos notificado sobre la concesión del aumento de sueldo correspondiente al 1 de noviembre de 2007. En la misma, indicamos que el aumento ahí anunciado sería pagado a partir del mes de noviembre de 2010 y que a ese momento, se estaba emitiendo un pago retroactivo por $800.00 para cubrir el periodo del 1 de noviembre de 2007 al 30 de junio de 2008. Por tanto, quedó pendiente de pago el período desde el 1 de julio de 2008 al 31 de octubre de 2010. También indicamos que el pago de dicho período estaba sujeto a que la OGP, hiciera la asignación de fondos para cubrir el mismo.

La Secretaría Auxiliar de Administración y la Oficina de Recursos Humanos serán responsables de tomar aquellas medidas administrativas y realizar todos los trámites necesarios, de forma tal, que los empleados beneficiados por este aumento de sueldo comiencen a disfrutar el mismo en el menor tiempo posible.

Agradecemos a los Vigilantes de Recursos Naturales y Ambientales su dedicación al servicio y esperamos que esta acción sea un estímulo para que continúen sirviendo con mayor esmero al Pueblo de Puerto Rico.

Esta comunicación se emite para aclarar y ampliar lo indicado en nuestra Comunicación Número 2011-65 del 15 de agosto de 2011, la cual trata sobre el mismo asunto aquí abordado.

LJPR/DBC/ljpr/lit

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
REGION JUDICIAL DE SAN JUAN

CASO NUM. KLRA200800189

SOBRE: REVISION ADMINISTRATIVA CIVIL

D DE RECURSOS NATURALES Y AMBIENTALES

v.

SERVIDORES PUBLICOS UNIDOS DE PR (AFSCME

LIC. GENOVEVA VALENTIN SOTO

PO BOX 13695
SAN JUAN PR 00908-3695



N O T I F I C A C I O N   D E   S E N T E N C I A

EL SECRETARIO QUE SUSCRIBE NOTIFICA A USTED QUE ESTE TRIBUNAL
HA DICTADO SENTENCIA EN EL CASO DE EPIGRAFE CON FECHA DE
17 DE JUNIO DE 2008 , QUE HA SIDO DEBIDAMENTE REGISTRADA Y
ARCHIVADA EN LOS AUTOS DE ESTE CASO, DONDE PODRA USTED ENTERARSE
DETALLADAMENTE DE LOS TERMINOS DE LA MISMA.

Y SIENDO O REPRESENTANDO USTED LA PARTE PERJUDICADA POR LA
SENTENCIA, DE LA CUAL PUEDE ESTABLECERSE RECURSO DE APELACION,
DIRIJO A USTED ESTA NOTIFICACION, HABIENDO ARCHIVADO EN LOS AUTOS
DE ESTE CASO COPIA DE ELLA CON FECHA 25 DE JUNIO DE 2008 .

LIC. PEDRO J SALICRUP - SUITE 112 MSC 393
100 GRAND BULEVARD PASEOS SAN JUAN PR 00926
LIC. NILDA AYALA MALDONADO - COMISION RELACIONES DEL TRABAJO
PO BOX 13934 SAN JUAN PR 00908-3934
HONORABLE PROCURADOR GENERAL -
PO BOX 9020192 SAN JUAN PR 00902-0192

SAN JUAN, PUERTO RICO, A 25 DE JUNIO DE 2008 .

MARIA ELENA PEREZ ORTIZ
_____
SECRETARIO

POR: LISANDRA CORREA RAMOS
_____
SECRETARIA AUX I

CONT. CASO NUM. KLRA200800189

Sentencia ½ hr

Estado Libre Asociado de Puerto Rico
EN EL TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE SAN JUAN
PANEL V

| DEPARTAMENTO DE RE-CURSOS NATURALES Y AMBIENTALES<br><br>Querellado-Recurrente<br><br>v.<br><br>SERVIDORES PÚBLICOS UNIDOS DE PUERTO RICO/ AFSCME<br><br>Querellantes-Recurridos | KLRA080189 | REVISIÓN ADMINISTRATIVA PROCEDENTE DE LA COMISIÓN DE RELACIONES DEL TRABAJO DEL SERVICIO PÚBLICO<br><br>Caso Núm.<br>CA-03-061<br>D-05-031 |

Panel integrado por su presidente, el Juez Arbona Lago, el Juez Salas Soler y la Jueza Cotto Vives.

