Estado Libre Asociado de Puerto Rico

**TRIBUNAL DE APELACIONES**

REGIÓN JUDICIAL DE ARECIBO Y AGUADILLA

PANEL X

RECEIVED & FILED
2020 JAN 28 PM 5: 29
CLERK'S OFFICE
U.S.DISTRICT COURT
SAN JUAN P.R.

| | | |
|---|---|---|
| IVELISSE PÉREZ TALAVERA | | *Certiorari* Procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla |
| DEMANDANTE-RECURRIDO | KLCE201701083 | |
| v. | | Caso Núm.: A PE20160-0040 |
| DEPARTAMENTO DE EDUCACIÓN, ET. AL. | | |
| DEMANDADOS PETICIONARIOS | | Sobre: DESPIDO |

Panel integrado por su presidenta, la Juez Gómez Córdova, la Juez Brignoni Mártir, y el Juez Adames Soto.

Gómez Córdova, Juez Ponente

### RESOLUCIÓN DE ARCHIVO ADMINISTRATIVO

En San Juan, Puerto Rico, a 30 de noviembre de 2017.

El 16 de septiembre de 2016 la Sra. Ivelisse Pérez Talavera, (en adelante, recurrida), presentó ante el Tribunal de Primera Instancia, Sala de Aguadilla, (foro primario o Instancia), *Querella* sobre Despido ilegal, Discrimen por Sexo, Embarazo, Madre Obrera y Represalias contra el Departamento de Educación del Estado Libre Asociado, el Secretario de Educación Hon. Rafael Román Meléndez en su capacidad oficial y el Secretario de Justicia, Hon. César Miranda en representación y como abogado del Estado, (en adelante, peticionarios). En su querella, la recurrida expuso que fue discriminada por razón de su embarazo y por represalias tras acudir al Fondo del Seguro del Estado y solicitar acomodo razonable. Por ello, arguye que sufrió daños y pérdida de ingresos, por lo cual solicitó indemnización.

Luego de varios trámites procesales, el Departamento de Educación presentó ante el foro primario *Moción Solicitando Desestimación* el 23 de marzo de 2017. A dicha solicitud, se opuso la recurrida mediante *Oposición a Moción en Solicitud de Desestimación* presentada el 17 de abril de 2017. Teniendo ante sí ambas posturas, Instancia emitió *Resolución* el 12 de



mayo de 2017, notificada el 15 del mismo mes y año, en la que declaró No Ha Lugar la moción de desestimación que tenía ante su consideración.

No conformes con la determinación, acudieron ante nosotros mediante *Petición de Certiorari* los peticionarios el 14 de junio del año corriente y señalan que el foro primario cometió el siguiente error:

> Erró el Tribunal de Primera Instancia, Sala de Aguadilla, al negarse a desestimar la demanda incoada por la Sra. Ivelisse Pérez Talavera y eximirla de tener que cursarle al Secretario de Justicia la notificación que requiere el artículo 2A de la Ley de Pleitos Contra el Estado.

El mismo día de presentado el auto de *certiorari*, los peticionarios presentaron ante este Tribunal de Apelaciones *Aviso de Paralización de los Procedimientos por Virtud de la Presentación por el Gobierno de Puerto Rico de la Petición Bajo el Título III de Promesa.* En dicha comparecencia, tal y como adelanta su título, los peticionarios nos solicitan que tomemos "conocimiento de la presentación hecha por la Junta de Supervisión y Administración Financiera para Puerto Rico ante la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico en virtud de las secciones 362 y 922 del Código de Quiebras" y en consecuencia, paralicemos todos los procedimientos pendientes en el caso de epígrafe.

Según se explica a continuación, concluimos que el recurso de referencia está paralizado por operación de lo dispuesto en la ley federal del 30 de junio de 2016, conocida como PROMESA, *Puerto Rico Oversight, Management and Economic Stability Act*, 48 USC sec. 2101 *et seq.*

De conformidad con las disposiciones de PROMESA, la Junta de Control Fiscal radicó una petición de quiebra a nombre del Gobierno de Puerto Rico. A esta fecha, dicha petición está pendiente ante la Corte de Distrito Federal de los Estados Unidos.

La referida petición de quiebra fue presentada bajo el Título III de la Ley PROMESA, la cual dispone en su Sección 301(a) la aplicación, entre otras, de las Secciones 362 y 922 del Título 11 del Código Federal de los Estados Unidos, conocido como Código de Quiebra de los Estados Unidos, que la presentación de la petición de quiebra tiene el efecto inmediato y



KLCE201701083

3

directo de paralizar toda acción civil que cualquier persona natural o jurídica haya iniciado, intente continuar o de la cual solicite el pago de Sentencia (*debt – related litigation*) contra el Gobierno de Puerto Rico, mientras los procedimientos de quiebra se encuentran pendientes ante el Tribunal. 11 U.S.C. Secs. 362(a), 922(a); 48 U.S.C. Sec. 2161(a).

La paralización automática aplica a las siguientes acciones:

"1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under the title, 11 USC 362."

En vista de que el presente caso está dentro de aquellos cobijados por la protección del Título III de PROMESA, la acción debe ser paralizada.

Cónsono con lo antes expresado, **se ordena el archivo administrativo** del presente caso hasta que otra cosa disponga la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico.

Expresamente reservamos jurisdicción para decretar su reapertura, a solicitud de parte interesada, en caso de que dicha orden de paralización sea dejada sin efecto en cualquier otro momento con posterioridad a la





fecha de la presente Sentencia y la parte interesada acuda ante este foro y solicite la continuación de los procedimientos.

En caso de que la reclamación o reclamaciones de autos queden totalmente adjudicadas en el proceso ante el foro de Quiebras, este dictamen se considerará definitivo, independientemente que el Tribunal de Quiebras o parte interesada lo notifique a este tribunal.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones



**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**CENTRO JUDICIAL DE AGUADILLA**
**SALA SUPERIOR**

| | |
|---|---|
| IVELISSE PÉREZ TALAVERA<br>**QUERELLANTE**<br><br>**VS.**<br><br>DEPARTAMENTO DE EDUCACIÓN DEL ESTADO LIBRE ASOCIADO, SECRETARIO DE EDUCACIÓN HONORABLE RAFAEL ROMÁN MELÉNDEZ EN SU CAPACIDAD OFICIAL Y PERSONAL; SECRETARIO DE JUSTICIA HONORABLE CESAR MIRANDA EN REPRESENTACIÓN Y COMO ABOGADO DEL ESTADO<br>**QUERELLADO** | **CIVIL NÚM:**  A PE2016-0040<br><br>**SALÓN:**  604<br><br>**SOBRE:** DESPIDO ILEGAL, DISCRIMEN POR SEXO, EMBARAZO, MADRE OBRERA Y REPRESALIAS, PROCESO SUMARIO LEY #2, (32 L.P.R.A. 3118 ET SEQ) |

**SENTENCIA**

La demanda de epígrafe se presentó, el 16 de septiembre de 2016. En ésta el demandante del epígrafe reclama una indemnización por los daños y perjuicios alegadamente causados por el Estado Libre Asociado de Puerto Rico (ELA), Departamento de Educación y otros. Así las cosas, el 23 de marzo de 2017, la parte demandada presentó un escrito titulado "Moción Solicitando Desestimación".

El 3 de mayo de 2017 el Gobierno de Puerto Rico, de conformidad con lo establecido en la Ley conocida como "Puerto Rico Oversight Management, and Economic Stability Act" (PROMESA), 48 USC Sec 2101, *et. seq.*, la Junta de Supervisión y Administración Financiera para Puerto Rico, presentó una petición de quiebra. La referida petición de quiebra fue presentada a nombre del Gobierno de Puerto Rico ante la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico.

La Ley PROMESA, estableció un esquema legal para que un territorio cubierto pueda lograr responsabilidad fiscal y acceso a los mercados de capital, mediante la creación de una Junta de Control Fiscal, PL114-187 Título I, Sección 101. La sección 4 provee una cláusula de supremacía que establece que los términos de PROMESA regirán sobre cualquier ley territorial, Estatal o sobre cualquier reglamento inconsistente con ella.

Identificador Núm:  *SEN2018000 59750*

Esta Ley fue establecida al amparo del artículo IV sección 3 de la Constitución de los Estados Unidos que le da poderes al Congreso de los Estados Unidos para establecer todas aquellas leyes necesarias para el gobierno de los territorios.

Como parte del esquema establecido para cumplir el propósito de PROMESA se incluyó lo que se conoce como el Título III titulado: Adjustments of Debts". Este artículo comienza estableciendo las secciones del Título 11 del United States Code aplicables bajo PROMESA. Como se sabe, el Título 11 del United States Code es el que contiene todo el marco legal relativo a procedimientos de quiebra.

Una acción bajo este título comienza con la presentación por la Junta de Control Fiscal de una petición a esos efectos ante la Corte de Distrito Federal, PL 114-187 Sec. 301(a). Este tribunal toma conocimiento judicial de que dicha presentación ocurrió, el 3 de mayo de 2017, en cuanto a las obligaciones generales del Estado Libre Asociado de Puerto Rico (ELA).

La Ley PROMESA claramente establece que a estos procedimientos le aplica la sección 362 del Título 11 del United States Code conocida como "Automatic Stay" o paralización automática, PL 114-187 Sec.301.

Esta sección claramente establece que un proceso comenzado al amparo de la ley tiene el efecto de paralizar automáticamente las siguientes acciones contra el deudor:

> "1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
>
> (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable

period ending before the date of the order for relief under this title, 11 USC 362.

En el presente caso resulta claro que la causa de acción radicada por la parte demandante cae dentro de las definidas en 11 USC 362. En vista que no existe controversia de que el ELA se acogió a la protección del Título III de PROMESA, PL 114-187, los procedimientos en la presente acción tienen que ser paralizados, por lo que el 30 de noviembre de 2017 el Tribunal de Apelación emitió una *Resolución de Archivo Administrativo* de conformidad con el Título III de PROMESA, paralizando así la causa de acción en el presente caso hasta que otra cosa disponga la Corte de Distrito de Estados Unidos para el Distrito de Puerto Rico.

En atención a lo anterior se dicta Sentencia y se decreta la paralización de los procedimientos en el presente caso y se ordena su archivo administrativo en la Secretaría del tribunal, sin perjuicio.[1]

Expresamente reservamos jurisdicción para decretar su reapertura, a solicitud de parte interesada, en caso de que dicha orden de paralización sea dejada sin efecto en cualquier momento con posterioridad a la fecha de la presente Sentencia y la parte interesada acuda ante este foro y solicite la continuación de los procedimientos.

En caso de que la reclamación o reclamaciones de autos queden totalmente adjudicadas en el proceso ante el foro de Quiebras y por ello extinto lo que aquí se predica, se considerará definitivo este dictamen, independientemente que el Tribunal de Quiebras o parte interesada lo notifique a este tribunal.

**REGÍSTRESE Y NOTIFÍQUESE.**

En Quebradillas, Puerto Rico, a 31 de julio de 2018.

**ABID ERIEL QUIÑONES PORTALATÍN**
**JUEZ SUPERIOR**

---

[1] Véase, Circular Núm. 2, de 3 de septiembre de 2003, Año Fiscal 2003-2004, Oficina de la Directora Administrativa de los Tribunales.





CERTIFICACION

CERTIFICO que la presente es copia
fiel y exacta del original que obra en autos y expido
la misma en _____

_____ Mselesse Perez
El presente pago de derechos    ☐ save con tituar
libre de derechos.

Sandri Reyes
Secretario

27/1/2020  Por

1019 - 01713741