UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |

AMENDED INTERIM CASE MANAGEMENT ORDER FOR REVENUE BONDS

On July 24, 2019, the Court issued an *Order Regarding Stay Period and Mandatory Mediation* (Docket Entry No. 8244 in Case No. 17-3283), which was thereafter extended by further court orders (Docket Entry Nos. 9016 and 9661 in Case No. 17-3283) (collectively, the "Stay Order"), that stayed the adversary proceedings and contested matters identified in Appendix I of the Stay Order. Further, the Stay Order directed the parties in these Title III proceedings to enter into a period of mandatory mediation overseen by Chief Bankruptcy Judge Barbara J. Houser (the "Mediation Team Leader"). The Stay Order required

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as the Commonwealth's and HTA's sole representative pursuant to Section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), along with the movants or plaintiffs in each of the adversary proceedings and contested matters identified in Appendix I of the Stay Order, and certain defendants, respondents, and parties in interest that had appeared in such proceedings, to participate in discussions and communications facilitated by the Mediation Team Leader. Among other things, the Mediation Team Leader commenced those discussions to facilitate the filing of substantially agreed scheduling orders with respect to certain adversary proceedings and contested matters relating to revenue bonds issued by Commonwealth instrumentalities.

The schedule set forth in this Amended Interim Case Management Order for Revenue Bonds governs: (i) *Ambac Assurance Corporation's Motion and Memorandum of Law in Support of Its Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (Docket Entry No. 7176 in Case No. 17-3283, as amended pursuant to the Court's decision on the record at the January 29, 2020, Omnibus Hearing granting the amendment motion filed at Docket Entry No. 10109 in Case No. 17-3283, the "PRIFA Lift Stay Motion"); (ii) the *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay or, in the Alternative, Adequate Protection* (Docket Entry No. 10102 in Case No. 17-3283, the "HTA Lift Stay Motion"); (iii) *Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty*

*Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon's Motion Concerning Application of the Automatic Stay to the Revenues Securing the CCDA Bonds* (Docket Entry No. 10104 in Case No. 17-3283, the "CCDA Lift Stay Motion", and together with the PRIFA Lift Stay Motion and the HTA Lift Stay Motion, the "Lift Stay Motions"); (iv) the adversary complaints that the Oversight Board filed on January 16, 2020, objecting to proofs of claim against the Commonwealth and/or HTA in respect to HTA, PRIFA, and CCDA proofs of claim (Docket Entry Nos. 1 in Adversary Proceeding Nos. 20-003, 20-004, 20-005, and 20-007, the "Revenue Bond Complaints"), filed by certain revenue bond creditors and monoline insurers (the "Claimants")[2]; and (v) the adversary proceedings seeking determinations regarding, *inter alia*, the HTA bondholders' asserted liens (Adv. Proc. Nos. 19-362, 19-363, 19-364, and 19-365, collectively, the "HTA Adversary Proceedings"). Nothing in this order shall preclude motions that seek relief addressing alleged continuing conflicts of interest of the Oversight Board and the Government of Puerto Rico acting for both the Commonwealth and HTA, including, without limitation, any resolution of HTA's clawback claims against the Commonwealth, voting or objecting to any plan of adjustment addressing such claims and bringing or defending any avoidance or other claims under PROMESA affecting HTA. This document is being filed in all relevant Title III proceedings, relating to the respective adversary proceedings pending in each such proceeding.

Upon the *Interim Report and Recommendation of the Mediation Team* filed by the Mediation Team Leader, dated November 27, 2019 (the "Interim Report"), conferences and submissions in relation thereto and the discussion on the record at the January 29, 2020, Omnibus Hearing, and the Court having found and determined that: (i) the Court has jurisdiction

---

[2] A list of the Claimants is attached as Appendix A hereto.

to consider amendments to the Interim Case Management Order for Revenue Bonds dated December 19, 2019 (see Docket Entry No. 9620 in Case No. 17-3283), and the relief requested therein under Section 306(a) of PROMESA; (ii) venue is proper before this Court pursuant to Section 307(a) of PROMESA; (iii) the relief requested is in the best interests of the Debtors, their creditors, and other parties in interest; (iv) the Debtors and Objectors provided adequate and appropriate notice under the circumstances and no other or further notice is required; and (v) after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1. **Lift Stay and Related Motions**

    a. **PRIFA Lift Stay Motion**

- Briefing on the PRIFA Lift Stay Motion shall be as follows (unless the Court orders otherwise after the parties confer in accordance with subdivision 1.d below):

    o Any supplemental opposition on the issues of standing and secured status shall be filed by February 3, 2020 at 5:00 p.m. (Atlantic Standard Time).

    o Any supplemental reply on the foregoing issues shall be filed by February 18, 2020 at 5:00 p.m. (Atlantic Standard Time).

    b. **HTA Lift Stay Motion**

- Briefing on the HTA Lift Stay Motion, as amended or as originally filed, shall be as follows (unless the Court orders otherwise after the parties confer in accordance with subdivision 1.d below):

    o Opposition to the HTA Lift Stay Motion, limited to the issues of standing and secured status: February 3, 2020 at 5:00 p.m. (Atlantic Standard Time).

    o Replies in support of the HTA Lift Stay Motion, limited to the issues of standing and secured status: February 18, 2020 at 5:00 p.m. (Atlantic Standard Time).

    c. **CCDA Lift Stay Motion**

- Briefing on the CCDA Lift Stay Motion shall be as follows (unless the Court orders

otherwise after the parties confer in accordance with subdivision 1.d below):

- Opposition to the CCDA Lift Stay Motion, limited to the issues of standing and secured status: February 3, 2020 at 5:00 p.m. (Atlantic Standard Time).

- Replies in support of the CCDA Lift Stay Motion, limited to the issues of standing and secured status: February 18, 2020 at 5:00 p.m. (Atlantic Standard Time).

d. The Court shall hold a preliminary hearing pursuant to 11 U.S.C. § 362(e)(1) on March 5, 2020 at 9:30 a.m. (Atlantic Standard Time) in San Juan, with video connection to New York, to determine whether the movants have standing to sue and security or other property interests in the relevant revenues. The Court will entertain applications to certify for appeal the Court's decision with respect to those preliminary issues. The parties shall meet and confer by February 7, 2020, to discuss the argument structure for the preliminary hearing and develop a proposed schedule for any necessary discovery and a final hearing. Unless the parties agree to a schedule that does not require a preliminary hearing, the lift stay movants shall be deemed to have waived the timetable set forth in Section 362(e) of the Bankruptcy Code through the forty-fifth day after the preliminary hearing.

2. **Revenue Bond Complaints**—The following deadlines shall govern the litigation of the Revenue Bond Complaints:[3]

- Deadline for Claimants to answer, move to dismiss, and/or assert counterclaims as to the Revenue Bond Complaints: February 27, 2020 at 5:00 p.m. (Atlantic Standard Time).

- If one or more Claimants (collectively "Movants") move to dismiss any one or more of the claims in the Revenue Bond Complaints on February 27, 2020:

---

[3] In the event any additional parties are granted intervention in the adversary proceedings commenced by the Revenue Bond Complaints (the "Revenue Bond Adversary Proceedings") pursuant to Federal Rule of Bankruptcy Procedure 7024, briefing and other deadlines applicable to such parties shall be established in the order(s) granting such intervention. Further, to the extent any intervening parties wish to file briefs in the Revenue Bond Adversary Proceedings, including but not limited to briefing on the Rule 12(b) and Rule 12(c) motions discussed herein, such briefs shall be limited to issues not raised by the named parties in any applicable brief, and be limited to a maximum of seven (7) pages, not including caption and signature pages. This restriction is without prejudice to any party's, including intervenors', right to seek leave of the Court to file additional briefing in connection with such motions.

- o Opposition to motions to dismiss: April 13, 2020 at 5:00 p.m. (Atlantic Standard Time).

- o Movants' reply brief(s) in support of motions to dismiss: May 13, 2020 at 5:00 p.m. (Atlantic Standard Time).

- o Hearing on any motions to dismiss the Revenue Bond Complaints: June 3 or 4, 2020, in connection with the June Omnibus Hearing.[4]

- If one or more Claimants assert counterclaims as to the Revenue Bond Complaints on February 27, 2020, the Oversight Board's deadline to answer or move to dismiss the counterclaims shall be April 13, 2020. If such motions to dismiss the counterclaims are filed:

  - o Oppositions to motions to dismiss the counterclaims: May 4, 2020 at 5:00 p.m. (Atlantic Standard Time).

  - o Replies in support of motions to dismiss the counterclaims: May 26, 2020 at 5:00 p.m. (Atlantic Standard Time).

- If any of the Claimants file answers to the Revenue Bond Complaints, and/or if the Oversight Board files answers to the Claimants' counterclaims on the Revenue Bond Complaints:

  - o The Oversight Board's Rule 12(c) motions for judgment on the pleadings, if any, on the Revenue Bond Complaints and Claimants' Rule 12(c) motions for judgment on the pleadings, if any, of any counterclaims shall be filed by: May 13, 2020 at 5:00 p.m. (Atlantic Standard Time).

  - o Oppositions to any Rule 12(c) motions for judgment on the pleadings: June 12, 2020 at 5:00 p.m. (Atlantic Standard Time).

  - o Replies in support of any Rule 12(c) motions for judgment on the pleadings: June 26, 2020 at 5:00 p.m. (Atlantic Standard Time).

---

[4] Because of the potential of overlapping issues, any motion(s) to dismiss the Revenue Bond Complaints should, to the extent possible, be heard together with any motion(s) to dismiss filed in the adversary proceedings seeking a determination of, *inter alia*, the validity of liens asserted by holders of the Commonwealth's general obligation bonds and, if such liens are valid, to avoid the same (Adv. Proc. Nos. 19-291, 19-292, 19-293, 19-294, 19-295, 19-296, and 19-297).

- A hearing on the Oversight Board's Rule 12(b) motion to dismiss the counterclaims and on any Rule 12(c) motions for judgment on the pleadings, whether such motion is filed by the Oversight Board or Claimants, shall be held on July 29 or 30, 2020, in connection with the July Omnibus Hearing.

- For the avoidance of doubt, all Rule 12(b) motions to dismiss and Rule 12(c) motions for judgment on the pleadings, and all briefing related thereto, shall be subject to the briefing provisions set forth in footnote 4 above.

- Discovery: In conjunction with the Court's ruling on the Rule 12(b) motions to dismiss and the Rule 12(c) motions for judgment on the pleadings, as contemplated above, to the extent necessary, the court will set a Rule 16 scheduling conference that will trigger the parties' meeting, reporting, and disclosure requirements of Rule 26.

3. Except as provided for herein, should any of the parties to the Revenue Bond Complaints (including intervenors) seek to file additional motion practice that would directly or indirectly impact this schedule, or any future schedule to be determined by the parties in this action or the Court (such as the schedule for discovery, if needed, as described above), such parties shall first seek leave of Court to file such motion.

4. **HTA Adversary Proceedings**— On the understanding that all issues raised in the Complaints and Counterclaims in the HTA Adversary Proceedings will be addressed in one or more of the Revenue Bond Adversary Proceedings, the HTA Adversary Proceedings shall remain stayed pending further order of the Court. If this understanding proves to be incorrect, parties to the HTA Adversary Proceedings may move the Court for appropriate relief.

5. The Oversight Board and Claimants are directed to meet and confer regarding the need for any modifications to this Amended Interim Case Management Order for Revenue Bonds, in the event that developments in cases currently on appeal warrant modifications, including, without limitation, developments in *Ambac Assurance Corp. v. Fin. Oversight and Mgmt. Bd.* (*In re Fin. Oversight and Mgmt. Bd.*), 927 F.3d 597 (1st Cir. 2019), *petition for cert.*

200131 AM INTERIM REVENUE BOND ORDER.DOCX       VERSION JANUARY 31, 2020

*filed* (U.S. Sept. 23, 2019) (No. 19-387), and *Assured Guar. Corp. v. Fin. Oversight and Mgmt. Bd.* (*In re Fin. Oversight and Mgmt. Bd.*), 919 F.3d 121 (1st Cir. 2019), *petition for cert. filed* (U.S. Sept. 20, 2019) (No. 19-391).

6. In order to accommodate periods when counsel will be unavailable due to national holidays or religious observances, for the purposes of computing any time period specified in this order, the following dates shall be treated as a "legal holiday" within the meaning of Federal Rule of Bankruptcy Procedure 9006(a): January 20, 2020; February 17, 2020; March 9-11, 2020; April 9-11, 2020; April 15-17, 2020; May 25, 2020; May 28-29, 2020; July 3, 2020; September 7, 2020; September 18, 2020; September 28-29, 2020; October 5, 2020; October 12, 2020; November 11, 2020; November 26-27, 2020; and December 25, 2020.

7. In addition to the requirements for parties who seek to and are granted leave to intervene in the Revenue Bond Complaints as laid out in footnote 4 above, in all instances, any party filing a brief must certify that it has taken reasonable efforts to avoid duplication and submit a brief that is no longer than necessary. The Court will not view favorably briefs that are unduly repetitious or that duplicate arguments made elsewhere. Parties whose respective positions are aligned shall use reasonable efforts to draft a single brief and coordinate to minimize duplicative briefs. Those parties shall include a certification in their briefs confirming that they have taken such efforts.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this Amended Interim Case Management Order for Revenue Bonds.

9. This Amended Interim Case Management Order shall be entered simultaneously in each of the applicable adversary proceedings identified in the attached Appendix B and in

each Title III case docket corresponding to applicable contested matters identified in the attached Appendix B.

10. The Clerk of Court is requested to terminate Docket Entry No. 7176 in Case No. 17-3283, which has been superseded.

SO ORDERED.

Dated: January 31, 2020

       /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge