# **EXHIBIT 6**

ESTADO LIBRE ASOCIADO DE PUERTO RICO
LA FORTALEZA
SAN JUAN, PUERTO RICO

Boletín Administrativo Núm. OE-2016-014

ORDEN EJECUTIVA DEL GOBERNADOR DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, HON. ALEJANDRO J. GARCÍA PADILLA, AL AMPARO DE LOS ARTÍCULOS 201, 202 Y 203 DE LA LEY NÚM. 21-2016, CONOCIDA COMO LA "LEY DE MORATORIA DE EMERGENCIA Y REHABILITACIÓN FINANCIERA DE PUERTO RICO", PARA DECLARAR UNA MORATORIA EN EL PAGO DE CIERTAS OBLIGACIONES DEL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO, DECLARAR UN PERIODO DE EMERGENCIA PARA LA AUTORIDAD PARA EL FINANCIAMIENTO DE LA INFRAESTRUCTURA DE PUERTO RICO, PARA ORDENAR LA IMPLANTACIÓN DE OTRAS MEDIDAS QUE SON RAZONABLES Y NECESARIAS PARA PERMITIR QUE SE CONTINÚEN BRINDANDO SERVICIOS ESENCIALES PARA PROTEGER LA SALUD, SEGURIDAD Y EL BIENESTAR DE LOS RESIDENTES DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Y PARA ENMENDAR EL DECIMOQUINTO DE LOS POR TANTO DEL BOLETÍN ADMINISTRATIVO NÚM.: OE-2016-10.

**POR CUANTO:** El 6 de abril de 2016, firmé la Ley 21-2016, conocida como la "Ley de Moratoria de Emergencia y Rehabilitación Financiera de Puerto Rico" (la "Ley") (los términos que se utilizan en mayúscula en esta Orden Ejecutiva y que no están definidos aquí tendrán los significados que se le dieron en la Ley). El 8 de abril de 2016, al amparo de los Artículos 201 y 203 de la Ley, aprobé el Boletín Administrativo Núm.: OE-2016-10 (la "OE-2016-10") para declarar un Periodo de Emergencia para el Banco Gubernamental de Fomento para Puerto Rico (el "BGF"), establecer restricciones al retiro de depósitos del BGF e implantar otras medidas razonables y necesarias para permitirle al BGF continuar llevando a cabo sus operaciones para proteger la salud, seguridad y el bienestar de los residentes de Puerto Rico.

**POR CUANTO:** Durante las pasadas semanas la liquidez del BGF ha empeorado. Hoy vence un pago de servicio de deuda de aproximadamente $423 millones por concepto de notas emitidas por el BGF. Actualmente el BGF no tiene suficiente liquidez para hacer dicho pago en su totalidad. Agotar la liquidez limitada del BGF afectaría significativamente la habilidad de éste de continuar llevando a cabo sus operaciones, lo que, a su vez, pondría en peligro la prestación de servicios esenciales que se pagan con fondos de ciertas entidades gubernamentales que están depositados en el BGF.

**POR TANTO:** Yo, ALEJANDRO J. GARCÍA PADILLA, Gobernador del Estado Libre Asociado, en virtud de los poderes inherentes a mi cargo y de la autoridad que me ha sido conferida por la Constitución del Estado Libre Asociado, por la presente dispongo lo siguiente:

**PRIMERO:** Conforme al Artículo 201 de la Ley, por la presente declaro que todas las cartas de crédito emitidas por el BGF y todos los depósitos del BGF son "Obligaciones Enumeradas" de BGF para todos los propósitos dispuestos en la Ley. Por la presente también ratifico y extiendo hasta el final del Periodo Cubierto la declaración del Periodo de Emergencia para el BGF, así como todas las disposiciones de la OE-2016-10.

**SEGUNDO:** Conforme al Artículo 201 de la Ley, por la presente declaro que la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico ("AFI") está en un estado de emergencia y anuncio el comienzo, efectivo a la fecha de esta Orden Ejecutiva, de un Periodo de Emergencia para AFI. No obstante, para todos los propósitos contemplados en la Ley, por la presente se excluyen de la definición de Obligaciones Cubiertas de AFI todas las obligaciones de AFI, excepto aquellas relacionadas con los bonos denominados "Puerto Rico Infrastructure Financing Authority Revenue Bonds (Ports Authority Project), Series 2011B".

**TERCERO:** Conforme a los Artículos 201 y 202 de la Ley, por la presente declaro una moratoria en el pago de todas las Obligaciones Cubiertas del BGF que sean pagaderas durante el Periodo de Emergencia excepto: (a) depósitos, y (b) Obligaciones de Intereses que no requieran que el pago de intereses se haga en efectivo.

**CUARTO:** Esta Orden Ejecutiva no declara un Periodo de Emergencia para ninguna Entidad Gubernamental, excepto el BGF y AFI, y no impone una moratoria en ninguna obligación, excepto las que se enumeran en el párrafo TERCERO. Esta Orden Ejecutiva no autoriza a una Entidad Gubernamental a utilizar fondos que se hayan depositado previo a la fecha de esta Orden Ejecutiva con un fiduciario u otro custodio para el pago de una Obligación Cubierta ni pretende impedir el uso de dichos fondos para el pago de dicha Obligación Cubierta.

**QUINTO:** No obstante el párrafo TERCERO de esta Orden Ejecutiva, si su liquidez lo permite, la Junta de Directores del BGF podrá solicitar autorización del Gobernador para realizar el pago de toda o cualquier porción de una Obligación de Intereses que requiera pago en efectivo y que hubiese vencido durante el Periodo de Emergencia.

**SEXTO:** Conforme a los incisos i. al iv. del Artículo 201(d) de la Ley, por la presente ordeno la suspensión de todas las obligaciones allí identificadas en la medida en que estén relacionadas con las Obligaciones Cubiertas sujetas a una moratoria de pago conforme al párrafo TERCERO de esta Orden Ejecutiva.

**SÉPTIMO:** Conforme al Artículo 201(b) de la Ley, no se tomará acción alguna y no se comenzará o continuará reclamación o procedimiento alguno en alguna corte de cualquier jurisdicción que esté relacionado con o que surja bajo una Obligación Cubierta de AFI o BGF, incluyendo acciones o procedimientos relacionados con las obligaciones mencionadas en los párrafos PRIMERO, SEGUNDO, TERCERO y SEXTO de esta Orden Ejecutiva. Ninguna entidad o persona podrá ejercer remedio alguno, incluyendo cualquier derecho de aceleración, que esté relacionado, ya sea directa o indirectamente, con la declaración de una moratoria para cualquier Obligación Cubierta del BGF a tenor con el párrafo TERCERO de esta Orden Ejecutiva o el impago de alguna de Obligación Cubierta de AFI según incluida en el párrafo SEGUNDO.

**OCTAVO:** No obstante el párrafo PRIMERO de esta Orden Ejecutiva y las restricciones impuestas a la transferencia y el retiro de fondos depositados en el BGF bajo la OE-2016-10, y como parte de un esfuerzo para mejorar la liquidez del BGF, por la presente declaro que el BGF estará autorizado a permitir a sus depositantes utilizar sus fondos depositados en el BGF como pago parcial de un préstamo con el BGF si la cantidad de los fondos depositados es menor a la cantidad pendiente de pago bajo el préstamo y dicho depositante paga concurrentemente el balance de dicho préstamo con fondos que no están depositados en el BGF.

**NOVENO:** Por la presente aclaro que cualquier fondo transferido después de la fecha de la OE-2016-10 por cualquier departamento, agencia, corporación pública, instrumentalidad o municipio del Estado Libre

3

|  |  |
|---|---|
|  | Asociado (cada una, una "Entidad del Estado Libre Asociado") al BGF, únicamente en su capacidad como agente pagador de obligaciones de deuda de dicha Entidad del Estado Libre Asociado, no se considerarán fondos en depósito en el BGF para propósitos de la OE-2016-10 y, por lo tanto, no estarán sujetas a las restricciones de desembolso ahí establecidas. |
| **DÉCIMO:** | Se enmienda el párrafo DECIMOQUINTO de la OE 2016-10 y se añade la siguiente oración al final del mismo: "Cualquier institución financiera en la cual se deposite un cheque emitido por cualquier Entidad del Estado Libre Asociado o que reciba cualquier instrucción para transferir fondos de una Entidad del Estado Libre Asociado podrá honrar dicho cheque o instrucción en el curso ordinario de sus operaciones bancarias sin indagar sobre los cumplimientos de esa Entidad del Estado Libre Asociado con cualquier boletín administrativo. Con referencia a las transacciones anteriormente mencionadas, las Entidades del Estado Libre Asociado aplicables serán las únicas responsables por el cumplimiento con cualquier disposición de la Ley o de cualquier reglamento o boletín administrativo emitido bajo la Ley, incluyendo cualquier boletín administrativo que restrinja el uso de fondos gubernamentales o la emisión de cheques u otra instrucción relacionada con fondos gubernamentales en manos de dichas instituciones financieras." |
| **UNDÉCIMO:** | SEPARABILIDAD. Esta Orden Ejecutiva deberá ser interpretada de tal manera que pueda mantener su validez, en la medida que sea posible, conforme a la Constitución del Estado Libre Asociado y la Constitución de los Estados Unidos. Si cualquier cláusula, párrafo, subpárrafo, disposición o parte de esta Orden Ejecutiva fuese declarada inconstitucional por un tribunal con jurisdicción, la orden emitida por dicho tribunal a esos efectos no afectará ni invalidará el resto de esta Orden Ejecutiva. El efecto de dicha orden estará limitado a la cláusula, párrafo, subpárrafo, disposición o parte de esta Orden Ejecutiva declarada inconstitucional y solamente con respecto a la aplicación de la misma a la obligación particular sujeta a dicha controversia. |
| **DUODÉCIMO:** | RATIFICACIÓN DE LA OE-2016-10. Por la presente se ratifica y confirma la OE-2016-10 en todos sus aspectos, según modificada por |

4

esta Orden Ejecutiva, y se dispone que expirará al final del Periodo Cubierto.

**DECIMOTERCERO:** <u>DEROGACIÓN</u>. Se deja sin efecto cualquier otra Orden Administrativa que en todo o en parte sea incompatible con esta, hasta donde existiera tal incompatibilidad.

**DECIMOCUARTO:** <u>VIGENCIA Y PUBLICACIÓN</u>. Esta Orden Ejecutiva entrará en vigor inmediatamente y permanecerá en vigor hasta (i) el final del Periodo Cubierto o (ii) la fecha en la que la misma sea revocada por escrito por el Gobernador, lo que ocurra primero. Se ordena su más amplia publicación y divulgación.

EN TESTIMONIO DE LO CUAL, expido la presente Orden Ejecutiva bajo mi firma y hago estampar en esta el Gran Sello del Estado Libre Asociado de Puerto Rico, en San Juan, Puerto Rico, hoy 30 de abril de 2016.

ALEJANDRO J. GARCÍA PADILLA
GOBERNADOR

Promulgada de acuerdo a la ley, hoy ___ de abril de 2016.

VÍCTOR A. SUÁREZ MELÉNDEZ
SECRETARIO DE ESTADO DESIGNADO

5

Free Associated State of Puerto Rico

La Fortaleza

San Juan, Puerto Rico

Administrative Bulletin Num. OE-2016-014

Executive Order of the Governor of the Free Associated State of Puerto Rico, the Hon. Alejandro J. Garcia Padilla, in Protection of the Articles 201, 202 and 203 of the Law Num. 21-2016, Known as the "Law in Moratorium of the Financial Emergency and Rehabilitation of Puerto Rico," in order to declare a Moratorium in the Payment of Certain Obligations of the Governmental Bank for Puerto Rico, Declare a Period of Emergency for the Authority for the Financing of the Infrastructure of Puerto Rico, to Order the Implantation of Other Measures That Are Reasonable and Necessary in Order to Permit for the Continuation of Essential Services to Protect the Health, Security and the Well Being of the Residents of the Free Associated State of Puerto Rico, and to Amend the Fifteenth of Those Included in the Administrative Bulletin Num.: OE-2016-10.

WHEREAS: The 6th of April, 2016, I signed Law 21-2016, known as "Law in Moratorium of the Financial Emergency and Rehabilitation of Puerto Rico" (the "law") (the terms that are capitalized in this Executive Order and that are not defined here will have the meanings given to them in the Law). The 8th of April, 2016, to the protection of Articles 201 and 2013 of the Law, I approved Administrative Bulletin Num.: OE-2016-10 (the "OE-2016-10") in order to declare a Period of Emergency for the Governmental Bank for Puerto Rico (the "GDB"), to establish restrictions for the withdrawing of deposits in GDB and to implant other reasonable and necessary measures in order to permit GDB to continue its operations to protect the health, security and the wellbeing of the residents of Puerto Rico.

WHEREAS: During the last weeks the liquidity of GDB has worsened. Today, a debt payment of approximately $423 million in notes emitted by GDB is due. Actually, GDB does not have the sufficient liquidity to make the said payment in full. Agitating the limited liquidity of GDB would significantly affect the ability of this to continue carrying its operations, which at its time, would put in danger the benefit of essential services that are paid for with the funds of certain governmental entities that are deposited in GDB.

SO: I, Alejandro J. Garcia Padilla, Governor of the Free Associated State, in virtue of the powers inherent in my charge and the authority that conferred to me by the Constitution of the Associated Free State, presently dispose the following:

FIRST: In accordance to Article 201 of the Law, I presently declare that all the credit cards emitted by GDB and all of the deposits of GDB are "Enumerated Obligations" of GDB for all of the purposes proposed in the Law. Presently I also ratify and extend until the end of the Covered Period the declaration of the Period of Emergency for GDB, as well as the other propositions of OE-2016-10.

SECOND: In accordance to Article 201 of the Law, I presently declare that the Authority for the Financing of the Infrastructure of Puerto Rico ("PRIFA") is in a state of emergency and I

announce the beginning, effective at the date of this Executive Order, a Period of Emergency for PRIFA. Nevertheless, for all of the propositions contemplated in the Law, the definition of Covered Obligations of PRIFA are excluded, except those related to the bonds denominated as "Puerto Rico Infrastructure Financing Authority Revenue Bonds (Ports Authority Project), Series 2011B."

THIRD: In accordance to Articles 201 and 202 of the Law, I presently declare a moratorium on the payment of all Covered Obligations of GDB that are to be paid during the Period of Emergency except: (a) deposits, and (b) Interest Obligations that do not require the payment of interests be made effectively.

FOURTH: This Executive Order does not declare a Period of Emergency for any Governmental Entity, except for GDB and PRIFA, and does not impose a moratorium on any obligation, except those that are enumerated in the THIRD paragraph. This Executive Order does not authorize a Governmental Entity to utilize funds that had been deposited prior to the date of this Executive Order with a fiduciary or other custodian for the payment of any Covered Obligation nor does it intend to impede in the use of said funds for the payment of said Covered Obligations.

FIFTH: Notwithstanding the THIRD paragraph of this Executive Order, if its liquidity permits, the Joint Directors of GDB may solicit authorization from the Governor to realize the payment of all or whatever portion of any Interest Obligations that may require an effective payment and that may have expired during the Period of Emergency.

SIXTH: In accordance to sections i to iv of Article 201(d) of the Law, I presently order the suspension of all obligations there identified to the extent that they are related to the Covered Obligations subject to a moratorium of payment in accordance the THIRD paragraph of this Executive Order.

SEVENTH: In accordance to Article 201(b) of the Law, there will be no action taken and there will begin nor continue no reclamation or proceeding in any court of any jurisdiction that may be related with or may fall under a Covered Obligation of PRIFA or GDB, including actions or proceedings related to the obligations mentioned in the FIRST, SECOND, THIRD and SIXTH paragraphs of this Executive Order. No entity or person may exercise any remedy, including any right of acceleration, that may be related to, that being directly or indirectly, to the declaration of a moratorium for any Covered Obligation of GDB in accordance to the THIRD paragraph of this Executive Order or the non-payment of any Covered Obligation of PRIFA included in the SECOND paragraph.

EIGHTH: Notwithstanding the FIRST paragraph of this Executive Order and the restrictions imposed to the transference and the retirement of funds deposited in GDB under OE-2016-10, and as part of an effort to better the liquidity of GDB, I presently declare that the GDB shall be authorized to permit its depositors to utilize their funds deposited in GDB as partial payment of a loan with GDB if the amount of the funds deposited is less than the pending amount of the payment under the loan and said depositor recurrently pays the balance of said loan with funds that are not deposited in GDB.

NINTH: I presently clarify that any fund transferred after the date of OE-2016-10 by any department, agency, public company, instrumentality or municipality of the Free Associated State (each one a "Entity of the Free Associated State") to GDB, solely in its capacity as paying agent of the obligations of the debt of said Entity of the Free Associated State, shall not be considered funds deposited in GDB for purposes of OE-2016-10 and, being so, shall not be subject to the restrictions of disbursement there established.

TENTH: The FIFTEENTH paragraph of OE-2016-10 is amended and the following oration is added to the end of the same: "Any financial institution in which a check emitted by an Entity of the Free Associated State is deposited or that receives any instruction to transfer the funds of an Entity of the Free Associated State may honor said check or instruction in the ordinary course of its banking operations without inquiring over the compliance with any disposition of the Law or of any regulation or administrative bulletin that may restrict the use of governmental funds or the emission of checks or any other instruction related to governmental funds in the hands of said financial institutions."

ELEVENTH: SEPARABILITY. This Executive Order shall be interpreted in such a way that will maintain its validity, in the measure that may be possible, in accordance to the Constitution of the Free Associated State and the Constitution of the United States. If any clause, paragraph, sub-paragraph, disposition or section in this Executive Order be declared unconstitutional by any tribunal with jurisdiction, the order emitted by said tribunal to those ends shall not affect nor invalidate the rest of this Executive Order/ The effect of said order shall be limited to the clause, paragraph, sub-paragraph, disposition or part of this Executive Order declared unconstitutional and only with respect to the application of that said obligation subject to said controversy.

TWELFTH: RATIFICATION OF OE-2016-10. It is presently ratified and confirmed OE-2016-10 in all of its entirety, modified by this Executive Order, and it is proposed for it to expire at the end of the Covered Period

THIRTEENTH: DEROGATION. Any other Executive Order that may be in its entirety or in part incompatible with this Executive Order shall remain unaffected, to the end that such an incompatibility exists.

FOURTEENTH: VALIDITY AND PUBLICATION. This Executive Order shall enter into effect immediately and shall remain in effect until (i) the end of the Covered Period or (ii) the date that the Order be revoked in writing by the Governor, whichever may occur first. Its most broad publication and validity is ordered.

IN WITNESS THEREOF, I sign into law this Executive Order and stamp on this order the Grand Seal of the Free Associated State of Puerto Rico, in San Juan, Puerto Rico, today the 30th of April, 2016.

[SIGNED]