**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>  Debtors.[1] | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**FIRST AMENDED STIPULATION AND CONSENT ORDER BETWEEN TITLE III DEBTORS (OTHER THAN COFINA) AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY ACTING ON BEHALF OF THE GOVERNMENTAL ENTITIES LISTED ON APPENDIX "A" REGARDING THE TOLLING OF STATUTE OF LIMITATIONS**

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Electric Power Authority ("PREPA"), each in its capacity as a Title III debtor (the Commonwealth, ERS, HTA and PREPA together the "Title III Debtors"), and each by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of Title III Debtors and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") on

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

behalf of the entities set forth on Appendix A (the "Governmental Entities") to this stipulation hereby stipulate as follows[2]:

RECITALS

A. In accordance with Section 302(2) of PROMESA, the Oversight Board has filed a petition for relief on behalf of each of the Title III Debtors, thereby commencing a case under Title III for each Title III Debtor (the "Title III Cases").

B. Actions with respect to claims subject to the limitation periods contained in sections 546(a) and 549(d) of the Bankruptcy Code, including, without limitation, alleged fraudulent transfers or unauthorized postpetition transfers between any of the Title III Debtors, on the one hand and the Governmental Entities, on the other hand, are hereby defined as the "Avoidance Actions".

C. Other claims of the Title III Debtors against any of the Governmental Entities may exist which must be commenced in accordance with section 108(a)(2) of the Bankruptcy Code (such other actions together with Avoidance Actions, the "Causes of Action").

D. In order to protect the Title III Debtors' rights and interests, the Oversight Board on behalf of the Title III Debtors and AAFAF on behalf of the Governmental Entities (collectively, the "Parties") have agreed to toll the statute of limitations in connection with the Causes of Action.

**NOW THEREFORE, IT IS HEREBY AGREED THAT:**

---

[2] With respect to ERS, this Stipulation does not modify or override the *Stipulation between the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico regarding the Tolling Statute of Limitations and Order* [Case No. 17-3283, ECF No. 5271]. On January 16, 2020, the relevant parties filed the *Urgent Motion for Entry of Supplemental Stipulation Between the Commonwealth of Puerto Rico And the Employees Retirement System of The Government of the Commonwealth of Puerto Rico Regarding the Tolling of Statute of Limitations and [Proposed] Order* [Case No. 17-3283, ECF No. 10098] ("ERS Urgent Motion"). On [ ], 2020, the Court approved the ERS Urgent Motion. With respect to HTA, this Stipulation does not modify or override the *Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [Case No. 17-3283, ECF No. 6531] or the *Second Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [Case No. 17-3283, ECF No. 9722].

AGREEMENT

1. The period in which Causes of Action of the Title III Debtors must be commenced against any of the Governmental Entities pursuant to sections 546(a), 549(d) and 108(a)(2) of the Bankruptcy Code (the "Statutory Deadlines") shall be tolled such that the Statutory Deadlines shall expire four hundred and fifty-one (451) days from and after the date on which the Statutory Deadlines would have expired in the absence of this Stipulation unless the Commonwealth or AAFAF provides written notice of early termination (the "Termination Notice") to (a) the Court, through the filing of an informative motion, and (b) counsel to the statutory committee of unsecured creditors appointed in the cases other than COFINA (the "Creditors' Committee"), by serving a copy of such Termination Notice upon Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Luc A. Despins, Esq., by email transmission (lucdespins@paulhastings.com), in which case, the Statutory Deadlines shall expire on the date that is one hundred fifty (150) days from the delivery of such Termination Notice plus the number of days between the Stipulation Effective Date, as defined below, and the date on which the Statutory Deadlines would have expired in the absence of this Stipulation to the Court; provided, however, that, the foregoing is without prejudice to (y) the rights, interests and defenses that may be raised by AAFAF or any of the Governmental Entities in connection with any such Causes of Action, other than the applicable statute of limitations, laches, or any other time-related defense, except that AAFAF and the Governmental Entities expressly reserve the right to argue that (i) any applicable statute of limitation or statute of repose applicable to a Cause of Action expired prior to the date of execution of this Stipulation; (ii) that Section 108(a) of the Bankruptcy Code does not apply to extend the time for filing any Cause of Action to which a statute of repose applies; and (iii) that a statute of repose may not be extended by an agreement of the parties (*provided that* that any party reserves the right to oppose any such argument; and *provided further that* if a statute of repose may be

extended by an agreement of the parties, this Stipulation shall serve as such an agreement) and, (z) the treatment of the Statutory Deadlines or any Cause of Action as may be provided in a plan of adjustment for any of the Title III Debtors, subject to the approval, effectiveness and consummation of any such plan of adjustment; *provided that* any such plan of adjustment may not retroactively terminate or reduce the Statutory Deadlines applicable to any Cause of Action which was timely asserted.

2. The Parties hereto shall have the right to extend the period set forth in Paragraph 1 above for a period specified in writing upon thirty (30) days' prior written notice and service of such notice upon the Court and counsel for the Creditors' Committee; provided, however, that, in the event that the Creditors' Committee opposes such extension or any of the terms thereof, the Creditors' Committee may seek upon notice and a hearing, to terminate the existing tolled statute of limitations period prior to the applicable expiration date, or to preclude the contemplated extension thereof.

3. The persons signing this Stipulation on behalf of the Oversight Board, the Title III Debtors and AAFAF (on behalf of the Governmental Entities) have the authority to bind such parties. AAFAF's authority exists under Act 2-2017, the Enabling Act of the Fiscal Agency and Financial Advisory Authority.

4. This Stipulation shall apply to and be binding upon the Title III Debtors, AAFAF, and the Governmental Entities together with their successor and assigns, including, without limitation, any trustee which may be appointed pursuant to section 926 of the Bankruptcy Code in the Title III Cases, or any other party or person granted authority to pursue a Cause of Action (all rights to object to any application to appoint a trustee pursuant to section 926 of the Bankruptcy Code or to otherwise seek authority to pursue a Cause of Action are expressly preserved).

5. This Stipulation shall become effective upon the date the Court enters an order approving this Stipulation (the "Stipulation Effective Date").

6. Notwithstanding anything contained in this Stipulation to the contrary, it is the intent of the Title III Debtors and the effect of this Stipulation to extend the Statutory Deadlines as to Causes of Actions of the type described in recitals B and C hereof as among all Title III Debtors other than COFINA. It being understood that to the extent a Statutory Deadline has been extended pursuant to the terms of ECF No. 5271 or 6531 (subsequently amended by ECF No. 9696), the time for calculating such extension shall not be modified by this Stipulation. On January 16, 2020, the relevant parties filed the *Urgent Motion for Entry of Supplemental Stipulation Between the Commonwealth of Puerto Rico And the Employees Retirement System Of The Government of The Commonwealth Of Puerto Rico Regarding the Tolling of Statute of Limitations and [Proposed] Order* [ECF No. 10098] ("ERS Urgent Motion"). The ERS Urgent Motion seeks to further extend the Statutory Deadline in the *Stipulation Between the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico Regarding the Tolling of Statute of Limitations and Order* [ECF No. 5271]. On January 22, 2020, the Court approved the ERS Urgent Motion.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| /s/ Brian S. Rosen | /s/ Hermann D. Bauer |
| Martin J. Bienenstock<br>Brian S. Rosen<br>(Admitted *Pro Hac Vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900 | Hermnn D. Bauer<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944 |
| | *Co-Attorneys for the Financial Oversight and Management Board as Representative for the Debtors* |
| *Attorneys for the Financial Oversight and Management Board as Representative for the Debtors* | |
| /s/ Peter Friedman | /s/ Luis C. Marini-Biaggi |
| John J. Rapisardi<br>Suzzanne Uhland<br>(Admitted *Pro Hac Vice*)<br>**O'MELVENY & MYERS LLP**<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 326-2000<br>Fax: (212) 326-2061 | Luis C. Marini-Biaggi<br>USDC No. 222301<br>Carolina Velaz-Rivero<br>USDC No. 300913<br>**MARINI PIETRANTONI MUÑIZ LLC**<br>250 Ponce de León Ave., Suite 900<br>San Juan, Puerto Rico 00918<br>Tel: (787) 705-2171<br>Fax: (787) 936-7494 |
| -and- | |
| Peter Friedman<br>(Admitted *Pro Hac Vice*)<br>1625 Eye Street, NW<br>Washington, D.C. 20006<br>Tel: (202) 383-5300<br>Fax: 202) 383-5414<br>*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | *Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*<br>*Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* |

SO ORDERED.

Dated: February 3, 2020            /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   United States District Judge

# Appendix A

1. Additional (Electronic) Lottery
2. Agricultural Enterprises Development Administration
3. Automobile Accidents Compensation Administration
4. Cardiovascular Center Corporation of Puerto Rico and the Caribbean
5. Commonwealth of Puerto Rico Regional Center Corporation
6. Company for the Integral Development of the "Península de Cantera"
7. Corporation for the "Caño Martin Peña" Project (ENLACE)
8. Corporation of Industries for the Blind and Mentally Retarded and Incapacitated Persons of Puerto Rico
9. Culebra Conservation and Development Authority
10. Economic Development Bank for Puerto Rico
11. Employment and Training Enterprises Corporation
12. Farm Insurance Corporation of Puerto Rico
13. Fine Arts Center Corporation
14. Institute of Puerto Rican Culture
15. Judiciary Retirement System (JRS)
16. Land Authority of Puerto Rico
17. Local Redevelopment Authority of the Lands and Facilities of Naval Station Roosevelt Roads
18. Model Forest
19. Municipal Revenue Collection Center (CRIM)
20. Musical Arts Corporation
21. Port of the Americas Authority
22. PR Aqueduct and Sewer Authority (PRASA)
23. PR Infrastructure Finance Authority (PRIFA)
24. PR Maritime Shipping Authority
25. PR Medical Services Administration (ASEM)
26. Public Building Authority (PBA)
27. Public Corporation for the Supervision and Deposit Insurance of Puerto Rico Cooperatives (COSSEC)
28. Puerto Rico and Municipal Islands Transport Authority
29. Puerto Rico Conservatory of Music Corporation
30. Puerto Rico Convention Center District Authority (PRCCDA)
31. Puerto Rico Health Insurance Administration (HIA / ASES)
32. Puerto Rico Industrial Development Company (PRIDCO)
33. Puerto Rico Industrial, Tourist, Educational, Medical, and Environmental Control Facilities Financing Authority (AFICA)
34. Puerto Rico Integrated Transit Authority (PRITA)
35. Puerto Rico Land Administration
36. Puerto Rico Metropolitan Bus Authority (AMA)
37. Puerto Rico Municipal Finance Agency (MFA)
38. Puerto Rico Ports Authority
39. Puerto Rico Public Broadcasting Corporation
40. Puerto Rico Public Private Partnerships Authority (PPP)
41. Puerto Rico School of Plastic Arts

42. Puerto Rico Telephone Authority
43. Puerto Rico Tourism Company
44. Puerto Rico Trade and Export Company
45. Solid Waste Authority
46. Special Communities Perpetual Trust
47. State Insurance Fund Corporation (SIF)
48. Teachers' Retirement System (TRS)
49. The Children's Trust Fund (CTF)
50. Traditional Lottery
51. Unemployment Insurance Fund
52. University of Puerto Rico (UPR)
53. University of Puerto Rico Comprehensive Cancer Center