# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, AMBAC ASSURANCE CORPORATION, AND FINANCIAL GUARANTY INSURANCE COMPANY,<br><br>    Movants,<br><br>    v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Respondent. | Case No. 17-BK-4780-LTS<br><br>Re: ECF No. 10602 |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**JOINDER BY SERRALLES TO
THE FOMB AND BACARDI'S OPPOSITIONS TO
MOVANTS' AMENDED MOTION FOR RELIEF FROM STAY**

**COMES NOW** Destileria Serrales, Inc. ("Serralles"), by and through the undersigned legal counsel, and hereby files this joinder (the "Joinder") to the Financial Oversight and Management Board for Puerto Rico's (the "FOMB") *Supplemental Opposition of Commonwealth of Puerto Rico to Amended PRIFA Bondholders Motion to Lift Automatic Stay* (the "FOMB Opposition") [Dkt. 10611] and *Bacardi International Limited's and Bacardi Corporation's Opposition to Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds*[2] (the "Bacardi Opposition", and jointly with the FOMB Opposition, the "Oppositions") [Dkt. 10609].

1. Serralles is a producer of high-quality rums in Puerto Rico since 1865. It is one of the largest employers of the southern region of the Island, its brand, "Don Q", is the leading rum consumed in Puerto Rico, and Serralles' rum production generates millions of dollars in Cover Over Revenues to Puerto Rico. See, *Agreement Between Destilería Serrallés, Inc. and the Government of Puerto Rico Dates as of December 31, 2011* (the "Serralles Agreement")[3]; **Exhibit A,** at pp. 3 and 4.

2. As correctly noted in the Bacardi Opposition, the TTB transfers the Offshore Excise Taxes to the Commonwealth under 26 U.S.C. § 7652. See Bacardi Opposition at ¶ 3.

---

[2] Capitalized terms not otherwise defined in this Joinder shall have the meaning ascribed to them in the Oppositions.

[3] The Serralles Agreement was amended on July 20, 2012, February 15, 2014, and June 30, 2015. See **Exhibit B**.

2

3. In 2010, and due to significant incentives being offered to rum producers by USVI since 2007, the Commonwealth approved Law No. 178 creating a public policy to (i) retain the Rum Producers' operations in Puerto Rico; and (ii) to curb the migration of these companies to the USVI. See Exhibit A to the Bacardi Opposition. See also **Exhibit A**.

4. To accomplish this goal, Law No. 178, as supplemented by Executive Order OE-2012-30, directs the Commonwealth Secretary to segregate up to 46% of the Offshore Excise Taxes remitted by the TTB for payment to the Rum Producers to maintain, promote and grow the production of Puerto Rican rum (the "Rum Tax Incentive"). See Bacardi Opposition at ¶¶ 4 – 5.

5. After the approval of Law No. 178, Serralles and the Commonwealth entered into the Serralles Agreement to establish a mutually beneficial incentive agreement whereby, in exchange for the return of certain Offshore Excise Taxes paid by Serralles, Serralles, among other things, agreed to continue production of large volumes of rum in Puerto Rico for a period of 20 years, to collaborate with the Commonwealth in the marketing and promotion of its rum and Puerto Rico rums generally in the U.S. market and to use the Offshore Excise Taxes returned to it to market and promote Puerto Rico rum products. See Article IV of **Exhibit A**.

6. On May 5, 2015, and in compliance with the Serralles Agreement (as amended), the Commonwealth entered into the Lockbox Agreement outlining the waterfall by which the Lockbox Bank is required to disburse the Offshore Excise taxes remitted by TTB. See Dkt. 10609-4. The schedule is as follows:

  a) The Lockbox Bank transfers the first $117 million to the Commonwealth Secretary for deposit to the credit of PRIFA (the "First Tier Transfers"). *Id.* at § 5(a);

  b) Next, the Lockbox Bank transfers certain designated amounts of the Offshore Excise Taxes to (i) the Puerto Rico Science & Technology Trust, first; and (ii) the

Puerto Rico Conservation Trust Fund, second (jointly, the "Second Tier Transfers"). *Id.* at § 5(b) and 5(e); and

c) Next, the Lockbox Bank distributes the Rum Tax Incentive to Banco Popular de Puerto Rico as trustee on behalf of the Rum Producers. *Id.* at § 5(f).

7. With this background in mind, Serralles joins the Oppositions to the following extent:

a) **Movants cannot establish a claim or property right to the Offshore Taxes remitted by TTB** – Serralles joins and incorporates the arguments made on this matter at ¶¶ 14 - 19, 62 – 70, and 86 – 96 of the FOMB Opposition, and at ¶¶ 17 – 18 of the Bacardi Opposition; and

b) **The Rum Producers are not subordinate to the Movants because Movants do not have any property interest over the Rum Tax Incentives** - Serralles joins and incorporates the arguments made on this matter at ¶¶ 18, 20, and 22 of the Bacardi Opposition.

8. Serralles further asserts that Movants are not third-party beneficiaries to neither the Serralles Agreement (as amended) nor the Lockbox Agreement. As a result thereof, Movants are precluded from claiming any property right or interest over the Rum Tax Incentives because (as previously indicated) Movants never possessed a secured or property interest over the original Offshore Excise Taxes remitted by TTB.

4

9. The most Movants may hope to assert is a claim over the $117 million First Tier Transfers only[4], a fact which Movants recognize in their own Lift Stay Motion[5]. This is so because the terms of the Lockbox Agreement are clear: the Rum Producers will receive the Rum Tax Incentives <u>after the First and Second Tier Transfers have been performed</u>.

10. Since the First Tier Transfers are separate and distinct from the Rum Tax Incentives, Movants do not have, and they cannot assert, a secured interest, collateral, property right, benefit, or other residual right whatsoever over the Rum Tax Incentives.

11. For these reasons, and those set forth in this Joinder, Serralles adopts the positions from the FOMB and Bacardi Oppositions identified above, and incorporates them by reference as if set forth at length herein.

12. In compliance with the terms of the *Amended Interim Case Management Order for Revenue Bonds* [Dkt. 10595 at ¶ 7], Serralles certifies that it has taken reasonable efforts to avoid duplication of arguments or repetitive briefs.

13. Serralles further reserves all rights and remedies with respect to the Joinder, including, but not limited to, the right to raise additional arguments at the hearing (if needed).

**WHEREFORE**, Serralles respectfully request this Court to grant this Joinder and to enter such other relief as is just and proper.

---

[4] Assuming such claim where even applicable for the reasons set forth in the FOMB Opposition.

[5] <u>See</u> Dkt. 10602 at ¶ 18 ("The PRIFA Enabling Act grants PRIFA ownership of **only the first $117 million of the Rum Taxes; the residual is Commonwealth property**") and ¶ 55 ("…PRIFA's **'participation'** **under Section 1914 is limited to the first $117 million of the Rum Taxes**…meaning the portion of the 'Offshore Excise Tax'" owned by PRIFA and required to be transferred to the Infrastructure Fund by law, *i.e.*, **the first $117 million of the Offshore Excise Taxes each year**. **Any Offshore Excise Taxes in excess of $117 million remain property of and available to the Commonwealth.**") (Emphasis added).

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. We further certify that, on this same date, we served the foregoing upon all the Standard Parties as identified and defined the Court's CMP Order, as well as upon all of the parties identified in the Master Service List maintained at https://cases.primeclerk.com/puertorico/.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 3rd day of February, 2020.

**MCCONNELL VALDÉS LLC**
*Attorneys for Destileria Serralles, Inc.*
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5619
Facsimile: 787-759-9225

By: */s/Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com