**Exhibit B**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | No. 17 BK 4780-LTS |
| SCIEMUS LIMITED, et al.<br><br>Plaintiffs,<br><br>-v- | Adv. Pro. No. 3:19-AP-369 LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); ); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| |
|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>                  as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                  Defendant. |

**[PROPOSED] ORDER GRANTING RENEWED MOTION OF
PUERTO RICO ELECTRIC POWER AUTHORITY FOR UNDISPUTED PAYMENT
AND RELEASE OF INSURANCE PROCEEDS**

Upon consideration of *the Renewed Motion of Puerto Rico Electric Power Authority For Undisputed Payment and Release of Insurance Proceeds* (the "Motion"),[2] filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Puerto Rico Electric Power Authority ("PREPA") in this Title III case pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101-2241; and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found the relief requested in the Motion is in the best interests of PREPA, its creditors, and other parties in interest; and Plaintiffs having consented to the relief requested by the Motion; and the Court having found the Oversight Board and PREPA provided adequate and appropriate notice of the Motion under the circumstances and no other or further notice is required; and upon the record herein,

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

after due deliberation thereon, the Court having found good and sufficient cause exists for granting the relief as set forth herein,

**IT IS HEREBY FOUND, DETERMINED, AND ORDERED:**

1. The Motion is GRANTED as set forth herein.

2. <u>PREPA is an "Assured" under the Property Insurance. As an "Assured," PREPA has the ability to direct the Insurers who to pay regarding Losses under the Property Insurance. PREPA has directed the Insurers to pay PREPA on account of the Loss. As per PREPA's direction,</u> Insurers shall promptly pay the Undisputed Payment of $1,726,000 to PREPA under the Property Insurance on account of the Loss.

3. <u>Payment of the Undisputed Payment of $1,726,000 to PREPA shall satisfy Insurers' obligations under the Property Insurance with respect to the amount so paid.</u> Plaintiffs shall not be subject to claims of PREPA's existing creditors or third parties with respect to the payment of the Undisputed Payment to PREPA in accordance with this Order <u>and the Property Insurance</u>.~~, and payment of the Undisputed Payment of $1,726,000 to PREPA shall satisfy Insurers' obligations under the Property Insurance with respect to the amount so paid.~~ No creditor of PREPA or other party <u>served with notice of the Motion</u> shall have any claim against Plaintiffs in respect of the obligation so satisfied by payment of the Undisputed Amount of $1,726,000.~~No creditor of PREPA or other party shall interfere with the transfer of the Undisputed Payment to PREPA or PREPA's use of the Undisputed Payment at its discretion.~~

4. <u>No party served with notice of the Motion</u>~~creditor of PREPA or other party~~ shall interfere with the transfer of the Undisputed Payment to PREPA or PREPA's use of the Undisputed Payment at its discretion. ~~Plaintiffs shall not be subject to claims of PREPA's existing creditors or third parties with respect to the payment of the Undisputed Payment to PREPA in accordance~~

3

~~with this Order, and payment of the Undisputed Payment of $1,726,000 to PREPA shall satisfy Insurers' obligations under the Property Insurance with respect to the amount so paid. No creditor of PREPA or other party shall have any claim against Plaintiffs in respect of the obligation so satisfied by payment of the Undisputed Amount of $1,726,000.~~

5. Insurers shall not seek a refund, reimbursement, or claw-back of the Undisputed Payment or any portion thereof.

6. Insurers retain all rights, remedies and defenses under the Property Insurance and at law.

7. Defendants retain all further rights, remedies, claims, and defenses under the Property Insurance, including, without limitation, the right to seek additional amounts under the Property Insurance.

8. Except as expressly stated herein, this Order shall not be interpreted to limit any party's rights.

9. Immediately upon entry by the Court of this Order, PREPA is authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted herein.

10. The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

Dated:_____

                                        _____
                                        HON. LAURA TAYLOR SWAIN
                                        United States District Judge

217896886v1

5