**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM BECAUSE THEIR RECORDS SHOW THAT YOUR CLAIM IS DEFICIENT.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|
| Vazquez Melendez, Karla | 18674 | 5/21/2018 | Commonwealth of Puerto Rico | $0.00 <br> $40,000.00 |
| Reason: | Proof of claim purports to assert liabilities associated with the Commonwealth of Puerto Rico, but fails to provide any basis or supporting documentation for asserting a claim against the Commonwealth of Puerto Rico, such that the Debtors are unable to determine whether claimant has a valid claim against the Commonwealth of Puerto Rico or any of the other Title III debtors | | | |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO, PUESTO QUE LOS DATOS INDICAN QUE SU RECLAMO ES DEFICIENTE.**

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|---|---|---|---|---|
| Vazquez Melendez, Karla | 18674 | 5/21/2018 | Commonwealth of Puerto Rico | $0.00 <br> $40,000.00 |
| Base para: | La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra el Estado Libre Asociado de Puerto Rico, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III. | | | |

Copies of the Omnibus Objection and all other filings in the Title III Cases are available free online at https://cases.primeclerk.com/puertorico. If you have questions, please contact Prime Clerk LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available).

Copias de la Objeción global, y todos los escritos radicados en el marco de las causas conforme al Título III, están disponibles, de manera gratuita, en https://cases.primeclerk.com/puertorico. Si tiene alguna pregunta, comuníquese con Prime Clerk LLC llamando al (844) 822-9231 (número gratuito para Estados Unidos y Puerto Rico) o (646) 486-7944 (para llamadas desde el extranjero), disponible entre las 10:00 a.m. y las 07:00 p.m. (AST) (hablamos español).

You may also submit your claim electronically by visiting http://cases.primeclerk.com/puertorico/EPOC-Index

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

MMLID: 571369
EPOC ID: 170328301110315

RECEIVED PRIME CLERK LLC 2018 MAY 21 A 9:42

| Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación). | | |
|---|---|---|
| ☒ Commonwealth of Puerto Rico / El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date: May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA) / La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date: May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority / La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date: May 21, 2017 |
| ☐ Employees Retirement System of the Government of the Commonwealth of Puerto Rico / El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date: May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority / La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date: July 2, 2017 |

Debtor Commonwealth of Puerto Rico has listed your claim in their Creditor List on Schedule E -- Employee Obligations as a Contingent, Unliquidated general unsecured claim in an Undetermined amount. You must timely file a proof of claim or be forever barred from participating or sharing in any distribution or being treated as a claim for purposes of voting or distribution.

El deudor Commonwealth of Puerto Rico ha listado su reclamación en la lista de acreedores en el Schedule E -- Obligaciones de Empleados como un reclamo Contingente, Sin liquidez no asegurado por un monto Indeterminado. Debe presentar una prueba de reclamación oportunamente o se le prohibirá por siempre participar o compartir en cualquier distribución o ser tratado como un reclamo para fines de votación o distribución.

Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

☐ Date Stamped Copy Returned
☐ No Self-Addressed Stamped Envelope
☒ No Copy Provided

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

## Part 1 / Parte 1 — Identify the Claim / Identificar la reclamación

1. Who is the current creditor?

   ¿Quién es el acreedor actual?

   VAZQUEZ MELENDEZ, KARLA

   Name of the current creditor (the person or entity to be paid for this claim)
   Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)

   Other names the creditor used with the debtor
   Otros nombres que el acreedor usó con el deudor _____

Claim Number: 18674


17032830110315

Proof of Claim     page 1

| | | |
|---|---|---|
| 2. Has this claim been acquired from someone else?<br><br>¿Esta reclamación se ha adquirido de otra persona? | ☒ No / No<br>☐ Yes. From whom?<br>    Sí. ¿De quién? _____ | |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)<br><br>¿A dónde deberían enviarse las notificaciones al acreedor?<br><br>Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g) | Where should notices to the creditor be sent?<br>¿A dónde deberían enviarse las notificaciones al acreedor?<br><br>VAZQUEZ MELENDEZ, KARLA<br>URB SANTA ROSA E-27<br>CALLE NEISY<br>CAGUAS, PR 00725<br><br>(787) 643-2753<br>Contact phone / Teléfono de contacto<br><br>_____<br>Contact email / Correo electrónico de contacto | Where should payments to the creditor be sent? (if different)<br>¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente)<br><br>187<br>Vázquez Meléndez Karla<br>Name / Nombre<br>Urb. Santa Rosa E-27 Calle Neisy<br>Number / Número    Street / Calle<br>Caguas, Puerto Rico  00725<br>City / Ciudad   State / Estado   ZIP Code / Código postal<br><br>(787) 643-2753<br>Contact phone / Teléfono de contacto<br><br>_____<br>Contact email / Correo electrónico de contacto |
| 4. Does this claim amend one already filed?<br><br>¿Esta reclamación es una enmienda de otra presentada anteriormente? | ☒ No / No<br>☐ Yes. Claim number on court claims registry (if known)<br>    Sí. Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)_____<br>    Filed on / Presentada el _____ (MM/DD/YYYY) / (DD/MM/AAAA) | |
| 5. Do you know if anyone else has filed a proof of claim for this claim?<br><br>¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación? | ☒ No / No<br>☐ Yes. Who made the earlier filing?<br>    Sí. ¿Quién hizo la reclamación anterior?_____ | |

| Part 2 / Parte 2: | Give Information About the Claim as of the Petition Date<br>Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso. |
|---|---|
| 6. Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?<br><br>¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico? | ☐ No / No<br>☒ Yes. Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)<br>    Sí. Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).<br><br>Estado Libre Asociado de Puerto Rico: Departamento de la Familia |
| 7. Do you supply goods and / or services to the government?<br><br>¿Proporciona bienes y / o servicios al gobierno? | ☐ No / No<br>☒ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:<br><br>Vendor / Contract Number | Número de proveedor / contrato: Empleado<br><br>List any amounts due after the Petition Date (listed above) but before June 30, 2017:<br>Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017 $ _____ |

Modified Official Form 410  Proof of Claim  page 2

| | |
|---|---|
| 8. How much is the claim?<br>¿Cuál es el importe de la reclamación? | $ **$40,000.00** . Does this amount include interest or other charges?<br>¿Este importe incluye intereses u otros cargos?<br>☒ No / No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).<br>SI. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A). |
| 9. What is the basis of the claim?<br>¿Cuál es el fundamento de la reclamación? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.<br><br>**Reclamación Laboral : Ajuste Salarial** |
| 10. Is all or part of the claim secured?<br>¿La reclamación está garantizada de manera total o parcial? | ☒ No / No<br>☐ Yes. The claim is secured by a lien on property.<br>SI. La reclamación está garantizada por un derecho de retención sobre un bien.<br><br>Nature of property / Naturaleza del bien:<br>☐ Motor vehicle / Vehículos<br><br>☐ Other. Describe:<br>Otro. Describir: _____<br><br>Basis for perfection / Fundamento de la realización de pasos adicionales: _____<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br>Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.<br><br>Value of property / Valor del bien:         $_____<br>Amount of the claim that is secured /<br>Importe de la reclamación que está garantizado: $_____<br>Amount of the claim that is unsecured /<br>Importe de la reclamación que no está garantizado: $_____<br>(The sum of the secured and unsecured amounts should match the amount in line 7.)<br>(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)<br><br>Amount necessary to cure any default as of the Petition Date /<br>Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso : $_____<br><br>Annual Interest Rate (on the Petition Date)<br>Tasa de Interés anual (cuando se presentó el caso)_____%<br>☐ Fixed / Fija<br>☐ Variable / Variable |
| 11. Is this claim based on a lease?<br>¿Esta reclamación está basada en un arrendamiento? | ☒ No / No<br>☐ Yes. Amount necessary to cure any default as of the Petition Date.<br>SI. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso$ _____ |

Modified Official Form 410        Proof of Claim        page 3

| | |
|---|---|
| 12. Is this claim subject to a right of setoff?<br><br>¿La reclamación está sujeta a un derecho de compensación? | ☒ No / No<br><br>☐ Yes. Identify the property /<br>SI. Identifique el bien: _____ |
| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | ☒ No / No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.  $ _____<br><br>SI. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. |

## Part 3 / Parte 3: Sign Below / Firmar a continuación

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

Check the appropriate box / Marque la casilla correspondiente:

☒ I am the creditor. / Soy el acreedor.
☐ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el  10-mayo-2018  (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma _____

Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:

Name  Karla Vázquez Meléndez
First name / Primer nombre    Middle name / Segundo nombre    Last name / Apellido

Title / Cargo _____

Company / Compañía _____
Identify the corporate servicer as the company if the authorized agent is a servicer.
Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

Address / Dirección _____
Number / Número    Street / Calle

_____
City / Ciudad                State / Estado    ZIP Code / Código postal

Contact phone / Teléfono de contacto _____  Email / Correo electrónico _____

Modified Official Form 410                    Proof of Claim                    page 4


'rime Clerk
30 3ʳᴰ AVE FL 9
EW YORK NY 10022-6561

'ICE ENCLOSED, DIRECT TO ATTENTION OF ADDRESSEE OR PRESIDENT / GENERAL COUNSEL.

RECEIVED

MAY 21 2018

PRIME CLERK LLC

# FedEx International Air Waybill
Express — Origin Copy

**1 From**

Date: 05/20/18
Sender's Name: Tania M. Rosado
Company: Prime Clerk - Caguas
Address: Jeanne Hub Center Calle 2 Acerina
Address: Villa Blanca
City: Caguas
State/Province: PR
Country: [blank]
ZIP/Postal Code: 00725
Internal Billing Reference: 1245-02 (23)

**2 To**

Recipient's Name: [blank]
Phone: 472 724 306
Company: PRIME CLERK
Address: 850 3RD AVE STE 412
City: BROOKLYN
State/Province: NY
Country: US
ZIP/Postal Code: 11232

FedEx Tracking Number: 8120 6424 6037 0402

**4 Express Package Service**
[X] FedEx Intl. Economy

**5 Packaging**
[X] FedEx Pak

**6 Special Handling and Delivery Signature Options**

**7 Payment** — Bill transportation charges to: [X] Recipient
FedEx Acct. No.: 9095-8996-7

Residential Delivery: 475

Stamp: RECEIVED MAY 23 2018 PRIME CLERK LL

**3 Shipment Information**

Commodity Description: Legal Documents

662

06/17

**ANEJO B**

**A. DISPOSICIONES LEGALES VIOLENTADAS:**

Artículo II, secciones 7 y 16 de la Constitución del Estado Libre Asociado de Puerto Rico; Sección 1983 de la Constitución de Estados Unidos; "Equal Pay Act" y Ley de Salario Mínimo Federal (FLSA) y su Reglamento; Ley 4 del 14 de octubre de 1975, según enmendada y su Reglamento; Ley 89 de 12 de julio de 1979 y su Reglamento; Ley 5 de 22 de noviembre de 1975 y su Reglamento; Ley 3 de 30 de junio de 1977; Ley 12 del 27 de agosto de 1982, Ley 83 de 4 de junio de 1983; Ley No. 84 del 4 de junio de 1983; Ley 90 de 9 julio de 1986; Ley 1 de 9 de enero de 1988; Ley 7 del 7 de mayo de 1989; Orden Ejecutiva 1994-32; Ley 159 de 29 de junio de 1999; Ley 410de 8 de octubre de 2000; Ley 413 de 21 de diciembre de 2000; Ley para la administración de los Recursos Humanos en el Servicio Público, Ley Núm. 132 de septiembre de 2000; Ley Núm. 184 del 3 de agosto de 2004 y cualquier otro estatuto o reglamento que disponga para aumentos por servicios prestados aplicables a los Querellantes y no se haya pagado a estos dicho beneficios y los Artículos 1803 y 1867 del Código Civil, 31 L.P.R.A.

**B. DESCRIPCIÓN DE HECHOS:**

**a. INTRODUCCIÓN**

La controversia de la presente queja versa sobre una cuestión estrictamente de derecho y es esencialmente igual a la resuelta mediante Sentencia Declaratoria por el Tribunal de Primera Instancia, Sala de San Juan, en el caso de *Juan Pérez Colón y otros vs Departamento de Transportación y Obras Públicas*, caso número KAC 1990-0487, donde se declaró la nulidad del método de ajuste salarial establecido en el memorando general de OCAP 5-86, de 23 de abril de 1986, por violar las disposiciones de la Ley de Retribución Uniforme y Art. II sec. 16 de nuestra Constitución. Así también, es idéntica a la ya resuelta por el Foro Judicial en los casos *Carmen Socorro Cruz Hernández y otros v. Departamento de la Familia,* Civil Núm. KAC 1991-0665 y *Nilda Agosto Maldonado y otros vs. ELA,* Civil Núm. K PE2005-0608 (907).

**b. HECHOS COMUNES A TODOS LOS QUERELLANTES:**

1. El 12 de julio de 1979, la Legislatura de Puerto Rico aprobó la Ley Número 89 conocida como Ley de Retribución Uniforme. Dicha Ley estableció como política pública proveer a los empleados del servicio público un tratamiento equitativo y justo en la fijación de sus sueldos. A tales fines, se dispuso que la Oficina Central de Administración de Personal y los administradores individuales adoptarían planes de retribución conforme al Reglamento que adoptara OCAP hoy conocida como OCALARH (3 L. P. R. A. 706a). Igualmente impuso la obligación al director de la OCAP y a los administradores individuales de mantener actualizadas las estructuras de retribución.

2. El 15 de abril de 1986, entró en aplicación en el Departamento de la Familia la Ley de Retribución Uniforme, con un salario mínimo federal de $3.25 la

PÁGINA 2

hora, equivalente a un salario mensual de $545 para una jornada de 37.5 horas semanales.

3. Al seleccionar el Departamento de la Familia en la fecha en que entra en aplicación el FLSA y en fechas posteriores, el método de ajuste recomendado por la OCAP para implantar el salario mínimo se produce una acción concertada entre la OCAP y el Departamento de la Familia, pues a sabiendas de que correspondía reducir la jornada diaria conforme establecía la Ley Número 5 de 20 de noviembre de 1975 y el Reglamento que OCAP había aprobado para implantar dicha ley, se estableció para la compensación de los empleados Querellantes un sistema paralelo de pago que viola el principio de igual para por igual trabajo, en claro detrimento del principio de equidad retributiva, dejándose así inoperante el sistema de escalas salariales.

4. Que a los querellantes se les engañó respecto al estado de derecho, ya que los funcionarios, agentes y representantes del Departamento de la Familia al reclamarle los Querellantes se le compensara de acuerdo a la clasificación que tenían, se escudaron en el Memorando General 5-86 de la OCAP para hacerles representaciones fraudulentas referente a que no procedía actualizar las escalas y les hicieron representaciones, a sabiendas de que eran falsas, referente a que la ley federal sólo obligaba pagar el tipo mínimo, lo que engendró una situación contraria a la realidad, esto es, una situación aparente y mediante tal apariencia influyeron en la confianza de los empleados Querellantes, pues creyeron de buena fe que la Agencia había cumplido con los deberes de su cargo con regularidad.

5. Que dicha acción intencional del Estado, al actuar con conocimiento de la ilegalidad de sus actos, también se acredita de la carta del 20 de noviembre de 1985 remitida por el Director de la OCAP al entonces gobernador de Puerto Rico, ya que en la misma se informaba, en síntesis, que la implantación del salario mínimo requería la adopción de una nueva estructura retributiva, la cual la Oficina ya había confeccionado e incluyó copia. Además, porque se informa que de no contar el Gobierno Central con los fondos para cumplir con las exigencias de esa ley, debía proceder a reducir la jornada diaria de trabajo de sus empleados.

6. Que al ignorar la Agencia las disposiciones más beneficiosas de la Ley de Retribución Uniforme, y responsabilidad ministerial de mantener actualizada la escala de retribución del Departamento, actuó de forma ultra vires y en contravención a la ley de salario mínimo aplicable a los empleados Querellantes, pues éstos recibieron un trato injusto, ilegal y discriminatorio, con relación a los sueldos a que tienen derecho respecto a sus puestos y el sueldo que efectivamente se les ha pagado hasta el presente. En particular, porque como consecuencia directa del método de ajuste utilizado para la implantación del salario mínimo, los empleados Querellantes perdieron la posición jerárquica que les correspondía dentro del sistema de escalas establecido en el Departamento bajo la Ley de Retribución, y se les pagó ilegalmente el mismo salario que el recibido por el conserje y trabajador, a pesar de realizar funciones de más responsabilidad y complejidad. Por ende, se les privó del derecho garantizado por ley a recibir una compensación superior, en forma ascendente, a tono con las funciones que realizan y la jerarquía, niveles de responsabilidad y complejidad de sus respectivos puestos y que estuviera a tono con

PÁGINA 3

el valor de su trabajo dentro del mercado de empleo.

7. Que la situación arriba descrita con el transcurso del tiempo se convirtió en más crítica, pues al entrar en vigor nuevos aumentos en el salario mínimo, se fueron afectando de la misma manera mayor número de empleados, con el resultado de que para 1996 llegaron a recibir el mismo salario del conserje, todos los empleados que estaban asignados hasta el nivel 19, en la escala retributiva, irrespectivamente de la complejidad de las funciones y responsabilidades asignadas a sus puestos.

8. Que aunque a 1996 el Departamento de la Familia adoptó tardíamente una nueva estructura de retribución que conformaba con el salario mínimo entonces vigente y restableció temporalmente la diferencia entre los distintos niveles, dicho Departamento no cumplió con los mecanismos establecidos en el Reglamento de Retribución, ni con las normas adoptadas por OCAP cuando practicó la asignación de los sueldos que le correspondía a los Querellantes resultando los empleados perjudicados.

9. Que la situación antes descrita constituyó un acto temerario, crasamente negligente, fraudulento y un enriquecimiento injusto, por los siguientes hechos:

A. Porque el Departamento de la Familia conocía que desde la fecha en que inicialmente implantó el salario mínimo se estaba beneficiando por los servicios prestados por los aquí Querellantes al no pagarles la justa compensación. Además, porque con su determinación se violaba las disposiciones del Artículo II, sección 16 de la Constitución del Estado Libre Asociado de Puerto Rico y la doctrina de "comparable worth", pues según se admite en el Memorando 5-94 de 3 de junio de 1994 de OCAP, dicho Departamento, como administrador individual, "debió tomar conocimiento, que no era procedente efectuar la asignación de las escalas, a las escalas correspondientes en el plan que quedó inoperante, pues cuando están las escalas por debajo del salario mínimo no se cumple con la política pública de proveer un trato justo y equitativo en la fijación de sueldos de los empleados".

B. Porque la actuación del Departamento ha sido temerariamente negligente al negarse a corregir su error y ha actuado de forma irrazonable al privar ilegalmente a los empleados Querellantes de los sueldos que les corresponden por ley, ignorando la norma establecida en nuestra jurisdicción desde hace más de 50 años y reiterada por el Honorable Tribunal Supremo en *Olazagasti vs. Eastern Sugar Ass.* 79 DPR 93 (1956), donde claramente se determinó que al aprobar el Congreso Federal la sección 218 de la Ley de Salario Mínimo Federal hizo patente su intención de impedir a los estados, que amparándose en la Ley de Normas Razonables del Trabajo pudieran bajar las normas de trabajo o beneficios más altos existentes en los estados o territorios.

C. Porque la Agencia violó intencionalmente la Ley Número 5 de 20 de noviembre de 1975 y la reglamentación adoptada por OCAP donde

PÁGINA 4

claramente se le impone a las agencias del ELA, la obligación de implantar un programa de reducción de jornada de no contar con los fondos necesarios para implantar el salario mínimo. Máxime, cuando nada existe en esa Ley de donde se pueda inferir una dispensa.

D. Porque el Departamento de la Familia, sus agentes y representantes, tergiversaron y ocultaron deliberadamente a los empleados Querellantes y a otros empleados similarmente situados los derechos que tenían y les hicieron creer que no tenían reclamación legítima alguna contra la agencia, al utilizar como escudo el Memorando General 5-86 que OCAP publicó para facilitar el esquema fraudulento que pretendían implantar y con ello, evitar pagar el salario requerido, al dar la apariencia de que actuaban conforme a derecho, y con esto, evitar que se incoaran reclamaciones.

E. Porque se trata de un patrón de comportamiento, pues aún cuando el Departamento de la Familia conocía de antemano que entrarían en vigor nuevos aumentos en el salario mínimo volvió en septiembre de 1997 y septiembre del 2000, a violar la Ley al no actualizar la estructura retributiva para que armonizara con el salario mínimo. Por lo que perpetuó intencionalmente el sistema paralelo de pago al continuar practicando asignaciones de puestos a la escala inoperante, e impidiendo que la retribución de los Querellantes se administrara de manera justa y conforme a derecho.

F. Porque la Agencia ha mostrado total indiferencia y grave menosprecio respecto al cumplimiento de la ley, pues no existe justificación administrativa válida para que no hubiese tomado las medidas de rigor para corregir la situación por largo tiempo denunciada pues mantuvo a un significativo grupo de empleados asignados a escalas más altas y cuyas tareas son más complejas, devengando el mismo salario básico del conserje.

G. Porque en clara violación a la aplicación del salario mínimo y represalia, la Agencia también se negó a hacerles efectivos los aumentos generales concedidos a todos los empleados públicos mediante las Leyes Número 410 de 8 de octubre de 2000 y 413 de 21 de diciembre del 2000 y otros aumentos a que tenían derecho por sus servicios, en virtud de otras leyes especiales.

10. Que las actuaciones del Departamento de la Familia, según arriba descrito, viola la sección 760 (e) inciso (4) de la Ley de Retribución, pues cuando finalmente adoptó la nueva estructura revisada, eliminó más de tres escalas, en abierto menosprecio de la letra clara del estatuto de retribución.

11. Que la determinación del Departamento de la Familia al mantener inoperante la estructura de la retribución de la agencia por tiempo indefinido, violó de forma intencional los Artículos 1,2, y 9 de la Ley de Retribución Uniforme y las secciones 4.2, 4.4, 4.5, y 4. 6 incisos (2), (3), (5) y (8), del Reglamento de

PÁGINA 5

Retribución, entre las más importantes y que requiere asignar anualmente todas las clases de puestos dentro del servicio de carrera para mantener actualizada la estructura de retribución con el propósito lograr y mantener la equidad retributiva, ante la marcada diferencia de salarios entre el sector privado y las corporaciones públicas, *vis a vis* las agencias del sector público central, 3 L.P.R.A. sección 760 (d)(5).

12. Que la actuación del Departamento de la Familia también viola los derechos adquiridos de los Querellantes conforme a las disposiciones de la sección 4.4(3) del Reglamento de Retribución Uniforme que requiere y exige que los planes de retribución mantengan una correlación entre el valor relativo que se asigne a las escalas en los respectivos planes de clasificación y el valor monetario que se asigne a ésta mediante sueldos, para garantizar la política retributiva establecida de proveer un trato justo a los empleados.

13. Que la Agencia también violó el Reglamento de Retribución, en lo referente a la aplicación de las escalas de sueldo uniforme para aquellas clases de puestos que sean equivalentes para mantener una correlación entre el valor relativo que se asigne a las clases dentro la jerarquía, violando las secciones 4.2 y 4.4 del Reglamento de Retribución, pues se dejó de reconocer el valor relativo que tienen asignados los diferentes puestos dentro de la estructura de retribución.

14. Que con la acción y omisión incurrida por la Agencia se dejó de compensar adecuadamente los empleados Querellantes dentro del periodo en controversia, a tono con el justo valor por los servicios prestados, ya que no se tomó en consideración los niveles de responsabilidad y dificultad que envuelven los puestos que ocupan los Querellantes dentro de la jerarquía organizativa; el grado de discreción que se requiere en el descargo de los deberes y responsabilidades; los requisitos mínimos para el descargo de forma satisfactoria de los deberes de los puestos o el grado de dificultad de reclutamiento de empleados idóneos; las oportunidades de ascenso; las condiciones de trabajo en las diferentes clases de puestos; los sueldo que prevalecen el mercado de trabajo y el costo de vida; y la eficiencia y productividad individual de los empleados.

15. Que las acciones y omisiones de la Agencia constituyen una acción ilegal que ocasiona daños irreparables de carácter continuo a los Querellantes, pues le ha menoscabado derechos adquiridos y el nivel de vida e ingresos que necesitan para su sustento básico.

- ***Eliminación pasos por méritos los pasos por mérito, productividad y años de servicio, y los aumentos generales***

16. Que como parte del esquema discriminatorio incoado por la Agencia mediante el mecanismo de ajuste salarial utilizado para implantar el salario mínimo, y a pesar de ser la Ley de Retribución Uniforme perfectamente armonizable, y en la misma fecha en que entra en aplicación el salario mínimo y sus enmiendas, en violación del debido proceso de ley, el Departamento de la Familia procedió a eliminar, en todo o en parte, los pasos por mérito, productividad y años de servicio,

PÁGINA 6

y los aumentos generales otorgados a los empleados Querellantes en virtud de las leyes especiales vigentes.

17. Que estando los diversos estatutos identificados en previamente extremadamente claros y libre de toda ambigüedad y tener el propósito al conceder los aumentos generales, el mejorar las condiciones de trabajo y los sueldos de los empleados beneficiados, y que éstos se concedieran y reconocieran de forma separada e independiente de las escalas, los mismos constituyen una compensación especial que no está sujeta a menoscabo, por constituir derechos adquiridos y por tanto, no agotan el margen salarial de la escala retributiva de los empleados.

18. Que mediante la aprobación de los aumentos generales otorgados a los Querellantes mediante las leyes especiales previamente identificadas, el legislador expresamente hizo reserva del fondo general para el pago de los mismos. Por lo que la Agencia actuó en forma ultra vires y contrario a derecho, y por tal razón, se reclama el pago de cualquier aumento y de todo aumento de paso o sueldo que no se haya efectuado a los Querellantes a tenor con las leyes arriba mencionadas.

19. Que bajo los mismos hechos operacionales se plantea que las determinaciones y omisiones incurridas por la Agencia se llevó a cabo "so color de autoridad", de forma arbitraria, ilegal e irrazonablemente, pues constituyó un abuso de discreción, y claro acto de represalia, según tipificado bajo la Sec. 215 de la Ley de Normas Razonables del Trabajo. También se plantea que dicho acto forma parte de un patrón de comportamiento, pues se repite cada vez que entra en aplicación nuevos aumentos en el salario mínimo, y porque persigue la privación de los derechos constitucionales de los Querellantes, según garantizados bajo estatutos federales y estatales.

20. Que los actos y omisiones de los demandados, según arriba descrito, también violan expresamente la sección 218 de la Ley de Normas Razonables del Trabajo que extiende y concede a los empleados la norma de mayor beneficio. En adición viola la Ley Número 115 de 20 de diciembre de 1991 al privar a los Querellantes del justo salario y valor real de sus servicios y beneficios adquiridos, y por haber tenido que recurrir ante los foros judiciales y administrativos para reclamar sus derechos.

21. Que los Querellantes han recibido un trato injusto, ilegal y discriminatorio en relación al salario que le corresponde por ley al dejarse inoperante la estructura de retribución en la agencia, y habérsele eliminado sin facultad de ley los pasos por mérito, por años de servicio activo, productividad y los aumentos legislativos previamente recibidos.

22. Que aunque está reconocido por nuestro ordenamiento que las actuaciones administrativas ilegales o incorrectas no crean derechos, y que el Departamento de la Familia posee la autoridad legal para corregir sus propios errores, según establecido en *Del Rey vs. JACL,* 107 DPR 348 (1978), dicha parte se ha negado a pagar las cantidades adeudadas a los Querellantes por concepto de todas las leyes que proveen para el pago de sueldos dejados de percibir. Por lo que

PÁGINA 7

los Querellantes poseen un interés especial en la presente reclamación debido a que se trata de la reclamación para el pago de compensación por servicios rendidos.

## C. PETICIÓN DE LOS QUERELLANTES:

a. Que se ordene al Departamento de la Familia a cumplir estrictamente con las disposiciones más beneficiosas provistas bajo la Ley de Retribución Uniforme aplicables a los Querellantes y se corrija cualquier posible inequidad en el sistema de pago utilizado para la implantación del salario mínimo, mediante la adopción de las estructuras retributivas que debieron implantarse en las fechas correspondientes, de forma que se le pague a cada querellante conforme el nivel jerárquico o tipo retributivo a que están asignados sus respectivos puestos y se les restituya los sueldos correspondientes al incremento porcentual que les fue ilegalmente retenido cuando dejó inoperante el Plan de retribución de esa agencia.

b. Se ordene el pago de cualquier otro aumento que no se les hubiese hecho efectivo a los Querellantes, conforme a las leyes y reglamentos aplicables.

c. Se determine el monto de los salarios adeudados a cada querellante y a los efectos se Ordene a la Agencia a preparar y producir las hojas de cómputo y liquidación preparadas por la División de Personal de la agencia, en la que se indiquen los años en que no se les pagó debidamente a los empleado.

d. Se concedan todos los remedios provistos por las disposiciones legales aplicables.

**OFICINA DEL GOBERNADOR**
LA FORTALEZA
SAN JUAN, PUERTO RICO 00901



12 de abril de 1983

El 1ro de junio de 1983, comenzarás a recibir una bonificación especial que se te pagará de la siguiente forma:

$50 el 1ro de junio de 1983
$30 el 1ro de julio de 1983
$50 el 31 de julio de 1983
$30 el 31 de agosto de 1983
$30 el 30 de septiembre de 1983

La bonificación que habrás de recibir además de tu sueldo, se logró con la aprobación de la Ley Núm. 12 de 27 de agosto de 1982. En tu caso particular representa una cantidad total de $190 en un período de 4 meses.

Debido a que la situación económica de nuestro país continúa difícil y que tenemos compromisos y prioridades ineludibles, sometí legislación ante las Cámaras Legislativas con el propósito de implantar un plan por etapas encaminado a mejorar la condición retributiva de los empleados públicos.

Dicho plan entrará en vigor el 1ro de octubre de 1983, conforme a la Ley Núm. 12 de 27 de agosto de 1982, y a legislación sometida. En esta ocasión, el 1ro de octubre de 1983, recibirás un aumento de $30 mensuales en tu sueldo regular que como tal será permanente y se habrá de considerar para los fines del cómputo de pensiones, de tu margen prestatario y para otros beneficios marginales.

-02-

Posteriormente, el 1ro de abril de 1984, o sea 6 meses después de haber recibido tu primer aumento en sueldo, entrarán en vigor nuevas escalas salariales, las que forman parte de un plan integral de retribución desarrollado por una firma consultora bajo la coordinación de la Oficina Central de Administración de Personal.

Las nuevas escalas de retribución que entrarán en vigor en estas fechas están desarrolladas en una base porcentual y superan en todos los tipos retributivos a las vigentes. La adopción de estas nuevas escalas te traerá un segundo aumento de sueldo. Este aumento será variable y su cuantía dependerá de la clasificación de tu puesto y del paso a que corresponda tu sueldo al entrar en vigor las nuevas escalas. En el caso de los empleados de carrera, el tipo mínimo vigente se incrementará desde $57 hasta $125 mensuales y, como te dije anteriormente, el aumento individual a recibir en dicha cantidad dependerá de la clasificación de tu puesto y del paso a que corresponda tu sueldo.

Para determinar el aumento neto que recibirás en virtud de las nuevas escalas de sueldos, deberás restarle el adelanto que ya se te habrá otorgado de $30 mensuales a partir del 1ro de octubre de 1983, al efecto bruto que tendrán las nuevas escalas sobre tu sueldo individual.

En años fiscales futuros se implantarán las otras 2 etapas de la reestructuración salarial, de acuerdo a los recursos disponibles que conllevan revisiones de las estructuras salariales. Cuando se adopte la tercera etapa, los mínimos de las escalas vigentes para los empleados de carrera, se incrementarán desde $169 mensuales hasta $375 mensuales, dependiendo del nivel de clasificación.

Esta acción representa un esfuerzo adicional de nuestra Administración por hacer justicia a los trabajadores en el servicio público, cuyos salarios tradicionalmente se han mantenido por debajo de las tendencias retributivas que se registran en el sector privado. Además, constituye una forma de compensar irrevocablemente y en forma permanente a los empleados públicos, ya que los ajustes salariales se hacen de conformidad con la realidad presupuestaria de nuestro gobierno, así que puedes tener la seguridad de que los mismos se harán efectivos en las fechas en que se dispone y no serán cancelados ulteriormente.

Espero haber clarificado todo lo concerniente a la situación salarial de los empleados de carrera, según se proyectó por los aumentos propuestos a la Asamblea Legislativa y por la implantación de las nuevas escalas salariales al 1ro de abril de 1984.

Cordialmente,

Carlos Romero Barceló