UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------x
In re:                                             :
                                                   :
THE FINANCIAL OVERSIGHT AND                        :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                  :  Title III
                                                   :
        as representative of                       :  Case No. 17-BK-3283 (LTS)
                                                   :
THE COMMONWEALTH OF PUERTO RICO et al.,            :  (Jointly Administered)
                                                   :
        Debtors.¹                                  :
------------------------------------------------------------------------x
In re:                                             :
                                                   :
THE FINANCIAL OVERSIGHT AND                        :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                  :  Title III
                                                   :
        as representative of                       :  Case No. 17-BK-3567 (LTS)
                                                   :
THE PUERTO RICO HIGHWAYS AND                       :
TRANSPORTATION AUTHORITY,                          :
                                                   :
        Debtor.                                    :
------------------------------------------------------------------------x
```

**PARTIAL JOINDER OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF OPPOSITION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO MOTION OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AMBAC ASSURANCE CORPORATION, NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, AND FINANCIAL GUARANTEE INSURANCE COMPANY FOR RELIEF FROM AUTOMATIC STAY OR, IN THE ALTERNATIVE, ADEQUATE PROTECTION [ECF NO. 673]**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[2] hereby files this partial joinder (the "Partial Joinder") in support of the Financial Oversight and Management Board for Puerto Rico's ("Oversight Board") *Opposition of Financial Oversight and Management Board for Puerto Rico to Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guarantee Insurance Company for Relief From Automatic Stay or, in the Alternative, Adequate Protection [ECF No. 673]* (the "Opposition") [Docket. No. 680 in Case No. 17-3567], filed in response the *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief From the Automatic Stay, or, in the Alternative, Adequate Protection* [Docket No. 673 in Case No. 17-3567] (the "Motion"). In connection with the Opposition, the Committee respectfully states as follows:

1. The Committee hereby joins the Oversight Board with respect to paragraphs 19-36, paragraphs 59-64, paragraphs 70-73, paragraph 74 (excluding the phrase "and HTA does not have any 'rights' in that property. 19 L.P.R.A. § 2233(b)(2)"), paragraphs 75-79, paragraph 83, paragraphs 87-91, and paragraphs 101-122 of the Opposition. For the avoidance of doubt, the Committee does not join the Oversight Board with respect to any argument regarding (a) the retention of the HTA Allocable Revenues by the Commonwealth or (b) the pre-emptive effect of sections 201 and 202 of PROMESA. The Committee reserves its rights to adopt any arguments that it has not expressly joined in the future in this or other proceedings, as well as to raise

---

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

2

additional arguments beyond the issues to be addressed at the preliminary hearing on the Motion (*i.e.*, standing and secured status).

2. In addition, the Committee wishes to make the following additional points in support of dismissal of the Motion.

3. **2015 amendments to the HTA Enabling Act demonstrate the limited nature of HTA Bondholders' security interest.** As explained in greater detail in the Opposition, the HTA Bondholders' security interests are limited to security interests granted by HTA for the benefit of the HTA Bondholders in those HTA Allocable Revenues that are both (1) received by HTA, and (2) deposited to the credit of the Pledged Funds. In contrast, in 2015, the HTA Enabling Act was amended to provide for the creation of a statutory lien granted by the Commonwealth for the benefit of the holders of the Bonds on certain revenues allocated by the Commonwealth to HTA (in order to prevent them from becoming HTA Allocable Revenues). The provisions of the HTA Enabling Act (a) expressed the lien as being on the "gross revenues" allocated by other Commonwealth statutes to HTA, and (b) mandated the establishment of a "payment mechanism" whereby the pledged revenues would be paid directly by the Commonwealth to the Fiscal Agent for the benefit of the holders of the HTA Bonds. HTA Enabling Act §§ 12A(b)(1), 12A(b)(2), and 12A(h), as set forth in Act 1-2015. This provision never came into effect because the specified conditions for its effectiveness were never satisfied. Nevertheless, the point of reference provided by this provision is compelling, because it stands in sharp contrast to the limited lien provisions of the Bond Resolutions.

4. **Judicial estoppel does not apply to the Committee.** The Motion argues that the Oversight Board and HTA are judicially estopped from taking certain positions in litigation that occurred prior to the filing of the Title III cases. *See* Motion ¶ 70. Without taking a position on

3

whether judicial estoppel applies, such arguments cannot apply to the Committee, which did not even exist at the time the purported "judicial admissions" were made.

## CERTIFICATION

Pursuant to Section 7 of the *Amended Interim Case Management Order for Revenue Bonds* [Docket No. 678 in Case No. 17-3567], the Committee certifies that it has taken reasonable efforts by coordinating with the Oversight Board to avoid duplicative briefing or to avoid submitting a brief that is not longer than necessary.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that this Court deny the Motion.

Dated: February 3, 2020

By: /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: /s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*