# EXHIBIT 11

Rexach Const. Co., Inc. v. Mun. of Aguadilla, 1996 JTS 158 (1996)
143 D.P.R. 85

1996 JTS 158, 142 D.P.R. 85, 1996 WL 753841 (P.R.)

Rexach Construction Co., Inc., Appellee

v.

Municipality of Aguadilla, Appellant

In the Supreme Court of Puerto Rico
No. AC-96-43
San Juan, Puerto Rico, December 6, 1996
DEC 06, 1996

## Synopsis

Court of First Instance:  Judge of First Instance of Aguadilla, Hon, Miguel A. Montalvo Rosario

Appeal originating from the Circuit Court of Appeals, Regional Circuit IV, Penal Comprised by Hons. Judges German J. Brau Ramírez, Pedro A. Delgado Hernández & Ismael Colon Birriel
Attorneys for Appellant:  Atty. Gregorio Igartúa
Attorneys for the Appellee:  Atty. Rusell Del Toro & Laura Escalante of the Lw Offices of Del Toro & Santana.

## PER CURIAM

*1   In Las Piedras Construction Corp. v. Municipality of Dorado, res. on January 28, 1994, 94 CDT 3, we annulled an arbitration, based on the fact that it constituted an impermissible scheme of double taxation over the same economic event.  We provided also that until there entered into effect Law No. 93 of November 17, 1992, the Patent Law in effect since 1974 did not authorize this.[2]

Certified to be a true and correct
translation from its original.
Aída Torres, USCCI
Tel. 787.225.8218
Fax: 787.723.9488

2

Subsequently there were initiated several judicial actions in which the petitioners claimed the return of the construction excise taxes paid to different municipalities. They alleged, if the decision of Las Piedras Construction Corp. v. Municipio, supra, was retroactive. Due to its repetitive nature, we agreed to issue and rule regarding said extreme.[3]

## I

Luan Investment Corp. contracted Rexach Construction to construct a commercial center in the municipality of Aguadilla. As a condition prior to obtaining the construction permit, on April 22, 1991, Rexach paid $181,080.00 for excise taxes[4] pursuant to Ordinance Number 15 1977-78.

In 1994, three years later, Rexach requested the reimbursement of the excise taxes paid on April 1991. The Municipality denied its petition based on the fact that it did not impugn its payment within the twenty (20) days of knowing the administrative determination of the municipality.

In June of 1994, Rexach sued the Municipality in the Superior Court, Aguadilla Part. The illustrious court of first instance (Hon. Miguel A. Montalvo Rosario), ordered the reimbursement. The reputed Circuit Court of Appeals (Hons. Brau Ramírez, Colón Birriel and Delgado Hernández, confirmed. The Municipality resorted to us. It alleges the expiration of the request for reimbursement of Rexach and an error in retroactively applying our jurisprudence.

## II

In the judicial scope, on more than one occasion we have stated that a decision can have a prospective as well as a retroactive effect.[5] "There is no constitutional repair for a court of last instance when announcing a doctrinary decision, to select if the same has been retroactive or prospective." Monclova v. Financial Credit Corp., 83 D.P.R. 770, 787, n. 15 (1961). It involves a discretional judicial exercise, based on "considerations of public policy and social

**Certified to be a true and correct
translation from its original.
Aída Torres, USCCI
Tel. 787.225.8218
Fax: 787.723.9488**

3

order, since our North should be 'to grant fair and equitable remedies that respond to the best social cohabitation.'". Gorbea Vallés v. Registrador, 92 CDT 91, res. on June 30, 1992.

As guiding criteria to declare the retroactivity or prospectivity of a judicial determination, we have recognized (1) the purpose of the new rule to determine if its retroactivity advances it; (2) the trust deposited in the former standard and (3) the effect of the new rule in the administration of justice.

Nevertheless, in the last instance, the determination will be based on considerations of a social nature, in light of the particular facts and circumstances of each case. Gorbea Vallés v. Registrador, supra; Quiles Rodríguez v. Superintendente, 95 CDT 149, res. November 2, 1995; Pueblo v. Báez Cintrón, 102 D.P.R. 30 (1974); Pueblo v. Cruz Jiménez, 99 D.P.R. 565 (1971). In the long run, giving only prospective effects to a decision, is based on an attitude of judicial moderation tending "to prevent violent dislocations in an economic system that has been structured relying on a state of jurisprudence…" Monclova v. Financial Credit Corp., supra, page 787.

**II**

**\*2** In this case, Rexach pretends to apply our decision of 1994 in Las Piedras Construction Co. v. Municipio de Dorado, supra, to a situation that occurred in 1991. In light of the criteria stated, it is not pertinent.

First, in Las Piedras Construction Co. v. Municipio de Dorado, supra, we abstained from conferring a retroactive character to the standard. Second, a pronouncement to that effect would be contrary to the intention of the Legislative Assembly, which precisely amended the Law in 1992 to authorize this double taxation. Third, we have to presume that the cost of the item claimed was visualized and included in the budget of the Luan project and, eventually, collected by Rexach.[6] Fourth, applying the standard retroactively, would entail a proliferation of cases and claims and would have a substantial prejudicial effect

Certified to be a true and correct translation from its original.
Aída Torres, USCCI
Tel. 787.225.8218
Fax: 787.723.9488

4

on the municipal treasury in all of Puerto Rico. Fifth, we do not believe that its retroactive application will advance the purposes that the imposition of a double tax evolves from a clear and express legislative mandate.

The corresponding revocatory judgment will be issued.

## JUDGMENT

In view of what is previously stated in the preceding Per Curiam Opinion, which is made to form an integral part of the present, we revoke the rulings of the Circuit Court of Appeals and of the Superior Court, Aguadilla Part, and, as a result of this, we declare the complaint filed by Rexach Construction Company, Inc. against the Municipality of Aguadilla unfounded.

Thus was pronounced and ordered by the Court and certified by the Secretary General.

Francisco F. Agrait Lladó Secretary General

FOOTNOTES:

FOOTNOTES of the Opinion Per Curiam:

Footnotes

1    Law No. 113, Part 1, Sec. 3 of November 14, 1974.

2    We reiterated this ruling in Nogama Construction Corp. v. Municipio de Aibonito, 94 CDT 73, res. on May 18, 1994.

3    AC-96-44, Rexach Construction Company v. Municipio de Manatí, res. June 21, 1994, negative for lack of jurisdiction; AC-96-26, Bird

Certified to be a true and correct translation from its original.
Aída Torres, USCCI
Tel. 787.225.8218
Fax: 787.723.9488

5

        Construction Company v. Municipio de Naguabo, res. April 24, 1996, (Judgment Rule 54, confirming the ruling of the Circuit Court of Appeals that concluded that the action had expired.); and CC-96-58, Municipio de Guayanilla v. Constructora Lluch, res. March 21, 1996, Denied. (Associate Justice Mr. Jaime B. Fuster Berlingeri would have issued "to be ruled").

4       Reach also complied with the corresponding payments of municipal excise taxes based on its volume of sales in the municipality.

5       The Constitution expressly prohibits the retroactivity of the laws by stating, that no laws will be approved ex post facto. Art. II, Sec. 12. Ths same prohibition is contained in Art. 3 of the Civil Code, 31 LPRA Sec. 3. In no case may a retroactive effect of a law affect the rights acquired pursuant to a prior legislation. See, Vázquez v. Morales, 114 D.P.R. 822 (1983).

6       Ordinary it involves an expense to be taken into consideration when the tax return is rendered.

End of Document    ©2019 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  ©2019 Thomson Reuters. No claim to original U.S. Government Works.

**Certified to be a true and correct translation from its original.
Aída Torres, USCCI
Tel. 787.225.8218
Fax: 787.723.9488**