UNITED STATES DISTRICT COURT

DISTRICT COURT OF PUERTO RICO

RECEIVED & FILED

2020 FEB -6  PM 5: 06

DISTRICT COURT
SAN JUAN, P.R.

--------------------------------------------------------------------------------X

In Re:

                                              PROMESA

THE FINANCIAL OVERSIGHT AND                   Title III

MANAGEMENT BOARD FOR PUERTO RICO

       as a representative of                         No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO,       (Jointly Administered)

*et al.,*

           Debtors

--------------------------------------------------------------------------------X

[Response to Docket #9365]

**SUPPORT FOR MOTION TO DISMISS THE CLAIMS OBJECTIONS**

Dated: February 2, 2020

Mark P. Scher, pro se, submits this Support for Motion to Dismiss the Claims Objections (Docket#9365).

The Claim Objections are extremely unfair to per se investors.

I am a long-time Maryland resident and conservative investor. Maryland is a state with high income taxes. (State and local tax rate of 8.7%.) So, over the course of my career, I amassed a portfolio of Maryland municipal bonds to provide retirement income exempt from state income tax. However, as my retirement approached, it seemed likely that I, my wife, or both of us, would ultimately need to move near one of our daughters for assistance. Since both of our daughters live in high income tax states (New York and Minnesota), I decided to gradually transition from Maryland bonds to those of Puerto Rico. Thus, I could retain a state income tax exemption regardless of where we moved. So, as my Maryland bonds matured, I gradually replaced them with Puerto Rico bonds. I was about halfway through this transition when the Puerto Rico default occurred. My portfolio includes $50,000 face value in Public Improvement Refunding Bonds, Series 2012 A, as well as other general obligation and revenue bonds issued by Puerto Rico.

A court finding that those Refunding Bonds would have no value is completely inequitable:
1. Purchasers who relied on the prospectus and related documents should not be expected to separately conduct an analysis of Puerto Rico's total debt load to confirm the prospectus claims of legitimacy of the bonds.
2. The position of the federally established Financial Oversight and Management Board in objecting to bond claims is unethical. The FOMB is becoming an advocate for minimizing Puerto Rico debt rather than working to find a fair solution for all parties.
3. If the claims objection is upheld, it would establish that a fraud has been perpetrated by Puerto Rico in offering the disallowed bonds for sale. Rather than barring such claims against the Commonwealth, the finding would create a new class of creditors (or victims): those who were defrauded. This might result in new legal actions to seek restitution and civil and criminal penalties from the government of Puerto Rico, the government officials who signed the prospectuses, and the underwriters.

The purpose of a bankruptcy case is to find an equitable settlement for all the parties concerned. Denying consideration to those individuals who relied on the official documents of the Commonwealth does not constitute a fair settlement. I urge the court to deny the Claims Objections.

February 2, 2020

Respectfully Submitted,

Mark P. Scher, Pro Se
10804 Pebble Brook Lane
Potomac, MD  20854
schers@verizon.net