**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>The Financial Oversight and Management Board for Puerto Rico,<br>     as representative of<br>The Commonwealth of Puerto Rico, *et al.*,<br>                     Debtors[1]. | PROMESA<br>Title III<br>No. 17 BK 3283-LTS |
| In re:<br>The Financial Oversight and Management Board for Puerto Rico,<br>     as representative of<br>The Puerto Rico Electric Power Authority,<br>                     Debtor. | PROMESA<br>Title III<br>No. 17 BK 04780-LTS |

## ORDER ON MOTIONS TO SEAL

### I.    INTRODUCTION

This matter is before the Court on the (1) *Urgent Motion to File Under Seal Unredacted Version of Objection Filings of Cortland Capital Market Services LLC, as Administrative Agent, and Solus to PREPA Bondholder Settlement* (Dkt. No. 1704 in 17-BK-4780 and Dkt. No. 9070 in 17-BK-3283) (the "FLL Motion to Seal") filed by Cortland, and SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC (collectively, "the Fuel Line Lenders" or the "FLL")

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

in connection with the *Objection of Cortland Capital Market Services LLC, as Administrative Agent, and Solus to PREPA Bondholder Settlement* (Dkt No. 1700 in 17-BK-4780 and Dkt. No. 9068 in 17-BK-3283) (the "FLL Objection"), and (2) the *Urgent Motion to File Under Seal Official Committee of Unsecured Creditors' Objection to Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928 and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlement Embodied in Restructuring Support Agreement* (Dkt. No. 1705 in 17-BK-4780 and Dkt. No. 9073 in 17-BK-3283) (the "UCC Motion to Seal") filed by the UCC in connection with the *Official Committee of Unsecured Creditors' Objection to Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928 and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlement Embodied in Restructuring Support Agreement* (Dkt. No. 1701 in 17-BK-4780 and Dkt. No. 9071 in 17-BK-3283) (the "UCC Objection"). The Court has also received and reviewed supplemental briefs from Christian Sobrino (Dkt. No. 1803 in 17-BK-4780 and Dkt. No. 9444 in 17-BK-3283), Assured[2] (Dkt. No. 1804 in 17-BK-4780 and Dkt. No. 9448 in 17-BK-3283), the Government Parties (Dkt. Nos. 1805 and 1817 in 17-BK-4780 and Dkt. No. 9450 in 17-BK-3283), the Ad Hoc Group of PREPA Bondholders (Dkt. No. 1806 in 17-BK-4780 and Dkt. No. 9452 in 17-BK-3283), and the FLL (Dkt. No. 1813 in 17-BK-4780).

In the FLL Motion to Seal and the UCC Motion to Seal, the movants seek orders from the Court permitting the filing of the full, unredacted versions of the FLL Objection (Dkt. No. 1700[3])

---

[2] Capitalized terms not defined herein shall have the meanings given to them in the UCC Motion to Seal.
[3] Docket numbers will refer to Case No. 17-BK-4780 unless otherwise noted.

2

and the UCC Objection (Dkt. No. 1701) under seal to prevent the public disclosure of certain documents marked "Confidential" or "Professional Eyes Only" pursuant to the General Protective Order and/or the Sobrino Protective Order.

The Court allowed temporary sealing of both the FLL Objection and the UCC Objection and requested supplemental briefing justifying continued sealing of both briefs and their related attachments. (See Dkt. Nos. 1724 and 1723). Christian Sobrino, the Government Parties, the Ad Hoc Group of PREPA Bondholders, and the FLL submitted supplemental briefing. For the reasons provided herein, the Court ALLOWS the FLL Motion to Seal in accordance with this Order, and ALLOWS IN PART and DENIES IN PART the UCC Motion to Seal.

## II. ANALYSIS

11 U.S.C. § 107(a) provides that the "dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." "The right of public access is rooted in the public's First Amendment right to know about the administration of justice. The public interest in openness of court proceedings is at its zenith when issues concerning the integrity and transparency of bankruptcy court proceedings are involved, as they are in this matter." In re Motors Liquidation Co., 561 B.R. 36, 41 (Bankr. S.D.N.Y. 2016) (quoting In re Food Mgmt. Grp., LLC, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007). See also Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.), 422 F.3d 1, 7 (1st Cir. 2005) ("This governmental interest [in public access to court records] is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system.") (internal quotation omitted); In re Rivera, 524 B.R. 438, 442 (Bankr. D.P.R. 2015) ("Section 107(a) of the Bankruptcy Code codifies the

3

public's common law right to inspect and copy judicial records and creates a presumption that all documents filed in a bankruptcy case are accessible to the public and subject to examination by the public at reasonable times without charge."). Accordingly, the Court recognizes a strong presumption and public policy favoring public access to court records and "only the most compelling reasons" can override the public's right of access to judicial records. In re Gitto Global Corp., 422 F.3d at 6 (quoting FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410 (1st Cir.1987)).

Still, open access to court records is not unlimited. 11 U.S.C. § 107(b)(1) provides a narrow exception to the general rule of open access to court records where necessary to "protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]" "If the information that a party requests to file under seal properly fits any of the specified categories in Section 107(b), 'the court is required to protect a requesting interested party and has no discretion to deny the application.'" In re Motors Liquidation Co., 561 B.R. at 42 (quoting Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994)). "However, if the information does not fall into a specified category, the information must be made publicly available." Id., (citing In re Food Mgmt. Grp., LLC, 359 B.R. at 554). See also In re Rivera, 524 B.R. at 443 ("If the § 107(b) exceptions do not apply, the inquiry is complete and the Court's decision will favor public access.") (internal quotation omitted).

"The moving party bears the burden of showing that the information is confidential." In re Borders Grp., Inc., 462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011) (citation omitted). The burden of proof is heavy, requiring an "extraordinary circumstance or compelling need." In re Orion

4

Pictures Corp., 21 F.3d at 27. See also 2 Collier on Bankruptcy P 107.03 (16th 2019) ("Any limitation on the public's right of access, however, must be viewed as an extraordinary measure that is warranted only under rare circumstances.").

Fed. R. Bankr. P. 9018 establishes the procedure for sealing under Section 107 and provides that "[o]n motion or on its own initiative . . . the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter . . . or (3) to protect governmental matters that are made confidential by statute or regulation." "Fed. R. Bankr. P. 9018 does not expand a bankruptcy court's ability to limit access to papers filed beyond the powers conferred in Section 107 of the Bankruptcy Code nor does it provide a separate basis for relief." In re Rivera, 524 B.R. at 443.

With respect to Section 107(b)'s confidential commercial information exception, the moving party must establish that the information is "so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit the entity's competitors." In re Borders, 462 B.R. at 47-48 (internal quotation and citation omitted).

Here, having reviewed carefully the parties' submissions and the documents filed under seal, the Court concludes that the following categories of information will remain under seal pursuant to Section 107(b):

1. Documents and deposition testimony related to current, ongoing negotiations concerning the PREPA Transformation, including the number and identity of potential operators and bidders, which fall under Section 107(b)'s confidential commercial

5

information exception.  Disclosure of this information risks disrupting the ongoing bidding and negotiation process and potentially harming PREPA's planned Transformation.  The fact that the Transformation exists, however, is not confidential and documents and/or testimony that discuss the fact of the Transformation shall be un-sealed.

2. Confidential commercial information of Assured where disclosure of such information would risk competitive harm to Assured.

The Court concludes that the following categories of documents as reflected in the documents at issue here do not qualify for continued sealing:[4]

1. Communications between PREPA and its advisors and creditors concerning the negotiation of the Preliminary RSA and the Definitive RSA.  PREPA has objected to the disclosure of this information on the grounds that it may interfere with its ability to negotiate with other creditors.  The Court concludes that, because the RSA has been finalized, this information is stale and non-sensitive, and does not reflect current negotiating positions or strategies of the parties.  Disclosure of such information will not unfairly harm PREPA in negotiations with creditors who have not yet seen this information.  The RSA is a public document that describes the deals reached by PREPA and the supporting holders, and the 9019 Hearing will go forward in open court.  Accordingly, the information does not fall within one of the exceptions to the general

---

[4] Nothing herein is intended to control the unsealing of documents filed under seal in connection with other motions.

rule of public access to court documents. Furthermore, there is a strong public interest in disclosure of this information.

2. Testimony of Christian Sobrino. Mr. Sobrino has requested that this information remain under seal pending the conclusion of all criminal investigations and any criminal proceedings that are filed as a result of the investigations. However, he has not linked any specific testimony or documents attached to the FLL Objection or the UCC Objection to any pending or future criminal investigation. Moreover, Mr. Sobrino's testimony does not fall within any of the enumerated exceptions to public access to court documents under Section 107(b).

### III. Specific Rulings

**A. The UCC Objection**

The Government Parties seek continued sealing of Exhibits 4, 8, 12, 28, 29, 52, 53, 54, 55, and the deposition transcript excerpts of Chapados (Exhibit 41), Jaresko (Exhibit 2), Sobrino (Exhibit 5), Brownstein (Exhibit 10), Batlle (Exhibit 25), and Skeel (Exhibit 27).[5] Assured seeks continued sealing of Exhibits 21, 22 and 51. The Ad Hoc Group joins in the portions of the Government Parties' response and Assured's response to the extent they seek continued sealing of documents and testimony related to negotiations between the Government Parties and the Ad Hoc Group. The Ad Hoc Group also seeks continued sealing of the Spencer deposition transcript (Exhibit 20), and portions of the Skeel deposition transcript (Exhibit 27), or

---

[5] Where no party has advocated for the continued sealing of any particular exhibit, the Court will un-seal that exhibit.

7

at a minimum, redaction of the name of the Ad Hoc Group member mentioned in the Skeel Deposition Transcript.

The Court hereby ORDERS as follows:

A. Exhibits 21 and 22 shall remain sealed because they contain confidential commercial information of Assured.

B. Exhibits 4, 5, 8, 10, 12, 20, 28, 29, 51, 52, 53, 54 and 55 shall be filed publicly. These exhibits contain information related to the negotiation of and voting on the Preliminary RSA and the Definitive RSA. For the reasons explained above, such information is not within a Section 107(b) exception.

C. Exhibits 2, 25, 27, and 41, which are deposition transcript excerpts, shall be filed publicly with redactions consistent with this Order. All references in the transcripts to the ongoing negotiation and bidding process for PREPA's Transformation shall be redacted, including the number and identity of potential operators and bidders. References to the redacted portions of the transcripts in the UCC Objection may also remain redacted. All remaining portions of the transcripts and the brief shall be filed publicly. The UCC is instructed to redact each deposition transcript and related portions of the UCC Objection consistent with this Order, and to meet and confer with the other parties prior to filing the redacted exhibits to ensure compliance with this Order. If disputes remain after the meet and confer, the parties may seek specific rulings from the Court.

Once all disputes are resolved, the UCC shall re-file the UCC Objection and its related documents with redactions on the public docket in accordance with this Order. When re-filing

8

the Objection and related documents, the UCC must relate the new filing to the original UCC Objection and this Order and must use the CM/ECF event "objection."

The UCC is authorized to file Exhibits 21 and 22 under seal. References to Exhibits 21 and 22 in the UCC Objection shall be redacted. The Clerk of Court shall allow access to the sealed Exhibits to those parties who have signed the Stipulated Protective Order (Dkt. No. 1322 in 17-BK-4780).

Please contact the Clerk's Office if there are any questions concerning the filing process.

### B. The FLL Objection

The Government Parties seek continued sealing of Exhibits 2, 14, and 15 of the FLL Objection. Based upon the evidence presently before the Court, the Court finds that the Government Parties have made a general case for continued sealing under the confidential commercial information exception as to Exhibits 2, 14, and 15. Consequently, the FLL Motion to Seal is ALLOWED as to Exhibits 2, 14, and 15. However, additional information about these documents and the need for them to remain confidential may be disclosed to the Court in connection with the 9019 Hearing. Thus, this Order is without prejudice to any party moving to unseal Exhibits 2, 14, or 15 in light of other evidence that may be disclosed in connection with the 9019 Hearing.

The FLL shall re-file the FLL Objection and related documents on the public docket in accordance with this Order. When re-filing the FLL Objection and related documents, the FLL must relate the new filing to the original FLL RSA Objection and this Order and must use the CM/ECF event "objection."

9

The FLL are authorized to file Exhibits 2, 14, and 15 under seal. References to Exhibits 2, 14, and 15 in the FLL Objection shall be redacted. The Clerk of Court shall allow access to the sealed Exhibits to those parties who have signed the Stipulated Protective Order (Dkt. No. 1322 in 17-BK-4780).

Please contact the Clerk's Office if there are any questions concerning the filing process.

This Order resolves Dkt. Nos. 1704, 1705 and 1806 in 17-BK-4780 and Dkt. Nos. 9070, 9073 and 9452 in 17-BK-3283.

SO ORDERED.

Dated: February 7, 2020

/s/ Judith G. Dein
HONORABLE JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE