# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ X
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.,* : (Jointly Administered)
:
    Debtors.[1] :
------------------------------------------------------------------------ X

**MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 502 AND BANKRUPTCY RULE 3007, (A) SETTING BRIEFING SCHEDULE AND HEARING DATE FOR OMNIBUS OBJECTION TO CLAIMS FILED OR ASSERTED AGAINST COMMONWEALTH BY HOLDERS OF GENERAL OBLIGATION BONDS ASSERTING PRIORITY OVER OTHER COMMONWEALTH UNSECURED CREDITORS [DOCKET NO. 10638], (B) APPROVING FORM OF NOTICE AND (C) GRANTING RELATED RELIEF**

To the Honorable United States District Judge Laura Taylor Swain:

    The Official Committee of Unsecured Creditors (the "Committee")[2] hereby submits this motion (the "Motion"), pursuant to sections 105(a) and 502 of Title 11 of the Bankruptcy Code,[3]

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (Last Four Digits of Federal Tax ID: 3801)(Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[3] Capitalized terms used but not defined herein shall have the meanings given to them in the GO Priority Objection (defined below).

1

made applicable to these Title III cases by section 301(a) of PROMESA, and Rule 3007 of the Bankruptcy Rules, made applicable to these Title III cases by section 310 of PROMESA, requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), setting a briefing schedule and hearing date for the GO Priority Objection (defined below), approving the form of notice (the "Objection Notice") of the foregoing, and granting related relief. In support of this Motion, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. On February 3, 2020, the Committee filed the *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted Against Commonwealth by Holders of General Obligation Bonds Asserting Priority Over Other Commonwealth Unsecured Creditors* [Docket No. 10638] (the "GO Priority Objection"). In the GO Priority Objection, the Committee seeks a ruling (a) reclassifying claims (filed or unfiled) based on the Commonwealth's general obligation bonds or bonds guaranteed by the Commonwealth (the "GO Bonds," and the holders and insurers of such bonds, "GO Bondholders") as general unsecured claims and (b) declaring that such claims are not entitled to priority over other general unsecured claims in the Commonwealth's Title III case.[4]

2. The Committee files this Motion to request that the Court set a briefing schedule and hearing date for the GO Priority Objection, approve the Objection Notice, and authorize the Committee to object to the GO Bonds on an omnibus basis.

---

[4] Nothing is intended herein to limit the ability of the Committee, or any other party in interest, to object to the GO Bonds on grounds other than as set forth in the GO Priority Objection, or waive any prior objection to the GO Bonds, and the Proposed Order so provides.

2

3. Previously, the Committee and the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting through its Special Claims Committee, objected to claims filed or asserted arising from certain series of general obligation bonds issued by the Commonwealth (the "2012-2014 GO Bond Objection").[5] In connection with the 2012-2014 GO Bond Objection, the Committee and the Oversight Board obtained approval of procedures governing the litigation of such objection.[6] Pursuant to such procedures, holders of bonds and other interested parties that wanted to participate in the litigation of the 2012-2014 GO Bond Objection had to submit notices of participation. The procedures required parties to meet and confer regarding a recommendation to the Court for further procedures to govern the litigation, including "anticipated legal and factual disputes, the sequence and timing of discovery [and] anticipated dispositive motion practice."[7]

4. The GO Priority Objection requires no such procedures. It raises a discrete issue of law: Are the GO Bonds entitled to priority in a Title III case under PROMESA? There is no need for discovery, or even any factual inquiry. Accordingly, the GO Priority Objection is ripe for dispositive briefing at this time.

---

[5] *Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds.* [Docket No. 4784]

[6] *Order, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, Establishing Initial Procedures With Respect to Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Granting Related Relief* (the "GO Procedures Order"). [Docket No. 5143]

[7] *See Initial Procedures for Resolving Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds*, annexed as Exhibit 2 to the GO Procedures Order.

5.  As a result, the Committee requests that this Court set a briefing schedule and a date for a hearing of the GO Priority Objection and approve the Objection Notice, substantially in the form attached to the Proposed Order as **Exhibit 1**. In addition, the Committee requests that the Court authorize the Committee to proceed with the GO Priority Objection on an omnibus basis, just as the Court authorized in the GO Procedures Order.

## JURISDICTION, VENUE, AND STATUTORY BASES

6.  The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

7.  Venue is proper pursuant to section 307(a) of PROMESA.

8.  The statutory bases for the relief requested herein are sections 105(a) and 502 of the Bankruptcy Code, made applicable to these Title III cases by section 301(a) of PROMESA, and Bankruptcy Rule 3007(d), made applicable to these Title III cases by section 310 of PROMESA.

## REQUESTED RELIEF

9.  The Committee requests that this Court schedule the GO Priority Objection to be heard at the June 3, 2020 omnibus hearing, and set an appropriate briefing schedule. The Committee further requests that the Court approve the form of the Objection Notice.[8] The Committee will serve the Objection Notice in the same manner that it served the notice of the 2012-2014 GO Bond Objection. In this regard, the Committee would utilize the same procedures for identifying the beneficial holders of the GO Bonds as it did in connection with the 2012-2014 GO Bond Procedures Motion as set forth in the Declaration of Christina Pullo of

---

[8] The Committee will file a Spanish translation of the Objection Notice prior to the hearing on the Motion.

4

Prime Clerk.[9] In addition, the Committee will serve the Objection Notice on all persons and entities that submitted notices of participation in connection with the 2012-2014 GO Bond Procedures Motion.[10] Furthermore, the Committee will cause the Objection Notice to be published in the same newspapers, magazines and/or websites in which the notice of the 2012-2014 GO Bond Objection appeared: (a) *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico), (b) *Caribbean Business* in English (primary circulation in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d) *The Bond Buyer,* and (e) on the municipal bond website EMMA, https://emma.msrb.org/Home.

10. Further, just as with the 2012-2014 GO Bond Objection, litigating the GO Priority Objection on a claim-by-claim basis would be highly inefficient, if not impossible. Indeed, it would be a waste of this Court's resources to require the Committee to proceed on a piece-meal basis, particularly when the same legal issues apply to all the GO Bonds.[11] Thus, consistent with the GO Procedures Order, this Court should exercise its powers under Bankruptcy Code section 105(a) and Bankruptcy Rule 3007 and authorize the prosecution of the GO Priority Objection on an omnibus basis.

---

[9] See *Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection Notice Upon Beneficial Holders of 2012-2014 GO Bonds*, annexed as Exhibit A to the *Informative Motion of (I) Financial Oversight and Management Board, Acting Through the Special Claims Committee, and (II) The Official Committee of Unsecured Creditors Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of 2012-2014 GO Bonds.* [Dkt. No. 5049]

[10] More than 1,670 persons and entities submitted notices of participation, the vast majority of participants acting *pro se*, by the 2012-2014 GO Bond Objection participation deadline. See *Informative Motion of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Order Establishing Initial Procedures With Respect to Omnibus Objection to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds, Regarding List of Parties Filing Notices of Participation.* [Docket No. 6464]

[11] In addition, given that the Committee does not know the identities of all the GO Bondholders, it is impossible for it to comply with Local Rule 3007-1, which states that a party objecting to a claim "must also certify whether or not the claimant is a servicemember as required by §201(b)(1) of the Servicemembers Civil Relief Act of 2003."

11. Finally, the notice contemplated by this Motion is likely well beyond the notice to which certain of the GO Bondholders who never filed a proof of claim are entitled because the bar date order [Docket No. 2521] (the "Bar Date Order") appears to provide that only those GO Bondholders which have filed proofs of claim asserting priority status for their GO Bonds may now argue that their GO Bonds are entitled to any such priority. Indeed, the Creditor List for the Commonwealth [Docket No. 1215] (the "Creditor List") lists the GO Bonds as **non-priority**, unsecured claims against the Commonwealth.[12] While the Bar Date Order exempted GO Bondholders from filing proofs of claim, that exemption was limited to the assertion of claims for "the repayment of principal, interest and such other amounts that may arise under" the bond documentation. *See* Bar Date Order ¶ 6.i. To the extent a creditor "desires to have its claim allowed in a **classification** . . . other than as set forth on the applicable Creditor List(s)," such creditor was required to file a proof of claim on or before the bar date. *Id.* ¶ 10 (emphasis added). While the Court need not decide this issue in the context of this Motion because notice will be provided to all GO Bondholders whether they have filed a proof of claim or not, the Committee reserves all its rights to argue that GO Bondholders that did not file a timely proof of claim asserting priority status with respect to their GO Bonds are now precluded from arguing that they are entitled to any such priority.

## NOTICE

12. Notice of this Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of

---

[12] *See* Creditor List, Schedule A (Long Term Debt); Global Notes to Creditor List ¶ 9 ("Unless otherwise stated, all claims listed in the Creditor List are general unsecured claims. **No claim priorities are accorded recognition under PROMESA except for those claims eligible for priority under Bankruptcy Code section 507(a)(2), which is made applicable to the Commonwealth's Title III Case by PROMESA section 301(a).**") (emphasis added).

6

Puerto Rico; (iii) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (iv) the Official Committee of Retirees; (v) the insurers of the bonds issued or guaranteed by the Debtors; (vi) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; (vii) holders of Commonwealth bonds who are parties to any group that has filed a statement under Bankruptcy Rule 2019; (viii) the holders and insurers of Commonwealth bonds identified on Appendix I to the Objection; (ix) DTC; (x) all parties that filed objections to the 2012-2014 GO Procedures Motion; (xi) all Participants that provided email addresses by email; and (xii) all parties that have filed a notice of appearance in the above-captioned Title III cases.

## NO PRIOR REQUEST

13. No previous request for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting any other relief as is just and proper.

Dated: New York, New York
February 9, 2020

/s/ Luc A. Despins
PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors*

- and -

/s/ Juan J. Casillas Ayala
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors*