# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |

## DRA PARTIES' UNOPPOSED URGENT MOTION FOR LEAVE TO EXCEED PAGE LIMIT WITH RESPECT TO OPENING BRIEF IN CLAIMS OBJECTION LITIGATION

To the Honorable United States District Judge Laura Taylor Swain:

AmeriNational Community Services, LLC (hereafter the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018 and the approved Qualifying Modification for the Government Development

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

Bank for Puerto Rico[2] under Title VI of the *Puerto Rico Oversight, Management and Economic Stability Act* (the "Collateral Monitor" and with the Servicer, the "DRA Parties"), by and through the undersigned legal counsel, hereby file this unopposed urgent motion (the "Urgent Motion") requesting entry of an order, substantially in the form attached hereto as Exhibit A, allowing the DRA Parties in their capacity as an interested party in the litigation of the Claims Objections to file an opening brief in excess of the seven-page limit set forth in the *Interim Case Management Order* [Dkt. No. 9619] (the "Interim Order"). In support of this Urgent Motion, the DRA Parties respectfully state as follows.

## JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to Section 306(a) of PROMESA. Venue is proper pursuant to Section 307(a) of PROMESA.

## BASIS FOR RELIEF REQUESTED

2. On May 25, 2018, the Government Development Bank for Puerto Rico (the "GDB") filed Proof of Claim Number 29485 (the "GDB Proof of Claim") against the Commonwealth based on (a) certain notes issued by the Commonwealth to GDB (the "GDB Notes") and (b) the Commonwealth's full faith and credit guaranty of a certain bond issued by the Port of Americas Authority (the "PAA Guaranty"). As of November 7, 2018, no less than $169.4 million in principal is due under the GDB Notes and $225.5 million in principal is due under the PAA Guaranty. *See* Offering Memorandum for GDB Debt Recovery Authority Bonds (Taxable), dated Nov. 7, 2018 at 17. The portion of the GDB Proof of Claim relating to the GDB Notes and the PAA bond was transferred to the DRA following the effective date of the

---

[2] *See* Dkt. No. 270 of Civil Case No. 18-01561 (LTS).

GDB's Qualifying Modification under Title VI of the Puerto Rico Oversight, Management, and Economic Stability Act. *See Joint Motion to Clarify Transfer of Claim* [Dkt. No. 5628].

3. On December 19, 2019, this Court entered the Interim Order. Pursuant to paragraph 1 of the Interim Order, the deadline for filing omnibus objections disputing the validity of claims related to general obligation bonds issued by the Commonwealth, bonds guaranteed by the Commonwealth, or bonds issued by the PBA was January 8, 2020. *See* Interim Order ¶ 1.

4. On January 8, 2020, the UCC filed the *Official Committee of Unsecured Creditors' Omnibus Objection on Constitutional Debt Limit Grounds to (I) Claim of Government Development Bank for Puerto Rico [Claim Number 29485] Based on Certain Commonwealth-Issued Notes and on Commonwealth Guaranty of Certain Bond Issued by Port of Americas Authority, (II) Claim of Scotiabank de Puerto Rico [Claim Number 47658] Based on Full Faith and Credit Note Issued by Puerto Rico General Services Administration, and (III) Claims Filed or Asserted Against Commonwealth Based on Commonwealth Guaranty of Certain Notes Issued by Puerto Rico Infrastructure Authority* [Dkt. No. 9735] (the "UCC Objection").

5. The UCC seeks to disallow the portion of the GDB Proof of Claim based on the GDB Notes and PAA Guaranty because it asserts that the GDB Notes and PAA Guaranty were issued in violation of Article VI, Section 2 of the Puerto Rico Constitution, which (i) limits the amount that the Commonwealth may borrow on the basis of the amount of debt service it would have to pay relative to its historical revenues (the "Debt Service Limit") and (ii) prohibits the Commonwealth from guaranteeing any bonds or notes if the Debt Service Limit has been exceeded. *See* UCC Objection ¶¶ 25–28.

4128-0010-3457

6. Also, on January 8, 2020, the Lawful Constitutional Debt Coalition filed the *Omnibus Objection of the Lawful Constitutional Debt Coalition, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Bonds Issued or Guaranteed by the Commonwealth* [Dkt. No. 9730] (the "LCDC Objection"), similarly asserting that the Commonwealth lacked constitutional authority to issue the PAA Guaranty. *See* LCDC Objection ¶ 50.

7. Pursuant to the Interim Order, the Court directed certain defendants, respondents, and parties in interest (the "Identified Parties") to file opening briefs in response to the Claim Objections by February 5, 2020. *See* Interim Order ¶ 1. It further directed all other bondholders or interested parties who opt to voluntarily participate in the proceedings to file opening briefs in response to the Claim Objections by February 19, 2020 at 5:00 p.m. (Atlantic Standard Time). *See id.*

8. The DRA Parties are not defined as Identified Parties under the Interim Order, notwithstanding the fact that the DRA holds significant general obligation debt, the UCC Objection singles out the GDB Proof of Claim, and the LCDC Objection challenges the validity of the PAA Guaranty.

9. Pursuant to paragraph 6 of the Interim Order, all bondholders and interested parties who are not Identified Parties or Certain Interested Defendants[3] must certify that they have reviewed all briefs submitted by the Identified Parties and may file additional briefs "only if they raise issues unique or specialized to that party, or such additional brief otherwise raises an argument or issue not addressed in the briefs filed by the Identified Parties[.]" Interim Order ¶ 6.

---

[3] This term refers to the defendants listed in Exhibit B to the *Superseding Status Report of the Debtors and Alternative Proposed Case Management Orders of Debtors and Certain Defendants in Connection with Adversary Proceedings Numbers 19-291, 19-292, 19-293, 19-294, 19-295, 19-296, and 19-297* [Dkt. No. 8083].

4128-0010-3457

Additionally, absent further order of the Court, such additional briefs must be limited to seven pages. *See id.*

10. The DRA Parties hereby certify that they have reviewed all briefs submitted by the Identified Parties and Certain Interested Defendants. They respectfully request that they be allowed to exceed the seven-page limit set forth in paragraph 6 of the Interim Order and to file a brief of no more than 20 pages, exclusive of the cover page, tables of contents and authorities, signature page, exhibits, and the certificate of service.

11. This seven-page limit does not apply to Identified Parties under the Interim Order. While the Interim Order does not define the DRA Parties as Identified Parties, the Court entered the Interim Order before the UCC and LCDC filed their objections – each of which singles out the DRA's claims.

12. The DRA Parties respectfully submit that, to adequately respond to the UCC Objection and LCDC Objection, they will require an extension to the seven-page limit set forth under paragraph 6 of the Interim Order. The DRA Parties have unique or specialized issues to address in relation to the GDB Proof of Claim and PAA Guaranty that have not, and indeed could not, be addressed by any other party. Limiting the DRA Parties' response to seven pages would prejudice their ability to thoroughly present such arguments.

13. The DRA Parties have conferred with counsel to the UCC and LCDC, who have indicated that the UCC and LCDC do not oppose the relief sought in this Urgent Motion.

14. Accordingly, the DRA Parties respectfully request authorization to file an opening brief of no more than 20 pages, exclusive of the cover page, tables of contents and authorities, signature page, exhibits, and certificate of service. The DRA Parties submit that this request is reasonable and appropriate in light of the circumstances described above.

4128-0010-3457

## NOTICE

15. Notice of this Urgent Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the U.S. Attorney for the District of Puerto Rico; (iii) AAFAF; (iv) FOMB; (v) the UCC; (vi) the LCDC; (vii) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; (viii) the insurers of the bonds issued or guaranteed by the Debtors; (ix) certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; and (x) all parties that have filed a notice of appearance in the above-captioned Title III cases.

## CERTIFICATION

16. In accordance with Section I.H. of the Case Management Procedures [Dkt. No. 8027], the undersigned counsel certify that they have engaged in reasonable, good-faith communications with counsel for the UCC and the LCDC, and counsel for the UCC and the LCDC do not oppose the relief requested in this Urgent Motion. As required by Local Bankruptcy Rule 9013-1(a)(2), the undersigned counsel certify that counsel has carefully examined the matter and concluded that there is a true need for expedited consideration of the Urgent Motion, and that the undersigned counsel have not created the urgency through lack of due diligence on their part.

## NO PRIOR REQUEST

17. No prior request for the relief requested herein has been made by the DRA Parties to this or to any other court.

WHEREFORE, the DRA Parties respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit A granting the relief requested herein and granting such other relief as this Court deems just and proper.

4128-0010-3457

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today February 10, 2020.

| **MCCONNELL VALDÉS LLC** | **C. CONDE & ASSOC. LAW OFFICES** |
|---|---|
| 270 Muñoz Rivera Avenue, Suite 7<br>Hato Rey, Puerto Rico 00918<br>PO Box 364225<br>San Juan, Puerto Rico 00936-4225<br>Telephone: 787-250-5632<br>Facsimile: 787-759-9225<br><br>By: /s/Arturo J. García-Solá<br>Arturo J. García-Solá<br>USDC No. 201903<br>Email: ajg@mcvpr.com<br><br>By: /s/Nayuan Zouairabani<br>Nayuan Zouairabani<br>USDC No. 226411<br>Email: nzt@mcvpr.com<br><br>***Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority*** | By: /s/ Carmen D. Conde Torres<br><br>Carmen D. Conde Torres<br>(USDC No. 207312)<br>254 San José Street<br>Suite 5<br>San Juan, PR 00901-1523<br>Tel. 787-729-2900<br>Fax. 787-729-2203<br>E-Mail: condecarmen@condelaw.com<br><br>*-and-*<br><br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br><br>By: /s/ Douglas S. Mintz<br>Douglas S. Mintz (admitted pro hac vice)<br>Columbia Center<br>1152 15th Street, N.W.<br>Washington, D.C. 20005-1706<br>Telephone: (202) 339-8400<br>Facsimile: (202) 339-8500<br>E-mail: dmintz@orrick.com<br><br>and<br><br>Laura Metzger (pro hac vice pending)<br>Peter Amend (admitted pro hac vice)<br>Monica Perrigino (admitted pro hac vice)<br>51 West 52nd Street<br>New York, N.Y. 10019<br>Telephone: (212) 506-5000<br>E-mail: lmetzger@orrick.com<br>      pamend@orrick.com<br>      mperrigino@orrick.com<br><br>***Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority*** |

## Exhibit A

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
| | : | |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | |

**[PROPOSED] ORDER ON DRA PARTIES' UNOPPOSED URGENT MOTION FOR LEAVE TO EXCEED PAGE LIMIT WITH RESPECT TO OPENING BRIEF IN CLAIMS OBJECTION LITIGATION**

Upon consideration of the *DRA Parties' Unopposed Urgent Motion for Leave to Exceed Page Limit with Respect to Opening Brief in Claims Objection Litigation* (the "Urgent Motion"),[2] seeking leave allowing the DRA Parties, in their capacity as an interested party in the litigation of the Claims Objections, to file an opening brief in excess of the seven-page limit set forth in the Interim Order, the Court hereby FINDS AND DETERMINES that (i) the Court has jurisdiction to consider the Urgent Motion and the relief requested therein pursuant to Section

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Urgent Motion.

1

306(a) of PROMESA; (ii) venue is proper before this Court pursuant to Section 307(a) of PROMESA; (iii) the relief requested in the Urgent Motion is proper and in the best interest of the Title III debtors, their creditors, and other parties in interest; and (iv) due and proper notice of this Urgent Motion has been provided under the particular circumstances and no other or further notice need be provided. Accordingly, it is hereby ORDERED THAT:

1. The Urgent Motion is GRANTED as set forth herein.

2. The DRA Parties may exceed the seven-page limit set forth in the Interim Order by filing an opening brief of no more than 20 pages, exclusive of the cover page, tables of contents and authorities, signature page, exhibits, and the certificate of service.

3. The DRA Parties shall not be prejudiced from seeking further relief of the page limit set forth in the Interim Order should the DRA Parties determine the need to request additional relief.

4. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation and interpretation of this Order.

SO ORDERED

Dated: February ___, 2020
      San Juan, Puerto Rico

                                                      _____
                                                      HONORABLE LAURA TAYLOR SWAIN
                                                      United States District Judge