UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

| | |
|---|---|
| In re: | : |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : PROMESA<br>: Title III |
| as representative of | : Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | : (Jointly Administered) |
| Debtors.[1] | : |

---

| | |
|---|---|
| In re: | : |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : PROMESA<br>: Title III |
| as representative of | : Case No. 17-BK-4780 (LTS) |
| PUERTO RICO ELECTRIC POWER AUTHORITY | : **This filing relates only to**<br>: **Case No. 17-BK-4780 (LTS)** |
| Debtor. | : |

---

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED OBJECTION AND RESERVATION OF RIGHTS IN RESPONSE TO URGENT MOTION OF GOVERNMENT PARTIES FOR (1) BRIDGE ORDER PENDING DETERMINATION OF THEIR MOTION FOR A REVISED SCHEDULING ORDER; AND (2) ELEVENTH REVISED ORDER MODIFYING CERTAIN DEADLINES APPLICABLE TO THE JOINT MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY AND AAFAF**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PURSUANT TO BANKRUPTCY CODE SECTIONS 362, 502, 922, AND 928, AND BANKRUPTCY RULES 3012(A)(1) AND 9019 FOR ORDER APPROVING SETTLEMENTS EMBODIED IN THE RESTRUCTURING SUPPORT AGREEMENT [ECF No. 1235]**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "<u>Committee</u>")[2] hereby submits this limited objection and reservation of rights (the "<u>Limited Objection</u>") in response to the *Urgent Motion of Government Parties for (1) Bridge Order Pending Determination of Their Motion For a Revised Scheduling Order; and (2) Eleventh Revised Order Modifying Certain Deadlines Applicable to the Joint Motion of Puerto Rico Electric Power Authority And AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(1) and 9019 For Order Approving Settlements Embodied in The Restructuring Support Agreement [ECF No. 1235]* [Docket No. 1897] (the "<u>Urgent Motion</u>").[3]  In support of this Limited Objection, the Committee respectfully states as follows:

## ARGUMENT

1. The Committee does not object in principle to another adjournment of the hearing on the 9019 Motion. If the Government Parties remain unready or unwilling to request the Court's approval of the RSA, the Committee will not seek to compel them to do so. The Committee submits, however, that any adjournment of the hearing must be orderly and fair to all parties. To that end, the Committee takes issue with the relief sought in the Urgent Motion on two limited bases. <u>First</u>, the proposed schedule does not contain a hearing date, yet the Government Parties nevertheless seek to establish pretrial deadlines for briefing and other

---

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[3] Capitalized terms used but not defined herein shall have the meanings given to them in the Urgent Motion.

1

filings. The Committee believes the parties should first choose a hearing date on which the Court is available and then set the briefing and other deadlines leading up to that date. Second, the Proposed Order should be revised to remove the requirement that any new discovery requests be "based on new material developments or other new information disclosed in discovery that was not completed as of September 10, 2019." This limitation, which the parties first added to a scheduling order that assumed a hearing date of December 11, 2019 (which was only weeks after the entry of that scheduling order), is no longer appropriate under the new, extended schedule.

2. Although the Committee does not oppose the requested adjournment, it also does not concede that "good cause" exists for the adjournment, as the Government Parties contend, and reserves all rights with respect to the effect of the adjournment on the merits of the 9019 Motion. In particular, the Committee reserves the right to argue that the adjournment undermines the Government Parties' argument that PREPA had no choice but to reach a settlement with the bondholders to avoid the lengthy delay associated with litigation. The Committee believes that, by the time the 9019 Hearing occurs, the Government Parties will have had more than enough time to litigate with the bondholders, including through any appeals. To the extent the Court believes it is necessary to make an explicit "good cause" finding for the adjournment, such finding need not and should not apply to the Committee (because it does not object to the adjournment) and should be without prejudice to any arguments on the merits.

A. **No Deadlines Should Be Set Until a Hearing Date Has Been Established**

3. The Urgent Motion notes that the Government Parties have not yet identified a new hearing date acceptable to all parties[4] but nevertheless asks the Court to establish briefing

---

[4] As noted in the Urgent Motion, the Government Parties suggested that the 9019 Hearing occur on June 3, 2020. That date was acceptable to the Committee but not to all other parties.

2

and other pre-hearing deadlines. The Committee submits that it is not practical or efficient to set such deadlines without first setting the hearing itself, which could in theory occur days, weeks, or even months after the last proposed deadline (*i.e.*, the proposed May 27, 2020 delivery of hard copy compilations of declarations and exhibits to the Court). The parties should first select the hearing date and then move backwards from there to set other deadlines.

4. On February 7, 2020, the Committee received from counsel to the Government Parties a further revised schedule proposing a hearing date of June 17-18, 2020. The new proposal contains slightly revised briefing deadlines, including without limitation (i) a deadline of April 17, 2020 for reply briefs and supporting statements, and (ii) a deadline of May 26, 2020 for the Committee to file its sur-reply. The Committee has no objection to this revised proposed schedule, should it be presented to the Court.

B. **Revised Schedule Should Not Limit Discovery to "Material New Developments"**

5. The Proposed Order attached to the Urgent Motion incorporates all stipulations set forth in the Fourth Revised Order, which the Court originally entered on September 13, 2019. Paragraph 2 of the Fourth Revised Order imposed certain limitations on a party's ability to serve additional discovery requests, as follows:

> After September 8, 2019, a party who desires to issue new discovery, based on new material developments or other new information disclosed in discovery that was not completed as of September 10, 2019 that warrants such additional discovery, must first meet and confer with the recipient before serving any new subpoenas, document requests, or deposition notices. If the parties are unable to reach agreement concerning the new discovery, the requesting party may serve the new discovery, but the recipient shall not be required to respond to such subpoenas, document requests, or deposition notices unless and until the requesting party obtains an order from the Court compelling a response.

3

6. This stipulation modified ordinary discovery procedures in two ways. First, it provided that new discovery may only be served "based on new material developments or other new information." Second, it required the party seeking discovery to obtain an order before serving such discovery. The Committee takes no issue with the inclusion of the second requirement in the proposed revised schedule, but it objects to the first.

7. At the time the parties included the "new material developments" language in the Fourth Revised Order, they expected a hearing date of December 11, 2019 (mere weeks after entry of that order), and the Government Parties were adamant that the hearing could not be adjourned. These same concerns are no longer present now that the hearing has been delayed, at the Government Parties' request, by more than six months to June 2020 or later.

8. While it is possible, and indeed even likely, that any discovery the Committee may seek will relate to "material new developments" since September 2019, the Government Parties may argue it does not. For example, the Committee believes that the mere passage of time could require additional discovery on certain issues, including without limitation discovery regarding the Government Parties' now stale calculations of the total payments that will be owed to bondholders under the RSA through various future dates.

9. To be clear, the Court need not decide at this time whether any particular additional discovery is appropriate. The Committee has not requested, and indeed may never request,[5] such discovery. The Committee is simply asking that the Court not prejudge its or any

---

[5] The Committee presently believes that any document discovery it may seek in advance of the 9019 Hearing would not require new discovery requests but rather would only require the Government Parties to supplement their existing document productions in accordance with Federal Rule of Civil Procedure 26(e). Such supplemental production obligations are not limited by paragraph 2 of the Fourth Revised Order.

4

other parties' discovery requests in advance by imposing an overly stringent "material new developments" standard that is no longer appropriate under the circumstances.[6]

### C. Reservation of Rights Regarding Reasons for Adjournment and Effect of Adjournment on Merits of 9019 Motion

10. The Government Parties state in the Urgent Motion that "[g]ood cause" exists for the adjournment given "recent events," which have prompted the Government Parties to seek additional time to "achieve further progress likely to impact issues for the Court's consideration." Urgent Motion ¶ 2. This statement raises several important questions, including (i) what are the "recent events" to which the Government Parties refer, (ii) why do such events necessitate the adjournment of the 9019 Hearing, (iii) what "further progress" do the Government Parties hope to achieve in advance of the 9019 Hearing, and (iv) how will such progress (or lack thereof) "impact issues for the Court's consideration"?

11. Although the Committee cannot be sure of the answers to these questions, it assumes based on the Government Parties' recent statements to the Court that the "progress" they wish to make may refer to the drafting and approval of legislation necessary for the implementation of the RSA. The Court has previously held, however, that the status of such legislation falls outside the scope of the 9019 Hearing.[7] The Committee therefore reserves the

---

[6] Again, the Committee takes no issue with Fourth Revised Order's requirement that the Committee must first obtain a Court order before another party is required to respond to its discovery requests, and the Committee will make sure that any motion it files for this purpose is narrow and targeted. All the Committee asks at this time is that the following language be removed from paragraph 2 of the Fourth Revised Order: "based on new material developments or other new information disclosed in discovery that was not completed as of September 10, 2019 that warrants such additional discovery."

[7] See *Memorandum Order Regarding Official Committee of Unsecured Creditors' Urgent (I) Objections to Magistrate Judge's August 2, 2019 Order on Motion to Compel And (II) Alternative Motion to Strike and to Exclude Out-Of-Scope Declaration Testimony and Related Evidence* [Docket No. 1652], at 13-14 ("Discovery concerning the likelihood that aspects of the RSA requiring government approval will in fact be approved is similarly outside the scope of the issues to be taken up at the 9019 Hearing.").

right to argue that any evidence the Government Parties may offer relating to legislative progress is inadmissible at the 9019 Hearing.[8]

12. Finally, although the Committee does not object to the proposed adjournment, it reserves all rights regarding the effect of the adjournment on the merits of the 9019 Motion. In their moving papers and the declarations they have submitted in support of the 9019 Motion, the Government Parties argue extensively that, even if they have a high likelihood of prevailing in litigation against the PREPA bondholders, the amount of time necessary to prevail in this Court and the First Circuit would have a negative effect on PREPA's allegedly urgent need to pursue its transformation.[9] The Committee submits that, in light of the Government Parties' adjournment of the litigation through at least June 2019 (more than a year after the filing of the 9019 Motion), this argument is no longer credible, if it ever was. The Committee intends to raise this argument at the 9019 Hearing in June, or whenever it eventually occurs.

## CONCLUSION

13. For the reasons stated above, the Committee respectfully requests that the Proposed Order: (i) not set any briefing or other deadlines until a hearing date has been established; (ii) be revised to state that it incorporates the stipulation set forth in paragraph 2 of the Fourth Revised Order with the exception of the following language: "based on new material developments or other new information disclosed in discovery that was not completed as of September 10, 2019 that warrants such additional discovery;" and (iii) provide that any finding of good cause is inapplicable to the Committee and that the adjournment is without prejudice to

---

[8] Alternatively, if the Court were to revisit its prior rulings and hold that evidence regarding the status of legislation is admissible at the 9019 Hearing, the Committee reserves it right to seek appropriate discovery and present rebuttal evidence relating to this topic.

[9] *See, e.g.*, Decl. of Natalie Jaresko, dated Dec. 6, 2019, at ¶¶ 23, 35, 41, 48, 53; Decl. of David Skeel, dated Dec. 6, 2019, at ¶¶ 16, 21, 28, 29; Supp. Mem. Of Law in Support of 9019 Mot. [Docket No. 1425], at ¶¶ 9, 12, 42, 62, 69.

any objecting party's arguments on the merits of the 9019 Motion.

Dated: February 11, 2020

/s/ Luc A. Despins                           .
PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Tel: (212) 318-6000
lucdespins@paulhastings.com

Nicholas A. Bassett, Esq. (*Pro Hac Vice*)
875 15th Street, N.W.
Washington, D.C. 20005
Tel: (202) 551-1700
nicholasbassett@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA and PBA)*

- and -

/s/ Juan J. Casillas Ayala             
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA and PBA)*

7