# **EXHIBIT D**

4

February 9, 2020

**VIA E-MAIL**

| | |
|---|---|
| Gaspard Rappoport | John Hughes, III |
| Kelly DiBlasi | Atara Miller |
| Gabriel Morgan | Grant Mainland |
| Gregory Silbert | MILBANK LLP |
| Reed Collins | 55 Hudson Yards |
| WEIL, GOTSHAL & MANGES LLP | New York, New York 10001 |
| 767 Fifth Avenue | |
| New York, New York 10153 | |
| | |
| Howard Hawkins | Jason Callen |
| Mark Ellenberg | Martin Sosland |
| William Natbony | BUTLER SNOW LLP |
| Casey Servais | 5430 Lyndon B. Johnson Freeway, Suite 1200 |
| CADWALADER, WICKERSHAM & TAFT LLP | Dallas, Texas 75240 |
| 200 Liberty Street | 1530 3rd Avenue South, Suite 1600 |
| New York, New York 10281 | Nashville, Tennessee 37201 |
| | |
| Douglas Mintz | Nayuan Zouairabani Trinidad |
| ORRICK HERRINGTON & SUTCLIFFE LLP | MCCONNELL VALDÉS LLC |
| Columbia Center | 270 Muñoz Rivera Avenue |
| 1152 15th Street, N.W. | Hato Rey, Puerto Rico 00918 |
| Washington, D.C. 20005 | |

**Re:** **_In re Fin. Oversight & Mgmt. Bd., No. 17-BK-3283-LTS – Lift Stay Motions – Movants' Requests for Production of Documents_**

Counsel:

We write regarding the CCDA Informal Lift Stay Requests, PRIFA Informal Lift Stay Requests, and HTA Informal Lift Stay Requests that Movants transmitted via email on February 5, 2020.

These requests broadly seek: (1) information regarding the location, balance, and flow of funds for certain revenue streams conditionally allocated by statute to CCDA, PRIFA, and HTA; (2) documents, communications and agreements "relating to" those revenue streams; (3) all reports made by CCDA, PRIFA, and HTA under their respective Enabling Acts; and (4) documents sufficient to show the terms, scope, and effects of "restrictions" placed on CCDA-, PRIFA-, and HTA-related funds. Movants also requested Commonwealth and HTA Budget Information for the last five years during our telephonic meet and confer on February 5, 2020.

As we discussed during that call, these requests are not relevant to the issues to be addressed at the Preliminary Hearing, which Judge Swain limited to "whether the movants have standing to sue and security or other property interests in the relevant revenues." (_Amended Interim Case Management Order for Revenue Bonds_, No. 17-03567, ECF No. 678 at 5 (D.P.R. Jan. 31, 2020).) Movants' expansive discovery demands are flatly inconsistent with the Court's decision

to conserve the Court's and the parties' resources by addressing threshold legal issues at a preliminary hearing.

During our February 5 call, Movants explained that the documents they have requested could constitute parol evidence regarding the meaning of the governing statutes and bond resolutions. Specifically, Movants argued that documents in the Government Parties' files might show that individuals in the government share Movants' understanding of the meaning of the relevant statutes and governing resolutions. Even assuming such evidence might exist, it has no relevance here.

No party has argued that the bond resolutions are ambiguous. Accordingly, parol evidence has no bearing on the issues before the Court. *QBE Seguros v. Morales-Vazquez*, No. CV 15-2091 (BJM), 2017 WL 5479458, at *9 (D.P.R. Nov. 14, 2017) ("If the terms of the contract are ambiguous, *i.e.* 'capable of more than a single meaning,' only then may the court examine parol evidence.") (quoting *Fed. Marine Terminals, Inc. v. Worcester Peat Co.*, 262 F.3d 22, 26-28 (1st Cir. 2001)).

Similarly, no party has argued that the meaning of the relevant statutes is ambiguous. Even if the statutory language were ambiguous, courts consider the "legislative history of the statute to determine Congress' intended meaning." *Coll. of Dental Surgeons of Puerto Rico v. Triple S Mgmt., Inc.*, No. CIV. 09-1209 JAF, 2011 WL 414991, at *2 (D.P.R. Feb. 8, 2011) (internal citations and quotation marks omitted). What government officials may have thought after legislation is enacted will not be relevant to determining the meaning of any statute.

In short, the extensive discovery Movants' seek has no relevance to the narrow legal issues the Court will hear at the Preliminary Hearing. Any probative value of the documents sought would be substantially outweighed by the risk of undue delay and expense associated with their production.

Nevertheless, in the spirit of compromise, the Government Parties have agreed to work with AAFAF's consultants to determine what information relating to the flow of funds, beyond what is already publicly available,[1] they could efficiently provide given the time constraints.

With respect to the remaining categories of information, the Government Parties agreed to determine what responsive materials may exist and to consider providing easily accessible materials. As noted in Ashley Pavel's February 7, 2020 email to Grant Mainland, AAFAF is in the process of determining what core responsive materials exist. As an initial matter, the HTA and Commonwealth budgets and the HTA Bond resolutions that Movants requested are publically available at the links below:

- http://www.presupuesto.pr.gov/Pages/PRESUPUESTOSANTERIORES.aspx
- http://www.gdb.pr.gov/investors_resources/puerto-rico-transportation-highway.html

---

[1] http://www.aafaf.pr.gov/reports.html#lr-otherreports

During our meet and confer, the Government Parties also asked for clarification regarding Movants' request for all "[d]ocuments, communications or Agreements . . . relating to the Pledged Revenues." (*See* HTA Request No. 4; CCDA Request No. 3; PRIFA Request No. 3.) On Friday, February 7, 2020, at 7:40pm ET, the Movants sent a communication purportedly "clarifying" that HTA Request No. 4 actually seeks nine broad categories of budget-related information and communications relating to the revenue streams. Movants then demanded a response to their voluminous requests no later than noon on Monday, February 10.

This purported clarification constitutes a significant expansion of the original requests. Moreover, the documents you have "clarified" that you are seeking are beyond the scope of any conceivably appropriate discovery in connection with the Preliminary Hearing, for the reasons noted above.

With respect to the other categories of documents, the Government Parties anticipate providing a further update in the coming days. However, we do not anticipate being able to provide this update to you by noon on Monday. Such unreasonable deadlines are counterproductive to the process, particularly when one party purports to impose them unilaterally on another. We will respond as promptly as we are able and can assure you that we are working diligently with our clients to make progress.

Sincerely,

/s/ *Elizabeth L. McKeen*                    /s/ *Margaret A. Dale*

Elizabeth L. McKeen                            Margaret A Dale