**EXHIBIT F**

| | |
|---|---|
| **From:** | McKeen, Elizabeth L. |
| **To:** | Mainland, Grant; Rappoport, Gaspard; Friedman, Peter; suhland@omm.com; Hammack, Scott; Firestein, Michael A.; Rappaport, Lary Alan; tmungovan@proskauer.com; Mervis, Michael T.; Dale, Margaret A. (mdale@proskauer.com); Pavel, Ashley; Ji, Josh |
| **Cc:** | Berezin, Robert; DiBlasi, Kelly; Morgan, Gabriel; Silbert, Gregory; Collins, Reed; Hawkins, Howard (Howard.Hawkins@cwt.com); Ellenberg, Mark; "Natbony, Bill"; "casey.servais@cwt.com"; Miller, Atara; Hughes, John; Sosland, Martin - EXT; Jason Callen (Jason.Callen@butlersnow.com); Mintz, Douglas S. (dmintz@orrick.com); Nayuan Trinidad (nzt@mcvpr.com) |
| **Subject:** | RE: Follow-up re: Discovery on Lift-Stay Motions |
| **Date:** | Tuesday, February 11, 2020 3:41:32 PM |

Grant -

Thank you for your correspondence.  While we disagree the discovery you've sought has any bearing on the issues the Court intends to address on March 5, we anticipate being able to produce an initial set of documents to you tomorrow.  We further anticipate finalizing the production by the end of the week.  While that timing may be delayed slightly, it is currently our best estimate and we are working diligently to that end.

We cannot agree that it makes sense to move the briefing schedule or the hearing date in light of the disconnect between what you asked us for and what is at issue in the preliminary hearing.  We do not believe the documents you seek have any probative value. But even if they do have some relevance, it would not justify delaying the resolution of the threshold issues the Court ordered the parties to address on March 5.  We certainly disagree it justifies a seven-week delay.

That said, we would like to reach a compromise to avoid urgent motion practice.  To that end, we would not object to you filing your reply brief with a further, supplemental filing on or before February 26, 2020, if there is information we provide in our upcoming document production that you would like to bring to the Court's attention in furtherance of your arguments.  We'd suggest an 8-page supplement (for any of the instrumentalities) to avoid burdening the Court immediately prior to the hearing, but are open to your suggestions on that front.  Naturally, should you wish to submit a supplement, we would like the opportunity (or at least reserve our right) to file a short sur-reply, which we are prepared to do on short notice (timing to be negotiated).  We trust you would not be opposed to a sur-reply under those conditions.

Best,
Liz

# O'Melveny

**Elizabeth L. McKeen**
emckeen@omm.com
O: +1-949-823-7150

O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA  92660
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Mainland, Grant <GMainland@milbank.com>
**Sent:** Monday, February 10, 2020 5:02 PM
**To:** McKeen, Elizabeth L. <emckeen@omm.com>; Rappoport, Gaspard <Gaspard.Rappoport@weil.com>; Friedman, Peter <pfriedman@omm.com>; Uhland, Suzzanne <suhland@omm.com>; Hammack, Scott <shammack@omm.com>; Firestein, Michael A. <MFirestein@proskauer.com>; Rappaport, Lary Alan <LRappaport@proskauer.com>; tmungovan@proskauer.com; Mervis, Michael T. <MMervis@proskauer.com>; Dale, Margaret A. (mdale@proskauer.com) <mdale@proskauer.com>; Pavel, Ashley <apavel@omm.com>; Ji, Josh <jji@omm.com>
**Cc:** Berezin, Robert <robert.berezin@weil.com>; DiBlasi, Kelly <Kelly.DiBlasi@weil.com>; Morgan, Gabriel <gabriel.morgan@weil.com>; Silbert, Gregory <gregory.silbert@weil.com>; Collins, Reed <Reed.Collins@weil.com>; Hawkins, Howard (Howard.Hawkins@cwt.com) <Howard.Hawkins@cwt.com>; Ellenberg, Mark <Mark.Ellenberg@cwt.com>; 'Natbony, Bill' <Bill.Natbony@cwt.com>; 'casey.servais@cwt.com' <casey.servais@cwt.com>; Miller, Atara <AMiller@milbank.com>; Hughes, John <JHughes2@milbank.com>; Sosland, Martin - EXT <martin.sosland@butlersnow.com>; Jason Callen (Jason.Callen@butlersnow.com) <Jason.Callen@butlersnow.com>; Mintz, Douglas S. (dmintz@orrick.com) <dmintz@orrick.com>; Nayuan Trinidad (nzt@mcvpr.com) <nzt@mcvpr.com>
**Subject:** RE: Follow-up re: Discovery on Lift-Stay Motions

[EXTERNAL MESSAGE]

Counsel: We are in receipt of your correspondence of late last night further to our meet-and-confer of February 5, 2020 and associated correspondence. Although the Movants and the Government Parties obviously have significant differences of opinion concerning the factual issues that are relevant to the issues to be heard at the preliminary hearing, we appreciate your stated willingness to search for information responsive to the requests we circulated in advance of the meet-and-confer. We are willing to discuss the results of that search as soon as you are able. Given where we are, however, we do not believe that the current schedule for reply briefs or the preliminary hearing is realistic. Based on our last meet and confer, and the parties' recent correspondence, we expect that at least certain issues will likely have to be presented to Judge Dein for consideration. We do not think it would be efficient to do so on a piecemeal basis or if discovery is forthcoming.

Accordingly, we plan to file an urgent motion tomorrow seeking adjournment of the March 5 preliminary hearing to the April 22 omnibus hearing. In connection with that motion, we would propose that the Movants' reply briefs be due on April 6. In our view, this will afford the parties the necessary time to define the scope of discovery, cogently present any disputes to Judge Dein, and allow for consideration and incorporation of the information provided in connection with the reply briefs.

Please let us know the Oversight Board's and AAFAF's position on this request by **4pm tomorrow** (February 11). We are happy to get on a call to discuss further if you think it would be helpful.

Regards,
Grant

**Grant R. Mainland | Milbank | Partner**
55 Hudson Yards | New York, NY 10001
T: 212.530.5251 | M: 917.971.6310
gmainland@milbank.com | milbank.com

---

**From:** McKeen, Elizabeth L. <emckeen@omm.com>
**Sent:** Sunday, February 9, 2020 11:33 PM
**To:** Rappoport, Gaspard <Gaspard.Rappoport@weil.com>; Friedman, Peter <pfriedman@omm.com>; Uhland, Suzzanne <suhland@omm.com>; Hammack, Scott <shammack@omm.com>; Firestein, Michael A. <MFirestein@proskauer.com>; Rappaport, Lary Alan <LRappaport@proskauer.com>; tmungovan@proskauer.com; Mervis, Michael T. <MMervis@proskauer.com>; Dale, Margaret A. (mdale@proskauer.com) <mdale@proskauer.com>; Pavel, Ashley <apavel@omm.com>; Ji, Josh <jji@omm.com>
**Cc:** Berezin, Robert <robert.berezin@weil.com>; DiBlasi, Kelly <Kelly.DiBlasi@weil.com>; Morgan, Gabriel <gabriel.morgan@weil.com>; Silbert, Gregory <gregory.silbert@weil.com>; Collins, Reed <Reed.Collins@weil.com>; Hawkins, Howard (Howard.Hawkins@cwt.com) <Howard.Hawkins@cwt.com>; Ellenberg, Mark <Mark.Ellenberg@cwt.com>; 'Natbony, Bill' <Bill.Natbony@cwt.com>; 'casey.servais@cwt.com' <casey.servais@cwt.com>; Miller, Atara <AMiller@milbank.com>; Mainland, Grant <GMainland@milbank.com>; Hughes, John <JHughes2@milbank.com>; Sosland, Martin - EXT <martin.sosland@butlersnow.com>; Jason Callen (Jason.Callen@butlersnow.com) <Jason.Callen@butlersnow.com>; Mintz, Douglas S. (dmintz@orrick.com) <dmintz@orrick.com>; Nayuan Trinidad (nzt@mcvpr.com) <nzt@mcvpr.com>
**Subject:** [EXT] RE: Follow-up re: Discovery on Lift-Stay Motions

Gaspard --

Please see the attached correspondence from myself and Margaret Dale on behalf of AAFAF and the FOMB, respectively.

Thanks,
Liz

# O'Melveny

**Elizabeth L. McKeen**
emckeen@omm.com
O: +1-949-823-7150

O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA  92660
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Rappoport, Gaspard <Gaspard.Rappoport@weil.com>
**Sent:** Friday, February 7, 2020 4:40 PM
**To:** Friedman, Peter <pfriedman@omm.com>; Uhland, Suzzanne <suhland@omm.com>; McKeen, Elizabeth L. <emckeen@omm.com>; Hammack, Scott <shammack@omm.com>; Firestein, Michael A. <MFirestein@proskauer.com>; Rappaport, Lary Alan <LRappaport@proskauer.com>; tmungovan@proskauer.com
**Cc:** Berezin, Robert <robert.berezin@weil.com>; DiBlasi, Kelly <Kelly.DiBlasi@weil.com>; Morgan, Gabriel <gabriel.morgan@weil.com>; Silbert, Gregory <gregory.silbert@weil.com>; Collins, Reed <Reed.Collins@weil.com>; Hawkins, Howard (Howard.Hawkins@cwt.com) <Howard.Hawkins@cwt.com>; Ellenberg, Mark <Mark.Ellenberg@cwt.com>; 'Natbony, Bill' <Bill.Natbony@cwt.com>; 'casey.servais@cwt.com' <casey.servais@cwt.com>; 'amiller@milbank.com' (amiller@milbank.com) <amiller@milbank.com>; Mainland, Grant (GMainland@milbank.com) <GMainland@milbank.com>; Hughes, John (JHughes2@milbank.com) <JHughes2@milbank.com>; Sosland, Martin - EXT <martin.sosland@butlersnow.com>; Jason Callen (Jason.Callen@butlersnow.com) <Jason.Callen@butlersnow.com>; Mintz, Douglas S. (dmintz@orrick.com) <dmintz@orrick.com>; Nayuan Trinidad (nzt@mcvpr.com) <nzt@mcvpr.com>
**Subject:** Follow-up re: Discovery on Lift-Stay Motions

[EXTERNAL MESSAGE]

All,

We are writing on behalf of counsel for the monolines. Following up on Wednesday's meet-and-confer, please provide in writing as soon as possible the Government Parties' responses to the Movants' previously provided document requests pertaining to the lift-stay issues to be addressed at the preliminary hearing. These targeted requests are directly relevant to those limited issues. As contemplated by Judge Swain at the recent Omnibus Hearing, it is important to understand as quickly as possible the Government Parties' final positions so we can address any outstanding issues through motion practice before Judge Dein in the coming week if the parties cannot reach agreement.

Regarding HTA Request No. 4, you asked for more clarity as to the types of "communications" Movants are seeking. Without limitation, the following categories of communications and documents from January 1, 2013 to the present go directly to the flow of funds and the Government Parties' assertions about ownership of the Pledged Revenues:

- regulations, internal agency rules, circulars, bulletins, administrative determinations, manuals, and official communications or memoranda regarding the budgeting treatment of the Excise Taxes (as that term is defined in Movants' lift-stay motions and including the proceeds therefrom), including, but not limited to, whether the Excise Taxes were considered to be a source of revenue available for appropriation;
- communications between (a) the individuals at HTA primarily responsible for budgetary matters and (b) their counterparts in the Commonwealth government (including individuals at

the Governor's Office (Fortaleza), Treasury Department, and Office of Management and Budget) regarding the budgeting treatment of the Excise Taxes, including, but not limited to, whether the Excise Taxes were considered to be a source of revenue available for appropriation;
- communications between (a) the Board and/or its advisors and (b) Commonwealth's fiscal advisor concerning whether the Excise Taxes were available sources of revenue for use by the Commonwealth or HTA;
- regulations, internal agency rules, circulars, bulletins, administrative determinations, manuals, and official communications or memoranda regarding the Commonwealth's and/or HTA's implementation of Executive Orders No. OE-2015-46, OE-2015-49, OE-2016-18, OE-2016-30, and OE-2016-31 and of Circular 127-16 (and subsequent related Executive Orders and Circulars) to the extent that such implementation related to the Excise Taxes;
- budgetary memos and presentations regarding budget recommendations for HTA that take into account or discuss the Excise Taxes;
- regulations, internal agency rules, circulars, bulletins, administrative determinations, and manuals regarding the receipt, deposit, transfer, ownership, custody, control, and flow of funds pertaining to the Excise Taxes;
- regulations, internal agency rules, circulars, bulletins, administrative determinations, and manuals regarding the definition or scope of "ingresos propios" or "recursos propios";
- the proposed Commonwealth and HTA budgets presented to the FOMB for each fiscal year.

Additionally, without regard to date, we are requesting:

- HTA bond closing transcripts, resolutions (including, but not limited to, bond resolutions), and supplemental resolutions.

Movants are listing categories of information that we consider relevant, but we are available to meet and confer about the appropriate scope of search/collection so that the parties can identify the key materials responsive to each of these categories.

With that clarification, we ask that the Government Parties provide their responses to our document requests as soon as possible and in any event no later than noon on **Monday, February 10, 2020**.

Best regards,



**Gaspard Rappoport**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
gaspard.rappoport@weil.com
+1 (212) 310-8697 Direct

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

==============================================================

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.