# EXHIBIT B

| | |
|---|---|
| **From:** | McKeen, Elizabeth L. |
| **Sent:** | Tuesday, February 11, 2020 10:31 AM |
| **To:** | Denker, Will; Margaret Dale; Friedman, Peter; Pavel, Ashley |
| **Cc:** | Mainland, Grant; Miller, Atara; Hughes, John; Ohring, Jonathan; Paslawsky, Alexandra; Laura Stafford; martin.sosland@butlersnow.com; robert.berezin@weil.com; bill.natbony@cwt.com; nicholasbassett@paulhastings.com; johnmuddlaw@gmail.com |
| **Subject:** | RE: Ambac 2004 Requests re Cash/Assets |
| **Attachments:** | OMM_US-#77456901-v8-2020_02_12_Rule_2004_Motions_-_Joint_Status_Report.DOCX |

Counsel-

We write in response to your February 4, 2020 letter.  We are continuing to work with our clients and our clients' advisors to determine what responsive materials exist that can be collected and produced in a manner that will not be unduly expensive or disruptive of operations, consistent with the Court's order.  Our initial responses are as follows:

*Assets Motion*

- Category 1 (Assets): AAFAF is working to determine what readily accessible materials exist that are sufficient to evidence its non-cash assets. The Government Parties will produce non-privileged, readily accessible materials to evidence non-cash assets.  The Commonwealth's cash assets have been publicly disclosed in audited financial statements and in numerous reports published in AAFAF's website.  To the extent Ambac seeks additional materials relating to cash assets, those appear encompassed by the requests in the Cash Motion (see below).

- Category 2 (23 HTA properties): AAFAF is working with HTA to compile readily accessible information regarding the 23 properties identified in the August 2019 report.  The Government Parties will produce non-privileged, readily accessible materials.

- Category 3 (Act 26 Committee):  AAFAF is working to determine what documents are available to evidence transactions approved by the Act 26 Committee, and will produce non-privileged, readily accessible materials to evidence such transactions.  However, documents pertaining to AAFAF's authority to supervise the work of the Committee appear unrelated to the Commonwealth's financial condition and are therefore beyond the scope of Rule 2004 discovery.  AAFAF also objects to producing documents identifying strategies, proposals under consideration, and transactions currently under evaluation as these materials are protected from disclosure by the deliberative process privilege and are beyond the scope of Rule 2004 discovery.  We propose the parties meet and confer further after AAFAF has determined what materials exist.

- Category 4 (CRIM):  Given the breadth of materials you are seeking here and the duration of time at issue, it would be helpful to obtain additional information from Ambac regarding the theory of relevance for these materials.

*Cash Motion*

- Categories 1 and 2 (Documents relied upon in connection with certain October 2, 2019 presentations and in connection with Duff & Phelps' and/or Ernst & Young's investigations):  With respect to the two presentations identified, as well as the Duff & Phelps and Ernst & Young investigations, the Government Parties are willing to produce non-privileged factual source materials and raw data underlying the October 2 presentations and the Duff & Phelps and Ernst & Young reports.  This is consistent with your proposal that the Government Parties provide what is akin to the "materials relied upon" in an expert report.  The Government Parties are currently investigating what non-privileged factual source materials and raw data exist and are within their possession, custody and control.  We propose the parties meet and confer further after the Government Parties have had an opportunity to further investigate these matters.

- Category 3 (Commonwealth's necessary operating expenses):  While we appreciate Ambac's efforts to narrow its requests, the Government Parties believe this request, as framed in your letter, remains unreasonably broad and unduly burdensome in its scope.  In addition, this request also appears to seek discovery into materials that are beyond the scope of Rule 2004 discovery and protected by the deliberative process, attorney-client, and work product privileges, among others.  However, the Government Parties remain willing to meet and confer regarding an appropriate scope for this request.

- Category 4 ("Key" to documents regarding cash restriction analysis):  While the Government Parties are amenable to this request in principle, we are not clear what information Ambac requests be included in such a "key."  The Government Parties are available to meet and confer further regarding this topic.

**Deposition Testimony**

You requested a 30(b)(6) witness in connection with both the Assets Motion and the Cash Motion.  The Government Parties remain willing to meet and confer on this issue upon receipt of proposed deposition topics.  We understand that Ambac may want to wait until it receives the Government Parties' productions before proposing topics.  Accordingly, it may be most efficient for the Parties to table discussions regarding depositions for the moment.

The Government Parties reserve all rights to amend or supplement these responses upon completion of our collection efforts.  We are aiming to provide a further update within a week.

\*     \*     \*

Please also find a draft of the status report due on Wednesday.  Given the Parties have been productively meeting and conferring, and given that our investigation remains ongoing, we have proposed providing a supplemental report on February 26, 2020, a week before the March omnibus hearing, in order to advise the Court on our progress and whether there are any issues as to which the parties have reached an impasse.  We do not believe that is presently the case.  Please let us know if you have any comments.  While the document remains subject to client sign-off, we did not want to delay your review.

In the meantime, the Government Parties are in the process of preparing a draft protective order.  We will circulate a draft for your comments in the coming days.

Best,
Liz

**From:** Denker, Will <WDenker@milbank.com>
**Sent:** Monday, February 10, 2020 3:53 AM
**To:** Margaret Dale <mdale@proskauer.com>; Friedman, Peter <pfriedman@omm.com>
**Cc:** Mainland, Grant <GMainland@milbank.com>; Miller, Atara <AMiller@milbank.com>; Hughes, John <JHughes2@milbank.com>; Ohring, Jonathan <JOhring@milbank.com>; Paslawsky, Alexandra <APaslawsky@milbank.com>; McKeen, Elizabeth L. <emckeen@omm.com>; Laura Stafford <lstafford@proskauer.com>; martin.sosland@butlersnow.com; robert.berezin@weil.com; bill.natbony@cwt.com; nicholasbassett@paulhastings.com; johnmuddlaw@gmail.com
**Subject:** RE: Ambac 2004 Requests re Cash/Assets

[EXTERNAL MESSAGE]

Margaret and Peter,

Please let us know when we can expect a response to our February 4 letter.  As you know, we are due to submit a joint status report this Wednesday (February 12), and will need to incorporate and evaluate your positions on these narrowed requests before doing so.

Thanks,
Will

Will Denker | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5061  | M: +1.845.304.8895
wdenker@milbank.com | milbank.com

**From:** Denker, Will
**Sent:** Tuesday, February 4, 2020 10:02 PM
**To:** Margaret Dale <mdale@proskauer.com>; Friedman, Peter <pfriedman@omm.com>
**Cc:** Mainland, Grant <GMainland@milbank.com>; Miller, Atara <AMiller@milbank.com>; Hughes, John <JHughes2@milbank.com>; Ohring, Jonathan <JOhring@milbank.com>; Paslawsky, Alexandra <APaslawsky@milbank.com>; McKeen, Elizabeth L. <emckeen@omm.com>; Laura Stafford <lstafford@proskauer.com>; martin.sosland@butlersnow.com; robert.berezin@weil.com; bill.natbony@cwt.com; nicholasbassett@paulhastings.com; johnmuddlaw@gmail.com
**Subject:** Ambac 2004 Requests re Cash/Assets

All,

As discussed during yesterday's meet-and-confer, please see the attached.

Best,
Will

Will Denker | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5061  | M: +1.845.304.8895
wdenker@milbank.com | milbank.com

===========================================================

3

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.