CLAIM # 127795

(i) Datos del Contacto: Amarilis Miranda Torres
    Dirección           : P.O. Box 1036, Naguabo, PR 00718
    Teléfono            : 787-502-2866
    Dirección email     : mirandatorresama@gmail.com

(ii) Epígrafe           : JUNTA DE SUPERVISION Y ADMINISTRACION FINANCIERA PARA PUERTO RICO,
    Como representante de
    ESTADO LIBRE ASOCIADO DE PUERTO RICO y Otros,
    Deudores
    PROMESA, TITULO III
    Núm. 17 BK 3283-LTS
    (Administrada conjuntamente)
    La presente radicación guarda relación con el ELA, la ACT y el SRE
    NOTIFICACION DE LA CENTESIMA CUADRAGESIMA PRIMERA OBJECION GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACION DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMOS DEFICIENTES EN LOS QUE SE ALEGAN INTERESES SOBRE LA BASE DE UNAS LEYES PUERTORRIQUEÑAS NO ESPECIFICADAS.

(iii) Motivos para oponerse a la Objeción Global:

Desde el año 1988 formé parte de la fuerza laboral del Estado Libre Asociado de Puerto Rico en el Departamento de Instrucción Pública (actualmente Departamento de Educación). Ocupé diversas posiciones desde Oficinista Mecanógrafo I hasta Auxiliar de Recursos Humanos, puesto que ocupé hasta el momento de la renuncia. El 10 de mayo de 2013 renuncié al puesto de Auxiliar de Recursos Humanos, K-00923 (pagado con fondos federales). Renuncié por razones de enfermedad luego que se me negara el derecho al Retiro Temprano bajo la Ley del Programa de Incentivos, Retiro y Readiestramiento, LEY NUM. 70 DE 2 DE JULIO DE 2010.

Cabe señalar que de manera injusta y discriminatoria (*aunque no es efecto directo de la presente objeción*); renuncié por enfermedad perdiendo todos los derechos adquiridos durante esos aproximadamente 25 años de servicio. Se me negó la oportunidad a acogerme al Retiro Temprano por la Ley 70 a pesar de que dicha ley establecía en el Artículo 17 – Exclusiones: *No serán elegibles para acogerse al Programa los maestros en el salón de clases…. Tampoco podrían acogerse los empleados de confianza, empleados transitorios, empleados irregulares y aquellos empleados de carrera que, por determinación del Administrador del Programa, con el insumo de la Autoridad Nominadora, se encuentren en puestos que provean servicios directos a la ciudadanía o servicios esenciales para el funcionamiento de la Agencia, o que sean sufragados en todo o en parte con fondos federales. Se considerarán servicios esenciales aquellos puestos cuyas funciones son de naturaleza especializada, imprescindibles o indispensables para el más efectivo funcionamiento de la Agencia, de manera que se pueda llevar el fin público para el cual fue creada como organismo gubernamental. No obstante lo anterior, en el caso de empleados de carrera que ocupen puestos que no son elegibles para acogerse al Programa y que interesen acogerse al Programa, estos empleados podrían acogerse únicamente previa una certificación de la Autoridad Nominadora, ratificada por la Oficina de Gerencia y Presupuesto, a los efectos de que el retiro de dicho empleado no requerirá la contratación de un nuevo empleado en los próximos cinco (5) años; o que el puesto será cubierto mediante el traslado de otro empleado en el servicio público. El Administrador establecerá los procedimientos y los criterios para permitir, en casos justificados, el intercambio de puestos entre empleados de carrera para permitir que un empleado de carrera que ocupa un puesto no elegible para el Programa, pueda cambiar su puesto con otro empleado de carrera en un puesto que sí es elegible para acogerse al Programa.*

Página 2 - CLAIM # 127795

A diferencia de mi situación, <u>*aproximadamente 70 personas o más a nivel de Isla pagadas con fondos federales les fue aprobado dicho Retiro Temprano por la Ley 70*</u>. Quedó evidenciado claramente la injusticia y discriminación contra mi persona a pesar de haber presentando suficiente evidencia de enfermedad que ameritaba el retiro inmediato de mis labores. Me encontraba en Licencia por Enfermedad desde el 9 de agosto de 2011 por una condición de salud que ameritaba tratamiento continuo provocando mi salida a los Estados Unidos para buscar y recibir el tratamiento adecuado.

Entiendo que durante los años de servicio se dieron aumentos y reclasificaciones que debían reflejar un impactó en mi salario. Se incluye Desglose de Sueldos Devengados desde el 1988 hasta el 2011 con evidencia de talonarios. En dicho desglose se evidencia una inconsistencia en el sueldo durante los años de 1988 hasta el 1999.

No obstante, no estoy segura de que se hayan adjudicado los aumentos correspondientes de acuerdo a la *"Ley de Retribución Uniforme"* [Ley 89 de 12 de julio de 1979 – Disposiciones Generales, Inciso (2) Aumentos de sueldo por años de servicio: *"A partir del primero de julio de 1979, aquellos empleados en el servicio de carrera con status regular o probatorio en agencias de la Administración Central y en agencias consideradas administradores individuales que no hayan recibido ninguna clase de aumentos de sueldo excepto los otorgados por disposiciones de ley durante un período de cinco (5) años de servicios recibirán un aumento de sueldo equivalente a un tipo o paso de la escala correspondiente….Cualquier autoridad nominadora podrá denegar el aludido aumento de sueldo a cualquier empleado si a su juicio los servicios del empleado durante el período de cinco (5) años correspondientes no hubiesen sido satisfactorios. En este caso la autoridad nominadora habrá de informarle por escrito al empleado las razones por las cuales no se le concede el referido aumento y, además, su derecho de apelación ante la Junta de Apelaciones del Sistema de Administración de Personal."*

En la presente Objeción Global hago referencia a las siguientes leyes que de una forma u otra debían reflejar algún impacto en el sueldo devengado:
- ✓ Ley 89 de Retribución Uniforme
- ✓ Ley 96 Para conceder un aumento de suelo de cien (100) dólares a los empleados públicos del gobierno - LEY NUM. 96 DE 1 DE JULIO DE 2002.
- ✓ Ley 164 sobre el AUMENTO DE SUELDO A LOS EMPLEADOS PÚBLICOS EN VIRTUD DE LA LEY NúM. 164 DE 22 DE JULIO DE 2003

Estoy sometiendo la presente Objeción Global al núm. de Reclamación **CLAIM # 127795** por la cantidad de $50,000 (cantidad estimada).

Amarilis Miranda Torres
Claim #127795

Página 3 - CLAIM # 127795

## Desglose de sueldos devengados durante los años 1984-2012

| Año | | | | Sueldo | Observaciones |
|---|---|---|---|---|---|
| Mes | Desde | Mes | Hasta | Devengado | |
| Enero | 1988 | Marzo | 1990 | 545 | |
| Abril | 1990 | Junio | 1990 | 577 | |
| Julio | 1990 | Agosto | 1991 | 627 | |
| Septiembre | 1991 | - | - | 675 | |
| Octubre | 1991 | Agosto | 1992 | 651 | Se evidencia una inconsistencia en los sueldos |
| Septiembre | 1992 | - | - | 612 | |
| Octubre | 1992 | Diciembre | 1992 | 634 | devengados desde el 1988 hasta el 1999. Sin |
| Enero | 1993 | - | - | 847 | |
| Febrero | 1993 | Marzo | 1994 | 677 | embargo, en los talonarios no se puede |
| Abril | 1994 | Octubre | 1994 | 691 | |
| Noviembre | 1994 | - | - | 791 | interpretar a que se debe dicha variación. (Se |
| Diciembre | 1994 | Septiembre | 1996 | 741 | |
| Octubre | 1996 | Agosto | 1997 | 772 | incluye evidencia). |
| Septiembre | 1997 | - | - | 1,222 | |
| Octubre | 1997 | Agosto | 1998 | 922 | |
| Septiembre | 1998 | - | - | 1,063 | |
| Octubre | 1998 | Diciembre | 1999 | 969 | |
| Enero | 2000 | Agosto | 2000 | 1,069 | |
| Septiembre | 2000 | Septiembre | 2001 | 1,142 | |
| Noviembre | 2001 | Junio | 2002 | 1,169 | |
| Julio | 2002 | Junio | 2003 | 1,269 | |
| Julio | 2003 | Abril | 2004 | 1,419 | |
| Mayo | 2004 | Junio | 2004 | 1,481 | |
| Julio | 2004 | Enero 15 | 2008 | 1,631 | |
| Enero 30 | 2008 | Junio | 2008 | 1,731 | |
| Julio | 2008 | Septiembre | 2008 | 1,831 | |
| Septiembre 30 | 2008 | Abril | 2009 | 2,044 | |
| Mayo | 2009 | Junio | 2011 | 2,130 | |
| En Licencia por Enfermedad desde el 9 de agosto de 2011 hasta el 10 de mayo de 2013, fecha en que se hace la Renuncia efectiva por Enfermedad. | | | | | |