# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**URGENT MOTION OF ASSURED GUARANTY CORP.,
ASSURED GUARANTY MUNICIPAL CORP., AMBAC ASSURANCE
CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, AND
NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION
FOR LEAVE TO EXCEED PAGE LIMITS WITH RESPECT TO
<u>MOTION TO COMPEL PRODUCTION OF DOCUMENTS</u>**

To the Honorable United States Magistrate Judge Judith G. Dein:

Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation (collectively, "Movants") hereby move on an urgent basis for leave to jointly file a single urgent motion to compel (the "Urgent Motion to Compel") that exceeds the fifteen (15) page limit that governs the length of non-dispositive motions (the "Urgent Motion to Extend Page Limit"). Movants respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, extending to a total of twenty-five (25) pages the page limit for Movant's Urgent Motion Compel.

In the Urgent Motion to Compel, Movants seek an order compelling the Federal Oversight and Management Board for Puerto Rico (the "<u>FOMB</u>"), the Puerto Rico Highways and Transportation Authority (the "<u>HTA</u>"), the Puerto Rico Infrastructure Financing Authority ("<u>PRIFA</u>"), the Puerto Rico Convention Center District Authority ("<u>CCDA</u>"), and the Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico ("<u>AAFAF</u>" and, together with FOMB and HTA, the "<u>Government Parties</u>") to produce documents that are critical to the resolution of three lift-stay motions. *See* 17-bk-3283 ECF Nos. 10102 ("HTA Lift-Stay Motion"); 10602 ("PRIFA Lift-Stay Motion"); 10104 ("CCDA Lift-Stay Motion") (together, the "Lift-Stay Motions").

Due to the pressing circumstances described herein, Movants file this Urgent Motion to Extend Page Limits contemporaneously with the Urgent Motion to Compel. If the Court denies

Movants' request or reduces the number of excess pages, Movants will file a conforming Urgent Motion to Compel.

In support of this Urgent Motion to Extend Page Limits, Movants respectfully state as follows:

### JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico has subject-matter jurisdiction over this matter pursuant to Section 306(a) of PROMESA.

2. Venue is proper pursuant to Section 307(a) of PROMESA.

### BASIS FOR RELIEF REQUESTED

1. On January 16, 2020, Movants sought relief from the automatic stay in three proceedings.[2] *See* 17-bk-3283, ECF Nos. 10102 ("HTA Lift-Stay Motion"); 10602 ("PRIFA Lift-Stay Motion"); 10104 ("CCDA Lift-Stay Motion"). On the same day, the FOMB initiated adversary proceedings challenging certain of the Movants' proofs of claim by attacking their asserted security interests in pledged revenues retained by the Commonwealth (the "Revenue Bond Adversary Proceedings"). *See* 20-ap-05, ECF No. 1 (the "CW-HTA Revenue Bond Complaint"); 20-ap-07, ECF No. 1 (the "HTA Revenue Bond Complaint"); 20-ap-03, ECF No. 1 (the "PRIFA Revenue Bond Complaint"); 20-ap-04, ECF No. 1 (the "CCDA Revenue Bond Complaint"). The Court set a dual-litigation track allowing the Lift-Stay Motions and the Revenue Bond Adversary Proceedings to move forward in tandem. *See* 17-bk-3567, ECF No. 663 (Interim Case Management Order) at 4–6.

2. Following the January 29, 2020 Omnibus Hearing, the Court entered an order setting a preliminary hearing concerning certain "gating" issues: (1) whether the Movants have standing to sue; and (2) whether the Movants have security or other property interests in the

---

[2] The abbreviated facts herein are set forth in detail in the Urgent Motion to Compel.

relevant revenues. *See* 17-bk-3283, ECF No. 10595 (Amended Interim Case Management Order) at 5. To this end, the Court ordered that further briefing on the Lift-Stay Motions—the FOMB's opposition and the Movants' reply—address only these gating issues of standing and property interests. *Id.* at 4. Because the questions of standing and property interests implicated material factual issues, as the Movants argued at the Omnibus Hearing, the Court instructed the parties to meet and confer about, among other things, a proposed schedule for any necessary discovery. *Id.* at 5; *see also* 17-3283, ECF No. 10594 (Omnibus Hearing Tr.) at 162:22–163:4, 163:17–164:9.

3. The Movants served the Government Parties with informal document requests seeking information that is critical to the adjudication of the Lift-Stay Motions and directly related to the FOMB's factual assertions opposing stay relief. But the Government Parties refused to produce certain categories of documents and, as to other categories, offered to produce only limited and unilaterally selected documents. *See* Urgent Motion to Compel, Ex. B (Feb. 5, 2020 email from J. Hughes to Government Parties); *id.*, Ex. G (Feb. 9, 2020 letter from counsel for the Government Parties); *id.*, Ex. I (February 11, 2020 email from E. McKeen).

4. Although Movants lack necessary discovery, their reply briefs in support of the Lift-Stay Motions are currently due early next week, on February 18, 2020. In light of the pending discovery dispute, the Bondholders have moved to extend that deadline as well as the March 5 hearing date. The Government Parties have opposed those extension requests.

5. Given the complexity of the underlying discovery dispute and the fact that four individual Movants are jointly pursuing relief with respect to three different lift-stay motions, Movants respectfully request that the Court extend the page limit for the Urgent Motion to Compel to twenty-five (25) pages—*i.e.*, ten (10) pages over the fifteen (15)-page limit set forth in Local Civil Rule 7, cited in Section 3(a) of the Court's Standing Order as applying to all page-limit and format specifications. 17-mc-506, ECF No. 1 (Standing Order). Specifically, Movants request

leave to file one joint motion to compel of no more than **twenty-five (25) pages**, exclusive of the cover page, tables of contents and authorities, signature pages, exhibits, and relevant certificates.

6. Movants respectfully submit that this page extension is necessary to allow adequate discussion of the underlying discovery disputes, in which Movants will demonstrate that the FOMB's lift-stay Oppositions raise fact-based arguments that require discovery. The complexity of the discovery dispute alone justifies the requested extension.

7. Further, the Urgent Motion to Compel includes arguments from four Movants and concerns a discovery dispute that spans three different lift-stay motions: the HTA Lift-Stay Motion, the CCDA Lift-Stay Motion, and the PRIFA Lift-Stay Motion. Notably, there is not perfect overlap among the Movants as to who is involved in each Lift-Stay Motion, and each Lift-Stay Motion implicates a different set of facts and documents for which the respective Movants require discovery. While Movants have elected to collaborate and file jointly—mindful of the Court's instructions that parties make reasonable efforts to avoid duplication—Movants need additional pages to ensure that they can capture in one motion the arguments that each individual Movant intends to raise with respect to each individual Lift-Stay Motion. In other words, Movants' have a lot of territory to cover, and are filing jointly to save resources across the board. If Movants were to file separate briefs, with each Movant entitled to file fifteen pages of argument, the Court could receive over fifty pages of discovery briefing. By comparison, a jointly filed twenty-five page brief increases efficiency and reduces the burden on the Court.

8. In light of the overall importance of the Lift-Stay Motions, the number of parties involved in this filing, and the complexity of this particular discovery dispute, it is critical that Movants have the opportunity to fully present their arguments to the Court. A modest ten (10)-page extension, which reduces the overall number of pages filed, will ensure that the full range of issues is adequately presented to the Court.

9. Movants have conferred with the Government Parties regarding this request for a 25-page limit but have been unable to obtain the Government Parties' consent.

10. In light of the foregoing, Movants respectfully request that the Court enter an order permitting Movants to file a joint Urgent Motion to Compel of no more than twenty-five (25) pages. Movants submit that this request is reasonable and appropriate in light of the circumstances described above.

11. Movants filed this Urgent Motion to Extend Page Limits contemporaneously with the Urgent Motion to Compel. In the event that the Court denies the request for excess pages, Movants will file a conforming Urgent Motion to Compel.

WHEREFORE, Movants respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting any such other relief as the Court deems just and proper.

**Certification of Compliance with
Local Rule 9013-1 and Tenth Amended Case Management Procedures**

Pursuant to Local Rule 9013-1 and ¶ I.H of the *Tenth Amended Notice, Case Management and Administrative Procedures*, the undersigned counsel hereby certify that they have (a) carefully examined the matter and concluded that there is a true need for an urgent decision; (b) not created the urgency through any lack of due diligence; and (c) made reasonable, good-faith communications in an effort to resolve or narrow the issues before the Court.

*[Remainder of page intentionally left blank]*

Dated: February 14, 2020
San Juan, Puerto Rico

| CASELLAS ALCOVER & BURGOS P.S.C. | CADWALADER, WICKERSHAM & TAFT LLP |
|---|---|
| By: */s/ Heriberto Burgos Pérez* | By: */s/ Howard R. Hawkins, Jr.* |
| Heriberto Burgos Pérez<br>USDC-PR 204809<br>Ricardo F. Casellas-Sánchez<br>USDC-PR 203114<br>Diana Pérez-Seda<br>USDC-PR 232014<br>P.O. Box 364924<br><br>San Juan, PR 00936-4924<br>Telephone: (787) 756-1400<br>Facsimile: (787) 756-1401<br>Email: hburgos@cabprlaw.com<br>rcasellas@cabprlaw.com<br>dperez@cabprlaw.com<br><br>*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | Howard R. Hawkins, Jr.*<br>Mark C. Ellenberg*<br>William J. Natbony*<br>Ellen M. Halstead*<br>Thomas J. Curtin*<br>Casey J. Servais*<br>200 Liberty Street<br>New York, NY 10281<br>Telephone: (212) 504-6000<br>Facsimile: (212) 504-6666<br><br>Email: howard.hawkins@cwt.com<br>mark.ellenberg@cwt.com<br>bill.natbony@cwt.com<br>ellen.halstead@cwt.com<br>thomas.curtin@cwt.com<br>casey.servais@cwt.com<br><br>* Admitted *pro hac vice*<br><br>*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

- 9 -

| | |
|---|---|
| ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC | WEIL, GOTSHAL & MANGES LLP |
| | By: /s/ *Robert Berezin* |
| By: /s/ *Eric Perez-Ochoa*<br>Eric Pérez-Ochoa<br>USDC-PR No. 206,314<br>E-mail:epo@amgprlaw.com | Jonathan Polkes*<br>Gregory Silbert*<br>Robert Berezin**<br>Kelly Diblasi*<br>Gabriel A. Morgan* |
| By: */s/Luis A. Oliver-Fraticelli*<br>Luis A. Oliver-Fraticelli<br>USDC-PR NO. 209,204<br>E-mail:loliver@amgprlaw.com | 767 Fifth Avenue<br>New York, New York 10153<br>Tel.: (212) 310-8000<br>Fax: (212) 310-8007 |
| 208 Ponce de Leon Ave., Suite 1600<br>San Juan, PR 00936<br>Tel.: (787) 756-9000<br>Fax: (787) 756-9010 | Email: jonathan.polkes@weil.com<br>gregory.silbert@weil.com<br>robert.berezin@weil.com<br>kelly.diblasi@weil.com<br>gabriel.morgan@weil.com |
| *Attorneys for National Public Finance Guarantee Corp.* | * admitted *pro hac vice*<br>**pro hac vice* application forthcoming<br><br>*Attorneys for National Public Finance Guarantee Corp.* |

| | |
|---|---|
| FERRAIUOLI LLC | MILBANK LLP |
| By: /s/ *Roberto Cámara-Fuertes* | By: /s/ *Atara Miller* |
| Roberto Cámara-Fuertes<br>USDC-PR NO. 219,002<br>E-mail:rcamara@ferraiuoli.com | Dennis F. Dunne*<br>Atara Miller*<br>Grant R. Mainland*<br>John J. Hughes* |
| By: */s/ Sonia Colón*<br>Sonia Colón<br>USDC-PR NO. 213809<br>E-mail:scolon@ferraiuoli.com | 55 Hudson Yards<br>New York, New York 10001<br>Tel.: (212) 530-5000<br>Fax: (212) 530-5219 |
| 221 Ponce de Leon Ave., 5th Floor<br>San Juan, PR 00917<br>Tel.: (787) 766-7000<br>Fax: (787) 766-7001 | Email: ddunne@milbank.com<br>amiller@milbank.com<br>gmainland@milbank.com<br>jhughes2@milbank.com |
| *Counsel for Ambac Assurance Corporation* | *admitted pro hac vice*<br><br>*Counsel for Ambac Assurance Corporation* |

| REXACH & PICÓ, CSP | BUTLER SNOW LLP |
|---|---|
| By: /s/ *María E. Picó* | By: /s/ *Martin A. Sosland* |
| María E. Picó<br>USDC-PR 123214<br>802 Ave. Fernández Juncos<br>San Juan PR 00907-4315<br>Telephone: (787) 723-8520<br>Facsimile: (787) 724-7844<br>E-mail: mpico@rexachpico.com<br><br>*Attorneys for Financial Guaranty Insurance Company* | Martin A. Sosland (pro hac vice)<br>5430 LBJ Freeway, Suite 1200,<br>Dallas, TX 75240<br>Telephone: (469) 680-5502<br>Facsimile: (469) 680-5501<br>E-mail:<br>martin.sosland@butlersnow.com<br><br>Jason W. Callen (pro hac vice)<br>150 3rd Avenue, South, Suite 1600<br>Nashville, TN 37201<br>Telephone: (615) 651-6774<br>Facsimile: (615) 651-6701<br>E-mail: jason.callen@butlersnow.com<br><br>*Attorneys for Financial Guaranty Insurance Company* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2020, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Puerto Rico by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

At New York, New York, on February 14, 2020.

By: */s/ Robert Berezin*
Robert Berezin\*
\* Admitted *pro hac* v*ice*

## **EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.,*<br><br>Debtors.[3] | PROMESA Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**[PROPOSED] ORDER GRANTING URGENT MOTION OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AMBAC ASSURANCE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, AND NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION FOR LEAVE TO EXCEED PAGE LIMIT WITH RESPECT TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

---

[3] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**THIS MATTER** is before the Court on an Urgent Motion to Extend Page Limits filed by Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation (collectively the "Movants"). The Urgent Motion seeks leave to extend the fifteen (15)-page limit and file a single joint twenty-five (25)-page Urgent Motion to Compel, wherein Movants seek to compel the Federal Oversight and Management Board for Puerto Rico (the "FOMB"), the Puerto Rico Highway and Transportation Authority (the "HTA"), the Puerto Rico Infrastructure Financing Authority ("PRIFA"), the Puerto Rico Convention Center District Authority ("CCDA"), and the Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico ("AAFAF" and, together with FOMB and HTA, the "Government Parties") to produce documents in connection with pending motions for relief from the automatic stay.

**UPON CONSIDERATION** of the Urgent Motion, the relevant portions of the docket, and being otherwise fully advised in the matter, it is hereby **ORDERED** that the Urgent Motion to Extend Page Limits is **GRANTED**. Movants may file one joint motion to compel of no more than **twenty-five (25) pages**, exclusive of the cover page, tables of contents and authorities, signature pages, exhibits, and relevant certificates.

Dated: _____, 2020

SO ORDERED:

_____

Honorable Judith G. Dein
United States Magistrate Judge