# **EXHIBIT I**

| | |
|---|---|
| **From:** | McKeen, Elizabeth L. |
| **To:** | Mainland, Grant; Rappoport, Gaspard; Friedman, Peter; suhland@omm.com; Hammack, Scott; Firestein, Michael A.; Rappaport, Lary Alan; tmungovan@proskauer.com; Mervis, Michael T.; Dale, Margaret A. (mdale@proskauer.com); Pavel, Ashley; Ji, Josh |
| **Cc:** | Berezin, Robert; DiBlasi, Kelly; Morgan, Gabriel; Silbert, Gregory; Collins, Reed; Hawkins, Howard (Howard.Hawkins@cwt.com); Ellenberg, Mark; "Natbony, Bill"; "casey.servais@cwt.com"; Miller, Atara; Hughes, John; Sosland, Martin - EXT; Jason Callen (Jason.Callen@butlersnow.com); Mintz, Douglas S. (dmintz@orrick.com); Nayuan Trinidad (nzt@mcvpr.com) |
| **Subject:** | RE: Follow-up re: Discovery on Lift-Stay Motions |
| **Date:** | Tuesday, February 11, 2020 3:41:32 PM |

Grant -

Thank you for your correspondence. While we disagree the discovery you've sought has any bearing on the issues the Court intends to address on March 5, we anticipate being able to produce an initial set of documents to you tomorrow. We further anticipate finalizing the production by the end of the week. While that timing may be delayed slightly, it is currently our best estimate and we are working diligently to that end.

We cannot agree that it makes sense to move the briefing schedule or the hearing date in light of the disconnect between what you asked us for and what is at issue in the preliminary hearing. We do not believe the documents you seek have any probative value. But even if they do have some relevance, it would not justify delaying the resolution of the threshold issues the Court ordered the parties to address on March 5. We certainly disagree it justifies a seven-week delay.

That said, we would like to reach a compromise to avoid urgent motion practice. To that end, we would not object to you filing your reply brief with a further, supplemental filing on or before February 26, 2020, if there is information we provide in our upcoming document production that you would like to bring to the Court's attention in furtherance of your arguments. We'd suggest an 8-page supplement (for any of the instrumentalities) to avoid burdening the Court immediately prior to the hearing, but are open to your suggestions on that front. Naturally, should you wish to submit a supplement, we would like the opportunity (or at least reserve our right) to file a short sur-reply, which we are prepared to do on short notice (timing to be negotiated). We trust you would not be opposed to a sur-reply under those conditions.

Best,
Liz

# O'Melveny

**Elizabeth L. McKeen**
emckeen@omm.com
O: +1-949-823-7150

O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*