# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                                    Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                                    Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of PUERTO RICO ELECTRIC POWER AUTHORITY, and PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY,<br><br>                                    Movants,<br>           v.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *et al.*<br>Respondents. | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| CORTLAND CAPITAL MARKET SERVICES LLC, *et al.*,<br><br>        Plaintiffs,<br>     v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, *et al.*,<br><br>        Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 19-AP-396 |
| SISTEMA DE RETIRO DE LOS EMPLEADOS DE LA AUTORIDAD DE ENERGIA ELECTRICA,<br><br>        Plaintiff,<br>     v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, *et al.*,<br><br>        Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 19-AP-405 |

**AAFAF REPLY IN FURTHER SUPPORT OF GOVERNMENT PARTIES' URGENT MOTION FOR AN ELEVENTH REVISED 9019 SCHEDULING ORDER AND RESPONSE TO THE URGENT MOTION OF THE FUEL LINE LENDERS AND UNION ENTITIES TO ADJOURN MARCH 4, 2020 HEARING ON BONDHOLDERS' AND GOVERNMENT PARTIES' MOTIONS TO <u>DISMISS IN ADVERSARY PROCEEDINGS</u>**

To the Honorable United States District Judge Laura T. Swain:

  The Puerto Rico Fiscal Agency and Financial Advisory Authority ("<u>AAFAF</u>") submits this (A) reply in support of the urgent motion of the Government Parties[2] (the "Urgent Motion") [ECF No. 1897] for an order adjourning certain deadlines in connection with the 9019 Motion and in response to the objections (the "Objections") filed by, the Unsecured Creditors Committee (the "UCC Objection") [ECF No. 1904], Assured and National (the "Assured and National Objection") [ECF No. 1902], and the FLL, UTIER, and SRAEE (the "FLL and Union Parties Objection") [ECF

---

[2] Capitalized terms used but not defined herein shall have the meaning given them in the Urgent Motion.

2

No.1905] and (B) in response to the Fuel Line Lenders and Union Entities' *Urgent Motion to Adjourn March 4, 2020 Hearing on Bondholders' and Government Parties' Motions to Dismiss in Adversary Proceedings* (ECF No. 82 in Adv. Proc. No. 19-396; ECF No. 56 in Adv. Proc. No. 19-405) (the "Adversary Proceedings Scheduling Motion") and states as follows:

1. AAFAF respectfully requests that the Court overrule the Objections and enter the revised proposed order submitted by the Oversight Board setting the hearing on the 9019 Motion for June 17-18, 2020, and setting interim deadlines. All of the movants and the objectors to the 9019 Motion have consented to this revised schedule.

2. The Court should overrule the Assured and National Objection. Assured and National have rights under the RSA, but, given that Assured and National are not party to the 9019 motion, they do not have the right to dictate the schedule. As this Court has previously recognized, any frustration Assured and National may have over the delay does not justify pushing ahead with a hearing date over the Government Parties' objection. *See* ECF 1834 (entering Government Parties' requested schedule notwithstanding objection).

3. There is also no cause for removing "new material developments" limitation on additional discovery from the scheduling order as requested in the UCC Objection. The passage of time does not justify revisiting discovery into information that could have been requested before September 10, 2019. As the UCC concedes, "the Court need not decide at this time whether any particular discovery is appropriate," and the UCC "has not requested, and indeed may never request, such discovery." (UCC Objection ¶ 9.) An objection to the Government Parties' Urgent Motion to set a new schedule is not the correct procedural mechanism to litigate reopening discovery, particularly when the Committee does not even raise concrete reasons for reopening discovery, beyond the "passage of time." Should the UCC have particular requests it believes would be precluded under

the existing limitations, it should be required to file a motion to reopen discovery and demonstrate good cause for doing so.

4. The FLL and UTIER Objection and Adversary Proceedings Scheduling Motion seek to adjourn hearings on motions it dismiss in certain adversary proceedings. AAFAF does not oppose a limited adjournment of the March 4 hearing in adversary proceedings Nos. 19-396 and 19-405.

Respectfully submitted,

February 14, 2020,

| **O'MELVENY & MYERS LLP** | **MARINI PIETRANTONI MUÑIZ, LLC** |
|---|---|
| */s/ Elizabeth L. McKeen* | */s/ Luis C. Marini-Biaggi* |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| Nancy A. Mitchell | USDC NO. 222301 |
| (Admitted *Pro Hac Vice*) | lmarini@mpmlawpr.com |
| 7 Times Square | |
| New York, NY 10036 | 250 Ponce de León Ave., Suite 900 |
| Tel: (212) 326-2000 | San Juan, Puerto Rico 00918 |
| Fax: (212) 326-2061 | Tel: (787) 705-2171 |
| | Fax: (787) 936-7494 |
| -and- | |
| | *Co-Attorneys for Puerto Rico Fiscal Agency* |
| Peter Friedman | *and Financial Advisory Authority* |
| (Admitted *Pro Hac Vice*) | |
| 1625 Eye Street, NW | |
| Washington, DC 20006 | |
| Tel: (202)-383-5300 | |
| Fax: (202) 383-5414 | |
| | |
| -and- | |
| | |
| Elizabeth L. McKeen | |
| Ashley M. Pavel | |
| (Admitted *Pro Hac Vice*) | |
| 610 Newport Center Drive, 17th Floor | |
| Newport Beach, CA 92660 | |
| Tel: (949) 823-6900 | |
| Fax: (949) 823-6994 | |
| | |
| *Attorneys for Puerto Rico Fiscal Agency and* | |
| *Financial Advisory Authority* | |