IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | No. 17 BK 3283-LTS |
| as representative of | Jointly Administered |
| THE COMMONWEALTH OF PUERTO RICO | |
| Debtor | |

**LIMITED OPPOSITION TO JOINT MOTION OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDING AUTHORITY FOR AND ORDER (I) SCHEDULING A HEARING TO CONSIDER THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE DEADLINE FOR FILING SPANISH TRANSLATION OF THE DISCLOSURE STATEMENT, (III) ESTABLISHING THE DEADLINE FOR FILING OBJECTIONS TO THE DISCLOSURE STATEMENT AND REPLIES THEREOF, AND (IV) GRANTING RELATED RELIEF**

**TO THE HONORABLE COURT:**

COME NOW, Salud Integral de la Montaña, Inc. (SIM), through its undersigned attorney and respectfully states as follows:

## I. INTRODUCTION

1. The Financial Oversight and Management Board for Puerto Rico filed on behalf of the Commonwealth of Puerto Rico, the Retirement System of the Government of Puerto Rico and the Puerto Rico Public Buildings Authority (docket 10,808), seeking an order (1) Scheduling a Hearing to Consider the Disclosure Statement, (2) Establishing the Deadline For Filing Spanish Translation Of The Disclosure Statement, (3) Establishing the Deadline For Filing Objections To The Disclosure Statement and Replies Thereof, and (4) Granting Related Relief. Essentially, the Board wants to calendarize the process for the approval of the disclosure statement it has yet to file, see, footnote 2 of the aforementioned motion. SIM opposes the relief requested for several reasons.

## II. ARGUMENT

2. On September 27, 2019, the Board filed the Disclosure Statement in the instant case. The document has 1,869 pages, albeit including 173 pages of the Plan of Adjustment. On February 14, 2020, the Board announced and placed in its website a Plan Support Agreement (PSA) with several bondholder groups, both of GO's and PBA bonds. The PSA requires that the Disclosure Statement be approved by August 31 and the Plan to be confirmed by December 15, 2021.

3. The aforesaid motion requires that creditors such as SIM, analyze and file any opposition to the Disclosure Statement within 47 days of the filing of the document. SIM suggests this is too short a period to perform said tasks on such and important document.

2

4. Congress made clear as to Chapter 11 that "[t]he key to the consolidated chapter is the disclosure statement.[1]" Moreover, Collier's states that the Court should consider, in addition to the elements of 11 U.S.C. § 1125, the complexity of the case[2]. Also, the Fifth Circuit, in *In Re Cajun Electric Power Co-op, Inc.*, 150 F.3d 503, 518 (5th Cir. 1998), also opined that the legislative history of section 1125 indicates that the information required by the disclosure statement will be governed by the circumstances of the case.

5. As per the PSA, the Board wishes to adjust $35 billion. This is almost twice the amount of the previously largest municipal bankruptcy, Detroit. Its disclosure statement was only 440 pages, see: shrtm.nu/wbYW The City of Stockton disclosure statement was 134 pages in length. San Bernardino's was 143 pages, see: shrtm.nu/uAbV Jefferson County 247, see: shrtm.nu/xgs5 and Central Falls 42 pages, see: shrtm.nu/f8zG .

6. In addition, the Court ordered Ambac and the Board to meet and confer to streamline the production of documents pursuant to the former's Rule 2004 request. SIM needs to have a "basic understanding of mayor aspects of the Commonwealth's financial condition that will be relevant to a plan of adjustment" and these documents will be very relevant. As per the February 12, 2020 Joint Report, "[t]he Government Parties currently anticipate they will produce core materials in response to the majority of the Prioritized Requests, but require additional time to determine what reasonably accessible materials exist and a reasonable timeframe for their production.[3]"

---

[1] H.R. Rep. No. 95-545, 95th Cong. 1st Sess., 226 (1977).
[2] Collier's On Bankruptcy, ¶ 1125.01[3], page 1125-5 (16th Edition).
[3] Paragraph 10, page 3 of the aforementioned Joint Report, docket 10,875. As the Report states, Ambac and the Government Parties have been kind enough to include SIM in their correspondence and we look forward to reviewing the documents when produced.

7. It is likely that the future disclosure statement will be similar in size to the previous 1,800 plus document. In addition, the documents that the Government Parties will produce should be part of the disclosure statement. SIM suggests that 47 days is not enough to thoroughly examine said document and if necessary, present a coherent objection to it. SIM suggests that such and important endeavor should be taken with a little more time.

8. Hence, given the importance of the approval of the disclosure statement, SIM suggests moving the Board's timetable 30 days. That way, the parties can thoroughly examine the document and raise any objections they deem fit. Although this may affect the PSA timetable, it is nevertheless true that the Governor and the Legislature are opposed to it and will not approve enabling legislation. The Board has yet to explain how it will overcome this obstacle.

WHEREFORE: SIM requests from the Honorable Court that it take notice of this motion and move the Board's proposed timetable by 30 days.

Respectfully submitted on this 17th day of February, 2020.

CERTIFY: That on this same day, the ECF system sent a copy of this motion to all parties in this litigation.

/s John E. Mudd
John E. Mudd
Bar Number: 201102
Attorney for Plaintiffs
LAW OFFICES JOHN E. MUDD
P. O. BOX 194134
SAN JUAN, P.R. 00919
(787) 413-1673
Fax. (787) 753-2202
johnmuddlaw@gmail.com

4