Anejo I

**GOBIERNO DE PUERTO RICO**
Departamento de Corrección y Rehabilitación

## CERTIFICACIÓN

Certifico que, **María I. Colón Cintrón,** seguro social xxx-xx-*MICC* laboró para el Departamento de Corrección y Rehabilitación en un puesto **Regular** como **Teniente Segundo** desde el 8 de agosto de 1987 hasta el 31 de julio de 2019, fecha en que se acogió a los beneficios del Pre-Retiro Voluntario.

Se expide la presente certificación en San Juan, Puerto Rico, hoy **5 de febrero de 2020**.

Certifico correcto,

*Nilsa J. Kuilan Collazo*
Nilsa J. Kuilan Collazo
Coordinadora en Asuntos de Retiro
Secretaría Auxiliar de Recursoso Humanos
y Relaciones Laborales
División Beneficios Marginales

/msm

Anejo II

**GOBIERNO DE PUERTO RICO**
**COMISIÓN APELATIVA DEL SERVICIO PÚBLICO**
**SAN JUAN, PUERTO RICO**
www.casp.pr.gov

| MARÍA I. COLÓN CINTRÓN | |
| --- | --- |
| Apelante | CASO NÚM. 2014-03-0731 |
| vs. | |
| DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN | RETRIBUCIÓN |
| Apelado | Materia |

## ORDEN

**A LAS PARTES**:

El 14 de marzo de 2014, se instó el recurso de epígrafe. Mediante el mismo, se impugna la determinación de eliminar el diferencial de sueldo de la apelante. Como remedio, se solicitó el pago del diferencial toda vez que las circunstancias que lo justificaron no han variado.[1]

El 3 de mayo de 2017, el Gobierno de Puerto Rico presentó una Petición de Quiebra al amparo de la ley federal conocida como "Puerto Rico *Oversight, Management, and Economic Stability Act*" ("PROMESA", por sus siglas en inglés).

Recientemente el Tribunal Supremo tuvo la oportunidad de expresarse en torno a la paralización de los procedimientos judiciales y administrativos como consecuencia de la presentación de la Petición de Quiebra al amparo de PROMESA Sobre el particular, el referido Foro aleccionó:

> El efecto de la paralización automática es detener los pleitos que involucren reclamaciones monetarias y que se estén llevando contra el deudor al momento de radicar la petición de quiebra o aquellas que hayan podido comenzar antes de la presentación de la petición de quiebra. De otro modo, las reclamaciones que prosiguieran su curso en los tribunales tendrían una preferencia que la ley no les concede, pues cobrarían antes que los demás deudores y, a diferencia de estos, podrían resarcir su deuda de forma íntegra. Todo ello empequeñecería indebidamente el caudal del quebrado, en perjuicio suyo y de los demás acreedores.
>
> Para evitar esto, la paralización opera de forma automática en los pleitos, no importa la causa de la reclamación monetaria. Por lo tanto, los tribunales estatales quedan privados de jurisdicción automáticamente y no pueden continuar atendiendo los casos en los que exista una reclamación monetaria contra el deudor que presentó la petición de quiebra.
>
> **Cabe destacar que siempre que una controversia contenga una reclamación monetaria y otra que no lo sea, todas las etapas del caso quedan paralizadas automáticamente al presentarse la petición de quiebra, ya que no caen dentro de las excepciones a la paralización. En caso de que las partes entiendan que se debe levantar la paralización, deberán acudir al tribunal federal para que ese foro levante parcial o totalmente la paralización.**[2]

---

[1] Véase "*Solicitud de apelación y solicitud voluntaria de servicio de mediación (por derecho propio)*", párrafo 12.
[2] *Morales Pérez v. Policía de P.R.*, 2018 TSPR 48, 199 DPR __, (Resolución) (Citas omitidas y énfasis suplido). Véase, además, *Lacourt Martínez v. JLP*, 198 DPR 786 (2017).

-2-

MARÍA I. COLÓN CINTRÓN
2014-03-0731
ORDEN

La causa de autos es una reclamación económica relacionada a su retribución salarial. A tenor con la normativa previamente reseñada, resulta innegable que el presente caso quedó automáticamente paralizado tan pronto el Gobierno de Puerto Rico presentó su Petición de Quiebra.

Como es sabido, una vez se verifica que al caso le aplica la paralización automática, la intervención de esta Comisión concluye hasta tanto culmine el procedimiento de quiebra o la Corte de Distrito de los Estados Unidos autorice la continuación de los procedimientos.

Por las razones antes expresadas, **SE ORDENA la paralización de los procedimientos** de la presente apelación ante este Foro y el archivo administrativo del caso hasta tanto una de las partes certifique que se ha levantado la paralización, ya sea por la conclusión del procedimiento de quiebras o mediante una solicitud a esos efectos.

**NOTIFÍQUESE Y ARCHÍVESE.**

En San Juan, Puerto Rico, a 13 de marzo de 2019.

**ANIANO RIVERA TORRES**
Comisionado Asociado

**CERTIFICO** que hoy, 15 de marzo de 2019, archivé en los autos de la apelación el original de esta **Orden** y que envié copia fiel y exacta de la misma a las Partes, a sus direcciones en récord.

**REYNALDO GONZÁLEZ RODRÍGUEZ**
Secretario

**APELADA:**
LCDO. ERIK ROLÓN SUÁREZ
SECRETARIO
**ADMINISTRACIÓN DE CORRECCIÓN
Y REHABILITACIÓN (DEPTO. DE CORRECCIÓN)**
PO BOX 71308
SAN JUAN PR 00936

**APELANTE:**
MARÍA I. COLÓN CINTRÓN
VILLA FONTANA
VÍA 17 CR-1
CAROLINA, PR 00983

ART/mpa