Reply Deadline: February 26, 2020 4:00 PM AST
Hearing Date: March 4, 2020 9:30 AM AST

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>Debtors.[1] | PROMESA<br><br>Title III<br><br>Case No. 17 BK 3283 (LTS)<br><br>(Jointly Administered) |

**OBJECTION AND RESERVATION OF RIGHTS OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, AMBAC ASSURANCE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, AND INVESCO FUNDS WITH RESPECT TO JOINT MOTION OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY FOR AN ORDER (I) SCHEDULING A HEARING TO CONSIDER THE ADEQUACY OF INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE DEADLINE FOR FILING SPANISH TRANSLATION OF THE DISCLOSURE STATEMENT, (III) ESTABLISHING THE DEADLINE FOR FILING OBJECTIONS TO THE DISCLOSURE STATEMENT AND REPLIES THERETO, AND (IV) GRANTING RELATED RELIEF (ECF NO. 10808)**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (together, "Assured"), National Public Finance Guarantee Corporation ("National"), Ambac Assurance Corporation ("Ambac"), Financial Guaranty Insurance Company ("FGIC", and collectively with Assured, National, and Ambac, the "Insurers"), and funds managed by Invesco Advisers, Inc. and funds and/or accounts managed or advised by OFI Global Institutional Inc. (the "Invesco Funds", and together with the Insurers the "Objectors") hereby submit this Objection (the "Objection") to the *Joint Motion of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority for an Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Spanish Translation of the Disclosure Statement, (III) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, and (IV) Granting Related Relief* (ECF No. 10808, the "Motion" or "Mot."),[2] and respectfully state as follows:

**OBJECTION**

1. On February 11, 2020, the Financial Oversight and Management Board for Puerto Rico ("FOMB") filed the Motion, which asks the Court to approve a schedule for a hearing on a disclosure statement that has not actually been filed related to a plan of adjustment that has also not been filed. The Motion is both premature and an improper attempt to jam creditors and the Court with a confirmation timeline that would significantly impair Objectors' due process rights. The Motion should be denied for at least four reasons.

2. *First*, and most fundamentally, any filing of a plan or disclosure statement now or in the near future would be premature in light of the essential gating issues that need to be

---

[2] Unless otherwise indicated, references to ECF numbers herein refer to the docket in Case No. 17-3283-LTS.

resolved before a confirmable plan can be formulated and before a disclosure statement will be able to provide "adequate information" as required by 11 U.S.C. § 1125(b). Through the filing of motions for relief from the automatic stay (the "Lift Stay Motions") on January 16, 2020, the Insurers are currently seeking to enforce their rights with respect to the special revenues pledged to secure the Insurers' billions of dollars of holdings in special revenue bonds issued by the Puerto Rico Highways and Transportation Authority (ECF No. 10102), Puerto Rico Infrastructure Financing Authority (ECF No. 10602), and Puerto Rico Convention Center District Authority (ECF No. 10104) (collectively, the "Revenue Bonds"). The heart of these litigations is a determination of who has an interest in the funds securing the Revenue Bonds. If the FOMB is wrong in its view that it can use these funds for other purposes, as its fiscal plans and forthcoming proposed plan of adjustment purport to dictate, that plan would be dead and have to be materially revised. Thus, it will not be possible for a disclosure statement to provide "adequate information" with respect to the Objectors' rights under the Revenue Bonds and the effect of those rights on other creditors' potential recoveries until, at a minimum, the Lift Stay Motions and any resulting enforcement actions have been concluded. Moreover, FOMB itself has acknowledged that the issues raised in its objection (ECF No. 4784) to general obligation bond claims based on the debt limit provision of the Puerto Rico constitution constitute "gating issues for the Commonwealth's plan of adjustment process." See ECF No. 4784 ¶ 10. Given the lack of resolution with respect to these basic gating issues and the resulting inability of any disclosure statement to provide information sufficient to "enable" Revenue Bondholders and others "to make an informed judgment about the plan" (see 11 U.S.C. § 1125(a)(1)), the Commonwealth's "plan of adjustment process" (ECF No. 4784 ¶ 10) is closer to its beginning than to its end. We should remain focused on the resolution of the crucial gating issues before embarking on a confirmation process that cannot be completed until the gating issues are resolved.

3. *Second*, while FOMB indicates its *intent* to file a proposed plan and disclosure statement on or before February 28, 2020 (Mot. ¶ 3), it has not done so yet, and the filing of such a plan and disclosure statement therefore remains a purely hypothetical possibility. This Court has consistently taken the position that it may not make rulings based upon "a hypothetical state of facts." ACP Master Ltd. v. Puerto Rico, 300 F.Supp.3d 328, 336-37 (D.P.R. 2018), aff'd 919 F.3d 638 (1st Cir. 2019). For example, when a group of general obligation bondholders last year filed a motion (ECF No. 6104) seeking approval of certain procedures related to a "conditional" objection to various bond claims, this Court denied that motion on the grounds that the claim objection was conditioned on "future events that may or may not occur." See ECF No. 6891 at 6. At the present juncture, FOMB's proposed filing of a new plan and disclosure statement likewise remains a "future event" that "may or may not occur," and, in any event, may or may not occur on the schedule FOMB anticipates. This deficiency is not cured by the filing of a plan and disclosure statement prior to the March 4 hearing on the Motion. In that case, Objectors' due process rights will have been violated because they will have been forced to respond to the Motion without adequate notice of exactly what it was they were supposed to be responding to.

4. *Third*, on a more practical level, FOMB's filing of the Motion prior to the filing of the underlying plan and disclosure statement makes it impossible for the Objectors to appropriately assess both the feasibility and fundamental fairness of the schedule FOMB proposes. The Objectors at this time do not know exactly what the plan and disclosure statement will contain, what the full scope of their objections to the plan and disclosure statement will encompass, or how much time will be required to complete the resulting litigation. Indeed, as the Amended Report (as defined below) correctly acknowledges—albeit in overly polite terms—FOMB refused to share the proposed schedule with Objectors prior to the filing of the Motion.

5. *Fourth*, the Motion is premature in that the scheduling issues it raises are intertwined with the scheduling proposals set forth in the *Amended Report and Recommendation of the Mediation Team* (ECF No. 10756, the "Amended Report"),[3] and this Court has already set February 21, 2020 as the deadline for "any responses or objections to the Amended Report." See ECF No. 9661 ¶ 3. While the forthcoming response will likely also have to be formulated without the benefit of seeing the disclosure statement and plan, Objectors intend to respond to the scheduling issues addressed in the Amended Report—including FOMB's heretofore unseen proposed schedule for a disclosure statement hearing—in due course and in accordance with the Court's February 21 deadline. It therefore makes little sense to require Objectors to address just one isolated subset of those scheduling issues (i.e., the scheduling of a disclosure statement hearing) in this earlier Objection. Objectors reserve the right to respond further to the schedule proposed in the Motion in the context of their response to the Amended Report.

6. Apart from the above reasons for simply denying the Motion, the proposed order[4] attached as "Exhibit A" to the Motion is defective. It characterizes the proposed "Disclosure Statement Hearing" as a hearing "to consider the adequacy of the information contained in the Amended Disclosure Statement." While adequacy of information will no doubt be a central issue

---

[3] Notably, FOMB represents in the Motion that the Mediation Team, in its Amended Report, "adopt[ed] the . . . confirmation schedule proposed by the Debtors [in the Motion]." See Mot. ¶ 7. This is not true. In reality, the Mediation Team went to great lengths to state otherwise. The Amended Report specifically states: "The Mediation Team **expresses no view on the FOMB's proposed confirmation schedule** other than to say it appears to satisfy technical requirements and is directionally correct. The Mediation Team **will be prepared to state its view at an appropriate time if requested by the Court to do so**, but, to date, the Mediation Team does not believe that the FOMB's proposed confirmation schedule has been shared with any party who is currently expected to oppose confirmation of the Amended Plan. Thus, the Mediation Team has not had the opportunity to discuss the proposed schedule with them and would want to do so **before making any scheduling recommendations of its own.**" See Amended Report at pp. 24-25 (emphasis added).

[4] FOMB's proposed order also appears to identify March 4, 2020 as the proposed date for the "Disclosure Statement Hearing," but this is presumably an error.

4

at any hearing on a motion for approval of a disclosure statement, the Objectors at this point do not have enough information about what specific additional forms of relief such an as-yet-unfiled motion might seek, nor do they know the full extent of additional issues related to the underlying disclosure statement and plan that might be in dispute—including, for example, issues related to the plan's patent un-confirmability. Once the specifics are revealed, Objectors may have additional objections to raise, including, for example, as to the manner in which voting and notices are structured. Therefore, in the event the Court were to enter a scheduling order notwithstanding this Objection, the order should at a minimum refrain from characterizing the hearing in a way that could be interpreted as pre-judging the scope of the issues to be considered at such a hearing. Any determination of the scope of a such a hearing would be premature at this time—just like the Motion itself.

## **RESERVATION OF RIGHTS**

7. The Objectors reserve their right to respond further to the Motion, including, without limitation, (i) in their response(s) to the Amended Report, (ii) at the March 4, 2020 omnibus hearing, and/or (iii) by joining or responding to any other objections or responses to the Motion.

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, the Court should deny the Motion in its entirety.

Dated: February 18, 2020
New York, New York

| CASELLAS ALCOVER & BURGOS P.S.C. | CADWALADER, WICKERSHAM & TAFT LLP |
|---|---|
| */s/ Heriberto Burgos Pérez* | */s/ Howard R. Hawkins, Jr.* |
| Heriberto Burgos Pérez | Howard R. Hawkins, Jr.* |
| USDC-PR No. 204,809 | Mark C. Ellenberg* |
| Ricardo F. Casellas-Sánchez | William Natbony* |
| USDC-PR No. 203,114 | Ellen M. Halstead* |
| Diana Pérez-Seda | Thomas J. Curtin* |
| USDC–PR No. 232,014 | Casey J. Servais* |
| E-mail: hburgos@cabprlaw.com | 200 Liberty Street |
| rcasellas@cabprlaw.com | New York, New York 10281 |
| dperez@cabprlaw.com | Tel.: (212) 504-6000 |
|  | Fax: (212) 406-6666 |
| P.O. Box 364924 | Email: howard.hawkins@cwt.com |
| San Juan, PR 00936-4924 | mark.ellenberg@cwt.com |
| Tel.: (787) 756-1400 | bill.natbony@cwt.com |
| Fax: (787) 756-1401 | ellen.halstead@cwt.com |
|  | thomas.curtin@cwt.com |
| *Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | casey.servais@cwt.com |
|  | * admitted pro hac vice |
|  | *Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

| | |
|---|---|
| **ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC** | **WEIL, GOTSHAL & MANGES LLP** |
| */s/ Eric Perez-Ochoa* <br> Eric Pérez-Ochoa <br> USDC-PR No. 206,314 <br> Email: epo@amgprlaw.com | */s/ Robert Berezin* <br> Jonathan D. Polkes* <br> Gregory Silbert* <br> Robert S. Berezin* <br> Kelly DiBlasi* <br> Gabriel A. Morgan* <br> 767 Fifth Avenue <br> New York, NY 10153 <br> Tel.: (212) 310-8000 <br> Fax: (212) 310-8007 <br> Email: jonathan.polkes@weil.com <br> gregory.silbert@weil.com <br> robert.berezin@weil.com <br> kelly.diblasi@weil.com <br> gabriel.morgan@weil.com |
| */s/ Luis A. Oliver Fraticelli* <br> Luis A. Oliver-Fraticelli <br> USDC-PR No. 209,204 <br> Email: loliver@amgprlaw.com <br> 208 Ponce de León Ave., Suite 1600 <br> San Juan, PR 00936 <br> Tel.: (787) 756-9000 <br> Fax: (787) 756-9010 | |
| *Attorneys for National Public Finance Guarantee Corp.* | *admitted pro hac vice <br><br> *Attorneys for National Public Finance Guarantee Corp.* |

7

| | |
|---|---|
| FERRAIUOLI LLC | MILBANK LLP |
| By: */s/ Roberto Cámara-Fuertes* <br> ROBERTO CÁMARA-FUERTES <br> USDC-PR NO. 219,002 <br> E-mail: rcamara@ferraiuoli.com <br><br> By: */s/ Sonia Colón* <br> SONIA COLÓN <br> USDC-PR NO. 213809 <br> E-mail: scolon@ferraiuoli.com <br><br> 221 Ponce de Leon Ave., 5th Floor <br> San Juan, PR 00917 <br> Tel.: (787) 766-7000 <br> Fax: (787) 766-7001 <br><br> *Counsel for Ambac Assurance Corporation* | By: */s/ Atara Miller* <br> DENNIS F. DUNNE* <br> ATARA MILLER* <br> GRANT R. MAINLAND* <br> JOHN J. HUGHES* <br> 55 Hudson Yards <br> New York, New York 10001 <br> Tel.: (212) 530-5000 <br> Fax: (212) 530-5219 <br> Email: ddunne@milbank.com <br> amiller@milbank.com <br> gmainland@milbank.com <br> jhughes2@milbank.com <br><br> *admitted pro hac vice* <br><br> *Counsel for Ambac Assurance Corporation* |

8

ARENT FOX LLP


By: /s/ *David L. Dubrow*
    DAVID L. DUBROW\*
    MARK A. ANGELOV\*
    1301 Avenue of the Americas
    New York, New York 10019
    Tel.:    (212) 484-3900
    Fax:    (212) 484-3990
    Email:    david.dubrow@arentfox.com
               mark.angelov@arentfox.com


By: /s/ *Randall A. Brater*
    RANDALL A. BRATER\*
    1717 K Street, NW
    Washington, DC 20006
    Tel.:    (202) 857-6000
    Fax:    (202) 857-6395
    Email:    randall.brater@arentfox.com

\*admitted pro hac vice

*Counsel for Ambac Assurance Corporation*

9

| REXACH & PICÓ, CSP | BUTLER SNOW LLP |
|---|---|
| By: */s/ María E. Picó* | By: */s/ Martin A. Sosland* |
| María E. Picó<br>USDC-PR 123214<br>802 Ave. Fernández Juncos<br>San Juan PR 00907-4315<br>Telephone: (787) 723-8520<br>Facsimile: (787) 724-7844<br>E-mail: mpico@rexachpico.com<br><br>*Attorney for Financial Guaranty Insurance Company* | Martin A. Sosland (*pro hac vice*)<br>5430 LBJ Freeway, Suite 1200<br>Dallas, TX 75240<br>Telephone: (469) 680-5502<br>Facsimile: (469) 680-5501<br>E-mail: martin.sosland@butlersnow.com<br><br>*\*Admitted pro hac vice in Case No. 17-BK-03283-LTS and Case No. 17-BK-03567-LTS*<br><br>Jason W. Callen<br>150 3rd Ave., S., Suite 1600<br>Nashville, TN 37201<br>Telephone: 615-651-6774<br>Facsimile: 615-651-6701<br>Email: jason.callen@butlersnow.com<br><br>*\*Admitted pro hac vice in Case No. 17-BK-03283-LTS and Case No. 17-BK-03567-LTS*<br><br>*Attorneys for Financial Guaranty Insurance Company* |

| | |
|---|---|
| **TORO COLÓN MULLET P.S.C.** | **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
| */s/ Manuel Fernández-Bared* | |
| MANUEL FERNÁNDEZ-BARED | */s/ Amy Caton* |
| USDC-PR No. 204,204 | THOMAS MOERS MAYER* |
| Email: mfb@tcm.law | AMY CATON* |
| | DOUGLAS BUCKLEY* |
| */s/ Linette Figueroa-Torres* | 1177 Avenue of the Americas |
| LINETTE FIGUEROA-TORRES | New York, New York 10036 |
| USDC-PR No. 227,104 | Tel.: (212) 715-9100 |
| Email: lft@tcm.law | Fax: (212) 715-8000 |
| | Email: tmayer@kramerlevin.com |
| */s/ Jane Patricia Van Kirk* |         acaton@kramerlevin.com |
| JANE PATRICIA VAN KIRK |         dbuckley@kramerlevin.com |
| USDC–PR No. 220,510 | * (admitted *pro hac vice*) |
| Email: jvankirk@tcm.law | |
| P.O. Box 195383 | |
| San Juan, PR 00919-5383 | |
| Tel.: (787) 751-8999 | |
| Fax: (787) 763-7760 | |

*Counsel to funds managed by Invesco Advisers, Inc. and funds and/or accounts managed or advised by OFI Global Institutional Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case.

At New York, New York, this 18th day of February, 2020.

By: /s/ *Howard R. Hawkins, Jr.*
        Howard R. Hawkins, Jr.*
        * admitted pro hac vice