UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RECEIVED & FILED

2020 FEB 14  PM 3: 14

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*,

        Debtors.

------------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

**[Response to Docket#4784, #7057, #8141 and #9730]**

**INDIVIDUAL COMMONWEALTH GO AND PBA BONDHOLDER MOTION TO
DISMISS CLAIMS OBJECTIONS TO CLAIMS BY HOLDERS OF
COMMONWEALTH GO AND PBA BONDS**

Dated:  February 11, 2020

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................. ii

MOTION TO DISMISS CLAIMS OBJECTIONS #4784, #7057, #8141 AND #9730..................1

I.      MOTION TO DISMISS FILED 2/5/2020 BY CERTAIN BONDHOLDERS
        AND BOND INSURERS (DOCKET #10702) ....................................................................1

II.     ADDITIONAL REASONS IN SUPPORT OF DISMISSAL .............................................1

III.    RESPONSE TO CERTIFICATION REQUIREMENT AND RESERVATION OF
        RIGHTS ...............................................................................................................................6

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*County of Moultrie* v. *Rockingham*,
  92 U.S. 631 (1875)......................................................................................................... 5

*Town of Coloma* v. *Eaves*,
  92 U.S. 484 (1875)......................................................................................................... 5

**Other Authorities**

Alexander Hamilton, Sec. Treasury, Report Relative to a Provision for the Support of
  Public Credit, January 9, 1790, available on Founders Online
  (https://founders.archives.gov/documents/Hamilton/01-06-02-0076-0002-0001)......................6

### MOTION TO DISMISS CLAIMS OBJECTIONS #4784, #7057, #8141 AND #9730

My wife and I are holders of Commonwealth GO and PBA bonds.  We have filed proofs of claim (Claim Nos. 10696 and 10288) and notices of participation (Docket #5377 and #5378).

I hereby move to dismiss the 2012-2014 GO Claim Objection (Docket #4784), the 2011 GO Claim Objection (Docket #7057), the PBA Claim Objection (Docket #8141) and the Objection of the self-servingly self-described "Lawful Constitutional Debt Coalition" (Docket #9730) and any similar claims objections.  The relief sought on this motion is the dismissal of such Claims Objections and such further and additional relief as may be just and proper.  I reserve the right to amend or supplement this motion to dismiss.

## I.   MOTION TO DISMISS FILED 2/5/2020 BY CERTAIN BONDHOLDERS AND BOND INSURERS (DOCKET #10702)

I will not repeat the grounds for dismissal advanced in the motion to dismiss filed by certain bondholders and bond insurers on 2/5/2020, Docket #10702.  There appears to be a typographical error on page 49 (Docket#10702-page-70-of-91).  A substitute version of page 49 is annexed hereto as Exhibit A.

## II.   ADDITIONAL REASONS IN SUPPORT OF DISMISSAL

The Commonwealth's GO and  guaranteed bonds were issued with a statutory and Constitutional "irrevocable pledge" and "first claim" on available Commonwealth resources. *See* Docket#10029-1-page-3-of-3; #10029-2-page-4-of-27; #7540-page-4,16-to-18-of-19; #4913-page-2-to-4,6-to-7-of-10; Motion to dismiss filed by certain GO bondholders in, *e.g.*, Adversary 19-00291-Docket#10 (Points I, IV and V).[1]  In  addition to points made in Docket #10702 and the motions to dismiss filed in Adv.Proc. 19-291, 19-292, 19-295,  19-296 and 19-297, I respectfully direct the Court to Puerto Rico's Constitutional and statutory provisions and Puerto

---

[1] Similar motions to dismiss have been filed in Adversary 19-00292 (Docket#5), 19-00295 (Docket#6), 19-00296 (Docket#4), and 19-00297 (Docket#5).

Rico's representations to individual investors like me, which include the official documents

described below and the statutory and Constitutional provisions referenced therein.

The cover of the Commonwealth's official statement for the series 2012A GO bonds

issued in March 2012 and purchased by me and other individual investors stated in bold type:

> **The Bonds are general obligations of the Commonwealth. The good
> faith, credit and taxing power of the Commonwealth are *irrevocably
> pledged* for the prompt payment of the principal of and interest on the
> Bonds. The Constitution of Puerto Rico provides that public debt of
> the Commonwealth, which includes the Bonds, constitutes a *first claim*
> on available Commonwealth resources. (italics added)[2]**

Essentially this same language appears on page 1 of the Official Statement.[3]

At the outset of the official statement, officials of the Government of Puerto Rico were

listed, including the Governor, Members of the Cabinet, President of the Senate, Speaker of the

House of Representatives, Director, Office of Management and Budget and President,

Government Development Bank for Puerto Rico.[4]

Page 1 of the Official Statement explained that:

> The Bonds are being issued under the provisions of Act No. 33 of the
> Legislative Assembly of Puerto Rico, approved on December 7, 1942, as
> amended (the "Act"), and pursuant to a resolution authorizing the issuance
> of the Bonds (the "Bond Resolution") adopted in accordance with the Act
> by the Secretary of the Treasury of the Commonwealth of Puerto Rico (the
> "Secretary of the Treasury") and approved by the Governor of Puerto Rico
> on March 7, 2012.[5]

The Official Statement also explained (on page 3) that:

> The Constitution of Puerto Rico limits the amount of general obligation
> debt that the Commonwealth can issue. The Commonwealth's policy has
> been and continues to be to prudently manage the level of such debt within
> the constitutional limitation. See "Debt Limitation under THE BONDS.[6]

---

[2] Docket#10029-1-page-3-of-3. The 2012A Official Statement is available on the EMMA website.
Type in CUSIP 74514LB63, then click on "Disclosure Documents."
[3] Docket#10029-2-page-4(¶4)-of-27.
[4] Docket#10029-2-page-2-of-27.
[5] Docket#10029-2-page-4-of-27.
[6] Docket#10029-2-page-6-of-27.

Under the header "Security," the Official Statement stated in pertinent part (at pages 12-

14)[7]:

*Provision for Payment of Public Debt*

In accordance with the Act,[8] the Commonwealth has pledged the good
faith, credit and taxing power of the Commonwealth for the prompt
payment of the principal of and interest on the Bonds.  Pursuant to the Act,
the Bonds constitute general obligations of the Commonwealth, payable
with any funds available to the Commonwealth, which funds are
appropriated as continuous appropriations, without the need to make
specific appropriations for such purposes.

Section 8 of Article VI of the Constitution of Puerto Rico provides that
public debt of the Commonwealth will constitute a first claim on available
Commonwealth resources.  Public debt includes general obligation bonds
and notes of the Commonwealth and any payments required to be made by
the Commonwealth under its guarantees of bonds and notes issued by its
public instrumentalities.  ...

The Constitution expressly empowers a holder of bonds and notes
evidencing public debt to bring suit against the Secretary to require
application of available resources, including surplus, to the payment of
principal of and interest on public debt when due.

*Special Fund for the Bonds (General Obligation) Debt Service*

Act No. 83 of the Legislative Assembly of Puerto Rico, approved on
August 30, 1991, as amended, provides for the levy of an annual special
tax of 1.03% of the assessed value of all real and personal property not
exempt from taxation.  The proceeds of said tax are credited to the
Commonwealth Debt Redemption Fund (the "Redemption Fund"), for
application to the payment of general obligation bonds and notes of the
Commonwealth.

Act No. 39 of the Legislative Assembly of Puerto Rico, approved on
May 13, 1976, as amended ("Act No. 39 of 1976"), requires the Secretary
of the Treasury to transfer each month from available funds of the
Commonwealth to the Redemption Fund such amounts which, together
with certain other funds deposited therein, will be equal to the sum of one-
sixth of the interest to be paid in the next six months and one-twelfth of
the principal to be paid or required to be amortized within the next twelve
months on all bonds and notes of the Commonwealth for which its good

---

[7] Docket#10029-2-page-7-to-9-of-27.

[8] Defined earlier on page 1 of the OS, Docket#10029-2-page-4(¶2)-of-27.

> faith and credit are pledged as the same become due and all bonds and notes of the Commonwealth for which the guaranty of the Commonwealth has been exercised.  Moneys in the Redemption Fund are held in trust by Government Development Bank.  Act No. 39 of 1976 provides that the obligation of the Secretary of the Treasury to make the above transfers is cumulative, and the amount of any deficiency in any month shall be added to the amount of transfers required in future months until such deficiency has been fully paid . . . .

Under the header "Payment Record," the Official Statement stated on page 14:

> The Commonwealth has never defaulted on the payment of principal of or interest on any of its debt.[9]

In the section headed "Debt Limitation," information was provided concerning compliance with the constitutional debt limitation (*e.g.*, pages 14-16).[10]  The debt limit is described as a limit on what may "be issued" (page 14).  The Official Statement stated on page 16 that the calculated amount for annual debt service equaled 13.2% of the average of the adjusted preliminary internal revenues for the fiscal year ended June 30, 2010 and the preliminary internal revenues for the fiscal year ended June 30, 2011.  This was well below the 15% level beyond which direct obligations of the Commonwealth evidenced by good faith and credit bonds or notes "shall not be issued" (page 14).  Indeed, it was noted on page 16 that on certain other assumptions the percentage would be even lower, 12.7%.  The "Debt Limitation" section evidenced apparent care by Puerto Rico officials and advisers that Puerto Rico not issue debt in excess of the debt limit.  Nothing in the Official Statement told potential purchasers that they (the purchasers) were responsible for calculating the limit on what amount of debt Puerto Rico could issue or were at risk of losing their investment if Puerto Rico's calculations were retrospectively claimed or determined to be wrong.

As stated on the cover, Puerto Rico's bond counsel would approve the "legality" of the bonds and, in addition, certain legal matters would be passed upon by underwriter's counsel

---

[9] Docket#10029-2-page-9-of-27.
[10] Docket#10029-2-page-9-to-11-of-27.

based in San Juan, Puerto Rico.[11]  The proposed form of opinion of bond counsel was annexed as Appendix II.[12]  The opinion of bond counsel stated that "The Act and such proceedings and certifications show lawful authority for the issuance and sale of the Bonds, and the Bonds constitute valid and binding general obligations of the Commonwealth for the payment of the principal of and the interest on the Bonds, to which the good faith, credit and taxing power of the Commonwealth are pledged."

The section on "Litigation" (page 21) stated that "there is no litigation of any nature pending or threatened against the Commonwealth to restrain or enjoin the issuance, sale, execution or delivery of the Bonds or the application of the proceeds thereof as described in this Official Statement, or in any way contesting or affecting the validity of the Bonds or any proceedings of the Commonwealth taken with respect to the issuance or sale of the Bonds."[13]

Additional assurances by the Commonwealth and its professionals that the debt limitation was not violated were set forth in Commonwealth's audited annual financial statements and elsewhere in Commonwealth's Comprehensive Annual Financial Reports.[14]

The Government Development Bank for Puerto Rico, in its official website discussion of Puerto Rico's GO debt, was express that the constitutional "**debt limitation has never been reached**."[15]

The U.S. Supreme Court's criticism of tactics akin to those employed by FOMB here — stating that "it would be tolerating a fraud" (*County of Moultrie* v. *Rockingham*, 92 U.S. 631, 637 (1875)) to sanction the "dishonesty" (*Town of Coloma* v. *Eaves*, 92 U.S. 484, 485 (1875)) of a

---

[11] Docket#10029-1-page-3-of-3.

[12] Docket#10029-2-page-26-to-27-of-27.

[13] Docket#10029-2-page-15-of-27.

[14] *E.g.*, Docket#10029-3-page-4,11,14,16-to-17-of-17;#10029-4-page-4,10,11,15-to-16,18-to-19-of-19.

[15] Docket#7961-1-page-6-to-7-of-71, 6/24/2019 screenshot from GDB website, p. 2.  Type into Google "Investor Resources – Government Development Bank Puerto Rico – Tax Exempt Securities by Issuer"; click on "Commonwealth".

government that issues bonds, takes the money and then claims the bonds do not have to be repaid because the government itself (assertedly) lied to bondholders — is apt indeed.

In Hamilton's words: rather than act in "good faith" to honor the Commonwealth's debt, so as to remain "respected and trusted", Puerto Rico, FOMB and UCC have pursued "an opposite conduct."[16]

Granting the Claims Objections would violate my rights under the U.S. Constitution, including the Takings, Contract, Ex Post Facto, Due Process and Bankruptcy Clauses. I reserve and assert all of my rights, including my rights under these and other applicable provisions of the U.S. Constitution, and also including my position that FOMB was appointed in violation of the Appointments Clause, that FOMB's actions are void, and that these proceedings should be dismissed.[17]

If these proceedings are not dismissed, I reiterate the necessity of the procedural relief sought by me in Docket#10029-page-8-of-9; #9508-page-9-to-13-of-24; and #7961-page-14-to-18-of-19 (as well as my prior filings, including Docket#7540, 7732, 6128, 6487, 4913, 5103, 5377 and 6151) to ensure that I (and other individual bondholders) have both actual notice of proceedings that may affect us and a meaningful opportunity to be heard.

## III. RESPONSE TO CERTIFICATION REQUIREMENT AND RESERVATION OF RIGHTS

I restate my procedural and substantive objections to the certification requirement and other limitations included in ¶ 6 of Docket #9619 and to the manner in which these proceedings and the mediation process has been conducted, as previously set out in Docket #10029, #9683, #9508, #9038, #8308, #8146, #7961, #7732, #7540, #6487, #6128, #5103, #4913, which are incorporated herein.

---

[16] Alexander Hamilton, Sec. Treasury, Report Relative to a Provision for the Support of Public Credit, January 9, 1790, available on Founders Online (https://founders.archives.gov/documents/Hamilton/01-06-02-0076-0002-0001); Docket#7540-page-18-of-19.

[17] See, e.g., #5377-1-page-1-of-1;#6128-1-page-10-to-11-of-11.

Without prejudice to and without waiving my prior objections, I certify as required in paragraph 6 of Docket #9619 (ordered over my objection) that I have reviewed the papers I could identify as being submitted by "Identified Parties" or "Certain Interested Defendants," namely, Docket #10702, 10704, 10705, 10697.  None of such papers were served on me, and in light of the proliferation of filings in the docket, it is difficult to say with certainty that I have identified all such filings.

February 11, 2020                    Respectfully Submitted,


                                     Peter C. Hein, Pro Se
                                     101 Central Park West, Apt. 14E
                                     New York, NY 10023
                                     petercheinsr@gmail.com