exceeded the debt limit in their entirety. Both propositions are logical predicates to the total invalidation remedy sought.[35]

### A. Even If The Public Debt Claim Objections Correctly Construed The Puerto Rico Constitution, They Provide No Basis For Granting The Extreme Remedy Of Retroactive Invalidation

The remedy the Public Debt Claim Objections seek—invalidation of billions of dollars' worth of bonds sold years ago—is fundamentally *retroactive*. The Objectors' theory is that, although the bonds were issued long ago and without any suggestion that they violated the debt limit, they may now be invalidated based on a newly announced construction of the Puerto Rico Constitution, and thus bondholders are not entitled to receive a dime of what they are owed—not the interest that the Commonwealth and the PBA agreed to pay, nor even the billions of dollars of principal that the bondholders lent to the Commonwealth and the PBA. But the Puerto Rico Constitution's debt limit is a limitation on the Commonwealth's authority to act; it instructs the Commonwealth, under specified circumstances, not to issue additional GO Bonds or to guarantee additional bonds. See P.R. Const. art. VI, § 2. It does not limit the actions of bondholders in purchasing such bonds, and it does [NOT] prescribe any particular remedy—much less the draconian remedy of retroactive invalidation pursued here—in the event of a violation.

The Public Debt Claim Objections do not even attempt to justify such a sweeping and unprecedented remedy in this context. Indeed, that remedy is foreclosed by Supreme Court

---

[35] The Debt Coalition Claim Objections suggests (¶ 5) that "disputes concerning whether and to what extent claims based" on the bonds it targets "are disallowed should be deferred until after an appropriate court determines whether and when" there was a breach of the debt limit. But the Debt Coalition goes on to assert (*id.*) that, "regardless of whether such GO bonds and Commonwealth-guaranteed bonds have any allowable claim, they are not entitled to the same relative lawful priority under the Puerto Rico Constitution and applicable Commonwealth law as the Commonwealth's full faith and credit bonds that did not violate the Constitutional Debt Limit." Thus, although the Debt Coalition is agnostic as to whether the claims it objects to should ultimately be disallowed, it proposes that the lawful priority status of those claims should be entirely stripped on a retroactive basis. That proposal suffers from all of the same remedial flaws as the other Public Debt Claim objection.