UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*,

    Debtors.

-----------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

[Response to Docket #10754 and #10755]

**RESPONSE AND OBJECTION OF INDIVIDUAL BONDHOLDER TO UCC MOTION FOR ORDER (A) SETTING BRIEFING SCHEDULE AND HEARING DATE FOR OMNIBUS OBJECTION TO CLAIMS ASSERTING PRIORITY, (B) APPROVING FORM OF NOTICE AND (C) GRANTING RELATED RELIEF**

Dated: February 11, 2020

## TABLE OF CONTENTS

I. The form and content of the proposed notice ..................................................................1

II. Measures to at least begin to level the playing field are required........................................1

Peter C. Hein, pro se, submits this Response and Objection to UCC's Motion For Order (A) Setting Briefing Schedule and Hearing Date for Omnibus Objection to Claims Asserting Priority, (B) Approving Form of Notice and (C) Granting Related Relief (Docket#10754 and #10755).

Without waiving or limiting the objections set out in Docket#10029 and #9508, and the other objections in my prior filings (including those listed in Docket#9508), which I continue to maintain, I note and highlight the following specific objections to #10754 and #10755:

I.  **The form and content of the proposed notice**

I appreciate that the UCC does include in their proposed form of notice (Docket#10754-1-page-8-of-9) the address of the Court to which objections can be sent – critical information inexplicably omitted (despite my pointing out the omission and objecting to the notices) from the notices this Court has previously approved. Contrast Docket#10417-1 (compare Docket#10029-page-6-of-9); Docket#9619-page-14-to-18-of-24 (compare Docket#9508-1-page-6-of-24).

However, Paragraph 8 (Docket#10754-1-page-4-to-5-of-9) should be modified to include publication in the *Wall Street Journal*. Few individual retail investors in the 50 states read the Bond Buyer. The annual subscription cost appears to be $3432. Docket#9508-18-page-1-of-3. Just as publication notice is being given in several publications in Puerto Rico and/or in Spanish, notice should be given in the *Wall Street Journal*, which is an English language publication read by many individual investors in the 50 states—where the vast majority of bondholders are present (Docket#9508-page-11-of-24).

II.  **Measures to at least begin to level the playing field are required.**

The fact the UCC is now filing a claim objection to the priority status of the GO bonds, on top of the prior filing by FOMB and UCC of objections to the validity of bonds held by individuals, including individuals who purchased prior to June 30, 2016, underscores the need for (i) steps to facilitate the ability of pro se litigants—who do not enjoy the essentially unlimited

1

litigation funding that FOMB and UCC are allowed—to meaningfully participate, and (ii) an individual bondholder committee to represent the interests of the bondholders whose bonds are being challenged (as I have previously sought in Docket#10029-page-8-of-9; #9508-page-9-to-13-of-24;#7540-page-4-to-15-of-19;#7961-page-14-to-18-of-19;#7732-page-9-to-10-of-10;#6487;#6128). Absent implementing these measures, UCC (and FOMB) should not be permitted to proceed in an omnibus fashion.

*　*　*

The court had set a case management "claims objection schedule," that established deadlines – January 8, 2020 - for filing any "additional omnibus objections disputing the validity of claims related to general obligation bonds issued by the Commonwealth, bonds guaranteed by the Commonwealth, or bonds issued by the PBA." *See* Docket#9619-page-4-of-24. UCC's Docket #10638 was filed well thereafter, on 2/3/2020 – and almost 3 years after this Title III case was filed, and almost 8 years after the 2012A bonds purchased by me (and others) were sold.

I assert and reserve all procedural and substantive rights and objections, including objections based on lack of timeliness of UCC's latest objection, and also including my positions that the FOMB members were appointed in violation of the Appointments Clause (and thus FOMB's actions are void and these proceeding should be dismissed) and that PROMESA is unconstitutional because, among other reasons, it is not a "uniform" law "on the subject of bankruptcies throughout the United States".

February 11, 2020

Respectfully Submitted,

*/s/ Peter C. Hein*

Peter C. Hein, Pro Se
101 Central Park West, Apt. 14E
New York, NY 10023
petercheinsr@gmail.com