**Objection Deadline**: March 18, 2020 at 5:00 p.m. (Atlantic Standard Time)
**Hearing Date**: April 30, 2020 at 10:00 a.m. (Atlantic Standard Time)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK-3283-LTS<br><br>(Jointly Administered) |

### NOTICE OF MOTION OF THE PRIFA BANS BONDHOLDERS TO DISMISS THE OMNIBUS OBJECTIONS FILED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE LAWFUL CONSTITUTIONAL DEBT COALITION WITH RESPECT TO THE PRIFA BANS GUARANTY

PLEASE TAKE NOTICE that, upon the accompanying *Motion of the PRIFA BANs Bondholders to Dismiss the Omnibus Objections Filed by the Official Committee of Unsecured Creditors and the Lawful Constitutional Debt Coalition with Respect to the PRIFA BANs Guaranty*, Puerto Rico Ban (VL) LLC, Puerto Rico Ban (CI) LLC, Puerto Rico Ban (CIII) LLC, Puerto Rico Ban (CE) LLC, Puerto Rico Ban (IV) LLC, Puerto Rico Ban (V) LLC, and Fir Tree Inc. (collectively, the "<u>Movants</u>" or the "<u>PRIFA BANs Bondholders</u>") will move this Court before the Honorable Laura Taylor Swain, United States District Court Judge, in Courtroom 17C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

ny-1869263

Courthouse, 500 Pearl Street, New York, NY 10007, on April 30, 2020 at 10:00 a.m. (Atlantic Standard Time), for an order to dismiss (the "Motion") the (i) *Official Committee of Unsecured Creditors' Omnibus Objection on Constitutional Debt Limit Grounds to (I) Claim of Government Development Bank for Puerto Rico [Claim Number 29485] based on Certain Commonwealth-Issued Notes and on Commonwealth Guaranty of Certain Bond Issued by Port of Americas Authority, (II) Claim of Scotiabank de Puerto Rico [Claim Number 47658] based on Full Faith and Credit Note Issued by Puerto Rico General Services Administration, and (III) Claims Filed or Asserted Against Commonwealth based on Commonwealth Guaranty Of Certain Notes Issued by Puerto Rico Infrastructure Authority* [Docket No. 9735] filed by the Official Committee of Unsecured Creditors, and (ii) *Omnibus Objection of the Lawful Constitutional Debt Coalition, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims filed or Asserted by Holders of Certain Bonds Issued or Guaranteed by the Commonwealth* [Docket No. 9730].

PLEASE TAKE FURTHER NOTICE that any response or objection (any "Objection") to the Motion must be in writing, must conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the District of Puerto Rico, and the requirements set out in the Interim Case Management Order, must be filed with the Court (a) by attorneys practicing in the Court, including attorneys admitted *pro hac vice*, electronically in accordance with Rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF), to the extent applicable, and shall be served in accordance with the Court's *Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief, as amended* (Dkt.

ny-1869263

Nos. 249, 262, 1065, 1512), so as to be filed and received no later **than March 18, 2020 at 5:00 p.m. (Atlantic Standard Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion will be held before the Honorable Laura Taylor Swain, United States District Court Judge, in Courtroom 17C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007, with a video connection to the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 on **April 30, 2020 at 10:00 a.m. (Atlantic Standard Time)**.

[*Continued on Next Page*]

ny-1869263

PLEASE TAKE FURTHER NOTICE that if an Objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Court may enter an order granting the relief sought without a hearing pursuant to the Court's case management procedures.

Dated: February 19, 2020

| | |
|---|---|
| **G. CARLO-ALTIERI LAW OFFICES, LLC** | **MORRISON & FOERSTER LLP** |
| By: */s/ Gerardo A. Carlo* <br> Gerardo A. Carlo <br> USDC PR No. 112009 <br> Telephone: (787) 247-6680 <br> gacarlo@carlo-altierilaw.com | By: */s/ Gary S. Lee* <br> Gary S. Lee (admitted *pro hac vice*) <br> James A. Newton (admitted *pro hac vice*) <br> Benjamin Butterfield <br> 250 West 55th Street <br> New York, New York 10019 <br> Telephone: (212) 468-8000 <br> Facsimile: (212) 468-7900 <br> glee@mofo.com <br> jnewton@mofo.com <br> bbutterfield@mofo.com |
| By: */s/ Mª Mercedes Figueroa y Morgade* <br> Mª Mercedes Figueroa y Morgade <br> USDC PR No. 207108 <br> Telephone: (787) 234-3981 <br> figueroaymorgadelaw@yahoo.com | |

254 San Jose St., Third Floor
San Juan, Puerto Rico 00901
Telephone: (787) 247-6680
Facsimile: (787) 919-0527

*Counsel for the PRIFA BANs Bondholders*

ny-1869263

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK-3283-LTS<br><br>(Jointly Administered) |

### MOTION OF THE PRIFA BANS BONDHOLDERS TO DISMISS THE OMNIBUS OBJECTIONS FILED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE LAWFUL CONSTITUTIONAL DEBT COALITION WITH RESPECT TO THE PRIFA BANS GUARANTY

Puerto Rico Ban (VL) LLC, Puerto Rico Ban (CI) LLC, Puerto Rico Ban (CIII) LLC, Puerto Rico Ban (CE) LLC, Puerto Rico Ban (IV) LLC, Puerto Rico Ban (V) LLC, and Fir Tree Inc. (collectively, the "Movants" or the "PRIFA BANs Bondholders") respectfully file this motion to dismiss (the "Motion") the (i) *Official Committee of Unsecured Creditors' Omnibus Objection on Constitutional Debt Limit Grounds to (I) Claim of Government Development Bank for Puerto Rico [Claim Number 29485] based on Certain Commonwealth-Issued Notes and on Commonwealth Guaranty of Certain Bond Issued by Port of Americas Authority, (II) Claim of Scotiabank de Puerto Rico [Claim Number 47658] based on Full Faith and Credit Note Issued by*

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

ny-1867202

*Puerto Rico General Services Administration, and (III) Claims Filed or Asserted Against Commonwealth based on Commonwealth Guaranty Of Certain Notes Issued by Puerto Rico Infrastructure Authority* [Docket No. 9735] (the "Miscellaneous Debt Limit Claim Objection") filed by the Official Committee of Unsecured Creditors (the "Committee"), and (ii) *Omnibus Objection of the Lawful Constitutional Debt Coalition, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims filed or Asserted by Holders of Certain Bonds Issued or Guaranteed by the Commonwealth* [Docket No. 9730] (the "Debt Coalition Claim Objection" and, together with the Miscellaneous Debt Limit Claim Objection, the "Claim Objections") to the extent that the Claim Objections relate to the Commonwealth's pledge of its full faith, credit, and taxing power to the guaranty of payment (the "PRIFA BANs Guaranty") of the series of bond anticipation notes issued by the Puerto Rico Infrastructure Financing Authority ("PRIFA") and designated as Puerto Rico Infrastructure Financing Authority, Dedicated Tax Fund Revenue Bond Anticipation Notes, Series 2015 (collectively, the "PRIFA BANs").

This Motion incorporates, as if fully set forth herein, and joins in the arguments set forth in the (i) *Motion of the Ad Hoc Group of General Obligation Bondholders, Ad Hoc Group of Constitutional Debtholders, Assured Guaranty Corp. and Assured Guaranty Municipal Corp., and the Invesco Funds to Dismiss Omnibus Claim Objections to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Public Buildings Authority Bonds* [Docket No. 10702] (the "Joint Motion to Dismiss").[2] A proposed order granting the Motion is attached as Exhibit 1.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Joint Motion to Dismiss.

2

ny-1867202

## INTRODUCTION

The purpose of this Motion is twofold. *First*, as holders of the PRIFA BANs, the Movants hereby join in the arguments set forth in the Joint Motion to Dismiss that support dismissal of the Claim Objections. The PRIFA BANs Guaranty is public debt of the Commonwealth. The Joint Motion to Dismiss provides multiple, independent reasons why the Commonwealth's public debt cannot be invalidated, and those arguments apply with equal force to the PRIFA BANs Guaranty, which guarantees payment of the PRIFA BANs. *Second*, this Motion sets forth an alternative, independent reason that specifically requires dismissal of the Miscellaneous Debt Limit Claim Objection. Namely, a necessary element of any "debt limit" objection is an allegation that the constitutional debt limit was exceeded. To make this allegation with requisite specificity, the objector must provide the factual allegations necessary to apply the constitutional formula to the challenged debt. The Committee fails to provide such facts (or its debt limit calculations) with respect to the PRIFA BANs Guaranty in its Miscellaneous Debt Limit Claim Objection. For this additional reason, the Miscellaneous Debt Limit Claim Objection must be dismissed as a matter of law, because it fails to state a claim.

## BACKGROUND

### A. The 2012-2014 GO Claim Objection

On January 14, 2019, the Financial Oversight and Management Board (the "Oversight Board") and the Committee filed the 2012-2014 GO Claim Objection, in which they object to general obligation bonds issued by the Commonwealth in 2012 and 2014 (the "2012/2014 Challenged Bonds"). *See* 2012-2014 GO Claim Objection ¶¶ 22-32. The 2012-2014 GO Claim Objection contended that the Commonwealth issued the 2012/2014 Challenged Bonds in violation of its constitutional debt limit and that the Challenged Bonds are therefore void. *Id*. ¶¶ 61-62. To

3

support this contention, the 2012-2014 GO Claim Objection purported to plead facts necessary to undertake the constitutional debt limit calculations the Committee contends applied with respect to the 2012 B GO Bonds and the 2014 GO Bonds, and then performed a separate debt limit calculation for fiscal year 2012[3] and for fiscal year 2014 (the "Debt Limit Calculations").[4] *Id*. at ¶ 64 and Appendix II. Because the PRIFA BANs were issued in fiscal year 2015 and were not 2012/2014 Challenged Bonds, they were not included in the Debt Limit Calculations or otherwise referenced in the objection.

      B.     **The PRIFA BANs Adversary Proceeding**

On May 1, 2019, the Oversight Board and the Committee filed an adversary complaint [Adv. No. 19-00269-LTS] (the "PRIFA BANs Adversary Complaint") which, among other things, sought a declaration that the PRIFA BANs Guaranty was incurred in violation of the constitutional debt limit. *See* PRIFA BANs Adversary Complaint ¶¶ 51-57. The complaint incorporated many of the factual allegations made in the 2012-2014 GO Claim Objection, including the Debt Limit Calculations. *See id.* ¶¶ 36-50; Appendix II. However, as noted above, the PRIFA BANs were not included in the Debt Limit Calculation, and the complaint otherwise failed to allege the factual allegations that would be necessary to apply the constitutional formula to the PRIFA BANs Guaranty, or perform a debt limit calculation for fiscal year 2015.

      C.     **Miscellaneous Debt Limit Claim Objection**

On January 1, 2020, the Committee filed the Miscellaneous Debt Limit Claim Objection, which, among other things, sought entry of an order disallowing the claims of the Movants against

---

[3] The Commonwealth's fiscal year commences on July 1 and runs through June 30 of the following year. Fiscal year 2012, for example, commenced on July 1, 2011 and ran through June 30, 2012.

[4] The Movants reserve all rights with respect to the validity of each of the facts alleged in the 2012-2014 GO Claim Objection and the debt limit calculations set forth therein.

4

ny-1867202

the Commonwealth based on the PRIFA BANs Guaranty. *See* Miscellaneous Debt Limit Claim Objection ¶ 24. The objection incorporated by reference substantial portions of the 2012-2014 GO Claim Objection as well as the PRIFA BANs Adversary Complaint. However, the Miscellaneous Debt Limit Claim Objection failed to allege any facts that would be necessary to apply the constitutional formula to the PRIFA BANs Guaranty, or perform a debt limit calculation for fiscal year 2015. Instead, the objection simply alleged, without any factual support, that the PRIFA BANs Guaranty was "issued in violation of the Debt Service Limit," because "the Debt Service Limit was exceeded with the issuance of the Series 2011 C GO Bonds" and any guarantees issued thereafter are invalid. *See id*. ¶¶ 25-27. Accordingly, the Committee concluded that all claims based on the PRIFA BANs Guaranty "should be disallowed." *See id*. ¶ 25.

## **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), made applicable here by Rule 7012 of the Federal Rules of Bankruptcy Procedure,[5] a party asserting an objection to a facially valid proof of claim must provide "factual content that allows the court to draw the reasonable inference" that the objection is valid. *Rincon v. Covidien*, 2017 WL 2242969, at *1 (S.D.N.Y. May 22, 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet the pleading standard under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678. Thus, objections that allege "naked assertions devoid of further factual enhancement" fall "short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal citations and quotation marks omitted).

---

[5] On December 19, 2019, the Court entered the Interim Case Management Order [Docket No. 9619] (the "CMO"), which incorporated Federal Rule of Bankruptcy Procedure 7012, and by extension Federal Rule of Civil Procedure 12(b), in the litigation of objections disputing the validity of claims related to bonds guaranteed by the Commonwealth.

5

ny-1867202

## ARGUMENT

The Committee seems to believe that, if the issuance of the 2012/2014 Challenged Bonds violated the constitutional debt limit in fiscal years 2012 and 2014, respectively, then the issuance of the PRIFA BANs Guaranty in the year that followed, fiscal year 2015, was necessarily invalid. That is the core premise of the Miscellaneous Debt Limit Claim Objection. But the facts that must be plead to invalidate public debt issued in fiscal years 2012 or 2014 (assuming such invalidation is even possible) are distinct from the facts that must be plead to invalidate public debt issued in fiscal year 2015. The calculations require different inputs, and therefore must be performed anew for each fiscal year. The Committee's failure to allege the facts necessary to perform such calculations means the Miscellaneous Debt Limit Claim Objection must be dismissed as a matter of law with respect to the PRIFA BANs Guaranty.

To be clear, Article VI, Section 2 of the Puerto Rico Constitution, which the Committee contends establishes the relevant debt service limit, provides:

> [N]o direct obligations of the Commonwealth for money borrowed directly by the Commonwealth evidenced by bonds or notes for the payment of which the full faith credit and taxing power of the Commonwealth shall be pledged ***shall be issued*** by the Commonwealth if the total of
>
> > (i) the amount of principal of and interest on such bonds and notes, together with the amount of principal of and interest on all such bonds and notes theretofore issued by the Commonwealth and ***then outstanding, payable in any fiscal year*** and
>
> > (ii) any amounts paid by the Commonwealth ***in the fiscal year next preceding the then current fiscal year*** for principal or interest on account of any outstanding obligations evidenced by bonds or notes guaranteed by the Commonwealth,
>
> shall exceed 15% of the average of the total amount of the annual revenues raised under the provisions of Commonwealth legislation and covered into the Treasury of Puerto Rico ***in the two fiscal years next preceding the then current fiscal year***.

P.R. Const. art. VI, § 2 (emphasis added).

6

ny-1867202

Thus, in order to allege that the issuance of the PRIFA BANs Guaranty violated the constitutional debt limit, the Committee must make specific factual allegations regarding: (i) certain principal and interest payments scheduled to be paid by the Commonwealth in fiscal years after the PRIFA BANs were issued, (ii) certain principal and interest payments actually paid by the Commonwealth in the fiscal year immediately prior to the issuance, and (iii) the average internal revenues of the Commonwealth over the two fiscal years immediately prior to the issuance. Each of these facts is necessary to apply the constitutional formula to the PRIFA BANs Guaranty. Because the Committee does not allege all of the necessary facts in the Miscellaneous Debt Limit Claim Objection, the objection fails to state a claim for disallowance and must be dismissed as a matter of law.

If this Motion is denied, the Movants will be forced to invent factual allegations against themselves that the Committee has not pled in its objection. This is entirely inappropriate, and violates the Movants' due process rights. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Hence, though we are obligated to draw the most favorable inferences that [the] complaint supports, we cannot invent factual allegations that he has not pled."); *Benavides v. Grier*, No. 09 CIV 8600 JGK, 2011 WL 43521, at *1 (S.D.N.Y. Jan. 6, 2011) (same).

As the proponent of the Miscellaneous Debt Limit Claim Objection, the Committee is responsible for providing the Movants with notice of factual allegations sufficient to support its objection, including the amounts of principal and interest included in the Committee's analysis, and the revenue figures that the Committee alleges should be used to derive the two fiscal year average. The Movants should not be forced to guess, or to construct a case on the Committee's behalf. Because the Committee has failed to plead all of the necessary facts, the Miscellaneous Debt Limit Claim Objection fails as a matter of law and should be dismissed.

## **CERTIFICATION**

In accordance with paragraphs 4 and 6 of the CMO, the Movant certifies that it has (i) reviewed all briefs submitted by the Identified Parties or Certain Interested Defendants and (ii) taken reasonable efforts to avoid duplication and submit a brief that is no longer than necessary.

*[Continued on Next Page]*

8

ny-1867202

## CONCLUSION

For the foregoing reasons, as well as those stated in the Joint Motion to Dismiss, the Miscellaneous Debt Limit Claim Objection and the Debt Coalition Claim Objection should be dismissed.

DATED: February 19, 2020

Respectfully submitted,

| | |
|---|---|
| **G. CARLO-ALTIERI LAW OFFICES, LLC** | **MORRISON & FOERSTER LLP** |
| By: */s/ Gerardo A. Carlo*<br>Gerardo A. Carlo<br>USDC PR No. 112009<br>Telephone: (787) 247-6680<br>gacarlo@carlo-altierilaw.com | By: */s/ Gary S. Lee*<br>Gary S. Lee (admitted *pro hac vice*)<br>James A. Newton (admitted *pro hac vice*)<br>Benjamin Butterfield<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br>glee@mofo.com<br>jnewton@mofo.com<br>bbutterfield@mofo.com |
| By: */s/ Mª Mercedes Figueroa y Morgade*<br>Mª Mercedes Figueroa y Morgade<br>USDC PR No. 207108<br>Telephone: (787) 234-3981<br>figueroaymorgadelaw@yahoo.com | |
| 254 San Jose St., Third Floor<br>San Juan, Puerto Rico 00901<br>Telephone: (787) 247-6680<br>Facsimile: (787) 919-0527 | |

*Counsel for the PRIFA BANs Bondholders*

ny-1867202

## **Exhibit 1**

**Proposed Order**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK-3283-LTS<br><br>(Jointly Administered) |

### [PROPOSED] ORDER GRANTING MOTION OF THE PRIFA BANS BONDHOLDERS TO DISMISS THE OMNIBUS OBJECTIONS FILED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE LAWFUL CONSTITUTIONAL DEBT COALITION WITH <u>RESPECT TO THE PRIFA BANS GUARANTY</u>

Upon consideration of the *Motion of the PRIFA BANs Bondholders to Dismiss the Omnibus Objections Filed by the Official Committee of Unsecured Creditors and the Lawful Constitutional Debt Coalition with Respect to the PRIFA BANs Guaranty* (the "<u>Motion</u>"), and the Court having found and determined that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to Section 502 of the Bankruptcy Code as incorporated by Section 301 of PROMESA and Bankruptcy Rule 3007, as incorporated by Section 310 of PROMESA; (ii) venue is proper before this Court pursuant to PROMESA Section 307(a); (iii) due and proper notice of this Motion has been provided under the particular circumstances and no other or further

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

notice need be provided; (iv) based on the statements and arguments made in the Motion, the relief requested in the Motion is in the best interest of the Commonwealth and its creditors; (v) any objections to the relief requested in the Motion having been withdrawn or overruled; and (vi) the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Accordingly, it is hereby ORDERED THAT:

1. The relief requested in the Motion is GRANTED to the extent set forth herein.

2. The *Official Committee of Unsecured Creditors' Omnibus Objection on Constitutional Debt Limit Grounds to (I) Claim of Government Development Bank for Puerto Rico [Claim Number 29485] based on Certain Commonwealth-Issued Notes and on Commonwealth Guaranty of Certain Bond Issued by Port of Americas Authority, (II) Claim of Scotiabank de Puerto Rico [Claim Number 47658] based on Full Faith and Credit Note Issued by Puerto Rico General Services Administration, and (III) Claims Filed or Asserted Against Commonwealth based on Commonwealth Guaranty Of Certain Notes Issued by Puerto Rico Infrastructure Authority* [Docket No. 9735] is dismissed with respect to the Commonwealth's pledge of its full faith, credit, and taxing power to the guaranty of payment of the series of bond anticipation notes issued by the Puerto Rico Infrastructure Financing Authority and designated as Puerto Rico Infrastructure Financing Authority, Dedicated Tax Fund Revenue Bond Anticipation Notes, Series 2015 (such guaranty, the "PRIFA BANs Guaranty").

3. The *Omnibus Objection of the Lawful Constitutional Debt Coalition, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims filed or Asserted by Holders of Certain Bonds Issued or Guaranteed by the Commonwealth* [Docket No. 9730] is dismissed with respect to the PRIFA BANs Guaranty.

4. The terms of and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2020

                                                  HONORABLE LAURA TAYLOR SWAIN
                                                  UNITED STATES DISTRICT JUDGE