# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |

### THE BANK OF NOVA SCOTIA'S JOINDER AND SUPPLEMENTAL MOTION TO DISMISS THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO THE BANK OF NOVA SCOTIA'S PROOF OF CLAIM NO. 47658 ON CONSTITUTIONAL DEBT LIMIT GROUNDS

**COMES NOW** The Bank of Nova Scotia ("BNS"), by and through the undersigned legal counsel, and hereby file this joinder (the "Joinder") to the *Motion of the Ad Hoc Group of General Obligation Bondholders, Ad Hoc Group of Constitutional Debtholders, Assured Guaranty Corp. and Assured Municipal Corp., and the Invesco Funds to Dismiss Omnibus Claim Objections to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Public Building Authority Bonds* (the "Motion to Dismiss") [Dkt. 10702], the *Supplemental Memorandum of the Ad Hoc Group of General Obligation Bondholders, Ad Hoc Group of Constitutional Debtholders, Assured Guaranty Corp. and Assured Municipal Corp. in Support of Motion to Dismiss* (the "Supplemental Motion") [Dkt. 10704], and the *DRA*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Parties' Motion to Dismiss (I) Official Committee of Unsecured Creditors' Objection on Constitutional Debt Limit Grounds to Claim of Government Development Bank for Puerto Rico [Claim Number 29485] Based on Certain Commonwealth-Issued Notes and on Commonwealth Guaranty of Certain Bond Issued by Port of Americas Authority [Dkt. No. 9735] and (II) Omnibus Objection of the Lawful Constitutional Debt Coalition, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Bonds Issued or Guaranteed by the Commonwealth [Dkt. No. 9730]* (the "DRA Supplemental Motion", and jointly with the Motion to Dismiss and the Supplemental Motion, the "Dismissal Motions") [Dkt. 11260].

1. BNS is the holder of Proof of Claim No. 47658 (the "BNS Proof of Claim") in the aggregate amount of $23,764,607.00 as of the Petition Date, which claim stems from a certain non-revolving term loan issued to the General Service Administration of Puerto Rico[2] (the "GSA") on December 26, 2013 (the "Loan") for the acquisition of four (4) helicopters that were sub-sequently leased (the "Lease") by GSA to the Puerto Rico Police Department[3] (the "PRPD"), and whose rental proceeds serve as collateral for repayment of the Loan. *See id.* generally.

2. The Proof of Claim has been challenged through the *Official Committee of Unsecured Creditors' Omnibus Objection on Constitutional Debt Limit Grounds to (I) Claim of Government Development Bank for Puerto Rico [Claim Number 29485] Based on Certain Commonwealth-Issued Notes and on Commonwealth Guaranty of Certain Bond Issued by Port of Americas Authority, (II) Claim of Scotiabank de Puerto Rico [Claim Number 47658] Based on Full Faith and Credit Note Issued by Puerto Rico General Services Administration, and (III) Claims Filed or Asserted Against Commonwealth Based on Commonwealth Guaranty of Certain*

---

[2] The GSA is an agency of the Commonwealth that is subject to the instant Title III proceedings.
[3] The PRPD is another entity of the Commonwealth that is also subject to the Debtor's Title III proceedings.

Case:17-03283-LTS Doc#:11261 Filed:02/19/20 Entered:02/19/20 16:40:28 Desc: Main
Document Page 3 of 5

*Notes Issued by Puerto Rico Infrastructure Authority* (the "<u>Miscellaneous Objection</u>") [Dkt. 9735], which Miscellaneous Objection is premised on the legal theories, arguments, and positions raised in the: (a) *Omnibus Objection of (I) Financial Oversight and Management Board, Acting through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds* (the "<u>2012-2014 GO Claim Objection</u>") [Dkt. 4784]; (b) *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain 2011 Commonwealth General Obligation Bonds* (the "<u>2011 GO Claim Objection</u>") [Dkt. 7057]; (c) *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted against Commonwealth by Holders of Certain Puerto Rico Public Building Authority Bonds* (the "<u>PBA Claim Objection</u>") [Dkt. 8141]; and (d) *Omnibus Objection of the Lawful Constitutional Debt Coalition, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Bonds Issued or Guaranteed by the Commonwealth* (the "<u>Late Vintage Objection</u>", and together with the Miscellaneous Objection, the 2012-2014 GO Claim Objection, the 2011 GO Claim Objection, the PBA Claim Objection, and the Late Vintage Objection, the "<u>GO Claim Objections</u>") [Dkt. 9730].

3. BNS hereby joins the Dismissal Motions and incorporate their arguments by reference as if set forth at length herein.

4. BNS specifically emphasizes, and adopts, the DRA Parties' arguments regarding the UCC's[4] lack of standing to pursue the Miscellaneous Objection due to the FOMB's refusal to

---

[4] Capitalized terms not otherwise defined in this Joinder shall have the meaning ascribed to them in the DRA Supplemental Motion.

3

contest the Proof of Claim. DRA Supplemental Motion at ¶¶ 25 - 29. As the DRA Parties' correctly state, the general rule under the First Circuit is that the trustee is the only party that may object to proofs of claim. *See Kowal v. Malkemus (In re Thompson)*, 965 F.2d 1136, 1147 (1st Cir. 1992). DRA Supplemental Motion at ¶¶ 26 - 28. Under Section 301(c)(7) of PROMESA, the term "trustee," refers to the FOMB, whose powers under Section 315 are generally broad as debtor's representative in the Title III cases. *See* 48 U.S.C. §§ 301(c)(7) and 315.

5. In this case, the FOMB has not filed any objection to the Proof of Claim. Accordingly, the UCC may only be allowed to object under narrow circumstances when: (i) the UCC petitions the trustee (in this case, the FOMB) to object to the claim; (ii) the trustee refuses to object; and; (iii) the UCC *obtains prior leave of the court to object in the trustee's stead*. *See Kowal, supra.*; *see also In re Simon*, 179 B.R. 1, 6–7 (Bankr. D. Mass. 1995). DRA Supplemental Motion at ¶¶ 28.

6. The UCC has not requested, nor obtained, derivative standing to file the Miscellaneous Objection. Thus, the UCC has not met the standard necessary to possess standing to contest BNS' Proof of Claim and the Miscellaneous Objection should be denied in its entirety.

## CERTIFICATION

The *Interim Case Management Order* [Dkt. No. 9619] (the "Interim CMO") entered by the Court on December 19, 2019 requires that all parties filing briefs regarding the Claim Objections (as defined therein) certify that they have taken reasonable efforts to avoid duplication and submit briefs that are no longer than necessary. *See* Interim CMO ¶ 4. The CMO further states that bondholders and interested parties in the Claims Objections must certify to the Court that they have reviewed all briefs submitted by the Identified Parties or Certain

4

Interested Defendants (as each is defined therein) and may only file additional briefs if they raise arguments or issues not addressed in the briefs filed by the Identified Parties. *See id.* ¶ 6.

BNS hereby certifies that (i) it has carefully reviewed the briefs submitted by the Identified Parties and Certain Interested Defendants; and (ii) it has taken reasonable efforts to avoid duplication and submit a brief that is no longer than necessary.

## RESERVATION OF RIGHTS

BNS reserve all rights and remedies with respect to the Miscellaneous Objection, including but not limited to, the right to file additional submissions or objections with the Court.

**WHEREFORE**, BNS respectfully requests that the Court enter an order dismissing the Miscellaneous Objection.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today February 19, 2020.

**MCCONNELL VALDÉS LLC**
*Attorneys for the Bank of Nova Scotia*
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5632
Facsimile: 787-759-9225

By: */s/Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com