# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

      Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA")

      Debtor.

PROMESA
Title III

No. 17 BK 3567-LTS

**Re: ECF No. 7646, 7689, 7832,
8244, 9622 & 10835**

------------------------------------------------------------x

## JOINT STIPULATION REGARDING (I) THE DRA PARTIES' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RELIEF FROM THE AUTOMATIC STAY, OR IN THE ALTERNATIVE, ORDERING PAYMENT OF ADEQUATE PROTECTION [ECF NO. 7643]; AND (II) THE DRA PARTIES' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THEIR NOTICE THAT THE DRA IS A PARTY IN INTEREST AND CAN PARTICIPATE IN THE MONOLINES AMENDED LIFT STAY LITIGATION [ECF NO. 10835]

To the Honorable United States District Court Judge Laura Taylor Swain:

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), pursuant to the authority granted to it under the Enabling Act of the Fiscal Agency and Financial Advisory Authority, Act 2-2017; the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), in its capacity as representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*, 48 U.S.C. § 2101 *et seq.* ("PROMESA"); AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties"),[2] by and through their respective attorneys, respectfully submit the following *Joint Stipulation Regarding (I) The DRA Parties' Motion and Memorandum of Law in Support of their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection [ECF No. 7643]; and (II) The DRA Parties' Motion and Memorandum of Law in Support of their Notice that the DRA is a Party in Interest and can Participate in the Monolines Amended Lift Stay Litigation [ECF No. 10835]* (the "Joint Stipulation") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order").

WHEREAS, on June 25, 2019, the DRA Parties filed *The DRA Parties' Motion and Memorandum of Law in Support of Their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* (the "DRA Lift Stay Motion") [ECF No. 7643] and the *Notice of Hearing on the DRA Parties' Motion and Memorandum of Law in Support*

---

[2] AAFAF, the Oversight Board, and the DRA Parties are sometimes hereinafter referred to as the "Parties" and each, a "Party".

*of Their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* (the "DRA Lift Stay Motion") [ECF No. 7646].

WHEREAS, on August 23, 2019, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation (the "Monolines") filed a motion for adequate protection or, in the alternative, for relief from the automatic stay with respect to bonds issued by HTA under the 1968 and 1998 Bond Resolutions (the "Monolines' Original Lift Stay Motion") [ECF No. 8536].

WHEREAS, on November 27, 2019, the Mediation Team filed the *Interim Report and Recommendation of the Mediation Team* (the "Interim Report") [ECF No. 9365] outlining the Mediation Team's proposed interim scheduling orders governing procedures to litigate several matters, including the Monolines' Lift Stay Motion (as defined below) and the DRA Lift Stay Motion. *See* Interim Report at Ex. 2, 3.

WHEREAS, on December 19, 2019, the Court entered an order approving the proposed interim scheduling orders governing procedures to litigate the Monolines' Lift Stay Motion (the "Revenue Bond Scheduling Order") [ECF No. 9620] and the DRA Lift Stay Motion (the "DRA Scheduling Order") [ECF No. 9622].

WHEREAS, pursuant to the Revenue Bond Scheduling Order, on January 16, 2020, the Monolines filed the *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection* (the "Monolines' Lift Stay Motion"), which amends and supersedes the Monolines' Original Lift Stay Motion. *See* ECF No. 10102. Additionally, the Revenue Bond Scheduling Order contemplated the Oversight Board filing a new adversary proceeding against certain of the

3

Monolines by January 16, 2020.  These adversary proceeding were timely filed by the Oversight Board. *See* Case Nos. 20-03, ECF No. 1; Case No. 20-04, ECF No. 1; Case No. 20-05, ECF No. 1; and Case No. 20-07, ECF No. 1.

WHEREAS, under the DRA Scheduling Order, AAFAF and the Oversight Board will file any objection to the DRA Lift Stay Motion (on an individual or joint basis), solely concerning the Standing Issue (as defined in the DRA Scheduling Order), by February 21, 2020, with oppositions by the DRA Parties due on March 13, 2020, and replies due on March 27, 2020.  *See* ECF No. 9622.

WHEREAS, on January 31, 2020, the Court issued the *Amended Interim Case Management Order for Revenue Bonds* (the "Amended Revenue Bond Scheduling Order") [ECF No. 10595] in which the Court bifurcated the consideration of the Monolines' Lift Stay Motion to issues of standing and secured status first (the "Gating Issues").

WHEREAS, the parties to the Monoline Lift Stay Motion has raised issues that the DRA Parties argue may impact their rights, including with respect to the merits of the DRA Lift Stay Motion.

WHEREAS, the DRA and DRA Parties allege that they would be prejudiced if the Court made rulings on these issues without the Court having an opportunity to hear from the DRA Parties on these matters.

WHEREAS, the DRA filed the *Motion and Memorandum of Law in Support of their (I) Notice that the DRA is a Party in Interest and can Participate in the Monolines Amended Lift Stay Litigation and Request to Modify the Amended Revenue Bond Scheduling Order or, (II) in the Alternative, Motion to Permit the DRA Parties to Intervene in the Monolines Amended Lift Stay*

*Litigation* (the "Participation Motion"), seeking to participate and be heard in the Monolines' Lift Stay Motion.

WHEREAS, on February 14, 2020 the Court entered the *Order Granting Urgent Motion to Adjourn Hearing on Motions for Relief from the Automatic Stay and Extend Deadline for Replies in Support of Motions for Relief from the Automatic Stay*, which adjourned the hearing on the Gating Issues to April 2, 2020 and authorized certain limited discovery.

NOW, THEREFORE, the Parties to this Joint Stipulation have further met and conferred regarding the extent of certain overlapping substantive legal issues between the DRA Lift Stay Motion and the Monolines' Lift Stay Motion and have agreed to the terms set forth in this Joint Stipulation regarding the DRA Parties' participation in the Monolines' Lift Stay Motion.

1.      The Parties to this Joint Stipulation hereby agree, solely for the purpose of this Joint Stipulation, that the DRA is a party in interest to the Monolines' Lift Stay Motion under 11 U.S.C. § 1109 (as made applicable under section 301 of PROMESA), and that the DRA Parties possess certain limited rights to appear and be heard in connection with the Monolines' Lift Stay Motion under the schedule outlined in the Revenue Bond Scheduling Order.

2.      The Parties hereby agree that the DRA Parties may appear and be heard in the Monolines' Lift Stay Motion as outlined in the Amended Revenue Bond Scheduling Order (including footnote 3 therein that shall be applicable to the DRA Parties with respect to the Monolines' Lift Stay Motion), with respect to the following overlapping legal issues implicated by the DRA Lift Stay Motion and the Monolines' Lift Stay Motion: (i) the extent to which Commonwealth statutes enacted pre-PROMESA which purport to allocate, on the terms and conditions set forth therein, certain excise tax revenues to HTA (as identified in the Monolines' Lift Stay Motion and the Oversight Board's objection, collectively, the "Excise Tax Statutes") are

preempted by PROMESA; (ii) the extent to which the Excise Tax Statutes can bind future legislatures; (iii) whether the Excise Tax Statutes give rise to an equitable lien, trust, or other ownership interest in favor of the holders of bonds issued by HTA; (iv) the extent to which PROMESA Title III recognizes a priority claim arising out of the Excise Tax Statutes; (v) the scope and validity of any security interests granted to HTA bondholders pursuant to the terms of the 1968 and 1998 HTA Bond Resolutions, and whether HTA bondholders' security interests extend to tax revenues retained by the Commonwealth; (vi) whether any liens possessed by the HTA bondholders stopped attaching once the Commonwealth and/or HTA filed for relief under Title III including pursuant to Bankruptcy Code section 552(a); (vii) the validity of the Commonwealth's retention and use of the tax revenues under the Excise Tax Statutes; and (viii) whether creditors of HTA have standing to seek stay relief against the Commonwealth (the "Overlapping Issues"); *provided however*, that the DRA Parties shall not join the *Urgent Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, And Financial Guaranty Insurance Company To Adjourn Hearing On Motions For Relief From The Automatic* [ECF No. 10841] or otherwise argue that the hearing on the Monolines' Lift Stay Motion should be adjourned or otherwise delayed on the basis of this Joint Stipulation; *provided further*, that the DRA Parties shall not be authorized to settle or prevent a settlement or take discovery in connection with the Monolines' Lift Stay Motion, but discovery made available to the movants in the Monolines' Lift Stay Motion will be made available to the DRA Parties, and that the DRA Parties will have the right to participate in all meet and confers regarding discovery in the Monolines' Lift Stay Motion and attend all depositions in the Monolines' Lift Stay Motion (if any); *provided further*, that such discovery will not preclude the DRA Parties from requesting discovery regarding the DRA Lift

6

Stay Motion (and AFFAF's and the Oversight Board's right to object to such requests) after the stay in ¶ 3 below is terminated.

3. Subject to the Court's continuing jurisdiction and orders relating thereto, all other issues concerning the DRA Lift Stay Motion, other than the Overlapping Issues, shall be stayed until resolution by this Court of the Gating Issues.  After the stay is terminated, the Parties shall meet and confer to schedule the continuance of litigation schedule (if necessary).

4. Even if the Court finds that the DRA Parties have standing, this Joint Stipulation will not provide the DRA Parties with intervention rights other than to appear and be heard in connection with the Monolines' Lift Stay Motion.  The DRA Parties will not have any other rights, including, without limitation, the right to settle, oppose settlement or appeal any decision of this Court regarding the Monolines' Lift Stay Motion.

5. For the avoidance of doubt, nothing herein shall affect the rights of any Party, person, or entity with respect to (i) the DRA Lift Stay Motion, other than Overlapping Issues, including the right to contest the DRA Parties' standing on any grounds (including standing issues with respect to the Overlapping Issues in the Monolines' Lift Stay Motion), (ii) discovery, enforcement of said discovery, or to oppose discovery, in connection with the DRA Lift Stay Motion (to the extent the DRA Lift Stay Motion is continued), and (iii) seeking further adjournment of the DRA Lift Stay Motion, or opposing such adjournment, all of which rights are fully preserved.  In addition, all other rights of the Parties are expressly preserved and are not impaired, waived or otherwise prejudiced by the terms set forth in this Joint Stipulation or Order.

6. This Stipulation shall not be used or offered into evidence in the DRA Lift Stay Motion for any purpose, including in connection with the litigation of the Standing Issue.

7.     The Parties expressly reserve all rights to seek modification of, or relief from, this Joint Stipulation and the Order approving this Joint Stipulation.

*Remainder of page intentionally left blank*

Dated: February 19, 2020
San Juan, Puerto Rico


Respectfully submitted,

**O'MELVENY & MYERS LLP**

*/s/ Peter Friedman*
John J. Rapisardi
Suzzanne S. Uhland
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: jrapisardi@omm.com
        suhland@omm.com

-and-

Peter Friedman
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: pfriedman@omm.com


*Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory
Authority*

**MARINI PIETRANTONI MUÑIZ LLC**

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Carolina Velaz-Rivero
USDC No. 300913
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Tel:  (787) 705-2171
Fax:  (787) 936-7494

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*

Dated: February 19, 2020
San Juan, Puerto Rico


Respectfully submitted,

/s/ Brian S. Rosen
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900


*Attorneys for the Financial Oversight and
Management Board for Puerto Rico, as
representative of the Commonwealth and
HTA*

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com


*Attorney for the Financial Oversight and
Management Board for Puerto Rico, as
representative of the Commonwealth and
HTA*

Dated: February 19, 2020
      San Juan, Puerto Rico

Respectfully submitted,

**C. CONDE & ASSOC. LAW OFFICES**
By: */s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
(USDC No. 207312)
254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel. 787-729-2900
Fax. 787-729-2203
E-Mail: condecarmen@condelaw.com

*-and-*

**ORRICK, HERRINGTON &
SUTCLIFFE LLP**
By: */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted pro hac vice)
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
E-mail: dmintz@orrick.com

-and-

Peter Amend (admitted pro hac vice)
51 West 52nd Street
New York, N.Y. 10019
Telephone: (212) 506-5000
E-mail: pamend@orrick.com

*Attorneys for Cantor-Katz Collateral Monitor
LLC, as Collateral Monitor for GDB Debt
Recovery Authority*

*-and-*

**MCCONNELL VALDÉS LLC**
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5632
Facsimile: 787-759-9225

By: */s/ Arturo J. García-Solá*
Arturo J. García-Solá
USDC No. 201903
Email: ajg@mcvpr.com

By: */s/ Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com

*Attorneys for AmeriNational Community
Services, LLC as servicer for the GDB Debt
Recovery Authority*

**<u>Exhibit A</u>**

**Proposed Order**

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

       Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA")

       Debtor.

PROMESA
Title III

No. 17 BK 3567-LTS

**Re: ECF No. 7646, 7689, 7832,
8244, 9622 & 10835**

-------------------------------------------------------------x

# ORDER APPROVING JOINT STIPULATION
# REGARDING THE AMENDED JOINT STIPULATION REGARDING THE DRA PARTIES' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RELIEF FROM THE AUTOMATIC STAY, OR IN THE ALTERNATIVE, ORDERING PAYMENT OF ADEQUATE PROTECTION

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

Upon consideration of the *Joint Stipulation Regarding (I) The DRA Parties' Motion and Memorandum of Law in Support of their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection [ECF No. 7643]; and (II) The DRA Parties' Motion and Memorandum of Law in Support of their Notice that the DRA is a Party in Interest and can Participate in the Monolines Amended Lift Stay Litigation [ECF No. 10835]*,[2] filed on February 19, 2020 by the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), pursuant to the authority granted to it under the Enabling Act of the Fiscal Agency and Financial Advisory Authority, Act 2-2017; the Financial Oversight and Management Board for Puerto Rico ("FOMB") in its capacity as representative of the Puerto Rico Highways and Transportation Authority ("HTA"); AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties"),[3] and the Court having found and determined that (i) the Court has jurisdiction over this proceeding and the Amended Stipulation pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); (ii) venue of this proceeding and the Amended Stipulation is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); and (iii) the Court having found good cause to grant the relief requested therein, it is

**HEREBY ORDERED THAT:**

1. The Joint Stipulation is **GRANTED** as set forth herein.

2. The DRA is deemed a party in interest to the Monolines' Lift Stay Motion under 11 U.S.C. § 1109 (as made applicable under section 301 of PROMESA), and the DRA Parties

---

[2] Capitalized terms not defined herein have the same meaning as in the Joint Stipulation.

[3] AAFAF, the Oversight Board, and the DRA Parties are sometimes hereinafter referred to as the "Parties" and each, a "Party".

possess certain limited rights to appear and be heard in connection with the Monolines' Lift Stay

Motion under the schedule outlined in the Revenue Bond Scheduling Order.

3.     The DRA Parties may appear and be heard in the Monolines' Lift Stay Motion as

outlined in the Amended Revenue Bond Scheduling Order (including footnote 3 therein that shall

be applicable to the DRA Parties with respect to the Monolines' Lift Stay Motion), with respect to

the following overlapping legal issues implicated by the DRA Lift Stay Motion and the Monolines'

Lift Stay Motion: (i) the extent to which Commonwealth statutes enacted pre-PROMESA which

purport to allocate, on the terms and conditions set forth therein, certain excise tax revenues to

HTA (as identified in the Monolines' Lift Stay Motion and the Oversight Board's objection,

collectively, the "Excise Tax Statutes") are preempted by PROMESA; (ii) the extent to which the

Excise Tax Statutes can bind future legislatures; (iii) whether the Excise Tax Statutes give rise to

an equitable lien, trust, or other ownership interest in favor of the holders of bonds issued by HTA;

(iv) the extent to which PROMESA Title III recognizes a priority claim arising out of the Excise

Tax Statutes; (v) the scope and validity of any security interests granted to HTA bondholders

pursuant to the terms of the 1968 and 1998 HTA Bond Resolutions, and whether HTA

bondholders' security interests extend to tax revenues retained by the Commonwealth; (vi)

whether any liens possessed by the HTA bondholders stopped attaching once the Commonwealth

and/or HTA filed for relief under Title III including pursuant to Bankruptcy Code section 552(a);

(vii) the validity of the Commonwealth's retention and use of the tax revenues under the Excise

Tax Statutes; and (viii) whether creditors of HTA have standing to seek stay relief against the

Commonwealth (the "Overlapping Issues"); *provided however*, that the DRA Parties shall not join

the *Urgent Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac

Assurance Corporation, National Public Finance Guarantee Corporation, And Financial*

3

*Guaranty Insurance Company To Adjourn Hearing On Motions For Relief From The Automatic* [ECF No. 10841] or otherwise argue that the hearing on the Monolines' Lift Stay Motion should be adjourned or otherwise delayed on the basis of this Joint Stipulation; *provided further*, that the DRA Parties shall not be authorized to settle or prevent a settlement or take discovery in connection with the Monolines' Lift Stay Motion, but discovery made available to the movants in the Monolines' Lift Stay Motion will be made available to the DRA Parties, and that the DRA Parties will have the right to participate in all meet and confers regarding discovery in the Monolines' Lift Stay Motion and attend all depositions in the Monolines' Lift Stay Motion (if any), *provided further*, that such discovery will not preclude the DRA Parties from requesting discovery regarding the DRA Lift Stay Motion (and AFFAF's and the Oversight Board's right to object to such requests) after the stay in ¶ 4 below is terminated.

4.      Subject to the Court's continuing jurisdiction and orders relating thereto, all other issues concerning the DRA Lift Stay Motion, other than the Overlapping Issues, shall be stayed until resolution by this Court of the Gating Issues.  After the stay is terminated, the Parties shall meet and confer to schedule the continuance of litigation schedule (if necessary).

5.      The Joint Stipulation and this Order thereon will not provide the DRA Parties with intervention rights other than to appear and be heard in connection with the Monolines' Lift Stay Motion.  The DRA Parties will not have any other rights, including, without limitation, the right to settle, oppose settlement or appeal any decision of this Court regarding the Monolines' Lift Stay Motion.

6.      For the avoidance of doubt, nothing herein shall affect the rights of any Party, person, or entity with respect to (i) the DRA Lift Stay Motion, other than Overlapping Issues, including the right to contest the DRA Parties' standing on any grounds (including standing issues

with respect to the Overlapping Issues in the Monolines' Lift Stay Motion), (ii) discovery, enforcement of said discovery, or to oppose discovery, in connection with the DRA Lift Stay Motion (to the extent the DRA Lift Stay Motion is continued), and (iii) seeking further adjournment of the DRA Lift Stay Motion, or opposing such adjournment, all of which rights are fully preserved.  In addition, all other rights of the Parties are expressly preserved and are not impaired, waived or otherwise prejudiced by the terms set forth in this Joint Stipulation or Order.

7.      This Stipulation shall not be used or offered into evidence in the DRA Lift Stay Motion for any purpose, including in connection with the litigation of the Standing Issue.

8.      The Parties further retain all rights to seek from the Court modification of, or relief from, the Joint Stipulation and this Order.

SO ORDERED.

Dated _____, 2020
San Juan, Puerto Rico

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE