**Presentment Date**: February 26, 2020
**Objection Deadline**: February 25, 2020 at 5:00 p.m. (AST)

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                 Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## NOTICE OF PRESENTMENT OF PROPOSED ORDER
## FURTHER AMENDING CASE MANAGEMENT PROCEDURES

**PLEASE TAKE NOTICE** that on February 19, 2020, the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA" and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors"), as Title III debtors, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight,*

---

[1]      The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Management, and Economic Stability Act* ("PROMESA"), filed the *Notice of Presentment of Proposed Order Further Amending Case Management Procedures* (the "Notice").[2]

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit A** is a proposed order (the "Proposed Order") further amending the case management procedures to update the notice section and remove past omnibus hearing dates.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit B** is the proposed *Eleventh Amended Case Management Procedures*.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit C** is a redline version of the proposed *Eleventh Amended Case Management Procedures* marked to show the changes that have been made to the *Tenth Amended Case Management Procedures* [ECF No. 8027-1].

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Paragraph III.H of the Court's *Tenth Amended Case Management Procedures* [ECF No. 8027-1], "the presentment of a proposed order for administrative relief must be filed and served at least seven (7) calendar days before the presentment date, and Objections thereto must be filed and served at least one (1) calendar day before presentment date," and accordingly, unless a written objection to the Proposed Order is filed with the Court no later than 5:00 p.m. (AST) on February 25, 2020, the relief requested shall be deemed unopposed, and the Court may enter an order granting the relief sought in the Notice without a hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these title III cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by

---

[2] For the purposes of judicial economy, and in light of the administrative nature of the limited relief requested, the Debtors have determined to seek the relief requested through presentment. If the Court would prefer this relief requested by motion, the Debtors will do so.

calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject

to the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

Dated: February 19, 2020
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Maja Zerjal*

Martin J. Bienenstock
Brian S. Rosen
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

*/s/* Hermann D. Bauer

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as Representative for the
Debtors*

**<u>Exhibit A</u>**

**Proposed Order**

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## <u>ORDER FURTHER AMENDING CASE MANAGEMENT PROCEDURES</u>

Upon the *Notice of Presentment of Proposed Order Further Amending Case Management Procedures*, dated February 19, 2020 (Docket Entry No. ____, the "<u>Notice</u>");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306 of PROMESA; and it appearing that venue in this district is proper pursuant to section 307 of PROMESA; and the Court having found that the relief requested in the relief requested is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice under the circumstances and that

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Notice.

no other or further notice is required; and after due deliberation and sufficient cause appearing

therefor, it is **HEREBY ORDERED THAT**:

1.       The *Eleventh Amended Notice, Case Management and Administrative Procedures*

attached hereto as **<u>Exhibit 1</u>** is approved.

2.       The notice section is updated.

3.       The scheduling section has been revised to eliminate references to omnibus

hearings that have already occurred.

4.       The Court shall retain jurisdiction to hear and determine all matters arising from or

related to the implementation, enforcement, or interpretation of this Order.

5.       This Order resolves Docket Entry No. _____.

Dated: _____, 2020
       San Juan, Puerto Rico

_____
                                  LAURA TAYLOR SWAIN
                                  United States District Judge

7

**<u>Exhibit B</u>**

**Eleventh Amended Case Management Procedures**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>             Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ELEVENTH AMENDED**
**NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES**

On June 2, 2017, the Court entered an order (the "Procedures Order"): (a) incorporating the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Bankruptcy Rules") for these Title III cases; (b) approving and implementing the notice, case management, and administrative procedures (collectively, the "Case Management Procedures"); and (c) granting certain related relief.

Anyone may obtain a copy of the Procedures Order and any amendments thereto, as well as any document filed with the Court in these Title III Cases by: (a) accessing the website maintained by Prime Clerk LLC (the "Claims and Noticing Agent") at https://cases.primeclerk.com/puertorico (the "Case Website"); (b) contacting the Claims and Noticing Agent directly at (844)-822-9231 (toll free for U.S. and Puerto Rico) or (646)-486-7944 (for international callers); or (c) for a nominal fee, accessing the PACER system through the Court's website at www.prd.uscourts.gov. Finally, paper copies of all pleadings filed in these Title III Cases may be available from the Court Clerk pursuant to the Court's procedures and miscellaneous fee schedule of the District of Puerto Rico.

Pursuant to the Procedures Order, all notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses, replies, and other documents filed in these Title III Cases are

---

[1]     The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

subject to, and will not be deemed properly served, unless they are served in accordance with, these Case Management Procedures as they may be amended from time to time.

Additionally, while the Bankruptcy Rules and the Local Bankruptcy Rules apply to these Title III Cases, to the extent there is a conflict between the foregoing and the Case Management Procedures, the Case Management Procedures govern in all respects to the extent that such variance is permitted by the relevant rules.

These *Eleventh Amended Notice, Case Management and Administrative Procedures* are implemented by the Court to update the notice section and revise the scheduling section to eliminate references to Omnibus hearings that have already occurred.

**ALL PARTIES IN INTEREST ARE STRONGLY ENCOURAGED TO REVIEW THESE CASE MANAGEMENT PROCEDURES IN THEIR ENTIRETY AND CONSULT THEIR OWN LEGAL COUNSEL WITH RESPECT TO THE MATTERS DISCUSSED HEREIN PRIOR TO FILING ANY DOCUMENTS IN THESE TITLE III CASES.**

<u>**Eleventh Amended Case Management Procedures**</u>

**I.    General Case Administration and Pleadings**

    A.    The Claims and Noticing Agent is authorized to establish the Case Website available at https://cases.primeclerk.com/puertorico, where, among other things, all pleadings, key dates, and information about these Title III Cases will be posted.

    B.    All documents filed in these Title III Cases, including, but not limited to, all notices, motions, applications, other requests for relief, all briefs, memoranda, affidavits, declarations, and other documents filed in support of such papers seeking relief (collectively, the "<u>Pleadings</u>"), objections or responses to the Pleadings (the "<u>Objections</u>"), statements related thereto ("<u>Statements</u>"), and replies thereto (the "<u>Replies</u>" and together with the Pleadings, the Statements, and the Objections, the "<u>Documents</u>") shall be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS (the "<u>Docket</u>"), by registered users of the Court's case filing system in searchable portable document format ("<u>PDF</u>").

    C.    A hearing notice ("<u>Notice of Hearing</u>") shall be filed and served concurrently with all Pleadings and shall include the following:  (i) the title of the Pleading; (ii) the parties upon whom any Objection to the Pleading is required to be served; (iii) the date and time of the applicable Objection Deadline (as defined below); (iv) the date of the hearing at which the Pleading shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with the Case Management Procedures.

    D.    The applicable Objection Deadline and hearing date shall appear on the upper right corner of the first page of the Notice of Hearing and on the upper right corner of the first page of each Pleading.  The applicable hearing date shall appear on the upper right corner of the first page of any filed Objection.

E.     Unless prior permission has been granted, notices of motion are limited to five (5) pages, memoranda of law in support of motions or Objections are limited to thirty-five (35) pages and memoranda of law in support of Replies are limited to fifteen (15) pages. All memoranda shall be double-spaced, 12-point font, with 1" margins.  Memoranda of ten (10) pages or more shall contain a table of contents and a table of authorities. The page(s) with the case caption shall not be counted for purposes of the foregoing page limits.

F.     Nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request relief under Bankruptcy Code section 107(b) or Bankruptcy Rule 9018 to protect:   (i) any entity with respect to a trade secret or confidential research, development, or commercial information, or (ii) any person with respect to a scandalous or defamatory matter, or personally identifiable information, contained in a Document filed in these Title III Cases.

G.     If any Pleading or Objection seeks an evidentiary hearing, the evidentiary hearing request shall be prominently displayed on the Pleading or Objection.  The Court retains full discretion regarding the scheduling of evidentiary hearings.

H.     Scheduling requests (other than from the Debtors) must be brought by urgent motion ("Urgent Motion").  All Urgent Motions must be preceded by reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court in such Urgent Motion request.  All Urgent Motions shall have a certification that the reasonable, good-faith communications took place, and if there is knowledge that there will be an objection to the Urgent Motion, the anticipation of an objection shall be prominently disclosed in the Urgent Motion.  Courtesy copies of all Urgent Motions shall be e-mailed to the Court at swaindprcorresp@nysd.uscourts.gov.

I.     All Pleadings, whether Urgent Motions or not, that are requesting relief, shall be accompanied by a proposed order.  A copy of the proposed order shall be emailed to the Court at swaindprcorresp@nysd.uscourts.gov in Microsoft word format.

J.     All communications filed in these Title III Cases that are informative and do not request any relief shall be labeled as an informative motion.

K.     Counsel who have been admitted pursuant to a pro hac vice order in a Title III case shall be deemed admitted without further application for all adversary proceedings in connection with that Title III case and in all other jointly administered Title III cases. Notices of appearance must still be filed for each adversary proceeding.

L.     Redactions and Filing Under Seal.  Any party wishing to file in redacted form and/or under seal any document, or any portion thereof, must make a specific request to the Court by motion explaining the particular reasons for seeking to file that information under seal.  See 11 U.S.C. § 107; Fed. R. Bankr. P. 9018; P.R. LBR 9018-1.

To be approved, redactions must be narrowly tailored to serve whatever purpose justifies them and otherwise consistent with the presumption in favor of public access to judicial documents. See Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto

3

Glob. Corp.), No. CIV.A. 05-10334-DPW, 2005 WL 1027348, at *10 (D. Mass. May 2, 2005), aff'd, 422 F.3d 1 (1st Cir. 2005). In general, parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. See, e.g., Togut v. Deutsche Bank AG (In re Anthracite Capital, Inc.), 492 B.R. 162, 182 (Bankr. S.D.N.Y. 2013).

The motion to seal must be filed electronically using the correct event in CM/ECF, unless otherwise authorized by the court. See P.R. LBR 9018-1(a). The motion must include (1) the grounds for sealing; (2) a redacted copy of the documents sought to be sealed with only those redactions necessary to preserve confidentiality, made in good faith; and (3) a proposed order that contains (i) the identity of any parties other than the moving party who will have access to the documents to be sealed, (ii) the duration of the seal, and (iii) language providing the order is without prejudice to the rights of any party in interest to seek to unseal the documents or any part thereof. The movant must serve unredacted copies of the relevant documents on motion counterparties to the extent the movant is requesting that the court permit counterparties to have access to the sealed documents, and must provide unredacted courtesy copies of the motion to seal and the relevant document(s) with all proposed redactions in highlighted form to the chambers of Judge Swain or Judge Dein (as applicable) at SwainDPRCorresp@nysd.uscourts.gov or DeinDPRCorresp@mad.uscourts.gov.

## II.    Service

A.    All Documents shall be served, in the manner described herein, on the following parties (collectively, the "Standard Parties"):

(i)     Chambers of the Honorable Laura Taylor Swain:

United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Suite No. 3212
New York, New York 10007-1312

(ii)    Office of the United States Trustee for Region 21
Edificio Ochoa, 500 Tanca Street, Suite 301
San Juan, PR 00901-1922

(iii)   Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF):

Puerto Rico Fiscal Agency and Financial Advisory Authority
Roberto Sánchez Vilella (Minillas) Government Center
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907
Attn:      Carlos Saavedra, Esq.
           Rocío Valentin, Esq.
E-Mail:    Carlos.Saavedra@aafaf.pr.gov
           Rocio.Valentin@aafaf.pr.gov

4

    (iv)    <u>Counsel for AAFAF</u>:

| | |
|---|---|
| O'Melveny & Myers LLP | Marini Pietrantoni Muñiz LLC |
| 7 Times Square | 250 Ponce de Leon Ave. |
| New York, New York 10036 | Suite 900 |
| Attn:  John J. Rapisardi, Esq. | San Juan, PR 00918 |
|        Suzzanne Uhland, Esq. | Attn:    Luis C. Marini-Biaggi, Esq. |
|        Peter Friedman, Esq. |         Carolina Velaz-Rivero, Esq. |
|        Nancy A. Mitchell, Esq. |         Iván Garau-González, Esq. |
|        Maria J. DiConza, Esq. | E-Mail:  lmarini@mpmlawpr.com |
| E-Mail:  jrapisardi@omm.com |        cvelaz@mpmlawpr.com |
|        suhland@omm.com |        igarau@mpmlawpr.com |
|        pfriedman@omm.com | |
|        mitchelln@omm.com | |
|        mdiconza@omm.com | |

    (v)    <u>Counsel for the Oversight Board</u>:

| | |
|---|---|
| Proskauer Rose LLP | O'Neill & Borges LLC |
| Eleven Times Square | 250 Muñoz Rivera Ave., Suite 800 |
| New York, New York 10036-8299 | San Juan, PR 00918-1813 |
| Attn:  Martin J. Bienenstock | Attn:  Hermann D. Bauer, Esq. |
|        Brian S. Rosen | E-Mail: hermann.bauer |
|        Paul V. Possinger |           @oneillborges.com |
|        Ehud Barak | |
|        Maja Zerjal | |
| E-Mail:mbienenstock@proskauer.com | |
|        brosen@proskauer.com | |
|        ppossinger@proskauer.com | |
|        ebarak@proskauer.com | |
|        mzerjal@proskauer.com | |

    (vi)    <u>Counsel for the Creditors' Committee</u>:

| | |
|---|---|
| Paul Hastings LLP | Casillas, Santiago & Torres LLC |
| 200 Park Avenue | El Caribe Office Building |
| New York, New York 10166 | 53 Palmeras Street, Ste. 1601 |
| Attn:  Luc. A. Despins | San Juan, Puerto Rico 00901-2419 |
|        James Bliss | Attn:   Juan J. Casillas Ayala |
|        James Worthington |        Diana M. Batlle-Barasorda |
|        G. Alexander Bongartz |        Alberto J. E. Añeses Negrón |
| E-Mail:  lucdespins@paulhastings.com |        Ericka C. Montull-Novoa |
|        jamesbliss@paulhastings.com | E-Mail:  jcasillas@cstlawpr.com |
|  jamesworthington@paulhastings.com |        dbatlle@cstlawpr.com |
|        alexbongartz@paulhastings.co |        aaneses@cstlawpr.com |
|        m |        emontull@cstlawpr.com |

(vii)    <u>Counsel for the Retiree Committee</u>:

Jenner & Block LLP                    Bennazar, García & Milián, C.S.P.
919 Third Avenue                      Edificio Union Plaza PH-A piso 18
New York, New York 10022              Avenida Ponce de León #416
Attn:   Robert Gordon                 Hato Rey, San Juan, Puerto Rico 00918
         Richard Levin                Attn:   A.J. Bennazar-Zequeira
         Catherine Steege             E-Mail:  ajb@bennazar.org
E-Mail:  rgordon@jenner.com
         rlevin@jenner.com
         csteege@jenner.com

(viii)   The entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims
         in COFINA's Title III Case.

(ix)     Counsel to any other statutory committee appointed in these Title III Cases.

B.    All paper and e-mail courtesy copies served on the Court shall include the applicable
      Case Management/Electronic Case Files ("<u>CM/ECF</u>") header information.

C.    For purposes of service pursuant to Bankruptcy Rules 7004(b)(6), 7004(b)(9), and
      7004(g), all service to the Debtors shall be made both to counsel to the Oversight Board
      and counsel to AAFAF, as listed above.

D.    Any creditor or party in interest that wishes to receive notice in these Title III Cases
      and is not otherwise entitled to notice pursuant to the Case Management Procedures
      shall file a notice of appearance (a "<u>Notice of Appearance</u>") and request for service of
      papers in accordance with Bankruptcy Rules 2002 and 9010(b) and the Case
      Management Procedures.  Any party that has previous filed a *pro hac vice* motion but
      not a Notice of Appearance should file a Notice of Appearance to ensure that such party
      receives notice of Documents filed in these Title III Cases.  For purposes of these
      Title III Cases, creditors or parties in interest filing such Notices of Appearance shall
      be included in the CM/ECF system for noticing purposes and will be considered to
      have accepted, upon filing of such Notice of Appearance, to receive documents and
      notices through the CM/ECF system.  Alternatively, if direct inclusion in the CM/ECF
      system is not possible, the filer of a Notice of Appearance shall be considered to have
      consented to receive electronic notices pursuant to Local Bankruptcy Rule 5005-4(g),
      unless the filing party complies with the certificate requirement set forth in the second
      paragraph of this Section II.D and the Court approves such certification.

      The Notice of Appearance shall include the following:  (i) the requesting party's name,
      address, and telephone number; (ii) the name and address of the requesting party's
      counsel, if any; (iii) the requesting party's email address for service by electronic
      transmission; (iv) the requesting party's address for service by U.S. mail, hand
      delivery, and/or overnight delivery; and (v) the requesting party's facsimile number for
      service by facsimile.  Any creditor or party-in-interest that files a Notice of Appearance
      and request for service of papers in accordance with the Case Management Procedures

shall receive notice via electronic transmission.  Any individual or entity that does not maintain and cannot practicably obtain an email address must include in its Notice of Appearance a certification stating the same and state the reasons why obtaining such email address is not feasible or unduly burdensome.  Notice will be provided to these individuals or entities by U.S. mail, overnight delivery, or facsimile at the filing party's discretion.  Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in these Title III Cases shall have any effect unless the foregoing requirements are satisfied.

E.      The Claims and Noticing Agent shall maintain a master service list (the "Master Service List"), which shall include all persons and entities that have filed a Notice of Appearance pursuant to Bankruptcy Rules 2002 and 9010(b) and the Case Management Procedures (the "Rule 2002 Parties") and the Standard Parties.  The Master Service List shall contain addresses, facsimile numbers, and email addresses. The Claims and Noticing Agent shall use reasonable efforts to update and post on its website the Master Service List as often as practicable, but in no event less frequently than every fifteen (15) days.  The Master Service List and any updates thereto shall be filed electronically on the website of the United States Bankruptcy Court for the District of Puerto Rico, www.prb.uscourts.gov, and on the Case Website commencing as of the date that is no later than ten (10) days from the date hereof.

F.      All Documents must be served, in the manner described herein, on the Master Service List and on any person or entity with a particularized interest in the subject matter of a certain Document (each, an "Affected Party").  Subject to Paragraph II.H, Documents filed in adversary proceedings are not required to be served on the Master Service List.

G.      The proceedings with respect to which notice is limited to the Master Service List shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following:  (a) notice of (i) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c) and (ii) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and plan; and (b) notice and transmittal of ballots for accepting or rejecting a plan, which notices shall be given in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court or otherwise prescribed by the Bankruptcy Code.

H.      Pleadings related to a compromise or settlement must be served on the Master Service List and any Affected Parties, but need not be served on all creditors.

I.      Parties shall serve the U.S. Trustee by U.S. mail, overnight delivery, or hand delivery. Parties may serve the Standard Parties and the Affected Parties, with the exception of the U.S. Trustee, via the CM/ECF system described in Section II.D, and no further notice shall be required on such Standard Parties and Affected Parties unless the Bankruptcy Rules, the Local District Court Rules, or Local Bankruptcy Rules require otherwise or the Court orders otherwise.

J.      [RESERVED]

7

K.   Parties shall be authorized to rely to the maximum extent possible on CM/ECF notice for all Documents on the Rule 2002 Parties.  To the extent it is known that one or more Affected Party will not receive CM/ECF notice, there shall be an obligation on the moving party to ensure service by the most efficient and timely manner possible on such Affected Parties (including service by e-mail unless the Affected Party has included a certification on its Notice of Appearance that it does not maintain an e-mail address).

L.   All Documents served by email shall include access to an attached file containing the entire Document, including the proposed form(s) of order and any exhibits, attachments and other relevant materials in PDF format, readable by Adobe Acrobat or an equivalent program.  Notwithstanding the foregoing, if a Document cannot be annexed to an email (because of its size, technical difficulties or otherwise), the party serving the Document may, in its sole discretion:  (i) serve the entire Document by U.S. mail or overnight delivery, including the proposed form(s) of order and any exhibits, attachments and other relevant materials or (ii) email the parties being served and include a notation that the Document cannot be annexed and will be (a) mailed if requested or (b) posted on the Case Website.

M.   Service by email shall be effective as of the date the Document is sent to the email address provided by the party.  If service is made by email, the Debtors shall not be required to serve a paper copy of the Document on interested parties and email service shall satisfy the Court's rules for service.

N.   If a party entitled to notice of a Document does not have an email address or an email address is not available in the Master Service List, the party shall be served by U.S. mail, overnight delivery, facsimile, or hand delivery, the choice of the foregoing being in the sole discretion of the party who is required to serve.

O.   Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within three (3) business days either an affidavit of service or a certification of service attaching the list of parties that received notice; provided, however, that parties shall not be required to serve the affidavits of service on such recipients.

P.   Upon the request of a non-Debtor Movant for the Claims and Noticing Agent to serve Pleadings, and provided the Oversight Board as the instructing entity permits the Claims and Noticing Agent to serve such Pleadings, the Claims and Noticing Agent shall serve such Pleadings and bill the related service expense directly to the applicable non-Debtor movant.

III.   **Scheduling**

A.   The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings (the "Omnibus Hearings") at which Pleadings shall be heard.  Upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearings

on the Case Website.  The next Omnibus Hearings shall be scheduled for the following
dates and times:[2]

- 9:30 a.m. on the 4th day of March, 2020;

- 9:30 a.m. on the 22nd day of April, 2020;

- 9:30 a.m. on the 3rd day of June, 2020;

- 9:30 a.m. on the 29th day of July, 2020;

- 9:30 a.m. on the 16th day of September, 2020;

- 9:30 a.m. on the 28th day of October, 2020; and

- 9:30 a.m. on the 9th day of December, 2020.

B.    All Omnibus Hearings may be scheduled for two consecutive days, if needed.

C.    Those in attendance in the main courtroom at any hearing shall refrain from wearing
cologne or perfume.

D.    Subject    to    consultation    with    Chambers    via    email    to
swaindprcorresp@nysd.uscourts.gov, hearings in connection with individual and
omnibus claim objections, applications for professional compensation and
reimbursement, pre-trial conferences, asset sales and trials related to adversary
proceedings, approval of a disclosure statement, confirmation of a plan, and any other
Pleading filed by the Debtors may be scheduled for dates other than the Omnibus
Hearing dates; provided, however, that hearings in connection therewith may be
scheduled on a non-Omnibus Hearing date only after consultation with counsel to the
Oversight Board and counsel to the Debtors (which consultation shall occur as soon as
practicable); provided, further, that initial pre-trial conferences scheduled in connection
with adversary proceedings involving the Debtors shall be set on the next available
Omnibus Hearing date that is at least 45 days after the filing of the complaint; unless
the Court expedites the pre-trial conference; provided, further, that hearings on all other
Pleadings, except for those Pleadings specifically referenced in this Paragraph III.D,
filed by any party must be scheduled for an Omnibus Hearing except for a Pleading
requiring emergency or expedited relief in accordance with these Case Management
Procedures.

E.    Except for filings that have previously been authorized by the Court in response to an
Urgent Motion establishing such scheduling, if a Document is filed by a party other
than the Debtors and purports to set a hearing date inconsistent with the Case
Management Procedures (an "Inconsistent Filing"), the hearing shall be scheduled
without the necessity of Court order for the first Omnibus Hearing date after the

---

[2]    All hearing times are in Atlantic Standard Time.

applicable notice period has expired and all applicable deadlines shall be accordingly extended, and the Debtors shall provide such party with notice of the Case Management Procedures within three (3) business days of receipt of the Inconsistent Filing.

F.      If a movant, applicant, or other party determines that a motion, application, or pre-trial conference requires emergency or expedited relief, the movant, applicant, or other party may, for good cause shown, seek an expedited hearing or pre-trial conference pursuant to Urgent Motion, and the Debtors and other parties in interest, as applicable, shall have the right to contest such request for expedition. All requests for emergency or expedited relief shall comply with the applicable Local Bankruptcy Rule.

G.      If a Pleading seeks relief pursuant to Bankruptcy Rule 2002(a) or Bankruptcy Rule 2002(b), the hearing to consider such Pleading shall be set in accordance with the time period set forth in Bankruptcy Rules 2002(a) and (b) and 9006. For all other Pleadings, with the exception of Pleadings filed pursuant to the Presentment Procedures (as described below), Pleadings shall not be considered unless filed and served in accordance with the Case Management Procedures at least twenty-two (22) calendar days before the next applicable hearing date; provided, however, that nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and (c).

H.      Notwithstanding the immediately preceding paragraph, a party may present a proposed order addressing administrative matters for approval by the Court; provided, however, that the presentment of a proposed order for administrative relief must be filed and served at least seven (7) calendar days before the presentment date, and Objections thereto must be filed and served at least one (1) calendar day before presentment date (the "Presentment Procedures").

I.      The deadline to file an Objection (the "Objection Deadline") to any Pleading shall be (i) 4:00 p.m. (Atlantic Standard Time) on the date that is fifteen (15) calendar days before the applicable hearing date or (ii) any date otherwise ordered by the Court. The Objection Deadline may be extended with the consent of the movant or applicant. If such an extension has been agreed upon, the parties need not file a stipulation or other pleading with the Court reflecting the extension; provided, however, that movant shall provide notice of the extension to Chambers by e-mail to swaindprcorresp@nysd.uscourts.gov. However, if an Objection Deadline was set by a separate scheduling order of the Court, any extension must be noticed by the filing of an informative motion. The Objection shall not be considered timely unless filed with the Court and received by the movant and the Standard Parties on or before the applicable Objection Deadline. All parties filing an Objection shall include their telephone number, facsimile number, and email in the signature block on the last page of the Objection.

J.      Unless the Court orders otherwise, if any Pleading, including a Stay Relief Motion (as defined below), is adjourned, the Objection Deadline with respect thereto shall be extended to 4:00 p.m. (Atlantic Standard Time) on the date that is fifteen (15) calendar

10

days prior to the applicable hearing and all other applicable deadlines shall be likewise extended.

K.      The deadline to file Replies, joinders to an Objection, or any Statement shall be (i) for all parties other than the Debtors and any statutory committee, 4:00 p.m. (Atlantic Standard Time) on the date that is eight (8) calendar days before the applicable hearing date, (ii) for the Debtors and any statutory committee, 4:00 p.m. (Atlantic Standard Time) on the date that is seven (7) calendar days before the applicable hearing date, or (iii) any date and time otherwise ordered by the Court.

L.      Sur-replies shall not be permitted or considered unless authorized by the Court.

M.      Two (2) business days before a scheduled hearing, the Debtors shall, after consultation via email with the Court, file with the Court an agenda (the "Agenda") setting forth each matter to be heard at the hearing (updated after the initial submission, if necessary) and shall serve the Agenda by email or facsimile on (i) the Standard Parties, (ii) the Rule 2002 Parties, and (iii) any party that filed Documents referenced in the Agenda; provided, however, that where the Debtors have less than 48 hours' notice of a hearing, the Debtors shall file an agenda only to the extent feasible.

N.      The Agenda shall include, to the extent known by the Debtors:  (i) the docket number and title of each matter scheduled to be heard at the hearing, including the initial filing and any Objections, Statements, Replies, or Documents related thereto; (ii) whether the matter is contested or uncontested; (iii) whether the matter has been settled or is proposed to be continued; (iv) the identification number of any proof(s) of claim(s) implicated in the Document; and (v) other comments that will assist the Court; provided, however, that the matters listed on the Agenda shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

O.      The Agenda may include notice of matters that have been consensually adjourned to a later hearing date in lieu of parties filing a separate notice of such adjournment.

P.      Parties may request relief without a hearing by filing a certificate of no objections ("CNO"), provided that the notice filed with the request for relief includes a statement that the request for relief may be granted and an order entered without a hearing unless a timely Objection is made. After the Objection deadline has passed, and no Objection had been filed or served in accordance with the set procedures set forth herein, counsel to the entity that has filed the request for relief may file a CNO indicating that no Objection has been filed or served on the party who has filed the request for relief and submit an order granting the relief requested. The CNO must include the date of the filing and service of the motion or application, the deadline for filing an objection thereto, and a statement that counsel is filing the CNO not less than forty-eight (48) hours after the expiration of such deadline. In filing the CNO, counsel for the moving party represents to the Court that the moving party is unaware of any objection, responsive pleading, or request for a hearing with respect to the motion or application, that counsel has reviewed the Court's docket not less than forty-eight (48) hours after

11

expiration of the time to file an objection, and that no objection, responsive pleading, or request for a hearing with respect to the motion or applications appears on the docket.

Q.   In the event a matter is properly noticed for hearing and the parties reach an agreement to settle the dispute prior to the hearing, the parties may announce the settlement at the scheduled hearing; provided, however, that the parties shall notify the Court, the Office of the United States Trustee, counsel for the Oversight Board, as representative of the Debtors, and the Creditors' Committee of such agreement as soon as practicable prior to the hearing. In the event the Court determines that notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

R.   Subject to Paragraphs III.F and III.U, at least fifteen (15) business days prior to filing a Stay Relief Motion to continue a prepetition ordinary course civil action against a Debtor other than PREPA, the movant shall contact counsel for the Oversight Board (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)) and counsel for AAFAF (Attn: Diana M. Perez (dperez@omm.com), Luis C. Marini-Biaggi (lmarini@mpmlawpr.com) and Carolina Velaz-Rivero (cvelaz@mpmlawpr.com)), and for all Lift Stay Notices related to PREPA, the movant shall contact counsel for the Oversight Board (Attn: Hermann Bauer (Hermann.Bauer@oneillborges.com) and Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)), counsel for AAFAF (Attn: Diana M. Perez (dperez@omm.com)), and counsel for PREPA (Attn: Arturo Diaz-Angueira (adiaz@diazvaz.law) and Katiuska Bolanos-Lugo (kbolanos@diazvaz.law)), by electronic-mail to advise them of the movant's intent to seek relief from the automatic stay (the "Lift Stay Notice" and the notice period, the "Lift Stay Notice Period"). The Lift Stay Notice Period and the procedures set forth below shall not apply to Stay Relief Motions that are filed by creditors seeking to enforce a financial debt claim.

The Lift Stay Notice shall include (i) the identity of the movant and its contact information, (ii) the claim(s), lawsuit(s), or other proceeding(s) for which movant seeks relief from the automatic stay, including the relevant case number and court information, (iii) the amount of the claim(s) and the asserted causes of action, (iv) a brief description of the status of the underlying claim(s), lawsuit(s), or proceeding(s), and (v) cause as to why the stay should be lifted.

During the Lift Stay Notice Period, the Debtors and the movant shall meet and confer (in person or telephonically) to attempt to resolve, in whole or in part, the movant's request for relief from the automatic stay.

If (i) the Debtors disagree with the movant's request for relief from the automatic stay and/or (ii) the Lift Stay Notice Period expires without the parties reaching an agreement

governing the scope of the relief from the automatic stay, then the movant may file a Stay Relief Motion pursuant to the Case Management Procedures. Such Stay Relief Motion must include a certification that the movant has met and conferred with the Debtors regarding the requested relief. If movant did not meet and confer with the Debtors prior to filing a Stay Relief Motion, and cannot show exigent circumstances for failing to meet and confer, the Court shall deny the Stay Relief Motion without prejudice until the movant has met and conferred with the Debtors.

The Debtors, in their discretion (subject to the Oversight Board's consent) and without immediate leave of Court, may (i) enter into stipulations modifying or lifting the automatic stay and (ii) agree to modify or lift the automatic stay with respect to any prepetition ordinary course civil action against a Debtor.

The Debtors shall file an omnibus motion, every sixty (60) days, identifying each automatic stay modification agreed to by the Debtors during the relevant period and seeking Court approval of such modifications *nunc pro tunc* to the relevant modification date (an "Omnibus Lift Stay Motion").

Each Omnibus Lift Stay Motion shall include personalized information for each automatic stay modification including, as applicable, a brief description of the modification, case information (including case number and court), and counterparty.

For the avoidance of doubt, nothing in this Paragraph III.R prejudices the rights of a party to request the consideration of any Stay Relief Motion on an expedited basis, or the rights of the Debtors or any other party in interest to contest such request for expedited consideration.

S.     Subject to Paragraphs III.F, III.T, and III.U, a motion for relief from the automatic stay (a "Stay Relief Motion") in accordance with Bankruptcy Code section 362 shall be noticed for consideration on the Omnibus Hearing Date that is at least 22 days after the Stay Relief Motion is filed and notice thereof is served upon counsel for the Oversight Board, as representative of the Debtors. Unless otherwise ordered by the Court, the Objection Deadline with respect thereto shall be the later to occur of (i) fifteen (15) calendar days after the date of filing and service of the Stay Relief Motion and (ii) eight (8) calendar days prior to the hearing scheduled with respect thereto; effectively, this means that the Objection Deadline will be eight (8) calendar days prior to the hearing scheduled with respect to the Stay Relief Motion, except in certain situations where an expedited hearing is scheduled with respect to the Stay Relief Motion. The movant may file and serve a reply four (4) calendar days prior to the hearing.

T.     If a moving party notices a Stay Relief Motion for an Omnibus Hearing Date that falls on or after the thirtieth (30th) day after the filing of the Stay Relief Motion, or consents to the adjournment of an Omnibus Hearing to a date that falls on or after the thirtieth (30th) day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under Bankruptcy

Code section 362(d), and shall be deemed to have waived its right to assert the termination of the automatic stay under Bankruptcy Code section 362(e) with respect to that Stay Relief Motion. Any moving party shall be permitted to request an expedited hearing on its Stay Relief Motion, as provided in Paragraph III.F, and in that case, the moving party shall not be deemed to have waived its right to assert the termination of the automatic stay under Bankruptcy Code section 362(e); provided, however, that any expedited hearing granted in accordance with this paragraph shall be without prejudice to the right of the parties to request, and/or the Court to otherwise treat, such expedited hearing as a preliminary hearing in accordance with Bankruptcy Code section 362(e). For the avoidance of doubt, any hearing on a Stay Relief Motion shall be scheduled as a final hearing (which the Court may later treat as a preliminary hearing in the Court's discretion) unless the Affected Parties agree otherwise or the Court orders otherwise. A hearing on a Stay Relief Motion will take place only if an Objection is timely filed; if no Objection is timely filed, an order may be entered granting the relief requested.

U. Notwithstanding Paragraphs III.R, III.S, and III.T, nothing in the foregoing paragraphs prejudices the rights of a party to request the expedited consideration of any motion seeking relief from stay, or the rights of the Debtors or any other party in interest to contest such request for expedited consideration.

V. If the date any Document would be due falls on a day other than a business day, such Document must be filed and served by the first business day preceding such date, except where the Document relates to a hearing scheduled to be held within one week of the filing date, in which event the Document must be filed on the calendar date it is due.

W. Under the discretion provided to the Court by Bankruptcy Rule 9006(b), and to forestall the need for a bridge order, unless otherwise provided by the Bankruptcy Code or Bankruptcy Rules, if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or by Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order.

## IV.   Disclosure Requirements

A. Every group, committee and entity described in Federal Rule of Bankruptcy Procedure 2019(b)(1) (each, a "Rule 2019(b) Group") that, on or before August 9, 2017, has taken a position before the Court[3] must file a verified statement that complies with the disclosure requirements enumerated by Federal Rule of Bankruptcy Procedure 2019 by August 24, 2017 at 5:00 p.m. (Atlantic Standard Time). For the avoidance of doubt and for the purposes of these Title III cases, compliance with Bankruptcy Rule 2019 includes disclosure of: (i) all economic interests with respect to each Debtor in whose

---

[3] For the avoidance of doubt, the phrase "takes a position before the Court" includes, but is not limited to, the filing of any Pleading by or on behalf of a Rule 2019 Group in any Title III case or related adversary proceeding, including informative motion practice containing factual or legal representations or arguments.

14

Title III case the group, committee and/or entity has taken a position,[4] including derivative interests, and (ii) the existence and amount of any bond insurance or other credit protection, including by a monoline insurer.

B.   A Rule 2019(b) Group that first takes a position before the Court or solicits votes regarding the confirmation of a plan on behalf of another after August 9, 2017, must file a verified statement compliant with Federal Rule of Bankruptcy Procedure 2019(c) within five (5) calendar days of taking such position before the Court or soliciting such votes.  Federal Rule of Bankruptcy Procedure 9011(b) applies to attorneys filing such statements.

C.   If any fact disclosed in the Rule 2019(b) Group's most recently filed statement (including, but not limited to, information concerning the composition of the Rule 2019(b) Group) changes materially, the Rule 2019(b) Group must file a supplemental verified statement contemporaneously with or within 48 hours after the next instance in which the Rule 2019(b) Group takes a position before the Court or solicits votes on the confirmation of a plan.  Federal Rule of Bankruptcy Procedure 9011 applies to attorneys filing such supplemental statements.  The absence of such a supplemental statement shall be deemed a representation that no material changes have occurred.

D.   Within fourteen (14) days of entry of the order approving these Case Management Procedures, any Rule 2019(b) Group that filed a verified statement after August 8, 2017 shall file an amended verified statement reflecting any economic interest (and any material change in such economic interest from August 8, 2017 through the date of the addition of this paragraph to the Case Management Procedures), required to be disclosed pursuant to Paragraph IV.A, that was not disclosed in the previously filed verified statement; provided, however, that, with respect to the Ad Hoc Group of General Obligation Bondholders (the "Ad Hoc GO Group"), the foregoing retroactive disclosure shall only be required for those entities that were members of the Ad Hoc GO Group as of July 1, 2018.

## V.    Other Case Management Procedures

A.   Nothing in the Procedures Order shall prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause.

---

[4]   For the avoidance of doubt, a Rule 2019 Group takes a position in the case of a Title III Debtor by appearing in such Debtor's Title III case or related adversary proceeding in any capacity, including by, among other things, filing a Pleading, filing an informative motion, executing a court-approved stipulation, filing a proof of claim, appearing at a hearing before the Court, or asserting any legal or factual positions that would in any way impact the property or rights of the Title III Debtor.

B.  The Debtors may seek to amend the Case Management Procedures from time to time throughout these Title III Cases, and shall present such amendments to the Court by notice of presentment in accordance with the Case Management Procedures.

C.  Within three (3) business days of entry of the Procedures Order or any amendment thereto, the Claims and Noticing Agent shall serve a printed copy of the relevant Procedures Order upon all parties on the Master Service List and post a copy of that Procedures Order on the Case Website.

D.  The Court retains jurisdiction to hear and determine all matters arising from or relating to the implementation of the Procedures Order.

E.  The Court retains power to provide notice of *sua sponte* amendments to the Case Management Procedures and/or Procedures Order.

Dated:  _____, 2020

16

## Exhibit C

**Redline**