CASP-GS-009-B

ESTADO LIBRE ASOCIADO DE PUERTO RICO
COMISIÓN APELATIVA DEL SERVICIO PÚBLICO

# SOLICITUD DE ARBITRAJE DE QUEJAS Y AGRAVIOS

No escriba en estos apartados. Para uso oficial solamente.

| Caso Número: | Fecha: |
|---|---|
| AQ-16-0450 | |

**INSTRUCCIONES:** Someta el original y tres copias de esta Solicitud a la Comisión Apelativa del Servicio Público. Notifique copia a la otra Parte. De requerir más espacio en algún apartado, favor de continuar en un anejo haciendo referencia al número del apartado.

| 1. (a) Nombre de la Agencia: | Dirección postal: | Teléfono: (787) 294-4922 |
|---|---|---|
| DEPARTAMENTO DE LA FAMILIA | P. O. BOX 11398 SAN JUAN, PR 00910 | Fax: (787) 765-1743 Dirección electrónica: |
| (b) Nombre del abogado o representante: Hon. Idalia Colón Secretaria | Dirección postal: P. O. BOX 11398 SAN JUAN, PR 00910 | Teléfono: (787) 294-4900 Fax: (787) 765-1743 Dirección electrónica: |

| 2. (a) Nombre de la Unión: | Dirección postal | Teléfono: (787) 272-7222 |
|---|---|---|
| Servidores Públicos Unidos de PR (SPU/AFSCME) - Unidad Apropiada B - Personal Profesional en Programas de Servicio Directo a la Clientela de los Empleados del Departamento de la Familia Local 3234 - Unidad "B" | SERVIDORES PÚBLICOS UNIDOS DE PR Local 3234 - Unidad "B" P.O. BOX 13695 SAN JUAN, PR 00908-3695: | Fax: (787) 272-7229 Dirección electrónica: lmadera@spupr.com |
| (b) Nombre del abogado o representante: Lcda. Genoveva Valentín Soto Directora, División Legal | Dirección postal: P.O. BOX 13695 SAN JUAN, PR 00908-3695 | Teléfono: (787) 272-7222 Fax: (787) 272-7231 Dirección electrónica: gvalentin@spupr.com |

| 3. Nombre del empleado: (Si la Solicitud es presentada por un empleado en su carácter individual) | Dirección postal: | Teléfono: ( ) Fax: ( ) Dirección electrónica: |
|---|---|---|

4. ¿Se cumplió con el procedimiento establecido en el convenio colectivo antes de solicitar arbitraje? SÍ [X] NO [ ]

5. Cantidad de Empleados afectados por esta controversia: (350) Jesús A. Rodríguez Martínez y otros 349

6. Período de vigencia del convenio: fecha de efectividad: 3 de julio de 2012 fecha de vencimiento: 3 de julio de 2015

7. Disposiciones aplicables del convenio: Artículos XII, XIII y XIV; y todas leyes o reglamento aplicable.

8. ¿Esta solicitud es sometida por acuerdo de las partes? SÍ [X] NO [ ]

9. Esta solicitud es radicada por: Unión [X] Agencia [ ] Empleado [ ]

10. ¿Se radicó cargo de práctica ilícita? NO [X] SÍ [ ], Caso Núm. , radicado el

11. ¿Se difirió el caso al procedimiento de quejas, agravios y arbitraje? NO [X] SÍ [ ] Fecha:

12. ¿Se ha sometido esta controversia a algún otro foro? SÍ [ ] NO [X] Si contestó que sí, indique a cuál foro y cuándo se radicó.

(Continúa en la próxima página)

**13. Breve descripción de los hechos y controversia:** (Continúe en hoja aparte, de ser necesario)

Los querellantes, Jesús A. Rodríguez Martínez y otros 349 empleados del Departamento de la familia (DFAM), alegan que el DFAM viola los Artículos XII, LI y LII del Convenio Colectivo y cualquier otra ley o reglamento que aplique, al hacer no revisar sus escalas salariales.

El 23 de mayo de 2016, la Unión recibió copia de estipulación, fechada el 22 de abril de 2016, donde el Comité de Quejas y Agravios paso juicio sobre la querella QB- 15- 025, Jesús A. Rodríguez Martínez y otros, luego de evaluar la misma ambas partes acordamos lo siguiente:

Elevar la presente controversia ante la consideración de un árbitro de la Comisión Apelativa del Servicio Público.

Ninguna de las partes renuncia al derecho de plantear tanto los aspectos procesales como sustantivos y de derecho que entiendan necesarios en el transcurso de los procedimientos.

**14. Remedio solicitado:**

Que se le ordene a la Agencia a revisar las escalas salariales de los empleados, actualizado un sistema de escalas salariales progresivas luego de la implementación de enmiendas al salario mínimo federal, efectivo a la fecha en que se implementaron dichas enmiendas y se ordene el pago y la retribución correspondiente.

| 15. Nombre y título de la persona que firma este documento | 16. Firma |
|---|---|
| Luis A. Madera Echevarría<br>Director División Quejas y Agravios | *[firma]* |

Aquella persona que intencionalmente someta información falsa en este formulario puede estar sujeta a las multas que imponga la Comisión y a cualquier otra sanción o pena de Ley aplicable.



**CQyA**
Comité de Quejas y Agravios – Unidad Apropiada B

22 de abril de 2016

## ESTIPULACIÓN

El Comité de Quejas y Agravios pasó juicio sobre la querella **QB-15-025-Jesús A. Rodríguez Martínez y Otros** sobre **Retribución**. Luego de la evaluación correspondiente ambas partes acordamos lo siguiente:

Elevar la presente controversia ante la consideración de un árbitro de la Comisión Apelativa del Servicio Público.

Ninguna de las partes renuncia al derecho de plantear tanto los aspectos procesales como sustantivos y de derecho que entiendan necesarios en el transcurso de los procedimientos.

Para que así conste, firmamos los miembros del Comité de Quejas y Agravios.

_____
Nilda Muñoz Acosta, JD, MPA

_____
Nixzaliz Cruz García

[Sello: Quejas y Agravios SPUPR, Concilio 95 AFSCME MAY 23 2016 RECIBIDO]

_____
Sandra M. Colón Santiago

_____
Theresa L. Oliveras Santiago

**QUEJAS Y AGRAVIOS**
**DEPARTAMENTO DE LA FAMILIA**
**PASO II - UNIDAD B ENMENDADA**

QB15-025

Fecha: 30 de abril de 2015

Querellante: JESUS A RODRIGUEZ MARTINEZ Y OTROS 358

Caso Núm.: VEASE ANEJO A

Seguro Social: VEASE ANEJO A

Dirección Postal: VEASE ANEJO A

Clasificación: VEASE ANEJO A

Administración: VEASE ANEJO A

Teléfono: VEASE ANEJO A

Centro Trabajo: VEASE ANEJO A

Región: VEASE ANEJO A

Cita de la Ley, Reglamento, Orden Administrativa o Artículo, Sección e Inciso del Convenio Colectivo que fue violado
VEASE ANEJO B

Alegación del Querellante. Breve descripción del evento: Incluya fecha, hora y lugar (Puede anejar páginas adicionales)
VEASE ANEJO B

Nombre de Testigos: VEASE ANEJO B

Petición del Querellante:

**CERTIFICACION**

Conforme con el Procedimiento para la Resolución de Quejas y Agravios entre las partes, Artículo XII, Sección 8, Paso II, Inciso 7 del Convenio Colectivo entre el Departamento de la Familia y Servidores Públicos Unidos de Puerto Rico (SPUPR / AFSCME), Local 3234 certificamos:

Haber tenido una reunión del Comité de Quejas y Agravios para discutir la Querella presentada por el(la) Querellante y que como resultado la Querella fue:

A. _____ Resuelta y las partes acuerdan el siguiente remedio:

B. _____ No resuelta y la querella será sometida a Arbitraje.

Comentarios:

Certificado hoy día _____ de _____ de _____

Nombre del Rep. Familia: _____ Firma: _____

Nombre del Rep. Familia: _____ Firma: _____

Nombre del Rep. Unión: _____ Firma: _____

Nombre del Rep. Unión: _____ Firma: _____

Rev. 08/2003

# FORMULARIO DE QUEJAS Y AGRAVIOS

UPETEC-Familia B / SPUPR, Local 3234 — DEPARTAMENTO DE LA FAMILIA

**Departamento de la FAMILIA**

## PASO II – UNIDAD B ENMENDADA

Fecha: 30 de abril de 2015　　　　　　　　　　　　　　　　　　　Caso Núm.: QB15-025

Querellante: JESUS A RODRIGUEZ MARTINEZ Y OTROS 358　　Seguro Social: VEASE ANEJO A

Dirección Postal: VEASE ANEJO A

Clasificación: VEASE ANEJO A　　　　　　　Administración: VEASE ANEJO A

Teléfono: VEASE ANEJO A　　　Centro Trabajo: VEASE ANEJO A　　　Región: VEASE ANEJO A

Cita de la Ley, Reglamento, Orden Administrativa o Artículo, Sección e Inciso del Convenio Colectivo que fue violado
VEASE ANEJO B

Alegación del Querellante. Breve descripción del evento: Incluya fecha, hora y lugar (Puede anejar páginas adicionales)
VEASE ANEJO B

Nombre de Testigos: VEASE ANEJO B

Petición del Querellante:

### CERTIFICACION

Conforme con el Procedimiento para la Resolución de Quejas y Agravios entre las partes, Artículo XII, Sección 8, Paso II, Inciso 7 del Convenio Colectivo entre el Departamento de la Familia y Servidores Públicos Unidos de Puerto Rico (SPUPR / AFSCME), Local 3234 certificamos:

Haber tenido una reunión del Comité de Quejas y Agravios para discutir la Querella presentada por el(la) Querellante y que como resultado la Querella fue:

A. _____ Resuelta y las partes acuerdan el siguiente remedio:

B. _____ No resuelta y la querella será sometida a Arbitraje.

Comentarios:

Certificado hoy día _____ de _____ de _____

Nombre del Rep. Familia: _____　Firma: _____

Nombre del Rep. Familia: _____　Firma: _____

Nombre del Rep. Unión: _____　Firma: _____

Nombre del Rep. Unión: _____　Firma: _____

Rev. 08/2003

## ANEJO B

### A. DISPOSICIONES LEGALES VIOLENTADAS:

Artículo II, secciones 7 y 16 de la Constitución del Estado Libre Asociado de Puerto Rico; Sección 1983 de la Constitución de Estados Unidos; "Equal Pay Act" y Ley de Salario Mínimo Federal (FLSA) y su Reglamento; Ley 4 del 14 de octubre de 1975, según enmendada y su Reglamento; Ley 89 de 12 de julio de 1979 y su Reglamento; Ley 5 de 22 de noviembre de 1975 y su Reglamento; Ley 3 de 30 de junio de 1977; Ley 12 del 27 de agosto de 1982, Ley 83 de 4 de junio de 1983; Ley No. 84 del 4 de junio de 1983; Ley 90 de 9 julio de 1986; Ley 1 de 9 de enero de 1988; Ley 7 del 7 de mayo de 1989; Orden Ejecutiva 1994-32; Ley 159 de 29 de junio de 1999; Ley 410 de 8 de octubre de 2000; Ley 413 de 21 de diciembre de 2000; Ley para la administración de los Recursos Humanos en el Servicio Público, Ley Núm. 132 de septiembre de 2000; Ley Núm. 184 del 3 de agosto de 2004 y cualquier otro estatuto o reglamento que disponga para aumentos por servicios prestados aplicables a los Querellantes y no se haya pagado a estos dicho beneficios y los Artículos 1803 y 1867 del Código Civil, 31 L.P.R.A.

### B. DESCRIPCIÓN DE HECHOS:

#### a. INTRODUCCIÓN

La controversia de la presente queja versa sobre una cuestión estrictamente de derecho y es esencialmente igual a la resuelta mediante Sentencia Declaratoria por el Tribunal de Primera Instancia, Sala de San Juan, en el caso de *Juan Pérez Colón y otros vs Departamento de Transportación y Obras Públicas*, caso número KAC 1990-0487, donde se declaró la nulidad del método de ajuste salarial establecido en el memorando general de OCAP 5-86, de 23 de abril de 1986, por violar las disposiciones de la Ley de Retribución Uniforme y Art. II sec. 16 de nuestra Constitución. Así también, es idéntica a la ya resuelta por el Foro Judicial en los casos *Carmen Socorro Cruz Hernández y otros v. Departamento de la Familia*, Civil Núm. KAC 1991-0665 y *Nilda Agosto Maldonado y otros vs. ELA*, Civil Núm. K PE2005-0608 (907).

#### b. HECHOS COMUNES A TODOS LOS QUERELLANTES:

1. El 12 de julio de 1979, la Legislatura de Puerto Rico aprobó la Ley Número 89 conocida como Ley de Retribución Uniforme. Dicha Ley estableció como política pública proveer a los empleados del servicio público un tratamiento equitativo y justo en la fijación de sus sueldos. A tales fines, se dispuso que la Oficina Central de Administración de Personal y los administradores individuales adoptarían planes de retribución conforme al Reglamento que adoptara OCAP hoy conocida como OCALARH (3 L. P. R. A. 706a). Igualmente impuso la obligación al director de la OCAP y a los administradores individuales de mantener actualizadas las estructuras de retribución.

2. El 15 de abril de 1986, entró en aplicación en el Departamento de la Familia la Ley de Retribución Uniforme, con un salario mínimo federal de $3.25 la

hora, equivalente a un salario mensual de $545 para una jornada de 37. 5 horas semanales.

3. Al seleccionar el Departamento de la Familia en la fecha en que entra en aplicación el FLSA y en fechas posteriores, el método de ajuste recomendado por la OCAP para implantar el salario mínimo se produce una acción concertada entre la OCAP y el Departamento de la Familia, pues a sabiendas de que correspondía reducir la jornada diaria conforme establecía la Ley Número 5 de 20 de noviembre de 1975 y el Reglamento que OCAP había aprobado para implantar dicha ley, se estableció para la compensación de los empleados Querellantes un sistema paralelo de pago que viola el principio de igual para por igual trabajo, en claro detrimento del principio de equidad retributiva, dejándose así inoperante el sistema de escalas salariales.

4. Que a los querellantes se les engañó respecto al estado de derecho, ya que los funcionarios, agentes y representantes del Departamento de la Familia al reclamarle los Querellantes se le compensara de acuerdo a la clasificación que tenían, se escudaron en el Memorando General 5-86 de la OCAP para hacerles representaciones fraudulentas referente a que no procedía actualizar las escalas y les hicieron representaciones, a sabiendas de que eran falsas, referente a que la ley federal sólo obligaba pagar el tipo mínimo, lo que engendró una situación contraria a la realidad, esto es, una situación aparente y mediante tal apariencia influyeron en la confianza de los empleados Querellantes, pues creyeron de buena fe que la Agencia había cumplido con los deberes de su cargo con regularidad.

5. Que dicha acción intencional del Estado, al actuar con conocimiento de la ilegalidad de sus actos, también se acredita de la carta del 20 de noviembre de 1985 remitida por el Director de la OCAP al entonces gobernador de Puerto Rico, ya que en la misma se informaba, en síntesis, que la implantación del salario mínimo requería la adopción de una nueva estructura retributiva, la cual la Oficina ya había confeccionado e incluyó copia. Además, porque se informa que de no contar el Gobierno Central con los fondos para cumplir con las exigencias de esa ley, debía proceder a reducir la jornada diaria de trabajo de sus empleados.

6. Que al ignorar la Agencia las disposiciones más beneficiosas de la Ley de Retribución Uniforme, y responsabilidad ministerial de mantener actualizada la escala de retribución del Departamento, actuó de forma ultra vires y en contravención a la ley de salario mínimo aplicable a los empleados Querellantes, pues éstos recibieron un trato injusto, ilegal y discriminatorio, con relación a los sueldos a que tienen derecho respecto a sus puestos y el sueldo que efectivamente se les ha pagado hasta el presente. En particular, porque como consecuencia directa del método de ajuste utilizado para la implantación del salario mínimo, los empleados Querellantes perdieron la posición jerárquica que les correspondía dentro del sistema de escalas establecido en el Departamento bajo la Ley de Retribución, y se les pagó ilegalmente el mismo salario que el recibido por el conserje y trabajador, a pesar de realizar funciones de más responsabilidad y complejidad. Por ende, se les privó del derecho garantizado por ley a recibir una compensación superior, en forma ascendente, a tono con las funciones que realizan y la jerarquía, niveles de responsabilidad y complejidad de sus respectivos puestos y que estuviera a tono con

el valor de su trabajo dentro del mercado de empleo.

7. Que la situación arriba descrita con el transcurso del tiempo se convirtió en más crítica, pues al entrar en vigor nuevos aumentos en el salario mínimo, se fueron afectando de la misma manera mayor número de empleados, con el resultado de que para 1996 llegaron a recibir el mismo salario del conserje, todos los empleados que estaban asignados hasta el nivel 19, en la escala retributiva, irrespectivamente de la complejidad de las funciones y responsabilidades asignadas a sus puestos.

8. Que aunque a 1996 el Departamento de la Familia adoptó tardíamente una nueva estructura de retribución que conformaba con el salario mínimo entonces vigente y restableció temporalmente la diferencia entre los distintos niveles, dicho Departamento no cumplió con los mecanismos establecidos en el Reglamento de Retribución, ni con las normas adoptadas por OCAP cuando practicó la asignación de los sueldos que le correspondía a los Querellantes resultando los empleados perjudicados.

9. Que la situación antes descrita constituyó un acto temerario, crasamente negligente, fraudulento y un enriquecimiento injusto, por los siguientes hechos:

A. Porque el Departamento de la Familia conocía que desde la fecha en que inicialmente implantó el salario mínimo se estaba beneficiando por los servicios prestados por los aquí Querellantes al no pagarles la justa compensación. Además, porque con su determinación se violaba las disposiciones del Artículo II, sección 16 de la Constitución del Estado Libre Asociado de Puerto Rico y la doctrina de "comparable worth", pues según se admite en el Memorando 5-94 de 3 de junio de 1994 de OCAP, dicho Departamento, como administrador individual, "debió tomar conocimiento, que no era procedente efectuar la asignación de las escalas, a las escalas correspondientes en el plan que quedó inoperante, pues cuando están las escalas por debajo del salario mínimo no se cumple con la política pública de proveer un trato justo y equitativo en la fijación de sueldos de los empleados".

B. Porque la actuación del Departamento ha sido temerariamente negligente al negarse a corregir su error y ha actuado de forma irrazonable al privar ilegalmente a los empleados Querellantes de los sueldos que les corresponden por ley, ignorando la norma establecida en nuestra jurisdicción desde hace más de 50 años y reiterada por el Honorable Tribunal Supremo en *Olazagasti vs. Eastern Sugar Ass.* 79 DPR 93 (1956), donde claramente se determinó que al aprobar el Congreso Federal la sección 218 de la Ley de Salario Mínimo Federal hizo patente su intención de impedir a los estados, que amparándose en la Ley de Normas Razonables del Trabajo pudieran bajar las normas de trabajo o beneficios más altos existentes en los estados o territorios.

C. Porque la Agencia violó intencionalmente la Ley Número 5 de 20 de noviembre de 1975 y la reglamentación adoptada por OCAP donde

claramente se le impone a las agencias del ELA, la obligación de implantar un programa de reducción de jornada de no contar con los fondos necesarios para implantar el salario mínimo. Máxime, cuando nada existe en esa Ley de donde se pueda inferir una dispensa.

D. Porque el Departamento de la Familia, sus agentes y representantes, tergiversaron y ocultaron deliberadamente a los empleados Querellantes y a otros empleados similarmente situados los derechos que tenían y les hicieron creer que no tenían reclamación legítima alguna contra la agencia, al utilizar como escudo el Memorando General 5-86 que OCAP publicó para facilitar el esquema fraudulento que pretendían implantar y con ello, evitar pagar el salario requerido, al dar la apariencia de que actuaban conforme a derecho, y con esto, evitar que se incoaran reclamaciones.

E. Porque se trata de un patrón de comportamiento, pues aún cuando el Departamento de la Familia conocía de antemano que entrarían en vigor nuevos aumentos en el salario mínimo volvió en septiembre de 1997 y septiembre del 2000, a violar la Ley al no actualizar la estructura retributiva para que armonizara con el salario mínimo. Por lo que perpetuó intencionalmente el sistema paralelo de pago al continuar practicando asignaciones de puestos a la escala inoperante, e impidiendo que la retribución de los Querellantes se administrara de manera justa y conforme a derecho.

F. Porque la Agencia ha mostrado total indiferencia y grave menosprecio respecto al cumplimiento de la ley, pues no existe justificación administrativa válida para que no hubiese tomado las medidas de rigor para corregir la situación por largo tiempo denunciada pues mantuvo a un significativo grupo de empleados asignados a escalas más altas y cuyas tareas son más complejas, devengando el mismo salario básico del conserje.

G. Porque en clara violación a la aplicación del salario mínimo y represalia, la Agencia también se negó a hacerles efectivos los aumentos generales concedidos a todos los empleados públicos mediante las Leyes Número 410 de 8 de octubre de 2000 y 413 de 21 de diciembre del 2000 y otros aumentos a que tenían derecho por sus servicios, en virtud de otras leyes especiales.

10. Que las actuaciones del Departamento de la Familia, según arriba descrito, viola la sección 760 (e) inciso (4) de la Ley de Retribución, pues cuando finalmente adoptó la nueva estructura revisada, eliminó más de tres escalas, en abierto menosprecio de la letra clara del estatuto de retribución.

11. Que la determinación del Departamento de la Familia al mantener inoperante la estructura de la retribución de la agencia por tiempo indefinido, violó de forma intencional los Artículos 1,2, y 9 de la Ley de Retribución Uniforme y las secciones 4.2, 4.4, 4.5, y 4.6 incisos (2), (3), (5) y (8), del Reglamento de

Retribución, entre las más importantes y que requiere asignar anualmente todas las clases de puestos dentro del servicio de carrera para mantener actualizada la estructura de retribución con el propósito lograr y mantener la equidad retributiva, ante la marcada diferencia de salarios entre el sector privado y las corporaciones públicas, *vis a vis* las agencias del sector público central, 3 L.P.R.A. sección 760 (d)(5).

12. Que la actuación del Departamento de la Familia también viola los derechos adquiridos de los Querellantes conforme a las disposiciones de la sección 4.4(3) del Reglamento de Retribución Uniforme que requiere y exige que los planes de retribución mantengan una correlación entre el valor relativo que se asigne a las escalas en los respectivos planes de clasificación y el valor monetario que se asigne a ésta mediante sueldos, para garantizar la política retributiva establecida de proveer un trato justo a los empleados.

13. Que la Agencia también violó el Reglamento de Retribución, en lo referente a la aplicación de las escalas de sueldo uniforme para aquellas clases de puestos que sean equivalentes para mantener una correlación entre el valor relativo que se asigne a las clases dentro la jerarquía, violando las secciones 4.2 y 4.4 del Reglamento de Retribución, pues se dejó de reconocer el valor relativo que tienen asignados los diferentes puestos dentro de la estructura de retribución.

14. Que la aprobación de la Ley 184, *supra*, igualmente incorporó la obligación del Departamento respecto a los planes de retribución decretando a su vez en su exposición de motivos que La retribución debe ser visualizada como una herramienta gerencial esencial para el logro de las metas y aspiraciones del gobierno, que a su vez, responde a los reclamos de un pueblo. A esos efectos, dicha Ley define la Clase o Clase de puesto como un grupo de puestos cuyos deberes, índole de trabajo, autoridad y responsabilidad sean de tal modo semejantes que puedan razonablemente denominarse con el mismo título; exigirse a sus ocupantes los mismos requisitos mínimos; utilizarse las mismas pruebas de aptitud para la selección de empleados; y **aplicarse la misma escala de retribución con equidad bajo condiciones de trabajo sustancialmente iguales.**

15. Que con la acción y omisión incurrida por la Agencia se dejó de compensar adecuadamente los empleados Querellantes, a tono con el justo valor por los servicios prestados, ya que no se tomó en consideración los niveles de responsabilidad y dificultad que envuelven los puestos que ocupan los Querellantes dentro de la jerarquía organizativa; el grado de discreción que se requiere en el descargo de los deberes y responsabilidades; los requisitos mínimos para el descargo de forma satisfactoria de los deberes de los puestos o el grado de dificultad de reclutamiento de empleados idóneos; las oportunidades de ascenso; las condiciones de trabajo en las diferentes clases de puestos; los sueldo que prevalecen el mercado de trabajo y el costo de vida; y la eficiencia y productividad individual de los empleados.

16. Que las acciones y omisiones de la Agencia constituyen una acción ilegal que ocasiona daños irreparables de carácter continuo a los Querellantes, pues le ha

menoscabado derechos adquiridos y el nivel de vida e ingresos que necesitan para su sustento básico.

- ***Eliminación pasos por méritos los pasos por mérito, productividad y años de servicio, y los aumentos generales***

17. Que como parte del esquema discriminatorio incoado por la Agencia mediante el mecanismo de ajuste salarial utilizado para implantar el salario mínimo, y a pesar de ser la Ley de Retribución Uniforme perfectamente armonizable, y en la misma fecha en que entra en aplicación el salario mínimo y sus enmiendas, en violación del debido proceso de ley, el Departamento de la Familia procedió a eliminar, en todo o en parte, los pasos por mérito, productividad y años de servicio, y los aumentos generales otorgados a los empleados Querellantes en virtud de las leyes especiales vigentes.

18. Que estando los diversos estatutos identificados en previamente extremadamente claros y libre de toda ambigüedad y tener el propósito al conceder los aumentos generales, el mejorar las condiciones de trabajo y los sueldos de los empleados beneficiados, y que éstos se concedieran y reconocieran de forma separada e independiente de las escalas, los mismos constituyen una compensación especial que no está sujeta a menoscabo, por constituir derechos adquiridos y por tanto, no agotan el margen salarial de la escala retributiva de los empleados.

19. Que mediante la aprobación de los aumentos generales otorgados a los Querellantes mediante las leyes especiales previamente identificadas, el legislador expresamente hizo reserva del fondo general para el pago de los mismos. Por lo que la Agencia actuó en forma ultra vires y contrario a derecho, y por tal razón, se reclama el pago de cualquier aumento y de todo aumento de paso o sueldo que no se haya efectuado a los Querellantes a tenor con las leyes arriba mencionadas.

20. Que bajo los mismos hechos operacionales se plantea que las determinaciones y omisiones incurridas por la Agencia se llevó a cabo "so color de autoridad", de forma arbitraria, ilegal e irrazonablemente, pues constituyó un abuso de discreción, y claro acto de represalia, según tipificado bajo la Sec. 215 de la Ley de Normas Razonables del Trabajo. También se plantea que dicho acto forma parte de un patrón de comportamiento, pues se repite cada vez que entra en aplicación nuevos aumentos en el salario mínimo, y porque persigue la privación de los derechos constitucionales de los Querellantes, según garantizados bajo estatutos federales y estatales.

21. Que los actos y omisiones de los demandados, según arriba descrito, también violan expresamente la sección 218 de la Ley de Normas Razonables del Trabajo que extiende y concede a los empleados la norma de mayor beneficio. En adición viola la Ley Número 115 de 20 de diciembre de 1991 al privar a los Querellantes del justo salario y valor real de sus servicios y beneficios adquiridos, y por haber tenido que recurrir ante los foros judiciales y administrativos para reclamar sus derechos.

22. Que los Querellantes han recibido un trato injusto, ilegal y discriminatorio en relación al salario que le corresponde por ley al dejarse inoperante la estructura de retribución en la agencia, y habérsele eliminado sin facultad de ley los pasos por mérito, por años de servicio activo, productividad y los aumentos legislativos previamente recibidos.

23. Que aunque está reconocido por nuestro ordenamiento que las actuaciones administrativas ilegales o incorrectas no crean derechos, y que el Departamento de la Familia posee la autoridad legal para corregir sus propios errores, según establecido en *Del Rey vs. JACL*, 107 DPR 348 (1978), dicha parte se ha negado a pagar las cantidades adeudadas a los Querellantes por concepto de todas las leyes que proveen para el pago de sueldos dejados de percibir. Por lo que los Querellantes poseen un interés especial en la presente reclamación debido a que se trata de la reclamación para el pago de compensación por servicios rendidos.

## C. PETICIÓN DE LOS QUERELLANTES:

a. Que se ordene al Departamento de la Familia a cumplir estrictamente con las disposiciones más beneficiosas provistas bajo las leyes aplicables a los Querellantes y se corrija cualquier posible inequidad en el sistema de pago utilizado para la implantación del salario mínimo, mediante la adopción de las estructuras retributivas que debieron implantarse en las fechas correspondientes, de forma que se le pague a cada querellante conforme el nivel jerárquico o tipo retributivo a que están asignados sus respectivos puestos y se les restituya los sueldos correspondientes al incremento porcentual que les fue ilegalmente retenido cuando dejó inoperante el Plan de retribución de esa agencia.

b. Se ordene el pago de cualquier otro aumento que no se les hubiese hecho efectivo a los Querellantes, conforme a las leyes y reglamentos aplicables.

c. Se determine el monto de los salarios adeudados a cada querellante y a los efectos se Ordene a la Agencia a preparar y producir las hojas de cómputo y liquidación preparadas por la División de Personal de la agencia, en la que se indiquen los años en que no se les pagó debidamente a los empleado.

d. Se concedan todos los remedios provistos por las disposiciones legales aplicables.

| # | Nombre | Dirección | Teléfono | Fecha | Puesto | Categoría | Núm. |
|---|---|---|---|---|---|---|---|
| | | Mar II Calle Arrecife F10 Santa Isabel PR | | | CRIANZA | | |
| 177) | Keila L. Monegro Huertas | Calle Korea #20 Rio Plantation Bayamón PR 00961 | (787) 247-4883 (787) 438-3006 (787)786-2749 | 16 de mayo de 2008 | TASF I Bayamón II | FAM-B | 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 |
| 178) | Kelymar Lorenzo Moreno | Postal: Reparto Minerva #6 Aguada PR 00602 Física: Villas de Sotomayor #28 Aguada PR 00602 | (787) 605-0579 (787) 868-4704 | 4 de septiembre de 2008 | TASF I Aguada | FAM-B | 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 |
| 179) | Kery A Orengo López | Urb San Augusto Calle a F-2 Guayanilla PR 00656 | (939) 579-0152 (939) 579-0135 | 15 de junio de 2008 | TASF I | FAM-B | 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 |
| 180) | Kritzia J. Lubasky Cabán | Postal: HC 02 Box 22295 Aguadilla PR 00676 Física: Bo. Palmar Aguadilla PR Carr 125 | (787) 597-2114 (787) 560-0496 | 14 de agosto de 2008 | TASF I Moca | FAM-B | 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 |
| 181) | Leida Ruiz Rodríguez | Postal: PO Box 1814, Trujillo Alto, PR 00977. Física: B-49 Carr. 175 Interior, Bo. Villa Margarita, Trujillo Alto, PR 00976 | (787) 449-4222 (787) 645-0028 | 17 de septiembre del 2003 | TSF II UIE San Juan | FAM-B | 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 |
| 182) | Leidaliz Rivera Ramos | Postal: RR 02 Box 4698 Añasco PR 00610 Física: Bo. Marías Sector el Salto, Carr 402 Km 1.9 Int Añasco PR | (787) 390-5883 (787) 826-4336 (787) 826-2126 | 1 de mayo de 2008 | TASF-I Añasco | FAM-B | 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 |
| 183) | Leslie J. Robles Acevedo | Urb. Jardines del Caribe Calle 36 GG38 Ponce PR 00728 Física: Calle Tabonuco Urb. Los Caobos Ponce PR | (787) 538-7276 (787) 310-1879 | 2004 | Coordinadora Auxiliar de Head Start Región Ponce | FAM-B | 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 |