# **EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, et al.,

Debtors.[1]

PROMESA Title III

Case No. 17-BK-3283-LTS

(Jointly Administered)

**[PROPOSED] AMENDED INTERIM CASE MANAGEMENT ORDER**

On July 24, 2019, the Court issued an *Order Regarding Stay Period and Mandatory Mediation* (Docket Entry No. 8244 in Case No. 17-3283, the "Stay Order") that stayed the adversary proceedings and contested matters identified in Appendix I of the Stay Order.[2]  Further, the Stay Order directed the parties in these Title III proceedings to enter into a period of mandatory mediation overseen by Chief Bankruptcy Judge Barbara J. Houser (the "Mediation Team

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    On October 28, 2019, the Court entered its *Order Granting Urgent Joint Motion of Oversight Board and AAFAF for Order Extending (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto* (Docket Entry No. 9016), pursuant to which the stay provided for in the Stay Order was extended until December 31, 2019.

Leader"). The Stay Order required the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), either on its own or through the Special Claims Committee (the "SCC"), as the Commonwealth's and PBA's sole representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") along with the movants or plaintiffs in each of the adversary proceedings and contested matters identified in Appendix I of the Stay Order (together, "Plaintiffs"), and certain defendants, respondents, and parties in interest that had appeared in such proceedings (the "Identified Parties")[3] to participate in discussions and communications facilitated by the Mediation Team Leader. Among other things, the Mediation Team Leader commenced those discussions to facilitate the filing of substantially agreed scheduling orders with respect to the adversary proceedings and contested matters filed by the Debtors against holders of general obligation bonds issued by the Commonwealth and holders of bonds guaranteed by the Commonwealth.[4]

The schedule set forth in this Interim Case Management Order governs the (i) claim objections that have been filed in the Commonwealth Title III case against the claims filed by holders of certain general obligation bonds issued by the Commonwealth and holders of certain bonds guaranteed by the Commonwealth (Docket Entry Nos. 4784 (holders of general obligation bonds issued in or after March 2012), 7057 (holders of general obligation bonds issued in 2011), and 8141 (holders of PBA bonds) in Case No. 17-3283 (collectively, the "Claim Objections")); (ii)

---

[3]  For clarity, a list of the Identified Parties is attached as Appendix A.

[4]  The Mediation Team Leader directed Plaintiffs and certain of the Identified Parties to draft and, if possible, jointly submit the proposed scheduling orders pursuant to the direction and oversight of the Mediation Team, however the Mediation Team expressly reserved the rights of all parties (including the drafters) to object to the proposed scheduling orders, including but not limited to this Interim Case Management Order.

solely to the extent that any defendant opts to voluntarily participate in any litigation concerning the Claim Objections, the adversary proceedings commenced by the SCC and the Official Committee of Unsecured Creditors (the "UCC")[5] (Adv. Pro. Nos. 19-281, 19 282, 19-283, 19-284, 19-285, 19-286, 19-287, and 19-288 (collectively, the "Clawback Litigation") and Adv. Pro. No. 280 (the "Underwriter Litigation")); and (iii) the adversary proceeding in the Commonwealth Title III case seeking a declaration that the PBA leases are not "true leases" subject to Section 365(d)(3) of the Code and that the PBA is not entitled to a priority administrative claim, Adv. Proc. No. 18-149 (the "PBA Adversary Proceeding"); and (iv) the adversary proceedings seeking a determination of, *inter alia*, the validity of these bondholders' asserted liens and, if such liens are valid, to avoid same (Adv. Proc. Nos. 19-291, 19-292, 19-293, 19 294, 19-295, 19-296, and 19-297, collectively the "GO Lien Challenges"). This document is being filed in all relevant Title III proceedings, relating to the respective adversary proceedings pending in each such proceeding.

Upon the *Interim Report and Recommendation of the Mediation Team filed by the Mediation Team Leader*, dated November 27, 2019, and the Court having found and determined that: (i) the Court has jurisdiction to consider the proposed Interim Case Management Order and the relief requested therein under PROMESA section 306(a); (ii) venue is proper before this Court pursuant to PROMESA section 307(a); (iii) the relief requested is in the best interests of the Debtors, their creditors, and other parties in interest; (iv) adequate and appropriate notice under the circumstances has been provided and that no other or further notice is required; (v) any objections to the relief requested herein having been overruled; and (vi) after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

---

[5]    The UCC is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

1.  **Claim Objections Schedule**—The following deadlines shall govern the litigation of the Claim Objections:

- Filing deadline for additional omnibus objections disputing the validity of claims related to general obligation bonds issued by the Commonwealth, bonds guaranteed by the Commonwealth, or bonds issued by the PBA[6] ("Future Claim Objections") and any amendments to the existing objections or notices of participation pending in the Claim Objections: January 8, 2020

- Federal Rule of Bankruptcy Procedure 7012 is hereby incorporated in the litigation of the Claim Objections and any Future Claim Objections. Accordingly, the Identified Parties, holders of challenged claims, and other interested parties (including defendants in the Clawback Litigation and Underwriter Litigation) may file motion(s) seeking dismissal under Federal Rule of Civil Procedure 12(b), in whole or in part, of one or more of the Claim Objections and any Future Claim Objections. For the avoidance of doubt, a party's failure to raise an argument in this Motion-to-Dismiss phase shall not preclude that party from raising the argument at subsequent stages of the proceeding unless the ruling on the Motion to Dismiss precludes such an assertion. The briefing schedule governing such motions is as follows:

    - Opening Brief(s) for the Identified Parties: February 5, 2020 at 5:00 p.m. (Atlantic Standard Time)

    - Opening Brief(s) for all other bondholders or interested parties (including defendants in the Clawback Litigation and Underwriter Litigation who opt to voluntarily participate in these proceedings, see *infra*): February 19, 2020 at 5:00 p.m. (Atlantic Standard Time)

    - Opposition Brief(s) for proponents of the Claim Objections and proponents of any Future Claim Objections: March 18, 2020 at 5:00 p.m. (Atlantic Standard Time)

---

[6]  Notwithstanding the filing deadline for Future Claim Objections established herein, the UCC reserves the right to join the Omnibus Conditional Objection of the Ad Hoc Group of General Obligation Bondholders to Claims Filed or Asserted by the PBA, Holders of PBA Bonds, and Holders of Certain Commonwealth GO Bonds (Docket Entry No. 6099 in Case No. 17-3283, the "Conditional Claim Objection") or to otherwise object (including by way of amendment) to claims based on PBA bonds in the event that, in the litigation of its GO Claim Objections, the Court dismisses the objections or issues any ruling that would allow or provide a basis for arguing that additional PBA bonds are invalid or that PBA bonds are invalid on grounds other than those asserted in the UCC's pending objections, including, without limitation, that, if the PBA is a "sham" or served as a mechanism to evade Puerto Rico's constitutional debt limit, the only bonds that should be invalidated are PBA bonds and/or that all PBA bonds are invalid.

- Reply Brief(s) for Identified Parties: April 8, 2020 at 5:00 p.m. (Atlantic Standard Time)

- Reply Brief(s) for all other bondholders or interested parties (including defendants in the Clawback Litigation): April 20, 2020 at 5:00 p.m. (Atlantic Standard Time)

- Hearing: April 30, 2020, at 10:00 a.m. (Atlantic Standard Time) in New York, with video connection to San Juan

- Clawback Litigation and Underwriter Litigation: Defendants in the Clawback Litigation and Underwriter Litigation may voluntarily opt to participate in these motion-to-dismiss proceedings. However, neither entry of this Interim Case Management Order nor the filing of briefs in connection with the motions to dismiss the Claim Objections shall constitute "termination of the Stay" for the purposes of paragraph 4 of the *Order Clarifying Effect of Prior Orders and Establishing Notice and Objection Process Regarding Disclosure of Confidential Information* (Docket Entry No. 8797 in Case No. 17-3283, the "Notice Order"). For the avoidance of doubt, the Clawback Litigation and Underwriter Litigation remain stayed absent further order of the Court and the Notice Order shall not be in any way amended by this Interim Case Management Order.[7]

- The *Joint Motion of Certain Adversary Defendants Seeking Entry of an Order Authorizing Participation in Determination of Constitutional Validity of Challenged Bonds* (Docket Entry No. 7747 in Case No. 17-3283, the "Underwriter Litigation Participation Motion"), filed by certain defendants to the Underwriter Litigation requesting to participate in certain litigation regarding the Claim Objections, is rendered moot upon entry of this Interim Case Management Order and is dismissed without prejudice to the re-filing thereof as warranted pursuant to further orders of this Court.

- Discovery: Absent further order of the Court, discovery in connection with Claim Objections and any Future Claim Objections shall be stayed; *provided, however*, that this stay of discovery shall not prohibit any party from voluntarily complying with discovery requests and shall not prohibit any party from seeking such agreements with respect to discovery requests.

2.      **PBA Adversary Proceeding Schedule**—The following deadlines shall govern the PBA Adversary Proceeding:

- Pending motion for judgment on the pleadings:

---

[7]    For the further avoidance of doubt: defendants to the Clawback Litigation may file notices of appearance and participate in these motion-to-dismiss proceedings, under pseudonym as otherwise permitted by the Notice Order.

- Opening and opposition briefs have already been filed.

- Reply brief(s): April 8, 2020 (or such other date as is subsequently set for Reply Brief(s) for Identified Parties with respect to the Claim Objections or any Future Claim Objections)

- Hearing: April 30, 2020 (or such other date as is subsequently set for a hearing with respect to Motions to Dismiss the Claim Objections or any Future Claim Objections)

- Absent further order of the Court, the remainder of the PBA Adversary Proceeding is stayed pending resolution of the motion for judgment on the pleadings. To the extent necessary, and absent further order of the Court, the litigation schedule following resolution of that motion, including the dates for fact and expert discovery, pretrial motions (including dispositive motions and motion(s) in limine), the joint pretrial report, proposed findings of fact and conclusions of law, the final conference, and trial, shall be determined at a later date based on whatever issues remain unresolved following the Court's decision on the motion for judgment on the pleadings.

3. 2. **GO Lien Challenges Schedule**—The following deadlines shall govern

the GO Lien Challenges:

- Motion(s) to Dismiss the GO Lien Challenges in whole or in part:

    - Opening Brief(s) for the Certain Interested Defendants[8] and the other Identified Parties listed on Appendix A (to the extent such other Identified Parties are defendants in the GO Lien Challenges, including as a result of intervention): February 5, 2020 at 5:00 p.m. (Atlantic Standard Time)

    - Opening Brief(s) for all other Defendants: February 19, 2020 at 5:00 p.m. (Atlantic Standard Time)

    - Opposition Brief(s) for Plaintiffs: April 3, 2020 at 5:00 p.m. (Atlantic Standard Time)

    - Reply Brief(s) for Certain Interested Defendants and the other Identified Parties listed on Appendix A (to the extent such other Identified Parties are defendants in the GO Lien Challenges,

---

[8] This term refers to the defendants listed in Exhibit B to the *Superseding Status Report of the Debtors and Alternative Proposed Case Management Orders of Debtors and Certain Defendants in Connection with Adversary Proceedings Numbers 19-291, 19-292, 19-293, 19-294, 19-295, 19-296, and 19-297* (Docket Entry 8083 in Case No. 17-3283 (July 17, 2019)).

including as a result of intervention): May 4, 2020 at 5:00 p.m.
(Atlantic Standard Time)

- Reply Brief(s) for all other Defendants: May 15, 2020 at 5:00 p.m.
(Atlantic Standard Time)

- Hearing: June 3 or 4, 2020, in connection with the June Omnibus
Hearing[9]

4.    3. To the extent that resolution of the applicable Motions to Dismiss does not result in dismissal of the Claim Objections, any Future Claim Objections, and the GO Lien Challenges, the remainder of the schedule for all unresolved Claim Objections, Future Claim Objections, and GO Lien Challenges shall be set by separate order of the Court following its ruling on the applicable Motions to Dismiss.

5.    4. In all instances, any party filing a brief must certify that it has taken reasonable efforts to avoid duplication and submit a brief that is no longer than necessary. The Court will not view favorably briefs that are unduly repetitious or that duplicate arguments made elsewhere.

6.    5. In all instances, both (i) the various Identified Parties in the Claim Objections and the Certain Interested Defendants in the GO Lien Challenges and (ii) the proponents of the Claim Objections (including parties who filed notices of participation in support of the Claim Objections) and Plaintiffs in the GO Lien Challenges shall, for issues on which their respective positions are aligned in any of the pleadings detailed in this Interim Case Management Order, use reasonable efforts to draft a single brief and coordinate to minimize duplicative briefs.

---

[9]    This argument date is subject to adjustment consistent with the following principles. Because of the potential of overlapping issues, the motion(s) to dismiss the GO Lien Challenges should, to the extent possible, be heard together with any motion(s) to dismiss any adversary proceedings in the Commonwealth or HTA Title III cases against holders of bonds issued by HTA, the Puerto Rico Convention Center District Authority ("CCDA"), or the Puerto Rico Infrastructure Financing Authority ("PRIFA") challenging liens and/or objecting to claims with respect to bonds issued by HTA, CCDA, or PRIFA.

Those parties shall include a certification in their briefs confirming that they have taken such efforts.

7.    6. All other bondholders and interested parties in the Claim Objections and Defendants in the GO Lien Challenges, with respect to any pleadings detailed in this Interim Case Management Order, shall certify to the Court that they have reviewed all briefs submitted by the Identified Parties or Certain Interested Defendants. Such other bondholders, interested parties, and Defendants may file additional briefs only if they raise issues unique or specialized to that party, or such additional brief otherwise raises an argument or issue not addressed in the briefs filed by the Identified Parties or Certain Interested Defendants. Absent further order of the Court, such additional briefs shall be limited to seven (7) pages.

8.    7. The Court may, by separate order, impose further limitations on the number and length of pleadings contemplated by this Interim Case Management Order.

9.    8. The Debtors shall serve any agency, department, or instrumentality of the United States in accordance with Rule 7004(b) of the Federal Rules of Bankruptcy Procedure.

10.    9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this Interim Case Management Order.

11.    10. This Interim Case Management Order shall be entered simultaneously in (i) each of the applicable adversary proceedings identified in Appendix I of the Stay Order, and (ii) each Title III case docket corresponding to applicable contested matters identified in Appendix I of the Stay Order. A list of such applicable proceedings and matters is attached as Appendix B.

12.    11. The Objection Notice annexed hereto as Appendix C and the Spanish translation thereof annexed hereto as Appendix D are hereby approved.

13.  ~~12.~~ The UCC shall cause Prime Clerk, within five (5) business days after December 31, 2019 (but not earlier), to serve copies of the Objection Notice and this Interim Case Management Order upon (a) all individuals and entities who filed proofs of claim that are reflected on Prime Clerk's database as "bond claims" against the Commonwealth, (b) all individuals and entities who submitted Notices of Participation in accordance with the *Order, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, Establishing Initial Procedures With Respect to Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Granting Related Relief* (Docket Entry No. 5143 in Case No. 17-3283), and (c) all individuals and entities who are beneficial holders of (i) the 2011 GO Bonds, (ii) the PBA Bonds, and/or (iii) the 2012 A GO Bonds, the 2012 B GO Bonds, or the 2014 GO Bonds (each as defined in the UCC's Omnibus Claim Objections referenced below) in the manner described in the *Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection Notice Upon Beneficial Holders of Challenged GO Bonds*, annexed as Exhibit A to the *Informative Motion of (I) Financial Oversight and Management Board, Acting Through the Special Claims Committee, and (II) The Official Committee of Unsecured Creditors Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of Challenged GO Bonds* (Docket Entry No. 5049 in Case No. 17-3283).

14.  ~~13.~~ The UCC shall cause the publication of a notice, substantially in the form of the Objection Notice, once in (a) *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico), (b) *Caribbean Business* in English (primary circulation in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d) *The Bond Buyer,* and (e) on the municipal bond website EMMA, https://emma.msrb.org/Home. With respect to all such publications except *Caribbean Business*, the publication shall occur within

fourteen (14) days after December 31, 2019 (but not earlier). With respect to *Caribbean Business*, the publication shall occur as promptly as possible after December 31, 2019 (but not earlier). The Oversight Board shall also cause the publication of a notice, substantially in the form of the Objection Notice, via PrimeClerk or on its own website. The above described publication notice shall be deemed good and adequate and sufficient publication of (i) the SCC and the UCC's Omnibus Claim Objection to the 2012-2014 GO Bonds (Docket Entry No. 4784 in Case No. 17-3283), (ii) the UCC's Omnibus Claim Objection to the 2011 GO Bonds (Docket Entry No. 7057 in Case No. 17-3283), and (iii) the UCC's Omnibus Claim Objection to the PBA Bonds (Docket Entry No. 8141 in Case No. 17-3283).

15. ~~14.~~ Within five (5) business days after December 31, 2019 (but not earlier), the FOMB, either on its own or through the SCC, shall cause this Interim Case Management Order to be served on all defendants in the Clawback Litigation, the Underwriter Litigation, and the GO Lien Challenges.

16. ~~15.~~ DTC shall give notice to its Participants of this Interim Case Management Order and the Objection Notice by posting a copy of said documents to its Legal Notification System in accordance with DTC's Rules and customary procedures within five business (5) days after December 31, 2019 (but not earlier).

SO ORDERED.


By:

## Appendix A – List of Identified Parties

- The Ad Hoc Group of Constitutional Debtholders

- The Ad Hoc Group of General Obligation Bondholders

- Ambac Assurance Corporation

- Assured Guaranty Corp. and Assured Guaranty Municipal Corp.

- Financial Guaranty Insurance Company

- Invesco/Oppenheimer Funds

- The Lawful Constitutional Debt Coalition

- National Public Finance Guaranty Corporation

- The QTCB Noteholder Group

**Appendix B – List of Applicable Adversary Proceedings and Contested Matters**

| | |
|---|---|
| Docket Entry No. 4784 in Case No. 17-3283 | *Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds* |
| Docket Entry No. 7057 in Case No. 17-3283 | *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rules 3007, to Claims Filed or Asserted by Holders of Certain 2011 Commonwealth General Obligation Bonds* |
| Docket Entry No. 8141 in Case No. 17-3283 | *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted Against Commonwealth by Holders of Certain Puerto Rico Public Buildings Authorities Bonds* |
| Adversary Proceedings | 19-AP-280; 19-AP-281; 19-AP-282; 19-AP-283; 19-AP-284; 19-AP-285; 19-AP-286; 19-AP-287; 19-AP-288; 19-AP-291, 19-AP-292, 19-AP-293, 19-AP-294, 19-AP-295, 19-AP-296, and 19-AP-297 |