ESTADO LIBRE ASOCIADO DE PUERTO RICO
SAN JUAN, PUERTO RICO

Boletín Administrativo Núm. 4308

ORDEN EJECUTIVA

PARA AUTORIZAR LOS DESEMBOLSOS PARA LOS GASTOS NECE-
SARIOS PARA EL SOSTENIMIENTO Y FUNCIONAMIENTO DEL
GOBIERNO Y PARA EL PAGO DE LA DEUDA PUBLICA DURANTE
EL AÑO FISCAL 1984-85

POR CUANTO: La Constitución del Estado Libre Asociado de Puerto Rico, auto-
riza, en su Artículo VI, Sección 6, al Gobernador a hacer los
desembolsos necesarios para el sostenimiento y funcionamiento
del Gobierno y el pago de la deuda pública cuando a la termina-
ción de un año económico no se hubieren aprobado las asignaciones
necesarias para los gastos de funcionamiento.

POR CUANTO: La Asamblea Legislativa del Estado Libre Asociado de Puerto Rico
al terminar su Cuarta Sesión Ordinaria de la Novena Asamblea, no
aprobó la Resolución Conjunta del Presupuesto General de Gastos,
ni aprobó otras asignaciones de alta prioridad e ineludibles
para el funcionamiento del Gobierno.

POR CUANTO: En la situación antes mencionada la propia Constitución dispone
en la referida Sección 6, que continuarán rigiendo las partidas
consignadas en las últimas leyes aprobadas para los mismos fines
y propósitos.

POR CUANTO: Se hace necesario reactivar y reajustar, según proceda, los
recursos consignados en todas aquellas leyes de asignación
aprobadas y que continuarán vigente durante el próximo año
fiscal (1984-85) y hasta que la Asamblea Legislativa de Puerto
Rico apruebe un presupuesto para dicho año fiscal.

POR CUANTO: La no aprobación del Presupuesto ni la aprobación de los esti-
mados de ingresos del Erario para el año fiscal 1984-85, le impone
una gran responsabilidad sobre la persona del Gobernador de Puerto
Rico respecto a los desembolsos, control y uso de los recursos del
Fisco.

POR CUANTO: La Oficina de Presupuesto y Gerencia en virtud de la Ley Núm. 147
del 18 de junio de 1980, es el organismo asesor y auxiliar para
ayudar al Gobernador en el descargue de sus funciones y responsa-
bilidades de dirección y administración. Con respecto a la admi-

nistración y control del presupuesto, el Gobernador podrá delegar sus facultades en el Director de la Oficina de Presupuesto y Gerencia de conformidad con dicha Ley Núm. 147.

POR TANTO: Yo, CARLOS ROMERO BARCELO, Gobernador del Estado Libre Asociado de Puerto Rico, en el ejercicio de las facultades que me confiere la Ley por la presente ordeno a la Oficina de Presupuesto y Gerencia que lleve a cabo los trámites requeridos y necesarios para efectuar los desembolsos necesarios para el sostenimiento y funcionamiento del Gobierno durante el próximo año fiscal 1984-85 y hasta que la Asamblea Legislativa apruebe un presupuesto, conforme a lo dispuesto a tal respecto por la Ley Núm. 147 de 18 de junio de 1980. Las funciones de la Oficina de Presupuesto y Gerencia las ejercerá bajo las siguientes normas y directrices:

Sección 1.- A tono con lo dispuesto en la Sección 6 del Artículo VI de la Constitución, se renueva la Resolución Conjunta del Presupuesto General correspondiente al año fiscal 1983-84. Las asignaciones consignadas en esta resolución se harán disponibles a la Rama Legislativa, la Rama Judicial y las distintas agencias y organismos de la Rama Ejecutiva, en todo lo que aplique y hasta las cantidades aprobadas, según sea necesario y conforme a los recursos disponibles, según Exhibit I, y la cual se hace formar parte de esta Orden Ejecutiva del Gobernador.

Sección 2.- A los fines de ejercer el debido control en el uso de los recursos, la Oficina de Presupuesto y Gerencia, al cumplir con las directrices otorgadas en la Sección 1, ejercerá la facultad que le confiere por delegación el Apartado E, inciso 1 del Artículo IV de la Ley Núm. 147 del 18 de junio de 1980, incluyendo a la Rama Legislativa y la Rama Judicial.

Sección 3.- Los desembolsos se autorizarán en aquellos detalles y en base a aquellas cuotas o períodos que la Oficina de Presupuesto y Gerencia determine razonable en base a la disponibilidad de los recursos del Fisco.

Sección 4.- Se harán disponibles, sujeto a los mecanismos que establezca la Oficina de Presupuesto y Gerencia, las asignaciones para el funcionamiento de programas autorizadas por resoluciones

especiales y, aquellas asignaciones que históricamente se han considerado autorrenovables conforme a la legislación en vigor que las origina.

Sección 5.- Se harán los desembolsos necesarios para mejoras permanentes provistas por legislación aprobada previamente, así como para mejoras permanentes para programas o proyectos de carácter contínuo, como los de mejoras a planteles escolares, facilidades de salud, recreativas, carreteras y otros.

Sección 6.- Se harán disponibles los recursos y se harán los desembolsos necesarios para sufragar durante el año fiscal 1984-85 el costo de los aumentos de sueldo a los empleados públicos, según aprobados por la Ley Núm. 84 del 4 de junio de 1983.

Sección 7.- Se harán los desembolsos necesarios para honrar las obligaciones contraídas por las Agencias en virtud de autorizaciones legislativas debidamente aprobadas mediante leyes o resoluciones anteriores; sean éstas para gastos de funcionamiento o para mejoras permanentes.

Sección 8.- Durante la vigencia de este Boletín Administrativo y de surgir cualquier situación imprevista de magnitud, el Director de la Oficina de Presupuesto y Gerencia ejercerá la facultad que le concede al Gobernador la Ley Núm. 147 de junio 18 de 1980, en el Apartado E, inciso 5 del Artículo IV.

Sección 9.- El Director de la Oficina de Presupuesto y Gerencia informará mensualmente al Gobernador sobre todo el cuadro fiscal presupuestario durante la vigencia de este Boletín Administrativo.

Sección 10.- Esta Orden empezará a regir el día 1ro. de julio de 1984.

EN TESTIMONIO DE LO CUAL, expido la presente bajo mi firma y hago estampar en ella el Gran Sello del Estado Libre Asociado de Puerto Rico, en la Ciudad de San Juan, hoy, día 30 de junio de A.D. mil novecientos ochenta y cuatro.

CARLOS ROMERO BARCELO

Promulgada de acuerdo con la ley, hoy día 30 de junio de 1984

CARLOS S. QUIROS
Secretario de Estado

# UN SISTEMA MODERNO DE RETRIBUCIÓN PARA EL SECTOR GUBERNAMENTAL

*Karin J. Robles Ramos* *

### Trasfondo histórico de la retribución en Puerto Rico

En Puerto Rico se han aprobado diversas leyes para proveer una mejor retribución a los empleados públicos. Estas leyes fueron elaboradas en un marco conceptual donde se consideraron las posibilidades fiscales del Gobierno, el desarrollo económico del país y las necesidades salariales de los empleados. La intención legislativa era lograr un balance entre la estabilidad económica del país y el bienestar social y económico de los trabajadores.

La normativa sobre la retribución en el sector público ha evolucionado a través de los años. El 12 de mayo de 1947, se aprobó la Ley Núm. 345, la cual establece un sistema de personal público basado en el mérito. Esta ley representó uno de los primeros esfuerzos de la Asamblea Legislativa de adoptar un plan de retribución integral. El

---

* La autora es estudiante de la Escuela Graduada de Administración Pública Roberto Sánchez Vilella. El artículo es una síntesis de su tesis de maestría "Propuesta de un sistema moderno de retribución para el sector gubernamental", presentada para obtener el grado de Maestro en Artes en Administración Pública de la Universidad de Puerto Rico, Recinto de Río Piedras.

estatuto estableció un plan uniforme para fomentar la equidad salarial, fundamentado en la evaluación de la naturaleza y la importancia de las funciones que el empleado público realizaba en su puesto. De igual forma, la Ley Núm. 111 del 8 de julio de 1974, revisó las escalas salariales e incorporó enfoques innovadores y mejoras en los mecanismos para la administración de un Plan de Retribución. La misma fue aprobada con anterioridad a la actual Ley Núm. 5 del 14 de octubre de 1975, conocida como la Ley de Personal del Servicio Público. Esto provocó que la ley no incluyera disposiciones relativas a las nuevas estructuras del Sistema de Personal. Por esa razón, se hizo imperativo aprobar una nueva Ley de Retribución armónica con la Ley de Personal, y que aplicara criterios uniformes de retribución a través de todo el nuevo Sistema de Personal. En 1979, la Ley de Retribución Uniforme (Ley Núm. 89 del 12 de julio de 1979) pasó a regir la normativa de los aspectos retributivos del país. Ésta fue creada en un marco legal en el cual se relacionaron, en términos retributivos, la antigua Oficina Central de Administración de Personal (OCAP), hoy conocida como la Oficina Central de Asesoramiento Laboral y de Administración de Recursos Humanos (OCALARH), y los Administradores Individuales.

Los propósitos fundamentales que enmarcaron el ámbito retributivo del sector gubernamental, a través de la Ley Núm. 89, fueron[1]:

- Establecer un sistema retributivo que permitiera la uniformidad, la equidad y la justicia en la fijación de los sueldos de todos los empleados del servicio público cubiertos por la Ley Núm.5.
- Establecer una mecánica fiscal que facilitara el reclutamiento y retención de personal más capacitado.
- Incorporar los elementos necesarios para conceder incentivos con arreglo a las posibilidades fiscales del Gobierno del Estado Libre Asociado de Puerto Rico y de cada Municipio.

---

[1] Ley de Retribución Uniforme, Ley Núm. 89 del 12 de julio de 1979, pág. 2.

La aprobación de la Ley 89 de 1979 causó varias innovaciones significativas que afectaron positivamente las estructuras salariales del país y que permitieron que ésta se atemperara con la Ley de Personal. Entre éstas:

- Se cambiaron los conceptos de Servicios por Oposición y Sin Oposición por los términos de Servicios de Carrera y de Confianza.
- Se crearon dos Planes de Retribución: uno de Carrera y otro de Confianza.
- Se facultó a la OCAP para que estableciera normas generales y aprobara los planes de retribución de los Administradores Individuales, inclusive el de los Municipios.
- Se aumentaron las escalas retributivas de un sueldo mínimo de $330 a $360 mensuales.
- Se aumentó el monto de los pasos en las primeras seis escalas de $10 a $12.[2]
- Se estableció que la paga por cualquier período de tiempo se calculara a base de la jornada regular de trabajo en vez de calcularse a base de los días calendarios del mes.
- Se incluyó el diferencial por conocimientos especializados y por interinatos con una duración mayor de tres meses.
- Se proveyó para que los empleados que no hayan recibido aumentos durante un período de cinco años, excepto los concedidos por ley, recibieran un aumento por el equivalente de un paso a menos que existiera una razón justificada para denegarlo.
- Se proveyó para la extensión de las escalas retributivas, conforme a la reglamentación que se estableciera.

---

[2] Escrito Adicional Comisión de Hacienda – P. de la C. 961, Informe al Senado de Puerto Rico, Historial Legislativo, 10 de junio de 1979. pág. 5-6.

- Se proveyó para establecer métodos complementarios de retribución para empleados de carrera o de confianza que ocuparan puestos de difícil reclutamiento o retención.[3]

El origen de las innovaciones mencionadas es el resultado de la evaluación del concepto retribución en término de factores como: los niveles de responsabilidad y complejidad de las funciones, las cualificaciones necesarias para el desempeño de las mismas, las dificultades existentes en el reclutamiento y retención de personal en las diferentes clases de puestos, las condiciones de trabajo, las oportunidades de ascenso existentes dentro de los planes de clasificación, los sueldos prevalecientes en diferentes sectores de la economía, los aspectos relativos a costos de vida y las posibilidades fiscales.

La Ley de Retribución Uniforme se desarrolló y evolucionó en un ambiente en el cual todos los procesos de personal estaban centralizados en OCALARH. Por tanto, la responsabilidad de OCALARH, hacia los Administradores Individuales, en cuanto al aspecto retributivo se puede resumir con los siguientes puntos:

- Emitir, a través de un reglamento, las normas generales sobre retribución que servirían de base para que los Administradores Individuales establecieran y administraran en forma separada sus propios planes de retribución para sus respectivos empleados de carrera y de confianza.
- Aprobar la determinación de la jerarquía o valor relativo entre las distintas clases de puestos, tanto de los planes para los puestos de carrera como para los de confianza.
- Aprobar la asignación y la reasignación de las clases de puestos, de los planes para los puestos de carrera y de confianza, a las escalas de retribución.
- Ofrecer asesoramiento y la ayuda técnica necesaria para el establecimiento y la administración de los planes de retribución.[4]

---

[3] Ibid., pág. 6.
[4] Ley de Retribución Uniforme, op. cit., pág. 4.

Al momento en que se le otorgaron a OCALARH estas funciones el gobierno no tenía la complejidad que tiene hoy día. Estas funciones sin embargo, se han tornado imprácticas en la medida en que el sector gubernamental se ha convertido en un sistema complejo, donde la centralidad en las transacciones de personal se ha reducido. Esto imposibilita a que OCALARH pueda conocer al detalle la realidad laboral existente en cada agencia y propicia que se desarrollen contradicciones entre los postulados que validaron la creación de la Ley Núm. 89 y los estatutos establecidos en la Ley de Personal del Servicio Público frente a la realidad práctica de ambas leyes. Veamos.

Por ejemplo en la Ley Núm. 5 se establece que el principio de mérito:

> ...persigue que todos los empleados públicos sean seleccionados, ascendidos, retenidos y tratados en términos de sus capacidades sin discrimen por razón de raza, color, sexo, nacimiento, edad, origen o condición social, ni por sus ideales políticos o religiosos. Es decir, el sistema de personal persigue alcanzar un trato justo y equitativo para todos los empleados públicos, de manera que sean los más aptos los que le sirvan al gobierno.[5]

Asimismo, la Ley de Personal considera de importancia trascendental que exista una relación directa entre la retribución y el principio de mérito:

> La retribución es una de las áreas necesarias para lograr un sistema de administración de personal moderno y balanceado y para facilitar la aplicación del principio de mérito.[6]

Por otro lado, la Ley Núm. 89 hace referencia a la necesidad de establecer un sistema retributivo que facilite el reclutar y retener al personal más idóneo:

> Se proveerá a los empleados del servicio público un tratamiento equitativo y justo en la fijación de los sueldos y demás formas de

---

[5] Ley de Personal del Servicio Público, conocida como Ley Núm. 5 del 14 de octubre de 1975, pág. 1.

[6] 120 D.P.R. 216 – Ortiz Ortiz vs. Departamento de Hacienda, pág. 5.

**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM BECAUSE THEIR RECORDS SHOW THAT YOUR CLAIM IS DEFICIENT.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|
| VELAZQUEZ ORTIZ, MARIA | 43763 | 5/29/2018 | Commonwealth of Puerto Rico | $9,000.00 |
| Reason: | \multicolumn{4}{l}{Proof of claim purports to assert liabilities associated with the Commonwealth of Puerto Rico, but fails to provide any basis or supporting documentation for asserting a claim against the Commonwealth of Puerto Rico, such that the Debtors are unable to determine whether claimant has a valid claim against the Commonwealth of Puerto Rico or any of the other Title III debtors} | | | |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO, PUESTO QUE LOS DATOS INDICAN QUE SU RECLAMO ES DEFICIENTE.**

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|---|---|---|---|---|
| VELAZQUEZ ORTIZ, MARIA | 43763 | 5/29/2018 | Commonwealth of Puerto Rico | $9,000.00 |
| Base para: | La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra el Estado Libre Asociado de Puerto Rico, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III. | | | |

Copies of the Omnibus Objection and all other filings in the Title III Cases are available free online at https://cases.primeclerk.com/puertorico. **If you have questions, please contact Prime Clerk LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available).**

Copias de la Objeción global, y todos los escritos radicados en el marco de las causas conforme al Título III, están disponibles, de manera gratuita, en https://cases.primeclerk.com/puertorico. **Si tiene alguna pregunta, comuníquese con Prime Clerk LLC llamando al (844) 822-9231 (número gratuito para Estados Unidos y Puerto Rico) o (646) 486-7944 (para llamadas desde el extranjero), disponible entre las 10:00 a.m. y las 07:00 p.m. (AST) (hablamos español).**