**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>No. 17 BK 3283-LTS<br><br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>-and-<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtors. | PROMESA<br>Title III<br><br><br><br>No. 17 BK 3283-LTS<br><br><br><br><br><br>No. 17 BK 3567-LTS |

**DRA PARTIES' UNOPPOSED URGENT MOTION FOR LEAVE TO EXCEED PAGE LIMIT WITH RESPECT TO OMNIBUS REPLY IN SUPPORT OF DRA PARTIES' PARTICIPATION MOTIONS [CASE NO. 17-3283, DKT. NO. 10835], [ADV. PROC. NO. 20-00007, DKT. NO. 14], [ADV. PROC. NO. 20-00005, DKT. NO. 11]**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

1

4160-7253-2003

To the Honorable United States District Judge Laura Taylor Swain:

AmeriNational Community Services, LLC (hereafter the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018 and the approved Qualifying Modification for the Government Development Bank for Puerto Rico[2] under Title VI of the *Puerto Rico Oversight, Management and Economic Stability Act* (the "Collateral Monitor" and with the Servicer, the "DRA Parties"), by and through the undersigned legal counsel, hereby file this unopposed urgent motion (the "Urgent Motion")[3] requesting entry of an order, substantially in the form attached hereto as Exhibit A, allowing the DRA Parties to file an omnibus reply in support of their Participation Motions (as defined herein) in excess of the fifteen-page limit set forth in the *Tenth Amended Notice, Case Management and Administrative Procedures* [Dkt. No. 8027-1] (the "Case Management Procedures").[4] In support of this Urgent Motion, the DRA Parties respectfully state as follows.

## JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to Section 306(a) of PROMESA. Venue is proper pursuant to Section 307(a) of PROMESA.

---

[2] *See* Dkt. No. 270 of Civil Case No. 18-01561 (LTS).

[3] The DRA Parties have filed identical urgent motions in Adv. Proc. Nos. 20-00007 and 20-00005.

[4] Unless otherwise specified, all docket entries referenced herein shall pertain to Case No. 17-3283-LTS.

2

**BASIS FOR RELIEF REQUESTED**

2. On February 11, 2020, the DRA Parties filed three substantially similar motions to participate and/or intervene with respect to (i) the *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection* (the "Monolines' Amended Lift Stay Motion") [Dkt. No. 10102], (ii) Adv. Proc. No. 20-00007 (the "Lien Stripping Adversary Proceeding"), and (iii) Adv. Proc. No. 20-00005 (the "Clawback Adversary Proceeding"). *See* Dkt. No. 10835 (the "Lift Stay Participation Motion"); Adv. Proc. No. 20-00007, Dkt. No. 14 (the "Lien Stripping Participation Motion"); Adv. Proc. No. 20-00005, Dkt. No. 11 (the "Clawback Participation Motion," and, together with the Lift Stay Participation Motion and the Lien Stripping Participation Motion, the "Participation Motions"). Notwithstanding the significant overlapping factual background and arguments made therein, the DRA Parties filed three separate Participation Motions—rather than one combined motion—because the motions pertain to three separate proceedings and thus required separate filings as a matter of procedure. *See, e.g.*, Lift Stay Participation Motion at 2 n. 3.

3. On February 18, 2020, Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company (collectively, the "Monolines") filed objections to (i) the Lift Stay Participation Motion [Dkt. No. 11126], (ii) the Lien Stripping Participation Motion [Adv. Proc. No. 20-00007, Dkt. No. 21], and (iii) the Clawback Participation Motion [Adv. Proc. No. 20-00005, Dkt. No. 18] (collectively, the "Monolines' Objections"). Like the three Participation Motions, the three corresponding Monolines' Objections are substantially similar to

3

each other but were filed on each of the three dockets for procedural reasons. *See, e.g.*, Dkt. No. 11126 at 1 n. 2.

4. Also on February 18, 2020, the FOMB filed an objection to the Lien Stripping Participation Motion on behalf of HTA [Adv. Proc. No. 20-00007, Dkt. No. 23] and an objection to the Clawback Participation Motion on behalf of the Commonwealth [Adv. Proc. No. 20-00005, Dkt. No. 17] (collectively, the "FOMB's Objections"). The FOMB's Objections are also substantially similar to each other but were filed on the dockets of both adversary cases for procedural reasons.

5. Pursuant to the Case Management Procedures, "[u]nless prior permission has been granted, . . . memoranda of law in support of Replies are limited to fifteen (15) pages." Case Management Procedures § I.E. The DRA Parties respectfully request that they be allowed to exceed the fifteen-page limit set forth in the Case Management Procedures for memoranda of law in support of replies and instead be allowed to file one omnibus memorandum of law in support of each of the Participation Motions of no more than 25 pages, exclusive of the cover page, tables of contents and authorities, signature pages, exhibits, and the certificate of service.

6. The DRA Parties plan to file a substantially similar omnibus memorandum of law in support of each of the Participation Motions will be filed in (i) Case Nos. 17-3283-LTS and 17-3567-LTS with respect to the Lift Stay Participation Motion, (ii) the Lien Stripping Adversary Proceeding with respect to the Lien Stripping Participation Motion, and (iii) the Clawback Adversary Proceeding with respect to the Clawback Participation Motion. The DRA Parties submit that this approach of filing three substantially similar briefs, as opposed to three individually targeted briefs, is more efficient, best preserves judicial resources, and is consistent

4

with this Court's prior directives to avoid filing unduly repetitious briefs and raising duplicative arguments.

7. However, to adequately respond to all arguments raised in the Monolines' Objections and the FOMB's Objections in an omnibus fashion, the DRA Parties will require more than the fifteen pages permitted under Section I.E of the Case Management Procedures.

8. The DRA Parties have conferred with counsel to the Monolines and the FOMB, who have indicated that the Monolines and the FOMB do not oppose the relief sought in this Urgent Motion.

9. Accordingly, the DRA Parties respectfully request authorization to file an omnibus reply in support of their Participation Motions and in response to the Monolines' Objections and FOMB's Objections of no more than 25 pages, exclusive of the cover page, tables of contents and authorities, signature page, exhibits, and certificate of service. The DRA Parties submit that this request is reasonable and appropriate in light of the circumstances described above.

## NOTICE

10. Notice of this Urgent Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the U.S. Attorney for the District of Puerto Rico; (iii) AAFAF; (iv) FOMB; (v) the Official Committee of Unsecured Creditors; (vi) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; (vii) the Monolines; and (vii) all parties that have filed a notice of appearance in the above-captioned Title III cases.

## CERTIFICATION

11. In accordance with Section I.H. of the Case Management Procedures, the undersigned counsel certify that they have engaged in reasonable, good-faith communications with counsel for the Monolines and the FOMB, and counsel for the Monolines and the FOMB do not oppose the relief requested in this Urgent Motion. As required by Local Bankruptcy Rule 9013-1(a)(2), the undersigned counsel certify that counsel has carefully examined the matter and concluded that there is a true need for expedited consideration of the Urgent Motion, and that the undersigned counsel have not created the urgency through lack of due diligence on their part.

## NO PRIOR REQUEST

12. No prior request for the relief requested herein has been made by the DRA Parties to this or to any other court.

WHEREFORE, the DRA Parties respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit A granting the relief requested herein and granting such other relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today February 24, 2020.

4160-7253-2003

<div style="display: flex;">

<div>

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5632
Facsimile: 787-759-9225

By: /s/*Arturo J. García-Solá*
Arturo J. García-Solá
USDC No. 201903
Email: ajg@mcvpr.com

By: /s/*Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com

***Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority***

</div>

<div>

**C. CONDE & ASSOC. LAW OFFICES**

By: /s/ *Carmen D. Conde Torres*

Carmen D. Conde Torres
(USDC No. 207312)
254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel. 787-729-2900
Fax. 787-729-2203
E-Mail: condecarmen@condelaw.com

-*and*-

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: /s/ *Douglas S. Mintz*
Douglas S. Mintz (admitted pro hac vice)
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
E-mail: dmintz@orrick.com

and

Laura Metzger (admitted pro hac vice)
Peter Amend (admitted pro hac vice)
Monica Perrigino (admitted pro hac vice)
51 West 52nd Street
New York, N.Y. 10019
Telephone: (212) 506-5000
E-mail: lmetzger@orrick.com
pamend@orrick.com
mperrigino@orrick.com

***Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority***

</div>

</div>

4160-7253-2003

## Exhibit A

**Proposed Order**

4160-7253-2003

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>-and-<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtors. | PROMESA<br>Title III<br><br><br><br>No. 17 BK 3283-LTS<br><br><br><br>No. 17 BK 3567-LTS |

**[PROPOSED] ORDER ON DRA PARTIES' UNOPPOSED URGENT MOTION FOR LEAVE TO EXCEED PAGE LIMIT WITH RESPECT TO REPLY IN SUPPORT OF**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

1

**DRA PARTIES' PARTICIPATION MOTIONS [CASE NO. 17-3283, DKT. NO. 10835], [ADV. PROC. NO. 20-00007, DKT. NO. 14], [ADV. PROC. NO. 20-00005, DKT. NO. 11]**

Upon consideration of the *DRA Parties' Unopposed Urgent Motion for Leave to Exceed Page Limit with Respect to Reply in Support of DRA Parties' Participation Motions [Case No. 17-3283, Dkt. No. 10835], [Adv. Proc. No. 20-00007, Dkt. No. 14], [Adv. Proc. No. 20-00007, Dkt. No. 11]* (the "Urgent Motion"),[2] seeking leave allowing the DRA Parties to file an omnibus reply in support of their Participation Motions in excess of the fifteen-page limit set forth in the Case Management Procedures, the Court hereby FINDS AND DETERMINES that (i) the Court has jurisdiction to consider the Urgent Motion and the relief requested therein pursuant to Section 306(a) of PROMESA; (ii) venue is proper before this Court pursuant to Section 307(a) of PROMESA; (iii) the relief requested in the Urgent Motion is proper and in the best interest of the Title III debtors, their creditors, and other parties in interest; and (iv) due and proper notice of this Urgent Motion has been provided under the particular circumstances and no other or further notice need be provided. Accordingly, it is hereby ORDERED THAT:

1. The Urgent Motion is GRANTED as set forth herein.

2. The DRA Parties may exceed the fifteen-page limit set forth in the Case Management Procedures by filing an omnibus reply in support of their Participation Motions of no more than 25 pages, exclusive of the cover page, tables of contents and authorities, signature page, exhibits, and the certificate of service.

3. The DRA Parties shall not be prejudiced from seeking further relief of the page limit set forth in the Case Management Procedures should the DRA Parties determine the need to request additional relief.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Urgent Motion.

4160-7253-2003

    4.       The Court shall retain jurisdiction to hear and determine all matters arising from the implementation and interpretation of this Order.

SO ORDERED

Dated: February ___, 2020
       San Juan, Puerto Rico

                                   _____
                                   HONORABLE LAURA TAYLOR SWAIN
                                   United States District Judge

4160-7253-2003