> **IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM BECAUSE THEIR RECORDS SHOW THAT YOUR CLAIM IS DEFICIENT.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|
| RAQUEL PERDOMO, ANA | 144647 | 6/28/2018 | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | $0.00 |
| Reason: | Proof of claim purports to assert liabilities associated with the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, but fails to provide any basis or supporting documentation for asserting a claim against the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, such that the Debtors are unable to determine whether claimant has a valid claim against the Employees Retirement System of the Government of the Commonwealth of Puerto Rico or any of the other Title III debtors | | | |

> **SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO, PUESTO QUE LOS DATOS INDICAN QUE SU RECLAMO ES DEFICIENTE.**

| NOMBRE | N.° DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|---|---|---|---|---|
| RAQUEL PERDOMO, ANA | 144647 | 6/28/2018 | Employees Retirement System of the Government of the Commonwealth of Puerto Rico | $0.00 |
| Base para: | La evidencia de reclamación tiene la intención de formular las responsabilidades asociadas con el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, pero no proporciona los fundamentos ni la documentación de respaldo para formular una reclamación contra dicho sistema, de manera que los Deudores no pueden determinar si el reclamante tiene una reclamación válida contra el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico o cualquiera de los otros deudores en virtud del Título III. | | | |

Copies of the Omnibus Objection and all other filings in the Title III Cases are available free online at https://cases.primeclerk.com/puertorico. If you have questions, please contact Prime Clerk LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available).

Copias de la Objeción global, y todos los escritos radicados en el marco de las causas conforme al Título III, están disponibles, de manera gratuita, en https://cases.primeclerk.com/puertorico. Si tiene alguna pregunta, comuníquese con Prime Clerk LLC llamando al (844) 822-9231 (número gratuito para Estados Unidos y Puerto Rico) o (646) 486-7944 (para llamadas desde el extranjero), disponible entre las 10:00 a.m. y las 07:00 p.m. (AST) (hablamos español).

000311



Estado Libre Asociado De Puerto Rico

**DEPARTAMENTO DE CORRECCION Y REHABILITACION**

# CERTIFICACIÓN ENMIENDA DE ANTIGÜEDAD EN EL SERVICIO PÚBLICO

La Oficina de Administración de Recursos Humanos de la Administración de Corrección certifica que de acuerdo a la evidencia fehaciente presentada por **Ana R. Perdomo Claudio**, número de identificación en reclamación a la antigüedad en el servicio público desde su nombramiento el 2 de enero de 2001 hasta el 17 de abril de 2009, es de **8** años con **3** meses y **15** días.

Certifico correcto a petición de la Junta de Reestructuración y Estabilización Fiscal (JREF) y la Oficina de Gerencia y Presupuesto (OGP), el día 14 de julio de 2009, en San Juan, Puerto Rico.

Lcdo. Agustín Montañez Allman
Secretario Auxiliar de
Administración y Gerencia

ACC/WLT/nlm

c. f.:   Empleado

Apartado 71308 • San Juan, Puerto Rico 00936
Tel. (787) 775-0020 / 775-0060 / 273-6464 - Fax (787) 749-0470

# FOLLETO INFORMATIVO LEY NÚM. 96
# PÉRDIDA DE PROPIEDAD Y DE FONDOS PÚBLICOS

## INTRODUCCIÓN

Los funcionarios principales de cada entidad gubernamental son responsables del cuidado, la protección, la conservación y el uso adecuado de los bienes públicos bajo su dominio, control o custodia. Esta responsabilidad exige la aprobación de reglamentos internos para regir los procesos relativos a este deber conforme a las leyes aplicables. Estas leyes varían entre las diferentes ramas de Gobierno[1]. Además, cada entidad también tiene la responsabilidad de establecer los controles adecuados para proteger los fondos bajo su dominio, control o custodia.

Sin embargo, existe una ley relacionada con el uso de la propiedad y de los fondos públicos, que es de aplicación a todas las ramas del Gobierno. La **Ley Núm. 96 de 26 de junio de 1964**, según enmendada, que añadió el **Artículo 74-A al Código Político de 1902**, dispone que toda agencia debe notificar a la Oficina del Contralor de Puerto Rico en un término establecido, toda pérdida o irregularidad en el manejo de los fondos o de los bienes públicos. Además, dicho **Artículo** dispone para la imposición de multas por el incumplimiento con las disposiciones de la **Ley** y otros aspectos de notificación.

Es necesario el cumplimiento estricto con las disposiciones estatutarias y reglamentarias promulgadas por el Departamento de Justicia y por esta Oficina para salvaguardar la propiedad del Gobierno. La notificación no sólo comprende pérdidas de mayor cuantía, sino también la disposición ilegal de objetos de menor cuantía cuya sustracción erosiona el tesoro y la capacidad económica del Estado.

De igual modo, el personal de las agencias debe estar atento al cumplimiento con los requisitos y las responsabilidades en la administración de los fondos y de la propiedad establecidos en la **Ley Núm. 230 de 23 de julio de 1974, Ley de Contabilidad del Gobierno de Puerto Rico**, según enmendada, y con la reglamentación creada en virtud de ésta por el Departamento de Hacienda. Así también, el personal de los municipios debe estar atento al cumplimiento con los requisitos y las responsabilidades establecidas en la **Ley Núm. 81 de 30 de agosto de 1991, Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991**, según enmendada, y con los reglamentos correspondientes. Exhortamos a nuestros compañeros en el servicio público a familiarizarse y conocer estas leyes y reglamentos, de forma tal que su desempeño como custodios del erario sea de orgullo para toda la ciudadanía.

---

[1] Véase el folleto informativo **Uso, Control y Contabilidad de la Propiedad**, de septiembre de 2006, publicado por la Oficina del Contralor de Puerto Rico

1

### ¿QUÉ DISPONE LA LEY NÚM. 96?

La **Ley Núm. 96** impone a las entidades gubernamentales el deber ministerial de informar a la Oficina del Contralor de Puerto Rico cualquier violación de ley o irregularidad relacionada con los fondos o los bienes públicos. En dicha **Ley** se dispone el modo de proceder de toda agencia del Estado Libre Asociado de Puerto Rico cuando determine que cualquiera de sus funcionarios o empleados está al descubierto en sus cuentas, no ha rendido cuenta cabal, ha dispuesto de los fondos o de los bienes públicos para fines no autorizados por ley, o que cualquiera de sus funcionarios o empleados, o persona particular sin autorización legal ha usado, destruido, o dispuesto, o se ha beneficiado de los fondos o de los bienes públicos bajo el dominio, control o custodia de la agencia. Además, se establecen los casos en que la notificación se debe hacer al Departamento de Justicia.

### ¿A QUIÉN APLICA?

Las disposiciones de la **Ley Núm. 96** son aplicables a todos los departamentos, las agencias y las instrumentalidades de las tres ramas del Gobierno, incluyendo los municipios, las corporaciones municipales especiales y los consorcios. El término "instrumentalidades" comprende toda corporación pública y sus subsidiarias, o cualquier entidad gubernamental que tenga personalidad jurídica propia creada en virtud de ley.

### ¿QUÉ CONSTITUYE PÉRDIDA?

- Cuentas al descubierto (sobregiros o dinero faltante)
- Desvío de los fondos o de los bienes públicos
- Disposición o uso de la propiedad y de los fondos públicos sin autoridad en ley o reglamento
- Menoscabo o destrucción de bienes

### ¿CUÁLES SON LAS CAUSAS MÁS COMUNES?

- Negligencia u omisión en el desempeño del deber
- Pago o uso indebido de la propiedad y de los fondos públicos
- Apropiación ilegal
- Falta de controles y supervisión
- Falta de segregación adecuada de funciones
- Robo o escalamiento
- Accidentes

### ¿CÓMO SE PUEDE CONTROLAR LA PÉRDIDA?

- Documentando toda transacción, tanto interna como externa, sobre los fondos y los bienes públicos
- Adoptando controles uniformes y adecuados sobre el uso, la transferencia y la disposición de equipo y materiales
- Manteniendo un inventario actualizado y realizando cotejos periódicos
- Segregando funciones conflictivas

- Supervisando adecuadamente
- Capacitando a los funcionarios y empleados sobre sus funciones y responsabilidades
- Adoptando medidas de seguridad y de control de acceso

### ¿CUÁNDO EXISTE RESPONSABILIDAD?

Cuando la pérdida es el resultado de la acción o la omisión intencional o negligente de un funcionario o empleado público, en el uso o la disposición de la propiedad y de los fondos públicos.

### ¿QUIÉN ES RESPONSABLE DE NOTIFICAR UNA PÉRDIDA?

El funcionario o empleado es responsable de informar al Oficial de Enlace de la entidad tan pronto se detecte la pérdida o la irregularidad. Luego de realizada la investigación, el Oficial de Enlace es responsable de notificar a la Oficina del Contralor de Puerto Rico.

### ¿POR QUÉ HAY QUE NOTIFICAR?

Es un requisito que establece la **Ley Núm. 96** y su incumplimiento conlleva consecuencias y multas administrativas

### ¿HAY EXCEPCIONES A LA NOTIFICACIÓN?

La **Ley Núm. 96** no establece excepción alguna. De hecho, obliga a notificar en los casos en los que los bienes han sido restituidos.

### ¿CON QUÉ PROPÓSITO SE INVESTIGA PREVIO A LA NOTIFICACIÓN?

- Cumplir con la **Ley Núm. 96**.
- Determinar las causas y las circunstancias en las que se produjo la pérdida.
- Identificar al autor de los hechos.
- Cuantificar adecuadamente la pérdida.
- Determinar el grado y la naturaleza de la responsabilidad, ya sea penal, civil o administrativa
- Ordenar las sanciones y las acciones que procedan contra los funcionarios o los empleados causantes de la pérdida.
- Recobrar los fondos o los bienes perdidos.
- Tomar las medidas necesarias para corregir lo que produjo la pérdida.

## ¿A CUÁLES ENTIDADES GUBERNAMENTALES HAY QUE NOTIFICAR?

- **Oficina del Contralor de Puerto Rico.** (Ver el **Reglamento Núm. 41, Notificación de Pérdida e Irregularidad en el Manejo de los Fondos o Bienes Públicos a la Oficina del Contralor de Puerto Rico**, aprobado el 20 de junio de 2008, y la **Carta Circular OC-09-06 del 22 de julio de 2008**.)

  ¿Qué se notifica?

  Situaciones en las cuales cualquier funcionario o empleado público está al descubierto en sus cuentas, no ha rendido cuenta cabal, o ha dispuesto de los fondos o de los bienes públicos para fines no autorizados por ley, o que cualquier persona sin autorización legal ha usado, destruido, o dispuesto, o se ha beneficiado de los fondos o los bienes públicos. La notificación se hace independientemente de la causa de la pérdida, de la cuantía o de que haya habido o pueda haber la restitución de los fondos o de los bienes públicos.

  ¿Cómo se notifica?

  Mediante el formulario vigente provisto por la Oficina del Contralor de Puerto Rico o por cualquier otro medio, incluyendo electrónico, que el Contralor autorice mediante carta circular.

  ¿Cuándo y a quién se notifica?

  El Oficial de Enlace deberá notificar la pérdida o la irregularidad en el manejo de los bienes o de los fondos públicos, dentro de un término no mayor de diez (10) días laborables, contados a partir de la determinación por parte de la entidad gubernamental a esos efectos. Para llegar a esta determinación, la entidad gubernamental realizará una investigación, que no excederá los veinte (20) días desde que se detecte la pérdida o la irregularidad. Esto, con el propósito de verificar si existe prueba suficiente para determinar que hubo tal pérdida o irregularidad.

  El Ejecutivo principal certificará bajo juramento, no más tarde del 31 de agosto de cada año, que ha notificado todas las pérdidas o las irregularidades en el manejo de los fondos o de los bienes públicos bajo el control o la custodia de la agencia, ocurridas durante el año fiscal. Esto, en cumplimiento con las disposiciones del **Reglamento Núm. 41**.

- **Departamento de Justicia**

  ¿Qué se notifica?

    - Toda pérdida que alegadamente resulte de un delito, conforme a la investigación realizada por la entidad gubernamental.
    - Toda pérdida mayor de $5,000.
    - El incumplimiento del funcionario o empleado público responsable de la pérdida o la disposición indebida de los bienes y de los fondos públicos con las acciones o las sanciones impuestas por la entidad gubernamental.

4

**¿Cómo se notifica?**

Mediante referido, conforme se establece en la **Carta Circular Núm. 97-03 del 6 de junio de 1997**, y la **Carta Circular Núm. 01 del 6 de mayo de 1994**, del Departamento de Justicia.

**¿Cuándo se notifica?**

- Inmediatamente que se detecte la pérdida.
- Cuando no se logra el cumplimiento de las sanciones impuestas al funcionario o empleado.

- **Departamento de Hacienda**

    **¿Cómo se notifica?**

    - Conforme a lo dispuesto en la **Carta Circular Núm. 1300-24-08 del 30 de enero de 2008** del Departamento de Hacienda.

- A la **Oficina de Ética Gubernamental de Puerto Rico**, en el caso de funcionarios o empleados de la Rama Ejecutiva.

    **¿Qué se notifica?**

    Cualquier acto en que un funcionario o empleado público utilice la propiedad o los fondos públicos para obtener directa o indirectamente beneficios no permitidos por ley para:

    - El propio funcionario o empleado público
    - Algún miembro de la unidad familiar[2] del funcionario o empleado público
    - Cualquier otra persona, negocio o entidad

## HALLAZGOS MÁS COMUNES DETERMINADOS EN LAS AUDITORÍAS

La experiencia de la Oficina del Contralor de Puerto Rico en los procesos de auditorías demuestra que no se cumple a cabalidad con las disposiciones de la **Ley Núm. 96**. Prueba de ello son los hallazgos que se incluyen en los informes de auditoría emitidos por esta Oficina. Entre los hallazgos más comunes se encuentran los siguientes:

- No se notifica la pérdida.
- No se notifica a tiempo.
- No se realizan las investigaciones administrativas exigidas por ley.
- No se precisa la pérdida y la cuantía en la notificación.

---

[2] El **Artículo 1.2(g) de la Ley de Ética Gubernamental** dispone que el término "unidad familiar" incluye al cónyuge del funcionario o empleado público, a los hijos dependientes de éste, o aquellas personas que comparten con el servidor público su residencia legal, o cuyos asuntos financieros están bajo el control *de iure* o *de facto* del funcionario o empleado público.

5

Además, se encuentran otros hallazgos sobre el uso y control de los fondos o de los bienes públicos. Entre ellos, los siguientes:

- Sobregiros
- Falta de controles
- Conflicto de intereses
- Concentración de funciones

## DISPOSICIONES LEGALES RELEVANTES

Las disposiciones contenidas en la **Ley Núm. 96** están enmarcadas en dos preceptos constitucionales básicos. Uno establece cómo se puede disponer de los fondos del Estado Libre Asociado de Puerto Rico, y el otro impone a los servidores públicos la obligación de conformar su conducta a nuestro ordenamiento jurídico, esto es dentro de un marco de legalidad. Además, dichas disposiciones guardan estrecha relación, con otros preceptos legales, los cuales indicamos adelante.

- **Constitución del Estado Libre Asociado de Puerto Rico**

    **Artículo VI, Sección 9** - *Sólo se dispondrá de las propiedades y fondos públicos para fines públicos y para el sostenimiento y funcionamiento de las instituciones del Estado, y en todo caso por autoridad de ley.*

    **Artículo VI, Sección 16** - *Todos los funcionarios y empleados del Estado Libre Asociado, sus agencias, instrumentalidades y subdivisiones políticas prestarán, antes de asumir las funciones de sus cargos, juramento de fidelidad a la Constitución de los Estados Unidos de América y a la Constitución y a las leyes del Estado Libre Asociado de Puerto Rico.*

- **Ley de Contabilidad del Gobierno de Puerto Rico, Ley Núm. 230 de 23 de julio de 1974, según enmendada**

    **Artículo 9(g)** - *Los jefes de las dependencias o sus representantes autorizados serán responsables de la legalidad, exactitud, propiedad, necesidad y corrección de todos los gastos que sometan para pago al Secretario o a un pagador debidamente nombrado por el Secretario. Responderán, además, al gobierno, con sus fondos o bienes personales, por cualquier pago ilegal, impropio o incorrecto, que el Secretario o un apagador hiciere por haber sido dicho pago certificado como legal y correcto por el jefe de dependencia o por su representante autorizado. Los Cuerpos Legislativos aprobarán y adoptarán sus propias reglas y procedimientos para lograr el objetivo que persigue este inciso.*

    **Artículo 10(d)** - Responsabiliza a los funcionarios o empleados públicos por la pérdida o el deterioro indebido de la propiedad pública.

    **Artículo 11** - Dispone que el Secretario de Hacienda será el custodio de las fianzas exigidas por ley a los funcionarios y los empleados del Gobierno para responder por la pérdida de los fondos y de los bienes públicos.

6

**Artículo 19** - Dispone que toda violación a esta **Ley** será castigada con pena de reclusión por un término no mayor de noventa (90) días o multa por una cantidad no mayor de cinco mil dólares ($5,000).

Estas disposiciones de la **Ley** no le aplican a los funcionarios o empleados de los municipios, las corporaciones públicas, ni a los cuerpos legislativos. Los funcionarios o empleados de los municipios deben remitirse a la **Ley Núm. 81**, según enmendada, y a la reglamentación promulgada en virtud de ésta. Los funcionarios o empleados de corporaciones públicas deben remitirse a la ley habilitadora de sus respectivas entidades y sus reglamentos. Asimismo, los funcionarios y empleados de los cuerpos legislativos deberán remitirse a su ley y reglamentos aplicables.

- **Ley de Ética Gubernamental, Ley Núm. 12 de 24 de julio de 1985, según enmendada**

Esta **Ley** aplica a todo funcionario o empleado de la Rama Ejecutiva, incluyendo sus corporaciones públicas y las agencias que estén bajo el control de dicha Rama, sus municipios, corporaciones y consorcios municipales. Los **artículos 3.2 y 3.3** contienen disposiciones que prohíben a los funcionarios y a los empleados públicos utilizar los deberes y las facultades de su cargo, la propiedad o los fondos públicos para obtener, directa o indirectamente para ellos, para algún miembro de su unidad familiar, o para cualquier otra persona, negocio o entidad, ventajas, beneficios o privilegios que no estén permitidos por ley.

Con la violación de dichas disposiciones podría incurrirse en delito grave y, de ser convicta la persona podrá ser sancionada con una pena máxima de hasta dos (2) años de reclusión o hasta tres mil dólares ($3,000) de multa, o ambas penas, a discreción del tribunal. En el caso de que la Oficina de Ética Gubernamental de Puerto Rico inste un proceso por la vía administrativa y se determine que se incurrió en violación a la **Ley**, podrá imponerse una multa que no excederá de veinte mil dólares ($20,000) por cada violación. La imposición de esta multa no impide la facultad de la Oficina de Ética Gubernamental de Puerto Rico para obligar a la persona a pagar al Estado una suma equivalente a tres veces el valor del beneficio económico recibido.

El **Artículo 3.6** requiere que cuando un servidor público de la Rama Ejecutiva tenga que tomar alguna acción contraria a dicha ley, lo informe a la Oficina de Ética Gubernamental de Puerto Rico antes de realizar dicha acción.

- **Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, Ley Núm. 81 de 30 de agosto de 1991, según enmendada**

El **Artículo 11.011(a)7** dispone que todo funcionario o empleado municipal tiene el deber de conservar los bienes y los intereses públicos bajo su custodia. La violación a esta disposición constituye delito menos grave conforme al **Artículo 11.027(a)**. Por otra parte, el funcionario que por descuido o negligencia pague dinero indebidamente deberá restituirlo conforme al **Artículo 11.026(b)**.

- **Código Penal de Puerto Rico**

   Éste contiene los delitos relacionados con la pérdida de los fondos y de los bienes públicos. Entre ellos:

   **Artículo 193, Apropiación Ilegal Agravada (33 L.P.R.A. 4821)** - Establece pena de reclusión por un término fijo no menor de tres (3) años un (1) día y hasta un máximo de ocho (8) años para toda persona que se apropie ilegalmente de la propiedad o de los fondos públicos. El tribunal podrá imponer también la pena de restitución. **Este delito prescribe a los cinco (5) años desde la comisión del delito, a menos de que sea cometido por un funcionario o un empleado público en el desempeño de la función pública, en cuyo caso no prescribe.**

   **Artículo 255, Aprovechamiento ilícito de trabajos o servicios públicos (33 L.P.R.A. 4883)** - Establece pena de reclusión por un término no menor de seis (6) meses un (1) día ni mayor de tres (3) años para todo funcionario o empleado público que utilice de forma ilícita, para su beneficio o para beneficio de un tercero, propiedad, trabajos o servicios pagados con fondos públicos. El tribunal podrá imponer también la pena de restitución. **Este delito no tiene término de prescripción.**

   **Artículo 259, Retención de propiedad (33 L.P.R.A. 4887)** - Establece pena de reclusión por un término fijo no menor de seis (6) meses un (1) día ni mayor de tres (3) años en el caso de que un funcionario o empleado público, ex funcionario o ex empleado público que, después de cumplido el término del cargo, empleo o encomienda, abolido el cargo o cesado en su ejercicio por renuncia o separación, retenga en su poder o se niegue a entregar la propiedad, los archivos, los expedientes, los documentos, los códigos de acceso, los discos, los archivos electrónicos y demás información o material oficial perteneciente a su despacho en soporte papel o electrónico. Cuando la propiedad o material bajo su custodia se mutile, dañe, destruya o sustraiga, se impondrá pena de reclusión por un término fijo no menor de tres (3) años un (1) día ni mayor de ocho (8) años. **Este delito no tiene término de prescripción.**

   **Artículo 260, Alteración o mutilación de propiedad (33 L.P.R.A. 4888)** - Se podrá imponer pena de reclusión por un término no menor de seis (6) meses un (1) día ni mayor de tres (3) años a un funcionario o empleado público que esté encargado o que tenga control de cualquier propiedad, archivo, expediente, documento, registro computadorizado o de otra naturaleza, o banco de información, en soporte papel o electrónico que lo altere, destruya, mutile, remueva u oculte en todo o en parte. Cuando se produzca la pérdida de la propiedad o los fondos públicos, el tribunal podrá imponer también pena de restitución. **Este delito no tiene término de prescripción.**

   **Artículo 265, Omisión en el cumplimiento del deber (33 L.P.R.A. 4893)** - Establece como pena la imposición de multa individualizada según la situación económica del convicto no mayor de noventa (90) días-multa, la reclusión o la restricción domiciliaria por un máximo de noventa (90) días, o una pena diaria de servicio comunitario no mayor de noventa (90) días, o una combinación de estas penas, cuya suma total no exceda los noventa (90) días, a todo funcionario o empleado público que omita voluntariamente

8

cumplir con un deber impuesto por ley o reglamento y que como consecuencia de tal omisión, se ocasione la pérdida de los fondos públicos o daño a la propiedad pública. **Esta modalidad del delito prescribe a los cinco (5) años.** La pena de multa individualizada es una pecuniaria que puede ser impuesta por el tribunal. Se utiliza una unidad llamada día-multa, que consiste en el pago de un mínimo de un dólar por cada día hasta un máximo de cuarenta y cuatro dólares ($44).

Si el valor de la pérdida de los fondos públicos o el daño a la propiedad sobrepasa los diez mil dólares ($10,000), se impondrá una pena de reclusión de seis (6) meses un (1) día a tres (3) años. Además, el tribunal podrá imponer la pena de restitución. **Esta modalidad del delito no tiene término de prescripción.**

**Artículo 266, Negligencia en el cumplimiento del deber (33 L.P.R.A. 4894)** - Se impondrá como pena una multa individualizada según la situación económica del convicto no mayor de noventa (90) días-multa, la reclusión o la restricción domiciliaria por un máximo de noventa (90) días, o una pena diaria de servicio comunitario no mayor de noventa (90) días, o una combinación de esta penas, cuya suma total no exceda los noventa (90) días, al funcionario o empleado público que obstinadamente descuide cumplir las obligaciones de su cargo o empleo y que como consecuencia de tal descuido se ocasione pérdida de fondos públicos o daño a la propiedad pública. **Esta modalidad del delito prescribe a los cinco (5) años.** Si el valor de la pérdida de los fondos públicos o el daño a la propiedad pública sobrepasa los diez mil dólares ($10,000), se impondrá una pena de reclusión de seis (6) meses un (1) día a tres (3) años. Además, el tribunal podrá imponer la pena de restitución. **Esta modalidad del delito no tiene término de prescripción.**

**Artículo 267, Malversación de fondos públicos (33 L.P.R.A. 4895)** - Se establece la pena de reclusión por un término fijo de tres (3) años y (1) un día hasta un máximo de ocho (8) años, a todo funcionario o empleado público o persona que malverse fondos públicos en la forma descrita en el **Artículo. No tiene término prescriptivo.**

## REGLAMENTOS

- **Oficina del Contralor de Puerto Rico**

    **Reglamento Núm. 41, Notificación de Pérdidas o Irregularidades en el Manejo de Fondos o Bienes Públicos a la Oficina del Contralor de Puerto Rico**, aprobado el 20 de junio de 2008 - En éste se establece el procedimiento a seguir por todas las entidades gubernamentales para cumplir con el requisito de notificación a esta Oficina.

- **Oficina del Comisionado de Asuntos Municipales**

    **Reglamento para la Administración Municipal del 18 de julio de 2008** - Este **Reglamento** se adoptó en virtud de la **Ley Núm. 81**. En la **Sección 24, incisos del (2) al (5) del Capítulo VII del Reglamento**, se establece el procedimiento a seguir cuando se detecten irregularidades en el manejo de la propiedad municipal. También recoge lo dispuesto por la **Ley Núm. 96** en lo que corresponde a la notificación de ésta.

9

Estado Libre Asociado de Puerto Rico                                    OFICINA DEL CONTRALOR

## CARTAS CIRCULARES

- **Oficina del Contralor de Puerto Rico**

  **Carta Circular Núm. OC-09-06 del 22 de julio de 2008** - Contiene unas guías sobre las disposiciones del **Reglamento Núm. 41**, e incorpora el formulario y los medios de notificación.

- **Departamento de Justicia**

  **Carta Circular Núm. 97-03 del 6 de junio de 1997** - Establece el procedimiento de notificación ante el Secretario de Justicia.

  **Carta Circular Núm. 1 del 6 de mayo de 1994** - Especifica el contenido del informe que se debe enviar al Departamento de Justicia.

- **Departamento de Hacienda**

  **Carta Circular Núm. 1300-24-08 del 30 de enero de 2008** - Dispone el procedimiento de notificación cuando se detecte la pérdida de los fondos o los bienes públicos. Los formularios requeridos para dicho procedimiento forman parte de esta **Carta Circular**.

El descargo de las funciones en el servicio público no puede ser menos que la total honestidad, dedicación, lealtad y esfuerzo hacia el ente que representa. Por tanto, todo servidor público tiene la obligación ética de notificar el mal uso de la propiedad y de los fondos públicos a:

Oficina del Contralor de Puerto Rico
Programa de Pérdida de Fondos o Bienes Públicos
PO Box 364828
San Juan, Puerto Rico, 00936-4828
Tel. (787) 754-3030, exts. 2608 y 2616
Fax: (787) 294-0627
Internet: http://www.ocpr.gov.pr.
Correo electrónico: ocpr@ocpr.gov.pr

10