**EXHIBIT 4**

CN 078-04495
Rev. 11/17



**GOVERNMENT OF PUERTO RICO**
Puerto Rico Electric Power Authority
Governing Board

### Executive Session Minutes
### April 17, 2019

The Governing Board of the Puerto Rico Electric Power Authority (PREPA) held an Executive Session on Wednesday, April 17, 2019 at 10:25 a.m., on the fourth floor of the Government Development Bank for Puerto Rico, in San Juan, Puerto Rico. Attorney Christian Sobrino was designated and presided the meeting as Chairman Pro Tempore.

### PRESENT FOR THE GOVERNING BOARD:

Engineer Ralph A. Kreil-Rivera, Vice Chairman
Attorney Christian Sobrino-Vega, Member
Mr. Robert Poe, Member
Engineer Tomás Torres-Placa, Member Consumer Representative
Attorney María Palou-Abasolo, Member (by phone)
Mr. David Owens, Member (by phone)
Mr. Charles Bayless, Member (by phone)
Attorney Eduardo Arosemena-Muñoz, Corporate Secretary
Attorney Zahira Maldonado-Molina, Administrator

### PRESENT FOR THE ELECTRIC POWER AUTHORITY:

Engineer José F. Ortiz-Vázquez, Chief Executive Officer

### INVITEES:

Attorney Nancy Mitchell, O'Melveny & Meyers
Attorney Janice Ortiz Valentín, Consultant, FAFAA Board of Directors
Mr. Fernando Batlle, Ankura Consulting Group
John Gavin, Citi (by phone)

### QUORUM CERTIFICATION:

The quorum was certified with four members present: Atty. Christian Sobrino, Eng. Ralph A. Kreil-Rivera, Mr. Robert Poe, Eng. Tomás Torres-Placa, as well as by three (3) members who joined the meeting by phone: Atty. María Palou-Abasolo, Mr. David Owens, and Mr. Charles Bayless.







PO Box 364267 San Juan, Puerto Rico 00936-4267
"We are an equal opportunity employer and do not discriminate on the basis of race, color, gender, age, national or social origin, social status, political ideas or affiliation, religion; for being or perceived to be a victim of domestic violence, sexual aggression or harassment, regardless of marital status, sexual orientation, gender identity or immigration status; for physical or mental disability, for veteran status or genetic information."

Confidential

PREPA_RSA0027990

Executive Session Minutes
Page 2
April 17, 2019

The meeting was held in conjunction with the Fiscal Agency and Financial Advisory Authority (FAFAA) Board of Directors.

FAFAA is the entity that submits transaction to the Fiscal Oversight and Management Board (FOMB).

In the case of PREPA, it was decided to conduct the meeting simultaneously with FAFAA.

O'Melveny, Ankura and Citi will give their presentations and input regarding the Restructuring Support Agreement (RSA).

If either Board wants, it may hold a separate Executive Session, and afterwards call to a vote regarding the RSA.

General preliminary RSA was approved last fall, both by PREPA and by FAFAA. There have been changes to PREPA Board, but FAFAA has same members as when the preliminary RSA was approved.

The presence of O'Melveny, Ankura and Citi was recognized.

Atty. Nancy Mitchell, from O'Melveny, will be in charge of the presentation of the RSA.

The RSA has been a particularly challenging and difficult negotiation.

The last deal was entered into on April 6, 2017.

FOMB denied certification of that agreement, which is how PREPA ended in Title III.

The RSA is conditioned on being able to deliver 67% of total bondholders.

The voting requirement under plan of adjustment is 67% in amount and 51% in number.

We do not know if class as insured/uninsured or so that's why we want 67%. The RSA provides that the Supporting Holders must hold or ensure 67% of all bonds and 67% of uninsured bonds prior to September 1, 2019, to ensure that sufficient votes are available to confirm a plan under various scenarios for classification of the bond claims.

Atty. Sobrino stated that if we had entered into original RSA and nothing had changed; we could've been in a higher value than 28 cents per kilowatt hour; so we're trying to avoid that.

Mr. Battle, from Ankura, said this is an atypical negotiation and proceeding.

Confidential

PREPA_RSA0027991

Executive Session Minutes
Page 3
April 17, 2019

Atty. Sobrino said, in original RSA there would have been an exchange of 85% for the Ad Hoc and 100% for insurers.

That was too high, so what we're looking for is a deal that brings us certainty.

Atty. Sobrino said that since we haven't been doing payments on debt service since 2015, the claims are accumulating as that happens. If we don't pay something now we are increasing the risk to the consumer.

Eng. Tomás Torres asked what will be the date for exchanging bonds. Atty. Mitchell answered, March 2020.

Atty. Sobrino mentioned that the demand protection structure is still being worked out.

**Redacted**

**Redacted** We are still working on this.

Atty. Sobrino stated that we don't want to cause a dynamic where poor people are essentially paying for the solar panels in other houses.

Eng. Torres asked if the one cent Settlement Charge described in the agreement will start within the next few months, if all the charges will be deferred, especially for customers that currently have full panels/ load, until 2020. Atty. Sobrino said no, we need to solve for that situation now. Atty. Mitchell said the bondholders are aware that we are trying to solve this issue and not have massive grid defection.

Mr. Robert Poe asked if there were different rates based on income and/or a schedule of rates; meaning, if there is a way to solve the problem without bureaucracy to determine rates based on income. Atty. Sobrino answered that the schedule is based on current PREPA classification for residents; we already have that.

Eng. Torres asked what would happen between July 1, 2019 and March 2020. Atty. Mitchell answered the way a bankruptcy process works; we need structured plan, that takes time. Transformation transaction would get us to contract in fall and close in December; realistically the process itself just takes time to document.

Executive Session Minutes
Page 4
April 17, 2019



Atty. Sobrino said that further legislation must be passed. Engineer Torres asked why. Atty. Sobrino answered that if we stay with the current legal framework, provisions in it that were created in a non PROMESA world (non by passable charge; way that intermingled with PREPA organic law) would remain. In other words, we're going to keep the current legislation, but it must be amended accordingly.

If the plan of adjustment isn't confirmed the first time, FOMB has to take into account the judge's ruling and file an amended plan and try to get it certified.

Atty. Sobrino is of the opinion that the original RSA should have been approved. Timing risk is real; being able to say substantial support of substantial creditors is important.

Atty. Mitchell said that if we can't get to an agreement on the documentation related to the bond deal, we still have to provide them the value. We have embedded this haircut for all time and can give it in a different form.

Eng. Torres asked why approval from the Puerto Rico Energy Bureau (PREB) wasn't required. The answer to his question was that counterparties tend to request the least amount of approvals; there's been a lot of substantial tech work on this agreement and its documentation, in accordance with Senate Project 1121.[1]

Atty. Mitchell indicated that National and Syncora are an issue, not a part of the negotiation. Redacted

Redacted

Atty. Sobrino stated that there is a sensitivity to rates. The reason is that the cost of electricity is unclear; the way to drive down cost is in operational fuel cost.

Mr. Robert Poe asked if it is reasonable to say that in light of the enactment of PROMESA and the hurricane, this is the fastest we could do this. Atty. Mitchell said that we lost a year because of the hurricane.

Mr. Battle said this is one of the most complex transactions you would see anywhere.

Regarding Eng. Torres's suggestion of lowering the impact to consumers by exploring different alternatives to reduce PREPA's debt, including the use of local or federal funds, Atty. Sobrino indicated that it is unwise to include such in the agreement. This could also raise an alarm, that if given any funding, we would use it to pay for debt, which we cannot.

---

[1] Act 17-2019.

Executive Session Minutes
Page 5
April 17, 2019

To provide for additional evaluation time, since the agreement documents were provided to PREPA's Governing Board within less than 24 hours of the meeting, Eng. Torres asked that the vote be postponed for next Tuesday during the regular meeting scheduled for April 23. Atty. Sobrino stated the importance of voting now. Eng. Torres indicated that if he must vote today, he would vote against; he needs more time and cannot support aggregation of costs. All of the Board members disagreed.

Atty. Sobrino clarified that for PREPA purposes, this is an Executive Session, meaning that the level of confidence is at its zenith, and any violation will be referred to federal authorities that deal with securities violations.

Mr. Poe asked if there was a filing date set forth. Atty. Mitchell **Redacted**
**Redacted**
Mr. Poe asked **Redacted**
**Redacted**

Atty. Sobrino asked whether members needed a separate Executive Session before the vote, but they said it was not necessary.

Therefore, Atty. Christian Sobrino presented a motion to approve the Definitive Restructuring Support Agreement, which was seconded by Eng. Ralph Kreil. Eng. Tomás Torres opposed the Motion. There was no opposition from the members on the phone.

The Motion carried and the Definitive Restructuring Support Agreement was approved.

Meeting adjourned at 12:04 p.m.

_____
Eduardo Arosemena-Muñoz, Esq.
Corporate Secretary
Governing Board