# **EXHIBIT D**

**The Bond Buyer**

# Copy Of Advertisement Of

## City and County of New York, ss.: -

Yohanna Beato being duly sworn, says that she is the Billing Coordinator of the BOND BUYER, a daily newspaper printed and published at One State Street Plaza, in the City of New York, County of New York, State of New York; and the notice, of which the annexed is a printed copy, was regularly published in said BOND BUYER on February 5th, 2020.

_____
Billing Coordinator

Subscribed and sworn to before me this

February 5th, 2020

_____

CYNTHIA D. LEWIS
Notary Public - State of New York
Registration No. 01LE6202296
Qualified in New York County
My Commission Expires: March 9, 2021

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

In re:
THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,
as representative of
THE COMMONWEALTH OF PUERTO RICO et al.,
Debtors.[1]

PROMESA
Title III

Case No.
17-BK-3283 (LTS)

(Jointly Administered)

**NOTICE OF (A) OBJECTION OF LAWFUL CONSTITUTIONAL DEBT COALITION, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN BONDS ISSUED OR GUARANTEED BY THE COMMONWEALTH AND (B) OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OMNIBUS OBJECTION ON CONSTITUTIONAL DEBT LIMIT GROUNDS TO (I) CLAIM OF GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO (CLAIM NUMBER 29485) BASED ON CERTAIN COMMONWEALTH-ISSUED NOTES AND ON COMMONWEALTH GUARANTY OF CERTAIN BOND ISSUED BY PORT OF AMERICAS AUTHORITY, (II) CLAIM OF SCOTIABANK DE PUERTO RICO (CLAIM NUMBER 47658) BASED ON FULL FAITH AND CREDIT NOTE ISSUED BY PUERTO RICO GENERAL SERVICES ADMINISTRATION, AND (III) CLAIMS FILED OR ASSERTED AGAINST COMMONWEALTH BASED ON COMMONWEALTH GUARANTY OF CERTAIN NOTES ISSUED BY PUERTO RICO INFRASTRUCTURE FINANCE AUTHORITY**

This notice is for (a) holders of (i) one or more bonds issued by the Puerto Rico Public Buildings Authority in 2012 (the "2012 PBA Bonds"), and/or (ii) one or more of the Commonwealth General Obligation Bonds issued in 2012 or 2014 (the "2012-2014 GO Bonds") and/or (iii) one or more bond anticipation notes issued by the Puerto Rico Infrastructure Financing Authority after March 2012 (the "PRIFA BANs") and/or (iv) one or more bonds issued by the Port of Americas Authority after March 2012 (the "Ports Bonds" and collectively with the 2012 PBA Bonds, 2012-2014 GO Bonds, and PRIFA BANs, the "Late Vintage Bonds"), (b) parties that have submitted a notice of participation with respect to the procedures order [Docket No. 5143] regarding the Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted By Holders of Certain Commonwealth General Obligation Bonds [Docket No. 4784] (the "2012-2014 GO Bond Objection"),[2] and/or (c) holders of all or a portion of the proofs of claim identified by claim numbers 29485 and 47658.

**I. Notice of Late Vintage Claim Objection.** Please note that the Lawful Constitutional Debt Coalition (the "LCDC") has filed an objection, dated January 8, 2020 [Docket No. 9730] (the "Late Vintage Claim Objection"),[3] to claims filed or asserted by holders of Late Vintage Bonds. The full text of the Late Vintage Claim Objection may be found on the Internet by using the following link: https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=9730.

The Late Vintage Claim Objection seeks a declaration that the Late Vintage Bonds were issued in violation of the debt service limit contained in article VI, section 2 of the Puerto Rico Constitution and, as a result, any claims on account of or related to the Late Vintage Bonds (the "Late Vintage Bond Claims") are not entitled to Constitutional Priority. **Subject to applicable appellate rights, if the Court grants the Late Vintage Claim Objection, in whole or in part, holders of Late Vintage Bond Claims may be stripped of their priority (if any) and/or the recovery on account of the Late Vintage Bond Claims may be eliminated, in whole or in part, in which case holders of Late Vintage Bond Claims may be forever barred from asserting such claims against the Commonwealth, from voting on any plan of adjustment filed in this Title III Case, and from participating in any distribution in this Title III Case on account of such Late Vintage Bond Claims. Thus, the Late Vintage Claim Objection may affect your rights.**

La Objeción a la Reclamación de *Late Vintage* busca que se declare que los Bonos *Late Vintage* se emitieron en violación del límite del servicio de la deuda contenido en el artículo VI, sección 2 de la Constitución de Puerto Rico y, como resultado, cualquier reclamo a cuenta de o relacionado a los Bonos *Late Vintage* (las Reclamaciones de Bonos *Late Vintage*) no tiene derecho prioritario bajo la Constitución de Puerto Rico o la ley estatutaria de Puerto Rico. **Sujeto a los derechos apelativos aplicables, si el Tribunal acoge la Objeción a la Reclamación de *Late Vintage* en su totalidad o en parte, los tenedores de recuperación de las Reclamaciones de los Bonos *Late Vintage* podrán ser despojados de su prioridad (si alguna) y/o la recuperación de los Bonos *Late Vintage* puede ser eliminada, en su totalidad o en parte, en cuyo caso, los tenedores de Reclamaciones de Bonos *Late Vintage* podrán estar impedidos por siempre de entablar tales reclamaciones contra el Estado Libre Asociado de Puerto Rico, de votar sobre cualquier plan de ajuste presentado en este Caso de Título III y de participar de cualquier distribución en este Caso de Título III a cuenta de tales Reclamaciones de Bonos *Late Vintage*. Por lo tanto, la Objeción a la Reclamación de *Late Vintage* podría afectar sus derechos.**

**II. Notice of Miscellaneous Debt Limit Claim Objection.** Please note that the Official Committee of Unsecured Creditors (the "Committee") has filed an objection, dated January 8, 2020 [Docket No. 9735] (the "Miscellaneous Debt Limit Claim Objection"),[4] to claims filed or asserted by the Government Development Bank for Puerto Rico ("GDB"), Scotiabank de Puerto Rico ("Scotiabank"), and holders of PRIFA BANs. The full text of the Miscellaneous Debt Limit Claim Objection may be found on the Internet by using the following link: https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=9735.

The Miscellaneous Debt Limit Claim Objection seeks to disallow and invalidate (a) the claim of the GDB [Proof of Claim No. 29485] based on certain Commonwealth-issued notes and on a Commonwealth guaranty of the Port Bonds (the "GDB Claims"), (b) the claim of Scotiabank [Proof of Claim No. 47658] based on a full faith and credit note issued by the Puerto Rico General Services Administration (the "Scotiabank Claim"), and (c) claims filed or asserted against the Commonwealth based on a Commonwealth guaranty of the PRIFA BANs (the "PRIFA BANs Claims" and, together with the GDB Claims, and the Scotiabank Claim, the "Miscellaneous GO Claims"). **Subject to applicable appellate rights, if the Court grants the Miscellaneous Debt Limit Claim Objection, in whole or in part, the recovery of holders of the Miscellaneous GO Claims on account of such claims will be eliminated in whole or in part, and such holders will be forever barred from asserting such claims against the Commonwealth, from voting on any plan of adjustment filed in this Title III Case, and from participating in any distribution in this Title III Case on account of such Miscellaneous GO Claims, as applicable. Thus, the Miscellaneous Debt Limit Claim Objection may affect your rights.**

La Objeción a Reclamación Miscelánea del Límite de la Deuda tiene el propósito de rechazar e invalidar (a) la reclamación del BGF [Reclamación Núm. 259485] basada en ciertos pagarés emitidos por el Estado Libre Asociado y la garantía del Estado Libre Asociado de los Bonos de Puertos (las "Reclamaciones BGF"), (b) la reclamación de Scotiabank [Reclamación Núm. 47658] basada en un pagaré de entera fe y crédito emitido por la Administración de Servicios Generales de Puerto Rico (la "Reclamación Scotiabank"), y (c) las reclamaciones presentadas o incoadas contra el Estado Libre Asociado basada en la garantía del Estado Libre Asociado de los PRIFA BANs (las "Reclamaciones PRIFA BANs" y, colectivamente con las Reclamaciones BGF y la Reclamación Scotiabank, las "Reclamaciones Misceláneas GO"). **Sujeto a los derechos apelativos aplicables, si el Tribunal concede la Objeción a Reclamación Miscelánea del Límite de la Deuda, total o parcialmente, la recuperación de los tenedores de las Reclamaciones Misceláneas GO a cuenta de dichas reclamaciones se eliminará total o parcialmente, y estos reclamantes quedarán prohibidos para siempre de hacer valer dichas reclamaciones contra el Estado Libre Asociado, de votar sobre cualquier plan de ajuste presentado en este Caso de Título III, y de participar de cualquier distribución en este Caso de Título III a cuenta de tales Reclamaciones Misceláneas GO, según aplique. Por lo tanto, la Objeción a Reclamación Miscelánea del Límite de la Deuda podría afectar sus derechos.**

**III. Previously Filed Claim Objections Related to GO Bonds and PBA Bonds.** Please further note that the Committee and the Financial Oversight and Management Board for Puerto Rico also filed the 2012-2014 GO Bond Objection on January 14, 2019, which objection seeks to disallow and invalidate claims on account of the 2012-2014 GO Bonds. Notice of the 2012-2014 GO Bond Objection was previously served on holders of the 2012-2014 GO Bonds in accordance with the Court's procedures order, dated February 15, 2019 [Docket No. 5143].[5]

Please further note that the Committee also filed (a) the *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain 2011 Commonwealth General Obligation Bonds* [Docket No. 7057] (the "2011 GO Bond Objection"), on May 21, 2019, which objection seeks to disallow and invalidate claims on account of certain 2011 Commonwealth General Obligation Bonds (the "2011 GO Bonds") and (b) the *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted Against the Commonwealth By Holders of Certain Puerto Rico Public Buildings Authority Bonds* [Docket No. 8141] (the "PBA Bond Objection"), on July 18, 2019, which objection seeks to disallow and invalidate claims on account of the PBA Bonds. Notice of the 2011 GO Bond Objection and the PBA Bond Objection were previously served on holders of 2011 GO Bonds and PBA Bonds in accordance with the Court's *Interim Case Management Order* (the "Case Management Order"), dated December 19, 2019 [Docket No. 9619].

**IV. Briefing Schedule Regarding Motions to Dismiss with Respect to Late Vintage Claim Objection, Miscellaneous Debt Limit Claim Objection, PBA Bond Objection, 2011 GO Bond Objection, and 2012 2014 GO Bond Objection.** Please note further, that the Case Management Order approves a schedule for briefing on motions to dismiss with respect to **the Late Vintage Claim Objection, the Miscellaneous Debt Limit Claim Objection, the PBA Bond Objection, the 2011 GO Bond Objection, and the 2012-2014 GO Bond Objection (collectively, the "Claim Objections")**.

The briefing schedule governing such motions to dismiss is as follows:

| | |
|---|---|
| Opening Brief(s) for the Identified Parties (as defined in the Case Management Order) | February 5, 2020 |
| Opening Brief(s) for all other bondholders or interested parties | February 19, 2020 |
| Opposition Brief(s) | March 18, 2020 |
| Reply Brief(s) for Identified Parties | April 8, 2020 |
| Reply Brief(s) for all other bondholders or interested parties | April 20, 2020 |
| Hearing | April 30, 2020 |

Please note that the foregoing briefing schedule may change, which change would be reflected in further court orders and notices, as necessary.

**If you intend to participate in the motion to dismiss briefing, you must comply with the requirements set forth in the Case Management Order.** A copy of the Case Management Order is enclosed with this Notice.[6] Additional information regarding the Claim Objections, including any changes to the briefing schedule, will be posted on the Internet under the following link: https://cases.primeclerk.com/puertorico/.

**V. Further Information.**

Requests for Spanish-language versions of this Notice and any questions regarding this Notice, as it relates to the Late Vintage Objection, should be sent in writing to:

Quinn Emanuel Urquhart & Sullivan LLP, 51 Madison Avenue, New York, NY 10010, Attn: Zach Russell, Esq., (212) 849-7273.

Envíe por escrito las solicitudes de las versiones en español de este Aviso y cualquier pregunta que surja de este Aviso en lo que refiere a la Objeción a la Reclamación de "Late Vintage", a la siguiente dirección:

Requests for Spanish-language versions of this Notice and any questions regarding this Notice, as it relates to the Miscellaneous Debt Limit Claim Objection, should be sent in writing to:

Envíe por escrito las solicitudes de las versiones en español de este Aviso y cualquier pregunta que surja de este Aviso en lo que refiere a la Objeción a Reclamación Miscelánea del Límite de la Deuda a la siguiente dirección:

Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Douglass E. Barron, NoticeofParticipation@paulhastings.com, (212) 318-6690.

**VI. CUSIP Numbers of Bonds Subject to Late Vintage Claim Objections and Miscellaneous Debt Limit Claim Objection.** The CUSIP numbers of the PBA bonds subject to the Late Vintage Claim Objection are:

**Government Facilities Revenue Refunding Bonds, Series U**

| Maturity Date July 1 | Principal Amount | Interest Rate | CUSIP |
|---|---|---|---|
| 2014 | $460,000 | 4.00% | 745235S51 |
| 2015 | 1,760,000 | 4.00% | 745235R45 |
| 2016 | 4,830,000 | 5.00% | 745235R52 |
| 2017 | 4,920,000 | 5.00% | 745235R60 |
| 2018 | 5,020,000 | 5.00% | 745235R78 |
| 2019 | 2,605,000 | 3.89% | 745235S69 |
| 2019 | 2,120,000 | 5.00% | 745235R86 |
| 2020 | 10,225,000 | 5.00% | 745235R94 |
| 2021 | 4,800,000 | 5.00% | 745235S28 |
| 2022 | 4,850,000 | 5.00% | 745235S36 |
| 2023 | 2,080,000 | 5.25% | 745235S44 |
| 2042 | 538,675,000 | 5.25% | 745235R37 |
| **Total** | **$582,345,000** | | |

The CUSIP numbers of the general obligation bonds subject to the Late Vintage Claim Objection are:

**Public Improvement Refunding Bonds, Series 2012 B**

| Maturity Date July 1 | Principal Amount | Interest Rate | CUSIP |
|---|---|---|---|
| 2013 | $55,605,000 | 2.25% | 74514LZS9 |
| 2014 | 69,990,000 | 2.95% | 74514LZT7 |
| 2015 | 67,300,000 | 3.25% | 74514LZU4 |
| 2016 | 56,170,000 | 3.65% | 74514LZV2 |
| 2017 | 27,385,000 | 3.90% | 74514LZW0 |
| 2018 | 51,925,000 | 4.10% | 74514LZX8 |
| 2019 | 20,160,000 | 4.25% | 74514LZY6 |
| 2020 | 17,125,000 | 4.40% | 74514LZZ3 |
| 2033 | 49,610,000 | 5.30% | 74514LA23 |
| **Total** | **$415,270,000** | | |

**Public Improvement Refunding Bonds, Series 2012 A**

| Maturity Date July 1 | Principal Amount | Interest Rate | CUSIP |
|---|---|---|---|
| 2020 | $10,000,000 | 4.00% | 74514LA31 |
| 2020 | 35,345,000 | 5.00% | 74514LC47 |
| 2021 | 49,400,000 | 4.00% | 74514LA49 |
| 2021 | 52,895,000 | 5.00% | 74514LC54 |
| 2022 | 32,110,000 | 4.13% | 74514LA56 |
| 2022 | 21,285,000 | 5.00% | 74514LC62 |
| 2022 | 20,000,000 | 4.00% | 74514LD46 |
| 2023 | 7,290,000 | 4.38% | 74514LC70 |
| 2023 | 68,500,000 | 5.25% | 74514LA64 |
| 2023 | 5,000,000 | 4.13% | 74514LD53 |
| 2024 | 10,000,000 | 4.00% | 74514LC88 |
| 2024 | 11,050,000 | 5.25% | 74514LA72 |
| 2024 | 5,000,000 | 4.13% | 74514LD61 |
| 2025 | 22,030,000 | 4.50% | 74514LA80 |
| 2025 | 5,000,000 | 4.25% | 74514LD79 |
| 2026 | 60,000,000 | 5.50% | 74514LD38 |
| 2026 | 4,455,000 | 4.50% | 74514LC96 |
| 2026 | 69,740,000 | 5.50% | 74514LA98 |
| 2027 | 17,945,000 | 5.50% | 74514LB22 |
| 2027 | 11,520,000 | 4.25% | 74514LD87 |
| 2028 | 64,795,000 | 5.75% | 74514LB30 |
| 2029 | 6,665,000 | 5.00% | 74514LB48 |
| 2030 | 7,000,000 | 4.75% | 74514LB97 |
| 2031 | 7,335,000 | 4.75% | 74514LB55 |
| 2032 | 7,685,000 | 5.00% | 74514LC21 |
| 2033 | 27,400,000 | 5.00% | 74514LC39 |
| 2035 | 322,925,000 | 5.00% | 74514LD20 |
| 2037 | 263,540,000 | 5.13% | 74514LB63 |
| 2039 | 459,305,000 | 5.50% | 74514LB71 |
| 2041 | 632,975,000 | 5.00% | 74514LB89 |
| **Total** | **$2,318,190,000** | | |

**General Obligation Bonds of 2014, Series A**

| Maturity Date July 1 | Principal Amount | Interest Rate | CUSIP |
|---|---|---|---|
| 2035 | $3,500,000,000 | 8.00% | 74514LE86 |
| **Total** | **$3,500,000,000** | | |

The PRIFA BANs and Ports Bonds subject to the Late Vintage Claim Objection and the Miscellaneous Debt Limit Claim Objection are:

**Other Commonwealth Guaranteed Debt Issued after March 2012**

| Issuing Entity | CUSIP | Principal Amount ($MM) | Original Issuance Date |
|---|---|---|---|
| PRIFA BANs | 745223AA5 | $78.1 | 3/17/2015 |
| Port of the Americas Authority | N/A | 225.5 | 12/31/2014 |
| **Total** | | **$303.7** | |

\* Source: principal amounts per Commonwealth's Disclosure Statement filed September 27, 2019.

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The 2012-2014 GO Bond Objection objects to claims filed or asserted by holders of certain Commonwealth General Obligation Bonds issued in 2012 and 2014 (as detailed in the 2012-2014 GO Claim Objection).

[3] Capitalized terms not defined herein shall have the meanings ascribed to them in the Late Vintage Claim Objection or the Miscellaneous Debt Limit Claim Objection (as defined below), as applicable.

[4] Capitalized terms not defined herein shall have the meanings ascribed to them in the Late Vintage Claim Objection.

[5] Among other things, that procedures order required holders of 2012-2014 GO Bonds that wished to participate in the litigation of the 2012-2014 GO Bond Objection to submit a notice of participation by April 16, 2019.

[6] The Case Management Order also sets forth a briefing schedule for motions to dismiss adversary proceedings seeking a determination of, *inter alia*, the validity of GO and PBA bondholders' asserted liens and, if such liens are valid, to avoid same (Adv. Proc. Nos. 19-291, 19-292, 19-293, 19-294, 19-295, 19-296, and 19-297, collectively the "GO Lien Challenges"). Defendants in the GO Lien Challenges will also receive a copy of the Case Management Order.