# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, et al., <br><br> Debtors.[1] | PROMESA Title III <br><br> Case No. 17-BK-3283-LTS <br> (Jointly Administered) |
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> PUERTO RICO ELECTRIC POWER AUTHORITY, <br><br> Debtor. | Case No. 17-BK-4780-LTS <br><br> This Court Filing Relates Only to PREPA and Shall Only Be Filed in PREPA's Title III Case (Case No. 17-BK-4780-LTS) |
| SCIEMUS LIMITED; MARKEL EUROPE; LLOYD'S SYNDICATES MSP 318, WRB 1967, AND AGM 2488 SUBSCRIBING TO POLICY NO. B0804Q11263F14; LLOYD'S SYNDICATES MIT 3210, KLN 510, MMX 2010, CSL 1084, TMK 1880, AML 2001, AND BRT 2987 SUBSCRIBING TO POLICY NO. B080414390F14; INDIAN HARBOR INSURANCE COMPANY; PARTNERRE IRELAND INSURANCE DAC; and SWISS NATIONAL INSURANCE CO. LTD., <br><br> Plaintiffs, <br><br> v. | Adv. Pro. No. 3:19-AP-369-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> PUERTO RICO ELECTRIC POWER AUTHORITY, PREPA NETWORKS, LLC, PREPA NET INTERNATIONAL WHOLESALE TRANSPORT, INC., COMMONWEALTH OF PUERTO RICO, and SECRETARY OF THE TRESASURY, c/o PUBLIC INSURANCE BUREAU, <br><br> Defendants. | DECLARATORY JUDGMENT ACTION |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

To the Honorable United States District Court Judge Laura Taylor Swain:

**COME NOW,** Plaintiffs Sciemus Limited; Markel Europe; Lloyd's Syndicates MSP 318, WRB 1967, and AGM 2488 subscribing to Policy No. B0804Q11263F14; Lloyd's Syndicates MIT 3210, KLN 510, MMX 2010, CSL 1084, TMK 1880, AML 2001, and BRT 2987 subscribing to Policy No. B080414390F14; Indian Harbor Insurance Company; PartnerRe Ireland Insurance dac; and Swiss National Insurance Co. Ltd. (collectively "Plaintiffs" or "Insurers") and file this Motion for Leave to File Second Amended Complaint as follows:

**I.  Background**

1. This action stems from the roof deflection and collapse of a reserve fuel oil storage tank ("Tank 1") at Puerto Rico Electric Power Authority's ("PREPA") Costa Sur thermoelectric power plant (the "Costa Sur Plant") in 2015.

2. Insurers insured PREPA pursuant to certain insurance policies and/or slips with a policy period of May 15, 2014 to May 15, 2015 (the "Policy"), with each Insurer insuring its quota-share percentage of the risk, subject to the Policy's terms, conditions, provisions, and exclusions.

3. Insurers instituted the subject action against PREPA on June 3, 2019. PREPA has received multiple extensions of time to respond to the Complaint, and its current responsive

pleading is due on or before April 30, 2020.

4. Counsel for Insurers and PREPA worked together in an effort to gain the Court's approval of an undisputed payment under the Policy for the Tank 1 loss event. Ultimately, the Court could not grant the requested relief, as detailed in its Order [ECF No. 46] entered on February 4, 2020, including, but not limited to the fact that "[n]o party has made a factual or legal proffer that satisfies the Court that, under the circumstances, it would be consistent with due process and applicable law to approve an order limiting the rights of third parties to the extent requested in the Objection or in the Motion."

5. Insurers' proposed Second Amended Complaint seeks to add additional "Named Insureds" and/or "loss payees" under the Policy, who may have an interest in the subject insurance proceeds pertaining to the Tank 1 loss event, as Defendants to ensure that they have notice of the potential payment under the Policy and have the opportunity to be heard regarding the payment and/or disposition of same.[2] *See* Ex. 1, Proposed Second Amended Complaint.

6. Insurers' proposed Second Amended Complaint also seeks to clarify certain relief requested in the Complaint and to add an Interpleader Count, requesting to interplead the undisputed amount owed under the Policy ($1,726,000) pursuant to Federal Rule of Civil Procedure 22 and an adjudication of the conflicting claims to the interplead funds, along with a determination of the lawful claimants and the amount owed to each such claimant. *Id.*

## II. Arguments

### A. Standard of Review.

7. Federal Rule of Civil Procedure 15(a)(2)[3] provides that "a party may amend its

---

[2] Specifically, Defendants seek to add the following entities as Defendants: PREPA Networks, LLC, PREPA Net International Wholesale Transport, Inc., Commonwealth of Puerto Rico, and Secretary of the Treasury, c/o Public Insurance Bureau.

[3] Pursuant to Federal Rule of Bankruptcy 7015, Federal Rule of Civil Procedure 15(a)(2) applies in adversary

3

pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *In re L&R Dev. & Inv. Corp.*, No. 17-00026, 2017 WL 6033415, at *1 (Bankr. D.P.R. Dec. 5, 2017) (quoting *Foman v. Davis*, 371 U.S. 178 (1962). "'[U]ndue delay' and 'prejudice to the opposing party' are the most critical factors in the 'freely given' calculus. *Id.*

### B. The Proposed Amendment Is Timely, Will Not Prejudice Defendants, and Should Be Granted.

8. This Motion for Leave is being filed less than one (1) month after the Court denied the parties' recent attempt to resolve payment of the undisputed amount, wherein the identity of the party and/or parties entitled to the payment was questioned.

9. PREPA is currently operating pursuant to its fourth extension of time to respond to Insurers' Complaint and/or First Amended Complaint and must respond to same on or before April 30, 2020. *See* Order, ECF No. 37.

10. Because PREPA has not answered and no discovery or other substantive motion practice has commenced regarding the First Amended Complaint, PREPA will not be prejudiced by the requested amendment. Further, the amendment is necessary to determine the identity of all loss payees under the Policy who may be entitled to payment for the Tank 1 loss event, to give notice of the proposed payment to all additional Named Insureds under the Policy, and to determine the appropriate amount owed to each entitled loss payee.

11. Under the circumstances and for the foregoing reasons, leave to amend should be

---

proceedings.

4

freely given, and the Court should grant this Motion for Leave and file the proposed Second Amended Complaint in the record. Defendants do not oppose PREPA's current deadline to respond to the First Amended Complaint, April 30, 2020, applying to the Second Amended Complaint, once filed with the Court.

### III. Conclusion

12. Insurers respectfully request the Court grant their Motion for Leave to File Second Amended Complaint and file their proposed Second Amended Complaint in the record. Insurers respectfully request such other relief as the Court deems just and proper under the circumstances.

This the 26th day of February, 2020.

Sciemus Limited; Markel Europe; Lloyd's Syndicates MSP 318, WRB 1967, and AGM 2488 subscribing to Policy No. B0804Q11263F14; Lloyd's Syndicates MIT 3210, KLN 510, MMX 2010, CSL 1084, TMK 1880, AML 2001, and BRT 2987 subscribing to Policy No. B080414390F14; Indian Harbor Insurance Company, PartnerRe Ireland Insurance dac, and Swiss National Insurance Co. Ltd,

/s/ James L. Warren III
**James L. Warren III**

**OF COUNSEL:**
James L. Warren III (Bar No. 224008)
Lee Ann Thigpen (PHV)
James W. Gunn III (PHV)
**CARROLL WARREN & PARKER PLLC**
188 East Capitol Street, Suite 1200 (39201)
Post Office Box 1005
Jackson, Mississippi 39215-1005
Telephone: (601) 592-1010
Facsimile: (601) 592-6060
jwarren@cwplaw.com
lthigpen@cwplaw.com
tgunn@cwplaw.com

5

Luis Sánchez Betances (Bar No. 117410)
**Sánchez Betances, Sifre & Muñoz Noya, P.S.C.**
33 Bolivia Street, 5th Floor
San Juan, Puerto Rico 00917
Telephone: (787) 756-7880
Facsimile: (787) 753-6580
lsb@sbsmnlaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record in the captioned case.

This the 26th day of February, 2020.

/s/ James L. Warren III
**James L. Warren III**