# **EXHIBIT A**

O'Melveny

O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660-6429

T: +1 949 823 6900
F: +1 949 823 6994
omm.com

February 24, 2020

**Via E-Mail**

Atara Miller
MILBANK LLP
55 Hudson Yards
New York, NY 10001-2163

**Re:     Commonwealth Assets Rule 2004 Requests**

Counsel:

I write in response to your February 4, 2020 letter to provide a further update with respect to the four categories of revised requests corresponding to Ambac's Asset Motion.

***Category 1 (Assets)***
- Documents sufficient to show, from January 1, 2015 to the present, the alienation or encumbrance of any assets held by the Commonwealth or its instrumentalities.
- A list of the Commonwealth's current assets.

With respect to non-cash assets, the Commonwealth's official inventory of real property assets is available at the following link:

https://www2.pr.gov/propiedadesinmuebles/Pages/default.aspx#

Efforts to update this repository are ongoing.  After conducting a reasonably diligent search, AAFAF has not located a centralized report or repository that would evidence every asset held by the Commonwealth or its instrumentalities or the alienation or encumbrance of those assets from January 1, 2015 to the present.  Collecting individual asset lists and documents to evidence every encumbrance or alienation, assuming it would even be possible, would be unduly burdensome and disruptive to the Government's operations.  However, we can meet and confer with you if there are specific assets as to which you seek this information.

With respect to cash assets, as noted in my February 11, 2020 email, cash assets are publicly disclosed in audited financial statements, in numerous reports published on AAFAF's website, and reports produced to Ambac in response to earlier Rule 2004 requests.  To the extent Movants are seeking additional information pertaining to restrictions on cash assets, those requests would be encompassed by the Cash Motion.

*Category 2 (23 Properties in August 2019 HTA Report)*

- A list of, or documents sufficient to identify, the 23 properties that were indicated as sold, or to be sold by December 2019, by HTA in the August 2019 report on the implementation of HTA's certified fiscal plan.
- Documents sufficient to show:
  - how those properties were identified for sale or potential sale; and
  - the process and protocol for soliciting and entertaining bids, and evaluating and approving a sale.

AAFAF is continuing to work with HTA to determine what responsive materials are available. AAFAF will produce non-privileged reasonably accessible materials.

*Category 3 (Real Property Valuation and Disposal Committee)*

- Documents sufficient to show (i) AAFAF's (or any other Commonwealth instrumentality's) authority to supervise the work of the Committee; (ii) regulations governing the formalization of disposal of Commonwealth properties, including how the properties will be made available for sale and information will be made available to interested bidders; and (iii) any other strategy by AAFAF or the Committee related to disposal of properties, including establishment of an online data base, as per recent statements of AAFAF Executive Director Omar Marrero.
- Documents sufficient to identify any (i) proposals considered (whether ultimately accepted or not), (ii) transactions recently approved, and (iii) transactions currently under evaluation.

AAFAF will produce a list of the transactions the Committee has approved upon entry of a protective order. The statutes and regulations pertaining to AAFAF's role in the Committee are publicly available.[1] As previously indicated, AAFAF objects to producing documents identifying strategies, proposals under consideration, and confidential transactions currently under evaluation as these materials are protected from disclosure by the deliberative process privilege and are beyond the scope of Rule 2004 discovery.

*Category 4 (CRIM)*

- A list identifying all properties that have been foreclosed upon by the Commonwealth or its instrumentalities from January 1, 2015 to present, and which of those properties were subsequently sold by the Commonwealth (and for how much).
- All guidelines or rules governing CRIM's foreclosure of private property and the process for determining whether to sell any of foreclosed-upon properties.

We have asked Ambac to provide further information regarding the relevance of this request, given the breadth of materials sought. We await your response. In the meantime, AAFAF will produce copies of the statute and regulation relating to CRIM foreclosures.

---

[1] *See* Act 26-2017; http://www.aafaf.pr.gov/administrative-documents.html#regulationspin

O'Melveny

* * *

We are available at your convenience to discuss these requests and AAFAF's responses.

Sincerely,

*/s/ Elizabeth L. McKeen*

Elizabeth L. McKeen
of O'MELVENY & MYERS LLP

ELM

cc: Peter Friedman
Margaret Dale
Grant Mainland
Laura Stafford
Martin A. Sosland
Robert S. Berezin
William Natbony
Nicholas A. Bassett
John E. Mudd