## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>Debtor.[1] | PROMESA Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>Debtor. | PROMESA Title III<br><br>Case No. 19 BK 5523-LTS<br><br>(Jointly Administered)<br><br>**This Order relates only to PBA.** |

## AMENDED ORDER (A) ESTABLISHING DEADLINES AND PROCEDURES FOR FILING PROOFS OF CLAIM AND (B) APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the *Motion of the Puerto Rico Public Buildings Authority for Order (A)*

*Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Manner of Notice Thereof*, dated February 11, 2020 (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of PBA, its creditors, and other parties in interest; and the Court having found that PBA provided adequate and appropriate notice of the Motion and the relief requested therein under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements of counsel in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been resolved as set forth herein, or withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is **GRANTED** as set forth herein.

2.     The Bar Date Notice, substantially in the form annexed hereto as **Exhibit 1-A**, the Reminder Notice, substantially in the form annexed hereto as **Exhibit 1-B**, the Proof of Claim Form, substantially in the form annexed hereto as **Exhibit 2**, the Special Notice to Pension, Retiree, and Employee Claimants, substantially in the form annexed hereto as **Exhibit 3**, are approved.

3.     The following Bar Dates are hereby established:

    a.  **General Bar Date**:  **4:00 p.m. (Atlantic Standard Time) on April 30, 2020**, is the deadline (the "General Bar Date") for filing proofs of claim (as defined in Bankruptcy Code section 101(5)), against PBA on account of (i) claims arising, or deemed to have arisen, prior to September 27, 2019, the

---

[2]     Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

commencement date for the PBA Title III case, including, for the avoidance of doubt, claims arising under Bankruptcy Code section 503(b)(9), and (ii) claims asserted by governmental units (as defined in Bankruptcy Code section 101(27));

b. **Rejection Bar Date**:  Except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, **4:00 p.m. (Atlantic Standard Time) on the date that is the later of (i) the General Bar Date and (ii) the first business day that is thirty-five (35) calendar days after the entry of an order by the Court authorizing such rejection** is the deadline for a party to any such rejected executory contract or unexpired lease to file proofs of claim relating to the rejection of such contract or lease (the "Rejection Bar Date," and together with the General Bar Date, the "Bar Dates"); and

c. **Bar Date if Creditor List is Amended or Supplemented**:  If, after the Bar Date Notice is served, PBA (a) amends its Creditor List to reduce a claim and/or to change the classification, nature or characterization of a claim, or (b) supplements its respective Creditor List, PBA shall give notice of any amendment or supplement to the holders of claims reduced or changed thereby, and advise such holders they shall each have until the **later of (i) the General Bar Date and (ii) thirty-five (35) days from the date of such notice** to file a proof of claim, or an amended proof of claim, if applicable, or be barred from so doing.

4.      Persons Required to File Proofs of Claim by the Applicable Bar Dates.  Except as set forth below, the Bar Dates apply to each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust, or governmental unit) asserting a claim against PBA.

5.      The following persons and entities are permitted and authorized, but are not required, to file Master Proofs of Claim; provided, however, that individual holders of any claim for which a Master Proof of Claim may be filed shall not be precluded from filing a proof of claim on account of their claims and interests:

      a.    <u>Bond Claims</u>.[3]  The indenture trustees, fiscal agents, or any similar agent or nominee (each, a "<u>Bond Representative</u>") for each respective series of bonds issued by PBA (to the extent such Bond Representative exists)[4] may file a master proof of claim (each, a "<u>Bond Debt Master Proof of Claim</u>") against PBA[5] on behalf of themselves and all holders of bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond document.[6]

      b.    <u>Union Claims</u>.  Each union may file a separate master proof of claim on behalf of its respective constituents (each, a "<u>Union Master Proof of Claim</u>") against PBA on account of all obligations due under their respective collective bargaining agreements or applicable statutes.

6.    <u>Persons NOT Required to File Proofs of Claim by the Applicable Bar Dates</u>.  The following persons and entities are **not** required to file a proof of claim on or before the applicable Bar Dates:

      a.    <u>Allowed Claims</u>:  Any person or entity whose claim was previously allowed by an order of this Court entered on or before the applicable Bar Date;

      b.    <u>Paid Claims</u>:  Any person or entity whose claim was paid in full by PBA, including claims paid by PBA after the commencement date of its Title III Case;

      c.    <u>Proofs of Claim Already Filed</u>:  Any person or entity who already properly filed a proof of claim, which substantially conforms to the Proof of Claim Form, in this Title III Case with the Court or PBA's claims and noticing agent;

      d.    <u>Claims Properly Listed and Categorized on Creditor Lists</u>:  Any person or entity whose claim is listed on one of the Creditor Lists and (i) the claim is not listed as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount and nature of the claim as set forth on

---

[3]  For the avoidance of doubt, a Bond Representative may file one Bond Debt Master Proof of Claim on behalf of all series of bonds issued by the same issuer (regardless of whether such issuer is a Debtor or non-debtor) under the issuer's respective Bond Documents, including multiple series of bonds by the same issuer under different Bond Documents, provided such series of bonds have the same priority.

[4]  To the extent PBA becomes aware of any series of bonds issued by PBA that do not have a Bond Representative, PBA may propose supplemental procedures regarding filing proofs of claim and related deadlines that would be applicable to holders of such bonds.

[5]  For the avoidance of doubt, such Bond Representative may file one master proof of claim on behalf of all series of bonds issued under the same trust agreement or similar document, provided such series of bonds assert the same priority.

the applicable Creditor List, and (iii) the person or entity does not dispute that the claim is an obligation of PBA;

e.    Pension Claims:  With respect to pension benefits and any and all other post-retirement benefits, any retiree, active employee, and former employee of PBA (including any former employee of PBA receiving early pension, financial incentive, or other benefits provided under Act No. 70-2010 or Act No. 211-2015 or similar laws or programs), or any person who is or was a participant in a pension plan administered by PBA, and any beneficiary of any the foregoing persons ("Pension Claims"); provided, however, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (l) of this Order by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

f.    Union or Non-Union Employee Claims:  Any union-represented or non-union represented employee, furloughed employee, or former employee for compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance benefits or workers' compensation claims ("Compensation Claims"); provided, however, that Compensation Claims shall not include claims asserted or to be asserted in any lawsuit or administrative proceeding based on tort or non-employment-related common law, statutory law, or regulation even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits;

g.    Individual Union Members' Claims:  Any person or entity that holds a claim limited to obligations due under their respective collective bargaining agreements, including, but not limited to, grievances, or claims arising from their current or former employment relationship with PBA ("CBA Claims"); provided, however, that any such holder must assert (I) a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (l) of this Order, or (II) a claim for a grievance that has been resolved and liquidated by settlement or arbitration award as of September 27, 2019 (such claim, a "Resolved Grievance"), by filing a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

h.    Individual Bondholder Claims Covered by Timely Filed Bond Master Proof of Claim: Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant Bond Representative files a Bond Debt Master Proof of Claim against PBA on or before the General Bar Date on account of all bond claims against PBA under the respective trust agreement or bond document; provided, however, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (l) of this Order by filing a proof of claim with respect to such

5

other claim on or before the General Bar Date to avoid disallowance of such other claim;

i.  Inter-Governmental Claims: Any municipality, department, or agency of the Commonwealth asserting a claim against PBA in an amount less than $100 million. For the avoidance of doubt, any entity asserting a claim against PBA equal to or greater than $100 million must file a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

j.  Administrative Expenses: Any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense (**other** than a claim under Bankruptcy Code section 503(b)(9));

k.  Proofs of Claim with Separate Deadlines: Any holder of a claim for which a separate deadline is or has been fixed by this Court; and

l.  Professionals' Administrative Claims: Professionals who assert administrative claims for fees and expenses subject to the Court's approval pursuant to PROMESA section 316.

7.  Bond Insurer Proofs of Claims. For the avoidance of doubt, insurers with respect to any series of bonds issued by PBA under trust agreements, indentures or resolutions (including, without limitation, those listed in the Creditor Lists) (the "Bond Insurers"), must, to the extent the filing of such claim is not otherwise made unnecessary by the terms of the foregoing Paragraph 6 of this Order, file a proof of claim with respect to any claims arising under the relevant bond insurance policies on or before the General Bar Date to avoid disallowance of such claims, subject to such Bond Insurer's rights under Bankruptcy Rule 3005, if any, all of which rights are expressly reserved. To the extent that any Bond Insurer makes a payment with respect to any series of bonds for obligations under the relevant Bond Documents, the Bond Insurer's proof of claim shall be deemed (to the extent appropriate under the relevant Bond Documents) to supersede that portion of any proof of claim filed by the relevant Bond Representative for such series of bonds, solely to the extent of such payment and resulting subrogation to the rights of the holders of such bonds; provided, however, such claims shall not

6

supersede or otherwise affect any other aspects of the Bond Representative's relevant proof of claim (including without limitation any mechanics of the relevant Bond Documents relating to distribution or otherwise); provided, further, that nothing in this Order shall affect the right of any party in interest to file objections to a Bond Insurer's claim based on sections 502 and/or 509 of the Bankruptcy Code.

8.      To the extent duplicate claims are filed under the foregoing provisions or otherwise, PBA's representative may file objections thereto.   Any disallowance of claims (including, without limitation, duplicate claims) shall be made in accordance with, and to the extent provided for under, applicable law without giving effect to the entry of this Order (other than the form, timing, manner of filing, and other procedural requirements for filing proofs of claim set forth herein).   To the extent Master Proofs of Claim are filed, PBA and any party in interest that has standing to object to such Master Proof of Claim shall be required to serve objections, if any, to such Master Proofs of Claim only on the persons and entities that filed such Master Proofs of Claim, and not the holder of each claim purported to be covered by such Master Proof of Claim.

9.      A copy of all filed Master Proofs of Claim shall be posted on a separate, Master Proof of Claim hyperlink on the Debtor's case website, https://cases.primeclerk.com/puertorico/ and available for download, free-of-charge.

10.      Any creditor (other than a holder of a Claim identified in Paragraph 6 of this Order) who desires to participate or share in any distribution in the Title III Case and whose claim (i) is not listed on the Creditor List, or (ii) is listed on the Creditor List as "disputed," "contingent," or "unliquidated," to avoid disallowance, must file a proof of claim on or before the applicable Bar Date for such claim.   Additionally, any creditor (other than a holder of a Claim

identified in Paragraph 6 of this Order) (x) whose claim <u>is</u> listed on the Creditor List, (y) believes the classification and/or amount of the claim is incorrect, and/or (z) desires to have its claim allowed in a classification and/or amount other than as set forth on the Creditor List, must file a proof of claim on or before the applicable Bar Date for such claim.

11.     All proofs of claim must (i) be written in English or Spanish; (ii) be denominated in lawful currency of the United States as of the Title III Case commencement date; (iii) set forth with specificity the legal and factual basis for the asserted claim; (iv) include a copy of the supporting documentation (or, if such documentation is voluminous, a summary of such documentation must be attached) or an explanation as to why such documentation is not available, with such documentation, summary, or explanation being provided in English or Spanish; (v) include an original or electronic signature of the claimant or an authorized agent of the claimant; and (vi) substantially conform to the Proof of Claim Form approved by this Order if submitted using an alternative form.  Any claimant that provides a summary in lieu of supporting documentation shall transmit the documents in support of its claim to Prime Clerk and PBA within ten days after the date of any written request by PBA for such documents, to the extent such documents are in the possession of the claimant.   After the applicable Bar Date, amendments to timely filed proofs of claim will only be allowed to the extent an amended claim is based on the same facts and circumstances as a timely filed claim, and in accordance with applicable law, or as otherwise ordered by the Court.

12.     **<u>All proofs of claim shall be delivered to and received by Prime Clerk no later than 4:00 p.m. (Atlantic Standard Time) on the applicable Bar Date</u>**.  If proofs of claim are delivered (i) by <u>first class mail</u>, they are to be delivered to The Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, P.O. Box 4708, New

8

York, NY 10163-4708; (ii) by <u>overnight courier</u>, they are to be delivered to The Commonwealth

of Puerto Rico, Claims Processing Center c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412,

Brooklyn, NY 11232; or (iii) by <u>hand delivery</u>, they are to be delivered to any of the following

locations: (a) Commonwealth of Puerto Rico Claims Processing Center c/o Prime Clerk, LLC,

850 Third Avenue, Suite 412, Brooklyn, NY 11232, (b) José V. Toledo Federal Building & US

Courthouse, 300 Recinto Sur Street, San Juan, PR 00901, (c) MCS Building, Suite 222 A, 880

Tito Castro Avenue, Ponce, PR 00716-4732, (d) Federico Degetau Federal Building and

Clemente Ruiz Nazario U.S. Courthouse, 150 Carlos Chardón Street, San Juan, Puerto Rico,

00918-1767 or (e) such other locations in the Commonwealth the Debtor establishes, which shall

be listed in the Bar Date Notice.  Alternatively, proofs of claim may be submitted electronically

through the Debtor's case management site at the following address:

https://cases.primeclerk.com/puertorico/EPOC-Index.   Prime Clerk **shall not** accept proofs of

claim by facsimile, telecopy, or email; <u>provided</u>, <u>however</u>, they may be submitted through Prime

Clerk's website (listed in the preceding sentence).

13.    Subject to Paragraph 6 of this Order, any creditor who fails to file a proof of claim

on or before the applicable Bar Date (subject to the acceptance of a proof of claim after the

applicable Bar Date pursuant to an order of this Court), with respect to such claim:  (a) shall not

be treated as a creditor of PBA for purposes of voting upon or receiving distributions under any

plan of adjustment in this Title III Case, and (b) shall be forever barred, estopped, and enjoined

from asserting such claim against PBA or thereafter filing a proof of claim thereto in this Title III

Case (unless otherwise ordered by the Court), and PBA and its property shall be forever

discharged from any and all indebtedness or liability with respect to such claim.  A holder of any

such claim shall not be permitted to vote to accept or reject any plan of adjustment filed in this

Title III Case on account of such claim, participate in any distribution in this Title III Case on account of such claim, or receive further notices with respect to this Title III Case on account of such claim. Moreover, any creditor that relies on the Creditor List bears responsibility for determining that its claim is accurately listed therein.

14.     PBA's proposed procedures for serving and publishing the Bar Date Notice and Reminder Notice comply with the requirements of PROMESA, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Local Bankruptcy Rules, made applicable in this Title III Case pursuant to the *Tenth Amended Notice, Case Management and Administrative Procedures* Case No. 17-3283, ECF No. 8027, and are hereby approved.

15.     In accordance with Bankruptcy Rule 2002, PBA, through Prime Clerk, is authorized and directed to serve the Bar Date Notice (in English and Spanish translation) and a Proof of Claim Form by first-class mail, postage prepaid, on or before fifteen (15) days after the date the Court's order granting the General Bar Date is issued to: (a) all parties listed on PBA's Creditors List; (b) the Office of the United States Trustee for the District of Puerto Rico; (c) the statutory committees (if any) appointed in this Title III Case; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) the Puerto Rico Department of Justice; (f) the Internal Revenue Service; (g) local taxing authorities; and (h) all parties filing a notice of appearance in this Title III Case.

16.     In accordance with Bankruptcy Rule 2002, PBA, through Prime Clerk, is authorized and directed to cause a copy of a notice, substantially in the form of the Bar Date Notice, to be published, on or before fifteen (15) days after the date the Court's order granting the General Bar Date is issued to, in (a) *El Nuevo Día* in Spanish (primary circulation is in Puerto Rico), (b) *Caribbean Business* in English (primary circulation is in Puerto Rico), (c) *El Diario*

and *El Nuevo Herald*, both in Spanish (primary circulation is in New York and Miami, respectively), and (d) *The Bond Buyer*.

17.     PBA, through Prime Clerk, is authorized and directed to cause no less than ten radio advertisements, alerting listeners to the fact that the Bar Date Notice and Proof of Claim Form have been mailed and published, with publication information, to be aired during the two-week period preceding the Bar Date, on (a) WMEG-FM (contemporary hit radio) in Spanish and (b) WKAQ-AM (Spanish language talk radio) in Spanish.

18.     In accordance with Bankruptcy Rule 2002, PBA, through Prime Clerk, is authorized and directed to cause a copy of a reminder notice, substantially in the form of the Reminder Notice, to be published, on a date that is on or before 30 days after the first publication in the same publications listed above, in (a) *El Nuevo Día* in Spanish (primary circulation is in Puerto Rico), (b) *Caribbean Business* in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation is in New York and Miami, respectively), and (d) *The Bond Buyer*.

19.     In addition to the Bar Date Notice and Proof of Claim Form, in accordance with Local Bankruptcy Rule 1007-1(f), for those persons or entities listed on the Creditor List as holding a claim classified as contingent, unliquidated, and/or disputed, PBA, through Prime Clerk, will serve each such creditor with a Proof of Claim Form that will include the contingent, unliquidated, and/or disputed status of such claim.

20.     <u>Notice to Pension Claimants</u>.  In addition to the Bar Date Notice and Proof of Claim Form, PBA, through Prime Clerk, is authorized and directed to serve the Special Notice to Pension, Retiree, and Employee Claimants attached hereto as **<u>Exhibit 3</u>** (the "<u>Pension, Retiree,</u>

and Employee Notice") to all holders of Pension Claims, Compensation Claims, and CBA Claims.

21.     The Bar Date Notice, the Reminder Notice, the Proof of Claim Form, the Pension, Retiree, and Employee Notice, and the Creditor Lists shall be posted and available for download free-of-charge on the Debtor's case website, https://cases.primeclerk.com/puertorico/.  Further, the Bar Date Notice, the Proof of Claim Form, and Creditor List shall be posted and available for download free-of-charge on PBA's case website, https://cases.primeclerk.com/puertorico/.

22.     This Order is without prejudice to the rights, claims, objections, counterclaims, offsets, recoupments, and defenses of PBA with respect to any claim or duplicate claim filed against PBA, and nothing herein shall be deemed to allow or compel payment of any claim.

23.     Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

24.     PBA and the Oversight Board, as the Debtor's representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

25.      The Court retains exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

Dated: _____, 20__          _____
                                        Honorable Laura Taylor Swain
                                        United States District Judge

## **Exhibit 1-A**

### **Bar Date Notice**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.,* | (Jointly Administered) |
| Debtor.[1] | |
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | |
| THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, | Case No. 19 BK 5523-LTS |
| Debtor. | (Jointly Administered) |

## NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM FOR CREDITORS OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY

**TO ALL CREDITORS OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, AND TO OTHER PARTIES IN INTEREST, PLEASE TAKE NOTICE OF THE FOLLOWING:**

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") has filed a voluntary petition under section 304(a) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] initiating a Title III case under PROMESA (a "Title III Case") for the Puerto Rico Public Buildings Authority ("PBA" or the "Debtor") on September 27, 2019.  **You may be a creditor of PBA, and you may be required to file a proof of claim** ("Proof of Claim").

---

[2]   PROMESA is codified at 48 U.S.C. §§ 2101-2241.

**OVERVIEW – KEY POINTS**

- This document is a legal notice concerning PBA's Title III case.  This document is being sent to all parties that may be owed money by PBA (known as "<u>Creditors</u>").

- **The Overview on this page describes the key terms of this document.  Please read the entire document carefully for further details.**

- In a Title III case under PROMESA, Creditors of PBA may be required to file claim forms stating the amount of money owed to them as of the day the Title III case was filed.  This document explains how to file claims.

- **Many creditors of PBA <u>are not required</u> to file a claim.**  This document explains who is required to file a claim and who is not required to file a claim.  **Please see Section 2 of this document for a complete list of parties <u>not</u> required to file a claim.**

- **If you are not required to file a claim, you do not need to complete and return a claim form**, and you will still keep your rights to vote on a plan of adjustment and receive payments under the plan.  A plan of adjustment is a document that explains how PBA proposes to pay the amounts it owes to its creditors.  This plan is available for creditors to review at https://cases.primeclerk.com/puertorico/.

- **If you are required to file a claim against PBA**, you must do so by **<u>April 30, 2020 at 4:00 p.m., Atlantic Standard Time</u>**.  A form that you may use to file your claim is provided with this document.

- Claims may be filed by (a) electronically filing on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index, or (b) mail or hand delivery to the addresses provided in Section 6 of this document.

- After reading this document, if you require additional information regarding this Notice, you may contact the Claims Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.  Please note that the people answering the phone number are not able to provide legal advice.  If you have questions about your legal rights, including whether you need to file a claim, you should talk to an attorney.

## <u>Section 1 – The Bar Dates</u>

On _____, the United States District Court for the District of Puerto Rico (the "<u>District Court</u>") entered an order (the "<u>Bar Date Order</u>") in the Title III Case for PBA in accordance with Bankruptcy Rule 3003(c) fixing the following deadlines to file Proofs of Claim (collectively, the "<u>Bar Dates</u>"):

(a) **<u>General Bar Date</u>**: **4:00 p.m. (Atlantic Standard Time) on April 30, 2020**, is the deadline (the "<u>General Bar Date</u>") for filing proofs of claim (as defined in Bankruptcy Code section 101(5)), against PBA on account of (i) claims arising, or deemed to have arisen, prior to the commencement of PBA's Title III Case on September 27, 2019, including, for the avoidance of doubt, claims arising under Bankruptcy Code section 503(b)(9), and (ii) claims asserted by governmental units (as defined in Bankruptcy Code section 101(27));

(b) **<u>Rejection Bar Date</u>**: Except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, **4:00 p.m. (Atlantic Standard Time) on the date that is the later of (i) the General Bar Date and (ii) the first business day that is thirty-five (35) calendar days after the entry of an order by the Court authorizing such rejection** is the deadline for a party to any such rejected executory contract or unexpired lease to file proofs of claim relating to the rejection of such contract or lease (the "<u>Rejection Bar Date</u>," and together with the General Bar Date, the "<u>Bar Dates</u>"); and

(c) **<u>Bar Date if Creditor List is Amended or Supplemented</u>**: If, after the Bar Date Notice is served, PBA (a) amends its Creditor List to reduce a claim and/or to change the classification, nature or characterization of a claim, or (b) supplements its respective Creditor List, PBA shall give notice of any amendment or supplement to the holders of claims reduced or changed thereby, and advise such holders they shall each have until the **later of (i) the General Bar Date and (ii) thirty-five (35) days from the date of such notice** to file a proof of claim, or an amended proof of claim, if applicable, or be barred from so doing.

As used in this Notice, a "claim," as defined in section 101(5) of the Bankruptcy Code, whenever arising, is any claim against PBA based upon PBA's primary, secondary, direct, indirect, fixed, secured, unsecured, contingent, guaranteed, disputed, undisputed, liquidated, unliquidated, matured, unmatured, legal, or equitable liability or otherwise, including, for the avoidance of doubt, claims arising under section 503(b)(9) of the Bankruptcy Code (each, a "<u>Claim</u>").

**<u>Section 2 – Who Is NOT Required To File a Proof of Claim</u>**

  THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST PBA OR THAT PBA BELIEVES YOU HAVE A CLAIM.

  **The following persons and entities are <u>not</u> required to file a Proof of Claim on or before the applicable Bar Date**:

  A. <u>Allowed Claims</u>:  Any person or entity whose claim was previously allowed by an order of this Court entered on or before the applicable Bar Date;

  B. <u>Paid Claims</u>:  Any person or entity whose claim was paid in full by PBA, including claims paid by PBA after the commencement date of its Title III Case;

  C. <u>Proofs of Claim Already Filed</u>:  Any person or entity who already properly filed a proof of claim, which substantially conforms to the Proof of Claim Form, in this Title III Case with the Court or PBA's claims and noticing agent;

  D. <u>Claims Properly Listed and Categorized on Creditor List</u>:  Any person or entity whose claim is listed on the Creditor List and (i) the claim is not listed as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount and nature of the claim as set forth on the Creditor List, and (iii) the person or entity does not dispute that the claim is an obligation of PBA;

  E. <u>Pension Claims</u>:   Any retiree, active employee, and former employee and any beneficiary of the foregoing persons for accrued pensions and any and all other post-retirement benefits due as a result of such person's employment by or by being a beneficiary of the PBA ("<u>Pension Claims</u>"); <u>provided</u>, <u>however</u>, that any such holder should assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through L. of this Motion by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

  F. <u>Union or Non-Union Employee Claims</u>:   Any union-represented or non-union represented employee, furloughed employee, or former employee for compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance benefits, or workers' compensation claims ("<u>Compensation Claims</u>"); <u>provided</u>, <u>however</u>, that Compensation Claims shall not include claims asserted or to be asserted in any lawsuit or administrative proceeding based on tort or non-employment-related to common law, statutory law, or regulation even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits;

  G. <u>Individual Union Members' Claims</u>:  Any person or entity that holds a claim limited to obligations due under their respective collective bargaining agreements, to the

5

extent the relevant union files a master proof of claim on behalf of their respective constituents against PBA ("CBA Claims"); provided, however, that any such holder should assert (I) a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through L. or (II) a claim for a grievance that has been resolved and liquidated by settlement or arbitration award as of September 27, 2019 (such claim, a "Resolved Grievance"), by filing a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

H.  Individual Bondholder Claims Covered by Timely Filed Bond Master Proof of Claim: Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant indenture trustee, fiscal agent, or similar agent or nominee files a Bond Debt Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all bond claims against the relevant Debtor under the respective trust agreement or bond document; provided, however, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through L. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

I.  Inter-Governmental Claims: Any municipality, department, or agency of the Commonwealth asserting a claim against PBA in an amount less than $100 million. For the avoidance of doubt, any entity asserting a claim against PBA equal to or greater than $100 million must file a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

J.  Administrative Expenses:  Any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense (**other** than a claim under Bankruptcy Code section 503(b)(9));

K.  Proofs of Claim with Separate Deadlines:  Any holder of a claim for which a separate deadline is or has been fixed by this Court; and

L.  Professionals' Administrative Claims:  Professionals who assert administrative claims for fees and expenses subject to the Court's approval pursuant to PROMESA section 316;

provided, however, that, should the District Court fix a date by which the Claims described in Paragraphs A. through L. above must be filed, you will be notified of such bar date at the appropriate time.

## Section 3 – Who MUST File a Proof of Claim

You **MUST** file a **Proof of Claim** to vote on any plan of adjustment filed by the Oversight Board on behalf of PBA or to share in any distributions from PBA if you have a Claim that arose prior to the commencement date and it is not one of the types of Claims described in Paragraphs A. through L. in Section 2 above.

6

A holder of a possible Claim against PBA should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.

**Section 4 – Consequences of Failure to File a Proof of Claim by the Applicable Bar Date**

ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN PARAGRAPHS A. THROUGH L. IN SECTION 2 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED (UNLESS OTHERWISE ORDERED BY THE COURT) FROM ASSERTING SUCH CLAIM AGAINST PBA, FROM VOTING ON ANY PLAN OF ADJUSTMENT FILED IN THIS TITLE III CASE, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THIS TITLE III CASE ON ACCOUNT OF SUCH CLAIM.

**Section 5 – What to File**

Each Proof of Claim, to be properly filed pursuant to this Notice, shall: (i) be written in English or Spanish; (ii) be denominated in lawful currency of the United States as of the Title III Case commencement date; (iii) set forth with specificity the legal and factual basis for the asserted claim; (iv) include a copy of the supporting documentation (or, if such documentation is voluminous, you must attach a summary of such documentation) or an explanation as to why such documentation is not available, with such documentation, summary, or explanation being provided in English or Spanish; (v) include an original or electronic signature of the claimant or an authorized agent of the claimant; and (vi) substantially conform to the Proof of Claim Form approved by the Bar Date Order.   If you file a summary of the supporting documentation because they are voluminous, you must transmit the supporting documentation to (a) the Claims Agent and (b) PBA within ten days after the date of a written request by PBA for such documents.

The Proof of Claim Form can be obtained, as well as filed, on the website established and maintained by the Claims Agent at https://cases.primeclerk.com/puertorico/.

**Section 6 – Where and How to File**

All Proofs of Claim, except as otherwise provided for or specifically excepted in Section 2 above, shall be filed with the claims and noticing agent, Prime Clerk LLC (the "Claims Agent") pursuant to the procedures provided herein **so as to actually be received** on or before the applicable Bar Date, depending upon the nature of the Claim.

Proofs of Claim may be filed through any of the following methods:

(i)      completing the electronic Proof of Claim on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index,

(ii)      if delivered **by first class mail**, at the following address:  Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4708, New York, NY 10163-4708,

(iii)    if **by overnight courier**, at the following address: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or

(iv)    if **by hand delivery**, at any of the following locations: (a) Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or (b) the following locations in the Commonwealth, available during the listed dates and times:

| Locations in the Commonwealth Accepting Proofs of Claim by Hand Delivery[3] All locations are available from [____] to [____] (except weekends and Court Holidays) | |
| --- | --- |
| Address | Hours (AST) |
| José V. Toledo Federal Building & US Courthouse Clerk's Office 300 Recinto Sur Street San Juan, PR 00901 | M-F 8:00 a. m. to 5:00 p. m. |
| Federico Degetau Federal Building and Clemente Ruiz Nazario U.S. Courthouse Clerk's Office 150 Carlos Chardón Street, San Juan, Puerto Rico, 00918-1767 | M-F 8:30 a. m. to 3:30 p. m. |
| MCS Building, Suite 222 A Bankruptcy Court Clerk's Office 880 Tito Castro Avenue Ponce, PR 00716-4732 | M-F 8:00 a. m. to 5:00 p. m. |
| ~~Aerotek Añasco~~ Bianca Convention Center Carr 2 KM 143, ~~Suite 3~~ -1st Floor, Añasco, PR 00610 | M-F 8:30 a. m. to 5:00 p. m. |
| Oceana HUB Center 2 Calle Acerina Caguas, PR 00725 | M-F 8:30 a. m. to 5:00 p. m. |
| Citi Towers 250 Ponce de León Ave. Suite 503, Hato Rey, San Juan, PR 00918 | M-F 8:30 a. m. to 5:00 p. m. |

---

[3]    PBA reserves the right to amend the locations accepting proofs of claim by hand delivery.

Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission will **not** be accepted; <u>provided</u>, <u>however</u>, they may be submitted through Prime Clerk's website: https://cases.primeclerk.com/puertorico/EPOC-Index.

## Section 7 – Additional Information

PBA's Creditor Lists and the Bar Date Order may be downloaded and examined free of charge from the Claims Agent website, https://cases.primeclerk.com/puertorico/.  Any creditor that relies on PBA's Creditor Lists bears responsibility for determining that its Claim is accurately listed therein.

If you require additional information regarding this Notice, you may contact the Claims Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

Dated:  _____

10

**<u>Bar Date Notice – Spanish Translation</u>**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En la causa: | PROMESA |
| | Título III |
| LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | |
| como representante de | |
| EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Y OTROS | |
| Deudor.[1] | Caso n.º 17 BK 3283-LTS |
| | |
| En la causa: | |
| LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | (Administrados en forma conjunta) |
| como representante de | |
| LA AUTORIDAD DE EDIFICIOS PUBLICOS DE PUERTO RICO | PROMESA |
| Deudor. | Título III |
| | |
| | Caso n.º 17 BK 3283-LTS |

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado ") (Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") (últimos cuatro dígitos del número de identificación tributaria federal: 3747); y (vi) Autoridad de Edificios Públicos ("PBA") (Caso de quiebra No. 19-BK-5523-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3801) (los casos al amparo del Título III figuran como números el Caso de Quiebra debido a limitaciones del software).

2

(Administrados en forma conjunta)

## AVISO DE PLAZOS PARA LA PRESENTACIÓN
## DE EVIDENCIAS DE RECLAMACIONES

**A TODOS LOS ACREEDORES DE LOS DEUDORES Y OTRAS PARTES
INTERESADAS, TENGA A BIEN NOTIFICARSE:**

La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") presentó una peticion voluntaria en virtud del artículo 304(a) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] que inicia un casos en virtud del Título III de PROMESA (un "Caso en virtud del Título III") para la Autoridad de Edificios Públicos ("PBA" o el "Deudor") el 27 de septiembre de 2019. **Usted podría ser acreedor de PBA y es posible que deba presentar una evidencia de reclamación** ("Evidencia de reclamación").

---

[2]   PROMESA está codificada en el Título 48, artículos 2101-2241 del Código de los Estados Unidos (U.S.C.).

3

## INFORMACIÓN GENERAL: PUNTOS CLAVE

- Este documento es un aviso legal con respecto al Caso en virtud del Título III de PBA. El documento se enviará a todas las partes con las cuales PBA posiblemente tenga deudas en dinero (conocidas como "acreedores").

- **En la información general de esta página, se describen los términos clave del documento. Lea detenidamente todo el documento para obtener más detalles.**

- En un procedimiento bajo el Título III conforme a la ley PROMESA, es probable que se les exija a los acreedores de PBA que presenten formularios de evidencia de reclamaciones que indiquen el monto adeudado hasta el día en que se presentó el caso. En este documento se explica cómo presentar reclamaciones.

- **A muchos acreedores de PBA <u>no se les exige</u> presentar una reclamación.** En este documento se explica quiénes deben presentar una reclamación y quiénes no deben presentarla. **Consulte la Sección 2 de este documento para obtener una lista completa de las partes que <u>no</u> deben presentar una reclamación.**

- **Si a usted no se le exige presentar una reclamación, no es necesario que complete y devuelva un formulario de evidencia de reclamación**, y seguirá manteniendo sus derechos de votar con respecto a un plan de ajuste y recibir pagos en virtud del plan. Un plan de ajuste es un documento en el que se explica la manera en que PBA propone pagar los montos adeudados a sus acreedores. Este plan está disponible para que lo revisen los acreedores en https://cases.primeclerk.com/puertorico/.

- **Si debe presentar una reclamación en contra de PBA**, debe hacerlo antes del **<u>22 de abril de 2020 a las 4:00 p. m., hora del Atlántico</u>**. Con este documento, se proporciona un formulario que puede usar para presentar su reclamación.

  - Las reclamaciones pueden presentarse (a) de manera electrónica, realizando la presentación en el sitio web del Agente de reclamaciones en https://cases.primeclerk.com/puertorico/EPOC-Index, o (b) por correo postal o entrega personalmente en las direcciones indicadas en la Sección 6 de este documento.

- Si, después de leer este documento, necesita información adicional sobre este Aviso, puede comunicarse con el Agente de reclamaciones al (844) 822-9231 (línea gratuita para los EE. UU y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a. m. a 7:00 p. m. (hora del Atlántico) (disponible en español), o por correo electrónico a la dirección puertoricoinfo@primeclerk.com. Tenga en cuenta que las personas que responden las llamadas no pueden brindar asesoramiento legal. Si tiene preguntas sobre sus derechos legales, entre ellos, si necesita presentar una reclamación, debe hablar con un abogado.

**Sección 1. Las Fechas límite**

El _____, el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto
Rico (el "Tribunal de Distrito") emitió una resolución (la "Orden de fechas límite") para el Caso
en virtud del Título III de PBA de conformidad con la Norma de quiebra 3003(c) en la que se
establecen los siguientes plazos para presentar Evidencias de reclamaciones (en conjunto, las
"Fechas límite"):

    (a) **Fecha límite general**: **4:00 p. m. (hora estándar del Atlántico) del 30 de
abril de 2020**. Este es el plazo (la "Fecha límite general") para presentar
evidencias de reclamaciones (según se definen en el artículo 101(5) del
Código de Quiebras), en contra de PBA por concepto de (i) reclamaciones que
surgieron o se considera que surgieron antes de la fecha de inicio del Caso de
PBA el 27 de septiembre de 2019 en virtud del Título III, incluidos, a fin de
disipar dudas, reclamaciones que surgieron de conformidad con el artículo
503(b)(9) del Código de Quiebras, y (ii) reclamaciones alegadas por entidades
gubernamentales (según se definen en el artículo 101(27) del Código de
Quiebras).

    (b) **Fecha límite de rechazos**: salvo que se estipule lo contrario en alguna orden
que autorice el rechazo de un contrato de ejecución pendiente o un
arrendamiento vigente, las **4:00 p. m. (hora estándar del Atlántico) de la
fecha que sea posterior entre (i) la Fecha límite general y (ii) el primer día
hábil después de los treinta y cinco (35) días calendario posteriores a la
emisión de la orden por parte del Tribunal que autorice dicho rechazo** es
el plazo para que una parte del contrato de ejecución pendiente o
arrendamiento vigente rechazados presente evidencias de reclamaciones
relacionadas con el rechazo de dicho contrato o arrendamiento (la "Fecha
límite de rechazos" y, junto con la Fecha límite general, las "Fechas límite").

       Según su uso en este Aviso, una "reclamación", tal como se define en el artículo 101(5)
del Código de Quiebras, siempre que surge, incluye, cualquier reclamación en contra de PBA
basado en la responsabilidad primaria, secundaria, directa, indirecta, fija, garantizada, no
garantizada, eventual, asegurada, impugnada, no impugnada, liquidada, no liquidada, vencida, no
vencida, legal o conforme al sistema del Equity de PBA o de alguna otra manera, incluidos, a fin
de disipar dudas, las reclamaciones que surjan de conformidad con el artículo 503(b)(9) del
Código de Quiebras (cada uno de ellos, una "Reclamación").

**Sección 2. Quiénes NO deben presentar Evidencias de reclamaciones**

EL HECHO DE QUE HAYA RECIBIDO ESTE AVISO NO IMPLICA QUE USTED TENGA UNA RECLAMACIÓN EN CONTRA DE PBA NI QUE PBA CONSIDERE QUE USTED TIENE UNA RECLAMACIÓN.

A las siguientes personas y entidades no se les exige presentar una Evidencia de reclamaciones en la Fecha límite correspondiente o con anterioridad:

A. Reclamaciones permitidas: cualquier persona o entidad cuya reclamación se haya permitido anteriormente mediante una orden de este Tribunal emitida en la Fecha límite correspondiente o con anterioridad.

B. Reclamaciones pagadas: cualquier persona o entidad cuya reclamación se haya pagado totalmente por parte de un Deudor, incluidas las reclamaciones pagados por un Deudor después de la fecha de inicio de su respectivo Caso en virtud del Título III.

C. Evidencias de reclamaciones ya presentadas: cualquier persona o entidad que ya presentó correctamente una evidencia de reclamación, que respeta sustancialmente el Formulario de evidencia de reclamación, en estos Casos en virtud del Título III ante el Tribunal o el agente de reclamaciones y avisos de los Deudores.

D. Reclamaciones correctamente mencionados y categorizados en las Listas de acreedores: cualquier persona o entidad cuya reclamación figure en una de las Listas de acreedores y (i) si la reclamación no se menciona como "impugnada", "eventual" o "no liquidada", (ii) si la persona o la entidad no impugnan el monto y la naturaleza de la reclamación, tal como se establece en la Lista de acreedores correspondiente, y (iii) si la persona o la entidad no disputan que la reclamación es una obligación del Deudor en cuestión.

E. Reclamaciones por pensión: Cualquier jubilado, empleado activo y exempleado y cualquier beneficiario de las personas mencionadas anteriormente por pensiones acumuladas y cualquier y todo beneficio post-retiro vencido como resultado de cada empleo de esa persona por ser un beneficiario del Deudor de Título III ("Reclamaciones de Pensión"); sin embargo, dicho titular debe alegar una reclamación que no esté exceptuada, de alguna otra manera, de la presentación de una evidencia de reclamaciones según los párrafos A a L de esta moción, para lo cual debe presentar una evidencia de reclamaciones con respecto a esta otra reclamación en la Fecha límite general o con anterioridad para evitar el rechazo de la otra reclamación.

F. Reclamaciones de empleados sindicalizados o no sindicalizados: cualquier empleado, empleado con licencia o exempleado representados por un sindicato o no representados por un sindicato para la indemnización y los beneficios de empleo, incluidos, entre otros, los sueldos, salarios, beneficios médicos para empleados, o beneficios de seguros o reclamaciones de indemnización por accidentes laborales ("Reclamaciones de indemnización"); sin embargo, las reclamaciones de indemnización no deben incluir reclamaciones que se alegaron o se alegarán en una causa judicial o un procedimiento administrativo sobre la base de agravio o derecho consuetudinario, derecho estatutario o reglamentaciones no relacionados con el

6

empleo, incluso cuando dichas reclamaciones se alegan como daños o derecho a recibir sueldos, salarios, beneficios médicos para empleados o beneficios de seguros.

G. <u>Reclamaciones de miembros de sindicatos individuales</u>: cualquier persona o entidad titular de una reclamaciones se limita a obligaciones en virtud de sus respectivos convenios colectivos de trabajo, en la medida en que la unión relevante presente una reclamación colectiva de sus respectivos constituyentes contra el Deudor ("Reclamaciones CBA"); <u>sin embargo</u>, dicho titular debe alegar (i) una reclamación que no esté exceptuada, de alguna otra manera, de la presentación de una evidencia de reclamaciones según los párrafos A a L o (ii) una reclamación por una queja que se resolvió y liquidó mediante un arreglo o laudo arbitral al 27 de septiembre de 2019 (dicha reclamación, una "Queja Resuelta"), y, para ello, debe presentar una evidencia de reclamaciones con respecto a la reclamación en la Fecha límite general o con anterioridad para evitar el rechazo de la reclamación.

H. <u>Reclamaciones de tenedores de bonos individuales cubiertos por evidencias de reclamaciones principales de deudas en bonos presentadas oportunamente</u>: cualquier persona o entidad titular de una reclamación que se limita al pago de capital, intereses y otros cargos y gastos, en la medida en que el fiduciario, agente fiscal, o agente o designado similares pertinentes presenten una Evidencia de reclamaciones principal de una deuda en bonos en contra del Deudor pertinente en la Fecha límite general o con anterioridad en concepto de todos las reclamaciones en forma de bonos en contra del Deudor pertinente en virtud del respectivo acuerdo de fideicomiso o documento del bono; <u>sin embargo</u>, dicho titular debe alegar una reclamación que no esté exceptuado, de alguna otra manera, de la presentación de una evidencia de reclamaciones según los párrafos A a L de esta sección, para lo cual debe presentar una evidencia de reclamaciones con respecto a esta otra reclamación en la Fecha límite general o con anterioridad para evitar el rechazo de la otra reclamación.

I. <u>Reclamaciones intergubernamentales</u>: cualquier municipio, departamento u organismo de Commonwealth que no sea un Deudor ni un "organismo territorial cubierto" (según se define en la ley PROMESA) que alegue una reclamación en contra de PBA por un monto menor que $100 millones. A fin de disipar dudas, cualquier entidad que alegue una reclamación en contra de PBA igual o superior a $100 millones debe presentar una evidencia de reclamaciones con respecto a dicha reclamación en la Fecha límite general o con anterioridad para evitar el rechazo de dicha reclamación.

J. <u>Gastos administrativos</u>: cualquier titular de una reclamación permisible en virtud de los artículos 503(b) y 507(a)(2) del Código de Quiebras como gasto administrativo (**que no sea** una reclamación en virtud del artículo 503(b)(9) del Código de Quiebras).

K. <u>Evidencias de reclamaciones con plazos independientes</u>: cualquier titular de una reclamación para el cual este Tribunal fije o haya fijado un plazo independiente.

L. <u>Reclamaciones administrativas de profesionales</u>: profesionales que alegan reclamaciones administrativas por honorarios y gastos sujetos a la aprobación del Tribunal de conformidad con el artículo 316 de la ley PROMESA.

<u>Sin embargo</u>, en caso de que el Tribunal de Distrito fije una fecha antes de la cual deban presentarse las reclamaciones descritas anteriormente en los párrafos A a L, usted recibirá oportunamente una notificación de dicha fecha límite.

**Sección 3. Quiénes DEBEN presentar Evidencias de reclamaciones**

Usted **DEBE** presentar una **Evidencia de reclamaciones** para votar en cualquier plan de ajuste presentado por la Junta de Supervisión en nombre de PBA o para participar en las distribuciones de PBA si tiene una reclamación que surgió antes de la fecha de inicio y que no corresponde a uno de los tipos de reclamaciones descritos anteriormente en los párrafos A a L de la Sección 2.

**Un titular de una posible reclamación en contra de PBA debe consultar con un abogado si tiene preguntas relacionadas con este Aviso, entre ellas, si dicho titular debe presentar una Evidencia de reclamación.**

**Sección 4. Consecuencias de no presentar una Evidencia de reclamaciones antes de la Fecha límite correspondiente**

**A TODO TITULAR DE UNA RECLAMACIÓN QUE NO ESTÉ EXIMIDA DE LOS REQUISITOS DE LA ORDEN DE FECHAS LÍMITE, TAL COMO SE INDICÓ ANTERIORMENTE EN LOS PÁRRAFOS A-L DE LA SECCIÓN 2, Y QUE NO PRESENTE DE MANERA OPORTUNA UNA EVIDENCIA DE RECLAMACIONES EN EL FORMULARIO APROPIADO SE LE PROHIBIRÁ A PERPETUIDAD (<u>SALVO QUE EL TRIBUNAL RESUELVA LO CONTRARIO</u>) ALEGAR DICHA RECLAMACIÓN EN CONTRA DE PBA, VOTAR EN CUALQUIER PLAN DE AJUSTE PRESENTADO EN ESTE CASO EN VIRTUD DEL TÍTULO III Y PARTICIPAR DE CUALQUIER DISTRIBUCIÓN EN ESTE CASO EN VIRTUD DEL TÍTULO III EN CONCEPTO DE DICHA RECLAMACIÓN.**

**Sección 5. Qué se debe presentar**

Cada Evidencia de reclamación, para presentarse correctamente de conformidad con este Aviso, deberá: (i) estar escrita en inglés o en español; (ii) estar denominada en moneda de curso legal de los Estados Unidos a la fecha de inicio del Caso pertinente en virtud del Título III; (iii) establecer específicamente el fundamento legal y fáctico de la reclamación alegada; (iv) incluir una copia de la documentación de respaldo (o, si esta documentación es demasiado extensa, debe adjuntar un resumen de dicha documentación) o una explicación de por qué la documentación no está disponible, y la documentación, el resumen o la explicación deben proporcionarse en inglés o en español; (v) incluir una firma original o electrónica del reclamante o un representante autorizado del reclamante, y (vi) respetar sustancialmente el Formulario de evidencia de reclamaciones aprobado por la Orden de fechas límite. Si presenta un resumen de la documentación de respaldo porque es muy extensa, debe enviar esta documentación (a) al Agente de reclamaciones y (b) al Deudor en un plazo de diez días posteriores a la fecha de una solicitud escrita de dichos documentos por parte del Deudor.

El Formulario de evidencia de reclamaciones se puede obtener, así como presentar, en el sitio web que establece y mantiene el Agente de reclamaciones en https://cases.primeclerk.com/puertorico/.

**Sección 6. Dónde y cómo realizar la presentación**

Todas las Evidencias de reclamaciones, salvo que se indique lo contrario o se eximan específicamente en la sección 2 incluida anteriormente, deberán presentarse ante el Agente de reclamaciones y avisos, Prime Clerk LLC, (el "Agente de reclamaciones") de conformidad con los procedimientos descritos en el presente documento **para que se reciban efectivamente** en la Fecha límite correspondiente o con anterioridad, según la naturaleza de la reclamación.

Las Evidencias de reclamaciones pueden presentarse a través de cualquiera de los siguientes métodos:

(i)    Completar la Evidencia de reclamaciones en formato electrónico en el sitio web del Agente de reclamaciones en https://cases.primeclerk.com/puertorico/EPOC-Index.

(ii)    Realizar el envío **por servicio de correo "first class"** a la siguiente dirección: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4708, New York, NY 10163-4708.

(iii)    Enviar mediante **servicio de correo "overnight"** a la siguiente dirección: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

(iv)    Realizar la **entrega personalmente** en cualquiera de las siguientes ubicaciones: (a) Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, o (b) las direcciones de Commonwealth que se indican a continuación, disponibles durante las fechas y los horarios señalados:

| Ubicaciones de Commonwealth donde se acepta la entrega personalmente de las Evidencias de reclamaciones[3] Todas las ubicaciones están abiertas desde el [_____] al [_____] (excepto los fines de semana y los feriados judiciales) | |
| --- | --- |
| Dirección | Horarios (AST) |
| José V. Toledo Federal Building & US Courthouse Clerk's Office 300 Recinto Sur Street San Juan, PR 00901 | De lun. a vier. de 8:00 a. m. a 5:00 p. m. |
| Federico Degetau Federal Building and Clemente Ruiz Nazario U.S. Courthouse Clerk's Office 150 Carlos Chardón Street, San Juan, Puerto Rico, 00918-1767 | De lun. a vier. de 8:30 a. m. a 3:30 p. m. |
| MCS Building, Suite 222 A Bankruptcy Court Clerk's Office 880 Tito Castro Avenue Ponce, PR 00716-4732 | De lun. a vier. de 8:00 a. m. a 5:00 p. m. |
| ~~Aerotek Añasco~~ Bianca Convention Center, Carr 2 KM 143, ~~Suite 3~~ | De lun. a vier. de 8:30 a. m. a |

[3]    PBA se reserva el derecho de enmendar las ubicaciones aceptando evidencias de reclamaciones mediante entrega en mano.

9

| Ubicaciones de Commonwealth donde se acepta la entrega personalmente de las Evidencias de reclamaciones[3] Todas las ubicaciones están abiertas desde el [_____] al [_____] (excepto los fines de semana y los feriados judiciales) | |
| --- | --- |
| Dirección | Horarios (AST) |
| -1st Floor, Añasco, PR 00610 | 5:00 p. m. |
| Oceana HUB Center 2 Calle Acerina Caguas, PR 00725 | De lun. a vier. de 8:30 a. m. a 5:00 p. m. |
| Citi Towers 250 Ponce de León Ave. Suite 503, Hato Rey, San Juan, PR 00918 | M-F 8:30 a. m. to 5:00 p. m. |

**No** se aceptarán las Evidencias de reclamaciones enviadas por facsímil, telecopia o transmisión por correo electrónico; <u>sin embargo, pueden</u> enviarse a través del sitio web de Prime Clerk: https://cases.primeclerk.com/puertorico/EPOC-Index.

**Sección 7. Información adicional**

Las Listas de acreedores de PBA y la Orden de fechas límite pueden descargarse y revisarse sin cargo en el sitio web del Agente de reclamaciones, https://cases.primeclerk.com/puertorico/. Todo acreedor que se base en las Listas de acreedores de PBA asume la responsabilidad de determinar que su reclamación figure correctamente en dichas listas.

Si necesita información adicional sobre este Aviso, puede comunicarse con el Agente de reclamaciones al (844) 822-9231 (línea gratuita para los EE. UU y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a. m. a 7:00 p. m. (hora del Atlántico) (disponible en español), o por correo electrónico a la dirección puertoricoinfo@primeclerk.com.

Fecha: _____ de _____

**<u>Exhibit 1-B</u>**

**Reminder Notice**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.,* | (Jointly Administered) |
| Debtor.[1] | |
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | |
| THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, | Case No. 19 BK 5523-LTS |
| Debtor. | (Jointly Administered) |

## NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM
## FOR CREDITORS OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY

# FINAL REMINDER

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**TO ALL CREDITORS OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, AND TO OTHER PARTIES IN INTEREST, PLEASE TAKE NOTICE OF THE FOLLOWING:**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") has filed a voluntary petition under section 304(a) of *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] initiating a Title III case under PROMESA (a "Title III Case") for the Puerto Rico Public Buildings Authority ("PBA" or the "Debtor") on September 27, 2019.  **You may be a creditor of PBA, and you may be required to file a proof of claim** ("Proof of Claim").

**If you have already filed a Proof of Claim, no further action is required unless directed by court order, notice, or otherwise.**

---

[2]    PROMESA is codified at 48 U.S.C. §§ 2101-2241.

**OVERVIEW – KEY POINTS**

- This document is a legal notice concerning PBA's Title III case.  This document is being sent to all parties that may be owed money by PBA (known as "<u>Creditors</u>").

- **The Overview on this page describes the key terms of this document.  Please read the entire document carefully for further details.**

- In a Title III case under PROMESA, Creditors of PBA may be required to file claim forms stating the amount of money owed to them as of the day the Title III case was filed.  This document explains how to file claims.

- **Many creditors of PBA <u>are not required</u> to file a claim.**  This document explains who is required to file a claim and who is not required to file a claim.  **Please see Section 2 of this document for a complete list of parties <u>not</u> required to file a claim.**

- **If you are not required to file a claim, you do not need to complete and return a claim form**, and you will still keep your rights to vote on a plan of adjustment and receive payments under the plan.  A plan of adjustment is a document that explains how PBA proposes to pay the amounts it owes to its creditors.  This plan is available for creditors to review at https://cases.primeclerk.com/puertorico/.

- **If you are required to file a claim against PBA**, you must do so by **<u>April 30, 2020 at 4:00 p.m., Atlantic Standard Time</u>**.  A form that you may use to file your claim is provided with this document.

- Claims may be filed by (a) electronically filing on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index, or (b) mail or hand delivery to the addresses provided in Section 6 of this document.

- After reading this document, if you require additional information regarding this Notice, you may contact the Claims Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.  Please note that the people answering the phone number are not able to provide legal advice.  If you have questions about your legal rights, including whether you need to file a claim, you should talk to an attorney.

3

**Section 1 – The Bar Dates**

On _____, the United States District Court for the District of Puerto Rico (the "District Court") entered an order (the "Bar Date Order") in the Title III Case for PBA in accordance with Bankruptcy Rule 3003(c) fixing the following deadlines to file Proofs of Claim (collectively, the "Bar Dates"):

(d) **General Bar Date**: **4:00 p.m. (Atlantic Standard Time) on April 30, 2020**, is the deadline (the "General Bar Date") for filing proofs of claim (as defined in Bankruptcy Code section 101(5)), against PBA on account of (i) claims arising, or deemed to have arisen, prior to the commencement of PBA's Title III Case on September 27, 2019, including, for the avoidance of doubt, claims arising under Bankruptcy Code section 503(b)(9), and (ii) claims asserted by governmental units (as defined in Bankruptcy Code section 101(27));

(e) **Rejection Bar Date**:  Except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, **4:00 p.m. (Atlantic Standard Time) on the date that is the later of (i) the General Bar Date and (ii) the first business day that is thirty-five (35) calendar days after the entry of an order by the Court authorizing such rejection** is the deadline for a party to any such rejected executory contract or unexpired lease to file proofs of claim relating to the rejection of such contract or lease (the "Rejection Bar Date," and together with the General Bar Date, the "Bar Dates"); and

(f) **Bar Date if Creditor List is Amended or Supplemented**:  If, after the Bar Date Notice is served, PBA (a) amends its Creditor List to reduce a claim and/or to change the classification, nature or characterization of a claim, or (b) supplements its respective Creditor List, PBA shall give notice of any amendment or supplement to the holders of claims reduced or changed thereby, and advise such holders they shall each have until the **later of (i) the General Bar Date and (ii) thirty-five (35) days from the date of such notice** to file a proof of claim, or an amended proof of claim, if applicable, or be barred from so doing.

As used in this Notice, a "claim," as defined in section 101(5) of the Bankruptcy Code, whenever arising, any claim against PBA based upon PBA's primary, secondary, direct, indirect, fixed, secured, unsecured, contingent, guaranteed, disputed, undisputed, liquidated, unliquidated, matured, unmatured, legal, or equitable liability or otherwise, including, for the avoidance of doubt, claims arising under section 503(b)(9) of the Bankruptcy Code (each, a "Claim").

**Section 2 – Who Is NOT Required To File a Proof of Claim**

THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST PBA OR THAT PBA BELIEVES YOU HAVE A CLAIM.

The following persons and entities are **not** required to file a Proof of Claim on or before the applicable Bar Date:

A. Allowed Claims:  Any person or entity whose claim was previously allowed by an order of this Court entered on or before the applicable Bar Date;

B. Paid Claims:  Any person or entity whose claim was paid in full by PBA, including claims paid by PBA after the commencement date of its Title III Case;

C. Proofs of Claim Already Filed:  Any person or entity who already properly filed a proof of claim, which substantially conforms to the Proof of Claim Form, in this Title III Case with the Court or PBA's claims and noticing agent;

D. Claims Properly Listed and Categorized on Creditor List:  Any person or entity whose claim is listed on the Creditor List and (i) the claim is not listed as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount and nature of the claim as set forth on the Creditor List, and (iii) the person or entity does not dispute that the claim is an obligation of PBA;

E. Pension Claims:   Any retiree, active employee, and former employee and any beneficiary of the foregoing persons for accrued pensions and any and all other post-retirement benefits due as a result of such person's employment by or by being a beneficiary of the PBA ("Pension Claims"); provided, however, that any such holder should assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through L. of this Motion by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

F. Union or Non-Union Employee Claims:   Any union-represented or non-union represented employee, furloughed employee, or former employee for compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance benefits, or workers' compensation claims ("Compensation Claims"); provided, however, that Compensation Claims shall not include claims asserted or to be asserted in any lawsuit or administrative proceeding based on tort or non-employment-related to common law, statutory law, or regulation even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits;

G. Individual Union Members' Claims:  Any person or entity that holds a claim limited to obligations due under their respective collective bargaining agreements, to the

5

extent the relevant union files a master proof of claim on behalf of their respective constituents against PBA ("CBA Claims"); provided, however, that any such holder should assert (I) a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through L. of this Motion, or (II) a claim for a grievance that has been resolved and liquidated by settlement or arbitration award as of September 27, 2019 (such claim, a "Resolved Grievance"), by filing a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

H.  Individual Bondholder Claims Covered by Timely Filed Bond Master Proof of Claim: Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant indenture trustee, fiscal agent, or similar agent or nominee files a Bond Debt Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all bond claims against the relevant Debtor under the respective trust agreement or bond document; provided, however, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through L. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

I.  Inter-Governmental Claims: Any municipality, department, or agency of the Commonwealth asserting a claim against PBA in an amount less than $100 million. For the avoidance of doubt, any entity asserting a claim against PBA equal to or greater than $100 million must file a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

J.  Administrative Expenses:  Any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense (**other** than a claim under Bankruptcy Code section 503(b)(9));

K.  Proofs of Claim with Separate Deadlines:  Any holder of a claim for which a separate deadline is or has been fixed by this Court; and

L.  Professionals' Administrative Claims:  Professionals who assert administrative claims for fees and expenses subject to the Court's approval pursuant to PROMESA section 316.

provided, however, that, should the District Court fix a date by which the Claims described in Paragraphs [A. through L.] above must be filed, you will be notified of such bar date at the appropriate time.

## Section 3 – Who MUST File a Proof of Claim

You **MUST** file a **Proof of Claim** to vote on any plan of adjustment filed by the Oversight Board on behalf of PBA or to share in any distributions from PBA if you have a Claim that arose prior to the commencement date and it is not one of the types of Claims described in Paragraphs A. through L. in Section 2 above.

A holder of a possible Claim against PBA should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.

**Section 4 – Consequences of Failure to File a Proof of Claim by the Applicable Bar Date**

ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN PARAGRAPHS A. THROUGH L. IN SECTION 2 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED (UNLESS OTHERWISE ORDERED BY THE COURT) FROM ASSERTING SUCH CLAIM AGAINST PBA, FROM VOTING ON ANY PLAN OF ADJUSTMENT FILED IN THIS TITLE III CASE, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THIS TITLE III CASE ON ACCOUNT OF SUCH CLAIM.

**Section 5 – What to File**

Each Proof of Claim, to be properly filed pursuant to this Notice, shall: (i) be written in English or Spanish; (ii) be denominated in lawful currency of the United States as of the Title III Case commencement date; (iii) set forth with specificity the legal and factual basis for the asserted claim; (iv) include a copy of the supporting documentation (or, if such documentation is voluminous, you must attach a summary of such documentation) or an explanation as to why such documentation is not available, with such documentation, summary, or explanation being provided in English or Spanish; (v) include an original or electronic signature of the claimant or an authorized agent of the claimant; and (vi) substantially conform to the Proof of Claim Form approved by the Bar Date Order.   If you file a summary of the supporting documentation because they are voluminous, you must transmit the supporting documentation to (a) the Claims Agent and (b) PBA within ten days after the date of a written request by PBA for such documents.

The Proof of Claim Form can be obtained, as well as filed, on the website established and maintained by the Claims Agent at https://cases.primeclerk.com/puertorico/.

**Section 6 – Where and How to File**

All Proofs of Claim, except as otherwise provided for or specifically excepted in Section 2 above, shall be filed with the claims and noticing agent, Prime Clerk LLC (the "Claims Agent") pursuant to the procedures provided herein **so as to actually be received** on or before the applicable Bar Date, depending upon the nature of the Claim.

Proofs of Claim may be filed through any of the following methods:

(v)     completing the electronic Proof of Claim on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index,

(vi)    if delivered **by first class mail**, at the following address:  Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4708, New York, NY 10163-4708,

(vii)  if **by overnight courier**, at the following address: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or

(viii)  if **by hand delivery**, at any of the following locations: (a) Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or (b) the following locations in the Commonwealth, available during the listed dates and times:

| Locations in the Commonwealth<br>Accepting Proofs of Claim by Hand Delivery[3]<br>All locations are available from [_____] to [_____]<br>(except weekends and Court Holidays) | |
| --- | --- |
| Address | Hours (AST) |
| José V. Toledo Federal Building & US Courthouse<br>Clerk's Office<br>300 Recinto Sur Street<br>San Juan, PR 00901 | M-F<br>8:00 a. m.<br>to<br>5:00 p. m. |
| Federico Degetau Federal Building and Clemente Ruiz Nazario U.S. Courthouse<br>Clerk's Office<br>150 Carlos Chardón Street,<br>San Juan, Puerto Rico, 00918-1767 | M-F<br>8:30 a. m.<br>to<br>3:30 p. m. |
| MCS Building, Suite 222 A<br>Bankruptcy Court Clerk's Office<br>880 Tito Castro Avenue<br>Ponce, PR 00716-4732 | M-F<br>8:00 a. m.<br>to<br>5:00 p. m. |
| ~~Aerotek Añasco~~<br>Bianca Convention Center,<br>Carr 2 KM 143, ~~Suite 3~~<br>-1st Floor,<br>Añasco, PR 00610 | M-F<br>8:30 a. m.<br>to<br>5:00 p. m. |
| Oceana HUB Center<br>2 Calle Acerina<br>Caguas, PR 00725 | M-F<br>8:30 a. m.<br>to<br>5:00 p. m. |
| Citi Towers<br>250 Ponce de León Ave.<br>Suite 503, Hato Rey,<br>San Juan, PR 00918 | M-F<br>8:30 a. m.<br>to<br>5:00 p. m. |

---

[3]  PBA reserves the right to amend the locations accepting proofs of claim by hand delivery.

Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission will **not** be accepted; <u>provided</u>, <u>however</u>, they may be submitted through Prime Clerk's website: https://cases.primeclerk.com/puertorico/EPOC-Index.

## Section 7 – Additional Information

PBA's Creditor List and the Bar Date Order may be downloaded and examined free of charge from the Claims Agent website, https://cases.primeclerk.com/puertorico/.  Any creditor that relies on PBA's Creditor List bears responsibility for determining that its Claim is accurately listed therein.

If you require additional information regarding this Notice, you may contact the Claims Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

Dated: _____

**<u>Reminder Notice – Spanish Translation</u>**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En la causa: | PROMESA |
| LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | Título III |
| como representante de | |
| EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Y OTROS | |
| Deudor.[1] | Caso n.º 17 BK 3283-LTS |
| | |
| En la causa: | |
| LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | (Administrados en forma conjunta) |
| como representante de | |
| LA AUTORIDAD DE EDIFICIOS PUBLICOS DE PUERTO RICO | PROMESA |
| Deudor. | Título III |
| | |
| | Caso n.º 17 BK 3283-LTS |

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado ") (Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") (últimos cuatro dígitos del número de identificación tributaria federal: 3747); y (vi) Autoridad de Edificios Públicos ("PBA") (Caso de quiebra No. 19-BK-5523-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3801) (los casos al amparo del Título III figuran como números el Caso de Quiebra debido a limitaciones del software).



(Administrados en forma conjunta)

**AVISO DE PLAZOS PARA LA PRESENTACIÓN
DE EVIDENCIAS DE RECLAMACIONES**

# ÚLTIMO AVISO

**A TODOS LOS ACREEDORES DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS Y
OTRAS PARTES INTERESADAS, TENGA A BIEN NOTIFICARSE:**

La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de
Supervisión") presentó una petición voluntaria en virtud del artículo 304(a) de la *Ley para la
Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] que
inicia un caso en virtud del Título III de PROMESA (un "Caso en virtud del Título III") para la
Autoridad de Edificios Públicos ("PBA" o el "Deudor") el 27 de septiembre de 2019. **Usted
podría ser acreedor de PBA y es posible que deba presentar una evidencia de reclamación**
("Evidencia de reclamación").

---

[2]   PROMESA está codificada en el Título 48, artículos 2101-2241 del Código de los Estados
      Unidos (U.S.C.).

3

**INFORMACIÓN GENERAL: PUNTOS CLAVE**

- **Este documento es una notificación legal relacionada al Caso de Título III de PBA. Este documento esta siendo enviado a todas las partes que pueden ser adeudadas dinero por PBA (conocidos como los "acreedores")**

- **En la información general de esta página, se describen los términos clave del documento. Lea detenidamente todo el documento para obtener más detalles.**

- En un caso bajo el Título III conforme a la ley PROMESA, es probable que se les exija a los acreedores de PBA que presenten formularios de evidencia de reclamaciones que indiquen el monto adeudado hasta el día en que se presentó el caso. En este documento se explica cómo presentar reclamaciones.

- **A muchos acreedores de PBA <u>no se les exige</u> presentar una reclamación.** En este documento se explica quiénes deben presentar una reclamación y quiénes no deben presentarla. **Consulte la Sección 2 de este documento para obtener una lista completa de las partes que <u>no</u> deben presentar una reclamación.**

- **Si a usted no se le exige presentar una reclamación, no es necesario que complete y devuelva un formulario de evidencia de reclamación**, y seguirá manteniendo sus derechos de votar con respecto a un plan de ajuste y recibir pagos en virtud del plan. Un plan de ajuste es un documento en el que se explica la manera en que PBA propone pagar los montos adeudados a sus acreedores. Este plan está disponible para que lo revisen los acreedores en https://cases.primeclerk.com/puertorico/.

- **Si debe presentar una reclamación en contra de PBA**, debe hacerlo antes del **<u>30 de abril del 2020 a las 4:00 p. m., hora del Atlántico</u>**. Con este documento, se proporciona un formulario que puede usar para presentar su reclamación.

- Las reclamaciones pueden presentarse (a) de manera electrónica, realizando la presentación en el sitio web del Agente de créditos en https://cases.primeclerk.com/puertorico/EPOC-Index, o (b) por correo postal o entrega personalmente en las direcciones indicadas en la Sección 6 de este documento.

- Si, después de leer este documento, necesita información adicional sobre este Aviso, puede comunicarse con el Agente de créditos al (844) 822-9231 (línea gratuita para los EE. UU y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a. m. a 7:00 p. m. (hora del Atlántico) (disponible en español), o por correo electrónico a la dirección puertoricoinfo@primeclerk.com. Tenga en cuenta que las personas que responden las llamadas no pueden brindar asesoramiento legal. Si tiene preguntas sobre sus derechos legales, entre ellos, si necesita presentar una reclamación, debe hablar con un abogado.

4

**Sección 1. Las Fechas límite**

El _____, el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal de Distrito") emitió una resolución (la "Orden de fechas límite") para el Caso en virtud del Título III de PBA de conformidad con la Norma de quiebra 3003(c) en la que se establecen los siguientes plazos para presentar Evidencias de reclamaciones (en conjunto, las "Fechas límite"):

    (a) **Fecha límite general**: **4:00 p. m. (hora estándar del Atlántico) del 30 de abril de 2020**. Este es el plazo (la "Fecha límite general") para presentar evidencias de reclamaciones (según se definen en el artículo 101(5) del Código de Quiebras), en contra de PBA por concepto de (i) reclamaciones que surgieron o se considera que surgieron antes de la fecha de inicio del caso de PBA en virtud del Título III el 27 de septiembre de 2019, incluidos, a fin de disipar dudas, reclamaciones que surgieron de conformidad con el artículo 503(b)(9) del Código de Quiebras, y (ii) reclamaciones alegadas por entidades gubernamentales (según se definen en el artículo 101(27) del Código de Quiebras).

    (b) **Fecha límite de rechazos**: salvo que se estipule lo contrario en alguna orden que autorice el rechazo de un contrato de ejecución pendiente o un arrendamiento vigente, las **4:00 p. m. (hora estándar del Atlántico) de la fecha que sea posterior entre (i) la Fecha límite general y (ii) el primer día hábil después de los treinta y cinco (35) días calendario posteriores a la emisión de la orden por parte del Tribunal que autorice dicho rechazo** es el plazo para que una parte del contrato de ejecución pendiente o arrendamiento vigente rechazados presente evidencias de reclamaciones relacionadas con el rechazo de dicho contrato o arrendamiento (la "Fecha límite de rechazos" y, junto con la Fecha límite general, las "Fechas límite").

Según su uso en este Aviso, una "reclamación", tal como se define en el artículo 101(5) del Código de Quiebras, siempre que surge, incluye, cualquier reclamación en contra de PBA basado en la responsabilidad primaria, secundaria, directa, indirecta, fija, garantizada, no garantizada, eventual, asegurada, impugnada, no impugnada, liquidada, no liquidada, vencida, no vencida, legal o conforme al sistema del Equity de PBAo de alguna otra manera, incluidos, a fin de disipar dudas, los créditos que surjan de conformidad con el artículo 503(b)(9) del Código de Quiebras (cada uno de ellos, una "Reclamación").

**Sección 2. Quiénes NO deben presentar Evidencias de reclamaciones**

**EL HECHO DE QUE HAYA RECIBIDO ESTE AVISO NO IMPLICA QUE USTED TENGA UN RECLAMACIÓN EN CONTRA DE PBA NI QUE PBA CONSIDERE QUE USTED TIENE UNA RECLAMACIÓN.**

A las siguientes personas y entidades <u>no</u> se les exige presentar una Evidencia de reclamaciones en la Fecha límite correspondiente o con anterioridad:

A. <u>Reclamaciones permitidas</u>: cualquier persona o entidad cuya reclamación se haya permitido anteriormente mediante una orden de este Tribunal emitida en la Fecha límite correspondiente o con anterioridad.

B. <u>Reclamaciones pagadas</u>: cualquier persona o entidad cuya reclamación se haya pagado totalmente por parte de un Deudor, incluidas las reclamaciones pagados por un Deudor después de la fecha de inicio de su respectivo Caso en virtud del Título III.

C. <u>Evidencias de reclamaciones ya presentadas</u>: cualquier persona o entidad que ya presentó correctamente una evidencia de reclamación, que respeta sustancialmente el Formulario de evidencia de reclamación, en estos Casos en virtud del Título III ante el Tribunal o el agente de créditos y avisos de los Deudores.

D. <u>Créditos correctamente mencionados y categorizados en las Listas de acreedores</u>: cualquier persona o entidad cuyo crédito figure en una de las Listas de acreedores y (i) si el crédito no se menciona como "impugnado", "eventual" o "no liquidado", (ii) si la persona o la entidad no impugnan el monto y la naturaleza del crédito, tal como se establece en la Lista de acreedores correspondiente, y (iii) si la persona o la entidad no disputan que el crédito es una obligación del Deudor en cuestión.

E. <u>Créditos por pensión</u>: Cualquier jubilado, empleado activo y exempleado de y cualquier beneficiario de las personas mencionadas anteriormente por pensiones acumuladas y cualquier y todo beneficio post-retiro vencido como resultado de cada empleo de esa persona por ser un beneficiario del Deudor de Título III ("Reclamaciones de Pensión");; <u>sin embargo</u>, dicho titular debe alegar un crédito que no esté exceptuado, de alguna otra manera, de la presentación de una evidencia de reclamaciones según los párrafos A a L de esta moción, para lo cual debe presentar una evidencia de reclamaciones con respecto a este otro crédito en la Fecha límite general o con anterioridad para evitar el rechazo del otro crédito.

F. <u>Créditos de empleados sindicalizados o no sindicalizados</u>: cualquier empleado, empleado con licencia o exempleado representados por un sindicato o no representados por un sindicato para la indemnización y los beneficios de empleo, incluidos, entre otros, los sueldos, salarios, beneficios médicos para empleados, o beneficios de seguros o reclamaciones de indemnización por accidentes laborales ("<u>Créditos de indemnización</u>"); <u>sin embargo</u>, los Créditos de indemnización no deben incluir créditos que se alegaron o se alegarán en una causa judicial o un procedimiento administrativo sobre la base de agravio o derecho consuetudinario, derecho estatutario o reglamentaciones no relacionados con el empleo, incluso cuando dichos créditos se alegan como daños o derecho a recibir sueldos, salarios, beneficios médicos para empleados o beneficios de seguros.

G. <u>Créditos de miembros de sindicatos individuales</u>: cualquier persona o entidad titular de un crédito que se limita a obligaciones en virtud de sus respectivos convenios

6

colectivos de trabajo, en la medida en que la unión relevante presente una reclamación colectiva en nombre de sus respectivos constituyentes en contra del Deudor ("Reclamaciones CBA"); sin embargo, dicho titular debe alegar (I) un crédito que no esté exceptuado, de alguna otra manera, de la presentación de una evidencia de reclamaciones según los párrafos A a L de esta moción o (II) un crédito por una queja que se resolvió y liquidó mediante un arreglo o laudo arbitral al 27 de septiembre de 2019 (dicha reclamación, una "Queja Resuelta"), y, para ello, debe presentar una evidencia de reclamaciones con respecto al crédito en la Fecha límite general o con anterioridad para evitar el rechazo del crédito.

H. <u>Créditos de tenedores de bonos individuales cubiertos por evidencias de reclamaciones principales de deudas en bonos presentadas oportunamente</u>: cualquier persona o entidad titular de un crédito que se limita al pago de capital, intereses y otros cargos y gastos, en la medida en que el fiduciario, agente fiscal, o agente o designado similares pertinentes presenten una Evidencia de reclamaciones principal de una deuda en bonos en contra del Deudor pertinente en la Fecha límite general o con anterioridad en concepto de todos los créditos en forma de bonos en contra del Deudor pertinente en virtud del respectivo acuerdo de fideicomiso o documento del bono; sin embargo, dicho titular debe alegar un crédito que no esté exceptuado, de alguna otra manera, de la presentación de una evidencia de reclamaciones según los párrafos A a L de esta sección, para lo cual debe presentar una evidencia de reclamaciones con respecto a este otro crédito en la Fecha límite general o con anterioridad para evitar el rechazo del otro crédito.

I. <u>Créditos intergubernamentales</u>: cualquier municipio, departamento u organismo de Commonwealth que no sea un Deudor ni un "organismo territorial cubierto" (según se define en la ley PROMESA) que alegue un crédito en contra de PBA por un monto menor que $100 millones. A fin de disipar dudas, cualquier entidad que alegue un crédito en contra de PBA igual o superior a $100 millones debe presentar una evidencia de reclamaciones con respecto a dicho crédito en la Fecha límite general o con anterioridad para evitar el rechazo de dicho crédito.

J. <u>Gastos administrativos</u>: cualquier titular de un crédito permisible en virtud de los artículos 503(b) y 507(a)(2) del Código de Quiebras como gasto administrativo (**que no sea** un crédito en virtud del artículo 503(b)(9) del Código de Quiebras).

K. <u>Evidencias de reclamaciones con plazos independientes</u>: cualquier titular de un crédito para el cual este Tribunal fije o haya fijado un plazo independiente.

L. <u>Créditos administrativos de profesionales</u>: profesionales que alegan créditos administrativos por honorarios y gastos sujetos a la aprobación del Tribunal de conformidad con el artículo 316 de la ley PROMESA.

<u>Sin embargo</u>, en caso de que el Tribunal de Distrito fije una fecha antes de la cual deban presentarse los Créditos descritos anteriormente en los párrafos A a L, usted recibirá oportunamente una notificación de dicha fecha límite.

**Sección 3. Quiénes DEBEN presentar Evidencias de reclamaciones**

Usted **DEBE** presentar una **Evidencia de reclamaciones** para votar en cualquier plan de ajuste presentado por la Junta de Supervisión en nombre de PBA o para participar en las

distribuciones de PBA si tiene un Crédito que surgió antes de la fecha de inicio y que no corresponde a uno de los tipos de Créditos descritos anteriormente en los párrafos A a L de la Sección 2.

**Un titular de un posible Crédito en contra de PBA debe consultar con un abogado si tiene preguntas relacionadas con este Aviso, entre ellas, si dicho titular debe presentar una Evidencia de reclamación.**

**Sección 4. Consecuencias de no presentar una Evidencia de reclamaciones antes de la Fecha límite correspondiente**

**A TODO TITULAR DE UN CRÉDITO QUE NO ESTÉ EXIMIDO DE LOS REQUISITOS DE LA ORDEN DE FECHAS LÍMITE, TAL COMO SE INDICÓ ANTERIORMENTE EN LOS PÁRRAFOS A-L DE LA SECCIÓN 2, Y QUE NO PRESENTE DE MANERA OPORTUNA UNA EVIDENCIA DE RECLAMACIONES EN EL FORMULARIO APROPIADO SE LE PROHIBIRÁ A PERPETUIDAD (SALVO QUE EL TRIBUNAL RESUELVA LO CONTRARIO) ALEGAR DICHO CRÉDITO EN CONTRA DE PBA, VOTAR EN CUALQUIER PLAN DE AJUSTE PRESENTADO EN ESTE CASO EN VIRTUD DEL TÍTULO III Y PARTICIPAR DE CUALQUIER DISTRIBUCIÓN EN ESTE CASO EN VIRTUD DEL TÍTULO III EN CONCEPTO DE DICHO CRÉDITO.**

**Sección 5. Qué se debe presentar**

Cada Evidencia de reclamación, para presentarse correctamente de conformidad con este Aviso, deberá: (i) estar escrita en inglés o en español; (ii) estar denominada en moneda de curso legal de los Estados Unidos a la fecha de inicio del Caso pertinente en virtud del Título III; (iii) establecer específicamente el fundamento legal y fáctico del crédito alegado; (iv) incluir una copia de la documentación de respaldo (o, si esta documentación es demasiado extensa, debe adjuntar un resumen de dicha documentación) o una explicación de por qué la documentación no está disponible, y la documentación, el resumen o la explicación deben proporcionarse en inglés o en español; (v) incluir una firma original o electrónica del reclamante o un representante autorizado del reclamante, y (vi) respetar sustancialmente el Formulario de evidencia de reclamaciones aprobado por la Orden de fechas límite. Si presenta un resumen de la documentación de respaldo porque es muy extensa, debe enviar esta documentación (a) al Agente de créditos y (b) al Deudor en un plazo de diez días posteriores a la fecha de una solicitud escrita de dichos documentos por parte del Deudor.

El Formulario de evidencia de reclamaciones se puede obtener, así como presentar, en el sitio web que establece y mantiene el Agente de créditos en https://cases.primeclerk.com/puertorico/.

**Sección 6. Dónde y cómo realizar la presentación**

Todas las Evidencias de reclamaciones, salvo que se indique lo contrario o se eximan específicamente en la sección 2 incluida anteriormente, deberán presentarse ante el Agente de créditos y avisos, Prime Clerk LLC, (el "Agente de créditos") de conformidad con los procedimientos descritos en el presente documento **para que se reciban efectivamente** en la Fecha límite correspondiente o con anterioridad, según la naturaleza del Crédito.

Las Evidencias de reclamaciones pueden presentarse a través de cualquiera de los siguientes métodos:

(i) Completar la Evidencia de reclamaciones en formato electrónico en el sitio web del Agente de créditos en https://cases.primeclerk.com/puertorico/EPOC-Index.

(ii) Realizar el envío por servicio de correo "first class" a la siguiente dirección: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4708, New York, NY 10163-4708.

(iii) Enviar mediante servicio de correo "overnight" a la siguiente dirección: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

(iv) Realizar la entrega personalmente en cualquiera de las siguientes ubicaciones: (a) Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, o (b) las direcciones de Commonwealth que se indican a continuación, disponibles durante las fechas y los horarios señalados:

| Ubicaciones de Commonwealth donde se acepta la entrega personalmente de las Evidencias de reclamaciones[3] Todas las ubicaciones están abiertas desde el [_____] al [_____] (excepto los fines de semana y los feriados judiciales) | |
| --- | --- |
| Dirección | Horarios (AST) |
| José V. Toledo Federal Building & US Courthouse Clerk's Office 300 Recinto Sur Street San Juan, PR 00901 | De lun. a vier. de 8:00 a. m. a 5:00 p. m. |
| Federico Degetau Federal Building and Clemente Ruiz Nazario U.S. Courthouse Clerk's Office 150 Carlos Chardón Street, San Juan, Puerto Rico, 00918-1767 | De lun. a vier. de 8:30 a. m. a 3:30 p. m. |
| MCS Building, Suite 222 A Bankruptcy Court Clerk's Office 880 Tito Castro Avenue Ponce, PR 00716-4732 | De lun. a vier. de 8:00 a. m. a 5:00 p. m. |
| ~~Aerotek Añasco~~ Bianca Convention Center, Carr 2 KM 143, ~~Suite 3~~ -1st Floor. Añasco, PR 00610 | De lun. a vier. de 8:30 a. m. a 5:00 p. m. |
| Oceana HUB Center 2 Calle Acerina Caguas, PR 00725 | De lun. a vier. de 8:30 a. m. a 5:00 p. m. |
| Citi Towers 250 Ponce de León Ave. | M-F |

[3] PBA se reserva el derecho de enmendar las ubicaciones aceptando evidencias de reclamaciones mediante entrega en mano.

9

| Ubicaciones de Commonwealth<br>donde se acepta la entrega personalmente de las Evidencias de reclamaciones[3]<br>Todas las ubicaciones están abiertas desde el [_____] al [_____]<br>(excepto los fines de semana y los feriados judiciales) | |
|---|---|
| **Dirección** | **Horarios (AST)** |
| Suite 503, Hato Rey,<br>San Juan, PR 00918 | 8:30 a. m.<br>to<br>5:00 p. m. |

**No** se aceptarán las Evidencias de reclamaciones enviadas por facsímil, telecopia o transmisión por correo electrónico; sin embargo, pueden enviarse a través del sitio web de Prime Clerk: https://cases.primeclerk.com/puertorico/EPOC-Index.

**Sección 7. Información adicional**

Las Listas de acreedores de PBA y la Orden de fechas límite pueden descargarse y revisarse sin cargo en el sitio web del Agente de créditos, https://cases.primeclerk.com/puertorico/. Todo acreedor que se base en las Listas de acreedores de PBA asume la responsabilidad de determinar que su Crédito figure correctamente en dichas listas.

Si necesita información adicional sobre este Aviso, puede comunicarse con el Agente de créditos al (844) 822-9231 (línea gratuita para los EE. UU y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a. m. a 7:00 p. m. (hora del Atlántico) (disponible en español), o por correo electrónico a la dirección puertoricoinfo@primeclerk.com.

Fecha: _____.

**Exhibit 2**

**Proof of Claim Form**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

**Fill in this information to identify the case (Select only one Debtor per claim form). /
Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación).**

☐ Puerto Rico Public Building Authority | Case No. 19-bk-05523 | Petition Date:
El Autoridad de Edificios Públicos de Puerto Rico | | Sept 27, 2019

The Puerto Rico Public Building Authority has listed your claim in their Creditor List in Schedule [CreditorList] as a [CUD] claim in an $[ScheduleAmount] amount. You must timely file a proof of claim or be forever barred from participating or sharing in any distribution or being treated as a claim for purposes of voting or distribution.

El Autoridad de Edif icios Públicos de Puerto Rico ha listado su reclamación en la lista de acreedores en el Schedule [CreditorList] como un reclamo [CUD] por un monto de $ [ScheduleAmount]. Debe presentar una prueba de reclamación oportunamente o se le prohíba por siempre part ìcipar o compart ìr en cualquier distribución o ser tratado como un reclamo para f ìnes de votación o distribución.

## Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / **Evidencia de reclamación**

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

**Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.**

**Quienes presenten la documentación deben omitir o editar** información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. **No adjunte documentos originales,** ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

**Fill in all the information about the claim as of the Petition Date.**

**Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

**Part 1 / Parte 1** | Identify the Claim / **Identificar la reclamación**

| 1. | **Who is the current creditor?** | | |
|----|----|----|----|
| | **¿Quién es el acreedor actual?** | Name of the current creditor (the person or entity to be paid for this claim) Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación) | |
| | | Other names the creditor used with the debtor Otros nombres que el acreedor usó con el deudor | |
| 2. | **Has this claim been acquired from someone else?** **¿Esta reclamación se ha adquirido de otra persona?** | ☐ No / No ☐ Yes. From whom? Sí. ¿De quién? _____ | |
| 3. | **Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure | Where should notices to the creditor be sent? **¿A dónde deberían enviarse las notificaciones al acreedor?** | ☰ Where should payments to the creditor be sent? (if different) ☰ **¿A dónde deberían enviarse los pagos al acreedor?** (En caso de que sea diferente) |

1

(FRBP) 2002(g)

**¿A dónde deberían enviarse las notificaciones al acreedor?**

Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g

| | |
|---|---|
| Name / Nombre | Name / Nombre |
| Number / Número Street / Calle | Number / Número Street / Calle |
| City / Ciudad    State / Estado    ZIP Code / Código postal | City / Ciudad    State / Estado    ZIP Code / Código postal |
| Contact phone / Teléfono de contacto | Contact phone / Teléfono de contacto |
| Contact email / Correo electrónico de contacto | Contact email / Correo electrónico de contacto |

**4  Does this claim amend one already filed?**

**¿Esta reclamación es una enmienda de otra presentada anteriormente?**

❏ No / No

❏ Yes.  Claim number on court claims registry (if known)

❏ Sí.  Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)_____

❏ Filed on / Presentada el _____(MM /DD/YYYY) / (DD/MM/AAAA)

**5.  Do you know if anyone else has filed a proof of claim for this claim?**

**¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación?**

❏ No / No

❏ Yes. Who made the earlier filing?
    Sí.  ¿Quién hizo la reclamación anterior?_____  _____

**Part 2 / Parte 2:**   Give Information About the Claim as of the Petition Date

Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.

**6.  Do you supply goods and / or services to the government?**

**¿Proporciona bienes y / o servicios al gobierno?**

❏ No / No

❏ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:

❏ Vendor / Contract Number | Número de proveedor / contrato: _____

❏

❏ List any amounts due after the Petition Date (listed above) but before June 30, 2017:
    Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____

**7.  How much is the claim?**

**¿Cuál es el importe de la reclamación?**

$_____. Does this amount include interest or other charges?
¿Este importe incluye intereses u otros cargos?

❏ No / No

❏ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

❏   Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A).

2

| 8. **What is the basis of the claim?**<br><br>**¿Cuál es el fundamento de la reclamación?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica. |
|---|---|

| 9. **Is all or part of the claim secured?**<br><br>**¿La reclamación está garantizada de manera total o parcial?** | ☐ No / No<br>☐ Yes. The claim is secured by a lien on property.<br>   Sí. La reclamación está garantizada por un derecho de retención sobre un bien.<br><br>   ☐ **Nature of property / Naturaleza del bien:**<br><br>      ☐ Motor vehicle / Vehículos<br><br>      ☐ Other. Describe:<br>   ☐ Otro. Describir: _____<br><br>   ☐ **Basis for perfection / Fundamento de la realización de pasos adicionales:** _____<br>   ☐ _____<br>   ☐ Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br>   ☐ Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.)<br><br>   ☐ **Value of property / Valor del bien:** $____<br>      _____<br><br>   ☐ **Amount of the claim that is secured /**<br>      **Importe de la reclamación que está garantizado:** $_____<br>   ☐<br><br>   ☐ **Amount of the claim that is unsecured /**<br>      **Importe de la reclamación que no está garantizado:** $_____<br>   ☐ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br>      (La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)<br><br>      ☐<br><br>      ☐ **Amount necessary to cure any default as of the Petition Date /**<br>         **Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso :** $_____<br><br>      ☐ **Annual Interest Rate** (on the Petition Date)<br>         **Tasa de interés anual** (cuando se presentó el caso) _____ %<br>      ☐ Fixed / Fija<br>      ☐ Variable / Variable |
|---|---|

| 10. **Is this claim based on a lease?**<br><br>**¿Esta reclamación está basada en un arrendamiento?** | ☐ No / No<br>☐ Yes. **Amount necessary to cure any default as of the Petition Date.**<br>   Sí. **Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso** $_____ |
|---|---|

3

| 11. Is this claim subject to a right of setoff?<br><br>**¿La reclamación está sujeta a un derecho de compensación?** | ☐ No / No<br><br>☐ Yes. Identify the property /<br>Sí. Identifique el bien: _____ | |
|---|---|---|
| 12. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?<br><br>**¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.?** | ☐ No / No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.**<br><br>Sí. **Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación.** | $ _____ |

| **Part 3 / Parte 3:** | Sign Below / **Firmar a continuación** |
|---|---|

4

**The person completing this proof of claim must sign and date it.**

**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha.**

**FRBP 9011(b).**

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

*Check the appropriate box / Marque la casilla correspondiente:*

❑  I am the creditor. / Soy el acreedor.

❑  I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

❑  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.

❑  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el  _____(MM/DD/YYYY) / (DD/MM/AAAA)

❑

❑  Signature / Firma_____

**Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:**

❑  Name  _____ First nam

❑  Title / Cargo _____Company / Compañía _____

❑  Identify the corporate servicer as the company if the authorized agent is a servicer.

Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

❑  Address / Dirección  _____ Number

_____

❑  City / Ciudad    State / Estado                ZIP Code / Código postal

❑  Contact phone / Teléfono de contacto_____  Email / Correo electrónico___

5

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                          12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

## How to fill out this form

- **Fill in all of the information about the claim as of the petition date.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A** *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or contact the Claims and Noticing Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), or by email at puertoricoinfo@primeclerk.com. You may view a list of filed claims in the Title III cases by visiting the Claims and Noticing Agent's website at https://cases.primeclerk.com/puertorico.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the petition date, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the petition date. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy or confidential information. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

---

**Do not file these instructions with your form**

---

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the district court, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the district court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4708
New York, NY 10163-4708

**If by overnight courier or hand delivery:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

# Instrucciones para la Evidencia de reclamación

Tribunal de Quiebras de los Estados Unidos                                                    12/15

**Estas instrucciones y definiciones explican la ley de forma general. En ciertas circunstancias, tales como casos de quiebra que los deudores no presentan de forma voluntaria, se pueden aplicar excepciones a estas normas generales. Debe considerar la posibilidad de obtener el asesoramiento de un abogado, en especial si no conoce el proceso de quiebra y las reglamentaciones de privacidad.**

## Cómo completar este formulario

- **Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

- **Complete el título en la parte superior del formulario.**

- **Si la reclamación se ha adquirido de otra persona, indique la identidad de la última parte** que fue propietaria de la reclamación o fue titular de la reclamación y que la transfirió a usted antes de que se presente la reclamación inicial.

- **Adjunte cualquier documento de respaldo a este formulario.**
  Adjunte copias editadas de cualquier documento que demuestre que la deuda existe, que un gravamen garantiza la deuda, o ambos. (Ver la definición de *edición* en la siguiente página).

  También adjunte copias editadas de cualquier documento que demuestre el perfeccionamiento de un derecho de garantía o cualquier cesión o transferencia de la deuda. Además de los documentos, puede agregarse un resumen. Norma federal del procedimiento de quiebra (denominada "Norma de quiebra") 3001(c) y (d).

- **No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de examinarlos.**

- **Si la reclamación se basa en la prestación de bienes o servicios de atención médica, no divulgue información de atención médica confidencial. Omita o edite la información confidencial tanto en la reclamación como en los documentos adjuntos.**

- **El formulario de *Evidencia de reclamación* y los documentos adjuntos solo deben mostrar los últimos 4 dígitos de un número de seguridad social, el número de identificación tributaria de una persona o un número de cuenta financiera, y solo el año de la fecha de nacimiento de una persona.** Ver la Norma de quiebra 9037.

- **En el caso de un menor, complete solamente las iniciales del menor y el nombre completo y la dirección del padre o madre o el tutor del menor.** Por ejemplo, escriba *A.B., un menor* (*John Doe, padre, calle 123, ciudad, estado*). Ver la Norma de quiebra 9037.

## Confirmación de que se ha presentado la reclamación

Para recibir una confirmación de que se ha presentado la reclamación, puede adjuntar un sobre autodirigido y estampillado y una copia de este formulario o comunicarse con el representante de reclamaciones y notificaciones al (844) 822-9231 (número gratuito para EE. UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), o por correo electrónico a puertoricoinfo@primeclerk.com. Para ver una lista de las reclamaciones presentadas en los casos del Título III, visite el sitio web del representante de reclamaciones y notificaciones en https://cases.primeclerk.com/puertorico.

## Comprenda los términos utilizados en este formulario

**Gastos administrativos:** En términos generales, gastos que se generan luego de presentar un caso de quiebra en relación con el manejo, la liquidación o la distribución del patrimonio de la quiebra.

Título 11 § 503 del Código de los Estados Unidos (U.S.C.).

**Reclamación:** El derecho de un acreedor a recibir un pago por una deuda del deudor a la fecha en la que el deudor solicitó la quiebra. Título 11 §101 (5) del U.S.C. Una reclamación puede estar garantizada o no garantizada.

**Reclamación de conformidad con el Título 11 § 503(b)(9) del U.S.C.:** Una reclamación que surge del valor de cualquier bien recibido por el Deudor dentro de los 20 días anteriores a la fecha en la que se presentó el caso , en el que los bienes se han vendido al Deudor en el transcurso normal de los negocios del Deudor. Adjunte la documentación que respalde dicha reclamación.

**Acreedor:** Una persona, una sociedad anónima u otra entidad con la que el deudor tiene una deuda que se contrajo en la fecha en la que el deudor solicitó la quiebra o con anterioridad. Título 11 § 101 (10) del U.S.C.

8

**Deudor:** Una persona, una sociedad anónima u otra entidad que está en quiebra. Utilice el nombre del deudor y el número de caso tal como se muestran en el aviso de quiebra que recibió. Título 11 § 101 (13) del U.S.C.

**Prueba de pasos adicionales:** La prueba de la realización de pasos adicionales para hacer valer un derecho de garantía puede incluir documentos que demuestren que se ha presentado o registrado un derecho de garantía, tal como una hipoteca, un derecho de retención, un certificado de propiedad o una declaración de financiamiento.

**Información que debe mantenerse en privado:** El formulario de *Evidencia de reclamación* y los documentos adjuntos solo deben mostrar los últimos 4 dígitos de un número de seguridad social, el número de identificación tributaria de una persona o un número de cuenta financiera, y solo las iniciales del nombre de un menor y el año de la fecha de nacimiento de una persona. Si una reclamación se basa en la prestación de bienes o servicios de atención médica, limite la divulgación de los bienes o servicios a fin de evitar la incomodidad o la divulgación de información de atención médica confidencial. Es posible que, más adelante, se le solicite que brinde más información si el síndico u otra persona de interés se opone a la reclamación.

**Evidencia de reclamación:** Un formulario que detalla el monto de la deuda que el deudor mantiene con un acreedor a la fecha de la presentación. El formulario debe ser presentado en el distrito donde el caso se encuentra pendiente de resolución.

**Edición de información:** Ocultamiento, corrección, o eliminación de cierta información para proteger la privacidad o la información confidencial. Quienes presenten la documentación deben editar u omitir información sujeta a **privacidad** en el formulario de *Evidencia de reclamación* y en cualquier documento adjunto.

**Reclamación garantizada en virtud el Título 11 § 506(a) del U.S.C.:** Una reclamación respaldada por un derecho de retención sobre un bien en particular del deudor. Una reclamación está garantizada en la medida que un acreedor tenga el derecho a recibir un pago proveniente del bien antes de que se les pague a otros acreedores. El monto de una reclamación garantizada generalmente no puede ser mayor que el valor del bien en particular sobre el cual el acreedor mantiene un derecho de retención. Cualquier monto adeudado a un acreedor que sea mayor que el valor del bien generalmente se lo considera una reclamación no garantizada. Sin embargo, existen excepciones; por ejemplo, el Título 11 § 1322(b) del U.S.C., y la oración final de § 1325(a).

Algunos ejemplos de derechos de retención sobre bienes incluyen una hipoteca sobre un inmueble o un derecho de garantía sobre un automóvil. Un derecho de retención puede ser otorgado de manera voluntaria por un deudor o puede obtenerse a través de un procedimiento judicial. En algunos estados, una resolución judicial puede ser un derecho de retención.

**Compensación:** Ocurre cuando un acreedor se paga a sí mismo con dinero que pertenece al deudor y que mantiene en su poder, o cuando el acreedor cancela una deuda que mantiene con el deudor.

**Reclamación no garantizada:** Una reclamación que no cumple con los requisitos de una reclamación garantizada. Una reclamación puede no estar garantizada en parte en la medida que el monto de la reclamación sea mayor que el valor del bien sobre la cual un acreedor tiene un derecho de retención.

## Ofrecimiento de compra de una reclamación

Algunas entidades compran reclamaciones por un monto menor que su valor nominal. Estas entidades pueden contactar a acreedores para ofrecerles la compra de esas reclamaciones. Algunas comunicaciones por escrito de estas entidades pueden confundirse fácilmente con documentación judicial oficial o con comunicaciones del deudor. Estas entidades no representan al tribunal de quiebras, al síndico de la quiebra, ni al deudor. Un acreedor no tiene obligación alguna de vender su reclamación. Sin embargo, si decide hacerlo, cualquier transferencia de esa reclamación está sujeta a la Norma de Quiebras 3001(e), a las correspondientes disposiciones del Código de Quiebras (Título 11 § 101 y subsiguientes del U.S.C.) y a cualquier resolución del tribunal de quiebras que corresponda al caso.

## Envíe la(s) Evidencia(s) de reclamación completa(s) a:

**Si por correo de primera clase:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4708
New York, NY 10163-4708

**Si por el mensajero de una noche o la entrega de mensajero a mano:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

---

## No presente estas instrucciones con su formulario

---

## **Exhibit 3**

**Special Notice to Pension, Retiree, and Employee Claimants**

# IMPORTANT LEGAL NOTICE TO PENSION, RETIREE, AND EMPLOYEE CLAIMANTS

The United States District Court for the District of Puerto Rico entered an order (the "Bar Date Order") establishing a deadline for creditors to assert claims against the Puerto Rico Public Buildings Authority ("PBA").

Pursuant to the Bar Date Order, you **are not** required to file a proof of claim with respect to any claims you have for accrued pensions and any and all other post-retirement benefits due to you ("Pension Benefits"). However, to the extent you have a claim that is not for Pension Benefits against any of the Title III Debtors listed above, then you should file a proof of claim with respect to such claim on or before **4:00 p.m. (Atlantic Standard Time) on April 30, 2020** to avoid disallowance of such claim.

In addition, as an employee, furloughed employee, or former employee you <u>are not</u> required to file a proof of claim for any for compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance benefits, or worker's compensation claims, **but must** file claims asserted or to be asserted in any lawsuit or administrative proceeding based on tort or non-employment-related common law, statutory law, or regulations, even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits;

Finally, you **are not** required to file a claim limited to obligations due under a collective bargaining agreement, including but not limited to grievances, or claims arising from current or former employment relationship with PBA; **however**, if you assert a claim for one or more grievances that have been resolved and liquidated by settlement or arbitration award as of September 27, 2019, you **must** file a claim.

All documents filed in the PBA Title III case, including the Bar Date Order and the Proof of Claim Form, are available, free of charge, by accessing the website https://cases.primeclerk.com/puertorico/. Additional information for retirees is available at www.porturetiro.com.

# AVISO LEGAL IMPORTANTE PARA RECLAMANTES PENSIONISTAS, JUBILADOS Y EMPLEADOS

El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico emitió una resolución (la "Orden de fechas límite") que establece un plazo para que los acreedores aleguen reclamaciones en contra de la Autoridad de Edificios Públicos ("PBA").

De conformidad con la Orden de fechas límite, a usted **no** se le exige presentar una evidencia de reclamación con respecto a las reclamaciones que tiene por pensiones acumuladas y cualquier otro beneficio posterior a la jubilación que se le adeude ("Beneficios de pensiones"). Sin embargo, en caso de tener una reclamación que no sea por Beneficios de pensiones en contra de alguno de los Deudores según el Título III mencionados anteriormente, entonces, debe presentar una evidencia de reclamación con respecto a dicho crédito en o antes de las **4:00 p. m. (hora estándar del Atlántico) del 22 de abril de 2020,** para evitar que se rechace dicha reclamación.

Además, como empleado, empleado con licencia o exempleado, no se le exige presentar una evidencia de reclamación para indemnizaciones y beneficios de empleo, incluidos, entre otros, los sueldos, salarios, beneficios médicos para empleados, o beneficios de seguros o reclamaciones de indemnización por accidentes laborales, **sino que debe** presentar las reclamaciones que se alegaron o se alegarán en una causa judicial o un procedimiento administrativo por agravio, o por derecho consuetudinario, derecho estatutario o reglamentaciones no relacionados con el empleo, incluso cuando dichas reclamaciones se aleguen como daños un derecho a recibir sueldos, salarios, beneficios médicos para empleados o beneficios de seguros.

Finalmente, **no** se le exige presentar una reclamación que se limite a obligaciones en virtud de un convenio colectivo de trabajo, incluidas, entre otras, las quejas o reclamaciones que surgen de la relación laboral actual o anterior con PBA; **sin embargo**, si alega una reclamación por una o más quejas que se resolvieron y liquidaron mediante transacción o laudo arbitral al 27 de septiembre de 2019, **debe** presentar un crédito.

Todos los documentos presentados en el Caso de PBA en virtud del Título III, incluida la Orden de fechas límite y el Formulario de evidencia de reclamación, están disponibles libre de cargos en el sitio web https://cases.primeclerk.com/puertorico/. Información adicional para jubilados está disponible en www.porturetiro.com.

Document comparison by Workshare Compare on Thursday, February 27, 2020
03:51:11 PM

| Input: | |
|---|---|
| Document 1 ID | file://\\na.proskauer.com\firm\Home\NY3\3206\My Documents\FOMB - PBA - Bar Date Proposed Order - As filed.DOCX |
| Description | FOMB - PBA - Bar Date Proposed Order - As filed |
| Document 2 ID | interwovenSite://DMS/CURRENT/114404837/1 |
| Description | #114404837v1<CURRENT> - FOMB - PBA - Amended Bar Date Proposed Order |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 57 |
| Deletions | 24 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 81 |