# Exhibit B

February 28, 2020

**VIA E-MAIL**

| | |
|---|---|
| Gaspard Rappoport | John Hughes, III |
| Kelly DiBlasi | Atara Miller |
| Gabriel Morgan | Grant Mainland |
| Gregory Silbert | MILBANK LLP |
| Reed Collins | 55 Hudson Yards |
| WEIL, GOTSHAL & MANGES LLP | New York, New York 10001 |
| 767 Fifth Avenue | |
| New York, New York 10153 | |
| | |
| Howard Hawkins | Jason Callen |
| Mark Ellenberg | Martin Sosland |
| William Natbony | BUTLER SNOW LLP |
| Casey Servais | 5430 Lyndon B. Johnson Freeway, Suite 1200 |
| CADWALADER, WICKERSHAM & TAFT LLP | Dallas, Texas 75240 |
| 200 Liberty Street | 1530 3rd Avenue South, Suite 1600 |
| New York, New York 10281 | Nashville, Tennessee 37201 |

Re: *In re Fin. Oversight & Mgmt. Bd., No. 17-BK-3283-LTS – Discovery on Lift Stay Motions – Movants' Letters Dated February 24, 2020 and February 26, 2020*

Counsel:

We write in response to Grant Mainland's February 24, 2020 letter ("February 24 Letter") and John Hughes III's February 26, 2020 letter ("February 26 Letter") written on behalf of Movants regarding Movants' informal discovery requests.

The February 24 Letter seeks to memorialize the parties' February 21, 2020 and February 24, 2020 telephonic meet-and-confer communications. We largely agree with your description of our positions, with the clarifications below.

CCDA 1, PRIFA 1, HTA 1, HTA 2, and HTA 3. AAFAF agreed to search for and produce account statements from January 1, 2015 to the present, with the caveat that it could not represent that every statement for each account exists in the Government's possession, custody, or control. AAFAF is continuing to collect account statements and will produce them on a rolling basis. AAFAF objects to Movants' request for account opening documents for every account on burden and relevance grounds.

HTA 4. AAFAF did not categorically refuse to produce any documents referring to Pledged Revenues as appropriations, but it did object to Movants' request for "all" such documents. AAFAF directed Movants' attention to the Treasury and OMB websites, and it agreed to determine if central repositories of budget-related materials exist beyond what is already publicly available.

HTA 6.  AAFAF's position with respect to HTA Request 6 is the same as its position for HTA Request 1.

CCDA 6, PRIFA 8, HTA 8. The Oversight Board confirms its agreement to produce documents reviewed by the Oversight Board's professionals who prepared the CRA in reaching the conclusions stated in the line items you highlighted in the attachment to John Hughes's February 23 email.  Upon reasonable inquiry, we do not believe there are any documents, other than the CRA itself, that explain the restriction designations in those line items.  Furthermore, there is no call for a deposition.  The CRA was prepared by the Oversight Board's professionals.  They can answer any questions you may have informally.

Your letter also asks whether we will agree to certain stipulations.  We are still in the process of evaluating the extent to which we can agree.  We anticipate having a response for your next week.

With respect to the February 26 Letter, AAFAF continues to object to providing the transaction-level detail requested in connection with CCDA Request 1 and the account opening information requested in connection with CCDA Request 2.

AAFAF will identify the accounts identified in the February 26 Letter in connection with CCDA Request No. 2 and PRIFA Request 2.  However, your unilateral demand that such materials be produced by today is not feasible and is inconsistent with the parties' agreement of a March 16, 2020 substantial completion deadline.

Sincerely,

/s/ *Elizabeth L. McKeen*                                    /s/ *Michael Mervis*

Elizabeth L. McKeen                                         Michael Mervis

2