# Exhibit E

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------------  X
                                                                     :
In re                                                                :
                                                                     :
THE FINANCIAL OVERSIGHT AND                                          :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                    :    Title III
                                                                     :
         as representative of                                        :    Case No. 17-BK-3283 (LTS)
                                                                     :
THE COMMONWEALTH OF PUERTO RICO, et al.,                             :    (Jointly Administered)
                                                                     :
         Debtors.¹                                                   :
-------------------------------------------------------------------  X
```

**AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, AND FINANCIAL GUARANTY INSURANCE COMPANY'S NOTICE OF DEPOSITION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO PURSUANT TO FED. R. CIV. P. 30(b)(6) AND FED. R. BANKR. P. <u>7030 IN CONNECTION WITH THE LIFT-STAY MOTIONS</u>**

PLEASE TAKE NOTICE THAT pursuant to Rule 26 and Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to these proceedings through Rules 7026 and 7030 of the Federal Rules of Bankruptcy Procedure, in connection with *Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon's Motion Concerning Application of the Automatic Stay to the Revenues Securing the CCDA Bonds* (ECF No. 10104) (the "<u>CCDA</u>

---

¹ The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

Lift-Stay Motion"); *Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (ECF No. 10602) (the "PRIFA Lift-Stay Motion"); and *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection* (ECF No. 10102) (the "HTA Lift-Stay Motion") (collectively, the "Lift-Stay Motions"), Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company, by and through their undersigned counsel, will take the deposition of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") through individuals designated to testify regarding the topics of examination attached hereto.

The deposition will take place on March 12, 2020, beginning at 9:30 a.m., at Milbank LLP, 55 Hudson Yards, New York, New York, or on such other date, location, and time as shall be agreed between the parties, and will continue until completed.  The deposition will be taken upon oral examination before an official authorized by law to administer oaths and will be recorded stenographically and by videotape (sound and visual).

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 7030 of the Federal Rules of Bankruptcy Procedure, the Government Parties (as defined in Exhibit A hereto) must designate one or more officers, directors, or other persons who consent to testify on their behalf with respect to what is known or reasonably available to the Government Parties concerning each of the topics of examination set forth in the attached **Exhibit A**.

Dated: March 2, 2020
San Juan, Puerto Rico

**FERRAIUOLI LLC**

By:     */s/ Roberto Cámara-Fuertes*
          Roberto Cámara-Fuertes (USDC-PR
          No. 219002)
          Sonia Colón (USDC-PR No. 213809)
          221 Ponce de León Avenue, 5th Floor
          San Juan, PR 00917
          Telephone: (787) 766-7000
          Facsimile: (787) 766-7001
          Email: rcamara@ferraiuoli.com
                     scolon@ferraiuoli.com

**MILBANK LLP**

By:     */s/ Atara Miller*
          Dennis F. Dunne (admitted *pro hac
          vice*)
          Atara Miller (admitted *pro hac vice*)
          Grant R. Mainland (admitted *pro hac
          vice*)
          John J. Hughes, III (admitted *pro hac
          vice*)
          55 Hudson Yards
          New York, NY 10001
          Telephone: (212) 530-5000
          Facsimile:  (212) 530-5219
          Email: ddunne@milbank.com
                     amiller@milbank.com
                     gmainland@milbank.com
                     jhughes2@milbank.com

**Attorneys for Ambac Assurance Corporation**

**REXACH & PICÓ, CSP**

By:     */s/ María E. Picó*
          María E. Picó
          (USDC-PR No. 123214)
          802 Ave. Fernández Juncos
          San Juan, PR 00907-4315
          Telephone: (787) 723-8520
          Facsimile: (787) 724-7844
          Email: mpico@rexachpico.com

**BUTLER SNOW LLP**

By:     */s/ Martin A. Sosland*
          Martin A. Sosland (admitted *pro hac
          vice*)
          5430 LBJ Freeway, Suite 1200
          Dallas, TX 75240
          Telephone: (469) 680-5502
          Facsimile: (469) 680-5501
          Email:
          martin.sosland@butlersnow.com
          Jason W. Callen (admitted *pro hac
          vice*)150
          rd Ave., S., Suite 1600
          Nashville, TN 37201
          Telephone: (615) 651-6774
          Facsimile: (615) 651-6701
          Email: jason.callen@butlersnow.com

**Attorneys for Financial Guaranty Assurance
Corporation**

**CASELLAS ALCOVER & BURGOS P.S.C.**

By:   */s/ Heriberto Burgo Pérez*
      Heriberto Burgos Pérez
      USDC-PR No. 204809
      Ricardo F. Casellas-Sánchez
      USDC-PR No. 203114
      Diana Pérez-Seda
      USDC-PR No. 232014
      P.O. Box 364924
      San Juan, PR 00936-4924
      Telephone: (787) 756-1400
      Facsimile: (787) 756-1401
      Email: hburgos@cabprlaw.com
             rcasellas@cabprlaw.com
             dperez@cabprlaw.com


**CADWALADER, WICKERSHAM & TAFT LLP**

By:   */s/ Mark C. Ellenberg*
      Howard R. Hawkins, Jr. (admitted *pro
      hac vice*)
      Mark C. Ellenberg (admitted *pro hac
      vice*)
      William J. Natbony (admitted *pro hac
      vice*)
      Ellen M. Halstead (admitted *pro hac
      vice*)
      Thomas J. Curtin (admitted *pro hac vice*)
      Casey J. Servais (admitted *pro hac vice*)
      200 Liberty Street
      New York, NY 10281
      Telephone: (212) 504-6000
      Facsimile: (212) 504-6666
      Email: howard.hawkins@cwt.com
             mark.ellenberg@cwt.com
             bill.natbony@cwt.com
             ellen.halstead@cwt.com
             thomas.curtin@cwt.com
             casey.servais@cwt.com

*Attorneys for Assured Guaranty Corp. and
Assured Guaranty Municipal Corp.*

**ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC**

By: */s/ Eric Perez-Ochoa*
Eric Pérez-Ochoa
USDC-PR No. 206,314
E-mail:   epo@amgprlaw.com

By: */s /Luis A. Oliver-Fraticelli*
Luis A.  Oliver-Fraticelli
USDC-PR NO. 209,204
E-mail:   loliver@amgprlaw.com

208 Ponce de Leon Ave., Suite 1600
San Juan, PR 00936
Tel.:       (787) 756-9000
Fax:       (787) 756-9010

**WEIL, GOTSHAL & MANGES LLP**

By: */s/ Robert Berezin*
Jonathan Polkes
Gregory Silbert
Robert Berezin
Kelly Diblasi
Gabriel Morgan
767 Fifth Avenue
New York, New York 10153
Tel.:       (212) 310-8000
Fax:       (212) 310-8007
Email:     marcia.goldstein@weil.com
           jonathan.polkes@weil.com
           gregory.silbert@weil.com
           robert.berezin@weil.com
           gabriel.morgan@weil.com

* admitted *pro hac vice*

***Attorneys for National Public Finance Guarantee Corp.***

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF

participants in this case.

/s/ Roberto Cámara-Fuentes
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile:  (787) 766-7001
Email:  rcamara@ferraiuoli.com

## **EXHIBIT A**

## **DEFINITIONS AND INSTRUCTIONS**

1.     Each reference to a corporation, partnership, joint venture, unincorporated association, government agency, or other fictitious person shall be deemed to include each and all of its subsidiaries, affiliates, predecessors, and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys, trustee, and any other person who acted on its behalf.

2.     Each reference to a natural person shall be deemed to include that person's agents, attorneys, and any other Person who acted on that person's behalf.

3.     Each Topic shall be construed independently and not with reference to any other Topic for the purpose of limitation or exclusion.

4.     The use of any definition for the purposes of this notice shall not be deemed to constitute an agreement or acknowledgment on the part of Movants that such definition is accurate, meaningful, or appropriate for any other purpose in this Action.

5.     In construing the requests, the singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; and any reference to any gender includes the other gender.

6.     The words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of the request.

7.     The words "all," "any," and "each" shall each be construed broadly, meaning "any and all."

2

8.      The word "concerning" means directly or indirectly connected to, on the subject of, about, respecting, referring to, relevant to, and/or dealing with.

9.      The word "including" means including but not limited to.

10.     Any ambiguity in a request shall be construed to bring within the scope of the request all responses that otherwise could be construed to be outside of its scope.

11.      "AAFAF" means the Puerto Rico Fiscal Agency and Financial Advisory Authority and each of its present or former officers, directors, agents, representatives, employees, and members.

12.     "Accounts," or each individually, an "Account," means the accounts by or on behalf of the Commonwealth or any of its instrumentalities, including, without limitation, any Related Accounts.

13.     "Action" means the Lift-Stay Motions.

14.     "Adjournment Order" means the *Order Granting Urgent Motion to Adjourn Hearing on Motions for Relief from the Automatic Stay and Extend Deadlines for Replies In Support of Motions for Relief from the Automatic Stay* (ECF No. 11057).

15.     "Assignment Agreement" means the Assignment and Coordination Agreement between the Tourism Company and GDB, dated March 24, 2006.

16.     "Cash Restriction Analysis" means the analysis conducted by Duff & Phelps and/or Ernst & Young in connection with the presentation provided on October 2, 2019.

17.     "CCDA" refers to the Puerto Rico Convention Center District Authority.

18.     "CCDA Bond Documents" means the Pledge Agreement and any related agreements and official statements relating to the issuance of CCDA bonds.

19.     "CCDA Bonds" means the bonds issued by CCDA pursuant to the Hotel Occupancy Tax Act, CCDA Enabling Act, Bond Documents, and Offering Documents.

20.     "CCDA Bond Trustee" means Bank of New York Mellon, acting in its capacity as the trustee of the CCDA Bonds pursuant to the Trust Agreement and Supplemental Trust Agreement.  This term also encompasses, to the extent applicable, any prior trustee of the CCDA Bonds.

21.     "CCDA Enabling Act" means Act 351-2000.

22.     "CCDA Lift-Stay Motion" means the *Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon's Motion Concerning Application of the Automatic Stay to the Revenues Securing the CCDA Bonds* (ECF No. 10104).

23.     "CCDA Lift-Stay Opposition" means the *Opposition of Commonwealth of Puerto Rico to Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon concerning Application of Automatic Stay [ECF NO. 10104]* (ECF No. 10615).

24.     "CCDA Offering Documents" means any offering, promotional, or sales materials concerning the CCDA Bonds, Including the Official Statement for the CCDA Bonds dated March 15, 2006.

25.     "Clawback" refers to Article VI, Section 8 of the Commonwealth Constitution, providing that the Commonwealth may "claw back" revenues and apply them to payment of "public debt" under the conditions therein enumerated.

26.   "Commonwealth" means the Commonwealth of Puerto Rico, including its executive and legislative branches of government, and each of their present or former representatives, employees, and agents.

27.   "Communication" or "communications" means any exchange of information by any means, including, but not limited to, correspondence, face-to-face conversations, electronic transmissions, meetings, visits, conferences, internal and external discussions, or any other kind of oral or written exchange between two or more Persons that has been recorded or transcribed in any way including, but not limited to, letters, facsimiles, transcriptions, sound recordings, and/or video recordings.

28.   "Deposit Accounts Control Agreement" means

29.    "Disbursement Detail" means the transmittal information accompanying transfers from the Lockbox Bank (as defined herein) to the TSA or any account or sub-account owned or held on behalf of the Commonwealth or its instrumentalities, as detailed in ¶ 29 of the *Supplemental Opposition of Commonwealth of Puerto Rico to Amended PRIFA Bondholder Motion to Lift Automatic Stay* (ECF No. 10611) (the "PRIFA Lift-Stay Opposition").

30.   "Document" or "documents" is used in the broadest sense permitted under the Federal Rules of Civil Procedure and the Local Rules for the District of Puerto Rico, including tangible things, correspondence, internal or external memoranda, letters, drafts, non-identical copies, notes including handwritten notes, minutes of meetings, computer records (*e.g.*, email messages), any electronically stored information, recordings (e.g., voicemail recordings), diaries, exhibits, sketches, designs, catalogs, newspapers, magazines, appointment or telephone records, banking records, and notices.

31.    "<u>Document requests</u>" refers to all requests made in connection with the Lift-Stay Motions, as outlined in the *Urgent Motion of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp.,, and Financial Guaranty Insurance Company to Compel Production of Documents Relating to the Preliminary Hearing on the CCDA and PRIFA Lift-Stay Motions* (ECF No. 11697) and the exhibits thereto, including, without limitation, Exhibit B, and the *Urgent Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation, As Holders and Insurers of HTA Bonds, to Compel Production of Documents Concerning Preliminary Hearing on Lift-Stay Motion* (ECF No. 11686) and all exhibits thereto.

32.    "<u>Electronically Stored Information</u>" has the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure, refers to all computer or electronically stored or generated data and information, and includes all attachments to and enclosures with any requested item, and all drafts thereof.  "Electronically Stored Information" includes (a) information stored in any format and on any storage media, including: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable; (b) word-processing documents; electronic spreadsheets; electronic presentation documents; email messages; image files; sound files; material or information stored in a database, or accessible from a database; and (c) all associated metadata that is maintained or saved, which includes: a document's title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; email header information; history of who viewed an email and when; and email routing information.

33.     "Events of Default"  means any and all "Events of Default," as that term

is defined in the Section 7 of the CCDA Trust Agreement.

34.     "Excise Taxes" means the proceeds of taxes on gasoline, diesel, crude

oil, and cigarettes, motor vehicle license fees, and other special excise taxes collected by the

Commonwealth, which Movants allege secure HTA bonds.

35.     "Flow of Funds" refers to the path, including each and every deposit and

transfer, into and out of an Account, of the Rum Taxes, Hotel Taxes, and Excise Taxes, and Toll

Revenues from their initial receipt or collection by the Commonwealth or its instrumentalities

(including PRIFA, HTA, and CCDA) through their ultimate transfer, if any, out of any account

or sub-account, or fund (including Fund 278) held by or on behalf of the Commonwealth or its

instrumentalities.  Documents relating to the Flow of Funds include, but are not limited to,

account-opening documents, transmittal information (including payment vouchers and transfer

activity reports), and banking agreements.

36.     "GDB" means the Puerto Rico Government Development Bank.

37.     "Government Parties" refers to AAFAF, the Commonwealth, and the

Oversight Board as herein defined.

38.     "Holding Fund" means the Assignment and Coordination Agreement

Holding Fund referenced in the Assignment Agreement.

39.     "Hotel Tax Occupancy Act" means Act 272-2003.

40.     "Hotel Taxes" means the taxes collected by the Puerto Rico Tourism

Company pursuant to the Hotel Occupancy Act.

41.     "HTA" refers to the Puerto Rico Highway and Transportation Authority.

7

42.     "HTA Bond Documents" means the 1968 Resolution, the 1998 Resolution, and any related agreements and official statements relating to the issuance of HTA bonds.

43.     "HTA Lift-Stay Motion" means the *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection* (ECF No. 10102).

44.     "HTA Lift-Stay Opposition" means the *Opposition of Financial Oversight and Management Board for Puerto Rico to Motion of Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from Automatic Stay or, in the Alternative, Adequate Protection [ECF No. 673]* (ECF No. 10618).

45.     "HTA Offering Documents" means any offering, promotional, or sales materials concerning the HTA Bonds, including the Official Statements for the HTA Bonds.

46.     "Lockbox Agreement" refers to the agreement dated as of May 5, 2015, between Citibank, N.A., Banco Popular de Puerto Rico, and the Government of Puerto Rico, ECF No. 10109-2.

47.     "Movants" means the entities that filed the Lift-Stay Motions, including Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, National Public Finance Guarantee Corp., U.S. Bank Trust National Association, and the Bank of New York Mellon.

48.    "<u>Oversight Board</u>" means the Financial Oversight and Management Board for Puerto Rico and each of its present or former board members, agents, representatives, and employees.

49.    "<u>Person</u>" means a natural person or any corporation, partnership, association, joint venture, firm, trust, or other business enterprise or legal entity, and includes both the singular and the plural.

50.    "<u>Pledge Account</u>" means the "Hotel Occupancy Tax Pledge Account" referenced in the Pledge Agreement.

51.    "<u>Pledge Agreement</u>" means the Pledge Agreement between GDB, CCDA, and the CCDA Bond Trustee, dated March 24, 2006.

52.    "<u>PRIFA</u>" means the Puerto Rico Infrastructure Financing Authority and each of its present or former board members, agents, representatives, and employees.

53.    "<u>PRIFA Bond Documents</u>" means the PRIFA Trust Agreement and any related agreements and official statements relating to the issuance of PRIFA bonds.

54.    "<u>PRIFA Enabling Act</u>" refers to the Puerto Rico Infrastructure Financing Authority Act.

55.    "<u>PRIFA Lift-Stay Motion</u>" means the *Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (ECF No. 10602).

56.     "PRIFA Lift-Stay Opposition" means the *Supplemental Opposition of Commonwealth of Puerto Rico to Amended PRIFA Bondholder Motion to Lift Automatic Stay [ECF No. 10602]* (ECF No. 10611).

57.     "PRIFA Offering Documents" means any offering, promotional, or sales materials concerning the CCDA Bonds, Including the Official Statement for the CCDA Bonds dated March 15, 2006.

58.     "PRIFA Trust Agreement" means the Agreement dated October 1, 1988, between PRIFA and U.S. Bank Trust National Association as successor trustee.

59.     "Tourism Company" means the Puerto Rico Tourism Company.

60.     "Related Accounts," or each individually, a "Related Account," means either a sub-account nested under or within an Account, or a master account that subsumes one or more Accounts, including, without limitation, any sweep accounts, cash management accounts, or other accounts, records, or designations used for tracking, recording, or otherwise accounting for funds.

61.     "Rum Producers" means the entities (including, but not limited to, Bacardi International Limited, Bacardi Corporation, Destileria Serralles, Inc., and Club Caribe Distillers, LLC, and Edmundo B. Fernandez, Incorporated) that are parties to agreements with the Commonwealth, pursuant to which such entities receive Rum Taxes.

62.     "Rum Taxes" means the revenues collected from the federal excise taxes imposed on the sale of rum imported into the United States.

63.     "Rum Tax Remittances" means the Rum Taxes received by the Rum Producers, as used in the PRIFA Lift-Stay Opposition.

64.     "Supplemental CCDA Trust Agreement" means the First Supplemental Trust Agreement between CCDA and the CCDA Bond Trustee, dated March 24, 2006.

65.     "Surplus Account" means the "Hotel Occupancy Tax Pledge Account" referenced in the Pledge Agreement.

66.     "Transfer Account" means the "Transfer Account" referenced in the CCDA Assignment Agreement.

67.     "Transfer Obligations" means all direct or indirect requirements, conditional or otherwise, to transfer Hotel Taxes between Accounts, as contemplated by the Hotel Occupancy Tax Act, CCDA Enabling Act, and CCDA Bond Documents.

68.     "Toll Revenues" means revenues derived from HTA's toll facilities.

69.     "TSA" means the Puerto Rico Department of Treasury Single Account.

70.     "1968 Resolution" means HTA Resolution No. 68-18.

71.     "1998 Resolution" means HTA Resolution No. 98-06.

## TOPICS OF EXAMINATION

### I.      PRIFA TOPICS

The PRIFA Enabling Act and PRIFA Bond Documents

1.  The origin, purpose, provisions, and implementation of the PRIFA Enabling Act and the Bond Documents, and the Oversight Board's historical and present understanding and implementation of their terms, including the assertions in, among other places, Paragraph 39 of the PRIFA Lift-Stay Opposition (and Exhibit A thereto) that Pledged Rum Taxes (as defined in the PRIFA Trust Agreement) are only those monies deposited into the Sinking Fund (as defined in the PRIFA Trust Agreement).

Flow of Funds and Accounts

2.  The historical and present Flow of Funds for the Rum Taxes, including:

    a.  whether the GDB account identified in PRIFA_STAY0000281 and -284, and/or the Banco Popular account identified in PRIFA_STAY0000285, identify the total amount of money held by PRIFA and/or in the Puerto Rico Infrastructure Fund; and

    b.  whether the GDB account identified in PRIFA_STAY0000281 and -284, and/or the Banco Popular account identified in PRIFA_STAY0000285 comprise the Puerto Rico Infrastructure Fund and, if not, which Account(s) do/does.

3.  The origin, purpose, provisions, and implementation of the Lockbox Agreement (as referenced in Paragraph 29 of the PRIFA Lift-Stay Opposition), and the Oversight Board's historical and present understanding and implementation of its terms.

4.  The assertion that Rum Taxes are or have been "commingled" with other funds in the TSA, as set forth in, among other places, Paragraphs 29 and 103 of the PRIFA Lift-Stay Opposition.

Rum Producer Agreements

5.  The origin, purpose, provisions, and implementation of agreements with the Rum Producers.

Diversion of Rum Taxes / Clawback

6.  The Commonwealth's exercise of its purported police, emergency, constitutional, or other powers to retain, obtain, Clawback, or halt the transfer of Rum Taxes to PRIFA or its bondholders.

*Flores Galarza*, Trust *Res*, and Restrictions on Use of Funds

12

7. Any purported restrictions placed on PRIFA-related funds, including those funds described as "restricted" in the Cash Restriction Analysis.

<u>Factual Assertions in the PRIFA Lift-Stay Opposition, as Identified in Adjournment Order</u>

8. To the extent not otherwise captured in the Topics in this Exhibit A, the factual assertions made in paragraphs 29, 38, 69, 103, 124, and 125 of the PRIFA Lift-Stay Opposition.

<u>Documents Produced as of the Date of Deposition</u>

9. All documents produced by AAFAF and the Oversight Board as of the date of the deposition concerning the Rum Taxes, Flow of Funds, and any other topic in this Exhibit A.

## II.   **CCDA- AND TOURISM COMPANY TOPICS**

Hotel Occupancy Tax Act, CCDA Enabling Act, Bond Documents, and Offering Documents

1.   The origin, purpose, provisions, terms, and history of the Hotel Occupancy Tax Act, CCDA Enabling Act, Bond Documents, and Offering Documents, including any negotiations, reviews, consents, approvals, and authorizations of the same or contained within the same.

2.   All Transfer Obligations concerning the Hotel Taxes, any rights or obligations of the Tourism Company concerning such Transfer Obligations, and any efforts or actions by the Tourism Company, GDB, CCDA, the CCDA Bond Trustee, or any other entity or person, to enforce or fulfill such Transfer Obligations.

Flow of Funds and Accounts

3.   The historical and present Flow of Funds for the Hotel Taxes.

4.   All Accounts into which Hotel Taxes are received or deposited.  This includes the creation, establishment, opening, closing, or modification of each Account; funds received, deposited, or withdrawn from each account; and any aspects or features of Accounts that make them "special," "for the benefit of the [CCDA] bondholders," or "in the name of [CCDA]," as referenced in the Hotel Occupancy Tax Act and Bond Documents.

Diversion of Hotel Taxes

5.   All transfers and non-transfers of Hotel Taxes by the Tourism Company caused by, or otherwise resulting from, the Commonwealth's purported invocation of Article II, Section 8 of the Puerto Rico Constitution (including as referenced in paragraphs 39-41 of the CCDA Lift-Stay Opposition).

Factual Assertions in the CCDA Lift-Stay Opposition

6.   To the extent not otherwise captured in the Topics in this Exhibit A, the factual assertions made in paragraphs 2, 16-17, and 39-41 of the CCDA Lift-Stay Opposition.

Documents Produced as of the Date of Deposition

7.   All documents produced by AAFAF and the Oversight Board as of the date of the deposition concerning Hotel Taxes, Accounts, Flow of Funds, or any other topic in this Exhibit A.

III.    **HTA TOPICS**

Flow of Funds

    1.  The historical and present Flow of Funds for the Toll Revenues and Excise Taxes.

    2.  The ownership of, interest in, and location of the Toll Revenues and Excise Taxes.

    3.  Ownership, interest in, location, and flow of funds in and out of Fund 278.

Deposit Account Control Agreements

    4.  Control over deposit Accounts.

Appropriation / HTA Funds "Made Available"

    5.  The budgeting and allocation treatment of the Excise Taxes and Toll Revenues.

    6.  All HTA bond closing transcripts, resolutions (beyond the 1968 and 1998 Resolutions), and supplemental resolutions.

*Flores Galarza* / Transfer

    7.  Any purported restrictions placed on HTA-related funds, including but not limited to those funds described as "restricted" in the Cash Restriction Analysis.

Factual Assertions in HTA Lift-Stay Opposition Identified in Adjournment Order

    8.  To the extent not otherwise captured in the Topics in this Exhibit A, the factual assertions made in paragraphs 77, 81, and 92 and Exhibit A of the HTA Lift-Stay Opposition.

Documents Produced as of the Date of Deposition

    9.  All documents produced by AAFAF and the Oversight Board as of the date of the deposition concerning the Excise Taxes, Toll Revenues, Flow of Funds, and any other topic in this Exhibit A.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

```
----------------------------------------------------------------- X
                                                                  :
In re                                                             :
                                                                  :
THE FINANCIAL OVERSIGHT AND                                       :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                 :   Title III
                                                                  :
        as representative of                                      :   Case No. 17-BK-3283 (LTS)
                                                                  :
THE COMMONWEALTH OF PUERTO RICO, et al.,                          :   (Jointly Administered)
                                                                  :
        Debtors.¹                                                 :
----------------------------------------------------------------- X
```

**AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, AND FINANCIAL GUARANTY INSURANCE COMPANY'S NOTICE OF DEPOSITION OF THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY PURSUANT TO FED. R. CIV. P. 30(b)(6) AND FED. R. BANKR. P. 7030 IN CONNECTION WITH THE LIFT-STAY MOTIONS**

PLEASE TAKE NOTICE THAT pursuant to Rule 26 and Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to these proceedings through Rules 7026 and 7030 of the Federal Rules of Bankruptcy Procedure, in connection with *Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon's Motion Concerning Application of the Automatic Stay to the Revenues Securing the CCDA Bonds* (ECF No. 10104) (the "CCDA

---

¹ The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

Lift-Stay Motion"); *Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (ECF No. 10602) (the "PRIFA Lift-Stay Motion"); and *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection* (ECF No. 10102) (the "HTA Lift-Stay Motion") (collectively, the "Lift-Stay Motions"), Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company, by and through their undersigned counsel, will take the deposition of the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") through individuals designated to testify regarding the topics of examination attached hereto.

The deposition will take place on March 13, 2020, beginning at 9:30 a.m., at Milbank LLP, 55 Hudson Yards, New York, New York, or on such other date, location, and time as shall be agreed between the parties, and will continue until completed.  The deposition will be taken upon oral examination before an official authorized by law to administer oaths and will be recorded stenographically and by videotape (sound and visual).

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 7030 of the Federal Rules of Bankruptcy Procedure, the Government Entities must designate one or more officers, directors, or other persons who consent to testify on their behalf with respect to what is known or reasonably available to the Government Parties concerning each of the topics of examination set forth in the attached **Exhibit A**.

Dated: March 2, 2020
San Juan, Puerto Rico

**FERRAIUOLI LLC**

By:   */s/ Roberto Cámara-Fuertes*
     Roberto Cámara-Fuertes (USDC-PR
     No. 219002)
     Sonia Colón (USDC-PR No. 213809)
     221 Ponce de León Avenue, 5th Floor
     San Juan, PR 00917
     Telephone: (787) 766-7000
     Facsimile: (787) 766-7001
     Email: rcamara@ferraiuoli.com
          scolon@ferraiuoli.com

**REXACH & PICÓ, CSP**

By:   */s/ María E. Picó*
     María E. Picó
     (USDC-PR No. 123214)
     802 Ave. Fernández Juncos
     San Juan, PR 00907-4315
     Telephone: (787) 723-8520
     Facsimile: (787) 724-7844
     Email: mpico@rexachpico.com

**MILBANK LLP**

By:   */s/ Atara Miller*
     Dennis F. Dunne (admitted *pro hac
     vice*)
     Atara Miller (admitted *pro hac vice*)
     Grant R. Mainland (admitted *pro hac
     vice*)
     John J. Hughes, III (admitted *pro hac
     vice*)
     55 Hudson Yards
     New York, NY 10001
     Telephone: (212) 530-5000
     Facsimile:  (212) 530-5219
     Email: ddunne@milbank.com
          amiller@milbank.com
          gmainland@milbank.com
          jhughes2@milbank.com

**BUTLER SNOW LLP**

By:   */s/ Martin A. Sosland*
     Martin A. Sosland (admitted *pro hac
     vice*)
     5430 LBJ Freeway, Suite 1200
     Dallas, TX 75240
     Telephone: (469) 680-5502
     Facsimile: (469) 680-5501
     Email:
     martin.sosland@butlersnow.com
     Jason W. Callen (admitted *pro hac
     vice*)150
     rd Ave., S., Suite 1600
     Nashville, TN 37201
     Telephone: (615) 651-6774
     Facsimile: (615) 651-6701
     Email: jason.callen@butlersnow.com

*Attorneys for Financial Guaranty Assurance
Corporation*

*Attorneys for Ambac Assurance Corporation*

**CASELLAS ALCOVER & BURGOS P.S.C.**

By:     */s/ Heriberto Burgo Pérez*
        Heriberto Burgos Pérez
        USDC-PR No. 204809
        Ricardo F. Casellas-Sánchez
        USDC-PR No. 203114
        Diana Pérez-Seda
        USDC-PR No. 232014
        P.O. Box 364924
        San Juan, PR 00936-4924
        Telephone: (787) 756-1400
        Facsimile: (787) 756-1401
        Email: hburgos@cabprlaw.com
                rcasellas@cabprlaw.com
                dperez@cabprlaw.com


[*Remainder of Page Intentionally Omitted*]

**CADWALADER, WICKERSHAM & TAFT LLP**

By:     */s/ Mark C. Ellenberg*
        Howard R. Hawkins, Jr. (admitted *pro hac vice*)
        Mark C. Ellenberg (admitted *pro hac vice*)
        William J. Natbony (admitted *pro hac vice*)
        Ellen M. Halstead (admitted *pro hac vice*)
        Thomas J. Curtin (admitted *pro hac vice*)
        Casey J. Servais (admitted *pro hac vice*)
        200 Liberty Street
        New York, NY 10281
        Telephone: (212) 504-6000
        Facsimile: (212) 504-6666
        Email: howard.hawkins@cwt.com
                mark.ellenberg@cwt.com
                bill.natbony@cwt.com
                ellen.halstead@cwt.com
                thomas.curtin@cwt.com
                casey.servais@cwt.com

***Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.***

4

**ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC**

By: */s/ Eric Perez-Ochoa*
Eric Pérez-Ochoa
USDC-PR No. 206,314
E-mail:   epo@amgprlaw.com

By: */s /Luis A. Oliver-Fraticelli*
Luis A.  Oliver-Fraticelli
USDC-PR NO. 209,204
E-mail:   loliver@amgprlaw.com

208 Ponce de Leon Ave., Suite 1600
San Juan, PR 00936
Tel.:       (787) 756-9000
Fax:       (787) 756-9010

**WEIL, GOTSHAL & MANGES LLP**

By: */s/ Robert Berezin*
Jonathan Polkes
Gregory Silbert
Robert Berezin
Kelly Diblasi
Gabriel Morgan
767 Fifth Avenue
New York, New York 10153
Tel.:       (212) 310-8000
Fax:       (212) 310-8007
Email:    marcia.goldstein@weil.com
             jonathan.polkes@weil.com
             gregory.silbert@weil.com
             robert.berezin@weil.com
             gabriel.morgan@weil.com

* admitted *pro hac vice*

***Attorneys for National Public Finance Guarantee Corp.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notification of such filing to all

CM/ECF participants in this case.

*/s/ Roberto Cámara-Fuentes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile:  (787) 766-7001
Email:  rcamara@ferraiuoli.com

1

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.      Each reference to a corporation, partnership, joint venture, unincorporated association, government agency, or other fictitious person shall be deemed to include each and all of its subsidiaries, affiliates, predecessors, and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys, trustee, and any other person who acted on its behalf.

2.      Each reference to a natural person shall be deemed to include that person's agents, attorneys, and any other Person who acted on that person's behalf.

3.      Each Topic shall be construed independently and not with reference to any other Topic for the purpose of limitation or exclusion.

4.      The use of any definition for the purposes of this notice shall not be deemed to constitute an agreement or acknowledgment on the part of Movants that such definition is accurate, meaningful, or appropriate for any other purpose in this Action.

5.      In construing the requests, the singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; and any reference to any gender includes the other gender.

6.      The words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of the request.

2

7.      The words "all," "any," and "each" shall each be construed broadly, meaning "any and all."

8.      The word "concerning" means directly or indirectly connected to, on the subject of, about, respecting, referring to, relevant to, and/or dealing with.

9.      The word "including" means including but not limited to.

10.     Any ambiguity in a request shall be construed to bring within the scope of the request all responses that otherwise could be construed to be outside of its scope.

11.     "AAFAF" means the Puerto Rico Fiscal Agency and Financial Advisory Authority and each of its present or former officers, directors, agents, representatives, employees, and members.

12.     "Accounts," or each individually, an "Account," means the accounts by or on behalf of the Commonwealth or any of its instrumentalities, including, without limitation, any Related Accounts.

13.     "Action" means the Lift-Stay Motions.

14.     "Adjournment Order" means the *Order Granting Urgent Motion to Adjourn Hearing on Motions for Relief from the Automatic Stay and Extend Deadlines for Replies In Support of Motions for Relief from the Automatic Stay* (ECF No. 11057).

15.     "Assignment Agreement" means the Assignment and Coordination Agreement between the Tourism Company and GDB, dated March 24, 2006.

16.     "Cash Restriction Analysis" means the analysis conducted by Duff & Phelps and/or Ernst & Young in connection with the presentation provided on October 2, 2019.

17.     "CCDA" refers to the Puerto Rico Convention Center District Authority.

18.    "CCDA Bond Documents" means the Pledge Agreement and any related agreements and official statements relating to the issuance of CCDA bonds.

19.    "CCDA Bonds" means the bonds issued by CCDA pursuant to the Hotel Occupancy Tax Act, CCDA Enabling Act, Bond Documents, and Offering Documents.

20.    "CCDA Bond Trustee" means Bank of New York Mellon, acting in its capacity as the trustee of the CCDA Bonds pursuant to the Trust Agreement and Supplemental Trust Agreement.  This term also encompasses, to the extent applicable, any prior trustee of the CCDA Bonds.

21.    "CCDA Enabling Act" means Act 351-2000.

22.    "CCDA Lift-Stay Motion" means the *Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon's Motion Concerning Application of the Automatic Stay to the Revenues Securing the CCDA Bonds* (ECF No. 10104).

23.    "CCDA Lift-Stay Opposition" means the *Opposition of Commonwealth of Puerto Rico to Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon concerning Application of Automatic Stay [ECF NO. 10104]* (ECF No. 10615).

24.    "CCDA Offering Documents" means any offering, promotional, or sales materials concerning the CCDA Bonds, Including the Official Statement for the CCDA Bonds dated March 15, 2006.

25.    "Clawback" refers to Article VI, Section 8 of the Commonwealth Constitution, providing that the Commonwealth may "claw back" revenues and apply them to payment of "public debt" under the conditions therein enumerated.

26.   "Commonwealth" means the Commonwealth of Puerto Rico, including its executive and legislative branches of government, and each of their present or former representatives, employees, and agents.

27.   "Communication" or "communications" means any exchange of information by any means, including, but not limited to, correspondence, face-to-face conversations, electronic transmissions, meetings, visits, conferences, internal and external discussions, or any other kind of oral or written exchange between two or more Persons that has been recorded or transcribed in any way including, but not limited to, letters, facsimiles, transcriptions, sound recordings, and/or video recordings.

28.   "Disbursement Detail" means the transmittal information accompanying transfers from the Lockbox Bank (as defined herein) to the TSA or any account or sub-account owned or held on behalf of the Commonwealth or its instrumentalities, as detailed in ¶ 29 of the PRIFA Lift-Stay Opposition as herein defined.

29.   "Document" or "documents" is used in the broadest sense permitted under the Federal Rules of Civil Procedure and the Local Rules for the District of Puerto Rico, including tangible things, correspondence, internal or external memoranda, letters, drafts, non-identical copies, notes including handwritten notes, minutes of meetings, computer records (*e.g.*, email messages), any electronically stored information, recordings (e.g., voicemail recordings), diaries, exhibits, sketches, designs, catalogs, newspapers, magazines, appointment or telephone records, banking records, and notices.

30.   "Document requests" refers to all requests made in connection with the Lift-Stay Motions, as outlined in the *Urgent Motion of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp.,, and Financial Guaranty Insurance*

*Company to Compel Production of Documents Relating to the Preliminary Hearing on the CCDA and PRIFA Lift-Stay Motions* (ECF No. 11697) and the exhibits thereto, including, without limitation, Exhibit B, and the *Urgent Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation, As Holders and Insurers of HTA Bonds, to Compel Production of Documents Concerning Preliminary Hearing on Lift-Stay Motion* (ECF No. 11686) and all exhibits thereto.

31.    "Electronically Stored Information" has the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure, refers to all computer or electronically stored or generated data and information, and includes all attachments to and enclosures with any requested item, and all drafts thereof.  "Electronically Stored Information" includes (a) information stored in any format and on any storage media, including: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable; (b) word-processing documents; electronic spreadsheets; electronic presentation documents; email messages; image files; sound files; material or information stored in a database, or accessible from a database; and (c) all associated metadata that is maintained or saved, which includes: a document's title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; email header information; history of who viewed an email and when; and email routing information.

32.    "Events of Default"  means any and all "Events of Default," as that term is defined in the Section 7 of the CCDA Trust Agreement.

33.   "Excise Taxes" means the proceeds of taxes on gasoline, diesel, crude oil, and cigarettes, motor vehicle license fees, and other special excise taxes collected by the Commonwealth, which Movants allege secure HTA bonds.

34.   "Flow of Funds" refers to the path, including each and every deposit and transfer, into and out of an Account, of the Rum Taxes, Hotel Taxes, and Excise Taxes, and Toll Revenues from their initial receipt or collection by the Commonwealth or its instrumentalities (including PRIFA, HTA, and CCDA) through their ultimate transfer, if any, out of any account or sub-account, or fund (including Fund 278) held by or on behalf of the Commonwealth or its instrumentalities.  Documents relating to the Flow of Funds include, but are not limited to, account-opening documents, transmittal information (including payment vouchers and transfer activity reports), and banking agreements.

35.   "GDB" means the Puerto Rico Government Development Bank.

36.   "Government Parties" refers to AAFAF, the Commonwealth, and the Oversight Board as herein defined.

37.   "Holding Fund" means the Assignment and Coordination Agreement Holding Fund referenced in the Assignment Agreement.

38.   "Hotel Tax Occupancy Act" means Act 272-2003.

39.   "Hotel Taxes" means the taxes collected by the Puerto Rico Tourism Company pursuant to the Hotel Occupancy Act.

40.   "HTA" refers to the Puerto Rico Highway and Transportation Authority.

41.   "HTA Bond Documents" means the 1968 Resolution, the 1998 Resolution, and any related agreements and official statements relating to the issuance of HTA bonds.

42.     "HTA Lift-Stay Motion" means the *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection* (ECF No. 10102).

43.     "HTA Lift-Stay Opposition" means the *Opposition of Financial Oversight and Management Board for Puerto Rico to Motion of Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from Automatic Stay or, in the Alternative, Adequate Protection [ECF No. 673]* (ECF No. 10618).

44.     "HTA Offering Documents" means any offering, promotional, or sales materials concerning the HTA Bonds, including the Official Statements for the HTA Bonds.

45.     "Including" or "includes" means including but not limited to, or  includes but is not limited to.

46.     "Lockbox Agreement" refers to the agreement dated as of May 5, 2015, between Citibank, N.A., Banco Popular de Puerto Rico, and the Government of Puerto Rico, ECF No. 10109-2.

47.     "Movants" means the entities that filed the Lift-Stay Motions, including Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, National Public Finance Guarantee Corp., U.S. Bank Trust National Association, and the Bank of New York Mellon.

48.     "Oversight Board" means the Financial Oversight and Management Board for Puerto Rico and each of its present or former board members, agents, representatives, and employees.

8

49.     "Person" means a natural person or any corporation, partnership, association, joint venture, firm, trust, or other business enterprise or legal entity, and includes both the singular and the plural.

50.     "Pledge Account" means the "Hotel Occupancy Tax Pledge Account" referenced in the Pledge Agreement.

51.     "Pledge Agreement" means the Pledge Agreement between GDB, CCDA, and the CCDA Bond Trustee, dated March 24, 2006.

52.      "PRIFA" means the Puerto Rico Infrastructure Financing Authority and each of its present or former board members, agents, representatives, and employees.

53.     "PRIFA Bond Documents" means the PRIFA Trust Agreement and any related agreements and official statements relating to the issuance of PRIFA bonds.

54.     "PRIFA Enabling Act" refers to the Puerto Rico Infrastructure Financing Authority Act.

55.     "PRIFA Lift-Stay Motion" means the *Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (ECF No. 10602).

56.     "PRIFA Lift-Stay Opposition" means the *Supplemental Opposition of Commonwealth of Puerto Rico to Amended PRIFA Bondholder Motion to Lift Automatic Stay [ECF No. 10602]* (ECF No. 10611).

57.    "PRIFA Offering Documents" means any offering, promotional, or sales materials concerning the CCDA Bonds, Including the Official Statement for the CCDA Bonds dated March 15, 2006.

58.    "PRIFA Trust Agreement" means the Agreement dated October 1, 1988, between PRIFA and U.S. Bank Trust National Association as successor trustee.

59.    "Tourism Company" means the Puerto Rico Tourism Company.

60.    "Related Accounts," or each individually, a "Related Account," means either a sub-account nested under or within an Account, or a master account that subsumes one or more Accounts, including, without limitation, any sweep accounts, cash management accounts, or other accounts, records, or designations used for tracking, recording, or otherwise accounting for funds.

61.    "Rum Producers" means the entities (including, but not limited to, Bacardi International Limited, Bacardi Corporation, Destileria Serralles, Inc., and Club Caribe Distillers, LLC, and Edmundo B. Fernandez, Incorporated) that are parties to agreements with the Commonwealth, pursuant to which such entities receive Rum Taxes..

62.    "Rum Taxes" means the revenues collected from the federal excise taxes imposed on the sale of rum imported into the United States.

63.    "Rum Tax Remittances" means the Rum Taxes received by the Rum Producers, as used in the PRIFA Lift-Stay Opposition.

64.    "Supplemental CCDA Trust Agreement" means the First Supplemental Trust Agreement between CCDA and the CCDA Bond Trustee, dated March 24, 2006.

65.    "Surplus Account" means the "Hotel Occupancy Tax Pledge Account" referenced in the Pledge Agreement.

66.    "<u>Transfer Account</u>" means the "Transfer Account" referenced in the CCDA Assignment Agreement.

67.    "<u>Transfer Obligations</u>" means all direct or indirect requirements, conditional or otherwise, to transfer Hotel Taxes between Accounts, as contemplated by the Hotel Occupancy Tax Act, CCDA Enabling Act, and CCDA Bond Documents.

68.    "<u>Toll Revenues</u>" means revenues derived from HTA's toll facilities.

69.    "<u>TSA</u>" means the Puerto Rico Department of Treasury Single Account.

70.    "<u>1968 Resolution</u>" means HTA Resolution No. 68-18.

71.    "<u>1998 Resolution</u>" means HTA Resolution No. 98-06.

## TOPICS OF EXAMINATION

### I.    PRIFA TOPICS

The PRIFA Enabling Act and PRIFA Bond Documents

1. The origin, purpose, provisions, and implementation of the PRIFA Enabling Act and the Bond Documents, and AAFAF's historical and present understanding and implementation of their terms.

2. The assertions in, among other places, Paragraph 39 of the PRIFA Lift-Stay Opposition (and Exhibit A thereto), including that Pledged Rum Taxes (as defined in the PRIFA Trust Agreement) are only those monies deposited into the Sinking Fund (as defined in the Trust Agreement).

Flow of Funds and Accounts

3. The historical and present Flow of Funds for the Rum Taxes, including:

   a. Whether the GDB account identified in PRIFA_STAY0000281 and -284, and/or the Banco Popular account identified in PRIFA_STAY0000285, identify the total amount of money held by PRIFA and/or in the Puerto Rico Infrastructure Fund.

   b. Whether the GDB account identified in PRIFA_STAY0000281 and -284, and/or the Banco Popular account identified in PRIFA_STAY0000285 comprise the Puerto Rico Infrastructure Fund and, if not, which Account(s) do/does.

4. The origin, purpose, provisions, and implementation of the Lockbox Agreement (as referenced in Paragraph 29 of the PRIFA Lift-Stay Opposition), and AAFAF's historical and present understanding and implementation of its terms.

5. The assertion that Rum Taxes are or have been "commingled" with other funds in the TSA, as set forth in, among other places, Paragraphs 29 and 103 of the PRIFA Lift-Stay Opposition.

Rum Producer Agreements

6. The origin, purpose, provisions, and implementation of agreements with the Rum Producers.

Diversion of Rum Taxes / Clawback

7. The Commonwealth's exercise of its purported police, emergency, constitutional, or other powers to retain, obtain, Clawback, or halt the transfer of Rum Taxes to PRIFA or its bondholders.

*Flores Galarza*, Trust *Res*, and Restrictions on Use of Funds

12

8. Any purported restrictions placed on PRIFA-related funds, including those funds described as "restricted" in the Cash Restriction Analysis.

<u>Factual Assertions in the PRIFA Lift-Stay Opposition, as Identified in Adjournment Order</u>

9. To the extent not otherwise captured in the Topics in this Exhibit A, the factual assertions made in paragraphs 29, 38, 69, 103, 124, and 125 of the PRIFA Lift-Stay Opposition.

<u>Documents Produced as of the Date of Deposition</u>

10. All documents produced by AAFAF and the Oversight Board as of the date of the deposition concerning the Rum Taxes, Flow of Funds, and any other topic in this Exhibit A.

## II.   **CCDA AND TOURISM COMPANY TOPICS**

<u>Hotel Occupancy Tax Act, CCDA Enabling Act, Bond Documents, and Offering Documents</u>

1.  The origin, purpose, provisions, terms, and history of the Hotel Occupancy Tax Act, CCDA Enabling Act, Bond Documents, and Offering Documents, including any negotiations, reviews, consents, approvals, and authorizations of the same or contained within the same.

2.  All Transfer Obligations concerning the Hotel Taxes, any rights or obligations of the Tourism Company concerning such Transfer Obligations, and any efforts or actions by the Tourism Company, GDB, CCDA, the CCDA Bond Trustee, or any other entity or person, to enforce or fulfill such Transfer Obligations.

<u>Flow of Funds and Accounts</u>

3.  The historical and present Flow of Funds for the Hotel Taxes.

4.  All Accounts into which Hotel Taxes are received or deposited.  This includes the creation, establishment, opening, closing, or modification of each Account; funds received, deposited, or withdrawn from each account; and any aspects or features of Accounts that make them "special," "for the benefit of the [CCDA] bondholders," or "in the name of [CCDA]," as referenced in the Hotel Occupancy Tax Act and Bond Documents.

<u>Diversion of Hotel Taxes</u>

5.  All transfers and non-transfers of Hotel Taxes by the Tourism Company caused by, or otherwise resulting from, the Commonwealth's purported invocation of Article II, Section 8 of the Puerto Rico Constitution (including as referenced in paragraphs 39-41 of the CCDA Lift-Stay Opposition).

<u>Factual Assertions in the CCDA Lift-Stay Opposition</u>

6.  To the extent not otherwise captured in the Topics in this Exhibit A, the factual assertions made in paragraphs 2, 16-17, and 39-41 of the CCDA Lift-Stay Opposition.

<u>Documents Produced as of the Date of Deposition</u>

7.  All documents produced by AAFAF and the Oversight Board as of the date of the deposition concerning Hotel Taxes, Accounts, Flow of Funds, or any other topic in this Exhibit A.

### III.     __HTA TOPICS__

Flow of Funds

1. The historical and present Flow of Funds for the Toll Revenues and Excise Taxes, including the Government Parties' understanding of the nature of HTA-related revenues and transfers.

2. The ownership of, interest in, and location of the Toll Revenue and Excise Taxes.

3. Ownership, interest in, location, and flow of funds in and out of Fund 278.

Deposit Account Control Agreements

4. Control over Accounts.

Appropriation / HTA Funds "Made Available"

5. The budgeting and allocation treatment of the Excise Taxes and Toll Revenues.

6. All HTA bond closing transcripts, resolutions (beyond the 1968 and 1998 Resolutions), and supplemental resolutions.

_Flores Galarza_ / Transfer

7. Any purported restrictions placed on HTA-related funds, including but not limited to those funds described as "restricted" in the Cash Restriction Analysis.

Factual Assertions in HTA Lift-Stay Opposition Identified in Adjournment Order

8. To the extent not otherwise captured in the Topics in this Exhibit A, the factual assertions made in paragraphs 77, 81, and 92 and Exhibit A of the HTA Lift-Stay Opposition.

Documents Produced as of the Date of Deposition

9. All documents produced by AAFAF and the Oversight Board as of the date of the deposition concerning the Excise Taxes, Toll Revenues, Flow of Funds, and any other topic in this Exhibit A.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- X
                                                       :

In re                                                 :

                                                   :

THE FINANCIAL OVERSIGHT AND             :      PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,   :      Title III

                                                   :

          as representative of                   :      Case No. 17-BK-3283 (LTS)

                                                   :

THE COMMONWEALTH OF PUERTO RICO, *et al.*,   :      (Jointly Administered)

                                                   :

          Debtors.[1]                             :

---------------------------------------------------------------------- X

**AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, AND FINANCIAL GUARANTY INSURANCE COMPANY'S NOTICE OF DEPOSITION OF THE PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY PURSUANT TO FED. R. CIV. P. 30(b)(6) AND FED. R. BANKR. P. IN <u>CONNECTION WITH THE LIFT-STAY MOTIONS</u>**

        PLEASE TAKE NOTICE THAT pursuant to Rule 26 and Rule 30(b)(6) of the Federal

Rules of Civil Procedure, made applicable to these proceedings through Rules 7026 and 7030 of

the Federal Rules of Bankruptcy Procedure, in connection with the *Motion of Assured Guaranty*

*Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public*

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

*Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection* (ECF No. 10102) (the "HTA Lift-Stay Motion"), Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company, by and through their undersigned counsel, will take the deposition of the Puerto Rico Highway and Transportation Authority ("HTA") through individuals designated to testify regarding the topics of examination attached hereto.

The deposition will take place on March 9, 2020, beginning at 9:30 a.m., at Milbank LLP, 55 Hudson Yards, New York, New York, or on such other date, location, and time as shall be agreed between the parties, and will continue until completed.  The deposition will be taken upon oral examination before an official authorized by law to administer oaths and will be recorded stenographically and by videotape (sound and visual).

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 7030 of the Federal Rules of Bankruptcy Procedure, the Government Parties (as defined in Exhibit A hereto) must designate one or more officers, directors, or other persons who consent to testify on their behalf with respect to what is known or reasonably available to the Government Parties (as defined in Exhibit A hereto) concerning each of the topics of examination set forth in the attached **Exhibit A**.

Dated: March 2, 2020
San Juan, Puerto Rico

**FERRAIUOLI LLC**

By:  */s/ Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR
No. 219002)
Sonia Colón (USDC-PR No. 213809)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email:    rcamara@ferraiuoli.com
          scolon@ferraiuoli.com

**MILBANK LLP**

By:  */s/ Atara Miller*
Dennis F. Dunne (admitted *pro hac
vice*)
Atara Miller (admitted *pro hac vice*)
Grant R. Mainland (admitted *pro hac
vice*)
John J. Hughes, III (admitted *pro hac
vice*)
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile:  (212) 530-5219
Email: ddunne@milbank.com
          amiller@milbank.com
          gmainland@milbank.com
          jhughes2@milbank.com

*Attorneys for Ambac Assurance Corporation*

**REXACH & PICÓ, CSP**

By:  */s/ María E. Picó*
María E. Picó
(USDC-PR No. 123214)
802 Ave. Fernández Juncos
San Juan, PR 00907-4315
Telephone: (787) 723-8520
Facsimile: (787) 724-7844
Email:    mpico@rexachpico.com

**BUTLER SNOW LLP**

By:  */s/ Martin A. Sosland*
Martin A. Sosland (admitted *pro hac
vice*)
5430 LBJ Freeway, Suite 1200
Dallas, TX 75240
Telephone: (469) 680-5502
Facsimile: (469) 680-5501
Email:
martin.sosland@butlersnow.com
Jason W. Callen (admitted *pro hac
vice*)150
rd Ave., S., Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6774
Facsimile: (615) 651-6701
Email: jason.callen@butlersnow.com

*Attorneys for Financial Guaranty Assurance
Corporation*

**Casellas Alcover & Burgos P.S.C.**

By: */s/ Heriberto Burgo Pérez*
      Heriberto Burgos Pérez
      USDC-PR No. 204809
      Ricardo F. Casellas-Sánchez
      USDC-PR No. 203114
      Diana Pérez-Seda
      USDC-PR No. 232014
      P.O. Box 364924
      San Juan, PR 00936-4924
      Telephone: (787) 756-1400
      Facsimile: (787) 756-1401
      Email: hburgos@cabprlaw.com
            rcasellas@cabprlaw.com
            dperez@cabprlaw.com

**Cadwalader, Wickersham & Taft LLP**

By: */s/ Mark C. Ellenberg*
      Howard R. Hawkins, Jr. (admitted *pro hac vice*)
      Mark C. Ellenberg (admitted *pro hac vice*)
      William J. Natbony (admitted *pro hac vice*)
      Ellen M. Halstead (admitted *pro hac vice*)
      Thomas J. Curtin (admitted *pro hac vice*)
      Casey J. Servais (admitted *pro hac vice*)
      200 Liberty Street
      New York, NY 10281
      Telephone: (212) 504-6000
      Facsimile: (212) 504-6666
      Email: howard.hawkins@cwt.com
            mark.ellenberg@cwt.com
            bill.natbony@cwt.com
            ellen.halstead@cwt.com
            thomas.curtin@cwt.com
            casey.servais@cwt.com

***Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.***

**ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC**

By: */s/ Eric Perez-Ochoa*
Eric Pérez-Ochoa
USDC-PR No. 206,314
E-mail:   epo@amgprlaw.com

By: */s /Luis A. Oliver-Fraticelli*
Luis A.  Oliver-Fraticelli
USDC-PR NO. 209,204
E-mail:   loliver@amgprlaw.com

208 Ponce de Leon Ave., Suite 1600
San Juan, PR 00936
Tel.:      (787) 756-9000
Fax:      (787) 756-9010

**WEIL, GOTSHAL & MANGES LLP**

By: */s/ Robert Berezin*
Jonathan Polkes
Gregory Silbert
Robert Berezin
Kelly Diblasi
Gabriel Morgan
767 Fifth Avenue
New York, New York 10153
Tel.:      (212) 310-8000
Fax:      (212) 310-8007
Email:    marcia.goldstein@weil.com
             jonathan.polkes@weil.com
             gregory.silbert@weil.com
             robert.berezin@weil.com
             gabriel.morgan@weil.com

* admitted *pro hac vice*

***Attorneys for National Public Finance
Guarantee Corp.***

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

*/s/ Roberto Cámara-Fuentes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile:  (787) 766-7001
Email:  rcamara@ferraiuoli.com

- 6 -

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.  Each reference to a corporation, partnership, joint venture, unincorporated association, government agency, or other fictitious person shall be deemed to include each and all of its subsidiaries, affiliates, predecessors, and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys, trustee, and any other person who acted on its behalf.

2.  Each reference to a natural person shall be deemed to include that person's agents, attorneys, and any other Person who acted on that person's behalf.

3.  Each Topic shall be construed independently and not with reference to any other Topic for the purpose of limitation or exclusion.

4.  The use of any definition for the purposes of this notice shall not be deemed to constitute an agreement or acknowledgment on the part of Movants that such definition is accurate, meaningful, or appropriate for any other purpose in this Action.

5.  In construing the requests, the singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; and any reference to any gender includes the other gender.

6.  The words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of the request.

7.  The words "all," "any," and "each" shall each be construed broadly, meaning "any and all."

8.  The word "concerning" means directly or indirectly connected to, on the subject of, about, respecting, referring to, relevant to, and/or dealing with.

9.      The word "including" means including but not limited to.

10.     Any ambiguity in a request shall be construed to bring within the scope of the request all responses that otherwise could be construed to be outside of its scope.

11.     "AAFAF" means the Puerto Rico Fiscal Agency and Financial Advisory Authority and each of its present or former officers, directors, agents, representatives, employees, and members.

12.     "Accounts," or each individually, an "Account," means the accounts by or on behalf of the Commonwealth or any of its instrumentalities, including, without limitation, any Related Accounts.

13.     "Action" means the HTA Lift-Stay Motion and all filings concerning the same.

14.     "Adjournment Order" means the *Order Granting Urgent Motion to Adjourn Hearing on Motions for Relief from the Automatic Stay and Extend Deadlines for Replies In Support of Motions for Relief from the Automatic Stay* (ECF No. 11057).

15.     "Commonwealth" means the Commonwealth of Puerto Rico, including its executive and legislative branches of government, and each of their present or former representatives, employees, and agents.

16.     "Communication" or "Communications" means any exchange of information by any means, including, but not limited to, correspondence, face-to-face conversations, electronic transmissions, meetings, visits, conferences, internal and external discussions, or any other kind of oral or written exchange between two or more Persons that has been recorded or transcribed in any way including, but not limited to, letters, facsimiles, transcriptions, sound recordings, and/or video recordings.

17.     "<u>Concerning</u>" means directly or indirectly connected to, on the subject of, about, respecting, regarding, referring to, relevant to, and/or dealing with.

18.     "<u>Document requests</u>" refers to all requests made in connection with the Lift-Stay Motions, as outlined in the *Urgent Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation, As Holders and Insurers of HTA Bonds, to Compel Production of Documents Concerning Preliminary Hearing on Lift-Stay Motion* (ECF No. 11686) and all exhibits thereto.

19.     "<u>Electronically Stored Information</u>" has the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure, refers to all computer or electronically stored or generated data and information, and includes all attachments to and enclosures with any requested item, and all drafts thereof.  "Electronically Stored Information" includes (a) information stored in any format and on any storage media, including: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable; (b) word-processing documents; electronic spreadsheets; electronic presentation documents; email messages; image files; sound files; material or information stored in a database, or accessible from a database; and (c) all associated metadata that is maintained or saved, which includes: a document's title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; email header information; history of who viewed an email and when; and email routing information.

20.     "Excise Taxes" means the proceeds of taxes on gasoline, diesel, crude oil, and cigarettes, motor vehicle license fees, and other special excise taxes collected by the Commonwealth, which Movants allege secure HTA bonds.

21.     "Flow of Funds" refers to the path, including each and every deposit and transfer, into and out of an Account, of the Rum Taxes, Hotel Taxes, and Excise Taxes, and Toll Revenues from their initial receipt or collection by the Commonwealth or its instrumentalities (including PRIFA, HTA, and CCDA) through their ultimate transfer, if any, out of any account or sub-account, or fund (including Fund 278) held by or on behalf of the Commonwealth or its instrumentalities.  Documents relating to the Flow of Funds include, but are not limited to, account-opening documents, transmittal information (including payment vouchers and transfer activity reports), and banking agreements.

22.     "GDB" means the Puerto Rico Government Development Bank.

23.     "Government Parties" means AAFAF, the Commonwealth, and the Oversight Board.

24.     "HTA" refers to the Puerto Rico Highway and Transportation Authority.

25.     "HTA Bond Documents" means the 1968 Resolution, the 1998 Resolution, and any related agreements and official statements relating to the issuance of HTA bonds.

26.     "HTA Lift-Stay Motion" means the *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection* (ECF No. 10102).

27.     "HTA Lift-Stay Opposition" means the *Opposition of Financial Oversight and Management Board for Puerto Rico to Motion of Motion of Assured Guaranty Corp., Assured*

*Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee*

*Corporation, and Financial Guaranty Insurance Company for Relief from Automatic Stay or, in*

*the Alternative, Adequate Protection [ECF No. 673]* (ECF No. 10618).

28.    "HTA Offering Documents" means any offering, promotional, or sales materials concerning the HTA Bonds, including the Official Statements for the HTA Bonds.

29.    "Including" or "includes" means including but not limited to, or  includes but is not limited to.

30.    "Movants" means the entities that filed the HTA Lift-Stay Motion, including Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company.

31.    "Oversight Board" means the Financial Oversight and Management Board for Puerto Rico and each of its present or former board members, agents, representatives, and employees.

32.    "Person" means a natural person or any corporation, partnership, association, joint venture, firm, trust, or other business enterprise or legal entity, and includes both the singular and the plural.

33.    "Related Accounts," or each individually, a "Related Account," means either a sub-account nested under or within an Account, or a master account that subsumes one or more Accounts, including, without limitation, any sweep accounts, cash management accounts, or other accounts, records, or designations used for tracking, recording, or otherwise accounting for funds.

34.    "Toll Revenues" means revenues derived from HTA's toll facilities.

35.     "<u>TSA</u>" means the Puerto Rico Department of Treasury Single Account.

36.     "1968 Resolution" means HTA Resolution No. 68-18.

37.     "1998 Resolution" means HTA Resolution No. 98-06.

## **<u>TOPICS OF EXAMINATION</u>**

<u>Flow of Funds</u>

1. The historical and present Flow of Funds for the Toll Revenues and Excise Taxes.

2. The ownership of, interest in, and location of the Toll Revenues and Excise Taxes.

3. Ownership, interest in, location, and flow of funds in and out of Fund 278.

<u>Deposit Account Control Agreements</u>

4. Control over deposit Accounts.

<u>Appropriation / HTA Funds "Made Available"</u>

5. The budgeting and allocation treatment of the Excise Taxes and Toll Revenues.

6. All HTA bond closing transcripts, resolutions (beyond the 1968 and 1998 Resolutions), and supplemental resolutions.

<u>*Flores Galarza* / Transfer</u>

7. Any purported restrictions placed on HTA-related funds, including but not limited to those funds described as "restricted" in the Cash Restriction Analysis.

<u>Factual Assertions in HTA Lift-Stay Opposition Identified in Adjournment Order</u>

8. To the extent not otherwise captured in the Topics in this Exhibit A, the factual assertions made in paragraphs 77, 81, and 92 and Exhibit A of the HTA Lift-Stay Opposition.

<u>Documents Produced as of the Date of Deposition</u>

9. All documents produced by AAFAF and the Oversight Board as of the date of the deposition concerning the Excise Taxes, Toll Revenues, Flow of Funds, and any other topic in this Exhibit A.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------------ X

In re

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

       Debtors.[1]

------------------------------------------------------------------------------ X

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

## AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AND FINANCIAL GUARANTY INSURANCE COMPANY'S NOTICE OF DEPOSITION OF THE PUERTO RICO TOURISM COMPANY PURSUANT TO FED. R. CIV. P. 30(b)(6) AND FED. R. BANKR. P. 7030 IN CONNECTION WITH THE LIFT-STAY MOTIONS

PLEASE TAKE NOTICE THAT pursuant to Rule 26 and Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to these proceedings through Rules 7026 and 7030 of the Federal Rules of Bankruptcy Procedure, in connection with the *Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon's Motion concerning Application of Automatic Stay to the Revenues Securing the CCDA Bonds* ("CCDA Lift-Stay Motion"), Ambac

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Financial Guaranty Insurance Company, by and through their undersigned counsel, will take the deposition of the Puerto Rico Tourism Company ("Tourism Company") through individuals designated to testify regarding the topics of examination attached hereto.

The deposition will take place on March 11, 2020, beginning at 9:30 a.m., at Milbank LLP, 55 Hudson Yards, New York, New York, or on such other date, location, and time as shall be agreed between the parties, and will continue until completed. The deposition will be taken upon oral examination before an official authorized by law to administer oaths and will be recorded stenographically and by videotape (sound and visual).

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 7030 of the Federal Rules of Bankruptcy Procedure, the Government Parties (as defined in Exhibit A hereto) must designate one or more officers, directors, or other persons who consent to testify on their behalf with respect to what is known or reasonably available to the Government Parties concerning each of the topics of examination set forth in the attached **Exhibit A**.

Dated: March 2, 2020
     San Juan, Puerto Rico

**FERRAIUOLI LLC**

By:    */s/ Roberto Cámara-Fuertes*
        Roberto Cámara-Fuertes (USDC-PR
        No. 219002)
        Sonia Colón (USDC-PR No. 213809)
        221 Ponce de León Avenue, 5th Floor
        San Juan, PR 00917
        Telephone: (787) 766-7000
        Facsimile: (787) 766-7001
        Email: rcamara@ferraiuoli.com
               scolon@ferraiuoli.com

**REXACH & PICÓ, CSP**

By:    */s/ María E. Picó*
        María E. Picó
        (USDC-PR No. 123214)
        802 Ave. Fernández Juncos
        San Juan, PR 00907-4315
        Telephone: (787) 723-8520
        Facsimile: (787) 724-7844
        Email: mpico@rexachpico.com

**MILBANK LLP**

By:    */s/ Atara Miller*
        Dennis F. Dunne (admitted *pro hac vice*)
        Atara Miller (admitted *pro hac vice*)
        Grant R. Mainland (admitted *pro hac vice*)
        John J. Hughes, III (admitted *pro hac vice*)
        55 Hudson Yards
        New York, NY 10001
        Telephone: (212) 530-5000
        Facsimile:  (212) 530-5219
        Email: ddunne@milbank.com
               amiller@milbank.com
               gmainland@milbank.com
               jhughes2@milbank.com

**BUTLER SNOW LLP**

By:    */s/ Martin A. Sosland*
        Martin A. Sosland (admitted *pro hac vice*)
        5430 LBJ Freeway, Suite 1200
        Dallas, TX 75240
        Telephone: (469) 680-5502
        Facsimile: (469) 680-5501
        Email:
        martin.sosland@butlersnow.com
        Jason W. Callen (admitted *pro hac vice*)150
        rd Ave., S., Suite 1600
        Nashville, TN 37201
        Telephone: (615) 651-6774
        Facsimile: (615) 651-6701
        Email: jason.callen@butlersnow.com

***Attorneys for Financial Guaranty Assurance Corporation***

***Attorneys for Ambac Assurance Corporation***

**CASELLAS ALCOVER & BURGOS P.S.C.**

By:     */s/ Heriberto Burgo Pérez*
        Heriberto Burgos Pérez
        USDC-PR No. 204809
        Ricardo F. Casellas-Sánchez
        USDC-PR No. 203114
        Diana Pérez-Seda
        USDC-PR No. 232014
        P.O. Box 364924
        San Juan, PR 00936-4924
        Telephone: (787) 756-1400
        Facsimile: (787) 756-1401
        Email: hburgos@cabprlaw.com
                rcasellas@cabprlaw.com
                dperez@cabprlaw.com

[*Remainder of Page Intentionally Omitted*]

**CADWALADER, WICKERSHAM & TAFT LLP**

By:     */s/ Mark C. Ellenberg*
        Howard R. Hawkins, Jr. (admitted *pro hac vice*)
        Mark C. Ellenberg (admitted *pro hac vice*)
        William J. Natbony (admitted *pro hac vice*)
        Ellen M. Halstead (admitted *pro hac vice*)
        Thomas J. Curtin (admitted *pro hac vice*)
        Casey J. Servais (admitted *pro hac vice*)
        200 Liberty Street
        New York, NY 10281
        Telephone: (212) 504-6000
        Facsimile: (212) 504-6666
        Email: howard.hawkins@cwt.com
                mark.ellenberg@cwt.com
                bill.natbony@cwt.com
                ellen.halstead@cwt.com
                thomas.curtin@cwt.com
                casey.servais@cwt.com

***Attorneys for Assured Guaranty Corp. and Assured
Guaranty Municipal Corp.***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notification of such filing to all

CM/ECF participants in this case.

/s/ Roberto Cámara-Fuentes
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile:  (787) 766-7001
Email:  rcamara@ferraiuoli.com

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.      Each reference to a corporation, partnership, joint venture, unincorporated association, government agency, or other fictitious person shall be deemed to include each and all of its subsidiaries, affiliates, predecessors, and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys, trustee, and any other person who acted on its behalf.

2.      Each reference to a natural person shall be deemed to include that person's agents, attorneys, and any other Person who acted on that person's behalf.

3.      Each Topic shall be construed independently and not with reference to any other Topic for the purpose of limitation or exclusion.

4.      The use of any definition for the purposes of this notice shall not be deemed to constitute an agreement or acknowledgment on the part of Movants that such definition is accurate, meaningful, or appropriate for any other purpose in this Action.

5.      In construing the requests, the singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; and any reference to any gender includes the other gender.

6.      The words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of the request.

7.      The words "all," "any," and "each" shall each be construed broadly, meaning "any and all."

4

8.      The word "concerning" means directly or indirectly connected to, on the subject of, about, respecting, referring to, relevant to, and/or dealing with.

9.      Any ambiguity in a request shall be construed to bring within the scope of the request all responses that otherwise could be construed to be outside of its scope.

10.      "AAFAF" means the Puerto Rico Fiscal Agency and Financial Advisory Authority and each of its present or former officers, directors, agents, representatives, employees, and members.

11.      "Account" or "Accounts" means the Holding Fund, Transfer Account, Surplus Account, Pledge Account, and any other bank accounts into which Hotel Taxes may be transferred or received, as contemplated by the Hotel Occupancy Tax Act, CCDA Enabling Act, and Bond Documents.

12.      "Action" means the CCDA Lift-Stay Motion and all filings concerning the same.

13.      "Adjournment Order" means the *Order Granting Urgent Motion to Adjourn Hearing on Motions for Relief from the Automatic Stay and Extend Deadlines for Replies In Support of Motions for Relief from the Automatic Stay* (ECF No. 11057).

14.      "Assignment Agreement" means the Assignment and Coordination Agreement between the Tourism Company and GDB, dated March 24, 2006.

15.      "Bond Documents" means the Assignment Agreement, Pledge Agreement, Trust Agreement, and Supplemental Trust Agreement.

16.      "Cash Restriction Analysis" means the analysis conducted by Duff & Phelps and/or Ernst & Young in connection with the presentation provided on October 2, 2019.

5

17.    "CCDA" means the Puerto Rico Convention Center District Authority and each of its present or former board members, agents, representatives, and employees.

18.    "CCDA Bonds" means the bonds issued by CCDA pursuant to the Hotel Occupancy Tax Act, CCDA Enabling Act, Bond Documents, and Offering Documents.

19.    "CCDA Bond Trustee" means Bank of New York Mellon, acting in its capacity as the trustee of the CCDA Bonds pursuant to the Trust Agreement and Supplemental Trust Agreement.  This term also encompasses, to the extent applicable, any prior trustee of the CCDA Bonds.

20.    "CCDA Enabling Act" means Act 351-2000.

21.    "CCDA Lift-Stay Motion" means the *Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon's Motion Concerning Application of the Automatic Stay to the Revenues Securing the CCDA Bonds* (ECF No. 10104).

22.    "CCDA Lift-Stay Opposition" means the *Opposition of Commonwealth of Puerto Rico to Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon concerning Application of Automatic Stay [ECF NO. 10104]* (ECF No. 10615).

23.    "Commonwealth" means the Commonwealth of Puerto Rico, including its executive and legislative branches of government, and each of their present or former representatives, employees, and agents.

24.    "Communication" or "Communications" means any exchange of information by any means, including, but not limited to, correspondence, face-to-face conversations, electronic transmissions, meetings, visits, conferences, internal and external

discussions, or any other kind of oral or written exchange between two or more Persons that has been recorded or transcribed in any way including, but not limited to, letters, facsimiles, transcriptions, sound recordings, and/or video recordings.

25.    "Concerning" means directly or indirectly connected to, on the subject of, about, respecting, regarding, referring to, relevant to, and/or dealing with.

26.    "Events of Default"  means any and all "Events of Default," as that term is defined in the Section 7 of the Trust Agreement.

27.    "Flow of Funds" means the path, including each and every deposit and transfer in or out of an Account, of all Hotel Taxes from their initial receipt or collection by the Tourism Company through their last deposit into an Account, as contemplated by the Hotel Occupancy Tax Act, CCDA Enabling Act, and Bond Documents.

28.    "GDB" means the Puerto Rico Government Development Bank.

29.    "Government Parties" means AAFAF, the Commonwealth, and the Oversight Board.

30.    "Holding Fund" means the Assignment and Coordination Agreement Holding Fund referenced in the Assignment Agreement.

31.    "Hotel Taxes" means "Hotel Occupancy Tax Revenues," as that term is defined in Section 1 of the Trust Agreement.

32.    "Hotel Tax Occupancy Act" means Act 272-2003.

33.    "Including" or "includes" means including but not limited to, or includes but is not limited to.

34.     "<u>Movants</u>" means the entities that filed the CCDA Lift-Stay Motion, including Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and The Bank of New York Mellon.

35.     "<u>Offering Documents</u>" means any offering, promotional, or sales materials concerning the CCDA Bonds, including the Official Statement for the CCDA Bonds dated March 15, 2006.

36.     "<u>Oversight Board</u>" means the Financial Oversight and Management Board for Puerto Rico and each of its present or former board members, agents, representatives, and employees.

37.     "<u>Person</u>" means a natural person or any corporation, partnership, association, joint venture, firm, trust, or other business enterprise or legal entity, and includes both the singular and the plural.

38.     "<u>Pledge Account</u>" means the "Hotel Occupancy Tax Pledge Account" referenced in the Pledge Agreement.

39.     "<u>Pledge Agreement</u>" means the Pledge Agreement between GDB, CCDA, and the CCDA Bond Trustee, dated March 24, 2006.

40.     "<u>Supplemental Trust Agreement</u>" means the First Supplemental Trust Agreement between CCDA and the CCDA Bond Trustee, dated March 24, 2006.

41.     "<u>Surplus Account</u>" means the "Hotel Occupancy Tax Pledge Account" referenced in the Pledge Agreement.

42.     "<u>Transfer Account</u>" means the "Transfer Account" referenced in the Assignment Agreement.

43.    "<u>Transfer Obligations</u>" means all direct or indirect requirements, conditional or otherwise, to transfer Hotel Taxes between Accounts, as contemplated by the Hotel Occupancy Tax Act, CCDA Enabling Act, and Bond Documents.

44.    "<u>Trust Agreement</u>" means the Trust Agreement between CCDA and the CCDA Bond Trustee, dated March 24, 2006.

## **TOPICS OF EXAMINATION**

Hotel Occupancy Tax Act, CCDA Enabling Act, Bond Documents, and Offering Documents

1. The origin, purpose, provisions, terms, and history of the Hotel Occupancy Tax Act, CCDA Enabling Act, Bond Documents, and Offering Documents, including any negotiations, reviews, consents, approvals, and authorizations of the same or contained within the same.

2. All Transfer Obligations concerning the Hotel Taxes, any rights or obligations of the Tourism Company concerning such Transfer Obligations, and any efforts or actions by the Tourism Company, GDB, CCDA, the CCDA Bond Trustee, or any other entity or person, to enforce or fulfill such Transfer Obligations.

Flow of Funds and Accounts

3. The historical and present Flow of Funds for the Hotel Taxes.

4. All Accounts into which Hotel Taxes are received or deposited.  This includes the creation, establishment, opening, closing, or modification of each Account; funds received, deposited, or withdrawn from each account; and any aspects or features of Accounts that make them "special," "for the benefit of the [CCDA] bondholders," or "in the name of [CCDA]," as referenced in the Hotel Occupancy Tax Act and Bond Documents.

Diversion of Hotel Taxes

5. All transfers and non-transfers of Hotel Taxes by the Tourism Company caused by, or otherwise resulting from, the Commonwealth's purported invocation of Article II, Section 8 of the Puerto Rico Constitution (including as referenced in paragraphs 39-41 of the CCDA Lift-Stay Opposition).

Factual Assertions in the CCDA Lift-Stay Opposition

6. To the extent not otherwise captured in the Topics in this Exhibit A, the factual assertions made in paragraphs 2, 16-17, 39-41 of the CCDA Lift-Stay Opposition.

Documents Produced as of the Date of Deposition

7. All documents produced by AAFAF and the Oversight Board as of the date of the deposition concerning Hotel Taxes, Accounts, Flow of Funds, or any other topic in this Exhibit A.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------  X
                                                              :
In re                                                         :
                                                              :
THE FINANCIAL OVERSIGHT AND                                   :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                             :   Title III
                                                              :
          as representative of                                :   Case No. 17-BK-3283 (LTS)
                                                              :
THE COMMONWEALTH OF PUERTO RICO, et al.,                      :   (Jointly Administered)
                                                              :
          Debtors.[1]                                         :
------------------------------------------------------------  X
```

## AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AND FINANCIAL GUARANTY INSURANCE COMPANY'S NOTICE OF DEPOSITION OF THE PUERTO RICO INFRASTRUCTURE FINANCING AUTHORITY PURSUANT TO  FED. R. CIV. P. 30(b)(6) AND FED. R. BANKR. P. 7030 IN CONNECTION WITH THE LIFT-STAY MOTIONS

PLEASE TAKE NOTICE THAT pursuant to Rule 26 and Rule 30(b)(6) of the Federal

Rules of Civil Procedure, made applicable to these proceedings through Rules 7026 and 7030 of

the Federal Rules of Bankruptcy Procedure, in connection with the *Amended Motion of Ambac*

*Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp.,*

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

*Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (ECF No. 10602) (the "PRIFA Lift-Stay Motion"), Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Financial Guaranty Insurance Company, by and through their undersigned counsel, will take the deposition of the Puerto Rico Infrastructure Financing Authority ("PRIFA") through individuals designated to testify regarding the topics of examination attached hereto.

The deposition will take place on March 10, 2020, beginning at 9:30 a.m., at Milbank LLP, 55 Hudson Yards, New York, New York, or on such other date, location, and time as shall be agreed between the parties, and will continue until completed.  The deposition will be taken upon oral examination before an official authorized by law to administer oaths and will be recorded stenographically and by videotape (sound and visual).

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 7030 of the Federal Rules of Bankruptcy Procedure, the Government Parties (as defined in Exhibit A hereto) must designate one or more officers, directors, or other persons who consent to testify on their behalf with respect to what is known or reasonably available to the Government Parties concerning each of the topics of examination set forth in the attached **Exhibit A**.

Dated: March 2, 2020
San Juan, Puerto Rico

**FERRAIUOLI LLC**

By:   */s/ Roberto Cámara-Fuertes*
     Roberto Cámara-Fuertes (USDC-PR
     No. 219002)
     Sonia Colón (USDC-PR No. 213809)
     221 Ponce de León Avenue, 5th Floor
     San Juan, PR 00917
     Telephone: (787) 766-7000
     Facsimile: (787) 766-7001
     Email:   rcamara@ferraiuoli.com
           scolon@ferraiuoli.com

**REXACH & PICÓ, CSP**

By:   */s/ María E. Picó*
     María E. Picó
     (USDC-PR No. 123214)
     802 Ave. Fernández Juncos
     San Juan, PR 00907-4315
     Telephone: (787) 723-8520
     Facsimile: (787) 724-7844
     Email:   mpico@rexachpico.com

**MILBANK LLP**

By:   */s/ Atara Miller*
     Dennis F. Dunne (admitted *pro hac
     vice*)
     Atara Miller (admitted *pro hac vice*)
     Grant R. Mainland (admitted *pro hac
     vice*)
     John J. Hughes, III (admitted *pro hac
     vice*)
     55 Hudson Yards
     New York, NY 10001
     Telephone: (212) 530-5000
     Facsimile:  (212) 530-5219
     Email: ddunne@milbank.com

           amiller@milbank.com
           gmainland@milbank.com
           jhughes2@milbank.com

**BUTLER SNOW LLP**

By:   */s/ Martin A. Sosland*
     Martin A. Sosland (admitted *pro hac
     vice*)
     5430 LBJ Freeway, Suite 1200
     Dallas, TX 75240
     Telephone: (469) 680-5502
     Facsimile: (469) 680-5501
     Email:
     martin.sosland@butlersnow.com
     Jason W. Callen (admitted *pro hac
     vice*)150
     rd Ave., S., Suite 1600
     Nashville, TN 37201
     Telephone: (615) 651-6774
     Facsimile: (615) 651-6701
     Email: jason.callen@butlersnow.com

*Attorneys for Ambac Assurance Corporation*

*Attorneys for Financial Guaranty Assurance
Corporation*

**CASELLAS ALCOVER & BURGOS P.S.C.**

By:    */s/ Heriberto Burgo Pérez*
       Heriberto Burgos Pérez
       USDC-PR No. 204809
       Ricardo F. Casellas-Sánchez
       USDC-PR No. 203114
       Diana Pérez-Seda
       USDC-PR No. 232014
       P.O. Box 364924
       San Juan, PR 00936-4924
       Telephone: (787) 756-1400
       Facsimile: (787) 756-1401
       Email: hburgos@cabprlaw.com
              rcasellas@cabprlaw.com
              dperez@cabprlaw.com

**CADWALADER, WICKERSHAM & TAFT LLP**

By:    */s/ Mark C. Ellenberg*
       Howard R. Hawkins, Jr. (admitted *pro hac vice*)
       Mark C. Ellenberg (admitted *pro hac vice*)
       William J. Natbony (admitted *pro hac vice*)
       Ellen M. Halstead (admitted *pro hac vice*)
       Thomas J. Curtin (admitted *pro hac vice*)
       Casey J. Servais (admitted *pro hac vice*)
       200 Liberty Street
       New York, NY 10281
       Telephone: (212) 504-6000
       Facsimile: (212) 504-6666
       Email: howard.hawkins@cwt.com
              mark.ellenberg@cwt.com
              bill.natbony@cwt.com
              ellen.halstead@cwt.com
              thomas.curtin@cwt.com
              casey.servais@cwt.com

***Attorneys for Assured Guaranty Corp. and Assured
Guaranty Municipal Corp.***

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

/s/ Roberto Cámara-Fuentes
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile:  (787) 766-7001
Email:  rcamara@ferraiuoli.com

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.      Each reference to a corporation, partnership, joint venture, unincorporated association, government agency, or other fictitious person shall be deemed to include each and all of its subsidiaries, affiliates, predecessors, and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys, trustee, and any other person who acted on its behalf.

2.      Each reference to a natural person shall be deemed to include that person's agents, attorneys, and any other Person who acted on that person's behalf.

3.      Each Topic shall be construed independently and not with reference to any other Topic for the purpose of limitation or exclusion.

4.      The use of any definition for the purposes of this notice shall not be deemed to constitute an agreement or acknowledgment on the part of Movants that such definition is accurate, meaningful, or appropriate for any other purpose in this Action.

5.      In construing the requests, the singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; and any reference to any gender includes the other gender.

6.      The words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of the request.

7.      The words "all," "any," and "each" shall each be construed broadly, meaning "any and all."

8.      The word "concerning" means directly or indirectly connected to, on the subject of, about, respecting, referring to, relevant to, and/or dealing with.

9.      Any ambiguity in a request shall be construed to bring within the scope of the request all responses that otherwise could be construed to be outside of its scope.

10.     "AAFAF" means the Puerto Rico Fiscal Agency and Financial Advisory Authority and each of its present or former officers, directors, agents, representatives, employees, and members.

11.     "Accounts," or each individually, an "Account," means the accounts by or on behalf of the Commonwealth or any of its instrumentalities, including, without limitation, any Related Accounts.

12.     "Action" means the PRIFA Lift-Stay Motion and all filings concerning the same.

13.     "Adjournment Order" means the Order Granting Urgent Motion to Adjourn Hearing on Motions for Relief from the Automatic Stay and Extend Deadlines for Replies In Support of Motions for Relief from the Automatic Stay (ECF No. 11057).

14.     "Commonwealth" means the Commonwealth of Puerto Rico, including its executive and legislative branches of government, and each of their present or former representatives, employees, and agents.

15.     "Communication" or "Communications" means any exchange of information by any means, including, but not limited to, correspondence, face-to-face conversations, electronic transmissions, meetings, visits, conferences, internal and external discussions, or any other kind of oral or written exchange between two or more Persons that has been recorded or transcribed in any way including, but not limited to, letters, facsimiles, transcriptions, sound recordings, and/or video recordings.

16.     "<u>Concerning</u>" means directly or indirectly connected to, on the subject of, about, respecting, regarding, referring to, relevant to, and/or dealing with.

17.     "<u>Document requests</u>" refers to all requests made in connection with the Lift-Stay Motions, as outlined in the *Urgent Motion of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp.,, and Financial Guaranty Insurance Company to Compel Production of Documents Relating to the Preliminary Hearing on the CCDA and PRIFA Lift-Stay Motions* (ECF No. 11697) and the exhibits thereto, including, without limitation, Exhibit B.

18.     "<u>Electronically Stored Information</u>" has the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure, refers to all computer or electronically stored or generated data and information, and includes all attachments to and enclosures with any requested item, and all drafts thereof.  "Electronically Stored Information" includes (a) information stored in any format and on any storage media, including: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable; (b) word-processing documents; electronic spreadsheets; electronic presentation documents; email messages; image files; sound files; material or information stored in a database, or accessible from a database; and (c) all associated metadata that is maintained or saved, which includes: a document's title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; email header information; history of who viewed an email and when; and email routing information.

19.     "<u>Flow of Funds</u>" refers to the path, including each and every deposit and transfer, into and out of an Account, of the Rum Taxes from their initial receipt or collection by

the Commonwealth or its instrumentalities (including PRIFA) through their ultimate transfer, if any, out of any account or sub-account held by or on behalf the Commonwealth or its instrumentalities.

20.     "GDB" means the Puerto Rico Government Development Bank.

21.     "Government Parties" means AAFAF, the Commonwealth, and the Oversight Board.

22.     "Including" or "includes" means including but not limited to, or includes but is not limited to.

23.     "Lockbox Agreement" refers to the agreement dated as of May 5, 2015, between Citibank, N.A., Banco Popular de Puerto Rico, and the Government of Puerto Rico, ECF No. 10109-2.

24.     "Movants" means the entities that filed the PRIFA Lift-Stay Motion, including Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and U.S Bank Trust National Association.

25.     "Oversight Board" means the Financial Oversight and Management Board for Puerto Rico and each of its present or former board members, agents, representatives, and employees.

26.     "Person" means a natural person or any corporation, partnership, association, joint venture, firm, trust, or other business enterprise or legal entity, and includes both the singular and the plural.

27.     "PRIFA" means the Puerto Rico Infrastructure Financing Authority and each of its present or former board members, agents, representatives, and employees.

28.    "PRIFA Bond Documents" means the PRIFA Trust Agreement and any related agreements and official statements relating to the issuance of PRIFA bonds.

29.    "PRIFA Enabling Act" refers to the Puerto Rico Infrastructure Financing Authority Act.

30.    "PRIFA Lift-Stay Motion" means the *Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (ECF No. 10602).

31.    "PRIFA Lift-Stay Opposition" means the *Supplemental Opposition of Commonwealth of Puerto Rico to Amended PRIFA Bondholder Motion to Lift Automatic Stay* [ECF No. 10602] (ECF No. 10611).

32.    "PRIFA Offering Documents" means any offering, promotional, or sales materials concerning the PRIFA Bonds, Including the Official Statement for the PRIFA Bonds.

33.    "PRIFA Trust Agreement" means the Agreement dated October 1, 1988, between PRIFA and U.S. Bank Trust National Association as successor trustee.

34.    "Related Accounts," or each individually, a "Related Account," means either a sub-account nested under or within an Account, or a master account that subsumes one or more Accounts, including, without limitation, any sweep accounts, cash management accounts, or other accounts, records, or designations used for tracking, recording, or otherwise accounting for funds.

35.    "Rum Producers" means the entities (including, but not limited to, Bacardi International Limited, Bacardi Corporation, Destileria Serralles, Inc., and Club Caribe Distillers,

LLC, and Edmundo B. Fernandez, Incorporated) that are parties to agreements with the Commonwealth, pursuant to which such entities receive Rum Taxes.

36.    "Rum Taxes" means the revenues collected from the federal excise taxes imposed on the sale of rum imported into the United States.

37.    "Rum Tax Remittances" means the Rum Taxes received by the Rum Producers, as used in the PRIFA Lift-Stay Opposition.

38.    "TSA" means the Puerto Rico Department of Treasury Single Account.

## **TOPICS OF EXAMINATION**

The PRIFA Enabling Act and PRIFA Bond Documents
1.  The origin, purpose, provisions, and implementation of the PRIFA Enabling Act and the Bond Documents, and AAFAF's historical and present understanding and implementation of their terms, including the assertions in, among other places, Paragraph 39 of the PRIFA Lift-Stay Opposition (and Exhibit A thereto) that Pledged Rum Taxes (as defined in the PRIFA Trust Agreement) are only those monies deposited into the Sinking Fund (as defined in the PRIFA Trust Agreement).

Flow of Funds and Accounts
2.  The historical and present Flow of Funds for the Rum Taxes, including:

    a.  whether the GDB account identified in PRIFA_STAY0000281 and -284, and/or the Banco Popular account identified in PRIFA_STAY0000285, identify the total amount of money held by PRIFA and/or in the Puerto Rico Infrastructure Fund; and

    b.  whether the GDB account identified in PRIFA_STAY0000281 and -284, and/or the Banco Popular account identified in PRIFA_STAY0000285 comprise the Puerto Rico Infrastructure Fund and, if not, which Account(s) do/does.

3.  The origin, purpose, provisions, and implementation of the Lockbox Agreement (as referenced in Paragraph 29 of the PRIFA Lift-Stay Opposition), and AAFAF's historical and present understanding and implementation of its terms.

4.  The assertion that Rum Taxes are or have been "commingled" with other funds in the TSA, as set forth in, among other places, Paragraphs 29 and 103 of the PRIFA Lift-Stay Opposition.

Rum Producer Agreements
5.  The origin, purpose, provisions, and implementation of agreements with the Rum Producers.

Diversion of Rum Taxes / Clawback
6.  The Commonwealth's exercise of its purported police, emergency, constitutional, or other powers to retain, obtain, Clawback, or halt the transfer of Rum Taxes to PRIFA or its bondholders.

*Flores Galarza*, Trust *Res*, and Restrictions on Use of Funds
7.  Any purported restrictions placed on PRIFA-related funds, including those funds described as "restricted" in the Cash Restriction Analysis.

Factual Assertions in the PRIFA Lift-Stay Opposition, as Identified in Adjournment Order
8.  To the extent not otherwise captured in the Topics in this Exhibit A, the factual assertions made in paragraphs 29, 38, 69, 103, 124, and 125 of the PRIFA Lift-Stay Opposition.

Documents Produced as of the Date of Deposition

    9.   All documents produced by AAFAF and the Oversight Board as of the date of the
deposition concerning the Rum Taxes, Flow of Funds, and any other topic in this Exhibit
A.