UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------x
:
AMBAC ASSURANCE CORPORATION, :
:
               Plaintiff, :
:
  -against- :  Civil No. 3:20-cv-01094 (PAD)
:
AUTOPISTAS METROPOLITANAS DE :
PUERTO RICO, LLC, :
:
               Defendant. :
:
---------------------------------------------------------x

**MOTION TO REASSIGN CASE TO JUDGE LAURA TAYLOR SWAIN**
**AND TO STAY THE PROCEEDINGS PENDING REASSIGNMENT**

To the Honorable United States District Court Judge Pedro A. Delgado-Hernández:

Pursuant to Local Rule 3A, Defendant Autopistas Metropolitanas de Puerto Rico, LLC ("Defendant") respectfully submits this motion (the "Motion") to reassign the above-captioned action (the "Action") to the Honorable Laura Taylor Swain as a related case to a pending proceeding under Title III of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), 48 U.S.C. §§ 2101-2241. This Action warrants reassignment in order to fulfill PROMESA's purposes, to serve the interests of the judicial economy, and to avoid the risk of inconsistent rulings. In support of this Motion, Defendant[1] states as follows:

**PRELIMINARY STATEMENT**

1. In 2016, Congress enacted PROMESA in light of the unprecedented fiscal crisis in the Commonwealth of Puerto Rico (the "Commonwealth"). *See* 48 U.S.C. § 2101 *et seq.*

---

[1] Autopistas Metropolitanas de Puerto Rico reserves all of its rights to move, answer, or otherwise respond to the Complaint filed in this action in accordance with the Federal Rules of Civil Procedure.

1

2. PROMESA established the Financial Oversight and Management Board for Puerto Rico ("FOMB"), whose purpose is to provide a method for Puerto Rico to achieve fiscal responsibility and to obtain access to capital markets. PROMESA §§ 101(a), 101(b)(1).

3. Upon the satisfaction of certain conditions, PROMESA empowers the FOMB to petition, as representative of the Commonwealth and its instrumentalities, for adjustment of debts under Title III of PROMESA. *Id*. §§ 302, 304, 315(b). To date, the FOMB has filed six such Title III petitions (the "Title III Proceedings") in the District of Puerto Rico as representative of the respective debtors in those proceedings.

4. On May 3, 2017, the FOMB filed a petition under Title III of PROMESA on beahlf of the Commonwealth (Case No. 17-BK-3283-LTS) (the "Commonwealth Proceeding"). On May 21, 2017, the FOMB commenced a Title III Proceeding on behalf of the Puerto Rico Highways and Transportation Authority (Case No. 17-BK-3567-LTS) (the "PRHTA Proceeding").

5. The Puerto Rico Highways and Transportation Authority ("PRHTA") oversees the construction of highways and other transportation systems in Puerto Rico. *See* 9 L.P.R.A. § 2002 (the "PRHTA Enabling Act"). Under the PRHTA Enabling Act, PRHTA has the power to "make contracts and to execute all instruments necessary or incidental in the exercise of any of its powers[.]" 9 L.P.R.A. § 2004(g), (h), (l).

6. This Action involves an amendment to a certain concession agreement between PRHTA and Defendant (the "Concession Agreement"), which was executed on April 19, 2016 (the "Amendment"). Compl. ¶ 3. Among other things, the Amendment extended the term of the Concession Agreement (the "Extension Period") and provided for an increase of Defendant's toll revenue sharing percentage (the "Toll Share Increase") in exchange for Defendant's paying $115

2

million to PRHTA (the "Lump Sum Payment") and the provision of certain other valuable consideration.

7. In the Action, Plaintiff seeks the rescission of the Amendment under the theory that Metropistas purportedly knew, disregarded and/or should have foreseen that the Commonwealth would divert the Lump Sum Payment away from PRHTA (the "Rescission Claim"). Complaint ¶¶ 6, 40, 49, 52, 56, 58, 70-80. If Plaintiff is successful in its Rescission Claim, the Amendment would be unwound, and PRHTA and Metropistas would be forced to revert to their original positions. *See Municipio de Ponce v. Vidal*, 65 D.P.R. 370, 381, 1945 WL 6003, at *7 (P.R. Nov. 15, 1945).

8. Further, Plaintiff is also seeking "a declaration . . . that it has a valid, continuing lien on toll revenues collected by Metropistas for its own account that are generated by" the toll roads during the Extension Period and pursuant to the Toll Share Increase (the "Declaratory Judgment Claim"). Complaint ¶¶ 91-95.

9. Both the Concession Agreement and the Amendment were entered into by PRHTA pursuant to its statutory authority to make contracts. As such, the Concession Agreement and Amendment are PRHTA's property, and PRHTA's rights under the contract are themselves property of a Title III debtor. *See In re Santiago*, 563 B.R. 457, 472 (Bankr. D.P.R. 2017).

10. Pursuant to 48 U.S.C. § 2168, the Chief Justice of the United States designated Judge Swain to preside over the Commonwealth Proceeding in the District of Puerto Rico. Further, the Chief Judge of the United States Court of Appeals for the First Circuit also designated Judge Swain to preside over the PRHTA Proceeding in the District of Puerto Rico.

11. In addition, Judge Swain is also presiding over all other Title III Proceedings and related adversary proceedings. On January 16, 2020, the FOMB commenced an adversary proceeding (the "FOMB Action") against Plaintiff in connection with the PRHTA Proceeding claiming, among other things, that Plaintiff does not have a lien on any toll revenues levied by PRHTA—the same premise at issue in the Declaratory Judgment Claim. *Fin. Oversight & Mgmt. Bd. for P.R. v. Ambac Assurance Corp.*, Adv. P. No. 20-00007 (LTS), Dkt. No. 1 (Jan. 16, 2020) (the "FOMB Complaint").

12. This Action should be reassigned to Judge Swain in the interest of justice, to ensure judicial efficiency in this Action, the PRHTA Proceeding, and the Commonwealth proceeding (to the extent applicable). This case is inextricably related to the PRHTA and Commonwealth Proceeding on issues surrounding the Rescission Claim, including (i) the possible interference with PRHTA's property rights under the Concession Agreement and the Amendment, and (ii) the existence, and effect, of any purported interference or diversion of the Lump Sum Payment made by the Commonwealth against PRHTA, among others.

13. Furthermore, Judge Swain should also preside over this Action in order avoid the risk of inconsistent judgment with the FOMB Action, particularly with respect to the Declaratory Judgment Claim. Indeed, Plaintiff itself designated the case as related to the PRHTA Proceeding pending before Judge Swain, *see* Civil Cover Sheet, Section VIII, and pleaded subject-matter jurisdiction on the basis of this case being "related to" a bankruptcy petition. 28 U.S.C. § 1334. *See* Compl. ¶ 10. A true and correct copy of the Civil Cover Sheet is attached hereto as Exhibit B.

**ARGUMENT**

14. Reassignment of this Action to Judge Swain will promote judicial efficiency and save substantial judicial effort by avoiding piecemeal and potentially conflicting resolution regarding PRHTA's interest in its contract with Defendant and/or the Commonwealth's interest regarding the Lump Sum Payment. The risk of a potentially conflicting resolution is particularly acute with respect to the Declaratory Judgment Claim, as the subject thereof—whether Plaintiff has a valid lien on toll revenues—is currently at issue in the FOMB Action pending before Judge Swain. *See* FOMB Complaint.

15. PROMESA contemplates a single forum to decide issues relating to the Title III Proceedings. It provides a mechanism for a single judge to be designated to preside over a Title III proceeding for a territory or its instrumentalities, PROMESA § 308, and provides for the joint administration of affiliated cases, *id*. § 304(g).

16. PROMESA plainly contemplates the consolidation of any litigation "related to" the Title III Proceedings, both across federal district courts and within the District of Puerto Rico, before a single judge. Cases that arise under or relate to a Title III Proceeding are required to be transferred to this District. *Id*. § 306(d)(3). An assignment of a related action to another District Judge therefore undermines the purpose of § 306(d)(3). PROMESA also contemplates bringing related litigation directly as adversary proceedings under the Federal Rules of Bankruptcy Procedure, which apply to all cases "arising in or related to" Title III cases, *id*. § 310, and which permit claims seeking declaratory or injunctive relief, *see* Fed. R. Bankr. P. 7001(7).

17. Moreover, pursuant to the Local Rules for this District, cases are related if they "involve the same property, transaction, or event." Local Rule 3A(d)(2). That is clearly the case

5

here, since Plaintiff, through the Action, seeks to rescind the extension of the Concession Agreement through the Extension Period and Toll Share Increase effected through the Amendment, which is a contract between PRHTA and Defendant. *See* Compl. ¶ 3.

18. The PRHTA's rights under the Concession Agreement and Amendment are property of PRHTA, a Title III debtor, and are thus also the subject of the PRHTA Proceeding before Judge Swain. In addition, any dispute the Plaintiff may have regarding the Commonwealth's improper interference with the Lump Sum Payment would be the subject of the Commonwealth Proceeding.

19. Plaintiff will suffer no prejudice from reassignment to Judge Swain, as the transfer of the case to the court adjudicating the PRHTA and Commonwealth Proceedings will enable Plaintiff's claims to be adjudicated in a coordinated and efficient manner.

20. For the foregoing reasons, Defendant respectfully requests that the Court (i) reassign this action to Judge Swain pursuant to Local Rule 3A and section 306(d)(3) of PROMESA, and (ii) upon the granting of this Motion, that this Action be administratively closed and re-docketed as an adversary proceeding under the auspices of the PRHTA Proceeding.

21. Finally, in order to further promote judicial efficiency and safeguard this Court's resources, Defendant respectfully requests that the instant Action be stayed in its entirety (including the running and/or lapse of any applicable terms, deadlines, or due dates) pending adjudication of this Motion, the re-assignment of this case, and the ultimate acceptance by Judge Swain, so as to avoid the possibility of inconsistent rulings and/or piecemeal adjudication of overlapping issues between this Action, the Commonwealth and PRHTA Proceedings, and/or the FOMB Action or the FOMB Complaint. A proposed order is attached hereto as Exhibit A.

## RESERVATION OF RIGHTS

22. Notwithstanding Defendant's appearance in this Action and the filing of this motion, Defendant reserves all rights to argue, in this Court, the Commonwealth Proceeding and/or the PRHTA Proceeding that the filing of the Complaint and the commencement of the Action violates the automatic stay set forth in section 362 of the Bankruptcy Code and that, as a result, the Complaint and the Action are *void ab initio*. Defendant's appearance in this Action and the filing of this motion is not, and should not be deemed, a consent to the validity of the Complaint or to the jurisdiction of the Court, a waiver of any objections or arguments that Defendant may assert in this Action (including with respect to jurisdiction), or a concession that the commencement of the Action is permissible under section 362 of the Bankruptcy Code.

## CONCLUSION

**WHEREFORE**, Defendant requests and prays that this Court (i) reassign this Action to Judge Laura Taylor Swain pursuant to Local Rule 3A and section 306(d)(3) of PROMESA; (ii) that this Action be administratively closed and re-docketed as an adversary proceeding under the auspices of the PRHTA Proceeding; (iii) that the instant Action be stayed in its entirety (including the running and/or lapse of any applicable terms, deadlines, or due dates) pending adjudication of this Motion, the re-assignment of this case, and the ultimate acceptance by Judge Swain; and for the entry of any other relief as may applicable at law or equity.

*[Remainder of Page Left Intentionally Blank]*

**RESPECTFULLY SUBMITTED**.

Dated: March 2, 2020

                                **MCCONNELL VALDÉS LLC**
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5632
Facsimile: 787-759-9225

By: s/ *Alejandro J. Cepeda-Díaz*
Alejandro J. Cepeda-Díaz
USDC No. 222110
Email: ajc@mcvpr.com

By: *s/ Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com

**GIBSON, DUNN & CRUTCHER LLP**
James L. Hallowell (*pro hac vice* forthcoming)
jhallowell@gibsondunn.com
Matt J. Williams (*pro hac vice* forthcoming)
mjwilliams@gibsondunn.com
Keith R. Martorana (*pro hac vice* forthcoming)
kmartorana@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000

*Attorneys for Defendant Autopistas Metropolitanas de Puerto Rico*

# EXHIBIT A

# Proposed Order

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x
:
AMBAC ASSURANCE CORPORATION, :
:
         Plaintiff, :
:
  -against- :  Civil No. 3:20-cv-01094 (PAD)
:
AUTOPISTAS METROPOLITANAS DE :
PUERTO RICO, LLC, :
:
         Defendant. :
:
------------------------------------------------------------x

**ORDER REASSIGNING CASE TO JUDGE LAURA TAYLOR SWAIN
AND STAYING ALL PROCEEDINGS PENDING CONSENT THERETO**

Upon Defendant's motion (the "Motion")[1] for entry of an order (this "Order") reassigning this case to the Hon. Laura Taylor Swain and staying the proceedings pending reassignment, and this Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is **HEREBY ORDERED THAT:**

    1.    The Motion is granted as set forth herein, pending consent to the reassignment by Judge Swain in accordance with Local Rule 3A(b).

    2.    All proceedings before this Court in this case are hereby stayed pending the approval of Judge Swain.

---

[1] Capitalized terms that are not defined herein shall have the meanings ascribed to such terms in the Motion.

1

3.      The clerk of the Court is hereby directed to administratively close the above captioned proceeding and re-docket as an adversary proceeding under the auspices of the PRHTA Proceeding.

4.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.      Metropistas is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of the Order.

Dated: _____, 2020      _____
San Juan, Puerto Rico                    HONORABLE PEDRO DELGADO HERNÁNDEZ
                                                UNITED STATES DISTRICT JUDGE

# EXHIBIT B

## CIVIL COVER SHEET

JS 44 (Rev. 09/19)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Ambac Assurance Corporation

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
See attached.

### DEFENDANTS
Autopistas Metropolitanas de Puerto Rico, LLC

County of Residence of First Listed Defendant   San Juan
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane / ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability / ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability / ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability / ☒ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit (15 USC 1681 or 1692) |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury / ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 195 Contract Product Liability | / ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 196 Franchise | ❏ 362 Personal Injury - Medical Malpractice / ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) / ❏ 864 SSID Title XVI / ❏ 865 RSI (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 890 Other Statutory Actions |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights / **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 891 Agricultural Acts |
| ❏ 220 Foreclosure | ❏ 441 Voting / ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 893 Environmental Matters |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment / ❏ 510 Motions to Vacate Sentence | | | ❏ 895 Freedom of Information Act |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations / ❏ 530 General | | | ❏ 896 Arbitration |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment / ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 290 All Other Real Property | | **Other:** / ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - Other / ❏ 540 Mandamus & Other / ❏ 465 Other Immigration Actions | | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 448 Education / ❏ 550 Civil Rights | | | |
| | ❏ 555 Prison Condition | | | |
| | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1334
Brief description of cause:
Fraudulent transaction from Puerto Rico Highways and Transportation Authority to Metropistas.

### VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ☒ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   Judge Laura Taylor Swain
DOCKET NUMBER   No. 17-BK-3283 (LTS)

DATE 02/19/2020
SIGNATURE OF ATTORNEY OF RECORD
/s/ Roberto A. Camara-Fuertes

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

1