**Presentment Date: March 10, 2020**
**Objection Deadline: March 9, 2020 at 4:00 p.m. (AST)**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>            Debtors.1 | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## AMENDED NOTICE OF PRESENTMENT OF REVISED PROPOSED ORDER (A) AUTHORIZING ADMINISTRATIVE RECONCILIATION OF CLAIMS, (B) APPROVING ADDITIONAL FORM OF NOTICE, AND (C) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that, on October 8, 2019, the Debtors filed the *Notice of Hearing with Respect to Motion For Entry of an Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 8827] (the "Motion").

---

1 The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PLEASE TAKE FURTHER NOTICE** that, on October 16, 2019, the Debtors filed the *Supplemental Brief of the Debtors in Support of Motion For Entry of an Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 8876] (the "Supplement").

**PLEASE TAKE FURTHER NOTICE** that, on October 18, 2019, the Official Committee of Unsecured Creditors (the "Committee") filed the *Limited Objection of Official Committee of Unsecured Creditors to Debtors' Motion for Entry of an Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 8893] (the "Limited Objection").

**PLEASE TAKE FURTHER NOTICE** that, on October 23, 2019, the Debtors filed the *Reply in Support of Motion for Entry of an Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 8930] (the "Reply").

**PLEASE TAKE FURTHER NOTICE** that, at the hearing held on October 30, 2019 (the "Hearing"), the Court directed the Debtors to file on notice of presentment a proposed order authorizing revised proposed Administrative Claims Reconciliation Procedures ("Revised ACR Procedures") and a revised proposed form of notice ("Revised Notice").

**PLEASE TAKE FURTHER NOTICE** that, on November 13, 2019, in compliance with the Court's direction at the Hearing, the Debtors filed the revised proposed *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 9155] (the "Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that, on December 18, 2020, in response to informal comments received, the Debtors filed a further revised proposed *Order (A) Authorizing*

*Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* (the "Further Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that, on February 5, 2020, the Court issued a *Notice Regarding Spanish Language Version of the Form of Notice of Transfer to Administrative Reconciliation Procedures* [ECF No. 10699], directing the Debtors to file an amended notice of presentment attaching a proposed Spanish language version of the ACR Notice[2] that incorporates certain changes reflected in Exhibit A to the Court's notice [ECF No. 10699-1].

**PLEASE TAKE FURTHER NOTICE** that, in compliance with the Court's February 5, 2020 order, the Debtors hereby re-file the Further Revised Proposed Order with a proposed Spanish language version of the ACR Notice reflecting the changes recommended by the Court.

**PLEASE TAKE FURTHER NOTICE** that, in light of informal comments received from parties in interest, eminent domain and inverse condemnation claims ("Eminent Domain Claims")—similar to the Tax Refund Claims, the Grievance Claims, the Public Employee Claims, and the Pension/Retiree Claims described in the Motion—appear appropriate for resolution utilizing the Commonwealth's existing procedures. The Debtors propose to incorporate the Eminent Domain Claims into the Administrative Claims Reconciliation processes.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Further Revised Proposed Order is filed with the Court in accordance with the *Eleventh Amended Notice, Case Management and Administrative Procedures* (the "Case Management Procedures") [ECF No. 11885-1] **by 4:00 p.m. (AST) on March 9, 2020**, no hearing will be held and the Further Revised Proposed Order may be approved by this Court.

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Title

III Cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by

calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject

to the procedures and fees set forth therein.

Dated: March 2, 2020
    San Juan, Puerto Rico

Respectfully submitted,

*/s/  Martin J. Bienenstock*
Martin J. Bienenstock
Brian S. Rosen
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board for Puerto Rico as
representative for the Debtors*

*/s/  Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board for Puerto Rico as
representative for the Debtors*

**EXHIBIT A**

**Further Revised Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>             Debtors.1 | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## ORDER (A) AUTHORIZING
## ADMINISTRATIVE RECONCILIATION OF CLAIMS,
## (B) APPROVING ADDITIONAL FORM OF NOTICE,
## AND (C) GRANTING RELATED RELIEF

Upon the *Motion For Entry Of An Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief*, dated October 8, 2019 (the "Motion"),2 of the Commonwealth of Puerto Rico (the

---

1 The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2 All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

"Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, ERS, HTA, and PREPA, the "Debtors," and each individually, a "Debtor"), for entry of an order (this "Order") authorizing administrative reconciliation of claims and approving additional forms of notice, as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having held a hearing on October 30, 2019 (the "Hearing") and, as set forth on the record of the Hearing, the Court having found that the relief requested in the Debtors' Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that, based upon the relief requested by the Debtors' Motion, no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Debtors' Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been resolved as set forth herein, or withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      Eminent Domain Claims, Pension/Retiree Claims, Tax Refund Claims, Public Employee Claims, Grievance Claims, and such Claims that have been resolved but not yet paid, as defined in the Motion, shall be resolved through the Debtors' existing administrative

reconciliation processes ("Administrative Claims Reconciliation"),[3] through procedures attached hereto as **Exhibit 1**.  Claimants will retain all existing appeal rights to which they are entitled pursuant to those existing Administrative Claims Reconciliation processes.

3.      Nothing in this Order or in the Motion is, or shall be deemed to constitute, any admission as to the validity, nature, amount, or priority of any claim asserted against the Debtors in these PROMESA cases, or a waiver of any right of the Debtors or any other party in interest in these cases to dispute the validity, nature, amount, or priority of, or otherwise object, either in the same or subsequent objections, on any grounds to any such claims.

4.      The Debtors' proposed form of notice to be filed and served in connection with Administrative Reconciliation, attached hereto as **Exhibit 2**, is approved.

5.      The Debtors are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6.      The Title III stay shall be modified solely to the limited extent necessary to permit the continuation of matters which were commenced by the American Federation of Teachers, AFL-CIO, the Asociación de Maestros de Puerto Rico-Local Sindical, the American Federation of State, County and Municipal Employees, the Service Employees International Union, the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), or by their affiliated local unions in Puerto Rico in accordance with the grievance and arbitration procedures set forth in their respective collective bargaining agreements or under

---

[3] For the avoidance of doubt, Pension/Retiree Claims, Public Employee Claims, and Tax Refund Claims as to which no proof of claim was required to be filed, consistent with the Bar Date Order, will be administered in the manner in which such claims were administered prior to the Petition Date.  The Court reserves jurisdiction to enforce claims that have not been paid within one-hundred and twenty (120) days of the date such claims may be finally administratively determined.

applicable statutes and arising from or relating to prepetition conduct of a Title III debtor (the

"Prepetition Actions"), except with respect to matters arising from prepetition conduct which

challenge the constitutionality of Commonwealth statutes.  To the extent that any disposition of a

Prepetition Action results in a settlement, arbitration award, or other resolution that requires

payment, such payment shall be made by the Commonwealth in the ordinary course.  Except as

expressly provided in this decretal paragraph 6, nothing contained herein shall affect the provisions

of that certain *Stipulation Between the Commonwealth of Puerto Rico and CBA Counterparties*

*Regarding Certain Grievance and Arbitration Procedures*, dated March 6, 2018, as so ordered on

March 7, 2018 (the "Stipulation").  The Court reserves jurisdiction to enforce claims that have not

been paid within one-hundred and twenty (120) days of the date such claims may be finally

determined.

7.      The Court reserves the right to modify or rescind, in whole or in part, these

procedures in the event the Court determines that such a step is necessary in the interest of justice

and efficient resolution of the Eminent Domain Claims, Pension/Retiree Claims, Tax Refund

Claims, Public Employee Claims,[4] and Grievance Claims.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from

or related to the implementation, interpretation, and enforcement of this Order.

Dated:  _____, 2019

                                        _____
                                        Honorable Judge Laura Taylor Swain
                                        United States District Judge

---

[4] Public Employee Claim, as defined in this Order, shall include all prepetition claims or
grievances of transitory teachers, as that term is defined by either Regulation 6743 of the
Department of Education at Article VI, Section 1(3), or by Law 85 of 2018.

**EXHIBIT 1**

**Administrative Claims Reconciliation Procedures**

## Administrative Claims Reconciliation Procedures

1.      The Eminent Domain Claims, the Pension/Retiree Claims, the Tax Refund Claims, the Public Employee Claims, and the Grievance Claims will be subject to Administrative Claims Reconciliation in two instances:

a.   Within one hundred twenty (120) days of approval of these procedures by the Court, and every sixty (60) days thereafter, the Commonwealth, on behalf of itself and the other Debtors, shall file with the Title III Court and serve upon the claimants a notice, the form of which is annexed hereto as Exhibit 2 (the "Administrative Reconciliation Notice"), informing such claimant that its Claim shall be handled in accordance with the aforementioned Administrative Claims Reconciliation process. The Administrative Reconciliation Notice will designate whether each Claim is to be resolved using the Pension/Retiree Procedures, the Tax Refund Procedures, the Grievance Procedures, or the Public Employee Procedures, or using the Commonwealth's existing processes for resolving Eminent Domain Claims. Pursuant to the Commonwealth's existing processes for such claims, Eminent Domain Claims are initiated by the filing of a complaint in the local Commonwealth courts. Proceedings are governed by Rule 58 of the Puerto Rico Rules of Civil Procedure. Where the Commonwealth or another governmental entity is the plaintiff, the complaint initiating the procedure shall include at least the following: (1) an exhibit identifying the property; (2) a certification issued by the Registry of Property within six months of the filing of the complaint; (3) in many cases, a location query; (4) a measurement plan; (5) an appraisal report; and (6) a declaration for the acquisition and material delivery of the property subject to condemnation. The governmental entity must also make a deposit of the just compensation amount. If the court ultimately determines that just compensation exceeds the amount deposited, the governmental entity plaintiff shall be liable for the difference. Once a judgment regarding the just compensation amount is rendered final and unappealable, Hacienda shall pay the defendant in such condemnation proceedings the amount of the difference specified.

b.   In the event that (i) the Debtors file an omnibus objection to Claims, (ii) a claimant objects to the relief requested in such omnibus objection, and (iii) the Court or the Debtors determine that such Claim should be subject to Administrative Claims Reconciliation, the Debtors shall file an Administrative Reconciliation Notice with the Court and serve the Administrative Reconciliation Notice upon the Claimant stating that such Claim has been removed from the omnibus objection and shall be subject to the Administrative Claims Procedures. If the Debtors make such determination, on the date when the Debtors' reply in support of its omnibus objection is due, the Debtors shall file an Administrative Reconciliation Notice with the Court setting forth the Claims to which an omnibus objection has been interposed and responded to by the holder thereof as and to which the Debtors have determined should be subject to the Administrative Claims Reconciliation process. If the Court makes such determination, the Court

1

shall provide notice to the Debtors, and the Debtors shall file such an Administrative Reconciliation Notice with the Court. To the extent necessary, the automatic stay, extant pursuant to section 362 of the Bankruptcy Code, should be deemed modified so as to permit the continuation of the reconciliation of any claims subject to Administrative Claims Reconciliation.

2.      With respect to each of the Eminent Domain Claims, the Pension/Retiree Claims, the Tax Refund Claims, the Public Employee Claims, and the Grievance Claims, upon reconciliation, the Debtor(s) shall pay the amount due and owing in the ordinary course.

3.      Upon the filing of the Administrative Reconciliation Notice, any claims subject thereto (the "ACR Designated Claims") shall be designated as "Subject to Administrative Reconciliation" on the Claims Registry in these Title III Cases. The Administrative Reconciliation Notice shall authorize and direct Prime Clerk to mark all claims listed on the Administrative Reconciliation Notice as "Subject to Administrative Reconciliation" on the official claims register in these Title III Cases.

4.      Within sixty (60) days of service of the Administrative Reconciliation Notice, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Department of Treasury ("Hacienda"), or the applicable agency or governmental entity previously responsible for handling a Claim, as the case may be, shall restart the processing of the Claims through Administrative Claims Reconciliation. ERS, Hacienda, or the applicable agency or governmental entity responsible for handling a Claim, as the case may be, shall reach an initial determination as to whether to grant or deny the Claim within ninety (90) days of the recommencement of consideration of the Claim, unless the parties agree otherwise. To the extent that the local law or procedure applicable to a Claim provides more than ninety (90) days for resolution of the Claim, the time period provided under such local law or procedure shall prevail. Such ninety (90) day period relates to the initial determination of the Claim only. In the event that either party seeks further review of an initial determination, such further review shall not be limited by this ninety (90) day period.

5.      Within ninety (90) days of filing the first Administrative Reconciliation Notice, and every sixty (60) days thereafter, the Debtors shall file with the Court a notice (an "Administrative Reconciliation Status Notice") setting forth the status of the ACR Designated Claims. The Administrative Reconciliation Status Notice shall identify, for each ACR Designated Claim, whether it is an Eminent Domain Claim, a Pension/Retiree Claim, a Tax Refund Claim, a Public Employee Claim, or a Grievance Claim. The Administrative Reconciliation Status Notice shall provide the following information with respect to each ACR Designated Claim:

a.  The date the ACR Designated Claim was transferred into Administrative Reconciliation.

b.  The agency that is responsible for processing the ACR Designated Claim.

c.  Whether the agency responsible for processing the ACR Designated Claim has begun reviewing the Claim. If the agency has not begun reviewing the Claim within sixty (60) days of the date the ACR Designated Claim was transferred into

Administrative Reconciliation, the Administrative Reconciliation Status Notice
will include a brief explanation for the delay.

d.    Whether the agency responsible for processing the ACR Designated Claim has a
complete administrative file for the Claim, including any follow up
documentation requested from claimants.

e.    Whether an initial determination on the ACR Designated Claim has been made.
In the event that more than ninety (90) days have elapsed since the
recommencement of consideration of the Claim, and an initial determination has
not yet been reached, the Administrative Reconciliation Status Notice shall
indicate whether the time period was extended by agreement of the parties or
because the time period provided under local laws or procedures for resolving the
Claim exceeds ninety (90) days.

f.    Whether the claimant has taken an appeal from the initial determination and if so,
the status of that appeal.

g.    Whether the ACR Designated Claim has been resolved (the "ACR Resolved
Claims"), either because the claimant has exhausted any available appeals or
because the claimant has not filed an appeal within the applicable time period for
doing so, and the date on which the ACR Designated Claim was resolved.

h.    Whether an ACR Resolved Claim has been paid within one-hundred and twenty
(120) days of the date it was resolved.

6.    For the avoidance of doubt, Administrative Reconciliation shall not pertain to any
proofs of claim filed by Doral Financial Corporation or any agreements underlying such claims.

3

**EXHIBIT 2**

**English and Spanish Versions of the Form of Notice of Transfer to Administrative
Reconciliation Procedures**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
|     as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
|         Debtors.1 | |

**ADMINISTRATIVE CLAIMS RECONCILIATION NOTICE**

Service Date:
Designated Claimant(s):
Address:
Designated Claim Number(s):
Amount(s) Stated in Proof(s) of Claim:
Claim Type (Eminent Domain, Pension/Retiree, Tax Refund, Public Employee, and/or Grievance)**:**

> **This Notice only applies to the Designated Claim Number(s) listed above. You should read the Notice carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.**

1  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)..

**If you have any questions, please contact <u>Prime Clerk LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers),</u> available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available).**

By this Administrative Reconciliation Notice, the [Debtor] hereby submits the above-identified claim(s) (the "<u>ACR Designated Claim(s)</u>") in the [Debtor's] Title III case to resolution through administrative claims reconciliation, pursuant to the procedures (the "<u>Administrative Reconciliation Procedures</u>") established by the ***Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief***, entered by the United States District Court for the District of Puerto Rico (the "<u>Title III Court</u>") on [DATE].  Prime Clerk is hereby authorized and directed to designate the ACR Designated Claim(s) as "Subject to Administrative Reconciliation" on the Claims Registry in these Title III cases.  A copy of the Administrative Reconciliation Procedures is enclosed for your reference.

The purpose of the Administrative Reconciliation Procedures is to allow the Commonwealth to evaluate and resolve your claim using its existing administrative processes.  Only certain types of claims are eligible to participate in the Administrative Reconciliation Procedure: Claims regarding eminent domain or inverse condemnation ("<u>Eminent Domain Claims</u>"); Claims for pension or retiree benefits ("<u>Pension/Retiree Claims</u>"), Claims for tax refunds ("<u>Tax Refund Claims</u>"), Claims for salaries and benefits owed to public employees ("<u>Public Employee Claims</u>"), and union grievances ("<u>Grievance Claims</u>").  For information regarding the administrative processes applicable to your claim, please see the attached "Overview of Administrative Claims Reconciliation Procedures."

To ensure claims are resolved and paid in a timely fashion, the ACR Designated Claims will be monitored by the Title III court, and [Debtor] will be required to inform the Title III court of the status of each ACR Designated claim submitted to the Administrative Reconciliation Procedures **every 60 days**.

You do not need to do anything further at this time.  Within 60 days, a representative from [agency responsible for claim] will contact you and initiate the Administrative Reconciliation Procedure for your ACR Designated Claim.

If you do not hear from a Commonwealth agency representative within **SIXTY DAYS OF THE "SERVICE DATE" REFLECTED ON THE TOP OF THIS NOTICE, YOU MUST CONTACT [PRIME CLERK].**

## Overview of Administrative Claims Reconciliation Procedures

You are receiving this notice because the Debtors have determined that your claim(s) should be resolved using the Commonwealth's existing administrative processes.  Your claim will be resolved using one of the procedures identified below.  Please check the Administrative Claims Reconciliation Notice that accompanies this Overview to determine which procedures will process your claim. This Overview provides you basic information regarding the next steps in resolving your claim and the administrative procedures that will consider your claim. **You should read this Overview carefully and discuss it with your attorney.  If you do not have an attorney, you may wish to consult one.**

Within sixty (60) days of receipt of this notice, a representative from the Commonwealth agency responsible for processing your claim will reach out to you to notify you that the agency has initiated processing of your claim.  IF YOU DO NOT HEAR FROM ANY COMMONWEALTH AGENCY WITHIN SIXTY (60) DAYS, PLEASE CONTACT [PRIME CLERK] IMMEDIATELY.

Once ERS, Hacienda, or the applicable Commonwealth agency have reached an initial determination (the "Initial Determination") as to the amount, if any, of your claim, it will send you a letter notifying you of its decision.

If you do not agree with the Initial Determination, you have the right to an appeal. The timing and procedures for that appeal vary depending on the type of claim you have:

- **Eminent Domain Claims**: If you disagree with the resolution of your Eminent Domain Claim, you may appeal any judgment of the Court of First Instance by filing an appeal with the Court of Appeals within sixty (60) days following the entry of the judgment by the Court of First Instance. Thereafter, the parties can also appeal any judgment of the Court of Appeals by filing a writ of certiorari before the Supreme Court within sixty (60) days following the entry of the judgment by the Court of Appeals.

- **Pension/Retiree Claims**: If you disagree with ERS's Initial Determination, you will then have thirty (30) days from the date of the letter to request reconsideration.  If you seek reconsideration, a hearing examiner will hold a hearing to consider your claim.  You will receive a decision from ERS within forty-five (45) days of your hearing.  If ERS denies reconsideration of your claim, you must file an appeal with the Retirement Board within thirty (30) days of the date of the decision denying reconsideration.  If your appeal is denied, you must file an appeal with the Puerto Rico Court of Appeals within thirty (30) days of the date of the Retirement Board's determination.

- **Tax Refund Claims**: If you disagree with Hacienda's Initial Determination, you may file a lawsuit in the Court of First Instance within thirty (30) days of the date the letter was mailed.

- **Public Employee Claims**: The Commonwealth has many administrative processes, administered by many different entities, for employees to pursue employment related claims.  If you disagree with the applicable agency's Initial Determination, you have the

3

right to an appeal, including the right to appeal that Initial Determination to the Puerto Rico Court of Appeals.  You should discuss with your attorney the time frame within which you must file your appeal.  If you do not have an attorney, you may wish to consult one.

- **Grievance Claims**:  If you have a Grievance Claim, your claim will be processed in accordance with the terms of your collective bargaining agreement.  You should consult your collective bargaining agreement to find more information regarding the steps that will be taken to resolve your claim, the timing for resolving your claim, and any appeal rights you may have.

If at any point you receive an Initial Determination, but you do not file an appeal within the applicable time lines above, your claim will be designated as "resolved," and you will be paid the amount, if any, determined by the administrative procedures.

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>     como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *y otros*,<br><br>                  Deudores.8 | PROMESA<br>Título III<br><br>No. 17 BK 3283-LTS<br><br>(Administrados en forma conjunta) |

**AVISO DE RECONCILIACIÓN ADMINISTRATIVA DE RECLAMACIONES**

Fecha de Notificación:
Reclamante(s) designados:
Dirección:
Número(s) de reclamaciones designadas:
Cantidad(es) indicada(s) en la(s) prueba(s) de reclamación:

---

8 Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos de su número de identificación de contribuyente federal , según corresponda, son (i) el Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (caso de Quiebras núm. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación de contribuyente federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (caso de Quiebras núm. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación de contribuyente federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (caso de Quiebras núm. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación de contribuyente federal: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (caso de Quiebras núm. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación de contribuyente federal: 9686); (v) la Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") (caso de Quiebras núm. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación de contribuyente federal: 3747); y (vi) la Autoridad de Edificios Públicos ("PBA") (caso de Quiebras 19 BK 5233-LTS) (los casos al amparo del Título III figuran con números de caso de la Corte de Quiebras debido a limitaciones del *software*).

Tipo de Reclamación (Pensión/Jubilado, Reembolso de contribuciones, Empleado público y/o Queja):

> **Este aviso solo aplica a los números de reclamaciones designadas mencionados anteriormente. Lea el aviso detenidamente y discútalo con su abogado. Si no tiene abogado, puede consultar con uno.**
>
> **Si tiene alguna pregunta, comuníquese con Prime Clerk LLC al (844) 822-9231 (llamada gratis desde EE.UU. y Puerto Rico) o (646) 486-7944 (para llamadas internacionales), disponible de 10:00 a.m. a 7:00 p.m. (hora estándar del Atlántico) (español disponible).**

Con este Aviso de Reconciliación Administrativa, el [Deudor] presenta las reclamaciones anteriormente identificadas (las "Reclamacion(es) de Reconciliación Administrativa Designada(s)") en el caso de Título III [del Deudor] para su resolución mediante la reconciliación de reclamaciones administrativas, conforme los procedimientos ("Procedimientos de Reconciliación Administrativa") establecidos por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal del Título III") el [FECHA]. Dicha orden: *(A) Autoriza la Reconciliación Administrativa de Reclamaciones, (B) Aprueba una Forma Adicional de Notificación, y (C) Otorga el Remedio Apropiado*. Por este medio se autoriza y ordena a Prime Clerk a que indique en el Registro de Reclamaciones de estos casos de Título III que (las) Reclamación(es) de Reconciliación Administrativa Designada(s) están "Sujetas a la Reconciliación Administrativa". Se adjunta una copia de los Procedimientos de Reconciliación Administrativa para su referencia.

El propósito de los Procedimientos de Reconciliación Administrativa es permitir que el Estado Libre Asociado evalúe y resuelva la reclamación presentada por usted utilizando sus procesos administrativos existentes. Solo ciertos tipos de reclamaciones son elegibles para participar en el Procedimiento de Reconciliación Administrativa: las reclamaciones de expropiación forzosa y expropiación a la inversa ("Reclamaciones de expropiación forzosa"), las reclamaciones por beneficios de jubilación o pensión ("Reclamaciones de jubilación/pensión"), las reclamaciones por reembolso de contribuciones ("Reclamaciones de reembolso de contribuciones"), las reclamaciones por salarios y beneficios adeudados a empleados públicos ("Reclamaciones de empleados públicos") y las querellas sindicales ("Reclamaciones de quejas/agravios"). Para obtener información sobre los procesos administrativos aplicables a su reclamación, consulte la "Descripción General de los Procedimientos de Reconciliación Administrativa de Reclamaciones."

Para garantizar que las reclamaciones se resuelvan y se paguen de manera oportuna, las Reclamaciones Administrativas de Reclamaciones serán monitoreadas por el tribunal del Título III y [el Deudor] deberá informarle al tribunal del Título III **cada 60 días** sobre el estado de toda reclamación sometida a los Procedimientos de Reconciliación Administrativa.

No necesita hacer nada más en este momento. Dentro de los próximos 60 días, un representante de [la agencia responsable de la reclamación] se comunicará con usted e iniciará el

Procedimiento de Reconciliación Administrativa para la Reconciliación de su Reclamación Administrativa.

Si no recibe comunicación de un representante de la agencia dentro de los **SESENTA DÍAS SIGUIENTES A LA "FECHA DE NOTIFICACIÓN" QUE APARECE EN LA PARTE SUPERIOR DE ESTE AVISO, COMUNÍQUESE CON [PRIME CLERK].**

**Descripción General de los Procedimientos de Reconciliación Administrativa de Reclamaciones**

Usted está recibiendo este aviso porque los Deudores han determinado que su(s) reclamación(es) debe(n) resolverse utilizando los procedimientos administrativos existentes del Estado Libre Asociado. Su reclamación se resolverá utilizando uno de los procedimientos identificados a continuación. Por favor consulte el Aviso de Reconciliación Administrativa de Reclamaciones que acompaña esta Descripción General para determinar cuáles procedimientos se seguirán para procesar su reclamación. Esta Descripción General le brinda información básica sobre los próximos pasos para resolver su reclamación y los procedimientos administrativos que se utilizarán para considerar su reclamación. **Lea esta Descripción General detenidamente y discútala con su abogado. Si no tiene abogado, puede consultar con uno.**

Dentro de los sesenta (60) días siguientes al recibo de este aviso, un representante de la agencia del Estado Libre Asociado responsable de procesar su reclamación se comunicará con usted para notificarle que dicha agencia ha iniciado el procesamiento de su reclamación. SI NO RECIBE COMUNICACIÓN DE NINGUNA AGENCIA DEL ESTADO LIBRE ASOCIADO DENTRO DE SESENTA (60) DÍAS, POR FAVOR COMUNÍQUESE CON [PRIME CLERK] INMEDIATAMENTE.

Una vez la ASR, Hacienda o la agencia correspondiente del Estado Libre Asociado haya llegado a una determinación inicial (la "Determinación Inicial") en cuanto al monto, si alguno, de su reclamación, le enviará una carta notificándole su decisión.

Si no está de acuerdo con la Determinación Inicial, tiene derecho a una apelación. Los plazos de tiempo y los procedimientos aplicables a dicha apelación varían de acuerdo al tipo de reclamación que usted presente:

- **Reclamaciones de expropiación forzosa**: Si no está de acuerdo con la resolución de su Reclamación de Expropiación Forzosa, usted podrá apelar cualquier sentencia del Tribunal de Primera Instancia presentando una apelación con el Tribunal de Apelaciones de Puerto Rico dentro de sesenta (60) días luego de entrada la sentencia por el Tribunal de Primera Instancia. Luego, las partes también podrán apelar cualquier sentencia del Tribunal de Apelaciones de Puerto Rico presentando un *recurso de certiorari* ante el Tribunal Supremo de Puerto Rico, dentro de sesenta (60) días luego de entrada la sentencia por el Tribunal de Apelaciones de Puerto Rico.

- **Reclamaciones de pensión/jubilación**: Si no está de acuerdo con la Determinación Inicial de la ASR, tendrá treinta (30) días a partir de la fecha de la carta para solicitar la reconsideración. Si pide reconsideración, un oficial examinador celebrará una vista para considerar su reclamación. Recibirá la decisión de la ASR dentro de los cuarenta y cinco (45) días siguientes a la celebración de la vista. Si la ASR deniega la reconsideración de su reclamación, deberá presentar una apelación ante la Junta de Retiro dentro de treinta (30) días a partir de la fecha de la denegación de la reconsideración. Si su apelación es rechazada, deberá presentar una apelación ante el Tribunal de Apelaciones de Puerto Rico dentro de treinta (30) días a partir de la fecha de la determinación de la Junta de Retiro.

- **Reclamaciones de reembolso de contribuciones**: Si no está de acuerdo con la Determinación Inicial de Hacienda, puede radicar una demanda en el Tribunal de Primera Instancia dentro de los treinta (30) días siguientes a la fecha de envío de la carta de Hacienda.

- **Reclamaciones de empleados públicos**: El Estado Libre Asociado tiene muchos procesos administrativos, administrados por muchas entidades diferentes, para que los empleados tramiten reclamaciones relacionadas con el empleo.  Si no está de acuerdo con la Determinación Inicial de la agencia correspondiente, tiene derecho a una apelación, incluyendo el derecho de apelar esa Determinación Inicial ante el Tribunal de Apelaciones de Puerto Rico.  Debe analizar con su abogado el plazo de tiempo dentro del cual deberá radicar su apelación.  Si no tiene abogado, puede consultar con uno.

- **Reclamaciones de quejas/agravios**: Si tiene una reclamación relacionada con quejas/agravios, la misma se procesará de acuerdo con los términos de su convenio colectivo.  Debe examinar su convenio colectivo para obtener más información sobre los pasos que se tomarán para resolver su reclamación, los plazos de tiempo para resolverla y los derechos de apelación que usted pueda tener.

Si en algún momento recibe una Determinación Inicial pero no radica una apelación dentro de los plazos de tiempo indicados anteriormente, su reclamación será designada como "resuelta" y se le pagará el monto, si alguno, que se haya determinado en los procedimientos administrativos.