# Monolines' Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA")

    Debtor.

PROMESA
Title III

No. 17 BK 3567-LTS

**Re: ECF No. 7646, 7689, 7832, 8244, 9622 & 10835**

------------------------------------------------------------x

**[PROPOSED] ORDER APPROVING JOINT STIPULATION
REGARDING THE AMENDED JOINT STIPULATION REGARDING THE DRA
PARTIES' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR RELIEF FROM THE AUTOMATIC STAY, OR IN THE
ALTERNATIVE, ORDERING PAYMENT OF ADEQUATE PROTECTION**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

Upon consideration of the *Joint Stipulation Regarding (I) The DRA Parties' Motion and Memorandum of Law in Support of their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection [ECF No. 7643]; and (II) The DRA Parties' Motion and Memorandum of Law in Support of their Notice that the DRA is a Party in Interest and can Participate in the Monolines Amended Lift Stay Litigation [ECF No. 10835]*,[2] filed on February 19, 2020 by the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), pursuant to the authority granted to it under the Enabling Act of the Fiscal Agency and Financial Advisory Authority, Act 2-2017; the Financial Oversight and Management Board for Puerto Rico ("FOMB") in its capacity as representative of the Puerto Rico Highways and Transportation Authority ("HTA"); AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties"),[3] and the Court having found and determined that (i) the Court has jurisdiction over this proceeding and the Amended Stipulation pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); (ii) venue of this proceeding and the Amended Stipulation is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); and (iii) the Court having found good cause to ~~grant the relief requested therein~~ issue the order below, it is

**HEREBY ORDERED THAT:**

1. The Joint Stipulation is **GRANTED IN PART and to the limited extent** ~~as~~ set forth herein.

2. The DRA is deemed a party in interest to the Monolines' Lift Stay Motion under 11 U.S.C. § 1109 (as made applicable under section 301 of PROMESA), and the DRA Parties

---

[2] Capitalized terms not defined herein have the same meaning as in the Joint Stipulation.

[3] AAFAF, the Oversight Board, and the DRA Parties are sometimes hereinafter referred to as the "Parties" and each, a "Party".

2

possess certain limited rights to appear and be heard in connection with the Monolines' Lift Stay Motion under the schedule outlined in the Revenue Bond Scheduling Order.

3. The DRA Parties may appear and be heard in the Monolines' Lift Stay Motion as outlined in the Amended Revenue Bond Scheduling Order (including footnote 3 therein that shall be applicable to the DRA Parties with respect to the Monolines' Lift Stay Motion), with respect to ~~the following~~ overlapping legal issues implicated by the DRA Lift Stay Motion and the Monolines' Lift Stay Motion: (i) the extent to which Commonwealth statutes enacted pre-PROMESA which purport to allocate, on the terms and conditions set forth therein, certain excise tax revenues to HTA (as identified in the Monolines' Lift Stay Motion and the Oversight Board's objection, collectively, the "Excise Tax Statutes") are preempted by PROMESA; (ii) the extent to which the Excise Tax Statutes can bind future legislatures; (iii) whether the Excise Tax Statutes give rise to an equitable lien, trust, or other ownership interest in favor of the Lift Stay Movants, as argued in the Monolines' Lift Stay Motion, *provided*, however, that DRA Parties shall not be heard on any contention that the Excise Tax Statutes give rise to an equitable lien, trust, or other ownership interest in favor of the DRA Parties or any other claimant (other than in their capacity as HTA bondholders) ~~holders of bonds issued by HTA~~; (iv) the extent to which PROMESA Title III recognizes a priority claim arising out of the Excise Tax Statutes in favor of the Lift Stay Movants, as argued in the Monolines' Lift Stay Motion, provided, however, that DRA Parties shall not be heard on any contention that DRA Parties or other claimants have a priority claim under PROMESA Title III or otherwise (other than in their capacity as HTA bondholders); (v) the scope and validity of any security interests granted to HTA bondholders pursuant to the terms of the 1968 and 1998 HTA Bond Resolutions, and whether HTA bondholders' security interests extend to tax revenues retained by the Commonwealth; (vi) whether any liens possessed by the HTA bondholders stopped attaching once the Commonwealth and/or HTA filed for relief under Title III including pursuant

5

to Bankruptcy Code section 552(a); (vii) the validity of the Commonwealth's retention and use of the tax revenues under the Excise Tax Statutes; and (viii) whether <u>Lift Stay Movants</u> ~~creditors of HTA~~ have standing to seek stay relief against the Commonwealth (the "<u>Overlapping Issues</u>"); *provided however*, that <u>the DRA Parties shall have no right to raise any intercreditor issues or to be heard on any claim regarding the DRA Parties' interest (if any) in any funds in any capacity other than as HTA bondholders, and any such issues are specifically excluded from the Overlapping Issues; *provided further*, that </u>the DRA Parties shall not join the *Urgent Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, And Financial Guaranty Insurance Company To Adjourn Hearing On Motions For Relief From The Automatic* [ECF No. 10841] or otherwise argue that the hearing on the Monolines' Lift Stay Motion should be adjourned or otherwise delayed on the basis of this Joint Stipulation; *provided further*, that the DRA Parties shall not be authorized to settle or prevent a settlement or take discovery in connection with the Monolines' Lift Stay Motion, but discovery made available to the movants in the Monolines' Lift Stay Motion will be made available to the DRA Parties, and that the DRA Parties will have the right to ~~participate in~~ <u>listen to</u> all meet and confers regarding discovery in the Monolines' Lift Stay Motion and ~~attend~~ <u>observe</u> all depositions in the Monolines' Lift Stay Motion (if any), *provided further*, that such discovery will not preclude the DRA Parties from requesting discovery regarding the DRA Lift Stay Motion (and AFFAF's and the Oversight Board's right to object to such requests) after the stay in ¶ 4 below is terminated. <u>Any submission by the DRA Parties in connection with the Monolines' Lift Stay Motion that is not strictly limited to the Overlapping Issues specifically identified in this paragraph shall be stricken.</u>

    4.    Any briefing filed by the DRA Parties (i) shall be limited to a maximum of seven (7) pages, not including caption and signature pages (unless the DRA Parties have obtained leave

of the Court, in advance of filing, for additional pages), (ii) shall be limited to issues raised by the parties to the Monolines' Lift Stay Motion (and subject to the limitations in the foregoing paragraph 3) and (iii) shall be permitted only to advance arguments not otherwise raised by the parties. The DRA Parties may not introduce any documents, agreements, or evidence in connection with the Monolines' Lift Stay Motion other than the documents, agreements, and evidence introduced by the parties to the Monolines' Lift Stay Motion.

3.5. The DRA Parties' brief shall be due on March 25, 2020. The parties to the Monolines' Lift Stay Motion shall have the opportunity to file a response, of up to five (5) pages, to any submission by the DRA Parties, to be filed four days following any submission by the DRA Parties.

4.6. Subject to the Court's continuing jurisdiction and orders relating thereto, all other issues concerning the DRA Lift Stay Motion, other than the Overlapping Issues, shall be stayed until resolution by this Court of the Gating Issues. After the stay is terminated, the Parties shall meet and confer to schedule the continuance of litigation schedule (if necessary).

5.7. The Joint Stipulation and this Order thereon will not provide the DRA Parties with intervention rights other than to appear and be heard in connection with the Monolines' Lift Stay Motion. The DRA Parties will not have any other rights, including, without limitation, the right to settle, oppose settlement or appeal any decision of this Court regarding the Monolines' Lift Stay Motion.

6.8. For the avoidance of doubt, nothing herein shall affect the rights of any Party, person, or entity with respect to (i) the DRA Lift Stay Motion, other than Overlapping Issues, including the right to contest the DRA Parties' standing on any grounds (including standing issues with respect to the Overlapping Issues in the Monolines' Lift Stay Motion), (ii) discovery, enforcement of said discovery, or to oppose discovery, in connection with the DRA Lift Stay

Motion (to the extent the DRA Lift Stay Motion is continued), and (iii) seeking further adjournment of the DRA Lift Stay Motion, or opposing such adjournment, all of which rights are fully preserved. In addition, all other rights of the Parties are expressly preserved and are not impaired, waived or otherwise prejudiced by the terms set forth in this Joint Stipulation or Order.

      7.9.    This Stipulation shall not be used or offered into evidence in the DRA Lift Stay Motion for any purpose, including in connection with the litigation of the Standing Issue.

      8.10.    The Parties further retain all rights to seek from the Court modification of, or relief from, the Joint Stipulation and this Order.

SO ORDERED.

Dated_____, 2020  
San Juan, Puerto Rico

      HONORABLE ~~LAURA TAYLOR SWAIN~~JUDITH GAIL DEIN  
      UNITED STATES ~~DISTRICT~~ MAGISTRATE JUDGE