IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------------x

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3567-LTS |
| as representative of | |
| PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY | |

-------------------------------------------------------------------x

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

# **ORDER**

The matter is before the Court on (1) *The DRA Parties' Motion and Memorandum of Law in Support of their Notice that the DRA is a Party in Interest and Can Participate in the Monolines' Amended Lift Stay Litigation* (Dkt. No. 10835 in 17-BK-3283; Dkt. No. 685 in 17-BK-3567) (the "DRA Motion to Intervene"), and (2) the *Joint Stipulation Regarding (I) The DRA Parties' Motion and Memorandum of Law in Support of their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection [ECF No. 7643]; and (II) The DRA Parties' Motion and Memorandum of Law in Support of their Notice that the DRA is a Party in Interest and Can Participate in the Monolines' Amended Lift Stay Litigation [ECF No. 10835]* (Dkt. No. 11285 in 17-BK-3283; Dkt. No. 698 in 17-BK-3567) (the "Participation Stipulation"). The Court has also received and reviewed (i) the Monolines' Opposition to DRA Motion to Intervene (Dkt. No. 11126 in 17-BK-3283) (ii) the DRA Reply to the DRA Motion to Intervene (Dkt. No. 11725 in 17-BK-3283; Dkt. No. 705 in 17-BK-3567), (iii) the Opposition to Participation Stipulation (Dkt. No. 11325 in 17-BK-3283); (iv) the DRA Reply to Participation Stipulation (Dkt. No. 11735 in 17-BK-3283; Dkt. No. 707 in 17-BK-3567); (v) the Initial Status Report (Dkt. No. 11949 in 17-BK-3283); (vi) the Updated Joint Status Report (Dkt. No. 11995 in 17-BK-3283, Dkt. No. 719 in 17-BK-3567); and (vii) the Monolines' Informative Motion with proposed edits to the Participation Stipulation (Dkt. No. 12001 in 17-BK-3283).

The Court recognizes the DRA Parties' request for a hearing on the DRA Motion to Intervene. Nevertheless, having reviewed the extensive briefing submitted by the parties, this Court has determined that oral argument is not necessary. The Court hereby ALLOWS IN PART and DENIES IN PART the DRA Motion to Intervene in accordance with this Order.

I. **The DRA Parties' Right to Intervene**

Federal Rule of Civil Procedure 24(a)(1) governs intervention as a matter of right, and dictates that "the court must permit anyone to intervene who . . . is given an unconditional right to intervene by statute." Pursuant to 11 U.S.C. § 1109(b), a provision of the Bankruptcy Code that was expressly incorporated by PROMESA, "[a] party in interest, including . . . a creditor . . . may raise and may appear and be heard in a case under this chapter." The parties do not dispute that the DRA Parties are a party in interest with an unconditional right to intervene under 11 U.S.C. § 1109(b) and Fed. R. Civ. P. 24(a)(1), and the DRA Parties will therefore be allowed to participate in the Monolines' Amended Lift Stay Motion.

II. **Scope of Intervention**

The fact that "the [DRA Parties are] entitled to participate in the district court proceedings does not, of course, dictate the scope of that participation." Assured Guaranty Corp. v. The Financial Oversight and Management Board for Puerto Rico, as Representative for the Commonwealth of Puerto Rico, 872 F.3d 57, 64 (1st Cir. 2017) ("Assured") (citing Adelphia Commc'ns Corp. v. Rigas, 285 B.R. at 848). This Court has the discretion to tailor intervention as needed to ensure the rights of the respective parties and the efficiency of the litigation. "[C]ourts are not faced with an all-or-nothing choice between grant or denial: Rule 24 also provides for limited-in-scope intervention." US v. City of Detroit, 712 F.3d 925, 931 (6th Cir. 2013). Intervention of right, whether obtained, as here, through Section 1109(b) or more generally through Rule 24, "may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." Fed. R. Civ. P. 24, advisory committee's note, 1966 amendment. Moreover, "a distinction can be drawn

3

between the right to intervene in an adversary proceeding, to which [the Committee is] plainly entitled, and the right to take ownership of the debtor's claims in that adversary proceeding." In re Smart World Techs., LLC, 423 F.3d 166, 182 (2nd Cir. 2005). Finally, "[l]imited intervention is particularly appropriate [where] . . . getting all interested parties to the table promotes an effective and fair solution, but preventing an expansion of the scope is necessary to keep control of the case." City of Detroit, 712 F.3d at 932. As the First Circuit explained in Assured, "[t]hese competing concerns are particularly poignant in the present case, which represents the largest proceeding to restructure debt in the history of the American municipal bond market." Assured, 872 F.3d at 64 (internal quotation omitted).

    A. Issues for Intervention

The Court hereby limits the DRA Parties' right to intervene in the Monolines' Amended Lift Stay Motion (Dkt. No. 10102)[2] to issues that are common to both the DRA Lift Stay Motion (Dkt. No. 7643) and the Monolines' Amended Lift Stay Motion (the "Shared Issues") as defined below. Nothing herein shall preclude the DRA Parties from addressing, in connection with the DRA Lift Stay Motion, the issues unique to the DRA Parties' Lift Stay Motion including, without limitations, (i) the DRA Parties' standing to bring the DRA Lift Stay Motion, and specifically the effect of Asset Restrictions (as that term is defined in the Master Transfer Agreement between the Government Development Bank for Puerto Rico and the DRA, dated November 29, 2018) on the DRA's standing, (ii) intercreditor issues between the DRA and the bondholders at HTA, and

---

[2] Docket entry references herein shall refer to 17-BK-3283 unless otherwise noted.

4

(iii) the DRA Parties' rights as lenders to HTA pursuant to the 2013 Security Agreement and right to the Act 30-31 Revenues.

The Shared Issues are as follows:

1. The extent to which Commonwealth statutes enacted pre-PROMESA which purport to allocate, on the terms and conditions set forth therein, certain excise tax revenues to HTA (as identified in the Monolines' Amended Lift Stay Motion and the Oversight Board's objection, collectively the "Excise Tax Statutes") are preempted by PROMESA;

2. The extent to which the Excise Tax Statutes can bind future legislatures;

3. Whether the Excise Tax Statutes give rise to an equitable lien, trust, or other ownership interest in favor of the holders of bonds issued by HTA;[3]

4. The extent to which PROMESA Title III recognizes a priority claim arising out of the Excise Tax Statutes;[4]

5. The scope and validity of any security interests granted to HTA bondholders pursuant to the terms of the 1968 and 1998 HTA Bond Resolutions, and whether HTA bondholders' security interests extend to tax revenues retained by the Commonwealth;

---

[3] The DRA Parties may, if they so choose, oppose the Monolines' contention that the Excise Tax Statutes give rise to an equitable lien, trust, or other ownership interest in favor of the Monolines. However, the issue, if any, whether the DRA Parties themselves have an equitable lien, trust, or other ownership interest shall be determined in the DRA Lift Stay proceeding.

[4] The DRA Parties may, if they so choose, oppose the Monolines' contention that they have a priority claim arising out of the Excise Tax Statutes pursuant to PROMESA Title III. However, the issue, if any, whether the DRA Parties themselves have a priority claim arising out of the Excise Tax Statutes pursuant to PROMESA Title III shall be determined in the DRA Lift Stay proceeding.

5

6. Whether any liens possessed by the HTA bondholders stopped attaching once the Commonwealth and/or HTA filed for relief under Title III including pursuant to Bankruptcy Code section 552(a);

7. The validity of the Commonwealth's retention and use of the tax revenues under the Excise Tax Statutes; and

8. Whether creditors of HTA have standing to seek stay relief against the Commonwealth.[5]

B. <u>Discovery</u>

The DRA Parties shall be entitled to receive all discovery produced in connection with the Monolines' Amended Lift Stay Motion, and to attend depositions. The DRA Parties will have the right to participate in all meet and confers regarding discovery in the Monolines' Amended Lift Stay Motion and attend all depositions in the Monolines' Amended Lift Stay Motion (if any). The DRA Parties shall not be entitled to propound their own discovery requests.[6]

C. <u>Briefing</u>

The Court establishes fifteen (15) pages as the presumptive page limit for all briefs filed by the DRA Parties in connection with the Monolines' Amended Lift Stay Motion, and the DRA Parties may seek leave of the Court to file longer briefs on an as-needed basis.

---

[5] The DRA Parties' standing to bring the DRA Lift Stay Motion shall be decided in that proceeding.

[6] Nothing herein shall limit the right of the DRA Parties from requesting discovery regarding the DRA Lift Stay Motion (and AAFAF's and the Oversight Board's right to object to such requests).

The DRA Parties' opening brief in connection with the Monolines' Amended Lift Stay Motion shall be filed on or before **March 16, 2020**. The parties to the Monolines' Amended Lift Stay Motion shall have the opportunity to file a response, of up to five (5) pages (or more with leave of the Court) to any submission by the DRA Parties, to be filed on or before **March 23, 2020**.

D. <u>Right to Include New Documents</u>

The DRA Parties may introduce documents, agreements or evidence not included in the Monolines' Amended Lift Stay Motion except for the Master Transfer Agreement which the DRA Parties have agreed not to introduce in connection with the Monolines' Amended Lift Stay Motion. Any new evidence, however, shall not expand the scope of intervention which is limited to the Shared Issues as defined here.

E. <u>Right to Settle and Appeal</u>

As the parties have agreed, the DRA Parties do not have the right to settle, oppose settlement or appeal any decision of this Court regarding the Monolines' Amended Lift Stay Motion.

F. <u>Schedule for DRA Lift Stay Motion</u>

The Court orders the DRA Parties and the Government Parties to meet and confer and file a status report proposing a new briefing schedule on the DRA Lift Stay Motion by **March 11, 2020.**

This order resolves Dkt. No. 10835 in 17-BK-3283 and Dkt. No. 685 in 17-BK-3567.

SO ORDERED.

7

/ s / Judith Gail Dein<br>
Judith Gail Dein<br>
United States Magistrate Judge

DATED: March 3, 2020