IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, <u>et al.</u>, | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------------x

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3567-LTS |
| as representative of | |
| PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY | |

-------------------------------------------------------------------x

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## **ORDER**

This matter is before the Court on the *Urgent Motion of Assured Guaranty Corp., Assured Guaranty Municipal Coup., Ambac Assurance Corporation, Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation, as Holders and Insurers of HTA Bonds, to Compel Production of Documents Concerning Preliminary Hearing on Lift-Stay Motion* (Dkt. No. 704 in 17-BK-3566; Dkt. No. 11686 in 17-BK-3283) (the "HTA Motion to Compel") and the *Urgent Motion of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Financial Guaranty Insurance Company to Compel Production of Documents Relating to Preliminary Hearing on the CCDA and PRIFA Lift-Stay Motions* (Dkt. No. 11687 in 17-BK-3283) (the "CCDA and PRIFA Motion to Compel") (together with the HTA Motion to Compel, the "Motions to Compel"). The Court has also received and reviewed the Omnibus Opposition of the Government Parties to the Motions to Compel (Dkt. No. 716 in 17-BK-3567; Dkt. No. 11948 in 17-BK-3283) (the "Omnibus Opposition") and the Omnibus Reply of the Movants[2] in support of the Motions to Compel (Dkt. No. 11958 in 17-BK-3283) (the "Omnibus Reply"). The Court heard oral argument on the Motions to Compel on March 4, 2020. For the reasons discussed in open court, the Court hereby ALLOWS IN PART AND DENIES IN PART the Motions to Compel in accordance with the following:

---

[2] Capitalized terms not defined herein shall have the meanings given to them in the HTA Motion to Compel.

1. The Government Parties have agreed to produce the following documents with respect to HTA:

    a. For any account that – at any point from January 2015 to present – has been used for the deposit, holding, or transfer of Excise Taxes, including so-called "pass-through" accounts:

        i. Account-opening documents showing depository institutions, account holders, signatories, and beneficiaries;

        ii. Banking agreements for those accounts; and

        iii. Transmittal information, such as payment vouchers and transfer activity reports for the period July 2016 to the present.

        iv. The Government Parties shall make reasonable efforts to obtain the information listed in (i) and (ii) above from the appropriate financial institutions if such information is not in the Government Parties' possession.

    b. Official memoranda from HTA, Treasury, or OMB officials from January 2015 to present concerning the deposit of, transfer of, and restrictions on Excise Taxes.

    c. HTA budget resolutions and internal budget documents, like the documents already produced for fiscal year 2018. *See, e.g.*, HTA_155 at 172-78.

    d. Official memoranda from HTA, Treasury, or OMB officials for fiscal years 2015 and 2016 concerning the budgeting treatment of Excise Taxes, including their characterization as appropriations or own income of HTA.

3

2. The Government Parties have agreed to produce the following documents with respect to PRIFA and CCDA:

    a. Account statements, transmittal information concerning transfers of pledged revenues, and account opening documents showing the legal title and registration of the accounts, including, without limitation, (i) documents concerning the Puerto Rico Infrastructure Fund, (ii) documents concerning the Tourism Company Holding Fund, Transfer Account, Surplus Account, and the Government Development Bank Pledge Account, and (iii) documents showing any sub-accounts or other designations used to track Rum Taxes in the Commonwealth Treasury Single Account. The Government Parties shall make reasonable efforts to obtain account opening documents from the appropriate financial institutions if such information is not in the Government Parties' possession.

    b. Documents sufficient to identify the transfers into and out of the PRIFA- or CCDA – related accounts.

    c. Documents used or referenced in the preparation of the Commonwealth's "Summary of Cash Restriction Analysis" dated October 2, 2019 with respect to the "restricted" funds of PRIFA, HTA and the Tourism Company.

3. The Government Parties shall have substantially completed the above-itemized document production by **March 16, 2020.**

4. The Government Parties shall use reasonable efforts to assist the Movants in understanding the purpose of each account for which information is being

produced. In addition, the Government Parties will use reasonable efforts to respond to reasonable requests for explanations about specific transactions, including, without limitation the transfers requested in Movants' February 26, 2020 Letter.

5. The parties shall meet and confer concerning the number and scope of the Rule 30(b)(6) depositions and shall file a joint status report on or before **March 11, 2020** outlining the result of their meet and confer, and describing the parties' positions on disputed issues. If any disputes remain, the Court will resolve such issues on the papers.

6. Except as provided herein, the Motions to Compel are DENIED.

This Order resolves Dkt. No. 704 in 17-BK-3566 and Dkt. Nos. 11686 and 11687 in 17-BK-3283.

SO ORDERED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED: March 5, 2020