*Hearing Date: TBD*
*Objection Deadline: TBD*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3283 (LTS) |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK- 3567 (LTS) |
| as representative of | |
| THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, | |
| Debtor. | |
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3566 (LTS) |
| as representative of | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | |
| Debtor. | |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Hearing Date: TBD*
*Objection Deadline: TBD*

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| | Case No. 17 BK 4780-LTS |
| as representative of | |
| THE PUERTO RICO ELECTRIC POWER AUTHORITY, | |
| Debtor. | |

**SECOND OMNIBUS MOTION TO EXTEND DEADLINES IN ORDER GRANTING OMNIBUS MOTION BY THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH THE MEMBERS OF THE SPECIAL CLAIMS COMMITTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) ESTABLISH LITIGATION CASE MANAGEMENT PROCEDURES AND (II) ESTABLISH PROCEDURES FOR APPROVAL OF <u>SETTLEMENTS</u>**

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS .................................................................................................... 1

PRELIMINARY STATEMENT ........................................................................................ 3

JURISDICTION, VENUE, AND STATUTORY BASES ................................................. 4

FACTUAL BACKGROUND ............................................................................................. 4

RELIEF REQUESTED ....................................................................................................... 9

ARGUMENT ...................................................................................................................... 9

     I.     The Movants Have Demonstrated Good Cause to Extend the Procedures Order
     Litigation Deadlines…………………………………………………………………9

          i.     *Diligence Governs the Good Cause Inquiry*..……………………9

          ii.     *The Movants Have Been Diligent in Their Efforts to Resolve and/or Settle
          the Vendor Avoidance Actions Prior to the Response Due Date*..………10

NOTICE .............................................................................................................................. 11

To the Honorable United States Magistrate Judge Judith G. Dein:

    The Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), acting by and through the members of the Special Claims Committee (the "<u>SCC</u>," and hereinafter, the SCC may be more broadly referred to as the "<u>Oversight Board</u>"), and the Official Committee of Unsecured Creditors of all Title III Debtors (except COFINA and PBA) (the "<u>Committee</u>," and together with the Oversight Board, "<u>Movants</u>"), hereby file this motion (the "<u>Motion</u>"), pursuant to section 105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>")[2] and Rules 7016, 2002, 9006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), all made applicable to these Title III cases by section 301 and 310 of the Puerto Rico Oversight and Management, and Economic Stability Act ("<u>PROMESA</u>"), requesting that this Court extend certain deadlines established in the *Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements,* ECF No. 7941 in Case No. 17-3283 (the "<u>Procedures Order</u>") and later extended in the *Order Granting Omnibus Motion To Extend Deadlines In Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements*, ECF No. 9476 in Case No. 17-3283 (the "<u>Extension Order</u>") and requesting entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Second Extension Order</u>").  Movants have filed

---

[2]   11 U.S.C. §§ 101 *et seq*., as incorporated into these proceedings by PROMESA, defined above.

this Motion in an omnibus fashion to avoid the burden and redundancy associated with preparing and filing nearly identical motions in numerous adversary proceedings.   In support of this Motion, Movants respectfully state as follows:

## PRELIMINARY STATEMENT[3]

1.      To date, the Movants have worked diligently within the Extended Litigation Deadlines (defined below) to resolve nearly ninety-nine (99) Vendor Avoidance Actions (defined below) under the Procedures Order, which allows for the informal resolution of these proceedings without the need for formal litigation and without taxing the Court's resources.   In addition to the ninety-nine actions that have been resolved, the Movants are currently negotiating resolutions with another one hundred twenty-four (124) defendants through the Information Exchange.

2.      Conditions on the island have complicated the Information Exchange.   On January 7th, 2020, a magnitude 6.4 earthquake hit Puerto Rico, causing extensive damage and destruction.  Subsequently, the informal resolution of these claims contemplated by the Procedures Order has been slowed and made more difficult.   Defendants have been willing to engage with the Movants, but these challenges have made a time consuming process more so. Despite these challenges, the Movants have made significant progress to this point and wish to continue the momentum of the Information Exchange (defined below) rather than require defendants to file responsive pleadings to the complaints.   The commencement of formal litigation in April 2020 in light of the significant number of defendants with whom the Movants are currently engaged in communications and negotiations may be a premature, and perhaps an

---

[3]   Capitalized terms used herein shall have the meaning ascribed to them in the Procedures Order, in the Extension Order, and in this Motion.

unnecessary use of the parties' and the Court's resources where defendants would otherwise broadly prefer to resolve the Vendor Avoidance Actions informally.

3.      For these reasons, the Movants request that this Court grant another extension (as detailed below) of the current Extended Litigation Deadlines only for those Vendor Avoidance Actions that the Movants reasonably believe can be resolved through the informal resolution process.  Such an extension will not prejudice the defendants because the Procedures Order will otherwise remain in full force and effect—meaning that the defendants are free to respond to the complaint and commence formal litigation at *any* time notwithstanding the extended deadlines.

4.      Additionally, the Movants request that this Court grant a modest extension to the Extended Motion to Dismiss Response Date (defined below) and the Extended Reply Deadline (defined below) for those Vendor Avoidance Actions that the Movants do not reasonably believe can be resolved through the informal resolution process.  An extension of these deadlines will provide Movants with sufficient time to prepare for litigation with these defendants.  As above, such an extension will not prejudice the defendants because the Procedures Order will otherwise remain in full force and effect.

## JURISDICTION, VENUE, AND STATUTORY BASES

5.      This Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

6.      Venue is proper pursuant to section 307(a) of PROMESA.

7.      The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 7016, 2002, 9006 and 9019.

## FACTUAL BACKGROUND

**I.     The Procedures Order**

8.      The Movants incorporate by reference the "Factual Background" section of the *Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee, And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For The Approval Of Settlements* ECF No. 7325, Case No. 17-3283 (the "Procedures Motion").

9.      This Court granted the Procedures Motion. *See* Procedures Order.

10.     The Procedures Order established the following deadlines (together, the "Procedures Order Litigation Deadlines") which are meant to facilitate the informal, extrajudicial resolution of the approximately 250 avoidance actions filed on behalf of the various Title III Debtors against vendors and suppliers to the Commonwealth of Puerto Rico (the "Vendor Avoidance Actions"):

     *i.*     **January 13, 2020**: deadline for a defendant to file and serve an answer or response to a Vendor Avoidance Action complaint (the "Response Due Date");

     *ii.*     **March 9, 2020**: deadline for Movants to file an opposition to a motion to dismiss a Vendor Avoidance Action complaint (the "Motion to Dismiss Response Date"); and

     *iii.*     **April 13, 2020**: deadline for defendant to file a reply to motion to dismiss (the "Reply Deadline").

11.     Concurrent with entry of the Procedures Order, the Movants began to work diligently with the defendants (and parties that signed tolling agreements) to attempt to settle or dismiss the Vendor Avoidance Actions before the Response Due Date through informal exchanges of information.  In these exchanges, the Movants provide defendants information

concerning their assessment of potential liability, and defendants have the opportunity to submit contracts, purchase orders, invoices and other similar documents to substantiate the payments at issue in the Vendor Avoidance Action (the "Information Exchange").

12.    Many defendants were willing to engage with the Movants in discussion under the Procedures Order Litigation Deadlines.  In the months following the Procedures Order, it became evident that the Procedures Order Litigation Deadlines would not provide enough time to accomplish the goal of an informal resolution with many of the defendants.   As a result, the Movants filed a motion seeking to extend the Procedures Order Litigation Deadlines (the "Extension Motion").

**II.    The Extension Order**

13.    This Court granted the Extension Motion. *See* Extension Order.

14.    The Extension Order extended the Procedures Order Litigation Deadlines and established the following deadlines (together, the "Extended Litigation Deadlines"):

> *i.*    **April 13, 2020** deadline for a defendant to file and serve an answer or response to a Vendor Avoidance Action complaint (the "Extended Response Due Date");
>
> *ii.*    **May 13, 2020** deadline for Movants to file an opposition to a motion to dismiss a Vendor Avoidance Action complaint (the "Extended Motion to Dismiss Response Date"); and
>
> *iii.*    **June 13, 2020** deadline for a defendant to file a reply to motion to dismiss (the "Extended Reply Deadline").

15.    Following the Extension Order, the Movants have engaged in a series of efforts to increase participation in the Information Exchange and to maximize the amount of Vendor Avoidance Actions that can be resolved through this process.  In October 2019, the Movants began a second round of targeted outreach program to engage with those defendants with whom

the Movants have had either minimal or no communication concerning the resolution of their respective Vendor Avoidance Action (the "Outreach Project").

16.     The Outreach Project has consisted of targeted mailings, phone calls, and further research efforts to locate better contact information for and to facilitate the Information Exchange with defendants.  Specifically, the Movants sent emails to defendants with whom they had previously communicated but who had not actually provided information.  Most recently, on January 30, 2020, the Movants sent those same defendants a letter encouraging participation in the Information Exchange.

17.     Additionally, the Movants have worked diligently to contact those defendants with whom the Movants have had no communication.  Specifically, the Movants sent these defendants certified letters at newly-researched addresses resulting from extensive efforts to locate working contact information for this group of defendants.  Defendants who received the certified letters were subsequently mailed FedEx notifications informing them of their ability to participate in the Information Exchange and encouraging a prompt response to the Movants.

18.     Moreover, the Movants filed the *Urgent Omnibus Motion For Re-Issuance Of Summons And/Or Authorization Of Service By Publication Or Alternative Request For Order To (I) Make Service Within A Specified Time Or (II) Extend Time For Service For An Appropriate Period Pursuant To Fed. R. Civ. P. 4(M)*, ECF No. 9545 in Case No. 17-3283 (the "Re-Service Motion"). This Court partially granted the Re-Service Motion. See *Order Granting In Part And Denying In Part Motion For Issuance Of Summons/Urgent Omnibus Motion For Re-Issuance Of Summons And/Or Authorization Of Service By Publication Or Alternative Request For Order To (I) Make Service Within A Specified Time Or (II) Extended Time For Service For An Appropriate*

*Period Pursuant to Fed. R. Civ. P. 4(M),* ECF No. 9755 in Case No. 17-3283 (the "Re-Service

Order").

19.    These re-service efforts appear to have been largely successful.  Of the twenty-

seven (27) of Vendor Avoidance Actions re-served, the Movants' service agent was able to

execute a return on twenty-three (23) Vendor Avoidance Actions. These re-service efforts have

resulted in more defendant participation in the Information Exchange.  There remain only four

Vendor Avoidance Actions with respect to which re-service appears to have been unsuccessful.

## III.    The Current Situation

20.    Since entry of the Procedures Order, the Movants have been in contact with

approximately two hundred twenty-four (224) defendants.  To date, approximately ninety-nine

(99) of these defendants have resolved their lawsuits.  Approximately ninety (90) defendants

have submitted information that is currently under review.  The Movants have completed

diligence and are exploring settlements with nineteen (19) defendants.  The Movants have

communicated with another fifteen (15) defendants who have not yet begun the Information

Exchange.  The Movants have had no contact with approximately thirty (30) defendants.

21.    The recent earthquake in Puerto Rico has created significant challenges to the

Information Exchange process.  The Movants have had difficulty locating and communicating

with Defendants.  Meanwhile, Defendants have reported difficulties locating relevant documents.

Despite these challenges, the Movants' professionals have seen and continue to expect a

substantial influx of information as a result of the Outreach Project and re-service efforts and the

good faith participation of many defendants in the court-approved process.  However, they

anticipate that they will be unable to collect, review, analyze, and negotiate resolutions of claims

against all defendants presently participating in the Information Exchange by the Extended

Response Due Date.

22.     Accordingly, the Movants respectfully assert that the current Extended Litigation Deadlines will disrupt the flow of the Information Exchange and require premature formal litigation unless modestly extended as set forth below.

23.     To date, there exist one hundred twenty-five (125) defendants the Movants believe there is a reasonable likelihood of a successful informal resolution (the "Engaged Defendants" and listed in Appendix I of Exhibit A). Movants seek to extend the Extended Litigation Deadlines for the Engaged Defendants as detailed below in paragraph 25.

24.     To date, there exist thirty (30) defendants that have received service of due process yet have failed to engage with the Movants (the "Non-Engaged Defendants" and listed in Appendix II of Exhibit A). Because these defendants have failed or refused to communicate with the Movants, Movants cannot anticipate whether or how each Non-Engaged Defendant may respond, yet anticipate that the Movants may desire to respond in an omnibus fashion if possible to conserve the resources of the parties and the court. Moreover, the Movants' current deadline to respond to motions to dismiss as to these defendants' Vendor Avoidance Actions now falls during a period in which the Movants expect to be busy litigating both ERS bond validity and the adequacy of the disclosure statement proposed by the Oversight Board in connection with the Commonwealth, PBA and ERS plan of adjustment. Accordingly, in an abundance of caution, Movants request a modest extension to the Extended Motion to Dismiss Response Date as to the Non-Engaged Defendants, to facilitate a coordinated and resource-efficient response to any dispositive motions filed by Non-Engaged Defendants.

25.     To be clear, the Movants with this Motion do not request an extension of *all deadlines* for *all defendants* to these Vendor Avoidance Actions. The Movants only seek to extend (i) the Extended Litigation Deadlines for the Engaged Defendants to allow time to

complete the Information Exchange; and (ii) the Extended Motion to Dismiss Response Date and Extended Reply Deadline for the Non-Engaged Defendants to allow sufficient time to prepare for litigation.

## RELIEF REQUESTED

26.     With respect to the Engaged Defendants, the Movants respectfully request that this Court amend the Procedures Order to (i) extend the Response Due Date to August 13, 2020; (ii) extend the Motion to Dismiss Response Date to October 13, 2020; and (iii) extend the Reply Deadline to November 13, 2020 (together, the "Second Extended Litigation Deadlines").

27.     With respect to the Non-Engaged Defendants, the Movants respectfully request that this Court amend the Procedures Order to (i) extend the Extended Motion to Dismiss Response Date to June 13, 2020; and (ii) extend the Extended Reply Deadline to August 13, 2020 (together, the "Non-Engaged Defendant Extended Deadlines").

## ARGUMENT

I.      **The Movants Have Demonstrated Good Cause to Extend the Procedures Order Litigation Deadlines.**

        *i.      Diligence Governs the Good Cause Inquiry.*

28.     The Movants incorporate by reference the entirety of the legal arguments in the "Basis for Relief Requested" section of the Procedures Motion as if fully set forth herein.

29.     As additional support for the relief requested herein, the Movants respectfully submit that they have shown good cause for an extension of the Extended Litigation Deadlines because they have been diligent in resolving and/or settling the Vendor Avoidance Actions

30.     "Once a Case Management Order has been issued and the Court has set a schedule for the proceeding, the 'schedule shall not be modified except upon a showing of good cause.'" *Citadel Broad. Co. v. Peak Broad., LLC*, CV-07-203-S-LMB, 2008 WL 11463664, at

*2 (D. Idaho Jan. 24, 2008) (citing Fed. R. Civ. P. 16(b) and holding that good cause shown to extend deadlines where parties had worked diligently to proceed with discovery and potential settlement); *see also Bernardi Ortiz v. Cybex Int'l, Inc.*, CV 15-2989 (PAD), 2018 WL 2448130, at *10 (D.P.R. May 30, 2018) (holding that case management order schedule modifications require leave of court predicated on a showing of good cause and holding that extension of discovery deadline warranted where record did not show lack of diligence by moving party in pursuing discovery); *Gonzalez Melendez v. KMart Corp.*, CIV. 04-1067(DRD), 2005 WL 1847008, at *3 (D.P.R. July 29, 2005) (adopting good cause standard to determine if extension of deadlines in case management order warranted and declining to extend deadlines where moving party merely asserted that it had "too much work [and] electronic difficulties.").

31.     In turn, the primary consideration of the good cause standard is the "diligence of the party seeking the amendment."  *Citadel*, 2008 WL 11463664, at *2 (citing *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).  A modification of the case management schedule is warranted where the parties cannot reasonably meet the deadlines despite the diligence of the party seeking the extension. *Id.* (internal citations omitted); *see also Intermountain Fair Hous. Council, Inc. v. Tassano*, 114CV00338EJLCWD, 2015 WL 5095319, at *2 (D. Idaho Aug. 28, 2015) (noting "good cause" means scheduling deadlines cannot be met despite a party's diligence (citing 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed.1990)).

       ii.     *The Movants Have Been Diligent in Their Efforts to Resolve and/or Settle the Vendor Avoidance Actions Prior to the Extended Response Due Date.*

32.     In accordance with spirit and purpose of the Procedures Order to maximize the potential for out-of-court resolution of the Vendor Avoidance Actions and to minimize the burden on the parties' and this Court's resources, the Movants have, since entry of the

Procedures Order, worked diligently to resolve and/or settle as many Vendor Avoidance Actions and tolling agreements as possible.  As noted above, nighty-nine (99) of approximately 250 lawsuits have been resolved consensually.  Furthermore, there are approximately one hundred twenty-four (124) more lawsuits that have not yet been resolved but that are subject to negotiation in the interest of avoiding formal litigation.

33.    To remain consistent with the spirit of the Procedures Order and Puerto Rican business community's desire to resolve the Vendor Avoidance Actions in the most economical way possible, the Movants respectfully request that the Court grant a further extension to the Extended Litigation Deadlines to permit the Movants to collect, review, and resolve certain Vendor Avoidance Actions.  The Movants' professionals will not be able to do so by April 13, 2020.

34.    The Movants recognize that out-of-court resolution of the Vendor Avoidance Actions, while preferable, may not be possible with every defendant.  To date, there are approximately thirty (30) defendants whom the Movants do not reasonably believe can be resolved through the informal resolution process.  These Non-Engaged Defendants have had notice of these proceedings for approximately one year.  In the event that a sizeable number of the Non-Engaged Defendants move to dismiss, the Movants will need sufficient time to respond. Therefore, the Movants respectfully request that the Court grant an extension to the Extended Motion to Dismiss Response Date and Extended Reply Deadline for the Non-Engaged Defendants whom the Movants do not believe there is a reasonable likelihood of a successful informal resolution to allow sufficient time to prepare for litigation.

35.    No defendants will be prejudiced by these extensions because (i) under the Procedures Order, notwithstanding extended deadlines, the defendants are free to respond to the

complaints at *any* time prior to expiration of the Extended Litigation Deadlines; and (ii) the Extended Litigation Deadlines will also confer a benefit to the defendants of postponing imminent deadlines.

36.     Therefore, the Movants respectfully submit that they have met the good cause standard warranting this Court's implementation of the Extended Litigation Deadlines.

## **REQUEST FOR HEARING**

37.     Pursuant to Federal Rules of Bankruptcy Procedure 9006(d) and 2002(a)(3), the Oversight Board and the Committee hereby request that a hearing on this Motion be scheduled for such date as the Court deems appropriate to consider any objections, joinders, replies or comments by this Court to this Motion.[4]

## **NOTICE**

38.     The Oversight Board has provided notice of this Motion to: (i): the Chambers of the Honorable Laura Taylor Swain; (ii) the Chambers of the Honorable Magistrate Judge Judith G. Dein; (iii) the Office of the United States Trustee for Region 21; (iv) AAFAF; (v) counsel for AAFAF; (vi) counsel for the Oversight Board; (vii) counsel for the Creditors' Committee; (viii) counsel for the Retiree Committee; (ix) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims in COFINA's Title III case; (x) counsel to any other statutory committee appointed in these Title III Cases; and (xi) the defendants listed in the Supplemental Appendix through their counsel, if known, through their resident agent, or a representative.

WHEREFORE, Movants respectfully request that this Court enter an order substantially in form attached hereto as Exhibit A granting the relief requested herein and granting Movants such other relief as this Court deems just and proper.

---

[4] Given that the Extended Response Due Date is April 13, 2020, the Movants respectfully request that the date that the Court chooses is sufficiently before April 13, 2020.

Dated:  March 5, 2020.

Respectfully submitted,

*/s/ Edward S. Weisfelner*
**BROWN RUDNICK LLP**
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Tel: (202) 536-1737
sbest@brownrudnick.com

Jeffrey L. Jonas, Esq. (*Pro Hac Vice*)
Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
jjonas@brownrudnick.com
sbeville@brownrudnick.com

*Counsel to the Special Claims Committee of the
Financial Oversight and Management Board, acting by
and through its members*

*/s/ Luc A. Despins*
**PAUL HASTINGS LLP**
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured
Creditors for all Title III Debtors (other than
COFINA) in Certain of the Avoidance Actions*

*/s/ John Arrastia*
**GENOVESE JOBLOVE & BATTISTA, P.A**
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official
Committee of Unsecured Creditors*

*/s/ Kenneth C. Suria*
**ESTRELLA, LLC**
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee of the*
*Financial Oversight and Management Board, acting by*
*and through its members*

*/s/ Juan J. Casillas Ayala*
**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Luis F. Llach Zúñiga, Esq., USDC – PR 2231112
Israel Fernández Rodríguez, Esq., USDC - PR 225004
Juan C. Nieves González, Esq., USDC - PR 231707
Cristina B. Fernández Niggemann, Esq., USDC - PR
306008
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
lllach@cstlawpr.com
aaneses@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Counsel to the Official Committee of Unsecured*
*Creditors (other than COFINA and PBA)*

## Exhibit A

**Proposed Second Extension Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, | Case No. 17-BK-3283 (LTS) |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, | Case No. 17-BK- 3567 (LTS) |
| as representative of | |
| THE PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY, | |
| Debtor. | |

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, | Case No. 17-BK-3566 (LTS) |
| as representative of | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF PUERTO RICO, | |
| Debtor. | |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO,

        as representative of

THE PUERTO RICO ELECTRIC POWER AUTHORITY,

        Debtor.

PROMESA
Title III

Case No. 17 BK 4780-LTS

**ORDER GRANTING OMINIBUS MOTION TO EXTEND DEADLINES IN ORDER
GRANTING OMNIBUS MOTION BY THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH THE
MEMBERS OF THE SPECIAL CLAIMS COMMITTEE AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO (I) ESTABLISH LITIGATION
CASE MANAGEMENT PROCEDURES AND (II) ESTABLISH PROCEDURES FOR
<u>APPROVAL OF SETTLEMENTS</u>**

Upon the motion dated March 6, 2020 (the "Motion") of the Oversight Board,[1] acting by

and through the members of the Special Claims Committee, and the Committee, pursuant to

section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 7016, 2002,

9019 and 9006 made applicable to this proceeding by sections 301(a) and 310 of the Puerto Rico

Opportunity Management and Economic Stability Act of 2016 ("PROMESA"), 48 U.S.C. §

2161(a); and the Court having jurisdiction over this matter under 28 U.S.C. 1331, and under

section 306(a)-(b) of PROMESA, 48 U.S.C. §2166(a)-(b); and venue being proper under section

307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Motion having been

provided, and it appearing that no other or further notice need be provided; and the Court having

reviewed the Motion and any opposition thereto [and having heard the statements of counsel at

the hearing held before the Court (the "Hearing")]; and the Court having determined that the

legal and factual bases set forth in the Motion [and at the Hearing] establish just cause for the

---

[1] Capitalized terms used herein shall have the meaning ascribed to them in Motion unless otherwise noted.

relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the relief requested in the Motion is granted, and it is further

**ORDERED** that the Procedures Order Litigation Deadlines Established in the *Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements*, ECF No. 7941 in Case No. 17-3283 (the "Procedures Order") and the *Order Granting Omnibus Motion To Extend Deadlines In Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements*, ECF No. 9476 in Case No. 17-3283 (the "Extension Order") shall be extended for the defendants listed in Appendix I of Exhibit A to following dates:

     *i.*     **Response Due Date**: August 13, 2020;

     *ii.*     **Motion to Dismiss Response Date**: October 13, 2020;

     *iii.*     **Reply Deadline**: November 13, 2020; and it is further

**ORDERED** that the Procedures Order Litigation Deadlines Established in the Procedures Order and the Extension Order shall be extended for the defendants listed in Appendix 2 of Exhibit A to following dates:

     *i.*     **Motion to Dismiss Response Date**: June 13, 2020;

     *ii.*     **Reply Deadline**: August 13, 2020; and it is further

**ORDERED** that, except as modified by this Order, the Procedures Order shall otherwise remain in full force and effect; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters relating to the interpretation and implementation of this Order.

Dated: _____, 2020.

_____
Honorable Judith G. Dein
United States Magistrate Judge

**SUPPLEMENTAL APPENDIX I**

| Defendant | Adversary Proceeding No. |
|---|---|
| A NEW VISION IN EDUCATIONAL SERV & MATE | 19-00061 |
| ACR Systems | 19-00057 |
| AFCG Inc. d/b/a Arroyo-Flores Consulting Group, Inc. | 19-00058 |
| AFCG Inc. d/b/a Arroyo-Flores Consulting Group, Inc. | 19-00347 |
| Ambassador Veterans Services of Puerto Rico L.L.C. | 19-00048 |
| Apex General Contractors LLC | 19-00062 |
| Armada Productions Corp. | 19-00076 |
| Atkins Caribe, LLP | 19-00349 |
| Badillo Saatchi & Saatchi, Inc. | 19-00083 |
| Bio-Medical Applications of Puerto Rico, Inc. | 19-00271 |
| Bio-Nuclear of Puerto Rico, Inc. | 19-00091 |
| Bristol-Myers Squibb Puerto Rico, Inc. | 19-00042 |
| Caribbean Temporary Services, Inc. | 19-00104 |
| Caribe Grolier, Inc. | 19-00051 |
| Carnegie Learning, Inc. | 19-00108 |
| CCHPR Hospitality, Inc | 19-00116 |
| Chelo's Auto Parts | 19-00144 |
| Citibank, N.A. | 19-00265 |
| Clinica de Terapias Pediatricas, Inc. | 19-00054 |
| Clinica Terapeutica del Norte Inc. | 19-00146 |
| Community Cornerstones, Inc. | 19-00043 |
| Computer Learning Centers, Inc. | 19-00055 |
| Computer Network Systems Corp. | 19-00150 |
| Core Laboratories N.V. d/b/a Saybolt | 19-00381 |
| Creative Educational & Psychological Services, Inc. | 19-00152 |
| CSA Architects & Engineers, LLP | 19-00153 |
| Datas Access Communication Inc | 19-00156 |
| Desarrollo Comunicologico de Arecibo Inc. | 19-00158 |
| Didacticos, Inc. | 19-00161 |
| Distribuidora Blanco, Inc. | 19-00163 |
| Distribuidora Lebron Inc. | 19-00167 |
| E. Cardona & Asociados, Inc. | 19-00056 |
| Eastern America Insurance Agency, Inc. | 19-00279 |
| Ecolift Corporation | 19-00172 |
| Editorial Panamericana, Inc. | 19-00174 |
| Educational Consultants, P.S.C. | 19-00177 |
| Elias E Hijos, Inc. | 19-00126 |
| Empresas Arr Inc. | 19-00084 |
| Enterprise Services Caribe, LLC | 19-00060 |
| Estudio Tecnicos, Inc. | 19-00264 |

| Defendant | Adversary Proceeding No. |
|---|---|
| Evertec, Inc. | 19-00044 |
| Excelerate Energy Puerto Rico, LLC | 19-00382 |
| Explora Centro Academico Y Terapeutico LLC | 19-00143 |
| Facsimile Paper Connection Corp. | 19-00092 |
| Fast Enterprises LLC | 19-00266 |
| FIRST HOSPITAL PANAMERICANO | 19-00093 |
| FP + 1, LLC | 19-00148 |
| Gam Realty, LLC | 19-00159 |
| GF Solutions, Inc. | 19-00063 |
| Gila LLC | 19-00354 |
| Girard Manufacturing, Inc. | 19-00103 |
| GM Security Technologies, Inc. | 19-00273 |
| Grainger Caribe, Inc. | 19-00270 |
| Great Educational Services Corporation | 19-00277 |
| GUIMERFE INC | 19-00182 |
| Hewlett Packard Puerto Rico, BV LLC | 19-00183 |
| Hospira Puerto Rico, LLC | 19-00186 |
| Huellas Therapy Corp. | 19-00065 |
| Incom Investments Corp. | 19-00439 |
| Institucion Educativa Nets, LLC | 19-00067 |
| International Business Machines Corporation | 19-00198 |
| International Surveillance Services Corporation | 19-00202 |
| Intervoice Communication of Puerto Rico Inc. | 19-00068 |
| J. Jaramillo Insurance, Inc. | 19-00071 |
| JLM Transporte, Inc. | 19-00221 |
| Johnjavi Corporation | 19-00106 |
| Jose Santiago, Inc. | 19-00075 |
| Junior Bus Line, Inc. | 19-00229 |
| Kid's Therapy Services, Inc. | 19-00120 |
| Law Offices Wolf Popper P.S.C. | 19-00236 |
| Macam S.E. | 19-00255 |
| Management, Consultants & Computer Services, Incorporated | 19-00081 |
| Manpower | 19-00088 |
| Mapfre PRAICO Insurance Company | 19-00259 |
| Merck Sharp & Dohme (I.A.) LLC | 19-00276 |
| Michica International Co., Inc. | 19-00238 |
| Microsoft Corporation | 19-00290 |
| MMM Healthcare, Inc. | 19-00095 |
| Multi Clean Services Inc. | 19-00244 |
| N. Harris Computer Corporation | 19-00102 |

| Defendant | Adversary Proceeding No. |
|---|---|
| National Copier & Office Supplies, Inc. | 19-00251 |
| Netwave Equipment Corp. | 19-00253 |
| NTT Data Eas, Inc. | 19-00256 |
| Olimac Manufacturing Corporation | 19-00383 |
| Oracle Caribbean, Inc. | 19-00112 |
| PDCM Associates, SE | 19-00242 |
| Pearson Education, Inc. | 19-00245 |
| Pearson Pem P.R., Inc. | 19-00117 |
| Physician HMO Inc. | 19-00178 |
| Populicom, Inc. | 19-00180 |
| Professional Consulting Psychoeducational Services, LLC | 19-00188 |
| Professional Records and Information Management, Inc. | 19-00190 |
| Promotions & Direct, Inc. | 19-00192 |
| Prospero Tire Export, Inc. | 19-00196 |
| Puerto Rico Supplies Group Inc. | 19-00199 |
| Puerto Rico Telephone Company, Inc. | 19-00127 |
| Quest Diagnostics of Puerto Rico, Inc. | 19-00440 |
| Ramon E. Morales dba Morales Distributors | 19-00141 |
| Raylin Bus Line Corp. | 19-00208 |
| Ready & Responsible Security, Inc. | 19-00387 |
| Reyes Contractor Group, Inc. | 19-00220 |
| Ricoh Puerto Rico, Inc. | 19-00128 |
| ROCK SOLID TECHNOLOGIES INC | 19-00230 |
| Rocket Learning, LLC | 19-00232 |
| Rocket Teacher Training, LLC | 19-00235 |
| Rodriguez-Parissi & Co., C.S.P. | 19-00155 |
| Rosso Group, Inc. | 19-00239 |
| S.H.V.P. Motor Corp. | 19-00134 |
| Seguros Colon Colon, Inc. | 19-00130 |
| Sesco Technology Solutions, LLC | 19-00162 |
| St. James Security Services, LLC | 19-00145 |
| Sucn Oscar Rodriguez Crespo | 19-00165 |
| Suzuki del Caribe, Inc. | 19-00219 |
| T R C Companies | 19-00168 |
| Taller de Desarrollo Infantil y Prescolar Chiquirimundi Inc. | 19-00049 |
| The Boston Consulting Group, Inc. | 19-00228 |
| Tito Ramirez Bus Service Inc. | 19-00231 |
| Total Petroleom PR Corp | 19-00114 |
| Transcore Atlantic, Inc. | 19-00348 |
| Transporte Sonnel Inc | 19-00149 |

| Defendant | Adversary Proceeding No. |
|---|---|
| Truenorth Corp. | 19-00160 |
| Valmont Industries, Inc. | 19-00385 |
| VIIV Healthcare Puerto Rico, LLC | 19-00164 |
| WEG Electric Corp. | 19-00386 |
| XEROX CORPORATION | 19-00218 |

**Supplemental Appendix II**

| Defendant | Adversary Proceeding No. |
|---|---|
| Alejandro Estrada Maisonet | 19-00059 |
| Avant Technologies | 19-00079 |
| Bianca Conventon Center Inc. | 19-00072 |
| Caribbean Educational Services Inc | 19-00098 |
| Centro De Desarrollo Academico Inc. | 19-00053 |
| Centro Psicologico Del Sur Este P.S.C. | 19-00140 |
| Corporate Research & Training | 19-00151 |
| Estrada Bus Line/ Alejandro Estrada Quiles | 19-00090 |
| Force Link Corp | 19-00096 |
| Fridma Corp | 19-00100 |
| I.D.E.A. Inc. | 19-00268 |
| L.L.A.C., Inc. | 19-00122 |
| Luz M Carrasquillo Flores | 19-00124 |
| Nelson D. Rosario Garcia | 19-00125 |
| Next Level Learning, Inc | 19-00129 |
| Perfect Cleaning Services Inc | 19-00249 |
| Postage By Phone Reserve Account | 19-00181 |
| Puerto Nuevo Security Guard | 19-00384 |
| R Cordova Trabajadores Sociales C S P | 19-00138 |
| Rafael Hernandez Barreras | 19-00201 |
| Ricardo Estrada Maisonet | 19-00227 |
| S & L Development S.E. | 19-00243 |
| Serv. Prof. Integrados A La  Salud Inc. | 19-00207 |
| Service Group Consultant, Inc. | 19-00204 |
| Tactical Equipment Consultnts Inc | 19-00222 |
| Tatito Transport Service Inc | 19-00224 |
| Trinity Metal Roof And Steel Struc Co | 19-00187 |
| Vazquez Y Pagan Bus Line Inc | 19-00197 |
| Wf Computer Services | 19-00200 |
| William Rivera Transport Service, Inc. | 19-00209 |