Advertencia: Esta Ley ha sido DEROGADA por la Ley 184-2004.
Se mantiene en esta Biblioteca Virtual de OGP únicamente para propósitos de archivo.

# *"Ley de Retribución Uniforme" de 1979*

Ley Núm. 89 de 12 de Julio de 1979, según enmendada

(Contiene enmiendas incorporadas por las siguientes leyes:
Ley Núm. 147 de 18 de Junio de 1980
Ley Núm. 23 de 29 de Abril de 1980
Ley Núm. 84 de 4 de Junio de 1983
Ley Núm. 149 18 de Julio de 1986
Ley Núm. 43 de 13 de Febrero de 1998
Ley Núm. 80 de 10 de Marzo de 2003)

Para establecer la política pública sobre la retribución a empleados de carrera y de confianza, cubiertos por el Sistema de Personal creado mediante la Ley Núm. 5 de 14 de octubre según enmendada, conocida como "Ley de Personal del Servicio Público de Puerto Rico" ; para establecer y definir las funciones de la Oficina Central de Administración de Personal en el área de retribución a los empleados cubiertos por el aludido Sistema de Personal; para disponer las relaciones que habrá, entre la Oficina Central de Administración de Personal y los administradores individuales en cuanto a la remuneración de los empleados; para crear el "Comité sobre Retribución a Empleados del Gobierno del Estado Libre Asociado de Puerto Rico" y definir sus facultades, para proveer escalas de retribución uniformes aplicables a todas las clases de puestos comprendidas en el plan de clasificación de puestos adoptado para la Administración Central conforme lo dispuesto en la Ley Núm. 5 de 14 de octubre de 1975, según enmendada; para disponer sobre la aplicación y utilización de dichas escalas; y para derogar la Ley Núm. 111 de 8 de julio de 1974, según enmendada.

## EXPOSICION DE MOTIVOS

La política retributiva del Gobierno del Estado Libre Asociado de Puerto Rico siempre ha sido proveer a sus empleados un tratamiento equitativo en la fijación de sus sueldos, de conformidad con el principio constitucional de igual paga por igual trabajo. Tanto los sueldos como todas las demás formas de remuneración deberán ser las más razonables y justas dentro de las posibilidades fiscales del Gobierno y en consonancia con el desarrollo de nuestra economía.

La Ley de Personal del Servicio Público de Puerto Rico, Ley Núm. 5 de 14 de octubre de 1975, según enmendada, establece que la retribución es una de las áreas necesarias para lograr un sistema de administración de personal moderno y balanceado y para facilitar la aplicación del principio de mérito. Dicha ley establece como primer objetivo "lograr que la administración pública se rija por criterios de la mayor uniformidad, equidad y justicia" , y para lograr el mismo crea un sistema de personal abarcador que cubre la gran mayoría de los departamentos y agencias de la Rama Ejecutiva y a los municipios. También crea una Oficina Central de Administración de

"Ley de Retribución Uniforme" [Ley 89 de 12 de julio de 1979, según enmendada] DEROGADA

El que está bajo el mínimo irá al nuevo tipo mínimo. El salario de aquellos empleados que devenguen sueldos superiores al tipo mínimo de la escala por motivo de haber recibido aumentos de sueldo durante la vigencia de la anterior estructura, se ajustará de modo que se reconozcan todos los aumentos de sueldo recibidos durante la vigencia de la estructura salarial suplantada.

Las presentes reglas de interpretación y administración de las Escalas de Sueldos aplicarán al Servicio de Carrera y de Confianza, para la estructura que entrará en vigor el primero de abril de 1984.

### Artículo 7. — Disposiciones generales. (3 L.P.R.A. § 760f)

(1) *Diferenciales*. Como norma general, toda persona que reciba nombramiento percibirá como sueldo el tipo mínimo de la correspondiente escala. La Oficina, en el caso de la Administración Central, y los administradores individuales podrán autorizar la concesión de sueldos diferenciales cuando la ubicación geográfica del puesto, las condiciones extraordinarias de trabajo, los conocimientos especiales requeridos o la dificultad extraordinaria para el reclutamiento y retención de personal en determinados puestos justifique el uso de incentivos adicionales al sueldo ordinario. El diferencial constituirá una compensación especial, adicional y separada del sueldo regular, que se eliminará cuando desaparezcan las circunstancias que justificaron su concesión. Aunque el diferencial constituye un sobresueldo que no forma parte de la escala correspondiente, se concederá siguiendo la misma proporción de los tipos contenidos en la misma.

Será mandatorio el pago de un diferencial en sueldo, equivalente a la diferencia entre sueldo de la posición ocupada por el empleado y el sueldo del puesto a ocupar en interinato cuando un empleado haya desempeñado todas las funciones normales de un puesto de clasificación superior al que ocupa en propiedad por un período que exceda de tres meses. A tales fines los meses y los períodos a pagar el diferencial se calcularán basado en la acumulación de los períodos servidos como interino a partir de la fecha de designación para una posición en el servicio público.

También se autorizará el pago de un diferencial en sueldo cuando un empleado haya desempeñado interinamente todas las funciones normales de un puesto de clasificación superior al que ocupe en propiedad, por un período ininterrumpido que exceda de tres meses. El diferencial en este caso será igual al aumento en retribución que habría de recibir el empleado si se le ascendiese al puesto en cuestión. Este diferencial sólo podrá autorizarse siempre y cuando el empleado y el puesto pertenezcan al mismo servicio: de carrera o de confianza. En caso de empleados de carrera, éstos deberán reunir los requisitos mínimos establecidos y mediar una designación oficial. La Oficina promulgará reglamentación a estos efectos. La autoridad nominadora podrá relevar al empleado que se desempeñe interinamente en un puesto en cualquier momento que así lo determine. En tales circunstancias, el empleado regresará a su puesto anterior y recibirá el sueldo que devengaba antes del interinato.

(2) *Aumentos de sueldo por años de servicio*. A partir del primero de julio de 1979, aquellos empleados en el servicio de carrera con status regular o probatorio en agencias de la Administración Central y en agencias consideradas administradores individuales que no hayan recibido ninguna clase de aumentos de sueldo excepto los otorgados por disposiciones de ley durante un período de cinco (5) años de servicios recibirán un aumento de sueldo equivalente a un tipo o paso de la escala correspondiente. En el caso de empleados de administradores individuales se exceptúan, además, para efectos de determinar su elegibilidad al aumento de sueldo por años de

# Ley Núm. 180 del año 1998

(P. de la C. 1510)Ley 180, 1998

## Para establecer la Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad de Puerto Rico

### LEY NUM. 180 DEL 27 DE JULIO DE 1998

Para establecer la Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad de Puerto Rico; disponer que el salario mínimo federal aplicará en Puerto Rico de la misma forma y con los mismos criterios que en los Estados Unidos de América; proveer protección para los trabajadores de empresas locales no cubiertas por la Ley Federal de Normas Razonables del Trabajo de 1938; establecer todo lo relacionado a las licencias por vacaciones y enfermedad; facultar al Secretario del Trabajo y Recursos Humanos a implantar esta Ley; disponer para la eliminación de la Junta de Salario Mínimo de Puerto Rico creada al amparo de la Ley Núm. 96, de 26 de junio de 1956, según enmendada, conocida como Ley de Salario Mínimo de Puerto Rico, a fin de que las facultades cuasilegislativas delegadas en ésta se transfieran al Departamento del Trabajo y Recursos Humanos; disponer la reubicación de sus empleados y la protección de los derechos de éstos; establecer penalidades; y derogar la Ley Núm. 96 antes citada.

### EXPOSICION DE MOTIVOS

La primera ley de salario mínimo de Puerto Rico, aprobada en 1941, estableció un complicado y lento mecanismo para elevar el salario de los trabajadores. Luego de 15 años y de innumerables enmiendas, la Asamblea Legislativa decidió derogarla y aprobar una nueva ley más ágil que estuviese a tono con los cambios económicos y sociales en el área laboral de aquel momento.

Han transcurrido 42 años desde ese cambio. Al igual que con la ley original de salario mínimo, la segunda ley sufrió innumerables enmiendas de forma que representara adecuadamente el desarrollo económico, esta vez de industrial a tecnológica, comercial y de servicios.

Esta Asamblea Legislativa estima que ha llegado el momento de crear una nueva Ley de Salario Mínimo que establezca un mecanismo más ágil, a tono con el desarrollo en el área laboral, tanto a nivel estatal como federal. Dicha nueva ley también deberá reconocer que las condiciones del trabajador puertorriqueño se han mejorado a través de los años. Mediante la Ley Núm. 84 de 20 de julio de 1995, se aseguró estatutariamente que la política pública de la Isla era que los salarios mínimos federales aplicasen automática e inmediatamente en Puerto Rico a los trabajadores cobijados por

la Ley Federal. Por otro lado, dicha legislación también reconoció la necesidad de asegurar que los mandatos estatutarios de otros beneficios marginales, tales como las vacaciones y licencias por enfermedad, no operen en detrimento de nuestras oportunidades de desarrollo económico y de creación de nuevos empleos. La concesión de beneficios por encima del mandato estatutario, deberá establecerse a tenor con la realidad económica y las condiciones del mercado.

Para implantar lo anterior, esta Ley concretiza la política pública expresada en la Ley Núm. 84, y establece como derecho sustantivo local que el salario mínimo para aquellas empresas que están cubiertas, por la legislación federal, será el salario mínimo federal. Para los trabajadores de las empresas que no están cubiertas por dicha legislación federal, se provee un mecanismo ágil para su protección en cumplimiento con el mandato constitucional establecido en el Artículo II, Sección 16 que reconoce que los trabajadores deberán tener un salario mínimo razonable. Se regula de manera uniforme las licencias de vacaciones y enfermedad para todos los trabajadores en Puerto Rico, a la vez que se protegen los beneficios superiores que disfrutaran aquellos empleados contratados antes de la vigencia de esta Ley, a tenor con la legislación anterior.

Con motivo de este cambio, y de acuerdo a la actual política pública de eliminar estructuras gubernamentales innecesarias, la Junta de Salario Mínimo de Puerto Rico, organismo cuasilegislativo del Estado creado por la Ley Núm. 96 de 26 de junio de 1956, según enmendada, debe eliminarse. Esta Ley provee para su ordenada eliminación, la reubicación de sus empleados de carrera y la protección de los derechos adquiridos por éstos.

## DECRETASE POR LA ASAMBLEA LEGISLATIVA DE PUERTO RICO:

### Artículo 1.- Título

Esta Ley se conocerá como Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad de Puerto Rico.

### Artículo 2.-Salario Mínimo Federal.-

El salario mínimo federal fijado por la Ley de Normas Razonables del Trabajo (en inglés "Fair Labor Standards Act"), aprobada por el Congreso de los Estados Unidos de América el 25 de junio de 1938, según ha sido o fuere subsiguientemente enmendada, aplicará automáticamente en Puerto Rico a los trabajadores cobijados por la Ley Federal.

Al aplicarse el salario mínimo federal se reconocerá lo dispuesto en la legislación y reglamentación federal referente a cómo se paga el salario mínimo, lo que son horas de trabajo, cuáles empleados y ocupaciones están exentas del salario mínimo, y qué constituye horas o tiempo de trabajo.

**Artículo 3.-Protección para Empresas Locales no Cubiertas por la Ley Federal.-**

Aquellas empresas o actividades que no cumplan con los criterios de la Ley Federal de Normas Razonables del Trabajo, y por lo tanto están exentas del salario mínimo federal, pagarán un salario mínimo equivalente al setenta porciento (70%) del salario mínimo prevaleciente. Todo otro aspecto de la legislación y reglamentación federal referente a cómo se paga el salario mínimo, lo que son horas de trabajo, cuáles empleados y ocupaciones están exentas del salario mínimo, y qué constituye horas o tiempo de trabajo, serán de aplicación. Disponiéndose que el Secretario del Departamento del Trabajo y Recursos Humanos tendrá autoridad de reducir el por ciento de demostrar que su implantación afectará substancialmente los empleos en las empresas cubiertas por este Artículo.

## Leyes Aprobadas por el Gobernador Rafael Hernández Colón en el 1989

| LEYES | FECHA | TÍTULO |
|---|---|---|
| Ley Núm. 1 | 15 de febrero del 1989 | Para autorizar a la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico a distribuir la cantidad máxima que puede emitir el Estado Libre Asociado de Puerto Rico en el año 1988 en bonos exentos del pago de contribución sobre ingresos federal designados como bonos para actividades privadas de acuerdo con la Sección 146 del Código de Rentas Internas Federal de 1986, según enmendado. |
| Ley Núm. 1 | 18 de octubre del 1989 | Para enmendar el inciso 3 del Artículo 9 de la Ley Núm. 5 de 18 de julio de 1986, según enmendada, a los fines de adicionar al presidente de la Universidad de Puerto Rico como miembro de la Junta Directiva del Programa de Integral de las Artesanías Puertorriqueñas. |
| Ley Núm. 1 | 1 de diciembre del 1989 | Para adoptar la Ley para Regular las Operaciones de Establecimientos Comerciales; disponer los establecimientos comerciales exentos de tal reglamentación; proveer protecciones a los empleados; disponer remedios civiles por su incumplimiento; fijar penalidades; prohibir cláusulas contractuales que obliguen a abrir los establecimientos comerciales; enmendar el inciso (d) del Artículo 4 de la Ley Núm. 379 de 15 de mayo de 1948, según enmendada y derogar los artículo 553, 555 y 556 del Código Penal de Puerto Rico, Edición de 1937, según enmendados y la Ley Número 282 del 5 de abril de 1946, según enmendada. |
| Ley Núm. 2 | 31 de marzo del 1989 | Para enmendar el Artículo 1 de la Ley Núm. 80 de 30 de mayo de 1970, según enmendada, a los fines de que los beneficios que recibirán las personas desplazadas de propiedades adquiridas para la construcción de obras gubernamentales con aportación de fondos federales se fije de acuerdo a como se provee en la Ley Pública 91-646, conocida como "Uniform Relocation Assistance and Property Acquisition Policies Act of 1970", según enmendada. |
| Ley Núm. 2 | 18 de noviembre del 1989 | Para enmendar el Artículo 4 de la Ley Núm. 13 de 24 de junio de 1989 a los fines de revisar las escalas salariales de los Miembros Asociados de la Junta de Planificación. |
| Ley Núm. 2 | 29 de diciembre del 1989 | Para enmendar los incisos (d) y (f) del Artículo 2; enmendar el párrafo 2 del Artículo 3; enmendar el inciso (a) del Artículo 4; enmendar el Artículo 5; y para enmendar el inciso (e) del Artículo 8 de la Ley Núm. 47 del 26 de junio de 1987, conocida como "Ley de Coparticipación del Sector Público y Privado para la Nueva Operación de Vivienda", a fin de ampliar el término de vigencia del Programa y adaptarlo a las realidades económicas. |
| Ley Núm. 3 | 6 de abril del 1989 | Para enmendar el apartado (a) del Artículo 14 de la Ley Núm. 3 del 6 de octubre de 1987, conocida como "Ley de Fondos de Capital de Inversión de Puerto Rico", a los fines de establecer que la inversión en valores de uno o varios Fondos de Capital que cualifican para el crédito contributivo podrá ser hecha hasta el último día prescrito para la radicación de dicha planilla de contribución sobre ingresos. |
| Ley Núm. 3 | 18 de noviembre del 1989 | Para incluir como miembros de la Junta Rectora de Educación y Empleo al Administrador del Derecho al Trabajo y al Director del Cuerpo de Voluntarios al Servicio de Puerto Rico; y para excluir de la Junta al Director Ejecutivo de la Oficina de Oportunidad Económica. |
| Ley Núm. 3 | 29 de diciembre del 1989 | Para enmendar el primer párrafo del inciso 12 de la Sección 4.2, el inciso 14 de la Sección 4.3 y el inciso 26 y adicionar el inciso (27) al Artículo 8 de la Ley Número 5 de 14 de octubre de 1975, según enmendada, y enmendar el inciso (a) y adicionar los incisos (c) y (d) al Artículo 7 de la Ley Número 56 de 16 de agosto de 1989 para establecer el término de veinticuatro (24) meses para la creación de puestos de duración fija; autorizar el nombramiento sucesivo por períodos determinados de tiempo de empleados transitorios en clases de difícil reclutamiento; fijar las condiciones para dichos nombramientos; para extender el término para efectuar los trámites de los cambios de personal dispuestos en la Ley Número 56 de 16 de agosto de 1989; y rendir informes periódicos a la Asamblea Legislativa. |
| Ley Núm. 4 | 28 de diciembre del 1989 | Para derogar la Ley Núm. 21 del 19 de mayo de 1977, que creó la Junta Asesora de la Administración de Fomento Económico. |
| Ley Núm. 4 | 22 de noviembre del 1989 | Para enmendar el Artículo 4 de la Ley Núm. 45 de 1 de junio de 1983, según enmendada, a los fines de proveer para la devolución de las huellas digitales y fotografías a las personas que han recibido indulto total y absoluto del Gobernador. |
| Ley Núm. 4 | 29 de diciembre del 1989 | Para enmendar el apartado (b) de la Sección 11; enmendar el párrafo (2) del apartado (b), el párrafo (1) del apartado (c) y adicionar el apartado (d) a la Sección 14; enmendar el párrafo (3) del apartado (a), el inciso (C) del párrafo (2) del apartado (aa) y el inciso (B) del párrafo (3) del apartado (bb) de la Sección 23 y para enmendar el apartado (a) de la Sección 26 de la Ley Núm. 91 del 29 de junio de 1954, según enmendada denominada Ley de Contribuciones sobre Ingresos de 1954, a los fines de posponer por un año la aplicación de las tasas contributivas correspondientes a los años contributivos comenzados después del 31 de diciembre de 1989 y establecer las tasas y los límites en cuanto a ciertas deducciones que habrán de regir en esos años. |
| Ley Núm. 5 | 1 de mayo del 1989 | Para enmendar la Sección 15 de la Ley Núm. 212 del 12 de mayo del 1942, según enmendada, a fin de aumentar de $10,000.00 a $25,000.00 la cantidad hasta la cual la Autoridad de Comunicaciones de Puerto Rico puede adquirir bienes y servicios, sin que medie anuncio de subasta; para incluir entre los factores a considerar al adjudicar una subasta el que el lugar de manufactura radica en Puerto Rico; para eximir la adquisición de equipo telefónico terminado desreglamentado por la Comisión Federal de Comunicaciones y equipo suplementario del requisito de subasta, facultar a la Junta de Directores de la Autoridad de Comunicaciones de Puerto Rico a establecer el procedimiento para la adquisición de estos equipos y para eximir de dicho requisito las comprar con corporaciones subsidiarias o afiliadas. |
| Ley Núm. 5 | 28 de noviembre del 1989 | Para enmendar la Sección 16-102 A de la Ley Núm. 141 de 20 de julio de 1960, según enmendada, conocida como Ley de Vehículos y tránsito de Puerto Rico y la Regla 176 de las de Procedimiento Criminal de 1963, según enmendadas, a los fines de proveer para que una parte perjudicada pueda cobrar la compensación fijada por el tribunal por los daños y perdidas que se hubiere causado a su propiedad como consecuencia de un acto delictivo, por vía de ejecución de sentencia. |
| Ley Núm. 6 | 7 de mayo del 1989 | Para establecer nuevas escalas salariales para los maestros y demás personal docente; garantizarles a todos los maestros un beneficio mínimo de $50.00, a ser extensivo el mismo a los maestros de normal y menos de normal y derogar el Artículo 1 de la Ley Número 5 del 24 de febrero de 1988. |
| Ley Núm. 6 | 29 de noviembre del 1989 | Para enmendar el inciso (b) del Artículo 24 de la Ley Núm. 109 de 28 de junio de 1962, según enmendada, conocida como Ley de Servicio Público de Puerto Rico, a los fines de adicionar una disposición para crear un Fondo Especial por |

[ILEGIBLE ENCABEZADO]
[...] Y [...]
[...] ONAL
[...] E PERSONAL
[...] IONAL DE PO[..]E

A : [ilegible]

F/C : [ilegible]

DE : OFICIAL DE PERSONAL
HOSPITAL REGIONAL PONCE

[ASUNTO] : NOMBRAMIENTO PROBATORIO

[FECHA] : 24 de septiembre 1981

Efectivo el día 24 de agosto 1981 se le nombra a usted [ilegible] [ilegible] I con el sueldo mensual $[ilegible] y con carácter p[robator]io en el [Hospi]tal R[eg]ional Ponce.

Usted ocupará esta plaza con carácter probatorio por un período de cuatro meses. Durante este período deberá demostrar capacidad y habilidad en el des[em]peño de [s]us [...] deberes. De [pasar] esta prueba satisfactoriamente, ocupará dicho cargo [en calidad de] regular (permanente).

Cordialmente,

Lilín Figueroa Ruiz
(Oficial de Personal)

Ors/[...]

DP-10
(Rev. 7/63)

ESTADO LIBRE ASOCIADO DE PUERTO RICO
Administración Facilidades Servicios de Salud
Oficina de Personal
Ponce, Puerto Rico

DE : Oficial de Personal

A : Harry Rodríguez Colón
Trabajador Servicios Alimentos I
Hospital Regional Ponce

P/C : Sra. Marta Martínez, Jefe
Departamento Dietas
Hospital Regional Ponce

:

ASUNTO : Notificación de Nombramiento Regular

FECHA : 25 de noviembre 1981

Nos place informarle que usted ha pasado a ser empleado regular de este Departamento tras haber completado satisfactoriamente el período probatorio requerido por la Ley de Personal.

Este nombramiento es efectivo desde el día __24__ de __diciembre__ de 19_81_, para un puesto de __Trabajador Servicios de Alimentos I__ con sueldo mensual de $ __385.00__.

Edwin Figueroa Ruiz
Oficial de Personal
Hospital Regional de Ponce

## Form 499 R-2/W-2 PR (Rev. Ago. 95)

**GOBIERNO DE PUERTO RICO — GOVERNMENT OF PUERTO RICO**
**DEPARTAMENTO DE HACIENDA - DEPARTMENT OF THE TREASURY**
Area de Rentas Internas y Recaudaciones - Internal Revenue and Collections Area

### COMPROBANTE DE RETENCION - WITHHOLDING STATEMENT

| Field | Value |
|---|---|
| 1. Nombre - First Name | HARRY |
| Apellido(s) - Surname(s) | RODRIGUEZ |
| Dirección del Empleado - Employee's Address | BO. COLLORES RES. CALLADO F-14, JUANA DIAZ PR 00665 |
| 2. Nombre y Dirección del Patrono / Name and Address of Employer | ADMINISTRACION DE FACILIDADES APARTADO 9342 |
| | OLLCODES 600935 |
| 3. Núm. Seguro Social / Social Security No. | |
| 4. Estado Civil - Civil Status | Married X |
| 5. Núm. Seguro Social Cónyuge / Spouse's Social Security No. | |
| 6. Núm. de Cuenta Patronal / Employer's Account No. (EIN) | 660486342 |
| 7. Costo de Pensión o Anualidad / Cost of Pension or Annuity | 0.00 |
| 8. Sueldos - Wages | 9,424.93 |
| 9. Comisiones - Commissions | 0.00 |
| 10. Concesiones - Allowances | 0.00 |
| 11. Propinas - Tips | 0.00 |
| 12. Total = 8+9+10+11 | 9,424.93 |
| 13. Gastos Reembolsados / Reimbursed Expenses | 0.00 |
| 14. Cont. Retenida - Tax Withheld | 156.20 |
| 15. Fondo de Retiro / Retirement Fund | 594.99 |
| 16. Aportaciones a Planes Cualific. / Contributions to CODA PLANS | 0.00 |
| 17. Subtotales - cada 41 / Subtotals - every 41 | ☐ |
| 18. Total Sueldos Seg. Soc. / Soc. Sec. Wages | 9,424.93 |
| 19. Seguro Social Retenido / Soc. Sec. Tax Withheld | 584.39 |
| 20. Total Sueldos y Prop. Medicare / Medicare Wages and Tips | 9,424.93 |
| 21. Contrib. Medicare Retenida / Medicare Tax Withheld | 136.65 |
| 22. Propinas Seguro Social / Soc. Security Tips | 0.00 |
| 23. Seguro Social no Retenido en Propinas / Uncollected Soc. Sec. Tax on Tips | 0.00 |
| 24. Contrib. Medicare no Retenida en Propinas / Uncollected Medicare Tax on Tips | 0.00 |

Copia C para Records del Empleado / Copy C for Employee's Records
Año / Year: 199_
Control No.: 51435623

Instrucciones al dorso de Copia D - For instructions see back of Copy D

---

## Form 499 R-2/W-2 PR (Rev. Jul. 1993)

**¡Hacienda Para Servirle!**
**ESTADO LIBRE ASOCIADO DE PUERTO RICO - COMMONWEALTH OF PUERTO RICO**
**DEPARTAMENTO DE HACIENDA - DEPARTMENT OF THE TREASURY**
Area de Rentas Internas y Recaudaciones - Internal Revenue and Collections Area
Negociado de Contribución Sobre Ingresos - Bureau of Income Tax

### COMPROBANTE DE RETENCION - WITHHOLDING STATEMENT

| Field | Value |
|---|---|
| 1. Nombre y Dirección del Empleado / Name and Address of Employee | HARRY RODRIGUEZ-COLON BO. COLLORES RES. CALLADO F-14, JUANA DIAZ PR 00665 |
| | PELCO 600935 |
| 2. Nombre y Dirección del Patrono / Name and Address of Employer | ADMINISTRACION DE FACILIDADES APARTADO 9342 |
| 3. Núm. Cuenta (Seg. Soc.) / Account Number (Soc. Sec.) | |
| 4. Estado Civil - Civil Status | Casado / Married ☑ |
| 5. Núm. Cuenta Cónyuge (Seg. Soc.) / Spouse's Account No. (Soc. Sec.) | |
| 6. Núm. de Cuenta Patronal / Employer's Account No. (EIN) | 660436342 |
| 7. Costo de la Pensión o Anualidad / Cost of Pension or Annuity | |
| 8. Sueldos - Wages | 8,532.00 |
| 9. Comisiones - Commissions | |
| 10. Concesiones - Allowances | |
| 11. Propinas - Tips | |
| 12. Total = 8+9+10+11 | 8,532.00 |
| 13. Gastos Reembolsados / Reimbursed Expenses | |
| 14. Cont. Retenida - Tax Withheld | 87.00 |
| 15. Fondo de Retiro / Retirement Fund | 521.16 |
| 16. Aportaciones a Planes Cualificados / Contributions to CODA PLANS | |
| 17. Subtotales - cada 41 / Subtotals - every 41 | ☐ |
| 18. Total Sueldos Seg. Soc. / Soc. Security Wages | 8,532.00 |
| 19. Seguro Social Retenido / Soc. Sec. Tax Withheld | 528.98 |
| 20. Total Sueldos y Prop. Medicare / Medicare Wages and Tips | 8,532.00 |
| 21. Contrib. Medicare Retenida / Medicare Tax Withheld | 123.72 |
| 22. Propinas (Seguro Social) / Soc. Security Tips | |
| 23. Seguro Social no retenido en propinas / Uncollected Soc. Sec. Tax on Tips | |
| 24. Contrib. Medicare no retenida en propinas / Uncollected Medicare Tax on Tips | |

Copia C Para Records del Empleado / Copy C for Employee's Records
Año / Year: 19 93
Control No.: 000311110

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: Financial Oversight & Management Board for Puerto Rico<br><br>*as representative of*<br><br>The Commonwealth of Puerto Rico, *et al.*<br><br>Debtors | 3:17-BK-3283 (LTS)<br><br>PROMESA Title III<br><br>(Jointly Administrated) |

## NOTICE OF DEFECTIVE PLEADING
*(Notificación de Documento Defectuoso)*

The Clerk of Court has received your pleading on February 18, 2020. However, the deficiencies listed below have prevented us from filing the same in the case docket. You must submit a corrected pleading if you want it to form part of the record.

La Secretaría del Tribunal recibió su escrito el 18 de febrero de 2020. No obstante, las deficiencias que abajo se señalan nos impiden aceptarlo y entrarlo en el sumario del caso. Debe usted someter un escrito debidamente corregido si quiere que el mismo forme parte del expediente.

NOTICE OF DEFECTIVE PLEADING
*(Notificación de Documento Defectuoso)*
3:17-BK-3283 (LTS)

| 1 | | Pleading is illegible. L.Civ.R. 10 *(El escrito radicado es ilegible o no cumple con la R.L.Civ. 10)* |
|---|---|---|
| 2 | X | Lacks proper signature. Documents presented to the court in paper require a handwritten signature. L.Civ.R. 11 *(Documento no está firmado adecuadamente. Los documentos sometidos en papel tienen que estar firmados a mano. R.L.Civ. 11)* |
| 3 | | PROMESA Cover Sheet for Adversary Proceedings (DPR Modified PROMESA B1040) was not included. L.Bkcy.R. 7003-1 http://www.prd.uscourts.gov/promesa/forms-attorneys *(No se incluyó la Hoja de Trámite para Casos Adversarios (DPR Modified PROMESA B1040).* |
| 4 | | Failure to pay the filing fee in the amount of $400.00. See, L.Cv.R. 3.1(a). Payment shall be made within 24 hours in person at the Clerk's Office U.S. District Court with copy of the complaint /notice of removal. *(Incumplimiento con el pago de la cuota de radicación por la cantidad de $400.00. El pago debe hacerse personalmente dentro de 24 horas en la Secretaría del Tribunal Federal de Distrito adjuntando una copia de la demanda / notificación de remoción.)* |
| 5 | | Other: |

Date: February 25, 2020

MARIA ANTONGIORGI-JORDAN, ESQ.
Clerk of Court

By: s/ Marian B. Ramirez-Rivera
Marian B. Ramirez Rivera
Deputy Clerk

sc: to filer with original filing attached