> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

                    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**This filing relates to the Commonwealth.**

## ONE HUNDRED SEVENTY-EIGHTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS BASED ON INVESTMENTS IN MUTUAL FUNDS

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of

the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and*

*Economic Stability Act* ("PROMESA"),[2] files this one hundred seventy-eighth omnibus objection

(the "One Hundred Seventy-Eighth Omnibus Objection") to the proofs of claim listed on **Exhibit**

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

**A** hereto, each of which purports to be based on one or more investments in mutual funds, which in turn may have invested in bonds issued by the Commonwealth, and thus the Commonwealth is not liable because the claims are derivative and the claimants lack standing to assert the claim against the Commonwealth.  In support of the One Hundred Seventy-Eighth Omnibus Objection, the Commonwealth respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion.  Upon the informative motion of certain creditors, and the

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.    Operations and Bond Debt of the Commonwealth**

5.    The Constitution of the Commonwealth of Puerto Rico (the "P.R. Constitution") became effective in 1952.  The P.R. Constitution created the Commonwealth as the central government of Puerto Rico, "republican in form" and divided into three branches: legislative, judicial and executive.  *See* P.R. Const., Art. I, §§ 1, 2.

6.    The P.R. Constitution authorizes the Commonwealth to issue debt, subject to various limitations, including on the ability of the Commonwealth to pledge its revenues.  *See* P.R. Const. Art. VI § 2.  In 1961, Section 2 of Article VI of the P.R. Constitution was amended to limit the Commonwealth's borrowing on the basis of the amount of debt service the Commonwealth would have to pay relative to its historical revenues.

**C.    Proofs of Claim Filed Against the Commonwealth**

7.    To date, approximately 177,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

8.    Of the proofs of claim filed, approximately 110,600 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Over 52,600 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS.  Approximately 2,240 proofs of claim have been filed in relation to, or reclassified to be asserted against, HTA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or

suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

**D.   Omnibus Objection Procedures and Objections to Commonwealth Claims**

9.      In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved the English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

10.      In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving*

4

*Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

11.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held hearings related to one hundred twenty-three omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), HTA, and/or ERS, as well as thirty-three individual objections. After hearings held on January 30, 2019, March 13, 2019, April 24, 2019, June 12, 2019, July 24, 2019, September 11, 2019, and October 30, 2019, the Court sustained seventy-four omnibus objections and thirty-two individual objections, resulting in thousands of proofs of claim filed against the Commonwealth, HTA, ERS, and/or COFINA being disallowed and expunged, and hundreds of other claims being reclassified to be asserted against another of the Debtors. Twenty-two omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on December 11, 2019. Furthermore, twenty-seven omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on January 29, 2020. Based upon rulings and orders of the Court to date, approximately 56,000 claims, asserting approximately $43 trillion in liability against the Commonwealth, HTA, COFINA, and ERS, have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

12.     This One Hundred Seventy-Eighth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

13.     The Amended Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.  The One Hundred Seventy-Eighth Omnibus Objection seeks to disallow, in accordance with the Amended Omnibus Objection Procedures, claims that seek recovery for amounts for which the Commonwealth is not liable because the claims were not filed by a "creditor" of the Commonwealth and are merely derivative, and thus the claimants lack standing to assert the claims.

14.     Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).  A claimant bears the burden of establishing standing to file a proof of claim.  *In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010).  It is well established that only a creditor or the creditor's authorized agent has standing to assert a claim.  Fed. R. Bankr. P. 3001(b); 11 U.S.C. §§ 501(a) ("A creditor or an indenture trustee may file a proof of claim."); *In re Melillo*, 392 B.R. 1, 5 (B.A.P. 1st Cir. 2008) ("Only a creditor or indenture trustee may file a proof of claim.").  Parties with merely derivative interests lack standing to assert a claim against a debtor's estate.  *Matter of Goldman*, 82 B.R. 894, 896 (Bankr. S.D. Ohio 1988) (finding party with "relationship with Debtor [that] is not direct, but rather derivative" was "a stranger to Debtor's bankruptcy proceedings," with "no claim against the estate's assets," and "as a general rule has no standing in Debtor's bankruptcy proceedings"); *see also In re Tower Park Properties, LLC*, 803 F.3d 450, 462-63 (9th Cir. 2015) (holding a trust beneficiary was not a party in interest); *In re Refco Inc.*, 505 F.3d 109, 117 (2d Cir. 2007) ("To the extent that the rights of a party in interest are asserted, those rights must be asserted by the party in interest, not someone else."); *In re Lopez*, 446 B.R. 12, 17 (Bankr. D.

Mass. 2011) (to establish oneself as a party in interest "the moving party must be asserting its own rights and not those belonging to or derivative of a third party"); *In re Hayes*, 393 B.R. 259, 267 (Bankr. D. Mass. 2008) (recognizing the "general principle that 'party in interest standing does not arise if a party seeks to assert some right that is purely derivative of another party's rights in the bankruptcy proceeding'" (quoting *In re Refco*, 505 F.3d at 115 n. 10)).

15.     In each of the claims listed on **<u>Exhibit A</u>** hereto (collectively the "Claims"), the claimant is a purported investor in one or more mutual funds that in turn may have invested in bonds issued by the Commonwealth.  "A creditor, under the [Bankruptcy] Code, is one who has a claim *against the debtor* or the estate," rather than "a creditor of one of the debtor's creditors."  *S. Blvd., Inc. v. Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997).  Because, at most, the Claims were filed based on the claimant's status as an alleged creditor of an alleged creditor of the Commonwealth, the Claims were not filed by an actual creditor of the Commonwealth.  *See In re Thalmann*, 469 B.R. 677, 683 (Bankr. S.D. Tex. 2012) (holding receiver lacked standing to file a proof of claim because it was not a creditor or an authorized agent of a creditor).  Instead, the Claims are derivative of claims that must be asserted by the mutual funds directly for any claimed recovery to be considered by the Court.  *See Matter of Goldman*, 82 B.R. at 896 (finding party with "derivative" relationship has "no claim against the estate's asset" and "as a general rule has no standing in Debtor's bankruptcy proceedings").  Moreover, it is unknown whether the mutual fund still retains ownership of the suspect bonds.

16.     Indeed, under nearly identical circumstances, this Court previously disallowed claims filed against COFINA by investors in mutual funds that in turn allegedly invested in COFINA bonds for "lack of an individual interest in COFINA securities."  *Tr. of Mar. 13, 2019 Hr'g Before the Hon. Laura Taylor Swain* [ECF No. 5969], at 64:01-10 ("THE COURT: So just

so that I understand, his documentation shows that he is a mutual fund investor.  To the extent any of those mutual funds actually holds COFINA bonds, the mutual fund would be the appropriate claimant, and so he has provided no evidence of a valid direct claim as against COFINA?  MS. STAFFORD: Correct, your Honor.  THE COURT: The objection to the claim is sustained and the claim is disallowed for lack of an individual interest in COFINA securities."); *see also Order Granting Sixty-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Based on Investments in Mutual Funds* [ECF No. 9099]; *Memorandum Order Denying Motion to Alter or Amend Order Sustaining Objection (Dkt. 8297) to Claims No. 152470 & No. 152283* [ECF No. 9121].  Accordingly, the claimants are not creditors of the Commonwealth and lack standing to assert these derivative Claims.  Because the Commonwealth cannot be held liable for the Claims, these claims should be disallowed in their entirety.

17.    In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the One Hundred Seventy-Eighth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Based on Investments in Mutual Funds*, dated March 6, 2020, attached hereto as **Exhibit B**.

### NOTICE

18.    In accordance with the Amended Omnibus Objection Procedures, the Commonwealth is providing notice of this One Hundred Seventy-Eighth Omnibus Objection to (a) the individual creditors subject to this One Hundred Seventy-Eighth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Tenth Amended Case Management Procedures* [ECF No. 8027-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.   The notice for this One Hundred Seventy-Eighth Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the One Hundred Seventy-Eighth Omnibus Objection and all of the exhibits attached hereto are being filed and

8

served with this objection.  The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **RESERVATION OF RIGHTS**

19.     This One Hundred Seventy-Eighth Omnibus Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Debtors to object to the Claims or any other claims on any ground whatsoever.  The Debtors expressly reserve all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

20.     No prior request for the relief sought in this One Hundred Seventy-Eighth Omnibus Objection has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

9

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth such other and further relief as is just.

Dated: March 6, 2020                                        Respectfully submitted,
      San Juan, Puerto Rico

<div style="margin-left:50%;">

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Daniel J. Pérez-Refojos
USDC No. 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Commonwealth of Puerto Rico*

</div>

**Fecha de la vista: 22 de abril de 2020, a las 09:30 a.m. (AST)**
**Fecha límite para responder: 07 de abril de 2020, a las 04:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS
ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMO(S).**

---

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante de<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*,<br><br>                                        Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrada Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

---

### CENTÉSIMA SEPTUAGÉSIMA OCTAVA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMOS BASADOS EN LAS INVERSIONES EN FONDOS MUTUOS

El Estado Libre Asociado de Puerto Rico (el "ELA"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), en su calidad de representante del ELA conforme al artículo 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica esta centésima septuagésima

---

[1] Los Deudores en el marco de las presentes Causas radicadas conforme al Título III, junto con el respectivo número de causa radicada conforme al Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Causa de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Causa de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Causa de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Causa de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Causa de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Causa de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos del número federal de contribuyente: 3801) (Los números de las causas radicadas conforme al Título III están enumerados como números de causas de quiebra debido a ciertas limitaciones en el programa informático).

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

octava objeción global (la "Centésima septuagésima octava objeción global") a las evidencias de

reclamos contenidas en el **Anexo A** del presente, cada una de las cuales se basa presuntamente en

una o varias inversiones en fondos mutuos, que a su vez pudieron haber realizado inversiones en

bonos emitidos por el ELA, por lo que el ELA se exime de toda responsabilidad, puesto que los

reclamos son derivados y las demandantes carecen de legitimación para reclamar contra el ELA.

En apoyo de la Centésima septuagésima octava objeción global, el ELA manifiesta

respetuosamente lo siguiente:

## JURISDICCIÓN

1.    El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene

jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme

al artículo 306(a) de PROMESA.

2.    La sede judicial de este distrito es la competente conforme al artículo 307(a) de

PROMESA.

## ANTECEDENTES

### A.    Órdenes de fecha final

3.    El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de

reestructuración conforme a los artículos 104(j) y 206 de PROMESA, y radicó una petición

voluntaria de remedio para el ELA conforme al artículo 304(a) de PROMESA, incoando una causa

conforme al título III de dicho cuerpo legal (la "Causa del ELA radicada conforme al Título III").

4.    El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije*

*fechas límite y procedimientos para radicar Evidencias de reclamos y B) apruebe la forma y la*

*manera de su notificación* [núm. ECF 2255] (la "[3]Moción de fecha final"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar Evidencias de reclamos y B) aprueba la forma y la manera de su notificación* [núm. ECF. 2521] (la "Orden inicial de fecha final"), el Tribunal concedió el remedio solicitado en la Moción de fecha final. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar Evidencias de reclamos y B) aprobó la forma y la manera de su notificación* [núm. ECF 3160] (conjuntamente con la Orden inicial de fecha final, las "Órdenes de fecha final"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.      Operaciones y deuda relativa a bonos del ELA**

5.      La Constitución del Estado Libre Asociado de Puerto Rico (la "Constitución de Puerto Rico") entró en vigor en 1952. La Constitución de Puerto Rico creó el ELA como el Gobierno central de Puerto Rico, de "forma republicana" y dividida en tres poderes: legislativo, ejecutivo y judicial. *Véase* Const. de Puerto Rico, artículo I, §§ 1, 2.

6.      La Constitución de Puerto Rico autoriza al ELA a emitir deuda, con sujeción a determinadas limitaciones, incluida la capacidad del ELA de empeñar sus rentas. *Véase* Const. de Puerto Rico. artículo VI § 2. En 1961, la sección 2 del artículo VI de la Constitución de Puerto Rico fue modificada para limitar la contracción de la deuda por parte del ELA sobre la base del monto de la deuda que el ELA tuviera que haber pagado en relación con sus rentas históricas.

**C.      Evidencias de reclamos radicados contra el ELA**

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco de la Causa de Quiebra Núm. 17 BK 3283-LTS.

7.      Hasta la fecha, se han radicado aproximadamente 177,000 evidencias de reclamos contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamos ascienden a un total de $43.6 billones en reclamos radicados contra los Deudores, además de los montos no liquidados reclamados.

8.      De las evidencias de reclamos radicadas, aproximadamente 110,600 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Más de 52,600 evidencias de reclamos han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. Aproximadamente 2,240 evidencias de reclamos han sido radicadas en relación con la ACT, o reclasificadas como radicadas contra la ACT. De conformidad con las condiciones de las Órdenes de fecha final muchos de estos reclamos no tenían que haber sido radicados en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendados posteriormente, no alegar un reclamo por el que los Deudores sean responsables, estar duplicados en relación con otras evidencias de reclamos o no aportar información necesaria para que los Deudores determinen si el reclamo es válido.

**D.      Procedimientos relativos a objeciones globales y objeciones a reclamos del ELA**

9.      Para resolver, de manera eficaz, el mayor número posible de las evidencias de reclamos innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que a) apruebe procedimientos limitados relativos a objeciones globales, b) declare la renuncia al requisito contenido en la regla 3007(e)(6) de las Reglas de quiebras, y c) conceda el remedio relacionado* [núm. ECF 4052] (la "Moción de procedimientos globales"). El Tribunal concedió el remedio solicitado en la Moción de procedimientos globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden A) que aprueba procedimientos limitados relativos a objeciones globales, B) declara la renuncia al*

4

*requisito contenido en la regla 3007(e)(6) de las Reglas de quiebras, y c) concede el remedio relacionado* [núm. ECF 4230]; *Procedimientos relativos a objeciones globales* [núm. ECF. 4230-1] (conjuntamente, los "Procedimientos originales relativos a objeciones globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos originales relativos a objeciones globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [núm. ECF 4381] (la "Orden de notificación").

10.    En aras del interés constante de resolver de una manera eficaz cualesquiera evidencias de reclamos innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamos que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden A) que apruebe procedimientos enmendados relativos a objeciones globales, B) declare la renuncia a los requisitos contenidos en la regla 3007(e) de las Reglas de quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [núm. ECF 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden A) que aprueba procedimientos enmendados relativos a objeciones globales, B) declara la renuncia a los requisitos contenidos en la regla 3007(e) de las Reglas de quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [núm. ECF 7440] (los "Procedimientos enmendados relativos a objeciones globales").

11.    Conforme a los Procedimientos originales relativos a objeciones globales y los Procedimientos enmendados relativos a objeciones globales, el Tribunal celebró vistas vinculadas

con 123 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la ACT y/o el SRE, así como con 33 objeciones individuales. Tras las vistas celebradas el 30 de enero de 2019, y el 13 de marzo de 2019, el 24 de abril de 2019, el 12 de junio de 2019, el 24 de julio de 2019, el 11 de septiembre de 2019 y el 30 de octubre de 2019, el Tribunal declaró ha lugar a 74 objeciones globales y a 32 objeciones individuales, lo cual resultó en que miles de las evidencias de reclamos radicadas contra el ELA, la ACT, el SRE y/o COFINA fueron rechazadas y suprimidas, y cientos de otros reclamos fueron reclasificados como radicados contra otros Deudores. 22 objeciones globales a reclamos radicados contra el ELA, la ACT y el SRE fueron atendidas y concedidas oralmente el 11 de diciembre de 2019. Además, 27 objeciones globales a reclamos radicados contra el ELA, la ACT y el SRE fueron atendidas y concedidas oralmente el 29 de enero de 2020. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 56,000 reclamos que reivindicaban aproximadamente $43 billones en responsabilidad contra el ELA, la ACT, COFINA y el SRE fueron rechazados y serán retirados del registro de reclamos en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

12.     La Centésima septuagésima octava objeción global se radica de conformidad con los procedimientos enmendados relativos a objeciones globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMOS

13.     Los Procedimientos enmendados relativos a objeciones globales permiten al ELA radicar una objeción global a varias evidencias de reclamos sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos enmendados relativos a objeciones globales. La Centésima septuagésima octava objeción global pretende rechazar, de conformidad con los Procedimientos enmendados relativos

6

a objeciones globales, reclamos que tratan de recuperar de montos por los que el ELA no es responsable, puesto que los reclamos no fueron radicados por un "acreedor" del ELA y son meramente derivados, por lo que las demandantes carecen de legitimación para presentar los reclamos.

14.     Los reclamos que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Las demandantes tienen la carga de la evidencia para demostrar legitimación a efectos de radicar una evidencia de reclamos. *In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010). Es ampliamente aceptado que solo los acreedores o sus representantes autorizados están legitimados para radicar reclamos. Reg. Fed. de Pr. de Quiebr. 3001(b); Título 11 U.S.C., §§ 501(a) ("Los acreedores o fiduciarios autorizados podrán radicar evidencias de reclamos"); *In re Melillo*, 392 B.R. 1, 5 (B.A.P. 1st Cir. 2008) ("Solo los acreedores o fiduciarios autorizados podrán radicar evidencias de reclamos".). Las partes que solo tengan intereses derivados carecen de legitimación para radicar reclamos contra los bienes de un deudor. *Caso Goldman*, 82 B.R. 894, 896 (Bankr. S.D. Ohio 1988) (donde se concluyó que una parte con "una relación con el Deudor [que] no es directa, sino más bien derivada" era "persona ajena en relación con el procedimiento de quiebra del Deudor", sin "ninguna posibilidad de reclamar contra los activos" y "como regla general, no tiene legitimación en relación con el procedimiento de quiebra del Deudor".); *véase también In re Tower Park Properties, LLC*, 803 F.3d 450, 462-63 (9th Cir. 2015) (donde se concluyó que un beneficiario de un fideicomiso no era parte interesada); *In re Refco Inc.*, 505 F.3d 109, 117 (2d Cir. 2007) ("En la medida en que se hagan valer los derechos de una parte interesada, duchos derechos han de hacerse valer por dicha parte interesada, no por un tercero".); *In re López*, 446 B.R. 12, 17 (Bankr. D. Mass. 2011) (para constituirse como parte interesada "la parte solicitante

deberá hacer valer sus propios derechos y no aquellos que asistan a un tercero o que se deriven en relación con tal tercero".); *In re Hayes*, 393 B.R. 259, 267 (Bankr. D. Mass. 2008) (donde se reconoce el "principio general de que 'no se da legitimación de una parte interesada si la parte pretende hacer valer un derecho que es puramente derivado de los derechos de otra parte en el procedimiento de quiebras'" (que cita *In re Refco*, 505 F.3d at 115 n. 10)).

15.     En todos los reclamos que figuran en el **<u>Anexo A</u>** relativo al presente (conjuntamente, los "<u>Reclamos</u>"), la demandante es presunto inversor en uno o varios fondos mutuos que, a su vez, pudieron haber invertido en bonos emitidos por el ELA. "Un acreedor, conforme al Código [de Quiebras], es el que tiene reclamo *contra el deudor* o los bienes", en lugar de "un acreedor de uno de los acreedores del deudor". *S. Blvd., Inc. c. Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997). Puesto que, a lo sumo, los Reclamos fueron radicados en virtud de la condición de la demandante como presunto acreedor de un presunto acreedor del ELA, los Reclamos no fueron radicados por un acreedor real del ELA. *Véase In re Thalmann*, 469 B.R. 677, 683 (Bankr. S.D. Tex. 2012) (donde se concluye que el destinatario carecía de legitimación para radicar evidencias de reclamos porque no era acreedor ni agente autorizado de un acreedor). En cambio, los Reclamos se derivan de los reclamos que deben hacerse valer por los fondos mutuos directamente para que el Tribunal examine cualquier recuperación alegada. *Véase el caso Goldman,* 82 B.R. en 896 (donde se concluye que una parte con una relación "derivada" no puede "reclamar los activos" y "como regla general, carece de legitimación en el procedimiento de quiebras del Deudor"). Es más, no se sabe si el fondo mutuo sigue ostentando la propiedad de los bonos controvertidos.

16.     En efecto, en unas circunstancias casi idénticas, el Tribunal ya rechazó reclamos radicados contra COFINA por unos inversores en los fondos mutuos que, a su vez, invirtieron

8

presuntamente en los bonos de COFINA, por "carecer de interés individual en los títulos de valores de COFINA". *Tr. de aud. del 13 de mar. de 2019 ante su señoría Laura Taylor Swain* [núm. ECF. 5969], en 64:01-10 ("EL TRIBUNAL: De modo que, para que lo entienda, su documentación muestra que es inversor en un fondo mutuo. En la medida en que cualquiera de esos fondos mutuos posea realmente los bonos de COFINA, el fondo mutuo sería el demandante pertinente, ¿así que no proporcionó ninguna evidencia de un reclamo directo válido contra COFINA? SRA. STAFFORD: Así es, señoría. EL TRIBUNAL: Se declara ha lugar a la objeción al reclamo, y se declara no ha lugar al reclamo por falta de interés individual en títulos de valores de COFINA."); *véase también la Orden por la que se concede la Sexagésima cuarta objeción global (sustantiva) del estado Libre Asociado de Puerto Rico a Reclamos basados en las inversiones en fondos mutuos* [ECF núm. 9099]; *Orden de memorando por la que se rechaza la moción para alterar o enmendar la orden que concede la objeción (extr. 8297) a los Reclamos núms. 152470 y 152283* [ECF. núm. 9121]. En consecuencia, las demandantes no son acreedores del ELA y carecen de legitimación para hacer valer estos reclamos derivados. Puesto que al ELA no se le puede atribuir la responsabilidad por los Reclamos, dichos reclamos deben rechazarse en su totalidad.

17.     En apoyo de lo anterior, el ELA invoca la *Declaración de Jay Herriman en apoyo de la Centésima septuagésima octava objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamos basados en las inversiones en fondos mutuos*, de fecha 6 de marzo de 2020, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

18.     De conformidad con los Procedimientos enmendados relativos a objeciones globales, el ELA notifica la presente Centésima septuagésima octava objeción global a) a los acreedores individuales objeto de esta Centésima septuagésima octava objeción global, b) al Síndico estadounidense, y c) a la Lista maestra de notificaciones (según se define en los

9

*Procedimientos de administración de causas enmendados núm. 10* [núm. ECF 8027-1]),
disponibles en el sitio de causas del Deudor, en https://cases.primeclerk.com/puertorico. La
notificación relativa a la Centésima septuagésima octava objeción global se adjunta al presente
como **Anexo C**. Las traducciones al español de la Centésima septuagésima octava objeción global
y de la totalidad de los anexos que se adjuntan al presente se radican y envían con la presente
objeción. El ELA sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar
ninguna otra notificación.

## RESERVA DE DERECHOS

19.     La presente Centésima septuagésima octava objeción global se limita a los motivos
expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los
Deudores a objetar a los Reclamos o a cualesquiera otros reclamos sobre la base de los motivos
que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción
sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción
adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a)
constituyan una admisión en cuanto a la validez de cualesquiera reclamos contra los Deudores; b)
constituyan una renuncia a los derechos que asisten a los Deudores a oponerse a cualesquiera
reclamos sobre la base de los motivos que fuere; c) constituyan una promesa o requisito para pagar
cualquier reclamo; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato
o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e)
constituyan una renuncia a los derechos que asisten a los Deudores conforme a PROMESA, el
Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

20.     No se ha radicado ninguna solicitud de remedio previa a la presente Centésima
septuagésima octava objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

10

[*El resto de la página se deja en blanco intencionadamente*]

POR LO QUE el ELA solicita respetuosamente que se dicte una orden, esencialmente en

la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el

remedio solicitado en el presente documento, y 2) que conceda al ELA cualesquiera otros remedios

que se consideren justos.

Fecha: 6 de marzo de 2020                                          Respetuosamente sometida,
          San Juan (Puerto Rico)

                                                                  *[Firma en la versión en ingles]*
                                                                  Hermann D. Bauer
                                                                  Núm. USDC: 215205
                                                                  Daniel J. Pérez-Refojos
                                                                  Núm. USDC: 303909
                                                                  **O'NEILL & BORGES LLC**
                                                                  250 Muñoz Rivera Ave., Suite 800
                                                                  San Juan, PR 00918-1813
                                                                  Tel.: (787) 764-8181
                                                                  Fax: (787) 753-8944

                                                                  *[Firma en la versión en ingles]*
                                                                  Martin J. Bienenstock (*pro hac vice*)
                                                                  Brian S. Rosen (*pro hac vice*)
                                                                  **PROSKAUER ROSE LLP**
                                                                  Eleven Times Square
                                                                  Nueva York, NY 10036
                                                                  Tel.: (212) 969-3000
                                                                  Fax: (212) 969-2900

                                                                  *Abogados de la Junta de Supervisión*
                                                                  *y Administración Financiera de*
                                                                  *Puerto Rico como representante del*
                                                                  *Estado Libre Asociado de Puerto*
                                                                  *Rico*