Hearing Date: **April 22, 2020 at 9:30AM (Atlantic Standard Time)**
Response Deadline: **April 7, 2020 at 4:00PM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                           Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

### ONE HUNDRED EIGHTY-SECOND OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO CLAIMS ASSERTED AGAINST THE INCORRECT DEBTOR

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PREPA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this one hundred eighty-second omnibus objection (the "One Hundred Eighty-Second Omnibus Objection") to the proofs of claim incorrectly asserted

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

against PREPA, either in whole or in part, each as listed on **Exhibit A** hereto, and in support of
the One Hundred Eighty-Second Omnibus Objection, respectfully represents as follows:

### JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter
jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section
306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

### BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant
to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the
Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a),
commencing a case under Title III thereof (the "Commonwealth Title III Case").  On July 3, 2017,
the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and
206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a),
commencing a case under Title III thereof (the "PREPA Title III Case," and together with the
Commonwealth Title III Case, the "Title III Cases").   On October 6, 2017, the Court entered an
order granting the joint administration of the Title III Cases for procedural purposes only.  Case
No. 17 BK 4780, ECF No. 340.

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing
Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of
Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").   By the *Order (A) Establishing*

---

[3]  All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

*Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.     PREPA**

5.     PREPA is a government-owned corporation founded in 1941.  *See* Act No. 83-1941, as amended (the "Authority Act") § 3.  PREPA generates and distributes substantially all the electric power used in the Commonwealth.  [Case No. 17 BK 4780, ECF No. 1 at 7].  PREPA is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

**C.     Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

6.     To date, approximately 177,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

7.     Of the proofs of claim filed, approximately 4,500 have been filed in relation to, or reclassified to be asserted against, PREPA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

8.        In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

9.        In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

10.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held hearings related to one hundred twenty-three omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and/or the Employees Retirements System for the Government of the Commonwealth of Puerto Rico ("ERS"), as well as thirty-three individual objections.  After hearings held on January 30, 2019, March 13, 2019, April 24, 2019, June 12, 2019, July 24, 2019, September 11, 2019, and October 30, 2019, the Court sustained seventy-four omnibus objections and thirty-two individual objections, resulting in thousands of proofs of claim filed against the Commonwealth, HTA, ERS, and/or COFINA being disallowed and expunged, and hundreds of other claims being reclassified to be asserted against another of the Debtors.  Twenty-two omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on December 11, 2019.  Furthermore, fifty-seven omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on January 29, 2020 and March 4, 2020.  Based upon rulings and orders of the Court to date, approximately 56,000 claims, asserting approximately $43 trillion in liability against the Commonwealth, HTA, COFINA, and ERS, have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

11.     This One Hundred Eighty-Second Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

12.     The Amended Omnibus Objection Procedures allow PREPA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy

Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

13.     The One Hundred Eighty-Second Omnibus Objection seeks to reclassify, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(2) and the Amended Omnibus Objection Procedures, the claims identified in the column titled "Asserted" in **Exhibit A** hereto (collectively, the "Incorrect Debtor Claims"), which identify as obligor PREPA, when such claims are properly asserted, if at all, against another of the Debtors.

14.     In each instance involving the Incorrect Debtor Claims, the claimant asserts, either in whole or in part, including liabilities associated with (*i*) municipal bond(s) and/or money loaned, (*ii*) salary or other compensation owed in connection with salary demands, employment, pensions, or services provided, (*iii*) allegedly unpaid tax refunds, (*iv*) unspecified violations of Puerto Rico law, and/or (*v*) other alleged obligations of other municipal entities or agencies within the Commonwealth, such as the Department of Education or the Department of the Family, but provided no valid legal justification for asserting a claim against PREPA.  Some of the Incorrect Debtor Claims state in the proof of claim or supporting documentation that the asserted liability, either in whole or in part, appropriately lies, if at all, with another of the Debtors, while other Incorrect Debtor Claims should be asserted against another of the Debtors, if at all, based upon the Debtors' review of the supporting documentation provided with the claim, such as the names and CUSIP information for the bonds issued by the Debtors, or the names of parties to lawsuits purportedly giving rise to the claim.  Accordingly, the Incorrect Debtor Claims should be reclassified, either in whole or in part, to be asserted against the Title III debtor(s) identified in the column titled "Corrected" in **Exhibit A** hereto (collectively, the "Reclassified Claims").  The Debtors reserve their right to object to the Reclassified Claims on any other grounds whatsoever.

15.     In support of the foregoing, PREPA relies on the *Declaration of Mark Shankweiler in Support of the One Hundred Eighty-Second Omnibus Objection (Non-Substantive) of the Puerto Rico Power Authority to Claims Asserted Against the Incorrect Debtor*, dated March 6, 2020, attached hereto as **Exhibit B**.

## NOTICE

1.      In accordance with the Omnibus Objection Procedures and the Court's Notice Order, PREPA has provided notice of this One Hundred Eighty-Second Omnibus Objection to (a) the individual creditors subject to this One Hundred Eighty-Second Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Tenth Amended Case Management Procedures* [ECF No. 8027-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  A copy of the notice for this One Hundred Eighty-Second Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the One Hundred Eighty-Second Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  PREPA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

16.     No prior request for the relief sought in this One Hundred Eighty-Second Omnibus Objection has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE PREPA respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting PREPA such other and further relief as is just.

Dated:  March 6, 2020                                                  Respectfully submitted,
        San Juan, Puerto Rico


                                                                       /s/ Ricardo Burgos Vargas
                                                                       Ricardo Burgos Vargas
                                                                       USDC No. 218210
                                                                       **A&S LEGAL STUDIO, PSC**
                                                                       434 Ave. Hostos
                                                                       San Juan, PR 00918
                                                                       Tel: (787) 751-6764/(787) 948-1025
                                                                       Fax: (787) 763-8260

                                                                       *Attorneys for the Financial Oversight and*
                                                                       *Management Board for Puerto Rico, as*
                                                                       *representative for Puerto Rico Electric*
                                                                       *Power Authority*

                                                                       /s/ Martin J. Bienenstock
                                                                       Martin J. Bienenstock (*pro hac vice*)
                                                                       Brian S. Rosen (*pro hac vice*)
                                                                       **PROSKAUER ROSE LLP**
                                                                       Eleven Times Square
                                                                       New York, NY 10036
                                                                       Tel:  (212) 969-3000
                                                                       Fax:  (212) 969-2900

                                                                       *Co-Attorneys for the Financial Oversight*
                                                                       *and Management Board for Puerto Rico, as*
                                                                       *representative for Puerto Rico Electric*
                                                                       *Power Authority*

**Fecha de la vista: 22 de abril de 2020, a las 09:30 a.m. (AST)**
**Fecha límite para responder: 07 de abril de 2020, a las 04:00 p.m. (AST)**

<div style="border:1px solid black; padding:10px">

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS
ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMO(S).**

</div>

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: | PROMESA |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | Título III |
| como representante de | Núm. 17 BK 3283-LTS |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*, | (Administrada Conjuntamente) |
| Deudores.[1] | **La presente radicación guarda relación con la AEE.** |

### CENTÉSIMA OCTOGÉSIMA SEGUNDA OBJECIÓN GLOBAL
### (NO SUSTANTIVA) DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO A RECLAMOS ALEGADOS CONTRA EL DEUDOR INCORRECTO

La Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), a través de la Junta de

Supervisión y Administración de Puerto Rico (la "Junta de Supervisión"), como representante de

la AEE conforme al artículo 315(b) de la *Ley para la Supervisión, Administración y Estabilidad*

*Económica de Puerto Rico* ("PROMESA"),[2] radica la presente centésima octogésima segunda

---

[1] Los Deudores en el marco de las presentes Causas radicadas conforme al Título III, junto con el respectivo número de causa radicada conforme al Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Causa de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Causa de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Causa de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Causa de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Causa de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Causa de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos del número federal de contribuyente: 3801) (Los números de las causas radicadas conforme al Título III están enumerados como números de causas de quiebra debido a ciertas limitaciones en el programa informático).

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

objeción global (la "Centésima octogésima segunda objeción global") a las evidencias de reclamos incorrectamente alegadas contra la AEE, total o parcialmente, cada una de las cuales aparece en el **Anexo A** del presente, y en apoyo de la Centésima octogésima segunda objeción global respetuosamente manifiesta lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme al artículo 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme al artículo 307(a) de PROMESA.

## ANTECEDENTES

**A.      Órdenes de fecha final**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a los artículos 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme al artículo 304(a) de PROMESA, iniciando una causa conforme al Título III de dicho cuerpo legal (la "Causa relativa al ELA radicada conforme al Título III"). El 3 de julio de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a los artículos 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la AEE conforme al artículo 304(a) de PROMESA, iniciando una causa al amparo del Título III del referido cuerpo legal (la "Causa de la AEE radicada conforme al Título III", denominadas conjuntamente con la Causa del ELA radicada conforme al Título III, las "Causas radicadas conforme al Título III"). El 6 de octubre de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de las Causas

radicadas conforme al Título III únicamente con fines procesales. Causa núm. 17 BK 4780, ECF
núm. 340.

4.        El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije
fechas límite y procedimientos para radicar Evidencias de reclamos y B) apruebe la forma y la
manera de su notificación* [núm. ECF 2255][3] (la "<u>Moción de fecha final</u>"). Por la Orden que *A)
fija fechas límite y procedimientos para radicar Evidencias de reclamos y B) aprueba la forma y
la manera de su notificación* [núm. ECF. 2521] (la "<u>Orden inicial de fecha final</u>"), el Tribunal
concedió el remedio solicitado en la Moción de fecha final y fijó fechas límite y procedimientos
para radicar evidencias de reclamos en el marco de las Causas radicadas conforme al Título III.
Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el
Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar Evidencias de
reclamos y B) aprobó la forma y la manera de su notificación* [núm. ECF 3160] (conjuntamente
con la Orden inicial de fecha final, las "<u>Órdenes de fecha final</u>"), extendiendo dichas fechas límite
hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.        AEE**

5.        La AEE es una corporación titularidad del Gobierno creada en 1941. *Véase* la Ley
núm. 83-1941, en su versión enmendada (la "<u>Ley sobre la Autoridad</u>") § 3.  La AEE genera y
distribuye esencialmente la totalidad de la energía eléctrica consumida en el ELA. [Causa núm. 17
BK 4780, ECF núm. 1 en 7]. La AEE es una de las empresas más importantes de suministro público
en los Estados Unidos, y suministra servicios a más de 1.5 millones de clientes.

---

[3]  Todas las citas ECF harán referencia a documentos radicados en el marco de la Causa de Quiebra Núm. 17 BK
3283-LTS.

**C.   Evidencias de reclamos, Procedimientos relativos a objeciones globales y Objeciones a reclamos**

6.      Hasta la fecha, se han radicado aproximadamente 177,000 evidencias de reclamos contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamos ascienden a un total de $43.6 billones en reclamos radicados contra los Deudores, además de los montos no liquidados reclamados.

7.      De las evidencias de reclamos radicadas, aproximadamente 4500 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra la AEE. De conformidad con las condiciones de las Órdenes de fecha final muchos de estos reclamos no tenían que haber sido radicados en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendados posteriormente, no alegar un reclamo por el que los Deudores sean responsables, estar duplicados en relación con otras evidencias de reclamos o no aportar información necesaria para que los Deudores determinen si el reclamo es válido.

8.      Para resolver, de manera eficaz, el mayor número posible de las evidencias de reclamos innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que a) apruebe procedimientos limitados relativos a objeciones globales, b) declare la renuncia al requisito contenido en la regla 3007(e)(6) de las Reglas de quiebras, y c) conceda el remedio relacionado* [núm. ECF 4052] (la "Moción de procedimientos globales"). El Tribunal concedió el remedio solicitado en la Moción de procedimientos globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden A) que aprueba procedimientos limitados relativos a objeciones globales, B) declara la renuncia al requisito contenido en la regla 3007(e)(6) de las Reglas de quiebras, y C) concede el remedio relacionado* [núm. ECF 4230]; *Procedimientos relativos a objeciones globales* [núm. ECF. 4230-

1] (conjuntamente, los "Procedimientos originales relativos a objeciones globales"). El 29 de
noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de
notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los
Procedimientos originales relativos a objeciones globales. *Véase Orden por la que se aprobaron
las versiones en inglés y en español de los formularios de notificación relativos a objeciones
globales* [núm. ECF 4381] (la "Orden de notificación").

9.      En aras del interés constante de resolver de una manera eficaz cualesquiera
evidencias de reclamos innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción
relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera
radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamos que
pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de
vista en relación con una Orden A) que apruebe procedimientos enmendados relativos a
objeciones globales, B) declare la renuncia a los requisitos contenidos en la regla 3007(e) de las
Reglas de quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio
relacionado* [núm. ECF 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado
por medio de la *Orden A) que aprueba procedimientos enmendados relativos a objeciones
globales, B) declara la renuncia a los requisitos contenidos en la regla 3007(e) de las Reglas de
quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado*
[núm. ECF 7440] (los "Procedimientos enmendados relativos a objeciones globales").

10.     Conforme a los Procedimientos originales relativos a objeciones globales y los
Procedimientos enmendados relativos a objeciones globales, el Tribunal celebró vistas vinculadas
con 123 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés
Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto

Rico ("ACT") y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE"), así como con 33 objeciones individuales. Tras las vistas celebradas el 30 de enero de 2019, y el 13 de marzo de 2019, el 24 de abril de 2019, el 12 de junio de 2019, el 24 de julio de 2019, el 11 de septiembre de 2019 y el 30 de octubre de 2019, el Tribunal declaró ha lugar a 74 objeciones globales y a 32 objeciones individuales, lo cual resultó en que miles de las evidencias de reclamos radicadas contra el ELA, la ACT, el SRE y/o COFINA fueron rechazadas y suprimidas, y cientos de otros reclamos fueron reclasificados como radicados contra otros Deudores. 22 objeciones globales a reclamos radicados contra el ELA, la ACT y el SRE fueron atendidas y concedidas oralmente el 11 de diciembre de 2019. Además, 57 objeciones globales a reclamos radicados contra el ELA, la ACT y el SRE fueron atendidas y concedidas oralmente el 29 de enero y el 4 de marzo de 2020. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 56,000 reclamos que reivindicaban aproximadamente $43 billones en responsabilidad contra el ELA, la ACT, COFINA y el SRE fueron rechazados y serán retirados del registro de reclamos en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

11.    La Centésima octogésima segunda objeción global se radica de conformidad con los procedimientos relativos a objeciones globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMOS

12.    Los Procedimientos enmendados relativos a objeciones globales permiten a la AEE radicar una objeción global a varias evidencias de reclamos sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule*

*of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos enmendados relativos a objeciones globales.

13.      La Centésima octogésima segunda objeción global pretende que se reclasifiquen, de conformidad con la regla 3007(d)(2) de las Reglas federales del procedimiento de quiebra y los Procedimientos enmendados relativos a objeciones globales, los reclamos identificados en la columna titulada "Alegados (*Asserted*")" en el **<u>Anexo A</u>** del presente documento (conjuntamente denominados, los "<u>Reclamos de deudores incorrectos</u>"), los cuales identifican como deudor a la AEE, cuando tales reclamos se han alegado, en su caso, contra otros Deudores.

14.      En cada uno de los casos relativos a Reclamos de deudores incorrectos, la demandante alega total o parcialmente incluyendo responsabilidades vinculadas con *i*) bono(s) municipal(es) y/o dinero prestado, *ii*) salario u otra remuneración adeudados en relación con las reivindicaciones salariales, laborales, de pensiones o servicios prestados, *iii*) devoluciones fiscales presuntamente impagadas, *iv*) incumplimientos no especificados de la normativa legal puertorriqueña y/o *v*) otras presuntas obligaciones de otras entidades u organismos municipales del ELA; por ejemplo el Departamento de Educación o el Departamento de la Familia, si bien no ha proporcionado ninguna justificación jurídica válida para alegar reclamos contra la AEE. Algunos de los Reclamos de deudores incorrectos manifiestan en la evidencia de reclamos o documentos justificativos que la responsabilidad alegada reside, total o parcialmente, de forma correcta (en su caso) en otros Deudores, mientras que otros Reclamos de deudores incorrectos deben alegarse (en su caso) ante otros Deudores, sobre la base del análisis por parte de los Deudores de la documentación justificativa proporcionada con el reclamo, como los nombres y la información de CUSIP de los bonos emitidos por los Deudores, o los nombres de las partes en las demandas que presuntamente dan lugar al reclamo. En consecuencia, los Reclamos de deudores

incorrectos deben ser reclasificados total o parcialmente como los alegados contra el/los deudor(es) constituido(s) conforme al Título III identificados en la columna titulada "Corregidos (*Corrected*)" en el **Anexo A** del presente documento (conjuntamente, los "Reclamos reclasificados"). Los Deudores se reservan el derecho a objetar a los Reclamos reclasificados sobre cualquier otro motivo que fuere.

15.    En apoyo de lo anterior, la AEE invoca la Declaración de Mark Shankweiler en apoyo de la Centésima octogésima segunda objeción global (no sustantiva) de la Autoridad de Energía Eléctrica de Puerto Rico a Reclamos alegados contra los deudores incorrectos, de fecha 6 de marzo de 2020, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

1.    De conformidad con los Procedimientos relativos a objeciones globales y la Orden de notificación del Tribunal, la AEE ha notificado la presente Centésima octogésima segunda objeción global a) a los acreedores individuales objeto de esta Centésima octogésima segunda objeción global, b) al Síndico estadounidense, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de causas enmendados núm. 10* [núm. ECF 8027-1]), disponibles en el sitio de causas del Deudor, en https://cases.primeclerk.com/puertorico. Una copia de la notificación relativa a la Centésima octogésima segunda objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Centésima octogésima segunda objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. La AEE sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## AUSENCIA DE SOLICITUDES PREVIAS

16.    No se ha radicado ninguna solicitud de remedio previa a la presente Centésima octogésima segunda objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

8

[*El resto de la página se deja en blanco intencionadamente.*]

POR LO QUE la AEE solicita respetuosamente que se dicte una orden, esencialmente en
la forma de la Orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el
remedio solicitado en el presente documento, y 2) que conceda la AEE cualesquiera otros remedios
que se consideren justos.

Fecha:  6 de marzo de 2020
        San Juan (Puerto Rico)

                                                Respetuosamente sometida,


                                                *[Firma en la versión en ingles]*
                                                Ricardo Burgos Vargas
                                                Núm. USDC: 218210
                                                **A&S LEGAL STUDIO, PSC**
                                                434 Ave. Hostos
                                                San Juan, PR 00918
                                                Tel.: (787) 751-6764/(787) 948-1025
                                                Fax: (787) 763-8260

                                                *Abogados de la Junta de Supervisión y
                                                Administración Financiera de Puerto Rico
                                                como representante de la Autoridad de
                                                Energía Eléctrica de Puerto Rico*


                                                *[Firma en la versión en ingles]*
                                                Martin J. Bienenstock (*pro hac vice*)
                                                Brian S. Rosen (*pro hac vice*)
                                                **PROSKAUER ROSE LLP**
                                                Eleven Times Square
                                                Nueva York, NY 10036
                                                Tel.: (212) 969-3000
                                                Fax: (212) 969-2900

                                                *Coabogados de la Junta de Supervisión y
                                                Administración Financiera de Puerto Rico
                                                como representante de la Autoridad de
                                                Energía Eléctrica de Puerto Rico*