UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |

FINAL CASE MANAGEMENT ORDER FOR REVENUE BONDS

On July 24, 2019, the Court issued an *Order Regarding Stay Period and Mandatory Mediation* (Docket Entry No. 8244 in Case No. 17-3283), which was thereafter extended by further court orders (Docket Entry Nos. 9016 and 9661 in Case No. 17-3283) (collectively, the "Stay Order"), that stayed the adversary proceedings and contested matters identified in Appendix I of the Stay Order. Further, the Stay Order directed the parties in these Title III proceedings to enter into a period of mandatory mediation overseen by Chief Bankruptcy Judge Barbara J. Houser (the "Mediation Team Leader"). The Stay Order required

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as the Commonwealth's and HTA's sole representative pursuant to Section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), along with the movants or plaintiffs in each of the adversary proceedings and contested matters identified in Appendix I of the Stay Order, and certain defendants, respondents, and parties in interest that had appeared in such proceedings, to participate in discussions and communications facilitated by the Mediation Team Leader. Among other things, the Mediation Team Leader commenced those discussions to facilitate the filing of substantially agreed scheduling orders with respect to certain adversary proceedings and contested matters relating to revenue bonds issued by Commonwealth instrumentalities.

The schedule set forth in this Final Case Management Order for Revenue Bonds governs: (i) *Ambac Assurance Corporation's Motion and Memorandum of Law in Support of Its Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (Docket Entry No. 7176 in Case No. 17-3283, as amended pursuant to the Court's decision on the record at the January 29, 2020, Omnibus Hearing granting the amendment motion filed at Docket Entry No. 10109 in Case No. 17-3283, the "PRIFA Lift Stay Motion"); (ii) the *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay or, in the Alternative, Adequate Protection* (Docket Entry No. 10102 in Case No. 17-3283, the "HTA Lift Stay Motion"); (iii) *Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty*

*Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon's Motion Concerning Application of the Automatic Stay to the Revenues Securing the CCDA Bonds* (Docket Entry No. 10104 in Case No. 17-3283, the "CCDA Lift Stay Motion", and together with the PRIFA Lift Stay Motion and the HTA Lift Stay Motion, the "Lift Stay Motions"); (iv) the adversary complaints that the Oversight Board filed on January 16, 2020, objecting to proofs of claim against the Commonwealth and/or HTA in respect to HTA, PRIFA, and CCDA proofs of claim (Docket Entry Nos. 1 in Adversary Proceeding Nos. 20-003, 20-004, 20-005, and 20-007, the "Revenue Bond Complaints"), filed by certain revenue bond creditors and monoline insurers (the "Claimants")[2]; and (v) the adversary proceedings seeking determinations regarding, *inter alia*, the HTA bondholders' asserted liens (Adv. Proc. Nos. 19-362, 19-363, 19-364, and 19-365, collectively, the "HTA Adversary Proceedings"). This document is being filed in all relevant Title III proceedings, relating to the respective adversary proceedings pending in each such proceeding.

Upon the *Amended Report and Recommendation of the Mediation Team* filed by the Mediation Team Leader, dated February 10, 2020 (the "Amended Report"), and the Court having found and determined that: (i) the Court has jurisdiction to consider amendments to the Amended Interim Case Management Order for Revenue Bonds dated January 31, 2020 (see Docket Entry No. 10595), and the relief requested therein under Section 306(a) of PROMESA; (ii) venue is proper before this Court pursuant to Section 307(a) of PROMESA; (iii) the relief requested is in the best interests of the Debtors, their creditors, and other parties in interest; (iv) the Debtors and Objectors were provided adequate and appropriate notice under the

---

[2]   A list of the Claimants is attached as Appendix A hereto.

circumstances and no other or further notice is required; and (v) after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1. **Lift Stay and Related Motions**

   a. **PRIFA Lift Stay Motion**

   - Briefing on the PRIFA Lift Stay Motion shall be as follows (unless the Court orders otherwise after the parties confer in accordance with subdivision 1.d below):

     o Any supplemental opposition on the issues of standing and secured status shall be filed by February 3, 2020 at 5:00 p.m. (Atlantic Standard Time).

     o Any supplemental reply on the foregoing issues shall be filed by March 23, 2020 at 5:00 p.m. (Atlantic Standard Time).

   b. **HTA Lift Stay Motion**

   - Briefing on the HTA Lift Stay Motion, as amended or as originally filed, shall be as follows (unless the Court orders otherwise after the parties confer in accordance with subdivision 1.d below):

     o Opposition to the HTA Lift Stay Motion, limited to the issues of standing and secured status: February 3, 2020 at 5:00 p.m. (Atlantic Standard Time).

     o Replies in support of the HTA Lift Stay Motion, limited to the issues of standing and secured status: March 23, 2020 at 5:00 p.m. (Atlantic Standard Time).

   c. **CCDA Lift Stay Motion**

   - Briefing on the CCDA Lift Stay Motion shall be as follows (unless the Court orders otherwise after the parties confer in accordance with subdivision 1.d below):

     o Opposition to the CCDA Lift Stay Motion, limited to the issues of standing and secured status: February 3, 2020 at 5:00 p.m. (Atlantic Standard Time).

     o Replies in support of the CCDA Lift Stay Motion, limited to the issues of standing and secured status: March 23, 2020 at 5:00 p.m. (Atlantic Standard Time).

     d.  The Court shall hold a preliminary hearing pursuant to 11 U.S.C. § 362(e)(1) on April 2, 2020 at 9:30 a.m. (Atlantic Standard Time) in New York, with video connection to San Juan, to determine whether the movants have standing to sue and security or other property interests in the relevant revenues. The Court will entertain applications to certify for appeal the Court's decision with respect to those preliminary issues. Unless the parties agree to a schedule that does not require a preliminary hearing, the lift stay movants shall be deemed to have waived the timetable set forth in Section 362(e) of the Bankruptcy Code through the forty-fifth day after the preliminary hearing. Within fourteen days after entry of the Court's preliminary ruling on any of the Lift Stay Motions, the parties shall meet and confer regarding (i) the schedule for any further discovery, briefing, and a final hearing, if necessary, with respect to such Lift Stay Motion(s) and (ii) consideration of how best to resolve outstanding issues and motion practice in the Revenue Bonds Adversary Proceeding, including whether and to what extent the Limited Summary Judgment Motion Practice remains necessary.

    2.  **Revenue Bond Complaints**—The litigation of the Revenue Bond Complaints, including litigation of motions to dismiss, is stayed except as set forth herein:[3]

- Limited Summary Judgment Motion Practice

    o Parties to the Revenue Bond Adversary Proceedings are permitted to file summary judgment motions addressing the following counts. Claimants' motions, if any, should address only those counts identified below as applicable to the particular Claimant.[4] The Court does not intend to entertain at this stage summary judgment motion practice going beyond these boundaries nor summary judgment motion practice that is shown to have material disputed factual underpinnings. Oppositions to summary judgment premised on arguments that particular causes of action upon which judgment

---

[3] In the event any additional parties are granted intervention in the adversary proceedings commenced by the Revenue Bond Complaints (the "Revenue Bond Adversary Proceedings") pursuant to Federal Rule of Bankruptcy Procedure 7024, briefing and other deadlines applicable to such parties shall be established in the order(s) granting such intervention. Further, to the extent any intervening parties wish to file briefs in the Revenue Bond Adversary Proceedings, such briefs shall be limited to issues not raised by the named parties in any applicable brief, and be limited to a maximum of seven (7) pages, not including caption and signature pages. This restriction is without prejudice to any party's, including intervenors', right to seek leave of the Court to file additional briefing in connection with such motions.

[4] Certain of these counts may be determined by decisions of the Court in connection with the Lift Stay Motions, which may be binding with respect to the summary judgment motion.

is being sought have not been pleaded adequately are not precluded by this Order. The Court will entertain applications to certify for appeal the Court's decision(s) with respect to any summary judgment motions.

- Adversary Proceeding No. 20-003:

  - Ambac Assurance Corporation ("Ambac"): Counts 5, 7, 11, 16, 17, 18, 22, 24

  - Assured Guarantee Corp. ("Assured"): Counts 31, 33, 37, 42, 43, 44, 48, 50

  - Financial Guaranty Insurance Company ("FGIC"): Counts 57, 59, 63, 68, 69, 70, 74, 76

  - U.S. Bank Trust N.A.: Counts 82, 84, 87, 92, 93, 94, 98, 100

- Adversary Proceeding No. 20-004:

  - Ambac: Counts 5, 9, 10, 11, 15, 17, 18, 21

  - Assured: Counts 26, 30, 31, 32, 36, 38, 39, 42

  - FGIC: Counts 47, 51, 52, 53, 57, 59, 60, 63

  - The Bank of New York Mellon, as fiscal agent ("BNYM"): Counts 66, 70, 71, 72, 76, 78, 79, 82

- Adversary Proceeding No. 20-005:

  - Ambac: Counts 5, 9, 10, 11, 15, 17, 18, 22

  - Assured: Counts 28, 32, 33, 34, 38, 40, 41, 45

  - Assured Guaranty Municipal Corp.: Counts 51, 55, 56, 57, 61, 63, 64, 68

  - National Public Finance Guarantee Corporation: Counts 74, 78, 79, 80, 84, 86, 87, 91

  - FGIC: Counts 97, 101, 102, 103, 107, 109, 110, 114

- Peaje Investments LLC: Counts 119, 123, 124, 125, 129, 131, 132, 136, 141, 145, 146, 147, 151, 153, 154, 158

- BNYM: Counts 162, 166, 167, 168, 172, 174, 175, 179, 183, 187, 188, 189, 193, 195, 196, 200

- Schedule for Summary Judgment Motion Practice:

    o Cross-motions for summary judgment: March 27, 2020, at 5:00 p.m. (Atlantic Standard Time)

    o Responses to any cross-motions for summary judgment: April 24, 2020, at 5:00 p.m. (Atlantic Standard Time)

    o Replies in support of any cross-motions for summary judgment: May 15, 2020, at 5:00 p.m. (Atlantic Standard Time)

    o A hearing on the cross-motions for summary judgment will be held on May 27, 2020, at 2:15 p.m. (Atlantic Standard Time) in New York.

3. **Conflict Related Motions**. The following deadlines govern motions, if any, that seek relief addressing alleged continuing conflicts of interest of the Oversight Board and the Government of Puerto Rico acting for both the Commonwealth and HTA, including, without limitation, any resolution of HTA's clawback claims against the Commonwealth, voting or objecting to any plan of adjustment addressing such claims and bringing or defending any avoidance or other claims under PROMESA affecting HTA (the "Conflict Motions"):

- Deadline for the filing of any Conflict Motions: the later of (i) 15 days after the Court's ruling in connection with the preliminary hearing on the HTA Lift Stay Motion, and (ii) 15 days after issuance of the First Circuit's decision resolving the appeal of the Court's *Memorandum Opinion and Order Denying Renewed Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Appointment as Trustees Under 11 U.S.C. § 926* (Docket Entry No. 9712 in Case No 17-3283). The Court will entertain timely requests to extend this deadline upon a showing of good cause. The Court reserves the right to deny any extensionrequest summarily.
    o Oppositions to any Conflicts Motions: 14 days following the deadline for filing Conflicts Motions

- o Replies in support of any Conflicts Motion: seven days following the deadline for filing oppositions

4. The Conflicts Motions, if any, will be taken on submission unless the Court schedules oral argument.

5. Except as provided for herein, should any of the parties to the Revenue Bond Complaints (including intervenors) seek to file additional motion practice that would directly or indirectly impact this schedule, or any future schedule to be determined by the parties in this action or the Court, such parties shall first seek leave of Court to file such motion.

6. **HTA Adversary Proceedings**— On the understanding that all issues raised in the Complaints and Counterclaims in the HTA Adversary Proceedings will be addressed in one or more of the Revenue Bond Adversary Proceedings, the HTA Adversary Proceedings shall remain stayed pending further order of the Court. If this understanding proves to be incorrect, parties to the HTA Adversary Proceedings may move the Court for appropriate relief.

7. The Oversight Board and Claimants are directed to meet and confer regarding the need for any modifications to this Final Case Management Order for Revenue Bonds, in the event that developments in cases currently on appeal warrant modifications, including, without limitation, developments in *Ambac Assurance Corp. v. Fin. Oversight and Mgmt. Bd.* (*In re Fin. Oversight and Mgmt. Bd.*), 927 F.3d 597 (1st Cir. 2019), *petition for cert. filed* (U.S. Sept. 23, 2019) (No. 19-387), and *Assured Guar. Corp. v. Fin. Oversight and Mgmt. Bd.* (*In re Fin. Oversight and Mgmt. Bd.*), 919 F.3d 121 (1st Cir. 2019), *petition for cert. filed* (U.S. Sept. 20, 2019) (No. 19-391).

8. In order to accommodate periods when counsel will be unavailable due to national holidays or religious observances, for the purposes of computing any time period specified in

this Order, the following dates shall be treated as a "legal holiday" within the meaning of Federal Rule of Bankruptcy Procedure 9006(a): January 20, 2020; February 17, 2020; March 9-11, 2020; April 9-11, 2020; April 15-17, 2020; May 25, 2020; May 28-29, 2020; July 3, 2020; September 7, 2020; September 18, 2020; September 28-29, 2020; October 5, 2020; October 12, 2020; November 11, 2020; November 26-27, 2020; and December 25, 2020.

9. In addition to the requirements for parties who seek to and are granted leave to intervene in the Revenue Bond Complaints as laid out in footnote 3 above, in all instances, any party filing a brief must certify that it has taken reasonable efforts to avoid duplication and submit a brief that is no longer than necessary. The Court will not view favorably briefs that are unduly repetitious or that duplicate arguments made elsewhere. Parties whose respective positions are aligned shall use reasonable efforts to draft a single brief and coordinate to minimize duplicative briefs. Those parties shall include a certification in their briefs confirming that they have taken such efforts.

10. Parties may seek relief from any stay imposed by this Order upon a showing of good cause. The Court reserves the right to deny any such application summarily.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this Final Case Management Order for Revenue Bonds.

12. This Final Case Management Order for Revenue Bonds shall be entered simultaneously in each of the applicable adversary proceedings identified in the attached Appendix B and in each Title III case docket corresponding to applicable contested matters identified in the attached Appendix B.

13. The Clerk of Court is requested to terminate Docket Entry No. 7176 in Case No. 17-3283, which has been superseded.

SO ORDERED.

Dated: March 10, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

## **Appendix A – List of Claimants**

- Ambac Assurance Corporation

- Assured Guaranty Corp. and Assured Guaranty Municipal Corp.

- The Bank of New York Mellon, as fiscal agent

- Financial Guaranty Insurance Company

- National Public Finance Guarantee Corporation

- Peaje Investments LLC

- U.S. Bank Trust N.A.

**Appendix B – List of Applicable Pending Adversary Proceedings and Contested Matters**

| | |
|---|---|
| Docket Entry No. 7176 in Case No. 17-3283 | *Ambac Assurance Corporation's Motion and Memorandum of Law in Support of Its Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (as amended and superseded) |
| Docket Entry No. 10102 in Case No. 17-3283 and Docket Entry No. 673 in Case No. 17-3567 | *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay or, in the Alternative, Adequate Protection* |
| Docket Entry No. 10104 in Case No. 17-3283 | *Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon's Motion Concerning Application of the Automatic Stay to the Revenues Securing the CCDA Bonds* |
| Adversary Proceedings | 19-AP-362; 19-AP-363; 19-AP-364; 19-AP-365; 20-AP-003; 20-AP-004; 20-AP-005; and 20-AP-007 |