# **EXHIBIT D**

| **From:** | Curtin, Thomas |
|---|---|
| **Sent:** | Wednesday, February 12, 2020 11:30 AM |
| **To:** | susheelkirpalani@quinnemanuel.com; erickay@quinnemanuel.com; johnshaffer@quinnemanuel.com; danielsalinas@quinnemanuel.com; matthewscheck@quinnemanuel.com; zacharyrussell@quinnemanuel.com |
| **Cc:** | Ellenberg, Mark; Natbony, Bill; Servais, Casey; Hawkins, Howard |
| **Subject:** | LCDC;  Rule 2019 Statements |

Counsel:

We write to you in your capacity as counsel to the Lawful Constitutional Debt Coalition (the "LCDC"), specifically to request clarification about the verified statements filed by the LCDC pursuant to Bankruptcy Rule 2019 (the "LCDC Statements").

The LCDC Statements do not comply with Bankruptcy Rule 2019,  with the Court's Case Management Procedures, or with prior orders from the Court regarding Rule 2019's disclosure requirements.  Those plainly require disclosure of each of LCDC members' disclosable economic interests against each Title III debtor.  However, the LCDC Statements simply lump each member's holdings against PBA and the Commonwealth together as "Constitutional Debt."  This defect has remained uncured even though PBA has been a Title III debtor since September 2019.   Likewise, the LCDC Statements fail to adequately set forth the nature and amount each member's disclosable economic interests, because they fail to specify (i) the amounts held by each member for early and late vintage public debt, and (ii) the acquisition dates for such holdings.

Assured hereby requests that the LCDC revise its prior LCDC Statements to specify (i) the nature and amount of each LCDC member's disclosable economic interests against *each* Title III Debtor (including PBA), and (ii) the amounts and acquisition dates of early vintage and late vintage claims held by each LCDC member.  Assured also requests that future LCDC Statements contain such information and to be promptly filed in accordance with the Case Management Procedures.  Please advise us no later than February 18, 2020 whether the LCDC intends to comply with this request.  Should the LCDC refuse to comply with this request, Assured intends to file a motion seeking relief under Bankruptcy Rule 2019, including, without limitation, seeking entry of an order compelling the LCDC's compliance with Rule 2019's disclosure requirements.

Thomas J. Curtin
Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel: +1 (212) 504-6063 | Fax: +1 (212) 504-6666
Thomas.Curtin@cwt.com | www.cadwalader.com

| | |
|---|---|
| **From:** | Curtin, Thomas |
| **Sent:** | Tuesday, February 18, 2020 5:33 PM |
| **To:** | kurt.mayr@morganlewis.com; david.lawton@morganlewis.com; shannon.wolf@morganlewis.com |
| **Cc:** | Ellenberg, Mark; Natbony, Bill; Servais, Casey; Miller, Atara; Mainland, Grant; Sosland, Martin - EXT (martin.sosland@butlersnow.com); Jason Callen (Jason.Callen@butlersnow.com) |
| **Subject:** | QTCB Rule 2019 Statements |

Counsel:

We write to you in your capacity as counsel to the ad hoc group of holders of Qualified School Construction Bonds ('QTCB Group"), specifically to request clarification about the verified statements filed by the QTCB Group pursuant to Bankruptcy Rule 2019 (the "QTCB Statements").

The QTCB Statements do not comply with Bankruptcy Rule 2019,  with the Court's Case Management Procedures, or with prior orders from the Court regarding Rule 2019's disclosure requirements.  Those plainly require disclosure of each QTCB Group member's disclosable economic interests against each Title III debtor.  However, the QTCB Statements simply lump each member's holdings against PBA and the Commonwealth together as "General Obligation Bonds."  This is so even though the body of the statement plainly discloses that the group members hold PBA Bonds (which are not general obligation bonds), and this defect has remained uncured even though PBA has been a Title III debtor since September 2019.   Indeed, the QTCB Group has not filed updated statements since the filing of the PBA petition, and one of its members has failed to disclose its holdings in HTA.  Likewise, the QTCB Statements fail to adequately set forth the nature and amount each member's disclosable economic interests, because they fail to specify (i) the amounts held by each member for both early and late vintage public debt, and (ii) the acquisition dates for such holdings.

Assured, Ambac, and FGIC hereby request that the QTCB Group revise its prior QTCB Statements to specify (i) the nature and amount of each QTCB Group member's disclosable economic interests against *each* Title III Debtor (including, without limitation, PBA), and (ii) the amounts and acquisition dates of early vintage and late vintage claims held by each QTCB Group member.  Assured, Ambac, and FGIC also request that future QTCB Statements contain such information and be promptly filed in accordance with the Case Management Procedures.  Please advise us no later than February 25, 2020 whether the QTCB Group intends to comply with this request.  Should the QTCB Group refuse to comply with this request, Assured, Ambac, and FGIC intend to file a motion seeking relief under Bankruptcy Rule 2019, including, without limitation, seeking entry of an order compelling the QTCB Group to comply with Rule 2019's disclosure requirements.

Thomas J. Curtin
Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel: +1 (212) 504-6063 | Fax: +1 (212) 504-6666
Thomas.Curtin@cwt.com | www.cadwalader.com