# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>   as representative of<br><br>The Commonwealth of Puerto Rico, et al.,<br><br>   Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### JOINT RESPONSE OF PSA CREDITORS TO MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO AMEND TENTH AMENDED NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES REGARDING DISCLOSURE REQUIREMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019

To the Honorable United States District Judge Laura Taylor Swain:

The Ad Hoc Group of Constitutional Debtholders (the "Constitutional Debt Group"),[1] Ad Hoc Group of General Obligation Bondholders (the "GO Group"),[2] Lawful Constitutional Debt Coalition (the "LCDC"),[3] and QTCB Noteholder Group (the "QTCB Group"[4] and, collectively

---

[1] The members of the Constitutional Debt Group and their respective holdings are set forth in the *Fifth Supplemental Verified Statement of the Ad Hoc Group of Constitutional Debtholders Pursuant to Federal Rule of Bankruptcy Procedure 2019* (ECF No. 10742).

[2] The members of the GO Group and their respective holdings are set forth in the *Sixth Supplemental Verified Statement of the Ad Hoc Group of General Obligation Bondholders Pursuant to Bankruptcy Rule 2019* (ECF No. 11431).

[3] The members of the LCDC and their respective holdings are set forth in the *Fifth Supplemental Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019* (ECF No. 11161).

[4] The members of the QTCB Group and their respective holdings are set forth in the *Fifth Supplemental Verified Statement of the QTCB Noteholder Group Pursuant to Bankruptcy Rule 2019* (ECF No. 11293).

with the Constitutional Debt Group, GO Group, and LCDC, the "PSA Creditors") hereby file[5] this joint response to the *Motion of Official Committee of Unsecured Creditors to Amend Tenth Amended Notice, Case Management and Administrative Procedures Regarding Disclosure Requirements Pursuant to Federal Rule of Bankruptcy Procedure 2019* (ECF No. 11746) (the "Motion"),[6] and respectfully state as follows:

1. Through the Motion, the Committee purports to request additional disclosures under Rule 2019(d), even though the rule itself does not support such relief. Applying the rule as written, the Motion should be denied. The PSA Creditors have complied with their obligations under the Bankruptcy Rules and this Court's prior orders, and will continue to do so.[7] The PSA Creditors nevertheless jointly submit additional voluntary disclosures on an aggregate basis, as set forth on Exhibit A.

2. On February 9, 2020, the Oversight Board, the PSA Creditors and certain other parties entered into a plan support agreement with the Oversight Board (the "PSA"). On February 28, 2020, pursuant to the PSA, the Oversight Board filed the *Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, (ECF No. 11946) (the "Plan") which proposes a settlement of significant disputes and claims as set forth therein to provide a constructive and consensual path to resolution of these Title III cases.

---

[5] The PSA Creditors file this joint response exclusively on their own behalves and do not assume any fiduciary or other duties to any other creditor or person.

[6] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[7] Rule 2019(d) as incorporated into the Case Management Procedures provides that "[i]f any fact disclosed in the Rule 2019(b) Group's most recently filed statement (including, but not limited to, information concerning the composition of the Rule 2019(b) Group) changes materially, the Rule 2019(b) Group must file a supplemental verified statement contemporaneously with or within 48 hours after the next instance in which the Rule 2019(b) Group takes a position before the Court. . . . The absence of such a supplemental statement shall be deemed a representation that no material changes have occurred." Case Management Procedures IV. C.

3. Even before the Committee filed the Motion, certain PSA Creditors separately listed Commonwealth GO bond obligations and GO guarantee obligations when filing supplemental Rule 2019 statements. Such prior disclosures satisfied Rule 2019, and no further disclosure is required. Indeed, the Motion is directed more at Plan-related discovery than the disclosure actually required by Rule 2019.

4. First, entering into an agreement with the Oversight Board—much less an agreement that has already been terminated, such as the plan support agreement executed by certain creditors last May—does not constitute a pleading, proof of claim, informative motion, or any other position before the court in the Title III cases. The Committee cites no support for suggesting otherwise because none exists. The Oversight Board is the party with exclusive power to formulate and file any plan of adjustment it believes appropriate, and it will need to meet the requirements of confirmation at the appropriate time; that the Committee is unhappy with the Oversight Board's decision to settle litigation the Committee still wishes to bring is no cause to impose additional extra-statutory burdens on creditors.

5. Second, the Committee seeks what it calls "precise series" disclosure that is neither required by Rule 2019 nor otherwise reasonable. Indeed, it even demands unwarranted retroactive series-specific disclosure of GO bonds and GO guaranteed obligations according to Plan classification in an attempt to harass the parties who negotiated the PSA in good faith to advance these cases. Such unprecedented detail is not required under Rule 2019 and creates an unfair burden on creditors for the remainder of the case. Moreover, detailed disclosure of holdings based on the proposed classification in the Plan should not be required during a period before the Plan was even filed. Further, many PSA signatories are not members of Rule 2019 Groups and thus

expanded Rule 2019 disclosure would not provide accurate information regarding the aggregate class-specific PSA support, which is the only arguably relevant information the UCC is seeking.

6. Third, all parties to the PSA are obligated thereunder to provide periodic holdings information updates to the Oversight Board so that the party prosecuting confirmation of the Plan would have the most accurate aggregate information. The PSA Creditors suggest, therefore, that a superior method for the Court and parties in interest to know the total level of PSA support is for the Oversight Board to include PSA signatories' holdings for each Plan class in its weekly public PSA updates.[8] In any event, such disclosure may be made by the Oversight Board in an update to its disclosure statement.

7. Notwithstanding that additional disclosure from Rule 2019 Groups is not required pursuant to Rule 2019—and that the PSA Creditors only have access to their own holdings—the PSA Creditors herewith voluntarily disclose their aggregate PSA holdings broken out by the classes contained in the Plan as of the date the Plan was filed (February 28, 2020) as <u>Exhibit A</u> hereto.[9]

8. Accordingly, for the reasons set forth herein, the Motion should be denied.

---

[8] The PSA Creditors have already asked the Oversight Board to provide such disclosure.

[9] The information set forth herein (including Exhibit A attached hereto) is based on information provided to the undersigned counsel by each of their respective clients. Such counsel states that the holdings information included herein for their respective clients is true and accurate, to the best of their knowledge and belief.

DATED: March 10, 2020

Respectfully submitted,

| | |
|---|---|
| **REICHARD & ESCALERA** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| By : */s/ Rafael Escalera* | |
| **Rafael Escalera** | **Susheel Kirpalani** (*pro hac vice*) |
| USDC No. 122609 | susheelkirpalani@quinnemanuel.com |
| escalera@reichardescalera.com | |
| | **K. John Shaffer** (*pro hac vice*) |
| **Sylvia M. Arizmendi** | johnshaffer@quinnemanuel.com |
| USDC-PR 210714 | |
| arizmendis@reichardescalera.com | **Daniel Salinas** |
| | USDC-PR 224006 |
| **Carlos R. Rivera-Ortiz** | danielsalinas@quinnemanuel.com |
| USDC-PR 303409 | |
| riverac@reichardescalera.com | **Eric Kay** (*pro hac vice*) |
| | erickay@quinnemanuel.com |
| 255 Ponce de León Avenue | |
| MCS Plaza, 10th Floor | **Zachary Russell** (*pro hac vice*) |
| San Juan, Puerto Rico 00917-1913 | zacharyrussell@quinnemanuel.com |
| | |
| | 51 Madison Avenue, 22nd Floor |
| | New York, New York 10010-1603 |

*Co-Counsel for the Lawful Constitutional Debt Coalition*

| | |
|---|---|
| **G. CARLO-ALTIERI LAW OFFICES, LLC** | **MORRISON & FOERSTER LLP** |
| By: */s/ Gerardo A. Carlo* | By: */s/ Gary S. Lee* |
| Gerardo A. Carlo | James M. Peck (admitted *pro hac vice*) |
| USDC PR No. 112009 | Gary S. Lee (admitted *pro hac vice*) |
| Telephone: (787) 247-6680 | James A. Newton (admitted *pro hac vice*) |
| gacarlo@carlo-altierilaw.com | Andrew R. Kissner (admitted *pro hac vice*) |
| | 250 West 55th Street |
| By: */s/ Mª Mercedes Figueroa y Morgade* | New York, New York 10019 |
| Mª Mercedes Figueroa y Morgade | Telephone: (212) 468-8000 |
| USDC PR No. 207108 | Facsimile: (212) 468-7900 |
| Telephone: (787) 234-3981 | jpeck@mofo.com |
| figueroaymorgadelaw@yahoo.com | glee@mofo.com |
| | jnewton@mofo.com |
| 254 San Jose St., Third Floor | akissner@mofo.com |
| San Juan, Puerto Rico 00901 | |
| Telephone: (787) 247-6680 | |
| Facsimile: (787) 919-0527 | |

*Counsel for the Ad Hoc Group of Constitutional Debtholders*

| | |
|---|---|
| **JIMÉNEZ, GRAFFAM & LAUSELL** | **WILLKIE FARR & GALLAGHER LLP** |
| /s/ *Ramón Rivera Morales* | /s/ *Mark T. Stancil* |
| J. Ramón Rivera Morales | Mark T. Stancil (admitted *pro hac vice*) |
| USDC-PR Bar No. 200701 | 1875 K Street, N.W. |
| Andrés F. Picó Ramírez | Washington, DC 20006 |
| USDC-PR Bar No. 302114 | Telephone: (202) 303-1133 |
| P.O. Box 366104 | Facsimile: (202) 303-2133 |
| San Juan, PR 00936 | Email: mstancil@willkie.com |
| Telephone: (787) 767-1030 | |
| Facsimile: (787) 751-4068 | |
| Email: rrivera@jgl.com | |
| | |
| **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** | **ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP** |
| /s/ *Andrew N. Rosenberg* | /s/ *Lawrence S. Robbins* |
| Andrew N. Rosenberg (admitted *pro hac vice*) | Lawrence S. Robbins (admitted *pro hac vice*) |
| Karen R. Zeituni (admitted *pro hac vice*) | Gary A. Orseck (admitted *pro hac vice*) |
| 1285 Avenue of the Americas | Donald Burke (admitted *pro hac vice*) |
| New York, NY 10019 | 2000 K Street, N.W., 4th Floor |
| Telephone: (212) 373-3000 | Washington, DC 20006 |
| Email: arosenberg@paulweiss.com | Telephone: (202) 775-4500 |
| | Facsimile: (202) 775-4510 |
| | Email: lrobbins@robbinsrussell.com |

*Co-Counsel for the Ad Hoc Group of General Obligation Bondholders*

| | |
|---|---|
| **MORGAN, LEWIS & BOCKIUS LLP** | **CORREA-ACEVEDO & ABESADA LAW OFFICES, PSC** |
| */s/ Kurt A. Mayr* | */s/ Sergio Criado* |
| Kurt A. Mayr (admitted pro hac vice) | Sergio Criado |
| David L. Lawton (admitted pro hac vice) | USDC-PR No. 226307 |
| Shannon B. Wolf (admitted pro hac vice) | Roberto Abesada-Agüet |
| One State Street | USDC-PR No. 216706 |
| Hartford, CT 06103-3178 | Centro Internacional de Mercadeo, Torre II |
| Tel. (860) 240-2700 | # 90 Carr. 165, Suite 407 |
| Fax: (860) 240-2701 | Guaynabo, P.R. 00968 |
| kurt.mayr@morganlewis.com | Tel. (787) 273-8300 |
| david.lawton@morganlewis.com | Fax (787) 273-8379 |
| shannon.wolf@morganlewis.com | ra@calopsc.com |
| | scriado@calopsc.com |
| Sabin Willett (admitted pro hac vice) | |
| One Federal Street | |
| Boston, MA 02110-1726 | |
| Tel: (617) 951-8775 | |
| sabin.willett@morganlewis.com | |

*Co-Counsel for the QTCB Noteholder Group*

## EXHIBIT A

| Aggregate Holdings of PSA Creditors | | |
|---|---:|---:|
| | As of February 28, 2020 | |
| **Classification** | **Principal**[1] | **Claim**[2] |
| Vintage CW Bonds (Uninsured) | $1,552,438,512.00 | $1,662,794,933.75 |
| Vintage CW Bonds (Insured) | 160,538,145.80 | 171,726,730.26 |
| 2011 CW Bonds (Uninsured) | 77,414,000.00 | 83,616,468.28 |
| 2011 CW Bonds (Insured) | - | - |
| 2011 CW Series D/E/PIB Bonds (Uninsured) | 254,280,000.00 | 273,530,354.86 |
| 2011 CW Series D/E/PIB Bonds (Insured) | - | - |
| 2012 CW Bonds (Uninsured) | 1,069,872,000.00 | 1,139,812,337.61 |
| 2012 CW Bonds (Insured) | - | - |
| 2014 CW Bonds | 2,208,296,000.00 | 2,420,677,991.49 |
| Vintage PBA Bonds (Uninsured) | 1,072,335,945.42 | 1,271,432,164.30 |
| Vintage PBA Bonds (Insured) | 1,615,000.00 | 2,023,197.57 |
| 2011 PBA Bonds | 835,370,444.06 | 940,050,188.54 |
| 2012 PBA Bonds | 333,293,000.00 | 389,677,088.27 |
| **Total** | **$7,565,453,047.28** | **$8,355,341,454.93** |

---

[1] Represents face amounts for current interest bonds and accreted amount through February 28, 2020 for capital appreciation bonds.

[2] Represents face amount plus accrued and unpaid interest through, but not including, the respective Petition Date for current interest bonds. Represents accreted amount through, but not including, Petition Date for capital appreciation bonds.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the parties of record.

                                    /s/ *Sergio Criado*

USDC-PR 226307