**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>　　　　　　　Debtors.[1] | PROMESA Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**URGENT MOTION REGARDING BRIEFING AND HEARING SCHEDULE FOR CROSS-MOTION AND STATEMENT IN SUPPORT ON BEHALF OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AMBAC ASSURANCE CORPORATION, AND FINANCIAL GUARANTY INSURANCE COMPANY WITH RESPECT TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO AMEND TENTH AMENDED CASE MANAGEMENT PROCEDURES AND ADMINISTRATIVE PROCEDURES REGARDING DISCLOSURE REQUIREMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019**

To the Honorable United States District Court Judge Laura Taylor Swain:

　　　Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, and Financial Guaranty Insurance Company (the "Movants") respectfully submit this urgent motion (the "Urgent Motion") with respect to the *Cross-Motion and Statement in Support on Behalf of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac*

---

[1]　　The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Assurance Corporation, and Financial Guaranty Insurance Company with Respect to Motion of the Official Committee of Unsecured Creditors to Amend Tenth Amended Case Management Procedures and Administrative Procedures Regarding Disclosure Requirements Pursuant to Federal Rule of Bankruptcy Procedure 2019* (Case No. 17 BK 3283-LTS ECF No. 12216) (the "Cross-Motion").

1. On February 25, 2020, the Official Committee of Unsecured Creditors (the "UCC") filed the *Motion Requesting Entry of Order Setting Briefing Schedule and Hearing (if Any) on Motion of Official Committee of Unsecured Creditors to Amend Tenth Amended Notice, Case Management and Administrative Procedures Regarding Disclosure Requirements Pursuant to Federal Rule of Bankruptcy Procedure 2019.* (the "UCC Scheduling Motion") (Case No. 17 BK 3283-LTS ECF No. 11747). That same day, the UCC filed the *Motion of the Official Committee of Unsecured Creditors to Amend Tenth Amended Case Management Procedures and Administrative Procedures Regarding Disclosure Requirements Pursuant to Federal Rule of Bankruptcy Procedure 2019* (ECF No. 11746) (the "UCC Motion").

2. The UCC Motion generally seeks amendments to the *Eleventh Amended Case Management Procedures,* including, among other thing things, disclosure of PBA and GO bonds by series. Specifically, the UCC Motion seeks disclosure of GO and PBA bonds based upon the "vintage" (*i.e.*, the date of issuance) of such bond claims. This affords all stakeholders with the opportunity to review the economic positions taken by various Rule 2019(b) groups within the debtors' capital structures. The UCC Motion also requests that the relief sought in the UCC Motion should apply retroactively to verified statements filed by Rule 2019(b) groups.

3. In the UCC Scheduling Motion, the UCC requested that, "given the [Financial] Oversight [and Management] Board's recent request for an accelerated schedule for

the approval of a disclosure statement, the Rule 2019 Motion should be heard prior to the April 22, 2020 omnibus hearing." (UCC Motion ¶ 6). But the UCC left it "to the Court's discretion to set the briefing and hearing (if any) schedule." *Id.*

4. On February 26, 2020, the Court issued an *Order Scheduling Briefing on Motion of Official Committee of Unsecured Creditors to Amend Tenth Amended Notice, Case Management and Administrative Procedures Regarding Disclosure Requirements Pursuant to Federal Rule of Bankruptcy Procedure 2019* (the "Order") (Case No. 17 BK 3283-LTS ECF No. 11770).

5. In the Order, the Court stated that objections or responses to the UCC Motion must be filed by **March 10, 2020, at 5:00 p.m. (Atlantic Standard Time)** and replies to any objections or responses must be filed and served by **March 17, 2020, at 5:00 p.m. (Atlantic Standard Time)**. The Court further ordered that it would then take the UCC Motion on submission unless the Court orders otherwise.

6. As discussed in the Cross-Motion, the Movants support the relief sought in the UCC Motion, but believe that certain additional disclosures should be required from Rule 2019(b) groups. Specifically, in the Cross-Motion, Movants seek disclosure of: (i) cross-holdings in Title III debtors (*e.g.*, HTA), (ii) disclosure of COFINA restructuring bond holdings, and (iii) bond claims held against the Puerto Rico Convention Center District Authority and the Puerto Rico Infrastructure Authority. As set forth in the Cross-Motion, Movants believe that disclosure of such information is required under Rule 2019, because such bond claims are disclosable economic interests. Moreover, such information should be disclosed because certain positions taken within the debtors' capital structures (including holding certain COFINA restructuring bond claims) may present serious conflicts of interest and may explain why certain provisions of the

plan support agreement appear to give away the Commonwealth's share of the sales and use tax to COFINA senior restructuring bonds for no consideration. Thus, while the Cross-Motion largely responds to the UCC Motion and seeks only modest changes to the *Eleventh Amended Case Management Procedures*, Movants are cross-moving out of an abundance of caution. These amendments to the Eleventh Amended Case Management Procedures are being sought even though Movants believe that such bond claims are disclosable economic interests that are already required to be disclosed under Rule 2019.

7. Joint consideration of the UCC Motion and Cross-Motion is warranted. As set forth above, there is significant overlap between the issues raised in Cross-Motion and the issues raised in the UCC Motion. Both motions seek disclosure of bond claims (including vintage of the GO and PBA bonds held by Rule 2019(b) group members) and both motions seek amendments to the *Eleventh Amended Case Management Procedures*. In light of overlapping issues between the Cross-Motion and the UCC Motion and the fact that both Motions seek to amend the *Eleventh Amended Case Management Procedures*, the Movants respectfully submit that it would be most efficient for this Court to consider the Cross-Motion and UCC Motion at the same time.

8. As set forth in the Order, the deadline for the Committee to file a reply in support of the UCC Motion is currently March 17, 2020 at 5:00 pm (Atlantic Standard Time), and the Court will thereafter take the UCC Motion on submission (unless the Court later determines that a hearing is necessary).

9. Therefore, in order to keep the current schedule set forth in the Order, Movants propose that any responses to the additional disclosures sought in the Cross-Motion shall be due **March 17, 2020 at 5:00 pm** (Atlantic Standard Time, which is when the Committee must

file its reply in support of the UCC Motion), and that any replies or any statements in support of the Cross Motion would be **March 24, 2020 at 5:00 pm (Atlantic Standard Time)**, which is consistent with the 7-day period between the objection deadline (March 10) and the reply deadline (March 17) under the original Order. This proposed schedule will afford any objectors with the opportunity to respond solely to the additional disclosure requirements requested in the Cross-Motion, while at the same time allowing this Court to consider at one time proposed amendments to the Eleventh Amended Case Management Procedures.

## NOTICE

10. Notice of this Urgent Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the U.S. Attorney for the District of Puerto Rico; (iii) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (iv) the Financial Oversight and Management Board; (v) the Official Committee of Unsecured Creditors; (vi) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; (vii) the insurers of the bonds issued or guaranteed by the Debtors; (viii) certain *ad hoc* groups of holders of bonds issued or guaranteed by the Debtors; and (ix) all parties that have filed a notice of appearance in the above-captioned Title III cases.

## CERTIFICATION

11. In accordance with Section I.H. of the *Eleventh Amended Case Management Procedures* (Case No. 17 BK 3283-LTS ECF No. 11885-1), the undersigned counsel certify that they have engaged in reasonable, good-faith communications with the UCC concerning the relief sought in the Cross-Motion, and also sought prior consent to the briefing schedule from counsel to the Lawful Constitutional Debt Coalition and the ad hoc group of Qualified School Construction Bonds (the "Rule 2019(b) Groups"). The UCC did not object to the proposed

briefing schedule and Movants have adopted the UCC's suggestions with respect to the briefing schedule. At the time of the filing of this Urgent Motion, counsel to the Rule 2019(b) Groups had not yet responded to Movants' inquiry. As required by Local Bankruptcy Rule 9013-1(a)(2), the undersigned counsel certify that (i) counsel has carefully examined the matter and concluded that there is a true need for expedited consideration of the Urgent Motion in light of the briefing schedule established in the Order, and (ii) the undersigned counsel have not created the urgency through lack of due diligence on their part.

## **NO PRIOR REQUEST**

12. No prior request for the relief requested herein has been made by the Movants to this or to any other court.

WHEREFORE, Movants respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit A granting the relief requested herein and granting such other relief as this Court deems just and proper.

*[Remainder of page intentionally blank.]*

Dated: March 10, 2020
New York, New York

| **CASELLAS ALCOVER & BURGOS P.S.C.** | **CADWALADER, WICKERSHAM & TAFT LLP** |
|---|---|
| By: /s/ *Heriberto Burgos Pérez* <br> Heriberto Burgos Pérez <br> USDC-PR No. 204,809 <br> Ricardo F. Casellas-Sánchez <br> USDC-PR No. 203,114 <br> Diana Pérez-Seda <br> USDC–PR No. 232,014 <br> P.O. Box 364924 <br> San Juan, PR 00936-4924 <br> Tel.: (787) 756-1400 <br> Fax: (787) 756-1401 <br> E-mail: hburgos@cabprlaw.com <br> rcasellas@cabprlaw.com <br> dperez@cabprlaw.com <br><br> *Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | By: /s/ *Howard R. Hawkins, Jr.* <br> Howard R. Hawkins, Jr.* <br> Mark C. Ellenberg* <br> William J. Natbony* <br> Ellen M. Halstead* <br> Thomas J. Curtin* <br> Casey J. Servais* <br> 200 Liberty Street <br> New York, New York 10281 <br> Tel.: (212) 504-6000 <br> Fax: (212) 406-6666 <br> Email: howard.hawkins@cwt.com <br> mark.ellenberg@cwt.com <br> bill.natbony@cwt.com <br> ellen.halstead@cwt.com <br> thomas.curtin@cwt.com <br> casey.servais@cwt.com <br><br> * Admitted pro hac vice <br><br> *Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

| FERRAIUOLI LLC | MILBANK LLP |
|---|---|
| By: */s/ Roberto Cámara-Fuertes* <br> Roberto Cámara-Fuertes (USDC-PR No. 219002) <br> Sonia Colón (USDC-PR No. 213809) <br> 221 Ponce de León Avenue, 5th Floor <br> San Juan, PR 00917 <br> Telephone: (787) 766-7000 <br> Facsimile: (787) 766-7001 <br> Email: rcamara@ferraiuoli.com <br> scolon@ferraiuoli.com | By: */s/ Atara Miller* <br> Dennis F. Dunne <br> Atara Miller* <br> Grant R. Mainland* <br> Jonathan Ohring* <br> 55 Hudson Yards <br> New York, NY 10001 <br> Telephone: (212) 530-5000 <br> Facsimile: (212) 530-5219 <br> Email: ddunne@milbank.com <br> amiller@milbank.com <br> gmainland@milbank.com <br> johring@milbank.com |

*Admitted pro hac vice

*Counsel for Ambac Assurance Corporation*

| | |
|---|---|
| REXACH & PICÓ, CSP | BUTLER SNOW LLP |

By: */s/ María E. Picó*  
    María E. Picó  
    USDC-PR 123214  
    802 Ave. Fernández Juncos  
    San Juan PR 00907-4315  
    Telephone: (787) 723-8520  
    Facsimile: (787) 724-7844  
    E-mail: mpico@rexachpico.com

*Attorney for Financial Guaranty Insurance Company*

By: */s/ Martin A. Sosland*  
    Martin A. Sosland (*pro hac vice*)  
    5430 LBJ Freeway, Suite 1200  
    Dallas, TX 75240  
    Telephone: (469) 680-5502  
    Facsimile: (469) 680-5501  
    E-mail: martin.sosland@butlersnow.com

*\*Admitted pro hac vice in Case No. 17-BK-03283-LTS and Case No. 17-BK-03567-LTS*

Jason W. Callen  
150 3rd Ave., S., Suite 1600  
Nashville, TN 37201  
Telephone: 615-651-6774  
Facsimile: 615-651-6701  
Email: jason.callen@butlersnow.com

*\*Admitted pro hac vice in Case No. 17-BK-03283-LTS and Case No. 17-BK-03567-LTS*

*Attorneys for Financial Guaranty Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case.

At New York, New York, 10th day of March, 2020.

By: /s/ *Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*
* Admitted pro hac vice