UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>    Debtor.[1] | PROMESA Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>    Debtor. | PROMESA Title III<br><br>Case No. 19 BK 5523-LTS<br><br>(Jointly Administered)<br><br>This Order relates only to PBA. |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

ORDER (A) ESTABLISHING
DEADLINES AND PROCEDURES FOR FILING PROOFS OF CLAIM
AND (B) APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the *Motion of the Puerto Rico Public Buildings Authority for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof*, dated February 11, 2020 (Docket Entry No. 36 in Case No 19-5523, the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of PBA, its creditors, and other parties in interest; and the Court having found that PBA provided adequate and appropriate notice of the Motion and the relief requested therein under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements of counsel in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been resolved as set forth herein, or withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Bar Date Notice, substantially in the form annexed hereto as Exhibit 1-A, the Reminder Notice, substantially in the form annexed hereto as Exhibit 1-B, the Proof of Claim

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Form, substantially in the form annexed hereto as Exhibit 2, the Special Notice to Pension, Retiree, and Employee Claimants, substantially in the form annexed hereto as Exhibit 3, are approved.

3. The following Bar Dates are hereby established:

   a. **General Bar Date**: **4:00 p.m. (Atlantic Standard Time) on April 30, 2020**, is the deadline (the "General Bar Date") for filing proofs of claim (as defined in Bankruptcy Code section 101(5)), against PBA on account of (i) claims arising, or deemed to have arisen, prior to September 27, 2019, the commencement date for the PBA Title III case, including, for the avoidance of doubt, claims arising under Bankruptcy Code section 503(b)(9), and (ii) claims asserted by governmental units (as defined in Bankruptcy Code section 101(27));

   b. **Rejection Bar Date**: Except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, **4:00 p.m. (Atlantic Standard Time) on the date that is the later of (i) the General Bar Date and (ii) the first business day that is thirty-five (35) calendar days after the entry of an order by the Court authorizing such rejection** is the deadline for a party to any such rejected executory contract or unexpired lease to file proofs of claim relating to the rejection of such contract or lease (the "Rejection Bar Date," and together with the General Bar Date, the "Bar Dates"); and

   c. **Bar Date if Creditor List is Amended or Supplemented**: If, after the Bar Date Notice is served, PBA (a) amends its Creditor List to reduce a claim and/or to change the classification, nature or characterization of a claim, or (b) supplements its respective Creditor List, PBA shall give notice of any amendment or supplement to the holders of claims reduced or changed thereby, and advise such holders they shall each have until the **later of (i) the General Bar Date and (ii) thirty-five (35) days from the date of such notice** to file a proof of claim, or an amended proof of claim, if applicable, or be barred from so doing.

4. Persons Required to File Proofs of Claim by the Applicable Bar Dates. Except as set forth below, the Bar Dates apply to each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust, or governmental unit) asserting a claim against PBA.

5. The following persons and entities are permitted and authorized, but are not required, to file Master Proofs of Claim; provided, however, that individual holders of any claim

for which a Master Proof of Claim may be filed shall not be precluded from filing a proof of claim on account of their claims and interests:

    a. Bond Claims.[3] The indenture trustees, fiscal agents, or any similar agent or nominee (each, a "Bond Representative") for each respective series of bonds issued by PBA (to the extent such Bond Representative exists)[4] may file a master proof of claim (each, a "Bond Debt Master Proof of Claim") against PBA[5] on behalf of themselves and all holders of bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond document.[6]

    b. Union Claims. Each union may file a separate master proof of claim on behalf of its respective constituents (each, a "Union Master Proof of Claim") against PBA on account of all obligations due under their respective collective bargaining agreements or applicable statutes.

6. Persons NOT Required to File Proofs of Claim by the Applicable Bar Dates. The following persons and entities are **not** required to file a proof of claim on or before the applicable Bar Dates:

    a. Allowed Claims: Any person or entity whose claim was previously allowed by an order of this Court entered on or before the applicable Bar Date;

    b. Paid Claims: Any person or entity whose claim was paid in full by PBA, including claims paid by PBA after the commencement date of its Title III Case;

    c. Proofs of Claim Already Filed: Any person or entity who already properly filed a proof of claim, which substantially conforms to the Proof of Claim

---

[3] For the avoidance of doubt, a Bond Representative may file one Bond Debt Master Proof of Claim on behalf of all series of bonds issued by the same issuer (regardless of whether such issuer is a Debtor or non-debtor) under the issuer's respective Bond Documents, including multiple series of bonds by the same issuer under different Bond Documents, provided such series of bonds have the same priority.

[4] To the extent PBA becomes aware of any series of bonds issued by PBA that do not have a Bond Representative, PBA may propose supplemental procedures regarding filing proofs of claim and related deadlines that would be applicable to holders of such bonds.

[5] For the avoidance of doubt, such Bond Representative may file one master proof of claim on behalf of all series of bonds issued under the same trust agreement or similar document, provided such series of bonds assert the same priority.

    Form, in this Title III Case with the Court or PBA's claims and noticing agent;

d. <u>Claims Properly Listed and Categorized on Creditor Lists</u>: Any person or entity whose claim is listed on one of the Creditor Lists and (i) the claim is not listed as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount and nature of the claim as set forth on the applicable Creditor List, and (iii) the person or entity does not dispute that the claim is an obligation of PBA;

e. <u>Pension Claims</u>: With respect to pension benefits and any and all other post-retirement benefits, any retiree, active employee, and former employee of PBA (including any former employee of PBA receiving early pension, financial incentive, or other benefits provided under Act No. 70-2010 or Act No. 211-2015 or similar laws or programs), or any person who is or was a participant in a pension plan administered by PBA, and any beneficiary of any the foregoing persons ("Pension Claims"); <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (l) of this Order by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

f. <u>Union or Non-Union Employee Claims</u>: Any union-represented or non-union represented employee, furloughed employee, or former employee for compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance benefits or workers' compensation claims ("Compensation Claims"); <u>provided</u>, <u>however</u>, that Compensation Claims shall not include claims asserted or to be asserted in any lawsuit or administrative proceeding based on tort or non-employment-related common law, statutory law, or regulation even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits;

g. <u>Individual Union Members' Claims</u>: Any person or entity that holds a claim limited to obligations due under their respective collective bargaining agreements, including, but not limited to, grievances, or claims arising from their current or former employment relationship with PBA ("CBA Claims"); <u>provided</u>, <u>however</u>, that any such holder must assert (I) a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (l) of this Order, or (II) a claim for a grievance that has been resolved and liquidated by settlement or arbitration award as of September 27, 2019 (such claim, a "Resolved Grievance"), by filing a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

h. <u>Individual Bondholder Claims Covered by Timely Filed Bond Master Proof of Claim</u>: Any person or entity that holds a claim that is limited to the

    repayment of principal, interest and other fees and expenses, to the extent the relevant Bond Representative files a Bond Debt Master Proof of Claim against PBA on or before the General Bar Date on account of all bond claims against PBA under the respective trust agreement or bond document; <u>provided</u>, <u>however</u>, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs 6(a) through (l) of this Order by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

    i. <u>Inter-Governmental Claims</u>: Any municipality, department, or agency of the Commonwealth asserting a claim against PBA in an amount less than $100 million. For the avoidance of doubt, any entity asserting a claim against PBA equal to or greater than $100 million must file a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

    j. <u>Administrative Expenses</u>: Any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense (**other** than a claim under Bankruptcy Code section 503(b)(9));

    k. <u>Proofs of Claim with Separate Deadlines</u>: Any holder of a claim for which a separate deadline is or has been fixed by this Court; and

    l. <u>Professionals' Administrative Claims</u>: Professionals who assert administrative claims for fees and expenses subject to the Court's approval pursuant to PROMESA section 316.

7. <u>Bond Insurer Proofs of Claims</u>. For the avoidance of doubt, insurers with respect to any series of bonds issued by PBA under trust agreements, indentures or resolutions (including, without limitation, those listed in the Creditor Lists) (the "Bond Insurers"), must, to the extent the filing of such claim is not otherwise made unnecessary by the terms of the foregoing Paragraph 6 of this Order, file a proof of claim with respect to any claims arising under the relevant bond insurance policies on or before the General Bar Date to avoid disallowance of such claims, subject to such Bond Insurer's rights under Bankruptcy Rule 3005, if any, all of which rights are expressly reserved. To the extent that any Bond Insurer makes a payment with respect to any series of bonds for obligations under the relevant Bond Documents, the Bond Insurer's proof of claim shall be deemed (to the extent appropriate under the relevant Bond Documents) to supersede that portion

of any proof of claim filed by the relevant Bond Representative for such series of bonds, solely to the extent of such payment and resulting subrogation to the rights of the holders of such bonds; provided, however, such claims shall not supersede or otherwise affect any other aspects of the Bond Representative's relevant proof of claim (including without limitation any mechanics of the relevant Bond Documents relating to distribution or otherwise); provided, further, that nothing in this Order shall affect the right of any party in interest to file objections to a Bond Insurer's claim based on sections 502 and/or 509 of the Bankruptcy Code.

8. To the extent duplicate claims are filed under the foregoing provisions or otherwise, PBA's representative may file objections thereto. Any disallowance of claims (including, without limitation, duplicate claims) shall be made in accordance with, and to the extent provided for under, applicable law without giving effect to the entry of this Order (other than the form, timing, manner of filing, and other procedural requirements for filing proofs of claim set forth herein). To the extent Master Proofs of Claim are filed, PBA and any party in interest that has standing to object to such Master Proof of Claim shall be required to serve objections, if any, to such Master Proofs of Claim only on the persons and entities that filed such Master Proofs of Claim, and not the holder of each claim purported to be covered by such Master Proof of Claim.

9. A copy of all filed Master Proofs of Claim shall be posted on a separate, Master Proof of Claim hyperlink on the Debtor's case website, https://cases.primeclerk.com/puertorico/ and available for download, free-of-charge.

10. Any creditor (other than a holder of a Claim identified in Paragraph 6 of this Order) who desires to participate or share in any distribution in the Title III Case and whose claim (i) is not listed on the Creditor List, or (ii) is listed on the Creditor List as "disputed," "contingent," or "unliquidated," to avoid disallowance, must file a proof of claim on or before the applicable Bar

Date for such claim. Additionally, any creditor (other than a holder of a Claim identified in Paragraph 6 of this Order) (x) whose claim <u>is</u> listed on the Creditor List, (y) believes the classification and/or amount of the claim is incorrect, and/or (z) desires to have its claim allowed in a classification and/or amount other than as set forth on the Creditor List, must file a proof of claim on or before the applicable Bar Date for such claim.

11. All proofs of claim must (i) be written in English or Spanish; (ii) be denominated in lawful currency of the United States as of the Title III Case commencement date; (iii) set forth with specificity the legal and factual basis for the asserted claim; (iv) include a copy of the supporting documentation (or, if such documentation is voluminous, a summary of such documentation must be attached) or an explanation as to why such documentation is not available, with such documentation, summary, or explanation being provided in English or Spanish; (v) include an original or electronic signature of the claimant or an authorized agent of the claimant; and (vi) substantially conform to the Proof of Claim Form approved by this Order if submitted using an alternative form. Any claimant that provides a summary in lieu of supporting documentation shall transmit the documents in support of its claim to Prime Clerk and PBA within ten days after the date of any written request by PBA for such documents, to the extent such documents are in the possession of the claimant. After the applicable Bar Date, amendments to timely filed proofs of claim will only be allowed to the extent an amended claim is based on the same facts and circumstances as a timely filed claim, and in accordance with applicable law, or as otherwise ordered by the Court.

12. **<u>All proofs of claim shall be delivered to and received by Prime Clerk no later than 4:00 p.m. (Atlantic Standard Time) on the applicable Bar Date</u>**. If proofs of claim are delivered (i) by <u>first class mail</u>, they are to be delivered to The Commonwealth of Puerto Rico,

Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, P.O. Box 4708, New York, NY 10163-4708; (ii) by <u>overnight courier</u>, they are to be delivered to The Commonwealth of Puerto Rico, Claims Processing Center c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; or (iii) by <u>hand delivery</u>, they are to be delivered to any of the following locations: (a) Commonwealth of Puerto Rico Claims Processing Center c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; (b) Bianca Convention Center, Carr 2 KM 143, Floor 1, Añasco, PR 00610; (c) Oceana HUB Center, 2 Calle Acerina, Caguas, PR 00725; (d) Citi Towers, 250 Ponce de León Ave., Suite 503, Hato Rey, San Juan, PR 00918; (e) Piloto 151, 151 Calle de San Francisco, 2nd Floor, San Juan, PR 00901; or (f) such other locations in the Commonwealth the Debtor establishes, which shall be listed in the Bar Date Notice. Alternatively, proofs of claim may be submitted electronically through the Debtor's case management site at the following address: https://cases.primeclerk.com/puertorico/EPOC-Index. Prime Clerk **shall not** accept proofs of claim by facsimile, telecopy, or email; <u>provided</u>, <u>however</u>, they may be submitted through Prime Clerk's website (listed in the preceding sentence).

13. Subject to Paragraph 6 of this Order, any creditor who fails to file a proof of claim on or before the applicable Bar Date (subject to the acceptance of a proof of claim after the applicable Bar Date pursuant to an order of this Court), with respect to such claim: (a) shall not be treated as a creditor of PBA for purposes of voting upon or receiving distributions under any plan of adjustment in this Title III Case, and (b) shall be forever barred, estopped, and enjoined from asserting such claim against PBA or thereafter filing a proof of claim thereto in this Title III Case (unless otherwise ordered by the Court), and PBA and its property shall be forever discharged from any and all indebtedness or liability with respect to such claim. A holder of any such claim shall not be permitted to vote to accept or reject any plan of adjustment filed in this Title III Case

on account of such claim, participate in any distribution in this Title III Case on account of such claim, or receive further notices with respect to this Title III Case on account of such claim. Moreover, any creditor that relies on the Creditor List bears responsibility for determining that its claim is accurately listed therein.

14. PBA's proposed procedures for serving and publishing the Bar Date Notice and Reminder Notice comply with the requirements of PROMESA, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Local Bankruptcy Rules, made applicable in this Title III Case pursuant to the *Eleventh Amended Notice, Case Management and Administrative Procedures* Case No. 17-3283, ECF No. 11885, and are hereby approved.

15. In accordance with Bankruptcy Rule 2002, PBA, through Prime Clerk, is authorized and directed to serve the Bar Date Notice (in English and Spanish translation) and a Proof of Claim Form by first-class mail, postage prepaid, on or before fifteen (15) days after the date the Court's order granting the General Bar Date is issued to: (a) all parties listed on PBA's Creditors List; (b) the Office of the United States Trustee for the District of Puerto Rico; (c) the statutory committees (if any) appointed in this Title III Case; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) the Puerto Rico Department of Justice; (f) the Internal Revenue Service; (g) local taxing authorities; and (h) all parties filing a notice of appearance in this Title III Case.

16. In accordance with Bankruptcy Rule 2002, PBA, through Prime Clerk, is authorized and directed to cause a copy of a notice, substantially in the form of the Bar Date Notice, to be published, on or before fifteen (15) days after the date the Court's order granting the General Bar Date is issued to, in (a) *El Nuevo Día* in Spanish (primary circulation is in Puerto Rico), (b) *Caribbean Business* in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El*

*Nuevo Herald*, both in Spanish (primary circulation is in New York and Miami, respectively), and (d) *The Bond Buyer*.

17. PBA, through Prime Clerk, is authorized and directed to cause no less than ten radio advertisements, alerting listeners to the fact that the Bar Date Notice and Proof of Claim Form have been mailed and published, with publication information, to be aired during the two-week period preceding the Bar Date, on (a) WMEG-FM (contemporary hit radio) in Spanish and (b) WKAQ-AM (Spanish language talk radio) in Spanish.

18. In accordance with Bankruptcy Rule 2002, PBA, through Prime Clerk, is authorized and directed to cause a copy of a reminder notice, substantially in the form of the Reminder Notice, to be published, on a date that is on or before 30 days after the first publication in the same publications listed above, in (a) *El Nuevo Día* in Spanish (primary circulation is in Puerto Rico), (b) *Caribbean Business* in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation is in New York and Miami, respectively), and (d) *The Bond Buyer*.

19. In addition to the Bar Date Notice and Proof of Claim Form, in accordance with Local Bankruptcy Rule 1007-1(f), for those persons or entities listed on the Creditor List as holding a claim classified as contingent, unliquidated, and/or disputed, PBA, through Prime Clerk, will serve each such creditor with a Proof of Claim Form that will include the contingent, unliquidated, and/or disputed status of such claim.

20. <u>Notice to Pension Claimants</u>.  In addition to the Bar Date Notice and Proof of Claim Form, PBA, through Prime Clerk, is authorized and directed to serve the Special Notice to Pension, Retiree, and Employee Claimants attached hereto as **Exhibit 3** (the "Pension, Retiree, and Employee Notice") to all holders of Pension Claims, Compensation Claims, and CBA Claims.

21. The Bar Date Notice, the Reminder Notice, the Proof of Claim Form, the Pension, Retiree, and Employee Notice, and the Creditor Lists shall be posted and available for download free-of-charge on the Debtor's case website, https://cases.primeclerk.com/puertorico/. Further, the Bar Date Notice, the Proof of Claim Form, and Creditor List shall be posted and available for download free-of-charge on PBA's case website, https://cases.primeclerk.com/puertorico/.

22. This Order is without prejudice to the rights, claims, objections, counterclaims, offsets, recoupments, and defenses of PBA with respect to any claim or duplicate claim filed against PBA, and nothing herein shall be deemed to allow or compel payment of any claim.

23. Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

24. PBA and the Oversight Board, as the Debtor's representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

25. The Court retains exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

Dated: March 11, 2020        /s/ Laura Taylor Swain
                                                Honorable Laura Taylor Swain
                                                United States District Judge