**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

```
-------------------------------------------------------------x
```

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

      Debtors.[1]

```
-------------------------------------------------------------x
```

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA")

      Debtor.

```
-------------------------------------------------------------x
```

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

PROMESA
Title III

No. 17 BK 3567-LTS

**Re: ECF No. 7646, 7689, 7832 &
8244, 12005**

**JOINT STATUS REPORT OF THE GOVERNMENT PARTIES AND
THE DRA PARTIES REGARDING THE DRA PARTIES' MOTION
AND MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
RELIEF FROM THE AUTOMATIC STAY, OR IN THE ALTERNATIVE,
<u>ORDERING PAYMENT OF ADEQUATE PROTECTION</u>**

      **COME NOW** the Puerto Rico Fiscal Agency and Financial Advisory Authority

("<u>AAFAF</u>"), pursuant to the authority granted to it under the Enabling Act of the Fiscal Agency

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

and Financial Advisory Authority, Act 2-2017, the Financial Oversight and Management Board

for Puerto Rico (the "Oversight Board" and together with AAFAF, the "Government Parties"), in

its capacity as representative of the Commonwealth of Puerto Rico (the "Commonwealth") and

the Puerto Rico Highways and Transportation Authority ("HTA") pursuant to section 315(b) of

the *Puerto Rico Oversight, Management, and Economic Stability Act*, 48 U.S.C. § 2101 *et seq.*

("PROMESA"), AmeriNational Community Services, LLC (the "Servicer"), as servicer for the

GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a

Delaware limited liability company (the "Collateral Monitor," and together with the Servicer,

collectively, the "DRA Parties"),[2] by and through their respective attorneys, respectfully submit

this joint status report in response to the Court's March 3, 2020 Order.

      1.      On June 25, 2019, the DRA Parties (a) filed that certain *DRA Parties' Motion and*

*Memorandum of Law in Support of Their Motion for Relief from the Automatic Stay, or in the*

*Alternative, Ordering Payment of Adequate Protection* [ECF No. 7643] (the "DRA Stay Motion")

and the *Notice of Hearing on the DRA Parties' Motion and Memorandum of Law in Support of*

*Their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of*

*Adequate Protection* [ECF No. 7646], requesting that (1) any objections to the DRA Stay Motion

be due July 16, 2019 at 4:00 p.m. (Prevailing Eastern Time) and (2) the DRA Stay Motion be heard

at the omnibus hearing to be held on July 24, 2019.

      2.      On June 26, 2019, the Court entered the *Order (i) Denying the DRA Parties' Motion*

*For Leave To Request Additional Relief Pursuant To Local Bankruptcy Rule 4001-1(A) (Docket*

*Entry No. 7647) and (ii) Setting Briefing Schedule With Respect to the DRA Parties' Motion for*

---

[2] The Government Parties and the DRA Parties are sometimes hereinafter referred to as the "Parties" and each, a "Party".

*Relief from the Automatic Stay* [ECF No. 7689], which set July 9, 2019 as the deadline to object
to the DRA Stay Motion.

3.      On July 3, 2019, the Court entered the *Order Approving Joint Stipulation
Regarding the DRA Parties' Motion and Memorandum of Law in Support of Their Motion For
Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection*
(the "Original Order") [ECF No. 7832], which provided that the briefing and hearing schedule
regarding the DRA Stay Motion would be bifurcated to first determine the DRA Parties' standing
to bring the DRA Stay Motion (the "Standing Issue") and set an agreed briefing schedule with
respect to that issue.

4.      On July 24, 2019, the Court entered the *Order Regarding Stay Period and
Mandatory Mediation* (as amended) (the "Mediation Stay Order") [ECF No. 8244], which
provided that certain matters in the Title III cases would be stayed through November 30, 2019
(the "Stay Deadline") and subject to mandatory mediation.

5.      On August 16, 2019, the Court entered the *Stipulated Order Subjecting the DRA
Parties' Lift Stay Motion to Mediation and 120-Day Stay* [ECF No. 8481], which provided that all
issues related to the DRA Stay Motion would be stayed and subject to mandatory mediation
imposed by the Mediation Stay Order.

6.      By order, dated October 28, 2019, the Court extended the Stay Deadline to
December 31, 2019

7.      On December 19, 2019, the Court entered the *Interim Order Approving the
Amended Joint Stipulation Regarding the DRA Parties' Motion and Memorandum of Law in
Support of Their Motion for Relief From the Automatic Stay, or in the Alternative, Ordering
Payment of Adequate Protection* [ECF. No. 9622] ("DRA Scheduling Order"), which provided
that the Government Parties would object to the DRA Stay Motion (on an individual or joint basis),

3

solely concerning the Standing Issue by February 21, 2020, with oppositions by the DRA Parties

due on March 13, 2020, and replies due on March 27, 2020.

8.     On January 16, 2020, certain monolines filed the amended *Motion of Assured*

*Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National*

*Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief*

*from the Automatic Stay, or, in the Alternative, Adequate Protection*   [ECF No. 10102] (the

"Monolines' Lift Stay Motion").

9.     On January 31, 2020, the Court issued the *Amended Interim Case Management*

*Order for Revenue Bonds* (the "Amended Revenue Bond Scheduling Order") [ECF No. 10595] in

which the Court bifurcated the consideration of the Monolines' Lift Stay Motion to issues of

standing and secured status first (the "Gating Issues").

10.    On February 11, 2020, the DRA Parties filed the *Motion and Memorandum of Law*

*in Support of their (I) Notice that the DRA is a Party in Interest and can Participate in the*

*Monolines Amended Lift Stay Litigation and Request to Modify the Amended Revenue Bond*

*Scheduling Order or, (II) in the Alternative, Motion to Permit the DRA Parties to Intervene in the*

*Monolines Amended Lift Stay Litigation* [ECF No. 10835] (the "Participation Motion"), seeking

to participate and be heard in the Monolines' Lift Stay Motion.

11.    On February 19, 2020, the Parties entered into and filed with the Court the *Joint*

*Stipulation Regarding (I) The DRA Parties' Motion and Memorandum of Law in Support of their*

*Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate*

*Protection; and (II) The DRA Parties' Motion and Memorandum of Law in Support of their Notice*

*that the DRA is a Party in Interest and can Participate in the Monolines Amended Lift Stay*

*Litigation* [ECF No. 11285] (the "Participation Stipulation"), which provided, among other things,

(i) that the Government Parties would consent to the DRA Parties' limited participation in the

4

Monolines' Lift Stay Motion on the terms and conditions set forth in the Participation Stipulation
and (ii) the DRA Stay Motion would be stayed until Gating Issues were decided in the Monolines'
Lift Stay Motion.

12.     On March 3, 2020, the Court entered an Order granting the DRA Parties certain
participation rights in the Monolines' Lift Stay Motion [ECF No. 12005] (the "Participation
Order") and ordered the DRA Parties and the Government Parties to meet and confer and file a
status report proposing a new briefing schedule on the DRA Stay Motion by March 11, 2020.

13.     The Parties met and conferred on March 6, 2020 pursuant to the Participation Order
and have agreed upon the following briefing schedule concerning the DRA Stay Motion:

**AGREEMENT**

14.     The Government Parties will file any objection to the DRA Stay Motion (on an
individual or joint basis), solely concerning the Standing Issue, no later than 14 days following the
Court's determination of the Gating Issues (the "Objection Deadline").

15.     The DRA Parties will file a response in support of the DRA Stay Motion (the "DRA
Response"), solely concerning the Standing Issue, no later than 14 days from the Objection
Deadline (the "Response Deadline").

16.     The Government Parties will file a reply (on an individual or joint basis) to the
DRA Response by no later than 7 days from the Response Deadline (the "Reply Deadline").

17.     All issues concerning the underlying merits of the DRA Stay Motion will be stayed
pending the Court's consideration and determination of the Standing Issue.

18.     All other terms of the DRA Scheduling Order not modified by the foregoing, shall
remain in full force and effect.

19.     The Parties propose that, within 14 days after the hearing on the Standing Issue, the Parties shall meet and confer and submit a joint status report proposing a scheduling order for the resolution of the DRA Stay Motion.

Dated: March 11, 2020
       San Juan, Puerto Rico


Respectfully submitted,

**O'MELVENY & MYERS LLP**                    **MARINI PIETRANTONI MUÑIZ LLC**

*/s/ Peter Friedman*                          */s/ Luis C. Marini-Biaggi*
John J. Rapisardi                             Luis C. Marini-Biaggi
Suzzanne S. Uhland                            USDC No. 222301
7 Times Square                                Carolina Velaz-Rivero
New York, NY 10036                            USDC No. 300913
Telephone: (212) 326-2000                     250 Ponce de León Ave., Suite 900
Facsimile: (212) 326-2061                     San Juan, Puerto Rico 00918
Email: jrapisardi@omm.com                     Tel:  (787) 705-2171
        suhland@omm.com                       Fax:  (787) 936-7494

-and-
                                              *Attorneys for the Puerto Rico Fiscal Agency*
Peter Friedman                                *and Financial Advisory Authority*
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: pfriedman@omm.com


*Attorneys for the Puerto Rico Fiscal*
*Agency and Financial Advisory*
*Authority*

Dated:  March 11, 2020
        San Juan, Puerto Rico


Respectfully submitted,

/s/ Brian S. Rosen

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and*
*Management Board for Puerto Rico, as*
*representative of the Commonwealth and*
*HTA*

/s/ Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Attorney for the Financial Oversight and*
*Management Board for Puerto Rico, as*
*representative of the Commonwealth and*
*HTA*

Dated: March 11, 2020
        San Juan, Puerto Rico


Respectfully submitted,                          *-and-*

**C. CONDE & ASSOC. LAW OFFICES**                **MCCONNELL VALDÉS LLC**
By: */s/ Carmen D. Conde Torres*                 270 Muñoz Rivera Avenue, Suite 7
Carmen D. Conde Torres                           Hato Rey, Puerto Rico 00918
(USDC No. 207312)                                PO Box 364225
254 San José Street                              San Juan, Puerto Rico 00936-4225
Suite 5                                          Telephone: 787-250-5632
San Juan, PR 00901-1523                          Facsimile: 787-759-9225
Tel. 787-729-2900
Fax. 787-729-2203
E-Mail: condecarmen@condelaw.com                 By: */s/ Arturo J. García-Solá*
                                                 Arturo J. García-Solá
                                                 USDC No. 201903
   *-and-*                                       Email: ajg@mcvpr.com

**ORRICK, HERRINGTON &**                         By: */s/ Nayuan Zouairabani*
**SUTCLIFFE LLP**                                Nayuan Zouairabani
By: */s/ Douglas S. Mintz*                       USDC No. 226411
Douglas S. Mintz (admitted pro hac vice)         Email: nzt@mcvpr.com
Columbia Center
1152 15th Street, N.W.                           *Attorneys for AmeriNational Community*
Washington, D.C. 20005-1706                      *Services, LLC as servicer for the GDB Debt*
Telephone: (202) 339-8400                        *Recovery Authority*
Facsimile: (202) 339-8500
E-mail: dmintz@orrick.com

   -and-

Laura Metzger (admitted pro hac vice)
Peter J. Amend (admitted pro hac vice)
David Litterine-Kaufman (pro hac vice
admission pending)
Monica Perrigino (admitted pro hac vice)
51 West 52nd Street
New York, N.Y. 10019
Telephone: (212) 506-5000
E-mail: pamend@orrick.com

*Attorneys for Cantor-Katz Collateral Monitor*
*LLC, as Collateral Monitor for GDB Debt*
*Recovery Authority*