UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER (A) AUTHORIZING ADMINISTRATIVE RECONCILIATION OF CLAIMS,
(B) APPROVING ADDITIONAL FORM OF NOTICE, AND (C) GRANTING RELATED RELIEF

Upon the *Motion for Entry of an Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief*, dated October 8, 2019 (Docket Entry No. 8827 in Case No. 17-3283, the "Motion"),[2] of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), and the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, ERS, HTA, and PREPA, the "Debtors," and each individually, a "Debtor"), for entry of an order (this "Order") authorizing administrative reconciliation of claims and approving additional forms of notice, as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having held a hearing on October 30, 2019 (the "Hearing") and, as set forth on the record of the Hearing, the Court having found that the relief requested in the Debtors' Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that, based upon the relief requested by the Debtors' Motion, no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Debtors' Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been resolved as set forth herein, or withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Pension/Retiree Claims, Tax Refund Claims, Public Employee Claims, Grievance Claims, and such Claims that have been resolved but not yet paid, as defined in the Motion, shall be resolved through the Debtors' existing administrative reconciliation processes ("Administrative Claims Reconciliation"),[3] through procedures attached hereto as **Exhibit 1**. Claimants will retain all existing appeal rights to which they are entitled pursuant to those existing Administrative

---

[3] For the avoidance of doubt, Pension/Retiree Claims, Public Employee Claims, and Tax Refund Claims as to which no proof of claim was required to be filed, consistent with the Bar Date Order, will be administered in the manner in which such claims were administered prior to the Petition Date. The Court reserves jurisdiction to enforce claims that have not been paid within one-hundred and twenty (120) days of the date such claims may be finally administratively determined.

Claims Reconciliation processes. Eminent domain and inverse condemnation claims shall not be resolved using Administrative Claims Reconciliation processes.

3. Nothing in this Order or in the Motion is, or shall be deemed to constitute, any admission as to the validity, nature, amount, or priority of any claim asserted against the Debtors in these PROMESA cases, or a waiver of any right of the Debtors or any other party in interest in these cases to dispute the validity, nature, amount, or priority of, or otherwise object, either in the same or subsequent objections, on any grounds to any such claims.

4. The Debtors' proposed form of notice to be filed and served in connection with Administrative Reconciliation, attached hereto as **Exhibit 2**, is approved.

5. The Debtors are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. The Title III stay shall be modified solely to the limited extent necessary to permit the continuation of matters which were commenced by the American Federation of Teachers, AFL-CIO, the Asociación de Maestros de Puerto Rico-Local Sindical, the American Federation of State, County and Municipal Employees, the Service Employees International Union, the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), or by their affiliated local unions in Puerto Rico in accordance with the grievance and arbitration procedures set forth in their respective collective bargaining agreements or under applicable statutes and arising from or relating to prepetition conduct of a Title III debtor (the "Prepetition Actions"), except with respect to matters arising from prepetition conduct which challenge the constitutionality of Commonwealth statutes. To the extent that any disposition of a Prepetition Action results in a settlement, arbitration award, or other resolution that requires payment, such payment shall be made by the Commonwealth in the ordinary course. Except as

expressly provided in this decretal paragraph 6, nothing contained herein shall affect the provisions of that certain *Stipulation Between the Commonwealth of Puerto Rico and CBA Counterparties Regarding Certain Grievance and Arbitration Procedures*, dated March 6, 2018, as so ordered on March 7, 2018 (the "Stipulation"). The Court reserves jurisdiction to enforce claims that have not been paid within one-hundred and twenty (120) days of the date such claims may be finally determined.

7. The Court reserves the right to modify or rescind, in whole or in part, these procedures in the event the Court determines that such a step is necessary in the interest of justice and efficient resolution of the Pension/Retiree Claims, Tax Refund Claims, Public Employee Claims,[4] and Grievance Claims.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

9. This Order resolves Docket Entry Nos. 8827, 9155, 9617, and 11968 in Case No. 17-3283.

SO ORDERED.

Dated: March 12, 2020

                                                                                                                  /s/ Laura Taylor Swain
                                                                                                                  LAURA TAYLOR SWAIN
                                                                                                                   United States District Judge

---

[4] Public Employee Claim, as defined in this Order, shall include all prepetition claims or grievances of transitory teachers, as that term is defined by either Regulation 6743 of the Department of Education at Article VI, Section 1(3), or by Law 85 of 2018.