## **EXHIBIT 1**

**Administrative Claims Reconciliation Procedures**

**Administrative Claims Reconciliation Procedures**

1. The Pension/Retiree Claims, the Tax Refund Claims, the Public Employee Claims, and the Grievance Claims will be subject to Administrative Claims Reconciliation in two instances:

   a. Within one hundred twenty (120) days of approval of these procedures by the Court, and every sixty (60) days thereafter, the Commonwealth, on behalf of itself and the other Debtors, shall file with the Title III Court and serve upon the claimants a notice, the form of which is annexed hereto as Exhibit 2 (the "Administrative Reconciliation Notice"), informing such claimant that its Claim shall be handled in accordance with the aforementioned Administrative Claims Reconciliation process. The Administrative Reconciliation Notice will designate whether each Claim is to be resolved using the Pension/Retiree Procedures, the Tax Refund Procedures, the Grievance Procedures, or the Public Employee Procedures.

   b. In the event that (i) the Debtors file an omnibus objection to Claims, (ii) a claimant objects to the relief requested in such omnibus objection, and (iii) the Court or the Debtors determine that such Claim should be subject to Administrative Claims Reconciliation, the Debtors shall file an Administrative Reconciliation Notice with the Court and serve the Administrative Reconciliation Notice upon the Claimant stating that such Claim has been removed from the omnibus objection and shall be subject to the Administrative Claims Procedures. If the Debtors make such determination, on the date when the Debtors' reply in support of its omnibus objection is due, the Debtors shall file an Administrative Reconciliation Notice with the Court setting forth the Claims to which an omnibus objection has been interposed and responded to by the holder thereof as and to which the Debtors have determined should be subject to the Administrative Claims Reconciliation process. If the Court makes such determination, the Court shall provide notice to the Debtors, and the Debtors shall file such an Administrative Reconciliation Notice with the Court. To the extent necessary, the automatic stay, extant pursuant to section 362 of the Bankruptcy Code, should be deemed modified so as to permit the continuation of the reconciliation of any claims subject to Administrative Claims Reconciliation.

2. With respect to each of the Pension/Retiree Claims, the Tax Refund Claims, the Public Employee Claims, and the Grievance Claims, upon reconciliation, the Debtor(s) shall pay the amount due and owing in the ordinary course.

3. Upon the filing of the Administrative Reconciliation Notice, any claims subject thereto (the "ACR Designated Claims") shall be designated as "Subject to Administrative Reconciliation" on the Claims Registry in these Title III Cases. The Administrative Reconciliation Notice shall authorize and direct Prime Clerk to mark all claims listed on the Administrative Reconciliation Notice as "Subject to Administrative Reconciliation" on the official claims register in these Title III Cases.

4. Within sixty (60) days of service of the Administrative Reconciliation Notice, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Department of Treasury ("Hacienda"), or the applicable agency or governmental entity previously responsible for handling a Claim, as the case may be, shall restart the processing of the Claims through Administrative Claims Reconciliation. ERS, Hacienda, or the applicable agency or governmental entity responsible for handling a Claim, as the case may be, shall reach an initial determination as to whether to grant or deny the Claim within ninety (90) days of the recommencement of consideration of the Claim, unless the parties agree otherwise. To the extent that the local law or procedure applicable to a Claim provides more than ninety (90) days for resolution of the Claim, the time period provided under such local law or procedure shall prevail. Such ninety (90) day period relates to the initial determination of the Claim only. In the event that either party seeks further review of an initial determination, such further review shall not be limited by this ninety (90) day period.

5. Within ninety (90) days of filing the first Administrative Reconciliation Notice, and every sixty (60) days thereafter, the Debtors shall file with the Court a notice (an "Administrative Reconciliation Status Notice") setting forth the status of the ACR Designated Claims. The Administrative Reconciliation Status Notice shall identify, for each ACR Designated Claim, whether it is a Pension/Retiree Claim, a Tax Refund Claim, a Public Employee Claim, or a Grievance Claim. The Administrative Reconciliation Status Notice shall provide the following information with respect to each ACR Designated Claim:

    a. The date the ACR Designated Claim was transferred into Administrative Reconciliation.

    b. The agency that is responsible for processing the ACR Designated Claim.

    c. Whether the agency responsible for processing the ACR Designated Claim has begun reviewing the Claim. If the agency has not begun reviewing the Claim within sixty (60) days of the date the ACR Designated Claim was transferred into Administrative Reconciliation, the Administrative Reconciliation Status Notice will include a brief explanation for the delay.

    d. Whether the agency responsible for processing the ACR Designated Claim has a complete administrative file for the Claim, including any follow up documentation requested from claimants.

    e. Whether an initial determination on the ACR Designated Claim has been made. In the event that more than ninety (90) days have elapsed since the recommencement of consideration of the Claim, and an initial determination has not yet been reached, the Administrative Reconciliation Status Notice shall indicate whether the time period was extended by agreement of the parties or because the time period provided under local laws or procedures for resolving the Claim exceeds ninety (90) days.

    f. Whether the claimant has taken an appeal from the initial determination and if so, the status of that appeal.

    g. Whether the ACR Designated Claim has been resolved (the "ACR Resolved Claims"), either because the claimant has exhausted any available appeals or because the claimant has not filed an appeal within the applicable time period for doing so, and the date on which the ACR Designated Claim was resolved.

    h. Whether an ACR Resolved Claim has been paid within one-hundred and twenty (120) days of the date it was resolved.

6. For the avoidance of doubt, Administrative Claims Reconciliation shall not pertain to any proofs of claim filed by Doral Financial Corporation or any agreements underlying such claims.