# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, et al.,

     Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

PUERTO RICO HIGHWAYS AND TRANSPORTATION
AUTHORITY

No. 17 BK 3567-LTS

----------------------------------------------------------------x

## **SUPPLEMENTAL DISCOVERY ORDER**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

This Court is in receipt of the Joint Status Report filed by the parties "with respect to
deposition discovery concerning the lift-stay preliminary hearing issues." (Docket No. 12264 in
Case No. 17-BK-03283).  Therein, the parties indicated that they were continuing to meet and
confer on various issues, a process that this Court supports.  In addition, the parties indicated
that they have reached agreement on various issues, and this Supplemental Order will not
repeat the issues on which agreement has been reached.  Nevertheless, given the shortness of
time, and the fact that the parties indicated that they have reached an impasse on certain
items, it appears that additional guidance from this Court is appropriate.  Therefore, tracking
the order of the Joint Status Report, it is hereby ORDERED as follows:

1.      **Joint Status Report § I, B ¶ 8:** While questions Movants have regarding the
Government Parties' collection efforts should be directed to counsel in the first instance,
Movants may ask questions to understand the nature and scope of the Government Parties'
produced documents and collection efforts.

2.      **Joint Status Report § I, B ¶ 10:**  The depositions shall go forward on March 18,
2020 in New York City unless otherwise agreed or made impossible by restrictions due to the
Covid-19 health situation.  Moreover, in light of this situation, this Court urges the parties to
determine whether additional information can be exchanged by way of stipulation in lieu of a
deposition.  See, e.g., Joint Status Report § I, B ¶ 9.

3.      **Joint Status Report § II, A; § II, B ¶ 23:**  As a general statement, the Movants are
reading too much into the inclusion of paragraph 40 of the CCDA Opposition in the
Adjournment Order as a proper subject for inquiry.  In this Court's view, the inclusion of this
paragraph authorized discovery into the facts surrounding where the funds were deposited

before and after PROMESA, and an identification of the emergency orders which controlled the

decision to retain the funds.  To the extent that specific directions were issued in connection

with the termination of certain accounts, and the opening of new ones, which may have

included an explanation of the change, those documents have already been ordered to be

produced.  However, the inclusion of paragraph 40 in the list of the paragraphs about which

discovery can be taken did not enlarge the scope of the limited factual discovery allowed in the

Adjournment Order, and did not authorize discovery into "the bases for the Commonwealth's

decision." Id. at § II, B ¶ 23.  In the absence of any ambiguity, discovery into the

Commonwealth's understanding of its authority, or motivation for its actions, is not warranted

in connection with the preliminary issues being addressed in the lift-stay motions.

　　　　4.　　**Joint Status Report § II, B:**  The Government Parties' objections to these topics

are sustained.  As a basic principle, the Adjournment Order authorized limited discovery, on an

expedited basis, related to factual assertions made by the Government Parties concerning the

way in which certain revenues were collected, retained, controlled and disbursed.  While

additional discovery may (or may not) be appropriate after the preliminary lift-stay hearing, the

Adjournment Order did not authorize exploration into the "origin, purpose, provisions, terms,

and history" of various statutes, or the Government Parties' "historical and present

understanding" of statutes or documents.  The Government Parties' agreement to provide

testimony concerning the Commonwealth's implementation of the various enabling acts and

bond documents is appropriate.

　　　　5.　　**Joint Status Report § II, C:**  The Government Parties' objections to these topics

are sustained.  The topics about which the Government Parties have agreed to produce

witnesses (Joint Status Report § I, B ¶¶ 7-8) are sufficient to cover Tourism Company Topic No.

5.  PRIFA Topic No. 6 (and the related HTA Topic No. 8) is simply too broad and is not anchored

to any facts about which discovery is appropriate.

6.     **Joint Status Report § II, D:**  The parties should continue to work together to

identify those portions of the identified paragraphs that they believe constitute "facts,"

consistent with this Court's orders.  The Court will be available on March 18, 2020 if needed to

address issues arising during the depositions.

7.     **Joint Status Report § II, E:**  Accepting the Movants' representation that they are

seeking facts, and not the legal implications of the facts, the parties are in agreement as to the

scope of the appropriate discovery.  Witnesses will not be asked to opine as to the "ultimate

legal conclusion of ownership or interest in revenues[.]" (Id. at § II, E ¶ 58).

8.     **Joint Status Report § II, F:**  The parties shall continue to meet and confer about

the time period covered by the deposition for PRIFA.  The limitation to "the pre-default flow of

funds and how the flow changed post-default" is appropriate.  (Id. at § II, F ¶ 61).

SO ORDERED.

/ s / Judith Gail Dein_____
Judith Gail Dein
United States Magistrate Judge

DATED: March 12, 2020

[4]