UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------X
In re:
:
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
:
Debtors.[1] :
---------------------------------------------------------------X

**DRA PARTIES' URGENT MOTION REQUESTING
COMPLIANCE WITH THE DRA PARTICIPATION ORDER [DKT. NO. 12005]**

**COME NOW** AmeriNational Community Services, LLC (hereafter the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018 and the approved Qualifying Modification for the Government Development Bank for Puerto Rico[2] under Title VI of the *Puerto Rico Oversight, Management and Economic Stability Act* (the "Collateral Monitor" and with the Servicer, the "DRA Parties"), by and through the undersigned legal counsel, and hereby file this urgent motion (the "Urgent

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] *See* Dkt. No. 270 of Civil Case No. 18-01561 (LTS).

Motion") requesting entry of an order, substantially in the form attached hereto as Exhibit B, requiring the Monolines[3] and the Government Parties[4] to comply with the mandate set forth in the Court's March 3, 2020 Order [Dkt. No. 12005] (Dein, J.) (the "DRA Participation Order") that the DRA Parties have a right to participate in all meet and confers regarding discovery and attend all depositions in connection with the Monolines' Amended Lift Stay Motion. In support of this Urgent Motion, the DRA Parties respectfully state as follows.

## BASIS FOR RELIEF REQUESTED

1. The DRA Participation Order specifically and unequivocally provides that "[t]he DRA Parties will have the right to participate in all meet and confers regarding discovery in the Monolines' Amended Lift Stay Motion and attend all depositions in the Monolines' Amended Lift Stay Motion (if any)." DRA Participation Order at section II(B).

2. On March 12, 2020, the Monolines and the Government Parties filed a joint status report with respect to document and deposition discovery concerning the lift stay preliminary hearing issues [Dkt. No. 12264] (the "Discovery Joint Status Report"), in which they state, among other things, the following: (a) the parties "have . . . met and conferred, including as recently as March 9 and [March 12], and exchanged written communications regarding the Rule 30(b)(6) deposition topics"; (b) "AAFAF proposed that March 18, 2020 be designated as a date for deposition testimony, to be taken in New York, New York"; and that the Monolines intend to "discuss [the deposition issues] with AAFAF further as soon as practicable, and in any event, no later than March 13, 2020." Discovery Joint Status Report at ¶¶ 6, 10-11.

---

[3] The term "Monolines" refers, jointly, to Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company.

[4] The "Government Parties" refers, jointly, to the Financial Oversight and Management Board for Puerto Rico ("FOMB"), as representative of the Commonwealth of Puerto and the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF").

2

3. Contrary to the DRA Participation Order, the Government Parties and the Monolines never notified the DRA Parties of the meet and confers held on March 9th and 12th and did not include the DRA Parties on any related correspondence. The DRA Parties first learned of this discovery correspondence and that these meet and confers had occurred from the Discovery Joint Status Report filed on March 12th. By excluding the DRA Parties from these discovery communications the Monolines and the Government Parties violated the DRA Parties' "right to participate in all meet and confers regarding discovery in the Monolines' Amended Lift Stay Motion and attend all depositions in the Monolines' Amended Lift Stay Motion (if any)" pursuant to the DRA Participation Order. DRA Participation Order at section II(B).

4. Upon learning of these events from the Discovery Joint Status Report, counsel for the DRA Parties sent an email to counsel for the Monolines and the Government Parties on March 12, 2020 at 7:57 PM EST, a copy of which is attached as Exhibit A hereto, informing the Government Parties and Monolines that they (i) violated the terms of the DRA Participation Order by not including the DRA Parties in these discussions and correspondence concerning discovery and the scheduling of depositions; (ii) are required to include the DRA Parties in all future discussions and correspondence; and (iii) must provide to the DRA Parties, in advance of the next meet and confer (and in any event no later than March 13, 2020), a detailed summary of all discussions held between the Monolines and the Government Parties concerning discovery on the Shared Issues (as defined in the DRA Participation Order), any agreements the Monolines and Government Parties have reached concerning the scope of discovery on the Shared Issues, and what reasonable logistical arrangements designed to minimize travel of counsel and witnesses for depositions have been discussed and/or agreed upon by the Monolines and the Government Parties.

5. Counsel for the DRA Parties also called counsel for AAFAF at 9:38 am EST on March 13, 2020, to obtain further clarification on this issue and how the same will be remedied promptly. Counsel for AAFAF did not answer and counsel for the DRA Parties left a voicemail at that time.

6. Neither the Monolines nor the Government Parties have responded to the DRA Parties' communications. Given these circumstance, coupled with the fact that further discovery discussions between the Monolines and the Government Parties are expected to take place today as per the Joint Deposition Status Report, the DRA Parties must seek relief from this Court through this Urgent Motion.

7. The DRA Parties have serious concerns about moving forward with the deposition currently scheduled for March 18, 2020. The novel coronavirus continues to spread and the number of cases in New York—the current location for the deposition—continues to grow. The DRA Parties respectfully suggest that the parties should consider the propriety and reasonableness of moving forward with a deposition that would require likely a dozen or more individuals to gather in a room under these circumstances. While the Discovery Joint Status Report refers to "reasonable logistical arrangements designed to minimize travel of counsel and witnesses," Discovery Joint Status Report ¶ 10, it does not specify what arrangements—such as videoconferencing—the Monolines and the Government Parties have discussed or are considering. The DRA Parties would have raised these concerns sooner had the Monolines and Government Parties included the DRA Parties in meet and confers as required by the DRA Participation Order; but in any event, the DRA Parties must be afforded an opportunity to voice them in meet and confers going forward.

8.      The DRA Parties respectfully request the entry of an order, substantially in the form attached hereto as <u>Exhibit B</u>, requiring that: (a) the Monolines and the Government Parties comply with the DRA's discovery participation mandate set forth at section II(B) of the DRA Participation Order; (b) the DRA Parties be included in all future discovery and/or deposition discussions and correspondences between the Monolines and the Government Parties, including any meet and confers scheduled to take place on March 13, 2020; and (c) the Monolines and the Government Parties provide a detailed summary to the DRA Parties by March 13, 2020 of all discussions held between the Monolines and the Government Parties concerning discovery on the Shared Issues, any agreements the Monolines and Government Parties have reached concerning the scope of discovery on the Shared Issues, and what reasonable logistical arrangements designed to minimize travel of counsel and witnesses for depositions have been discussed and/or agreed upon by the Monolines and the Government Parties.

9.      The DRA Parties hereby reserve their right to request sanctions against the Monolines and the Government Parties for violations of the DRA Participation Order, and reserve any and all other rights they may have.

## NOTICE

10.     Notice of this Urgent Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the U.S. Attorney for the District of Puerto Rico; (iii) AAFAF; (iv) FOMB; (v) the Official Committee of Unsecured Creditors; (vi) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; (vii) the Monolines; and (vii) all parties that have filed a notice of appearance in the above-captioned Title III cases.

## CERTIFICATION

11. In accordance with Section I.H. of the Case Management Procedures, the undersigned counsel certify that they have engaged in reasonable, good-faith communications with counsel for the Monolines and the FOMB. As required by Local Bankruptcy Rule 9013-1(a)(2), the undersigned counsel certify that counsel has carefully examined the matter and concluded that there is a true need for expedited consideration of the Urgent Motion, and that the undersigned counsel have not created the urgency through lack of due diligence on their part.

## **NO PRIOR REQUEST**

12. No prior request for the relief requested herein has been made by the DRA Parties to this or to any other court.

**WHEREFORE**, the DRA Parties respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit B granting the relief requested herein and granting such other relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today March 13, 2020.

<div style="column: left">

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5632
Facsimile: 787-759-9225

By: */s/Arturo J. García-Solá*
Arturo J. García-Solá
USDC No. 201903
Email: ajg@mcvpr.com

By: */s/Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com

***Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority***

</div>

<div style="column: right">

**C. CONDE & ASSOC. LAW OFFICES**

By: */s/ Carmen D. Conde Torres*

Carmen D. Conde Torres
(USDC No. 207312)
254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel. 787-729-2900
Fax. 787-729-2203
E-Mail: condecarmen@condelaw.com

*-and-*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted pro hac vice)
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
E-mail: dmintz@orrick.com

and

Laura Metzger (admitted pro hac vice)
Peter Amend (admitted pro hac vice)
David Litterine-Kaufman (pro hac vice application pending)
Monica Perrigino (admitted pro hac vice)
51 West 52nd Street
New York, N.Y. 10019
Telephone: (212) 506-5000
E-mail: lmetzger@orrick.com
pamend@orrick.com
dlitterinekaufman@orrick.com
mperrigino@orrick.com

***Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority***

</div>

7

**Exhibit A**

**March 12, 2020 Email from Counsel for the DRA Parties**

**Nayuan Zouairabani Trinidad**

| | |
|---|---|
| **From:** | Litterine-Kaufman, David <dlitterinekaufman@orrick.com> |
| **Sent:** | Thursday, March 12, 2020 7:57 PM |
| **To:** | Kremer, Matthew P.; Uhland, Suzzanne; Friedman, Peter; McKeen, Elizabeth L.; Rosen, Brian S.; mbienenstock@proskauer.com; jlevitan@proskauer.com; tmungovan@proskauer.com; ebarak@proskauer.com; mfirestein@proskauer.com; lrappaport@proskauer.com; Servais, Casey; Natbony, Bill; Miller, Atara; Mainland, Grant; Curtin, Thomas; Martin Sosland; Berezin, Robert |
| **Cc:** | Mintz, Douglas S.; Ansbro, John; Amend, Peter J.; Perrigino, Monica; Nayuan Zouairabani Trinidad; Arturo J. Garcia; Alejandro J. Cepeda Diaz; Rubén Méndez Benabe |
| **Subject:** | [EXTERNAL]Monoline Lift Stay Discovery |

Counsel,

The joint status report filed by the Monolines and the Government Parties early this morning refers to meet and confers and correspondence between them that have occurred since March 5 regarding discovery on issues to be addressed at the preliminary hearing on the Monolines' lift stay motion. As you know, on March 3 the Court entered an order recognizing the DRA Parties' right to participate in the Monolines' lift stay motion. That order held that "[t]he DRA Parties will have the right to participate in all meet and confers regarding discovery in the Monolines' Amended Lift Stay Motion" and that the DRA Parties have the right to "attend all depositions in the Monolines' Amended Lift Stay Motion (if any)." The Monolines and the Government Parties appear to have violated that order by failing to include the DRA Parties in discussions and correspondence concerning discovery and the scheduling of depositions. Going forward, the DRA Parties expect that the Monolines and the Government Parties will copy the DRA Parties, including my colleague John Ansbro and myself, on all such discussions and correspondence so that the DRA Parties can participate as required by the Court's order.

So that the DRA Parties can meaningfully participate in future meet and confers, please provide in advance of the next meet and confer, and in any event no later than March 13, a detailed summary of: all meet and confer discussions between the Monolines and the Government Parties concerning discovery on the Shared Issues; any agreements the Monolines and Government Parties have reached concerning the scope of discovery on the Shared Issues; and what reasonable logistical arrangements designed to minimize travel of counsel and witnesses for depositions the parties have discussed and whether any have been agreed to.

Finally, we understand from the Monolines' and Government Parties' joint status report that there will be a meet and confer on March 13 concerning deposition scheduling and whether additional document production is necessary in advance of depositions. Please let us know when that meet and confer will happen and provide dial-in information so that the DRA Parties can participate as required by the Court's order.

Regards,

**David Litterine-Kaufman**
Attorney at Law

Orrick
New York
T 212-506-3540
dlitterinekaufman@orrick.com

1



**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

2

## Exhibit B

**Proposed Order**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------X
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.*,

    Debtors.[1]

------------------------------------------------------------------------X

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

### ORDER ON DRA PARTIES' URGENT MOTION REQUESTING COMPLIANCE WITH THE DRA PARTICIPATION ORDER

Upon consideration of the *DRA Parties' Urgent Motion Requesting Compliance with the DRA Participation Order [Dkt. No. 12005]* (the "Urgent Motion"),[2] seeking compliance with the discovery participation mandate set forth at section II(B) of the Court's March 3, 2020 Order [Dkt. No. 12005] (Dein, J.) (the "DRA Participation Order"), the Court hereby FINDS AND DETERMINES that (i) the Court has jurisdiction to consider the Urgent Motion and the relief requested therein pursuant to Section 306(a) of PROMESA; (ii) venue is proper before this Court pursuant to Section 307(a) of PROMESA; (iii) the relief requested in the Urgent Motion is proper and in the best interest of the Title III debtors, their creditors, and other parties in interest; and (iv) due and proper notice of this Urgent Motion has been provided under the particular

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Urgent Motion.

1

circumstances and no other or further notice need be provided. Accordingly, it is hereby

ORDERED THAT:

1. The Urgent Motion is GRANTED as set forth herein.

2. The Monolines and the Government Parties are ORDERED to comply with the DRA's discovery participation mandate set forth at section II(B) of the DRA Participation Order.

3. The Monolines and the Government Parties are ORDERED to include the DRA Parties in all future discovery and/or deposition discussions and correspondences between the Monolines and the Government Parties, including any meet and confers scheduled to take place on March 13, 2020.

4. The Monolines and the Government Parties are ORDERED to provide a detailed summary to the DRA Parties by March 13, 2020 of all discussions held between the Monolines and the Government Parties concerning discovery on the Shared Issues, any agreements the Monolines and Government Parties have reached concerning the scope of discovery on the Shared Issues, and what reasonable logistical arrangements designed to minimize travel of counsel and witnesses for depositions have been discussed and/or agreed upon by the Monolines and the Government Parties.

5. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation and interpretation of this Order.

SO ORDERED

Dated: March ___, 2020
      San Juan, Puerto Rico

                                              _____
                                              HONORABLE JUITH G. DEIN
                                              United States Magistrate Judge