Estimated Hearing Date: TBD (Atlantic Standard Time)
Objection Deadline: April 1, 2020 at 4:00 p.m. (Atlantic Standard Time)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>      Debtors[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**SUMMARY COVER PAGE TO THE INTERIM APPLICATION OF MUNGER, TOLLES & OLSON LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO FOR THE PERIOD FROM OCTOBER 1, 2019 THROUGH NOVEMBER 30, 2019**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

| *General Information* | |
|---|---|
| Name of Applicant: | Munger, Tolles & Olson LLP |
| Authorized to Provide Services to: | Financial Oversight and Management Board, as Representative for the Debtor Pursuant to PROMESA Section 316 |
| Date of Retention: | August 24, 2017 |
| Period for Which Fee Compensation and Expense Reimbursement is Sought in the Fee Application (Compensation Period): | October 1, 2019 through November 30, 2019 |
| Monthly Fee Statements subject to this request: | Nineteenth Monthly Fee Statement (October 1 – 31, 2019) |
| | Twentieth Monthly Fee Statement (November 1 – 30, 2019) |

| *Summary of Fees and Expenses Sought in the Fee Application* | |
|---|---|
| Amount of Fee Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $209,067.70 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $20,762.73 |
| Total Fee Compensation and Expense Reimbursement Requested for the Fee Period: | $229,830.43 |
| Total Fee Compensation and Expense Paid to Date: | $161,697.09 |
| Total Remaining Fee Compensation and Expense Reimbursement Sought[2]: | $68,133.34 |

---

[2] Remaining amount sought includes a request for reimbursement of the 10% holdback as well as the 29% tax withholding applied to 2019 invoices.

| **Summary of Past Requests for Compensation and Prior Payments** | |
|---|---|
| Total Amount of Compensation Previously Requested Pursuant to the Interim Compensation Order to Date: | $2,858,940.32 |
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Interim Compensation Order to Date: | $23,007.34 |
| Total Compensation and Expense Reimbursement Approved Pursuant to the Interim Compensation Order to Date: | $2,771,985.60 |
| Compensation Sought in this Application: | $209,067.70[3] |
| Compensation Sought in this Application Already Paid to Date: | $140,934.36 |
| Compensation Outstanding as of this Application: | $68,133.34 |
| Expenses Sought in this Application: | $20,762.73 |
| Expenses Sought in this Application Already Paid to Date: | $20,762.73 |
| Expenses Outstanding as of this Application: | $0.00 |
| Total compensation subject to objection: | None |
| Total expenses subject to objection: | None |
| Number of Professionals included in this application: | 10 |
| Difference between fees budgeted and compensation sought: | $89,067.70 |

---

[3] Amounts reflect a voluntary 15% reduction.

| | |
|---|---|
| Number of Professionals billing fewer than 15 hours to this case: | 7 |
| Rates higher than those approved or disclosed at retention: | Annual rate increases were applied for 2019 to all billers as detailed in the retention agreement and subsequent amendments and letters and agreed to by the Oversight Board. |
| Objection Deadline | April 1, 2020 at 4:00 p.m. (Atlantic Standard Time) |

This is a __ monthly _**X**_ interim __ final application.

**Schedule 1**
**Interim Compensation Period - Fee Statements for**
**October 1, 2019 through November 30, 2019**

| Statement and Date Served | Period Covered | Total Fees Incurred[4] | Total Fees Requested (90%) | Holdback (10%) | Expenses Requested | Fees Paid | Expenses Paid |
|---|---|---|---|---|---|---|---|
| Nineteenth Statement (11/7/2019) | 10/1/2019 – 10/31/2019 | $204,214.54 | $183,793.09 | $20,421.45 | $17,902.38 | $137,833.19 | $17,902.38 |
| Twentieth Statement (12/10/2019) | 11/1/2019 – 11/30/2019 | $4,853.16 | $4,367.84 | $485.32 | $2,860.35 | $3,101.17 | $2,860.35 |
| | Totals: | **$209,067.70** | **$188,160.93** | **$20,906.77** | **$20,762.73** | **$140,934.36** | **$20,762.73** |

---

[4] Amounts reflect a voluntary 15% reduction.

**Schedule 2**
**Summary of Professional Services Rendered by Timekeeper for the Period**
**October 1, 2019 through October 31, 2019 on Matter 00002**

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED | HOURLY RATES | TOTAL HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Anders, Ginger | Litigation - 2005 | $936.00 | 32.1 | $30,045.60 |
| Goldenberg, Elaine | Litigation - 2002 | $978.00 | 7.2 | $7,041.60 |
| Horwich, Benjamin | Litigation - 2007 | $936.00 | 11 | $10,296.00 |
| Verrilli, Donald | Litigation - 1989 | $1,352.00 | 111.4 | $150,612.80 |
| Yohalem, Mark | Litigation - 2006 | $858.00 | 9.5 | $8,151.00 |
| | | **Totals:** | **171.2** | **$206,147.00** |
| **ASSOCIATES** | | | | |
| Boyce, Sarah | Litigation - 2013 | $775.00 | 6.2 | $4,805.00 |
| El-Khouri, Adele | Litigation - 2015 | $754.00 | 18.8 | $14,175.20 |
| Miller-Ziegler, Rachel | Litigation - 2017 | $660.00 | 12.5 | $8,250.00 |
| Segall, Jordan | Litigation - 2011 | $796.00 | 8.5 | $6,766.00 |
| | | **Totals:** | **46** | **$33,996.20** |
| **PARALEGALS** | | | | |
| Jacobsen, Arn | Litigation Paralegal | $364.00 | 0.3 | $109.20 |
| | | **Totals:** | **0.3** | **$109.20** |
| **ALL PROFESSIONALS** | | | | |
| | | **Totals:** | **217.5** | **$240,252.40** |
| | | **Less 15% Discount** | **217.5** | **$204,214.54** |

**Summary of Professional Services Rendered by Timekeeper for the Period
November 1, 2019 through November 30, 2019 on Matter 00002**

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED | HOURLY RATES | TOTAL HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Anders, Ginger | Litigation - 2005 | $936.00 | 6.1 | $5,709.60 |
| | | **Totals:** | 6.1 | $5,709.60 |
| | | | | |
| | | **All Professionals:** | 6.1 | $5,709.60 |
| | | **Less 15% Discount** | | **$4,853.16** |

**Schedule 3**
**Summary of Actual and Necessary Expenses Incurred for the Period**
**October 1, 2019 through November 30, 2019**

| Matter 00002 | |
|---|---|
| **Service Description** | **Amount** |
| Travel - Airfare | $1,486.60 |
| Travel - Hotel | $928.78 |
| Travel - Meals | $173.40 |
| Travel - Ground | $231.62 |
| Expert Retention | $15,000.00 |
| Messenger Vendor | $37.74 |
| Copying Charges/Outside Vendor | $2,864.64 |
| Other Expense – Internet Access | $39.95 |
| **Total:** | **$20,762.73** |

Dated: March 16, 2020

*/s/ Donald B. Verrilli, Jr.*

**MUNGER, TOLLES & OLSON LLP**
Donald B. Verrilli, Jr. (pro hac vice)
Ginger D. Anders (pro hac vice)
Sarah G. Boyce (pro hac vice)
Adele M. El-Khouri (pro hac vice)
Rachel G. Miller-Ziegler (pro hac vice)
1155 F Street NW, Seventh Floor
Washington, DC 20004-1357
Telephone:      (202) 220-1100
Facsimile:      (202) 220-2300
Email:          Donald.Verrilli@mto.com
                Ginger.Anders@mto.com
                Sarah.Boyce@mto.com
                Adele.El-Khouri@mto.com
                Rachel.Miller-Ziegler@mto.com

Jordan D. Segall (pro hac vice)
350 S. Grand Ave., Fiftieth Floor
Los Angeles, CA 90071
Telephone:      (213) 683-9208
Facsimile:      (213) 687-3702
Email:          Jordan.Segall@mto.com

*Attorneys for The Financial Oversight and
Management Board for Puerto Rico, as Representative of The
Commonwealth of Puerto Rico*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>   Debtors[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**INTERIM APPLICATION OF MUNGER, TOLLES & OLSON LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO FOR THE PERIOD FROM OCTOBER 1, 2019 THROUGH NOVEMBER 30, 2019**

To the Honorable United States District Court Judge Laura Taylor Swain

   Munger, Tolles & Olson LLP ("MTO"), attorneys for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), sections 316 and 317 of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules") including the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses referenced therein, and in accordance with this Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (Dkt. No. 3269) (the "Interim Compensation Order"), hereby submits its interim fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $209,067.70 and reimbursement of actual and necessary expenses in the amount of $20,762.73 that MTO incurred for the period from October 1, 2019 through November 30, 2019 (the "Fee Period"). In support of this Fee Application, MTO submits the certification of Donald B. Verrilli, Jr., a partner at MTO, (the "Verrilli Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application, MTO respectfully states as follows.

### Jurisdiction

1.      The United States District Court for the District of Puerto Rico (the "Court") has jurisdiction over this matter pursuant to PROMESA section 306(a).

2.      Venue is proper pursuant to PROMESA section 307(a).

3.      The bases for the relief requested herein are PROMESA sections 316 and 317, the Bankruptcy Rules, the Local Rules, and the Interim Compensation Order.

### Background

4.      On June 30, 2016, the Oversight Board was established under PROMESA section 101(b). On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5.      On August 7, 2017, Aurelius filed a complaint alleging the Board was selected in violation of the Appointments Clause, undermining the Constitutionality of PROMESA.

**MTO Retention**

6.        On September 5, 2017, the Oversight Board entered into an agreement to retain MTO (the "Retention Agreement") for legal representation regarding the challenge to the Constitutionality of PROMESA (matter number 00002).  The Retention Agreement authorizes the Oversight Board to compensate and reimburse MTO in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Interim Compensation Order.  The Retention Agreement also authorizes the Oversight Board to compensate MTO at the standard hourly rates it charges, less a 15% discount, for services of this type and to reimburse MTO for certain actual and necessary out-of-pocket expenses incurred.  The particular terms of MTO's engagement are detailed in the engagement letter by and between MTO and Jaime A. El Koury, the General Counsel of the Oversight Board, effective as of September 5, 2017, which is attached hereto in **Exhibit B**.

7.        On May 29, 2018, the Oversight Board entered into a second agreement to retain MTO (the "Second Retention Amendment") for legal representation regarding the Board's authority to enforce the requirements of it fiscal plan (matter number 00003).  The Retention Amendment adopted the terms of the original Retention Agreement.  The particular terms of MTO's engagement are detailed in the engagement letter by and between MTO and Jaime A. El Koury, the General Counsel of the Oversight Board, effective as of May 29, 2018, which is attached hereto in **Exhibit B**.

8.        On December 21, 2018, the Oversight Board entered into a third agreement to retain MTO (the "Third Retention Amendment") for legal representation regarding the Board's opposition to a petition for certiorari (matter number 00004).  The Second Retention Amendment adopted the terms of the original Retention Agreement and Retention Amendment.  The particular

terms of MTO's engagement are detailed in the engagement letter by and between MTO and Jaime A. El Koury, the General Counsel of the Oversight Board, effective as of December 21, 2018, which is attached hereto in **Exhibit B**.

9.      MTO believes that the relief requested herein complies with the controlling guidelines.

## Relief Requested

10.      Pursuant to the Interim Compensation Order MTO seeks compensation for professional services rendered to the Oversight Board during the Fee Period in the amount of $209,067.70 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $20,762.73.  All of the fees and expenses MTO seeks in this Fee Application are allocated to the Oversight Board.

11.      MTO submitted Monthly Fee Statements (as defined in the Interim Compensation Order) seeking payment of (a) 90 percent of the fees incurred by the Oversight Board for reasonable and necessary professional services rendered by MTO and (b) 100 percent of the actual and necessary costs and expenses incurred by MTO in connection with the services provided to the Oversight Board for each month.

12.      On November 7, 2019, MTO served on the Notice Parties (as defined in the interim compensation order) a Nineteenth Monthly Fee Statement for the period from October 1, 2019 through October 31, 2019.  In the Nineteenth Monthly Fee Statement, MTO requested payment of $201,695.47 (90% of the $204,214.54 billed for professional services and 100% of the $17,902.38 billed for allowable expenses) of which $155,735.57 has been paid to date.

On December 10, 2019, MTO served on the Notice Parties a Twentieth Monthly Fee Statement for the period from November 1, 2019 through November 30, 2019.  In the Twentieth Monthly Fee Statement, MTO requested payment of $7,228.19 (90% of the $4,853.16 billed for

4

professional services and 100% of the $2,860.35 billed for allowable expenses) of which $5,961.52 has been paid to date.

13.     No objections were filed to any of the Monthly Fee Statements and MTO submitted to the Notice Parties the required Monthly Fee Objection Statements.  To date, MTO has received payment for its fees, costs, and expenses incurred during the Fee Period in the amount of $161,697.09.

14.     Beginning on January 1, 2019, a purported tax withholding of 29% was assessed on all payments of Monthly Fee Statements.  MTO requests payment of this withheld amount.

15.     MTO seeks, by this Fee Application, payment of its fees for the Fee Period required under the Interim Compensation Order in the amount of $209,067.70 and payment of its expenses in the amount of $20,762.73, inclusive of any amounts previously held back, including the purported tax withholding.

**Fees and Expenses Incurred During Fee Period**

**A.     Customary Billing Disclosures**.

16.     MTO sets its hourly rates at a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure MTO uses in its representation of the Oversight Board are the same as the hourly rates and corresponding rate structure that MTO uses in other representations, and are comparable to the hourly rates and corresponding rate structure that MTO uses for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  At the request of the Oversight Board, changes to hourly billing rates for MTO timekeepers were delayed to correspond with the Board's fiscal year, taking effect as of July 1, 2019.  These rates increases were reviewed and agreed to by the Oversight Board.

5

**B.** **Fees Incurred During Fee Period**.

17.     In the ordinary course of practice, MTO maintains computerized records of the time expended to render the professional services required by the Oversight Board.  For the convenience of the Court and all parties-in-interest, attached hereto as **Schedule 2** is a summary, by matter, of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name, title, and department of each attorney and paraprofessional for whose work on these cases compensation is sought;

- the year each attorney was admitted to the bar

- the hourly billing rate for each attorney and each paraprofessional at MTO's billing rates during the Fee Period;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- a calculation of total compensation requested.

**C.** **Actual and Necessary Expenses Incurred During Fee Period**.

18.     It is MTO's policy to charge its clients in all areas of practice for expenses incurred in connection with its clients' cases.  The expenses charged to clients include, among other things, court fees, telephone conference call and international call charges, mail, express mail, and overnight delivery service charges, special or hand delivery charges, document retrieval charges, charges for mass mailings (including envelopes and labels) provided by MTO to outside copying services, airfare, meals, lodging, transcription costs, expert costs, and non-ordinary overhead expenses.  MTO charges the Oversight Board for these expenses in a manner and at rates consistent with charges made generally to MTO's other clients and within the guidelines set forth in the Local Rules, the Bankruptcy Rules, and the Interim Compensation Order.  MTO believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.  MTO does not

charge clients for office supplies, standard duplication, facsimile transmissions, or secretarial support.

19.     For the convenience of the Court and all parties-in-interest, **Schedule 3** contains a summary of expenses for which MTO is seeking reimbursement by category and the invoices attached as **Exhibit D** contain MTO's detailed records of expenses incurred during the Fee Period in the rendition of professional services to the Oversight Board.

### Summary of Legal Services Rendered During the Fee Period

20.     On September 5, 2017, the Oversight Board entered into an agreement to retain MTO (the "Retention Agreement") for legal representation regarding challenges to the Constitutionality of PROMESA.  Since its retention, MTO has worked diligently with representatives of the Oversight Board to prepare for and litigate Constitutional challenges.

21.     On May 29, 2018, the Oversight Board entered into a second agreement to retain MTO (the "Second Retention Amendment") for legal representation regarding the Board's authority to enforce the requirements of it fiscal plan.  Since the amendment, MTO has worked diligently with representatives of the Oversight Board to create a litigation strategy.

22.     MTO has worked with the Oversight Board and its other counsel to (a) prepare pleadings and briefs in litigation matters; (b) prepare for hearings; (c) research jurisprudence regarding Constitutional issues; and (d) perform other professional services as described in this application and reflected in **Schedule 2** and **Exhibit D**.

23.     Pursuant to the Interim Compensation Order MTO seeks an allowance for professional services rendered to the Oversight Board during the Fee Period in the amount of $209,067.70 and reimbursement of actual and necessary expenses incurred in connection with

providing such services in the amount of $20,762.73.  MTO has applied a 15% discount on the

hourly rates of all professionals and paraprofessionals working on these matters.

24.     MTO maintains electronic records of time billed for services rendered to the

Oversight Board.  Copies of the these records, subject to redaction to preserve confidentiality of

work product and attorney-client privilege, are provided in invoice form as **Exhibit D**.

25.     MTO's summary of itemized time records for professionals and paralegals

performing services for the Oversight Board during the Compensation Period is attached as

**Schedule 2**.  During the compensation period, MTO recorded 177.3 hours by partners, 46 hours

by associates, and .3 hours by paraprofessionals.  The fees charged by MTO, as set forth in

Schedule 2, are in accordance with the firm's existing billing rates in effect during the

Compensation Period.

26.     All entries itemized in MTO's time records comply with the requirements set forth

in the Guidelines and include a project category, a description of the activity or service performed

and the number of hours spent by each individual providing the services.

**Applicant Statement in Compliance with Appendix B Guidelines C.5**

27.     The following answers are provided in response to the questions set forth in

Guidelines paragraph C.5:

> <u>Question:</u>   Did you agree to any variations from, or alternatives to, your standard
> or customary billing rates, fees or terms for services pertaining to this
> engagement that were provided during the application period?  If so,
> please explain.
>
> <u>Response:</u>   Yes.  As described in the Engagement Letter, MTO agreed to a 15%
> discount on professional fees.
>
> <u>Question:</u>   If the fees sought in this fee application as compared to the fees
> budgeted for the time period covered by this fee application are higher
> by 10% or more, did you discuss the reasons for the variation with the
> client?

Response:     Yes.

Question:    Have any of the professionals included in this fee application varied
their hourly rate based on the geographic location of the bankruptcy
case?

Response:     No.

Question:    Does the fee application include time or fees related to reviewing or
revising time records or preparing, reviewing, or revising invoices? (This
is limited to work involved in preparing and editing billing records that
would not be compensable outside of bankruptcy and does not include
reasonable fees for preparing a fee application.).  If so, please quantify
by hours and fees.

Response:     No.

Question:    Does this fee application include time or fees for reviewing time
records to redact any privileged or other confidential information?  If
so, please quantify by hours and fees.

Response:     No.

Question:    If the fee application includes any rate increases since retention: (i) Did
your client review and approve those rate increases in advance? (ii) Did
your client agree when retaining the law firm to accept all future rate
increases?  If not, did you inform your client that they need not agree
to modified rates or terms in order to have you continue the
representation, consistent with ABA Formal Ethics Opinion 11-458?

Response:     Yes.  The Retention Agreement identifies that MTO's rates will increase
annually on January 1.  The Second Retention Amendment also notes
the increase.  The client reviewed and approved the rate increases that
took effect on July 1, 2019.

**Professionals Billing Fewer than Five Hours per Month**

28.    The following chart indicates which professionals billed fewer than five hours per

month, the months for which fewer than five hours was billed, and an explanation of why the use

of such professional was reasonable and necessary.

9

| Professional | Months in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Jacobsen, Arn | November 2019 | Mr. Jacobsen is a paralegal in MTO's litigation department who assisted with litigation support. |

29.     To provide a meaningful summary of MTO's services provided on behalf of the Oversight Board, MTO has established, in accordance with its internal billing procedures, certain subject matter categories ("Matter Number").

| Matter Number | Matter Category Description | Hours Billed | Total Compensation Billed[2] |
|---|---|---|---|
| 002 | Constitutional Litigation | 223.6 | $209,067.70 |
| 003 | Fiscal Plan Enforcement | 0.0 | $0.00 |
| 004 | Peaje Investments Certiorari Petition | 0.0 | $0.00 |
| **Total** | | **223.6** | **$209,067.70** |

30.     In addition, subject to redaction for attorney-client privilege, work product doctrine, and confidentiality where necessary to protect the Oversight Board, MTO's computerized records of time expended on its representation of the Oversight Board are attached hereto as **Exhibit D**.

### Summary of Legal Services Provided During the Compensation Period

31.     The following is a summary, by Matter Category, of the most significant professional services provided by MTO during the Fee Period.

[2] Billed amounts reflect a voluntary 15% reduction.

10

     **(a)**    **Constitutional Litigation (Matter Number 2)**

Total Fees:    $209,067.70
Total Hours:   223.6

This Matter Category includes time spent by MTO attorneys relating to defending the Board against Aurelius' Appointments Clause challenge. Specifically, MTO attorneys spent time researching and analyzing Constitutional arguments and strategies; reviewing and preparing briefs, motions, and other pleadings; and planning and preparing for oral arguments in the United States Supreme Court.

     **(b)**    **Fiscal Plan Enforcement (Matter Number 3)**

Total Fees:    $0.00
Total Hours:   0.0

This Matter Category includes time spent by MTO attorneys advising the Board regarding its legal options if the Commonwealth does not comply with the Board's certified Fiscal Plan and budget. No time was billed to this Category during the Interim Period.

     **(c)**    **Peaje Investments Certiorari Petition (Matter Number 4)**

Total Fees:    $0.00
Total Hours:   0.0

This Matter Category includes time spent by MTO attorneys advising the Board on opposing a petition for certiorari. No time was billed to this Category during the Interim Period.

**MTO's Requested Compensation and Reimbursement Should be Allowed**

32.    All services for which MTO seeks approval, and expenses for which it seeks reimbursement, were performed on behalf of the Oversight Board. In connection with the matters covered by this Application, MTO received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Oversight Board. There is

no agreement or understanding between MTO and any other person, other than members of the

firm, for the sharing of compensation received for services rendered in this Title III case.

33.    PROMESA sections 316 and 317 provide for interim compensation of

professionals and govern the Court's award of such compensation.  48 U.S.C. §§ 2176-2177.

PROMESA section 316 provides that a court may award a professional person employed by the

Debtor or the Oversight Board under PROMESA "(1) reasonable compensation for actual,

necessary services rendered by the professional person, or attorney and by any paraprofessional

person employed by any such person; and (2) reimbursement for actual, necessary expenses."  48

U.S.C. § 2176(a).  11 U.S.C. § 330(a)(1).  Section 316 also sets forth the criteria for the award of

such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded …
> the court shall consider the nature, the extent, and the value of such
> services, taking into account all relevant factors, including—
>
> (1)    the time spent on such services;
>
> (2)    the rates charged for such services;
>
> (3)    whether the services were necessary to the
> administration of, or beneficial at the time at which
> the service was rendered toward the completion of,
> a case under this chapter;
>
> (4)    whether the services were performed within a
> reasonable amount of time commensurate with the
> complexity, importance, and nature of the problem,
> issue, or task addressed;
>
> (5)    with respect to a professional person, whether the
> person is board certified or otherwise has
> demonstrated skill and experience …; and
>
> (6)    whether the compensation is reasonable based on
> the customary compensation charged by
> comparably skilled practitioners in cases other than
> cases under this subchapter or title 11.

48 U.S.C. § 2176(c).

34.     The services for which MTO seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Oversight Board.  MTO performed the services for the Oversight Board in an efficient and effective manner and the results obtained benefited the Oversight Board.

35.     MTO's services were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.  Further, MTO used its reasonable efforts to avoid any duplication of services.  MTO also minimized its disbursements, and the actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances.

36.     In sum, MTO believes that the compensation requested is appropriate given the complexity and breadth of the matters involved, the time expended by MTO professionals and paraprofessionals, the nature and extent of the services rendered by MTO, the necessity of such services, the value of MTO's services, and the cost of comparable services outside of bankruptcy. Accordingly, MTO respectfully submits that approval of the compensation sought herein is warranted.

**Location of Services Provided**

37.     All fees and services during this Compensation Period were rendered and incurred outside of Puerto Rico.

**Reservation of Rights and Notice**

38.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  MTO reserves the right to include such amounts in future fee applications.

39.     Pursuant to the Interim Compensation Order, (a) any Notice Party that wishes to

object to the Fee Application must file its objection with the Court and serve it on MTO and the

Notice Parties so that it is **actually received** on or before **April 1, 2020 at 4:00 p.m. (Atlantic**

**Standard Time)**.

## No Prior Request

40.     No prior application for the relief requested herein has been made to this or any

other court.

## Notice

41.     Pursuant to the Interim Compensation Order, notice of this Application has been

served upon:

     i.    attorneys for the Oversight Board, Proskauer Rose LLP, Eleven Times
Square, New York, NY 10036, Attn: Martin J. Bienenstock, Esq.
(mbienenstock@proskauer.com) and Ehud Barak, Esq.
(ebarak@proskauer.com), and Proskauer Rose LLP, 70 West Madison Street,
Chicago, IL 60602, Attn: Paul V. Possinger, Esq.
(ppossinger@proskauer.com);

    ii.    attorneys for the Oversight Board, O'Neill & Borges LLC, 250 Muñoz Rivera
Ave., Suite 800, San Juan, PR 00918, Attn: Hermann D. Bauer, Esq.
(hermann.bauer@oneillborges.com);

    iii.    attorneys for the Puerto Rico Fiscal Agency and Financial Advisory
Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square,
New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com),
Suzzanne Uhland, Esq. (suhland@omm.com), and Diana M. Perez, Esq.
(dperez@omm.com);

    iv.    attorneys for the Puerto Rico Fiscal Agency and Financial Advisory
Authority, Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce
de León Ave, San Juan, PR 00917, Attn: Luis C.Marini-Biaggi, Esq.
(lmarini@mpmlawpr.com) and Carolina Velaz-Rivero Esq.
(cvelaz@mpmlawpr.com);

    v.    the Office of the United States Trustee for the District of Puerto Rico, Edificio
Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re:
Commonwealth of Puerto Rico);

vi.  attorneys for the Official Committee of Unsecured Creditors, Paul Hastings
LLP, 200 Park Ave., New York, NY 10166, Attn: Luc. A Despins, Esq.
(lucdespins@paulhastings.com);

vii.  attorneys for the Official Committee of Unsecured Creditors, Casillas,
Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste.
1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq.
(jcasillas@cstlawpr.com) and Alberto J.E. Añeses Negrón, Esq.
(aaneses@cstlawpr.com);

viii.  attorneys for the Official Committee of Retired Employees, Jenner & Block
LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq.
(rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com), and
Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine
Steege, Esq. (csteege@jenner.com) and Melissa Root,
Esq.(mroot@jenner.com);

ix.  attorneys for the Official Committee of Retired Employees, Bennazar, García
& Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato
Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq. (ajb@bennazar.org);

x.  the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR
00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central
Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez,
CPA, Assistant Secretary of Central Accounting
(Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy
Assistant Secretary of Internal Revenue and Tax Policy
(angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary
of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and
Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury
(Francisco.Pena@hacienda.pr.gov);

xi.  attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de
León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck
O. Lugo (elugo@edgelegalpr.com); and

xii.  attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street,
Suite 500, Madison, WI 53703, Attn: Katherine Stadler
(KStadler@gklaw.com).

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, MTO respectfully requests that the Court enter an order (a) allowing MTO interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $209,067.70, and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of $20,762.73; (b) authorizing and directing the Oversight Board to remit payment to MTO for $68,133.34, the difference between such fees and expenses ($229,830.43) and the amounts previously paid to MTO ($161,697.09); (c) allowing such compensation without prejudice to MTO's right to seek compensation for professional and paraprofessional services provided and expenses incurred during the Fee Period that may not have been processed; and (d) granting such other relief as is appropriate under the circumstances.

Dated: March 16, 2020

*/s/ Donald B. Verrilli, Jr.*

**MUNGER, TOLLES & OLSON LLP**
Donald B. Verrilli, Jr. (pro hac vice)
Ginger D. Anders (pro hac vice)
Sarah G. Boyce (pro hac vice)
Adele M. El-Khouri (pro hac vice)
Rachel G. Miller-Ziegler (pro hac vice)
1155 F Street NW, Seventh Floor
Washington, DC 20004-1357
Telephone:      (202) 220-1100
Facsimile:      (202) 220-2300
Email:          Donald.Verrilli@mto.com
                Ginger.Anders@mto.com
                Sarah.Boyce@mto.com
                Adele.El-Khouri@mto.com
                Rachel.Miller-Ziegler@mto.com

Jordan D. Segall (pro hac vice)
350 S. Grand Ave., Fiftieth Floor
Los Angeles, CA 90071
Telephone:      (213) 683-9208
Facsimile:      (213) 687-3702
Email:          Jordan.Segall@mto.com

*Attorneys for The Financial Oversight and Management Board for Puerto Rico, as Representative of The Commonwealth of Puerto Rico*

16

**<u>Exhibit A</u>**

**Certification under the Guidelines**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>   Debtors[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**CERTIFICATION UNDER THE GUIDELINES FOR FEES AND DISBURSEMENTS
FOR PROFESSIONALS IN REGARD TO THE INTERIM APPLICATION OF
MUNGER, TOLLES & OLSON LLP FOR ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS
ATTORNEYS TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR
PUERTO RICO FOR THE PERIOD FROM OCTOBER 1, 2019 THROUGH
NOVEMBER 30, 2019**

Pursuant to the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in

Larger Chapter 11 Cases issued by the Executive Office for the United States Trustee, 28 CFR

Part 58, Appendix B (the "Guidelines"), together with Local Rule 2016-1, the undersigned, a

Partner of the firm Munger, Tolles & Olson LLP ("MTO"), attorneys for the Financial Oversight

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

and Management Board for Puerto Rico (the "Oversight Board") pursuant to section 315(b) of

the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] hereby

certifies with respect to MTO's interim application for allowance of compensation for services

rendered and reimbursement of expenses incurred with respect to the Debtor's Title III case,

dated March 16, 2020 (the "Fee Application"), for the period from October 1, 2019 through

November 30, 2019 (the "Compensation Period") as follows:

1. I am the professional designated by MTO in respect of compliance with the Guidelines

and Local Rule 2016-1.

2. I make this certification in support of the Fee Application for interim compensation

and reimbursement of expenses incurred during the Compensation Period in accordance

with the Guidelines and Local Rule 2016-1.

3. In connection therewith, I hereby certify that:

a)      I have read the Fee Application

b)      To the best of my knowledge, information, and belief, formed after
        reasonable inquiry, the fees and disbursements sought in the Fee
        Application are permissible under the relevant rules, court orders, and the
        Guidelines.

c)      Except to the extent disclosed in the Fee Application or prohibited by the
        Guidelines, the fees and disbursements sought in the Fee Application are
        billed at rates customarily employed by MTO and generally accepted by
        MTO's clients.  In addition, none of the professionals seeking compensation
        varied their hourly rate based on the geographic location of the Oversight
        Board's case.

d)      MTO does not make a profit on costs or expenses for which it seeks
        reimbursement, whether the service is performed by MTO in-house or
        through a third party.

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101-2241

e)      MTO is not seeking compensation for time spent reviewing time entries included in invoices.

f)      no agreement or understanding exists between MTO and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules.

g)      All services for which compensation is sought were professional services on behalf of the Oversight Board and not on behalf of any other person.

3. I certify that MTO has previously provided monthly statements of fees and disbursements by serving monthly statements in accordance with the Interim Compensation Order (as defined in the Application), except that completing reasonable and necessary internal accounting and review procedures may have, at times, precluded filing fee statements within the time periods specified in the Order.

Dated: March 16, 2020

*/s/ Donald B. Verrilli, Jr.*
**MUNGER, TOLLES & OLSON LLP**
Donald B. Verrilli, Jr. (pro hac vice)
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
Telephone:    (202) 220-1100
Facsimile:    (202) 220-2300
Email:      Donald.Verrilli@mto.com

*Attorney for The Financial Oversight and*
*Management Board for Puerto Rico, as Representative of The*
*Commonwealth of Puerto Rico*

## Exhibit B

**Retention Agreement and Retention Amendments**

MUNGER, TOLLES & OLSON LLP

1155 F STREET N.W.
SEVENTH FLOOR
WASHINGTON, D.C. 20004-1361
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 683-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

September 5, 2017

Writer's Direct Contact
(202) 220-1101
(213) 683-4007 FAX
Donald.Verrilli@mto.com

Financial Oversight and Management Board for Puerto Rico
    Attention: Jaime A. El Koury
Members of the Financial Oversight and Management Board for Puerto Rico
Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
Jacob Javits Federal Building
26 Federal Plaza, Room 2-128
New York, NY 10278

Re:   In re: The Financial Oversight and Management Board for Puerto Rico

Lady and Gentlemen:

        We appreciate the opportunity to represent The Financial Oversight and
Management Board for Puerto Rico, both in its capacity as such and in its capacity as
representative of any debtor in any Title III proceeding (the "Oversight Board") and, in their
official capacity as nominal defendants, the members of the Oversight Board listed below,
(collectively, "you") in the PROMESA Matters (as defined below). Let me thank you for your
expression of confidence in retaining Munger, Tolles & Olson LLP ("MTO," the "firm," "we"
and "us"). This letter agreement, including the attached Additional Terms of Representation,
contain your agreement with us regarding the engagement of our firm.

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 2

## Scope of Representation

        MTO's client in this representation will be only you, and not any other individual
or entity (whether or not related to any of you as an employee, agent, represented debtor, related
entity, overseeing body or otherwise).  Without limitation on the foregoing, you specifically
agree that although MTO will be representing the Oversight Board in its capacity as the
representative of any debtor in any Title III proceeding, MTO will not be representing any such
debtor.  You agree that this representation does not give rise to an attorney-client relationship
between MTO and anyone but you.  So, for example, MTO's representation of you will not be
deemed to be a representation of Puerto Rico, or any agency, department, officer or political
subdivision thereof, any other governmental entity or body of any sort, or any debtor in any Title
III proceeding, for conflict of interest purposes and you agree that we will not be precluded from,
and you will not use MTO's representation of you in this matter as a basis for objecting to
MTO's representing another client adverse to any such person or entity, or any other individual
or entity other than the Financial Oversight and Management Board for Puerto Rico itself.

        MTO's engagement is limited to representing you in proceedings in the U.S.
District Court for the District of Puerto Rico in *In re: The Financial Oversight and Management
Board for Puerto Rico*, No. 17 BK 3283-LTS ("No. 17 BK 3283-LTS"),; the U.S. District Court
for the District of Puerto Rico in *In re: The Financial Oversight and Management Board for
Puerto Rico*, No. 17 BK 4780-LTS ("No. 17 BK 4780-LTS"); and any other similar actions filed
that challenge the constitutionality of the Puerto Rico Oversight, Management, and Economic
Stability Act ("PROMESA") on the same bases as those asserted in 17 BK 3283-LTS and No. 17
BK 4780-LTS, and any further appellate proceedings raising the issue of PROMESA's
constitutionality in these matters (collectively, the "PROMESA Matters").  MTO is not your
general counsel, and our engagement does not involve an undertaking to represent you or your
interests in any other matter.  For example, MTO's engagement does not include responsibility
for advising you regarding the extent of your authority or any aspect of your carrying out your
mission.

        If not terminated earlier or extended in an express written agreement executed by
a partner in MTO, our representation of you in this matter will conclude upon the earlier of the
settlement or other final resolution of the claims regarding the constitutionality of PROMESA
asserted in the PROMESA Matters, or six months of no work recorded by us on the matter.

## Billing

        Our billing practice will be to base legal fees upon the amount of time devoted to
this matter at hourly rates for the attorneys and other personnel (such as paralegal assistants and
case clerks) involved in the project.  We believe that our hourly rates are comparable to those
charged for similar kinds of work by lawyers of similar experience and standing in the

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 3

community.  We will provide a 15% discount from our standard hourly rates.  Our pre-
discounted hourly rates for the attorneys currently assigned to your matter will be: Donald B.
Verrilli, Jr. ($1225), Ginger Anders ($800); Chad Golder ($735); Sarah Boyce ($660); Adele El-
Khouri ($600).  Other attorneys in the firm may also be involved in this representation to the
extent we find it appropriate.  Paralegal time is billed at rates ranging between $190 and $320 per
hour.  We expect to adjust our rates annually on the first of the year, and of course will notify
you of any increases in the rates of persons working on your matter.  In addition, upon
conclusion of the district court proceedings, we will endeavor to negotiate a mutually satisfactory
fixed fee arrangement for proceedings in the Court of Appeals.  We will also endeavor, upon
conclusion of proceedings in the Court of Appeals, to negotiate a mutually satisfactory fixed fee
arrangement for proceedings (if any) in the United States Supreme Court.

        We will send monthly statements to you, and by the signature of your
representative below, you agree to pay them.  These statements will show the current status of
your account, both for services rendered and for costs incurred on your behalf, and we will
expect payment of the balance due on those statements promptly; provided that, all invoices are
to be paid in accordance with the court order setting procedures for interim compensation and
reimbursement of professionals.  The statements will include time entries by day and timekeeper,
with general task descriptions.

### Issues Regarding Joint Representation

        As a formal matter, we will jointly represent the Oversight Board and the
individual Oversight Board members who have been named in their official capacities as
nominal defendants in the Adversary Complaint filed by the Union de Trabajadores De La
Industria Electrica y Riego (Utier) in No. 17 BK4780-LTS.

        Joint representations may result in economic or tactical advantages.  You should
be aware, however, that joint representations sometimes involve significant risks.  For example,
joint representations may result in divided or at least shared attorney-client loyalties.  In joint
representations, it is possible that issues may arise as to which a lawyer's representation of one
client may be materially limited by the lawyer's joint representation of other clients in the same
manner.  This could happen if, for example, the interests of one of a group of jointly represented
defendants in a matter would be served by the presentation of rights, strategies, claims, or
evidence whose presentation would be detrimental to the interests of the other jointly-represented
defendants — in other words, if what is in one jointly-represented client's best interests is not in
the best interests of other jointly-represented clients.  With respect to the representation here,
however, we have not identified any actual or potential conflicts.  Indeed, The individual Board
members here have been sued in their official capacities as nominal defendants for declaratory
relief only; the central issue is the constitutionality of the Board rather than the propriety
(assuming the constitutionality of the Board) of any action that the Board members have taken or

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
     as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 4

authorized, or will take or authorize.  Therefore, it appears to us that the interests of all of you are
organically aligned in this matter.

     As noted above, we will be representing the Oversight Board as such and also in
its capacity as the representative of any debtor in any Title III proceeding.  We believe that the
just-presented analysis would apply to representation of the Oversight Board in this additional
representative capacity where we would not be representing any such debtor itself and the central
issue would remain the constitutionality of the Board rather than the propriety (assuming the
constitutionality of the Board) of any action that the any such debtor has taken or authorized, or
will take or authorize.

     By signing and returning to us the agreement and consent set forth at the end of
this letter, each of you agrees to our joint representation of the Oversight Board, the individual
Board Members listed below in their official capacity as nominal defendants in the identified
litigation, and the Oversight Board in its capacity as the representative of any debtor in any Title
III proceeding, and you will consent to the arrangements discussed above and agree neither to
assert a conflict of interest nor to seek to disqualify us from any representations related to any of
those arrangements.

*  *  *  *  *

     The attorney-client relationship is one of mutual trust and confidence.  We
therefore encourage our clients to feel free at all times to raise questions about any aspect of our
representation, including billing matters.

     Further terms applicable to this engagement are specified in Exhibit A to this
letter.  Please contact me as soon as possible if this letter (including its Exhibit A) does not
accurately reflect your understanding of our agreement.  Any corrections or changes must be in
writing and signed on your behalf and on our behalf.  Otherwise, please sign and return the
enclosed acknowledgment copy of this letter at your earliest convenience.

     Very truly yours,

Donald B. Verrilli, Jr.

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 5

       This letter, including Exhibit A hereto, accurately sets forth all of the terms of the
engagement of Munger, Tolles & Olson LLP as counsel to The Financial Oversight and
Management Board for Puerto Rico (the "Oversight Board"), the Oversight Board's individual
Board members identified below in their official capacities, and the Oversight Board in its
capacity as representative of any debtor in any Title III proceeding, is approved and accepted by
each of them, through an authorized representative where applicable:

THE FINANCIAL OVERSIGHT AND
   MANAGEMENT BOARD
   FOR PUERTO RICO

By _____        Date: _____
       Jaime El Koury
       General Counsel

JOSÉ B. CARRIÓN III

By _____        Date: _____
       José B. Carrión III

ANDREW G. BIGGS

By _____        Date: _____
       Andrew G. Biggs

CARLOS M. GARCÍA

By _____        Date: _____
       Carlos M. García

ARTHUR J. GONZÁLEZ

By _____        Date: _____
       Arthur J. González

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 6

JOSÉ R. GONZÁLEZ

By _____          Date: _____
        José R. González


ANA J. MATOSANTOS

By _____          Date: _____
        Ana J. Matosantos


DAVID A. SKEEL, JR.

By _____          Date: _____
        David A. Skeel, Jr.

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD
FOR PUERTO RICO IN ITS CAPACITY AS
THE REPRESENTATIVE OF ANY DEBTOR
IN ANY TITLE III PROCEEDING                    Date: _____

By _____
        Jaime El Koury
        General Counsel

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 7

## EXHIBIT A — MTO ADDITIONAL TERMS OF RETENTION

    The following terms apply to your retention of Munger, Tolles & Olson LLP in this matter, and are an integral part of our agreement with you.

    **Cooperation.**  To enable us to represent you effectively, you agree to cooperate fully with us in all aspects of your matter, and fully and accurately to disclose to us all facts and documents that may be relevant to the matter or that we may otherwise request.  We may rely on your disclosures without independent verification.  You also will make yourself reasonably available to attend meetings, discovery proceedings and conferences, hearings and other proceedings, as applicable.

    **Nature Of Services.**  We provide only legal services.  You are not relying on us for and we are not providing, among other things, investment, insurance, financial, accounting or technical advice or making business decisions, nor are we investigating the character or credit of persons with whom you may be dealing.  We will not express opinions or beliefs as to the financial statements or other financial information of you or anyone else.  Unless otherwise expressly stated in the body of this letter, we shall have no responsibility to investigate or evaluate whether insurance is available relating to your matter or to tender the matter to any insurance carrier.

    **No Guarantee Of Outcome.**  We do not and cannot guarantee the outcome of any matter.  Either at the commencement or during the course of our representation, we may express opinions or beliefs concerning the litigation or various courses of action and the results that might be anticipated.  Any such statements are intended to be expressions of opinion only, based on information available to us at the time, and should not be construed as promises or guarantees.

    **Estimates Not Binding.**  As you are aware, it is not possible to quote exact amounts to be charged for projects like this one.  Even carefully prepared estimates may turn out to be high or low.  Our experience has been, however, that our clients consider our fees to be reasonable in light of the responsibilities assumed, the effort expended, the result achieved, and the efficiency with which the project is completed.

    **Billing And Payment.**  The following billing and payment terms shall apply except that to the extent that, in the body of this letter, it is stated that a third party has agreed to pay our fees and costs in this matter, then the references to your payment obligations in the next three paragraphs shall be interpreted to apply to payment obligations of such third party.

    You agree to pay our statements promptly.  There are certain costs and expenses (in addition to the fees for our legal services) which you will be obligated to pay, if incurred,

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 8

reasonable, and documented, such as messenger charges, printing and photocopying costs, air express delivery charges, travel costs, transcript fees, parking charges, filing fees, telephone conference call charges, and other similar costs and expenses. Through an agreement with a vendor, we host electronic documents for mid-size litigation or other matters at a discounted rate. If your matter requires such document hosting, you will be billed a hosting fee that will appear on your monthly invoice as a cost, unless you arrange for document hosting in your matter through a vendor of your choosing and who will invoice you directly. If you prefer to use a vendor of your choosing, please let us know.

    From time to time, with your approval, MTO may engage leased workers for specific work on matters (e.g. first level review of documents, etc). These leased workers would work alongside and be supervised by our regular staff and attorneys. The billing rate for such leased workers may exceed the amount paid by MTO for the leased workers' services. We do not bill clients for fees charged by computerized legal research services, telephone charges other than conference call charges, routine facsimile transmissions or routine postage. We may also retain, at your expense, experts or consultants whose services we believe are necessary for effective representation in this matter. In accordance with our normal practice, we will require that significant bills from outside vendors (including, for example, copy services, experts and consultants) be paid directly by you. You also agree to pay us promptly for our fees, costs and expenses incurred in responding to subpoenas, testifying (and preparing testimony) by deposition or otherwise, or otherwise responding with respect to obligations, claims or demands relating to or arising out of the matters in which we have represented or are representing you, whether or not related to our services and whether or not we are then representing you.

    Any retainer or other advance payment ("advance payment') is for our (and not your) account and benefit; it is not intended as a security deposit. Unless otherwise required by law, any advance payment will not be maintained in a separate account or retained as trust funds, and it will earn no interest, for your benefit. Any request for an advance payment should not be viewed as a quote or a limitation on fees. Our fees could well exceed the amount of the advance. After completion of our engagement and payment of our final statement, if amounts paid (including advances) exceed the amounts charged, the difference will be repaid.

    You agree that we may suspend or terminate services, and may withdraw from our representation of you, if our statements or required advance payments are not timely paid or restored as agreed, subject to any required notice or applicable judicial or professional rules.

    **Informed Written Consent To Certain Future Conflicts Of Interest.** MTO represents many clients on a variety of legal matters. It is possible that in the future some of our present or future clients may have matters that are potentially or actually adverse to you that are not substantially related to the work we have performed for you. Similarly, there may be matters that you ask us to undertake in the future that present a potential or actual conflict with another

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
　　　as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 9

client of the firm.  Absent informed written consent, these conflicts of interest could adversely affect your ability and the ability of others to choose MTO as their counsel and preclude MTO from representing you or others in pending or future matters.  Accordingly, in engaging MTO in this or any other matter, you consent to MTO's representation of others ("other MTO Client(s)") in (a) transactional matters in which you are a counterparty to, or otherwise affected by, the transaction, (b) bankruptcy matters in which you are an interested party as an equity holder, a debtor, a secured or unsecured creditor, or otherwise, (c) litigation matters in which you may or may not be a party and in which the other MTO Client is not a party but files or seeks leave to file (individually or as part of a group of other amici or through a trade association) an *amicus curiae* brief that advocates a position that may be adverse to your interests, (d) litigation matters (including arbitration and other dispute resolution matters) in which you are not a party but the other MTO Client or another party in the matter is seeking testimony, documents or other evidence from or involving you, and (e) litigation (including arbitration and other dispute resolution matters), transactional, counseling or other matters in which you are not a party but you may have a business or other interest, for example, because you have a business or other relationship with a party or because a legal standard relevant to the matter may also be relevant to matters in which you are or may become involved.  Once again, the consent that we seek would extend only to matters that are not substantially related to the work we have performed for you.  (For the avoidance of doubt, you specifically agree that a bankruptcy of or relating to Puerto Rico is not substantially related to the matter in which you are engaging us.)  Such matters are referred to as "Permitted Other Representations."  An element of your consent is your agreement that neither you nor anyone acting on your behalf will assert MTO's representation of you as a basis for disqualifying MTO from representing another party in any Permitted Other Representation.  We commit to adhere to our professional obligation not to disclose or use any of your confidential information for another party's benefit without your consent.

　　　　　　In deciding whether to agree to this informed consent to future conflicts you should consider whether there is any material risk that we will be less zealous or eager on your behalf if we or others in our law firm at the same time represent other parties in Permitted Other Representations.  Similarly, you should consider whether there is any material risk that your confidential information will be used adversely to you.  We do not believe that there is a material risk of the first type because we understand our role as advocates in particular matters and take our obligations to our clients seriously.  We do not believe that there is a material risk of the second type because we seek your consent only with respect to matters that are not substantially related to matters in which we represent you.  Nevertheless, these are issues that you should consider for yourself and on which we encourage you to seek advice from independent counsel.

　　　　　　**Electronic Communications.**  During our engagement, we may exchange materials with you by electronic means such as email, using commercial software.  Such communications can be victimized by destructive electronic programs (so-called "viruses") and

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 10

interception.  Our virus scanning software also may occasionally reject a communication sent by
you, and yours may do the same to something sent by us.  We believe that these sorts of
occurrences are to be expected from time to time as part of the ordinary course of business and
cannot guarantee against them, although they do affect the security and reliability of electronic
communications.  If for these or other reasons you would prefer that we not communicate by
electronic means or follow special instructions or use encryptions, you should promptly so advise
in writing to those responsible for your matter.

**Consultation With Firm Counsel.**  We represent many clients and handle a great
number of complex matters.  In part because of the number of clients that we represent and the
complexity of matters in which we become involved, from time to time issues arise that raise
questions as to our professional duties.  These might include, for example, conflict of interest
issues, and could even include issues raised because of a dispute between us and a client over the
handling of a matter.  Under normal circumstances when such issues arise we would seek the
advice of our internal general counsel who are experienced in such matters.  Historically, we
have considered such consultations to be attorney-client privileged conversations between firm
personnel and the counsel for the firm.  In recent years, there have been judicial decisions
suggesting that under some circumstances such conversations involve a conflict of interest
between the client and the law firm and that consultation with firm counsel may not be
privileged, unless the law firm either withdraws from the representation of its client or obtains
the client's consent to consult with firm counsel.

We believe that it can be in our clients' and our mutual interests that, in the event
legal ethics or related issues arise in conjunction with a representation, we receive expert
analysis of our obligations.  Accordingly, as part of our agreement concerning our representation
of you, you agree that if we determine in our own discretion during the course of or following
the representation that it is either necessary or appropriate to consult with our firm counsel
(either MTO's in-house general counsel or, if we choose, outside counsel) we have your consent
to do so in what are and will be deemed to be communications protected by MTO's attorney-
client privilege, and that our representation of you shall not, thereby, waive any attorney-client
privilege that MTO may otherwise have to protect the confidentiality of our communications
with counsel.

**Conflict Checks.**  To allow us to conduct a conflict check, you represent that you
have identified for us all persons and entities that are or may become involved in the subject
matter, including all persons and entities that in any material respect are related, affiliated or
associated with you, and other involved or potentially involved parties (such as parent
corporations, subsidiaries and other affiliates, officers, directors and principals).  You agree that
you will promptly notify us if you become aware of any other persons or entities that are or may

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 11

become involved in the matter.  You agree to cooperate fully with us and provide all necessary information known or available to you that is relevant to our conflict check.

        **Public Reference To Representation.**  For matters that are or become public, you confirm that you have no objection to our making public reference to our representation of you, consistent with our responsibilities otherwise to maintain your confidences.  Such reference may include, for example, mention in our firm website, statements of an attorney's experience, and brochures or promotional material.

        **Termination Of Representation.**  You have the right to discharge us at any time. We may withdraw with your consent or for good cause, which includes client breach of this agreement or refusal to cooperate with us or follow our advice on a material matter, as well as in any other circumstance permitted by applicable rules.  If you or we terminate our representation of you, you will cooperate with us to effect that termination, including executing all reasonably necessary documents (such as a Substitution of Attorney).  Upon termination, you will remain obligated to pay for all services rendered and costs or expenses paid or incurred on your behalf before the termination or which are reasonably necessary thereafter.

        After the conclusion of our representation, changes may occur in the applicable laws or regulations that could have an impact upon your future rights and liabilities.  The firm has no continuing obligation to advise you with respect to future legal developments.

        **Record Retention.**  At the conclusion of this matter, we will at your request provide a copy of your file to you.  We may destroy our copy of that file after ten years from the conclusion of the matter.  Our own files remain our property and we may destroy our own files after ten years from the conclusion of the matter as well.  Our own files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records; as well as internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by or for our internal use.

        **Effective Date.**  The effective date of our agreement is the date on which our services commenced.  The date printed on this letter is for convenience of reference only.

        **Confidentiality of Engagement Letter.**  Although this engagement letter may be considered confidential, you agree that we may share the terms of any conflict waivers (excluding otherwise confidential information) with our other affected client(s) and that we may disclose the fact of any conflict waiver, as well as any document memorializing it (after redactions, if appropriate) where reasonably necessary to rebut allegations of improper conflicting representations.

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 12

        **Dispute Resolution.**  In the event of litigation in any way relating to this
agreement, California law will apply and personal jurisdiction and venue will be in Los Angeles,
California, in state court or, at our option if subject matter jurisdiction exists there, federal court.
We maintain errors and omissions insurance coverage applicable to the services to be rendered
under this agreement.  This agreement shall be governed by the internal law (and not the law
pertaining to choice or conflicts of law) of the State of California

        **Representation In Additional Matters.**  In the event that you request and we
agree to representation by us in additional matters, the terms hereof shall control such additional
matters except for the then prevailing hourly rates and the amount of a retainer, unless we enter
into a new written agreement containing a full statement of the terms.

MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR.*
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
KATHLEEN M. M'DOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
SANDRA A. SEVILLE-JONES
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
JEROME C. ROTH
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
KELLY M. KLAUS
DAVID B. GOLDMAN
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
TAMERLIN J. GODLEY
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
MICHAEL B. DESANCTIS*
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
MARK H. KIM
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER

BLANCA FROMM YOUNG
RANDALL G. SOMMER
ROSEMARIE T. RING
TODD J. ROSEN
MELINDA EADES LEMOINE
SETH GOLDMAN
GRANT A. DAVIS DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
MISTY M. SANFORD
ELAINE J. COX
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
ANJAN CHOUDHURY
KYLE W. MACH
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
MATTHEW A. MACDONALD
BRYAN H. HECKENLIVELY
SAMUEL T. GREENBERG
ELAINE J. GOLDENBERG
MARK R. YOHALEM
CHAD GOLDER*
GINGER D. ANDERS*
MARGARET G. MARASCHINO
JOHN M. GILDERSLEEVE
ADAM B. WEISS
ADAM R. LAWTON
JESLYN A. EVERITT
MARK R. SAYSON
JEREMY A. LAWRENCE
CHRISTOPHER H. LINDD
ADAM I. KAPLAN
KENNETH M. TRUJILLO-JAMISON
LAURA H. LIN
GREGORY M. SERGI
ACHYUT J. PHADKE
MARI OVERBECK
ZACHARY M. BRIERS
JENNIFER M. BRODER
KEVIN L. BRADY
ELLEN MEDLIN RICHMOND
JORDAN D. SEGALL
WESLEY T. L. BURRELL
CHRISTA L. CULVER

KAREN A. LORANG
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
CRAIG A. LAVOIE
ELIA HERRERA
JOSHUA PATASHNIK
JOSHUA S. MELTZER
ROSE LEDA EHLER
MARIA JHAI
ADAM P. BARRY
JENNIFER L. BRYANT
JUSTIN T. HELLMAN
ANDREW CATH RUBENSTEIN
JEFFREY A. PAYNE
HANNAH L. DUBINA
ADAM GOTTESFELD
NICHOLAS D. FRAM
JOHN L. SCHWAB
ALEXANDER D. TEREPKA
J*ME K. FORREST
ASHLEY D. KAPLAN
JESSICA REICH BARIL
JULIANA M. YEE
JEREMY K. BEECHER
MATTHEW K. DONOHUE
ALLYSON R. BENNETT
ARIEL C. GREEN
ELIZABETH A. LAUGHTON
EMILY CURRAN HUBERTY
TIMOTHY J. MOON
JORDAN X. NAVARETTE
JOHN B. MAJOR
LAUREN C. BARNETT
NICHOLAS R. SIDNEY
C. HUNTER HAYES
KIMBERLY D. OWENS
AARON D. PENNEKAMP
TREVOR N. TEMPLETON
STEPHEN T. MAYER
SKYLAR D. BROOKS
ELIZABETH R. AYRAL
ELIZABETH A. KIM
SUSAN S. HAR
THOMAS RUBINSKY
NICHOLAS DUFAU
LAURA M. LOPEZ
MICHAEL C. BAKER

NAJEE K. THORNTON
SARAH G. BOYCE*
HOLLY K. FRIEDEMAN
BENJAMIN WOODSIDE SCHRIER
WILLIAM LARSEN
CELIA R. CHOY*
ADELE M. EL-KHOURI*
COLIN A. DEVINE
DANE P. SHRINAN
LEXI PEACOCK
MAGGIE THOMPSON
SAMUEL H. ALLEN
ALLISON M. DAY
MARKUS A. BRAZILL
GIOVANNI S. SAARMAN GONZÁLEZ
JONATHAN S. MELTZER*
SAMUEL JOSÉ DÍAZ
LAUREN M. HARDING
NEFI D. ACOSTA
STEPHANIE G. HERRERA
TERESA A. REED
GRANT R. ARNOW
DANIEL BENJAMIN
SARA A. MCDERMOTT
J. MAX ROSEN
M. ELIZA HANEY
RACHEL G. MILLER-ZIEGLER*
ALISON F. KAROL
ANNE K. CONLEY

OF COUNSEL

ROBERT K. JOHNSON
ALAN V. FRIEDMAN
PATRICK J. CAFFERTY, JR.
PETER R. OETRE
ALLISON B. STEIN
BRAD SCHNEIDER
ERIC P. TUTTLE
PETER E. GRATZINGER
JENNY H. HONG
KIMBERLY A. CHI

E. LEROY TOLLES
(1922-2008)

*ADMITTED IN D.C.
ALL OTHERS ADMITTED IN CA.

1155 F STREET N.W.
SEVENTH FLOOR
WASHINGTON, D.C. 20004-1361
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 683-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

May 29, 2018

Writer's Direct Contact
(202) 220-1101
(213) 683-4007 FAX
Donald.Verrilli@mto.com

Financial Oversight and Management Board
for Puerto Rico
Attention: Jaime A. El Koury
Jacob Javits Federal Building
26 Federal Plaza, Room 2-128
New York, NY 10278

Dear Jaime:

This will confirm our firm's new representation of The Financial Oversight and Management Board for Puerto Rico ("you" or the "Oversight Board"). In brief, our representation will be to provide advice and potentially in pursue litigation regarding the Board's authority to enforce the requirements of its fiscal plan against the Governor of Puerto Rico. If not terminated earlier or extended in an express written agreement executed by a partner in MTO, our representation of you in this matter will conclude upon the earlier of the settlement or other final resolution of the claims asserted in the matter or six months of no work recorded by us on the matter.

The Oversight Board is the sole client in the matter. We are not representing any other person or entity (whether affiliated with or otherwise related to the Oversight Board).

The terms of our most recent formal engagement letter with the Oversight Board, as modified by any intervening changes in the firm's applicable billing rates, will apply. If you would like an additional copy of that letter, please let me know.

38774651.1

MUNGER, TOLLES & OLSON LLP

May 29, 2018
Page 2

       Thank you again for the opportunity to work with you in this matter.

                         Very truly yours,

                         Donald B. Verrilli, Jr.

M U N G E R ,   T O L L E S   &   O L S O N   L L P

RONALD L. OLSON
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
VILSON M. SPIEGEL
DONALD B. VERRILLI, JR.*
TERRY E. SANCHEZ
STEVEN M. PERRY
MARY B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
KATHLEEN M.'M'DOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
SANDRA A. SEVILLE-JONES
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
JEROME C. ROTH
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
KELLY M. KLAUS
DAVID B. GOLDMAN
DAVID M. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
TAMERLIN J. GODLEY
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
MICHAEL B. DESANCTIS*
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
MARK H. KIM
BRETT J. RODDA
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER

BLANCA FROMM YOUNG
RANDALL G. SOMMER
ROSEMARIE T. RING
MELINDA EADES LEMOINE
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
MISTY M. SANFORD
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
ANJAN CHOUDHURY
KYLE W. MACH
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
MATTHEW A. MACDONALD
BRYAN H. HECKENLIVELY
ELAINE J. GOLDENBERG*
MARK R. YOHALEM
CHAD GOLDER*
GINGER D. ANDERS*
MARGARET G. MARASCHINO
JOHN M. GILDERSLEEVE
ADAM B. WEISS
GEORGE CLAYTON FATHEREE, III
KELLY L.C. KRIEBS
ADAM R. LAWTON
JEREMY A. LAWRENCE
CHRISTOPHER M. LYNCH*
ADAM I. KAPLAN
KENNETH M. TRUJILLO-JAMISON
LAURA K. LIN
GREGORY M. SERGI
ACHYUT J. PHADKE
MARI OVERBECK
ZACHARY M. BRIERS
JENNIFER M. BRODER
JORDAN D. SEGALL
WESLEY T.L. BURRELL

KAREN A. LORANG
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
CRAIG A. LAVOIE
ELIA HERRERA
JOSHUA PATASHNIK
JOSHUA S. MELTZER
ROSE LEDA EHLER
MARIA JHAI
ADAM P. BARRY
JENNIFER L. BRYANT
ANDREW CATH RUBENSTEIN
JEFFREY A. PAYNE
HANNAH L. DUBINA
NICHOLAS D. FRAM
JOHN L. SCHWAB
ALEXANDER D. TEREPKA
J'ME K. FORREST
ASHLEY D. KAPLAN
JESSICA REICH BARIL
JULIANA M. YEE
JEREMY K. BEECHER
MATTHEW K. DONOHUE
ARIEL C. GREEN
ELIZABETH A. LAUGHTON
EMILY CURRAN-HUBERTY
JORDAN X. NAVARETTE
JOHN B. MAJOR
LAUREN C. BARNETT
C. HUNTER HAYES
KIMBERLY D. OMENS
AARON D. PENNEKAMP*
TREVOR N. TEMPLETON
SKYLAR D. BROOKS
ELIZABETH R. DYER
SARAH S. LEE
ELIZABETH A. KIM
SUSAN S. HAR
THOMAS RUBINSKY
NICHOLAS DUFAU
LAURA M. LOPEZ
MICHAEL C. BAKER
NAJEE K. THORNTON
SARAH G. BOYCE*
MOLLY M. PRIEDEMAN
WILLIAM LARSEN
CELIA R. CHOY*
ADELE M. EL-KHOURI
COLIN A. DEVINE

DANE P. SHIKMAN
LEXI PEACOCK
MAGGIE THOMPSON
SAMUEL H. ALLEN
ALLISON M. DAY
GIOVANNI S. SAARMAN GONZALEZ
JONATHAN S. MELTZER*
SAMUEL JOSE DIAZ
LAUREN M. HARDING
NEFI D. ACOSTA
STEPHANIE G. HERRERA
TERESA REED DIPPO
GRANT R. ARNOW
DANIEL BENYAMIN
SARA A. MCDERMOTT
J. MAX ROSEN
M. ELIZA HANEY
RACHEL G. MILLER-ZIEGLER*
ALISON F. KAROL
ANNE K. CONLEY
GRAHAM B. COLE
SHEILA A. ONGWAE
KATHERINE G. INCANTALUPO
SUSAN M. PELLETIER*
DAVID P. THORESON
DAVID W. MORESHEAD
ANDRE W. BREWSTER III
TERRA D. LAUGHTON
ROWLEY J. RICE
DAHLIA MIGNOUNA*

OF COUNSEL
ROBERT K. JOHNSON
ALAN V. FRIEDMAN
PATRICK J. CAFFERTY, JR.
PETER A. DETRE
ALLISON B. STEIN
BRAD SCHNEIDER
ERIC P. TUTTLE
PETER E. GRATZINGER
JENNY H. HONG
KIMBERLY A. CHI
DAVID S. HONG

E. LEROY TOLLES
(1922-2008)

*ADMITTED IN DC,
ALL OTHERS ADMITTED IN CA

1155 F STREET N.W.
SEVENTH FLOOR
WASHINGTON, D.C. 20004-1361
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

———————

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 683-3702

———————

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

December 21, 2018

Writer's Direct Contact
(202) 220-1101
(213) 683-4007 FAX
Donald.Verrilli@mto.com

Financial Oversight and Management Board
for Puerto Rico
Attention: Jaime A. El Koury
jelkoury@outlook.com

Dear Jaime:

This will confirm our firm's new representation of The Financial Oversight and Management Board for Puerto Rico ("you" or the "Oversight Board"). In brief, our representation will be to assist with an opposition to a certiorari petition filed by Peaje in connection with the PROMESA bankruptcy proceedings initiated by the Oversight Board and any other Supreme Court proceedings in the matter. If not terminated earlier or extended in an express written agreement executed by a partner in MTO, our representation of you in this matter will conclude upon the earlier of the settlement or other final resolution of the claims asserted in the matter or six months of no work recorded by us on the matter.

The Oversight Board is the sole client in the matter. We are not representing any other person or entity (whether affiliated with or otherwise related to the Oversight Board).

The terms of our most recent formal engagement letter with the Oversight Board, as modified by any intervening changes in the firm's applicable billing rates, will apply. If you would like an additional copy of that letter, please let me know.

MUNGER, TOLLES & OLSON LLP

December 21, 2018
Page 2

Thank you again for the opportunity to work with you in this matter.

Very truly yours,

Donald B. Verrilli, Jr.

## Exhibit C

**Proposed Order**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>     Debtors[3] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## ORDER APPROVING THE INTERIM APPLICATION OF MUNGER, TOLLES & OLSON LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO FOR THE PERIOD FROM OCTOBER 1, 2019 THROUGH NOVEMBER 30, 2019

Upon Application of Munger, Tolles & Olson LLP ("MTO"), attorneys for the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board") as representative of

the Commonwealth of Puerto Rico ("Commonwealth"), pursuant to section 315(b) of the Puerto

Rico Oversight, Management, and Economic Stability Act, sections 316 and 317 of PROMESA,

Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-1 of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the District of Puerto Rico including the United

---

[3] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses referenced therein, and in accordance with this Court's First Amended Order Setting

Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Dkt.

No. 1715) , seeking an allowance of interim compensation for professional services provided by

MTO in the amount of $209,067.70 and for reimbursement of actual and necessary expenses in

the amount of $20,762.73 incurred for the period from October 1, 2019 through November 30,

2019; and, this Court having determined that the legal and factual bases set forth in the Fee

Application establish just cause for the relief requested herein; and after due deliberation, it is

hereby **ORDERED** that:

1)   The Fee Application is APPROVED as set forth herein.

2)   Compensation to MTO for professional and paraprofessional services provided

during the Fee Period is allowed on an interim basis in the amount of $209,067.70

3)   Reimbursement to MTO of actual, reasonable, and necessary expenses incurred in

the Fee Period is allowed on an interim basis in the amount of $20,762.73

4)   The Financial Oversight and Management Board for Puerto Rico is authorized to

pay MTO $229,830.43 for all fees and expenses allowed pursuant to the Order,

less the amounts previously paid for such fees and expenses under the terms of the

Interim Compensation Order.

5)   The Financial Oversight and Management Board for Puerto Rico is authorized to

take all actions necessary to effectuate the relief granted pursuant to this Order in

accordance with the application.

Dated: _____, 2020
    San Juan Puerto Rico

                                                            _____
                                                         Honorable Laura Taylor Swain
                                                         United States District Judge

**<u>Exhibit D</u>**

**Invoices**

**MUNGER, TOLLES & OLSON LLP**
**350 SOUTH GRAND AVENUE**
**LOS ANGELES, CA 90071-3426**

November 6, 2019

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919

Invoice Number: 591223                                          Tax Identification No. 95-2156481

For professional services rendered through October 31, 2019 as follows:

Constitutional Litigation
MTO Matter Number:  28720-00002

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| 10/01/19 | DBV | 5.10 | Prepare for argument. |
| 10/02/19 | DBV | 7.50 | Prepare for argument. |
| 10/02/19 | RMZ | 0.10 | Review ratification brief in CFPB cert petition. |
| 10/03/19 | DBV | 7.00 | Prepare for argument. |
| 10/03/19 | SGB | 0.20 | Draft email to MTO regarding Board brief in FOIA case. |
| 10/03/19 | AME | 0.60 | Review reply brief in Board's litigation with San Juan (0.4); draft emails on reply brief in Board's litigation with San Juan (0.2). |
| 10/04/19 | MRY | 1.90 | Begin reviewing briefs in preparation for moot. |
| 10/04/19 | DBV | 7.80 | Prepare for argument (6.0); conduct initial internal moot court and follow up discussion (1.8). |
| 10/04/19 | GDA | 2.10 | Prepare for moot court for Mr. Verrilli (.3); participate in moot court for Mr. Verrilli (1.8). |
| 10/04/19 | JDS | 1.80 | Participate in first moot of argument. |
| 10/04/19 | AME | 3.20 | Research whether Aurelius sought any preliminary relief or equivalent in litigation (0.4); prepare for Mr. Verrilli's moot (1.0); participate in moot of Mr. Verrilli with Ms. Anders and Ms. Miller-Ziegler (1.8). |
| 10/04/19 | RMZ | 1.80 | Participate in moot court for Mr. Verrilli. |
| 10/06/19 | MRY | 1.40 | Continue reviewing briefs in preparation for moot. |
| 10/06/19 | BJH | 4.30 | Prepare for moot court for Mr. Verrilli. |

Matter Desc:      Constitutional Litigation
MTO Matter #:     28720-00002

| DATE | TKPR | TIME | SERVICES |
|---|---|---|---|
| 10/06/19 | DBV | 6.40 | Prepare for argument (5.4); review UTIER reply brief (1.0). |
| 10/07/19 | MRY | 3.80 | Review briefs, Court of Appeals decision and key precedents in preparation for moot. |
| 10/07/19 | BJH | 4.50 | Prepare for moot court for Mr. Verrilli. |
| 10/07/19 | DBV | 7.20 | Prepare for argument. |
| 10/07/19 | GDA | 1.20 | Correspond with Mr. Verrilli concerning oral argument answers to possible questions. |
| 10/07/19 | EJG | 1.50 | Review materials in preparation for moot court. |
| 10/07/19 | AME | 7.00 | Research insular cases and applicability of other provisions to territories (6.5); draft summary on insular cases and applicability of other provisions to territories (0.5). |
| 10/07/19 | RMZ | 1.40 | Draft email to D. Verrilli regarding oral argument questions (1); conference with G. Anders (0.2) and A. El Khouri regarding same (0.2). |
| 10/08/19 | MRY | 2.40 | Prepare for and participate in moot of Mr. Verrilli. |
| 10/08/19 | BJH | 2.20 | Prepare for, participate in, and debrief from moot court for Mr. Verrilli. |
| 10/08/19 | DBV | 9.00 | Prepare for and participate in first formal moot court and follow up discussion (5.0); conference with Deputy Solicitor General Jeff Wall and government attorneys concerning argument strategy (1.0); continue argument preparation (3.0). |
| 10/08/19 | GDA | 5.40 | Attend Mr. Verrilli's moot court in preparation for oral argument to discuss argument strategy (2.4); conference with Deputy Solicitor General Jeff Wall and government attorneys concerning argument strategy (2.7); handle logistics of argument attendance for Board members (.3). |
| 10/08/19 | EJG | 5.70 | Prepare for and participate in moot court for D. Verrilli. |
| 10/08/19 | JDS | 1.80 | Participate in second moot of Mr. Verrilli. |
| 10/08/19 | AME | 2.50 | Participate in Mr. Verrilli's moot and conference following same. |
| 10/08/19 | RMZ | 2.50 | Participate in moot, including conference with D. Verrilli, G. Anders, and A. El-Khouri following same. |
| 10/09/19 | DBV | 8.00 | Prepare for argument. |
| 10/09/19 | GDA | 3.10 | Draft emails analyzing oral argument answers with Mr. Verrilli (2.7); discuss oral argument strategy with Mr. Lederman (.4). |
| 10/09/19 | RMZ | 0.20 | Conference with D. Verrilli regarding moots and argument. |
| 10/10/19 | DBV | 9.00 | Prepare for argument. |

Matter Desc:      Constitutional Litigation
MTO Matter #:     28720-00002

| DATE | TKPR | TIME | SERVICES |
|---|---|---|---|
| 10/10/19 | GDA | 1.60 | Analyze oral argument questions and answers. |
| 10/10/19 | AME | 0.30 | Draft email summary of method of appointment under executive branch precedent. |
| 10/11/19 | DBV | 9.70 | Prepare for and conduct moot court and follow up discussion (6.0); continue argument preparation (3.7). |
| 10/11/19 | GDA | 4.90 | Analyze oral argument questions and answers (2.4); attend moot court for Mr. Verrilli and discuss argument strategy (2.5). |
| 10/11/19 | SGB | 4.30 | Attend Supreme Court Institute moot (4.0); assist D. Verrilli with preparation for oral argument (.3). |
| 10/11/19 | RMZ | 4.10 | Attend moot and conference with D. Verrilli, S. Boyce, M. Lederman, and G. Anders following moot (3.8); email with D. Verrilli regarding oral argument questions (0.3). |
| 10/11/19 | AJ4 | 0.30 | Prepare draft motion for admission pro hac vice. |
| 10/12/19 | DBV | 7.50 | Prepare for argument. |
| 10/12/19 | GDA | 1.00 | Analyze oral argument questions and answers. |
| 10/12/19 | JDS | 0.20 | Participate in call with FOMB counsel regarding status of Title III cases in preparation for argument. |
| 10/12/19 | SGB | 1.00 | Assist D. Verrilli with preparation for oral argument. |
| 10/12/19 | AME | 0.50 | Draft emails to Mr. Verrilli regarding oral arguments questions. |
| 10/12/19 | RMZ | 0.60 | Email D. Verrilli regarding oral argument questions. |
| 10/13/19 | DBV | 11.00 | Prepare for argument. |
| 10/13/19 | GDA | 3.40 | Draft analysis of oral argument questions and answers. |
| 10/13/19 | JDS | 4.70 | Research and draft talking points for Mr. Verrilli regarding de facto officer and remedial portions of reply brief (3.4); draft short thematic introduction to remedies section for oral argument (1.3). |
| 10/13/19 | SGB | 0.20 | Assist D. Verrilli with preparation for oral argument. |
| 10/13/19 | AME | 1.40 | Research Home Rule Act veto power (1.0); draft email summarizing same (0.2); respond to Mr. Verrilli's emails regarding oral argument (0.2). |
| 10/13/19 | RMZ | 0.20 | Email D. Verrilli regarding oral argument questions. |
| 10/14/19 | DBV | 11.40 | Prepare for argument. |
| 10/14/19 | GDA | 5.50 | Analyze oral argument answers to possible questions. |
| 10/14/19 | SGB | 0.50 | Assist D. Verrilli with oral argument preparation. |

Matter Desc:    Constitutional Litigation
MTO Matter #:    28720-00002

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| 10/14/19 | AME | 3.30 | Respond to Mr. Verrilli's emails regarding oral argument (0.5); research inspectors general (2.5); draft email regarding inspectors general (0.3). |
| 10/14/19 | RMZ | 1.60 | Research and draft email responses to D. Verrilli oral argument questions. |
| 10/15/19 | DBV | 4.80 | Prepare for and deliver oral argument (4.1); conference with clients post-argument (0.7). |
| 10/15/19 | GDA | 3.90 | Attend oral argument and serve as second chair. |
| | | 217.50 | TOTAL CHARGEABLE HOURS |

| | | |
|---|---|---:|
| TOTAL FEES | $ | 240,252.40 |
|    LESS FEE DISCOUNT | | (36,037.86) |
| NET FEES | | 204,214.54 |

DISBURSEMENTS

| | |
|---|---:|
| Arbitrators/Mediators - Vendor: MARTIN S. LEDERMAN - Inv 10252019 - 10/25/19 - Expert Retention - D. Verrilli | 15,000.00 |
| Copying Charges/Outside - Vendor: WILSON-EPES PRINTING CO., INC.  - Inv 31235 - 09/19/19 - 51 Merits Brief - D. Verrilli | 2,832.06 |
| Messenger Vendor: WASHINGTON EXPRESS LLC - Inv# 182358 Messenger Service, 09/19/19 - 09/26/19 Date: 09/30/2019 Tabitha D. Holly | 18.87 |
| Messenger Vendor: WASHINGTON EXPRESS LLC - Inv# 182358 Messenger Service, 09/19/19 - 09/26/19 Date: 09/30/2019 Tabitha D. Holly | 18.87 |
| Copying Charges/Outside Vendor: VENDOR DIRECT SOLUTIONS - Inv# 25971 (595) B & W Blowback - C. Soden Date: 10/06/2019 Abraham Filoteo | 32.58 |

| | |
|---|---:|
| TOTAL DISBURSEMENTS | 17,902.38 |
| INVOICE TOTAL | $   222,116.92 |

## FEE SUMMARY

| TIMEKEEPER | TKPR | HOURS | RATE | AMOUNT |
|------------|------|-------|------|--------|
| Yohalem, Mark R. | MRY | 9.50 | 858.00 | 8,151.00 |
| Horwich, Benjamin J. | BJH | 11.00 | 936.00 | 10,296.00 |
| Verrilli, Donald B. | DBV | 111.40 | 1,352.00 | 150,612.80 |

Matter Desc:        Constitutional Litigation
MTO Matter #:       28720-00002

| TIMEKEEPER | TKPR | HOURS | RATE | AMOUNT |
|------------|------|-------|------|--------|
| Anders, Ginger D. | GDA | 32.10 | 936.00 | 30,045.60 |
| Goldenberg, Elaine J. | EJG | 7.20 | 978.00 | 7,041.60 |
| Segall, Jordan D. | JDS | 8.50 | 796.00 | 6,766.00 |
| Boyce, Sarah G. | SGB | 6.20 | 775.00 | 4,805.00 |
| El-Khouri, Adele M. | AME | 18.80 | 754.00 | 14,175.20 |
| Miller-Ziegler, Rachel G. | RMZ | 12.50 | 660.00 | 8,250.00 |
| Jacobsen, Arn | AJ4 | 0.30 | 364.00 | 109.20 |
| TOTAL | | 217.50 | | 240,252.40 |

**MUNGER, TOLLES & OLSON LLP**
**350 SOUTH GRAND AVENUE**
**LOS ANGELES, CA 90071-3426**

December 5, 2019

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919

Invoice Number: 592128                                          Tax Identification No. 95-2156481

For professional services rendered through November 30, 2019 as follows:

Constitutional Litigation
MTO Matter Number:  28720-00002

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| 11/21/19 | GDA | 0.60 | Review and revise Proskauer draft filing concerning status of Appointments Clause litigation. |
| 11/22/19 | GDA | 5.50 | Review and comment on Proskauer draft certiorari opposition briefs in Ambac and Assured debt service payment cases, S. Ct. Nos. 19-387, 19-391. |
|  |  | 6.10 | TOTAL CHARGEABLE HOURS |

| | | |
|---|---|---:|
| TOTAL FEES | $ | 5,709.60 |
| LESS FEE DISCOUNT | | (856.44) |
| NET FEES | | 4,853.16 |

DISBURSEMENTS

| | |
|---|---:|
| Travel - Airfare - Vendor: AMERICAN EXPRESS  - STMT 10/28/2019 - SEGALL/JORDAN DENTLE - 10/13/2019 - LAX DCA LAX  (Oral Argument) | 1,486.60 |
| Meals JORDAN D. SEGALL - Dinner, 10/13/19, Attend Supreme Court argument in Washington DC., Carmine's; Jordan D. Segall - 010037210845 | 58.35 |
| Meals JORDAN D. SEGALL - Dinner, 10/14/19, Attend Supreme Court argument in Washington DC., Karma Modern Indian; Jordan D. Segall - 010037210845 | 60.00 |

Matter Desc:      Constitutional Litigation
MTO Matter #:     28720-00002

| | |
|---|---:|
| Meals JORDAN D. SEGALL - Lunch, 10/14/19, Attend Supreme Court argument in Washington DC., Poki DC; Jordan D. Segall - 010037210845 | 16.03 |
| Meals JORDAN D. SEGALL - Lunch, 10/15/19, Attend Supreme Court argument in Washington DC., GRK Fresh Greek; Jordan D. Segall - 010037210845 | 14.46 |
| Meals JORDAN D. SEGALL - Breakfast, 10/15/19, Attend Supreme Court argument in Washington DC., Starbucks; Jordan D. Segall, Sarah G. Boyce, Adele M. El-Khouri - 010037210845 | 17.27 |
| Meals JORDAN D. SEGALL - Breakfast, 10/14/19, Attend Supreme Court argument in Washington DC., 11th and F; Jordan D. Segall - 010037210845 | 7.29 |
| Other Expense JORDAN D. SEGALL - Internet, 10/15/19, Attend Supreme Court argument in Washington DC., Delta Gogoair.com - 010037210845 | 39.95 |
| Travel - Ground (Out of Town) JORDAN D. SEGALL - Taxi/Car Service, 10/15/19, Attend Supreme Court argument in Washington DC., Hotel to Airport - 010037210845 | 101.75 |
| Travel - Ground (Out of Town) JORDAN D. SEGALL - Taxi/Car Service, 10/15/19, Attend Supreme Court argument in Washington DC., Hotel to Supreme Court - 010037210845 | 17.51 |
| Travel - Ground (Out of Town) JORDAN D. SEGALL - Taxi/Car Service, 10/13/19, Attend Supreme Court argument in Washington DC., Residence to LAX - 010037210845 | 50.40 |
| Travel - Ground (Out of Town) JORDAN D. SEGALL - Taxi/Car Service, 10/13/19, Attend Supreme Court argument in Washington DC., Reagan Airport to Wash DC Hotel - 010037210845 | 15.96 |
| Travel - Ground (Out of Town) DONALD B. VERRILLI - Taxi/Car Service, 10/15/19, Oral argument, MTO/S.Ct. - 010037298760 | 11.00 |
| Travel - Ground (Out of Town) DONALD B. VERRILLI - Taxi/Car Service, 10/15/19, Oral argument, S.Ct/MTO - 010037298760 | 11.00 |
| Travel - Ground (Out of Town) ARN JACOBSEN - Taxi/Car Service, 10/11/19, Travel to Georgetown Supreme Court Clinic for moots., 1155 F Street/600 New Jersey Ave - 010037203363 | 12.00 |

Matter Desc:        Constitutional Litigation
MTO Matter #:     28720-00002

| | |
|---|---|
| Travel - Ground (Out of Town) ARN JACOBSEN - Taxi/Car Service, 10/11/19, Travel from Georgetown Supreme Court Clinic for moots., 600 New Jersey Ave/1155 F Street - 010037203363 | 12.00 |
| Travel - Hotel JORDAN D. SEGALL - Lodging, Attend Supreme Court argument in Washington DC., 10/13/2019 - 10/15/2019, Kimpton Hotel Monaco, Washington, DC - 010037210845 | 928.78 |

TOTAL DISBURSEMENTS                                           2,860.35

INVOICE TOTAL                                          $      7,713.51

## FEE SUMMARY

| TIMEKEEPER | TKPR | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| Anders, Ginger D. | GDA | 6.10 | 936.00 | 5,709.60 |
| TOTAL | | 6.10 | | 5,709.60 |