# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**URGENT MOTION OF ASSURED GUARANTY CORP. AND ASSURED GUARANTY MUNICIPAL CORP. TO SET EXPEDITED SCHEDULE WITH RESPECT TO MOTION OF ASSURED GUARANTY CORP. AND ASSURED GUARANTY MUNICIPAL CORP. FOR (I) RELIEF FROM THE STAY IMPOSED BY THE *FINAL ORDER REGARDING (A) STAY PERIOD, (B) MANDATORY MEDIATION, AND (C) CERTAIN DEADLINES RELATED THERETO* (ECF NO. 12189), OR, IN THE ALTERNATIVE, (II) RECONSIDERATION, PURSUANT TO FED. R. CIV. P. 59, OF THE *FINAL ORDER REGARDING (A) STAY PERIOD, (B) MANDATORY MEDIATION, AND (C) CERTAIN DEADLINES RELATED THERETO* (ECF NO. 12189)**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively, "Assured") respectfully submit this Urgent Motion (the "Urgent Motion") to Set Expedited Schedule With Respect To the *Motion of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. for (I) Relief from the Stay Imposed by the Final Order regarding (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines related thereto (ECF No. 12189), or, In the Alternative, (II) Reconsideration, Pursuant to Fed. R. Civ. P. 59, of the Final Order regarding (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines related thereto (ECF No. 12189)* (the "Stay Relief/Reconsideration Motion").[2]  Assured requests entry of an order substantially in the form attached as Exhibit A (the "Proposed Order").  In support of the Urgent Motion, Assured respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to PROMESA § 306(a).[3]

2. Venue is proper in this district pursuant to PROMESA § 307(a).

3. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006, made applicable to these Title III cases by sections 301(a) and 310 of PROMESA, Rule 9013-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and the *Eleventh Amended Case Management Procedures* (ECF No. 11885-1) (the "Case Management Procedures").

---

[2] All capitalized terms used but not defined herein have the meanings set forth in the Stay Relief/Reconsideration Motion.

[3] References to PROMESA are references to 48 U.S.C. §§ 2102, *et seq.*

**RELIEF REQUESTED**

4. Through this Urgent Motion, Assured respectfully requests entry of the Proposed Order scheduling an expedited briefing schedule and hearing (if any) on the Stay Relief/Reconsideration Motion, specifically set in the Court's discretion.

**BASIS FOR RELIEF REQUESTED**

5. Bankruptcy Rule 9006(c)(1) provides that "the court for cause shown may in its discretion with or without motion or notice order the period [for notice] reduced." Further, Local Rule 9013-1(a) allows a party to request that a court "consider a motion on an expedited basis."

6. On January 14, 2019, the Financial Oversight and Management Board for Puerto Rico ("FOMB") and the Official Committee of Unsecured Creditors (the "UCC") filed an objection to certain GO Bond claims of Assured (the "GO Claim Objection"). ECF No. 4784. The GO Claim Objection asserts that Title III Debtor the Puerto Rico Public Buildings Authority ("PBA") is a "sham" because its facilities are only "purportedly leased" to the Commonwealth and other tenants and the lease arrangements constitute disguised financings. See GO Claim Objection ¶¶ 2, 5, 65. The GO Claim Objection was initially stayed pending a report from the Mediation Team on scheduling. Then, on November 27, 2019, the Mediation Team delivered a report that included a scheduling order for motions to dismiss the GO Claim Objection, culminating in a hearing on April 30, 2020. ECF No. 9619 (the "GO/PBA Order").

7. Pursuant to that schedule, on February 5, 2020, Assured and other parties filed motions to dismiss the GO Claim Objection. See ECF Nos. 10702 and 10704 (the "GO Motions to Dismiss").

8. On February 28, 2020, FOMB filed a proposed amended plan of adjustment (ECF No. 11946, the "Amended Plan"). As detailed in the Stay

-2-

-3-

Relief/Reconsideration Motion, the Amended Plan mischaracterizes the risk of *disallowance* associated with the GO Claim Objection as an issue that can be addressed through the proposed *treatment* of fully allowed claims during the plan confirmation process.

9. On March 10, 2020, the Court entered its *Final Order Regarding (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto (ECF No. 12189)* (the "Stay Order"), staying, inter alia, litigation related to the GO Claim Objection and the potential allowance of Assured's challenged GO Bond claims pending a hearing on plan confirmation. Specifically, the Stay Order states that it is designed to "avoid the unnecessary litigation of issues that will be resolved if the Amended Plan is ultimately confirmed." See Stay Order ¶ 3. This Court set a hearing on the Disclosure Statement for the Amended Plan to take place on June 3-4, 2020. ECF No. 12187.

10. The Stay Order provided that "Parties may seek relief from any stay imposed by this Order upon a showing of good cause." See Stay Order ¶ 5. Assured filed the Stay Relief/Reconsideration Motion because good cause exists to grant relief from the stay of the GO Claim Objection litigation.

11. Assured requests that the Stay Relief/Reconsideration Motion be heard in sufficient time for a hearing to occur on the GO Motions to Dismiss (see ECF Nos. 10702 and 10704) as originally scheduled on April 30, 2020. Assured believes it is important to preserve the April 30, 2020 hearing date previously scheduled for the GO Motions to Dismiss because Assured's right to litigate objections to the allowance of claims statutorily cannot be decided as part of the plan confirmation process. Accordingly, the GO Claim Objection should be decided before the plan confirmation process begins in early June.

12. Assured moves by Urgent Motion because the default motion provisions set forth in the Case Management Procedures do not otherwise permit sufficient time for briefing on the Motion for Stay Relief/Reconsideration and then, assuming that motion is granted, to complete briefing on the GO Motions to Dismiss by April 30, 2020.

13. Assured leaves it to the Court's discretion to set the specific briefing and hearing (if any) schedule in connection with the Stay Relief/Reconsideration Motion but respectfully suggests setting a schedule so that the GO Motions to Dismiss can be heard on April 30, 2020 as previously scheduled, or shortly thereafter.

## NOTICE

14. Notice of this Urgent Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the U.S. Attorney for the District of Puerto Rico; (iii) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (iv) the Financial Oversight and Management Board; (v) the Official Committee of Unsecured Creditors; (vi) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; (vii) the insurers of the bonds issued or guaranteed by the Debtors; (viii) certain *ad hoc* groups of holders of bonds issued or guaranteed by the Debtors; and (ix) all parties that have filed a notice of appearance in the above-captioned Title III cases.

## CERTIFICATION

15. Pursuant to Paragraph I.H of the Case Management Procedures, Assured hereby certifies that it has carefully examined the matter and concluded that there is a true need for an urgent motion; and has engaged in reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought before the Court in this Urgent Motion. Specifically, Assured contacted counsel for FOMB and the UCC on March 16, 2020 to request

-5-

FOMB's and the UCC's consent to the relief requested in this Urgent Motion. Counsel to FOMB indicated that FOMB intends to oppose both this Urgent Motion and the Motion for Stay Relief/Reconsideration. As of the filing of this Urgent Motion, Assured has not received a response from the Committee.

**NO PRIOR REQUEST**

16. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, Assured respectfully requests the Court to enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and grant Assured such other relief as is just and proper.

Dated: New York, New York
March 16, 2020

| CASELLAS ALCOVER & BURGOS P.S.C. | CADWALADER, WICKERSHAM & TAFT LLP |
|---|---|
| By: */s/ Heriberto Burgos Pérez* | By: */s/ Howard R. Hawkins, Jr.* |
| Heriberto Burgos Pérez<br>USDC-PR 204809<br>Ricardo F. Casellas-Sánchez<br>USDC-PR 203114<br>Diana Pérez-Seda<br>USDC-PR 232014<br>P.O. Box 364924<br>San Juan, PR 00936-4924<br>Telephone: (787) 756-1400<br>Facsimile: (787) 756-1401<br>Email: hburgos@cabprlaw.com<br>  rcasellas@cabprlaw.com<br>  dperez@cabprlaw.com | Howard R. Hawkins, Jr.*<br>Mark C. Ellenberg*<br>William J. Natbony*<br>Ellen Halstead*<br>Thomas J. Curtin*<br>Casey J. Servais*<br>200 Liberty Street<br>New York, NY 10281<br>Telephone: (212) 504-6000<br>Facsimile: (212) 504-6666<br>Email: howard.hawkins@cwt.com<br>  mark.ellenberg@cwt.com<br>  bill.natbony@cwt.com<br>  ellen.halstead@cwt.com<br>  thomas.curtin@cwt.com |

*Admitted pro hac vice

*Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case.

At New York, New York, the 16th day of March, 2020.

By: /s/ *Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*
*admitted pro hac vice