**Hearing Date**: July 29, 2020 at 9:30 a.m. AST
**Objection Deadline**: April 6, 2020 at 4:00 p.m. AST

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>TITLE III<br><br>No. 17-BK-03283 (LTS)<br><br>(Jointly Administered) |

**SUMMARY COVER SHEET FOR THIRD INTERIM APPLICATION OF
ILEANA C. CARDONA FERNANDEZ, ESQ., LOCAL CONFLICTS COUNSEL TO THE
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS
SPECIAL CLAIMS COMMITTEE,
FOR PROFESSIONAL COMPENSATION AND REIMBURSEMENT
OF EXPENSES FOR THE EIGHTH INTERIM FEE PERIOD
FROM OCTOBER 1, 2019 THROUGH JANUARY 31, 2020**

**ALL FEES AND SERVICES IN THIS INTERIM APPLICATION
WERE INCURRED IN PUERTO RICO**

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## Summary Sheet

| | |
|---|---|
| Name of Applicant: | Ileana C. Cardona Fernández, Esq. |
| Authorized to Provide Professional Services as: | Local Conflicts Counsel for The Financial Oversight and Management Board, acting through its Special Claims Committee |
| Name of Client: | The Financial Oversight and Management Board, acting through its Special Claims Committee |
| Petition Date: | May 3, 2017[2] |
| Retention Date: | April 30, 2019 |
| Compensation Period: | October 1, 2019 through January 31, 2020 (the "Compensation Period") |
| Total Compensation Sought: | $9,945.00 |
| Expense Reimbursement Sought: | $0.00 |
| Total Compensation and Expense Reimbursement Sought: | $9,945.00 |
| Prior Applications Filed: | 2 |

This is an: ___ monthly   __X__ interim   ___ final application

This is Ileana C. Cardona Fernández, Esq.'s third interim application in these cases (this "Application").

---

[2]   The petition date for the Commonwealth under Title III was May 3, 2017. The petition date for COFINA under Title III was May 5, 2017. The petition date for ERS and HTA under Title III was May 21, 2017. The petition date for PREPA under Title III was July 2, 2017.

Additional Information required pursuant to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013:

| | |
|---|---|
| Total Compensation Approved by Interim Order to Date: | $16,155.00 |
| Total Expense Reimbursement Approved by Interim Order to Date: | $400.00 |
| Total Allowed Compensation Paid to Date: | $14,539.50 |
| Total Allowed Expense Reimbursement Paid to Date: | $400.00 |
| Total Compensation Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but not yet Allowed: | $6,925.49 |
| Total Expense Reimbursement Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but not yet Allowed: | $0.00 |
| Hourly Rate in this Application: | $225.00 |
| Number of Professionals in this Application: | 1 |
| Number of Professionals Billing Fewer than 15 hours in this Application: | 0 |
| Difference Between Fees Budgeted and Compensation Requested for this Period: | <50% under budget |
| Rate Increases Since Date of Retention: | None |
| Disclosure of Compensation Sought in this Application Using Rates Disclosed at Retention: | N/A |

### Summary of Prior Monthly Fee Statements for the Compensation Period
### from October 1, 2019 through January 31, 2020

| Date | Period Covered | Total Fees | Fees Requested (90%) | Holdback (10%) | Expenses Requested | Fees Paid[3] | Expenses Paid (100%) |
|---|---|---|---|---|---|---|---|
| 11/10/19 | October 1, 2019 – October 31, 2019 | $3,307.50 | $2,976.75 | $330.75 | $0.00 | $2,679.07 | $0.00 |
| 12/10/19 | November 1, 2019 – November 30, 2019 | $2,857.50 | $2,571.75 | $285.75 | $0.00 | $2,314.57 | $0.00 |
| 1/10/20 | December 1, 2019 – December 31, 2019 | $2,385.00 | $2,146.50 | $238.50 | $0.00 | $1,931.85 | $0.00 |
| 2/10/20 | January 1, 2019 – January 31, 2020 | $1,395.00 | $1,255.50 | $139.50 | $0.00 | $1,129.95 | $0.00 |
| **TOTAL** | | $9,945.00 | $8,950.50 | $994.50 | $0.00 | $8,055.44 | $0.00 |

### Summary of Amounts Requested to be Paid

Total 10% Holdback on Fees:                            $994.50

**Total Amount Requested to be Paid:**                  **$9,945.00**

---

[3] On December 31, 2019, in connection with Ileana C. Cardona Fernández, Esq.'s Sixth Monthly Fee Statement, the Debtors paid the undersigned $2,679.07 on account of fees requested The Debtors withheld: (i) $330.75 the amount of the 10% holdback, plus (ii) 297.67, which represents the 10% Puerto Rico tax withholding of amount paid for professional services rendered.
On December 31, 2019, in connection with Ileana C. Cardona Fernández, Esq.'s Seventh Monthly Fee Statement, the Debtors paid the undersigned $2,314.57 on account of fees requested The Debtors withheld: (i) $285.75, the amount of the 10% holdback, plus (ii) $257.17, which represents the 10% Puerto Rico tax withholding of amount paid for professional services rendered.
On January 27, 2020, in connection with Ileana C. Cardona Fernández, Esq.'s Eighth Monthly Fee Statement, the Debtors paid the undersigned $1,931.85 on account of fees requested The Debtors withheld: (i) $238.50, the amount of the 10% holdback, plus (ii) $214.65, which represents the 10% Puerto Rico tax withholding of amount paid for professional services rendered.
To the date of this Application, The Debtors have not yet made a payment corresponding to the Ninth Monthly Fee Statement for Ileana C. Cardona Fernández.

**Hearing Date**: July 29, 2020 at 9:30 a.m. AST
**Objection Deadline**: April 6, 2020 at 4:00 p.m. AST

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>TITLE III<br><br>No. 17-BK-03283 (LTS)<br><br>(Jointly Administered) |

# THIRD INTERIM APPLICATION OF
## ILEANA C. CARDONA FERNANDEZ, ESQ. LOCAL CONFLICTS COUNSEL TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, FOR PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE EIGHTH INTERIM FEE PERIOD FROM OCTOBER 1, 2019 THROUGH JANUARY 31, 2020

TO THE HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT COURT JUDGE:

Ileana C. Cardona Fernández, Esq., local conflicts counsel to the Financial Oversight and Management Board, acting through its Special Claims Committee (the "Oversight Board") as representative of the Commonwealth of Puerto Rico, the Puerto Rico Sales Tax Financing Corporation, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Electric Power Authority (collectively, the "Debtors") in the above-captioned title III cases (the "Title III Cases") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) Last Four Digits of Federal Tax ID: 3808; and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Stability Act* ("PROMESA"),[2] hereby submits this third interim fee application (the "Third Interim

Application" or "Application"), pursuant to PROMESA sections 316 and 317, Rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[3] Rule 2016-1 of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the

"Local Bankruptcy Rules"), Appendix B of the United States Trustee *Guidelines for Reviewing*

*Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by*

*Attorneys in Large Chapter 11 Cases* effective as of November 1, 2013 (the "U.S. Trustee

Guidelines," and together with the aforementioned statutes, rules and guidelines, the "Guidelines"),

and in accordance with the *Second Amended Order Setting Procedures for Interim Compensation*

*and Reimbursement of Expenses of Professionals* entered by this Court on June 6, 2018 [Docket

No. 3269] (the "Interim Compensation Order"), seeking entry of an order granting (a) the

allowance of interim compensation in the aggregate amount of **$9,945.00** in fees for reasonable and

necessary professional services rendered and incurred during the period commencing October 1,

2019 through and including January 31, 2020 (the "Compensation Period") for **a total amount of**

**$9,945.00**. In support of this Application, Ileana C. Cardona Fernández, Esq. respectfully states the

following:

### Jurisdiction and Venue

1.      The Court has subject matter jurisdiction to consider and determine this Third

Interim Application pursuant to PROMESA section 306(a).  Venue is proper before this Court

pursuant to PROMESA section 307(a).  The statutory predicates for the relief requested herein are

PROMESA sections 316 and 317, Bankruptcy Rule 2016 and Local Rule 2016-1.

---

[2]      PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3]  The Bankruptcy Rules are made applicable to the Debtors' Title III Cases pursuant to PROMESA section 310.

2.      This Application has been prepared in accordance with the Guidelines and the Interim Compensation Order.  Attached hereto as **Exhibit A** is a certification regarding compliance with the Local Guidelines.

### Background and Case Status

A.      **The Debtors' Title III Cases**

3.      On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).

4.      On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this title is the representative of the debtor[s]" and "may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA] . . . or otherwise generally submitting filings in relation to the case[s] with the court."

6.      On September 30, 2016, the Oversight Board designated the Debtors as "covered entit[ies]" under PROMESA section 101(d).

7.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to section 304(a) of PROMESA, commencing a case under title III thereof.

8.      On May 5, 2017, the Oversight Board filed a voluntary petition for relief for the Puerto Rico Sales Tax Financing Corporation ("COFINA") pursuant to section 304(a) of PROMESA, commencing a case under title III thereof.

9.      On May 21, 2017, the Oversight Board filed a voluntary petition for relief for each of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico

7

("ERS") and the Puerto Rico Highways and Transportation Authority ("HTA") pursuant to section 304(a) of PROMESA, commencing cases under title III thereof.

10.     On July 2, 2017, the Oversight Board filed a voluntary petition for the Puerto Rico Electric Power Authority ("PREPA") pursuant to section 304(a) of PROMESA, commencing a case under title III thereof.

11.     Through orders issued on June 1, June 29 and October 6, 2017, the Court ordered the joint administration of the Title III Cases for the Debtors, for procedural purposes only [Docket Nos. 242, 537 and 1417].

12.     Background information regarding the Commonwealth and its instrumentalities, and the commencement of the instant Title III Cases, is contained in the *Notice of Statement of Oversight Board in Connection with PROMESA Title III Petition* [Docket No. 1] attached to the Commonwealth's Title III petition.

**B.     Retention of Ileana C. Cardona Fernández, Esq.**

13.     Ileana C. Cardona Fernández, Esq. is a sole practitioner with her office located in San Juan, Puerto Rico. Ms. Cardona Fernández is experienced in federal litigation and trial work.

14.     As set forth in the Independent Contractor Services Agreement dated April 30, 2019 (the "Services Agreement"),[4] Ileana C. Cardona Fernández, Esq. was retained by the Oversight Board, acting through its Special Claims Committee, as an independent contractor rendering services per Project Assignments. Ms. Cardona Fernández has been retained to serve as local conflicts counsel for the Oversight Board, acting through its Special Claims Committee.

**C.     Interim Compensation and Fee Examiner Orders**

15.     On August 23, 2017, the Court entered the *Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 1150].

---

[4] *See* **Exhibit B**: Independent Contractor Services Agreement.

16.    On October 6, 2017, the Court appointed a Fee Examiner in these Title III Cases (the "Fee Examiner") pursuant to the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and Related Relief* [Docket No. 1416] (the "Fee Examiner Order").

17.    On October 31, 2017, the Fee Examiner filed the Urgent Motion of the Fee Examiner to Amend the Interim Compensation Order, Including the Due Date and Hearing Date for Interim Compensation [Docket No. 1594].

18.    On November 8, 2017, the Court entered the First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 1715].

19.    On November 10, 2017, the Fee Examiner issued a memorandum, and on January 3, 2018, the Fee Examiner issued a supplemental memorandum (together, the "Fee Examiner Guidelines") to all retained professionals in these Title III Cases providing additional guidelines in connection with the Interim Compensation Order.

20.    On May 8, 2018, the Fee Examiner filed the *Motion of the Fee Examiner to Amend the Fee Examiner Order with Respect to the Scope of the Fee Examiner's Authority in the Interest of Administrative Efficiency* [Docket No. 3032] (the "Motion to Amend the Fee Examiner Order").

21.    On May 23, 2018, the Oversight Board and the Puerto Rico Fiscal Agency and Financial Authority ("AAFAF") filed a *Joint Motion for Entry of an Order Further Amending the Interim Compensation Order* [Docket No. 3133].

22.    On June 6, 2018, the Court entered the Interim Compensation Order, and in accordance therewith, Ms. Cardona Fernández and other professionals retained in these Title III Cases was authorized to serve upon the parties identified therein (the "Notice Parties") monthly fee statements (the "Monthly Fee Statements").

9

23.     Pursuant to the Interim Compensation Order, the Notice Parties have ten days from the date of service of the Monthly Fee Statement to object to the amounts requested. If no objection is filed prior to expiration of the objection period, the Commonwealth is authorized to pay the respective professionals 90% of the fees and 100% of the expenses sought in each Monthly Fee Statement.

24.     On June 20, 2018, the Court entered the *First Amended Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* [Docket No. 3324] (the "<u>Amended Fee Examiner Order</u>").

**D.     Applications for Interim Compensation**

25.     In addition to the Monthly Fee Statements, the Interim Compensation Order directed professionals to seek interim allowance and payment of compensation (including the 10% held back from Monthly Fee Statements) and expense reimbursement at 120-day intervals (each an "<u>Interim Fee Period</u>") by filing with the Court and serving on the Notice Parties an application for approval and allowance of all compensation and reimbursement of expenses relating to services rendered and expenses incurred during the preceding Interim Fee Period (*see* Interim Compensation Order at ¶2(f)).

26.     This is Ileana C. Cardona Fernández's third interim fee application and covers the period from October 1, 2019 up to and including January 31, 2020.

<u>**Relief Requested**</u>

27.     By this Application, Ileana C. Cardona Fernández, Esq. seeks an order authorizing (a) allowance of interim compensation for the professional services rendered and expenses incurred during the Compensation Period in the aggregate amount of $9,945.00, inclusive of any amounts previously held back for a total amount of $9,945.00.

28.     During the Compensation Period, Ileana C. Cardona Fernández expended a total of 44.2 hours for which compensation is requested.  All services rendered and expenses incurred for

which compensation or reimbursement is requested were performed or incurred for or on behalf of the Oversight Board.

29.     Following the conclusion of each Compensation Period, Ileana C. Cardona Fernández submitted four Monthly Fee Statements, corresponding to each of the months within this period.

30.     On November 10, 2019, Ileana C. Cardona Fernández served her Sixth Monthly Fee Statement, covering the period from October 1, 2019 through October 31, 2019 (the "Sixth Monthly Fee Statement"), a copy of which is attached hereto as **Exhibit C**. Ileana C. Cardona Fernández received no objection to the Seventh Monthly Fee Statement. On December 31, 2019, in connection with Ileana C. Cardona Fernández, Esq.'s Sixth Monthly Fee Statement, the Debtors paid the undersigned $2,679.07 on account of fees requested The Debtors withheld: (i) $330.75 the amount of the 10% holdback, plus (ii) 297.67, which represents the 10% Puerto Rico tax withholding of amount paid for professional services rendered.

31.     On December 10, 2019, Ileana C. Cardona Fernández served her Seventh Monthly Fee Statement, covering the period from November 1, 2019 through November 30, 2019 (the "Seventh Monthly Fee Statement"), a copy of which is attached hereto as **Exhibit D**. Ileana C. Cardona Fernández received no objection to the Seventh Monthly Fee Statement. On December 31, 2019, in connection with Ileana C. Cardona Fernández, Esq.'s Seventh Monthly Fee Statement, the Debtors paid the undersigned $2,314.57 on account of fees requested The Debtors withheld: (i) $285.75, the amount of the 10% holdback, plus (ii) $257.17, which represents the 10% Puerto Rico tax withholding of amount paid for professional services rendered.

32.     On January 10, 2020, Ileana C. Cardona Fernández served her Eighth Monthly Fee Statement, covering the period from December 1, 2019 through December 31, 2019 (the "Eighth Monthly Fee Statement"), a copy of which is attached hereto as **Exhibit E**. Ileana C. Cardona Fernández received no objection to the Eighth Monthly Fee Statement. On January 27, 2020, in

connection with Ileana C. Cardona Fernández, Esq.'s Eighth Monthly Fee Statement, the Debtors

paid the undersigned $1,931.85 on account of fees requested The Debtors withheld: (i) $238.50, the

amount of the 10% holdback, plus (ii) $214.65, which represents the 10% Puerto Rico tax

withholding of amount paid for professional services rendered.

33.     On February 10, 2020, Ileana C. Cardona Fernández served her Ninth Monthly Fee

Statement, covering the period from January 1, 2020 through January 31, 2020 (the "Ninth

Monthly Fee Statement"), a copy of which is attached hereto as **Exhibit F**. Ileana C. Cardona

Fernández received no objection to the Ninth Monthly Fee Statement. To the date of this

Application, The Debtors have not yet made a payment corresponding to the Ninth Monthly Fee

Statement for Ileana C. Cardona Fernández.

34.     Other than with respect to those Monthly Fee Statements, no payments have been

made to Ileana C. Cardona Fernández, Esq., and Ileana C. Cardona Fernández, Esq. has received

no promises of payment from any source for services rendered or to be rendered in any capacity

whatsoever in connection with the matters covered during the Compensation Period and addressed

by this Third Interim Application.  There is no agreement or understanding between Ileana C.

Cardona Fernández, Esq. and any other person, for the sharing of compensation to be received for

services rendered in these cases.

35.     In accordance with the Services Agreement, Ileana C. Cardona Fernández, Esq.'s

hourly rate is $225.00 per hour.

36.     Ileana C. Cardona Fernández, Esq. maintains computerized records of all time spent

in connection with its representation of the Oversight Board.  Ileana C. Cardona Fernández, Esq.

has provided itemized time records during the Compensation Period to this Court, the Debtors, the

Fee Examiner, all notice parties pursuant to the Interim Compensation Order and the U.S. Trustee.

All entries itemized in Ileana C. Cardona Fernández, Esq.'s time records comply with the

requirements set forth in the Guidelines, including the use of separate matter numbers for different project types, as described in this Application.

37.     Pursuant to, and consistent with, the relevant requirements of the Guidelines, as applicable, the following exhibits are attached hereto and incorporated herein by reference:

    i.   **Exhibit A** - certification by Ileana C. Cardona Fernández, Esq. regarding her compliance with the Local Guidelines.

    ii.   **Exhibit B** – copy of Ileana C. Cardona Fernández, Esq.'s Independent Contractor Services Agreement.

    iii.   **Exhibit C**- copy of Ileana C. Cardona Fernández, Esq.'s Sixth Monthly Fee Statement during the Compensation Period, which includes detailed time records and out-of-pocket expense details.

    iv.   **Exhibit D**- copy of Ileana C. Cardona Fernández, Esq.'s Seventh Monthly Fee Statement during the Compensation Period, which includes detailed time records and out-of-pocket expense details.

    v.   **Exhibit E**- copy of Ileana C. Cardona Fernández, Esq.'s Eighth Monthly Fee Statement during the Compensation Period, which includes detailed time records and out-of-pocket expense details.

    vi.   **Exhibit F**- copy of Ileana C. Cardona Fernández, Esq.'s Ninth Monthly Fee Statement during the Compensation Period, which includes detailed time records and out-of-pocket expense details.

**<u>Summary of Services Performed by Ileana C. Cardona Fernández, Esq. During the Compensation Period</u>**

38.     Set forth below is a description of significant professional services, broken down by project category, rendered by Ileana C. Cardona Fernández, Esq. during the Compensation Period. The following services described are not intended to be a comprehensive summary of the work performed by Ileana C. Cardona Fernández, Esq.  Detailed descriptions of all services rendered by Ileana C. Cardona Fernández can be found in the detailed time records reflecting the services performed, annexed to the Monthly Fee Statements attached hereto as **<u>Exhibits C thru F</u>**, and such descriptions are incorporated herein by reference.

**A.     Case Administration**

**Fees: $2,407.50; Hours: 10.7**

13

39.     During the Compensation Period, Ileana C. Cardona Fernández, Esq. actively engaged in the process of communication with co-counsel with regards to strategy and case management planning. In addition, Ileana C. Cardona Fernández, Esq. actively participated in case management and administration related tasks per team agreement and direction.

### B.     Avoidance Actions

**Fees: $2,947.50; Hours: 13.1**

40.     During the Compensation Period, Ileana C. Cardona Fernández actively participated in the drafting, review, filing, and follow-up of avoidance actions. During the Compensation Period, Ileana C. Cardona Fernández, Esq. actively participated in communications with opposing counsel to discuss case progression and reach agreements regarding case-specific courses of action. During the Compensation Period, Ileana C. Cardona Fernández participated in calls with co-counsels to provide status reports and recommendations for specific actions. In addition, Ileana C. Cardona Fernández, Esq. engaged in periodic follow-up discussions with co-counsels regarding case issues.

### C.     Tolling Agreements

**Fees: $2,947.50; Hours: 13.1**

41.     During the Compensation Period, Ileana C. Cardona Fernández actively participated in the review and follow-up of tolling agreement vendors. During the Compensation Period, Ileana C. Cardona Fernández, Esq. actively participated in communications with opposing counsel to discuss progression and reach agreements regarding matter-specific courses of action. During the Compensation Period, Ileana C. Cardona Fernández participated in calls with co-counsels to provide status reports and recommendations for specific actions. In addition, Ileana C. Cardona Fernández, Esq. engaged in periodic follow-up discussions with co-counsels regarding related issues.

**D.      Fee Applications / Monthly Fee Statements**

**Fees: $1,642.50; Hours: 7.3**

42.      During the Compensation Period, Ileana C. Cardona Fernández prepared and submitted four Monthly Fee Statements and corresponding Objection Statements. During the Compensation Period, Ileana C. Cardona Fernández also prepared and submitted her First Interim Fee Application for the Sixth Interim Compensation Period.

## The Application Should be Granted

43.      Section 317 of PROMESA provides for interim compensation of professionals and incorporates the substantive standards of Section 316 of PROMESA to govern the Court's award of such compensation.  48 U.S.C. § 2177.  Section 316 provides that a court may award a professional employed under section 1103 of title 11 of the United States Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." *Id*. § 2176(a)(1) and (2).  Section 316(c) sets forth criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1)      the time spent on such services;
>
> (2)      the rates charged for such services;
>
> (3)      whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4)      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5)      with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

15

(6)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

*Id.* § 2176(c).

44.     Ileana C. Cardona Fernández, Esq. respectfully submits that the services for which she seeks compensation and the expenditures for which she seeks reimbursement in this Third Interim Application were necessary and beneficial to the Oversight Board.  In light of the nature, extent and value of such services, Ileana C. Cardona Fernández, Esq. submits that the compensation requested herein is reasonable.

45.     The compensation for Ileana C. Cardona Fernández, Esq.'s services as requested is commensurate with the complexity, importance and nature of the problems, issues or tasks involved.  The professional services were performed with expedition and in an efficient manner.

46.     In sum, the services rendered by Ileana C. Cardona Fernández, Esq. were necessary and beneficial to the Oversight Board, were reasonable in light of the value of such services to the Oversight Board and were performed with skill and expertise.  Accordingly, Ileana C. Cardona Fernández, Esq. submits that approval of the compensation for professional services and reimbursement of expenses requested in this Third Interim Fee Application is warranted.

**Location of Services Provided**

47.     All fees and services during this Compensation Period were rendered and incurred within Puerto Rico.

**Statements Pursuant to Appendix B of the U.S. Trustee Guidelines**

48.     The following statements address information pursuant to Section C.5 of the U.S. Trustee Guidelines:

a.     **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

**Answer**: No.

16

b.  **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Answer**: N/A.

c.  **Question**: Have any of the professionals included in this fee application varied their hourly rate based on geographic location of the bankruptcy case?

**Answer**: No.

d.  **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

**Answer**: No.

e.  **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

**Answer**: No.

f.  **Question**: If the fee application includes any rate increases in retention: (i) did your client review and approve those rate increases in advance?  and (ii) Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer**: The Application does not include any additional rate increases.

## Notice

49.    Notice of this Application has been provided to: (a) the United States Trustee for the District of Puerto Rico, (b) the Oversight Board and its counsel, (c) counsel to AAFAF, (d) counsel to the Fee Examiner, (e) counsel to the Official Committee of Unsecured Creditors, (f) counsel to the Official Committee of Retirees, and (g) the Puerto Rico Department of Treasury.  Ileana C. Cardona Fernández, Esq. respectfully submits that no further notice of this Application should be required.

**No Prior Request**

50.    No prior interim fee application for the relief requested herein has been made to this or any other Court.

**Conclusion**

WHEREFORE, Ileana C. Cardona Fernández, Esq. respectfully requests that the Court enter an order; (a) approving the interim allowance of $9,945.00 for compensation for professional services rendered during the Compensation Period for a total of $9,945.00; and (b) granting such other and further relief as the Court deems just and proper.


San Juan, Puerto Rico
Dated: March 16, 2020

*/s/ Ileana C. Cardona Fernández*
Ileana C. Cardona Fernández
USDC-PR Bar No. 302610
Urb. Estancias de San Gerardo
Calle Orlando #1609
San Juan, PR 00926
Tel: (787) 484-8202
icardona@iccflaw.com

*Local Conflicts Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee*

## **EXHIBIT A**

**CERTIFICATION OF ILEANA C. CARDONA FERNÁNDEZ, ESQ.
IN SUPPORT OF THE APPLICATION**

**Hearing Date**: Jul 29, 2020 at 9:30 a.m. AST
**Objection Deadline**: April 6, 2020 at 4:00 p.m. AST

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>TITLE III<br><br>No. 17-BK-03283 (LTS)<br><br>(Jointly Administered) |

## CERTIFICATION OF ILEANA C. CARDONA FERNÁNDEZ, ESQ. IN SUPPORT OF THIRD INTERIM APPLICATION OF ILEANA C. CARDONA FERNÁNDEZ, ESQ., LOCAL CONFLICTS COUNSEL TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, FOR PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE EIGHTH INTERIM FEE PERIOD FROM OCTOBER 1, 2019 THROUGH JANUARY 31, 2020

I, Ileana C. Cardona Fernández, hereby certify that:

1.      I am an attorney admitted to practice in the Commonwealth of Puerto Rico and am before this Court.  I am a solo practitioner with office at Urb. Estancias de San Gerardo, Calle Orlando #1609, San Juan, Puerto Rico 00926.  I am local conflicts counsel to the Financial Oversight and Management Board, acting through its Special Claims Committee (the "Oversight Board") as representative of the Debtors in the above-captioned title III cases pursuant to section315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

("PROMESA").[2]  I have personal knowledge of all of the facts set forth in this certification except as expressly stated herein.

2.      In accordance with (a) Local Bankruptcy Rule 2016-1 (the "Local Guidelines"), (b) Appendix B of the United States Trustee *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), and (c) the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered June 6, 2018 (the "Interim Compensation Order"), this certification is made with respect to the Third Interim Application of Ileana C. Cardona Fernández, Esq., as local conflicts counsel to the Oversight Board dated March 16, 2020 (the "Application"),[3] for interim compensation and reimbursement of expenses for the period of October 1, 2019 up to and including January 31, 2020 (the "Compensation Period").

3.      With respect to section (a)(4) of the Local Guidelines, I certify that:

    a.      I have read the Application;

    b.      to the best of my knowledge, information, and belief, formed after reasonable inquiry, the compensation and reimbursement of expenses sought conforms with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the U.S. Trustee Guidelines and these Local Guidelines;

    c.      except to the extent that fees or disbursements are prohibited by the Local Guidelines, the compensation and reimbursement of expenses requested are billed in accordance with the Services Agreement.  Ileana C. Cardona Fernández, Esq.'s hourly rate in these cases is $225.00.

    d.      in providing a reimbursable service, Ileana C. Cardona Fernández, Esq. does not make a profit on that service, whether the service is performed by Ileana C. Cardona Fernández, Esq. in- house or through a third party.

---

[2]      PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3]   Capitalized terms used but not defined herein have the meanings given to them in the Application.

Dated: March 16, 2020
     San Juan, Puerto Rico

                           Respectfully submitted,

                           */s/ Ileana C. Cardona Fernández*
                           Ileana C. Cardona Fernández
                           USDC-PR Bar No. 302610
                           Urb. Estancias de San Gerardo
                           Calle Orlando #1609
                           San Juan, PR 00926
                           Tel: (787) 484-8202
                           icardona@iccflaw.com

                           *Local Conflicts Counsel to the Financial*
                           *Oversight and Management Board, acting*
                           *through the Special Claims Committee*

## **EXHIBIT B**

**PROFESSIONAL SERVICES AGREEMENT**



## INDEPENDENT CONTRACTOR SERVICES AGREEMENT

Ileana C. Cardona Fernández

## EFFECTIVE DATE: APRIL 30, 2019

THIS INDEPENDENT CONTRACTOR SERVICES AGREEMENT (the "**Agreement**") is made by and between THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO (the "**Board**") created by the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. chapter 20 ("**PROMESA**"), acting through its Special Claims Committee, and **Ileana C. Cardona Fernández** (the "**Contractor**"). The Board and Contractor hereby agree as follows:

**1. Engagement of Services.**  The Board may offer Project Assignments to Contractor in the form attached to this Agreement as *Exhibit A ("Project Assignment")*. Subject to the terms of this Agreement, Contractor will render the services set forth in Project Assignment(s) accepted by Contractor by the completion dates set forth therein.

**2. Compensation.**  The Board will pay Contractor the fees set forth in each Project Assignment for services rendered pursuant to this Agreement.  Contractor is responsible for all reasonable expenses incurred in the performance of services under this Agreement.  Contractor will be reimbursed only for expenses which are expressly provided for in a Project Assignment or which have been approved in advance in writing by the Board.  Contractor must furnish all documentation for authorized expenses the Board reasonably requests.  Payment of Contractor's fees and expenses will be in accordance with terms and conditions set forth in the applicable Project Assignment.  Upon termination of this Agreement for any reason, Contractor will be paid fees on the basis stated in the Project Assignment(s) for work which has been completed.

**3. Independent Contractor Relationship.**



**3.1** Contractor's relationship with the Board is that of an independent contractor, and nothing in this Agreement is intended to, or should be construed to create a partnership, agency, joint venture or employment relationship.  Contractor is not authorized to make any representation, contract or commitment on behalf of the Board unless specifically requested or authorized in writing to do so by the Board.

**3.2** Contractor shall be responsible for exercising independent discretion and judgment to achieve the results specified in this Agreement and in any Project Assignments, and no member, officer, agent or employee of the Board shall have the authority to direct Contractor as to the manner or means employed to achieve such results.

**3.3** Contractor shall be responsible for providing all tools and equipment necessary to perform services under this Agreement and any Project Assignments.  Contractor shall bear all expenses associated with the provision of services under this Agreement and in any Project Assignments, except as otherwise agreed to pursuant to Section 2 of this Agreement.

**3.4** Contractor will not be entitled to any of the benefits that the Board may make available to its employees, including, but not limited to, group health or life insurance, profit-sharing or retirement benefits.

**3.5** Contractor is solely responsible for, and will file, on a timely basis, all tax returns and payments required to be filed with, or made to, any applicable tax authority with respect to the performance of services and receipt of fees under this Agreement.

**3.6** Contractor's compensation will be subject to withholding by the Board for the payment of any applicable income taxes.

**3.7** Any employees or agents of Contractor shall be the sole responsibility of Contractor, and shall not be employees or agents of, or paid by, the Board. Neither the Contractor nor its employees or agents are entitled to invoke any of the laws or protections that may apply to employees of the United States government or the Commonwealth of Puerto Rico. Contractor shall have full liability for their acts. Contractor shall bear all expenses associated with the employment of such individuals, and assume sole responsibility for compliance with applicable laws, rules, regulations and orders regarding Contractor's employees.

### 4. Nondisclosure.

**4.1 Recognition of Board's Rights; Nondisclosure.** Contractor understands and acknowledges that the Board has a protectable interest in its Confidential Information (defined below). At all times during the term of this Agreement and thereafter, Contractor will hold in strictest confidence and will not disclose, use, lecture upon or publish any of the Board's Confidential Information, except as such disclosure, use or publication may be required in connection with Contractor's services for the Board, or unless the Board expressly authorizes such in writing. Contractor will obtain the Board's written approval before publishing or submitting for publication any material (written, verbal, or otherwise) that relates to Contractor's services for the Board and/or incorporates any Confidential Information. Contractor hereby assigns to the Board any rights Contractor may have or acquire in such Confidential Information and recognizes that all Confidential Information shall be the sole property of the Board and its assigns. Contractor will take all reasonable precautions to prevent the inadvertent or accidental disclosure of Confidential Information.

**4.2 Confidential Information.** The term "**Confidential Information**" shall mean any and all confidential and/or proprietary knowledge, data or information of or used by the Board, whether having existed, now existing, or to be developed during the term of this Agreement. By way of illustration but not limitation, "**Confidential Information**" includes (a) trade secrets, inventions, mask works, ideas, processes, formulas, source and object codes, data, programs, other works of authorship, know-how, improvements, discoveries, developments, designs and techniques and any other proprietary technology and all Proprietary Rights therein (hereinafter collectively referred to as "**Inventions**"); (b) information regarding research, analysis, development, business plans, budgets and unpublished financial statements, licenses, prices and costs, margins, credit terms, forecasts, future plans and potential strategies, financial projections and business strategies, operational plans, financing and capital-raising plans, activities and agreements, internal services and operational manuals, methods of conducting Board business, suppliers and supplier information, and purchasing; (c) information regarding any of the Board's contractors, vendors, or representatives and their services, including names, representatives, proposals, bids, contracts and their contents and parties, the type and quantity of products and services received by the Board, and other non-public information relating to Board contractors, vendors, or representatives; and (d) information regarding personnel, employee lists, compensation, and employee skills. Notwithstanding the foregoing, it is understood that, at all such times, Contractor is free to use information which is generally known publicly or in the trade or industry through no breach of this Agreement or other act or omission by Contractor.



**4.3 Third Party Information.** Contractor understands, in addition, that the Board has received and in the future, will receive from third parties, including the Commonwealth of Puerto Rico, confidential and/or proprietary knowledge, data, or information ("**Third Party Information**") subject to a duty on the Board's part to maintain the confidentiality of such information and to use it only for certain limited purposes. During the term of this Agreement and thereafter, Contractor will hold any Third Party Information disclosed by the Board or obtained in connection with its work in the strictest confidence and will not disclose to anyone (other than Board members and personnel who need to know such information in connection with their work for the Board) or use, except in connection with Contractor's services for the Board, Third Party Information unless expressly authorized by the Executive Director or a member of the Board in writing. Contractor shall comply with all applicable laws, rules, and regulations concerning confidentiality.

**4.4 Term of Nondisclosure Restrictions.** Contractor understands that Confidential Information and Third-Party Information is never to be used or disclosed by Contractor, as provided in this Section 4. If, however, a court decides that this Section 4 or any of its provisions is unenforceable for lack of reasonable temporal limitation and the Agreement or its restriction(s) cannot otherwise be enforced, Contractor and the Board agree that the two (2) year period after the termination of this Agreement shall be the temporal limitation relevant to the contested restriction, provided, however, that this sentence shall not apply to trade secrets protected without temporal limitation under applicable law.

**4.5 No Improper Use of Information.** During the term of this Agreement, Contractor will not improperly use or disclose any Confidential Information or trade secrets of any person or entity

to whom Contractor has an obligation of confidentiality, and Contractor will not bring onto the premises of the Board any documents or any property belonging to any person or entity to whom Contractor has an obligation of confidentiality unless consented to in writing by that person or entity.   During Contractor's engagement as an independent contractor performing services for the Company, Contractor may also have access to "Inside" or non-public information about one or more companies associated with the Board's work. Use of "Inside," Confidential Information or Third-Party Information in making any investment is absolutely prohibited, and Contractor represents and warrants that Contractor will comply with all applicable securities laws and regulations.

**5. Records.** To the extent that Contractor is required to develop, review and/or analyze Confidential Information or Third-Party Information, Contractor further shall to store and maintain all Confidential Information in a secure place.   Such material shall at all times remain the exclusive property of the Board and/or the applicable third party, unless otherwise agreed to in writing by a Board member or the Board's Executive Director.

**6. Return of Board Property.** On the earlier of termination of this Agreement or a request by the Board's Executive Director, Contractor shall return to the Board all the Board property which Contractor obtained from the Board or created in the course of any Project Assignment, including any Confidential Information and Third-Party Information.   Contractor acknowledges that all such property shall at all times remain the exclusive property of the Board, unless otherwise agreed to in writing by a Board member or the Board's Executive Director.

**7. No Conflict of Interest.** During the term of this Agreement, Contractor will not accept work, enter into a contract, or accept an obligation from any third party, inconsistent or incompatible with Contractor's obligations, or the scope of services rendered for the Board, under this Agreement or any Project Assignment.   Contractor shall not take actions during the term of this Agreement or any Project Assignment that would constitute or could create the appearance of a conflict of interest with the Board's mission or the work performed by the Contractor for the Board.   Contractor represents that Contractor's performance of all the terms of this Agreement and any accepted Project Assignment does not and will not breach any agreement or obligation of any kind made prior to the execution of this Agreement, including any noncompete agreement or any agreement to keep in confidence information acquired by Contractor in confidence or in trust.   Contractor has not entered into, and Contractor shall not enter into, any agreement either written or oral in conflict herewith.   Contractor shall indemnify the Board from any and all loss or liability incurred by reason of the alleged breach by Contractor of any services agreement with any third party.   Contractor, after the termination of this Agreement, shall not provide services on the matters on which Contractor was engaged to others having interests adverse to the Board's interests.



**8. Compliance with Laws, Regulations, and Vendor Code of Conduct.**   While providing services for the Board, Contractor shall comply with all applicable laws, rules and regulations, as well as all applicable Board policies and rules, including without limitation the Board's Vendor Code of Conduct and its disclosure certification.   A copy of the Vendor Code of Conduct and its Vendor Code of Conduct Disclosure Certification is attached as ***Exhibit B*** hereto.

**9. Term and Termination.**

**9.1 Term.**   Unless earlier terminated as provided in this Agreement or by mutual written agreement of the parties, this Agreement shall expire on June 30, 2020. The parties may renew the Agreement for an additional time period by mutual, written agreement prior to the expiration of the term.

**9.2 Termination by Board.**   The Board may terminate this Agreement or any Project Assignment upon the earlier of (i) thirty (30) days written notice, and (ii) Contractor's material breach of either Section 4 ("Nondisclosure") or section 10 ("Noninterference with Business") of this Agreement.   Termination shall neither eliminate accrued amounts owing to Contractor nor any amounts owing to the Board due to Contractor's breach.

**9.3 Termination by Contractor**.   Contractor may terminate this Agreement or any Project Assignment upon thirty (30) days written notice in the event of a material breach by the Board of this Agreement or any Project Assignment.

**9.4 Survival.**   The rights and obligations contained in Sections 4 ("Non-Disclosure") of this Agreement and 10 ("Noninterference with Business") shall survive the termination or expiration of this Agreement regardless of the reason, and the assignment of this Agreement by the Board to any successor in interest or other assignee.

**10. Noninterference with Business.** During this Agreement, and for a period of two (2) years immediately following its termination, Contractor shall not interfere with the business or activities of the Board in any manner. By way of example and not of limitation, Contractor shall not:

**10.1** solicit, induce, encourage, or participate in soliciting, inducing, or encouraging any employee of the Board to terminate his or her relationship with the Board;

**10.2** hire, or employ, or attempt to hire or employ any person employed by the Board or who has left the employment of the Company within the preceding six (6) months or discuss any potential employment or business association with such person, even if Contractor does not initiate the discussion or seek out the contact;

**10.3** solicit, induce or attempt to induce any consultant or independent contractor with whom Contractor had direct or indirect contact or whose identity Contractor learned as a result of Contractor's engagement with the Board, to terminate, diminish, or materially alter in a manner harmful to the Board its relationship with the Board; or

**10.4** for two years after the termination of this Agreement, represent or provide assistance pertaining to matters on which Contractor was engaged to any other entity or person having interests adverse to the Board's interests.

**11. Successors and Assigns.** Contractor may not subcontract or otherwise delegate its obligations under this Agreement without the prior written consent of the Executive Director of the Board. Subject to the foregoing, this Agreement will be for the benefit of the Board's successors and assigns, and will be binding on Contractor's assignees. Notwithstanding the foregoing, nothing in this Agreement shall prevent Contractor from utilizing Contractor's employees to perform services under the Agreement or any Project Assignment.

**12. Indemnification.** Contractor shall indemnify and hold harmless the Board and its members, officers, directors and employees from (a) all taxes, penalties and interest the Board may be required to pay as a result of Contractor or any of Contractor's personnel being deemed an employee of the Board; (b) any other tax liability or payments related to or resulting from this Agreement or the services rendered by Contractor for the Board; (c) any claims, losses, actions (including attorney's fees) or liability resulting from or related to any action taken or omitted by Contractor or any of its personnel. In no event will the Board be liable for any consequential, indirect, exemplary, special or incidental damages arising from or relating to this Agreement. The Board's total cumulative liability in connection with this Agreement, whether in contract or tort or otherwise, will not exceed the aggregate amount of fees and expenses owned by the Board to Contractor for services performed under this Agreement.



**13. Non-Disparagement.** Contractor will not, during the term of the Agreement, and for two (2) years thereafter, disparage the Board, its members, officers, or employees. Contractor shall indemnify and hold the Board, its members, officers, directors, and shareholders harmless from and against any and all losses, claims, damages, or expenses, (including attorneys' and experts' fees) arising from or growing out of any disparaging statement made by Contractor in violation of this Section 13.

**14. Reasonableness of Restrictions.**

**14.1** Contractor has read this entire Agreement and understands it. Contractor acknowledges the restrictions contained in this Agreement are reasonable, proper, and necessitated by the Board's legitimate business interests.

**14.2** In the event that a court finds this Agreement, or any of its restrictions, to be ambiguous, unenforceable, or invalid, Contractor and the Board agree that this Agreement will be automatically modified to provide the Board with the maximum protection of its business interests allowed by law and Contractor shall be bound by this Agreement as modified.

**15. Legal and Equitable Remedies.**

**15.1** Contractor acknowledges it may be impossible to assess the damages caused by Contractor's violation of Sections 4 ("Non-Disclosure") and 10 ("Noninterference with Business") of this Agreement. Any threatened or actual violation of such Sections of this Agreement will constitute immediate and irreparable injury to the Board and the Board shall have the right to enforce those Sections of this Agreement by injunction, specific performance or other equitable relief, without bond and without prejudice to any other rights and remedies that the Board may have for a breach or threatened breach of those Sections or any other Section of this Agreement.

**15.2** If the Board is successful in whole or in part in any legal or equitable action against Contractor under this Agreement, the Board shall be entitled to payment of all costs, including reasonable attorneys' fees, from Contractor.

**15.3** In the event Company enforces this Agreement through a court order, the restrictions of Section 10 shall remain in effect for a period of twelve (12) months from the effective date of the Order enforcing the Agreement.

**16. Notices.** Any notices required or permitted hereunder shall be given to the Board at its primary office location, at Contractor's address as listed below, or at such other address as the party shall specify in writing. Such notice shall be deemed given upon personal delivery to the appropriate address or three (3) days after the date of mailing if sent by certified or registered mail.

**17. Governing Law; Consent to Personal Jurisdiction; Waiver of Jury Trial.** This Agreement shall be governed by the laws of the Commonwealth of Puerto Rico independent of its choice of law principles. This Agreement is not a United States government contract or contract of the Commonwealth of Puerto Rico. Consequently, United States and Commonwealth contracting and contract protest laws do not apply to this Agreement. Any action against the Board shall be brought in accordance with PROMESA § 106. Contractor hereby expressly consents to the personal jurisdiction and venue of the federal court in Puerto Rico. The Board and Contractor each waive all rights to jury trial under Commonwealth of Puerto Rico law and federal law.

**18. Severability.** In case any one or more of the provisions, subsections, or sentences contained in this Agreement shall, for any reason, be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect the other provisions of this Agreement, and this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein. Moreover, if any one or more of the provisions contained in this Agreement shall for any reason be held to be excessively broad as to duration, geographical scope, activity or subject, it shall be construed by limiting and reducing it, so as to be enforceable to the extent compatible with the applicable law as it shall then appear.

**19. Waiver.** No waiver by the Board of any breach of this Agreement shall be a waiver of any preceding or succeeding breach. No waiver by the Board of any right under this Agreement shall be construed as a waiver of any other right. The Board shall not be required to give notice to enforce strict adherence to all terms of this Agreement. Nothing herein waives any exemption from liability or other rights of the Board under PROMESA.



**20. Entire Agreement.** This Agreement is the final, complete and exclusive agreement of the parties with respect to the subject matter hereof and supersedes and merges all prior discussions between the parties. No modification of or amendment to this Agreement, nor any waiver of any rights under this Agreement, will be effective unless in writing and signed by the party to be charged.

*[Signature Page Follows]*

**In Witness Whereof,** the parties have executed this Agreement as of the date first written above.

THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO, ACTING THROUGH ITS

SPECIAL CLAIMS COMMITTEE                    **Contractor**

By: _____          By: _Ileana Cardona_

Name: _____          Name: _Ileana C. Cardona Fernández_

Title: _____           Title: _Attorney_

                              Address: _Calle Orlando #1609_
                                       _Urb. Estancias de San Gerardo_
                                       _San Juan, PR 00926_

1

**PROJECT ASSIGNMENT #1**
**UNDER INDEPENDENT CONTRACTOR SERVICES AGREEMENT**
~~ESTRELLA LLC~~ *Iuana C. Cardona Fernández*
**TITLE III**
**DATED:** *April 30 · 2019*

**PROJECT:**

The scope of work under this Project Assignment #1 shall be as described in the Board's Request for Proposal dated December 20, 2018 entitled "Puerto Rico Local Counsel to Assist Special Claims Committee regarding Consideration of Potential Claims".

**SCHEDULE OF WORK:**
The work will commence on the date of the Project Assignment #1 and shall continue unless terminated in accordance with the related Independent Contractor Services Agreement dated the date hereof.

**FEES AND REIMBUSRSMENT:**

A. Hourly Rates:   *$225.00 per hour*

B. Reimbursement of expenses shall be in accordance with the Board's Expense Reimbursement Policy attached as Appendix D hereto

C. Contractor acknowledges and agrees that all fees and expenses payable hereunder will be paid through the PROMESA Title III proceeding filed on behalf of the Commonwealth that is pending in the United States District Court for the District of Puerto Rico, No. 17 BK3283-LTS. Contractor has familiarized itself with the currently applicable processes and guidelines relevant to submitting monthly statements and interim fee applications for payment of fees and expenses through the Title III proceeding, including the Court's orders addressing the procedures for interim compensation and reimbursement of expenses of professionals. Contractor acknowledges and agrees to be paid pursuant to such processes and guidelines.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the parties have executed this Project Assignment as of the date first written above.

THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO, ACTING THROUGH ITS

SPECIAL CLAIMS COMMITTEE                CONTRACTOR

By:                   By: _Ileana Cardona_

Name:                 Name: _Ileana C. Cardona Fernández_

Title:                Title: _Attorney_

1

**APPENDIX A**

**[VENDOR/CONSULTANT/REPRESENTATIVE CODE OF CONDUCT]**

The Financial Oversight and Management Board for Puerto Rico (the "Board") is committed to ethical and lawful behavior, and to acting professionally and fairly in all of its business dealings and relationships. The Board seeks to maintain high ethical standards and to comply with all applicable laws and regulations. The Board expects its vendors, consultants, and representatives to embrace this commitment to ethical and lawful behavior by complying with and training its employees on the Board's Vendor Code of Conduct. The Board also expects its vendors to have their own codes of conduct that ensure ethical business conduct and practices.

## I. Compliance with the Vendor Code of Conduct

All vendors, consultants, and representatives and their employees, agents, and subcontractors (collectively referred to as "Vendors") must adhere to this Code of Conduct while conducting business with or on behalf of the Board. Vendors must promptly inform the Executive Director, the General Counsel, or a member of the Board when any situation develops that causes, or may cause, the Vendor to violate any provision of this Code of Conduct. Although Vendors are expected to self-monitor and demonstrate their compliance with this Code of Conduct, the Board may audit Vendors and/or inspect Vendors' facilities and records to confirm compliance.

The Board may require the immediate removal from any project or engagement of any Vendor representative(s) or personnel who behave in a manner that is unlawful or inconsistent with this Code of Conduct or any Board policy. Compliance with this Code of Conduct, as well as attendance at any training on this Code of Conduct as may be offered by the Board, is required in addition to any other contractual obligations a Vendor may have to the Board.



## II. Legal and Regulatory Compliance Practices

Vendors must conduct their business activities on behalf of the Board in full compliance with the letter and spirit of all applicable laws and regulations.

- **Anti-Corruption**. The Board takes a zero-tolerance approach to bribery and corruption, and it requires its Vendors to do the same. Vendors must not participate in bribes or kickbacks of any kind, whether in dealings with the Board, government and public officials, or individuals in the private sector. Vendors must also comply with all applicable anti-corruption and anti-money laundering laws, as well as laws governing gifts and payments to public officials, political campaign contribution and lobbying laws, and other related regulations. In particular, Vendors must not:

  - Offer, promise, or allow anything of value (including travel, gifts, hospitality expenses, and charitable donations) to be given on behalf of the Board to influence a business or government decision, gain an improper advantage, or otherwise improperly promote the interests of the Board in any respect;

  - Offer, promise, or allow anything of value to be given to a Board member or employee to influence a Board decision or otherwise gain an improper advantage; or

  - Ask for or accept anything of value which the Vendor knows or suspects is being offered to influence a Board decision or otherwise obtain an improper advantage in connection with the Vendor's work with or on behalf of the Board.

- **Antitrust/Fair Business Practices**. Vendors must conduct their business in full compliance with antitrust and fair competition laws that govern the jurisdictions in which they conduct business. Vendors must also uphold all standards of fair dealing and abide by all fair business practices, including truthful and accurate advertising.

- **Trade**. Vendors shall comply with all applicable trade controls, as well as any applicable export, re-export, and import laws and regulations. Vendors must not knowingly employ or do business with anyone reasonably suspected of being connected with criminal or terrorist activities or who is otherwise subject to applicable trade sanctions.

- **Freedom from Unlawful Harassment and Discrimination.** Vendors shall provide a workplace free from harassment and/or discrimination in hiring, compensation, access to training, promotion, termination, and/or retirement on the basis of race, color, creed, religion, sex, gender identity or expression, sexual orientation, pregnancy, status as a parent, age, marital status, national origin, ancestry, citizenship status, physical or mental disability or serious medical condition, protected genetic information, political beliefs, status as a veteran, or any other characteristic protected by law. Vendors shall further prohibit any form of reprisal or retaliation against any employee for reporting harassment or discrimination in good faith or for participating in good faith in a harassment or discrimination investigation.

- **Wages, Benefits and Working Hours**. Vendors must comply with local applicable laws regarding wages, overtime hours and mandated benefits. Vendors must also communicate with workers about compensation, including any overtime pay, in a timely and honest manner.

- **Freely Chosen Employment**. No Vendor shall use any form of indentured, slave, or forced labor, including involuntary prison labor. Vendors are also prohibited from supporting or engaging in any form of human trafficking of involuntary labor through threat, force, fraudulent claims, or other coercion.

- **Child Labor**. Vendors shall comply with all local and national minimum working age laws or regulations and not use child labor. All employees shall be age 18 and over unless: (i) a country's legal age for employment or age for completing compulsory education is under 18; and (ii) the work is non-hazardous.



## III.  **Business Practices and Ethics**

Vendors must conduct their business interactions and activities with integrity.

- **Honesty and Integrity**. Vendors must at all times be honest, direct, and truthful in discussions with the Board, its staff and agents, regulatory agency representatives, and government officials.

- **Business and Financial Records**. The Board expects Vendors to timely, honestly, and accurately record and report all business information, including without limitation any invoices for payment, and comply with all applicable laws regarding their creation, completion, accuracy, retention, and disposal. All invoices must be (i) timely submitted, (ii) itemized, (iii) supported by appropriate documentation, and (iv) must comply with all other requirements as set out in the relevant contract(s).

- **Conflicts of Interest**. Vendors shall scrupulously avoid any conflict, real or perceived, direct or indirect, between their own individual, professional, or business interests and the interests of the Board. Among other things, Vendors must not deal directly with any Board member or *ex officio* member or employee whose spouse, domestic partner, or other family member or relative is associated with and/or holds any ownership or other financial interest in the Vendor. In the course of negotiating the Vendor agreement or performing the Vendor's obligations, dealing directly with a Vendor personnel's spouse, domestic partner, or other family member or relative employed by the Board is also prohibited. Complying with this requirement includes, but is not limited to, each Vendor's completion of the Vendor Conflict of Interest Disclosure Certification attached as **Appendix A** hereto.

- **Gifts and Entertainment**. Vendors should avoid any actions with Board members or *ex officio* members or employees during any vendor selection or re-selection process that could give others the impression of favoritism or other improper advantage. Furthermore, Vendors should not offer, and Board members, *ex officio* members, and employees must not accept, gifts or entertainment that might compromise, or appear to compromise, the Board member or employee's judgment or independence. Even a well-intentioned gift might constitute or be

perceived to be a bribe under certain circumstances, or create a conflict of interest or the appearance of a conflict of interest. Board employees are required to conduct all business and interactions with Vendors in strict compliance with the applicable provisions of the Board's business ethics and conflict of interest policies.

• **Confidentiality, Privacy and Data Security**. Vendors shall, at all times while they are engaged by the Board and thereafter, (i) hold all proprietary and confidential information of the Board in strictest confidence, (ii) not use or disclose for any purpose any proprietary and confidential information of the Board to any person, business or entity, except as specifically authorized in writing by the Board, and (iii) not disclose for any purpose any non-public information concerning their retention by the Board or their services for the Board, except as specifically authorized in writing by the Board. Vendors shall abide by all Board requirements and procedures for protecting the proprietary and confidential information of the Board, including signing and abiding by the Board's confidentiality agreements. Vendors who handle proprietary and confidential information on behalf of the Board or belonging to the Board must apply and maintain sufficient privacy and information security safeguards. Vendors shall also be subject to an information and data security assessment.



• **Media**. Vendors are prohibited from speaking to the press or making any public statements, oral or written, concerning their work for or on behalf of the Board without the express written authorization of the Board.

• **Reporting Concerns**. Vendors shall maintain a hotline or other reporting system for their workers to confidentially and anonymously report any information or concerns about suspected non-compliance or violations of law or improper conduct by any Vendor employee or agent without threat of reprisal, intimidation or harassment. If concerns are reported, Vendors shall promptly and thoroughly investigate any such report and take corrective action as necessary and appropriate.

*[Signature Page Follows]*

I certify by my signature below that I have received and reviewed, and am authorized on Vendor's behalf to agree that Vendor shall abide by this Code of Conduct:

Vendor Name:  _Ileana C. Cardona Fernández_

_Signature_                       _June. 4. 2019_
Signature of Vendor Authorized Representative     Date

_____
Printed Name and Title of Vendor Authorized Representative

1

## APPENDIX B

## [VENDOR CONFLICT OF INTEREST DISCLOSURE CERTIFICATION]

All vendors, consultants, and or experts ("Vendors") interested in conducting business with the Financial Oversight and Management Board for Puerto Rico (the "Board") must complete and return this Vendor Conflict of Interest Disclosure Form to be eligible for a contract award. Disclosing a potential conflict of interest will not automatically disqualify the Vendor. The potential conflict of interest will be investigated to determine whether it precludes the contract award. In the event, however, that the

Vendor does not disclose potential conflicts of interest and they are discovered by the Board, the Vendor will be barred from doing business with the Board.

Please note that all Vendors must comply with the Board's Vendor Code of Conduct as stated within the certification section below.

**No Conflict of Interest**:  Except as otherwise fully disclosed below (attach additional pages as needed), the Vendor affirms, to the best of its knowledge, information and belief, that no Interested Party (as defined in Schedule A hereto), nor any person associated with any Interested Party, is an employee, Director or Trustee, Officer or consultant to/of, or has any financial interest, direct or indirect, in the Vendor, or has received or will receive any financial benefit, directly or indirectly, from the Vendor or from the contract associated with this certification.

For the purposes of this certification, "associated" persons include:  a spouse, domestic partner, child, parent or sibling of an Interested Party; a person with whom an Interested Party has a business or other financial relationship, including but not limited to employees of an Interested Party and/or a spouse, domestic partner, child, parent or sibling of such employees; and each firm in which an Interested Party has a present or potential interest.

| No. | To the best of your knowledge: | YES | NO |
|-----|-------------------------------|-----|-----|
| 1 | Is any Interested Party, or any person associated with any Interested Party, associated with any employee, Director or Trustee, Officer or consultant to/of the Vendor? | | X |
| | If you answered "yes" to Question 1, please identify the names of the persons who are associated and describe the nature of their association below: | | |

| No. | To the best of your knowledge: | YES | NO |
|-----|-------------------------------|-----|-----|
| 2 | Does any Interested Party, or any person associated with an Interested Party, have an ownership interest in the Vendor's company? | | X |
| | If you answered "yes" to Question 2, please identify the name(s) of the person(s) who has/have such an ownership interest and describe the nature of the interest: | | |



| No. | To the best of your knowledge: | YES | NO |
|-----|-------------------------------|-----|-----|
| 3 | Has any Interested Party, or any person associated with an Interested Party, received, or will any Interested Party, or any person associated with an Interested Party receive, a financial benefit from the Vendor or from this contract? | | X |
| | If you answered "yes" to Question 3, please identify the name(s) of the person(s) who have received or will receive such a financial benefit and describe the nature of the benefit below: | | |

| No. | To the best of your knowledge: | YES | NO |
|-----|-------------------------------|-----|-----|

| 4 | Is any Interested Party, or any person associated with an Interested Party, contemporaneously employed or prospectively to be employed with the Vendor? | | X |

If you answered "yes" to Question 4, please identify the name(s) and title(s) of the person(s) who are or will be so employed below:

| No. | To the best of your knowledge: | YES | NO |
|-----|-------------------------------|-----|-----|
| 5 | Is any Interested Party, or any person associated with an Interested Party, acting as a consultant for the Vendor? | | X |

If you answered "yes" to Question 5, please identify the name(s) of the person(s) acting as a consultant and describe the nature of his/her/their consulting services below:

| No. | To the best of your knowledge: | YES | NO |
|-----|-------------------------------|-----|-----|
| 6 | Has the Vendor provided, or will the Vendor provide, any gifts or hospitality of any dollar value or any other gratuities to any Interested Party or elected official to obtain or maintain a contract? | | X |

If you answered "yes" to Question 6, please describe the nature of such gifts, hospitality, or other gratuities below, including (1) the recipient(s) of such gifts, hospitality, or other gratuities; (2) the date(s) on which such gifts, hospitality or other gratuities were provided; and (3) the exact (if possible) or approximate dollar value of such gifts, hospitality, or other gratuities:



| No. | To the best of your knowledge: | YES | NO |
|-----|-------------------------------|-----|-----|
| 7 | Has any Interested Party, or any person associated with an Interested Party, provided any gifts of any dollar value or any other gratuities to Vendor? | | X |

If you answered "yes" to Question 7, please describe the nature of such gifts, hospitality, or other gratuities below, including (1) the recipient(s) of such gifts, hospitality, or other gratuities; (2) the date(s) on which such gifts, hospitality or other gratuities were provided; and (3) the exact (if possible) or approximate dollar value of such gifts, hospitality, or other gratuities:

*[Signature Page Follows]*

I certify that the information provided is true and correct by my signature below:

_Signature of Vendor ~~Authorized Representative~~_          _4/Jun/19_

Signature of Vendor ~~Authorized Representative~~          Date

_Iuana C. Cardona Fernandez_

Printed Name of Vendor ~~Authorized Representative~~

1



## SCHEDULE A

For purposes of the Financial Oversight and Management Board for Puerto Rico (the ("Board")'s Vendor Conflict of Interest Disclosure Certification, the following entities and individuals are Interested Parties:

Natalie Jaresko, Executive Director of the Board

Jaime A. El Koury, General Counsel of the Board

Noel Zamot, Revitalization Coordinator

Andrew G. Biggs, Member of the Board

Jose B. Carrión III, Member of the Board

Carlos M. Garcia, Member of the Board

Arthur J. Gonzalez, Member of the Board

José R. González, Member of the Board

Gov. Ricardo Rosselló Nevares, Ex-Officio Member of the Board

Ana J. Matosantos, Member of the Board

David A. Skeel Jr., Member of the Board

Elías Sánchez Sifonte, Former Ex-Officio Member of the Board as representative of the Governor

Christian Sobrino Vega, Ex-Officio Member of the Board as representative of the Governor

Commonwealth of Puerto Rico (Primary Government)

9-1-1 Service Governing Board

Additional (Electronic) Lottery

Agricultural Enterprises Development Administration

Automobile Accidents Compensation Administration

Cardiovascular Center Corporation of Puerto Rico and the Caribbean

Commonwealth of Puerto Rico Regional Center Corporation

Company for the Integral Development of the "Península de Cantera"

Corporation for the "Caño Martin Peña" Project (ENLACE)

Corporation of Industries for the Blind and Mentally Retarded and Incapacitated Persons of Puerto Rico

Culebra Conservation and Development Authority

Economic Development Bank for Puerto Rico

Employees' Retirement System (ERS)

Employment and Training Enterprises Corporation

Farm Insurance Corporation of Puerto Rico

Fine Arts Center Corporation

Fiscal Agency and Financial Advisory Authority (AAFAF)

Governmental Development Bank for PR (GDB)

Institute of Puerto Rican Culture

Institutional Trust of the National Guard of Puerto Rico

Judiciary Retirement System (JRS)

Land Authority of Puerto Rico

Local Redevelopment Authority of the Lands and Facilities of Naval Station Roosevelt Roads

Model Forest

Municipal Revenue Collection Center (CRIM)

Musical Arts Corporation

Port of the Americas Authority

 PR Aqueduct and Sewer Authority (PRASA)

PR Electric Power Authority (PREPA)

PR Highways and Transportation Authority (HTA)

PR Infrastructure Finance Authority (PRIFA)

PR Maritime Shipping Authority

PR Medical Services Administration (ASEM)

PR Sales Tax Financing Corporation (COFINA)

Public Building Authority (PBA)

Public Corporation for the Supervision and Deposit Insurance of Puerto Rico Cooperatives (COSSEC)

Puerto Rico and Municipal Islands Transport Authority

Puerto Rico Conservatory of Music Corporation

Puerto Rico Convention Center District Authority (PRCCDA)

Puerto Rico Council on Education

Puerto Rico Health Insurance Administration (HIA / ASES)

Puerto Rico Industrial Development Company (PRIDCO)

Puerto Rico Industrial, Tourist, Educational, Medical, and Environmental Control Facilities Financing Authority (AFICA)

Puerto Rico Integrated Transit Authority (PRITA)

Puerto Rico Land Administration

Puerto Rico Metropolitan Bus Authority (AMA)

Puerto Rico Municipal Finance Agency (MFA)

Puerto Rico Ports Authority

Puerto Rico Public Broadcasting Corporation

Puerto Rico Public Private Partnerships Authority (PPP)

Puerto Rico School of Plastic Arts

Puerto Rico Telephone Authority

Puerto Rico Tourism Company

Puerto Rico Trade and Export Company

Solid Waste Authority

Special Communities Perpetual Trust

State Insurance Fund Corporation (SIF)

Teachers' Retirement System (TRS)

The Children's Trust Fund (CTF)

Traditional Lottery



Unemployment Insurance Fund

University of Puerto Rico (UPR)

University of Puerto Rico Comprehensive Cancer Center

## APPENDIX C

### [CONTRACTOR CERTIFICATION REQUIREMENT]

The following certification shall be provided to the Oversight Board by each contractor under contracts submitted for review:

1.      The contractor's subcontractor(s) in connection with the contract  is (are) the following:

N/A

2.      Neither the contractor nor any of its owners , directors, officials or employees, has agreed to share or give a percentage of the contractor's compensation under the contract to, or otherwise compensate, any third party, whether directly or indirectly, in connection with the procurement, negotiation, execution or performance of the contract, except as follows:



(Name of individual or firm, including names of principals or owners of the latter) (Principal terms and

conditions of the compensation sharing arrangement)

**3.**     To the best knowledge of the signatory (after due investigation), no person has unduly intervened in the procurement, negotiation or execution of the contract, for its own benefit or that of a third person, in contravention of applicable law.

**4.**     To the best knowledge of the signatory (after due investigation), no person has: (i) offered, paid, or promised to pay money to; (ii) offered, given, or promised to give anything of value to; or (iii) otherwise influenced any public official or employee with the purpose of securing any advantages, privileges or favors for the benefit of such person in connection with the contract (such as the execution of a subcontract with contractor, beneficial treatment under the contract, or the written or unwritten promise of a gift, favor, or other monetary or non-monetary benefit).

**5.**     Neither the contractor, nor any of its owners, directors, officials or employees or, to the best of its knowledge (after due investigation), its representatives or sub-contractors, has required, directly or indirectly, from third persons to take any action with the purpose of influencing any public official or employee in connection with the procurement, negotiation or execution of the contract.



The above certifications shall be signed by the Chief Executive Officer (or other officer with equivalent position or authority to issue such certifications) of the contractor.

In the event that a contractor is not able to provide any of the above certifications, such contractor shall provide a written statement setting forth the reasons therefor.



[*Signature Page Follows*]

1

I certify by my signature below that I have received and reviewed, and am authorized on Vendor's
behalf to agree that Vendor shall abide by this Contractor Certification Requirement:

Vendor Name: *Ileana C. Cardona Fernández*

_____          4/rvn/19
Signature of Vendor Authorized Representative          Date


_____
Printed Name and Title of Vendor Authorized Representative

**APPENDIX D**

**[FOMB EXPENSE REIMBURSEMENT]**

**Financial Oversight and Management Board for Puerto Rico**
*June 30, 2017*

**Expense Reimbursement Policy**

## 1. Introduction



The Board of Members of the Financial Oversight and Management Board for Puerto Rico ("the Board") recognizes that board members, officers, staff, and contractors* of the Board may be required to travel or incur in other expenses from time to time to conduct Board business.

The Reimbursed Expenses Policy (the "Policy") is designed to govern the reimbursement of reasonable, defined expenses incurred on authorized Board activities.  Consequently, all reimbursed expenses must be consistent with a business objective and carried out in a timely and cost-effective manner.

This Policy applies to board members, officers, staff, and contractors* who incur authorized and approved travel and other expense items in the context of the Board's business. While exceptions are not normally permitted, there is clear recognition of certain special business needs.  In any such exceptional situations, all board members, officers, staff, and contractors* are expected to apply a high degree of common sense and good judgment.

## 2. Purpose of the Policy

The purpose of this policy is to ensure that (a) adequate cost controls are in place, (b) travel and other expenditures are appropriate, and (c) to provide a uniform and consistent approach for the timely reimbursement of authorized expenses incurred by the Board. It is the policy of the Board to reimburse only reasonable and necessary expenses incurred by board members, officers, staff, and contractors.

## 3. Principles of the Policy

The Policy aims to provide a flexible framework for travel and other expenses based on the following principles:

**3.1** This Policy applies to board members, officers, staff, and contractors* undertaking travel other

expenses on Board business and for the purposes of this Policy, the term "staff" shall mean employees of the Board.

**3.2** It is the responsibility of board members, officers, staff, and contractors* to ensure the selection of the most direct and economical travel options and that all expenses are attributable to a valid Board business purpose.

**3.3** Board members, officers, staff, and contractors* shall be entitled to reimbursement of expenses on production of supporting vouchers and invoices meeting the requirements of an "Accountable Plan" provided under Regulation No. 8297 dated December 18, 2012 issued by the Puerto Rico Department of Treasury. No expense reimbursement will be allowed for amounts in excess of actual expenditures incurred. No expense reimbursement will be allowed for estimates of expenditures incurred. This includes coach-class airfare or train fare (or business class train fare if rates are comparable); and hotels and transportation (e.g. taxis).

**3.4** It is the responsibility of the Board members, officers, staff, and contractors* to obtain travel authorization from the Chairman of the Board, the Executive Director or Authorized Representative prior to organizing or incurring any travel costs [See Appendix A for Authorization Authority]. Expense reimbursement is subject to having received prior authorization. Exceptions shall be made under the consideration of the Chairman, Executive Director or Authorized Representative.

**3.5** The use of video and telephone conferencing instead of travel should always be considered to reduce travel expenses.

## 4. Travel Expenses

### 4.1 Air Travel



**4.1.1** Costs for air travel will be reimbursed on an actual cost incurred basis.

**4.1.2** For all flights, board members, officers, staff, and contractors* are required to travel in a cabin class no higher than premium economy class and, when possible, the cheapest fare in this class.

**4.1.3** Flights should be booked to provide the best value/lowest cost and fit between cost and convenience. Board staff shall book flights through the Board's Executive Assistant. Board members may book flights through the Board's Executive Assistant or independently. Board contractors must book flights independently, though they are allowed to consult the Board's Executive Assistant on fares the board members, officers, and staff are using.

**4.1.4** The Board will not reimburse costs incurred due to deviations from the most direct routes taken for personal travel reasons. In such cases, if the Board purchased the ticket, the traveler must reimburse the Board for any additional costs over and above the authorized travel.

**4.1.5** Any alteration to original travel plans must be justified and approved in accordance with the Policy.

### 4.2 Train Travel

**4.2.1** The Board may reimburse travelers for their economy train fares or business class train fares when those fares are comparable to the equivalent, economy class airfare on the same route.

**4.2.2** Board staff shall book trains through the Board's Executive Assistant. Board Members may book trains through the Board's Executive Assistant or independently. Board contractors must book trains independently, though they are allowed to consult the Board's Executive Assistant on fares the board members, officers, and staff are using.

## 4.3 Hotels and Lodging

**4.3.1** Accommodation costs may be reimbursed by the Board. Board members, officers, staff, and contractors should not exceed cost of accommodation per night published in the U.S. Government GSA Per Diem Rates (https://www.gsa.gov/perdiem), unless approved by the Chairman or his authorized representative.

**4.3.2** Board staff shall book hotels through the Board's Executive Assistant. Board members may book hotels through the Board's Executive Assistant or independently. Board contractors must book hotels independently, though they are allowed to consult the Board's Executive Assistant on fares the Board members, officers, and staff are using.

## 4.4 Transportation

**4.4.1** Transportation costs during trips associated to Board business will be reimbursed. Board members, officers, and staff* can expense the following transportation costs: 1) transportation to and from the airport / train station and 2) transportation to and from the meeting location. Transportation costs cover taxi services or equivalent (e.g. Uber, Lyft or any other transportation means).

 ## 4.5 Business Meals

**4.5.1** When travelling to a location other than the Board members, officers, staff, and contractors'* local city, business meals are reimbursable based on the following limits:

- Breakfast: $15; Lunch: $25; Dinner: $40
- Snack expenses are reimbursable when they replace a meal.

**4.5.2** If meals are provided during the meeting, only meals not provided can be expensed.

## 5. Other Expenses

**5.1** Other expenses are reimbursable provided they are legitimate, necessary and reasonable expenses directly connected with or pertaining to the Board, such as office supplies, printing and reproduction, telephone calls, and messengers, among other.

## 6. Reimbursement of Expense

**6.1** Travel arrangements are authorized in advance through the completion and approval of a travel authorization email and the validation of a travel plan between the traveler and the designated approver [See Appendix A].

**6.2** Expenses are reimbursed through the completion, approval, and validation of expense report [See Appendix B] that the members, officers, and staff must submit to the designated approver [See

Appendix C].

**6.3** Expense claims should be submitted immediately following and, where possible, no more than 10 days after the completion of each trip, but at least a monthly.

**6.4** In rare circumstances, and on an exceptional basis, reimbursement in excess of stated limits may be provided when lodging options are not available below. In such rare circumstances, the need for higher reimbursement shall be indicated on the attached reimbursement form and justified in writing by the members, officers, and staff. Reimbursement will be limited to the following:

- Lodging: average rate for available 3-star hotels listed for the applicable metropolitan area on Expedia;

The Chairman of the Board or his authorized representative will have sole discretion to approve or deny such expenditures.

**6.5** Receipts are required for all expenditures billed, such as airfare and hotel charges. No expense in excess of $25.00 will be reimbursed to Board members, officers, staff and contractors unless the individual requesting reimbursement submits with the Expense Report written itemized receipts from each vendor (not a credit card receipt or statement) showing the vendor's name, a description of the services provided (if not otherwise obvious), the date, and the total expenses. If a receipt is not available, a full explanation of the expense and the reason for the missing receipt is required.

**6.6** Alcoholic beverages will not be reimbursed under any circumstance.

1.
2.
3.
4.
5.



**APPENDIX A: Authorization Authority**

| Expense to be Incurred By: | Authorization From: |
| --- | --- |
| Board Member | Chairman or Authorized Representative |
| Board Staff | Executive Director or Authorized Representative |
| Board Contractors | Executive Director or Authorized Representative |

Executive Director      Chairman or Authorized Representative

Chairman      N/A

**APPENDIX B: Expense Report**

**Financial Management and Oversight Board for Puerto Rico**

*To be completed by* members, officers, and staff *and submitted to designated approver*



| DATE | DESCRIPTION | AIR FARE | GROUND FARE | HOTEL | MEALS | OTHER | TOTAL (1) |
|------|-------------|----------|-------------|-------|-------|-------|-----------|
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |
|  |  |  |  |  |  |  | $ - |

| | | | | | | | $ - |
| | | | | | | | $ - |
| | | | | | | | $ - |
| | | | | | | | $ - |
| TOTAL | | $ | $ | $ | $ | $ | $ - |

| Signature:_____ | Date:_____ |
| Approved by:_____ | Date:_____ |
| (1) SUBMIT RECEIPTS FOR THE AMOUNTS TO BE REIMBURSED. | |

**APPENDIX C: Expense Report Approval Authority**

| Expense Incurred By: | Expense Approved By: |
|---|---|
| Board Member | Chairman or Authorized Representative |
| Board Personnel | Executive Director or Authorized Representative |
| Board Advisors | Executive Director or Authorized Representative |
| Executive Director | Chairman or Authorized Representative |
| Chairman | Executive Director or Authorized Representative |

*[Signature Page Follows]*

I certify by my signature below that I have received and reviewed, and am authorized on Vendor's behalf to agree that Vendor shall abide by this Expense Reimbursement Policy:

Vendor Name: *Ileana C Cardona Fernández*

Signature of Vendor Authorized Representative          Date  4/jun/19

_____
Printed Name and Title of Vendor Authorized Representative

63410523 v1

*Expense policy applies only to contractors whose contracts specify they will be able to reimburse listed expenses.

**<u>EXHIBIT C</u>**

**SIXTH MONTHLY STATEMENT
FOR ILEANA C. CARDONA FERNÁNDEZ, ESQ. – OCTOBER 2019**

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

<table>
<tr><td>

*In re:*

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO
RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*

     Debtors.

</td><td>

PROMESA Title III
Case No. 17-BK-3283 (LTS)

(Jointly Administered)

</td></tr>
</table>

## SIXTH MONTHLY FEE STATEMENT OF
## ILEANA C. CARDONA FERNANDEZ, ESQ. PROPOSED LOCAL CONFLICTS
## COUNSEL FOR THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR
## PUERTO RICO, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE
## FOR SERVICES AND DISBURSEMENTS FOR THE PERIOD OF
## <u>OCTOBER 1, 2019 – OCTOBER 31, 2019</u>

The Commonwealth of Puerto Rico, *et al.*                November 11, 2019

FOR PROFESSIONAL SERVICES AND DISBURSEMENTS

**Client Ref. No.** PRO-001

**Invoice No.** 009

Re:   The Financial Oversight and Management Board for Puerto Rico,
      as representative of The Commonwealth of Puerto Rico, *et al.*
      Debtors under Title III
      <u>October 1, 2019 – October 31, 2019</u>

Professional services rendered and expenses incurred by Ileana C. Cardona Fernández, Esq.
Local Conflicts Counsel for The Financial Oversight and Management Board for Puerto Rico,
acting through its Special Claims Committee

**Total Amount of Compensation**                **$3,307.50**
**for Professional Services**

| | |
|---|---|
| Less Holdback as per Court Order dated June 6, 2018 (DN 3269) (10%) | $330.75 |
| Interim Compensation for Professional Services (90%) | $2,976.75 |
| Plus Reimbursement for Actual and Necessary Expenses | $0.00 |
| Total Requested Payment Less Holdback | $2,976.75 |

## FEE STATEMENT INDEX

**Exhibit A**          **Time and Compensation Breakdown**
**Exhibit B**          **Time Entries – Invoice**
**Exhibit C**          **Professional Certification**
**Exhibit D**          **Principal Certification**

# EXHIBIT A

**<u>EXHIBIT A</u>**

**SERVICES RENDERED BY
ILEANA C. CARDONA FERNÁNDEZ, ESQ.**

**<u>OCTOBER 1, 2019 – OCTOBER 31, 2019</u>**

**TIME AND COMPENSATION BREAKDOWN**

| Counsel | Year Admitted to Bar; Specialty | Rate | Hours | Amount |
|---|---|---|---|---|
| Ileana C. Cardona Fernández | Admitted to Puerto Rico Bar in 2015; Litigation | $225.00 | 14.7 | $3,307.50 |
| **TOTAL** | | | **14.7** | **$3,307.50** |

# EXHIBIT B

Ileana C. Cardona Fernández, Esq.
787-484-8202
icardona@iccflaw.com

**Invoice No.** 009
**Client** – PRO-001
**Date**: November 11, 2019

**BILL TO:**

Puerto Rico Financial Oversight and Management Board,
acting through its Special Claims Committee
C/O Jaime A. El Koury, Esq.
1112 Park Avenue, Apt. 12A
New York, 10128

Re:

General Matters
Wal-Mart Avoidance Action – Case No. 19-00267
Microsoft Corporation Avoidance Action – Case No. 19-00290
Hospira, LLC Avoidance Action – Case No. 19-00186
Gila, LLC Avoidance Action – Case No. 19-00354
Microsoft Caribbean, Inc. – Tolling Agreement
First Medical Health Plan, Inc. – Tolling Agreement
Instituto de Banca y Comercio – Tolling Agreement

<u>**INVOICE**</u>

For professional services rendered and expenses incurred in connection with the above captioned
matters from: <u>October 1, 2019 through October 31, 2019.</u>

# General

| DATE | DETAILS | HOURS | VALUE |
|------|---------|-------|-------|
| 10/1/19 | Prepare Monthly statement Sept. 2019. **(1 hour)** | 1 | $225.00 |
| 10/7/19 | Email exchange w/ C. Ennis re: August fees. **(0.1 hour)**<br><br>Draft Second Interim Fee Application.**(2 hours)** | 2.1 | $472.50 |
| 10/10/19 | Email to C. Ennis re: Sept statement **(0.1 hour)** | 0.1 | $22.50 |
| 10/14/19 | Email exchange w/ C. Ennis re: Interim Fee Application hearing. **(0.1 hour)**<br><br>Continue drafting Second Interim Fee Application draft. **(1 hour)** | 1.1 | $247.50 |
| 10/16/19 | Prepare and submit November 2019 budget. **(0.2 hour)** | 0.2 | $45.00 |

Ileana C. Cardona Fernández, Esq.
787-484-8202
icardona@iccflaw.com

**Invoice No.** 009
**Client** – PRO-001
**Date**: November 11, 2019

| 10/17/19 | Email exchange w/ fee examiner. **(0.2 hour)** | 0.2 | $45.00 |
|---|---|---|---|
| 10/21/19 | Draft and submit Title III Declarations for Fifth monthly statement. **(0.2 hour)** | 0.2 | $45.00 |
| 10/23/19 | Finalize draft Second Interim Fee Application.**(0.5 hour)** | 0.5 | $112.50 |
| 10/29/19 | Prepare for Interim Fee Application hearing. **(0.5 hour)** | 0.5 | $112.50 |
| | **TOTAL** | **5.9** | **$1,327.50** |

## 19-00267 – Wal-Mart PR

| DATE | DETAILS | HOURS | VALUE |
|---|---|---|---|
| 10/1/19 | Examine email exchange between UCC and SCC teams re: document request. **(0.1 hour)** | 0.1 | $22.50 |
| 10/4/19 | Review research on Voluntary Payment doctrine**. (0.3 hours)**<br><br>Email exchange w/ R. Sierra re: Voluntary Payment doctrine. **(0.1 hour)** | 0.4 | $90.00 |
| 10/9/19 | Examine email exchange and documents re: final BR analysis on status of claim. **(0.3 hour)**<br><br>Examine UCC opposition to motion to dismiss. **(0.3 hour)**<br><br>Examine redlined opposition to motion to dismiss. **(0.1 hour)** | 0.7 | $157.50 |
| 10/14/19 | Examine DN 12 UCC response to motion to dismiss. **(0.3 hour)**<br><br>Email to team re: DN 12. **(0.1 hour)**<br><br>Examine DN 13 UCC amended response in opposition to motion to dismiss **(0.1 hour)** | 0.5 | $112.50 |
| 10/22/19 | Examine Motion requesting permission to file reply to response in opposition to motion to dismiss and exhibits (DN 14, etc) **(0.5 hour)** | 0.5 | $112.50 |
| 10/23/19 | Examined DN 15 **(0.1 hour)** | 0.1 | $22.50 |
| | | | |

Ileana C. Cardona Fernández, Esq.
787-484-8202
icardona@iccflaw.com

**Invoice No.** 009
**Client** – PRO-001
**Date**: November 11, 2019

| | | TOTAL | 2.7 | $607.50 |
|---|---|---|---|---|

## 19-00290 – Microsoft Corporation

| DATE | DETAILS | HOURS | VALUE |
|---|---|---|---|
| 10/1/19 | Prepare for call w/ L. Llach and R. Wexler. **(0.2 hours)**<br><br>Participate in call w/ L. Llach and R. Wexler. **(0.2 hours)** | 0.4 | $90.00 |
| 10/2/19 | Prepare for call w/ opposing counsel. **(0.3 hours)**<br><br>Participate in call w/ opposing counsel. **(0.3 hour)** | 0.6 | $135.00 |
| 10/4/19 | Examine spreadsheets submitted by opposing counsel. **(0.6 hours)** | 0.6 | $135.00 |
| 10/22/19 | Examine DN 8. **(0.1 hour)** | 0.1 | $22.50 |
| | **TOTAL** | **1.7** | **$382.50** |

### HOSPIRA PR, LLC – 19-00186

| DATE | DETAILS | HOURS | VALUE |
|---|---|---|---|
| 10/22/19 | Examine DN 10. (0.1 hour) | 0.1 | $22.50 |
| | **TOTAL** | **0.1** | **$22.50** |

### GILA, LLC -  19-00354

| DATE | DETAILS | HOURS | VALUE |
|---|---|---|---|
| 10/22/19 | Examine DN 8. (0.1 hour) | 0.1 | $22.50 |
| | **TOTAL** | **0.1** | **$22.50** |

### MICROSOFT CARIBBEAN

| DATE | DETAILS | HOURS | VALUE |
|---|---|---|---|
| 10/1/19 | Prepare for call w/ L. Llach and R. Wexler **(0.1 hours)** | 0.2 | $45.00 |

Ileana C. Cardona Fernández, Esq.  **Invoice No.** 009
787-484-8202                        **Client** – PRO-001
icardona@iccflaw.com                **Date**: November 11, 2019

| DATE | DETAILS | HOURS | VALUE |
|------|---------|-------|-------|
| | Participate in call w/ L. Llach and R. Wexler **(0.1 hours)** | | |
| 10/2/19 | Prepare for call w/ opposing counsel. **(0.3 hours)** | 0.6 | $135.00 |
| | Examine email exchange re: extension. **(0.1 hour)** | | |
| | Participate in call w/ opposing counsel. **(0.2 hour)** | | |
| 10/4/19 | Examine email exchange re: extended tolling agreement.**(0.2 hour)** | 0.3 | $67.50 |
| | Examine email exchange w/ opposing counsel re: handling of matters jointly. **(0.1 hour)** | | |
| 10/14/19 | Examine email exchange and exhibits between team re: assumed contracts. **(0.2 hour)** | 0.2 | $45.00 |
| 10/25/19 | Examine email exchange between R. Wexler and opposing counsel. **(0.2 hour)** | 0.2 | $45.00 |
| 10/26/19 | Examine email from opposing counsel. **(0.1 hour)** | 0.1 | $22.50 |
| 10/28/19 | Examine email exchange w team and R Wexler re: assumed contracts. **(0.2 hour)** | 0.2 | $45.00 |
| 10/31/19 | Examined email from opp. Counsel re: meeting and attachments. **(0.4 hour)** | 0.4 | $90.00 |
| | **TOTAL** | **2.2** | **$495.00** |

## FIRST MEDICAL HEALTH PLAN, INC.

| DATE | DETAILS | HOURS | VALUE |
|------|---------|-------|-------|
| 10/4/19 | Email exchange from opposing counsel. **(0.1 hour)** | 0.6 | $135.00 |
| | Examine revised NDA by opposing counsel **(0.4 hour)** | | |
| | Email exchange w/ R. Sierra and S. Beville re: NDA **(0.1 hour)** | | |
| 10/7/19 | Examine email from R. Sierra re: review NDA. **(0.1 hour)** | 0.1 | $22.50 |
| 10/9/19 | Examine NDA review by R. Sierra. **(0.3** | 0.3 | $67.50 |

Ileana C. Cardona Fernández, Esq.
787-484-8202
icardona@iccflaw.com

**Invoice No.** 009
**Client** – PRO-001
**Date**: November 11, 2019

| | | | |
|---|---|---|---|
| | **hour)** | | |
| 10/14/19 | Examine fully executed Tolling Ag. Extension. **(0.1 hour)**<br><br>Email to team R. Sierra and S. Beville re: status of NDA review. **(0.1 hour)**<br><br>Email exchange w/ opposing counsel re: status of information exchange. **(0.1 hour)**<br><br>Review proposed NDA markup by BR as sent to opposing counsel. **(0.3 hour)** | 0.6 | $135.00 |
| 10/30/19 | Examine email exchange w opposing counsel. **(0.1 hour)** | 0.1 | $22.50 |
| | **TOTAL** | **1.7** | **$382.50** |

## INSTITUTO DE BANCA Y COMERCIO

| DATE | DETAILS | HOURS | VALUE |
|---|---|---|---|
| 10/14/19 | Examine fully executed Tolling Ag. Extension. **(0.1 hour)** | 0.1 | $22.50 |
| 10/22/19 | Examine email exchange w/ R. Wexler re: meeting w vendor. **(0.1 hour)** | 0.1 | $22.50 |
| 10/23/19 | Email exchange w/ R. Wexler **(0.1 hour)** | 0.1 | $22.50 |
| | **TOTAL** | **0.3** | **$67.50** |

**TOTAL:**  **14.7 hours**  **$3,307.50**

**BALANCE DUE:**  $3,307.50

**Check payable to:**  Ileana C. Cardona Fernández, Esq.
Urb. Estancias de San Gerardo
Calle Orlando #1609
San Juan, PR 00926

63552239 v1

# EXHIBIT C

## EXHIBIT C

## PROFESSIONAL CERTIFICATION

I hereby certify that no public servant of the Department of Treasury is a party to or has any interest in the gains or benefits derived from the contract that is the basis of this invoice. The only consideration for providing services under the contract is the payment agreed upon with the authorized representatives of The Financial Oversight and Management Board for Puerto Rico, acting through its Special Claims Committee. The amount of this invoice is reasonable. The services were rendered, and the corresponding payment has not been made. To the best of my knowledge, Ileana C. Cardona Fernández does not have any debts owed to the Government of Puerto Rico or its instrumentalities.

*s/ Ileana C. Cardona Fernandez*
**Ileana C. Cardona Fernández**
**USDC-PR Bar No. 302610**

# EXHIBIT D

## PRINCIPAL CERTIFICATION

I hereby authorize the submission of this Sixth Monthly Fee Statement for Ileana C. Cardona Fernández, Esq. covering the period from October 1, 2019 through October 31, 2019.


_____
Jaime A. El Koury
General Counsel to the Financial Oversight
and Management Board for Puerto Rico

## **EXHIBIT D**

**SEVENTH MONTHLY STATEMENT
FOR ILEANA C. CARDONA FERNÁNDEZ, ESQ. – NOVEMBER 2019**

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| *In re:*<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>      Debtors. | PROMESA Title III<br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |

## SEVENTH MONTHLY FEE STATEMENT OF
## ILEANA C. CARDONA FERNANDEZ, ESQ. LOCAL CONFLICTS COUNSEL FOR THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE FOR SERVICES AND DISBURSEMENTS FOR THE PERIOD OF <u>NOVEMBER 1, 2019 – NOVEMBER 30, 2019</u>

The Commonwealth of Puerto Rico, *et al.*                    December 10, 2019

FOR PROFESSIONAL SERVICES AND DISBURSEMENTS

**Client Ref. No.** PRO-001

**Invoice No.** 011

Re:   The Financial Oversight and Management Board for Puerto Rico,
      as representative of The Commonwealth of Puerto Rico, *et al.*
      Debtors under Title III
      <u>November 1, 2019 – November 30, 2019</u>

Professional services rendered and expenses incurred by Ileana C. Cardona Fernández, Esq.
Local Conflicts Counsel for The Financial Oversight and Management Board for Puerto Rico,
acting through its Special Claims Committee

**Total Amount of Compensation**                    **$2,857.50**
**for Professional Services**

| | |
|---|---|
| Less Holdback as per Court Order dated June 6, 2018 (DN 3269) (10%) | $285.75 |
| Interim Compensation for Professional Services (90%) | $2,571.75 |
| Plus Reimbursement for Actual and Necessary Expenses | $0.00 |
| Total Requested Payment Less Holdback | $2,571.75 |

## FEE STATEMENT INDEX

| | |
|---|---|
| **Exhibit A** | **Time and Compensation Breakdown** |
| **Exhibit B** | **Time Entries – Invoice** |
| **Exhibit C** | **Professional Certification** |
| **Exhibit D** | **Principal Certification** |

# EXHIBIT A

## EXHIBIT A

**SERVICES RENDERED BY
ILEANA C. CARDONA FERNÁNDEZ, ESQ.**

## NOVEMBER 1, 2019 – NOVEMBER 30, 2019

**TIME AND COMPENSATION BREAKDOWN**

| Counsel | Year Admitted to Bar; Specialty | Rate | Hours | Amount |
|---|---|---|---|---|
| Ileana C. Cardona Fernández | Admitted to Puerto Rico Bar in 2015; Litigation | $225.00 | 12.7 | $2,857.50 |
| **TOTAL** | | | **12.7** | **$2,857.50** |

# EXHIBIT B

Ileana C. Cardona Fernández, Esq.                    **Invoice No.** 011
787-484-8202                                         **Client** – PRO-001
icardona@iccflaw.com                                 **Date**: December 10, 2019

**BILL TO:**

Puerto Rico Financial Oversight and Management Board,
acting through its Special Claims Committee
C/O Jaime A. El Koury, Esq.
1112 Park Avenue, Apt. 12A
New York, 10128

Re:

General Matters
Wal-Mart Avoidance Action – Case No. 19-00267
Microsoft Corporation Avoidance Action – Case No. 19-00290
Gila, LLC Avoidance Action – Case No. 19-00354
Microsoft Caribbean, Inc. – Tolling Agreement
First Medical Health Plan, Inc. – Tolling Agreement
Instituto de Banca y Comercio – Tolling Agreement

## INVOICE

For professional services rendered and expenses incurred in connection with the above captioned matters from: November 1, 2019 through November 30, 2019.

## General

| DATE | DETAILS | HOURS | VALUE |
|------|---------|-------|-------|
| 11/1/19 | Finalized and submitted Interim Fee Application for review. **(0.5 hour)** | 0.5 | $112.50 |
| 11/4/19 | Monthly statement October preparation**. (1 hour)** | 1 | $225.00 |
| 11/5/19 | Discussion w/ L. Llach, A. Estrella, and R. Wexler re: pending cases and past meetings. **(0.3 hour)** | 0.3 | $67.50 |
| 11/6/19 | Email to C. Ennis re: fees Fifth Monthly Statement **(0.1 hour)**   Examine email from C. Ennis re: fees. **(0.1 hour)**   Response to email from C. Ennis **(0.1 hour)** | 0.3 | $67.50 |
| 11/7/19 | Prepare and submit December budget. **(0.2 hour)** | 0.4 | $90.00 |

Ileana C. Cardona Fernández, Esq.
787-484-8202
icardona@iccflaw.com

**Invoice No.** 011
**Client** – PRO-001
**Date**: December 10, 2019

| DATE | DETAILS | HOURS | VALUE |
|------|---------|-------|-------|
| | Examine email from Fee Examiner re: December budget **(0.1 hour)** | | |
| | Draft email to Fee Examiner re: December budget **(0.1 hour)** | | |
| 11/8/19 | Examine email from C. Ennis re: Monthly Statement **(0.1 hour)** | 0.2 | $45.00 |
| | Draft email to C. Ennis re: Monthly Statement. **(0.1 hour)** | | |
| 11/12/19 | Examine email from C. Ennis re: Monthly Statement to Fee Examiner **(0.1 hour)** | 0.1 | $22.50 |
| 11/15/19 | Email exchange w C. Ennis re: Fee Application **(0.1 hour)** | 0.5 | $112.50 |
| | Updated and submitted Interim Fee Application for filing **(0.3 hour)** | | |
| | Email exchange w/ C. Ennis re: PREPA Fee application. **(0.1 hour)** | | |
| 11/20/19 | Examine email from R. Wexler re: updates of cases pending his review **(0.1 hour)** | 0.1 | $22.50 |
| 11/21/19 | Email exchange w/ C. Ennis re: Interim Fee Application filing status. **(0.1 hour)** | 0.1 | $22.50 |
| 11/22/19 | Email exchange w/ C. Ennis re: Interim Fee Application. **(0.1 hour)** | 0.1 | $22.50 |
| 11/25/19 | Prepare Title III Declaration for Objection Statement **(0.2 hour)** | 0.5 | $112.50 |
| | Email to S. Beville and R. Sierra re: Objection statement. **(0.1 hour)** | | |
| | Email exchange w/ H. Cohen re: Objection statement**. (0.2 hour)** | | |
| | **TOTAL** | **4.1** | **$922.50** |

# 19-00267 – Wal-Mart PR

| DATE | DETAILS | HOURS | VALUE |
|------|---------|-------|-------|
| 11/1/19 | Email exchange w/ CST team re: | 0.1 | $22.50 |

Ileana C. Cardona Fernández, Esq.          **Invoice No.** 011
787-484-8202                               **Client** – PRO-001
icardona@iccflaw.com                       **Date**: December 10, 2019

| DATE | DETAILS | HOURS | VALUE |
|------|---------|-------|-------|
| | upcoming meeting with R. Wexler **(0.1 hour)** | | |
| 11/4/19 | Examine from Court re: DN 167**(0.1 hour)** <br><br>Examine DN 17 Reply to Response **(0.4 hour)** | 0.5 | $112.50 |
| 11/6/19 | Examine email from Court re: DN 19 **(0.1 hour)** <br><br>Examine DN 19 – Motion (submitting translations to Motion to dismiss) and corresponding exhibits **(0.3 hour)** | 0.4 | $90.00 |
| 11/15/19 | Examine email from Court re: DN 20 **(0.1 hour)** <br><br>Examine DN 20 Order **(0.1 hour)** | 0.2 | $45.00 |
| 11/22/19 | Examine email from Court re: DN 21 **(0.1 hour)** <br><br>Examine DN 21 **(0.2 hour)** | 0.3 | $67.50 |
| 11/26/19 | Examine email from Court re: DN 22 **(0.1 hour)** <br><br>Examine DN 22 **(0.1 hour)** | 0.2 | $45.00 |
| | **TOTAL** | **1.7** | **$382.50** |

## 19-00290 – Microsoft Corporation

| DATE | DETAILS | HOURS | VALUE |
|------|---------|-------|-------|
| 11/1/19 | Examine email by opposing counsel w/ attachments **(0.3 hour)** | 0.3 | $67.50 |
| | **TOTAL** | **0.3** | **$67.50** |

## GILA, LLC - 19-00354

| DATE | DETAILS | HOURS | VALUE |
|------|---------|-------|-------|
| 11/6/19 | Examine email to opposing counsel **(0.1 hour)** <br><br>Examine exhibit worksheet in email to opposing counsel **(0.1 hour)** | 0.2 | $45.00 |

Ileana C. Cardona Fernández, Esq.
787-484-8202
icardona@iccflaw.com

**Invoice No.** 011
**Client** – PRO-001
**Date**: December 10, 2019

| | | TOTAL | 0.2 | $45.00 |
|---|---|---|---|---|

## MICROSOFT CARIBBEAN

| DATE | DETAILS | HOURS | VALUE |
|---|---|---|---|
| 11/5/19 | Discussion w R. Wexler re: assumed contracts **(0.2 hour)** | 0.2 | $45.00 |
| | TOTAL | 0.2 | $45.00 |

## FIRST MEDICAL HEALTH PLAN, INC.

| DATE | DETAILS | HOURS | VALUE |
|---|---|---|---|
| 11/4/19 | Prepare for call w/ opposing counsel **(0.5 hour)** <br><br> Email exchange re: today's call **(0.1 hour)** <br><br> Participate in call w/ opposing counsel **(0.3 hour)** | 0.9 | $202.50 |
| 11/6/19 | Examine email exchange re: NDA **(0.1 hour)** <br><br> Examine draft NDAs submitted by opposing counsel **(0.6 hours)** <br><br> Examine email from R. Sierra re: NDA **(0.1 hour)** <br><br> Examine updated draft NDAs per R. Sierra evaluation **(0.6 hours)** | 1.4 | $315.00 |
| 11/12/19 | Examine email exchange re: status of information exchange. **(0.1 hour)** <br><br> Prepare for phone call w. opposing counsel re: NDA **(0.3 hour)** <br><br> Participate in phone call w opposing counsel re: NDA **(0.2 hour)** | 0.6 | $135.00 |
| 11/13/19 | Examine email exchange re: new NDA draft **(0.1 hour)** <br><br> Examine updated draft NDA **(0.3 hour)** | 0.5 | $112.50 |

Ileana C. Cardona Fernández, Esq.  **Invoice No.** 011
787-484-8202  **Client** – PRO-001
icardona@iccflaw.com  **Date**: December 10, 2019

| | | | |
|---|---|---|---|
| | Examine email exchange re: status of information exchange **(0.1 hour)** | | |
| 11/18/19 | Examine email exchange between R. Wexler and L. Llach re: NDA status **(0.1 hour)** | 0.1 | $22.50 |
| 11/19/19 | Examine email from J. Nieves re: NDA **(0.1 hour)**<br><br>Examine email from R. Sierra re: NDA comments **(0.1 hour)** | 0.2 | $45.00 |
| 11/25/19 | Examine email exchange w/ R. Sierra and opposing counsel re: NDA **(0.1 hour)** | 0.1 | $22.50 |
| 11/29/19 | Examine email from R. Sierra re: status NDA **(0.1 hour)** | 0.1 | $22.50 |
| | **TOTAL** | **3.9** | **$877.50** |

## INSTITUTO DE BANCA Y COMERCIO

| DATE | DETAILS | HOURS | VALUE |
|---|---|---|---|
| 11/4/19 | Prepare for meeting w/ R. Wexler and vendor tomorrow. **(0.5 hour)** | 0.5 | $112.50 |
| 11/5/19 | Meeting at CST w/ R. Wexler and J. Medina. **(1.3 hour)** | 1.3 | $292.50 |
| 11/7/19 | Research source of funds for Vocational Rehabilitation Administration (VRA) per notes of meeting w/ R. Wexler. **(0.3 hour)**<br><br>Draft email to L. Llach and R. Wexler re: results of research VRA funding. **(0.1 hour)**<br><br>Examine email by R. Wexler re: VRA funding **(0.1 hour)** | 0.5 | $112.50 |
| | **TOTAL** | **2.3** | **$517.50** |

**TOTAL:**          **12.7 hours**          **$2,857.50**


**BALANCE DUE:**          $2,857.50


**Check payable to:**          Ileana C. Cardona Fernández, Esq.

Ileana C. Cardona Fernández, Esq.
787-484-8202
icardona@iccflaw.com

**Invoice No.** 011
**Client** – PRO-001
**Date**: December 10, 2019

Urb. Estancias de San Gerardo
Calle Orlando #1609
San Juan, PR 00926

63574636 v1

# EXHIBIT C

**EXHIBIT C**

## PROFESSIONAL  CERTIFICATION

I hereby certify that no public servant of the Department of Treasury is a party to or has any interest in the gains or benefits derived from the contract that is the basis of this invoice. The only consideration for providing services under the contract is the payment agreed upon with the authorized representatives of The Financial Oversight and Management Board for Puerto Rico, acting through its Special Claims Committee. The amount of this invoice is reasonable. The services were rendered, and the corresponding payment has not been made. To the best of my knowledge, Ileana C. Cardona Fernández does not have any debts owed to the Government of Puerto Rico or its instrumentalities.

*s/ Ileana C. Cardona Fernandez*
**Ileana C. Cardona  Fernández**
**USDC-PR Bar No. 302610**

# EXHIBIT D

**PRINCIPAL  CERTIFICATION**

I hereby authorize the submission of this Seventh Monthly Fee Statement for Ileana C. Cardona Fernández, Esq. covering the period from November 1, 2019 through November 30, 2019.

Jaime A. El Koury
General Counsel to the Financial Oversight
and Management Board for Puerto Rico

**<u>EXHIBIT E</u>**

**EIGHTH MONTHLY STATEMENT
FOR ILEANA C. CARDONA FERNÁNDEZ, ESQ. – DECEMBER 2019**

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

*In re:*

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO
RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*

      Debtors.

PROMESA Title III
Case No. 17-BK-3283 (LTS)

(Jointly Administered)

**EIGHTH MONTHLY FEE STATEMENT OF
ILEANA C. CARDONA FERNANDEZ, ESQ. LOCAL CONFLICTS COUNSEL FOR
THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,
ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE
FOR SERVICES AND DISBURSEMENTS FOR THE PERIOD OF
<u>DECEMBER 1, 2019 – DECEMBER 31, 2019</u>**

The Commonwealth of Puerto Rico, *et al.*                                January 10, 2020

## FOR PROFESSIONAL SERVICES AND DISBURSEMENTS

**Client Ref. No.** PRO-001

**Invoice No.** 013

Re:   The Financial Oversight and Management Board for Puerto Rico,
       as representative of The Commonwealth of Puerto Rico, *et al.*
       Debtors under Title III
       <u>December 1, 2019 – December 31, 2019</u>

Professional services rendered and expenses incurred by Ileana C. Cardona Fernández, Esq.
Local Conflicts Counsel for The Financial Oversight and Management Board for Puerto Rico,
acting through its Special Claims Committee

**Total Amount of Compensation**                          **$2,385.00**
**for Professional Services**

| | |
|---|---|
| Less Holdback as per Court Order dated June 6, 2018 (DN 3269) (10%) | $238.50 |
| Interim Compensation for Professional Services (90%) | $2,146.50 |
| Plus Reimbursement for Actual and Necessary Expenses | $0.00 |
| Total Requested Payment Less Holdback | $2,146.50 |

### <u>FEE STATEMENT INDEX</u>

| | |
|---|---|
| **Exhibit A** | **Time and Compensation Breakdown** |
| **Exhibit B** | **Time Entries – Invoice** |
| **Exhibit C** | **Professional Certification** |
| **Exhibit D** | **Principal Certification** |

# EXHIBIT A

**<u>EXHIBIT A</u>**

**SERVICES RENDERED BY
ILEANA C. CARDONA FERNÁNDEZ, ESQ.**

**<u>DECEMBER 1, 2019 – DECEMBER 31, 2019</u>**

**TIME AND COMPENSATION BREAKDOWN**

| Counsel | Year Admitted to Bar; Specialty | Rate | Hours | Amount |
|---|---|---|---|---|
| Ileana C. Cardona Fernández | Admitted to Puerto Rico Bar in 2015; Litigation | $225.00 | 10.6 | $2,385.00 |
| **TOTAL** | | | **10.6** | **$2,385.00** |

# EXHIBIT B

Ileana C. Cardona Fernández, Esq.

787-484-8202

icardona@iccflaw.com

**Invoice No.** 013

**Client** – PRO-001

**Date**: January 10, 2020

**BILL TO:**

Puerto Rico Financial Oversight and Management Board,
acting through its Special Claims Committee
C/O Jaime A. El Koury, Esq.
1112 Park Avenue, Apt. 12A
New York, 10128

Re:

General Matters
Wal-Mart Avoidance Action – Case No. 19-00267
Microsoft Corporation Avoidance Action – Case No. 19-00290
Gila, LLC Avoidance Action – Case No. 19-00354
Hospira Puerto Rico, LLC Avoidance Action – Case No. 19-00186
Wells Fargo Securities, LLC Avoidance Action – Case No. 19-00360
Microsoft Caribbean, Inc. – Tolling Agreement
First Medical Health Plan, Inc. – Tolling Agreement

## <u>INVOICE</u>

For professional services rendered and expenses incurred in connection with the above captioned matters from: <u>December 1, 2019 through December 31, 2019.</u>

# General

| DATE | DETAILS | HOURS | VALUE |
|------|---------|-------|-------|
| 12/2/19 | Email to H. Cohen re: status of objection statement **(0.1 hour)** | **0.1** | $22.50 |
| 12/3/19 | Prepare Monthly Statement – CW **(0.5 hour)** | **0.5** | $112.50 |
| 12/4/19 | Examine Omnibus Hearing procedural order DN 9388 **(0.1 hour)**<br><br>Prepare and submit January Budget **(0.2 hour)**<br><br>Examine email from K. Boucher re: budget **(0.1 hour)** | **0.4** | $90.00 |
| 12/5/19 | Draft email to T. Axelrod re: Dec. 11 Omnibus hearing. **(0.1 hour)** | **0.1** | $22.50 |
| 12/7/19 | Email exchange w/ R. Sierra and T. Axelrod re: Motion to Inform. **(0.1 hour)** | **0.4** | $90.00 |

Ileana C. Cardona Fernández, Esq.
787-484-8202
icardona@iccflaw.com

**Invoice No.** 013
**Client** – PRO-001
**Date**: January 10, 2020

|  |  |  |  |
|---|---|---|---|
|  | Examine Motion to Inform as filed **(0.1 hour)** |  |  |
|  | Email to H. Cohen re: Monthly Statements **(0.1 hour)** |  |  |
|  | Examine Monthly Statements edits by R. Sierra **(0.1 hour)** |  |  |
| 12/9/19 | Examine email from H. Cohen re: Monthly Statements **(0.1 hour)** | **0.3** | $67.50 |
|  | Updated Monthly Statements and submitted to H. Cohen for finalization **(0.2 hour)** |  |  |
| 12/10/19 | Examine email by H. Cohen re: today's submission of Monthly Statement **(0.1 hour)** | **0.2** | $45.00 |
|  | Examine email from H. Cohen to Fee Examiner re: 7th Monthly Statement **(0.1 hour)** |  |  |
| 12/16/19 | Examine email from H. Cohen re: Title III Declaration **(0.1 hour)** | **0.2** | $45.00 |
|  | Draft email to H. Cohen re: Title III Declaration **(0.1 hour)** |  |  |
| 12/17/19 | Draft Title III Declarations for November Monthly Statement **(0.2 hour)** | **0.3** | $67.50 |
|  | Submit Title III Declarations for November Monthly Statement **(0.1 hour)** |  |  |
| 12/18/19 | Examine email from H. Cohen re: Monthly Statement **(0.1 hour)** | **0.1** | $22.50 |
| 12/19/19 | Draft email to H. Cohen re: Monthly Statement **(0.1 hour)** | **0.2** | $45.00 |
|  | Draft email to Fee Examiner re: Status of Payment **(0.1 hour)** |  |  |
| 12/20/19 | Examine email from H. Cohen re: Title III Declaration **(0.1 hour)** | **0.4** | $90.00 |
|  | Draft email to H. Cohen re: Follow up for October Monthly Statement. **(0.1 hour)** |  |  |
|  | Draft email to H. Cohen re: sending out Title III Declaration **(0.1 hour)** |  |  |

Ileana C. Cardona Fernández, Esq.
787-484-8202
icardona@iccflaw.com

**Invoice No.** 013
**Client** – PRO-001
**Date**: January 10, 2020

| | | | |
|---|---|---|---|
| | Examine email from H. Cohen re: follow up monthly statement October. **(0.1 hour)** | | |
| 12/28/19 | Email to H. Cohen re: statements follow up **(0.1 hour)** | **0.1** | $22.50 |
| 12/30/19 | Examine email from H. Cohen re: statements **(0.1 hour)** | **0.1** | $22.50 |
| | **TOTAL** | **3.4** | **$765.00** |

## 19-00360 – Wells Fargo Securities, LLC

| DATE | DETAILS | HOURS | VALUE |
|---|---|---|---|
| 12/19/19 | Examine email from Court re: DN 18 **(0.1 hour)** <br><br> Examine and analyze DN 18 **(0.2 hour)** | **0.3** | $67.50 |
| 12/23/19 | Examine email from Court re: DN 19 **(0.1 hour)** <br><br> Examine and analyze DN 19 **(0.5 hour)** | **0.6** | $135.00 |
| 12/27/19 | Examine email from Court re: DN 20 **(0.1 hour)** <br><br> Examine and analyze DN 20 **(0.5 hour)** | **0.6** | $135.00 |
| | **TOTAL** | **1.5** | **$337.50** |

## 19-00186 – Hospira Puerto Rico, LLC

| DATE | DETAILS | HOURS | VALUE |
|---|---|---|---|
| 12/9/19 | Examine email from Court re: DN 11 **(0.1 hour)** <br><br> Examine and analyze DN 11 **(0.1 hour)** | **0.2** | $45.00 |
| | **TOTAL** | **0.2** | **$45.00** |

## 19-00354 – Gila, LLC

| DATE | DETAILS | HOURS | VALUE |
|---|---|---|---|
| 12/9/19 | Examine email from Court re: DN 9 **(0.1 hour)** <br><br> Examine and analyze DN 9 **(0.1 hour)** | **0.2** | $45.00 |

Ileana C. Cardona Fernández, Esq.
787-484-8202
icardona@iccflaw.com

**Invoice No.** 013
**Client** – PRO-001
**Date**: January 10, 2020

|  |  | **TOTAL** | 0.2 | $45.00 |
|---|---|---|---|---|

## 19-00290– Microsoft Corporation

| DATE | DETAILS | HOURS | VALUE |
|---|---|---|---|
| 12/9/19 | Examine email from Court re: DN 11 **(0.1 hour)**<br><br>Examine and analyze DN 11 **(0.1 hour)** | 0.2 | $45.00 |
| 12/10/19 | Examine email exchange between R. Wexler and M. Milano re: status of Microsoft information submissions **(0.1 hour)** | 0.1 | $22.50 |
| 12/11/19 | Email exchange w/ R. Wexler and L. Llach re: status of Microsoft information **(0.3 hour)** | 0.3 | $67.50 |
| 12/14/19 | Email exchange w/ opposing counsel and R. Wexler and L. Llach re: status of Microsoft information **(0.3 hour)** | 0.3 | $67.50 |
| 12/16/19 | Examine email from opposing counsel re: communication w/ client **(0.1 hour)** | 0.1 | $22.50 |
| 12/17/19 | Examine email from opposing counsel re: proposed course of action for information exchange **(0.2 hour)**<br><br>Examine attachments to email from opposing counsel re: proposed course of information exchange **(0.3 hour)** | 0.5 | $112.50 |
| 12/29/19 | Examine email from R. Sierra to M. Milano re: document exchanges and attachment to email **(0.3 hour)** | 0.3 | $67.50 |
| 12/30/19 | Examine email from M. Milano re: status of information exchange **(0.1 hour)** | 0.1 | $22.50 |
|  | **TOTAL** | **1.9** | **$427.50** |

## 19-00267 – Wal-Mart PR

| DATE | DETAILS | HOURS | VALUE |
|---|---|---|---|
| 12/3/19 | Examine email from G. Brau **(0.1 hour)**<br><br>Examine letter attachment from G. Brau | 0.4 | $90.00 |

Ileana C. Cardona Fernández, Esq.                    **Invoice No.** 013
787-484-8202                                          **Client** – PRO-001
icardona@iccflaw.com                                  **Date**: January 10, 2020

|  |  |  |  |
|---|---|---|---|
|  | to J. Arrastia **(0.1 hour)**<br><br>Draft email to G. Brau in response to 12/3/19 email **(0.1 hour)**<br><br>Draft email to R. Sierra and S. Beville **(0.1 hour)** |  |  |
| 12/5/19 | Examine email from A. Castaldi **(0.1 hour)**<br><br>Examine draft motion by A. Castaldi **(0.1 hour)**<br><br>Examine email from R. Sierra **(0.1 hour)** | **0.3** | $67.50 |
| 12/6/19 | Examine email from J. Arrastia **(0.1 hour)**<br><br>Examine email from Court re: DN 23 **(0.1 hour)**<br><br>Examine DN 23 Notice of Vol Dism **(0.1 hour)** | **0.3** | $67.50 |
| 12/9/19 | Examine email from Court re: DN 24 **(0.1 hour)**<br><br>Examine and analyze DN 24 **(0.1 hour)** | **0.2** | $45.00 |
|  | **TOTAL** | **1.2** | $270.00 |

## FIRST MEDICAL HEALTH PLAN, INC.

| DATE | DETAILS | HOURS | VALUE |
|---|---|---|---|
| 12/2/19 | Examine email exchange between I. Oliver and R. Sierra re: NDA **(0.1 hour)**<br><br>Examine DN 9254 Omnibus Motion to Extend Response Deadlines **(0.2 hour)** | **0.3** | $67.50 |
| 12/10/19 | Examine email from R. Sierra re: updated NDAs **(0.1 hour)**<br><br>Examine updated NDAs as submitted by R. Sierra **(0.6 hour)** | **0.7** | $157.50 |
| 12/11/19 | Examine email from opposing counsel re: updated NDAs **(0.1 hour)** | **0.1** | $22.50 |

Ileana C. Cardona Fernández, Esq.
787-484-8202
icardona@iccflaw.com

**Invoice No.** 013
**Client** – PRO-001
**Date**: January 10, 2020

| | | | |
|---|---|---|---|
| 12/18/19 | Examine email from opposing counsel re: NDA **(0.1 hour)** | **0.1** | $22.50 |
| 12/19/19 | Examine email from R. Sierra re: NDA **(0.1 hour)** | **0.1** | $22.50 |
| 12/20/19 | Examine email from opposing counsel re: NDA **(0.1 hour)**<br><br>Examine executed NDA submitted by opposing counsel **(0.5 hour)**<br><br>Examine amendment to Tolling Agreement submitted by opposing counsel **(0.2 hour)** | **0.8** | $180.00 |
| 12/29/19 | Examine email from R. Sierra re: NDA **(0.1 hour)** | **0.1** | $22.50 |
| | **TOTAL** | **2.2** | $495.00 |

**TOTAL:**          **10.6 hours**          **$2,385.00**

**BALANCE DUE:**          $2,385.00

**Check payable to:**          Ileana C. Cardona Fernández, Esq.
Urb. Estancias de San Gerardo
Calle Orlando #1609
San Juan, PR 00926

63604449 v1

# EXHIBIT C

## EXHIBIT C

**PROFESSIONAL CERTIFICATION**

I hereby certify that no public servant of the Department of Treasury is a party to or has any interest in the gains or benefits derived from the contract that is the basis of this invoice. The only consideration for providing services under the contract is the payment agreed upon with the authorized representatives of The Financial Oversight and Management Board for Puerto Rico, acting through its Special Claims Committee. The amount of this invoice is reasonable. The services were rendered, and the corresponding payment has not been made. To the best of my knowledge, Ileana C. Cardona Fernández does not have any debts owed to the Government of Puerto Rico or its instrumentalities.

*s/ Ileana C. Cardona Fernandez*
**Ileana C. Cardona Fernández**
**USDC-PR Bar No. 302610**

# EXHIBIT D

## PRINCIPAL CERTIFICATION

I hereby authorize the submission of this Eighth Monthly Fee Statement for Ileana C. Cardona
Fernández, Esq. covering the period from December 1, 2019 through December 31, 2019.

_____
Jaime A. El Koury
General Counsel to the Financial Oversight
and Management Board for Puerto Rico

## EXHIBIT F

**NINTH MONTHLY STATEMENT
FOR ILEANA C. CARDONA FERNÁNDEZ, ESQ. – JANUARY 2020**

63703324 v1

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| *In re:* <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>      as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, *et al.* <br><br>      Debtors. | PROMESA Title III <br> Case No. 17-BK-3283 (LTS) <br><br> (Jointly Administered) |

**NINTH MONTHLY FEE STATEMENT OF
ILEANA C. CARDONA FERNANDEZ, ESQ. LOCAL CONFLICTS COUNSEL FOR
THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,
ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE
FOR SERVICES AND DISBURSEMENTS FOR THE PERIOD OF
<u>JANUARY 1, 2020 – JANUARY 31, 2020</u>**

The Commonwealth of Puerto Rico, *et al.*                  February 10, 2020

FOR PROFESSIONAL SERVICES AND DISBURSEMENTS

**Client Ref. No.** PRO-001

**Invoice No.** 015

Re:   The Financial Oversight and Management Board for Puerto Rico,
      as representative of The Commonwealth of Puerto Rico, *et al.*
      Debtors under Title III
      January 1, 2020 – January 31, 2020

Professional services rendered and expenses incurred by Ileana C. Cardona Fernández, Esq.
Local Conflicts Counsel for The Financial Oversight and Management Board for Puerto Rico,
acting through its Special Claims Committee

**Total Amount of Compensation**                      **$1,395.00**
**for Professional Services**

| | |
|---|---|
| Less Holdback as per Court Order dated June 6, 2018 (DN 3269) (10%) | $139.50 |
| Interim Compensation for Professional Services (90%) | $1,255.50 |
| Plus Reimbursement for Actual and Necessary Expenses | $0.00 |
| Total Requested Payment Less Holdback | $1,255.50 |

## FEE STATEMENT INDEX

**Exhibit A**          **Time and Compensation Breakdown**
**Exhibit B**          **Time Entries – Invoice**
**Exhibit C**          **Professional Certification**
**Exhibit D**          **Principal Certification**

# EXHIBIT A

**<u>EXHIBIT A</u>**

**SERVICES RENDERED BY
ILEANA C. CARDONA FERNÁNDEZ, ESQ.**

**<u>JANUARY 1, 2020 THRU JANUARY 31, 2020</u>**

**TIME AND COMPENSATION BREAKDOWN**

| Counsel | Year Admitted to Bar; Specialty | Rate | Hours | Amount |
|---|---|---|---|---|
| Ileana C. Cardona Fernández | Admitted to Puerto Rico Bar in 2015; Litigation | $225.00 | 6.2 | $1,395.00 |
| **TOTAL** | | | **6.2** | **$1,395.00** |

# EXHIBIT B

Ileana C. Cardona Fernández, Esq.
787-484-8202
icardona@iccflaw.com

**Invoice No.** 015
**Client** – PRO-001
**Date**: February 10, 2020

**BILL TO:**

Puerto Rico Financial Oversight and Management Board,
acting through its Special Claims Committee
C/O Jaime A. El Koury, Esq.
1112 Park Avenue, Apt. 12A
New York, 10128

Re:

General Matters
Microsoft Corporation Avoidance Action – Case No. 19-00290
Hospira Puerto Rico, LLC Avoidance Action – Case No. 19-00186
Wells Fargo Securities, LLC Avoidance Action – Case No. 19-00360
Microsoft Caribbean, Inc. – Tolling Agreement

<u>**INVOICE**</u>

For professional services rendered and expenses incurred in connection with the above captioned
matters from: <u>January 1, 2020 through January 31, 2020.</u>

## General

| DATE | DETAILS | HOURS | VALUE |
|------|---------|-------|-------|
| 1/7/20 | Prepare December Monthly Statement **(0.5 hours)**<br><br>Submit December Monthly Statement **(0.1 hour)**<br><br>Email w/ H. Cohen re: Monthly Statements **(0.1 hour)** | **0.7** | $157.50 |
| 1/8/20 | Update Monthly Statement per R. Sierra edits **(0.2 hour)**<br><br>Submit Monthly Statement **(0.1 hour)**<br><br>Prepare February 2020 Budget **(0.2 hour)**<br><br>Submit February 2020 Budget **(0.1 hour)**<br><br>Examine email from K. Boucher re: Budget **(0.1 hour)** | **1** | $225.00 |

Ileana C. Cardona Fernández, Esq.       **Invoice No.** 015
787-484-8202       **Client** – PRO-001
icardona@iccflaw.com       **Date**: February 10, 2020

| | | | |
|---|---|---|---|
| | Examine email from H. Cohen re: Monthly Statement recommendations from J. El Koury. **(0.1 hour)**<br><br>Adjust Monthly Statement per recommendations from J. El Koury **(0.1 hour)**<br><br>Submit updated Monthly Statement to H. Cohen for approval **(0.1 hour)** | | |
| 1/10/20 | Examine email from H. Cohen re: Monthly Statement **(0.1 hour)**<br><br>Adjusted Monthly Statement per recommendation of H. Cohen **(0.1 hour)**<br><br>Submit finalized Monthly Statement **(0.1 hour)**<br><br>Examine email from H. Cohen re: receipt **(0.1 hour)** | **0.4** | $90.00 |
| 1/11/20 | Examine email from H. Cohen re: submission of Monthly Statement to Fee Examiner **(0.1 hour)** | **0.1** | $22.50 |
| 1/13/20 | Email to S. Beville, R. Sierra, T. Axelrod and M. Orenstein re: status **(0.1 hour)**<br><br>Examine email from T. Axelrod re: status **(0.1 hour)**<br><br>Email to T. Axelrod re: status **(0.1 hour)** | **0.3** | $67.50 |
| 1/14/20 | Examine email from L. Viola re: Second Interim Fee Application **(0.1 hour)**<br><br>Email to L. Viola in response to email re: Second Interim Fee Application **(0.1 hour)**<br><br>Examine email from R. Sierra re: Informal Resolution. **(0.1 hour)**<br><br>Examine updated Master Matrix **(0.3 hour)**<br><br>Examine Sixth Batch Dismissal Recommendations Memo **(0.2 hour)** | **1.4** | $315.00 |

Ileana C. Cardona Fernández, Esq.
787-484-8202
icardona@iccflaw.com

**Invoice No.** 015
**Client** – PRO-001
**Date**: February 10, 2020

| | | | |
|---|---|---|---|
| | Email to R. Sierra re: Informal Resolution **(0.1 hour)** Email to J. Nieves re: Notification to IBC / National College of resolution. **(0.1 hour)** Examine email from J. Nieves re: Notification **(0.1 hour)** Email to J. Nieves confirming course of action for notification. **(0.1 hour)** Perform assessment of status of active cases **(0.2 hour)** | | |
| 1/16/20 | Examine email from R. Wexler re: schedule for PR meetings. **(0.1 hour)** Email to R. Wexler re: schedule. **(0.1 hour)** | **0.2** | $45.00 |
| 1/21/20 | Draft Title III Declaration for Objection Statement – CW **(0.2 hour)** Submit Title III Declarations for Objection Statement **(0.1 hour)** | **0.3** | $67.50 |
| 1/22/20 | Examine email from H. Cohen re: Title III Objection Statement **(0.1 hour)** Examine email from H. Cohen to Fee Examiner re: Objection Statement **(0.1 hour)** | **0.2** | $45.00 |

## 19-00360 – Wells Fargo Securities

| DATE | DETAILS | HOURS | VALUE |
|---|---|---|---|
| 1/15/20 | Examine email from Court re: DN 21 **(0.1 hour)** | **0.1** | |

## 19-00290– Microsoft Corporation

| DATE | DETAILS | HOURS | VALUE |
|---|---|---|---|
| 1/7/20 | Examined email from M. Milano re: Tolling Agreement and attachment **(0.2 hour)** | **0.2** | $45.00 |

Ileana C. Cardona Fernández, Esq.
787-484-8202
icardona@iccflaw.com

**Invoice No.** 015
**Client** – PRO-001
**Date**: February 10, 2020

| 1/8/20 | Examined email from R. Sierra re: Tolling Agreement and attachment **(0.2 hour)** | **0.2** | $45.00 |
|--------|----------------------------------------------------------------------------------|---------|--------|
| 1/16/20 | Examine email from R. Wexler to M. Milano re: summary of discussion **(0.2 hour)**<br><br>Examine email from M. Milano in response to previous email. **(0.1 hour)** | **0.3** | $67.50 |
| 1/22/20 | Examine email from R. Wexler to M. Milano re: Information Exchange **(0.2 hour)**<br><br>Examine attachment to email from R. Wexler to M. Milano re: Information Exchange **(0.2 hour)** | **0.4** | $90.00 |
| 1/23/20 | Examine email from M. Milano re: call. **(0.1 hour)** | **0.1** | $22.50 |

## INSTITUTO DE BANCA / NATIONAL COLLEGE

| DATE | DETAILS | HOURS | VALUE |
|------|---------|-------|-------|
| 1/14/20 | Draft email to J. Medina from EduK Group re: Notification of Resolution / no further action **(0.2 hour)**<br><br>Examine email from J. Medina **(0.1 hour)** | 0.3 | $67.50 |

**TOTAL:**          **6.2 hours**

**BALANCE DUE:**    $1,395.00

**Check payable to:**        Ileana C. Cardona Fernández, Esq.
                            Urb. Estancias de San Gerardo
                            Calle Orlando #1609
                            San Juan, PR 00926

# EXHIBIT C

## EXHIBIT C

**PROFESSIONAL CERTIFICATION**

      I hereby certify that no public servant of the Department of Treasury is a party to or has any interest in the gains or benefits derived from the contract that is the basis of this invoice. The only consideration for providing services under the contract is the payment agreed upon with the authorized representatives of The Financial Oversight and Management Board for Puerto Rico, acting through its Special Claims Committee. The amount of this invoice is reasonable. The services were rendered, and the corresponding payment has not been made. To the best of my knowledge, Ileana C. Cardona Fernández does not have any debts owed to the Government of Puerto Rico or its instrumentalities.

*s/ Ileana C. Cardona Fernandez*
**Ileana C. Cardona Fernández**
**USDC-PR Bar No. 302610**

# EXHIBIT D

## PRINCIPAL CERTIFICATION

I hereby authorize the submission of this Ninth Monthly Fee Statement for Ileana C. Cardona Fernández, Esq. covering the period from January 1, 2020 through January 31, 2020.

_____
Jaime A. El Koury
General Counsel to the Financial Oversight
and Management Board for Puerto Rico