Ex. (1)

COMMONWEALTH OF PUERTO RICO
DEPARTMENT OF EDUCATION
HATO REY, PUERTO RICO

271-2-ICR-cerc

OFFICE OF THE
SECRETARY OF EDUCATION

June 14, 1983

271.2-83-824

TO WHOM IT MAY CONCERN

I hereby certify that MARTHA PEREZ-SANTIAGO worked for the Department of Education of the Commonwealth of Puerto Rico for a period of 15 years, 8 months, 1 week and 3 1/2 days.

Her teaching experience was as follows:

Elementary English Teacher--from August 11, 1966 to September 2, 1966 AM.

Social Work------from November 28, 1966 to June 30, 1967.
from August 15, 1967 to June 28, 1968.
from August 5, 1968 to June 27, 1969.
from August 4, 1969 to June 26, 1970.
from August 3, 1970 to June 28, 1971.
from September 24, 1971 to June 30, 1972.
from August 7, 1972 to June 29, 1973.
from August 15, 1973 to June 28, 1974.
from August 14, 1974 to January 13, 1975.
from January 28, 1975 to June 27, 1975.
from August 6, 1975 to May 28, 1976.
from August 10, 1976 to May 27, 1977.
from August 8, 1977 to May 26, 1978.
from August 7, 1978 to May 25, 1979.
from August 6, 1979 to May 30, 1980.
from August 4, 1980 to May 29, 1981.
from October 1, 1981 to May 28, 1982.

Social Work------from August 3, 1981 to August 15, 1981
(Special Education)

Special Education Teacher--from August 18, 1981 to September 30, 1981.

Isabel Candelaria, Director
Educational Personnel Division

The Department of Education of Puerto Rico does not discriminate in its activities or educational services nor in its employment practices on the basis of race, color, sex, birth circumstances, national origin, social or marital status, political or religious ideas, age or handicap

3v

Exsibit 2

## GOBIERNO DE PUERTO RICO
### Sistema de Retiro para Maestros

# CERTIFICACIÓN

Certifico la siguiente información referente a la pensión de la **Prof. Martha Pérez Santiago**, con número de seguro social que termina en **2291**.

| | |
|---|---:|
| Fecha de Efectividad de la Pensión | 29 de julio de 2006 |
| Tiempo Cotizado para la Pensión | 37 años, 7 mes, 2 sem, 1/2 día |
| Pensión Mensual Inicial | $1,833.96 |
| Pensión Mensual Actual | $1,833.96 |

Esta certificación se expide hoy, **20 de febrero de 2020** en **San Juan, Puerto Rico**.

**Cynthia Sanjurjo Santos**
**Supervisora**
**Centro de Contacto**

sba



235 Avenida Arterial Hostos · Edificio Capital Center · Torre Norte, Hato Rey · Puerto Rico
00918 P.O. Box 191879 · San Juan PR 00919-1879

787.777.1414   787.764.6910   www.srm.pr.gov

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Lydia M. Matías Lebrón, et als. <br><br> Recurridos <br><br> vs. <br><br> Departamento de Educación, et als <br><br> Peticionario | Certiorari <br><br> 2007 TSPR 227 <br><br> 172 DPR \_\_\_\_ |

Número del Caso: CC-2006-746

Fecha: 19 de diciembre de 2007

Tribunal de Apelaciones:

    Región Judicial de San Juan-Panel III

Juez Ponente:

    Hon. Pierre E. Vivoni del Valle

Oficina del Procurador General:

    Lcda. Sarah Y. Rosado Morales
    Procuradora General Auxiliar

Abogados de la Parte Recurrida:

    Lcdo. Rafael A. Nadal Arcelay
    Lcdo. Manuel De Jesús Sánchez Agostini

Materia: Inconstitucionalidad de Ley; Sentencia Declaratoria; Pleito de Clase

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Lydia M. Matías Lebrón,
et als

    Recurridos

        vs.               CC-2006-746     *CERTIORARI*

Departamento de Educación,
et als

    Peticionario

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 19 de diciembre de 2007

El 4 de octubre de 2000, Lydia M. Matías Lebrón, entre otros maestros orientadores, y la Asociación de Maestros de Puerto Rico, presentaron ante el Tribunal de Primera Instancia, Sala de San Juan, una demanda en solicitud de sentencia declaratoria y daños y perjuicios, contra el Departamento de Educación, su entonces Secretario Víctor Fajardo y el Estado Libre Asociado de Puerto Rico. Alegaron, en síntesis, que los demandados habían violado sus derechos constitucionales a la igual protección de las leyes y a igual paga por igual trabajo, "ya que arbitraria, caprichosa e irrazonablemente, han discriminado y excluido a los demandantes de los beneficios concedidos a la

CC-2006-746                                                                 2

Profesión Magisterial por la Ley de Carrera Magisterial". En vista a ello, solicitaron se declarase inconstitucional el Artículo 1.03 de la Ley de Carrera Magisterial, se ordenara al Departamento de Educación a honrarle a los maestros orientadores los salarios concedidos por la Ley de Carrera Magisterial desde el 1999 y concederle una compensación de $25,000 por concepto de daños y perjuicios a cada maestro orientador excluido de los beneficios de la susodicha Ley. Solicitaron, además, la certificación del pleito como uno de clase.

El 1 de junio de 2001, Olga Santiago Casiano, otros trabajadores sociales escolares, y la Asociación de Maestros de Puerto Rico presentaron demanda de índole similar contra el Departamento de Educación, su Secretario y el Estado Libre Asociado de Puerto Rico, esbozando las mismas alegaciones y solicitando remedios idénticos a los expuestos en la demanda presentada por Lydia M. Matías Lebrón y demás maestros orientadores.

En vista de la similitud entre sus alegaciones respectivas, los casos antes reseñados fueron consolidados.

Posteriormente, el 28 de agosto de 2002, la Asamblea Legislativa de Puerto Rico, mediante la Ley Núm. 208, enmendó la Ley de la Carrera Magisterial a los efectos de extender sus beneficios a los maestros orientadores y trabajadores sociales escolares. No obstante, los recurridos se <u>reiteraron</u> en sus reclamaciones, y presentaron una demanda enmendada solicitando el <u>pago</u>

CC-2006-746                                                    3

<u>retroactivo</u> de los beneficios de la Ley de la Carrera Magisterial desde su aprobación en el 1999 y los <u>daños</u> que alegadamente le fueron ocasionados por haber sido excluidos de la aplicación de la ley original.

Tras varios trámites procesales, el 23 de febrero de 2005, <u>los recurridos solicitaron se certificara como clase</u> a los "empleados del Departamento de Educación del Estado Libre Asociado de Puerto Rico que han ocupado la plaza de Maestro Orientador y Maestro Trabajador Social del Sistema de Educación y que ejercían dichas funciones durante los años 1999 hasta 2003, y que fueron excluidos de la Ley 159 de 18 de julio de 1999, conocida como la 'Ley de Carrera Magisterial'".

El Departamento de Educación se opuso a dicha solicitud bajo el fundamento que los recurridos no acreditaron su cumplimiento con los requisitos establecidos en la Regla 20 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 20.

En resolución notificada el 8 de agosto de 2005, el Tribunal de Primera Instancia <u>certificó el pleito como uno de clase</u>. Luego de enumerar los requisitos establecidos en la Regla 20.1 de Procedimiento Civil, para la certificación de un pleito de clase, determinó que los recurridos satisfacían los mismos. También concluyó que se cumplieron los requisitos de la Regla 20.2(c) de Procedimiento Civil.

El Departamento de Educación solicitó reconsideración; sostuvo que los recurridos no habían descargado el peso de