UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO,<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

ORDER DENYING MOTION OF ASSURED GUARANTY CORP. AND ASSURED GUARANTY
MUNICIPAL CORP. FOR (I) RELIEF FROM THE STAY IMPOSED BY THE FINAL ORDER
REGARDING (A) STAY PERIOD, (B) MANDATORY MEDIATION, AND (C) CERTAIN DEADLINES
RELATED THERETO (ECF NO. 12189), OR, IN THE ALTERNATIVE, (II) RECONSIDERATION,
PURSUANT TO FED. R. CIV. P. 59, OF THE FINAL ORDER REGARDING (A) STAY PERIOD, (B)
MANDATORY MEDIATION, AND (C) CERTAIN DEADLINES RELATED THERETO
(ECF NO. 12189) AND URGENT MOTION FOR SCHEDULING OF BRIEFING OF SAME

The Court has received and reviewed the *Motion of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. for (I) Relief from the Stay Imposed by the Final Order Regarding (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto (ECF No. 12189), or, in the Alternative, (II) Reconsideration, Pursuant to Fed. R. Civ.*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*P. 59, of the Final Order Regarding (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto (ECF No. 12189)* (Docket Entry No. 12386, the "Motion") filed by Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (together, "Assured"), as well as a related motion seeking to establish a briefing and hearing schedule with respect to the Motion (Docket Entry No. 12388, the "Scheduling Motion"). For the reasons provided herein, the Court denies the Motion and the Scheduling Motion.

The Motion seeks relief from or, in the alternative, reconsideration of, the Court's *Final Order Regarding (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto* (Docket Entry No. 12189, the "Stay Order"). In relevant part, the Stay Order imposes a stay of certain contested matters and adversary proceedings (the "GO/PBA Bond Litigation") addressed in or filed in response to the Court's *Interim Case Management Order* (Docket Entry No. 9619). (Stay Order ¶ 1.) In relevant part, the GO/PBA Bond Litigation challenges claims asserted against the Commonwealth of Puerto Rico on account of certain bonds issued by the Commonwealth (the "GO Bonds").

In connection with entry of the Stay Order, the Court determined, in the exercise of its reasoned discretion, that litigation of those matters would be an inefficient and unnecessary use of resources in light of the proposed resolution of those issues via the proposed *Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Docket Entry No. 11946, the "Plan"). (See Tr. of Hr'g, Mar. 4, 2020, at 214:23-217:19, Docket Entry No. 12181.) Moreover, judicial resolution of those issues prior to confirmation of the Plan would likely undercut and disrupt the proposed settlement of those issues proposed by the Plan. (Id.)

The Motion argues that the Court erred in imposing the Stay Order because "the Stay Order has the effect of precluding Assured's right to litigate objections to the allowance of claims, which statutorily cannot be decided as part of the plan confirmation process." (Mot. ¶ 2.) More generally, Assured contends that the Court has erroneously conflated the question of the treatment of claims in the plan confirmation process with the question of the allowance and liquidation of claims in the claims allowance process. (See, e.g., Mot. ¶ 23.) The arguments raised in the Motion were previously raised by Assured in its opposition to entry of the Stay Order, and were discussed on the record at the omnibus hearing on March 4, 2020. (See, e.g., Tr. of Hr'g, Mar. 4, 2020, at 126:2-11; 126:25-127:6; 188:20-189:16)

The Motion fails to demonstrate a manifest error of law or fact or manifest injustice such that reconsideration of the Stay Order is appropriate under Rule 59(e) of the Federal Rules of Civil Procedure.[2] Furthermore, the Motion does not demonstrate good cause for relief from the Stay Order.[3]

---

[2] The Motion does not contend that there has been newly discovered or previously unavailable evidence or an intervening change in controlling law that merits reconsideration pursuant to Rule 59(e).

[3] The Stay Order provides that "[p]arties may seek relief from any stay imposed by this Order upon a showing of good cause," but reserves the Court's "right to deny any such application summarily." (Stay Order ¶ 5.)

As noted by the Court at the omnibus hearing on March 4, 2020, the Plan and the proposed *Disclosure Statement for Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Docket Entry No. 11947, the "Disclosure Statement") appear to contemplate allowance of GO Bond claims notwithstanding the issues raised in the GO/PBA Bond Litigation. Indeed, as noted by Assured (Mot. ¶ 15), the proposed Plan appears to provide that GO Bond claims will be "deemed allowed" for "purposes of confirmation and consummation of the Plan and distributions to be made [under the Plan]." (Plan art. 2.2.)

Thus, the Plan does not appear to propose imposition of a reduction of the amount of Assured's claim. Rather, the Plan seeks to adjust the Commonwealth's obligations by proposing treatments for each holder of specific allowed GO Bond claims "in full consideration, satisfaction, release, and exchange of such holder's" allowed claim. According to the Plan, those proposed treatments (as well as other terms and conditions of the Plan) are part of the "global compromise and integrated settlement of, among other issues, asserted and unasserted disputes concerning the rights of holders of GO Bond Claims . . . including the disputes . . . set forth in the Debt Related Objections challenging, among other things, the validity, priority, secured status and related rights of the [GO Bonds]." (Plan art. 2.1; see also Disclosure Statement at 19 ("In exchange for the consideration to be provided in the Plan, the following disputes in connection with the GO Bonds, PBA Bonds, and PRIFA BANs will be compromised and settled pursuant to the confirmation of the Plan, which includes disputes regarding the validity, priority, and asserted secured status of the GO Bonds . . . .").)

To the extent that Assured believes that the proposed Plan and Disclosure Statement fail to meet applicable requirements because they are insufficiently clear or fail to sufficiently "settle" the GO/PBA Bond Litigation, Assured may raise such objections in the appropriate manner. (See Stay Order ¶ 4 (recognizing parties' rights to proffer "timely objections to the Amended Plan or Amended Disclosure Statement").) Those concerns do not, however, compel the Court to reconsider the rationale underlying its Stay Order.

This Order resolves Docket Entry Nos. 12386 and 12388 in Case No. 17-3283.

SO ORDERED.

Dated: March 17, 2020

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge