**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**RESPONSE OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS TO THE AMENDED CROSS-MOTION AND STATEMENT OF SUPPORT ON BEHALF OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AMBAC ASSURANCE CORPORATION, AND FINANCIAL GUARANTY INSURANCE COMPANY WITH RESPECT TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO AMEND TENTH AMENDED CASE MANAGEMENT PROCEDURES AND ADMINISTRATIVE PROCEDURES REGARDING DISCLOSURE REQUIREMENTS PURSUANT TO <u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III Case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

The Ad Hoc Group of General Obligation Bondholders (the "GO Group")[2] hereby submits this response ("Response") to the *Amended Cross-Motion and Statement in Support on behalf of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, and Financial Guaranty Insurance Company with respect to Motion of Official Committee of Unsecured Creditors to Amend Tenth Amended Notice, Case Management and Administrative Procedures Regarding Disclosure Requirements Pursuant to Federal Rule of Bankruptcy Procedure 2019* (Dkt. No. 12296) (the "Cross-Motion"),[3] and respectfully states as follows:

1. The Cross-Motion asks the Court to impose, under the authority of Bankruptcy Rule 2019, an even more elaborate disclosure regime than what was initially requested by the Official Committee of Unsecured Creditors (the "UCC"). As explained in our joint response to the UCC's request, which we hereby incorporate by reference, there is no basis in Rule 2019 for these expanded disclosure obligations. See *Joint Response of PSA Creditors to Motion of Official Committee of Unsecured Creditors to Amend Tenth Amended Notice, Case Management and Administrative Procedures Regarding Disclosure Requirements Pursuant to Federal Rule of Bankruptcy Procedure 2019* (Dkt. No. 12217) (the "Joint Response"). The arguments and authorities set forth in the Joint Response suffice to answer the Cross-Motion's request for even more expansive relief. We submit this additional Response only to underscore two points.

2. *First*, because there is no basis in Rule 2019 for the expanded disclosure regime that the Cross-Motion proposes, if the Court were inclined to require such expanded disclosures in the interest of additional transparency, that step could be justified only under the Court's general

---

[2] Members of the GO Group file this response exclusively on their own behalves and do not assume any fiduciary or other duties to any other creditor or person.

[3] We refer herein to the parties that filed the Cross-Motion—Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, and Financial Guaranty Insurance Company—as "Cross-Movants."

1

case-management authority. To state the obvious, the GO Group has no objection to additional transparency in these Title III cases. But if the Court is inclined to impose additional disclosure requirements under its general case-management authority, those requirements should extend to *all* parties in interest that file pleadings or otherwise take a position in these Title III cases. Because such prophylactic disclosure requirements would not be grounded in Rule 2019, there is no legal reason to limit them to the groups, committees, and other parties that are governed by Rule 2019.

3. Nor is there any prudential reason to limit expanded disclosure obligations to those parties in interest that are subject to Rule 2019. To the contrary, if such prophylactic obligations are to be imposed because they "would provide stakeholders with better insight into the motives of . . . creditor groups," Cross-Motion ¶ 50, that justification applies with equal force to other parties in interest that are not subject to Rule 2019's disclosure requirements. There is no sound basis for requiring additional disclosures from only a subset of the parties in interest that take positions in these cases.

4. Indeed, if "sunlight is . . . the most powerful of all disinfectants," Cross-Motion ¶ 6 (citation omitted), and one credits Cross-Movants' (incorrect) premise that these cases are in need of disinfecting, then it is important to recognize that all sorts of filings and submissions may conceal hidden agendas. Requiring all parties in interest who take positions before the Court to reveal their economic interests could shed substantial light on their motives for supporting or opposing one or more elements of the plan of adjustment that has been proposed for the Commonwealth and has received widespread bondholder support. Such insights could be especially illuminating with respect to parties' submissions purporting to be merely procedural in nature. Viewed against the backdrop of the parties' underlying economic motivations, such positions sometimes have little to do with procedure and everything to do with substance.

5. *Second*, the reckless insinuations, contained in the *original* version of the Cross-Motion, regarding the potential misuse of material non-public information by some parties to the mediation process are improper and betray Cross-Movants' desire to weaponize the securities laws. We surmise that those insinuations were not directed at the members of the GO Group. Even so, we are loath to see these proceedings turned into a circus after all the hard work that the GO Group and other creditors invested over many months to forge the consensual plan now before the Court. While Cross-Movants swiftly amended their filing to delete those insinuations, we urge the Court to discourage any such tactics in the future.

6. Lest there by any doubt, the members of the GO Group have scrupulously complied with applicable securities laws, including by not trading for the extended duration of all restricted mediation periods. Any aspersions to the contrary are categorically false, malicious, frivolous, and utterly unsubstantiated. The GO Group expressly reserves all rights and remedies against anyone making such aspersions, in this context or any other.

*　　*　　*

The Cross-Motion should be denied.

| | |
|---|---|
| Dated: March 20, 2020 | Respectfully submitted, |
| /s/ Ramón Rivera Morales | /s/ Mark T. Stancil |
| J. Ramón Rivera Morales | Mark T. Stancil (admitted *pro hac vice*) |
| USDC-PR Bar No. 200701 | WILLKIE FARR & GALLAGHER LLP |
| Andrés F. Picó Ramírez | 1875 K Street, N.W. |
| USDC-PR Bar No. 302114 | Washington, DC 20006 |
| JIMÉNEZ, GRAFFAM & LAUSELL | Telephone: (202) 303-1133 |
| P.O. Box 366104 | Facsimile: (202) 303-2133 |
| San Juan, PR 00936 | Email: mstancil@willkie.com |
| Telephone: (787) 767-1030 | |
| Facsimile: (787) 751-4068 | |
| Email: rrivera@jgl.com | |
| | |
| /s/ Andrew N. Rosenberg | /s/ Lawrence S. Robbins |
| Andrew N. Rosenberg (admitted *pro hac vice*) | Lawrence S. Robbins (admitted *pro hac vice*) |
| Karen R. Zeituni (admitted *pro hac vice*) | Gary A. Orseck (admitted *pro hac vice*) |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | Donald Burke (admitted *pro hac vice*) |
| 1285 Avenue of the Americas | ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP |
| New York, NY 10019 | 2000 K Street, N.W., 4th Floor |
| Telephone: (212) 373-3000 | Washington, DC 20006 |
| Email: arosenberg@paulweiss.com | Telephone: (202) 775-4500 |
| | Facsimile: (202) 775-4510 |
| | Email: lrobbins@robbinsrussell.com |

*Counsel to the Ad Hoc Group of General Obligation Bondholders*

4