## **ANEXO M**

PLAN FISCAL CERTIFICADO DE COFINA

# GOBIERNO DE PUERTO RICO

## Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico

## Portada de divulgación de información sobre el mercado secundario municipal
## Comité de Reglamentación de Títulos y Valores Municipales (MSRB)
## Sistema de Acceso Electrónico al Mercado Municipal (EMMA)

### Divulgación adicional/voluntaria
### Datos financieros/operativos

**LA PRESENTE RADICACIÓN GUARDA RELACIÓN CON ALGUNOS O TODOS LOS TÍTULOS Y VALORES EMITIDOS POR EL EMISOR, O CON ALGUNOS O TODOS LOS TÍTULOS Y VALORES DE UN ACREEDOR ESPECÍFICO:**

**Nombre del emisor:** Corporación del Fondo de Interés Apremiante de Puerto Rico (COFINA)

Nombre de otra persona titular de obligaciones (si alguna): _____

Número(s) CUSIP de seis dígitos: Bonos Reestructurados de Impuesto sobre Ventas, Series 2019A-1: 74529JPU3, 74529JPV1, 74529JPW9, 74529JPX7, 74529JQB4, 74529JQC2, 74529JQD0, 74529JQE8, 74529JQF5, 74529JQG3, 74529JQH1; Series 2019A-2: 74529JQY4, 74529JRJ6, 74529JPY5, 74529JRH0, 74529JPZ2, 74529JRK3, 74529JQA6, 74529JRL1; Series 2019B-1: 74529JQJ7, 74529JQK4. 74529JQL2. 74529JQM0, 74529JQR9, 74529JQS7, 74529JQT5, 74529JQU2, 74529JQV0, 74529JQW8, 74529JQX6; Series 2019B-2: 74529JRM9, 74529JRN7, 74529JRP2.

**TIPO DE INFORMACIÓN PROPORCIONADA:**

A.   O   **Información financiera trimestral/mensual**

B.   O   **Cambio de año fiscal/momento de la divulgación anual**

C.   O   **Cambio de norma contable**

D.   O   **Información financiera/datos operativos adicionales o provisionales**

E.   O   **Presupuesto**

F.   O   **Inversión/deuda/política financiera**

G.   O   **Información proporcionada a una agencia de clasificación, a un proveedor crediticio/de liquidez o a otro tercero**

H.   O   **Informes de consultores**

I.   X   **Otros datos financieros/operativos:** Plan Fiscal de COFINA de 2019, certificado por la Junta de Supervisión y Administración Financiera para Puerto Rico. 30 de octubre de 2019.

Declaro que el emisor, el deudor o su agente me han autorizado a publicar la presente información.


/firma/ Mohammad Yassin _____

Mohammad Yassin
Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, como Agente Fiscal de COFINA

Fecha: 22 de noviembre de 2019



# PLAN FISCAL DE COFINA



CERTIFICADO POR LA JUNTA DE SUPERVISIÓN Y
ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO
30 DE OCTUBRE DE 2019



AVISO LEGAL

La Autoridad de Asesoría Financiera y Agencia Fiscal ("AAFAF") de Puerto Rico, la Corporación del Fondo de Interés Apremiante ("COFINA") de Puerto Rico y el Gobierno de Puerto Rico, con sus organismos y agencias (colectivamente, el "Gobierno"), así como cada uno de sus respectivos funcionarios, directivos, empleados, agentes, apoderados, asesores, miembros, socios o afiliados (denominados conjuntamente —la AAFAF, la COFINA y el Gobierno— las "Partes") no asumen ninguna responsabilidad ni otorgan ninguna garantía, tanto explícita como implícita, ante terceros con respecto a la información aquí contenida, y todas las Partes declinan expresamente dichas responsabilidades o garantías. El Gobierno ha tenido que basarse en información preliminar. En consecuencia, la AAFAF, la COFINA y el Gobierno han elaborado supuestos determinados que podrían cambiar sustancialmente.

Las Partes declinan cualquier obligación o responsabilidad —tanto contractual como extracontractual— de cara a cualquier lector o destinatario de este documento por las pérdidas, daños (incluyendo, entre otros, daños indirectos o lucro cesante) o gastos de toda índole que pudiesen sufrir, o presuntamente sufrir, dichos terceros por el uso de este documento o por haber accedido al mismo. Las Partes no se comprometen a actualizar la información contenida en este documento.

El presente documento no constituye una auditoría realizada de conformidad con las normas contables generalmente aceptadas, una evaluación de los controles internos ni otros tipos de servicios de atestado o verificación conformes a las normas establecidas por el American Institute of Certified Public Accountants o cualquier otra organización. En consecuencia, las Partes no expresan ninguna opinión ni ningún otro tipo de ratificación sobre los estados financieros o cualesquiera otros datos, información financiera o controles internos del Gobierno y del contenido de este documento.

Las manifestaciones e hipótesis contenidas en este documento, tanto prospectivas como históricas, no son garantías de resultados futuros e involucran ciertos riesgos, incertidumbres, estimaciones y otros supuestos expuestos en este documento. Las condiciones económicas y financieras de la COFINA y del Gobierno pueden verse afectadas por diversos factores legales, financieros, socioeconómicos, medioambientales, gubernamentales y políticos. Dichos factores pueden ser muy complejos, pueden variar de un año fiscal a otro y, con frecuencia, son el resultado de medidas adoptadas, o no adoptadas, no solo por el Gobierno, sino también por la Junta de Supervisión y Administración Financiera para Puerto Rico y otras entidades externas, como las del gobierno de los Estados Unidos. Entre algunos ejemplos de estos factores pueden mencionarse, entre otros:

  – Cualquier posible medida adoptada, o no adoptada, por el gobierno de los Estados Unidos relacionada con Medicaid o la Ley de Protección al Paciente y Cuidado de Salud Asequible;
  – La cuantía y oportunidad de recepción de distribuciones de la Federal Emergency Management Agency (Agencia Federal para el Manejo de Emergencias) o cualquier otra entidad federal y aseguradoras privadas para reparar los daños provocados por los huracanes María e Irma;
  – La cuantía y oportunidad de la recepción de fondos asignados a Puerto Rico y aportados en el marco del Programa de Préstamo por Desastres en la Comunidad;
  – La cuantía y oportunidad de recepción de cualesquiera fondos adicionales asignados por el gobierno de los Estados Unidos para abordar el déficit de financiamiento aquí descrito;
  – El calendario para la ejecución de las obras realizadas por la Puerto Rico Electric Power Authority ("AEEPR") para reparar el sistema eléctrico y las infraestructuras de la AEEPR, así como las repercusiones de cualquier futura repercusión o problema relacionado con dicho sistema e infraestructuras sobre el crecimiento económico de Puerto Rico;
  – Las repercusiones de las medidas aquí descritas sobre la emigración;
  – La repercusión de la resolución de cualquier pleito pendiente de los casos del Título III;y
  – Que se llegue, o no, a un acuerdo sobre la documentación definitiva necesaria para implementar las transacciones contempladas por el Plan de Ajuste ("PSA", por sus siglas en inglés), y la aprobación de dichas transacciones por el Tribunal del Título III.

Debido a la incertidumbre e impredecibilidad de estos factores, sus repercusiones no pueden incluirse en las hipótesis contenidas en este documento. Los futuros eventos y los resultados efectivos pueden diferir sustancialmente de las estimaciones, proyecciones o declaraciones aquí contenidas. Nada de lo contenido en este documento podrá considerarse como un compromiso explícito o implícito de hacer, adoptar, o abstenerse de hacer o adoptar, cualquier medida por parte de la AAFAF, la COFINA o el Gobierno, ni la admisión de cualquier hecho o futuro evento Además, nada de lo contenido en este documento podrá considerarse como una oferta, recomendación o consejo de participar, reivindicar o apoyar una determinada línea de acción o transacción, ni comprar o vender ningún valor, ni adoptar ninguna decisión de inversión.

Por el hecho de recibir este documento, se considerará que el destinatario ha acusado recibo de, y aceptado, los términos y condiciones de estas limitaciones. Este documento puede contener términos en mayúsculas que no aparecen aquí definidos, así como conceptos tratados en otros documentos o que son habitualmente conocidos.

Case:17-03283-LTS   Doc#:12480-15   Filed:03/20/20   Entered:03/20/20 17:15:06   Desc:
Anexo M   Page 5 of 164

### Lista de abreviaturas y términos principales

| | |
|---|---|
| AAFAF | Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico |
| ABT | Additional Bonds Test (Prueba de bonos adicionales) |
| BNYM | Bank of New York Mellon |
| CAB | Capital AppreciationBonds (Bonos de apreciación de capital) |
| CIB | Current InterestBonds (Bonos de interés corriente) |
| CINE | Corporación para el Desarrollo de las Artes, Ciencias e Industria cinematográfica de Puerto Rico |
| COFINA | Corporación del Fondo de Interés Apremiante de Puerto Rico |
| COR3 | Oficina Central de Recuperación y Reconstrucción |
| ELA | Estado Libre Asociado de PuertoRico |
| ASD | Análisis de Sostenibilidad de la Deuda |
| IAE | Índice de la Actividad Económica de Puerto Rico |
| FAM | Fondo de Administración Municipal |
| FEMA | Federal Emergency ManagementAgency (Agencia Federal para el Manejo de Emergencias) |
| EF | Año fiscal |
| IRS | Internal Revenue Service (agencia tributaria federal de EE.UU.) |
| SMAD | Servicio máximo anual de la deuda |
| PSA | Plan Support Agreement (Plan de Ajuste) |
| PDA | Plan de Ajuste |
| AAA | Autoridad de Acueductos y Alcantarillados de Puerto Rico |
| AEEPR | Autoridad de Energía Eléctrica de Puerto Rico |
| ACT | Autoridad de Carreteras y Transportación de Puerto Rico |
| PROMESA Puerto Rico) | Puerto Rico Oversight, Management and Economic StabilityAct (Ley de Supervisión, Administración y Estabilidad Económica de |
| RF (PSTBA) | Renta Fija (Pledged Sales Tax Base Amount) |
| AAR/RSA | Acuerdo en Apoyo de la Reestructuración/Restructuring Support Agreement |
| IVU | Impuesto sobre Ventas y Uso |

# Índice

*Resumen ejecutivo* .................................................................................................................................................5

*Capítulo 1.Descripción del Impuesto sobre Ventas y Uso* ................................................................. 6

*Capítulo 2. El Plan de Ajuste y los Nuevos bonos de COFINA* ....................................................... 8

   2.1      Presentación y ratificación del Plan de Ajuste.................................................................. 8

   2.2      La Legislación de Nuevos Bonos ........................................................................................ 9

   2.3      Entrada en vigor del Plan de Ajuste y emisión de los bonos de COFINA .......................10

   2.4      Solicitud de canje de bonos y de consentimiento de enmiendas ....................................10

*Capítulo 3.Proyecciones financieras* ..................................................................................................12

   3.1      Ingresos de COFINA ............................................................................................................12

   3.2      Previsiones del Impuesto sobre Ventas y Uso .................................................................. 12

   3.3      Gastos de explotaciónrecurrentesde COFINA ................................................................13

*Capítulo 4.Proyección a largo plazo y análisis de sostenibilidad de la deuda(ASD)*...........................15

*Anexo A: Resumen de los bonos  deCOFINA* ....................................................................................19

*Anexo B: Plan de Ajuste de COFINA* .................................................................................................21

# RESUMEN EJECUTIVO

Las cuestiones relativas a los respectivos intereses del Estado Libre Asociado y de COFINA en la recaudación del Impuesto sobre Ventas y Uso comprometida como garantía para los bonos de COFINA emitidos hasta 2012 han sido el epicentro de los casos del Título III de Puerto Rico desde que comenzaron en mayo de 2017. La resolución consensuada de este problema (la "disputa Estado Libre Asociado-COFINA") fue esencial para la reestructuración de COFINA en virtud del Título III de la Ley PROMESA. El 12 de febrero de 2019 (la "Fecha de Entrada en Vigor"), COFINA y AAFAF anunciaron la entrada en vigor de la *Tercera Enmienda al Plan de Ajuste para el Título III de la Corporación del Fondo de Interés apremiante*, del 9 de enero de 2019, aprobada por el Tribunal de Distrito de EE.UU. correspondiente al Distrito de Puerto Rico, en virtud del Título III de la Ley PROMESA(el "Plan de Ajuste").[1]La consumación del Plan de Ajuste, conjuntamente con la promulgación de la Ley 241 de 2018 (la "Ley 241"), tenía por objeto la reestructuración de los bonos de COFINA[2], la aclaración de los derechos de COFINA sobre los Ingresos de COFINA (tal y como se definen más adelante) y el establecimiento de un directorio financiera y operativamente independiente del Estado Libre Asociado, con una estructura de gobernanza corporativa congruente con dicha independencia. El presente Plan Fiscal constituye una actualización que refleja las obligaciones económicas reorganizadas y las operaciones reestructuradas de COFINA, incluyendo su independencia fiscal y operativa, según se resume a continuación:

.

| | |
|---|---|
| Estructura de gobernanza corporativa independiente | • COFINA está reconocida como una entidad jurídica separada y autónoma del Estado Libre Asociado y otros organismos estatales.<br>• COFINA se administrará de manera autónoma, y sus actividades y asuntos se regirán por, o bajo las instrucciones de, un Directorio independiente. |
| Propiedad de los Ingresos de COFINA | • La titularidad de, y los derechos sobre, los Ingresos de COFINA han sido traspasados irrevocablemente a COFINA.<br>• COFINA es la propietaria única y exclusiva de los Ingresos de COFINA<br>• El traspaso de todos los derechos legales y en equidad, titularidad e intereses ha sido absoluto, y no se trata de una prenda ni de otra operación financiera. |
| Establecimiento de intereses de titularidad a la recaudación | • Las personas designadas como agentes de retención a efectos de imposición y recaudación del Impuesto sobre Ventas se considerarán recaudadoras de cualquier tramo del Impuesto sobre Ventas de propiedad de COFINA en nombre de la Corporación. |
| Gravamen estatutario | • Los Nuevos Bonos de COFINA quedarán automáticamente garantizados por un gravamen estatutario prioritario sobre todos los derechos, títulos e intereses de COFINA en y sobre los Impuestos pignorado (5.5% del Impuesto sobre Ventas y Uso), incluyendo los fondos, ingresos, ganancias, cuentas, derechos contractuales o inmateriales generales derivados de los mismos, a favor del Fideicomisario y en beneficio de los tenedores de bonos. |
| Resolución de la cuestión constitucional sobre los recursos/ingresos disponibles | • Los Ingresos de COFINA no constituyen "recursos disponibles" ni "ingresos disponibles" del Estado Libre Asociado, en el sentido de la Sección 8 del Artículo VI de la Constitución de Puerto Rico ni en el sentido utilizado de otro modo en la Constitución. |

---

[1][Caso núm. 17-3283, Extracto núm. 4652]

[2]Mediante el Plan de Ajuste se han reestructurado las deudas de COFINA bajo términos que corresponden a la realidad fiscal de Puerto Rico. El resumen del Plan de Ajuste de este Plan fiscal se presenta para conveniencia del lector, y está cualificado íntegramente en referencia tanto a las cláusulas del propio Plan de Ajuste como a la Orden de Ratificación y a la Ley 241 (en conjunto, los "Documentos del Plan"). Si existiese alguna discrepancia entre el resumen aquí contenido y los términos y condiciones incorporados a los Documentos del Plan, prevalecerán estos últimos.

# Capítulo 1. DESCRIPCIÓN DEL IMPUESTO SOBRE VENTAS Y USO

El Impuesto sobre Ventas y Uso del Estado Libre Asociado (el "IVU del ELA" o "IVU") fue originalmente establecido en 2006, en virtud de la Ley 117-2006. El IVU sustituyó el anterior impuesto general al consumo del 5.0% (efectivamente, del 6.6%) sobre productos importados, y el impuesto general al consumo del 3.6% que gravaba los productos fabricados en Puerto Rico.

El IVU grava la venta, uso, consumo y almacenamiento de artículos sujetos a impuestos, que incluyen bienes muebles tangibles imponible, servicios imponibles, derechos de admisión y ciertos otros tipos de transacciones que cubren partidas imponibles separables e identificables que se venden por un único precio, con sujeción a determinadas excepciones y limitaciones. No obstante, algunos artículos —como los combustibles, el crudo y subproductos y los vehículos, siguen sujetos al impuesto al consumo previamente aplicable a los mismos, y no están sujetos al IVU del ELA.

El IVU del ELA tiene una tasa original de 5.5%. Además, la Ley 117-2006 autorizaba a cada gobierno municipal a establecer un impuesto sobre ventas y uso del 1.5% (el "IVU municipal"), que, en general, tiene la misma base imponible e idénticas excepciones (salvo alimentos no procesados) y limitaciones que el IVU del Estado Libre Asociado. La Ley 18-2014 disminuyó el tramo del IVU municipal asignado a los municipios hasta el 1.0%, incrementó el IVU del ELA hasta el 6% y asignó el 0.5% del incremento del IVU del ELA al Fondo de Administración Municipal ("FAM"), un fondo creado para financiar la deuda, los proyectos especiales y los gastos presupuestados de los municipios. El IVU municipal no es parte de los ingresos del Gobierno, ni es propiedad de, o está pignorado a, COFINA.

En 2013, la Ley 40-2013 eliminó diversas exenciones del IVU del ELA, con lo que se amplió su base. Por su parte, la Ley 42-2013 agregó otros supuestos según los cuales se considerará que un comerciante se dedica al negocio de venta de artículos sujetos a impuestos en Puerto Rico a través de Internet, y la Ley 46 -2013 exigió la declaración y pago del IVU del ELA sobre bienes importados en el momento de su entrada a Puerto Rico.

El 29 de mayo de 2015, el ELA promulgó la Ley 72-2015 que, entre otras cosas, (i) aumentó la tasa total del IVU del ELA hasta el 10.5%, (ii) eliminó varias exenciones, e (iii) impuso un nuevo IVU especial del ELA del 4% para gravar los servicios prestados entre empresas y determinados servicios profesionales, previamente exentos.

El **Gráfico 1** muestra las recaudaciones del IVU del ELA desde la creación del impuesto. El **Gráfico 2** muestra la distribución del IVU entre FAM, COFINA y el Gobierno.

GRÁFICO 1: RECAUDACIONES HISTÓRICAS DEL IMPUESTO SOBRE VENTAS Y USO[3](10.5%)



[Ingresos históricos del IVO, en millones de $]          [Recaudaciones históricas del IVU]
Historical SUT Revenues, $M

■ Historical SUT Collections

GRÁFICO 2: DISTRIBUCIÓN DEL IMPUESTO SOBRE VENTAS Y USO

[Distribución del Impuesto sobre Ventas y Uso[1]]
Allocation of Sales and Use Tax[1]



■ FAM
■ Government
■ COFINA[2]

Puerto Rico Sales and Use Tax

1 $3.2 million of SUT revenues flow to CINE every year.
2 Up to annual cap of $420 million in 2019, which grows by 4.0% each year to a maximum of $993 million.

Government = Gobierno

**Impuesto sobre Ventas y Uso de Puerto Rico**

1   $3.2 millones de ingresos en concepto de IVU a CINE cada año
2   Hasta un límite anual de $420 millones en 2019, con un crecimiento anual del 4.0% hasta un máximo de $993 millones

Los bonos emitidos por COFINA se explican en detalle en el Capítulo 2.

---

[3]Fuente de recaudaciones históricas del IVU:http://www.hacienda.gobierno.pr/inversionistas/estadisticas-y-recaudos-statistics-
and- revenues/ingresos-del-impuesto-sobre-ventas-y-uso-ivu-sales-and-use-tax-sut-revenues

# Capítulo 2. EL PLAN DE AJUSTE Y LOS NUEVOS BONOS DE COFINA

## 2.1   Radicación y ratificación del Plan de Ajuste

De conformidad con los términos y condiciones del PSA del 19 de octubre de 2018, COFINA radicó el Plan de Ajuste ante el Tribunal del Título III. El 5 de febrero de 2019, en virtud de la Orden de Ratificación, el Plan de Ajuste fue confirmado íntegramente.

De conformidad con la Ley PROMESA, y de acuerdo con el Plan de Ajuste, la Orden de conciliación, las Resoluciones y conclusiones, y la Orden de Ratificación, el Tribunal del Título III determinó de manera concluyente que los nuevos Bonos de COFINA son obligaciones legales, válidas, vinculantes y exigibles de COFINA, que se benefician de las siguientes protecciones, cada una de las cuales es legal, válida, vinculante y exigible a COFINA, al Estado Libre Asociado y a otras personas físicas y jurídicas, según proceda, de conformidad con el derecho puertorriqueño y federal:

(i)     La ratificación del Plan de Ajuste constituye una sentencia judicial, en virtud de la Sección 4 de la Ley PROMESA, y los términos y condiciones de la Orden de Ratificación tendrán precedencia sobre cualesquiera disposiciones generales o específicas de las leyes o reglamentos de Puerto Rico que sean incongruentes con los mismos.

(ii)    El Tribunal del Título III mantendrá su competencia para hacer valer los términos y condiciones de la Orden de Ratificación y del Plan de Ajuste.

(iii)   A la Fecha de Entrada en Vigor, la propiedad de los Ingresos de COFINA[4]fue lícita y válidamente traspasada a COFINA, lo cual constituyó un traspaso absoluto de todos los derechos, títulos e intereses legales y equitativos sobre los Ingresos de COFINA, libres de todo gravamen, reclamación, prendas y otros intereses de cualquier parte.

(iv)    A la Fecha de Entrada en Vigor, los Ingresos de COFINA no son, ni podrán considerarse, "recursos disponibles" ni "rentas disponibles" del Estado Libre Asociado, tal y como dicho término se utiliza en la Constitución de Puerto Rico (tanto en su versión en inglés como en español).

(v)     Los primeros fondos que comprenden los impuestos sobre las ventas comprometidos serán traspasados y depositados en COFINA hasta que esta entidad haya percibido una cantidad equivalente a los Ingresos de COFINA correspondientes a dicho año fiscal.

(vi)    La titularidad única y exclusiva de COFINA sobre los Ingresos de COFINA no se verá afectada en modo alguno por el método de, o el control sobre, la recaudación, cualquier persona que recaude o retenga Ingresos de COFINA lo hará en nombre y representación de COFINA. Salvo COFINA, ninguna persona física o jurídica que recaude o retenga Ingresos de COFINA tendrá derechos, títulos o intereses legales o equitativos sobre los Ingresos de COFINA.

(vii)   De conformidad con la Ley 241, los nuevos Bonos de COFINA han sido emitidos y avalados por un gravamen estatutario prioritario que se mantendrá en pleno vigor y efecto hasta que los Bonos de COFINA hayan sido pagados o íntegramente satisfechos, de conformidad con sus términos y condiciones.

---

[4]Las referencias a los "Ingresos de COFINA" tienen por objeto mantener una terminología congruente con la Ley 241, y tendrán el mismo significado que el término "Tramo de COFINA", tal como lo define el Plan de Ajuste, incluyendo aquellos avales que pudiesen sustituirse para los Ingresos de COFINA, de conformidad con los términos y cláusulas del Plan de Ajuste.

(viii)   El gravamen estatutario prioritario sobre los impuestos sobre las ventas pignorados, tal como lo establecen la Ley 241, así como todas las demás disposiciones previstas para efectuar o garantizar el pago de los nuevos Bonos de COFINA son legales, válidos, vinculantes y exigibles, incluyendo, entre otros, los convenios para no perjudicar dichos bienes, y establecen las condiciones relativas a la sustitución de la Garantía sustituida en calidad de protección adecuada de los derechos de propiedad otorgados por el Plan de Ajuste y la Orden de Ratificación.

(ix)   El acuerdo del Estado Libre Asociado, en nombre propio y de sus organismos, de no adoptar medidas que, entre otras cosas, pudiesen, (a) perjudicar al derecho de COFINA de percibir los Ingresos de COFINA, (b) limitar los derechos adquiridos por COFINA de acuerdo con el Plan de Ajuste para cumplir los términos y condiciones de los nuevos Bonos de COFINA, (c) perjudicar sustancialmente la recaudación de los impuestos sobre las ventas comprometidos en cualquier Año fiscal, (d) menoscabar los derechos y recursos de los tenedores de los nuevos Bonos de COFINA o del gravamen estatutario establecido en virtud de la Ley 241 y la Escritura maestra (como se define a continuación) para servir como protección adecuada de los derechos de propiedad de COFINA sobre los impuestos sobre las ventas pignorados de conformidad con la legislación vigente, y constituyen obligaciones válidas, vinculantes, legales y exigibles de COFINA y del ELA, según proceda, y son parte integral de los acuerdos establecidos en el Plan de Ajuste, la Orden de conciliación y la Orden de Ratificación.

## 2.2   La Legislación de los Nuevos Bonos

El 15 de noviembre de 2018, la Legislatura de Puerto Rico aprobó la Ley 241, conocida como Corporación del Fondo de Interés Apremiante de Puerto Rico, para implementar el Plan de Ajuste y establecer, entre otras, las siguientes medidas de protección:

GRÁFICO 3: Ley 241

| | |
|---|---|
| Estructura de gobernanza corporativa independiente | • COFINA está reconocida como una entidad jurídica separada y autónoma del Estado Libre Asociado y otros organismos estatales.<br>• COFINA se administrará de manera autónoma, y sus actividades y asuntos se regirán por, o bajo las instrucciones de, un Directorio independiente. |
| Propiedad de los Ingresos de COFINA | • La titularidad de, y los derechos sobre, los Ingresos de COFINA han sido traspasados irrevocablemente a COFINA.<br>• COFINA es la propietaria única y exclusiva de los Ingresos de COFINA<br>• El traspaso de todos los derechos legales y en equidad, titularidad e intereses ha sido absoluto, y no se trata de una prenda ni de otra operación financiera. |
| Establecimiento de intereses de titularidad a la recaudación | • Las personas designadas como agentes de retención a efectos de imposición y recaudación del Impuesto sobre Ventas se considerarán recaudadoras de cualquier tramo del Impuesto sobre Ventas de propiedad de COFINA en nombre de la Corporación. |
| Gravamen estatutario | • Los Nuevos Bonos de COFINA quedarán automáticamente garantizados por un gravamen estatutario prioritario sobre todos los derechos, títulos e intereses de COFINA en y sobre los Impuestos pignorado (5.5% del Impuesto sobre Ventas y Uso), incluyendo los fondos, ingresos, ganancias, cuentas, derechos contractuales o inmateriales generales derivados de los mismos, a favor del Fideicomisario y en beneficio de los tenedores de bonos. |
| Resolución de la cuestión constitucional sobre los recursos/ingresos disponibles | • Los Ingresos de COFINA no constituyen "recursos disponibles" ni "ingresos disponibles" del Estado Libre Asociado, en el sentido de la Sección 8 del Artículo VI de la Constitución de Puerto Rico ni en el sentido utilizado de otro modo en la Constitución. |

## 2.3   Entrada en vigor del Plan de Ajuste y emisión de los bonos de COFINA

El 12 de febrero de 2019, COFINA y la Junta de Supervisión notificaron al Tribunal del Título III, a los acreedores y a las partes interesadas que el Plan de Ajuste se había consumado y que COFINA había emitido nuevos bonos garantizados por el impuesto sobre las ventas por un valor de $12,000 millones (los "Bonos de COFINA").

(i)    Aproximadamente $5,400 millones de sus Bonos Reestructurados del Impuesto sobre las Ventas, Serie 2019A-1, en calidad de bonos de interés corriente (los "Bonos de interés corriente Serie 2019A-1"),

(ii)   Aproximadamente $2,900 millones de sus Bonos Reestructurados del Impuesto sobre las Ventas, Serie 2019A-1, en calidad de bonos de apreciación de capital (los "Bonos de apreciación de capital Serie 2019A-1"),

(iii)  Aproximadamente $3,600 millones de sus Bonos Reestructurados del Impuesto sobre las Ventas, Serie 2019A-2, en calidad de bonos de interés corriente (los "Bonos Serie 2019A-2" y, conjuntamente con los Bonos de interés corriente de la Serie 2019A-1 y los Bonos de apreciación de capital Serie 2019A-1, los "Bonos Serie 2019A".

(iv)   Aproximadamente $69.3 millones de sus Bonos Reestructurados del Impuesto sobre las Ventas, Serie 2019B-1, en calidad de bonos de interés corriente (los "Bonos de interés corriente Serie 2019B-1"),

(v)    Aproximadamente $36.7 millones de sus Bonos Reestructurados del Impuesto sobre las Ventas, Serie 2019B-1, en calidad de bonos de apreciación de capital (los "Bonos de apreciación de capital Serie 2019B1"), y

(vi)   Aproximadamente $45.6 millones de sus Bonos Reestructurados del Impuesto sobre las Ventas, Serie 2019B-2, en calidad de bonos de interés corriente (la "Serie 2019B-2", y conjuntamente con los Bonos de interés corriente de la Serie 2019B-1 y los Bonos de apreciación de capital de la Serie 2019B1), los "Bonos Serie 2019B").

Puede consultarse un resumen de los nuevos Bonos de COFINA a la Fecha de Entrada en Vigor en el Anexo A, Gráfico 1.

## 2.4   Solicitud de canje de bonos y consentimiento de enmiendas

Los Bonos Serie 2019A-2 y los Bonos Serie 2019B-2 (en conjunto, los "Bonos suscritos") se emitieron originalmente en la Fecha de Entrada en Vigor sin un dictamen jurídico de que los intereses sobre los mismos estaban excluidos de las rentas brutas, a efectos del impuesto federal sobre las rentas, de conformidad con la Sección 103 del Código de Rentas Internas de Estados Unidos de 1986, con sus correspondientes enmiendas (el "Código").

COFINA y varios tenedores de los Bonos suscritos formalizaron en la Fecha de Entrada en Vigor  el Acuerdo de Implementación de Exención Fiscal, que disponía, en general, que en la medida en que lo permitiesen las directrices favorables recibidas del Internal Revenue Service de EE.UU., COFINA ofrecería a los tenedores de los Bonos suscritos la opción de canjearlos por bonos cuyos intereses se dictaminasen excluidos de las rentas brutas, a efectos del impuesto federal sobre las rentas, de conformidad con la Sección 103 del Código, y que la rentabilidad de dichos bonos se vería reducida en no más de veinticinco (25) puntos básicos (todos los Bonos suscritos así canjeados se denominarán en adelante "Bonos convertidos"). Dicha comparativa de rentabilidades se realizará de la manera especificada en el Reglamento del Tesoro de EE.UU. correspondiente (el "Reglamento del Tesoro") promulgado en virtud del Código.

El 15 de mayo de 2019, COFINA y el IRS formalizaron un acuerdo definitivo (el "Acuerdo definitivo con el IRS"), en virtud del cual el IRS dictaminaba directrices favorables que posibilitaban a COFINA adoptar determinadas medidas que permitirían a un experto tributario dictaminar que, con sujeción

a las cualificaciones habituales, los intereses (aparte de los devengados antes de la emisión) sobre los Bonos convertidos y los Bonos suscritos canjeados por los Bonos convertidos quedaban excluidos de las rentas brutas a efectos tributarios, de conformidad con la Sección 103 del Código.

En relación con el Acuerdo definitivo con el IRS, COFINA invitó a los titulares beneficiarios de los Bonos suscritos —en virtud de una Solicitud de canje de bonos y consentimiento de enmiendas (la "Invitación")— a canjear la totalidad o una parte de los Bonos suscritos por bonos por un importe total de capital equivalente a los bonos de COFINA, que están avalados por un dictamen de que los intereses percibidos en concepto de los mismos están excluidos de las rentas brutas, a efectos del impuesto federal sobre las rentas, de conformidad con la Sección 103 del Código (los "Bonos convertidos"), con una rentabilidad no más de veinticinco (25) puntos básicos menos que la de los Bonos suscritos, realizándose la comparativa de rentabilidades de la manera especificada en el Reglamento del Tesoro aplicable.

En consecuencia, el 10 de junio de 2019, COFINA publicó la Invitación, mediante la cual COFINA ofrecía a los tenedores de los Bonos de la Serie 2019A-2 y la Serie 2019B-2 (en conjunto, los "Bonos suscritos") canjear dichos bonos por los Bonos convertidos, que tendrán una rentabilidad no más de veinticinco (25) puntos básicos menos que la de los Bonos suscritos, y los instaba a aceptar determinadas enmiendas de la Primera escritura suplementaria y la Segunda escritura suplementaria.

El 1 de agosto de 2019, (i) COFINA canjeó Bonos de Serie 2019A-2 por un importe total de capital de $3,108,661,000, y Bonos de Serie 2019B-2 por un importe total de capital de $45,570,000, y (ii) entraron en vigor las enmiendas de la Primera escritura suplementaria y la Segunda escritura suplementaria.

13

# Capítulo 3. PROYECCIONES FINANCIERAS

## 3.1   Ingresos de COFINA

En virtud del Plan de Ajuste, los Ingresos de COFINA durante los próximos 40 años serán los siguientes:

GRÁFICO 4: Ingresos de COFINA

| Año fiscal | Ingresos de COFINA | Año fiscal | Ingresos de COFINA |
|---|---|---|---|
| 2019 | $420,185,325 | 2039 | $920,677,791 |
| 2020 | 436,992,738 | 2040 | 957,504,902 |
| 2021 | 454,472,448 | 2041 | 992,525,000 |
| 2022 | 472,651,346 | 2042 | 992,525,000 |
| 2023 | 491,557,399 | 2043 | 992,525,000 |
| 2024 | 511,219,696 | 2044 | 992,525,000 |
| 2025 | 531,668,483 | 2045 | 992,525,000 |
| 2026 | 552,935,223 | 2046 | 992,525,000 |
| 2027 | 575,052,631 | 2047 | 992,525,000 |
| 2028 | 598,054,737 | 2048 | 992,525,000 |
| 2029 | 621,976,926 | 2049 | 992,525,000 |
| 2030 | 646,856,003 | 2050 | 992,525,000 |
| 2031 | 672,730,244 | 2051 | 992,525,000 |
| 2032 | 699,639,453 | 2052 | 992,525,000 |
| 2033 | 727,625,032 | 2053 | 992,525,000 |
| 2034 | 756,730,033 | 2054 | 992,525,000 |
| 2035 | 786,999,234 | 2055 | 992,525,000 |
| 2036 | 818,479,203 | 2056 | 992,525,000 |
| 2037 | 851,218,371 | 2057 | 992,525,000 |
| 2038 | 885,267,106 | 2058 | 992,525,000 |

Entre el momento en que el IVU se deposita en la cuenta de COFINA y el momento en que COFINA paga su servicio de la deuda, el importe depositado en la cuenta de COFINA devenga intereses que financian los gastos de explotación. Se parte del supuesto de que los intereses se devengan al rendimiento de DIRXX a 30 días del 1.96%. Además de estos fondos, en la cuenta de compensación y consolidación del IVU hay depositadas cuantías de propiedad conjunta de COFINA y del ELA, que son asignadas y distribuidas a COFINA y al ELA tras la recepción de las declaraciones de los contribuyentes. La parte correspondiente a COFINA de los intereses devengados por esta cuenta se asignan y distribuyen a COFINA. Se parte del supuesto de que los intereses devengados por esta cuenta son inferiores a los devengados por la cuenta de COFINA (aproximadamente 1.0% menos que el DIRXX). Los intereses generados por estas cuentas se aplican a cubrir los gastos de explotación de COFINA, tal como lo especifica la Escritura de fideicomiso de COFINA.

## 3.2   Previsiones del Impuesto sobre Ventas y Uso

Consulte en la versión más reciente del Plan fiscal certificado del Estado Libre Asociado una exposición de las previsiones macroeconómicas, demográficas y del impuesto sobre Ventas y Uso.

## 3.3   Gastos de explotación recurrentes de COFINA

Como parte de su proceso de reestructuración, y bajo la dirección de su Directorio independiente, COFINA comenzó a crear una estructura operativa autónoma que le permitiese ser totalmente independiente de las demás entidades gubernamentales para sus actividades. Bajo la nueva estructura operativa, COFINA pretende cumplir de manera eficaz y efectiva su mandato legal y sus obligaciones contractuales de recaudar y remitir los Ingresos de COFINA al Fideicomisario de los Bonos en virtud de su Plan de Ajuste. En consecuencia, COFINA prevé que su presupuesto operativo del EF 2020 incluya fondos adicionales con el objeto de implementar sus operaciones independientes y cumplir las diversas operaciones establecidas por el Plan de Ajuste, como son su iniciativa de conseguir una calificación crediticia de sus bonos y de desarrollar métodos para mejorar sus relaciones con los inversionistas. Los gastos de explotación corrientes de COFINA son necesarios para garantizar su funcionamiento autónomo. Los gastos de explotación se dividen en las siguientes categorías:

1. Honorarios del Directorio
2. Gastos de explotación
3. Servicios profesionales
4. Honorarios del Fideicomisario
5. Gastos de la agencia de calificación
6. Otros gastos de explotación varios

A la Fecha de Entrada en Vigor, COFINA recibió $15 millones, disponibles para sus gastos de explotación. Había $7.25 millones adicionales restantes en las cuentas de COFINA antes de la formalización.

Además de los fondos descritos, los gastos de explotación serán cubiertos por los beneficios de las inversiones derivadas de los intereses devengados generados por los fondos depositados en las cuentas del Fideicomiso de bonos de COFINA mantenidas en nombre de COFINA en el BNYM antes de su distribución.

GRÁFICO 5: PROYECCIÓN DE DÉFICIT/SUPERÁVIT DE COFINA[5]

[Proyección de déficit/superávit, millones de $]



1 Las cifras representan el servicio de la deuda con posterioridad al cambio del impuesto en agosto de 2019

[5]A la Fecha de Entrada en Vigor había $22 millones depositados en la Reserva operativa de COFINA. En calidad de tal, la reserva nunca será inferior a $15 millones en el período de 30 años.

# Capítulo 4. PROYECCIÓN A LARGO PLAZO Y ANÁLISIS DE SOSTENIBILIDAD DE LA DEUDA (ASD)

El ASD constituye el marco para evaluar la capacidad de endeudamiento a largo plazo de COFINA, minimizando el riesgo de futuros impagos, y la base para un futuro acceso al mercado.

Los Bonos del Impuesto sobre ventas se evalúan sobre la base imponible y de la pignoración, de la estructura legal del financiamiento propuesta y de los parámetros financieros de la renta comprometida.

GRÁFICO 6: SOLVENCIA CREDITICIA DEL IVU

| | Solvencia crediticia del IVU |
|---|---|
| 1 | La economía puertorriqueña está razonablemente diversificada. |
| 2 | El IVU es muy amplio, con mínimas excepciones. |
| 3 | Los bonos prioritarios se benefician de un gravamen cerrado. |
| 4 | El primer flujo de fondos (anual/trimestral) es más sólido que la recaudación habitual equivalente mensual de diversos créditos respaldados por impuestos. |
| 5 | Sólida tendencia de ingresos y mínima volatilidad. |

GRÁFICO7: DIFICULTADES DE LA CALIFICACIÓN DEL IVU

| | Dificultades de la calificación del IVU |
|---|---|
| 1 | La renta per cápita y la mediana de los ingresos por unidad familiar de Puerto Rico se sitúan significativamente por debajo de las medianas nacionales. |
| 2 | Impacto de las proyecciones demográficas y económicas a largo plazo sobre los gastos discrecionales y el consumo personal. |

La Orden de conciliación otorga a COFINA una participación del 53.65% de la RF (PSTBA), que se aplicarán a atender los pagos del servicio de la deuda de los nuevos Bonos de COFINA emitidos en virtud del Plan de Ajuste. Además, COFINA recibirá la "primera recaudación" obtenida del IVU pignorado hasta alcanzar una cuantía equivalente al 53.65% de la RF (salvo que se cumplan ciertas condiciones a nivel trimestral después de 2024). El **Gráfico 9**muestra el servicio de a deuda de los Bonos Reestructurados del Impuesto sobre las Ventas, conjuntamente con el 53.65% de la RF que los tenedores de Bonos de COFINA tendrán derecho a percibir de conformidad con los términos y condiciones del Plan de Ajuste. El gráfico muestra que el servicio de la deuda se ajusta al 53.65% de la RF durante el período de la previsión y hasta el vencimiento final de los bonos.

GRÁFICO 8: SERVICIO DE LA DEUDA ($M)



En un escenario de crecimiento nulo, la cobertura del SMAD de COFINA es del 1.37x.

GRÁFICO 9: ANÁLISIS DE SOSTENIBILIDAD DE LA DEUDA DE COFINA ($M)



Utilizando como base la recaudación del IVU en el EF 19[6], el **Gráfico 10** muestra una cobertura del servicio de la deuda asumiendo el IVU comprometido proyectado del Plan Fiscal, ningún crecimiento del IVU comprometido y un crecimiento anual a 5 años del IVU comprometido.

GRÁFICO 10: COBERTURA DEL SERVICIO DE LA DEUDA

### Caso 1: Proyección del IVU en el PF

IVU pignorado EF19: 1,364.0
Tasa de crecimiento: PF

(millones $)

| | IVU pignor. EF 19 | Serv. deuda[1] | Cobertura |
|---|---|---|---|
| 2020 | 1,451.9 | 430.6 | 3.37x |
| 2021 | 1,450.6 | 447.5 | 3.24x |
| 2022 | 1,489.1 | 465.7 | 3.20x |
| 2023 | 1,511.5 | 484.6 | 3.12x |
| 2024 | 1,538.0 | 504.3 | 3.05x |
| 2025 | 1,554.0 | 524.7 | 2.96x |
| 2026 | 1,565.2 | 546.0 | 2.87x |
| 2027 | 1,579.9 | 568.1 | 2.78x |
| 2028 | 1,573.9 | 591.1 | 2.66x |
| 2029 | 1,582.2 | 615.0 | 2.57x |
| 2030 | 1,596.9 | 639.9 | 2.50x |
| 2031 | 1,615.0 | 665.8 | 2.43x |
| 2032 | 1,632.7 | 692.7 | 2.36x |
| 2033 | 1,640.5 | 720.7 | 2.28x |
| 2034 | 1,654.9 | 749.8 | 2.21x |
| 2035 | 1,672.1 | 780.1 | 2.14x |
| 2036 | 1,692.1 | 812.2 | 2.08x |
| 2037 | 1,715.6 | 845.6 | 2.03x |
| 2038 | 1,749.7 | 880.5 | 1.99x |
| 2039 | 1,774.8 | 916.8 | 1.94x |
| 2040 | 1,806.2 | 954.6 | 1.89x |
| 2041 | 1,838.5 | 990.8 | 1.86x |
| 2042 | 1,871.6 | 990.8 | 1.89x |
| 2043 | 1,905.6 | 990.8 | 1.92x |
| 2044 | 1,944.3 | 990.8 | 1.96x |
| 2045 | 1,982.4 | 990.8 | 2.00x |
| 2046 | 2,021.1 | 990.8 | 2.04x |
| 2047 | 2,060.2 | 990.8 | 2.08x |
| 2048 | 2,099.7 | 990.8 | 2.12x |
| 2049 | 2,139.8 | 990.8 | 2.16x |
| 2050 | 2,180.9 | 990.8 | 2.20x |
| 2051 | 2,223.1 | 990.8 | 2.24x |
| 2052 | 2,266.5 | 990.8 | 2.29x |
| 2053 | 2,311.1 | 990.8 | 2.33x |
| 2054 | 2,356.8 | 990.9 | 2.38x |
| 2055 | 2,403.8 | 991.2 | 2.43x |
| 2056 | 2,452.1 | 991.5 | 2.47x |
| 2057 | 2,501.7 | 991.8 | 2.52x |
| 2058 | 2,552.7 | 992.2 | 2.57x |

### Caso 2: Crecimiento nulo del IVO

IVU pignorado EF19: 1,364.0
Tasa de crecimiento: 0.000%

(millones $)

| | IVU pignor. EF 19 | Serv. deuda[1] | Cobertura |
|---|---|---|---|
| 2020 | 1,364.0 | 430.6 | 3.17x |
| 2021 | 1,364.0 | 447.5 | 3.05x |
| 2022 | 1,364.0 | 465.7 | 2.93x |
| 2023 | 1,364.0 | 484.6 | 2.81x |
| 2024 | 1,364.0 | 504.3 | 2.70x |
| 2025 | 1,364.0 | 524.7 | 2.60x |
| 2026 | 1,364.0 | 546.0 | 2.50x |
| 2027 | 1,364.0 | 568.1 | 2.40x |
| 2028 | 1,364.0 | 591.1 | 2.31x |
| 2029 | 1,364.0 | 615.0 | 2.22x |
| 2030 | 1,364.0 | 639.9 | 2.13x |
| 2031 | 1,364.0 | 665.8 | 2.05x |
| 2032 | 1,364.0 | 692.7 | 1.97x |
| 2033 | 1,364.0 | 720.7 | 1.89x |
| 2034 | 1,364.0 | 749.8 | 1.82x |
| 2035 | 1,364.0 | 780.1 | 1.75x |
| 2036 | 1,364.0 | 812.2 | 1.68x |
| 2037 | 1,364.0 | 845.6 | 1.61x |
| 2038 | 1,364.0 | 880.5 | 1.55x |
| 2039 | 1,364.0 | 916.8 | 1.49x |
| 2040 | 1,364.0 | 954.6 | 1.43x |
| 2041 | 1,364.0 | 990.8 | 1.38x |
| 2042 | 1,364.0 | 990.8 | 1.38x |
| 2043 | 1,364.0 | 990.8 | 1.38x |
| 2044 | 1,364.0 | 990.8 | 1.38x |
| 2045 | 1,364.0 | 990.8 | 1.38x |
| 2046 | 1,364.0 | 990.8 | 1.38x |
| 2047 | 1,364.0 | 990.8 | 1.38x |
| 2048 | 1,364.0 | 990.8 | 1.38x |
| 2049 | 1,364.0 | 990.8 | 1.38x |
| 2050 | 1,364.0 | 990.8 | 1.38x |
| 2051 | 1,364.0 | 990.8 | 1.38x |
| 2052 | 1,364.0 | 990.8 | 1.38x |
| 2053 | 1,364.0 | 990.8 | 1.38x |
| 2054 | 1,364.0 | 990.9 | 1.38x |
| 2055 | 1,364.0 | 991.2 | 1.38x |
| 2056 | 1,364.0 | 991.5 | 1.38x |
| 2057 | 1,364.0 | 991.8 | 1.38x |
| 2058 | 1,364.0 | 992.2 | 1.37x |

### Caso 3: crecimiento de los últimos 5 años

IVU pignorado EF19: 1,364.0
Tasa de crecimiento: 1.892%

(millones $)

| | IVU pignor. EF 19 | Serv. deuda[1] | Cobertura |
|---|---|---|---|
| 2020 | 1,389.8 | 430.6 | 3.23x |
| 2021 | 1,416.1 | 447.5 | 3.16x |
| 2022 | 1,442.9 | 465.7 | 3.10x |
| 2023 | 1,470.2 | 484.6 | 3.03x |
| 2024 | 1,498.0 | 504.3 | 2.97x |
| 2025 | 1,526.3 | 524.7 | 2.91x |
| 2026 | 1,555.2 | 546.0 | 2.85x |
| 2027 | 1,584.6 | 568.1 | 2.79x |
| 2028 | 1,614.6 | 591.1 | 2.73x |
| 2029 | 1,645.1 | 615.0 | 2.67x |
| 2030 | 1,676.2 | 639.9 | 2.62x |
| 2031 | 1,708.0 | 665.8 | 2.57x |
| 2032 | 1,740.3 | 692.7 | 2.51x |
| 2033 | 1,773.2 | 720.7 | 2.46x |
| 2034 | 1,806.7 | 749.8 | 2.41x |
| 2035 | 1,840.9 | 780.1 | 2.36x |
| 2036 | 1,875.7 | 812.2 | 2.31x |
| 2037 | 1,911.2 | 845.6 | 2.26x |
| 2038 | 1,947.4 | 880.5 | 2.21x |
| 2039 | 1,984.2 | 916.8 | 2.16x |
| 2040 | 2,021.7 | 954.6 | 2.12x |
| 2041 | 2,060.0 | 990.8 | 2.08x |
| 2042 | 2,098.9 | 990.8 | 2.12x |
| 2043 | 2,138.6 | 990.8 | 2.16x |
| 2044 | 2,179.1 | 990.8 | 2.20x |
| 2045 | 2,220.3 | 990.8 | 2.24x |
| 2046 | 2,262.3 | 990.8 | 2.28x |
| 2047 | 2,305.1 | 990.8 | 2.33x |
| 2048 | 2,348.7 | 990.8 | 2.37x |
| 2049 | 2,393.2 | 990.8 | 2.42x |
| 2050 | 2,438.4 | 990.8 | 2.46x |
| 2051 | 2,484.6 | 990.8 | 2.51x |
| 2052 | 2,531.6 | 990.8 | 2.56x |
| 2053 | 2,579.4 | 990.8 | 2.60x |
| 2054 | 2,628.2 | 990.9 | 2.65x |
| 2055 | 2,677.9 | 991.2 | 2.70x |
| 2056 | 2,728.6 | 991.5 | 2.75x |
| 2057 | 2,780.2 | 991.8 | 2.80x |
| 2058 | 2,832.8 | 992.2 | 2.86x |

1 Las cifras representan el servicio de la deuda después del canje de agosto de 20

[6] Los ingresos del Año fiscal 2019 reflejan la recaudación real, excluyendo los ingresos de B2B, por cuanto COFINA no tiene derechos sobre estas rentas

Utilizando como base la recaudación del IVU del EF19, vemos que la tasa anual constante de reducción de la recaudación del Impuesto sobre Ventas, de manera tal que el servicio de la deuda sigue estando cubierto por el 5.5% comprometido del IVU. Sobre la base del calendario previsto del servicio de la deuda, el Impuesto sobre Ventas tendría que caer en más del 0.81% anual para que la recaudación del IVU fuese suficiente para cubrir las obligaciones del servicio de la deuda. Recomendamos consultar el exhaustivo análisis del punto de equilibrio incluido en el **Gráfico11**.



GRÁFICO11: ANÁLISIS DEL PUNTO DE EQUILIBRIO DE LA DEUDA DE COFINA

# ANEXO A: RESUMEN DE LOS BONOS DE COFINA

GRÁFICO 1: Resumen de los Bonos de COFINA a la Fecha de Entrada en Vigor

| [ Serie | Situación trib. | CUSIP | Valor al vencimiento | Valor inicial | Tipo de interés | Cupón/Tasa de acrec. | Vencimiento | Precio inicial ] |
|---|---|---|---|---|---|---|---|---|
| Series | Tax Status | CUSIP | Maturity Value | Initial Value | Interest Rate | Coupon/Accretion Rate | Maturity | Initial Price |
| 2019A-1 | TE | 74529JPU3 | 370,347,000.00 | 370,347,000.00 | 4.500% | 4.500% | 7/1/2034 | 100.000 |
| 2019A-1 | TE | 74529JPV1 | 187,553,000.00 | 187,553,000.00 | 4.550% | 4.550% | 7/1/2040 | 100.000 |
| 2019A-1 | TE | 74529JPW9 | 1,375,772,000.00 | 1,375,772,000.00 | 4.750% | 4.750% | 7/1/2053 | 100.000 |
| 2019A-1 | TE | 74529JPX7 | 3,479,051,000.00 | 3,479,051,000.00 | 5.000% | 5.000% | 7/1/2058 | 100.000 |
| 2019A-2 | TX | 74529JQY4 | 865,919,000.00 | 865,919,000.00 | 4.550% | 4.550% | 7/1/2040 | 100.000 |
| 2019A-2 | TX | 74529JPY5 | 1,905,085,000.00 | 1,905,085,000.00 | 4.550% | 4.550% | 7/1/2040 | 100.000 |
| 2019A-2 | TX | 74529JPZ2 | 57,021,000.00 | 57,021,000.00 | 4.750% | 4.750% | 7/1/2053 | 100.000 |
| 2019A-2 | TX | 74529JQA6 | 763,784,000.00 | 763,784,000.00 | 5.000% | 5.000% | 7/1/2058 | 100.000 |
| 2019A-1 | TE | 74529JQB4 | 211,244,000.00 | 164,709,059.24 | 0.000% | 4.250% | 7/1/2024 | 77.971 |
| 2019A-1 | TE | 74529JQC2 | 357,783,000.00 | 243,231,616.89 | 0.000% | 4.375% | 7/1/2027 | 67.983 |
| 2019A-1 | TE | 74529JQD0 | 348,709,000.00 | 217,406,113.14 | 0.000% | 4.375% | 7/1/2029 | 62.346 |
| 2019A-1 | TE | 74529JQE8 | 449,395,000.00 | 252,923,999.95 | 0.000% | 4.500% | 7/1/2031 | 56.281 |
| 2019A-1 | TE | 74529JQF5 | 505,783,000.00 | 260,417,551.04 | 0.000% | 4.500% | 7/1/2033 | 51.488 |
| 2019A-1 | TE | 74529JQG3 | 4,813,682,000.00 | 1,094,968,244.54 | 0.000% | 5.375% | 7/1/2046 | 22.747 |
| 2019A-1 | TE | 74529JQH1 | 3,921,460,000.00 | 631,551,133.00 | 0.000% | 5.625% | 7/1/2051 | 16.105 |
| | | | | | | | | |
| 2019B-1 | TE | 74529JQJ7 | 4,743,000.00 | 4,743,000.00 | 4.500% | 4.500% | 7/1/2034 | 100.000 |
| 2019B-1 | TE | 74529JQK4 | 2,402,000.00 | 2,402,000.00 | 4.550% | 4.550% | 7/1/2040 | 100.000 |
| 2019B-1 | TE | 74529JQL2 | 17,619,000.00 | 17,619,000.00 | 4.750% | 4.750% | 7/1/2053 | 100.000 |
| 2019B-1 | TE | 74529JQM0 | 44,554,000.00 | 44,554,000.00 | 5.000% | 5.000% | 7/1/2058 | 100.000 |
| 2019B-2 | TE | 74529JQN8 | 35,156,000.00 | 35,156,000.00 | 4.550% | 4.550% | 7/1/2040 | 100.000 |
| 2019B-2 | TX | 74529JQP3 | 723,000.00 | 723,000.00 | 4.750% | 4.750% | 7/1/2053 | 100.000 |
| 2019B-2 | TX | 74529JQQ1 | 9,691,000.00 | 9,691,000.00 | 5.000% | 5.000% | 7/1/2058 | 100.000 |
| 2019B-1 | TE | 74529JQR9 | 2,706,000.00 | 2,109,895.26 | 0.000% | 4.250% | 7/1/2024 | 77.971 |
| 2019B-1 | TE | 74529JQS7 | 4,582,000.00 | 3,114,981.06 | 0.000% | 4.375% | 7/1/2027 | 67.983 |
| 2019B-1 | TE | 74529JQT5 | 4,466,000.00 | 2,784,372.36 | 0.000% | 4.375% | 7/1/2029 | 62.346 |
| 2019B-1 | TE | 74529JQU2 | 5,755,000.00 | 3,238,971.55 | 0.000% | 4.500% | 7/1/2031 | 56.281 |
| 2019B-1 | TE | 74529JQV0 | 6,477,000.00 | 3,334,877.76 | 0.000% | 4.500% | 7/1/2033 | 51.488 |
| 2019B-1 | TE | 74529JQW8 | 61,648,000.00 | 14,023,070.56 | 0.000% | 5.375% | 7/1/2046 | 22.747 |
| 2019B-1 | TE | 74529JQX6 | 50,220,000.00 | 8,087,931.04 | 0.000% | 5.625% | 7/1/2051 | 16.105 |
| | | | | | | | | |
| 2019A | | | 19,612,588,000 | 11,869,739,718 | | | | |
| 2019B | | | 250,742,000 | 151,582,100 | | | | |
| Total | | | 19,863,330,000 | 12,021,321,817 | | | | |

GRÁFICO 2: Resumen de los Bonos de COFINA al 1 de agosto de 2019 (después del cambio del impuesto)

| [ Serie | Situación trib. | CUSIP | Valor al vencimiento | Valor inicial | Tipo de interés | Cupón/Tasa de acrec. | Vencimiento | Precio inicial ] |
|---------|-----------------|-------|----------------------|---------------|-----------------|----------------------|-------------|------------------|
| Series | Tax Status | CUSIP | Maturity Value | Initial Value | Interest Rate | Coupon/Accretion Rate | Maturity | Initial Price |
| 2019-1 | TE | 74529JPU3 | 370,347,000.00 | 370,347,000.00 | 4.500% | 4.500% | 7/1/2034 | 100.000 |
| 2019-1 | TE | 74529JPV1 | 187,553,000.00 | 187,553,000.00 | 4.550% | 4.550% | 7/1/2040 | 100.000 |
| 2019-1 | TE | 74529JPW9 | 1,375,772,000.00 | 1,375,772,000.00 | 4.750% | 4.750% | 7/1/2053 | 100.000 |
| 2019-1 | TE | 74529JPX7 | 3,479,051,000.00 | 3,479,051,000.00 | 5.000% | 5.000% | 7/1/2058 | 100.000 |
| 2019-2 | TX | 74529JQY4 | 409,357,000.00 | 409,357,000.00 | 4.550% | 4.550% | 7/1/2034 | 100.000 |
| 2019-2 | TX | 74529JRY5 | 53,291,000.00 | 53,291,000.00 | 4.550% | 4.550% | 7/1/2040 | 100.000 |
| 2019-2 | TX | 74529JPZ2 | 827,000.00 | 827,000.00 | 4.750% | 4.750% | 7/1/2053 | 100.000 |
| 2019-2 | TX | 74529JQA6 | 19,673,000.00 | 19,673,000.00 | 5.000% | 5.000% | 7/1/2058 | 100.000 |
| 2019-2 | TE | 74529JRJ6 | 456,562,000.00 | 456,562,000.00 | 4.329% | 4.329% | 7/1/2040 | 100.000 |
| 2019-2 | TE | 74529JRH0 | 1,851,794,000.00 | 1,851,794,000.00 | 4.329% | 4.329% | 7/1/2040 | 100.000 |
| 2019-2 | TE | 74529JRK3 | 56,194,000.00 | 56,194,000.00 | 4.536% | 4.536% | 7/1/2053 | 100.000 |
| 2019-2 | TE | 74529JRL1 | 744,111,000.00 | 744,111,000.00 | 4.784% | 4.784% | 7/1/2058 | 100.000 |
| 2019-1 | TE | 74529JQB4 | 211,244,000.00 | 164,709,059.24 | 0.000% | 4.250% | 7/1/2024 | 77.971 |
| 2019-1 | TE | 74529JQC2 | 357,783,000.00 | 243,231,616.89 | 0.000% | 4.375% | 7/1/2027 | 67.983 |
| 2019-1 | TE | 74529JQD0 | 348,709,000.00 | 217,406,113.14 | 0.000% | 4.375% | 7/1/2029 | 62.346 |
| 2019-1 | TE | 74529JQE8 | 449,395,000.00 | 252,923,999.95 | 0.000% | 4.500% | 7/1/2031 | 56.281 |
| 2019-1 | TE | 74529JQF5 | 505,783,000.00 | 260,417,551.04 | 0.000% | 4.500% | 7/1/2033 | 51.488 |
| 2019-1 | TE | 74529JQG3 | 4,813,682,000.00 | 1,094,968,244.54 | 0.000% | 5.375% | 7/1/2046 | 22.747 |
| 2019A-1 | TE | 74529JQH1 | 3,921,460,000.00 | 631,551,133.00 | 0.000% | 5.625% | 7/1/2051 | 16.105 |
| 2019-1 | TE | 74529JQJ7 | 4,743,000.00 | 4,743,000.00 | 4.500% | 4.500% | 7/1/2034 | 100.000 |
| 2019-1 | TE | 74529JQK4 | 2,402,000.00 | 2,402,000.00 | 4.550% | 4.550% | 7/1/2040 | 100.000 |
| 2019-1 | TE | 74529JQL2 | 17,619,000.00 | 17,619,000.00 | 4.750% | 4.750% | 7/1/2053 | 100.000 |
| 2019-1 | TE | 74529JQM0 | 44,554,000.00 | 44,554,000.00 | 5.000% | 5.000% | 7/1/2058 | 100.000 |
| 2019-2 | TE | 74529JRM9 | 35,156,000.00 | 35,156,000.00 | 4.329% | 4.329% | 7/1/2040 | 100.000 |
| 2019-2 | TE | 74529JRN7 | 723,000.00 | 723,000.00 | 4.536% | 4.536% | 7/1/2053 | 100.000 |
| 2019-2 | TE | 74529JRP2 | 9,691,000.00 | 9,691,000.00 | 4.784% | 4.784% | 7/1/2058 | 100.000 |
| 2019B-1 | TE | 74529JQR9 | 2,706,000.00 | 2,109,895.26 | 0.000% | 4.250% | 7/1/2024 | 77.971 |
| 2019B-1 | TE | 74529JQS7 | 4,582,000.00 | 3,114,981.06 | 0.000% | 4.375% | 7/1/2027 | 67.983 |
| 2019B-1 | TE | 74529JQT5 | 4,466,000.00 | 2,784,372.36 | 0.000% | 4.375% | 7/1/2029 | 62.346 |
| 2019B-1 | TE | 74529JQU2 | 5,755,000.00 | 3,238,971.55 | 0.000% | 4.500% | 7/1/2031 | 56.281 |
| 2019B-1 | TE | 74529JQV0 | 6,477,000.00 | 3,334,877.76 | 0.000% | 4.500% | 7/1/2033 | 51.488 |
| 2019B-1 | TE | 74529JQW8 | 61,648,000.00 | 14,023,070.56 | 0.000% | 5.375% | 7/1/2046 | 22.747 |
| 2019B-1 | TE | 74529JQX6 | 50,220,000.00 | 8,087,931.00 | 0.000% | 5.625% | 7/1/2051 | 16.105 |
| **2019A** | | | **19,612,588,000** | **11,869,739,718** | **-** | **-** | | |
| **2019B** | | | **250,742,000** | **151,582,100** | **-** | **-** | | |
| **Total** | | | **19,863,330,000** | **12,021,321,817** | | | | |

# ANEXO B: PLAN DE AJUSTE DE COFINA

TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: | |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | PROMESA<br>Título III |
| como representante de | Núm. 17 BK 3283-LTS |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., | (Administrada Conjuntamente) |
| Deudores.[1] | |
| *In re*: | |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | PROMESA<br>Título III |
| como representante de | Núm. 17 BK 3284-LTS |
| CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE PUERTO RICO, | |
| Deudor. | |

ORDEN Y SENTENCIA CONFIRMANDO LA
TERCERA ENMIENDA DEL PLAN DE AJUSTE DEL TÍTULO III
DE LA CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE PUERTO RICO

---

[1]Los Deudores en el marco de los presentes Procedimientos radicados conforme al Título III, junto con el respectivo número de procedimiento radicado conforme al Título III y los últimos cuatro (4) dígitos del número federal de contribuyente de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (núm. de procedimiento de quiebra 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (núm. de procedimiento de quiebra 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (núm. de procedimiento de quiebra 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (núm. de procedimiento de quiebra 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (núm. de procedimiento de quiebra 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747) (Los números de los casos en virtud del Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

## ÍNDICE

**Página**

| | | |
|---|---|---|
| 1. | Determinaciones/Conclusiones | 4 |
| 2. | Objeciones | 7 |
| 3. | Ratificación del Plan | 7 |
| 4. | Conciliación de la Controversia entre el Estado Libre Asociado y COFINA | 7 |
| 5. | Aprobación del Acuerdo de Conciliación | 8 |
| 6. | Aprobación de la Resolución del Plan | 8 |
| 7. | El procedimiento contencioso | 8 |
| 8. | La acción de Interpelación | 9 |
| 9. | Implementación del Plan | 9 |
| 10. | Ninguna acción | 10 |
| 11. | Efecto vinculante | 10 |
| 12. | Cancelación de pagarés, instrumentos, certificados y otros documentos | 11 |
| 13. | Rechazo o asunción de los Contratos condicionales y arrendamientos vigentes | 12 |
| 14. | Pólizas de seguros | 13 |
| 15. | Objeción a los importes de subsanación; Rechazo de reclamaciones por daños | 13 |
| 16. | Pago de los importes de subsanación | 14 |
| 17. | Compensación | 14 |
| 18. | Entregas de distribuciones | 15 |
| 19. | Agente pagador | 18 |
| 20. | Exención de la Ley de Valores | 18 |
| 21. | Aceleración declarada (bonos asegurados por Ambac) | 18 |
| 22. | Aceleración declarada (bonos asegurados por Assured) | 19 |
| 23. | Retención de Reclamaciones en disputa | 19 |
| 24. | Sin enmiendas a las evidencias de reclamaciones | 20 |
| 25. | Condiciones para la Fecha de Entrada en Vigor | 20 |
| 26. | Fecha límite para radicar reclamaciones administrativas | 20 |
| 27. | Reclamaciones de compensaciones profesionales y reintegros | 21 |
| 28. | Costos de consumación | 21 |
| 29. | Cancelación y descargo de reclamaciones y causas de acción | 23 |
| 30. | Descargos de COFINA y de COFINA Reorganizada | 26 |

31.     Cláusulas de descargo y exculpación ..................................................................27

32.     Mantenimiento de ciertas reclamaciones y causas de acción. .............................28

33.     Medida cautelar sobre reclamaciones .................................................................28

34.     Medida cautelar en materia de descargos.............................................................29

35.     Exculpación ..........................................................................................................30

36.     Litigios relacionados con nombramientos............................................................33

37.     Orden de restricción .............................................................................................33

38.     Medida cautelar complementaria .........................................................................34

39.     Descargos y exculpación del Agente de COFINA y del Agente del ELA .............35

40.     Plazo de las medidas cautelares o paralizaciones existentes ...........................35

41.     Enjuiciamiento de las reclamaciones ...................................................................36

42.     Obligaciones de indemnización y de reintegro ....................................................36

43.     Cumplimiento de los requisitos tributarios ..........................................................36

44.     Documentos e instrumentos ...............................................................................37

45.     Anulación/Paralización/Modificación/Revocación de la Orden ...........................37

46.     Mantenimiento de la jurisdicción .........................................................................38

47.     Conflictos entre la Orden, el Plan y la Orden de resolución ................................38

48.     Acción popular .....................................................................................................38

49.     Modificaciones .....................................................................................................39

50.     Disposiciones del Plan y de la Orden inescindibles y mutuamente dependientes .......................39

51.     Legislación aplicable............................................................................................39

52.     Legislación aplicable exceptuando la Ley de Quiebras ......................................40

53.     Sin efecto sobre otras acciones ..........................................................................40

54.     Uso de fondos del Estado Libre Asociado ...........................................................41

55.     Exención de declaraciones ..................................................................................41

56.     Notificación de la orden .......................................................................................41

57.     Renuncia a la paralización ...................................................................................41

58.     No renuncia ..........................................................................................................42

Anexo A Plan...................................................................................................................... A-1

Anexo B Formulario de notificación ................................................................................... B-1

La Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA" o el "Deudor"), a través de la Junta de Supervisión y Administración Fiscal de Puerto Rico (la "Junta deSupervisión"), como representante del Deudor de conformidad con la sección 315(b) de la Ley PROMESA, habiendo propuesto y radicado ante el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal")  la *Tercera Enmienda del Plan de Ajuste del Título III de la Corporación del Fondo de Interés Apremiante de Puerto Rico*, con fecha 9 de febrero de 2019 (núm.de apunte 439 del Caso núm. 17-3284[2]) (modificada en virtud de las revisiones realizadas en, o con posterioridad a la Vista de Ratificación estipulada en esta Orden, incluyendo la Segunda Enmienda adicional al Plan, y tal como pudiese modificarse de conformidad con la sección 313 de la Ley PROMESA, el "Plan[3]");y tras haber el Tribunal, en virtud de, entre otros, la sección 1125 del Código de Quiebras y del Reglamento de Quiebras 3017(b), tras las debidas notificaciones una vista, la orden del 29 de noviembre de 2018 (núm.de apunte 375, la "Orden de Divulgación de la Declaración"), aprobando dicha Divulgación de la Declaración, estableciendo los procedimientos para la convocatoria, la votación y la contabilización de votos y elecciones con respecto al Plan, aprobando los formatos de las boletas, las boletas oficiales y las convocatorias de elecciones utilizados en relación con el asunto que nos ocupan, así como aprobando la forma de notificación de la Vista de ratificación, Asimismo, el Tribunal ha registrado la *Notificación relativa al método adecuado para la presentación de objeciones al Plan de Ajuste propuesto por COFINA* (núm.de apunte 384);

---

[2] Todas las referencias a los apuntes en el expediente corresponden al Caso núm. 17-3284, salvo que se indique algo distinto.
[3] Los términos en mayúsculas utilizados, pero no definidos en el presente documento, tendrán los significados adscritos a los mismos en el Plan, la Orden de Divulgación de la Declaración, el Escrito de Ratificación (tal como se describe aquí) o el *Escrito de las determinaciones de hecho y conclusiones de derecho relativas a la Ratificación de la Tercera Enmienda del Plan de Ajuste del Título III de la Corporación del Fondo de Interés Apremiante de Puerto Rico* (las "Determinaciones de hechos y conclusiones de derechos"), según proceda; entendiéndose, sin embargo, que las referencias en este documento a los "Ingresos de COFINA" se emplean para mantener una terminología congruente con la Legislación de Nuevos Bonos, y tendrán el mismo significado que el concepto "Tramo de COFINA", como se define y utiliza en el Plan. Incluirá asimismo cualquier garantía que pudiese ser sustituida por los Ingresos de COFINA de conformidad con los términos y cláusulas del Plan y de la Legislación de Nuevos Bonos. Se adjunta a este documento una copia del Plan, en forma de Anexo A.

1

Además, la siguiente documentación ha sido radicada por el Deudor, el Agente de COFINA o los Acreedores del PSA, como fundamento de, o en relación con, la ratificación del Plan, incluyendo la Conciliación de la Controversia entre el Estado Libre Asociado y COFINA incorporada al Plan:

(a) *Segunda Enmienda adicional al Plan y Documentos relacionados con el Plan de la Corporación del Fondo de Interés Apremiante de Puerto Rico* (apunte núm. 4956 del caso núm. 17-3283, la "Segunda Enmienda adicional al Plan");

(b) *Certificado de servicio de materiales de solicitud* (apunte núm. 387, el "Declaración jurada de envío postal");

(c) *Certificado de publicación* (apunte núm. 585, la "Declaración jurada de publicación");

(d) *Certificado de servicio* (apunte núm. 429, la "Declaración jurada de Garraway" y, conjuntamente con la Declaración jurada de envío postal y la Declaración jurada de publicación, las "Declaraciones juradas de servicio");

(e) *Respuesta global de la Corporación del Fondo de Interés Apremiante de Puerto Rico a las objeciones a la Segunda enmienda al Plan de Ajuste del Título III* (apunte núm. 4663 del Caso núm. 17- 3283, la "Respuesta global");

(f) *Escrito de alegatos en apoyo de la Tercera Enmienda al Plan de Ajuste del Título III de la Corporación del Fondo de Interés Apremiante de Puerto Rico* (apunte núm. 4664 del Caso núm. 17- 3283, el "Escrito de Ratificación");

(g) *Declaración de Natalie A. Jaresko en apoyo de la Conformación de la Tercera Enmienda del Plan de Ajuste del Título III de la Corporación del Fondo de Interés Apremiante de Puerto Rico* (apunte núm. 4756 del Caso núm. 17-3283, la "Declaración de Jaresko");

(h) *Declaración de David M. Brownstein en apoyo de la Conformación de la Tercera Enmienda del Plan de Ajuste del Título III de la Corporación del Fondo de Interés Apremiante de Puerto Rico* (apunte núm. 4756 del Caso núm. 17-3283, la "Declaración de Brownstein");

(i) *Declaración de Christina Pullo, de Prime Clerk LLC, en relación con la solicitud de votos y recuento de boletas de la Segunda Enmienda del Plan de Ajuste del Título III de la Corporación del Fondo de Interés Apremiante de Puerto Rico* (apunte núm. 4794 del caso núm. 17- 3283 la "Declaración de Pullo");

(j) *Declaración del Agente de COFINA en apoyo a la Segunda Enmienda del Plan de Ajuste del Título III de la Corporación del Fondo de Interés Apremiante de Puerto Rico* (apunte núm. 4656 del caso núm. 17-3283);

(k) *Declaración de Matthew A. Feldman* (apunte núm. 4656-1 del caso núm. 17-3283, la "Declaración de Feldman");

2

(l)   *Respuesta global de la Coalición de Tenedores de Bonos prioritarios de COFINA a las objeciones a la ratificación de la Segunda Enmienda del Plan de Ajuste del Título III de la Corporación del Fondo de Interés Apremiante de Puerto Rico* (apunte núm. 4665 del caso núm. 17-3283, la "Respuesta de la Coalición de Prioritarios"), y el consentimiento radicado por determinados fondos de inversión basados en Puerto Rico (apunte núm. 4670 del caso núm. 17-3283);

(m)  *Declaración de Matthew Rodrígue en apoyo de la Respuesta global de la Coalición de Tenedores de Bonos prioritarios de COFINA a las objeciones a la ratificación de la Segunda Enmienda del Plan de Ajuste del Título III de la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA")* (apunte núm. 4665-1 del caso núm. 17-3283, la "Declaración de Rodrígue");

(n)   *Declaración de Natalie A. Jaresko en apoyo a la Moción del Estado Libre Asociado de Puerto Rico a tenor con la Regla de Quiebras 9019 parauna orden aprobando la resolución entre el Estado Libre Asociado de Puerto Rico y laCorporación del Fondo de Interés Apremiante y asuntos relacionados* (apunte núm. 4758 del Caso núm. 17-3283, la "Declaración de Jaresko (9019)");

(o)   *Moción informativa de la National Public Finance Guarantee Corporation en apoyo del Plan de Ajuste de COFINA* (apunte núm. 4888 del Caso núm. 17-3283);

(p)   *Declaración de Ambac Assurance Corporation en relación con la potestad del Tribunal para determinar y declarar la validez de la Legislación de Nuevos Bonos* (apunte núm. 4889 del caso núm. 17-3283);

(q)   *Escrito adicional de las Partes favorables al Plan en apoyo de las Determinaciones de hecho y conclusiones de derecho relativas a la Ratificación de la Tercera Enmienda del Plan de Ajuste del Título III de la Corporación del Fondo de Interés Apremiante de Puerto Rico* (apunte núm. 4890 del caso núm. 17-3283);

(r)   *Declaración de Susheel Kirpalani en apoyo al Escrito adicional de las Partes favorables al Plan en apoyo de las Determinaciones de hecho y conclusiones de derecho relativas a la Ratificación de la Tercera Enmienda del Plan de Ajuste del Título III de la Corporación del Fondo de Interés Apremiante de Puerto Rico* (apunte núm. 4892 del caso núm. 17-3283);

y habiendo sido interpuestas objeciones a la ratificación por determinadas partes, como lo refleja el apunte de los Casos del Título III y/o el registro de la Vista de Ratificación[4];y que cada una las objeciones han sido resueltas, desestimadas o retiradas en, antes o después de la Vista de Ratificación, por la presente el Tribunal desestima cualesquiera objeciones restantes; y el Tribunal habiendo celebrado las Vistas de Ratificación a partir del 16 de enero de 2019; y las comparecencias de todas las partes interesadas se han hecho constar en las actas de la Vista de Ratificación y, tras una

---

[4]Todas las mociones de oposición aparecen también incluidas como parte del *Escrito de las determinaciones de hecho y conclusiones de derecho relativas a la Ratificación de la Tercera Enmienda del Plan de Ajuste del Título III de la Corporación del Fondo de Interés Apremiante de Puerto Rico* emitido por el Tribunal(apunte núm. 5047).

3

exhaustiva consideración del expediente del Caso del Título III de COFINA, incluyendo, entre otros, las mociones, solicitudes y autos de dicho caso, los documentos precedentes, las evidencias admitidas y los alegatos de los abogados presentados en la Vista de Ratificación, una vez que el Tribunal haya registrado la *Resolución y Orden aprobando la resolución entre el Estado Libre Asociado de Puerto Rico y la Corporación del Fondo de Interés Apremiante de Puerto Rico* (apunte núm. 5045 del caso 17-3283) en el Caso del Título III del Estado Libre Asociado, tras la debida deliberación y evaluación de las evidencias presentadas, por la presente

**SE ORDENA, SENTENCIA, DECRETA Y DETERMINA QUE**

1.     <u>Determinaciones y conclusiones</u>. Las determinaciones de hecho y las conclusiones de derecho expuestas en el *Escrito de las determinaciones de hecho y conclusiones de derecho relativas a la Ratificación de la Tercera Enmienda del Plan de Ajuste del Título III de la Corporación del Fondo de Interés Apremiante de Puerto Rico* queda aquí incorporado íntegra y literalmente. No obstante dicha incorporación, a continuación se resumen algunas de las determinaciones del Tribunal:

(A)     En virtud de la Ley PROMESA, el 3 de mayo de 2017 y el 5 de mayo de 2017, respectivamente, el Estado Libre Asociado y COFINA incoaron un caso federal ante el Tribunal, de conformidad con los requisitos del Título III de PROMESA. La incoación de estos casos otorgó al Tribunal la competencia exclusiva sobre los mismos y sobre las respectivas propiedades del Estado Libre Asociado y de COFINA, dondequiera que se encuentren. Como resultado del acuerdo consensual entre el Estado Libre Asociado, COFINA y sus respectivos representantes de acreedores, las Partes formularon, solicitaron debidamente y ahora piden la ratificación de un plan de ajuste con arreglo a las leyes federales. El Plan y esta Orden otorgan la titularidad de los Impuestos pignorados de COFINA y resuelven todas las controversias entre las partes sobre el particular. Además, en virtud de la Ley PROMESA, y a petición del Estado Libre Asociado y de COFINA, el Tribunal mantendrá su competencia hasta que los Bonos de COFINA hayan sido pagados íntegramente, o satisfechos de algún otro modo, de conformidad con sus términos y condiciones, a efectos de garantizar el cumplimiento del Plan y de resolver las reclamaciones derivadas del mismo, incluyendo reclamaciones de rendimiento específico.

(B)     Tal como se expone de manera más detallada en las Determinaciones de hecho y Conclusiones de derecho, el Tribunal ha formulado las siguientes determinaciones, de conformidad con la legislación vigente:

(ii)     La Orden es integral, definitiva, completa, concluyente y vinculante, y no podrá estar sujeta a alegatos de nulidad ni objeciones de otra índole en tribunales u otras instancias, salvo en la medida en que lo permita la legislación vigente. La Ratificación del Plan constituye una decisión judicial, en virtud de la sección 4 de la Ley PROMESA, de que los términos y condiciones de la Orden tendrán precedencia sobre cualesquiera disposiciones generales o específicas del derecho o normativa territorial o estatal que sean incongruentes con la misma.

(iii)    El Tribunal mantendrá la competencia para hacer valer sus términos y los del Plan.

(iv)    Con sujeción a que se materialice, a partir de la Fecha de Entrada en Vigor la COFINA Reorganizada será una corporación pública independiente y un organismo autónomo del Estado Libre asociado, independiente de este y de cualquier otro organismo del Estado.

(v)     Cuando se produzca la Fecha de Entrada en Vigor, la titularidad de los Ingresos de COFINA habrá sido legal y válidamente traspasada a la COFINA Reorganizada, y dicho traspaso de titularidad habrá sido un traspaso absoluto de la totalidad de los derechos, títulos e intereses legales sobre los Ingresos de COFINA, libres de todo gravamen, reclamación, prendas y otros intereses de cualquier parte (con la excepción del gravamen estatutario establecido automáticamente de conformidad con la Legislación de Nuevos Bonos con el objeto de garantizar los Bonos de COFINA).

(vi)    Cuando se produzca la Fecha de Entrada en Vigor, los Ingresos de COFINA no constituirán, ni se considerará que constituyan, "recursos disponibles" ni "rentas disponibles" del Estado Libre Asociado, tal y como dicho término se utiliza en la Constitución de Puerto Rico (tanto en su versión en inglés como en español).

(vii)   Con sujeción a una estructura de aportaciones de "Plazos trimestrales", en la medida en que se satisfagan determinadas condiciones, cada año fiscal —hasta que los Bonos de COFINA hayan sido pagados íntegramente, o satisfechos de algún otro modo, de conformidad con sus términos y condiciones, los primeros fondos que comprendan los Impuestos pignorados de COFINA se transferirán a, y mantendrán en depósito por, la COFINA Reorganizada, hasta el momento en que COFINA Reorganizada haya percibido un monto equivalente a los Ingresos de CONFINA durante dicho ejercicio.

(viii)  La titularidad única y exclusiva de la COFINA Reorganizada sobre los Ingresos de COFINA no se verá afectada por la manera de, ni el control sobre, la recaudación. Toda persona que recaude o retenga Ingresos de COFINA lo hará en nombre y representación de la COFINA Reorganizada. Asimismo, salvo la COFINA Reorganizada,

5

ninguna persona física o jurídica que recaude o retenga Ingresos de COFINA tendrá derechos, títulos o intereses legales sobre los Ingresos de COFINA, para beneficio de los tenedores de Bonos de COFINA.

(ix)     El gravamen de primer rango sobre los Impuestos pignorados de COFINA (incluyendo la nueva garantía que sustituya a los Impuestos pignorados de COFINA de conformidad con los términos y condiciones del Plan y de la Legislación de los Nuevos Bonos) derivado de la implementación de la Legislación de los Nuevos Bonos a favor de los tenedores de Bonos de COFINA es legal, válido, vinculante y exigible, se mantendrá en pleno vigor y efecto, y se "cerrará" hasta que los Bonos de COFINA hayan sido pagados o satisfechos en cumplimiento pleno de sus términos y condiciones.

(x)      Por la presente se ordena a la COFINA Reorganizada que, en el momento de la emisión y entrega de los Bonos de COFINA, que estampe o escriba en cada uno de dichos Bonos un texto que sea sustancialmente del siguiente tenor:

EL TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO HA DETERMINADO QUE ES VÁLIDO, LEGALMENTE VINCULANTE Y EXIGIBLE EN VIRTUD DE LA SENTENCIA Y ORDEN DE RATIFICACIÓN DEL 4 DE FEBRERO DE 2019.

(xi)     El Estado Libre Asociado ha acordado, en nombre de sí mismo y de sus entidades gubernamentales, no adoptar ninguna medida que, entre otras cosas, pudiese (a) menoscabar los derechos de COFINA a percibir los Ingresos de COFINA, (b) limitar o modificar los derechos otorgados a COFINA de conformidad con el Plan para cumplir los términos y condiciones de los Bonos de COFINA,(c) perjudicar la recaudación de los Impuestos pignorados de COFINA en cualquier año fiscal, o bien (d) menoscabar los derechos y recursos de los tenedores de Bonos de COFINA o de cualquier gravamen estatutario establecido de conformidad con el Artículo 3.2 de la Legislación de Nuevos Bonos, tal como lo estipulan la Legislación de Nuevos Bonos y la Escritura de los Nuevos bonos, para servir como protección adecuada de los derechos de propiedad sobre la COFINA Reorganizada y de los titulares de Bonos de COFINA sobre los Impuestos pignorados de COFINA de conformidad con cualquier legislación vigente, y constituyen obligaciones válidas, vinculantes, legales y exigibles de COFINA, de la COFINA Reorganizada y del Estado Libre Asociado, según proceda, y parte integral de los acuerdos establecidos en el Plan.

(xii)    Los convenios descritos en las Secciones 16.6 y 16.7 del Plan (incluyendo, entre otros, el convenio de la agencia de calificación, el convenio de exención de impuestos, el convenio de sustitución, el convenio de no deterioro y el convenio del Impuesto sobre Ventas) que ofrecerán la COFINA Reorganizada y el Estado Libre Asociado,

según proceda, a los tenedores de Bonos de COFINA, constituirán una protección adecuada de los derechos de propiedad de la COFINA Reorganizada y de los titulares de Bonos de COFINA sobre los Impuestos pignorados de conformidad con la legislación vigente.

2.    Objeciones. Todas las objeciones —así como las respuestas a las mismas y las declaraciones y comentarios sobre las mismas, según proceda—, en oposición a, o incompatibles con, el Plan son, y por la presente quedan DESESTIMADAS y RECHAZADAS íntegramente. Todas las objeciones retiradas se considerarán retiradas sin perjuicio.

3.    Ratificación del Plan. El Plan, así como cada una de sus cláusulas, son y por la presente quedan CONFIRMADOS en virtud de la sección 314(b) de la ley PROMESA. Los documentos contenidos en la Segunda Enmienda adicional al Plan quedan admitidos y aprobados. Los términos y condiciones del Plan, modificados por las revisiones realizadas en, o con posterioridad a, la Vista de Ratificación, tal como se establece en esta Orden y en la copia revisada adjunta a este documento en forma de Anexo A, incluyendo la Segunda Enmienda adicional al Plan, tal como haya sido modificada, quedan por la presente incorporados como referencia y constituyen parte integral de esta Orden.

4.    Conciliación de la Controversia entre el Estado Libre Asociado y COFINA. Por los motivos expuestos aquí y en las Determinaciones de hecho y Conclusiones de derecho, las cláusulas del Plan y el Acuerdo de Conciliación, constituyen un compromiso y conciliación razonable, justo, equitativo y de buena fe de todas las Reclamaciones y controversias resueltas en virtud del Plan, incluyendo, entre otros, el Acuerdo de Conciliación y el compromiso y conciliación de la Controversia entre el Estado Libre Asociado y COFINA incorporado al Plan, así como el registro de esta Orden, constituyen la aprobación de todos esos compromisos y resoluciones en virtud del Reglamento de Quiebras 9019 y de las secciones 105(a) y 1123(b)(5) del Código de Quiebras. En virtud de esta Orden y de la Orden de Resolución, en la medida en que lo contemplen el Plan y el Acuerdo de Conciliación, respectivamente, a partir de la Fecha de Entrada en Vigor dichos compromisos y acuerdos serán vinculantes para COFINA, el Estado Libre Asociado, todos los Acreedores de COFINA y el Estado Libre Asociado, y demás entidades. En la máxima medida en que lo permita la legislación vigente, ello no estará sujeto a alegatos de nulidad ni otras formas de objeción en cualquier tribunal u otras instancias.

5.    Aprobación del Acuerdo de Conciliación. El Tribunal (a) aprueba el Acuerdo de

Conciliación como compromiso de buena fe, justo, razonable, favorable a los mejores intereses de COFINA y parte integral del Plan, y (b) a partir de la Fecha de Entrada en Vigor, autoriza y ordena la consumación del Acuerdo de Conciliación a todas sus partes signatarias.

6.    <u>Aprobación de la Conciliación del Plan.</u> Por la presente, el Tribunal aprueba los compromisos y resoluciones englobados en el Plan como justos y razonables y, a la Fecha de Entrada en Vigor del plan, autoriza y ordena la consumación del mismo.

7.    <u>El Procedimiento Contencioso.</u> En cuanto resulte viable tras la entrada en vigor de esta Orden, aunque a más tardar cinco (5) días laborables a contar desde la Fecha de Entrada en Vigor, (a) el Agente del Estado Libre Asociado, (b) el Agente de COFINA y (c) los Intervinientes admitidos —tal como están definidos en órdenes anteriores del Tribunal relacionadas con el Procedimiento Contencioso— adoptarán todas las medidas necesarias para conllevar la desestimación, sin perjuicio, del Procedimiento Contencioso y de todas las demás reclamaciones y causas de acción incoadas por el Agente del Estado Libre Asociado, el Agente de COFINA y los Intervinientes admitidos, incluyendo, entre otros, promoviendo una anotación en el expediente del Procedimiento Contencioso que demuestre dicha desestimación, sin perjuicio. Tras producirse la desestimación, sin perjuicio, del Procedimiento Contencioso, se considerará que el Agente del Estado Libre Asociado, el Agente de COFINA y sus respectivos profesionales habrán satisfecho todas y cada una de sus respectivas obligaciones vinculadas al Procedimiento Contencioso. Se considerará asimismo que el Agente del Estado Libre Asociado y el Agente de COFINA quedan exonerados de todas y cada una de sus correspondientes responsabilidades.

8.    <u>La Acción de Interpelación.</u> En cuanto resulte viable una vez que esta Orden surta efecto, aunque a más tardar cinco (5) días laborables a contar desde la Fecha de Entrada en Vigor, y con las excepciones en materia de (i) cualesquiera reclamaciones y causas de acción planteadas por, o que

pudiese plantear, BNYM contra Ambac y Whitebox en la Acción de Interpelación; y (ii) cualesquiera contrademandas no satisfechas y no desestimadas que Ambac o Whitebox pudiesen plantear contra BNYM por negligencia grave, dolo o fraude intencionado, las partes de la Acción de Interpelación adoptarán todas y cada una de las medidas necesarias para conllevar la desestimación, sin perjuicio, a partir de la Fecha de Entrada en Vigor, de todas las demás reclamaciones y causas de acción alegada o que pudiesen alegarse en la Acción de Interpelación, incluyendo, entre otros, registrar una notificación y obtener una orden del Tribunal con respecto a la desestimación de todas las citadas reclamaciones y causas de acción.

9.     Implementación del Plan. A partir de la Fecha de Entrada en Vigor, el Deudor, COFINA Reorganizada y cada uno de sus respectivos agentes y representantes autorizados quedan facultados para (i) ejecutar, otorgar, radicar o registrar aquellos documentos, contratos, instrumentos, finiquitos y demás acuerdos, incluyendo, entre otros, los contenidos en la Segunda Enmienda adicional al Plan y en el Acuerdo de Conciliación, (ii) efectuar todas y cada una de las distribuciones y transferencias contemplados en virtud de, y de conformidad con, el Plan, la Segunda Enmienda adicional al Plan y el Acuerdo de Conciliación, (iii) adoptarán todas aquellas otras medidas que pudiesen ser necesarias para efectuar, implementar y demostrar el cumplimiento de los términos y condiciones del Plan y del Acuerdo de Conciliación, incluyendo, entre otras, aquellas actuaciones estipuladas en el Artículo XXVIII del Plan, y (iv) ordenarán o instruirán a BNYM, a la Depository Trust Company o a cualquier otra persona física o jurídica necesaria, que implementen o efectúen las cláusulas de los Fideicomisos. En la Fecha de Entrada en Vigor, los directivos o representantes pertinentes del Deudor y de la COFINA Reorganizada, según proceda, y los integrantes de los directorios de las mismas, quedan admitidos y facultados para emitir, ejecutar, radicar y otorgar o registrar aquellos documentos, contratos, instrumentos, finiquitos y demás acuerdos, incluyendo los contenidos en la Segunda Enmienda adicional al Plan, contemplados por el Plan y el Acuerdo de Conciliación, así como para realizar, o hacer que se realicen, todas y cada una de las distribuciones y transferencias contempladas en, y dispuestas por, el Plan, la Segunda Enmienda adicional al Plan y el Acuerdo de Conciliación, en nombre y representación de COFINA y la COFINA Reorganizada, según proceda.

10.     Ninguna acción. En virtud de la sección 1142(b) del Código de Quiebras, no será necesaria ninguna acción adicional de parte de los consejeros o directivos de COFINA para autorizar a COFINA a formalizar, ejecutar, otorgar, radicar, adoptar, enmendar, reformular, consumar o efectuar, según proceda, el Plan y el Acuerdo de Conciliación, así como cualesquiera otros contratos, instrumentos o documentos que tuviesen que ejecutarse, otorgarse, adoptarse o modificarse en relación con la implementación del Plan y del Acuerdo de Conciliación, incluyendo, entre otros, la Segunda Enmienda adicional al Plan.

11.     Efecto vinculante. La presente Orden es integral, definitiva, completa, concluyente y vinculante, y no podrá estar sujeta a alegatos de nulidad ni objeciones de otra índole en tribunales u otras instancias, salvo en la medida en que lo permita la legislación vigente, por parte de (i) COFINA, (ii) la COFINA Reorganizada, (iii) el Estado Libre Asociado, (iv) toda persona física o jurídica que plantee reclamaciones o reivindique otros derechos contra COFINA, el Estado Libre Asociado o cualquiera de sus demás organismos, incluyendo intereses usufructuarios (directa o indirectamente, como mandante, agente, contraparte, subrogado, asegurador u otros) con respecto a los bonos emitidos por COFINA, el Estado Libre Asociado o cualquiera de sus demás organismos, o bien con respecto a cualquier fideicomisario, agente prendario, fideicomisario, agente fiscal y cualquier banco que reciba o mantenga en depósito fondos relacionados con dichos bonos, tanto si la reclamación u otros derechos de tales personas físicas o jurídicas han quedado o no menoscabados como consecuencia del Plan o de esta Orden y, si así fuera, tanto si dicha persona física o jurídica haya o no aceptado el Plan, (v) cualquier otra persona, y (vi) cada uno de los respectivos herederos, sucesores, cesionarios, fideicomisarios, albaceas, administradores, funcionarios, consejeros, agentes, representantes, apoderados, beneficiarios o tutores de los antedichos.

12. Cancelación de pagarés, instrumentos, certificados y otros documentos. De conformidad con la Sección 19.6 del Plan, y con la excepción (a) de lo dispuesto en cualquier contrato, instrumento u otro acuerdo o documento formalizado por, u otorgado en relación con, el Plan, (b) a

efectos de demostrar un derecho de distribución en virtud del Plan, o bien (c) según se estipule específicamente en cualquier otra disposición del Plan (incluyendo cualquier rechazo de Contratos condicionales o Arrendamientos vigentes en virtud de la Sección 18.1 del Plan), en la Fecha de Entrada en Vigor (y con sujeción a la distribución de los Bonos de COFINA con arreglo a los términos y condiciones del Plan), los Títulos existentes "Prioritarios" y "Primeros subordinados", así como todos los instrumentos y documentos relacionados con los mismos, se considerarán automáticamente cancelados, rescindidos y carentes de todo vigor o efecto contra COFINA, sin necesidad de ninguna medida o actuación a tenor de cualquier contrato, ley, reglamento, orden o regla vigente, y COFINA y BNYM dejarán de tener obligaciones, deberes o responsabilidades en relación con los mismos. Las obligaciones de las partes para con COFINA, según procediese, a tenor de los Títulos existentes y de todos los instrumentos y de documentos relacionados se entenderán finiquitados; disponiéndose, sin embargo, que a pesar de cualquier cláusula contenida en el Plan en sentido contrario, los Títulos existentes "Prioritarios" y "Primeros subordinados", así como los demás instrumentos y documentos, seguirán surtiendo efecto solamente (i) para permitir al Agente pagador realizar cualquiera de las distribuciones previstas en el Plan, así como cualquier otra función administrativa o de otra índole con respecto a las mismas, (ii) para permitir a los tenedores de las Reclamaciones de Bonos permitidas recibir distribuciones de conformidad con los términos y condiciones del Plan, (iii) para permitir que cualquier fideicomisario, agente, administrador contractual o entidad similar, sujetos a todos los instrumentos y documentos relacionados, incluyendo a BNYM, cumplan las funciones necesarias, como la realización de distribuciones, de conformidad con el Plan, y gocen de los beneficios de todos los derechos y protecciones, y otras disposiciones,de tales instrumentos y documentos, según proceda, y de todos los demás acuerdos relacionados, incluyendo, entre otros, el derecho de pago de las Reclamaciones del Fideicomisario y los Derechos del Fideicomisario,(iv) para establecer los términos y condiciones aplicables a las partes según tales documentos e instrumentos, aparte de COFINA, (v) para permitir a BNYM comparecer en el Caso del Título III u otro procedimiento en el cual BNYM sea o llegue a ser parte con respecto a las subcláusulas (i) hasta (iv) precedentes, según corresponda, o de alguna otra manera relacionado con el papel de BNYM en calidad de fideicomisario de la Resolución

11

de Bonos, o bien (vi) con sujeción a los términos y condiciones de las Secciones 17.1, 17.2 y 30.7 del Plan, según sea necesario para mantener cualquier reclamación correspondiente a las respectivas Pólizas de seguros por (1) los tenedores pertinentes de las Reclamaciones de Bonos Prioritarios ("COFINA Senior") permitidas (Ambac) que válidamente optaron por recibir Certificados de Ambac, o bien (2) los tenedores pertinentes de las Reclamaciones de Bonos Prioritarios ("COFINA Senior") permitidas (National) que válidamente optaron por recibir Certificados de National; disponiéndose, además, que BNYM no tendrá obligaciones ni responsabilidades con respecto a cualesquiera Títulos existentes que pudieran tener los Fideicomisos a partir de la Fecha de Entrada en Vigor. No obstante lo antedicho, y excepto aquello que esté expresamente estipulado en el Plan, aquellos bonos o documentos de bonos que queden pendientes no formarán parte para plantear cualquier Reclamación contra COFINA o la COFINA Reorganizada, según sea el caso.

13. Rechazo o asunción de los contratos condicionales y arrendamientos vigentes. En virtud de la Sección 18.1 del Plan, y con las excepciones estipuladas aquí o en cualquier instrumento contractual, finiquito o cualquier otro documento o contrato formalizado de conformidad con el Plan, a partir de la Fecha de Entrada en Vigor se considerará que COFINA ha rechazado cada Contrato Condicional y Arrendamiento vigente previo a la solicitud del cual sea parte, con arreglo a la sección 365 del Código de Quiebras, salvo que cada Contrato Condicional y Arrendamiento vigente (i) haya sido asumido o asumido y cedido, o rechazado, en virtud de una orden del Tribunal dictada antes de la Fecha de Entrada en Vigor, (ii) haya caducado o quedado rescindido en virtud de sus propios términos o por acuerdo entre las partes, (iii) sea objeto de una moción para asumir o asumir y ceder planteada por el Deudor a más tardar en la Fecha de ratificación, o bien (iv) haya sido señalado específicamente como contrato o arrendamiento a ser asumido o asumido y cedido en los plazos de la Segunda Enmienda adicional al Plan. La presente Orden constituirá una orden del Tribunal a tenor de las secciones 365 y 1123(b) del Código de Quiebras para aprobar las asunciones o rechazos de los contratos y arrendamientos descritos a la Fecha de Entrada en Vigor.

14. Pólizas de seguros. Con sujeción a los términos y disposiciones de la Sección 18.7 del Plan,cada una de las Pólizas de seguros de COFINA, así como cualesquiera otros contratos,

documentos o instrumentos vinculados con las mismas, serán considerados Contratos condicionales en el marco del Plan. A menos que el Plan estipule algo distinto, en la Fecha de Entrada en Vigor, COFINA depositará, o hará que BNYM, en calidad de fiduciaria de los Títulos existentes, deposite o haga depositar todas las Pólizas de seguros y contratos, documentos o instrumentos vinculados con la cobertura de todas las Reclamaciones de Bonos en los fideicomisos correspondientes. En la medida en que alguna de las Pólizas de seguros sea rechazada a tenor del Plan, dicho rechazo no librará ni eximirá, ni se interpretará como tal, a Ambac ni a National de sus respectivas obligaciones para con los tenedores de Reclamaciones de Bonos Prioritarios ("COFINA Senior") permitidas (Ambac) y de Reclamaciones de Bonos Prioritarios ("COFINA Senior") permitidas (National), respectivamente, que hayan optado por recibir los certificados de fideicomiso relevantes de conformidad con el Plan en virtud de la Póliza de seguro correspondiente. A efectos de disipar cualquier duda, nada de lo contenido en esta Orden ni en el Plan irá en perjuicio de cualquier subrogación, reintegro o derechos similares de un asegurado contra el Fideicomiso pertinente ni contra los activos del mismo.

15. Objeción a los importes de subsanación; Rechazo de reclamaciones por daños. Si el rechazo de un Contrato Condicional y un Arrendamiento vigente por parte de COFINA en virtud del Plan conllevase daños para la otra parte o partes de dicho contrato o arrendamiento, todas las reclamaciones de dichos daños, si no se demostrasen mediante una evidencia de reclamación debidamente registrada, quedará definitivamente excluida y no podrá exigirse su cumplimiento a COFINA, sus activos o agentes, sucesores o cesionarios, incluyendo, entre otros, la COFINA Reorganizada, salvo que se aporte una evidencia de reclamación radicada ante un Tribunal del Título III, y que se notifique a los abogados de la Junta de Supervisión y de la COFINA Reorganizada, según proceda, a más tardar treinta (30) días después de (i) la Fecha de ratificación, y (ii) la fecha de registro de una orden del Tribunal autorizando el rechazo de un Contrato Condicional y un Arrendamiento vigente, lo que más tarde se produzca.

16. Pago de los importes de subsanación. Todo importe monetario requerido en concepto de pago de subsanación con respecto a cualquier Contrato Condicional y Arrendamiento vigente previo a la petición que deba asumirse a tenor del Plan se satisfará, de acuerdo con la sección

365(b)(1) del Código de Quiebras, mediante el pago de dicho importe en efectivo en la Fecha de Entrada en Vigor, o bien en aquellas otras condiciones y plazos que las partes de dichos contratos o arrendamientos y el Deudor pudiesen convenir.

17. Compensación. Salvo que en el Plan o en esta Orden se estipule algo distinto, el Agente pagador podrá, de conformidad con cualquier ley de quiebras o no de quiebras, compensar contra cualquier Reclamación permitida y las distribuciones a realizar de conformidad con el Plan a cuenta de las mismas (antes de realizar cualquier distribución a cuenta de dicha Reclamación por parte del Agente pagador), las reclamaciones, derechos y causas de acción de toda índole que COFINA o la COFINA Reorganizada mantengan contra el titular de dicha Reclamación permitida; disponiéndose, sin embargo, que ni la omisión de realizar dicha compensación ni la admisión de cualquier Reclamación en estos términos constituirá una dispensa o descargo de dichas reclamaciones, derechos y causas de acción por parte de COFINA o de la COFINA Reorganizada, disponiéndose, además, que nada de lo contenido en este documento tiene por objeto limitar las posibilidades de cualquier Acreedor de hacer valer sus derechos de compensación o recobro otorgados o permitidos por las secciones 553, 555, 559 o 560 del Código de Quiebras, o en virtud los derechos de recobro por derecho común; y disponiéndose, además, que nada de lo contenido en este apartado afectará a los descargos y medidas cautelares previstos en el Artículo XXX del Plan o en esta orden.

18. Entregas de distribuciones. Con sujeción a lo dispuesto por la Regla  9010 del Reglamento deQuiebras, y con las excepciones previstas por la Sección 19.5 del Plan y por esta Orden, las distribuciones y las entregas a los tenedores de Reclamaciones permitidas se realizarán en los domicilios de cada uno de ellos, tal y como consten en las listas radicadas ante el Tribunal, salvo que hayan sido sustituidos por los domicilios indicados en las evidencias de reclamaciones radicadas por ellos, o bien la última dirección conocida de dicha persona si no se ha radicado ninguna evidencia de reclamación o si COFINA ha sido notificada por escrito de un cambio de domicilio, disponiéndose, sin embargo, que el Agente pagador permitirá distribuciones iniciales de efectivo para beneficio de los tenedores de los tenedores de las Reclamaciones de Bonos Prioritarios ("COFINA Senior")

permitidas, de las Reclamaciones de Bonos Prioritarios ("COFINA Senior") permitidas (Ambac), de las Reclamaciones de Bonos Prioritarios ("COFINA Senior") permitidas (National) (Elección Imponible), de las Reclamaciones de Bonos imponibles permitidas, de las Reclamaciones de Bonos de COFINA subordinados permitidas, de las Reclamaciones de Bonos Subordinados de COFINA (Assured) permitidas y de las de las Reclamaciones de Bonos Subordinados de COFINA (Elección Imponible) permitidas, según proceda, a BNYM, en calidad de fideicomisario de los Títulos existentes (o bien a quien BNYM decida) de dichas obligaciones, disponiéndose, además, que, en la Fecha de Entrada en Vigor, el Agente pagador podrá efectuar distribuciones en efectivo de los Costos de consumación a una Parte de Costos de consumación de una manera convenida de mutuo acuerdo entre la Parte del Costo de consumación y el Agente pagador. A su vez, BNYM (o quien BNYM pudiese designar) podrá, de conformidad con los términos y condiciones del Plan, distribuir y entregar efectivo y Bonos de COFINA, según proceda, a los tenedores de Bonos a la fecha de registro de la distribución, en la manera prevista por la documentación aplicable, disponiéndose, sin embargo, que en la medida en que el tenedor de una Reclamación de bonos optase por recibir el certificado de fideicomiso en virtud del Plan, BNYM depositará la distribución de dicho titular en el Fideicomiso aplicable, disponiéndose, además, que de acuerdo con la Sección 10.1del Plan, BNYM entregará (i) el Efectivo y el Efectivo redondeado previstos por la Sección 103, si lo hubiere, que en cada caso deba asignarse a las Reclamaciones de Bonos Subordinado de COFINA (Assured), y (ii) los Nuevos Bonos de Assured, a Assured, de la manera convenida de mutuo acuerdo entre BNYM y Assured. A más tardar en la Fecha de Entrada en Vigor, BNYM y COFINA comunicarán a Assured el Precio de aceleración a pagar en concepto de los Bonos asegurados por Assured, de conformidad con la Sección 10.1 del Plan. Así, en la Fecha de Entrada enVvigor, (i) BNYM, con respecto a los Bonos Asegurados por Assured asegurados en el mercado primario, retirarán los fondos correspondientes a las Pólizas de seguros de Assured para pagar el Precio de aceleración aplicable a los titulares de los Bonos Asegurados por Assured asegurados en el mercado primario, con arreglo a la Sección 10.1 del Plan y, (ii) con respecto a los Bonos Asegurados por Assured asegurados en el mercado secundario, Assured retirará, o hará que el custodio pertinente (cada uno de ellos, un "Custodio")  de la custodia reciba u

15

obtenga certificados similares que evidencien la titularidad usufructuaria de los tenedores de dichos Bonos Asegurados por Assured y de las Pólizas de seguros de Assured, los fondos con cargo a dichas pólizas para pagar el Precio de aceleración correspondiente a los tenedores de Bonos Asegurados por Assured asegurados en el mercado secundario, de acuerdo con la Sección 10.1 del Plan. BNYM considerará concluyentes las instrucciones de distribución recibidas de COFINA o de sus agentes con respecto a la entrega de distribuciones de conformidad con los términos y condiciones de la Sección 19.5 del Plan, incluyendo las posiciones contra CUSIP y las posiciones en custodia tomadas por COFINA o sus agentes en la Depository Trust Company. BNYM cerrará y terminará los CUSIP originales tras realizar las distribuciones iniciales de Bonos de COFINA, el Efectivo de COFINA Disponible para Distribución y los montos de Efectivo y de Redondeo de Efectivo previstos por la Sección 103. A partir de entonces, no tendrá más obligaciones de distribución. BNYM no vendrá obligado a otorgar ningún bono, garantía u otro título para garantizar el cumplimiento de sus obligaciones, salvo que así se lo ordene el Tribunal. BNYM solo vendrá obligado a realizar las distribuciones y entregas descritas en este apartado y en la Sección 19.5 del Plan,y no será responsable de las medidas adoptadas razonablemente de conformidad con esta Orden, con el Plan o basadas en la información proporcionada a BNYM por COFINA o sus agentes en virtud de la Orden o el Plan o en conexión con las distribuciones que deban realizarse con arreglo a los mismos, incluyendo a Lehman Brothers Special Financing Inc. en el marco del Contrato de Depósito del Servicio de la Deuda del 1 de julio de 2008, formalizado entre  BNYM, COFINA y Lehman Brothers Special Financing Inc., salvo las responsabilidades derivadas de su propia negligencia grave o conducta dolosa. Ni BNYM ni ningún Custodio tendrán la responsabilidad de (i) aplicar los pagos de las Pólizas de Seguros de Assured al pago del Precio de aceleración pertinente con los respecto a los Bonos Asegurados por Assured, de conformidad con la Sección 10.1 del Plan, ni (ii) de transferir los montos de Efectivo y de Redondeo de Efectivo previstos por la Sección 103, o los Nuevos Bonos de Assured a Assured, con arreglo a la Sección10.1 del Plan. No obstante lo antedicho, todas las distribuciones están sujetas a los Derechos del Fideicomisario, _disponiéndose, sin embargo_, que nada de lo enumerado anteriormente o contenido en sentido contrario en el Plan, incluyendo, entre otros, las Secciones 19.6(iii) y 19.13 del

Plan, BNYM no ejercitará Derechos de Fideicomisario por cuenta de las Reclamaciones de Fideicomisario que pudiesen incoarse a partir de la Fecha de Entrada en Vigor, y ninguna de las distribuciones que se realice en virtud del Plan, sea a través del Agente pagador como de BNYM en calidad de fideicomisario de los Títulos existentes, se retendrá como resultado o por cuenta de, ni se derivará como consecuencia de las reclamaciones, causas de acción y daños incoados, o que pudiesen incoarse, por o contra BNYM en la Acción de Ambac y las Acciones de Whitebox, disponiéndose, además, que los citados estén sujetos en todos los aspectos a la sentencia del Tribunal del Título III en la Vista de Ratificación de los derechos de BNYM en virtud de la Sección 19.5 del Plan con respecto al pago de los honorarios y gastos de, e indemnizaciones a BNYM, derivados de, o relacionados con, la Acción de Ambac y las Acciones de Whitebox. COFINA, sus agentes y prestadores de servicios, elAgente pagador y BNYM no vendrán obligados a reconocer ninguna transferencia de las Reclamaciones de Bonos después de la Fecha de registro de la distribución, disponiéndose, sin embargo, que los bonos de COFINA serán transferibles y reconocidos si se ajustasen a los términos y condiciones de la Escritura de los Emisión de Bonos.

19.  Agente pagador. De conformidad con la Sección 1.84 del Plan, el Agente pagador será, según proceda, COFINA o aquella otra entidad designada por la Junta de Supervisión y COFINA a más tardar en la Fecha de Entrada en Vigor, con el objeto de realizar o facilitar las distribuciones a tenor de las cláusulas del Plan y de esta Orden.

20.  Exención de la Ley de Valores. Con arreglo a la Sección 1145 del Código de Quiebras (salvo en lo relativo a una entidad que sea suscriptora, tal como lo define la Sección 1145(b) del Código de Quiebras) y/o la Sección 3(a)(2) de la Ley de Valores, la oferta, emisión y distribución de los Bonos de COFINA, los Certificados de Ambac y los Certificados de National con sujeción a los términos y condiciones de los mismos, estarán exentas del registro previsto por la Ley de Valores y de todas las leyes estatales o locales que exijan el registro de la oferta, emisión o distribución de títulos, incluyendo, entre otros, los requisitos de registro de la Sección 5 de la Ley de Títulos y cualquier otra ley estatal o federal vigente que requiera el registro y/o la preparación de un folleto u obtención de

17

una calificación antes de la oferta, emisión, distribución o venta de los títulos.

21. <u>Aceleración declarada (Bonos asegurados por Ambac)</u>. El importe del capital (o el Importe compuesto, en el caso de los bonos de apreciación de capital) de los Bonos asegurados por Ambac se considerará acelerado e inmediatamente exigible y pagadero, a partir de la Fecha de Entrada en Vigor; <u>disponiéndose, sin embargo,</u> que dicha aceleración declarada no afectará, ni podrá interpretarse como que afecte, a ninguna cuestión relativa a la existencia de un "incumplimiento" o de un "caso de incumplimiento" con respecto a los Títulos existentes que se encontrasen pendientes antes de la Fecha de Entrada en Vigor.

22. <u>Aceleración declarada (Bonos asegurados por Assured)</u>. El importe del capital (o el Importe compuesto, en el caso de los bonos de apreciación de capital) de los Bonos asegurados por Assured se considerará acelerado e inmediatamente exigible y pagadero, a partir de la Fecha de Entrada en Vigor, <u>disponiéndose, sin embargo,</u> que dicha aceleración declarada no afectará, ni podrá interpretarse como que afecte, a ninguna cuestión relativa a la existencia de un "incumplimiento" o de un "caso de incumplimiento" con respecto a los Títulos existentes que se encontrasen pendientes antes de la Fecha de Entrada en Vigor.

23. <u>Retención de Reclamaciones en disputa</u>. A partir de la Fecha de Entrada en Vigor y hasta el momento en que cada Reclamación en disputa haya quedado conciliada y resuelta, estimada por el Tribunal en una cuantía que constituya el importe admitido, o autorizada o desautorizada por la Orden definitiva del Tribunal, la COFINA Reorganizada retendrá, para beneficio de cada uno de los tenedores de una Reclamación en disputa, Efectivo de COFINA disponible para distribución, el Efectivo y el Monto de Redondeo de Efectivo previstos por la Sección 103 y los Bonos de COFINA y, en la medida en que dicho tenedor haya optado por ellos, los certificados de fideicomiso pertinentes, estableciéndose que todos los dividendos, ganancias o ingresos atribuibles a cualquiera de los antedichos, en una cuantía equivalente a la Participación Prorrateada de las distribuciones que deberían haberse realizado al tenedor de dicha Reclamación en disputa, por una cuantía equivalente a la menor de las siguientes: (i) el monto liquidado establecido en la evidencia de Reclamación radicada en virtud de dicha reclamación en disputa, (ii) el monto que el Tribunal del Título III de conformidad con la sección 502 de la Ley de Quiebras estime que constituya y represente el importe máximo por el cual dicha Reclamación en disputa se convierta en última instancia en una Reclamación admitida, y (iii) aquel otro importe que pudiesen convenir el tenedor de dicha Reclamación en disputa y COFINA Reorganizada. <u>Disponiéndose, sin embargo</u>, que el recobro por parte de cualquier tenedor de una Reclamación en disputa no excederá de la menor de las cuantías de los subapartados (i), (ii) y (iii) precedentes. Cualquier Efectivo de COFINA disponible para Distribución, Efectivo y Monto de Redondeo de Efectivo previstos por la Sección 103, y Bonos de COFINA retenidos para beneficio del tenedor de una Reclamación en disputa tendrá el tratamiento de pago y reducción a cuenta de dicha

19

Reclamación en disputa, a efectos del cálculo de las cuantías adicionales que vayan a pagarse en Efectivo distribuido a los Bonos de COFINA, para el caso de que la Reclamación en disputa se convierta, en última instancia, en una Reclamación permitida. Dicho Efectivo y tales dividendos, ganancias o ingresos pagados a cuenta de los Bonos de COFINA (en su caso) retenidos para beneficio de los tenedores de Reclamaciones en disputa, serán retenidos por la COFINA Reorganizada para beneficio de tales tenedores hasta la determinación de sus derechos sobre los mismos de conformidad con los términos y condiciones del Plan. En la medida en que la COFINA Reorganizada retuviese Bonos de COFINA en nombre de los tenedores de Reclamaciones en disputa hasta el momento en que se distribuyan tales Bonos de COFINA, la COFINA Reorganizada ejercitará los derechos de voto o de consentimiento atribuibles a dichos bonos.

24. <u>Sin enmiendas a las Evidencias de reclamaciones</u>. A partir de la fecha de la Vista de ratificación no será posible radicar ni enmendar una evidencia de Reclamación sin la autorización del Tribunal.

25. <u>Condiciones para la Fecha de Entrada en Vigor</u>. El Plan no entrará en vigor a menos y hasta que se hayan satisfecho las condiciones de la Sección 25.1 del Plan, o su cumplimiento haya sido dispensado en virtud de la Sección 25.2 del mismo.

26. <u>Fecha límite para radicar reclamaciones administrativas</u>. El último día para radicar evidencias de Reclamaciones Administrativas de gastos será sesenta (60) días a contar desde la Fecha de Entrada en Vigor, tras la cual toda aquella reclamación de cuya radicación no se haya presentado evidencia quedará definitivamente excluida, y ni COFINA ni la COFINA reorganizada tendrán ninguna obligación sobre el particular, <u>disponiéndose, sin embargo</u>, que no se exigirá evidencia de radicación de una reclamación de esta índole si dicha reclamación de gastos administrativos se hubiese incurrido (i) de conformidad con una orden del Tribunal, o bien (ii) con el consentimiento por escrito de COFINA, <u>disponiéndose, además</u>, que de acuerdo con la Sección 503(b)(1)(D) del Código de Quiebras, aplicable en este caso a tenor de la sección 301 de la Ley PROMESA, ninguna entidad gubernamental, incluyendo, entre otros, el IRS, vendrá obligado a radicar una evidencia de radicación de una Reclamación de gastos administrativos hasta dicha fecha para poder ser considerada, y

disponiéndose, además, que dicha evidencia de Reclamación de gastos administrativos por parte de una entidad gubernamental estará sujeta a los derechos e intereses de COFINA y de la COFINA Reorganizada, según proceda, y cualquier parte interesada en interponer una objeción u otro alegato a la asignación o pago de la misma.

27. Reclamaciones de compensaciones profesionales y reintegros. A todas las entidades a las que el Tribunal adjudique compensaciones o reintegros de gastos, estos se pagarán íntegramente, en efectivo, en las cuantías establecidas por el Tribunal (a) a la mayor brevedad razonablemente posible desde (i) la Fecha de Entrada en Vigor, y (ii) la fecha en que sea firme la orden del tribunal autorizado dichas reclamaciones —lo que más tarde se produzca—, o bien (b) a tenor de aquellos otros términos, en condiciones no menos favorables para el reclamante, que puedan convenir el reclamante y las Partes del Gobierno, disponiéndose, sin embargo, que, con las salvedades aquí previstas, cada Profesional deberá radicar su solicitud de compensación en concepto de servicios profesionales prestados y reintegro de gastos a más tardar a los ciento veinte (120) días a contar desde la Fecha de Entrada en Vigor. COFINA Reorganizada está autorizada para pagar compensaciones por los servicios profesionales prestados, y reintegrar los gastos incurridos después de la Fecha de Entrada en Vigor, en el transcurso normal de sus actividades y sin necesidad de autorización del Tribunal.

28. Costos de consumación. No obstante cualquier disposición en sentido contrario contenida en este Plan o en esta Orden, con el objeto de compensar a las Partes los Costos de consumación incurridos en concepto de negociación, ratificación y consumación de la Hoja de condiciones y del Plan, y como contrapartida por (a) la negociación, ejecución y otorgamiento del PSA por cada Parte de los Costos de consumación, y (b) las obligaciones y convenios contenidos en el PSA, en la Fecha de Entrada en Vigor cada Parte de los Costos de consumación percibirá, en función de las respectivas posiciones en dicha Entidad (tanto aseguradas como si no) a las 05:00 p.m. (EDT) del 7 de agosto de 2018, su Participación Prorrateada en Efectivo por una cuantía equivalente al dos por ciento (2.0%), redondeada a dos lugares decimales de(i) el importe total de las Reclamaciones de Bonos Prioritarios de COFINA, las Reclamaciones de Bonos Prioritarios de COFINA (Ambac), las Reclamaciones de Bonos Prioritarios de COFINA (National), las

Reclamaciones de Bonos subordinados de COFINA, las Reclamaciones de Bonos subordinados de COFINA (Assured), las Reclamaciones de Bonos Prioritarios de COFINA imponibles y las Reclamaciones de Bonos subordinados de COFINA imponibles (calculados sin duplicación), menos (ii) mil millones de dólares ($1,000,000,000.00); disponiéndose, sin embargo, que no obstante lo dispuesto en las disposiciones precedentes de este apartado y en la Sección 3.3 del Plan, los importes debidos a Aurelius Capital Master, Ltd. y a Six PRC Investments LLC como consecuencia de ser Partes de los Costos de consumación (i) no se tomarán en cuenta en relación con los cálculos de referencia precedentes con respecto a los pagos a las demás Partes de los Costos de consumación, pagos estos que podrá realizar COFINA o la COFINA reorganizada, según sea el caso, y (ii) con respecto a los pagos abonados a Aurelius Capital Master, Ltd. y a Six PRC Investments LLC, se tomarán en cuenta en relación con los cálculos precedentes de todas las Partes de los Costos de consumación, pago estos a Aurelius Capital Master, Ltd. y a Six PRC Investments LLC efectuados por el Estado Libre Asociado de conformidad con las cláusulas de la Sección 15.2 del Plan y disponiéndose, además, que, con respecto a las Reclamaciones de Bonos Prioritarios de COFINA(Ambac) y a las Reclamaciones de Bonos Prioritarios de COFINA (National), salvo que se convenga algo distinto con Ambac y National. Con sujeción a los términos y condiciones del Artículo XVII del Plan, Ambac o National, según sea el caso, y no los tenedores beneficiarios de dichas Reclamaciones de Bonos Prioritarios de COFINA (Ambac) y Reclamaciones de Bonos Prioritarios de COFINA (National), independientemente de si dicho tenedor beneficiario sea también una Parte de los Costos de consumación, recibirá el importe en Efectivo que de otro modo se hubiese distribuido a las demás Partes de los Costos de consumación, de acuerdo con lo dispuesto por la Sección 3.3 del Plan y disponiéndose, además, que con respecto a las Reclamaciones de Bonos Subordinados de COFINA (Assured), será Assured, y no los tenedores beneficiarios de las Reclamaciones de Bonos Subordinado de COFINA (Assured) quien recibirá el importe de Efectivo distribuible por cuenta de las Reclamaciones de los de Bonos Subordinados de COFINA (Assured) de conformidad con lo dispuesto por la Sección 3.3 del Plan.

29.    Cancelación y descargo de reclamaciones y causas de acción.

(a)      Salvo las excepciones expresamente previstas en el Plan o en este documento, todas las distribuciones y derechos otorgados por el Plan serán a cambio de la completa satisfacción, resolución, descargo y cancelación de todas las Reclamaciones o Causas de acción contra COFINA generadas, total o parcialmente, antes de la Fecha de Entrada en Vigor, relacionadas con COFINA, la COFINA Reorganizada o cualquiera de sus Activos, bienes o intereses de toda índole, incluyendo los intereses devengados por dichas Reclamaciones a partir de la Fecha de petición, e independientemente de si alguno de los bienes vaya a ser distribuido o retenido en virtud del Plan a cuenta de las citadas Reclamaciones o Causas de acción. A la Fecha de Entrada en Vigor, se considerará que COFINA y la COFINA Reorganizada quedan libradas y eximidas de todas y cada una de las Reclamaciones, Causas de acción y demás deudas que se produjeron, total o parcialmente, antes de la Fecha de Entrada en Vigor (incluyendo antes de la Fecha de petición), y todas las deudas del tipo especificado en las secciones 502(g), 502(h) o 502(i) del Código de Quiebra, tanto si (a) se ha radicado como si no, una evidencia de reclamación de que dicha deuda ha sido radicada o considerada radicada de conformidad con la sección 501 del Código de Quiebras, (b) se admite o no una Reclamación basada en dicha deuda de conformidad con la sección 502 del Código de Quiebras (o si se resuelve de alguna otra manera), o bien (c) el titular de una Reclamación derivada de dicha deuda vota por aceptar el Plan.

(b)      Con las salvedades previstas en las Secciones 1.151 y 30.11 del Plan o en este documento, se impedirá a todas las Entidades plantear cualquier tipo de Reclamación contra COFINA, la COFINA Reorganizada y cada uno de sus respectivos Activos, bienes, derechos, recursos, Reclamaciones, Causas de acción o pasivos de cualquier naturaleza relacionados con COFINA o la COFINA Reorganizada, o cualquiera de sus respectivos Activos y bienes, incluyendo los derechos devengados por dichas Reclamaciones a partir de la Fecha de petición, e independientemente de si algún bien ha sido distribuido o Retenido en virtud del Plan, a cuenta de dichas Reclamaciones u otras obligaciones, pleitos, sentencias, daños, deudas, derechos, recursos, causas de acción o pasivos. De conformidad con lo antedicho, y con las excepciones expresamente previstas por el Plan o por esta Orden, esta Orden constituirá una sentencia judicial, a partir de la Fecha de Entrada en Vigor, para la cancelación y descargo de todas las citadas Reclamaciones, Causas

23

de acción o deudas de, o contra, COFINA, de acuerdo con las secciones 524(a)(1), 524(a)(2) y 944(b) del Código de Quiebras, aplicables al Caso del Título III en virtud de la sección 301 de la Ley PROMESA. Dicho descargo dejará nula y extinguirá cualquier sentencia obtenida contra COFINA o la COFINA Reorganizada, y sus respectivos Activos y bienes, en la medida en que la sentencia esté relacionada con una Reclamación, deuda u obligación descargada. A partir de la Fecha de Entrada en Vigor, y como contrapartida del valor aportado por el Plan y el Acuerdo de Conciliación, se considerará que cada Reclamación de cualquier Clase prevista en este Plan queda totalmente renunciada y cancelada contra COFINA y la COFINA Reorganizada, sus respectivos Activos y bienes, y todas las Reclamaciones de esta índole.

(c)     No obstante lo dispuesto en este apartado y en la Sección 30.2 del Plan, de acuerdo con las cláusulas del PSA, se considerará que cada uno de los Acreedores del PSA y sus respectivas Personas relacionadas, exclusivamente en su calidad de Acreedores de COFINA (i) ha convenido no demandar ni proceder o buscar recobrar daños u otros tipos de reparaciones contra cualquiera de los Descargos del Gobierno basadas en, o relacionadas con, Descargos de reclamaciones del Gobierno o cualquiera de las reclamaciones o causas de acción incoadas o que pudiesen haberse incoado en las Acciones, (ii) no ayudará, ni directa ni indirectamente, a ninguna persona a emprender alguna acción con respecto a los Descargos de reclamaciones del Gobierno que esté prohibida por este subapartado y por la Sección 30.2(c) del Plan, y (iii) se considerará que ha convenido no demandar ni proceder o buscar recobrar daños u otros tipos de reparaciones contra BNYM y cada una de sus Personas relacionadas, a tenor de cualesquiera Reclamaciones y causas de acción derivas de, o relacionadas con, los Títulos existentes, las Reclamaciones de Bonos y la Resolución de bonos, disponiéndose, sin embargo, que el descargo previsto por la subcláusula (iii) precedente no se extenderáa todas y cada una de las reclamaciones o causas de acción por negligencia grave, conducta dolosa y fraude intencionado sostenidas o que pudiesen sostener Ambac o Whitebox en la Acción de Ambac y en las Acciones de Whitebox, respectivamente.

(d)     En la Fecha de Entrada en Vigor, y como contrapartida por la Resolución de la Controversia entre el Estado Libre Asociado y COFINA y por el compromiso y resolución de las

Reclamaciones de Bonos en virtud de los términos y condiciones del Plan (incluyendo, entre otros, las distribuciones a realizar a cuenta de los Títulos existentes "Prioritarios" y "Primeros subordinados"), la resolución de la Acción de Interpelación y los términos y condiciones de la Sección 19.5 del Plan relativos a la Acción de Ambac y a las Acciones de Whitebox, en la máxima medida en que lo permita la legislación vigente, BNYM y cada tenedor y tenedor usufructuario de los Títulos existentes y sus beneficiarios de transferencias, sucesores o cesionarios, quedarán libres de responsabilidad de cara a todas las Reclamaciones y Causas de acción derivadas de, o relacionadas con, el abono por BNYM a los tenedores beneficiarios de los Títulos existentes de los pagos periódicos previstos de capital e intereses con respecto a los mismos, disponiéndose, si embargo, que el citado descargo de BNYMno se extenderá, ni se interpretará que se extiende, a actos de negligencia grave, fraude intencional o conducta dolosa de BNYM, incluyendo, entre otros, actuaciones que se determinen, o pudiesen haberse determinado, en la Acción de Ambac y en las Acciones de Whitebox.

(e) En la Fecha de Entrada en Vigor, (i) el Agente de COFINA y sus agentes, apoderados, afiliados, asesores, consultores y abogados, exclusivamente en su calidad de tales (colectivamente, los "Beneficiarios de los descargos del Agente de COFINA"),y (ii) el Agente del Estado Libre Asociado y el Comité de Acreedores, sus integrantes y cada uno de sus actuales y antiguos directivos, consejeros, agentes, apoderados, empleados, afiliadas, asesores, consultores y abogados, exclusivamente en capacidad de tales (colectivamente, los "Beneficiarios de los descargos del Agente del Estado Libre Asociado"), quedarán librados de responsabilidades por todas las Reclamaciones y Causas de acción (como si dichas causas de acción fuesen contra los Beneficiarios de los descargos del Agente del Estado Libre Asociado y los Beneficiarios de los descargos del Agente de COFINA, según corresponda) con respecto al Procedimiento contencioso, el Acuerdo de principio, el Acuerdo de Conciliación, la Moción de Resolución y la Orden de Resolución.

(f) En la Fecha de Entrada en Vigor, y como contrapartida por la Resolución de la Controversia entre el Estado Libre Asociado y COFINA y la resolución de Acción de Interpelación, en la máxima medida que lo autorice la legislación vigente, el Estado Libre Asociado quedará descargado de cualquier responsabilidad por todas las Reclamaciones y Causas de acción mantenidas

por cualquier Acreedor, exclusivamente en calidad de tal, derivadas de, o relacionadas con, las relaciones del Estado Libre Asociado y COFINA, incluyendo, entre otros, toda Reclamación o Causa de acción derivada de, o relacionada con, el comienzo o continuación del Procedimiento contencioso, y el compromiso y resolución de la Acción de Interpelación y la asignación de fondos de conformidad con la Sección 2.1 del Plan.

30. <u>Descargos por COFINA y COFINA Reorganizada</u>. Salvo si el Plan, esta Orden, o el Acuerdo de Conciliación establece expresamente algo distinto, en la Fecha de Entrada en Vigor y con las contrapartidas adecuadas, se considerará que tanto COFINA como la COFINA Reorganizada, el Agente pagador y cada una de las Personas relacionadas de COFINA y de COFINA Reorganizada (aparte de cualquier antiguo directivo, consejero o funcionario electo o designado de cualquiera de las Partes del Gobierno y del Estado Libre Asociado, actuando en cada caso en su calidad de tales a 1 de enero de 2017)[5] han dispensado, librado, exonerado, absuelto y descargado irrevocable, incondicional, plena y definitivamente a las Partes Liberadas de todas y cada una de las Reclamaciones o Causas de acción que COFINA, la COFINA Reorganizada y el Agente Pagador, o cualquiera de ellos, así como todo aquel que reclame a través de los mismos, en su nombre o para su beneficio, tengan o puedan tener ahora o en el futuro contra cualquiera de las Partes Liberadas (salvo los antiguos directivos, consejeros o funcionarios electos o designados de cualquiera de las Partes del Gobierno y del Estado Libre Asociado, en cada caso actuando en su calidad de tales antes del 1 de enero de 2017) que sean las Reclamaciones Renunciadas o basadas en las mismas, o derivadas de o relacionadas total parcialmente de ellas, en cualquier acción, omisión, evento u otra circunstancia vinculada con COFINA que tenga lugar o exista hasta la Fecha de Entrada en Vigor, y/o cualquier Reclamación, acto, hecho, transacción, declaración u omisión en relación alegado o que pudiese alegarse en las Acciones y las Acciones relacionadas, incluyendo, entre otros, aquellas Reclamaciones, derechos, responsabilidades o causas de acciones para indemnizaciones, aportaciones u otros fundamentos en derecho o equidad para daños, costos u honorarios; <u>disponiéndose, sin embargo</u>, que no obstante lo dispuesto en sentido contrario en el Plan, el concepto "Personas relacionadas" no incluirá a los

---

[5]La fecha en que tomó posesión la actual administración del Gobierno de Puerto Rico. Las reclamaciones de indemnizaciones, si las hubiere, resultantes de las Reclamaciones no descargadas, sobrevivirán a la ratificación y vigencia del Plan.

asesores financieros, banqueros de inversiones, aseguradoras, abogados, contadores, agentes y profesionales del Estado Libre Asociado y de COFINA, solamente en la medida en los servicios prestados en relación con la emisión de los Valores actuales y disponiéndose, además, que los demandantes de determinados procedimientos contradictorios ante el Tribunal del Título III, caratulados Cooperativa de Ahorro y Crédito Abraham Rosa y otros, contra el Estado Libre Asociado de Puerto Rico, y otros,Pro. Cont.núm. 18-00028, tendrán derecho a continuar dichos pleitos contra todas las partes, salvo COFINA y la COFINA Reorganizada, con sujeción a todos los derechos y defensas disponibles con respecto a las reclamaciones y causas de acción allí planteadas.

31. Cláusulas de descargo y exculpación. Con las excepciones previstas en esta Orden, todas las cláusulas de descargo y exculpación, incluyendo, entre otras, las contenidas en el Artículo XXX del Plan, quedan aprobadas, entrarán en vigor y serán vinculantes para todas las Entidades, salvo las aquí estipuladas.

32. Mantenimiento de ciertas reclamaciones y causas de acción. No obstante cualquier disposición en sentido contrario contenida en esta Orden o en el Plan, incluyendo, entre otros, las disposiciones del Artículo XXX, Ambac y Whitebox podrán mantener, y no se les prohibirá ni impedirá de ningún otro modo, ejercitar todas las reclamaciones y causas de acción, tanto contractuales como extracontractuales, exclusivamente por negligencia grave, conducta dolosa o fraude intencionado que se incoaran, o pudiesen haberse incoado, contra BNYM en la Acción de Ambac, las Acciones de Whitebox o la Acción de Interpelación. BNYM podrá mantener, y no se le prohibirá ni impedirá de ningún otro modo, ejercitar todas las reclamaciones y causas de acción, y

hacer valer sus derechos y defensas contra Ambac y Whitebox derivados de, o relacionados con, la Resolución de Bonos.

33. **Medida cautelar sobre reclamaciones. Con las excepciones expresamente previstas en la Sección 30.11del Plan, en esta Orden o en aquella otra Orden definitiva del Tribunal del Título III que pudiese ser aplicable, a partir de la Fecha de Entrada en Vigor todas las Entidades que hayan incoado, mantengan o pudiesen incoar Reclamaciones u otros tipos de deudas o pasivos cancelados o descargados en virtud de la Sección 30.2, tendrán prohibido de manera permanente (a) iniciar o continuar, directa o indirectamente y de <u>cualquier</u> forma, toda acción u otro procedimiento (incluyendo, entre otros, judicial, arbitral, administrativo o de otra índole) de cualquier tipo basado sobre tal Reclamación u otra deuda o pasivo que hayan quedado descargados en virtud del Plan contracualquiera de las Partes Liberadas o cualquiera de sus respectivos activos o bienes, (b) la ejecución, embargo, recaudación o recobro, mediante cualquier medio y forma, de una sentencia, laudo, decreto u orden contra cualquiera de las Partes Liberadas o cualquiera de sus respectivos activos o bienes a cuenta de cualquier Reclamación u otras deudas o pasivos descargados en virtud del Plan, (c) la creación, perfeccionamiento o ejecución de cargas de todo tipo contra cualquiera de las Partes Liberadas o cualquiera de sus respectivos activos por cuenta de alguna Reclamación u otra deuda o pasivo descargados en virtud del Plan, y (d) con las excepciones previstas, permitidas o mantenidas por las secciones 553, 555, 556, 559 o 560 del Código de Quiebras o en virtud de los derechos de recobro del derecho común, hacer valer cualquier derecho de compensación, subrogación o recobro contra todo tipo de obligaciones derivadas de cualquiera de las Partes Liberadas o sus respectivos activos o bienes, con respecto a aquellas Reclamaciones u otras deudas o pasivos cancelados en virtud del Plan. Dicha medida cautelar se extenderá a todos los sucesores y cesionarios de las Partes Liberadas y de sus respectivos activos y bienes.**

34. **Medidas cautelares en materia de descargos. A partir de la Fecha de Entrada en Vigor, todas las Entidades que mantengan, hubiesen o pudiesen haber mantenido una Reclamación Renunciada de conformidad con la Sección 30.5 del Plan, tendrán prohibido,**

restringido, suspendido y limitado, de manera completa, absoluta y permanente, el derecho de emprender cualquiera de las siguientes acciones, tanto directa como indirectamente o derivada, por cuenta de, o fundamentada en, el asunto de referencia de dichas Reclamaciones Renunciadas: (i) iniciar, incoar o continuar, de cualquier modo, directa o indirectamente, cualquier pleito, actuación u otro proceso (incluyendo, entre otros, cualquier procedimiento judicial, arbitral, administrativo o de otra índole) ante cualquier foro; (ii) ejecutar, embargar (incluyendo, entre otros, cualquier embargo cautelar), recaudar o pretender de algún modo recobrar alguna sentencia, laudo, auto judicial u otra orden; (iii) crear, perfeccionar o de algún otro modo ejecutar, directa o indirectamente, cualquier gravamen; (iv) compensar, buscar un reintegro o contribuciones de, o la subrogación, cualquier recobro, de cualquier modo, directo o indirectamente, de alguna cuantía en concepto de alguna responsabilidad u obligación debida a cualquier Entidad liberada de acuerdo con la Sección 30.5 del Plan; e (v) iniciar o continuar de cualquier modo, en cualquier sede, algún procedimiento judicial, administrativo o de arbitraje, ante cualquier foro, que incumpla o sea incongruente con las disposiciones del Plan o de esta Orden.

35.   Exculpación.

(a)   Partes del Gobierno: La Junta de Supervisión, el Estado Libre Asociado, la AAFAF,COFINA, los Beneficiarios de descargos del Agente del Estado Libre Asociado y cada una de sus respectivas Personas relacionadas, actuando exclusivamente en su calidad de tales, en todo momento (incluyendo la Fecha de Entrada en Vigor o aquella otra fecha posterior que fuese necesaria para implementar cualesquiera transacciones posteriores a la Fecha de Entrada en Vigor contempladas por el Plan), no tendrán, ni incurrirán en, ninguna responsabilidad ante cualquier Entidad por cualquier acción u omisión relacionada con el Caso del Título III, la formulación, preparación, difusión, implementación, ratificación o aprobación del Plan o cualesquiera compromisos o resoluciones aquí contenidos, la Declaración de divulgación, el Acuerdo de Conciliación o cualquier

contrato, instrumento, descargo u otro acuerdo o documento previsto o contemplado en conexión con la consumación de las transacciones detalladas en el Plan y en el Acuerdo de Conciliación, disponiéndose, sin embargo, que las disposiciones precedentes de este subapartado y de la Sección 30.7(a) del Plan no afectarán a la responsabilidad de alguna Entidad que de otro modo se derivase de dicha acción u omisión, en la medida en que en una Orden final se determine que tal acción ha constituido fraude intencionado o conducta dolosa. Nada de lo contenido en las disposiciones precedentes del presente subapartado y de la Sección 30.7(a) del Plan será en perjuicio del derecho de cualquiera de las Partes del Gobierno, sus directivos y consejeros que hayan ocupado cargos en cualquier momento hasta la Fecha de Entrada en Vigor (inclusive, o en cualquier otra fecha posterior necesaria para implementar las transacciones previstas por el Plan), y cada uno de sus respectivos profesionales, para alegar el haberse basado en el asesoramiento de un consejero como defensa con respecto a sus obligaciones y responsabilidades a tenor del Plan. Los Beneficiarios de los descargos del Gobierno serán considerados "Parte Liberada" de conformidad con el Plan, y se considerará que las cláusulas de descargo y exculpación contenidas en la Sección 30.7(a) del Plan son aplicables a los mismos.

(b)      Aseguradoras monolínea: Ambac, Assured y National, así como sus respectivas Personas relacionadas, no tendrán, ni habrán incurrido en, ninguna responsabilidad de cara a cualquier Entidad por las acciones u omisiones relacionadas con el Plan en relación con la formulación, preparación, difusión, implementación, ratificación o aprobación del Plan, incluyendo, entre otros, con la estructuración de los Fideicomisos, la conmutación, el tratamiento de las Reclamaciones de Bonos prioritarios de COFINA (Ambac), de los Bonos subordinados de COFINA (Assured), de las Reclamaciones de Bonos prioritarios de COFINA (National), de los procedimientos de votación y elecciones, y cualquier descarga de obligaciones con arreglo a las Pólizas de seguros correspondientes; disponiéndose, sin embargo que, no obstante lo dispuesto en sentido contrario aquí o en el Plan, los términos y condiciones del Plan y de esta Orden no tendrán como efecto cancelar o exculpar, ni se interpretarán de tal modo: (1) con las salvedades estipuladas en el acuerdo del

Fideicomiso de Ambac con respecto a cualquier tenedor beneficiario de los Bonos asegurados por Ambac que reciban Certificados de Ambac con arreglo al Plan, todas las reclamaciones contra Ambac relacionadas con las obligaciones de Ambac derivadas de la Póliza de seguro de Ambac (que solamente podrán ser incoadas por el fideicomisario del Fideicomiso de Ambac), ajustadas para tomar en cuenta cualquier distribución del Fideicomiso de Ambac (y aquellas reclamaciones de subrogación que Ambac pudiese tener en virtud de los términos y condiciones de la Póliza de seguro de Ambac y cualesquiera otras reclamaciones o alegaciones que Ambac pudiese plantear contra un tenedor beneficiario de tales Bonos asegurados por Ambac con respecto a las obligaciones de Ambac asumidas en dicha Póliza de seguro); (2) con las salvedades estipuladas en el acuerdo del Fideicomiso de National con respecto a cualquier tenedor beneficiario de los Bonos asegurados por National que reciban Certificados de National con arreglo al Plan, todas las reclamaciones contra National relacionadas con las obligaciones de National derivadas de la Póliza de seguro de National (que solamente podrán ser incoadas con arreglo a las Pólizas de seguro de National), ajustadas para tomar en cuenta cualquier distribución del Fideicomiso de National (y aquellas reclamaciones de subrogación que National pudiese tener en virtud de los términos y condiciones de las Pólizas de seguro de National y cualesquiera otras reclamaciones o alegaciones que National pudiese tener contra un tenedor beneficiario de dichos Bonos asegurados por National con respecto a las obligaciones de National para con dichos tenedores de conformidad con las Pólizas de seguro de National); o bien (3) con respecto a cualquier titular beneficiario de Bonos asegurados por Assured, cualquier obligación de pago sujeta a la Póliza de seguro de Assured pertinente, con arreglo a sus términos y condiciones, exclusivamente en la medida de cualquier omisión de Assured de pagar íntegramente el Precio de aceleración aplicable (o aquellas reclamaciones que Assured pudiese tener contra un tenedor beneficiario de Bonos asegurados por Assured con respecto a las obligaciones asumidas por Assured en las Pólizas de seguro de Assured).

(c) <u>Acreedores y Bonistas del PSA</u>: Cada uno de los Acreedores y Bonistas del PSA, exclusivamente en su calidad de tal, es parte del PSA y un Acreedor, según proceda, desde la Fecha de petición y hasta la Fecha de Entrada en Vigor (incluida). Cada una de sus respectivas Personas

relacionadas no podrá tener, ni incurrir en, ninguna responsabilidad de cara a cualquier Entidad por alguna acción u omisión relacionada con el Caso del Título III, la formación, preparación, difusión, implementación, ratificación o aprobación del Plan o de cualquiera de los compromisos o resoluciones aquí contenidos, la Declaración de Divulgación, el Acuerdo de Conciliación o cualquier contrato, instrumento, descargo, acuerdo o documento previsto o contemplado en relación con la consumación de las transacciones previstas en el Plan y en el Acuerdo de Conciliación, disponiéndose, sin embargo, que las disposiciones precedentes de este subapartado y de la Sección 30.7(c) del Plan no afectará a la responsabilidad de una Entidad que pudiese derivarse de tal acción u omisión en la medida en que, en la Orden final, se determine que constituyó fraude intencionado o conducta dolosa.

(d)      Agentes: Cada uno de los Agentes de COFINA y del Estado Libre Asociado, exclusivamente en calidad de agente de la Junta de Supervisión facultado para litigar y/o resolver la Controversia entre el Estado Libre Asociado y COFINA, no podrá tener ni incurrir en ninguna responsabilidad ante cualquier Entidad por alguna acción u omisión relacionada con el Caso del Título III, la Controversia entre el Estado Libre Asociado y COFINA, incluyendo, entre otros, la Orden de la Controversia entre el Estado Libre Asociado y COFINA, el Procedimiento contencioso, la Conciliación de la Controversia entre el Estado Libre Asociado y COFINA, el Acuerdo de Conciliación, la Moción de Resolución y la Orden de Resolución.

36. Litigios relacionados con nombramientos. No obstante lo dispuesto en sentido contrario en este documento o en el Plan, en caso de que se dictase una Orden final con respecto a los Litigios relacionados con nombramientos con posterioridad al apunte en el expediente de la Orden de Resolución y de la presente Orden, como contrapartida por las distribuciones realizadas, a realizar o que se considere que debiesen realizarse de conformidad con los términos y condiciones del Plan y de los documentos e instrumentos vinculados al mismo, y que todos los Acreedores u otras Entidades debiesen recibir, o que se considerase que debiesen hacerlo, las distribuciones derivadas de la aceptación y aprobación del Plan o de esta Orden, la citada Orden final no podrá en modo alguno anular, afectar ni modificar de ningún modo las transacciones contempladas en el Plan, el Acuerdo de

32

Conciliación, esta Orden y la Orden de Resolución, incluyendo, entre otros, el compromiso y la resolución de la Controversia entre el Estado Libre Asociado y COFINA, junto con los descargos, exculpaciones y medidas cautelares previstos por el Artículo XXX del Plan y en este documento.

37.     **Orden de restricción. En la medida limitada prevista por el Plan, queda permanentemente prohibido, restringido y excluido a todas las Entidades plantear, incoar, reivindicar o plantear de cualquier modo todas y cada una de las reclamaciones, demandas, derechos, responsabilidades o causas de acción de toda índole, en derecho o en equidad, conocidas o desconocidas, directas o derivadas, formuladas o no formuladas, contra cualquiera de las Partes Liberadas, relacionadas o conectadas con, o derivadas de, cualquiera de las Reclamaciones Renunciadas, la ratificación y consumación del Plan, la negociación y consumación del Acuerdo de Conciliación, o cualquier reclamación, acción, hecho, transacción, evento, declaración u omisión en conexión, o supuestamente en conexión, con las Acciones relacionadas, incluyendo, entre otros, aquellas reclamaciones, demandas, derechos, responsabilidades o causas de acción para obtener indemnizaciones, contribuciones u otros, fundamentados en derecho o en equidad, por daños, costos u honorarios incurridos, directa o indirectamente, o de otra manera, con las Acciones relacionadas, por parte de cualquier Persona para beneficio directo o indirecto de cualquier Parte Liberada, como consecuencia de, o relacionada con, las reclamaciones, hechos, transacciones, eventos, declaraciones u omisiones que sea, o pudiesen haber sido o alegadas, en las Acciones relacionadas u otras que pudiesen incoarse por, a través o en nombre de, o para beneficio de cualquiera de las Partes Liberadas (ya sea que surja de cualquier ley federal, estatal o extranjera, e independientemente de dónde se reivindiquen).**

38.     **Medida cautelar complementaria. No obstante lo dispuesto en sentido contrario en este Plan, y con las salvedades previstas en este[6], todas las Entidades, incluyendo aquellas que actúen en su propio nombre, que actualmente mantengan o reivindiquen, o hubiesen mantenido**

---

[6]A efectos de disipar cualquier duda, ninguna Reclamación o Causa de acción mantenida por el Estado Libre Asociado con respecto a la emisión de los Títulos existentes podrá cancelarse, descargarse o prescribirse en virtud de esta Orden o del Plan (salvo en la medida limitada en que dichas Reclamaciones o Causas de acción sean descargadas o canceladas de conformidad con los apartados 7, 29, 30, 31 y 35 de esta Orden, o las Secciones 2.1, 30.2, 30.5, 30.7 del Plan).

o reivindicado o pudiesen mantener o reivindicar, cualquier **Reclamación Renunciada** contra alguna de las **Partes Liberadas**, basada o atribuible a, derivada de, o relacionada con, cualquier **Reclamación contra COFINA**, sea donde fuere que se hubiese incoado, tanto en EE.UU. como en cualquier otro lugar del mundo, y con fundamentos contractuales, extracontractuales, garantías, estatutos u otras bases jurídicas, de equidad u otras, tienen y se considera que tendrán permanentemente suspendido, restringido y prohibido emprender cualquier acción contra cualquiera de las **Partes Liberadas** con el objeto de recaudar, recobrar o recibir, directa o indirectamente, cualquier pago o recobro relacionado con cualquiera de las **Reclamaciones Renunciadas** incoadas antes de la **Fecha de Entrada en Vigor** (incluyendo la **Fecha de petición**), incluyendo, entre otros:

(a)     Iniciar o continuar, de cualquier modo, cualquier acción o procedimientos de toda índole con respecto a dichas **Reclamaciones Renunciadas** contra alguna de las **Partes Liberadas**, o los activos o bienes de cualquiera de ellas;

(b)     Ejecutar, forzar, cobrar o recobrar, de cualquier manera o mediante cualquier método, cualquier sentencia, laudo, decreto u orden contra cualquiera de las **Partes Liberadas** o sus activos o bienes, con respecto a cualquiera de las **Reclamaciones Renunciadas**;

(c)     Crear, perfeccionar o ejecutar gravámenes de todo tipo contra cualquiera de las **Partes Liberadas**, sus activos o bienes, con respecto a cualquiera de las **Reclamaciones Renunciadas**;

(d)     Con las excepciones expresamente previstas en el **Plan**, en esta **Orden** o en el **Acuerdo de Conciliación**, la reivindicación, implementación o ejercitación de cualquier compensación, derecho de subrogación, indemnización, aportación o recobro de cualquier tipo contra alguna obligación debida a alguna de las **Partes Liberadas** o sus bienes con respecto a la **Reclamación Renunciada**; y

(e)     Emprender cualquier actuación, de algún modo y en cualquier lugar, no conforme con, o que no cumpla, la disposiciones del **Plan**, esta **Orden** o el **Acuerdo de Conciliación** en relación con la citada **Reclamación Renunciada**, __disponiéndose, sin embargo__, que el cumplimiento por parte del **Deudor** de los requisitos formales de la Regla 3016 no constituirá una admisión de que el **Plan** supone una medida cautelar contra conductas no contempladas por el **Código de Quiebras**.

39.     Descargos y exculpación del Agente de COFINA y del Agente del Estado Libre Asociado. En la **Fecha de Entrada en Vigor**, en la máxima medida en que lo permita la legislación vigente, los **Beneficiarios de los descargos del Agente de COFINA y del Estado Libre Asociado** quedarán descargados de cualquier responsabilidad frente a todas las **Reclamaciones** y **Causas de**

acción (como si se dirigiesen contra los Beneficiarios de los descargos del Agente de COFINA y del Estado Libre Asociado, según corresponda) con respecto al Procedimiento contencioso y el Plan.

40. <u>Plazo de las medidas cautelares o paralizaciones existentes</u>. Salvo que el Plan o esta Orden estipulasen algo distinto, todos las medidas cautelares o paralizaciones en vigor en el Caso del Título III (en virtud de las secciones 105, 362 o 922 del Código de Quiebras, o cualquier orden del Tribunal del Título III) existentes en la Fecha de ratificación (excluyendo aquellas medidas cautelares o paralizaciones contenidas en el Plan o en esta Orden) se mantendrán en pleno vigor y efecto hasta la Fecha de Entrada en Vigor. Todas las medidas cautelares y paralizaciones contenidas en el Plan o en esta Orden se mantendrán en pleno vigor y efecto de conformidad con sus términos y condiciones.

41. <u>Enjuiciamiento de las Reclamaciones</u>. Excepto tal y como se estipula y determina aquí, a partir de la Fecha de Entrada en Vigor, la COFINA Reorganizada tendrá el derecho y potestad exclusivos para litigar cualquier Reclamación o Causa de acción que constituyese un Activo de COFINA, incluyendo, entre otros, cualquier Acción de evitación y otras Causas de acción, derechos de pago o Reclamaciones que pudiesen estar pendientes en la Fecha de Entrada en Vigor o que COFINA o la COFINA Reorganizada incoasen con posterioridad. Estará asimismo facultada para negociar y resolver dichas reclamaciones sin necesidad de autorización del Tribunal.

42. <u>Obligaciones de indemnización y de reintegro</u>. Para todos los efectos del Plan, (i) en la medida de que sean condicionales, las obligaciones de COFINA, incluyendo, entre otros, las pólizas de seguros de sus consejeros y directivos, para indemnizar y reembolsar a los actuales o a los anteriores, respectivamente, a más tardar en la Fecha de petición, se considerarán asumidas en la Fecha de Entrada en Vigor, y (ii) las obligaciones de indemnización de COFINA derivadas de la conducta de directivos y consejeros durante el período a partir de la Fecha de petición serán Reclamaciones de gastos administrativos.

43. <u>Cumplimiento de los requisitos tributarios</u>. Aquella parte que emita un instrumento o realice alguna distribución en virtud del Plan, cumplirá todos los requisitos de retención y declaración de impuestos requeridos por la legislación o las autoridades tributarias federales, estatales o locales de Estados Unidos, y todas las distribuciones del Plan estarán sujetas a los citados requisitos. No obstante

35

lo antedicho, cada tenedor de una Reclamación permitida que vaya a percibir una distribución en el marco del Plan tendrá la responsabilidad exclusiva de satisfacer y pagar cualesquiera tributos que le imponga cualquier unidad gubernamental, incluyendo las de retención y de otra índole tributaria, a cuenta de dicha distribución. Toda parte que emita un instrumento o que realice una distribución en virtud del Plan tendrá el derecho, pero no la obligación, de no efectuarla hasta que el beneficiario haya realizado los trámites satisfactorios para que la parte que efectúe dicha emisión o desembolso pueda cumplir sus obligaciones de retención fiscal. Si la parte que emite un instrumento o realiza alguna distribución en el marco del Plan omitiese practicar retenciones a dicha distribución y más adelante se le imputase la cuantía de la retención, el tenedor deberá reembolsarle ese importe. El Agente pagador o el fideicomisario del Fideicomiso pertinente podrá requerir, como condición para la recepción de una distribución (incluyendo los certificados pertinentes) que el tenedor complete el Formulario W-8 o W-9, según proceda, aplicable en su caso. Si el tenedor omitiese cumplir dicha petición en el plazo de un año, dicha distribución se considerará Distribución no reclamada.

44.    Documentos e instrumentos. Por la presente, se autoriza a toda agencia federal, estatal, del Estado Libre Asociado, local, extranjera u otras entidades gubernamentales para aceptar todos y cada uno de los documentos e instrumentos necesarios o adecuados para efectuar, implementar o consumar las transacciones contempladas por el Plan, el Acuerdo de Conciliación y esta Orden.

45.    Anulación/Paralización/Modificación/Revocación de la Orden. Con las salvedades previstas en esta Orden, si alguna o todas las disposiciones de la misma posteriormente se viesen anuladas, modificadas, retiradas o suspendidas por una posterior orden de este Tribunal, o de cualquier otro, dicha anulación, modificación, paralización o revocación no afectará a la validez ni aplicabilidad de ningún acto, obligación, endeudamiento, responsabilidad, prioridad o gravamen incurrido o asumido por COFINA o por la COFINA Reorganizada, según proceda, antes de la Fecha de Entrada en Vigor de la citada anulación, modificación, paralización o revocación. A pesar de cualquier anulación, modificación, paralización o revocación de esta Orden, aquellas acciones u obligaciones incurridas o emprendidas en virtud de, o basándose en, esta Orden antes de la Fecha de

Entrada en Vigor de tal anulación, modificación, paralización o revocación se regirá en todos los aspectos por las cláusulas de esta Orden, del Acuerdo de Conciliación y del Plan. En la medida en que no sean específicamente anuladas, modificadas, suspendidas o revocadas por una orden de este Tribunal, todas las órdenes dictadas en el presente Caso del Título III se mantendrán en pleno vigor y efecto.

46.    <u>Mantenimiento de la jurisdicción</u>. No obstante el apunte de expediente de esta Orden o que se produzca la Fecha de Entrada en Vigor, con sujeción a los términos y condiciones del Artículo XXIX del Plan, y con las excepciones previstas en el Plan o en este documento, en virtud de las secciones 105, 945(a), y 1142(b) del Código de Quiebras, este Tribunal mantendrá la competencia exclusiva sobre todos los asuntos derivados de, y relacionados con, el Caso del Título III en la máxima medida en que resulte legalmente admisible, incluyendo, entre otros, la competencia sobre los asuntos establecidos en el Artículo XXIX del Plan.

47.    <u>Conflictos entre la Orden, el Plan y la Orden de conciliación</u>. Las cláusulas del Plan, de esta Orden y de la Orden de Conciliación se interpretarán de manera congruente entre sí, de modo que surtan efecto los propósitos de cada uno de ellos, <u>disponiéndose, sin embargo</u>, que en caso de incongruencia entre la Orden de Conciliación, el Plan o esta Orden, dichos documentos tendrán el siguiente orden de precedencia: (i) la Orden de Conciliación, (ii) esta Orden, y (iii) el Plan, y <u>disponiéndose, además</u>, que en caso de Incongruencia entre esta Orden y cualquier otra orden del Caso del Título III de COFINA, del Caso del Título III del Estado Libre Asociado, del Procedimiento Contencioso y la Acción de Interpelación, tendrán precedencia los términos y condiciones de esta Orden, <u>y disponiéndose, además</u>, que nada de lo contenido en este documento tiene por objeto modificar los términos económicos del Plan, ni se interpretará en tal sentido.

48.    <u>Acción popular</u>. Ningún "Tenedor" (tal como se define en la Escritura de los Nuevos bonos) de cualquiera de los Bonos de COFINA, los Bonos de paridad de COFINA o ambos (solamente en su calidad de Tenedor de dichos bonos) tendrá derecho de incoar ningún pleito, acción o procedimiento, en equidad o en derecho, para la ejecución de cualquier fideicomiso derivado del a Escritura de los Nuevos bonos, ni de plantear ningún otro recurso bajo la Escritura de Emisión de Bonos, en cada caso, hasta haber cumplido lo dispuesto en la Sección 11.07 de la Escritura de Emisión de Bonos (según sea modificada periódicamente de conformidad con los términos y condiciones de la misma). No obstante lo antedicho, dicho Titular tendrá el derecho, absoluto e incondicional, de percibir el pago del capital (y cualquier prima, si la hubiere) y de los intereses de los

38

citados Bonos de COFINA o Bonos de paridad de COFINA, en la fecha de vencimiento estipulada en dichos instrumentos (o, en caso de rescate, en la fecha del rescate; o, en caso de intereses, en la fecha de vencimiento de pago de los intereses), así como de incoar un pleito para obligar a dicho pago. Tal derecho no podrá menoscabarse sin el consentimiento de dicho Titular.

49. <u>Modificaciones</u>. Antes de la consumación sustancial del Plan, la Junta de Supervisión podrá modificarlo en cualquier momento después de la entrada de esta Orden en el expediente, <u>disponiéndose, sin embargo</u>, que las circunstancias deben justificar dicha modificación y el Tribunal, tras una notificación y audiencia, confirme que dicho plan se ajusta a los requisitos legales vigentes. Disposiciones del Plan y de la Orden inescindibles y mutuamente dependientes. Las cláusulas del Plan y de esta Orden, incluyendo las determinaciones de hecho y las conclusiones de derecho expuestas en el Escrito de las determinaciones de hecho y conclusiones de derecho, son inescindibles y mutuamente dependientes.

50. <u>Legislación aplicable</u>. Salvo en la medida en que fuese de aplicación otra ley federal, o en que así lo disponga un anexo al Plan u otro documento formalizado en relación con el Plan, los derechos, deberes y obligaciones derivados del Plan se regirán, interpretarán e implementarán de conformidad con la Ley PROMESA (incluyendo las disposiciones del Código de Quiebras aplicable según la sección 301 de la Ley PROMESA) y, en la medida en que no sea incongruente con ello, las leyes del Estado Libre Asociado de Puerto Rico que den efecto a los principios de conflictos de competencias.

51. <u>Legislación aplicable exceptuando la Ley de Quiebras</u>. En virtud de la sección

1123(a) del Código de Quiebras, según sea aplicable al Caso del Título III de COFINA, de conformidad con la sección 301(a) de la Ley PROMESA, las cláusulas de esta Orden y del Plan surtirán efecto, no obstante lo dispuesto en sentido contrario por alguna ley, exceptuando la de Quiebras. Los documentos contenidos en la Segunda Enmienda adicional al Plan (tal y como posteriormente puedan  modificarse y radicarse en el Tribunal antes de la Fecha de Entrada en Vigor, incluyendo, entre otros, los Estatutos de la COFINA Reorganizada, los Bonos de COFINA, la Escritura de Emisión de Bonos, el Acuerdo de instrucciones, el Acuerdo del Fideicomiso de Ambac, los Términos estándar del Acuerdo del Fideicomiso de National, el Acuerdo de recomercializacion y el Acuerdo de Divulgación continua) constituyen los medios adecuados para la implementación del Plan en virtud de la sección 1123(a)(5) del Código de Quiebras y, al producirse la Fecha de Entrada en Vigor, constituirán obligaciones legales válidas de COFINA y del Estado Libre Asociado, según proceda, y disposiciones válidas para garantizar el pago de los Bonos de COFINA con arreglo a la sección 944(b)(3) del Código de Quiebras. En consecuencia, serán exigibles de conformidad con sus términos y condiciones.

52.    Sin efecto sobre otras acciones. A efectos de disipar cualquier duda, nada de lo contenido en el Plan o en esta Orden cancelará, descargará, prohibirá, exculpará ni afectará ninguna reclamación, causa de acción o pleito no relacionado directamente con COFINA, incluyendo, entre otros, (i) el Procedimiento contencioso núm. 18-0059-LTS del Caso núm. 17 BK 3283-LTS (D.P.R.), (ii) el Procedimiento contencioso núm. 17-155-LTS del Caso núm. 17 BK 3283-LTS (D.P.R.), (iii) el Procedimiento contencioso núm. 17-156-LTS del Caso núm. 17 BK-3567-LTS (D.P.R.), (iv) el Procedimiento contencioso núm. 18-87 del Caso núm. 17 BK 3283-LTS (D.P.R.), (v) el Caso núm. 18-1165 (1er Cir.); (vi) el Caso núm.18-1166 (1er Cir.); (vii) el Caso núm. 18-1746 (1er Cir.); y (viii), con las excepciones aquí previstas, los Litigios relacionados con nombramientos.

53.    Uso de los fondos del Estado Libre Asociado. Con la excepción de lo dispuesto expresamente en el PSA, ciertas partes de este procedimiento se reservan su derecho, si procediese, de

objetar, en el Caso del Título III del Estado Libre Asociado, el (a) uso, o instrucciones de uso, de los fondos percibidos o a percibir por el Estado Libre Asociado, y (b) el depósito, u otros usos o instrucciones de uso, de dichos fondos del Estado Libre Asociado.

54.     Dispensa de declaraciones. Por la presente se dispensa todo requisito en virtud de la Regla de Quiebras 1007 que obligue al Deudor a radicar una lista, calendario o declaración ante el Tribunal o la Oficina del Fideicomisario de EE.UU., en la medida de que dicha lista, calendario o declaración no se presente a partir de la Fecha de Entrada en Vigor.

55.     Notificación de la Orden. De conformidad con las Reglas de Quiebras 2002 y 3020(c), en cuanto resulte razonablemente viable tras la Fecha de Entrada en Vigor, el Deudor notificará el registro de esta Orden y que se ha producido la Fecha de Entrada en Vigor, sustancialmente en la forma adjunta como Anexo Bal presente documento, a todas las partes que hayan incoado alguna Reclamación en el Caso del Título III de COFINA, así como al Comité de Acreedores, al Fideicomisario de EE.UU., a todas aquellas partes que radiquen una notificación con arreglo a la Regla de Quiebras 2002, a la SEC (Comisión del Mercado de Valores), al IRS y al Fiscal General de EE.UU. para el Distrito de Puerto Rico. Dicha notificación queda por la presente aprobada en todos sus aspectos, y se considerará un registro válido y suficiente de esta Orden.

56.     Dispensa de la paralización. Por la presente, a día de la fecha se dispensa de la paralización de esta Orden que, de otro modo, impondría la Regla de Quiebras 3020(e).

57.     No dispensa. La omisión de incluir específicamente alguna cláusula en particular del Plan en esta Orden no disminuirá la vigencia de dicha cláusula ni constituirá una dispensa de su cumplimiento, siendo intención de este Tribunal que el Plan sea confirmado íntegramente, y que

quede incorporado a este documento por referencia.


Fecha: 4 de febrero de 2019

                                                    /f/ Laura Taylor Swain
                                                   LAURA TAYLOR
                                                   SWAIN
                                                   Juez de Distrito de Estados Unidos

# <u>ANEXO A</u>

**Plan**

TRIBUNAL DE DISTRITO DE LOS ESTADOS
UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: | PROMESA |
| | Título III |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | Núm. 17 BK 3283-LTS |
| como representante de | (Administrada Conjuntamente) |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO y otros, | |
| Deudores. | |
| | |
| *In re*: | PROMESA |
| | Título III |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | Núm. 17 BK 3284-LTS |
| como representante de | |
| CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE PUERTO RICO, | |
| Deudor. | |

## TERCERA ENMIENDA AL PLAN DE AJUSTE DEL TÍTULO III DE LA **CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE PUERTO RICO**

**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, Nueva York 10036
Teléfono: (212) 969-3000
Fax: (212) 969-2900º

**O'NEILL& BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR0918-1813
Teléfono: (787) 764-8181
Fax: (787) 753-8944

*Abogados de la Junta de Supervisión y Administración*
*Financiera, en calidad de representantes de*
*COFINA en este Caso del Título III*

Fecha: 9 de enero de 2019

104749481v5

## ÍNDICE (cont.)

**Página**

ARTÍCULO I    DEFINICIONES ................................................................................ 1

1.1    AAFAF ................................................................................................ 1
1.2    Estipulación de suspensión ................................................................ 1
1.3    Precio de aceleración ......................................................................... 1
1.4    Acciones ............................................................................................. 1
1.5    Pruebas de bonos adicionales............................................................ 1
1.6    Fecha límite para radicar reclamaciones administrativas.................. 1
1.7    Reclamación de gastos administrativos ............................................. 2
1.8    Procedimiento contencioso ................................................................ 2
1.9    Afiliado/a ............................................................................................ 2
1.10   Agentes .............................................................................................. 2
1.11   Acuerdo de principio .......................................................................... 2
1.12   Reclamación de gastos administrativos permitida ............................ 2
1.13   Reclamación permitida ....................................................................... 2
1.14   Reclamación general no garantizada permitida ................................ 3
1.15   Reclamación de derivados GS permitida ........................................... 3
1.16   Reclamación de bonos subordinados de COFINA permitida ............ 3
1.17   Reclamación de bonos subordinados de COFINA (Assured) permitida........ 3
1.18   Reclamación de bonos subordinados de COFINA (Elección imponible)
       permitida ............................................................................................ 3
1.19   Reclamación de bonos prioritarios de COFINA permitida ................. 3
1.20   Reclamación de bonos prioritarios de COFINA (Ambac) permitida... 3
1.21   Reclamación de bonos prioritarios de COFINA (National) permitida.. 3
1.22   Reclamación de bonos prioritarios de COFINA (Elección imponible)
       permitida ............................................................................................ 3
1.23   Ambac.................................................................................................. 3
1.24   Acción de Ambac................................................................................ 4
1.25   Certificados de Ambac........................................................................ 4
1.26   Póliza de seguros de Ambac .............................................................. 4
1.27   Bonos garantizados de Ambac ........................................................... 4
1.28   Fideicomiso de Ambac ....................................................................... 4
1.29   Activos del Fideicomiso de Ambac ..................................................... 4
1.30   Litigios relacionados con nombramientos .......................................... 4
1.31   Activos................................................................................................. 5
1.32   Assured ............................................................................................... 5
1.33   Pólizas de seguro de Assured............................................................ 5
1.34   Bonos garantizados de Assured ......................................................... 5
1.35   Nuevos Bonos de Assured ................................................................. 5
1.36   Acciones de evitación ......................................................................... 5
1.37   Fecha de votación ............................................................................... 5
1.38   Formularios de votación/elecciones.................................................... 5
1.39   Código de Quiebras ............................................................................ 5
1.40   Reglamento de Quiebras .................................................................... 5
1.41   Fecha límite ........................................................................................ 5

## ÍNDICE (cont.)

104749481v5

<u>Página</u>

| | | |
|---|---|---|
| 1.42 | Orden de la Fecha límite | 5 |
| 1.43 | BNYM | 6 |
| 1.44 | Reclamación de bonos | 6 |
| 1.45 | Tenedor de bonos | 6 |
| 1.46 | Resolución de bonos | 6 |
| 1.47 | Bonistas | 6 |
| 1.48 | Día laborable | 6 |
| 1.49 | CABs | 6 |
| 1.50 | Efectivo | 6 |
| 1.51 | Causas de acción | 6 |
| 1.52 | CIBs | 7 |
| 1.53 | Reclamación | 7 |
| 1.54 | Clase | 7 |
| 1.55 | COFINA | 7 |
| 1.56 | Agente de COFINA | 7 |
| 1.57 | Bonos de COFINA | 7 |
| 1.58 | Efectivo disponible para distribución de COFINA | 7 |
| 1.59 | Plan fiscal de COFINA | 7 |
| 1.60 | Depósitos de COFINA en BNYM en el EF 2019 | 7 |
| 1.61 | Cuenta de gastos de explotación de COFINA | 8 |
| 1.62 | Bonos de paridad de COFINA | 8 |
| 1.63 | Impuestos pignorados de COFINA | 8 |
| 1.64 | Tramo de COFINA | 8 |
| 1.65 | Depósitos de COFINA en BNYM antes del EF 2019 | 8 |
| 1.66 | Estado Libre Asociado | 8 |
| 1.67 | Agente del Estado Libre Asociado | 8 |
| 1.68 | Controversia entre el Estado Libre Asociado y COFINA | 9 |
| 1.69 | Orden sobre la Controversia entre el Estado Libre Asociado y COFINA | 9 |
| 1.70 | Conciliación de la Controversia entre el Estado Libre Asociado y COFINA | 9 |
| 1.71 | Tramo del Estado Libre Asociado | 9 |
| 1.72 | Caso del Título III del Estado Libre Asociado | 9 |
| 1.73 | Importe compuesto | 9 |
| 1.74 | Fecha de ratificación | 10 |
| 1.75 | Vista de ratificación | 10 |
| 1.76 | Orden de Ratificación | 10 |
| 1.77 | Costos de consumación | 10 |
| 1.78 | Parte de los Costos de consumación | 10 |
| 1.79 | Acreedor | 10 |
| 1.80 | Comité de Acreedores | 10 |
| 1.81 | Fondo de servicio de la deuda | 10 |
| 1.82 | Ahorro del servicio de la deuda | 10 |
| 1.83 | Documentos definitivos | 10 |
| 1.84 | Agente pagador | 11 |
| 1.85 | Declaración de divulgación | 11 |
| 1.86 | Vista de la Declaración de divulgación | 11 |
| 1.87 | Orden de la Declaración de divulgación | 11 |
| 1.88 | Reclamación objetada | 11 |

<u>**ÍNDICE (cont.)**</u>

<u>Página</u>

104749481v5

1.89    Fecha de distribución ............................................................................................ 11
1.90    Fecha de registro de distribución ......................................................................... 11
1.91    Fecha de Entrada en Vigor ................................................................................... 11
1.92    Entidad .................................................................................................................. 11
1.93    Parte exculpada .................................................................................................... 11
1.94    Contrato condicional ............................................................................................ 11
1.95    Títulos existentes .................................................................................................. 11
1.96    Orden definitiva ................................................................................................... 11
1.97    Financiamiento de los primeros fondos ............................................................... 12
1.98    Plan fiscal ............................................................................................................. 12
1.99    Renta fija .............................................................................................................. 12
1.100   EF .......................................................................................................................... 12
1.101   Depósitos en BNYM en EF 2019 ......................................................................... 12
1.102   Reclamación general no garantizada .................................................................... 13
1.103   Partes del Gobierno .............................................................................................. 13
1.104   Reclamaciones dispensadas del Gobierno ........................................................... 13
1.105   Beneficiarios de las renuncias del Gobierno ....................................................... 13
1.106   Reclamación de derivados GS .............................................................................. 13
1.107   Pólizas de seguro .................................................................................................. 13
1.108   Acción de Interpelación ....................................................................................... 13
1.109   IRC ........................................................................................................................ 13
1.110   IRS ........................................................................................................................ 13
1.111   Reclamación de bonos subordinados de COFINA ............................................... 14
1.112   Reclamación de bonos subordinados de COFINA (Assured) .............................. 14
1.113   Reclamación de bonos subordinados de COFINA (Elección imponible) ............. 14
1.114   Distribución de bonos subordinados de COFINA ................................................ 14
1.115   Distribución de bonos subordinados imponibles ................................................. 14
1.116   Acción de Lex Claims ........................................................................................... 14
1.117   Gravamen .............................................................................................................. 15
1.118   Lista de acreedores ............................................................................................... 15
1.119   Reglas locales de quiebras ................................................................................... 15
1.120   Importe máximo de la elección de bonos imponibles .......................................... 15
1.121   Moción de ejecución ............................................................................................ 15
1.122   National ................................................................................................................. 15
1.123   Tenedor de certificado de National ...................................................................... 15
1.124   Certificados de National ....................................................................................... 15
1.125   Elección de National ............................................................................................. 15
1.126   Pólizas de seguros de National ............................................................................. 16
1.127   Bonos asegurados por National ............................................................................ 16
1.128   Fideicomiso de National ....................................................................................... 16
1.129   Activos del fideicomiso de National ..................................................................... 16
1.130   Nuevo contrato de servicios bancarios ................................................................. 16
1.131   Escritura de Emisión deBonos .............................................................................. 16
1.132   Legislación de Nuevos Bonos .............................................................................. 16
1.133   Nueva garantía ...................................................................................................... 16
1.134   Junta de Supervisión ............................................................................................ 16

## ÍNDICE (cont.)

Página

1.135   Persona.................................................................................................................. 17

104749481v5

1.136   Fecha de la petición ................................................................................. 17
1.137   Plan ......................................................................................................... 17
1.138   Suplemento del Plan .................................................................................. 17
1.139   Acuerdo de Apoyo al Plan (PSA) ............................................................... 17
1.140   Depósitos en BNYM antes del EF 2019 ....................................................... 17
1.141   Profesional ............................................................................................... 17
1.142   Reclamación de profesionales ..................................................................... 17
1.143   PROMESA ............................................................................................... 17
1.144   Participación Prorrateada ............................................................................ 17
1.145   Acreedores del PSA ................................................................................... 18
1.146   PSTBA/Renta fija ...................................................................................... 18
1.147   Institución de Puerto Rico .......................................................................... 18
1.148   Inversionista de Puerto Rico ....................................................................... 18
1.149   Acciones relacionadas ................................................................................ 18
1.150   Personas relacionadas ................................................................................ 18
1.151   Reclamaciones renunciadas ......................................................................... 18
1.152   Partes Liberadas ........................................................................................ 19
1.153   Partes renunciantes .................................................................................... 19
1.154   COFINA Reorganizada ............................................................................... 19
1.155   Estatutos de COFINA Reorganizada ............................................................. 19
1.156   Importe restante de la elección de bonos imponibles ....................................... 19
1.157   Monto de Redondeo de Efectivo .................................................................. 19
1.158   Notificación de venta ................................................................................. 19
1.159   Producto de la venta ................................................................................... 20
1.160   Impuesto sobre Ventas ............................................................................... 20
1.161   Efectivo de la Sección 103 .......................................................................... 20
1.162   Reclamación subordinada de la Sección 510(b) .............................................. 20
1.163   Ley de Valores .......................................................................................... 20
1.164   Reclamación de bonos prioritarios de COFINA .............................................. 20
1.165   Reclamación de bonos prioritarios de COFINA (Ambac) .................................. 20
1.166   Reclamación de bonos prioritarios de COFINA (National) ................................ 20
1.167   Reclamación de bonos prioritarios de COFINA (Elección imponible) ................. 20
1.168   Distribución de Bonos prioritarios de COFINA .............................................. 21
1.169   Distribución de bonos prioritarios imponibles ................................................ 21
1.170   Acuerdo de Conciliación ............................................................................ 21
1.171   Moción de Resolución ................................................................................ 21
1.172   Orden de Resolución .................................................................................. 21
1.173   Agente de solicitud .................................................................................... 21
1.174   Bonos de gravámenes subordinados ............................................................. 21
1.175   Distribución de bonos imponibles ................................................................ 21
1.176   Bonos de COFINA imponibles .................................................................... 22
1.177   Efectivo imponible ..................................................................................... 22
1.178   Importe imponible restante .......................................................................... 22
1.179   Bonos de COFINA exentos de impuestos ...................................................... 22
1.180   Hoja de condiciones ................................................................................... 22

## ÍNDICE (cont.)

Página

1.181   Título III .................................................................................................. 22
1.182   Caso del Título III ..................................................................................... 22

1.183   Tribunal del Título III ............................................................................................ 22
1.184   Reclamaciones del Fideicomisario ........................................................................ 22
1.185   Derechos del Fideicomisario .................................................................................. 22
1.186   Fideicomisos ........................................................................................................... 22
1.187   Distribución no reclamada ...................................................................................... 22
1.188   Arrendamiento vigente ........................................................................................... 23
1.189   Whitebox .................................................................................................................. 23
1.190   Acciones de Whitebox ............................................................................................ 23
1.191   Otras definiciones ................................................................................................... 23
1.192   Normas de interpretación ....................................................................................... 23

ARTÍCULO II        COMPROMISO Y CONCILIACIÓN DE CONTROVERSIAS ................. 24

          2.1        Controversia entre el Estado Libre Asociado y COFINA ................................... 24

ARTÍCULO III       DISPOSICIONES PARA EL PAGO DE LAS RECLAMACIONES DE GASTOS
                   ADMINISTRATIVOS ........................................................................................... 26

          3.1        Reclamaciones de gastos administrativos ............................................................ 26
          3.2        Reclamaciones de compensaciones profesionales y reintegros............................ 26
          3.3        Costos de consumación ........................................................................................ 27

ARTÍCULO IV        CLASIFICACIÓN DE LAS RECLAMACIONES ............................................ 27

          4.1        Las Reclamaciones se clasifican de la siguiente manera ..................................... 27

ARTÍCULO V         DISPOSICIONES PARA EL TRATAMIENTO DE LAS RECLAMACIONES DE
                   BONOS PRIORITARIOS DE COFINA (CLASE 1) ........................................... 28

          5.1        Tratamiento de las Reclamaciones de Bonos prioritarios de COFINA ............... 28
          5.2        Derecho de elección para las Reclamaciones de Bonos prioritarios de COFINA
                     (Elección imponible)........................................................................................... 28

ARTÍCULO VI        DISPOSICIONES PARA EL TRATAMIENTO DE LAS RECLAMACIONES DE
                   BONOS PRIORITARIOS DE COFINA (AMBAC) (CLASE 2) ....................... 29

          6.1        Tratamiento de las Reclamaciones de Bonos prioritarios de COFINA (Ambac)............... 29
          6.2        Aportación al seguro de Ambac ............................................................................ 29
          6.3        No conmutación/Fideicomiso de Ambac .............................................................. 30
          6.4        Aceleración declarada ........................................................................................... 30
          6.5        Derecho de voto .................................................................................................... 30

104749481v5

# ÍNDICE (cont.)

Página

ARTÍCULO VII     DISPOSICIONES PARA EL TRATAMIENTO DE LAS RECLAMACIONES DE
                 BONOS PRIORITARIOS DE COFINA (NATIONAL) (CLASE 3) ................................ 30

    7.1     Tratamiento de las Reclamaciones de Bonos prioritarios de COFINA (National) ............ 30
    7.2     Aportación al seguro de National ....................................................................................... 31
    7.3     No conmutación/Fideicomiso de National .......................................................................... 31
    7.4     Derecho de voto ................................................................................................................. 31

ARTÍCULO VIII    DISPOSICIONES PARA EL TRATAMIENTO DE LAS RECLAMACIONES DE
                 BONOS PRIORITARIOS DE COFINA (IMPONIBLES) (CLASE 4) ............................ 32

    8.1     Disposiciones para elTratamiento de las Reclamaciones de Bonos prioritarios de
            COFINA (Elección Imponible) .......................................................................................... 32

ARTÍCULO IX      DISPOSICIONES PARA EL TRATAMIENTO DE LAS RECLAMACIONES DE
                 BONOS SUBORDINADOS DE COFINA (CLASE 5) ...................................................... 32

    9.1     Tratamiento de las Reclamaciones de Bonos subordinados de COFINA ........................... 32
    9.2     Derecho de elección para las Reclamaciones de Bonos subordinados de COFINA
            (Imponibles) ....................................................................................................................... 32

ARTÍCULO X      DISPOSICIONES PARA EL TRATAMIENTO DE LAS RECLAMACIONES DE
                 BONOS SUBORDINADOS DE COFINA (ASSURED) (CLASE 6) ............................... 32

    10.1    Tratamiento de las Reclamaciones de Bonos subordinados de COFINA (Assured) ........... 32
    10.2    Aceleración declarada ........................................................................................................ 33
    10.3    Derecho de voto ................................................................................................................. 33
    10.4    Recomercialización de los Nuevos bonos de Assured ....................................................... 33

ARTÍCULO XI      DISPOSICIONES PARA EL TRATAMIENTO DE RECLAMACIONES DE BONOS
                 SUBORDINADOS DE COFINA (IMPONIBLES) (CLASE 7) ...................................... 34

    11.1    Tratamiento de las Reclamaciones de Bonos subordinados de COFINA
            (elección imponible) ........................................................................................................... 34

ARTÍCULO XII     DISPOSICIONES PARA EL TRATAMIENTO DE RECLAMACIONES DE
                 DERIVADOS GS (CLASE 8) ........................................................................................... 34

    12.1    Tratamiento de Reclamaciones de Derivados GS .............................................................. 34

ARTÍCULO XIII    DISPOSICIONES PARA EL TRATAMIENTO DE RECLAMACIONES
                 GENERALES SIN GARANTÍA (CLASE 9) .................................................................... 34

    13.1    Tratamiento de las Reclamaciones generales sin Garantía ................................................ 34

ARTÍCULO XIV     DISPOSICIONES PARA EL TRATAMIENTO DE RECLAMACIONES
                 SUBORDINADAS DE LA SECCIÓN 510(B) (CLASE 10) ............................................ 34

    14.1    Tratamiento de las Reclamaciones subordinadas de la Sección 510(b) ............................. 34

## ÍNDICE (cont.)

**Página**

ARTÍCULO XV     DISPOSICIONES CON RESPECTO A LA ASIGNACIÓN DE EFECTIVO DE
ELECCIÓN IMPONIBLE NO SUSCRITO ............................................................ 35

15.1     Importe del Efectivo no Suscrito de la Elección Imponible ................................ 35
15.2     Gastos de ELA/COFINA ...................................................................................... 35

ARTÍCULO XVI     DISPOSICIONES CON RESPECTO A LOS BONOS DE COFINA ............................. 35

16.1     Emisión de los Bonos de COFINA ....................................................................... 35
16.2     Garantía para el pago de los Bonos de COFINA ................................................. 37
16.3     Prueba de bonos adicionales para los Bonos de paridad de COFINA ................ 37
16.4     Disposiciones sobre opción de compra/rescate opcional .................................... 38
16.5     Financiamiento de los primeros fondos ............................................................... 39
16.6     Convenios para Bonos de COFINA y los Bonos de paridad de COFINA ........... 39
16.7     Sustitución de garantía ......................................................................................... 40
16.8     Fondo de reserva del servicio de la deuda ........................................................... 41
16.9     Derechos de aceleración ....................................................................................... 41

ARTÍCULO XVII     LOS FIDEICOMISOS ............................................................................................ 41

17.1     Términos del Fideicomiso Ambac ....................................................................... 41
17.2     Términos de los Fideicomisos National ............................................................... 43
17.3     Valores existentes/Obligaciones del BNYM ....................................................... 44

ARTÍCULO XVIII     TRATAMIENTO DE LOS CONTRATOS CONDICIONALES Y
ARRENDAMIENTOS VIGENTES ......................................................................... 45

18.1     Rechazo o asunción de Contratos condicionales y arrendamientos vigentes ...... 45
18.2     Aprobación, rechazo o asunción de los Contratos condicionales y arrendamientos
vigentes ................................................................................................................. 45
18.3     Inclusividad .......................................................................................................... 45
18.4     Subsanación de incumplimientos ......................................................................... 45
18.5     Pólizas de seguro .................................................................................................. 46
18.6     Reclamaciones de daños por rechazo ................................................................... 46
18.7     Obligaciones de indemnización y reintegro ......................................................... 46
18.8     No materialización de la Fecha de Entrada en Vigor ........................................... 46
18.9     Reserva de derechos ............................................................................................. 47

ARTÍCULO XIX     DISPOSICIONES EN MATERIA DE DISTRIBUCIONES ............................................. 47

19.1     Plazos y maneras de distribución ......................................................................... 47
19.2     Pago oportuno ....................................................................................................... 48
19.3     Distribuciones por el Agente Pagador ................................................................. 48
19.4     Forma de pago bajo el Plan .................................................................................. 48
19.5     Entrega de distribuciones ..................................................................................... 48

# ÍNDICE (cont.)

Página

| | | |
|---|---|---|
| 19.6 | Cancelación de pagarés, instrumentos, certificados y otros documentos | 49 |
| 19.7 | Distribuciones no entregables/reservadas | 50 |
| 19.8 | Requisitos de retención e información | 51 |
| 19.9 | Prescripción de los pagos de efectivo | 51 |
| 19.10 | Distribuciones después de la Fecha de Entrada en Vigor | 51 |
| 19.11 | Compensaciones | 51 |
| 19.12 | Asignación de las distribuciones del Plan entre capital e intereses | 52 |
| 19.13 | Pago de los honorarios y gastos del Fideicomisario | 52 |

| | | |
|---|---|---|
| ARTÍCULO XX | DERECHOS Y PODERES DEL AGENTE PAGADOR | 52 |
| 20.1 | Exculpación | 52 |
| 20.2 | Poderes del agente pagador | 53 |
| 20.3 | Honorarios y gastos incurridos a partir de la Fecha de Entrada en Vigor | 53 |

| | | |
|---|---|---|
| ARTÍCULO XXI | PROCEDIMIENTOS PARA EL TRATAMIENTO DE LAS RECLAMACIONES EN DISPUTA | 53 |
| 21.1 | Objeciones a las reclamaciones; Enjuiciamiento de las reclamaciones en disputa | 53 |
| 21.2 | Estimación de las reclamaciones | 53 |
| 21.3 | Pagos y distribuciones correspondientes a reclamaciones en disputa | 54 |
| 21.4 | Facultades para modificar la Lista de acreedores | 55 |
| 21.5 | No devengo de intereses | 55 |
| 21.6 | Desestimación de reclamaciones | 55 |

| | | |
|---|---|---|
| ARTÍCULO XXII | ACEPTACIÓN O RECHAZO DEL PLAN; EFECTO DEL RECHAZO POR UNA O MÁS CLASES DE RECLAMACIONES | 55 |
| 22.1 | Clases afectadas con derecho a votar | 55 |
| 22.2 | Aceptación por clase de acreedores | 55 |
| 22.3 | Imposición del Plan Concursal por el Tribunal | 56 |

| | | |
|---|---|---|
| ARTÍCULO XXIII | IDENTIFICACIÓN DE RECLAMACIONESAFECTADAS POR EL PLAN Y NO AFECTADAS POR EL PLAN | 56 |
| 23.1 | Clases afectadas | 56 |
| 23.2 | Votos por clases afectadas | 56 |

| | | |
|---|---|---|
| ARTÍCULO XXIV | CONDICIONES PRECEDENTES PARA LA RATIFICACIÓN DEL PLAN | 56 |
| 24.1 | Condiciones precedentes para la ratificación del Plan | 56 |
| 24.2 | Dispensa de las condiciones precedentes para la ratificación | 57 |

| | | |
|---|---|---|
| ARTÍCULO XXV | CONDICIONES PRECEDENTES PARA LA FECHA DE ENTRADA EN VIGOR | 58 |
| 25.1 | Condiciones precedentes a la Fecha de Entrada en Vigor | 58 |
| 25.2 | Dispensa de las condiciones precedentes | 61 |

# ÍNDICE (cont.)

Página

25.3    Efecto de la no materialización de las condiciones para la Fecha de entrada
        en vigor ................................................................................................................. 61

ARTÍCULO XXVI      ENJUICIAMIENTO Y EXTINCIÓN DE RECLAMACIONES
                   TENIDAS POR COFINA........................................................................ 61

26.1    Enjuiciamiento de reclamaciones.................................................................... 61

ARTÍCULO XXVII     MODIFICACIÓN, REVOCACIÓN O DESISTIMIENTO DEL PLAN........................... 61

27.1    Modificación del Plan .................................................................................... 61
27.2    Revocación o desistimiento ........................................................................... 62
27.3    Enmienda de los documentos del Plan ............................................................ 62
27.4    No admisión de responsabilidad legal............................................................. 62

ARTÍCULO XXVIII GOBERNACIÓN CORPORATIVA Y ADMINISTRACIÓN DE COFINA
                   REORGANIZADA................................................................................. 62

28.1    Actuación corporativa .................................................................................... 62
28.2    Modificación de los Estatutos Sociales .......................................................... 63
28.3    Directores de la COFINA Reorganizada ......................................................... 63
28.4    Oficiales de la COFINA Reorganizada ........................................................... 63
28.5    Estructura de recaudación y aplicación de los Impuestos pignorados de COFINA ........... 64

ARTÍCULO XXIX     RETENCIÓN DE JURISDICCIÓN ........................................................... 64

29.1    Retención de jurisdicción................................................................................ 64

ARTÍCULO XXX      DISPOSICIONES MISCELÁNEAS ......................................................... 66

30.1    Titularidad de activos..................................................................................... 66
30.2    Liberación y renuncia de reclamaciones y causas de acción........................... 66
30.3    Medida cautelar sobre reclamaciones ............................................................. 68
30.4    Integral al Plan ............................................................................................... 68
30.5    Dispensas por COFINA y COFINA Reorganizada ......................................... 69
30.6    Medida cautelar relacionada con dispensas .................................................... 69
30.7    Exculpación .................................................................................................... 69
30.8    Litigio relacionado con las designaciones ...................................................... 71
30.9    Orden de impedimento .................................................................................... 71
30.10   Sin renuncia .................................................................................................... 71
30.11   Medida cautelar complementaria .................................................................... 72
30.12   Protección de ciertas reclamaciones y causas de acción ................................. 72
30.13   Honorarios y gastos posteriores a la Fecha de Entrada en Vigor .................... 73
30.14   Exención de la Ley de Valores........................................................................ 73
30.15   Divisibilidad.................................................................................................... 73
30.16   Derecho aplicable............................................................................................ 73
30.17   Cierre del caso................................................................................................. 73

## ÍNDICE (cont.)

Página

104749481v5

30.18  Encabezados de secciones ............................................................... 73
30.19  Incongruencias .............................................................................. 73
30.20  Retención de documentos ............................................................... 74
30.21  Efecto vinculante inmediato ........................................................... 74
30.22  Documentos adicionales .................................................................. 74
30.23  Reserva de derechos ....................................................................... 74
30.24  Disolución de la Junta de Supervisión ............................................ 74
30.25  Sucesores y cesionarios .................................................................. 75
30.26  Notificaciones ................................................................................ 75
30.27  Plazo de las medidas cautelares o paralizaciones ............................ 76
30.28  Totalidad del acuerdo ..................................................................... 76
30.29  Suplemento del Plan ....................................................................... 76

Por la presente, la Junta de Supervisión y Administración Financiera para Puerto Rico, en calidad de representante de la Corporación del Fondo de Interés Apremiante de Puerto Rico, en virtud de la Sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico*, propone el siguiente plan de ajuste.

# ARTÍCULO I

## DEFINICIONES

Tal y como se utilizan en el Plan, los siguientes conceptos tendrán los respectivos significados indicados a continuación, que serán igualmente aplicables al singular y al plural de los mismos:

1.1     **AAFAF:**  Autoridad de Asesoría Financiera y Agencia Fiscal, una entidad pública y organismo del Estado Libre Asociado, cuyo nombre en inglés es Puerto Rico Fiscal Agency and Financial Advisory Authority.

1.2     **Estipulación de suspensión:** La orden acordada de estipulación con relación a la moción del Estado Libre Asociado de Puerto Rico a tenor con la Regla de Quiebras 9019 para una orden aprobando la transacción entre el Estado Libre Asociado de Puerto Rico y la Corporación del Fondo de Interés Apremiante y asuntos relacionados [Caso núm. 17-3283, ECF núm. 4202], emitida por el Tribunal del Título III en el Caso del Título III del Estado Libre Asociado.

1.3     **Precio de aceleración:** Con respecto a un Bono asegurado por Assured acelerado a la Fecha de Entrada en Vigor, una cantidad equivalente a (a) con respecto a los bonos de interés corriente (y bonos de apreciación de capital convertibles convertidos en bonos de interés corriente hasta, pero no incluyendo, la Fecha de Entrada en Vigor), la cuantía de capital pendiente de dicho bono acelerado más los intereses devengados y no desembolsados del mismo, y (b) con respecto a los bonos de apreciación de capital (y bonos de apreciación de capital convertibles que no se hayan convertido en bonos de interés corriente hasta, pero no incluyendo, la Fecha de Entrada en Vigor), el Importe compuesto correspondiente a dicho bono acelerado, en cada caso hasta, pero no incluyendo, la Fecha de Entrada en Vigor.

1.4     **Acciones:** En conjunto, los pleitos caratulados (a) Whitebox Multi-Strategy Partners, L.P. y otros, contra The Bank of New York Mellon, Pro. Cont.núm. 17-AP-143-LTS, actualmente pendiente en el Tribunal del Título III, (b) Whitebox Multi-Strategy Partners, L.P. y otros, contra The Bank of New York Mellon, Caso núm. 17-CV-3750-LTS, actualmente pendiente en el Tribunal del Título III, (c) Ambac Assurance Corp. Contra The Bank of New York Mellon, Caso núm. 17-CV-3804-LTS, actualmente pendiente en el Tribunal de Distrito de los Estados Unidos para el Distrito Sur de Nueva York, (d) The Bank of New York Mellon contra la Corporación del Fondo de Interés Apremiante de Puerto Rico y otros, Pro. Cont.núm. 17- 133-LTS, actualmente pendiente en el Tribunal del Título III, (e) el pleito de Lex Claims y (f) Rodríguez- Perelló y otros contra Rosselló-Nevares y otros,núm.. 3:17-cv-01566-FAB (D.P.R. 2017), actualmente pendiente en el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico.

1.5     **Pruebas de bonos adicionales:** Los criterios establecidos en la Sección 16.3 de este documento que deberán satisfacerse antes de emitir Bonos subordinados al gravamen, para el beneficio y con el consentimiento, del Estado Libre Asociado.

1.6     **Fecha límite para radicar reclamaciones administrativas:** Salvo que el Tribunal del Título III disponga lo contrario, la fecha establecida por el Tribunal del Título III e incluida en la Orden de Ratificación como último día para radica revidencias de Reclamaciones de gastos administrativos será como máximo sesenta (60) días a contar desde la Fecha de Entrada en Vigor, tras lo cual aquellas Reclamaciones de gastos administrativos cuyas evidencias no hayan sido radicadas se considerarán definitivamente prescritas, y tanto COFINA como la COFINA Reorganizada no tendrán obligación alguna con respecto a las mismas. No obstante, no se requerirá la radicación de evidencia alguna de Reclamaciones de gastos administrativos si dichas Reclamaciones se hubiesen incurrido (i) de

1

conformidad con una orden del Tribunal del Título III, o bien (ii) con el consentimiento escrito de COFINA.

1.7     **Reclamación de gastos administrativos**: Una reclamación contra COFINA o sus activos que constituya un costo o gasto administrativo del Caso del Título III, incoada o autorizada para ser incoada, a más tardar en la Fecha límite para radicar reclamaciones administrativas, de conformidad con las secciones 503(b) y 507(a)(2) del Código de Quiebras, que se produzca hasta la Fecha de Entrada en Vigor, incluyendo, entre otros, (a) cualquier costo y gasto efectivo y necesario para el mantenimiento de los activos de COFINA, (b) cualquier costo y gasto efectivo y necesario para la realización de las actividades de COFINA, (c) cualquier costo y gasto de COFINA en concepto de gestión, mantenimiento, protección, venta u otra enajenación de cualquier activo, (d) cualquier costo y gasto asociado con la administración e implementación del Plan, (e) cualquier costo y gasto asociado con la administración, procesamiento o defensa de reclamaciones de o contra COFINA, y para las distribuciones previstas por el Plan, (f) cualquier reclamación para la compensación y reintegro de gastos que se hayan producido a partir de la Fecha de petición y antes de la Fecha de Entrada en Vigor, y adjudicados por el Tribunal del Título III, o bien de cualquier otro modo de conformidad con las cláusulas del Plan, si se determinaron tanto antes como después de la Fecha de Entrada en Vigor, y (g) con sujeción a los Costos de consumación cuando se produzca la Fecha de Entrada en Vigor.

1.8     **Procedimiento contencioso**: El pleito caratulado <u>Comité Oficial de Acreedores no Asegurados del Estado Libre Asociado de Puerto Rico, en calidad de agente de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico contra Bettina Whyte, como agente de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante de la Corporación del Fondo de Interés Apremiante de Puerto Rico</u>, Pro. Cont.Núm. 17-257-LTS, actualmente pendiente ante el Tribunal del Título III.

1.9     **Afiliado/a**: Con respecto a cualquier Entidad específica, aquella otra persona física o jurídica que, directa o indirectamente a través de uno o más intermediarios, controla, está controlada por, o está bajo el control común de, dicha Entidad.

1.10    **Agentes**: En conjunto, el Agente del Estado Libre Asociado y el Agente de COFINA.

1.11    **Acuerdo de principio**: Aquellos Términos y condiciones del Acuerdo de principio para conciliar la Controversia entre el Estado Libre Asociado y COFINA, adjuntos como Anexo "A" [Pro. Cont.Núm. 17-257 LTS, núm. apunte 486-1] a la Moción Informativa Conjunta del Agente del Estado Libre Asociado y el Agente de COFINA presentando el Acuerdo en principio [Pro. Cont.Núm.17-257 LTS, apunte núm. 486- 1].

1.12    **Reclamación de gastos administrativos permitida**: Una reclamación de gastos administrativa, en la medida en que sea, o haya llegado a ser, una Reclamación permitida.

1.13    **Reclamación permitida**: Una reclamación contra COFINA o los Activos de COFINA (a) acerca de la cual se presentó evidencia de radicación a más tardar en la Fecha límite, o bien (b) acerca de la cual no se presentó puntualmente evidencia de radicación, y que fue incluida, o posteriormente se incluyó en la Lista de acreedores de COFINA, y no registrada como "objetada", "contingente" o "no liquidada", o bien (c) permitida en virtud de (i) la sección502(h) del Código de Quiebras, aplicable al Caso del Título III en virtud de la Sección 301 de la Ley PROMESA, (ii) los términos y condiciones del Plan, o bien (iii) una Orden definitiva; <u>disponiéndose, sin embargo</u>, que, con respecto a cualquier Reclamación descrita en la subcláusula (a) o (b) precedente, dicha Reclamación será considerada Permitida solamente si, y en la medida en que, no se haya interpuesto ninguna objeción a su admisión, ni ninguna subordinación en equidad u otro límite de recobro dentro del período pertinente de limitación establecido por el Plan, el Código de Quiebras, el Reglamento de Quiebras o la Orden definitiva, o sobre la cual se haya interpuesto, y dicha Reclamación quedará permitida, total o parcialmente, mediante una Orden definitiva. A efectos de determinar la cuantía de una "Reclamación permitida", se deducirá un

2

importe equivalente al de cualquier Reclamación que COFINA pudiese incoar contra el tenedor de la misma, en la medida en que pudiese compensarse de conformidad con las leyes de quiebras y no de quiebras vigentes. No obstante cualquier disposición en sentido contrario aquí contenida, (x) las Reclamaciones permitidas exclusivamente a efectos de votar por la aceptación o el rechazo del Plan de conformidad con una orden del Tribunal del Título III no serán consideradas "Reclamaciones permitidas" en este contexto, salvo que aquí se especifique una cosa o lo establezca una orden del Tribunal del Título III, (y) a todos los efectos del Plan, una "Reclamación permitida" no incluirá intereses, penalizaciones ni recargos por retrasos derivados de, o relacionados con, el período a partir de la Fecha de petición, y (z) el concepto "Reclamación permitida" no incluirá ninguna Reclamación sujeta desestimación de conformidad con la sección 502(d) del Código de Quiebras.

       1.14   **Reclamación general no garantizada permitida**: Una Reclamación general no garantizada, en la medida en que sea, o haya devenido en, una Reclamación permitida.

       1.15   **Reclamación de derivados GS permitida**: Una Reclamación de derivados GS, en la medida en que sea, o haya devenido en, una Reclamación permitida.

       1.16   **Reclamación de bonos subordinados de COFINA permitida**: Una Reclamación de bonos subordinados de COFINA, en la medida en que sea, o haya devenido en, una Reclamación permitida.

       1.17   **Reclamación de bonos subordinados de COFINA permitida (Assured)**: Una Reclamación de bonos subordinados de COFINA (Assured), en la medida en que sea, o haya devenido en, una Reclamación permitida.

       1.18   **Reclamación de bonos subordinados de COFINA (Elección imponible) permitida**: Una Reclamación de bonos subordinados de COFINA (Elección Imponible), en la medida en que sea, o haya devenido en, una Reclamación permitida.

       1.19   **Reclamación de bonos prioritarios de COFINA permitida**: Una Reclamación de bonos prioritarios de COFINA, en la medida en que sea, o haya devenido en, una Reclamación permitida.

       1.20   **Reclamación de bonos prioritarios de COFINA (Ambac) permitida**: Una Reclamación de bonos prioritarios de COFINA (Ambac), en la medida en que sea, o haya devenido en, una Reclamación permitida.

       1.21   **Reclamación de bonos prioritarios de COFINA (National) permitida**: Una Reclamación de bonos prioritarios de COFINA (National), en la medida en que sea, o haya devenido en, una Reclamación permitida.

       1.22   **Reclamación de bonos prioritarios de COFINA (Elección imponible) permitida:** Una Reclamación de bonos prioritarios de COFINA (Elección Imponible), en la medida en que sea, o haya devenido en, una Reclamación permitida.

       1.23   **Ambac**: Ambac Assurance Corporation.

104749481v5

1.24 **Acción de Ambac:** El pleito caratulado Ambac Assurance Corp. contra The Bank of New York Mellon, caso núm. 17-cv-3804-LTS, actualmente pendiente en el Tribunal de Distrito de los Estados Unidos para el Distrito Sur de Nueva York.

1.25 **Certificados de Ambac:** Los certificados a emitir por el Fideicomiso de Ambac a los tenedores beneficiarios de Reclamaciones de Bonos prioritarios de COFINA permitidas (Ambac) que han optado por el tratamiento de conformidad con los términos y condiciones de la Sección 6.1(b) del Plan.

1.26 **Póliza de seguro de Ambac:** La póliza de seguro existente emitida por Ambac en relación con los Bonos asegurados por Ambac, conjuntamente con todos y cada uno de los acuerdos y demás documentación afin.

1.27 **Bonos garantizados por Ambac:** Los Títulos existentes "prioritarios" emitidos por COFINA y asegurados por Ambac.

1.28 **Fideicomiso de Ambac:** El o los fideicomisos constituidos por COFINA, a más tardar en la Fecha de Entrada en Vigor, exclusivamente por cuenta de Ambac y/o con cargo a los Activos del Fideicomiso de Ambac, exclusivamente en nombre, y para beneficio, de los tenedores usufructuarios de las Reclamaciones de Bonos prioritarios de COFINA (Ambac) permitidas, que válidamente hayan elegido, de conformidad con los procedimientos de solicitud aprobados, por recibir Certificados de Ambac, por no conmutar su Póliza de seguro de Ambac y por dispensar todas las obligaciones asumidas por Ambac en la Póliza de seguro de Ambac.

1.29 **Activos del Fideicomiso de Ambac:** En conjunto, (a) los Bonos asegurados por Ambac de los tenedores beneficiarios de las Reclamaciones de Bonos Prioritarios ("COFINA Senior") permitidas (Ambac) que opten por el tratamiento previsto por la Sección 6.1(b), (b) la Distribución de los Buenos prioritarios de COFINA (que comprenden el Efectivo de la Sección 103, si procediese, el Efectivo disponible para distribución de COFINA, los Bonos de COFINA y el Monto de Redondeo de Efectivo, si fuese necesario), asignable a dichos tenedores de Reclamaciones de Bonos Prioritarios ("COFINA Senior") permitidas (Ambac), y (c) los beneficios de la Póliza de seguro de Ambac.

1.30 **Litigios relacionados con nombramientos:** En conjunto, el litigio caratulado (a) En el asunto de: Junta de Supervisión y Administración Financiera para Puerto Rico como representante del Estado Libre Asociado de Puerto Rico, núm. 18-1108, actualmente pendiente en el Tribunal de Apelaciones de Estados Unidos para el Primer Circuito, (b) En el asunto: Junta de Supervisión y Administración Financiera para Puerto Rico como representante del Estado Libre Asociado de Puerto Rico, núm. 18-1746, actualmente pendiente en el Tribunal de Apelaciones de Estados Unidos para el Primer Circuito, (c) Unión de Trabajadores de la Industria Eléctrica y Riego (UTIER) contra Autoridad de Energía Eléctrica de Puerto Rico y otros, Pro. Cont.núm. 17-AP-228-LTS, actualmente pendiente en el Tribunal del Título III, (d) René Pinto Lugo y otros contra el Gobierno de los Estados Unidos de América y otros, Pro. Cont.núm. 18-041-LTS, actualmente pendiente en el Tribunal del Título III, (e) Hermandad de Empleados del Fondo del Seguro del Estado, Inc. y otros contra el Gobierno de los Estados Unidos de América y otros, Pro. Cont.núm. 18-066-LTS, actualmente pendiente en el Tribunal del Título III, (f) Hon. Rafael Hernández Montáñez y otros contra la Junta de Supervisión y Administración Financiera para Puerto Rico, Pro. Cont.núm. 18-090-LTS, actualmente pendiente en el Tribunal del Título III, y (g) aquellos otros pleitos que en este momento pudiesen estar pendientes o que puedan iniciarse durante el período a partir del día de la fecha y hasta la Fecha de Entrada en Vigor de COFINA, incluyendo, siendo reclamaciones o causas de acción congruentes con, o similares a, aquellas incoadas o que pudiesen haberse incoado en los pleitos citados.

1.31     **Activos:** Con respecto a COFINA, (i) todos los "bienes" de COFINA, incluyendo, entre otros, los que aparezcan así reflejados en los libros y registros de COFINA y en la Orden de Ratificación a la Fecha de Entrada en Vigor, y (ii) todas las Reclamaciones y Causas de acción, así como cualesquiera procedimientos consiguientes, que hayan sido o hubiesen podido ser iniciados por COFINA u otro representante autorizado para beneficio de COFINA y sus Acreedores, salvo que hayan sido modificados o descargados en virtud del Plan o de una Orden definitiva, incluyendo, entre otros, cualquier Acción de evitación.

1.32     **Assured:** Assured Guaranty Municipal Corp.

1.33     **Pólizas de seguro de Assured:** Las pólizas de seguros existentes emitidas por Assured en relación con los Bonos asegurados por Assured, conjuntamente con todos y cada uno de los acuerdos y documentos relacionados con los mismos.

1.34     **Bonos garantizados de Assured:** Los Títulos existentes "Primeros subordinados" emitidos por COFINA y asegurados por Assured, incluyendo, entre otros, aquellos valores asegurados por Asssured a través de seguros contratados en el mercado secundario.

1.35     **Nuevos Bonos de Assured:** Los Bonos de COFINA que se emitirán en la Fecha de Entrada en Vigor y estarán asegurados por Assured, de conformidad con los términos y condiciones del Artículo X.

1.36     **Acciones de evitación:** Todas y cada una de las acciones o recursos de evitación, recobro u otras contra alguna Entidad que pudiesen ser incoados por COFINA o en su nombre, de conformidad con las secciones 510, 544, 545, 547, 548, 549, 550, 551, 552 y 553 del Código de Quiebras, aplicables al Caso del Título en virtud de la Sección 301 de la Ley PROMESA, o de cualquier ley de no quiebra vigente.

1.37     **Fecha de votación:** El o los plazos establecidos por el Tribunal del Título III y detallados en la Orden de la Declaración de Divulgación para la entrega de los formularios de votación/elecciones, y la elección de tratamientos alternativos de conformidad con los términos y condiciones del Plan.

1.38     **Formularios de votación/elecciones:** Los formularios distribuidos a cada tenedor o aseguradora, según proceda, de una Reclamación de daños con derecho a votar con respecto al Plan, formularios en los cuales se indicarán, entre otros, (a) la aceptación o rechazo del Plan y/o (b) en la medida que corresponda, la elección de la distribución y el tratamiento que se requerirá de acuerdo con las cláusulas del Plan.

1.39     **Código de Quiebras:** La Ley de Reforma de Quiebras de 1978, con sus corrientes enmiendas, en la medida en que esté codificada en el Título 11, Código de Estados Unidos, tal como sea aplicable al Caso del Título III.

1.40     **Reglamento de Quiebras:** El Reglamento Federal de Procedimientos de Quiebra, promulgado por la Corte Suprema de los Estados Unidos bajo la sección 2075 del título 28 del Código de los Estados Unidos, tal como sea aplicable al Caso del Título III.

1.41     **Fecha límite:** La fecha, establecida por el Tribunal del Título III, hasta la cual deberán haberse apuntado las evidencias de las Reclamaciones, en virtud de (a) la Orden de la fecha límite, (b) una Orden definitiva del Tribunal del Título III, o (c) el Plan.

1.42     **Orden de la Fecha límite:** La orden del Tribunal del Título III estableciendo la fecha hasta la cual habrán de apuntarse las evidencias de Reclamaciones contra COFINA o sus activos,

104749481v5

incluyendo, entre otros, aquella (a) Orden (A) que establece las fechas límites y los procedimientos para radicar evidencias de reclamaciones, y (B) que aprueba la forma y manera de notificar las mismas [Caso núm. 17-3283-LTS, ECF núm.2521], y la (b) Orden (A) que prorroga las fechas límite para radicar evidencias de reclamaciones, y (B) que aprueba la forma y manera de notificar las mismas [Caso núm. 17-3283-LTS, ECF No. 3160].

1.43     **BNYM:** The Bank of New York Mellon, exclusivamente en su calidad de fideicomisario y agente pagador en relación con los Títulos existentes.

1.44     **Reclamación de bonos:** Reclamación a cuenta de un Título existente "Prioritario" o "Primero subordinado" emitido por COFINA, calculándose la cuantía de dicha Reclamación como (a) con respecto a bonos de interés corriente y bonos convertibles de apreciación de capital convertidos en bonos de interés corriente hasta la Fecha de petición (no incluida), el importe del capital pendiente de dichos bonos <u>más</u> cualesquiera intereses devengados y no desembolsados en concepto de los mismos, en cada caso hasta la Fecha de petición (no incluida) y (b) con respecto a los bonos de apreciación de capital y los bonos convertibles de apreciación de capital que no hayan sido convertidos en bonos de interés corriente hasta la Fecha de petición (no incluida), el Importe compuesto de dichos bonos, en cada caso hasta la Fecha de petición (no incluida).

1.45     **Tenedor de Bonos:** Toda persona que sea titular registrada de cualquiera de los Títulos existentes, tal como conste en los libros y registros de BNYM.

1.46     **Resolución de bonos:** La Resolución de Bonos de Ingresos del Impuesto sobre Ventas enmendada y rectificada, adoptada por COFINA el 13 de julio de 2007, enmendada y rectificada el 19 de junio de 2009, y complementada en virtud de ciertas resoluciones complementarias aquí incorporadas o adoptadas en virtud de este documento.

1.47     **Bonistas:** Bonistas del Patio, Inc.

1.48     **Día laborable:** Cualquier día, salvo sábados, domingos u otros días en que las instituciones de banca comerciales de Nueva York, Nueva York, vengan obligadas a cerrar por imperativo legal u orden ejecutiva.

1.49     **CABs:** En conjunto, las series de bonos de apreciación de capital que se emitirán de conformidad del Plan como componentes de los Bonos de COFINA, y que se distribuirán con arreglo a los términos y condiciones del Plan.

1.50     **Efectivo:** Moneda de curso legal de Estados Unidos, incluyendo, entre otros, depósitos bancarios, cheques con buen fin y otras partidas similares.

1.51     **Causas de acción:** Todas las reclamaciones, actuaciones, causas de acción, derechos de pago, derechos de acción, pleitos, deudas, vencimientos, sumas de dinero, cuentas, facturas, bonos, letras, escrituras, convenios, contratos, controversias, contratos, promesas, discrepancias, transgresiones, daños, sentencias, subsanaciones, derechos de compensación, reclamaciones de terceros, reclamaciones de subrogación, reclamaciones de contribución, reclamaciones de reintegros, reclamaciones de indemnizaciones, contrademandas y contrarreclamaciones (incluyendo, entre otros, todas las reclamaciones de quebrantamiento de obligaciones fiduciarias, negligencia, mala práctica, incumplimiento de contrato, cooperación delictiva, fraude, inducción, evitación, recuperación, subordinación y todas las acciones de evitación) contra COFINA o sus Activos, pendientes o que pudiesen incoarse contra alguna Entidad, tanto si se ha producido antes como después de la Fecha de Entrada en Vigor, basados en derecho o en equidad, incluyendo, entre otros, bajo el Código de Quiebras, y tanto conocidas como desconocidas, plasmados o no en sentencia judicial, liquidados, no liquidados, fijos, contingentes, vencidos o no, objetados, no objetados, garantizados o no, e incoados o incoables directamente o de forma derivada, en derecho, en equidad o de otra manera, y tanto si a la Fecha de Entrada en Vigor han sido incoados o no.

104749481v5

1.52     **CIBs:** En conjunto, las series de bonos de interés corriente que se emitirán de conformidad del Plan como componentes de los Bonos de COFINA, y que se distribuirán con arreglo a los términos y condiciones del Plan.

1.53     **Reclamación:** Todo derecho a un pago o un cumplimiento, tanto si está o no plasmado en sentencia judicial como si no, liquidado, no liquidado, fijo, contingente, vencidos o no, objetados o no, legales, equitativos, garantizados o no garantizados, conocidos o desconocidos o no incoados; o cualquier derecho a una subsanación equitativa por incumplimiento o ejecución de cumplimiento, tanto si dicho derecho a una subsanación equitativa está plasmado o no en sentencia, es fijo, contingente, vencido o no, objetado o no, garantizado o no, y todas las deudas, pleitos, daños, derechos, remedios, pérdidas, responsabilidades, sentencias, actuaciones, causas de acción, reclamaciones o reclamos de toda índole o naturaleza, en derecho, en equidad o de otro modo.

1.54     **Clase:** Una categoría de tenedores de Reclamaciones establecida en el Artículo IV del Plan.

1.55     **COFINA:** La Corporación del Fondo de Interés Apremiante de Puerto Rico, una entidad pública y organismo del Estado Libre Asociado de Puerto Rico, que constituye una entidad corporativa y política autónoma e independiente del Estado Libre Asociado de Puerto Rico.

1.56     **Agente de COFINA:** Bettina M. Whyte, en su calidad de agente designada de la Junta de Supervisión, como representante de COFINA, para pleitear y/o resolver la Controversia entre el Estado Libre Asociado y COFINA en nombre de COFINA, en virtud de la Orden sobre la Controversia entre el Estado Libre Asociado y COFINA.

1.57     **Bonos de COFINA:** Los títulos que COFINA Reorganizada va a emitir en la Fecha de Entrada en Vigor de conformidad con el Plan.

1.58     **Efectivo disponible para distribución de COFINA:** El monto de efectivo disponible para distribución en la Fecha de Entrada en Vigor, que consta de los Depósitos de COFINA en BNYM antes del EF 2019 BNYM, menos la suma del (a) Monto de Redondeo de Efectivo, más (b) el Efectivo de la Sección 103, más (c) el Efectivo imponible, más (d) los Costos de consumación que se exija pagar a COFINA de conformidad con la Sección 3.3 del Plan, más (e) el monto de Efectivo, si lo hay, retenido por COFINA para la Cuenta de gastos de explotación de COFINA, o bien distribuido a COFINA de acuerdo con la Sección 2.1(a)(I)(D)(III) del Plan.

1.59     **Plan fiscal de COFINA:** El Plan Fiscal de COFINA del 18 de octubre de 2018, certificado por la Junta de Supervisión el 18 de octubre de 2018, tal como dicho Plan Fiscal pueda haber sido enmendado, rectificado, suplementado o modificado en cada momento, de acuerdo con la Sección 201 de la Ley PROMESA.

1.60     **Depósitos de COFINA en BNYM en el EF 2019:** El cincuenta y tres punto sesenta y cinco por ciento (53.65%) de los depósitos en el BNYM durante el EF 2019, más los beneficios generados por los mismos.

1.61     **Cuenta de gastos de explotación de COFINA:** La cuenta a establecer a más tardar

antes de la Fecha de Entrada en Vigor, de conformidad con la Escritura de Emisión de Bonos, y mantenida con el objeto de satisfacer los gastos de explotación de la COFINA reorganizada en el curso habitual de sus actividades.

1.62    **Bonos de paridad de COFINA:** Los títulos que deberán emitirse, *pari passu* con los Bonos de COFINA emitidos en la Fecha de Entrada en Vigor por la COFINA Reorganizada, a partir de la Fecha de Entrada en Vigor, con el objeto de refinanciar, total o parcialmente, los Bonos o títulos de COFINA emitidos previamente para refinanciar los Bonos de COFINA, disponiéndose que (a) no obstante los términos y condiciones de dichos títulos, COFINA no estará facultada para incrementar el Tramo de COFINA; (b) las fechas de pago del capital y de los intereses de dichos títulos serán las mismas fechas de pago del capital y de los intereses de los Bonos de COFINA; (c) la fecha de vencimiento final de los citados títulos no será posterior a la fecha de vencimiento final original de los Bonos de COFINA; y (d) tras la emisión de esos títulos (i) el servicio de la deuda anual exigible en el año fiscal corriente y en cada uno de los futuros ejercicios fiscales de los Bonos de COFINA y los Bonos de paridad de COFINA pendientes tras la emisión de los Bonos de paridad de COFINA será igual o menor que el servicio de la deuda anual deuda anual exigible en el año fiscal corriente y en cada uno de los futuros ejercicios fiscales, respectivamente, de todos los Bonos de COFINA y los Bonos de paridad de COFINA pendientes antes de dicha emisión; (ii) el Ahorro del servicio de la deuda solamente podrá materializarse en los mismos ejercicios fiscales en que el capital de los Bonos de COFINA y los Bonos de paridad de COFINA haya sido devuelto y/o recomprado; (iii) el Ahorro del servicio de la deuda en cualquier año fiscal se aplicará en primer lugar a la devolución del capital y al pago de los intereses de los Bonos de COFINA o los Bonos de paridad de COFINA impagados en cualquier año fiscal anterior y, en segundo lugar, a elección de COFINA, (x) a la compra de Bonos de COFINA y Bonos de paridad de COFINA en el mercado abierto (con sujeción a las limitaciones de la subsección (ii) precedente), (y) a transferirlo a la Cuenta de gastos de explotación de COFINA para pagar los gastos de explotación de COFINA, o bien (z) a transferir dicho ahorro al Estado Libre Asociado; y (iv) cualquier Ahorro del servicio de la deuda librado al Estado Libre Asociado como se estipula en la subsección (iii) precedente estará a disposición para cualquier fin lícito del Estado Libre Asociado.

1.63    **Impuestos pignorados de COFINA:** Los actuales y futuros ingresos y recaudaciones generados por el tramo del Impuesto sobre Ventas que se corresponde con una tasa de interés del cinco y medio por ciento (5.5%).

1.64    **Tramo de COFINA:** Los Impuestos pignorados de COFINA y todos los derechos sobre los mismos, incluyendo el derecho de percibir los Impuestos pignorados de COFINA de conformidad con el Financiamiento de los primeros fondos (First Dollars Funding), en un porcentaje del cincuenta y tres punto sesenta y cinco por ciento (53.65%) de la RF en un año fiscal concreto, hasta que los Bonos de COFINA y los Bonos de paridad de COFINA hayan sido pagados o satisfechos íntegramente, de acuerdo con sus términos y condiciones.

1.65    **Depósitos de COFINA en BNYM antes del EF 2019:** Los depósitos en BNYM antes del EF por importe de setenta y ocho millones trescientos cincuenta y cinco mil ochocientos treinta y siete dólares con sesenta y tres centavos ($78,355,837.63).

1.66    **Estado Libre Asociado:** El Estado Libre Asociado de Puerto Rico.

1.67    **Agente del Estado Libre Asociado:** El agente designado de la Junta de Supervisión, como representante del Estado Libre Asociado para litigar y/o resolver la Controversia entre el Estado Libre Asociado y COFINA, en nombre del Estado Libre Asociado en virtud de la Orden sobre la Controversia entre el Estado Libre Asociado y COFINA.

1.68    **Controversia entre el Estado Libre Asociado y COFINA:** La controversia entre el Estado Libre Asociado y COFINA sobre la propiedad de los Impuestos sobre Ventas y Uso supuestamente transferidos a COFINA por el Estado Libre Asociado, y pignorados por COFINA para garantizar la devolución de cierta deuda de COFINA, objeto de un pleito en el Procedimiento

contencioso, que se pretende resolver y liquidar mediante la Orden de Resolución y la Orden de Ratificación.

1.69  **Orden sobre la Controversia entre el Estado Libre Asociado y COFINA**: La Estipulación y Orden aprobando el procedimiento para resolver la Controversia entre el Estado Libre Asociado y COFINA [Caso núm. 17-3283, ECF núm. 996], tal como pueda modificarse en cada momento, dictadas por el Tribunal del Título III en el Caso del Estado Libre Asociado bajo el Título III.

1.70  **Resolución de la Controversia entre el Estado Libre Asociado y COFINA**: El compromiso y resolución de la Controversia entre el Estado Libre Asociado y COFINA, sobre la base del Acuerdo de principio y plasmado en el Acuerdo de Conciliación del 19 de octubre de 2018 entre el Agente de COFINA y la Junta de Supervisión.

1.71  **Tramo del Estado Libre Asociado:** En conjunto, un interés que es segundo en orden de prioridad de pagos, financiamiento y recaudación, en todas las circunstancias, con sujeción a y en virtud de Financiamiento de los primeros fondos, en los Impuestos pignorados de COFINA y todos los derechos sobre los mismos, incluyendo el derecho de percibir (a) el monto residual de los Impuestos pignorados de COFINA en la cuantía, si acaso, superior al Tramo de COFINA en cualquier año fiscal dado, y (b) todos los Impuestos pignorados de COFINA una vez que los Bonos de COFINA y los Bonos de paridad de COFINA hayan sido pagados o satisfechos íntegramente, de acuerdo con sus términos y condiciones, disponiéndose, sin embargo, que en todas las circunstancias, el Tramo del Estado Libre Asociado excluirá íntegramente el Tramo de COFINA, y el Estado Libre Asociado no tendrá ninguna participación en el Tramo de COFINA, disponiéndose, además, que queda entendido que (y) con sujeción a lo dispuesto sobre las Pruebas de bonos adicionales y el Financiamiento de los primeros fondos, según recogen las Secciones 16.3 y16.5, respectivamente, el Estado Libre Asociado no tendrán derecho a recibir ingresos ni recaudaciones generados por los Impuestos pignorados de COFINA en un determinado año fiscal, salvo y hasta que COFINA haya recibido el Tramo de COFINA, y (z) el Estado Libre Asociado no tendrá derecho de recibir el Ahorro del servicio de la deuda en un determinado año fiscal, salvo y hasta que se hayan realizado o reservado los pagos del servicio de la deuda de los Bonos de COFINA y los Bonos de paridad de COFINA correspondiente a dicho ejercicio, incluyendo los pagos atrasados del servicio de la deuda de anteriores ejercicios, de acuerdo con las cláusulas relativas a las Pruebas de bonos adicionales recogidas en la Sección 16.3, y disponiéndose, además, que queda entendido que el Tramo de COFINA no será, ni ahora ni más adelante, propiedad del Estado Libre Asociado. En caso de producirse un nuevo caso del Título III o similar, o cualquier otro procedimiento del Estado Libre Asociado, en cualquier foro, el Tramo de COFINA no estará sujeto a la suspensión automática de cualquiera de esos procedimientos del Estado Libre Asociado.

1.72  **Caso del Título III del Estado Libre Asociado:** El Caso del Título III, en virtud de la Ley PROMESA, pendiente del Estado Libre Asociado en el Tribunal del Título III, caratulado como Sobre el asunto de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante del Estado Libre Asociado de Puerto Rico, Caso núm. 17- 3283-LTS (D.P.R.).

1.73  **Importe compuesto:** El "Importe compuesto", tal como lo define la Resolución de Bonos.

1.74   **Fecha de ratificación:** La fecha en que el secretario del Tribunal del Título III apunte la Orden de Ratificación en el registro.

1.75   **Vista de ratificación:** La vista realizada ante el Tribunal del Título III de conformidad con la sección 1128(a) del Código de Quiebras y la Sección 314 de la Ley PROMESA, para considerar la ratificación del Plan, tal como pueda ser aplazada o continuada en cada momento.

1.76   **Orden de Ratificación:** La orden del Tribunal del Título III confirmando el Plan, de acuerdo con la Sección 314(b) de la Ley PROMESA y la sección 1129 del Código de Quiebras, aplicable al Caso del Título III de conformidad con las Secciones 301 y 314(b)(1) de la Ley PROMESA.

1.77   **Costos de consumación:** En conjunto, los montos a pagar, en Efectivo, en la Fecha de Entrada en Vigor, a las Partes de los Costos de consumación, a tenor de los términos y condiciones del Plan de Ajuste, la Hoja de condiciones y el Artículo III.

1.78   **Parte de los Costos de consumación:** Cada uno de los Acreedores del PSA establecidos en el Anexo "B" a la Hoja de condiciones.

1.79   **Acreedor:** Cualquier entidad que mantenga una Reclamación contra COFINA o los Activos de COFINA o, en virtud de la sección 102(2) del Código de quiebras, contra cualquier otro bien de COFINA, incluyendo, entre otros, una Reclamación contra COFINA del tipo especificado en las secciones 502(g), 502(h) o 502(i) del Código de Quiebras, y en cada caso exclusivamente por la Entidad en calidad de tal.

1.80   **Comité de Acreedores:** Un comité legislativo de acreedores no garantizados designados en, entre otros casos, el Caso del Título III del Estado Libre Asociado, pero no el Caso del Título III.

1.81   **Fondo de servicio de la deuda:** La cuenta a establecer a tenor de la Escritura de Emisión de Bonos, a nombre de los fideicomisarios de los Bonos de COFINA, cuyo objeto será recibir, mantener y distribuir fondos para beneficio y pago del servicio de la deuda de los Bonos de COFINA y los Bonos de paridad de COFINA.

1.82   **Ahorro del servicio de la deuda:** En cada año fiscal, la diferencia entre (a) el capital y los intereses a pagar en concepto de los Bonos de COFINA y los Bonos de paridad de COFINA a la sazón pendientes, antes de la emisión de los Bonos de paridad de COFINA y/o la compra, por parte de la COFINA Reorganizada, de los Bonos de COFINA y los Bonos de paridad de COFINA en el mercado abierto, y (b) el capital y los intereses a pagar en concepto de los Bonos de COFINA y los Bonos de paridad de COFINA que sigan pendientes de pago después de la emisión de los Bonos de paridad de COFINA y/o la compra, por la COFINA Reorganizada, de los citados Bonos de COFINA y los Bonos de paridad de COFINA.

1.83   **Documentos definitivos:** En conjunto, los documentos y acuerdos definitivos de los cuales COFINA será parte, tal como se contempla en el Plan, incluyendo (a) el Plan y toda la documentación o acuerdos relacionados con los mismos, (b) la Orden de Ratificación y las alegaciones en apoyo a su admisión, (c) la Escritura de Emisión de Bonos y los documentos o acuerdos relacionados con los mismos, (d) el formato de los Bonos de COFINA, (e) el Nuevo contrato de servicios bancarios, y (f) cada uno de los demás documentos que conformarán el Suplemento del Plan. La forma y el contenido de cada documento que comprenda los "Documentos definitivos" serán razonablemente aceptables para las Partes del Gobierno, los Acreedores de PSA y Bonistas.

104749481v5

1.84     **Agente pagador:** Según proceda, COFINA o aquella otra Entidad designada por la Junta de Supervisión y COFINA a más tardar en la Fecha de Entrada en Vigor, con el objeto de facilitar las distribuciones a tenor de lo dispuesto en el Plan.

1.85     **Declaración de divulgación:** La declaración de divulgación relativa al Plan y aprobada por el Tribunal del Título III de conformidad con sección 1125 del Código de Quiebras, aplicable al Caso del Título III a tenor de la Sección 301 de la Ley PROMESA.

1.86     **Vista de la Declaración de divulgación:** La audiencia a celebrar en un Tribunal del Título III para considerar la idoneidad de la información contenida en la Declaración de divulgación, a tenor de la sección 1125 del Código de Quiebras, aplicable al Caso del Título III en virtud de laSección 301 de la Ley PROMESA.

1.87     **Orden de la Declaración de divulgación:** La orden del Tribunal del Título III confirmando la Declaración de divulgación contiene la información adecuada, de conformidad con lo dispuesto por la sección 1125 del Código de Quiebras, aplicable al Caso del Título III en virtud de la Sección 301 de la Ley PROMESA.

1.88     **Reclamación objetada:** Una Reclamación contra COFINA o sus activos, en la medida en que la admisión de la misma está sujeto a una objeción puntual o a una solicitud de estimación de acuerdo con el Plan, el Código de Quiebras, el Reglamento de Quiebras o la Orden de Ratificación, o bien está objetada por COFINA de acuerdo con la legislación vigente, y si dicha objeción, solicitud de estimación o controversia no haya sido retirada, sin perjuicio, o determinada por una Orden definitiva.

1.89     **Fecha de distribución:** Salvo que el presente documento se especifique algo distinto, la fecha o fechas determinadas por COFINA a partir de la Fecha de Entrada en Vigor, cuando el Agente pagador efectuará las distribuciones a los tenedores de las Reclamaciones permitidas con derecho a percibir las distribuciones en virtud del Plan.

1.90     **Fecha de registro de distribución:** La Fecha de votación, o aquella otra fecha que pudiese establecer, mediante una orden separada, el Tribunal del Título III, incluyendo la Orden de Ratificación; disponiéndose, sin embargo, que la "Fecha de registro de la distribución" no se aplicará a ningún título cotizado que reciba una distribución en virtud del Plan a través de la The Depository Trust Company.

1.91     **Fecha de Entrada en Vigor:** El primer (1er.) Día laborable en el cual (i) han sido satisfechas, o dispensadas, todas las condiciones precedentes para la ratificación del Plan estipuladas en la Sección 24.1 del mismo, según se establece en la Sección 24.2 del Plan, y (ii) han sido satisfechas, o dispensadas, todas las condiciones precedentes para la entrada en vigor del Plan especificadas en la Sección 25.1 del Plan, según se establece en la Sección 25.2 del mismo.

1.92     **Entidad:** Una Persona, corporación, sociedad general, sociedad limitada, corporación, sociedad de responsabilidad limitada, asociación de responsabilidad limitada, cooperativa, fideicomiso, organización no constituida, asociación, sociedad en comandita por acciones, sociedad mixta, sucesión, gobierno o agencia o subdivisión política del mismo, incluyendo, entre otros, a la Oficina del Fideicomisario de los Estados Unidos.

1.93     **Parte exculpada:** En conjunto, y en cada caso en su calidad de tal: (a) COFINA; (b) la AAFAF, (c) la Junta de Supervisión y cada uno de sus integrantes; (d) cada uno de los Acreedores de PSA y Bonistas, exclusivamente en calidad de partes del Plan de Ajuste y de Acreedor, y no de acreedor de cualquier otra Entidad, incluyendo, entre otros, al Estado Libre Asociado; y (e) con respecto a cada una de las subcláusulas (a) hasta (d) precedentes, los actuales y antiguos Afiliados de dicha Entidad, y las actuales o anteriores Personas relacionadas con las mismas, exclusivamente en las calidades ya indicadas.

1.94     **Contrato condicional:** Un contrato del cual COFINA es parte y que está sujeto a asunción, asunción y cesión, o rechazo, a tenor de la sección 365 del Código de Quiebras, con las salvedades previstas en la Sección 311 de la Ley PROMESA.

1.95     **Títulos existentes:** En conjunto, los actuales bonos "Prioritarios" y "Primeros subordinados" emitidos por COFINA antes de la Fecha de petición, de acuerdo con la Resolución de Bonos.

1.96     **Orden definitiva:** Una orden o sentencia de un tribunal competente que haya sido apuntada en el expediente mantenido por el secretario de dicho tribunal, y que no haya sido revocada, anulada o suspendida, y (i) cuyo plazo para apelar, petición para certiorari o instancia de nuevo juicio, revisión o nueva vista haya caducado, y cuya apelación, petición paracertiorari u otros procedimientos para instar un nuevo juicio, revisar o celebrar una nueva vista no esté pendiente, o bien (ii) si se ha solicitado una apelación, escrito de certiorari, nuevo juicio, revisión o nueva vista, (a) dicha orden o sentencia haya sido confirmada por la instancia superior ante la cual se presentó la apelación, denegando el certiorari, nuevo juicio, revisión o nueva vista, o bien dichos procedimientos hayan conllevado la modificación de dicha orden, y (b) el plazo para cualquier nueva apelación, petición de certiorari, instancia de un nuevo juicio, revisión o nueva vista haya caducado, <u>aunque</u> exista la posibilidad de que se presente una moción al amparo de la Regla 60 de las Reglas de Procedimiento Civil Federal, u otra norma análoga bajo el Reglamento de Quiebras o las Reglas de Quiebras Locales en relación a dicha orden no impida que resulte una Orden definitiva, con las excepciones previstas por las Reglas de Procedimiento de Apelación Federal, el Reglamento de Quiebras o las Reglas locales de quiebras.

1.97     **Financiamiento de los primeros fondos:** La asignación de los "primeros fondos" recaudados de los Impuestos pignorados de COFINA, incluyendo entre otros, los criterios establecidos en la Sección 16.5, que deben satisfacerse para permitir, entre otras cosas, depósitos trimestrales de "primeros fondos" recaudados de los Impuestos pignorados de COFINA.

1.98     **Plan fiscal:** Un "Plan fiscal", tal y como lo define la Sección 5(10) de la Ley PROMESA.

1.99     **Renta fija:** Para el EF cerrado el 30 de junio de 2019, setecientos ochenta y tres millones ciento noventa y siete mil doscientos cincuenta y un ($783,197,251.00) dólares. Para los EF subsiguientes, la Renta fija del EF precedente <u>más</u> el cuatro por ciento (4%) adicional, hasta un importe global del EF de mil ochocientos cincuenta millones ($1,850,000,000.00) de dólares.

1.100     **EF:** Un año fiscal del Estado Libre Asociado.

1.101     **Depósitos en BNYM en EF 2019:** Conjuntamente, los fondos depositados a partir del 1 de julio de 2018 (incluyendo los depósitos de COFINA en el EF 2019) en las cuentas de servicio de la deuda de reservas y otras, y los beneficios sobre los mismos mantenidos en BNYM, en calidad de fideicomisario de los Bonos de COFINA.

104749481v5

     1.102    **Reclamación general no garantizada:** Toda Reclamación, a excepción de una Reclamación de gastos administrativos, una Reclamación de bonos prioritarios de COFINA, Reclamación de bonos prioritarios de COFINA (Ambac), una Reclamación de bonos prioritarios de COFINA (National), una Reclamación de bonos prioritarios de COFINA (Elección imponible), una Reclamación de bonos subordinados de COFINA, una Reclamación de bonos subordinados de COFINA (Assured), una Reclamación de bonos subordinados de COFINA (Elección imponible) o una Reclamación de derivados GS.

     1.103    **Partes del Gobierno:** En conjunto, la Junta de Supervisión, COFINA y AAFAF.

     1.104    **Reclamaciones renunciadas del Gobierno:** Conjuntamente, todas las reclamaciones, demandas, derechos, responsabilidades o causas de acción de toda índole, carácter o naturaleza, en derecho o en equidad, conocidos o desconocidos, incoados o no, que alguna Parte, o cualquiera que reclame a través de los mismos o en su nombre, ahora o en el futuro, contra cualquier Beneficiario de los descargos del Gobierno, relacionados o conectados con COFINA, los Bonos prioritarios de COFINA, las Reclamaciones de los Bonos prioritarios de COFINA, los Bonos subordinados de COFINA, las Reclamaciones de los Bonos subordinados de COFINA y las Acciones, anteriores a la Fecha de Entrada en Vigor de COFINA. No obstante, el concepto "Reclamaciones renunciadas del Gobierno" no incluye ninguno de los derechos, privilegios, reclamaciones, reclamaciones, responsabilidades o causas de acción de ningún tipo, carácter o naturaleza (a) contra (i) COFINA (o sus sucesores, incluyendo la COFINA Reorganizada) derivados de, o relacionados con, las obligaciones de COFINA en virtud del Plan o los títulos a emitir de conformidad con el mismo, o bien (ii) una Parte del Gobierno no relacionada con COFINA, o bien (b) derivado de, o relacionado con, cualquier acción u omisión que constituya fraude intencionado o conducta dolosa.

     1.105    **Beneficiarios de los descargos del Gobierno:** Colectivamente, las Partes del Gobierno y el Estado Libre Asociado, conjuntamente con sus respectivos actuales o antiguos integrantes del directorio, directores, mandantes, agentes, directivos, empleados, asesores y profesionales, incluyendo, entre otros, todos y cada uno de los asesores y profesionales contratados por las Partes del Gobierno en relación con el Caso del Título III.

     1.106    **Reclamación de derivados GS:** La reclamación resultante de, o relacionada con, un Acuerdo Marco de ISDA, del 31 de julio de 2007, entre Goldman Sachs Bank USA (en calidad de sucesora de Goldman Sachs Capital Markets, L.P.) y COFINA, modificado por una Enmienda del 24 de septiembre de 2014.

     1.107    **Pólizas de seguro:** En conjunto, la Póliza de seguro de Ambac, las Pólizas de seguro de Assured y las pólizas de seguro de National.

     1.108    **Acción de Interpelación:** El caso caratulado <u>The Bank of New York Mellon contra Corporación del Fondo de Interés Apremiante de Puerto Rico y otros</u>, Pro. Cont.Núm. 17-133-LTS, actualmente pendiente ante el Tribunal del Título III.

     1.109    **IRC:** El Internal Revenue Code (Código tributario) estadounidense de 1986, según vaya siendo modificado periódicamente.

     1.110    **IRS:** El Internal Revenue Service, la agencia tributaria federal del Departamento del Tesoro de EE.UU.

104749481v5

1.111 **Reclamación de bonos subordinados de COFINA**: Una Reclamación de bonos, que no sea una Reclamación de bonos subordinados de COFINA (Assured) o una Reclamación de bonos subordinados de COFINA (Elección imponible), a cuenta de un Título existente "Primer subordinado".

1.112 **Reclamación de bonos subordinados de COFINA (Assured)**: Una Reclamación de bonos, a cuenta de un Título existente "Primer subordinado", cuyo repago programado ha sido asegurado por Assured de conformidad con los términos y condiciones de las Pólizas de seguros de Assured, incluyendo pólizas de seguros del mercado secundario.

1.113 **Reclamación de bonos subordinados de COFINA (Elección imponible):** Una Reclamación de bonos, salvo una Reclamación de bonos subordinados de COFINA (Assured), a cuenta de un Título existente "Primer subordinado", cuyo tenedor haya optado afirmativamente por recibir una Distribución de bonos sujeta a impuestos y sea (i) un Inversionista de Puerto Rico; disponiéndose, sin embargo, que si las Distribuciones de Bonos imponibles son elegidas por Inversionistas de Puerto Rico tenedores de Reclamaciones de bonos por una cuantía total superior al Importe máximo de la elección de bonos imponibles, dicha Reclamación de bonos será una Reclamación de bonos subordinados de COFINA (Elección sujeta a impuestos) hasta la parte proporcional del citado Importe máximo de la elección de bonos imponibles, y el resto será una Reclamación de bonos subordinados de COFINA, o bien (ii) si hubiese un Importe restante de la elección de bonos imponibles y el tenedor es una Institución de Puerto Rico, disponiéndose, sin embargo, que si las Distribuciones de Bonos imponibles son elegidas por Instituciones de Puerto Rico tenedoras de Reclamaciones de bonos por una cuantía total superior al Importe restante de la elección de bonos imponibles, dicha Reclamación de bonos será una Reclamación de bonos subordinados de COFINA (Elección imponible) hasta la parte proporcional del citado Importe restante de la elección de bonos imponibles, y el resto será una Reclamación de bonos subordinados de COFINA.

1.114 **Distribución de bonos subordinados de COFINA:** Una distribución de Bonos de COFINA, Efectivo de la Sección 103, si procediese, y Efectivo Disponible para el Redondeo, si fuese necesario, asignados a tenedores de Reclamaciones de Bonos subordinados de COFINA, Reclamaciones de Bonos subordinados de COFINA (Assured) y Reclamaciones de Bonos subordinados de COFINA (Elección imponible), equivalente al cincuenta y seis punto cuarenta y uno por ciento (56.41%) del total de tenedores de Reclamaciones de Bonos subordinados de COFINA, Reclamaciones de Bonos subordinados de COFINA (Assured) y Reclamaciones de Bonos subordinados de COFINA (Elección imponible), más cualquier valor incremental distribuible como consecuencia de un incremento del Efectivo disponible para distribución de COFINA, aunque solamente en la medida en que dicho incremento fuese resultado de una infrasuscripción del Efectivo de elección imponible, según los términos y condiciones de la Sección 2.1(a) de la presente, disponiéndose, sin embargo, que en caso de que la legislación vigente de Estados Unidos no permitiese la emisión de Bonos de COFINA exentos de impuestos federales, COFINA emitirá Bonos de COFINA Imponibles como una subserie de los Bonos de COFINA, que se distribuirán, en primer lugar, con arreglo a lo dispuesto en las Secciones 8.1 y 11.1 y, a continuación, con respecto a cualquier Bono de COFINA imponible, proporcionalmente con todos los demás destinatarios de Bonos de COFINA, de acuerdo con el Plan, incluyendo, entre otros, los tenedores pertinentes de Reclamaciones de Bonos prioritarios de COFINA permitidas, Reclamaciones de Bonos prioritarios de COFINA permitidas (Ambac), Reclamaciones de Bonos prioritarios de COFINA permitidas (National), Reclamaciones de Bonos subordinados de COFINA permitidas y Reclamaciones de Bonos subordinados de COFINA permitidas (Assured).

1.115 **Distribución de bonos subordinados imponibles:** La distribución a realizar a cada tenedor de una Reclamación permitida de Bonos subordinados de COFINA (Elección imponible), a tenor de los términos y condiciones de la Sección 11.1.

1.116 **Acción de Lex Claims:** El pleito caratulado Lex Claims, LLC contra El Estado Libre Asociado de Puerto Rico, núm. 16-CV-02374-FAB (D.P.R. 2016), actualmente pendiente en el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, exclusivamente con respecto a lasR eclamaciones o Causas de acción, o partes de las mismas, que los demandantes hayan incoado, o que se les requirió incoar por imperativo legal, fundamentadas en las objeciones a la constitucionalidad de COFINA, al

104749481v5

derecho de COFINA sobre la recaudación del Impuesto sobre Ventas, en su caso, transferidos por el Estado Libre Asociado a COFINA, y aquellas otras Reclamaciones o Causas de acción que, razonablemente, pudiesen interpretarse como objeciones a las transacciones contempladas en la Hoja de condiciones, el Plan y la Moción de Resolución.

1.117   **Gravamen:** Toda carga contra, o interés sobre, un bien para garantizar el pago de una deuda o el cumplimiento de una obligación.

1.118   **Lista de Acreedores:** La Lista de Acreedores (conjuntamente con todos los resúmenes, notas y anexos) adjunta en forma de Anexo A la *Notificación de la radicación de la Lista de acreedores a la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA")* [ECF núm. 215], radicada en el Caso del Título III conforme a las secciones 924 y 925 del Código de Quiebras, entendiéndose que dicha lista, resúmenes o anexos pueden ser enmendados, suplementados o modificados de otros modos por COFINA.

1.119   **Reglas locales de quiebras:** Las Reglas locales de quiebras del Tribunal de Quiebras de los Estados Unidos para el Distrito de Puerto Rico y, en la medida en que fuesen aplicables al Caso del Título III, las Reglas del Tribunal de Distrito Local para el Distrito de Puerto Rico, tal como cada una pueda ser modificada en cada momento.

1.120   **Importe máximo de la elección de bonos imponibles:** Mil millones de dólares ($1,000,000,000.00), disponiéndose, sin embargo, que, si la cuantía de los Bonos imponibles de COFINA excediese el importe total de los Bonos de COFINA distribuibles con respecto a las Reclamaciones de Bonos prioritarios de COFINA permitidas (Elección imponible) yReclamaciones de Bonos subordinados de COFINA permitidas (Elección imponible), en cada caso calculables, a efectos de este requisito, suponiendo un Importe máximo de la elección de bonos imponibles de mil millones de dólares ($1,000,000,000.00), el Importe máximo de la elección de bonos imponibles se incrementará en la cuantía necesaria para la distribución de todos los Bonos imponibles de COFINA de conformidad con las Distribuciones de Bonos Imponibles, disponiéndose, además, que bajo ninguna circunstancia el Importe máximo de la elección de bonos imponibles excederá de los tres mil millones de dólares ($3,000,000,000.00).

1.121   **Moción de ejecución:** La moción que podrá ser radicada por el Comité de Acreedores y/o el Agente del Estado Libre Asociado para ejecutar la Orden sobre la Controversia entre el Estado Libre Asociado y COFINA objetando la autoridad de la Junta de Supervisión bajo la Orden sobre la Controversia entre el Estado Libre Asociado y COFINA para buscar la aprobación del Acuerdo de Conciliación.

1.122   **National:** National Public Finance Guarantee Corporation.

1.123   **Tenedor de certificado de National:** El tenedor de un certificado de National:

1.124   **Certificados de National:** El/los certificado(s) o recibo(s) que deberá emitir el Fideicomiso de National a los titulares usufructuarios de Bonos de COFINA depositados en el Fideicomiso de National.

1.125   **Elección de National:** La elección que deberá ejercitar National, por escrito antes del comienzo de la Vista de la Declaración de Divulgación, a tenor de la cual National podrá optar, a su exclusiva y absoluta discreción, por cancelar todos los Bonos asegurados por National de conformidad con los términos y condiciones estipulados en la Sección 7.5, y satisfacer y liquidar todas sus obligaciones asumidas en las Pólizas de seguros de National.

104749481v5

1.126   **Pólizas de seguros de National:** Las pólizas de seguros existentes inicialmente emitidas por (a) Financial Guaranty Insurance Company y posteriormente novadas a National o (b) MBIA Insurance Corporation, y relacionadas con los Bonos asegurados por National, conjuntamente con todos y cada uno de los contratos y demás documentación relacionados con los mismos.

1.127   **Bonos asegurados por National:** Los Títulos existentes "Prioritarios" emitidos por COFINA y asegurados por National, en calidad de sucesora de la Financial Guaranty Insurance Company o la MBIA Insurance Corporation.

1.128   **Fideicomiso de National:** El o los fideicomisos que podrán ser constituidos, a más tardar en la Fecha de Entrada en Vigor, por COFINA, y cuyos costos y gastos correrán por cuenta de National y/o los Activos del Fideicomiso de National, y para el exclusivo beneficio de los tenedores de las Reclamaciones de Bonos prioritarios de COFINA (National) que opten por no conmutar sus Pólizas de seguros de National, y satisfacer y liquidar todas sus obligaciones asumidas en las Pólizas de seguros de National.

1.129   **Activos del fideicomiso de National:** En conjunto, (a) los Bonos asegurados por National de un tenedor de Reclamaciones de Bonos prioritarios de COFINA (National) que haya elegido el tratamiento previsto por la Sección 7.1(b), la Distribución de Bonos prioritarios de COFINA asignable a cada uno de dichos tenedores de una Reclamación de bonos prioritarios de COFINA (National), (c) las Pólizas de seguros de National, y (d) los Costos de consumación asignables a National de acuerdo con los términos y condiciones de la Sección 3.3.

1.130   **Nuevo contrato de servicios bancarios:** El contrato a formalizar por, y entre otros, la COFINA Reorganizada y el fideicomisario de los Bonos de COFINA para prestar, entre otros, los servicios y procedimientos para la recaudación y depósito de los Impuestos pignorados de COFINA.

1.131   **Escritura de Emisión de Bonos:** La escritura de constitución de fideicomiso que deberá ejecutarse en la Fecha de Entrada en Vigor, en virtud de la cual la COFINA Reorganizada emitirá los Bonos de COFINA, según pueda ser enmendada, suplementada o modificada en cada momento. Lo pactado podrá quedar contenido en la Escritura de Emisión de Bonos, o bien en un contrato separado entre la COFINA Reorganizada y el fideicomisario de los Bonos de COFINA.

1.132   **Legislación de Nuevos Bonos:** La legislación que se promulgará, a más tardar en la Fecha de Entrada en Vigor, para autorizar las transacciones contempladas por, y congruentes con, el Plan, disponiendo la propiedad y colateralización de los Impuestos pignorados de COFINA, el otorgamiento de la Nueva Garantía y la incorporación de otros términos, como se estipula en la Sección 25.1(c)(viii).

1.133   **Nueva garantía:** La garantía que, de conformidad con la legislación promulgada, podrá ser sustituida por el Estado Libre Asociado para reemplazar los Impuestos pignorados de COFINA, o la garantía ya sustituida como garantía para la devolución de los Bonos de COFINA, con sujeción al cumplimiento de los requisitos estipulados en la Sección 16.7.

1.134   **Junta de Supervisión:** La Junta de Supervisión y Administración Fiscal para Puerto Rico, establecida de conformidad con la Sección 101 de PROMESA, como representante de COFINA en el Caso del Título III con arreglo a la sección 315(b) de la Ley PROMESA.

104749481v5

1.135    **Persona:** Una persona física, sociedad general, sociedad limitada, corporación, compañía de responsabilidad limitada, sociedadde responsabilidad limitada, cooperativa, fideicomiso, organización no constituida, asociación, sociedad en comandita por acciones, sociedad mixta, sucesión, gobierno o agencia o subdivisión política del mismo, o cualquier otra forma de persona jurídica.

1.136    **Fecha de petición** El 5 de mayo de 2017, fecha en que la Junta de Supervisión presentó una petición voluntaria de protección para COFINA, con lo que se inició el Caso del Título III.

1.137    **Plan:** La presente Tercera Enmienda al Plan de Ajuste del Título III de la Corporación del Fondo de Interés Apremiante de Puerto Rico, incluyendo, entre otros, los anexos y anexos al mismo, según puedan ser enmendados, suplementados o modificados en cada momento de conformidad con las disposiciones de la Ley PROMESA, el Código de Quiebras y los términos y condiciones de este documento.

1.138    **Suplemento del Plan:** Un documento separado, que deberá radicarse ante el Secretario del Tribunal del Título III que incluye, entre otros documentos, los formularios de la Escritura de Emisión de Bonos, los Bonos de COFINA, los Estatutos de COFINA Reorganizada, el Nuevo contrato de servicios bancarios y, si no se promulgó previamente, el borrador de la Legislación de Nuevos bonos que, en cada caso, serán en forma y contenido razonablemente satisfactorios para los Acreedores de PSA. El Suplemento del Plan, que contendrá los borradores o las versiones definitivas de los citados documentos, se radicarán ante el Secretario del Tribunal del Título III en cuanto resulte viable, aunque, en todo caso, no más de siete (7) días antes de la Fecha de votación o aquella otra fecha que determine el Tribunal del Título III. El Suplemento del Plan se considerará incorporado, y parte del Plan, como si estuviese aquí íntegramente incluido.

1.139    **Acuerdo de Apoyo al Plan (PSA):** El Plan de Ajuste modificado y rectificado del 20 de septiembre de 2018, pactado entre la Junta de Supervisión, la AAFAF, COFINA, los Acreedores de PSA y Bonistas del Patio, Inc.

1.140    **Depósitos en BNYM antes del EF 2019:** En conjunto, los fondos depositados antes del 1 de julio de 2018 en las cuentas de servicio de la deuda de reservas y otras, y los beneficios sobre los mismos mantenidos en BNYM, en calidad de fideicomisario de los Bonos de COFINA, para beneficio de los tenedores de Títulos existentes.

1.141    **Profesional:** Una Entidad (a) a compensar por los servicios prestados antes de la Fecha de Entrada en Vigor (incluida) de conformidad con las Secciones 316 y 317 de la Ley PROMESA, y (i) empleada en el Caso del Título III por COFINA (a la absoluta discreción de COFINA y la AAFAF), o bien (ii) empleada en el Caso del Título III por la Junta de Supervisión (a la absoluta discreción de la Junta de Supervisión); o bien (b) cuyas compensaciones y reintegros hayan sido permitidos por el Tribunal del Título III en virtud de la sección 503(b)(4) del Código de Quiebras.

1.142    **Reclamación de profesionales:** La reclamación de un Profesional solicitando que el Tribunal del Título III le adjudique una compensación por los servicios prestados o por el reintegro de los gastos incurridos para ello hasta la Fecha de ratificación (incluida), de conformidad con las Secciones 316 y 317 de la Ley PROMESA.

1.143    **PROMESA:** La Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico, Ley Pub. Núm. . 114-187, 130 Estat. 549 (2016), 48 U.S.C. §2101 y ss.

1.144    **Participación Prorrateada:** Con respecto a las Reclamaciones permitidas (i) dentro de la misma Clase, la proporción que guarda una Reclamación permitida con la suma de todas las Reclamaciones permitidas de la misma Clase, y entre varias Clases, la proporción que las Reclamaciones permitidas de cualquiera de tales Clases guarda con la suma de las Reclamaciones permitidas de todas esas Clases.

1.145   **Acreedores del PSA:** En conjunto, las partes del Plan de Ajuste, exceptuando las Partes del Gobierno y Bonistas del Patio, Inc.

1.146   **PSTBA/Renta fija:** La Renta fija (Pledged Sales Tax Base Amount, PSTBA), es decir, el monto anual en dólares determinado para cada año fiscal del Estado Libre Asociado de acuerdo con la Sección 3 de la Ley núm. 91-2006 del Estado Libre Asociado, según enmendada.

1.147   **Institución de Puerto Rico:** Un tenedor de una Reclamación de bonos, distinto de un Inversionista de Puerto Rico, domiciliado en Puerto Rico (según pueda determinarlo la Junta de Supervisión a su exclusiva y absoluta discreción), disponiéndose, sin embargo, que los criterios para determinar si dicho tenedor es una Institución de Puerto Rico se elaborarán conjuntamente por la Junta de Supervisión y la AAFAF a su razonable discreción.

1.148   **Inversionista de Puerto Rico:** Un tenedor de una Reclamación de bonos que es, o que es propiedad, o es el único titular beneficiario, una (o más) persona(s) natural (es) residente(s) del Estado Libre Asociado de Puerto Rico a efectos del pago de los impuestos sobre la renta de Puerto Rico (según lo determine la Junta de Supervisión a su exclusiva y absoluta discreción).

1.149   **Acciones relacionadas:** En conjunto, el Procedimiento contencioso y la Acción de Interpelación.

1.150   **Personas relacionadas:** Con respecto a cualquier entidad (incluyendo, a efectos de disipar toda Duda, el Estado Libre Asociado y las Partes del Gobierno), sus predecesores, sucesores y cesionarios (tanto a efectos legales como de otra manera), y sus respectivos actuales y antiguos Afiliados de la Entidad, así como los actuales y antiguos empleados, gerentes, funcionarios elegidos o designados, directores, directivos, consejeros, mandantes, socios, accionistas/partícipes de los Afiliados (tanto si mantiene dichos intereses directa como indirectamente), asociados, asesores financieros, abogados, contadores, consultores, agentes y profesionales (incluyendo, entre otros, todos y cada uno de los Profesionales contratados por COFINA y la AAFAF), u otros representantes, nominados o gestores de inversiones, cada uno actuando en calidad de tal, y cualquier Entidad que demande por o a través de ellos (incluyendo sus respectivos directivos, directores, gerentes, accionistas, asociados, empleados, socios y profesionales), cada uno en calidad de tal.

1.151   **Reclamaciones renunciadas:** En conjunto, (a) con respecto a aquellas Entidades que son parte del Plan de Ajuste, las Reclamaciones y Causas de acción renunciadas en virtud de este documento y del Plan de Ajuste, (b) las Reclamaciones y Causas de acción derivadas de, relacionas con, o que han o podrían haber sido incoadas contra, COFINA o sus Activos en el Caso del Título III, (c) las Reclamaciones y Causas de acción que han, o podrían haber, sido incoadas por COFINA (con respecto a las dispensas otorgadas por COFINA) y por los Acreedores o Partes del Gobierno en relación con las Reclamaciones que pudiesen exigir a las Partes Liberadas (con respecto a las dispensas otorgadas por las Partes Renunciantes), y (d) Reclamaciones derivadas de, o relacionadas con, de otro modo con el Caso del Título III, las Acciones, el Procedimiento contencioso, la Acción de Interpelación, el Plan, el PSA y los compromisos pactados en la Resolución de la Controversia entre el Estado Libre Asociado y COFINA, incluyendo, entre otros vinculados con cualquiera de las Partes del Gobierno y sus respectivas subsidiarias, activos, responsabilidades, operaciones o bienes, disponiéndose, sin embargo, que no se pretende que el concepto "Reclamaciones renunciadas" incluya, ni surta los efectos de incluir, Reclamaciones o Causas de acción no relacionadas con COFINA, ni Reclamaciones o Causas de acciones incoadas, o que pudiesen haber incoarse, por negligencia grave, conducta dolosa o fraude intencionado, tanto contractual como contractualmente, contra BNYM por Ambac o Whitebox en la Acción de Ambac y las Acciones de Whitebox, respectivamente, o cualesquiera derechos, reclamaciones, causas de acción o defensas que BNYM pudiese plantear contra Ambac o Whitebox, según el caso, en relación con tales pleitos, disponiéndose, también, que no se pretende que el concepto de "Reclamaciones renunciadas" dispensesurta los efectos de dispensar, a alguna parte del cumplimiento de las obligaciones asumidas en virtud de la Orden de Ratificación o del Plan, incluyendo, entre otros, el cumplimiento de las obligaciones derivadas de, o relacionadas con, los Bonos de COFINA y los Bonos de paridad de COFINA.

18

1.152 __Partes Liberadas:__ En conjunto, y solo en la medida prevista por el Plan, (a) las Partes del Gobierno, (b) el Estado Libre Asociado, (c) el Agente de COFINA, (d) los Acreedores de PSA, (e) BNYM, (f) una vez satisfechas las condiciones estipuladas en el apartado 3 de la Estipulación de Suspensión, el Comité de Acreedores, sus integrantes y el Agente del Estado Libre Asociado (g) con respecto a las subcláusulas (a) hasta (f) precedentes, cada una de sus respectivas Personas relacionadas.

1.153 __Partes renunciantes:__ En conjunto, y solo en la medida prevista por el Plan, (a) todos los tenedores de Reclamaciones contra COFINA o sus Activo; (b) los actuales y antiguos Afiliados de dichos tenedores, y (c) con respecto a las subcláusulas (a) y (b) precedentes, cada una de las actuales y antiguas Personas relacionadas, _disponiéndose, sin embargo,_ que cada Entidad descrita en las subcláusulas (a) hasta (c) anteriores acuerde las dispensas de conformidad con el Plan, exclusivamente en calidad de Acreedor, y no como acreedor del Estado Libre Asociado o cualquier Entidad o Afiliado del Estado Libre Asociado.

1.154 __COFINA Reorganizada:__ COFINA, a partir de la Fecha de Entrada en Vigor.

1.155 __Estatutos de COFINA Reorganizada:__ Los estatutos adoptados por el directorio de la COFINA Reorganizada, que sustancialmente tendrán la forma definida en el Suplemento del Plan, y la forma y contenido razonablemente satisfactorios para los Acreedores de PSA.

1.156 __Importe restante de la elección de bonos imponibles:__ Una cuantía equivalente al Importe máximo de la elección de bonos imponibles _menos_ el monto total de las Reclamaciones de bonos mantenidas por los Inversionistas de Puerto Rico y, entre ellos, los tenedores que hayan elegido afirmativamente una Distribución de bonos imponibles.

1.157 __Monto de Redondeo de Efectivo:__ La cantidad de Efectivo necesaria, hasta un máximo total de veinticinco millones de dólares ($25,000,000.00), para su distribución a tenedores de Reclamaciones de Bonos prioritarios de COFINA, Reclamaciones de Bonos prioritarios de COFINA (Elección imponible), Reclamaciones de Bonos prioritarios de COFINA (Ambac) y Reclamaciones de Bonos prioritarios de COFINA (National), Reclamaciones de Bonos subordinados de COFINA, Reclamaciones de Bonos subordinados de COFINA (Elección imponible) y Reclamaciones de Bonos subordinados de COFINA (Assured) en forma de importes redondeados, con el objeto de garantizar que todos los tenedores de Reclamaciones de Bonos prioritarios de COFINA, Reclamaciones de Bonos prioritarios de COFINA (Elección imponible), Reclamaciones de Bonos prioritarios de COFINA (Ambac) y Reclamaciones de Bonos prioritarios de COFINA (National), y Reclamaciones de Bonos subordinados de COFINA, Reclamaciones de Bonos subordinados de COFINA (Elección imponible) y Reclamaciones de Bonos subordinados de COFINA (Assured) recibirán su Participación Prorrateada de CIBs, con bonos de una denominación mínima de mil dólares ($1,000.00) por Bono de COFINA.

1.158 __Notificación de venta:__ La notificación que cursará el fideicomisario del Fideicomiso de custodia de National a los tenedores de Certificados de National con arreglo a la Sección 17.2(a), y en relación con la propuesta de venta de la totalidad o parte de los Bonos de COFINA mantenidos por el Fideicomiso de custodia de National.

1.159 __Producto de la venta:__ El producto de una venta, por el fideicomisario del Fideicomiso de custodia de National de la totalidad o parte de los Bonos de COFINA mantenidos por el Fideicomiso de custodia de National.

1.160 __Impuesto sobre Ventas:__ El Impuesto sobre Ventas y Uso decretado por el Gobierno de Puerto Rico en virtud de las Secciones 4020.01 y 4020.02 del Subcapítulo D de la Ley núm. 1-2011, con sus correspondientes modificaciones, y conocido como Código de Rentas Internas para un Nuevo Puerto Rico.

1.161 __Efectivo de la Sección 103:__ La cantidad de efectivo considerada necesaria por la Junta de Supervisión, tras consultarlo con el asesor tributario de la Sección 103 y las Partes del PSA, cuantía

que (a) no será inferior a, y en pago de, los intereses devengados y no desembolsados sobre los Títulos existentes al 4 de mayo de 2017 (incluido), y (b) no excederá del monto de los Depósitos en BNYM antes del EF 2019 menos la cuantía del Monto de Redondeo de Efectivo y los Costos de consumación, que se aplicará a reducir el monto y cantidad de Bonos de COFINA Imponibles, solamente en la medida en que los Bonos de COFINA no puedan emitirse como bonos libres de impuestos de conformidad con las leyes federales vigentes.

1.162 **Reclamación subordinada de la Sección 510(b):** Toda Reclamación, en la medida en que lo determine una Orden definitiva, contra COFINA o sus Activos, derivada de, o relacionada con, (a) una rescisión de la compraventa de un Título existente, (b) la compra, venta o retención de dicho título, o bien el reintegro, la indemnización o la contribución permitidos por la sección 502 del Código de Quiebras por cuenta de dicha Reclamación.

1.163 **Ley de Valores:** La Ley de Valores de 1933, 15 U.S.C. §§ 77a–77aa, con sus correspondientes enmiendas, o cualquier ley federal, estatal o local similar.

1.164 **Reclamación de bonos prioritarios de COFINA:** Una Reclamación de bonos, salvo una Reclamación de bonos prioritarios de COFINA (Ambac), una Reclamación de bonos prioritarios de COFINA (National) o una Reclamación de bonos prioritarios de COFINA (Elección Imponible) a cuenta de un Título existente "Prioritario".

1.165 **Reclamación de bonos prioritarios de COFINA (Ambac):** Una Reclamación de bonos a cuenta de un Título existente "Prioritario" cuyo repago haya sido asegurada por Ambac.

1.166 **Reclamación de bonos prioritarios de COFINA (National):** Una Reclamación de bonos a cuenta de un Título existente "Prioritario" cuyo repago haya sido asegurada por National.

1.167 **Reclamación de bonos prioritarios de COFINA (Elección imponible):** Una Reclamación de bonos, salvo una Reclamación de bonos prioritarios de COFINA (Ambac) o una Reclamación de bonos prioritarios de COFINA (National), por cuenta de un Título existente "Prioritario", cuyo tenedor haya optado afirmativamente por recibir una Distribución de bonos imponibles y sea (i) un Inversionista de Puerto Rico, disponiéndose, sin embargo, que si las Distribuciones de bonos imponibles son elegidas por Inversionistas de Puerto Rico que mantienen Reclamaciones de Bonos por una cuantía total superior al Importe máximo de la elección de bonos imponibles, dicha Reclamación de bonos será una Reclamación de bonos prioritarios de COFINA (Elección imponible) hasta la parte proporcional de dicho Importe máximo de la elección de bonos imponibles, y el resto será una Reclamación de bonos prioritarios de COFINA, o bien (ii) si hubiese un Importe restante de la elección de bonos imponibles y se tratase de una Institución de Puerto Rico, disponiéndose, sin embargo, que si una Distribución de bonos imponibles la elige una Institución de Puerto Rico que posee Reclamaciones de bonos por un total superior al Importe restante de la elección de bonos imponibles, dicha Reclamación de bonos será una Reclamación de bonos prioritarios de COFINA (Elección imponible) hasta la parte proporcional de dicho Importe restante de la elección de bonos imponibles, y el resto será una Reclamación de bonos prioritarios de COFINA.

1.168 **Distribución de Bonos prioritarios de COFINA:** Una distribución de Bonos de COFINA y Efectivo entre los tenedores de Reclamaciones de Bonos prioritarios de COFINA, Reclamaciones de Bonos prioritarios de COFINA (Ambac), Reclamaciones de Bonos prioritarios de COFINA (National) y Reclamaciones de Bonos prioritarios de COFINA (Elección imponible), equivalente al noventa y tres punto uno por ciento (93.01%) del total de las citadas Reclamaciones de Bonos prioritarios de COFINA, Reclamaciones de Bonos prioritarios de COFINA (Ambac), Reclamaciones de Bonos prioritarios de COFINA (National) y Reclamaciones de Bonos prioritarios de COFINA (Elección imponible), más cualquier valor incremental distribuible como resultado de un incremento del Efectivo disponible para distribución de COFINA, disponiéndose, sin embargo, que en caso de que la legislación vigente de Estados Unidos no permitiese la emisión de Bonos de COFINA exentos de impuestos federales, COFINA emitirá Bonos de COFINA Imponibles como una subserie de los Bonos de COFINA que se distribuirán, en primer lugar, según lo disponen las Secciones 8.1 y 11.1 y,

104749481v5

en segunda instancia, con respecto a los demás Bonos de COFINA Imponibles, proporcionalmente a todos los demás destinatarios de Bonos de COFINA, con arreglo al Plan, incluyendo, entre otros a los tenedores de Reclamaciones de Bonos prioritarios de COFINA permitidas, Reclamaciones de Bonos prioritarios de COFINA permitidas (Ambac), Reclamaciones de Bonos prioritarios de COFINA permitidas (National), Reclamación de bonos subordinados de COFINA permitidas y Reclamación de bonos subordinados de COFINA permitidas (Assured).

1.169    **Distribución de bonos prioritarios imponibles:** La distribución a realizar a cada tenedor de una Reclamación de bonos prioritarios permitida (Elección imponible), a tenor de los términos y condiciones de la Sección 8.1.

1.170    **Acuerdo de Conciliación:** El Acuerdo de Conciliación del 19 de octubre de 2018 entre la Junta de Supervisión, en nombre del Estado Libre Asociado, y el Agente de COFINA, en nombre de COFINA.

1.171    **Moción de Resolución:** La moción radicada en el Caso del Título III del Estado Libre Asociado en virtud del Regla de Quiebras 9019, solicitando la adopción de una orden que apruebe el compromiso y conciliación de la Controversia entre el Estado Libre Asociado y COFINA, con arreglo a los términos y condiciones del Acuerdo de Conciliación, y autorizando y ordenando la consumación de las transacciones allí contempladas.

1.172    **Orden de Resolución:** La orden del Tribunal del Título III en el Caso del Título III del Estado Libre Asociado, aprobando la Moción de Resolución y el amparo solicitado en la misma, incluyendo, entre otros, autorizal la entrada del Estado Libre Asociado en el Acuerdo de Conciliación, y autorizando y ordenando la consumación de las transacciones allí contempladas.

1.173    **Agente de solicitud:** Prime Clerk LLC, el agente de notificaciones, reclamaciones y solicitud contratado por COFINA para el Caso del Título III por orden del Tribunal de Distrito.

1.174    **Bonos de gravámenes subordinados:** En conjunto, los bonos adicionales que pueda emitir la COFINA Reorganizada de conformidad con los términos y condiciones de la Sección 16.3 de este documento, cuyo repago deberá garantizarse mediante un gravamen de segundo o menor grado de subordinación sobre los Impuestos pignorados de COFINA y, que en todos los aspectos, estarán subordinados en cuanto a prioridad, financiamiento de pagos y recursos, a los Bonos de COFINA y los Bonos de paridad de COFINA.

1.175    **Distribución de bonos imponibles:** Una Distribución de Bonos prioritarios o subordinados imponibles, según proceda.

1.176   **Bonos de COFINA imponibles:** En conjunto, el tramo de los Bonos de COFINA por el importe total considerado necesario por la Junta de Supervisión, tras consultarlo con el asesor tributario de la Sección 103 y los Acreedores de PSA, a emitir como exentos de impuestos según las leyes de Puerto Rico, aunque imponibles de acuerdo con la Sección 103 del IRC, Bonos de COFINA que se emitirán como CIBs con una tasa de interés del cuatro punto cincuenta y cinco por ciento (4.55%) y con fecha de vencimiento el 1 de julio de 2040.

1.177   **Efectivo de elección imponible:** El monto de Efectivo equivalente al dos por ciento (2.0%) (neto de costos administrativos del proceso de elección vinculado a las Reclamaciones de Bonos pertinentes) del importe total de todas las Reclamaciones de Bonos prioritarios de COFINA (Elección imponible) y Reclamaciones de Bonos subordinados de COFINA (Elección imponible), cuya cuantía de Efectivo no excederá de los sesenta millones de dólares ($60,000,000.00).

1.178   **Importe restante de elección imponible:** La diferencia entre los sesenta millones de dólares ($60,000,000.00) y el Efectivo imponible de conformidad con el Plan.

1.179   **Bonos de COFINA exentos de impuestos:** En conjunto, el tramo de Bonos de COFINA emitidos en la Fecha de Entrada en Vigor como exentos de impuestos, de conformidad con la Sección 103 del IRC.

1.180   **Hoja de condiciones:** La Hoja de condiciones adjunta como Anexo "C" al PSA y que establece, entre otras cosas, los términos y condiciones de los Bonos de COFINA.

1.181   **Título III:** El Título III de la Ley PROMESA.

1.182   **Caso del Título III:** El caso del Título III, sujeto a la Ley PROMESA, pendiente en el Tribunal del Título III, caratulado En el asunto de: Junta de Supervisión y Administración Financiera para Puerto Rico como representante de la Corporación del Fondo de Interés Apremiante de Puerto Rico, Caso núm. 17-3284-LTS (D.P.R.).

1.183   **Tribunal del Título III:** El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, o aquel otro tribunal competente para ver el Caso del Título III.

1.184   **Reclamaciones del Fideicomisario:** En conjunto, las Reclamaciones, en su caso del fideicomisario derivadas de la Sección 804 de la Resolución de Bonos, tanto anterior como posterior a la Fecha de Entrada en Vigor, disponiéndose, sin embargo, que, bajo ninguna circunstancias, las "Reclamaciones del Fideicomisario" podrán incluir los honorarios y gastos incurridos por BNYM a partir de la Fecha de Entrada en Vigor, derivados de, o relacionados con, la Acción de Ambac o las Acciones de Whitebox.

1.185   **Derechos del Fideicomisario:** El gravamen u otros derechos de propiedad, si los hubiere, del fideicomisario derivados de las Secciones 804 y 1103 de la Resolución de Bonos y de la legislación vigente, con sujeción a los derechos de cualquiera de las partes de objetar estos derechos.

1.186   **Fideicomisos:** En conjunto, el Fideicomiso de Ambac y el Fideicomiso de National.

1.187   **Distribución no reclamada:** Toda distribución a un Acreedor que (a) no haya aceptado una determinada distribución o, en caso de distribuciones realizadas mediante cheque, que este no haya sido cobrado, (b) no haya notificado a COFINA sus intenciones de aceptar una determinada distribución, (c) no haya respondido a las peticiones de información de COFINA para facilitar una determinada distribución, o (d) no haya adoptado ninguna otra medida necesaria para facilitar dicha distribución.

104749481v5

1.188   **Arrendamiento vigente**: Un arrendamiento de bienes raíces no residenciales del cual COFINA es parte, sujeto a la asunción, asunción y cesión, o rechazo de acuerdo con la sección 365 del Código de Quiebras, con las excepciones previstas por la Sección 311 de la Ley PROMESA.

1.189   **Whitebox**: Whitebox Advisors, LLC y los fondos gestionados por, o afiliados a, Whitebox Advisors, LLC, incluyendo, entre otros, Whitebox Multi-Strategy Partners, L.P.

1.190   **Acciones de Whitebox:** En conjunto, los pleitos caratulados (a) Whitebox Multi-Strategy Partners, L.P. y otros contra The Bank of New York Mellon, Pro. Cont.núm. 17-AP-143-LTS, actualmente pendiente ante el Tribunal del Título III, y (b) Whitebox Multi- Strategy Partners, L.P. y otros contra The Bank of New York Mellon, Caso núm. 17-CV-3750-LTS, actualmente pendiente ante el Tribunal del Título III.

1.191   **Otras definiciones:** Salvo que el contexto requiera algo distinto, todos los términos en mayúsculas utilizados y no definidos aquí ni en ninguna parte del Plan que estén definidos en la Ley PROMESA o en el Código de Quiebras tendrán el significado asignado a los mismos en la Ley PROMESA o en el Código de Quiebras. Salvo que se especifique algo distinto, (a) todas las referencias a secciones, apéndices o anexos del Plan lo son a las respectivas secciones, artículos, apéndices o anexos del Plan, tal y como puedan haber sido enmendadas, dispensadas o modificadas en cada momento, y (b) todas las referencias a los dólares lo son a la moneda de curso legal de Estados Unidos de América. Los conceptos "en adelante", "de este documento", "aquí contenido" y semejantes hacen referencia al Plan en su totalidad y no a una sección, subsección o cláusula en concreto contenida en el Plan. Para el cálculo de cualquier período de tiempo estipulado o permitido por el Plan, salvo que se especifique expresamente algo distinto, será de aplicación la Regla de Quiebras 9006(a).

1.192   **Normas de interpretación:** A todos los efectos del Plan, (a) salvo que se especifique algo distinto, toda referencia a un contrato, arrendamiento, instrumento, descargo, escritura u otro acuerdo o documento de un contrato particular o con términos y condiciones particulares se entenderá que dicho documento será sustancialmente en dicho formato o contendrá sustancialmente tales términos y condiciones; (b) a menos que se especifique algo distinto, toda referencia aquí a una definición, a un documento, anexo o apéndice existente se entenderá como dicho documento, anexo o apéndice, tal y como pueda haber sido enmendado, modificado o complementado, incluyendo, entre otros, actualizado para conformarse con los Documentos definitivos; (c) salvo que se especifique algo distinto, todas las referencias a "Artículos" y "Secciones" lo son a los Artículos y Secciones, respectivamente, de este documento; (d) los epígrafes y encabezados de los Artículos y Secciones se han insertado exclusivamente para facilitar la consulta, y no están previstos para ser parte de, o afectar a la interpretación del Plan; (e) salvo que se especifique algo distinto, serán de aplicación las normas de interpretación de la sección 102 del Código de Quiebras; (f) salvo que se especifique algo distinto, las referencias a los números de apuntes en el expediente indicados en el Caso del Título III son referencias a los números de apuntes del sistema CM/ECF del Tribunal del Título III; (g) los conceptos "incluyendo", "incluido/a" y variaciones de los mismos no se considerarán con efectos restrictivos, y se entenderán seguidos por las palabras "entre otros" y "sin (que su enumeración suponga en modo alguno una) limitación", y (h) aquellas disposiciones eficaces inmateriales podrán ser interpretadas por la Junta de Supervisión de una manera que sea congruente con el propósito y la intención general del Plan, sin necesidad de ninguna notificación, actuación, orden o aprobación adicional del Tribunal del Título III o de cualquier otra Entidad.

## ARTÍCULO II

### COMPROMISO Y CONCILIACIÓN DE CONTROVERSIAS

2.1     **Controversia entre el Estado Libre Asociado y COFINA**: Conforme a las secciones 105(a), 1123(a)(5) y 1123(b)(3) del Código de Quiebras y la Regla de Quiebras 9019, el Plan incorpora y se encuentra expresamente condicionado por la aprobación y vigencia del acuerdo y conciliación entre la Junta de Supervisión, en nombre del ELA, y el Representante de COFINA, en nombre de COFINA, como se indica en el Acuerdo de Conciliación. El Acuerdo de Conciliación se incorpora a este Plan por referencia como si estuviera transcrito en su totalidad en el presente y, sujeto al acontecimiento de la Fecha de Entrada en Vigor, representa un acuerdo, conciliación y descargo plenos, definitivos y completos de, entre otras cosas, las reclamaciones y cuestiones emergentes de y relacionadas con la Controversia entre el ELA y COFINA, lo que incluye, sin limitación, las reclamaciones que figuran en el Procedimiento Contencioso. El Acuerdo de Conciliación será analizado contemporáneamente para su aprobación por el Tribunal del Título III en el Caso de Título III del ELA a través de la radicación de la Moción de Resolución confirme a la Regla de Quiebra 9019 y, en el Caso de Título III, a través de la radicación del Plan, que incorpora plenamente por referencia el Acuerdo de Conciliación. Sin limitación de lo que antecede, las subsecciones (a) a (e) a continuación describen ciertas disposiciones principales del Acuerdo de Conciliación, pero, salvo con respecto a los descargos provistos en la Sección 30.6 del presente, ninguna disposición de este Plan se interpretará como, ni tiene la intención de, limitar ni disminuir los beneficios a ser recibidos por, o los derechos de, las partes del Acuerdo de Conciliación o los terceros beneficiarios de este. En caso de incongruencias entre la Orden de Resolución, el Plan o la Orden de Ratificación, los documentos regirán en el siguiente orden de prioridad: (i) la Orden de Resolución, (ii) la Orden de Ratificación, y (iii) el Plan.

(a)     **Compromiso y conciliación/Asignación de fondos:** La Controversia entre el ELA y COFINA se acordará y arreglará conforme a la Moción de Resolución y la Orden de Resolución, por un lado y conforme al Plan y la Orden de Ratificación, por otro lado, con (i) otorgamiento a COFINA de la propiedad de la Parte de COFINA, y (ii) otorgamiento al ELA de la propiedad de la Parte del ELA; disponiéndose, sin embargo, que con las excepciones que se estipulan expresamente en las Secciones 15.1 y 15.2 del presente, cien por ciento (100%) de los depósitos de BNYM previos al Año Fiscal 2019 en poder de BNYM de acuerdo con el Procedimiento Contencioso y otras órdenes ingresadas en relación con este sean, en la Fecha de Entrada en Vigor, propiedad exclusiva de COFINA y sean distribuidos a COFINA para fines de distribución de acuerdo con las disposiciones del Plan; disponiéndose, sin embargo, que (i) Setenta y ocho millones trescientos cincuenta y cinco mil ochocientos treinta y siete dólares y sesenta y tres centavos ($78,355,837.63) de los Depósitos de BNYM previos al Año Fiscal 2019, (x) Treinta y tres millones trescientos cincuenta y cinco mil ochocientos treinta y siete dólares y sesenta y tres centavos ($33,355,837.63) sean distribuidos al ELA, (y) Cinco millones de dólares ($5,000,000.00) se asignen a la Cuenta de Gastos de Explotación de COFINA para financiar un fondo de gastos para COFINA y (z) Cuarenta millones de dólares ($40,000,000.00) sean asignados al Efectivo de Elección Imponible distribuible conforme al Plan; disponiéndose, sin embargo, que, si el Efectivo de Elección Imponible realmente distribuido conforme al Plan fuera menos de Sesenta Millones de Dólares ($60,000,000.00), entonces un monto equivalente al Importe Restante de Elección Imponible, de hasta cuarenta millones de dólares ($40,000,000.00) asignado como Efectivo de Elección Imponible, sea distribuido (I) *en primer lugar*, para continuar el financiamiento de la Cuenta de Gastos de Explotación de COFINA hasta Diez Millones de Dólares ($10,000,000.00) adicionales y, (II) *en segundo lugar*, en caso de que haya remanentes adicionales, distribuidos de manera equitativa a COFINA, por un lado, para aumentar el Efectivo Disponible para Distribución y aumentar los recobros a todos los

tenedores de Reclamaciones de Bonos, y el ELA, por otro lado, (B) cien por ciento (100%) de los Depósitos de BNYM del Año Fiscal 2019 de COFINA en poder de BNYM de acuerdo con el Procedimiento Contencioso y otras órdenes presentadas en relación con este, serán, en la Fecha de Entrada en Vigor, propiedad exclusiva de COFINA y serán distribuidos a COFINA para fines de distribución a los tenedores de Bonos de COFINA de acuerdo con el Plan, y (C) cualquier Depósito de BNYM del Año Fiscal 2019 neto de los Depósitos de BNYM del Año Fiscal 2019, serán distribuidos en su totalidad al ELA.

        (b)        **Fecha del acuerdo:** A menos que (i) la aprobación de la Moción de Resolución sea denegada por el Tribunal del Título III o (ii) la Fecha de Entrada en Vigor no se produzca, la Fecha de Entrada en Vigor del acuerdo y arreglo será retroactiva al 1 de julio de 2018 y, además de la recepción de los Depósitos de BNYM previos al Año Fiscal 2019, netos de montos asignados conforme a las disposiciones de la Sección 2.1(a) del presente, y los Depósitos de BNYM del Año Fiscal 2019 de COFINA a la Fecha de Entrada en Vigor, COFINA poseerá y tendrá derecho a recibir la Parte de COFINA a partir del Año Fiscal 2019.

        (c)        **Desestimación del litigio:** En la Fecha de Entrada en Vigor, conforme a la Orden de Resolución y la Orden de Ratificación, dado que dichas órdenes enmendarán y reemplazarán las órdenes del Tribunal del Título III presentadas en el Caso de Título III, el Caso de Título III del ELA, y las Acciones Relacionadas en caso de que dichas órdenes fueran incongruentes con ellas, (1) sujeto a las disposiciones de la Sección 19.5 del presente, BNYM distribuirá dinero de conformidad con los términos y disposiciones de la Sección 2.1(a) del presente, (2) el Procedimiento Contencioso será desestimado, sin derecho a nueva acción, y todos las demás Reclamaciones y Causas de Acción presentadas, o que podrían haber sido presentadas en este por el Representante del ELA, el Representante de COFINA y los Interventores Permitidos, según su definición en el Procedimiento Contencioso, serán consideradas desestimados, con perjuicio, y se considerará que la Junta de Supervisión y el Representante del ELA y el Representante de COFINA y sus respectivos profesionales no tendrán obligaciones adicionales con respecto al Procedimiento Contencioso y el Representante de COFINA y, una vez satisfechas las condiciones estipuladas en el Párrafo decretal 3 de la Estipulación de SuspensiónTemporal, el Representante del ELA, el Comité de Acreedores y sus miembros, junto con sus respectivos profesionales, se considerarán liberados de toda y cualquier obligación asociada con ellos o que sea de otra manera emergente o relacionada con el Caso de Título III, las Acciones, el Procedimiento Contencioso, la Acción de Interpelación, el Plan, el Acuerdo de Apoyo al Plan, y los acuerdos establecidos en la Conciliación de la Controversia entre el ELA y COFINA, lo que incluye, entre otros, en relación con cualquiera de las Partes del Gobierno y sus subsidiarias, activos, obligaciones, operaciones o propiedad respectivos, (3) salvo con respecto a (i) cualquier Reclamación y causas de acción que se haga valer o que pueda haber sido hecho valer por BNYM contra Ambac y Whitebox en la Acción de Interpelación y (ii) cualquier reconvención no liberada y no desestimada por Ambac o Whitebox contra BNYM en ellas, todas los demás Reclamaciones y causas de acción que se hagan valer o podrían haberse hecho valer en la Acción de Interpelación serán considerados desestimados, con perjuicio, y los fondos depositados en relación con estos serán distribuidos de conformidad con los términos y disposiciones del Plan, y (4) salvo con respecto a las Reclamaciones y las causas de acción que se hagan valer o que podrían haberse hecho valer, por Ambac o Whitebox, ya sea por motivos contractuales o extracontractuales, contra BNYM en la Acción de Ambac o las Acciones de Whitebox, respectivamente, por negligencia grave, conducta dolosa o fraude intencional, y cualquier reconvención que pueda ser hecha valer por BNYM contra Ambac o Whitebox en la Acción de Ambac o las Acciones de Whitebox, respectivamente, las Acciones serán desestimadas, con perjuicio, y las Reclamaciones y causas de acción que se hagan valer en ellas por cualquier parte de las Acciones se considerarán desestimadas, con perjuicio.

        (d)        **Admisión de reclamaciones de bonos:** Únicamente a los fines de ratificación y

consumación del Plan, en la Fecha de Entrada en Vigor, (i) las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior"), las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (Elección imponible), las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (Ambac) y las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (National) serán considerados permitidas por el monto consolidado de $7,760,871,398.36, (ii) las Reclamaciones de Bonos COFINA Subordinados, las Reclamaciones de Bonos COFINA Subordinados (Elección imponible) y las Reclamaciones de Bonos COFINA Subordinados (Assured) serán considerados permitidos por el importe consolidado de $9,876,235,996.34; disponiéndose, sin embargo, que, de acuerdo con los procedimientos de solicitud vinculados al Plan, los montos anteriores se considerarán permitidos para los fines de votación, y (iii) los tenedores de Títulos Valores Existentes se considerarán garantizados hasta el valor de los Depósitos de BNYM previos al Año Fiscal 2019, neto de los montos asignados conforme a las disposiciones del Artículo II del presente, los Depósitos de BNYM del Año Fiscal 2019 de COFINA y la Parte de COFINA.

(e) **Descargos, medidas cautelares y exculpación:** Los descargos, medidas cautelares y exculpación dispuestas en el Artículo XXX del presente (y, con respecto al Representante de COFINA, este Artículo II) son integrales para obtener el valor provisto conforme a la Conciliación de la Controversia entre el ELA y COFINA y los descargos, medidas cautelares y exculpación conforme a este Plan y el Acuerdo de Apoyo al Plan constituyen un componente esencial de los acuerdos alcanzados y no son divisibles de las demás disposiciones de este Plan.

# ARTÍCULO III

## DISPOSICIONES PARA EL PAGO DE RECLAMACIONES DE GASTOS ADMINISTRATIVOS

Conforme a la sección 1123(a)(1) del Código de Quiebras, aplicable al Caso de Título III conforme a la Sección 301(a) de PROMESA, las Reclamaciones de Gastos Administrativos y las Reclamaciones Profesionales no han sido clasificadas y por lo tanto se excluyen de las Clases de Reclamaciones que se estipulan en el Artículo IV del Plan.

3.1 **Reclamaciones de gastos administrativos:** En (i) la Fecha de Entrada en Vigor o (ii) la fecha en que la Reclamación de Gastos Administrativos se convierta en unaReclamación Permitida, lo que ocurra más tarde, COFINA Reorganizada (a) pagará a cada tenedor de una Reclamación de Gastos Administrativos Permitida, en Efectivo, el monto total de dicha Reclamación de Gastos Administrativos o (b) satisfará y liberará dicha Reclamación de Gastos Administrativos Permitido de conformidad con otros términos no más favorables al reclamante que los que se puedan haber acordado entre el tenedor de estos y COFINA Reorganizada; disponiéndose, sin embargo, que las Reclamaciones de Gastos Administrativos Permitidos que representen endeudamiento incurrido en el curso ordinario por COFINA sean pagados en su totalidad y ejecutados por COFINA Reorganizada de acuerdo con los términos y sujetos a las condiciones de cualquier acuerdo que rija, inversión o evidencie u otros documentos relacionados con dichas transacciones; y disponiéndose, además, que, si dicho gasto de curso ordinario no se factura, o una solicitud por escrito del pago no se hace, dentro de noventa (90) días después de la Fecha de Entrada en Vigor, dicho gasto de curso ordinario debe limitarse y el tenedor de este no tendrá derecho a, ni recibirá, una distribución conforme al Plan.

3.2 **Reclamaciones de compensación profesional y reintegros:** Todas las Entidades a las que el Tribunal del Título III les concede compensación o reintegro de gastos recibirán el pago total, en Efectivo, por los montos permitidos por el Tribunal del Título III (a) tan pronto como sea razonablemente practicable después de (i) la Fecha de Entrada en Vigor y (ii) la fecha en que la orden del Tribunal del Título III que permite dichas Reclamaciones se considere Orden definitiva, o (b) bajo otros términos no más favorables al reclamante que los que se acuerden mutuamente entre dicho reclamante y las Partes del Gobierno; disponiéndose, sin embargo, que, salvo según se disponga en el presente, cada Profesional debe radicar su solicitud de asignación final de compensación por servicios profesionales prestados y reintegro de gastos en o antes de la Fecha Límite de Reclamaciones Administrativas. COFINA Reorganizada está autorizada a pagar compensación por servicios

profesionales extendidos y reintegro de gastos incurridos después de la Fecha de Entrada en Vigor en el curso ordinario y sin la necesidad de la aprobación del Tribunal del Título III.

      **3.3**     **Costos de consumación**: No obstante cualquier disposición en contrario que contenga el Plan, para compensar a las Partes del Costo de Consumación por el costo de la negociación, ratificación y consumación de la Hoja de Términos y el Plan, y como contraprestación de (a) la negociación, ejecución y entrega del Acuerdo de Apoyo al Plan por cada Parte del Costo de Consumación y (b) las obligaciones y convenios contenidos en el Acuerdo de Apoyo al Plan, cada Parte del Costo de Consumación, en la Fecha de Entrada en Vigor, recibirá, en base a las posiciones respectivas de dicha Entidad (asegurada o de otra manera) a las 5:00 p.m. (horario del Este de Estados Unidos) del 7 de agosto de 2018, su participación prorrateada de Efectivo por un monto equivalente a dos por ciento (2.0%), truncado a los dos puntos decimales, de (i) el monto total de las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior"), las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (Ambac), las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (National), las Reclamaciones de Bonos COFINA Subordinados, las Reclamaciones de Bonos COFINA Subordinados (Assured), las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (Elección imponible) y las Reclamaciones de Bonos COFINA Subordinados (Elección imponible) (calculados sin duplicación), menos (ii) Mil millones de dólares ($1,000,000,000.00); disponiéndose, sin embargo, que no obstante las disposiciones anteriores de esta Sección 3.3, los montos adeudados a Aurelius Capital Master, Ltd. y Six PRC Investments LLC como resultado de ser una Parte del Costo de Consumación (i) no se tengan en cuenta en relación con los cálculos antes mencionados únicamente con respecto a pagos a otras Partes del Costo de Consumación, cuyo pago a las otras Partes del Costo de Consumación será hecho por COFINA o COFINA Reorganizada, según sea el caso, y (ii) con respecto a pagos que deban hacerse a Aurelius Capital Master, Ltd. y Six PRC Investments LLC deberán tomarse en cuenta en relación con los cálculos antes mencionados para todas las Partes del Costo de Consumación, cuyos pagos a Aurelius Capital Master, Ltd. y Six PRC Investments LLC deberán ser hechos por el ELA de acuerdo con las disposiciones de la Sección 15.2 del presente; y, disponiéndose, además que con respecto a cualquier Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") (Ambac) y Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") (National), a menos que se acuerde lo contrario, por escrito, por Ambac y National, y sujeto a los términos y disposiciones del Artículo XVII del presente, Ambac o National, según sea el caso, y no el tenedor beneficiario de dichas Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (Ambac) y Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (National), independientemente de si dicho tenedor beneficiario también fuera una Parte del Costo de Consumación, deberá recibir el monto de Efectivo que de lo contrario hubiera sido distribuido a esa otra Parte del Costo de Consumación de acuerdo con las disposiciones de la presente Sección 3.3; disponiéndose, además, que con respecto a las Reclamaciones de Bonos COFINA Subordinados (Assured), Assured, y no los tenedores beneficiarios de las Reclamaciones de Bonos COFINA Subordinados (Assured) reciban el monto en Efectivo distribuible por cuenta de las Reclamaciones de Bonos COFINA Subordinados (Assured) de acuerdo con las disposiciones de esta Sección 3.3.

**ARTÍCULO IV**

**CLASIFICACIÓN DE RECLAMACIONES**

      **4.1**     **Las reclamaciones se clasifican de la siguiente manera:**

          (a)  **Clase 1**:   Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior")

(b) **Clase 2:**   Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (Ambac)

(c) **Clase 3:**   Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (National)

(d) **Clase 4:**   Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (Elección imponible)

(e) **Clase 5:**   Reclamaciones de Bonos COFINA Subordinados

(f) **Clase 6:**   Reclamaciones de Bonos COFINA Subordinados (Assured)

(g) **Clase 7:**   Reclamaciones de Bonos COFINA Subordinados (Elección imponible)

(h) **Clase 8:**   Reclamación de Derivados GS

(i) **Clase 9:**   Reclamaciones Generales Sin Garantía

(j) **Clase 10:** Reclamaciones Subordinadas de la Sección 510(b)

No obstante la clasificación anterior de reclamaciones, pero sujeto a los términos y disposiciones del Acuerdo de Apoyo al Plan, la Junta de Supervisión se reserva el derecho de enmendar o modificar dicha clasificación, lo que incluye, sin limitación, complementar dicha clasificación con Clases adicionales o modificar el tratamiento concedido a los tenedores de las Clases 8, 9 y 10, siempre que dicha enmienda o modificación no afecte adversamente el tratamiento concedido a los tenedores de Reclamaciones en las Clases 1 a 7 anteriores.

## ARTÍCULO V

### DISPOSICIONES PARA EL TRATAMIENTO DE RECLAMACIONES DE BONOS COFINA PRIORITARIOS (CLASE 1)

5.1   **Tratamiento de reclamaciones de Bonos COFINA Prioritarios:** En la Fecha de Entrada en Vigor, y sujeto al derecho de opción que se estipula en la Sección 5.2 del presente, cada tenedor de una Reclamación de Bonos COFINA Prioritarios("COFINA Senior") Permitida tendrá derecho a recibir, a su entera satisfacción, la liberación y el intercambio de la Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") de dicho tenedor, la Participación Prorrateada de dicho tenedor de la Distribución de Bonos COFINA Prioritarios ("COFINA Senior"), que consiste en (a) Efectivo de la Sección 103, de ser aplicable, (b) Efectivo de COFINA Disponible para Distribución, (c) Bonos COFINA y (d) Monto de Redondeo de Efectivo, de ser necesario.

5.2   **Derecho de elección para las Reclamaciones de Bonos Prioritarios de COFINA (Elección imponible):** No obstante las disposiciones de la Sección 5.1 del Plan, cualquier tenedor de una Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida que sea un Inversionista de Puerto Rico o una Institución de Puerto Rico, según corresponda, deberá, a criterio de dicho tenedor, tener derecho a optar por recibir distribuciones conforme a los términos y condiciones de las Secciones 8.1 y 19.1 del presente. Dicha elección debe hacerse en el Formulario de Votación/Elección, ser recibida por la Junta de Supervisión y COFINA, o su representante, en o antes de la Fecha de Votación y, de ser elegida, se considerará como aceptación del Plan por parte de dicho tenedor. Cualquier elección hecha después de la Fecha de Votación no será vinculante para COFINA a menos que la Junta de Supervisión y COFINA renuncien expresamente, por escrito, a la Fecha de Votación; disponiéndose, sin embargo, que bajo ninguna circunstancia dicha renuncia por parte de la Junta de Supervisión y COFINA se produzca en o después de la Fecha de Entrada en Vigor.

## ARTÍCULO VI

## DISPOSICIONES PARA EL TRATAMIENTO DE RECLAMACIONES DE BONOS PRIORITARIOS DE COFINA (AMBAC) (CLASE 2)

6.1     **Tratamiento de las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (Ambac):**  Sujeto a los términos y disposiciones de las Secciones 6.2, 6.3 y 6.4 del presente, cada tenedor de una Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (Ambac) tendrá la opción de optar en el Formulario de Voto/Elección para recibir, en la Fecha de Entrada en Vigor, a su entera satisfacción, la liberación y el intercambio de la Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (Ambac) de dicho tenedor, la Participación Prorrateada de (a) (1) la Distribución de Bonos COFINA Prioritarios ("COFINA Senior"), que consiste en (i) Efectivo de la Sección 103, de ser aplicable, (ii) Efectivo de COFINA Disponible para Distribución, (iii) Bonos COFINA y (iv) Monto de Redondeo de Efectivo, de ser necesario, además de (2) la contraprestación, distribuible por o bajo las indicaciones de Ambac, conforme a las disposiciones de la Sección 6.2 del presente, a su entera satisfacción, la liberación y anulación de cualquier obligación adicional de Ambac con respecto a la Póliza de Seguro de Ambac (y al hacer dicha elección, se considerará que el tenedor ha aceptado conmutar la Póliza de Seguro de Ambac relacionada con la Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida de dicho tenedor (Ambac) y dicho tenedor no tendrá otros derechos o derechos adicionales con respecto a la Póliza de Seguro de Ambac, el Fideicomiso de Ambac o los Certificados de Ambac), o (b) los Certificados de Ambac a los que se hace referencia en las Secciones 6.3 y 17.1 del presente; disponiéndose, sin embargo, que en caso de que un tenedor de una Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (Ambac) (1) no opte a su debido tiempo por recibir los Certificados de Ambac a los que se hace referencia en las Secciones 6.3 y 17.1 del presente, o (2) presente una elección por menos de la totalidad de sus Reclamaciones de Clase 2 (en cuyo caso, dicha elección será nula y no tendrá vigencia), se considerará que dicho tenedor ha optado por conmutar la Póliza de Seguro de Ambac, liberar y anular las obligaciones de Ambac en virtud de esta, y recibir distribuciones de acuerdo con las disposiciones de la subsección (a) anterior.Para evitar dudas, con respecto a cualquier tenedor de una Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (Ambac) que opte (o se considere que ha optado) por recibir distribuciones de conformidad con las disposiciones de la subsección (a) anterior, (i) se considerará que dicho tenedor ha liberado a Ambac de sus obligaciones y pasivos conforme a o en relación con la Póliza de Seguro de Ambac con respecto a los Bonos Asegurados de Ambac de dicho tenedor, (ii) dicho tenedor no tendrá derecho a los beneficios de la Póliza de Seguro de Ambac y no tendrá derechos a hacer una reclamación en virtud de, ni a recibir pagos de, la Póliza de Seguro de Ambac, (iii) Ambac estará liberado de sus obligaciones conforme a o en relación con la Póliza de Seguro de Ambac con respecto a los Bonos Asegurados de Ambac de dicho tenedor, y (iv) la Póliza de Seguro de Ambac será cancelada y conmutada en su totalidad con respecto a los Bonos Asegurados de Ambac de dicho tenedor, y ninguna disposición de la Póliza de Seguro de Ambac con respecto a dichos Bonos Asegurados de Ambac seguirá vigente después de la cancelación, y dichos Bonos Asegurados de Ambac ya no tendrán el beneficio de la Póliza de Seguro de Ambac.

6.2     **Aportación al seguro de Ambac:** Como contraprestación por los descargos a concederse a Ambac, y de conformidad con la Sección 6.1(a) del presente, en la Fecha de Entrada en Vigor, un tenedor beneficiario de una Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (Ambac) que no opte de manera válida por recibir Certificados de Ambac recibirá, además de la Distribución de Bonos COFINA Prioritarios ("COFINA Senior"), una contraprestación de Ambac por un monto equivalente a cinco y un cuarto por ciento (5.25%) veces el monto de la Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (Ambac) de dicho tenedor a la Fecha de la Petición, y el tenedor beneficiario de este no tendrá otros derechos o derechos adicionales en virtud de o con respecto a la Póliza de Seguro de Ambac, el Fideicomiso de Ambac o los Certificados de Ambac. Se considerará que un tenedor de una Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (Ambac) que no opte de manera válida por recibir Certificados de Ambac ha cancelado, en o después de la Fecha de Entrada en Vigor, los Bonos Asegurados de Ambac, incluso las obligaciones de

Ambac en virtud de la Póliza de Seguro de Ambac relacionada, subyacente a la Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (Ambac) de dicho tenedor.

6.3 **No conmutación/Fideicomiso de Ambac:** En caso de que un tenedor de una Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") (Ambac) opte a su debido tiempo por recibir las distribuciones que se estipulan en la Sección 6.1(b) del presente, en la Fecha de Entrada en Vigor, COFINA depositará, o se considerará que ha depositado, entre otras cosas, la Participación Prorrateada de dicho tenedor de la Distribución de Bonos COFINA Prioritarios ("COFINA Senior") y los Bonos Asegurados de Ambac asignables a dicho tenedor optante en el Fideicomiso de Ambac y se considerará que dicho tenedor ha recibido su Participación Prorrateada de la Distribución de Bonos COFINA Prioritarios ("COFINA Senior") y recibirá su participación prorrateada de Certificados de Ambac como contraprestación de esta.

6.4 **Aceleración declarada:** El monto del capital (o Importe compuesto en caso de bonos de apreciación de capital) de los Bonos Asegurados de Ambac se considerará acelerado y pagadero de inmediato, en la Fecha de Entrada en Vigor; _disponiéndose, sin embargo,_ que dicha aceleración declarada no afecte, ni se interprete que afecta, ninguna cuestión relacionada con la existencia de un "incumplimiento de pago" o "evento de incumplimiento de pago" con respecto a los Títulos Valores Existentes, que estaban pendientes antes de la Fecha de Entrada en Vigor.

6.5 **Derecho de voto:** Sujeto a los términos y las disposiciones de la Orden de Declaración de Divulgación, (a) la solicitud de aceptaciones y rechazos al Plan por parte de los tenedores de reclamaciones de Clase 2 será hecha por la Junta de Supervisión a Ambac pero, (b) las opciones que se describen en las Secciones 6.1(a) y (b) del presente serán hechas por los tenedores de Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (Ambac).

## ARTÍCULO VII

## DISPOSICIONES PARA EL TRATAMIENTO DE RECLAMACIONES DE BONOS PRIORITARIOS DE COFINA (NATIONAL) (CLASE 3)

7.1 **Tratamiento de las reclamaciones de Bonos Prioritarios de COFINA (National):** Sujeto a los términos y disposiciones de las Secciones 7.2, 7.3, 7.4 y 7.5 del presente, cada tenedor de una Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (National) tendrá la opción de optar en el Formulario de Voto/Elección por recibir, en la Fecha de Entrada en Vigor, a su entera satisfacción, la liberación y el intercambio de la Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (National), (a)(1) su Participación Prorrateada de la Distribución de Bonos COFINA Prioritarios ("COFINA Senior"), que consiste en (i) Efectivo de la Sección 103, de ser aplicable, (ii) Efectivo de COFINA Disponible para Distribución, (iii) Bonos COFINA y (iv) Monto de Redondeo de Efectivo, de ser necesario, _además de_ (2) Efectivo distribuible por o bajo las indicaciones de National, conforme a las disposiciones de la Sección 7.2 del presente, a su entera satisfacción, la liberación y anulación de cualquier obligación adicional de National con respecto a las Pólizas de Seguros de National (y al hacer dicha elección, se considerará que el tenedor ha aceptado conmutar las Pólizas de Seguros de National relacionadas con la Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (National) de dicho tenedor, y dicho tenedor no tendrá otros derechos o derechos adicionales con respecto a las Pólizas de Seguros de National, el Fideicomiso de National o los Certificados de National), o (b) los Certificados de National a los que se hace referencia en las Secciones 7.3 y 17.2 del presente; _disponiéndose, sin embargo,_ que en caso de que un tenedor de una Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (National) (1) no opte a su debido tiempo por recibir los Certificados de National a los que se hace referencia en las Secciones 7.3 y 17.2 del presente, o (2) presente una elección por menos de la totalidad de sus Reclamaciones de Clase 3 (en cuyo caso, dicha elección será nula y no tendrá vigencia), se considerará que dicho tenedor ha optado por conmutar las Pólizas de Seguro de National, descargar y anular las obligaciones de National en virtud de estas, y recibir distribuciones de acuerdo con las disposiciones de la subsección (a) anterior. Para evitar dudas, con respecto a cualquier tenedor de una Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (National) que opte (o se considere que ha optado) por recibir distribuciones de conformidad

30

con las disposiciones de la subsección (a) anterior, (i) se considerará que dicho tenedor ha liberado a National de sus obligaciones y pasivos conforme a o en relación con las Pólizas de Seguros de National con respecto a los Bonos Asegurados de National de dicho tenedor, (ii) dicho tenedor no tendrá derecho a los beneficios de la Póliza de Seguro de National y no tendrá derechos a hacer una reclamación en virtud de, ni a recibir pagos de, las Pólizas de Seguros de National, (iii) National estará liberado de sus obligaciones conforme a o en relación con las Pólizas de Seguros de National con respecto a los Bonos Asegurados de National de dicho tenedor, y (iv) las Pólizas de Seguros de National serán canceladas y conmutadas en su totalidad con respecto a los Bonos Asegurados de National de dicho tenedor, y ninguna disposición de las Pólizas de Seguros de National con respecto a dichos Bonos Asegurados de National seguirá vigente después de la cancelación, y dichos Bonos Asegurados de National ya no tendrán el beneficio de las Pólizas de Seguros de National.

       7.2      **Aportación al seguro de National:** Como contraprestación por los descargos a concederse a National, y de conformidad con la Sección 7.1(a) del presente, en la Fecha de Entrada en Vigor, un tenedor beneficiario de una Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (National) que no opte de manera válida por recibir Certificados de National recibirá, además de su Participación Prorrateada de la Distribución de Bonos COFINA Prioritarios ("COFINA Senior"), Efectivo Disponible para su Distribución por o bajo las indicaciones de National por un monto equivalente a cinco y un cuarto por ciento (5.25%) veces el monto de la Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (National) de dicho tenedor a la Fecha de la Petición, y el tenedor beneficiario de este no tendrá otros derechos o derechos adicionales en virtud de o con respecto a las Pólizas de Seguros de National, el Fideicomiso de National o los Certificados de National. Las disposiciones que se estipulan en esta Sección 7.2 se aplican únicamente a las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (National) asegurados en relación con la emisión de la deuda correspondiente y no para cualquier reclamación cuyo tenedor o su predecesor en interés haya comprado o adquirido de otra manera seguros en el mercado secundario. Se considerará que un tenedor de una Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (National) que no opte de manera válida por recibir Certificados de National ha cancelado, en o después de la Fecha de Entrada en Vigor, los Bonos Asegurados de National, incluso las obligaciones de National en virtud de la Póliza de Seguro de National relacionada, subyacente a la Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (National) de dicho tenedor.

       7.3      **No conmutación/Fideicomiso de National:** En caso de que un tenedor de una Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") (National) opte a su debido tiempo por recibir las distribuciones que se estipulan en la Sección 7.1(b) del presente, en la Fecha de Entrada en Vigor, COFINA depositará, o se considerará que ha depositado, entre otras cosas, la Participación Prorrateada de la Distribución de Bonos COFINA Prioritarios ("COFINA Senior") de dicho tenedor en el Fideicomiso de National y se considerará que dicho tenedor ha recibido su Participación Prorrateada de la Distribución de Bonos COFINA Prioritarios ("COFINA Senior") y recibirá su participación prorrateada de Certificados de National como contraprestación de esta.

       7.4      **Derecho de voto:** Sujeto a los términos y las disposiciones de la Orden de Declaración de Divulgación, (a) la solicitud de aceptaciones y rechazos al Plan por parte de los tenedores de reclamaciones de Clase 3 serán hechas por la Junta de Supervisión y (b) las opciones que se describen en las Secciones 7.1(a) y (b) del presente serán hechas por los tenedores de Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (National).

## ARTÍCULO VIII

### DISPOSICIONES PARA EL TRATAMIENTO DE LAS RECLAMACIONES DE BONOS PRIORITARIOS DE COFINA (ELECCIÓN IMPONIBLE) (CLASE 4)

8.1 **Tratamiento de las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (Elección imponible):** En la Fecha de Entrada en Vigor, cada tenedor de una Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (Elección imponible) tendrá derecho a recibir, a su entera satisfacción, el descargo e intercambio de la Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (Elección imponible), su Participación Prorrateada de (a) la Distribución de Bonos COFINA Prioritarios ("COFINA Senior"), que consiste en (i) Bonos COFINA imponibles y, en caso de que quede un saldo después de que se hayan distribuido todos los Bonos COFINA Imponibles, Bonos COFINA exentos de impuestos, y (ii) Monto de Redondeo de Efectivo, de ser necesario, y (b) el Efectivo de Elección Imponible.

## ARTÍCULO IX

### DISPOSICIONES PARA EL TRATAMIENTO DE RECLAMACIONES DE BONOS SUBORDINADOSDE COFINA (CLASE 5)

9.1 **Tratamiento de las reclamaciones de Bonos Subordinados de COFINA:** En la Fecha de Entrada en Vigor, y sujeto al derecho de elección que se estipula en la Sección 9.2 del presente, cada tenedor de una Reclamación de Bonos COFINA Subordinados Permitida tendrá derecho a recibir, a su entera satisfacción, la liberación y el intercambio de la Reclamación de Bonos COFINA Subordinados Permitida, su Participación Prorrateada de la Distribución de Bonos COFINA Subordinados, que consiste en (a) Efectivo de la Sección 103, de ser aplicable, (b) Bonos COFINA y (c) Monto de Redondeo de Efectivo, de ser necesario.

9.2 **Derecho de elección para las Reclamaciones de Bonos Subordinados de COFINA (Elección imponible):** No obstante las disposiciones de la Sección 9.1 del Plan, cualquier tenedor de una Reclamación de Bonos COFINA Subordinados que sea un Inversionista de Puerto Rico o una Institución de Puerto Rico, según corresponda, deberá, a criterio de dicho tenedor, tener derecho a elegir recibir distribuciones conforme a los términos y condiciones de las Secciones 11.1 y 19.1 del presente. Dicha elección debe hacerse en el Formulario de Votación/Elección, ser recibida por la Junta de Supervisión y COFINA, o su representante, en o antes de la Fecha de Votación y, de ser elegida, debe considerarse como aceptación del Plan por parte de dicho tenedor. Cualquier elección hecha después de la Fecha de Votación no será vinculante para COFINA a menos que la Junta de Supervisión y COFINA renuncien expresamente, por escrito, a la Fecha de Votación; disponiéndose, sin embargo, que bajo ninguna circunstancia dicha renuncia por parte de la Junta de Supervisión y COFINA se produzca en o después de la Fecha de Entrada en Vigor.

## ARTÍCULO X

### DISPOSICIONES PARA EL TRATAMIENTO DE RECLAMACIONES DE BONOS SUBORDINADOSDE COFINA (ASSURED)(CLASE 6)

10.1 **Tratamiento de reclamaciones de Bonos Subordinados de COFINA (Assured):** En la Fecha de Entrada en Vigor, (a) cada tenedor de una Reclamación de Bonos COFINA Subordinados Permitida (Assured) tendrá derecho a recibir, a su entera satisfacción, la liberación y el intercambio de la Reclamación de Bonos COFINA Subordinados Permitida (Assured) y los Bonos Asegurados de Assured que dan lugar a las Reclamaciones de Bonos COFINA Subordinados (Assured), y Assured pagarán a dicho tenedor de una Reclamación de Bonos COFINA Subordinados Permitida (Assured), en su totalidad, el Precio de Aceleración aplicable a la Fecha de Entrada en Vigor, y (b) Assured recibirá el Efectivo de la Sección 103 y el Monto de Redondeo de Efectivo, de haberlo, que, en cada caso, es asignable a las Reclamaciones de Bonos COFINA Subordinados (Assured), y los Nuevos Bonos de Assured que

32

consisten en los Bonos COFINA asignables a los tenedores de Reclamaciones de Bonos COFINA Subordinados Permitidas (Assured), cuyos Nuevos Bonos de Assured pueden, a criterio y según la elección de Assured, ser garantizados de acuerdo con una nueva Póliza de Seguro emitida por, y en términos aceptables para, Assured (en conjunto, los "los Bonos Asegurados"). El pago del Precio de Aceleración aplicable con respecto a cualquier Bono Asegurado de Assured de conformidad con esta Sección 10.1 satisfará y liberará todas las obligaciones de Assured en virtud de las Pólizas de Seguros con respecto a dicho Bono Asegurado de Assured.

       10.2    **Aceleración declarada**: El monto del capital (o Importe compuesto en caso de bonos de apreciación de capital) de los Bonos Asegurados de Assured se considerará acelerado y pagadero de inmediato, en la Fecha de Entrada en Vigor; disponiéndose, sin embargo, que dicha aceleración declarada no afecte, ni se interprete que afecta, cualquier cuestión relacionada con la existencia de un "incumplimiento de pago" o "evento de incumplimiento de pago" con respecto a los Títulos Valores Existentes, que estaban pendientes antes de la Fecha de Entrada en Vigor.

       10.3    **Derecho de voto**: Sujeto a los términos y las disposiciones de la Orden de Declaración de Divulgación, la solicitud de aceptaciones y rechazos al Plan por parte de los tenedores de reclamaciones de Clase 6 serán hechas por la Junta de Supervisión a Assured.

       10.4    **Recomercialización de los Nuevos Bonos de Assured**: En o antes de la Fecha de Entrada en Vigor, COFINA (a) celebrará un acuerdo para recomercializar, que deberá ser de forma y de fondo aceptables para COFINA y Assured y deberá radicarse ante el Tribunal del Título III en o antes del inicio de la vista para considerar la ratificación del Plan e incorporarse al Suplemento del Plan y (b) acordar con Assured y el suscriptor o suscriptores correspondiente(s) una forma de acuerdo de adquisición de bonos, sujeto a la ratificación de COFINA Reorganizada.  El acuerdo para recomercializar dispondrá que, (1) a más tardar sesenta (60) días después de la Fecha de Entrada en Vigor (a menos que (i) dicha fecha sea extendida, por escrito, por COFINA Reorganizada y Assured o (ii) Assured renuncie a dicha fecha por escrito), los Nuevos Bonos de Assured, a criterio de Assured, estarán sujetos a una licitación obligatoria para la adquisición por COFINA Reorganizada, cuyo precio de licitación será pagado con el producto de la recomercialización de los Nuevos Bonos de Assured y (2) COFINA Reorganizada hará los esfuerzos comercialmente razonables para recomercializar los Nuevos Bonos de Assured como Bonos Asegurados conforme a una "oferta" dentro del significado, y en cumplimiento de los requisitos, de la Regla 15c-12 adoptada por la Comisión de Títulos Valores (Securities and Exchange Commission) de Estados Unidos conforme a la Ley de Intercambio de Títulos Valores (Securities Exchange Act), con sus enmiendas, por uno o más suscriptores "sobre la base de un compromiso firme". Los montos del capital, vencimientos y tasas de interés de los Nuevos Bonos de Assured serán determinados por el o los suscriptor(es) correspondiente(s), de tal manera que las tasas de interés sobre los Nuevos Bonos de Assured recomercializados sean las tasas de interés más bajas que sean necesarias para que dichos Nuevos Bonos de Assured sean recomercializados con valores a la par ajustados y términos ajustados que de otra manera resultarían en que los Nuevos Bonos de Assured sean recomercializados con el rendimiento total más bajo; disponiéndose, sin embargo, que (y) los requisitos del servicio de la deuda sobre los Nuevos Bonos de Assured recomercializados adeudados en cualquier Año Fiscal no sean mayores que los requisitos del servicio de la deuda adeudado en dicho Año Fiscal sobre los Nuevos Bonos de Assured antes de dicha recomercialización y (z) los Nuevos Bonos de Assured recomercializados puedan vencer más tarde que los Nuevos Bonos de Assured antes de la recomercialización, pero en ningún caso después del Año Fiscal 2058; y disponiéndose, sin embargo, que dichos Nuevos Bonos de Assured recomercializados estén sujetos a un rescate opcional al mismo tiempo y con los mismos precios de rescate que los Nuevos Bonos de Assured antes de dicha recomercialización. Si, en cualquier momento, Assured determina que los Nuevos Bonos de Assured no pueden recomercializarse en términos aceptables para Assured, Assured puede optar, a su exclusivo criterio, por retener los Nuevos Bonos de Assured para su propia cuenta.

**ARTÍCULO XI**
**DISPOSICIONES PARA EL   TRATAMIENTO DE RECLAMACIONES DE BONOS**

104749481v5

**SUBORDINADOSDE COFINA (ELECCIÓN IMPONIBLE) (CLASE 7)**

11.1 **Tratamiento de las Reclamaciones de Bonos Subordinadosde COFINA (Elección imponible):** En la Fecha de Entrada en Vigor, cada tenedor de una Reclamación de Bonos COFINA Subordinados Permitida (Elección imponible) tendrá derecho a recibir, a su entera satisfacción, la liberación e intercambio de la Reclamación de Bonos COFINA Subordinados permitida (Elección imponible), su Participación Prorrateada de (a) la Distribución de Bonos COFINA Subordinados, que consiste en (i) Bonos COFINA Imponibles y, en caso de que quede un saldo después de que se hayan distribuido todos los Bonos COFINA Imponibles, Bonos COFINA exentos de impuestos, y (ii) Monto de Redondeo de Efectivo, de ser necesario, y (b) el Efectivo de Elección Imponible.

# ARTÍCULO XII

## DISPOSICIONES PARA EL TRATAMIENTO DE RECLAMACIONES DE DERIVADOS GS (CLASE 8)

12.1 **Tratamiento de Reclamaciones de Derivados GS:** En la Fecha de Entrada en Vigor, el tenedor de la Reclamación de Derivados GS deberá, en caso de que el valor de rescisión de la Reclamación de Derivados GS sea (a) mayor que el monto de la garantía en posesión de dicho tenedor, tener derecho a retener dicha garantía y, con respecto al saldo de la Reclamación de Derivados GS, (1) en caso de que los daños por rechazo, de haberlos, asociados con dicha Reclamación de Derivados GS sean una Obligación de Paridad, tal como se define en las Resoluciones de los Bonos, la Participación Prorrateada de dicho tenedor de la Distribución de Bonos COFINA Prioritarios ("COFINA Senior"), que consiste en (i) Efectivo de COFINA Disponible para Distribución, (ii) Bonos COFINA y (iii) Monto de Redondeo de Efectivo, de ser necesario, y (2) en caso de que los daños por rechazo, de haberlos, asociados con dicha Reclamación de Derivados GS no sean una Obligación de Paridad, dicho tenedor no recibirá una distribución conforme al Plan, o (b) menor al monto de la garantía en posesión de dicho tenedor, el tenedor de la Reclamación de Derivados GS liquidará dicha garantía a entera satisfacción de la Reclamación de Derivados GS y devolverá el saldo de dicho valor de garantía a COFINA Reorganizada.

# ARTÍCULO XIII

## DISPOSICIONES PARA EL TRATAMIENTO DE RECLAMACIONES GENERALES SIN GARANTÍA (CLASE 9)

13.1 **Tratamiento de Reclamaciones Generales Sin Garantía:** En caso de que la Clase 9 vote por aceptar el Plan, cada tenedor de una Reclamación General Sin Garantía tendrá derecho a recibir su Participación Prorrateada de Cien Mil Dólares ($100,000.00); disponiéndose, sin embargo, que en caso de que la Clase 9 vote por rechazar el Plan, los tenedores de una Reclamación General Sin Garantía Permitida no reciban una distribución conforme al Plan.

# ARTÍCULO XIV

## DISPOSICIONES PARA EL TRATAMIENTO DE RECLAMACIONES SUBORDINADAS DE LA SECCIÓN 510(B) (CLASE 10)

14.1 **Tratamiento de Reclamaciones Subordinadas de la Sección 510(b):** Las Reclamaciones Subordinadas de la Sección 510(b) Permitidas no recibirán una distribución conforme al Plan y se considerará que cada tenedor de una Reclamación Subordinada de la Sección 510(b) Permitida ha rechazado el Plan.

## ARTÍCULO XV

### DISPOSICIONES CON RESPECTO A LA ASIGNACIÓN DE EFECTIVO DE ELECCIÓN IMPONIBLE NO SUSCRITO

15.1    **Importe de Efectivo no Suscrito de Elección Imponible**: En la Fecha de Entrada en Vigor, el monto, de hasta Sesenta Millones de Dólares ($60,000,000.00), asignado para distribuciones a tenedores de Reclamaciones de Bonos COFINA Prioritarias ("COFINA Senior")Permitidas (Elección imponible) y Reclamaciones de Bonos COFINA Subordinados Permitidas (Elección imponible) en las Clases 4 y 7, respectivamente, pero no distribuidos sobre la base de las opciones realizadas o no, según sea el caso, entonces el Monto Remanente de la Elección imponible se reasignará y distribuirá de la siguiente manera: si dicho monto es (a) igual a o menor que Cuarenta Millones de Dólares ($40,000,000.00), dicho monto se asignará (i) *primero*, si el monto total del Efectivo de Elección Imponible distribuible conforme al Plan es mayor que Veinte Millones de Dólares ($20,000,000.00), a ser distribuidos como Efectivo de Elección Imponible de acuerdo con el Plan, (ii) *segundo*, en caso de haya algún remanente, para el financiamiento adicional de la Cuenta de Gastos de Explotación de COFINA de hasta Diez Millones de Dólares ($10,000,000.00) adicionales, y (iii) *tercero*, en caso de que haya algún remanente adicional, a distribuirse de manera igualitaria a COFINA, por un lado, para aumentar el Efectivo de COFINA Disponible para Distribución y el ELA, por otro lado, y (b) de más de Cuarenta Millones de Dólares ($40,000,000.00), dicho monto de hasta Cuarenta Millones de Dólares ($40,000,000.00) se asignará como se describe en la subsección (a) anterior y dichos montos superiores a Cuarenta Millones de Dólares ($40,000,000.00) se agregarán al Efectivo de COFINA Disponible para Distribución y asignarán a los tenedores de todos las Reclamaciones de Bonos Permitidas de acuerdo con los términos y disposiciones del Plan.

15.2    **Gastos de ELA/ COFINA:** No obstante cualquier disposición contenida en el Plan en contrario, todos los gastos, incluso las Reclamaciones de Gastos Administrativos Permitidas y las Reclamaciones Profesionales Permitidas, incurridas por el ELA o COFINA, según sea el caso, en relación con el desarrollo, negociación, ratificación y consumación del Plan y el acuerdo y conciliación de la Controversia entre el ELA y COFINA se pagará dentro de lo disponible de los fondos distribuibles al ELA de conformidad con las disposiciones de las Secciones 2.1 y 15.1 del presente y de lo contrario por el ELA.

## ARTÍCULO XVI

### DISPOSICIONES CON RESPECTO A LOS BONOS DE COFINA

16.1    **Emisión de bonos de COFINA:** En la Fecha de Entrada en Vigor, COFINA Reorganizada emitirá los Bonos COFINA, que consisten en CIB y CAB, como se describen en mayor detalle en el presente. Los vencimientos, las tasas de interés y los cronogramas de amortización de los Bonos COFINA se anexan al presente como Anexo"A". Todo el servicio de la deuda sobre los Bonos COFINA y los Bonos de Paridad COFINA que no se paguen al vencimiento, ya sea en o antes del vencimiento final programado, seguirán siendo pagaderos y pendientes hasta que se paguen en su totalidad y se pagarán, con interés devengado sobre el monto no pagado, en primer lugar, en cada Año Fiscal del saldo, de haberlo de la Parte de COFINA remanente después del pago del servicio de la deuda sobre los Bonos COFINA y los Bonos de Paridad COFINA que sean pagaderos en dicho Año Fiscal; en segundo lugar, en cada Año fiscal, a partir de los Ahorros del Servicio de la Deuda, de haberlos; y en tercer lugar, en caso de que no se paguen conforme al primero o al segundo, después del vencimiento programado final de todos los Bonos COFINA y los Bonos de Paridad COFINA. El interés se devengará sobre dicho servicio de la deuda adeudado a la tasa regular de cupón o tasa de acrecencia, según corresponda, componiéndose semestralmente, hasta que los Bonos COFINA o los Bonos de Paridad COFINA correspondientes se paguen o satisfagan en su totalidad de acuerdo con sus términos. Los intereses sobre los Bonos COFINA se calcularán sobre una base de 30/360. Las Partes del Gobierno aplicarán sus mejores esfuerzos comercialmente razonables para obtener calificaciones sobre los Bonos COFINA, que incluyen la respuesta inmediata de buena fe a pedidos documentales o de otro tipo, ni bien resulte razonablemente factible según lo determinen únicamente las Partes del Gobierno, después de

consulta con un representante de los Acreedores del PSA, incluso en base al juicio de las Partes del Gobierno con respecto a los beneficios esperados. Después de que las Partes del Gobierno determinen cuáles son las agencias calificadoras a las que se solicitarán calificaciones, las Partes del Gobierno aplicarán sus mejores esfuerzos comercialmente razonables para obtener las mejores calificaciones posibles.

(a)     **CIB:** Sujeto a cualquier ajuste dispuesto en el presente, el monto del capital original, la tasa de interés y la fecha de vencimiento de los CIB serán los siguientes: (a) Trescientos setenta y cinco millones noventa mil dólares ($375,090,000.00), cuatro y cinco décimos por ciento (4.5%), y 1 de julio de 2034; (b) Dos mil millones novecientos noventa y seis millones ciento quince mil dólares ($2,996,115,000.00), cuatro y cincuenta y cinco centésimos por ciento (4.55%), y 1 de julio de 2040; (c) Mil millones cuatrocientos cincuenta y un millones ciento treinta y cinco mil dólares ($ 1,451,135,000.00), cuatro y setenta y cinco centésimos por ciento (4.75%), y 1 de julio de 2053; y (d) Cuatro mil millones doscientos noventa y siete millones ochenta mil dólares ($4,297,080,000.00), cinco por ciento (5.0%), y 1 de julio de 2058. Los CIB no tendrán una tasa de interés por incumplimiento, siempre que devengue interés sobre todo el servicio de la deuda no pagado a la tasa de cupón regular, componiendo semestralmente, hasta que se pague o satisfaga totalmente de acuerdo con sus términos.

(b)     **CAB:** Sujeto a cualquier ajuste dispuesto en el presente, el monto del capital original, la tasa de acrecencia y la fecha de vencimiento de los CAB serán los siguientes: (a) Ciento sesenta y seis millones ochocientos dieciocho mil novecientos cincuenta y cuatro dólares y cincuenta centavos ($166,818,954.50), cuatro y un cuarto por ciento (4.250%), y 1 de julio de 2024, (b) Doscientos cuarenta y seis millones trescientos cuarenta y seis mil quinientos noventa y siete dólares y noventa y cinco centavos ($246,346,597.95), cuatro y tres octavos por ciento (4.375%), y 1 de julio de 2027, (c) doscientos veinte millones ciento noventa mil cuatrocientos ochenta y cinco dólares y cincuenta centavos ($220,190,485.50), cuatro y tres octavos por ciento (4.375%), y 1 de julio de 2029, (d) Doscientos cincuenta y seis millones ciento sesenta y dos mil novecientos setenta y un dólares y cincuenta centavos ($256,162,971.50), cuatro y medio por ciento (4.50%), y 1 de julio de 2031, (e) Doscientos sesenta y tres millones setecientos cincuenta y dos mil cuatrocientos veintiocho dólares y ochenta centavos ($263,752,428.80), cuatro y medio por ciento (4.50%), y 1 de julio de 2033, (f) Mil millones ciento ocho millones novecientos noventa y un mil trescientos quince dólares y diez centavos ($1,108,991,315.10), cinco y tres octavos por ciento (5.375%), y 1 de julio de 2046, y (g) Seiscientos treinta y nueve millones seiscientos treinta y nueve mil sesenta y cuatro dólares ($639,639,064.00), cinco y cinco octavos por ciento (5.625%), y 1 de julio de 2051.Los CAB no tendrán una tasa de interés por incumplimiento, siempre que devengue interés sobre todo el servicio de la deuda no pagado a la tasa de acrecencia regular, componiendo semestralmente, hasta que se pague o satisfaga totalmente de acuerdo con sus términos.

(c)     **Fecha considerada de emisión:** No obstante el momento de la Fecha de Entrada en Vigor, el interés sobre los Bonos COFINA comenzará a devengar o acrecer, según sea el caso, al 1 de agosto de 2018, fecha que se designará como la fecha "fechada" de los Bonos COFINA. En la Fecha de Entrada en Vigor, los Depósitos del BNYM del Año Fiscal 2019 de COFINA se depositarán en el Fondo de Servicio de la Deuda establecido en la Escritura de Emisión de Bonos para beneficio de los tenedores de Bonos COFINA de acuerdo con los términos y disposiciones del Plan.

16.2     **Garantía para el pago de los Bonos de COFINA:** Sujeto a la promulgación de la Legislación de los Nuevos Bonos, y en caso de que se establezca en dicha Legislación de los Nuevos Bonos, el reintegro de los Bonos COFINA y los Bonos de Paridad COFINA de la Parte de COFINA será automáticamente, con la emisión de dichos Bonos COFINA y los Bonos de Paridad COFINA, garantizado por un primer Gravamen legal sobre todo el derecho, título e interés de COFINA Reorganizada sobre y a los Impuestos Pignorados de COFINA, lo que incluye dinero, ingresos, rentas, cuentas, derechos contractuales o intangibles generales derivados de estos. Dicho Gravamen (a) permanecerá en vigencia y (b) se cerrará hasta que, en cada caso, los Bonos COFINA y los Bonos de Paridad COFINA hayan sido pagados o se hayan satisfecho en su totalidad de acuerdo con sus términos. Dicho Gravamen, como se establezca en la Legislación de los Nuevos Bonos, y conforme a la Orden de Ratificación, será judicialmente confirmado y los Bonos de COFINA Reorganizada serán judicialmente determinados como obligaciones legales, válidas, vinculantes y aplicables de COFINA por el Tribunal del Título III. No obstante cualquier disposición del presente en contrario, el reintegro de los Bonos COFINA y los Bonos de Paridad COFINA no estará garantizado por, y no tendrá recurso a, cualquier obligación o propiedad del ELA.

16.3     **Prueba de bonos adicionales para los Bonos de Paridad de COFINA:** Salvo con respecto a la emisión de Bonos de Paridad COFINA según los términos y condiciones que se describen en el presente, COFINA Reorganizada no puede emitir títulos valores sobre una base *pari passu* o de mayor prioridad que los Bonos COFINA emitidos en la Fecha de Entrada en Vigor. No obstante lo anterior y sujeto al cumplimiento de las disposiciones de la Prueba de Bonos Adicionales que se describen en la Sección 16.3, COFINA Reorganizada puede emitir Bonos de Gravamen Subordinado, para el beneficio y con el consentimiento del ELA y con cualquier fin lícito del ELA, siempre que (a) el reintegro de dichos bonos adicionales esté garantizado por un segundo gravamen que esté subordinado en todos los aspectos, incluidos, entre otros, el pago, el financiamiento y los remedios a los Bonos COFINA y los Bonos de Paridad COFINA, con el reintegro de los Bonos de Gravamen Subordinado garantizados por un segundo gravamen o un gravamen más subordinado sobre los Impuestos Pignorados de COFINA; disponiéndose, sin embargo, que no obstante cualquier disposición contraria en el Plan, el reintegro de los Bonos de Gravamen Subordinado no será pagadero a partir de la Parte de COFINA, y (b) antes de la emisión de estos, el ELA y COFINA Reorganizada entreguen un certificado ejecutado conjuntamente al fideicomisario del Documento de los Nuevos Bonos que certifique el cumplimiento de las siguientes condiciones: (i) (1) los Impuestos Pignorados de COFINA proyectados (y) los cuales, en caso de que los Bonos de Gravamen Subordinado se emitan con anterioridad al Año Fiscal 2024, se calculan asumiendo que la recaudación de los Impuestos Pignorados de COFINA del Año Fiscal anterior crece anualmente a las tasas de crecimiento del "impuesto sobre las ventas y uso" estipuladas para los años posteriores en el plan fiscal certificado del ELA, con fecha del 18 de abril de 2018, o (z) en caso de que los Bonos de Gravamen Subordinado se emitan durante el Año Fiscal 2024 o en adelante, se calculen asumiendo que la recaudación de los Impuestos Pignorados de COFINA del Año Fiscal anterior crece a partir de allí a una tasa equivalente a la tasa de crecimiento anual del "impuesto a las ventas y uso" anual promedio para los cinco (5) ejercicios fiscales anteriores) equivalga a o supere (2) uno y medio veces (1.5x), en cualquier Año Fiscal posterior, el servicio de deuda total anual adeudado sobre los Bonos COFINA, los Bonos de Paridad COFINA y los Bonos de Gravamen Subordinado que permanezcan pendientes de pago luego de la emisión de dichos Bonos de Gravamen Subordinado (incluidos los Bonos de Gravamen Subordinado que serán emitidos); (ii) las recaudaciones de Impuestos Pignorados de COFINA del año fiscal anterior equivalgan o sean superiores a uno y un décimo veces (1.10x) la cobertura del servicio de deuda total anual máxima adeudada en cualquier año fiscal posterior sobre los Bonos COFINA, los Bonos de Paridad COFINA y los Bonos de Gravamen Subordinado que permanezcan pendientes de pago luego de la emisión de dichos Bonos de Gravamen Subordinado (incluidos los Bonos de Gravamen Subordinado que serán emitidos); y (iii) el vencimiento de los Bonos de Gravamen Subordinado no sea posterior al Año Fiscal 2058; disponiéndose, sin embargo, que con posterioridad al 30 de junio de 2028, y siempre que se cumpla la Prueba de Bonos Adicionales antes mencionada, el vencimiento final después del Año Fiscal 2058 será admisible para los Bonos de Gravamen Subordinado futuros.

104749481v5

16.4    **Disposiciones sobre opción de compra /rescate opcional:** Los Bonos COFINA serán redimibles, de forma total o parcial, en cualquier orden de vencimiento, a la par más los intereses devengados o el valor acrecido, según corresponda, mediante notificación por escrito con treinta (30) días de anticipación de la siguiente manera:

CIB de 2034: CIB con rescate a la par a partir del año fiscal 2025 (rescate a 7 años)
CIB de 2040: CIB con rescate a la par a partir del año fiscal 2028 (rescate a 10 años)
CIB de 2053: CIB con rescate a la par a partir del año fiscal 2028 (rescate a 10 años)
CIB de 2058: CIB con rescate a la par a partir del año fiscal 2028 (rescate a 10 años)

CAB de 2024/2027 no redimibles:
CAB de 2029: Rescate a partir del año fiscal 2028 a los siguientes precios:

| Año Fiscal | Precio |
|---|---|
| 2028 | 103% del valor acrecido |
| 2029 | 100% del valor acrecido |

CAB de 2031: Rescate a partir del año fiscal 2028 a los siguientes precios:

| Año Fiscal | Precio |
|---|---|
| 2028 | 105% del valor acrecido |
| 2029 -2030 | 103% del valor acrecido |
| 2031 | 100% del valor acrecido |

CAB de 2033: Rescate a partir del año fiscal 2028 a los siguientes precios:

| Año Fiscal | Precio |
|---|---|
| 2028 -2030 | 107.5% del valor acrecido |
| 2031 | 105% del valor acrecido |
| 2032 | 103% del valor acrecido |
| 2033 | 100% del valor acrecido |

CAB de 2046/2051: Rescate a partir del año fiscal 2028 a los siguientes precios de rescate:

| Año Fiscal | Precio |
|---|---|
| 2028 -2032 | 107.5% del valor acrecido |
| 2033 -2037 | 105% del valor acrecido |
| 2038 -2042 | 103% del valor acrecido |
| 2043 -2051 | 100% del valor acrecido |

Si se solicita el rescate previo de menos que todos los Bonos COFINA de una serie en particular, COFINA Reorganizada seleccionará el vencimiento o los vencimientos de dicha serie de los Bonos COFINA a ser rescatados, y la Depository Trust Company, en nombre del fideicomisario para los Bonos COFINA, seleccionará los Bonos COFINA dentro del mismo vencimiento de dicha serie a ser rescatados por medio de una lotería aleatoria.

104749481v5

16.5    **Financiamiento de los primeros fondos**: Hasta que los Bonos COFINA y los Bonos de Paridad COFINA hayan sido pagados o se hayan satisfecho en su totalidad de acuerdo con sus términos, y con posterioridad al financiamiento de los gastos operativos razonables y necesarios de COFINA Reorganizada a la Cuenta de Gastos Operativos de COFINA, lo que incluye, entre otros, los honorarios y los gastos de los miembros de la junta de directores de COFINA Reorganizada, la Parte de COFINA será financiada anualmente con los "primeros fondos" recaudados de los Impuestos Pignorados de COFINA; disponiéndose, sin embargo, que, no obstante lo anterior, a partir y después del año fiscal 2024, y únicamente en el caso de que (a) para cualquier fecha de determinación en que exista la Junta de Supervisión o que exista algún sucesor de su función presupuestaria, (1) los presupuestos de los ejercicios fiscales anteriores y en curso se encuentren equilibrados, según lo determine la Junta de Supervisión (o la entidad que la suceda en sus derechos), y (2) el ELA se encuentre al día con respecto al cumplimiento de sus requisitos de divulgación en relación con sus estados contables auditados; (b) se demuestre que es necesario reunir trimestralmente el veinticinco por ciento (25 %) de la Parte de COFINA relacionada con el año fiscal entonces en curso para evitar préstamos por notas de adelantos de recaudación de impuestos dentro de los ejercicios fiscales, y (c) la recaudación de Impuestos Pignorados de COFINA correspondiente al año fiscal anterior proporcione una cobertura de dos veces (2x) la Parte de COFINA, entonces, en cada trimestre, hasta que los Bonos COFINA y los Bonos de Paridad COFINA hayan sido pagados o se hayan satisfecho en su totalidad de acuerdo con sus términos, (x) los "primeros fondos" cobrados de los Impuestos Pignorados de COFINA hasta el veinticinco por ciento (25 %) de la Parte de COFINA relacionada con el año fiscal entonces en curso se depositará en el "Fondo para el Servicio de la Deuda" mantenido por el fideicomisario del Documento de Emisión de los Nuevos Bonos para el beneficio y el pago del servicio de la deuda con respecto a los Bonos COFINA y los Bonos de Paridad COFINA, e (y) en lo sucesivo, la restante recaudación trimestral de los Impuestos Pignorados de COFINA se depositará de conformidad con el "Flujo de fondos" que se establece en el Documento de Emisión de los Nuevos Bonos; disponiéndose, sin embargo, que en cualquier trimestre en el que haya un déficit en los montos que deban depositarse en virtud de la cláusula anterior (x), ese déficit se agregará al monto que deba pagarse de conformidad con la cláusula (x) el siguiente trimestre hasta que el monto total del déficit acumulado se haya depositado en el Fondo para el Servicio de la Deuda que el fideicomisario mantenga para el beneficio y el pago de los Bonos COFINA y de los Bonos de Paridad COFINA.

16.6    **Convenios para Bonos de COFINA y Bonos de Paridad de COFINA:** En la Fecha de Entrada en Vigor, los Documentos Definitivos, incluso la Legislación de Nuevos Bonos, contendrán los términos, condiciones, y convenios para bonos de estructura similar y apoyados, incluso, entre otros, los siguientes convenios con respecto a los Bonos COFINA y los Bonos de Paridad COFINA:

(a)    **Convenio de impuestos sobre ventas:** Sujeto a los términos y las disposiciones de la Sección 16.7 de este documento, el ELA entrará en un convenio para beneficio de todos los tenedores iniciales y posteriores de Bonos COFINA y Bonos de Paridad COFINA, que, hasta que todas las obligaciones con respecto a ellos hayan sido pagadas o se hayan satisfecho en su totalidad de acuerdo con sus términos, la tasa de los Impuestos Pignorados de COFINA de donde se deriva el Monto Fijo no será reducida a una tasa menor al cinco y medio por ciento (5.5%) a menos que en cada una de esas ocasiones antes de dicha reducción, al menos dos (2) de las siguientes cuatro (4) organizaciones de calificación estadística reconocidas a nivel nacional existan en ese entonces y califiquen cualquiera de los Bonos COFINA o los Bonos de Paridad COFINA: S&P Global Ratings, Moody's Investor Service, Inc., Fitch Ratings y Kroll Bond Rating Agency Inc., o sus respectivos sucesores, siendo que una (1) de dichas organizaciones S&P Global Ratings o Moody's Investor Service, Inc., o sus respectivos sucesores, confirman que las calificaciones de los Bonos COFINA y los Bonos de Paridad COFINA no serán rebajadas e, independientemente del seguro de los bonos u otra mejora crediticia de un tercero, serán clasificados al menos con una categoría de A2/A o superior después de dicha reducción; disponiéndose, sin embargo, que, no obstante lo anterior, hasta que todas las obligaciones con respecto a los Bonos COFINA y los Bonos de Paridad COFINA hayan sido pagadas o se hayan satisfecho en su totalidad de acuerdo con sus términos, si la tasa de los Impuestos Pignorados de COFINA es reducida por debajo de un tres por ciento (3%), entonces dicha reducción constituirá una "Sustitución de Garantía" y estará sujeta

a los términos y disposiciones de la Sección 16.7 de este documento.

(b)      **Convenio de no menoscabo:** El ELA se comprometerá para beneficio de todos los tenedores iniciales y posteriores de Bonos COFINA y Bonos de Paridad COFINA, a que, hasta que todas las obligaciones con respecto a ellos hayan sido pagadas o se hayan satisfecho en su totalidad de acuerdo con sus términos en su totalidad de acuerdo con sus términos, el ELA se abstendrá de tomar medidas que (1) menoscaben el derecho de COFINA Reorganizada a recibir el Tramo de COFINA, (2) limiten o modifiquen los derechos conferidos a COFINA o COFINA Reorganizada en virtud del Plan y la Orden de Ratificación a fin de cumplir los términos de los acuerdos con los tenedores de Bonos COFINA y Bonos de Paridad COFINA, (3) menoscaben materialmente la recaudación de los Impuestos Pignorados de COFINA en cualquier año fiscal, o (4) menoscaben los derechos y remedios de los tenedores de Bonos COFINA o Bonos de Paridad COFINA o sus respectivas garantías.

(c)      **Convenio de exención impositiva:** COFINA Reorganizada se comprometerá para beneficio de todos los tenedores iniciales y posteriores de Bonos COFINA exentos del pago de impuestos federales y Bonos de Paridad COFINA exentos del pago de impuestos federales a que, hasta que todas las obligaciones con respecto a ellos hayan sido pagadas o se hayan satisfecho en su totalidad de acuerdo con sus términos, COFINA Reorganizada llevará a cabo todos los actos y gestiones permitidas por ley y razonablemente necesarias o deseables para garantizar que los intereses pagados a los tenedores de cualquier Bono COFINA exento del pago de impuestos federales o Bono de Paridad COFINA exento del pago de impuestos federales serán y seguirán siendo excluibles de los ingresos brutos para fines del impuesto federal sobre la renta.

(d)      **Convenio de Agencia de Calificación:** En relación con la "Sustitución de Garantía" conforme a las disposiciones de la Sección 16.7 del presente, COFINA Reorganizada se compromete a hacer todos los esfuerzos razonablemente posibles y obrar de buena fe para obtener la mejor calificación posible para los entonces pendientes Bonos COFINA y Bonos de Paridad COFINA, incluso, entre otros, responder a solicitudes de documentos.

16.7      **Sustitución de garantía:** No obstante cualquier disposición en contrario en el Plan o en los Documentos Definitivos, el ELA puede promulgar leyes que permitan el flujo de ingresos del ELA para reemplazar los Impuestos Pignorados de COFINA como garantía del reintegro de los Bonos COFINA y Bonos de Paridad COFINA; _disponiéndose, sin embargo_, que la sustitución de las Nuevas Garantías puede ocurrir solo con la condición, y en cada una de estas ocasiones, del cumplimiento de las siguientes condiciones: (a) dichas Nuevas Garantías son todo o una parte de un impuesto de aplicación general en todo el ELA que está siendo promulgado en lugar del impuesto total del impuesto sobre ventas y uso que existía en ese entonces en toda la isla o que de otro modo constituye una garantía igual o comparable para los Bonos COFINA y los Bonos de Paridad COFINA y dicha legislación dispone (i) la transferencia irrevocable de, incluso la titularidad de, dichas Nuevas Garantías a COFINA Reorganizada, (ii) un gravamen legal obligatorio automático sobre dichas Nuevas Garantías a favor de los tenedores de los Bonos COFINA y los Bonos de Paridad COFINA, y (iii) que, luego de dicha transferencia, dichas Nuevas Garantías no son, y no constituirán, "recursos disponibles" o "ingresos disponibles" del Gobierno de Puerto Rico, según se usa en la Sección 8 del Artículo VI de la Constitución de Puerto Rico o según se usa de otro modo en la Constitución de Puerto Rico (ya sea que se interprete conforme a la versión en español o en inglés de la Constitución de Puerto Rico), y de otro modo es propiedad de COFINA Reorganizada de la misma manera y en la misma medida que la Parte de COFINA, (b) tras la sustitución de las Nuevas Garantías, se reciben confirmaciones de calificaciones de por lo menos dos (2) de las siguientes cuatro (4) organizaciones de calificación estadística reconocidas a nivel mundial entonces existentes y que califican a los Bonos COFINA:S&P Global Ratings, Moody's Investor Service, Inc., Fitch Ratings y Kroll Bond Rating Agency Inc., donde una (1) de dichas organizaciones, ya sea S&P Global Ratings o Moody's Investor Service, Inc., con anterioridad a dicha sustitución de garantía confirma que las calificaciones para todos los Bonos COFINA y Bonos de Paridad COFINA (independientemente del seguro de los bonos u otra mejora crediticia de un tercero) no será rebajada de categoría y será clasificada al menos con una categoría de A2/A o superior después de dicha sustitución de garantía, (c) el ELA seguirá disponiendo el convenio de no menoscabo a la que se hace referencia en la Sección 16.6(b) de este documento con respecto a dichas Nuevas Garantías y (d) los demás documentos que puedan ser requeridos conforme a las leyes aplicables y las resoluciones de los bonos.

40

104749481v5

16.8     **Fondo de reserva del servicio de la deuda:** Los Bonos COFINA y los Bonos de Paridad COFINA no tendrán un fondo de reserva del servicio de la deuda.

16.9     **Derechos de aceleración**: Los Bonos COFINA, los Bonos de Paridad COFINA y los Bonos de Gravámenes Subordinados, si los hubiera, no tendrán derechos de aceleración.

## ARTÍCULO XVII

## LOS FIDEICOMISOS

### 17.1     **Términos del Fideicomiso Ambac:**

(a)     **Términos Generales:** En la Fecha de Entrada en Vigor o antes de la misma, COFINA establecerá el Fideicomiso Ambac, exclusivamente de parte, y pro beneficio, de los tenedores beneficiarios de las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior")Permitidas (Ambac) que válidamente hayan elegido recibir los Certificados Ambac en conformidad con los procedimientos de solicitud aprobados bajo la Orden de Declaración de Divulgación, según consta en la Papeleta/Formulario de Elección.  En la Fecha de Entrada en Vigor, los siguientes se habrán depositado (o se considerará que han sido depositados) en el Fideicomiso Ambac: (1) los Bonos Ambac Asegurados asignables a aquellos tenedores de Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") Permitidas (Ambac) que lo eligieron, (2) la distribución de Bonos COFINA Prioritarios ("COFINA Senior") (consistiendo del Efectivo Sección 103, en caso de ser aplicable, Efectivo COFINA Disponible para Distribución, Bonos COFINA y Monto de Redondeo de Efectivo; en caso de ser necesario) asignable a aquellos tenedores de Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") Permitidas (Ambac) que lo eligieron, y (3) el beneficio de la Póliza de Seguro Ambac.  Los Bonos COFINA consistirán de los Bonos COFINA Imponibles y Bonos COFINA Exentos de Impuestos.  No obstante el depósito de los Bonos Ambac Asegurados de dichos tenedores en el Fideicomiso Ambac, dichos Bonos Asegurados Ambac no serán cancelados y todos los derechos y recursos bajo dichos Bonos Asegurados Ambac y en conformidad con los mismos, la Resolución de Bonos (aparte de lo que se relaciona con el pago y otras obligaciones de COFINA y el Estado Libre Asociado bajo la presente) y la Póliza de Seguro Ambac serán preservados y permanecerán en pleno vigor y efecto.  El Fideicomiso Ambac será el propietario de cualesquier Bonos Asegurados Ambac depositados en el Fideicomiso, disponiéndose que todos los derechos en relación con dichos Bonos Asegurados Ambac quedarán sujetos a los términos del contrato de Fideicomiso.

Al depositar los Activos del Fideicomiso Ambac, el Fideicomisario emitirá dos series de Certificados Ambac: (i) una serie con una fecha de redención obligatoria del día 1 Agosto, 2047, y (ii) una serie con una fecha de redención obligatoria del 1 Agosto, 2054 ("Serie 2054"), a los tenedores de las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") Permitidas (Ambac) que válidamente eligieron recibir los Certificados Ambac. Los Certificados Ambac dispondrán pagos en conformidad con los pagos del fondo de redención, en relación con la Serie 2054 y la fecha de vencimiento de los Bonos Ambac Asegurados de dicho tenedor. Las fechas programadas para los pagos del fondo de amortización para la Serie 2054 serán los días 1 de Agosto de 2048, 1 de Agosto de 2049, 1 de Agosto de 2050, 1 de Agosto de 2051, 1 de Agosto de 2052 y 1 de Agosto de 2053. Sujeto a los términos del contrato de fideicomiso, cada serie de los Certificados Ambac tendrán CUSIP únicos, y serán libremente negociables y transferibles por medio del Depository Trust Company. Cada clase de Certificados Ambac tendrá su propio programa de acrecencia de la clase, el cual establece los montos de los pagos acrecidos a cualquier fecha determinada.  Ambac no asegurará ningún pago sobre los Certificados Ambac, y no se le requerirá pagar ningún monto por concepto de mora/incumplimiento u otros montos por concepto de intereses en relación con los Bonos Asegurados Ambac, y se le requerirá pagar únicamente sus obligaciones bajo la Póliza de Seguro Ambac, en conformidad con lo dispuesto en la presente y en el contrato de Fideicomiso. Adicionalmente, Ambac tendrá el derecho, sin ninguna obligación de cualquier índole, de efectuar pagos,

sea en su totalidad o en parte, bajo la Póliza de Seguro Ambac, previo a la fecha obligatoria de redención para una clase de Certificado Ambac.  En la medida que Ambac decida, a su discreción exclusiva, efectuar cualquier pago bajo la Póliza de Seguro Ambac, una vez que dicho pago se haya realizado, las obligaciones restantes de Ambac en relación con dicha Póliza de Seguro Ambac resultarán en el reajuste de los programas correspondientes de acrecencia de la clase.  Una vez que se hayan amortizado o redimido todos los Certificados Ambac, Ambac tendrá derecho a recibir todos los activos restantes en el Fideicomiso Ambac.

Excepto en relación con sus diversos programas de acrecencia y fechas de redención obligatorias, cada clase de los Certificados Ambac tendrá sustancialmente los mismos términos, y otorgará al tenedor del mismo el derecho a su participación prorrateada de las distribuciones realizadas por el Fideicomiso Ambac.  Cada distribución realizada sobre los Certificados Ambac (independientemente de que fuera imponible o no para un tenedor, o reducido por retenciones o pagos de contribuciones realizados por el Fideicomiso Ambac), se reducirá la obligación relacionada de Ambac bajo la Póliza de Seguro Ambac, se considerará que se habrá reducido el monto pendiente de los Bonos Asegurados Ambac, lo cual resultará en el reajuste de los programas de acrecencia de clase relacionados.  El Fideicomiso Ambac distribuirá todos los pagos recibidos de los Bonos COFINA Exentos de Impuestos a los titulares de los Certificados Ambac inmediatamente después de la recepción de los mismos en conformidad con el contrato de Fideicomiso.  Ambac, a su discreción exclusiva, podrá optar por distribuir de tiempo en tiempo pagos a cuenta recibidos de los Bonos COFINA Imponibles a los tenedores de los Certificados Ambac, o bien reinvertir dichos pagos en inversiones permitidos por los términos del contrato de Fideicomiso; disponiéndose, sin embargo que el Fideicomiso Ambac no tendrá obligación alguna de distribuir dichos pagos antes de la fecha obligatoria de redención aplicable a una serie.  Adicionalmente, Ambac, a su discreción única y exclusiva, podrá instruir al Fideicomiso Ambac a vender todos los Bonos COFINA en manos del Fideicomiso Ambac o cualquier porción de los mismos, en conformidad con los términos del contrato de fideicomiso, y, en caso que dichos Bonos COFINA fuesen Bonos COFINA Exentos de Impuestos, podrá instruir al Fideicomiso Ambac a distribuir los productos de cualquier venta de dicha índole a los tenedores de los Certificados Ambac o a retener los productos de dicha venta en el Fideicomiso Ambac.  Ambac, a su discreción exclusiva y absoluta, podrá distribuir los Activos del Fideicomiso Ambac en manos del Fideicomiso Ambac a los tenedores de los Certificados Ambac, a su valor de mercado calculado en conformidad con los términos y disposiciones del contrato de Fideicomiso, y, una vez hecha dicha distribución, la porción aplicable de los Certificados Ambac del tenedor será cancelada.  Ambac será considerado el tenedor único de los Bonos COFINA en el Fideicomiso Ambac, con respecto a votación, enmiendas, aceleración, eventos de mora/incumplimiento y elección y dirección de derechos y recursos, incluyendo, a título enunciativo pero no limitativo, en conexión con cualquier proceso de insolvencia.  Los impuestos sobre cualesquier ganancias de inversiones serán pagados de los Activos del Fideicomiso Ambac.

El contrato del Fideicomiso Ambac dispondrá que (a) todos los derechos de tenedores de Bonos COFINA poseídos por la Fideicomiso Ambac (sea con respecto a enmiendas y consentimientos, dirección de recursos o de cualquier otra forma) podrá ser ejercido exclusivamente por Ambac, y ningún tenedor de

los Certificados de Ambac tendrá ningún derecho con respecto a los Bonos de COFINA y (b) Ambac, a su discreción, podrá optar por instruir una distribución de un porcentaje proporcional de los Bonos COFINA subyacentes a los tenedores individuales de los Certificados Ambac, en el momento de la renuncia a las reclamaciones de dicho tenedor sobre la Póliza de Seguro Ambac y contra el Fideicomiso Ambac. Dicha distribución y renuncia no podrá generar ningún otro tenedor de Certificados Ambac que alegue algún derecho a recibir el mismo tratamiento.

A la Fecha de Entrada en Vigor, a menos que Ambac acuerde otra cosa, la posición en Depository Trust Company con respecto a cada Bono Ambac Asegurado depositado, o considerado depositado, en el Fideicomiso Ambac en conformidad con los términos y disposiciones del Plan, será cero, y el Fideicomiso Ambac será considerado el tenedor exclusivo de dichos Bonos Asegurados Ambac.

       **(b)**     **Costos y Gastos:** Todos los honorarios, costos, y gastos incurridos en conexión con las transacciones contempladas en conformidad con la Sección 17.1 de la presente, incluyendo, a título enunciativo pero no limitativo, honorarios y gastos asociados con la formación y mantenimiento del Fideicomiso Ambac y los honorarios y gastos incurridos por el fideicomisario del Fideicomiso Ambac, serán la obligación y responsabilidad exclusiva de Ambac (únicamente en relación con la formación del Fideicomiso Ambac) y del Fideicomiso Ambac, y no COFINA o COFINA Reorganizada, según el caso, y el incumplimiento de Ambac (únicamente en relación con la formación del Fideicomiso Ambac) o el Fideicomiso Ambac, de cualquiera de las mencionadas obligaciones exonerará y descargará a COFINA y COFINA Reorganizada, según el caso, del cumplimiento de cualquier obligación adicional en conexión con el Fideicomiso Ambac.

       **17.2**     **Términos de los Fideicomisos National:** En caso que National se abstuviera de ejercer la Elección National, a la Fecha de Entrada en Vigor o antes de la misma, el Fideicomiso National será formado de parte, y exclusivamente pro beneficio de, los tenedores beneficiarios de Bonos Asegurados National que (a) opten por recibir Certificados National en el formulario de Votación/Elección distribuido en conexión con la solicitud de aceptaciones y rechazos del Plan, y (b) de otra forma no hayan acordado conmutar las Pólizas de Seguro National a la Fecha de Entrada en Vigor o antes de la misma. El fideicomisario del Fideicomiso National deberá ser una entidad que es una institución financiera nacionalmente reconocida con domicilio en los EE.UU., y asimismo fiduciario que actúa regularmente en calidad de fideicomisario en el mercado de finanzas municipales. A la Fecha de Entrada en Vigor, los Activos del Fideicomiso National, compuestos de (1) los Bonos Asegurados National que no hayan sido conmutados, (2) aparte de la porción distribuible a los tenedores que conmutan, toda la Distribución de Bonos COFINA Prioritarios ("COFINA Senior") en relación con las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (National), en conformidad con los términos de la Sección 7.1 (b) de la presente, (3) las Pólizas de Seguro National (4) la contraprestación a ser distribuida a National en conformidad con la Sección 3.3 de la presente, será depositada en el Fideicomiso National. Los costos, incluyendo honorarios y gastos y cualquier obligación generada en conformidad con el Pliego de Términos o el Plan, asociado con la formación y operación del Fideicomiso National, serán pagados utilizando los Activos del Fideicomiso National. No obstante el depósito en el mismo, los Bonos Asegurados National no serán cancelados, y todos los derechos y recursos bajo y en conformidad con los Bonos Asegurados National, la Resolución de Bonos (con excepción de lo referente a las obligaciones de pago de COFINA) y las Pólizas de Seguro National serán preservadas y permanecerán en pleno vigor y efecto. Una vez que los Activos del Fideicomiso National hayan sido depositados, en base pro rata, el Fideicomiso emitirá una o más series de Certificados National a los tenedores beneficiarios de las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (National) cuyas participaciones asignables de la Distribución de Bonos COFINA Prioritarios ("COFINA Senior") hayan sido depositados en el Fideicomiso National.

Los Certificados National otorgarán al Tenedor de Certificado National el derecho a su participación prorrateada del valor en el Fideicomiso National respectivo, y cualquier distribución de Efectivo del mismo. Dicha distribución (1) en todo caso, ocurrirá inmediatamente con la recepción del mismo por el Fideicomiso National y (2) automáticamente reducirá la obligación pendiente bajo las Pólizas de Seguro National a la fecha de dicha distribución a los tenedores de Certificados National, por el monto de dicha distribución. Para evitar cualquier duda, la obligación de National de pagar el Importe compuesto

104749481v5

programado de los Bonos Asegurados National subyacentes, en la medida correspondiente y su momento de vencimiento, en todo caso, seguirá capitalizándose según lo programado, a la fecha en que el fideicomisario del Fideicomiso National de hecho efectúa el pago a los Tenedores de Certificados National.  Cada serie de Certificados National llevará su propio CUSIP único, y será libremente negociable y transferible por medio del Depository Trust Company.

      (a)      **Venta de Bonos COFINA:** Siempre y cuando National (i) no se encuentre en estado de mora/incumplimiento bajo las Pólizas de Seguro National; y (ii) que no hubiese aceptado, y no hubiese sido sujeto a procedimientos de supervisión regulatoria, rehabilitación, o liquidación (o análogos), National (a) será considerado el tenedor exclusivo de los Bonos COFINA en el Fideicomiso National con respecto a votación, enmiendas, aceleración, eventos de mora/incumplimiento y elección y dirección de derechos y recursos, incluyendo, a título enunciativo pero no limitativo, en conexión con procedimientos de insolvencia, y (b) podrá, en cualquier momento previo a la disolución del Fideicomiso National, entregar o instruir al fideicomisario a que entregue una Notificación de Venta a todos los Tenedores de Certificados National, por medio de Depository Trust Company o cualquier medio similar, declarando su intención de vender, a cambio de Efectivo todos o alguna parte de los Bonos COFINA en manos del Fideicomiso National.  Los productos de la Venta de dicha venta serán distribuidos inmediatamente a los Tenedores de Certificados National en base pro rata, y, en el momento de dicha distribución, se reducirá automáticamente la obligación pendiente bajo las Pólizas de Seguro National a la fecha y por el monto de dicha distribución a los Tenedores de Certificado National; disponiéndose, sin embargo, que cada Tenedor de Certificado National podrá elegir (dentro de un plazo especificado y razonable a ser negociado) después de la entrega de la Notificación de Venta a recibir su participación pro rata de los Bonos COFINA a la venta, en conformidad con la Notificación de Venta, en lugar de su participación asignable de los Productos de la Venta, y en conformidad con dicha elección, la obligación pendiente bajo las Pólizas de Seguro National a la fecha de dicha distribución será reducida automáticamente por un monto igual a la porción de los Productos de la Venta que hubieran sido atribuibles a dichos Bonos COFINA en caso de que fueran vendidos.  La documentación relacionada con el Fideicomiso National será (i) negociada de buena fe, (ii) de forma y de fondo aceptables a National y razonablemente aceptable para los tenedores de Bonos Asegurados National que aceptaron los términos de reestructuración propuestos por la Junta de Supervisión y AAFAF el día 7 de Agosto, 2018 y que sean partes del Acuerdo de Apoyo al Plan, y (iii) serán incluidos en un Suplemento al Plan.

En la medida que un tenedor de una Reclamación de Bono COFINA Prioritarios (National) acepte conmutar las Pólizas de Seguro National en la Fecha de Entrada en Vigor o antes de la misma, dicho tenedor recibirá una distribución de National y el tenedor de la misma no tendrá derechos con respecto a las Pólizas de Seguro National, el Fideicomiso National o los Certificados National.

      (b)      **Costos y Gastos:** Todos los honorarios, costos, y gastos incurridos en conexión con las transacciones contempladas en conformidad con la Sección 17.2 de la presente, incluyendo, a título enunciativo pero no limitativo, honorarios y gastos asociados con la formación y mantenimiento del Fideicomiso National y los honorarios y gastos incurridos por el fideicomisario del Fideicomiso National, serán la obligación y responsabilidad exclusiva del Fideicomiso National, y no COFINA o COFINA Reorganizada, según el caso, y el incumplimiento de National o del Fideicomiso National de cualquiera de dichas obligaciones exonerará y descargará a COFINA y COFINA Reorganizada, según el caso, del cumplimiento de cualquier obligación adicional en conexión con el Fideicomiso National

    17.3    **Valores Existentes / Obligaciones BNYM**: No obstante cualquier cosa contraria que obre en el Plan, incluyendo, a título enunciativo pero no limitativo, las disposiciones del presente Artículo

XVII, BNYM no tendrá deberes ni responsabilidades de ninguna naturaleza con respecto a cualesquier Valores Existentes que pudieran estar en manos de los Fideicomisos, a partir de la Fecha de Entrada en Vigor y después de la misma.

# ARTÍCULO XVIII
## TRATAMIENTO DE CONTRATOS CONDICIONALES RESTANTES Y ARRENDAMIENTOS VIGENTES

18.1     **Rechazo o Asunción de Contratos Condicionales Restantes y Arrendamientos Vigentes:** En conformidad con las secciones 365(b)(2) del Código de Quiebra, aplicables al Caso Título III, en conformidad con la Sección 301 de PROMESA, y sujeto a las disposiciones de las Secciones 18.5 y 18.7 de la presente, todo Contrato Condicional y Arrendamiento Vigente que exista entre COFINA y cualquier Entidad, y que a la Fecha de Ratificación o antes de la misma no hubiera expirado conforme a sus propios términos, se considerarán rechazados por COFINA a partir de la Fecha de Entrada en Vigor, con excepción de cualquier Contrato Condicional y Arrendamiento Vigente que (a) hubiera sido asumido o asignado o rechazado en conformidad con una orden del Tribunal del Título III registrada antes de la Fecha de Entrada en Vigor, o (b) que específicamente hubiera sido designado como contrato o arriendo a ser asumido o asumido y cedido conforme a los programas [*schedules*] del Suplemento del Plan; disponiéndose, sin embargo, que COFINA se reserva el derecho, a la Fecha de Ratificación o previo a la misma, de modificar dichos programas para suprimir cualquier Contrato Condicional y Arrendamiento Vigente de los mismos, o añadir cualquier Contrato Condicional y Arrendamiento Vigente a los mismos, en cuyo caso, dicho(s) Contrato(s) Condicional(es) y Arrendamiento(s) Vigente(s) serán considerados, según el caso, o bien rechazados, asumidos, o asumidos y cedidos a la Fecha de Entrada en Vigor. COFINA hará entrega judicial (y) de la notificación de cualquier Contrato Condicional y Arrendamiento Vigente a ser asumido o asumido y cedido a lo largo de la vigencia de la presente Sección 18.1, al incluir un programa de dichos contratos y arriendos en el Suplemento del Plan, y (z) notificación de cualquier Contrato Condicional y Arrendamiento Vigente a ser rechazado durante la vigencia de la presente Sección 18.1, al hacer entrega judicial de notificación a las contrapartes relevantes de dichos contratos.  En la medida que hubiese cualquier modificación a dichos programas, COFINA entregará notificación de todas las antedichas modificaciones a las partes del Contrato Condicional y Arrendamiento Vigente afectado por la misma.  La inclusión de dicho documento en los programas del Suplemento del Plan o en cualquier notificación separada no constituirá una admisión de cualquier índole por parte de COFINA que dicho documento es un Contrato Condicional y Arrendamiento Vigente o que COFINA tuviera alguna responsabilidad legal de cualquier índole bajo el mismo.

18.2     **Aprobación de Rechazo o Asunción de Contratos condicionales y Arrendamientos Vigentes:** El registro de la Orden de Ratificación por el Tribunal del Título III constituirá la aprobación, en conformidad con las secciones 365(a) y 1123(b)(2) del Código de Quiebra, del rechazo, asunción, o la asunción y cesión, según el caso, de un Contrato Condicional y Arrendamiento Vigente en conformidad con la Sección 18.1 del Plan.

18.3     **Inclusividad:** A menos que se especifique otra cosa en los programas del Suplemento del Plan, todo Contrato Condicional y Arrendamiento Vigente incluido o a ser incluido en la lista de la misma incluirá toda y cualquier modificación, enmienda, suplemento, replanteamiento, u otros contratos celebrados, sea directamente o indirectamente, por medio de  cualquier contrato, instrumento, u otro documento que de cualquier manera afecte dicho Contrato Condicional y Arrendamiento Vigente, independientemente de que dicho contrato, instrumento, o documento haya sido incluido en la lista de dicho programa.

18.4     **Subsanación de Incumplimientos**: Excepto en la medida que se haya acordado algo diferente por la parte no-deudora o las partes de cualquier Contrato Condicional y Arrendamiento Vigente asumido o a ser asumido y cedida en conformidad con la Sección 18.1 del Plan, COFINA deberá, en conformidad con las disposición de las Secciones 1123(a)(5)(G) y 1123(b)(2) del Código de Quiebra, y en conformidad con los requerimientos de la Sección 365 del Código de Quiebra, y con por lo menos (20) días de antelación a la Vista de Ratificación, radicar con el Tribunal del Título III y entregar por correo de

primera clase a cada parte No-COFINA de dichos Contrato(s) Condicional(es) y Arrendamiento(s) Vigente(s) a ser asumidos en conformidad con la Sección 18.1 del Plan, una notificación, la cual deberá indicar el monto de subsanación en relación a cada Contrato Condicional o Arrendamiento Vigente a ser asumido o asumido y cedido.   Las partes de dichos Contrato(s) Condicional(es) y Arrendamiento(s) Vigente(s)  tendrán veinte (20) días a partir de la fecha de entrega judicial de notificación para radicar y notificar cualquier objeción a los importes de subsanación indicado(s) por COFINA.   En caso que se radique cualquier objeción, el Tribunal del Título III celebrará una audiencia en una fecha a ser determinada por el Tribunal del Título III.   No obstante la Sección 18.1 del Plan, COFINA conservará su derecho a rechazar cualesquier Contrato(s) Condicional(es) y Arrendamiento(s) Vigente(s) que sean sujetas a una controversia relacionada con los montos necesarios para subsanar cualquier incumplimiento hasta la Fecha de Entrada en Vigor.

18.5     **Pólizas de Seguro:** Sujeto a los términos de la Sección 18.7 de la presente, cada una de las Pólizas de Seguro de COFINA y cualesquier contratos, documentos, o instrumentos relacionados con los mismos, serán tratados como Contratos Condicionales bajo el Plan.   A menos que el Plan disponga otra cosa, y en la medida que sea de naturaleza condicional, a la Fecha de Entrada en Vigor, COFINA deberá, primero, depositar todas las Pólizas de Seguro y cualesquier otros contratos, documentos, e instrumentos relacionados con la cobertura de todas las Reclamaciones de Bonos aseguradas en los Fideicomisos correspondientes, y segundo, se deberá considerar que ha rechazado todas las referidas pólizas de Seguro y cualesquier otros contratos, documentos, e instrumentos relacionados con la cobertura de todas las Reclamaciones de Bonos aseguradas; disponiéndose, sin embargo, que dicho rechazo no deberá interpretarse ni, será interpretado, de forma que exonere o libere a Ambac, Assured, o National con respecto a sus obligaciones respectivas a los tenedores de las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") Permitidas (Ambac), Reclamaciones Permitidas de Bonos COFINA Subordinados (Assured) y Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") Permitidas (National), respetivamente, que hayan elegido recibir los certificados de Fideicomiso relevantes bajo la presente, y en conformidad con la Póliza de Seguro correspondiente.   Para evitar cualquier duda, nada de lo que se contiene en la presente podrá menoscabar de cualquier forma cualquier derecho de subrogación, reintegros, o similar, de un asegurado contra el Fideicomiso correspondiente o los activos del mismo.

18.6     **Reclamaciones de Daños por Rechazo:** En caso que el rechazo por COFINA en conformidad con la presente, de un Contrato Condicional y Arrendamiento Vigente bajo la presente, resultara en daños a la otra parte o partes de dicho contrato o arriendo, cualquier Reclamación en base a dicho daños, en caso que no hubiese sido evidenciado por una evidencia radicada de la Reclamación, quedará prohibida en perpetuidad e inejecutable en contra de COFINA, o sus propiedades o agentes, sucesores, o cesionarios, incluyendo, a título enunciativo pero no limitativo, COFINA Reorganizada, a menos que se hubiese radicado evidencia de la Reclamación con el Tribunal del Título III y notificado a los abogados de la Junta de Supervisión y COFINA Reorganizada, según el caso, a no más tardar que con treinta (30) días de antelación a lo que ocurra posteriormente entre (i) la Fecha de Ratificación, y (ii) la fecha de registro de una orden del Tribunal del Título III autorizando el rechazo de determinado Contrato Condicional y Arrendamiento Vigente en particular.

18.7     **Obligaciones de Indemnización y Reintegro:** Para los fines del Plan, (i) en la medida que sean de naturaleza condicional, las obligaciones de COFINA, incluyendo, a título enunciativo pero no limitativo, las pólizas de seguro de directivos y oficiales, para indemnizar y reembolsar sus directivos u oficiales que hubieran sido directivos u oficiales, respectivamente, a la Fecha de Petición o previo a la misma, se consideran asumidas a la Fecha de Entrada en Vigor y (ii) obligaciones de indemnización de COFINA generadas por la conducta de directivos u oficiales durante el periodo a partir de y después de la Fecha de Petición serán Reclamaciones de Gastos Administrativos.

18.8     **No Materialización de la Fecha de Entrada en Vigor:** En caso que no ocurra la Fecha de Entrada en Vigor, el Tribunal del Título III retendrá jurisdicción con respecto a cualquier solicitud para prorrogar la fecha límite para asumir o rechazar Contrato(s) Condicional(es) y Arrendamiento(s) Vigente(s) en conformidad con la Sección 365(d)(4) del Código de Quiebra, a menos que dicho plazo o plazos límite haya(n) expirado.

18.9    **Reserva de Derechos:** Nada de lo que se contiene en el Plan o Suplemento de Plan constituirá una admisión de cualquier índole por COFINA, COFINA Reorganizada, o cualquier otra parte, que dicho contrato o arrendamiento es de hecho un Contrato Condicional o Arrendamiento Vigente, o que COFINA tiene cualquier responsabilidad legal bajo el mismo.  En caso de cualquier disputa con respecto a si un contrato o arriendo es o fue condicional o que no hubiera expirado en el momento de asunción, COFINA o COFINA Reorganizada tendrá cuarenta y cinco (45) días después del registro de dicha Orden Definitiva resolviendo la disputa para alterar su tratamiento de dicho contrato o arriendo.

## ARTÍCULO XIX
## DISPOSICIONES EN MATERIA DE DISTRIBUCIONES

19.1    **Plazos y Maneras de Distribución:** Excepto en conformidad con lo que se dispone de otra forma en la presente, incluyendo, a título enunciativo pero no limitativo, en los Artículos X y XVII de la presente, las distribuciones bajo el Plan serán efectuadas a cada tenedor de una Reclamación Permitida en conformidad con lo siguiente:

(a)    **Distribuciones a los Tenedores de Bonos COFINA: Reclamaciones de Bonos:** Excepto en conformidad con lo que se dispone de otra forma en la presente, dentro de diez (10) Días laborables a partir de la Fecha de Entrada en Vigor, y sujeto a los términos y disposiciones de la Sección 19.5 de la presente en relación con distribución a Ambac y Whitebox por motivo de la pendencia de la Acción Ambac y las Acciones Whitebox, respectivamente, el Agente de Desembolso distribuirá, o causará que se distribuya, a cada tenedor de una Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida, una Reclamación de Bonos COFINA Prioritarios ("COFINA Senior") Permitida (Ambac), una Reclamación de Bonos COFINA Prioritarios ("COFINA Senior")Permitida (National), una Reclamación de Bonos COFINA Prioritarios ("COFINA Senior")Permitida (Elección Imponible), una Reclamación de Bonos COFINA Subordinados Permitida, una Reclamación de Bonos COFINA Subordinados (Assured) Permitida y una Reclamación de Bonos COFINA Subordinados (Elección Imponible) Permitida, en cada caso en conformidad con los términos de la presente, tales como la Participación Prorrateada, en caso que la hubiere, del Efectivo de la Sección 103, Efectivo de COFINA Disponible para Distribución, Monto de Redondeo de Efectivo, Efectivo de Elección Imponible, Costos de Consumación y los Bonos COFINA, junto con, en donde sea aplicable, la contraprestación que se describe en las Secciones 6.1 y 7.1 de la presente, o bien, en lugar de todo lo antedicho, certificados en el Fideicomiso aplicable.

(b)    **Distribuciones con Respecto a Reclamación GS Derivada:** Dentro de diez (10) Días laborables a partir de la Fecha de Entrada en Vigor, y únicamente en la medida que el tenedor de la Reclamación de Derivado GS Permitida tenga derecho a una distribución en exceso del valor del gravamen o fianza retenido por dicho tenedor, el Agente Pagador distribuirá, o causará que se distribuya al tenedor de la Reclamación de Derivado GS Permitida, la participación de dicho Acreedor, en caso que lo hubiere, del Efectivo Sección 103, Efectivo de COFINA Disponible para Distribución, Monto de Redondeo de Efectivo y Bonos COFINA.

(c)    **Distribución con Respecto a Reclamaciones Generales Sin Garantía:** Dentro de diez(10) Días laborables a partir de la Fecha de Entrada en Vigor, y exclusivamente en la medida que la Clase 9 vote para aceptar el plan, el Agente Pagador distribuirá o causará que se distribuya a cada tenedor de una Reclamación Permitida General No Garantizada la Participación Pro Rata de dicho Acreedor, encasoquelo hubiera, de Cien Mil Dólares ($100,000.00).

(d)    **Distribución de Efectivo a los Tenedores de Ciertas Otras Reclamaciones:** Excepto en la medida que se disponga otra cosa en la presente, en la fecha o tan pronto sea practicable, en lo que ocurra posteriormente entre (i) la Fecha de Entrada en Vigor y (ii) la fecha en que dicha Reclamación se convierta en una Reclamación Permitida, el Agente Pagador distribuirá, o causará que se distribuya Efectivo a cada tenedor de una Reclamación de Gasto Administrativo Permitida por el monto

104749481v5

de dicha Reclamación Permitida.

19.2    **Pago Oportuno:** Se considerará que cualquier pago o distribución efectuado en conformidad con el Plan se habrá efectuado oportunamente si se efectúa dentro de diez (10) días contando a partir de la fecha especificada en el Plan. Siempre que una distribución a ser efectuada bajo este Plan caiga en un día que no sea un Día laborable, dicha distribución más bien se efectuará, sin intereses, el Día laborabledirectamente siguiente, pero se considerará que habrá sido efectuado en la fecha de vencimiento, incluyendo, a título enunciativo pero no limitativo, la consideración de que distribuciones efectuadas en conformidad con la Sección 19.1(a) de la presente fueron efectuadas en la Fecha de Entrada en Vigor.

19.3    **Distribuciones por el Agente Pagador**:  Excepto en conformidad con lo que se dispone de otra manera en la presente, todas las distribuciones bajo el Plan serán hechas por el Agente Pagador. Se considerará que el Agente Pagador es el tenedor de todos los bienes a ser distribuidos bajo la presente en fideicomiso para las Entidades con derecho a recibirlos.  El Agente Pagador no tendrá ningún interés económico o beneficiario en dichos bienes.

19.4    **Forma de Pago bajo el Plan:** A menos que la entidad que recibe un pago acuerde otra cosa, todo pago en Efectivo a ser efectuado por Agente Pagador será efectuado, a la discreción del pagador, por medio de un cheque girado en un banco nacional o por transferencia electrónica de un banco nacional; disponiéndose, sin embargo, que ningún pago en Efectivo será efectuado a un tenedor de una Reclamación Permitida hasta el momento, en su caso, que el monto pagadero bajo la misma sea igual a diez Dólares ($10.00) o más.

19.5    **Entrega de Distribuciones:** Sujeto a las disposiciones de la Regla 9010 de las Reglas de Quiebra, y excepto en conformidad con lo que se dispone en la presente, las distribuciones y entregas a los tenedores de las Reclamaciones Permitidas serán efectuadas en el domicilio de cada tenedor, según lo que consta en los Programas radicados con el Tribunal, a menos que los mismos sean sustituidos por el domicilio indicado en las evidencias de Reclamaciones radicadas por dichos tenedores, o hechos en el último domicilio conocido de dicho tenedor en caso que no se hubiera radicado ninguna evidencia de Reclamación, o si COFINA hubiera sido notificada por escrito de un cambio de domicilio; disponiéndose, sin embargo, que las distribuciones iniciales de Efectivo por el Agente Pagador por beneficio de los tenedores de Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") Permitidas, Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") Permitidas (Ambac), Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") Permitidas (National), Reclamaciones de Bonos (Elección Imponible) Permitidas, Reclamaciones de Bonos COFINA Subordinados Permitidas, Reclamaciones de Bonos COFINA Subordinados (Assured) Permitidas y Reclamaciones de Bonos COFINA Subordinados (Elección Imponible) Permitidas, según corresponda, serán efectuados a BNYM, en su calidad de fideicomisario para los Valores Existentes (o quien BNYM designe) bajo los respectivos documentos que rigen dichas obligaciones; y, disponiéndose además, que el Agente Pagador podrá hacer distribuciones de Costos de Consumación en Efectivo a una Parte de los Costos de Consumación, de una forma mutuamente acordada entre la Parte de los Costos de Consumación y el Agente Pagador. BNYM (o quien BNYM designe), a su vez, y en conformidad con los términos y disposiciones del Plan, distribuirá y entregará Efectivo y Bonos COFINA, según corresponda, a los Tenedores de Bonos a la Fecha de Registro de Distribución, en la manera que se dispone en los respectivos documentos que rigen dichas obligaciones; disponiéndose, sin embargo, que, en la medida que un Tenedor de Bonos COFINA eligiera recibir el certificado de fideicomiso en conformidad con la presente, BNYM depositará la distribución de dicho tenedor en el Fideicomiso correspondiente.  BNYM podrá valerse definitivamente de las instrucciones de distribución que reciba de COFINA o sus agentes con respecto a la entrega de distribuciones en conformidad con los términos y disposiciones de esta Sección 19.5, incluyendo las posiciones contra-CUSIP y posiciones de cuenta en plica establecidos por COFINA o sus agentes con Depository Trust Company, y BNYM cerrará y terminará los CUSIP originales después de efectuar las distribuciones iniciales del Efectivo de COFINA Disponible para Distribución, Efectivo Sección 103 y Monto de Redondeo de Efectivo y no tendrá mayores obligaciones de distribución posteriormente.  A BNYM no se le requerirá entregar ningún bono o fianza, o cualquier otra garantía para el desempeño de sus deberes, a menos que el Tribunal del Título III ordene otra cosa.  A BNYM se le requerirá realizar

únicamente las distribuciones y entregas que se describen en esta Sección 19.5, y se le requerirá efectuar dichas distribuciones y entregas únicamente en conformidad con los términos de la Orden de Ratificación y el Plan, y no tendrá responsabilidad legal alguna por cualquier acción tomada razonablemente en conformidad con la Orden de Ratificación, el Plan, o en conexión con distribuciones a ser efectuadas en conformidad con las sendas, con excepción de responsabilidad generada de su propia culpa grave o dolo. Lo anterior no obstante, todas las distribuciones están sujetas a los Derechos de los Fideicomisarios; disponiéndose, sin embargo, que, no obstante cualquier cosa que obre en lo antedicho o cualquier cosa contenida en el Plan, incluidas, a título enunciativo pero no limitativo, las Secciones 19.6(ii) y 19.13 de la presente, salvo lo establecido en la siguiente condición, BNYM no ejercerá Derechos de Fideicomisario a cuenta de Reclamaciones de Fideicomisario que pudieran generarse a partir de la Fecha de Entrada en Vigor y subsiguientemente, y ninguna distribución en conformidad con el Plan, sea por medio del Agente Pagador o BNYM en calidad de Fideicomisario de los Valores Existentes, será retenida como resultado, o por motivo, de la Reclamación, causas de acción, y daños pretendidos, o que pudieran alegarse, en la Acción Ambac y las Acciones Whitebox; y disponiéndose además, que, con respecto a Reclamaciones de Fideicomisario que pudieran generarse a partir de y posterior a la Fecha de Entrada en Vigor como resultado de la Acción Ambac y las Acciones Whitebox, respectivamente, en la Vista de Ratificación, el Tribunal del Título III determinará (a) el monto, en caso que hubiere alguno, que será o bien (i) retenido por el Agente Pagador o BNYM en calidad de fideicomisario en calidad para los Valores Existentes de las distribuciones a ser hechas a Ambac y Whitebox, o (ii) otorgadas en garantía por Ambac y Whitebox para el reintegro de honorarios y gastos, lo cual podrá ser incurrido por BNYM en conexión con la defensa de la Acción Ambac y las Acciones Whitebox, y (b) si BNYM debería ser reembolsado por Ambac y Whitebox por incurrir cualesquiera de dichos cargos y gastos, bien sea por el monto retenido o la fianza otorgada y mencionada en la subsección (a) precedente, en base actual o al momento del registro de una Orden Definitiva en conexión con la Acción Ambac y las Acciones Whitebox; en cada caso, dicha determinación y el cumplimiento de toda obligación de Ambac y Whitebox como resultado de la presente satisfacer en su totalidad cualquier obligación de COFINA y cualesquier derechos de BNYM bajo la Resolución de Bonos y el derecho aplicable, en relación al pago de los cargos y gastos de BNYM y la indemnización generada por, o relacionada con, la Acción Ambac o las Acciones Whitebox.  COFINA, sus agentes y cobradores, el Agente Pagador y BNYM no tendrán obligación alguna de reconocer cualquier transferencia de las Reclamaciones de Bonos después de la Fecha de Registro de Distribución; disponiéndose, sin embargo, que los Bonos de COFINA serán transferibles y reconocidos, siempre y cuando sean hechos en conformidad con los términos y condiciones de la Nueva Escritura de Emisión de Bonos.

19.6    **Cancelación de Pagarés, Instrumentos, Certificados, y Otros Documentos**: Con excepción de (a) lo dispuesto en cualquier contrato, instrumento u otro documento celebrado o entregado en conexión con el Plan, (b) para propósitos de evidenciar un derecho a distribución bajo el Plan, o (c) según lo específicamente dispuesto de otra forma en el Plan (incluyendo cualquier rechazo de Contratos Condicionales o Arrendamientos Vigentes en conformidad con la Sección 18.1 de la presente), a la Fecha de Entrada en Vigor, los Valores Existentes "Prioritarios" y "Primer Subordinado" y todo y cualquier otro instrumento y documento relacionado con los mismos se considerarán automáticamente cancelados, resueltos, y sin vigor o efecto alguno bajo cualquier contrato o acuerdo, ley, reglamento, orden, o reglamento, y COFINA y BNYM no tendrán obligaciones o deberes y responsabilidades de cualquier índole bajo las mismas, y las obligaciones de las partes para con COFINA, según corresponda, bajo los Valores Existentes y todo y cualquier otro instrumento y documento relacionado con los mismos serán descargados; disponiéndose, sin embargo, que no obstante cualquier cosa contenida en la presente que diga lo contrario, los Valores Existentes "Prioritarios" y "Primer Subordinado" y todo y cualquier otro instrumento y documento relacionado con los mismos seguirán en efecto únicamente (i) para que el Agente Pagador pueda efectuar cualquier distribución conforme a lo indicado en el Plan, y realizar cualesquier otras funciones administrativas u otras en relación con las mismas; (ii) permitir que los tenedores de las Reclamaciones de Bonos Permitidas reciban distribuciones en conformidad con los términos y disposiciones del Plan, (iii) para cualquier fideicomisario, agente, administrador de contrato, o entidad similar bajo todos los instrumentos y documentos relacionadas con los mismos, incluyendo BNYM, para que realicen funciones necesarias, incluyendo efectuar distribuciones, en conformidad con el Plan y gocen del beneficio de todos los derechos y protecciones y otras disposiciones de dichos instrumentos y documentos, según corresponda, y cualesquier otros acuerdos/contratos relacionadas, incluyendo, a título enunciativo pero no limitativo, el derecho al pago de las Reclamación de Fideicomisarios y Derechos de Fideicomisarios;

establecer los términos y condiciones aplicables a las partes de dichos documentos e instrumentos aparte de COFINA; (v) permitir que BNYM comparezca en el Caso Título III o cualquier otro procedimiento en el cual BNYM es, o se convierte en, parte con respecto a las cláusulas (i) a la (iv) arriba, según corresponda, o de otra forma en conexión con el rol de BYNM como Fideicomisario bajo la Resolución de Bonos; o (vi) según sea necesario para preservar las Reclamaciones bajo las póliza de Seguro respectivas por (1) los tenedor aplicables de Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") Permitidas (Ambac) que válidamente eligieron recibir Certificados Ambac, o (2) los tenedores aplicables de Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") Permitidas (National) que válidamente eligieron recibir Certificados National; y disponiéndose además, que BNYM no tendrá deberes o responsabilidades con respecto a cualesquier Valores Existentes que pudieran estar en manos de los Fideicomisos a partir de la Fecha de Entrada en Vigor y después del mismo.  Lo anterior no obstante, y con excepción de lo dispuesto expresamente de otra forma en el Plan, aquellos bonos o documentos de bonos que permanezcan en circulación no podrán formar el fundamento para cualesquier Reclamación contra COFINA o COFINA Reorganizada, según el caso.

### 19.7    Distribuciones No Entregables / Reservadas

(a)    **Tenencia de Distribuciones no Entregables por el Agente Pagador:** En caso que cualquier distribución a cualquier tenedor fuese devuelto al Agente Pagador, por motivo de no ser entregable, no se realizarán más distribuciones a dicho tenedor a menos y hasta que se haya notificado el domicilio entonces vigente de dicho tenedor, por escrito, al Agente Pagador.  Sujeto a los términos y la disposición de la Sección 19.7(b) de la presente, distribuciones no entregables permanecerán en manos del Agente Pagador hasta que la distribución sea entregable.  Toda Entidad que al fin de cuentas reciba Efectivo previamente no entregable, no tendrá derecho a percibir intereses u otras devengancias de cualquier índole.  Nada de lo que consta en el Plan podrá exigir que el Agente Pagador trate de ubicar al tenedor de cualquier Reclamación Permitida.

(b)    **No Reclamación de Distribuciones No Entregables:** En caso que (i) el Agente Pagador le envíe un cheque a un tenedor, con respecto a distribuciones, y dicho cheque no se canjea dentro de ciento veinte (120) días a partir de la fecha de emisión de dicho cheque, o (ii) cualquier otra forma de distribución a un tenedor no fuera entregable de otra forma, el Agente Pagador (o su agente debidamente autorizado) deberá, en o antes de la fecha que sea ciento ochenta (180) días a partir de (i) la Fecha de Entrada en Vigor, con respecto a todas las Reclamaciones Permitidas a la Fecha de Entrada en Vigor, y (ii) la fecha en que se efectúa una distribución con respecto a cualquier Reclamación Disputada que se convierte en una Reclamación Permitida después de la Fecha de Entrada en Vigor, radicará una lista con el Tribunal del Título III indicando los nombres de aquellas entidades a las cuales se han hecho distribuciones en conformidad con la presente, que no fueron canjeados, o que fueron devueltos por motivo de no ser entregables a la fecha de la presente.  A cualquier tenedor de una Reclamación Permitida en dicha lista que no se hubiera identificado y que ejerce sus derechos en conformidad con del Plan, para recibir una distribución dentro de seis (6) meses a partir de la fecha en que fue indicada en la lista, se le anulará su derecho a dicha distribución no entregable, y quedará prohibido en perpetuidad de reclamar cualquier derecho en conformidad con el Plan, contra COFINA Reorganizada, los Fideicomisarios, o sus respectivos profesionales, agentes, o propiedad, y cualquier (1) Efectivo en manos del Agente Pagador o del Fideicomisario con respecto a los Valores Existentes, según el caso, será liberado a COFINA Reorganizada, para ser usado para cubrir los gastos de explotación de COFINA Reorganizada,  y (2) Bonos COFINA en manos del Agente Pagador o Fideicomisario con respecto a los Valores Existentes, según el caso, serán liberados a COFINA Reorganizada, para ser cancelados o depositados en la caja de COFINA Reorganizada, según lo determine COFINA Reorganizada conforme a su discreción única y exclusiva.

19.8    **Requerimientos de Retención e Información:** Cualquier parte que emita cualquier instrumento o efectúe cualquier distribución bajo el Plan deberá cumplir con todos los requerimientos de retención e información requeridos por cualquier Autoridad Fiscal o legislación impositiva local, estatal, o federal de los Estados Unidos, y todas las distribuciones bajo el Plan estarán sujetas a dichos requerimientos de retención e información.  Lo anterior no obstante, todo tenedor de una Reclamación Permitida que ha de recibir una distribución bajo el Plan, tendrá responsabilidad única y exclusiva por cubrir y pagar cualesquier Contribuciones exigibles con respecto a dicho tenedor por cualquier entidad del gobierno, incluyendo obligaciones del impuesto sobre la renta, retenciones, y otros, por motivo de dicha distribución.  Cualquier parte que emita cualquier instrumento o efectúe cualquier distribución bajo el Plan tendrá el derecho, pero no la obligación, de no efectuar una distribución sino hasta que dicho tenedor haya hecho arreglos que le sean satisfactorios a dicha parte emisora o pagadora, y si cualquier parte que emite cualquier instrumento o hace cualquier distribución bajo el Plan incumple en realizar las retenciones de la distribución de dicho tenedor, y posteriormente se determine que debe responder por el monto de dicha retención, el tenedor deberá reembolsar a dicha parte.  El Agente Pagador podrá exigir al tenedor, como condición para recibir una distribución, que complete el Formulario W-8 o Formulario W-9, según corresponda para cada tenedor.  Si el tenedor no cumple con dicha solicitud dentro del plazo de un ano, dicha distribución será considerada una Distribución No Reclamada.

19.9    **Prescripción de los Pagos en Efectivo:** Los cheques emitidos por el Agente Pagador a cuenta de Reclamaciones Permitidas serán nulos e inválidos si no se canjean dentro de ciento veinte (120) días a partir de la fecha de emisión de los mismos.  Solicitudes para la reemisión de cualquier cheque deben ser presentadas directamente al Agente Pagador por el tenedor de la Reclamación Permitida con respecto al cual el cheque se giró originalmente.  Cualquier Reclamación en relación a un cheque anulado de dicha índole se deberá presentar para el día de o después del (i) primer (1º) aniversario de la Fecha de Entrada en Vigor, o (ii) noventa (90) días después de la fecha de emisión de dicho cheque, en caso de que dicho cheque represente una distribución final bajo la presente por motivo de dicha Reclamación.  Después de dicha fecha, toda Reclamación en relación con cheques invalidados quedará liberada y prohibida en perpetuidad, y el Agente Pagador retendrá todo dinero relacionado con los mismos para el propósito único de redistribución a los tenedores de las Reclamaciones Permitidas, en conformidad con los términos y disposiciones de la presente.

19.10    **Distribuciones después de la Fecha de Entrada en Vigor:** Distribuciones efectuadas después de la Fecha de Entrada en Vigor a los tenedores de Reclamación que no son Reclamaciones Permitidas a la Fecha de Entrada en Vigor, pero que posteriormente se convirtieron en Reclamaciones Permitidas, se considerarán efectuadas en conformidad con los términos y disposiciones del Artículo XIX del Plan.

19.11    **Compensaciones:** A menos que el Plan disponga otra cosa o en la Orden de Ratificación, el Agente Pagador podrá, en conformidad con la legislación aplicable de Quiebra o no de Quiebra, ser compensado contra cualquier Reclamación Permitida y las distribuciones a ser hechas en conformidad con el Plan por motivo de la misma (antes de que cualquier distribución sea efectuada por motivo de dicha Reclamación por el Agente Pagador), las Reclamaciones, derechos, y causas de acción de cualquier naturaleza que COFINA o COFINA Reorganizada, pudiera tener en contra del tenedor de dicha Reclamación Permitida; disponiéndose, sin embargo, que ni la omisión de realizar dicha compensación ni la admisión de cualquier Reclamación bajo la presente constituirá renuncia o exención alguna por parte de COFINA o COFINA Reorganizada de cualquiera de dichas Reclamaciones, derechos, y causas de acción que COFINA o COFINA Reorganizada pudiera poseer en contra de dicho tenedor; y disponiéndose además, que nada que se contiene en la presente tiene el propósito de limitar la habilidad de cualquier Acreedor de ejecutar derechos o compensación o recuperación preservados o permitidos en conformidad con las disposiciones de las secciones 553, 555, 559, o 560 del Código de Quiebra, o en conformidad con el derecho de recuperación bajo el derecho común; y, disponiéndose además, que nada en esta Sección 19.11 afectará las renuncias y medidas cautelares que se proveen en el Ambac XXX del Plan.

19.12    **Asignación de las Distribuciones del Plan entre Capital e Intereses:** En la medida

que cualquier Reclamación Permitida que tenga derecho a una distribución bajo el plan consistiera en endeudamiento y otros montos (como por ejemplo, intereses devengados sobre el mismo pero aún no pagados), dicha distribución será asignada primero al monto de capital de la Reclamación (según lo determinado para propósitos del impuesto sobre la renta federal), y luego, en la medida que la contraprestación exceda el monto de capital de la Reclamación, a dichos otros montos; disponiéndose, sin embargo, que el tratamiento que COFINA o COFINA Reorganizada le da a cualesquier distribuciones para sus propósitos fiscales no será vinculante para ningún acreedor, con respecto al tratamiento de dichas distribuciones para cualquier propósito regulatorio, fiscal, u otro.

19.13   **Pago de Honorarios y Gastos de Fideicomisario:** A no más tardar que dentro de cinco (5) días antes de la Fecha de Entrada en Vigor, BNYM deberá proporcionar resúmenes de facturación y documentación de soporte (sujeto a redacción para salvaguardar el secreto profesional entre abogado y cliente) a la Junta de Supervisión y AAFAF, de parte de COFINA, relacionado con todas las Reclamaciones de Fideicomisario incurridas pero no pagadas hasta dicha fecha, junto con una estimación de las Reclamaciones de Fideicomisario a ser incurridas a partir de dicha fecha y hasta la Fecha de Entrada en Vigor, inclusive.  Dentro de tres (3) Días laborables de la presente, COFINA deberá notificar a BNYM, por escrito, de cualquier controversia relacionada con la razonabilidad de cualquier porción de las Reclamaciones de Fideicomisario.  Cualquier porción de las Reclamaciones de Fideicomisario no disputada por COFINA será pagada por COFINA en la Fecha de Entrada en Vigor sin mayor trámite ante el Tribunal del Título III o necesidad de aprobación de la misma; disponiéndose, sin embargo, que ante la notificación de una disputa, BNYM (a) presentará una solicitud a el Tribunal del Título III solicitando una resolución de dicha disputa por el Tribunal del Título III, o (b) renunciará, por escrito, al pago de dicho monto en disputa; y, disponiéndose además, que al registrar una orden del Tribunal del Título III autorizando el pago de cualquier monto disputado, previa notificación y audiencia, y a menos que fuese suspendida de otra forma, COFINA pagará dicha porción permitida de dichas Reclamaciones de Fideicomisario.  En la medida que cualquier Reclamación de Fideicomisario se incurra a partir y después de la Fecha de Entrada en Vigor y no se relación ni con la Acción Ambac ni las Acciones Whitebox, COFINA Reorganizada será responsable y, previa la presentación de la documentación de soporte en forma y con sustancia satisfactoria a COFINA Reorganizada (sujeto a redacción para salvaguardar el secreto profesional entre abogado y cliente), deberá satisfacer dichas Reclamaciones de Fideicomisario posterior a la Fecha de Entrada en Vigor; disponiéndose, sin embargo, que bajo ninguna circunstancia responderá el Agente Pagador, COFINA, o COFINA Reorganizada por cualquier obligación de indemnización, costo, o gasto de BNYM asociada con la culpa grave, dolo, o conducta intencional indebida de BNYM al efectuar cualquier distribución en conformidad con el Plan.

# ARTÍCULO XX

## DERECHOS Y PODERES DEL AGENTE PAGADOR

20.1   **Exculpación:** A partir de la Fecha de Entrada en Vigor el Agente Pagador quedará descargado, por todas las Entidades, incluyendo, a título enunciativo pero no limitativo, tenedores de Reclamaciones y otras partes interesadas, frente y ante toda Reclamación, causa de acción, y otras declaraciones de responsabilidad generadas por la descarga de los poderes y deberes otorgados a dicho Agente Pagador por el Plan o cualquier orden del Tribunal del Título III registrado por motivo del Plan o para adelantar al mismo, o por el derecho aplicable, excepto por actuaciones u omisiones de actuar, generadas por la culpa grave o dolo de dicho Agente Pagador. Ningún tenedor de una Reclamación u otra parte interesada podrá tener o perseguir cualquier Reclamación o causa de acción contra el Agente Pagador por efectuar pagos en conformidad con el Plan o por implementar las disposiciones del Plan.

20.2     **Poderes del Agente Pagador:** A menos que se disponga de otra forma bajo la presente, el Agente Pagador estará facultado para (a) tomar todas las medidas y ejecutar todos los instrumentos y documento necesarios para ejecutar el Plan, (b) efectuar las distribuciones contempladas bajo el Plan, (c) cumplir con el Plan y las obligaciones bajo la misma, y (d) ejercer aquellos otros poderes que podrían ser conferidos al Agente Pagador en conformidad con la orden del Tribunal del Título III, en conformidad con el Plan, o en conformidad lo que el Agente Pagador determine sea necesario y apropiado para implementar las disposiciones del Plan.

20.3     **Honorarios y Gastos Incurridos a Partir de la Fecha de Entrada en Vigor:** Excepto en conformidad con lo que de otra forma ordene el Tribunal del Título III, el monto de cualesquier honorarios razonables y gastos incurridos por el Agente Pagador a partir de la Fecha de Entrada en Vigor y cualquier compensación razonable y reclamaciones para reintegro de gastos, incluyendo, a título enunciativo pero no limitativo, honorarios y gastos razonables de abogado, incurridos por el Agente Pagador, serán pagados en Efectivo sin necesidad de ninguna otra orden del Tribunal del Título III.

# ARTÍCULO XXI

# PROCEDIMIENTO PARA TRATAMIENTO DE RECLAMACIONES EN DISPUTA

21.1     **Objeciones a Reclamaciones; Enjuiciamiento de Reclamaciones en Disputa:** Excepto en relación con las Reclamaciones Permitidas, COFINA Reorganizada opondrá excepción (o sea, objetará), y asumirá cualquier objeción pendiente radicada por COFINA, contra la admisión de Reclamaciones radicadas con el Tribunal del Título III, con respecto a las cuales disputa la responsabilidad, prioridad, o monto, incluyendo, a título enunciativo pero no limitativo, objeciones a Reclamaciones que han sido asignadas y la afirmación de la doctrina de subordinación equitativa en relación con las mismas.  Toda objeción, defensa positiva, y reconvenciones serán litigadas hasta una Orden Definitiva; disponiéndose, sin embargo, que COFINA Reorganizada tendrá autoridad de radicar, resolver, comprometer, o retirar cualesquier excepciones a Reclamaciones, sin la aprobación del Tribunal del Título III.  A menos que el Tribunal del Título III ordene otra cosa, y en la medida que no haya sido desde ya objetada por COFINA, COFINA Reorganizada radicará y hará notificación judicial de la Reclamación  tan pronto sea practico, pero en cada instancia, a no más tardar que dentro de ciento veinte (120) días a partir de la Fecha de Entrada en Vigor, u otra fecha posterior aprobada por el Tribunal del Título III. No obstante cualquier otra cosa contraria contenida en el Plan, a la Fecha de Entrada en Vigor, cualquier Reclamación de Bonos radicada por cualquier Entidad, aparte de las Reclamaciones de Bonos por BNYM, en su calidad de Fideicomisario con respecto a los Valores Existentes, por montos debidos bajo los Valor, se considerará desestimada y expurgada y la Junta de Supervisión instruirá a Prime Clerk LLC, su representante judicialmente designado, a remover dichos Bonos COFINA del registro de Reclamaciones mantenido para el uso del Tribunal del Título III.

21.2     **Estimación de las Reclamaciones:** Excepto en relación con las Reclamaciones Permitidas, a la Fecha de Entrada en Vigor y posteriormente, y a menos que sea limitado de alguna otra manera por una orden del Tribunal del Título III, COFINA Reorganizada podrá en cualquier momento solicitar que el Tribunal del Título III elabore una estimación a efectos de la distribución definitiva de cualquier Reclamación Controvertida, no liquidada, o contingente, en conformidad con la Sección 502(c) del Código de Quiebra independientemente de que COFINA previamente hubiera objetado a dicha Reclamación o pretendido elaborar un estimado de la misma, y el Tribunal del Título III retendrá jurisdicción para considerar cualquier solicitud para estimar cualquier Reclamación en cualquier momento durante la litigación con respecto a cualquier objeción a cualquier Reclamación, incluyendo, sin limitación, durante la pendencia de cualquier apelación relacionada con dicha objeción.  A menos que una orden del Tribunal del Título III disponga otra cosa, en caso que el Tribunal del Título III realizara un estimado de cualquier Reclamación Disputada, no liquidada, o contingente, el monto estimado constituirá o bien el monto permitido de dicha Reclamación, o una limitación máxima de dicha Reclamación, según lo determinado por el Tribunal del Título III; disponiéndose, sin embargo, que si el estimado constituye la

limitación máxima sobre dicha Reclamación, COFINA Reorganizada podrá elegir perseguir procedimientos supletorios para objetar a cualquier admisión definitiva de dicha Reclamación; y disponiéndose además, que lo antedicho no pretende limitar los derechos otorgados por la sección 502(j) del Código de Quiebra. Todos los antedichos procedimiento de objeción, estimación, y resolución de reclamaciones son acumulados, y no necesariamente se excluyen mutuamente.

**21.3    Pagos y Distribuciones correspondientes a Reclamaciones en Disputa:**

(a)    **Reservación de Montos de Reclamaciones Disputadas:** A partir de la Fecha de Entrada en Vigor, y hasta que cada Reclamación Disputada haya sido comprometida y resuelta, estimada por el Tribunal del Título III en un monto admitido, o hasta que la Reclamación sea admitida o desestimada por Orden Definitiva del Tribunal del Título III, COFINA Reorganizada retendrá, pro beneficio de cada tenedor de una Reclamación Disputada, Efectivo de COFINA Disponible para Distribución, Efectivo Sección 103, Monto de Redondeo de Efectivo y Bonos COFINA, y, en la medida elegida por dicho tenedor, los certificados de Fideicomisario aplicables, y cualesquier dividendos, ganancias, o ingresos atribuibles en relación con cualquier de los anteriores, por un monto equivalente a la proporción prorrateada de Distribuciones que pudieran haber sido hechos al tenedor de dicha Reclamación Disputada,  si hubiese sido una Reclamación Permitida por un monto igual al que sea el menor entre (i) el monto liquidado que se establece en la evidencia de Reclamación radicada en relación con dicha Reclamación Disputada, (ii) el monto según el cual las Reclamaciones Disputadas serán estimadas por el Tribunal del Título III en conformidad con Sección 502 del Código de Quiebra constituye y representa el monto máximo por el cual dicha Reclamación al fin de cuentas podría convertirse en una Reclamación Permitida, y (iii) cualquier otro monto que podría ser acordado por el tenedor de dicha Reclamación Disputada y COFINA Reorganizada; disponiéndose, sin embargo, que la recuperación por cualquier tenedor de una Reclamación Disputada no deberá exceder lo que sea menos entre (i), (ii) y (iii) arriba. Cualquier Efectivo de COFINA Disponible para Distribución, Efectivo Sección 103, Monto de Redondeo de Efectivo y Bonos COFINA retenidos y conservados por beneficio de un tenedor de una Reclamación Disputada será tratado como un pago y reducción a cuenta de dicha Reclamación Disputada para propósitos de calcular cualesquier montos adicionales a ser pagados en Efectivo, distribuido en Bonos COFINA en caso que la Reclamación Disputada al fin de cuentas se convierta en una Reclamación Permitida. Dicho Efectivo y cualesquier dividendos, ganancias, o ingresos pagados a cuenta de los Bonos COFINA (en caso de haberlos) retenidos pro beneficio de los tenedores de las Reclamaciones Disputadas, serán retenidos por COFINA Reorganizada pro beneficio de dichos tenedores, mientras queda pendiente una determinación de su derecho a las mismas en conformidad con los términos del Plan.  En la medida que COFINA Reorganizada retiene Bonos COFINA de parte de los tenedores de Reclamaciones Disputadas, hasta el momento en que se distribuyan dichos Bonos COFINA, COFINA Reorganizada ejercerá los derechos de votación o consentimiento en relación con dichos bonos.

(b)    **Admisión de Reclamaciones Disputadas:** En el momento que una Reclamación Disputada se convierta, sea en su totalidad o en parte, en una Reclamación Permitida, COFINA Reorganizada distribuirá a los tenedores de la presente las distribuciones, en caso de haberlas, a las cuales dicho tenedor en tal caso tiene derecho bajo el Plan, junto con cualesquier ganancias devengadas sobre el monto del Efectivo de COFINA Disponible para Distribución, Efectivo Sección 103, Monto de Redondeo de Efectivo y Bonos COFINA retenidos de la forma (neto de cualesquier gastos, incluyendo cualesquier contribuciones relacionados con los mismos), pero únicamente en la medida que dichas ganancias son atribuibles al monto de la Reclamación Permitida.  Dicha distribución, en caso de haberla, deberá ser efectuada tan pronto sea practicable después de la fecha en que la orden o sentencia del Tribunal del Título III que permite dicha Reclamación Disputada se convierta en una Orden Definitiva, pero en ningún caso más de noventa (90) días después de la misma.  El saldo de cualquier Efectivo de COFINA Disponible para Distribución, Efectivo Sección 103, Monto de Redondeo de Efectivo y Bonos COFINA previamente retenido pero no distribuido a un tenedor de una Reclamación disputada será incluida en distribuciones futuras con respecto a los Bonos COFINA.

21.4    **Facultades para Modificar la Lista de Acreedores:** Excepto en relación con los Bonos COFINA, COFINA estará facultada para modificar la Lista de Acreedores con respecto a cualquier

Reclamación y de hacer distribuciones en base a dicha Lista de Acreedores modificada sin la aprobación del Tribunal del Título III.  Si cualquier modificación de dicha índole de Lista de Acreedores reduce el monto de una Reclamación o cambia la naturaleza o prioridad de una Reclamación, COFINA le notificará dicha modificación al tenedor de dicha Reclamación y dicho tenedor tendrá veinte (20) días para radicar una objeción a dicha modificación con el Tribunal del Título III.  En caso que no se radicará dicha objeción, el Agente Pagador podrá proceder con las distribuciones en base a dicha Lista de Acreedores modificada sin la aprobación del Tribunal del Título III.

21.5     **No Devengo de Intereses:** A menos que específicamente se disponga otra cosa en la presente, o conforme a una orden del Tribunal del Título III, no se devengarán ni se pagarán intereses post-petición sobre las Reclamaciones, ya sean Permitidas o de cualquier otra índole, y ningún tenedor de una Reclamación, ya sea permitida o de cualquier otra índole, tendrá derecho a devengar intereses a partir de la Fecha de la Petición, sobre cualquier Reclamación o derecho.  Adicionalmente, y sin que se límite lo anterior, no se devengarán intereses ni se pagarán sobre cualquier Reclamación Disputada con respeto al periodo a partir de la Fecha de Entrada en Vigor hasta la fecha en que se realice una distribución definitiva a cuenta de dicha Reclamación Disputada, en el supuesto de que dicha Reclamación Disputada se convierta en una Reclamación Permitida.

21.6     **Desestimación de Reclamaciones:** Toda Reclamación de cualquier Entidad de la cual COFINA pretende obtener bienes bajo las Secciones 550 ó 553 del Código de Quiebra, o que COFINA alegue es adquiriente de una transferencia evitable bajo las secciones 544, 545, 547, 548, ó 549 del Código de Quiebra, será desestimada en caso que: (a) la Entidad, por una parte, y COFINA, por la otra, acuerden, o que el Tribunal del Título III hubiera determinado mediante una orden Definitiva, que dicha Entidad o adquiriente deberá responder por la entrega de cualesquier bienes o dinero bajo cualquiera de las antedichas secciones del Código de Quiebra; y (b) que dicha Entidad o adquiriente hubiera incumplido en entregar dichos bienes para la fecha que consta en dicho acuerdo/contrato u Orden Definitiva.

## ARTÍCULO XXII
## ACEPTACIÓN O RECHAZO DEL PLAN, EFECTO DE RECHAZO POR UNA O MÁS CLASES DE RECLAMACIONES

22.1     **Clases Afectadas con Derecho a Votar:** Excepto en conformidad con lo que se dispone de otra forma en conformidad con la Orden de Declaración de Divulgación, cada tenedor, a la fecha de registro de votación establecido en la Orden de Declaración de Divulgación, de una Reclamación en una Clase Afectada que de otro modo no se considera haya rechazado o aceptado el Plan, tendrá derecho a votar por separado para aceptar o rechazar el Plan.

22.2     **Aceptación por Clase de Acreedores**: Una Clase Afectada de tenedores de Reclamaciones habrá aceptado el Plan si el Plan es aceptado por cuando menos dos tercios (2/3) del valor en dólares y más de la mitad (1/2) en número de las Reclamaciones Permitidas de dicha Clase que votaron positivamente para aceptar o rechazar el Plan.

22.3     **Imposición de Plan Concursal por el Tribunal:** En caso que cualquier Clase Afectada no acepte, o se considere que no haya aceptado, el Plan en conformidad con la sección 1129(a) del Código de Quiebra, la Junta de Supervisión, se reserva el derecho de solicitar que el Tribunal del Título

III ratifique el Plan en conformidad con la sección 1129(b) del Código de Quiebra.

## ARTÍCULO XXIII

### IDENTIFICACIÓN DE RECLAMACIONES AFECTADAS POR EL PLAN Y NO AFECTADAS POR EL PLAN

23.1     **Clases Afectadas:** Las <u>Reclamaciones</u> en las Clases del 1 al 10 son afectadas bajo el Plan.

23.2     **Votación por Clases Afectadas:** Las Reclamaciones en las Clases 1 al 9 son afectadas y reciben distribuciones en conformidad con el Plan, y por consiguiente tienen derecho a votar para aceptar o rechazar el Plan; <u>disponiéndose, sin embargo,</u> que, en base a las elecciones escogidas en el formulario de Votación/Elección, se considera que las Clases 4 y 7 ya han aceptado el Plan.  Las Reclamaciones en la Clase 10 son afectadas y no reciben una distribución en conformidad con el Plan, y por consiguiente, se considera que la Clase 10 ha rechazado el Plan.

## ARTÍCULO XXIV

### CONDICIONES PRECEDENTES PARA LA RATIFICACIÓN DEL PLAN

24.1     **Condiciones Precedentes para la Ratificación del Plan:** La Ratificación del Plan está sujeta a la satisfacción de las siguientes condiciones precedentes:

(a)     **Certificación del Plan Fiscal:** La Junta de Supervisión deberá haber determinado que el Plan es congruente con el Plan Fiscal de COFINA, y deberá haber certificado la presentación del Plan, y cualesquier modificaciones del Plan, hasta la Fecha de Ratificación, en conformidad con las Secciones 104(j) y 313 de PROMESA.

(b)     **Órdenes Requeridas:** El Secretario del Tribunal del Título III deberá haber registrado una orden u órdenes (incluyendo, a título enunciativo pero no limitativo, la Orden de Declaración de Divulgación, la Orden de Ratificación, y la Orden de Resolución, disponiendo lo siguiente:

(i)     Aprobación de la Declaración de Divulgación, en virtud de contener "suficiente información" en conformidad con la Sección 1125 del Código de Quiebra;

(ii)     Autorización de la solicitación de votos y elecciones con respecto al Plan;

(iii)     Determinación de que todas las votaciones o elecciones o las consideradas como elecciones son vinculantes, y que fueron tabuladas correctamente;

(iv)     Ratificación y efectividad de los términos y disposiciones del Plan, incluyendo las renuncias que se establecen el Artículo XXX del Plan;

(v)     Aprobación del Acuerdo de Conciliación, en conformidad con sus términos, incluyendo, a título enunciativo pero no limitativo, las renuncias de los Agentes y sus respectivos representantes, profesionales, y asesores;

(vi)     Determinación que todos los criterios, estándares, y deberes en conexión con el Plan han sido satisfechos debidamente y cumplidos por la Junta de Supervisión, COFINA y el Plan;

104749481v5

(vii) Aprobación de los documentos en el Suplemento del Plan, aparte de la Legislación sobre Bonos Nuevos (en la medida incluida en el Suplemento del Plan) y los Estatutos Sociales de COFINA Reorganizada;

(viii) Autorización de COFINA Reorganizada a firmar, celebrar, y entregar los documentos en el Suplemento del Plan, y ejecutar, implementar, y tomar cualesquier acciones de otra índole necesarias o apropiadas para darle efecto a las transacciones contempladas por el Plan, los documentos en el Suplemento del Plan, y el Acuerdo de Conciliación;

(ix) Determinación de que los compromisos y resoluciones que constan en Acuerdo de Conciliación y en el Plan son apropiados, razonables, y aprobados; y

(x) Aceleración considerada de los Valores Existentes en la Fecha de Entrada en Vigor(i) en conexión con el tratamiento de las Reclamaciones de Bonos COFINA Subordinados (Assured) y (ii) en caso que así lo solicite Ambac y/o National previo al inicio de la Vista sobre la Declaración de Divulgación, en conexión con las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior")(Ambac) y la Elección National, respectivamente; disponiéndose, sin embargo, que la consideración de aceleración no afectará, ni será interpretada de forma que afecte, cualquier cosa en relación con la existencia de un "incumplimiento" o "evento de incumplimiento" en relación con los Valores Existentes pendientes previos a la Fecha de Entrada en Vigor.

(c)      **Forma de las Órdenes:** La Orden de Ratificación, Orden de Resolución, y el Plan todos conforman con la forma y sustancia razonablemente aceptable para la Junta de Supervisión, AAFAF, COFINA, los Acreedores PSA, y Bonistas.

(d)      **Orden de Ratificación:** La Orden de Ratificación incluye (i) determinaciones de que todas las resoluciones y los compromisos contenidos en el Plan y en el Acuerdo de Conciliación satisfacen las normas aplicables bajo las Secciones 365, 1123(b)(3) y 1129 del Código de Quiebra y la Regla de Quiebra 9019, en la medida correspondiente, (ii) las renuncias, exoneraciones, y medidas cautelares que constan en el Artículo XXX del Plan y (iii) las disposiciones que constan en la Sección 25.1(c)de la presente.

24.2      **Dispensa de las Condiciones Precedentespara la Ratificación:** En la medida que sea práctico y legalmente permisible, la Junta de Supervisión podrá dispensar cada una de las condiciones suspensivas en la Sección 24.1 de la presente, en su totalidad o en parte, sujeto al consentimiento previo por escrito de AAFAF, COFINA, los Acreedores PSA y Bonistas; dicho consentimiento no será denegado sin justificación.  Cualquier renuncia de una condición suspensiva podrá efectuarse en cualquier momento, radicando una notificación de la presente con el Tribunal del Título III, firmada por la Junta de Supervisión.

# ARTÍCULO XXV

## CONDICIONES PRECEDENTES PARA LA FECHA DE ENTRADA EN VIGOR

25.1    **Condiciones Precedentes para la Fecha de Entrada en Vigor.**  La ocurrencia de la
Fecha de Entrada en Vigor y la consumación del Plan quedan sujetos a la satisfacción de las siguientes
condiciones precedentess:

(a)    **Satisfacción de Determinadas Condiciones del Acuerdo de Conciliación**: La
satisfacción de las "Condiciones para la Fecha de Entrada en Vigor" que constan en la Sección 4 del
Acuerdo de Conciliación.

(b)    **Certificación del Plan Fiscal**: La Junta de Supervisión habrá determinado que
el Plan es congruente con el Plan Fiscal de COFINA y habrá certificado la presentación del Plan, así
como cualquier modificación al Plan hasta la Fecha de Ratificación, en conformidad con las Secciones
104(j) y 313 de PROMESA.

(c)    **Registro de la Orden de Ratificación**: El Secretario del Tribunal del Título III
habrá registrado la Orden de Ratificación en conformidad con la Sección 314 de PROMESA y la Sección
1129 del Código de Quiebra, hecho aplicables al Caso Título III en conformidad con Sección 301 de
PROMESA, lo cual será de forma y sustancia razonablemente aceptable a la Junta de Supervisión,
AAFAF, COFINA, los Acreedores PSA y Bonistas, y la Orden de Ratificación dispondrá lo siguiente:

(i)    Autorizará a COFINA y COFINA Reorganizada, según el caso, a tomar todas
las acciones necesarias para celebrar, implementar, y perfeccionar los contratos, instrumentos,
descargos, arriendos, escrituras, y otros acuerdos o documentos creados en conexión con el Plan;

(ii)    Decretará que las disposiciones de la Orden de Ratificación y del Plan no son
disposiciones independientes ni separables, y que son mutuante interdependientes;

(iii)    Autorizará a COFINA y COFINA Reorganizada, según el caso, a (1) efectuar
todas las distribuciones y emisiones requeridas bajo el Plan, y (2) a celebrar cualquier
contrato/acuerdo y transacción, en conformidad con el Suplemento del Plan;

(iv)    Autorizará la implementación del Plan en conformidad con sus términos.

(v)    Los Bonos COFINA y pactos de COFINA, COFINA Reorganizada, y el Estado
Libre Asociado, según corresponda, pro beneficio de los tenedores de Bonos COFINA y Bonos de
Paridad COFINA (incluyendo el Impuesto de Ventas, la no-afectación, sustitución de garantías, y
pactos de exención de impuestos en conformidad con el Artículo XVI de la presente), según lo
dispuesto en la Legislación de Bonos Nuevos y la Escritura de Emisión de Bonos, constituirán
obligaciones válidas, vinculantes, legales, y ejecutables de COFINA, COFINA Reorganizada y el
Estado Libre Asociado, según corresponda, bajo las leyes de Puerto Rico y federales, y la Porción de
COFINA (y cualquier sustitución de Garantías Nuevas en conformidad con los términos y
condiciones que se disponen en la presente) son propiedad de COFINA Reorganizada, libres de todo
gravamen, reclamación, derechos de retención, y otros intereses de los acreedores de COFINA,
COFINA Reorganizada, el Estado Libre Asociado, o cualquier organismo del Estado Libre Asociado,
aparte de gravámenes y reclamaciones concedidas a los tenedores de Bonos COFINA bajo el Plan y
la Orden de Ratificación, no serán "recursos disponibles" o "ingresos disponibles" del Gobierno de
Puerto Rico, en conformidad con lo expresado en la Sección 8 del Artículo VI, o usado de otra
manera en la Constitución de Puerto Rico (independientemente de que su interpretación utilizando la
versión en Español o Inglés de la Constitución de Puerto Rico);

(vi)  En conformidad con la Legislación de Bonos Nuevos, los Bonos COFINA y Bonos de Paridad COFINA han sido otorgados, y están garantizados por un gravamen de primer rango estatutario, según lo descrito en la Sección 16.2 de la presente; y dicho Gravamen seguirá en pleno vigor y efecto hasta que los Bonos COFINA y Bonos de Paridad COFINA hayan sido amortizados o satisfechos integralmente en conformidad con sus términos.

(vii)  El gravamen estatutario sobre las Contribuciones Pignoradas COFINA, en conformidad con lo dispuesto en Legislación de Bonos Nuevos, según corresponda, y todas las demás disposiciones hechas para pagar o garantizar el pago de los Bonos COFINA y Bonos de Paridad COFINA son válidos, vinculantes, legales, y ejecutables; incluyendo, a título enunciativo pero no limitativo, pactos de no-afectación de dichos bienes, mantener las exenciones fiscales disponibles, y disponer las condiciones con respecto a la sustitución de Nuevas Garantías (incluyendo, a título enunciativo pero no limitativo, el gravamen estatutario sobre la misma), en calidad de protección adecuada de los derechos de propiedad conferidos bajo el Plan y la Orden de Ratificación;

(viii)Se ha promulgado la Legislación de Bonos Nuevos para modificar (o bien para revocar y sustituir) la legislación sobre COFINA existente, para, entre otras cosas, (i) establecer la junta directiva independiente mencionada en la Sección 28.3 de la presente, (ii) permitir que el Impuesto de Ventas, la exención fiscal, sustitución de Garantías Nuevas, y disposiciones de no-afectación mencionadas en la presente, y (iii) otorgar aquellas otras autorizaciones, en caso que las hubiere, que podrían ser requeridas para implementar lo contemplado en la presente, incluyendo, a título enunciativo pero no limitativo, (a) una determinación que el Tramo de COFINA es propiedad de COFINA en conformidad con el derecho aplicable, (b) el otorgamiento de un Gravamen estatutario sobre el Tramo de COFINA para garantizar las obligaciones de pago con respecto a los Bonos COFINA y Bonos de Paridad COFINA, sea en su totalidad o en parte, o de otra forma en conformidad con la Prueba de Bonos Adicionales, (c) informe fideicomisario mejorado, (d) eventos de incumplimiento y la imposición de determinadas medidas en caso de incumplimiento, (e) presentación de cualquier disputa bajo la Escritura de Emisión de Bonos a la jurisdicción del Tribunal del Título III, y (f) cualesquier otros términos, condiciones, y pactos, para bonos municipales similarmente estructurados y soportados, que sean aceptable a los Acreedores PSA. En la medida que sea aplicable, los antedichos términos y aquellos otros términos que se podrán acordar serán incluidos en la New Escritura de Bonos;

(ix)  La transferencia del Tramo de COFINA (y cualquier sustitución de Garantías Nuevas, en conformidad con los términos y condiciones que se disponen en la presente) en conformidad con el Plan son apropiados y vinculantes y específicamente ejecutables contra COFINA Reorganizada y el Estado Libre Asociado, sus acreedores respectivos, y todas las partes interesadas en conformidad con el Plan, incluyendo, a título enunciativo pero no limitativo, por motivo de que la transferencia del Tramo de COFINA hubiese creado una COFINA Reorganizada con un interés propietario en dichos bienes (y cualquier sustitución de Garantías Nuevas en conformidad con los términos y condiciones que se disponen en la presente) y son una disposición válida para pagar o garantizar el pago de los Bonos COFINA;

(x)  La aceleración declarada de los Valores Existentes en la Fecha de Entrada en Vigor(i) en conexión con el tratamiento de las Reclamaciones de Bonos COFINA Subordinados (Assured) y (ii) en caso que así lo solicite Ambac y/o National antes del inicio de la Vista sobre la Declaración de Divulgación, en conexión con las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (Ambac) y la Elección National, respectivamente; disponiéndose, sin embargo que dicha, aceleración declarada no afectará, ni será interpretada de forma que afecte, cualquier materia con respecto a la existencia de un "incumplimiento" o "evento de incumplimiento" con respecto a los Valores Existentes que estaban pendientes previo a la Fecha de Entrada en Vigor;

(xi)  La Orden de Ratificación es integral, definitiva, completa, concluyente, y vinculante, y no será sujeta a ninguna impugnación de garantías ni otra impugnación ante cualquier tribual u otro foro, para (1) COFINA, (2) COFINA Reorganizada, (3) el Estado Libre Asociado, (4) toda persona o entidad que alegue Reclamaciones u otros derechos contra COFINA, el Estado Libre Asociado o cualquier otro de sus organismos, incluyendo todo tenedor de una Reclamación de Bonos, y todo tenedor de un interés beneficiario (sea directamente o indirectamente, en calidad de titular, agente, contraparte, subrogado, asegurador, o de otra manera) en relación con los bonos emitidos por COFINA, el Estado Libre Asociado, o cualquier otra de sus organismos o con respecto a cualquier fideicomisario, cualquier agente de garantía, cualquier fideicomisario de escritura, cualquier agente fiscal, y cualquier banco que reciba o sostenga fondos relacionados con dichos bonos, independientemente de que dicha Reclamación o los derechos de dicha persona o entidad fuesen afectadas en conformidad con el Plan, y en caso que fuesen afectadas, independientemente de que si dicha persona o entidad hubiese aceptado o no aceptado el Plan, (5) cualquier otra Persona o Entidad, y (6) cada uno de los respectivos herederos, sucesores, cesionarios, fideicomisarios, albaceas, administradores, oficiales/funcionarios, directores, agentes, representantes, abogados, beneficiarios, o tutores; y

(xii) El Plan es congruente con el Plan Fiscal COFINA y satisface la Sección 314(b)(7) de PROMESA.

(d)  **No Recursos Cautelares:** La Orden de Ratificación será efectiva y no se podrá suspender en ningún respecto.

(e)  **Autorizaciones:** Toda (1) autorización, aprobación regulatoria, sentencia, o documento, en su caso, que sean necesarios para implementar y dar pleno vigor y realizar el Plan, incluyendo, a título enunciativo pero no limitativo, la Legislación de Bonos Nuevos, han sido obtenidos o promulgados y no revocados, y (2) excepto en la medida que se dispone expresamente en la presente, y que no sea incongruente con cualquier otra disposición del Plan, a menos que de otra forma sea requerida o permitida por PROMESA o autoridad similar, la compleción de cualquier otra acción legislativa o gubernamental requerida para perfeccionar el Plan, incluyendo, a título enunciativo pero no limitativo, órdenes judiciales y legislación del Estado Libre Asociado, en su caso, requeridos para (i) asegurar que las obligaciones de pago de COFINA no podrán futuramente ser modificadas o alteradas sin el consentimiento de los tenedores requeridos de Bonos COFINA, conforme a lo establecido en una Escritura de Emisión de Bonos, (ii) asegurar la validez, ejecutabilidad, gravámenes, y rango prioritario de las obligaciones de COFINA contempladas por el Plan, y (iii) excepto en conformidad con lo permitido de otra forma en conexión con la sustitución de garantías, para asegurar que los Impuestos Pignorados COFINA no serán modificados ni alterados antes de la satisfacción de las obligaciones de COFINA bajo la presente.

(f)  **Firma de Documentos: Otras Acciones:** Todas las acciones y contratos, instrumentos, acuerdos, renuncias, y otros acuerdos o documentos, incluyendo Documentos Definitivos, necesarios para implementar los términos y disposiciones del Plan, incluyendo los Documentos Definitivos, hayan sido efectuados o celebrados y entregados, de forma y sustancia razonablemente satisfactoria a las Partes del Gobierno, los Acreedores PSA y Bonistas, y están en pleno vigor y efecto.

104749481v5

(g)    **Dictámenes:** Los dictámenes legales usuales y acostumbrados para emisiones de tipo similar a los Bonos COFINA, por asesores legales externos a COFINA, cubriendo materias que no han sido abordadas explícitamente en la Orden de Ratificación, y de forma y sustancia razonablemente aceptable a los Acreedores PSA, habrán sido entregados al fideicomisario correspondiente u otras partes con respecto a los Documentos Definitivos y el Plan.

25.2    **Dispensa de las condiciones precedentes:** Sujeto a las disposiciones del Acuerdo de Apoyo al Plan, la Junta de Supervisión podrá renunciar a cualquiera de las condiciones a la Fecha de Entrada en Vigor que consta en la Sección 25.1 de la presente en cualquier momento, y sin notificación previa de cualquier índole a cualesquier otras partes interesadas, excepto los Acreedores PSA y Bonistas, y sin notificación adicional, o acción, orden, o aprobación del Tribunal del Título III, y sin acción formal alguna aparte de proceder a la ratificación y consumación del Plan.

25.3    **Efecto de la no Materialización de las Condiciones para la Fecha de Entrada en Vigor:** En caso que previo a la Fecha de Entrada en Vigor, la Orden de Ratificación se anula en conformidad con una Orden Definitiva, en tal caso, con la excepción de lo dispuesto por cualquier orden del Tribunal del Título III anulando la Orden de Ratificación, el Plan será nulo e inválido en todo respecto, y nada de lo que se contiene en el Plan o la Declaración de Divulgación: (a) constituirá un descargo o renuncia de cualquier Reclamación, o Causa de Acción; (b) perjudicará, de cualquier modo, los derechos de COFINA, la Junta de Supervisión, o cualquier otra Entidad; o (c) constituirá una admisión, reconocimiento, oferta, o emprendimiento de cualquier índole por COFINA, la Junta de Supervisión, o cualquier otra entidad.

# ARTÍCULO XXVI

## ENJUICIAMIENTO Y EXTINCIÓN DE RECLAMACIONES TENIDAS POR COFINA

26.1    **Enjuiciamiento de Reclamaciones:** Excepto en conformidad con lo resuelto y renunciado en la presente, a partir de la Fecha de Entrada en Vigor, COFINA Reorganizada tendrá el derecho y poder exclusivo de litigar cualquier Reclamación de Causa de Acción que hubiese constituido un Activo de COFINA, incluyendo, a título enunciativo pero no limitativo, cualquier Acción de Cancelación de deudas, así como cualquier otra Causa de Acción, derecho a pagos, o Reclamación que pudiera estar pendiente a la Fecha de Entrada en Vigor o haber sido instituida por COFINA o COFINA Reorganizada posteriormente, a una Orden Definitiva, y podrá transigir y resolver dichas reclamaciones, sin la aprobación del Tribunal del Título III.

# ARTÍCULO XXVII

## MODIFICACIÓN, REVOCACIÓN, O DESISTIMIENTO DEL PLAN

**27.1**    **Modificación del Plan:** Sujeto a las (a) Secciones 104(j) y 313 de PROMESA y Secciones 942 y 1127(d) del Código de Quiebra, aplicables al Caso Título III en conformidad con la Sección 301 de PROMESA, y (b) los términos y disposiciones del términos y disposiciones del Acuerdo de Apoyo al Plan, la Junta de Supervisión podrá alterar, enmendar, o modificar el Plan o los Anexos en cualquier momento previo a, o después de, la Fecha de Ratificación, pero antes de la Fecha de Entrada en Vigor.  Se considerará que el tenedor de una Reclamación que haya aceptado el Plan lo habrá aceptado según alterado, enmendado, o modificado, siempre y cuando la alteración, enmienda, o modificación no cambie de forma material o adversa el tratamiento de la Reclamación de dicho Tenedor.

**27.2**    **Revocación o Desistimiento:**

(a)      Sujeto a los términos y disposiciones del Acuerdo de Apoyo al Plan, se podrá revocar o retirar el Plan antes de la Fecha de Ratificación por la Junta de Supervisión.

(b)      Si se produce la revocación o desistimiento del Plan antes de la Fecha de Ratificación, o si el Plan no entra en vigor por cualquier motivo, el Plan será considerado nulo e inválido. En tal caso, nada de lo que se contiene en la presente se considerará como haber constituido una renuncia o descargo de cualquier Reclamación por COFINA o cualquier otra Entidad, o como haber perjudicado de cualquier modo los derechos de COFINA o cualquier otra Entidad en cualquier otro procedimiento que involucre a COFINA.

**27.3      Enmienda de los Documentos del Plan:** A partir de la Fecha de Entrada en Vigor, la facultad de enmendar, modificar, o suplementar el Suplemento del Plan, los Anexos del Suplemento del Plan, y los Anexos del Plan, y cualquier documento adjunto a cualquiera de los anteriores, será en conformidad con lo que se provee en dicho Suplemento del Plan, Anexo al Suplemento del Plan, o Anexo al Plan y sus anexos respectivos, según el caso.

**27.4      No Admisión de Responsabilidad Legal:**

(a)      La presentación de este Plan no tiene el propósito, ni será interpretada, como admisión o evidencia de cualquier índole, en cualquier reclamación, acción, procedimiento, o disputa, sea pendiente o subsiguiente, de cualquier responsabilidad legal, acto indebido, u obligación de cualquier índole (incluyendo con respecto a los méritos de cualquier reclamación o defensa) por cualquier Entidad con respecto a cualquiera de las materias que se abordan en este Plan.

(b)      Nada en este Plan (incluyendo, sin limitación, los Anexos de la misma) o cualquier resolución ingresada, acto consumado, o documento firmado en conexión con este Plan: (i) es, ni podrá ser interpretado, como una admisión o evidencia de la validez de cualquier reclamación, o cualquier alegato hecho en cualquiera de las Acciones Relacionadas, o de cualquier acto indebido o responsabilidad por cualquier Entidad; (ii) es, ni podrá ser interpretado, ni podrá ser utilizado, como una admisión o evidencia de cualquier responsabilidad, falta, u omisión de cualquier Entidad en cualquier procedimiento civil, penal, o administrativo, ante cualquier tribunal, agencia administrativa, u otro tribunal; (iii) es, ni podrá ser interpretado, o utilizado como una admisión o como evidencia en contra de COFINA Reorganizada, COFINA, o cualquier otra Persona o Entidad con respecto a la validez de cualquier Reclamación.  Nada en este Plan, o cualquier resolución registrada, acto consumado, o documento firmado en conexión con este Plan será admisible en cualquier procedimiento para cualquier propósito, excepto para llevar a cabo los términos de este Plan, y con la excepción de que, una vez ratificado el Plan, cualquier Entidad podrá radicarlo en cualquier acción para cualquier propósito, incluyendo, a título enunciativo pero no limitativo, en apoyo de una defensa o contrademanda en base a los preceptos de *res judicata*, preclusión de relitigio de garantías, resolución de buena fe, prohibición de sentencia, o reducción, o cualquier otra hipótesis de preclusión de Reclamaciones o preclusión de materias o defensa similar en contrademanda.

## ARTÍCULO XXVIII

## GOBERNACIÓN CORPORATIVA
## Y ADMINISTRACIÓN DE COFINA REORGANIZADA

**28.1      Actuación Corporativa:** En la Fecha de Entrada en Vigor, cualquier dispuesta bajo este Plan que podría de otra manera requerir la autorización de los directores de COFINA o COFINA Reorganizada, incluyendo, a título enunciativo pero no limitativo, facultades para emitir o causar que se emitan los Bonos COFINA, facultades para celebrar los Documentos Definitivos, la adopción de los Estatutos Sociales de COFINA Reorganizada, y la elección o nombramiento, según el caso, de los directores y oficiales de COFINA Reorganizada en conformidad con el Plan, según corresponda, se autorizará y aprobará en todo respeto, en cada caso, en conformidad con la Legislación de Bonos Nuevos y los nuevos documentos de gobernación corporativa, según corresponda, y sin necesidad de mayor acción por cualquier Persona o Entidad bajo cualquier otro derecho aplicable, reglamento, orden, o regla.

Se considerará que se han producido y que se han autorizado las otras materias que se disponen bajo el Plan, que involucran la estructura corporativa de COFINA Reorganizada o acción corporativa por COFINA Reorganizada, según corresponda, y que están en efecto en conformidad con la Legislación de Bonos Nuevos y los nuevos documentos de gobernación corporativa, según corresponda, y sin requerimiento de mayor acción por cualquier Persona o Entidad bajo cualquier otra ley aplicable, reglamento, orden, o regla.  Sin limitar de cualquier forma lo anterior, a partir de la Fecha de Ratificación, COFINA y COFINA Reorganizada deberán tomar toda y cualquier acción que consideren conveniente para perfeccionar las transacciones que se contemplan en la presente en conformidad con la Legislación de Bonos Nuevos y los nuevos documentos de gobernación corporativa, según corresponda.

28.2     **Modificación de los Estatutos Sociales:** Los estatutos sociales de COFINA Reorganizada estarán enmendados a la Fecha de Entrada en Vigor, de tal forma que se haya dispuesto sustantivamente lo que consta en los Estatutos Sociales de COFINA Reorganizada.

28.3     **Directores de COFINA Reorganizada:** En la Fecha de Entrada en Vigor, y en conformidad con los términos y disposiciones de la Sección 25.1(c) de la presente, los Estatutos Sociales de COFINA Reorganizada dispondrán que la junta directiva de COFINA Reorganizada consistirá de tres (3) personas designadas por el Gobernador del Estado Libre Asociado, todos los cuales deberán reunir los criterios de independencia y calificación que constan en los Documentos Definitivos, incluyendo, a título enunciativo pero no limitativo, que el director independiente no puede ser funcionario, empleado, o director del gobierno de Puerto Rico o ningún organismo del mismo (aparte de COFINA), debe tener experiencia ejecutiva en finanzas o relacionada con valores similares a los Bonos COFINA, y que de otra manera deberá estar cualificado para servir en la junta directiva.  Los directores iniciales deben ser divulgados antes de la Vista de Ratificación.  En caso que, durante el periodo entre la Vista de Ratificación hasta la Fecha de Entrada en Vigor inclusive, las circunstancias requieran la sustitución de una (1) o más personas seleccionadas para servir en las juntas directivas de COFINA Reorganizada, el Gobernador del Estado Libre Asociado escogerá un sustituto congruente con los estándares de independencia y las calificaciones indicadas arriba, y COFINA radicará notificación de la misma con el Tribunal del Título III, y para propósitos de la Sección 1129 del Código de Quiebra, y se considerará que cualquiera de dichas personas sustitutas, designadas en conformidad con los requerimientos de la oración inmediatamente precedente, ha sido seleccionada y su nombramiento divulgado antes de la Vista de Ratificación.  Lo anterior no obstante, (a) los tenedores de las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior"), Ambac y National (en consulta con los tenedores de Reclamaciones de Bonos COFINA Subordinados y Assured) podrán colectivamente presentar hasta tres (3) recomendaciones para ser considerados por el Gobernador, con respecto al nombramiento inicial de los directores independientes; disponiéndose, sin embargo que el Gobernador no tendrá obligación alguna de nombrar a las antedichas personas recomendadas como directores, y (b) en la medida permitida por el derecho aplicable, los documentos de gobernación corporativa serán enmendados para ser congruentes con todo lo anterior.  Los documentos de gobernación corporativa de COFINA deberán disponer que todos los miembros de la junta directiva están sujetos al deber fiduciario en conformidad con el derecho de Puerto Rico y su Constitución.

28.4     **Oficiales de COFINA Reorganizada:** En la medida que corresponda, la junta directiva de COFINA Reorganizada elegirá oficiales de COFINA Reorganizada en la Fecha de Entrada en Vigor o después de la misma.

28.5      **Estructura de Recaudación y Aplicación de los Impuestos Pignorados de COFINA:**
Los Bonos COFINA serán emitidos por COFINA Reorganizada en conformidad con la Legislación de
Bonos Nuevos y la Escritura de Emisión de Bonos; esta entidad será una entidad o corporación pública,
agencia municipal, o entidad, de propósito único, "remota de Quiebra", al máximo grado permitido por el
derecho aplicable, sin operaciones ni pasivos aparte de los que constan en el Plan y en conformidad con lo
reflejado en la Hoja de Condiciones.  COFINA Reorganizada estará facultada para, pero no se le
requerirá, celebrar uno o más contratos, incluyendo, a título enunciativo pero no limitativo, el Contrato de
Servicios de Banca Nuevos, disponiendo la colección y depósito de los Impuestos Pignorados COFINA;
este acuerdo o acuerdos podrán disponer, entre otros, que el Tramon de COFINA, neto de los gastos de
explotación de COFINA (a) será mantenida, inmediatamente después de su recaudación, en cuentas
bancarias segregadas mantenidas en uno o más bancos de EE.UU. continental, y a nombre del
fideicomisario nombrado bajo la Escritura de Emisión de Bonos y (b) será diseñada de tal forma que se
garantice que COFINA es propietario incondicional de la Porción COFINA, existente en la actualidad o
recaudado posteriormente, bajo las leyes de Puerto Rico y otras leyes aplicables.

# ARTÍCULO XXIX

## RETENCIÓN DE JURISDICCIÓN

29.1      **Retención de Jurisdicción:** El Tribunal del Título III retendrá y tendrá jurisdicción
exclusiva sobre toda y cualquier materia que surja bajo PROMESA, en o relacionado con, el Caso Título
III y el Plan, o que se relacione con lo siguiente:

(a)      autorizar, desautorizar, liquidar, clasificar, estimar, o establecer el rango
prioritario, estatus de garantizado o no garantizado, o monto de cualquier Reclamación, incluyendo, a
título enunciativo pero no limitativo, la resolución de cualquier solicitud de pago de cualquier
Reclamación y la resolución de toda y cualquier objeción al estatus de estatus de garantizado o sin
garantía, prioridad, monto, o admisión de dichas Reclamación;

(b)      resolver cualquier asunto relacionado con los Contratos Condicionales o
Arrendamientos Vigentes, incluyendo, a título enunciativo pero no limitativo, (a) la asunción o asunción y
cesión de cualquier Contrato Condicional o Arrendamiento Vigente del cual COFINA sea parte o con
respecto al cual COFINA podría enfrentar responsabilidad legal, y oír, determinar, y en su caso, liquidar
cualquier Reclamación generada por la misma, incluyendo en conformidad con la Sección 365 del Código
de Quiebra; (b) cualquier obligación contractual potencial bajo cualquier Contrato Condicional o
Arrendamiento Vigente asumido, o asumido y asignado; (c) cualquier disputa con respecto a si un
contrato o arriendo es o fue condicional, o si ha expirado;

(c)      asegurar que las distribuciones a los tenedores de Reclamaciones Permitidas
fueron cumplidas en conformidad con las disposiciones del Plan, y adjudicar toda y cualquier disputa
generada por, o relacionada con las distribuciones bajo el Plan;

(d)      adjudicar, decidir, o resolver cualesquier mociones, procedimientos adversarios,
materias impugnadas o litigadas, y cualquier otra materia, y otorgar o denegar cualquier solicitud que
atañe a COFINA o COFINA Reorganizada que pudiera estar pendiente en la Fecha de Entrada en Vigor,
que se pudiera incoar subsiguientemente;

(e)      decidir y resolver todo asunto relacionado con otorgar y denegar, sea en su
totalidad o en parte, cualquier solicitud de asignaciones por concepto de resarcimiento o reintegro por
gastos a Profesionales autorizados en conformidad con PROMESA, el Plan o las ordenes registradas por
el Tribunal del Título III;

(f)     registrar e implementar todas aquellas órdenes que pudieran ser necesarias o convenientes para celebrar, implementar, o perfeccionar las disposiciones de  (a) contratos, instrumentos, renuncias, escrituras, y contratos u otros documentos aprobados por Orden Definitiva en el Caso Título IIIy (b) el Plan, la Orden de Ratificación, y contratos, instrumentos, renuncias, escrituras, y contratos u otros acuerdos o documentos creados en conexión con el Plan,  a título enunciativo pero no limitativo, órdenes pertenecientes a la sustitución de la Garantía Nueva para Impuestos Pignorados COFINA para garantizar la amortización de los Bonos COFINA y Bonos de Paridad COFINA;

(g)     resolver cualesquier casos, controversias, reclamaciones, disputas, u otras impugnaciones de cualquier índole que pudieran surgir en conexión con la consumación, interpretación, o ejecución de cumplimiento del Plan, la Orden de Ratificación, o cualquier contrato, instrumento, renuncia, u otro acuerdo o documento celebrado o entregado en conformidad con el Plan o los derechos de cualquier Entidad generados, u obligaciones incurridas, en conexión con el Plan o dichos documentos;

(h)     aprobar cualquier modificación del Plan o aprobar cualquier modificación de la Orden de Ratificación o cualquier contrato, instrumento, renuncia, u otro acuerdo o documento creado en conexión con el Plan o la Orden de Ratificación, o subsanar cualquier defecto u omisión o reconciliar cualquier incongruencia en cualquier orden, el Plan, la Orden de Ratificación, o cualquier contrato, instrumento, renuncia, u otro acuerdo o documento creado en conexión con el Plan o la Orden de Ratificación, o registrar cualquier orden con el propósito de asistir a la ratificación, en conformidad con las Sección 945 y 1142(b) del Código de Quiebra, de la forma necesaria o conveniente para perfeccionar el Plan;

(i)     adjudicar, decidir, o resolver cualquier asunto relacionado con el cumplimiento de  COFINA con el Plan y la Orden de Ratificación, congruente con la Sección 945 del Código de Quiebra;

(j)     determinar cualquier otro asunto que pudiera surgir en conexión con, o relacionado con el Plan, la Declaración de Divulgación, la Orden de Ratificación o cualquier contrato, instrumento, divulgación u otro acuerdo o documento celebrado o entregado en conexión con el Plan, o la Orden de Ratificación, y en cada caso, únicamente en la medida que dicho documento no disponga que algún otro tribunal o tribunales tienen jurisdicción exclusiva;

(k)     registrar e implementar otras órdenes, o tomar otras acciones que pudieran ser necesarias o convenientes para limitar la injerencia de cualquier Entidad en la ratificación o la ejecución del Plan o la Orden de Ratificación;

(l)     adjudicar toda y cualquier controversia, reclamación, o problema que pudiera surgir con respecto a la validez de cualquier acción tomada por cualquier Entidad en conformidad con, o para adelantar el Plan o la Orden de Ratificación, incluyendo, a título enunciativo pero no limitativo, la emisión de Bonos COFINA o Bonos de Paridad COFINA, y firmar cualesquier órdenes o recursos necesarios o apropiados en conformidad con dicha asignación; para determinar cualquier otro asunto que pudiera surgir en conexión con o relacionarse con el Plan, la Declaración de Divulgación, la Orden de Ratificación, el Acuerdo de Conciliación, o cualquier contrato, instrumento, renuncia, u otro contrato/acuerdo creado en conexión con el Plan, en cada caso, únicamente en la medida que los antedichos documentos no hayan dispuesto que otro tribunal o tribunales tienen jurisdicción exclusiva;

(m)     registrar o implementar aquellas órdenes que sean necesarias o convenientes en caso que la Orden de Ratificación fuera modificada, suspendida, cancelada, revocada, o invalidada

(n)     registrar una orden o decreto definitivo firme concluyendo o cerrando el Caso Título III en conformidad con al Sección 945(b) del Código de Quiebra;

(o)     ejecutar y clarificar cualesquier órdenes previamente ingresados por el Tribunal del Distrito en el Caso Título III;

(p)     en conexión con la Acción de Interpelación (o Tercería) [*Interpleader Action*] oír y determinar toda y cualquier Reclamación y Causa de Acción no-renunciada y no-desestimada, afirmada, o que podría haber sido afirmado por BYNM contra Ambac o Whitebox la Acción de Interpelación o la Acción Ambac y las Acciones Whitebox, respectivamente, y por Ambac y Whitebox contra BNYM por motivo de negligencia crasa, culpa grave, dolo, o fraude, en la Acción de Interpelación o la Acción Ambac y las Acciones Whitebox, respectivamente;y

(q)     oír cualquier otro asunto sobre el cual el Tribunal del Título III tiene jurisdicción bajo las Secciones 305 y 306 de PROMESA.

## ARTÍCULO XXX
## DISPOSICIONES MISCELÁNEAS

30.1     **Titularidad de Activos** : Excepto en conformidad con lo dispuesto en la Orden de Ratificación, en la Fecha de Entrada en Vigor, la titularidad de todos los Activos y bienes de COFINA abarcados por el Plan será otorgada a COFINA Reorganizada, libres de todo Gravamen (excepto los Gravámenes garantizando la amortización de los Bonos COFINA y los Bonos de Paridad COFINA), y la Orden de Ratificación constituirá la determinación judicial de descarga de los pasivos de COFINA, excepto en conformidad con lo dispuesto en el Plan.

30.2     **Descarga y Renuncia de Reclamaciones y Causas de Acción:**

(a)     Excepto en conformidad con lo expresamente dispuesto en el Plan o la Orden de Ratificación, todas las distribuciones y derechos conferidas bajo el Plan estarán, y se considerará que están, a cambio de y en total satisfacción, resolución, descarga, y renuncia de, todas las Reclamaciones o Causas de Acción contra COFINA generadas, sea en su totalidad o en parte, previo a la Fecha de Entrada en Vigor, relacionados con COFINA o COFINA Reorganizada o cualquier de sus Activos, bienes o intereses de cualquier índole, incluyendo cualesquier intereses devengados sobre Reclamaciones a partir de la Fecha de Petición, e independientemente de si cualquier propiedad habría sido distribuido o retenido en conformidad con el Plan, por motivo de dichas Reclamaciones o Causas de Acción.  En la Fecha de Entrada en Vigor, se considerará que COFINA y COFINA Reorganizada han sido descargados y liberados de todas y cualesquier Reclamaciones, Causas de Acción, y cualesquier otras deudas generadas, en su totalidad o en parte, previo a la Fecha de Entrada en Vigor (incluyendo previo la Fecha de Petición), y todas las deudas del tipo especificado en las Secciones 502(g), 502(h) ó 502(i) del Código de Quiebra, independientemente de que (a) se considera que la evidencia de una reclamación en base a dicha deuda se radica o considera radicada bajo la  Sección 501 del Código de Quiebra, b) se permite una Reclamación en base a dicha deuda bajo la Sección 502 del Código de Quiebra (o si se resuelve de otra manera), o (c) el tenedor de una Reclamación en base a dicha deuda votó para aceptar el Plan.

(b)     Excepto en conformidad con lo dispuesto en la Sección 30.11 del Plan o la Orden de Ratificación, todas las Entidad quedarán impedidas de afirmar toda y cualquier Reclamación contra COFINA, y COFINA Reorganizada, y todos y cada uno de sus respectivos activos, bienes, y derechos, desagravios, Reclamaciones, o causas de acción o pasivos de cualquier índole que fuera, relacionados con COFINA o COFINA Reorganizada o cualquiera de sus Activos y bienes respectivos, incluyendo cualesquier intereses devengados sobre dichas Reclamaciones a partir de la Fecha de Entrada en Vigor, e independientemente de si cualesquier bienes hubiesen sido distribuidos o retenidos en

66

conformidad con el Plan, por motivo de dichas Reclamaciones y otras obligaciones, reclamaciones, sentencias, daños, deudas, derechos, desagravios, causas de acción, o responsabilidad legal. En conformidad con lo anterior, y excepto en conformidad con lo expresamente dispuesto en el Plan o la Orden de Ratificación, la Orden de Ratificación constituirá una determinación judicial, a partir de la Fecha de Entrada en Vigor, de descarga y renuncia de todas dichas Reclamaciones, Causas de Acción, o deuda de o contra COFINA, en conformidad con las Secciones 524 y 944 del Código de Quiebra, aplicable el Caso Título III en conformidad con la Sección 301 de PROMESA, y dicha descarga invalidará y extinguirá cualquier sentencia obtenida contra COFINA o COFINA Reorganizada y sus respectivos Activos y bienes en cualquier momento, en la medida que dicha sentencia se relación con una Reclamación, deuda, o pasivo descargado. A la Fecha de Entrada en Vigor, y en contraprestación del valor otorgado bajo el Plan y el Acuerdo de Conciliación, se considera que cada tenedor de una Reclamación en cualquier Clase bajo este Plan y renunciado, y mediante la presente exonera y descarga en perpetuidad a COFINA y COFINA Reorganizada, y sus Activos y bienes y todas dichas Reclamaciones.

(c)     No obstante cualquier otra disposición de esta Sección 30.2, en conformidad con las disposiciones del Acuerdo de Apoyo al Plan, se considerará que cada uno de los Acreedores PSA y sus Personas Relacionadas respectivas, exclusivamente en su capacidad de Acreedores de COFINA, (i) ha renunciado y pactado no demandar o de otra forma alegar o perseguir recuperación por daños o buscar cualquier otro tipo de desagravio contra cualquiera de los Beneficiarios del Descargo del Gobierno en base a, o generados por, o relacionados con, las Reclamaciones Renunciadas del Gobierno, o cualquiera de las Reclamaciones o causas de acción afirmadas, o que podrían haber sido afirmadas en las Acciones, (ii) no auxiliará, sea directamente o indirectamente, a cualquier persona a tomar cualquier acción con respecto a las Reclamaciones Renunciadas del Gobierno que esté prohibido por esta Sección 30.2(c) y (iii) se considerará que renunció o pactó no demandar o de otra forma perseguir o buscar recuperación por motivo de daños, o buscar cualquier otro tipo de desagravio contra BNYM y toda y cualesquiera de sus Personas Relacionadas, frente y ante toda y cualquier Reclamación y causa de acción generada por o relacionada con los Valores Existentes, las Reclamaciones de Bonos, y la Resolución de Bonos; disponiéndose, sin embargo que la renuncia otorgada en conformidad con la cláusula (iii) arriba no se extenderá a cualquier o ninguna de las Reclamaciones y Causas de Acción por motivo de culpa grave, dolo, o fraude que fueron afirmados, o que podrían ser afirmados por Ambac o Whitebox en la Acción Ambac y Acciones Whitebox, respectivamente.

(d)     En la Fecha de Entrada en Vigor, y en contraprestación de la Conciliación de la Controversia ELA-COFINA y el compromiso y la conciliación de las Reclamaciones de Bonos en conformidad con los términos y disposiciones del Plan (incluyendo, a título enunciativo pero no limitativo, las distribuciones a ser hechas por motivo de Valores Existentes "Prioritarios" y "Primer Subordinado"), la resolución de la Acción de Interpelación y los términos y disposiciones de la Sección 19.5 de la presente, con respecto a la Acción Ambac y las Acciones Whitebox, en el máximo grado permisible bajo del derecho aplicable, BNYM y todo tenedor y tenedor beneficiario de los Valores Existentes y sus adquirientes, sucesores, o cesionarios quedará exonerado de responsabilidad ante toda y cualquier Reclamación y Causa de Acción generada por o relacionada con el pago por BNYM a los tenedores beneficiarios de Valores Existentes de pagos de capital e intereses regularmente programados; disponiéndose, sin embargo que la antedicha exoneración de BNYM no se extenderá, ni será interpretada de forma que se extienda, a actos de culpa grave, dolo, o fraude de BNYM, incluyendo, a título enunciativo pero no limitativo, cualquier acto que se hayan afirmado, o que pudieran haber sido afirmados en la Acción Ambac y Acciones Whitebox.

104749481v5

(e)　　En la Fecha de Entrada en Vigor, (i) el Agente de COFINA y sus agentes, abogados, filiales, asesores, consultores, y abogados, únicamente en dichas capacidades, y (ii) en caso que el Comité de Acreedores y el Agente del Estado Libre Asociado (1) no objetasen a la aprobación de la Moción de Resolución, la aprobación de la Declaración de Divulgación y ratificación del Plan y no radicaran la Moción para Ejecutar (o sea, obligar cumplimiento) ó (2) sujeto a las disposiciones del párrafo decretal 4 de la Estipulación de Suspensión, radique la Moción para Ejecutar, o una objeción a la aprobación en base a los méritos de la Moción de Resolución, la aprobación de la Declaración de Divulgación y ratificación del Plan por el Tribunal del Título III, y a menos que el Tribunal del Título III determine que la antedicha objeción a la Moción de Ejecutar fue radicada de mala fe, el Agente del Estado Libre Asociado y Comité de Acreedores, sus miembros, y cada uno de sus actuales y antiguos oficiales, directores, agentes, abogados, empleados, afiliados, asesores, y consultores respectivos, únicamente en dichas capacidades (colectivamente los "<u>Agentes del Estado Libre Asociado Exonerados</u>"), quedarán exonerados de responsabilidad legal frente a toda y cualquier Reclamación y Causa de Acción (y en caso que dichas Causas de Acción habrían sido en contra de los Agentes del Estado Libre Asociado Exonerados), con respecto al Procedimiento Adversario, el Acuerdo en Principio, el Acuerdo de Conciliación, la Moción de Resolución, y la Orden de Resolución.

(f)　　En la Fecha de Entrada en Vigor, y en contraprestación por la Resolución de Disputa Estado Libre Asociado-COFINA y la resolución de la Acción de Interpelación, en el máximo grado permitido por el derecho aplicable, el Estado Libre Asociado quedará descargado de toda responsabilidad frente a toda Reclamación y Causa de Acción poseída por cualquier Acreedor, únicamente en dicha capacidad, generada por o relacionada con la relación del Estado Libre Asociado y COFINA, incluyendo, a título enunciativo pero no limitativo, cualquier Reclamación o Causa de Acción generada por o relacionada con el inicio del Procedimiento Contencioso y pendencia y el compromiso y conciliación de la Acción de Interpelación y la asignación de fondos en conformidad con la Sección 2.1 del Plan.

30.3　　<u>**Medida Cautelar sobre Reclamaciones**</u>: Excepto que se disponga otra cosa expresamente en la Sección 30.11 del Plan, la Orden de Ratificación o la Orden Definitiva del Tribunal del Título III, según aplicable, todas las Entidades que han poseído, que poseen, o que pudieran poseer Reclamaciones, o cualquier otra deuda o responsabilidad descargada o renunciada en conformidad con la Sección 30.2 de la presente o que han poseído, poseen, o que pudieran poseer Reclamaciones o cualquier otra deuda o responsabilidad que está siendo descargada o renunciada en conformidad con la Sección 30.2 de la presente, se les prohibirá en perpetuidad, a partir de la Fecha de Entrada en Vigor, de (a) comenzar o continuar, sea directamente o indirectamente, de cualquier forma, cualquier acción u otro procedimiento, incluyendo, a título enunciativo pero no limitativo cualquier procedimiento judicial, arbitraje, administrativo, u otro) de cualquier tipo con respecto a dicha Reclamación u otra deuda o pasivo que está siendo descargada en conformidad con el Plan en contra de cualquiera de las Partes Exoneradas o cualquier de sus activos o bienes respectivos, (b) la ejecución, embargo preventivo, recaudación o recuperación, de cualquier manera o forma, de cualquier sentencia, laudo, decreto u orden en contra de cualquier de las Partes Exoneradas o cualquiera de sus activos o bienes respectivos por motivo de cualquier Reclamación u otra deuda o responsabilidad descargada en conformidad con el Plan, (c) la creación, consumación, o ejecución de cualquier gravamen de cualquier tipo contra las Partes Liberadas o cualquier de sus activos o bienes respectivos por motivo de cualquier Reclamación u otra deuda o responsabilidad que está siendo descargado en conformidad con el Plan, y (d) excepto en la medida que se dispone, permite, o preserva por medio de Secciones 553, 555, 556, 559, ó 560 del Código de Quiebra o en conformidad con el derecho bajo el derecho común de recuperación, de afirmar cualquier derecho a alguna compensación, subrogación, o recuperación de cualquier tipo contra cualquier obligación debida por cualquier de las Partes Liberadas o cualquiera de sus activos o bienes respectivos, con respecto a cualquier de las antedichas Reclamaciones o cualquier otra deuda o responsabilidad descargada en conformidad con el Plan.  Dicha medida cautelar se extenderá a todos los sucesores y cesionarios de las Partes Liberadas y sus respectivos activos y bienes.

30.4　　<u>**Integral al Plan**</u>: Cada una de las disposiciones sobre descargas, medidas cautelares, exculpación, y renuncias que se disponen en este artículo XXX forman parte integral del Plan y son

esenciales para su implementación. Cada una de las Partes Liberadas tendrá el derecho a solicitar independientemente la ejecución y cumplimiento de las disposiciones sobre descargas, medidas cautelares, y renuncias que constan en el presente Artículo XXX.

30.5 **Dispensas por COFINA y COFINA Reorganizada**: Excepto en conformidad con lo dispuesto de otra forma en el Plan, la Orden de Ratificación, o el Acuerdo de Conciliación, en la Fecha de Entrada en Vigor, y a cambio de contraprestaciones válidas y valiosas, se considerará que cada uno de COFINA y COFINA Reorganizada, el Agente Pagador, y cada una de las Personas Relacionadas de COFINA y COFINA Reorganizada habrá, y que mediante la presente ha renunciado, exonerado, liberado, y descargado a las Partes Liberadas, de forma irrevocable e incondicional, totalmente, definitivamente, y en perpetuidad, frente y ante toda Reclamación o Causa de Acción que COFINA, COFINA Reorganizada, y el Agente Pagador, o cualquier de ellos, o cualquier persona que reclame por su conducto, o de su parte o pro beneficio suyo, tiene o pudiera tener o reclamar que tiene, ahora o en el futuro, contra cualquier Parte Exonerada que sean Reclamaciones Renunciadas, o que de otra forma se basan sobre, relacionan, o surgen de o en conexión con, sea en su totalidad o en parte, cualquier acto, omisión, transacción, evento, u otra circunstancia relacionada con COFINA que ocurriera o existiera en o previo a la Fecha de Entrada en Vigor, y/o Reclamación, acto, hecho, transacción, ocurrencia, declaración, u omisión en conexión con o alegada o que pudiera haber sido alegada en las Acciones, las Acciones Relacionadas, incluyendo, a título enunciativo pero no limitativo, cualquier Reclamación, reclamación, derecho, responsabilidad, o causa de acción de cualquier índole, pretendiendo cualquier indemnización, contribución, o cualquier otra base, en derecho o en equidad, por motivo de daños, costos, u honorarios.

30.6 **Medida Cautelar Relacionada con Dispensas:** A la Fecha de Entrada en Vigor, todas las Entidades que posean, hayan poseído, o pudieran poseer una Reclamación Renunciada, a la cual se renuncia en conformidad con la Sección 30.5 del Plan, son, y serán, permanentemente, en perpetuidad, o totalmente suspendidas, vedadas, prohibidas, proscritas, y de tomar cualquiera de las siguientes acciones, sea directamente o indirectamente, de forma derivada u otra, por motivo de o en base a la materia de dichas Reclamaciones Renunciadas: (i) comenzando, conduciendo, o continuando de cualquier manera, sea directamente o indirectamente, cualquier reclamación, acción, u otro procedimiento (incluyendo, a título enunciativo pero no limitativo, cualquier procedimiento judicial, de arbitraje, administrativo, u otro) en cualquier foro; (ii) ejecutando, embargando preventivamente (incluyendo, a título enunciativo pero no limitativo, cualquier embargo previo a sentencia), cobrando, o de cualquier otra forma tratando de recuperar cualquier juicio, laudo, decreto, u otra orden; (iii) creando, perfeccionando, o de cualquier otra manera ejecutando cualquier Gravamen, en cualquier materia, sea directamente o indirectamente; (iv) compensando, solicitando reintegros o contribuciones de, o derechos de subrogación en contra, o de otra forma recuperando, de cualquier manera, sea directamente o indirectamente, cualquier monto contra cualquier responsabilidad u obligación debida a cualquier Entidad descargada bajo la Sección 30.5 de la presente; y (v) comenzando o continuando de cualquier manera, y en cualquier procedimiento judicial, de arbitraje, o administrativo, que no cumple, o que es incongruente, con las disposiciones del Plan o la Orden de Ratificación.

30.7 **Exculpación**:

(a) **Partes del Gobierno**: La Junta de Supervisión, el ELA, la AAFAF, COFINA y cada una de sus respectivas Personas Relacionadas, actuando exclusivamente en carácter de tales, en cualquier momento hasta la Fecha de Entrada en Vigor inclusive, no tendrán o no incurrirán en ninguna responsabilidad para con ninguna Entidad por ningún acto u omisión con motivo del Caso al amparo del Título III, la formulación, preparación, difusión, implementación, ratificación o aprobación del Plan, o cualquier acuerdo o arreglo allí contenido, la Declaración de Divulgación, el Acuerdo de Conciliación o cualquier contrato, instrumento, descargo u otro acuerdo o documento establecido o contemplado con relación a la consumación de las transacciones estipuladas en el Plan y en el Acuerdo de Conciliación; disponiéndose, sin embargo, que las disposiciones precedentes de esta Sección 30.7 no afecten la responsabilidad de cualquier Entidad que de otro modo hubiere surgido a raíz de dicho acto u omisión, en la medida en que la Orden Final determine que tal acto u omisión hubiere constituido un fraude intencional o una conducta ilícita dolosa. Ninguna de las disposiciones anteriores de la presente Sección 30.7(a) del Plan será en perjuicio del derecho de ninguna de las Partes del Gobierno, ni de los

69

funcionarios y directores de dichas Partes del Gobierno que cumplan funciones en cualquier momento hasta la Fecha de Entrada en Vigor, inclusive, ni de cada uno de sus profesionales respectivos respecto recurrir al asesoramiento de un abogado para defenderse con relación a sus deberes y responsabilidades en virtud del Plan.

(b) **Aseguradoras monolínea:** Tanto Ambac, Assured y National, así como sus respectivas Personas Relacionadas, no tendrán ni incurrirán en ninguna responsabilidad para con ninguna Entidad en razón de cualquier acto u omisión congruente con el Plan, con motivo de la formulación, preparación, difusión, implementación, aceptación, ratificación o aprobación de dicho Plan, incluso, entre otros, con relación a la estructura de los Fideicomisos, la conmutación, el tratamiento de las Reclamaciones de Bonos COFINA Prioritarios ("COFINA Senior") (Ambac), el tratamiento de Bonos COFINA Subordinados (Assured), la Elección de National, los procedimientos de votación, los procedimientos de elección y cualquier descargo de obligaciones en virtud de las Pólizas de Seguro aplicables; *disponiéndose, sin embargo*, que no obstante cualquier disposición contraria en el presente, los términos y las disposiciones del Plan no liberarán o exculparán, y no se interpretará que liberan o exculpan: (1) con respecto a cualquier tenedor beneficiario de los Bonos Asegurados de Ambac que reciban Certificados de Ambac de conformidad con el Plan, cualquier dicha Reclamación de Derivados contra Ambac con respecto a las obligaciones de pago de Ambac en razón de la Póliza de Seguro de Ambac (cuya reclamación solo podrá ser formulada por el fideicomisario del Fideicomiso Ambac), según se ajuste para contemplar cualquier distribución del Fideicomiso Ambac (y cualquier dicha Reclamación de Derivados o defensa que Ambac pueda tener contra un tenedor beneficiario de dichos Bonos Asegurados de Ambac en lo que respecta a las obligaciones de Ambac conforme a la Póliza de Seguro de Ambac); (2) con respecto a cualquier tenedor beneficiario de Bonos Asegurados por National que recibieron Certificados de National de conformidad con el Plan, cualquier dicha Reclamación de Derivados en contra de National en razón de las obligaciones de National en virtud de las Pólizas de Seguro de National (cuya reclamación se formulará de acuerdo con los términos de las Pólizas de Seguro de National), según se hubiere ajustado para contemplar cualquier distribución del Fideicomiso de National (y cualquier dicha Reclamación que National pudiera tener en contra de un tenedor beneficiario de dichos Bonos Asegurados por National con respecto a las obligaciones de National para con dichos tenedores beneficiarios, conforme a las Pólizas de Seguro de National); o (3) con respecto a cualquier tenedor beneficiario de Bonos Asegurados de Assured, cualquier obligación de pago en virtud de la Póliza de Seguro de Assured aplicable de acuerdo con sus términos, únicamente en razón de una omisión de Assured de pagar la totalidad del Precio de Aceleración (o cualquier dicha Reclamación de Derivados que Assured pudiera tener contra un tenedor beneficiario de Bonos Asegurados de Assured con respecto a las obligaciones de Assured en virtud de las Pólizas de Seguro de Assured).

(c) **Acreedores del PSA y Bonistas:** Cada Acreedor del PSA y Bonistas, exclusivamente en su calidad de parte del Acuerdo de Apoyo al Plan y de Acreedor, según corresponda, desde la Fecha de la Petición hasta la Fecha de Entrada en Vigor inclusive, y cada una de sus respectivas Personas Relacionadas, no tendrán ni incurrirán en ninguna responsabilidad para con ninguna Entidad por cualquier acto u omisión con motivo del Caso del Título III, la formación, preparación, difusión, implementación, ratificación o aprobación del Plan, o cualquier acuerdo o arreglo allí contenido, la Declaración de Divulgación, el Acuerdo de Conciliación o cualquier contrato, instrumento, descargo u otro acuerdo o documento establecido o contemplado con relación a la consumación de las transacciones estipuladas en el Plan y en el Acuerdo de Conciliación; *disponiéndose, sin embargo*, que las disposiciones precedentes de la presente Sección 30.7(c) no afecten la responsabilidad de cualquier Entidad que de otro modo hubiere surgido a raíz de dicho acto u omisión, en la medida en que una Orden Final determine que dicho acto u omisión constituye un fraude intencional o una conducta ilícita dolosa.

104749481v5

(d)    **Agentes**: Los agentes, a saber, (i) el Agente de COFINA y (ii) en caso de que el Comité de Acreedores y el Agente del ELA (1) no se oponen a la aprobación de la Moción de Resolución, la aprobación de la Declaración de Divulgación y la ratificación del Plan y no radican la Moción de Aplicación o (2) sujeto a las disposiciones del párrafo decretal 4 de la Estipulación de Suspensión Temporal, radican la Moción de Aplicación o una objeción a la aprobación de los méritos de la Moción de Resolución, la aprobación de la Declaración de Divulgación y la ratificación del Plan por parte del Tribunal del Título III, y a menos que el Tribunal del Título III determine que cualquiera de dichas objeciones y la Moción de Aplicación fueron radicados de mala fe, el Agente del ELA, exclusivamente en su carácter de Agente de la Junta de Supervisión con respecto al ELA, para litigar y/o arreglar la Disputa entre el ELA y COFINA, respectivamente, no tendrán o incurrirán en ninguna responsabilidad respecto de ninguna Entidad por acciones u omisiones que deban adoptarse en relación con el Caso de Título III, la Disputa entre el ELA y COFINA, incluidos, entre otros, la Orden de la Disputa entre el ELA y COFINA, el Procedimiento Contencioso, la Conciliación de la Controversia entre el ELA y COFINA, el Acuerdo de Conciliación, la Moción de Resolución y la Orden de Resolución.

30.8    **Litigio relacionado con las designaciones:** No obstante cualquier disposición contraria contenida en el presente, en caso de que se dicte una Orden Final con motivo del Litigio relacionado con las Designaciones con posterioridad al dictado de la Orden de Resolución y la Orden de Ratificación, en virtud de las distribuciones efectuadas o por efectuarse, o que se consideren efectuadas de conformidad con los términos y disposiciones del Plan y los documentos e instrumentos relacionados con el presente, todos los Acreedores u otras Entidades que reciban, o se considere que hubieren recibido, distribuciones de conformidad con o como resultado del Plan, aceptan y consienten a que dicha Orden Final no revertirá, afectará ni de cualquier otro modo modificará de ninguna manera las transacciones contempladas en el Plan, el Acuerdo de Conciliación, la Orden de Ratificación y la Orden de Resolución, lo que incluye, entre otros, el acuerdo y la conciliación de la Controversia entre el ELA y COFINA y los descargos, exculpaciones e medidas cautelares dictadas en virtud del Artículo XXX del Plan.

30.9    **Orden de impedimento:** Con las limitaciones establecidas en el Plan, todas y cada una de las Entidades tendrán, de manera permanente, el impedimento, la prohibición y la restricción de entablar, enjuiciar, impulsar acciones judiciales o litigar de cualquier manera reclamaciones, demandas, derechos, responsabilidades, o causas de acción, del tipo, carácter o naturaleza que fuere, conforme lo dispuesto en la legislación vigente, conocidos o desconocidos, directos o de forma derivada, formulados o no formulados, contra cualquiera de las Partes Liberadas, con motivo de, o relacionados con, o emergentes de cualquiera de las Reclamaciones Renunciadas, la ratificación y consumación del Plan, la negociación y consumación del Acuerdo de Conciliación, o cualquier acto, hecho, transacción, suceso, declaración u omisión en relación con, o alegadas o que pudieren haberse alegado en las Acciones Relacionadas, lo que incluye, entre otros, cualquier reclamación, demanda, derecho, responsabilidad o causas de acción para obtener una indemnización, contribución o por cualquier otra razón, conforme lo dispuesto en la legislación vigente, por daños, costos u honorarios incurridos emergentes directa o indirectamente de, o que se vinculen de cualquier otro modo con, las Acciones Relacionadas, ya sea directa o indirectamente por cualquier Persona para beneficio directo o indirecto de cualquier Parte Liberada emergente de o relacionado con las reclamaciones, actos, hechos, transacciones, sucesos, declaraciones u omisiones que son, podrían haber sido o pueden ser alegadas en las Acciones Relacionadas o en cualquier otra acción entablada o que pueda ser entablada por, o a través de, o en representación de, o en beneficio de cualquiera de las Partes Liberadas (ya sean emergentes de una ley federal, estatal o extranjera, e  independientemente del lugar donde se formulen).

30.10    **Sin renuncia:** No obstante cualquier disposición contraria en las Secciones 30.5 y 30.6 del presente, los descargos y las medidas cautelares establecidas en dichas secciones no limitarán, reducirán ni de otro modo afectarán, ni se interpretarán en tal sentido, los derechos de la Junta de Supervisión, de AAFAF,de COFINA Reorganizada o de los Acreedores del PSA, de hacer valer, enjuiciar, arreglar o acordar los derechos, reclamaciones y otros asuntos expresamente retenidos por cualquiera de ellos.

104749481v5

30.11 **Medida cautelar complementaria:** No obstante cualquier disposición contraria en el presente, salvo dentro de los límites que se estipulan en el Plan, todas la Entidades, incluidas aquellas que actúan en representación propia, y que actualmente mantienen o formulan, o han mantenido o formulado, o pudieren mantener o formular, cualquier Reclamación Renunciada contra cualquiera de las Partes Liberadas en razón de, o atribuible a, o emergente de o relacionada con cualquier Reclamación en contra de COFINA, cuando y donde sea que surja o se formule, sea en los EE.UU. o en cualquier otra parte del mundo, y ya sea de naturaleza extracontractual, contractual, o una garantía, ley o cualquier otra teoría del derecho aplicable, estarán, y se considerarán, paralizadas, restringidas y prohibidas de forma permanente de entablar cualquier acción contra cualquiera de las Partes Liberadas a los fines de cobrar, recuperar o recibir, directa o indirectamente, cualquier pago o recobro con respecto a Reclamaciones Renunciadas que surgieren con anterioridad a la Fecha de Entrada en Vigor (incluso con anterioridad a la Fecha de la Petición), lo que incluye, sin limitación:

(a) Iniciar o continuar de cualquier manera acciones u otros procedimientos de cualquier clase con respecto a dichas Reclamaciones Renunciadas contra cualquiera de las Partes Liberadas o los activos o los bienes de cualquier Parte Liberada;

(b) Hacer valer, embargar, cobrar o recobrar, de cualquier manera y por cualquier medio, sentencias, laudos, decretos u órdenes en contra de cualquiera de las Partes Liberadas o los activos o los bienes de estas, con relación a dichas Reclamaciones Renunciadas;

(c) Crear, ejecutar o hacer valer cualquier Gravamen de la clase que fuere contra cualquiera de las Partes Liberadas o los activos o los bienes de estas, con relación a dichas Reclamaciones Renunciadas;

(d) Salvo que se disponga expresamente de otro modo en el Plan, la Orden de Ratificación o el Acuerdo de Conciliación, formular, implementar o ejecutar cualquier compensación, derecho de subrogación, indemnización, contribución o recuperación de cualquier tipo contra cualquier obligación adeudada a alguna de las Partes Liberadas o contra los bienes de cualquier Parte Liberada, con motivo de dicha Reclamación Renunciada; y

(e) Realizar cualquier acto, de cualquier manera, en el lugar que fuere, que no se ajuste o no cumpla las disposiciones del Plan, la Orden de Ratificación o el Acuerdo de Conciliación vinculados a la Reclamación Renunciada; disponiéndose, sin embargo, que el cumplimiento por parte de los Deudores de los requisitos formales de la Regla de Quiebras 3016 no constituirá una admisión de que el Plan contempla una medida cautelar contra una conducta que no se encuentre prohibida por el Código de Quiebras.

30.12 **Protección de ciertas reclamaciones y causas de acción:** No obstante cualquier disposición contraria en el Plan, lo que incluye, entre otras, las disposiciones de este Artículo XXX, Ambac y Whitebox retendrán, y no estarán sujetas al impedimento o la prohibición de impulsar reclamaciones y causas de acción, y formular cualquier derecho o defensa contra Ambac y que sean de naturaleza contractual o extracontractual, exclusivamente por negligencia grave, conducta ilícita dolosa o fraude intencional que hayan sido formulados, o que podrían haber sido formulados, contra BNYM en la Acción de Ambac, las Acciones de Whitebox o la Acción de Interpelación, y BNYM retendrá, y no estará sujeta al impedimento o la prohibición de impulsar reclamaciones y causas de acción, y formular cualquier derecho o defensa contra Ambac y Whitebox emergentes de o que se relacionen con la Resolución sobre Bonos.

104749481v5

30.13    **Honorarios y gastos posteriores a la Fecha de Entrada en Vigor:** En y a partir de la Fecha de Entrada en Vigor, COFINA Reorganizada deberá, en el curso ordinario de sus actividades y sin necesitar ninguna aprobación del Tribunal del Título III, contratar profesionales y pagar los honorarios y gastos profesionales razonables incurridos por COFINA Reorganizada vinculados a la implementación y la consumación del Plan, sin requerir una aprobación adicional del Tribunal del Título III.

30.14    **Exención a la Ley de Valores:** En virtud de la sección 1145 del Código de Quiebras (exceptuando a un suscriptor según la definición de la sección 1145(b) del Código de Quiebras) y/o la sección 3(a)(2) de la Ley de Títulos Valores, el ofrecimiento, la emisión y la distribución de los Bonos COFINA, los Certificados de Ambac, y los Certificados de National conforme a los términos del presente, quedarán exentos del registro conforme a la Ley de Títulos Valores, y a toda ley estatal o local que exija el registro para la oferta, emisión o distribución de títulos valores, incluidos, entre otros, los requisitos de registro de la Sección 5 de la Ley de Títulos Valores y cualquier otra ley estatal o federal aplicable que exija el registro y/o la entrega del prospecto de emisión o calificación con anterioridad a la oferta, emisión, distribución o venta de títulos valores.

30.15    **Divisibilidad:** Con arreglo a los términos y las disposiciones del Acuerdo de Apoyo al Plan, si antes de la Fecha de Ratificación cualquier término o disposición del Plan se considerase inválido, nulo o inaplicable por el Tribunal del Título III, dicho Tribunal, con el consentimiento de las Partes del Gobierno, tendrá la facultad de modificar e interpretar dicho término o disposición de modo que sea válido o aplicable en la máxima medida que resulte posible, en congruencia con el propósito original del término o la disposición declarada inválida, nula o inaplicable, y dicho término o disposición será entonces aplicable tal como se lo haya modificado o interpretado.  No obstante de cualquier retención, modificación o efecto de este tipo, no se verá en modo alguno afectado, reducido o invalidado por dicha regla, modificación o interpretación.

30.16    **Derecho aplicable:** Salvo en la medida en que se aplique otra ley federal, o si un anexo al presente o cualquier documento que deba celebrarse en relación con el presente dispusiera lo contrario, los derechos, deberes y obligaciones derivados del Plan se regirán, se interpretarán y se exigirán de conformidad con la ley PROMESA (incluidas las disposiciones del Código de Quiebras hechas aplicables en virtud de la sección 301 de PROMESA) y, siempre que no resulte incongruente con dicha ley, con las leyes del Estado Libre Asociado de Puerto Rico que dan lugar a los principios de conflictos entre leyes diferentes.

30.17    **Cierre del caso:** La Junta de Supervisión deberá, inmediatamente después de la administración total del Caso de Título III, radicar ante el Tribunal del Título III todos los documentos requeridos por la Regla de Quiebra 3022 y cualquier resolución aplicable del Tribunal del Título III. No obstante el cierre del Caso de Título III, el Tribunal del Título III conservará la jurisdicción sobre todos los asuntos establecidos en el Artículo XXIX del Plan.

30.18    **Encabezados de secciones:** Los encabezados de secciones del presente Plan se incluyen a modo de referencia exclusivamente, y no afectarán en modo alguno el significado o la interpretación de dicho Plan.

30.19    **Incongruencias:** Si hubiera cualquier incongruencia entre (a) la información contenida en la Declaración de Divulgación y los términos y las disposiciones del Plan, prevalecerán los términos y las disposiciones contenidos en el presente, y (b) entre los términos y las disposiciones del Plan y los términos y las disposiciones de la Orden de Ratificación, prevalecerán los términos y las condiciones de la Orden de Ratificación, y se considerarán como una modificación del Plan; disponiéndose, sin embargo, que la Orden de Ratificación no modificará los términos económicos establecidos en el presente bajo ninguna circunstancia.

30.20    **Retención de documentos:** A partir de la Fecha de Entrada en Vigor y con

104749481v5

posterioridad a esta, COFINA podrá mantener documentos de conformidad con su política estándar de retención de documentos, según sea alterada, enmendada, modificada o complementada por COFINA.

30.21 **Efecto vinculante inmediato:** En virtud de la sección 944(a) del Código de Quiebras aplicable al Caso de Título III de conformidad con la Sección 301 de PROMESA, y no obstante las Reglas de Quiebra 3020(e), 6004(h) o 7062, o por otro motivo, una vez ocurrida la Fecha de Entrada en Vigor, los términos del Plan y del Suplemento del Plan pasarán a ser inmediatamente vigentes y aplicables, y se considerarán vinculantes para todos los tenedores de Reclamaciones y sus respectivos sucesores y cesionarios, ya sea que la reclamación de cualquiera de los tenedores se haya visto o no afectado en razón del Plan, y ya sea que el Tenedor hubiere o no aceptado dicho Plan. Los descargos, exculpaciones y arreglos efectuados en virtud del Plan serán vigentes y podrán ser aplicables por el Tribunal del Título III, a partir de y con posterioridad a la Fecha de Entrada en Vigor, e incluso en virtud de las disposiciones de medidas cautelares del Plan. Una vez aprobadas, los acuerdos y arreglos incorporados en el Plan, junto con el tratamiento de cualquier Reclamación Permitida asociada, no estarán sujetos a la impugnación colateral o a cualquier otra impugnación por parte de ninguna Entidad, en ningún tribunal u otro foro. Por lo tanto, toda Entidad que se oponga a los términos de cualquier acuerdo y arreglo establecido en el Plan deberá (a) impugnar dicho acuerdo y conciliación antes de la ratificación del Plan, y (b) demostrar que tiene un derecho apropiado para objetar y que el acuerdo y la conciliación en cuestión no cumple las normas que rigen los arreglos en virtud de la Regla de Quiebra 9019 y de otra ley aplicable.

30.22 **Documentos adicionales:** En o antes de la Fecha de Entrada en Vigor, la Junta de Supervisión puede radicar ante el Secretario del Tribunal del Título III los acuerdos y otros documentos que sean necesarios o apropiados para hacer valer y presentar evidencia adicional sobre los términos y condiciones del Plan. COFINA y todos los tenedores de Reclamaciones que reciban distribuciones conforme al Plan y todas las otras partes interesadas, podrán periódicamente preparar, ejecutar y otorgar acuerdos o documentos, y realizar otras acciones que sean necesarias o recomendables para hacer valer las disposiciones y la intención del Plan.

30.23 **Reserva de derechos:** Salvo lo expresamente establecido en el presente, el Plan no tendrá vigencia hasta que el Tribunal del Título III dicte la Orden de Ratificación. Ninguna radicación del Plan, o declaración o disposición contenida en dicho Plan, o la realización de cualquier acción por parte de COFINA con respecto al Plan, la Declaración de Divulgación o el Suplemento del Plan será ni se considerará una admisión o renuncia a ninguno de los derechos de COFINA con respecto a los tenedores de Reclamaciones antes de la Fecha de Entrada en Vigor. Con excepción de lo expresamente establecido en el presente, los derechos y facultades del gobierno de Puerto Rico conforme a la Constitución de Puerto Rico y a PROMESA, incluidos, entre otros, en virtud de las Secciones 303 y 305 de PROMESA, quedan expresamente reservados (sujetos a cualquier limitación sobre ellos impuesta por la Constitución de Puerto Rico, la Constitución de EE. UU o PROMESA), y nada de lo estipulado en el presente se considerará como una renuncia a ninguno de tales derechos y facultades.

30.24 **Disolución de la Junta de Supervisión:** Una vez concluida la actuación o producida la disolución de la Junta de Supervisión de conformidad con la Sección 209 de PROMESA, o de otro modo, todos los derechos, facultades y potestades de la Junta de Supervisión para implementar y llevar a cabo el Plan recaerán en COFINA o COFINA Reorganizada, según corresponda, sin necesidad de notificación ulterior, o de cualquier otra acción, del Tribunal del Título III, la Junta de Supervisión, COFINA, COFINA Reorganizada, o cualquier otra Entidad. Ni COFINA ni COFINA Reorganizada, será ni se considerará sucesora de la Junta de Supervisión por motivo de la aplicación de cualquier teoría vigente del derecho, y ni COFINA ni COFINA Reorganizada asumirán responsabilidad alguna por obligaciones de la Junta de Supervisión, de cualquier tipo o naturaleza.

104749481v5

30.25     **Sucesores y cesionarios:** A menos que se indique expresamente lo contrario en el Plan, los derechos, los beneficios y las obligaciones de cualquier Entidad designada o a la que se haga referencia en el Plan o la Orden de Ratificación tendrá carácter vinculante, y redundará en beneficio de cualquier heredero, albacea, administrador, sucesor o cesionario, Afiliado, funcionario, director, agente, representante, abogado, beneficiarios o custodio, si lo hubiere, de dicha Entidad.

30.26     **Notificaciones:** Para que surtan efecto, todas las notificaciones, solicitudes, reclamaciones u otros documentos exigidos por el Plan o la Orden de Ratificación que sean notificados y entregados a la Junta de Supervisión, a COFINA o a la AAFAF deberán hacerse por escrito, lo que incluye transmisión por fax, y a menos que se exprese lo contrario en el presente, se considerará que han sido debidamente entregadas cuando efectivamente se entreguen o, en el caso de transmisión por fax, cuando efectivamente sean recibidos y confirmados telefónicamente, a los siguientes domicilios:

Si se dirigen a la Junta de Supervisión:     Financial Oversight and Management Board for Puerto Rico
250 Muñoz RiveraAve, Suite 800
San Juan, PR 00918-1813
Atención:Natalie A. Jaresko, Executive Director

– con copia a –

PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Atención:          Martin J. Bienenstock, Esq.
Brian S. Rosen, Esq.
Tel:     (212) 969-3000
Fax:     (212) 969-2900

– con copia a –

Si se dirige a COFINA:     Puerto Rico Sales Tax Financing Corporation
c/o Fiscal Agency and Financial Advisory Authority
Roberto Sánchez Vilella (Minillas) Government Center
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907
Atención:Christian Sobrino Vega, Executive Director

– con copia a –

O'MELVENY & MYERS LLP
Seven Times Square
New York, NY 10036
Atención:       John Rapisardi, Esq.
                   Suzzanne Uhland, Esq.
Tel:    (212) 326-2000
Fax:   (212) 326-2061

Si se dirige a AAFAF:      Fiscal Agency and Financial Advisory Authority
Roberto Sánchez Vilella (Minillas) Government Center
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907
Atención: Christian Sobrino Vega, Executive Director

– con copia a –

O'MELVENY & MYERS LLP
Seven Times Square New York, NY 10036
Atención:       John Rapisardi, Esq.
                   Suzzanne Uhland, Esq.
Tel:    (212) 326-2000
Fax:   (212) 326-2061

30.27    **Plazo de las medidas cautelares o paralizaciones:** Salvo que se establezca lo contrario en el presente o en la Orden de Ratificación, todas las medidas cautelares o las paralizaciones vigentes con respecto al Caso de Título III (de conformidad con las secciones 105, 362 o 922 del Código de Quiebras, o con cualquier orden del Tribunal del Título III) y en vigor a la Fecha de Ratificación (salvo las medidas cautelares o las paralizaciones incluidas en el Plan o en la Orden de Ratificación) continuarán plenamente vigentes hasta la Fecha de Entrada en Vigor. Todas las medidas cautelares o las paralizaciones incluidas en el Plan o en la Orden de Ratificación continuarán plenamente vigentes de conformidad con sus términos.

30.28    **Totalidad del acuerdo:** Salvo que se indique lo contrario, el Plan reemplaza toda negociación, promesa, convenio, acuerdo, entendimiento y declaración anteriores y contemporáneos sobre su materia, y todos ellos se fusionarán e integrarán en el Plan.

30.29    **Suplemento del Plan:** Todos los documentos en el Suplemento del Plan se incorporan en el Plan y forman parte de él, como si figuraran en su totalidad en el Plan. Al radicar el Suplemento del Plan en la Secretaría del Tribunal del Título III, se pondrán a disposición copias de los documentos incluidos en ese suplemento a solicitud por escrito del asesor de la Junta de Supervisión, en el domicilio que se indica más arriba o se podrán descargar tales documentos de [https://cases.primeclerk.com/puertorico/] o del sitio web del Tribunal del Título III, disponible a través de PACER. Salvo que el Tribunal del Título III ordene lo contrario, en la medida en que algún documento del Suplemento del Plan sea incompatible con los términos de cualquier parte del Plan que no constituya el Suplemento del Plan, prevalecerá esa parte del Plan que no constituya el Suplemento del Plan; disponiéndose, sin embargo, que,con respecto a las cuestiones regidas por el Escrito de Emisión de Bonos, será la Escritura de de Emisión de Bonos el que prevalezca si alguna de las disposiciones del Plan es incompatible con la Escritura de de Emisión de Bonos.

Fecha: San Juan, Puerto Rico, 9 de enero de 2019

CORPORACIÓN DEL FONDO DE INTERÉS
APREMIANTE DE PUERTO RICO, por y a
través de la Junta de Supervisión y
Administración Financiera para Puerto Rico,
como su representante


Por: /f/ Natalie A. Jaresko
Nombre:Natalie A. Jaresko
Cargo: Directora Ejecutiva

77

# **ANEXO A**

Cronograma de amortización de los Bonos COFINA

## Anexo A: Cupones y fechas de vencimiento

### Condiciones de los bonos de interés corriente
CurrentInterestBondTerms

| (7/1) Año | Par | Cpn/Rend |
|---|---|---|
| Total/Prom. | $9,119,420,000.00 | 4.792% |
| 2034 | 375,090,000.00 | 4.500% |
| 2040** | 2,996,115,000.00 | 4.550% |
| 2053 | 1,451,135,000.00 | 4.750% |
| 2058 | 4,297,080,000.00 | 5.000% |

Condiciones de amortización anticipada 2034: Amortización a valor nominal desde 2025 (amortización a 7 años)

Amortizaciones anticipadas 2040, 2053 y 2058: Amortización a valor nominal desde 2028 (amortización a 10 años)

### Condiciones de bonos de apreciación de capital

| (7/1) Año | Rend, | Precio Inic. | Valor inicial | Valor acrec. | Valor futuro |
|---|---|---|---|---|---|
| Total/Avg | 5.048% | 27.010 | $2,901,901,817.35 | $9,638,250,976.35 | $10,743,910,000.00 |
| 2024 | 4.250% | 77.971 | 166,818,954.50 | 201,537,898.10 | 213,950,000.00 |
| 2027 | 4.375% | 67.983 | 246,346,597.95 | 348,676,228.60 | 362,365,000.00 |
| 2029 | 4.375% | 62.346 | 220,190,485.50 | 346,050,471.60 | 353,175,000.00 |
| 2031 | 4.500% | 56.281 | 256,162,971.50 | 445,599,082.70 | 455,150,000.00 |
| 2033 | 4.500% | 51.488 | 263,752,428.80 | 500,306,662.00 | 512,260,000.00 |
| 2046 | 5.375% | 22.747 | 1,108,991,315.10 | 4,252,407,026.55 | 4,875,330,000.00 |
| 2051 | 5.625% | 16.105 | 639,639,064.00 | 3,543,673,606.80 | 3,971,680,000.00 |

Condiciones de amortización anticipada 2024 y 2027: no amortizable; 2028: amortizable al 103% del valor acrec. (VA) de 2028; 100% VD de 2029
2031: amortizable al 105% del VA de 2018; 100% VA de 2031
2033: amortizable al 107.5% del VA de 2028-2030; 105% VA de 2031; 103% VA de 2032; 100% VA de 2033
Condiciones de amortización anticipada 2046 y 2051: amortizable al 107.5% VA de 2028-2032; 105% AD de 2033-37; 103% VA de 2038-42; 100% VA de 2043-Vencimiento final
Todos los bonos de apreciación de capital: Redención del fondo de amortización al 100% del VA

### Cronograma del fondo de amortización de bonos de interés corriente

| (7/1) Año | N° | CPN | Nominal | Plazo Nominal |
|---|---|---|---|---|
| Total | | | $9,119,420,000.00 | $9,119,420,000.00 |
| 2019 | 1 | - | - | - |
| 2020 | 2 | - | - | - |
| 2021 | 3 | - | - | - |
| 2022 | 4 | - | - | - |
| 2023 | 5 | - | - | - |
| 2024 | 6 | - | - | - |
| 2025 | 7 | - | - | - |
| 2026 | 8 | - | - | - |
| 2027 | 9 | - | - | - |
| 2028 | 10 | - | - | - |
| 2029 | 11 | - | - | - |
| 2030 | 12 | - | - | - |
| 2031 | 13 | - | - | - |
| 2032 | 14 | - | - | - |
| 2033 | 15 | 4.500% | 52,970,000.00 | - |
| 2034 | 16 | 4.500% | 322,120,000.00 | 375,090,000.00 |
| 2035 | 17 | 4.550% | 366,885,000.00 | - |
| 2036 | 18 | 4.550% | 415,060,000.00 | - |
| 2037 | 19 | 4.550% | 466,685,000.00 | - |
| 2038 | 20 | 4.550% | 521,965,000.00 | - |
| 2039 | 21 | 4.550% | 581,125,000.00 | - |
| 2040 | 22 | 4.550% | 644,395,000.00 | 2,996,115,000.00 |
| 2041 | 23 | - | - | - |
| 2042 | 24 | - | - | - |
| 2043 | 25 | - | - | - |
| 2044 | 26 | - | - | - |
| 2045 | 27 | - | - | - |
| 2046 | 28 | - | - | - |
| 2047 | 29 | - | - | - |
| 2048 | 30 | - | - | - |
| 2049 | 31 | - | - | - |
| 2050 | 32 | - | - | - |
| 2051 | 33 | - | - | - |
| 2052 | 34 | 4.750% | 708,735,000.00 | - |
| 2053 | 35 | 4.750% | 742,400,000.00 | 1,451,135,000.00 |
| 2054 | 36 | 5.000% | 777,665,000.00 | - |
| 2055 | 37 | 5.000% | 816,545,000.00 | - |
| 2056 | 38 | 5.000% | 857,375,000.00 | - |
| 2057 | 39 | 5.000% | 900,240,000.00 | - |
| 2058 | 40 | 5.000% | 945,255,000.00 | 4,297,080,000.00 |

### Cronograma del fondo de amortización de bonos de apreciación de capital

| (7/1) Año | N° | Rend. | Precio inicial | Valor inicial | Valor acrec. | Valor futuro de redención |
|---|---|---|---|---|---|---|
| Total | | | | $2,901,901,817.35 | $9,638,250,976.35 | $10,743,910,000.00 |
| 2019 | 1 | 4.250% | 77.971 | $18,865,083.45 | $19,606,660.20 | 24,195,000.00 |
| 2020 | 2 | | | - | - | - |
| 2021 | 3 | 4.250% | 77.971 | 15,461,649.30 | 17,479,550.10 | 19,830,000.00 |
| 2022 | 4 | 4.250% | 77.971 | 30,244,950.90 | 35,660,810.70 | 38,790,000.00 |
| 2023 | 5 | 4.250% | 77.971 | 44,373,296.10 | 54,565,877.10 | 56,910,000.00 |
| 2024 | 6 | 4.250% | 77.971 | 57,873,974.75 | 74,225,000.00 | 74,225,000.00 |
| 2025 | 7 | 4.375% | 67.983 | 70,182,250.05 | 94,674,753.80 | 103,235,000.00 |
| 2026 | 8 | 4.375% | 67.983 | 82,307,018.10 | 115,941,474.80 | 121,070,000.00 |
| 2027 | 9 | 4.375% | 67.983 | 93,857,329.80 | 138,060,000.00 | 138,060,000.00 |
| 2028 | 10 | 4.375% | 62.346 | 104,859,737.40 | 161,065,471.60 | 168,190,000.00 |
| 2029 | 11 | 4.375% | 62.346 | 115,330,748.10 | 184,985,000.00 | 184,985,000.00 |
| 2030 | 12 | 4.500% | 56.281 | 123,486,142.10 | 209,859,082.70 | 219,410,000.00 |
| 2031 | 13 | 4.500% | 56.281 | 132,676,829.40 | 235,740,000.00 | 235,740,000.00 |
| 2032 | 14 | 4.500% | 51.488 | 141,386,048.00 | 262,646,662.00 | 274,600,000.00 |
| 2033 | 15 | 4.500% | 51.488 | 122,366,380.80 | 237,660,000.00 | 237,660,000.00 |
| 2034 | 16 | | | - | - | - |
| 2035 | 17 | | | - | - | - |
| 2036 | 18 | | | - | - | - |
| 2037 | 19 | | | - | - | - |
| 2038 | 20 | | | - | - | - |
| 2039 | 21 | | | - | - | - |
| 2040 | 22 | | | - | - | - |
| 2041 | 23 | 5.375% | 22.747 | 210,176,593.25 | 708,735,023.75 | 923,975,000.00 |
| 2042 | 24 | 5.375% | 22.747 | 199,320,587.50 | 708,737,287.50 | 876,250,000.00 |
| 2043 | 25 | 5.375% | 22.747 | 189,023,020.60 | 708,734,532.20 | 830,980,000.00 |
| 2044 | 26 | 5.375% | 22.747 | 179,257,733.50 | 708,732,767.50 | 788,050,000.00 |
| 2045 | 27 | 5.375% | 22.747 | 169,997,429.80 | 708,732,415.60 | 747,340,000.00 |
| 2046 | 28 | 5.375% | 22.747 | 161,215,950.45 | 708,735,000.00 | 708,735,000.00 |
| 2047 | 29 | 5.625% | 16.105 | 142,499,455.75 | 708,736,815.00 | 884,815,000.00 |
| 2048 | 30 | 5.625% | 16.105 | 134,809,318.25 | 708,734,564.85 | 837,065,000.00 |
| 2049 | 31 | 5.625% | 16.105 | 127,535,495.00 | 708,734,662.00 | 791,900,000.00 |
| 2050 | 32 | 5.625% | 16.105 | 120,653,023.25 | 708,732,564.95 | 749,165,000.00 |
| 2051 | 33 | 5.625% | 16.105 | 114,141,771.75 | 708,735,000.00 | 708,735,000.00 |
| 2052 | 34 | | | - | - | - |
| 2053 | 35 | | | - | - | - |
| 2054 | 36 | | | - | - | - |
| 2055 | 37 | | | - | - | - |
| 2056 | 38 | | | - | - | - |
| 2057 | 39 | | | - | - | - |
| 2058 | 40 | | | - | - | - |

*Debido al redondeo de los bonos en denominaciones de $5,000 por período, el servicio de la deuda de los Bonos será ligeramente inferior ala RF 53.65%

** Los Bonos de interés corriente pueden incluir a los bonos exentos de impuestos y a los bonos tributarios.

**<u>Anexo B</u>**

**Formulario de notificación**

**ANTE EL TRIBUNAL DE DISTRITO
DE ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: | PROMESA<br>Título III |
| LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | Núm. 17 BK 3283-LTS |
| como representante del | (Administrada Conjuntamente) |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO, *yotros*, | |
| Deudores. | |
| *In re*: | PROMESA<br>Título III |
| LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | Núm. 17 BK 3284-LTS |
| como representante de | |
| CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE PUERTO RICO | |
| Deudor. | |

**NOTIFICACIÓN DE DICTADO DE UNA (A) ORDEN DE RATIFICACIÓN DEL TERCER PLAN DE AJUSTE ENMENDADO AL AMPARO DEL TÍTULO III DE LA CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE PUERTO RICO CONFORME AL TÍTULO III DE LA LEY PROMESA Y (B) OCURRENCIA DE LA FECHA DE ENTRADA EN VIGOR**

**PARA LOS ACREEDORES Y OTRAS PARTES INTERESADAS:**

---

7 Los Deudores en estos Casos del Título III, junto con el número de caso de Título III respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación fiscal federal de cada Deudor, según corresponda, son (i) el Estado Libre Asociado (ELA) de Puerto Rico (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro números del Número de identificación fiscal federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 8474); (iii) la Autoridad de Carreteras y Transportación ("ACT") de Puerto Rico (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 3808); (iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 9686); y (v) la Autoridad de Energía Eléctrica de Puerto Rico ("AEEPR") de Puerto Rico (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos del Número de identificación fiscal federal: 3747) (Los números de caso de Título III figuran como números de Caso de Quiebra debido a limitaciones del software).

2

NOTIFÍQUESE que, conforme a una orden, de fecha 4 de febrero de 2019 (la "Orden de Ratificación"), el Tercer Plan de Ajuste Enmendado al Amparo del Título III de la Corporación del Fondo de Interés Apremiante de Puerto Rico conforme al Título III de PROMESA (con sus modificaciones, el "Plan"), de la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") fue confirmada por el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico (el "Tribunal"). A menos que se defina lo contrario en esta Notificación, los términos en mayúscula que se utilizan en este documento tendrán el significado que se les asigna en el Plan y en la Orden de Ratificación.

NOTIFÍQUESE TAMBIÉN que la Fecha de Entrada en Vigor del Plan se produjo el [], 2019 y que el Plan se consumó sustancialmente.

NOTIFÍQUESE TAMBIÉN que cualquiera de las partes interesadas que desee obtener copias de la Orden de Ratificación, del Plan y de los documentos relacionados debe ponerse en contacto con Prime Clerk LLC, llamando por teléfono al (844) 822-9231 (número de llamada gratuita desde EE.UU. y Puerto Rico) o (646) 486-7944 (para llamadas internacionales), disponible de 10:00 a.m. a 7:00 p.m. (Hora Estándar del Atlántico) (disponible en español), o por correo electrónico a puertoricoballots@primeclerk.com, o puede ver dichos documentos accediendo a https://cases.primeclerk.com/puertorico/ o al sitio web del Tribunal, https://www.prd.uscourts.gov/. Se necesita una contraseña y un inicio de sesión para acceder a los documentos que figuran en el sitio web del Tribunal a través del sistema de Acceso Público a los Registros Electrónicos del Tribunal (PACER, por sus siglas en inglés) (http://www.pacer.psc.uscourts.gov).

NOTIFÍQUESE TAMBIÉN que, conforme a la Sección 1.6 y al Artículo III del Plan y las disposiciones del párrafo decretal 26 de la Orden de Ratificación, la fecha límite para radicar evidencias o solicitudes para el pago de Reclamaciones de Gastos Administrativos ("Solicitudes de Gastos Administrativos") es [], 2019; salvo que no se exige radicar evidencia de la Reclamación de Gastos Administrativos si se ha incurrido en dicha Reclamación de Gastos Administrativos (i) de acuerdo con una orden del Tribunal, o (ii) con el consentimiento por escrito de COFINA; y salvo que, de acuerdo con la sección 503(b)(1)(D) del Código de Quiebras, aplicable al presente documento conforme a la sección 301 de PROMESA, no se exige a ninguna unidad gubernamental, incluso, entre otras, el IRS, que radique una evidencia de una Reclamación de Gastos Administrativos para esa fecha, y, salvo, que dicha evidencia de Reclamación de Gastos Administrativos por parte de una unidad gubernamental se mantendrá sujeta a los derechos e intereses de COFINA y COFINA Reorganizada, según sea el caso, y cualquier otra parte interesada para interponer una objeción u otra defensa para la asignación o el pago de estos. Todas las Solicitudes de Gastos Administrativos se deben enviar a:

[_____]

Se considerará que las Solicitudes de Gastos Administrativos se han radicado oportunamente solo si **son recibidas efectivamente** por Prime Clerk a las **5:00 p.m. (Hora vigente del Atlántico)** el [] de 2019 (la "Fecha Límite Administrativa"). Las Solicitudes de Gastos Administrativos **no** se pueden enviar por fax, telecopia o transmisión de correo electrónico.

**NOTIFÍQUESE TAMBIÉN que, si se le exige que radique una Solicitud de Gastos Administrativos conforme a la Sección 1.6 y al Artículo III del Plan y las disposiciones del párrafo decretal 26 de la Orden de Ratificación y no lo hiciere para la Fecha Límite Administrativa fijada, se le prohibirá, impedirá y privará, a perpetuidad, de hacer valer dicha Reclamación de Gastos Administrativos (y radicar una Solicitud de Gastos Administrativos con respecto a dicha Reclamación de Gastos Administrativos) contra COFINA y sus bienes, y COFINA y COFINA Reorganizada serán liberadas a perpetuidad de toda y cualquier deuda o responsabilidad con respecto a dicha Reclamación de Gastos Administrativos.**

3

NOTIFÍQUESE TAMBIÉN que, conforme a la Sección 18.6 del Plan y las disposiciones del párrafo decretal 15 de la Orden de Ratificación, si el rechazo de un Contrato Condicional de Ejecución y Arrendamiento Vigente por parte del Deudor da como resultado daños a la otra parte u otras partes de dicho contrato o arrendamiento, si no se hubiere demostrado hasta entonces mediante la radicación de una evidencia de Reclamación, quedará prohibido a perpetuidad y no se podrá hacer valer contra COFINA, o sus bienes o representantes, sucesores o cesionarios, incluso, entre otros, COFINA Reorganizada, a menos que se radique una evidencia de Reclamación ante el Tribunal antes de que transcurran treinta (30) días de (i) la Fecha de Ratificación, y (ii) la fecha de emisión de una orden por parte del Tribunal autorizando el rechazo de un Contrato Condicional de Ejecución y un Arrendamiento Vigente en particular, lo que ocurra más tarde.

NOTIFÍQUESE TAMBIÉN que la Orden de Ratificación es completa, definitiva, plena, concluyente y vinculante y no estará sujeta a ataques colaterales u otras impugnaciones en ningún tribunal u otro foro por parte de (i) COFINA, (ii) COFINA Reorganizada (iii) el ELA, (iv) cada persona o entidad que presente reclamaciones u otros derechos oponibles a COFINA, el ELA o cualquiera de sus organismos, incluida una participación (directa o indirectamente en calidad de mandante, agente, contraparte, subrogado, aseguradora o por otro concepto) en los bonos emitidos por COFINA, el ELA o cualquiera de sus otros organismos; o con respecto a cualquier fideicomisario, cualquier agente colateral, cualquier fideicomisario designado por escritura, cualquier agente fiscal y cualquier banco que reciba o mantenga fondos relacionados con esos bonos, ya sea que dicha reclamación u otros derechos de dicha persona o entidad se vean afectados en virtud del Plan o de esta orden y, de ser afectados, sea que dicha persona o entidad hubiere aceptado o no el Plan, (v) cualquier otra persona y (vi) los herederos, sucesores y cesionarios, fideicomisarios, albaceas, administradores, funcionarios, directores, agentes, representantes, abogados, beneficiarios o tutores de las personas nombradas precedentemente.

Fecha:, 2019
San Juan, Puerto Rico

/s/ _____

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Chris Theodoridis (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera en representación del Deudor*

/s/ _____

Hermann D. Bauer
USDC Núm. 215205

4

**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Coabogados de la Junta de Supervisión y
Administración Financiera en representación del
Deudor*

4