# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------ x
In re:                                              :
                                                    :
THE FINANCIAL OVERSIGHT AND                         :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                   :  Title III
                                                    :
       as representative of                         :  Case No. 17-BK-3283 (LTS)
                                                    :
THE COMMONWEALTH OF PUERTO RICO et al.,             :  (Jointly Administered)
                                                    :
       Debtors.¹                                    :
------------------------------------------------------------------------ x
In re:                                              :
                                                    :
THE FINANCIAL OVERSIGHT AND                         :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                   :  Title III
                                                    :
       as representative of                         :  Case No. 17-BK-3567 (LTS)
                                                    :
THE PUERTO RICO HIGHWAYS AND                        :
TRANSPORTATION AUTHORITY,                           :
                                                    :
       Debtor.                                      :
------------------------------------------------------------------------ x
```

**LIMITED JOINDER OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD'S RESPONSE TO DRA PARTIES' OPENING RESPONSE TO (I) MOTION OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AMBAC ASSURANCE CORPORATION, NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, AND FINANCIAL GUARANTY INSURANCE COMPANY FOR RELIEF FROM THE AUTOMATIC STAY, OR, IN ALTERNATIVE, ADEQUATE PROTECTION [DKT. NO. 10102], AND (II) OPPOSITION OF FINANCIAL**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO MOTION OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AMBAC ASSURANCE CORPORATION, NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, AND FINANCIAL GUARANTY INSURANCE COMPANY FOR RELIEF FROM THE AUTOMATIC STAY, OR, IN ALTERNATIVE, ADEQUATE PROTECTION [DKT. NO. 10613]**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[2] hereby files this limited joinder (the "Limited Joinder") in support of the Financial Oversight and Management Board for Puerto Rico's ("Oversight Board") *The Financial Oversight and Management Board's Response to DRA Parties' Opening Response to (I) Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection [Dkt. No. 10102], and (II) Opposition of Financial Oversight and Management Board for Puerto Rico to Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection [Dkt. No. 10613]* (the "Response") [Docket. No. 12496 in Case No. 17-3283]. In connection with the Response, the Committee respectfully states as follows:

1. The Committee hereby joins the Oversight Board with respect to the third through sixth sentences of paragraph 12, paragraph 13, and paragraphs 16-21 of the Response. The Committee reserves its rights to adopt any arguments that it has not expressly joined in the future in this or other proceedings, as well as to raise additional arguments beyond the issues to be addressed at the preliminary hearing on the motions to lift the automatic stay.

2. In addition, the Committee notes that the uniform preemption of state law priorities is not based on any specific statutory preemption provision, but rather on the very

---

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

3

structure of the Bankruptcy Code. The Bankruptcy Code (and the Bankruptcy Act before it) was "quite explicit in its ordering of priorities," and, therefore, "courts have consistently treated the distributional priorities created by the Bankruptcy Act as a paramount congressional policy which must predominate in the face of conflicting state or even federal law." *In re Faber's, Inc.*, 360 F. Supp. 946, 948 (D. Conn. 1973). Similarly recognizing that the creation of a federal bankruptcy priority scheme is, by definition, exclusive of and in conflict with any other law of distributional priority, the Sixth Circuit has held that it is "clear that the Bankruptcy Act of 1978 explicitly defined the order of creditor priority and declared the congressional intent of federal supremacy over declared but conflicting state law orders of priority." *First Fed. of Michigan v. Barrow*, 878 F.2d 912, 915 (6th Cir. 1989).[3]

3. The DRA Parties ignore all of this case law, arguing only that because PROMESA does not incorporate most of section 507, this is evidence that Congress did not intend to occupy the field and displace existing territorial law with respect to priority. However, this precise argument was rejected by the Orange County court, which held that "simply because Congress did not incorporate § 507(a)(2) through (a)(9) into chapter 9 does not lead to the sweeping, and potentially chaotic, conclusion that Congress intended to eliminate the federal priority scheme in chapter 9." *In re Cty. of Orange*, 191 B.R. 1005, 1021 (Bankr. C.D. Cal. 1996).

4. As these courts have uniformly recognized, when Congress creates a specific set of priorities, any other non-specified priority is in conflict with, and therefore preempted by, the

---

[3] *See also In re Redford*, 54 B.R. 254, 255 (Bankr. N.D. Ill. 1985) ("Priority of distribution in a bankruptcy case is governed exclusively by sections 507 and 726 of the Bankruptcy Code."); *In re Kitty Hawk, Inc.*, 255 B.R. 428, 439 (Bankr. N.D. Tex. 2000) ("Where a state statute would alter the priority of claims in a bankruptcy case, the state statute is pre-empted by the Code."); *In re Argubright*, 532 B.R. 888, 896–97 (Bankr. W.D. Tex. 2015) ("to the extent that a state statute purports to establish the priority of a claim over other claims, that statute is preempted by the Code and of no effect in the bankruptcy case").

4

specific set of priorities adopted by Congress. This structural preemption logic has been applied to the Bankruptcy Act, the Bankruptcy Code, and in chapter 9—and it applies with full force to PROMESA.

### **CERTIFICATION**

5. Pursuant to Section 9 of the *Final Case Management Order for Revenue Bonds* [Docket No. 729 in Case No. 17-3576], the Committee certifies that it has taken reasonable efforts by coordinating with the Oversight Board to avoid duplicative briefing or to avoid submitting a brief that is not longer than necessary.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that this Court deny the lift stay motions.

| | |
|---|---|
| Dated: March 23, 2020 | By: /s/ Luc A. Despins |
| | |
| | PAUL HASTINGS LLP |
| | Luc A. Despins, Esq. *(Pro Hac Vice)* |
| | James R. Bliss, Esq. *(Pro Hac Vice)* |
| | James B. Worthington, Esq. *(Pro Hac Vice)* |
| | G. Alexander Bongartz, Esq. *(Pro Hac Vice)* |
| | 200 Park Avenue |
| | New York, New York 10166 |
| | Telephone: (212) 318-6000 |
| | lucdespins@paulhastings.com |
| | jamesbliss@paulhastings.com |
| | jamesworthington@paulhastings.com |
| | alexbongartz@paulhastings.com |
| | |
| | *Counsel to the Official Committee of Unsecured Creditors* |
| | |
| | By: /s/ Juan J. Casillas Ayala |
| | |
| | CASILLAS, SANTIAGO & TORRES LLC |
| | Juan J. Casillas Ayala, Esq. (USDC - PR 218312) |
| | Israel Fernández Rodríguez, Esq. (USDC - PR 225004) |
| | Juan C. Nieves González, Esq. (USDC - PR 231707) |
| | Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008) |
| | PO Box 195075 |
| | San Juan, Puerto Rico 00919-5075 |
| | Telephone: (787) 523-3434 |
| | Fax: (787) 523-3433 |
| | jcasillas@cstlawpr.com |
| | ifernandez@cstlawpr.com |
| | jnieves@cstlawpr.com |
| | crernandez@cstlawpr.com |
| | |
| | *Local Counsel to the Official Committee of Unsecured Creditors* |