**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK-3283-LTS<br><br>(Jointly Administered) |

**STIPULATION AND AGREED ORDER (A) ALLOWING PRIFA BANS GUARANTEE CLAIM, (B) AUTHORIZING ESCROW OF PRIFA FUNDS AND (C) DIRECTING THE DISMISSAL OF LITIGATION WITH PREJUDICE**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), on behalf of itself (solely with respect to the obligations set forth in paragraph 6 of this Stipulation) and as representative of the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] the Puerto Rico Infrastructure Financing Authority ("PRIFA"), by and through the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and Puerto Rico Ban (VL) LLC, Puerto Rico Ban (CI) LLC, Puerto Rico Ban (CIII) LLC, Puerto Rico Ban (CE) LLC, Puerto Rico Ban (IV) LLC, Puerto Rico Ban (V) LLC and MacKay Shields

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

LLC, solely in its capacity as investment manager on behalf of one or more of its clients and accounts, and not in its individual capacity, (collectively, the "PRIFA BANs Bondholders", and, together with the Commonwealth and PRIFA, the "Parties") hereby enter into this stipulation (the "Stipulation") and agree as follows:

**RECITALS**

  A. On or about March 1, 2015, PRIFA issued a series of bond anticipation notes designated as Puerto Rico Infrastructure Financing Authority, Dedicated Tax Fund Revenue Bond Anticipation Notes, Series 2015 (collectively, the "PRIFA BANs"), in the aggregate original principal amount of Two Hundred Forty-Five Million Nine Hundred Fifty-Five Thousand Dollars ($245,955,000.00), pursuant to Act No. 1 of 2015 of the Legislature of Puerto Rico, as amended, Act No. 44 of the Legislature of Puerto Rico, approved June 21, 1988, as amended, Resolution No. 15-06 adopted by PRIFA on February 27, 2015, and that certain Trust Agreement, dated as of March 1, 2015, (the "Trust Agreement"), between PRIFA and The Bank of New York Mellon, as trustee (the "Trustee"), relating to the PRIFA BANs.

  B. The PRIFA BANs are payable from, and asserted by the PRIFA BANs Bondholders and the Trustee to be secured by, a pledge of certain assets and revenues of PRIFA, which include (i) a $6.25 per barrel petroleum products tax on non-diesel products, (ii) any funds received by PRIFA pursuant to the terms of that certain Financial Assistance Agreement, dated as of March 1, 2015, between PRIFA and the Puerto Rico Highways and Transportation Authority, and (iii) any additional revenues pledged to PRIFA in accordance with the Trust Agreement, including any amounts received from the Commonwealth in accordance with its guarantee of payment of the PRIFA BANs.

2

C. Payment of the PRIFA BANs is guaranteed by the Commonwealth and the good faith, credit and taxing power of the Commonwealth is pledged to the payment of the principal and interest of the PRIFA BANs.

D. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a) in the United States District Court for the District of Puerto Rico (the "Court"), commencing a case under Title III thereof (the "Commonwealth Title III Case").

E. Pursuant to PROMESA section 315(b), the Oversight Board is the representative of the Commonwealth as the debtor in the Commonwealth Title III Case.

F. On June 28, 2018, certain of the PRIFA BANs Bondholders filed proofs of claim, Claim Nos. 88593, 99448, 112113, 115645, 125736 and 138631, in the Commonwealth Title III Case with respect to liabilities allegedly associated with PRIFA BANs, in the aggregate amount of not less than $66,326,633.72 (the "Bondholders PRIFA/CW Claim").

G. On May 24, 2018, the Trustee filed a proof of claim, Claim No. 19814, in the Commonwealth Title III Case with respect to liabilities allegedly associated with PRIFA BANs (the "Trustee PRIFA/CW Claim" and, together with the Bondholders PRIFA/CW Claim, the "CW BANs Claims").

H. On April 1, 2019, certain of the PRIFA BANs Bondholders filed a complaint, styled Puerto Rico BAN (VL) LLC, et al. v. United States of America, Case No. 19-482C (Fed. Cl. Filed Apr. 1, 2019), currently pending in the United States Court of Federal Claims, seeking a declaratory judgment against the United States of America and just compensation for the

alleged unconstitutional taking of such PRIFA BANs Bondholders' property by the Oversight Board (the "Takings Litigation").

I. On May 1, 2019, the Special Claims Committee of the Oversight Board (the "SCC"), together with the Statutory Committee of Unsecured Creditors appointed in the Commonwealth Title III Case (the "Creditors' Committee"), filed a complaint, styled The Special Claims Committee of the Financial Oversight and Management Board, et al. v. The Bank of New York Mellon, et al., Adv. Pro. No. 19-00269, currently pending in the Court, with respect to, among other things, the PRIFA BANs, payments made with respect to the PRIFA BANs and the validity and scope of any liens and security interests asserted by the Trustee and holders of PRIFA BANs (the "Declaratory Judgment Litigation").

J. On May 2, 2019, the Oversight Board, the SCC and the Creditors' Committee filed the complaints styled (i) The Financial Oversight and Management Board, et al. v. Ada R. Valdivieso, et al., Adv. Pro. No. 19-00295, and (ii) The Special Claims Committee of the Financial Oversight and Management Board, et al. v. Alan Friedman, et al., Adv. Pro. No. 19-00296, each currently pending in the Court, seeking declaratory relief with respect to the Commonwealth's guarantee of the PRIFA BANs and the avoidance of liens, if any, securing such guarantee obligation (the "Lien Avoidance Litigation").

K. On January 8, 2020, the Creditors' Committee filed that certain Official Committee of Unsecured Creditors' Omnibus Objection on Constitutional Debt Limit Grounds to (I) Claim of Government Development Bank for Puerto Rico [Claim Number 29485] Based on Certain Commonwealth-Issued Notes and on Commonwealth Guaranty of Certain Bonds Issued by Port of Americas Authority, (II) Claim of ScotiaBank de Puerto Rico [Claim Number 47658] Based on Full Faith and Credit Note Issued by Puerto Rico General Services

Administration, and (III) Claims Filed or Asserted Against Commonwealth Based on Commonwealth Guaranty of Certain Notes Issued by Puerto Rico Infrastructure Authority, dated January 8, 2020 [ECF No. 9735], objecting to the proofs of claim asserted against the Commonwealth in respect of the Commonwealth's guarantee of payment of the PRIFA BANs (the "UCC Objection", and together with the Declaratory Judgment Litigation and the Lien Avoidance Litigation, the "Title III BANs Litigation").

L. On September 27, 2019, the Commonwealth filed that certain *Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 8765].

M. On September 27, 2019, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Puerto Rico Public Buildings Authority ("PBA") pursuant to PROMESA section 304(a) in the Court, commencing a case under Title III thereof (the "PBA Title III Case").

N. In addition to the Bondholders PRIFA/CW Claims, the PRIFA BANs Bondholders hold and have asserted claims against the Commonwealth and/or PBA with respect to other indebtedness.

O. On February 9, 2020, the Oversight Board entered into that certain Plan Support Agreement (the "PSA") with, among others, holders of claims against the Commonwealth and PBA, including the PRIFA BANs Bondholders, with respect to the terms and conditions for a plan of adjustment for, among other Title III debtors, the Commonwealth and PBA, and setting forth the proposed treatment for claims, including, without limitation, the CW BANs Claims upon the effective date of such plan of adjustment (the "Effective Date").

5

P. Pursuant to the PSA, the Oversight Board has agreed to file a plan of adjustment consistent with the terms of the PSA (such plan of adjustment, as may be amended, modified, or supplemented from time to time, the "Plan") by no later than February 28, 2020.

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby agree as follows:

1. On or prior to fourteen (14) days from the date hereof, unless otherwise agreed to by the Parties, the Commonwealth, by and through the Oversight Board as its Title III representative, shall file a motion in the Commonwealth Title III Case seeking entry of an order approving this Stipulation (the "Approval Motion").

2. On or prior to fifteen (15) business days following the entry of an order by the Court approving this Stipulation, PRIFA shall deposit Twelve Million Six Hundred Fifty-Seven Thousand, Five Hundred and Eight Dollars and Eighty-One Cents ($12,657,508.81), in cash, into a segregated interest-bearing account (the "Escrow Account") for the payment of principal and accrued and unpaid interest on the PRIFA BANs, subject to and in accordance with the terms of this Stipulation.

3. Upon the occurrence of the Effective Date:

    a. The funds held in the Escrow Account shall be released to the Trustee, for the benefit of the holders of the PRIFA BANs, in payment of principal and accrued and unpaid interest with respect to the PRIFA BANs, in full and complete satisfaction of PRIFA's obligations pursuant to the PRIFA BANs, the Trust Agreement, the Financial Assistance Agreement and all other documents, agreements and instruments related thereto, including, without limitation, any claims and causes of action arising from or related to Section 8 of Article VI of the Constitution of the Government of Puerto Rico, 3 L.P.R.A §1914, and Commonwealth of Puerto Rico Administrative Bulletin Nos. OE-2015-46, OE-2016-27 and OE-2016-30, and the PRIFA BANs Bondholders shall take any and all necessary action as may be reasonably requested by the Oversight Board, the Commonwealth or PRIFA to cause the Trustee to release any and all liens and security interests granted, or alleged to have been granted, with respect to the PRIFA BANs, including, without limitation, the

  Trust Agreement and the Financial Assistance Agreement; <u>provided</u>, <u>however</u>, that, notwithstanding the foregoing, in the event that (i) the Court denies confirmation of the Plan, (ii) prior to the Effective Date, the Confirmation Order (as defined in the Plan) is vacated pursuant to a Final Order (as defined in the Plan), (iii) the PSA is terminated solely as to Fir Tree, (iv) the PSA is terminated as to all parties, or (v) this Stipulation is terminated pursuant to the terms hereof, then, in each case, the funds held in the Escrow Account shall be released and returned promptly to PRIFA; and provided, further, to the extent the Trustee lacks the authority to accept the funds held in the Escrow Account in full and complete satisfaction of the PRIFA BANs and all related claims as set forth above, the Government Parties shall have the right to terminate the Stipulation and the funds held in the Escrow Account shall be released and returned promptly to PRIFA;

 b. The Takings Litigation shall be deemed dismissed, with prejudice, and the PRIFA BANs Bondholders shall take any and all necessary action, including, without limitation, filing such motions, stipulations or other pleadings in the United States Court of Federal Claims to effectuate such dismissal, of the Takings Litigation, with prejudice, and to release the defendants therein of all claims and causes of action with respect thereto; and

 c. The Title III BANs Litigation, solely with respect to (1) the PRIFA BANs, (2) payments made with respect to the PRIFA BANs, (3) the validity and scope of any liens and security interests asserted by holders of PRIFA BANs and the Trustee, and (4) the Commonwealth's guarantee of the PRIFA BANs and solely with respect to (i) the Trustee and (ii) holders of PRIFA BANs that have voted to accept the Plan, shall be deemed dismissed and/or denied, with prejudice, and the Oversight Board and the SCC shall take any and all necessary action as may be reasonably requested by the Trustee or such accepting holders of PRIFA BANs, including, without limitation, filing such notices, stipulations or other pleadings in the Court, to effectuate such dismissal and/or denial of the Title III BANs Litigation, with prejudice.

4. On the Effective Date, in full and complete satisfaction of the Commonwealth's obligations pursuant to the PRIFA BANs, (a)(i) the Trustee PRIFA/CW Claim shall be deemed an Allowed CW Guarantee Bond Claim (as defined in the Plan) in the aggregate amount of Eighty-Three Million Five Hundred Eighty-Nine Thousand One Hundred One Dollars and Sixty-Seven Cents ($83,589,101.67) (the "<u>Allowed Claim</u>") and (ii) the Commonwealth shall make distributions to the Trustee with respect to the Allowed Claim in accordance with the terms and provisions of the Plan; and (b) subject to receipt by the Trustee of the distributions set forth in

Section 3(a) in accordance with the terms thereof, the Bondholders PRIFA/CW Claim shall be deemed disallowed and expunged from the claims registry of the Commonwealth Title III Case; provided, however, that, to the extent that Fir Tree or the PRIFA BANs Bondholders, as the case may be, have not defaulted on their obligations pursuant to the PSA and this Stipulation, in connection with the solicitation of acceptances and rejections to the Plan, the Trustee PRIFA/CW Claim shall be deemed temporarily allowed solely for voting purposes in the amount of the Allowed Claim.

5. From and after the date hereof, the PRIFA BANs Bondholders shall (a) vote to accept the Plan, or direct the Trustee to vote and support the Plan, in accordance with the terms and conditions of the PSA, (b) take any and all actions consistent with the terms and conditions of the PSA.

6. In the event that PRIFA commences a case under Title III of PROMESA prior to the Effective Date, PRIFA (through the Oversight Board) shall, within twenty (20) business days of the commencement of such Title III case, file a motion with the Court to assume this Stipulation.

7. This Stipulation shall terminate, and thereafter shall be null and void and deemed of no further force and effect upon the occurrence of one of the following events: (a) the PSA is terminated, (b) Fir Tree's termination of the PSA solely with respect to Fir Tree in accordance with the terms and conditions of the PSA, (c) unless otherwise consented to by Fir Tree (in its sole discretion), in writing, (i) this Stipulation has not been approved by the Court by the date that is ten (10) business days prior to the deadline to object to the adequacy of information set forth in the Disclosure Statement, as defined in the PSA or (ii) the Oversight Board has not filed the Approval Motion in accordance with the terms of this Stipulation, (d) in Fir Tree's sole

discretion upon the Oversight Board or PRIFA's breach of any of the terms or provisions of this Stipulation, or (e) in the Oversight Board's or AAFAF's sole discretion upon Fir Tree's breach of any of the terms or provisions of the PSA or this Stipulation.

8. The parties hereto represent and warrant that they are duly authorized to enter into and be bound by this Stipulation.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

10. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

Dated: March 10, 2020

                              **FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO**

                              By: /s/ Brian S. Rosen

                              Brian S. Rosen
                              **PROSKAUER ROSE LLP**
                              Eleven Times Square
                              New York, NY 10036
                              Tel: (212) 969-3000
                              Fax: (212) 969-2900

                              *Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth*

**THE COMMONWEALTH OF PUERTO RICO**

By: Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico

By: /s/ Brian S. Rosen

Brian S. Rosen
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth*


THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY, ON BEHALF OF THE PUERTO RICO INFRASTRUCTURE FINANCING AUTHORITY

By: /s/
Name: Omar Marrero
Title: Executive Director
Date: March 9, 2020

**FIR TREE CAPITAL MANAGEMENT, LP,** on behalf of itself and funds for which it serves as investment manager or advisor

By: _____
    5BADCE629D37411...
Name: ___Brian Meyer___
Title: ___Authorized Person___

**MACKAY SHIELDS LLC,** solely in its capacity as investment manager on behalf of one or its clients and accounts, and not in its individual capacity

By: /s/
Name: L.A. DiMella
Title: Ex. Mgn. Director

13

114397394v2