## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 17 BK 3283-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | PROMESA TITLE III |
| As representative of THE COMMONWEALTH OF PUERTO RICO, et al., | |
| Debtors | |
| Maria C. Figueroa Torres Creditor | |

## MOTION REQUEST TIME FOR RESPONSE

To the Honorable United States District Judge Laura Taylor Swain:

Comes now, Maria Consuelo Figueroa Torres, (creditor) through its undersigned counsel and very respectfully alleges and prays:

1. On January 14, 2020, the debtor filed   ONE HUNDRED TWENTY-SEVENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS ASSERTING INTERESTS BASED ON SALARY DEMANDS, EMPLOYMENT OR SERVICES PROVIDED.[1] Docket no.: 9897

2. The basis is deficient and Reason: Proof of claim purports to assert liabilities associated

---

[1] Response under ELEVENTH AMENDED NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES. Claims 135315.

with the Commonwealth of Puerto Rico, but fails to provide any basis or supporting documentation for asserting a claim against the Commonwealth of Puerto Rico, such that the Debtors are unable to determine whether claimant has a valid claim against the Commonwealth of Puerto Rico or any of the other Title III debtors

3. ASSERTED CLAIM AMOUNT is undetermined and case status is pending objection.

4. The creditor, Maria C. Figueroa Torres has principal residence in Peñuelas, Puerto Rico, one of the most affected cities in Puerto Rico by several earthquakes; Puerto Rico southwest town. A magnitude 5.9 earthquake shook Puerto Rico on Saturday January 11, 2020, causing a landslide in the southern municipality of Peñuelas. On Peñuelas, a landslide sent people running, Telemundo Puerto Rico reported. Video of the landslide shows dust kicking up on a hillside as people below run in different directions. Drone video published by Metro Puerto Rico shows barren mountainside in the aftermath of the slide. The creditor had difficult for response on time. She had fear for your safety, property and your life.  The creditor has almost 65 years old; her birthday is on May 25, 2020 and your parent live in United States of America; the creditor has no person that can help her.

5. On January 7-8, 2020, the United States District Court for the District of Puerto Rico ordered all Clerk's Office facilities closed and suspended court proceedings due to the emergency which arose because of several earthquakes and after-shocks which affected the District of Puerto Rico. This emergency impeded the ability of attorneys, litigants, witnesses, jurors, and others in the performance of their duties and obligations with respect to legal processes, hearings, and deadlines. To equitably address this situation, the Court, in the exercise of its administrative authority, has determined to extend all deadlines, including speedy trial.   Therefore, all deadlines, including speedy trial, set during the

period encompassed between January 7, 2020 and January 10, 2020, both inclusive, are
extended until January 13, 2020.

6.   And now, island is public emergency for corona virus, Covid 19.

7.   The creditor needs request information that is in Department of Health of Commonwealth
     of Puerto Rico. But public offices are closed till March 30, 2020.

8.   By this reasons, the creditor requests permission to submit and serving a response after the
     deadline and additional time for submit response.

9.   Creditor was public employment since June 30, 1977 till June 30, 2000.  She worked for
     Commonwealth of Puerto Rico, Departments of HealthShe worked specifically, District
     Hospital or Jose N. Gandara Hospital of Ponce, Puerto Rico. Creditor worked as graduate
     or professional nurse level Nurse Level III; and then, I since March 16, 1978 to June 30,
     2000. Creditor was regular career employee. Creditor finish of work on government of
     Puerto Rico consequence of hospital sale to Corporation Servicios de Salud Episcopales.

10.  We  have looked for different methods to answer the claim correctly but we have not been
     successful.

11.  Procedural due process imposes constraints on governmental decisions which deprive
     individuals of "liberty" or "property" interests within the meaning of the Due Process
     Clause of the Fifth or Fourteenth Amendment.

12.  The Supreme Court in Mathews v. Eldridge, 424 U.S. 319 (1976) said:

     (a) "(D)ue process is flexible and calls for such procedural protections as the
     particular situation demands," Morrissey v Brewer, 408 US 471, 481, 92 SCt 2593, 2600,
     33 LEd2d 484 Resolution of the issue here involving the constitutional sufficiency of
     administrative procedures prior to the initial termination of benefits and pending review,
     requires consideration of three factors: (1) the private interest that will be affected by the

*official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and (3) the Government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail*

*(b) The private interest that will be adversely affected by an erroneous termination of benefits is likely to be less in the case of a disabled worker than in the case of a welfare recipient, like the claimants in Goldberg, supra.*

The Supreme Court of Puerto Rico said in Fuentes González v. Badillo et al. 2003 TSPR

146 that:

*A la luz de los criterios de Mathews v. Eldridge, supra, la jurisprudencia ha establecido diversos requisitos que todo procedimiento adversativo debe cumplir para satisfacer las exigencias mínimas del debido proceso, a saber: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se base en la evidencia presentada y admitida en el juicio. Rivera Santiago v. Srio. de Hacienda, supra, en la pág. 274; Rivera Rodríguez v. Lee Stowell, supra; Domínguez Talavera v. Tribunal Superior, 102 D.P.R. 423, 428 (1974); Pueblo v. Pérez Santaliz, 105 D.P.R. 10, 23 (1976); Pueblo v. Andréu González, 105 D.P.R. 315, 320 (1976).*

**13.** Also in Goldberg v. Kelly 397 U.S. 254 (1970), the U.S. Supreme Court said:

*The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel' Powell v Alabama, 287 US 45, 68-69, 53 SCt 55, 64, 77 LEd 158 (1932) We do not say that counsel must be provided at the pre termination hearing, but only that the recipient must be allowed to retain an attorney if he so desires Counsel can help delineate the issues, present the factual contentions in an orderly manner, conduct cross-examination, and generally safeguard the interests of the recipient We do not anticipate that this assistance will unduly prolong or otherwise encumber the hearing Evidently HEW has reached the same conclusion See 45 CFR § 20510, 34 FedReg 1144 (1969); 45 CFR § 22025, 34 FedReg 13595 (1969).*

*Finally, the decision maker's conclusion as to a recipient's eligibility must rest solely on the legal rules and evidence adduced at the hearing Ohio Bell Tel Co v PUC, 301 US 292, 57 SCt 724, 81 LEd 1093 (1937); United States v Abilene & SR Co, 265 US 274, 288-289, 44 SCt 565, 569-570, 68 LEd 1016 (1924) To demonstrate compliance with this elementary requirement, the decision maker should state the reasons for his determination and indicate the evidence he relied on, cf Wichita R & Light Co v PUC, 260 US 48, 57-59, 43 SCt 51, 54-55, 67 LEd 124 (1922), though his statement need not amount to a full opinion or even formal findings of fact and conclusions of law And, of course, an impartial decision maker is essential.*

14. If this Honorable Court does not grand this motion, the creditor, Maria Consuelo Figueroa Torres, could be adversely affected by an erroneous amount of credit. This lawyer also can help delineate the issues, present the factual contentions in an orderly manner, conduct and generally safeguard the interests of creditor, being as the creditor has almost 65 years old, her children live in United States of America and the creditor has no person that can help her with this process. And is now that the creditor has attorney. On January and February, the undersigned attorney could not have this document out public office by emergency situation of island. Also, we have looked for different methods to answer the claim correctly but we have not been successful.

WHEREFORE the creditor Maria C. Figueroa Torres respectfully prays that this motion be granted for the reason was filed, this Court takes notice of the above stated; granting the creditor requests permission to submit and serving a response after the deadline; and further relief as is just.

## Notice

The Debtor has provided notice of this motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;3 (i) all parties filing a notice of appearance in these Title III cases; and (j) Movant. A copy of the motion is also available on the Debtors' case website at https://cases.primeclerk.com/puertorico.

CERTIFICATE OF SERVICE I hereby certify that same date, filed with the clerk of the

Court using CM/ECF system and notice by electronic transmission -true and exact copy- was sent

to the following persons/entities by the Bankruptcy Noticing Center to the Office of the United

States Trustee:

I certificate  also that claimant does not is a service member as required by § 201(b)(1) of

the Service Members Civil Relief Act of 2003 ("SCRA").

RESPECTFULLY SUBMITTED.

In Ponce for San Juan, Puerto Rico this March 24, 2020.

Attorney: /S/Vanessa Hernández Rodríguez, Esq.
Attorney for Debtor
USDC-PR 306703
Street Aurora 4140, Suite 1
Ponce, Puerto Rico 00717-1203
Telephone number: (787) 840-0804
Cell phone:    (787) 548-6208
Fax number: (787) 840-0804
E-mail: hernandezrodriguez.v@gmail.com