UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------ x
                                                                         :
                                                                         :
In re:                                                                   :
                                                                         :
THE FINANCIAL OVERSIGHT AND                                              :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                        :   Title III
                                                                         :
       as representative of                                              :
                                                                         :   Case No. 17-BK-3283 (LTS)
                                                                         :
THE COMMONWEALTH OF PUERTO RICO, et al.,                                 :   (Jointly Administered)
                                                                         :
                                                                         :
                                                                         :
       Debtors.¹                                                         :
------------------------------------------------------------------------ x
```

**RESPONSE OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO URGENT MOTION TO ADJOURN HEARING TO
CONSIDER ADEQUACY OF INFORMATION CONTAINED IN
DISCLOSURE STATEMENT AND RELATED DEADLINES**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")² respectfully submits

this response (the "Response") to the *Urgent Motion to Adjourn Hearing to Consider the*

*Adequacy of Information Contained in the Disclosure Statement and Related Deadlines* [Docket

---

¹ The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

² The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

No. 12485] (the "Urgent Motion").³ In support of this Response, the Committee states as follows:

**RESPONSE**

1. The Committee supports the adjournment of the hearing to consider approval of the Disclosure Statement and the related motion to approve solicitation procedures [Docket No. 11950] (the "Disclosure Statement Motion"). Indeed, seven days ago, the Committee informally requested that the Oversight Board put these Title III cases on hold in light of the COVID-19 crisis (which request was rejected).

2. The Committee also agrees with the Oversight Board that "the Government and the Oversight Board's **sole focus** should be on getting Puerto Rico through this unfortunate crisis." Urgent Motion ¶ 5 (citing Press Release) (emphasis added).⁴ However, the Committee is at a loss to understand why, if all energy and efforts should be focused on addressing this crisis, the Oversight Board is pursuing a piecemeal litigation approach by seeking to adjourn some matters (such as the hearing on the Disclosure Statement) while pressing forward on others (with, in some instances, only a limited adjournment of a few weeks), including the following:

   a. The Oversight Board's motion (filed less than 24 hours ago) seeking approval of a stipulation that would allow the claims of holders of PRIFA BANs in full in an amount of more than $83 million as 2014 CW Guarantee Bond Claims (Class 37) under the plan of adjustment (with objections due on April 7, 2020 and a hearing set for April 22, 2020).⁵

   b. The motion of the Oversight Board, PREPA, and AAFAF seeking approval of settlements embodied in the PREPA restructuring support

---

³ Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Urgent Motion.

⁴ The Committee also supports the filing of a status report by the Oversight Board on or before May 15, 2020 to advise the Court and parties in interest of, among other things, the effects of COVID-19 on the Commonwealth, the measures being undertaken in the Commonwealth to address the pandemic, and a proposed schedule for the hearing on the approval of the Disclosure Statement and related deadlines.

⁵ The Committee reserves all its rights in regard to this motion.

2

      agreement (with replies currently due on April 14, 2020, sur-replies currently due on May 26, 2020, pre-trial motion practice in May and June 2020, and hearings currently set for June 17 and 18, 2020);

    c. The motions of certain insurers of bonds issued by HTA, PRIFA, and CCDA seeking relief from the automatic stay to pursue remedies against the Commonwealth with respect to the so-called "clawback" revenues (with a proposed reply deadline of April 14, 2020 and a proposed date for the preliminary hearing on April 22, 2020);[6]

    d. Upcoming summary judgment briefing in three adversary proceedings challenging the claims and liens of holders and/or insurers of bonds issued by HTA, PRIFA, and CCDA (with opening briefs proposed to be filed by April 10, 2020 and a proposed date for the summary judgment hearing during the week of June 8, 2020);

    e. Litigation challenging the scope of liens asserted by holders of ERS bonds and the validity of such bonds on *ultra vires* grounds (with discovery and briefing to continue during the months of April, May, and June 2020); and

3. Moreover, it has been reported that the Chair of the Oversight Board, Mr. José B. Carrión, stated yesterday that, in regard to the proposed plan of adjustment:

- "everything is on the table;"

- "things have changed materially;"

- the "logical implication [of recent events] is that the Puerto Rico we live in, and its capacity to pay debt, is not the same as it was a week ago;"

- the plan of adjustment would not move forward as "currently structured;"

- a majority of the Oversight Board would "share" his understanding that "everything has to be re-evaluated including the debt cut and the pension issue."[7]

---

[6] The proposed dates with respect to the lift stay motions and the summary judgment briefing in the revenue bond adversary proceedings reflect an adjournment of the prior schedule of approximately 2-3 weeks (to which adjournment the Oversight Board agreed).

[7] *See Oversight Board Stresses Covid-19 Focus as Carrión Foresees Changes to Plan of Adjustment as 'Currently Structured,'* Reorg Research, March 24, 2020, a copy of which is attached hereto as **Exhibit A**. The Committee recognizes that, since Mr. Carrion's reported statements, Natalie Jaresko is reported to have said that Mr. Carrion was offering his personal impressions on the matter and that, at this time, the Oversight Board has not discussed whether the cut in pensions will continue in light of the COVID-19 crisis.

4. Given this state of affairs, the entire rationale for deferring consideration of critical threshold legal issues, such as the asserted priority of GO bonds, in favor of a plan of adjustment, seems to have completely disappeared. The Oversight Board needs to put forth a clear and consistent rationale (particularly in light of the statements of its Chair) as to why certain matters should be adjourned, certain matters should remain stayed, and other matters should move forward. In no event should this unprecedented health crisis be "weaponized" by anyone to obtain a strategic advantage in these Title III cases.[8]

5. The Committee does not oppose, at this time, the Oversight Board and the Puerto Rico Government focusing all their energy and efforts on addressing the COVID-19 crisis. However, the logical implication of that position should be that all pending matters in these Title III cases be put on hold. If the Oversight Board insists, however, on selectively pursuing litigation while at the same time questioning the plan it used as a sword to stay litigation of critical legal issues, then all such issues (including the GO priority issue), not only the Oversight Board's "selected issues," should move forward.

6. In addition, the Committee submits that, in the event the Court is inclined to grant the Urgent Motion without condition, once the temporary pause is lifted the hearing dates and related deadlines be reset so as to maintain the same time intervals as under the current timetable for approving the Disclosure Statement. For example, (a) the time interval between the entry of the Scheduling Order (*i.e.*, March 10, 2020) and the current deadline to object to the Disclosure Statement and the Disclosure Statement Motion (*i.e.*, April 24, 2020) is 45 days and (b) the time

---

[8] The Committee notes that the COVID-19 crisis has affected virtually every professional involved in these Title III cases, just like all other members of society, whether they are located in Puerto Rico, New York, or elsewhere. In fact, the Committee is aware of various professionals that have been quarantined, have friends or family members in quarantine (or have tested positive for the COVID-19 virus), and/or are currently limited in their ability to travel or commute to work as a result of lockdowns and curfews.

period between entry of the Scheduling Order and the current hearing on the Disclosure Statement (*i.e.*, June 3, 2020) is 85 days. Therefore, upon entry of an order lifting the temporary pause, the deadline to object to the Disclosure Statement should be set no less than 45 days after entry of such order and the hearing on the Disclosure Statement should be set no less than 85 days after entry of such order. Similarly, any motions that are currently scheduled to be heard prior to the hearing on the Disclosure Statement but are being adjourned should be heard prior to the rescheduled hearing on the Disclosure Statement once the clock restarts.

7. Finally, the Committee requests that, at a minimum, two technical clarifications be made to the proposed order attached to the Urgent Motion. <u>First</u>, the order should be clarified to expressly provide that the hearing on the **Disclosure Statement Motion** (and not just the approval of the Disclosure Statement) and the related deadlines are also being adjourned. The Committee believes that the Oversight Board intends to seek such an adjournment; however, the Urgent Motion only refers to the "hearing to consider the adequacy of the information contained in the Disclosure Statement" (which the Urgent Motion defines as the "<u>Disclosure Statement Hearing</u>") and related deadlines. Similarly, it appears that the proposed order would only adjourn the Disclosure Statement Hearing (as defined in the Urgent Motion) and "related deadlines set forth in Paragraph 2 of the Scheduling Order." It is unclear whether the reference to such related deadlines would include the hearing on the Disclosure Statement Motion. The Committee submits that it makes little sense to adjourn only the hearing on the approval of the Disclosure Statement but let the hearing on the approval of the related solicitation procedures go forward on June 3, 2020. Accordingly, the Committee requests that the proposed order be clarified to provide that the hearing on the Disclosure Statement Motion and the related deadlines are also being adjourned.

8. <u>Second</u>, the proposed order should make clear that, in accordance with Bankruptcy Rule 2002, the Oversight Board will cause all parties in interest to be notified of the adjournment of the objection deadline and the hearing date on the approval of the Disclosure Statement and the Disclosure Statement Motion. The Committee understands that, notwithstanding the Court's order setting the deadline to object to the Disclosure Statement for April 24, 2020, the notice served on creditors provided (in some instances) that the objection deadline was April 17, 2020 (the deadline originally requested by the Oversight Board). Obviously, if the hearing on the Disclosure Statement and the related objection deadlines are being adjourned, this issue will be moot; however, in order to minimize further confusion, the Oversight Board should be required to serve a clear and concise notice of any adjournment on all parties in interest.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that the Court take notice of the foregoing.

Dated: March 25, 2020

By: /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: /s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*