**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    Movant,<br><br>v.<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>    Respondent. | **Re ECF Nos: 12485, 12529.** |

**REPLY OF THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD IN SUPPORT OF URGENT MOTION TO
<u>ADJOURN DISCLOSURE STATEMENT HEARING AND RELATED DEADLINES</u>**

To the Honorable United States District Court Judge Laura Taylor Swain:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] and in its capacity as representative of the Commonwealth, ERS and PBA (collectively, the "Debtors"), respectfully submits this reply in support of the *Urgent Motion to Adjourn Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement and Related Deadlines* [Docket No. 12485] (the "Urgent Motion")[3] and respectively states as follows:

### The Creditors' Committee's Response is Procedurally Improper, Should be Rejected, and is Moot

1. Pursuant to the Urgent Motion, the Oversight Board seeks to inform the Court of the health and economic situation in Puerto Rico and, as has been reported, to request a limited adjournment of the Disclosure Statement Hearing by hitting the "pause" button while it and the Government of Puerto Rico assess the effect of the pandemic on the people and economy of Puerto Rico and collaboratively seek to address such effects. Such request was nothing more than a simple and pragmatic approach in a time of great need and uncertainty and pertains solely to the Plan and Plan Process. Indeed, not one person or entity has objected to the Urgent Motion and the relief requested therein.

2. However, one response to the Urgent Motion was interposed—that filed by the Official Committee of Unsecured Creditors (the "Creditors' Committee"). *See* Docket No. 12529. Although not opposing the Urgent Motion, in its procedurally improper filing, the Creditors'

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.
[3] Capitalized terms used herein shall have the meanings ascribed thereto in the Urgent Motion.

2

Committee seeks to expand the Debtors' requested relief to include a cessation of litigation that has been carefully scheduled and meticulously coordinated by the Mediation Team Leader and agreed to by the litigants therein. *Id.*, ¶¶ 2-5. The Creditors' Committee attempts to support its request for a global "timeout" by characterizing the Urgent Motion as a "piecemeal" approach. *Id.* ¶ 2. But, that is inaccurate. The items which the Creditors' Committee inappropriately attempts to toss into a heap are separate, litigable issues which must be determined prior to consideration of the Plan. Some of the matters are motions for stay relief. Amazingly, and despite having participated in numerous discussions with the Debtors and other parties involved in the related "Lift Stay Motions" and "Revenue Bond Complaints" litigation with respect to a slightly revised litigation schedule, the Creditors' Committee seeks to blunt such progress and asks the Court to have the Debtors' Title III Cases come to a grinding halt when critical issues can be determined to facilitate later progress on any plan of adjustment. Such request, however, has been mooted by this Court's order, dated March 26, 2020, approving that certain *Joint Stipulation to Modify Certain Deadlines Set Forth in Final Case Management Order For Revenue Bonds* [Docket No. 12540 in Case No. 17-BK-3283; Docket No. 755 in Case No. 17-BK-3567].

3. Ironically, while claiming that all matters must be placed on hold, the Creditors' Committee refuses to adjourn consideration of its prior "midnight" motion pursuant to Bankruptcy Rule 3013. It is demanding that Debtors expeditiously litigate its motion for an order requiring the Commonwealth's general unsecured claims to be classified in the same class as the retirees' claims. The Creditors' Committee ignores the Advisory Committee's note to Rule 3013 providing the rule is to create a classification before a plan is proposed when necessary to facilitate the formulation of a plan. *See* Fed. R. Bankr. P. 3013, Advisory Committee Note. Here, the Oversight Board did not require such an 'advance' classification. The Creditors' Committee is actually

3

attempting to force the Oversight Board to amend its proposed plan. That litigation should only occur in the form of a confirmation objection determined at the confirmation hearing.

4. Lastly, the Creditors' Committee seeks clarification that the Urgent Motion and the relief requested therein pertains to the entirety of the "Disclosure Statement Motion" and not just to consideration of the adequacy of the information contained in the Disclosure Statement and the deadlines with respect thereto. That is correct. The Debtors seek to adjourn all aspects of the "Disclosure Statement Motion" as it would be imprudent to seek approval of notice and solicitation procedures independent of a ruling on the adequacy of the Disclosure Statement.

**WHEREFORE** the Debtors respectfully request entry of the Proposed Order granting the relief requested in the Urgent Motion and granting such other relief as is just and proper.

Dated: March 27, 2020
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

5