UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

**OBJECTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
FOR PUERTO RICO TO MOTION REQUESTING EXTENSION OF TIME
TO SUBMIT CLAIM DOCUMENTATION [ECF NO. 12520]**

To the Honorable United States District Court Judge Laura Taylor Swain:

In compliance with the Court's *Order Scheduling Briefing in Connection with Motion Requesting Extension of Time to Respond to the One Hundred Twenty-Seventh Omnibus Objection* [ECF No. 12534] (the "Order"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System for the Government of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors") pursuant to Section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA")[2], hereby submits this objection (the "Objection") to the *Motion Request Time for Response* (*sic*) [ECF No. 12520] (the "Motion"), filed by Maria Consuelo Figueroa Torres ("Ms. Figueroa"), and in further support of this Objection, the Debtors respectfully state as follows:

## BACKGROUND

1. On or about June 28, 2018, Ms. Figueroa filed a claim against the Commonwealth, which was logged by Prime Clerk, LLC, as Proof of Claim No. 135315 (the "Claim"). The Claim asserted as a basis "Reclamación Escala Salarial Por Pasos," or salary increases. *See* Claim at 3. No supporting documentation was provided with the Claim.

2. On August 13, 2019, the Court entered the *Order Granting in Part and Adjourning in Part Debtors' Motion for Entry of An Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, (C) Approving Proposed Mailing, and (D) Granting Related Relief* [ECF No. 8453] (the "Authorized Mailings Order"), which authorized the Debtors to send mailings "to any claimant who has not provided sufficient information to enable Debtors to process their claim." Authorized Mailings Order, ¶ 3. The Authorized Mailings Order authorized the Debtors to object "[i]f the Debtors mail the Proposed Mailing to a claimant, and the claimant [] does not respond." *Id.*

3. In accordance with the Authorized Mailings Order, the Debtors sent Ms. Figueroa a letter, substantially in the form of Exhibit 1 to the Authorized Mailings Order [ECF No. 8453-1] (the "Mailing"), requesting Ms. Figueroa respond and provide additional information in support of her Claim by no later than October 23, 2019. The Mailing further cautioned Ms. Figueroa that

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101-2241.

"[i]f you do not respond to this request and do not provide the requested information and documentation in support of your claim, the Debtors may be forced to object to your claim." *Id.* Ms. Figueroa failed to respond to the Mailing.

4. On January 14, 2020, the Debtors filed the *One Hundred Twenty-Seventh Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims Asserting Interests Based on Salary Demands, Employment or Services Provided* [ECF No. 9897] (the "One Hundred Twenty-Seventh Omnibus Objection"), seeking to disallow, in their entirety, 1000 deficient proofs of claim (collectively, the "Deficient Claims"), as listed on Exhibit A thereto. As set forth in the One Hundred Twenty-Seventh Omnibus Objection, each of the Deficient Claims failed to provide a basis for asserting a claim against the Commonwealth (or any of the other Debtors), either by failing to provide any basis whatsoever for asserting a claim, or by stating in the proofs of claim and/or supporting documentation that the claimant had no claim or that the claim was against an entity other than the Commonwealth or any of the other Debtors. Each of the claimants subject to the One Hundred Twenty-Seventh Omnibus Objection received a Mailing, but failed to respond to that Mailing.

5. Any party who disputed the One Hundred Twenty-Seventh Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Time) on February 18, 2020 (the "February 18 Deadline"), in accordance with the Court-approved notice attached to the One Hundred Twenty-Seventh Omnibus Objection as Exhibit C [ECF No. 9897-4] (the "Notice"). Such Notice was served in English and Spanish on the individual creditors subject to the One Hundred Twenty-Seventh Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Order*

2

*Further Amending Case Management Procedures* [ECF No. 8027-1]). *See* Certificate of Service [ECF No. 10338].

6. The Notice stated that responses would be "deemed timely **only if** [they are] filed with the Court **and** served by **4:00 p.m. (Atlantic Time)** on **February 18, 2020**, unless otherwise extended, in writing, by the Commonwealth or ERS, or upon written request to the Court and order of the Court extending the deadline." Notice at 3 (emphases original). The Notice further informed claimants subject to the One Hundred Twenty-Seventh Omnibus Objection that a hearing on the objection would be held at 9:30 a.m. (Atlantic Time) on March 4, 2020, at the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan, Puerto Rico 00918-1767.

7. Ms. Figueroa failed to file a response to the One Hundred Twenty-Seventh Omnibus Objection by the February 18 Deadline. Ms. Figueroa also did not request or obtain an extension of the February 18 Deadline from either the Debtors or the Court.

8. A hearing was held on the One Hundred Twenty-Seventh Omnibus Objection on March 4, 2020 and March 5, 2020 (the "March Hearing"). Ms. Figueroa failed to appear at the March Hearing, either on her own behalf or through counsel.

9. At the March Hearing, the Court sustained the One Hundred Twenty-Seventh Omnibus Objection as to claimants that had not responded to the objection as of the date of the March Hearing. Accordingly, following the Court's oral ruling at the March Hearing, Ms. Figueroa's Claim was disallowed pending entry of a final written order sustaining the One Hundred Twenty-Seventh Omnibus Objection.

**RESPONSE**

10. In the Motion, Ms. Figueroa states that she requires information in the possession of the Puerto Rico Department of Health in order to respond to the One Hundred Twenty-Seventh

2

Omnibus Objection, but has been unable to obtain the documentation to date in light of two recent natural disasters in Puerto Rico. First, Ms. Figueroa states that the January 2020 earthquake storm severely impacted her principal residence of Peñuelas, Puerto Rico, resulting in the closure of the Court from January 7, 2020 through January 8, 2020, and the extension of certain deadlines through January 13, 2020. Second, Ms. Figueroa states that Puerto Rico is currently experiencing a public health emergency as a result of COVID-19, and as a result, public offices are closed through March 30, 2020.

11. The Debtors are deeply mindful of the many challenges that have impacted the residents of Puerto Rico. Unfortunately, however, the Motion does not articulate how the closures of public offices outlined above prevented Ms. Figueroa from obtaining the required information and submitting a response on or before the February 18 Deadline. In the aftermath of the January 2020 earthquakes, government offices began reopening for business on January 9, 2020, over a month before the February 18 Deadline. Moreover, Puerto Rico's government offices were not closed in response to the coronavirus pandemic until March 15, 2020, over three weeks after the February 18 Deadline and a week and a half after the March Hearing at which Ms. Figueroa's Claim was disallowed. During the intermediate period, the offices of the government of Puerto Rico were open and serving the residents of Puerto Rico. The Motion does not explain whether Ms. Figueroa was unable to obtain the necessary information and file her response during this time period.

12. Furthermore, extending the deadline for Ms. Figueroa to respond to the One Hundred Twenty-Seventh Omnibus Objection at this juncture—when a hearing on the objection has already been held, and the Claim has already been disallowed by oral order of the Court—

2

would be inconsistent with this Court's orders and would create confusion as to whether relief has already been granted with respect to the objection.

    WHEREFORE, the Debtors respectfully request that the Motion and the relief requested therein be denied, and the Debtors be granted such other and further relief as is just.

2

Dated: March 27, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

2

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and all CM/ECF participants in the case.

/s/ *Hermann D. Bauer*
Hermann D. Bauer

2