**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**LIMITED REPLY AND RESERVATION OF RIGHTS OF NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION TO OBJECTIONS AND RESPONSES TO THE AMENDED CROSS-MOTION AND STATEMENT IN SUPPORT ON BEHALF OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AMBAC ASSURANCE CORPORATION, AND FINANCIAL GUARANTY INSURANCE COMPANY WITH RESPECT TO MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO AMEND TENTH AMENDED NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES REGARDING DISCLOSURE REQUIREMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019**

National Public Finance Guarantee Corporation, by and through its undersigned counsel, hereby submits this Limited Reply and Reservation of Rights (the "Limited Reply") in response to the *Objection of the Lawful Constitutional Debt Coalition to the Amended Cross-Motion and Statement in Support on behalf of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, and Financial Guaranty Insurance Company with Respect to Motion of Official Committee of Unsecured Creditors to Amend Tenth Amended Notice, Case*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Management and Administrative Procedures Regarding Disclosure Requirements Pursuant to Federal Rule of Bankruptcy Procedure 2019* (ECF No. 12471) (the "LCDC Objection"); the *Opposition of the QTCB Noteholder Group to Cross-Motion and Statement in Support on Behalf of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, and Financial Guaranty Insurance Company with Respect to Motion of Official Committee of Unsecured Creditors to Amend Tenth Amended Case Management Procedures and Administrative Procedures Regarding Disclosure Requirements Pursuant to Federal Rule of Bankruptcy Procedure 2019* (ECF No. 12476); and the *Response of the Ad Hoc Group of General Obligation Bondholders to the Amended Cross-Motion and Statement in Support on Behalf of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, and Financial Guaranty Insurance Company with Respect to Motion of Official Committee of Unsecured Creditors to Amend Tenth Amended Notice, Case Management and Administrative Procedures Regarding Disclosure Requirements Pursuant to Federal Rule of Bankruptcy Procedure 2019* (ECF No. 12478) (together, the "PSA Hedge Fund Objections"),[2] and respectfully states as follows:

## LIMITED REPLY AND RESERVATION OF RIGHTS

1. National did not file or join in the Committee Motion or Cross-Motion, yet is compelled to file this Limited Reply in response to the indiscriminate demands for additional disclosures in the PSA Hedge Fund Objections—including, the assertion in the LCDC Objection that National is a member of a monoline insurer "group" within the meaning of Rule 2019 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"). For the reasons stated below, such additional disclosures are not required under Bankruptcy Rule 2019, and the demands in the PSA Hedge Fund Objections ignore National's extensive public disclosure of information to date.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the applicable PSA Hedge Fund Objection.

2. As all parties agree, Bankruptcy Rule 2019 requires any "group or committee" of creditors "acting in concert to advance their common interests" to file a verified statement setting forth "the nature and amount of each disclosable economic interest held in relation to the debtor." Fed. R. Bankr. P. 2019(b)(1), (c)(2)(B). In reaction to the Cross-Motion, the LCDC asserts that the "Monolines"[3] (and National) should disclose *their* economic interests because they act as a group to advance a common interest. The LCDC's position rests on the fact that the "Monolines" (and National) (i) are all insurers of debt issued by Commonwealth and certain of its instrumentalities, and (ii) have filed joint pleadings in these Title III cases. Notably, however, the LCDC cites no caselaw or other authority to support its assertion that cooperation on briefing among parties with some (but not exact) overlapping economic interests establishes a "group" triggering disclosure obligations under Bankruptcy Rule 2019.

3. Although National and the Monolines may insure certain bonds of the same issuer and "vintage," they do not all insure the same bonds issued by the Commonwealth and its instrumentalities and have distinct business operations and strategies. Accordingly, there is significant diversity among these stakeholders' economic exposure and incentives. Moreover, National and the Monolines have, at all times, been represented by separate counsel and have varying legal interests and strategies depending on the issue in question—one notable example being the Cross-Motion. While National and the Monolines have, at times, submitted joint filings, it seems the LCDC would have no good deed go unpunished, as such joint filings have been expressly encouraged or required by this Court. *See* Hr'g Tr., dated Mar. 7, 2018 at 25:7–11 ("I would . . . encourage counsel to strive to collaborate early enough in briefing motions so as to be able to avoid duplicative briefing of issues. And frankly, that helps to conserve my limited resources as well, and helps me to move through issues faster."); *see also*, *e.g.*, *Final Case*

---

[3] The LCDC defines the term to include only Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, or Financial Guarantee Insurance Company.

*Management Order for Revenue Bonds*, ¶ 9 (Docket No. 12186) ("Parties whose respective positions are aligned shall use reasonable efforts to draft a single brief and coordinate to minimize duplicative briefs."); *Interim Case Management Order*, ¶ 5 (Docket No. 9619) (requiring the same). By contrast, the objecting hedge fund groups are coalitions of bondholders that own the same bonds and purport to speak as a group to protect and enhance the value of those bonds.

4. Finally, regardless of whether National and the Monolines fall within Bankruptcy Rule 2019, National's economic interests have already been publicly disclosed through its proofs of claims (*see* Proofs of Claim Nos. 21819, 22078, 22193, 22619, 22657, 23396, 23450, 23454, 23459, 23905, 24041, 24545, 24914, 26446, 27883, 30114, 39342) and periodic filings submitted in compliance with the SEC reporting requirements of its corporate parent, MBIA, Inc. (*see*, *e.g.*, MBIA Inc., Annual Report (Form 10-K) (Feb. 27. 2020)). Accordingly, there is no merit to the notion that "additional" disclosure of National's economic interests is necessary or required under Bankruptcy Rule 2019 or otherwise.

5. National respectfully reserves all of its rights to respond to any argument raised in connection with the Committee Motion, Cross Motion, PSA Hedge Fund Objections, or any related pleadings at the hearing on such pleadings.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, March 30, 2020.

**WE HEREBY CERTIFY** that on this same date a true and exact copy of this objection was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record. Also, copy of this document will be notified via electronic mail to all case participants. San Juan, Puerto Rico

| **ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| By: /s/ *Eric Perez-Ochoa* <br> Eric Pérez-Ochoa <br> USDC-PR No. 206,314 <br> E-mail: epo@amgprlaw.com <br><br> By: */s/ Luis A. Oliver-Fraticelli* <br> Luis A. Oliver-Fraticelli <br> USDC-PR NO. 209,204 <br> E-mail: loliver@amgprlaw.com <br><br> 208 Ponce de Leon Ave., Suite 1600 <br> San Juan, PR 00936 <br> Tel.: (787) 756-9000 <br> Fax: (787) 756-9010 <br><br> *Attorneys for National Public Finance Guarantee Corp.* | By: /s/ *Robert Berezin* <br> Jonathan Polkes* <br> Gregory Silbert* <br> Robert Berezin* <br> Kelly Diblasi* <br> Gabriel A. Morgan* <br> 767 Fifth Avenue <br> New York, New York 10153 <br> Tel.: (212) 310-8000 <br> Fax: (212) 310-8007 <br> Email: jonathan.polkes@weil.com <br> gregory.silbert@weil.com <br> robert.berezin@weil.com <br> kelly.diblasi@weil.com <br> gabriel.morgan@weil.com <br><br> * admitted *pro hac vice* <br><br> *Attorneys for National Public Finance Guarantee Corp.* |