UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
                                          :

In re:                                      :

THE FINANCIAL OVERSIGHT AND            :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,   :   Title III

    as representative of                           :   Case No. 17-BK-3283 (LTS)

THE COMMONWEALTH OF PUERTO RICO, *et al.*,  :  (Jointly Administered)

    Debtors.[1]                                         :
------------------------------------------------------------------------ x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN
SUPPORT OF RELIEF SOUGHT IN AMENDED CROSS-MOTION AND STATEMENT
IN SUPPORT ON BEHALF OF ASSURED GUARANTY CORP., ASSURED
GUARANTY MUNICIPAL CORP., AMBAC ASSURANCE CORPORATION, AND
FINANCIAL GUARANTY INSURANCE COMPANY WITH RESPECT TO MOTION
TO AMEND TENTH AMENDED CASE MANAGEMENT PROCEDURES AND
ADMINISTRATIVE PROCEDURES REGARDING DISCLOSURE REQUIREMENTS
<u>PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019</u>**

To the Honorable United States District Judge Laura Taylor Swain:

       The Official Committee of Unsecured Creditors (the "<u>Committee</u>")[2] respectfully files this statement (the "<u>Statement</u>") in support of the relief sought in the *Amended Cross-Motion and Statement In Support on Behalf of Assured Guaranty Corp., Assured Guaranty Municipal Corp.,*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

*Ambac Assurance Corporation, and Financial Guaranty Insurance Company with Respect to Motion of the Official Committee of Unsecured Creditors to Amend Tenth Amended Case Management Procedures and Administrative Procedures Regarding Disclosure Requirements Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 12296] (the "Cross-Motion") and in response to the objections to the Cross-Motion filed by the Lawful Constitutional Debt Coalition [Docket No. 12741], QTCB Noteholder Group [Docket No. 12746], and Ad Hoc Group of General Obligation Bondholders [Docket No. 12748] (together, the "Cross-Motion Objections"). In support of this Statement, the Committee respectfully states as follows:

## STATEMENT REGARDING CROSS-MOTION

1. The Committee supports additional transparency in the Title III cases and therefore supports the relief sought in the Cross-Motion with respect to the additional disclosure of bond information by Rule 2019(b) Groups. The Committee is also pleased that, in response to the Cross-Motion, the Lawful Constitutional Debt Coalition (the "LCDC") and the QTCB Noteholder Group (the "QTCB Group") (but not the Ad Hoc Group of General Obligation Bondholders or the Ad Hoc Group of Constitutional Debtholders) have provided the kind of retroactive series-by-series disclosures requested by the Committee in its motion filed on February 25, 2020 [Docket No. 11746] (the "Motion"),[3] disclosures which the New PSA Groups had previously refused to provide in their joint response to the Motion filed on March 10, 2020 [Docket No. 12217] (the "Joint Response").

2. The Committee has already submitted, in its Motion and in the reply brief filed in support thereof on March 20, 2020 [Docket No. 12475], detailed arguments regarding the

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2

appropriate level of disclosure in these Title III cases under Rule 2019 and the Case Management Procedures. The Committee rests on these arguments (which it incorporates herein by reference).

3. While the Committee welcomes the retroactive series-by-series disclosures provided by the LCDC and the QTCB Group (but not the Ad Hoc Group of General Obligation Bondholders or the Ad Hoc Group of Constitutional Debtholders), disclosures on a voluntary basis are not sufficient; such disclosures should be made mandatory for all Rule 2019(b) Groups as part of the amendments to the Case Management Procedures proposed in the Committee's Motion, which includes making such disclosures through a verified statement (the QTCB Group has not done so and, instead, made its additional disclosures in an exhibit to its Cross-Motion Objection). The Court and parties in interest cannot rely on a system of voluntary disclosures going forward, because even those Rule 2019(b) Groups currently providing such disclosures may in the future decline to update their disclosures.[4] Moreover, at this time, other Rule 2019(b) Groups, like the Ad Hoc Group of General Obligation Bondholders and Ad Hoc Group of Constitutional Debtholders, have not made the retroactive series-by-series disclosures requested by the Committee. A disclosure regime only makes sense if it is mandatory and if it applies to all groups equally and not just those that choose to make disclosures.

4. In addition, the voluntary retroactive series-by-series disclosures provided by the LCDC and the QTCB Group also further support the Committee's position that providing such disclosures is **not** overly burdensome for the sophisticated debt-trading firms that make up the New PSA Groups. While the QTCB Group, in its objection to the Cross-Motion, asks the Court

---

[4] To be clear, the Committee believes that the recent disclosures of the LCDC and QTCB Group must be updated under paragraph IV.C. of the Case Management Procedures whether voluntary or not, but Rule 2019(b) Groups filing disclosures that they believe are voluntary may be less inclined to update their disclosure as required.

to consider the "significant burden on its members' resources (time and expense for group members and their counsel) to track and ensure compliance with changes to such detailed disclosure—retroactively and for the foreseeable future," Docket No. 12746 ¶ 16, the QTCB Group makes no showing whatsoever how much "time and expense" is actually involved. As discussed in the Committee's Reply, the Committee believes that these burdens (if any) are minimal.[5]

5. Finally, the Committee is compelled to respond to the LCDC's argument, raised in its objection to the Cross-Motion but not in the Joint Response, that the LCDC has not yet taken a position in PBA's Title III case. *See* ¶¶ 35-36. This is simply not correct. The LCDC has on multiple occasions asserted "legal or factual positions that would in any way impact the rights or property" of PBA. Case Mgmt. Proc. IV.A. n.4. To give the most glaring example, the LCDC filed the Late Vintage Claim Objection, in which it challenged the validity of PBA bonds issued in 2012 and defended the validity of the PBA structure.[6] The proposition that such legal or factual positions would not *in any way* impact PBA's rights or property is untenable. Moreover, the LCDC subsequently executed the New PSA, a plan support agreement premised on the restructuring of PBA bonds under a confirmed plan of adjustment for PBA, and then supported the Mediation Team's proposed confirmation schedule for PBA. *See* Docket No.

---

[5] While the QTCB Group raises the specter that the Committee will seek different retroactive disclosures based on potential changes to the classification of bond claims in the plan of adjustment, such a hypothetical motion is not before the Court. It is plainly premature to debate the potential burden that hypothetical motion may impose (though, to be clear, the Committee is highly skeptical of any assertion that disclosing bond positions is burdensome for sophisticated debt-trading firms).

[6] The LCDC's argument that in the Late Vintage Claim Objection it did not assert legal or factual positions that would impact PBA's rights or property is in contradiction to the LCDC's argument in its objection to the Cross-Motion that the central theory of the claim objections filed by the Committee was that PBA was a sham, LCDC Cross-Motion Objection ¶ 13, that the LCDC filed a notice of participation and statement of position opposing this view and defending PBA's validity, *id.* ¶ 15, and that the Late Vintage Claim Objection requested relief "consistent with" the LCDC's statement of position. *Id.* at 14 n.19. The LCDC thus recognizes that it took a position on the question of whether PBA was a sham entity.

11499. The LCDC's argument is further undercut by the QTCB Group's objection to the Cross-Motion, in which the QTCB Group (which has taken the same kinds of actions as the LCDC with respect to PBA)[7] acknowledges that it has taken a position in PBA's Title III case.

[*Remainder of page intentionally left blank.*]

---

[7] Like the LCDC, the QTCB Group has litigated the validity of certain PBA Bonds, defended the validity of the PBA structure, executed the New PSA, and supported the Mediation Team's confirmation schedule.

WHEREFORE, the Committee respectfully requests that the Court take notice of the foregoing and grant the relief requested in the Cross-Motion.

Dated: March 30, 2020

By: /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: /s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*