# EXHIBIT A

# SECOND LIFT STAY NOTICE

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE RODNEY SQUARE
P.O. BOX 636
WILMINGTON, DELAWARE 19899-0636
———
TEL: (302) 651-3000
FAX: (302) 651-3001
www.skadden.com

DIRECT DIAL
302-651-3210
DIRECT FAX
302-574-3100
EMAIL ADDRESS
PAUL.LOCKWOOD@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

February 25, 2020

**VIA EMAIL**

Ehud Barak, Esq.
(ebarak@proskauer.com)
Counsel to the Oversight Board
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299

Margaret A. Dale, Esq.
(mdale@proskauer.com)
Counsel to the Oversight Board
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299

Diana M. Perez, Esq.
(dperez@omm.com)
Counsel to the AAFAF
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036

Carolina Velaz-Rivero, Esq.
(cvelaz@mpmlawpr.com)
Counsel to the AAFAF
Marini Pietrantoni Muniz LLC
MCS Plaza, Suite 500
255 Ponce de Leon Ave.
San Juan, PR 00917

Luis C. Marini-Biaggi, Esq.
(lmarini@mpmlawpr.com)
Counsel to the AAFAF
Marini Pietrantoni Muniz LLC
MCS Plaza, Suite 500
255 Ponce de Leon Ave.
San Juan, PR 00917

Sunni P. Beville, Esq.
(sbeville@brownrudnick.com)
Counsel to the Oversight Board's Special
Claims Committee
Brown Rudnick LLP
One Financial Center
Boston, MA 02111

RE: Lift Stay Notice

Dear Counsel:

I write on behalf of UBS Financial Services Inc. of Puerto Rico ("UBS"). Reference is made to *The Financial Oversight and Management Board for Puerto*

Ehud Barak, Esq.
Margaret A. Dale, Esq.
Diana M. Perez, Esq.
Luis C. Marini-Biaggi, Esq.
Carolina Velaz-Rivero, Esq.
Sunni P. Beville, Esq.
February 25, 2020
Page 2

*Rico, et al. v. Barclays Capital, et al.* (Adversary Proceeding 19-280, D. P.R. 2019) (the "Underwriter Adversary") and *Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura de Puerto Rico v. UBS Fin. Servs. Inc. of Puerto Rico*, Civ. No. KAC-2011-1067 (803) (the "Commonwealth Court Action"), currently pending in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part (the "Commonwealth Court").

While we view our request to lift the stay as a continuation of our prior lift stay request, to avoid any technical arguments, we also hereby give notice pursuant to Paragraph III.R of the Tenth Amended Notice, Case Management and Administrative Procedures (the "Case Management Procedures") [Dkt. 8027-1] entered in *In re: The Financial Oversight and Management Board for Puerto Rico, as representative of The Commonwealth of Puerto Rico, et al.*, No. 17-BK 3283-LTS (the main case) and No. 17-BK 3566-LTS (the ERS case), to demand immediate and complete relief from the automatic stay to fully prosecute and liquidate already filed counterclaims in the Commonwealth Court Action (this letter, the "Lift Stay Notice").[1] If this demand is not granted, UBS will renew its motion to lift the automatic stay with the PROMESA court.

As you are aware, UBS initiated its request for relief from the automatic stay to file and prosecute the counterclaims almost a year ago. *See* April 29, 2019 letter from Paul J. Lockwood to counsel to the Oversight Board and AAFAF ("Original Lift Stay Notice"), attached as Exhibit A to the Motion of UBS Financial Services Incorporated of Puerto Rico for Relief from the

Automatic Stay (the "Lift Stay Motion") [Dkt. 8823]. After months of delay by counsel to the AAFAF and Oversight Board, UBS was forced to file a Lift Stay Motion on October, 8, 2019. Thereafter, UBS had discussions with the Oversight Board's Special Claims Committee counsel at Brown Rudnick ("Oversight Board Counsel") for purposes of settling the Lift Stay Motion and addressing related issues.

As a result of several meet and confer calls with the Oversight Board Counsel, we believed that the parties had reached a tentative agreement that the claims asserted in the Commonwealth Court Action were claims that belonged to the ERS debtor and that those claims should be adjudicated in the PROMESA court.

---

[1] In the event that you do not immediately agree to lift the automatic stay, UBS requests counsel to the Oversight Board and/or AAFAF to provide dates and times for a meet and confer process. We note that we've already held extensive meet and confer on this issue, but we are willing to meet again.

Ehud Barak, Esq.
Margaret A. Dale, Esq.
Diana M. Perez, Esq.
Luis C. Marini-Biaggi, Esq.
Carolina Velaz-Rivero, Esq.
Sunni P. Beville, Esq.
February 25, 2020
Page 3

The Oversight Board Counsel requested additional time to negotiate and finalize such an agreement.

To that end, UBS agreed to adjourn the Lift Stay Motion from the October omnibus hearing to the December hearing. Prior to that hearing, we consensually agreed to a form of order that lifted the automatic stay solely to allow UBS to file – but not prosecute and liquidate – its counterclaims. *See* Exhibit A to the Reply in Further Support of Motion of UBS Financial Services Incorporated of Puerto Rico for Relief from the Automatic Stay (the "Lift Stay Reply") [Dkt. 9491]. UBS agreed to this temporary compromise because it believed that it was working with a good faith, committed partner to resolve the related issues. The proposed order was designed to protect UBS's rights by putting the counterclaim before the Commonwealth Court immediately, while allowing the Oversight Board time to work out an arrangement for extending the automatic stay to the entirety of the Commonwealth Court Action.

The consensual order to resolve temporarily the Lift Stay Motion was opposed by Harold D. Vicente and several other attorneys (collectively, the "Vicente Group"),[2] on behalf of individual plaintiffs to the Commonwealth Court Action, who filed the Objection of the Individual Plaintiffs Retirees and Beneficiaries of the ERS Trust to the Motion of UBS Financial Services Incorporated of Puerto Rico for Relief from the Automatic Stay (the "Objection") [Dkt. 9341]. The Vicente Group, which also represents the ERS, argued against the ***very order that the ERS's statutory representative had agreed to***. *See* Dec. 11, 2019 Hr'g Tr. at 108:20-127:14, Case No. 17-3283 (D.P.R. Dec. 11, 2019). In order to

resolve the Objection, at the December omnibus hearing, the parties agreed to a revised form of order that lifted the automatic stay for purposes of presenting the counterclaims in the Commonwealth Court Action. *See* Order Granting Limited Relief from the Automatic Stay to File Counterclaims (the "Lift Stay Order") [Dkt. 9592]. The counterclaims have since been filed, which automatically reinstated the automatic stay per the terms of the Lift Stay Order. At present, the ERS continues to prosecute its claims against UBS in the Commonwealth Court Action, but demands that UBS be stayed from prosecuting its defensive counterclaims.

---

[2]   As noted in the Lift Stay Reply, all but one member of the Vicente Group also represents the ERS in the Commonwealth Court Action. Lift Stay Reply at 10 n.12.

Ehud Barak, Esq.
Margaret A. Dale, Esq.
Diana M. Perez, Esq.
Luis C. Marini-Biaggi, Esq.
Carolina Velaz-Rivero, Esq.
Sunni P. Beville, Esq.
February 25, 2020
Page 4

That patently unfair procedural posture was designed to be temporary. We agreed to it solely to give the Oversight Board an opportunity to negotiate or litigate a stay of the entire Commonwealth Court Action.

UBS was deeply disappointed when Oversight Board Counsel abandoned its prior position and orally communicated to UBS that it now supports the Vicente Group litigating the ERS's claim in the Commonwealth Court Action jointly on behalf of a group of individual creditors and the ERS.

Accordingly, UBS demands that the Oversight Board and AAFAF now agree to immediately lift the automatic stay to allow UBS to fully and unconditionally prosecute and liquidate its counterclaims. A certified English translation of the counterclaims and accompanying informative motion are attached hereto as Exhibits A and B. For the same reasons previously briefed in support of the Lift Stay Motion, UBS sees no grounds for objection to this request. If you do not consent, UBS will renew its motion to lift the automatic stay.

While that may resolve this specific request, it does not resolve UBS's untenable situation with respect to the Underwriter Adversary and Commonwealth Court Action. For nearly a year now, UBS has been subject to (i) multiple proceedings (ii) in two venues (iii) each seeking double recovery on the same alleged facts. This wasteful duplicative litigation is exacerbated by the fact that the ERS is represented by different counsel in the two venues who have taken contrary positions across the two courts.

While duplicative litigation is always wasteful and improper, the actions of the Vicente Group create even greater problems here because they have brought suit on behalf of individual pension plan beneficiaries in the Commonwealth Court Action. They have advised the PROMESA Court that the individual plaintiffs have rights that are separate from the ERS and have also written to the Commonwealth Court stating their intention to pursue their claims as a class action. In other words, those individual creditors are seeking to take the claim *from the ERS* in order to pay themselves as individuals, not for the benefit of all creditors generally. The Oversight Board and AAFAF have knowingly consented to this arrangement. Meanwhile, UBS is stuck in the middle, facing a potentially double recovery for the same alleged loss.

Recognizing the unique challenges presented by these PROMESA cases, UBS has bent over backwards to work in good faith with Oversight Board Counsel to reach an outcome that *centralizes – in the PROMESA Court – the prosecution,*

Ehud Barak, Esq.
Margaret A. Dale, Esq.
Diana M. Perez, Esq.
Luis C. Marini-Biaggi, Esq.
Carolina Velaz-Rivero, Esq.
Sunni P. Beville, Esq.
February 25, 2020
Page 5

*defense, and potential liquidation, settlement and administration of the Commonwealth Court Action and Underwriter Adversary claims* – something that would seemingly be of interest to the debtors' statutory representatives. Instead UBS faces a situation in which property controlled by the debtor is simultaneously left to individual creditors outside of the bankruptcy process and pursued within the bankruptcy process. This not only results in wasteful duplication, but you have made it impossible for UBS to negotiate a settlement with any authorized party.

UBS reiterates its demand that the Oversight Board exercise its duties as the ERS debtor's statutory representative and take control of claims that are property of the debtor. UBS remains ready to assist in that process, but UBS needs a good faith, willing partner to do so. The current situation, where the Oversight Board stands entirely aware but idly by while the ERS's other counsel – acting for individual creditors – controls the Commonwealth Court Action, is unacceptable. The debtors and their representatives have a duty to centrally administer all debtor property, claims, and assets to maximize recoveries for all constituencies pursuant to the priorities and statutory constructs found in the PROMESA statute and its incorporated Bankruptcy Code provisions and rules. Your failure to comply with those duties is prejudicing UBS for the reasons discussed above.

If the Oversight Board refuses to exert control over the Commonwealth Court Action, UBS will take action to preserve and protect its own rights, including, without limitation, objecting to the anticipated disclosure statement and plan of adjustment, or seeking a judicial determination as to the rightful holder of the Commonwealth Court Action and Underwriter Adversary claims.

Please contact me via email at paul.lockwood@skadden.com or via telephone at 302-651-3210 so that we may schedule a time to meet and confer.

                    Sincerely,

                    */s/ Paul J. Lockwood*

                    Paul J. Lockwood, Esq.

cc:    Danielle A. D'Aquila, Esq.
        Tristan G. Axelrod, Esq.
        Harold D. Vicente, Esq.
        Luc A. Despins, Esq.
        James R. Bliss, Esq.

Ehud Barak, Esq.
Margaret A. Dale, Esq.
Diana M. Perez, Esq.
Luis C. Marini-Biaggi, Esq.
Carolina Velaz-Rivero, Esq.
Sunni P. Beville, Esq.
February 25, 2020
Page 6

    James B. Worthington, Esq.
    G. Alexander Bongartz, Esq.
    Juan J. Casillas Ayala, Esq.
    Diana M. Batlle-Barasorda, Esq.
    Alberto J.E. Añeses Negrón, Esq.
    Ericka C. Montull-Novoa, Esq.
    Roberto C. Quinones, Esq.
    Nicole A. DiSalvo, Esq.
    Elisa. M.C. Klein, Esq.
    Stephen J. Della Penna, Esq.