# EXHIBIT E

# REQUEST FOR WITHDRAWAL FROM THE COURT RECORD THE URGENT MOTION OPPOSING THE FILING OF COUNTERCLAIM AND REQUESTING ITS WITHDRAWAL FROM THE COURT RECORD AND OPPOSITION TO THE SO-CALLED EXPLANATORY MOTION REGARDING SAID URGENT MOTION

CERTIFIED TRANSLATION:

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SAN JUAN SUPERIOR PART**

| | |
|---|---|
| EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, et al;, <br><br> Plaintiffs, <br><br> v. <br><br> UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO, et al <br><br> Defendants. | CIVIL NO.: KAC-2011-1067 (901) <br><br> RE: BREACH OF CONTRACT; DAMAGES <br><br> [Court Clerk Receipt Stamp 2020 Mar 13 P 4:44] |

**REQUEST FOR WITHDRAWAL FROM THE COURT RECORD THE "URGENT MOTION OPPOSING THE FILING OF COUNTERCLAIM AND REQUESTING ITS WITHDRAWAL FROM THE COURT RECORD" AND OPPOSITION TO THE SO-CALLED "EXPLANATORY MOTION" REGARDING SAID "URGENT MOTION"**

TO THE HONORABLE COURT:

COME NOW Co-Defendants UBS Financial Services Incorporated of Puerto Rico and UBS Trust Company of Puerto Rico (jointly, the Defendants), and very respectfully STATE AND REQUEST:

1. On March 9, 2020, Plaintiffs filed "Urgent Motion Opposing to the Filing of Counterclaim and Requesting its Withdrawal from the Court Record" (the "Urgent Motion"). This Urgent Motion has three exhibits.

2. In the Urgent Motion, Plaintiffs make patently false allegations regarding alleged judicial admissions by UBS "made by attorney Quiñones", relying on an incorrect transcript of the hearing held before this Honorable Court on November 26, 2019. *See* Urgent Motion, at 14-16.

3. As informed to counsel for Plaintiffs on March 10, [2020] afternoon, by telephone and email, *see* Exhibit A, the representation made in the Urgent Motion is false as to the alleged "judicial admissions" made by legal counsel for UBS during said hearing, as its official audio recording[1] shows that the statements in question were made by **attorney Francisco Pujol**, counsel for the Plaintiffs, and not by attorney Quiñones.[2]

4. In particular, the official audio of the Court shows that the portion in question of the

---

[1] See Special Appearance of the Coordinator of the For the Record System filed on January 23, 2020, paragraph SECOND, notifying that the recording of the hearing held on November 26, 2019 requested by attorney Quiñones is a true and exact recording in the digital audio records under the custody of the Court.

[2] *Id.*, portion of audio entitled SJ-SALA901_20191126-110401d5a4493c5ec7b0.

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

CERTIFIED TRANSLATION:

transcript, which is incorrectly cited in the Urgent Motion, actually reads as follows:

> [HON. JUDGE: ]… Because, again, using the example of the US District Court, there's another matter over there.
>
> ATTY. QUIÑONES: Well, if I may, Your Honor, there's another matter that are –
>
> HON. JUDGE: There's another matter over there--
>
> ATTY. QUIÑONES: They are related --
>
> HON. JUDGE: Which has tangency with this one, yes.
>
> ATTY. QUIÑONES: The bond issuances are being challenged in those proceedings, just as they are being challenged here, Your Honor.
>
> ATTY. PUJOL: Your Honor, that's– that's totally false, what he's saying --
>
> ATTY. QUIÑONES: They are being challenged in an "adversary proceeding", the bonds issued by the Retirement System--
>
> ATTY. PUJOL: But that's not being challenged here. And you're saying that we are challenging that --
>
> HON. JUDGE: Counsel –
>
> ATTY. QUIÑONES: The validity of those issuances is being contested --
>
> HON. JUDGE: No –
>
> ATTY. ANDREU: No. No one has contested them --
>
> ATTY. PUJOL: No, sir --
>
> HON. JUDGE: Again. Here it's being alleged that UBS gave an advice deviated from the fiduciary duty that, according to the plaintiffs, it had to the Retirement System, because it wanted to profit from that sale, because as a result of that sale, it collected $35 million in commissions, and then, the Retirement System followed recommendations and by following UBS' recommendations, well, it was negatively impacted because the recommendations given by UBS did not generate the expected results. There's no mention here that those bonds are wrongly issued, are illegal, whatever. I'm not going to resolve that. – the validity of the bonds. They've already been issued.
>
> **ATTY. PUJOL: Your Honor, you're right.**
>
> HON. JUDGE: The results --
>
> **ATTY. PUJOL: You're right**. And the damages…the damages, what can happen –

Audio of the hearing held on November 26, 2019, between minutes 11:03:41 and 11:05:44.[3]

Compare with the representations made in the Urgent Motion, at 15-16 ¶ 55.

5. On March 10, 2020, the day after receiving the Urgent Motion, legal counsel for UBS requested legal counsel for the Plaintiffs to notify the Court of the mistake that they had made and, therefore, request the withdrawal of the Urgent Motion from the Court Record, including the incorrect transcript. *See* Exhibit A.

6. Plaintiffs' legal counsel refused to do so.

---

[3] *Id.*, portion of the audio entitled *SJ-SALA901_20191126-1059_01d5a448897eb240.*

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

CERTIFIED TRANSLATION:

7. Instead, on March 11, 2020, Plaintiffs filed *Explanatory Motion Regarding 'Urgent Motion Opposing to the Filing of Counterclaim and Requesting its Withdrawal from the Court Record'* whereby, -- knowing that in the Court Record there is a motion that they filed containing false assertions and misleading arguments – legal counsel for Plaintiff proposes that the motion remain in the Court Record and to merely substitute a page of the exhibit thereto.

8. Defendants oppose to Plaintiffs' pretension and hereby request that the Urgent Motion together with its Exhibits be withdrawn from the Court Record. Insisting on keeping in the Court Record a document that Plaintiffs' own legal counsel acknowledges is false, contravenes Rule 9.1 of Civil Procedure, 32 L.P.R.A. App. V. R. 9.1,[4] and Canon 35 of the Code of Professional Ethics, 4 L.P.R.A. App. IX §35 (duty of candor and fairness). Even if counsel for Plaintiffs had not noticed the error in the transcript at the time of filing the Urgent Motion, we submit that the only correct alternative in light of Rule 9.1 and Canon 35 once they were advised of the error, was to request that the Urgent Motion and its Exhibit 3 be withdrawn from the Court Record.[5]

9. Moreover, even though counsel for Plaintiffs claim that the error was "the reporter's fault" and that it was "out of [their] control," the error should have been as obvious to Plaintiffs' counsel who appeared at the November 26, 2019 hearing, as it was to Defendants' counsel when we read the Urgent Motion and Exhibit 3. It is very surprising that **not one** of the many counsel for the Plaintiffs who were present during that hearing questioned the correctness of the transcript or took the initiative to listen to the official audio (which Plaintiffs obtained from the Deputy Coordinator of the For the Record System during the month of December 2019) to confirm the veracity of what they would be arguing against the Defendants' legal representation.

10. Defendants are forced to submit this motion upon the refusal of Plaintiffs' legal counsel to request, motu proprio, **the withdrawal of the Urgent Motion and its three exhibits** from the Court Record and to only pretend making a small "explanation" with a separate motion that does not change the content of the contested motion.

---

[4] Rule 9.1 provides, in pertinent part: "The signature of the attorney or the party is equivalent to certifying that he or she is able and available to comply with the directions and orders of the court, that he or she has read the brief and that, to the best of his or her knowledge, information and belief, formed after a reasonable investigation, the brief is well-founded on the facts and supported by applicable law, and that it has not been filed to cause injustice, delay or oppression or increasing the cost of litigation. If a brief is signed in violation of this rule, the court shall, on motion of a party or on its own initiative, impose upon the person who signed the brief, the represented party, or both, any penalty as provided for in Rule 9.3, or may include an order to pay the other party or parties a reasonable amount for expenses incurred in connection with the filing of the brief, including a reasonable amount for attorney's fees."

[5] Plaintiffs are free to file an edited version of the Urgent Motion to entirely delete Section D of the Motion (pp. 14-16, paragraphs 54-57) and delete Exhibit 3. In case Plaintiffs file such version, Defendants reserve their right to oppose to it.

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

CERTIFIED TRANSLATION:

11. Based on the foregoing, the Court is respectfully requested to DENY Plaintiffs' Explanatory Motion and, accordingly, ORDER the withdrawal of the Urgent Motion and its three Exhibits from the Court Record, and IMPOSE upon Plaintiffs' legal counsel, pursuant to Rule 9.1 of Civil Procedure, a financial penalty equal to the attorney's fees incurred by Defendants in filing this motion.

12. Defendants further request this Honorable Court to ORDER Plaintiffs' legal counsel to inform in writing, with copy to the undersigned, each and every recipient of the aforementioned erroneous transcript, whether filed in <u>any forum</u> and/or in any way sent to <u>any natural and/or juridical person</u>, either in Spanish or in any way translated in any way into English, and including but not limited to, any person or counsel associated in any way with the cases of *Raul E. Casanovas Balado, et al. v. UBS Financial Services, Inc*, K AC2014-0072 (905) (Court of First Instance, San Juan Superior Part); *In Re: The Financial Oversight and Management Board For Puerto Rico, as representative of The Commonwealth of Puerto Rico, et al*, Case No. 17-03283-LTS (US District Court for the District of Puerto Rico); and *In Re: The Financial Oversight and Management Board For Puerto Rico, as representative of The Employees Retirement System of the Commonwealth of Puerto Rico ("ERS")*, Case No. 17-03566-LTS (US District Court for the District of Puerto Rico): (i) that the transcript that was submitted or sent is erroneous; and (ii) that Plaintiffs' legal counsel retracts any representation and argument made based on the erroneous portions of the transcript.

WHEREFORE, Defendants respectfully request this Honorable Court to take notice of the aforementioned and, consequently:

(i) DENY the *Explanatory Motion Regarding 'Urgent Motion Opposing to the Filing of Counterclaim and Requesting its Withdrawal from the Court Record'* filed by Plaintiffs on *March 11, 2020*;

(ii) ORDER that the *Urgent Motion Opposing to the Filing of Counterclaim and Requesting its Withdrawal from the Court Record'* filed by Plaintiffs on March 9, 2020 be withdrawn from the Court Record, together with its three Exhibits;

(iii) IMPOSE upon Plaintiffs' legal counsel, pursuant to Rule 9.1 of Civil Procedure, a financial penalty equal to the attorney's fees incurred by Defendants in filing this motion; and

(iv) ORDER Plaintiffs' legal counsel to inform in writing, with copy to the undersigned, each and every recipient of the aforementioned erroneous transcript, whether filed in <u>any forum</u> and/or in any way sent to <u>any natural and/or juridical person</u>, either in Spanish or in any way translated

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

CERTIFIED TRANSLATION:

in any way into English, and including but not limited to, any person or counsel associated in any way with the cases of *Raul E. Casanovas Balado, et al. v. UBS Financial Services, Inc*, K AC2014-0072 (905) (Court of First Instance, San Juan Superior Part); *In Re: The Financial Oversight and Management Board For Puerto Rico, as representative of The Commonwealth of Puerto Rico, et al*, Case No. 17-03283-LTS (US District Court for the District of Puerto Rico); and *In Re: The Financial Oversight and Management Board For Puerto Rico, as representative of The Employees Retirement System of the Commonwealth of Puerto Rico ("ERS"),* Case No. 17-03566-LTS (US District Court for the District of Puerto Rico): (i) that the transcript that was submitted or sent is erroneous; and (ii) that Plaintiffs' legal counsel retracts any representation and argument made based on the erroneous portions of the transcript.

RESPECTFULLY SUBMITTED.

WE CERTIFY: That on this same date we have sent a true and exact copy of the foregoing to: **Harold D. Vicente González, Esq**., hvicente@vclawpr.com; **Harold D. Vicente Colón, Esq**., hdvc@vclawpr.com, **Ivelisse M. Ortiz Moreau, Esq**., iortiz@vclawpr.com, Vicente & Cuebas, PO Box 11609, San Juan, PR 00910-1609; **Francisco Pujols Meneses, Esq**., fpujol@pujollawpr.com, Francisco Pujol Law Offices, PSC, PO Box 363042, San Juan, PR 00936-3042; **Federico Hernández Denton, Esq**., f.hernandezdenton@gmail.com, Urb. Baldrich, 564 Calle Independencia, San Juan, PR 00918; PO Box 9021279, San Juan, PR 00902- 1279; **José Cháves Caraballo, Esq**., chaves@fc-law.com, Puerto Rico Attorneys & Counselors At Law, PO Box 362122, San Juan, PR 00936-2122; and **Carlos E. López López, Esq**., clopez@wolpopper.com, **Rodolfo Carrión Vargas, Esq**., rcarrion@wolfpopper.com, Wolf Popper Law Offices PSC, 654 Plaza, Suite I001, 654 Muñoz Rivera Ave., San Juan, PR 00918.

In San Juan, Puerto Rico, on this 13th day of March, 2020.

| | |
|---|---|
| SKADDEN, ARPS, SLATE MEAGHER & FLOM<br>One Rodney Square<br>P. O. Box 636<br>Wilmington, Delaware 19899<br>Tel: (302) 651-3000<br>Fax: (302) 651-3001<br><br>Paul J. Lockwood (*admitted pro hac vice*)<br>Nicole A. DiSalvo (*admitted pro hac vice*)<br>Elisa M.C. Klein (*admitted pro hac vice*) | McCONNELL VALDÉS LLC<br>P. O. Box 364225<br>San Juan, Puerto Rico 00936-4225<br>270 Muñoz Rivera Ave.<br>Hato Rey, Puerto Rico 00918<br>Tel: (787) 250-2631/5602<br>Fax: (787) 759-8282<br><br><br><br>By: [Signed]<br>Roberto C. Quiñones-Rivera<br>RUA: 12,309<br>RCQ@mcvpr.com<br><br>By: [Signed]<br>Myrgia M. Palacios-Cabrera<br>RUA: 18,613<br>MPC@mcvpr.com<br><br>*Counsel for UBS Financial Services Incorporated of Puerto Rico and UBS Trust Company of Puerto Rico.* |

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

CERTIFIED TRANSLATION:

EXHIBIT A

**Myrgia M. Palacios Cabrera**

| | |
|---|---|
| **From:** | Roberto Quiñones |
| **Sent:** | Tuesday, March 10, 2020 3:59 PM |
| **To:** | 'Patricia Ochart'; Harold Vicente; Harold Vicente Colon; Ivelisse M. Ortiz Moreau; 'Francisco Pujol'; Federico Hernández Denton; 'Federico Denton'; ' José F. Chaves '; 'clopez@wolfpopperpr.com'; 'Lcdo. Rodolfo Carrion Vargas'; ' José A. Andréu Fuentes ' |
| **Cc:** | 'paul.lockwood@skadden.com'; 'DiSalvo, Nicole A'; 'Klein, Elisa'; Myrgia M. Palacios Cabrera |
| **Subject:** | RE: [EXTERNAL]ERS v. UBS (KAC-2011-1067) |
| **Attachments:** | Attachments.html |

ShareFile Attachments

| Title | Size |
|---|---|
| Player562Setup.exe | 32.7 MB |
| SJ-SALA901_20191126-1104_01d5a4493c5ec7b0.trm | 3.6 MB |

Download Attachments   Roberto Quinones uses ShareFile to share documents securely. Learn More.

Confirming my conversations with attorney Pujol this afternoon, the transcript prepared by the plaintiffs of the hearing held on 26 November 2019 contains several errors. In particular, the expressions that the transcript attributes to the undersigned on page 62, lines 10-11 and 13-14 (copied - in bold - on pages 15 and 16 of the motion) **were made by attorney Pujol**. This is evident from the audio of the hearing, which the plaintiffs 'counsel requested and obtained directly from the Court. Nevertheless, you will above the links to the relevant portion of the audio and the program needed to listen to it.

In light of the foregoing, we request that no later than 4 p.m. tomorrow, Wednesday, March 11, you request that the motion filed yesterday be withdrawn from the court record in its entirety, including a copy of the alleged transcript. We also request that you promptly inform those with whom you have shared the alleged transcript (in Spanish or translation), or with whom you have discussed what UBS' legal counsel allegedly "admitted" (as per yesterday's motion) during the said hearing, that there was no such admission and that the transcript is incorrect.

The Defendants reserve all rights.



Roberto C. Quiñones Capital Member
Rcq@mcvpr.com
T (787) 250-2631 M (787) 409-9946
270 Muñoz Rivera Ave. San Juan, Puerto Rico 00918

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

Translation Page **6** of **7**

CERTIFIED TRANSLATION:

**From:** Patricia Ochart [mailto:POchart@vclawpr.com]
**Sent:** Monday, March 09, 2020 5:20 PM
**To:** 'paul.lockwood@skadden.com' <paul.lockwood@skadden.com>; 'DiSalvo, Nicole A' <Nicole.DiSalvo@skadden.com>; 'Klein, Elisa' <Elisa.Klein@skadden.com>; Roberto Quiñones <Rcq@mcvpr.com>; Myrgia M. Palacios Cabrera <Mpc@mcvpr.com>
**Cc:** Harold Vicente <HVicente@vclawpr.com>; Harold Vicente Colon <hdvc@vclawpr.com>; Ivelisse M. Ortiz Moreau <iortiz@vclawpr.com>; 'Francisco Pujol' <fpujol@pujollawpr.com>; Federico Hernández Denton <fhd@vclawpr.com>; 'Federico Denton' <f.hernandezdenton@gmail.com>; ' José F. Chaves ' <chaves@fc-law.com>; 'clopez@wolfpopperpr.com' <clopez@wolfpopperpr.com>; 'Lcdo. Rodolfo Carrion Vargas' <rcarrion@wolfpopperpr.com>; ' José A. Andréu Fuentes ' <jaf@andreu-sagardia.com>
**Subject:** [EXTERNAL]ERS v UBS (KAC-2011-1067)

In relation to the above-mentioned case, please refer to the document attached hereto.

Cordially,

**Patricia I. Ochart-Montenegro**
**ASSISTANT FOR HAROLD D. VICENTE, ESQ.**
Vicente & Cuebas Law Office
Capital Center
Building I, PH 1-
Suite 1201 239
Arterial Hostos
Avenue
San Juan, Puerto Rico 00918

**POSTAL ADDRESS:**
P.O. Box 11609
San Juan, Puerto Rico 00910-1609
Phone (787) 751-8000
Facsimile (787) 756-5250
E-Mails:
   **hvicente@vclawpr.com**
   **pochart@vclawpr.com**

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS