Objection Deadline: April 7, 2020, 4:00 p.m. AST
Hearing Date: April 22, 2020 9:30 a.m. AST

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>   Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |
| THE COMMONWEALTH OF PUERTO RICO and PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>   Movants,<br>-v-<br>AMBAC ASSURANCE CORPORATION,<br><br>   Respondent. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 362 <u>FOR ORDER DIRECTING AMBAC TO WITHDRAW COMPLAINT</u>**

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA," and collectively with the Commonwealth, the "Debtors"), as Title III debtors, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' sole representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submit this motion (the "Motion"), pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases pursuant to PROMESA section 301(a), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), directing Ambac Assurance Corporation ("Ambac") to withdraw its complaint styled *Ambac Assurance Corporation v. Autopistas Metropolitanas de Puerto Rico, LLC*, Civil No. 3:20-cv-01094, filed on February 19, 2020 in the United States District Court for the District of Puerto Rico (the "Complaint," a true and correct copy of which is annexed hereto as **Exhibit B**, and such litigation, the "Ambac Litigation"). The Motion is supported by a memorandum of law concurrently submitted herewith (the "Memorandum of Law"). In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue of this contested matter is proper pursuant to PROMESA section 307(a).

3. The statutory basis for the relief requested herein is Bankruptcy Code sections 105 and 362, made applicable to these Title III cases by PROMESA section 301(a).

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

**RELIEF REQUESTED**

4. By this Motion, the Debtors request entry of an order pursuant to Bankruptcy Code sections 105(a) and 362 directing Ambac to withdraw the Complaint.³

**BACKGROUND**

A. **The Concession Agreement and 2016 Extension**

5. In 2009, the Legislative Assembly of Puerto Rico enacted Act No. 29-2009, the Public-Private Partnership Act (the "PPP Act"), codified at 27 L.P.R.A. §§ 2601-2623. The PPP Act authorizes HTA "to establish partnerships and to execute partnership contracts in connection with any function, service or facility for which they are responsible under the provisions of their organic acts or the applicable special laws, pursuant to the provisions of this chapter." 27 L.P.R.A. § 2603.

6. Notably, outside PROMESA, Section 17 of the PPP Act vests the Governor of Puerto Rico (the "Governor") with the sole power to decide (in consultation with the Government Development Bank for Puerto Rico and the Office of Management and Budget) how to allocate the proceeds of a privatization transaction. *See* 27 L.P.R.A. § 2616. Section 17 authorizes the Governor to direct the proceeds of a privatization transaction to a wide range of purposes of the Commonwealth and to recipients other than HTA—including paying Commonwealth debts.

7. Following the enactment of the PPP Act, HTA and Metropistas entered into a Toll Road Concession Agreement, dated as of June 27, 2011 (the "Concession Agreement"). *See* Complaint ¶ 33.⁴ Pursuant to the Concession Agreement, HTA granted Metropistas a 40-year

---

³ HTA reserves its rights to request compensatory damages, inclusive of its attorneys' fees, to eliminate harm to HTA and the people of Puerto Rico arising from Ambac's violations of the automatic stay.

⁴ "A party's assertion of fact made in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." *Schott Motorcycle Supply, Inc. v. Amer. Honda Motor Co., Inc.*, 976 F.2d 58, 61 (1st Cir. 1992) (citing *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985)).

3

concession to operate the Toll Roads and provide certain Toll Road services, as well as assigned certain Toll Road revenues to Metropistas in exchange for, among other things, an approximately $1.1 billion up-front concession fee. *See* Complaint ¶ 34. The Concession Agreement also provided other toll revenues generated through a specific dynamic-pricing system ("BRT/DTL Toll Revenues") would be split equally between HTA and Metropistas. *Id.* ¶ 35.

8. On or about April 21, 2016, HTA and Metropistas entered into an Agreed Modifications and Amendment Agreement No. 5 (the "Concession Extension Agreement," and the transaction consummated pursuant thereto, the "Extension Transaction"). *Id.* ¶ 50. Pursuant to the terms of the Concession Extension Agreement, HTA agreed to extend Metropistas' concession rights in the Toll Roads for an additional 10 years, from 2051 through 2061, and to increase Metropistas' allocated share of the BRT/DTL Toll Revenues from 50% to 75% (the "Toll Share Increase") in exchange for a total payment by Metropistas to HTA of $115 million. *Id.* ¶ 50. Additionally, Metropistas agreed to make investments in new tolling gantries and share 30% of certain incremental revenues derived therefrom with HTA. *Id.* ¶ 51 n.3.

B. **Ambac Challenges the Use of the Proceeds of the Concession Extension Agreement**

9. In May 2016, Ambac—an insurer and holder of certain bonds issued by HTA—commenced litigation against HTA seeking, *inter alia*, the appointment of a receiver and the imposition of a temporary restraining order. *See Ambac Assurance Co. v. P.R. Highways & Trans. Auth.*, Civil No. 16-cv-1893 (JAG), [ECF No. 14] (Amended Complaint (the "Prior Complaint")), [ECF No. 2] (Motion for a Receiver), [ECF No. 15] (Motion for a Temporary Restraining Order) (collectively, the "Prior HTA Litigation").

10. The relief sought in the Prior HTA Litigation was to prevent the then Governor from utilizing the PPP Act to direct the Lump Sum Payment to obligations other than the bonds

4

insured or held by Ambac. The Prior HTA Litigation did not challenge the economic or contractual merits of the Concession Extension Agreement or seek to rescind the Concession Extension Agreement at that time. *See* Prior Complaint ¶ 1 ("Plaintiff does not challenge the terms of the [Concession Extension Agreement] . . . and is not seeking any relief that would have the effect of unwinding the [Concession Extension Agreement]").[5]

11. On May 19, 2016, the court presiding over the Prior HTA Litigation denied Ambac's request for a temporary restraining order, stating Ambac was unlikely to succeed in obtaining its requested relief (a restraining order on HTA) because, under the PPP Act, the Governor, not HTA, controlled the application of the Lump Sum Payment, and the Governor's authority under the PPP Act was not subject to challenge. *See Ambac Assurance Co. v. P.R. Highways & Trans. Auth.*, Case No. 16-cv-1893 [ECF No. 26].

12. Through the enactment of PROMESA, and the subsequent Title III filings of the Debtors, the Prior HTA Litigation was stayed. *See Order Staying Case*, Case No. 16-cv-1893 [ECF No. 69]; *see also Statement of Financial Oversight and Management Board for Puerto Rico, as Representative of Puerto Rico Highway Transportation Authority as Title III Debtor, Regarding Automatic Stay of Proceedings*, Case No. 16-cv-1893 [ECF No. 90]. Ambac has not moved for relief from the stay with respect to the Prior HTA Litigation.

C. **Ambac Seeks to Challenge the Concession Extension Agreement by Filing a Separate Civil Action**

13. On February 19, 2020, Ambac filed the Complaint asserting claims for rescission of contract, unjust enrichment, and declaratory relief. *See* Exhibit B.

---

[5] The Court observed that Ambac had acknowledged in the Memorandum of Law in support of the Motion for Temporary Restraining Order that "the Governor, rather than [HTA], controls the allocation of the consideration received under the concession agreement." *Ambac Assurance Co. v. P.R. Highways & Transp. Auth.*, Civil No. 16-cv-1893 (JAG) [ECF No. 26] (citing ECF No. 15, at 5).

5

**D.** **Ambac Violated the Stay by Filing the Complaint**

14. By (*i*) seeking to avoid contracts entered into by and between HTA and Metropistas, (*ii*) seeking to rescind property transfers made to the Debtors pursuant to those contracts, (*iii*) asserting certain alleged causes of action that are the property of HTA, (*iv*) attempting to enforce Ambac's purported lien against property of HTA, and (*v*) filing an action to recover on a claim against HTA, among other things, the Ambac Litigation violates the automatic stay imposed by 11 U.S.C. § 362(a), as made applicable to the Title III Cases by PROMESA section 301(a), and is void *ab initio*.

## CERTIFICATION

15. In accordance with section 2.a.(i) of the Court's Standing Order, dated September 15, 2017, the Oversight Board's attorneys certify that they used their best efforts to resolve this matter, including by sending a letter to Ambac's attorneys on March 13, 2020 requesting Ambac withdraw the Ambac Litigation.

16. On March 24, 2020, Ambac's attorneys sent the Oversight Board's attorneys a letter refusing to withdraw the Ambac Litigation and alleging the Ambac Litigation does not violate the automatic stay.

## NO PRIOR REQUEST

17. No prior request for the relief requested herein has been made by the Debtors to this or to any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtors respectfully request the Court enter the Proposed Order granting the Motion and granting Movants such other relief as is just and proper.

Dated: March 31, 2020

Respectfully submitted,

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel: 787-647-3503
Email: dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: 787-751-6764/763-0565
Fax: 787-763-8260

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock
Jeffery W. Levitan
Ehud Barak
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative of the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority*

7

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli

## **Exhibit A**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |
| THE COMMONWEALTH OF PUERTO RICO and PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Movants,<br><br>-v-<br><br>AMBAC ASSURANCE CORPORATION,<br><br>    Respondent. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 362 DIRECTING AMBAC TO WITHDRAW COMPLAINT**

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

Upon the motion (the "Motion")[2] of the Debtors, by and through the Oversight Board as the Debtors' sole representative pursuant to PROMESA section 315(b), for entry of an order (this "Order"), directing Ambac to withdraw the Complaint, all as more fully set forth in the Motion and the accompanying Memorandum of Law; and this Court having jurisdiction over this matter pursuant to PROMESA section 306(a); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. The filing of the Complaint violated the automatic stay arising under Bankruptcy Code section 362, as made applicable to these Title III cases by PROMESA section 301(a) (the "Automatic Stay").

3. Ambac shall withdraw the Complaint no later than April 24, 2020.

4. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020　　　　　　　_____
　　　San Juan, Puerto Rico　　　　　　　　　HONORABLE LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.