**Hearing Date:** April 22, 2020 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline:** April 7, 2020 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>        Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>        Debtor. | PROMESA Title III<br><br>Case No. 19-BK-5523-LTS<br><br>(Jointly Administered)<br><br>**This Motion relates only to PBA, and shall be filed in Case No. 17-BK-3283-LTS and Case No. 19-BK-5523-LTS** |

## CONSENSUAL MOTION OF THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY FOR AN ORDER AUTHORIZING THE REJECTION OF UNEXPIRED LEASE

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Public Buildings Authority ("PBA"), as Title III Debtors, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), respectfully submit this motion (the "Motion"), pursuant to section 365(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 6006, made applicable to these cases by PROMESA Sections 301(a) and 310, for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the rejection of an unexpired lease agreement of nonresidential real property, pursuant to which the Puerto Rico Department of Justice ("DOJ"), an instrumentality of the Commonwealth, is the lessee of PBA. In support of this Motion, the Debtors respectfully represent as follows:

### Preliminary Statement

1.      As part of its restructuring efforts, the Commonwealth has been in the process of evaluating its economic and financial affairs, and contemplating and implementing measures to reduce unnecessary expenses to preserve and maximize its resources for the benefit of all parties-in-interest.  In doing so, the Commonwealth is creating more efficient, centralized agencies for the public, by consolidating various governmental regional offices and thereby vacating leased spaces with the intention of decreasing expenses and preserving public resources.  With these efforts in mind, the Commonwealth has examined the terms and conditions of the DOJ Lease, as defined below, and the benefits and burdens associated therewith, and the Commonwealth, in its business judgment, has determined that the rejection thereof is in its best interest.

### Jurisdiction and Venue

2.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA Section 306(a).

3.      Venue is proper pursuant to PROMESA Section 307(a).

4.      The statutory predicates for the relief sought herein are Bankruptcy Code section 365(a) and FRBP 6006, made applicable to these cases by PROMESA Sections 301(a) and 310.

### Background

5.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to Section 304(a) of PROMESA, commencing a case under Title III thereof (the "Commonwealth Title III Case").

6.      On September 27, 2019, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for PBA pursuant to Section 304(a) of PROMESA, commencing a case under Title III thereof (the "PBA Title III Case").

7.      On January 7, 2020, the Commonwealth, as Title III debtor, by and through the Oversight Board, filed a *Motion for Entry of Eighth Order extending time to Assume or Reject Unexpired Leases of Nonresidential Real Property under which the Puerto Rico Public Buildings Authority is the Lessor*[2] *pursuant to Bankruptcy Code Section 365(d)(4)* (the "Eighth 365(d)(4) Motion"), which the Court granted on January 22, 2020 (the "Eighth 365(d)(4) Order"). [ECF Nos. 705, 994, 1417, 1518, 1800, 2494, 2689, 3417, 3621, 4035, 4114, 5158, 5433, 7812, 8152, 9714, 10,290]. Through the Eighth 365(d)(4) Order, the Court extended, until July 29, 2020, the Commonwealth deadline to assume or reject unexpired real property leases [ECF No. 10,290].

---

[2] Defined therein as (the "PBA Leases")

8.      In accordance with Section 36(d)(4) of the Bankruptcy Code, applicable to the PBA Title III Case pursuant to PROMESA Section 301, the deadline on which PBA must assume or reject unexpired real property leases is currently April 23, 2020.

9.      On February 28, 2020, the Commonwealth, PBA and ERS filed that certain Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, ET AL (the "Plan") [ECF No. 11946] and a related proposed disclosure statement (the "Disclosure Statement").

**The DOJ Lease**

10.      Pursuant to that certain Contract No. A-588, dated December 16, between PBA and the DOJ, as amended and supplemented (collectively, the "DOJ Lease"), a copy of which is attached hereto as **Exhibit B,** the DOJ leased 165,960 square feet of an office building and related facilities located at *Olimpo Street Miramar Charterhouse* in the Municipality of San Juan, Puerto Rico, generally described as the *Department of Justice Building*, No. PBA-1460 (the "Premises"). Pursuant to various amendments, the DOJ Lease has been extended up to and including July 1, 2039.  Under the terms of the DOJ Lease the annual rental is paid by DOJ in monthly installments.

11.      The Premises have been vacant and closed, without use or occupation, by either the DOJ or the Commonwealth since the passing of Hurricane María in September 2017 due to the damages associated therewith.  Currently, the DOJ is unable to occupy and use the Premises for the purposes established in the DOJ Lease and the DOJ's Enabling Act.  Thus, the Commonwealth deems, in its business judgment, that the continued leasing of the Premises, as well as the eventual assumption of the DOJ Lease would serve no purpose beneficial to—nor be in furtherance of—the Commonwealth's restructuring endeavors.

**Relief Requested**

12.     By this Motion, pursuant to Bankruptcy Code Section 365, made applicable to these cases by PROMESA Section 301(a), and Federal Bankruptcy Rule 6006, made applicable to these cases by PROMESA Section 310, the Commonwealth and PBA seek entry of an Order granting the rejection of the DOJ Lease.

**Basis for Relief**

13.     Pursuant to section 365(a) of the Bankruptcy Code, a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to abandon burdensome property."  Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2nd Cir.1993) [Emphasis added]

14.     It is well established that courts should approve a debtor's motion to assume or reject an executory contract if the debtor's decision is based on its business judgment.  See In re Decora Indus., Inc., 2002 WL 32332749, at *8 (D. Del. May 20, 2002); Official Comm. for Unsecured Creditors v. Aust (In re Network Access Solutions, Corp.), 330 B.R. 67, 75 (Bankr. D. Del. 2005); see Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2nd Cir. 1993); see also In re Exide Techs., 340 B.R. 222, 239 (Bankr. D. Del. 2006) ("The propriety of a decision to reject an executory contract is governed by the business judgment standard."); see also Phar Mor, Inc. v. Strouss Bldg. Assocs., 204 B.R. 948, 952 (N.D. Ohio 1997) ("Courts should generally defer to a debtor's decision whether to reject an executory contract."); see also Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2nd Cir.1993) ("[A] bankruptcy court reviewing a trustee's or debtor-in-possession's decision

12

to assume or reject an executory contract should examine a contract and the surrounding circumstances and apply its best 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it."); Sharon Steel Corp. v. National Fuel Gas Distribution Corp., 872 F.2d 36, 39–40 (3d Cir.1989); In re Wheeling–Pittsburgh Steel Corp., 72 B.R. 845, 846 (Bankr.W.D.Pa.1987).

15.     "Under the Code, most courts have applied a "business judgment" test to trustees' decisions to assume or reject contracts or leases. For example, in Orion Pictures, the Court of Appeals for the Second Circuit expanded upon its prior decision in In re Minges, 602 F.2d 38 (2nd Cir. 1978), and explained the court's role in the assumption/rejection process 'as [one of] an overseer of the wisdom with which the bankruptcy estate's property is being managed by the trustee or debtor-in-possession, and not, as it does in other circumstances, as the arbiter of disputes between creditors and the estate.'"  Richard Levin & Henry J. Sommer, 3 Collier on Bankruptcy ¶365.03[2] (16th ed. 2018) [Emphasis added].

16.     As detailed above, neither the DOJ nor the Commonwealth is utilizing the Premises and neither intends to use such space as part of the Commonwealth's restructuring efforts. Moreover, a prompt rejection of the DOJ Lease would limit the asserted ongoing accrual of administrative expenses, to the extent determined to be allowed, in connection with the DOJ Lease. Therefore, the Court should grant this Motion to reject the DOJ Lease, without prejudice to the Commonwealth's reserved rights to seek further relief in the form of rejection of additional Leases.

17.     It should be noted that PBA consents to the relief requested herein and, to the extent necessary requests that a copy of the Order authorizing the relied requested herein be filed and docketed in the PBA Title III Case.

**Notice**

18.     The Commonwealth and PBA have provided notice of this Motion and the relief

requested therein  to: (a) the Office of the United States Trustee for the District of Puerto Rico; (b)

the indenture trustees and/or agents, as applicable, for the Commonwealth's and PBA's bonds; (c)

the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d)

the statutory committees appointed in these Title III Cases; (e) the Office of the United States

Attorney for the District of Puerto Rico; (f) counsel to AAFAF; and (g) the Puerto Rico Department

of Justice; and (h) all parties filing a notice of appearance in these Title III Cases. The

Commonwealth and PBA submit that, in light of the nature of the relief requested, and taking into

account that additional notice under FRBP 6006 is being provided hereunder, no other or further

notice need be given.

**No Prior Request**

19.     No prior request for the relief sought in this Motion has been made to this or any

other court.


*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Commonwealth and PBA respectfully request the Court to enter an order, substantially in the form attached hereto as **Exhibit A**, (a) granting this Motion for the rejection of the DOJ Lease and (b) granting the Commonwealth and PBA such other relief it deems just and proper.

Dated: March 31, 2020
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Brian S. Rosen

Martin J. Bienenstock (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036 Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

/s/ Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
O'NEILL & BORGES LLC
205 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-1813
Fax: (787) 753-8944

*Co-Attorney for the Financial Oversight and Management Board as representative for the Debtors*

**Exhibit A**

**Proposed Order**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>       Debtors.[3] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>       Debtor. | PROMESA Title III<br><br>Case No. 19-BK-5523-LTS<br><br>(Jointly Administered)<br><br>**This Motion relates only to PBA, and shall be filed in Case No. 17-BK-3283-LTS and Case No. 19-BK-5523-LTS** |

## ORDER AUTHORIZING THE REJECTION OF UNEXPIRED LEASE

Upon the consensual motion of the Commonwealth of Puerto Rico and the Puerto Rico Public Buildings Authority, by and through the Financial Oversight and Management Board for Puerto Rico, pursuant to Bankruptcy Code section 365(a), for Entry of an Order Authorizing the Rejection of Unexpired Lease, dated March 31, 2020 (the "Motion");[4] and the Court having found

---

[3] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[4] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

it has subject matter jurisdiction over this matter pursuant to PROMESA Section 306(a); and it

appearing that venue is proper pursuant to PROMESA Section 307(a); and the Court having found

that the relief requested in the Motion is a proper exercise of the Commonwealth's business

judgment, it is HEREBY ORDERED THAT:

1.   The Motion is granted as set forth herein.

2.   The DOJ Lease shall be rejected effective as of the date of March 31,
2020.

3.   The terms and conditions of the Order shall be immediately effective and
enforceable upon its entry.

4.   This Court retains exclusive jurisdiction with respect to all matters arising
from or related to the implementation, interpretation, and enforcement of
this Order.


SO ORDERED.


Dated: _____, 2020
San Juan, Puerto Rico
                                         _____
                                         LAURA TAYLOR SWAIN
                                         United States District Judge

12

## Exhibit B

**The DOJ Lease**