IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.<br><br>　　Debtors.[1] | PROMESA<br>Title III<br><br>No.: 17-BK-03283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>　　as representative of<br><br>THE EMPLOYMENT RETIREMENT SYSTEM OF THE COMMONWEALTH OF PUERTO RICO ("ERS")<br><br>　　Debtor | PROMESA<br>Title III<br><br>No.: 17-BK-03566-LTS |

### OPPOSITION TO:
### "*RENEWED MOTION OF UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO FOR RELIEF FROM THE AUTOMATIC STAY*"

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the las four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

**TO THE HONORABLE COURT:**

Individual Plaintiffs Pedro José Nazario-Serrano, Joel Rivera-Morales, María de Lourdes Gómez-Pérez, Héctor Cruz-Villanueva, Lourdes Rodríguez and Luis M. Jordán-Rivera, all of them retirees/beneficiaries and Plaintiffs in the claim for damages entitled <u>Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura de Puerto Rico; Pedro José Nazario Serrano, su cónyugue, Juanita Sosa Pérez y la Sociedad Legal de Bienes Gananciales Compuesta por Ambos; Joel Rivera Morales; María de Lourdes Gómez Pérez; Héctor Cruz Villanueva; Lourdes Rodríguez; y, Luis M. Jordán Rivera v. UBS Financial Services Incorporated of Puerto Rico y UBS Consulting Services of Puerto Rico</u>, Civil No. KAC- 2011-1067 (803), that is currently pending in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part (the "Commonwealth Court"), by and through the undersigned counsel respectfully STATE and PRAY:

### I. INTRODUCTION

On March 30, 2020, in the middle of a total shutdown, due to the COVID-19 pandemic, UBS Financial Services Incorporated of Puerto Rico (hereinafter "UBS"), attempting to take advantage of its unlimited resources, has filed a "*RENEWED MOTION OF UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO FOR RELIEF FROM THE AUTOMATIC STAY*" (hereinafter the "*RENEWED MOTION*").

For the reasons set forth below, UBS' untimely and frivolous "*RENEWED MOTION*" should be denied.

### II. PROCEDURAL BACKGROUND

1. As UBS candidly admits, it has been attempting to reach an agreement that would result in the stay of the litigation before the Commonwealth Court, San Juan Part,

which was commenced on September 29, 2011, by certain retirees, as a result of the grossly negligent acts committed by UBS in advising the ERS to issue close to 3 billion dollars of Bonds in 2008. The Commonwealth Court litigation does not involve anything having to do with the alleged illegality or the "*ultravires nature*" of the Bonds.

2. Since the fall of 2019, facing the real possibility of an adverse result from the Commonwealth Court, as a result of a "*MOTION FOR PARCIAL SUMMARY JUDGMENT*" that is pending resolution, UBS has been attempting to take advantage of the PROMESA Litigation in a desperate attempt to stay the local Court proceedings, utilizing a proposed counterclaims and falsely arguing that it involves "duplicative" or "overlapping" claims.

3. UBS' first attempt at executing its plan failed. As a result, after the December Omnibus Hearing, this Court only allowed UBS relief, limited to the "presentation" of the Proposed Counterclaims. This Court made it very clear, however, that the Commonwealth Court "shall have the sole discretion as to the procedural requirements for presenting the Counterclaim".

4. The most recent renewed attempt of UBS seeking a complete lift of stay for the sole purpose of derailing the advanced stage of the proceedings before the Commonwealth Court should be denied. As the Commonwealth Court has clearly stated, the issue regarding the alleged validity of the ERS Bonds or whether they were issued "*ultravires*", is not an issue that the Commonwealth Court will be addressing.

### III. ARGUMENT

5. Through its "*RENEWED MOTION*" UBS makes very serious and sanctionable misrepresentations to this Court. For example, at paragraph number 29 of its "*RENEWED MOTION*", UBS suggest that, since it "submitted" the Counterclaims to the Commonwealth

Court, UBS "*believes further action on these claims, including any litigation regarding the validity of these claims is stayed…*". That is a gross misrepresentation. Although UBS "presented" its Counterclaims, the Commonwealth Court has not issued a ruling authorizing the filing of the Counterclaims.

- **The Commonwealth Court has not accepted the Counterclaims**

6. On February 4, 2020, UBS submitted its Counterclaims to the Commonwealth Court. After seeking an extension on March 2, 2020, the appearing parties filed an opposition entitled "*URGENT MOTION OPPOSING THE FILING OF COUNTERCLAIM AND REQUESTING ITS WITHDRAWAL FROM THE COURT RECORD*". A translation of said motion was attached as *EXHIBIT C* to UBS' "*RENEWED MOTION*" for lift of stay.

7. In an effort to save time and resources, the appearing parties hereby incorporate by reference all of their arguments as to why the Commonwealth Court should not allow the belated Counterclaims with respect to issues that are not properly before the Court. Suffice it to state, however, that after the aforementioned opposition to the Counterclaim was filed, the Commonwealth Court entered into a complete lockdown, without ruling if it would allow the Counterclaims to go forward. Therefore, UBS cannot validly represent to this Court, as it has, that the Counterclaims have been accepted and will be litigated in the Commonwealth Court.

8. On the contrary, the Commonwealth Court has expressed, in no uncertain terms, that the validity of the Bonds is not an issue that is before her.

9. During a Hearing held on November 26, 2019, the Court made it clear to UBS' attorneys that the issue of the validity or invalidity of the Bonds was not before the Court. The Court stated:

> ***...Now, another thing that attorney Hernández Denton said. This case,** the controversy I have to resolve is not the same as the one in the Federal Court. And what they do there, well, fine and dandy. Whatever they do there. I don't have -- my jurisdiction doesn't extend that far. So in this case the evidence that is going to be sought is the evidence pertaining to the allegations about the nature of the transaction between UBS and the Retirement System.*
>
> ***Look,** what's at issue here is which representations, if any, did UBS make to the Retirement System when it sold, marketed, devised or did not devise the sale of these bonds. **That's a controversy in this case. So that's evidence that I need.*** (Emphasis added)

Transcript of Hearing held on November 26, 2019 - page 35, lines 10-24 to page 36, line 1.

10. During that same Hearing, in spite of UBS' insistence that the validity of the Bonds had been placed in controversy, the Court stated:

> ***HON. JUDGE: Again. Here it's being alleged that UBS gave an advice deviated from the fiduciary duty that, according to the plaintiffs, it had to the Retirement System. Because it wanted to profit from that sale. Because as a result of that sale, it collected $35 million in commissions.***
>
> ***And, then, the Retirement System followed UBS' recommendations and by following the UBS' recommendations, well, it was negatively impacted because the recommendations given by UBS did not generate the expected results.***
>
> ***There's no mention here that those bonds are wrongly issued, are illegal, whatever. I'm not going to resolve that, the validity of the bonds. They've already been issued.*** (Emphasis added)

Transcript of Hearing held on November 26, 2019 - pages 61-62.

– **There is no "duplicative" or "repetitive" litigation**

11. Another misrepresentation is that, through its "*RENEWED MOTION*", UBS argues that the PROMESA cases and the Commonwealth Court action involve "Duplicative Claims" ["*RENEWED MOTION*" at paragraphs 3 and 44], that they are "Overlapping Claims" ["*RENEWED MOTION*" at paragraph 6].

12. For the reasons stated above, these statements made by UBS, are simply wrong and misleading, and UBS should be sanctioned for attempting to induce the Court into error.

13. Paragraph 1.7 of the "*FOURTH AMENDED COMPLAINT*", that has been accepted by the Commonwealth Court, summarizes the nature of the case:

*"1.7 This Fourth Amended Complaint is filed for the benefit of the System and the individual Claimants identified below, to recover the serious damages suffered both by the System and by said individual Plaintiffs, caused by the grossly negligent conduct of UBS and UBS Consulting Services of Puerto Rico ("UBS Consulting")".* (Emphasis added)

14. This is also corroborated upon review of the two Causes of Action against the UBS Defendants as articulated in the "*FOURTH AMENDED COMPLAINT*". To this end, it suffices to cite the two paragraphs that summarize the two aforementioned Causes of Action:

### *VI. FIRST CAUSE OF ACTION/VIOLATION OF CONTRACTUAL DUTIES BY UBS AND UBS CONSULTING*

*6.23. The conduct of UBS and UBS Consulting, as referred to above in this Fourth Amended Complaint, was illicit, reckless, grossly negligent, violated its obligations to the System and therefore has caused, causes and will cause damage to the System in multi-million-dollar amounts, as well as damages to the Plaintiffs herein. (Emphasis added).*

### *VII. SECOND CAUSE OF ACTION/SECTION 1802 OF THE PUERTO RICO CIVIL CODE /UBS AND UBS CONSULTING*

*7.2. The grossly negligent and illicit conduct of UBS and UBS Consulting in the while providing the services they were required to render to the System and the breach by such defendants of their contractual, non-contractual and fiduciary duties to the System caused the System multi-million dollar damages, as explained above in this Fourth Amended Complaint, and also caused damages to the Plaintiffs, all of which render defendants liable under, among others, Section 1802 of the Puerto Rico Civil Code. (Emphasis added).*

## IV. CONCLUSION

15. The Commonwealth Court action has nothing to do with the declaratory relief commenced by the ERS in the adversary proceedings under PROMESA that are pending before this Court, seeking a declaration that the Bonds are null and void, as they were issued "*ultravires*".

16. The Commonwealth Court action is one seeking damages to the beneficiaries and to the ERS, resulting from gross negligence and UBS' failure to comply with its duty under the Puerto Rico Uniform Securities Act, pursuant to which UBS had the obligation to conduct its dealings pursuant to highest standards of fiduciary duty ("*Uberrima Fides*"). These are two separate issues. There is no duplicity and there is no overlapping.

**WHEREFORE**, the appearing parties respectfully request that the "*RENEWED MOTION*" for lift of stay, filed by UBS, be denied with any other remedy that is just and proper.

**RESPECTFULLY SUBMITTED.**

**WE HEREBY CERTIFY** that on this day we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF, which will send a notification to counsel of record.

In San Juan, Puerto Rico, this 1st day of April, 2020.

| | |
|---|---|
| **VICENTE & CUEBAS**<br>P.O. Box 11609<br>San Juan, PR  00910-1609<br>Phone    (787) 751-8000<br>Facsimile (787) 756-5250<br><br>*/s/*Harold D. Vicente<br>**HAROLD D. VICENTE**<br>USDC-PR Bar No. 117711<br>E-mail: *hvicente@vclawpr.com* | **PUJOL LAW OFFICES, PSC**<br>P.O. Box 363042<br>San Juan, PR  00936-3042<br>Phone    (787) 724-0900<br>Facsimile (787) 724-1196<br><br>*/s/*Francisco Pujol-Meneses<br>**FRANCISCO PUJOL-MENESES**<br>USDC-PR Bar No. 212706<br>E-mail: *fpujol@pujollawpr.com* |

*/s/*Harold D. Vicente-Colón
**HAROLD D. VICENTE-COLÓN**
USDC-PR Bar No. 211805
E-Mail: *hdvc@vclawpr.com*


**BUFETE ANDREU & SAGARDÍA**
261 Domenech Avenue
San Juan, PR  00918
Phones    (787) 754-1777 / (787) 763-8044
Facsimile (787) 763-8045


*/s/*José A. Andreu-Fuentes
**JOSÉ A. ANDREU-FUENTES**
USDC-PR Bar No. 204409
E-Mail: *jaf@andreu-sagardia.com*


*Counsel for Individual Plaintiffs,
Beneficiaries of the Retirement System of the Commonwealth of Puerto Rico*