**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

               Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

**Re: ECF No. 12516, 12527**

(Jointly Administered)

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO

               Debtor.

PROMESA
Title III

No. 17 BK 3283-LTS

**This Urgent Motion relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.**

------------------------------------------------------------x

**URGENT MOTION OF THE COMMONWEALTH OF
PUERTO RICO FOR ORDER ADJOURNING
DEADLINES AND SETTING PRELIMINARY HEARING
IN CONNECTION WITH SANTANA-BÁEZ LIFT STAY MOTION**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Debtor"), respectfully submits this urgent motion for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) adjourning the deadlines set forth in the *Order* [ECF No. 12527] (the "Scheduling Order"), and (ii) scheduling a preliminary hearing in connection with the *Motion Requesting to Unparalyze for Become in Knowledge in the File that the Commonwealth of Puerto Rico Was Not Summon in this Case* (the "Lift Stay Motion") [ECF No. 12516].² In support of this Urgent Motion, the Debtor respectfully states as follows:

**Background**

The Lift Stay Motion

1. On March 23, 2019, Eliezer Santana-Báez ("Movant"), plaintiff in the case captioned *Eliezer Santana Báez and Roberto Quiñones López v. Estado Libre Asociado de Puerto Rico et al,* Case No. D DP2016-0591 (the "Prepetition Action"), pending before the Puerto Rico Court of First Instance of Bayamón (the "Commonwealth Court") filed the Lift Stay Motion, seeking relief from the automatic stay to allow the Prepetition Action to proceed.

2. The Court has denied on the merits previous motions filed by Movant for relief from the automatic stay in connection with other prepetition actions. *Memorandum Order Denying Eliezer Santana-Báez's Motion for Relief from Automatic Stay* (entered May 20, 2019) [ECF No. 7025] (related to the case captioned *Eliezer Santana Báez and Roberto Quiñones López v. Estado Libre Asociado de Puerto Rico et al.*, Case No. D DP2014-0229); *Memorandum Order Denying Eliezer Santana Báez's Motion for Relief from Automatic Stay (Docket Entry No. 7140)*

---

² The Financial Oversight and Management Board for Puerto Rico, as the Debtor's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Urgent Motion on behalf of the Debtor.

2

(entered Jun. 27, 2019) [ECF No. 7696] (related to the case captioned *Eliezer Santana Báez and Henry Figueroa Ramos v. Estado Libre Asociado de Puerto Rico et al.*, Case No. D DP2014-0673); *Memorandum Order Denying Eliezer Santana Báez's Motion for Relief from Automatic Stay (Docket Entry No. 7141)* (entered Jun. 27, 2019) [ECF No. 7697] (related to the case captioned *Eliezer Santana Báez v. Estado Libre Asociado de Puerto Rico et al.*, Case No. D DP2015-0215).

3. On March 25, 2020, the Court entered the Scheduling Order, which provides that oppositions to the Lift Stay Motion must be filed by April 6, 2020 and Movant's reply by April 13, 2020.

The Government's Operations During the COVID-19 Pandemic

4. On March 12, 2020, the Governor signed the *Executive Order of the Governor of Puerto Rico, Hon. Wanda Vázquez Garced, to Declare a State of Emergency in Light of the Imminent Impact of the Coronavirus (COVID-19) on Our Island*, Administrative Bulletin No. OE-2020-020 (the "Emergency Order"), declaring a state of emergency in order to implement all necessary measures for safeguarding the health, well-being, and safety of the people of Puerto Rico in light of the imminent threat posed by COVID-19.

5. On March 15, 2020, and in response to the spread of COVID-19 throughout Puerto Rico, the Governor signed the *Executive Order of the Governor of Puerto Rico, Hon. Wanda Vázquez Garced, to Make Viable the Necessary Government and Private Closures to Fight the Effects of Coronavirus (COVID-19) and Control the Risk of Contagion on Our Island*, Administrative Bulletin No. OE-2020-023 (the "March 15 Executive Order"), directing, among other things, the "closure of all governmental operations . . . except those related to essential services" until March 30, 2020. Executive Order § 6.

6. On March 30, 2020, the Governor extended the closure of, among other things, the Puerto Rico government to April 12, 2020 under the March 15 Executive Order pursuant to the

3

*Executive Order of the Governor of Puerto Rico, Hon. Wanda Vázquez Garced, Extending the Measures Taken to Control the Spread of the Coronavirus, COVID-19, in Puerto Rico*, Administrative Bulletin No. OE-2020-029 (together with the Emergency Order and the March 15 Executive Order, the "Executive Orders").

7. Following Movant's filing of the Lift Stay Motion, the Debtor has been working diligently to gather the necessary information to respond to the Motion. However, the current COVID-19 pandemic and the Government lockdown pursuant to the Executive Orders have delayed such process. Among other things, the files in connection with the Prepetition Action are not available electronically and the Executive Orders prevent the Debtor's officers from physically obtaining them. The Debtor is operating with very limited personnel solely on essential governmental services, with all other officers working remotely pursuant to the Executive Orders.

8. Furthermore, the Debtor has been unable to seek Movant's consent to extend the deadlines and the 30-day period under Bankruptcy Code section 362(e) in connection with the Lift Stay Motion because the Movant is an inmate and a *pro se* litigant and the only contact information Movant provided was a mailing address. Due to the Government lockdown and the restrictions imposed by the same, the Debtor was unable to mail the request for consent to the extension

### Jurisdiction and Venue

9. The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

10. Venue is proper in this district pursuant to PROMESA section 307(a).

### Relief Requested

11. In light of the COVID-19 pandemic and the Government lockdown pursuant to the Executive Orders, the Debtor requests that: (i) the briefing schedule set forth in the Scheduling

4

Order be adjourned, and (ii) the Court schedule a preliminary hearing on the Lift Stay Motion for the April 22, 2020 Omnibus Hearing to consider the briefing schedule for the Lift Stay Motion.

**Limited Adjournment of the Deadlines Set Forth
in the Scheduling Order is Appropriate in Light of the Government Lockdown**

12. As noted above, the Debtor has sought to obtain information regarding the Prepetition Action to respond to the Lift Stay Motion, but has been unable to do so because such information is not available electronically, and the Government lockdown pursuant to the Executive Order has limited the Debtor's ability to obtain access to such information, which would require the Debtor's officers to obtain physical access to the Commonwealth court facilities. The Governor has extended the Government lockdown to April 12, 2020, which may be further extended.

13. Pursuant to Bankruptcy Code section 362(e)(1) the automatic stay is terminated thirty (30) days after a request for relief from the automatic stay pursuant to Bankruptcy Code section 362(d), "unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under [Bankruptcy Code section 362(d)]. . . . The court shall order such stay continued in effect pending the conclusion of the final hearing under [Bankruptcy Code section 362(d)] if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing." 11 U.S.C. § 362(e)(1). The 30-day period pursuant to Bankruptcy Code section 362(e) expires on April 22, 2020.

14. Given the 30-day period pursuant to Bankruptcy Code section 362(e), and the extraordinary circumstances during the COVID-19 pandemic, the Debtor asserts that it is appropriate for the Court to adjourn the current deadlines set forth in the Scheduling Order and schedule a preliminary hearing to consider the briefing schedule for the Lift Stay Motion. The

5

Debtor believes that there is a reasonable likelihood that it will prevail in opposition to the Lift Stay Motion and the Court may extend the automatic stay following a preliminary hearing.[3] Movant has failed to provide in the Lift Stay Motion sufficient information regarding the nature of the Prepetition Action. If Movant's prior lift stay motions are any indication, the Prepetition Action likely involves claims for damages against the Commonwealth. *See Memorandum Order Denying Eliezer Santana-Báez's Motion for Relief from Automatic Stay* at 2 (entered May 20, 2019) [ECF No. 7025] (prepetition action seeks compensation in the amount of $75,000); *Memorandum Order Denying Eliezer Santana Báez's Motion for Relief from Automatic Stay (Docket Entry No. 7140)* at 2 (entered Jun. 27, 2019) [ECF No. 7696] (prepetition action seeks compensation in the amount of $150,000); *Memorandum Order Denying Eliezer Santana Báez's Motion for Relief from Automatic Stay (Docket Entry No. 7141)* (entered Jun. 27, 2019) [ECF No. 7697] (prepetition action seeks compensation in the amount of $75,000).

15. Based on the foregoing, the Debtor requests (i) that the briefing schedule set forth in the Scheduling Order be adjourned, (ii) the Court schedule a preliminary hearing on the Lift Stay Motion for the April 22, 2020 Omnibus Hearing to consider the briefing schedule for the Lift Stay Motion, and (iii) entry of an order, substantially in the form attached hereto as **Exhibit A**.

16. Pursuant to Paragraph I.H of the *Eleventh Amended Notice, Case Management and Administrative Procedures* [ECF No. 11885-1] (the "Case Management Procedures"), the Debtor hereby certifies that it has carefully examined the matter and concluded that there is a true need for an urgent motion; it has not created the urgency through any lack of due diligence; has made a bona fide effort to resolve the matter without a hearing; has made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court.

---

[3] *See, e.g.*, *In re City of San Bernardino*, 545 B.R. 14, 16-17 (C.D. Cal. 2016) (extending the automatic stay beyond 30-day period after finding debtor was reasonably likely to ultimately prevail on the stay motion).

**Notice**

17. The Debtor has provided notice of this motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against the Debtor; (d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[4] (i) all parties filing a notice of appearance in these Title III cases; and (j) Movant. A copy of the Urgent Motion is also available on the Debtor's case website at https://cases.primeclerk.com/puertorico/.

18. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Left Intentionally Blank*]

---

[4] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

7

**WHEREFORE**, the Debtor requests the Court enter the Proposed Order and grant such other relief as is just and proper.

Dated: April 6, 2020.
San Juan, Puerto Rico

Respectfully submitted,

**DENNISE N. LONGO-QUIÑONES**
Secretary of Justice

**WANDYMAR BURGOS VARGAS**
Deputy Secretary in Charge of Litigation

s/*Susana I. Peñagarícano-Brown*
**SUSANA PEÑAGARÍCANO BROWN**
USDC NO. 219907
Director of Legal Affairs
Federal Litigation and Bankruptcy Division
Department of Justice of Puerto Rico
PO Box 9020192
San Juan, Puerto Rico, 00902-0192
Tel. (787) 721-2900, ext. 1404
*Attorneys for the Commonwealth of Puerto Rico*

# Exhibit A

**Proposed Order**