IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 17 BK 03283-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | PROMESA TITLE III |
| As representative of THE COMMONWEALTH OF PUERTO RICO, et al., | |
| Debtors | |

MOTION SHOW CAUSE AND RESPONSE TO ONE HUNDRED THIRTEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS ASSERTING INTERESTS BASED UP ON UNSPECIFIED PUERTO RICO STATUTES

To the Honorable United States District Judge Laura Taylor Swain:

Comes now, Carmen Doris Melendez Rivera, (creditor) through its undersigned counsel and very respectfully alleges and prays:

1. On December 2019, the creditor received ONE HUNDRED THIRTEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS ASSERTING

INTERESTS BASED UP ON UNSPECIFIED PUERTO RICO STATUTES.[1] Doc. #: 9563 Filed:12/12/19.[2]

2. The deadline for filing and serving a response is 4:00 p.m. on January 14, 2020.

3. The creditor, Carmen Doris Melendez Rivera, upon claim 94196 number has principal residence in rural area of Ponce, Puerto Rico, one of the most affected cities in Puerto Rico by several earthquakes; Puerto Rico southwest town. The creditor had difficult for response on time ONE HUNDRED THIRTEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS ANDTRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS ASSERTING INTERESTS BASED UPON UNSPECIFIED PUERTO RICO STATUTES.

4. She had fear for your safety, property and your life. The creditor has almost 65 years old, she has various health conditions and the creditor has no person that can help her for this reclamation.

5. On January 7-8, 2020, the United States District Court for the District of Puerto Rico ordered all Clerk's Office facilities closed and suspended court proceedings due to the emergency which arose because of several earthquakes and after-shocks which affected the District of Puerto Rico. This emergency impeded the ability of attorneys, litigants, witnesses, jurors, and others in the performance of their duties and obligations with respect

---

[1] Response under ELEVENTH AMENDED NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES.
[2] **Claim Number: 94196**

to legal processes, hearings, and deadlines. To equitably address this situation, the Court, in the exercise of its administrative authority, has determined to extend all deadlines, including speedy trial. Therefore, all deadlines, including speedy trial, set during the period encompassed between January 7, 2020 and January 10, 2020, both inclusive, are extended until January 13, 2020.

6. And now, island is public emergency for corona virus, Covid 19; public and private offices are closed till March 30, 2020.

7. By this reasons, the creditor requests permission to submit and serving a response after the deadline.

### RESPONSE
### Claim Number: 94196

8. Creditor was public employment since October 16, 1977 to September 30, 2009. She worked for Commonwealth of Puerto Rico, Departments of Health as Nurse Supervisor II of regular career. Please see certification dated March 6, 2020.

9. In request to *Asociacion Empleados del ELA* in February 16, 2010, the creditor mention the date and workplace. Please see attached request.

10. With respect, you can see academic preparation: three years on Nurse Department of University of Puerto Rico Medical Science Campus. Please see Certification dated May 30, 1975 attached. Also, complete bachelor of science in nursing in Catholic University of Puerto Rico. Please see exact copy of diploma dated December 15, 1986, attached.

1. The creditor has always thought that she has right of receive an increase of fifty-five dollars (55) effective at the 1st. October 1986.

2. The creditor has not received this salary increase, never.

3. Neither, she did not receive increase by disposition of federal minimum wage in April 15, 1986.

4. The creditor had the counterfoil of payment of former work, the contracts and letters, among other documents.

5. About two years ago, the creditor moved to Real Anon neighborhood of Ponce, Puerto Rico. She throws these documents away because the new house is smaller.

6. By this reason, the creditor declared under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Please see attached affidavit.

11. Since October 1, 2009 the creditor is Puerto Rico government pensioner.

**Law 90-1986**

**Law known as** *Aumento de Sueldo para los Empleados Públicos*

12. Effective July 9, 1986, Salary Increase for Puerto Rico Public Employees. The pay raise was $55.00 monthly. The creditor has not received this salary increase. The law purpose was give rise wage to all Commonwealth of Puerto Rico Public Employees. The article 1 (1) (2) law number 90-1986 says specifically that:

> *Artículo 1.-Aumentos de Sueldo General Para Empleados Públicos*
>
> *A partir del 1ro. de octubre de 1986 todos los empleados públicos de la Rama Judicial y Rama Ejecutiva, sin distinción de status ni categorías, que formen parte del Sistema de Personal creado en virtud de la Ley de Personal del Servicio Público, excepto los empleados de los municipios, los maestros y policías, recibirán aumentos conforme a lo siguiente:*
>
> *Los empleados de carrera, regular o probatorio y transitorios que no recibieron aumento alguno con motivo de la aplicación del salario mínimo federal al 15 de abril de 1986, recibirán un aumento de cincuenta y cinco dólares (55) efectivo al 1ro. de octubre de 1986.*
> *Los empleados que como resultado de la implantación del salario mínimo federal*

> *efectivo al 15 de abril de 1986 recibieron un incremento salarial de cincuenta y cinco dólares (55) o más, no serán acreedores al presente aumento. […]*
> Emphasis added.

13. The law 90-1986 supra. says that the career, regular or probationary and transitory employees who did not receive any increase due to the application of the federal minimum wage as of April 15, 1986, will receive an increase of fifty-five dollars (55) effective at the July 31 1986. The wage in January, 1986 to July, 1986 was the same monthly. The creditor did not receive increase by disposition of federal minimum wage in April 15, 1986.

14. In consequence, the creditor have right of receive an increase of fifty-five dollars (55) effective at the 1st. October 1986.

15. The purpose of law 90 of 1986 supra. is to grant a general salary increase for employees of the Commonwealth of Puerto Rico. The legislative Assembly said that is essential to government policy to harmonize both the use of economic resources to meet the urgent and inaccessible needs of the people of Puerto Rico as well as to meet the needs of employees and public officials responsible for providing such services. Such government management involves making difficult decisions recognizing on the one hand the fiscal situation of government and on the other, the high cost of living. Cost of Living Adjustments mean that: what you are paid goes up based on the cost of the goods and services a typical person buys. The Law 90-1986 supra. said specifically that:

> *Esta ley tiene como propósito el conceder un aumento de sueldo de carácter general para los empleados del Estado Libre Asociado de Puerto Rico. Es esencial a la política del gobierno el armonizar tanto la utilización de los recursos económicos para atender las necesidades urgentes e inaplazables del Pueblo de Puerto Rico así como atender en la misma proporción las necesidades de los empleados y funcionarios públicos responsables de proveer dichos servicios. Tal gestión de gobierno envuelve la toma de difíciles decisiones reconociendo por un lado la situación fiscal de gobierno y por otro, el alto costo de la vida.*

16. Certainly $55.00 dollars in July, 1986 are not same today. By this reason, each increase has inflation calculator since July 1986 to present, when creditor will receive your payment. The Consumer Price Index (CPI) program produces monthly data on changes in the prices paid by urban consumers for a representative basket of goods and services. There are separate indexes for two groups or populations of consumers: The CPI for All Urban Consumers (CPI-U) is the index most often reported by the national media. The CPI for Urban Wage Earners and Clerical Workers (CPI-W) is the index most often used for wage escalation agreements. The CPI Inflation Calculator allows users to calculate the value of current dollars in an earlier period, or to calculate the current value of dollar amounts from years ago. Consumer price indexes often are used to escalate or adjust payments for rents, wages, alimony, child support and other obligations that may be affected by changes in the cost of living. There is a fact sheet explaining how to use the CPI for escalating contracts.

17. The creditor through its undersigned counsel obtained the present value of the dollar of Bureau of Labor Statistics- In CPI Inflation Calculator U.S.[3] The quantity of $55.00 in October 1986 has the same buying power as $128.14 in December 2019. Also, the quantity of $55.00 in January 1987, has the same buying power as $127.10 in December 2019. The quantity of $55.00 in January 1988, has the same buying power as $122.16 in December 2019. So on until the quantity of $55.00 in June 2000, with the same buying power as $81.98 in December 2019.

18. In addition, the Puerto Rico law says that on any kind of obligation or contract will be six (6) dollars per year on every one hundred (100) dollars or on its equivalent in value. The interpretation is 6% per years. In addition, the Office of the Commissioner of Financial

---

[3] https://www.bls.gov/data/inflation_calculator.htm. Recuperate in January 27, 2020.

Institutions of Puerto Rico has published a listed of interest for public obligation -by <u>sentence</u>- that may change annually or semester.

19. The section 4591 of Title 31 of LPRA known as *Código Civil de Puerto Rico* of 1930, as amended says:

> *A falta de un contrato previo escrito, el tipo de interés sobre préstamos o prórrogas de dinero o mercancías <u>o sobre cualquier clase de obligación</u> o contrato será de seis (6) dólares anuales sobre cada cien (100) dólares o sobre su equivalente en valor, y al mismo tipo por una suma mayor o menor, o por un período más largo o más corto; Disponiéndose, sin embargo, que no podrá fijarse un tipo de interés, por convenio especial, que sea mayor de nueve (9) dólares anuales sobre cada cien (100) dólares o sobre su equivalente en valor, cuando el capital objeto del préstamo o del convenio no exceda de $3,000 y de ocho (8) dólares anuales por cada cien (100) dólares, cuando pase de dicha cantidad. Dentro de los límites que por este Código se fijan, será legal descontar letras y pagarés y otras obligaciones análogas.* Emphasis added.

20. In consequence, the creditor Carmen Doris Melendez Rivera has Claim of $24,443.00 principal under the law no. 90 of July 9, 1986 using CPI Inflation Calculator; interest since August 1986 until May 2017 by $60,121.48 at the legal interest of 6% per year for an asserted claim total-amount of: <u>$84,564.48.</u>

**Acquired-Rights Doctrine Law**

21. Amendment XIV of Article I, Section I of Constitution of the United States of America says:

*All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*

*22.* The Article 2 - known as Bill of Rights – section 7 of Constitution of the Commonwealth

of Puerto Rico says the right to life, liberty and the enjoyment of property is recognized as a fundamental right of man. The death penalty shall not exist. No person shall be deprived of his liberty or property without due process of law. No person in Puerto Rico shall be denied the equal protection of the laws. No laws impairing the obligation of contracts shall be enacted. A minimum amount of property and possessions shall be exempt from attachment as provided by law. Accurately the Section 7 supra. says:

> *Se reconoce como derecho fundamental del ser humano el derecho a la vida, a la libertad y al disfrute de la propiedad. No existirá la pena de muerte. Ninguna persona será privada de su libertad o propiedad sin debido proceso de ley, ni se negará a persona alguna en Puerto Rico la igual protección de las leyes. No se aprobarán leyes que menoscaben las obligaciones contractuales. Las leyes determinarán un mínimo de propiedad y pertenencias no sujetas a embargo.*

23. The Article 2 section 16 of Constitution *supra*. says that the right of every employee to choose his occupation freely and to resign therefrom is recognized, as is his right to equal pay for equal work, to a reasonable minimum salary, to protection against risks to his health or person in his work or employment, and to an ordinary-workday which shall not exceed eight hours. An employee may work in excess of this daily limit only if he is paid extra compensation as provided by law, at a rate never less than one and one-half times the regular rate at which he is employed. And expressly the Section 16 supra. says:

> *Se reconoce el derecho de todo trabajador a escoger libremente su ocupación y a renunciar a ella, a recibir igual paga por igual trabajo, a un salario mínimo razonable, a protección contra riesgos para su salud o integridad personal en su trabajo o empleo, y a una jornada ordinaria que no exceda de ocho horas de trabajo. Sólo podrá trabajarse en exceso de este límite diario, mediante compensación extraordinaria que nunca será menor de una vez y media el tipo de salario ordinario, según se disponga por ley.*

24. Acquired-Rights Doctrine Law says that once a right has been vested, then it may not be altered or reduced by a subsequent legislation; are intangible. Therefore, neither the Legislature in enacting a new law, nor the Governor by order, can injure them or ignore

them by executive. Our Supreme Court say in 177 D.P.R. 121, Hernández, Romero v. Pol. de P.R. that:

> *Los derechos adquiridos son intangibles. Por ello, ni la Legislatura al promulgar una nueva ley, ni el Gobernador mediante una orden ejecutiva, los puede lesionar o ignorar. […]Un derecho adquirido se incorpora dentro del patrimonio del titular del derecho y está protegido constitucionalmente frente a cualquier gestión gubernamental que pretenda intervenirlo.*
>
> *El Artículo 3 del Código Civil dispone que, "las leyes no tendrán efecto retroactivo, si no dispusieren expresamente lo contrario **y, en ningún caso, podrá el efecto retroactivo de una ley perjudicar los derechos adquiridos al amparo de una legislación anterior**". En Vázquez v. Morales, expresamos que el Artículo 3 del Código Civil está básicamente inspirado en la doctrina de los derechos adquiridos, sin descartar los hechos consumados.*
>
> ***Es imperativo mencionar que los derechos adquiridos, sin importar su procedencia, ya sea mediante legislación, por contrato o por "derecho común" gozan de la misma protección que todo derecho constitucional***. *Recientemente expresamos que los derechos adquiridos protegidos pueden concebirse como "consecuencia de un hecho idóneo, al producirlos en virtud de una ley vigente en el tiempo en que el hecho ha sido realizado, y que se han incorporado a una persona". Expresamos, además, lo siguiente:*
>
> *En este sentido, el derecho adquirido no puede ser el conjunto de facultades que la ley anterior permitía que los ciudadanos ejerciesen, ya que esto sería el estado de derecho objetivo que la nueva ley intenta cambiar. **El derecho adquirido, en cambio, es una situación consumada, en la que las partes afectadas descansaron en el estado de derecho que regía al amparo de la ley anterior. Así, los tratadistas distinguen entre la mera expectativa del derecho y los derechos adquiridos que ya entraron en el patrimonio de los sujetos involucrados***. Emphasis added.

25. Even if the law provides for its retroactive effect or thus arises from legislative intent, it may not affect rights acquired by the parties under the previous legislation. **Szendrey et al. v. Consejo de Titulares** 2011 TSPR 206.

26. The theory of acquired rights prohibits the retroactive application of a law when this affects existing legal relationships before the validity of the new law, which were born based on the previous legislation. However, not every legal situation arising under an earlier law

represents an interest that gives way to the recognition of an acquired right. Thus, we have clarified, that acquired rights are "those that are definitely incorporated into a person's estate.

27. The writers distinguish between the mere expectation of the right and the acquired rights that have already entered the assets of the subjects involved. The acquired right, on the other hand, is a consummate situation, in which the affected parties rested in the rule of law that governed under the previous law. The interest **person expected to acquire it**. In Consejo de Titulares v. William Hospitality Group, 2006 TSPR 94, 168 DPR ____ the Supreme Court of Puerto Rico said specifically:

> *El derecho adquirido, en cambio, es una situación consumada, en la que las partes afectadas descansaron en el estado de derecho que regía al amparo de la ley anterior. Así, los tratadistas distinguen entre la mera expectativa del derecho y los derechos adquiridos que ya entraron en el patrimonio de los sujetos involucrados. M. Albaladejo, Derecho Civil, undécima edición, Barcelona, Editorial Bosch, 1989, Tomo I, Volumen primero, pág. 204.*

28. In **Pérez López et al. v. Corporación del Fondo del Seguro del Estado**, 2015 TSPR 165, the Supreme Court indirectly says that granting <u>legal</u> salary increase is an acquired right. In this case, it was not granted because their respective management appointments (of petitioner) were null and void. Then of discussion of Doctrine of Acquired Rights said that:

> *[…]la única controversia que los hechos del presente caso nos brindan espacio para atender se limita a si un empleado unionado tiene derecho a retener aquellos <u>aumentos</u> por méritos que recibió mientras ocupaba un puesto gerencial que fue obtenido ilegalmente y, como consecuencia, fue declarado nulo.*
> *[…]*
> *A base de lo anterior es difícil concluir – como, en efecto, hizo el Tribunal de Apelaciones - que los empleados demandantes tengan un derecho adquirido sobre unos pasos por mérito que recibieron mientras ocupaban un puesto gerencial que fue declarado **nulo**. Conforme a la normativa reseñada en la sección anterior, los actos nulos son inexistentes, inoficiosos y no generan consecuencia jurídica alguna. Por lo tanto, una vez los puestos gerenciales fueron decretados nulos, tanto el puesto como los beneficios inherentemente atados al mismo, concluyeron y para*

> *todos los efectos prácticos nunca existieron.*
> *[…]*
> *Resolver lo contrario y, como consecuencia, avalar la posición del Tribunal de Apelaciones, implicaría reconocer derechos producto de actuaciones ilegales y nulas que para todos los efectos jurídicos nunca existieron. Ello, no tan solo sería contrario al principio de mérito imperante en nuestro sistema laboral público, sino que también promovería que las agencias ejecuten transacciones de personal en completa inobservancia a los reglamentos y las leyes vigentes, con el único propósito de beneficiar a algún empleado en particular, el cual al final del día retendría los beneficios obtenidos como consecuencia de un nombramiento ilegal. Ciertamente, no podemos avalar, y mucho menos fomentar, semejante subterfugio jurídico.*

29. In the same way Pierre A. Lalive[4] in The Doctrine of Acquired Rights says:

> *What is meant by acquired rights or by the protection of acquired rights? Let us note that the very term" acquired" or "vested" right implies and suggests the idea of protection. Under scrutiny here is not just any right but an acquired right-a kind of reinforced individual power and, according to some, a right acquired permanently and immutably. The expression at first appears somewhat pleonastic. There is an intention, more or less conscious, to strengthen the idea, as is shown even more clearly in the terms "protection" or "respect of acquired rights." When speaking of a right and a fortiori of an acquired right, is it not necessarily in order to oppose some (external) threat, at least potential, to affirm the value of an individual prerogative or legal power deemed worthy of protection or respect ~ In fact, the expression is an abbreviated way to describe a much more complex legal reality. It is not only a subjective right which must be protected or respected, it is a whole social relationship, organized and regulated by law. In practice, "This amounts to nothing more than a right, from the point of view of the person interested in its respect. This is why the doctrine under discussion neglects the whole of the legal relation and considers only one of its aspects-the right or the individual power conferred, or recognized, by law.*

21. The origin of the principle of acquired rights is found in legal individualism. It is far from surprising, therefore, that it should have been used in most cases as a defense against state interferences with the interests and rights of individuals and as a plea in favor of social

---

[4] Professor, Faculty of Law, Geneva University, and Professor, Graduate Institute of International Studies, he is an attorney-at-Iow, Geneva, Switzerland. Dr. Lalive received the lie. jur. and lic. litt. from the University of Geneva and the Ph.D. from Cambridge University. He is president of the Geneva low Society; visiting professor of the Porker School of Foreign and Comparative Law at Columbia University, 1961-1964; and author of The Transfer of Chattels in the Conflict of Laws and various studies on private and public international law. Recovered on http://www.lalive.ch/data/publications/56_-_The_Doctrine_of_Acquired_Rights_The_rights_and_duties_of_private_investors.pdf

status quo. Also, Federal law recognizes Acquired-Rights Doctrine Law. For example, in Hernandez Romero *supra*. the Supreme Court said:

> *(a) Under the direction of the Secretary of Homeland Security, the United States Secret Service is authorized to protect the following persons:*
>
> *(1) The President, the Vice-President (or other officer next in the order of successions to the Office of President), the President-elect, and the Vice President-elect.*
> *(2) The immediate families of those individuals listed in paragraph (1).*
> *(3) Former Presidents and their spouses for their lifetimes, except that protection of a spouse shall terminate in the event of remarriage unless the former President did not serve as President prior to January 1, 1997, in which case, former Presidents and their spouses for a period of not more than ten years from the date a former President leaves office…*
>
> *Como puede apreciarse en la jurisdicción federal se les reconoció un derecho de protección y seguridad mediante escoltas de manera vitalicia a los ex-presidentes que cesaron funciones antes del 1 de enero de 1997. Los salientes presidentes, electos luego de la referida fecha, sólo obtendrán el derecho de protección durante un término no mayor de diez (10) años. El Congreso de los Estados Unidos reconoció que la legislación promulgada por estos tenía que tener carácter prospectivo debido a que los ex-presidentes para la fecha de aprobación del referido estatuto ostentaban **un derecho adquirido ilimitado** sobre protección mediante escoltas provistas por el Servicio Secreto de los Estados Unidos.* Emphasis added.

30. By this reasons, the creditor Carmen Doris Melendez Rivera has an Acquired-Rights upon your salary increase acquired by Law 90-1986 of $24,443.00 and interest since August 1986 until May 2017 by $60,121.48 at the legal interest of 6% per year for an asserted claim total-amount of: $84,564.48.

WHEREFORE the creditor Carmen Doris Melendez Rivera respectfully prays that this motion be granted for the reason was filed, this Court takes notice of the above stated; granting the creditor requests permission to submit and serving a response after the deadline; establish just cause for delay; asserted claim of $24,443.00 for principal and interest by $60,121.48 for an asserted claim total-amount of: $84,564.48; and further relief as is just.

**Notice:** The Creditor has provided notice of this motion in accordance with the Eleventh

Amended Case Management Procedures to the following parties:

(i) Chambers of the Honorable Laura Taylor Swain:
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Suite No. 3212
New York, New York 10007-1312

(ii) Office of the United States Trustee for Region 21
Edificio Ochoa, 500 Tanca Street, Suite 301
San Juan, PR 00901-1922

(iii) Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF):
Puerto Rico Fiscal Agency and Financial Advisory Authority
Roberto Sánchez Vilella (Minillas) Government Center
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907
Attn: Carlos Saavedra, Esq.
Rocío Valentin, Esq.
E-Mail: Carlos.Saavedra@aafaf.pr.gov
Rocio.Valentin@aafaf.pr.gov

(iv) Counsel for AAFAF:
O'Melveny & Myers LLP
7 Times Square
New York, New York 10036
Attn: John J. Rapisardi, Esq.
Suzzanne Uhland, Esq.
Peter Friedman, Esq.
Nancy A. Mitchell, Esq.
Maria J. DiConza, Esq.
E-Mail: jrapisardi@omm.com
suhland@omm.com
pfriedman@omm.com
mitchelln@omm.com
mdiconza@omm.com
Marini Pietrantoni Muñiz LLC
250 Ponce de Leon Ave.
Suite 900
San Juan, PR 00918
Attn: Luis C. Marini-Biaggi, Esq.

Carolina Velaz-Rivero, Esq.

Iván Garau-González, Esq.
E-Mail: lmarini@mpmlawpr.com
cvelaz@mpmlawpr.com
igarau@mpmlawpr.com

(v) Counsel for the Oversight Board:
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299
Attn: Martin J. Bienenstock
Brian S. Rosen
Paul V. Possinger
Ehud Barak
Maja Zerjal
E-Mail: mbienenstock@proskauer.com
brosen@proskauer.com
ppossinger@proskauer.com
ebarak@proskauer.com
mzerjal@proskauer.com
O'Neill & Borges LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Attn: Hermann D. Bauer, Esq.
E-Mail: hermann.bauer
@oneillborges.com

(vi) Counsel for the Creditors' Committee:
Paul Hastings LLP
200 Park Avenue
New York, New York 10166
Attn: Luc. A. Despins
James Bliss
Casillas, Santiago & Torres LLC
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Attn: Juan J. Casillas Ayala
Diana M. Batlle-Barasorda
James Worthington
G. Alexander Bongartz
E-Mail: lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com
Alberto J. E. Añeses Negrón
Ericka C. Montull-Novoa

E-Mail: jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

(vii) Counsel for the Retiree Committee:
Jenner & Block LLP
919 Third Avenue
New York, New York 10022
Attn: Robert Gordon
Richard Levin
Catherine Steege
E-Mail: rgordon@jenner.com
rlevin@jenner.com
csteege@jenner.com
Bennazar, García & Milián, C.S.P.
Edificio Union Plaza PH-A piso 18
Avenida Ponce de León #416
Hato Rey, San Juan, Puerto Rico 00918
Attn: A.J. Bennazar-Zequeira
E-Mail: ajb@bennazar.org

Also, the Puerto Rico Department of Justice; the Other Interested Parties; all parties filing a notice of appearance in these Title III cases; and Movant. A copy of the motion is also available on the Debtors' case website at https://cases.primeclerk.com/puertorico/.

I hereby certify that same date, filed with the clerk of the Court using CM/ECF system and notice by electronic transmission -true and exact copy- was sent to the following persons/entities by the Bankruptcy Noticing Center to the Office of the United States Trustee.

I certificate also that claimant does not is a service member as required by § 201(b)(1) of the Service Members Civil Relief Act of 2003 ("SCRA").

RESPECTFULLY SUBMITTED.

In Ponce for San Juan, Puerto Rico this March 31, 2020.

/S/Vanessa Hernández Rodríguez, Esq.
Attorney for Creditor
USDC-PR 306703
Street Aurora 4140, Suite 1

Ponce, Puerto Rico 00717-1203
Telephone number: (787) 840-0804
Cell phone: (787) 548-6208
Fax number: (787) 840-0804
E-mail: hernandezrodriguez.v@gmail.com