IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 17 BK 03283-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | PROMESA TITLE III |
| As representative of THE COMMONWEALTH OF PUERTO RICO, et al., | |
| Debtors | |

MOTION SHOW CAUSE AND REQUEST TIME FOR RESPONSE

To the Honorable United States District Judge Laura Taylor Swain:

Comes now, Carmen Doris Melendez Rivera, (creditor) through its undersigned counsel and very respectfully alleges and prays:

On December 2019, the creditor received **ONE HUNDRED THIRTEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS ASSERTING INTERESTS BASED UPON UNSPECIFIED PUERTO RICO STATUTES**. Doc. #: 9563 Filed:12/12/19. [1]

1. The deadline for filing and serving a response is 4:00 p.m. on January 14, 2020.

---

[1] **Claim Number: 96898.** MOTION UNDER ELEVENTH AMENDED NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

2.  The creditor, Carmen Doris Melendez Rivera, upon claim 96898 number has principal residence in rural area of Ponce, Puerto Rico, one of the most affected cities in Puerto Rico by several earthquakes; Puerto Rico southwest town. The creditor had difficult for response on time ONE HUNDRED THIRTEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS ANDTRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS ASSERTING INTERESTS BASED UPON UNSPECIFIED PUERTO RICO STATUTES.

3.  She had fear for your safety, property and your life.  The creditor has 65 years old, she has various health conditions and the creditor has no person that can help her for this reclamation.

4.  On January 7-8, 2020, the United States District Court for the District of Puerto Rico ordered all Clerk's Office facilities closed and suspended court proceedings due to the emergency which arose because of several earthquakes and after-shocks which affected the District of Puerto Rico. This emergency impeded the ability of attorneys, litigants, witnesses, jurors, and others in the performance of their duties and obligations with respect to legal processes, hearings, and deadlines. To equitably address this situation, the Court, in the exercise of its administrative authority, has determined to extend all deadlines, including speedy trial.   Therefore, all deadlines, including speedy trial, set during the period encompassed between January 7, 2020 and January 10, 2020, both inclusive, are extended until January 13, 2020.

5. Creditor was public employment since October 16, 1977 to September 30, 2009.  She worked for Commonwealth of Puerto Rico, Departments of Health as Nurse Supervisor II to Nurse Supervisor IV of regular career.

6. The creditor needs request and receive information that is in Department of Health of Commonwealth of Puerto Rico. But public offices are closed till –maybe- April 30, 2020.

7. And now, island is public emergency for corona virus, Covid 19; public and private offices are closed.

8. ASSERTED CLAIM AMOUNT is undetermined and case status is pending objection.

9. We have looked for different methods to answer the claim correctly but we have not been successful.

10. By this reasons, the creditor requests permission to submit and serving a response after the deadline and additional twenty (20) labor day for submit response.

11. Procedural due process imposes constraints on governmental decisions which deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.

12. The Supreme Court in Mathews v. Eldridge, 424 U.S. 319 (1976) said:

*(a) "(D)ue process is flexible and calls for such procedural protections as the particular situation demands," Morrissey v Brewer, 408 US 471, 481, 92 SCt 2593, 2600, 33 LEd2d 484 Resolution of the issue here involving the constitutional sufficiency of administrative procedures prior to the initial termination of benefits and pending review, requires consideration of three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and (3) the Government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail*

*(b) The private interest that will be adversely affected by an erroneous termination of benefits is likely to be less in the case of a disabled worker than in the case of a welfare recipient, like the claimants in Goldberg, supra.*

13. Also the Supreme Court of Puerto Rico said in Fuentes González v. Badillo et al. 2003

TSPR 146 that:

> *A la luz de los criterios de Mathews v. Eldridge, supra, la jurisprudencia ha establecido diversos requisitos que todo procedimiento adversativo debe cumplir para satisfacer las exigencias mínimas del debido proceso, a saber: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se base en la evidencia presentada y admitida en el juicio. Rivera Santiago v. Srio. de Hacienda, supra, en la pág. 274; Rivera Rodríguez v. Lee Stowell, supra; Domínguez Talavera v. Tribunal Superior, 102 D.P.R. 423, 428 (1974); Pueblo v. Pérez Santaliz, 105 D.P.R. 10, 23 (1976); Pueblo v. Andréu González, 105 D.P.R. 315, 320 (1976).*

**14.** In Goldberg v. Kelly 397 U.S. 254 (1970), the U.S. Supreme Court said:

> *The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel' Powell v Alabama, 287 US 45, 68-69, 53 SCt 55, 64, 77 LEd 158 (1932) We do not say that counsel must be provided at the pre termination hearing, but only that the recipient must be allowed to retain an attorney if he so desires Counsel can help delineate the issues, present the factual contentions in an orderly manner, conduct cross-examination, and generally safeguard the interests of the recipient We do not anticipate that this assistance will unduly prolong or otherwise encumber the hearing Evidently HEW has reached the same conclusion See 45 CFR § 20510, 34 FedReg 1144 (1969); 45 CFR § 22025, 34 FedReg 13595 (1969).*

> *Finally, the decision maker's conclusion as to a recipient's eligibility must rest solely on the legal rules and evidence adduced at the hearing Ohio Bell Tel Co v PUC, 301 US 292, 57 SCt 724, 81 LEd 1093 (1937); United States v Abilene & SR Co, 265 US 274, 288-289, 44 SCt 565, 569-570, 68 LEd 1016 (1924) To demonstrate compliance with this elementary requirement, the decision maker should state the reasons for his determination and indicate the evidence he relied on, cf Wichita R & Light Co v PUC, 260 US 48, 57-59, 43 SCt 51, 54-55, 67 LEd 124 (1922), though his statement need not amount to a full opinion or even formal findings of fact and conclusions of law And, of course, an impartial decision maker is essential.*

15. If this Honorable Court does not grand this motion, the creditor, Carmen Doris Melendez

Rivera, could be adversely affected by an erroneous amount of credit. This lawyer also can

help delineate the issues, present the factual contentions in an orderly manner, conduct and

generally safeguard the interests of creditor, being as the creditor has almost 65 years old,

her children live in United States of America and the creditor has no person that can help

her with this process. And is now that the creditor has attorney. On January and February,

the undersigned attorney could not have this document out public office by emergency

situation of island. Also, we have looked for different methods to answer the claim

correctly but we have not been successful.

WHEREFORE the creditor Carmen Doris Melendez Rivera respectfully prays that this motion

be granted for the reason was filed, this Court takes notice of the above stated; granting the creditor

requests permission to submit and serving a response after the deadline; establish just cause for

delay and further relief as is just.

**Notice**

The Creditor has provided notice of this motion in accordance with the Eleventh

Amended Case Management Procedures to the following parties:

(i) Chambers of the Honorable Laura Taylor Swain:
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Suite No. 3212
New York, New York 10007-1312

(ii) Office of the United States Trustee for Region 21
Edificio Ochoa, 500 Tanca Street, Suite 301
San Juan, PR 00901-1922

(iii) Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF):
Puerto Rico Fiscal Agency and Financial Advisory Authority
Roberto Sánchez Vilella (Minillas) Government Center
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907
Attn: Carlos Saavedra, Esq.
Rocío Valentin, Esq.
E-Mail: Carlos.Saavedra@aafaf.pr.gov
Rocio.Valentin@aafaf.pr.gov

(iv) Counsel for AAFAF:
O'Melveny & Myers LLP
7 Times Square
New York, New York 10036
Attn: John J. Rapisardi, Esq.
Suzzanne Uhland, Esq.
Peter Friedman, Esq.
Nancy A. Mitchell, Esq.
Maria J. DiConza, Esq.
E-Mail: jrapisardi@omm.com
suhland@omm.com
pfriedman@omm.com
mitchelln@omm.com
mdiconza@omm.com
Marini Pietrantoni Muñiz LLC
250 Ponce de Leon Ave.
Suite 900
San Juan, PR 00918
Attn: Luis C. Marini-Biaggi, Esq.

Carolina Velaz-Rivero, Esq.
Iván Garau-González, Esq.
E-Mail: lmarini@mpmlawpr.com
cvelaz@mpmlawpr.com
igarau@mpmlawpr.com

(v) Counsel for the Oversight Board:
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299
Attn: Martin J. Bienenstock
Brian S. Rosen
Paul V. Possinger
Ehud Barak
Maja Zerjal
E-Mail: mbienenstock@proskauer.com
brosen@proskauer.com
ppossinger@proskauer.com
ebarak@proskauer.com
mzerjal@proskauer.com
O'Neill & Borges LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Attn: Hermann D. Bauer, Esq.
E-Mail: hermann.bauer
@oneillborges.com

(vi) Counsel for the Creditors' Committee:
Paul Hastings LLP
200 Park Avenue
New York, New York 10166
Attn: Luc. A. Despins
James Bliss
Casillas, Santiago & Torres LLC
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Attn: Juan J. Casillas Ayala
Diana M. Batlle-Barasorda
James Worthington
G. Alexander Bongartz
E-Mail: lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com
Alberto J. E. Añeses Negrón
Ericka C. Montull-Novoa
E-Mail: jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

(vii) Counsel for the Retiree Committee:
Jenner & Block LLP
919 Third Avenue
New York, New York 10022
Attn: Robert Gordon
Richard Levin
Catherine Steege
E-Mail: rgordon@jenner.com
rlevin@jenner.com
csteege@jenner.com
Bennazar, García & Milián, C.S.P.
Edificio Union Plaza PH-A piso 18
Avenida Ponce de León #416
Hato Rey, San Juan, Puerto Rico 00918
Attn: A.J. Bennazar-Zequeira
E-Mail: ajb@bennazar.org

Also, the Puerto Rico Department of Justice; the Other Interested Parties; all parties filing a notice of appearance in these Title III cases; and Movant. A copy of the motion is also available on the Debtors' case website at https://cases.primeclerk.com/puertorico/.

I hereby certify that same date, filed with the clerk of the Court using CM/ECF system and notice by electronic transmission -true and exact copy- was sent to the following persons/entities by the Bankruptcy Noticing Center to the Office of the United States Trustee.

I certificate also that claimant does not is a service member as required by § 201(b)(1) of the Service Members Civil Relief Act of 2003 ("SCRA").

RESPECTFULLY SUBMITTED.

In Ponce for San Juan, Puerto Rico this March 31, 2020.

/S/Vanessa Hernández Rodríguez, Esq.
Attorney for Creditor
USDC-PR 306703
Street Aurora 4140, Suite 1
Ponce, Puerto Rico 00717-1203
Telephone number: (787) 840-0804
Cell phone:    (787) 548-6208
Fax number: (787) 840-0804
E-mail: hernandezrodriguez.v@gmail.com