**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.1 | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |

**OBJECTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
FOR PUERTO RICO TO MOTION REQUESTING EXTENSION OF TIME
TO SUBMIT CLAIM DOCUMENTATION [ECF NO. 12694]**

To the Honorable United States District Court Judge Laura Taylor Swain:

In compliance with the Court's *Order Scheduling Briefing in Connection with Motion Requesting Extension of Time to Respond to the One Hundred Thirteenth Omnibus Objection* [ECF No. 12698] (the "Order"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation ("HTA") and the Employees

---

1 The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and HTA, the "Debtors") pursuant to Section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA")[2], hereby submits this objection (the "Objection") to the *Motion Show Cause and Request Time for Response* (*sic*) [ECF No. 12694] (the "Motion"), filed by Carmen Doris Melendez Rivera ("Ms. Melendez"), and in further support of this Objection, the Debtors respectfully state as follows:

## BACKGROUND

1. On or about June 26, 2018, Ms. Melendez filed a claim against the Commonwealth, which was logged by Prime Clerk, LLC, as Proof of Claim No. 96898 (the "Claim"). The Claim asserted as a basis "Ley Escala Salaria," or salary scale law. *See* Claim at 3. No supporting documentation was provided with the Claim.

2. On August 13, 2019, the Court entered the *Order Granting in Part and Adjourning in Part Debtors' Motion for Entry of An Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, (C) Approving Proposed Mailing, and (D) Granting Related Relief* [ECF No. 8453] (the "Authorized Mailings Order"), which authorized the Debtors to send mailings "to any claimant who has not provided sufficient information to enable Debtors to process their claim." Authorized Mailings Order, ¶ 3. The Authorized Mailings Order authorized the Debtors to object "[i]f the Debtors mail the Proposed Mailing to a claimant, and the claimant [] does not respond." *Id.*

3. In accordance with the Authorized Mailings Order, the Debtors sent Ms. Melendez a letter, substantially in the form of Exhibit 1 to the Authorized Mailings Order [ECF No. 8453-1] (the "Mailing"), requesting Ms. Melendez respond and provide additional information in support

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101-2241.

2

of her Claim by no later than October 23, 2019. The Mailing further cautioned Ms. Melendez that "[i]f you do not respond to this request and do not provide the requested information and documentation in support of your claim, the Debtors may be forced to object to your claim." *Id.* Ms. Melendez failed to respond to the Mailing.

4. On December 12, 2019, the Debtors filed the *One Hundred Thirteenth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims Asserting Interests Based Upon Unspecified Puerto Rico Statutes* [ECF No. 9563] (the "One Hundred Thirteenth Omnibus Objection"), seeking to disallow, in their entirety, 1000 deficient proofs of claim (collectively, the "Deficient Claims"), as listed on Exhibit A thereto. As set forth in the One Hundred Thirteenth Omnibus Objection, each of the Deficient Claims failed to provide a basis for asserting a claim against the Commonwealth, HTA, or ERS (or any of the other Debtors), either by failing to provide any basis whatsoever for asserting a claim, or by stating in the proofs of claim and/or supporting documentation that the claimant had no claim or that the claim was against an entity other than the Commonwealth or any of the other Debtors. Each of the claimants subject to the One Hundred Thirteenth Omnibus Objection received a Mailing, but failed to respond to that Mailing.

5. Any party who disputed the One Hundred Thirteenth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Time) on January 14, 2020 (the "January 14 Deadline"), in accordance with the Court-approved notice attached to the One Hundred Thirteenth Omnibus Objection as Exhibit C [ECF No. 9563-4] (the "Notice"). Such Notice was served in English and Spanish on the individual creditors subject to the One Hundred Thirteenth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Order Further*

3

*Amending Case Management Procedures* [ECF No. 8027-1]). *See* Certificate of Service [ECF No. 9621].

6. The Notice stated that responses would be "deemed timely **only if** [they are] filed with the Court **and** served by **4:00 p.m. (Atlantic Time)** on **January 14, 2020**, unless otherwise extended, in writing, by the Commonwealth or ERS, or upon written request to the Court and order of the Court extending the deadline." Notice at 3 (emphases original). The Notice further informed claimants subject to the One Hundred Thirteenth Omnibus Objection that a hearing on the objection would be held at 9:30 a.m. (Atlantic Time) on January 29, 2020, at the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan, Puerto Rico 00918-1767.

7. Ms. Melendez failed to file a response to the One Hundred Thirteenth Omnibus Objection by the January 14 Deadline. Ms. Melendez also did not request or obtain an extension of the January 14 Deadline from either the Debtors or the Court.

8. A hearing was held on the One Hundred Thirteenth Omnibus Objection on January 29, 2020 (the "January Hearing"). Ms. Melendez failed to appear at the January Hearing, either on her own behalf or through counsel.

9. At the January Hearing, the Court sustained the One Hundred Thirteenth Omnibus Objection as to claimants that had not responded to the objection as of the date of the January Hearing. Accordingly, following the Court's oral ruling at the January Hearing, Ms. Melendez's Claim was disallowed pending entry of a final written order sustaining the One Hundred Thirteenth Omnibus Objection.

10. Notwithstanding the January 14 Response Deadline and the January Hearing, and despite the Court's oral orders granting, *inter alia*, the One Hundred Thirteenth Omnibus Objection,

4

numerous claimants subject to, *inter alia*, the One Hundred Thirteenth Omnibus Objection, continued to serve and file responses thereto. In light of the fall and winter holiday seasons, which coincided with the response periods, as well as the January 2020 earthquake storm, on March 10, 2020, the Debtors filed the *Motion (A) to Establish Extended Deadline for Responses to Omnibus Objections Scheduled for Hearing at December 11, 2019 and January 29, 2020 Omnibus Hearings, (B) to Continue the Hearing as to Omnibus Objections Scheduled for Hearing at December 11, 2019 and January 29, 2020 Omnibus Hearing until the April 22, 2020 Omnibus Hearing, (C) Approving Form of Notice, and (D) Granting Related Relief* [ECF No. 12220] (the "Motion to Extend Deadlines"). The Motion to Extend Deadlines sought, *inter alia*, to extend the January 14 Deadline to March 27, 2020 (the "March 27 Deadline") and to adjourn the hearing on the One Hundred Thirteenth Omnibus Objection to the April 22, 2020 (the "April Hearing"). On March 13, 2020, the Court granted the Motion to Extend Deadlines [ECF No. 12325] (the "Order Extending Deadlines"). The Order Extending Deadlines further stated "[r]esponses filed after March 27, 2020 shall not be considered by the Court. No further extensions to the March 27, 2020 deadline shall be granted, absent good cause shown." Order Extending Deadlines at 2.

11. Ms. Melendez failed to file a response to the One Hundred Thirteenth Omnibus Objection by the March 27 Deadline. Ms. Melendez also did not request or obtain an extension of the March 27 Deadline from either the Debtors or the Court.

12. This Motion, filed a week and a half after the March 27 Deadline, followed.

**RESPONSE**

13. In the Motion, Ms. Melendez states that she requires information in the possession of the Puerto Rico Department of Health in order to respond to the One Hundred Thirteenth Omnibus Objection, but has been unable to obtain the documentation to date in light of two recent natural disasters in Puerto Rico. Specifically, Ms. Melendez states that the January 2020

5

earthquake swarm severely impacted both her principal residence of Ponce, Puerto Rico and the operations of certain government offices. Ms. Melendez further states that Puerto Rico is currently experiencing a public health emergency as a result of COVID-19, and as a result, public offices are closed.

14. The Debtors are deeply mindful of the many challenges that have impacted the residents of Puerto Rico. Unfortunately, however, the Motion does not demonstrate "good cause" for a further extension of the March 27 Deadline, because it does not articulate how the closures of public offices outlined above prevented Ms. Melendez from obtaining the required information and submitting a response on or before the March 27 Deadline. In response to the earthquakes, the Court's offices were closed for only two days, January 7, 2020 and January 8, 2020. Moreover, although the Court extended all deadlines set for the period between January 7, 2020 and January 10, 2020 through January 13, 2020, the Court's order did not affect either the initial January 14 Deadline or the extended March 27 Deadline. In the aftermath of the January 2020 earthquakes, government offices began reopening for business on January 9, 2020, several days in advance of the January 14 Deadline, weeks in advance of the January Hearing, and two and a half months in advance of the March 27 Deadline. Moreover, Puerto Rico's government offices were not closed in response to the coronavirus pandemic until March 15, 2020, two months after the initial January 14 Deadline. During the intermediate period, the offices of the government of Puerto Rico were open and serving the residents of Puerto Rico.

15. The Motion does not explain why Ms. Melendez was unable to obtain the necessary information and file her response during this intermediate time period. Although the Motion contends that an "emergency situation" "[in] January and February" prevented Ms. Melendez from obtaining documents from public offices, the Motion does not identify any "emergency situation"

6

after January 9 or during the month of February that impaired Ms. Melendez's ability to obtain documentation from the Puerto Rico Department of Health. Motion at 5.

16. Furthermore, extending the deadline for Ms. Melendez to respond to the One Hundred Thirteenth Omnibus Objection at this juncture absent good cause shown would be inconsistent with this Court's orders and would create confusion regarding the "one-time" extension of the deadline [ECF No. 12220, Exhibit A].

WHEREFORE the Debtors respectfully request that the Motion and the relief requested therein be denied, and the Debtors be granted such other and further relief as is just.

Dated: April 13, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and all CM/ECF participants in the case.

/s/ *Hermann D. Bauer*
Hermann D. Bauer

9