## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>  as representative of<br><br>The Commonwealth of Puerto Rico, et al.,<br><br>  Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

### OBJECTION OF THE QTCB NOTEHOLDER GROUP  TO THE MOTION OF OFFICIAL COMMITTEE OF  UNSECURED CREDITORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3013 FOR ENTRY OF AN ORDER RECLASSIFYING CLASS 39A AND CLASS 41 CLAIMS UNDER OVERSIGHT BOARD'S PLAN OF ADJUSTMENT DATED FEBRUARY 28, 2020

To the Honorable United States District Judge Laura Taylor Swain:

The QTCB Noteholder Group[2] objects to the *Motion of Official Committee of Unsecured*

*Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of an Order*

---

[1]  Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (Last Four Digits of Federal Tax ID: 3801)(Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  The members of the QTCB Noteholder Group and their respective holdings are set forth in the *Fifth Supplemental Verified Statement of the QTCB Noteholder Group Pursuant to Bankruptcy Rule 2019* (ECF No. 11293).  As of the date hereof, counsel represents only the QTCB Noteholder Group with respect to the Debtors' Title III Cases. In addition, neither the QTCB Noteholder Group nor any member of the QTCB Noteholder Group (a) assumes any fiduciary or other duties to any other creditor or person and (b) does not purport to act, represent or speak on behalf of any other entities in connection with the Debtors' Title III Cases.

*Reclassifying Class 39A and Class 41 Claims under Oversight Board's Plan of Adjustment Dated February 28, 2020* (ECF No. 11989) (the "Motion").  As grounds, the QTCB Noteholder Group states:

1.      The Motion challenges the classification scheme of the *Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. (ECF No. 11946) (the "Amended Plan"). It seeks to "ensure that the Class 41 general unsecured claims receive the same percentage on their claims as the Oversight Board will pay the general unsecured claims in Class 39A."  Motion ¶ 25.

2.      The Committee's plan objection – plainly that is what the Motion is – opened a door.  Others rushed through.  Assured, Ambac, and the other joinder parties now challenge the Amended Plan's treatment of bonds issued by HTA, CCDA, and PRIFA.[3]  If the Motion is allowed, the confirmation hearing will be running before a disclosure statement has left the stable.

3.      The Mediation Team recommended against this.  *See Amended Report and Recommendation of the Mediation Team* (ECF No. 10756) (the "Amended Mediation Report") at 25.  It was sound advice.  Court-ordered mediation generated an Amended Plan that now enjoys substantial support and may generate more.  Classification disputes, like all other plan objections, can more efficiently be heard at confirmation (just as, in the interim, they will undoubtedly inform settlement negotiations).  The Motion eschews that advice, in so doing departing from this Court's guidance to "channel[ ] issues related to the Amended Plan and Amended Disclosure Statement into coordinated litigation pathways" so as to "avoid[ ] the inefficiency of uncoordinated parallel

---

[3]      *See*, *e.g.*, *Partial Joinder and Statement in Support of Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Invesco Funds with respect to the Motion* (ECF No. 12687) ¶ 2 (taking issue with the Amended Plan's treatment of "claims arising from the Commonwealth's diversion of the excise tax revenues securing revenue bonds issued by HTA (Class 32), CCDA (Class 43), and PRIFA (Class 44) as equivalent to . . .  general unsecured claims"); *Partial Joinder of Ambac Assurance Corporation to the Motion* (the "Ambac Joinder," ECF No. 12691) ¶ 3 ("[T]he Amended Plan wrongly construes the claims related to special revenue bonds—in particular, bonds issued by HTA (Class 42), CCDA (Class 43), and PRIFA (Class 44)—as ranking equally with general unsecured claims.").

litigation." *Final Order Regarding (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto* (ECF No. 12189) (the "Final Stay and Mediation Order") ¶ 4.

4.      In February, the Mediation Team recommended that litigation relating to GO/PBA bond claims be stayed pending review of the Amended Plan, and that "any other pending and not yet filed adversary proceedings and contested matters relating to validity, priority, and secured status of the GO/PBA/PRIFA BANs claims" similarly be stayed.  Amended Mediation Report at 9-10.  The joinder parties apparently want to do the opposite.  Their joinders (replete with requests to file replies) serve notice as to what would ensue if the Motion is allowed.  *See* ECF Nos. 12687 & 12691.

5.      Rule 3013, generally employed by plan proponents, permits an advance "hearing on notice as the court may direct [to] determine classes of creditors and equity security holders . . . ."  Fed. R. Bankr. P. 3013.  Its purpose is to facilitate plan formation, not litigate confirmation. "Although Rule 3013 contemplates the consideration and approval of a proposed classification scheme in advance of the plan confirmation process, it does not contemplate the Court making advance determinations of other confirmation issues such as unfair discrimination." *See In re Rexford Props. LLC*, 558 B.R. 352, 355 (Bankr. C.D. Cal. 2016).

6.      Ambac goes so far as to argue that the Court *lacks discretion* to deny the motion. *See* Ambac Joinder ¶ 15.  But it relies on authorities decided in the context of plan confirmation. *See Granada Wines, Inc. v. New England Teamsters & Trucking Indus. Pension Fund*, 748 F.2d 42 (1st Cir. 1984) (affirming bankruptcy court's decision rendered in the context of plan confirmation objection); *In re Nat'l/Northway Ltd. P'ship*, 279 B.R. 17 (Bankr. D. Mass. 2002) (reviewing motion to dismiss chapter 11 case of single-asset debtor on the basis that the proposed plan was unconfirmable).  The Court will certainly have to address classification, and any other

confirmation issue raised when the case reaches confirmation. But certainly it has discretion to deny the motion. The joinders show what is likely to be unleashed should it decline to exercise that discretion.

7.      When the time comes to litigate confirmation, every party in interest will have the right to be heard on any and all issues relevant to confirmation. For now, every party in interest would be better served by less public noise, and more private discussion. The QTCB Noteholder Group submits that the Mediation Team's advice should be followed, to "avoid[ ] the inefficiency of uncoordinated parallel litigation" and this Court's Final Stay and Mediation Order should be obeyed. Final Stay and Mediation Order ¶ 4; *see also* Amended Mediation Report at 25.

WHEREFORE, the QTCB Noteholder Group requests that the Motion be denied.

DATED: April 13, 2020

| MORGAN, LEWIS & BOCKIUS LLP | CORREA-ACEVEDO & ABESADA LAW OFFICES, PSC |
|---|---|
| */s/ Kurt A. Mayr* | */s/ Sergio Criado* |
| Kurt A. Mayr (admitted *pro hac vice*) | Sergio Criado |
| David L. Lawton (admitted *pro hac vice*) | USDC-PR No. 226307 |
| Shannon B. Wolf (admitted *pro hac vice*) | Roberto Abesada-Agüet |
| One State Street | USDC-PR No. 216706 |
| Hartford, CT 06103-3178 | Centro Internacional de Mercadeo, Torre II |
| Tel. (860) 240-2700 | # 90 Carr. 165, Suite 407 |
| Fax: (860) 240-2701 | Guaynabo, P.R.  00968 |
| kurt.mayr@morganlewis.com | Tel. (787) 273-8300 |
| david.lawton@morganlewis.com | Fax (787) 273-8379 |
| shannon.wolf@morganlewis.com | ra@calopsc.com |
|  | scriado@calopsc.com |
| Sabin Willett (admitted *pro hac vice*) |  |
| One Federal Street |  |
| Boston, MA 02110-1726 |  |
| Tel: (617) 951-8775 |  |
| sabin.willett@morganlewis.com |  |

*Co-Counsel for the QTCB Noteholder Group*

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the parties of record.

         /s/ *Sergio Criado*
         USDC-PR 226307