OFFICE OF THE CLERK
## UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

MARIA HAMILTON
CLERK

JOHN JOSEPH MOAKLEY
UNITED STATES COURTHOUSE
1 COURTHOUSE WAY, SUITE 2500
BOSTON, MA 02210
(617) 748-9057

September 30, 2019

Obe E. Johnson
Guayama Correctional Complex
AB-033
PO Box 10005
Guayama, PR 00785-0000

    Re:   Johnson v. Morel, et al
          Appeal No. 19-1534

Dear Mr. Johnson:

    This will confirm receipt of your correspondence, dated September 17, 2019, in which you inquire as to the status of your appeal. Your appeal is currently pending before the court. You will be notified promptly once the court issues its decision. For your convenience, a copy of the docket of your appeal has been attached. As you can see from the enclosed docket, we received your motion for injunctive relief to be released from illegal custody on August 6, 2019, and that motion remains pending before the court.

    I hope this information is helpful to you.

                                                         Sincerely,

                                                         Maria R. Hamilton, Clerk

[awk/cd]

Encl.

Cc:
Carlos Lugo-Fiol
Dennise N. Longo Quinones

General Docket
United States Court of Appeals for the First Circuit

| | |
|---|---|
| Court of Appeals Docket #: 19-1534<br>Johnson v. Morel, et al<br>Appeal From: District Court of Puerto Rico, San Juan<br>Fee Status: filing fee waived | Docketed: 05/28/2019 |

Case Type Information:
1) original proceeding
2) successive habeas corpus
3) -

Originating Court Information:
District: 0104-3 : 3:09-cv-01172-CCC
Ordering Judge: Carmen Consuelo Cerezo, U.S. District Judge
Date Rec'd COA:
05/28/2019

Prior Cases:

| Case | Date Filed | Date Disposed | Disposition |
|---|---|---|---|
| 09-2389 | 10/07/2009 | 11/16/2009 | Dismissed |
| 09-2564 | 11/18/2009 | 01/08/2010 | Defaulted |
| 10-2468 | 12/13/2010 | 02/07/2011 | Denied |
| 11-1486 | 05/10/2011 | 09/15/2011 | Denied |
| 11-2238 | 10/21/2011 | 10/31/2011 | Denied |
| 12-1793 | 06/25/2012 | 10/22/2012 | Denied |
| 13-8047 | 12/27/2013 | 06/05/2014 | Denied |
| 14-1348 | 04/03/2014 | 02/12/2015 | Affirmed |
| 14-1706 | 07/01/2014 | 09/18/2014 | Denied |
| 15-1242 | 02/24/2015 | 03/10/2015 | Denied |
| 15-2433 | 11/24/2015 | 07/01/2016 | Affirmed |
| 16-8052 | 11/21/2016 | 08/11/2017 | Denied |
| 17-1913 | 09/18/2017 | 11/28/2018 | Denied |
| 18-2190 | 12/06/2018 | 02/22/2019 | Denied |

Panel Assignment: Not available

| | |
|---|---|
| OBE E. JOHNSON (State Prisoner: B-705-25456; State Prisoner: B705-25456)<br>Petitioner | Obe E. Johnson<br>[NTC Pro Se]<br>Guayama Correctional Complex<br>AB-033<br>PO Box 10005<br>Guayama, PR 00785-0000 |
| v. | |
| ANA MOREL, Warden<br>Respondent | Carlos Lugo-Fiol<br>Direct: 787-645-4211<br>[COR NTC Government - Other]<br>PO Box 260150<br>San Juan, PR 00926<br><br>Wanda Vazquez-Garced<br>Direct: 787-721-2900<br>[No Notice]<br>PR Department of Justice<br>Federal Litigation Division<br>PO Box 9020192<br>San Juan, PR 00902-0192 |
| WANDA VAZQUEZ-GARCED, Attorney General of Puerto Rico<br>Respondent | Carlos Lugo-Fiol<br>Direct: 787-645-4211<br>[COR NTC Government - Other]<br>(see above)<br><br>Wanda Vazquez-Garced<br>Direct: 787-721-2900<br>[No Notice]<br>(see above) |

OBE E. JOHNSON

Petitioner

v.

ANA MOREL, Warden; WANDA VAZQUEZ-GARCED, Attorney General of Puerto Rico

Respondents

| | | |
|---|---|---|
| 05/28/2019<br>39 pg, 9.9 MB | ☐ ☐ | ORIGINAL PROCEEDING docketed. Application for permission to file a second or successive habeas corpus petition filed by Petitioner Obe E. Johnson. [19-1534] (MH) [Entered: 05/29/2019 10:35 AM] |

| Date | Size | Description |
|---|---|---|
| 05/28/2019 | 5 pg, 1.27 MB | MEMORANDUM in support of application [6256918-2] filed by Petitioner Obe E. Johnson. Certificate of service dated 05/13/2019. [19-1534] (MH) [Entered: 05/29/2019 10:45 AM] |
| 06/03/2019 | 5 pg, 621.05 KB | LETTER or MOTION to Inform the United States Court of Appeals for the First Circuit filed by Petitioner Obe E. Johnson. Certificate of service was not included. [19-1534] (MH) [Entered: 06/06/2019 03:38 PM] |
| 06/13/2019 | 1 pg, 36.44 KB | NOTICE issued. After 06/27/2019, the following attorney will no longer receive notice of court issued documents in this case unless she registers for an appellate ECF account: Wanda Vazquez-Garced for Ana Morel and Wanda Vazquez-Garced. [19-1534] (MH) [Entered: 06/13/2019 01:28 PM] |
| 06/17/2019 | 1 pg, 1.44 MB | NOTICE of appearance on behalf of Respondents Ana Morel and Wanda Vazquez-Garced filed by Attorney Carlos Lugo-Fiol. Certificate of service dated 06/17/2019. [19-1534] (CL) [Entered: 06/17/2019 01:54 PM] |
| 06/28/2019 | 1 pg, 10.61 KB | NOTICE issued. The following attorney has failed to register for an appellate ECF account and will no longer receive notice of court issued documents in this case: Wanda Vazquez-Garced for Ana Morel and Wanda Vazquez-Garced. [19-1534] (MH) [Entered: 06/28/2019 10:16 AM] |
| 08/06/2019 | 26 pg, 3.17 MB | MOTION for injunctive relief to be released from illegal custody filed by Petitioner Obe E. Johnson. Certificate of service was not included. [19-1534] (ALW) [Entered: 08/07/2019 03:22 PM] |
| 09/25/2019 | 3 pg, 178.05 KB | LETTER requesting status of the case filed by Petitioner Obe E. Johnson. Certificate of service was not included. [19-1534] (ALW) [Entered: 09/26/2019 10:55 AM] |

CASE SEARCH    SHORT DKT    CLERK DKT    STAFF DKT    CAMP DKT    PUBLIC DKT
OPINIONS

Select All | Clear All

- ◉ Documents and Docket Report
- ○ Documents and Docket Summary
- ○ Documents Only

☐ Include Page Numbers

Selected Pages: 0    Selected Size: 0 KB

View Selected

United States District Court

District of Puerto Rico

Notice of Electronic Filing

The following transaction was entered on 10/25/2018 at 3:16 PM AST and filed on 10/25/2018
Case Name: Johnson v. Lcda Fabiola Acuron Porrate-Doria et al
Case Number: 3:14-cv-01841-JAG-BJM
Filer:
WARNING: CASE CLOSED on 10/23/2015
Document Number: 37(No document attached)

Docket Text:
ORDER striking [34] Amended Complaint filed by Obe E. Johnson. The Court dismissed this case with prejudice and found no reason to reconsider its decision. In any event, the Amended Complaint also fails to show that Plaintiff's conviction has already "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal..., or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Signed by Judge Jay A. Garcia-Gregory on 10/25/2018. (JG)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OBE E. JOHNSON,

Plaintiff,

v.

FABIOLA ACURON PORRATE-DORIA, et al.,

Defendants.

LEAD CASE CIVIL NO. 14-1841 (JAG)

MEMBER CASE CIVIL NO. 15-1571 (JAG)

MEMORANDUM AND ORDER

GARCIA-GREGORY, D.J.

This matter is before the Court on Defendant Commonwealth of Puerto Rico's (the "Commonwealth") Motion to Dismiss. Docket No. 19. Plaintiff Obe E. Johnson ("Plaintiff") filed an opposition. Docket No. 26. Also before the Court are Plaintiff's Motion for Default Entry, Docket No. 23; Motion for Leave to Proceed *in forma pauperis*, Civil No. 15-1571, Docket No. 2; and Motion to Appoint Counsel, Civil No. 15-1571, Docket No. 5. This case concerns Plaintiff's claims for monetary damages due to the loss of his carpet cleaning company because of his allegedly wrongful conviction. Docket No. 5. Plaintiff filed suit against the Commonwealth; his former attorney, Fabiola Acuron Porrate-Doria ("Porrate-Doria"); and The Puerto Rico Corrections Administration (the "Corrections Administration"). Docket No. 5; Civil No. 15-1571, Docket No. 5.[1]

---

[1] Plaintiff originally filed two separate actions. See Civil No. 14-1841, Docket No. 5; Civil No. 15-1571, Docket No. 5. Because both actions were based on the same facts, they were consolidated into the earliest-filed case.

Lead Case Civil No. 14-1841 (JAG)                                                            2
Member Case Civil No. 15-1571 (JAG)

      The Court GRANTS the Commonwealth's Motion to Dismiss and hereby dismisses all of Plaintiff's claims *with prejudice* because Plaintiff has not shown that his conviction has been invalidated, and thus has failed to state a claim on which relief may be granted.[2] Accordingly, the Court also DENIES Plaintiff's Motion for Default Entry; Motion for Leave to Proceed *in forma pauperis*; and Motion to Appoint Counsel.

      This is not Plaintiff's first litigation regarding his allegedly wrongful conviction. In fact Plaintiff has filed at least ten unsuccessful lawsuits in federal court seeking different kinds of relief against varying defendants concerning the same conviction. *See, e.g.*, Civil No. 15-1895, Docket No. 22 (denying Plaintiff's petition under 28 U.S.C. § 2254 as time-barred); Civil No. 13-1272, Docket No. 36 (denying Plaintiff's § 2254 petition due to being time-barred, and failing on the merits); Civil No. 12-1027, Docket No. 18 (denying Plaintiff's § 2254 petition for lack of jurisdiction as it seemingly constituted a second or successive petition); Civil No. 10-1177, Docket No. 12 (denying Plaintiff's § 2254 petition for failure to exhaust remedies available in the Puerto Rico Commonwealth courts); Civil No. 09-1172, Docket No. 9 (denying Plaintiff's § 2254 petition for failure to state a claim); Civil No. 14-1867, Docket No. 48 (dismissing Plaintiff's 42 U.S.C. § 1983 claims for failure to state a claim); Civil No. 13-1346, Docket No. 17 (same); Civil No. 09-1173, Docket No. 9 (same); Civil No. 13-1271, Docket No. 8 (dismissing Plaintiff's § 1983 claims because Plaintiff had previously brought the exact same claims against the same

---

[2] Because Plaintiff is proceeding *in forma pauperis*, Docket No. 4, the Court may *sua sponte* dismiss Plaintiff's case at any time for failure to state a claim on which relief may be granted. *See* 28 U.S.C. 1915(e)(2). Therefore, although Defendants Porrate-Doria and the Corrections Administration have yet to move to dismiss, the Court *sua sponte* dismisses all claims against them.

Lead Case Civil No. 14-1841 (JAG)
Member Case Civil No. 15-1571 (JAG)

3

defendant); Civil No. 09-1639, Docket No. 14 (dismissing Plaintiff's case for lack of diligent prosecution).

In this latest action, Plaintiff brings § 1983 claims against the Commonwealth, Porrate-Doria, and the Corrections Administration for $25 Million in compensation for the loss of his company. Docket No. 5; Civil No. 15-1571, Docket No. 5.[3] Plaintiff alleges that he lost his company due to his wrongful conviction. Docket No. 5. He alleges various defects regarding his conviction, including that he received ineffective assistance of counsel; that there was no physical evidence tying Plaintiff to the crime; that Plaintiff could not effectively communicate with his attorney; and that the evidence presented against Plaintiff was contradictory. Id.

Plaintiff's claims must be dismissed because Plaintiff cannot show that his conviction has been invalidated. The United States Supreme Court has clearly held that for a plaintiff to recover damages for an allegedly unconstitutional or invalid conviction, the plaintiff must prove that the conviction *has already* "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Thore v. Howe*, 466 F.3d 173, 179 (1st Cir. 2006). Plaintiff cannot show this. To the contrary, as shown above, Plaintiff has failed to invalidate his conviction on numerous occasions. *See supra* at 2-3. In fact, in his own complaint Plaintiff attached a prior opinion in this district *denying Plaintiff's* § 2254 petition to set aside his conviction because it was time-barred and insufficient on the merits. Docket No. 5 at 25-32 (attaching Civil No. 13-1272, Docket No. 36). Since Plaintiff cannot

---

[3] Although Plaintiff does not specify a specific cause of action in his complaint, his allegations amount to a § 1983 claim as he is seeking monetary damages for the alleged deprivation of his constitutional rights. *See* 42 U.S.C. § 1983.

Lead Case Civil No. 14-1841 (JAG)  4
Member Case Civil No. 15-1571 (JAG)

show that his conviction has been invalidated, his claims must be dismissed because he has failed to state a claim on which relief may be granted.[4]

## CONCLUSION

In view of the foregoing, the Commonwealth's Motion to Dismiss is GRANTED. All of Plaintiff's claims are hereby dismissed *with prejudice*. Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of October, 2015.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge

---

[4] Since the Court holds that Plaintiff has failed to state a valid claim, there is no need to analyze the Commonwealth's additional arguments that Plaintiff's claims should also be dismissed because the Court lacks subject matter jurisdiction, Plaintiffs claims are time-barred, and the claims are barred by Eleventh Amendment immunity. *See* Docket No. 19 at 5-7; 10-12.

SRF 40278

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE<br>EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF THE COMMONWEALTH OF<br>PUERTO RICO, AND THE PUERTO RICO PUBLIC<br>BUILDINGS AUTHORITY,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF JOINT MOTION OF
THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES
RETIREMENT SYSTEM OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO
PUBLIC BUILDINGS AUTHORITY FOR AN ORDER (I) APPROVING
DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD
DATE, (III) APPROVING CONFIRMATION HEARING NOTICE
AND CONFIRMATION SCHEDULE, (IV) APPROVING
SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES,
(V) APPROVING FORMS OF BALLOTS, AND VOTING AND
ELECTION PROCEDURES, (VI) APPROVING NOTICE OF NON-VOTING
STATUS, (VII) FIXING VOTING, ELECTION, AND CONFIRMATION
DEADLINES, AND (VIII) APPROVING VOTE TABULATION PROCEDURES**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

PLEASE TAKE NOTICE that the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2] (the Oversight Board, in its capacity as representative of the Commonwealth, ERS, and PBA, is referred to as the "Debtors"), has filed with the Court the attached *Joint Motion of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority for an Order (i) Approving Disclosure Statement, (ii) Fixing Voting Record Date, (iii) Approving Confirmation Hearing Notice and Confirmation Schedule, (iv) Approving Solicitation Packages and Distribution Procedures, (v) Approving Forms of Ballots, and Voting and Election Procedures, (vi) Approving Notice of Non-Voting Status, (vii) Fixing Voting, Election, and Confirmation Deadlines, and (viii) Approving Vote Tabulation Procedures* (the "Motion").

PLEASE TAKE FURTHER NOTICE that any response or objection to the relief requested in the Motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure, and the *Tenth Amended Case Management Procedures* [ECF No. 8027-1] (the "Case Management Procedures"), and must be filed with the Court (i) by registered users of the Court's case filing system, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (ii) by all other parties in interest, on a CDROM, in text-searchable portable document format (PDF), and served on (a) counsel for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036-8299 (Attn: Martin J. Bienenstock, Esq., and Brian S. Rosen, Esq.), and O'Neill &

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813 (Attn: Hermann D. Bauer, Esq.); (b) counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, New York 10036 (Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Peter Friedman, Esq.) and Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan, PR 00917 (Attn: Luis C. Marini-Biaggi, Esq.); and (c) the Office of the United States Trustee for Region 21, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901-1922, so as to be received no later than April 17, 2020 at 5:00 p.m. (AST).

PLEASE TAKE FURTHER NOTICE that a hearing will be held before the Honorable Laura Taylor Swain, United States District Court Judge, in Room 3 of the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 (the "Court"), on June 3, 2020 at 9:30 a.m. (Atlantic Standard Time), or as soon thereafter as counsel may be heard, to consider the relief sought by the Debtors in the Motion.

PLEASE TAKE FURTHER NOTICE that copies of the Motion including all exhibits, and all documents filed in these title III cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND TO THE MOTION IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED THEREIN WITHOUT FURTHER NOTICE OR A HEARING.

3

Dated: February 28, 2020
    San Juan, Puerto Rico

Respectfully submitted,

/s/ Martin J. Bienenstock

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

/s/ Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
O'NEILL & BORGES LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

Copies of this Notice and all other filings in the Title III Cases are available free online at https://cases.primeclerk.com/puertorico. If you have questions about this notice, please call (844) 822-9231 (US Toll Free) or (646) 486-7944 (international callers), available 10:00 a.m. to 7:00 p.m. (AST)
(Spanish Available)