ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| CRUZ HERNÁNDEZ, CARMEN SOCORRO Y OTROS<br>DEMANDANTES<br><br>VS.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br>DEMANDADOS | CIVIL NÚM. KAC 91-0665 (905)<br><br>SOBRE:<br><br>SENTENCIA DECLARATORIA |

## SENTENCIA ENMENDADA

Los demandantes [361 en total] son oficinistas, secretarias, funcionarios ejecutivos, técnicos de servicios sociales, recaudadores auxiliares, y otros empleados del Departamento de la Familia, cuyos puestos están asignados entre las escalas 01 a la 19 del Plan de Retribución del referido Departamento y se identifican a continuación:

Acevedo Cordero, **Carlos E**; Acevedo López, **Víctor**; Acevedo Pérez, **Winda L.**; Acevedo Reyes, **Rosa E.**; Acevedo Rivera, **Aida**; Acevedo Suárez, **Gladys**; Acevedo Velázquez, **Cruz**; Acosta Crespo, **Carmen A.**; Adorno Campos, **Esteban**; Agosto Baquero, **Nilsa**; Agosto De Maldonado, **Laura E.**; Agosto Figueroa, **Rosa M.**; Aleman González, **Carmen M.**; Alicea Sastre, **Mara G.**; Almedina De Rivera, **Luz E.**; Alvarado Santos, **Amalia**; Álvarez Matos **Conchita**; Andino Bultron, **Maria S.**; Aponte Cartagena, **Tomas**; Aponte Hernández, **Ivette**; Arcelay De Moya, **Ada H.**; Avila Velázquez, **Maribel**; Báez Figueroa, **Raúl**; Ballester Nieves, **Luis**; Barreto Robles, **Carmen A.**; Bello Cancel, **Carmen L.**; Bermúdez Félix, **Isabel**; Bermúdez Torres, **Isabel**; Bernes Rodríguez, **Maria L.**; Berrios Vázquez, **Luis**; Bonet Varella, **Alberto**; Bonilla Román, **Josefina**; Brache Sanes, **Loyda E.**; Burgos Colon, **Adela**; Burgos Cruz, **Luz E.**; Burgos Morales, **Ramón**; Cabrera Medina, **Miriam**; Calderón Rodríguez, **Blanca I.**; Calderón Cruz, **Carmen B.**; Campusano Sosa, **Josefina**; Canales Robinson, **David**; Caraballo Rodríguez, **Zenaida**; Casas Otero, **Josefina**; Castillo Pastrana, **Edelmira**; Castillo Pizzini, **Iris**; Castro Clemente, **María L.**; Cintrón Caraballo, **Carmen M.**; Colon De Navas, **Eva L.**; Colon Aulet, **Norma Iris**; Colon Ortiz, **Demetrio**; Colon Rodríguez, **Ana L.**; Colón Rodríguez, **Nelida**; Comulada Ortiz, **Juan H.**; Concepción Lozada, **Gloria E.**; Concepción Sierra, **Maricelys**; Contreras Santiago, **José E.**; Cordero Santiago, **Zaida E.**; Corsino Pimentel, **Julia E.**; Cortes Acevedo, **Olga**; Cosme Negrón, **Noel**; Cotte Alvarado,

Case:17-03283-LTS Doc#:12783-2 Filed:04/15/20 Entered:04/15/20 12:01:11 Desc:
Exhibit Final Judgment Exh II Page 2 of 14

Sentencia Enmendada
Civil Núm. KAC1991-0665
Página 2 de 14

Efraín; Cotto Sánchez, **Rosa**; Cotto, **Luz Minerva**; Cruz Adames, **Lucila**; Cruz Collazo, **Manuela**; Cruz García, **Isabel**; Cruz Hernández, **Carmen S.**; Cruz Lorenzana, **Sara**; Cruz Rivera, **Crucita**; Cruz Rosa, **Ivonne**; Cruz Sáez, **Alejandrina**; Cruz Serrano, **Domingo**; Cruz Tosado, **Nancy**; Cruz Vargas, **Rubén**; Cumbas Burgos, **Esther**; Dávila Paris, **Zaida I.**; De Jesús Alvarado, **Carmen M.**; Delgado Cámara, **Elda R.**; Delgado Ramos, **Edwin R.**; Díaz Colon, **Luis E.**; Díaz Cruz, **Aída Luz**; Díaz Flecha, **Carmen J.**; Díaz Flores, **Jorge Luis**; Díaz Hernández, **Mildred**; Díaz Rodríguez, **Teresa J.**; Díaz García, **Miguel**; Escobar Barreto, **Carmen L.**; Espada Rosario, **Diana**; Falu Febres, **Luis R.**; Faris Elba, **Clara E.**; Feliciano Hernández, **Ada E.**; Fereira Rosario, **Maria A.**; Fernández, **Ana H.**; Fernández González, **Emilio**; Fernández Hernández, **Jesús**; Fernández Morales, **María N.**; Fernández Roldán, **Judith**; Figueroa Adorno, **Eladia**; Figueroa González, **Juanita**; Figueroa Morales, **Félix M.**; Figueroa Rivera, **Maria Del Carmen**; Figueroa Ruiz, **Mercedes**; Flecha González, **Rosa M.**; Fontanez Delgado, **Evelyn**; Forty Ortiz, **Luz M.**; Francis Salamán, **Laura**; Fuentes Ayala, **Luis A.**; Galíndez Tanco, **Alicia**; Galloza González, **Carlos R**; García Soto, **Irma A.**; Gómez Pérez, **Hernán**; Gómez Colón, **Carmen N.**; González Pizarro, **Maria M.**; González Andino, **Andrés**; González Cantero, **Alejandrina**; González Cruz, **Manuel Eloy**; González Franquie, **Estela**; González Ramos, **Leyne**; González Reyes, **Maria S.**; González Rivera, **Irma S.**; González Rodríguez, **Neyda**; González Rosado, **Manuel**; Guerra Figueroa, **Luisa V.**; Hernández De Muñoz, **María**; Hernández González, **Maria D.**; Hernández Padilla, **Josefina**; Hernández Serrano, **Norma I.**; Hernández Velázquez, **Ramón**; Jackson Rivera, **Kenneth**; Jorge García, **Luisa**; Jorge Morales, **Jorge Antonio**; Jusino Fumero, **Waddie**; Laguer Morales, **Sonia**; Lasalle Concepción, **María S.**; Latimer De Rodríguez, **Amparo**; Lazú Santiago, **Jesús**; López Millán, **Esperanzo**; López Campos, **Milagros G.**; López Cruz, **Luz M.**; López Díaz, **Rosa L.**; López Lugo, **Esmeraldo**; López Nieves, **Nail V.**; López Reyes, **Maria De Los A.**; López Ríos, **Alfonso**; López Rivera, **Pedro**; Lorenzo Pérez, **Naida**; Lorenzo González, **Miguel**; Lorenzo Lorenzo, **Zoraida**; Lozada Lozada, **Cipriano**; Lugo Horrach, **Gumersindo**; Lugo Rosario, **Ana Maria**; Lugo Sanabria, **Cristino**; Llanos Nieves, **Nilda**; Llanos Rosario, **Luz D.**; Maldonado Cardona, **Myrna**; Maldonado Rodríguez, **Amelia**; Maldondo Colón, **Esteban P.**; Marrero De Barbosa, **Carmen J.**; Martínez Díaz, **Josefina**; Martínez González, **Priscilla**; Martínez Negrón, **Aida L.**; Martínez Rivera, **Myriam C.**; Martínez Rodríguez, **Carmen B.**; Martínez Rosado, **Myriam**; Marzan Concepción, **Juana**; Matias Acevedo, **Maria I**; Matías Cruz, **Luz C.**; Matos Fuentes, **Ana V.**; Medina Báez, **Cristina**; Medina López, **Francisco**; Medina Medina, **Ana L.**;

Case:17-03283-LTS Doc#:12783-2 Filed:04/15/20 Entered:04/15/20 12:20:41 Desc:
Exhibit Final Judgment Exh II Page 3 of 14

Sentencia Enmendada
Civil Núm. K AC1991-0665
Página 3 de 14

Medina Ortiz, **Emenelio**; Medina Torres, **Sonia M.**; Meléndez Alicea, **Carmen D.**; Méndez Estien, **Ramonita**; Méndez González, **Juan J.**; Méndez Pérez, **Julio**; Menéndez Negrón, **Ana D.**; Mercado De Ortiz, **Ana**; Merced Rivera, **Ferdinand**; Monge, **Margarita**; Montañés Morales, **Modesta**; Montes Delgado, **Monserrate**; Montes Maldonado, **Félix**; Montezuma Velázquez, **Nydia**; Morales Rodríguez, **Gladys**; Morales Santiago, **Hiram**; Morales Serrano, **Maria I.**; Mújica Mújica, **Rosa De Los A.**; Nieves Gorrite, **María**; Núñez Sánchez, **Luz**; Oquendo Cruz, **Santa**; Ortiz Agosto, **Maria I.**; Ortiz Cruz, **Teresa**; Ortiz Gerena, **Paula**; Ortiz Guilbe, **Rosa**; Ortiz López, **Luis A.**; Ortiz Nieves, **María M.**; Ortiz Ramos, **Antonio**; Ortiz Salines, **Ana Elsa**; Pabon De Villodas, **Myrta**; Pacheco De Ramos, **Judith**; Pacheco Quidley, **Carmen E.**; Padilla Padilla, **María Isabel**; Padin Rivera, **Rosita**; Pagan Sánchez, **Nancy E.**; Paris Tapia, **Olga E.**; Parrilla Aragones, **Angel L.**; Pastrana Pagan, **Awilda**; Pérez Casta, **Iris M.**, Pérez Cruz, **Daisy**; Pérez García, **Lourdes**; Pérez Maisonet, **Esmeralda**; Pérez Serrano, **Carmen L.**; Pérez Vélez, **Adelaida**; Pérez Villanueva, **Ilsa I.**; Pillot Orta, **Victoria**; Pimentel De Díaz, **Paula**; Pitre Román, **Aída Nelly**; Quintana, **Ana E.**; Quiñónez Fuentes, **Juan M.**; Ramírez Ocasio, **Francisca**; Ramos Burgos, **Pablo**; Ramos Miranda, **Ivonne**; Ramos Rivas, **Judith M.**; Ríos López, **Elsie L.**; Rivas Rios, **Antonio**; Rivera Acevedo, **Maria T.**; Rivera Benítez, **Amador**; Rivera Carrasquillo, **Rosalía**; Rivera Colon, **Carmen M.**; Rivera Cortés, **Atilda**; Rivera Cruz, **Maria Esther**; Rivera De Jesús, **Ramón L.**; Rivera López, **Carmen S.**; Rivera Medina, **María E.**; Rivera Monserrate, **Juana D.**; Rivera Orellana, **Priscilla**; Rivera Piña, **Noemí**; Rivera Quiñónez, **Carmen D.**; Rivera Rivera, **Josefina**; Rivera Rodríguez, **Evelyn**; Rivera Rodríguez, **Luz Teresa**; Rivera Soto, **Félix**; Rivera Torres, **Olmisda M.**; Rivera Veguilla, **José**; Rivera Zambrana, **Eliud**; Robles González, **Raquel**; Robles Ortiz, **Jesús M.**; Robles Rivera, **Nydia**; Robles Sierra, **Ramonita**; Rodríguez Abreu, **Ángel**; Rodríguez Carrillo, **Georgina**; Rodríguez Collazo, **Eddie**; Rodríguez De Romero, **Milagros**; Rodríguez González **Rosa M.**; Rodríguez González, **Nelly**; Rodríguez Martines, **Carmen L.**; Rodríguez Ramos, **María**; Rodríguez, **Alfredo**; Rodríguez Rodríguez, **Ixia E.**; Rohena Barreto, **José L.**; Roldan Sanes, **Vicente**; Román Hernández, **Maria D.**; Romero Cruz, **Marilyn**; Romero Paris, **Lydia**; Rosa Maldonado, **Elmerida**; Rosa Navarro, **Carmen R.**; Rosado Cruz, **Maria**; Rosado Medina, **Carmen M.**; Rosado Rosario, **José E.**; Rosado Vázquez, **Iris Sonia**; Rosario Díaz, **Gladys**; Rosario Rivera, **Nereida**; Rosario Serrano, **Elulogia**; Ruberte De Molina, **Noemí**; Ruiz De La Torre, **Minerva**; Ruiz González, **Doris N.**; Ruiz Manzano, **Flor M.**; Ruiz Ramos, **Carmen M.**;Ruiz Rivera, **Osvaldo**; Saldaña Carrasquillo, **Ermelindo**; Salgado Pizarro, **Jaime**;

Case:17-03283-LTS Doc#:12783-2 Filed:04/15/20 Entered:04/15/20 12:01:11 Desc: Exhibit Final Judgment Exh II Page 4 of 14

Sentencia Enmendada
Civil Núm. K AC1991-0605
Página 4 de 14

Salgado Santos, **Carmelo**; Salgado Soler, **Lupercio**; Sánchez González, **Miguel**; Sánchez Nieves, **Elizabeth**; Sánchez Pomales, **Carmen S.**; Sánchez Ríos, **Paula**; Sánchez Rodríguez, **Luz E.**; Sánchez Román, **Myrta**; Sánchez Soto, **Iris Y.**; Sánchez Vélez, **Jacqueline**; Santa Colon, **Ivette**; Santana Avilés, **Atilda**; Santana Claudio, **Sarah**; Santiago Bermúdez, **Zenaida**; Santiago García, **Iris M.**; Santiago Rosa, **Miguel**; Santiago Carrión, **Santa**; Serrano Dávila, **Ivette Ma.**; Serrano Díaz, **Orlando**; Serrano Negrón, **María Lydia**; Sola Sánchez, **Karen**; Soler Morales, **María Del C.**; Solivan, **Francisco**; Soto Sanes, **Patria H.**; Soto Torres, **Digna R.**; Sterling Berten, **Margarita**; Sterling Lebron, **Joseph**; Tapia Ríos, **Ruth M.**; Tirado Maysonet, **Ricardo**; Torres Cartagena, **María E.**; Torres Concepción, **Gloria E.**; Torres Dávila, **Blanca**; Torres Jiménez, **Aída I.**; Torres Muñoz, **Hélice**; Torres Núñez, **María**; Torres Pérez, **Felicita**; Torres Pozzi, **Luz N.**; Torres Pozzi, **Zenaida**; Torres Rivera, **Edith**; Torres Sánchez, **Consuelo**; Torres Santiago, **Marilú**; Travieso Leduc, **Jose L.**; Vachier Monell, **Antonio**; Valcarcel Osorio, **Víctor M.**; Varela Cartagena, **Patria**; Vargas Pérez, **Ana**; Vargas Vargas, **María E.**; Vargas Vega, **Esther E.**; Vázquez Castillo, **Irma**; Vázquez Cintrón, **Rosa Iris**; Vázquez Rivera, **Maria Teresa**; Vega Hernández, **Gilberto**; Vega Jiménez, **Milagros**; Vega López, **Jorge L.**; Vega Soto, **Amalia**; Velázquez Benítez, **Ana Delia**; Velázquez Cruz, **Ada Y.**; Velázquez Rosado, **Migdalia**; Vélez Correa, **Eulalia**; Eles Laffonse, **José**; Eles Meléndez, **Ivelisse**; Eles Nieves, **Delia**; Eles Ortiz, **Hilda**; Eles Ortiz, **Miriam M.**; Eles Sánchez, **Nydia M.**; Eles Tirado, **Enoelia**; Verges Vázquez, **Carmen M.**; Viera Ramos, **Ivelisse**; Viera Zayas, **Carmen**; Villa Soto, **María**; Villafañe De León, **Félix M.**; Villafañe Pérez, **Arlyn I.**; Villegas Martínez, **Rosita**; Vizcarrondo Flores, **Evelyn**; Zayas Esteras, **Reina L.**; Zayas Rivera, **Norberto**.

Dichos empleados radicaron demanda sobre Sentencia Declaratoria en el 1991, para solicitar, entre otros, la declaración de nulidad del Memorando General 5-86 de fecha 23 de abril de 1986, emitido por la Oficina Central de Administración de Personal (OCAP) hoy Oficina de Recursos Humanos del Estado Libre Asociado de P.R. (ORHELA), por estar en abierto conflicto con las disposiciones establecidas bajo la Ley de Retribución Uniforme y con el principio de igual paga por igual trabajo garantizado por el Art. II sección 16 de nuestra Constitución.

Esencialmente reclaman los susodichos empleados que fueron perjudicados en la asignación de sus salarios cuando se implantó en el Departamento de la Familia el salario mínimo federal que entró en vigor al 15 de abril de 1986 y posteriores aumentos, ya que se dejó inoperante el sistema de escalas y se adoptó un sistema de pago distinto

Case:17-03283-LTS Doc#:12783-2 Filed:04/15/20 Entered:04/15/20 16:01:11 Desc:
Exhibit Final Judgment Exh II Page 5 of 14

Sentencia Enmendada
Civil Núm. KAC1991-0865
Página 5 de 14

al establecido por ley, por lo que se les dejó de pagar de forma equitativa, al estar realizando funciones que requieren mayores responsabilidades, destrezas y complejidad en el desempeño y correspondía ser compensados de diferente manera. También plantean que como consecuencia directa de la fórmula de ajuste impugnada, se le eliminaron ilegalmente pasos por mérito, años de servicios y aumentos legislativos previamente recibidos, los cuales constituyen derechos adquiridos y son independientes de las escalas salariales y reclaman el pago de los salarios que les corresponde por ley.

En la demanda, se plantea la nulidad del Memorando General 5-86 de la OCAP pues el referido ajuste se aplicó intencionalmente para reducir el impacto del salario mínimo y produjo un enriquecimiento injusto, al beneficiarse los demandados de las funciones más complejas realizadas por los empleados demandantes sin pagar por ello la justa compensación. Además se alega que se negaron a aplicar el mecanismo de reducción de jornada semanal, según provisto bajo la ley 5 del 20 de noviembre de 1975, en el caso de que el Departamento de la Familia no contara con fondos suficientes para cumplir con el salario mínimo. Por tanto, reclaman la imposición de la penalidad mandatoria establecida en la sec. 216 (b) del FLSA, costas y honorarios de abogado.

Luego de radicarse varias enmiendas a la demanda, donde se fueron acumulando los empleados de carrera antes identificados, la parte demandada presentó contestación a la demanda enmendada, donde esencialmente se alegó que se cumplió con la Ley de Salario Mínimo y se negó responsabilidad sobre sus actuaciones.

Luego de efectuar múltiples trámites procesales, <u>con fecha de 29 de noviembre de 2001, las partes radicaron una moción conjunta donde incluyeron Estipulaciones de Hechos Adicionales y de Prueba Documental.</u>

Del referido escrito surge que las controversias sometidas por las partes son las siguientes:

A. Determinar si el Departamento de la Familia violó la Ley de Retribución Uniforme, por no haber actualizado su estructura de retribución al salario mínimo y haber equiparado los sueldos de los demandantes al recibido por el conserje y trabajador, a pesar de que estos realizaban tareas de mayor complejidad y responsabilidad.

B. Determinar si el Departamento de la Familia violó el Artículo II, sección 16 de la Constitución del Estado Libre Asociado de Puerto Rico, que reconoce el derecho de todo trabajador a recibir igual paga por igual trabajo.

C. Determinar si los demandados se excedieron en el uso de sus facultades discrecionales al ignorar la obligación como jefes de agencia de implantar un programa de reducción de jornada diaria conforme dispone la Ley 5, de 20 de noviembre de 1975.

Case:17-03283-LTS Doc#:12783-2 Filed:04/15/20 Entered:04/15/20 22:12:41 Desc:
Exhibit Final Judgment Exh II Page 6 of 14

Sentencia Enmendada
Civil Núm. K AC1991-0665
Página 6 de 14

    D.    Determinar sobre la legalidad del Memorando General 5-86 de OCAP del 23 de abril de 1986 y de los posteriores ajustes practicados para la implantación del salario mínimo.

    E.    Resolver, bajo los mismos hechos operacionales, si los demandados violaron las secciones 215 y 218 del FLSA.

    F.    Determinar si procede dictar una Orden de cese y desista permanente para evitar futuras violaciones a estatutos y reglamentos.

Luego de eso, la parte demandante radicó Moción para solicitar la expedición de Sentencia Sumaria Parcial a su favor y señalamos para discusión la misma.

Mientras tanto, y por entender que la cuestión de derecho básica a determinarse en el presente caso ya fue resuelta en la Sentencia Declaratoria dictada el día 26 de septiembre de 2003, por el Tribunal de Primera Instancia, Sala Superior de San Juan, en el caso <u>Juan Pérez Colón y otros vs. Departamento de Transportación y Obras Públicas y OCAP</u>, caso civil número KAC-1990-0487(905), los demandantes solicitaron mediante Moción que, por ser el referido caso idéntico en todos los extremos pertinentes al caso de autos, que se tomara conocimiento judicial del mismo, y se aplicara lo allí resuelto bajo la doctrina de impedimento colateral por Sentencia.

Luego de varios señalamientos, en la vista celebrada el 20 de enero de 2006, las partes informaron al tribunal que habían llegado a un acuerdo para que se dictara Sentencia por estipulación, e informaron que ORHELA y la Secretaria del Departamento de la Familia habían impartido su aprobación a las escalas salariales sometidas mediante Moción del 22 de febrero de 2005. Además, se impartieron las directrices de cómo se habría de disponer del caso, sobre lo cual hubo acuerdo entre las partes, quedando pendiente la notificación de la sentencia. Así las cosas, este Tribunal dictó Sentencia el 23 de enero de 2006 por estipulación, mediante la cual se aprueban las escalas salariales marcadas como el Exhibit 2.

Por otra parte y habiéndose determinado que no hay controversia real de hechos en cuanto a ningún hecho material y como cuestión de derecho procede dictarse Sentencia Sumaria Parcial a favor de la parte demandante, respecto a las controversias sometidas para adjudicación anteriormente transcritas, entendemos que no existe razón para posponer su resolución, hasta la resolución total del pleito.

En conformidad a lo expuesto, se dicta Sentencia a favor de los demandantes, con los siguientes pronunciamientos y disposiciones:

**Los hechos sobre los cuales no existe controversia, surgen de las Estipulaciones acordadas por las partes, y se transcriben literalmente a continuación:**

Case:17-03283-LTS Doc#:12783-2 Filed:04/15/20 Entered:04/15/20 21:12:01 Desc:
Exhibit Final Judgment Exh II Page 7 of 14

Sentencia Enmendada
Civil Núm. KAC1991-0665
Página 7 de 14

1. Los demandantes son empleados de carrera que trabajan para el Departamento de Servicios Sociales, hoy Departamento de la Familia y ocupan puestos de secretarias, oficinistas, funcionarios ejecutivos, técnicos de servicios sociales, recaudadores auxiliares, asistentes de servicios sociales, oficiales en contabilidad, etc. Estos puestos fueron asignados anualmente por el Director de la Oficina de Personal Central, en adelante OCAP, entre los años 1986 a 1996 a las escalas 1 a la 19 del Plan de Retribución de la Administración Central y posteriormente al adoptarse el Plan de Retribución creado por la Agencia como Administrador Individual.

2. Que el 15 de abril de 1986 comenzó a regir en el Gobierno de Puerto Rico la Ley de Salario Mínimo Federal que establecía un salario mínimo de $3.35 por hora trabajada.

3. Que para esa fecha, existían 39 tipos de escalas salariales. De éstas, las primeras 11 escalas recibían sueldos por debajo del salario mínimo federal.

4. Que al entrar en vigor el salario mínimo federal, el 15 de abril de 1986, el Departamento de Servicios Sociales, hoy Departamento de la Familia, equiparó el sueldo de los empleados asignados a estas primeras 11 escalas a base de $3.35 por hora, quedando inoperante el plan de retribución.

5. Que al efectuarse el ajuste, todos los empleados que pertenecían a dichas escalas recibieron el mismo salario que el conserje y el trabajador de acuerdo al salario mínimo federal establecido de $3.35 por hora. Luego de ello, el Departamento de Servicios Sociales, hoy Departamento de la Familia, elaboró un Plan de Retribución Uniforme que estableció nuevas escalas salariales, el cual se le dio fecha de vigencia al 1 de abril de 1996. Este plan contiene 33 escalas salariales, en lugar de 39 escalas salariales que existían en 1986. Este plan fue elaborado por el Departamento de Servicios Sociales, hoy Departamento de la Familia, con la colaboración y consulta de la OCAP.

6. Que la situación se volvió a producir en los años 1990, 1991, 1992, 1993 y 1994 con motivo de la implantación de nuevos aumentos en la Ley de Salario Mínimo Federal. Por lo tanto, mientras se iba aumentando el salario mínimo federal, se continuaron afectando nuevas escalas adicionales. De esta forma, ya para el 11 de abril de 1996, fecha previa a que entrara en vigor el Plan de Retribución Uniforme del Departamento de Servicios Sociales, hoy Departamento de la Familia, se habían afectado 19 escalas salariales.

7. En septiembre de 1997 cuando volvió a aumentar el salario mínimo de los empleados de la agencia quedó inoperante el Plan de Retribución de 1996.

8. El 1 de abril de 1985, y en su función de brindar asesoramiento a las agencias del gobierno, la OCAP emitió el **Memorando Especial Núm. 8-85** donde informó a los Secretarios y jefes de agencia la decisión del caso García v. San Antonio Metropolitan Mass. Transit Authority, 469 U.S. 528 (1985). [Exhibit 1].

"Como consecuencia de esta decisión, a los empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de sus Gobiernos Municipales se les debe pagar el salario mínimo federal y compensar el tiempo extra a razón de tiempo y medio mediante pago en efectivo".

9. El **18 de abril de 1985,** el Director de la OCAP le remitió al entonces Gobernador de Puerto Rico, Rafael Hernández Colón, un Memorando sobre el siguiente asunto: "Alternativas de estructuras salariales para proveer aumentos de sueldos a los empleados públicos bajo la Administración Central y cumplir con el mínimo federal". [Exhibit 2] La comunicación proponía un plan de mejoramiento salarial en cuatro etapas donde se sobrepasaba el salario mínimo federal para el 1988 e incluía como anejo las escalas de sueldos propuestas.

Con relación al personal de confianza, expresó: "…[n]o es necesario tomar acción inmediatamente ya que la escala básica de la estructura de sueldo que se aplica $505-657 al presente no tiene clases asignadas. El sueldo más bajo en el Servicio de Confianza es el correspondiente a la clase de chofer que está asignada a la segunda escala, $549-714."

10. El 2 de julio de 1985, la OCAP emitió y circuló entre las agencias, el **Memorando General 7-85,** para informar a todos los jefes de agencias que la decisión

Case:17-03283-LTS Doc#:12783-2 Filed:04/15/20 Entered:04/15/20 22:12:11 Desc:
Exhibit Final Judgment Exh II Page 8 of 14

Sentencia Enmendada
Civil Núm. K AC1991-0665
Página 8 de 14

del Hon. Tribunal Supremo Federal García v. San Antonio Metropolitan Mass Transit Authority, supra, fue confirmada e incluyó información general sobre la forma de compensar las horas extras. [ Exhibit 3]

11. El 5 de septiembre de 1985, la OCAP emitió y circuló el Memorando General Núm. 9-85 dirigido a todos los jefes de agencia sobre "La Interpretación de Aspectos relativos a la Retribución de los Empleados" que incluyó en el inciso (a) la norma de interpretación del Art. 3 de la Ley Núm. 3 de 30 de junio de 1977. Mediante esa directriz, se reconoció la intención legislativa, según expuesta al Art. 3 de "ampliar en esa misma proporción las escalas de retribución para los empleados que la reciben". En lo que atañe a los empleados que no le hicieron efectivo el aumento por estar recibiendo sueldos máximo de la escala, se impartió instrucción a las agencias de "reevaluar los casos en conformidad a esa interpretación".

12. El 17 de septiembre de 1985, la OCAP le remitió al entonces Gobernador de Puerto Rico, el estudio relativo al impacto económico que tendría para la Administración Central la implantación del Salario Mínimo Federal.

13. El 14 de octubre de 1985, la OCAP emitió el Memorando Especial Núm. 25-85 dirigido a todos los jefes de agencias conteniendo la ULTIMA JURISPRUDENCIA RELACIONADA CON LA ADMINISTRACIÓN DE PERSONAL. Esta incluyó un resumen de la decisión del Honorable Tribunal Supremo Federal en García v. San Antonio Metropolitan Mass Transit Authority, supra. Dicha comunicación informa: "....el salario mínimo federal y el pago por razón de tiempo extra según se reconocen en éstos en la Ley Federal de Normas Razonables del trabajo, son de aplicación para los empleados del Estado Libre Asociado a partir del día 15 de abril de 1985". [Exhibit 4].

14. El 20 de noviembre de 1985, el Director de OCAP le remitió al entonces Gobernador de Puerto Rico, un Memorando sobre: "Aumento de sueldo a los Empleados Públicos" donde informa "Al presente se hace necesario cumplir con el salario mínimo federal al 15 de abril de 1986, lo que posiblemente requiere que se efectúe en una sola etapa." [Exhibit 5]

15. Del contenido del documento surge que OCAP diseñó una nueva estructura salarial para el servicio de carrera de la Administración Central basada en una escala mínima de $545-736 que cumplía con el salario mínimo federal vigente de $3.35 por hora; además consigna:

"Esta estructura la implantaríamos ajustando el sueldo actual de los empleados a la cuantía o tipo retributivo inmediato superior en la escala correspondiente en la nueva estructura para reducir su efecto presupuestario."

16. El 26 de marzo de 1986 la OCAP emitió el Memorando General 3-86 donde actualizó a los jefes de agencia la información sobre la aplicación de la Ley de Salario Mínimo remitida referente al caso de García, supra. Además les informó que el FLSA entraría en aplicación en el Gobierno el 15 de abril de 1986, ofreciéndole más detalles sobre la aplicabilidad de esa Ley.

17. Que el 15 de abril de 1986 comenzó a regir en el Gobierno de Puerto Rico la Ley de Salario Mínimo Federal que establecía un salario mínimo de $3.35 por hora trabajada. En esa fecha, el Departamento equiparó el sueldo de los empleados demandantes según consignado en las Estipulaciones número 3; 4 y 5 que anteceden.

18. Luego de esto, el 15 de abril de 1986, se presentó el P. De la C. 493 para proponer una enmienda a los incisos (2) y (3) del Art. 7 de la Ley de Retribución Uniforme, convertido en la Ley Núm. 149 del 18 de julio de 1986. Esta ley tuvo el propósito de dotar a OCAP y su Director con mecanismos de mayor flexibilidad para practicar ajustes y extensiones a las escalas de retribución de la Administración Central y eliminó el requisito de obtener la aprobación previa del Gobernador para efectuar tales transacciones.

19. El 23 de abril de 1986, mediante el **Memorando General 5-86,** la OCAP informó a los jefes de agencia la aplicación del salario mínimo de $3.35 por hora efectivo al 15 de abril de 1986 e incluyó una directriz para practicar los ajustes salariales. Referente a los Municipios les instruyó para que implantaran un plan de reducción de jornada diaria de trabajo si determinaban insuficiencia de fondos para implantar el salario mínimo. [Exhibit 1].

20. Al emitir esa directriz OCAP no consultó con el Secretario del Trabajo Federal para verificar si cumplía o no con los requerimientos de la Ley de Salario Mínimo. [Contestación OCAP al Requerimiento Admisiones].

21. El 30 de junio de 1986, OCAP emitió el **Memorando Núm. 3-86** informando la décima Asignación de Clases del Servicio de Carrera de la Administración Central: "Para este año fiscal no se han registrado cambios a las escalas salariales. No obstante, es mandatario que las agencias cumplan con las disposiciones de la Ley de Normas Razonables del Trabajo referente al salario mínimo federal". El Anejo I, del Memorando 3-86 incluye una relación de las enmiendas hechas a la anterior asignación de clases durante el transcurso del año donde asigna clases a escalas superiores.

22. Respecto a los empleados irregulares, regidos por la Ley 110 del 26 de junio de 1958, según enmendada, y no obstante haber reconocido en el Memorando Núm. 3-86 del 23 de abril la aplicación del salario mínimo de 3.15 hr., la OCAP emitió con fecha de 22 de agosto de 1986, el **Memorando General Núm. 12-86** sobre: "Enmienda a las escalas de Paga para el Personal Irregular". En esa nueva escala, el sueldo ancla del Grupo I fue desarrollado a base de un sueldo de $3.00 por hora, por lo que está por debajo del salario mínimo federal establecido a esa fecha. [Exhibit 9]

23. El salario mínimo federal aumentó en el Departamento de la Familia, en las fechas y sumas que se indican a continuación

| | | |
|---|---|---|
| 15 | abril de 1,986 | a 3.25 hr. |
| 1 | abril de 1,990 | a 3.55 hr. |
| 1 | abril de 1,991 | a 3.70 hr. |
| 1 | abril de 1,992 | a 3.90 hr. |
| 1 | abril de 1,993 | a 4.05 hr. |
| 1 | abril de 1,994 | a 4.25 hr. |
| 1 | abril de 1,996 | a 4.45 hr. |
| 1 | Sep. de 1,997 | a 5.15 hr. |
| 1 | Sep. de 2,000 | a 5.80 hr. |

24 La norma adoptada por el Departamento de la Familia para implantar los ajustes salariales al entrar en vigor el salario mínimo y posteriores aumentos, según identificados en el apartado anterior equiparó el sueldo de empleados demandantes al salario recibido por el trabajador y el conserje.

25. En el 1991, el Departamento de Servicios Sociales se constituyó en un Administrador Individual mediante la **Orden Ejecutiva Número OE-1991-46**, firmada por el entonces Gobernador de Puerto Rico, Rafael Hernández Colón confiriendo al Secretario de ese Departamento facultad para adoptar su propio Plan de Clasificación y Retribución.

26. Mediante **Memorando Especial Núm. 26-93** del 1 de julio de 1993 la OCAP reconoció y afirmó la obligación de los jefes de agencias y Administradores Individuales de atemperar el Plan de Retribución a la legislación federal aplicable al servicio público. [Exhibit 20]

27. El 3 junio de 1994, la OCAP emitió el **Memorando Núm. 5-94** dirigido a los Señores Jefes de las Agencias Administradores Individuales del Sistema de Personal sobre: Asignación de las clases de puestos a las escalas de retribución efectivo al comienzo de cada año fiscal; actualización de las estructuras retributivas; salario mínimo federal: [Exhibit 24]

"Los administradores individuales que aún continúan utilizando los planes que regían para la Administración Central deben tomar conocimiento que por no estar en funcionamiento dicho sector del Sistema de Personal no es procedente efectuar la asignación de las clases a las escalas correspondientes en tales planes. A éstas le reiteramos que es imperativo y prioritario que desarrollen e implanten estos instrumentos de trabajo. *Véase*, Memorando Especial Núm. 26-93 y Memorando Especial Núm. 13-94 que le cursamos sobre este asunto.

28. El **Memorando 5-94**, lee:

"Actualización de las Estructuras Retributivas. El inciso 1 del Artículo 2 de la Ley de Retribución Uniforme establece que es obligación de los Administradores Individuales mantener al día los planes de retribución que adopten para los

Case:17-03283-LTS Doc#:12783-2 Filed:04/15/20 Entered:04/15/20 12:00:41 Desc:
Exhibit Final Judgment Exh II Page 10 of 14

Sentencia Enmendada
Civil Núm. K AC1991-0665
Página 10 de 14

servicios de carrera y de confianza. Por esta razón, las agencias que tienen aprobados e implantados sus propios planes de clasificación y retribución que tienen vigentes responden a lo dispuesto en la Sección 4.6 del Reglamento de Retribución Uniforme, particularmente en los incisos (2), (3), (5), (6) y (8)."

29. De otra parte, el **Memorando 5-94** expresa que "[a]lgunas agencias no están enviando anualmente la copia correspondiente a nuestra oficina, lo cual es indicativo de que no han puesto en observancia las mencionadas normas legales y reglamentarias".

30. Mientras se mantenía inoperante por los demandados la escala de retribución del Departamento de la Familia, la OCAP continuó la práctica de autorizar la asignación de múltiples clases a escalas superiores. [Exhibit 22].

31. Para el 1994, OCAP redactó dos documentos titulados:

a. "Relación de la clase en el Servicio de Carrera que se han impactado con la aplicación del Salario Mínimo Federal".
b. "Clases reasignadas a Escala de Retribución Superiores desde el primero de abril de 1986 hasta el presente" [Exhibits 21 y 22]

32. Así las cosas, en julio de 1996, el Departamento de la Familia adoptó un nuevo Plan de Clasificación y Retribución. El apartado III, del Plan dispone:

"Descripción de la estructura de salarios. La estructura salarial adoptada consiste de veintitrés (23) escalas de sueldos. El número de escalas necesarias para cubrir las doscientas diez (210) clases de puestos resultantes del estudio de clasificación, se determinó a base de la agrupación de clases de puestos tomando en consideración los niveles de complejidad o dificultad del trabajo, la magnitud de la responsabilidad y el grado de autoridad, elementos que entre otros, constituyen las demandas de los puestos asignados a cada clase de puestos. También se tomó en consideración las dificultades en reclutamiento y retención existentes en algunas clases de puestos".

"El salario base de la estructura es de setecientos ochenta dólares ($780.00) mensual." [Exhibit 26 A].

33. Al 1 de marzo de 1996, fecha previa a que entra en vigor el Plan de Retribución del Departamento de la Familia, por motivo de los aumentos decretados en el salario mínimo, se habían afectado 19 escalas salariales. Por lo que cuando el Departamento practicó la correspondiente asignación de los puestos ocupados por los demandantes a las nuevas escalas, se reestableció la diferencia salarial existente entre las diferentes categorías de puestos que habían quedado inoperantes desde abril de 1986.

34. "En su mensaje ante la 5ta. Sesión ordinaria de la décima segunda Asamblea Legislativa de PR al 24 de enero de 1995, el Gobernador de Puerto Rico expresó:

"La situación del ELA; y Gobierno de Puerto Rico tuvo una franca recuperación económica. Se instrumentaron dos reformas contributivas, se aprobó legislación para aumentar sustancialmente los salarios de los policías, bomberos, enfermeras, oficiales de custodia, maestros y otros grupos de empleados públicos". [Exhibit 28].

35. El 31 de enero de 1996, el periódico El Nuevo Día publicó que al cierre del presente año fiscal existía un excedente en caja de 300 millones. [Exhibit 27]

36. El 19 marzo de 1996 se hizo efectivo una enmienda al Nuevo Plan de Clasificación de Puestos según propuesto por el Departamento y aprobado por OCAP, En esta se asignan varias clases de puestos a escalas superiores de Retribución. [Exhibit 30 A]

37. Mediante Memorando Especial #51-96 sobre: "Nuevo Salario Mínimo Federal efectivo el 1 de octubre de 1996 y el 1 de septiembre de 1997", la Directora de OCAP notificó que:

Case:17-03283-LTS Doc#:12783-2 Filed:04/15/20 Entered:04/15/20 12:01:11 Desc:
Exhibit Final Judgment Exh II Page 11 of 14

Sentencia Enmendada
Civil Núm. K AC1991-0665
Página 11 de 14

"A partir del primero de octubre de 1996, los empleados del gobierno estatal, independientemente de su status o categoría, están cubiertos por el nuevo Salario Mínimo Federal de $4.75 la hora". A partir del 1 de septiembre de 1997 el Salario Mínimo Federal será de $5.15 la hora". [Exhibit 28]

38. En junio de 1997, y mediante el Memorando Núm. 8-97, la OCAP enmendó la Guía de Clasificación de Funciones y Escalas de Paga del Reglamento para el Personal irregular para conformarlas con el nuevo salario mínimo de $5.15 por hora efectivo al 1 de septiembre de 1997. [Exhibit 29].

39. El 20 de marzo de 1998, el Departamento de la Familia hizo efectivo su tercera asignación de clases dejando sin cambios la nueva estructura salarial del servicio de carrera que adoptó en el 1996. Con ésta, se mantuvo inoperante el plan de retribución de referencia, visto el aumento habido en el Salario Mínimo a $5.15 la hora. [Exhibit 31]

40. El 25 de octubre de 1997, el Departamento de la Familia realizó otra revisión de las asignaciones de clases a escalas superiores y creó nuevas clases, y ha mantenido hasta el presente el plan de Retribución que adoptó en el 1996, sin cambios excepto los reasignaciones y cambios antes identificados [Exhibit 32]

## CONCLUSIONES DE DERECHO

En Puerto Rico existe una clara política pública que pretende brindar a los empleados del sector gubernamental un tratamiento equitativo y justo en la fijación de su salario y demás formas de retribución. Con el fin de ejecutar esa política pública y reconociendo el legislador que el área de retribución de empleado público es una de las más importantes, "para lograr un sistema de administración de personal moderno y balanceado y facilitar la aplicación del principio del mérito", la Asamblea Legislativa aprobó la Ley Núm. 89 del 12 de julio de 1979, según enmendada, 3 L.P.R.A. §§ 760 et seq., conocida como la Ley de Retribución Uniforme. Surge del historial legislativo que su propósito está en conformidad con el principio de "igual paga por igual trabajo [y] establecer un sistema retributivo que propicie la uniformidad, la equidad y la justicia en la fijación de los sueldos de todos los empleados del servicio público, [al mismo tiempo que] persigue la aplicación de mecanismos que propendan y faciliten el reclutamiento y retención de personal mediante la concesión de incentivos adicionales". Ley Núm. 89 del 12 de julio de 1979, supra, a la Exposición de Motivos. Véase, Aulet Lebrón v. Dpto. de Servicios Sociales, 129 D.P.R. 1 (1991).

La Ley de Retribución, supra, establece igualmente las funciones de la Oficina Central de Administración de Personal, en adelante O.C.A.P., y le delega la responsabilidad de promulgar la reglamentación que complementará el esquema jurídico que sirve de base a la implantación de los planes de retribución de las agencias y de establecer las normas básicas que servirán de guía para delimitar las responsabilidades de los Administradores Individuales al elaborar y administrar sus propios planes de retribución. Adicionalmente, dicha ley le confirió la tarea de "realizar

Case:17-03283-LTS Doc#:12783-2 Filed:04/15/20 Entered:04/15/20 12:01:11 Desc:
Exhibit Final Judgment Exh II Page 12 of 14

Sentencia Enmendada
Civil Núm. K AC1991-0665
Página 12 de 14

estudios de retribución en los distintos sectores de la economía que envuelven los niveles y tendencias salariales así como otras formas de compensación tales como incentivos y beneficios marginales" [y la misión] de supervisar el funcionamiento de ese Sistema". 3 L.P.R.A. § 760b.

A tales fines, la Ley de Retribución, *supra*, establece en su Art. 2 que la O.C.A.P., en el caso de la Administración Central, y cada autoridad nominadora en el caso de los Administradores Individuales, adoptará planes de retribución conforme al reglamento que adopte la Oficina para instrumentar esta ley a las normas generales sobre retribución que ésta emita. 3 L.P.R.A. § 760a. Dispone también que al establecer y mantener los aludidos planes de retribución deberá tomar en consideración diversos factores, tales como: niveles de responsabilidad y complejidad de las funciones, cualificaciones necesarias para el desempeño de las mismas; dificultades existentes en el reclutamiento y retención de personal en las diferentes clases de puestos; condiciones de trabajo; oportunidades de ascenso existentes dentro de los planes de clasificación; sueldos prevalecientes en diferentes sectores de la economía; aspectos relativos a costos de vida, y posibilidades fiscales. 3 L.P.R.A. § 760a, (2). *Véase*, Reglamento de Retribución Uniforme, Reglamento Núm. 3109 del 7 de junio de 1984.

Considerando lo anteriormente expuesto, entendemos que la selección del Departamento de la Familia de la fórmula de ajuste recomendado por O.C.A.P. en el Memorando General 5-86, del 23 de abril de 1986, no está conforme a las disposiciones requeridas por la Ley de Retribución Uniforme, *supra*, al no mantener actualizada un sistema de escalas salariales progresivas luego de implementar enmiendas realizadas al salario mínimo. Luego de un análisis de la fórmula recomendada por O.C.A.P., puede observarse que su ejecución resultó en remunerar equitativamente a conserjes, oficinistas (I, II, II y IV), secretarias (I y II) y asistentes de instituciones sociales, entre otros puestos asignados dentro de las primeras 11 escalas de la estructura retributiva entonces vigente. A consecuencia de que la parte demandada realiza asignaciones de puestos al comienzo de cada año fiscal, para la fecha de marzo de 1996 los empleados ubicados hasta la escala 19 también habían sido afectados por el ajuste. En Aulet Lebrón v. Dpto. de Servicios Sociales, *supra*, a la página 24, señaló el Tribunal Supremo:

> Claro está, las cartas normativas que O.C.A.P. emita en el ejercicio de sus funciones cuasi legislativas no pueden estar en conflicto con la ley o con la jurisprudencia vinculante en la materia que intente reglamentar, pues el

Case:17-03283-LTS Doc#:12783-2 Filed:04/15/20 Entered:04/15/20 12:00:41 Desc:
Exhibit Final Judgment Exh II Page 13 of 14

Sentencia Enmendada
Civil Núm. K AC1991-0665
Página 13 de 14

poder de reglamentación delegado a la agencia no la faculta para sustituir el criterio legislativo o judicial plasmado en el estado de derecho vigente. A.P.I.A.U., Inc. v. Srio. de Hacienda, 100 D.P.R. 173 (1971); Rosario Mercado v. San Juan Racing Assn., 94 D.P.R. 634 (1967); Rivera Maldonado v. Autoridad sobre Hogares, 87 D.P.R. 453 (1963); Ex parte Irizarry, 66 D.P.R. 672 (1946).

Para evitar esto, la Ley de Retribución Uniforme, supra, estipula en su Art. 9, que "[e]fectivo al comienzo de cada año fiscal, el Director asignará todas las clases de puestos a las escalas contenidas en el Plan de Retribución adoptado para la Administración Central". 3 L.P.R.A. § 760h. Al no actualizarse anualmente, se dejó inoperante el sistema de escalas salariales, el cual requiere tomar en consideración la complejidad de los roles no diestros, administrativos, técnicos, especializados y de supervisión, para luego retribuir en proporción a la misma. Con esto el sistema de retribución ha resultado irracional, caprichoso o arbitrario para con los demandantes. Véase, Aulet Lebrón v. Dpto. de Servicios Sociales, supra, a la pág. 47. Cabe señalar que al momento de asignar un tipo de puesto a determinada escala de retribución, las agencias tomarán en consideración factores como años de servicios, preparación académica, experiencia o pasos por mérito concedidos al empleado de dicho puesto. Véase, Reglamento de Retribución Uniforme, supra, a la § 4.6, incisos (2), (3), (5), (6) y (8). En adición a esto, la Sec. 4.4 del Reglamento de Retribución dispone que los planes de retribución que se adopten han de estar en armonía con la política pública establecida en la Ley de Retribución Uniforme, supra, además de requerir la aplicación de escalas de sueldos uniformes para aquellas clases de puestos que sean equivalentes manteniendo así una correlación entre el valor relativo que se asigne a las clases en los respectivos planes de clasificación y el valor monetario que se asigna a éstas mediante escalas de sueldos.

El Tribunal Supremo de Puerto Rico ha expresado que la legislación de salario mínimo y la Ley Federal de Normas de Trabajo, no impiden que los estados legislen para conceder mayores beneficios. Véase, 29 U.S.C.A. § 218(3) (2006); Vega v. Yiyi Motors, 146 D.P.R. 373, 381-2 (1998); Olazagasti v. Easter Sugar Associates, 79 D.P.R. 93, 106-7 (1956). Por lo tanto, el cumplimiento con el salario mínimo sólo es uno de los requisitos para la observancia de la normativa laboral, que en este caso exigía también la actualización y aplicación de escalas de retribución.

Case:17-03283-LTS Doc#:12783-2 Filed:04/15/20 Entered:04/15/20 12:01:11 Desc:
Exhibit Final Judgment Exh II Page 14 of 14

Sentencia Enmendada
Civil Núm. K AC1991-0665
Página 14 de 14

Dado el ordenamiento jurídico esbozado, entendemos le asiste el derecho a los demandantes y se declara Con Lugar la demanda aprobando las escalas salariales marcadas en los Exhibits de la prueba estipulada. A los efectos de resolver las diferencias surgidas entre las partes en cuanto a la forma en que deben realizarse los cómputos de los sueldos adeudados determinando las sumas específicas de cada empleado, se celebrará el 26 de septiembre de 2006 una vista donde se recibirá prueba pericial y documental pertinente.

La parte demandada preparará y radicará en el Tribunal, suministrando copia a la representación legal de los demandantes, las nóminas necesarias para efectuar el pago a los demandantes. Dichas nóminas incluirán: (a) nombres y seguros sociales de los demandantes, (b) total adeudado a cada demandante, (c) cantidad retenida para el pago de retiro de cada demandante y (d) cantidad neta correspondiente a cada demandante. El pago a los demandantes se efectuará durante el año fiscal 2006-7, por lo que la parte demandada deberá consignar en su presupuesto una partida para el pago de la Sentencia aquí dictada.

Se le impone además a los demandados el pago de las costas y gastos de litigio y la suma del 25% sobre la suma que se le adeude a cada demandante por concepto de honorarios en beneficio de cada demandante, que deberá ser depositada en la Secretaría de este Tribunal cuando se consigne el pago correspondiente de cada demandante. *Véase*, Código de Enjuiciamiento Civil de P.R., 32 L.P.R.A. §§ 3114-18, 3132 (2005); Afanador Irizarry v. Roger Electric Co., Inc., 2002 T.S.P.R. 52, a la nota al calce 13; López Vicil v. I.T.T. Intermedia, Inc., 142 D.P.R. 857 (1997).

**REGÍSTRESE Y NOTIFÍQUESE.**

En San Juan, Puerto Rico, a 20 de junio de 2006.

GEORGINA CANDAL SEGUROLA
JUEZA SUPERIOR

CERTIFICO:

LCDA. REBECCA RIVERA TORRES
Secretaria General Regional

Por: Lizbeth Salgado Matos
Secretaria Auxiliar