**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor ₁ | PROMESA - TITLE III<br><br>Case No. 17-3283-LTS<br>(Jointly Administered) |

**PARTIAL JOINDER AND STATEMENT IN SUPPORT OF GROUP OF CREDITORS' WITH ORDINARY COURSE EMPLOYEE CLAIMS:** Juan Pérez-Colón et al (324 Plaintiffs} collectively (the "Perez-Colon Plaintiffs Group)TPI K AC 1990-0487; Jeannette Abrams-Diaz et al (1084 Plaintiffs) collectively (the Abrams-Diaz plaintiffs Group)TPI KAC 2005-5021 ; Agosto-Maldonado, Plaintiffs Group;, collectively Agosto Maldonado, Nilda A. y/o 504 K PE 2005-0608; Cruz-Hernandez, Carmen Socorro Plaintiff Group (334 plaintiffs)TPI K AC1991-0665 ; Group of creditors of the Consolidated CFI Judgments dated April 22,2016 (Norberto Tomassini et al & Ivan Ayala; Plaintiff, A MI 2003-0243 y A PE 2005-0049)(87 Plaintiffs); Abraham-Gimenez, et al (1,046 Plaintiffs) collectively (the Abraham Gimenez Plaintiffs Group;TPI K AC 20131019; Alejo Cruz – Santos, et al (262 Plaintiffs') collectively (the Cruz Santos Plaintiff Group) CASP 2002-06-1493. Prudencio Acevedo-Arocho, et al (1,601 Plaintiffs)TPI KAC 2005-5022;, Delfina Lopez-Rosario, et al Collectively The Lopez-Rosario Plaintiffs Group); CASP 01-10-372; Beltran-Cintron, Plaintiff Group collectively (the Beltran-Cintron Plaintiff Group(4,593 Plaintiffs);TPI num K AC2009-0809); Madeline Acevedo-Camacho et al (2,518 Plaintiffs) CASP no 2016-05- 1340 ) TO THE MOTION FILED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO FEDERAL RULE OF BANKRUPCY PROCEDURE 3013 FOR ENTRY OF AN ORDER RECLASSIFYING CLASS 39A and CLASS 41 CLAIMS UNDER OVERSIGHT BOARD'S PLAN OF ADJUSTMENT DATED FEBRUARY 28, 2020; AND REQUESTING PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3013 FOR ENTRY OF AN ORDER TO SEPARATE AND RECLASSIFY ORDINARY COURSE OF EMPLOYEES CLAIMS, WHICH WERE IMPROPERLY INCLUDED IN CLASS 41 CLAIMS TOGETHER WITH AFSCME EMPLOYEE CLAIMS, CLASS 40, UNDER OVERSIGTH BOARD'S PLAN OF ADJUSTMENT DATED FEBRUARY 28, 2020

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK- 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**TO THE HONORABLE COURT:**

The following group of creditor's holds ordinary course employee wage claims (Group of Creditors'): *Juan Pérez-Colón* et al (324 Plaintiffs} collectively (the "Perez-Colon Plaintiffs Group) TPI K AC 1990-0487; *Jeannette Abrams-Diaz* et al (1084 Plaintiffs) collectively (the Abrams-Diaz Plaintiffs Group) TPI  KAC 2005-5021; *Agosto-Maldonado*, Plaintiffs Group; collectively (Agosto Maldonado, Nilda A. y/o 504) K PE 2005-0608; *Cruz-Hernandez, Carmen Socorro* Plaintiff Group (334 plaintiffs) TPI K AC1991-0665; Group of creditors of the Consolidated CFI Judgments dated April 22,2016, *Norberto Tomassini et al & Ivan Ayala; Plaintiff*, A MI 2003-0243 y A PE 2005-0049) (87 Plaintiffs); *Abraham-Gimenez,* et al (1,046 Plaintiffs) collectively (the Abraham-Gimenez Plaintiffs Group; TPI K AC 20131019; *Alejo Cruz – Santos*, et al (262 Plaintiffs') collectively (the Cruz Santos Plaintiff Group) CASP 2002-06-1493. *Prudencio Acevedo-Arocho*, et al (1,601 Plaintiffs)TPI KAC  2005-5022;, *Delfina Lopez-Rosario*, et al Collectively (the Lopez-Rosario Plaintiffs Group); CASP 01-10-372; *Beltran-Cintron*, Plaintiff Group collectively (the Beltran-Cintron Plaintiff Group (4,593 Plaintiffs); TPI num K AC2009-0809); *Madeline Acevedo-Camacho* et al (2,518 Plaintiffs) CASP no 2016-05- 1340); though its undersigned attorney respectfully files this partial joinder and  statement in support[1]   of the  Motion filled by the Official Committee of Unsecured Creditors  Pursuant to Federal  Rule of  Bankruptcy Procedure 3013, for Entry of an  Order  Reclassifying  Class 39A and Class 41 Claims Under Oversight Board's  Plan of Adjustment dated February 28, 2020, (Dkt. 11989);  (the "UCC's Motion) and  for the reasons herein stated,  pursuant to  Federal Rule of  Bankruptcy Procedure 3013   request  a modification of the Order requested in the "UCC's Motion, to separate and reclassify ordinary course employee claims improperly included in Class 41, together with AFSCME Employee Claims, Class 40, Under Oversight Board's  Plan of Adjustment  dated February 28, 2020.

### PRELIMINARY STATEMENT

1.     The Supporting Group of Creditors,  are active or ex-employees, (many retired

---

[1] All references to ECF numbers in this Partial Joinder and Statement in Support refer to the docket of Case No. 17-3283-LTS, unless otherwise indicated. Capitalized terms used in this Partial Joinder and Statement in Support and not defined herein have the meanings ascribed to them in the Motion. Also, the Movants clarify that filing of this Partial Joinder and Statement in Support, should not be construed as an endorsement of any factual assertions in the Motion that are not expressly adopted herein, and the Supporting Parties reserve the right to contest any such factual assertions, if necessary

employees) of the Commonwealth of Puerto Rico who hold claims related to back pay wages, due to violations of sections *215* and *218* of the Fair Labor Standard Act (FLSA) and local wage laws, accrued during the ordinary course of their employment.[2] Collectively, constitute a group of 14,151 claimants, of which, five of the mentioned groups: *Juan Pérez-Colón* et al (324 Plaintiffs} collectively (the "Perez-Colon Plaintiffs Group) TPI K AC 1990-0487; *Jeannette Abrams-Diaz* et al (1084 Plaintiffs) collectively (the Abrams-Diaz Plaintiffs Group) TPI KAC 2005-5021; *Agosto-Maldonado*, Plaintiffs Group; collectively (Agosto Maldonado, Nilda A. y/o 504) K PE 2005-0608; *Cruz-Hernandez, Carmen Socorro* Plaintiff Group (334 plaintiffs) TPI K AC1991-0665; Group of creditors of the Consolidated CFI Judgments dated April 22,2016, *Norberto Tomassini et al & Ivan Ayala; Plaintiff*, A MI 2003-0243 y A PE 2005-0049) (87 Plaintiffs); have final judgements in their favor, for a total amount of EIGHTY FOUR MILLION FOUR HUNDRED FIVE THOUSAND SEVEN HUNDRED SEVENTY SIX DOLLARS AND NIGHTY SIX CENTS ($84,405,776.96.) The other groups, have undetermined amounts, since they are actually litigating in the Commonwealth of Puerto Rico courts or administrative forum (the Commonwealth Court) under similar causes of actions.

2. Although, as Supporting Parties, the Group of Creditors may disagree with some of the UCC's factual assertions, the Committee is correct on the core legal issue presented in its Motion. Therefore, the Group of Creditors' agrees and expressly joints in and incorporates by reference as it fully sets forth herein the arguments and positions presented by the UCC's Motion, dated 03/03/20 (Docket 11989); and Partial Joinder motions filed by AMBAC Assurance Corporation, (docket 12691); and ASSURED Guaranty Corporation (docket 12687), as to that the classification scheme set forth in the Amended Plan is clearly illegal under the "strict" approach to classification adopted by the First Circuit in *Granada Wines, Inc. v. New England Teamsters & Trucking Indus. Pension Fund*, 748 F.2d 42, 46 (1st Cir. 1984). Particularly, because the Amended Plan splits substantially similar claims in different classes and afford those substantially similar claims with significantly different recoveries, it violates the First Circuit standard in *Granada Wines*,

---

[2] Agency/grouping in which individual employee claimant's worked or currently works: Department of Transportation and Public Work (DTOP); Family Department's and corresponding Administrations (Secretariado, ASUME, ADSEF, ADFAN and ACUDEN); Vocational Rehabilitation Administration (ARV) ( actually a division of Department of Labor and Human Resources); Department of Correction and Rehabilitation and the Bureau of Juvenile Institutions (AIJ); Police Department and Department Internal Revenue (Hacienda).

3

supra., which holds that: (1) **all substantially similar claims must be classified together**, (2) the debtor does not have the option of splitting substantially similar claims into different classes and giving them different treatment under a plan.

3. For these reasons, and based on the Amended Plan's classification scheme, the Group of Creditors, as Supporting Parties, now file this Partial Joinder and Statement in Support of the Motion.

**ARGUMENT**

**I.** THE AMENDED PLAN IMPROPERLY SPLITS AND CLASSIFIES EMPLOYEE CLAIMS RELATED TO THE ORDINARY COURSE OF EMPLOYMENT, FOR THE PURPOSE OF DISTRIBUTION, AS EQUIVALENT TO, CW GENERAL UNSECURED CLAIMS, WHEN THE AMOUNT RESULTED FROM A JUDGEMENTS ENTERED BY THE COMMONWEALTH COURTS,. WHILE ON THE OTHER HAND, PROVIDES, PRIORITY AND FULL SATISFACTION AND RECOVERY, TO AFSCME AFFILIATES, ON AMOUNTS RESULTING FROM THE DISPOSITION OF PRE-PETITION ACTIONS BROUGHT PURSUANT TO THE GRIVANCES AND ARBITRATION PROCEDURES ARISING UNDER THE COLLECTIVE BARGAINING AGREEMENTS.[3]

4. The above mentioned classification is clearly impermissible under *Granada Wines*, supra., since it arbitrarily splits the wage claims into two different classes and provides each class a different treatment. These claims all have the same "rank" (i.e. priority) as each other and are otherwise indistinguishable. Under *Granada Wines*, supra., these two classes of substantively identical claims have to constitute a single class and receive the same treatment. See *11 U.S.C. § 1123(a) (4).*

5. The Group of Creditor's submits that, due to the fact that the Amended Plan has arbitrarily split up Ordinary Course Employment Claims between Class 40, (AFSCME Employee Claims) and Class 41, (CW General Unsecured Claims), said classification has imposed an impermissible discriminatory treatment and limited recovery, on the back pay awarded to employees, when the amounts are determined by a judgment entered by Commonwealth courts. This because, when considered that the Oversight Board, has "negotiated" with AFSCME, and given the "union" affiliates, priority treatment and full recovery in the distribution of amounts resulting from Arbitration and Grievance pre-petition claims (under the collective bargaining agreement), arises a clear conflict of interest

---

[3] See Docket 11946, Art. XLIV *sec.* 44.1 (c), at pages 84-85

4

regarding the proposed distribution[4] which is inconsistent with *PROMESA* and *Granada Wines.* Specifically, because it prohibits the classification of creditors of equal rank separately, were their claims should be placed in the same class or "rank" (i.e. priority) as each other and are otherwise indistinguishable. Therefore, being the AFSCME's employee claims substantively similar, to the claims held by Group Claimants, since both emerges from employment matters and contractual obligations created by an elaborate statutory framework adopted to regulate their public employment, they should have been classified in a single class and receive the same treatment. See *11 U.S.C. § 1123(a) (4).*

6. Neither the Amended Plan nor the Amended Disclosure Statement explain (or attempted to justify) why the Ordinary Course Employment claims held by Group of Creditors have not been classified together with AFSCME Employee Claims and instead, were included with the general unsecured creditors in Class 41, which raise the question as to whether Debtor is dealing with good faith with its creditors.

7. Consequently, the appearing Group of Creditors submit that their claims must be placed in the same class, with AFSCME Employee Claims to receive the "same treatment." 11 U.S.C. § 1123 (a) (4). As a result, all the Ordinary Course Employment Claims could receive anything less than the most favorable treatment afforded to AFSCME union affiliates, and a 100% recovery, currently proposed for claims in Class 40, under the Amended Plan. See also *In re Barney & Carey Co.*, 170 B.R. 17, 22, and 24 (Bankr. D. Mass. 1994) ("[T]he First Circuit has adopted a strict approach, namely, that **all claims of equal legal priority must be placed in the same class**.

8. Also, it is pertinent clarify and to bring to the Court's consideration, that due to the nature of the claim, the Group of Creditors as current, former, active, inactive, disabled employees, and as participants of the retirement system, in addition, hold an accued claim, since are entitled to receive, on account of the mandatory employee payroll deduction of 8.275% until 2013 and 10% of pay thereafter, the corresponding monthly pension modification, (and this adjustment must be made, before the Reduction Percentage as provided in the Plan), to balance for the additional contributions made by the individual group claimants to the System, on account of the correction of their regular rate of pay or in the

---

[4] Here, paradoxically a substantial number of group claimants are also AFSCME's affiliates. Therefore, the disparity of treatment given to the wages recovery, violates the equal protection of the law and the rights of claimants, as senior employees.

alternative, receive the corresponding cash contribution, as to the accumulated contribution value, as may be applicable to individual claimants, under Act 106 – 2017 or Act 1 and 447.[5]

9. Therefore, the Group Creditors respectfully request, that -consistent with First Circuit precedent- this Court ensure that all claims arising from ordinary course of employment included in Class 41, are classified together with AFSCME Employee Claims in CLASS 40. As government employees, the Group Claimants have the same legal rights against the Commonwealth and its property and, as such, must be classified together under controlling First Circuit ruling. As a result, both groups must receive the same distribution treatment of total satisfaction and recovery.

10. Accordingly and pursuant to Rule *3013* of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") it is requested the entry of an order, substantially in the form attached hereto as **Exhibit A**, reclassifying Class 40 and Class 41 employee wage claims together, under the proposed plan of adjustment dated February 28, 2020. [Docket No. 11946] (the "Amended Plan"). Also, for the reasons stated in the present Motion, include the corresponding order to address the pension adjustment, or cash payments, to balance for the additional contributions made by the individual creditors to the employee's pension System.

## II.   THE UCC'S MOTION MUST BE DECIDED ON THE MERITS NOW, AS A MATTER OF LAW

11. The Group Creditors also agree with the UCC's Motion, and the Ambac and Assured's Partial Joinder, in that the classification issue is ripe for adjudication, and that deciding it will help narrow the scope of issues before the Court in connection with objections to the Oversight Board's disclosure statement and Amended Plan.

12. Additionally agrees with Assured's Partial Joinder, in that under the circumstances presented here, the Amended Plan's classification scheme also violates the universal prohibition, recognized by all bankruptcy courts, on classifying substantially similar claims differently in order to gerrymander an affirmative vote on a plan.

13. Therefore, the Group Creditors submits that this Court lacks discretion to defer

---

[5] The Amended Disclosure Statement explains that holders of Class 39A Retiree Claims receive their benefits subject to an 8.5% reduction to the extent that monthly benefits exceed $1,200. *See* Am. Disclosure Statement 25-28.

ruling on this issue until later proceedings. See also *In re Nat'l/Northway Ltd. P'ship,* 279 B.R. at 25. Where, as here, a plan fails to comply with this requirement, and that failure is evident on the face of the proposed classification scheme, that plan is unconfirmable as a matter of law, and the Court lacks discretion to defer the classification question in order to permit that plan to be advanced through disclosure, voting, and confirmation proceedings.

## CONCLUSION

For the reasons herein and pursuant to governing law, this Honorable Court should ORDER Debtor to reclassify together claims arising under the Ordinary Course of Employment matters included in Class 41 with Class 40 Claims, under Oversight Board's Plan of Adjustment dated February 28, 2020 in order to provide equal and just treatment to government employees with substantial similar claims and to entry any additional Order as it may be proper to guarantee individual claimants, receive pension adjustments or cash payments, to balance for the additional contributions made to the system, and to secure that all similar claims be placed in the same class and receive equal and just treatment.

**WHEREFORE,** it is respectfully requested that this Honorable Court GRANT this Motion in all its parts, with any other remedy that this court deems just and proper.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 14th day of April 2020.

**IT IS HEREBY CERTIFIED**, that on this same date we have electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all counsels of record.

By /s/ Ivonne González Morales
Ivonne González - Morales
RUA 3725 USDC-PR 202701
P.O. BOX 9021828
San Juan, P.R. 00902-1828
Telephone: 787-724-5323 / 787-410-0119
Email- ivonnegm@prw.net
*Attorney for the Groups of Creditors*
*Holding Ordinary Course of Employment Claims*

**EXHIBIT A**

**Proposed Order**

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------ x
                                                         :
In re:                                                   :
                                                         :
THE FINANCIAL OVERSIGHT AND    PROMESA                   :
MANAGEMENT BOARD FOR PUERTO RICO,                        :   Title III
                                                         :
     as representative of                                :   Case No. 17-BK-3283 (LTS)
                                                         :
THE COMMONWEALTH OF PUERTO RICO, et al.,                 :   (Jointly Administered)
                                                         :
     Debtors.¹                                           :
------------------------------------------------------------------------ x
```

ORDER GRANTING GROUP CREDITORS' MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3013 FOR ENTRY OF AN ORDER TO SEPARATE AND RECLASSIFY ORDINARY COURSE OF EMPLOYEES CLAIMS, WHICH WERE IMPROPERLY, INCLUDED IN CLASS 41 CLAIMS TOGETHER WITH AFSCME EMPLOYEE CLAIMS, CLASS 40, UNDER OVERSIGTH BOARD'S PLAN OF ADJUSTMENT DATED FEBRUARY 28, 2020

This matter is before the Court on the Motion of Group of Creditors with ordinary course of employment claims, Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of an Order to separate and Reclassify Ordinary Course of Employment Claims which were improperly included in Class 41 Claims together with AFSCME Employee Claims, Class 40, Under Oversight Board's Plan of Adjustment Dated February 28, 2020 (the "Motion"). Upon consideration of the Motion, the accompanying papers and pleadings, any oppositions thereto, and argument thereon, and the Court having found and determined that: (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to sections 306(a) of PROMESA and Bankruptcy Rule 3013, as incorporated by section 310 of PROMESA; (ii) venue is proper before this Court pursuant to PROMESA.

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

section 307(a); (iii) due and proper notice of this Motion has been provided under the particular circumstances and no other or further notice need be provided; and (iv) good cause having been shown, it is hereby ORDERED that:

The Motion is granted as set forth herein.

For the purposes of any plan of adjustment of Ordinary Course of Employment Claims currently classified in Class 41 must be classified in the same class as the AFSCME Employee Claims in Class 40.

Also, to make the pertinent modification of individual claimants' pension benefits to provide for the corresponding monthly pension modification, (and ensure this adjustment be made, before the Reduction Percentage as provided in the Plan), to balance for the additional contributions made by the employee to the System, on account of the correction of their regular rate of pay and /or receive the corresponding cash contribution as to the accumulated contribution value, as may be applicable to individual claimants, under Act 106 – 2017 or Act 1 and 447 .

The Debtors are directed to file a revised Amended Plan and revised Amended Disclosure Statement reflecting the reclassification of Ordinary Course Employee Claims. Also, to make the pertinent modifications, to ensure pension adjustments or provide for cash contributions value, due to the mandatory employee payroll deductions, as may be applicable to individual claimants.

Nothing in this Order shall be construed as waiving the Group of Creditor's rights with respect to the proper classification of other claims.

The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:_____, 2020

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE