# TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
# PARA EL DISTRITO DE PUERTO RICO

*In re:*

**JUNTA DE SUPERVISIÓN Y ADMINISTRACION FINANCIERA PARA PUERTO RICO,**

**como representante de**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO, et al.,**

**Parte Demandada**

**PROMESA**

**TÍTULO III**

**NÚM. 17 BK 3283-LTS**

**(Administrada conjuntamente)**

**La presente radicación guarda relación con el ELA, la ACT y el SRE**

---

### RÉPLICA A LA CENTÉSIMA SEXAGÉSIMA PRIMERA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACION DE PUERTO RICO Y DEL SISTEMA DE RETIROS DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICOA VARIOS RECLAMOS DEFICIENTES

1. Comparece por derecho propio **ANA AUREA IRIZARRY FIGUEROA**, con dirección postal y física **URB. BARINAS D-12 CALLE 3 YAUCO, PR 00698**, teléfono **(787) 856-1713** or **(787) 432-4366**, correo electrónico melanie.rodriguez8@upr.edu.

2. Mi reclamación original se formuló el **6/27/2018** con número de caso *17 BK 03566-LTS* ante el *Sistema de Retiro de los Empleados del Gobierno del ELA,* con número de reclamación **109504.**

3. Por la presente me opongo a la Objeción Global (en cuanto a mi reclamación se refiere) la cual alega que no se proporcionó los fundamentos ni la documentación de respaldo para formular una reclamación contra el Sistema de Retiro de los Empleados del Gobierno del ELA.

4. Es de saber que el Sistema de Retiro de los Empleados del Gobierno del ELA posee en su haber toda la información de mi gestión como **enfermera graduada y supervisora en el Departamento de Salud de Puerto Rico** desde que comencé a laborar el **1 de agosto de 1960** hasta que me acogí al retiro el **30 de diciembre de 1990**.

5. Mi reclamación se basa en la "Ley de Retribución Uniforme", Ley 89 del 12 de julio de 1979, según enmendada (hoy en día derogada).  En dicha Ley se estableció como política pública lo siguiente:

Se proveerá a los empleados del servicio público cubiertos por el Sistema de Personal creado mediante la Ley Núm. 5 de 14 de Octubre de 1975, según enmendada, un tratamiento equitativo y justo en la fijación de sus sueldos y demás formas de retribución. A tales fines la Oficina Central de Administración de Personal, en el caso de la Administración Central, y cada autoridad nominadora en el caso de los administradores individuales, adoptará planes de retribución conforme al reglamento que adopte la Oficina para instrumentar esta ley, a las normas generales sobre retribución que ésta emita y a las siguientes disposiciones: (1) Establecerá y mantendrá al día un plan de retribución uniforme para los puestos de carrera y otro para los puestos de confianza. (2) Al establecer y mantener los aludidos planes de retribución deberá tomar en consideración diversos factores, tales como: niveles de responsabilidad y complejidad de las funciones, cualificaciones necesarias para el desempeño de las mismas; dificultades existentes en el reclutamiento y retención de personal en las diferentes clases de puestos; condiciones de trabajo; oportunidades de ascenso existentes dentro de los planes de clasificación; sueldos prevalecientes en diferentes sectores de la economía; aspectos relativos a costos de vida, y posibilidades fiscales.

6. No obstante, en el Departamento de Salud de Puerto Rico no se aplicó de manera efectiva dicha Ley de Retribución Uniforme de 1979, lo cual afectó de manera directa mis derechos de retribución económica como empleada y consecuentemente mis beneficios ante el Sistema de Retiro de los Empleados del Gobierno del ELA como retirada.

7. De haberse aplicado efectivamente dicha Ley de Retribución Uniforme de 1979 los beneficios dejados de devengar se calculan en no menos de **$47,300.00** computados a razón de $100.00 mensuales desde el mes de agosto de 1979 hasta diciembre de

**NÚM. 17 BK 3283-LTS**                   3

1990 para un total de (137 meses * $100) = **$13,700** y por mis 28 años de retiro (336 meses * $100) = **$33,600** para un gran total de **$47,300**.

8. **Se adjunta como prueba documental lo siguiente:**

    a. **Certificación de la Sra. Ruth M. Pellicier Torres, Supervisora de Enfermeras Interinas del CMS de Yauco, Puerto Rico, con fecha del 23 de julio de 1991 en la cual certifica que ha dicha fecha ya había laborado 30 años como Enfermera Graduada para el gobierno de Puerto Rico.**

    b. **Informe de Cambio de la Oficina de Personal con fecha del 24 de julio de 1979**

    c. **Informe de Cambio Especial del Área de Personal de la Administración de Facilidades y Servicios de Salud con fecha del 23 de mayo de 1980**

    d. **Informe de Cambio de la Oficina de Personal con fecha del 17 de diciembre de 1984**

    e. **Informe de Cambio de la Oficina de Personal con fecha del 24 de julio de 1979**

    f. **Informe de Cambio de la Oficina de Personal con fecha del 18 de agosto de 1987**

    g. **Declaración Informativa de Planes de Retiro y Anualidades (Formulario 480.7C) del año contributivo 2019**

9. **Es por ello que me reitero en mi reclamación a la parte demandada por la cantidad de $47,300 más intereses, recargos y gastos de reclamación.**

**NÚM. 17 BK 3283-LTS**

4

Certifico haber enviado por correo certificado a las siguientes:

        Secretaría (Clerk's Office)
        Tribunal de Distrito de los Estados Unidos
        Room 150 Federal Building
        San Juan, Puerto Rico 00918-1767

        Abogado de la Junta de Supervisión
        Proskauer Rose LLP
        Eleven Times Square
        Nueva York, Nueva York  10036-8299
        A/A: Martin J. Bienenstock
        Brian S. Rosen

        Abogados del Comité de Acreedores
        Paul Hastings LLP
        200 Park Avenue
        Nueva York, Nueva York 10166
        A/A: Luc A. Despins
           James Bliss
           James Worthington
           G. Alexander Bongartz

En Yauco, Puerto Rico, a 7 de abril de 2020.

Ana Aurea Irizarry Figueroa