**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 19–BK–5523-LTS<br><br>**This Application relates only to PBA, and shall be filed in the lead Case No. 17-BK-3283-LTS, and PBA's Title III Case (Case No. 19-BK-5523-LTS)** |

**ORDER APPROVING
FIRST INTERIM FEE APPLICATION
OF PROSKAUER ROSE LLP FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT
AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE
OF THE DEBTOR, THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,
FOR THE PERIOD SEPTEMBER 1, 2019 THROUGH JANUARY 31, 2020 AND
<u>NOTICE OF DEFERRAL OF REQUEST FOR PAYMENT OF RATE INCREASE</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon the application (the "Application")[2] of Proskauer Rose LLP ("Proskauer"), as attorneys for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") acting as representative of the Puerto Rico Public Buildings Authority (the "Debtor") under section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] seeking, pursuant to (a) PROMESA sections 316 and 317, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) Local Rule 2016–1, (d) the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B, and (e) this Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Case No. 17-BK-3282-LTS, ECF No. 3269], allowance of interim compensation for professional services rendered by Proskauer for the period commencing September 1, 2019 through and including January 31, 2020 in the amount of **$290,731.98**, which is comprised of (i) fees for professional services rendered in the amount of $264,301.80 and (ii) the Gross–Up Amount in the amount of $26,430.18,[4] and reimbursement of its actual and necessary expenses in the amount of **$105.80** incurred during the Compensation Period; and, this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED** that:

1. The Application is GRANTED as set forth herein.

---

[2] Capitalized terms not defined in this order will have the meanings ascribed to them in the Application.
[3] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.
[4] Proskauer will only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount. As of the date of hereof, Proskauer has not yet requested payment of the Gross-Up Amount.

2

2. Compensation to Proskauer for professional services rendered during the Compensation Period is allowed on an interim basis in the amount of **$290,731.98**, which is comprised of (i) fees for professional services rendered in the amount of $264,301.80, and (ii) the Gross–Up Amount in the amount of $26,430.18.

3. Reimbursement to Proskauer for expenses incurred during the Compensation Period is allowed on an interim basis in the amount of **$105.80**.

4. The Debtor is authorized and directed to pay Proskauer all fees and expenses allowed pursuant to this order within fifteen (15) days of the entry of this order, including those that were previously held back pursuant to the Interim Compensation Order, less any amounts previously paid for such fees and expenses under the terms of the Interim Compensation Order.[5]

5. The compensation for professional services rendered and reimbursement of actual and necessary expenses incurred allowed pursuant to this order is without prejudice to Proskauer's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of the Application.

6. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

Dated: _____, 2020
San Juan, Puerto Rico

_____
Honorable Laura Taylor Swain
United States District Judge

---

[5] The Debtor is directed to pay the Gross-Up Amount upon receiving confirmation from Proskauer that it received a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount.