**Hearing Date**: June 3, 2020 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: May 19, 2020 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>Debtor. | PROMESA Title III<br><br>Case No. 19-BK-5523-LTS<br><br>(Jointly Administered)<br><br>**This Motion relates only to PBA, and shall be filed in Case No. 17-BK-3283-LTS and Case No. 19-BK-5523-LTS** |

## NOTICE OF MOTION OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY FOR ENTRY OF ORDER EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO BANKRUPTCY CODE SECTION 365(d)(4)

**PLEASE TAKE NOTICE** that the Puerto Rico Public Buildings Authority ("PBA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), is filing the *Motion of the Puerto Rico Public Buildings Authority for Entry of Order*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Extending Time for to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(4)* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the *Eleventh Amended Notice, Case Management, and Administrative Procedures* [Case No. 17-3283, ECF No. 11885-1] (the "Case Management Procedures"), and must be filed with the Court (a) by registered users of the Court's case filing system, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF), and served on (i) counsel for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036-8299 (Attn: Martin J. Bienenstock, Esq. and Brian S. Rosen, Esq.), and O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, Puerto Rico 00918-1813 (Attn: Hermann D. Bauer, Esq.); (ii) counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, New York 10036 (Attn: John J. Rapisardi, Esq., Suzanne Uhland, Esq., and Peter Friedman, Esq.) and Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan, PR 00917 (Attn: Luis C. Marini-Biaggi, Esq.); and (iii) the Office of the United States Trustee for Region 21, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901-1922, so as to be received no later than **May 19, 2020 at 4:00 p.m. (Atlantic Standard Time)**.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held before the Honorable Laura Taylor Swain, United States District Judge, United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan, Puerto Rico 00918 (the "Court"), on **June 3, 2020 at 9:30 AM (Atlantic Standard Time)**, or as soon thereafter as counsel may be heard, to consider the Motion.

**PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion may be granted without a hearing if no objection is timely filed, served, and received in accordance with the Case Management Procedures.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion including all exhibits, and all documents filed in these Title III Cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: April 17, 2020<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Brian S. Rosen*<br><br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>          brosen@proskauer.com<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative for the Puerto Rico Public Buildings Authority*<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br><br>/s/ *Gabriel A. Miranda-Rivera*<br>Gabriel A. Miranda-Rivera<br>USDC No. 306704<br><br>/s/ *Daniel J. Perez Refojos*<br>Daniel J. Perez-Refojos<br>USDC No. 303909<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Co-Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative for the Puerto Rico Public Buildings Authority* |

**Hearing Date**: June 3, 2020 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: May 19, 2020 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.₁ | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>Debtor. | PROMESA Title III<br><br>Case No. 19-BK-5523-LTS<br><br>(Jointly Administered)<br><br>**This Motion relates only to PBA, and shall be filed in Case No. 17-BK-3283-LTS and Case No. 19-BK-5523-LTS** |

### MOTION OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY FOR ENTRY OF ORDER EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO BANKRUPTCY CODE SECTION 365(d)(4)

To the Honorable United States District Judge Laura Taylor Swain:

---

₁ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Puerto Rico Public Buildings Authority ("PBA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PBA's sole representative in this title III case pursuant to Section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] respectfully submits this motion (the "Motion"), pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to this case by PROMESA Section 301(a), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting an extension of the deadline for PBA to assume or reject any of the leases, subleases, or other agreements pursuant to which PBA is a lessee that may be considered an unexpired lease of nonresidential real property (collectively, the "Real Property Leases") to the earlier of (i) January 1, 2021, (ii) the date of expiration or termination of such leases pursuant to their own terms, and (iii) the date on which a plan of adjustment is confirmed for PBA, without prejudice to (x) PBA's right to seek further extensions as contemplated by Bankruptcy Code section 365(d)(4)(B)(ii) or (y) the right of any party in interest to object to such requested extensions. In support of this Motion, PBA respectfully represents as follows:

**Jurisdiction and Venue**

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA § 306(a).

2. Venue is proper pursuant to PROMESA § 307(a).

3. The statutory predicate for the relief sought herein is Bankruptcy Code section 365(d)(4), made applicable to this case by PROMESA § 301(a).

**Background**

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

4. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to Section 304(a) of PROMESA, commencing a case under title III thereof (the "Commonwealth's Title III Case").

5. On September 27, 2019 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for PBA pursuant to PROMESA Section 304(a), commencing this title III case (the "PBA Title III Case").

6. Background information regarding PBA and the commencement of the PBA Title III Case is contained in the *Notice of Filing of Statement of Oversight Board Regarding PBA's Title III Case* [Case No. 19-5523, ECF No. 2].

7. Subsequent to the commencement of the Commonwealth's Title III Case, the Oversight Board sought, on behalf of the Commonwealth, COFINA, ERS, HTA, and PREPA (the "Non-PBA Debtors"), extensions of the deadlines to assume or reject Real Property Leases. Those extensions have been sought with respect to Real Property Leases for which (i) PBA is the lessor, *e.g.* [ECF No. 9714], and (ii) any entity other than PBA is the lessor. *E.g.* [ECF No. 1518]. Those extensions have been granted, and the current deadline to assume or reject Real Property Leases (x) is July 29, 2020, for which PBA is the lessor [ECF No. 10290] and (y) is January 1, 2021, for which any entity other than PBA is the lessor [ECF No. 9670].

8. On October 9, 2019, the Court entered an order (the "PBA Joint Administration Order") granting the joint administration of the PBA Title III Case with the Title III cases of the Non-PBA Debtors, for procedural purposes only [Case No. 19-5523, ECF No. 13]. The PBA Joint

3

Administration Order further provided that for PBA, the deadline to assume or reject any Real Property Leases be extended to April 23, 2020. *Id.* at 5.

## Relief Requested

9. By this Motion, pursuant to Bankruptcy Code section 365(d)(4), made applicable to this case by PROMESA Section 301(a), PBA seeks entry of an order extending the time within which PBA must assume or reject the Real Property Leases.

10. The circumstances surrounding the current COVID-19 pandemic and the government lockdown have delayed PBA's ability to provide, and the Oversight Board's ability to obtain, information necessary for its analysis of the Real Property Leases. In compliance with the Governor's executive order No. 2020-033, PBA employees are working remotely through at least May 3, 2020. Such remote work has made it more difficult for PBA to provide the Oversight Board information necessary to determine which, if any, Real Property Leases PBA is the lessee. PBA and the Oversight Board are working diligently on obtaining sufficient information to make such determinations, which PBA will use to seek from lessors consensual extension of the time PBA has in which to assume reject such Real Property Leases, after the Oversight Board has had an opportunity to review and analyze such Real Property Leases. However, as of the date of this Motion, the Oversight Board is unable to determine which, if any, Real Property Leases PBA is the lessee.

11. Accordingly, and in an abundance of caution, the Oversight Board is filing this Motion to request that, if the Oversight Board determines that PBA is the lessee to one or more Real Property Leases, and the Oversight Board obtains the consent of the lessor thereto to extend the time in which PBA has to assume or reject such Real Property Lease, PBA shall be allowed to file a list of such Real Property Lease(s) on presentment with this Court, including (a) the name of the lessor, (b) the address of the leased property, and (c) the date of the extension deadline, which

shall be the earlier of (i) January 1, 2021, (ii) the date of expiration or termination of such leases pursuant to their own terms, and (iii) the date on which a plan of adjustment is confirmed for PBA, without prejudice to (x) PBA's right to seek further extensions as contemplated by Bankruptcy Code section 365(d)(4)(B)(ii) or (y) the right of any party in interest to object to such requested extensions.

### The Real Property Leases

12. Pursuant to Bankruptcy Code section 365(d)(4), made applicable to this case by PROMESA Section 301(a), the time within which PBA must assume or reject the Real Property Leases is currently set to expire on April 23, 2020.

13. To date, PBA has not yet had an opportunity to determine conclusively which Real Property Leases should be assumed or rejected as part of its overall restructuring objectives. Rather, PBA has been principally focused on transitioning into title III by, among other things, obtaining the entry of orders approving vital first- and second-day relief and liaising with key creditor groups in connection with the *Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 11946], filed on February 28, 2020. PBA's advisors have been reviewing the databases and records maintained by PBA to identify the Real Property Leases, lease counterparties, and contact information, which will ultimately assist PBA in making determinations on whether to assume or reject the Real Property Leases. PBA therefore requires additional time to complete its analysis of the Real Property Leases in light of its overarching statutory obligation to provide a method for PBA to achieve fiscal responsibility and access to the capital markets in this title III case. PROMESA § 101(a).

### Basis for Relief

14. Bankruptcy Code section 365(d)(4)(A) provides that an unexpired lease of nonresidential real property under which a debtor is the lessee will be considered rejected if the

5

debtor does not assume or reject the unexpired lease within 120 days after filing or before plan confirmation, whichever is earlier. A court may extend the period for 90 days on the motion of the debtor or lessor for cause—as this court effectively did in the PBA Joint Administration Order. PBA Joint Administration Order at 5 (extending the date by which PBA must assume or reject any Real Property Leases to April 23, 2020—a date which is 210 days after the Petition Date); 11 U.S.C. § 365(d)(4)(B)(i). A court may also grant a subsequent extension, but only upon written consent of the lessor in each instance. *Id*. § 365(d)(4)(B)(ii).

15. As of the date of this Motion, PBA and its advisors have been unable to obtain the written consent of their landlords, if any, to grant the requested extension of time for PBA to assume or reject Real Property Leases. PBA and its advisors are continuing to obtain information regarding PBA's landlords to discuss extensions of the 365(d)(4) deadlines.

16. Motions to extend the time to assume or reject real property leases have frequently been granted by this Court, as well as bankruptcy courts in multiple circuits. *See, e.g.*, *In re The Financial Oversight and Management Board for Puerto Rico*, Case No. 17-03283 (LTS) (D.P.R. filed Dec. 30, 2019) [ECF No. 9670] (order granting extension of time to assume or reject leases); *In re Mesa Air Group, Inc., et al.*, Case No. 10-10018 (MG) (Bankr. S.D.N.Y. filed Aug. 3, 2010) [ECF No. 956] (order granting extension to assume or reject leases through effective date of Debtors' plan of reorganization); *In re Bulk Petroleum Corp.*, Case No. 09-21782, 2011 WL 6779467 (Bankr. E.D. Wis. filed Dec. 16, 2011) (same); *In re Walker Land & Cattle*, *LLC*, Case No. 13-41437, 2014 WL 2443943 (Bankr. D. Idaho filed Apr. 29, 2014) (extending deadline to assume or reject lease to date of confirmation of chapter 11 plan); *In re Buckingham Oil Interests, Inc.*, Case No. 15-13441 (JNF) (Bankr. D. Mass. filed Nov. 30, 2015) [ECF No. 402] (extending

deadline to date past the effective date of debtor's plan of reorganization to assume or reject leases).

17. PBA's restructuring efforts would be jeopardized without the relief requested in this Motion. If PBA were required to decide prematurely whether to assume the Real Property Leases, only to find out that such leases are not necessary for its reorganization, PBA would be saddled with an administrative expense claim for all amounts due under the leases, including the cure amounts that are prepetition amounts that would otherwise be prepetition unsecured rejection damage claims. *See Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.)*, 78 F.3d 18 (2d Cir. 1996). However, if PBA were required to evacuate buildings and offices in order to avoid the vast expenses of assuming burdensome leases, only to find that such space is necessary for PBA's operations, vital services that PBA provides the 3.5 million residents of Puerto Rico would be further eroded. *See* PROMESA § 405(m) (Congress's findings regarding the conditions in Puerto Rico).

18. The PBA Title III case is of an enormous size and scope, with PBA owing approximately $4 billion in the aggregate. PBA and its advisors have continued to work diligently and expeditiously to review the Real Property Leases, however, because of the size and scope of the title III cases, have not had sufficient time to perform the necessary economic analysis of such Real Property Leases to determine which should be assumed or rejected. Furthermore, the consenting parties would be disadvantaged if PBA were forced to decide prematurely to reject leases that would otherwise be assumed to the consenting parties' benefit. Thus, the Court should

7

grant the relief requested herein, so that PBA can best satisfy its statutory mandate to achieve fiscal responsibility and access to capital markets.

## Notice

19. PBA has provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the Fiscal Agent for the Debtor's bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against PBA; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (f) the Puerto Rico Department of Justice; and (g) all parties filing a notice of appearance in this Title III Case. PBA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

20. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE** PBA respectfully requests the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) granting this Motion, (b) extending the time in which PBA has to assume or reject Real Property Leases to the earlier of (i) January 1, 2021, (ii) the date of expiration or termination of such leases pursuant to their own terms, and (iii) the date on which a plan of adjustment is confirmed for PBA, without prejudice to (x) PBA's right to seek further extensions as contemplated by Bankruptcy Code section 365(d)(4)(B)(ii) or (y) the right of any party in interest to object to such requested extensions, and (c) granting PBA such other relief as is just and proper.

| | |
|---|---|
| Dated: April 17, 2020<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Brian S. Rosen*<br><br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>　　　　brosen@proskauer.com<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative for the Puerto Rico Public Buildings Authority* |

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205

/s/ *Gabriel A. Miranda-Rivera*
Gabriel A. Miranda-Rivera
USDC No. 306704

/s/ *Daniel J. Perez Refojos*
Daniel J. Perez-Refojos
USDC No. 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative for the Puerto Rico Public Buildings Authority*

**Exhibit A**

**Proposed Order**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.₁ | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 19-BK-5523-LTS<br><br>(Jointly Administered) |

**ORDER GRANTING MOTION OF THE PUERTO RICO PUBLIC BUILDINGS
AUTHORITY FOR ENTRY OF ORDER EXTENDING TIME TO
ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL
PROPERTY PURSUANT TO BANKRUPTCY CODE SECTION 365(d)(4)**

Upon the *Motion of Puerto Rico Public Buildings Authority for Entry of Order Extending*

*Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to*

---

₁ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801. (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.).

*Bankruptcy Code Section 365(d)(4)* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of PBA, its creditors, and other parties in interest, it is **HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The deadline of the time for PBA to assume or reject any of the Real Property Leases is extended to the earlier of (i) January 1, 2021, (ii) the date of expiration or termination of such leases pursuant to their own terms, and (iii) the date on which a plan of adjustment is confirmed for PBA, without prejudice to (x) PBA's right to seek further extensions as contemplated by Bankruptcy Code section 365(d)(4)(B)(ii) or (y) the right of any party in interest to object to such requested extensions.

3. PBA may file a list of such Real Property Leases in accordance with the presentment procedures set forth in the *Eleventh Amended Notice, Case Management and Administrative Procedures* [Case No. 17-3283, ECF No. 11885-1] listing landlords who have consented to an extension of PBA's deadline to assume or reject Real Property Leases under Bankruptcy Code section 365(d)(4).

4. Nothing in the Motion or this Order shall be deemed or construed as (a) an assumption or rejection of any agreement, contract, or lease pursuant to Bankruptcy Code section 365, or (b) an admission with respect to whether any of PBA's contracts or leases is an unexpired lease of nonresidential real property within the meaning of Bankruptcy Code section 365(d). The

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

relief granted by this Order shall not affect PBA's rights to assume or reject any Real Property Leases.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

Dated:_____

_____
Honorable Laura Taylor Swain
United States District Judge