**Hearing Date:** June 3, 2020 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline:** May 19, 2020 at 4:00 p.m. (Atlantic Standard Time)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.1 | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 19 BK 5523-LTS<br><br>(Jointly Administered) |

**NOTICE OF MOTION FOR ORDER ENLARGING TIME TO FILE NOTICE OF REMOVAL PURSUANT TO BANKRUPTCY RULE 9027**

**PLEASE TAKE NOTICE** that the Puerto Rico Public Buildings Authority ("PBA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), is filing the *Motion of the Puerto Rico Public Buildings Authority for Entry of Order to*

---

1 The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Rule 9006(b) of the Federal Rules of Bankruptcy Procedure Further Enlarging the Time Within Which to File Notices of Removal Pursuant to Bankruptcy Rule 9027* (the "Motion").

**PLEASE TAKE NOTICE** that responses or objections to the Motion, if any, must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the *Eleventh Amended Notice, Case Management and Administrative Procedures* [Case No. 17-03283-LTS, ECF No. 11885-1] (the "Case Management Procedures"), and must be filed with the Court (a) by registered users of the Court's case filing system, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CDROM, in text-searchable portable document format (PDF), and served on (i) counsel for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036-8299 (Attn: Martin J. Bienenstock, Esq., Brian S. Rosen, Esq.), and O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813 (Attn: Hermann D. Bauer, Esq.); (ii) counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, New York 10036 (Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., Nancy Mitchell, and Peter Friefman, Esq.) and Marini Pietrantoni Muñiz LLC, 250 Ponce de León Ave., Suite 900, San Juan, Puerto Rico 00918 (Attn: Luis C. Marini-Biaggi, Esq.); and (iii) the Office of the United States Trustee for Region 21, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, Puerto Rico 00901-1922, so as to be received no later than **May 19, at 4:00 p.m. (AST)**.

**PLEASE TAKE FURTHER NOTICE** that, if necessary, a hearing will be held before the Honorable Laura Taylor Swain, United States District Court Judge, in Room 3 of the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 (the "Court"), **June 3 at 9:30 a.m. (AST)**.

**PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion may be granted without a hearing if no objection is timely filed, served, and received in accordance with the Case Management Procedures.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and all documents filed in this Title III case are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtor respectfully requests the Court take notice of the above.

| | |
|---|---|
| Dated: April 17, 2020<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ *Brian S. Rosen*<br><br>Martin J. Bienenstock (admitted *pro hac vice*)<br>Brian S. Rosen (admitted *pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036 Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*<br><br>/s/ *Hermann D. Bauer*<br><br>Hermann D. Bauer<br>USDC No. 215205<br>O'NEILL & BORGES LLC<br>205 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-1813<br>Fax: (787) 753-8944<br><br>*Co-Attorney for the Financial Oversight and Management Board as representative for the Debtors* |

**Hearing Date:** June 3, 2020 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline:** May 19, 2020 at 4:00 p.m. (Atlantic Standard Time)

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>            Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF Nos. 9641 & 10288.** |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>            Debtor. | PROMESA<br>Title III<br><br>Case No. 19-BK-5523-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF Nos. 24 & 31.**<br><br>**This Motion relates only to PBA, and shall be filed in Case No. 17-BK-3283-LTS and Case No. 19-BK-5523-LTS** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801. (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.).

**MOTION OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY FOR ENTRY OF ORDER PURSUANT TO RULE 9006(B) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FURTHER ENLARGING THE TIME WITHIN WHICH TO FILE NOTICES OF REMOVAL PURSUANT TO BANKRUPTCY RULE 9027**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Public Buildings Authority ("PBA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PBA's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this motion (the "Motion"), pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Practice and Procedure (the "Bankruptcy Rules"), made applicable to this case pursuant to PROMESA Section 310, for entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), further enlarging the time within which PBA is required to file notices of removal of proceedings pursuant to Bankruptcy Rule 9027(a). In support of this Motion, PBA respectfully states as follows:

**Jurisdiction and Venue**

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

3. The statutory predicate for the relief sought herein is Bankruptcy Rule 9006(b), made applicable to this cases by PROMESA section 310.

**Background**

4. By letter, dated September 25, 2019, and in light of the ongoing efforts in connection with the Joint Plan, as defined below, the Governor of Puerto Rico (the "Governor")

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

requested the Oversight Board file a petition for PBA under Title III of PROMESA.

5. On September 27, 2019 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PBA pursuant to PROMESA section 304(a), commencing PBA's Title III Case. Concurrently, the Oversight Board filed a proposed joint plan of adjustment (the "Plan") and disclosure statement (the "Disclosure Statement") for PBA, the Commonwealth of Puerto Rico (the "Commonwealth"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") [Case No. 17-3283, ECF Nos. 8765, 8766].

6. On December 23, 2019, PBA filed *PBA's Motion for Entry of Order Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure Enlarging the Time Within Which to File Notice of Removal Pursuant to Bankruptcy Rule 9027* [Case No. 17-03283-LTS, ECF No. 9641; Case No. 19-05523-LTS, ECF No. 24].

7. On January 22, 2020, the Court entered an order enlarging the time within which PBA may file notices of removal under Bankruptcy Rule 9027(a) through the later of (i) April 24, 2020; or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3) [Case No. 17-03283-LTS, ECF No. 10288; Case No. 19-05523-LTS, ECF No. 31].

8. On February 28, 2020, the Commonwealth, PBA, and ERS filed that certain *Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico*, et al. (the "Amended Plan") [ECF No. 11946] and a related disclosure statement (the "Amended Disclosure Statement") [ECF No. 19947].

**Relief Requested**

9. By this Motion, PBA seeks entry of an order, substantially in the form of the Proposed Order, further enlarging the time within which PBA is required to file notices of removal

3

under Bankruptcy Rule 9027(a) through the later of: (i) August 22, 2020 which is 120 days after the current deadline (April 24, 2020); and (ii) such later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3).

10. As of the Petition Date, PBA is a party to over sixty (60) civil proceedings, actions in which parties assert claims in excess of $96 million. PBA's analysis of these civil actions continues on a case-by-case basis in order for PBA to determine which actions, if any, should be removed. It is premature at this juncture for PBA to determine which or how many actions should be removed.

11. The circumstances surrounding the current COVID-19 pandemic and the government lockdown have delayed PBA's ability to provide, and the Oversight Board's ability to obtain, information necessary for its analysis of the civil actions, some of which is located in physical files at PBA's offices. In compliance with the Governor's executive order No. 2020-033, PBA employees are working remotely through at least May 3, 2020. Such remote work has made it more difficult for PBA to provide the Oversight Board information necessary to determine which, if any, civil proceedings should be removed to the Title III Court. PBA and the Oversight Board are working diligently on obtaining sufficient information to make such determinations. However, as of the date of this filing, the Oversight Board is unable to determine which proceedings should be removed. Accordingly, and given the number of proceedings, the Oversight Board requires additional time to determine whether PBA should move any such actions to this Court.

### Basis for Relief Requested

12. PROMESA Section 306(d) provides for the removal of actions to this Court:

> A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil

4

> action by a governmental unit to enforce the police or regulatory power of the governmental unit, to the district court for the district in which the civil action is pending, if the district court has jurisdiction of the claim or cause of action under this section.

48 U.S.C. § 2166(d)(1).

13. Bankruptcy Rule 9027, which is made applicable to this Title III Case pursuant to PROMESA Section 310, sets forth the time period for the filing of notices to remove claims or causes of action. Bankruptcy Rule 9027 provides in pertinent part:

> (a)(2) If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.
>
> (a)(3) If a claim or cause of action is asserted in another court after commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, or a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027.

14. Bankruptcy Rule 9006 permits the Court to enlarge the period to remove actions provided for by Bankruptcy Rule 9027. Bankruptcy Rule 9006(b) provides in pertinent part:

> (1) Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specific period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specific period permit the act to be done where the failure to act was the result of excusable neglect.

5

*Id.* 9006(b).

15. Courts routinely extend the removal period pursuant to Bankruptcy Rule 9006. *See Pacor, Inc. v. Higgins,* 743 F.2d 984, 996 n.17 (3d Cir. 1984) (stating the court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"), *overruled on other grounds by Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 134-35 (1995); *see also Caperton v. A.T. Massey Coal Co., Inc.,* 251 B.R. 322, 325 (S.D. W.Va. 2000) (noting Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.),* 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (finding the period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.,* 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (noting United States Supreme Court intended to give judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).[3]

16. As mentioned above, this Court previously granted PBA's motion to enlarge the time within which to file notices of removal to the Title III Court. [Case No. 17-03283-LTS, ECF No. 10288; Case No. 19-05523-LTS, ECF No. 31]. Cause exists for the Court to further enlarge the time within which PBA may file notices of removal under Bankruptcy Rule 9027(a). As noted above, PBA is a party to over sixty (60) civil proceedings requiring a case-by-case analysis to determine the merits of seeking removal as to each case requires additional time to determine which cases it should seek to remove pursuant to Bankruptcy Rule 9027(a).

17. Accordingly, PBA believes the most prudent and efficient course of action is to

---

[3] In cases under title 11 of the United States Code, 28 U.S.C. § 1452 provides the authority for the removal of civil claims and actions. PROMESA section 306(d)(1) tracks the language of 28 U.S.C. § 1452(a).

6

extend the removal period by an additional 120 days through and including August 22, 2020.

### Notice

18. PBA has provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for PBA's bonds; (c) any statutory committee (if any) appointed in this Title III Case; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (f) the Puerto Rico Department of Justice; and (g) all parties filing a notice of appearance in these Title III Cases. PBA submits that, in light of the nature of the relief requested, no other or further notice need be given.

### Reservation of Rights

19. PBA files this Motion without prejudice to or waiver of their rights pursuant to PROMESA Section 305,[4] and do not by this Motion provide any consent (of PBA or the Oversight Board) otherwise required by section 305.

*[Remainder of Page Intentionally Left Blank]*

---

[4] PROMESA section 305 provides:

LIMITATIONS ON JURISDICTION AND POWER OF COURT.

Subject to the limitations set forth in titles I and II of this Act, notwithstanding any provision in this title to the contrary, unless the Oversight Board consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with—

(1) any of the political or governmental powers of the debtor;

(2) any of the property or revenues of the debtor; or

(3) the use or enjoyment by the debtor of any income-producing property.

WHEREFORE the Debtor respectfully requests the Court take notice of the above.

Dated: April 17, 2020  
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Brian S. Rosen*

Martin J. Bienenstock (admitted *pro hac vice*)  
Brian S. Rosen (admitted *pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036 Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

/s/ *Hermann D. Bauer*

Hermann D. Bauer  
USDC No. 215205  
O'NEILL & BORGES LLC  
205 Muñoz Rivera Ave., Suite 800  
San Juan, PR 00918-1813  
Tel: (787) 764-1813  
Fax: (787) 753-8944

*Co-Attorney for the Financial Oversight and Management Board as representative for the Debtors*

**EXHIBIT A**

**PROPOSED ORDER**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.1 | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered)<br>**Re:** __ |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 19-BK-5523-LTS<br><br>(Jointly Administered)<br>**Re:** __ |

**ORDER GRANTING MOTION OF THE
PUERTO RICO PUBLIC BUILDINGS AUTHORITY FOR ENTRY
OF ORDER PURSUANT TO RULE 9006(B) OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE FURTHER ENLARGING THE TIME WITHIN WHICH
TO FILE NOTICES OF REMOVAL PURSUANT TO BANKRUPTCY RULE 9027**

---

1      The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801. (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.).

Upon *Motion of the Puerto Rico Public Buildings Authority for Entry of Order Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedures Further Enlarging the Time within which to File Notices of Removal Pursuant to Bankruptcy Rule 9027* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to Section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to Section 307(a) of PROMESA; and the Court having found that the relief requested in the Motion is in the best interests of PBA, its creditors, and other parties in interest; and the Court having found that PBA provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The deadline for PBA to file notices of removal under Bankruptcy Rule 9027(a) is further extended through and including through the later of: (i) August 22, 2020; (ii) such later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3).

3. The foregoing is without prejudice to PBA's right to seek further extensions of the time within which to remove related proceedings

4. Nothing herein is intended to, shall constitute, or shall be deemed to constitute PBA's or the Oversight Board's consent, pursuant to PROMESA Section 305, to this Court's interference with (a) any of the political or governmental powers of PBA, (b) any of the property or revenues of PBA, or (c) the use or enjoyment of PBA of any income-producing property.

5. Notwithstanding any applicability of any Bankruptcy Rule, the terms and

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2

conditions of this Order shall be immediately effective and enforceable upon its entry.

      6.      PBA and the Oversight Board, as PBA's representative, have consented to the relief in this Order, and are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

      7.      The Court retains exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

Dated:_____

                                                Honorable Laura Taylor Swain
                                                United States District Judge