Hearing Date: June 3, 2020, at 9:30AM (Atlantic Standard Time)
Response Deadline: May 19, 2020 at 4:00PM (Atlantic Standard Time)

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA and ERS.** |

**ONE HUNDRED NINETY-FOURTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO SATISFIED CLAIMS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole representative of the Commonwealth, HTA and ERS pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this one hundred ninety-fourth omnibus objection (the "One Hundred Ninety-Fourth Omnibus Objection") to the fully satisfied claims listed on **Exhibit A** hereto, and in support of the One Hundred Ninety-Fourth Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The Bar Date Orders in the Commonwealth Title III Case**

3. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On May 21, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for HTA and ERS, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (respectively the "HTA Title III Case" and the "ERS

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only. ECF No. 537.[3]

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

**B.  Proofs of Claims Filed, Omnibus Objection Procedures, and Claim Objections**

5. To date, approximately 177,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

6. Of the proofs of claim filed, approximately 110,600 have been filed in relation to, or reclassified to be asserted against, the Commonwealth. Over 52,600 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS. Approximately 2,240 proofs of

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

3

claim have been filed in relation to, or reclassified to be asserted against, HTA. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

7. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

8. In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving*

4

*Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

9. Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held hearings related to one hundred fifty-seven omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), HTA, and ERS, as well as thirty-three individual objections. After hearings held on January 30, 2019, March 13, 2019, April 24, 2019, June 12, 2019, July 24, 2019, September 11, 2019, and October 30, 2019, the Court sustained seventy-four omnibus objections and thirty-two individual objections, resulting in thousands of proofs of claim filed against the Commonwealth, HTA, ERS, and/or COFINA being disallowed and expunged, and hundreds of other claims being reclassified to be asserted against another of the Debtors. Twenty-two omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on December 11, 2019. Furthermore, twenty-seven omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on January 29, 2020, and thirty omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and granted on March 4 and March 5, 2020. Based upon rulings and orders of the Court to date, approximately 56,000 claims asserting $43 trillion in liability against the Commonwealth, HTA, COFINA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

10. This One Hundred Ninety-Fourth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

### OBJECTIONS TO PROOFS OF CLAIM

11. The Amended Omnibus Objection Procedures allow the Commonwealth, HTA and ERS to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

12. The One Hundred Ninety-Fourth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(5) and the Amended Omnibus Objection Procedures, claims that have been satisfied.

13. Each claim identified in **Exhibit A** hereto (collectively, the "Satisfied Claims") purports to assert liability based on tax refunds allegedly owed to the claimant. The records of the Commonwealth and the Department of the Treasury, however, show that the tax refunds associated with the Satisfied Claims have been fully paid by check, deposit, or other method, as detailed in **Exhibit A** hereto. As a result, any failure to disallow the Satisfied Claims will result in the applicable claimants potentially receiving an unwarranted double recovery against the Commonwealth, HTA, or ERS, to the detriment of other stakeholders in the Title III Cases. The holders of the Satisfied Claims will not be prejudiced by the disallowance of their claims because the liabilities associated with their claims have been satisfied. The Satisfied Claims, therefore, should be disallowed in their entirety.

14. In support of the foregoing, the Commonwealth, HTA and ERS rely on the *Declaration of Jay Herriman in Support of the One Hundred Ninety-Fourth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the*

*Commonwealth of Puerto Rico to Satisfied Claims*, dated April 17, 2020, attached hereto as **Exhibit B**.

## NOTICE

15. In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Commonwealth, HTA and ERS are providing notice of this One Hundred Ninety-Fourth Omnibus Objection to (a) the individual creditors subject to this One Hundred Ninety-Fourth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Eleventh Amended Case Management Procedures* [ECF No. 11885-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. The notice for this One Hundred Ninety-Fourth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the One Hundred Ninety-Fourth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Commonwealth, HTA and ERS submit that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

16. This One Hundred Ninety-Fourth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors or the rights of any other party in interest in the Title III Cases to object to the Satisfied Claims or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of

the Bankruptcy Code; or (e) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

17. No prior request for the relief sought in this One Hundred Ninety-Fourth Omnibus Objection has been made to this or any other court.

WHEREFORE the Commonwealth, HTA and ERS respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth, HTA and ERS such other and further relief as is just.

| | |
|---|---|
| Dated: April 17, 2020<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ Hermann D. Bauer<br>Hermann D. Bauer<br>USDC No. 215205<br>Daniel J. Perez-Refojos<br>USDC No. 303909<br>Gabriel A. Miranda<br>USDC No. 306704<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>/s/ Martin J. Bienenstock<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico* |

**Fecha de la vista: 3 de junio de 2020, a las 09:30 a.m. (AST)**
**Fecha límite para responder: 19 de mayo de 2020, a las 04:00 p.m. (AST)**

> **REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br>    como representante <br><br> DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*, <br><br>                                Deudores.[1] | PROMESA <br> Título III <br><br> Núm. 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA, la ACT y el SRE.** |

**CENTÉSIMA NONAGÉSIMA CUARTA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES SATISFECHAS**

A la Honorable Juez del Tribunal de Distrito de Estados Unidos Laura Taylor Swain:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

El Estado Libre Asociado de Puerto Rico (el "ELA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con el ELA y la ACT, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante del ELA, la ACT y el SRE, conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican la presente centésima nonagésima cuarta objeción global (la "Centésima nonagésima cuarta objeción global") a las reclamaciones plenamente satisfechas que figuran en el **Anexo A** del presente documento, y en apoyo de la Centésima nonagésima cuarta objeción global respetuosamente manifiestan lo siguiente:

## JURISDICCIÓN

1. El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2. La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.    Órdenes de Fecha Límite en el Caso de Título III del ELA**

3. El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso de Título III en virtud de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

2

2017 (la "Fecha de Petición"), la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la ACT y el SRE conforme a la sección 304(a) de PROMESA, iniciando un caso al amparo del Título III del referido cuerpo legal (respectivamente, el "Caso de Título III de la ACT" y el "Caso de Título III del SRE", denominados conjuntamente con el Caso de Título III del ELA, los "Casos de Título III"). El 29 de junio de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF núm. 537.[3]

4. El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [núm. ECF. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

3

**B.** **Evidencias de reclamaciones radicadas, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

5. Hasta la fecha, se han radicado aproximadamente 177,000 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

6. De las evidencias de reclamaciones radicadas, aproximadamente 110,600 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Más de 52,600 evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. Aproximadamente 2,240 evidencias de reclamaciones han sido radicadas en relación con la ACT, o reclasificadas como radicadas contra la ACT. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

7. Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden A) que aprueba*

4

*procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

8. En aras del interés constante de resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden A) que apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden A) que aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

5

9. Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal celebró vistas vinculadas con 157 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la ACT y el SRE, así como con 33 objeciones individuales. Tras las vistas celebradas el 30 de enero de 2019, el 13 de marzo de 2019, el 24 de abril de 2019, el 12 de junio de 2019, el 24 de julio de 2019, el 11 de septiembre de 2019 y el 30 de octubre de 2019, el Tribunal concedió 74 objeciones globales y 32 objeciones individuales, lo cual resultó en que miles de las evidencias de reclamaciones radicadas contra el ELA, la ACT, el SRE y/o COFINA fueron rechazadas y suprimidas, y cientos de otras reclamaciones fueron reclasificados como radicadas contra otros Deudores. Veintidós objeciones globales a reclamaciones radicadas contra el ELA, la ACT y el SRE fueron atendidas y concedidas oralmente el 11 de diciembre de 2019. Además, 27 objeciones globales a reclamaciones radicadas contra el ELA, la ACT y el SRE fueron atendidas y concedidas oralmente el 29 de enero de 2020, y treinta objeciones globales a reclamaciones radicadas contra el ELA, la ACT y el SER fueron atendidas y concedidas los días 4 y 5 de marzo de 2020. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 56,000 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, la ACT, COFINA y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos de Título III una vez dictadas las órdenes finales.

10. Esta Centésima nonagésima cuarta objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

**OBJECIONES A EVIDENCIAS DE RECLAMACIONES**

11. Los Procedimientos Enmendados relativos a Objeciones Globales permiten al ELA, a la ACT y al SRE radicar una objeción global a varias evidencias de reclamaciones sobre

6

cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

12. La Centésima nonagésima cuarta objeción global pretende que se rechacen reclamaciones que han sido satisfechas, de conformidad con la regla 3007(d)(5) de las Reglas Federales del Procedimiento de Quiebra o los Procedimientos Enmendados relativos a Objeciones Globales.

13. Cada reclamación identificada en el **Anexo A** del presente (conjuntamente, las "Reclamaciones Satisfechas") pretende alegar responsabilidad sobre la base de devoluciones tributarias presuntamente adeudadas a la demandante. No obstante, los datos que obran en poder del ELA y del Departamento de Hacienda muestran que las devoluciones tributarias vinculadas con las Reclamaciones Satisfechas han sido pagadas en su totalidad mediante cheque, depósito u otro método, conforme a lo detallado en el **Anexo A** del presente documento. En consecuencia, si las Reclamaciones Satisfechas no son rechazadas, ello resultaría en que las correspondientes demandantes obtuvieran potencialmente una recuperación duplicada no justificada contra el ELA, la ACT o el SRE en detrimento de otras partes interesadas de los Casos de Título III. Los tenedores de las Reclamaciones Satisfechas no se verán perjudicados por el hecho de que se rechacen tales reclamaciones, puesto que las responsabilidades vinculadas con sus reclamaciones han sido satisfechas. Por lo tanto, las Reclamaciones Satisfechas deben ser rechazadas en su totalidad.

14. En apoyo de lo anterior, el ELA, la ACT y el SRE invocan la *Declaración de Jay Herriman en apoyo de la Centésima nonagésima cuarta objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y*

7

*del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones Satisfechas*, de fecha 17 de abril de 2020, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

15. De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, el ELA, la ACT y el SRE notifican la presente Centésima nonagésima cuarta objeción global a) a los acreedores individuales objeto de esta Centésima nonagésima cuarta objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de Administración de Casos Enmendados núm. 11* [ECF núm. 11885-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación relativa a la presente Centésima nonagésima cuarta objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Centésima nonagésima cuarta objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. El ELA, la ACT y el SRE sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

16. La presente Centésima nonagésima cuarta objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas de los Casos de Título III, a objetar a las Reclamaciones Satisfechas o a cualesquiera otras reclamaciones que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan

8

una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas de los Casos de Título III, a impugnar cualquier reclamación sobre la base de los motivos que fuere; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores, o a cualesquiera otras partes interesadas de los Casos de Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## **AUSENCIA DE SOLICITUDES PREVIAS**

17. No se ha radicado ninguna solicitud de remedio previa a la presente Centésima nonagésima cuarta objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE el ELA, la ACT y el SRE solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda al ELA, a la ACT y al SRE cualesquiera otros remedios que se consideren justos.

Fecha: 17 de abril de 2020
      San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en ingles]*
Hermann D. Bauer
USDC núm. 215205
Daniel J. Pérez-Refojos
USDC núm. 303909
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en ingles]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la*
*Junta de Supervisión y Administración*
*Financiera para Puerto Rico, como*
*representante del*
*Estado Libre Asociado de Puerto Rico,*
*la Autoridad de Carreteras y*
*Transportación de Puerto Rico y el*
*Sistema de Retiro de los Empleados del*
*Gobierno del Estado Libre Asociado de*
*Puerto Rico*

10