**Hearing Date: June 3, 2020 at 9:30AM (Atlantic Standard Time)**
**Response Deadline: May 19, 2020 at 4:00PM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

### ONE HUNDRED NINETY-SEVENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS ASSERTING DUPLICATE LIABILITIES

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board

for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to Section 315(b)

of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this

one hundred ninety-seventh omnibus objection (the "One Hundred Ninety-Seventh Omnibus

Objection") to the proofs of claim incorrectly asserted against the Commonwealth or ERS, either

in whole or in part, each as listed on **Exhibit A** hereto, and in support of the One Hundred Ninety-

Seventh Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section

306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

A.      **The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a),

commencing a case under Title III thereof (the "Commonwealth Title III Case"). On May 21,

2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections

104(j) and 206 and filed a voluntary petition for relief for ERS pursuant to PROMESA section

304(a), commencing a case under Title III thereof (the "ERS Title III Case," and together with the

Commonwealth Title III Case, the "Title III Cases"). On June 29, 2017, the Court entered an order

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

granting the joint administration of the Title III Cases for procedural purposes only.  ECF No. 537.[3]

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][4] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

5.      To date, approximately 177,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

6.      Of the proofs of claim filed, approximately 110,600 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Over 52,600 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

[4]  All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

7.      In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

8.      In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection*

*Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "<u>Amended Omnibus Objection Procedures</u>").

9.      Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held hearings related to one hundred fifty-seven omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA</u>"), and/or ERS, as well as thirty-three individual objections.  After hearings held on January 30, 2019, March 13, 2019, April 24, 2019, June 12, 2019, July 24, 2019, September 11, 2019, and October 30, 2019, the Court sustained seventy-four omnibus objections and thirty-two individual objections, resulting in thousands of proofs of claim filed against the Commonwealth, HTA, ERS, and/or COFINA being disallowed and expunged, and hundreds of other claims being reclassified to be asserted against another of the Debtors.  Twenty-two omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on December 11, 2019.  Furthermore, twenty-seven omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on January 29, 2020, and thirty omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and granted on March 4 and March 5, 2020.  Based upon rulings and orders of the Court to date, approximately 56,000 claims, asserting $43 trillion in liability against the Commonwealth, HTA, COFINA, and ERS, have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

10.      This One Hundred Ninety-Seventh Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

11.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

12.     The One Hundred Ninety-Seventh Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Amended Omnibus Objection Procedures, claims that are substantively duplicative of other proofs of claim filed in the PREPA Title III Case.

13.     As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims to be Disallowed" (collectively, the "Claims to Be Disallowed") assert the same liabilities against the Commonwealth and/or ERS as the claims identified in the column titled "Remaining Claims" (each a "Remaining Claim" and collectively, the "Remaining Claims").  In some instances, the Claims to Be Disallowed were filed on behalf of the same claimant as the Remaining Claims, set forth the same basis for the claim (*e.g.*, allegedly unpaid invoices), attach the same documentation, and/or assert an equal or lesser amount than the Remaining Claims.  In other instances, the Claims to Be Disallowed were filed on behalf of the same claimant as the Remaining Claims and set forth the same basis for the claim (*e.g.*, allegedly unpaid invoices), but the Remaining Claim provides additional supporting documentation or additional description regarding the basis for the claim that was not provided with the Claim to Be Disallowed.  Accordingly, the Claims to Be Disallowed have been superseded by a subsequently filed Remaining Claim and/or are duplicative of one or more Remaining Claims, and thus no longer represent valid claims against the Commonwealth and/or ERS.  Any failure to disallow the Claims to Be Disallowed will result in the applicable claimants potentially receiving an unwarranted double recovery against the Commonwealth and/or

6

ERS to the detriment of other stakeholders in the Title III Cases. The holders of the Claims to Be Disallowed will not be prejudiced by the disallowance of their claims because they will each retain a Remaining Claim against the Commonwealth and/or ERS, as set forth in **Exhibit A** hereto. Because this One Hundred Ninety-Seventh Omnibus Objection to the Claims to Be Disallowed does not constitute an objection to the Remaining Claims, the Debtors reserve their right to object to the Remaining Claims on any other grounds whatsoever.

14.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the One Hundred Ninety-Seventh Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Claims Asserting Duplicate Liabilities*, dated April 17, 2020, attached hereto as **Exhibit B**.

## NOTICE

15.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Debtors have provided notice of this One Hundred Ninety-Seventh Omnibus Objection to (a) the individual creditors subject to this One Hundred Ninety-Seventh Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Eleventh Amended Case Management Procedures* [ECF No. 11885-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this One Hundred Ninety-Seventh Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the One Hundred Ninety-Seventh Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

16.     No prior request for the relief sought in this One Hundred Ninety-Seventh Omnibus

Objection has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form
of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2)
granting the Debtors such other and further relief as is just.

Dated: April 17, 2020                                      Respectfully submitted,
      San Juan, Puerto Rico


                                      /s/ *Hermann D. Bauer*
                                      Hermann D. Bauer
                                      USDC No. 215205
                                      Daniel J. Perez-Refojos
                                      USDC No. 303909
                                      **O'NEILL & BORGES LLC**
                                      250 Muñoz Rivera Ave., Suite 800
                                      San Juan, PR 00918-1813
                                      Tel:  (787) 764-8181
                                      Fax:  (787) 753-8944


                                      /s/ *Martin J. Bienenstock*
                                      Martin J. Bienenstock (*pro hac vice*)
                                      Brian S. Rosen (*pro hac vice*)
                                      **PROSKAUER ROSE LLP**
                                      Eleven Times Square
                                      New York, NY 10036
                                      Tel:  (212) 969-3000
                                      Fax:  (212) 969-2900


                                      *Attorneys for the Financial Oversight and*
                                      *Management Board for Puerto Rico, as*
                                      *representative for the Commonwealth of*
                                      *Puerto Rico, and the Employees Retirement*
                                      *System for the Government of the*
                                      *Commonwealth of Puerto Rico*

**Fecha de la vista: 3 de junio de 2020, a las 09:30 a.m. (AST)**
**Fecha límite para responder: 19 de mayo de 2020, a las 04:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: | PROMESA |
| | Título III |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | |
| | Núm. 17 BK 3283-LTS |
| como representante | |
| | (Administrado Conjuntamente) |
| DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*, | |
| | **La presente radicación guarda relación con el ELA y el SRE.** |
| Deudores.[1] | |

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

**CENTÉSIMA NONAGÉSIMA SÉPTIMA OBJECIÓN GLOBAL (NO SUSTANTIVA)
DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y EL SISTEMA DE RETIRO
DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE
PUERTO RICO A RECLAMACIONES EN LAS QUE SE ALEGAN
RESPONSABILIDADES DUPLICADAS**

A la Honorable Juez del Tribunal de Distrito de Estados Unidos Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA") y el Sistema de Retiro de los
Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE" y junto con el ELA,
los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico
(la "Junta de Supervisión"), como representante de los Deudores conforme a la sección 315(b) de
la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico*
("PROMESA"),[2] radican esta centésima nonagésima séptima objeción global (la "Centésima
nonagésima séptima objeción global") a evidencias de reclamaciones incorrectamente alegadas
contra el ELA o el SRE, total o parcialmente, cada una de las cuales figura en el **Anexo A** del
presente documento, y en apoyo de la Centésima nonagésima séptima objeción global
respetuosamente manifiestan lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene
jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme
a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de
PROMESA.

## ANTECEDENTES

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

## A.    Órdenes de Fecha Límite

3.       El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso de Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el SRE conforme a la sección 304(a) de PROMESA, iniciando un caso de Título III de dicho cuerpo legal (el "Caso de Título III del SRE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 29 de junio de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF núm. 537.[3]

4.       El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255][4] (la "Moción de Fecha Límite"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

[4]  Todas las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

## B.   Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones

5.   Hasta la fecha, se han radicado aproximadamente 177,000 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

6.   De las evidencias de reclamaciones radicadas, aproximadamente 110,600 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Más de 52,600 evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

7.   Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de*

*Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos

Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales

mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden A) que aprueba*

*procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la*

*regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm.

4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los

"Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el

Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a

las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales

relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y*

*en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la

"Orden de Notificación").

        8.      En aras del interés constante de resolver eficazmente cualesquiera evidencias de

reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a

procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar

objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que

pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de*

*vista en relación con una Orden A) que apruebe Procedimientos Enmendados relativos a*

*Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de*

*Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado*

[ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio

de la *Orden A) que aprueba Procedimientos Enmendados relativos a Objeciones Globales, B)*

*exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas*

*de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los
"Procedimientos Enmendados relativos a Objeciones Globales").

9.      Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los
Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal celebró vistas
vinculadas con 157 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés
Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto
Rico (la "ACT") y/o el SRE, así como con 33 objeciones individuales. Tras las vistas celebradas
el 30 de enero de 2019, el 13 de marzo de 2019, el 24 de abril de 2019, el 12 de junio de 2019, el
24 de julio de 2019, el 11 de septiembre de 2019 y el 30 de octubre de 2019, el Tribunal concedió
74 objeciones globales y 32 objeciones individuales, lo cual resultó en que miles de las evidencias
de reclamaciones radicadas contra el ELA, la ACT, el SRE y/o COFINA fueron rechazadas y
suprimidas, y cientos de otras reclamaciones fueron reclasificados como radicadas contra otros
Deudores. Veintidós objeciones globales a reclamaciones radicadas contra el ELA, la ACT y el
SRE fueron atendidas y concedidas oralmente el 11 de diciembre de 2019. Además, 27 objeciones
globales a reclamaciones radicadas contra el ELA, la ACT y el SRE fueron atendidas y concedidas
oralmente el 29 de enero de 2020, y 30 objeciones globales a reclamaciones radicadas contra el
ELA, la ACT y el SRE fueron atendidas y concedidas los días 4 y 5 de marzo de 2020. Sobre la
base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 56,000
reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, la ACT, COFINA
y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los
procedimientos de Título III una vez dictadas las órdenes finales.

10.     Esta Centésima nonagésima séptima objeción global se radica de conformidad con
los Procedimientos relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

11.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

12.     La Centésima nonagésima séptima objeción global pretende que se rechacen, de conformidad con la regla 3007(d)(1) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones que estén sustancialmente duplicadas con respecto a otras evidencias de reclamaciones radicadas en el marco del Caso de Título III de la AEE.

13.     Como se establece en el **Anexo A** del presente documento, las reclamaciones identificadas en la columna titulada "Reclamaciones que han de ser rechazadas" (conjuntamente, "Reclamaciones que han de ser rechazadas") alegan las mismas responsabilidades contra el ELA y/o SRE que las reclamaciones identificadas en la columna titulada "Reclamaciones Restantes" (cada una denominada una "Reclamación Restante" y conjuntamente, las "Reclamaciones Restantes"). En ciertos casos, las Reclamaciones que han de ser rechazadas fueron radicadas en nombre de determinados demandantes como Reclamaciones Restantes, establecen los mismos fundamentos de las reclamaciones (por ejemplo, facturas presuntamente impagadas, etc.), adjuntan la misma documentación y/o reclaman un mismo o un menor monto que las Reclamaciones Restantes. En otros casos, las Reclamaciones que han de ser rechazadas fueron radicadas en nombre de las mismas demandantes como Reclamaciones Restantes y establecen los mismos fundamentos de las reclamaciones (por ejemplo, facturas presuntamente impagadas, etc.), pero la Reclamación Restante proporciona documentación justificativa adicional o descripción adicional

7

relativa al fundamento de la reclamación que no se había proporcionado con la Reclamación que ha de ser rechazada. En consecuencia, las Reclamaciones que han de ser rechazadas fueron sustituidas por una Reclamación Restante radicada posteriormente y/o constituyen duplicados de una o más Reclamaciones Restantes, por lo que ya no representan reclamaciones válidas contra el ELA y/o el SRE. Si las Reclamaciones que han de ser rechazadas no son rechazadas, ello resultaría en que las correspondientes demandantes obtuvieran potencialmente una recuperación duplicada no justificada contra el ELA y/o el SRE en detrimento de otras partes interesadas de los Casos de Título III. Los tenedores de las Reclamaciones que han de ser rechazadas no se verán perjudicados por el hecho de que se rechacen sus reclamaciones, puesto que cada uno de dichos tenedores mantendrá una Reclamación Restante contra el ELA y/o el SRE, según se establece en el **Anexo A** del presente documento. Puesto que esta Centésima nonagésima séptima objeción global a las Reclamaciones que han de ser rechazadas no constituye una objeción a las Reclamaciones Restantes, los Deudores se reservan el derecho a oponerse a las Reclamaciones Restantes sobre la base de cualesquiera otros motivos que fuere.

14.     En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Centésima nonagésima séptima objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones en las que se alegan responsabilidades duplicadas*, de fecha 17 de abril de 2020, adjunta al presente como **Anexo B**.

### NOTIFICACIÓN

15.     De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores han notificado la presente Centésima nonagésima séptima objeción global a) a los acreedores individuales objeto de esta Centésima nonagésima séptima objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se

define en los *Procedimientos de Administración de Casos Enmendados núm. 11* [ECF núm. 11885-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Una copia de la notificación relativa a esta Centésima nonagésima séptima objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Centésima nonagésima séptima objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## AUSENCIA DE SOLICITUDES PREVIAS

16.     No se ha radicado ninguna solicitud de remedio previa a la presente Centésima nonagésima séptima objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

*[El resto de la página se deja en blanco intencionadamente.]*

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha:  17 de abril de 2020
          San Juan (Puerto Rico)

Respetuosamente sometida,


*[Firma en la versión en ingles]*
Hermann D. Bauer
USDC núm. 215205
Daniel J. Pérez-Refojos
USDC núm. 303909
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944


*[Firma en la versión en ingles]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900


*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico*