**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |

**AMBAC ASSURANCE CORPORATION'S REPLY IN FURTHER SUPPORT OF PARTIAL JOINDER TO MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3013 FOR ENTRY OF AN ORDER RECLASSIFYING CLASS 39A AND CLASS 41 CLAIMS UNDER OVERSIGHT BOARD'S PLAN OF ADJUSTMENT DATED FEBRUARY 28, 2020**

Ambac Assurance Corporation ("Ambac"), by and through its undersigned attorneys, respectfully submits this reply in further support of the *Partial Joinder of Ambac Assurance Corporation to Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of an Order Reclassifying Class 39A and Class 41 Claims Under Oversight Board's Plan of Adjustment Dated February 28, 2020*, Dkt. No. 12691 (the "Ambac Joinder"), and in response to the *Opposition of Financial Oversight and Management*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Board to Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of Order Reclassifying Class 39A and Class 41 Claims Under Oversight Board Plan of Adjustment Dated February 28, 2020 and Joinders Thereto*, Dkt. No. 12726 (the "FOMB Opposition" or "FOMB Opp."), and other objections to the Ambac Joinder.[2] In further support of the Ambac Joinder, Ambac respectfully states as follows:

## PRELIMINARY STATEMENT

1. PROMESA requires any plan of adjustment proposed by the Oversight Board to comply with 11 U.S.C. § 1122.[3] In the First Circuit, under *Granada Wines*, to comply with Section 1122 a plan of adjustment ***must*** place substantially similar claims in the same class, and "[s]eparate classifications for unsecured creditors are only justified where the legal character of their claims is such as to accord them a status different from the other unsecured creditors . . . ." *Granada Wines, Inc. v. New England Teamsters & Trucking Indus. Pension Fund*, 748 F.2d 42, 46 (1st Cir. 1984) (internal citation omitted). As previously explained in the UCC's Motion, the Assured Joinder, and the Ambac Joinder, the Amended Plan fails to comply with this directive.

---

[2] In addition to addressing the FOMB Opposition, Ambac responds to the following: *Objection of the QTCB Noteholder Group to the Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of an Order Reclassifying Class 39A and Class 41 Claims Under Oversight Board's Plan of Adjustment Dated February 28, 2020*, Dkt. No. 12723 (the "QTCB Objection" or "QTCB Obj."); *Objection of the Lawful Constitutional Debt Coalition to the Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of an Order Reclassifying Class 39A and Class 41 Claims Under Oversight Board's Plan of Adjustment Dated February 28, 2020*, Dkt. No. 12724 (the "LCDC Objection" or "LCDC Obj."); and *The Official Committee of Retired Employees' Supplemental Objection to (A) the Partial Joinder of Ambac Assurance Corporation to Motion of Official Committee of Unsecured Creditors Under Federal Rule of Bankruptcy Procedure 3013 and (B) the Partial Joinder Statement in Support of Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Invesco Funds With Respect to Motion of Official Committee of Unsecured Creditors Under Federal Rule of Bankruptcy Procedure 3013*, Dkt. No. 12725 (the "Retiree Supplemental Objection" or "Retiree Suppl. Obj." and, with the FOMB Opposition, QTCB Objection, and LCDC Objection, collectively, the "Objections"). Capitalized terms used and not defined herein have the meanings ascribed to them in the Ambac Joinder.

[3] *See* 48 U.S.C. § 2161(a) (making 11 U.S.C. § 1122 applicable to Title III proceedings) and 48 U.S.C. § 2174(b) (requiring any plan of adjustment to comply with, *inter alia*, § 1122).

2. Rule 3013 of the Federal Rules of Bankruptcy Procedure—made applicable to these proceedings by Section 310 of PROMESA—empowers the Court to remedy the Oversight Board's improper classifications by "determin[ing] classes of creditors and equity security holders" for purposes of 11 U.S.C. § 1122.[4] But, in yet another example of the Oversight Board's increasingly expansive view of its powers, the Oversight Board wants to pretend that Rule 3013 does not exist—notwithstanding its incorporation into PROMESA.

3. Specifically, the Oversight Board asserts that Section 301(e) of PROMESA—which requires the Oversight Board to consider whether claims are secured or have priority in determining whether they are "substantially similar" for purposes of Section 1122—when read in conjunction with Sections 312 and 313 of PROMESA (which grant the Oversight Board sole authority to file and modify a plan of adjustment), means that a creditor may not even ***propose*** a classification change to the Court pursuant to Rule 3013. (*See* FOMB Opp. ¶ 26 (claiming that Movants have "attempt[ed] to violate PROMESA by improperly deploying Bankruptcy Rule 3013 to impose classifications on the Oversight Board").) Worse still, the Oversight Board goes so far as to say that even ***the Court*** cannot require the Oversight Board to change its proposed classifications before plan confirmation unless the Oversight Board ***requests*** such a ruling. (*See id.* ¶ 40 ("[N]either *Colliers* nor Rule 3013 can require the Court to overrule PROMESA sections 301(e), 312 and 313 and tell the Oversight Board what plan to propose if the Oversight Board does not request such a ruling."); *id.* ¶ 27 ("It follows that only the Oversight Board may invoke Bankruptcy Rule 3013 in Title III (or the debtor in chapter 9) to seek guidance as to the formulation of a plan of adjustment."); *id.* ¶ 3 ("[N]othing in the statute allows the Court to tell the Oversight Board what classification to propose, as all Movants are urging the Court to do."); *id.* ¶ 28 ("Even

---

[4] *See* 48 U.S.C. § 2170 ("The Federal Rules of Bankruptcy Procedure shall apply to a case under this title and to all civil proceedings arising in or related to cases under this title."); Fed. R. Bankr. P. 3013.

if the Court were to interpret Rule 3013 as permitting it to make classification determinations binding on the Oversight Board . . . .").)

4. To illustrate the absurdity of the Oversight Board's position, taken to its logical conclusion, its interpretation would deprive this Court of the right to review classification objections even at **plan confirmation**—because any such objection might lead the Court to "impose classifications" on the Oversight Board. (*Id.* ¶ 26.) This cannot be what was intended by Sections 301(e), 312, and 313 of PROMESA when Congress chose to incorporate 11 U.S.C. § 1122 and Rule 3013 into PROMESA.

5. The Oversight Board's twisted interpretation of Sections 301(e), 312, and 313 is consistent with the theme that it has sought to develop with increasing brazenness throughout these proceedings: The Oversight Board has absolute power to impose its will, and no one—not even the Court—has the right to question its judgment, even where it is contrary to the law and the facts.

6. Fortunately, for the reasons discussed in the UCC's Reply and Assured's Reply,[5] the Oversight Board's attempt to nullify application of Rule 3013 and *Granada Wines* is meritless. And for the reasons discussed herein, the Objections' specific challenges to the Ambac Joinder likewise fail.

7. After the Objections' baseless challenges are swept aside, it should be quite clear that the Court can—and should—act on the UCC's Motion now. Indeed, given that the Oversight Board has indicated a need to alter the current plan in light of the COVID-19 pandemic, now is an

---

[5] The "UCC's Reply" refers to the *Reply in Support of Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of an Order Reclassifying Class 39A and Class 41 Claims Under Oversight Board's Plan of Adjustment Dated February 28, 2020*, and "Assured's Reply" refers to the *Reply of Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Invesco Funds in Further Support of Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of an Order Reclassifying Class 39A and Class 41 Claims Under Oversight Board's Plan of Adjustment Dated February 28, 2020*, each filed by those parties contemporaneously herewith.

opportune moment for this Court to exercise its authority to manage the proceedings before it and direct the Oversight Board to prepare a plan that complies with *Granada Wines* rather than allow the preparation, solicitation, and litigation of a plan of adjustment which cannot be confirmed and which will needlessly result in a tremendous waste of resources by the parties and the Court.

## ARGUMENT

8. For the reasons set forth in the UCC's Motion, the Assured Joinder, and the Ambac Joinder, the Amended Plan fails to comply with *Granada Wines* and impermissibly gerrymanders the proposed classes, requiring this Court to direct the Oversight Board to reclassify Classes 39A and 41 in the Amended Plan or in any future plan of adjustment. As explained in the UCC's Reply and Assured's Reply, none of the Objections do anything to alter this conclusion. Moreover, for the reasons discussed below, the Objections' attacks on the Ambac Joinder are meritless.

9. *First*, the Oversight Board wrongly accuses Ambac of "expand[ing] the UCC's requested relief[,]" "requesting an impermissible advisory ruling[,]" and "trip[ing] over itself" in articulating its positions on classification in the Ambac Joinder. (FOMB Opp. ¶¶ 2, 28-29.) Contrary to the Oversight Board's assertion, the Ambac Joinder did not seek relief beyond that sought in the UCC's Motion. (*See* Ambac Joinder ¶ 4 (requesting that the Court grant the UCC's Motion).) Nor has Ambac sought an impermissible advisory ruling. Rather, in articulating its views and reserving its rights on classification issues, Ambac simply sought to make clear that, while it joins in the relief sought by the UCC, the principles requiring equal classification of Class 39A and Class 41 claims would apply equally in the event that there is a determination in the Revenue Bond adversary proceedings that holders of Revenue Bonds have unsecured claims. Were the Court to reach that conclusion, Ambac would raise at the appropriate time its objection to the classification of its claims separate from those of claims in Class 39A. The Oversight Board cannot have it both ways, on the one hand contesting Ambac's secured status while on the other

hand claiming that Ambac must sit idly by while the Court issues rulings on classification issues that may become forced upon Ambac at a later stage.

10. *Second*, several of the Objections take issue with Ambac's assertion that in these circumstances the Court "lacks discretion" to defer a ruling on the UCC's Motion. (*See* QTCB Obj. ¶ 6; LCDC Obj. ¶ 26; Retiree Suppl. Obj. ¶ 12.) Ambac's position, however, is well-founded. None of the Objections engage with the fact that *Granada Wines* **mandates** that, in the First Circuit, a plan **must** classify substantially similar claims in the same class. To be sure, Rule 3013 does provide that a court "*may* . . . determine classes of creditors." Fed. R. Bankr. P. 3013 (emphasis added). However, where, as here, a plan of adjustment plainly fails to classify substantially similar claims in the same class, Ambac respectfully submits that, in the First Circuit, the only provident exercise of discretion under Rule 3013 is to apply *Granada Wines* and ensure that a fatally infirm plan is not ushered to confirmation only to be struck down.[6]

11. For the reasons stated herein, and in the UCC's Motion, the Assured Joinder, the Ambac Joinder, the UCC's Reply, and Assured's Reply, the Court should grant the UCC's Motion.[7]

---

[6] While Ambac is aware of no authority addressing this precise issue, Ambac submits that *Granada Wines* compels this conclusion.

[7] Ambac does not join in the assertion in paragraph 24 of Assured's Reply that GO Bonds have a first-priority status, or the assertion in footnote 15 of Assured's Reply that the GO Bonds are secured by a statutory lien.

Dated: April 17, 2020
San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
　　Roberto Cámara-Fuertes (USDC-PR No. 219002)
　　Sonia Colón (USDC-PR No. 213809)
　　221 Ponce de León Avenue, 5th Floor
　　San Juan, PR 00917
　　Telephone: (787) 766-7000
　　Facsimile: (787) 766-7001
　　Email:　rcamara@ferraiuoli.com
　　　　　　scolon@ferraiuoli.com

**MILBANK LLP**

By: /s/ *Atara Miller*
　　Dennis F. Dunne (admitted *pro hac vice*)
　　Atara Miller (admitted *pro hac vice*)
　　Grant R. Mainland (admitted *pro hac vice*)
　　John J. Hughes, III (admitted *pro hac vice*)
　　Jonathan Ohring (admitted *pro hac vice*)
　　55 Hudson Yards
　　New York, NY 10001
　　Telephone: (212) 530-5000
　　Facsimile:　(212) 530-5219
　　Email: ddunne@milbank.com
　　　　　　amiller@milbank.com
　　　　　　gmainland@milbank.com
　　　　　　jhughes2@milbank.com
　　　　　　johring@milbank.com

*Attorneys for Ambac Assurance Corporation*

- 7 -

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com