# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS & TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>No. 17 BK 3567-LTS |

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

WHEREAS, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA") in these Title III cases pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), as fiscal agents for the Commonwealth, HTA, the Puerto Rico Infrastructure Financing Authority ("PRIFA"), the Puerto Rico Convention Center District Authority ("CCDA") (collectively, the "Government Parties"), along with Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation and Financial Guaranty Insurance Company (collectively, the "Movants"), and The Bank of New York Mellon, in its capacity as trustee of the CCDA bonds (the "CCDA Trustee"), and U.S. Bank Trust National Association, in its capacity as trustee of the PRIFA bonds (the PRIFA Trustee"), and AmeriNational Community Services, LLC (hereafter the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018 and the approved Qualifying Modification for the Government Development Bank for Puerto Rico[2] under Title VI of the *Puerto Rico Oversight, Management and Economic Stability Act* (the "Collateral Monitor" and with the Servicer, the "DRA Parties"), and the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA and PBA) (the "UCC" and together with the Government Parties, the Movants, the CCDA Trustee,

---

[2] *See* Dkt. No. 270 of Civil Case No. 18-01561 (LTS).

the PRIFA Trustee, and the DRA Parties, the "<u>Parties</u>" and each a "<u>Party</u>") possess and/or will be receiving confidential, proprietary, and commercially sensitive information that will be produced in connection with the *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation and Financial Guaranty Insurance Company For Relief From the Automatic Stay, Or, In The Alternative, Adequate Protection*,[3] *Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon's Motion Concerning Application of the Automatic Stay to the Revenues Securing the CCDA Bonds*,[4] and *Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds*[5] (the "<u>Lift Stay Motions</u>").

WHEREAS, the Parties have, through counsel, stipulated to the entry of this protective order ("<u>Protective Order</u>") pursuant to Rule 26 of the Federal Rules of Civil Procedure, made applicable to this Title III proceeding by Section 310 of PROMESA and Rule 7026 of the Federal Rules of Bankruptcy Procedure, to facilitate discovery in connection with the Lift Stay Motions while protecting such confidential information from improper disclosure and use; and

WHEREAS, the Parties have established good cause for entry of this Protective Order.

IT IS HEREBY ORDERED as follows:

---

[3] Case No. 17 BK 3283-LTS, ECF No. 10102.
[4] Case No. 17 BK 3283-LTS, ECF No. 10109-2.
[5] Case No. 17 BK 3283-LTS, ECF No. 10104.

## **DEFINITIONS**

1.      "Material" shall mean and refer to all documents and electronically stored information, within the meaning of Rule 34 of the Federal Rules of Civil Procedure, made applicable to this Title III proceeding by Section 301 of PROMESA and Rule 7034 of the Federal Rules of Bankruptcy Procedure, as well as any deposition testimony, deposition exhibits, interrogatory responses, responses to requests for admission, responses to production requests, responses to deposition on written questions and other written, recorded, electronic, or graphic materials produced or made available by any Party or non-party, as well as any information contained in any of the above items.

2.      "Confidential" or "Confidential Material" shall mean and refer to any Material produced by any Party or non-party (each referred to herein as a "Producing Party") that the Producing Party considers in good faith to contain commercial, financial, trade secret, research and development, or personal information (not to include names) of a proprietary nature that is not known to, or has not generally been made available to, the public or other information the disclosure of which, in the good-faith judgment of the Producing Party, would be detrimental to the conduct of the Producing Party's business or official functions.

3.      "Professional Eyes Only" or "Professional Eyes Only Material" shall mean Confidential Material that a Producing Party considers in good faith to (a) contain or reflect highly confidential and sensitive proprietary information related to the Producing Party's previous, existing or ongoing operations for which restricted access is necessary to prevent a risk of competitive or financial harm to the Producing Party in the ongoing operation of its business; (b) contain or reflect the Producing Party's analyses regarding the treatment or valuation of the debt, assets or securities of the Commonwealth, HTA, PRIFA, CCDA, other Title III debtors and other

public corporations of the Commonwealth of Puerto Rico provided, however, that any such designation shall be without prejudice to the right of other Parties to challenge the appropriateness of such designation in accordance with the procedures in Paragraph 17; (c) contain or reflect an individual's highly sensitive financial or personal information; or (d) be documents or information that are otherwise subject to confidentiality agreements with third parties, provided, however, that any such designation shall be without prejudice to the right of other Parties to challenge the appropriateness of such designation in accordance with the procedures in Paragraph 17.

4.   "Qualified Persons" shall mean and refer to:

a.  personnel of the Parties and their respective affiliates, including but not limited to employees, officers and directors, to whom disclosure of information is necessary for the litigation of the Lift Stay Motions;

b.  House Counsel and Outside Counsel for each Party and their paralegals and other professional personnel including support and IT staff to whom disclosure of information is necessary for the litigation of the Lift Stay Motions;

c.  testifying or consulting experts retained by any Party and their associates or other professional personnel including support and IT staff, and consultants to the Parties and their affiliates to whom disclosure of information is necessary for the litigation of the Lift Stay Motions;

d.  any mediator retained by the Parties or appointed by the Courts in connection with the Lift Stay Motions and related Title III proceeding and employees and consultants of such mediator who are assisting in the conduct of the mediation;

e.  anticipated or actual deposition, hearing and trial witnesses testifying in connection with the Lift Stay Motions and to whom disclosure of information is necessary for the litigation of the Lift Stay Motions;

f.  the United States District Court for the District of Puerto Rico, the United States Bankruptcy Court for the District of Puerto Rico, and any other court assisting in the administration or adjudication of the Lift Stay Motions (collectively, the "Courts"), and all persons assisting the Courts, including judges, magistrate judges, law clerks, court reporters, translators, and clerical personnel;

g. translators and outside litigation support vendors (including commercial copying and imaging services, vendors assisting with electronic discovery matters, and trial consultants) retained by a Party in connection with the Lift Stay Motions;

h. persons who are authors, addressees, and recipients of documents containing Confidential Material or Professional Eyes Only Material to the extent they have previously had lawful access to such documents;

i. professional court reporters and their staff engaged to transcribe testimony in the Lift Stay Motions;

j. any other person agreed to by the Producing Party, with such agreement at the Producing Party's sole discretion. The Producing Party may impose conditions to the receipt of its Material, including requiring any person to execute the Confidentiality Agreement attached as Exhibit A; and

k. in the case of a monoline insurer, to its insurance regulators, to the extent such disclosure is requested or required by them or is determined by the monoline insurer to be advisable.

5. "House Counsel" shall mean and refer to attorneys who are employees of a Party or an affiliate of a Party.

6. "Outside Counsel" shall mean and refer to attorneys who are not employees of a Party but are (a) retained to represent or advise a Party, (b) affiliated with a law firm which has been retained on behalf of that Party, or (c) contract or temporary attorneys who have been retained, directly or indirectly, by a law firm retained to represent or advise a Party or which has been retained on behalf of a Party.

**SCOPE AND INTERPRETATION OF THIS PROTECTIVE ORDER**

7. This Protective Order shall be applicable to, and shall govern, all Material produced and disclosed in connection with the Lift Stay Motions, and shall remain in effect until further agreement of the Parties or further order of the Courts. The protections conferred by this Protective Order cover not only Confidential Material and Professional Eyes Only Material, but also (a) any information copied or extracted from Confidential Material or Professional Eyes Only Material;

(b) all copies, excerpts, summaries, or compilations of Confidential Material or Professional Eyes Only Material; and (c) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Material or Professional Eyes Only Material. The Parties agree that issues relating to the use of Confidential Material and Professional Eyes Only Material will be revisited in advance of any evidentiary hearing or trial in connection with the Lift Stay Motions.

8.     All Material, including, but not limited to, Confidential Material and Professional Eyes Only Material produced in connection with the Lift Stay Motions, shall be used only in connection with the Lift Stay Motions (except as otherwise agreed to by the Producing Party), and not for any other business, competitive, personal, private, public, or other purpose whatsoever. This Protective Order shall be binding on the Parties and their successors, parents, subsidiaries, divisions, affiliates, employees, officials, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

9.     For the avoidance of doubt, nothing herein shall be deemed to waive or modify any other confidentiality agreements or protective orders entered into by any of the Parties in connection with litigation or mediation of the Title III Cases. To the extent other such confidentiality agreements or protective orders entered into by any of the Parties require such parties to designate material as Confidential or Professional Eyes Only based on the terms of those agreements, the Parties agree to apply those designations in their document productions, even if the documents would not qualify as Confidential or Professional Eyes Only based on the standards articulated above, provided, however, that any such designation shall be without prejudice to the right of other Parties to challenge the appropriateness of such designation in accordance with the procedures in Paragraph 17.

## DESIGNATION OF CONFIDENTIAL
## <u>MATERIAL AND PROFESSIONAL EYES ONLY MATERIAL</u>

10.     Any Producing Party may designate any Material as (a) Confidential Material by affixing the legend "CONFIDENTIAL" to each item satisfying the definitions set forth above and (b) Professional Eyes Only Material by affixing the legend "PROFESSIONAL EYES ONLY" to each item satisfying the definitions set forth above.

11.     If a Producing Party elects to make Confidential Material or Professional Eyes Only Material available for inspection, the Producing Party need not mark the Material in advance of any such inspection, but instead, if items are selected for copying, may affix the labels to the selected items at that time. All Confidential Material and Professional Eyes Only Material inspected, but not copied, is to be treated as Confidential Material or Professional Eyes Only Material, as applicable.

12.     Where a Producing Party produces electronic files in native electronic format, such electronic files and documents may be designated for protection under this Protective Order by appending to the file names or designators information indicating whether the files contain Confidential Material or Professional Eyes Only Material, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files. Where Confidential Material or Professional Eyes Only Material is produced in electronic format on a disk or other medium that contains exclusively Confidential Material or Professional Eyes Only Material, the "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" designation, as applicable, may be placed on the disk or other medium. When electronic files or documents in native form are printed for use at deposition, in a court proceeding, or for provision to any Qualified Person in accordance with the terms of this Protective Order, the Party printing the electronic files or documents shall

affix a legend to the printed documents saying "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" and include the production number and designation associated with the native file.

13.     Whenever discovery is sought from a non-party, a copy of this Protective Order shall accompany the discovery request or subpoena. Any non-party producing Material pursuant to a subpoena or otherwise ("Third-Party Material") may also designate items as being "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" at the time of production, and such designation will have the full effect given to such labels by this Protective Order. If any Party chooses to challenge a non-party's designation of Third-Party Material as "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" under the procedures set forth in paragraph 17, the producing non-party or the other Party may oppose that challenge. However, nothing herein shall be deemed to permit non-parties to review or obtain any documents or things designated as "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" by any Party other than in accordance with paragraphs 18-20.

14.     In the case of deposition testimony and related exhibits, any Party may designate portions of the transcript (including exhibits) as "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" by making a statement to that effect on the record during the course of the deposition, or by written notice to the other Party within thirty (30) days after receipt of the transcript; provided that the entire deposition transcript shall be treated as Confidential Material prior to each Party's designation or the expiration of the 30-day period, whichever comes first. If the designation is made during the course of the deposition, or if a witness believes an answer will require him to divulge Confidential Material or Professional Eyes Only Material, or if the attorney taking the deposition believes that the question will divulge Confidential Material or Professional Eyes Only Material, all persons not permitted access to such Confidential Material or Professional Eyes Only

Material, as applicable, under the terms of this Protective Order shall be excluded from the deposition room, and the designating party shall instruct the court reporter to place the legend "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY," as applicable, on the pages containing that information and to place on the cover of the transcript the legend "CONTAINS CONFIDENTIAL MATERIAL" or "CONTAINS PROFESSIONAL EYES ONLY MATERIAL." Where the designation is made after receipt of the transcript, each Party shall be responsible for marking the designated transcripts with the appropriate legend, as instructed by the designating Party.

15.     The failure to designate Material as "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" shall not be deemed a waiver in whole or in part of the claim of confidentiality. Upon prompt notice from the Producing Party of such failure to designate, the receiving Party shall cooperate to take reasonable steps to restore the confidentiality of the Confidential Material or Professional Eyes Only Material. No Party shall be held in breach of this Protective Order if, prior to notification of such later designation, such Confidential Material or Professional Eyes Only Material had been disclosed or used in a manner inconsistent with such later designation. The Producing Party shall provide substitute copies bearing the corrected designation. The receiving Party shall return or certify the destruction of the previously undesignated Material.

16.     The Parties agree that production of information that is subject to the attorney-client privilege, deliberative process privilege, work-product immunity or other privileges and immunities does not waive any privilege or immunity protecting such information from production. A Party receiving a request for the return of such produced documents shall return to the Producing Party or destroy such documents within three (3) days of receiving such request and destroy all remaining copies of the identified documents, including electronic, paper, and other

copies, unless there is a dispute as to the legitimacy of a claimed privilege, in which case the parties shall promptly meet-and-confer regarding the dispute and present the matter to the Courts if they are unable to reach agreement.  The Parties further agree that documents that have been designated "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" that also contain privileged information or highly sensitive personal identifying information (including, but not limited to, non-professional individual contact information, Social Security numbers, or personal credit card numbers), may be redacted as to the privileged or highly sensitive personal identifying information without altering the "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" designation. Should a Party challenge the redaction of such information, they may do so using the procedures outlined in paragraph 17.

17.     This Protective Order shall not foreclose any Party from seeking a ruling from the Courts that a Party (or non-party) has improperly designated Material (or Third-Party Material) as Confidential Material or Professional Eyes Only Material. If a Party believes documents have been inappropriately labeled as "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY," it shall identify the document(s) or information that it contends should be designated differently. Thereafter, the Parties (or Party and non-party) shall meet and confer in an attempt to resolve the dispute without Court intervention within five (5) days after receipt of the written list of challenged documents. If the dispute cannot be resolved, the objecting Party may seek the Courts' intervention, and the Party (or non-party) asserting confidentiality shall have the burden of establishing that the information should be protected from disclosure. Except as otherwise permitted under this Protective Order, no Party shall disclose any Material labeled "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" unless and until there is an order from the Courts ordering the designation to be removed.

## TREATMENT OF CONFIDENTIAL
## <u>MATERIAL AND PROFESSIONAL EYES ONLY MATERIAL</u>

18.     The substance or content of Confidential Material, as well as copies, notes and memoranda relating thereto, shall not be disclosed or made available to anyone other than Qualified Persons identified in paragraph 4(a) – (k), and no person shall disclose such information to those Qualified Persons identified in paragraph 4(c), (e), (g), or (i) herein without furnishing to such person a copy of this Protective Order and obtaining from that person an executed Confidentiality Agreement the form of which is set forth in Exhibit A, or unless ordered to do so by the Courts.

19.     The substance or content of Professional Eyes Only Material, as well as copies, notes and memoranda relating thereto, shall not be disclosed or made available to anyone other than Qualified Persons identified in paragraph 4(b) – (k), and no person shall disclose such information to those Qualified Persons identified in paragraph 4(c), (e), (g), or (i) herein without furnishing to such person a copy of this Protective Order and obtaining from that person an executed Confidentiality Agreement the form of which is set forth in Exhibit A, or unless ordered to do so by the Courts.

20.     If any Qualified Person permitted access to Confidential Material or Professional Eyes Only Material receives a subpoena or documentary demand that encompasses any Confidential Material or Professional Eyes Only Material produced pursuant to this Protective Order, that Qualified Person shall object thereto and provide prompt written notice to the Party or non-party who originally produced the Confidential Material or Professional Eyes Only Material, unless (i) prohibited from doing so by applicable law or (ii) in the case of a monoline insurer, the subpoena or documentary demand came from its insurance regulator(s).  Except as authorized in paragraphs 18-20 , no Confidential Material or Professional Eyes Only Material shall be produced

absent such prompt notice and a reasonable opportunity to object by the Party or non-party who originally produced the Confidential Material or Professional Eyes Only Material. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any Qualified Person to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.  If any Material designated as "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" is disclosed, through inadvertence or otherwise, to anyone not authorized under the terms of this Protective Order, then the person inadvertently disclosing the Confidential Material or Professional Eyes Only Material shall use his or her best efforts to bind the recipient to the terms of this Protective Order. Such person shall be informed promptly of all the provisions of this Protective Order, identified to the non-disclosing Party, and requested to execute a Confidentiality Agreement the form of which is set forth as Exhibit A.

21.    In connection with the Lift Stay Motions and pursuant to this Protective Order, the Parties are authorized to redact Confidential Material or Professional Eyes Only Material in public filings and are not required to file a separate motion to file under seal such Confidential Material or Professional Eyes Only Material. The Parties are further authorized to file under seal full, unredacted copies of such Confidential Material or Professional Eyes Only Material; provided that Outside Counsel for the Parties are concurrently served with such full, unredacted copies. Any Confidential Material or Professional Eyes Only Material filed with or submitted to the Courts shall otherwise be filed or submitted under seal consistent with the local rules for the relevant Courts, and any case management procedures governing the Lift Stay Motions and related Title III proceeding. If any Confidential Material or Professional Eyes Only Material is used in any court proceeding, it shall not lose its designation through such use, and the Parties shall take all

steps required to protect the confidentiality of the Confidential Material or Professional Eyes Only Material during such use, including but not limited to designating the portions of the hearing transcript concerning such Material as "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY." Should any Party seek to file redacted versions of Confidential Material or Professional Eyes Only Material with the Courts rather than file full, unredacted versions under seal, it will, in addition to the provisions of this Protective Order, follow all rules for filing established by PACER, including by redacting all bank account numbers present on the documents prior to such filing.

22.     The restrictions imposed by this Protective Order may be modified or terminated only by written stipulation of the Parties or by order of the Courts. This Protective Order shall not prevent any Party or non-party from (a) entering into other confidentiality agreements, (b) seeking additional protective orders, (c) seeking relief, including injunctive and/or other equitable remedies, or (d) from asserting evidentiary objections, in the Courts to prevent the disclosure or use of Confidential Material or Professional Eyes Only Material.

23.     The Courts shall retain full and exclusive jurisdiction during the pendency of this case and thereafter to enforce this Protective Order and to grant relief for any violation thereof. All Parties to this agreement and all signatories of Exhibit A hereto explicitly consent to the jurisdiction of the Courts for such purposes.

24.     Nothing herein shall be construed as (a) preventing any Party from continuing to use any Material in the public domain or that subsequently becomes a part of the public domain other than as a result of any act of such Party or of disclosure in violation of this Protective Order; (b) limiting a Party's use or disclosure of its own information designated as "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY"; (c) preventing the disclosure of Confidential Material or Professional Eyes Only Material with the consent of the designating Party or non-party; or (d)

preventing a Party from continuing to use any information or Material that it had the right to use and that was obtained independently of disclosure in connection with the Lift Stay Motions.

25.     For purposes of this Protective Order, documents and information provided by a Producing Party to law enforcement, public or private regulatory agencies, or other governmental authorities shall not be considered publicly available solely because they were produced to law enforcement, public or private regulatory agencies, or other governmental authorities. Nothing contained herein shall be construed to abrogate any confidentiality protection to which a Party or non-party would otherwise be entitled with regard to documents that were previously produced to law enforcement, public or private regulatory agencies, or other governmental authorities.

26.     Nothing herein shall be deemed to be a limitation upon, or a waiver of, the rights of the Parties or any objections the Parties may have, under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Federal Rules of Evidence. The Parties specifically reserve the right to challenge the designation of any particular information as "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" and agree that by stipulating to entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the Material covered by this Protective Order.

27.     Nothing in this Protective Order will bar or otherwise restrict counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon Confidential Material or Professional Eyes Only Material in rendering such advice so long as counsel does not specifically disclose the substance of the Confidential Material or Professional Eyes Only Material

## **RETURN OF MATERIAL**

28.     At the conclusion of the Title III cases, by way of final judgment, settlement, or otherwise, including all appeals, and upon the request of the Producing Party or non-party, all Material produced by the Parties or nonparties, along with all copies, summaries, and compilations thereof (except documents filed with the Courts, depositions transcripts, and work product) shall be (a) returned to counsel for the Producing Party or non-party; or (b) destroyed by counsel for the Party in possession thereof. If any person is unable to destroy or return the Material upon reasonable effort, or is prevented from destroying or returning such Material due to applicable law, regulation, or existing internal compliance policies, this requirement shall be excused; however, all other duties with respect to the confidentiality of this Material shall remain in effect. At the conclusion of the Title III cases, the provisions of this Protective Order shall continue to be binding upon all persons subject to this Protective Order.

## **OTHER PROVISIONS**

29.     This Confidentiality Agreement shall not be construed to preclude or prevent any party from presenting Confidential Material or Professional Eyes Only Material to the Courts in connection with any trial or hearing in the Title III Cases, including but not limited to a confirmation hearing on a plan of adjustment for the Commonwealth and/or its instrumentalities; provided that the Parties agree that, prior to any trial or hearing when a Party reasonably believes they may present Confidential Material or Professional Eyes Only Material to the Courts (including a confirmation hearing), such Party will inform all other Parties that they intend to use such material, and the Parties will meet and confer to determine procedures for the use of such material by means of a separate order.

30.     This Confidentiality Agreement may be executed in counterparts. This Confidentiality Agreement shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties.

[*Remainder of page intentionally left blank.*]

**IT IS HEREBY STIPULATED:**

Dated:  April 17, 2020
         San Juan, Puerto Rico

/s/ *Elizabeth L. McKeen*                                               /s/ *Luis C. Marini-Biaggi*

John J. Rapisardi                                          Luis C. Marini-Biaggi
Suzzanne S. Uhland                                       USDC No. 222301
(Admitted *Pro Hac Vice*)                              Email: lmarini@mpmlawpr.com
**O'MELVENY & MYERS LLP**
7 Times Square                                            Carolina Velaz-Rivero
New York, New York 10036                           USDC No. 300913
Tel:  (212) 326-2000                                      E:mail: cvelaz@mpmlawpr.com
Fax: (212) 326-2061

-and-                                                          **MARINI PIETRANTONI MUÑIZ LLC**
                                                                250 Ponce de León Ave., Suite 900
Peter Friedman                                            San Juan, Puerto Rico 00918
(Admitted *Pro Hac Vice*)                              Tel: (787) 705-2171
1625 Eye Street, NW                                     Fax: (787) 936-7494
Washington, D.C. 20006
Tel:  (202) 383-5300
Fax: (202) 383-5414                                     *Co-attorneys for the Puerto Rico Fiscal*
                                                                *Agency and Financial Advisory Authority*
-and-

Elizabeth L. McKeen
Ashley M. Pavel
(Admitted *Pro Hac Vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (949) 823-6900
Fax: (949) 823-6994

*Attorneys for the Puerto Rico Fiscal*
*Agency and Financial Advisory Authority*

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Daniel S. Desatnik (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: ebarak@proskauer.com
Email: ddesatnik@proskauer.com

Michael A. Firestein (*pro hac vice*)
Lary Alan Rappaport (*pro hac vice*)
**PROSKAUER ROSE LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
lrappaport@proskauer.com

*Attorneys for the Financial Oversight and
Management Board for Puerto Rico, as
representative of the Commonwealth of
Puerto Rico*

**CASELLAS ALCOVER
& BURGOS P.S.C.**

By: _/s/ Heriberto Burgos Pérez_
Heriberto Burgos Pérez
USDC-PR 204809
Ricardo F. Casellas-Sánchez
USDC-PR 203114
Diana Pérez-Seda
USDC-PR 232014
P.O. Box 364924
San Juan, PR 00936-4924
Telephone:  (787) 756-1400
Facsimile:  (787) 756-1401
Email:  hburgos@cabprlaw.com
          rcasellas@cabprlaw.com
          dperez@cabprlaw.com

_Attorneys for Assured Guaranty Corp.,
Assured Guaranty Municipal Corp._

**CADWALADER, WICKERSHAM
& TAFT LLP**

By: _/s/ Mark C. Ellenberg_
Howard R. Hawkins, Jr.*
Mark C. Ellenberg*
William J. Natbony*
Ellen M. Halstead*
Thomas J. Curtin*
Casey J. Servais*
200 Liberty Street
New York, NY 10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666
Email:      howard.hawkins@cwt.com
            mark.ellenberg@cwt.com
            bill.natbony@cwt.com
            ellen.halstead@cwt.com
            thomas.curtin@cwt.com
            casey.servais@cwt.com

_* Admitted pro hac vice_

_Attorneys for Assured Guaranty Corp. and
Assured Guaranty Municipal Corp._

**ADSUAR MUNIZ GOYCO SEDA
& PEREZ-OCHOA PSC**

By:/s/ *Eric Perez-Ochoa*                
Eric Pérez-Ochoa
USDC-PR No. 206,314
E-mail:epo@amgprlaw.com

By:*/s/Luis A. Oliver-Fraticelli*              
Luis A. Oliver-Fraticelli
USDC-PR NO. 209,204
E-mail:loliver@amgprlaw.com
208 Ponce de Leon Ave.,
Suite 1600 San Juan, PR 00936
Tel.:    (787) 756-9000
Fax:    (787) 756-9010

*Attorneys for National Public Finance
Guarantee Corp.*

**WEIL, GOTSHAL & MANGES LLP**

By:/s/ *Robert Berezin*                
Jonathan Polkes*
Gregory Silbert*
Robert Berezin*
Kelly Diblasi*
Gabriel A. Morgan*
767 Fifth Avenue
New York, New York 10153
Tel.:       (212) 310-8000
Fax:       (212) 310-8007
Email:       jonathan.polkes@weil.com
             gregory.silbert@weil.com
             robert.berezin@weil.com
             kelly.diblasi@weil.com
             gabriel.morgan@weil.com

* admitted *pro hac vice*

*Attorneys for National Public Finance
Guarantee Corp.*

**FERRAIUOLI LLC**

By:/s/ *Roberto Cámara-Fuertes*
ROBERTO CÁMARA-FUERTES
USDC-PR NO. 219,002
E-mail:rcamara@ferraiuoli.com

By:*/s/ Sonia Colón*
SONIA COLÓN
USDC-PR NO. 213809
E-mail:scolon@ferraiuoli.com

221 Ponce de Leon Ave., 5th Floor
San Juan, PR 00917
Tel.:    (787) 766-7000
Fax:    (787) 766-7001

**MILBANK LLP**

By:/s/ *Atara Miller*
DENNIS F. DUNNE*
ATARA MILLER*
GRANT R. MAINLAND*
JOHN J. HUGHES*
55 Hudson Yards
New York, New York 10001 Tel.:
(212) 530-5000
Fax:       (212) 530-5219
Email:      ddunne@milbank.com
            amiller@milbank.com
            gmainland@milbank.com
            jhughes2@milbank.com

  *admitted *pro hac vice*

*Counsel for Ambac Assurance Corporation*

**REXACH & PICÓ, CSP**

By:/s/ *María E. Picó*
(USDC-PR No. 123214)
802 Ave. Fernández Juncos
San Juan, PR 00907-4315
Telephone: (787) 723-8520
Facsimile: (787) 724-7844
Email: mpico@rexachpico.com

**BUTLER SNOW LLP**

By:/s/ *Martin A. Sosland*
Martin A. Sosland*
5430 LBJ Freeway, Suite 1200
Dallas, TX 75240
Telephone: (469) 680-5502
Facsimile: (469) 680-5501
Email: martin.sosland@butlersnow.com
Jason W. Callen*
150 3rd Ave., S., Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6774
Facsimile: (615) 651-6701
E-mail: jason.callen@butlersnow.com

*admitted pro hac vice

*Counsel for Financial Guaranty Insurance
Company*

23

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5632
Facsimile:  787-759-9225

By: */s/ Arturo J. García-Solá*
Arturo J. García-Solá
USDC No. 201903
Email: ajg@mcvpr.com

By: */s/ Alejandro J. Cepeda-Díaz*
Alejandro J. Cepeda-Díaz
USDC No. 222110
Email: ajc@mcvpr.com

By: */s/ Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com

*Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority*

**C. CONDE & ASSOC. LAW OFFICES**

By: */s/ Carmen D. Conde Torres*

Carmen D. Conde Torres
(USDC No. 207312)
254 San José Street, Suite 5
San Juan, PR 00901-1523
Tel. 787-729-2900
Fax. 787-729-2203
E-Mail: condecarmen@condelaw.com

*- and -*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted *pro hac vice*)
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone:  (202) 339-8400
Facsimile:  (202) 339-8500
E-mail:       dmintz@orrick.com

*- and -*

Laura Metzger (admitted *pro hac vice*)
Peter Amend (admitted *pro hac vice*)
David Litterine-Kaufman (*pro hac vice* pending)
Monica Perrigino (admitted *pro hac vice*)
51 West 52nd Street
New York, N.Y. 10019
Telephone:  (212) 506-5000
E-mail:       lmetzger@orrick.com
                   pamend@orrick.com
                   dlitterinekaufman@orrick.com
                   mperrigino@orrick.com

*Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority*

*/s/ Luc A. Despins*

**PAUL HASTINGS LLP**
Luc. A. Despins, Esq. (Pro Hac Vice)
James R. Bliss, Esq. (Pro Hac Vice)
Michael E. Comerford, Esq. (Pro Hac Vice)
G. Alexander Bongartz, Esq. (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
E-mail:       lucdespins@paulhastings.com
                   jamesbliss@paulhastings.com
                   michaelcomerford@paulhastings.com
                   alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

- and -

*/s/ Juan J. Casillas Ayala*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Telephone:  (787) 523-3434
Facsimile:  (787) 523-3433
E-mail:       jcasillas@cstlawpr.com
                   ifernandez@cstlawpr.com
                   jnieves@cstlawpr.com
                   cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

**SEPULVADO, MALDONADO & COURET**

By: */s/ Albéniz Couret Fuentes*
Albéniz Couret Fuentes
(USDC-PR No. 222207)
304 Ponce de León Ave. Suite 990
San Juan, PR 00918
Telephone: (787) 765-5656
Facsimile: (787) 294-0073
Email: acouret@smclawpr.com

**REED SMITH LLP**

By: */s/ Eric A. Schaffer*
Eric A. Schaffer (admitted *pro hac vice*)
Luke A. Sizemore (admitted *pro hac vice)*
Jared S. Roach (admitted *pro hac vice*)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email: eschaffer@reedsmith.com
      lsizemore@reedsmith.com
      jroach@reedsmith.com

*Attorneys for The Bank of New York Mellon*

**RIVERA, TULLA, AND FERRER LLC**

By: /s/ *Eric A. Tulla* _____

    Eric A. Tulla
    (USDC-PR No. 118313)
    Email: etulla@riveratulla.com
    Iris J. Cabrera-Gómez
    (USDC-PR No. 221101)
    Email: icabrera@riveratulla.com
    Rivera Tulla & Ferrer Building
    50 Quisqueya Street
    San Juan, PR 00917-1212
    Telephone: (787) 753-0438
    Facsimile: (787) 767-5784

*Attorneys for U.S. Bank Trust National
Association, in its Capacity as Trustee*

**HOGAN LOVELLS US LLP**

By: /s/ *Robin E. Keller* _____

    Robin E. Keller, Esq.
    Ronald Silverman, Esq.
    390 Madison Avenue
    New York, NY 10017
    Telephone: (212) 918-3000
    Facsimile: (212) 918-3100

*Attorneys for U.S. Bank Trust National
Association, in its Capacity as Trustee*

SO ORDERED.

_____
JUDITH GAIL DEIN
United States Magistrate Judge

Dated: _____, 2020

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO,

                  Debtor.[6]

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

---

[6] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## <u>CONFIDENTIALITY AGREEMENT</u>

I, _____, state that:

1.  My address is _____.

2.  My present employer is _____.

3.  My present occupation or job description is

    _____

    _____.

4.  I have received a copy of the Protective Order entered in the above-entitled action on

    _____.

5.  I have carefully read and understand the provisions of the Protective Order.

6.  I will comply with all of the provisions of the Protective Order.

7.  I will hold in confidence, will not disclose to anyone not qualified under the Protective

    Order, and will use only for purposes of this action, any Confidential Material and

    Professional Eyes Only Material that is disclosed to me.

8.  I will return all Confidential Material and Professional Eyes Only Material that comes into

    my possession, and documents or things that I have prepared relating thereto, to counsel for

    the party by whom I am employed or retained, or to counsel from whom I received the

    Confidential Material and Professional Eyes Only Material.

9.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

    Protective Order.


Dated: _____                          _____