IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | TITLE III |
| As representative of | |
| THE COMMONWEALTH OF PUERTO RICO et al. | CASE NO. 17-03283 LTS |
| Debtors | |

**MOTION REQUESTING ALLOWANCE OF POST PETITION
TORT CLAIM AS PRIORITY CLAIM PURSUANT THE FUNDAMENTAL
FAIRNESS DOCTRINE IN *READING CO. V. BROWN*, 391 US 471 (1968)**

**TO THE HONORABLE COURT:**

**COMES NOW** creditor Leslie Jay Bonilla Sauder through the undersigned counsel and respectfully state and pray as follows:

I. <u>Legal Basis</u>

1.  The Puerto Rico Oversight, Management, and Economic Stability Act, Pub. Law 114-187 ("PROMESA" or the "Act"), was enacted into law on June 30, 2016 because the Commonwealth of Puerto Rico and some of its public corporations were expected to default on substantial payment obligations.

2.  Title III of PROMESA, 48 U.S.C. §§ 2161-2177 (Title III), provides a remedy similar to Chapter 9 of the Bankruptcy Code (the *Code*) to allow Puerto Rico and other US territories to adjust their debts without the consent of creditors. See, id. §§ 2104, 2162, 2166. PROMESA imposed a Financial Oversight and Management Board for Puerto Rico (the Oversight Board). *By virtue of § 904, a debtor in Chapter 9 retains title to, possession of, and complete control over its property and its operations, and is not restricted in its ability to sell, use, or lease its property.* See, In re Valley Health System, 429 B.R. 692, 714 (Bankr. C.D. Cal. 2010); see also, In re City of Detroit,

1

Case:17-03283-LTS Doc#:12897 Filed:04/20/20 Entered:04/20/20 11:50:23 Desc: Main Document Page 2 of 12

*In Re: The Financial Oversight and Management Board of PR et als.; Case No.: 17bk 3283 LTS* | 2
*Motion Requesting Allowance of Post-Petition Claim*

841 F.3d 684, 697-98 (6th Cir. 2016). A similar provision is included in Title III at 48 U.S.C. § 2165. See, Fin. Oversight and Mgt. Bd. for Puerto Rico, 2017 WL 5501317.

Procedural Background and Undisputable Facts

3. On April 24th, 2017, creditor Leslie Jay Bonilla Sauder (*Movant*) filed a complaint against the Commonwealth of Puerto Rico (*Commonwealth*)[1] seeking a remedy under 34 LPRA §1724[2]. The purpose of his complaint filed in the Court of First Instance in the Municipality of Aibonito (*State Court*) to challenge the forfeiture of movant's 2015 Honda Civic (*automobile*).[3] The Commonwealth filed a motion alleging that pursuant to section 301(a) of PROMESA, 48 USC §2161, the civil litigation to recover the possession of movant's vehicle should be stayed. The State Court agreed and issued a judgment staying the process.

4. On August 16th, 2017 Movant filed a *Motion for Relief from Automatic Stay* in the Title III PROMESA.[4], In his motion, movant requested the lift of the automatic stay in the case <u>Leslie Jay Bonilla Sauder v. ELA</u> BAC2017-0017 pursuant to 11 USC Sec. 362(d)(1) to allow him to recover the possession of his automobile and pursue additional actions as may be necessary. At that time no monetary compensation was requested.

5. On August 30th, 2017 ELA filed its response indicating that pursuant to section 301(a) of PROMESA, 48 USC §2161 stayed the claim to recover movant's vehicle. This motion failed to inform that the automobile was auctioned on August 18th, 2017. On September 13th, 2017 this Honorable

---

[1] <u>Leslie Jay Bonilla Sauder</u> vs. <u>ELA</u>, BAC2017-0017, Puerto Rico Superior Court-Aibonito
[2] Uniform Confiscation Act of 2011.
[3] The automobile was seized on March 4th, 2017 for an alleged violation of Article 5.0 of the Commonwealth's Vehicle and Traffic Law, 9 LPRA §5126. The movant claimed the seizure was illegal and criminal charges against his son for alleged violation of law were dismissed for lack of probable cause.
[4] See case number 17 bk 3283- LTS (entered under docket entry no. 1048).

Case:17-03283-LTS Doc#:12897 Filed:04/20/20 Entered:04/20/20 11:50:23 Desc: Main
Document Page 3 of 12

In Re: The Financial Oversight and Management Board of PR et als.; Case No.: 17bk 3283 LTS | 3
Motion Requesting Allowance of Post-Petition Claim

Court entered a *Memorandum Order Granting in Part Motion of Leslie Jay Bonilla Sauder for Relief from Automatic Stay* which resolved in favor of Movant and allowed *the lawsuit to proceed for necessary forfeiture determination proceedings prior to entry and enforcement of any judgment for money damages.*[5]

6. On December 3rd, 2019, movant was notified by his legal counsel that his automobile was auctioned by the Commonwealth on August 18th, 2017, several months after the filing of the petition for relief. The highest bid was in the amount of $16,500.00 and the automobile was sold to a third party. **See Exhibit I.**

7. The illegal and negligent auction of the vehicle occurred more than three months after the *Commonwealth*, on May 3rd, 2017, filed a petition for relief pursuant to Title III of PROMESA.

8. Movant was listed as a creditor in the bankruptcy case number 17 BK 3283 LTS but the matrix list excluded his mailing address; hence, neither Movant nor his legal counsel were informed about his right to file a proof of claim pursuant to FRBP §3002.[6]

9. In sum: (a) the Commonwealth did not properly include movant in its bankruptcy list of creditors and failed to inform to this Court that the automobile was already auctioned by the time of its reply to our motion requesting the partial lift of stay, (b) the movant was not aware that he was entitled to file a post-petition administrative proof of claim to recover the cost of the automobile illegally auctioned by the Commonwealth and (c) the movant lost his car, has to pay the auto-loan and did not receive a single dollar from the proceeds of the auction.

---

[5] See docket entry no. 1290.
[6] **See Exhibit II** (page 133/135 of the Defendant's bankruptcy mailing list of creditors).

Page 3

Case:17-03283-LTS Doc#:12897 Filed:04/20/20 Entered:04/20/20 11:50:23 Desc: Main
Document Page 4 of 12

*In Re: The Financial Oversight and Management Board of PR et als.; Case No.: 17bk 3283 LTS* | 4
*Motion Requesting Allowance of Post-Petition Claim*

III. <u>Discussion</u>

10. Section 503(b)(1) provides a list of administrative claims under the Code. This list is not fully comprehensive. The US Supreme Court adopted the doctrine of *fundamental fairness*[7] in its decision in *Reading Co. v. Brown*, 391 U.S. 471 (1968) when adjudicating case and controversies under the Code[8] The fundamental fairness exception is most often recognized when the debtor's post-petition operations cause tortious injuries to third parties or when the claim arises from post-petition actions that deliberately violate applicable law and damage others. See, *In re Healthco Intern.*, Inc., 272 B.R. 510, 513 (BAP 1st Cir. 2002).[9]

11. Movant recognizes that TITLE III of PROMESA does not create a *bankruptcy estate*. Accordingly, his request in this motion is not predicated in the allegation that the funds obtained by the Commonwealth when illegally auctioning the automobile where for the *benefit of the estate.* He further recognizes that the holding in *In Reading Co. v. Brown*[10] was decided in a Chapter 11 Bankruptcy Case. Against those facts it can reasonably be argued in favor of the movant's requests the following: a) the existence of a *bankruptcy estate* is irrelevant when evaluating the present motion because the *fundamental fairness doctrine* cannot be limited to that technicality and b) if the US

---

[7] **Legal Definition of *fundamental fairness***

***1:*** *the balance or impartiality (of a court proceeding) that is essential to due process*

***2:*** *a subjective standard by which a court proceeding is deemed to have followed due process.*

See: **Merriam Webster Law Dictionary**

[8] We hold that damages resulting from the negligence of a receiver acting within the scope of his authority as receiver give rise to "actual and necessary costs" of a Chapter XI arrangement.
[9] *In a nutshell, the "fundamental fairness" exception is recognized when the debtor's post-petition operations occasion tortious injuries to third parties (Reading), or when the claim arises from post-petition actions that deliberately violate applicable law and damage others (Charlesbank)*.
[10] Supra.

Case:17-03283-LTS Doc#:12897 Filed:04/20/20 Entered:04/20/20 11:50:23 Desc: Main
Document Page 5 of 12

*In Re: The Financial Oversight and Management Board of PR et als.; Case No.: 17bk 3283 LTS* | 5
*Motion Requesting Allowance of Post-Petition Claim*

Supreme Court's intention was to limit the doctrine to a Chapter 11 bankruptcy case it would have clearly specified it in the opinion.

**WHEREFORE**, the debtors request from this Honorable Court to take notice of the preceding facts and enter an order allowing movant to file a proof of claim as a priority administrative claim in the minimum amount of $16,500.00 and to be treated as such consistently with the fundamental fairness doctrine as adopted by the US Supreme Court in bankruptcy matters.

**RESPECTFULLY SUBMITTED.**

In Caguas, Puerto Rico, this 20th day of April 2020.

**CERTIFICATE OF SERVICE**: I certify that on this same date the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which sends notification of such filing to all system's participants including Wandymar Burgos Vargas, Esq. Deputy Secretary in Litigation, Department of Justice to the following address: wburgos@justicia.pr.gov and PO Box 9020192 San Juan PR 00902-0192.

**/s/ CARLOS A. RUIZ RODRIGUEZ**
USDC-PR 210009
Attorney for Debtor(s)
**LCDO. CARLOS A. RUIZ RODRIGUEZ, CSP**
P.O. Box 1298, Caguas, PR 00726-1298
787-286-9775
carlosalbertoruizquiebras@gmail.com

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE AIBONITO
SALA SUPERIOR

| | |
|---|---|
| **LESLIE J. BONILLA SAUDER**<br><br>**DEMANDANTE**<br><br>**V.**<br><br>**ELA, ET. AL.**<br><br>**DEMANDADOS** | **NÚM. DE CASO: BAC 2017-0017**<br><br>**SOBRE: IIMPUGNACION DE CONFISCACION** |

**MOCION EN CUMPLIMIENTO DE ORDEN**

**Al HONORABLE TRIBUNAL:**

Comparece el Departamento de Justicia del Gobierno de Puerto Rico, de forma especial y sin que se entienda por este acto renunciado <u>ningun derecho o defensa</u>, incluso cualquier planteamiento que en derecho proceda en virtud de las disposiciones de la ley federal conocida como "Puerto Rico Oversight, Management and Economic Stability Act" ("Promesa"), por sus siglas en ingles), 48 U.S.C § § 2101 et seq. como el <u>no someterse a la jurisdicción del Tribunal</u>, de proceder la misma, por conducto de la representación legal quien suscribe y muy respetuosamente **EXPONE, ALEGA Y SOLICITA:**

1. El 6 de noviembre de 2017 se celebró vista del caso de epígrafe. En dicha vista se concedió un termino a la parte demandante para presentar el documento del United State District Court, Juez Laura Taylor Swain sobre relevo de la paralización automática del Titulo III. Se informa que la parte demandante nos remitió por correo *Memorandum Order Granting Motion In Part Motion of Leslie Jay Bonilla Sauder for Relief From Automatic Stay.* **Ver Anejo 1**.

2. Resaltamos que lo que se aprobó en el *Memorandum Order* fue una modificación a la paralización, o sea, la paralización no se levantó completamente. A estos efectos la juez precisa que se modifica la paralización para permitir que continúe la litigación del caso pero continua paralizado para los efectos de ejecución de

1

sentencia que envuelva pago de dinero. Citamos de dicho documento.

> [T]he Court concludes that Movant has demonstrated that cause exists for the automatic stay to be lifted to allow the Lawsuit to proceed for necessary forfeiture determination proceedings prior to entry and enforcement of any judgment for money damages. *Véase Anejo 1 pág. 3*

2. Por otro lado, en la vista se concedió a la parte demandante un término igual para informar si la Junta de Confiscaciones subastó o dispuso de alguna manera del vehículo cuya confiscación se impugna en estos procedimientos. En cumplimiento con lo ordenado se informa que el vehículo confiscado se subastó el 18 de agosto de 2017 por la cantidad de $16,500.00.

**SUPLICA**

Por todo lo cual, se solicita muy respetuosamente a este foro que tome conocimiento de lo aquí informado.

**RESPETUOSAMENTE SOMETIDO.**

En San Juan, Puerto Rico, a 27 de noviembre de 2017.

**CERTIFICO**: Haber enviado mediante correo copia fiel y exacta de este escrito por correo a: Lcdo. Dennis H. Núñez Ríos a su dirección Apartado 1142, Aibonito, 00705.

**WANDA VÁZQUEZ GARCED**
Secretaria de Justicia

**WANDYMAR BURGOS VARGAS**
Secretaria Auxiliar de Lo Civil

**JAVIER BURGOS RUIZ**
**RUA 16999**
Director de la División de Confiscaciones y Fianzas Criminales

*(firma)*

**JOSE TOUS CARDONA 10,427**
Departamento de Justicia
Secretaría Auxiliar de lo Civil
División de Confiscaciones
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Teléfono: (787) 721-2900, 787 964-4325
Email: todusmexicanu@yahoo.com
divisionconfiscaciones@justicia.pr.gov

2

EXHIBIT I-A

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

------------------------------------------------------------x

MEMORANDUM ORDER GRANTING IN PART MOTION OF LESLIE JAY BONILLA SAUDER
FOR RELIEF FROM AUTOMATIC STAY (DOCKET ENTRY NO. 1048)

Before the Court is a motion filed by Leslie Jay Bonilla Sauder (the "Movant") for relief from the automatic stay imposed by the filing of the above-captioned Title III case in a lawsuit pending before the Court of First Instance in the Municipality of Aibonito, captioned Leslie Jay Bonilla Sauder v. ELA, BAC2017-0017 (the "Lawsuit"), contesting the forfeiture of Movant's vehicle. For the following reasons, the Motion is granted in part and the stay is lifted solely to permit all necessary forfeiture determination proceedings in the Lawsuit prior to entry and enforcement of any judgment for damages.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

BACKGROUND

Movant, the named Plaintiff in the Lawsuit, which was filed against the Commonwealth of Puerto Rico (the "Commonwealth") ((Docket Entry No. 1048, Motion for Relief from Automatic Stay (the "Motion"), pp. 1-2.), seeks to continue the Lawsuit against the Commonwealth. In the Lawsuit, Movant contests the forfeiture of his automobile as a result of a criminal intervention by law enforcement agents. (Id. p. 2.) Movants asserts that the Lawsuit is advanced enough to a stage that it could be resolved through summary judgment motion practice. (Id. p. 3.)

On August 30, 2017, the Commonwealth filed a response ("Response") to the Motion. (Case No. 17-3283, Docket Entry No. 1214.) In the Commonwealth's Response, the Commonwealth consents to a partial modification of the automatic stay solely to permit the Movant to proceed with the Lawsuit for necessary forfeiture determination proceedings prior to entry and execution of judgment in connection with any claims for damages in the Lawsuit. (See Response, ¶¶ 2-3.) Movant did not file a reply to the Commonwealth's Response. The Court has considered all of the submissions carefully.

DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F.

Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Movant has demonstrated that many of the Sonnax criteria weigh in his favor with respect to continuation of the Lawsuit. In particular, the Lawsuit could resolve the question of Movant's entitlement to obtain his vehicle. Allowing the Lawsuit to proceed to a determination as to whether Movant is entitled to the return of his vehicle while maintaining the stay as to any monetary claims against the Debtors would not interfere materially, if at all, with the Title III case and would permit efficient resolution of the issues raised in the Lawsuit. The fact that the Commonwealth consents to this limited relief from the automatic stay demonstrates that the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the Lawsuit to proceed to a limited extent.

Accordingly, the Court concludes that Movant has demonstrated that cause exists for the automatic stay to be lifted to allow the Lawsuit to proceed for necessary forfeiture determination proceedings prior to entry and enforcement of any judgment for money damages.

## CONCLUSION

For the foregoing reasons, the stay of the Lawsuit is lifted to the extent set forth herein. The automatic stay remains in place with respect to any claims for damages, and

execution and enforcement of any judgment for damages. This Memorandum Order resolves docket entry no. 1048 in case no. 17-3283.

SO ORDERED.

Dated: September 13, 2017

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

| | | |
|---|---|---|
| (u)Jose Buitrago | (u)Jose F Rodriguez-Perello | (u)Josue Aquino-Colon |
| (u)Juan Ortiz De la Renta | (u)Juan Alberto Torres-Berrios | (u)Juana Cortes Oyola |
| (u)Kathleen Donoghue | (d)LUIS J Costas-Russell<br>URB SANTA MARIA<br>34 CALLE ORQUIDIA<br>SAN JUAN, PR 00927-6721 | (u)Laura E Climent<br>Urb. Santra Isidra 2<br>148 Calle 9<br>Fajardo |
| (u)Lauren De Pablo | (u)Leiliany Santiago Aviles | (u)Leonel Fernandez Fernandez |
| (u)Leslie Jay Bonilla Sauder | (u)Liz Rus-Franco | (d)Lourdes Morales Reyes<br>Urb. La Monserrate Calle Juan de Jesus F<br>Jayuya, PR 00664 |
| (u)Lourdes Perdigon | (u)Lourdes Sierra Lopez | (u)Luis Montes-Valentin |
| (u)Luis Vaquer Ocasio | (u)Luis Antonio Berrios-Febo | (u)Luis M. Matos Garced |
| (u)Luis Rafael Torres Saez | (u)Luz Pizarro-Correa | (u)MARIA COLON-CRISPIN |
| (d)MARTA VAZQUEZ TORRES<br>PO BOX 190938<br>SAN JUAN, PR 00919-0938 | (u)MILAGROS GONZALEZ VALENTIN | (u)Magaly Sosa Soto |
| (u)Manuel Cruz Mejia | (u)Manuel Franco-Flores | (u)Manuel Ortiz Vazquez |