UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

------------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

### STATUS REPORT OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD PURSUANT TO ORDER DATED APRIL 13, 2020 REGARDING PROCEDURES FOR APRIL 22, 2020 OMNIBUS HEARING

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, HTA, ERS, and PREPA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Debtors pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), respectfully submit this Status Report in response to the Court's *Order Regarding*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Procedures for April 22, 2020 Omnibus Hearing* [ECF No. 12721] (the "Procedures Order"). Pursuant to the Procedures Order, this Status Report addresses: (i) the general status and activities of the Oversight Board; (ii) the general status of relations among the Oversight Board and the Commonwealth and federal governments; (iii) the status of the Puerto Rico Industrial Development Company's ("PRIDCO") restructuring support agreement ("RSA") and anticipated Title VI filing; (iv) the anticipated timing of ADR-related notice mailings; and (v) the anticipated timing of publication of the PBA Bar Date Order, the PBA Bar Date Extension Order, and the Pre-Solicitation Return Date Notice in *Caribbean Business* (see ECF No. 12574).

## Status Report

### I. General Status and Activities of the Oversight Board

1. The Oversight Board believes that the primary focus of the government of Puerto Rico (the "Government") and the Oversight Board should be helping to protect the people of Puerto Rico from the COVID-19 virus and to minimize and contain the pandemic. The people of Puerto Rico need ongoing reasonable, comprehensive, and sustainable solutions to this drastic emergency.

2. To that end, in the last month, the Oversight Board has created the $787 million Emergency Measure Support Package, which consists of (i) $500 million authorized as an incremental appropriation to the fiscal year 2020 General Fund budget, (ii) a $157 million reapportionment within the current fiscal year 2020 Commonwealth General Fund budget, and (iii) $131 million of federal funds. This Emergency Measure Support Package is in addition to the $160 million of Puerto Rico's Emergency Reserve Fund the Oversight Board previously authorized the use of. These emergency financings were possible because the Oversight Board has imposed and pursued sound budgeting practices and fiscal plans for the last three years.

3. The Oversight Board has worked closely with the Government to determine how to spend this nearly $1 billion in emergency funding, with a clear focus on responding to and managing the ongoing pandemic. Moreover, in the last month, the Oversight Board has moved to adjourn consideration of the proposed Commonwealth-ERS-PBA plan of adjustment and proposed disclosure statement, and moved to adjourn all hearings and briefing deadlines related to the PREPA restructuring support agreement. The strong commitment of the Oversight Board to addressing, planning, acting, and budgeting for the global health crisis was the reason for these motions to adjourn, and the Oversight Board greatly appreciates the Court's granting them.

## II. General Status of Relations Among the Oversight Board and Commonwealth and Federal Governments

4. The Oversight Board agrees with Governor Wanda Vázquez Garced that the health and safety of the people of Puerto Rico must be the number one priority. Consistent with this objective, the Oversight Board has accommodated some of the Government's outstanding obligations by granting extensions, including for the filing of an updated proposed fiscal plan for the Commonwealth, although the June 30, 2020 deadline for certification of the Commonwealth budget cannot move.

5. The Oversight Board has also approved policies such as the exemption of prepared foods and port sales from the sales and use tax, and the waiver of penalties on noncompliance with twice-monthly sales and use tax reporting and remittance requirements, as well as missed payments on estimated income tax bills.

6. As for the nearly $1 billion in emergency financial authorizations described above, the Oversight Board encourages the Government to distribute the funds urgently to ensure the support reaches those who need the funds as soon as possible. Along these lines, the Oversight Board granted a cash advance request from the Puerto Rico Department of Treasury ("Hacienda")

8

for up to $400 million to accelerate and expedite the distribution of individual transfers provided by the CARES Act.

7. In respect of the federal government, last month the Oversight Board sent a letter to the White House and the United States Congress urging the federal leadership to ensure Puerto Rico plays an essential role in any movement of manufacturing, especially of pharmaceutical and medical products, back to the United States as part of an ongoing national security dialogue.

### III. PRIDCO's RSA and Anticipated Title VI Filing

8. In the last month, the Oversight Board's professionals have continued to work with the Government and professionals of the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") regarding a revised PRIDCO fiscal plan (separate from the Commonwealth's fiscal plan). This process also includes a review of PRIDCO's financial condition in light of the COVID-19 pandemic.

9. PRIDCO has public bonds in the outstanding amount of approximately $150 million in principal and $15 million in accrued interest. AAFAF previously informed the Court and the Oversight Board that it had entered into an RSA with over two thirds of those bondholders.

10. The Oversight Board still has not formally been asked to approve the RSA as a Qualifying Modification. Once a fiscal plan for PRIDCO has been certified and a request to approve a Qualifying Modification has been submitted, the Oversight Board will be in a position to determine whether the proposed RSA is consistent with the fiscal plan. Given the potential effect of the COVID-19 pandemic on the Commonwealth economy and PRIDCO's fiscal plan, at this point it is too speculative to suggest when the parties will commence a Title VI qualifying modification for PRIDCO.

8

### IV. Anticipated Timing of ADR-Related Notice Mailings

11. As the Court is aware, the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 12576] (the "ADR Order") was entered on April 1, 2020. Pursuant to Section 1(a) of the ADR Procedures (as defined in the ADR Order), the Debtors may commence the filing of notices of intent to transfer claims into the ADR Procedures (the "ADR Transfer Notice") as of July 10, 2020, one hundred (100) days following approval of the ADR Procedures by the Court. The filing of the first ADR Transfer Notice will initiate the mailing of ADR-related notices to claimants transferred into the ADR Procedures. At present, the Debtors anticipate that their first ADR Transfer Notice will submit several accounts payable-related claims into the ADR Procedures.

12. Pursuant to the ADR Order, the Debtors may file additional ADR Transfer Notices every forty-five (45) days after the filing of the first ADR Transfer Notice. As part of the ongoing claims resolution process, the Oversight Board is working closely with AAFAF, the Puerto Rico Department of Justice ("PRDOJ"), and other Commonwealth agencies to analyze and reconcile various accounts payable and litigation-related claims. Such efforts are ongoing, but have been complicated by the ongoing COVID-19 pandemic, which necessitated the closure of certain Commonwealth agencies pursuant to the Executive Orders[2] issued by the Governor of Puerto Rico. Nevertheless, in the months following the filing of its first ADR Transfer Notice, the Debtors anticipate submitting additional accounts payable and litigation-related claims into the ADR Procedures through the filing of additional ADR Transfer Notices.

---

[2] The "Executive Orders" include the *Executive Order of the Governor of Puerto Rico, Hon. Wanda Vázquez Garced, to Make Viable the Necessary Government and Private Closures to Fight the Effects of Coronavirus (COVID-19) and Control the Risk of Contagion on Our Island*, Administrative Bulletin No. OE-2020-023, and the *Executive Order of the Governor of Puerto Rico, Hon. Wanda Vázquez Garced, in Order to Continue the Measures Taken to Control the Risk of Contagion of the Coronavirus (COVID-19) in Puerto Rico*, Administrative Bulletin No. OE-2020-033.

13. As the Court is also aware, on March 12, 2020, the *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12274] (the "ACR Order") was entered. Pursuant to Section 1(a) of the ACR Procedures (as defined in the ACR Order), the Debtors shall file a notice of their intent to transfer claims (the "Administrative Reconciliation Notice") into the ACR Procedures within one hundred twenty (120) days following approval of the ACR Procedures by the Court. Accordingly, the Debtors anticipate filing their first Administrative Reconciliation Notice no later than July 10, 2020.

14. Through its ongoing claims resolution process, the Oversight Board, together with AAFAF and the Debtors, has identified several thousand Pension/Retiree and Public Employee Claims (as defined in the ACR Order) which are suitable for resolution using the ACR Procedures.

## V. Anticipated Timing of Publication of PBA Bar Date Order, PBA Bar Date Extension Order, and Pre-Solicitation Return Date Notice in *Caribbean Business*

15. As set forth in the *Informative Motion Regarding Publication of (A) Notice of Deadlines for Filing Proofs of Claim for Creditors of the Puerto Rico Public Buildings Authority, (B) Notice of Extended Deadlines for Filing Proofs of Claim for Creditors of the Puerto Rico Public Buildings Authority, and (C) Notice of Deadline for Submitting Information Forms for Retirement Beneficiaries of the Commonwealth of Puerto Rico and the Employees Retirement System for the Government of the Commonwealth of Puerto Rico* [ECF No. 12574] (the "Notice Motion"), the Debtors originally scheduled the Bar Date Extension Notice and the Return Date Notice (each as defined in the Notice Motion) for publication in *Caribbean Business* on March 26, 2020. However, due to the Executive Orders, *Caribbean Business* suspended publication and did not publish on March 26, 2020 as originally anticipated.

8

16. The Debtors, through their claims and noticing agent, Prime Clerk LLC, regularly communicate with *Caribbean Business* regarding the expected timeline for resumption of publication. At present, in light of the considerable uncertainty surrounding the duration of the emergency period and the restrictions imposed by the Executive Orders, *Caribbean Business* does not know when it will be able to resume publication, but does not expect to publish prior to mid-May.

17. The Debtors appreciate that the restrictions imposed by the Executive Orders have severely impacted not only *Caribbean Business*, but all citizens of Puerto Rico. Accordingly, the Debtors submit that a further extension of the PBA Bar Date (as defined in the Notice Motion) is warranted. The Debtors anticipate filing a motion requesting the Court to extend the PBA Bar Date until June 26, 2020. In addition, and to ensure all parties in interest receive notice of applicable deadlines, the Debtors anticipate seeking Court approval to publish the PBA Bar Date Extension Notice and the Return Date Notice in other publications in lieu of publishing in *Caribbean Business*.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: April 21, 2020<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Martin J. Bienenstock*<br><br>Martin J. Bienenstock (*pro hac vice*)<br>Paul V. Possinger (*pro hac vice*)<br>Ehud Barak (*pro hac vice*)<br>Maja Zerjal (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>    ppossinger@proskauer.com<br>    ebarak@proskauer.com<br>    mzerjal@proskauer.com<br><br>-and-<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br><br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Attorneys for the Financial Oversight and Management Board as Representative of the Debtor* |

8

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/Hermann D. Bauer*
Hermann D. Bauer