**Exhibit C**

**The 2004 Order**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

RIO GRANDE COMMUNITY HEALTH
CENTER, INC., et al.,
   Plaintiffs,

v.

JOHNNY RULLAN, SECRETARY,
DEPARTMENT OF HEALTH,
   Defendant

CIVIL NO. 03-1640(JAG)

## OPINION AND ORDER

     Before the Court's consideration is plaintiff Concilio de Salud Integral de Loiza, Inc.'s Motion for Temporary Restraining Order (Docket No. 31). Said motion was treated as one for preliminary injunctive relief by Magistrate-Judge Gustavo A. Gelpí, who held a hearing on the matter on March 15, 2004 (see transcript of hearing (Docket No. 41)). Although the matter was originally referred to the magistrate for a report and recommendation, the urgency and importance of the relief sought by the appearing plaintiff have prompted this Court to act immediately on the motion.[1] More so, the Court need not consider matters outside of the hearing transcript (Docket No. 41), parties' memoranda (Docket Nos. 36, 37) and supplemental memoranda (Docket Nos. 42, 44), which are in the record.

     In the matter now before the Court, Concilio de Salud Integral de Loiza, Inc. (hereinafter "Loiza") seeks an emergency payment from the Commonwealth Department of Health ("DOH") under the Medicaid program, which is extensive to this jurisdiction. At the outset, the Court notes that this case does not present Eleventh Amendment immunity problems for two reasons. First, the plaintiffs do not seek monetary damages from the Commonwealth or any of its officials. Second, the Secretary of the DOH, Dr. Rullán, is sued only so that he will fulfill his prospective duty to comply with federal law. This Court thus has the authority to act on the matter and enjoin the state official. See Ramírez v. Puerto Rico Fire Service, 715 F.2d 694, 697 (1st Cir. 1983); N.P.P. v.

---

[1] The other motions for preliminary injunctive relief referred to Magistrate Gelpí for report and recommendation, however, remain under his consideration. See Docket Nos. 30, 37, 43, 45.

**CIVIL NO. 03-1640(JAG)**                                                                   2

Hernández-Colón, 779 F. Supp. 646, 652 (D.P.R. 1991).

The Medicaid statute has, since January 1, 2001, required a supplemental payment to be made quarterly to every federally qualified health center ("FQHC") in the Commonwealth's Medicaid program. See 42 U.S.C. §§ 1396a(bb)(1)-(5). Up to date no such payments have been made to any FQHC, including Loiza. See Transcript of hearing at page 124, lines 14-15. In this respect, plaintiff has shown a likelihood of success on the merits of his claim. The Court notes that defendant does not contest the alleged lack of Medicaid payments to FQHC's, particularly here, Loiza. Rather, he notes that as a consequence of a parallel case before the Commonwealth Court of First Instance, he is conducting an audit of all FQHCs, which is expected to conclude by the end of May, 2004 – two (2) months from now.[2] See Defendant's Supplemental Memorandum (Docket No. 44) at ¶¶ 8, 9, 12, 17. The Court notes that the relief sought in the sister state court case differs from that sought in the present case, inasmuch as the present plaintiffs solely seek prospective injunctive relief. In the local case, plaintiffs also seek backpay of all unpaid Medicaid payments. As plaintiff herein only seeks prospective corrective action based on a violation of federal law, abstention under Younger v. Harris, 401 U.S. 37 (1971) and Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976) is inappropriate. Further a stay based on comity principles is also unwarranted at this time since this action is not a vehicle to sidestep an unfavorable state court ruling which has been unfavorably appealed to an intermediate appellate court and is now before the state's highest tribunal. Cf. Cruz v. Melecio, 204 F.3d 14 (1st Cir. 2000).

The Court has also considered the parties' respective hardships should it issue any injunctive relief, as well as the public interest involved. In this case the balance clearly tips toward's Loiza's side. If no payment is promptly received by Loiza, it will have to close its doors. If this occurs, hundreds of Medicaid patients, in turn, will also be affected. On the other hand, the issuance of quarterly payments, during the time the defendant's audit is conducted, will not drastically affect the public fisc.

---

[2] The partial judgment in the local case, however, is not final, the same having been appealed by the Commonwealth defendants.

**CIVIL NO. 03-1640(JAG)**                              3

Wherefore, in light of the aforestated, the Court hereby orders the following prospective injunctive relief:

1. Dr. Rullán shall cause the DOH to make the first quarter 2004 FQHC payment due to Loiza(for the months of January, February and March of 2004) on or before April 7, 2004.

2. In computing the first quarter payment, Dr. Rullán shall use the number of Medicaid patients annually served by Loiza during 1999-2000, to wit, 8009.[3]

3. The above number shall be multiplied by one fourth (1/4) of the annual total average of Medicaid patient cost incurred by Loiza during 1999-2000, to wit, $ 644.49. This fraction amounts to $ 161.17.

4. Dr. Rullán, may in turn, deduct any sums paid to Loiza by a managed care entity for the provisions of services to Medicaid during the first quarter of 2004.

5. Dr. Rullán shall not deduct grant funds Loiza has received under the Public Service Health Act.

6. If Dr. Rullán cannot be rapidly and effectively calculate items 4-5 above, he shall base his payment amount exclusively on the numbers in items 2-3, above.

7. Plaintiff, Loiza, through its board of directors, in turn, shall immediately provide, upon defendant's request and order from this Court, a certified statement along with the corresponding evidence as to how the funds disbursed to it by Dr. Rullán are managed.

8. Upon receipt of the funds, the Directors of Loiza's Board of Directors, and the corporation's Executive Officers, in their individual capacities, are accepting this order, and are subject to this Court's jurisdiction in regards to any matters stemming from the present order.

The Court expects full and prompt compliance with this order. Counsel for Dr. Rullán shall immediately inform him of the same. Counsel for Loiza shall immediately do the same with respect to the members of its Board of Directors and Executive Officers.

Should plaintiffs or defendants fail to comply with this order, the affected party is authorized to seek from Magistrate Judge Gelpí any immediate remedy such as, but not limited to, attachment. If the remedy sought involves contempt of court, the magistrate shall issue a report and recommendation.

---

[3] This figure, as well as that in item 3, was provided by the DOH auditor at the hearing before Magistrate Gelpí.

**CIVIL NO. 03-1640(JAG)** 4

A request for payment of second quarter FQHC funds may be made by Loiza should the DOH audit not be completed by the end of said period, and/or payment for said period does not appear to be forthcoming.

**SO ORDERED.**

In San Juan, Puerto Rico this 31st day of March, 2004

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge