**Exhibit E**

**The 2015 Order**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **RIO GRANDE COMMUNITY HEALTH CENTER, INC, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**HON. ANA RIUS AREMENDARIZ, Secretary of the Department of Health for the Commonwealth of Puerto Rico,**<br><br>**Defendant.** | **CIVIL NO. 03-1640 (GAG) (Consolidated with Case Nos. 06-1291 and 06-1524).** |

**ORDER**

The Court hereby orders the Commonwealth to deposit with the Clerk of Court the sum of $9,389,743.00 on or before June 17, 2015. The Court has allowed a final extension to do so and advances that the Commonwealth's non-compliance will result in an immediate garnishment order for the aforementioned amount that is collectively due to the FHQC plaintiffs in these three consolidated cases.

The Court notes that for the payment of wraparound payments due for the first quarter of Fiscal Year 2015, it will use the estimated data formula agreed upon by the parties, which has been in place and approved by the Court. Implementing another formula at this juncture based on real data—as the Commonwealth now suggests—will only derail even more the Commonwealth's much belated compliance with the Medicaid wraparound statute. The timing is off. More so, as the parties well know, the Pythagorean calculations in this case, even with the assistance of a very able Special Master who was both a licensed attorney and a certified public accountant, took months, and required hearings and submission of a salmagundi of data and documents. Thus, until

**Civil No. 03-1640 (GAG)**

a further order of this Court to the contrary, the wraparound payments in these cases shall continue to be made pursuant to the already existing estimated data formula.

As the Court advanced at the June 3, 2015, status hearing, however, it will be appointing a new Special Master as soon as it identifies a qualified candidate who can fill the shoes of his/her recently departed predecessor. More so, the Court will also be appointing a monitor to ensure that the Commonwealth complies with its wraparound obligations in a timely manner. For too long, the Court, literally following every quarter, has been bombarded with motions asking for payment and extensions to do so. This has been the case since this litigation began. The Court will thus no longer act as a kindergarten cop. Limited and specific monitorship is now warranted.

The Court also notes that payment for the second quarter of Fiscal Year 2015 will be due at month's end. Using the estimated data formula, the Commonwealth will deposit this wraparound payment on July 17, 2015. Again, failure to comply with this mandate will result in the immediate issuance of the corresponding garnishment order(s).

In addition, upon the conclusion of every quarter this Fiscal Year and thereafter, the Commonwealth shall deposit wraparound payments on the 17th day of the following month, or if on a weekend or holiday the next working day, again with the caveat that garnishment will follow upon non-compliance.

Once the Special Master is duly appointed, he/she will in due course entertain requests by the parties to recalculate the wraparound payments. The plaintiffs understand they are entitled to a greater amount, while the Commonwealth insists that the Court now using real data figures should order a lower amount. In any event, if the plaintiffs have been overpaid as of Fiscal Year 2015, any such amounts will be duly reconciled and offset. However, the court is not going to now backtrack to the Stone Age and recalculate every payment previously made over the years.

**Civil No. 03-1640 (GAG)**

1 Likewise, if plaintiffs are entitled to a greater amount, they have not waived the right to receive it and it is not considered back pay since it has been requested contemporaneously with the motions that until now were under advisement.

The Court expects full compliance with this Order. The Court in deference to the Commonwealth, as always, has had the patience of Job, and up to now, has avoided taking drastic steps. But it cannot continue so per secula seculorum. The Commonwealth voluntarily agreed to participate in the Medicare and Medicaid Program. It receives millions of federal dollars, and in turn, it has to comply with its federal obligations. Plaintiffs are not the bad guys. They simply ask for what federal law mandates they receive, not a penny more nor a penny less. And, the Court has an unflagging obligation under Article III of the United States Constitution to enforce federal law even it understands the dire fiscal crisis that the Commonwealth has faced for many years and in previous administrations. The writing has been on the wall for a very long time. This is not a new obligation the Commonwealth faces. It has known of it for a very long time and must prospectively budget several million dollars a year to comply with the same.

**SO ORDERED.**

In San Juan, Puerto Rico this 5th day of June, 2015.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge

3