**<u>Exhibit G</u>**

**The Eleventh Omnibus Order**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

    Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

### ELEVENTH OMNIBUS ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon the *Debtors' Eleventh Omnibus Motion for Approval of Modifications to the Automatic Stay* (Docket Entry No. 8435 in Case No. 17-3283, the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant to PROMESA section 307; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

other or further notice is required; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

  1.  The Motion is granted as set forth herein.

  2.  Pursuant to Bankruptcy Code sections 362(d)(1) and 105(a), made applicable to the Title III cases by PROMESA section 301(a), the Title III Stay is modified as set forth in the attached Exhibit 1 for matters subject to prior stipulations among or between the applicable Debtor and counterparty(ies), *nunc pro tunc* to the dates specified therein.

  3.  Pursuant to Bankruptcy Code sections 362(d)(1) and 105(a), the Title III Stay is to the extent necessary, modified as set forth in the attached Exhibit 2 for certain parties and cases filed by HTA, *nunc pro tunc* to August 9, 2019 (the date of the Motion).

  4.  All rights, defenses, and protections of each of the Debtors with respect to any matters pending or that may arise in their respective Title III Cases, including the treatment of any claim arising from the matters set forth on Exhibits 1 and 2 hereof under a plan of adjustment or otherwise in the Title III Case are hereby reserved. Nothing in this Order or the Debtors' consent to stay modification as set forth in the Motion shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Debtors' rights to dispute, contest, setoff, or recoup any claim, including any claims asserted in the subject actions, or assert any related rights, claims, or defenses and all such rights are reserved; or (c) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

  5.  Notwithstanding any applicability of any Federal Rule of Bankruptcy

Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Court shall retain jurisdiction to hear and determine all matters (a) arising from or related to the implementation, enforcement, or interpretation of this Order and (b) concerning the execution or enforcement in the Title III cases of any judgment entered in a prepetition ordinary course civil action where the Debtors agreed to modify or lift the Title III Stay to allow the action to proceed to judgment by the underlying court.

7. This Order resolves Docket Entry No. 8435 in Case No. 17-3283.

Dated: August 19, 2019

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

# EXHIBIT 1

## TITLE III STAY MODIFICATIONS AGREED TO BY THE DEBTORS FROM JUNE 12, 2019 THROUGH AUGUST 9, 2019

| | **CASE INFORMATION** | **MOVANT** | **DEBTOR** | **BRIEF DESCRIPTION OF THE MODIFICATION** | **STIPULATION DATE** |
|---|---|---|---|---|---|
| 1. | *United States of America v. Juan A. San Miguel Santos*, Case No. 12-CR-00159, U.S. District Court for the District of Puerto Rico, Tax Refund Action | Juan A. San Miguel Santos | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Commonwealth to issue and consign, in the Prepetition Action, the Tax Refund payable to the order of the Clerk of the District Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages, and provisional remedies against the Commonwealth or any other Title III Debtor or any request that the Commonwealth supplement the Tax Refund. | June 21, 2019 |
| 2. | *José F. Álvarez Ortiz v. Departamento de Corrección y Rehabilitación*, Case No. SPP-2003-08-0149, Puerto Rico Commission for Appeals of Public Service (CASP), Employment Action | Jose F. Alvarez Ortiz | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow the Prepetition Action to proceed to final judgment before CASP, the Court of Appeals of Puerto Rico and the Supreme Court of Puerto Rico; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment for money damages, backpay, and provisional remedies against the Commonwealth or any other Title III Debtor. | June 27, 2019 |
| 3. | *Consejo de Salud Playa de Ponce, Inc. v. Hon. Lorenzo González Feliciano Secretary of the Department of Health of the Commonwealth of Puerto Rico, et. al.*, Case No. 06-1260 | Consejo de Salud Playa de Ponce, Inc. | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow the Commonwealth to continue to issue the prospective quarterly wraparound payments, (the "Quarterly Payments") directly to Movant pursuant to the Settlement Agreement in the same manner the distributions have been made up to the fourth quarter of 2018, beginning with the Quarterly Payment due for the first quarter of 2019. | June 30, 2019 |

1

|   | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
|   | U.S. District Court for the District of Puerto Rico<br><br>Healthcare Action |   |   | Except as provided in Paragraph 1 of this Stipulation, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, (a) any action to compel payment by the Commonwealth with respect to a wraparound payment not made pursuant to Paragraph 1 above, and (b) the execution and enforcement of (i) any judgment, (ii) injunction, (iii) any claim for money damages, or (iv) any provisional remedies against the Commonwealth or any other Title III Debtor. |   |
| 4. | *José E. Alvarado-Solivan v. Comisión Estatal de Elecciones, et al.*,<br><br>Case No. 16-1458<br><br>U.S. District Court for the District of Puerto Rico<br><br>Employment Action | José E. Alvarado-Solivan | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow the Prepetition Action to proceed to final judgment before the District Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment for money damages, backpay, and provisional remedies against the Commonwealth or any other Title III Debtor. | July 3, 2019 |
| 5. | *Juan I. Colón González v. Commonwealth of Puerto Rico, et al.*,<br><br>Case No. 17-1162<br><br>U.S. District Court for the District of Puerto Rico<br><br>Employment Action | Juan I. Colón González | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary (i) to allow the Prepetition Action to proceed to final judgment before the District Court, and (ii) for the enforcement of any judgment ordering the reinstatement of Movant to his former position; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment for money damages, backpay and provisional remedies against the Commonwealth or any other Title III Debtor. | July 3, 2019 |
| 6. | *Rio Grande Community Health Center, Inc., et al. v.* | Atlantic Medical Center, Inc., | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow (a) the pending appeals | July 12, 2019 |

2

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| | *Hon. Rafael Rodriguez Mercado, Secretary, Department of Health Commonwealth of Puerto Rico,*<br><br>Case No. 03-1640 (consolidated with Case Nos. 06-1291, 06-1524)<br><br>U.S. District Court for the District of Puerto Rico<br><br>Healthcare Action | Camuy Health Services, Inc., Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc., Ciales Primary Health Care Services, Inc., Corp. de Serv. Médicos Primarios y Prevención de Hatillo, Inc., Costa Salud, Inc., Centro de Salud de Lares, Inc., Centro de Servicios Primarios de Salud de Patillas, Inc., and Hospital General Castañer, Inc. | | before the United States Court of Appeals for the First Circuit in Appeal Nos. 17-1731, 17-1812, and 19-1336 to proceed to judgment, (b) the Commonwealth to continue to issue the estimated prospective quarterly wraparound payments, pursuant to the Order, dated June 5, 2015, in the Prepetition Action [Case No. 03-1640-GAG, ECF No. 674] and the Order, dated November 8, 2010 in former Lead Case No. 03-1640-GAG, ECF No. 743, using the Parties' previously agreed upon estimated payment formula, adjusted with the newly set rates listed in Exhibit A to the Stipulation (the "Quarterly Payments"), beginning with the Quarterly Payment due for the first quarter of 2019, and (c) the District Court in the Prepetition Action to (1) to receive the Quarterly Payments; (2) to consider and rule on motions to distribute the Quarterly Payments; (3) to distribute the funds from the Quarterly Payments in accordance with orders entered by the District Court in the same manner the distributions have been made up to the date of this Stipulation.<br><br>Except as provided in Paragraph 1 of this Stipulation, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, (a) any action to compel payment by the Commonwealth with respect to wraparound payment not voluntarily made pursuant to Paragraph 1 above, and (b) the execution and enforcement of (i) any judgment, (ii) injunction, (iii) any claim for money damages, or (iv) any provisional remedies against the Commonwealth or any other Title III Debtor. | |
| 7. | *Rosa A. Rosado Crespo, et als. v. Municipio de Añasco, et als.,* | Rosa Rosado Crespo | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow (i) the Pre-petition action to be dismissed, with prejudice, with respect to Co- | July 22, 2019 |

3

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| | Case No. ISCI2011-01972<br><br>Puerto Rico Court of First instance, Superior Court of Mayaguez<br><br>Labor Action | | | defendants, in their individual capacities, and (ii) allow the Prepetition Action to proceed only against the Municipality of Añasco and defendants, in their official capacities to final resolution and any appeals. | |
| 8. | *Rio Grande Community Health Center, Inc., et al. v. Hon. Rafael Rodriguez Mercado, Secretary, Department of Health Commonwealth of Puerto Rico*,<br><br>Case No. 03-1640 (consolidated with Case Nos. 06-1291, 06-1524) formerly consolidated under Lead Case No. 06-1260<br><br>U.S. District Court for the District of Puerto Rico<br><br>Healthcare Action | Salud Integral en la Montaña, Corporación de Servicios de Salud y Medicina Avanzada, NeoMed Center, Migrant Health Center, HPM Foundation, Morovis Community Health Center, and Concilio de Salud Integral de Loiza | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow (a) the pending appeals before the United States Court of Appeals for the First Circuit in Appeal Nos. 17-1731, 17-1812, and 19-1336 to proceed to judgment, (b) the Commonwealth to continue to issue the estimated prospective quarterly wraparound payments, pursuant to the Order, dated June 5, 2015, in the Prepetition Action [Case No. 03-1640-GAG, ECF No. 674] and the Order dated November 8, 2010 in the Prepetition Action [former Lead Case No. 06-1260-GAG, ECF No. 743], using the Parties' previously agreed upon estimated payment formula and according to the District Court's previous orders in the Prepetition Action construing the Commonwealth's obligations under 42 U.S.C. § 1396a(bb), adjusted with the newly set rates listed in Exhibit A to the Stipulation (the "Quarterly Payments"), beginning with the Quarterly Payment due for the first quarter of 2019, and (c) the District Court in the Prepetition Action to (1) to receive the Quarterly Payments; (2) to consider and rule on motions to distribute the Quarterly Payments; (3) to distribute the funds from the Quarterly Payments in accordance with orders entered by the District Court in the same manner the distributions have been made up to the date of this Stipulation.<br><br>Except as provided in Paragraph 1 of this Stipulation, the Title III Stay shall continue to apply in all other | July 29, 2019 |

4

|  | **CASE INFORMATION** | **MOVANT** | **DEBTOR** | **BRIEF DESCRIPTION OF THE MODIFICATION** | **STIPULATION DATE** |
|---|---|---|---|---|---|
|  |  |  |  | respects to the Prepetition Action, including, but not limited to, (a) any action to compel payment by the Commonwealth with respect to wraparound payment not voluntarily made pursuant to Paragraph 1 above, and (b) the execution and enforcement of (i) any judgment, (ii) injunction, (iii) any claim for money damages, or (iv) any provisional remedies against the Commonwealth or any other Title III Debtor. |  |
| 9. | *Gómez-Cruz v. Fernández-Pabellón, et als.*, USDC Case No. 13-1711<br><br>U.S. District Court for the District of Puerto Rico<br><br>USCA Case No. 19-1146<br><br>U.S. Court of Appeals for the First Circuit<br><br>Payment Dispute | Carlos Gómez Cruz | Commonwealth | The Commonwealth shall pay directly to Movant the amount of $901.32 (the "Settlement Amount") within thirty (30) days from August 6, 2019, the date first set above, in compromise and settlement of all controversies among the Parties in the Prepetition Action and the Appeal. | August 6, 2019 |

5

# EXHIBIT 2

## TITLE III STAY MODIFICATIONS REGARDING
## CONDEMNATION PROCEEDINGS AGREED TO BY HTA[3]

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | MODIFICATION DATE |
|---|---|---|---|---|---|
| 1. | *ACT v. Zequeira Toral José Rafael*<br><br>Case No. K EF2004-1039 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | José Rafael Zequeira Toral | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable litigation of the post-judgment matter regarding damages against HTA in the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | August 9, 2019 |
| 2. | *ACT v. Congr. Mayaguez Mani de los Testigos de Jehová*<br><br>Case No. K EF2007-0462 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Congr. Mayaguez Mani de los Testigos de Jehová | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | August 9, 2019 |
| 3. | *ACT v. Autoridad de Edificios Públicos* | Autoridad de Edificios Públicos | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to allow HTA to consign to the Prepetition Court the amount | August 9, 2019 |

---

[3] Capitalized terms used herein that are not otherwise defined shall have the meaning given to them in the *Debtors' Eleventh Omnibus Motion for Approval of Modifications of the Automatic Stay*.

"Prepetition Court" shall mean the Puerto Rico Court of First Instance.

"Prepetition Action" shall mean the action identified in the column, "Case Information."

1

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | MODIFICATION DATE |
|---|---|---|---|---|---|
| | Case No. K EF2008-0162 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | | | of $968,667.03 plus legal interests and to enable the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | |
| 4. | *ACT v. Carrisal Alvarado, Tomás, Elizabet Ocana*<br><br>Case No. K EF2010-0485 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Tomás Carrisal Alvarado, Elizabet Ocana | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | August 9, 2019 |
| 5. | *ACT v. Miguel A. Acevedo Coll*<br><br>Case No. K EF2010-0488 (1002)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Miguel A. Acevedo Coll | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | August 9, 2019 |
| 6. | *ACT v. Sánchez Correa, Dominga* | Dominga Sánchez Correa | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable HTA to value | August 9, 2019 |

2

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | MODIFICATION DATE |
|---|---|---|---|---|---|
| | Case No. K EF2011-0018 (1003) <br><br> Puerto Rico Court of First Instance <br><br> Condemnation Proceeding | | | and acquire an additional parcel of land and consign additional funds based on such valorization, and to enable the Prepetition Action to proceed to judgment before the Prepetition Court; <u>provided</u>, <u>however</u>, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts to be consigned to the Prepetition Court. | |
| 7. | *ACT v. Sánchez Correa, Isabel SUCN.* <br><br> Case No. K EF2011-0020 (1003) <br><br> Puerto Rico Court of First Instance <br><br> Condemnation Proceeding | SUCN Isabel Sánchez Correa | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to judgment before the Prepetition Court; <u>provided</u>, <u>however</u>, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | August 9, 2019 |
| 8. | *ACT v. Luis Alberto Mercado Jiménez and others* <br><br> Case No. K EF2011-0240 (1003) <br><br> Puerto Rico Court of First Instance <br><br> Condemnation Proceeding | Luis Alberto Mercado Jiménez and others | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to judgment before the Prepetition Court; <u>provided</u>, <u>however</u>, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | August 9, 2019 |

3

|  | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | MODIFICATION DATE |
|---|---|---|---|---|---|
| 9. | *ACT v. Mandry Nones, Ivelisse Helena (SUCN)*<br><br>Case No. K EF2011-0241 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | SUCN. Ivelisse Helena Mandry Nones | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to (i) allow the parties to continue negotiations to settle the Prepetition Action, and (ii) to enable the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | August 9, 2019 |
| 10 | *ACT v. Tallaboa Heavy Equipment Corporation, CEMEX, Luis Martínez*<br><br>Case No. K EF2012-0283 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Tallaboa Heavy Equipment Corporation, CEMEX, Luis Martínez | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to (i) allow HTA to amend Exhibit A to the complaint filed in the Prepetition Action, and (ii) to enable the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | August 9, 2019 |
| 11 | *ACT v. Inmobiliaria Unibón, Inc.*<br><br>Case No. K EF2016-0071 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Inmobiliaria Unibón, Inc. | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other | August 9, 2019 |

4

|    | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | MODIFICATION DATE |
|----|------------------|--------|--------|---------------------------------------|-------------------|
|    |                  |        |        | Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. |                   |
| 12 | *ACT v. Fiorina Vilella*<br><br>Case No. K EF2004-1202<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Fiorina Viella | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to allow Movant to withdraw amounts consigned or to be consigned by HTA to the Prepetition Court in the Prepetition Action pursuant to the terms of a stipulation executed between Movant and HTA; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | August 9, 2019 |