UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:                                                            PROMESA
                                                                  Title III

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of                                   No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO             (Jointly Administered)
et al.,

                                   Debtors.[1]

------------------------------------------------------------x

### Order Scheduling Briefing of Santana-Báez Lift Stay Motion

       The Court held a preliminary hearing on the *Motion Requesting to Unparalyze for Become in Knowledge in the File that the Commonwealth of Puerto Rico Was Not Summon in this Case* (Docket Entry No. 12516 in Case No. 17-3283, the "Lift Stay Motion"), filed by Mr. Eliezer Santana-Báez (the "Movant"), on April 22, 2020 (the "Hearing"). In the Lift Stay Motion, Movant seeks relief from the automatic stay in order to continue the litigation of a civil action captioned Eliezer Santana Báez and Roberto Quiñones López v. Estado Libre Asociado de Puerto Rico et al., Civil Case No. DDP 2016-0591 (the "Litigation"), which is currently pending before the Puerto Rico Court of First Instance of Bayamón. Movant argues that a summons was never properly served upon the Commonwealth of Puerto Rico (the "Commonwealth") in connection with the Litigation, that the Commonwealth was therefore not properly joined as a party, and that the automatic stay should not apply to the Litigation. The Commonwealth requested the preliminary hearing, representing that its ability to gather court records and prepare

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

its response to the Lift Stay Motion has been impeded by the restrictions that have been placed on government and public activities in light of the COVID-19 pandemic. At the Hearing, the Commonwealth represented that it is likely to prevail in opposition to the Lift Stay Motion, pointing out that Movant's several prior stay relief applications have been denied, including such an application concerning the Litigation.

The Court concludes that, because the Lift Stay Motion does not include factual proffers in support of Movant's contention that the Commonwealth was not joined or any legal argument to support relief from the automatic stay, there is a reasonable likelihood that the Commonwealth will prevail in opposing the Lift Stay Motion. Additionally, the ongoing emergency measures in Puerto Rico related to the COVID-19 pandemic and the subsequent inaccessibility of public documents, together with the likelihood that the Commonwealth will prevail in opposing the Lift Stay Motion, are compelling circumstances that warrant an extension of the automatic stay period referenced in section 362(e) of the Bankruptcy Code.

The automatic stay of the Litigation is hereby extended, in light of the foregoing compelling circumstances, through **June 10, 2020**. The Commonwealth shall file its opposition to the Lift Stay Motion by **5:00 p.m. (Atlantic Standard Time) on May 6, 2020**. Movant shall file his reply by **5:00 p.m. (Atlantic Standard Time) on May 27, 2020**. If necessary, the Court will hold a final hearing in connection with the Lift Stay Motion at the Omnibus Hearing scheduled to commence on **June 3, 2020 at 9:30 a.m. (Atlantic Standard Time)**.

The Clerk of Court is directed to mail a copy of this order to Movant.

SO ORDERED.

Dated: April 22, 2020

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge