**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**URGENT JOINT MOTION OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, AMBAC ASSURANCE CORPORATION, AND FINANCIAL GUARANTY INSURANCE COMPANY FOR LEAVE TO EXCEED PAGE LIMIT WITH RESPECT TO REPLIES IN SUPPORT OF AMENDED PRIFA LIFT STAY MOTION, AMENDED HTA LIFT STAY MOTION, AND CCDA LIFT STAY MOTION**

To the Honorable United States District Judge Laura Taylor Swain:

Assured Guaranty Corp., Assured Guaranty Municipal Corp. (together, "Assured"), National Public Finance Guarantee Corp. ("National"), Ambac Assurance Corporation ("Ambac"), and Financial Guaranty Insurance Company ("FGIC", and together with Assured, National, and Ambac, the "Movants") hereby file this urgent motion (the "Urgent Motion") requesting entry of an order, substantially in the form attached hereto as Exhibit A, allowing Movants, in their capacities as holders and/or insurers of bonds issued by the Puerto Rico Infrastructure Financing Authority ("PRIFA"), Puerto Rico Highways and Transportation Authority ("HTA"), and/or Puerto Rico Convention Center District Authority ("CCDA"), to file joint and consolidated reply briefs **of no more than seventy (70) pages**, in excess of the fifteen (15) page limit set forth in the Eleventh Amended Case Management and Administrative Procedures (ECF No. 11885-1 in Case No. 17-3283, the "Case Management Procedures"). In support of this Urgent Motion, Movants respectfully state as follows:

### JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico has subject-matter jurisdiction over this matter pursuant to Section 306(a) of PROMESA.

2. Venue is proper pursuant to Section 307(a) of PROMESA.

**BACKGROUND**

3. On May 30, 2019, Ambac filed its *Motion and Memorandum of Law in Support of its Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (ECF No. 7176, the "PRIFA Lift Stay Motion"). FGIC and Assured subsequently joined the PRIFA Lift Stay Motion.

4. On August 23, 2019, Assured and National filed their *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation for Adequate Protection or, in the Alternative, For Relief from the Automatic Stay* (ECF No. 8536, the "HTA Lift Stay Motion").

5. On January 16, 2020, Movants filed their *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection* (ECF No. 10102, the "Amended HTA Lift Stay Motion").

6. On January 16, 2020, Ambac, FGIC, and Assured filed *Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon's Motion Concerning Application of the Automatic Stay to the Revenues Securing the CCDA Bonds* (ECF No. 10104, the "CCDA Lift Stay Motion").

7. On January 16, 2020, Ambac, Assured, and FGIC filed their *Motion for Leave to Amend Motion of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Financial Guaranty Insurance Company Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (ECF No. 10109, "Motion for

Leave to Amend"). The Court later granted the Motion for Leave to Amend, and on January 31, 2020, Ambac, Assured, and FGIC filed the *Amended Motion of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Financial Guaranty Insurance Company Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (ECF No. 10602, "Amended PRIFA Lift Stay Motion" and together with the Amended HTA Lift Stay Motion and the CCDA Lift Stay Motion, the "Lift Stay Motions").

8. On February 3, 2020, the Financial Oversight and Management Board ("FOMB") filed the *Supplemental Opposition of Commonwealth of Puerto Rico to Amended PRIFA Bondholder Motion to Lift Automatic Stay [ECF NO. 10602]* (ECF No. 10611, the "PRIFA Lift Stay Motion Opposition"); the *Opposition of Financial Oversight and Management Board for Puerto Rico to Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, and Financial Guaranty Insurance Company, for Relief from Automatic Stay or, in the Alternative, Adequate Protection [ECF NO. 673]* (ECF No. 10613, the "HTA Lift Stay Motion Opposition"); and the *Opposition of Commonwealth of Puerto Rico to Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon Concerning Application of Automatic Stay [ECF NO. 10104]* (ECF No. 10615, the "CCDA Lift Stay Motion Opposition," and together with the PRIFA Lift Stay Motion Opposition and the HTA Lift Stay Motion Opposition, the "Oppositions"). The Oppositions each totaled at least sixty (60) pages exclusive of the cover page, tables of contents and authorities, signature pages, exhibits, and the certificate of service, and contained lengthy and extensive footnotes.

9. Also on February 3, 2020, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") and the Official Committee of Unsecured Creditors (the "Committee") each

Case:17-03283-LTS Doc#:12960 Filed:04/27/20 Entered:04/27/20 19:47:32 Desc: Main
Document Page 5 of 15

filed joinders (collectively, the "Joinders") to each of the Oppositions. See ECF Nos. 10639, 10640, 10641 (AAFAF Joinders) and 10634, 10635, and 10636 (Committee Joinders).

10. On February 12, 2020, Movants filed their *Urgent Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company to Adjourn Hearing on Motions for Relief from the Automatic Stay and Extend Deadline for Replies in Support of Motions for Relief from the Automatic Stay* (ECF No. 10841, the "Adjournment Motion"). In the Adjournment Motion, Movants requested additional discovery "critical to the [Movants'] three lift-stay motions and directly relevant to the arguments raised in the FOMB's Oppositions." See Adjournment Motion ¶ 7.

11. On February 14, 2020, this Court ordered "limited discovery relating to factual representations" made by FOMB in the Oppositions (ECF No. 11057).

12. On February 24, 2020, Movants filed two discovery motions, the *Urgent Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation, as Holders and Insurers of HTA Bonds, to Compel Production of Documents Concerning Preliminary Hearing on Lift Stay Motion (ECF NO. 10102)* (ECF No. 11686) and the *Urgent Motion of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Financial Guaranty Insurance Company to Compel Production of Documents Relating to the Preliminary Hearing on the CCDA and PRIFA Lift-Stay Motions* (ECF No. 11687), requesting that FOMB and AAFAF (together, the "Government Parties") produce additional documents and designate a Rule 30(b)(6) witness for a deposition concerning the documents produced and the limited discovery ordered by this Court.

13. On March 5, 2020, this Court ordered the Government Parties to produce additional documents and ordered the Movants and Government Parties to meet and confer concerning the number and scope of Rule 30(b)(6) depositions (ECF No. 12080).

14. On March 10, 2020, this Court entered its *Final Case Management Order for Revenue Bonds* (ECF No. 12186, the "Final Revenue Bonds Order").

15. On March 12, 2020, this Court ordered the Rule 30(b)(6) deposition to go forward on March 18, 2020 (ECF No. 12275). Due to the public health crisis, the Rule 30(b)(6) deposition was delayed and took place on April 21 and 23, 2020.

16. On March 16, 2020, the DRA Parties[2] filed a response to the Amended HTA Lift Stay Motion (ECF No. 12396, the "DRA Parties Response").

17. On March 23, 2020, Movants Assured, Ambac, National, and FGIC filed a reservation of rights (ECF No. 12491), reserving the right to respond to the DRA Parties Response in their reply in support of the Amended HTA Lift Stay Motion.

18. On March 26, 2020, this Court approved the *Joint Stipulation to Modify Certain Deadlines Set Forth in Final Case Management Order for Revenue Bonds* (ECF No. 12700).

19. On April 8, 2020, this Court approved the *Joint Stipulation to Modify Certain Deadlines in Connection with Lift Stay and Related Motions and Revenue Bond Complaints Set Forth in the Court's March 26, 2020 Order [ECF 12540]* (ECF No. 12700, the "Joint Stipulation Order").

---

[2] The "DRA Parties" are (i) AmeriNational Community Services, LLC, as servicer for the GDB Debt Recovery Authority (the "DRA"), and (ii) Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018 and the approved Qualifying Modification for the Government Development Bank for Puerto Rico under Title VI of the *Puerto Rico Oversight, Management and Economic Stability Act*.

20. Pursuant to paragraph 1.a of the Joint Stipulation Order, "[r]eplies in support of the HTA Lift Stay Motion and the CCDA Lift Stay Motion, and supplemental replies in support of the PRIFA Lift Stay Motion, as related to the issues to be considered by the Court during the preliminary hearing . . . shall be due on April 30, 2020 at noon (Atlantic Standard Time)[.]"

21. In accordance with the Joint Stipulation Order, on or before April 30, 2020, at noon, Movants Ambac, Assured, and FGIC plan to file replies in response to the Oppositions, the Joinders, and the DRA Parties Response and in further support of (i) the Amended PRIFA Lift Stay Motion (the "PRIFA Lift Stay Motion Reply"), (ii) the Amended HTA Lift Stay Motion (the "HTA Lift Stay Motion Reply"), and (iii) the CCDA Lift Stay Motion (the "CCDA Lift Stay Motion Reply") (and, collectively with the PRIFA Lift Stay Motion Reply and the HTA Lift Stay Motion Reply, the "Revenue Bond Lift Stay Motion Replies"). Movant National intends to join the HTA Lift Stay Motion Reply.

## BASIS FOR RELIEF REQUESTED

22. Movants respectfully request that they be allowed to exceed the fifteen (15) page limit set forth in Section I.E of the Case Management Procedures for reply memoranda of law in support of motions and instead be allowed to file one joint reply memorandum of law in support of each of the Revenue Bond Lift Stay Motion Replies of no more than seventy (70) pages, exclusive of the cover page, tables of contents and authorities, signature pages, exhibits, certificate of service, and other required certifications.

23. Movants respectfully submit that, to adequately address all points of argument raised in the FOMB's lengthy Oppositions, which included dense footnotes citing extensive caselaw, they will require more than the fifteen (15) pages permitted in the Case Management Procedures. Among other things, each joint memorandum of law will include arguments from up to four Movants. Movants need additional pages to ensure they can include in one memorandum

of law all of the arguments that each Movant intends to raise. Furthermore, Movants need additional space to address relevant evidence uncovered in document and deposition discovery, all of which took place after Movants filed their Lift Stay Motions. In addition, Movants must respond to the DRA Parties Response and the Joinders, substantially increasing the total amount of briefing to which Movants must respond.

24. Paragraph 9 of the Final Revenue Bonds Order requires "[p]arties whose respective positions are aligned" to "use reasonable efforts to draft a single brief and coordinate to minimize duplicative briefs." See Final Revenue Bonds Order ¶ 9. In keeping with this admonition, Movants have been working collaboratively in an effort to file single joint Revenue Bond Lift Stay Motion Replies that will avoid "unduly repetitious" and "duplicative arguments." See id. By endeavoring to synthesize their arguments into single joint briefs of no more than 70 pages for each of the Revenue Bond Lift Stay Motion Replies, Movants are attempting to reduce the total amount of briefing for each of the Revenue Bond Lift Stay Motion Replies by avoiding the need for each Movant to submit its own brief and request additional pages to address all necessary arguments.

25. Movants further submit that, given the overall importance of this proceeding, it is critical and necessary that the Court be fully briefed on all issues to be included in the Lift Stay Motion Replies. Thus, this extension—which is commensurate with page extensions recently granted to FOMB—is crucial to ensure that the Court is fully briefed on all issues.

26. Accordingly, Movants respectfully request authorization to file joint Lift Stay Motion Replies of no more than seventy (70) pages, exclusive of the cover page, tables of contents and authorities, signature page, exhibits, certificate of service, and other required certifications. Movants submit that this request is reasonable and appropriate in light of the circumstances described above.

## NOTICE

27. Notice of this Urgent Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the U.S. Attorney for the District of Puerto Rico; (iii) AAFAF; (iv) FOMB; (v) the Committee; (vi) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; (vii) the insurers of the bonds issued or guaranteed by the Debtors; (viii) certain *ad hoc* groups of holders of bonds issued or guaranteed by the Debtors; and (ix) all parties that have filed a notice of appearance in the above-captioned Title III cases.

## CERTIFICATION

28. In accordance with Section I.H. of the Case Management Procedures, the undersigned counsel certify that they have engaged in reasonable, good-faith communications with counsel for FOMB, AAFAF, the Committee, and the DRA Parties. FOMB, the Committee, and AmeriNational Community Services, LLC (one of the DRA Parties) indicated that they did not object to the relief requested in this Urgent Motion. As of the drafting of this Urgent Motion, Movants had not received a response from the other parties. As required by Local Bankruptcy Rule 9013-1(a)(2), the undersigned counsel certify that counsel has carefully examined the matter and concluded that, in light of the impending April 30 filing deadline for the Revenue Bond Lift Stay Motion Replies, there is a true need for expedited consideration of the Urgent Motion, and that the undersigned counsel have not created the urgency through lack of due diligence on their part.

## NO PRIOR REQUEST

29. No prior request for the relief requested herein has been made by the Movants to this or to any other court.

-9-

WHEREFORE, Movants respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit A granting the relief requested herein and granting such other relief as this Court deems just and proper.

Dated: New York, New York
April 27, 2020

| **CASELLAS ALCOVER & BURGOS P.S.C.** | **CADWALADER, WICKERSHAM & TAFT LLP** |
|---|---|
| By: /s/ Heriberto Burgos Pérez<br>Heriberto Burgos Pérez<br>USDC-PR 204809<br>Ricardo F. Casellas-Sánchez<br>USDC-PR 203114<br>Diana Pérez-Seda<br>USDC-PR 232014<br>P.O. Box 364924<br>San Juan, PR 00936-4924<br>Telephone: (787) 756-1400<br>Facsimile: (787) 756-1401<br>Email: hburgos@cabprlaw.com<br>rcasellas@cabprlaw.com<br>dperez@cabprlaw.com<br><br>*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | By: /s/ Mark C. Ellenberg<br>Howard R. Hawkins, Jr.*<br>Mark C. Ellenberg*<br>William J. Natbony*<br>Ellen M. Halstead*<br>Thomas J. Curtin*<br>Casey J. Servais*<br>200 Liberty Street<br>New York, NY 10281<br>Telephone: (212) 504-6000<br>Facsimile: (212) 504-6666<br>Email: howard.hawkins@cwt.com<br>mark.ellenberg@cwt.com<br>bill.natbony@cwt.com<br>ellen.halstead@cwt.com<br>thomas.curtin@cwt.com<br>casey.servais@cwt.com<br><br>*Admitted *pro hac vice*<br><br>*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

| ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC | WEIL, GOTSHAL & MANGES LLP |
|---|---|
| By: /s/ *Eric Perez-Ochoa*<br>ERIC PÉREZ-OCHOA<br>USDC-PR No. 206,314<br>E-mail:  epo@amgprlaw.com<br><br>By: */s/Luis A. Oliver-Fraticelli*<br>LUIS A. OLIVER-FRATICELLI<br>USDC-PR NO. 209,204<br>E-mail:  loliver@amgprlaw.com<br><br>208 Ponce de Leon Ave., Suite 1600<br>San Juan, PR 00936<br>Tel.:     (787) 756-9000<br>Fax:     (787) 756-9010<br><br>*Counsel for National Public Finance Guarantee Corp.* | By: /s/ *Robert Berezin*<br>MARCIA GOLDSTEIN*<br>JONATHAN POLKES*<br>GREGORY SILBERT*<br>ROBERT BEREZIN*<br>767 Fifth Avenue<br>New York, New York 10153<br>Tel.:     (212) 310-8000<br>Fax:     (212) 310-8007<br>Email:  marcia.goldstein@weil.com<br>            jonathan.polkes@weil.com<br>            gregory.silbert@weil.com<br>            robert.berezin@weil.com<br><br>*admitted pro hac vice*<br><br>*Counsel for National Public Finance Guarantee Corp.* |

| | |
|---|---|
| FERRAIUOLI LLC | MILBANK LLP |
| By:/s/ *Roberto Cámara-Fuertes*<br>    ROBERTO CÁMARA-FUERTES<br>    USDC-PR NO. 219,002<br>    E-mail: rcamara@ferraiuoli.com<br><br>By:/s/ *Sonia Colón*<br>    SONIA COLÓN<br>    USDC-PR NO. 213809<br>    E-mail: scolon@ferraiuoli.com<br><br>221 Ponce de Leon Ave., 5th Floor<br>San Juan, PR 00917<br>Tel.: (787) 766-7000<br>Fax: (787) 766-7001<br><br>*Counsel for Ambac Assurance Corporation* | By:/s/ *Atara Miller*<br>    DENNIS F. DUNNE*<br>    ATARA MILLER*<br>    GRANT R. MAINLAND*<br>    JOHN J. HUGHES*<br>    55 Hudson Yards<br>    New York, New York 10001<br>    Tel.: (212) 530-5000<br>    Fax: (212) 530-5219<br>    Email: ddunne@milbank.com<br>             amiller@milbank.com<br>             gmainland@milbank.com<br>             jhughes2@milbank.com<br><br>*admitted pro hac vice<br><br>*Counsel for Ambac Assurance Corporation* |

ARENT FOX LLP


By: /s/ *David L. Dubrow*
    DAVID L. DUBROW*
    MARK A. ANGELOV*
    1301 Avenue of the Americas
    New York, New York 10019
    Tel.:    (212) 484-3900
    Fax:    (212) 484-3990
    Email:    david.dubrow@arentfox.com
                mark.angelov@arentfox.com


By: /s/ *Randall A. Brater*
    RANDALL A. BRATER*
    1717 K Street, NW
    Washington, DC 20006
    Tel.:    (202) 857-6000
    Fax:    (202) 857-6395
    Email:    randall.brater@arentfox.com

*admitted pro hac vice

*Counsel for Ambac Assurance Corporation*

| | |
|---|---|
| REXACH & PICÓ, CSP | BUTLER SNOW LLP |
| By: */s/ María E. Picó* <br> María E. Picó <br> USDC-PR 123214 <br> 802 Ave. Fernández Juncos <br> San Juan PR 00907-4315 <br> Telephone: (787) 723-8520 <br> Facsimile: (787) 724-7844 <br> E-mail: mpico@rexachpico.com <br><br> *Attorney for Financial Guaranty Insurance Company* | By: */s/ Martin A. Sosland* <br> Martin A. Sosland (*pro hac vice*) <br> 5430 LBJ Freeway, Suite 1200 <br> Dallas, TX 75240 <br> Telephone: (469) 680-5502 <br> Facsimile: (469) 680-5501 <br> E-mail: martin.sosland@butlersnow.com <br><br> **Admitted pro hac vice in Case No. 17-BK-03283-LTS and Case No. 17-BK-03567-LTS* <br><br> Jason W. Callen <br> 150 3rd Ave., S., Suite 1600 <br> Nashville, TN 37201 <br> Telephone: 615-651-6774 <br> Facsimile: 615-651-6701 <br> Email: jason.callen@butlersnow.com <br><br> **Admitted pro hac vice in Case No. 17-BK-03283-LTS and Case No. 17-BK-03567-LTS* <br><br> *Attorneys for Financial Guaranty Insurance Company* |

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case.

At New York, New York, the 27th day of April, 2020.

By: /s/ *Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*
*Admitted pro hac vice