# KASOWITZ BENSON TORRES LLP

<table>
<tr><td>ANDREW K. GLENN<br>DIRECT DIAL: (212) 506-1747<br>DIRECT FAX: (212) 835-5047<br>AGLENN@KASOWITZ.COM</td><td>1633 BROADWAY<br>NEW YORK, NEW YORK 10019<br>(212) 506-1700<br>FAX: (212) 506-1800</td><td>ATLANTA<br>HOUSTON<br>LOS ANGELES<br>MIAMI<br>NEWARK<br>SAN FRANCISCO<br>SILICON VALLEY<br>WASHINGTON DC</td></tr>
</table>

March 24, 2020

**VIA EMAIL**

Martin J. Bienenstock, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299
mbienenstock@proskauer.com

      Re: *Ambac Assurance Corporation v. Autopistas Metropolitanas de Puerto Rico, LLC*, No. 3:20-cv-01094-PAD

Dear Mr. Bienenstock:

      We write in response to your letter, dated March 13, 2020, in which you claim that Ambac Assurance Corporation ("Ambac") violated the automatic stay by filing its complaint (the "Complaint") against Autopistas Metropolitanas de Puerto Rico, LLC ("Metropistas"). Ambac has done no such thing, and your letter is conspicuously devoid of legal authority to support your flawed arguments.

      The automatic stay "is designed to forfend against the disorderly, piecemeal dismemberment of the debtor's estate outside the bankruptcy proceedings."[1] Thus, section 362(a)(3) of the Bankruptcy Code, which is expressly incorporated into PROMESA, proscribes "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."[2] The Supreme Court has held that section 362 only bars acts that are designed to "[take] something from [a debtor]" or "exercise[] dominion over property that belong[s] to [a debtor]."[3]

      Far from "taking something" from the Commonwealth or PRHTA, or "exercising dominion" over their property, the Complaint seeks relief *only* from Metropistas that would have

---

[1]     *Mann v. Chase Manhattan Mortg. Corp.*, 316 F.3d 1, 3 (1st Cir. 2003).
[2]     11 U.S.C. § 362(a)(3).
[3]     *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 21 (1995).

KASOWITZ BENSON TORRES LLP

Martin J. Bienenstock, Esq.
March 24, 2020
Page 2

an effect *only* on Metropistas's property.

*First*, as you acknowledge in your letter, rather than seeking to interfere with PRHTA's contractual interests, Ambac is merely "seeking to avoid *transfers* based on contracts entered into by HTA and Metropistas" (emphasis added). Indeed, the Complaint "seeks an order rescinding the Extension Agreement *to the extent necessary to satisfy [Ambac's] claims against PRHTA*." See Dkt. No. 1, ¶ 80 (emphasis added). Ambac does not seek to rescind the Extension Agreement, or the return of the concession rights conveyed thereunder.[4] Instead, it seeks money damages measured by Metropistas's failure to pay reasonably equivalent value to PRHTA. Under Puerto Rico law, where, as here, rescission of a fraudulent transfer *in toto* is impossible, a party liable for the fraudulent transfer must indemnify the creditor-plaintiff for its "losses and damages." 31 L.P.R.A. § 3499. That is all Ambac seeks here.

*Second*, the unjust enrichment claims asserted in the Complaint are not "the property of HTA" and your letter fails to show otherwise. Furthermore, as explained in the Complaint,[5] PRHTA's right under section 544(b) of the Bankruptcy Code to seek avoidance of the relevant fraudulent transfers is deemed abandoned as a matter of law because PRHTA failed to commence an action against Metropistas within the two-year limitations period prescribed in section 546(a) of the Bankruptcy Code.[6]

*Third*, Ambac does not seek to enforce a lien "against property of HTA" in violation of section 362(a)(4) of the Bankruptcy Code. The Complaint seeks a declaration that Ambac "has a valid, continuing lien on the toll revenues collected by Metropistas *for its own account*[.]" See Dkt. No. 1, ¶ 95 (emphasis added). The revenues collected by Metropistas for its own account are not property of PRHTA. As such, there can be no violation of section 362(a)(4) of the Bankruptcy Code.[7]

---

[4] As such, contrary to your unfounded assertion, Ambac is *not* "seeking to revert property transfers made to the Debtors pursuant to the contracts" with PRHTA.

[5] *See* Dkt. No. 1, ¶ 68.

[6] *See Hatchett v. United States*, 330 F.3d 875, 886 (6th Cir. 2003) (an individual creditor can pursue a fraudulent conveyance claim after it has been abandoned by the trustee); *Klingman v. Levinson*, 114 F.3d 620, 629 (7th Cir. 1997) ("The filing of the bankruptcy petition did nothing to pretermit the fraudulent conveyance action . . . it had the temporary effect of staying that action[.]"). Sections 544 and 546 of the Bankruptcy Code apply to cases under PROMESA pursuant to 48 U.S.C. § 2161.

[7] *Pioneer Commercial Funding Corp. v. United Airlines, Inc.*, 122 B.R. 871, 878 (S.D.N.Y. 1991) ("there is no authority supporting the proposition that the funds already received by United, a non-bankrupt third-party, are property of Presidential's estate. Thus, the Bank Group's action is not an attempt to enforce a lien against property of the estate.").

KASOWITZ BENSON TORRES LLP

Martin J. Bienenstock, Esq.
March 24, 2020
Page 3

      In light of the foregoing, Ambac has not violated the automatic stay, and your letter fails to articulate any basis to conclude otherwise. Ambac reserves all rights, and waives none.

Sincerely,

Andrew K. Glenn