# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br><br>**Re: ECF No. 12772, 12824** |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |

### RESPONSE OF THE COMMONWEALTH OF PUERTO RICO TO MOTION TO BE EXCLUDE FROM LAW PROMESA FILED BY OBE E. JOHNSON

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") respectfully submits this response (the "Response") to the *Motion to be Exclude from Law PROMESA* [ECF No. 12772] (the "Motion") filed by Obe E. Johnson, *pro se* ("Movant"), the plaintiff in the cases captioned *Johnson v. Morel et al.,* Case No. 19-1534 (the "Appeal"), pending before the United States Court of Appeals for the First Circuit (the "First Circuit") on appeal from Case No. 09-01172 (the "Habeas Corpus Action") before the United States District Court for the District of Puerto Rico (the "District Court"), and *Johnson v. Porrate-Doria, et al.*, Case No. 14-1841 (the "Prepetition Damages Action"), before the District Court.[2]

## BACKGROUND

**The Habeas Corpus Petitions**

1.  On February 20, 2009, Movant filed an application of habeas corpus under 28 U.S.C. § 2254 with the District Court, claiming that "his sentence was unlawful and that the evidence was insufficient and that three consecutive terms totaling thirty-five (35) years in prison was unjust." Opinion and Order, *Johnson v. Morel*, Case No. 09-1172 (D.P.R. entered Jun. 24, 2009), ECF No. 9. The District court denied Movant's petition for habeas corpus on June 24, 2009. *Id.*

2.  On October 31, 2011, the First Circuit denied Movant's request to file a successive petition for habeas corpus under 28 U.S.C. § 2254. Judgment, *Johnson v. Morel*, Case No. 09-1172 (D.P.R. filed Nov. 1, 2011), ECF No. 15.[3]

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Response on behalf of the Commonwealth.

[3] Movant also filed a successive petition with the First Circuit, which was denied. Judgment, *Johnson v. The Village of Puerto Rico*, Case No. 16-8052 (1st Cir. entered Aug. 11, 2017).

3. On June 3, 2019, Movant filed an appeal of the District Court's decision denying Movant's petition for habeas corpus in the Habeas Corpus Action, which remains pending before the First Circuit. *Johnson v. Morel, et al.*, Case No. 19-1534 (1st Cir. filed Jun. 3, 2019).

**The Prepetition Damages Action**

4. On November 18, 2014, Movant commenced an action, captioned *Johnson v. Porrate-Doria, et al.*, Case No. 14-1841 (D.P.R. Nov. 18, 2014),[4] alleging that he lost his company because he was wrongfully convicted of several crimes in the Puerto Rico court, and was sentenced and imprisoned. Movant seeks monetary compensation of twenty-five million dollars ($25,000,000.00).

5. On July 10, 2015, the Commonwealth filed its *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6)*. *Johnson v. Porrate-Doria, et al.*, Case No. 14-1841 (D.P.R. filed July 10, 2015), ECF No. 19.

6. On October 23, 2015, the District Court dismissed, with prejudice, the Prepetition Damages Action, holding that Movant failed to state a claim on which relief may be granted because he cannot show that his conviction has been invalidated. *Id.*, ECF Nos. 28 & 29.

7. On January 11, 2016, the District Court denied Movant's *Motion Requesting Order*, to the extent that Movant seeks reconsideration of the District Court's decision dismissing, with prejudice, all of Movant's claims in the Prepetition Damages Action. *Id.*, ECF No. 32. No appeal of the District Court's decisions was filed.

---

[4] Movant filed his complaint in the U.S. District Court for the Eastern District of Pennsylvania, which was transferred to the U.S. District Court for the District of Puerto Rico on November 21, 2014. *Johnson v. Porrate-Doria, et al.*, Case No. 14-1841 (D.P.R. filed Nov. 21, 2014), ECF No. 6.

**The Lift Stay Motion**

8. On April 15, 2020, Movant filed the Motion in which he alleges to be illegally incarcerated and seeking relief on appeal before the First Circuit through a writ of habeas corpus. Movant requests that "law PROMESA should not be referred to me" and requests compensation from the Commonwealth as result of his alleged illegal incarceration. *See* Motion at 2. Movant did not specify any particular prepetition action in his Motion, but attached exhibits in connection with the Appeal and Prepetition Damages Action.

9. On April 15, 2020, the Court entered an *Order Scheduling Briefing of Motion filed by Obe E. Johnson* in connection with the Motion (the "Scheduling Order") directing the Commonwealth to submit its response by April 29, 2020. [ECF No. 12824].

10. The Commonwealth interprets the Motion to be a request for relief from the automatic stay under Bankruptcy Code section 362(a), made applicable to the Commonwealth's Title III case by PROMESA section 301(a) (the "Title III Stay").

## THE COMMONWEALTH'S RESPONSE

**The Appeal and Habeas Corpus Action**

11. With respect to the Appeal and the Habeas Corpus Action, the Commonwealth agrees to a limited modification of the Title III Stay to allow (i) the Appeal and Habeas Corpus Action to proceed to final judgment, and (ii) for the execution and enforcement of any judgment solely with respect to Movant's request for equitable relief; provided, however, that the Title III Stay shall continue to apply in all other respects to the Appeal and the Habeas Corpus Action, including, without limitation, the execution and enforcement of any judgment for any claims for money damages and provisional remedies against the Commonwealth or any other Title III debtor.

12. Nothing contained in this Response should be construed as a waiver or modification of the Title III Stay to allow the prosecution against the Commonwealth of any claim by anyone other than Movant as provided for herein, and the Commonwealth reserves all rights, defenses, and protections with respect to any other motions for relief of stay or any other matters pending in the Commonwealth's Title III case.

**The Prepetition Damages Action**

13. With respect to the Prepetition Damages Action, the Court should deny Movant's request for relief from the Title III Stay. The Prepetition Damages Action was dismissed years ago, and no timely appeal was filed. For these and additional reasons set forth below, Movant has failed to show cause exists to lift or modify the Title III Stay pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") to allow the Prepetition Damages Action to proceed.

14. Upon commencement of a Title III case, Bankruptcy Code section 362(a), made applicable by section 301(a) of PROMESA, provides for an automatic stay of certain actions by non-debtor third parties including, among other things, "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." 11 U.S.C. § 362(a). The application of Bankruptcy Code section 362(a) to the Commonwealth's Title III case was specifically confirmed by this Court pursuant to the *Order Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365 and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* [ECF No. 543].

15. "The automatic stay is among the most basic of debtor protections under bankruptcy law." *Soares v. Brockton Credit Union (In re Soares)* 107 F. 3d 969, 975 (1st Cir. 1997) (citing *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 503 (1986). The stay "is extremely broad in scope and, 'aside from the limited exceptions of subsection (b), applies to almost any type of formal or informal action taken against the debtor or the property of the estate." *Montalvo v. Autoridad de Acueductos y Alcantarillados (In re Montalvo)*, 537 B.R. 128, 140 (Bankr. D.P.R. 2015). The broad scope of the automatic stay serves one of the cardinal purposes of bankruptcy and provides the debtor with a "breathing spell" essential to (a) the preservation of the debtor's property for the collective benefit of the creditors and (b) the debtor's ability to administer its case and engage in restructuring efforts without undue distraction or interference. *See Unisys Corp. v. Dataware Prods., Inc.*, 848 F.2d 311, 313 (1st Cir. 1988) ("[T]he automatic stay gives the debtor a 'breathing spell from his creditors' and forestalls a 'race of diligence by creditors for the debtor's assets.'" (citation omitted)); *In re Jefferson Cnty.*, 491 B.R. 277, 285 (Bankr. N.D. Ala. 2013) (explaining that a key purpose of municipal bankruptcy is "the breathing spell provided by the automatic stay" and stating "[i]f the automatic stay is to be lifted routinely to allow claimants to assert their claims in state court, a municipality will not have the time, opportunity or ability to confirm a plan"); *Mass. Dep't of Revenue v. Crocker (In re Crocker)*, 362 B.R. 49, 56 (B.A.P. 1st Cir. 2007) (quoting H.R. Rep. No. 95-595 at 340 (1977)) ("[O]ne of the fundamental purposes of the automatic stay is to give the debtor 'a breathing spell from his creditors' and 'to be relieved of the financial pressures that drove him into bankruptcy.'"); *Delpit v. Commissioner,* 18 F.3d 768 (9th Cir. 1994) ("Congress intended to give debtors a breathing spell from their creditors and *to stop all collection efforts*, all harassment, and all foreclosure actions.") (internal quotes and citations omitted) (emphasis added).

16. An order lifting the automatic stay is an "extraordinary remedy." *In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 757 (Bankr. S.D.N.Y. 1997). Bankruptcy Code section 362(d)(1), made applicable by PROMESA section 301(a), provides that a court may grant relief from the automatic stay "for cause." *See* 11 U.S.C. § 362(d)(1). "Cause" is not defined in the Bankruptcy Code. *In re Unanue-Casal*, 159 B.R. 90, 95–96 (D.P.R. 1993), *aff'd* 23 F.3d 395 (1st Cir. 1994). To determine whether "cause" exists to grant relief from the stay, courts examine numerous different factors, including those set forth in *Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990):

(1) whether relief would result in complete or partial resolution of the issues;

(2) the lack of any connection with or interference with the bankruptcy case;

(3) whether the foreign proceeding involves the debtor as fiduciary;

(4) whether a specialized tribunal has been established to hear the cause of action at issue;

(5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

(6) whether the action essentially involves third parties rather than the debtor;

(7) whether the litigation could prejudice the interest of other creditors;

(8) whether a judgment in the foreign action is subject to equitable subordination;

(9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor;

(10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties;

(11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

(12) the impact of the stay on the parties and the "balance of hurt."

*In re Sonnax Indus.*, 907 F.2d at 1286.

17. Courts in this Circuit have adopted these "*Sonnax* factors." *See Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing *Sonnax*, at 1286; *C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*, 369 B.R. 87, 94-5 (D.P.R. 2007)); *In re Unanue-Casal*, 159 B.R. at 95–96; *Peaje Invs. LLC v. Garcia-Padilla*, 2016 U.S. Dist. LEXIS 153711, at *13 (D.P.R. Nov. 2, 2016); *Fin. Oversight & Mgmt. Bd. v. Ad Hoc Grp. of PREPA Bondholders (In re Fin. Oversight & Mgmt. Bd.)*, 899 F.3d 13, 23 (1st Cir. 2018) ("We agree with the parties that the factors identified by the Second Circuit in Sonnax and recited by the Title III court provide a helpful framework for considering whether the Title III court should permit litigation to proceed in a different forum.").

18. No one factor is dispositive; instead, courts "engage in an equitable, case-by-case balancing of the various harms at stake" and will lift the stay only if the harm engendered by allowing the stay to remain in place outstrips the harm caused by lifting it. *Brigade*, 217 F. Supp. 3d at 529 n.12. Movant bears the burden of establishing cause, *id.*, and when the movant is not a secured claimholder asserting a lack of adequate protection, that burden is a high one. *See In re Breitburn Energy Partners LP*, No. 16-10992, 2017 WL 1379363, at *4 (Bankr. S.D.N.Y. Apr. 14, 2017).

19. Here, Movant seeks preferential treatment on his potential claim against the Commonwealth, which would undermine the purpose of the automatic stay "to prevent interference with, or diminution of, the debtor's property." *In re Cuba Electric & Furniture Corp.*, 430 F. Supp. 689 (D.P.R. 1977); *see also In re Mu'min*, 374 B.R. 149, 162 (Bankr. E.D. Pa. 2007) (allowing creditors to get a "head start on collection [is] precisely what the Bankruptcy Code was designed to prevent so that creditors could share equally in the distribution of available assets.").

8

The *Sonnax* factors point squarely toward maintaining the automatic stay and against the relief Movant seeks in connection with the Prepetition Damages Action.

1. ***Sonnax* Factor 1:*** The first *Sonnax* factor—whether relief would result in complete or partial resolution of the issues—weighs against modifying the automatic stay. Here, Movant does not identify any bankruptcy issue related to the Title III case that would be resolved by allowing Movant to continue the prosecution of the Prepetition Damages Action or enforcement of any judgment. Indeed, the District Court dismissed, with prejudice, the Prepetition Damages Action, and no timely appeal was filed. *Johnson v. Porrate-Doria, et al.*, Case No. 14-1841 (D.P.R. filed July 10, 2015), ECF Nos. 28 & 29. Therefore, the first *Sonnax* factor supports denying the Motion.

2. ***Sonnax* Factor 2**: The second *Sonnax* factor—the lack of any connection with or interference with the bankruptcy case—does not support modifying the stay. The Commonwealth would be required to devote resources to respond to Movants claims that have already been dismissed with prejudice in the Prepetition Damages Action, which would interfere with its Title III case and overall restructuring by diverting critical funds from its recovery efforts and payment of all similarly situated creditors pursuant to a plan of adjustment.

3. Additionally, should every plaintiff with an asserted prepetition claim be given *carte blanche* to litigate and/or execute their claims, the combined result would have a substantial and negative impact on the Commonwealth's fiscal plan and budget. This would impede the restructuring process, and thus, should be avoided. *See, e.g., In re Residential Capital, LLC*, No. 12-12020, 2012 WL 3860586, at *6 (Bankr. S.D.N.Y. Aug. 8, 2012) (denying lift-stay motion in part because "[t]he new litigation in non-bankruptcy courts would hinder the Debtors' attempts to reorganize by forcing the Debtors to utilize time and resources that would otherwise be spent in

resolution of the Debtors' chapter 11 cases."). Thus, *Sonnax* factor 2 weighs in favor of denying the Motion. *See Brigade*, 217 F. Supp. 3d at 529 n.12 (holding that movant bears the burden of establishing cause).

4. ***Sonnax* Factor 4**: The fourth *Sonnax* factor—whether a specialized tribunal has been established to hear the cause of action at issue—does not support granting the Motion. No specialized tribunal has been established to hear the Prepetition Damages Action, which was filed in the District Court. Thus, *Sonnax* factor 4 weighs in favor of denying the Motion.

5. ***Sonnax* Factor 5**: The fifth *Sonnax* factor—whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation—does not support granting the Motion. No insurer of the Commonwealth has assumed any financial responsibility in connection with the Prepetition Damages Action. Thus, *Sonnax* factor 5 does not support granting the Motion.

6. ***Sonnax* Factor 6**: The sixth *Sonnax* factor—whether the action essentially involves third parties rather than the debtor—does not support granting the Motion. This factor is not based on whether third parties are involved, but rather whether the prepetition action primarily involves third parties *rather than* the debtor. *See In re Residential Capital, LLC*, 2012 Bankr. LEXIS 3641, at *20 (Bankr. S.D.N.Y. Aug 8, 2012) ("The court should not grant relief from the stay under the sixth *Sonnax* factor if the debtor is the main party to the litigation."); *Grayson v. WorldCom, Inc. (In re WorldCom, Inc.)*, 2006 U.S. Dist. LEXIS 55284, at *33 (S.D.N.Y. Aug 4, 2006) ("Grayson offers no argument or claim to show how the Bankruptcy Court abused its discretion in determining that Grayson's claim in this action did not primarily involve third parties." (emphasis in original)).

10

7. Here, the Prepetition Action does not involve primarily third parties. Movant filed suit against the Commonwealth; his former attorney, Fabiola Acuron Porrate-Doria; and the Puerto Rico Corrections Administration, an agency of the Commonwealth.[5] Movant fails to show how any non-debtor parties in the Prepetition Damages Action are the *primary parties* to the action. *See Brigade*, 217 F. Supp. 3d at 529 n.12 (holding that movant bears the burden of establishing cause). Therefore, *Sonnax* factor 6 weighs in favor of denying the Motion.

8. ***Sonnax* Factor 7**: The seventh *Sonnax* factor—whether the litigation could prejudice the interest of other creditors—does not support granting the Motion. Courts have denied requests to lift the automatic stay where the debtor would be required to expend its limited resources to defend against litigation. *See, e.g., In re Plumberex Specialty Prod., Inc.*, 311 B.R. 551, 563-64 (Bankr. C.D. Cal. 2004) (rejecting effort to lift stay in part because "the cost of protracted litigation of a separate proceeding in a non-bankruptcy forum would prejudice the interests of other creditors of the estate"); *In re Motors Liquidation Co.*, No. 09- 50026, 2010 WL 4630327, at *4 (S.D.N.Y. 2010) (finding no abuse of discretion where bankruptcy court concluded in denying lift-stay motion that "allowing Appellant to proceed with the ERISA suit would force [debtor] to expend estate resources to defend that" and thus "would prejudice the interests of other creditors"). *see also In re City of Stockton*, 484 B.R. 372, 379 (Bankr. E.D. Cal. 2012) (declining to lift stay in part because it "will deplete the coffers of the City treasury").

9. Here, the Commonwealth would have to expend time and expense to respond to any further papers Movant may file in connection with the already dismissed claims. The depletion of the Commonwealth's resources to attend to such responses, and the diversion of the

---

[5] The District Court *sua sponte* dismissed, with prejudice, Movant's claims against Defendants Porrate-Doria and the Puerto Rico Corrections Administration. *Johnson v. Porrate-Doria, et al.*, Case No. 14-1841 (D.P.R. filed July 10, 2015), ECF Nos. 28 & 29.

11

Commonwealth's attention to proceed expeditiously through its Title III case would inure to the detriment of the Commonwealth's other creditors. Accordingly, *Sonnax* factor 7 does not support granting the Motion.

10. ***Sonnax* Factors 10 and 11:** The interest of judicial economy and the status of the Prepetition Damages Action also weigh against stay relief. As discussed above, the Prepetition Damages Action has been dismissed, with prejudice, and not timely appeal was filed. Movant does not (and cannot) explain why cause exists for relief from the automatic stay to continue to prosecute the Prepetition Damages Action, and indeed, it would be a waste of judicial resources to continue litigation of such dismissed claims. Thus, *Sonnax* factors 10 and 11 weigh in favor of denying the Motion.

11. ***Sonnax* Factor 12:** Balancing of the harms clearly favors denial of the Motion. The impact on the Commonwealth if the Motion were to be granted with respect to the Prepetition Damages Action would outweigh any harm that Movant would suffer if the automatic stay remains in place. The diversion of the Commonwealth's resources to respond to Movant's potential filings in connection with the already dismissed claims, and the prejudice to the interests of other similarly situated creditors all weigh in favor of continuing the automatic stay.

12. On the other hand, Movant will not suffer hardship from the Title III Stay in connection with his already dismissed claims. Furthermore, any further claim Movant may have that has not already been dismissed with prejudice can and should be dealt with during the Title III claims process, as any other creditor's claims. Thus, on balance, *Sonnax* factor 12 weighs in favor of denying the Motion.[6]

---

[6] The remaining *Sonnax* factors ((3) whether the foreign proceeding involves the debtor as fiduciary; (8) whether a judgment in the foreign action is subject to equitable subordination; and (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor) are not addressed as they are inapplicable here.

**WHEREFORE**, the Commonwealth respectfully requests that the Court grant a partial modification of the Title III Stay, as detailed herein, deny the Motion in all other respects, and enter the Proposed Order attached hereto as **Exhibit A**.

Dated: April 29, 2020
San Juan, Puerto Rico

Respectfully submitted,

**DENNISE N. LONGO-QUIÑONES**
Secretary of Justice

**WANDYMAR BURGOS-VARGAS**
Deputy Secretary in Charge of Litigation

*/s/ Susana I. Peñagarícano-Brown*
**SUSANA I. PEÑAGARÍCANO-BROWN**
USDC-PR No. 219907
Director of Legal Affairs
Federal Litigation and Bankruptcy Division
Department of Justice of Puerto Rico
Federal Litigation Division
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Email: spenagaricano@justicia.pr.gov
Phone: (787)721-2900, ext. 1411

*Attorneys for the Commonwealth of Puerto Rico*

# EXHIBIT A

# PROPOSED ORDER

Case:17-03283-LTS Doc#:12968 Filed:04/29/20 Entered:04/29/20 11:37:12 Desc: Main
Document Page 14 of 18

**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[7] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 12772, 12824**<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
BE EXCLUDE FROM LAW PROMESA FILED BY OBE E. JOHNSON**

Upon consideration of the *Motion to be Exclude from Law PROMESA* (the "Motion")[8]

[ECF No. 12772] filed by Obe E. Johnson, *pro se* (the "Movant"), and the *Response of the*

---

[7] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[8] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Response.

*Commonwealth of Puerto Rico to Motion to Exclude from Law PROMESA* (the "Response") [ECF No. _____] filed by the Commonwealth of Puerto Rico (the "Commonwealth"):

**IT IS HEREBY ORDERED THAT:**

1. The automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a), as made applicable to this case by PROMESA section 301(a) (the "Title III Stay"), is hereby modified solely to the limited extent necessary to allow (i) the Appeal and Habeas Corpus Action to proceed to final judgment, and (ii) for the execution and enforcement of any judgment solely with respect to Movant's request for equitable relief; provided, however, that the Title III Stay shall continue to apply in all other respects to the Appeal and the Habeas Corpus Action, including, without limitation, the execution and enforcement of any judgment for any claims for money damages and provisional remedies against the Commonwealth or any other Title III debtor.

2. The Motion is denied in all other respects, and the automatic stay remains in place, except as expressly provided in Paragraph 1 of this Order.

3. Nothing contained in this Order shall operate as modification of the Title III Stay so as to permit the prosecution against the Commonwealth or any of the other Title III debtors of any claim or claims by anyone other than Movant as provided for herein.

4. Nothing contained in this Order shall operate as waiver of the respective rights, defenses, and protections of the Commonwealth and Movant with respect to any matters pending or that may arise in this case, including the treatment of any claim arising from the Appeal or the Prepetition Action under a plan of adjustment or otherwise.

5. Further requests to modify the Title III Stay must be made in accordance with the *Order Amending Case Management Procedures* (as amended from time to time, the "Case Management Order"), which revised the *Notice, Case Management and Administrative*

2

*Procedures* to implement a protocol (the "Lift Stay Protocol") (Docket Entry No. 11885-1). Nothing contained in this Order shall preclude Movant from seeking further relief from the Title III Stay in accordance with the Lift Stay Protocol.

6. This Order shall not be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movant in the Appeal, the Habeas Corpus Action, and the Prepetition Damages Action, or assert any related rights, claims, or defenses and all such rights are reserved; (c) a waiver of Movant's or the Commonwealth's rights to determine and/or contest the applicability of a discharge to any judgment that may be issued in the Appeal, the Habeas Corpus Action, or the Prepetition Damages Action pursuant to 11 U.S.C. § 944, as made applicable to these proceedings by virtue of PROMESA section 301(a); or (d) an approval or assumption of any agreement or contract between the Commonwealth and Movant under Bankruptcy Code section 365.

7. This Order shall not be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than Movant as expressly provided in this Order), or (b) evidence of any willingness or obligation on the Commonwealth's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities.

8. The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Order.

10. This Order resolves docket entry no. 12772 in case no. 17-3283.

SO ORDERED.

Dated: _____, 2020

_____
THE HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT COURT JUDGE