# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 03283-LTS<br><br>(Jointly Administered)<br><br><br>**<u>OBJECTION EXPECTED</u>** |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 03566-LTS |

## URGENT MOTION OF UBS FINANCIAL SERVICES INCORPORATED OF <u>PUERTO RICO TO AMEND THE COURT'S APRIL 22, 2020 ORDER</u>

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

UBS Financial Services Incorporated of Puerto Rico ("UBS Financial"), by and through

the undersigned counsel, moves (the "Urgent Motion") this Court for an Order pursuant to Rule

9023 of the Federal Rules of Bankruptcy Procedure, made applicable to the above-captioned

cases by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act of

2016 ("PROMESA"), 48 U.S.C. § 2170, amending its April 22, 2020 ruling denying the

*Renewed Motion of UBS Financial Services Incorporated of Puerto Rico for Relief From the*

*Automatic Stay* (Dkt. No. 12561, the "Renewed Motion").  In support of this Urgent Motion,

UBS Financial states as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this matter pursuant to PROMESA

§ 306(a).

2.      Venue is proper in this Court pursuant to PROMESA § 307(a).

## REQUEST FOR RELIEF[2]

3.      UBS Financial reluctantly returns to this Court to seek clarification of the Court's

*Order Denying Renewed Motion of UBS Financial Services Incorporated of Puerto Rico for*

*Relief from the Automatic Stay and Clarifying the Scope of the Automatic Stay* (Dkt. No. 12946,

the "Order") because counsel for the ERS has misleadingly suggested to the Commonwealth

Court that this Court found that the counterclaims were unrelated to the claims already pending

in the Commonwealth Court.  UBS Financial believes the Order is perfectly clear and expresses

no opinion regarding the scope of the claims in the Commonwealth Court or the relation of the

---

[2]    Capitalized terms not defined herein shall have the meanings ascribed to them in the
Renewed Motion.

counterclaims to the pre-existing pleadings.  Nevertheless, because the ERS's[3] counsel has tried

to create a false impression of the scope of this Court's rulings, UBS Financial respectfully

requests that the Court clarify the Order[4] to resolve any potential confusion by the

Commonwealth Court.

4.      UBS Financial seeks urgent relief because the Commonwealth Court may rule on

the motion to strike its counterclaims at any time.  Pursuant to the Court's Case Management

Procedures and Local Bankruptcy Rule 9013-1, UBS Financial conferred with counsel to the

Oversight Board and counsel to the ERS and individual plaintiffs in the ERS Action prior to

filing this Urgent Motion. UBS Financial requested that the ERS withdraw their informative

motion filed in Commonwealth Court.  Counsel refused to consent to UBS Financial's requested

relief.

5.      From the outset of this dispute, counsel for the ERS has consistently represented

to this Court that the Commonwealth Court should have sole discretion to decide whether the

counterclaims are relevant to the litigation in that court.  At the December 11, 2019 hearing on

UBS Financial's original motion to lift the automatic stay, the Court questioned Mr. Vicente:

> [W]hy shouldn't the state Court, the Commonwealth Court have the opportunity
> to decide whether it believes these counterclaims should be entertained in that
> litigation, rather than me taking a perspective on what is or isn't relevant to the
> state court litigation?

---

[3]  While purporting to represent only the individual plaintiffs to the ERS Action in this Court,
the same lawyers represent both the individual plaintiffs and the ERS in the ERS Action.
Friday's misleading filing made in the ERS Action was filed on behalf of the ERS and
individual plaintiffs.

[4]  UBS Financial has included a revised proposed order (the "Amended Order") as Exhibit A.
A redline of the Amended Order to the original Order is attached hereto as Exhibit B.

2

(12/11/19 Hr'g Tr. at 117:4-9)  Mr. Vicente responded:  "As a matter of fact, I agree that the

Commonwealth Court is the only Court that can decide whether it is going to allow an untimely

filing of a counterclaim."  (*Id.* at 117:17-19)  He stated again, "[F]or reasons of comity, the Court

of the Commonwealth is the only one who can decide whether it is going to allow the

presentation of that counterclaim at this stage of the proceedings."  (*Id.* at 119:17-21)

6.          Mr. Vicente expressed concern that a ruling from this Court could unduly

influence the Commonwealth Court and therefore requested that the partial lift stay order "make

it pellucidly clear again that if you were to allow this to go forward, for the presentation of that

motion [for UBS Financial to file its counterclaims], the Court has – it's a decision for the Court

of First Instance, the Court of the Commonwealth to decide."  (*Id.* at 121:9-13; *see also id.* at

118:3-10 (expressing concern that the Court should not issue an order that "contain[s] language

that seems to suggest that this Court is ordering the Court of the Commonwealth to accept the

proposed counterclaim"))  He further explained the reason for his proposed language:  "I don't

want you to send the wrong message, a message that can be misinterpreted by a trial court that

gets an order from a Federal Court and may be confused by what it is getting."  (*Id.* at 121:18-

21)

7.          In response to Mr. Vicente's concerns, the Court suggested, and UBS Financial

agreed, that a clause be added stating that "the Commonwealth Court shall have sole discretion

as to whether to permit the filing and litigation of the counterclaim."  (*Id.* at 123:3-5)  Mr.

Vincente responded, "Perfect.  Perfect."  (*Id.* at 123:6)

8.          During the April 22, 2020 hearing on UBS Financial's Renewed Motion, Mr.

Vicente commented on the Court's prior order:  "And you correctly, and very wisely, advised

UBS that ***the PROMESA Court did not have, and would not in any – under any circumstance***

3

*interfere with the authority of the Commonwealth Court* to allow or not allow the filing of the counterclaim." (4/22/20 Hr'g Tr. at 57:11-15 (emphasis added))  Mr. Vicente then accused UBS Financial of seeking "to get the PROMESA Court to enter an order that would tend to influence or tell the Court in the Commonwealth of Puerto Rico to accept the counterclaims.  And again, Your Honor, for reasons of comity that you very well identified during our last hearing, you should not send that message."  (*Id.* at 59:2-8)

9.      UBS Financial has never sought any outcome from this Court that would influence or affect the Commonwealth Court on its decision to accept the counterclaims.  Rather, UBS Financial merely sought for this Court to lift the federal restrictions that hung over the case in the local court and to leave the resolution of the counterclaims to that court.

10.      Counsel for the ERS, however, has pursued the very agenda that they accused UBS Financial of harboring.  Following this Court's April 22, 2020 ruling, the ERS filed an informative motion in the Commonwealth Court to supplement the ERS's opposition to the presentation of UBS Financial's counterclaims (the "Informative Motion"), which quotes at length the ERS's arguments in this Court as to why the counterclaims do not relate to the claims already at issue in the litigation.  (*See* Informative Motion ¶¶ 3-6)[5]  Following the recitation of those arguments, the Informative Motion states:  "[A]s per order of April 22, 2020, Judge Laura Taylor Swain **denied** UBS's request to lift the automatic stay."  (*See id.* ¶ 7 (emphasis in original))  The Informative Motion requests the Commonwealth Court "to take notice of Judge Taylor Swain decision and to timely deny the filing or admissibility of Defendant's purported Counterclaim…."  (*Id.* ¶ 8)

---

[5]    A Certified English Translation of the Informative Motion is attached hereto as Exhibit C.

11.    While the ERS attached the briefs of the objectors and quoted the objectors'

arguments at length in their Informative Motion, the ERS ***did not attach the Court's Order or***

***the transcript from the April 22, 2020 hearing.***  The ERS's Informative Motion plainly implies

the arguments summarized at length in the Informative Motion were endorsed by this Court.  But

this Court did not even address the objectors' arguments that the counterclaims were outside the

scope of the existing litigation in the Commonwealth Court.  The ERS intentionally shielded

from the Commonwealth Court the actual ruling and reasoning of this Court, which are set forth

in the missing April 22, 2020 Order and transcript.[6]

12.    Although UBS Financial will be submitting a response to the Informative Motion

that corrects the misleading implications of the Informative Motion, UBS Financial believes that

a clarification from this Court is important, particularly given Mr. Vicente's own expressed

concerns that the Commonwealth Court could be confused by the intended effects of orders from

this Court.  Thus, UBS Financial respectfully requests that the Court clarify that its April 22,

2020 Order does not address, one way or the other, the propriety of the counterclaims or whether

they relate to the pre-existing claims in that action; and that this Court continues to leave the

motion practice with respect to presentation of the counterclaims to the sole discretion of the

Commonwealth Court.  UBS Financial has included an Amended Order reflecting these

requested clarifications as Exhibit A.

---

[6]    Because the Court's denial of UBS Financial's Renewed Motion changed nothing with
respect to its prior order regarding the stay, there was no need to inform the Commonwealth
Court of the Order.

5

WHEREFORE, UBS Financial respectfully requests that the Honorable Court enter an

order, substantially in the form attached hereto, amending its April 22, 2020 Order.


Respectfully Submitted:

In San Juan, Puerto Rico, this 29th day of April, 2020.


| | |
|---|---|
| OF COUNSEL: | McCONNELL VALDÉS LLC |
| | 270 Muñoz Rivera Ave. |
| SKADDEN, ARPS, SLATE, MEAGHER | Hato Rey, Puerto Rico 00918 |
| & FLOM LLP | Tel.: (787) 250-2631 |
| Paul J. Lockwood (*admitted pro hac vice*) | Fax: (787) 759-9225 |
| One Rodney Square | |
| P.O. Box 636 | By: */s/ Roberto C. Quiñones-Rivera* |
| Wilmington, Delaware 19899 | Roberto C. Quiñones-Rivera, Esq. |
| Tel.: (302) 651-3000 | USDC-PR Bar No. 211512 |
| Fax: (302) 651-3001 | rcq@mcvpr.com |
| | |
| | *Counsel for UBS Financial Services* |
| | *Incorporated of Puerto Rico* |

6

## CERTIFICATION OF COMPLIANCE WITH CASE MANAGEMENT PROCEDURES

I HEREBY CERTIFY:  That this Urgent Motion is in full compliance with Local Bankruptcy Rule 9013-1 and Paragraph I(H) of the Case Management Procedures entered in these Title III Cases.  Undersigned counsel certifies that it engaged in reasonable, good faith communications with counsel to parties that may object, and anticipates that an objection is likely; counsel has carefully examined the matter and concluded that there is a true need for expedited consideration of the Urgent Motion; and counsel have not created the urgency through lack of due diligence on their part.

Specifically, on April 29, 2020, counsel to UBS Financial contacted counsel to the ERS and the individual plaintiffs in the ERS Action and counsel to the Special Claims Committee of the Oversight Board (collectively, "Opposing Counsel") requesting that plaintiffs' counsel in the ERS Action withdraw its April 24, 2020 filing.  Absent that, UBS Financial represented to Opposing Counsel that it would file this Urgent Motion and request entry of the Amended Order. As of the filing of this Urgent Motion, Opposing Counsel has not consented to withdraw the April 24, 2020 filing in the Commonwealth Court.

Respectfully Submitted:

In San Juan, Puerto Rico, this 29th day of April, 2020.

By:  */s/ Roberto C. Quiñones-Rivera*
Roberto C. Quiñones-Rivera, Esq.
USDC-PR Bar No. 211512
rcq@mcvpr.com

7