# **<u>EXHIBIT C</u>**

CERTIFIED TRANSLATION:

## COMMONWEALTH OF PUERTO RICO
## COURT OF FIRST INSTANCE
## SAN JUAN JUDICIAL CENTER
## SUPERIOR PART

| | |
|---|---|
| EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO; PEDRO JOSÉ NAZARIO SERRANO, HIS SPOUSE, JUANITA SOSA PÉREZ AND THEIR CONJUGAL PARTNERSHIP; JOEL RIVERA MORALES; MARÍA DE LOURDES GÓMEZ PÉREZ; HÉCTOR CRUZ VILLANUEVA; LOURDES RODRÍGUEZ; AND LUIS M. JORDÁN RIVERA | CIVIL NO.: KAC 2011-1067 (803) |
| Plaintiffs | |
| v. | RE:   BREACH OF CONTRACT; DAMAGES |
| UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO AND UBS CONSULTING SERVICES OF PUERTO RICO; ABC INSURANCE COMPANY, INC.; XYZ INSURANCE COMPANY, INC. | |
| Defendants | |

## INFORMATIVE MOTION AND
## AND TO SUPPLEMENT OPPOSITION TO THE FILING OF COUNTERCLAIM

*TO THE HONORABLE COURT*:

**COME NOW** Co-Plaintiff the **EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, together with INDIVIDUAL PLAINTIFFS, RETIREES OF THE EMPLOYEE RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO - PEDRO JOSÉ NAZARIO SERRANO, HIS SPOUSE JUANITA SOSA PÉREZ AND THEIR CONJUGAL PARTNERSHIP; JOEL RIVERA MORALES; MARÍA DE LOURDES GÓMEZ PÉREZ; HÉCTOR CRUZ VILLANUEVA; LOURDES RODRÍGUEZ; AND LUIS M. JORDÁN RIVERA**, through the

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

CERTIFIED TRANSLATION:

undersigned legal counsel and very respectfully **STATE and REQUEST**:

1.      On March 9, 2020, the appearing party filed an "Urgent Motion Opposing to the Filing of Counterclaim and Requesting its Withdrawal from the Court Record", hereinafter the "Urgent Motion". Subsequently, the appearing party filed an "Explanatory Motion" to correct inaccurate portions of the transcript of the hearing held on November 26, 2019.

2.      In Section II of the first motion, we stated that: (a) the permission granted by the Honorable Laura Taylor Swain under PROMESA was limited to the *filing* of the Counterclaim clarifying that its *acceptance or admissibility* was subject to the **absolute discretion** of this Court; (b) that the acceptance of the Counterclaim by this Court was wrongful because it is compulsory and should have been filed on May 3, 2017, when UBS answered the Third Amended Complaint; and **(c) in this case, the validity of the bonds issued in 2008 by the Retirement System is neither being litigated nor disputed; and (d) that the latter had been clarified by the Court during the hearing held on November 26, 2019. At that hearing, we argued that the counterclaim filed by UBS was a procedural tactic to delay the adjudication of this case which is of great importance to the Commonwealth's Employees Retirement System at a time when the Financial Oversight Board had proposed a substantial cut in retirees' pensions. In addition, we argued that the counterclaim was a subterfuge by UBS to try to get this Honorable Court to postpone its decision on the motion for summary judgment filed by Plaintiffs herein, which was pending adjudication.**

3.      In regards to arguments (c) and (d) above, this Court is hereby informed that as recently as April 14, 2020, the Financial Oversight Board, on behalf of the Special Claims Committee, filed in the case litigated under the PROMESA Act the brief "Objection by the

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

CERTIFIED TRANSLATION:

Financial Oversight and Management Board for Puerto Rico, Acting by and Through the Members of the Special Claims Committee, to the Renewed Motion of UBS Financial Services Incorporates of Puerto Rico for Relief from the Automatic Stay" ("Objection"). For the benefit of the Court, a copy of that motion is attached hereto as **EXHIBIT 1**.

4.      In its "Objection", the Financial Oversight Board confirms the position held by the appearing parties in this case, that the validity of the bonds is not a dispute before this Court. *See*, specifically, page 24 of the "Objection" – **EXHIBIT 1**, where that entity clearly states that UBS is attempting through the purported counterclaim to create a connection and interference between the two cases, which at present **does not exist**. Let us see.

> *54. The procedural status and substantive claims in the cases highlighted by UBS Financial in this Second Lift Stay Motion show that there is no significant overlap between the ongoing cases. Most specifically:*
>
> *• **ERS Action in the Commonwealth Court**: **Breach of Fiduciary Duty claim against UBS Financial. The Commonwealth Court has stated on the record that there is no overlap ("This case, the controversy I have to resolve is not the same as the one in the Federal Court.") and will not decide the ultra vires issues** ("COURT: . . . There's no mention here that those bonds are wrongly issued, are illegal, whatever. I'm not going to resolve that, the validity of the bonds. They've already been issued."). ¶¶ 20, 33-34, supra.*
>
> *• **Ultra Vires Actions**: These clawback actions center on the ultra vires issue regarding the invalidity of the bonds.*
>
> *• **Underwriter Action**: This action is currently stayed; so, to the extent there is overlap with the ERS Action in the Commonwealth Court it is does not impact the analysis.*
>
> *UBS Financial concedes that its proposed Counterclaims create a connection and interference between the ERS Action in the Commonwealth Court and the Ultra Vires Actions because UBS Financial's proposed Counterclaims incorporate the ultra vires issue. Without those Counterclaims, the Commonwealth Court has already confirmed that there is no duplication between the proceedings. UBS Financial, however, is attempting to use the existence of the Title III Cases, to slow the progress and avoid a summary judgment ruling in the ERS Action. To do so, they are now seeking to assert in the ERS Action the proposed Counterclaims which could introduce overlap. As is clear from UBS*

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

CERTIFIED TRANSLATION:

> *Financial's Motion, its goal here is not to prosecute its Counterclaims in the ERS Action, but to stay the ERS Action entirely despite the years of litigation progress that has been made, by asserting proposed Counterclaims at this late stage. UBS Financial's creation of overlap for the purpose of obtaining relief from stay (or removal and a stay of the underlying proceeding), is an attempt to weaponize the bankruptcy proceedings and procedures to avoid adverse rulings. Such actions do not support lifting the automatic stay.*

*See* pp. 20-21, **EXHIBIT 1** (Emphasis added).

5.    The position taken by the Financial Oversight Board is consistent with the position of the individual plaintiffs, who in the PROMESA case also filed their "Opposition to Renewed Motion of UBS Financial Services Incorporated of Puerto Rico for Relief from the Automatic Stay" (hereinafter, "Opposition"), dated April 1, 2020. For the benefit of the Court, the motion is attached hereto as **EXHIBIT 2**.

6.    There, the individual retirees stated that the validity of the bonds is not in dispute in this case and that this Court had also indicated so at the hearing held on November 26, 2019.

*See*, paragraph 8 below, page 4 of **EXHIBIT 2**.

> *8. On the contrary, the Commonwealth Court has expressed, in no uncertain terms, that the validity of the Bonds is not an issue that is before her.*

> *9. During a Hearing held on November 26, 2019, the Court made it clear to UBS' attorneys that the issue of the validity or invalidity of the Bonds was not before the Court.*

> *The Court stated:*

> *…Now, another thing that attorney Hernández Denton said. This case, the controversy I have to resolve is not the same as the one in the Federal Court. **And what they do there, well, fine and dandy. Whatever they do there. I don't have ------ my jurisdiction doesn't extend that far. So in this case the evidence that is going to be sought is the evidence pertaining to the allegations about the nature of the transaction between UBS and the Retirement System**.*

> ***Look**, what's at issue here is which representations, if any, did UBS make to the Retirement System when it sold, marketed, devised or did not devise the sale of*

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

CERTIFIED TRANSLATION:

*these bonds. **That's a controversy in this case. So that's evidence that I need**. (Emphasis added)*

*Transcript of Hearing held on November 26, 2019 --- page 35, lines 10---24 to page 36, line 1.*

*10. During that same Hearing, in spite of UBS' insistence that the validity of the Bonds had been placed in controversy, the Court stated:*

***HON. JUDGE: Again. Here it's being alleged that UBS gave an advice deviated from the fiduciary duty that, according to the plaintiffs, it had to the Retirement System. Because it wanted to profit from that sale. Because as a result of that sale, it collected $35 million in commissions.***

***And, then, the Retirement System followed UBS' recommendations and by following the UBS' recommendations, well, it was negatively impacted because the recommendations given by UBS did not generate the expected results.***

***There's no mention here that those bonds are wrongly issued, are illegal, whatever. I'm not going to resolve that, the validity of the bonds. They've already been issued.*** *(Emphasis added)*

*Transcript of Hearing held on November 26, 2019 --- pp. 61---62.*

*__– There is no "duplicative" or "repetitive" litigation__*

*11. Another misrepresentation is that through its "RENEWED MOTION", UBS argues that the PROMESA cases and the Commonwealth Court action involve "Duplicative Claims" ["RENEWED MOTION" at paragraphs 3 and 44], that they are "Overlapping Claims" ["RENEWED MOTION" at paragraph 6].*

See pp 4-5, **EXHIBIT 2**.

7.    Lastly, as per order of April 22, 2020, Judge Laura Taylor Swain **denied** UBS's request to lift the automatic stay.

8.    In light of the above, the Court is requested to take notice of Judge Taylor Swain's decision and to timely deny the filing or admissibility of Defendant's purported Counterclaim, and rule on the motion for summary judgment filed by Plaintiffs herein.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to take notice of the

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

CERTIFIED TRANSLATION:

above stated and deny, without further delay, the filing or admissibility of the Defendant's

purported counterclaim, and rule on the motion for summary judgment.

**WE HEREBY CERTIFY**: That a true and exact copy of this motion was sent today to:

**PAUL J. LOCKWOOD, ESQ. - paul.lockwood@skadden.com; NICOLE A. DISALVO, ESQ.,**

**Nicole.DiSalvo@skadden.com; and ELISA M.C.KLEIN, ESQ. Elisa.Klein@skadden.com;**

**ROBERTO C. QUIÑONES RIVERA, ESQ., - rcq@mcvpr.com; MYRGIA M. PALACIOS**

**CABRERA, ESQ. - mpc@mcvpr.com.**

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico on this 24th day of April, 2020.

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing
document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my
knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

CERTIFIED TRANSLATION:

| | |
|---|---|
| **VICENTE & CUEBAS** | **PUJOL LAW OFFICE, PSC**. |
| P. O. Box 11609 | P.O. Box 363042 |
| San Juan, PR 00910-1609 | San Juan, PR 00936-3042 |
| Tel: (787) 751-8000 | Tel: (787) 724-0900 |
| Fax: (787) 756-5250 | Fax: (787) 724-1196 |

| | |
|---|---|
| **s/HAROLD D. VICENTE** | **s/FRANCISCO PUJOL MENESES** |
| **SCPR No. 3966** | **SCPR No. 11883** |
| Email: hvicente@vclawpr.com | Email: fpujol@pujollawpr.com |

**s/HAROLD. D. VICENTE COLÓN**
**SCPR No. 11303**
Email: hdvc@vclawpr.com

**s/IVELISSE M. ORTIZ MOREAU**
**SCPR No. 18640**
Email: iortiz@vclawpr.com

*COUNSEL FOR THE EMPLOYEES RETIREMENT SYSTEM*
*OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO AND THE RETIREES*

| | |
|---|---|
| **FEDERICO HERNÁNDEZ DENTON** | **PUERTO RICO ATTORNEYS & COUNSELLORS AT LAW** |
| P. O. Box 9021279 | P. O. Box 362122 |
| San Juan, PR 00902-1279 | San Juan, PR 00936-2122 |
| Tel: (787) 758-3542 | Tel: (787) 767-1919 |
| | Fax: (787) 764-9120 |

| | |
|---|---|
| **s/FEDERICO HERNÁNDEZ DENTON** | **s/JOSÉ CHÁVES CARABALLO** |
| **SCPR No. 3846** | **SCPR No. 7953** |
| Emails: fdh@vclawpr.com | Email: chaves@fc-law.com |
| f.hernandezdenton@gmail.com | |

**WOLF POPPER LAW OFFICES, PSC.**
654 Plaza
654 Ave. Muñoz Rivera, Ste. 1001
San Juan, PR 00918
Tel: (787) 522-0200
Fax: (787) 522-0201

**s/CARLOS LÓPEZ LÓPEZ**
**SCPR No. 10526**
Email: clopez@wolfpopperpr.com

**s/RODOLFO CARRIÓN VARGAS**
**SCPR No. 13390**
Email: rcarrion@wolfpopperpr.com

*COUNSEL FOR THE EMPLOYEES RETIREMENT SYSTEM*
*OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO*

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS

CERTIFIED TRANSLATION:


**ANDRÉU & SAGARDÍA**
261 Ave. Domenech
Hato Rey, PR 00918-3518
Tel: (787) 754-1777
Fax: (787) 763-0845

**s/JOSÉ A. ANDRÉU FUENTES**
**SCPR No. 9088**
Email: jaf@andreu-sagardia.com

*COUNSEL FOR INDIVIDUAL PLAINTIFFS, RETIREES OF THE EMPLOYEE RETIREMENT SYSTEM
OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO - PEDRO JOSÉ NAZARIO
SERRANO, HIS SPOUSE JUANITA SOSA PÉREZ AND THEIR CONJUGAL PARTNERSHIP; JOEL
RIVERA MORALES; MARÍA DE LOURDES GÓMEZ PÉREZ; HÉCTOR CRUZ VILLANUEVA; LOURDES
RODRÍGUEZ; AND LUIS M. JORDÁN RIVERA*

I, Gladys Rodríguez-Fornaris, MA in Translation (UPR 1995), DO CERTIFY that I have translated into English the foregoing document, as submitted in Spanish by the interested party; and that said translation is true and correct to the best of my knowledge and abilities.
S/ GLADYS RODRÍGUEZ-FORNARIS