UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER DENYING MOTION REQUESTING EXTENSION OF
TIME TO RESPOND TO THE ONE HUNDRED THIRTEENTH OMNIBUS OBJECTION

        Before the Court is the *Motion Show Cause and Request Time for Response* (Docket Entry No. 12694, the "Motion,") filed by Carmen Doris Melendez Rivera (the "Claimant"). Through the Motion, Claimant requests leave to file an untimely response to the *One Hundred Thirteenth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims Asserting Interests Based upon Unspecified Puerto Rico Statutes* (Docket Entry No. 9563, the "Omnibus Objection"), filed by the Financial Oversight Board and Management Board for Puerto Rico (the "Oversight Board"), which seeks disallowance of, inter alia, three claims filed by Claimant

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

against ERS (Proof of Claim Nos. 69483, 94196, and 96898, the "Claims"),[2] in light of Claimant's failure to provide any basis or supporting documentation in connection with her Claims.[3] The Court has considered carefully the parties' submissions,[4] and, for the reasons provided herein, the Motion is denied.

According to the Objection, the Oversight Board had, pursuant to the *Order Granting in Part and Adjourning in Part Debtors' Motion for Entry of an Order (a) Authorizing Alternative Dispute Resolution Procedures, (b) Approving Additional Forms of Notice, (c) Approving Proposed Mailing, and (d) Granting Related Relief* (Docket Entry No. 8453), sent Claimant a letter (the "Letter Request") requesting additional information in support of her Claims and advising Claimant that the Debtors could be forced to object to such Claims in the event that she did not respond and provide the requested documentation by October 23, 2019. (See Obj. ¶ 3.) In light of Claimant's failure to respond to the Letter Request, the Oversight Board objected to her Claims as deficient, by way of the Omnibus Objection, on December 12, 2019. That same day, the Omnibus Objection, together with a Court-approved notice in English and Spanish, was served upon Claimant via email and first class mail. (See *Certificate of Service* (Docket Entry No. 9621), Ex. S at 13, Ex. AV at 16.) The stated deadline for Claimant to respond to the Omnibus Objection was January 14, 2020, at 4:00 p.m. (Atlantic Standard Time). Claimant did not file or otherwise submit a response to the Omnibus Objection. Claimant also failed to appear at the January 29, 2020, Omnibus Hearing at which the Court heard the Omnibus

---

[2] Each of the Claims cites a different Commonwealth law, or several different laws, as its underlying basis (see Proof of Claim No. 69483 at (citing "Ley 34 Roselló"); Proof of Claim No. 94196 (citing "Ley Escala Salarial"); Proof of Claim No. 96898 (citing "Reclamacion Romeraso Ley 96, Ley 164 El Romeraso Ley 89")), but provides no further supporting information.

[3] The Motion appears to seek relief in connection with Proof of Claim No. 96898 only. (See, e.g., Mot. ¶ 2.). Together with the Motion, however, Claimant filed the *Motion Show Cause and Response to One Hundred Thirteenth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims Asserting Interests Based upon Unspecified Puerto Rico Statutes* (Docket Entry No. 12693, the "Response"), which contains a substantive response to the Omnibus Objection, seemingly as it pertains to Proof of Claim No. 94196 only, and likewise requests an extension of time to respond to the Omnibus Objection. For the avoidance of doubt, the Court's ruling herein applies with equal force to the relief sought in the Response, and to any request for an extension of time to respond to the Omnibus Objection as it pertains to Proof of Claim No. 69483.

[4] In accordance with the Court's *Order Scheduling Briefing in Connection with Motion Requesting Extension of Time to Respond to the One Hundred Thirteenth Omnibus Objection* (Docket Entry No. 12698), the Oversight Board filed the *Objection of Financial Oversight and Management Board for Puerto Rico to Motion Requesting Extension of Time to Submit Claim Documentation [ECF No. 12694]* (Docket Entry No. 12719, the "Objection"). Claimant has not filed a reply in support of the Motion and the deadline for her to do so has expired.

Objection. Consequently, the Court sustained the Omnibus Objection as it pertains to the Claims and other deficient claims pending entry of a final written order memorializing that ruling.

On March 13, 2020, however, upon motion of the Oversight Board, the Court entered the *Order (A) Establishing Extended Deadline for Responses to Omnibus Objections Scheduled for Hearing at December 11, 2019 and January 29, 2020 Omnibus Hearings, (B) Continuing the Hearing as to Omnibus Objections Scheduled for Hearing at December 11, 2019 and January 29, 2020 Omnibus Hearings Until the April 22, 2020 Omnibus Hearing, (C) Approving Form of Notice, and (D) Granting Related Relief* (Docket Entry No. 12325, the "Extension Order"), which extended the deadline to file responses to the Omnibus Objection to March 27, 2020, and set a hearing regarding any such responses for the April 22, 2020, Omnibus Hearing.[5] (Ext. Ord. ¶ 2.) The Extension Order further provided that "[r]esponses filed after March 27, 2020 shall not be considered by the Court" and that "[n]o further extensions to the March 27, 2020 deadline shall be granted absent good cause shown." (Id. ¶ 3.)

Claimant filed the Motion on April 7, 2020, seeking leave to file a response to the Omnibus Objection after the March 27, 2020, deadline. The Motion states that, due to the January 2020 earthquake swarm in Puerto Rico, the United States District Court for the District of Puerto Rico was closed on January 7 and 8, 2020. (Mot. ¶¶ 4-5.) Moreover, the Motion states that Commonwealth government offices have been closed in light of the COVID-19 pandemic. (Id. ¶¶ 6-7.) Claimant maintains that because of these events she has been unable to obtain relevant information in support of her claim from the Puerto Rico Department of Health. (Id. ¶ 6.) The Motion asserts that "we have looked for different methods to answer the claim correctly but we have not been successful." (Id. ¶ 9.) Furthermore, the Motion seems to suggest that Claimant has only recently retained counsel to represent her in connection with the Claims. (Id. ¶ 15.)

Claimant has failed to demonstrate the good cause necessary to support her request for a further extension of the March 27, 2020, deadline to file responses to the Omnibus Objection. Although Claimant contends that the interruptions of government operations prompted by the January 2020 earthquakes as well as the COVID-19 pandemic prevented her from requesting and receiving information in support of her Claims, Claimant does not explain why, as a result of these events, she was unable to respond to the Letter Request by October 23, 2019; appear at the January 29, 2020, Omnibus Hearing; or respond to the Omnibus Objection by the extended March 27, 2020 deadline. Indeed, the Motion cites only the two-day closure of the District of Puerto Rico resulting from the earthquakes and the COVID-19-related closure of Puerto Rico government offices which began on March 15, 2020, and Claimant fails to identify any other circumstance that prevented her from retaining counsel, obtaining the required information, and taking the appropriate responsive action at a time when government offices

---

[5] The hearing with respect to the Omnibus Objection was subsequently adjourned to the June 3, 2020, Omnibus Hearing due to restrictions imposed by the Governor of Puerto Rico in response to the COVID-19 pandemic. (See *Notice of Adjournment of Omnibus Objections Scheduled for Hearing at the April 22, 2020 Omnibus Hearing to the June 3, 2020 Omnibus Hearing* (Docket Entry No. 12750).)

were fully operational prior to March 15 and after she had received the Letter Request and the Omnibus Objection.

Accordingly, the Motion is denied and the Court will not consider any substantive responses of Claimant to the Omnibus Objection. This Order resolves Docket Entry Nos. 12693 and 12694.

SO ORDERED.

Dated: April 30, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge