IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | PROMESA |
| | ) | Title III |
| THE FINANCIAL OVERSIGHT AND | ) | |
| MANAGEMENT BOARD FOR PUERTO RICO | ) | Case No. 17-bk-03283 (LTS) |
| | ) | |
| as representative of | ) | |
| | ) | **Re: ECF No. 12446** |
| THE COMMONWEALTH OF PUERTO RICO, *et al*. | ) | |
| | ) | |
| Debtors.[1] | ) | |
| | ) | |
| | X | |
| In re: | ) | PROMESA |
| | ) | Title III |
| THE FINANCIAL OVERSIGHT AND | ) | |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | Case No. 17-bk-03566 (LTS) |
| | ) | |
| as representative of | ) | **Re: ECF No. 838** |
| | ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE | ) | |
| GOVERNMENT OF THE COMMONWEALTH OF | ) | |
| PUERTO RICO, | ) | |
| | ) | |
| Debtor. | ) | |
| | X | |

**CONSENT URGENT MOTION OF THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR LEAVE TO EXCEED PAGE LIMIT FOR MOTION OF
THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES
RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico(Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PUERTO TO DISALLOW AND DISMISS CLAIMS ASSERTED OR FILED BY THE ERS BONDHOLDERS AND ERS FISCAL AGENT <u>PURSUANT TO BANKRUPTCY RULE 7012(B)(1) AND (B)(6)</u>**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "Board"), for itself and as sole representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] hereby submits this urgent motion (the "Urgent Motion"), requesting the entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), granting the Oversight Board leave to exceed the thirty-five (35) page limit set forth in the *Eleventh Amended Notice, Case Management and Administrative Procedures* [ECF No. 11885-1] (the "Case Management Procedures") ¶ I.E to file a forthcoming *Motion of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Disallow and Dismiss Claims Asserted or Filed by the ERS Bondholders and ERS Fiscal Agent Pursuant to Bankruptcy Rule 7012(B)(1) and (B)(6)* (the "Motion to Dismiss") of no more than ninety (90) pages (exclusive of the cover page, the table of contents, the table of authorities, the signature page, exhibits, and the certificate of service).

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101-2241.

**Jurisdiction and Venue**

1. The Court has subject matter jurisdiction pursuant to PROMESA §§ 106(a) and 306(a)(2) because this contested matter arises under PROMESA Title III and is related to the Commonwealth's Title III case.

2. Venue is appropriate in this District under PROMESA §§ 106(a) and 307, and 28 U.S.C. § 1391.

**Background**

3. Paragraph I.E. of the Case Management Procedures provides that "[u]nless prior permission has been granted . . . memoranda of law in support of motions or Objections are limited to thirty-five (35) pages." Case Management Procedures ¶ I.E.

4. The Motion to Dismiss addresses claims made by two groups of ERS Bondholders and the Fiscal Agent (together, the "Claimants") across numerous proofs of claim and motions for payment of administrative expenses against the Commonwealth and ERS, including:

    a. *ERS Bondholders' Motion and Request for Allowance and Payment of Post-Petition and Administrative Expense Claims* [ECF No. 9285 in Case No. 17-3283 and ECF No. 707 in Case No. 17-3566];

    b. *ERS Bondholders' Motion and Request for Allowance and Payment of Post-Petition and Administrative Expense Claims* [ECF No. 9294 in Case No. 17-3283 and ECF No. 710 in Case No. 17-3566] (collectively, the "Bondholder Administrative Expense Motions");

    c. *Joinder in ERS Bondholders' Motion for Allowance of Administrative Expense Claim* [ECF No. 9298 in Case No. 17-3283 and ECF No. 712 in Case

    No. 17-3566] (the "Fiscal Agent Joinder" and, together with the Bondholder Administrative Expense Motions, the "Administrative Expense Motions");

  d. proofs of claim listed in Appendix 2 to the *Order Granting Urgent Joint Motion for Entry of a Schedule for Resolution of the ERS Bondholder Claims and Administrative Expense Motions* [ECF No. 12446 in Case No. 17-3283 and ECF No. 838 in Case No. 17-3566] (the "ERS Bondholder Groups Proofs of Claim");

  e. proofs of claim numbers 16775, 16777, and 32004 (the "Fiscal Agent Proofs of Claim" and, together with the ERS Bondholder Groups Proofs of Claims, the "Proofs of Claim"); and

  f. *ERS Bondholders' Supplement to Proofs of Claim and Motions for Allowance of Administrative Expense Claims* [ECF No. 12536 in Case No. 17-3283 and ECF No. 848 in Case No. 17-3566] (the "Supplement" and, together with the claims asserted in the Administrative Expenses Motions and the Proofs of Claim, the "Claims").

5. These filings total over 100 pages, raising over 40 separate legal theories. In addition, they incorporate by reference the ERS Bondholders' complaints in two adversary proceedings challenging certain post-petition legislation (17-ap-219 and 17-ap-220, together the "Post-Petition Legislation AP").

6. Moreover, many of Claimants' arguments and legal theories are made in summary form but nevertheless require multiple paragraphs to demonstrate why Claimants have failed to state a claim. As a result, even the substantial volume of Claimants' filings does not accurately convey the space needed for the Oversight Board to respond to the Claims.

7. Although the Oversight Board will endeavor to ensure that the Motion to Dismiss is as concise and non-duplicative as possible, the Oversight Board will address all of Claimants' arguments in its Motion to Dismiss rather than incorporating previous argument by reference. Given the number and length of the filings that are to be addressed in the Motion to Dismiss, as well as the variety of arguments that Claimants have presented, the Oversight Board reasonably requires leave to exceed the thirty-five page limit set forth in the Case Management Order.

### Relief Requested

8. The Oversight Board respectfully requests leave to exceed the thirty-five (35) page limit set by the Case Management Procedures with respect to their Motion to Dismiss. The Oversight Board respectfully requests that it be limited to no more than ninety (90) pages for the Motion to Dismiss (exclusive of the cover page, table of contents and authorities, signature pages, exhibits, and certificate of service).

9. The Oversight Board has conferred with Claimants concerning this Urgent Motion, and Claimants consent to the relief sought herein.

### Certification

10. Pursuant to Section I.H. of the Case Management Procedures, undersigned counsel certifies that it engaged in reasonable, good faith communication with counsel to parties that may object. As required by Local Bankruptcy Rule 9013-1(a)(2), the undersigned counsel certify that counsel has carefully examined the matter and concluded that there is a true need to for expedited consideration of the Urgent Motion, and that the undersigned counsel have not created the urgency through lack of due diligence on their part.

11. Claimants consent to the relief sought by this Urgent Motion.

**No Prior Request**

12. No prior request for the relief sought in this Urgent Motion has been made to this or any other court.

WHEREFORE the Oversight Board respectfully requests the Court enter the Proposed Order attached as **Exhibit A**, granting the relief requested herein and all other relief as is just and proper.

Dated: May 5, 2020  
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)  
Jeffery W. Levitan (*pro hac vice*)  
Margaret A. Dale (*pro hac vice*)  
Ehud Barak (*pro hac vice*)  
Joshua A. Esses (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Luis F. del Valle-Emmanuelli*  
Luis F. del Valle-Emmanuelli  
USDC-PR No. 209514  
P.O. Box 79897  
Carolina, Puerto Rico 00984-9897  
Tel. 787.977.1932  
Fax. 787.722.1932  
dvelawoffices@gmail.com

**OF COUNSEL FOR  
A&S LEGAL STUDIO, PSC**  
434 Avenida Hostos  
San Juan, PR 00918

              Tel: (787) 751-6764/ 763-0565
              Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

## **CERTIFICATE OF SERVICE**

  I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

            */s/ Luis F. del Valle-Emmanuelli*
            Luis F. del Valle-Emmanuelli

# EXHIBIT A:

**Proposed Order**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[3] | ) ) ) ) ) ) ) ) ) ) ) ) ) | PROMESA<br>Title III<br><br>Case No. 17-bk-03283 (LTS)<br><br>**Re: ECF No. 12446** |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | PROMESA<br>Title III<br><br>Case No. 17-bk-03566 (LTS)<br><br>**Re: ECF No. 838** |

**PROPOSED ORDER GRANTING URGENT MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR LEAVE TO EXCEED PAGE LIMIT FOR MOTION OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE**

---

[3] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico(Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**COMMONWEALTH OF PUERTO TO DISALLOW AND DISMISS CLAIMS ASSERTED OR FILED BY THE ERS BONDHOLDERS AND ERS FISCAL AGENT PURSUANT TO BANKRUPTCY RULE 7012(B)(1) AND (B)(6)**

Upon consideration of the Urgent Motion of the Financial Oversight and Management Board to for Leave to Exceed Page Limit for Motion of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Disallow and Dismiss Claims Asserted or Filed by the ERS Bondholders and ERS Fiscal Agent Pursuant to Bankruptcy Rule 7012(B)(1) and (B)(6) (the "Urgent Motion"),[4] and the Court having found and determined that (i) the Court has jurisdiction to consider the Urgent Motion and the relief requested therein; (ii) venue is proper before this Court pursuant to PROMESA Section 307(a); (iii) due and proper notice of this Urgent Motion has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the statements and arguments made in the Urgent Motion, the relief requested in the Urgent Motion is in the best interest of the Commonwealth and its creditors; (v) any objections to the relief requested in the Urgent Motion having been withdrawn or overruled; and (vi) the Court having determined that the legal and factual bases set forth in the Urgent Motion establish just cause for the relief granted herein. Accordingly, it is hereby ORDERED THAT:

1. The Urgent Motion is granted as set forth herein.

2. The Oversight Board may exceed the thirty-five page limit set forth in the Case Management Procedures by filing a Motion to Dismiss of no more than ninety (90) pages, exclusive of the cover page, table of contents and authorities, signature page, exhibits, and the certificate of service.

---

[4] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Urgent Motion.

      3.    The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**SO ORDERED.**

Dated: _____, 2020

                                          _____
                                          LAURA TAYLOR SWAIN
                                          UNITED STATES DISTRICT JUDGE