Cotto Vives, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a  17 de junio de 2008.

El Departamento de Recursos Naturales y Ambientales nos solicita que revoquemos una resolución emitida por la Comisión de Relaciones del Trabajo del Servicio Público, el 30 de enero de 2008, la cual no aceptó el acuerdo transaccional al que llegaron las partes.  Además, confirmó una multa de $5,000 diarios que el referido organismo le había impuesto al D.R.N.A. en una resolución anterior.

Inconforme, el recurrente aduce que la Comisión incidió al negarse a aceptar la estipulación pactada por éstos.  Además, señala que el foro *a quo* se equivocó al imponerle una multa de $5,000 diarios, la cual debió dejarse sin efecto en virtud de los términos de la estipulación rechazada.



KLRA080189                                                          2

De conformidad con los fundamentos que pasamos a presentar, se revoca la resolución recurrida en cuanto a la no aceptación de la estipulación presentada por las partes.  En lo que respecta a la multa de $5,000 diarios, modificamos el dictamen recurrido a los efectos de reducirla a una sola multa no recurrente, de $5,000.

I

La controversia de autos se originó en el año 2003, cuando Servidores Públicos Unidos de Puerto Rico (AFSCME) presentó una queja ante el Comité de Conciliación del D.R.N.A. al amparo del Paso II establecido en el convenio colectivo suscrito entre esa organización y la agencia recurrente.  La AFSCME alegó que el D.R.N.A. adeudaba un pago de $100 mensuales adicionales en los sueldos de ciertos empleados de la Unidad Apropiada B del cuerpo de Vigilantes de dicho Departamento.[1]

El 29 de enero de 2003 el Comité de Conciliación emitió una resolución en virtud de la cual AFSCME le entregaría al D.R.N.A. un listado de los empleados a los cuales se les adeudaban salarios por el aludido concepto.  El D.R.N.A., a su vez, se comprometió a indicar, antes del 20 de marzo de ese mismo año, cuánto le debía a cada empleado y cuándo se les iba a pagar, haciendo el ajuste correspondiente en el sueldo de cada uno.

El D.R.N.A. incumplió con lo pactado, por lo cual el 24 de julio de 2003 AFSCME presentó ante la Comisión de Relaciones del Trabajo del Servicio Público un cargo de práctica ilícita al amparo del Art. 9 de la Ley

---

[1] Según el expediente, la unión recurrida reclamaba para los empleados mencionados el pago de media hora extra de la jornada regular de trabajo.

KLRA080189                                                              3

de Relaciones del Trabajo para el Servicio Público de Puerto Rico, Ley 45 de 25 de febrero de 1998, según enmendada, 3 L.P.R.A. sec. 1452c. La agencia recurrente contestó la reclamación y adujo que los funcionarios que suscribieron el acuerdo con la unión ante el Comité de Conciliación no tenían autoridad para acceder a los términos allí pactados.

Luego de celebrarse la vista administrativa, la Oficial Examinadora del caso emitió un informe en el cual recomendó encontrar al D.R.N.A. en incumplimiento con lo pactado en el acuerdo suscrito ante el Comité de Conciliación el 29 de enero de 2003. El 1 de noviembre de 2005 la Comisión de Relaciones del Trabajo emitió una resolución y orden en la cual acogió el referido informe. Concluyó que AFSCME había cumplido con su parte del acuerdo, al entregar el listado de empleados del cuerpo de vigilantes que tenían derecho al pago de los $100. Sin embargo, determinó que el D.R.N.A. no había ofrecido la información que se había comprometido a entregarle a la unión.

En virtud de lo anterior, la Comisión resolvió que la conducta de la agencia recurrida constituía una negativa a negociar de buena fe. Por ello, le ordenó cumplir específicamente con lo pactado ante el Comité de Conciliación, a saber: (1) someter un desglose de cuánto se le debía a cada uno de los empleados afectados miembros del cuerpo de vigilantes y, (2) informar cuándo se realizaría el ajuste correspondiente en el sueldo de los referidos empleados. En vista de la tardanza del D.R.N.A. en el cumplimiento del acuerdo, la Comisión le impuso a la agencia el pago de una multa de $1,000 y le requirió, entre otras cosas, publicar un Aviso de Práctica Ilícita en los tablones de edictos de todas sus facilidades.

KLRA080189

4

El 21 de noviembre de 2005 el D.R.N.A. solicitó la reconsideración del dictamen emitido por la Comisión. Adujo que mediante el acuerdo llegado con el Comité de Conciliación la recurrente no se había obligado a pagarles a los empleados del cuerpo de vigilantes las cantidades que éstos reclamaron en su queja. Por el contrario, señaló, que sólo se comprometió a seguir negociando con la AFSCME para determinar a cuáles de esos empleados se les debían las mencionadas partidas. La Comisión acogió esta petición, pero no fue, sino, hasta casi dos años después, en mayo de 2007, que emitió una orden dirigida al D.R.N.A. para que mostrara causa por la cual no debía multársele por incumplimiento con el acuerdo llegado ante el Comité de Conciliación.

El 6 de julio de 2007 se celebró una vista administrativa en la que el D.R.N.A. tuvo la oportunidad de exponer razones para justificar el anterior incumplimiento. Sin embargo, se limitó a alegar se estaban "haciendo las gestiones pertinentes" en la agencia para preparar la información que debía entregársele a la unión y para pagar la multa de $1,000 que la Comisión había impuesto. *El D.R.N.A. también informó que en el presupuesto de la recurrente no había dinero asignado para cumplir con el aumento de $100 reclamado por AFSCME.*

El 29 de agosto de 2007 la Comisión emitió una resolución en la cual se reafirmó en todas las determinaciones hechas en la resolución y orden del 1 de noviembre de 2005. No obstante, esta vez le impuso al recurrente el pago de una multa de $5,000 *diarios* hasta tanto no cumpliera con lo pactado ante el Comité de Conciliación. Nuevamente el D.R.N.A. incumplió con esta directriz, por lo cual la Comisión presentó,

KLRA080189

el 16 de noviembre de 2007, una petición ante el Tribunal de Primera Instancia (caso KPE-07-4995) para hacer cumplir su dictamen.

El 27 de noviembre de ese mismo año AFSCME y el D.R.N.A. presentaron una moción conjunta solicitando el desistimiento de la acción judicial incoada el 16 de noviembre de 2007. Ello en razón de que las partes habían logrado una estipulación en el caso. En virtud de ésta, el D.R.N.A. se comprometía a honrar el aumento salarial de $100 mensuales a aquellos empleados activos de la agencia que mantuviesen su estatus de empleados regulares al momento de suscribirse la estipulación. La unión, por su parte, desistiría de su queja, excepto que alguna de las partes incumpliera con lo acordado.

El 7 de diciembre de 2007 las partes presentaron otra moción conjunta, en la cual informaron que el D.R.N.A. se encontraba tramitando la emisión de un cheque de $1,000 para pagar la multa que le impuso la Comisión el 1 de noviembre de 2005. Además, solicitaron que se señalara una vista para que la agencia recurrida explicara las razones por las cuales no podía cumplir aún con los pagos de los aumentos salariales acordados con la unión. Los días 10, 13 y 26 de diciembre de 2007 el D.R.N.A. presentó varias mociones informativas, en una de las cuales acreditó el pago de la multa de $1,000 y, en otra, el cumplimiento parcial con la orden de publicación de los Avisos de Práctica Ilícita.

El 25 de enero de 2008 AFSCME compareció ante el Tribunal de Primera Instancia en el caso KPE-07-4995 para informar del acuerdo alcanzado entre el D.R.N.A. y la unión. Cinco días más tarde, el 30 de enero, la Comisión de Relaciones del Trabajo emitió la resolución recurrida,

KLRA080189

6

la cual —como dijimos— declaró sin lugar la moción conjunta presentada el 27 de noviembre de 2007, así como también se negó a avalar la estipulación que le fue sometida. Además, tomó conocimiento del pago de la multa de $1,000, pero confirmó la imposición de la multa de $5,000 diarios impuesta el 29 de agosto de 2007.

## II

Es norma trillada que, como regla general, un juez aceptará los convenios y las estipulaciones que las partes le sometan para así finalizar un litigio o un incidente dentro del mismo. *Rodríguez Rosado v. Zayas Martínez*, 133 D.P.R. 406 (1993). Ello tiene el propósito de facilitar y propiciar la solución rápida, justa y económica de las controversias.

De otra parte, como sabemos, los procedimientos de naturaleza laboral están revestidos del más alto interés público. De hecho, es por esta razón que existe una vigorosa política pública a favor del arbitraje obrero-patronal, que es un procedimiento menos técnico, más flexible, menos oneroso y, por tanto, más apropiado para la resolución de las controversias que emanan de la relación laboral. *Martínez Rodríguez v. A.E.E.*, 133 D.P.R. 986 (1993).

De lo anterior podemos inferir que es altamente deseable que los patronos y sus empleados le pongan fin a las controversias laborales mediante acuerdos y estipulaciones, de modo que la resolución de los conflictos entre ellos se logre de forma más rápida y económica. Por esta razón, el Reglamento de la Comisión de Relaciones del Trabajo del Servicio Público, Núm. 6385 de 28 de diciembre de 2001, le permite a las partes en una controversia someter ante la consideración de la Comisión, en

KLRA080189

7

cualquier momento, una propuesta de transacción o de disposición final del caso. *Ello, siempre y cuando la naturaleza del procedimiento lo permita y el interés público esté garantizado.* Inciso A, Sec. 411, del Reglamento 6385, *supra.*

El citado reglamento también dispone que el acuerdo de transacción sometido por las partes deberá disponer de todos los asuntos en controversia. Igualmente, establece que si —luego de la aprobación del acuerdo— alguna de las partes le notifica a la Comisión que una de las otras partes no cumplió con los términos de la transacción, *la Comisión podrá reabrir y reanudar el procesamiento del caso.* Incisos B y C de la Sec. 411 del Reglamento 6385, *supra.*

El caso de autos se originó en el 2003, a raíz de un reclamo de la AFSCME para que el D.R.N.A. cumpliera el compromiso de aumentarles $100 mensuales al salario de los miembros de la Unidad Apropiada B del cuerpo de vigilantes. Luego de más de cuatro años de litigio ante la Comisión de Relaciones del Trabajo, las partes sometieron ante la consideración del referido organismo una estipulación en la cual, entre otras cosas, acordaron:

1. Desistir con perjuicio del caso, excepto que una de las partes incumpliera con lo pactado.

2. Solicitarle a la Comisión relevar al D.R.N.A. del pago de las multas impuestas.

3. Implementar aumentos salariales de $100 mensuales a todos los vigilantes miembros de la Unidad Apropiada B, efectivos al 1 de noviembre de 2007. Los aumentos correspondientes a los años 2008 y 2009 se concederían el 1 de agosto de los correspondientes años fiscales.

KLRA080189

8

4. Los aumentos saldrían del fondo general de demandas contra el Estado y de no poder conseguirse esos fondos entonces serían incluidos en la petición presupuestaria del D.R.N.A. a la Oficina de Gerencia y Presupuesto para que la Asamblea Legislativa, a su vez, apruebe la partida.

5. *El D.R.N.A. hará gestiones afirmativas correspondientes a identificar los fondos para cumplir con la anterior obligación.*

De lo antes consignado no se desprende razón alguna por la cual debamos concluir que la estipulación acordada entre AFSCME y el D.R.N.A. vaya en contra de la naturaleza del procedimiento. Al igual que lo dispone el inciso C de la Sec. 411 del Reglamento 6385, *supra*, en dichos acuerdos se establece que las partes *se reservan el derecho de reanudar el caso si la otra parte incumple con sus obligaciones al amparo de la transacción.* Del mismo modo, el interés público queda salvaguardado en la medida en que las referidas estipulaciones propician la pronta solución de esta controversia, que ha venido ventilándose en los foros administrativos por más de cuatro años.

Es preciso señalar que el aumento prometido por el D.R.N.A. durante las negociaciones con la unión ante el Comité de Conciliación nunca estuvo respaldado por la correspondiente partida en el presupuesto de la agencia. Hasta que dicha partida no le fuese asignada como parte del presupuesto de la agencia, ésta estaba imposibilitada de poner en vigor los aumentos salariales prometidos. Por tanto, no puede concluirse que el D.R.N.A. incumplió con el acuerdo original al no implementar inmediatamente el aumento de sueldo.

Ahora bien, como ya dijimos, esta controversia se originó hace más de cuatro años, cuando la AFSCME se vio en la obligación de acudir

KLRA080189

9

a la Comisión de Relaciones del Trabajo, en un intento por lograr que el D.R.N.A. cumpliera el compromiso de aumentar en $100 el sueldo de los vigilantes. *Del expediente no surge que la agencia recurrente haya realizado gestión alguna ante la Asamblea Legislativa para conseguir que se le asignara una partida en el presupuesto para cumplir con los aumentos. Es más, durante la vista celebrada el 6 de julio de 2007, el D.R.N.A. aceptó haber incumplido con la orden de la Comisión de Relaciones del Trabajo del 1 de noviembre de 2005 y adujo desconocer qué gestión, si alguna, había realizado la agencia para cumplir con el dictamen aludido.* Véase, pág. 41 del Apéndice del recurso.

De los documentos que obran en autos se desprende que no fue, sino, hasta que la Comisión de Relaciones del Trabajo solicitó la intervención del Tribunal de Primera Instancia en el caso —con el propósito de hacer cumplir su orden del 1 de noviembre de 2005— que se observa interés por parte del D.R.N.A. en llegar a un acuerdo con la AFSCME. Esta actitud contumaz por parte de la recurrente —de contraer compromisos con las organizaciones laborales que agrupan a sus empleados sin hacer un mínimo de esfuerzo por cumplir con sus obligaciones— constituye conducta lesiva al interés apremiante del Estado de resolver de forma expedita las controversias de carácter laboral. El que un patrono realice ofertas fatuas en la mesa de negociación sabiendo de antemano que no podrá cumplir con los acuerdos tomados constituye una mala práctica obrero-patronal. Esto desestabiliza el taller de trabajo y, a su vez, atenta contra la paz industrial y la buena marcha de cualquier plantilla de trabajo.

KLRA080189

10

En razón de lo esbozado, consideramos que la dejadez observada por la agencia para cumplir o gestionar allegarse los recursos económicos necesarios que le permitieran cumplir con el aumento salarial, amerita ser sancionada.[2] Sin embargo, —al tomar en consideración la precariedad económica por la que atravesaba dicho departamento, lo que, en cierta medida, incidió con el incumplimiento de referencia— la multa impuesta de $5,000 diarios nos parece irrazonable. Es por ello, que reducimos la multa que la Comisión le impuso al D.R.N.A. por el incumplimiento con la orden del 1 de noviembre de 2005, a **una única penalidad de $5,000.** No debemos perder de vista que la recurrente es una agencia gubernamental de recursos económicos limitados y el mantener en vigor la multa diaria, lejos de ayudar a resolver la presente controversia, mermaría considerablemente el presupuesto de la agencia, haciendo más difícil aún que ésta cumpla debidamente con los compromisos contraidos, entre ellos, con los acuerdos laborales suscritos con AFSCME. Finalmente, la Comisión de Relaciones del Trabajo expuso en su resolución que no podía avalar la estipulación sometida por las partes porque en ésta se exponía que los únicos beneficiados de los acuerdos allí consignados serían los empleados que estuviesen activos en su estatus de empleados regulares a la fecha del acuerdo. Por tanto, aún después de acoger los términos de la referida estipulación, quedarían por determinar los derechos de los empleados que ya no trabajan en la Unidad Apropiada,

---

[2] Adviértase que el D.R.N.A. pudo, entre otras cosas, solicitar una asignación presupuestaria para los fines enunciados o, en su defecto, realizar una transferencia —entre las partidas presupuestarias— para atender esta situación.

KLRA080189

11

pero que a la fecha de la reclamación sí trabajaban allí. Siendo así, se hace necesaria la celebración de una vista ante la referida Comisión, a la mayor brevedad, para determinar los derechos que le asisten a ese grupo de empleados conforme a los términos del acuerdo llegado entre las partes, así como las responsabilidades de la Unión para con éstos.

En conclusión, somos del criterio que la Comisión de Relaciones del Trabajo debió aceptar la estipulación que le fue presentada por el D.R.N.A. y AFSCME de modo que la presente controversia pudiese resolverse. Ello conforme a la política pública del Estado de promover la solución rápida y económica de las reclamaciones laborales. Al no hacerlo se equivocó

III

Por los fundamentos expuestos anteriormente, revocamos la resolución recurrida y se aprueba la estipulación sometida por las partes en este caso. Además, se modifica la multa de $5,000 diarios impuesta al D.R.N.A., a los fines de reducirla a una sola penalidad de $5,000. Asimismo, se ordena la celebración de una vista ante la Comisión de Relaciones Laborales para dilucidar los derechos de los ex-empleados de la agencia recurrente.

Lo ordenó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

SRA. MILDRED IVONNE RODRIGUEZ RIVERA
Sub Secretaria del Tribunal de Apelaciones
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones